**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Fernando A. Bohorquez
Jonathan B. New

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>　　　　　Plaintiff-Applicant,<br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>　　　　　Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>　　　　　Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>　　　　　Plaintiff,<br>v.<br><br>RICHARD M. GLANTZ, et al.,<br><br>　　　　　Defendants. | Adv. Pro. No. 10-05394 (SMB) |

**STIPULATION AND ORDER FOR VOLUNTARY DISMISSAL
OF DEFENDANT AUSTIN BOSARGE**

Irving H. Picard (the "Trustee"), as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq*., and the substantively consolidated estate of Bernard L. Madoff individually, by and through his counsel, Baker & Hostetler LLP, and defendant Austin Bosarge. ("Bosarge"), by and through his counsel, the Law Office of Richard E. Signorelli (collectively, the "Parties"), hereby stipulate and agree to the following:

1. On December 9, 2010, the Trustee filed the complaint commencing this action against Bosarge and various other defendants, which was amended on January 14, 2014, and January 22, 2018.

2. On March 23, 2018, Bosarge and the defendants in the above-captioned adversary proceeding (the "Adversary Proceeding") served an answer on the Trustee.

3. On March 21, 2019, Bosarge provided certain representations, statements, and materials concerning his financial resources and other issues ("Bosarge's Representations") to the Trustee for the Trustee's consideration.

4. In reliance on Bosarge's Representations, the Trustee in the exercise of his due and deliberate discretion has determined to dismiss Bosarge from the Adversary Proceeding.

5. In accordance with Federal Rule of Bankruptcy Procedure 7041(a)(1)(ii), and Federal Rule of Civil Procedure 41(a)(1), the Parties hereby stipulate to a dismissal without prejudice of the Trustee's claims against Bosarge in the Adversary Proceeding under the terms set forth in paragraphs 7 and 8.

6. Upon the dismissal of Bosarge, the caption of the Adversary Proceeding is hereby amended to delete Bosarge from the caption. Following dismissal of Bosarge, the amended

caption of the Adversary Proceeding shall appear as indicated in Exhibit A to this Stipulation and Order.

7. Bosarge hereby affirms (i) that Bosarge's Representations have been submitted by Bosarge as true and correct under penalty of perjury and/or to the best of Bosarge's knowledge, information, and belief, and (ii) that the Trustee has relied upon Bosarge's Representations in exercising his discretion to dismiss Bosarge.

8. Bosarge hereby agrees, to the extent it is subsequently determined that any of Bosarge's Representations were materially false or misleading, that (i) the Trustee shall have the right to reinstitute the Adversary Proceeding against Bosarge and/or pursue other remedies available to him; (ii) the Trustee shall have the right to reinstitute the Second Amended Complaint and/or any allegations and/or claims that are present in the Second Amended Complaint against Bosarge; and (ii) this Stipulation and Order shall act to toll any applicable statute of limitations with respect to the Trustee's reinstitution of any such action or claims, and Bosarge hereby agrees to waive any statute of limitations defense in any such actions or claims reinstituted by the Trustee. This waiver and tolling agreement affects only those claims that could have been timely asserted against Bosarge at the time of the commencement of the Adversary Proceeding. This waiver and tolling agreement is not intended, and will not be deemed, to revive any claims that were barred by any statute of limitations or any time-barred limitation or defense prior to the commencement of the Adversary Proceeding.

9. This Stipulation may be signed by the Parties in any number of counterparts, each of which when so signed shall be an original, but all of which shall together constitute one and the same instrument. A signed facsimile, photostatic or electronic copy of this Stipulation shall be deemed an original.

10. This Stipulation and Order is subject to the approval of this Court, failing which the provisions of the Stipulation and Order shall be void and of no effect.

Dated: May 28, 2019

**BAKER & HOSTETLER LLP**

By: */s/ Jonathan B. New*
45 Rockefeller Plaza
New York, New York 10111
Telephone: 212.589.4200
Facsimile: 212.589.4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Fernando J. Bohorquez
Email: fbohorquez@bakerlaw.com
Jonathan B. New
Email: jnew@bakerlaw.com
Joshua B. Rog
Email: jrog@bakerlaw.com

*Attorneys for Plaintiff Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

**LAW OFFICE OF RICHARD E. SIGNORELLI**

By: */s/ Richard E. Signorelli*
52 Duane Street, 7th Floor
New York, NY 10007
Telephone: 212.254.4218
Facsimile: 212. 254.1396
Richard E. Signorelli
Email: richardsignorelli@gmail.com
Email: rsignorelli@nyclitigator.com

*Attorneys for Defendant Austin Bosarge*

**SO ORDERED**

**Dated: May 28th, 2019**
**New York, New York**

                                                           /s/ STUART M. BERNSTEIN
                                                           **HONORABLE STUART M. BERNSTEIN**
                                                           **UNITED STATES BANKRUPTCY JUDGE**