# CHAITMAN LLP
### 465 PARK AVENUE
### NEW YORK, NY 10022
### (888) 759-1114
TELEPHONE & FAX

*HELEN DAVIS CHAITMAN*
hchaitman@chaitmanllp.com

May 31, 2019

**VIA ECF AND FEDERAL EXPRESS**

The Honorable Stuart M. Bernstein, U.S.B.J.
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1408

      Re:    *In re Bernard L. Madoff, Investment Securities, LLC,* **Adv. Pro. No. 08-01789**
               **Request to compel compliance with subpoena served on JPMorgan Chase**

Dear Judge Bernstein:

      I write on behalf of the Nelsons and on behalf of the Defendants listed on Schedule A (the "Defendants") to the attached subpoena served on J.P. Morgan Chase & Co. ("JPMC") on May 13, 2019 (the "Subpoena")[1] to request a pre-motion conference pursuant to Local Rule 70001-1(b) and Chambers Rules. Defendants will request at the pre-motion conference permission to file a motion to compel compliance with the Subpoena pursuant to FRCP 37 and 45, made applicable to these adversary proceedings pursuant to FRBP 7037 and 9016, respectively.

    **I.**      **Background**

      At trial in the Nelson cases,[2] the Nelsons introduced overwhelming evidence to establish that Irving Picard, the SIPC Trustee (the "Trustee") does not have standing to claw back alleged transfers to the Nelsons because all checks to the Nelsons were drawn on an account in the name of Bernard L. Madoff and all deposits from the Nelsons were made into an account in the name of Bernard L. Madoff Investment Securities – the trade name Madoff used for many years before the LLC was formed. *See In re Bernard L. Madoff Inv. Sec. LLC*, 557 B.R. 89 (Bankr. S.D.N.Y. 2016) (*"Avellino"*); *In re Bernard L. Madoff Inv. Sec. LLC*, 560 B.R. 208 (Bankr. S.D.N.Y. 2016) (*"Mendelow"*).

---

[1] The Subpoena is attached to this letter as Exhibit A.

[2] *Picard v. Carol Nelson & Stanley Nelson*, Adv. Pro. No. 10-04377; *Picard v. Carol Nelson*, Adv. Pro. No. 10-04658.

{00040910 1 }

**CHAITMAN LLP**                                     The Honorable Stuart M. Bernstein
                                                     May 31, 2019
                                                     Page 2

The Trustee relies upon a series of declarations apparently signed by Lindo Coribello, a JPMC custodian of records, on December 13, 2017 (the "Coribello Declarations") which were executed approximately seven years after JPMC produced documents to the Trustee and approximately seven years after the JPMC documents were placed in the E-Data Room by the Trustee.[3] The Coribello Declarations state, without any documentary support, that "Bernard L. Madoff Investment Securities LLC ('BLMIS') maintained account numbers 140081703 and 6301428151509 (the 'accounts') at JPMorgan." These declarations were procured by the Trustee after this Court held that Picard does not have standing to void transfers made by Madoff. *Avellino*, 557 B.R. 89 (Bankr. S.D.N.Y. 2016); *Mendelow*, 560 B.R. 208 (Bankr. S.D.N.Y. 2016).

We believe the Coribello Declarations are inaccurate and were procured by the Trustee with knowledge that they were inaccurate. While the Trustee, throughout his tenure, has sought to cloud the issue by defining "BLMIS" to include both Madoff and the LLC, in response to a June 11, 2018 email I sent to the Trustee's counsel, Max Shifrin, the Trustee admitted that he has no documentary evidence that the name on the 509 account was ever changed to the LLC after the formation of the LLC in January 2001.

> Helen,
>
> \* \* \*
>
> We have not identified any specific document requesting a change in the ownership of the "509 Account." However, as you may have noticed in your investigation, the September 2002 statement for the "509 Account" is the first one that reflects BLMIS as the account holder. All preceding statements list the account holder as Bernard L. Madoff (compare Bates Nos. JPMTAA0000026 and JPMTAA0000029).
>
> As a reminder, the "509 Account" number was one of the search terms we applied, and we have produced all documents responsive to that search term.
>
> Hope that helps.
>
> Max

As of June 2018, the Trustee had in his possession the Coribello Declarations for six months. And yet the Coribello Declarations were not provided to the Defendants, they were not placed in the E-Data Room, and their existence was concealed by the Trustee until one week before the Nelsons' trial when they were produced with two bankers boxes of proposed exhibits.

---

[3] The Corbiello Declarations are attached to this letter as Exhibit B. Prior Coribello Declarations that do not contain the same language are annexed hereto as Exhibit C.

# CHAITMAN LLP

The Honorable Stuart M. Bernstein
May 31, 2019
Page 3

In view of these circumstances, we served a subpoena on JPMC on May 13, 2019, narrowly tailored to obtain documents concerning the quoted sentence in the Coribello Declarations which had not been included in any of the prior Coribello Declarations that accompanied the earlier productions of documents by JPMC to the Trustee. The Subpoena makes only one request, for

> All documents evidencing or referencing communications between any employees and/or officers of, and/or attorneys for, JPMC and Irving H. Picard and/or any of his attorneys and/or assistants from December 11, 2008 to the present relating in any way to the preparation, execution, purpose or use of Linda Coribello's declarations dated in December 2017.

[*See* Ex. A (Subpoena) at Request 1].

JPMC objected to the Subpoena primarily on the basis that the requested documents could be obtained directly from the Trustee. [*See* Exhibit D (Response to Subpoena) at Response to Request 1]. JPMC and Defendants had a meet-and-confer on May 28, 2019, at which time JPMC maintained its objections and indicated that it would not comply with the Subpoena and we informed JPMC's counsel that we would seek to enforce the Subpoena.

## II.    Defendants' position

The permissible scope of a Rule 45 subpoena is governed by Rule 26(b)(1), which provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FRCP 26. The Subpoena seeks nonprivileged matter that is relevant to Defendants' defenses and proportional to the needs of the case. The Subpoena seeks information that is relevant to one of Defendants' dispositive affirmative defenses.

JPMC should be compelled to comply with the Subpoena. The primary basis for its non-compliance is its assertion that the documents can be obtained from the Trustee upon whom we served a document demand. However, the Trustee would not have communications among JPMC personnel concerning the accuracy or the need for the Coribello Declarations. Nor would the Trustee have nonprivileged documents evidencing communications between JPMC personnel and its counsel.

Thus, the only party from whom the documents can be obtained is JPMC and, therefore, compliance should be compelled. *See Connecticut Mut. Life Ins. Co v. Shields*, 17 F.R.D. 273, 277 (S.D.N.Y. 1955) (compelling compliance with subpoena because "the documents here sought are necessary to establish the affirmative defenses . . . and they are in the exclusive possession of the plaintiffs"); *State Farm Mut. Auto. Ins. Co. v. Accurate Med., P.C.*, 2007 WL 2993840, at *1 (E.D.N.Y. Oct. 10, 2007) ("[N]othing in the Federal Rules of Civil Procedure requires a litigant to rely solely on discovery obtained from an adversary instead of utilizing subpoenas."); *Ceuric v. Tier One, LLC*, 325 F.R.D. 558, 561 (W.D. Pa. 2018) (compelling compliance of subpoena even though some of the information requested could be obtained through a party and the concern of

CHAITMAN LLP

The Honorable Stuart M. Bernstein
May 31, 2019
Page 4

duplication of some files did not require quashing the subpoena, as the third party might have files the defendant did not); *Composition Roofers Union Local 30 Welfare Tr. Fund v. Graveley Roofing Enterprises, Inc.*, 160 F.R.D. 70, 72 (E.D. Pa. 1995) (when information was unavailable because the defendants failed to produce it, it was not an undue burden to subpoena this information from a nonparty); *Covey Oil Co. v. Cont'l Oil Co.*, 340 F.2d 993, 998 (10th Cir. 1965) ("[T]he evidence sought has substantial value because it is relevant and vital to the defenses asserted. The fact that it might be obtained, at least in part, from others has no pertinence because a person may not avoid a subpoena by saying that the evidence sought from him is obtainable from another."); FRCP 26(b)(2)(C)(i) (whether discovery can be obtained from another source is a factor to consider in determining whether to allow discovery).

The Subpoena seeks information that is crucial to a dispositive affirmative defense and it cannot be obtained from any other source. Therefore, Defendants respectfully request the Court's permission to file a motion to compel compliance with the Subpoena.

Respectfully submitted,

*/s/ Helen Davis Chaitman*

Helen Davis Chaitman

HDC:leb
Enclosures (as stated)

cc:   Dean D. Hunt, Esq. (*via email and ECF*)
      Emil A. Kleinhaus, Esq. (*via email*)

{00040910 1 }