**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Nicholas J. Cremona
Jorian L. Rose
Amy E. Vanderwal
Jason I. Blanchard

*Attorneys for Irving H. Picard, Trustee
for the Substantively Consolidated SIPA Liquidation
of Bernard L. Madoff Investment Securities LLC
and the chapter 7 estate of Bernard L. Madoff*

Hearing Date: June 26, 2019
Hearing Time: 10:00 a.m. (EST)
Objections Due: June 12, 2019
Objection Time: 4:00 p.m. (EST)

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant.<br>In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |

**OPPOSITION TO THE MOTION OF DR. ALAN MELTON AND ANDREW MELTON TO VACATE THE ORDER GRANTING THE TRUSTEE'S THIRTIETH OMNIBUS MOTION TO DISALLOW CLAIMS AND OVERRULE OBJECTIONS OF CLAIMANTS WHO HAVE NO NET EQUITY, SOLELY WITH RESPECT TO THE <u>DIANA MELTON TRUST</u>**

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | PRELIMINARY STATEMENT | 1 |
| II. | STATEMENT OF FACTS | 2 |
| | A. The Melton Trust's Account and Customer Claim | 2 |
| | B. The Melton Trust's Objections, the Trustee's 30th Omnibus Motion, and Related Filings | 3 |
| | C. The April 24, 2019, Hearing and the April 30, 2019, Order Granting the 30th Omnibus Motion | 5 |
| III. | ARGUMENT | 6 |
| | A. The Motion to Vacate is Entirely Without Merit and Should be Denied | 6 |
| | B. The Meltons Must Demonstrate Their Authority to Represent the Melton Trust Before the Court May Consider the Motion to Vacate | 11 |
| IV. | CONCLUSION | 13 |

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re AMR Corp.*,
   No. 11-15463 (SHL), 2015 Bankr. LEXIS 2266 (Bankr. S.D.N.Y. July 10,
   2015) ............................................................................................................................. 7

*In re Barquet Grp., Inc.*,
   477 B.R. 454 (Bankr. S.D.N.Y. 2012) ...................................................................... 10

*Bell v. S. Bay European Corp.*,
   486 F. Supp. 2d 257 (S.D.N.Y. 2007) ...................................................................... 12

*In re Best Payphones, Inc.*,
   No. 01-15472 (SMB), 2003 Bankr. LEXIS 180 (Bankr. S.D.N.Y. Mar. 10,
   2003) ............................................................................................................................. 7

*In re Fairpoint Commc'ns, Inc.*,
   462 B.R. 75 (Bankr. S.D.N.Y. 2012) ..................................................................... 7, 10

*Griffin Indus. v. Petrojam, Ltd.*,
   72 F. Supp. 2d 365 (S.D.N.Y. 1999) ........................................................................... 8

*Guest v. Hansen*,
   603 F.3d 15 (2d Cir. 2010) ................................................................................... 6, 11

*Iannaccone v. Law*,
   142 F.3d 553 (2d Cir. 1998) ....................................................................................... 11

*Lattanzio v. COMTA*,
   481 F.3d 137 (2d Cir. 2007) ....................................................................................... 11

*Lutin v. Advanced Mining Sys. (In re Advanced Mining Sys.)*,
   94 Civ. 5744 (CSH), 1995 U.S. Dist. LEXIS 2585 (S.D.N.Y. Mar. 3, 1995) ......... 11

*Montco, Inv. v. Barr (In re Emergency Beacon Corp.)*,
   666 F.2d 754 (2d Cir. 1981) ......................................................................................... 9

*Pappas v. Philip Morris, Inc.*,
   915 F.3d 889 (2d Cir. 2019) ................................................................................. 6, 11

*Pope Equity Trust v. United States*,
   818 F.2d 696 (9th Cir. 1987) ..................................................................................... 12

*Rozier v. Rescap Borrower Claims Tr. (In re Residential Capital, LLC)*,
    No. 15 Civ. 3248 (KPF), 2016 U.S. Dist. LEXIS 21204 (S.D.N.Y. Feb. 22,
    2016) ...................................................................................................................................7

*Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*,
    496 B.R. 713 (Bankr. S.D.N.Y. 2013) ..............................................................................7

*Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Bernard L. Madoff)*, 522 B.R. 41 (Bankr. S.D.N.Y. 2014) *aff'd sub nom. Diana Melton Trust, Dated 12/05/05 v. Picard (In re Bernard L. Madoff)* .......................................9

*Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec., LLC (In re Bernard L. Madoff)*, No. 11 Civ. 3313 (DAB), 2012 WL 527426 (S.D.N.Y. Feb. 16,
    2012) ...................................................................................................................................8

*Sequa Corp. v. GBJ Corp.*,
    156 F.3d 136 (2d Cir. 1998) ..........................................................................................8, 9

*Shrader v. CSX Transp., Inc.*,
    70 F.3d 255 (2d Cir. 1995) ................................................................................................7

*Stevens v. Miller*,
    676 F.3d 62 (2d Cir. 2012) ................................................................................................9

*United States v. Int'l Bhd. Of Teamsters*,
    247 F.3d 370 (2d Cir. 2001) ..............................................................................................8

*In re Worldcom, Inc.*,
    2005 Bankr. LEXIS 3481 (Bankr. S.D.N.Y. Oct. 27, 2005) ......................................10

**Statutes**

28 U.S.C. § 1654 ..................................................................................................................11

11 U.S.C. § 502(j) ..................................................................................................................7

**Rules**

Rule 3007 of the Federal Rules of Bankruptcy Procedure ............................................10

Rule 9023 of the Federal Rules of Bankruptcy Procedure ..............................................7

Rule 9024 of the Federal Rules of Bankruptcy Procedure ..............................................7

Rule 59 of the Federal Rules of Civil Procedure ..............................................7, 8, 13

Rule 60 of the Federal Rules of Civil Procedure ..............................................7, 8, 9

Irving H. Picard, trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") and the chapter 7 estate of Bernard L. Madoff ("Madoff"), by and through his undersigned counsel, respectfully submits this opposition (the "Opposition") to the request for relief in the form of an email submitted by Dr. Alan Melton ("Dr. Melton") and Andrew Melton ("Mr. Melton," and together with Dr. Melton, the "Meltons") on April 30, 2019, which this Court has treated as a motion to vacate (the "Motion to Vacate") its April 30, 2019, *Order Granting the Trustee's Thirtieth Omnibus Motion to Disallow Claims and Overrule Objections of Claimants Who Have No Net Equity* (ECF No. 18709) ("30th Omnibus Order"), to the extent the order relates to the Diana Melton Trust, Dated 12/5/05 (the "Melton Trust").

I.  **PRELIMINARY STATEMENT**

Without any factual support, the Meltons contend that they were not provided with notice of the hearing on the Trustee's motion to disallow the Melton Trust's claim and were not given the opportunity to respond. The opposite is true. In fact, after receiving notice of the hearing and specifically referencing the 30th Omnibus Motion (as hereinafter defined), Dr. Melton requested the Trustee to file an objection on the Melton Trust's behalf weeks before the deadline to object had expired. The Trustee filed the objection as requested, then responded with a brief in reply. The Meltons responded with further emails and documents, which the Trustee promptly filed with the Court on the Melton Trust's behalf. After conducting a hearing on the merits of the Trustee's 30th Omnibus Motion, this Court overruled the Meltons' objection and entered the order granting the relief requested by the Trustee.

Displeased with this result, the Meltons filed the Motion to Vacate to relitigate the very issue the Court decided in overruling their objection to the 30th Omnibus Motion: that the Trustee

properly calculated the net equity in the Melton Trust's customer account without an adjustment for the change in the account's name. The Meltons do not point to any law or evidence the Court overlooked. Instead, they submit the very same documents and make the very same arguments that the Court previously considered and rejected. Thus, the Meltons offer no basis for the Court to reconsider its prior ruling.

Finally, to date, the Meltons have failed to show that they are the Melton Trust's sole beneficiaries and that the trust has no creditors in order that they may proceed as *pro se* litigants.

## II. STATEMENT OF FACTS

### A. The Melton Trust's Account and Customer Claim

On or about December of 1992, BLMIS opened a customer account on behalf of the Ernest Melton Trust, which BLMIS assigned account number 1ZA699 (the "Account").[1]

In September of 2007, Ernest Melton (Dr. Melton's and Mr. Melton's father), Dr. Melton, and Mr. Melton requested in writing that BLMIS rename the Account, then in the name of the Ernest Melton Trust, the Diana Melton Trust, Dated 12/5/05 (the "Name Change Request").[2] According to their request, Diana Melton (Dr. Melton's and Mr. Melton's mother), had passed away and as a result, Dr. Melton and Andrew Melton became co-trustees of the Ernest Melton Trust and the Diana Melton Trust. BLMIS's books and records do not contain a request for the creation of a new customer account. Nor do they contain a request for the withdrawal, deposit, or transfer of funds at that time.[3] BLMIS employees renamed the Account as requested and did not

---

[1] *See Declaration of Vineet Sehgal in Support of the Trustee's Reply to the Objection of Dr. Alan Melton to the Thirtieth Omnibus Motion to Disallow Claims and Overrule Objections of Claimants Who Have No Net Equity* (ECF No. 18671) ("Sehgal Reply Decl.") at ¶ 6.
[2] Sehgal Reply Decl. at ¶ 11.a., Ex. 4.
[3] *See id.*; ¶ 11.e.

2

make any other changes.[4] The Account continued to bear account number 1ZA699.[5]

The Melton Trust filed a customer claim with the Trustee with respect to the Account on April 28, 2009, which the Trustee designated as claim no. 008648 (the "Claim").[6] A partial copy of the Third Amendment and Restatement of the Diana Melton Trust was submitted with the Claim, but the available pages do not identify the beneficiaries of the trust. On October 19, 2009, the Trustee issued a determination letter (the "Determination Letter") denying the Claim for lack of positive net equity.[7] In the Determination Letter, the Trustee explained that based on his analysis, the amount of money withdrawn from the Account was greater than the amount that was deposited by $407,500 and that all profits reported on its customer statements were fictitious.[8]

### B. The Melton Trust's Objections, the Trustee's 30th Omnibus Motion, and Related Filings

On November 17, 2009, the Melton Trust, through counsel,[9] filed the *Objection to Trustee's Determination of Claim* (the "Objection to Determination") (ECF No. 874).[10] There, the Melton Trust contended, among other things, that the Trustee was required to calculate net equity using the Last Customer Statement Method, the Melton Trust was entitled to interest on its deposits with BLMIS and a credit for taxes paid on its distributions, and the Trustee failed to include amounts transferred from other BLMIS customer accounts in his net equity calculation.[11]

---

[4] *Id.* at ¶ 11.b., Ex. 5.
[5] *Id.* at ¶ 11.c., 11.d, Exs. 6, 7.
[6] *Id.* at ¶ 5, Ex. 1.
[7] *Id.* at ¶ 7, Ex. 2.
[8] *See id.*
[9] Milberg LLP and Seeger Weiss LLP jointly filed the Objection to Determination on behalf of the Melton Trust. On July 30, 2013, the Court entered an order authorizing both law firms to withdraw as counsel of record for the Melton Trust and other claimants (ECF No. 5431). Dr. Melton was identified as the point of contact for the Melton Trust going forward (ECF No. 5393). Subsequently, on December 30, 2013, the law firm of Kachroo Legal Services, P.C. filed a notice of appearance on behalf of the Melton Trust (ECF No. 5609). Upon information and belief, Kachroo Legal Services, P.C. has not sought this Court's permission to withdraw as counsel for the Melton Trust. To date, Dr. Melon has stated that he is proceeding *pro se* for all matters relating to the Melton Trust and has submitted pleadings without counsel.
[10] Sehgal Reply Decl. at ¶ 8, Ex. 3.
[11] *Id.*, Ex. 3 at 3, 8-12.

3

After substantial legal proceedings relating to the methodology for calculating customer claims, on March 14, 2019, the Trustee filed the *Thirtieth Omnibus Motion to Disallow Claims and Overrule Objections of Claimants Who Have No Net Equity* (the "30th Omnibus Motion") (ECF No. 18552) together with the *Declaration of Vineet Sehgal in Support of the Trustee's Thirtieth Omnibus Motion to Disallow Claims and Overrule Objections of Claimants Who Have No Net Equity* (ECF No. 18553), and the *Notice of Hearing on Trustee's Thirtieth Omnibus Motion to Disallow Claims and Overrule Objections of Claimants Who Have No Net Equity* (ECF No. 18554). The next day, the Trustee's professionals served the 30th Omnibus Motion, the related declaration, and notice of the April 24, 2019 hearing on the 30th Omnibus Motion on the Melton Trust by regular mail (ECF No. 18584).[12]

In the 30th Omnibus Motion, the Trustee requested that the Court disallow the claims and overrule objections filed by or on behalf of customers that have no net equity, and are thus in the parlance of this proceeding, net winners, including the Melton Trust.

Following receipt of the 30th Omnibus Motion, Dr. Melton sent an email to the Trustee's counsel contesting the Trustee's calculation of net equity for the Account. Following several email exchanges, Dr. Melton instructed the Trustee to file his email as a formal objection to the 30th Omnibus Motion. Accordingly, on April 10, 2019, with the Trustee's assistance, Dr. Melton filed an objection to the 30th Omnibus Motion *pro se*, purportedly on behalf of the Melton Trust (the "Objection" and together with the Objection to Determination, the "Objections") (ECF No. 18652).

On April 18, 2019, the Trustee filed the *Reply to the Objection of Dr. Alan Melton to the Thirtieth Omnibus Motion to Disallow Claims and Overrule Objections of Claimants Who Have*

---

[12] Specifically, the Trustee's professionals served the Melton Trust's counsel of record and an address identified as belonging to Dr. Melton.

4

*No Net Equity* (the "Reply") (ECF No. 18670) together with the *Declaration of Vineet Sehgal in Support of the Trustee's Reply to the Objection of Dr. Alan Melton to the Thirtieth Omnibus Motion to Disallow Claims and Overrule Objections of Claimants Who Have No Net Equity* (ECF No. 18671). Relevant here, as an exhibit to Mr. Sehgal's Reply Declaration, the Trustee annexed a copy of the Name Change Request.[13] The Trustee's professionals served the Reply and related declaration upon the Melton Trust by regular mail care of Dr. Melton on April 19, 2019 (ECF No. 18679).

After receiving the Reply, the Meltons sent the Trustee further emails, dated April 18 and 22, 2019, and documents, which the Trustee promptly filed with the Court as the *Sur-Reply in further support of Objection to Trustee's Thirtieth Omnibus Motion to Disallow Claims and Overrule Objection* (the "Sur-Reply") (ECF No. 18680). The Name Change Request was among the documents sent to the Trustee and filed with the Sur-Reply.

    **C.**    **The April 24, 2019, Hearing and the April 30, 2019, Order Granting the 30th Omnibus Motion**

On April 24, 2019, the Court conducted a hearing on the 30th Omnibus Motion (the "Hearing"). The Trustee's counsel appeared and presented argument. No one appeared on behalf of the Melton Trust. Following argument, the Court granted the 30th Omnibus Motion from the bench. In granting the 30th Omnibus Motion, the Court explained "[y]ou know I read all of Mr. Melton's and Dr. Melton's emails and letters. And, no matter how you slice it, whether the Diana Melton account -- trust account was a new account or simply a renamed account, it was never funded with real dollars under either circumstance . . . there wasn't any equity in the Ernest Melton

---

[13] Sehgal Reply Decl. ¶ 11.a, Ex. 4.

account when the new account or the renamed account was opened or was renamed and there was never any put in. So, in either event, the net equity is zero."[14]

On April 30, 2019, the Court entered the 30th Omnibus Order.

Upon receiving an email from the Meltons requesting various relief, on April 30, 2019, the Court entered the *Memorandum Endorsement and Order* (ECF No. 18710) stating that Court would treat the email as a motion to vacate the 30th Omnibus Order as it relates to the Melton Trust and scheduled a hearing to consider the relief requested.[15]

In response to further emails from the Meltons, on May 23, 2019, the Court entered the second *Memorandum Endorsement and Order* stating the following:

> The hearing on the motion by the Diane Melton Trust ("Trust") scheduled for June 26, 2019 will be a non-evidentiary hearing meaning the Court will not hear testimony. The threshold question of whether the co-Trustees can represent the Trust in this SIPA proceeding turns on whether there are other beneficiaries or creditors of the Trust. *See Pappas v. Philip Morris, Inc.*, 915 F.3d 889, 892-93 (2d Cir. 2019); *Guest v. Hansen*, 603 F.3d 15, 21 (2d Cir. 2010). This issue will be addressed at the beginning of the hearing. If it is resolved in favor of the co-Trustees, the hearing will proceed; if not, the Trust must retain counsel. Assuming that the hearing proceeds at the scheduled time, the Court will hear argument based on the documentary evidence and the undisputed facts. If an evidentiary hearing is necessary, it will be scheduled for another day. Any other questions should be raised at the hearing.

## III.   ARGUMENT

### A.   The Motion to Vacate is Entirely Without Merit and Should be Denied

In the Motion to Vacate, the Meltons effectively ask this Court to reconsider the 30th Omnibus Order disallowing the Claim. The Motion to Vacate should be denied because the

---

[14] Hr. Tr. 19:5-17.
[15] The Court also directed the Trustee to serve the Meltons with copies of all pleadings filed in support of his determination of the Melton Trust Claim and in reply to the Meltons' submissions. The Trustee has complied with the Court's directive and has provided the Meltons with additional documents upon request.

Meltons do not satisfy the standards for reconsideration under either Rule 59 or Rule 60 of the Federal Rules of Civil Procedure.[16]

Section 502(j) of the Bankruptcy Code allows a court to reconsider a previously disallowed claim for "cause" based on the "equities of the case." 11 U.S.C. § 502(j); *In re Fairpoint Commc'ns, Inc.*, 462 B.R. 75, 79 (Bankr. S.D.N.Y. 2012). Motions seeking reconsideration under section 502(j) of the Bankruptcy Code are analyzed in accordance with Rule 59 of the Federal Rules of Civil Procedure, made applicable to bankruptcy proceedings by Rule 9023 of the Federal Rules of Bankruptcy Procedure, and Rule 60 of the Federal Rules of Civil Procedure, made applicable to bankruptcy proceedings by Rule 9024 of the Federal Rules of Bankruptcy Procedure. *Rozier v. Rescap Borrower Claims Tr. (In re Residential Capital, LLC)*, No. 15 Civ. 3248 (KPF), 2016 U.S. Dist. LEXIS 21204, at *43 (S.D.N.Y. Feb. 22, 2016). Courts have typically applied Rule 59 to motions filed within fourteen days after the entry of the order disallowing the claim and Rule 60 to motions filed later. *Id.*; *see In re AMR Corp.*, No. 11-15463 (SHL), 2015 Bankr. LEXIS 2266, at *5 (Bankr. S.D.N.Y. July 10, 2015); *In re Best Payphones, Inc.*, No. 01-15472 (SMB), 2003 Bankr. LEXIS 180, at *4 (Bankr. S.D.N.Y. Mar. 10, 2003).

Courts generally deny motions for reconsideration under Rule 59 unless "the moving party can point to controlling decisions or data that the court overlooked"—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court. *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Alternatively, the movant must demonstrate "the need to

---

[16] The Meltons have not relied on a Rule or statute to support the Motion to Vacate. The Trustee recognizes that such motions are typically analyzed under Rule 60 of the Federal Rules of Civil Procedure. However, the Motion to Vacate was filed within fourteen days of the 30th Omnibus Order and involves the disallowance of a claim. Therefore, out of an abundance of caution and due to the Meltons' status as *pro se* litigants, the Trustee has construed the Meltons' arguments under section 502(j) of the Bankruptcy Code and both Rule 59 and Rule 60(b). *See Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 496 B.R. 713, 719 (Bankr. S.D.N.Y. 2013) (construing *pro se* pleadings seeking reconsideration as raising the strongest arguments that they suggest). The Trustee respectfully submits that regardless of which standard the Court should choose to apply, the Motion to Vacate is devoid of any grounds sufficient to warrant the requested relief.

correct a clear error or prevent manifest injustice." *Griffin Indus. v. Petrojam, Ltd.*, 72 F. Supp. 2d 365, 368 (S.D.N.Y. 1999). Motions for reconsideration are not vehicles for "relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998) (internal citations omitted). The determination of whether a motion for reconsideration should be granted is within the discretion of the court should the former claimant meet the applicable standards. *See Griffin Indus.*, 72 F. Supp. 2d at 368. The Meltons have raised no new legal or factual issues.

Rule 60(b) provides that the Court may relieve a party from a final judgment, order or proceeding due to:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Because of the importance of ensuring finality in decisions of the courts, a "motion for relief from judgment is generally not favored and is properly granted only upon a showing of exceptional circumstances." *United States v. Int'l Bhd. Of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001); *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec., LLC (In re Bernard L. Madoff)*, No. 11 Civ. 3313 (DAB), 2012 WL 527426 (S.D.N.Y. Feb. 16, 2012). The party seeking relief from a final order or judgment bears the burden of proof. *Id.* Whether to grant a

8

motion for relief under Rule 60(b) is also within the discretion of the court. *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012) (citing *Montco, Inv. v. Barr (In re Emergency Beacon Corp.)*, 666 F.2d 754, 760 (2d Cir. 1981)).

The Meltons fail to point to controlling factors, documents, information or decisions that would change the outcome of the 30th Omnibus Order. In fact, the Motion to Vacate raises the very same arguments and relies on the very same documents that this Court previously considered and rejected. In other words, the Meltons seek a "second bite at the apple." *See Sequa Corp.* 156 F.3d at 144. For example, in the Objection, Dr. Melton previously argued that that the Trustee had improperly treated two separate accounts – the Melton Trust's account and a purported predecessor account belonging to Dr. Melton's and Mr. Melton's father–as one account.[17] The Meltons pressed this very argument in the Sur-Reply.[18] The Meltons' arguments in the Motion to Vacate are identical and therefore cannot form the basis for reconsideration.[19] To the extent the Meltons argue the result should be different as an inter-account transfer, the Melton Trust was represented in the appeal of that matter to final order.[20]

The Meltons have also not shown that setting aside the 30th Omnibus Order would correct a clear error or prevent manifest injustice, or that exceptional circumstances exist. The Trustee's

---

[17] "This was a brand new account not one that already existed as were the others in the group. This was legally formed after the death of my mother, 12 years earlier." Objection at 1.

[18] "[D]ue diligence about this would have revealed that this was a brand new account and should have had a new account number. Evidently, since this was followed through using the same account number Mr. Madoff issued by error, Mr. Picard did not pick this up that the IRS was paid under this new TIN and Name in 2007." Sur-Reply at 2.

[19] "Simply stated, our father (deceased in 2010), my brother and I requested Madoff to change the name of the Ernest Melton Trust to the Diana Melton Trust in July of 2007 with a new TIN number, 18 months prior to the discovery of the Madoff fraud. The Diana Melton Trust was originally drawn up in 1986 and amended subsequently as tax laws changed and precipitated when our mother died in 2007. The notification from us to Madoff (attached) was accomplished with the assistance of our father's estate tax planning attorney. There is no question that a new account number should have automatically been assigned, in which case, the Diana Melton Trust would have and should have been a NET LOSER." Motion to Vacate at 1.

[20] The Melton Trust, through its counsel, was among the claimants who participated in the appeal of this Court's decision approving the Inter-Account Method to the District Court. *See Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Bernard L. Madoff)*, 522 B.R. 41 (Bankr. S.D.N.Y. 2014) *aff'd sub nom. Diana Melton Trust, Dated 12/05/05 v. Picard (In re Bernard L. Madoff)*, 2016 WL183492 (S.D.N.Y. Jan. 14, 2016).

9

professionals properly served the Melton Trust with notice of the Hearing on the 30th Omnibus Motion and the 30th Omnibus Motion itself in accordance with the Federal Rules of Bankruptcy Procedure.[21] The Meltons have not rebutted the presumption that they received such notice. *See FairPoint Communs., Inc.*, 462 B.R. at 80 n.7 ("The presumption of receipt or the common law 'mailbox rule' states that a properly directed letter proven to have been delivered to either the post office or the mail carrier, and not returned to the sender, is presumed to have reached its destination at the regular time and been received by the person to whom it was addressed."); *In re Barquet Grp., Inc.*, 477 B.R. 454, 462 n.7 (Bankr. S.D.N.Y. 2012) (same); *In re Worldcom, Inc.*, 2005 Bankr. LEXIS 3481, at *9 (Bankr. S.D.N.Y. Oct. 27, 2005) (same). And by filing the Objection before the deadline to object to the 30th Omnibus Motion had expired, there can be no doubt that the Melton Trust received actual notice of the Hearing on the 30th Omnibus Motion. The Meltons' contrary position is simply not credible.

The Trustee is sympathetic to the Meltons and understands their frustration with the denial of the Melton Trust's customer claim. However, as set forth in the 30th Omnibus Motion, under SIPA, the Trustee's determination of a customer claim is informed by the debtor's books and records. To the extent the customer disagrees with the Trustee's determination, it must provide new evidence and demonstrate that it is entitled to an allowable customer claim. Here, the Trustee has determined that based on BLMIS's books and records the Melton Trust only had one customer account and that one account lacked positive net equity. BLMIS did not create two separate accounts for the Meltons' father's and mother's trusts nor is there any record of BLMIS being asked to do so. Therefore, years later the Trustee could not make an adjustment to his net equity calculation based on the existence of an alleged second account. To support their position, the

---

[21] *See* Fed. R. Bankr. P. 3007. The Trustee's professionals served the Melton Trust by regular mail at the address of its counsel of record and at the address identified as belonging to Dr. Melton. *See* ECF No. 18584.

Meltons only submitted the Name Change Request. As discussed above, the Name Change Request was previously considered by the Court and does not demonstrate that BLMIS in fact created a new account. Because the Meltons cannot present any evidence that would alter this Court's determination that the Melton Trust's Claim should be disallowed and the Objections overruled, there is no basis to reconsider or vacate the 30th Omnibus Order.

**B.    The Meltons Must Demonstrate Their Authority to Represent the Melton Trust Before the Court May Consider the Motion to Vacate**

Section 1654 of Title 28 of the United States Code provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." The Second Circuit has interpreted section 1654 to permit two types of representation: either by an attorney admitted to the practice of law or by a person representing himself. *See Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007). In other words, a person not admitted to the practice of law may not represent anyone other than himself. *Guest v. Hansen*, 603 F.3d 15, 20 (2d Cir. 2010). To determine whether a *pro se* party should be permitted to appear and seek relief from the court, courts have considered whether he or she seeks to litigate a personal interest or one belonging to another. *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998).

In the Second Circuit, a layperson may not represent a decedent's estate unless the person is the estate's sole beneficiary and the estate has no creditors. *Pappas v. Philip Morris, Inc.*, 915 F.3d 889, 892-93 (2d Cir. 2019) (relying on *Guest*, 603 F.3d at 20-21). If those criteria are satisfied, the layperson would be "appearing solely on her own behalf, because she is the only party affected by the disposition of the suit." *Id*. at 893. Similarly, courts have prohibited a non-lawyer trustee from representing the interests of a trust when the trustee's role "casts him in a fiduciary role for others." *Lutin v. Advanced Mining Sys. (In re Advanced Mining Sys.)*, 94 Civ. 5744 (CSH), 1995

U.S. Dist. LEXIS 2585, at *2 (S.D.N.Y. Mar. 3, 1995) (citing *Pope Equity Trust v. United States,* 818 F.2d 696, 697 (9th Cir. 1987)); *see Bell v. S. Bay European Corp.*, 486 F. Supp. 2d 257, 259 (S.D.N.Y. 2007).

Here, the Meltons have not to date demonstrated that they are the sole beneficiaries of their father's or mother's estates, nor have they shown that the estates have no creditors. The beneficiaries of the Melton Trust are not identified in the portions of the trust agreement provided to the Trustee. Because the Meltons have not satisfied these conditions, the Court should deny the Motion to Vacate based on the Meltons' lack of authority to act on behalf of the Melton Trust.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

## IV. CONCLUSION

For the reasons stated above, the Meltons have failed to carry their burden of proving their entitlement to relief under either Rule 59 or 60 of the Federal Rules of Civil Procedure. Therefore, the Trustee respectfully requests that the Court enter an order denying the Motion to Vacate and granting such other and further relief as is just.

Dated: New York, New York  
      June 12, 2019

Respectfully submitted,

*/s/ David J. Sheehan*  
David J. Sheehan  
Email: dsheehan@bakerlaw.com  
Nicholas J. Cremona  
Email: ncremona@bakerlaw.com  
Jorian L. Rose  
Email: jrose@bakerlaw.com  
Amy E. Vanderwal  
Email: avanderwal@bakerlaw.com  
Jason I. Blanchard  
Email: jblanchard@bakerlaw.com  
**Baker & Hostetler LLP**  
45 Rockefeller Plaza  
New York, New York 10111  
Tel: (212) 589-4200  
Fax: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the chapter 7 estate of Bernard L. Madoff*