**From:** Andrew Melton <amelton@a2amedia.com>
**Sent:** Wednesday, June 12, 2019 3:59 PM
**To:** NYSBml_Bernstein's_Chambers_Staff <bernstein.chambers@nysb.uscourts.gov>; Chantel Barrett <Chantel_Barrett@nysb.uscourts.gov>; Kyu Paek <Mike_Paek@nysb.uscourts.gov>
**Cc:** Rose, Jorian L. <jrose@bakerlaw.com>; Cremona, Nicholas J. <ncremona@bakerlaw.com>; Vanderwal, Amy E. <avanderwal@bakerlaw.com>; Blanchard, Jason I. <jblanchard@bakerlaw.com>; Alan Melton <alanrmelton@gmail.com>
**Subject:** FW: SIPC vs. BLMIS Adv. Pro. No. 08-01789 (SMB)

Honorable Judge Bernstein,

We received the below email from counsel to the Trustee earlier today opposing the Court's motion to vacate the Order Granting the Trustee's Thirtieth Omnibus Motion to Disallow Claims and Overrule Objections of Claimants Who Have No Net Equity, Solely With Respect to the Diana Melton Trust.

I am also attaching our email to you from 5/21/19 whereby we indicated that we just want to make re-affirm that the hearing on June 26, 2019 will take place as scheduled. We have important information that should be heard regarding inclusions in the Trustee's Thirtieth Omnibus Motion that will override any possible reason for objection to the Court's motion by the Trustee. We indicated this to Your Honor in a previous email on 5/20/19 as it incorrectly does not apply for the Diana Melton Trust (which we again will establish at the June 26, 2019 Hearing).

Again, we were not notified of the April 24th Hearing and believe Your Honor considered this in Vacating the order Granting the Trustee's Thirtieth Omnibus Motion to Disallow Claims and Overrule Objections of Claimants Who Have No Net Equity, Solely With Respect to the Diana Melton Trust.

In addition, per Your Honor's **MEMORANDUM ENDORSEMENT AND ORDER -** *The hearing on the motion by the Diane Melton Trust ("Trust") scheduled for June 26, 2019 will be a non-evidentiary hearing meaning the Court will not hear testimony. The threshold question of whether the co-Trustees can represent the Trust in this SIPA proceeding turns on whether there are other beneficiaries or creditors of the Trust. See Pappas v. Philip Morris, Inc., 915 F.3d 889, 892-93 (2d Cir. 2019); Guest v. Hansen, 603 F.3d 15, 21 (2d Cir. 2010). This issue will be addressed at the beginning of the hearing. If it is resolved in favor of the co-Trustees, the hearing will proceed; if not, the Trust must retain counsel. Assuming that the hearing proceeds at the scheduled time, the Court will hear argument based on the documentary evidence and the undisputed facts. If an evidentiary hearing is necessary, it will be scheduled for another day. Any other questions should be raised at the hearing.*

We have the necessary documentation to address the threshold question of whether we, as co-trustees, can represent the Trust.

We would appreciate your confirmation that the Hearing will take place on June 26th as presently scheduled.

Respectfully yours,
Andrew Melton

**From:** Chan, Angeline <achan@bakerlaw.com>
**Sent:** Wednesday, June 12, 2019 1:15 PM

**To:** alanrmelton@gmail.com; Andrew Melton <amelton@a2amedia.com>
**Cc:** Cremona, Nicholas J. <ncremona@bakerlaw.com>; Rose, Jorian L. <jrose@bakerlaw.com>; Vanderwal, Amy E. <avanderwal@bakerlaw.com>; Blanchard, Jason I. <jblanchard@bakerlaw.com>
**Subject:** SIPC vs. BLMIS Adv. Pro. No. 08-01789 (SMB)

We are counsel to Irving H. Picard, Esq., as Trustee for the substantively consolidated SIPA liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff, plaintiff, in the above-referenced adversary proceeding.

Attached please find for service the *Opposition to the Motion of Dr. Alan Melton and Andrew Melton to Vacate the Order Granting the Trustee's Thirtieth Omnibus Motion to Disallow Claims and Overrule Objections of Claimants Who Have No Net Equity, Solely With Respect to the Diana Melton Trust* which has been electronically filed in the above noted adversary proceeding.

**Angeline Chan**
Paralegal

BakerHostetler
45 Rockefeller Plaza
New York, NY 10111-0100
T +1.212.847.3172

achan@bakerlaw.com
bakerlaw.com

# MEMORANDUM ENDORSEMENT AND ORDER

The hearing will proceed as scheduled. To expedite the determination of the issue of standing, the co-trustees should submit a declaration at least three days prior to the hearing that sets forth their efforts to determine the existence of any other creditors or beneficiaries of the Diane Melton Trust and provide a copy of the Trust Agreement.

So ordered.

Dated:   New York, NY
        June 17, 2019

/s/ *Stuart M. Bernstein*
STUART M. BERNSTEIN
United States Bankruptcy Judge