# EXHIBIT B

# BakerHostetler

Baker & Hostetler LLP

811 Main Street
Suite 1100
Houston, TX 77002-6111

T 713.751.1600
F 713.751.1717
www.bakerlaw.com

June 12, 2019

Dean D. Hunt
direct dial: 713.646.1346
dhunt@bakerlaw.com

**VIA UPS AND EMAIL**
Chaitman LLP
Helen Davis Chaitman
465 Park Avenue
New York, NY 10022
hchaitman@chaitmanllp.com

**VIA EMAIL WITH ENCLOSURES**
Jennifer Allim (jallim@chaitmanllp.com)
Sarah Howell (showell@chaitmanllp.com)

Re:   Adv. Pro. Nos. Listed on Schedule A of Defendants' Second Set of Requests for Production of Documents to the Trustee, served on May 13, 2019; In the United States Bankruptcy Court for the Southern District of New York.

Dear Counsel:

Enclosed please find the Trustee's Responses and Objections to Defendants' Second Set of Requests for Production in the Adversary Proceedings listed on Schedule A.

If you have questions, please feel free to contact me or my colleague, Marie Carlisle at (713) 751-1600.

Sincerely,

Dean D. Hunt
Of Baker & Hostetler, LLP

Enclosure

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Nicholas J. Cremona
Dean D. Hunt

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and the Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>              Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>              Defendant. | No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>              Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff,<br><br>              Plaintiff,<br><br>v.<br><br>Chaitman LLP Defendants in Adversary Proceedings Listed On Plaintiff's Schedule A Attached Hereto,<br><br>              Defendants. | Adv. Pro. Nos. listed on Plaintiff's Schedule A Attached Hereto |

## PLAINTIFF IRVING H. PICARD'S RESPONSES AND OBJECTIONS TO DEFENDANTS' SECOND SET OF REQUESTS FOR PRODUCTION

Irving H. Picard (the "Trustee"), as trustee for the liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS"), under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa-78*lll* ("SIPA"), and the estate of Bernard L. Madoff, by and through the Trustee's counsel, Baker & Hostetler LLP, hereby provides the following Responses and Objections to Certain Chaitman LLP Defendants' Second Set of Request for Production of Documents to the Trustee, dated May 13, 2019 (the "Request").

### OBJECTIONS TO INSTRUCTIONS

The Trustee will respond to these Requests consistent with Rules 26 and 34 of the Federal Rules of Civil Procedure (the "Federal Rules"), Rules 7026 and 7034 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), applicable Local Civil Rules of the United States District Court for the Southern District of New York and this Court (the "Local Rules"), and any applicable orders of the Court, including the Court's November 10, 2010 Litigation Procedures Order [ECF No. 3141] ("Litigation Procedures Order") and the Court's June 6, 2011 Litigation Protective Order [ECF No. 4137] ("LPO").

### OBJECTIONS TO DEFINITIONS

1. The Trustee objects to the "Definitions" to the extent they deviate from, conflict with, or impose a greater obligation than the Federal Rules, the Bankruptcy Rules, and/or the Local Rules.

### REQUEST FOR PRODUCTION OF DOCUMENT NO. 1

All documents evidencing or referencing communications between you and/or any of your attorneys and/or assistants with any employee, officer of, or attorney for, JPMorgan Chase Bank,

N.A., from December 11, 2008 to the present relating in any way to a custodian's affidavit(s) and/or declaration(s).

**RESPONSE:**

Fed. R. Civ. P. 26(b) limits discovery to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." The Trustee objects to this Request on the grounds that it seeks documents outside the scope of Fed. R. Civ. P. 26(b). The production of "all" documents responsive to this Request is not proportional to the needs of the case. Further, this request is not relevant to the claims or defenses of the parties in the adversary proceedings listed on Schedule A to Defendants' Requests.

The Trustee also objects to the production of documents outside the deadline for the completion of fact discovery and on the grounds that the Request was untimely served. The Court entered an Order Granting in Part and Denying in Part Trustee's Motion for Limited Additional Discovery on March 6, 2019, in these adversary proceedings, setting May 30, 2019, for the close of fact discovery. *See* ECF No. 18535. Fed. R. Civ. P. 34(b)(2)(A) provides a party thirty (30) days to respond to requests for production, absent stipulation or court order. Defendants did not serve the Request until May 13, 2019, seventeen days prior to the close of fact discovery. Therefore, Defendants' Request was served in violation of Fed. R. Civ. P. 34(b)(2)(A) and the Court's March 6, 2019 Order.

On or before December 21, 2015, the Trustee named a records custodian for JPMorgan Chase in his initial disclosures in each of the cases listed on Schedule A as a person with

3

knowledge. Despite having almost 3.5 years to seek discovery related to the records custodian, Defendants failed to do so. While the record is closed in Adversary Proceeding Nos. 10-04377 and 10-04658 (which are not listed on Schedule A), the Trustee notes custodian affidavits for the relevant BLMIS JPMorgan records were admitted into evidence at the consolidated trial of those cases without objection by counsel for the Schedule A Defendants.

Defendants' counsel claims that the Records Custodian affidavits of JP Morgan were obtained with knowledge that they were inaccurate and appears to allege that counsel for JP Morgan and the Trustee have committed a fraud on this Court. *See* May 31, 2019 letter from Ms. Chaitman to Judge Bernstein, ECF No. 18790. The unfounded and unprofessional allegations underlying Defendants' Request and the May 31, 2019 letter violate the tenants of Fed. R. Civ. P. 11(b)(1) and (3). This Request is sought solely to continue a long-standing practice of harassing the Trustee and his counsel and has now been extended to harassing a third party.

Dated: June 12, 2019

By: /s/
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
Dean D. Hunt
Email: dhunt@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served this 12th day of June 2019 by electronic mail and UPS upon the following:

Helen Davis Chaitman
CHAITMAN LLP
465 Park Avenue
New York, New York 10022
Email: hchaitman@chaitmanllp.com

/s/
*An Attorney for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

5

### Schedule A: List of Adversary Proceedings of Chaitman LLP Defendants

| No. | APN | Case Name |
|---|---|---|
| 1 | 10-04397 | Fern C. Palmer Revocable Trust Dtd 12/31/91, et al |
| 2 | 10-04438 | Estate of Seymour Epstein, et al. |
| 3 | 10-04446 | Trust Dated 12/6/99 Walter and Eugenie Kissinger, et al |
| 4 | 10-04539 | The Gerald and Barbara Keller Family Trust, et al. |
| 5 | 10-04545 | Jerome Goodman, et al. |
| 6 | 10-04610 | The Whitman Partnership, et al. |
| 7 | 10-04709 | Andrew M. Goodman |
| 8 | 10-04752 | Kuntzman Family LLC, et al. |
| 9 | 10-04762 | James M. Goodman |
| 10 | 10-04809 | Edyne Gordon NTC |
| 11 | 10-04823 | Frank DiFazio, et al. |
| 12 | 10-04826 | Boyer Palmer |
| 13 | 10-04837 | Leslie Ehrlich f/k/a Leslie Harwood , et al. |
| 14 | 10-04905 | Train Klan, a Partnership, et al. |
| 15 | 10-04914 | Edyne Gordon |
| 16 | 10-04961 | Sylvan Associates LLC f/k/a Sylvan Associates Ltd Partnership, et al. |
| 17 | 10-04979 | James M. New Trust dtd 3/19/01, et al. |
| 18 | 10-04991 | Guiducci Family Limited Partnership, et al. |
| 19 | 10-05104 | The Gloria Albert Sandler and Maurice Sandler Revocable Living Trust |
| 20 | 10-05124 | The Lawrence J. Ryan and Theresa R. Ryan Revocable Living Trust, et al. |
| 21 | 10-05127 | Atwood Management Profit Sharing Plan & Trust, etc., et al. |
| 22 | 10-05128 | JABA Associates LP, et al. |
| 23 | 10-05133 | Boyer H. Palmer, individually, et al. |
| 24 | 10-05150 | Plafsky Family LLC Retirement Plan, Robert Plafsky, et al. |
| 25 | 10-05151 | Palmer Family Trust, et al. |
| 26 | 10-05157 | The Harnick Brothers Partnership, et al. |
| 27 | 10-05196 | Whitman 1990 Trust U/A DTD 4/13/90, et al. |
| 28 | 10-05435 | Keith Schaffer, et al. |