# BakerHostetler

Baker&Hostetler LLP

811 Main Street
Suite 1100
Houston, TX  77002-6111

T 713.751.1600
F 713.751.1717
www.bakerlaw.com

Dean D. Hunt
direct dial: 713.646.1346
dhunt@bakerlaw.com

June 24, 2019

**VIA ECF AND ELECTRONIC MAIL**
Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 723
New York, New York 10004-1408
bernstein.chambers@nusb.uscourts.gov

> RE: *In re Bernard L. Madoff Investment Securities, LLC*, Adv. Pro. No. 08-01789; Defendants' June 17, 2019 letter request to compel compliance with document demands served on Plaintiff

Dear Judge Bernstein,

We are counsel to Irving H. Picard, as trustee ("Trustee") for the substantively consolidated SIPA liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa *et seq*. and the estate of Bernard L. Madoff.  We write in response to Defendants' June 17, 2019 letter (the "Letter") requesting permission to move to compel compliance with their extraordinary and untimely May 13, 2019 request for production seeking communications between counsel.

As stated in the Trustee's Responses and Objections to Defendants' Second Set of Requests for Production (the "Responses"), Defendants'[1] Second Set of Requests for Production (the "Requests") was untimely served.  Defendants served their Requests on May 13, 2019—seventeen days prior to the close of discovery on May 30, 2019.  As this Court has recognized, because the Federal Rules do not require compliance with the Requests *after* the close of fact discovery, those demands are *per se* untimely.[2]  *See* Transcript of Dec. 19, 2018 Hearing on Defendants' Motion to Adjourn Trial Dates, Adv. Pro. No. 10-04377, at p. 69, ll. 8-15.

---

[1] A list of the Defendants in which the Second Set of Requests for Production was served is attached hereto as Ex. A.

[2] Defendants' letter also purports to be on behalf of the Nelson Defendants.  Given that the trial concluded in that matter, the Requests are also untimely as to those defendants.

Atlanta    Chicago    Cincinnati    Cleveland    Columbus    Costa Mesa    Denver
Houston    Los Angeles    New York    Orlando    Philadelphia    Seattle    Washington, DC

Honorable Stuart M. Bernstein
June 24, 2019
Page 2

    The Requests seek information that is neither legally nor factually relevant to the Defendants' adversary proceedings.[3] Defendants' unfounded allegations that the "Coribello Declarations" (as defined in the Letter) are inaccurate, or that they were procured by the Trustee with the knowledge they are inaccurate, are not true.

    The Coribello Declarations, made under penalty of perjury, state that "Bernard L. Madoff Investment Securities LLC ('BLMIS') maintained account numbers 140081703 and 6301428151509 (the 'accounts') at JPMorgan," which is entirely consistent with prior judicial admissions made by JPMorgan Chase Bank ("JPMorgan"). In its Answer to the Trustee's Amended Complaint, filed in October 2013, JPMorgan admitted that the 703 account was held in the name of Bernard L. Madoff Investment Securities, LLC. *See* Answer to Amended Complaint, Adv. Pro. No. 10-04932, ECF No. 27 at ¶ 200. This admission was made by JPMorgan years prior to the affirmations in the Coribello Declarations or this Court's 2016 decisions in the *Avellino* and *Mendelow*.[4] JPMorgan did not misrepresent the ownership of the account in its Answer. Defendants' allegations to the contrary are another example of Counsel's continuing presentment of filings and pleadings for improper purposes and for delay and to harass the Trustee and counsel for JPMorgan.

    JPMorgan has provided numerous custodian affidavits in these adversary proceedings, some of which are related to the bank accounts held by BLMIS, i.e. the Coribello Declarations, and others of which are related to bank accounts held by defendants in various adversary proceedings, i.e., the affidavits in Exhibit D to the Letter which certify records related to accounts held by the Nelsons. There is nothing nefarious in the difference between the forms.[5]

---

[3] There is no dispute that the transfers at issue are transfers of "customer property" as defined by SIPA. Similarly, there is no dispute that Bernard L. Madoff, the sole proprietorship, transferred all of its assets and liabilities to the LLC in 2001. *See* BLMIS' Jan. 12, 2001 Form BD, a copy of which is attached hereto as Ex. B.

[4] Defendants mischaracterize this Court's decisions in *Avellino* and *Mendelow*, neither of which involves a "good faith" defendant, like the Defendants here. Similarly, they are not applicable to these cases where the Trustee only seeks to avoid transfers during the Two-Year Period, and not to avoid transfers from a time where Bernard Madoff was operating as a sole proprietorship.

[5] Defendants' arguments regarding the "timing" of the declarations versus the affidavits are disingenuous and fundamentally flawed. The difference in the "form" of the affidavit and declarations relates to the holder of the account, BLMIS, as opposed to one of the defendants. Counsel for Defendants is well aware of this fact as she has received affidavits similar to those in Ex. D to the Letter dated in 2017, after this Court's decisions in *Avellino* and *Mendelow*. *See* Ex. C, JPMJABA0000001, the custodian of records affidavit for documents produced to the Trustee by JPMorgan in Adv. Pro. No. 10-05128, for a bank account held by JABA Associates, defendant in that adversary proceeding.

Honorable Stuart M. Bernstein
June 24, 2019
Page 3

      Additionally, the basis set forth in the Letter as support for the relevance of the communications between counsel is incorrect. Contrary to the allegations of surprise, the JPMorgan custodian of records was disclosed to Defendants in the Trustee's Initial Disclosures on or before December 21, 2015, and Defendants had over three years to seek discovery related to the custodian.

      Moreover, Ms. Chaitman, counsel for the Nelsons as well as the Defendants in the Letter, did not object to the admissibility of the Coribello Declarations or the affidavits in Exhibit D at the Nelsons' trial.[6] In addition, the Accounts' ownership is established through the monthly statements for the JPMorgan bank accounts, the testimony of Ms. Lisa Collura at the Nelsons' trial, and the statements by JPMorgan in its Answer to the Trustee's Amended Complaint, discussed above. As established by the Trustee's experts in the Nelsons' trial, for the pertinent period of time, the sole source of money in the 509 account was the 703 account, which was held by BLMIS, into which only customer funds were received. Thus, the funds in the 509 account were "customer property" as defined by SIPA, transferred by BLMIS to the Defendants and the Trustee has standing to recover those transfers. The Trustee's experts also testified, and the Trustee and Nelson defendants also entered into evidence, documents showing that the name on the bank statements for the JPMorgan accounts did change before the Two-Year Period for which the Trustee seeks to recover transfers. Contrary to the Defendants' assertions, the Nelson defendants did not prove either (1) that all checks were drawn on an account in the name of Bernard L. Madoff or (2) that all deposits were made into an account in the name of BLMIS.

      As the Defendants' Requests are untimely, irrelevant and improper and have no legal or factual support, this Court should deny Defendants' request to file a motion to compel. Further, Defendants' unprofessional allegations violate Rule 11 of the Federal Rules of Civil Procedure and sanctions are proper.

      Respectfully submitted,

      */s/ Dean D. Hunt*

      Dean D. Hunt
      Partner

cc:    Helen Davis Chaitman (*hchaitman@chaitmanllp.com*)

---

[6] *See* Transcript of Nelsons' Trial Day One, May 8, 2019, Adv. Pro. Nos. 10-04658 and 10-04377, at p. 33, ll. 1-15.