Hon. Judge Bernstein:

Declaration of Alan and Andrew Melton.

1. We have no current attorney of record representing us.
2. We are enclosed both the Diane Melton Trust as well as the continuation to the Ernest Melton trust after our mother passed away.
3. We are the sole Trustee's of the Trust.
4. We are the sole beneficiaries of the Trust. Any other parties named as beneficiaries have revoked their status in the attached notarized statements. **Alan's 3 adult children are between the ages of 35-43 years old and they opted out of their beneficiary status voluntarily so their father and uncle can represent themselves pro se because they believe as well that the Trustee's denial of the Diana Melton Trust was unjust.**
5. There are no creditors of the Diana Melton Trust - any payment was settled (attached to Assisted Care) and all attached documents as per standard procedure were posted in the local newspaper, where our parents had resided for many years.

Respectfully yours,

Alan Melton

Dated  6/21/19

Andrew Melton

Dated 6/21/19

## DIANA MELTON TRUST
(Third Amendment and Restatement)

WHEREAS, on March 25, 1986 I, DIANA MELTON, created the DIANA MELTON TRUST (the "trust"); and

WHEREAS, pursuant to Article I of the trust I reserved the right, from time to time, to alter, amend or revoke the trust, in whole or in part; and

WHEREAS, I amended and restated the trust on August 5, 1993, and thereafter amended it on December 19, 1995, and on December 23, 1997; and

WHEREAS, I amended and restated the trust a second time on October 29, 1998, and thereafter amended it on December 12, 2000, and on December 28, 2001; and

WHEREAS, in Article IV of the second amended and restated trust, I have the right to alter or amend the trust in any and every respect; and

WHEREAS, I desire to amend and restate the trust, in its entirety, a third time, in the manner hereinafter set forth.

NOW, THEREFORE, in consideration of the premises, I hereby amend and restate the trust as follows:

THIS IS A TRUST AGREEMENT to be known as the DIANA MELTON TRUST DATED MARCH 25, 1986, wherein I, DIANA MELTON, presently a resident of Broward County, Florida, am creating a trust under the terms of this instrument, with myself and my husband, ERNEST MELTON (my "husband" or my "spouse"), as Trustees. References in this instrument to my children or to a child are to my son, ALAN MELTON ("ALAN"), and my son, ANDREW MELTON ("ANDREW"). References in this instrument to ALAN's children or to a child of ALAN are to ALAN's son, MATTHEW MELTON, born on

MLT/207987.0001/N0577873_1            **ORIGINAL GIVEN TO CLIENT**

ADORNO & YOSS LLP
350 East Las Olas Boulevard • Suite 1700 • Fort Lauderdale, Florida 33301 • Telephone (954) 763-1200 • Facsimile (954) 766-7800

September 28, 1975 ("MATTHEW"), ALAN's daughter, RANDI MELTON, born on September 26, 1978 ("RANDI"), and ALAN's son, DAVID MELTON, born on December 25, 1983 ("DAVID"). ALAN and ANDREW are my only children, living or deceased.

WHEREAS, I am creating this trust to provide a method whereby the property now on deposit herein, or deposited in the future, may be preserved, administered and distributed for my benefit during my lifetime, and for the benefit of the successor beneficiaries named herein after my death.

NOW, THEREFORE, in consideration of the premises, the Trustees and I agree as follows:

1.   <u>Receipt by the Trustees</u>. The Trustees are currently holding property in this trust. At any time during the term of any trust created hereunder and from time to time, any person, including myself, may (a) convey, assign and deliver to the Trustees any property acceptable to them which property shall be held under the terms of this instrument, and (b) provide by will or by beneficiary designation for the payment to the Trustees of some or all of the assets of a probate or nonprobate estate. The Trustees agree to hold, manage and dispose of the property currently held, the property into which it shall be converted, all additional property received by them from any source, by will or otherwise, while I am alive, or upon my death, and all investments and reinvestments thereof (hereinafter collectively called "principal", "property", "trust fund" or "trust estate"), IN TRUST, for the uses and purposes hereinafter set forth.

ADORNO & YOSS LLP
350 East Las Olas Boulevard • Suite 1700 • Fort Lauderdale, Florida 33301 • Telephone (954) 763-1200 • Facsimile (954) 766-7800

2.    <u>Dispositive Provisions During My Lifetime</u>.

(a)    As long as I am acting as a Trustee, I have the right to withdraw any or all of the net income and principal of the trust.  Any net income not so withdrawn shall be added to principal.

(b)    If I am not acting as Trustee, I direct the other Trustees to distribute to me or apply for my benefit so much (including all) of the net income and principal of the trust as the other Trustees determine is necessary, from time to time, for my health, support and maintenance in the manner of living to which I am accustomed at the time I ceased serving as Trustee, taking into account my other income and other resources from all sources known to the other Trustees.  The other Trustees shall accumulate any undistributed net income and add same to principal.  The other Trustees shall be prohibited from the discretionary distribution or application of any portion of the principal or net income of the trust to the extent such distribution or application results in the satisfaction, in whole or in part, of any obligation of support imposed upon another Trustee by operation of law.

3.    <u>Right to Amend or Revoke</u>.  While I am alive, I retain the right, exercisable at any time and from time to time by written instrument signed by me and delivered to the Trustees, to amend this trust in any respect whatsoever, including changing the identity of the beneficiaries, their respective shares, and the plan of distribution, and to revoke this trust, in its entirety, or any provision herein.  The powers retained herein are personal to me and may not be exercised by my guardian, attorney in fact, or others.  This trust shall become irrevocable at my death, and the provisions of the trust in effect at my death shall

ADORNO & YOSS LLP
350 East Las Olas Boulevard · Suite 1700 · Fort Lauderdale, Florida 33301 · Telephone (954) 763-1200 · Facsimile (954) 766-7800

govern the administration and distribution of the assets contained therein and added thereto as a result of my death.

4.    Rights and Duties Relating to Arrangements Paying Death Benefits.

(a)    At any time and from time to time during the term of this trust, any person, including myself, may designate the trust as the beneficiary of (1) death benefits payable by one or more insurance policies on my life or on the life of any other person (hereinafter a "Policy" or "Policies"); or (2) Retirement Benefits (as defined in Section 9(f)) payable from a Retirement Plan (as defined in Section 9(f)) on account of my death or the death of another.    However, notwithstanding such designation (1) no such Policy, Retirement Benefits or Retirement Plan shall become an asset of the trust unless its owner has assigned all of his or her ownership rights to the trust by a written instrument; (2) the owner reserves the right to change the beneficiary of the Policy, the Retirement Benefits or the Retirement Plan at any time and from time to time, to someone other than or in addition to the trust; (3) the Trustees shall have no obligation to pay, nor shall the Trustees be obligated to collect from anyone else, any premiums, assessments or charges with respect to such Policies, Retirement Benefits or Retirement Plan; and (4) the Trustees shall have no obligation to renew or keep such Policy, Retirement Benefits or Retirement Plan in force, nor shall the Trustees be obligated to require anyone else to renew or keep such Policy, Retirement Benefits or Retirement Plan in force.

(b)    Upon the death (1) of an insured under a Policy, or (2) the owner or the participant due  Retirement Benefits from the Retirement Plan, the Trustees shall demand and collect from the Payor (as hereinafter defined) all of the proceeds (1) of any Policies payable to the trust, and (2) of any Retirement Benefits payable to the trust

MLT/207987.0001/N0577873_1                    4



(hereinafter collectively referred to as the "Death Benefits"). The Trustees need not institute legal action to collect Death Benefits without indemnification satisfactory to them for any attorney fees and other related expenses that may be incurred by them. The Trustees shall be entitled to reimbursement from the principal of the trust for all reasonable expenses incurred by them in seeking to enforce the payment of Death Benefits to the trust.

(c)     No insurance company, trustee or custodian of any Retirement Plan, or other payor of Death Benefits (collectively the "Payor") shall be responsible for the application of the proceeds paid by it to the trust. Payment to the trust shall completely discharge the Payor.

5.     <u>Grant of General Power of Appointment to My Spouse</u>.

(a)     If my spouse dies before me, then upon his death, if he is less than age 115 years, I direct the Trustees to distribute from the assets of this trust an amount (hereinafter defined) to such one or more persons (including my spouse's estate) on such terms as my spouse may appoint by will, specifically referring to this power of appointment.

(b)     The amount referred to above shall equal the lesser of:

(1)     all trust assets held at the time of my spouse's death; or

(2)     a fractional share of all trust assets held at the time of my spouse's death, which shall be the amount, if any, by which (A) the Unused Applicable Exclusion Amount (hereinafter defined) of my spouse exceeds (B) the value of my spouse's taxable estate (determined by excluding the value of the property subject to this general power of appointment).

ADORNO & YOSS LLP
350 East Las Olas Boulevard • Suite 1700 • Fort Lauderdale, Florida 33301 • Telephone (954) 763-1200 • Facsimile (954) 766-7800



(c)    If the lesser of (1) or (2) is (2), and at the date of my spouse's death, the Trustees hold property that would represent the right to income in respect of a decedent within the meaning of Section 691 of the Internal Revenue Code of 1986, as amended or as hereafter amended, then the power of appointment hereby granted to my spouse shall be applied first to property that does not represent the right to income in respect of a decedent, and shall be exercisable with respect to property that does represent the right to income in respect of a decedent only to the extent necessary to permit my spouse to be able to exercise the power in full to the extent of the lesser of (1) or (2).

(d)    My spouse's Unused Applicable Exclusion Amount means the largest taxable estate my spouse could have at the time of his death without incurring any federal estate tax.

(e)    To the extent the power of appointment granted herein is not effectively exercised by my spouse, I direct the Trustees to distribute the property subject to the power to the personal representative of my spouse's estate to become a part thereof.

6.    <u>Dispositive Provisions Upon My Death</u>.

(a)    Upon my death, the Trustees shall continue to hold the trust property, together with all additions thereto, if any, from whatever source, as a single trust and shall pay to or apply for the benefit of my spouse, for his lifetime, all of the net income of the trust, quarter-annually or more frequently, as determined by the Trustee.

(b)    The Trustees may also pay to my spouse, or apply for his benefit, so much or all of the principal of the trust as the Trustees shall determine to be necessary,

MLT/207987.0001/N0577873_1                    6

ADORNO & YOSS LLP
350 East Las Olas Boulevard • Suite 1700 • Fort Lauderdale, Florida 33301 • Telephone (954) 763-1200 • Facsimile (954) 766-7800



from time to time, for my spouse's health, support and maintenance, in the manner of living to which my spouse is accustomed at the time of my death, taking into account his other income and other resources, from all sources known to the Trustees. The Trustees shall charge any principal distributed to my spouse or for his benefit, first against the principal of any trust held hereunder which is includable in my spouse's gross estate, and when the principal of such trust is exhausted, against the principal of the other trusts held hereunder.

(c)    Upon the death of my spouse after my death, the Trustees shall distribute the remainder or all, as the case may be, of the principal of this trust to or for the benefit of such person or persons out of a class composed of my children, spouses of living or deceased children, and issue of living or deceased children, in such estates, interests and proportions, in trust or outright, in whole or in part, as my spouse may designate by his will specifically referring to this instrument. Notwithstanding the foregoing, this power of appointment shall not be exercisable in favor of, or for the benefit of, my spouse, his estate, his creditors or creditors of his estate, or for the purpose of discharging his legal obligations. The Trustee shall distribute the principal of this trust not effectively appointed as provided in subsection (d) of this Section.

(d)    Upon my death, if my spouse shall not survive me (or as to the principal of this trust not effectively appointed as provided in subsection (c) of this Section), the Trustees shall divide the remainder or all, as the case may be, of the principal of this trust, together with all additions thereto, if any, from whatever source derived, into two (2) shares, equal in value, to be known as Share A and Share B. The Trustees shall distribute Share A to ANDREW, if then living, but if not, to ANDREW's then living issue, per stirpes

ADORNO & YOSS LLP
350 East Las Olas Boulevard • Suite 1700 • Fort Lauderdale, Florida 33301 • Telephone (954) 763-1200 • Facsimile (954) 766-7800

and in fee. The Trustees shall distribute Share B to ALAN's children, per stirpes and in fee.

7. <u>Successor Trustees</u>.

(a)    My spouse and I are Trustees of the trust. If one of us shall die, resign or become incapable of serving as Trustee, I appoint ALAN and ANDREW to serve as Co-Trustees with the remaining initially named Trustee. Thereafter, if any one of the incumbent Trustees shall fail or cease to serve for any reason, the remaining Trustees shall continue to serve. If ALAN and ANDREW shall fail or cease to serve as Trustees for any reason and my spouse is then the sole Trustee, I name my nephew, DONALD KAUFMAN ("DONALD"), to serve as Co-Trustee with my spouse. If all of my spouse and children shall fail or cease to serve as Trustee for any reason, then DONALD shall serve as sole Trustee.

(b)    A Trustee shall be treated as unable to act if he or she suffers from a physical or mental incapacity. Such a determination shall be made by two (2) board certified medical doctors practicing in the county of the Trustee's residence or in an adjoining county, who examine the Trustee and set forth in writing their conclusion that by reason of accident, physical or mental illness, progressive or intermittent physical or mental deterioration, or other similar cause, the Trustee is not capable of acting rationally and prudently in the conduct of business affairs.

(c)    Any Trustee may resign at any time without cause upon delivery of not less than ten (10) days written notice to me, if I am alive, and if not, to my spouse and to my then living children.

ADORNO & YOSS LLP
350 East Las Olas Boulevard • Suite 1700 • Fort Lauderdale, Florida 33301 • Telephone (954) 763-1200 • Facsimile (954) 766-7800

(d)     The last acting Trustee for whom no successor is designated may, pursuant to a written instrument executed by him or her (which he or she may alter or supersede from time to time), acknowledged in the same manner as is then required to record deeds of real estate in the State of Florida, designate one or more persons (and may fix the order in which such persons shall serve) as Trustee in the event he or she shall cease to act as Trustee hereunder for any reason whatsoever.

(e)     Every Successor Trustee shall have all the powers given to the originally named Trustee.  No Successor Trustee shall be under a duty to examine, verify, question or audit the books or accounts or transactions of the Trustee succeeded, nor shall any Successor Trustee have any responsibility for any act or omission of such predecessor.  Upon acceptance of the appointment by any Successor Trustee, the departing Trustee shall pay over, deliver, assign or convey to the Successor Trustee all the trust property and make a full and proper accounting to the current permissible income beneficiaries (which accounting may be waived by the current permissible income beneficiaries), whereupon the departing Trustee shall have no further responsibility.

(f)     The parent or guardian of a minor beneficiary shall receive notice and have the authority to act for such minor beneficiary under the provisions of this Section.

8.     <u>Provisions Relating to the Trust and to the Trustees</u>.

(a)     A beneficiary's interest in the trust fund may not be pledged, assigned, sold, transferred, alienated, encumbered or anticipated by such beneficiary in any way; nor shall any such interest in any manner be liable for or subject to the debts, liabilities or obligations of such beneficiary or claims of any sort, including those claims of any beneficiary's spouse against such beneficiary.  This provision shall not limit the exercise

MLT/207987.0001/N0577873_1                    9



of any power of appointment.  Nothing set forth herein shall restrict the exercise of a disclaimer.

(b)    No bond or surety shall be required of any Trustee or any successor Trustee who shall serve hereunder.

(c)    No one dealing with any Trustee need inquire concerning the validity of anything such Trustee purports to do or see to the application of any money paid or property transferred to or upon the order of such Trustee.  A third person (1) may assume the valid exercise of trust powers by any Trustee, and (2) may rely upon the assertion of anyone claiming to be the Trustee of this trust and authorized to act on its behalf, if such third person receives an affidavit signed by the purported Trustee stating that he or she is the Trustee of the trust and is authorized to act on its behalf.

(d)    The Trustees shall distribute any amounts due a beneficiary directly to such beneficiary, except if the Trustees determine the beneficiary is incapacitated (whether or not adjudicated by a court as such), the Trustees may (1) distribute the amount directly to the beneficiary or to the beneficiary's attorney-in-fact; (2) cause the distribution to the beneficiary by making a direct payment of such beneficiary's debts or expenses; or (3) distribute such amount to the beneficiary's guardian, to one or both of the beneficiary's parents, or to any other person who shall have the care and custody of the person of such beneficiary.  There shall be no duty to see to the application of the amounts so paid, and the receipt of such person shall be a full discharge of the Trustees with respect thereto.

(e)    If a beneficiary is under age twenty-one years (a "minor"), and the Trustees desire or are required to distribute an amount to the minor, the Trustees may (1) distribute the amount directly to the minor; (2) cause the distribution to the minor by making

ADORNO & YOSS LLP
350 East Las Olas Boulevard • Suite 1700 • Fort Lauderdale, Florida 33301 • Telephone (954) 763-1200 • Facsimile (954) 766-7800



a direct payment of such minor's debts or expenses; (3) distribute such amount to the minor's guardian, to one or both of the minor's parents, or to any other person who shall have the care and custody of the person of such minor; or (4) establish a custodianship for the minor under a Uniform Transfers or Gifts to Minor's Act under the laws of any jurisdiction, with the Trustees having the power to name the custodian which may be one of the Trustees. There shall be no duty to see to the application of the amounts so paid, and the receipt of such person shall be a full discharge of the Trustees with respect thereto.

(f)     The Trustees shall be permitted to hold, manage, invest and account for the separate trusts in one or more consolidated funds, in whole or in part, as the Trustees may determine. The division into several trusts comprising each consolidated fund need be made only on the Trustees' books of account, in which each trust shall be allotted its proportionate part of the principal and income of the fund and charged with its proportionate part of the expenses of the fund. No such holding, however, shall defer the vesting in possession of any estate created under this instrument.

(g)     If at any time the Trustees are trustees of two or more trusts, with substantially the same terms and benefitting the same individual, created hereunder or under any other instrument by me or by any other person, the Trustees may commingle the assets of such trusts and hold them as a single trust.

(h)     As to a power of appointment granted to a beneficiary, the Trustees may rely upon and shall be protected in acting in accordance with (1) an instrument admitted to probate as the beneficiary's will in any jurisdiction, or (2) a presumption that the beneficiary died without exercising said power of appointment in the event the Trustees

MLT/207987.0001/N0577873_1

11

ADORNO & YOSS LLP
350 East Las Olas Boulevard · Suite 1700 · Fort Lauderdale, Florida 33301 · Telephone (954) 763-1200 · Facsimile (954) 766-7800



receive no notice of the existence of a will of the beneficiary within a period of six (6) months from the beneficiary's death; provided, however, this protection to the Trustees shall not limit or qualify a power of appointment or the rights of any person to pursue the funds affected by the exercise thereof, irrespective of the place of probate or the time of discovery of the will.

(i)    The Trustees of this trust may have duties and responsibilities in addition to those described herein. I authorize and recommend that any Trustee seek legal advice if he or she has any questions. I authorize the use of trust funds to pay the reasonable costs of such legal advice.

(j)    A Trustee who is a beneficiary of any trust created herein shall never possess any power or discretion that is "conclusive", "absolute", or "uncontrolled", with respect to the exercise or non-exercise of such power or discretion under the trust; and such Trustee's power or discretion in that regard shall at all times be exercised or not exercised in a reasonable manner, be limited by a reasonably definite standard, and shall be subject to review and judicial scrutiny.

9.    <u>Powers of the Trustees.</u>

(a)    The Trustees shall be governed by the provisions of Section 737.402 and Chapter 738 of the Florida Statutes that are not in conflict with this instrument and shall have all additional powers and protections granted by statute to trustees at the time of application that are not in conflict with this instrument. Such powers and protections shall be in addition to those powers and protections granted elsewhere in this instrument. Further, the Trustees shall have the following powers:

ADORNO & YOSS LLP
350 East Las Olas Boulevard · Suite 1700 · Fort Lauderdale, Florida 33301 · Telephone (954) 763-1200 · Facsimile (954) 766-7800

(1)    to retain assets received from my estate even though a Trustee may be personally interested in such assets and even though such assets are not permissible for investment of funds under this instrument;

(2)    to acquire, protect, conserve, and to sell, or to lease, or to encumber, or otherwise to manage and dispose of real property or any right or interest therein, and in connection therewith to execute any appropriate document, whether it be a deed, bill of sale, contract, option, lease, note or mortgage, all without the consent of any trust beneficiary;

(3)    to invest and reinvest the trust property and in pursuit thereof to open and maintain accounts, to buy and sell bonds, stocks, mortgages, notes, bank deposits, options, futures, limited partnership interests, shares of registered investment companies, United States Government securities, United States agency securities, municipal securities, and real estate investment trusts, or other property of any kind, real or personal, domestic or foreign;

(4)    to sell at public or private sale, contract to sell, convey, exchange, transfer and otherwise deal with the trust property and any reinvestments thereof, and to sell covered call options, from time to time, for such price and upon such terms as the Trustees determine, all without the consent of any trust beneficiary;

(5)    to make any deposits and withdrawals from any bank, brokerage, or mutual fund account, and the right and power to sign checks on any bank, brokerage or mutual fund account;

(6)    to distribute income and principal in cash or in kind, or partly in each, and to allocate or distribute undivided interests or different assets or disproportionate

ADORNO & YOSS LLP
350 East Las Olas Boulevard • Suite 1700 • Fort Lauderdale, Florida 33301 • Telephone (954) 763-1200 • Facsimile (954) 766-7800

interests in assets, and no adjustment shall be made to compensate for a disproportionate allocation of unrealized gain for federal income tax purposes; to value the trust property and to sell any part or all thereof in order to make allocations or distributions;

(7)     to invest the assets of any share or trust where some or all of the net income is payable to my spouse with a view toward maximizing the income thereof with minimal risk to principal and with little or no concern as to the growth of the principal; and

(8)     to invest any part or all of the trust assets in any common trust fund which may be established and operated by and under the control of a Trustee.

(b)     Notwithstanding the foregoing, the provisions set forth elsewhere in this instrument  shall apply with respect to the distribution of any sums payable to a beneficiary under the age of twenty-one (21) years.

(c)     If my spouse and I are the only incumbent Trustees, then each and every power granted herein to the Trustees may be exercised by either of us, without the consent, joinder, approval or signature of the other.  If my spouse or I is serving as Co-Trustee with either or both of my children, then each and every power granted herein to the Trustees may be exercised by my spouse or me, without the consent, joinder, approval or signature of any other Trustee.  However, if my spouse or I is alive, but becomes incapable of serving as Trustee, then each and every power granted herein to the Trustees shall be exercised by them unanimously.

(d)     No Trustee may terminate any trust pursuant to subsection (3) of Section 737.402 of the Florida Statutes, as currently in effect or as hereafter amended.

ADORNO & YOSS LLP
350 East Las Olas Boulevard • Suite 1700 • Fort Lauderdale, Florida 33301 • Telephone (954) 763-1200 • Facsimile (954) 766-7800



(e)     A Trustee shall be prohibited from the discretionary distribution or application of any portion of the principal or income of any trust created herein to the extent such distribution or application results in the satisfaction, in whole or in part, of any obligation of support imposed upon the Trustee by operation of law.

(f)     (1)     The provisions of this subsection shall apply if a trust created by this instrument is a beneficiary of Retirement Benefits, notwithstanding any other provisions of this instrument to the contrary.

(2)     The term "Retirement Benefit" or "Retirement Benefits" means any benefit or amount that is payable to the trust under an individual retirement account ("IRA") as defined in Section 408; a Roth IRA as defined in Section 408(A); a "deemed" IRA or Roth IRA under Section 408(q); an annuity or mutual fund custodial account under Section 403(b); a pension, profit sharing, stock bonus or other retirement plan that is qualified under Section 401(a); any other retirement plan or arrangement that is subject to the "minimum distribution rules" of Section 401(a)(9), or equivalent rules under any other Code section; any annuity; or any plan or arrangement of deferred compensation for services. The plan, trust, account or arrangement under which any Retirement Benefit is payable to the trust is referred to as a "Retirement Plan". All section references are to the Internal Revenue Code of 1986.

(3)     Subsequent to the Designation Date, I direct that Retirement Benefits not be used to pay my debts or the expenses of administering my estate or the trust, to satisfy any claims against my estate, or to pay estate, inheritance or similar transfer taxes due on account of my death. The Designation Date is the September 30 of the year following the year of my death.

ADORNO & YOSS LLP
350 East Las Olas Boulevard • Suite 1700 • Fort Lauderdale, Florida 33301 • Telephone (954) 763-1200 • Facsimile (954) 766-7800

(4)    I grant the Trustees the power to exercise, in such manner as the Trustees shall determine, the rights granted to beneficiaries under the terms of the Retirement Plan, including but not limited to the right to postpone or accelerate the date when the trustee, custodian, or other holder of the proceeds for my benefit under the Retirement Plan shall pay such proceeds to the trust.

(5)    In each year, the Trustees shall withdraw from the Retirement Plan the minimum required distribution under Code Section 401(a)(9) and the applicable regulations issued thereunder, determined for such year, computed based on the life expectancy of the trust beneficiary determined on the Designation Date. The Trustees shall immediately distribute 100% of the required amount withdrawn to the trust beneficiary, identified on the date of the withdrawal. Further, the Trustees shall immediately distribute 100% of any additional Retirement Benefits withdrawn from Retirement Plans by the Trustees to the trust beneficiary identified on the date of the withdrawal. However, subject to compliance with the rules governing minimum required distributions, nothing set forth herein shall require the Trustees to withdraw any Retirement Benefits from any Retirement Plan, or shall grant the beneficiary the right to compel the Trustees to withdraw any Retirement Benefits on deposit or credited to a Retirement Plan.

(6)    It is my intent that Retirement Benefits held by or payable to the trust be distributed to or held only for individual beneficiaries within the meaning of Code Section 401(a)(9) and the applicable regulations.

(7)    When my spouse and I are both deceased, the Trustees shall allocate all Retirement Benefits held by or added to the trust equally, among each of the shares created herein.

MLT/207987.0001/N0577873_1                      16

(g)   I grant the Trustees the right to sever any trust on a fractional basis into two or more separate and identical trusts for any reason, or to segregate by allocation to a separate account or trust a specific amount from, a portion of, or specific assets included in, the trust property of any trust.   Income earned on a segregated amount, portion, or specific asset after the segregation is effective passes with the amount, portion, or assets segregated.   Except as otherwise provided herein, each separate trust must be held and administered upon the identical terms and conditions of the trust from which it was severed.   However, the Trustees may take into consideration differences in federal tax attributes and other pertinent factors in administering the trust property of any separate account or trust, in making applicable tax elections, and in making distributions.   The severed trusts shall be considered identical notwithstanding that the remainder beneficiaries of the trusts are not identical.   A separate trust created by severance shall be treated as a separate trust for all purposes from the date on which the severance is effective; however, the effective date of the severance may be retroactive to a date before the date on which the Trustees exercise such power.

10.   <u>Presumption of Survivorship</u>.   If any beneficiary and I should die under circumstances creating any doubt as to the order of our deaths, it shall be presumed for purposes of this instrument that the beneficiary predeceased me; however, if my spouse and I should die under these circumstances, my spouse shall be presumed to have survived me for purposes of this instrument.

11.   <u>Governing Law</u>.   I intend that this instrument shall be construed and regulated in all respects by the laws of the State of Florida.

ADORNO & YOSS LLP
350 East Las Olas Boulevard • Suite 1700 • Fort Lauderdale, Florida 33301 • Telephone (954) 763-1200 • Facsimile (954) 766-7800

12.    <u>Construction</u>.

(a)    All words used in this instrument in any gender or number shall extend to or include all genders and numbers when the context so requires, and any pronoun shall be taken to refer to the person or persons intended regardless of gender or number. I also intend that the term "Trustees" or "Trustee" whenever used in this instrument shall be construed as referring to the Trustees or Trustee for the time being in office.

(b)    There is only one signed original of this instrument. Anyone may rely on a copy of it as if such copy were the signed original if the copy bears a reproduction of my signature, the signature of the Trustees, the witnesses, and the notary public.

(c)    A direction to make a distribution, <u>per stirpes</u>, shall mean that the required <u>per stirpital</u> division shall be made at the earliest generation having living representatives.

(d)    The terms "person" or "persons" includes individuals and entities.

(e)    A legally adopted child (and any issue of that child) will be regarded as the issue of the adopting parent only if the application for adoption was filed with the court before the child's thirteenth (13th) birthday. If the legal relationship between the parent and child is terminated by a court while the parent is alive, that child and that child's issue will not be regarded as issue of that parent. If a parent dies and the legal relationship with that deceased parent's child had not been terminated before that parent's death, the deceased parent's child and that child's issue will continue to be regarded as issue of the deceased parent even if the child is later adopted by another person.

(f)    The terms, "health", "support", and "maintenance", are intended to set forth an ascertainable standard, as described in the Internal Revenue Code and its

ADORNO & YOSS LLP
350 East Las Olas Boulevard • Suite 1700 • Fort Lauderdale, Florida 33301 • Telephone (954) 763-1200 • Facsimile (954) 766-7800



associated regulations. To the extent not inconsistent with the foregoing, "health" means a beneficiary's physical and mental health, including but not limited to payments for examinations, surgical, dental or other treatment, medication, counseling, hospitalization and health insurance premiums.

13. <u>Acceptance</u>. By signing this instrument, the Trustees acknowledge that they are holding assets in trust, accept the office of Trustee and the trust herein created, and agree to be bound as such Trustees by the terms and provisions of this instrument.

IN WITNESS WHEREOF, ERNEST MELTON and I have signed this instrument and declared it to be the third amendment and restatement of the DIANA MELTON TRUST DATED MARCH 25, 1986, in the presence of the persons witnessing it at our request on _____1/8/05_____ at Fort Lauderdale, Florida.

_____          _____
ERNEST MELTON, Trustee             DIANA MELTON, Grantor and Trustee

The foregoing instrument was signed by DIANA MELTON, in her capacity as Grantor and in her capacity as Trustee, and by ERNEST MELTON in his capacity as Trustee, and declared by them to be the third amendment and restatement of the DIANA MELTON TRUST DATED MARCH 25, 1986, in our presence, and we, at their request, and in their presence, and in the presence of each other, have hereunto signed this instrument as witnesses on ___12|8|05___ at Fort Lauderdale, Florida.

_____          _____
Print Name: Elinor F. Levine       Print Name: Kerri A FrancoNetec

ADORNO & YOSS LLP
350 East Las Olas Boulevard • Suite 1700 • Fort Lauderdale, Florida 33301 • Telephone (954) 763-1200 • Facsimile (954) 766-7800

STATE OF FLORIDA          )

COUNTY OF BROWARD   )

The foregoing instrument was acknowledged before me on 12/8/05 by

DIANA MELTON, as Grantor and as Trustee, to me personally known.



Michael L. Trop, Notary Public

MICHAEL L. TROP
MY COMMISSION # DD 393553
EXPIRES: April 10, 2009
Bonded Thru Budget Notary Services

STATE OF FLORIDA          )

COUNTY OF BROWARD   )

The foregoing instrument was acknowledged before me on 12/8/05 by

ERNEST MELTON, as Trustee, to me personally known.



Michael L. Trop, Notary Public

MICHAEL L. TROP
MY COMMISSION # DD 393553
EXPIRES: April 10, 2009
Bonded Thru Budget Notary Services

MLT/207987.0001/N0577873_1

20

I, David Melton, disclaim all interest as a Beneficiary, in the Diana Melton Trust (Third Amendment March 25, 1986) and dated 12/8/05 and Estate of Diana Melton and disclaim all interests as a Beneficiary in the the subsequent Fourth Amendment and Restatement of the Ernest Melton Trust March 25, 1986, dated 9/21/07, as a member of the Group (Share B), and Estate of Ernest Melton, after my grandmother , Diana Melton passed away in 2007.

_____
David Melton (spelled out)

_____
David Melton (signature)

5/29/19
_____
Date Signed


_____
Notary

5/29/19
_____
Date

Stamp:

KATHRYN GOLDFINE
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires 08/09/2024

I, Randi Melton, disclaim all interest as a Beneficiary, in the Diana Melton Trust (Third Amendment March 25, 1986) and dated 12/8/05 and Estate of Diana Melton and disclaim all interests as a Beneficiary in the subsequent Fourth Amendment and Restatement of the Ernest Melton Trust March 25, 1986, dated 9/21/2007, as a member of the Group (Share B), and Estate of Ernest Melton, after my grandmother , Diana Melton passed away in 2007.


_Randi Melton_____          _5/28/19_____

Randi Melton              (spelled out)                Date Signed


_____
Randi Melton           (signature)

                                                          John Thomas Malinowski
                                                          Notary Public, State of New York
                                                          No. 01MA6356458
                                                          Qualified in New York County
                                                          Commission Expires 04/03/2021

I, Matthew Melton, disclaim all interest as a Beneficiary, in the Diana Melton Trust (Third Amendment March 25, 1986) and dated 12/08/2005 and Estate of Diana Melton and disclaim all interests as a Beneficiary in the the subsequent Fourth Amendment and Restatement of the Ernest Melton Trust March 25, 1986, dated 9/21/2007 as a member of the Group (Share B), and Estate of Ernest Melton, after my grandmother , Diana Melton passed away in 2007.


*Matthew Melton*                                    5/24/19
Matthew Melton (spelled out)                         Date Signed

*[signature]*
Matthew Melton (signature)


*See CA Jurat attached K.N.*                          5/24/2019
Notary                                               Date


Stamp:

## CALIFORNIA JURAT WITH AFFIANT STATEMENT      GOVERNMENT CODE § 8202

☑ See Attached Document (Notary to cross out lines 1–6 below)
☐ See Statement Below (Lines 1–6 to be completed only by document signer[s], *not* Notary)

_____    _____
*Signature of Document Signer No. 1*        *Signature of Document Signer No. 2 (if any)*

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of Los Angeles

Subscribed and sworn to (or affirmed) before me

on this __24th__ day of ____May____, 20_19_,
             Date                        Month                    Year

by

(1)_____Matthew Melton_____

(and (2)_____ ),
             *Name(s) of Signer(s)*

proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Signature _____
                        *Signature of Notary Public*

KRISZTIAN NAGY
Notary Public - California
Los Angeles County
Commission # 2267940
My Comm. Expires Nov 20, 2022

*Place Notary Seal Above*

────────────── **OPTIONAL** ──────────────

*Though this section is optional, completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**
Title or Type of Document: *Matthew Melton Letter*        Document Date: _5/24/2019_
Number of Pages: _____  Signer(s) Other Than Named Above: _____

©2014 National Notary Association • www.NationalNotary.org • 1-800-US NOTARY (1-800-876-6827)    Item #5910

## ADORNO & YOSS
### A LIMITED LIABILITY PARTNERSHIP

350 EAST LAS OLAS BOULEVARD, SUITE 1700
FORT LAUDERDALE, FLORIDA 33301-4217
PHONE: (954) 763-1200, FAX: (954) 766-7800
WWW.ADORNO.COM

MICHAEL L. TROP

DIRECT LINE:   (954) 766-7802
DIRECT FAX:    (954) 766-7800
EMAIL: mtrop@adorno.com

July 16, 2007

Clerk of the Circuit Court
Broward County Courthouse
Probate Division
201 SE Sixth Street, Room 252
Fort Lauderdale, FL 33301

Re:    **Estate of Diana Melton**
       **File No. 07-2518(63)**

Gentlemen:

We enclose the following documents for filing:

1.    Notice to Creditors.

2.    Proof of Publication of Notice to Creditors.

3.    Proof of Service of notice to creditors and death certificate of the Agency for Health Care Administration with a copy of the green card attached to it.

Very truly yours,

Michael L. Trop

MLT/efl
Enclosures

CALIFORNIA   FLORIDA   GEORGIA   ILLINOIS   MASSACHUSETTS   NEW JERSEY   NEW YORK   TEXAS   WASHINGTON, D.C.

MLT/207987.0003/N0663733_1

IN THE CIRCUIT COURT FOR BROWARD COUNTY, FLORIDA

IN RE: ESTATE OF        PROBATE DIVISION

DIANA MELTON,           File No.   07-2518

                   Division: 63

       Deceased.

### NOTICE TO CREDITORS

The administration of the estate of Diana Melton, deceased, whose date of death was May 3, 2007, is pending in the Circuit Court for Broward County, Florida, Probate Division, the address of which is 201 SE Sixth Street, Room 252, Fort Lauderdale, FL 33301.  The names and addresses of the personal representative and the personal representative's attorney are set forth below.

All creditors of the decedent and other persons having claims or demands against decedent's estate on whom a copy of this notice is required to be served must file their claims with this court WITHIN THE LATER OF 3 MONTHS AFTER THE TIME OF THE FIRST PUBLICATION OF THIS NOTICE OR 30 DAYS AFTER THE DATE OF SERVICE OF A COPY OF THIS NOTICE ON THEM.

All other creditors of the decedent and other persons having claims or demands against decedent's estate must file their claims with this court WITHIN 3 MONTHS AFTER THE DATE OF THE FIRST PUBLICATION OF THIS NOTICE.

ALL CLAIMS NOT SO FILED WITHIN THE TIME PERIODS SET FORTH IN SECTION 733.702 OF THE FLORIDA PROBATE CODE WILL BE FOREVER BARRED.

NOTWITHSTANDING THE TIME PERIOD SET FORTH ABOVE, ANY CLAIM FILED TWO (2) YEARS OR MORE AFTER THE DECEDENT'S DATE OF DEATH IS BARRED.

The date of first publication of this notice is JUNE 7, 2007

Michael L. Trop, Esq.
Attorney for the Personal Representative
Florida Bar No. 152869
Adorno & Yoss LLP
Suite 1700
350 East Las Olas Boulevard
Fort Lauderdale, FL 33301
Telephone: (954) 766-7802

Ernest Melton
Personal Representative
6102 Loquat Circle
Tamarac, FL 33319

MLT/207987.0001/N0659075_1

IN THE CIRCUIT COURT FOR BROWARD COUNTY,
FLORIDA

IN RE: ESTATE OF              PROBATE DIVISION

DIANA MELTON,                 File No.  07-2518

                              Division:  63

        Deceased.

## PROOF OF SERVICE OF NOTICE TO CREDITORS AND DEATH CERTIFICATE
## ON THE AGENCY FOR HEALTH CARE ADMINISTRATION

I CERTIFY that on June 18, 2007, a copy of the notice to creditors and a copy of decedent's death certificate was mailed by United States certified mail, return receipt requested, postage prepaid, or was delivered in a manner permitted by Fla. Prob. R. 5.040, to Health Management Systems, Inc., as contract representative for the State of Florida Agency for Health Care Administration, 2002 Old St. Augustine Road, Suite E-42, Tallahassee, Florida 32301.

Signed receipt or other evidence that delivery was made to, or refused by, the addressee or the addressee's agent is attached hereto.

Under penalties of perjury, I declare that I have read the foregoing, and the facts alleged are true, to the best of my knowledge and belief.

Signed on <u>July 16, 2007</u>

_____
Michael L. Trop, Esq.
Florida Bar No. 152869
Attorney for the Personal Representative
Adorno & Yoss LLP
350 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, Florida 33301
(954) 766-7802

MLT/207987.0003/N0661190_1

IN RE: ESTATE OF DIANA MELTON
FILE NO.: 07-2518(63)

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>**X** ☐ Agent ☐ Addressee<br>B. Received by (*Printed Name*)    C. Date of Delivery |
| 1. Article Addressed to:<br><br>Health Management<br>Systems, Inc.<br>2002 Old St. Augustine Road<br>Suite E-42<br>Tallahassee, FL 32301 | D. Is delivery address different from item 1?  ☐ Yes<br>If YES, enter delivery address below:  ☐ No<br>**Received By HMS**<br>**JUN 20 2007**<br><br>3. Service Type<br>☒ Certified Mail  ☐ Express Mail<br>☐ Registered  ☐ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D.<br>4. Restricted Delivery? (*Extra Fee*)  ☐ Yes |
| 2. Article Number<br>(*Transfer from service label*) | 7006 0810 0003 3025 7824 |

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

---

**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

7006 0810 0003 3025 7824

For delivery information visit our website at www.usps.com®

Mailed 6/18/07 Estate of SE Diana Melton

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee<br>(Endorsement Required) | |
| Restricted Delivery Fee<br>(Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

Sent To Health Management Systems, Inc.
Street, Apt. No.; 2002 Old St. Augustine Road
or PO Box No. Suite E-42
City, State, ZIP+4 Tallahassee, FL 32301

PS Form 3800, June 2002        See Reverse for Instructions

# BROWARD DAILY BUSINESS REVIEW

Published Daily except Saturday, Sunday and
Legal Holidays
Ft. Lauderdale, Broward County, Florida

STATE OF FLORIDA
COUNTY OF BROWARD:

Before the undersigned authority personally appeared
S. THOMAS, who on oath says that he or she is the
ADMINISTRATIVE ASSISTANT, of the Broward Daily Business
Review f/k/a Broward Review, a newspaper
published at Fort Lauderdale, in Broward
County, Florida; that the attached copy of advertisement,
being a Legal Advertisement of Notice in the matter of

07-2518
NOTICE TO CREDITORS IN RE:  ESTATE OF
DIANA MELTON, DECEASED

in the  CIRCUIT        Court,
was published in said newspaper in the issues of

06/07/2007 06/14/2007

Affiant further says that the said Broward Daily Business
Review is a newspaper published at Fort Lauderdale, in said
Broward County, Florida and that the said newspaper has
heretofore been continuously published in said Broward County,
Florida and has been entered as second class mail matter at the post
office in Fort Lauderdale in said Broward County, Florida, for a
period of one year next preceding the first publication of the
attached copy of advertisement; and affiant further says that he or
she has neither paid nor promised any person, firm or corporation
any discount, rebate, commission or refund for the purpose
of securing this advertisement for publication in the said
newspaper.

*S. Thomas* (signature)

Sworn to and subscribed before me this

14  day of JUNE          , A.D.  2007

(signature)

(SEAL)

S. THOMAS personally known to me

ALICIA MURRAY
NOTARY PUBLIC - STATE OF FLORIDA
Commission #DD352301
Expires: SEPT. 2, 2008

---

NOTICE TO CREDITORS
IN THE CIRCUIT COURT FOR
BROWARD COUNTY, FLORIDA
PROBATE DIVISION
File No. 07-2518
Division 63
IN RE: ESTATE OF
DIANA MELTON,
Deceased.
The administration of the estate
of Diana Melton, deceased, whose
date of death was May 3, 2007, is
pending in the Circuit Court for
Broward County, Florida, Probate
Division, the address of which is
201 SE Sixth Street, Room 252,
Fort Lauderdale, FL 33301. The
names and addresses of the
personal representative and the
personal representative's attorney
are set forth below.
All creditors of the decedent and
other persons having claims or de-
mands against decedent's estate
on whom a copy of this notice is
required to be served must file their
claims with this court WITHIN THE
LATER OF 3 MONTHS AFTER
THE TIME OF THE FIRST PUBLI-
CATION OF THIS NOTICE OR 30
DAYS AFTER THE DATE OF SER-
VICE OF A COPY OF THIS
NOTICE ON THEM.
All other creditors of the decedent
and other persons having claims or
demands against decedent's estate
must file their claims with this court
WITHIN 3 MONTHS AFTER THE
DATE OF THE FIRST PUBLICA-
TION OF THIS NOTICE.
ALL CLAIMS NOT SO FILED
WITHIN THE TIME PERIODS SET
FORTH IN SECTION 733.702 OF
THE FLORIDA PROBATE CODE
WILL BE FOREVER BARRED.
NOTWITHSTANDING THE TIME
PERIOD SET FORTH ABOVE,
ANY CLAIM FILED TWO (2)
YEARS OR MORE AFTER THE
DECEDENT'S DATE OF DEATH IS
BARRED.
The date of first publication of this
notice is June 7, 2007.
Ernest Melton
Personal Representative
6102 Loquat Circle
Tamarac, FL 33319
MICHAEL L. TROP, ESQ.
Attorney for the Personal
Representative
Florida Bar No: 152869
ADORNO & YOSS, LLP
Suite 1700
350 East Las Olas Boulevard
Fort Lauderdale, FL 33301
Telephone: (954) 766-7802
6/7-14                07-7-27/843181B

Andrew Melton
8 West Street
Natick, MA 01760

June 21, 2019

I, Andrew Melton, under the pains and penalties of perjury, swear and affirm that to the best of my knowledge that there are/were no creditors that ever came forth to claim monies regarding the Diana Melton Trust, Estate of Diana Melton or Diana Melton.

_ANDREW MELTON_
**Andrew Melton (spelled out)**

6|21|19
**Date Signed**

_(signature)_
**Andrew Melton (signature)**

_(signature)_
**Notary**

6|21|19
**Date**

Stamp:

JOSE FRANJUL
Notary Public
Commonwealth of Massachusetts
My Commission Expires March 13, 2026