**DUFFYAMEDEO** LLP

A NEW KIND OF LAW FIRM.

Todd E. Duffy
tduffy@duffyamedeo.com
(212) 729-5832

**VIA ECF (with courtesy copy via E-Mail)**
July 2, 2019

Honorable Stuart M. Bernstein
United States Bankruptcy Judge
Southern District of New York
One Bowling Green
New York, New York 10004-1408

    Re:    Irving H. Picard as Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC v. HSBC Bank PLC, et al., Adv. Pro. No. 09-01364 (SMB)

Dear Judge Bernstein:

    This firm serves as counsel to defendant, Alpha Prime Fund Ltd. ("Alpha Prime") in the above-captioned adversary proceeding. Pursuant to Rule 7056-1 of the Local Rules of this Court, Alpha Prime requests that the Court schedule a pre-motion conference for leave to file a motion for partial summary judgment. It is Alpha Prime's intent to seek summary judgment on one of the remaining issues in this adversary proceeding.

    As the Court may recall, on or about February 9, 2018, the Trustee and Alpha Prime entered into a Partial Settlement Agreement (the "Partial Settlement Agreement"). As part of the Partial Settlement Agreement, the parties entered into the Amended Case Management Plan (the "Case Management Plan"). Pursuant to the Case Management Plan, the Parties limited fact discovery to 450 days and agreed not to file a dispositive motion for 450 days after the Court entered the Amended Case Management Order. That Order was entered by this Court on April 9, 2018 and the 450 day period will come to an end on July 3, 2019. The Discovery Arbitrator in this case has entered an order extending only fact discovery through April 1, 2020. Accordingly, subject only to the Local Rules of this Court, Alpha Prime is entitled to file a dispositive motion after July 3, 2019.

    The Partial Settlement Agreement resolved all issues in this case with the exception of the following issues:

1. Whether Alpha Prime is entitled to a claim under section 502(h) of the Bankruptcy Code and if so, what priority that claim will have;

2. Whether the Trustee can avoid and recover the Six-Year Transfers, totaling $6,720,000. If the Trustee can avoid the Six-Year Transfers, what priority any resulting 502(h) claim would have; and

The Honorable Stuart M. Bernstein
U.S. Bankruptcy Judge
Southern District of New York
July 2, 2019
Page 2 of 2

       3. The Trustee's claims concerning the disallowance or equitable subordination of Alpha Prime's remaining $12,533,550 customer claim.

    Alpha Prime proposes to seek Summary Judgment only with respect to the first issue. There is no dispute that Alpha Prime paid the Trustee $76,450,000 as a return of the Two-Year Transfers and that Alpha Prime is simply seeking the claim it is entitled to under section 502(h) of the Bankruptcy Code. These facts are the only relevant facts and are undisputed. Simply put, the Trustee has no basis under the law or the facts to deny Alpha Prime its Springing Claim as a customer claim. Indeed, in the *Merkin* case, the Trustee's counsel admitted that equitable subordination is an alternative remedy. Accordingly, the Court should grant summary judgment on that issue.

    Based upon the foregoing, Alpha Prime requests that the Court schedule a Rule 7056-1 conference in order to determine whether Alpha Prime will have leave to file a motion for Partial Summary Judgment.

    Please feel free to contact me if the Court requires any further information or has any questions. Thank you for your consideration of this matter.

    Respectfully,

*/s/ Todd E. Duffy*
Todd E. Duffy

cc:    Oren Warshavsky, Esq. (via e-mail and ECF)
        Geoffrey North, Esq.   (via e-mail and ECF)
        Christian Hausmaninger, Esq. (via e-mail)