# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

Oren J. Warshavsky
direct dial: 212.589.4624
owarshavsky@bakerlaw.com

July 3, 2019

**VIA ECF**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 723
New York, NY  10004-1408

Re:    *Irving H. Picard as Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC v. HSBC Bank PLC, et al.*, Adv. Pro. No. 09-01364 (SMB)

Dear Judge Bernstein:

We write in response to Alpha Prime's July 2, 2019 letter requesting a pre-motion conference seeking leave to move for summary judgement on the issue of "[w]hether Alpha Prime is entitled to a claim under section 502(h) of the Bankruptcy Code and if so, what priority that claim will have." The Trustee opposes Alpha Prime's request.

It is undisputed that the only issues of fact that remain in this case relate to Alpha Prime's good faith.  "Summary judgment is notoriously inappropriate for determination of claim in which issues of intent, good faith and other subjective feelings play dominant roles."[1]  Alpha Prime acted through its agents, including its directors, employees, and service providers, and through these agents' acts and knowledge, the Trustee intends to show Alpha Prime's state of mind.  That state of mind will determine each of the three remaining issues in this case.  *Issue 1* (priority of Alpha Prime's 502(h) claim) rests on the Trustee's ability to subordinate Alpha Prime's claim, such that it may not share *pari passu* with BLMIS customers who invested in good faith.  Subordination depends on Alpha Prime's state of mind.[2]  *Issue 2* (avoidance of six-year transfers) depends on the Trustee's ability to prove Alpha Prime's actual knowledge of Madoff's fraud.  *Issue 3* (disallowance/equitable subordination of Alpha Prime's customer claim) rests on Alpha Prime's good faith.

Minutes before Alpha Prime filed its letter, Judge Maas entered an order extending fact discovery until April 1, 2020.  Alpha Prime does not challenge that order, nor does it challenge the fact that

---

[1] *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 563 B.R. 737, 751 (Bankr. S.D.N.Y. 2017) (citing *Krishna v. Colgate Palmolive Co.*, 7 F.3d 11, 16 (2d Cir. 1993) (citation and internal quotation marks omitted)).
[2] *Picard v. Katz*, 462 B.R. 447, 456 (S.D.N.Y. 2011) (Trustee may subordinate a claim "by proving that the defendants invested with [BLMIS] with knowledge, or in reckless disregard, of its fraud.").

Atlanta    Chicago    Cincinnati    Cleveland    Columbus    Costa Mesa    Denver
Houston    Los Angeles    New York    Orlando    Philadelphia    Seattle    Washington, DC

Honorable Stuart M. Bernstein
July 3, 2019
Page 2

the Trustee is entitled to discovery on Alpha Prime's state of mind to prove Issues 2 and 3. Thus the Trustee's discovery on Alpha Prime's state of mind will proceed. Indeed, as Alpha Prime knows, the Trustee is in the midst of obtaining millions of documents from Alpha Prime's agents and has filed a letter of request to obtain testimony from an Alpha Prime director and key witness. Moving for summary judgment on Issue 1, on which the Trustee intends to present similar evidence, is therefore a wasteful exercise at this time.

Relying on *Merkin*,[3] Alpha Prime appears to suggest that because equitable subordination is an alternative remedy, the issue of subordinating its 502(h) claim can be decided as a matter of law. That is incorrect. *First*, Alpha Prime's 502(h) claim suffers from the same equitable infirmities as its customer claim.[4] Therefore, if the Trustee prevails on Issue 3, and Alpha Prime's customer claim is disallowed or equitably subordinated, Alpha Prime's 502(h) claim must also fail. *Second*, the Court made no such finding in *Merkin*, and merely stated, as dicta, that "[i]t would seem that the Trustee should not be able to equitably subordinate the § 502(h) claim . . . ."[5] The Court's reasoning was based on the assumption that the return of a fraudulent transfer adequately compensates the estate. But when a creditor causes a harm beyond the fraudulent transfer, equitable subordination of the creditor's claim is appropriate.[6] Allowing a bad faith creditor's 502(h) claim would result in that creditor sharing *pari passu* with those that acted in good faith—a possible outcome if Alpha Prime's request were granted. Subordinating such a claim is the only way to achieve a full remedy.[7]

The Trustee is entitled to discovery on Issue 1 to show that Alpha Prime should not receive a 502(h) claim and/or that its 502(h) claim should be subordinated. If Alpha Prime were permitted to move for summary judgment on Issue 1 now, the Trustee would be forced to oppose and file a lengthy Rule 56(d) affidavit listing the additional facts the Trustee seeks, and explain how he intends to obtain those facts.[8] At the same time the summary judgment briefing is proceeding on Issue 1, the Trustee would be pursuing discovery from the same witnesses to develop the same facts on Issues 2 and 3. If the Court were to issue a decision on the merits, the losing party would likely appeal—but such appeal would only come at the end of the case and likely include many of the facts and issues relevant to Issues 2 and 3. Thus, this approach would waste resources, cause litigation to proceed in an unnecessarily piecemeal manner, and could result in inconsistent results among the three remaining issues. The Parties should wait until the conclusion of discovery, on a full record, to decide whether filing a motion for summary judgment is warranted.

---

[3] *Picard v. Merkin (In re Bernard L. Madoff Inv. Sec. LLC)*, 515 B.R. 117 (Bankr. S.D.N.Y. 2014).
[4] *First Trust & Deposit Co. v. Receiver of Salt Springs Nat'l Bank (In re Onondaga Litholite Co.)*, 218 F.2d 671, 673 (2d Cir. 1955) (noting that a creditor must have "a valid common claim free from equitable infirmities" in order to receive a 502(h) claim).
[5] *Merkin*, 515 B.R at 161.
[6] *See, e.g.*, *Official Committee of Unsecured Creditors of Toy King Distributors, Inc. v. Liberty Savings Bank (In re Toy King Distributors, Inc.)*, 256 B.R. 1, 206-07 (Bankr. M.D. Fla. 2000).
[7] *See, e.g.*, *Kriegman v. 1127477 Alberta Ltd. (In re LLS Am., LLC)*, No. 2:12-CV-423-RMP, 2015 U.S. Dist. LEXIS 8110, at *29-30 (E.D. Wash. Jan. 23, 2015) (The court allowed the trustee to avoid and recover transfers to net winner defendants, and also subordinate their claims because the defendants "recruited other investors without investigating the signs that Debtor's business was fraudulent [which] contributed to Debtor's successful operation of its Ponzi scheme.")
[8] *Shaheen v. Naughton,* 222 Fed. Appx. 11, 13 (2d Cir. 2007) (citing *Gualandi v. Adams,* 385 F.3d 236, 244 (2d Cir.2004)).

Honorable Stuart M. Bernstein
July 3, 2019
Page 3

Respectfully submitted,

*/s/ Oren J. Warshavsky*

Oren J. Warshavsky

cc:     Todd E. Duffy, Esq.