**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>        Plaintiff,<br><br>   v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>        Defendant. | No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>        Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>        Plaintiff,<br><br>   v.<br><br> LEGACY CAPITAL LTD.,<br><br>        Defendant. | Adv. Pro. No. 10-05286 (SMB) |

**ORDER DENYING THE TRUSTEE'S MOTION FOR SUMMARY JUDGMENT AND GRANTING RELIEF UNDER FEDERAL RULE OF CIVIL PROCEDURE 56(g)**

The Court has considered the motion of Irving H. Picard (the "Trustee"), as Trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa-*lll*, and the substantively consolidated chapter 7 estate of Bernard L. Madoff ("Madoff"), seeking summary judgment pursuant to Federal Rule of Civil Procedure 56, as incorporated in this proceeding by Federal Rule of Bankruptcy Procedure 7056 (the "Motion") (ECF Nos. 190-193); Defendant Legacy Capital, Ltd. ("Legacy")'s memorandum of law in opposition to the Motion and its accompanying documents (ECF No. 199);

the Trustee's submissions in further support of the Motion (ECF Nos. 201-02); Legacy's sur-reply in further opposition to the Motion (ECF No. 212); the arguments of counsel at the hearing on April 9, 2019, and the record in the case.

Accordingly, for the reasons set forth in the Memorandum Decision and Order Granting Relief Under Federal Rule of Civil Procedure 56(g) dated June 25, 2019 (ECF No. 221), **IT IS HEREBY ORDERED** that:

(1) The Trustee has established that there is no genuine disputed issue of fact that: (a) BLMIS was a Ponzi scheme and that it transferred its interest in $174 million to or for the benefit of Legacy, within the meaning of 11 U.S.C. § 550(a)(1), in furtherance of the Ponzi scheme within two years of December 11, 2008 (the "Two-Year Transfers"); (b) the BLMIS Ponzi scheme was ongoing during the period of the Two-Year Transfers; and (c) the Two-Year Transfers were made in connection with the Ponzi scheme in large part from the property of other customers;

(2) The criminal allocutions of Madoff, Frank DiPascali, David Kugel, Irwin Lipkin, Eric Lipkin and Enrica Cotellessa-Pitz establish *prima facie* that Madoff ran BLMIS as a Ponzi scheme;

(3) The Trustee is entitled to rely on the Ponzi scheme presumption, and has established as a matter of law that the Two-Year Transfers were made with the transferor's actual intent to defraud;

(4) With respect to the value defense asserted by Legacy under Section 548(c) of the Bankruptcy Code (the "Value Defense"), Legacy bears the burden of proof;

(5) The Court will hold a trial to determine, with respect to Legacy's Value Defense: (i) the start date of the BLMIS Ponzi scheme; and (ii) whether the profits reported on Legacy's BLMIS account statements arising from BLMIS's purported U.S. Treasury Bill trades were real

and resulted from BLMIS's purchase of those U.S. Treasury Bills from third party brokers for Legacy's benefit;

(6) The Two-Year Transfers did not satisfy antecedent debts, based on the law of the case and established case precedent that a transferee in a Ponzi scheme does not give value beyond his deposit of principal;

(7) The Trustee and Legacy will confer and schedule a conference with this Court's chambers to fix a trial date on issues identified in paragraph 5 above; and

(8) The Trustee's Motion is otherwise denied.

Dated: **July 9th, 2019**

                                **/s/ STUART M. BERNSTEIN**
                                HONORABLE STUART M. BERNSTEIN
                                UNITED STATES BANKRUPTCY JUDGE