```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:                                                     :
                                                           :
BERNARD L. MADOFF INVESTMENT                               :   Adv. Proc. No. 08-01789 (SMB)
SECURITIES LLC,                                            :   SIPA LIQUIDATION
                                                           :
                    Debtor.                                :
-----------------------------------------------------------X
IRVING H. PICARD, Trustee for the                          :
Liquidation of Bernard L. Madoff Investment                :
Securities LLC,                                            :
                                                           :
                    Plaintiff,                             :
                                                           :   Adv. Proc. No. 10-05279 (SMB)
MAGNIFY INC.; PREMERO INVESTMENTS                          :
LTD.; STRAND INTERNATIONAL                                 :
INVESTMENTS LTD.; THE YESHAYA                              :
HOROWITZ ASSOCIATION; YAIR GREEN;                          :
and EXPRESS ENTERPRISES INC.,                              :
                                                           :
                    Defendants.                            :
-----------------------------------------------------------X
```

**ORDER LIFTING CONFIDENTIALITY AND DIRECTING
FILING OF UNREDACTED DOCUMENTS**

The background to this adversary proceeding is set forth in the Court's prior decision reported at 583 B.R. 829. On June 14, 2019, the defendants' attorney wrote a six-page letter (the "Letter") to the Court about a recent discovery of a deposition transcript which he characterized as a "critical development" in the case. The deponent, Sheryl L. Weinstein, is the former Chief Financial Director of Hadassah, which was apparently a BLMIS investor in its own right and the recipient of donations from the defendant Yeshaya Horowitz Association ("YHA"), also a BLMIS investor. According to the complaint, the defendant Yair Green assumed control of YHA in late 1989, he knew that Madoff was operating a Ponzi scheme through BLMIS and YHA received transfers from BLMIS aggregating in excess of $120 million. The defendants' attorney asserted

that Weinstein's testimony undermined the Trustee's allegations regarding Green's control of YHA and his knowledge of Madoff's fraud. The Letter attached fifteen pages (exclusive of the title page, appearances and the reporter's certification) (the "Extract") of the Weinstein deposition transcript.

The defendants' attorney submitted the Letter and the Extract to the Court but did not docket the submission. The deposition transcript was designated as "confidential" by the Trustee in accordance with the Court's prior Litigation Protective Order, as modified, and the Letter quoted from and discussed its contents. The defendants' counsel asked the Court to lift the confidentiality designation arguing that the Weinstein deposition did not contain any confidential information. After further discussions with Hadassah, the parties agreed to scale back the redaction request to three segments of the Extract.

The confidential nature of the redacted information was not apparent to the Court. The first redaction was an incomplete sentence that was carried over from a prior page that was not included in the Extract. It seemed to relate to a limitation on investing with Madoff. The second redaction concerned Hadassah's internal views regarding investing with BLMIS. The third redaction discussed Hadassah's organizational structure. Accordingly, the Court directed Hadassah to explain the basis for retaining confidentiality in an *in camera* submission.

In response, Hadassah's attorney submitted a one-page letter. It did not focus on the specific information except to suggest generally that it was irrelevant to the litigation. Rather, he explained that the transcript referred to Hadassah's unfortunate

2

experience with issues arising from the Madoff bankruptcy proceedings and expressed concern that renewed exposure could reignite those issues.

Hadassah has failed to show that the redacted parts of the Extract (or the Letter which quotes from the Extract and argues its significance) contain confidential information. In fact, Hadassah does not even invoke 11 U.S.C. § 107(b). And while I understand that Hadassah, like many others, would like to put the Madoff matter behind it, this does not make the information confidential.

Furthermore, the redacted parts are relevant to this adversary proceeding. The principal issue is whether Green knew or suspected that Madoff was running a Ponzi scheme when he was allegedly in control of YHA and YHA was receiving transfers from BLMIS. The first two redacted parts, read together, suggest that there was some wariness within Hadassah regarding the propriety and extent of investing with BLMIS. Anything Green might have learned from Weinstein or Hadassah regarding Madoff is germane. The third segment, which addresses the organizational structure of Hadassah, is helpful in understanding its relationship to YHA and Green and the basis of Weinstein's personal knowledge.

Accordingly, the defendants' counsel is directed to file the Letter and the

unredacted Extract. This order will be stayed for a period of fourteen days from the date of entry.

So ordered.

Dated: New York, New York
July 16, 2019

                                /s/ *Stuart M. Bernstein*
                                STUART M. BERNSTEIN
                             United States Bankruptcy Judge