**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff,<br><br>Plaintiff,<br><br>v.<br><br>SQUARE ONE FUND LTD.,<br><br>Defendant. | Adv. Pro. No. 10-04330 (SMB) |

## CASE MANAGEMENT PLAN

Plaintiff Irving H. Picard, as trustee (the "Trustee") for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC under the Securities Investor Protection Act, 15 U.S.C. § 78aaa–*lll*, and the estate of Bernard L. Madoff individually, by and through his undersigned counsel, and defendant Square One Fund Ltd. ("Square One," and

with the Trustee, the "Parties"), by and through their undersigned counsel, hereby submit the following case management plan pursuant to Rules 16 and 26 of the Federal Rules of Civil Procedure (the "Federal Rules"), applicable under Rules 7016 and 7026 of the Federal Rules of Bankruptcy Procedure.

1. Relevant Procedural History.

   a. On December 21, 2018, the Trustee filed an amended complaint (the "Amended Complaint"), naming Square One as defendant.

   b. On February 1, 2019, Square One moved to dismiss the complaint.

   c. On May 29, 2019, the Parties came before the Court on Square One's motion to dismiss. At which time, the Court issued an oral decision denying Square One's motion to dismiss Count One of the Amended Complaint to the extent it seeks to avoid transfers under 11 U.S.C. § 548(a)(1)(A) and recover transfers from Square One under 11 U.S.C. § 550, and otherwise granting the motion.

   d. Square One's deadline to answer the Amended Complaint is July 19, 2019.

   e. The pretrial conference date is currently scheduled for December 18, 2019.

2. Fact Discovery Plan.

   a. Fact Discovery Cut-Off. All fact discovery is to be completed by July 30, 2021 (the "Discovery Cut-Off Date").

   b. Initial Disclosures. The Parties do not propose any changes in the form or requirements for disclosures under Federal Rule 26(a). The Parties agree that they shall serve Initial Disclosures as required under Federal Rule 26 on or before July 15, 2019. The Trustee will also make available additional documents relating to BLMIS's insolvency and BLMIS's fraud, as set forth in the Initial Disclosures, in E-Data Room 1, as defined in the Order Establishing

2

Expanded Access to Electronic Data Room 1 entered in the above-captioned case (Adv. Pro. No. 08-01789 (SMB)) on January 12, 2012, attached hereto as Exhibit A.

      c.      <u>Subjects on Which Discovery May Be Needed</u>.  The Parties contemplate that discovery will be needed on all liability and damage issues with respect to the Trustee's claims and Square One's defenses.  The Parties further contemplate that fact and expert discovery will be needed.

      d.      <u>Document Requests</u>.  Requests for documents may be served as required until June 15, 2021.  Requests for the production of documents may be served as needed, provided they are served with sufficient time to respond before the Discovery Cut-Off Date.

The Trustee anticipates the need for discovery from various third parties located outside of the United States, including individuals and entities that were affiliated with Square One.  To obtain discovery from these entities, the Trustee anticipates the need to proceed under the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters or other internationally recognized means of obtaining cross-border discovery, including but not limited to, letters rogatory (collectively, "International Discovery").  To the extent the Parties avail themselves of International Discovery procedures, they will not be deemed to have waived, prejudiced, or otherwise altered their rights to conduct discovery under the Federal Rules, the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), or other applicable domestic rules.

To the extent that responses to International Discovery are not received by the Discovery Cut-Off Date, the deadlines set forth herein will need to be extended accordingly.

      e.      <u>Interrogatories</u>.  The Parties may serve Interrogatories in accordance with Local Rule 7033-1 and no later than June 15, 2021.

    f. <u>Requests for Admission</u>.  The Parties may serve Requests for Admission no later than June 15, 2021.

    g. <u>Limitations on Discovery</u>.  Limitations on written discovery will be governed by the Federal Rules made applicable to this adversary proceeding by the Federal Rules of Bankruptcy Procedure, and the Local Rules.  The Parties may agree on certain limitations on discovery or may file an application with the Court for good cause.

    h. <u>Depositions</u>.  All depositions of fact witnesses must be completed by the Discovery Cut-Off Date. Depositions shall proceed concurrently, with no party having priority. The Parties will endeavor to conclude the majority of depositions within the seven (7) hours provided by Federal Rule 30(d)(1), although the Parties acknowledge that there may be certain depositions that cannot be concluded within this time limit.  The Parties will attempt in good faith to agree to reasonable expectations of the seven (7) hour time limit as appropriate, and failing agreement either party may apply to the Court for an extension of this time limit.

  To the extent the deposition of any fact witness raises common issues relevant to another avoidance action related to the above-captioned case (Adv. Pro. No. 08-01789 (SMB)) (the "Avoidance Action(s)"), in which initial disclosures have been made and discovery is open, the Trustee shall coordinate such depositions with the witness and defendants in such Avoidance Actions.  The Trustee shall provide notice of such depositions under the Federal Rules and notify defendants of the date, time and location of any such depositions.  Such depositions shall not prejudice or preclude the Trustee from additional depositions of such witness in Avoidance Actions in which initial disclosures have not been made and discovery is not open. The Parties agree that they will work in good faith to identify the requisite number of each Party's deponents

4

and depositions. Depositions of the Trustee are prohibited absent an order issued by this Court upon a showing of good cause.

All depositions of the Trustee's witnesses shall be conducted at the offices of Baker & Hostetler LLP, 45 Rockefeller Plaza, New York, NY 10111, or such other location as the Parties may agree. Depositions of Square One's witnesses shall be conducted at a location agreed upon by the Parties.

    3.    <u>Expert Discovery Plan</u>.

        a.    <u>Expert Discovery Cut-Off</u>. All expert discovery is to be completed by March 30, 2022.

        b.    <u>Experts</u>. Each party that intends to offer expert testimony must make the disclosures required by Federal Rule 26(a)(2) on or before October 29, 2021. Each party that intends to offer expert testimony in opposition to such disclosures must make the disclosures required by Federal Rule 26(a)(2) on or before December 30, 2021. No expert testimony (whether designated as "rebuttal" or otherwise) will be permitted (i) by an expert that has not been disclosed in accordance with the Federal Rules, or (ii) on any issue that is beyond the scope of the opinion covered by the disclosures except on prior express permission of the Court, upon application made no later than November 30, 2021.

        c.    <u>Deposition of Expert Witnesses</u>. All experts may be deposed, but such depositions must occur on or before February 28, 2022. The deadline for expert depositions will not affect the Parties' duties to supplement expert disclosures as required by Federal Rule 26. If the Trustee proffers an expert witness on an issue that is common to more than one Avoidance Action, the Trustee may coordinate the expert's deposition in such Avoidance Actions to maximize efficiency and use of resources. The Trustee shall notify all interested parties of the proposed date,

time and location of any such coordinated expert depositions. In a coordinated deposition, the limitations set forth in Federal Rule 30(d)(1) shall not apply, and the parties shall agree on an appropriate duration for the deposition.

        d.     All depositions of the Trustee's expert witnesses shall occur at the offices of Baker & Hostetler LLP, 45 Rockefeller Plaza, New York, NY 10111, or such other location as the Trustee may agree. Depositions of Square One's expert witnesses shall occur at the offices of Jenner & Block, 919 Third Avenue, New York NY 10022, or such other location at Square One may agree.

        4.     <u>Manner of Production of Discovery Materials</u>. The Parties may produce discovery, including initial disclosures, on a CD-ROM, in an electronic data room, or other similar electronic format. Given the volume of documentation that may be subject to disclosure in this matter, the Parties may produce a summary report, such as an expert report, and provide access to the underlying documentation on which the summary report relies in an electronic data room or other medium for review by the Parties. The Parties intend to enter into a protocol for the production of electronically stored information (ESI). Information and documents produced or made available electronically shall:

    (i)    be text searchable;

    (ii)    provide data and image load files necessary to review the documents on search platforms (*e.g.*, Summation, Concordance, Relativity) upon request of either party;

    (iii)    provide any system-created or non-privileged captured objective metadata, such as date fields, author fields, custodian fields, path to native file, etc.;

    (iv)    be organized, such as by date, custodian, or subject matter, as maintained in the ordinary course of business or as organized by the Trustee;

6

(v)  provide additional formats of production, metadata, or native documents if requested by either party.

The Parties shall meet and confer first in a good faith attempt to resolve any dispute, or thereafter comply with Local Rule 7007-1 to resolve the dispute.

5. <u>Proposed Modifications Of Standard Pretrial Proceedings Due To The Special Nature Of The Action</u>. The Parties do not presently believe that any such modifications are appropriate or necessary, and will contact the Court if their belief in this regard changes.

6. <u>Prospects For Settlement, Including Whether A Settlement Conference Should Be Scheduled</u>. The Parties believe that it would be premature to schedule a settlement conference at this time.

7. <u>Dispositive Motions</u>. The Parties have agreed that they will not file any dispositive motion prior to the Discovery Cut-Off Date.

8. <u>Any Other Matter That May Add To The Just And Expeditious Disposition Of This Matter</u>. The Parties agree to the use of a discovery arbitrator to resolve discovery disputes that they are unable to resolve by meeting and conferring. The terms of the parties' agreement will be set forth in a stipulation.

9. <u>Trial</u>. The Parties propose that they will confer with each other and the Court at the conclusion of all discovery to schedule a final pretrial conference and trial date.

10. <u>Next Conference</u>. The Parties shall appear before the Court on December 18, 2019.

11. <u>Parties and Counsel</u>. The following Parties join in this case management plan through their counsel.

Date:   New York, New York
        June ___, 2019

| | |
|---|---|
| */s/ Marco Molina* | */s/ Richard Levin* |
| **Baker & Hostetler LLP** | **Jenner & Block LLP** |
| 45 Rockefeller Plaza, 11th Floor | 919 Third Avenue |
| New York, New York 10111 | New York, New York 10022 |
| Telephone: (212) 589-4200 | Telephone: (212) 891-1600 |
| Facsimile: (212) 589-4201 | Facsimile: (212) 891-1699 |
| David J. Sheehan | Richard Levin |
| Email: dsheehan@bakerlaw.com | Email: rlevin@jenner.com |
| Marco Molina | |
| Email: mmolina@bakerlaw.com | *Attorneys for Defendant Square One Fund, Ltd.* |
| Matthew D. Feil | |
| Email: mfeil@bakerlaw.com | |
| Andrew M. Serrao | |
| Email: aserrao@bakerlaw.com | |
| Victoria L. Stork | |
| Email: vstork@bakerlaw.com | |

*Attorneys for Plaintiff Irving H. Picard,
Trustee for the Substantively Consolidated
SIPA Liquidation of Bernard L. Madoff
Investment Securities LLC and the Estate
of Bernard L. Madoff*

So Ordered This **16th** Day of **July**, 2019

                                  **/s/ STUART M. BERNSTEIN**
                                  HONORABLE STUART M. BERNSTEIN
                                  UNITED STATES BANKRUPTCY JUDGE