Kenneth J. Caputo
General Counsel
SECURITIES INVESTOR PROTECTION
 CORPORATION
1667 K Street, N.W., Suite 1000
Washington, DC 20006
Telephone: 202-371-8300
E-mail: kcaputo@sipc.org

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant | |
| IN RE: | |
| BERNARD L. MADOFF, | |
| Debtor | |

**RECOMMENDATION OF THE
SECURITIES INVESTOR PROTECTION CORPORATION
IN SUPPORT OF APPLICATIONS OF INTERNATIONAL SPECIAL COUNSEL
TO IRVING H. PICARD, TRUSTEE, FOR INTERIM COMPENSATION AND
REIMBURSEMENT OF EXPENSES AND
<u>FOR RELEASE OF A PORTION OF FEES HELD BACK</u>**

Fourteen international special counsel to Irving H. Picard, Esquire, as trustee ("Trustee") for the substantively consolidated liquidation proceedings of Bernard L. Madoff Investment Securities LLC ("BLMIS" or "Debtor") and Bernard L. Madoff ("Madoff"), have filed their applications ("Applications") for allowance of interim compensation and/or release of holdback under the Securities Investor Protection Act, 15 U.S.C. section 78aaa et seq. ("SIPA").  Pursuant to section 5(b)(5)(C) of SIPA, 15 U.S.C. §78eee(b)(5)(C), SIPC submits this recommendation in support of the Applications.  The grounds for this recommendation are as follows:

1. Ten Applications involve the allowance of interim compensation for the period from December 1, 2018 through March 31, 2019 ("Compensation Period").  Four Applications do not involve the allowance of interim compensation but seek only the release of a portion of the previously held back legal fees ("Holdback"). As detailed in the Applications, international special counsels have rendered a range of services to the administration of the estate during this time.  The liquidation proceeding has progressed to a point where the Trustee has reviewed and issued determinations for almost all of the filed customer claims.  The completion of administration will require international special counsel to assist the Trustee in (1) continuing with the marshaling of the assets of the estate; and (2) dealing with such other matters as they may be called upon to resolve.

2. The international special counsel who have filed Applications and the geographic locations where they represent the Trustee are:  UGGC & Associés ("UGGC") (France); Schiltz & Schiltz ("Schiltz") (Luxembourg); Eugene F. Collins ("Collins") (Ireland); SCA Creque ("SCA") (British Virgin Islands) ("BVI"); Higgs & Johnson (formerly Higgs Johnson Truman Bodden & Co.) ("Higgs") (Cayman Islands); Graf & Pitkowitz Rechtsänwalte GmbH ("Graf") (Austria); Williams Barristers & Attorneys ("Williams") (Bermuda); Werder Vigano ("Werder")

2

(Switzerland); Browne Jacobson, LLP ("Browne") (United Kingdom and other United Kingdom jurisdictions); and Soroker-Agmon ("Soroker") (Israel); Kugler Kandestin ("Kugler") (Canada); Ritter Schierscher Rechtsanwalte ("Ritter") (Liechtenstein); Bedell Cristin Guernsey Partnership ("Bedell") (Guernsey); and Munari Giudici Maniglio Panfili e associate ("MGMP") (Italy).

3. SIPC, by its staff, has carefully evaluated the Applications for compensation. This has included analyzing the detailed reports of time spent and services rendered as set forth in the applications and the exhibits thereto. SIPC also has consulted closely with the Trustee and his counsel (Baker & Hostetler LLP) regarding the need for the services of international special counsel, the nature and scope of services rendered by them, and the fees and reimbursement of costs sought by them. The detailed reports of services reflect the following totals of hours expended by international special counsel during the Compensation Period in the performance of their duties: UGGC – 206 hours; Schiltz – 30.8 hours; Collins – 46.4 hours; SCA – 8.6 hours; Higgs – 31.5 hours; Graf – 144.7 hours; Williams – 314.8 hours; Werder – 1 hour; Browne – 1,721.2 hours; and Soroker – 1,142.5 hours. Kugler, Ritter, Bedell, and MGMP did not expend any hours nor incur any expenses during the Compensation Period.

4. Four international special counsel are seeking a release of a portion of the Holdback: Kugler, Ritter, Bedell, and MGMP.

5. In reviewing the Applications, SIPC considered the requirements and standards for an application set forth in SIPA section 5(b)(5), 15 U.S.C. §78eee(b)(5), the relevant sections of the Bankruptcy Code, and the Administrative Order re Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases. SIPC believes that the Applications substantially comply with the applicable law and this District's Administrative Order.

6.      Based upon an average discounted hourly rate of $408.45, UGGC asserts the reasonable value of its discounted services is $84,140.21 and requests allowance of 80% in the amount of $67,312.17, and no reimbursement of expenses incurred from December 1, 2018 through March 31, 2019. UGGC states that the Holdback for prior and current Compensation Periods is $137,304.66.  UGGC requests the release of a portion of the Holdback in the amount of $68,652.33.

7.      Based on an average discounted hourly rate of $565.06, Schiltz asserts the reasonable value of its discounted services is $17,403.93 and requests allowance of 80% in the amount of $13,923.14, and reimbursement of expenses in the amount of $1,131.26, incurred from December 1, 2018 through March 31, 2019. Schiltz states that the Holdback for prior and current Compensation Periods is $66,217.18.  Schiltz requests the release of a portion of the Holdback in the amount of $33,108.59.

8.      Based upon an average discounted hourly rate of $369.80, Collins asserts the reasonable value of its discounted services is $17,158.65, and requests allowance of 80% in the amount of $13,726.92 and reimbursement of expenses in the amount of $5.47, incurred from December 1, 2018 through March 31, 2019. Collins states that the Holdback for prior and current Compensation Periods is $41,081.65.  Collins requests the release of a portion of the Holdback in the amount of $20,540.83.

9.      Based upon an average discounted hourly rate of $314.61, SCA asserts the reasonable value of its discounted services is $2,705.62, and requests allowance of 80% in the amount of $2,164.50, and reimbursement of expenses in the amount of $160.00, incurred from August 1, 2018 through March 31, 2019.  SCA states that the Holdback for prior and current

4

Compensation Periods is $38,588.62. SCA requests the release of a portion of the Holdback in the amount of $19,294.31.

10.     Based upon an average discounted hourly rate of $344.88, Higgs asserts the reasonable value of its discounted services is $10,863.86, and requests allowance of 80% in the amount of $8,691.09, and reimbursement of expenses in the amount of $101.00, incurred from December 1, 2018 through March 31, 2019. Higgs states that the Holdback for prior and current Compensation Periods is $47,444.18. Higgs requests the release of a portion of the Holdback in the amount of $23,722.09.

11.     Based upon an average discounted hourly rate of $505.51, Graf asserts the adjusted reasonable value of its discounted services is $73,147.11 and requests allowance of 80% in the amount of $58,517.69, and reimbursement of expenses in the amount of $2,295.78, incurred from December 1, 2018 through March 31, 2019. Graf states that the Holdback for prior and current Compensation Periods is $193,208.38. Graf requests the release of a portion of the Holdback in the amount of $96,604.19.

12.     Based on an average discounted hourly rate of $531.82, Williams asserts the reasonable value of its discounted services is $167,417.10, and requests 80% in the amount of $133,933.68 and no reimbursement of expenses, incurred from December 1, 2018 through March 31, 2019. Williams states that the Holdback for prior and current Compensation Periods is $356,147.37. Williams requests the release of a portion of the Holdback in the amount of $178,073.69.

13.     Based upon an average discounted hourly rate of $429.96, Werder asserts the adjusted reasonable value of its discounted services is $429.96 and requests allowance of 80% in the amount of $343.97, and no reimbursement of expenses, incurred from December 1, 2018

through March 31, 2019. Werder states that the Holdback for prior and current Compensation Periods is $8,372.40. Werder requests the release of a portion of the Holdback in the amount of $4,186.20.

14. Based upon an average discounted hourly rate of $397.64, Browne asserts the adjusted reasonable value of its discounted services is $684,411.85 and requests allowance of 80% in the amount of $547,529.48, and reimbursement of expenses in the amount of $30,257.92, incurred from December 1, 2018 through March 31, 2019. Browne states that the Holdback for prior and current Compensation Periods is $1,241,972.74. Browne requests the release of a portion of the Holdback in the amount of $620,986.37.

15. Based upon an average discounted hourly rate of $332.81, Soroker asserts the reasonable value of its discounted services with the 18% VAT is $444,872.64, and requests allowance of 80% in the amount of $355,898.11 and reimbursement of expenses in the amount of $2,075.95 (including 18% value added tax) incurred from December 1, 2018 through March 31, 2019. Soroker states that the Holdback for prior and current Compensation Periods is $611,797.60. Soroker requests the release of a portion of the Holdback in the amount of $305,898.80.

16. Kugler states that the Holdback for prior Compensation Periods is $791.49. Kugler seeks a release of a portion of the Holdback in the amount of $395.75. Kugler does not seek an allowance of interim compensation or reimbursement of expenses for the period of December 1, 2018 through March 31, 2019.

17. Ritter states that the Holdback for prior Compensation Periods is $3,571.41. Ritter seeks a release of a portion of the Holdback in the amount of $1,785.70. Ritter does not

seek an allowance of interim compensation or reimbursement of expenses for the period of December 1, 2018 through March 31, 2019.

18. Bedell states that the Holdback for prior Compensation Periods is $799.56. Bedell seeks a release of a portion of the Holdback in the amount of $399.78. Bedell does not seek an allowance of interim compensation or reimbursement of expenses for the period of December 1, 2018 through March 31, 2019.

19. MGMP states that the Holdback for prior Compensation Periods is $1,955.29. MGMP seeks a release of a portion of the Holdback in the amount of $977.65. MGMP does not seek an allowance of interim compensation or reimbursement of expenses for the period of December 1, 2018 through March 31, 2019.

20. Generally, SIPC has no objection to the allowance of such interim compensation, or a release of a portion of the Holdback on prior and current Compensation Periods, as the Court may deem appropriate once the liquidation proceeding has progressed to a point where a customer claims process is established and operational and significant work has been performed, and upon consideration of the potential hardship to the applicant. In this liquidation proceeding, a customer claims process has been established and is operational and significant work has been performed.

21. Section 5(b)(5)(A) of SIPA, 15 U.S.C. § 78eee(b)(5)(A), provides that the Court shall "grant reasonable compensation for services rendered… by a trustee, and by the attorney for such a trustee, in connection with a liquidation proceeding." SIPA § 5(b)(5)(C), 15 U.S.C. § 78eee(b)(5)(C), sets forth the standard for the Court's determination of applications for allowances of compensation and reimbursement in SIPA cases. The section provides:

> Whenever an application for allowances is filed pursuant to subparagraph (B), SIPC shall file its recommendation with respect to such allowances with the court

7

prior to the hearing on such application and shall, if it so requests, be allowed a reasonable time after such hearing within which to file a further recommendation. <u>In any case in which such allowances are to be paid by SIPC without reasonable expectation of recoupment thereof as provided in this chapter and there is no difference between the amounts requested and the amounts recommended by SIPC, the court shall award the amounts recommended by SIPC.</u> In determining the amount of allowances in all other cases, the court shall give due consideration to the nature, extent, and value of the services rendered, and shall place considerable reliance on the recommendation of SIPC. [emphasis added]

22. In a SIPA proceeding, administrative costs and expenses, which include trustee and counsel fees and expenses, are to be borne by the general estate. SIPA § 5(b)(5)(E), 15 U.S.C. § 78eee(b)(5)(E). To the extent the estate is not sufficient, SIPC advances funds for their payment. SIPA §§ 5(B)(5)(E), 6(e), and 9(b)(2), 15 U.S.C. §§ 78eee(b)(5)(E), 78fff(e), and 78fff-3(b)(2).

23. In this case, the Court has been advised that the Trustee has "no reasonable expectation that the general estate will be sufficient to make any distribution to general creditors or pay any administrative expenses." (Thirtieth Application of Trustee and Baker & Hostetler LLP at 60, ¶218.) Thus, any allowances for fees and expenses of international special counsel will be paid by SIPC without any expectation of recoupment by SIPC. Furthermore, there is no difference between the amounts requested by international special counsel and the amounts recommended by SIPC. Consequently, SIPA provides that this Court shall award international special counsel the amounts recommended by SIPC.

24. Resolution of outstanding matters in the liquidation proceeding will delay the completion of this proceeding. SIPC respectfully submits that an allowance of interim compensation is appropriate at this time. An interim allowance does not involve a determination as to the actual reasonable value of the services in question. It is merely a payment on account of the final allowance and does not imply that the Court or SIPC has approved the value which

special counsel have placed on their services. The amounts sought do not exceed the sums the Court might reasonably award as final compensation for the services rendered. Accordingly, SIPC supports allowance of the interim Applications.

WHEREFORE, SIPC respectfully recommends that: (1) interim compensation in the amount of $67,312.17 sought by UGGC, no reimbursement of expenses, and release of a portion of the Holdback in the amount of $68,652.33; (2) interim compensation in the amount of $13,923.14 sought by Schiltz, reimbursement of expenses in the amount of $1,131.26, and release of a portion of the Holdback in the amount of $33,108.59; (3) interim compensation in the amount of $13,726.92 sought by Collins, reimbursement of expenses in the amount of $5.47, and release of a portion of the Holdback in the amount of $20,540.83; (4) interim compensation in the amount of $2,164.50 sought by SCA, reimbursement of expenses in the amount of $160.00, and release of a portion of the Holdback in the amount of $19,294.31; (5) interim compensation in the amount of $8,691.09 sought by Higgs, reimbursement of $101.00 of expenses, and release of a portion of the Holdback in the amount of $23,722.09; (6) interim compensation in the amount of $58,517.69 sought by Graf, reimbursement of expenses in the amount of $2,295.78, and release of a portion of the Holdback in the amount of $96,604.19; (7) interim compensation in the amount of $133,933.68 sought by Williams, no reimbursement of expenses, and release of a portion of the Holdback in the amount of $178,073.69; (8) interim compensation in the amount of $343.97 sought by Werder, no reimbursement of expenses, and release of a portion of the Holdback in the amount of $4,186.20; (9) interim compensation in the amount of $547,529.48 sought by Browne, reimbursement of $30,257.92 of expenses, and release of a portion of the Holdback in the amount of $620,986.37; (10) interim compensation in the amount of $355,898.11 sought by Soroker, reimbursement of $2,075.95 of expenses, and

release of a portion of the Holdback in the amount of $305,898.80; (11) release of a portion of the Holdback in the amount of $395.75 sought by Kugler; (12) release of a portion of the Holdback in the amount of $1,785.70 sought by Ritter; (13) release of a portion of the Holdback in the amount of $399.78 sought by Bedell; and (14) release of a portion of the Holdback in the amount of $977.65 sought by MGMP, be allowed.

                              Respectfully submitted,

Of Counsel:  
KEVIN H. BELL  
Senior Associate General Counsel  
 For Dispute Resolution  
E-mail: kbell@sipc.org

                              */s/Kenneth J. Caputo*  
KENNETH J. CAPUTO  
General Counsel  
SECURITIES INVESTOR  
 PROTECTION CORPORATION  
1667 K Street, N.W., Suite 1000  
Washington, D.C.  20006  
Telephone: (202) 371-8300  
Facsimile:  (202) 223-1679  
E-mail: kcaputo@sipc.org

Date:   July 29, 2019  
        Washington, D.C.