Kenneth J. Caputo
General Counsel
SECURITIES INVESTOR PROTECTION
  CORPORATION
1667 K Street, N.W., Suite 1000
Washington, DC  20006
Telephone: 202-371-8300
E-mail: kcaputo@sipc.org

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | ) ) ) | Adv. Pro. No. 08-01789 (BRL) |
| Plaintiff-Applicant, | ) ) | SIPA Liquidation |
| v. | ) ) | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | ) ) ) ) | |
| Defendant | ) | |
| IN RE: | ) ) ) | |
| BERNARD L. MADOFF, | ) ) | |
| Debtor | ) ) ) | |

## RECOMMENDATION OF THE
## SECURITIES INVESTOR PROTECTION CORPORATION
## IN SUPPORT OF APPLICATION OF COCHRAN ALLAN
## FOR A RELEASE OF A PORTION OF FEES PREVIOUSLY HELD FOR
## THE PRIOR COMPENSATION PERIODS

Cochran Allan ("Cochran" or "Counsel"), Special Counsel to Irving H. Picard, Esquire,

as trustee ("Trustee") for the substantively consolidated liquidation proceeding of Bernard L.

Madoff Investment Securities LLC ("BLMIS" or "Debtor") and Bernard L. Madoff ("Madoff"), has filed its Application ("Application") for a release of a portion of the held back legal fees ("Holdback") as interim compensation under the Securities Investor Protection Act, 15 U.S.C. section 78aaa et seq. ("SIPA).    Pursuant to section 5(b)(5)(C) of SIPA, 15 U.S.C. §78eee(b)(5)(C), SIPC submits this recommendation in support of the Application.

The grounds for this recommendation are as follows:

1.    The Application seeks a release of a portion of the Holdback.  The amount of Holdback for Cochran is $1,306.11.  Cochran seeks a release of Holdback in the amount of $653.06.    The Application does not seek an allowance of interim compensation or a reimbursement of expenses for the period of December 1, 2018 through March 31, 2019.

2.    SIPC, by its staff, has carefully evaluated the Application for a release of a portion of the Holdback.  In reviewing the Application, SIPC considered the requirements and standards for an application set forth in 15 U.S.C. §78eee (b)(5), the relevant sections of the Bankruptcy Code, and the Administrative Order re Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases.  SIPC believes that the application substantially complies with the applicable law and this District's Administrative Order.

3.    Generally, SIPC has no objection to the allowance of interim compensation, or a release of a portion of the Holdback for prior Compensation Periods, as the Court may deem appropriate once the liquidation proceeding has progressed to a point where operational and significant work has been performed, and upon consideration of the potential hardship to the applicant.  In this liquidation proceeding, Cochran has performed significant work in the claims and liquidation processes, and substantial progress has been achieved.

4.      Section 5(b)(5)(A) of SIPA, 15 U.S.C. §78eee(b)(5)(A), provides that the Court shall "grant reasonable compensation for services rendered… by a trustee, and by the attorney for such a trustee, in connection with a liquidation proceeding."  SIPA §5(b)(5)(C), 15 U.S.C. §78eee(b)(5)(C), sets forth the standard for the Court's determination of applications for allowances of compensation and reimbursement in SIPA cases.  The section provides:

> Whenever an application for allowances is filed pursuant to subparagraph (B), SIPC shall file its recommendation with respect to such allowances with the court prior to the hearing on such application and shall, if it so requests, be allowed a reasonable time after such hearing within which to file a further recommendation. In any case in which such allowances are to be paid by SIPC without reasonable expectation of recoupment thereof as provided in this chapter and there is no difference between the amounts requested and the amounts recommended by SIPC, the court shall award the amounts recommended by SIPC.  In determining the amount of allowances in all other cases, the court shall give due consideration to the nature, extent, and value of the services rendered, and shall place considerable reliance on the recommendation of SIPC. [emphasis added].

5.      In a SIPA proceeding, administrative costs and expenses, which include trustee and counsel fees and expenses, are to be borne by the general estate.  SIPA §5(b)(5)(E), 15 U.S.C. §78eee(b)(5)(E).  To the extent the estate is not sufficient, SIPC advances funds for their payment.  SIPA §§5(b)(5)(E), 6(e), and 9(b)(2), 15 U.S.C. §§ 78eee(b)(5)(E), 78fff(e), and 78fff-3(b)(2).

6.      In this case, the Court has been advised that the Trustee has "no reasonable expectation that the general estate will be sufficient to make any distribution to general creditors or pay any administrative expenses."  (Thirtieth Application of Trustee and Baker & Hostetler LLP at 60, ¶218.)  Thus, any allowances for fees and expenses of Counsel will be paid by SIPC without any recoupment by SIPC.  Furthermore, there is no difference between the amount requested by Counsel and the amount recommended by SIPC.  Consequently, SIPA provides that this Court shall award Counsel the amount recommended by SIPC.

7.      Resolution of various matters will delay the completion of this proceeding.  SIPC respectfully submits that a release of a portion of the Holdback is appropriate at this time in order to avoid undue hardship.  An interim allowance does not involve a determination as to the actual reasonable value of the services in question.  It is merely a payment on account of the final allowance and does not imply that the Court or SIPC has approved the value which Cochran has placed on its services.  The amount sought does not exceed the sum the Court might reasonably award as final compensation for the services rendered. Accordingly, SIPC supports the Application.

WHEREFORE, SIPC respectfully recommends that a release of a portion of the Holdback for the Compensation Periods in the amount of $653.06, as sought by Counsel, be allowed.

Respectfully submitted,

Of Counsel:                              ___/s/Kenneth J. Caputo_____
KEVIN H. BELL                        KENNETH J. CAPUTO
Senior Associate General Counsel     General Counsel
  For Dispute Resolution             SECURITIES INVESTOR
E-mail: kbell@sipc.org                 PROTECTION CORPORATION
                                     1667 K Street, N.W., Suite 1000
                                     Washington, D.C.  20006
                                     Telephone: (202) 371-8300
                                     Facsimile:  (202) 223-1679
                                     E-mail: kcaputo@sipc.org

Date:  July 29, 2019
        Washington, D.C.