UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                           Plaintiff-Applicant,<br><br>                     -against-<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                               Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>                               Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff,<br><br>                               Plaintiff,<br><br>                     -against-<br><br>SRIONE, LLC, an Idaho limited liability company, and DANCING $ LLC, a Montana limited liability company,<br><br>                               Defendants. | Adv. Pro. No. 10-5380 (SMB) |

**<u>DISCOVERY ARBITRATOR'S FIFTH DISCOVERY ORDER</u>**

By order dated February 8, 2019, I directed that if the Trustee so requested, Mr. Waldman turn over his electronic information concerning SriOne, LLC and Dancing $ LLC to an independent forensic expert for review, as a predicate to a privilege review by Mr. Waldman's counsel, Phillip H. Stillman, and the subsequent production of any non-privileged documents responsive to the Trustee's document requests. Like seemingly every event in this case, making the necessary arrangements took some time.

The Trustee's expert obtained access to Mr. Waldman's laptop and hard drives on May 11, 2019, after which copies of the images obtained were sent to Mr. Stillman for his review on June 6, 2019.[1] Notably, the Trustee's expert found that the data on the laptop and hard drives was readily accessible and hence no expert assistance was necessary to access it. If so, and if there are responsive previously-unproduced files on the laptop or hard drives, the failure to produce them at an earlier date would, to say the least, be troublesome.

Although Mr. Stillman has had the imaged information for some time, he has yet to produce any new material to the Trustee. He attributes this to his travel between May 27 and June 24, as well as a concussion he subsequently suffered. Mr. Stillman has submitted a declaration from his treating physician which provides more information about his present condition. Suffice it to say, I am satisfied that he is facing significant challenges which help explain some of the delay in this case.

Mr. Stillman's letter says that he now has secured paralegal assistance and requests that he be given until August 31, 2019, to complete his review. I will grant that request, but August 31 is a Saturday. Accordingly, I will direct that the Waldman production be sent to the Trustee by September 3, 2019, together with the privilege log required by my Fourth Discovery Order.

Additionally, I will take under advisement the Trustee's request to shift the costs of the forensics expert to Mr. Waldman. If, however, Mr. Waldman produces additional responsive documents from the laptop and hard drives, Mr. Stillman must explain to me, in writing, by September 10, 2019, why those documents were not produced at an earlier time.

Finally, the Trustee's counsel has proposed as an alternative that the imaged information in the expert's possession be turned over to the Trustee for review, subject to the Defendants' right to claw back any privileged or non-reponsive information. Since Mr. Stillman represents that the hard drives contain all of his attorney client communications with Mr. Waldman, as well as those of other attorneys, along with extensive private information unrelated

---

[1] The Trustee's letter to me, dated July 31, 2019, refers to both "hard drives" and "a hard drive." Mr. Stillman's letter to me, dated August 1, 2019, similarly refers to "hard drives" and a "backup hard drive." It therefore is unclear how many hard drives were produced to the expert and returned to Mr. Stillman.

to this case, I do not consider that a feasible alternative. (If there are numerous communications between Mr. Waldman and counsel concerning this case, that can be addressed through a categorical privilege log.)

Mr. Stillman is cautioned that if his medical condition will not make it possible to comply with the September 3 deadline, he will need to associate with another attorney to ensure that the review is timely completed and any additional responsive documents are timely produced.

SO ORDERED.

Dated:    New York, New York
August 11, 2019

_____
FRANK MAAS
Discovery Arbitrator

Copies to Counsel via ECF