# Chantel Barrett

| | |
|---|---|
| **From:** | Alan Melton <alanrmelton@gmail.com> |
| **Sent:** | Wednesday, September 11, 2019 2:44 PM |
| **To:** | NYSBml_Bernstein's_Chambers_Staff; Chantel Barrett; Kyu Paek |
| **Cc:** | jorian Rose L |
| **Subject:** | Alan R Melton vs Net Equity by Trustee |
| **Attachments:** | Judge Bernstein - Alan Melton v Net Equity Determination.docx |

Judge Bernstein:

Re: 08-1789 Followup - doc 18902

I would like to express my appreciation to you for giving my brother and me the opportunity to present my mother's case to you on June 26th.

I am presenting this as new evidence regarding my personal accounts, uncovered while evaluating my mother's account.

Attached is a significant discussion with full documentation regarding my personal accounts.
It directly relates to your decision in my mother's case and I would appreciate that Your Honor would
read the attached, as it directly impacts my Madoff accounts.

The paragraph below is taken from your decision in 08-1789 (doc 18902) received from the Court on July 26, 2019:

"Second, the Second Circuit ruled that the same methodology applied to inter-account transfers between BLMIS accounts. Under the Inter-Account Method, the transferee account did not receive credit for any amounts supposedly transferred in excess of the transferor account's net equity as computed under the Net Investment Method. *Sagor v. Picard (In re BLMIS)*, 697 F. App'x 708, 711 (2d Cir. 2017) (summary order). **Hence, if the transferor account was a net winner with zero net equity at the time of the transfer, the transferee account did not receive any credit.**"

According, as per your decision, the opposite occurred in my personal situation. The Alan R Melton Account 1ZA894 had a **positive NET EQUITY**, as the Transferor. It was incumbent upon the Accounting Firm to correct the incorrect methodology of Madoff keeping the same account number. They should have correctly separated the accounts by their legal TIN or SSN, as used by all legal entities (again, correcting the incorrect pattern by Madoff not assigning a new account number), **then the original Alan Melton account is a NET LOSER and should have been treated as such.**

Again, I would appreciate that you read the evidence presented in the enclosed Word document
which upholds your argument negating my mother's account but is in total opposition
to my accounts. I feel that my original accounts, according to all standard accounting processes, should have been
declared a Net Loser as it had a Positive Net Equity at the time of transfer.

Please give the attached a review that it truly deserves, in view of your decision regarding my mother's case.
Thank you for your time.

Alan R Melton, MD

1

The Honorable Judge Bernstein
U.S. Bankruptcy Court, Southern District of New York
One Bowling Green
New York, NY  10004

August 8, 2019

CC: Atty Jorian Rose, Baker Law
Sent also by Certified Mail to Judge S. Bernstein and Atty J. Rose

Dear Judge Bernstein,

I would like to express my appreciation to you for giving my brother and me the opportunity to present my mother's case to you on June 26th.

I am presenting this as new evidence uncovered while evaluating my mother's account.

In the course of investigating my mother's Trust account, I also evaluated my personal account. From 1992-2001, the account number 1ZA894 was under Alan R Melton et al TIC with my social security number XX-XX-7206. I was advised by my accountants to change the account to a New account as an LLC for tax purposes and to make it easier to create the tax returns, as the LLC issued K1's. This was legally done.  Similar to my mother's account, Madoff followed his pattern and kept the same account number, which was contrary to standard procedure. I asked Mr. Madoff to open a **New account** with new TIN (XX-XXX1416) and a new name, Melton Family LLC.

By going through the end of the year statements and the Money In/Money Out formula of the Trustee, I discovered a significant flaw in the Trustee's evaluations or those provided to him, which have ramifications into his determination of what is the definition of NET EQUITY (EXHIBIT 1B).

The accounting firm that was hired to check on the deposits and withdrawals only went by account numbers (EXHIBIT 1A). AlixPartners, which I presume to be the accountants for the Trustee, refuses to reveal their method of computation and correlation of account number with the accompanying TIN and Social Security Numbers. They claim this was subject to work privilege. "My analyses related to customer accounts and the claims process is also covered by the work-product privilege which further precludes me from providing the requested information." Vineet Sehgal, Managing Director, AlixPartners. The analysis may have possibly been done incorrectly, just done to get the total deposits and withdrawals for each account for the Trustee. Correlation of the each account number with the same TIN or Soc Sec Number throughout the 16 years evaluated was never shown in any public document by the accounting firm. This should have been provided to all those involved with the final determinations by the Trustee.

Did the accounting firm ever correlate account numbers to reconcile them with the same TIN or Soc Sec Number? It certainly does not seem as if this was performed, as shown in the summary sheets that were mailed by the Trustee with the DENIED paper (EXHIBIT 1A). I went through my two accounts with great detail and found that it was only based on one account number, not two, as asked for. There was no inter-account transfer, as one ceased and the other began. Importantly, the original (transferor)

account, the Alan R Melton account, had a **positive** Net Equity prior to the transfer, excluding any fictitious profits.

In your decision, Adv. Proc. No. 08-01789 (SMB) on page 6,

"Second, the Second Circuit ruled that the same methodology applied to inter- account transfers between BLMIS accounts. Under the Inter-Account Method, the transferee account did not receive credit for any amounts supposedly transferred in excess of the transferor account's net equity as computed under the Net Investment Method. *Sagor v. Picard* (*In re BLMIS*), 697 F. App'x 708, 711 (2d Cir. 2017) (summary order). **Hence, if the transferor account was a net winner with zero net equity at the time of the transfer, the transferee account did not receive any credit.**"

According, as per your decision, the opposite occurred in my personal situation. The Alan R Melton Account 1ZA894 had a **positive** NET EQUITY, as the Transferor. It was incumbent upon the Accounting Firm to correct the incorrect methodology of Madoff keeping the same account number. They should have correctly separated the accounts by their legal TIN or SSN, as used by all legal entities (again, correcting the incorrect pattern by Madoff not assigning a new account number), **then the original Alan Melton account is a NET LOSER.**

The total deposits to the Alan R Melton account prior to 2001 were $465,000. The total withdrawals including 2001 were $50,000. There was POSITIVE NET EQUITY of $415,000 on the transferor account.

In addition, more funds $165,000 were added in January of 2005 through July of 2007 to the new, Melton Family LLC account.

**Just because Madoff never followed the standard procedure of financial institutions to assign a new account number when a new TIN and name are presented by a customer, does not make it right for the accounting firm employed by the Trustee to compound the error and not follow proper accounting procedures when it was charged with investigating the direct investors accounts. It is inconceivable that the accounting firm could make this significant error.**

| DATE | TRANSACTION DESCRIPTION | AMOUNT |
|---|---|---|
| 1/5/1993 | CHECK | $150,000.00 |
| 3/24/1993 | CHECK | $25,000.00 |
| 10/19/1993 | CHECK | $40,000.00 |
| 12/7/1993 | CHECK | $35,000.00 |
| 2/1/1995 | CHECK | $30,000.00 |
| 5/3/1996 | CHECK | $100,000.00 |
| 8/4/1997 | CHECK | $15,000.00 |
| 8/4/1997 | CHECK | $10,000.00 |
| 3/16/1998 | CHECK | $15,000.00 |
| 6/11/1998 | CHECK | $15,000.00 |
| 2/8/1999 | CHECK | $30,000.00 |
| 1/21/2005 | CHECK | $100,000.00 |
| 6/19/2007 | CHECK | $15,000.00 |
| 7/19/2007 | CHECK | $50,000.00 |
| **Total Deposits:** | | **$630,000.00** |

| DATE | TRANSACTION DESCRIPTION | AMOUNT |
|---|---|---|
| 6/15/2001 | CHECK | ($50,000.00) |
| 8/23/2002 | CHECK | ($50,000.00) |
| 4/1/2003 | CHECK | ($100,000.00) |
| 8/26/2003 | CHECK | ($50,000.00) |
| 8/28/2003 | CHECK | ($50,000.00) |
| 7/7/2005 | CHECK | ($100,000.00) |
| 1/4/2006 | CHECK | ($60,000.00) |
| 2/6/2006 | CHECK | ($40,000.00) |
| 6/15/2006 | CHECK | ($100,000.00) |
| 6/1/2007 | CHECK | ($50,000.00) |
| 8/29/2007 | CHECK | ($50,000.00) |
| 10/8/2008 | CHECK | ($75,000.00) |
| **Total Withdrawals:** | | **($775,000.00)** |
| **Total deposits less withdrawals:** | | **($145,000.00)** |

4

MWPTAP01019373

**Provided by the Trustee**

# EXHIBIT 1A

**This is a true spreadsheet of the monies in the two accounts (excluding fictitious profits)**

| | Debit | Credit | Net Equity |
|---|---|---|---|
| **ACCT 1 Alan R Melton** | | | |
| 1/5/93 | | $150,000 | $150,000 |
| 3/24/93 | | $25,000 | $175,000 |
| 10/19/93 | | $40,000 | $215,000 |
| 12/7/93 | | $35,000 | $250,000 |
| 2/1/95 | | $30,000 | $280,000 |
| 5/3/96 | | $100,000 | $380,000 |
| 8/4/97 | | $15,000 | $395,000 |
| 8/4/97 | | $10,000 | $405,000 |
| 3/16/98 | | $15,000 | $420,000 |
| 6/11/98 | | $15,000 | $435,000 |
| 2/8/99 | | $30,000 | $465,000 |
| 6/15/01 | $(50,000) | | $415,000 |

**Crossover of SSN to new Acct with new TIN occurred between 2001 and 2002. Net POSITIVE EQUITY OF $415,000**

| | Debit | Credit | Net Equity |
|---|---|---|---|
| **Account 2 Melton Family LLC** | | | |
| 8/23/02 | $(50,000) | | $365,000 |
| 4/1/03 | $(100,000) | | $265,000 |
| 8/26/03 | $(50,000) | | $215,000 |
| 8/28/03 | $(50,000) | | $165,000 |
| 1/21/05 | | $100,000 | $265,000 |
| 7/7/05 | $(100,000) | | $165,000 |
| 1/4/06 | $(60,000) | | $105,000 |
| 2/6/06 | $(40,000) | | $65,000 |
| 6/15/06 | $(100,000) | | $(35,000) |
| 6/1/07 | $(50,000) | | $(85,000) |
| 6/19/07 | | $15,000 | $(70,000) |
| 7/19/07 | | $50,000 | $(20,000) |
| 8/29/08 | $(50,000) | | $(70,000) |
| 10/8/08 | $(75,000) | | $(145,000) |

**EXHIBIT 1B**

The onus was on the Trustee and the accounting firm to correlate

the account number with the social security number or TIN. If both matched from 1992-2007, that account could then qualify for the Net Equity formula. However, if they did not correlate, it should have been detected, evaluated, and corrected. The Accounting Firm, AlixPartners, will not reveal their methodology because of possible improprieties.
**It would be to deny a Net Loser whose account was subsequently merged by the Trustee and Accounting firm with a winner by not separating them into two accounts and evaluating each. The Transferor was a Net Loser with a positive Net Equity. That is exactly what happened in my case.**

Each of these two separate accounts should have been evaluated as an entity. Each separately paid money to the IRS under their corresponding soc sec number or TIN number. The Trustee and Accounting firm did not follow standard accounting methods in correlating the accounts of the investors.


Below are Exhibits 2a and 2b, which are one year apart and show different names, different social security numbers or TIN numbers and yet the same account number. The first account (2a) had a positive NET Equity as the Transferor, no different than if the money had come from a personal check or bank transfer. It was new money that funded the second account. But the new money was from a Madoff NET LOSER account, which was not acknowledged, by the Accounting Firm or Trustee by not splitting the accounts into two separate accounts.



Exhibit 2a

| | | | | Original Name | | 2001 | |
|---|---|---|---|---|---|---|---|
| | | | | ALAN R MELTON ET AL T/I/C | Same Acct No | 12/31/01 | 2 |
| | | | | 20 BALFOUR DRIVE | | | |
| | | | | WEST HARTFORD    CT 06117 | 1-ZA894-3-0    -7206 | Orig Soc Sec No | |

| | | | | | |
|---|---|---|---|---|---|
| 12/31 | 725,000 | | 12802 | U S TREASURY BILL DUE 5/30/2002          5/30/2002 | 99.280 | 719,780.00 |
| 12/31 | 8,502 | | 16919 | FIDELITY SPARTAN U S TREASURY MONEY MARKET | 1 | 8,502.00 |
| 12/31 | | 26,688 | 89755 | FIDELITY SPARTAN U S TREASURY MONEY MARKET | 1 | 26,688.00 |
| 12/31 | | 125,000 | 93992 | U S TREASURY BILL DUE 2/7/2002          2/07/2002 | 99.830 | 124,787.50 |
| 12/31 | | 650,000 | 98115 | U S TREASURY BILL DUE 3/7/2002          3/07/2002 | 99.690 | 647,985.00 |

NEW BALANCE                                                                                  .27

SECURITY POSITIONS               MKT PRICE
        8,502       FIDELITY SPARTAN              1
                    U S TREASURY MONEY MARKET
      725,000       U S TREASURY BILL          99.320
                    DUE 5/23/2002
                          5/23/2002
      725,000       U S TREASURY BILL          99.280
                    DUE 5/30/2002
                          5/30/2002

MARKET VALUE OF SECURITIES
         LONG              SHORT
    1,448,352.00

MDPTPP065

**New Name**  **2002**

MELTON FAMILY LLC

**Same Acct No.**   12/31/02   2

20 BALFOUR DRIVE
WEST HARTFORD   CT 06117

1-ZA894-3-0   ─1416   **New TIN**

| Date | | | | Description | | Price | Amount | |
|---|---|---|---|---|---|---|---|---|
| 12/31 | | | | TRANS TO 40 ACCT | JRNL | | 214,316.00 | |
| 12/31 | | 51,698 | 1903 | FIDELITY SPARTAN U S TREASURY MONEY MARKET | 1 | | | 51,698.00 |
| 12/31 | 800,000 | | 21695 | U S TREASURY BILL DUE 5/1/2003  5/01/2003 | | 99.603 | 796,824.00 | |
| 12/31 | 800,000 | | 25790 | U S TREASURY BILL DUE 5/8/2003  5/08/2003 | | 99.580 | 796,640.00 | |
| 12/31 | 6,749 | | 30070 | FIDELITY SPARTAN U S TREASURY MONEY MARKET | 1 | | 6,749.00 | |
| | | | | NEW BALANCE | | | | .56 |
| | | | | SECURITY POSITIONS | MKT PRICE | | | |
| | 6,749 | | | FIDELITY SPARTAN U S TREASURY MONEY MARKET | 1 | | | |
| | 800,000 | | | U S TREASURY BILL DUE 5/1/2003  5/01/2003 | | 99.603 | | |
| | 800,000 | | | U S TREASURY BILL DUE 5/8/2003  5/08/2003 | | 99.580 | | |

MARKET VALUE OF SECURITIES
        LONG              SHORT
     1,600,213.00

Exhibit 2b

It is highly possible that this is not the only case, which was flawed in the correlation and accounting system used to determine Net Equity. Out of the approximately 5,300 cases with an account, over 2,600 were DENIED. There were probably a small percentage of those cases, which fell into the same category as mine and were treated incorrectly by the Trustee and Accountant not correlating account numbers with TIN, EIN or Soc Sec numbers throughout the 1992-2007 period. Consider two situations:

1. Similar to mine, as recommended by their financial advisors, some investors with one account changed into Trusts or LLC's and started new accounts with new TIN's. (Two accounts never existed at the same time)
2. As people got older and passed away, they may have left their accounts in their wills or Trusts to children, who may have, for whatever the situation, decided to remain with Madoff but had to change the name of the account and supply a new TIN number.

The accountants, who had access to every statement from Madoff and especially the end of the year statements, should have detected these situations. They should have correlated the account number to the same name and TIN number for 1992-2007 (a total of 16 end of the year accounts) or they could have simply taken the end of year 1992 and end of year 2007 and made sure the account number, TIN or SSN and Name were all the same. If not, there should have been a drill down to see when two accounts should have been created.

If this correlation cannot be shown to have been performed by the accounting firm, employed by the Trustee, then for those cases where this was not performed, and had an impact on the outcome, a challenge can jeopardize the entire definition and reliability of the NET EQUITY formulation referred to by the Trustee, and all documents based on this formulation, as well as all firms employed thereunder.

I appreciate the opportunity to share my observations with Your Honor. I request that my accounts be revisited to correct the NET EQUITY in my first and subsequent second account. I would appreciate your decision on this matter. Thank you very much.

Sincerely,
Alan R Melton MD