# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

Nicholas J. Cremona
direct dial: 212.589.4682
ncremona@bakerlaw.com

September 23, 2019

**VIA ECF AND ELECTRONIC MAIL**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1408

Re:   *Picard v. Carol Nelson*, Adv. Pro. No. 10-04658 (SMB)
      *Picard v. Carol Nelson, et al.*, Adv. Pro. No. 10-04377 (SMB)

Dear Judge Bernstein:

  We are counsel to Irving H. Picard, as trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* and the chapter 7 estate of Bernard L. Madoff. We write in response to two issues raised in the Declaration of Helen Davis Chaitman in Opposition to the Trustee's Evidentiary Rulings in His Proposed Findings of Fact and Conclusions of Law, Adv. Pro. No. 10-04658, ECF No. 178; Adv. Pro. No. 10-04377, ECF No. 175 ("Opposition Declaration"), and the Declaration of Helen Davis Chaitman in Support of Defendants' Post-Trial Proposed Findings of Fact and Conclusions of Law, Adv. Pro. No. 10-04658, ECF No. 179, Ex. 1; Adv. Pro. No. 10-04377, ECF No. 176, Ex. 1 ("Proposed Findings Declaration").

  First, in the Opposition Declaration, Defendants allege that the Trustee's counsel did not provide the Trustee's demonstrative exhibits or documents underlying his summary exhibits in advance of trial. Defendants' counsel claims she was handed these documents for the first time at trial on May 8, 2019. This statement is untrue. On May 6, 2019, with a cover letter detailing the enclosures, the Trustee's counsel hand-delivered to Chaitman LLP (1) hard copies of the Trustee's demonstratives marked as TXDEM001 to TXDEM021; (2) a courtesy copy of the Trustee's May 6, 2019 letter transmitting his trial exhibits and exhibit lists to the Court; (3) the Trustee's exhibit list, previously sent on May 1, 2019 along with a full set of exhibits, updated to correct formatting and typographical errors; and (4) and a compact disc containing Trustee's

**VIA ECF AND ELECTRONIC MAIL**

Honorable Stuart M. Bernstein
September 23, 2019
Page 2

exhibit TX375 (full set of documents underlying summary exhibits).  *See* Opposition Declaration, Exhibit C.  Attached as Exhibit 1 hereto are both the Request for Messenger Services and the signed confirmation of delivery to Chaitman LLP.  The Trustee adequately complied with the Court's Order Setting Trial, ECF No. 126, Chambers Rules, and local practice on the timing and exchange of the trial exhibits and demonstrative exhibits.

Second, the Court allowed Ms. Chaitman to submit a chart of treasury bills that she alleges should be credited to Defendants' BLMIS accounts, in lieu of continuing her cross-examination of Mr. Bruce Dubinsky.  In their Proposed Findings Declaration, Defendants submit as Exhibits A – C, charts and documents identifying certain treasury transactions, to support their theory that the interest earned from commingled customer funds that BLMIS invested in treasuries purchased by BLMIS for cash management purposes should be credited to their account.  However, the charts and annexed documents, on their face and devoid of any expert opinion on Defendants' behalf, do not prove an appreciation (or depreciation) of the value of the treasury, that the treasury on the Nelsons' customer statements are the same treasury purchased in the brokerage account, or an actual allocation of the treasury to the Defendants' BLMIS accounts.

At the trial, Mr. Dubinsky's testimony confirmed (1) no treasuries were purchased or traded for any of the investment advisory clients, and (2) the treasuries purportedly purchased for all IA Business accounts were overstated by billions of dollars.  Trial Tr. 129:9-132:14, Adv. Pro. No. 10-04658, ECF No. 181; Adv. Pro. No. 10-04377, ECF No. 178; *see also* TX50.  Specifically, he compared the total dollar amount of all treasuries purportedly held in all IA Business accounts to the total dollar amount of all treasuries purportedly held in the Proprietary Trading Business for the same period.  *Id*. at 130:13–130:25.  This comparison showed that for each of those years, there were not enough treasury positions held in the Proprietary Trading Business to cover the total amount reported on the IA Business customer statements. Tr. 130:25–132:14; TX50.  On the IA Business side, Mr. Dubinsky testified that "even if you add up all the treasuries in those eight brokerage accounts, they're woefully short of what Mr. Madoff or BLMIS was showing on . . . [IA] customer statements for a particular day for all of the treasuries." *Id*. at 177:16–178:12; *see also* Trustee's Findings of Fact and Conclusions of Law ¶¶102–111, Adv. Pro. No. 10-04658, ECF No. 165; Adv. Pro. No. 10-04377, ECF No. 162.

Defendants' post-trial submission does not support a finding that treasuries were purchased for the Nelson's BLMIS accounts.

Respectfully submitted,

*/s/ Nicholas J. Cremona*
Nicholas J. Cremona

Attachment