**CHAITMAN LLP**
465 Park Avenue
New York, New York 10022
Phone & Fax: (888) 759-1114
Helen Davis Chaitman
hchaitman@chaitmanllp.com

*Attorneys for Defendants Carol Nelson and Stanley Nelson*

**UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                      Plaintiff-Applicant,<br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br>                      Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br>                      Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC<br><br>                      Plaintiff,<br>v.<br><br>CAROL NELSON, individually and as joint tenant, and STANLEY NELSON, individually and as joint tenant,<br>                      Defendants. | Adv. Pro No. 10-04377 (SMB) |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC<br><br>                      Plaintiff,<br>v.<br><br>CAROL NELSON,<br>                      Defendant. | Adv. Pro No. 10-04658 (SMB) |

**SUPPLEMENTAL DECLARATION OF HELEN DAVIS CHAITMAN
IN FURTHER SUPPORT OF DEFENDANTS'
MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

I, Helen Davis Chaitman, hereby declare, under penalty of perjury pursuant to 28 U.S.C. §1746, as follows:

1. I am a member of the bars of New York and New Jersey, and of this Court. I am a member of Chaitman LLP, counsel for the Defendants Carol Nelson and Stanley Nelson (the "Defendants"). I submit this Supplemental Declaration in further support of Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction.

2. In his Opposition filed on September 18, 2019, the Trustee states that the 2017 Fraudulent Coribello Declarations and the custodian of records declarations that the Trustee obtained in 2015 were "for different accounts." (Trustee's Br. at 20).

3. However, what the Trustee has not admitted is that he procured the 2017 Fraudulent Coribello Declarations long after he already had the documents they purport to certify, and a year after this Court's decisions in *Avellino. See In re Bernard L. Madoff Inv. Sec. LLC*, 557 B.R. 89 (Bankr. S.D.N.Y. 2016) (*"Avellino"*), *reconsideration denied*, 2016 WL 6088136 (Bankr. S.D.N.Y. Oct. 18, 2016) (*"Avellino Reconsideration Decision"*).

4. FTI Consulting, Inc., the Trustee's own experts, opined concerning these precise documents in 2012. For example, Exhibit 2 to the November 15, 2012 Greenblatt Report lists the documents he purportedly relied upon in preparing his report. Many of the identical bates numbers that appear on the 2017 Fraudulent Coribello Declarations also appear in Exhibit 2 to the Greenblatt Report, as do documents with the same bates prefix but bearing sequentially later numbers. A copy of the 2017 Fraudulent Coribello Declarations is attached as **Exhibit A** hereto A copy of the Greenblatt Report and its Exhibits is attached as **Exhibit B hereto.** *Compare:* Exhibit A hereto, 2017 Fraudulent Coribello Declarations at 7 of 19, listing Account Statements for the 703 and 509 Accounts, showing various numbers from JPMSAB0000001-4518 as account

{00042632 1 }

statements for the 703 Account, and showing various numbers from JPMTAA0000002-328 as account statements for the 509 Account, with Exhibit B hereto, Exhibit 2 to the Greenblatt report at 1 of 18, showing JPMSAB0000001-4570, JPMTAA0000002-331. These documents are simply examples. There are numerous other references that are identical in each.

5. Further, as Greenblatt indicates, "third-party supporting documentation, in the form of bank statements and cancelled checks, was available for the full ten-year period prior to the collapse." He specifically refers to the 703 and 509 accounts in the same paragraph. *See* **Exhibit B**, Greenblatt Report at 3.

6. The Trustee has not produced the custodian certification that accompanied the JPMC production upon which Greenblatt relied. Nor has he explained why he sought and obtained new certifications in 2017 to replace what was originally provided with the documents. Nor has he explained why he would have sought production of documents he had obtained at least five years earlier. Finally, we remind the Court that Coribello does not even purport to have any personal knowledge about the Madoff accounts at JPMC. She obviously just signed whatever the Trustee put in front of her.

7. The conclusion is inescapable that the Trustee sought and obtained the 2017 Fraudulent Coribello Declarations in order to manufacture a defense to this Court's decisions in *Avellino*.

Dated: New York, New York
September 24, 2019

                                         */s/ Helen Davis Chaitman*
                                            Helen Davis Chaitman

{00042632 1 }