**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                              Plaintiff,<br><br>           v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                              Defendant. | No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>                              Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>                              Plaintiff,<br><br>           v.<br><br>BAM L.P., MICHAEL MANN, and MERYL MANN,<br><br>                              Defendant. | Adv. Pro. No. 10-04390 (SMB) |

**ORDER DENYING THE TRUSTEE'S MOTION FOR SUMMARY JUDGMENT AND GRANTING RELIEF UNDER FEDERAL RULE OF CIVIL PROCEDURE 56(g)**

The Court has considered the motion of Irving H. Picard (the "Trustee"), as Trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa-*lll*, and the substantively consolidated chapter 7 estate of Bernard L. Madoff ("Madoff"), seeking summary judgment pursuant to Federal Rule of Civil Procedure 56, as incorporated in this proceeding by Federal Rule of Bankruptcy Procedure 7056 (the "Motion") (ECF Nos. 140-143); Defendants BAM L.P., Michael Mann, and Meryl Mann

("Defendants")'s memorandum of law in opposition to the Motion and their accompanying documents (ECF No. 158-160); the Trustee's submissions in further support of the Motion (ECF Nos. 164, 166-167); the arguments of counsel at the hearing on April 24, 2019, and the record in the case.

Accordingly, for the reasons set forth in the Memorandum Decision Granting Relief Under Federal Rule of Civil Procedure 56(g) dated September 11, 2019 (ECF No. 174), **IT IS HEREBY ORDERED** that:

(1) The Trustee has established that there is no genuine disputed issue of fact that: (a) Madoff operated BLMIS as a Ponzi scheme; (b) the transfers of $2,813,000 to or for the benefit of Defendants within two years of December 11, 2008 (the "Two-Year Transfers") consisted of fictitious profits in the sense that the Defendants had exhausted the amounts of their deposits before the onset of the Two-Year Period; and (c) the Trustee is entitled to rely on the Ponzi scheme presumption and has demonstrated that the Two-Year transfers were made with the actual intent to hinder delay or defraud creditors within the meaning of 11 U.S.C. §§ 548(a)(1)(A) and 550(a);

(2) The criminal allocutions of Bernard L. Madoff and Frank DiPascali establish *prima facie* that Madoff ran BLMIS as a Ponzi scheme;

(3) The Court: (a) finds that the Defendants' voluntary withdrawal of their Customer Claims with prejudice was a final judgment meeting the first prong of *res judicata* and (b) rejects the Trustee's argument that the parties' prior litigation relating to the allowability of the Defendants' net equity claims (the "Claims Litigation") and this adversary proceeding (the "Avoidance Action") are the "same cause of action" that would bar the defenses raised by the Defendants in the Avoidance Action;

(4) The Court affirms its prior rulings rejecting the Defendants' argument that Defendants provided "value" within the meaning of section 548(c) of the Bankruptcy Code because the Two-Year Transfers satisfied (i) obligations incurred by BLMIS under the New York Uniform Commercial Code when BLMIS issued customer statements showing securities transactions, and (ii) state and federal securities fraud claims held by the Defendants against BLMIS;

(5) The Trustee and Defendants are directed to contact this Court's chambers to schedule a final pre-trial conference on the remaining issue of disputed fact: whether the Two-Year Transfers were transfers by the SIPA debtor within the meaning of SIPA § 78fff-2(c)(3) and 11 U.S.C. § 548 (a)(1)(A); and

(6) The Trustee's Motion is otherwise denied.

Dated: **September 24th, 2019**

                                      **/s/ STUART M. BERNSTEIN**_____
                                      HONORABLE STUART M. BERNSTEIN
                                      UNITED STATES BANKRUPTCY JUDGE