# EXHIBIT C

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,  Plaintiff-Applicant,  v.  BERNARD L. MADOFF INVESTMENT SECURITIES LLC,  Defendant. | Adv. Pro. No. 08-01789 (SMB)  SIPA LIQUIDATION  (Substantively Consolidated) |
| In re:  BERNARD L. MADOFF,  Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,  Plaintiff,  v.  CARDINAL MANAGEMENT, INC., and DAKOTA GLOBAL INVESTMENTS, LTD.,  Defendants. | Adv. Pro. No. 10-04287 (SMB) |

1

**DECLARATION OF IRVING H. PICARD, TRUSTEE, IN
SUPPORT OF MOTION FOR ENTRY OF ORDER
PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY
CODE AND RULES 2002 AND 9019 OF THE FEDERAL
RULES OF BANKRUPTCY PROCEDURE APPROVING A
SETTLEMENT AGREEMENT BY AND BETWEEN THE
TRUSTEE AND CARDINAL MANAGEMENT, INC. AND
<u>DAKOTA GLOBAL INVESTMENTS, LTD.</u>**

1.  I am the trustee ("Trustee") for the liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa–*lll*, and the substantively consolidated Chapter 7 estate of Bernard L. Madoff (together with BLMIS, the "Debtors"). I am familiar with the affairs of the Debtors. I respectfully submit this Declaration in support of the motion (the "Motion") seeking entry of an order, pursuant to 11 U.S.C. § 105(a) of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*, and Rules 2002 and 9019 of the Federal Rules of Bankruptcy Procedure, approving the settlement agreement (the "Agreement") by and between the Trustee, on the one hand, and Cardinal Management, Inc. ("Cardinal Management") and Dakota Global Investments, Ltd. ("Dakota"), on the other hand.

2.  I make this Declaration based upon my own personal knowledge or upon information I believe to be true.

3.  All capitalized terms not defined herein have the meaning ascribed to them in the Agreement submitted as Exhibit A to the Motion.

4.  I believe that the terms of the Agreement fall well above the lowest point in the range of reasonableness and, accordingly, the Agreement should be approved by this Court. The Agreement resolves all issues regarding the asserted and unasserted claims between the Trustee, on the one hand, and Cardinal Management and Dakota, on the other hand, without the need for protracted and costly litigation, the outcome of which is uncertain. Litigating the claims would undoubtedly be complex, create further delay, and would involve litigation risks associated with

the unique facts of this case.

5.      As part of the Agreement, the Parties have reached a good faith, complete, and total compromise as to any and all claims the Trustee has asserted against Cardinal Management and Dakota in this Adversary Proceeding.

6.      The Agreement furthers the interest of BLMIS customers by, among other things, adding $11,000.000.00 to the customer property fund, thereby increasing it by approximately 0.018%, and (b) recovering 39.184% of the withdrawals during the Two-Year Period.

7.      Given the complexities involved in proceeding with further litigation, I have determined, in my business judgment, that the Agreement represents a fair compromise of the claims against Cardinal Management and Dakota and Cardinal Management's Customer Claims.

I declare under penalty of perjury (28 U.S.C. Section 1746) that the foregoing is true and correct.

Executed on September 30, 2019

*/s/ Irving H. Picard*
Irving H. Picard, Trustee