**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br> Defendant. | Adv. Pro. No. 08-01789 (SMB) <br><br> SIPA Liquidation <br><br> (Substantively Consolidated) |
| In re: <br><br> BERNARD L. MADOFF, <br><br> Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, <br><br> Plaintiff, <br><br> v. <br><br> FAIRFIELD INVESTMENT FUND LIMITED, STABLE FUND, FAIRFIELD GREENWICH LIMITED, FAIRFIELD GREENWICH (BERMUDA), LTD., FAIRFIELD GREENWICH ADVISORS LLC, FAIRFIELD INTERNATIONAL MANAGERS, INC., WALTER NOEL, JEFFREY TUCKER, ANDRES PIEDRAHITA, AMIT VIJAYVERGIYA, PHILIP TOUB, CORINA NOEL PIEDRAHITA, FAIRFIELD GREENWICH CAPITAL PARTNERS and SHARE MANAGEMENT LLC, <br><br> Defendants. | Adv. Pro. No. 09-01239 (SMB) |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff, <br><br> Plaintiff, | Adv. Pro. No. 12-01701 (SMB) |

|  |  |
|---|---|
| v.<br><br>PF TRUSTEES LIMITED, in its capacity as trustee of RD TRUST, SAFEHAND INVESTMENTS, and STRONGBACK HOLDINGS<br><br>                Defendants. |  |
| In re:<br><br>FAIRFIELD SENTRY LIMITED, et al.,<br><br>Debtors in Foreign Proceedings. | Chapter 15 Case<br><br>Case No. 10-13164 (SMB)<br><br>Jointly Administered |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, as assignee of Fairfield Sentry Limited,<br><br>                Plaintiff,<br><br>        v.<br><br>FAIRFIELD GREENWICH GROUP, FAIRFIELD GREENWICH (BERMUDA) LIMITED, FAIRFIELD GREENWICH ADVISORS, LLC, FAIRFIELD GREENWICH LIMITED, FAIRFIELD INTERNATIONAL MANAGERS, INC., WALTER M. NOEL, JR., JEFFREY TUCKER, ANDRÉS PIEDRAHITA, AMIT VIJAYVERGIYA, PHILIP TOUB, AND CORINA NOEL PIEDRAHITA,<br><br>                Defendants. | Adv. Pro. No. 10-03800 (SMB) |
| FAIRFIELD GREENWICH (BERMUDA) LIMITED,<br><br>                Third-Party Plaintiff,<br>    vs.<br><br>FAIRFIELD SENTRY LIMITED (IN LIQUIDATION),<br><br>Third-Party Defendant. |  |

# ORDER CONCERNING MEDIATION

**WHEREAS**, Irving H. Picard, as trustee (the "Trustee") for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa–*lll*, and the estate of Bernard L. Madoff, the liquidators of Fairfield Sentry Limited (the "Liquidators") and the Defendants in the above-captioned actions (each a "Party"; collectively, the "Parties"), desire to submit the claims in the above-captioned actions (the "Actions") to mediation[1].

**NOW, THEREFORE, IT IS HEREBY ORDERED**, as follows:

1. The Trustee and the Defendants in the above-captioned actions (and the Liquidators, should Sentry join the mediation described in this Paragraph 1), by and through their respective counsel, shall submit to mediation (the "Mediation") consistent with the Court's General Order M-390 Amending And Restating Adopted Procedures Governing Mediation of Matters in Bankruptcy Cases and Adversary Proceedings dated December 1, 2009, and any amendments thereto, on the issues presented in the Actions.

2. The Mediation shall be conducted by **Richard Davis, Esq.**, the mediator, at a location to be determined by the mediator, commenced on a date to be determined by the mediator, and to be continued on additional day(s) to be agreed upon by the Parties and the mediator.  **[SMB: 10/11/19]-**

3. No Party shall be bound by anything said or done during the Mediation, unless a Party voluntarily agrees to be so bound by a written and signed stipulation submitted to the

---

[1] **The Trustee has represented that** while the Trustee and the Defendants in the above-captioned action have agreed to pursue mediation, the Liquidators on behalf of Fairfield Sentry Limited ("Sentry") are currently engaged in discussion with the other Parties regarding the terms of their potential participation in the mediation.  While such discussion has not yet been completed, the Liquidators have nevertheless agreed at this time for Sentry to join this proposed stay.  **[SMB: 10/11/19]**

3


mediator and the other Parties.

4.  The Mediation process shall be considered a settlement negotiation for the purpose of all federal and state rules protecting disclosures made during such negotiations from later discovery or use in evidence.  The entire Mediation procedure shall be confidential, and no stenographic or other record shall be made except to memorialize a settlement record.  All communications, oral or written, that a Party or its employees or other agents make during the Mediation are confidential.  Such communications, statements, promises, offers, views and opinions shall not be discoverable or admissible for any purpose, including impeachment, in any litigation or other proceeding involving the Parties.  Evidence otherwise discoverable or admissible is not excluded from discovery or admission in evidence simply as a result of having been used in connection with the Mediation process.

5.  The mediator and his/her agents shall have immunity consistent with §6.0 of the General Order M-452, amending and reinstating General Orders M-143, M-211 and M-390, Re: Procedures Governing Mediation of Matters and the Use of Early Neutral Evaluation and Mediation/Voluntary Arbitration in Bankruptcy Cases and Adversary Proceedings, §6.0 (Bankr. S.D.N.Y. June 28, 2013), and from compulsory process to testify or produce documents in connection with the Mediation.

6.  The Parties: (i) shall not call or subpoena the mediator as a witness or expert in any proceeding relating to the Mediation, the subject matter of the Mediation, or any thoughts or impressions that the mediator may have about the Parties in the Mediation; (ii) shall not subpoena any notes, documents or other material prepared by the mediator in connection with the Mediation; and (iii) shall not offer into evidence any statements, views or opinions of the mediator.

7. The Parties must be prepared to mediate in good faith and exchange offers at the Mediation.

8. The Parties shall report to the Court on the progress of the Mediation at a status conference scheduled for November 26, 2019.

9. The Actions shall be stayed, and all deadlines in the Actions held in abeyance, through December 31, 2019 and until such time as the Court has entered a further order extending the stay of the Actions or resetting the deadlines held in abeyance under this order.

It is **SO ORDERED**.

Dated: October 11, 2019
      New York, New York

/s/ *Stuart M. Bernstein*
STUART M. BERNSTEIN
United States Bankruptcy Judge