**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: 212-589-4200
Facsimile: 212-589-4201
David J. Sheehan
dsheehan@bakerlaw.com
Nicholas J. Cremona
ncremona@bakerlaw.com
Michael A. Sabella
msabella@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and for the Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 10-04341 (SMB) |
| Plaintiff, | |
| v. | |
| JAMES P. MARDEN, IRIS ZURAWIN MARDEN, and PATRICE M. AULD, | |
| Defendants. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 10-04343 (SMB) |

|  |  |
|---|---|
| Plaintiff, <br><br> v. <br><br> PATRICE M. AULD, MERRITT KEVIN AULD, and JAMES P. MARDEN, <br><br> Defendants. |  |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, <br><br> Plaintiff, <br><br> v. <br><br> MARDEN FAMILY LIMITED PARTNERSHIP, a Delaware limited partnership; B&C MARDEN LLC, a Delaware limited liability company; BERNARD A. MARDEN REVOCABLE TRUST, a Florida trust; ESTATE OF BERNARD A. MARDEN; CHARLOTTE MARDEN (aka CHRIS MARDEN), as trustee and as an individual; PATRICE M. AULD, as trustee, as personal representative, and as an individual; and JAMES P. MARDEN, as trustee, as personal representative, and as an individual, <br><br> Defendants. | Adv. Pro. No. 10-04348 (SMB) |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, <br><br> Plaintiff, <br><br> v. <br><br> CHARLOTTE M. MARDEN; THE CHARLOTTE M. MARDEN IRREVOCABLE INSURANCE TRUST, a Florida trust; NEAL J. NISSEL, as trustee; JAMES P. MARDEN; PATRICE M. AULD; ALEXANDRIA K. MARDEN; GABRIELLE Z. MARDEN; MEGHAN M. AULD; ELIZABETH C. AULD; AND O.A., a minor, <br><br> Defendants. | Adv. Pro. No. 10-05118 (SMB) |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 10-05168 (SMB) |

2

|  |  |
|---|---|
| Plaintiff,<br><br>v.<br><br>BERNARD MARDEN PROFIT SHARING PLAN; PATRICE M. AULD, as trustee of Bernard Marden Profit Sharing Plan; and JAMES P. MARDEN, as trustee of Bernard Marden Profit Sharing Plan,<br><br>Defendants. |  |

**STIPULATION AND ORDER REFERRING ADVERSARY
PROCEEDINGS TO MEDIATION AND APPOINTING MEDIATOR**

On November 10, 2010, this Court entered the Order (1) Establishing Litigation Case Management Procedures for Avoidance Actions and (2) Amending the February 16, 2010 Protective Order (the "Litigation Procedures Order")[1] [Adv. Pro. No. 08-01789 (SMB), Dkt. No. 3141]. Pursuant to the Notices of Applicability filed by Plaintiff Irving H. Picard (the "Trustee"), as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* ("SIPA"), and the substantively consolidated estate of Bernard L. Madoff individually ("Madoff"), in the five above-captioned Adversary Proceedings (collectively, the "Adversary Proceedings),[2] the Litigation Procedures Order and the avoidance procedures contained therein (the "Avoidance Procedures") are applicable to these matters.

The Parties hereby submit the following information in connection with these Adversary Proceedings:

---

[1] All terms not defined herein shall be given the meaning ascribed to them in the Litigation Procedures Order.

[2] The Notices of Applicability were filed in these adversary proceedings as follows: (i) filed on April 8, 2013 in Adversary Proceeding No. 10-04341 [Dkt. No. 27]; (ii) filed on April 8, 2013 in Adversary Proceeding No. 10-04343 [Dkt. No. 27]; (iii) filed on April 8, 2013 in Adversary Proceeding No. 10-04348 [Dkt. No. 27]; (iv) filed on December 2, 2010 in Adversary Proceeding No. 10-05118 [Dkt. No. 2]; and (v) filed on December 3, 2010 in Adversary Proceeding No. 10-05168 [Dkt. No. 2].

1. <u>Case Management Order Deadlines.</u>

    a. On August 2, 2019, the Trustee, with the consent of Defendants, filed the Amended Case Management Orders (the "Case Management Orders") in the Adversary Proceedings setting forth the common following deadlines ("Case Management Deadlines"):

        i. Fact Discovery shall be completed by: November 22, 2019.

        ii. The Disclosure of Case-in-Chief Experts shall be due: January 28, 2020.

        iii. The Disclosure of Rebuttal Experts shall be due: March 3, 2020.

        iv. The Deadline for Completion of Expert Discovery shall be: March 30, 2020.

        v. The Deadline for Service of a Notice of Mediation Referral shall be: April 6, 2020.

        vi. The Deadline to Choose a Mediator and File a Notice of Mediator Selection shall be: April 20, 2020.

        vii. The Deadline for Conclusion of Mediation shall be: August 14, 2020.

2. <u>Settlement Discussions.</u>

    a. Pursuant to the Avoidance Procedures, an avoidance action shall be referred to mediation upon the completion of discovery or by agreement of the parties prior to completion of discovery. Avoidance Procedures, ¶ 5A.

    b. Prior to the close of fact discovery, the Parties have engaged, and are engaged, in settlement discussions concerning a possible resolution of these Adversary Proceedings.

    c. The Parties agree that early mediation in these Adversary Proceedings may facilitate settlement discussions and potentially result in a consensual resolution of some or all of these Adversary Proceedings.

    d. In consideration of the Parties' desire to mediate their disputes in these Adversary Proceedings prior to the close of fact discovery, and in the interests of minimizing costs and expenses to the Parties that would otherwise be incurred in the course of fact discovery and further pretrial proceedings, the Parties agree and hereby request that the Case Management Deadlines be held in abeyance as of the date of entry of this Stipulation and Order (as hereinafter defined).

3. <u>Mediation.</u>

    a. Through this Stipulation and Order Referring Adversary Proceedings to Mediation and Appointing Mediator (the "Stipulation and Order"), and pursuant to the Avoidance Procedures, the Parties hereby mutually select from the Mediation Register Deborah A. Reperowitz, Esq., a member of the law firm of Stradley Ronon Stevens & Young, LLP, to serve as mediator in these Adversary Proceedings. The Parties further agree to jointly contact Ms. Reperowitz as soon as practicable after entry of this Stipulation and Order.

    b. The mediation shall be conducted in accordance with, and shall be subject to the protections provided by, this Court's General Order No. M-390 dated December 1, 2009, and the mediation procedures in Section 5 of the Avoidance Procedures implemented by the Litigation Procedures Order.

    c. The Parties further agree that no person shall act as mediator for these Adversary Proceedings if that person, or that person's law firm, currently

represents a party with respect to the BLMIS liquidation proceeding or any other BLMIS-related adversary proceeding, unless the Parties give prior written consent that the person may act as mediator.

d. Pursuant to the Avoidance Procedures, the Parties agree that this mediation will conclude not more than 120 days from the date of entry of the Court's order approving this Stipulation and Order ("Approval Date"), unless that deadline is extended by mutual consent of the Parties and the mediator or by order of the Court.

e. The Case Management Deadlines shall be held in abeyance without further order or notice pending the completion of the mediation and, if required, the entry of further Case Management Orders as provided below.

[*Continued on following page*]

      f.   In the event that the mediation does not result in a resolution of all of these Adversary Proceedings, then upon either the later of (i) 120 days after the Approval Date, or (ii) a mediation deadline mutually extended by the Parties and the mediator, the Parties shall submit further amended Case Management Orders establishing new Case Management Deadlines satisfactory to this Court for any Adversary Proceeding(s) not fully resolved by the mediation.

Dated: New York, New York
       October __, 2019

| **PRYOR CASHMAN LLP** | **BAKER & HOSTETLER LLP** |
|---|---|
| By: */s/ Richard Levy, Jr.* <br> 7 Times Square <br> New York, New York   10036 <br> Telephone: (212) 421-4100 <br> Facsimile: (212) 326-0806 <br> Richard Levy, Jr. <br> Email: rlevy@pryorcahsman.com <br> David C. Rose <br> Email: drose@pryorcashman.com <br> Eric D. Dowell <br> Email: edowell@pryorcashman.com <br><br> *Attorneys for Defendants* | By: */s/ Nicholas J. Cremona* <br> 45 Rockefeller Plaza <br> New York, New York 10111 <br> Telephone: (212) 589-4200 <br> Facsimile: (212) 589-4201 <br> David J. Sheehan <br> Email: dsheehan@bakerlaw.com <br> Nicholas J. Cremona <br> Email: ncremona@bakerlaw.com <br> Michael A. Sabella <br> Email: msabella@bakerlaw.com <br><br> *Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and for the Estate of Bernard L. Madoff* |

                                                **SO ORDERED.**

**Dated:** New York, New York         **/s/ STUART M. BERNSTEIN**
       October **18th**, 2019           HONORABLE STUART M. BERNSTEIN
                                           UNITED STATES BANKRUPTCY JUDGE