**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                  Plaintiff-Applicant,<br><br>    v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                  Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>                  Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and for the Estate of Bernard L. Madoff,<br><br>                  Plaintiff,<br><br>    v.<br><br>CAROL NELSON,<br><br>                  Defendant. | Adv. Pro. No. 10-04658 (SMB) |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and for the Estate of Bernard L. Madoff,<br><br>                  Plaintiff,<br><br>    v.<br><br>CAROL NELSON, Individually and as Joint Tenant; and STANLEY NELSON, Individually and as Joint Tenant,<br><br>                  Defendants. | Adv. Pro. No. 10-04377 (SMB) |

**ORDER REGARDING SUPPLEMENTAL BRIEFING**

The Defendants have moved to dismiss the complaint arguing that the Trustee, Irving H. Picard, lacks standing to pursue his avoidance claims because the transfers at issue were made by Madoff, individually, rather than by Bernard L. Madoff Investment Securities LLC, the debtor under SIPA. (*See The Nelsons' Memorandum of Law in Support of Motion to Dismiss for Lack of Subject-Matter Jurisdiction*, dated Aug. 8, 2019 (ECF Adv. Pro. No. 10-04377 Doc. # 167).) The Trustee has opposed the motion contending, among other things, that the Defendants had previously argued in connection with the litigation that culminated in the Second Circuit's decision, *Picard v. Ida Fishman Revocable Tr.* (*In re BLMIS*), 773 F.3d 411 (2d Cir. 2014), *cert. denied*, 135 S. Ct. 2859 (2015), that the transfers at issue were made by BLMIS in connection with a "securities contract" and were "settlement payments." The Second Circuit agreed, and concluded that the safe harbor under 11 U.S.C. § 546(e) barred certain of the Trustee's claims. (*Trustee's Memorandum of Law in Opposition to Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction*, dated Sept. 18, 2019, at 18-19 (ECF Adv. Pro. No. 10-04377 Doc. # 180).) "Having obtained a decision favorable to them premised on the notion that they received transfers *from the broker*, they should not be permitted to disavow that position now." (*Id.* at 19 (emphasis in original).) The Defendants have replied that the argument makes no sense because no one disputes that the Defendants received transfers from a broker or financial institution in connection with a securities contract, and moreover, "[n]either the Nelsons nor Picard can confer subject-matter jurisdiction on this Court based on legal positions they have taken in other cases." (*The Nelsons' Reply Memorandum of Law in Further Support of Motion to Dismiss for Lack of Subject-Matter Jurisdiction*, dated Sept. 20, 2019, at 18-19 (ECF

Adv. Pro. No. 10-04377 Doc. # 184).)  The Court heard argument on September 25, 2019 and reserved decision.

Although neither specifically invokes the doctrine by name, the Trustee's opposition and the Defendants' reply raise the threshold issue of whether judicial estoppel bars the Defendants' argument that the Trustee lacks standing to pursue the avoidance claims because Madoff made the transfers.  *See Intellivision v. Microsoft Corp.*, 784 F. Supp. 2d 356, 363 n.3 (S.D.N.Y. 2011) ("Although the defendant did not formally raise judicial estoppel in response to the plaintiffs' new argument, it emphatically argued that Intellivision's 'new assertion is at odds with the evidentiary record and Intellivision's prior representations to the Court.'") (record citation omitted), *aff'd* 484 F. App'x 616 (2d Cir. 2012).  The parties did not brief the issue beyond what has been said and it is preferable to give them the opportunity to address the issue of judicial estoppel in post-argument submissions.  *See id.*

Accordingly, the parties may file simultaneous supplemental briefs on the issue of whether the Defendants are barred under the doctrine of judicial estoppel from contending that the Trustee lacks standing because the transfers were not made by BLMIS.  The briefs may not exceed ten pages and must be filed within fourteen days of this order.

So ordered.

Dated: New York, NY
       October 23, 2019

                                              /s/ *Stuart M. Bernstein*
                                              STUART M. BERNSTEIN
                                              United States Bankruptcy Court