**CHAITMAN LLP**
465 Park Avenue
New York, New York 10022
Phone & Fax: (888) 759-1114
Helen Davis Chaitman
hchaitman@chaitmanllp.com

*Attorneys for Defendants Carol Nelson and Stanley Nelson*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>　　　　　　　　Plaintiff-Applicant,<br>　　v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br>　　　　　　　　Defendant. | Adv. Pro. No. 08-1789 (SMB)<br>SIPA LIQUIDATION<br>(Substantively Consolidated) |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC<br>　　　　　　　　Plaintiff,<br>　　v.<br>CAROL NELSON, individually and as joint tenant, and STANLEY NELSON, individually and as joint tenant,<br>　　　　　　　　Defendants. | Adv. Pro No. 10-04377 (SMB) |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC<br>　　　　　　　　Plaintiff,<br>　　v.<br>CAROL NELSON,<br>　　　　　　　　Defendant. | Adv. Pro No. 10-04658 (SMB) |

**THE NELSONS' SUPPLEMENTAL MEMORANDUM OF LAW IN**
**FURTHER SUPPORT OF THEIR MOTION TO DISMISS FOR**
<u>**LACK OF SUBJECT MATTER JURISDICTION**</u>

{00043076 2 }

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT ........................................................................................... 1

ARGUMENT ........................................................................................................................ 3

    I.    Judicial Estoppel Can Never Be Applied to Create Subject Matter Jurisdiction Where None Exists ........................................................................... 3

    II.    Judicial estoppel protects the integrity of the judicial system by preventing a plaintiff from invoking federal jurisdiction through false allegations ........................................................................................................... 6

    III.    The Trustee Does Not Meet The Standards for Judicial Estoppel ................... 7

        A.    The Nelsons have not sought an "unfair advantage." ........................... 8

        B.    The Nelsons Are Not Playing Fast and Loose With The Court ............. 9

CONCLUSION .................................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Adelphia Recovery Trust*,
  634 F.3d 678 (2d Cir. 2011) .................................................................................................. 9

*City of Rome, N.Y. v. Verizon Communications, Inc.*,
  362 F.3d 168 (2d Cir. 2004) .................................................................................................. 6

*Creaciones Con Idea SA de CV v. Mashreqbank PSC*,
  232 F.3d 79 (2d Cir. 2000) ................................................................................................ 3, 5

*DeRosa v. Nat'l Envelope Corp.*,
  595 F.3d 99 (2d. Cir. 2010) ............................................................................................... 7, 8

*Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*,
  456 U.S. 694 (1982) .................................................................................................. 1, 3, 4, 5

*Intellivision v. Microsoft Corp.*,
  484 Fed. Appx. 616 (2d Cir. 2012) .................................................................................. 4, 5

*John Birch Soc. v. Nat'l Broadcasting Co.*,
  377 F.2d 194 (2d Cir. 1967) .................................................................................................. 6

*Madeira v. United Talmudical Academy of Kiryas Joel*,
  351 F. Supp.2d 162 (S.D.N.Y. 2004) .................................................................................... 7

*Mason v. American Tobacco Co.*,
  346 F.3d 36 (2d Cir. 2003) .................................................................................................... 2

*Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*,
  429 U.S. 274 (1977) .............................................................................................................. 6

*New Hampshire v. Maine*,
  121 S. Ct. 1808 (2001) .......................................................................................................... 6

*Pernicone v. Ryan*,
  86 CIV. 4498 (SWK), 1989 WL 4500 (S.D.N.Y. Jan. 17, 1989) ...................................... 1, 3

*Picard v. Ida Fishman Revocable Tr. (In re BLMIS)*,
  733 F.3d 411 (2d Cir. 2014) *cert denied*, 135 S. Ct. 2859 (2015) .............................. 1, 2, 8, 9

*Rubin v. Buckman*,
  727 F.3d 71 (3d Cir. 1984) ................................................................................................ 1, 3

*Simon v. Safelite Glass Corp.*,
  128 F.3d 68 (2d Cir. 1997) .................................................................................................... 9

*Simon v. Safelite Glass Corp.*,
  943 F. Supp. 261 (E.D.N.Y. 1996) *aff'd* 128 F.3d 63 (2d Cir. 1997)..........................7

*In re Trace Intern. Holdings, Inc.*
  04 CIV. 1295 (KMW), 2009 WL 1810112 (S.D.N.Y. June 25, 2009)......................7

*United States v. Hussein*,
  178 F.3d 125 (2d Cir. 1999)..................................................................................7

*United States v. King*,
  165 F.3d 15 (2d Cir. 1998)....................................................................................9

*Usdavines v. Weeks Marine, Inc.*,
  418 F.3d 138 (2d Cir. 2005)..................................................................................9

**Statutes**

11 U.S.C. § 546(e) .................................................................................................1, 2, 8, 9

Stanley and Carol Nelson (the "Nelsons"), through their attorneys, Chaitman LLP, submit this supplemental memorandum of law pursuant to this Court's October 23, 2019 order authorizing the parties to "file simultaneous supplemental briefs on the issue of whether the Defendants are barred under the doctrine of judicial estoppel from contending that the Trustee lacks standing because the transfers were not made by [the LLC]." The short answer to the Court's inquiry, in the words of the United States Supreme Court, is that "**principles of estoppel do not apply**" to**,** and no action of the parties can confer, subject-matter jurisdiction upon a federal court. *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 702 (1982) ("*Ireland*") (emphasis added) (internal citations omitted); *see also Rubin v. Buckman*, 727 F.3d 71, 72 (3d Cir. 1984) ("subject-matter jurisdiction can never be created by estoppel."); *Pernicone v. Ryan*, 86 CIV. 4498 (SWK), 1989 WL 4500, at *2 (S.D.N.Y. Jan. 17, 1989) ("[A]s a matter of law, general notions of waiver or judicial estoppel do not apply to defenses based on lack of subject-matter jurisdiction.).

## PRELIMINARY STATEMENT

Desperate to establish subject matter jurisdiction where none exists, the Trustee argues that the Nelsons are estopped from challenging subject-matter jurisdiction because they prevailed in their argument that the Trustee's avoidance powers are limited by 11 U.S.C. § 546(e). *Picard v. Ida Fishman Revocable Tr. (In re BLMIS),* 733 F.3d 411, 417 (2d Cir. 2014) *cert denied*, 135 S. Ct. 2859 (2015) ("*Fishman*"); *Picard v. Grieff*, Adv. Pro. No. 10-4357. The Trustee has not identified a single representation made by any defendants in *Fishman* on which estoppel could be based. The Trustee argues that the *Fishman* defendants generally "invoked the protections of section 546(e) on the bases that they had "securities contracts" with *a* broker and that the transfers they received from the broker were "settlement payments." Trustee's Mem. in Opposition to Defendants' Motion to Dismiss, dated Sept. 18, 2019 at 18-19 (emphasis added). He then argues:

{00043076 2}                                                    1

"[h]aving obtained a decision favorable to them premised on the notion that they received transfers *from the broker*, they should not be permitted to disavow that position now." *Id.* at 19 (emphasis in original). In fact, however, the Nelsons indisputably received checks from a broker, as the Trustee initially acknowledged. *Id.* at 18. However, the broker was Madoff, the individual, not the LLC. Indeed, the Nelsons had been receiving checks from "the broker," Madoff, from 1992 on and, even after the LLC was formed in 2001, they continued to receive checks from "the broker," Madoff.

On a motion to dismiss, of course, the allegations in the Complaint must be accepted as true. *See, e.g. Mason v. American Tobacco Co.*, 346 F.3d 36, 39 (2d Cir. 2003). Defendants argued, as they were required to do, that, even if the LLC made payments to the defendants as the Trustee alleged, the Trustee's fraudulent transfer claims were limited to those permitted under § 546(e). Thus, the issue on the motion to dismiss was the limitations imposed by § 546(e). The issue was not from whom any defendant received withdrawals because, again, the *Fishman* defendants were required to accept as true the allegations of the complaint.

Unlike any of the clawback defendants, the Trustee has had access to the LLC's books and records since December 2008. At the time he filed the clawback complaints in December 2010, the Trustee had already received documents from JPMorgan Chase ("JPMC"), where the 509 and 703 Accounts were held. This is obvious from the complaint he filed against JPMC in December 2010. *Picard v. JPMorgan Chase & Co. et al.*, Adv. Pro. No. 10-04932, Doc. # 4, Redacted Complaint[1] at, *e.g.* ¶ 264 ("JPMC's records indicate. . .") Defendants did not have access to either JPMC's documents or to the LLC's and Madoff's documents at the time they filed the motion to

---

[1] The Unredacted Complaint was filed under seal on December 2, 2010, and is Doc. # 1.

{00043076 2 }                              2

dismiss. Thus, the truth behind the Trustee's mistake that the LLC rather than Madoff individually made the transfers (assuming it was a mistake) could not have been known to them.

Subject-matter jurisdiction either exists or it does not exist. The law is absolutely clear that no party can confer subject-matter jurisdiction on a federal court. Whether the Trustee was attempting to deliberately defraud the defendants and the court; or whether he made an honest mistake, the United States Constitution does not permit a plaintiff to fabricate subject matter jurisdiction where none exists. Viewing the facts in a light most favorable to the Trustee, he made a mistake in alleging that the defendants received transfers from the LLC and in asserting subject matter jurisdiction based upon that mistake. But whether accidental or deliberate, the Trustee's false allegation does not create subject-matter jurisdiction.

## ARGUMENT

### I. Judicial Estoppel Can Never Be Applied to Create Subject Matter Jurisdiction Where None Exists

The Supreme Court has made it absolutely clear that neither a dishonest or careless plaintiff nor any argument by a defendant can create subject-matter jurisdiction. The Court wrote:

> no action of the parties can confer subject-matter jurisdiction upon a federal court. Thus, the consent of the parties is irrelevant, **principles of estoppel do not apply**, and a party does not waive the requirement by failing to challenge jurisdiction early in the proceedings.

*Ireland,* 456 U.S. 694, 702 (1982) (emphasis added) (internal citations omitted); *see also Creaciones Con Idea SA de CV v. Mashreqbank PSC*, 232 F.3d 79, 82 (2d Cir. 2000) ("Defendant's assertions about its corporate citizenship in unrelated cases therefore could not preclude either the Defendant from arguing, or the District Court from concluding, that diversity jurisdiction was absent in this case."); *Rubin v. Buckman*, 727 F.3d 71, 72 (3d Cir. 1984) ("subject-matter jurisdiction can never be created by estoppel."); *Pernicone v. Ryan*, 86 CIV. 4498 (SWK), 1989

{00043076 2}    3

WL 4500, at *2 (S.D.N.Y. Jan. 17, 1989) ("[A]s a matter of law, general notions of waiver or judicial estoppel do not apply to defenses based on lack of subject-matter jurisdiction.).

In *Ireland*, the Supreme Court differentiated between (a) personal jurisdiction, to which principles of estoppel can sometimes apply, because a party can consent to, or indeed can waive any challenge to, personal jurisdiction, and (b) subject-matter jurisdiction, to which principles of estoppel can never apply, because subject-matter jurisdiction either exists or it does not. *Ireland*, 456 U.S. at 702-704. Thus, even if the Nelsons had previously taken and prevailed upon the position that the LLC, rather than Madoff, made transfers to them, (and, as set forth in **Section III A** below, they did not), they simply cannot be judicially estopped from raising a challenge to the existence of subject-matter jurisdiction once the truth about the factual predicate for jurisdiction is discovered.

The Second Circuit's decision in *Intellivision v. Microsoft Corp.*, 484 Fed. Appx. 616 (2d Cir. 2012), is not to the contrary. There, the court simply applied the principles of judicial estoppel which, as the Supreme Court has held, cannot establish subject-matter jurisdiction, to *deny* subject-matter jurisdiction based on the conflicting factual positions asserted by the plaintiffs. In *Intellivision,* the plaintiffs were individual members of a joint venture which had brought claims against Microsoft regarding certain patents that the individuals had initially claimed were owned by the joint venture. Microsoft moved to dismiss the complaint and the district court denied the motion based on representations that the plaintiffs made in the Complaint that the joint venture owned the patents at issue. This allegation located the situs of the tort claims in Connecticut, under whose law the claims were viable, rather than in New York, under whose law they were not.

On summary judgment, the district court dismissed all of the claims but, on appeal, the individual plaintiffs abandoned one of their claims, as well as all claims brought by the joint venture and by two of the individuals. The remaining appellant, one of the individuals, challenged

{00043076 2}    4

the lower court's decision that the joint venture was the real party in interest. Microsoft argued that the individual plaintiffs were estopped from claiming that they, rather than the joint venture, owned the patents and had assigned them to Microsoft in their individual capacities rather than as members of the joint venture, because they succeeded in defeating Microsoft's original motion to dismiss based on representations that the joint venture owned and assigned the patents. The Second Circuit agreed and held that the district court had correctly applied judicial estoppel to prevent the individual plaintiffs from asserting that they owned the patents.

Thus, in *Intellivision*, the plaintiffs were estopped from invoking subject-matter jurisdiction based upon a change in a factual allegation (who owned the patents) which they made at the trial level. The Second Circuit correctly rejected as spurious the plaintiffs' argument that, in fact, the individual plaintiffs owned the patents, noting that, by denying the plaintiffs' claims the lower court had done nothing to expand its jurisdiction, and did not "apply judicial estoppel to any jurisdictional matter." *Intellivision*, 484 Fed. Appx. at 621. Instead, the Court held, it had applied judicial estoppel to prevent the plaintiffs from asserting a new, inconsistent position about the ownership of property in a matter "that goes not to the court's jurisdiction, but to whether the plaintiffs had a cause of action." *Id* at 622.

The situation here is entirely different. If, despite the holding in *Ireland,* this Court were to rely upon judicial estoppel to preclude the Nelsons from asserting that the Trustee cannot establish subject-matter jurisdiction, the Court would be allowing the Trustee to *create* subject-matter jurisdiction based upon an allegation that he knew, or should have known, was false. Such a holding would also be inconsistent with the Second Circuit's holding in *Creaciones Con Idea SA de CV v. Mashreqbank PSC*, 232 F.3d 79, 82 (2d Cir. 2000), that defendants cannot be estopped from challenging subject-matter jurisdiction based on prior assertions about corporate citizenship.

Indeed, every court has the duty to raise the question of subject matter jurisdiction *sua sponte*, whenever it appears "from the pleadings or otherwise that jurisdiction is lacking." *John Birch Soc. v. Nat'l Broadcasting Co.,* 377 F.2d 194, 199 (2d Cir. 1967) (affirming dismissal of complaints for lack of subject matter jurisdiction), *citing Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149 (1908); *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977) ("[W]e are obliged to inquire *sua sponte* whenever a doubt arises as to the existence of federal jurisdiction."). Here, the truth about the court's subject-matter jurisdiction was not uncovered until discovery was completed. Thus, the Nelsons could not have brought this issue to the Court's attention before the trial. However, their motion to dismiss for lack of subject-matter jurisdiction would have been timely, even if raised for the first time on appeal. *City of Rome, N.Y. v. Verizon Communications, Inc.*, 362 F.3d 168, 174 (2d Cir. 2004) (quoting *United States v. Leon*, 203 F.3d 162, 164 n.2 (2d Cir. 2000)). Thus, even if the Nelsons were judicially estopped from raising their challenge to subject-matter jurisdiction, which they cannot be, this Court would nonetheless be obligated to raise it based upon the undisputed testimony elicited at trial from the Trustee's own experts.

## II. Judicial estoppel protects the integrity of the judicial system by preventing a plaintiff from invoking federal jurisdiction through false allegations

Judicial estoppel is intended to **protect** the integrity of the judicial system, not to subvert it by allowing a party to invoke subject-matter jurisdiction based upon false representations of material facts. As the Supreme Court wrote in *New Hampshire v. Maine,* 121 S. Ct. 1808, 1814-1815 (2001), the purpose of judicial estoppel:

> is "to protect the integrity of the judicial process," *Edwards v. Aetna Life Ins. Co.*, 690 F.2d 595, 598 (C.A.6 1982), by "prohibiting parties from deliberately changing positions according to the exigencies of the moment," *United States v. McCaskey*, 9 F.3d 368, 378 (C.A.5 1993). *See In re Cassidy,* 892 F.2d 637, 641 (C.A.7 1990) ("Judicial estoppel is a doctrine intended to prevent the perversion of the judicial process."); *Allen v. Zurich Ins. Co.*, 667 F.2d 1162, 1166 (C.A.4 1982) (judicial

{00043076 2}    6

estoppel "protect [s] the essential integrity of the judicial process"); *Scarano v. Central R. Co.*, 203 F.2d 510, 513 (C.A.3 1953) (judicial estoppel prevents parties from "playing 'fast and loose with the courts'(quoting *Stretch v. Watson*, 6 N.J.Super. 456, 469, 69 A.2d 596, 603 (1949).

Thus, judicial estoppel is limited to "situations where the risk of inconsistent results with its impact on judicial integrity is certain." *DeRosa v. Nat'l Envelope Corp.*, 595 F.3d 99, 103 (2d. Cir. 2010) (internal quotation marks omitted). *In re Trace Intern. Holdings, Inc.* 04 CIV. 1295 (KMW), 2009 WL 1810112, at *3 (S.D.N.Y. June 25, 2009) (citing *Simon v. Safelite Glass Corp.*, 128 F.3d 68, 72 (2d Cir. 1997)) ("[T]he Second Circuit, unlike some other circuits, limits the doctrine of judicial estoppel to situations that threaten judicial integrity").

Subject-matter jurisdiction either exists or it does not exist. It cannot be created through the doctrine of judicial estoppel which applies, not to the facts establishing subject matter jurisdiction, but rather where a party changes a factual or legal position "simply because his or her interests have changed." *Madeira v. United Talmudical Academy of Kiryas Joel,* 351 F. Supp.2d 162, 164 (S.D.N.Y. 2004). Judicial estoppel is most commonly applied to prevent a party from "playing fast and loose with the court." *Id.,* at 164-65; *Simon v. Safelite Glass Corp.,* 943 F. Supp. 261, 269 (E.D.N.Y. 1996) (plaintiff argued "whatever state of facts seems advantageous at a point in time, and a contradictory state whenever self-interest may dictate a change.") *aff'd* 128 F.3d 63 (2d Cir. 1997). Where the position is the result simply of a good faith (but misplaced) reliance upon the integrity of the Trustee, judicial estoppel does not apply. *Id.* at 73, *Madeira*, 351 F.Supp.2d at 166; *United States v. Hussein*, 178 F.3d 125, 130 (2d Cir. 1999).

### III.     **The Trustee Does Not Meet The Standards for Judicial Estoppel**

Even if judicial estoppel were a permissible argument (which it is not), the Trustee cannot meet the required standard. The Trustee would have to show:

> 1) a party's later position [must be] 'clearly inconsistent' with its earlier position; 2) the party's former position has been adopted in some way by the court in the earlier

{00043076 2 }                                                  7

proceeding; and 3) the party asserting the two positions would derive an unfair advantage against the party seeking estoppel.

*DeRosa v. National Envelope Corp.*, 595 F.3d 99, 103(2d Cir. 2010) quoting *New Hampshire v. Maine,* 532 U.S. at 750-51. Here, the Nelsons simply made the mistake of assuming that the Trustee would not make a material misrepresentation of jurisdictional fact in his complaints. Clearly, if the Trustee had honestly pled that the payments made to the Nelsons were made by Madoff individually, the Nelsons would have moved to dismiss the complaints for lack of subject-matter jurisdiction. Thus, there is no basis for this Court to preclude the Nelsons from successfully arguing that the Trustee's complaints against the Nelsons must be dismissed for lack of subject-matter jurisdiction.

### A. The Nelsons have not sought an "unfair advantage."

The Trustee does not and cannot point to any particular "representation" made on behalf of any defendant in *Fishman.* As set forth above at page1-2, he can only state that Defendants generally "invoked the protections of section 546(e) on the bases that they had "securities contracts" with *a* broker and that the transfers they received from the broker were "settlement payments." The motion to dismiss argued that the defendants could not be subjected to suit for withdrawals they received prior to December 11, 2006 under the limitations imposed by § 546(e). While the Trustee alleged that the transfers were made by the LLC, that fact was not material to Defendants' argument. Again, that fact was assumed to be true for purposes of the motion to dismiss, particularly since the evidence was exclusively within the Trustee's possession.

Even if subject-matter jurisdiction could be created under the doctrine of judicial estoppel (which it clearly cannot), the Trustee cannot meet the required standard for judicial estoppel because, as explained in *DeRosa, supra,* 595 F.3d at 103, courts must weigh whether denying judicial estoppel "will result in an unfair advantage for the party seeking to assert an inconsistent

position, or will impose an unfair detriment on the opposing party." *Usdavines v. Weeks Marine, Inc.,* 418 F.3d 138, 147 (2d Cir. 2005). Here, the Nelsons have not received any kind of advantage at all, unfair or otherwise. Indeed, if they had been in a position to know that the LLC did not make the transfers at the time any Defendant moved to dismiss the complaint under § 546(e) in *Fishman,* the Nelsons could have raised the lack of subject matter jurisdiction at that time.

### B. The Nelsons Are Not Playing Fast and Loose With The Court

The Second Circuit has only applied judicial estoppel where the "integrity of the judicial process [is] at risk" because a party is taking "a position in the short term knowing that it may be on the verge of taking an inconsistent future action." *In re Adelphia Recovery Trust,* 634 F.3d 678, 696 (2d Cir. 2011); *United States v. King*, 165 F.3d 15 (2d Cir. 1998) (refusing to apply judicial estoppel because there was no evidence that the party making the alleged inconsistent statements knew they were false when made); *Simon*, 128 F.3d at 75 (judicial estoppel inapplicable "if the first statement was the result of a good faith mistake or an unintentional error"). Thus, even if this Court were to find that the Nelsons made any kind of inconsistent statement, which they did not, there is absolutely no evidence to suggest that they knew that the LLC did not make the transfers at the time Defendants moved to dismiss in *Fishman*, or that they would subsequently move to dismiss based on lack of subject-matter jurisdiction.

Obviously, the Nelsons would have moved to dismiss the complaint – and avoid years of litigation – if they had known the jurisdictional allegations in the complaint were false. The Trustee knew, or should have known, that his jurisdictional allegations were false. Indeed, the Trustee concealed the truth from the Nelsons for years. Although the complaint was filed in December 2010, the Trustee did not serve his initial disclosures on the Nelsons until July 15, 2014. In those disclosures, the Trustee stated that he possessed "11,700 boxes of BLMIS paper documents and 19,000 media sources" from BLMIS, which they took possession of on or around December 15,

{00043076 2}                                  9

2008, and "over 5 million documents" from third parties. We know that the Trustee had received documents from JPMC by at least 2010 because he sued JPMC in December 2010 and he describes JPMC's records. *Picard v. JPMorgan Chase & Co. et al.*, Adv. Pro. No. 10-04932, Doc. # 4, Redacted Complaint at, e.g. ¶ 264 ("JPMC's records indicate. . .").

Moreover, as set forth in the September 24, 2019 Supplemental Declaration of Helen Davis Chaitman, Exhibit 2 to the November 15, 2012 report by one of the Trustee's own experts, Matthew Greenblatt, of FTI Consulting, Inc., refers to hundreds of JPMC documents. Similarly, the Trustee's $40 million expert, Bruce Dubinsky, admitted during the Nelsons' trial that he had never seen a bank account statement for either the 509 Account or the 703 Account in the name of the LLC. Tr. 5/8/19 at 171:23-172:8, Adv. Pro. Nos. 10-04377 and 10-04658, Doc. ## 190 and 193, respectively. Lisa Collura, another of the Trustee's experts, admitted the same. Tr. 5/9/19 at 13:7-20, Adv. Pro. Nos. 10-04377 and 10-04658, Doc. ## 191 and 194, respectively. The Trustee has never pointed to a single document suggesting that the LLC owned either account. Accordingly, at a minimum, the Trustee should have known when he first saw these documents that there were serious questions about his standing.

## CONCLUSION

For all of the foregoing reasons, this Court should enter judgment in favor of the Nelsons dismissing the complaints with prejudice for lack of subject-matter jurisdiction.

Dated: New York, New York
      November 6, 2019                  **CHAITMAN LLP**

                                            By:  */s/ Helen Davis Chaitman*
                                            Helen Davis Chaitman
                                            465 Park Avenue
                                            New York, New York 10022
                                            Phone & Fax: (888) 759-1114
                                            hchaitman@chaitmanllp.com

                                            *Attorneys for Defendants Carol Nelson*
                                            *and Stanley Nelson*

{00043076 2}    1