**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>    Plaintiff-Applicant,<br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>    Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>    Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC and the estate of Bernard L. Madoff,<br><br>    Plaintiff,<br><br>v.<br><br>CITIBANK, N.A., CITIBANK NORTH AMERICA, INC. and CITIGROUP GLOBAL MARKETS LIMITED,<br><br>    Defendants. | Adv. Pro. No. 10-05345 (SMB) |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION ON CONSENT FOR ENTRY OF FINAL JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 54(b)**

Irving H. Picard (the "Trustee"), as trustee of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA"), and the substantively consolidated Chapter 7 estate of Bernard L. Madoff, together with defendants Citibank, N.A. ("Citibank") and Citicorp North America, Inc. ("Citicorp") (collectively, the "Parties"), respectfully submit this memorandum of law in support of the

Parties' Joint Motion for Entry of Final Judgment Pursuant to Federal Rule of Civil Procedure 54(b)[1] (the "Motion"), which seeks this Court's entry of final judgment of the claims against Citibank and Citicorp (the "Dismissed Claims").

## PRELIMINARY STATEMENT

On October 18, 2019, this Court entered a Memorandum Decision Denying the Trustee's Motion for Leave to File an Amended Complaint (the "Decision") on the ground of futility under Federal Rule of Civil Procedure 15.[2] The Decision finally resolves the Dismissed Claims, which are the only claims presently before this Court against Citibank and Citicorp, and there is no just reason to delay the entry of a final order and judgment as to those claims.

In addition to the Dismissed Claims, the Trustee asserted subsequent transfer claims against defendant Citigroup Global Markets Limited ("CGML"), which were dismissed on the ground of comity (the "Comity Claims"). On March 9, 2017, this Court entered a partial final judgment as to the Comity Claims against CGML under Rule 54(b) of the Federal Rules of Civil Procedure.[3] The Trustee subsequently appealed that order along with similarly situated claims against hundreds of defendants named in numerous adversary proceedings commenced by the Trustee.

On December 14, 2018, the Trustee moved for leave to amend his remaining claims against Citibank and Citicorp. While the Trustee's motion for leave to file an amended complaint was pending, the United States Court of Appeals for the Second Circuit issued a decision vacating this Court's dismissal of the Comity Claims against CGML and remanding

---

[1] Made applicable to this proceeding through Federal Rule of Bankruptcy Procedure 7054.
[2] *Picard v. Citibank, N.A.*, Adv. Pro. No. 10-05345 (SMB), ECF No. 170.
[3] *Picard v. Citibank, N.A.*, Adv. Pro. No. 10-05345 (SMB), Stipulated Final Order Granting in Party and Denying in Part Mot. to Dismiss, ECF No. 107.

2

those claims to this Court.[4] Because the Second Circuit stayed its mandate pending the disposition of a petition for writ of certiorari on its decision,[5] those cases have not yet returned to this Court, and they remain technically dismissed, making it possible that this Court's judgment can be considered final for purposes of 28 U.S.C. § 1291, having disposed of all claims against all parties.  It is also possible, however, that an appellate court could consider the disposition of the Dismissed Claims to be non-final for purposes of 28 U.S.C. § 1291 because the Comity Claims have been reinstated on appeal, even though the mandate has not yet been issued.  To remove any possible doubt about appellate jurisdiction, the Parties seek entry of a partial final order and judgment under Rule 54(b) to make clear that, without regard to the status of the Comity Claims, the Dismissed Claims have been finally decided and ultimately disposed of and are ripe for appeal.

## ARGUMENT

### I.   Legal Standard for Entry of a Final Judgment Under Rule 54(b)

Certification under Rule 54(b) is appropriate when (1) there are multiple claims or multiple parties; (2) at least one claim is finally decided within the meaning of 28 U.S.C. § 1291; and (3) an express determination is made that there is no just reason for delay. *See In re Air Crash at Belle Harbor, N.Y. on Nov. 12, 2001*, 490 F.3d 99, 108–09 (2d Cir. 2007).[6]  A court may enter a final judgment even though the judgment would dispose of fewer than all claims or

---

[4] *In re Picard*, No. 17-2992 (2d Cir. Feb. 25, 2019), Opinion Vacating the Judgments and Remanding for Further Proceeding, ECF No. 1311.

[5] *In re Picard*, No. 17-2992 (2d Cir. Feb. 25, 2019), Order Granting Mot. to Stay Mandate, ECF No. 1503.

[6] Federal Rule of Civil Procedure 54(b) provides in pertinent part: "When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."

3

would dispose of all claims against fewer than all of the parties. *See Shrader v. Granninger*, 870 F.2d 874, 878 (2d Cir. 1989) (citing *Cullen v. Margiotta*, 811 F.2d 698, 710 (2d Cir. 1987), *overruled on other grounds, Chavez v. Occidental Chemical Corp.*, 933 F.3d 186 (2d Cir. 2019)). Certification under Rule 54(b) may be granted "in the interest of sound judicial administration." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980) (quoting *Sears, Roebuck & Co. v. Mackey*, 76 S. Ct. 895, 900 (1956)). A decision to enter final judgment lies within the sound discretion of the court. *Id.* at 10. Certification is appropriate here where all three elements are satisfied.

## II. The Court Should Direct Entry of Final Judgment as to the Dismissed Claims Because Each Prong of Rule 54(b) is Satisfied

### A. There are multiple claims against multiple parties

When considering whether to enter partial final judgment on the dismissal of some, but not all, claims, the court must find that the dismissed claims are separable from those that remain. *See Nippon Yusen Kaisha v. FIL Lines USA Inc.*, 977 F. Supp. 2d 343, 352 (S.D.N.Y. 2013). Claims are separable for purposes of Rule 54(b) if they "can be decided independently of each other." *Ginett v. Computer Task Grp., Inc.*, 962 F.2d 1085, 1097 (2d Cir. 1992) (quoting *Sears, Roebuck & Co. v. Mackey*, 76 S. Ct. 895, 900 (1956)); *see also Nippon Yusen Kaisha*, 977 F. Supp. 2d at 352–53 (separate claims must involve "at least some different questions of fact and law and could be separately enforced"). Here, the Dismissed Claims are separable from the Comity Claims because they involve different claims against different parties that were dismissed based on different questions of fact and law.

The Dismissed Claims seek recovery of subsequent transfers that Citibank and Citicorp allegedly received from Rye Select Broad Market Prime Fund, L.P., a Tremont feeder fund, in connection with a revolving credit facility. In contrast, the Comity Claims seek recovery of

4

subsequent transfers that CGML allegedly received from Fairfield Sentry Limited, a Fairfield feeder fund, in connection with a swap agreement. That these transfers are sufficiently distinct for purposes of Rule 54(b) is made plain by the extraterritoriality decision previously rendered by this Court, as well as the prior Rule 54(b) judgment entered as to the Comity Claims. *See Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re BLMIS)*, No. 08-01789 (SMB), 2016 WL 6900689 (Bankr. S.D.N.Y. Nov. 22, 2016) ("*Bankruptcy Court ET Decision*"); *Picard v. Citibank, N.A.*, Adv. Pro. No. 10-05345 (SMB), Stipulated Final Order Granting in Part and Denying in Part Mot. to Dismiss, ECF No. 107.

Moreover, the Dismissed Claims and the Comity Claims are separable because they involve distinct transfers to different defendants and can be separately enforced. *See In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, No. 00-mdl-1898 (SAS), 2010 WL 1328249, at *2 (S.D.N.Y. Apr. 5, 2010) ("Claims are normally treated as separable … if they involve at least some different questions of fact and law and could be separately enforced. . . .") (quoting *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 21 (2d Cir. 1997)); *Hirsch v. Gersten (In re Centennial Textiles, Inc.)*, 220 B.R. 177, 181 (Bankr. S.D.N.Y. 1998) ("In this Circuit, the test of multiple claims is whether the underlying factual bases for recovery state a number of different claims which could have been separately enforced.").

Finally, the Dismissed Claims and the Comity Claims are separable because the grounds for dismissal of the Trustee's complaint are distinct. As to the Dismissed Claims, this Court found that the Trustee's proposed amended complaint was futile because it could not meet the standards enunciated by the District Court in *Securities Investor Protection Corp. v. Bernard L. Madoff Investment Securities LLC (In re BLMIS)*, 516 B.R. 18, 21-24 (S.D.N.Y. 2014) ("*Good Faith Decision*"). *Picard v. Citibank, N.A.*, Adv. Pro. No. 10-05345 (SMB), ECF No. 170. The

5

*Good Faith Decision* requires the Trustee to plead subjective facts regarding a defendant's lack of good faith under sections 548 and 550 of the Bankruptcy Code sufficient to meet a standard of willful blindness.[7] Unlike the Dismissed Claims, the Comity Claims involved questions of extraterritoriality and comity. *See Bankruptcy Court ET Decision*, 2016 WL 6900689. The Dismissed Claims and the Comity Claims present separate and distinct defenses that have been addressed separately by this Court, the District Court, and the Second Circuit. *Picard v. Citibank, N.A.*, Adv. Pro. No. 10-05345 (SMB), ECF No. 170; *Good Faith Decision*, 516 B.R. at 22-23; *Bankruptcy Court ET Decision*, 2016 WL 6900689; *In re Picard*, 917 F.3d 85 (2d Cir. 2019). Entry of judgment would allow the Second Circuit to address the issues presented by the Dismissed Claims.

### B. The Dismissed Claims have been finally determined

The second prong of Rule 54(b) requires that each claim sought to be appealed be finally determined within the meaning of 28 U.S.C. § 1291. *See Ginett*, 962 F.2d at 1092 ("If the decision 'ends the litigation [of that claim] on the merits and leaves nothing for the court to do but execute the judgment' entered on that claim, then the decision is final.") (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978) (*superseded by Rule on other grounds, Microsoft Corp. v. Baker*, 137 S. Ct. 1702 (2017))). Here, the amended complaint proposed by the Trustee sought to meet the heightened standards set forth by Judge Rakoff in the *Good Faith Decision*,

---

[7] While there is some overlap on the good faith issue in the claims against defendants CGML, Citibank and Citicorp, entry of judgment now will further the administration of justice by allowing the Second Circuit to weigh in as to the proper pleading and proof standards to govern the Trustee's claims for this case where no other claims against defendants Citibank and Citicorp currently remain before this Court (and the claims against CGML may never be reinstated depending on the Supreme Court's disposition of CGML's pending petition for a writ of certiorari). Further, the Trustee agrees to stay the prosecution of his claims against CGML (assuming such claims are reinstated) during the pendency of the appeal of the Decision, and agrees to dismiss his claims against CGML if the Decision is affirmed on appeal.

516 B.R. at 21-24. The Decision denied the Trustee leave to file an amended complaint on the ground of futility, finding that he could not meet the standards required by the *Good Faith Decision*. *Picard v. Citibank, N.A.*, Adv. Pro. No. 10-05345 (SMB), Memorandum Decision Denying Trustee's Motion for Leave to File Amended Complaint, ECF No. 170, at 34-35. By denying the Trustee's motion, this Court terminated the Trustee's rights with respect to the Dismissed Claims. Such dismissal amounts to the type of "final" judgment that meets the test for finality required by Rule 54(b). *See Naughright v. Weiss*, No. 10 civ. 8451 (RWS), 2013 WL 1859221, at *2 (S.D.N.Y. May 2, 2013) ("dismissal with prejudice pursuant to Rule 12(b)(6) is a final decision and judgment on the merits" for purposes of Rule 54(b)).

### C. There is no just reason to delay entry of final judgment on the Dismissed Claims

In deciding whether to enter a Rule 54(b) order, the court should consider the efficiency interests of the trial and appellate courts, as well as balance the equities as to the parties. *See Curtiss-Wright*, 446 U.S. at 8; *Ginett*, 962 F.2d at 1095–96. "Courts in this District have granted certification and entry of final judgment as to a particular defendant in the wake of a dismissal on Rule 12(b)(6) grounds." *Naughright*, 2013 WL 1859221, at *2 (citing *Refco, Inc. Sec. Litig.*, 609 F. Supp. 2d 304 (S.D.N.Y. 2009)).

This Court has now issued several decisions applying the *Good Faith Decision* to the Trustee's claims, including as to the Dismissed Claims here and those asserted against numerous other defendants. *See Picard v. BNP Paribas S.A. (In re BLMIS)*, 594 B.R. 167, 196 (Bankr. S.D.N.Y. 2018); *Picard v. Merkin (In re BLMIS)*, 563 B.R. 737, 749 (Bankr. S.D.N.Y. 2017); *Picard v. Legacy Capital Ltd., (In re BLMIS)*, 548 B.R. 13, 36 (Bankr. S.D.N.Y. 2016). Given the number of decisions rendered by this Court under the standards articulated by Judge Rakoff, the interests of judicial efficiency weigh in favor of entry of final judgment as to the Dismissed

Claims. Such judgment will allow the Second Circuit to weigh in as to the proper pleading and proof standards to govern the Trustee's claims for this case and dozens of other cases brought by the Trustee.

Moreover, the Dismissed Claims are sufficiently separable from the Comity Claims "such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *See Curtiss-Wright*, 446 U.S. at 8. And the Parties agree that immediate entry of final judgment as to the Dismissed Claims is warranted to avoid delay of resolution of the Dismissed Claims and there is no just reason to delay final judgement.

## CONCLUSION

The Parties respectfully request this Court enter a partial final judgment under Rule 54(b) of the Federal Rules of Civil Procedure.

Dated: November 8, 2019  
New York, New York

*/s/ Seanna R. Brown*  
**Baker & Hostetler LLP**

45 Rockefeller Plaza  
New York, New York 10111  
Telephone: 212.589.4200  
Facsimile: 212.589.4201  
David J. Sheehan  
Email: dsheehan@bakerlaw.com  
Seanna R. Brown  
Email: sbrown@bakerlaw.com  
Matthew D. Feil  
Email: mfeil@bakerlaw.com  
Chardaie C. Charlemagne  
Email: ccharlemagne@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*