**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff, | Adv. Pro. No. 10-05345 (SMB) |
| Plaintiff, | |
| v. | |
| CITIBANK, N.A., CITIBANK NORTH AMERICA, INC., AND CITIGROUP GLOBAL MARKETS LIMITED, | |
| Defendant. | |

## NOTICE OF MOTION ON CONSENT FOR ENTRY OF FINAL JUDGMENT

**PLEASE TAKE NOTICE** that Irving H. Picard, as trustee of Bernard L. Madoff

Investment Securities LLC under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et*

*seq.*, and the substantively consolidated Chapter 7 estate of Bernard L. Madoff, together with

defendants Citibank, N.A. ("Citibank") and Citicorp North America, Inc. ("Citicorp"),[1] jointly

---

[1] The Trustee's complaint names as a defendant "Citibank North America, Inc.," an entity that does not exist.

move before the Honorable Stuart M. Bernstein, United States Bankruptcy Judge, at the United

States Bankruptcy Court, the Alexander Hamilton Customs House, One Bowling Green, New

York, New York 10004, seeking this Court's entry of final judgment Pursuant to Federal Rule of

Civil Procedure 54(b), of the claims against Citibank and Citicorp based on the Court's October

18, 2019 Memorandum Decision Denying Trustee's Motion for Leave to File Amended

Complaint, in substantially the form attached as **Exhibit A** hereto, for the reasons set forth in the

accompanying Memorandum of Law.

Dated:  November 8, 2019
        New York, New York

/s/ Seanna R. Brown
**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
Seanna R. Brown
Email: sbrown@bakerlaw.com
Matthew D. Feil
Email: mfeil@bakerlaw.com
Chardaie C. Charlemagne
Email: ccharlemagne@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities*
*LLC and the estate of Bernard L. Madoff*

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br>         Plaintiff-Applicant, <br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br>         Defendant. | Adv. Pro. No. 08-01789 (SMB) <br><br> SIPA Liquidation <br><br> (Substantively Consolidated) |
| In re: <br><br> BERNARD L. MADOFF, <br><br>         Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC and the estate of Bernard L. Madoff, <br><br>         Plaintiff, <br> v. <br><br> CITIBANK, N.A., CITIBANK NORTH AMERICA, INC. and CITIGROUP GLOBAL MARKETS LIMITED, <br><br>         Defendants. | Adv. Pro. No. 10-05345 (SMB) |

**[PROPOSED] ORDER DENYING THE TRUSTEE'S MOTION FOR LEAVE TO AMEND AND ENTERING PARTIAL FINAL JUDGMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 54(b)**

**WHEREAS**, on December 8, 2010, Irving H. Picard (the "Trustee"), as Trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act ("SIPA"), 15 U.S.C. §§ 78aaa-*lll*, and the substantively consolidated Chapter 7 estate of Bernard L. Madoff ("Madoff") filed a complaint against Defendants Citibank, N.A. ("Citibank"), Citicorp North America, Inc. ("Citicorp")[1] (together, the "Citibank Defendants"), and Citigroup Global Markets Limited ("CGML") seeking to

---

[1] The Trustee's complaint names as a defendant "Citibank North America, Inc.," an entity that does not exist.

recover avoidable transfers from BLMIS under section 550 of the Bankruptcy Code;

WHEREAS, on May 15, 2012 and June 7, 2012, respectively, the United States District Court for the Southern District of New York entered orders in which it withdrew the reference in certain adversary proceedings pursuant to 28 U.S.C. § 157(d) to determine whether SIPA or the Bankruptcy Code apply extraterritorially, permitting the Trustee to avoid initial transfers that were received abroad or to recover from initial, immediate, or mediate foreign transferees (the "Extraterritoriality Issue"), *SIPC v. BLMIS*, No. 12-mc-0115 (JSR), ECF Nos. 97 and 167;

WHEREAS, on June 25, 2012 the District Court withdrew the reference under 28 U.S.C. § 157(d) to determine whether SIPA or the securities laws alter the standard the Trustee must meet in order to determine good faith under either 11 U.S.C. § 548(c) or 11 U.S.C. § 550(b) (the "Good Faith Issues"), *SIPC v. BLMIS*, No. 12-mc-115 (JSR), ECF No. 197;

WHEREAS, on April 27, 2014, the District Court ruled on the Good Faith Issues (the "Good Faith Decision"), holding that good faith should be determined under a subjective standard and placed the burden of pleading a lack of good faith on the Trustee, *SIPC v. BLMIS*, 516 B.R. 18, 21-24 (S.D.N.Y. 2014);

WHEREAS, on July 6, 2014 and July 28, 2014, respectively, the District Court issued an opinion on extraterritoriality and comity (the "District Court ET Decision"), which returned certain matters to the Bankruptcy Court for further proceedings consistent with the District Court ET Decision, *SIPC v. BLMIS (In re Madoff)*, 513 B.R. 222, 232 n.4 (S.D.N.Y. 2014);

WHEREAS, on November 22, 2016, the Bankruptcy Court issued a Decision Regarding Claims to Recover Foreign Subsequent Transfers (the "Bankruptcy Court Comity Decision") dismissing certain claims to recover subsequent transfers received from, *inter alia*, Fairfield Sentry Limited on the ground of comity ("Fairfield-Related Claims"), *SIPC v. BLMIS*, Adv. Pro.

2

No. 08-01789 (SMB), 2016 WL 6900689 (Bankr. S.D.N.Y. Nov. 22, 2016);

WHEREAS, on January 18, 2017, the Bankruptcy Court entered a stipulation to allow CGML to participate in the appeal of the decisions on extraterritoriality and comity (the "Joinder Stipulation"), *Picard v. Citibank, N.A.*, Adv. Pro. No. 10-05345 (SMB), ECF No. 105;

WHEREAS, pursuant to the Joinder Stipulation, the Bankruptcy Court Comity Decision dismissed the Trustee's claims to recover subsequent transfers from defendant CGML, which it received from Fairfield Sentry Limited, contained in Counts 7, 8, 9, 10, 11, 12, and 13 of the operative complaint in this adversary proceeding (the "Comity Claims"), *Picard v. Citibank, N.A.*, Adv. Pro. No. 10-05345 (SMB), ECF No. 107;

WHEREAS, the Trustee and CGML consented and requested that the Bankruptcy Court enter a final judgment solely as to the Comity Claims under Rule 54(b) of the Federal Rules of Civil Procedure, consistent with the Bankruptcy Court Comity Decision in this adversary proceeding, and on the ground that immediate appellate review of the Bankruptcy Court Comity Decision would be efficient for the courts and the Parties;

WHEREAS, on March 9, 2017, this Court entered a final order and judgment solely as to the Comity Claims under Rule 54(b) of the Federal Rules of Civil Procedure dismissing CGML, *Picard v. Citibank, N.A.*, Adv. Pro. No. 10-05345 (SMB) ECF No. 107;

WHEREAS, on March 21, 2017, the Trustee appealed to the United States Court of Appeals for the Second Circuit on the extraterritoriality and comity issues;

WHEREAS, because the Bankruptcy Court Comity Decision did not dismiss all claims or defendants in this action, the Trustee and the Citibank Defendants (collectively, the "Parties") agreed to litigate the Trustee's remaining claims against the Citibank Defendants (the "Dismissed Claims"), which were unaffected by the District Court ET Decision and the

3

Bankruptcy Court Comity Decision, while the Trustee's appeal on extraterritoriality and comity was pending.  Accordingly, the Trustee moved for leave to file an amended complaint on December 14, 2018 (the "Motion for Leave to Amend"); the Citibank Defendants filed their opposition on March 12, 2019; the Trustee filed his reply on May 7, 2019; and the Bankruptcy Court heard oral argument on the Motion for Leave to Amend on July 18, 2019;

**WHEREAS**, while the Trustee's Motion for Leave to Amend was pending before the Bankruptcy Court, on February 25, 2019, the Second Circuit issued an opinion vacating the District Court ET Decision and the Bankruptcy Court Comity Decision and remanding the case to this Court for further proceedings consistent with its ruling, *In re Picard*, No. 17-2992 (2d Cir. Feb. 25, 2019), ECF No. 1311;

**WHEREAS**, on April 23, 2019, the Second Circuit stayed issuance of the mandate pending the disposition of a petition for writ of certiorari on its decision, *In re Picard*, No. 17-2992 (2d Cir. Feb. 25, 2019), ECF No. 1503;

**WHEREAS**, on August 29, 2019, CGML (among others) filed a petition for writ of certiorari with the Supreme Court;

**WHEREAS**, on October 18, 2019, the Bankruptcy Court issued a decision denying the Trustee's Motion for Leave to File Amended Complaint (the "Decision Denying Leave to Amend") regarding the Dismissed Claims, *Picard v. Citibank, N.A.*, Adv. Pro. No. 10-05345 (SMB), ECF No. 170;

**WHEREAS**, the Parties have agreed to consent to the Bankruptcy Court's entry of a final order and judgment as it relates to the Dismissed Claims consistent with the Decision Denying Leave to Amend; and

4

WHEREAS, the Parties further request that the Bankruptcy Court enter a final judgment as to the Dismissed Claims under Rule 54(b) of the Federal Rules of Civil Procedure on the ground that immediate appellate review of the Decision Denying Leave to Amend will be efficient for the courts and the Parties;

Accordingly, for the reasons set forth in the Decision Denying Leave to Amend **IT IS HEREBY ORDERED** that:

1.    The Bankruptcy Court has subject matter jurisdiction over this adversary proceeding under 28 U.S.C. § 1334(b) and (e)(1) and 15 U.S.C. § 78eee (b)(2)(A) and (b)(4).

2.    The Parties expressly and knowingly grant their consent for the Bankruptcy Court to enter final orders and judgments solely with respect to the Decision Denying Leave to Amend, whether the underlying claims are core under 28 U.S.C. § 157(b)(2) or non-core under 28 U.S.C. § 157(c)(2), subject to appellate review, including under 28 U.S.C. § 158.  Notwithstanding the above grant of consent, the Citibank Defendants reserve all other jurisdictional, substantive, or procedural rights and remedies in connection with this adversary proceeding, including with respect to the Bankruptcy Court's power to finally determine any other matters in this adversary proceeding.

3.    The Trustee's Motion for Leave to Amend under Federal Rule of Civil Procedure 15 is **DENIED** on the ground of futility.

4.    The Trustee's claims as to Citibank and Citicorp are **DISMISSED** with prejudice.

5.    To permit entry of a final order and judgment under Fed. R. Civ. P. 54(b), there must be multiple claims or multiple parties, at least one claim decided within the meaning of 28 U.S.C. § 1291, and an express determination that there is no just reason for delay.  *In re AirCrash at Belle Harbor, N.Y.*, 490 F.3d 99, 108-09 (2d Cir. 2007).

6.    The operative complaint filed in this adversary proceeding alleges multiple claims
(the Comity Claims and the Dismissed Claims) and names multiple defendants (Citibank,
Citicorp, and CGML).  The entry of a partial final order and judgment will finally decide and
ultimately dispose of the Dismissed Claims against defendants Citibank and Citicorp.

7.    At least one claim has been decided within the meaning of 28 U.S.C. § 1291.  The
Decision Denying Leave to Amend effectively ended the litigation of the Dismissed Claims on
the merits, left nothing for the court to do but execute a judgment entered on those claims, and
amounts to a final judgment satisfying the finality requirements of Rule 54(b).

8.    There is no just reason for delay of entry of a final order and judgment on the
Dismissed Claims against defendants Citibank and Citicorp.  While there is some overlap on the
Good Faith Issues in the claims against defendants CGML, Citibank and Citicorp, the Comity
Claims and the Dismissed Claims are sufficiently separable such that the interests of sound
judicial administration and the realization of judicial efficiencies are properly served by the entry
of this final order and judgment dismissing the Dismissed Claims.  If the Trustee's claims against
CGML are reinstated, the Trustee will stay the prosecution of such claims pending the
determination of the appeal of the Decision Denying Leave to Amend, and the Trustee agrees to
dismiss his claims against CGML if the Decision Denying Leave to Amend is affirmed on
appeal.

9.    The Parties consent to direct appeal of the Decision Denying Leave to Amend to
the United States Court of Appeals for the Second Circuit and certify that direct appeal is
warranted under 28 U.S.C. § 158(d)(2)(A).

6

10. The Parties' request that the Bankruptcy Court enter a partial final order and judgment as to the Dismissed Claims against defendants Citibank and Citicorp under Rule 54(b) of the Federal Rules of Civil Procedure is **GRANTED**.

Dated: _____, 2019

_____
HONORABLE STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE

7