Presentment Date and Time: December 3, 2019, at 10:00 a.m. (EST)
Objection Deadline: November 26, 2019, at 4:00 p.m. (EST)

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Brian A. Bash
Jason I. Blanchard

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and the chapter 7 estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

**MOTION FOR APPROVAL OF A SCHEDULING ORDER RELATING TO THE TRUSTEE'S DETERMINATION OF THE CLAIM OF RICHARD L. COHEN**

Irving H. Picard, trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") and the chapter 7 estate of Bernard L. Madoff ("Madoff"), by and through his undersigned counsel, hereby files this motion (the "Motion") for entry of a proposed scheduling order (the "Scheduling Order"), substantially in the

form attached hereto as Exhibit A, to set a briefing and discovery schedule for the purpose of adjudicating the objections (collectively, the "Objection") (ECF Nos. 445, 1845) filed by Richard Cohen ("Mr. Cohen") to the Trustee's determination of Mr. Cohen's customer claim.

As set forth more fully in the Objection, Mr. Cohen disagrees with the Trustee's net equity calculation based on the amount of money he believes was deposited into his BLMIS account. The Trustee stands by his original net equity calculation. The Trustee and Mr. Cohen, through their respective counsel, have previously conferred regarding the Objection and litigation of the parties' dispute. Although the Trustee has repeatedly asked Mr. Cohen to agree to a consensual schedule (substantially in the form of the attached Scheduling Order) for the Court to adjudicate the issues presented in the Objection, Mr. Cohen did not provide any comments to the proposed schedule.

Therefore, the Trustee, in support of the Motion, states as follows:

## JURISDICTION

1. This Court has jurisdiction to consider this matter pursuant to §§ 78eee(b)(2) and 78eee(b)(4) of the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq., ("SIPA")[1] and 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## BACKGROUND

2. The basic facts of the BLMIS fraud are widely known and have been recounted in numerous decisions. *See, e.g., In re Bernard L. Madoff Inv. Sec. LLC*, 654 F.3d 229, 231 (2d Cir. 2011); *In re Beacon Assocs. Litig.*, 745 F. Supp. 2d 386, 393–94 (S.D.N.Y. 2010). On December 11, 2008, the Securities and Exchange Commission ("SEC") filed a complaint in the District Court against Madoff and BLMIS, captioned *SEC v. Madoff*, No. 1:08-cv-10791-LLS, 2008 WL

---

[1] Subsequent references to SIPA shall omit "15 U.S.C."

5197070 (S.D.N.Y. filed Dec. 11, 2008), alleging fraud through the investment advisor activities of BLMIS.

3. On December 15, 2008, SEC consented to the consolidation of its case with an application of the Securities Investor Protection Corporation ("SIPC"). Thereafter, SIPC filed an application under SIPA § 78eee(a)(4) alleging that because of BLMIS's insolvency, it needed SIPA protection. The District Court appointed the Trustee under SIPA § 78eee(b)(3) and removed the proceeding to this Court under SIPA § 78eee(b)(4).

4. Under SIPA, the Trustee is responsible for, among other things, recovering and distributing customer property to a broker's customers, assessing claims, and liquidating other assets of the firm for the benefit of the estate and its creditors. A SIPA trustee has the general powers of a bankruptcy trustee, in addition to the powers granted by SIPA. SIPA § 78fff-1(a). In satisfying customer claims, the Trustee evaluates whether claimants are "customers," as defined in SIPA § 78*lll*(2), as they are entitled to share pro rata in "customer property," defined in SIPA § 78*lll*(4), to the extent of their "net equity," defined in SIPA § 78*lll*(11).

5. For each customer with a valid net equity claim, SIPC advances funds to the SIPA trustee up to the amount of the customer's net equity, not to exceed $500,000 (the amount applicable to this case), if the customer's share of customer property does not make her whole. SIPA § 78fff-3(a). It is the customer's burden to demonstrate he or she is entitled to customer status. *In re Bernard L. Madoff Inv. Sec. LLC*, 570 B.R. 477, 481 (Bankr. S.D.N.Y. 2017) (citing *Mishkin v. Siclari (In re Adler, Coleman Clearing Corp.)*, 277 B.R. 520, 557 (Bankr. S.D.N.Y. 2002) ("[I]t is well-established in the Second Circuit that a claimant bears the burden of proving that he or she is a 'customer' under SIPA.")). The customer also bears the burden of proving the amount of his or her claim. *In re Bernard L. Madoff Inv. Sec. LLC*, 592 B.R. 513, 481 (Bankr.

S.D.N.Y. 2018) (citing *Pitheckoff v. Sec. Inv'r Prot. Corp. (In re Great E. Sec., Inc.,)*, 10. No. Civ. 8647 (CM), 2011 WL 1345152, at *4 (S.D.N.Y. Apr. 5, 2011); *In re A.R. Baron Co., Inc.*, 226 B.R. 790, 795 (Bankr. S.D.N.Y. 1998)).

6. On December 23, 2008, this Court entered a Claims Procedures Order. (*See* ECF No. 12). Pursuant to that order, the Trustee determines claims eligible for customer protection under SIPA. *Id.* Claimants may object to the Trustee's determination of a claim by filing an objection in this Court, following which the Trustee requests a hearing date for the objection and notifies the objecting claimant thereof. *Id.*

## RELIEF REQUESTED

7. By this Motion and pursuant to the Claims Procedure Order, the Trustee seeks the entry of the Scheduling Order, substantially in the form attached hereto as Exhibit A, to set a briefing and discovery schedule for the purpose of adjudicating the Objection to the Trustee's determination of Mr. Cohen's claim.

## ARGUMENT

8. In this SIPA liquidation, the Trustee determined net equity claims by calculating the amounts of money that customers deposited into their BLMIS accounts less any amounts they withdrew (the "Net Investment Method"), rather than by calculating the amounts reflected on customers' November 30, 2008 customer statements. The Net Investment Method was approved by this Court and affirmed by the Second Circuit. *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Bernard L. Madoff Inv. Sec. LLC)*, 424 B.R. 122, 134-35 (Bankr. S.D.N.Y. 2010) *aff'd In re Bernard L. Madoff Inv. Sec. LLC*, 654 F.3d 229 (2d Cir. 2011), *cert. den.*, *Velvel v. Picard*, 133 S. Ct. 25 (2012); *Ryan v. Picard*, 133 S. Ct. 24 (2012).

9. After the courts approved the Net Investment Method, the Trustee sought approval for his method for calculating net equity for customer accounts with inter-account transfers (the "Inter-Account Method"). An inter-account transfer is a transfer between BLMIS customer accounts in which no new funds entered or left BLMIS. BLMIS recorded a book entry to internally adjust the balances of those accounts, but because there was no actual movement of cash, these book entries did not reflect any transfers of cash. To calculate net equity for accounts with inter-account transfers under the Inter-Account Method, the Trustee calculated the actual amount of principal available in the transferor account at the time of the transfer, and credited the transferee account up to that same amount. Consistent with the Net Investment Method, the Trustee did not include any fictitious gains in the net equity calculation. If the transferor account did not have any principal available at the time of the inter-account transfer, the transferee account was credited with $0 for that transfer. Similarly, if the transferor account had principal available at the time of the inter-account transfer, the transferee account was credited with the amount of the inter-account transfer, to the extent of that principal.

10. This Court upheld the Inter-Account Method, holding that claimants cannot be given credit for inter-account transfers of fictitious profits reflected on a customer's last statement. *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 522 B.R. 41, 53 (Bankr. S.D.N.Y. 2014) *aff'd In re Bernard L. Madoff Inv. Secs., LLC,* 2016 WL 183492, at *2 (S.D.N.Y. Jan. 14, 2016) *aff'd Sagor v. Picard (In re Bernard L. Madoff Inv. Sec. LLC),* 697 F. App'x 708 (2d Cir. 2017).

11. In the Objection, Mr. Cohen does not dispute the Trustee's use of the Net Investment Method or Inter-Account Method to calculate net equity. Rather, Mr. Cohen argues that the Trustee failed to accurately calculate the amount of his claim because the Trustee did not

include cash deposits Mr. Cohen made into his business' defined contribution plan. Mr. Cohen alleges that he maintained two separate customer accounts at BLMIS: a personal IRA account, which BLMIS assigned account no. 1C1346 (the "Cohen Account"), and an account on behalf of his business' defined contribution profit sharing plan, the Codumel Pharmacy, Inc. Profit Sharing Plan, which BLMIS assigned account no. 1CM466 (the "Plan Account"). Mr. Cohen alleges that he deposited a total of $827,000 of principal into the Plan Account and never made any withdrawals. He further alleges that he closed the Plan Account in 2007 and then rolled over the balance into the Cohen Account. For these reasons, Mr. Cohen argues he should be entitled to a net equity claim of $827,000, not $320,902.55, the amount of Mr. Cohen's allowed claim.

12.    The Trustee disagrees and stands by his original calculation of Mr. Cohen's claim under the Net Investment and Inter-Account Methods. The Trustee only gave the Cohen Account principal credit of $320,902.55 because that was the amount of principal available in the Plan Account at the time of the inter-account transfers to the Cohen Account. BLMIS's records reflect that funds – other than those Mr. Cohen alleges he deposited – were deposited and withdrawn from the Plan Account.

13.    Therefore, the Trustee respectfully submits that the Objection raises a factual issue for this Court to decide: the amount of principal available in the Plan Account at the time of the inter-account transfers to the Cohen Account.

**NOTICE**

14.    Notice of this Motion has been provided by U.S. mail, postage prepaid, or email to (i) Mr. Cohen and his counsel; (ii) all parties included in the Master Service List as defined in the Order Establishing Notice Procedures (ECF No. 4560); (iii) all parties that have filed a notice of appearance in this case; (iv) the SEC; (v) the IRS; (vi) the United States Attorney for the Southern

District of New York; and (vii) SIPC, pursuant to the Order Establishing Notice Procedures (ECF No. 4560). The Trustee submits that no other or further notice is required. In addition, the Trustee's pleadings filed in accordance with the schedule outlined above will be posted to the Trustee's website www.madofftrustee.com and are accessible, without charge, from that site.

15. No previous request for the relief sought herein has been made by the Trustee to this or any other Court.

## CONCLUSION

16. For the reasons stated above, the Trustee respectfully requests that the Court enter the Scheduling Order, substantially in the form attached hereto, and granting such other and further relief as is just.

Dated: New York, New York
November 12, 2019

/s/ David J. Sheehan
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Brian A. Bash
Email: bbash @bakerlaw.com
Jason I. Blanchard
Email: jblanchard@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*