WINDELS MARX LANE & MITTENDORF, LLP
156 West 56th Street
New York, New York 10019
Tel: (212) 237-1000
Howard L. Simon
Alan Nisselson
Email: hsimon@windelsmarx.com
　　　anisselson@windelsmarx.com

Hearing Date: December 12, 2019
Hearing Time: 10:00 a.m. EST
Objection Deadline: December 5, 2019
Time: 4:00 p.m. EST

*Special Counsel to Irving H. Picard, Esq., Trustee for the*
*Substantively Consolidated SIPA Liquidation of*
*Bernard L. Madoff Investment Securities LLC and*
*Alan Nisselson, the Chapter 7 Trustee of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br> Plaintiff-Applicant, <br><br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br> Defendant. | Adv. Pro. No. 08-01789 (SMB) <br> SIPA Liquidation <br> (Substantively Consolidated) |
| In re: <br><br> BERNARD L. MADOFF, <br><br> Debtor. | |

**THIRTIETH APPLICATION OF WINDELS MARX LANE & MITTENDORF, LLP**
**FOR ALLOWANCE OF INTERIM COMPENSATION FOR SERVICES RENDERED**
**AND REIMBURSEMENT OF ACTUAL AND NECESSARY**
**EXPENSES INCURRED FROM APRIL 1, 2019 THROUGH JULY 31, 2019**

Windels Marx Lane & Mittendorf, LLP ("Windels Marx" or the "Firm") as special

counsel to Irving H. Picard as trustee (the "Trustee") for the substantively consolidated

liquidation proceeding of Bernard L. Madoff Investment Securities LLC ("BLMIS" or

"Debtor"), and to Alan Nisselson as trustee (the "Chapter 7 Trustee") for the Chapter 7

estate of Bernard L. Madoff ("Madoff"), pursuant to the Orders of the Court dated July 16,

2009 [Docket No. 327] and November 23, 2011 [Docket No. 4547], respectfully submits this application (the "Thirtieth Application") for an order pursuant to section 78eee(b)(5) of the Securities Investor Protection Act ("SIPA"), 15 U.S.C.§ 78eee(b)(5), sections 330 and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101 et. seq. (the "Bankruptcy Code"), and Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), allowing and awarding interim compensation for services performed by Windels Marx for the period commencing April 1, 2019 through and including July 31, 2019 (the "Compensation Period") in the amount of $1,530,875.50 of which 80%, or $1,224,700.40 is to be paid currently and 20%, or $306,175.10, is to be deferred through the conclusion of the liquidation proceeding or further order of the Court, and reimbursement of Windels Marx's actual and necessary expenses incurred during the Thirtieth Compensation Period in the amount of $12,065.18, and in support thereof, respectfully represents as follows:

## I.      PRELIMINARY STATEMENT

1.      During this Thirtieth Compensation Period, Windels Marx continued to assist the Trustee and his counsel, Baker & Hostetler LLP ("Baker"), in their efforts to recover customer property for the victims of Madoff's fraud.

2.      Among other things, Windels Marx spent significant time during the Compensation Period on the Trustee's active individual subsequent transfer cases, including drafting and revising amended subsequent transfer complaints and preparing memoranda of law supporting the anticipated motions for leave to file the amended complaints, working on a potential new subsequent transfer adversary proceeding, with related document reviews, legal and factual investigations, and complaint drafting, and assisting Baker with several of its subsequent transfer cases by researching specific legal or factual issues and/or

reviewing, commenting on, and drafting proposed language for complaints and/or motion papers.

3.        During the Compensation Period, Windels Marx also spent substantial time preparing for and participating in the mediation of the Firm's one remaining "Good Faith" matter, including conducting legal and factual research in support of the mediation, drafting and responding to mediation statements, and addressing post-mediation issues in an effort to resolve the matter. Windels Marx also spent time on discovery matters on Baker's behalf, including preparing bank subpoenas and handling related objections, document productions, and service issues.

4.        Windels Marx also worked on matters common to all subsequent transfer cases during the Compensation Period, including, in particular, researching and drafting memoranda on factual and legal issues pertinent to the draft amended subsequent transfer complaints and the targeted review of relevant documents to identify further support for the allegation in the complaints.

5.        The following discussion and the materials attached to this Thirtieth Application cover the major categories of services for which allowance of compensation is sought.

## II.        PROCEDURAL BACKGROUND

### The SIPA Liquidation

6.        On December 11, 2008, the United States Securities and Exchange Commission (the "SEC") filed a complaint in the United States District Court for the Southern District of New York (the "District Court") against defendants Madoff and

BLMIS (Case No. 08 CV 10791) (the "SEC Action").  The SEC complaint alleged that

Madoff and BLMIS engaged in fraud through the investment advisor activities of BLMIS.

7.      In the SEC Action, the SEC consented to a combination of its own action

with an application of the Securities Investor Protection Corporation ("SIPC").  Thereafter,

pursuant to section 78eee(a)(3) of the SIPA, SIPC filed an application in the District Court

alleging, inter alia, that BLMIS was not able to meet its obligations to securities customers

as they came due and, accordingly, its customers needed the protection afforded by SIPA.

8.      On December 15, 2008, District Judge Stanton granted the SIPC

application, which among other things:

- appointed Irving H. Picard as the SIPA Trustee for the liquidation of
  the business of BLMIS pursuant to 15 U.S.C. § 78eee(b)(3);

- appointed Baker as counsel to the SIPA Trustee pursuant to 15
  U.S.C. § 78eee(b)(3); and

- removed the liquidation proceeding (the "BLMIS Liquidation") to
  this Court pursuant to 15 U.S.C. § 78eee(b)(4).

The Bernard L. Madoff Chapter 7 Case

9.      On April 13, 2009, Blumenthal & Associates Florida General Partnership,

Martin Rappaport Charitable Remainder Unitrust, Martin Rappaport, Marc Cherno and

Steven Morganstern (collectively, the "Petitioning Creditors"), through their attorneys,

Milberg LLP, filed an involuntary petition for relief under Chapter 7 of the Bankruptcy

Code against Madoff.

10.     On April 16, 2009, the Petitioning Creditors filed a motion to appoint a

trustee in Madoff's case, and on that same date, the Court entered an Order to Show Cause

Why the Court Should Not Enter an Order Directing the United States Trustee to Appoint

an Interim Trustee.

11.     On April 20, 2009, the Court entered an Order directing the Office of the United States Trustee for the Southern District of New York (the "UST") to appoint an interim trustee to perform the duties of trustee as set forth in Bankruptcy Code §§ 701 and 704, pursuant to which the UST appointed Alan Nisselson as the Chapter 7 Trustee on April 21, 2009.

12.     On April 24, 2009, the Court entered an Order authorizing and empowering the Chapter 7 Trustee to retain Windels Marx to represent him in the Madoff case, effective as of April 21, 2009.

13.     On May 5, 2009, the SIPA Trustee and SIPC filed a joint motion for entry of an order pursuant to section 105(a) of the Bankruptcy Code substantively consolidating the Madoff estate into the BLMIS Liquidation (the "Substantive Consolidation Motion").

14.     On June 9, 2009, after the Chapter 7 Trustee filed a Response to the Substantive Consolidation Motion, the Court entered a Consent Order ("Consent Order") [Docket No. 252] which, among other things, approved the Substantive Consolidation Motion, nunc pro tunc to December 11, 2008.

15.     On July 16, 2009, this Court entered an Order granting the Trustee's motion to retain Windels Marx as special counsel on behalf of the consolidated estate, *nunc pro tunc* as of June 9, 2009 [Docket No. 327], finding that Windels Marx is disinterested pursuant to section 78eee(b)(6) of SIPA, section 327(a) of the Bankruptcy Code, and Bankruptcy Rule 2014(a) and is therefore in compliance with the disinterestedness requirement in section 78eee(b)(3) of SIPA, section 327(a) of the Bankruptcy Code, and Bankruptcy Rule 2014(a).

16.     On November 23, 2011, this Court entered an Order [Docket No. 4547] making certain provisions of this Court's Order Establishing Procedures Governing Interim Monthly Compensation of the Trustee and Baker & Hostetler LLP, amended and superseded in its entirety on June 1, 2011, applicable to Windels Marx, *nunc pro tunc* as of June 1, 2011.

### III.    SPECIAL COUNSEL'S EXPERIENCE

17.     Windels Marx engages in the general practice of law, and has substantial expertise in such areas as bankruptcy, commercial litigation, securities, tax and corporate law.

18.     In particular, the senior Windels Marx attorneys in charge of this matter specialize in advising Chapter 7 and Chapter 11 bankruptcy trustees in connection with complex bankruptcy litigation related to, among other things, asset analysis and recovery.

### IV.    SUMMARY OF SERVICES

19.     The services rendered by Windels Marx during the four-month Thirtieth Compensation Period are described below.  In rendering professional services to the Trustee and the Chapter 7 Trustee, Windels Marx's legal team has been composed of professionals with extensive experience in bankruptcy and complex commercial litigation, securities, tax, and corporate law.

20.     Windels Marx professionals have worked closely with the Trustee, his counsel at Baker, and the Trustee's other retained professionals to coordinate their efforts in order to maximize efficiency and to avoid any duplication of effort.

21.     This Thirtieth Application is intended to serve as a summary description of the more significant services rendered by Windels Marx during the Thirtieth Compensation

Period.  The following section provides an overview of those services, sorted by the matter and task codes used by Windels Marx for specific categories of work.

22.     Matter Number 02 is the general matter number used for tasks that affect all proceedings commenced by Windels Marx on behalf of the Trustee, and task numbers have been assigned for specific categories of work to permit a more detailed analysis of the fees incurred.[1]

23.     Matter Numbers 03-23 relate to specific projects, adversary proceedings, or groups of adversary proceedings commenced, being handled, and/or being supervised by Windels Marx on behalf of the Trustee.  Common tasks conducted by Windels Marx in these projects, adversary proceedings, or groups of adversary proceedings include the drafting of reports, analyses, and internal memoranda; the filing of papers and the scheduling of matters with the Bankruptcy and/or District Courts; on-going coordination with Baker regarding investigation and litigation strategy; and/or discussions with opposing counsel regarding representation, service, and appearance issues, extensions of time to respond, adjournments of pre-trial conferences, discovery, and settlement.  For the sake of brevity, the descriptions of specific projects, adversary proceedings, or groups of adversary proceedings in paragraphs 24 through 56 below will not repeat these common tasks, but will be limited to matter-specific tasks and case activity that occurred during the Compensation Period.

---

[1] Matter 01 is reserved for certain non-billable time entries.

A.    **MADOFF GENERAL (MATTER 02)**

**Task Code 004: Case Administration (8.30 hours)**

24.    This category relates to various tasks across cases, including (i) research projects and memoranda of general applicability for use by Windels Marx and/or Baker, (ii) the on-going review and reporting internally and to SIPC and Baker on the status of cases and case-wide issues, (iii) the on-going review, organizing, and docketing of case-related information into Baker's and Windels Marx's central databases for use across all Windels Marx and Baker teams, (iv) coordinated tasks affecting or related to one or more Windels Marx and/or Baker cases, and (v) general administrative tasks.

25.    Starting in December 2016, time entries previously included in Case Administration that related to global and case-wide matters affecting our subsequent transfer cases (including matters related to the Trustee's Second Circuit appeal (the "ET Appeal") from this Court's November 2016 Order regarding extraterritoriality and comity (the "ET Order")) have been moved to matter 23 below.

26.    Time entries during this Compensation Period related to, among other things, (i) updating weekly case status reports and (ii) participating in and working on global matters raised in team meetings led by Baker.

**Task Code 007: Fee Applications (53.50 hours)**

27.    This category relates to the Firm's preparation of Windels Marx's monthly billing statements to SIPC and the Trustee, as well as Windels Marx's Applications for Interim Compensation, and the time spent by attorneys and paraprofessionals in reviewing the Windels Marx billing statements before they are submitted to SIPC and the Trustee, to (i) ensure that time was properly billed, (ii) correct any errors in time entries, (iii) write off

certain time and expenses as agreed to by Windels Marx for the benefit of SIPC, and (iv) respond to certain adjustments requested or questions raised by SIPC and/or the Trustee after their review of the monthly billing statements and draft fee application.

### Task Code 020: Internal Office Meetings (13.50 hours)

28.     This category covers internal Windels Marx strategy and case management sessions related to the Firm's pending adversary proceedings. Through these internal meetings and discussions, Windels Marx seeks to ensure the effective use of the time of all timekeepers working on matters, to avoid duplicative efforts, and to provide a consistent approach to the adversary proceedings outstanding during this period and other case-related legal matters being handled by the Firm.

### Task Code 041: Discovery, Document Review, Document Production (31.50 hours)

29.     This category relates to discovery and related issues not specific to a Windels Marx case, such as document productions in response to third party subpoenas, productions of documents produced by parties with whom Baker has a conflict, confidentiality issues concerning these document productions, and other discovery-related work that is responsive to requests from Baker or applicable generally to Windels Marx's cases.

30.     Time entries during this Compensation Period related to, among other things, (i) preparing bank subpoenas and supplemental document requests for Baker and handling related service issues, objections, and productions, (ii) participating in discovery management team meetings led by Baker, and (iii) responding to discovery-related requests for information from Baker.

## B.   GOOD FAITH PROCEEDINGS (MATTER 07) (<u>337.00 hours</u>)

31.   This category relates to one remaining good faith adversary proceeding against a BLMIS Investment Advisor net winner customer that was outstanding during this Compensation Period, seeking to recover approximately $1.125 million in two-year fictitious profits paid out by BLMIS, as well as global matters related to all of the Trustee's good faith cases, on which we assist Baker.

32.   In addition to the tasks outlined in ¶ 23, time entries during this Compensation Period related to the mediation of Windels Marx's one remaining active good faith case, including (i) conducting factual and legal research into numerous issues relevant to the parties' claims and defenses, (ii) drafting and revising the Trustee's mediation statement and reply to the defendant's mediation statement, (iii) preparing for, participating in, and drafting summary reports on the mediation, and (iv) addressing options and strategies for resolving the matter.

33.   Windels Marx also spent time working and assisting Baker on issues common to the Trustee's good faith cases, including reviewing and commenting on a memorandum on evidentiary issues.

## C.   CREDIT SUISSE (MATTER 12) (<u>15.20 hours</u>)

34.   This category relates to an avoidance action filed on December 12, 2011 to recover subsequent transfers of BLMIS Customer Property from certain BLMIS feeder funds to Defendants totaling over $375 million. *Picard v. Credit Suisse AG, et al.,* Adv. Pro. No. 11-02925 (Bankr. S.D.N.Y.) (SMB). This case was dismissed by virtue of the ET Order and is a part of the ET Appeal.

35.    In addition to the tasks outlined in ¶ 23, time entries during this Compensation Period related to (i) reviewing the draft Credit Suisse amended complaint and related work product in preparation for revising it further and (ii) reviewing third-party produced documents for information relevant to the claims in the draft amended complaint.

**D.    SOLON CAPITAL (MATTER 13) (116.50 hours)**

36.    This category relates to an avoidance action filed on January 17, 2012, amended July 30, 2012, to recover subsequent transfers of BLMIS Customer Property from a BLMIS feeder fund to Defendant totaling approximately $2 million. *Picard v. Solon Capital, Ltd.*, Adv. Pro. No. 12-01025 (Bankr. S.D.N.Y.) (SMB). This case was dismissed by virtue of the ET Order and is a part of the ET Appeal.

37.    In addition to the tasks outlined in ¶ 23, time entries during this Compensation Period related to (i) reviewing Solon-related case plan spreadsheets and other work product for use in revising the draft Solon second amended complaint, (ii) reviewing newly produced and/or identified documents to use in updating the draft second amended complaint, and (iii) revising and drafting new language for the draft second amended complaint.

**E.    ZEPHYROS (MATTER 14) (200.80 hours)**

38.    This category relates to an avoidance action filed on April 5, 2012 to recover subsequent transfers of Customer Property from certain BLMIS feeder funds to Defendant totaling over $114 million. *Picard v. Zephyros Limited*, Adv Pro. No. 12-01278 (Bankr. S.D.N.Y.) (SMB). This case was dismissed in part by virtue of the ET Order and is a part of the ET Appeal.

39.    In addition to the tasks outlined in ¶ 23, time entries during this Compensation Period related to (i) conducting targeted reviews of recently produced documents to identify additional support for the allegations in the draft Zephyros amended complaint, (ii) conducting factual research on numerous issues in connection with updating certain sections of the draft amended complaint, and (iii) editing and revising the draft amended complaint and memorandum of law in support of a motion to amend the complaint.

### F.    MISTRAL (MATTER 15) (<u>32.30 hours</u>)

40.    This category relates to an avoidance action filed on April 5, 2012 to recover subsequent transfers of Customer Property from certain BLMIS feeder funds to Defendant totaling approximately $3.4 million.  *Picard v. Mistral (SPC)*, Adv Pro. No. 12-01273 (Bankr. S.D.N.Y.) (SMB). This case was dismissed in part by virtue of the ET Order. It is not a part of the Trustee's ET Appeal.

41.    In addition to the tasks outlined in ¶ 23, time entries during this Compensation Period related to (i) reviewing and analyzing responsive documents to support a draft Mistral amended complaint and (ii) revising the draft amended complaint.

### G.    SOCIETE GENERALE (MATTER 16) (<u>302.80 hours</u>)

42.    This category relates to an avoidance action filed on May 30, 2012 to recover subsequent transfers of Customer Property from certain BLMIS feeder funds to Defendants totaling over $162 million.  *Picard v. Societe Generale Private Banking (Suisse) S.A. (f/k/a SG Private Banking Suisse S.A.)*, Adv. Pro. No. 12-01677 (Bankr. S.D.N.Y.) (SMB). This case was dismissed by virtue of the ET Order and is a part of the ET Appeal.

43.     In addition to the tasks outlined in ¶ 23, time entries during this Compensation Period primarily related to (i) reviewing Societe Generale-related case plan spreadsheets and related work product, transfer documents, and court filings from related liquidation/bankruptcy proceedings in connection with updating the draft Societe Generale amended complaint, (ii) reviewing third-party produced documents to identify additional support for the allegations in the draft amended complaint, (iii) conducting factual research on numerous issues related to the draft amended complaint, and (iv) revising the draft amended complaint and memorandum of law in support of a motion to amend the complaint.

### H.     **ROYAL BANK OF CANADA (MATTER 17) (<u>626.60 hours</u>)**

44.     This category contains entries related to two avoidance actions. The first action relates to an avoidance action filed on June 6, 2012 to recover subsequent transfers of Customer Property from certain BLMIS feeder funds to Defendants totaling over $100 million. *Picard v. Royal Bank of Canada*, Adv. Pro. No. 12-01699 (SMB).

45.     The second action under Matter 17 relates to an avoidance action filed on June 6, 2012 to recover subsequent transfers of Customer Property from certain BLMIS feeder funds to Defendants totaling over $80 million.  *Picard v. Banque Internationale a Luxembourg S.A. (f/k/a Dexia Banque Internationale a Luxembourg S.A.*), Adv. Pro. No. 12-01698 (SMB).

46.     These cases were dismissed in part by virtue of the ET Order and are a part of the ET Appeal.

47.     In addition to the tasks outlined in ¶ 23, time entries during this Compensation Period related to (i) reviewing and analyzing documents from recent third

party productions to further support the draft Royal Bank of Canada and Dexia amended complaints, (ii) conducting factual and legal research, and drafting related notes and charts, on transfers and other issues relevant to the draft amended complaints and memoranda supporting the motions for leave to amend the complaints, and (iii) revising and updating the draft amended complaints and the memoranda of law supporting the  motions for leave to amend the complaints.

I.    **CREDIT SUISSE (AS SUCCESSOR-IN-INTEREST TO CLARIDEN LEU) (MATTER 18) (<u>80.00 hours</u>)**

48.    This category relates to an avoidance action filed on May 30, 2012, amended July 30, 2012, to recover subsequent transfers of Customer Property from certain BLMIS feeder funds to Defendant totaling over $49 million. *Picard v. Credit Suisse AG., as successor-in-interest to Clariden Leu AG and Bank Leu AG*, Adv. Pro. No. 12-01676 (SMB). This case was dismissed by virtue of the ET Order and is a part of the ET Appeal.

49.     In addition to the tasks outlined in ¶ 23, time entries during this Compensation Period primarily related to conducting targeted searches for documents supporting Clariden Leu-related transfers and other facts  relevant to the claims in the draft Clariden Leu amended complaint.

J.    **TRINCASTAR (MATTER 19) (<u>61.70 hours</u>)**

50.    This category relates to an avoidance action filed on September 22, 2011 to recover subsequent transfers of Customer Property from a BLMIS feeder fund to Defendant totaling approximately $13.3 million. *Picard v. Trincastar Corp.*, 11-02731 (SMB). This case was dismissed by virtue of the ET Order and is a part of the ET Appeal.

51.     In addition to the tasks outlined in ¶ 23, time entries during this Compensation Period primarily related to (i) reviewing Trincastar-related documents to find

additional support for the allegations in the draft Trincastar amended complaint and (ii) revising the draft amended complaint.

**K.      COORDINATED CASES (MATTER 20) (658.90 hours)**

52.      This category relates to a group of thirteen subsequent transferee cases, filed by Baker and staffed with Baker attorneys, which Howard Simon and Kim Longo are supervising, with supporting work by other Windels attorneys, to facilitate the coordination of common information, issues, and documents between the firms and take advantage of staffing efficiencies. Twelve of these "Coordinated Cases" were dismissed by virtue of the ET Order and are a part of the ET Appeal.

53.      This category also relates to work performed at Baker Hostetler's request in connection with the Tremont group of Madoff feeder funds, and application of same to all Windels Marx and Baker subsequent transferee cases.

54.      Time entries during this Compensation Period related to (i) assisting Baker with several of its subsequent transfer cases, including (a) reviewing, commenting on, and providing proposed language for draft amended complaints, responses to motions to dismiss, and replies on motions for leave to amend and (b) researching specific legal and factual  issues related to particular cases; (ii) working on a potential new subsequent transfer matter, including (a) reviewing documents related to potential defendants, factual issues, and potential claims, (b) researching certain legal issues raised by the potential complaint, and (c) drafting the complaint; and (iii) working on the Coordinated Cases, including (a) conducting document reviews to identify support for the allegations in the draft amended complaints, (b) revising the draft amended complaints, and (c) working

internally and with Baker on strategies for handling common issues and work product, case developments, and next steps.

### L.    CASE-WIDE SUBSEQUENT TRANSFER LITIGATION (MATTER 23) (<u>1,102.00 hours</u>)

55.    This category relates to the ET Appeal and any other omnibus-style decisions, motion practice, research, or other tasks related to Windels Marx's subsequent transfer cases globally or case-wide tasks needed by the Trustee with respect to subsequent transfer cases.

56.    Time entries during this Compensation Period related to (i) reviewing Tremont hard copy documents, Kingate documents, and other recently produced documents to provide additional support for the draft amended complaints in Windels Marx's subsequent transfer cases, (ii) reviewing the Firm's work product and key Madoff decisions to identify main issues to consider in connection with the subsequent transfer cases, (iii) researching and drafting memoranda on Bankruptcy Code § 550(b)(1) alternate theories of recovery and potential defenses in connection with same and/or motions to dismiss the complaints, and (iv) working with Baker on the defendants' motion to stay the return of the mandate of the subsequent transfer cases pending the Supreme Court's decision on the pending petitions for certiorari.

### V.    <u>COMPENSATION REQUESTED</u>

57.    During the Thirtieth Compensation Period, Windels Marx expended 3,643.50 hours in the rendition of professional and paraprofessional services on behalf of the Trustee and the Chapter 7 Trustee, resulting in a blended attorney hourly rate of $421.69 for fees incurred.  The blended rate for all professionals was $420.17.

58.     Prior to filing this Thirtieth Application, Windels Marx provided to SIPC and the Trustee (i) its April 1, 2019 through July 31, 2019 monthly statements setting forth the Firm's total fees for services rendered and expenses incurred on behalf of the consolidated estate for each month during the period April 1, 2019 through July 31, 2019 in the aggregate amount of $1,851,383.24 and $13,287.70, respectively, and (ii) a draft of this Thirtieth Application.  The Firm wrote off certain unbilled and billed time, and SIPC's staff made certain additional adjustments and suggestions, which were adopted by Windels Marx.  After such write-offs and adjustments (and the 10% discount), Windels Marx's April 1, 2019 through July 31, 2019 monthly statements reflected total fees and expenses of $1,530,875.50 and $12,065.18, respectively.

59.     Specifically, Windels Marx's total fees and expenses for this Thirtieth Compensation Period were $1,851,383.24 and $13,287.70, respectively.  In connection with preparing each of the four monthly statements and this Thirtieth Application, Windels Marx voluntarily (i) wrote off unbilled time of $112,033.80, (ii) wrote off billed time of $38,376.67 and (iii) reduced its total remaining fees of $1,700,972.77 to $1,530,875.50 by discounting the Firm's rates by 10% at SIPC's request (resulting in a voluntary reduction of $320,507.74 or approximately 17.31% of Windels Marx's total fees).  Windels Marx also agreed to write off expenses customarily charged to other clients in the amount of $1,222.52, resulting in $12,065.18 of remaining expenses.  Such fees and expenses are reasonable based on the customary compensation charged by comparably skilled practitioners in the Chapter 7 and 11 Cases and comparable bankruptcy and non-bankruptcy cases in a competitive national legal market. Total hours expended after all reductions equal 3,643.50.

60.     There is no agreement or understanding among the Trustee, Windels Marx or any other person, other than members of Windels Marx, for sharing of compensation to be received for services rendered in this case.

61.     This Thirtieth Application has been prepared in accordance with the Amended Guidelines for Fees and Disbursements of Professionals in Southern District of New York Bankruptcy Cases adopted by the Court on February 5, 2013 (the "Local Guidelines").  Pursuant to the Local Guidelines, the certification of Howard L. Simon, Esq. regarding compliance with the same is attached hereto as Exhibit A.

62.     Exhibit B annexed hereto provides a schedule of Windels Marx professionals and paraprofessionals who have provided services during the Thirtieth Compensation Period, the capacity in which each individual is employed by the Firm, the year in which each attorney was licensed to practice law in New York, the hourly billing rate charged by Windels Marx for services provided by each individual and the aggregate number of hours billed by each individual.  The 10% discount (as described above) is already reflected in the total amount billed.

63.     Exhibit C annexed hereto provides a schedule of the expenses for which reimbursement is requested.  The requested expenses are customarily charged to and paid by Windels Marx's bankruptcy and non-bankruptcy clients.  At SIPC's request, Windels Marx has not charged for local travel expenses and overtime meals, which categories of expenses are regularly charged to and paid by Windels Marx's clients.

64.     Exhibit D annexed hereto is a summary by matter and task code of services performed by Windels Marx from April 1, 2019 through July 31, 2019.

65.     To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Thirtieth Compensation Period, but were not classified or processed prior to the preparation of this Thirtieth Application, Windels Marx reserves the right to request additional compensation for such services and reimbursement of such expenses in a future application.

## VI.     WINDELS MARX'S REQUEST FOR INTERIM COMPENSATION SHOULD BE GRANTED

66.     Section 78eee(b)(5)(A) of SIPA provides in pertinent part that, upon appropriate application and after a hearing, "[t]he court shall grant reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred ... by a trustee ..."   Section 78eee(b)(5)(C) of SIPA specifically establishes SIPC's role in connection with applications for compensation and the consideration the Court should give to SIPC's recommendation concerning fees.  That section provides as follows:

> In any case in which such allowances are to be paid by SIPC without reasonable expectation of recoupment thereof as provided in this Chapter and there is no difference between the amounts requested and the amounts recommended by SIPC, the court shall award the amounts recommended by SIPC.  In determining the amount of allowances in all other cases, the court shall give due consideration to the nature, extent, and value of the services rendered, and shall place considerable reliance on the recommendations of SIPC.

67.     To the extent the general estate is insufficient to pay such allowances as an expense of administration, section 78eee(b)(5)(E) of SIPA requires SIPC to advance the funds necessary to pay the compensation of Windels Marx (*see* section 78fff-3(b)(2) of SIPA).

68.     Based on the allocation process set forth in SIPA, the Trustee has determined at this time that he has no reasonable expectation that the general estate will be

sufficient to make any distribution to general creditors or pay any administrative expenses. That is, the Trustee believes that any assets allocated to the BLMIS general estate will be exhausted prior to his being able to reimburse SIPC fully.  The Trustee has been advised by SIPC that it concurs with this belief of the Trustee.  Accordingly, any fees and expenses allowed by this Court will be paid from advances by SIPC without any reasonable expectation by SIPC of recoupment thereof.

69.     Therefore, with respect to this Thirtieth Application, Windels Marx requests that consistent with section 78eee(b)(5)(C) of SIPA, the Court "award the amounts recommended by SIPC."  *See In re Bell & Beckwith*, 112 B.R. 876 (Bankr. N.D. Ohio 1990).  Windels Marx expects that SIPC will file its recommendation to the Court with respect to this Thirtieth Application prior to the hearing, currently scheduled for December 12, 2019.

70.     Windels Marx submits that the request for interim allowance of compensation made through this Thirtieth Application is reasonable and complies with the provisions of the Bankruptcy Code governing applications for compensation and reimbursement of expenses, pursuant to section 78eee(b)(5) of SIPA.

## VII.   CONCLUSION

71.     Windels Marx respectfully submits that the services rendered during the Thirtieth Compensation Period merit the approval of the fees and disbursements requested herein, and respectfully requests that the Court enter an Order: (i) allowing and awarding $1,530,875.50 (of which 80%, or $1,224,700.40 is to be paid currently, and 20%, or $306,175.10 is to be deferred through the conclusion of the liquidation proceeding or further order of the Court) as an interim payment for professional services rendered by

Windels Marx during the Thirtieth Compensation Period, and $12,065.18 as reimbursement

of the actual and necessary costs and expenses incurred by the Firm in connection with the

rendition of such services, and (ii) granting such other and further relief as the Court may

deem just and proper.

Dated:  New York, New York

November 12, 2019                    Respectfully submitted,

WINDELS MARX LANE & MITTENDORF, LLP
*Special Counsel for Irving H. Picard, Trustee for
the SIPA Liquidation of Bernard L. Madoff
Investment Securities LLC and Alan Nisselson, the
Chapter 7 Trustee of Bernard L. Madoff*

/s/  Howard L. Simon
Howard L. Simon (hsimon@windelsmarx.com)
156 West 56th Street
New York, New York 10019
Telephone: (212) 237-1000
Facsimile: (212) 262-1215