**Exhibit A**

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br>　　　　　　　Plaintiff-Applicant,<br>　　v.<br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br>　　　　　　　Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br>　　　　　　　Debtor. | |

**AFFIDAVIT OF HOWARD L. SIMON**

STATE OF NEW YORK　　)
　　　　　　　　　　　　　ss:
COUNTY OF NEW YORK　)

　　HOWARD L. SIMON, being duly sworn, deposes and says:

　　1.　　I am an attorney admitted to the bar of this Court and a member of the firm of Windels Marx Lane & Mittendorf, LLP ("Windels Marx"). I submit this affidavit in support of the Thirtieth application ("Thirtieth Application") of Windels Marx, as special counsel to Irving H. Picard as trustee (the "Trustee") for the substantively consolidated liquidation proceeding of Bernard L. Madoff Investment Securities LLC ("BLMIS") and to Alan Nisselson (the "Chapter 7 Trustee") as trustee for the chapter 7 estate of Bernard L. Madoff ("Madoff"), pursuant to the Orders of this Court dated July 16, 2009 [Docket No. 327] and November 23, 2011 [Docket No. 4547], for allowance of interim compensation for services performed and reimbursement of actual and necessary expenses incurred during the period commencing April 1, 2019 through and

{11744961:1}

including July 31, 2019 (the "Compensation Period"), pursuant to section 78eee(b)(5) of the Securities Investor Protection Act ("SIPA"), 15 U.S.C.§ 78eee(b)(5), sections 330 and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), and Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

2. I submit this affidavit pursuant to Bankruptcy Rule 2016(a) in support of Windels Marx's Application for allowance of compensation in the amount of $1,530,875.50 for professional services rendered during the Compensation Period (of which 20%, or $306,175.10 is to be deferred through the conclusion of the liquidation proceeding or further order of the Court) and reimbursement in the amount of $12,065.18 for necessary expenses incurred during the Compensation Period.

3. As the supervising attorney in charge of the attorneys and paraprofessionals staffed on this matter, I am familiar with such services and with these proceedings. These statements are correct to the best of my knowledge and belief, based upon conversations I have conducted with attorneys at Windels Marx, the Trustee, and his counsel Baker & Hostetler, LLP, and upon records kept by Windels Marx in the normal course of business.

4. I hereby certify that (i) I have read the Thirtieth Application and (ii) to the best of my knowledge, information and belief, formed after reasonable inquiry, the Thirtieth Application substantially complies with the guidelines for fee applications under Bankruptcy Rule 2016(a).

5. Windels Marx's fees in this case reflect a 10% public interest discount from Windels Marx's standard rates. Windels Marx has also voluntarily written-off an additional $38,376.67 in fees and $112,033.80 in unbilled time. These discounts and write-offs have resulted in a voluntary reduction of $320,507.74. Windels Marx's fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable bankruptcy and non-bankruptcy cases in a competitive national legal market.

6. I hereby certify that members of SIPC have been provided with a copy of this Thirtieth Application.

7. I hereby certify that members of SIPC have been provided with monthly statements of fees and disbursements accrued during the Compensation Period.

8. I hereby certify that (i) in providing reimbursable nonlegal services to the estate, Windels Marx does not make a profit on such services; and (ii) in seeking reimbursement for a service which Windels Marx justifiably purchased or contracted from a third party, Windels Marx requests reimbursement only for the amount billed to Windels Marx by the third-party vendors and paid by Windels Marx to such vendors.

9. Windels Marx has not made any previous application for allowance of fees for professional services rendered during the Compensation Period.

10. There is no agreement or understanding between the Trustee, Windels Marx and any other person, other than members of Windels Marx, for sharing of compensation to be perceived for services rendered in this case.

11. No agreement or understanding prohibited by 18 U.S.C. §155 has been made or shall be made by Windels Marx.

/s/ Howard L. Simon
Howard L. Simon

Sworn to and subscribed before me
this 12th day of November 2019.
/s/ Maritza Segarra
Maritza Segarra
Notary Public, State of New York
No. 01SE4652865
Qualified in Westchester County
Commission Expires December 31, 2021