|  |  |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**SOUTHERN DISTRICT OF NEW YORK** | Hearing Date: December 17, 2019<br>Time: 10:00 a.m.<br>Objections Due: December 10, 2019<br>Time: 5:00 p.m. |

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>    Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>    Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>    Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff,<br><br>    Plaintiff,<br><br>v.<br><br>DEFENDANTS LISTED ON ECF NO. 14283,<br><br>    Defendants. | Adv. Pro. Nos. 10-04995<br>10-04818<br>10-04914<br>10-04826<br>10-04644<br>10-04541<br>10-04728<br>10-04905<br>10-04621 |

**TRUSTEE'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR FEES AND EXPENSES PURSUANT TO FED. R. CIV. P. 37(A)(5)(B)**

                    **BAKER & HOSTETLER LLP**
                    45 Rockefeller Plaza
                    New York, New York 10111
                    Telephone: (212) 589-4200
                    Facsimile: (212) 589-4201

                    *Attorneys for Irving H. Picard, Trustee for the*
                    *Substantively Consolidated SIPA Liquidation*
                    *of Bernard L. Madoff Investment Securities*
                    *LLC and the Chapter 7 Estate of Bernard L.*
                    *Madoff*

# TABLE OF CONTENTS

                                                                                            **Page**

**PRELIMINARY STATEMENT** ...................................................................................................1

**BACKGROUND** ..........................................................................................................................2

**ARGUMENT** ................................................................................................................................3

    I.   The Third Motion Was Not Substantially Justified and No Other Circumstances Exist Making an Award of Expenses Unjust .....................................................................3

        A.  The Motion Was Not Substantially Justified Because it Failed to Comply With the March 2017 Order ...................................................................................4

        B.  The Motion Was Not Substantially Justified Because it Made No Attempt to Comply With Fed. R. Civ. P. 26 ..........................................................................6

        C.  The Motion Was Not Substantially Justified Because it Sought to Compel Documents Never Formally Requested During Discovery .............................8

        D.  Ms. Chaitman's Conduct Supports the Conclusion that the Motion was Unjustified ………………..............................................................................8

    II.  The Trustee Is Entitled to Reasonable Fees Incurred Opposing the Motion and Appeal ..............................................................................................................................11

**CONCLUSION** ............................................................................................................................12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*246 Sears Road Realty Corporation v. Exxon Mobil Corporation*,
  Case No. 09 Civ. 889, 2011 WL 13254283 (E.D.N.Y. Apr. 1, 2011) ...................................... 7

*MPD Accessories, B.V. v. Urban Outfitters, Inc.*,
  Case No. 12 Civ. 6501, 2013 WL 3816598 (S.D.N.Y. July 22, 2013) ..................................... 4

*Romeo and Juliette Laser Hair Removal, Inc. v. Assara I, LLC*,
  Case No. 08 Civ. 442, 2013 WL 3322249 (S.D.N.Y. July 2, 2013) ...................................... 11

*Terra Energy & Resource Technologies, Inc. v. Terralinna Pty. Ltd.*,
  Case No. 12 Civ. 1337, 2014 WL 1777984 (S.D.N.Y. April 30, 2014) ......................... 8, 9, 10

**Rules**

Fed. R. Civ. P. 26(b) ................................................................................................................ 6, 7, 8

Fed. R. Civ. P. 37(a)(5)(B) ............................................................................................. 1, 2, 3, 6, 12

**Other Authorities**

8B CHARLES ALAN WRIGHT, ARTHUR R. MILLER, RICHARD L.
  MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2288 (3d ed.
  2010) ....................................................................................................................................... 3

Irving H. Picard, as trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA"), and the chapter 7 estate of Bernard L. Madoff, respectfully submits this memorandum of law and the accompanying Declaration of Maximillian S. Shifrin ("Shifrin Decl.") in support of his application for fees and expenses pursuant to Fed. R. Civ. P. 37(a)(5)(B) and this Court's Memorandum Decision and Order Affirming Order of Discovery Arbitrator (ECF. No. 18961).

## PRELIMINARY STATEMENT

When a litigant brings a motion to compel discovery and loses, Fed. R. Civ. P. 37(a)(5)(B) requires the movant, its attorney, or both to pay its opponent's reasonable attorneys' fees unless the motion was substantially justified or the assessment of fees would be unjust. The purpose of this rule is to discourage the discovery abuse that often increases litigation costs and inhibits efficient resolution of civil disputes.

In her three-year pursuit of purported "trading records," Helen Chaitman has exemplified the precise type of conduct this rule seeks to deter. In March of 2017, Judge Maas denied the second of three consecutive motions to compel discovery filed by Ms. Chaitman on behalf of dozens of good faith defendants and ordered her to follow a specific protocol for any further document demands—a protocol designed to narrow the discovery dispute and focus Ms. Chaitman's broad and undefined request. Instead of complying with that order, Ms. Chaitman adopted a deliberate strategy of ignoring and circumventing it. Over the course of nearly two years, Ms. Chaitman improperly attempted to raise the dispute in this Court and, in the process, misled the Court in multiple submissions and hearings by failing to disclose Judge Maas's governing order—all while falsely accusing the Trustee himself of ignoring multiple orders and concealing documents. Yet none of Ms. Chaitman's accusations were true: The Trustee had

1

produced millions of pages of documents in a good faith effort to resolve the dispute and had fully complied with all applicable orders. And despite Judge Maas's standing directives to narrow her request using comprehensive indices provided by the Trustee, Ms. Chaitman ultimately filed a third motion to compel access to over 30 million documents in the BLMIS Database and all "trading records" the Trustee could himself identify in the 10,000 boxes in the BLMIS warehouse. In other words, Ms. Chaitman did the exact opposite of what Judge Maas directed her to do.

None of Ms. Chaitman's conduct over the course of this dispute has been justified—much less substantially justified—and the third motion to compel was no exception. Because Judge Maas and this Court unequivocally denied Ms. Chaitman's third motion to compel and recognized Ms. Chaitman's multiple improprieties, the Trustee is entitled to the attorneys' fees he incurred opposing that motion. Any award of attorneys' fees will be allocated to the customer property estate for ultimate distribution to the victims of Madoff's fraud.

## BACKGROUND

The long history of this dispute is extensively recounted in the Trustee's Opposition to Defendants' Appeal of Judge Maas' January 2, 2019 Order Denying Defendants' Motion to Compel ("Trustee's Appellee Brief") (ECF No. 18633) and the Court's August 29, 2019 Memorandum Decision and Order Affirming Order of Discovery Arbitrator ("August 2019 Order") (ECF No. 18961). In affirming the January 2019 Order, the Court's August 2019 Order stated that "[t]he Trustee may seek his expenses and attorneys' fees in accordance with Rule 37(a)(5)(B) of the Federal Rules of Civil Procedure by separate application." August 2019 Order at 28.

On May 3, 2019, months after Judge Maas's January 2019 Order denying Defendant's discovery motion was entered and while the appeal was pending before this Court, Ms. Chaitman

2

identified 138 boxes for production using the BLMIS warehouse index the Trustee produced to Ms. Chaitman in December of 2016 (and which Judge Maas directed Ms. Chaitman to use in an effort to narrow the ongoing "trading records" dispute). The documents in 125 of those boxes had already been scanned and added to the BLMIS Database, and most of those documents had already been added to E-Data Room 1 and/or produced to Ms. Chaitman in connection with the longstanding dispute. The Trustee promptly produced the balance of the scanned documents and scanned and produced 11 of the 13 unscanned boxes requested by Ms. Chaitman. In total, the Trustee produced an additional 68,413 documents.

With respect to the two unscanned boxes, the Trustee advised that one box did not contain any documents (only personal items), while the other contained documents stored on microfiche. The Trustee objected to processing the microfiche on the basis of cost.

## ARGUMENT

### I. The Third Motion Was Not Substantially Justified and No Other Circumstances Exist Making an Award of Expenses Unjust

Upon denying a motion to compel, the court "must, after giving an opportunity to be heard, require the movant . . . to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorneys' fees"—unless "the motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B). "[T]he burden of persuasion [is] on the losing party to avoid assessment of expenses and fees rather than . . . on the winning party to obtain such an award." 8B CHARLES ALAN WRIGHT, ARTHUR R. MILLER, RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2288 (3d ed. 2010). In order to be "substantially justified," the motion must be "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person, which is more than merely undeserving of sanctions for

3

frivolousness." *MPD Accessories, B.V. v. Urban Outfitters, Inc.*, Case No. 12 Civ. 6501, 2013 WL 3816598 (S.D.N.Y. July 22, 2013) (internal quotations omitted).

      **A.     The Motion Was Not Substantially Justified Because it Failed to Comply With the March 2017 Order**

In May 2018, Ms. Chaitman sought permission from this Court to file a motion for sanctions against the Trustee in connection with the "trading records" dispute. As this Court has recognized, Ms. Chaitman "failed to mention the Protocol of which [the Court] had been unaware until then. After learning of the Protocol and the fact that it had not been followed, [the Court] told [Ms. Chaitman] that she would make the sanctions motion at her peril." August 2019 Order at 22. Though Ms. Chaitman returned to Judge Maas to pursue her requested relief, she nevertheless failed to comply with the substance of the protocol established in the March 2017 Order.

The protocol was designed to narrow Ms. Chaitman's request for "trading records" by directing her to "identify[] the additional documents she [sought] to have produced, and where she believe[d] they may be found" using the indices the Trustee had provided in December of 2016. August 2019 Order at 11-12. Far from narrowing or focusing her request, Ms. Chaitman moved to compel wholesale access to 30 million documents—*i.e.*, all the processed BLMIS data, including millions of BLMIS emails, without any limitations or attempts at specific document identification whatsoever. One day after the in-person arbitration, Ms. Chaitman's request "morphed" into one for all "trading records" the Trustee could locate and identify in the BLMIS warehouse. August 2019 Order at 17 (citing January 2019 Order). At no point did Ms. Chaitman make any effort to consult the indices previously provided by the Trustee.

This far-reaching request ignored Judge Maas's directives. The protocol placed the burden on Ms. Chaitman—not the Trustee—to specifically identify the documents she sought

4

and their location using the Trustee's indices, which Judge Maas stated "should enable Ms. Chaitman to formulate more focused requests for trading records." (AA169). A request for virtually all the Trustee's BLMIS data was hardly compliant with that directive. Nor was it consistent with the procedural reality of the ongoing dispute: Ms. Chaitman's prior motion to compel production of "trading records" was denied (and a narrowing protocol established) based on the Trustee's substantial productions, and thus there was no basis to seek *broader* relief — much less the broadest relief she could conceivably formulate—without making a single attempt to use the indices contemplated by the March 2017 Order.

As recognized by Judge Maas and this Court, at the time Ms. Chaitman filed her third motion, the Trustee had already produced approximately 270,000 documents (4.8 million pages), including the restoration of 201 reels of microfilm and the application of approximately 250 search terms across the BLMIS Database, all in an "effort[] to accommodate [Ms.] Chaitman's ever changing demands." August 2019 Order at 16. Critically, these productions included the specific documents Ms. Chaitman requested at a November 2017 meet and confer—and it was those productions that directly preceded and triggered Ms. Chaitman's third motion to compel and accompanying request for sanctions. In other words, after the Trustee fully complied with Ms. Chaitman's specific document demands, Ms. Chaitman demanded sanctions against the Trustee and unilaterally expanded her request from targeted search terms previously agreed-to by the parties to over 30 million documents unconstrained by any search terms at all. *See* August 2019 Order at 17 ("With each production, [Ms.] Chaitman asked for more, culminating with a request for access to the entire BLMIS Database and, one day after a hearing held by [Judge Maas] on November 19, 2018, she also demanded access to all of the third-party records in the 13,000 boxes in the Queens warehouse.").

5

In fact, recent events demonstrate precisely what Ms. Chaitman should have done instead of filing her third motion to compel. While the appeal in this Court was pending, Ms. Chaitman finally engaged the indices and identified 135 specific boxes stored at the warehouse for production. The majority of those documents were already available in E-Data Room 1 or were otherwise produced to Ms. Chaitman, but the Trustee promptly produced the balance at his expense—68,413 additional documents—including scanning and processing 11 previously unscanned boxes. Ms. Chaitman could have (and should have) taken these exact steps over two years ago, and the Trustee would have obliged the request as consistent with Judge Maas's established protocol. Instead, Ms. Chaitman forced the parties, Judge Maas, and this Court through a series of needless and costly endeavors to obtain additional documents by any means except the express protocol established by Judge Maas.

Accordingly, because Ms. Chaitman's third motion to compel failed to comply with the protocol established by Judge Maas's March 2017 Order, it was not substantially justified under Fed. R. Civ. P. 37(a)(5)(B).

### B.     The Motion Was Not Substantially Justified Because it Made No Attempt to Comply With Fed. R. Civ. P. 26

Rule 26(b) of the Federal Rules of Civil Procedure permits discovery "that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Here, Ms. Chaitman's request for the entire BLMIS Database was akin to a request for "all" of a company's documents—which is contrary to the basic limiting principles in Fed. R. Civ. P. 26. As such, even outside of the procedural context of this dispute, including

6

Judge Maas's governing orders, Ms. Chaitman's motion to compel would be meritless.  Trustee's Appellee Brief at 26-30.

Both Judge Maas and this Court determined that Ms. Chaitman's request failed to satisfy Rule 26.  Affirming Judge Maas's rationale, this Court held that Ms. Chaitman "failed to substantiate" her longstanding claim that any of the trading activity conducted by House 5 was done on behalf of BLMIS's investment advisory customers—despite having millions of pages of BLMIS and third-party documents produced to her and years to establish her theory.  August 2019 Order at 27.  The Court further noted that "the Trustee should not have to bear the cost associated with the Defendants' ever changing and ever growing discovery requests to review 30 million electronic documents in the BLMIS Database or 13,000 boxes of hard copy documents without some evidence to show that BLMIS made some trades for the benefit of the IA customer before 1992."  August 2019 Order at 28; *see also* January 2019 Order at AA18 ("[T]he Defendants have yet to establish that there is a basis to believe that any of the securities transactions undertaken by BLMIS's legitimate House 5 operations were intended to benefit its investment advisory customers or that the Court should indulge in that assumption.").   That Ms. Chaitman demanded the production of the most expansive universe of data possible without even attempting to substantiate her longstanding position using the millions of documents already available to her alone establishes that her motion was not substantially justified.

Moreover, Ms. Chaitman knew from the indices provided by the Trustee that the BLMIS Database included large amounts of irrelevant data.  The productions the Trustee made from the BLMIS Database using *search terms* agreed upon by the parties included many irrelevant documents that Ms. Chaitman admitted she did not want.  But that did not stop Ms. Chaitman from demanding access to the entire BLMIS Database nonetheless.  *See, e.g., 246 Sears Road*

7

*Realty Corporation v. Exxon Mobil Corporation*, Case No. 09-CV-889, 2011 WL 13254283, at *7 (E.D.N.Y. Apr. 1, 2011) (granting motion for fees and noting that "plaintiff's motion to compel is unfounded and based upon little more than what they would like to see, rather than upon what defendant actually has").

No reading of Fed. R. Civ. P. 26(b)(1) supported the breadth of Ms. Chaitman's extraordinary request. The motion was therefore not substantially justified.

### C. The Motion Was Not Substantially Justified Because it Sought to Compel Documents Never Formally Requested During Discovery

Ms. Chaitman never served a discovery request for the expansive universe of data demanded in her motion. Her most recent document request, served after the November 2017 meet and confer, requested "[a]ll records evidencing securities trades placed by or on behalf of [Madoff or BLMIS], or on behalf of customers of [Madoff or BLMIS], with or by third parties, regardless of whether the records evidence 'House 5' or 'House 17' trading." August 2019 Order at 14. Despite the specific nature of her document demand, Ms. Chaitman nevertheless moved to compel the entire BLMIS Database—an enormous universe of documents that she never formally requested. On this basis alone, Ms. Chaitman's motion was not substantially justified. *See Terra Energy & Resource Technologies, Inc. v. Terralinna Pty. Ltd.*, Case No. 12 Civ. 1337, 2014 WL 1777984, at *1 (S.D.N.Y. April 30, 2014) ("Because [Plaintiff's] motion sought to compel production of categories of documents broader than what had been requested during discovery, the motion was not substantially justified.").

### D. Ms. Chaitman's Conduct Supports the Conclusion that the Motion was Unjustified

Ms. Chaitman's conduct throughout the course of this dispute further supports the Trustee's application for attorneys' fees. From the moment the March 2017 Order was entered, Ms. Chaitman "wholly ignored" it and "failed to mention" it in her submissions to this Court in

8

June of 2017 and May of 2018—all while falsely accusing the Trustee of ignoring two "orders." August 2019 Order at 15, 22. As this Court has recognized, one of those "orders," the May 2016 discovery conference transcript, was not an order at all—nor did the Court's statements at that conference, taken in context, mean what Ms. Chaitman said they meant. August 2019 Order at 7-8; 21-23. The other order Ms. Chaitman accused the Trustee of violating, the January 2017 Order, predated and was superseded by the March 2017 Order that denied Ms. Chaitman's second motion to compel based on the Trustee's *compliance* with the previous order. *Id.* at 8-12.

As the record reflects, "the Trustee has repeatedly tried to accommodate Ms. Chaitman's requests for BLMIS trading records," and thus her expansive demand for 30 million documents and related accusations of impropriety were unjustified. August 2019 Order at 17 (citing January 2019 Order); *see also* Trustee's Appellee Brief at 8-21. Indeed, Ms. Chaitman had no reason to believe the Trustee was wrongly withholding any documents. *See Terra Energy & Resource Technologies, Inc. v. Terralinna Pty. Ltd.*, Case No. 12 Civ. 1337, 2014 WL 1777984, at *2 (S.D.N.Y. April 30, 2014) (holding motion to compel not substantially justified and noting: "Given [party's] equivocal deposition testimony and subsequent search for documents, [Plaintiff] had no reason to believe [Defendant] was wrongly withholding documents."). The Trustee only objected to running overly broad search terms (like "Fidelity" and "Morgan Stanley") that returned millions of irrelevant hits or producing all 30 million documents in the BLMIS Database. *See* August 2019 Order at 17 ("[The Trustee's] search confirmed that the use of all twenty-two proposed search terms would return largely irrelevant documents, such as emails."). Judge Maas therefore concluded that Ms. Chaitman's various accusations were "utterly unsupported by the record," and that there was "no basis for requiring the Trustee to supplement the extensive efforts that he has already undertaken by affording Ms. Chaitman unfettered access

9

to the BLMIS Database or requiring him to rummage through all of the boxes in the warehouse in an attempt to find additional pre-1992 third-party trading records." August 2019 Order at 18 (citing January 2019 Order).

In short, the narrative Ms. Chaitman repeatedly offered this Court was a fabrication. The record is now clear that Ms. Chaitman deliberately: (i) ignored the March 2017 Order; (ii) misled this Court about its existence; (iii) misrepresented previous statements by the Court and the Trustee's counsel; (iv) accused the Trustee of multiple improprieties (that Judge Maas concluded were "utterly unsupported by the record,"); and (v) adopted a posture aimed at perpetuating the dispute rather than resolving it. *See generally* January 2019 Order and August 2019 Order.

Courts have awarded fees and expenses under less egregious circumstances. In *Terra Energy*, District Judge Pauley catalogued conduct analogous to Ms. Chaitman's throughout this dispute, describing the movant's various "unfounded" accusations against its adversary— including that it had a "predilection for baseless withholding of documents and dilatory behavior," "admitting" it was wrongfully withholding documents, and lying in a declaration. 2014 WL 1777984, at *2. Judge Pauley concluded that "the tenor of [movant's] briefs and the arguments in support of its motion contribute[d] to the finding that the motion was not substantially justified." *Id.*

Here, Ms. Chaitman's conduct was even more egregious and therefore buttresses the conclusion that the motion was not substantially justified. And because no other circumstances exist making the imposition of fees unjust, the Trustee is entitled to an award of reasonable attorneys' fees incurred opposing Ms. Chaitman's third motion and subsequent appeal.

10

## II.   The Trustee Is Entitled to Reasonable Fees Incurred Opposing the Motion and Appeal

The Trustee seeks attorneys' fees related to his opposition of Ms. Chaitman's motion to compel before Judge Maas and her subsequent appeal of Judge Maas's denial of that motion. "To determine the amount of attorneys' fees to which a prevailing party in a discovery dispute is entitled, the Court must calculate the 'presumptively reasonable fee,' often referred to as the 'lodestar.'" *Romeo and Juliette Laser Hair Removal, Inc. v. Assara I, LLC*, Case No. 08 Civ. 442 (TPG) (FM), 2013 WL 3322249, at *4 (S.D.N.Y. July 2, 2013). "The presumptively reasonable fee is calculated by multiplying the reasonable number of hours that the case requires by the reasonable hourly rate." *Id.*

The Trustee seeks to recoup only those fees billed by the associate attorney that performed the bulk of the work on all relevant submissions and arguments. In 2018, the hourly rate for that associate's time was $570/hr.; in 2019, the hourly rate was $584/hr. The individual time entries are attached to the Shifrin Declaration. In total, the associate billed the following amounts in connection with each task:

- **13.8 hours/$7,866** drafting the Trustee's portion of the joint-letter to Judge Maas, which included unsuccessful attempts to persuade Ms. Chaitman to engage in a meet and confer; multiple draft exchanges with Ms. Chaitman and related revisions; and subsequent correspondence with Judge Maas due to Ms. Chaitman's material alteration of the agreed-upon joint letter she submitted to Judge Maas. *See* Trustee's Appellee Brief at 22, n. 2.

- **11.5 hours/$6,555** preparing for and participating in the in-person arbitration before Judge Maas, including supplemental correspondence with Judge Maas on the day of the arbitration.

- **11.5 hours/$6,555** opposing Ms. Chaitman's supplemental and unauthorized request submitted the day after the arbitration for hard-copy boxes maintained in the BLMIS Warehouse.

- **12.7 hours/$7,416.80** opposing Ms. Chaitman's request for permission to appeal Judge Maas's January 2, 2019 Order.

11

- **68.8 hours/$40,179.20** opposing Ms. Chaitman's appeal of the January 2, 2019 Order.

In addition, the total amount billed by JAMS in connection with the November 2018 arbitration and drafting of the January 2019 Order was $10,363.50 for 16.45 hours of billed time. *See* Shifrin Decl. Ex. F. The Trustee paid the entirety of the charges billed by JAMS.

Collectively, these hours and charges were reasonable. The temporal scope of the dispute and associated issues raised by Ms. Chaitman's motion required extensive preparation and fact development, as the Trustee's counsel was forced to recreate a complex three-year history to provide Judge Maas and this Court with the context that Ms. Chaitman mischaracterized. The Trustee submits that it would be consistent with Fed. R. Civ. P. 37(a)(5)(B) to reimburse the Trustee for his expenses opposing and addressing all of Ms. Chaitman's multiple unjustified submissions after Judge Maas entered the March 2017 Order—including those relating to the microfilm dispute in June and July of 2017. However, in an effort to recoup only those fees necessary to disincentivize similar conduct in the future, the Trustee has limited his request to a single attorney's work on the principal submissions and arguments related to the motion itself and the appeal. Under the unique circumstances here, the requested relief is reasonable.

## CONCLUSION

The Trustee respectfully requests that the Court award the Trustee the fees and expenses described above and in the accompanying Declaration of Maximillian S. Shifrin, totaling $78,935.50.

Dated: New York, New York
November 15, 2019

By: */s/ David J. Sheehan*
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: 212.589.4200
Facsimile: 212.589.4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Maximillian S. Shifrin
Email: mshifrin@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff*

13