**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>          Plaintiff-Applicant,<br><br>     v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>          Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>          Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC and the estate of Bernard L. Madoff,<br><br>          Plaintiff,<br>     v.<br><br>LEGACY CAPITAL LTD.,<br><br>          Defendant. | Adv. Pro. No. 10-05286 (SMB) |

**TRUSTEE'S DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL AND STATEMENT OF ISSUES TO BE PRESENTED**

Irving H. Picard, as trustee (the "Trustee") for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act ("SIPA"), 15 U.S.C. §§ 78aaa *et seq.*, and the substantively consolidated Chapter 7 estate of Bernard L. Madoff, hereby submits under Rule 8009 of the Federal Rules of Bankruptcy Procedure and Rule 8009-1 of the Local Bankruptcy Rules for the Southern District of New York, this designation of items to be included in the record on appeal and statement of issues to be presented

with respect to the Trustee's appeal in the above-captioned adversary proceeding (the "Adversary

Proceeding") of the Final Judgment and Order (the "Final Judgment"), ECF No. 231.

## I.    DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL

The Bankruptcy Court and the District Court issued decisions and orders in this Adversary

Proceeding that merged into the Final Judgment being appealed.  Accordingly, the designation of

items to be included in the record on appeal contains entries from the dockets of both the

Bankruptcy Court and District Court.  Each designated item shall also include any and all exhibits

and documents annexed to or referenced within such item.

### A.    *Picard v. Legacy Capital Ltd.*, Adv. Pro. No. 10-05286, Bankruptcy Court Designations

The Trustee designates for inclusion in the record on appeal the items listed below, the

pertinent docket entries filed in this Adversary Proceeding, including parallel citations to the

main docket, *Picard v. Legacy Capital Ltd.*, Adv. Pro. No. 10-05286 (SMB) (Bankr. S.D.N.Y.)

and *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re BLMIS)*, Adv. Pro. No.

08-01789 (SMB) (Bankr. S.D.N.Y.).

| Designation Number | Date | ECF Number (APN 10-05286) | ECF Number (APN 08-01789) | Docket Text |
|---|---|---|---|---|
| 1 | 11/26/2019 | 235 | 19172 | Certification of Direct Appeal to Court of Appeals (related document(s)232) filed by Oren Warshavsky on behalf of Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, and Bernard L. Madoff. (Warshavsky, Oren) (Entered: 11/26/2019) |
| 2 | 11/26/2019 | 234 | 19171 | Cross Appeal /Notice of Cross-Appeal (related document(s)232) filed by Eric Fisher on behalf of Legacy Capital Ltd. |

2

| Designation Number | Date | ECF Number (APN 10-05286) | ECF Number (APN 08-01789) | Docket Text |
|---|---|---|---|---|
| | | | | (Attachments: # 1 Exhibit A # 2 Exhibit B) (Fisher, Eric) (Entered: 11/26/2019) |
| 3 | 11/22/2019 | 232 | 19164 | Notice of Appeal (related document(s)231, 134, 137) filed by Oren Warshavsky on behalf of Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, and Bernard L. Madoff. Appellant Designation due by 12/6/2019, (Attachments: # 1 Exhibit 1 - 11/12/2019 Final Judgment and Order of Bankruptcy Court # 2 Exhibit 2 - 3/14/2016 Memorandum Decision Regarding Motions to Dismiss the Trustee's Amended Complaint # 3 Exhibit 3 - 4/12/2016 Order Granting Legacy Capital Ltd.'s and Khronos LLC's Motions to Dismiss the Amended Complaint # 4 Exhibit 4 - 4/28/2014 Opinion and Order of the United States District Court for the Southern District of New York (Rakoff, J.))(Warshavsky, Oren) (Entered: 11/22/2019) |
| 4 | 11/12/2019 | 231 | 19114 | Final Judgment and Order signed on 11/12/2019. Judgment entered in favor of the Trustee and against Legacy Capital Ltd. in the amount of $79,125,781.00. JUDGMENT INDEX NUMBER BC 19,0045 (related document(s)230) (Rouzeau, Anatin) (Entered: 11/12/2019) |
| 5 | 05/16/2016 | 139 | | Answer to Amended Complaint (Related Doc # 112) filed by Nicholas F. Kajon on behalf of Legacy Capital Ltd. (Kajon, Nicholas) (Entered: 05/16/2016) |
| 6 | 05/05/2016 | 138 | 13230 | Errata Order Signed On 5/5/2016 Re: Memorandum Decision Regarding Motions To Dismiss The Trustees Amended Complaint (related |

| Designation Number | Date | ECF Number (APN 10-05286) | ECF Number (APN 08-01789) | Docket Text |
|---|---|---|---|---|
| | | | | document(s)120, 134) (Greene, Chantel) (Entered: 05/05/2016) |
| 7 | 04/12/2016 | 137 | 13079 | Order Signed On 4/12/2016. Re: Granting Legacy Capital Ltd.S And Khronos LLCs Motions To Dismiss The Amended Complaint Under Bankruptcy Rule 7012(B) And Federal Rule Of Civil Procedure 12(b)(6) (related document(s)120) (Greene, Chantel) (Entered: 04/12/2016) |
| 8 | 03/28/2016 | 136 | 12987 | Letter to Honorable Stuart M. Bernstein from Jason S. Oliver Regarding Proposed Order (related document(s)135) Filed by Oren Warshavsky on behalf of Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, and Bernard L. Madoff. (Attachments: # 1 Exhibit A - Trustee's Proposed Order # 2 Exhibit B - Trustee's Proposed Changes to Draft Order) (Warshavsky, Oren) (Entered: 03/28/2016) |
| 9 | 03/28/2016 | 135 | | Letter to Judge Bernstein Filed by Eric Fisher on behalf of Khronos LLC. (Attachments: # 1 Exhibit Proposed Order Granting Motion to Dismiss) (Fisher, Eric) (Entered: 03/28/2016) |
| 10 | 03/14/2016 | 134 | 12852 | Written Opinion Signed On 3/14/2016. Re: Motions To Dismiss The Trustees Amended Complaint (related document(s)120, 115) (Greene, Chantel) (Entered: 03/14/2016) |
| 11 | 10/30/2015 | 131 | | Transcript regarding Hearing Held on 10/28/2015 10:02AM RE: Defendant Khronos Motion to Dismiss; Pre-Trial Conference; Defendant Legacy Capital's Motion to Dismiss. Remote electronic |

| Designation Number | Date | ECF Number (APN 10-05286) | ECF Number (APN 08-01789) | Docket Text |
|---|---|---|---|---|
| | | | | access to the transcript is restricted until 1/28/2016. The transcript may be viewed at the Bankruptcy Court Clerks Office. [Transcription Service Agency: Veritext Legal Solutions.]. (See the Courts Website for contact information for the Transcription Service Agency.). Notice of Intent to Request Redaction Deadline Due By 11/6/2015. Statement of Redaction Request Due By 11/20/2015. Redacted Transcript Submission Due By 11/30/2015. Transcript access will be restricted through 1/28/2016. (Ortiz, Carmen) (Entered: 11/13/2015) |
| 12 | 09/18/2015 | 127 | 11373 | Reply Memorandum of Law in Further Support of its Motion to Dismiss the Amended Complaint (related document(s)120) filed by Eric Fisher on behalf of Khronos LLC. (Fisher, Eric) (Entered: 09/18/2015) |
| 13 | 09/18/2015 | 126 | 11372 | Reply to Motion Legacy Capital Ltd.'s Reply Memorandum of Law in Support of Its Motion to Dismiss the Amended Complaint Under Federal Rule of Bankruptcy Procedure 7012(b) and Federal Rule of Civil Procedure 12(b)(6) (related document(s)118, 115, 117) filed by Nicholas F. Kajon on behalf of Legacy Capital Ltd. (Kajon, Nicholas) (Entered: 09/18/2015) |
| 14 | 08/27/2015 | 122 | 11150 | Opposition Brief - Memorandum of Law in Opposition to Defendants' Motions to Dismiss the Amended Complaint (related document(s)120, 115) filed by David J. Sheehan on behalf of Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, and |

| Designation Number | Date | ECF Number (APN 10-05286) | ECF Number (APN 08-01789) | Docket Text |
|---|---|---|---|---|
| | | | | Bernard L. Madoff. (Sheehan, David) (Entered: 08/27/2015) |
| 15 | 07/30/2015 | 120 | 10909 | Motion to Dismiss Amended Complaint (related document(s)112) filed by Eric Fisher on behalf of Khronos LLC with hearing to be held on 10/28/2015 at 10:00 AM at Courtroom 723 (SMB) Responses due by 8/27/2015, (Attachments: # 1 Exhibit A - Order Granting Motion to Dismiss # 2 Pleading Declaration of Eric B. Fisher in Support of Motion to Dismiss # 3 Exhibit A - to Fisher Declaration # 4 Exhibit B - to Fisher Declaration # 5 Exhibit C pt. 1 - to Fisher Declaration # 6 Exhibit C pt. II - to Fisher Declaration # 7 Exhibit D - to Fisher Declaration # 8 Exhibit E pt. I - to Fisher Declaration # 9 Exhibit E pt. II - to Fisher Declaration # 10 Exhibit F - to Fisher Declaration # 11 Exhibit G - to Fisher Declaration # 12 Pleading Memorandum of Law in Support of Motion to Dismiss # 13 Supplement Certificate of Service re Motion to Dismiss, Declaration and Exhibits and Memorandum of Law) (Fisher, Eric) (Docket Text Modified on 8/3/2015) (Richards, Beverly). (Entered: 07/30/2015) |
| 16 | 07/30/2015 | 118 | | Motion to Dismiss Adversary Proceeding Legacy Capital Ltd.'s Memorandum of Law in Support of Its Motion to Dismiss the Amended Complaint Under Federal Rule of Bankruptcy Procedure 7012(b) and Federal Rule of Civil Procedure 12(b)(6) (related document(s)115, 117) filed by Nicholas F. Kajon on behalf of Legacy Capital Ltd. (Kajon, Nicholas) |

| Designation Number | Date | ECF Number (APN 10-05286) | ECF Number (APN 08-01789) | Docket Text |
|---|---|---|---|---|
| | | | | Modified on 8/3/2015 (Richards, Beverly). (Entered: 07/30/2015) |
| 17 | 07/30/2015 | 117 | 10902 | Motion to Dismiss Adversary Proceeding Declaration of Nicholas F. Kajon in Support of Legacy Capital Ltd.'s Motion to Dismiss the Amended Complaint Under Bankruptcy Rule 7012(b) and Federal Rule of Civil Procedure 12(b)(6) (related document(s)115) filed by Nicholas F. Kajon on behalf of Legacy Capital Ltd. (Attachments: # 1 Exhibit A # 2 Exhibit B - Part 1 # 3 Exhibit B - Part 2 # 4 Exhibit C # 5 Exhibit D - Part 1 # 6 Exhibit D - Part 2 # 7 Exhibit E # 8 Exhibit F) (Kajon, Nicholas) Modified on 8/3/2015 (Richards, Beverly). (Entered: 07/30/2015) |
| 18 | 07/30/2015 | 115 | | Motion to Dismiss Adversary Proceeding Legacy Capital Ltd.'s Notice of Motion to Dismiss the Amended Complaint Under Federal Rule of Bankruptcy Procedure 7012(b) and Federal Rule of Civil Procedure 12(b)(6) filed by Nicholas F. Kajon on behalf of Legacy Capital Ltd. with hearing to be held on 10/28/2015 at 10:00 AM at Courtroom 723 (SMB) Responses due by 8/27/2015, (Attachments: # 1 Exhibit Proposed Order) (Kajon, Nicholas) (Entered: 07/30/2015) |
| 19 | 07/02/2015 | 112 | 10541 | Amended Complaint against Khronos LLC, Legacy Capital Ltd. Filed by Oren Warshavsky on behalf of Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, and Bernard L. Madoff. (Attachments: # 1 Exhibit A) |

| Designation Number | Date | ECF Number (APN 10-05286) | ECF Number (APN 08-01789) | Docket Text |
|---|---|---|---|---|
| | | | | (Warshavsky, Oren) (Entered: 07/02/2015) |
| 20 | 07/02/2015 | 111 | 10529 | So Ordered Stipulation signed on 7/1/2015 by and between Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff, Attorneys for Defendant Legacy Capital Ltd., Attorneys for Defendant Isaac Jimmy Mayer, Attorneys for Defendants Rafael Mayer, David Mayer, Khronos LLC, and Khronos Capital Research LLC, Attorneys for Defendant BNP Paribas Securities Corp. and Attorneys for Defendant Montpellier Resources Ltd. Re: Amending Caption and Amending Complaint. (Ho, Amanda) Docket Text Signature Date Modified on 7/2/2015 (Bush, Brent) (Entered: 07/02/2015) |
| 21 | 07/30/2014 | 78 | | Motion to Withdraw the Reference Returned to Bankruptcy Court, See Case No. 08-1789 Doc #7546 (White, Greg) (Entered: 07/30/2014) |
| 22 | 10/28/2011 | 35 | | Memorandum of Law in Support of Motion to Withdraw the Reference (related document(s)33) filed by Eric Fisher on behalf of David Mayer, Isaac Jimmy Mayer, Khronos Capital Research LLC, Khronos LLC, Legacy Capital Ltd., Montpellier Resources Ltd., Rafael Mayer. (Fisher, Eric) (Entered: 10/28/2011) |
| 23 | 10/28/2011 | 34 | | Declaration of Eric B. Fisher in Support of Motion to Withdraw the Reference (related document(s)33) filed by Eric Fisher on behalf of David Mayer, Isaac |

| Designation Number | Date | ECF Number (APN 10-05286) | ECF Number (APN 08-01789) | Docket Text |
|---|---|---|---|---|
| | | | | Jimmy Mayer, Khronos Capital Research LLC, Khronos LLC, Legacy Capital Ltd., Montpellier Resources Ltd., Rafael Mayer. (Attachments: 1 Exhibit 12 Exhibit 23 Exhibit 34 Exhibit 45 Exhibit 56 Exhibit 67 Exhibit 78 Exhibit 89 Exhibit 9) (Fisher, Eric) (Entered: 10/28/2011) |
| 24 | 10/28/2011 | 33 | | Motion to Withdraw the Reference filed by Eric Fisher on behalf of David Mayer, Isaac Jimmy Mayer, Khronos Capital Research LLC, Khronos LLC, Legacy Capital Ltd., Montpellier Resources Ltd., Rafael Mayer. (Fisher, Eric) (Entered: 10/28/2011) |
| 25 | 12/07/2010 | 2 | | Statement / Complaint against Legacy Capital Ltd., Isaac Jimmy Mayer, Rafael Mayer, David Mayer, Khronos LLC, Khronos Capital Research LLC, BNP Paribas Securities Corp., HCH Management Company Ltd., Montpellier Resources Ltd., Inversiones Coque S.A., Aurora Resources Ltd., and Olympus Assets LDC [(Redacted)] filed by David J. Sheehan on behalf of Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC. (Attachments: 1 Exhibit A2 Exhibit B3 Exhibit C) (Sheehan, David) (Entered: 12/07/2010) |
| 26 | 12/06/2010 | 1 | | (This document is unsealed pursuant to an order signed on 4/18/2011 and is now available for view, see document no. 12) Complaint against Legacy Capital Ltd., Isaac Jimmy Mayer, Rafael Mayer, David Mayer, Khronos LLC, Khronos Capital Research LLC, BNP Paribas Securities Corp., HCH Management Company Ltd., Montpellier Resources Ltd., Inversiones |

| Designation Number | Date | ECF Number (APN 10-05286) | ECF Number (APN 08-01789) | Docket Text |
|---|---|---|---|---|
| | | | | Coque S.A., Aurora Resources Ltd., Olympus Assets LDC. Nature(s) of Suit: (12 (Recovery of money/property - 547 preference)), (13 (Recovery of money/property - 548 fraudulent transfer)) Filed by David J. Sheehan, David J. Sheehan on behalf of Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC. (Sheehan, David) (Receipt #635) Modified on 12/7/2010 (Richards, Beverly). Additional attachment(s) added on 4/19/2011 (Bush, Brent) (Entered: 12/06/2010) |

**B.**    ***Picard v. Legacy Capital Ltd.*, Nos. 11-cv-07764-JSR, 11-cv-7765-JSR and *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Madoff Sec.)*, No. 12-mc-00115, District Court Designations**

The Trustee designates for inclusion in the record of appeal the items listed below, the

pertinent docket entries filed in *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In*

*re Madoff Sec.)*, No. 12-mc-00115 (JSR) (S.D.N.Y.).

| Designation Number | Date | ECF Number (12-mc-115) | Docket Text |
|---|---|---|---|
| 1 | 04/28/2014 | 524 | OPINION AND ORDER #104291: Accordingly, the Court concludes that, in a SIPA proceeding such as this, a defendant may succeed on a motion to dismiss by showing that the complaint does not plausibly allege that that defendant did not act in good faith. Because this determination must be made on the basis of the specific allegations in the Trustee's various complaints, the Court, having set out the general framework, hereby leaves it to the Bankruptcy Court to determine in any given instance whether the foregoing standards |

| Designation Number | Date | ECF Number (12-mc-115) | Docket Text |
|---|---|---|---|
| | | | have been met. Accordingly, the Court directs that the following adversary proceedings be returned to the Bankruptcy Court for further proceedings consistent with this Opinion and Order: (1) those cases listed in Exhibit A of item number 197 on the docket of 12 Misc. 115; and (2) those cases listed in the schedule attached to item number 468 on the docket of 12 Misc. 115 that were designated as having been added to the "good faith" consolidated briefing. (Signed by Judge Jed S. Rakoff on 4/27/2014) (mro) Modified on 5/5/2014 (ca). (Entered: 04/29/2014) |
| 2 | 06/07/2013 | 473 | ORDER: Accordingly, the clerk is hereby directed to docket the below-listed orders and/or decisions issued by the Court in connection with the consolidated proceedings as described below. The following orders shall be docketed in cases with respect to which "Stern v. Marshall" is listed in the final column of the schedules included as Exhibit B hereto: Order, No. 12 MC 115, ECF No. 4 (S.D.N.Y. Apr. 13, 2012); and Opinion and Order, No. 12 MC 115, ECF No. 427 (S.D.N.Y. Jan. 4, 2013). The following orders shall be docketed in cases with respect to which "Section 546( e)" is listed in the final column of the schedules included as Exhibit B hereto: Order, No. 12 MC 115, ECF No. 119 (S.D.N.Y. May 16, 2012); Order, No. 12 MC 115, ECF No. 439 (S.D.N.Y. Feb. 13, 2013); and Opinion and Order, No. 12 MC 115, ECF No. 460 (S.D.N.Y. Apr. 15, 2013).The following order shall be docketed in cases with respect to which "Extraterritoriality" is listed in the final column of the schedules included as Exhibit B hereto: Order Regarding Extraterritoriality Issues, No. 12 MC 115, ECF No. 167(S.D.N.Y. June 7, 2012). The following order shall be docketed in cases with respect to which "Good Faith" is listed in the final column of the schedules included as Exhibit B hereto: Order Regarding the "Good Faith" Standard, No. 12 MC 115, ECF No. 197(S.D.N.Y. June 25, 2012).The following orders shall be docketed in cases with respect to which "Section 550(a)" is listed in the final column of the schedules included as Exhibit B hereto: Order |

| Designation Number | Date | ECF Number (12-mc-115) | Docket Text |
|---|---|---|---|
| | | | Regarding 11 U.S.C. § 550(a), No. 12 MC 115, ECF No. 314 (S.D.N.Y. Aug. 22, 2012); and Order Regarding 11 U.S.C. § 550(a), No. 12 MC 115, ECF No. 422 (S.D.N.Y. Dec. 12, 2012). The following orders shall be docketed in cases with respect to which "Section 502(d)" is listed in the final column of the schedules included as Exhibit B hereto: Order Regarding 11 U.S.C. § 502(d), No. 12 MC 115, ECF No. 155 (S.D.N.Y. June 1, 2012); and Order Regarding 11 U.S.C. § 502(d), No. 12 MC 115, ECF No. 435 (S.D.N.Y. Feb. 13, 2013). The following order shall be docketed in cases with respect to which "[Standing and SLUSA]"is listed in the final column of the schedules included as Exhibit B hereto: Order Regarding Standing and SLUSA Issues, No. 12 MC 115, ECF No. 114(S.D.N.Y. May 18, 2012). The following order shall be docketed in cases with respect to which "Antecedent Debt" is listed in the final column of the schedules included as Exhibit B hereto: Order Regarding Antecedent Debt Issues, No. 12 MC 115, ECF No. 107 (S.D.N.Y. May 16, 2012). (Signed by Judge Jed S. Rakoff on 6/5/2013) (js) Modified on 6/11/2013 (js). (Entered: 06/11/2013) |
| 3 | 10/22/2012 | 401 | TRANSCRIPT of Proceedings re: CONFERENCE held on 10/12/2012 before Judge Jed S. Rakoff. Court Reporter/Transcriber: Thomas Murray, (212) 805-0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 11/16/2012. Redacted Transcript Deadline set for 11/29/2012. Release of Transcript Restriction set for 1/25/2013.(Moya, Goretti) (Entered: 10/22/2012) |
| 4 | 09/14/2012 | 345 | BRIEF re: 242 Brief, 324 Memorandum of Law in Opposition, 320 Brief Consolidated Reply Brief on Behalf of Subsequent Transferee Defendants Responding to the Good Faith Standard Issues Raised by Order of the Court Dated June 23, 2012. Document |

| Designation Number | Date | ECF Number (12-mc-115) | Docket Text |
|---|---|---|---|
| | | | filed by Subsequent Transferee Defendants. (Fisher, Eric) (Entered: 09/14/2012) |
| 5 | 09/14/2012 | 341 | BRIEF Supplemental Memorandum of Law of the Securities Investor Protection Corporation Addressing the Good Faith Issues. Document filed by Securities Investor Protection Corporation. (Attachments: # 1 Affidavit of Service) (Bell, Kevin) (Entered: 09/14/2012) |
| 6 | 08/31/2012 | 324 | MEMORANDUM OF LAW in Opposition to Memorandum of in Opposition to the (1) BLMIS Customers Consolidated Brief Responding to Good Faith Issues; and (2) Consolidated Brief on Behalf of Subsequent Transferee Defendants Responding to The Good Faith Standard Issues. Document filed by Irving H. Picard. (Warshavsky, Oren) (Entered: 08/31/2012) |
| 7 | 08/31/2012 | 320 | BRIEF Memorandum of Law of the Securities Investor Protection Corporation Addressing the Good Faith Issues. Document filed by Securities Investor Protection Corporation. (Attachments: # 1 Affidavit of Service) (Bell, Kevin) (Entered: 08/31/2012) |
| 8 | 07/20/2012 | 242 | BRIEF re: 197 Order, Set Deadlines/Hearings,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, Consolidated Brief On Behalf Of Subsequent Transferee Defendants Responding To The Good Faith Standard Issues Raised By Order Of The Court Dated June 23, 2012. Document filed by Subsequent Transferee Defendants.(Fisher, Eric) (Entered: 07/20/2012) |
| 9 | 06/25/2012 | 204 | ORDER: BASED ON THE FOREGOING, IT IS HEREBY ORDERED AS FOLLOWS: The reference of the Adversary Proceedings listed in Exhibit A is withdrawn, in part, from the Bankruptcy Court to this Court solely with respect to the Good Faith Standard Defendants for the limited purpose of hearing and determining whether SIPA and other securities laws alter the standard the Trustee must meet in order to show that a defendant did not receive transfers in "good |

| Designation Number | Date | ECF Number (12-mc-115) | Docket Text |
|---|---|---|---|
| | | | faith" under either 11 U.S.C. § 548(c) or 11 U.S.C. § 550(b). Except as otherwise provided herein or in other orders of this Court, the reference to the Bankruptcy Court is otherwise maintained for all other purposes; On or before July 20, 2012, the Initial Transferee Defendants and the Subsequent Transferee Defendants shall each file a consolidated memorandum of law, not to exceed forty(40) pages, each addressing the Good Faith Standard Issues (the "Initial Transferee Good Faith Standard Brief' and the "Subsequent Transferee Good Faith Standard Brief'; collectively, the "Opening Good Faith Standard Briefs"). On or before August 10, 2012, the Good Faith Standard Defendants may file up to five (5) separate supplemental briefs reflecting materially relevant differences between identifiable subgroups of defendants to raise issues relevant to each subgroup, and which may seek dismissal, but which are not otherwise raised or addressed in the Opening Good Faith Standard Briefs (each, "Supplemental Good Faith Standard Brief," and together with the Opening Good Faith Standard Briefs, the "Good Faith Standard Briefs"), with each such Supplemental Good Faith Standard Brief not to exceed eight (8) pages; On or before August 31, 2012, the Trustee and SIPC shall each file a memorandum of law in opposition to the Opening Good Faith Standard Briefs, not to exceed forty (40) pages each, addressing the Good Faith Standard Issues; On or before September 14, 2012, the Initial Transferee Defendants and Subsequent Transferee Defendants shall each file a consolidated reply brief, not to exceed twenty (20) pages; On or before September 14, 2012, the Trustee and SIPC may either (i) each file a separate memorandum of law in opposition to each Supplemental Good Faith Standard Brief filed with the Court, with each opposition not to exceed eight (8) pages or (ii) choose to file separate consolidated memoranda of law in opposition to the Supplemental Good Faith Standard Briefs with such consolidated brief(s) filed by the Trustee and SIPC not to exceed a total of forty (40) pages in the aggregate for each of the Trustee and SIPC; Young Conaway Stargatt & Taylor, LLP, which is conflicts counsel for the |

| Designation Number | Date | ECF Number (12-mc-115) | Docket Text |
|---|---|---|---|
| | | | Trustee, and Windels Marx Lane & Mittendorf, LLP, which is special counsel to the Trustee, each may file a joinder, not to exceed two (2) pages (excluding exhibits), on behalf of the Trustee in certain of the adversary proceedings listed on Exhibit A hereto, to the Trustee's opposition to (i) the Opening Good Faith Standard Briefs on or before August 31, 2012 and (ii) to each Supplemental Good Faith Standard Brief on or before September 14, 2012; The Court will hold oral argument on the matters raised in the Good Faith Standard Briefs filed by the Good Faith Standard Defendants and the Trustee's and SIPC's oppositions thereto on October 12, 2012, at 4:00 p.m. (the "Good Faith Standard Hearing Date"); All communications and documents (including drafts) exchanged between and among any of the defendants in any of the adversary proceedings, and/or their respective attorneys, shall be deemed to be privileged communications and/or work product, as the case may be, subject to a joint interest privilege; The procedures established by this Order, or by further order of this Court, shall constitute the sole and exclusive procedures for determination of the Good Faith Standard Issues in the Adversary Proceedings (except for any appellate practice resulting from such determination), and this Court shall be the forum for such determination. To the extent that briefing, or argument schedules were previously established with respect to the Good Faith Standard Issues in any of the Adversary Proceedings, this Order supersedes all such schedules solely with respect to the Good Faith Standard Issues. To the extent that briefing, or argument schedules are prospectively established with respect to motions to withdraw the reference or motions to dismiss in any of the Adversary Proceedings, the Good Faith Standard Issues shall be excluded from such briefing or argument and such order is vacated. For the avoidance of doubt, to the extent any of the Good Faith Standard Defendants have issues other than the Good Faith Standard Issues or issues set forth in the other common briefing orders that were withdrawn, those issues will continue to be |

| Designation Number | Date | ECF Number (12-mc-115) | Docket Text |
|---|---|---|---|
| | | | briefed on the schedule previously ordered by the Court. Except as stated in this paragraph, this Order shall not be deemed or construed to modify, withdraw or reverse any prior order of the Court that granted withdrawal of the reference in any Adversary Proceeding for any reason, and as further set forth within., ( Oral Argument set for 10/12/2012 at 04:00 PM before Judge Jed S. Rakoff.) (Signed by Judge Jed S. Rakoff on 6/23/2012) (pl) (Entered: 06/27/2012) |
| 10 | 06/25/2012 | 201 | MEMORANDUM ORDER: For the foregoing reasons, the Court withdraws the reference of these cases to the bankruptcy court for the limited purposes of deciding: (i) whether SIPA and other securities laws alter the standard the Trustee must meet in order to show that a defendant did not receive transfers in "good faith" under 11 U.S.C. § 548(c); (ii) whether the Trustee may, consistent with non-bankruptcy law, avoid transfers that Madoff Securities purportedly made in order to satisfy antecedent debts; (iii) whether 11 U.S.C. § 546(e) applies to these cases, limiting the Trustee's ability to avoid transfers; (iv) whether provisions of the IRC and ERISA that mandated withdrawals from customers' Madoff Securities accounts prevent the Trustee from avoiding the required withdrawals as fraudulent; (v) whether, after the United States Supreme Court's recent decision in Stern v. Marshall, 131 S. Ct. 2594 (2011), final resolution of claims to avoid transfers as fraudulent requires an exercise of "judicial Power," preventing the bankruptcy court from finally resolving such claims; and (vi) whether, if the bankruptcy court cannot finally resolve the fraudulent transfer claims in this case, it has the authority to render findings of fact and conclusions of law before final resolution. In all other respects, the motions to withdraw are denied. The parties to any case that presents withdrawn issues which are not subject to consolidated briefing should convene a conference call no later than June 4, 2012 to schedule further proceedings. The Clerk of the Court is hereby ordered to close document number 1 on the docket of each |

| Designation Number | Date | ECF Number (12-mc-115) | Docket Text |
|---|---|---|---|
| | | | case. (Signed by Judge Jed S. Rakoff on 6/25/2012) (pl) (Entered: 06/26/2012) |
| 11 | 06/25/2012 | 197 | ORDER: BASED ON THE FOREGOING, IT IS HEREBY ORDERED AS FOLLOWS: The reference of the Adversary Proceedings listed in Exhibit A is withdrawn, in part, from the Bankruptcy Court to this Court solely with respect to the Good Faith Standard Defendants for the limited purpose of hearing and determining whether SIPA and other securities laws alter the standard the Trustee must meet in order to show that a defendant did not receive transfers in "good faith" under either 11 U.S.C. § 548(c) or II U.S.C. § 550(b). Except as otherwise provided herein or in other orders of this Court, the reference to the Bankruptcy Court is otherwise maintained for all other purposes; On or before July 20, 2012, the Initial Transferee Defendants and the Subsequent Transferee Defendants shall each file a consolidated memorandum of law, not to exceed forty(40) pages, each addressing the Good Faith Standard Issues (the "Initial Transferee Good Faith Standard Brief' and the "Subsequent Transferee Good Faith Standard Brief'; collectively, the "Opening Good Faith Standard Briefs"). On or before August 10, 2012, the Good Faith Standard Defendants may file up to five (5) separate supplemental briefs reflecting materially relevant differences between identifiable subgroups of defendants to raise issues relevant to each subgroup, and which may seek dismissal, but which are not otherwise raised or addressed in the Opening Good Faith Standard Briefs (each, "Supplemental Good Faith Standard Brief," and together with the Opening Good Faith Standard Briefs, the "Good Faith Standard Briefs"), with each such Supplemental Good Faith Standard Brief not to exceed eight (8) pages; On or before August 31, 2012, the Trustee and SIPC shall each file a memorandum of law in opposition to the Opening Good Faith Standard Briefs, not to exceed forty (40) pages each, addressing the Good Faith Standard Issues; On or before September 14, 2012, the Initial Transferee Defendants and Subsequent Transferee Defendants shall each file a consolidated |

| Designation Number | Date | ECF Number (12-mc-115) | Docket Text |
|---|---|---|---|
| | | | reply brief, not to exceed twenty (20) pages; On or before September 14, 2012, the Trustee and SIPC may either (i) each file a separate memorandum of law in opposition to each Supplemental Good Faith Standard Brief filed with the Court, with each opposition not to exceed eight (8) pages or (ii) choose to file separate consolidated memoranda of law in opposition to the Supplemental Good Faith Standard Briefs with such consolidated brief(s) filed by the Trustee and SIPC not to exceed a total of forty (40) pages in the aggregate for each of the Trustee and SIPC; Young Conaway Stargatt & Taylor, LLP, which is conflicts counsel for the Trustee, and Windels Marx Lane & Mittendorf, LLP, which is special counsel to the Trustee, each may file a joinder, not to exceed two (2) pages (excluding exhibits), on behalf of the Trustee in certain of the adversary proceedings listed on Exhibit A hereto, to the Trustee's opposition to (i) the Opening Good Faith Standard Briefs on or before August 31, 2012 and (ii) to each Supplemental Good Faith Standard Brief on or before September 14, 2012; The Court will hold oral argument on the matters raised in the Good Faith Standard Briefs filed by the Good Faith Standard Defendants and the Trustee's and SIPC's oppositions thereto on October 12, 2012, at 4:00 p.m. (the "Good Faith Standard Hearing Date"); All communications and documents (including drafts) exchanged between and among any of the defendants in any of the adversary proceedings, and/or their respective attorneys, shall be deemed to be privileged communications and/or work product, as the case may be, subject to a joint interest privilege; The procedures established by this Order, or by further order of this Court, shall constitute the sole and exclusive procedures for determination of the Good Faith Standard Issues in the Adversary Proceedings (except for any appellate practice resulting from such determination), and this Court shall be the forum for such determination. To the extent that briefing, or argument schedules were previously established with respect to the Good Faith Standard Issues in any of the Adversary Proceedings, this Order supersedes all such |

| Designation Number | Date | ECF Number (12-mc-115) | Docket Text |
|---|---|---|---|
| | | | schedules solely with respect to the Good Faith Standard Issues. To the extent that briefing, or argument schedules are prospectively established with respect to motions to withdraw the reference or motions to dismiss in any of the Adversary Proceedings, the Good Faith Standard Issues shall be excluded from such briefing or argument and such order is vacated. For the avoidance of doubt, to the extent any of the Good Faith Standard Defendants have issues other than the Good Faith Standard Issues or issues set forth in the other common briefing orders that were withdrawn, those issues will continue to be briefed on the schedule previously ordered by the Court. Except as stated in this paragraph, this Order shall not be deemed or construed to modify, withdraw or reverse any prior order of the Court that granted withdrawal of the reference in any Adversary Proceeding for any reason, and as further set forth within. (Oral Argument set for 10/12/2012 at 04:00 PM before Judge Jed S. Rakoff.) (Signed by Judge Jed S. Rakoff on 6/23/2012) (laq) (Entered: 06/25/2012) |
| 12 | 04/13/2012 | 1 | ORDER: 1. All matters relating to Bernard L. Madoff Investment Securities LLC ("Madoff Securities") previously assigned to the undersigned, or assigned to the undersigned in the future, shall henceforth bear the caption and docket number set forth above, and the parties shall make sure that all filings are filed under the docket number set forth above. In addition, any filings filed under this docket number shall bear either the subheading "PERTAINS TO ALL CASES," the subheading "PERTAINS TO CASE(S) ___ Civ.___," or the subheading "PERTAINS TO CASE(S) LISTED IN APPENDIX_." Any filing fees associated with opening the master case file docket are waived. 2.The Clerk is directed to make sure that this Order and all subsequent docket entries under this docket number are also docketed simultaneously in the bankruptcy court under No. 08-1789 (BRL). (Signed by Judge Jed S. Rakoff on 4/13/2012) (laq) (laq). (Entered: 04/13/2012) |

## II.   <u>STATEMENT OF ISSUES TO BE PRESENTED</u>

**A.**   Whether the district court erred by requiring a SIPA trustee to plead, as part of his

*prima facie* case for avoidance and recovery of transfers under sections 548 and 550 of the

Bankruptcy Code, a transferee's lack of good faith under section 548(c) and 550(b), respectively,

even though both are affirmative defenses?

**B.**   Whether the district court erred in elevating the inquiry notice standard used to

determine a transferee's good faith in bankruptcy cases to one of willful blindness, for purposes

of SIPA cases?

**C.**   Whether the bankruptcy court erred in dismissing the Trustee's complaint for

failure to state a claim?

December 6, 2019
New York, New York

By: */s/ Oren J. Warshavsky*
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Oren J. Warshavsky
Email: owarshavsky@bakerlaw.com

*Attorneys for Appellant/Cross-Appellee Irving
H. Picard, Trustee for the Substantively
Consolidated SIPA Liquidation of Bernard L.
Madoff Investment Securities LLC and the
Estate of Bernard L. Madoff*