# EXHIBIT 3

**TANNENBAUM HELPERN**
**SYRACUSE & HIRSCHTRITT LLP**
900 Third Avenue
New York, New York 10022
Telephone: (212) 508-6700
Facsimile: (212) 371-1084
Richard W. Trotter
Email: Trotter@thsh.com

*Attorneys for the THSH Claimants*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------ x
                                                                   :
In re:                                                             :  SIPA LIQUIDATION
                                                                   :
BERNARD L. MADOFF INVESTMENT                                       :  Case No. 08-01789 (SMB)
SECURITIES LLC                                                     :
                                                                   :  (Substantively Consolidated)
               Debtor.                                             :
                                                                   :
------------------------------------------------------------------ x
                                                                   x
SECURITIES INVESTOR PROTECTION                                     :
CORPORATION                                                        :
                                                                   :
               Plaintiff,                                          :
                                                                   :
          v.                                                       :
                                                                   :
BERNARD L. MADOFF INVESTMENT                                       :
SECURITIES LLC,                                                    :
                                                                   :
               Defendants.                                         :
                                                                   :
------------------------------------------------------------------ x

[1020621-1]

## THSH CLAIMANTS' RESPONSES TO TRUSTEE'S
## FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 of the Federal Rules of Civil Procedure, and Rules 26.3 and 33.3 of the Local Rules for the United States District Court for the Southern District of New York, Michael G. Tannenbaum, Robert E. Helpern, Vincent J. Syracuse, Joel S. Hirschtritt, Ralph A. Siciliano, and Neil E. Botwinoff (collectively, the "THSH Claimants"), by and through their counsel Tannenbaum Helpern Syracuse & Hirschtritt LLP, hereby respond to the First Set of Interrogatories (the "Interrogatories") by Irving H. Picard, Trustee (the "Trustee") for the Liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") as follows:

### GENERAL OBJECTIONS

The following General Objections apply to each of the Interrogatories and shall have the same force and effect as if set forth in full in response to each individual Interrogatory:

1. THSH Claimants object to each individual Interrogatory to the extent that such Interrogatory seeks to impose upon THSH Claimants obligations in excess of those mandated by the applicable Federal Rules of Civil Procedure and/or the Local Rules for the United States District Court for the Southern District of New York.

2. THSH Claimants object to each individual Interrogatory to the extent that such Interrogatory seeks information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege, prohibition or limitation.

3. THSH Claimants object to each individual Interrogatory to the extent that such Interrogatory seeks information which is outside THSH Claimants' possession, custody or control.

[1020621-1]

4. THSH Claimants object to each individual Interrogatory to the extent that such Interrogatory seeks information that is not relevant to their Claim against the BLMIS estate.

5. THSH Claimants object to each individual Interrogatory to the extent that such Interrogatory seeks information or documents containing information that was obtained or prepared by counsel subsequent to the filing of this action on the ground that such information or documents are privileged and not material and necessary to their Claim against the BLMIS estate.

6. THSH Claimants object to each individual instruction to the extent that such instruction seeks to impose upon THSH Claimants obligations in excess of those mandated by the applicable Federal Rules of Civil Procedure and/or the Local Rules for the United States District Court for the Southern District of New York.

7. THSH Claimants object to the definition of "Accountholder" as referring to P.J. Administrator, LLC ("P.J. Administrator"). As stated in their Objection to Determination of Claims (ECF No. 4525, the "Objection"), the assets invested by the THSH Claimants with BLMIS were owned and controlled directly by the THSH Claimants, and P.J. Administrator acted solely as an administrator with respect to such assets. While THSH Claimants do not know, at this time, how BLMIS identified, recorded or otherwise referred to account 1KW387 (the "Account"), THSH Claimants were the true accountholders by virtue of their ownership of, and control over, the assets contained in the Account.

8. THSH Claimants object to the definition of "Applicable Period" to the extent it refers to the time period after December 11, 2008 and thus seeks information or documents unrelated to their Claim against the BLMIS estate.

## RESERVATION OF RIGHTS

All information provided by THSH Claimants in response to the Interrogatories is subject to THSH Claimants' right to object to the admission of evidence of any and all such information on the grounds that it is irrelevant to the issues in this action or is otherwise inadmissible. The responses and objections are based on THSH Claimants' present knowledge, information and belief, as derived from the review of files maintained by THSH Claimants which would be likely to contain the information called for by the Interrogatories. These responses and objections are subject to amendment and THSH Claimants reserve the right to make further objections to the Interrogatories as further relevant and/or discoverable information becomes known.

**Interrogatory No. 1**

Identify each Person who was involved in answering these Interrogatories and Identify each document that was referred to in answering these Interrogatories.

**Response to Interrogatory No. 1**

Richard Trotter and the THSH Claimants were involved in answering these Interrogatories. See THSH Claimants' responses to the Interrogatories *infra* for any Document referred to in answering these Interrogatories.

**Interrogatory No. 2**

Identify each person who was involved in Your introduction to BLMIS.

**Response to Interrogatory No. 2**

Persons affiliated with the Rosenwald Family Office.

**Interrogatory No. 3**

Identify all Documents Concerning how You came to invest in Accountholder, including how You learned of or became aware of Accountholder.

3

[1020621-1]

**Response to Interrogatory No. 3**

THSH Claimants object to Interrogatory No. 3 on the grounds that it is overly broad, unduly burdensome and duplicative of Trustee's First Set of Requests for Production of Documents. THSH Claimants refer Trustee to their First Document Production (THSH_PJ0000001-0001392, the "Production") for the Documents relevant to this Interrogatory.

**Interrogatory No. 4**

Identify all Documents Concerning the facts upon which You base Your Claim, and Identify each Person with knowledge of the facts upon which You base Your Claim.

**Response to Interrogatory No. 4**

THSH Claimants object to Interrogatory No. 4 on the grounds that it is overly broad, unduly burdensome and duplicative of Trustee's First Set of Requests for Production of Documents. THSH Claimants refer Trustee to their Production for the Documents relevant to this Interrogatory. THSH Claimants themselves are the Persons with knowledge of the facts upon which the Claim is based.

**Interrogatory No. 5**

Identify all Documents Concerning the facts upon which You base Your Objection, and Identify each Person with knowledge of the facts upon which You base Your Objection.

**Response to Interrogatory No. 5**

THSH Claimants object to Interrogatory No. 5 on the grounds that it is overly broad, unduly burdensome and duplicative of Trustee's First Set of Requests for Production of Documents. THSH Claimants refer Trustee to their Production for the Documents relevant to this Interrogatory. THSH Claimants themselves are the Persons with knowledge of the facts upon which the Objection is based.

4

[1020621-1]

**Interrogatory No. 6**

Identify each Person whom You assert was reflected in BLMIS's books and records in connection with the Account.

**Response to Interrogatory No. 6**

THSH Claimants Object to Interrogatory No. 6 on the grounds that it seeks information not currently in their possession.

**Interrogatory No. 7**

Identify all Documents Concerning the facts upon which You base Your contention that You are a customer of BLMIS, including specifically all documents that support any contention that You are reflected in BLMIS's books and records, and Identify each Person with knowledge of the facts upon which You base Your contention that you are a customer of BLMIS.

**Response to Interrogatory No. 7**

THSH Claimants object to Interrogatory No. 7 on the grounds that it is overly broad, unduly burdensome and duplicative of Trustee's First Set of Requests for Production of Documents. Notwithstanding these objections, THSH Claimants state that Account Administration Agreements between each of the THSH Claimants and P.J. Administrator (THSH_PJ0000016-58) support their claim, as does the memorandum and Form 1099 issued by P.J. Administrator (THSH_PJ0000514-519). THSH Claimants reserve their right to identify additional documents they may receive in from Trustee in response to THSH Claimants' outstanding discovery requests.

**Interrogatory No. 8**

Identify all Documents Concerning investments or deposits that You made that were credited to the Account.

5

[1020621-1]

**Response to Interrogatory No. 8**

THSH Claimants object to Interrogatory No. 8 on the grounds that it is overly broad, unduly burdensome and duplicative of Trustee's First Set of Requests for Production of Documents. THSH Claimants refer Trustee to their Production for the Documents relevant to this Interrogatory.

**Interrogatory No. 9**

Identify all Documents that describe how You made investments or deposits in connection with the Account, including, but not limited to, the process for making such investments or deposits, the Person and/or entity to whom such investments or deposits were sent, and the method for making such investments or deposits.

**Response to Interrogatory No. 9**

THSH Claimants object to Interrogatory No. 9 on the grounds that it is overly broad, unduly burdensome and duplicative of Trustee's First Set of Requests for Production of Documents. THSH Claimants refer Trustee to their Production for the Documents relevant to this Interrogatory.

**Interrogatory No. 10**

Identify all Documents Concerning payments that were made to You in connection with the Account.

**Response to Interrogatory No. 10**

THSH Claimants object to Interrogatory No. 10 on the grounds that it is overly broad, unduly burdensome and duplicative of Trustee's First Set of Requests for Production of Documents. THSH Claimants refer Trustee to their Production for the Documents relevant to this Interrogatory.

6

[1020621-1]

**Interrogatory No. 11**

Identify all Documents Concerning payments that were made to You in connection with the Account.

**Response to Interrogatory No. 11**

THSH Claimants object to Interrogatory No. 11 on the grounds that it is overly broad, unduly burdensome and duplicative of Trustee's First Set of Requests for Production of Documents. THSH Claimants refer Trustee to their Production for the Documents relevant to this Interrogatory and hereby reserve the right to refer to additional documents provided by the Trustee in response to THSH Claimants' discovery requests.

**Interrogatory No. 12**

Identify all Documents Concerning Your investment in any BLMIS account other than the Account. For each BLMIS account which you invested, Identify all Person(a) who performed any due diligence or provided any advice, opinion, commentary, or analysis of BLMIS to You or on Your behalf, and Identify all Documents that You reviewed before opening and investing in the Account.

**Response to Interrogatory No. 12**

Documents number THSH_PJ0000511-513 relate to investments by Michael G. Tannenbaum in a BLMIS account other than the Account. No Persons performed any diligence, or provided any advice, opinion, commentary or analysis of BLMIS on THSH Claimants' behalf.

**Interrogatory No. 13**

Identify all Persons at BLMIS with whom You had any Communications, and Identify all Documents Concerning the substance of those Communications, including which (if any) BLMIS account such Communications related to.

**Response to Interrogatory No. 13**

None.

**Interrogatory No. 14**

Identify all Documents Concerning any investment You made in BLMIS, including, but not limited to, check copies, trade confirmation slips, account statements, correspondence, contracts or agreements, and/or tax forms or statements.

**Response to Interrogatory No. 14**

THSH Claimants object to Interrogatory No. 14 on the grounds that it is overly broad, unduly burdensome and duplicative of Trustee's First Set of Requests for Production of Documents. THSH Claimants refer Trustee to their Production for the Documents relevant to this Interrogatory.

**Interrogatory No. 15**

Identify all Documents You ever received from BLMIS.

**Response to Interrogatory No. 15**

None.

**Interrogatory No. 16**

Identify all Documents Concerning Accountholder and/or the Account, including, but not limited to, check copies, trade confirmation slips, account statements, correspondence, contracts or agreements, operating Documents, marketing materials, and/or forms or statements.

**Response to Interrogatory No. 16**

THSH Claimants object to Interrogatory No. 16 on the grounds that it is overly broad, unduly burdensome and duplicative of Trustee's First Set of Requests for Production of

8

[1020621-1]

Documents. THSH Claimants refer Trustee to their Production for the Documents relevant to this Interrogatory.

**Interrogatory No. 17**

Identify each Person who had any Communications with BLMIS on behalf of or in connection with Accountholder.

**Response to Interrogatory No. 17**

THSH Claimants do not know whether any Person had any Communications with BLMIS on behalf of or in connection with P.J. Administrator. THSH Claimants further object to the definition of "Accountholder."

**Interrogatory No. 18**

Identify each Person who had control over Accountholder and/or authority to exercise discretion with respect to the assets or investments of Accountholder.

**Response to Interrogatory No. 18**

Each of the THSH Claimants had individual control and/or authority to exercise discretion with respect to their portion of the assets or investments held in the Account. THSH Claimants further object to the definition of "Accountholder."

**Interrogatory No. 19**

Identify each Person who received payments directly from BLMIS in connection with the Account, and Identify all Documents Concerning the method(s) by which such payments were made, including from whom such payments were sent.

**Response to Interrogatory No. 19**

All of the THSH Claimants received payments directly from BLMIS in connection with the Account. THSH Claimants object to the remaining portion of Interrogatory No. 19 on the

9

[1020621-1]

grounds that it is overly broad, unduly burdensome and duplicative of Trustee's First Set of Requests for Production of Documents. THSH Claimants refer Trustee to their Production for the Documents relevant to this portion of the Interrogatory.

**Interrogatory No. 20**

Identify each Person associated with Accountholder who had a direct understanding or agreement with BLMIS with respect to the assets or investments of Accountholder.

**Response to Interrogatory No. 20**

THSH Claimants object to the definition of "Accountholder." THSH Claimants further state that P.J. Administrator had no control or discretion over the assets in the Account and that THSH Claimants had direct control and/or discretion with respect to those assets.

**Interrogatory No. 21**

Identify all Documents Concerning meetings You attended where an employee or representative of BLMIS was present, and Identify all Documents that describe the substance of the Communications that occurred during each meeting.

**Response to Interrogatory No. 21**

None.

**Interrogatory No. 22**

Identify all Documents describing the circumstances surrounding the creation of Accountholder, including each Person involved, the reasons for creating Accountholder, whether or not Accountholder was created at the suggestion of BLMIS, and when Accountholder was created.

10

[1020621-1]

**Response to Interrogatory No. 22**

THSH Claimants object to the definition of "Accountholder." THSH Claimants further object to Interrogatory No. 23 on the grounds that it is overly broad, unduly burdensome and duplicative of Trustee's First Set of Requests for Production of Documents. THSH Claimants refer Trustee to their Production for the Documents relevant to this Interrogatory.

**Interrogatory No. 23**

Identify any and all banks where You hold or have held accounts from the beginning of the Applicable Period through the present, and for each account, Identify all Documents evidencing the account number, the name on the account, the date the account was opened, and the date the account was closed.

**Response to Interrogatory No. 23**

THSH Claimants object to Interrogatory No. 23 on the grounds that it is overly broad, unduly burdensome and seeks information which is not relevant to the validity of their Claim against the BLMIS estate.

**Interrogatory No. 24**

Identify any and all banks where Accountholder holds or has held accounts from the beginning of the Applicable Period through the present, and for each account, Identify all Documents evidencing the account number, the name on the account, the date the account was opened and the date the account was closed.

**Response to Interrogatory No. 24**

THSH Claimants object to Interrogatory No. 24 on the grounds that it is overly broad, unduly burdensome and seeks information which is not relevant to the validity of their Claim against the BLMIS estate.

11

[1020621-1]

Dated: New York, New York
       October 21, 2015

                      TANNENBAUM HELPERN SYRACUSE
                            & HIRSCHTRITT LLP

                    By: _____
                            Richard W. Trotter
                    900 Third Avenue
                    New York, New York 10022
                    (212) 508-6700
                    *Attorneys for the THSH Claimants*