# EXHIBIT 9

Doc Code 447

# REQUEST FOR OUTSIDE PURCHASE/TRANSFER
# & ACKNOWLEDGEMENT OF NON-SOLICITATION
# FOR RETIREMENT ACCOUNTS

This letter is my request and your authority to purchase for/transfer to the following individual retirement account, defined contribution profit sharing plan or money purchase pension plan ("Account") the following privately-placed security (the "Private Investment"):

Account Title: _Michael G. Tannenbaum, IRA Rollover_

Account Number: _Redacted 98-14_

Description of Investment: _PJ Associates_

I understand that Bear, Stearns Securities Corp. ("BSSC") does not generally hold in custody privately-placed securities and instruments such as, but not limited to, interests in corporate loans, limited partnership interests, warrants or other non-publicly traded issues. I also understand that there may be no conventional means of replacing them if they should for any reason be lost, stolen or destroyed. Notwithstanding the foregoing, I request that BSSC make an exception to its general policy and agree to hold in custody for the Account, a certificate or other document (the "Document") representing the Private Investment.

1. **No Solicitation for Private Investment; not a Fiduciary.**

My request to purchase/transfer the Private Investment in/to my Account is subject to the understanding that the Private Investment was not directly solicited and no recommendation regarding this investment was made by BSSC, any of its affiliates or any of their employees (each a "BSSC Party").* Although a BSSC Party may provide research or other information relating to securities or other investments, including the Private Investment, such is provided solely as an incident to the provision of brokerage by BSSC to the Account and any such research or other information is not intended to serve as a primary basis for my investment decisions on behalf of the Account. The decision to purchase/transfer the Private Investment was solely my own. I acknowledge that BSSC's decision to effect this purchase/transfer and to hold the Private Investment as custodian does not imply its approval of my investment. I hereby acknowledge and agree that no BSSC Party has discretionary authority or responsibility with respect to the Account and no BSSC Party renders investment advice with respect to the Account that would cause a BSSC Party to be deemed a "fiduciary" within the meaning of Section 4975(e)(3) of the Internal Revenue Code of 1986, as amended ("Code") or Section 3(21) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA") with respect to the Account.

2. **Suitability of Private Investment.**

I have consulted with my advisors other than a BSSC Party* on the suitability of the Private Investment for the Account (i.e., returns, liquidity, etc.). I hereby represent and warrant to BSSC that this investment is suitable for my Account and the purchase of the Private Investment did not give rise to a non-exempt prohibited transaction under ERISA or the Code. I understand that it is my responsibility to monitor and review the Private Investment to ensure compliance with the requirements of the Code and ERISA (including, without limitation, avoiding the occurrence of any prohibited transactions), and any other applicable federal, state or local laws, including securities laws. I represent and warrant that the Private Investment shall correctly be registered/recorded in the name of BSSC as custodian for the Account.

3. **Tax Issues.**

I understand that if the investments in my Account generate $1,000 or more of gross "unrelated business taxable income" ("UBTI"), the Internal Revenue Service requires that Form 990-T be filed to compute my income tax liability. As my custodian, BSSC will prepare the Form 990-T and charge my Account a fee for this filing. I understand and agree that prior to April 1st of each year, I am solely responsible to provide, or I will have the sponsor of the Private Investment provide, BSSC with IRS Schedule K-1 for each partnership investment in order for BSSC to compute my UBTI liability, if any.

In addition, should there be a state tax return filing requirement, BSSC will prepare the return. I further acknowledge and agree that BSSC has the right to debit my Account to satisfy any fees charged by BSSC and any tax liability including but not limited to taxes computed on Form 990-T or estimated payments related thereto based on prior year information. If liquid funds in the Account are insufficient to satisfy this liability, I understand and agree that BSSC has the right, but not the obligation, to transfer or otherwise liquidate assets in my Account sufficient to cover such liability.

4. **Litigation With Respect to Private Investments.**

I agree to be responsible for any and all collection actions, including contracting with a collection agency or instituting legal action, and bringing any other suits or actions which may become necessary to protect the rights of my Account with respect to the Private Investment, provided, however, that if I request BSSC to take legal action on the Account's behalf, BSSC shall do so only at its discretion.

5. **Valuation.**

I acknowledge and agree that it is my sole obligation to ensure that by January 10th of each year an independent valuation of the Private Investment is provided to BSSC, including the number of units, unit value and total value of the investment as of December 31st of the prior year. If no valuation is provided to BSSC by January 10th, BSSC may commission a valuation at my expense or take such other action as BSSC deems appropriate. I acknowledge and agree that if BSSC incurs an expense in commissioning a valuation, BSSC has the right to debit my Account to satisfy this liability.

---

\* The Private Investment may have been solicited by an individual currently employed by Bear, Stearns & Co. Inc. when the individual was an employee of a broker-dealer other than Bear, Stearns & Co. Inc. or any of its affiliates.

BS&Co. v.1, 5-2006      Bear, Stearns Securities Corp.      1 of 3

I understand and agree that BSSC has the right, but not the obligation to transfer or otherwise liquidate assets sufficient to cover this liability. I acknowledge and agree that BSSC shall have no duty or obligation to question a valuation provided to BSSC and may rely on such valuation for any purpose.

6. **Client Agreement.**

I acknowledge that this letter agreement shall be subject in all respects to the terms of the Bear Stearns' client agreement the terms of which are incorporated herein by reference. This letter agreement shall supersede any contradictory terms in the Bear Stearns' client agreement.

7. **ARBITRATION; CONSENT TO JURISDICTION; SERVICE OF PROCESS.**

(a) Notwithstanding anything set forth in this letter agreement, any controversy concerning the subject matter of this letter agreement between me and any BSSC Party shall be settled in accordance with the procedures as may previously have been agreed to by the parties (including, but not limited to, the dispute resolution provisions in the client agreement). In the event the parties have not previously agreed to dispute resolution procedures, any such controversy with any BSSC Party shall be settled according to the arbitration provisions described below.

(b) THIS AGREEMENT CONTAINS A PREDISPUTE ARBITRATION CLAUSE. BY SIGNING AN ARBITRATION AGREEMENT I AGREE AS FOLLOWS:

- I AM GIVING UP THE RIGHT TO SUE ANY BSSC PARTY IN COURT, INCLUDING THE RIGHT TO A TRIAL BY JURY, EXCEPT AS PROVIDED BY THE RULES OF THE ARBITRATION FORUM IN WHICH A CLAIM IS FILED.

- ARBITRATION AWARDS ARE GENERALLY FINAL AND BINDING; A PARTY'S ABILITY TO HAVE A COURT REVERSE OR MODIFY AN ARBITRATION AWARD IS VERY LIMITED.

- THE ABILITY TO OBTAIN DOCUMENTS, WITNESS STATEMENTS AND OTHER DISCOVERY IS GENERALLY MORE LIMITED IN ARBITRATION THAN IN COURT PROCEEDINGS.

- THE ARBITRATORS DO NOT HAVE TO EXPLAIN THE REASON(S) FOR THEIR AWARD.

- THE PANEL OF ARBITRATORS WILL TYPICALLY INCLUDE A MINORITY OF ARBITRATORS WHO WERE OR ARE AFFILIATED WITH THE SECURITIES INDUSTRY.

- THE RULES OF SOME ARBITRATION FORUMS MAY IMPOSE TIME LIMITS FOR BRINGING A CLAIM IN ARBITRATION. IN SOME CASES, A CLAIM THAT IS INELIGIBLE FOR ARBITRATION MAY BE BROUGHT IN COURT.

- THE RULES OF THE ARBITRATION FORUM IN WHICH THE CLAIM IS FILED, AND ANY AMENDMENTS THERETO, SHALL BE INCORPORATED INTO THIS AGREEMENT.

- NO PERSON SHALL BRING A PUTATIVE OR CERTIFIED CLASS ACTION TO ARBITRATION, NOR SEEK TO ENFORCE ANY PRE-DISPUTE ARBITRATION AGREEMENT AGAINST ANY PERSON WHO HAS INITIATED IN COURT A PUTATIVE CLASS ACTION OR WHO IS A MEMBER OF A PUTATIVE CLASS WHO HAS NOT OPTED OUT OF THE CLASS WITH RESPECT TO ANY CLAIMS ENCOMPASSED BY THE PUTATIVE CLASS ACTION UNTIL:

    (i) THE CLASS CERTIFICATION IS DENIED;

    (ii) THE CLASS IS DECERTIFIED; OR

    (iii) THE CUSTOMER IS EXCLUDED FROM THE CLASS BY THE COURT. SUCH FORBEARANCE TO ENFORCE AN AGREEMENT TO ARBITRATE SHALL NOT CONSTITUTE A WAIVER OF ANY RIGHTS UNDER THIS AGREEMENT EXCEPT TO THE EXTENT STATED HEREIN.

- BY SIGNING THIS AGREEMENT, I AGREE THAT CONTROVERSIES ARISING UNDER OR RELATING TO THIS AGREEMENT OR ANY ACTIVITY BETWEEN ME AND BSSC, ITS PREDECESSORS, AND ANY OF ITS RESPECTIVE SUCCESSORS, ASSIGNS, AND ANY OF ITS, DIRECTORS, EMPLOYEES, AND ANY OTHER CONTROL PERSONS AND ANY OF ITS AGENTS, WHETHER ARISING PRIOR TO, ON OR SUBSEQUENT TO THE DATE HEREOF, SHALL BE DETERMINED BY ARBITRATION. ANY ARBITRATION UNDER THIS AGREEMENT SHALL BE HELD ONLY AT THE FACILITIES OF, BEFORE AN ARBITRATION PANEL APPOINTED BY, AND PURSUANT TO THE RULES OF THE NEW YORK STOCK EXCHANGE, INC., OR THE NATIONAL ASSOCIATION OF SECURITIES DEALERS, INC. YOU MAY ELECT ONE OF THE FOREGOING FORUMS FOR ARBITRATION, BUT IF YOU FAIL TO MAKE SUCH ELECTION BY REGISTERED MAIL OR TELEGRAM ADDRESSED TO BEAR STEARNS SECURITIES CORP., 383 MADISON AVENUE, NEW YORK, NEW YORK 10179, ATTENTION: CHIEF LEGAL OFFICER (OR ANY OTHER ADDRESS OF WHICH YOU ARE ADVISED IN WRITING), BEFORE THE EXPIRATION OF TEN DAYS AFTER RECEIPT OF A WRITTEN REQUEST FROM BSSC TO MAKE SUCH ELECTION, THEN BSSC MAY MAKE SUCH ELECTION. THE AWARD OF THE ARBITRATORS, OR OF THE MAJORITY OF THEM, SHALL BE FINAL, AND JUDGMENT UPON THE AWARD RENDERED MAY BE ENTERED IN ANY COURT, STATE OR FEDERAL, HAVING JURISDICTION.

(c) Notwithstanding the provisions of subparagraph (b) above, BSSC or me may, at any time prior to the initial arbitration hearing pertaining to such dispute or controversy, seek by application to the U.S. District Court for the Southern District of New York or the Supreme Court of the State of New York for the County of New York any such temporary or provisional relief or remedy ("provisional remedy") provided for by the laws of the U.S. or the laws of the State of New York as would be available in an action based upon such dispute or controversy in the absence of an agreement to arbitrate. I acknowledge and agree that it is my intention to have any such application for a provisional remedy decided by the Court to which it is made and that such application shall not be referred to or settled by arbitration. No such application to either said Court for a provisional remedy, nor any act or conduct by BSSC or me in furtherance of or in opposition to such application, shall constitute a relinquishment or waiver of any right to have the underlying dispute or controversy with respect to which such application is made settled by arbitration in accordance with subparagraph (b) above.

THSH_PJ 0000640

(d) With respect to any application for a provisional remedy and any application for judgment on an arbitration award, I irrevocably (i) submit to the jurisdiction of the U.S. District Court for the Southern District of New York or the Supreme Court of the State of New York for the County of New York, (ii) waive any objection which I may have at any time to the laying of venue of any proceedings brought in any such court, waive any claim that such proceedings have been brought in an inconvenient forum and further waive the right to object, with respect to such proceedings, that such court does not have any jurisdiction over me, and (iii) consent to service of process by certified mail, return receipt requested, to the address provided for herein.

(e) I hereby agree to receive service of process in connection with any legal matters or actions or proceedings based upon, arising out of or relating in any way to this letter agreement by confirmed, return-receipt requested mail and that delivery shall be presumed if such service is mailed to the address maintained by BSSC in its records and the requested receipt is returned.

8. **Release of Claims Against Bear Stearns.**

I hereby acknowledge and agree that no BSSC Party assumes any responsibility whatsoever for the validity of any Document or the value or ownership of the Private Investment. I agree that no BSSC Party shall have any liability for any consequential, incidental, special, exemplary, punitive, or any similar damages and I hereby irrevocably and unconditionally waive any right that I may have to claim or recover any such damages (even if I have informed BSSC of the possibility or likelihood of such damages). I acknowledge and agree that no BSSC Party will price the Private Investment on my behalf except to the extent required by law. In this connection, I confirm that, to the best of my knowledge, the Private Investment is not publicly traded and there is no available public market for the Private Investment. I also acknowledge that BSSC will act only upon my specific instructions regarding any event (*i.e.*, conversion or exercise) involving the Private Investment. I further acknowledge and agree that no BSSC Party has responsibility for providing me with any information about the Private Investment. I acknowledge and agree that BSSC may hold for my benefit the Document as evidence of custody of the Private Investment and has no responsibility for the accuracy of its description, or for providing me with any information about the Private Investment, including, but not limited to, any conversion or exercise options for the Private Investment or information regarding the issuer thereof. I hereby fully and forever release and discharge the BSSC Parties from any and all claims, losses, costs, damages or other liability in any way arising out of, relating to or in connection with BSSC taking custody of the Document, the Private Investment or my investment therein. By way of clarification, other than as specifically provided herein, any brokerage services provided by BSSC with respect to the Private Investment shall be handled in accordance with the terms of the applicable agreements governing the Account. This release shall be binding upon my heirs, executors and assigns and shall inure to the benefit of the BSSC Parties, their successors and assigns.

9. **Section Headings.**

The headings in this agreement are for convenience only and will not be considered a part of this letter agreement in any respect nor will they in any way affect the substance of any provision contained in this letter agreement.

10. **Governing Law.**

THIS LETTER AGREEMENT SHALL BE GOVERNED BY THE SUBSTANTIVE LAWS OF THE STATE OF NEW YORK WITHOUT GIVING EFFECT TO ANY CONFLICTS OF LAW PRINCIPLES THEREOF.

BY SIGNING THIS AGREEMENT, THE UNDERSIGNED ACKNOWLEDGES THAT:

1) THE UNDERSIGNED IS/ARE THE PRIMARY ACCOUNT OWNER(S), HOLDER(S), TRUSTEE(S), EXECUTOR(S), AND/OR AUTHORIZED AGENT(S) FOR THE BEAR STEARNS ACCOUNT SPECIFIED AT THE TOP OF THIS FORM;

2) THIS ACCOUNT IS GOVERNED BY THE PREDISPUTE ARBITRATION CLAUSE AS OUTLINED ON PAGE TWO, PARAGRAPH SEVEN.

X _____[signature]_____
Signature

_____
(Typed or Printed Name)    (Title, if applicable)

X _____
Signature

_____
(Typed or Printed Name)    (Title, if applicable)

THIS AGREEMENT IS DATED AS OF _____, 20__

THSH_PJ 0000641

Doc Code 447

# REQUEST FOR OUTSIDE PURCHASE/TRANSFER
# & ACKNOWLEDGEMENT OF NON-SOLICITATION
# FOR RETIREMENT ACCOUNTS

This letter is my request and your authority to purchase for/transfer to the following individual retirement account, defined contribution profit sharing plan or money purchase pension plan ("Account") the following privately-placed security (the "Private Investment"):

Account Title: **Ralph A. Siciliano, IRA Rollover**

Account Number: **Redacted 02-1S**

Description of Investment: **PJ Associates**

I understand that Bear, Stearns Securities Corp. ("BSSC") does not generally hold in custody privately-placed securities and instruments such as, but not limited to, interests in corporate loans, limited partnership interests, warrants or other non-publicly traded issues. I also understand that there may be no conventional means of replacing them if they should for any reason be lost, stolen or destroyed. Notwithstanding the foregoing, I request that BSSC make an exception to its general policy and agree to hold in custody for the Account, a certificate or other document (the "Document") representing the Private Investment.

1. **No Solicitation for Private Investment; not a Fiduciary.**

My request to purchase/transfer the Private Investment in/to my Account is subject to the understanding that the Private Investment was not directly solicited and no recommendation regarding this investment was made by BSSC, any of its affiliates or any of their employees (each a "BSSC Party").* Although a BSSC Party may provide research or other information relating to securities or other investments, including the Private Investment, such is provided solely as an incident to the provision of brokerage by BSSC to the Account and any such research or other information is not intended to serve as a primary basis for my investment decisions on behalf of the Account. The decision to purchase/transfer the Private Investment was solely my own. I acknowledge that BSSC's decision to effect this purchase/transfer and to hold the Private Investment as custodian does not imply its approval of my investment. I hereby acknowledge and agree that no BSSC Party has discretionary authority or responsibility with respect to the Account and no BSSC Party renders investment advice with respect to the Account that would cause a BSSC Party to be deemed a "fiduciary" within the meaning of Section 4975(e)(3) of the Internal Revenue Code of 1986, as amended ("Code") or Section 3(21) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA") with respect to the Account.

2. **Suitability of Private Investment.**

I have consulted with my advisors other than a BSSC Party* on the suitability of the Private Investment for the Account (i.e., returns, liquidity, etc.). I hereby represent and warrant to BSSC that this investment is suitable for my Account and the purchase of the Private Investment did not give rise to a non-exempt prohibited transaction under ERISA or the Code. I understand that it is my responsibility to monitor and review the Private Investment to ensure compliance with the requirements of the Code and ERISA (including, without limitation, avoiding the occurrence of any prohibited transactions), and any other applicable federal, state or local laws, including securities laws. I represent and warrant that the Private Investment shall correctly be registered/recorded in the name of BSSC as custodian for the Account.

3. **Tax Issues.**

I understand that if the investments in my Account generate $1,000 or more of gross "unrelated business taxable income" ("UBTI"), the Internal Revenue Service requires that Form 990-T be filed to compute my income tax liability. As my custodian, BSSC will prepare the Form 990-T and charge my Account a fee for this filing. I understand and agree that prior to April 1st of each year, I am solely responsible to provide, or I will have the sponsor of the Private Investment provide, BSSC with IRS Schedule K-1 for each partnership investment in order for BSSC to compute my UBTI liability, if any.

In addition, should there be a state tax return filing requirement, BSSC will prepare the return. I further acknowledge and agree that BSSC has the right to debit my Account to satisfy any fees charged by BSSC and any tax liability including but not limited to taxes computed on Form 990-T or estimated payments related thereto based on prior year information. If liquid funds in the Account are insufficient to satisfy this liability, I understand and agree that BSSC has the right, but not the obligation, to transfer or otherwise liquidate assets in my Account sufficient to cover such liability.

4. **Litigation With Respect to Private Investments.**

I agree to be responsible for any and all collection actions, including contracting with a collection agency or instituting legal action, and bringing any other suits or actions which may become necessary to protect the rights of my Account with respect to the Private Investment, provided, however, that if I request BSSC to take legal action on the Account's behalf, BSSC shall do so only at its discretion.

5. **Valuation.**

I acknowledge and agree that it is my sole obligation to ensure that by January 10th of each year an independent valuation of the Private Investment is provided to BSSC, including the number of units, unit value and total value of the investment as of December 31st of the prior year. If no valuation is provided to BSSC by January 10th, BSSC may commission a valuation at my expense or take such other action as BSSC deems appropriate. I acknowledge and agree that if BSSC incurs an expense in commissioning a valuation, BSSC has the right to debit my Account to satisfy this liability.

---

\* The Private Investment may have been solicited by an individual currently employed by Bear, Stearns & Co. Inc. when the individual was an employee of a broker-dealer other than Bear, Stearns & Co. Inc. or any of its affiliates.

I understand and agree that BSSC has the right, but not the obligation to transfer or otherwise liquidate assets sufficient to cover this liability. I acknowledge and agree that BSSC shall have no duty or obligation to question a valuation provided to BSSC and may rely on such valuation for any purpose.

6. **Client Agreement.**

I acknowledge that this letter agreement shall be subject in all respects to the terms of the Bear Stearns' client agreement the terms of which are incorporated herein by reference. This letter agreement shall supersede any contradictory terms in the Bear Stearns' client agreement.

7. **ARBITRATION; CONSENT TO JURISDICTION; SERVICE OF PROCESS.**

(a) Notwithstanding anything set forth in this letter agreement, any controversy concerning the subject matter of this letter agreement between me and any BSSC Party shall be settled in accordance with the procedures as may previously have been agreed to by the parties (including, but not limited to, the dispute resolution provisions in the client agreement). In the event the parties have not previously agreed to dispute resolution procedures, any such controversy with any BSSC Party shall be settled according to the arbitration provisions described below.

(b) THIS AGREEMENT CONTAINS A PREDISPUTE ARBITRATION CLAUSE. BY SIGNING AN ARBITRATION AGREEMENT I AGREE AS FOLLOWS:

- I AM GIVING UP THE RIGHT TO SUE ANY BSSC PARTY IN COURT, INCLUDING THE RIGHT TO A TRIAL BY JURY, EXCEPT AS PROVIDED BY THE RULES OF THE ARBITRATION FORUM IN WHICH A CLAIM IS FILED.

- ARBITRATION AWARDS ARE GENERALLY FINAL AND BINDING; A PARTY'S ABILITY TO HAVE A COURT REVERSE OR MODIFY AN ARBITRATION AWARD IS VERY LIMITED.

- THE ABILITY TO OBTAIN DOCUMENTS, WITNESS STATEMENTS AND OTHER DISCOVERY IS GENERALLY MORE LIMITED IN ARBITRATION THAN IN COURT PROCEEDINGS.

- THE ARBITRATORS DO NOT HAVE TO EXPLAIN THE REASON(S) FOR THEIR AWARD.

- THE PANEL OF ARBITRATORS WILL TYPICALLY INCLUDE A MINORITY OF ARBITRATORS WHO WERE OR ARE AFFILIATED WITH THE SECURITIES INDUSTRY.

- THE RULES OF SOME ARBITRATION FORUMS MAY IMPOSE TIME LIMITS FOR BRINGING A CLAIM IN ARBITRATION. IN SOME CASES, A CLAIM THAT IS INELIGIBLE FOR ARBITRATION MAY BE BROUGHT IN COURT.

- THE RULES OF THE ARBITRATION FORUM IN WHICH THE CLAIM IS FILED, AND ANY AMENDMENTS THERETO, SHALL BE INCORPORATED INTO THIS AGREEMENT.

- NO PERSON SHALL BRING A PUTATIVE OR CERTIFIED CLASS ACTION TO ARBITRATION, NOR SEEK TO ENFORCE ANY PRE-DISPUTE ARBITRATION AGREEMENT AGAINST ANY PERSON WHO HAS INITIATED IN COURT A PUTATIVE CLASS ACTION OR WHO IS A MEMBER OF A PUTATIVE CLASS WHO HAS NOT OPTED OUT OF THE CLASS WITH RESPECT TO ANY CLAIMS ENCOMPASSED BY THE PUTATIVE CLASS ACTION UNTIL:

    (i) THE CLASS CERTIFICATION IS DENIED;

    (ii) THE CLASS IS DECERTIFIED; OR

    (iii) THE CUSTOMER IS EXCLUDED FROM THE CLASS BY THE COURT. SUCH FORBEARANCE TO ENFORCE AN AGREEMENT TO ARBITRATE SHALL NOT CONSTITUTE A WAIVER OF ANY RIGHTS UNDER THIS AGREEMENT EXCEPT TO THE EXTENT STATED HEREIN.

- BY SIGNING THIS AGREEMENT, I AGREE THAT CONTROVERSIES ARISING UNDER OR RELATING TO THIS AGREEMENT OR ANY ACTIVITY BETWEEN ME AND BSSC, ITS PREDECESSORS, AND ANY OF ITS RESPECTIVE SUCCESSORS, ASSIGNS, AND ANY OF ITS, DIRECTORS, EMPLOYEES, AND ANY OTHER CONTROL PERSONS AND ANY OF ITS AGENTS, WHETHER ARISING PRIOR TO, ON OR SUBSEQUENT TO THE DATE HEREOF, SHALL BE DETERMINED BY ARBITRATION. ANY ARBITRATION UNDER THIS AGREEMENT SHALL BE HELD ONLY AT THE FACILITIES OF, BEFORE AN ARBITRATION PANEL APPOINTED BY, AND PURSUANT TO THE RULES OF THE NEW YORK STOCK EXCHANGE, INC., OR THE NATIONAL ASSOCIATION OF SECURITIES DEALERS, INC. YOU MAY ELECT ONE OF THE FOREGOING FORUMS FOR ARBITRATION, BUT IF YOU FAIL TO MAKE SUCH ELECTION BY REGISTERED MAIL OR TELEGRAM ADDRESSED TO BEAR STEARNS SECURITIES CORP., 383 MADISON AVENUE, NEW YORK, NEW YORK 10179, ATTENTION: CHIEF LEGAL OFFICER (OR ANY OTHER ADDRESS OF WHICH YOU ARE ADVISED IN WRITING), BEFORE THE EXPIRATION OF TEN DAYS AFTER RECEIPT OF A WRITTEN REQUEST FROM BSSC TO MAKE SUCH ELECTION, THEN BSSC MAY MAKE SUCH ELECTION. THE AWARD OF THE ARBITRATORS, OR OF THE MAJORITY OF THEM, SHALL BE FINAL, AND JUDGMENT UPON THE AWARD RENDERED MAY BE ENTERED IN ANY COURT, STATE OR FEDERAL, HAVING JURISDICTION.

(c) Notwithstanding the provisions of subparagraph (b) above, BSSC or me may, at any time prior to the initial arbitration hearing pertaining to such dispute or controversy, seek by application to the U.S. District Court for the Southern District of New York or the Supreme Court of the State of New York for the County of New York any such temporary or provisional relief or remedy ("provisional remedy") provided for by the laws of the U.S. or the laws of the State of New York as would be available in an action based upon such dispute or controversy in the absence of an agreement to arbitrate. I acknowledge and agree that it is my intention to have any such application for a provisional remedy decided by the Court to which it is made and that such application shall not be referred to or settled by arbitration. No such application to either said Court for a provisional remedy, nor any act or conduct by BSSC or me in furtherance of or in opposition to such application, shall constitute a relinquishment or waiver of any right to have the underlying dispute or controversy with respect to which such application is made settled by arbitration in accordance with subparagraph (b) above.

(d)  With respect to any application for a provisional remedy and any application for judgment on an arbitration award, I irrevocably (i) submit to the jurisdiction of the U.S. District Court for the Southern District of New York or the Supreme Court of the State of New York for the County of New York, (ii) waive any objection which I may have at any time to the laying of venue of any proceedings brought in any such court, waive any claim that such proceedings have been brought in an inconvenient forum and further waive the right to object, with respect to such proceedings, that such court does not have any jurisdiction over me, and (iii) consent to service of process by certified mail, return receipt requested, to the address provided for herein.

(e)  I hereby agree to receive service of process in connection with any legal matters or actions or proceedings based upon, arising out of or relating in any way to this letter agreement by confirmed, return-receipt requested mail and that delivery shall be presumed if such service is mailed to the address maintained by BSSC in its records and the requested receipt is returned.

8.  **Release of Claims Against Bear Stearns.**

I hereby acknowledge and agree that no BSSC Party assumes any responsibility whatsoever for the validity of any Document or the value or ownership of the Private Investment. I agree that no BSSC Party shall have any liability for any consequential, incidental, special, exemplary, punitive, or any similar damages and I hereby irrevocably and unconditionally waive any right that I may have to claim or recover any such damages (even if I have informed BSSC of the possibility or likelihood of such damages). I acknowledge and agree that no BSSC Party will price the Private Investment on my behalf except to the extent required by law. In this connection, I confirm that, to the best of my knowledge, the Private Investment is not publicly traded and there is no available public market for the Private Investment. I also acknowledge that BSSC will act only upon my specific instructions regarding any event (*i.e.*, conversion or exercise) involving the Private Investment. I further acknowledge and agree that no BSSC Party has responsibility for providing me with any information about the Private Investment. I acknowledge and agree that BSSC may hold for my benefit the Document as evidence of custody of the Private Investment and has no responsibility for the accuracy of its description, or for providing me with any information about the Private Investment, including, but not limited to, any conversion or exercise options for the Private Investment or information regarding the issuer thereof. I hereby fully and forever release and discharge the BSSC Parties from any and all claims, losses, costs, damages or other liability in any way arising out of, relating to or in connection with BSSC taking custody of the Document, the Private Investment or my investment therein. By way of clarification, other than as specifically provided herein, any brokerage services provided by BSSC with respect to the Private Investment shall be handled in accordance with the terms of the applicable agreements governing the Account. This release shall be binding upon my heirs, executors and assigns and shall inure to the benefit of the BSSC Parties, their successors and assigns.

9.  **Section Headings.**

The headings in this agreement are for convenience only and will not be considered a part of this letter agreement in any respect nor will they in any way affect the substance of any provision contained in this letter agreement.

10. **Governing Law.**

THIS LETTER AGREEMENT SHALL BE GOVERNED BY THE SUBSTANTIVE LAWS OF THE STATE OF NEW YORK WITHOUT GIVING EFFECT TO ANY CONFLICTS OF LAW PRINCIPLES THEREOF.

BY SIGNING THIS AGREEMENT, THE UNDERSIGNED ACKNOWLEDGES THAT:

1) THE UNDERSIGNED IS/ARE THE PRIMARY ACCOUNT OWNER(S), HOLDER(S), TRUSTEE(S), EXECUTOR(S), AND/OR AUTHORIZED AGENT(S) FOR THE BEAR STEARNS ACCOUNT SPECIFIED AT THE TOP OF THIS FORM;

2) THIS ACCOUNT IS GOVERNED BY THE PREDISPUTE ARBITRATION CLAUSE AS OUTLINED ON PAGE TWO, PARAGRAPH SEVEN.

X *[signature]*
Signature

Ralph A. Siciliano
(Typed or Printed Name)                (Title, if applicable)

X _____
Signature

_____
(Typed or Printed Name)                (Title, if applicable)

THIS AGREEMENT IS DATED AS OF _____, 20__

THSH_PJ 0000659

Doc Code 447

# REQUEST FOR OUTSIDE PURCHASE/TRANSFER
# & ACKNOWLEDGEMENT OF NON-SOLICITATION
# FOR RETIREMENT ACCOUNTS

This letter is my request and your authority to purchase for/transfer to the following individual retirement account, defined contribution profit sharing plan or money purchase pension plan ("Account") the following privately-placed security (the "Private Investment"):

Account Title: __JOEL S. HIRSCHTRITT, IRA ROLLOVER__

Account Number: __Redacted 97-15__

Description of Investment: __PJ ASSOCIATES__

I understand that Bear, Stearns Securities Corp. ("BSSC") does not generally hold in custody privately-placed securities and instruments such as, but not limited to, interests in corporate loans, limited partnership interests, warrants or other non-publicly traded issues. I also understand that there may be no conventional means of replacing them if they should for any reason be lost, stolen or destroyed. Notwithstanding the foregoing, I request that BSSC make an exception to its general policy and agree to hold in custody for the Account, a certificate or other document (the "Document") representing the Private Investment.

1. **No Solicitation for Private Investment; not a Fiduciary.**

My request to purchase/transfer the Private Investment in/to my Account is subject to the understanding that the Private Investment was not directly solicited and no recommendation regarding this investment was made by BSSC, any of its affiliates or any of their employees (each a "BSSC Party").[*] Although a BSSC Party may provide research or other information relating to securities or other investments, including the Private Investment, such is provided solely as an incident to the provision of brokerage by BSSC to the Account and any such research or other information is not intended to serve as a primary basis for my investment decisions on behalf of the Account. The decision to purchase/transfer the Private Investment was solely my own. I acknowledge that BSSC's decision to effect this purchase/transfer and to hold the Private Investment as custodian does not imply its approval of my investment. I hereby acknowledge and agree that no BSSC Party has discretionary authority or responsibility with respect to the Account and no BSSC Party renders investment advice with respect to the Account that would cause a BSSC Party to be deemed a "fiduciary" within the meaning of Section 4975(e)(3) of the Internal Revenue Code of 1986, as amended ("Code") or Section 3(21) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA") with respect to the Account.

2. **Suitability of Private Investment.**

I have consulted with my advisors other than a BSSC Party[*] on the suitability of the Private Investment for the Account (i.e., returns, liquidity, etc.). I hereby represent and warrant to BSSC that this investment is suitable for my Account and the purchase of the Private Investment did not give rise to a non-exempt prohibited transaction under ERISA or the Code. I understand that it is my responsibility to monitor and review the Private Investment to ensure compliance with the requirements of the Code and ERISA (including, without limitation, avoiding the occurrence of any prohibited transactions), and any other applicable federal, state or local laws, including securities laws. I represent and warrant that the Private Investment shall correctly be registered/recorded in the name of BSSC as custodian for the Account.

3. **Tax Issues.**

I understand that if the investments in my Account generate $1,000 or more of gross "unrelated business taxable income" ("UBTI"), the Internal Revenue Service requires that Form 990-T be filed to compute my income tax liability. As my custodian, BSSC will prepare the Form 990-T and charge my Account a fee for this filing. I understand and agree that prior to April 1st of each year, I am solely responsible to provide, or I will have the sponsor of the Private Investment provide, BSSC with IRS Schedule K-1 for each partnership investment in order for BSSC to compute my UBTI liability, if any.

In addition, should there be a state tax return filing requirement, BSSC will prepare the return. I further acknowledge and agree that BSSC has the right to debit my Account to satisfy any fees charged by BSSC and any tax liability including but not limited to taxes computed on Form 990-T or estimated payments related thereto based on prior year information. If liquid funds in the Account are insufficient to satisfy this liability, I understand and agree that BSSC has the right, but not the obligation, to transfer or otherwise liquidate assets in my Account sufficient to cover such liability.

4. **Litigation With Respect to Private Investments.**

I agree to be responsible for any and all collection actions, including contracting with a collection agency or instituting legal action, and bringing any other suits or actions which may become necessary to protect the rights of my Account with respect to the Private Investment, provided, however, that if I request BSSC to take legal action on the Account's behalf, BSSC shall do so only at its discretion.

5. **Valuation.**

I acknowledge and agree that it is my sole obligation to ensure that by January 10th of each year an independent valuation of the Private Investment is provided to BSSC, including the number of units, unit value and total value of the investment as of December 31st of the prior year. If no valuation is provided to BSSC by January 10th, BSSC may commission a valuation at my expense or take such other action as BSSC deems appropriate. I acknowledge and agree that if BSSC incurs an expense in commissioning a valuation, BSSC has the right to debit my Account to satisfy this liability.

---

[*] The Private Investment may have been solicited by an individual currently employed by Bear, Stearns & Co. Inc. when the individual was an employee of a broker-dealer other than Bear, Stearns & Co. Inc. or any of its affiliates.

I understand and agree that BSSC has the right, but not the obligation to transfer or otherwise liquidate assets sufficient to cover this liability. I acknowledge and agree that BSSC shall have no duty or obligation to question a valuation provided to BSSC and may rely on such valuation for any purpose.

6. **Client Agreement.**

I acknowledge that this letter agreement shall be subject in all respects to the terms of the Bear Stearns' client agreement the terms of which are incorporated herein by reference. This letter agreement shall supersede any contradictory terms in the Bear Stearns' client agreement.

7. **ARBITRATION; CONSENT TO JURISDICTION; SERVICE OF PROCESS.**

(a) Notwithstanding anything set forth in this letter agreement, any controversy concerning the subject matter of this letter agreement between me and any BSSC Party shall be settled in accordance with the procedures as may previously have been agreed to by the parties (including, but not limited to, the dispute resolution provisions in the client agreement). In the event the parties have not previously agreed to dispute resolution procedures, any such controversy with any BSSC Party shall be settled according to the arbitration provisions described below.

(b) THIS AGREEMENT CONTAINS A PREDISPUTE ARBITRATION CLAUSE. BY SIGNING AN ARBITRATION AGREEMENT I AGREE AS FOLLOWS:

- I AM GIVING UP THE RIGHT TO SUE ANY BSSC PARTY IN COURT, INCLUDING THE RIGHT TO A TRIAL BY JURY, EXCEPT AS PROVIDED BY THE RULES OF THE ARBITRATION FORUM IN WHICH A CLAIM IS FILED.

- ARBITRATION AWARDS ARE GENERALLY FINAL AND BINDING; A PARTY'S ABILITY TO HAVE A COURT REVERSE OR MODIFY AN ARBITRATION AWARD IS VERY LIMITED.

- THE ABILITY TO OBTAIN DOCUMENTS, WITNESS STATEMENTS AND OTHER DISCOVERY IS GENERALLY MORE LIMITED IN ARBITRATION THAN IN COURT PROCEEDINGS.

- THE ARBITRATORS DO NOT HAVE TO EXPLAIN THE REASON(S) FOR THEIR AWARD.

- THE PANEL OF ARBITRATORS WILL TYPICALLY INCLUDE A MINORITY OF ARBITRATORS WHO WERE OR ARE AFFILIATED WITH THE SECURITIES INDUSTRY.

- THE RULES OF SOME ARBITRATION FORUMS MAY IMPOSE TIME LIMITS FOR BRINGING A CLAIM IN ARBITRATION. IN SOME CASES, A CLAIM THAT IS INELIGIBLE FOR ARBITRATION MAY BE BROUGHT IN COURT.

- THE RULES OF THE ARBITRATION FORUM IN WHICH THE CLAIM IS FILED, AND ANY AMENDMENTS THERETO, SHALL BE INCORPORATED INTO THIS AGREEMENT.

- NO PERSON SHALL BRING A PUTATIVE OR CERTIFIED CLASS ACTION TO ARBITRATION, NOR SEEK TO ENFORCE ANY PRE-DISPUTE ARBITRATION AGREEMENT AGAINST ANY PERSON WHO HAS INITIATED IN COURT A PUTATIVE CLASS ACTION OR WHO IS A MEMBER OF A PUTATIVE CLASS WHO HAS NOT OPTED OUT OF THE CLASS WITH RESPECT TO ANY CLAIMS ENCOMPASSED BY THE PUTATIVE CLASS ACTION UNTIL:

    (i) THE CLASS CERTIFICATION IS DENIED;

    (ii) THE CLASS IS DECERTIFIED; OR

    (iii) THE CUSTOMER IS EXCLUDED FROM THE CLASS BY THE COURT. SUCH FORBEARANCE TO ENFORCE AN AGREEMENT TO ARBITRATE SHALL NOT CONSTITUTE A WAIVER OF ANY RIGHTS UNDER THIS AGREEMENT EXCEPT TO THE EXTENT STATED HEREIN.

- BY SIGNING THIS AGREEMENT, I AGREE THAT CONTROVERSIES ARISING UNDER OR RELATING TO THIS AGREEMENT OR ANY ACTIVITY BETWEEN ME AND BSSC, ITS PREDECESSORS, AND ANY OF ITS RESPECTIVE SUCCESSORS, ASSIGNS, AND ANY OF ITS, DIRECTORS, EMPLOYEES, AND ANY OTHER CONTROL PERSONS AND ANY OF ITS AGENTS, WHETHER ARISING PRIOR TO, ON OR SUBSEQUENT TO THE DATE HEREOF, SHALL BE DETERMINED BY ARBITRATION. ANY ARBITRATION UNDER THIS AGREEMENT SHALL BE HELD ONLY AT THE FACILITIES OF, BEFORE AN ARBITRATION PANEL APPOINTED BY, AND PURSUANT TO THE RULES OF THE NEW YORK STOCK EXCHANGE, INC., OR THE NATIONAL ASSOCIATION OF SECURITIES DEALERS, INC. YOU MAY ELECT ONE OF THE FOREGOING FORUMS FOR ARBITRATION, BUT IF YOU FAIL TO MAKE SUCH ELECTION BY REGISTERED MAIL OR TELEGRAM ADDRESSED TO BEAR STEARNS SECURITIES CORP., 383 MADISON AVENUE, NEW YORK, NEW YORK 10179, ATTENTION: CHIEF LEGAL OFFICER (OR ANY OTHER ADDRESS OF WHICH YOU ARE ADVISED IN WRITING), BEFORE THE EXPIRATION OF TEN DAYS AFTER RECEIPT OF A WRITTEN REQUEST FROM BSSC TO MAKE SUCH ELECTION, THEN BSSC MAY MAKE SUCH ELECTION. THE AWARD OF THE ARBITRATORS, OR OF THE MAJORITY OF THEM, SHALL BE FINAL, AND JUDGMENT UPON THE AWARD RENDERED MAY BE ENTERED IN ANY COURT, STATE OR FEDERAL, HAVING JURISDICTION.

(c) Notwithstanding the provisions of subparagraph (b) above, BSSC or me may, at any time prior to the initial arbitration hearing pertaining to such dispute or controversy, seek by application to the U.S. District Court for the Southern District of New York or the Supreme Court of the State of New York for the County of New York any such temporary or provisional relief or remedy ("provisional remedy") provided for by the laws of the U.S. or the laws of the State of New York as would be available in an action based upon such dispute or controversy in the absence of an agreement to arbitrate. I acknowledge and agree that it is my intention to have any such application for a provisional remedy decided by the Court to which it is made and that such application shall not be referred to or settled by arbitration. No such application to either said Court for a provisional remedy, nor any act or conduct by BSSC or me in furtherance of or in opposition to such application, shall constitute a relinquishment or waiver of any right to have the underlying dispute or controversy with respect to which such application is made settled by arbitration in accordance with subparagraph (b) above.

THSH_PJ 0000676

(d) With respect to any application for a provisional remedy and any application for judgment on an arbitration award, I irrevocably (i) submit to the jurisdiction of the U.S. District Court for the Southern District of New York or the Supreme Court of the State of New York for the County of New York, (ii) waive any objection which I may have at any time to the laying of venue of any proceedings brought in any such court, waive any claim that such proceedings have been brought in an inconvenient forum and further waive the right to object, with respect to such proceedings, that such court does not have any jurisdiction over me, and (iii) consent to service of process by certified mail, return receipt requested, to the address provided for herein.

(e) I hereby agree to receive service of process in connection with any legal matters or actions or proceedings based upon, arising out of or relating in any way to this letter agreement by confirmed, return-receipt requested mail and that delivery shall be presumed if such service is mailed to the address maintained by BSSC in its records and the requested receipt is returned.

8. **Release of Claims Against Bear Stearns.**

I hereby acknowledge and agree that *no BSSC Party assumes any responsibility whatsoever for the validity of any Document or the value or ownership of the Private Investment.* I agree that no BSSC Party shall have any liability for any consequential, incidental, special, exemplary, punitive, or any similar damages and I hereby irrevocably and unconditionally waive any right that I may have to claim or recover any such damages (even if I have informed BSSC of the possibility or likelihood of such damages). I acknowledge and agree that no BSSC Party will price the Private Investment on my behalf except to the extent required by law. In this connection, I confirm that, to the best of my knowledge, the Private Investment is not publicly traded and there is no available public market for the Private Investment. I also acknowledge that BSSC will act only upon my specific instructions regarding any event (*i.e.*, conversion or exercise) involving the Private Investment. I further acknowledge and agree that no BSSC Party has responsibility for providing me with any information about the Private Investment. I acknowledge and agree that BSSC may hold for my benefit the Document as evidence of custody of the Private Investment and has no responsibility for the accuracy of its description, or for providing me with any information about the Private Investment, including, but not limited to, any conversion or exercise options for the Private Investment or information regarding the issuer thereof. I hereby fully and forever release and discharge the BSSC Parties from any and all claims, losses, costs, damages or other liability in any way arising out of, relating to or in connection with BSSC taking custody of the Document, the Private Investment or my investment therein. By way of clarification, other than as specifically provided herein, any brokerage services provided by BSSC with respect to the Private Investment shall be handled in accordance with the terms of the applicable agreements governing the Account. This release shall be binding upon my heirs, executors and assigns and shall inure to the benefit of the BSSC Parties, their successors and assigns.

9. **Section Headings.**

The headings in this agreement are for convenience only and will not be considered a part of this letter agreement in any respect nor will they in any way affect the substance of any provision contained in this letter agreement.

10. **Governing Law.**

THIS LETTER AGREEMENT SHALL BE GOVERNED BY THE SUBSTANTIVE LAWS OF THE STATE OF NEW YORK WITHOUT GIVING EFFECT TO ANY CONFLICTS OF LAW PRINCIPLES THEREOF.

BY SIGNING THIS AGREEMENT, THE UNDERSIGNED ACKNOWLEDGES THAT:

1) THE UNDERSIGNED IS/ARE THE PRIMARY ACCOUNT OWNER(S), HOLDER(S), TRUSTEE(S), EXECUTOR(S), AND/OR AUTHORIZED AGENT(S) FOR THE BEAR STEARNS ACCOUNT SPECIFIED AT THE TOP OF THIS FORM;

2) THIS ACCOUNT IS GOVERNED BY THE PREDISPUTE ARBITRATION CLAUSE AS OUTLINED ON PAGE TWO, PARAGRAPH SEVEN.

X _[signature]_____
Signature

(Typed or Printed Name)          (Title, if applicable)

X _[signature]_____
Signature

(Typed or Printed Name)          (Title, if applicable)

THIS AGREEMENT IS DATED AS OF _____, 20__

THSH_PJ 0000677

Doc Code 447

# REQUEST FOR OUTSIDE PURCHASE/TRANSFER
# & ACKNOWLEDGEMENT OF NON-SOLICITATION
# FOR RETIREMENT ACCOUNTS

This letter is my request and your authority to purchase for/transfer to the following individual retirement account, defined contribution profit sharing plan or money purchase pension plan ("Account") the following privately-placed security (the "Private Investment"):

Account Title: _Robert E. Halpern, IRA Rollover_

Account Number: _Redacted   00-17_

Description of Investment: _PJ Associates_

I understand that Bear, Stearns Securities Corp. ("BSSC") does not generally hold in custody privately-placed securities and instruments such as, but not limited to, interests in corporate loans, limited partnership interests, warrants or other non-publicly traded issues. I also understand that there may be no conventional means of replacing them if they should for any reason be lost, stolen or destroyed. Notwithstanding the foregoing, I request that BSSC make an exception to its general policy and agree to hold in custody for the Account, a certificate or other document (the "Document") representing the Private Investment.

1. **No Solicitation for Private Investment; not a Fiduciary.**

My request to purchase/transfer the Private Investment in/to my Account is subject to the understanding that the Private Investment was not directly solicited and no recommendation regarding this investment was made by BSSC, any of its affiliates or any of their employees (each a "BSSC Party").[*] Although a BSSC Party may provide research or other information relating to securities or other investments, including the Private Investment, such is provided solely as an incident to the provision of brokerage by BSSC to the Account and any such research or other information is not intended to serve as a primary basis for my investment decisions on behalf of the Account. The decision to purchase/transfer the Private Investment was solely my own. I acknowledge that BSSC's decision to effect this purchase/transfer and to hold the Private Investment as custodian does not imply its approval of my investment. I hereby acknowledge and agree that no BSSC Party has discretionary authority or responsibility with respect to the Account and no BSSC Party renders investment advice with respect to the Account that would cause a BSSC Party to be deemed a "fiduciary" within the meaning of Section 4975(e)(3) of the Internal Revenue Code of 1986, as amended ("Code") or Section 3(21) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA") with respect to the Account.

2. **Suitability of Private Investment.**

I have consulted with my advisors other than a BSSC Party[*] on the suitability of the Private Investment for the Account (i.e., returns, liquidity, etc.). I hereby represent and warrant to BSSC that this investment is suitable for my Account and the purchase of the Private Investment did not give rise to a non-exempt prohibited transaction under ERISA or the Code. I understand that it is my responsibility to monitor and review the Private Investment to ensure compliance with the requirements of the Code and ERISA (including, without limitation, avoiding the occurrence of any prohibited transactions), and any other applicable federal, state or local laws, including securities laws. I represent and warrant that the Private Investment shall correctly be registered/recorded in the name of BSSC as custodian for the Account.

3. **Tax Issues.**

I understand that if the investments in my Account generate $1,000 or more of gross "unrelated business taxable income" ("UBTI"), the Internal Revenue Service requires that Form 990-T be filed to compute my income tax liability. As my custodian, BSSC will prepare the Form 990-T and charge my Account a fee for this filing. I understand and agree that prior to April 1st of each year, I am solely responsible to provide, or I will have the sponsor of the Private Investment provide, BSSC with IRS Schedule K-1 for each partnership investment in order for BSSC to compute my UBTI liability, if any.

In addition, should there be a state tax return filing requirement, BSSC will prepare the return. I further acknowledge and agree that BSSC has the right to debit my Account to satisfy any fees charged by BSSC and any tax liability including but not limited to taxes computed on Form 990-T or estimated payments related thereto based on prior year information. If liquid funds in the Account are insufficient to satisfy this liability, I understand and agree that BSSC has the right, but not the obligation, to transfer or otherwise liquidate assets in my Account sufficient to cover such liability.

4. **Litigation With Respect to Private Investments.**

I agree to be responsible for any and all collection actions, including contracting with a collection agency or instituting legal action, and bringing any other suits or actions which may become necessary to protect the rights of my Account with respect to the Private Investment, provided, however, that if I request BSSC to take legal action on the Account's behalf, BSSC shall do so only at its discretion.

5. **Valuation.**

I acknowledge and agree that it is my sole obligation to ensure that by January 10th of each year an independent valuation of the Private Investment is provided to BSSC, including the number of units, unit value and total value of the investment as of December 31st of the prior year. If no valuation is provided to BSSC by January 10th, BSSC may commission a valuation at my expense or take such other action as BSSC deems appropriate. I acknowledge and agree that if BSSC incurs an expense in commissioning a valuation, BSSC has the right to debit my Account to satisfy this liability.

---

[*] The Private Investment may have been solicited by an individual currently employed by Bear, Stearns & Co. Inc. when the individual was an employee of a broker-dealer other than Bear, Stearns & Co. Inc. or any of its affiliates.

BS&Co. v.1, 5-2006                    Bear, Stearns Securities Corp.                    1 of 3

THSH_PJ 0000693

I understand and agree that BSSC has the right, but not the obligation to transfer or otherwise liquidate assets sufficient to cover this liability. I acknowledge and agree that BSSC shall have no duty or obligation to question a valuation provided to BSSC and may rely on such valuation for any purpose.

6. **Client Agreement.**

I acknowledge that this letter agreement shall be subject in all respects to the terms of the Bear Stearns' client agreement the terms of which are incorporated herein by reference. This letter agreement shall supersede any contradictory terms in the Bear Stearns' client agreement.

7. **ARBITRATION; CONSENT TO JURISDICTION; SERVICE OF PROCESS.**

(a) Notwithstanding anything set forth in this letter agreement, any controversy concerning the subject matter of this letter agreement between me and any BSSC Party shall be settled in accordance with the procedures as may previously have been agreed to by the parties (including, but not limited to, the dispute resolution provisions in the client agreement). In the event the parties have not previously agreed to dispute resolution procedures, any such controversy with any BSSC Party shall be settled according to the arbitration provisions described below.

(b) THIS AGREEMENT CONTAINS A PREDISPUTE ARBITRATION CLAUSE. BY SIGNING AN ARBITRATION AGREEMENT I AGREE AS FOLLOWS:

- I AM GIVING UP THE RIGHT TO SUE ANY BSSC PARTY IN COURT, INCLUDING THE RIGHT TO A TRIAL BY JURY, EXCEPT AS PROVIDED BY THE RULES OF THE ARBITRATION FORUM IN WHICH A CLAIM IS FILED.

- ARBITRATION AWARDS ARE GENERALLY FINAL AND BINDING; A PARTY'S ABILITY TO HAVE A COURT REVERSE OR MODIFY AN ARBITRATION AWARD IS VERY LIMITED.

- THE ABILITY TO OBTAIN DOCUMENTS, WITNESS STATEMENTS AND OTHER DISCOVERY IS GENERALLY MORE LIMITED IN ARBITRATION THAN IN COURT PROCEEDINGS.

- THE ARBITRATORS DO NOT HAVE TO EXPLAIN THE REASON(S) FOR THEIR AWARD.

- THE PANEL OF ARBITRATORS WILL TYPICALLY INCLUDE A MINORITY OF ARBITRATORS WHO WERE OR ARE AFFILIATED WITH THE SECURITIES INDUSTRY.

- THE RULES OF SOME ARBITRATION FORUMS MAY IMPOSE TIME LIMITS FOR BRINGING A CLAIM IN ARBITRATION. IN SOME CASES, A CLAIM THAT IS INELIGIBLE FOR ARBITRATION MAY BE BROUGHT IN COURT.

- THE RULES OF THE ARBITRATION FORUM IN WHICH THE CLAIM IS FILED, AND ANY AMENDMENTS THERETO, SHALL BE INCORPORATED INTO THIS AGREEMENT.

- NO PERSON SHALL BRING A PUTATIVE OR CERTIFIED CLASS ACTION TO ARBITRATION, NOR SEEK TO ENFORCE ANY PRE-DISPUTE ARBITRATION AGREEMENT AGAINST ANY PERSON WHO HAS INITIATED IN COURT A PUTATIVE CLASS ACTION OR WHO IS A MEMBER OF A PUTATIVE CLASS WHO HAS NOT OPTED OUT OF THE CLASS WITH RESPECT TO ANY CLAIMS ENCOMPASSED BY THE PUTATIVE CLASS ACTION UNTIL:

    (i) THE CLASS CERTIFICATION IS DENIED;

    (ii) THE CLASS IS DECERTIFIED; OR

    (iii) THE CUSTOMER IS EXCLUDED FROM THE CLASS BY THE COURT. SUCH FORBEARANCE TO ENFORCE AN AGREEMENT TO ARBITRATE SHALL NOT CONSTITUTE A WAIVER OF ANY RIGHTS UNDER THIS AGREEMENT EXCEPT TO THE EXTENT STATED HEREIN.

- BY SIGNING THIS AGREEMENT, I AGREE THAT CONTROVERSIES ARISING UNDER OR RELATING TO THIS AGREEMENT OR ANY ACTIVITY BETWEEN ME AND BSSC, ITS PREDECESSORS, AND ANY OF ITS RESPECTIVE SUCCESSORS, ASSIGNS, AND ANY OF ITS, DIRECTORS, EMPLOYEES, AND ANY OTHER CONTROL PERSONS AND ANY OF ITS AGENTS, WHETHER ARISING PRIOR TO, ON OR SUBSEQUENT TO THE DATE HEREOF, SHALL BE DETERMINED BY ARBITRATION. ANY ARBITRATION UNDER THIS AGREEMENT SHALL BE HELD ONLY AT THE FACILITIES OF, BEFORE AN ARBITRATION PANEL APPOINTED BY, AND PURSUANT TO THE RULES OF THE NEW YORK STOCK EXCHANGE, INC., OR THE NATIONAL ASSOCIATION OF SECURITIES DEALERS, INC. YOU MAY ELECT ONE OF THE FOREGOING FORUMS FOR ARBITRATION, BUT IF YOU FAIL TO MAKE SUCH ELECTION BY REGISTERED MAIL OR TELEGRAM ADDRESSED TO BEAR STEARNS SECURITIES CORP., 383 MADISON AVENUE, NEW YORK, NEW YORK 10179, ATTENTION: CHIEF LEGAL OFFICER (OR ANY OTHER ADDRESS OF WHICH YOU ARE ADVISED IN WRITING), BEFORE THE EXPIRATION OF TEN DAYS AFTER RECEIPT OF A WRITTEN REQUEST FROM BSSC TO MAKE SUCH ELECTION, THEN BSSC MAY MAKE SUCH ELECTION. THE AWARD OF THE ARBITRATORS, OR OF THE MAJORITY OF THEM, SHALL BE FINAL, AND JUDGMENT UPON THE AWARD RENDERED MAY BE ENTERED IN ANY COURT, STATE OR FEDERAL, HAVING JURISDICTION.

(c) Notwithstanding the provisions of subparagraph (b) above, BSSC or me may, at any time prior to the initial arbitration hearing pertaining to such dispute or controversy, seek by application to the U.S. District Court for the Southern District of New York or the Supreme Court of the State of New York for the County of New York any such temporary or provisional relief or remedy ("provisional remedy") provided for by the laws of the U.S. or the laws of the State of New York as would be available in an action based upon such dispute or controversy in the absence of an agreement to arbitrate. I acknowledge and agree that it is my intention to have any such application for a provisional remedy decided by the Court to which it is made and that such application shall not be referred to or settled by arbitration. No such application to either said Court for a provisional remedy, nor any act or conduct by BSSC or me in furtherance of or in opposition to such application, shall constitute a relinquishment or waiver of any right to have the underlying dispute or controversy with respect to which such application is made settled by arbitration in accordance with subparagraph (b) above.

THSH_PJ 0000694

(d) With respect to any application for a provisional remedy and any application for judgment on an arbitration award, I irrevocably (i) submit to the jurisdiction of the U.S. District Court for the Southern District of New York or the Supreme Court of the State of New York for the County of New York, (ii) waive any objection which I may have at any time to the laying of venue of any proceedings brought in any such court, waive any claim that such proceedings have been brought in an inconvenient forum and further waive the right to object, with respect to such proceedings, that such court does not have any jurisdiction over me, and (iii) consent to service of process by certified mail, return receipt requested, to the address provided for herein.

(e) I hereby agree to receive service of process in connection with any legal matters or actions or proceedings based upon, arising out of or relating in any way to this letter agreement by confirmed, return-receipt requested mail and that delivery shall be presumed if such service is mailed to the address maintained by BSSC in its records and the requested receipt is returned.

8. **Release of Claims Against Bear Stearns.**

I hereby acknowledge and agree that no BSSC Party assumes any responsibility whatsoever for the validity of any Document or the value or ownership of the Private Investment. I agree that no BSSC Party shall have any liability for any consequential, incidental, special, exemplary, punitive, or any similar damages and I hereby irrevocably and unconditionally waive any right that I may have to claim or recover any such damages (even if I have informed BSSC of the possibility or likelihood of such damages). I acknowledge and agree that no BSSC Party will price the Private Investment on my behalf except to the extent required by law. In this connection, I confirm that, to the best of my knowledge, the Private Investment is not publicly traded and there is no available public market for the Private Investment. I also acknowledge that BSSC will act only upon my specific instructions regarding any event (*i.e.*, conversion or exercise) involving the Private Investment. I further acknowledge and agree that no BSSC Party has responsibility for providing me with any information about the Private Investment. I acknowledge and agree that BSSC may hold for my benefit the Document as evidence of custody of the Private Investment and has no responsibility for the accuracy of its description, or for providing me with any information about the Private Investment, including, but not limited to, any conversion or exercise options for the Private Investment or information regarding the issuer thereof. I hereby fully and forever release and discharge the BSSC Parties from any and all claims, losses, costs, damages or other liability in any way arising out of, relating to or in connection with BSSC taking custody of the Document, the Private Investment or my investment therein. By way of clarification, other than as specifically provided herein, any brokerage services provided by BSSC with respect to the Private Investment shall be handled in accordance with the terms of the applicable agreements governing the Account. This release shall be binding upon my heirs, executors and assigns and shall inure to the benefit of the BSSC Parties, their successors and assigns.

9. **Section Headings.**

The headings in this agreement are for convenience only and will not be considered a part of this letter agreement in any respect nor will they in any way affect the substance of any provision contained in this letter agreement.

10. **Governing Law.**

THIS LETTER AGREEMENT SHALL BE GOVERNED BY THE SUBSTANTIVE LAWS OF THE STATE OF NEW YORK WITHOUT GIVING EFFECT TO ANY CONFLICTS OF LAW PRINCIPLES THEREOF.

BY SIGNING THIS AGREEMENT, THE UNDERSIGNED ACKNOWLEDGES THAT:

1) THE UNDERSIGNED IS/ARE THE PRIMARY ACCOUNT OWNER(S), HOLDER(S), TRUSTEE(S), EXECUTOR(S), AND/OR AUTHORIZED AGENT(S) FOR THE BEAR STEARNS ACCOUNT SPECIFIED AT THE TOP OF THIS FORM;

2) THIS ACCOUNT IS GOVERNED BY THE PREDISPUTE ARBITRATION CLAUSE AS OUTLINED ON PAGE TWO, PARAGRAPH SEVEN.

X _[signature]_
Signature

_Robert E Helpern_
(Typed or Printed Name)         (Title, if applicable)

X _____
Signature

_____
(Typed or Printed Name)         (Title, if applicable)

THIS AGREEMENT IS DATED AS OF _____, 20__

THSH_PJ 0000695

Doc Code 447

# REQUEST FOR OUTSIDE PURCHASE/TRANSFER
# & ACKNOWLEDGEMENT OF NON-SOLICITATION
# FOR RETIREMENT ACCOUNTS

This letter is my request and your authority to purchase for/transfer to the following individual retirement account, defined contribution profit sharing plan or money purchase pension plan ("Account") the following privately-placed security (the "Private Investment"):

Account Title: __Vincent J. Syracuse, IRA Rollover__

Account Number: __Redacted 99.13__

Description of Investment: __PJ Associates__

I understand that Bear, Stearns Securities Corp. ("BSSC") does not generally hold in custody privately-placed securities and instruments such as, but not limited to, interests in corporate loans, limited partnership interests, warrants or other non-publicly traded issues. I also understand that there may be no conventional means of replacing them if they should for any reason be lost, stolen or destroyed. Notwithstanding the foregoing, I request that BSSC make an exception to its general policy and agree to hold in custody for the Account, a certificate or other document (the "Document") representing the Private Investment.

1. **No Solicitation for Private Investment; not a Fiduciary.**

My request to purchase/transfer the Private Investment in/to my Account is subject to the understanding that the Private Investment was not directly solicited and no recommendation regarding this investment was made by BSSC, any of its affiliates or any of their employees (each a "BSSC Party").[*] Although a BSSC Party may provide research or other information relating to securities or other investments, including the Private Investment, such is provided solely as an incident to the provision of brokerage by BSSC to the Account and any such research or other information is not intended to serve as a primary basis for my investment decisions on behalf of the Account. The decision to purchase/transfer the Private Investment was solely my own. I acknowledge that BSSC's decision to effect this purchase/transfer and to hold the Private Investment as custodian does not imply its approval of my investment. I hereby acknowledge and agree that no BSSC Party has discretionary authority or responsibility with respect to the Account and no BSSC Party renders investment advice with respect to the Account that would cause a BSSC Party to be deemed a "fiduciary" within the meaning of Section 4975(e)(3) of the Internal Revenue Code of 1986, as amended ("Code") or Section 3(21) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA") with respect to the Account.

2. **Suitability of Private Investment.**

I have consulted with my advisors other than a BSSC Party[*] on the suitability of the Private Investment for the Account (i.e., returns, liquidity, etc.). I hereby represent and warrant to BSSC that this investment is suitable for my Account and the purchase of the Private Investment did not give rise to a non-exempt prohibited transaction under ERISA or the Code. I understand that it is my responsibility to monitor and review the Private Investment to ensure compliance with the requirements of the Code and ERISA (including, without limitation, avoiding the occurrence of any prohibited transactions), and any other applicable federal, state or local laws, including securities laws. I represent and warrant that the Private Investment shall correctly be registered/recorded in the name of BSSC as custodian for the Account.

3. **Tax Issues.**

I understand that if the investments in my Account generate $1,000 or more of gross "unrelated business taxable income" ("UBTI"), the Internal Revenue Service requires that Form 990-T be filed to compute my income tax liability. As my custodian, BSSC will prepare the Form 990-T and charge my Account a fee for this filing. I understand and agree that prior to April 1st of each year, I am solely responsible to provide, or I will have the sponsor of the Private Investment provide, BSSC with IRS Schedule K-1 for each partnership investment in order for BSSC to compute my UBTI liability, if any.

In addition, should there be a state tax return filing requirement, BSSC will prepare the return. I further acknowledge and agree that BSSC has the right to debit my Account to satisfy any fees charged by BSSC and any tax liability including but not limited to taxes computed on Form 990-T or estimated payments related thereto based on prior year information. If liquid funds in the Account are insufficient to satisfy this liability, I understand and agree that BSSC has the right, but not the obligation, to transfer or otherwise liquidate assets in my Account sufficient to cover such liability.

4. **Litigation With Respect to Private Investments.**

I agree to be responsible for any and all collection actions, including contracting with a collection agency or instituting legal action, and bringing any other suits or actions which may become necessary to protect the rights of my Account with respect to the Private Investment, provided, however, that if I request BSSC to take legal action on the Account's behalf, BSSC shall do so only at its discretion.

5. **Valuation.**

I acknowledge and agree that it is my sole obligation to ensure that by January 10th of each year an independent valuation of the Private Investment is provided to BSSC, including the number of units, unit value and total value of the investment as of December 31st of the prior year. If no valuation is provided to BSSC by January 10th, BSSC may commission a valuation at my expense or take such other action as BSSC deems appropriate. I acknowledge and agree that if BSSC incurs an expense in commissioning a valuation, BSSC has the right to debit my Account to satisfy this liability.

---

[*] The Private Investment may have been solicited by an individual currently employed by Bear, Stearns & Co. Inc. when the individual was an employee of a broker-dealer other than Bear, Stearns & Co. Inc. or any of its affiliates.

THSH_PJ 0000711

I understand and agree that BSSC has the right, but not the obligation to transfer or otherwise liquidate assets sufficient to cover this liability. I acknowledge and agree that BSSC shall have no duty or obligation to question a valuation provided to BSSC and may rely on such valuation for any purpose.

6. **Client Agreement.**

I acknowledge that this letter agreement shall be subject in all respects to the terms of the Bear Stearns' client agreement the terms of which are incorporated herein by reference. This letter agreement shall supersede any contradictory terms in the Bear Stearns' client agreement.

7. **ARBITRATION; CONSENT TO JURISDICTION; SERVICE OF PROCESS.**

(a) Notwithstanding anything set forth in this letter agreement, any controversy concerning the subject matter of this letter agreement between me and any BSSC Party shall be settled in accordance with the procedures as may previously have been agreed to by the parties (including, but not limited to, the dispute resolution provisions in the client agreement). In the event the parties have not previously agreed to dispute resolution procedures, any such controversy with any BSSC Party shall be settled according to the arbitration provisions described below.

(b) THIS AGREEMENT CONTAINS A PREDISPUTE ARBITRATION CLAUSE. BY SIGNING AN ARBITRATION AGREEMENT I AGREE AS FOLLOWS:

- I AM GIVING UP THE RIGHT TO SUE ANY BSSC PARTY IN COURT, INCLUDING THE RIGHT TO A TRIAL BY JURY, EXCEPT AS PROVIDED BY THE RULES OF THE ARBITRATION FORUM IN WHICH A CLAIM IS FILED.

- ARBITRATION AWARDS ARE GENERALLY FINAL AND BINDING; A PARTY'S ABILITY TO HAVE A COURT REVERSE OR MODIFY AN ARBITRATION AWARD IS VERY LIMITED.

- THE ABILITY TO OBTAIN DOCUMENTS, WITNESS STATEMENTS AND OTHER DISCOVERY IS GENERALLY MORE LIMITED IN ARBITRATION THAN IN COURT PROCEEDINGS.

- THE ARBITRATORS DO NOT HAVE TO EXPLAIN THE REASON(S) FOR THEIR AWARD.

- THE PANEL OF ARBITRATORS WILL TYPICALLY INCLUDE A MINORITY OF ARBITRATORS WHO WERE OR ARE AFFILIATED WITH THE SECURITIES INDUSTRY.

- THE RULES OF SOME ARBITRATION FORUMS MAY IMPOSE TIME LIMITS FOR BRINGING A CLAIM IN ARBITRATION. IN SOME CASES, A CLAIM THAT IS INELIGIBLE FOR ARBITRATION MAY BE BROUGHT IN COURT.

- THE RULES OF THE ARBITRATION FORUM IN WHICH THE CLAIM IS FILED, AND ANY AMENDMENTS THERETO, SHALL BE INCORPORATED INTO THIS AGREEMENT.

- NO PERSON SHALL BRING A PUTATIVE OR CERTIFIED CLASS ACTION TO ARBITRATION, NOR SEEK TO ENFORCE ANY PRE-DISPUTE ARBITRATION AGREEMENT AGAINST ANY PERSON WHO HAS INITIATED IN COURT A PUTATIVE CLASS ACTION OR WHO IS A MEMBER OF A PUTATIVE CLASS WHO HAS NOT OPTED OUT OF THE CLASS WITH RESPECT TO ANY CLAIMS ENCOMPASSED BY THE PUTATIVE CLASS ACTION UNTIL:

    (i) THE CLASS CERTIFICATION IS DENIED;

    (ii) THE CLASS IS DECERTIFIED; OR

    (iii) THE CUSTOMER IS EXCLUDED FROM THE CLASS BY THE COURT. SUCH FORBEARANCE TO ENFORCE AN AGREEMENT TO ARBITRATE SHALL NOT CONSTITUTE A WAIVER OF ANY RIGHTS UNDER THIS AGREEMENT EXCEPT TO THE EXTENT STATED HEREIN.

- BY SIGNING THIS AGREEMENT, I AGREE THAT CONTROVERSIES ARISING UNDER OR RELATING TO THIS AGREEMENT OR ANY ACTIVITY BETWEEN ME AND BSSC, ITS PREDECESSORS, AND ANY OF ITS RESPECTIVE SUCCESSORS, ASSIGNS, AND ANY OF ITS, DIRECTORS, EMPLOYEES, AND ANY OTHER CONTROL PERSONS AND ANY OF ITS AGENTS, WHETHER ARISING PRIOR TO, ON OR SUBSEQUENT TO THE DATE HEREOF, SHALL BE DETERMINED BY ARBITRATION. ANY ARBITRATION UNDER THIS AGREEMENT SHALL BE HELD ONLY AT THE FACILITIES OF, BEFORE AN ARBITRATION PANEL APPOINTED BY, AND PURSUANT TO THE RULES OF THE NEW YORK STOCK EXCHANGE, INC., OR THE NATIONAL ASSOCIATION OF SECURITIES DEALERS, INC. YOU MAY ELECT ONE OF THE FOREGOING FORUMS FOR ARBITRATION, BUT IF YOU FAIL TO MAKE SUCH ELECTION BY REGISTERED MAIL OR TELEGRAM ADDRESSED TO BEAR STEARNS SECURITIES CORP., 383 MADISON AVENUE, NEW YORK, NEW YORK 10179, ATTENTION: CHIEF LEGAL OFFICER (OR ANY OTHER ADDRESS OF WHICH YOU ARE ADVISED IN WRITING), BEFORE THE EXPIRATION OF TEN DAYS AFTER RECEIPT OF A WRITTEN REQUEST FROM BSSC TO MAKE SUCH ELECTION, THEN BSSC MAY MAKE SUCH ELECTION. THE AWARD OF THE ARBITRATORS, OR OF THE MAJORITY OF THEM, SHALL BE FINAL, AND JUDGMENT UPON THE AWARD RENDERED MAY BE ENTERED IN ANY COURT, STATE OR FEDERAL, HAVING JURISDICTION.

(c) Notwithstanding the provisions of subparagraph (b) above, BSSC or me may, at any time prior to the initial arbitration hearing pertaining to such dispute or controversy, seek by application to the U.S. District Court for the Southern District of New York or the Supreme Court of the State of New York for the County of New York any such temporary or provisional relief or remedy ("provisional remedy") provided for by the laws of the U.S. or the laws of the State of New York as would be available in an action based upon such dispute or controversy in the absence of an agreement to arbitrate. I acknowledge and agree that it is my intention to have any such application for a provisional remedy decided by the Court to which it is made and that such application shall not be referred to or settled by arbitration. No such application to either said Court for a provisional remedy, nor any act or conduct by BSSC or me in furtherance of or in opposition to such application, shall constitute a relinquishment or waiver of any right to have the underlying dispute or controversy with respect to which such application is made settled by arbitration in accordance with subparagraph (b) above.

THSH_PJ 0000712

(d)  With respect to any application for a provisional remedy and any application for judgment on an arbitration award, I irrevocably (i) submit to the jurisdiction of the U.S. District Court for the Southern District of New York or the Supreme Court of the State of New York for the County of New York, (ii) waive any objection which I may have at any time to the laying of venue of any proceedings brought in any such court, waive any claim that such proceedings have been brought in an inconvenient forum and further waive the right to object, with respect to such proceedings, that such court does not have any jurisdiction over me, and (iii) consent to service of process by certified mail, return receipt requested, to the address provided for herein.

(e)  I hereby agree to receive service of process in connection with any legal matters or actions or proceedings based upon, arising out of or relating in any way to this letter agreement by confirmed, return-receipt requested mail and that delivery shall be presumed if such service is mailed to the address maintained by BSSC in its records and the requested receipt is returned.

8. **Release of Claims Against Bear Stearns.**

I hereby acknowledge and agree that no BSSC Party assumes any responsibility whatsoever for the validity of any Document or the value or ownership of the Private Investment. I agree that no BSSC Party shall have any liability for any consequential, incidental, special, exemplary, punitive, or any similar damages and I hereby irrevocably and unconditionally waive any right that I may have to claim or recover any such damages (even if I have informed BSSC of the possibility or likelihood of such damages). I acknowledge and agree that no BSSC Party will price the Private Investment on my behalf except to the extent required by law. In this connection, I confirm that, to the best of my knowledge, the Private Investment is not publicly traded and there is no available public market for the Private Investment. I also acknowledge that BSSC will act only upon my specific instructions regarding any event (*i.e.*, conversion or exercise) involving the Private Investment. I further acknowledge and agree that no BSSC Party has responsibility for providing me with any information about the Private Investment. I acknowledge and agree that BSSC may hold for my benefit the Document as evidence of custody of the Private Investment and has no responsibility for the accuracy of its description, or for providing me with any information about the Private Investment, including, but not limited to, any conversion or exercise options for the Private Investment or information regarding the issuer thereof. I hereby fully and forever release and discharge the BSSC Parties from any and all claims, losses, costs, damages or other liability in any way arising out of, relating to or in connection with BSSC taking custody of the Document, the Private Investment or my investment therein. By way of clarification, other than as specifically provided herein, any brokerage services provided by BSSC with respect to the Private Investment shall be handled in accordance with the terms of the applicable agreements governing the Account. This release shall be binding upon my heirs, executors and assigns and shall inure to the benefit of the BSSC Parties, their successors and assigns.

9. **Section Headings.**

The headings in this agreement are for convenience only and will not be considered a part of this letter agreement in any respect nor will they in any way affect the substance of any provision contained in this letter agreement.

10. **Governing Law.**

THIS LETTER AGREEMENT SHALL BE GOVERNED BY THE SUBSTANTIVE LAWS OF THE STATE OF NEW YORK WITHOUT GIVING EFFECT TO ANY CONFLICTS OF LAW PRINCIPLES THEREOF.

BY SIGNING THIS AGREEMENT, THE UNDERSIGNED ACKNOWLEDGES THAT:

1) THE UNDERSIGNED IS/ARE THE PRIMARY ACCOUNT OWNER(S), HOLDER(S), TRUSTEE(S), EXECUTOR(S), AND/OR AUTHORIZED AGENT(S) FOR THE BEAR STEARNS ACCOUNT SPECIFIED AT THE TOP OF THIS FORM;

2) THIS ACCOUNT IS GOVERNED BY THE PREDISPUTE ARBITRATION CLAUSE AS OUTLINED ON PAGE TWO, PARAGRAPH SEVEN.

X _[signature]_    9/21/06
Signature

_____
(Typed or Printed Name)    (Title, if applicable)

X _____
Signature

_____
(Typed or Printed Name)    (Title, if applicable)

THIS AGREEMENT IS DATED AS OF _____, 20__

Doc Code 447

# REQUEST FOR OUTSIDE PURCHASE/TRANSFER
# & ACKNOWLEDGEMENT OF NON-SOLICITATION
# FOR RETIREMENT ACCOUNTS

This letter is my request and your authority to purchase for/transfer to the following individual retirement account, defined contribution profit sharing plan or money purchase pension plan ("Account") the following privately-placed security (the "Private Investment"):

Account Title: Neil E. Britwood IRA Rollover

Account Number: Redacted 01-16

Description of Investment: PJ Associates

I understand that Bear, Stearns Securities Corp. ("BSSC") does not generally hold in custody privately-placed securities and instruments such as, but not limited to, interests in corporate loans, limited partnership interests, warrants or other non-publicly traded issues. I also understand that there may be no conventional means of replacing them if they should for any reason be lost, stolen or destroyed. Notwithstanding the foregoing, I request that BSSC make an exception to its general policy and agree to hold in custody for the Account, a certificate or other document (the "Document") representing the Private Investment.

1. **No Solicitation for Private Investment; not a Fiduciary.**

My request to purchase/transfer the Private Investment in/to my Account is subject to the understanding that the Private Investment was not directly solicited and no recommendation regarding this investment was made by BSSC, any of its affiliates or any of their employees (each a "BSSC Party").[*] Although a BSSC Party may provide research or other information relating to securities or other investments, including the Private Investment, such is provided solely as an incident to the provision of brokerage by BSSC to the Account and any such research or other information is not intended to serve as a primary basis for my investment decisions on behalf of the Account. The decision to purchase/transfer the Private Investment was solely my own. I acknowledge that BSSC's decision to effect this purchase/transfer and to hold the Private Investment as custodian does not imply its approval of my investment. I hereby acknowledge and agree that no BSSC Party has discretionary authority or responsibility with respect to the Account and no BSSC Party renders investment advice with respect to the Account that would cause a BSSC Party to be deemed a "fiduciary" within the meaning of Section 4975(e)(3) of the Internal Revenue Code of 1986, as amended ("Code") or Section 3(21) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA") with respect to the Account.

2. **Suitability of Private Investment.**

I have consulted with my advisors other than a BSSC Party[*] on the suitability of the Private Investment for the Account (i.e., returns, liquidity, etc.). I hereby represent and warrant to BSSC that this investment is suitable for my Account and the purchase of the Private Investment did not give rise to a non-exempt prohibited transaction under ERISA or the Code. I understand that it is my responsibility to monitor and review the Private Investment to ensure compliance with the requirements of the Code and ERISA (including, without limitation, avoiding the occurrence of any prohibited transactions), and any other applicable federal, state or local laws, including securities laws. I represent and warrant that the Private Investment shall correctly be registered/recorded in the name of BSSC as custodian for the Account.

3. **Tax Issues.**

I understand that if the investments in my Account generate $1,000 or more of gross "unrelated business taxable income" ("UBTI"), the Internal Revenue Service requires that Form 990-T be filed to compute my income tax liability. As my custodian, BSSC will prepare the Form 990-T and charge my Account a fee for this filing. I understand and agree that prior to April 1st of each year, I am solely responsible to provide, or I will have the sponsor of the Private Investment provide, BSSC with IRS Schedule K-1 for each partnership investment in order for BSSC to compute my UBTI liability, if any.

In addition, should there be a state tax return filing requirement, BSSC will prepare the return. I further acknowledge and agree that BSSC has the right to debit my Account to satisfy any fees charged by BSSC and any tax liability including but not limited to taxes computed on Form 990-T or estimated payments related thereto based on prior year information. If liquid funds in the Account are insufficient to satisfy this liability, I understand and agree that BSSC has the right, but not the obligation, to transfer or otherwise liquidate assets in my Account sufficient to cover such liability.

4. **Litigation With Respect to Private Investments.**

I agree to be responsible for any and all collection actions, including contracting with a collection agency or instituting legal action, and bringing any other suits or actions which may become necessary to protect the rights of my Account with respect to the Private Investment, provided, however, that if I request BSSC to take legal action on the Account's behalf, BSSC shall do so only at its discretion.

5. **Valuation.**

I acknowledge and agree that it is my sole obligation to ensure that by January 10th of each year an independent valuation of the Private Investment is provided to BSSC, including the number of units, unit value and total value of the investment as of December 31st of the prior year. If no valuation is provided to BSSC by January 10th, BSSC may commission a valuation at my expense or take such other action as BSSC deems appropriate. I acknowledge and agree that if BSSC incurs an expense in commissioning a valuation, BSSC has the right to debit my Account to satisfy this liability.

---

[*] The Private Investment may have been solicited by an individual currently employed by Bear, Stearns & Co. Inc. when the individual was an employee of a broker-dealer other than Bear, Stearns & Co. Inc. or any of its affiliates.

I understand and agree that BSSC has the right, but not the obligation to transfer or otherwise liquidate assets sufficient to cover this liability. I acknowledge and agree that BSSC shall have no duty or obligation to question a valuation provided to BSSC and may rely on such valuation for any purpose.

6. **Client Agreement.**

I acknowledge that this letter agreement shall be subject in all respects to the terms of the Bear Stearns' client agreement the terms of which are incorporated herein by reference. This letter agreement shall supersede any contradictory terms in the Bear Stearns' client agreement.

7. **ARBITRATION; CONSENT TO JURISDICTION; SERVICE OF PROCESS.**

(a) Notwithstanding anything set forth in this letter agreement, any controversy concerning the subject matter of this letter agreement between me and any BSSC Party shall be settled in accordance with the procedures as may previously have been agreed to by the parties (including, but not limited to, the dispute resolution provisions in the client agreement). In the event the parties have not previously agreed to dispute resolution procedures, any such controversy with any BSSC Party shall be settled according to the arbitration provisions described below.

(b) THIS AGREEMENT CONTAINS A PREDISPUTE ARBITRATION CLAUSE. BY SIGNING AN ARBITRATION AGREEMENT I AGREE AS FOLLOWS:

- I AM GIVING UP THE RIGHT TO SUE ANY BSSC PARTY IN COURT, INCLUDING THE RIGHT TO A TRIAL BY JURY, EXCEPT AS PROVIDED BY THE RULES OF THE ARBITRATION FORUM IN WHICH A CLAIM IS FILED.

- ARBITRATION AWARDS ARE GENERALLY FINAL AND BINDING; A PARTY'S ABILITY TO HAVE A COURT REVERSE OR MODIFY AN ARBITRATION AWARD IS VERY LIMITED.

- THE ABILITY TO OBTAIN DOCUMENTS, WITNESS STATEMENTS AND OTHER DISCOVERY IS GENERALLY MORE LIMITED IN ARBITRATION THAN IN COURT PROCEEDINGS.

- THE ARBITRATORS DO NOT HAVE TO EXPLAIN THE REASON(S) FOR THEIR AWARD.

- THE PANEL OF ARBITRATORS WILL TYPICALLY INCLUDE A MINORITY OF ARBITRATORS WHO WERE OR ARE AFFILIATED WITH THE SECURITIES INDUSTRY.

- THE RULES OF SOME ARBITRATION FORUMS MAY IMPOSE TIME LIMITS FOR BRINGING A CLAIM IN ARBITRATION. IN SOME CASES, A CLAIM THAT IS INELIGIBLE FOR ARBITRATION MAY BE BROUGHT IN COURT.

- THE RULES OF THE ARBITRATION FORUM IN WHICH THE CLAIM IS FILED, AND ANY AMENDMENTS THERETO, SHALL BE INCORPORATED INTO THIS AGREEMENT.

- NO PERSON SHALL BRING A PUTATIVE OR CERTIFIED CLASS ACTION TO ARBITRATION, NOR SEEK TO ENFORCE ANY PRE-DISPUTE ARBITRATION AGREEMENT AGAINST ANY PERSON WHO HAS INITIATED IN COURT A PUTATIVE CLASS ACTION OR WHO IS A MEMBER OF A PUTATIVE CLASS WHO HAS NOT OPTED OUT OF THE CLASS WITH RESPECT TO ANY CLAIMS ENCOMPASSED BY THE PUTATIVE CLASS ACTION UNTIL:

    (i) THE CLASS CERTIFICATION IS DENIED;

    (ii) THE CLASS IS DECERTIFIED; OR

    (iii) THE CUSTOMER IS EXCLUDED FROM THE CLASS BY THE COURT. SUCH FORBEARANCE TO ENFORCE AN AGREEMENT TO ARBITRATE SHALL NOT CONSTITUTE A WAIVER OF ANY RIGHTS UNDER THIS AGREEMENT EXCEPT TO THE EXTENT STATED HEREIN.

- BY SIGNING THIS AGREEMENT, I AGREE THAT CONTROVERSIES ARISING UNDER OR RELATING TO THIS AGREEMENT OR ANY ACTIVITY BETWEEN ME AND BSSC, ITS PREDECESSORS, AND ANY OF ITS RESPECTIVE SUCCESSORS, ASSIGNS, AND ANY OF ITS, DIRECTORS, EMPLOYEES, AND ANY OTHER CONTROL PERSONS AND ANY OF ITS AGENTS, WHETHER ARISING PRIOR TO, ON OR SUBSEQUENT TO THE DATE HEREOF, SHALL BE DETERMINED BY ARBITRATION. ANY ARBITRATION UNDER THIS AGREEMENT SHALL BE HELD ONLY AT THE FACILITIES OF, BEFORE AN ARBITRATION PANEL APPOINTED BY, AND PURSUANT TO THE RULES OF THE NEW YORK STOCK EXCHANGE, INC., OR THE NATIONAL ASSOCIATION OF SECURITIES DEALERS, INC. YOU MAY ELECT ONE OF THE FOREGOING FORUMS FOR ARBITRATION, BUT IF YOU FAIL TO MAKE SUCH ELECTION BY REGISTERED MAIL OR TELEGRAM ADDRESSED TO BEAR STEARNS SECURITIES CORP., 383 MADISON AVENUE, NEW YORK, NEW YORK 10179, ATTENTION: CHIEF LEGAL OFFICER (OR ANY OTHER ADDRESS OF WHICH YOU ARE ADVISED IN WRITING), BEFORE THE EXPIRATION OF TEN DAYS AFTER RECEIPT OF A WRITTEN REQUEST FROM BSSC TO MAKE SUCH ELECTION, THEN BSSC MAY MAKE SUCH ELECTION. THE AWARD OF THE ARBITRATORS, OR OF THE MAJORITY OF THEM, SHALL BE FINAL, AND JUDGMENT UPON THE AWARD RENDERED MAY BE ENTERED IN ANY COURT, STATE OR FEDERAL, HAVING JURISDICTION.

(c) Notwithstanding the provisions of subparagraph (b) above, BSSC or me may, at any time prior to the initial arbitration hearing pertaining to such dispute or controversy, seek by application to the U.S. District Court for the Southern District of New York or the Supreme Court of the State of New York for the County of New York any such temporary or provisional relief or remedy ("provisional remedy") provided for by the laws of the U.S. or the laws of the State of New York as would be available in an action based upon such dispute or controversy in the absence of an agreement to arbitrate. I acknowledge and agree that it is my intention to have any such application for a provisional remedy decided by the Court to which it is made and that such application shall not be referred to or settled by arbitration. No such application to either said Court for a provisional remedy, nor any act or conduct by BSSC or me in furtherance of or in opposition to such application, shall constitute a relinquishment or waiver of any right to have the underlying dispute or controversy with respect to which such application is made settled by arbitration in accordance with subparagraph (b) above.

THSH_PJ 0000943

(d) With respect to any application for a provisional remedy and any application for judgment on an arbitration award, I irrevocably (i) submit to the jurisdiction of the U.S. District Court for the Southern District of New York or the Supreme Court of the State of New York for the County of New York, (ii) waive any objection which I may have at any time to the laying of venue of any proceedings brought in any such court, waive any claim that such proceedings have been brought in an inconvenient forum and further waive the right to object, with respect to such proceedings, that such court does not have any jurisdiction over me, and (iii) consent to service of process by certified mail, return receipt requested, to the address provided for herein.

(e) I hereby agree to receive service of process in connection with any legal matters or actions or proceedings based upon, arising out of or relating in any way to this letter agreement by confirmed, return-receipt requested mail and that delivery shall be presumed if such service is mailed to the address maintained by BSSC in its records and the requested receipt is returned.

8. **Release of Claims Against Bear Stearns.**

I hereby acknowledge and agree that no BSSC Party assumes any responsibility whatsoever for the validity of any Document or the value or ownership of the Private Investment. I agree that no BSSC Party shall have any liability for any consequential, incidental, special, exemplary, punitive, or any similar damages and I hereby irrevocably and unconditionally waive any right that I may have to claim or recover any such damages (even if I have informed BSSC of the possibility or likelihood of such damages). I acknowledge and agree that no BSSC Party will price the Private Investment on my behalf except to the extent required by law. In this connection, I confirm that, to the best of my knowledge, the Private Investment is not publicly traded and there is no available public market for the Private Investment. I also acknowledge that BSSC will act only upon my specific instructions regarding any event (*i.e.*, conversion or exercise) involving the Private Investment. I further acknowledge and agree that no BSSC Party has responsibility for providing me with any information about the Private Investment. I acknowledge and agree that BSSC may hold for my benefit the Document as evidence of custody of the Private Investment and has no responsibility for the accuracy of its description, or for providing me with any information about the Private Investment, including, but not limited to, any conversion or exercise options for the Private Investment or information regarding the issuer thereof. I hereby fully and forever release and discharge the BSSC Parties from any and all claims, losses, costs, damages or other liability in any way arising out of, relating to or in connection with BSSC taking custody of the Document, the Private Investment or my investment therein. By way of clarification, other than as specifically provided herein, any brokerage services provided by BSSC with respect to the Private Investment shall be handled in accordance with the terms of the applicable agreements governing the Account. This release shall be binding upon my heirs, executors and assigns and shall inure to the benefit of the BSSC Parties, their successors and assigns.

9. **Section Headings.**

The headings in this agreement are for convenience only and will not be considered a part of this letter agreement in any respect nor will they in any way affect the substance of any provision contained in this letter agreement.

10. **Governing Law.**

THIS LETTER AGREEMENT SHALL BE GOVERNED BY THE SUBSTANTIVE LAWS OF THE STATE OF NEW YORK WITHOUT GIVING EFFECT TO ANY CONFLICTS OF LAW PRINCIPLES THEREOF.

BY SIGNING THIS AGREEMENT, THE UNDERSIGNED ACKNOWLEDGES THAT:

1) THE UNDERSIGNED IS/ARE THE PRIMARY ACCOUNT OWNER(S), HOLDER(S), TRUSTEE(S), EXECUTOR(S), AND/OR AUTHORIZED AGENT(S) FOR THE BEAR STEARNS ACCOUNT SPECIFIED AT THE TOP OF THIS FORM;

2) THIS ACCOUNT IS GOVERNED BY THE PREDISPUTE ARBITRATION CLAUSE AS OUTLINED ON PAGE TWO, PARAGRAPH SEVEN.

X _[signature]_
Signature
Neil E. Dohmoff
(Typed or Printed Name)    (Title, if applicable)

X _____
Signature

_____
(Typed or Printed Name)    (Title, if applicable)

THIS AGREEMENT IS DATED AS OF  9/21 , 20 06