UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>              Plaintiff-Applicant,<br><br>              v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>              Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>              Debtor. | |

**DECLARATION OF VINEET SEHGAL IN SUPPORT OF THE
TRUSTEE'S MOTION AND MEMORANDUM OF LAW TO AFFIRM
HIS DETERMINATIONS DENYING THE CLAIMS OF
NEIL E. BOTWINOFF, ROBERT E. HELPERN, JOEL S. HIRSCHTRITT,
RALPH A. SICILIANO, VINCENT J. SYRACUSE AND MICHAEL G. TANNENBAUM**

I, Vineet Sehgal, pursuant to 28 U.S.C. § 1746, declare as follows:

      1.      I am a Managing Director at AlixPartners LLP ("AlixPartners"), a consultant to, and claims agent for, Irving H. Picard as trustee (the "Trustee") for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities ("BLMIS") and Bernard L. Madoff.

      2.      In December, 2008, AlixPartners was retained by the Trustee as his claims agent. As the claims agent, AlixPartners was responsible for both mailing the notice of the liquidation and claim forms to potential claimants and causing the notice of the liquidation to be published. AlixPartners has also been responsible for processing all claims submitted to the Trustee and assisting him and his professionals in reviewing each filed customer claim to determine whether the asserted claim amount agrees with the "net equity" for that account. In addition, as the

accountants for the BLMIS estate, AlixPartners has assisted and continues to assist the Trustee in accounting for the assets of the BLMIS estate, including the cash and cash equivalents available to the Trustee.

3. I have been actively involved in the liquidation of BLMIS and the claims process since December 2008 and have personal knowledge of the matters set forth herein.

4. I submit this declaration based upon the information and knowledge acquired during the course of my retention and in support of the Trustee's Motion and Memorandum of Law to Affirm His Determinations Denying the Claims of Neil E. Botwinoff, Robert E. Helpern, Joel S. Hirschtritt, Ralph A. Siciliano, Vincent J. Syracuse and Michael G. Tannenbaum (the "Motion").[1]

5. At the Trustee's direction, my colleagues at AlixPartners and I have reviewed the books and records of BLMIS. Over the course of my involvement in this matter, I have personally reviewed thousands of documents, as well as schedules prepared and information collected by my colleagues, relating to the books and records of BLMIS, third party records, bank records and other documentation relevant to BLMIS and its customer accounts and information systems. I have reviewed the books and records of BLMIS and the filed customer claims, analyzing the cash deposit activity, cash withdrawal activity, and transfers between accounts.

6. For purposes of the Motion, the Trustee selected the BLMIS customer account held by PJ Administrator, LLC ("PJ Administrator"), an account BLMIS opened on or about June of 2003 and which it assigned number 1KW387 (the "PJ Administrator Account").

7. BLMIS's books and records show that the PJ Administrator Account was funded by two inter-account transfers, the first on July 1, 2003 and the second on November 13, 2003,

---

[1] Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Motion.

2

from a BLMIS account held on behalf of PJ Associates Group L.P. ("PJ Associates"). BLMIS assigned that account number 1KW172 (the "PJ Associates Account"). BLMIS's books and records also show that PJ Associates was restructured as PJ Administrator around the time the PJ Administrator Account was funded.

8. Each of the Claimants bases his customer claim on his relationship to PJ Administrator and its Account.[2]

9. Exhibit 1 identifies the Claimants' claim numbers, the docket numbers of the objection(s) as filed with the Court, the lawyers originally representing the Claimants, and the account name and number through which the Claimants claim to have invested. Each of the claims identified on Exhibit 1 was denied by the Trustee on the grounds that the Claimants lacked accounts with BLMIS and were not customers of BLMIS.

10. On March 2, 2009, PJ Administrator filed a customer claim with the Trustee on its own behalf for the PJ Administrator Account. Attached hereto as Exhibit 2 is a true and correct copy of an excerpt of claim 004925, filed with the Trustee on behalf of PJ Administrator.[3]

11. Together with its own claim, PJ Administrator also filed ninety-six additional claims on behalf of certain of its investors, but not on behalf of the Claimants. In riders to those claims, PJ Administrator alleged that it held the PJ Administrator Account as agent for certain of its investors.

12. On October 5, 2010, the Trustee issued a determination letter denying PJ Administrator's claim on the basis that PJ Administrator had withdrawn $10,102,156.85 more

---

[2] Several of the Claimants also based their Claims on their purported relationship to Kingate Euro Fund Ltd through BLMIS account number 1FN086. Following a review of BLMIS's books and records, my colleagues at AlixPartners and I have found no evidence to support the Claimants' relationship.
[3] Certain exhibits attached to this Declaration have been partially redacted to remove sensitive personal information.

3

from BLMIS than it had deposited, and therefore did not have any net equity in its account. Attached hereto as Exhibit 3 is a true and correct copy of the Trustee's determination letter with respect to the PJ Administrator Account.

13. The Trustee issued determination letters denying the ninety-six claims filed on behalf of PJ Administrator's investors. The Trustee determined that based on his review of BLMIS's books and records, the claimants did not have accounts with BLMIS and therefore did not qualify as its customers under SIPA. None of those investors filed objections to the Trustee's determination of their claims.

14. PJ Associates did not file a claim with the Trustee.

15. BLMIS maintained a combined customer file for PJ Associates and PJ Administrator. Attached hereto as Exhibit 4 is a true and correct copy of the combined BLMIS customer file for the PJ Administrator and PJ Associates Accounts.

16. For withdrawals regarding the PJ Administrator Account, BLMIS only issued checks to PJ Administrator as payee. According to BLMIS's books and records, neither BLMIS nor PJ Administrator attributed withdrawals or deposits from the PJ Administrator Account to the Claimants or other investors. Attached hereto as Exhibit 5 is a true and correct copy of a check dated August 12, 2005, from BLMIS payable to PJ Administrator.

17. All customer statements for the PJ Administrator Account were addressed care of American Securities L.P. and Sterling Equities, Inc. Attached hereto as Exhibit 6 are true and correct copies of several customer statements for the PJ Administrator Account.

18. Attached hereto as Exhibit 7 is a true and correct copy of claim 006434, filed with the Trustee by Neil E. Botwinoff.

19. Attached hereto as Exhibit 8 is a true and correct copy of claim 006430, filed with the Trustee by Robert E. Helpern.

20. Attached hereto as Exhibit 9 is a true and correct copy of claim 006432, filed with the Trustee by Joel S. Hirschtritt.

21. Attached hereto as Exhibit 10 is a true and correct copy of claim 006433, filed with the Trustee by Ralph A. Siciliano.

22. Attached hereto as Exhibit 11 is a true and correct copy of claim 006431, filed with the Trustee by Vincent J. Syracuse.

23. Attached hereto as Exhibit 12 is a true and correct copy of claim 006429, filed with the Trustee by Michael G. Tannenbaum.

24. On December 8, 2009, the Trustee issued determination letters denying each of the Claims on the basis that the Claimants did not have accounts with BLMIS and therefore do not qualify as customers of BLMIS under SIPA. Attached hereto as Exhibit 13 are true and correct copies of the Trustee's determination letters with respect to the Claims.

25. The PJ Administrator Account was held in the name of PJ Administrator, not in the names of the Claimants. BLMIS's books and records do not reflect individual deposits or withdrawals by the Claimants or any communications to or from the Claimants to BLMIS. In fact, there is no mention of the Claimants or other investors in PJ Administrator in BLMIS's books and records.

26. The amounts that the Claimants allege are owed to them are not discernable from BLMIS' books and records.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 9, 2019
New York, New York

_____
Vineet Sehgal
Managing Director
AlixPartners, LLP
909 Third Avenue
New York, New York 10022