# EXHIBIT 2

Bernard L. Madoff Investment Securities LLC
Case No 08-01789-BRL
U.S. Bankruptcy Court for the Southern District of New York
Claim Number          004925

**CUSTOMER CLAIM**

Date Received_____

## BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

MAR 02 2009

**DECEMBER 11, 2008**

(Please print or type)

Name of Customer: P.J. Administrator LLC

Mailing Address: c/o American Securities, 666 Third Avenue

City: New York              State: New York      Zip: 10017

Account No.: 1KW387

Taxpayer I.D. Number (Social Security No.): Redacted 9792

**NOTE:** BEFORE COMPLETING THIS CLAIM FORM, BE SURE TO READ CAREFULLY THE ACCOMPANYING INSTRUCTION SHEET. A SEPARATE CLAIM FORM SHOULD BE FILED FOR EACH ACCOUNT AND, TO RECEIVE THE FULL PROTECTION AFFORDED UNDER SIPA, ALL CUSTOMER CLAIMS MUST BE RECEIVED BY THE TRUSTEE ON OR BEFORE March 4, 2009. CLAIMS RECEIVED AFTER THAT DATE, BUT ON OR BEFORE July 2, 2009, WILL BE SUBJECT TO DELAYED PROCESSING AND TO BEING SATISFIED ON TERMS LESS FAVORABLE TO THE CLAIMANT. PLEASE SEND YOUR CLAIM FORM BY CERTIFIED MAIL - RETURN RECEIPT REQUESTED.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

1.  Claim for money balances as of **December 11, 2008**:

    a.  The Broker owes me a Credit (Cr.) Balance of        $ None

    b.  I owe the Broker a Debit (Dr.) Balance of           $ None

    c.  If you wish to repay the Debit Balance,
        please insert the amount you wish to repay and
        attach a check payable to "Irving H. Picard, Esq.,
        Trustee for Bernard L. Madoff Investment Securities LLC."
        If you wish to make a payment, **it must be enclosed**
        with this claim form.                               $ None

    d.  If balance is zero, insert "None."                    None

MWPTAP00312392

2.    Claim for securities as of **December 11, 2008**:

**PLEASE DO NOT CLAIM ANY SECURITIES YOU HAVE IN YOUR POSSESSION.**

|   |   |   | YES | NO |
|---|---|---|---|---|
| a. | The Broker owes me securities | | X | |
| b. | I owe the Broker securities | | | X |
| c. | If yes to either, please list below: | | | |

|   |   | Number of Shares or Face Amount of Bonds | |
|---|---|---|---|
| Date of Transaction (trade date) | Name of Security | The Broker Owes Me (Long) | I Owe the Broker (Short) |
| PLEASE SEE ATTACHED RIDER, ANNEX A. | | | |
| | | | |
| | | | |
| | | | |
| | | | |

**Proper documentation can speed the review, allowance and satisfaction of your claim and shorten the time required to deliver your securities and cash to you. Please enclose, if possible, copies of your last account statement and purchase or sale confirmations and checks which relate to the securities or cash you claim, and any other documentation, such as correspondence, which you believe will be of assistance in processing your claim. In particular, you should provide all documentation (such as cancelled checks, receipts from the Debtor, proof of wire transfers, etc.) of your deposits of cash or securities with the Debtor from as far back as you have documentation. You should also provide all documentation or information regarding any withdrawals you have ever made or payments received from the Debtor.**

Please explain any differences between the securities or cash claimed and the cash balance and securities positions on your last account statement. If, at any time, you complained in writing about the handling of your account to any person or entity or regulatory authority, and the complaint relates to the cash and/or securities that you are now seeking, please be sure to provide with your claim copies of the complaint and all related correspondence, as well as copies of any replies that you received.

**PLEASE CHECK THE APPROPRIATE ANSWER FOR ITEMS 3 THROUGH 9.**

MWPTAP00312393

**NOTE:  IF "YES" IS MARKED ON ANY ITEM, PROVIDE A DETAILED EXPLANATION
ON A SIGNED ATTACHMENT.   IF SUFFICIENT DETAILS ARE NOT
PROVIDED, THIS CLAIM FORM WILL BE RETURNED FOR YOUR
COMPLETION.**

|  |  | YES | NO |
|---|---|---|---|
| 3. | Has there been any change in your account since December 11, 2008?  If so, please explain. |  | X |
| 4. | Are you or were you a director, officer, partner, shareholder, lender to or capital contributor of the broker? |  | X |
| 5. | Are or were you a person who, directly or indirectly and through agreement or otherwise, exercised or had the power to exercise a controlling influence over the management or policies of the broker? |  | X |
| 6. | Are you related to, or do you have any business venture with, any of the persons specified in "4" above, or any employee or other person associated in any way with the broker?  If so, give name(s) |  | X |
| 7. | Is this claim being filed by or on behalf of a broker or dealer or a bank?  If so, provide documentation with respect to each public customer on whose behalf you are claiming. |  | X |
| 8. | Have you ever given any discretionary authority to any person to execute securities transactions with or through the broker on your behalf?  Give names, addresses and phone numbers. |  | X |
| 9. | Have you or any member of your family ever filed a claim under the Securities Investor Protection Act of 1970?  if so, give name of that broker. |  | X |

Please list the full name and address of anyone assisting you in the
preparation of this claim form:_____ PLEASE SEE ATTACHED RIDER.

502180406                          3

MWPTAP00312394

If you cannot compute the amount of your claim, you may file an estimated claim. In that case, please indicate your claim is an estimated claim.

**IT IS A VIOLATION OF FEDERAL LAW TO FILE A FRAUDULENT CLAIM. CONVICTION CAN RESULT IN A FINE OF NOT MORE THAN $50,000 OR IMPRISONMENT FOR NOT MORE THAN FIVE YEARS OR BOTH.**

**THE FOREGOING CLAIM IS TRUE AND ACCURATE TO THE BEST OF MY INFORMATION AND BELIEF.**

Date ____2-26-09____       Signature_____

Date _____       Signature_____

(If ownership of the account is shared, all must sign above. Give each owner's name, address, phone number, and extent of ownership on a signed separate sheet. If other than a personal account, *e.g.*, corporate, trustee, custodian, etc., also state your capacity and authority. Please supply the trust agreement or other proof of authority.)

**This customer claim form must be completed and mailed promptly, together with supporting documentation, etc. to:**

Irving H. Picard, Esq.,
Trustee for Bernard L. Madoff Investment Securities LLC
Claims Processing Center
2100 McKinney Ave., Suite 800
Dallas, TX 75201

502180406                    4

## RIDER TO CUSTOMER CLAIM

1.      This customer claim is submitted by **P.J. Administrator LLC**, a limited

liability company with a mailing address at P.J. Administrator LLC, c/o American Securities,

666 Third Avenue, New York, NY 10017 ("Claimant").

2.      Claimant held account number "1KW387" (the "Account") at Bernard L.

Madoff Investment Securities, LLC ("BMIS") for the purposes of buying, selling and trading in

stocks, bonds and other securities.

3.      A table detailing Claimant's securities positions in the Account as of

November 30, 2008 (the last date for which Claimant received an account statement from

BMIS), including relevant trade dates, the names of each security and the number of shares or

face amount of bonds that Broker owes to Claimant as a result of each such trade, is set forth on

Annex A.

4.      Claimant's customer claim form was prepared with the assistance of:

Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Attn: Richard Levin
Tel: (212) 474-1978

5.      Without admitting that Claimant is or may be liable under any avoiding

power claim that the trustee may assert, this customer claim also includes amounts, if any, that

the trustee may in the future recover from the Claimant under Bankruptcy Code §§ 544, 547,

548 or 550.

6.      Claimant reserves the right to amend, modify or supplement this

customer claim in any manner, for any purpose and at any time.

7.    Claimant reserves the right to assert and file any and all additional claims
of whatever kind or nature that it has or may hereinafter have against BMIS. Claimant reserves
all rights it has or may have in the future against BMIS.

8.    This customer claim is not intended as (a) a waiver or release of any
rights of Claimant against BMIS (or any of its affiliates) not asserted in this customer claim, (b)
a consent by Claimant to the jurisdiction of this Court with respect to the subject matter of the
claims set forth herein or to this Court's hearing, determining or entering orders or judgments in
any proceedings on this customer claim, (c) a waiver of the right of Claimant to trial by jury in
any proceedings so triable in these cases or any controversy or proceedings related to these
cases or (d) an election of remedies.

9.    All notices concerning this proof of claim should be sent to:

P.J. Administrator, LLC
666 Third Avenue
New York, NY 10017
Attn: Joel Zbar (Eisner LLP)

With a copy to:

Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Attn: Richard Levin
Tel: (212) 474-1978

2

ANNEX A

## Claimant's Securities Positions in the Account as of November 30, 2008

MWPTAP00312398

PJ ADMINISTRATOR ASSET

| TRADE DATE | STOCK | TYPE OF ASSET | # OF SHARES BOUGHT |
|---|---|---|---|
| 11/6/2008 | 3M COMPANY | COMMON STOCK | 3,346 |
| 11/7/2008 | 3M COMPANY | COMMON STOCK | 2,310 |
| 11/10/2008 | 3M COMPANY | COMMON STOCK | 2,849 |
| 11/25/2008 | 3M COMPANY | COMMON STOCK | 1,120 |
| 11/6/2008 | ABBOTT LABORATORIES | COMMON STOCK | 7,848 |
| 11/7/2008 | ABBOTT LABORATORIES | COMMON STOCK | 5,280 |
| 11/10/2008 | ABBOTT LABORATORIES | COMMON STOCK | 6,512 |
| 11/25/2008 | ABBOTT LABORATORIES | COMMON STOCK | 2,560 |
| 11/6/2008 | ALTRIA GROUP INC | COMMON STOCK | 10,038 |
| 11/7/2008 | ALTRIA GROUP INC | COMMON STOCK | 6,930 |
| 11/10/2008 | ALTRIA GROUP INC. | COMMON STOCK | 8,547 |
| 11/25/2008 | ALTRIA GROUP INC | COMMON STOCK | 3,360 |
| 11/6/2008 | AMGEN INC. | COMMON STOCK | 5,258 |
| 11/7/2008 | AMGEN INC. | COMMON STOCK | 3,630 |
| 11/10/2008 | AMGEN INC | COMMON STOCK | 4,477 |
| 11/25/2008 | AMGEN INC | COMMON STOCK | 1,760 |
| 11/6/2008 | APPLE INC | COMMON STOCK | 4,302 |
| 11/7/2008 | APPLE INC. | COMMON STOCK | 2,970 |
| 11/10/2008 | APPLE INC | COMMON STOCK | 3,663 |
| 11/25/2008 | APPLE INC | COMMON STOCK | 1,440 |
| 11/6/2008 | AT&T INC | COMMON STOCK | 28,680 |
| 11/7/2008 | AT&T INC | COMMON STOCK | 19,140 |
| 11/10/2008 | AT&T INC. | COMMON STOCK | 25,234 |
| 11/25/2008 | AT&T INC | COMMON STOCK | 9,680 |
| 11/8/2008 | BANK OF AMERICA | COMMON STOCK | 24,650 |
| 11/7/2008 | BANK OF AMERICA | COMMON STOCK | 16,830 |
| 11/10/2008 | BANK OF AMERICA | COMMON STOCK | 21,164 |
| 11/25/2008 | BANK OF AMERICA | COMMON STOCK | 8,160 |
| 11/8/2008 | BANK OF NEW YORK MELLON CORP. | COMMON STOCK | 5,736 |
| 11/7/2008 | BANK OF NEW YORK MELLON CORP | COMMON STOCK | 3,630 |
| 11/10/2008 | BANK OF NEW YORK MELLON CORP | COMMON STOCK | 4,884 |
| 11/25/2008 | BANK OF NEW YORK MELLON CORP | COMMON STOCK | 1,920 |
| 11/6/2008 | BAXTER INTERNATIONAL INC. | COMMON STOCK | 868 |
| 11/7/2008 | BAXTER INTERNATIONAL INC | COMMON STOCK | 1,980 |
| 11/10/2008 | BAXTER INTERNATIONAL INC. | COMMON STOCK | 2,849 |
| 11/25/2008 | BAXTER INTERNATIONAL INC | COMMON STOCK | 960 |
| 11/8/2008 | BOEING CO | COMMON STOCK | 3,624 |
| 11/7/2008 | BOEING CO. | COMMON STOCK | 2,640 |
| 11/10/2008 | BOEING CO | COMMON STOCK | 3,256 |
| 11/6/2008 | BRISTOL MAYERS SQUIBB COMPANY | COMMON STOCK | 9,560 |
| 11/7/2008 | BRISTOL MAYERS SQUIBB COMPANY | COMMON STOCK | 6,600 |
| 11/10/2008 | BRISTOL MAYERS SQUIBB COMPANY | COMMON STOCK | 8,547 |
| 11/25/2008 | BRISTOL MAYERS SQUIBB COMPANY | COMMON STOCK | 3,200 |
| 11/8/2008 | CHEVRON CORP | COMMON STOCK | 10,038 |
| 11/7/2008 | CHEVRON CORP | COMMON STOCK | 6,930 |
| 11/10/2008 | CHEVRON CORP | COMMON STOCK | 8,954 |
| 11/25/2008 | CHEVRON CORP | COMMON STOCK | 3,360 |
| 11/6/2008 | CISCO SYSTEMS INC | COMMON STOCK | 28,158 |
| 11/7/2008 | CISCO SYSTEMS INC | COMMON STOCK | 19,470 |
| 11/10/2008 | CISCO SYSTEMS INC | COMMON STOCK | 24,827 |
| 11/25/2008 | CISCO SYSTEMS INC. | COMMON STOCK | 9,600 |
| 11/5/2008 | CITIGROUP INC | COMMON STOCK | 26,708 |
| 11/7/2008 | CITIGROUP INC | COMMON STOCK | 17,820 |
| 11/10/2008 | CITIGROUP INC. | COMMON STOCK | 23,159 |

| Date | Company | Type | Amount |
|---|---|---|---|
| 11/25/2008 | CITIGROUP INC | COMMON STOCK Pg 10 of 28 | 9,280 |
| 11/6/2008 | COCA COLA INC | COMMON STOCK | 9,560 |
| 11/7/2008 | COCA COLA INC | COMMON STOCK | 6,600 |
| 11/10/2008 | COCA COLA INC | COMMON STOCK | 8,547 |
| 11/25/2008 | COCA COLA INC. | COMMON STOCK | 3,200 |
| 11/25/2008 | COLGATE PALMOLIVE CO | COMMON STOCK | 800 |
| 11/6/2008 | COMCAST CORP | COMMON STOCK | 14,340 |
| 11/7/2008 | COMCAST CORP | COMMON STOCK | 9,570 |
| 11/10/2008 | COMCAST CORP | COMMON STOCK | 12,210 |
| 11/25/2008 | COMCAST CORP | COMMON STOCK | 4,640 |
| 11/6/2008 | CONOCOPHILIPS | COMMON STOCK | 7,648 |
| 11/7/2008 | CONOCOPHILIPS | COMMON STOCK | 4,950 |
| 11/10/2008 | CONOCOPHILIPS | COMMON STOCK | 6,512 |
| 11/25/2008 | CONOCOPHILIPS | COMMON STOCK | 2,500 |
| 11/6/2008 | CVS CAREMARK CORP | COMMON STOCK | 7,170 |
| 11/7/2008 | CVS CAREMARK CORP. | COMMON STOCK | 4,620 |
| 11/10/2008 | CVS CAREMARK CORP | COMMON STOCK | 6,175 |
| 11/25/2008 | CVS CAREMARK CORP | COMMON STOCK | 2,420 |
| 11/25/2008 | EXELON CORP | COMMON STOCK | 1,120 |
| 11/6/2008 | EXXON MOBIL CORP | COMMON STOCK | 25,812 |
| 11/7/2008 | EXXON MOBIL CORP. | COMMON STOCK | 17,490 |
| 11/10/2008 | EXXON MOBIL CORP | COMMON STOCK | 21,978 |
| 11/25/2008 | EXXON MOBIL CORP. | COMMON STOCK | 8,640 |
| 11/6/2008 | GENERAL ELECTRIC CO | COMMON STOCK | 51,146 |
| 11/7/2008 | GENERAL ELECTRIC CO | COMMON STOCK | 34,660 |
| 11/10/2008 | GENERAL ELECTRIC CO. | COMMON STOCK | 44,363 |
| 11/25/2008 | GENERAL ELECTRIC CO | COMMON STOCK | 17,600 |
| 11/6/2008 | GOLDMAN SACHS GROUP INC | COMMON STOCK | 1,912 |
| 11/7/2008 | GOLDMAN SACHS GROUP INC | COMMON STOCK | 1,320 |
| 11/10/2008 | GOLDMAN SACHS GROUP INC. | COMMON STOCK | 2,035 |
| 11/6/2008 | GOOGLE | COMMON STOCK | 956 |
| 11/7/2008 | GOOGLE | COMMON STOCK | 660 |
| 11/10/2008 | GOOGLE | COMMON STOCK | 814 |
| 11/25/2008 | GOOGLE | COMMON STOCK | 320 |
| 11/6/2008 | HEWLETT PACKARD CO | COMMON STOCK | 11,956 |
| 11/7/2008 | HEWLETT PACKARD CO. | COMMON STOCK | 8,250 |
| 11/10/2008 | HEWLETT PACKARD CO | COMMON STOCK | 10,582 |
| 11/25/2008 | HEWLETT PACKARD CO | COMMON STOCK | 4,600 |
| 11/6/2008 | HOME DEPOT INC. | COMMON STOCK | 8,604 |
| 11/7/2008 | HOME DEPOT INC | COMMON STOCK | 5,610 |
| 11/10/2008 | HOME DEPOT INC | COMMON STOCK | 7,326 |
| 11/25/2008 | HOME DEPOT INC. | COMMON STOCK | 2,720 |
| 11/6/2008 | INTEL CORP | COMMON STOCK | 27,246 |
| 11/7/2008 | INTEL CORP | COMMON STOCK | 18,480 |
| 11/10/2008 | INTEL CORP | COMMON STOCK | 24,913 |
| 11/25/2008 | INTEL CORP | COMMON STOCK | 9,280 |
| 11/6/2008 | INTERNATIONAL BUSINESS MACHS | COMMON STOCK | 6,692 |
| 11/7/2008 | INTERNATIONAL BUSINESS MACHS | COMMON STOCK | 4,620 |
| 11/10/2008 | INTERNATIONAL BUSINESS MACHS | COMMON STOCK | 5,698 |
| 11/25/2008 | INTERNATIONAL BUSINESS MACHS | COMMON STOCK | 2,240 |
| 11/3/2008 | J.P. MORGAN CHASE & CO. | COMMON STOCK | 18,164 |
| 11/7/2008 | J.P. MORGAN CHASE & CO. | COMMON STOCK | 12,540 |
| 11/10/2008 | J P MORGAN CHASE & CO | COMMON STOCK | 15,466 |
| 11/25/2008 | J P MORGAN CHASE & CO. | COMMON STOCK | 6,080 |
| 11/6/2008 | JOHNSON & JOHNSON | COMMON STOCK | 13,632 |
| 11/7/2008 | JOHNSON & JOHNSON | COMMON STOCK | 9,240 |
| 11/10/2008 | JOHNSON & JOHNSON | COMMON STOCK | 11,803 |

MWPTAP00312400

| Date | Name | Type | Amount |
|---|---|---|---|
| 11/25/2008 | JOHNSON & JOHNSON | COMMON STOCK | 4,640 |
| 11/6/2008 | KRAFT FOOD INC. | COMMON STOCK | 7,648 |
| 11/7/2008 | KRAFT FOOD INC | COMMON STOCK | 4,950 |
| 11/10/2008 | KRAFT FOOD INC | COMMON STOCK | 6,512 |
| 11/25/2008 | KRAFT FOOD INC | COMMON STOCK | 2,400 |
| 11/6/2008 | MCDONALDS CORP. | COMMON STOCK | 5,736 |
| 11/7/2008 | MCDONALDS CORP. | COMMON STOCK | 3,630 |
| 11/10/2008 | MCDONALDS CORP. | COMMON STOCK | 4,884 |
| 11/25/2008 | MCDONALDS CORP | COMMON STOCK | 1,760 |
| 11/6/2008 | MEDTRONIC INC | COMMON STOCK | 5,736 |
| 11/7/2008 | MEDTRONIC INC | COMMON STOCK | 3,630 |
| 11/10/2008 | MEDTRONIC INC | COMMON STOCK | 4,884 |
| 11/25/2008 | MEDTRONIC INC. | COMMON STOCK | 1,920 |
| 11/6/2008 | MERCK & CO | COMMON STOCK | 10,516 |
| 11/7/2008 | MERCK & CO | COMMON STOCK | 7,260 |
| 11/10/2008 | MERCK & CO | COMMON STOCK | 8,954 |
| 11/25/2008 | MERCK & CO | COMMON STOCK | 3,520 |
| 11/8/2008 | MICROSOFT CORP. | COMMON STOCK | 38,718 |
| 11/7/2008 | MICROSOFT CORP. | COMMON STOCK | 26,400 |
| 11/10/2008 | MICROSOFT CORP | COMMON STOCK | 32,967 |
| 11/25/2008 | MICROSOFT CORP | COMMON STOCK | 12,800 |
| 11/6/2008 | OCCIDENTAL PETROLEUM CORP | COMMON STOCK | 4,302 |
| 11/7/2008 | OCCIDENTAL PETROLEUM CORP. | COMMON STOCK | 2,640 |
| 11/10/2008 | OCCIDENTAL PETROLEUM CORP. | COMMON STOCK | 3,663 |
| 11/25/2008 | OCCIDENTAL PETROLEUM CORP | COMMON STOCK | 1,440 |
| 11/6/2008 | ORACLE CORPORTION | COMMON STOCK | 19,598 |
| 11/7/2008 | ORACLE CORPORTION | COMMON STOCK | 13,200 |
| 11/10/2008 | ORACLE CORPORTION | COMMON STOCK | 18,687 |
| 11/25/2008 | ORACLE CORPORTION | COMMON STOCK | 6,400 |
| 11/6/2008 | PEPSICO INC. | COMMON STOCK | 7,648 |
| 11/7/2008 | PEPSICO INC. | COMMON STOCK | 5,280 |
| 11/10/2008 | PEPSICO INC | COMMON STOCK | 6,512 |
| 11/25/2008 | PEPSICO INC. | COMMON STOCK | 2,560 |
| 11/6/2008 | PFIZER INC | COMMON STOCK | 32,982 |
| 11/7/2008 | PFIZER INC. | COMMON STOCK | 22,440 |
| 11/10/2008 | PFIZER INC. | COMMON STOCK | 28,897 |
| 11/25/2008 | PFIZER INC. | COMMON STOCK | 11,040 |
| 11/6/2008 | PHILLIP MORRIS INTERNATIONAL | COMMON STOCK | 10,516 |
| 11/7/2008 | PHILLIP MORRIS INTERNATIONAL | COMMON STOCK | 6,930 |
| 11/10/2008 | PHILLIP MORRIS INTERNATIONAL | COMMON STOCK | 8,547 |
| 11/25/2008 | PHILLIP MORRIS INTERNATIONAL | COMMON STOCK | 3,360 |
| 11/6/2008 | PROCTER & GAMBLE CO | COMMON STOCK | 14,018 |
| 11/7/2008 | PROCTER & GAMBLE CO | COMMON STOCK | 10,230 |
| 11/10/2008 | PROCTER & GAMBLE CO | COMMON STOCK | 12,617 |
| 11/25/2008 | PROCTER & GAMBLE CO. | COMMON STOCK | 4,800 |
| 11/6/2008 | QUALCOMM INC | COMMON STOCK | 8,126 |
| 11/7/2008 | QUALCOMM INC | COMMON STOCK | 5,610 |
| 11/10/2008 | QUALCOMM INC. | COMMON STOCK | 6,919 |
| 11/25/2008 | QUAL COMM INC | COMMON STOCK | 2,720 |
| 11/6/2008 | SCHLUMBERGER LTD | COMMON STOCK | 5,736 |
| 11/7/2008 | SCHLUMBERGER LTD. | COMMON STOCK | 3,960 |
| 11/10/2008 | SCHLUMBERGER LTD | COMMON STOCK | 5,291 |
| 11/25/2008 | SCHLUMBERGER LTD | COMMON STOCK | 1,920 |
| 11/6/2008 | THE WALT DISNEY CO. | COMMON STOCK | 9,590 |
| 11/7/2008 | THE WALT DISNEY CO | COMMON STOCK | 6,270 |
| 11/10/2008 | THE WALT DISNEY CO | COMMON STOCK | 7,733 |
| 11/25/2008 | THE WALT DISNEY CO. | COMMON STOCK | 3,040 |

MWPTAP00312401

| Date | Security | Type | Amount |
|---|---|---|---|
| 11/6/2008 | TIME WARNER INC | COMMON STOCK | 7,686 |
| 11/7/2008 | TIME WARNER INC. | COMMON STOCK | 11,880 |
| 11/10/2008 | TIME WARNER INC | COMMON STOCK | 14,652 |
| 11/25/2008 | TIME WARNER INC. | COMMON STOCK | 5,920 |
| 11/6/2008 | U S BANCORP | COMMON STOCK | 8,604 |
| 11/7/2008 | U S BANCORP | COMMON STOCK | 5,946 |
| 11/10/2008 | U S BANCORP | COMMON STOCK | 7,326 |
| 11/25/2008 | U S BANCORP | COMMON STOCK | 2,880 |
| 11/6/2008 | UNITED PARCEL SVC. INC. | COMMON STOCK | 4,780 |
| 11/7/2008 | UNITED PARCEL SVC. INC. | COMMON STOCK | 3,300 |
| 11/10/2008 | UNITED PARCEL SVC. INC | COMMON STOCK | 4,070 |
| 11/25/2008 | UNITED PARCEL SVC. INC. | COMMON STOCK | 1,600 |
| 11/6/2008 | UNITED TECHNOLOGIES CORP. | COMMON STOCK | 4,780 |
| 11/7/2008 | UNITED TECHNOLOGIES CORP | COMMON STOCK | 3,300 |
| 11/10/2008 | UNITED TECHNOLOGIES CORP | COMMON STOCK | 4,070 |
| 11/25/2008 | UNITED TECHNOLOGIES CORP. | COMMON STOCK | 1,600 |
| 11/6/2008 | VERIZON COMMUNICATIONS | COMMON STOCK | 13,867 |
| 11/7/2008 | VERIZON COMMUNICATIONS | COMMON STOCK | 9,240 |
| 11/10/2008 | VERIZON COMMUNICATIONS | COMMON STOCK | 12,210 |
| 11/25/2008 | VERIZON COMMUNICATIONS | COMMON STOCK | 4,640 |
| 11/6/2008 | WAL-MART STORES INC | COMMON STOCK | 10,004 |
| 11/7/2008 | WAL-MART STORES INC | COMMON STOCK | 7,590 |
| 11/10/2008 | WAL-MART STORES INC | COMMON STOCK | 9,361 |
| 11/25/2008 | WAL-MART STORES INC | COMMON STOCK | 3,680 |
| 11/6/2008 | WELLS FARGO & CO. NEW | COMMON STOCK | 16,252 |
| 11/7/2008 | WELLS FARGO & CO. NEW | COMMON STOCK | 11,220 |
| 11/10/2008 | WELLS FARGO & CO. NEW | COMMON STOCK | 13,838 |
| 11/25/2008 | WELLS FARGO & CO. NEW | COMMON STOCK | 6,240 |
| 11/25/2008 | WYETH | COMMON STOCK | 2,240 |
| 11/19/2008 | S & P 100 Index - December $430 call | SHORT | -121,500 |
| 11/25/2008 | S & P 100 Index - December $380 call | SHORT | -16,000 |
| 11/19/2008 | S & P 100 Index - December $420 put | LONG | 121,500 |
| 11/25/2008 | S & P 100 Index - December $370 put | LONG | 16,000 |
| 11/28/2008 | FIDELITY SPARTAN | MONEY MARKET | 291 |

MWPTAP00312402

## LIMITED LIABILITY COMPANY AGREEMENT

### OF

### P.J. ADMINISTRATOR LLC

This Limited Liability Company Agreement (the "Agreement") of P.J. Administrator LLC (the "Company") is entered into between the undersigned as the sole member (the "Initial Member") and the Company.

The Initial Member desires to form a limited liability company pursuant to and in accordance with the Delaware Limited Liability Company Act, Title 6 of the Delaware Code, Section 18-101 *et seq.*, as amended from time to time (the "Act"), and hereby agrees with the Company as follows:

1.   Name. The name of the limited liability company is P.J. Administrator LLC. The term "Members" shall include the Initial Member and persons admitted as members in accordance with Sections 10 and 12 of this Agreement.

2.   Term. The term of the Company shall continue for 30 years from the date of filing of the Company's Certificate of Formation, unless dissolved before such date in accordance with the Act. The Company shall not dissolve upon the death, retirement, adjudication of incompetence to manage his person or property by a court of competent jurisdiction, resignation, expulsion, bankruptcy or dissolution of a Member of the Company.

3.   Purpose. The Company is being formed for the purpose of serving as the administrator under an Account Administration Agreement relating to investments in the Madoff investment firm by account holders, and engaging in any and all activities necessary or incidental to the foregoing.

4.   Members. The name and the business, residence or mailing address of each of the Initial Member are as listed on Schedule 1 hereto.

5.   Management. The business and affairs of the Company shall be managed by the Members. The Members shall have the power to do any and all acts necessary or convenient to or for the furtherance of the purposes described herein, including all powers, statutory or otherwise, possessed by a Member under the Act. Elizabeth R. Varet and David P. Steinmann shall each be an authorized signatory of the Company.

6.   Capital Contributions. The Initial Member has contributed to the Company certain amounts, in the form of cash, property or services rendered, or a promissory note or other obligation to contribute cash or property or to render services as described on Schedule 2 hereto.

SSI-DOCS2 70097300v2

MWPTAP00312403

7.      Additional Contributions. No Member is required to make any additional capital contribution to the Company.

8.      Allocation of Profits and Losses. The Company's profits and losses shall be allocated in proportion to the capital contributions of the Members.

9.      Distributions. Distributions shall be made to the Members at the times and in the aggregate amounts determined by the Members. Such distributions shall be allocated among the Members in the same proportion as their then capital account balances.

10.     Transfers. No Member shall, directly or indirectly, sell, transfer, assign, or otherwise dispose of or encumber its interest, in whole or in part, in the Company without the prior, written consent of all Members, which consent may be given or withheld in the sole and absolute discretion of each Member. Upon the receipt of all Members' consent, pursuant to Section 18-704(a) of the Act, a transferee shall be admitted to the Company as a substituted member ("Substituted Member") upon agreement by such transferee to be bound by the terms of this Agreement. A Member shall cease to be a Member when the Member has transferred all such Member's interests in the Company to one or more transferees and all such transferees are or become admitted as Substituted Members.

11.     Non-Consensual Transfers. Any purported transfer of any Member's interest in the Company not in compliance with Section 10 shall be null and void, regardless of any notice provided to the Company, and shall not create any obligation or liability of the Company to the purported transferee, and any person purportedly acquiring any interest in the Company purportedly transferred without the prior, written consent required by Section 10 shall not be entitled to admission to the Company as a Substituted Member.

12.     Admission of Additional Members. One or more additional Members may be admitted to the Company with the consent of all of the Members upon agreement by such additional Members to be bound by this Agreement.

13.     Liability of Members. The Members shall not have any liability for the obligations or liabilities of the Company, except to the extent provided in the Act.

14.     Indemnification. The Company shall indemnify and hold harmless each Member and each affiliate or agent of the Company or any Member (herein the "Indemnified Parties"), from and against any claim, loss, expense, damage or injury suffered or sustained by any of them by reason of any act, omission, or alleged act or omission arising out of any of their activities or alleged activities on behalf of the Company or in furtherance of the interests of the Company, including, but not limited to, any judgment, award, settlement, attorneys' fees and expenses, and other costs or expenses incurred in connection with the investigation and defense of any actual or threatened action, proceeding, or claim; provided, however, that this Section

2

MWPTAP00312404

shall be of no force or effect if the act, omission, or alleged act or omission upon which such actual or threatened action, proceeding or claim is based, constitutes willful misconduct or actual fraud by such Indemnified Party.

15.    Governing Law.    This Agreement shall be governed by, and construed under, the laws of the State of Delaware, all rights and remedies being governed by said laws.

3

SSL-DOCS2 70097300v2

MWPTAP00312405

IN WITNESS WHEREOF, the undersigned, intending to be legally bound hereby, has duly executed this Agreement as of the 25th day of July, 2002.

Company:

P.J. ADMINISTRATOR LLC

By: _____

Name: David P. Steinmann

Title: Authorized Signatory

Initial Member:

NORTH PEAK LLC

By: _____

Name: David P. Steinmann

Title: Authorized Signatory

4

SSL-DOCS2 70097300v2

**MWPTAP00312406**

## SCHEDULE 1

## Members of P.J. Administrator LLC

Name

Address

North Peak LLC

c/o American Securities, L.P.
666 Third Avenue, 28th Floor
New York, New York  10017

## SCHEDULE 2

## Capital Contributions of Members

Name

Capital Contribution

North Peak LLC

$1,000

SSL-DOCS2 70097300v2

MWPTAP00312407

## CERTIFICATE

### WRITTEN CONSENT OF THE SOLE MEMBER
### OF
### NORTH PEAK, LLC

The undersigned sole member of NORTH PEAK LLC, a Delaware limited liability company (the "Company"), hereby:

1. adopts the default provisions of the Delaware Limited Liability Company Law as the operating agreement of the Company and ratifies the Certificate of Formation of the Company as filed with the Secretary of State of Delaware;

2. appoints Neil Goldstein to serve as Manager of the Company;

3. elects that the Company be treated as a pass-through entity for both federal and state tax purposes; and

4. issues 100% of the outstanding membership interests of the Company to American Securities, L.P. ("Amseco"), the sole member of the Company, in exchange for a capital contribution by Amseco of Amseco's partnership interests in PSGP, L.P., a New York limited partnership, HGP, L.P., a New York limited partnership, and Glenview Associates, L.P., a New York limited partnership.

IN WITNESS WHEREOF, the undersigned has executed this Certificate this ___ day of December, 1998.

AMERICAN SECURITIES, L.P.

By: American Securities GP Corp.

By: _____
Name:
Title:

Acknowledged:

NORTH PEAK, LLC

By: _____
Name: Neil Goldstein
Title: Manager

768689v1



PAGE 1

*The First State*

I, JEFFREY W. BULLOCK, SECRETARY OF STATE OF THE STATE OF
DELAWARE, DO HEREBY CERTIFY THE ATTACHED IS A TRUE AND CORRECT
COPY OF THE CERTIFICATE OF CANCELLATION OF "NORTH PEAK, LLC",
FILED IN THIS OFFICE ON THE FIFTEENTH DAY OF JANUARY, A.D. 2008,
AT 3:49 O'CLOCK P.M.

2977875    8100

090109344

You may verify this certificate online
at corp.delaware.gov/authver.shtml

Jeffrey W. Bullock, Secretary of State

AUTHENTICATION:  7121800

DATE:  02-06-09

MWPTAP00312409

State of Delaware
Secretary of State
Division of Corporations
Delivered 05:02 PM 01/15/2008
FILED 03:49 PM 01/15/2008
SRV 080046744 - 2977875 FILE

# STATE OF DELAWARE
# CERTIFICATE OF CANCELLATION

1.   The name of the limited liability company is   _North Peak, LLC_

2.   The Certificate of Formation of the limited liability company was filed on
     _12-18-1998_

IN WITNESS WHEREOF, the undersigned has executed this Certificate of
Cancellation this ___11___ day of _December_ , A.D. _2007_.

       For Accounting Purposes only
                                                    David P. Steinmann

                              By: _____
                                      Authorized Person(s)

                              Name: _David P. Steinmann_
                                        Print or Type

MWPTAP00312410

CERTIFICATE OF LIMITED PARTNERSHIP

OF

AMERICAN SECURITIES, L.P.  $940222000$

UNDER SECTION 121-201 OF

THE REVISED LIMITED PARTNERSHIP ACT

THE UNDERSIGNED, for the purpose of forming a limited partnership pursuant to Section 121-201 of the Revised Limited Partnership Act of New York, does hereby certify:

1.     The name of the limited partnership is American Securities, L.P.

2.     The office of the limited partnership is to be located in the County of New York, State of New York.

3.     The Secretary of State of the State of New York hereby is designated the agent of the limited partnership upon whom process served against the limited partnership may be served. The post office address to which the Secretary of State shall mail a copy of any process against the limited partnership served upon it as agent of the limited partnership is American Securities GP Corp., 122 East 42nd Street, New York, New York 10168-0002.

4.     CT Corporation System, having a business address at 1633 Broadway, New York, New York 10019, hereby is designated the registered agent of the limited partnership upon whom process against the limited partnership may be served.

5.     The name and business address of the general partner of the limited partnership is as follows:

American Securities GP Corp.
122 East 42nd Street
New York, New York 10168-0002

6.     The latest date upon which the limited partnership is to dissolve is December 31, 2049.

IN WITNESS WHEREOF, the undersigned, as general partner of the limited partnership, has made and signed this Certificate on February 17, 1994 and the undersigned affirms that the statements contained herein are true and correct under penalties of perjury.

GENERAL PARTNER:

American Securities GP Corp.

By: David P. Steinmann, Secretary

40509249

F.940222000 222

## CERTIFICATE OF LIMITED PARTNERSHIP
### OF
## AMERICAN SECURITIES , L.P.

### UNDER SECTION 121-201
### OF THE
### REVISED LIMITED PARTNERSHIP ACT

RECEIVED

Feb 22  9 18 AM '94

STATE OF NEW YORK
DEPARTMENT OF STATE
FILED FEB 2 2 1994

TAX $ _____
BY: _____SCB_____

### STROOCK & STROOCK & LAVAN
### SEVEN HANOVER SQUARE
### NEW YORK, NY 10004



2    940222000249

MWPTAP00312412

New York State
Department of State
Division of Corporations, State Records
and Uniform Commercial Code
One Commerce Plaza, 99 Washington Avenue
Albany, NY 12231
www.dos.state.ny.us

# CERTIFICATE OF AMENDMENT
# OF THE
# CERTIFICATE OF LIMITED PARTNERSHIP
# OF

## AMERICAN SECURITIES, L.P.

*(Insert Name of Domestic Limited Partnership)*

Under Section 121-202 of the Revised Limited Partnership Act

FIRST: The name of the limited partnership is:
American Securities, L.P.

If the name of the limited partnership has been changed, the name under which it was formed is:


SECOND: The date of filing of the certificate of limited partnership is:
February 22, 1994

THIRD: The amendment effected by this certificate of amendment is as follows:
(Set forth each amendment in a separate paragraph providing the subject matter and full text of each amended paragraph. For example, an amendment changing the name of the limited partnership would read as follows: Paragraph *First* to *the limited partnership name* is hereby amended to read as follows: *First: The name of the limited partnership is ... (new name)* of the Certificate of Limited Partnership relating ... and the business or residence street address of the general partner(s) must be indicated.) If the amendment reflects the admission or withdrawal of one or more general partner(s), the date(s) of the admission/ withdrawal

Paragraph First               of the Certificate of Limited Partnership relating to
the name of the Limited Partnership


is hereby amended to read in its entirety as follows:
The name of the Limited Partnership is American Securities Management L.P.


Paragraph               of the Certificate of Limited Partnership relating to


DOS-1385 (Rev. 5/08)                               -1-

MWPTAP00312413

is hereby amended to read in its entirety as follows:



**X** *(Signature of General Partner)*

**X** *(Signature of General Partner)*

of

*(Type or print name)*

American Securities GP Corp., the GP

By: Elizabeth Varet, Chairperson of the Board
*(Type or print name)*

## CERTIFICATE OF AMENDMENT
## OF THE
## CERTIFICATE OF LIMITED PARTNERSHIP
## OF

### AMERICAN SECURITIES, INC.

*(Insert Name of Domestic Limited Partnership)*

Under Section 121-202 of the Revised Limited Partnership Act

Filed by:   Andrea Chiovari, c/o SRZ
*(Name)*
919 3rd Avenue
*(Mailing address)*
Ne York, NY 10022
*(City, State and Zip code)*

NOTE:  This form was prepared by the New York State Department of State for filing a certificate of amendment of the certificate of limited partnership for a domestic limited partnership. It does not contain all optional provisions under the law. You are not required to use this form. You may draft your own form or use forms available at legal stationery stores. The Department of State recommends that legal documents be prepared under the guidance of an attorney. The certificate must be signed by at least one general partner and, if applicable, each other general partner designated in this certificate as a new general partner. This certificate must be accompanied by a fee of $60.

*(For office use only)*

-2-

MWPTAP00312414

UNANIMOUS WRITTEN CONSENT

OF

THE BOARD OF DIRECTORS

OF

AMERICAN SECURITIES GP CORP.

IN LIEU OF

THE FIRST MEETING OF DIRECTORS

---

Pursuant to Section 708(b) of the
New York Business Corporation Law

---

The undersigned, being all of the Directors of American
Securities GP Corp., a New York corporation (the "Company"),
hereby waive any notice of, and dispense with the holding of, the
first meeting of the Board of Directors and hereby adopt the
following resolutions:

RESOLVED, that the Statement of Sole Incorporator
dated December 14, 1993, hereby is ratified, approved
and confirmed in all respects; and further

RESOLVED, that the tax and accounting period which
the Company shall use shall be the year ending December
31; and further

RESOLVED, that the following persons hereby are
elected to the offices set forth opposite their names,
to serve at the pleasure of the Board of Directors:

Chairperson of the Board
of Directors             -       Elizabeth R. Varet

President                 -       Charles D. Klein

40508656

MWPTAP00312415

Vice President, Secretary    —    David P. Steinmann
and Treasurer

;and further

RESOLVED, that the specimen form of stock
certificate, a copy of which is annexed hereto, hereby
is approved and adopted as the form of stock
certificate of the Company; and further

RESOLVED, that the seal, an impression of which is
affixed hereto, hereby is adopted as the corporate seal
of the Company; and further

RESOLVED, that the Company sell to the trust for the
primary benefit of Nina Rosenwald under Trust Indenture and
Agreement dated August 13, 1965 between William Rosenwald,
as grantor, and Mary Kurtz Rosenwald, Peter I.B. Lavan and
Arvid Kurtz, as original trustees, as amended to date ("NR
IT#6"), one (1) share of the Company's Common Stock, $.001
par value, for a purchase price of $100; and further

RESOLVED, that upon receipt by the Company of
payment in full of the purchase price for the Common
Stock of the Company which is being sold to NR IT#6
pursuant hereto, the proper officers of the Company
hereby are authorized, empowered and directed to issue
and deliver a stock certificate to NR IT#6 representing
one fully paid and non-assessable share of Common Stock
of the Company being purchased pursuant hereto; and
further

RESOLVED, that the Company sell to the trust for the
primary benefit of Alice R. Sigelman under Trust Indenture
and Agreement dated August 13, 1965 between William
Rosenwald, as grantor, and Mary Kurtz Rosenwald, Peter I.B.
Lavan and Arvid Kurtz, as original trustees, as amended to
date ("ARS IT#6"), one (1) share of the Company's Common
Stock, $.001 par value, for a purchase price of $100; and
further

RESOLVED, that upon receipt by the Company of
payment in full of the purchase price for the Common
Stock of the Company which is being sold to ARS IT#6
pursuant hereto, the proper officers of the Company
hereby are authorized, empowered and directed to issue
and deliver a stock certificate to ARS IT#6
representing one fully paid and non-assessable share of
Common Stock of the Company being purchased pursuant
hereto; and further

MWPTAP00312416

RESOLVED, that the Company sell to the trust for the primary benefit of Elizabeth R. Varet under Trust Indenture and Agreement dated August 13, 1965 between William Rosenwald, as grantor, and Mary Kurtz Rosenwald, Peter I.B. Lavan and Arvid Kurtz, as original trustees, as amended to date ("ERV IT#6"), one (1) share of the Company's Common Stock, $.001 par value, for a purchase price of $100; and further

RESOLVED, that upon receipt by the Company of payment in full of the purchase price for the Common Stock of the Company which is being sold to ERV IT#6 pursuant hereto, the proper officers of the Company hereby are authorized, empowered and directed to issue and deliver a stock certificate to ERV IT#6 representing one fully paid and non-assessable share of Common Stock of the Company being purchased pursuant hereto; and further

RESOLVED, that the Secretary of the Company hereby is authorized and directed to procure the proper corporate books and records; and further

RESOLVED, that the officers of the Company or any one or more of them hereby are authorized to open a bank account or accounts from time to time for and on behalf of the Company; and further

RESOLVED, that for the purpose of authorizing the Company to transact business in any state, territory or dependency of the United States or of any foreign country in which it is necessary or expedient for the Company to transact business, the proper officers, with and upon the advice of counsel, hereby are authorized to appoint and substitute all necessary agents or attorneys for service of process, to designate and change the location of all necessary statutory offices and under the corporate seal to make and file all necessary certificates, reports, powers of attorney and other instruments, as may be required by the law of such state, territory, dependency or country to authorize the Company to transact business therein and withdraw therefrom, to revoke any appointment of agent or attorney for service of process, and to file such certificates, reports, revocations of appointment or surrender of authority as may be necessary to terminate the authority of the Company to transact business in any such state, territory, dependency or country; and further

RESOLVED, that the Company hereby is authorized to participate in the formation and to act as the general

40508656

-3-

MWPTAP00312417

partner of American Securities, L.P., or any other name under which such limited partnership will be conducted (the "Partnership"), to be formed under the laws of the State of New York for the purpose of (i) carrying on any business that a partnership without limited partners may carry on except as prohibited by law, and to engage in any and all business activities and to do all such other acts, transactions, and things necessary, convenient, proper or incidental to carry out the foregoing and (ii) engaging in any and all activities related or incidental thereto; and further

RESOLVED, that the Company is authorized to enter into an Agreement of Limited Partnership of the Partnership; and further

RESOLVED, that the form, terms and conditions of the Agreement of Limited Partnership of the Partnership, substantially in the form presented to the Directors, hereby are approved, with such changes therein and such modifications thereof as the officer executing the same shall approve, the execution thereof to be conclusive evidence of such approval; and further

40508656                                    -4-

MWPTAP00312418