**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>               Plaintiff-Applicant,<br><br>      v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>               Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>               Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC and the estate of Bernard L. Madoff,<br><br>               Plaintiff,<br>      v.<br><br>CITIBANK, N.A., CITIBANK NORTH AMERICA, INC., and CITIGROUP GLOBAL MARKETS LIMITED,<br><br>               Defendant. | Adv. Pro. No. 10-05345 (SMB) |

**TRUSTEE'S DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL AND STATEMENT OF ISSUES TO BE PRESENTED**

Irving H. Picard, as trustee (the "Trustee") for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act ("SIPA"), 15 U.S.C. §§ 78aaa *et seq.*, and the substantively consolidated Chapter 7 estate of Bernard L. Madoff, hereby submits under Rule 8009 of the Federal Rules of Bankruptcy Procedure and Rule 8009-1 of the Local Bankruptcy Rules for the Southern District of New York, this designation of items to be included in the record on appeal and statement of issues to be presented

with respect to the Trustee's appeal in the above-captioned adversary proceeding (the "Adversary Proceeding") of the Partial Final Judgment (the "Final Judgment," a copy of which is annexed hereto as Exhibit 1).

## I.    DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL

The Bankruptcy Court and the District Court issued decisions and orders in this Adversary Proceeding that merged into the Final Judgment being appealed.  Accordingly, the designation of items to be included in the record on appeal contains entries from the dockets of both the Bankruptcy Court and District Court.  Each designated item shall also include any and all exhibits and documents annexed to or referenced within such item.

### A.    *Picard v. Citibank N.A.*, Adv. Pro. No. 10-05345, Bankruptcy Court Designations

The Trustee designates for inclusion in the record on appeal the items listed below, the pertinent docket entries filed in this Adversary Proceeding, including parallel citations to the main docket, *Picard v. Citibank, N.A.*, Adv. Pro. No. 10-05345 (SMB) (Bankr. S.D.N.Y.) and *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re BLMIS)*, Adv. Pro. No. 08-01789 (SMB) (Bankr. S.D.N.Y.).

| Designation Number | Date | ECF Number (APN 10-05345) | ECF Number (APN 08-01789) | Docket Text |
|---|---|---|---|---|
| 1 | 12/03/2019 | 179 | 19181 | Certification of Direct Appeal to Court of Appeals by All Parties (related document(s)177) filed by Seanna Brown on behalf of Irving H. Picard, Esq., Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff. (Brown, Seanna) (Entered: 12/03/2019) |

| Designation Number | Date | ECF Number (APN 10-05345) | ECF Number (APN 08-01789) | Docket Text |
|---|---|---|---|---|
| 2 | 11/27/2019 | 177 | 19174 | Notice of Appeal (related document(s)140, 170, 176, 143) filed by Seanna Brown on behalf of Irving H. Picard, Esq., Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff. Appellant Designation due by 12/11/2019, (Attachments: # 1 Exhibit 1 - 11/19/2019 Final Judgment and Order of Bankruptcy Court # 2 Exhibit 2 - 10/18/2019 Memorandum Decision Denying Trustee's Motion for Leave to File Amended Complaint # 3 Exhibit 3 6/5/2018 Memorandum Decision Denying the Trustee's Motion for Discovery Pursuant to Rule 26(d) # 4 Exhibit 4 6/18/2018 Order Denying the Trustee's Motion for Discovery Pursuant to Rule 26(d) # 5 Exhibit 5 - 4/28/2014 Opinion and Order of the United States District Court for the Southern District of New York (Rakoff, J.))(Brown, Seanna) (Entered: 11/27/2019) |
| 3 | 11/19/2019 | 176 | 19147 | Order signed on 11/19/2019 Denying the Trustee's Motion For Leave to Amend and Entering Partial Final Judgement Under Federal Rule of Civil Procedure 54(b).(Related Doc #174)(Cantrell, Deirdra) (Entered: 11/19/2019) |
| 4 | 11/08/2019 | 174 | 19112 | Motion to Approve /Memorandum of Law in Support of Motion on Consent for Entry of Final Judgment Pursuant to Federal Rule of Civil Procedure 54(b) filed by Seanna Brown on behalf of Irving H. Picard, Esq., Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff. (Attachments: # 1 |

| Designation Number | Date | ECF Number (APN 10-05345) | ECF Number (APN 08-01789) | Docket Text |
|---|---|---|---|---|
| | | | | Notice of Motion) (Brown, Seanna) (Entered: 11/08/2019) |
| 5 | 10/29/2019 | 171 | 19092 | Errata Order Signed On 10/28/2019 Re: Memorandum Decision Denying Trustees Motion For Leave To File Amended Complaint. (related document(s)170) (Barrett, Chantel) (Entered: 10/29/2019) |
| 6 | 10/18/2019 | 170 | 19074 | Written Opinion Signed On 10/18/2019. Re: Memorandum Decision Denying Trustees Motion For Leave To File Amended Complaint. (related document(s)149) (Barrett, Chantel) (Entered: 10/18/2019) |
| 7 | 07/23/2019 | 169 | | Transcript regarding Hearing Held on 07/18/19 At 2:03 PM RE: Trustees Motion For Leave To Amend Complaint. Remote electronic access to the transcript is restricted until 10/21/2019. The transcript may be viewed at the Bankruptcy Court Clerks Office. [Transcription Service Agency: Veritext Legal Solutions.]. (See the Courts Website for contact information for the Transcription Service Agency.). Notice of Intent to Request Redaction Deadline Due By 7/30/2019. Statement of Redaction Request Due By 8/13/2019. Redacted Transcript Submission Due By 8/23/2019. Transcript access will be restricted through 10/21/2019. (Ramos, Jonathan) (Entered: 08/14/2019) |
| 8 | 07/23/2019 | 167 | 18901 | Letter dated July 23, 2019 to Hon. Stuart M. Bernstein from Seanna R. Brown in response to Judge Bernstein's July 18, 2019 request Filed by Seanna Brown on behalf of Irving H. Picard, Esq., Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff |

| Designation Number | Date | ECF Number (APN 10-05345) | ECF Number (APN 08-01789) | Docket Text |
|---|---|---|---|---|
| | | | | Investment Securities LLC and the Estate of Bernard L. Madoff. (Attachments: # 1 Attachment A # 2 Attachment B # 3 Attachment C # 4 Attachment D # 5 Attachment E)(Brown, Seanna) (Entered: 07/23/2019) |
| 9 | 05/07/2019 | 163 | 18732 | Declaration of Seanna R. Brown in Support of the Trustee's Reply Memorandum of Law in Further Support of Trustee's Motion for Leave to File an Amended Complaint (related document(s)162) filed by Seanna Brown on behalf of Irving H. Picard, Esq., Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff. (Attachments: # 1 Exhibit A) (Brown, Seanna) (Entered: 05/07/2019) |
| 10 | 05/07/2019 | 162 | 18731 | Response /Reply Memorandum of Law in Further Support of Trustee's Motion for Leave to File an Amended Complaint (related document(s)153, 149) filed by Seanna Brown on behalf of Irving H. Picard, Esq., Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff. (Brown, Seanna) (Entered: 05/07/2019) |
| 11 | 03/29/2019 | 158 | 18621 | Memorandum of Law in Opposition to Trustee's Motion for Leave to File an Amended Complaint, dated March 12, 2019 (related document(s)149) filed by Carmine Boccuzzi on behalf of Citibank, N.A., Citicorp North America, Inc.. (Boccuzzi, Carmine) (Entered: 03/29/2019) |

| Designation Number | Date | ECF Number (APN 10-05345) | ECF Number (APN 08-01789) | Docket Text |
|---|---|---|---|---|
| 12 | 03/29/2019 | 157 | 18620 | Declaration of Carmine D. Boccuzzi, Jr. dated March 12, 2019, in Opposition to Trustee's Motion for Leave to file an Amended Complaint, (related document(s)149) filed by Carmine Boccuzzi on behalf of Citibank, N.A., Citicorp North America, Inc.. (Attachments: # 1 Exhibit A - Revolving Credit and Security Agreement # 2 Exhibit B - Due Diligence Agenda # 3 Exhibit C - May 2005 Memo # 4 Exhibit D - Fax from H. Hodges to F. DiPascali # 5 Exhibit E - Deposition Excerpt - Samir Mathur # 6 Exhibit F - Deposition Excerpt - Leon Gross) (Boccuzzi, Carmine) (Entered: 03/29/2019) |
| 13 | 03/12/2019 | 153 | 18546 | Memorandum of Law in Opposition to Trustee's Motion for Leave to File an Amended Complaint (REDACTED) (related document(s)149) filed by Carmine Boccuzzi on behalf of Citibank, N.A., Citicorp North America, Inc.. (Boccuzzi, Carmine) (Entered: 03/12/2019) |
| 14 | 03/12/2019 | 152 | 18545 | Declaration of Carmine D. Boccuzzi, Jr., dated March 12, 2019, in Opposition to Trustee's Motion for Leave to File an Amended Complaint (REDACTED) (related document(s)149) filed by Carmine Boccuzzi on behalf of Citibank, N.A., Citicorp North America, Inc.. (Attachments: # 1 Exhibit Exhibits A-F (REDACTED)) (Boccuzzi, Carmine) (Entered: 03/12/2019) |
| 15 | 12/14/2018 | 150 | 18311 | Declaration of Seanna R. Brown in Support of the Trustee's Motion for Leave to File an Amended Complaint (related document(s)149) filed by Seanna Brown on behalf of Irving H. Picard, Esq., |

| Designation Number | Date | ECF Number (APN 10-05345) | ECF Number (APN 08-01789) | Docket Text |
|---|---|---|---|---|
| | | | | Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C) (Brown, Seanna) (Entered: 12/14/2018) |
| 16 | 12/14/2018 | 149 | 18310 | Motion to Allow/Memorandum of Law in Support of Trustee's Motion for Leave to File an Amended Complaint filed by Seanna Brown on behalf of Irving H. Picard, Esq., Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff. (Attachments: # 1 Notice of Motion) (Brown, Seanna) (Entered: 12/14/2018) |
| 17 | 06/19/2018 | 143 | 17696 | Order Signed On 6/18/2018 Denying Re: Trustee's Motion For Discovery Pursuant To Rule 26(d) Of The Federal Rules Of Civil Procedure, (Related Lead Case #08-1789, ECF document(s)#17696, #16724, #16924, #16428, #17640). (Mercado, Tracey) (Entered: 06/19/2018) |
| 18 | 06/05/2018 | 140 | 17640 | Written Opinion Signed On 6/5/2018 Re: Memorandum Decision Denying The Trustee's Motion For Discovery Pursuant To Rule 26(d) Of The Federal Rules Of Civil Procedures,(Related Lead Case#08-01789 ECF Docs.#16927, #17283, #4072, #7827, #16428, #7828, #16724, #16924, #3083). (Mercado, Tracey) (Entered: 06/05/2018) |
| 19 | 03/01/2018 | | 17438 | Transcript regarding Hearing Held on 2/8/2018 2:05 PM RE: (Amends Doc # 17285) Trustee's Motion for an Order Authorizing Limited Discovery on Good Faith Issue pursuant to Fed. R. Civ. P. |

| Designation Number | Date | ECF Number (APN 10-05345) | ECF Number (APN 08-01789) | Docket Text |
|---|---|---|---|---|
| | | | | 26(d)(l)..et al... Remote electronic access to the transcript is restricted until 5/30/2018. The transcript may be viewed at the Bankruptcy Court Clerks Office. [Transcription Service Agency: Veritext Legal Solutions.]. (See the Courts Website for contact information for the Transcription Service Agency.). Notice of Intent to Request Redaction Deadline Due By 3/8/2018. Statement of Redaction Request Due By 3/22/2018. Redacted Transcript Submission Due By 4/2/2018. Transcript access will be restricted through 5/30/2018. (Ortiz, Carmen) (Entered: 03/28/2018) |
| 20 | 11/20/2017 | 126 | 16926 | Declaration of Howard L. Simon in Further Support of the Trustee's Omnibus Motion for Court Order Authorizing Limited Discovery Pursuant to Fed. R. Civ. P. 26(d)(1) filed by Howard L. Simon on behalf of Irving H. Picard, Esq., Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff. (Attachments: # 1 Exhibit 1) (Simon, Howard) (Entered: 11/20/2017) |
| 21 | 11/20/2017 | 125 | 16927 | Declaration of Regina Griffin in Further Support of the Trustee's Omnibus Motion for Court Order Authorizing Limited Discovery Pursuant to Fed. R. Civ. P. 26(d)(1) (related document ECF No. 124) filed by Regina Griffin on behalf of Irving H. Picard, Esq., Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff. (Attachments: # 1 |

| Designation Number | Date | ECF Number (APN 10-05345) | ECF Number (APN 08-01789) | Docket Text |
|---|---|---|---|---|
| | | | | Exhibit 1) (Griffin, Regina) (Entered: 11/20/2017) |
| 22 | 11/20/2017 | 124 | 16924 | Reply to Motion /Trustee's Reply Memorandum of Law in Further Support of Motion for Court Order Authorizing Limited Discovery Pursuant to Fed. R. Civ. P. 26(d)(1) (08-01789) filed by Regina Griffin on behalf of Irving H. Picard, Esq., Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff. (Attachments: # 1 Exhibit 1) (Griffin, Regina) (Entered: 11/20/2017) |
| 23 | 10/06/2017 | 123 | 16725 | Declaration of Carmine D. Boccuzzi, Jr. in Opposition to the Trustee's Motion for Discovery on the Good Faith Issue, with Exhibit 1, dated October 6, 2017 (related document(s)71, 122) filed by Carmine Boccuzzi on behalf of Citibank North America, Inc., Citibank, N.A.. (Boccuzzi, Carmine) (Entered: 10/06/2017) |
| 24 | 10/06/2017 | 122 | 16724 | Memorandum of Law /Consolidated Memorandum of Law in Opposition to the Trustee's Motion for Discovery on the Good Faith Issue, with Exhibits 1 and 2, dated October 6, 2017 (related document(s)71 filed by Carmine Boccuzzi on behalf of Citibank North America, Inc., Citibank, N.A.. (Boccuzzi, Carmine) (Entered: 10/06/2017) |
| 25 | 07/24/2017 | | 16428 | Order Signed On 7/24/2017. Re: Order Concerning Further Proceedings On Trustees Motion For Leave To Replead And For Limited DiscoveryWhereas (Barrett, Chantel) (related to Document |

| Designation Number | Date | ECF Number (APN 10-05345) | ECF Number (APN 08-01789) | Docket Text |
|---|---|---|---|---|
| | | | | Number 16313)Modified on 7/24/2017 (Porter, Minnie). (Entered: 07/24/2017) |
| 26 | 12/10/2014 | 92 | 8800 | So Ordered Order Signed On 12/10/2014.Re: Concerning Further Proceedings On Extraterritoriality Motion And Trustees Omnibus Motion For Leave To Replead And For Limited Discovery (related document(s)8630) (Greene, Chantel) (Entered: 12/17/2014) |
| 27 | 11/12/2014 | 84 | 8440 | Response - Trustee's Response to Limited Objections to Proposed Order Concerning Further Proceedings on Extraterritoriality Motion and Trustee's Omnibus Motion for Leave to Replead and for Limited Discovery (related document(s)80) filed by David J. Sheehan on behalf of Irving H. Picard, Esq., Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff. with hearing to be held on 11/19/2014 at 10:00 AM at Courtroom 723 (SMB) (Sheehan, David) (Entered: 11/12/2014) |
| 28 | 10/02/2014 | 75 | 8060 | Letter /October 2, 2014 Letter to Judge Bernstein regarding Trustee's Omnibus Motion for Leave to Replead and Defendants' Request for Further Proceedings on Extraterritoriality Motion (related document(s)71) filed by David J. Sheehan on behalf of Irving H. Picard, Esq., Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff. (Sheehan, David) (Entered: 10/02/2014) |

| Designation Number | Date | ECF Number (APN 10-05345) | ECF Number (APN 08-01789) | Docket Text |
|---|---|---|---|---|
| 29 | 08/28/2014 | 73 | 7828 | Declaration of Regina Griffin in Support of the Trustee's Memorandum of Law in Support of Omnibus Motion for Leave to Replead Pursuant to Fed. R. Civ. P. 15(a) and Court Order Authorizing Limited Discovery Pursuant to Fed. R. Civ. P. 26(d)(1) (related document(s)71, 72) filed by David J. Sheehan on behalf of Irving H. Picard, Esq., Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff. with hearing to be held on 10/22/2014 at 10:00 AM at Courtroom 723 (SMB) (Attachments: # 1 Exhibit 1 # 2 Exhibit A # 3 Exhibit B # 4 Exhibit C # 5 Exhibit D # 6 Exhibit E) (Sheehan, David) (Entered: 08/28/2014) |
| 30 | 08/28/2014 | 72 | 7827 | Memorandum of Law /Trustee's Memorandum of Law in Support of Omnibus Motion for Leave to Replead Pursuant to Fed. R. Civ. P. 15(a) and Court Order Authorizing Limited Discovery Pursuant to Fed. R. Civ. P. 26(d)(1) (related document(s)71) filed by David J. Sheehan on behalf of Irving H. Picard, Esq., Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff. (Attachments: # 1 Exhibit 1) (Sheehan, David) (Entered: 08/28/2014) |
| 31 | 08/28/2014 | 71 | 7826 | Motion to Allow/Notice of Motion for Leave to Replead Pursuant to Fed. R. Civ. P. 15(a) and Court Order Authorizing Limited Discovery Pursuant to Fed. R. Civ. P. 26(d)(1) filed by David J. Sheehan on behalf of Irving H. Picard, Esq., Trustee for the Substantively Consolidated SIPA Liquidation of |

| Designation Number | Date | ECF Number (APN 10-05345) | ECF Number (APN 08-01789) | Docket Text |
|---|---|---|---|---|
| | | | | Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff with hearing to be held on 10/22/2014 at 10:00 AM at Courtroom 723 (SMB). (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3) (Sheehan, David) (Entered: 08/28/2014) |
| 32 | 07/30/2014 | 69 | | Motion to Withdraw the Reference Returned to Bankruptcy Court, See Case No. 08-1789 Doc #7546 (White, Greg) (Entered: 07/30/2014) |
| 33 | 11/01/2011 | 30 | | Memorandum of Law in Support of Citibank N.A., Citicorp North America, Inc. and Citigroup Global Markets Limited's Motion to Withdraw the Reference, dated November 1, 2011 (related document(s)28) filed by Carmine Boccuzzi on behalf of Citibank North America, Inc., Citibank, N.A., Citigroup Global Markets Limited. (Boccuzzi, Carmine) (Entered: 11/01/2011) |
| 34 | 11/01/2011 | 29 | | Declaration of Jerilin Buzzetta in Support of Citibank N.A., Citicorp North America, Inc. and Citigroup Global Markets Limited's Motion to Withdraw the Reference to the Bankruptcy Court, dated November 1, 2011 (related document(s)28) filed by Carmine Boccuzzi on behalf of Citibank North America, Inc., Citibank, N.A., Citigroup Global Markets Limited. (Attachments: 1 Exhibits A-F) (Boccuzzi, Carmine) (Entered: 11/01/2011) |
| 35 | 11/01/2011 | 28 | | Motion to Withdraw the Reference /Notice of Motion of Defendants Citibank, N.A., Citicorp North America, Inc. and Citigroup Global Markets Limited to Withdraw the Reference to the |

| Designation Number | Date | ECF Number (APN 10-05345) | ECF Number (APN 08-01789) | Docket Text |
|---|---|---|---|---|
|  |  |  |  | Bankruptcy Court, dated November 1, 2011 filed by Carmine Boccuzzi on behalf of Citibank North America, Inc., Citibank, N.A., Citigroup Global Markets Limited. (Boccuzzi, Carmine) (Entered: 11/01/2011) |
| 36 | 07/26/2011 | 21 |  | Memorandum of Law in Support of Citibank N.A., Citicorp North America, Inc. and Citigroup Global Markets Limited's Motion to Dismiss the Trustee's Complaint, dated July 26, 2011 (related document(s)19) filed by Carmine Boccuzzi on behalf of Citibank North America, Inc., Citibank, N.A., Citigroup Global Markets Limited. (Boccuzzi, Carmine) (Entered: 07/26/2011) |
| 37 | 07/26/2011 | 20 |  | Declaration of Jerilin Buzzetta in Support of Citibank N.A., Citicorp North America, Inc. and Citigroup Global Markets Limited's Motion to Dismiss the Trustee's Complaint, dated July 26, 2011 (related document(s)19) filed by Carmine Boccuzzi on behalf of Citibank North America, Inc., Citibank, N.A., Citigroup Global Markets Limited. (Attachments: 1 Exhibit A) (Boccuzzi, Carmine) (Entered: 07/26/2011) |
| 38 | 07/26/2011 | 19 |  | Motion to Dismiss Adversary Proceeding / Notice of Motion to Dismiss the Trustee's Complaint, dated July 26, 2011 filed by Carmine Boccuzzi on behalf of Citibank North America, Inc., Citibank, N.A., Citigroup Global Markets Limited. with hearing to be held on 1/24/2012 (check with court for location) Responses due by 11/4/2011, (Boccuzzi, Carmine) (Entered: 07/26/2011) |

| Designation Number | Date | ECF Number (APN 10-05345) | ECF Number (APN 08-01789) | Docket Text |
|---|---|---|---|---|
| 39 | 12/14/2010 | 2 | | Statement with Complaint( Filed Under Seal) (related document(s)1) filed by Keith R. Murphy on behalf of Irving H. Picard, Esq., Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff. (Chou, Rosalyn) (Entered: 12/14/2010) |
| 40 | 12/08/2010 | 1 | | (This document is unsealed pursuant to an order signed on 4/12/2011 in lead case number 08-1789 and is now available for view) Complaint against Citibank, N.A., Citibank North America, Inc., Citigroup Global Markets Limited. Nature(s) of Suit: (14 (Recovery of money/property - other)) Filed by Irving H. Picard, Esq., Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff. (Murphy, Keith) Additional attachment(s) added on 4/18/2011 (Bush, Brent) (Entered: 12/08/2010) |

**B.** ***Picard v. Citibank N.A.*, No. 11-cv-7825 (JSR) and *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Madoff Sec.)*, No. 12-mc-00115, District Court Designations**

The Trustee designates for inclusion in the record of appeal the items listed below, the

pertinent docket entries filed in *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In*

*re Madoff Sec.)*, No. 12-mc-00115 (JSR) (S.D.N.Y.).

| Designation Number | Date | ECF Number (12-mc-115) | Docket Text |
|---|---|---|---|
| 1 | 04/28/2014 | 524 | OPINION AND ORDER #104291: Accordingly, the Court concludes that, in a SIPA proceeding such as this, a defendant may succeed on a motion to dismiss by showing that the complaint does not plausibly allege that that defendant did not act in good faith. Because this determination must be made on the basis of the specific allegations in the Trustee's various complaints, the Court, having set out the general framework, hereby leaves it to the Bankruptcy Court to determine in any given instance whether the foregoing standards have been met. Accordingly, the Court directs that the following adversary proceedings be returned to the Bankruptcy Court for further proceedings consistent with this Opinion and Order: (1) those cases listed in Exhibit A of item number 197 on the docket of 12 Misc. 115; and (2) those cases listed in the schedule attached to item number 468 on the docket of 12 Misc. 115 that were designated as having been added to the "good faith" consolidated briefing. (Signed by Judge Jed S. Rakoff on 4/27/2014) (mro) Modified on 5/5/2014 (ca. (Entered: 04/29/2014) |
| 2 | 06/07/2013 | 473 | ORDER: Accordingly, the clerk is hereby directed to docket the below-listed orders and/or decisions issued by the Court in connection with the consolidated proceedings as described below. The following orders shall be docketed in cases with respect to which "Stern v. Marshall" is listed in the final column of the schedules included as Exhibit B hereto: Order, No. 12 MC 115, ECF No. 4 (S.D.N.Y. Apr. 13, 2012); and Opinion and Order, No. 12 MC 115, ECF No. 427 (S.D.N.Y. Jan. 4, 2013). The following orders shall be docketed in cases with respect to which "Section 546( e)" is listed in the final column of the schedules included as Exhibit B hereto: Order, No. 12 MC 115, ECF No. 119 (S.D.N.Y. May 16, 2012); Order, No. 12 MC 115, ECF No. 439 (S.D.N.Y. Feb. 13, 2013); and Opinion and Order, No. 12 MC 115, ECF No. 460 (S.D.N.Y. Apr. 15, 2013).The following order shall be docketed in cases with respect to which "Extraterritoriality" is |

| Designation Number | Date | ECF Number (12-mc-115) | Docket Text |
|---|---|---|---|
| | | | listed in the final column of the schedules included as Exhibit B hereto: Order Regarding Extraterritoriality Issues, No. 12 MC 115, ECF No. 167(S.D.N.Y. June 7, 2012). The following order shall be docketed in cases with respect to which "Good Faith" is listed in the final column of the schedules included as Exhibit B hereto: Order Regarding the "Good Faith" Standard, No. 12 MC 115, ECF No. 197(S.D.N.Y. June 25, 2012).The following orders shall be docketed in cases with respect to which "Section 550(a)" is listed in the final column of the schedules included as Exhibit B hereto: Order Regarding 11 U.S.C. § 550(a), No. 12 MC 115, ECF No. 314 (S.D.N.Y. Aug. 22, 2012); and Order Regarding 11 U.S.C. § 550(a), No. 12 MC 115, ECF No. 422 (S.D.N.Y. Dec. 12, 2012). The following orders shall be docketed in cases with respect to which "Section 502(d)" is listed in the final column of the schedules included as Exhibit B hereto: Order Regarding 11 U.S.C. § 502(d), No. 12 MC 115, ECF No. 155 (S.D.N.Y. June 1, 2012); and Order Regarding 11 U.S.C. § 502(d), No. 12 MC 115, ECF No. 435 (S.D.N.Y. Feb. 13, 2013). The following order shall be docketed in cases with respect to which "[Standing and SLUSA]"is listed in the final column of the schedules included as Exhibit B hereto: Order Regarding Standing and SLUSA Issues, No. 12 MC 115, ECF No. 114(S.D.N.Y. May 18, 2012). The following order shall be docketed in cases with respect to which "Antecedent Debt" is listed in the final column of the schedules included as Exhibit B hereto: Order Regarding Antecedent Debt Issues, No. 12 MC 115, ECF No. 107 (S.D.N.Y. May 16, 2012). (Signed by Judge Jed S. Rakoff on 6/5/2013) (js) Modified on 6/11/2013 (js). (Entered: 06/11/2013) |
| 3 | 10/22/2012 | 401 | TRANSCRIPT of Proceedings re: CONFERENCE held on 10/12/2012 before Judge Jed S. Rakoff. Court Reporter/Transcriber: Thomas Murray, (212) 805-0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release |

| Designation Number | Date | ECF Number (12-mc-115) | Docket Text |
|---|---|---|---|
| | | | of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 11/16/2012. Redacted Transcript Deadline set for 11/29/2012. Release of Transcript Restriction set for 1/25/2013.(Moya, Goretti) (Entered: 10/22/2012) |
| 4 | 09/28/2012 | 361 | SUPPLEMENTAL REPLY MEMORANDUM OF LAW in Support re: 290 MOTION to Dismiss Claims Where The Trustee Has Pled No Individualized Allegations of "Willful Blindness".. Document filed by Good Faith Defendants. (Boccuzzi, Carmine) (Entered: 09/28/2012) |
| 5 | 09/14/2012 | 346 | BRIEF re: 243 Brief, BLMIS Customers' Consolidated Reply Brief Responding to the Good Faith Issues Raised by Order of the Court Entered on June 25, 2012. Document filed by Alpha Prime Fund Limited. (Duffy, Todd) (Entered: 09/14/2012) |
| 6 | 09/14/2012 | 345 | BRIEF re: 242 Brief, 324 Memorandum of Law in Opposition, 320 Brief Consolidated Reply Brief on Behalf of Subsequent Transferee Defendants Responding to the Good Faith Standard Issues Raised by Order of the Court Dated June 23, 2012. Document filed by Subsequent Transferee Defendants. (Fisher, Eric) (Entered: 09/14/2012) |
| 7 | 09/14/2012 | 341 | BRIEF Supplemental Memorandum of Law of the Securities Investor Protection Corporation Addressing the Good Faith Issues. Document filed by Securities Investor Protection Corporation. (Attachments: # 1 Affidavit of Service) (Bell, Kevin) (Entered: 09/14/2012) |
| 8 | 08/31/2012 | 324 | MEMORANDUM OF LAW in Opposition to Memorandum of in Opposition to the (1) BLMIS Customers Consolidated Brief Responding to Good Faith Issues; and (2) Consolidated Brief on Behalf of Subsequent Transferee Defendants Responding to The Good Faith Standard Issues. Document filed by |

| Designation Number | Date | ECF Number (12-mc-115) | Docket Text |
|---|---|---|---|
| | | | Irving H. Picard. (Warshavsky, Oren) (Entered: 08/31/2012) |
| 9 | 08/31/2012 | 320 | BRIEF Memorandum of Law of the Securities Investor Protection Corporation Addressing the Good Faith Issues. Document filed by Securities Investor Protection Corporation. (Attachments: # 1 Affidavit of Service) (Bell, Kevin) (Entered: 08/31/2012) |
| 10 | 08/10/2012 | 292 | SUPPLEMENTAL MEMORANDUM OF LAW in Support re: 290 MOTION to Dismiss Claims Where The Trustee Has Pled No Individualized Allegations of "Willful Blindness".. Document filed by Good Faith Defendants. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C-1, # 4 Exhibit C-2, # 5 Exhibit C-3, # 6 Exhibit D, # 7 Exhibit E, # 8 Exhibit F)(Boccuzzi, Carmine) (Entered: 08/10/2012) |
| 11 | 08/10/2012 | 290 | MOTION to Dismiss Claims Where The Trustee Has Pled No Individualized Allegations of "Willful Blindness". Document filed by Good Faith Defendants. Return Date set for 10/12/2012 at 04:00 PM.(Boccuzzi, Carmine) (Entered: 08/10/2012) |
| 12 | 07/20/2012 | 243 | BRIEF re: 197 Order, Set Deadlines/Hearings, BLMIS Customers' Consolidated Brief Responding to the Good Faith Issues Raised by Order of the Court Entered on June 25, 2012. Document filed by Alpha Prime Fund Limited, Senator Fund SpA.(Duffy, Todd) (Entered: 07/20/2012) |
| 13 | 07/20/2012 | 242 | BRIEF re: 197 Order, Set Deadlines/Hearings, Consolidated Brief On Behalf Of Subsequent Transferee Defendants Responding To The Good Faith Standard Issues Raised By Order Of The Court Dated June 23, 2012. Document filed by Subsequent Transferee Defendants.(Fisher, Eric) (Entered: 07/20/2012) |
| 14 | 06/25/2012 | 204 | ORDER: BASED ON THE FOREGOING, IT IS HEREBY ORDERED AS FOLLOWS: The reference of the Adversary Proceedings listed in Exhibit A is |

| Designation Number | Date | ECF Number (12-mc-115) | Docket Text |
|---|---|---|---|
| | | | withdrawn, in part, from the Bankruptcy Court to this Court solely with respect to the Good Faith Standard Defendants for the limited purpose of hearing and determining whether SIPA and other securities laws alter the standard the Trustee must meet in order to show that a defendant did not receive transfers in "good faith" under either 11 U.S.C. § 548(c) or 11 U.S.C. § 550(b). Except as otherwise provided herein or in other orders of this Court, the reference to the Bankruptcy Court is otherwise maintained for all other purposes; On or before July 20, 2012, the Initial Transferee Defendants and the Subsequent Transferee Defendants shall each file a consolidated memorandum of law, not to exceed forty(40) pages, each addressing the Good Faith Standard Issues (the "Initial Transferee Good Faith Standard Brief' and the "Subsequent Transferee Good Faith Standard Brief'; collectively, the "Opening Good Faith Standard Briefs"). On or before August 10, 2012, the Good Faith Standard Defendants may file up to five (5) separate supplemental briefs reflecting materially relevant differences between identifiable subgroups of defendants to raise issues relevant to each subgroup, and which may seek dismissal, but which are not otherwise raised or addressed in the Opening Good Faith Standard Briefs (each, "Supplemental Good Faith Standard Brief," and together with the Opening Good Faith Standard Briefs, the "Good Faith Standard Briefs"), with each such Supplemental Good Faith Standard Brief not to exceed eight (8) pages; On or before August 31, 2012, the Trustee and SIPC shall each file a memorandum of law in opposition to the Opening Good Faith Standard Briefs, not to exceed forty (40) pages each, addressing the Good Faith Standard Issues; On or before September 14, 2012, the Initial Transferee Defendants and Subsequent Transferee Defendants shall each file a consolidated reply brief, not to exceed twenty (20) pages; On or before September 14, 2012, the Trustee and SIPC may either (i) each file a separate memorandum of law in opposition to each Supplemental Good Faith Standard Brief filed |

| Designation Number | Date | ECF Number (12-mc-115) | Docket Text |
|---|---|---|---|
| | | | with the Court, with each opposition not to exceed eight (8) pages or (ii) choose to file separate consolidated memoranda of law in opposition to the Supplemental Good Faith Standard Briefs with such consolidated brief(s) filed by the Trustee and SIPC not to exceed a total of forty (40) pages in the aggregate for each of the Trustee and SIPC; Young Conaway Stargatt & Taylor, LLP, which is conflicts counsel for the Trustee, and Windels Marx Lane & Mittendorf, LLP, which is special counsel to the Trustee, each may file a joinder, not to exceed two (2) pages (excluding exhibits), on behalf of the Trustee in certain of the adversary proceedings listed on Exhibit A hereto, to the Trustee's opposition to (i) the Opening Good Faith Standard Briefs on or before August 31, 2012 and (ii) to each Supplemental Good Faith Standard Brief on or before September 14, 2012; The Court will hold oral argument on the matters raised in the Good Faith Standard Briefs filed by the Good Faith Standard Defendants and the Trustee's and SIPC's oppositions thereto on October 12, 2012, at 4:00 p.m. (the "Good Faith Standard Hearing Date"); All communications and documents (including drafts) exchanged between and among any of the defendants in any of the adversary proceedings, and/or their respective attorneys, shall be deemed to be privileged communications and/or work product, as the case may be, subject to a joint interest privilege; The procedures established by this Order, or by further order of this Court, shall constitute the sole and exclusive procedures for determination of the Good Faith Standard Issues in the Adversary Proceedings (except for any appellate practice resulting from such determination), and this Court shall be the forum for such determination. To the extent that briefing, or argument schedules were previously established with respect to the Good Faith Standard Issues in any of the Adversary Proceedings, this Order supersedes all such schedules solely with respect to the Good Faith Standard Issues. To the extent that briefing, or argument schedules are prospectively established with respect to motions to |

| Designation Number | Date | ECF Number (12-mc-115) | Docket Text |
|---|---|---|---|
| | | | withdraw the reference or motions to dismiss in any of the Adversary Proceedings, the Good Faith Standard Issues shall be excluded from such briefing or argument and such order is vacated. For the avoidance of doubt, to the extent any of the Good Faith Standard Defendants have issues other than the Good Faith Standard Issues or issues set forth in the other common briefing orders that were withdrawn, those issues will continue to be briefed on the schedule previously ordered by the Court. Except as stated in this paragraph, this Order shall not be deemed or construed to modify, withdraw or reverse any prior order of the Court that granted withdrawal of the reference in any Adversary Proceeding for any reason, and as further set forth within., ( Oral Argument set for 10/12/2012 at 04:00 PM before Judge Jed S. Rakoff.) (Signed by Judge Jed S. Rakoff on 6/23/2012) (pl) (Entered: 06/27/2012) |
| 15 | 06/25/2012 | 201 | MEMORANDUM ORDER: For the foregoing reasons, the Court withdraws the reference of these cases to the bankruptcy court for the limited purposes of deciding: (i) whether SIPA and other securities laws alter the standard the Trustee must meet in order to show that a defendant did not receive transfers in "good faith" under 11 U.S.C. § 548(c); (ii) whether the Trustee may, consistent with non-bankruptcy law, avoid transfers that Madoff Securities purportedly made in order to satisfy antecedent debts; (iii) whether 11 U.S.C. § 546(e) applies to these cases, limiting the Trustee's ability to avoid transfers; (iv) whether provisions of the IRC and ERISA that mandated withdrawals from customers' Madoff Securities accounts prevent the Trustee from avoiding the required withdrawals as fraudulent; (v) whether, after the United States Supreme Court's recent decision in Stern v. Marshall, 131 S. Ct. 2594 (2011), final resolution of claims to avoid transfers as fraudulent requires an exercise of "judicial Power," preventing the bankruptcy court from finally resolving such claims; and (vi) whether, if the bankruptcy court cannot finally resolve the fraudulent |

| Designation Number | Date | ECF Number (12-mc-115) | Docket Text |
|---|---|---|---|
| | | | transfer claims in this case, it has the authority to render findings of fact and conclusions of law before final resolution. In all other respects, the motions to withdraw are denied. The parties to any case that presents withdrawn issues which are not subject to consolidated briefing should convene a conference call no later than June 4, 2012 to schedule further proceedings. The Clerk of the Court is hereby ordered to close document number 1 on the docket of each case. (Signed by Judge Jed S. Rakoff on 6/25/2012) (pl) (Entered: 06/26/2012) |
| 16 | 06/25/2012 | 197 | ORDER: BASED ON THE FOREGOING, IT IS HEREBY ORDERED AS FOLLOWS: The reference of the Adversary Proceedings listed in Exhibit A is withdrawn, in part, from the Bankruptcy Court to this Court solely with respect to the Good Faith Standard Defendants for the limited purpose of hearing and determining whether SIPA and other securities laws alter the standard the Trustee must meet in order to show that a defendant did not receive transfers in "good faith" under either 11 U.S.C. § 548(c) or II U.S.C. § 550(b). Except as otherwise provided herein or in other orders of this Court, the reference to the Bankruptcy Court is otherwise maintained for all other purposes; On or before July 20, 2012, the Initial Transferee Defendants and the Subsequent Transferee Defendants shall each file a consolidated memorandum of law, not to exceed forty(40) pages, each addressing the Good Faith Standard Issues (the "Initial Transferee Good Faith Standard Brief" and the "Subsequent Transferee Good Faith Standard Brief"; collectively, the "Opening Good Faith Standard Briefs"). On or before August 10, 2012, the Good Faith Standard Defendants may file up to five (5) separate supplemental briefs reflecting materially relevant differences between identifiable subgroups of defendants to raise issues relevant to each subgroup, and which may seek dismissal, but which are not otherwise raised or addressed in the Opening Good Faith Standard Briefs (each, "Supplemental Good Faith Standard Brief," and together with the |

| Designation Number | Date | ECF Number (12-mc-115) | Docket Text |
|---|---|---|---|
| | | | Opening Good Faith Standard Briefs, the "Good Faith Standard Briefs"), with each such Supplemental Good Faith Standard Brief not to exceed eight (8) pages; On or before August 31, 2012, the Trustee and SIPC shall each file a memorandum of law in opposition to the Opening Good Faith Standard Briefs, not to exceed forty (40) pages each, addressing the Good Faith Standard Issues; On or before September 14, 2012, the Initial Transferee Defendants and Subsequent Transferee Defendants shall each file a consolidated reply brief, not to exceed twenty (20) pages; On or before September 14, 2012, the Trustee and SIPC may either (i) each file a separate memorandum of law in opposition to each Supplemental Good Faith Standard Brief filed with the Court, with each opposition not to exceed eight (8) pages or (ii) choose to file separate consolidated memoranda of law in opposition to the Supplemental Good Faith Standard Briefs with such consolidated brief(s) filed by the Trustee and SIPC not to exceed a total of forty (40) pages in the aggregate for each of the Trustee and SIPC; Young Conaway Stargatt & Taylor, LLP, which is conflicts counsel for the Trustee, and Windels Marx Lane & Mittendorf, LLP, which is special counsel to the Trustee, each may file a joinder, not to exceed two (2) pages (excluding exhibits), on behalf of the Trustee in certain of the adversary proceedings listed on Exhibit A hereto, to the Trustee's opposition to (i) the Opening Good Faith Standard Briefs on or before August 31, 2012 and (ii) to each Supplemental Good Faith Standard Brief on or before September 14, 2012; The Court will hold oral argument on the matters raised in the Good Faith Standard Briefs filed by the Good Faith Standard Defendants and the Trustee's and SIPC's oppositions thereto on October 12, 2012, at 4:00 p.m. (the "Good Faith Standard Hearing Date"); All communications and documents (including drafts) exchanged between and among any of the defendants in any of the adversary proceedings, and/or their respective attorneys, shall be deemed to be privileged communications and/or |

| Designation Number | Date | ECF Number (12-mc-115) | Docket Text |
|---|---|---|---|
| | | | work product, as the case may be, subject to a joint interest privilege; The procedures established by this Order, or by further order of this Court, shall constitute the sole and exclusive procedures for determination of the Good Faith Standard Issues in the Adversary Proceedings (except for any appellate practice resulting from such determination), and this Court shall be the forum for such determination. To the extent that briefing, or argument schedules were previously established with respect to the Good Faith Standard Issues in any of the Adversary Proceedings, this Order supersedes all such schedules solely with respect to the Good Faith Standard Issues. To the extent that briefing, or argument schedules are prospectively established with respect to motions to withdraw the reference or motions to dismiss in any of the Adversary Proceedings, the Good Faith Standard Issues shall be excluded from such briefing or argument and such order is vacated. For the avoidance of doubt, to the extent any of the Good Faith Standard Defendants have issues other than the Good Faith Standard Issues or issues set forth in the other common briefing orders that were withdrawn, those issues will continue to be briefed on the schedule previously ordered by the Court. Except as stated in this paragraph, this Order shall not be deemed or construed to modify, withdraw or reverse any prior order of the Court that granted withdrawal of the reference in any Adversary Proceeding for any reason, and as further set forth within. (Oral Argument set for 10/12/2012 at 04:00 PM before Judge Jed S. Rakoff.) (Signed by Judge Jed S. Rakoff on 6/23/2012) (laq) (Entered: 06/25/2012) |
| 17 | 04/13/2012 | 1 | ORDER: 1. All matters relating to Bernard L. Madoff Investment Securities LLC ("Madoff Securities") previously assigned to the undersigned, or assigned to the undersigned in the future, shall henceforth bear the caption and docket number set forth above, and the parties shall make sure that all filings are filed under the docket number set forth above. In addition, any filings filed under this docket number shall bear |

| Designation Number | Date | ECF Number (12-mc-115) | Docket Text |
|---|---|---|---|
| | | | either the subheading "PERTAINS TO ALL CASES," the subheading "PERTAINS TO CASE(S) ___ Civ.___," or the subheading "PERTAINS TO CASE(S) LISTED IN APPENDIX_." Any filing fees associated with opening the master case file docket are waived. 2.The Clerk is directed to make sure that this Order and all subsequent docket entries under this docket number are also docketed simultaneously in the bankruptcy court under No. 08-1789 (BRL). (Signed by Judge Jed S. Rakoff on 4/13/2012) (laq) (laq). (Entered: 04/13/2012) |

## II.    **STATEMENT OF ISSUES TO BE PRESENTED**

A.    Whether the district court erred by requiring a SIPA trustee to plead, as part of his

*prima facie* case for avoidance and recovery of transfers under sections 548 and 550 of the

Bankruptcy Code, a transferee's lack of good faith under section 548(c) and 550(b), respectively,

even though both are affirmative defenses?

B.    Whether the district court erred by elevating the standard used to determine a

transferee's lack of good faith from one of inquiry notice in traditional bankruptcy cases to one

of willful blindness in SIPA liquidations?

C.    Whether the bankruptcy court erred by dismissing the Trustee's complaint for

failure to state a claim?

December 11, 2019                    By: */s/ Seanna R. Brown*
New York, New York                  **BAKER & HOSTETLER LLP**
                                    45 Rockefeller Plaza
                                    New York, New York 10111
                                    Telephone: (212) 589-4200
                                    Facsimile: (212) 589-4201
                                    Seanna R. Brown
                                    Email: sbrown@bakerlaw.com

                                    *Attorneys for Appellant/Cross-Appellee Irving*
                                    *H. Picard, Trustee for the Substantively*
                                    *Consolidated SIPA Liquidation of Bernard L.*
                                    *Madoff Investment Securities LLC and the*
                                    *Estate of Bernard L. Madoff*