**CHAITMAN LLP**
465 Park Avenue
New York, New York 10022
Phone & Fax: (888) 759-1114
Helen Davis Chaitman
hchaitman@chaitmanllp.com
*Attorneys for Defendants-Appellants*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br>            Plaintiff-Applicant, <br><br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br>            Defendant. | SIPA LIQUIDATION <br><br> (Substantively Consolidated) <br><br> Adv. Pro. No. 08-1789 (SMB) |
| In re: <br><br> BERNARD L. MADOFF, <br><br>            Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, <br><br>            Plaintiff, <br><br> v. <br><br> DEFENDANTS LISTED ON ECF No. 14283, <br><br>            Defendants-Appellants. | Adv. Pro. Nos. listed on ECF No. 14283. |

## <u>DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO THE TRUSTEE'S MOTION FOR ATTORNEYS' FEES AND EXPENSES PURSUANT TO FED. R. CIV. P. 37(a)(5)(B)</u>

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................... iv

PRELIMINARY STATEMENT ................................................................................ 1

STATEMENT OF FACTS ...................................................................................... 3

STANDARD OF REVIEW ..................................................................................... 3

ARGUMENT ........................................................................................................ 5

   I.     The Trustee cannot be awarded expenses under Fed. R. Civ. P.
        37(a)(5)(B) because Defendants' application to Judge Maas was
        brought pursuant to Fed. R. Civ. P. 37(b) ....................................................... 5

   II.    The Trustee is not entitled to expenses in connection with this appeal ......... 8

        A.     Fed. R. Civ. P. 37 does not provide any authority to award
              expenses in relation to an appeal of a discovery arbitrator's
              order ....................................................................................................... 8

        B.     The Trustee cannot be awarded expenses in connection with
              this appeal because this Court granted leave to Defendants to
              file this appeal ...................................................................................... 10

        C.     It would be unjust to award the Trustee his expenses in
              connection with the appeal and to require Defendants to pay
              Judge Maas' invoices ........................................................................... 11

   III.   The Trustee produced documents in response to Defendants'
        applications and, therefore, Defendants partially prevailed, making an
        award of expenses unjust .............................................................................. 12

   IV.   Defendants were substantially justified in requesting access to the
        BLMIS Database and in reasonably believing that the Trustee had
        violated discovery orders .............................................................................. 13

   V.     The Trustee is not entitled to an award of expenses because he
        demanded that the parties engage in motion practice rather than
        continue the meet-and-confer process ........................................................... 15

   VI.   Expenses cannot be awarded because the Trustee's fee application is
        deficient ........................................................................................................ 16

        A.     The Trustee has not submitted contemporaneous time records ...... 16

B.      A reduction for block billing is necessary ...................................... 16

C.      A reduction is necessary for vague and, likely excessive, time
        entries ........................................................................................... 18

D.      The Trustee could only be entitled to his "reasonable expenses
        incurred in opposing the motion" ................................................. 20

E.      The Trustee has not even attempted to make a showing that his
        hourly rates are reasonable even though they are presumptively
        unreasonable because they are in excess of the rates that the
        Trustee charges to SIPC ................................................................ 22

VII.    The Trustee's motion should be denied in its entirety because the
        expenses requested are unreasonable ............................................................ 22

CONCLUSION ....................................................................................................... 23

<u>**TABLE OF AUTHORITIES**</u>

**Page(s)**

**Cases**

*Aiello v. Town of Brookhaven*,
 2005 WL 1397202 (E.D.N.Y. June 13, 2005) .........................................................................17

*Alexander v. Amchem Prod., Inc.*,
 2008 WL 1700157 (S.D.N.Y. Apr. 3, 2008)....................................................................16, 17

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*,
 522 F.3d 182 (2d Cir. 2008)...............................................................................................22

*Arons v. Lalime*,
 167 F.R.D. 364 (W.D.N.Y. 1996)........................................................................................15

*Baker Botts L.L.P. v. ASARCO LLC*,
 135 S. Ct. 2158 (2015)...................................................................................................1, 9

*Beck v. Test Masters Educ. Servs., Inc.*,
 289 F.R.D. 374 (D.D.C. 2013)..............................................................................................6

*Bleecker Charles Co. v. 350 Bleecker St. Apartment Corp.*,
 212 F.Supp.2d 226 (S.D.N.Y. 2002)....................................................................................22

*Bravia Capital Partners, Inc. v. Fike*,
 296 F.R.D. 136 (S.D.N.Y.2013) ..........................................................................................20

*Chen-Oster v. Goldman, Sachs & Co.*,
 285 F.R.D. 294 (S.D.N.Y. 2012) .........................................................................................13

*Farbotko v. Clinton Cnty.*,
 433 F.3d 204 (2d Cir. 2005)................................................................................................22

*First State Insurance Group v. Nationwide Mutual Insurance Co.*,
 402 F.3d 43 (1st Cir. 2005)..........................................................................................20, 22

*Marisol A. ex rel. Forbes v. Giuliani*,
 111 F.Supp.2d 381 (S.D.N.Y. 2000)....................................................................................20

*Kirsch v. Fleet St., Ltd.*,
 148 F.3d 149 (2d Cir.1998).................................................................................................20

*Lifeguard Licensing Corp. v. Kozak*,
 2016 WL 3144049 (S.D.N.Y. May 23, 2016) .......................................................................12

*Mantell v. Chassman*,
  512 F. App'x 21 (2d Cir. 2013) ........................................................................2, 10

*Mary Imogene Bassett Hosp. v. Sullivan*,
  136 F.R.D. 42 (N.D.N.Y. 1991) .......................................................................13

*Mayo-Coleman v. Am. Sugar Holding, Inc*,
  2016 WL 7378767 (S.D.N.Y. Nov. 16, 2016) ..................................................12

*Molefi v. Oppenheimer Trust*,
  2007 WL 538547 (E.D.N.Y. Feb. 15, 2007) ....................................................17

*Monaghan v. SZS 33 Assocs., L.P.*,
  154 F.R.D. 78 (S.D.N.Y. 1994) .......................................................................16

*Moreno v. Empire City Subway Co.*,
  2008 WL 793605 (S.D.N.Y. Mar. 26, 2008) ...................................................18

*New York State Ass'n for Retarded Children, Inc. v. Carey*,
  711 F.2d 1136 (2d Cir. 1983)....................................................................3, 4, 16

*Petro-Hunt, L.L.C. v. United States*,
  113 Fed. Cl. 80 (2013) ....................................................................................11

*Pierce v. Underwood*,
  487 U.S. 552 (1988).........................................................................................4

*Rachel-Smith v. FTData, Inc.*,
  247 F. Supp. 2d 734 (D. Md. 2003) .................................................................11

*Ragin v. Harry Macklowe Real Estate Co.*,
  870 F.Supp. 510 (S.D.N.Y. 1994) ...................................................................20

*Rhein Med., Inc. v. Koehler*,
  889 F. Supp. 1511 (M.D. Fla. 1995) ...............................................................13

*S.E.C. v. Yorkville Advisors, LLC*,
  2015 WL 855796 (S.D.N.Y. Feb. 27, 2015)..................................................5, 20

*Sea Spray Holdings, Ltd. v. Pali Fin. Group, Inc.*,
  277 F.Supp.2d 323 (S.D.N.Y. 2003).................................................................17

*Spirit Realty, L.P. v. GH&H Mableton, LLC*,
  319 F.R.D. 474 (S.D.N.Y. 2017) ...................................................................9, 21

*Stay Pet Servs. Inc. v. Hoffman*,
  2019 WL 719825 (W.D.N.Y. Feb. 1, 2019) ......................................................22

*Stead v. Unified Sch. Dist. No. 259 Wichita Pub. Sch.*,
    2014 WL 3854231 (D. Kan. Aug. 6, 2014) ...........................................................................10

*Telluride Mgmt. Sols., Inc. v. Telluride Inv. Grp.*,
    55 F.3d 463 (9th Cir. 1995) ...............................................................................................10

*Tri-Star Pictures, Inc. v. Unger*,
    171 F.R.D. 94 (S.D.N.Y. 1997) .........................................................................................12

*Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.*,
    982 F.2d 363 (9th Cir. 1992) .............................................................................................10

*Wyeth v. Impax Labs., Inc.*,
    248 F.R.D. 169 (D. Del. 2006) ..........................................................................................13

**Other Authorities**

Advisory Committee Notes to 1970 Amendment.............................................................................4

Fed. R. Civ. P. 26(b)(2)(C)(i) .........................................................................................................14

Fed. R. Civ. P. 26(c)(3) ...................................................................................................................16

Fed. R. Civ. P. 37 ................................................................................................................. *passim*

Fed. R. Civ. P. 37(a) ............................................................................................................ *passim*

Fed. R. Civ. P. 37(a)(1) ...................................................................................................................15

Fed. R. Civ. P. 37(a)(3)..................................................................................................................5, 9

Fed. R. Civ. P. 37(a)(4)..................................................................................................................4, 10

Fed. R. Civ. P. 37(a)(5)........................................................................................................5, 9, 16, 21

Fed. R. Civ. P. 37(a)(5)(A) .................................................................................................1, 9, 12, 13

Fed. R. Civ. P. 37(a)(5)(A)(i) ........................................................................................................16, 23

Fed. R. Civ. P. 37(a)(5)(A)(i)-(B)........................................................................................................4

Fed. R. Civ. P. 37(a)(5)(B) ................................................................................................... *passim*

Fed. R. Civ. P. 37(b) ............................................................................................................. *passim*

Fed. R. Civ. P. 37(b)(1)(c) ..............................................................................................................12

Fed. R. Civ. P. 37(b)(2).....................................................................................................................8

Fed. R. Civ. P. 37(b)(2)(A)-(C) ................................................................................................3, 6

Fed. R. Civ. P. 53(c)(2)..............................................................................................................10

Wright & Miller, Federal Practice & Procedure, § 2288 ........................................................9, 12

Wright & Miller, Federal Practice &  Procedure, § 2289 ...........................................................8

Defendants represented by Chaitman LLP listed on ECF No. 14283[1] ("Defendants") respectfully submit this memorandum of law in opposition to the Trustee's Motion for attorneys' fees and expenses pursuant to Fed. R. Civ. P. 37(a)(5)(B), ECF No. 19138-1 (the "Motion").

## PRELIMINARY STATEMENT

Fed. R. Civ. P. 37(a)(5)(B) only applies if a motion brought under Fed. R. Civ. P. 37(a) is denied and the motion was not substantially justified. Defendants' application before Judge Maas was not brought under Fed. R. Civ. P. 37(a). Rather, it was brought under Fed. R. Civ. P. 37(b) to compel compliance with discovery orders and Defendants never cited Fed. R. Civ. P. 37(a). There is no basis to award expenses against a party whose motion to compel compliance with discovery orders, brought pursuant to Fed. R. Civ. P. 37(b) is denied. The Trustee's Motion must, therefore, be denied.

Even if Defendants had expressly cited or relied on Fed. R. Civ. P. 37(a), which they did not, there is no basis to award expenses in connection with Defendants' appeal of Judge Maas' January 2, 2019 Order denying Defendants' application for discovery sanctions. Under the "bedrock principle known as the American Rule: Each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." *Baker Botts L.L.P. v. ASARCO LLC*, 135 S. Ct. 2158, 2164 (2015). The American Rule cannot be deviated from "'absent explicit statutory authority.'" *Id*. (citation omitted). There is no statutory authority whatsoever to award expenses incurred in connection with an appeal of a discovery arbitrator's order. Fed. R. Civ. P. 37 only permits an award of expenses "incurred in opposing the ***motion***, including attorneys' fees." Fed. R. Civ. P. 37(a)(5)(A) (emphasis added). The Rule does not authorize fees in opposing an appeal. Thus, it would violate the American Rule to award the Trustee any of the approximately $45,000

---

[1]  Unless otherwise indicated, all ECF references are to the docket in Adv. Pro. No. 08-1789.

in expenses he seeks in connection with the appeal.  Indeed, this Court itself granted Defendants

leave to appeal.  Thus, it would constitute an abuse of discretion for this Court to now sanction

Defendants.  *See Mantell v. Chassman*, 512 F. App'x 21, 24 (2d Cir. 2013).

Although this Court does not need to reach this question, Defendants' application was

substantially justified.  There were Court Orders requiring Defendants to produce all of the third-

party documents evidencing the purchase of actual securities (the "Trading Records").  Indeed,

during a hearing on June 29, 2017, this Court reminded the Trustee that there are "two orders

directing you to turn over the documents."  *See* Chaitman Decl., Ex. H, June 29, 2017 Transcript

at 74:14-15 Defendants were also substantially justified in requesting access to the BLMIS

Database, which would have resolved a multi-year dispute and presumably could have been done

as simply and inexpensively as by supplying a username and password.  Moreover, the evidence

shows that Defendants' efforts were justified, and partially successful, because, as a result of their

discovery applications, they have obtained trading records that the Trustee had not previously

produced.  Therefore, the Defendants are a prevailing party under Fed. R. Civ. P. 37.

As established at the trial of the Nelsons' cases conducted on May 8 and 9, 2019, the

Trustee's representations that Madoff never purchased securities with investment advisory

customers' money has been demonstrably false from inception.  *Picard v. Carol & Stanley Nelson*,

(*"Nelson"*), Adv. Pro. No. 10-04377, ECF Nos. 174, 176-2.  Indeed, after repeatedly testifying

falsely on direct examination that Madoff never purchased securities with investment advisory

customers' money, the Trustee's expert, Bruce Dubinsky, admitted on cross-examination that

Madoff did buy securities with investment advisory customers' money.  *Nelson*, ECF No. 174 at.

10-14.  And the documentary evidence at trial demonstrated, for example, that in many instances,

**the treasury bills listed on the Nelsons' statements were owned by Madoff at the time, as**

**proven by the third-party statements of trading firms through which Madoff purchased treasury bills with investment advisory customers' money.** For example, as of May 31, 2008, the total account value of the Nelsons' accounts was $10,343,972.50. As of that same date, the total value of provable treasury bills in the Nelsons' accounts was $10,262,587.50 which represented 99.2% of the total account value. *Nelsons*, ECF No. 274 at 21-22.

Finally, the Trustee is not entitled to an award of attorneys' fees because his fee application is deficient for numerous reasons. The Trustee has not submitted an attorney declaration that complies with Second Circuit standards governing fee awards; nor has he submitted contemporaneously recorded time entries as required under *New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1147 (2d Cir. 1983). The Trustee engages in block billing, and seeks reimbursement for time entries that are vague, excessive, duplicative, and beyond those that were "incurred in opposing the motion." Additional grounds for denying the Motion are set forth *infra*.

## STATEMENT OF FACTS

A full statement of the facts underlying the dispute over the Trading Records is set forth in the accompanying Declaration of Helen Davis Chaitman, executed on January 13, 2020, in opposition to the Trustee's Motion ("Chaitman Decl.") and is incorporated by reference.

## STANDARD OF REVIEW

Under Fed. R. Civ. P. 37(b), a litigant may move for sanctions if a party fails to comply with a discovery order. *See* Fed. R. Civ. P. 37(b)(2)(A) (illustrating possible sanctions available "for not obeying a discovery order"). Under Fed. R. Civ. P. 37(a), a party may move for an order compelling disclosure or discovery. *See* Fed. R. Civ. P. 37(a). If a party moves for sanctions under Fed. R. Civ. P. 37(b), and that motion is denied, Fed. R. Civ. P. 37 does not supply any authority to sanction the movant.

If a motion to compel disclosure or discovery under Fed. R. Civ. P. 37(a) is denied – in contrast to motions brought under Fed. R. Civ. P. 37(b) – the Court "must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(B). A party who successfully defends against a motion brought under Fed. R. Civ. P. 37(a), however, is not permitted to recover fees where "the motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B). A motion is substantially justified if it is "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). "On many occasions, to be sure, the dispute over discovery between the parties is genuine, though ultimately resolved one way or the other by the court. In such cases, the losing party is substantially justified in carrying the matter to court." Fed. R. Civ. P. 37(a)(4), Advisory Committee Notes to 1970 Amendment.

Moreover, a party is only entitled to expenses for prevailing on a motion brought under Fed. R. Civ. P. 37(a) if the party first attempted to confer in good faith to resolve the dispute without court action. Fed. R. Civ. P. 37(a)(5)(A)(i)-(B). Awards of expenses in defending a motion under Fed. R. Civ. P. 37(a) are strictly limited to those "incurred in opposing the motion." Fed. R. Civ. P. 37(a)(5)(B). If a party seeks attorneys' fees for prevailing on a motion brought under Fed. R. Civ. P. 37(a), that party must establish the reasonableness of its fee request by filing a fee application that complies with relevant standards in the Second Circuit governing fee awards, including by submitting contemporaneously recorded time entries. *Carey*, 711 F.2d at 1147. Awards of expenses under Fed. R. Civ. P. 37 are not punitive but only designed to have a

compensatory and deterrent aspect. *S.E.C. v. Yorkville Advisors, LLC*, 2015 WL 855796, at *9 (S.D.N.Y. Feb. 27, 2015).

## **ARGUMENT**

### I.    **The Trustee cannot be awarded expenses under Fed. R. Civ. P. 37(a)(5)(B) because Defendants' application to Judge Maas was brought pursuant to Fed. R. Civ. P. 37(b)**

The Trustee seeks an award of expenses pursuant only to Fed. R. Civ. P. 37(a)(5)(B). Expenses can be awarded under that only Rule if a party unsuccessfully brings one of the motions specifically enumerated under Fed. R. Civ. P. 37(a)(3). The Trustee seeks expenses only in connection with the most recent application before Judge Maas, resulting in the entry of the January 2, 2019 Order, as well as Defendants' appeal of Judge Maas' January 2, 2019 Order. Defendants' most recent application to Judge Maas was an application for sanctions under Fed. R. Civ. P. 37(b) for failure to obey discovery orders. Therefore, since the Trustee does not seek expenses in connection with any motion brought under Fed. R. Civ. P. 37(a)(3), the Trustee is not entitled to any expenses under Fed. R. Civ. P. 37(a)(5)(B).

The most recent application to Judge Maas was commenced by the filing of a Joint Letter on September 20, 2018 (the "Joint Letter"). *See* Chaitman Decl., Ex. AE. Nowhere in the Joint Letter do Defendants even cite Fed. R. Civ. P. 37(a). Rather, Defendants cite only Fed. R. Civ. P 37(b), Chaitman Decl., Ex. AE at 4 – and Defendants sought sanctions for failure to comply with discovery orders – because the entire premise of Defendants' application was that they perceived the Trustee to have violated court orders requiring the Trustee to produce the Trading Records. Chaitman Decl., Ex. AE. Based on those violations, as Defendants perceived them, Defendants asked Judge Maas to sanction the Trustee pursuant to Fed. R. Civ. P. 37(b). There is no authority under Fed. R. Civ. P. 37 to sanction Defendants for bringing a denied motion under Fed. R. Civ. P. 37(b). *Compare* Fed. R. Civ. P. 37(a)(5) (expenses may be awarded to a prevailing party for

motions brought under Fed. R. Civ. P. 37(a)) *with* Fed. R. Civ. P. 37(b)(2)(A)-(C) (expenses may

only be awarded against the "disobedient party" when a motion is brought under Fed. R. Civ. P.

37(b)); *see also Beck v. Test Masters Educ. Servs., Inc.*, 289 F.R.D. 374, 381 (D.D.C. 2013) ("A

motion for sanctions is not a 'motion for an order compelling disclosure or discovery,' and so is

not a Rule 37(a) motion.   Indeed, in the Second Motion plaintiffs sought expenses under

Rule 37(b) and did not purport to seek them under Rule 37(a).").

Defendants have consistently maintained that they were asking for Judge Maas and this

Court to enforce discovery orders that Defendants believed had already been entered, rather than

asking for an order compelling discovery under Fed. R. Civ. P. 37(a).   For example, Defendants'

letter to Judge Maas in February 2017, *see* Chaitman Decl., Ex. N, which resulted in the entry of

Judge Maas' March 15, 2017 Order, also did not refer to Fed. R. Civ. P. 37(a) and instead was

premised entirely on Defendants' understanding that the Trustee had violated discovery orders.

Defendants' February 21, 2017 letter made clear that Defendants' application was

premised on the following allegations, clearly demonstrating that it was an application under Fed.

R. Civ. P. 37(b): "Judge Bernstein ordered the Trustee to produce all of Madoff's trading records;"

"Judge Bernstein has always made it clear that the Trustee has an obligation to produce *all* of

Madoff's trading records;" "Judge Bernstein did not limit his Order in any way.   Judge Bernstein

ordered the Trustee to produce *all* trading records – just as defendants have been required to

produce all of their documents, no matter how burdensome.   The Trustee has ignored Judge

Bernstein's Order;" "Your Honor ordered the Trustee to produce all of Madoff's trading records;"

"Your Honor's Order required the Trustee to 'promptly' produce all trading records that have not

been produced;" "Judge Bernstein and Your Honor already ruled that the Trustee must produce *all*

trading records;" "Now, as a result of Your Honor's Order, the Trustee has produced some pre-

1992 trading records but he still has not produced all of them;" and "the plain terms of Your

Honor's Order are premised on the Trustee's full compliance with Your Honor's Order that he

produce **all** trading records." *See* Chaitman Decl., Ex. N (all emphasis in original). Thus, since at

least February 2017, Defendants' discovery applications have been brought pursuant to Fed. R.

Civ. P. 37(b) – not Fed. R. Civ. P. 37(a).

Consistent with Defendants' applications, Judge Maas' January 2, 2019 Order summarized

the dispute as follows: "In brief, the Defendants contend that the Trustee has intentionally and

contumaciously failed to produce records . . . The Trustee denied that he has failed to comply with

any court orders." January 2, 2019 Order, ECF No. 18354 at 2. Likewise, when this Court

ultimately denied Defendants' appeal of the January 2, 2019 Order, this Court understood that

"Defendants' principal contention is that I ordered the Trustee to produce all of the trading records

by putting them in the E-Data Room, the Trustee did not, the Discovery Arbitrator ignored the

Courts order and '[t]he January 2, 2019 Order must be reversed on this basis alone.'" August 26,

2019 Order at 20, ECF No. 18961 (citing Defendants' appeal papers).

Thus, as this Court previously recognized, Defendants' applications were made pursuant

to Fed. R. Civ. P. 37(b). There is no authority for this Court to award the Trustee expenses simply

because Defendants' application for discovery sanctions was denied.

Although Defendants' application also requested Judge Maas to compel the Trustee to

share access to the BLMIS Database, that application was not made pursuant to Fed. R. Civ. P.

37(a). Rather, that request was ancillary to Defendants' application for sanctions and it was

suggested as a remedy for the Trustee's perceived violations of discovery orders and to resolve a

multi-year dispute.[2]  Specifically, Defendants explained at length in the September 20, 2018 Joint

Letter that "[t]he Trustee has been repeatedly ordered to produce all trading records," and this was

the basis for their application.  Chaitman Decl., Ex. AE.  Premised on the Trustee's alleged failure

to comply with discovery orders, Defendants requested relief, one form of which included access

to the BLMIS Database.  Chaitman Decl., Ex. AE at 4 (***"Under Rule 37(b)(2),*** the Trustee is

obligated to pay the costs of production and, in addition, to pay the Defendants' reasonable

attorneys' fees in seeking the Trustee's compliance with two court orders.") (emphasis added).

Thus, Defendants' application was brought pursuant to Fed. R. Civ. P. 37(b).  Defendants'

motion for sanctions was denied.  There is no authority under Fed. R. Civ. P. 37 to now sanction

Defendants for failing to obtain an order sanctioning the Trustee for violating discovery orders

under Fed. R. Civ. P. 37(b).

## II.    The Trustee is not entitled to expenses in connection with this appeal

Even if this Court were to treat Defendants' application to Judge Maas and this appeal as

being brought pursuant to Fed. R. Civ. P. 37(a) in addition to Fed. R. Civ. P. 37(b), there is no

authority under Fed. R. Civ. P. 37(a)(5)(B) to award expenses in connection with this appeal.

### A.    Fed. R. Civ. P. 37 does not provide any authority to award expenses in relation to an appeal of a discovery arbitrator's order

The majority of the expenses sought by the Trustee relate to the appeal of Judge Maas'

January 2, 2019 Order.  In total, the Trustee requests reimbursement of approximately $45,000 in

attorneys' fees relating to this appeal.  *See* Declaration of Max Shifrin in support of the Trustee's

---

[2]  Fed. R. Civ. P. 37 provides authority to enter such an order.  *See* Fed. R. Civ. P. 37(b)(2) (referring to illustrative but nonexhaustive list of remedies for litigant's failure to comply with discovery orders); Wright & Miller, Federal Practice &  Procedure, § 2289 ("Rule 37(b)(2) gives the court a broad discretion to make whatever disposition is just in the light of the facts of the particular case."); *id*. ("The court is not limited to the kinds of orders specified in Rule 37(b)(2) . . . .").

Motion for Attorney's Fees pursuant to Fed. R. Civ. P. 37(a)(5)(B), ECF No. 19139 ("Shifrin Decl.") at ECF No. 19139-4, ECF No. 19139-5. There is no authority under Fed. R. Civ. P. 37 whatsoever for awarding expenses in relation to an appeal of a discovery arbitrator's order.

Under the "bedrock principle known as the American Rule: Each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." *Baker Botts L.L.P.*, 135 S. Ct. at 2164. The American Rule cannot be deviated from "'absent explicit statutory authority.'" *Id.* (citation omitted). There is no authority whatsoever under Fed. R. Civ. P. 37(a) to award expenses incurred in connection with an appeal of a discovery arbitrator's order. Thus, it would violate the American Rule to award the Trustee any of the approximately $45,000 in expenses he seeks in connection with this appeal.

Fed. R. Civ. P. 37 only permits an award of expenses "incurred in ***opposing the motion***, including attorneys' fees." Fed. R. Civ. P. 37(a)(5)(A) (emphasis added). Expenses can be awarded under this Rule only if one of the ***motions*** specifically enumerated in Fed. R. Civ. P. 37(a)(3) is made. The motions under Fed. R. Civ. P. 37(a)(3) for which expenses may be awarded under Fed. R. Civ. P. 37(a)(5)(a) are very limited and are interpreted narrowly. *See* Fed. R. Civ. P. 37(a)(3) (referring to "Specific Motions"); *Spirit Realty, L.P. v. GH&H Mableton, LLC*, 319 F.R.D. 474, 476 (S.D.N.Y. 2017) (parties cannot be awarded expenses in connection with motion to quash subpoena because that is not one of the specific motions listed in Fed. R. Civ. P. 37); Wright & Miller, Federal Practice & Procedure, § 2288 (observing that sanctions under Fed. R. Civ. P. 37 are awarded only to specific motions and there are "still some motions relating to discovery in connection with which an award of expenses is not authorized by Rule 37(a)(5)").

Stated simply, there is no authority under Fed. R. Civ. P. 37 for the Trustee's request for expenses in connection with an appeal. The closest authorities, involving motions for

reconsideration of motions awarding sanctions under Fed. R. Civ. P. 37, are to the contrary. *See Telluride Mgmt. Sols., Inc. v. Telluride Inv. Grp.*, 55 F.3d 463, 467 (9th Cir. 1995) (magistrate judge cannot award expenses under Fed. R. Civ. P. 37(a)(4) for reconsideration of motion awarding sanctions under Fed. R. Civ. P. 37(a)(4)); *Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.,* 982 F.2d 363, 368 (9th Cir. 1992) ("Although Rule 37 provides for fees and costs incurred in making a motion to compel, it does not provide those sanctions for defending a motion for reconsideration. ***[We have] foreclosed the application of Rule 37 sanctions . . . where a party's alleged discovery-related misconduct is not encompassed by the language of the rule.***") (emphasis added); *Stead v. Unified Sch. Dist. No. 259 Wichita Pub. Sch.*, 2014 WL 3854231, at *4 (D. Kan. Aug. 6, 2014) ("[T]he court finds no persuasive support for the imposition of sanctions for responding to plaintiff's motion for reconsideration.").[3]

## B. <u>The Trustee cannot be awarded expenses in connection with this appeal because this Court granted leave to Defendants to file this appeal</u>

An additional reason why the Trustee cannot be awarded expenses in connection with this appeal is that this Court granted Defendants leave to appeal after the parties laid out precisely what the issues were. *Wilenitz,* ECF. Nos. 126, 126-1-10, 129. It would constitute reversible error for this Court to award sanctions under these circumstances. *Mantell*, 512 F. App'x at 24 (holding that the magistrate judge abused his discretion when "the magistrate judge invited him to file objections to Shapiro's January 2011 declaration of attorney's fees and costs, but then sanctioned Mantell for doing so by awarding fees associated with Shapiro's June 2011 reply"). If Defendants' conduct was sanctionable, this Court could have determined that from the pre-motion submissions to the Court concerning Defendants' request to appeal and the Trustee's opposition. This Court

---

[3] Judge Maas would have had authority to hear a motion by the Trustee for fees. *See* Fed. R. Civ. P. 53(c)(2) (special master may impose sanctions pursuant to Fed. R. Civ. P. 37). The Trustee failed to bring that motion in front of Judge Maas.

could have easily just affirmed the magistrate or denied the request for leave to appeal; it did not need to grant Defendants' request for leave to appeal and then invite the Trustee to bring a motion for sanctions after affirming.

### C.   It would be unjust to award the Trustee his expenses in connection with the appeal and to require Defendants to pay Judge Maas' invoices

Even if the Trustee were to somehow establish that Fed. R. Civ. P. 37 could apply to appeals, an award of expenses in connection with the appeal should be denied because it would be unjust.  Fed. R. Civ. P. 37(a)(5)(B) (prevailing party cannot recover expenses where "the motion was substantially justified or other circumstances make an award of expenses unjust"); *see Rachel-Smith v. FTData, Inc.*, 247 F. Supp. 2d 734, 739 (D. Md. 2003) ("Given the number and types of discovery disputes – many of them *de minimis* – that have occurred over the course of the present litigation, an award of fees here would be unjust. Plaintiff will therefore not be required to pay Defendant's attorney's fees and costs for the filing of the motion for sanctions.").  An award of expenses could be unjust where a party advances a credible position or equitable considerations dictate that expenses should not be awarded.  *Petro-Hunt, L.L.C. v. United States*, 113 Fed. Cl. 80, 83 (2013).

The appeal only became necessary because the parties agreed to the Order Appointing Arbitrator which was designed to facilitate judicial economy, ECF No. 14283 at 2, and to provide an inexpensive resolution to disputes.  *Id.*, ¶ 8.  If this procedure had not been used, there would be no need for an appeal.  And, therefore, there would be no basis for the Trustee to now request reimbursement for approximately $45,000 in connection with the appeal.  To now impose Defendants with an additional $45,000 in expenses would be entirely contrary to the purpose for which disputes were referred to Judge Maas in the first place, and contrary to the Trustee's agreement to incur the expenses in connection with referring discovery disputes to Judge Maas.

For these same reasons, the Trustee's request that Defendants pay Judge Maas' invoices, which were the Trustee's responsibility, should be denied.

### III.    The Trustee produced documents in response to Defendants' applications and, therefore, Defendants partially prevailed, making an award of expenses unjust

Under Fed. R. Civ. P. 37(b)(1)(c), "[i]f the motion is granted in part and denied in part, the court may . . . after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Further, under Fed. R. Civ. P. 37(a)(5)(A), if a party produces discovery after a motion to compel is filed, the moving party is treated as the prevailing party for purposes of fee shifting. *See* Wright & Miller, Federal Practice & Procedure § 2288 (3d ed.) ("[I]f the requested discovery or disclosure is only provided after the motion has been filed, the party or deponent whose conduct necessitated the motion shall be required to pay to the moving party the reasonable expenses, including attorney's fees . . . ."). Here, the Trustee produced Trading Records from the Queens Warehouse production, after Defendants' application was filed with Judge Maas.

Thus, even if this Court could find that the Trustee prevailed on a motion brought pursuant to Fed. R. Civ. P. 37(a), it should nonetheless not award expenses because Defendants also prevailed to the extent the Trustee made document productions of Trading Records in response to Defendants' applications. *See* Fed. R. Civ. P. 37(a)(5)(A); *Lifeguard Licensing Corp. v. Kozak*, 2016 WL 3144049, at *5 (S.D.N.Y. May 23, 2016) ("[A]ny award of fees to the defendants would be offset by the fees to which the plaintiffs would be entitled by virtue of having prevailed on other issues."); *Mayo-Coleman v. Am. Sugar Holding, Inc*, 2016 WL 7378767, at *1 (S.D.N.Y. Nov. 16, 2016) (holding that "the parties should bear their own motion-related expenses, including the attorneys' fees incurred in connection with the motion to compel," when the motion to compel was only partially successful and the party resisting discovery was substantially justified in failing to disclose); *Tri-Star Pictures, Inc. v. Unger*, 171 F.R.D. 94, 103 (S.D.N.Y. 1997) (award of expenses

to either party would be unjust where each party obtained partial success in discovery dispute); *Rhein Med., Inc. v. Koehler*, 889 F. Supp. 1511, 1518 (M.D. Fla. 1995) (litigant's failure to produce requested discovery for over a month warranted imposition of costs even though tape was provided after defendant filed motion to compel thereby resulting in the motion to compel being denied as moot).

Indeed, given that the Trustee withheld Trading Records located in the Queens Warehouse, it is the Defendants who should be entitled to fees.  *See* Fed. R. Civ. P. 37(a)(5)(A); Chaitman Decl., ¶ 59.  There are presumably additional trading records in the BLMIS Database that still have not been produced.  Had Defendants not pursued their discovery applications, the Trustee undoubtedly would not have produced any of these documents.  Thus, Defendants partially prevailed, they were substantially justified in making their discovery applications, and it would be unjust to now require Defendants to pay for the expenses associated with this motion practice.

## IV.    Defendants were substantially justified in requesting access to the BLMIS Database and in reasonably believing that the Trustee had violated discovery orders

As already held by Judge Maas and this Court, there is no doubt that the Trading Records are important.  Since the Trustee had already created the BLMIS Database, it would have imposed virtually no burden on the Trustee to simply share access to it.  Defendants, therefore, were substantially justified in requesting access to it, and this would have resolved this entire dispute. *See Mary Imogene Bassett Hosp. v. Sullivan*, 136 F.R.D. 42, 48 (N.D.N.Y. 1991) (compelling hospital to share access to a database containing over 84 million documents despite federal privacy regulations); *Wyeth v. Impax Labs., Inc.*, 248 F.R.D. 169, 172 (D. Del. 2006) (requiring party to share access to voluminous document production, without regard to cost of sharing access, when that party had already made that document production for its own benefit in a separate litigation); *see also Chen-Oster v. Goldman, Sachs & Co.*, 285 F.R.D. 294, 305 (S.D.N.Y. 2012) ("data dump"

compared to a "targeted production" is not burdensome).  Moreover, this request was substantially

justified because there was no other way to obtain the documents in the Trustee's possession

because if Defendants were to serve a subpoena, no third party would still have records for the

relevant time periods.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i) (discovery is more likely to be allowed

where it cannot be obtained from a more convenient source).

Defendants were also substantially justified in interpreting the Orders of this Court and

Judge Maas as requiring the Trustee to produce the Trading Records.  This Court previously

reminded the Trustee that there are "two orders directing you to turn over the documents."  *See*

Chaitman Decl., Ex. H, June 29, 2017 Transcript at 74:14-15.

Further, even if one were to agree that the entry of a formal order was necessary,

Defendants believed, reasonably, that a formal order was entered January 4, 2017 once this matter

was referred to Judge Maas.  That Order required the Trustee to produce all trading records.  *See*

Chaitman Decl., Ex. L,  January 4, 2017 Order, ECF No. 14807 at 3 ("To the extent there are any

additional relevant records of securities trading that have not been made available . . . through Data

Room 1, they must promptly be produced.").  Thus, there should have been no ambiguity that the

Trustee was required to produce all Trading Records.

Further, Defendants reasonably believed that the Trustee represented that he would be

producing all Trading Records because the Trustee's production of Trading Records was designed

to allow the Trustee to avoid having to answer interrogatories by doing his own analysis.  The

Trustee's position has been that he can answer interrogatories by producing the Trading Records.

*See* Chaitman Decl., Ex. F, May 17, 2016 Tr. at 69:5-8 ("I understand that it's a lot of work – i[f]

you want the Trustee to do this for you, but you're going to have to do this yourself if this stuff is

available.").  However, Defendants' interrogatories could only be answered if the Trustee actually

produced all of the Trading Records and, therefore Defendants reasonably interpreted the Trustee's statements and the court orders to require the Trustee to produce all Trading Records.   If Defendants misinterpreted the rulings of this Court and Judge Maas, any such misinterpretations were reasonable and, therefore, Defendants' conduct was substantially justified.

**V.**     **The Trustee is not entitled to an award of expenses because he demanded that the parties engage in motion practice rather than continue the meet-and-confer process**

Under Fed. R. Civ. P. 37, the movant must certify that it conferred (or attempted to confer) with the recalcitrant party in good faith to resolve a discovery dispute. *See* Fed. R. Civ. P. 37(a)(1) ("The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery."). The Trustee is not entitled to fees because he has provided no such certification. *Arons v. Lalime*, 167 F.R.D. 364, 368 (W.D.N.Y. 1996) (motion to compel discovery "was denied primarily because . . . the papers did not contain a certification or an affidavit detailing 'sincere attempts' to resolve the dispute without the need for court action").

Indeed, it was the Trustee's decision to abruptly terminate the meet-and-confer process and instead require motion practice. Defendants sent the Trustee a letter on September 14, 2018 attempting to continue the meet-and-confer process in order to resolve this discovery dispute without court intervention. *See* Chaitman Decl., Ex. AD. However, the Trustee refused Defendants' attempt to continue the meet-and-confer process and instead demanded that motion practice be brought before Judge Maas. As stated by the Trustee in his September 17, 2018 letter to Defendants' counsel, "[i]t is clear to us we ***will need Judge Maas's assistance*** if we are to come to any resolution, ***and we therefore encourage you to submit the joint letter at your earliest convenience.*** " Chaitman Decl., Ex. Z (emphasis added).

The September 20, 2018 Joint Letter, therefore, constituted both a motion by Defendants to enforce a discovery order and a motion for a protective order by the Trustee. "Rule 37(a)(5) applies to the award of expenses" in connection with a motion for a protective order. Fed. R. Civ. P. 26(c)(3). Under Fed. R. Civ. P. 37(a)(5)(A)(i), a party who obtains a protective order is not entitled to an award of attorneys' fees unless the movant supplies a certification that "the movant filed the motion before attempting in good faith . . . [to resolve the dispute] without court action." Rather than attempting to avoid court intervention, the Trustee told Defendants that he "will need Judge Maas's assistance . . . . and we therefore encourage you to submit the joint letter at your earliest convenience." Chaitman Decl., Ex. Z. Thus, the Trustee is precluded from obtaining expenses under Fed. R. Civ. P. 37.

## VI.   Expenses cannot be awarded because the Trustee's fee application is deficient

### A.   The Trustee has not submitted contemporaneous time records

Attorneys' fee awards under Fed. R. Civ. P. 37 are calculated pursuant to the lodestar method. *See, e.g.*, *Monaghan v. SZS 33 Assocs., L.P.*, 154 F.R.D. 78, 83 (S.D.N.Y. 1994). Among other requirements, the fee applicant must establish, through an attorney declaration, that the expenses sought were reasonable and that the time records were contemporaneously entered. In the Second Circuit, "contemporaneous time records are a prerequisite for attorney's fees." *Carey*, 711 F.2d at 1147. Notably absent from the Trustee's Motion is any indication whatsoever that the legal fees sought are reasonable or that any time records were contemporaneously recorded. His fee application must, therefore, be denied.

### B.   A reduction for block billing is necessary

The Trustee also engages in impermissible block billing. Block billing is "the practice of aggregating multiple tasks into one billing entry." *Alexander v. Amchem Prod., Inc.*, 2008 WL 1700157, at *8, n.9 (S.D.N.Y. Apr. 3, 2008) (internal quotation marks omitted). This "renders it

difficult to determine whether, and/or the extent to which, the work done by . . . attorneys is duplicative or unnecessary." *Id.* Therefore, courts should apply "percentage cuts" where there is substantial block billing in a fee request. *Id.*; *see Sea Spray Holdings, Ltd. v. Pali Fin. Group, Inc.,* 277 F.Supp.2d 323, 326 (S.D.N.Y. 2003) (15% reduction for block billing and excessive time entries); *Aiello v. Town of Brookhaven,* 2005 WL 1397202 at *3 (E.D.N.Y. June 13, 2005) (applying 10% reduction to billed hours because of block billing); *Molefi v. Oppenheimer Trust,* 2007 WL 538547, at *7 (E.D.N.Y. Feb. 15, 2007) (applying 15% reduction for block billing and excessive billing). The Trustee's use of block billing obscures the Trustee's billing records and makes it difficult to ascertain whether the Trustee is requesting reimbursement for duplicative and/or excessive time entries.

The Trustee's block billed time entries on November 19, 2018, which was the date of the arbitration with Judge Maas, provide an example. The arbitration lasted no longer than 85 minutes. Chaitman Decl., Ex. A, November 19, 2018 Tr. The Trustee's counsel seeks reimbursement for three separate time entries on that date, each one block billed, totaling 7.7 hours. One such time entry consists of 2.5 hours of attorney time to "[p]articipate in Chaitman LLP arbitration before Judge Maas; confer with Mr. Cremona regarding same." *See* Shifrin Decl., ECF No. 19139-2. Given that the arbitration lasted no longer than 85 minutes, the Trustee's block billed time entry suggests that the Trustee's counsel is seeking reimbursement for an intraoffice conference about the arbitration lasting, apparently one hour. Indeed, the intraoffice conference about the arbitration apparently lasted nearly as long as the arbitration itself.

The Trustee's block billing also obscures whether the Trustee is seeking reimbursement for duplicative time entries. A second of three block billed time entries on November 19, 2018 includes a 2.8 hour entry with the following description: "[p]repare for Chaitman LLP arbitration

before Judge Maas; confer with Mr. Cremona regarding same." *See* Shifrin Decl., ECF No. 19139-2. It is unclear whether this was the same intraoffice conference referred to *supra*, already block billed in that 2.5 hour time entry, or whether this refers to a second intraoffice conference regarding the arbitration. If this was a second intraoffice conference, it is also unclear how much time was spent on this intraoffice conference compared to preparing for the arbitration.

The Trustee's use of block billing also obscures what are presumably requests for travel time. Presumably a portion of the 2.8 time entry on the date of the arbitration, in which the Trustee prepared for the arbitration, involves travel time. But the amount of travel time is obscured by the Trustee's use of block billing. "[A]ttorney-fee awards in the Southern District of New York frequently compensate travel expenses at 50% of counsel's reasonable hourly rate." *Moreno v. Empire City Subway Co.*, 2008 WL 793605, at *5 (S.D.N.Y. Mar. 26, 2008). Since the Trustee uses block billing, which presumably obscures travel time, a further reduction is warranted.

In sum, the Trustee obscures excessive time entries, duplicative time entries, entries that probably involve travel time, and it is generally difficult to ascertain the reasonableness of the time entries for which reimbursement is sought.

### C. A reduction is necessary for vague and, likely excessive, time entries

An additional percentage cut is necessary because the Trustee's time entries are vague and excessive. Vague and excessive time entries are found, primarily, in connection with the Trustee's entries relating to this appeal. *See* Shifrin Decl., ECF Nos. 19139-4, 19139-5. These vague and excessive time entries consist of over 80 hours in attorney time or approximately $45,000 in connection with this appeal. These time entries do not indicate the particular services performed on any specific date other than to generally indicate that the Trustee prepared and filed an opposition to Defendants' appeal over a period of time. Shifrin Decl., ECF No. 19139-5.

Since the Trustee fails to specify what services were performed except in very generalized terms, this prevents Defendants and the Court from evaluating the reasonableness of these time entries. Although the Trustee apparently performed "research of cases," and conducted numerous intraoffice conferences, there is no indication as to what was researched or what was discussed, other than generalized references to the Trustee's opposition to Defendants' appeal. *See* Shifrin Decl., ECF Nos. 19139-4, 19139-5.

These vague time entries, constituting a reimbursement request of approximately $45,000, were excessive considering the Trustee asserts that the appeal was simply a repackaging of arguments that Defendants had already made over the course of multiple motions before this Court and Judge Maas. Specifically, according to the Trustee, this Court should not have granted leave for Defendants to appeal because "[i]n denying Ms. Chaitman's renewed motion to compel for the second consecutive time, Judge Maas carefully considered this entire record and rejected the same arguments and accusations Ms. Chaitman has lodged repeatedly for years (and lodges again)." Trustee's January 22, 2019 letter in opposition to Defendants' request for leave to appeal, *Wilenitz*, ECF No. 127. According to the Trustee, he has always been "very clear," over the course of a multi-year judicial proceeding, as to which Trading Records he would and would not be producing. According to the Trustee, he made his position "very clear" in response to Defendants' discovery requests; in "multiple letters" to Defendants' counsel and the Court; and in connection with "various briefing[s]" on discovery motions. May 1, 2018 Tr., ECF No. 18635, at 12. According to the Trustee, he has "been clear . . . all the time." If the Trustee's representations were true, then there would have been no need to generate any new work product in connection with this appeal. Thus, his request for $45,000 in fees relating to this appeal is excessive.

Vague and excessive time entries require a percentage cut. *Yorkville Advisors, LLC,* 2015 WL 855796, at *13 ("To the extent defendants seek compensation for Weiner's review and analysis of the SEC's opposition to the motion to compel, the description of 'legal analysis' and 'confer with Morgan' without further explanation are too vague to determine whether the fees requested are reasonable and warrants a reduction."); *Ragin v. Harry Macklowe Real Estate Co.,* 870 F.Supp. 510, 520 (S.D.N.Y. 1994) (reducing fees where time entries contained such vague entries as "research for brief," "research and draft brief," and "draft and edit brief"); *Kirsch v. Fleet St., Ltd.,* 148 F.3d 149, 172-73 (2d Cir.1998) (upholding 20% reduction in billed time for vagueness and other deficiencies where many time entries merely read "letter to court," "staff conference," and "work on motion"); *Bravia Capital Partners, Inc. v. Fike*, 296 F.R.D. 136, 145 (S.D.N.Y.2013) (reducing time billed by 40% because time entries stating "[c]onfer with [various individuals]" were vague and there was insufficient information to relate the conversation to the motion); *Marisol A. ex rel. Forbes v. Giuliani,* 111 F.Supp.2d 381, 396-97 & n. 10 (S.D.N.Y. 2000) (concluding that "some of the time entries are so vague that the Court is unable to determine whether the time was reasonably expended"). In the event the court awards fees, a significant reduction is necessary for vague and excessive time entries.

### D. The Trustee could only be entitled to his "reasonable expenses incurred in opposing the motion"

Under Federal Rule of Civil Procedure 37(a)(5)(B), a party is only eligible for its "reasonable expenses incurred in opposing the motion." The Trustee impermissibly seeks reimbursement for three general categories of expenses that were not incurred in opposing the motion.

<u>First</u>, the Trustee seeks reimbursement for expenses incurred prior to the filing of Defendants' application. The parties' Joint Letter was submitted to Judge Maas on September 20,

2018.  *See* Chaitman Decl., Ex. AE.  If the Joint Letter is considered the relevant motion under

Fed. R. Civ. P. 37 for triggering an award of expenses, then all expenses incurred by the Trustee

prior to its filing are not compensable because they were not "incurred in opposing the motion."

The requirement that expenses be "incurred in opposing the motion" is strictly construed, and

reimbursement requests for time incurred prior to filing the motion, or otherwise not incurred

strictly in opposing the motion, must be denied.  *Spirit Realty, L.P. v. GH&H Mableton, LLC*, 319

F.R.D. 474, 477, n.3 (S.D.N.Y. 2017) ("The Court notes further that plaintiff is entitled only to its

reasonable expenses 'in making the motion,' Rule 37(a)(5) – not for expenses relating to its

communications with defendant regarding the discovery dispute before the motion was made.").

Thus, the Trustee's time entries prior to September 20, 2018 are not compensable.  Shifrin Decl.,

ECF No. 19139-1.  This would include all but one of the Trustee's time entries listed on Exhibit

A to the Shifrin Declaration.

Second, time entries relating to conferring about the discovery dispute with Defendants'

counsel after the motion was filed, including conferring with Defendants' counsel regarding that

Discovery dispute on March 26, 2019, and ultimately allowing Defendants to access the Queens

Warehouse are not compensable.  *See* Shifrin Decl., ECF No. 19139-5.  These expenses are not

"incurred in opposing the motion."  *Spirit Realty, L.P.*, 319 F.R.D. at 477, n.3.

Third, time entries relating to conferring internally for unknown reasons with unidentified

personnel at Baker & Hostetler, including a Ms. Turner, Ms. Boga, and Mr. Villamayor are not

compensable.  *See* Shifrin Decl., ECF No. 19139-5.  Thus, the Trustee is not entitled to these three

categories of expenses because they were not strictly "incurred in connection with opposing the

motion."

**E.   The Trustee has not even attempted to make a showing that his hourly rates are reasonable even though they are presumptively unreasonable because they are in excess of the rates that the Trustee charges to SIPC**

Attorneys can only be awarded reasonable fees.  A "fee applicant has the burden of showing by 'satisfactory evidence – in addition to the attorney's own affidavits' – that the requested hourly rates are the prevailing market rates." *Farbotko v. Clinton Cnty.*, 433 F.3d 204, 209 (2d Cir. 2005). The hourly rates used in making a fee award should be "what a reasonable, paying client would be willing to pay." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany,* 522 F.3d 182, 184 (2d Cir. 2008).  The Trustee has not even attempted to make a showing that the requested hourly rates are the prevailing market rates, or otherwise reasonable.  Thus, the fee application should be denied for this reason.

Indeed, the Trustee requests reimbursement at hourly rates that are presumptively unreasonable because they are higher than the hourly rates he charges to SIPC.  "[T]he actual fee arrangement between a party and its counsel is relevant evidence of what constitutes a 'reasonable' fee."  *See, e.g., Bleecker Charles Co. v. 350 Bleecker St. Apartment Corp.,* 212 F.Supp.2d 226, 230 (S.D.N.Y. 2002) ("As numerous courts have recognized, negotiation and payment of fees by sophisticated clients are solid evidence of their reasonableness in the market . . . .").  When the Trustee seeks reimbursement from SIPC, he discounts his hourly rates by 10%.  However, he now seeks reimbursement without the 10% discount and, hence at a higher hourly rate than he charges to his own client.  Thus, the Trustee's fee request is presumptively unreasonable, and the fee application should be denied.

**VII.   The Trustee's motion should be denied in its entirety because the expenses requested are unreasonable**

Since the Trustee's expense request is unreasonable, it should be denied in its entirety.  *See Sit n' Stay Pet Servs. Inc. v. Hoffman*, 2019 WL 719825, at *6 (W.D.N.Y. Feb. 1, 2019); *First*

*State Insurance Group v. Nationwide Mutual Insurance Co.*, 402 F.3d 43, 44 (1st Cir. 2005)

("Where the attorneys' fees requested are unreasonably excessive, it is within a court's discretion

to deny fees entirely.").  Here, the Trustee's fee requested should be denied in its entirety because

it is grossly unreasonable for the following reasons:

- The Trustee seeks fees under Fed. R. Civ. P. 37, even though he is precluded from doing so on the basis that he failed to sufficiently meet and confer.  Fed. R. Civ. P. 37(a)(5)(A)(i) (a party who obtains a protective order is not entitled to an award of attorneys' fees if "the movant filed the motion before attempting in good faith . . . without court action");

- The Trustee seeks fees in connection with this appeal, but Fed. R. Civ. P. 37 does not permit the reimbursement of expenses in connection with an appeal;

- The Trustee has not submitted contemporaneous time records;

- The Trustee has not even asserted that his hourly rates are reasonable and he requests reimbursement at a higher hourly rate than he actually charges to his client;

- The Trustee has engaged in substantial block billing;

- The Trustee's obfuscated billing records presumably seek reimbursement for travel time without any discount;

- The Trustee seeks reimbursement for time entries that are vague, excessive, and duplicative;

- The Trustee requests reimbursement for Judge Maas' time entries, even though it was the Trustee who crafted the procedure through which discovery disputes would be referred to Judge Maas, and it was the Trustee he told Defendants to submit this dispute to Judge Maas; and

- The Trustee requests expenses that were not "incurred in opposing the motion."

Taken together, all of these deficiencies with the Trustee's fee request render it so deficient

that it should be denied in its entirety.

## <u>CONCLUSION</u>

For the reasons set forth herein and in the Chaitman Declaration, the Trustee's Motion

should be denied.

{00043512 4 }                                     23

Dated:   January 13, 2020                    **CHAITMAN LLP**
         New York, New York

                                        By:   */s/ Helen Davis Chaitman*_____
                                              Helen Davis Chaitman
                                              465 Park Avenue
                                              New York, New York 10022
                                              Phone & Fax: 888-759-1114
                                              hchaitman@chaitmanllp.com

                                              *Attorneys for Defendants-Appellants*