# EXHIBIT J

Page 1

```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------)
In re:                           ) SIPA LIQUIDATION
                                 )
BERNARD MADOFF INVESTMENT        ) No. 08-01789 (SMB)
SECURITIES LLC,                  )
                                 )
            Debtor.              )(Substantively
                                 ) Consolidated)
---------------------------------)
In re:                           )
                                 )
BERNARD L. MADOFF,               )
                                 )
            Debtor.              )
---------------------------------)
IRVING H. PICARD, Trustee for    )
the Liquidation of Bernard L.    )
Madoff Investment Securities     )
LLC,                             )
                                 ) Adv. Pro. No.
            Plaintiff,           ) 10-04995 (SMB)
                                 )
            v.                   )
                                 )
TRUST U/ART FOURTH O/W/O         )
ISRAEL WILENITZ,                 )
                                 )
EVELYN BEREZIN WILENITZ,         )
individually, and as Trustee     )
and Beneficiary of the Trust     )
U/ART Fourth O/W/O Israel        )
Wilenitz,                        )
                                 )
SARA SEIMS, as Trustee of the    )
Trust U/ART Fourth O/W/O         )
Israel Wilenitz,                 )
                                 )
            Defendants.          )
---------------------------------)

        (CAPTION CONTINUED ON THE NEXT PAGE)
```

08-01789-cgm   Doc 19253-10   Filed 01/13/20   Entered 01/13/20 19:16:28   Exhibit J
Pg 3 of 18
Trustees Motion to Compel Discovery                    Arbitration 12/13/2016

Page 2

```
 1   ------------------------------)
     IRVING H. PICARD, Trustee for  )
 2   the Liquidation of Bernard L.  )
     Madoff Investment Securities   )
 3   LLC,                           )
                                    ) Adv. Pro. No.
 4             Plaintiff,           ) 10-04818 (SMB)
                                    )
 5   v.                             )
                                    )
 6   TOBY HARWOOD,                  )
                                    )
 7             Defendant.           )
     ------------------------------)
 8   IRVING H. PICARD, Trustee for  )
     the Liquidation of Bernard L.  )
 9   Madoff Investment Securities   )
     LLC,                           )
10                                  ) Adv. Pro. No.
               Plaintiff,           ) 10-04914 (SMB)
11                                  )
     v.                             )
12                                  )
     EDYNE GORDON, in her capacity  )
13   as the executrix and primary   )
     beneficiary of the estate of   )
14   Allen Gordon,                  )
                                    )
15             Defendant.           )
     ------------------------------)
16   IRVING H. PICARD, Trustee for  )
     the Liquidation of Bernard L.  )
17   Madoff Investment Securities   )
     LLC,                           )
18                                  ) Adv. Pro. No.
               Plaintiff,           ) 10-04826 (SMB)
19                                  )
     v.                             )
20                                  )
     ESTATE OF BOYER PALMER, DIANE  )
21   HOLMERS, in her capacity as    )
     Personal Representative of the )
22   Estate of Palmer, and BRUCE    )
     PALMER, in his capacity as     )
23   Personal Representative of the )
     Estate of Boyer Palmer,        )
24                                  )
               Defendant.           )
25   ------------------------------)
```

Page 3

```
 1   ------------------------------)
     IRVING H. PICARD, Trustee for )
 2   the Liquidation of Bernard L. )
     Madoff Investment Securities  )
 3   LLC,                          )
                                   ) Adv. Pro. No.
 4              Plaintiff,         ) 10-04644 (SMB)
                                   )
 5   v.                            )
                                   )
 6   RUSSELL L. DUSEK,             )
                                   )
 7              Defendant.         )
     ------------------------------)
 8   IRVING H. PICARD, Trustee for )
     the Liquidation of Bernard L. )
 9   Madoff Investment Securities  )
     LLC,                          )
10                                 ) Adv. Pro. No.
                Plaintiff,         ) 10-04541 (SMB)
11                                 )
     v.                            )
12                                 )
     KENNETH W. PERLMAN; FELICE J. )
13   PERLMAN; and SANFORD S.       )
     PERLMAN,                      )
14                                 )
                Defendant.         )
15   ------------------------------)
     IRVING H. PICARD, Trustee for )
16   the Liquidation of Bernard L. )
     Madoff Investment Securities  )
17   LLC,                          )
                                   ) Adv. Pro. No.
18              Plaintiff,         ) 10-04728 (SMB)
                                   )
19   v.                            )
                                   )
20   BRUNO DIGIULIAN,              )
                                   )
21              Defendant.         )
     ------------------------------)
22
23
24
25
```

08-01789-cgm   Doc 19253-10   Filed 01/13/20   Entered 01/13/20 19:16:28   Exhibit J
Pg 5 of 18
Trustees Motion to Compel Discovery                    Arbitration 12/13/2016

Page 4

```
 1   -------------------------------)
     IRVING H. PICARD, Trustee for  )
 2   the Substantively Consolidated )
     SIPA Liquidation of Bernard L. )
 3   Madoff Investment Securities   )
     LLC and Bernard L. Madoff,     )
 4                                  ) Adv. Pro. No.
                     Plaintiff,     ) 10-04905 (SMB)
 5                                  )
     v.                             )
 6                                  )
     TRAIN KLAN, a Partnership;     )
 7   FELICE T. LONDA, in her        )
     capacity as a Partner in Train )
 8   Klan; CLAUDIA HELMIG, in her   )
     capacity as a Partner in Train )
 9   Klan; TIMOTHY LANDRES, in his  )
     capacity as a Partner in Train )
10   Klan; PETER LONDA, in his      )
     capacity as a Partner in Train )
11   Klan; TIMOTHY HELMIG, in his   )
     capacity as a Partner in Train )
12   Klan; and WENDY LANDRES, in her)
     capacity as a Partner in Train )
13   Klan,                          )
                                    )
14              Defendants.         )
     -------------------------------)
15   IRVING H. PICARD, Trustee for  )
     the Substantively Consolidated )
16   SIPA Liquidation of Bernard L. )
     Madoff Investment Securities   )
17   LLC and Bernard L. Madoff,     )
                                    ) Adv. Pro. No.
18                   Plaintiff,     ) 10-004621 (SMB)
                                    )
19   v.                             )
                                    )
20   DONALD A. BENJAMIN,            )
                                    )
21              Defendant.          )
     -------------------------------)
22
23
24
25
```

Page 5

1      TRUSTEE'S MOTION TO COMPEL DISCOVERY IN THE
2             THREE ADVERSARY PROCEEDINGS:
3
         i)  Picard v. Benjamin, Adv. Pro. No. 10-04621
4       ii)  Picard v. DiGiulian, Adv. Pro. No. 10-04728
        iii) Picard v. Train Klan, Adv. Pro. No. 10-04905
5
6                         -and-
7   CHAITMAN LLP'S MOTION TO COMPEL DISCOVERY AND THE
    TRUSTEE'S CROSS-MOTION FOR A PROTECTIVE ORDER IN ONE
8   ADVERSARY PROCEEDING, PICARD V. WILENITZ, ADV. PRO.
    NO. 10-04995
9
                          -and-
10
    CHAITMAN LLP'S MOTION FOR PROTECTIVE ORDER AND QUASH
11  TRUSTEE'S DEPOSITIONS IN THE FOLLOWING ADVERSARY SIX
    PROCEEDINGS:
12
         i)  Picard v. Perlman, Adv. Pro. No. 10-0454
13      ii)  Picard v. Gordon, Adv. Pro. No. 10-04914
        iii) Picard v. Harwood, Adv. Pro. No. 10-04818
14      iv)  Picard v. Estate of Palmer, Adv. Pro. No.
    10-04826
15       v)  Picard v. DiGiulian, Adv. Pro. No. 10-04728
        vi)  Picard v. Dusek, Adv. Pro. No. 10-04644
16
17              TRANSCRIPT OF PROCEEDINGS
18  in the above-titled action, held on Tuesday,
19  December 13, 2016, at JAMS, 680 Eighth Avenue, New
20  York, New York, commencing at approximately 10:00
21  a.m., before Eileen Mulvenna, CSR/RMR/CRR, Certified
22  Shorthand Reporter, Registered Merit Reporter,
23  Certified Realtime Reporter, and Notary Public of
24  the State of New York.
25

```
                                                              Page 6
 1   B E F O R E:
 2
              HON. FRANK MAAS (RET.), Arbitrator
 3                620 Eighth Avenue
                  34th Floor
 4                New York, New York 10018
                  fmaas@jamsadr.com
 5
 6
     A P P E A R A N C E S:
 7
 8
         BAKER HOSTETLER LLP
 9       Attorneys for the Trustee
              811 Main Street
10            Suite 1100
              Houston, Texas 77002-6111
11       BY:  DEAN HUNT, ESQ.
              dhunt@bakerlaw.com
12            MARIE L. CARLISLE, ESQ.
              marie.carlisle@bakerlaw.com
13
                  -and-
14
         BAKER HOSTETLER LLP
15            45 Rockefeller Plaza
              14th Floor
16            New York, New York  10111
         BY:  EDWARD J. JACOBS, ESQ.
17            edward.jacobs@bakerlaw.com
18
19
         CHAITMAN LLP
20       Attorneys for Defendants
              465 Park Avenue
21            New York, New York  10022
         BY:  HELEN DAVID CHAITMAN, ESQ.
22            hchaitman@chaitmanllp.com
              GREGORY M. DEXTER, ESQ.
23            gdexter@chaitmanllp.com
24
25
```

1      MR. JACOBS: When you have an
2   opportunity to read Mr. Dubinski's report,
3   you'll see that our expert disagrees --
4      THE ARBITRATOR: Okay.
5      MR. JACOBS: -- with that self-serving
6   testimony. And, furthermore, that it's not
7   supported by any of the voluminous effort
8   over long periods of time that he did
9   consider and that has been made available.
10     THE ARBITRATOR: Okay. But you're
11  saying that you are attempting to find --
12  haven't phrase it this way, but you're saying
13  you're attempting to find records which, if
14  reviewed, potentially could support
15  Mr. Madoff's view of the world; is that
16  correct?
17     MR. JACOBS: Yes. We are -- well,
18  not -- it's not specifically how I would
19  phrase it, but we are looking for --
20  Ms. Chaitman has requested actual stock
21  trading activity and records demonstrating
22  actual trading stock activity, whether it be
23  in House 5 or elsewhere, for those earlier
24  periods of time, which Mr. Madoff's testimony
25  has now opened the door to. So whether it

08-01789-cgm   Doc 19253-10   Filed 01/13/20   Entered 01/13/20 19:16:28   Exhibit J
Pg 9 of 18
Trustees Motion to Compel Discovery                    Arbitration 12/13/2016

Page 150

1    refutes or supports that testimony, we will
2    produce it if we can identify it.
3              THE ARBITRATOR:  And I think as a
4    practical matter, unless there's some reason
5    why this can't occur, should that be made
6    available, and it doesn't sound like under
7    any conceivable scenario it could occur
8    before next Tuesday, the possibility exists
9    that Mr. Madoff may be deposed a third time.
10             MR. JACOBS:  That --
11             MS. CHAITMAN:  Judge, can I point
12   something out?
13             THE ARBITRATOR:  Yeah.
14             MS. CHAITMAN:  DiPascali pled in 2010,
15   I believe.  Madoff pled in 2009.  They
16   both -- and you'll see the plea because they
17   both said the same thing.  The first words
18   out of DiPascali's mouth were "In the early
19   1990s, we started a fraud."  So this is not a
20   new issue.
21             And what Ted has really said to you,
22   in substance, is that they put in the e-data
23   room what supports their expert's report,
24   which is --
25             MR. JACOBS:  That's not true.

Page 153

1    Our objective is first and foremost to get it
2    correct.  We don't want to sue anyone who
3    doesn't owe us money.  We don't want to
4    recover a single dollar that isn't
5    appropriately recovered under the relevant
6    statutory framework.
7         Ms. Chaitman has all of the documents
8    that are readily available, have been
9    restored and have been considered, good or
10   bad, to the trustee's case currently.
11        Now, we may undertake additional
12   restorations.  I don't know.  I can't speak
13   definitively about that.  Ms. Chaitman is
14   actively litigating and challenging our
15   expert conclusion as to the earlier periods
16   of time.
17        We never intended to credit or rely
18   upon the testimony of Bernard Madoff,
19   frankly.  He committed the world's greatest
20   Ponzi scheme.  I don't think his testimony is
21   reliable or should be credited in any sense
22   or fashion.  However, the judge has allowed
23   it.
24        Now that we're going down that road,
25   we will endeavor to see if, on some floppy

1    disk somewhere in a box in a warehouse, there
2    might be early stock trading records from
3    periods predating what we currently have.
4         So you know, all of the stock trading
5    records that we do have and we have made
6    available were obtained because we went out
7    in the world and subpoenaed them and
8    diligently and aggressively tried to find
9    them wherever they may exist.
10        Ms. Chaitman did too.  The DTC is
11   under a regulatory framework where it was, by
12   law, required to keep records for a certain
13   number of years.  That's why they had
14   documents back through 2002 which they
15   produced to us and we in turn produced to
16   Ms. Chaitman.
17        We also scoured, like I said, all of
18   the DTC terminal that was active and live by
19   BLMIS as of the time we took custody of it.
20   We restored all of that data.  We put it in
21   the data room.
22        We also subpoenaed the SEC.  We
23   cooperated -- they cooperated with us.  They
24   shared which us the fruits of their similar
25   investigation.

Page 160

1    discredited claims, he disallowed claims on
2    the basis that there was no net equity
3    because he didn't recognize any trades going
4    back to the 1980s. So --
5            THE ARBITRATOR: Also, you would argue
6    then that the Ponzi presumption --
7            MS. CHAITMAN: Of course. You have
8    to --
9            THE ARBITRATOR: -- applies.
10           MS. CHAITMAN: -- yes. So --
11           THE ARBITRATOR: Let me modify my
12   question to Mr. Jacobs.
13           And if we take out House 5, House 17,
14   apart from the DTC and FINRA and other
15   third-party records that I gather are in the
16   e-data room, have you or, to your knowledge,
17   has your team found pre 1982 trading records?
18           MS. CHAITMAN: 1992.
19           THE ARBITRATOR: 1992.
20           MR. JACOBS: Not that I can confirm or
21   know of. We are looking. And I'm not
22   directly involved with that effort, so it's
23   certainly information I can find out. And
24   we're trying very hard to get it.
25           THE ARBITRATOR: And understanding

Trustees Motion to Compel Discovery                Arbitration 12/13/2016

Page 161

1	that it's perhaps looking for a needle in a
2	haystack, it seems to me there's a need to
3	come up with an end date by which you'll
4	respond saying either you found something or
5	you haven't and, adding into that, the
6	understanding that even given the size of the
7	Madoff fraud as a whole, it would not be
8	sensible to restore every microfiche and look
9	through it, but there has to be a good-faith
10	effort to look.
11	            MR. JACOBS:  Right.  And we are
12	conducting that investigation right now.
13	We're absolutely conducting that
14	investigation in direct response to
15	Ms. Chaitman's request.
16	            THE ARBITRATOR:  But there has to be
17	some end date.
18	            MR. JACOBS:  My only -- my only
19	hesitation in providing one is that -- I'm
20	pretty confident that if there is anything
21	that we can find that contains these type of
22	records from an earlier period, it's going to
23	be on media that we're going to have a
24	challenge restoring.
25	            So it might be microfiche, microfilm,

Page 162

1      some type of backup tape that is for a
2      computer program or software or hardware that
3      doesn't exist any longer.
4             So we have to -- when we were dealing
5      with items like that, we have to send it out
6      to a vendor to see if they can restore it or
7      give us a quick peek to kind of try to give
8      us a sense if it would be fruitful for a
9      fuller restoration.  All of this costs a lot
10     of money, so we weigh the balance of -- all
11     of those factors have to be considered and I
12     think are fairly considered under
13     proportionality analysis.
14            But the bottom line, for the purposes
15     of your question, is it takes time.
16            THE ARBITRATOR:  Okay.  But let me
17     rephrase it and perhaps in terms of this
18     question:  How long will it take you to make
19     a good-faith effort to determine whether
20     there are such pre 1992 trading records not
21     previously produced?
22            Putting aside how long it will take to
23     produce them, but to determine whether there
24     are such records.
25            MR. JACOBS:  My answer is the same,

Page 165

1     view of this case and did not put into the
2     e-data room documents that he did review
3     which are inconsistent with the positions
4     he's taken.
5            So I think that we're entitled to a
6     list.  There's a warehouse on Long Island in
7     such-and-such a town and it contains X and we
8     didn't put -- they must have all this.
9            THE ARBITRATOR:  Except I gather they
10    have it annotated in such a way that it's
11    work product --
12           MS. CHAITMAN:  Let them show it to
13    you.
14           THE ARBITRATOR:  And your assumption
15    is one that I'm not willing to buy into.  The
16    trustee and both sides and every litigant has
17    an ethical obligation.  And I assume that
18    even if you don't like the way in which the
19    trustee is going about -- is functioning,
20    including claw-back actions against people
21    who you view as victims, I have no basis to
22    assume that they're proceeding dishonestly.
23           In terms of me looking at the
24    inventory, it probably is almost as useless
25    as you looking at the inventory.  And I'm not

```
 1      saying that disparagingly.  Because it's
 2      going to be extraordinarily lengthy and
 3      probably not terribly informative.  Because
 4      if it were informative, Mr. Jacobs and his
 5      colleagues could have said, oh, we found, you
 6      know, this treasure trove of documents and
 7      now the issue is how long it's going to take
 8      to restore it.
 9              MR. JACOBS:  And, your Honor --
10              THE ARBITRATOR:  I take it that you
11      can represent to me that there's nothing on
12      the face of the inventory that reflects
13      pre 1992 trading records that are not yet in
14      the e-data room.
15              MR. JACOBS:  Absolutely not.
16              THE ARBITRATOR:  You're agreeing with
17      me.
18              MR. JACOBS:  Yes, there's nothing
19      there -- no, there's nothing of that nature.
20              And, your Honor, the request that
21      Ms. Chaitman is making is absolutely -- for
22      you to order that would be absolutely
23      unprecedented.  And without a particularized
24      articulation of the need or what is missing
25      from the over 4 million, 4 million,
```

Page 245

```
 1              THE ARBITRATOR:  Sure.  Bear with me
 2       one second.  I saw that there was an order, I
 3       don't know whether it's one of your cases, in
 4       Greif, Greif.
 5              MR. JACOBS:  Greif.
 6              THE ARBITRATOR:  Is that --
 7              MR. JACOBS:  An order from --
 8              THE ARBITRATOR:  Yes, there was one
 9       where you sent it and said, I sent it
10       prematurely, the order hadn't been entered --
11              MR. HUNT:  Oh, yeah, yeah.  The order
12       has been entered now.
13              THE ARBITRATOR:  -- and now --
14              MR. HUNT:  Yes.
15              THE ARBITRATOR:  But I have no
16       paperwork, so I have no idea what that's
17       about.
18              MR. HUNT:  Okay.  Yeah, we need to get
19       that to you.
20              THE ARBITRATOR:  Okay.
21              MR. HUNT:  We're off the record now.
22              THE ARBITRATOR:  Yes.
23              (The time is 4:50 p.m.  The
24         hearing concluded.)
25
```

Page 246

1                C E R T I F I C A T E
2
3    STATE OF NEW YORK      )
4                           ) ss:
5    COUNTY OF WESTCHESTER  )
6
7            I, Eileen Mulvenna, CSR/RMR/CRR and a
8    notary public within and for the State of New York,
9    do hereby certify:
10           That I reported the proceedings in the
11   within-entitled matter, and that the within
12   transcript is a true record of such proceedings.
13           I further certify that I am not related by
14   blood or marriage to any of the parties in this
15   matter and that I am in no way interested in the
16   outcome of the matter.
17           IN WITNESS WHEREOF, I have hereunto set my
18   hand this 15th day of December, 2016.
19
20                       -------------------------------
                          Eileen Mulvenna, CSR/RMR/CRR
21
22
23
24
25