# EXHIBIT S

| | |
|---|---|
| **From:** | Lourdes Blanco |
| **Sent:** | Tuesday, November 21, 2017 3:22 PM |
| **To:** | 'David J. Sheehan (dsheehan@bakerlaw.com)' |
| **Cc:** | Helen Chaitman; Greg Dexter |
| **Subject:** | In re Madoff various Adv. Pro. Nos., Defendants' Third Request for Production to the Trustee |
| **Attachments:** | Madoff.Clawback, Third Request for Production to Trustee (00034041xDEA57).PDF |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |
| | |
| **Contacts:** | David J. Sheehan - Baker & Hostetler, LLP |

Dear Mr. Sheehan:

Please find enclosed for service our clients' Third Request for Production to the Trustee

Thank you.

Lourdes Blanco
Chaitman LLP
465 Park Avenue
New York, New York 10022
lblanco@chaitmanllp.com
Office: (888) 759-1114 ext. 3

1

**CHAITMAN LLP**
Helen Davis Chaitman
hchaitman@chaitmanllp.com
465 Park Avenue
New York, New York 10022
Phone & Fax: 888-759-1114

*Attorneys for all Defendants*
*represented by Chaitman LLP*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-1789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | |
| Plaintiff, | Adv. Pro. Nos. various cases |
| v. | |
| ALL DEFENDANTS REPRESENTED BY CHAITMAN LLP, | |

**DEFENDANTS' THIRD SET OF REQUESTS FOR**
**PRODUCTION OF DOCUMENTS TO THE TRUSTEE**

**PLEASE TAKE NOTICE** that, pursuant to Rules 26 and 34 of the Federal Rules of Civil

Procedure (the "Federal Rules") and Rule 7034 of the Federal Rules of Bankruptcy Procedure (the

{00034039 1 }

"Bankruptcy Rules"), the Local Civil Rules of the United States District Court for the Southern District of New York and of this Court (the "Local Rules"), the Defendants request that the Trustee ("You") produce the documents set forth herein (the "Requests") to the offices of Chaitman LLP, 465 Park Avenue, New York, New York 10022, within 30 days of the date set forth below.

## DEFINITIONS AND INSTRUCTIONS

1. The rules of construction and definitions in Local Rule 26.3, as adopted by Rule 7026-1 of the Local Bankruptcy Rules, are hereby incorporated by reference. All defined terms, including those defined in Local Rule 26.3 are capitalized herein.

2. The Trustee's counsel should meet and confer with the undersigned counsel concerning any questions or concerns regarding any Request. The undersigned counsel believes that, in the great majority of instances, discovery issues and disputes can be informally resolved in a manner that serves the interests of both economy and justice.

3. "Document" is used in its broadest sense and means any attempts to record or transmit information or knowledge and includes the original and all drafts of a writing, which includes, without limitation, all written, recorded, digital, graphic or photographic matter, including electronically stored information ("ESI"), however produced, reproduced or stored, of every kind and description including any agenda, supplements, amendments, revisions, exhibits or appendices thereto, and includes, without limiting the generality of the foregoing, originals (or copies where originals are not available) and drafts of the following: all papers, emails, letters, notes, memoranda, pamphlets, correspondence, telegrams, cables, photographs, microfilm, prints, recordings, transcriptions, blueprints, drawings, books, accounts, objects, notes, electronic or magnetic recordings or sound recordings of any type of personal or telephone conversations or meetings or conferences, minutes of directors or committee meetings, other minutes, reports, studies, written forecasts, projects, analyses, contracts, licenses, agreements, ledgers, journals,

{00034039 1 }

books of account, vouchers, bank checks, invoices, charge slips, expense account reports, hotel charges, receipts, freight bills, working papers, drafts, statistical records, cost sheets, abstracts of bids, stenographers' notebooks, calendars, appointment books, telephone slips, wire transfer slips and logs, diaries, time sheets or logs, job or transaction files, computer printouts or papers similar to any of the foregoing, however denominated by You.

4. In producing documents, indicate the paragraph and subparagraph (where applicable) of the Request(s) to which a produced document is responsive.

5. To the extent not clarified above, these Requests specifically include documents in electronic form, including emails and other Electronically Stored Information ("ESI") which may or may not be reduced to hard copy in the normal course of business and which may be stored or archived on file servers, hard drives, hard or floppy disks or diskettes, backup tapes, or other storage media. ESI should be produced in an intelligible format or together with a sufficient description of the system or program from which each was derived to permit rendering the material intelligible.

6. In producing documents and other materials, You are requested to furnish all documents or things in your possession, custody or control, regardless of whether such documents or materials are possessed directly by You or your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or by your attorneys or their agents, employees, representatives or investigators.

7. In producing documents, You are requested to produce the original of each document requested together with all non-identical copies and drafts of that document.

8. "Related to" and "relating to" or any variation thereof shall be construed to include refer to, summarize, reflect, constitute, contain, embody, mention, show, comprise, evidence,

discuss, describe, comment upon, concerning, regarding, alluding to, pertaining to, probative of, in connection with, dealing with, in respect of, about, involving, identifying, or proving.

9. "And" and "or" shall be construed conjunctively or disjunctively, whichever makes this request more inclusive.

10. The singular number and masculine gender used within this document embraces and shall be read and applied as the plural or the feminine or neuter as circumstances make it appropriate.

11. If You cannot provide, or object to providing, a complete response to a particular Request, the Request should be answered to the extent possible and an explanation should be provided as to why only a partial response is given.

12. If You discover that a response is incomplete or incorrect, You must, in a timely manner, supplement, or correct such response in accordance with the Federal Rules and the Bankruptcy Rules.

13. The Relevant Time Period is from the inception of Madoff's career as a money manager (*i.e.*, in or around the 1960s) through December 11, 2008 (the "Relevant Time Period").

14. In the event You object to the production of any document responsive to this request, as privileged or confidential, please state:

 a. the name of each author, writer, sender or initiator of the document, if any;

 b. the name of each recipient, addressee, or party for whom the document was intended or received, if any;

 c. the date of the document, if any, or an estimate thereof and so indicated as an estimate if no date appears on the document;

 e. a description of the general nature of the document and a description of the general subject matter as described in the document, or if no description appears, then sufficient other

description to identify the document for a subpoena duces tecum, including the number of pages and attachments;

f.  the specific privilege or objection that You contend applies to the document (e.g., attorney-client privilege).

**REQUESTS FOR PRODUCTION**

1.  All records evidencing securities trades placed by or on behalf of Bernard L. Madoff or Bernard L. Madoff Investment Securities, LLC ("BLMIS"), or on behalf of customers of Bernard L. Madoff or BLMIS, with or by third parties, regardless of whether the records evidence "House 5" or House 17" trading. These records would include, for example, transaction confirmation slips or monthly or quarterly statements from JPMorgan Chase, Bear Sterns, Fidelity, and any other third-party financial institutions.

2.  All account opening documents and modifications thereof relating to the account in the name of Bernard L. Madoff or BLMIS with account number ending in "509" at JPMorgan Chase.

3.  All monthly statements from third-party financial institutions relating to securities held in custody on behalf of Bernard L. Madoff, BLMIS, or customers of Bernard L. Madoff or BLMIS.

Dated: New York, New York
November 21, 2017

**CHAITMAN LLP**

By: */s/ Helen Davis Chaitman*
Helen Davis Chaitman
hchaitman@chaitmanllp.com
465 Park Avenue
New York, New York 10022
Phone & Fax: 888-759-1114

*Attorneys for all Defendants represented by Chaitman LLP*

{00034039 1 }

## CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2017, I caused a true and correct copy of the foregoing to be served by electronic mail and USPS First Class mail upon:

**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: 212.589.4200
Facsimile: 212.589.4201
David J. Sheehan
Email: dsheehan@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

**CHAITMAN LLP**
By: /s/ Helen Davis Chaitman
465 Park Avenue
New York, NY 10022
Phone & Fax: 888-759-1114
hchaitman@chaitmanllp.com

*Attorneys for all Defendants represented by Chaitman LLP*

{00034039 1 }