Page 1

1    UNITED STATES BANKRUPTCY COURT

2    SOUTHERN DISTRICT OF NEW YORK

3    Case No. 95-88888-cgm

4    Adv. Case No. 08-01789-smb

5    - - - - - - - - - - - - - - - - - - - - - - - - - - - x

6    In the Matter of:

7

8    THE BANKRUPTCY LINK,

9

10           Debtor.

11   - - - - - - - - - - - - - - - - - - - - - - - - - - - x

12   SECURITIES INVESTOR PROTECTION CORPORATION,

13              Plaintiff,

14        v.

15   BERNARD MADOFF INVESTMENT SECURITIES,

16              Defendants.

17   - - - - - - - - - - - - - - - - - - - - - - - - - - - x

18

19

20

21

22

23

24

25

Page 2

1                     United States Bankruptcy Court

2                     One Bowling Green

3                     New York, NY   10004

4

5                     January 22, 2020

6                     2:05 PM

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21    B E F O R E :

22    HON STUART BERNSTEIN

23    U.S. BANKRUPTCY JUDGE

24

25    ECRO:   MATTHEW

1    HEARING re Trustee's Motion for Fees and Expenses Pursuant

2    to Fed. R. Civ. P. 37(A)(5)(B)

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25    Transcribed by:  Sonya Ledanski Hyde

Page 4

```
 1   A P P E A R A N C E S :

 2

 3   CHAITMAN LLP

 4        Attorneys for the Defendant

 5        465 Park Avenue

 6        New York, NY 10022

 7

 8   BY:  GREGORY M. DEXTER

 9

10   BAKER HOSTETLER

11        Attorneys for the Trustee

12        45 Rockefeller Plaza

13        New York, NY 10111

14

15   BY:  MAXIMILLIAN S. SHIFRIN

16        NICHOLAS J. CREMONA

17

18

19

20

21

22

23

24

25
```

1            P R O C E E D I N G S

2            THE COURT:  Madoff?

3            MR. SHIFRIN:  Good afternoon, Your Honor.  Max

4    Shifrin on behalf of the Trustee.  I'm here with my

5    colleague, Nick Cremona.

6            We are here on the Trustee's motion pursuant to

7    Federal Rule of Civil Procedure 37(a)(5)(B), which entitles

8    a party, successfully opposing a motion to compel, its

9    reasonable attorney's fees, unless the movant can

10   demonstrate that the motion was substantially justified or

11   the award of fees would be unjust.

12           Now, the underlying motion here, Your Honor, was

13   Ms. Chaitman's third motion to compel, which Judge Maas

14   unequivocally denied in his January 2019 order, in which

15   this Court unequivocally affirmed in its August 2019 order.

16           Under the rule, the burden of establishing

17   substantial justification or the presence of unjust

18   circumstances was Ms. Chaitman's to carry, and I submit to

19   this Court here today, Your Honor, that she has failed to

20   carry that in her papers.

21           Now, I'm happy to go into the arguments that we've

22   laid out in our brief, Your Honor, but given that this is

23   Ms. Chaitman's, or Mr. Dexter's opportunity to be heard, and

24   given that it's their burden to establish substantial

25   justification or unjust circumstances, I'm happy to cede the

Page 6

1   floor, if the Court prefers, or I'm happy to address any

2   issues that the Court has.

3           THE COURT:  I do have one question.  Where do you

4   prove the reasonableness of your fees, in terms of the

5   billing rate?

6           MR. SHIFRIN:  Well, with respect to the rates,

7   first of all I would say, Your Honor, if we're talking about

8   rates, that means we're -- we've established that the motion

9   was not substantially justified.

10          THE COURT:  I understand.

11          MR. SHIFRIN:  Okay.  Understood.  Well, I think

12  our rates are established first and foremost by the fact

13  that this Court has some insight into our fee structure over

14  the last several years.  Secondly, Your Honor, we cite

15  several cases that allude to and articulate the fees in the

16  Southern District that are reasonable for a variety of

17  levels.  And I think that the fees that we've offered, for

18  my services, for my time fall well within the range of

19  reasonable fees.

20          Now, if we're talking about the rates and fees,

21  and if the Court deems the submissions in any way

22  inadequate, I think once we assume that the motion was not

23  substantially justified, that there are not, otherwise,

24  unreasonable circumstances that preclude an award of fees, I

25  think we can supplement the record with whatever else the

Page 7

1   Court needs to make that showing.  But I do think that the

2   Court can take judicial notice of --

3          THE COURT:  But don't you think that's the burden

4   on your motion?  You're seeking fees, don't you have the

5   burden of proving reasonableness?

6          MR. SHIFRIN:  Well, yeah, that's correct, Your

7   Honor, but it's a two-step inquiry.  So the burden is on,

8   first and foremost, the moving party to show that the motion

9   was substantially justified, or that there are unjust

10  circumstances precluding an award of fees.

11         THE COURT:  But --

12         MR. SHIFRIN:  And once that happens --

13         THE COURT:  -- you're proposing two motions, or

14  two submission.

15         MR. SHIFRIN:  No, Your Honor.

16         THE COURT:  I'm just saying don't you do it all at

17  once?

18         MR. SHIFRIN:  No, I'm proposing, to the extent

19  that the Court deem the submissions, my declaration, the

20  exhibits, insufficient, that we be permitted to supplement

21  and cure whatever deficiency.  I don't think that's a

22  separate motion, I think that's just a supplemental

23  submission.

24         But again, Your Honor, and if we're -- and I know

25  the Court recognizes this, if we're talking about fees, I

Page 8

1   think the threshold issue we have to address, first and

2   foremost, and the ruling that the Trustee wants more than

3   anything here, is a finding, expressed finding, that this

4   motion was not substantially justified in the slightest and

5   that there are no unjust circumstances precluding an award

6   of fees.

7           THE COURT:  I think that the defendants, and Ms.

8   Chaitman has, yes, raised some other defenses, not just

9   submit substantial justification.

10          MR. SHIFRIN:  Well --

11          THE COURT:  For example, they argue that a good

12  portion of your fees were devoted to the appeal before me,

13  and they argue that you're not entitled to an award of fees

14  for the appeal.  What's your response?

15          MR. SHIFRIN:  Well, they said no case law, Your

16  Honor, that precludes an award of fees in this

17  circumstances.  And, admittedly, Your Honor, there are no

18  cases that I have been able to find going the other way.  I

19  think it's, ultimately, an open question.

20          I do think that in these circumstances, given the

21  way that the appellate process was structured, given the

22  conduct that the Trustee has extensively recounted, that

23  this Court and Judge Maas have now extensively recounted,

24  much of the conduct took place in this court.  We were going

25  back and forth between this Court and Judge Maas for

Page 9

1    multiple years.  And given the merits of the arguments that

2    were raised on appeal, as this Court said, the fundamental

3    premise of this appeal that I, emphasis, ordered the Trustee

4    to produce any documents, is wrong.  And I think Your Honor

5    was being generous with that language.  Not only was it

6    wrong, it was unambiguously wrong, and it was repeated over

7    and over and over again in a way that prejudiced the Trustee

8    for years, in a way that misled this Court, in a way that

9    really took this whole dispute off the rails.  And it took

10   the Trustee several years to get it back on track.

11           And ultimately, Your Honor, Ms. Chaitman cite --

12   argues that the motion was necessary or the appeal, I'm

13   sorry, was necessary.  The appeal was not necessary.  Judge

14   Maas' findings were unequivocal.  They didn't leave any

15   reasonable attorney with any opening to think, oh, I might

16   get a different result on appeal.  And the arguments that

17   Ms. Chaitman lodged on appeal support that further.

18           So, Your Honor, if anyone needed the appeal, it

19   was the Trustee to definitively clear the record.  And we're

20   very happy with the August 2019 order in that it, in our

21   view, adopted the Trustee's story, which we submitted in

22   opposition to Ms. Chaitman's appeal pretty much in total.

23           So I don't think it would be remotely unjust to

24   award the Trustee fees for opposing this appeal.  And I

25   think one way to look at it is was the appeal substantially

Page 10

1    justified.  I don't think it was.  She could have just --

2    she could have accepted Judge Maas' order, which was the

3    whole purpose of going to a discovery arbitrator in the

4    first place.  She didn't have to come back to this Court.

5            THE COURT:  Okay.  Thank you.

6            MR. DEXTER:  Good afternoon, Your Honor.  Greg

7    Dexter here with the Law Firm of Chaitman, LLP.

8            THE COURT:  Good afternoon.

9            MR. DEXTER:  I think the threshold issue is not

10   whether the motion was substantially justified, but whether

11   the motion was brought under 37(a) or 37(b).  Because if it

12   was brought under 37(b), then there's no basis, and the

13   Trustee has certainly cited none, for this Court to award

14   attorney's fees under Rule 37(a).

15           THE COURT:  Okay.  So when was the motion brought?

16   Was it the September joint letter, was that the motion?

17           MR. DEXTER:  That -- yes.

18           THE COURT:  Okay.  And you're saying that it was

19   only brought under 37(b)?

20           MR. DEXTER:  Which is the only rule cited in the

21   joint letter.  It was -- right, the motion was brought

22   because Ms. Chaitman understood, reasonably understood, and

23   now the Court has indicated that that was a

24   misunderstanding, that there were multiple court orders

25   requiring the Trustee to make production of trading records.

1    And based on that noncompliance, as it was perceived, Ms.

2    Chaitman made a motion for sanctions.

3              THE COURT:  And what were the sanctions that she

4    sought?

5              MR. DEXTER:  The sanctions were the reasonable

6    attorney's fees that had been incurred, as well as the

7    production, or not production, but access to the BLMIS

8    database.  Because at that point there was a multi-year

9    discovery dispute, Ms. Chaitman believed that there was

10   court orders requiring the Trustee to turn over records.

11             And as a solution to resolve this dispute and to

12   keep it out of court, Ms. Chaitman suggested, as part of the

13   (indiscernible) process that was in front of Judge Maas, can

14   we have a user name and password so we can get into the

15   BLMIS database.  Because if you look at the emails that were

16   exchanged between Ms. Chaitman and Mr. Shifrin, Ms. Chaitman

17   thinks that they're running searches of Madoff third-party

18   account numbers, of financial institutions, broker/dealers.

19   And what they're actually running are searches of Madoff

20   bank account numbers in --

21             THE COURT:  But isn't that what she asked him to

22   do?

23             MR. DEXTER:  No, it was this colossal

24   misunderstanding between the parties.  And this took several

25   months for them to resolve after, you know, several months

Page 12

1    to even get to the position where the Trustee first offered

2    access to the BLMIS database.  And after -- at that time,

3    once this meet and confer process failed, as a solution,

4    which would have resolved all of this, and kept it out of

5    court --

6              THE COURT:  Can I ask you a question, though?  You

7    say that your motion was just made under 37(b).  Is access

8    or production one of the sanctions provided for in 37(b)?

9              MR. DEXTER:  The sanctions in 37(b) are

10   illustrative.  The Court has broad discretion to enter any

11   sanction that it deems appropriate under 37(b).

12             THE COURT:  Couldn't your motion be both though?

13   Both a motion to compel discovery on the theory that there

14   were at least two court orders directing discovery, and also

15   a motion for sanctions denying discovery -- based on the

16   failure to produce up to that point?

17             MR. DEXTER:  If it were under all of that at a

18   minimum there would need to be a substantial percentage cut

19   in the fees that are awarded because of the 37(b) component.

20   37(a) was not cited.  So conceivably can you bring a motion

21   under 37(a) and 37(b)?  Yes.

22             THE COURT:  Well, do you have to cite the rule in

23   order to bring the motion?  In other words, I mean this

24   whole matter was litigated, at least before Judge Maas and

25   then before me, on the notion that it was a motion to

Page 13

1    compel.  Judge Maas never specifically addressed, and I

2    would say implicitly denied, the motion for sanctions and

3    you didn't raise that in your opening brief on appeal.

4              MR. DEXTER:  At a very minimum, the primary aspect

5    to the motion was a motion for sanctions under 37(b). The --

6              THE COURT:  But can I ask you about that?

7              MR. DEXTER:  Sure.

8              THE COURT:  For the six years I've been involved

9    in this case, all I've been hearing from Ms. Chaitman is how

10   much money the Trustee has.  So why do you make a motion for

11   sanctions to get some money, and not ask for preclusion or

12   some other remedy that would advance the litigation?  You

13   think he's going to be affected, or that SIPC is going to be

14   affected if its got to pay Ms. Chaitman a few thousand

15   dollars?

16             MR. DEXTER:  No.  The purpose was not punitive,

17   the purpose is --

18             THE COURT:  But isn't that what sanctions are for?

19             MR. DEXTER:  No.  37(a) and 37(b) sanctions are

20   not punitive.  It's --

21             THE COURT:  Well, but wait a minute.

22             MR. DEXTER:  -- deterrence and compensatory.

23             THE COURT:  I understand that, but the sanction

24   itself is punitive.  The compensation may be compensatory,

25   but the sanction is punitive, isn't it?  They did a bad

1   thing, they're basically in contempt of court, that's what

2   you're saying.

3             MR. DEXTER:  It was -- Ms. Chaitman was coming to

4   this Court for years, she just wanted trading records.  The

5   parties had a dispute, there was misunderstandings.

6             THE COURT:  What was the misunderstanding?

7             MR. DEXTER:  Well, if you look at the papers and

8   the factual record, it's barely worth recounting, because

9   it's so long here.

10            THE COURT:  Well, that's why these fees are so

11  high.

12            MR. DEXTER:  Well, not --

13            THE COURT:  They spent 22 pages, in their

14  appellate brief telling me the history of this case.

15            MR. DEXTER:  Okay.  And we submitted a 25-page

16  declaration --

17            THE COURT:  Well, that --

18            MR. DEXTER:  -- that sets forth how we see the

19  facts.  So --

20            THE COURT:  But that's why it was -- that's why

21  this became so costly, because so many things happened.

22            MR. DEXTER:  Most of that happened before the time

23  period in which they seek fees.  And this would have all

24  been resolved if we had just had access to the BLMIS

25  database.

1       THE COURT:  So you get access to the BLMIS

2   database, you're sitting in front of the computer, what

3   search do you put in?

4       MR. DEXTER:  What search do we put in?  We would

5   put -- we suggested search terms which were --

6       THE COURT:  But didn't they run them?  I think you

7   got too many hits to make it worthwhile, right?

8       MR. DEXTER:  They ran searches across the third-

9   party database, which was only documents they obtained from

10  subpoenas.

11      THE COURT:  Maybe I'm wrong.  I thought you ran

12  searches across the BLMIS database, the 30 million

13  documents.

14      MR. SHIFRIN:  We did, Your Honor.

15      THE COURT:  Yeah, that's what I thought.

16      MR. SHIFRIN:  We did both databases.  We did the

17  third-party database and then when we realized that there

18  was a misunderstanding, we did the BLMIS database.

19      THE COURT:  That's what I thought.  So you're

20  sitting there at the computer, you've got 30 million

21  documents on a screen, what search do you run?

22      MR. DEXTER:  For institutions where Madoff did

23  trade.  So for example, eventually we went to the data room

24  at -- when the appeal was -- or Queens Borough house when

25  the appeal was pending.  And we found trading records, and

1    we refer to this in our papers, that showed Madoff made

2    trades with Lehman Brothers, with Bear Stearns --

3              THE COURT:  But that was never a secret.  That was

4    in Dubinsky's report.

5              MR. DEXTER:  Right.  So those are search terms we

6    would have run, to answer your question.

7              THE COURT:  But I thought you had gave those terms

8    to the Trustee and he came up with just too many hits to

9    make it practical.

10             MR. DEXTER:  The factual record before the Court

11   is what it is.  Ms. Chaitman is the only with first-party

12   knowledge, she submitted a declaration.

13             THE COURT:  Well, she's here and he's seeking

14   sanctions against her, so -- and maybe you, I don't know.

15   But so don't tell me that you don't know, and she knows, but

16   she's not here, it's the motion.  My recollection is, and I

17   reviewed the decisions, she gave search terms, like Fidelity

18   and Morgan Stanley and Lehman and things like that, and you

19   got millions of hits, which wasn't worthwhile.  Isn't that

20   what happened?

21             MR. DEXTER:  I think the searches were run on the

22   third-party database, which would be records from 2000 to

23   the present, which are records --

24             THE COURT:  Would you agree then, that if those

25   searches from the September 2018 letter were run on the

Page 17

1    BLMIS database of 30 million documents, that your motion was

2    not substantially justified?

3              MR. DEXTER:  If the search terms were already

4    read?

5              THE COURT:  Yeah.

6              MR. DEXTER:  As far as I know.  I've never seen --

7              THE COURT:  I'm just asking you the question,

8    because I think there's a dispute which can be cleared up by

9    just reviewing your record.  But yeah, I don't think it --

10   in other words, I don't think your search is -- your motion

11   is substantially justified if you made a mistake about the

12   factual record.

13             MR. DEXTER:  As far as I can tell, I mean, I've

14   never seen that production.  And if that production was

15   made, it was only made after months of the Trustee making

16   the wrong search terms and promising access to the BLMIS

17   database.

18             THE COURT:  But we're talking about what happened

19   as of September 2018 because that's the motion.  If you want

20   to go back, I'll hear what their fees were with all the

21   other motions and make a determination maybe they're

22   entitled to more money.  But what -- I'm looking at the

23   state of facts as of September 2018 when you make the

24   motion.  And if up until that point they've run these

25   searches against the BLMIS database, the 30 million document

1    database, how can your motion be substantially justified?

2         MR. DEXTER:  If, at that point -- you mean if it's

3    a motion only under 37(a) and what we're seeking is --

4         THE COURT:  Well, you're clearly seeking access to

5    documents.  You may not cite 37(a), but as I said, Judge

6    Maas understood it to be a motion to compel, I understood it

7    to be a motion to compel, and on the appeal, you understood

8    it to be a motion to compel.

9         MR. DEXTER:  It's a proper remedy under 37(b).

10   And if I could just refer to the Court --

11        THE COURT:  Let me stop you right there.

12        MR. DEXTER:  Sure.

13        THE COURT:  I agree with you that you were seeking

14   two forms of relief in the September 2018 letter, which

15   we're calling the third motion.  But the entire -- and I

16   think that the sanctions, as I said, and the motion to

17   compel, are intertwined, because the premise of both is that

18   there are trading records and in Ms. Chaitman's language,

19   "The Trustee has dishonestly refused to produce those

20   documents."  In fact, at one point I think she says that she

21   believed that the Trustee was removing the bad documents

22   from the BLMIS database.  If that's true, I don't know why

23   she wanted to search the database, but that's a different

24   story.

25             So it had both in it.  But to tell me it wasn't a

1    motion to compel at all, because you didn't happen to cite

2    the right rule, is just -- that wouldn't -- I just don't

3    agree with that.

4              MR. DEXTER:  The thrust, the primary purpose of

5    the motion is that there were court orders.  And that's why

6    it's 37(b).  If I could just refer the Court to Judge Maas -

7    -

8              THE COURT:  All right.  Why don't we move on to

9    some of your other arguments?

10             I understand your argument that it wasn't a 37(a)

11   motion, it was a 37(b) motion.  But go ahead.

12             MR. DEXTER:  Even if there's a 37(a) component,

13   primarily it's 37(b).  And Judge Maas, if I could just --

14   could I just recite it?

15             THE COURT:  Sure.  Go ahead.

16             MR. DEXTER:  It's in our papers, but we think it's

17   important.

18             THE COURT:  Go ahead.

19             MR. DEXTER:  He summarized the dispute as follows:

20   "In brief, Defendants contend the Trustee has intentionally

21   and contumaciously failed to produce records.  The Trustee

22   denied that he has failed to comply with any court orders."

23   So that's the primary crux of the dispute.

24             THE COURT:  And what is the end result?  What does

25   he say at the end?  What's the motion he denies?

Page 20

```
 1              MR. DEXTER:  I don't have the full --

 2              THE COURT:  I think he denied the motion to

 3    compel.

 4              MR. DEXTER:  But he's summarizing the dispute.

 5    And then what Your Honor says, in August 2019, he says,

 6    "Defendant's principle contention is that I ordered the

 7    Trustee to produce all of the trading records by putting

 8    them in the e-data room.  The Trustee did not.  The

 9    discovery arbitrator ignored the Court's order and the

10    January 2nd, 2019 order must be reversed on this basis

11    alone."

12              THE COURT:  Well --

13              MR. DEXTER:  So the primary purpose was that there

14    are court orders, as we perceived them, requiring the

15    production of trading records.

16              THE COURT:  So those orders were not the predicate

17    of the motion to compel -- or the portion of the motion

18    which sought to compel?  That had nothing to do with it?

19              MR. DEXTER:  I wouldn't say that had anything to

20    do with it, I would say that we thought there were court

21    orders, we wanted to resolve the dispute, we proposed a

22    solution on a way to resolve it.  The Trustee would rather -

23    - didn't want to give us a username and password, instead

24    comes into court and now is seeking $70,000 in fees for --

25    to not produce documents.
```

1          THE COURT:  Okay.  Now, let me get to the -- on

2     appeal, which is about more than half of the expenses, are

3     you saying that the appeal had anything to do with the

4     sanctions portion of the motion?

5          MR. DEXTER:  Yeah.  I mean, they're seeking fees

6     for the appeal, right?  So --

7          THE COURT:  No, I understand, but is the appeal

8     from the portion of the motion seeking sanctions, which

9     Judge Maas never granted and you didn't raise?

10          MR. DEXTER:  The appeal is from every aspect of

11     the January 2nd, 2019 order.  And when Your Honor denied the

12     appeal Your Honor recognized that the primary purpose of the

13     appeal is that we thought Judge Maas didn't follow your

14     orders.

15          THE COURT:  I know.  I'm not arguing with you that

16     the predicate of your motion was your perception that there

17     were two orders entered.  But that predicate was also -- but

18     those two orders were also the predicate of the motion to

19     compel, weren't they?

20          MR. DEXTER:  Those orders were why we requested

21     court intervention, because they were court orders that we

22     thought required the production of documents.

23          THE COURT:  But compelling is not a sanction.

24          MR. DEXTER:  It could be under Rule 37(b), because

25     those sanctions, under Rule 37(b) --

1          THE COURT:  Have you cited a case to that

2     proposition?

3          MR. DEXTER:  I think we cite Wright and Miller,

4     that it's -- we definitely cite an authority in our

5     opposition brief for that proposition.

6          THE COURT:  Let me move on to something else.  One

7     of your arguments is that, well, we're dealing with 37(a)

8     now, the fees and expenses that are recoverable under 37(a)

9     don't include an appeal.

10         MR. DEXTER:  That's right.

11         THE COURT:  Okay.  And what is your authority for

12    that?

13         MR. DEXTER:  Well, it's the American rule, Your

14    Honor.  If you --

15         THE COURT:  I know, but the rule changes the

16    American rule.

17         MR. DEXTER:  Well, okay.  So that's -- it's the

18    American rule.  So unless there's an exception by statute --

19         THE COURT:  Or rule.

20         MR. DEXTER:  -- or rule, and it has to be express

21    and explicit for fee shifting.  Okay?  So the Baker Botts

22    case, the U.S. Supreme Court in the bankruptcy context, I

23    know the circumstances were a little bit different, held

24    that the American rule precluded an award of fees in the

25    bankruptcy context.  And cases have relied on that authority

1    when there is a sanction order entered and then someone --

2    the party sanctioned seeks reconsideration.  The courts have

3    said that because of the American rule, 37 only says fees

4    can be awarded in connection with the motion.  That doesn't

5    say that you can get fees if there's a reconsideration

6    motion of the Rule 37 order.

7              THE COURT:  I found a case by Easterbrook that

8    said just that.  He also said you can get the fees on

9    appeals.

10             MR. DEXTER:  Okay.  Well, he may be wrong about

11   that.  But the Trustee hasn't cited that --

12             THE COURT:  He's got a pretty good track record.

13   Yeah?

14             MR. DEXTER:  I don't disagree with that, but the

15   Trustee hasn't cited that case.

16             THE COURT:  All right.  I'm going to give you an

17   opportunity to respond to that, because we found that case.

18             MR. DEXTER:  Okay.  What questions are outstanding

19   that I could answer for Your Honor?

20             THE COURT:  Well, what are the -- some -- let me

21   see some of the other issues that you raised.  I raised,

22   with the Trustee, the issue of whether or not he approved

23   the reasonableness of the billing rates.  The fees I can

24   look at the time records and make a determination whether or

25   not they say what he did.  Do you have any dispute with the

1     billing rates?

2                 MR. DEXTER:  I don't have a dispute over Mr.

3     Shifrin's billing rate, but I do not think that the Trustee

4     has come even close to establishing his prima facie fee

5     application.  I mean, he hasn't really done anything that he

6     has to do --

7                 THE COURT:  Okay.  But there are two aspects to

8     that.  There's the rate and the services, or the time.  I

9     understand your general argument that the time is excessive

10    and that there are problems with the time records, but that

11    doesn't really go to his billing rate.  So I'm just trying

12    to get that out of the case, if that's a dispute.

13                MR. DEXTER:  With the ten percent reduction, the

14    billing rate's not something that we've challenged.

15                THE COURT:  Okay.  Okay.  I just want to make sure

16    that that's out of this case.

17                MR. DEXTER:  But, Your Honor, when you submit a

18    fee request, and I think this is where Your Honor was

19    questioning the Trustee about originally, is there are

20    certain things you have to put in a declaration.  You don't

21    just say, here's Exhibit A, here's Exhibit B, here's Exhibit

22    C.

23                THE COURT:  Usually, and I've done a lot of fee

24    applications and fee disputes, and written several fee

25    decisions, the services should be reflected in the time

Page 25

```
 1    records and nothing else should be required.  If there's a
 2    problem with the time records, because of block billing, or
 3    vague, or something like that, you know, you can -- the
 4    Court has a lot of discretion, it can just do an across the
 5    board deduction of some percentage.  It doesn't have to look
 6    at every single entry, if it gets the sense, for instance,
 7    that there's a problem with the records.
 8            Now, my question is really figured on the billing
 9    rate.  But it sounds like with the ten percent deduction,
10    the rate itself is not objectionable.
11            MR. DEXTER:  I think it's a high rate.  Do I think
12    it's --
13            THE COURT:  You think it's a high rate?
14            MR. DEXTER:  -- do I think it's unreasonable?  No.
15            THE COURT:  You should look at some of the rates
16    that are charged by attorneys in large firms in New York.
17            MR. DEXTER:  I know what they are.
18            THE COURT:  And they're all available on ECF.
19            MR. DEXTER:  I know what they are, Your Honor.
20    But I'm not saying it's an unreasonable rate.
21            THE COURT:  All right.  Good.
22            Let me give you the name of that case I mentioned.
23    And I'll give you, what's today?  The 22nd.  What I'll do is
24    I'll give you a chance to respond, since I raised it, and
25    then I'll give the Trustee a chance to reply.  Can you
```

1   respond in seven days?  It's just one case.  It's three

2   pages, I think, or four pages.

3          MR. DEXTER:  You want us to submit a three- or

4   four-page submission?

5          THE COURT:  Well, I'll give you an opportunity.

6   You don't have to if you don't want, but I'm going to

7   consider this case --

8          MR. DEXTER:  We can -- yes.

9          THE COURT:  -- in response to your argument.  And

10  by the way, you did cite a Ninth Circuit case specifically

11  that said that you can't get fees on a motion for

12  reconsideration, so.  The case --

13         MR. DEXTER:  We can address it.

14         THE COURT:  -- I'm referring to, the Judge

15  Easterbrook decision, is Rickels vs. City of South Bend, 33

16  F.3d 785.  Why don't we do this.  If you want to respond,

17  file a response within seven days of tomorrow.  And you can

18  file a reply within seven days of that.  Okay?

19         All right.  I don't have any other -- let me just

20  do something.

21         MR. DEXTER:  And just so we're clear, the only

22  thing we're focusing on with respect to that case is I guess

23  the American rule and to what extent 37 --

24         THE COURT:  It's a general question. You keep

25  saying the American rule, but it's the general question

Page 27

1    whether, under 37(a) the party that defeats a motion to

2    compel can recover the costs of an appeal from that motion.

3          I would think that this issue may have come up,

4    that there's more case law, the issue may have come up in

5    objections to a magistrate's recommendation regarding

6    discovery, which is really the kind of situation we're in

7    here, it's analogous.  But as I said, Judge Easterbrook's

8    opinion, it did come up on appeal.

9          So tomorrow is the 23rd, so --

10         MR. DEXTER:  Okay.  Your Honor.  And it's --

11         THE COURT:  -- let me just make a note of that.  I

12   looked, I couldn't find anything else, so I'll tell you.

13   But you guys have skin in the game, so maybe you'll do

14   better.

15         MR. DEXTER:  And I just -- the other authority

16   I'll direct Your Honor's attention to is the Mantell case.

17         THE COURT:  Which is Mantell?

18         MR. DEXTER:  That's the --

19         THE COURT:  Oh, that's the Second Circuit case

20   where the court invited a motion for reconsideration and

21   then sanctioned somebody for making the motion?

22         MR. DEXTER:  He invited an opportunity to oppose a

23   fee application --

24         THE COURT:  Or whatever it was.

25         MR. DEXTER:  -- right?

Page 28

1          THE COURT:  He invited a motion for

2    reconsideration and then sanctioned the person for making

3    the motion.

4          MR. DEXTER:  Well, it's actually very similar to

5    this, because he told --

6          THE COURT:  I -- go ahead.

7          MR. DEXTER:  -- no, he told the party, file an

8    opposition to the fee request.  Okay?  Which is very similar

9    to what's happened here.

10          THE COURT:  How is that?

11          MR. DEXTER:  Because if you -- when you said that

12    they could file a motion for sanctions, right?

13          THE COURT:  Right.

14          MR. DEXTER:  That doesn't -- you were basically --

15    we're entitled to oppose that.

16          THE COURT:  But that -- I understand you're

17    entitled to oppose it, but that's what the rule says.  If

18    they win a motion to compel, they're entitled to file a

19    motion for sanctions.

20          MR. DEXTER:  But in that case, there's the right

21    to a reply.  The rule allowed a reply.  So what happened in

22    that case --

23          THE COURT:  No, wait, wait, wait, wait.  Stop.

24          MR. DEXTER:  Okay.

25          THE COURT:  Stop.  I tell them I'm affirming Judge

1   Maas' order denying your motion to compel.  I know you

2   disagree with me on that's what occurred here, but -- file

3   your motion -- file a separate motion, I think I said, under

4   Rule 37(a).

5           MR. DEXTER:  Right.  So you're effectively

6   inviting our opposition, otherwise we wouldn't have --

7           THE COURT:  Well, no, you don't have to oppose it.

8           MR. DEXTER:  And then you're just going to file a

9   fee request and we're not going to oppose it?  I mean, do

10  you think we're -- no one's going to file an opposition?

11          THE COURT:  It would be different if they were

12  arguing that I sanctioned them for filing the motion after I

13  told them to file it.  If -- in other words, if you made an

14  argument that the motion was filed in bad faith, under Rule

15  9011 or 2819-27 or something like that, that would be

16  analogous.  But I'm not -- they're not seeking the money

17  that you spent defending the motion, so what does that have

18  to do with anything?

19          MR. DEXTER:  Well, I don't think --

20          THE COURT:  Unless you want them to add that to

21  their bill.

22          MR. DEXTER:  Generally, I think you -- generally

23  you are entitled to that, in a lot of context.  In this

24  context you're actually not, and if -- I mean, that's not an

25  issue in the case, so we don't need to go there.

1            THE COURT:  Okay.

2            MR. DEXTER:  But there are cases after the Baker

3    Botts case that say if you submit a fee application based on

4    winning fees under Rule 37 in bankruptcy court, you don't

5    get fees for preparing the application.

6            THE COURT:  What cases say that, other than the

7    Ninth Circuit, which is not a bankruptcy case, but other

8    than the Ninth Circuit?  If you win a motion to compel you

9    don't get fees for the appeal, these cases say?

10            MR. DEXTER:  No.  They say if you win the motion

11    to compel and then there's --

12            THE COURT:  Why don't we do this to save some

13    time, in your response to this Rickel issue that I've

14    raised, just point me to any cases you want me to read.  You

15    don't have tell me what they say.

16            MR. DEXTER:  Okay.

17            THE COURT:  Just anything you want me to read on

18    this issue.

19            MR. DEXTER:  Okay.  But this issue is not in the

20    case, and whether they get fees under --

21            THE COURT:  Well, no, no, no, you're saying --

22    well, stop.  You're saying that they are not entitled to

23    fees on appeal.  Putting aside your substantially justified

24    argument, I don't understand you dispute that they're at

25    least entitled, under the rule, to the fees that were

Page 31

1    accrued before Judge Maas on the third motion to compel.  Or

2    are you disputing that also?

3              MR. DEXTER:  Well, we did raise, in our -- I think

4    there's a couple issues here.  Really what I was just saying

5    is that there are cases after Baker Botts that say, if you

6    get -- if you're awarded fees on -- under 37(a) and then

7    there's a contest about those fees, then -- excuse me.  Let

8    me say this again.

9              THE COURT:  You're talking about --

10             MR. DEXTER:  Let me say this.

11             THE COURT:  -- you don't get fees for litigating

12   your entitlement to fees?

13             MR. DEXTER:  That's right.  If --

14             THE COURT:  I understand.

15             MR. DEXTER:  -- if you prevail on a 37.

16             THE COURT:  I understand that.

17             MR. DEXTER:  Okay.  Because they said, in their

18   brief --

19             THE COURT:  But you're not --

20             MR. DEXTER:  -- you know --

21             THE COURT:  -- okay, they're not -- stop, stop,

22   stop.  That situation would arise if I agreed with them they

23   were entitled to fees, and then you filed an appeal from

24   that or a motion for reconsideration and they continued to

25   litigate their right to fees.  That's not the situation

1    here.  They're litigating the fees they incurred on the

2    motion to compel, not on the motion -- not on the motion to

3    grant order -- on the order granting fees.

4              MR. DEXTER:  No, I know, but -- and I -- look, we

5    don't have to put this in the case, because it's not in the

6    case, but all I'm pointing out is they've said in their

7    brief --

8              THE COURT:  So why are you saying it?

9              MR. DEXTER:  Because I thought we were having a

10   discussion about --

11             THE COURT:  All right, let me ask you a question,

12   though.

13             MR. DEXTER:  -- developments in the law.

14             THE COURT:  Yeah, well, I'm familiar with Baker

15   and Botts.  But let me ask you another question.  On the

16   appeal, were you seeking fees incurred in connection with

17   the appeal, under 37(b)?

18             MR. DEXTER:  I would have to review what our

19   papers -- I don't have that off the top of my head.

20             THE COURT:  I'll tell you why I asked the

21   question, because the conclusion in your reply brief, it's

22   not in your moving brief, but in your reply brief you say,

23   "The Trustee should be compelled to share access to the

24   BLMIS database and to produce, to Defendants, all of the

25   trading records in the Queens warehouse."  And then the next

1    sentence says, "In addition, as a sanction, the Court should

2    be compelled to reimburse the Defendant's counsel for all

3    the legal fees they have incurred in trying to enforce this

4    Court's orders."  Did that include the legal fees on the

5    appeal?

6              MR. DEXTER:  I really don't know what the intent

7    of that was.

8              THE COURT:  That's the way it sounds, you know?

9              MR. DEXTER:  Well, if someone -- it's not judicial

10   estoppel unless the Court adopts the position --

11             THE COURT:  No, it's not judicial estoppel, but

12   you're telling me that you asked for something you're not

13   entitled to.

14             MR. DEXTER:  That's not how I read it, but quite

15   honestly, I don't -- you know.

16             THE COURT:  All right.  Well, you know, when you

17   come in here you got to be prepared.  And maybe Ms. Chaitman

18   should have come in here to defend what happened here.

19             MR. DEXTER:  Ms. Chaitman wanted to be here, but

20   she had a surgery a couple days ago, so she was --

21             THE COURT:  Okay.  Well, I certainly would have

22   postponed it to accommodate her.

23             MR. DEXTER:  Okay.

24             THE COURT:  All right.  Let me -- is there any

25   response?

1          MR. SHIFRIN:  Your Honor, there's plenty I can

2    respond to there, I think the Court did a fantastic job

3    addressing all the issues I would have raised in response.

4    Unless the Court has anything you would like me to address

5    specifically?

6          THE COURT:  You know, I've said on many occasions

7    that as a general matter trading records are relevant.

8          MR. SHIFRIN:  We never disputed that, Your Honor.

9          THE COURT:  And they were relevant on a variety of

10   grounds, whether or not there was a Ponzi Scheme, whether or

11   not -- and I don't think it was -- it's always -- it's been

12   no secret, although the opposition makes it sound like a

13   secret, that you know, the proprietary trading business was

14   using customer funds to purchase securities for the

15   proprietary trading business; it's right in paragraph 29 of

16   the Dubinsky report.

17         But, you know, the issue in this case has always

18   been whether those purchases were actually allocated to the

19   customers based on their customer statements.  So why wasn't

20   it justified to ask for those trading records?

21         MR. SHIFRIN:  Your Honor, the issue was never

22   should we produce the trading records.  The issue was, what

23   should we do to identify additional trading records.  That

24   was always the issue since this whole thing start.  We never

25   disputed their relevance.  There are hundreds of thousands

Page 35

1    of trading records in the e-data room one and have been in

2    there for ten years.  We've made them available.

3              THE COURT:  One of the things that was a little

4    unclear, and maybe you can clear this up, or point me to

5    something in the record, really, that clears it up.  Is this

6    third-party discovery you got through 2004 examination, was

7    that in the e-data room?

8              MR. SHIFRIN:  Yes.

9              THE COURT:  Has it always been there?

10             MR. SHIFRIN:  Yes.  We made third-party financial

11   -- so let me step back.  The e-data room one has three

12   primary folders, data, documents, and financials.  The

13   financial folder, if you drill down on it, it's like an

14   Outlook mailbox, has subfolders that are organized by the

15   financial institutions that Ms. Chaitman was trying to get

16   the Trustee to use as search terms.  And in there, by

17   account number, are over 100,000, I think it's 160,000

18   third-party financial records.  It was exactly the type of

19   stuff she eventually asked for.

20             When this first started it was pre-92, DTC and NSC

21   trading records, as this Court has recognized the request as

22   evolved over time, but where we landed was third-party

23   records reflecting trading activity.  Those records have

24   always been available.  Now, I'm not saying every single one

25   was, but we made those available.  And we made those

Page 36

1    available to support our affirmative case.

2            So the relevance of those records, again, was

3    never in dispute.  What was in dispute is what efforts the

4    Trustee should take given the efforts that he already made

5    to identify further records and produce further records.

6    And let me just remind the Court that since Ms. Chaitman

7    filed her first motion, we produced hundreds of thousands of

8    additional documents in addition to everything in the data

9    room, and we restored over 200 reels of microfilm, which

10   initially Ms. Chaitman didn't ask for.  We did that on our

11   own, after the first arbitration before Judge Maas.  We

12   said, we're going to restore these microfilm reels in order

13   to find any additional pre-1992 DTC, NSC records, which is

14   what Ms. Chaitman was looking for at the time.  And from

15   there it just devolved into something else.

16           And, you know, Mr. Dexter was talking about how

17   they were under the impression that there were two orders.

18   Well, it's hard for me to hear that to not get a little

19   frustrated, because the main order that governed this

20   dispute, they have ignored the entire time, and that's the

21   March 2017 order.

22           THE COURT:  The protocol?

23           MR. SHIFRIN:  I mean, their turning your comments,

24   this Court's comments into an order and then they're

25   ignoring the actual order.  It's -- and I don't think any of

1    it is credible at all, Your Honor, frankly.

2              THE COURT:  Okay.  Thank you.  I look forward to

3    hearing any comments you have on that one issue I raised

4    with the Rickel case.

5              MR. SHIFRIN:  Thank you, Your Honor.

6              MR. DEXTER:  Thank you, Your Honor.

7              THE COURT:  And I'll reserve decision.

8              (Whereupon these proceedings were concluded at

9    2:42 PM)

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Page 38

1                    C E R T I F I C A T I O N

2

3        I, Sonya Ledanski Hyde, certified that the foregoing

4    transcript is a true and accurate record of the proceedings.

5

6    Sonya

     Ledanski Hyde

7

Digitally signed by Sonya Ledanski
Hyde
DN: cn=Sonya Ledanski Hyde, o, ou,
email=digital@veritext.com, c=US
Date: 2020.01.24 16:42:45 -05'00'

8    Sonya Ledanski Hyde

9

10

11

12

13

14

15

16

17

18

19

20    Veritext Legal Solutions

21    330 Old Country Road

22    Suite 300

23    Mineola, NY 11501

24

25    Date:  January 24, 2020

**0**

**08-01789**   1:4

**1**

**100,000**   35:17
**10004**   2:3
**10022**   4:6
**10111**   4:13
**11501**   38:23
**160,000**   35:17
**1992**   36:13

**2**

**200**   36:9
**2000**   16:22
**2004**   35:6
**2017**   36:21
**2018**   16:25 17:19
   17:23 18:14
**2019**   5:14,15 9:20
   20:5,10 21:11
**2020**   2:5 38:25
**22**   2:5 14:13
**22nd**   25:23
**23rd**   27:9
**24**   38:25
**25**   14:15
**2819-27**   29:15
**29**   34:15
**2:05**   2:6
**2:42**   37:9
**2nd**   20:10 21:11

**3**

**30**   15:12,20 17:1
   17:25
**300**   38:22
**33**   26:15
**330**   38:21
**37**   3:2 5:7 10:11
   10:11,12,14,19
   12:7,8,9,11,19,20
   12:21,21 13:5,19
   13:19 18:3,5,9
   19:6,10,11,12,13

21:24,25 22:7,8
23:3,6 26:23 27:1
29:4 30:4 31:6,15
32:17

**4**

**45**   4:12
**465**   4:5

**5**

**5**   3:2 5:7

**7**

**70,000**   20:24
**785**   26:16

**9**

**9011**   29:15
**92**   35:20
**95-88888**   1:3

**a**

**able**   8:18
**accepted**   10:2
**access**   11:7 12:2,7
   14:24 15:1 17:16
   18:4 32:23
**accommodate**
   33:22
**account**   11:18,20
   35:17
**accrued**   31:1
**accurate**   38:4
**activity**   35:23
**actual**   36:25
**add**   29:20
**addition**   33:1 36:8
**additional**   34:23
   36:8,13
**address**   6:1 8:1
   26:13 34:4
**addressed**   13:1
**addressing**   34:3
**admittedly**   8:17
**adopted**   9:21

**adopts**   33:10
**adv**   1:4
**advance**   13:12
**affirmative**   36:1
**affirmed**   5:15
**affirming**   28:25
**afternoon**   5:3
   10:6,8
**ago**   33:20
**agree**   16:24 18:13
   19:3
**agreed**   31:22
**ahead**   19:11,15,18
   28:6
**allocated**   34:18
**allowed**   28:21
**allude**   6:15
**american**   22:13
   22:16,18,24 23:3
   26:23,25
**analogous**   27:7
   29:16
**answer**   16:6 23:19
**appeal**   8:12,14
   9:2,3,12,13,16,17
   9:18,22,24,25
   13:3 15:24,25
   18:7 21:2,3,6,7,10
   21:12,13 22:9
   27:2,8 30:9,23
   31:23 32:16,17
   33:5
**appeals**   23:9
**appellate**   8:21
   14:14
**application**   24:5
   27:23 30:3,5
**applications**
   24:24
**appropriate**
   12:11
**approved**   23:22

**arbitration**   36:11
**arbitrator**   10:3
   20:9
**argue**   8:11,13
**argues**   9:12
**arguing**   21:15
   29:12
**argument**   19:10
   24:9 26:9 29:14
   30:24
**arguments**   5:21
   9:1,16 19:9 22:7
**articulate**   6:15
**aside**   30:23
**asked**   11:21 32:20
   33:12 35:19
**asking**   17:7
**aspect**   13:4 21:10
**aspects**   24:7
**assume**   6:22
**attention**   27:16
**attorney**   9:15
**attorney's**   5:9
   10:14 11:6
**attorneys**   4:4,11
   25:16
**august**   5:15 9:20
   20:5
**authority**   22:4,11
   22:25 27:15
**available**   25:18
   35:2,24,25 36:1
**avenue**   4:5
**award**   5:11 6:24
   7:10 8:5,13,16
   9:24 10:13 22:24
**awarded**   12:19
   23:4 31:6

**b**

**b**   2:21 3:2 5:7
   10:11,12,19 12:7
   12:8,9,11,19,21
   13:5,19 18:9 19:6

19:11,13 21:24,25
24:21 32:17
**back** 8:25 9:10
10:4 17:20 35:11
**bad** 13:25 18:21
29:14
**baker** 4:10 22:21
30:2 31:5 32:14
**bank** 11:20
**bankruptcy** 1:1,8
2:1,23 22:22,25
30:4,7
**barely** 14:8
**based** 11:1 12:15
30:3 34:19
**basically** 14:1
28:14
**basis** 10:12 20:10
**bear** 16:2
**behalf** 5:4
**believed** 11:9
18:21
**bend** 26:15
**bernard** 1:15
**bernstein** 2:22
**better** 27:14
**bill** 29:21
**billing** 6:5 23:23
24:1,3,11,14 25:2
25:8
**bit** 22:23
**blmis** 11:7,15 12:2
14:24 15:1,12,18
17:1,16,25 18:22
32:24
**block** 25:2
**board** 25:5
**borough** 15:24
**botts** 22:21 30:3
31:5 32:15
**bowling** 2:2
**brief** 5:22 13:3
14:14 19:20 22:5

31:18 32:7,21,22
32:22
**bring** 12:20,23
**broad** 12:10
**broker** 11:18
**brothers** 16:2
**brought** 10:11,12
10:15,19,21
**burden** 5:16,24
7:3,5,7
**business** 34:13,15

**c**

**c** 4:1 5:1 24:22
38:1,1
**calling** 18:15
**carry** 5:18,20
**case** 1:3,4 8:15
13:9 14:14 22:1
22:22 23:7,15,17
24:12,16 25:22
26:1,7,10,12,22
27:4,16,19 28:20
28:22 29:25 30:3
30:7,20 32:5,6
34:17 36:1 37:4
**cases** 6:15 8:18
22:25 30:2,6,9,14
31:5
**cede** 5:25
**certain** 24:20
**certainly** 10:13
33:21
**certified** 38:3
**cgm** 1:3
**chaitman** 4:3 8:8
9:11,17 10:7,22
11:2,9,12,16,16
13:9,14 14:3
16:11 33:17,19
35:15 36:6,10,14
**chaitman's** 5:13
5:18,23 9:22
18:18

**challenged** 24:14
**chance** 25:24,25
**changes** 22:15
**charged** 25:16
**circuit** 26:10
27:19 30:7,8
**circumstances**
5:18,25 6:24 7:10
8:5,17,20 22:23
**cite** 6:14 9:11
12:22 18:5 19:1
22:3,4 26:10
**cited** 10:13,20
12:20 22:1 23:11
23:15
**city** 26:15
**civ** 3:2
**civil** 5:7
**clear** 9:19 26:21
35:4
**cleared** 17:8
**clearly** 18:4
**clears** 35:5
**close** 24:4
**colleague** 5:5
**colossal** 11:23
**come** 10:4 24:4
27:3,4,8 33:17,18
**comes** 20:24
**coming** 14:3
**comments** 36:23
36:24 37:3
**compel** 5:8,13
12:13 13:1 18:6,7
18:8,17 19:1 20:3
20:17,18 21:19
27:2 28:18 29:1
30:8,11 31:1 32:2
**compelled** 32:23
33:2
**compelling** 21:23
**compensation**
13:24

**compensatory**
13:22,24
**comply** 19:22
**component** 12:19
19:12
**computer** 15:2,20
**conceivably** 12:20
**concluded** 37:8
**conclusion** 32:21
**conduct** 8:22,24
**confer** 12:3
**connection** 23:4
32:16
**consider** 26:7
**contempt** 14:1
**contend** 19:20
**contention** 20:6
**contest** 31:7
**context** 22:22,25
29:23,24
**continued** 31:24
**contumaciously**
19:21
**corporation** 1:12
**correct** 7:6
**costly** 14:21
**costs** 27:2
**counsel** 33:2
**country** 38:21
**couple** 31:4 33:20
**court** 1:1 2:1 5:2
5:15,19 6:1,2,3,10
6:13,21 7:1,2,3,11
7:13,16,19,25 8:7
8:11,23,24,25 9:2
9:8 10:4,5,8,13,15
10:18,23,24 11:3
11:10,12,21 12:5
12:6,10,12,14,22
13:6,8,18,21,23
14:1,4,6,10,13,17
14:20 15:1,6,11
15:15,19 16:3,7

16:10,13,24 17:5
17:7,18 18:4,10
18:11,13 19:5,6,8
19:15,18,22,24
20:2,12,14,16,20
20:24 21:1,7,15
21:21,21,23 22:1
22:6,11,15,19,22
23:7,12,16,20
24:7,15,23 25:4
25:13,15,18,21
26:5,9,14,24
27:11,17,19,20,24
28:1,6,10,13,16
28:23,25 29:7,11
29:20 30:1,4,6,12
30:17,21 31:9,11
31:14,16,19,21
32:8,11,14,20
33:1,8,10,11,16
33:21,24 34:2,4,6
34:9 35:3,9,21
36:6,22 37:2,7
**court's**  20:9 33:4
36:24
**courts**  23:2
**credible**  37:1
**cremona**  4:16 5:5
**crux**  19:23
**cure**  7:21
**customer**  34:14
34:19
**customers**  34:19
**cut**  12:18

**d**

**d**  5:1
**data**  15:23 20:8
35:1,7,11,12 36:8
**database**  11:8,15
12:2 14:25 15:2,9
15:12,17,18 16:22
17:1,17,25 18:1
18:22,23 32:24

**databases**  15:16
**date**  38:25
**days**  26:1,17,18
33:20
**dealers**  11:18
**dealing**  22:7
**debtor**  1:10
**decision**  26:15
37:7
**decisions**  16:17
24:25
**declaration**  7:19
14:16 16:12 24:20
**deduction**  25:9
**deem**  7:19
**deems**  6:21 12:11
**defeats**  27:1
**defend**  33:18
**defendant**  4:4
**defendant's**  20:6
33:2
**defendants**  1:16
8:7 19:20 32:24
**defending**  29:17
**defenses**  8:8
**deficiency**  7:21
**definitely**  22:4
**definitively**  9:19
**demonstrate**  5:10
**denied**  5:14 13:2
19:22 20:2 21:11
**denies**  19:25
**denying**  12:15
29:1
**determination**
17:21 23:24
**deterrence**  13:22
**developments**
32:13
**devolved**  36:15
**devoted**  8:12
**dexter**  4:8 10:6,7
10:9,17,20 11:5

11:23 12:9,17
13:4,7,16,19,22
14:3,7,12,15,18
14:22 15:4,8,22
16:5,10,21 17:3,6
17:13 18:2,9,12
19:4,12,16,19
20:1,4,13,19 21:5
21:10,20,24 22:3
22:10,13,17,20
23:10,14,18 24:2
24:13,17 25:11,14
25:17,19 26:3,8
26:13,21 27:10,15
27:18,22,25 28:4
28:7,11,14,20,24
29:5,8,19,22 30:2
30:10,16,19 31:3
31:10,13,15,17,20
32:4,9,13,18 33:6
33:9,14,19,23
36:16 37:6
**dexter's**  5:23
**different**  9:16
18:23 22:23 29:11
**direct**  27:16
**directing**  12:14
**disagree**  23:14
29:2
**discovery**  10:3
11:9 12:13,14,15
20:9 27:6 35:6
**discretion**  12:10
25:4
**discussion**  32:10
**dishonestly**  18:19
**dispute**  9:9 11:9
11:11 14:5 17:8
19:19,23 20:4,21
23:25 24:2,12
30:24 36:3,3,20
**disputed**  34:8,25

**disputes**  24:24
**disputing**  31:2
**district**  1:2 6:16
**document**  17:25
**documents**  9:4
15:9,13,21 17:1
18:5,20,21 20:25
21:22 35:12 36:8
**dollars**  13:15
**drill**  35:13
**dtc**  35:20 36:13
**dubinsky**  34:16
**dubinsky's**  16:4

**e**

**e**  2:21,21 4:1,1 5:1
5:1 20:8 35:1,7,11
38:1
**easterbrook**  23:7
26:15
**easterbrook's**
27:7
**ecf**  25:18
**ecro**  2:25
**effectively**  29:5
**efforts**  36:3,4
**emails**  11:15
**emphasis**  9:3
**enforce**  33:3
**enter**  12:10
**entered**  21:17
23:1
**entire**  18:15 36:20
**entitled**  8:13
17:22 28:15,17,18
29:23 30:22,25
31:23 33:13
**entitlement**  31:12
**entitles**  5:7
**entry**  25:6
**establish**  5:24
**established**  6:8,12
**establishing**  5:16
24:4

[estoppel - hyde]                                                              Page 4

estoppel 33:10,11
eventually 15:23
  35:19
evolved 35:22
exactly 35:18
examination 35:6
example 8:11
  15:23
exception 22:18
excessive 24:9
exchanged 11:16
excuse 31:7
exhibit 24:21,21
  24:21
exhibits 7:20
expenses 3:1 21:2
  22:8
explicit 22:21
express 22:20
expressed 8:3
extensively 8:22
  8:23
extent 7:18 26:23

**f**

f 2:21 38:1
f.3d 26:16
facie 24:4
fact 6:12 18:20
facts 14:19 17:23
factual 14:8 16:10
  17:12
failed 5:19 12:3
  19:21,22
failure 12:16
faith 29:14
fall 6:18
familiar 32:14
fantastic 34:2
far 17:6,13
fed 3:2
federal 5:7
fee 6:13 22:21
  24:4,18,23,24,24

27:23 28:8 29:9
  30:3
fees 3:1 5:9,11 6:4
  6:15,17,19,20,24
  7:4,10,25 8:6,12
  8:13,16 9:24
  10:14 11:6 12:19
  14:10,23 17:20
  20:24 21:5 22:8
  22:24 23:3,5,8,23
  26:11 30:4,5,9,20
  30:23,25 31:6,7
  31:11,12,23,25
  32:1,3,16 33:3,4
fidelity 16:17
figured 25:8
file 26:17,18 28:7
  28:12,18 29:2,3,8
  29:10,13
filed 29:14 31:23
  36:7
filing 29:12
financial 11:18
  35:10,13,15,18
financials 35:12
find 8:18 27:12
  36:13
finding 8:3,3
findings 9:14
firm 10:7
firms 25:16
first 6:7,12 7:8 8:1
  10:4 12:1 16:11
  35:20 36:7,11
floor 6:1
focusing 26:22
folder 35:13
folders 35:12
follow 21:13
follows 19:19
foregoing 38:3
foremost 6:12 7:8
  8:2

forms 18:14
forth 8:25 14:18
forward 37:2
found 15:25 23:7
  23:17
four 26:2,4
frankly 37:1
front 11:13 15:2
frustrated 36:19
full 20:1
fundamental 9:2
funds 34:14
further 9:17 36:5
  36:5

**g**

g 5:1
game 27:13
general 24:9
  26:24,25 34:7
generally 29:22
  29:22
generous 9:5
give 20:23 23:16
  25:22,23,24,25
  26:5
given 5:22,24 8:20
  8:21 9:1 36:4
go 5:21 17:20
  19:11,15,18 24:11
  28:6 29:25
going 8:18,24
  10:3 13:13,13
  23:16 26:6 29:8,9
  29:10 36:12
good 5:3 8:11
  10:6,8 23:12
  25:21
governed 36:19
grant 32:3
granted 21:9
granting 32:3
green 2:2

greg 10:6
gregory 4:8
grounds 34:10
guess 26:22
guys 27:13

**h**

half 21:2
happen 19:1
happened 14:21
  14:22 16:20 17:18
  28:9,21 33:18
happens 7:12
happy 5:21,25 6:1
  9:20
hard 36:18
head 32:19
hear 17:20 36:18
heard 5:23
hearing 3:1 13:9
  37:3
held 22:23
high 14:11 25:11
  25:13
history 14:14
hits 15:7 16:8,19
hon 2:22
honestly 33:15
honor 5:3,12,19
  5:22 6:7,14 7:7,15
  7:24 8:16,17 9:4
  9:11,18 10:6
  15:14 20:5 21:11
  21:12 22:14 23:19
  24:17,18 25:19
  27:10 34:1,8,21
  37:1,5,6
honor's 27:16
hostetler 4:10
house 15:24
hundreds 34:25
  36:7
hyde 3:25 38:3,8

| i | j | | |
|---|---|---|---|

**i**

identify   34:23
  36:5
ignored   20:9
  36:20
ignoring   36:25
illustrative   12:10
implicitly   13:2
important   19:17
impression   36:17
inadequate   6:22
include   22:9 33:4
incurred   11:6
  32:1,16 33:3
indicated   10:23
indiscernible
  11:13
initially   36:10
inquiry   7:7
insight   6:13
instance   25:6
institutions   11:18
  15:22 35:15
insufficient   7:20
intent   33:6
intentionally
  19:20
intertwined   18:17
intervention
  21:21
investment   1:15
investor   1:12
invited   27:20,22
  28:1
inviting   29:6
involved   13:8
issue   8:1 10:9
  23:22 27:3,4
  29:25 30:13,18,19
  34:17,21,22,24
  37:3
issues   6:2 23:21
  31:4 34:3

**j**

j   4:16
january   2:5 5:14
  20:10 21:11 38:25
job   34:2
joint   10:16,21
judge   2:23 5:13
  8:23,25 9:13 10:2
  11:13 12:24 13:1
  18:5 19:6,13 21:9
  21:13 26:14 27:7
  28:25 31:1 36:11
judicial   7:2 33:9
  33:11
justification   5:17
  5:25 8:9
justified   5:10 6:9
  6:23 7:9 8:4 10:1
  10:10 17:2,11
  18:1 30:23 34:20

**k**

keep   11:12 26:24
kept   12:4
kind   27:6
know   7:24 11:25
  16:14,15 17:6
  18:22 21:15 22:15
  22:23 25:3,17,19
  29:1 31:20 32:4
  33:6,8,15,16 34:6
  34:13,17 36:16
knowledge   16:12
knows   16:15

**l**

laid   5:22
landed   35:22
language   9:5
  18:18
large   25:16
law   8:15 10:7 27:4
  32:13

**leave**   9:14
ledanski   3:25 38:3
  38:8
legal   33:3,4 38:20
lehman   16:2,18
letter   10:16,21
  16:25 18:14
levels   6:17
link   1:8
litigate   31:25
litigated   12:24
litigating   31:11
  32:1
litigation   13:12
little   22:23 35:3
  36:18
llp   4:3 10:7
lodged   9:17
long   14:9
look   9:25 11:15
  14:7 23:24 25:5
  25:15 32:4 37:2
looked   27:12
looking   17:22
  36:14
lot   24:23 25:4
  29:23

**m**

m   4:8
maas   5:13 8:23,25
  9:14 10:2 11:13
  12:24 13:1 18:6
  19:6,13 21:9,13
  29:1 31:1 36:11
madoff   1:15 5:2
  11:17,19 15:22
  16:1
magistrate's   27:5
mailbox   35:14
main   36:19
making   17:15
  27:21 28:2

**mantell**   27:16,17
march   36:21
matter   1:6 12:24
  34:7
matthew   2:25
max   5:3
maximillian   4:15
mean   12:23 17:13
  18:2 21:5 24:5
  29:9,24 36:23
means   6:8
meet   12:3
mentioned   25:22
merits   9:1
microfilm   36:9,12
miller   22:3
million   15:12,20
  17:1,25
millions   16:19
mineola   38:23
minimum   12:18
  13:4
minute   13:21
misled   9:8
mistake   17:11
misunderstanding
  10:24 11:24 14:6
  15:18
misunderstandi...
  14:5
money   13:10,11
  17:22 29:16
months   11:25,25
  17:15
morgan   16:18
motion   3:1 5:6,8
  5:10,12,13 6:8,22
  7:4,8,22 8:4 9:12
  10:10,11,15,16,21
  11:2 12:7,12,13
  12:15,20,23,25
  13:2,5,5,10 16:16
  17:1,10,19,24

[motion - produce]                                                                                    Page 6

18:1,3,6,7,8,15,16
19:1,5,11,11,25
20:2,17,17 21:4,8
21:16,18 23:4,6
26:11 27:1,2,20
27:21 28:1,3,12
28:18,19 29:1,3,3
29:12,14,17 30:8
30:10 31:1,24
32:2,2,2 36:7
**motions** 7:13
17:21
**movant** 5:9
**move** 19:8 22:6
**moving** 7:8 32:22
**multi** 11:8
**multiple** 9:1 10:24

**n**

**n** 4:1 5:1 38:1
**name** 11:14 25:22
**necessary** 9:12,13
9:13
**need** 12:18 29:25
**needed** 9:18
**needs** 7:1
**never** 13:1 16:3
17:6,14 21:9 34:8
34:21,24 36:3
**new** 1:2 2:3 4:6,13
25:16
**nicholas** 4:16
**nick** 5:5
**ninth** 26:10 30:7,8
**noncompliance**
11:1
**note** 27:11
**notice** 7:2
**notion** 12:25
**nsc** 35:20 36:13
**number** 35:17
**numbers** 11:18,20
**ny** 2:3 4:6,13
38:23

**o**

**o** 2:21 5:1 38:1
**objectionable**
25:10
**objections** 27:5
**obtained** 15:9
**occasions** 34:6
**occurred** 29:2
**offered** 6:17 12:1
**oh** 9:15 27:19
**okay** 6:11 10:5,15
10:18 14:15 21:1
22:11,17,21 23:10
23:18 24:7,15,15
26:18 27:10 28:8
28:24 30:1,16,19
31:17,21 33:21,23
37:2
**old** 38:21
**once** 6:22 7:12,17
12:3
**one's** 29:10
**open** 8:19
**opening** 9:15 13:3
**opinion** 27:8
**opportunity** 5:23
23:17 26:5 27:22
**oppose** 27:22
28:15,17 29:7,9
**opposing** 5:8 9:24
**opposition** 9:22
22:5 28:8 29:6,10
34:12
**order** 5:14,15
9:20 10:2 12:23
20:9,10 21:11
23:1,6 29:1 32:3,3
36:12,19,21,24,25
**ordered** 9:3 20:6
**orders** 10:24
11:10 12:14 19:5
19:22 20:14,16,21
21:14,17,18,20,21

33:4 36:17
**organized** 35:14
**originally** 24:19
**outlook** 35:14
**outstanding** 23:18

**p**

**p** 3:2 4:1,1 5:1
**page** 14:15 26:4
**pages** 14:13 26:2
26:2
**papers** 5:20 14:7
16:1 19:16 32:19
**paragraph** 34:15
**park** 4:5
**part** 11:12
**parties** 11:24 14:5
**party** 5:8 7:8
11:17 15:9,17
16:11,22 23:2
27:1 28:7 35:6,10
35:18,22
**password** 11:14
20:23
**pay** 13:14
**pending** 15:25
**perceived** 11:1
20:14
**percent** 24:13
25:9
**percentage** 12:18
25:5
**perception** 21:16
**period** 14:23
**permitted** 7:20
**person** 28:2
**place** 8:24 10:4
**plaintiff** 1:13
**plaza** 4:12
**plenty** 34:1
**pm** 2:6 37:9
**point** 11:8 12:16
17:24 18:2,20
30:14 35:4

**pointing** 32:6
**ponzi** 34:10
**portion** 8:12
20:17 21:4,8
**position** 12:1
33:10
**postponed** 33:22
**practical** 16:9
**pre** 35:20 36:13
**preclude** 6:24
**precluded** 22:24
**precludes** 8:16
**precluding** 7:10
8:5
**preclusion** 13:11
**predicate** 20:16
21:16,17,18
**prefers** 6:1
**prejudiced** 9:7
**premise** 9:3 18:17
**prepared** 33:17
**preparing** 30:5
**presence** 5:17
**present** 16:23
**pretty** 9:22 23:12
**prevail** 31:15
**prima** 24:4
**primarily** 19:13
**primary** 13:4 19:4
19:23 20:13 21:12
35:12
**principle** 20:6
**problem** 25:2,7
**problems** 24:10
**procedure** 5:7
**proceedings** 37:8
38:4
**process** 8:21
11:13 12:3
**produce** 9:4 12:16
18:19 19:21 20:7
20:25 32:24 34:22
36:5

[produced - running]                                                                   Page 7

**produced** 36:7
**production** 10:25
  11:7,7 12:8 17:14
  17:14 20:15 21:22
**promising** 17:16
**proper** 18:9
**proposed** 20:21
**proposing** 7:13,18
**proposition** 22:2
  22:5
**proprietary** 34:13
  34:15
**protection** 1:12
**protocol** 36:22
**prove** 6:4
**provided** 12:8
**proving** 7:5
**punitive** 13:16,20
  13:24,25
**purchase** 34:14
**purchases** 34:18
**purpose** 10:3
  13:16,17 19:4
  20:13 21:12
**pursuant** 3:1 5:6
**put** 15:3,4,5 24:20
  32:5
**putting** 20:7
  30:23

**q**

**queens** 15:24
  32:25
**question** 6:3 8:19
  12:6 16:6 17:7
  25:8 26:24,25
  32:11,15,21
**questioning** 24:19
**questions** 23:18
**quite** 33:14

**r**

**r** 2:21 3:2 4:1 5:1
  38:1

**rails** 9:9
**raise** 13:3 21:9
  31:3
**raised** 8:8 9:2
  23:21,21 25:24
  30:14 34:3 37:3
**ran** 15:8,11
**range** 6:18
**rate** 6:5 24:3,8,11
  25:9,10,11,13,20
**rate's** 24:14
**rates** 6:6,8,12,20
  23:23 24:1 25:15
**read** 17:4 30:14
  30:17 33:14
**realized** 15:17
**really** 9:9 24:5,11
  25:8 27:6 31:4
  33:6 35:5
**reasonable** 5:9
  6:16,19 9:15 11:5
**reasonableness**
  6:4 7:5 23:23
**reasonably** 10:22
**recite** 19:14
**recognized** 21:12
  35:21
**recognizes** 7:25
**recollection** 16:16
**recommendation**
  27:5
**reconsideration**
  23:2,5 26:12
  27:20 28:2 31:24
**record** 6:25 9:19
  14:8 16:10 17:9
  17:12 23:12 35:5
  38:4
**records** 10:25
  11:10 14:4 15:25
  16:22,23 18:18
  19:21 20:7,15
  23:24 24:10 25:1

  25:2,7 32:25 34:7
  34:20,22,23 35:1
  35:18,21,23,23
  36:2,5,5,13
**recounted** 8:22,23
**recounting** 14:8
**recover** 27:2
**recoverable** 22:8
**reduction** 24:13
**reels** 36:9,12
**refer** 16:1 18:10
  19:6
**referring** 26:14
**reflected** 24:25
**reflecting** 35:23
**refused** 18:19
**regarding** 27:5
**reimburse** 33:2
**relevance** 34:25
  36:2
**relevant** 34:7,9
**relied** 22:25
**relief** 18:14
**remedy** 13:12
  18:9
**remind** 36:6
**remotely** 9:23
**removing** 18:21
**repeated** 9:6
**reply** 25:25 26:18
  28:21,21 32:21,22
**report** 16:4 34:16
**request** 24:18
  28:8 29:9 35:21
**requested** 21:20
**required** 21:22
  25:1
**requiring** 10:25
  11:10 20:14
**reserve** 37:7
**resolve** 11:11,25
  20:21,22

**resolved** 12:4
  14:24
**respect** 6:6 26:22
**respond** 23:17
  25:24 26:1,16
  34:2
**response** 8:14
  26:9,17 30:13
  33:25 34:3
**restore** 36:12
**restored** 36:9
**result** 9:16 19:24
**reversed** 20:10
**review** 32:18
**reviewed** 16:17
**reviewing** 17:9
**rickel** 30:13 37:4
**rickels** 26:15
**right** 10:21 15:7
  16:5 18:11 19:2,8
  21:6 22:10 23:16
  25:21 26:19 27:25
  28:12,13,20 29:5
  31:13,25 32:11
  33:16,24 34:15
**road** 38:21
**rockefeller** 4:12
**room** 15:23 20:8
  35:1,7,11 36:9
**rule** 5:7,16 10:14
  10:20 12:22 19:2
  21:24,25 22:13,15
  22:16,18,19,20,24
  23:3,6 26:23,25
  28:17,21 29:4,14
  30:4,25
**ruling** 8:2
**run** 15:6,21 16:6
  16:21,25 17:24
**running** 11:17,19

| s | | | |
|---|---|---|---|

**s** 4:1,15 5:1
**sanction** 12:11
13:23,25 21:23
23:1 33:1
**sanctioned** 23:2
27:21 28:2 29:12
**sanctions** 11:2,3,5
12:8,9,15 13:2,5
13:11,18,19 16:14
18:16 21:4,8,25
28:12,19
**save** 30:12
**saying** 7:16 10:18
14:2 21:3 25:20
26:25 30:21,22
31:4 32:8 35:24
**says** 18:20 20:5,5
23:3 28:17 33:1
**scheme** 34:10
**screen** 15:21
**search** 15:3,4,5,21
16:5,17 17:3,10
17:16 18:23 35:16
**searches** 11:17,19
15:8,12 16:21,25
17:25
**second** 27:19
**secondly** 6:14
**secret** 16:3 34:12
34:13
**securities** 1:12,15
34:14
**see** 14:18 23:21
**seek** 14:23
**seeking** 7:4 16:13
18:3,4,13 20:24
21:5,8 29:16
32:16
**seeks** 23:2
**seen** 17:6,14
**sense** 25:6

**sentence** 33:1
**separate** 7:22
29:3
**september** 10:16
16:25 17:19,23
18:14
**services** 6:18 24:8
24:25
**sets** 14:18
**seven** 26:1,17,18
**share** 32:23
**shifrin** 4:15 5:3,4
6:6,11 7:6,12,15
7:18 8:10,15
11:16 15:14,16
34:1,8,21 35:8,10
36:23 37:5
**shifrin's** 24:3
**shifting** 22:21
**show** 7:8
**showed** 16:1
**showing** 7:1
**similar** 28:4,8
**single** 25:6 35:24
**sipc** 13:13
**sitting** 15:2,20
**situation** 27:6
31:22,25
**six** 13:8
**skin** 27:13
**slightest** 8:4
**smb** 1:4
**solution** 11:11
12:3 20:22
**solutions** 38:20
**somebody** 27:21
**sonya** 3:25 38:3,8
**sorry** 9:13
**sought** 11:4 20:18
**sound** 34:12
**sounds** 25:9 33:8
**south** 26:15

**southern** 1:2 6:16
**specifically** 13:1
26:10 34:5
**spent** 14:13 29:17
**stanley** 16:18
**start** 34:24
**started** 35:20
**state** 17:23
**statements** 34:19
**states** 1:1 2:1
**statute** 22:18
**stearns** 16:2
**step** 7:7 35:11
**stop** 18:11 28:23
28:25 30:22 31:21
31:21,22
**story** 9:21 18:24
**structure** 6:13
**structured** 8:21
**stuart** 2:22
**stuff** 35:19
**subfolders** 35:14
**submission** 7:14
7:23 26:4
**submissions** 6:21
7:19
**submit** 5:18 8:9
24:17 26:3 30:3
**submitted** 9:21
14:15 16:12
**subpoenas** 15:10
**substantial** 5:17
5:24 8:9 12:18
**substantially** 5:10
6:9,23 7:9 8:4
9:25 10:10 17:2
17:11 18:1 30:23
**successfully** 5:8
**suggested** 11:12
15:5
**suite** 38:22
**summarized**
19:19

**summarizing** 20:4
**supplement** 6:25
7:20
**supplemental**
7:22
**support** 9:17 36:1
**supreme** 22:22
**sure** 13:7 18:12
19:15 24:15
**surgery** 33:20

| t | | | |
|---|---|---|---|

**t** 38:1,1
**take** 7:2 36:4
**talking** 6:7,20
7:25 17:18 31:9
36:16
**tell** 16:15 17:13
18:25 27:12 28:25
30:15 32:20
**telling** 14:14
33:12
**ten** 24:13 25:9
35:2
**terms** 6:4 15:5
16:5,7,17 17:3,16
35:16
**thank** 10:5 37:2,5
37:6
**theory** 12:13
**thing** 14:1 26:22
34:24
**things** 14:21
16:18 24:20 35:3
**think** 6:11,17,22
6:25 7:1,3,21,22
8:1,7,19,20 9:4,15
9:23,25 10:1,9
13:13 15:6 16:21
17:8,9,10 18:16
18:20 19:16 20:2
22:3 24:3,18
25:11,11,13,14
26:2 27:3 29:3,10

**[think - york]**                                                                     Page 9

| | | | |
|---|---|---|---|
| 29:19,22 31:3 34:2,11 35:17 36:25 | 16:8 17:15 18:19 18:21 19:20,21 20:7,8,22 23:11 | **v** | **years** 6:14 9:1,8 9:10 13:8 14:4 35:2 |
| **thinks** 11:17 | 23:15,22 24:3,19 | **v** 1:14 | **york** 1:2 2:3 4:6 4:13 25:16 |
| **third** 5:13 11:17 15:8,17 16:22 18:15 31:1 35:6 35:10,18,22 | 25:25 32:23 35:16 36:4 **trustee's** 5:6 9:21 **trustee's** 3:1 | **vague** 25:3 **variety** 6:16 34:9 **veritext** 38:20 **view** 9:21 | |
| **thought** 15:11,15 15:19 16:7 20:20 21:13,22 32:9 | **trying** 24:11 33:3 35:15 **turn** 11:10 | **vs** 26:15 **w** | |
| **thousand** 13:14 **thousands** 34:25 36:7 | **turning** 36:23 **two** 7:7,13,14 12:14 18:14 21:17 21:18 24:7 36:17 | **wait** 13:21 28:23 28:23,23,23 **want** 17:19 20:23 24:15 26:3,6,16 | |
| **three** 26:1,3 35:11 **threshold** 8:1 10:9 **thrust** 19:4 | **type** 35:18 **u** | 29:20 30:14,17 **wanted** 14:4 18:23 20:21 33:19 | |
| **time** 6:18 12:2 14:22 23:24 24:8 24:9,10,25 25:2 30:13 35:22 36:14 | **u.s.** 2:23 22:22 **ultimately** 8:19 9:11 | **wants** 8:2 **warehouse** 32:25 **way** 6:21 8:18,21 | |
| 36:20 **today** 5:19 25:23 | **unambiguously** 9:6 | 9:7,8,8,25 20:22 26:10 33:8 **we've** 5:21 6:8,17 | |
| **told** 28:5,7 29:13 **tomorrow** 26:17 27:9 | **unclear** 35:4 **underlying** 5:12 **understand** 6:10 | 24:14 35:2 **went** 15:23 **win** 28:18 30:8,10 | |
| **top** 32:19 **total** 9:22 **track** 9:10 23:12 | 13:23 19:10 21:7 24:9 28:16 30:24 31:14,16 | **winning** 30:4 **words** 12:23 17:10 29:13 | |
| **trade** 15:23 **trades** 16:2 **trading** 10:25 | **understood** 6:11 10:22,22 18:6,6,7 **unequivocal** 9:14 | **worth** 14:8 **worthwhile** 15:7 16:19 | |
| 14:4 15:25 18:18 20:7,15 32:25 34:7,13,15,20,22 34:23 35:1,21,23 | **unequivocally** 5:14,15 **united** 1:1 2:1 **unjust** 5:11,17,25 | **wright** 22:3 **written** 24:24 **wrong** 9:4,6,6 15:11 17:16 23:10 | |
| **transcribed** 3:25 **transcript** 38:4 **true** 18:22 38:4 | 7:9 8:5 9:23 **unreasonable** 6:24 25:14,20 | **x** **x** 1:5,11,17 | |
| **trustee** 4:11 5:4 8:2,22 9:3,7,10,19 9:24 10:13,25 11:10 12:1 13:10 | **use** 35:16 **user** 11:14 **username** 20:23 **usually** 24:23 | **y** **yeah** 7:6 15:15 17:5,9 21:5 23:13 32:14 **year** 11:8 | |