# CHAITMAN LLP
### 465 PARK AVENUE
### NEW YORK, NY 10022
### (888) 759-1114
TELEPHONE & FAX

*HELEN DAVIS CHAITMAN*
hchaitman@chaitmanllp.com

January 30, 2020

**VIA ECF and U.S. PRIORITY MAIL**
The Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1408

    **Re:**    *In re Bernard L. Madoff, Investment Securities, LLC,* **Adv. Pro. No. 08-01789**
            *Picard v. Toby Harwood*, **Adv. Pro. No. 10-04818 (SMB)**
            *Picard v. Edyne Gordon*, **Adv. Pro. No. 10-04914 (SMB)**
            *Picard v. Estate of Boyer Palmer, et al.,* **Adv. Pro. No. 10-04826 (SMB)**
            *Picard v. Felice J. Perlman, et al.*, **Adv. Pro. No. 10-04541 (SMB)**
            *Picard v. Train Klan, a Partnership, et al.*, **Adv. Pro. No. 10-04905 (SMB)**
            *Picard v. Donald A. Benjamin,* **Adv. Pro. No. 10-04621 (SMB)**

Dear Judge Bernstein:

      This Firm is counsel to Defendants in the above-referenced adversary proceedings (the "Defendants"). Defendants write pursuant to the Court's direction at the January 22, 2020 hearing regarding the Trustee's motion for fees pursuant to Federal Rule of Civil Procedure 37(a)(5)(B) to address *Rickels v. City of South Bend, Indiana*, 33 F.3d 785 (7th Cir. 1994), to the extent it relates to the question of whether a party may be awarded fees in connection with an appeal of an order entered under Federal Rule of Civil Procedure 37(a).

      This letter makes the following points: (1) this Court should not even reach *Rickels* because the plain text of Fed. R. Civ. 37(a)(5)(B) only permits an award of expenses "incurred in ***opposing the motion,***" but the Trustee seeks expenses for opposing an appeal; (2) *Rickels* was wrongly decided, it violates the American Rule as well as basic rules of statutory interpretation, and it is erroneously premised on an irrelevant statutory scheme rather than Fed. R. Civ. P. 37; (3) the facts

{00043641 4 }

**CHAITMAN LLP**

Hon. Stuart M. Bernstein
January 30, 2020
Page 2

of *Rickels* are inapposite; (4) authorities more on point than *Rickels* have held that fees cannot be awarded in connection with an appeal of a magistrate judge's order entered pursuant to Fed. R. Civ. P. 37; and (5) *Rickels* has never been followed in the Second Circuit and it is contrary to numerous other non-binding decisions across the federal courts nationwide.

I. **The plain text of Fed. R. Civ. P. 37 is clear and the Court's inquiry must end there**

Under the "bedrock principle known as the American Rule: Each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." *Baker Botts L.L.P. v. ASARCO LLC*, 135 S. Ct. 2158, 2164 (2015). The American Rule cannot be deviated from "'absent explicit statutory authority.'" *Id*. (citation omitted). There is a presumption against reading statutes as invading the American Rule. *See id*. Even where Congress has legislated some exception to the American Rule, the presumption against the exception limits the application of that exception to the express terms supplied by Congress. *See Morrison v. Nat'l Australia Bank Ltd.*, 561 U.S. 247, 265 (2010) ("[W]hen a statute provides for some extraterritorial application, the presumption against extraterritoriality operates to limit that provision to its terms.").

There is no authority under Fed. R. Civ. P. 37 whatsoever for awarding expenses in relation to an appeal of a discovery arbitrator's order. Thus, *Rickels*' central holding violates the American Rule, is contrary to the text of Fed. R. Civ. P. 37, and must be rejected.

Fed. R. Civ. P. 37 only permits an award of expenses "incurred in ***opposing the motion***, including attorneys' fees." Fed. R. Civ. P. 37(a)(5)(B) (emphasis added). Expenses can be awarded under this Rule only in connection with opposing one of the ***motions*** specifically enumerated in Fed. R. Civ. P. 37(a)(3). The motions under Fed. R. Civ. P. 37(a)(3) for which expenses may be awarded are very limited – and ***they do not include appeals.*** *See* Fed. R. Civ. P.

{00043641 4}

**CHAITMAN LLP**

37(a)(3) (referring to **"Specific Motions").** In this Circuit, fees sought under Fed. R. Civ. P. 37 are denied when they are not incurred in connection with those motions specifically enumerated in Fed. R. Civ. P. 37. *See Spirit Realty, L.P. v. GH&H Mableton, LLC*, 319 F.R.D. 474, 476 (S.D.N.Y. 2017) (motion to quash subpoena).

"[T]he first canon of statutory construction is that 'a legislature says in a statute what it means and means in a statute what it says there.'" *See, e.g.*, *United States v. Piervinanzi*, 23 F.3d 670, 677 (2d Cir. 1994) (citations omitted). Since the plain text of Fed. R. Civ. P. 37 does not allow for expenses incurred in opposing appeals, the inquiry ends there. *Piervinanzi*, 23 F.3d at 677 ("Indeed, [w]hen the words of a statute are unambiguous . . . this first canon is also the last: judicial inquiry is complete.") (alterations in original) (citations and internal quotation marks omitted). Moreover, any policy reasons espoused by *Rickels* are irrelevant because this Court's "job is to follow the text even if doing so will supposedly 'undercut a basic objective of the statute.'" *Baker Botts L.L.P.*, 135 S. Ct. at 2169 (citation omitted). Thus, this Court would commit reversible error to rely on *Rickels* and subvert the plain language of Fed. R. Civ. P. 37.[1]

**II.    *Rickels* was wrongly decided**

*Rickels* was wrongly decided. In addition to violating the American Rule, *Rickels*' central holding was premised on an uncritical overreading of *Commissioner, I.N.S. v. Jean*, 496 U.S. 154 (1990). *Rickels* cited *Jean*, incorrectly, to broadly stand for the proposition that "[w]hen the district court awards fees to the prevailing party as of course . . . the costs of defending the award on appeal

---

[1] This Court also need not reach *Rickels* for the additional reason that Defendants' motion was not brought pursuant to Fed. R. Civ. P. 37(a). The Trustee concedes that the **"fundamental premise"** of Defendants' appeal was that Defendants perceived the Trustee to have violated court orders that required the Trustee to produce documents, *i.e.*, a motion under Fed. R. Civ. P. 37(b). [*See* January 22, 2020 Transcript, attached as Ex. A, at 9:2-4].

{00043641 4}

08-01789-cgm    Doc 19288    Filed 02/03/20    Entered 02/03/20 16:57:28    Main Document
Pg 4 of 19

CHAITMAN LLP

Hon. Stuart M. Bernstein
January 30, 2020
Page 4

are added to that award as of course." *See Rickels*, 33 F.3d at 787 (citing *Jean*, 496 U.S. 154). But *Jean* did not go this far. *Jean* also involved an entirely different statutory scheme completely unrelated to Fed. R. Civ. P. 37.

At issue in *Jean* was Subsection (d)(1)(A) of the Equal Access to Justice Act (the "EAJA"), which broadly allows for fee-shifting to any party who prevails in certain lawsuits against the United States. Under Subsection (d)(1)(A) of the EAJA, the prevailing party, where the opposition lacked substantial justification, is entitled to an award of costs "incurred by that party in any civil action (other than cases sounding in tort) including proceedings for judicial review of agency action." The issue in *Jean* was whether the award may include costs incurred in subsequent litigation over the fee award even if the opposition to the fee request was substantially justified. 496 U.S. 154. *Jean* held that the prevailing party could be awarded fees in relation to the fee application under Subsection (d)(1)(A) of the EAJA, even without regard to whether the opposition to the fee request was substantially justified.

The crucial difference between Fed. R. Civ. P. 37 – which narrowly limits its application only to fees incurred "in opposing the motion" – is that Subsection (d)(1)(A) of the EAJA broadly permits fees ***"in any civil action."*** *Jean* held that the EAJA's reference to "any civil action" was the "most telling answer" to the question of whether fees could be awarded in connection with the fee litigation. 496 U.S. at 158.

*Jean* should not be followed with respect to Fed. R. Civ. P. 37 because if "statutory deviations from the American Rule" differ in their language, an interpretation of one does not control another. *See Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 254 (2010). Since *Rickels* was based on an uncritical following of *Jean*, it should not be followed here.

**CHAITMAN LLP**

Hon. Stuart M. Bernstein
January 30, 2020
Page 5

The Supreme Court has implicitly held that *Rickels* read *Jean* too broadly. In *Baker Botts L.L.P.*, the Supreme Court held that Section 330(a)(1) of the Bankruptcy Code, which permits a an award of "reasonable compensation for actual, necessary services" rendered by attorneys hired by a bankruptcy trustee, does not permit fee awards for defending fee applications. 135 S.Ct. at 2162-63. The Court's "basic point of reference" was the American Rule, long embedded in the common law, and the Court instructed that "[s]tatutes which invade the common law are to be read with a presumption favoring the retention of [the common law rule]." 135 S.Ct. at 2164 (citing *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994)).

The Court distinguished *Jean by* observing that Subsection (d)(1)(A) of the EAJA refers to fees in connection with a "civil action." *Baker Botts L.L.P.*, 135 S. Ct. at 2164. In contrast to the statutory text of the EAJA, Section 330(a)(1) of the Bankruptcy Code, as held by the Court, did not "expressly depart from the American Rule to permit compensation for fee-defense litigation by professionals hired to assist trustees in bankruptcy proceedings." 135 S. Ct. at 2167-68.

Further confirmation that *Rickels* was wrongly decided can be discerned from a comparison of Fed. R. Civ. P. 37(a) with Fed. R. Civ. P. 37(b). Fed. R. Civ. P. 37(a) narrowly permits an award of expenses only "incurred in opposing the motion." In contrast, Fed. R. Civ. P. 37(b) more broadly permits an award of expenses "caused by the failure" of a party to comply with a discovery order. *See Am. Hangar, Inc. v. Basic Line, Inc.*, 105 F.R.D. 173, 176 (D. Mass. 1985) (noting contrast in language and construing Fed. R. Civ. P. 37(a) narrowly).

The Trustee seems to agree that *Rickels* was not correctly decided, or at the very least the Trustee's position is that fees can only be awarded for an appeal of an order entered under Fed. R. Civ. P. 37 if the appeal was not substantially justified. [*See* January 22, 2020 Transcript at 9-10]

{00043641 4}

**CHAITMAN LLP**

Hon. Stuart M. Bernstein
January 30, 2020
Page 6

("And I think one way to look at it is was the appeal substantially justified. I don't think that it was.")].[2] *Rickels* itself is internally contradictory because it too suggests that fees should only be awarded on appeal if the appeal was not justified. *Compare Rickels*, 33 F.3d at 787 (fees awarded on appeal to compensate for costs that would not have been incurred had Rickels "respected his legal rights in the first place") *with id*. (fees are awarded "as of course"). *Rickels* was wrongly decided and should not be followed.

### III. The facts of *Rickels* are inapposite

*Rickels* should not be followed because its facts are inapposite. *See, e.g.*, *Steadfast Ins. Co. v. Auto Mktg. Network, Inc.*, 1999 WL 446691, at *2 (N.D. Ill. June 23, 1999) ("[T]he event that preceded the district court's award of sanctions in *Rickels* is instructive."). Rickels violated court orders, and he sought to serve discovery on the attorney who had represented him in litigation against his former wife, even after the court previously denied his requests to serve that discovery. Here, in contrast, rather than violating court orders, Defendants were expressly granted leave to file their appeal.

*Rickels* did not involve a situation where the appellate court granted leave to appeal. Where a court invites a party to make a filing, it cannot then sanction that party for making that filing. *See Mantell v. Chassman*, 512 F. App'x 21, 24 (2d Cir. 2013) (holding that the magistrate judge

---

[2] The Trustee has also admitted that his efforts at the appeal stage involved more than merely opposing the motion. Instead, they have been designed to obtain an advisory opinion that the "motion was not substantially justified in the slightest . . . ." [*See* January 22, 2020 Transcript at 8:3-4]; [*id*. at 8:1-4] ("[T]he threshold issue we have to address, first and foremost, and **the ruling that the Trustee wants more than anything here**, is a finding, **expressed finding**, that this motion was not substantially justified **in the slightest . . . .**") (emphasis added); [*see also id*. at 9:5-8] ("[T]he fundamental premise of this appeal [Defendants' allegation that the Trustee violated discovery orders] . . . was repeated . . . in a way that prejudiced the Trustee . . . .").

{00043641 4}

08-01789-cgm    Doc 19288    Filed 02/03/20    Entered 02/03/20 16:57:28    Main Document
Pg 7 of 19

CHAITMAN LLP

Hon. Stuart M. Bernstein
January 30, 2020
Page 7

abused his discretion when "the magistrate judge invited him to file objections to Shapiro's January 2011 declaration of attorney's fees and costs, but then sanctioned Mantell for doing so by awarding fees associated with Shapiro's June 2011 reply"). Although this Court has expressed doubts as to the applicability of *Mantell*, it is on point: if this Court had not granted leave to appeal, there would be no basis to now consider whether that appeal was sanctionable.

IV. **Cases more on point than *Rickels* are contrary to *Rickels***

As this Court stated during the January 22, 2020 hearing, cases involving appeals of magistrate rulings on motions brought under Fed. R. Civ. 37 are instructive on the issue before the Court. [*See* January 22, 2020 Transcript at 27:3-8]. One such case, which this Court should follow, expressly rejects *Rickels and Jean* for many of the reasons articulated *supra*. As held in that case:

> In *Jean,* the issue was whether, under the Equal Access to Justice Act (EAJA), commonly referred to as a "fee shifting statute," a party prevailing on the merits in an action where the opposing party lacked substantial justification for its position thus entitling it, by statute, to an award of costs, may include in its recovery, costs incurred in subsequent litigation over the amount of the fee award without again establishing the lack of substantial justification for opposition to the fee request. In the instant case, on the other hand, there is no fee shifting statute at issue, and the costs sought are those related to defending an objection to a Magistrate Judge's Rule 37 Order before the District Judge. Furthermore, in *Jean,* the Supreme Court based its decision, among other things, on the fact that the EAJA provision at issue, Subsection (d)(1)(A), referred to an "an award of fees 'in any civil action' without any reference to separate parts of the litigation. To the contrary, the provision of Rule 37 under which Judge Sanders awarded fees expressly allows an award of expenses "incurred in opposing the motion." Accordingly, there is no textual support in Rule 37 for Merial's position that "appeal" costs are intended for inclusion under the rule. In short, the *Jean* decision does not mandate an award of costs incurred in filing or opposing every objection to a magistrate judge's ruling under Rule 37 filed with a district judge.

> Neither does Merial's reliance on *Rickels* mandate this result, and it is not controlling authority in the Fifth Circuit, in any event. In *Rickels,* when faced with the issue of whether the cost of an unsuccessful appeal to the Seventh Circuit to contest a district judge's award of fees under Rule 37 should be added to the underlying award, the court held they would be. However, in the instant case there has been no appeal to the Fifth Circuit. The court is unpersuaded that Merial is entitled, as a matter of law, to the costs incurred by it in defending against Plaintiffs' unsuccessful objection to the Magistrate's Rule 37 Order.

*Haley v. Merial, Ltd.*, 2011 WL 6189511, at *1-2 (N.D. Miss. Dec. 13, 2011). This Court should reach the same result here, and it is compelled to based on the plain text of Fed. R. Civ. P. 37.

Further, at least one court in this Circuit has denied a request for expenses incurred in appealing a magistrate's order entered under Fed. R. Civ. P. 37 to the district court. *See Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 1989 WL 106008, at *1 (E.D.N.Y. Aug. 29, 1989), *aff'd,* 900 F.2d 522 (2d Cir. 1990). The district court noted that "[p]laintiff is entitled to appeal orders of Magistrate Caden to the undersigned," and it refused to award expenses for appeal even though they were sought under Fed. R. Civ. P. 37(b), which is broader than Fed. R. Civ. P. 37(a).

## V. **Rickels has never been followed in the Second Circuit and it is contrary to numerous other non-binding authorities**

*Rickels*, which is obviously not binding on this Court, has never been followed by any court in the Second Circuit.[3] Additionally, numerous other, non-binding authorities are contrary to *Rickels*. *See Michigan Millers Mut. Ins. Co. v. Westport Ins. Corp.*, 2014 WL 5810309, at *5 (W.D. Mich. Nov. 7, 2014) (denying request for compensation for "attorneys' time preparing these affidavits or the fee petition in the award of costs" because Fed. R. Civ. P. 37(a)(5)(A) refers to

---

[3] Although it was cited in this Circuit once, it was only cited in passing and not for the proposition that fees can be awarded on appeal. *Mains v. Sea Ray Boats, Inc.*, 2007 WL 9757484, at *2 (D. Conn. June 8, 2007).

**CHAITMAN LLP**

Hon. Stuart M. Bernstein
January 30, 2020
Page 9

'reasonable expenses incurred in making the motion,' meaning the motion to compel"); *Knights Armament Co. v. Optical Sys. Tech., Inc.*, 254 F.R.D. 470, 473 (M.D. Fla. 2008) (rejecting request for expenses incurred in opposing an appeal of an order entered under Fed. R. Civ. P. 37); *Addington v. Mid-Am. Lines*, 77 F.R.D. 750, 751 (W.D. Mo. 1978) (the time spent by counsel preparing his affidavit setting out his fees cannot fairly be considered as an expense incurred in obtaining an order to compel because these were not "expenses incurred in obtaining the order (compelling discovery)"); *Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.*, 982 F.2d 363, 368 (9th Cir. 1992) ("Although Rule 37 provides for fees and costs incurred in making a motion to compel, it does not provide those sanctions for defending a motion for reconsideration. [We have] foreclosed the application of Rule 37 sanctions . . . where a party's alleged discovery-related misconduct is not encompassed by the language of the rule."); *Telluride Mgmt. Sols., Inc. v. Telluride Inv. Grp.*, 55 F.3d 463, 467 (9th Cir. 1995) (magistrate judge cannot award expenses under Fed. R. Civ. P. 37(a)(4) for reconsideration of motion awarding sanctions under Fed. R. Civ. P. 37(a)(4)).  *Rickels* is not binding on this Court, but the plain text of Fed. R. Civ. P. 37 is.

**VI.    Conclusion**

Federal Rule of Civil Procedure 37 does not permit an award of expenses in connection with the appeal of Magistrate Judge Maas' January 2, 2019 Order.

Respectfully submitted,

*/s/ Helen Davis Chaitman*

Helen Davis Chaitman

HDC/sh
Enclosure (as stated)
cc:    Nicholas J. Cremona, Esq. (ncremona@bakerlaw.com)
       Maximillian S. Shifrin, Esq. (mshifrin@bakerlaw.com)

{00043641 4 }

# EXHIBIT A

```
                                                              Page 1

 1   UNITED STATES BANKRUPTCY COURT

 2   SOUTHERN DISTRICT OF NEW YORK

 3   Case No. 95-88888-cgm

 4   Adv. Case No. 08-01789-smb

 5   - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

 6   In the Matter of:

 7

 8   THE BANKRUPTCY LINK,

 9

10          Debtor.

11   - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

12   SECURITIES INVESTOR PROTECTION CORPORATION,

13              Plaintiff,

14         v.

15   BERNARD MADOFF INVESTMENT SECURITIES,

16              Defendants.

17   - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

18

19

20

21

22

23

24

25
```

Page 2

```
 1                United States Bankruptcy Court
 2                One Bowling Green
 3                New York, NY  10004
 4
 5                January 22, 2020
 6                2:05 PM
 7
 ...
21  B E F O R E :
22  HON STUART BERNSTEIN
23  U.S. BANKRUPTCY JUDGE
24
25  ECRO:   MATTHEW
```

Page 3

1  HEARING re Trustee's Motion for Fees and Expenses Pursuant
2  to Fed. R. Civ. P. 37(A)(5)(B)

25  Transcribed by: Sonya Ledanski Hyde

**Page 4**

1  A P P E A R A N C E S :

2

3  CHAITMAN LLP

4      Attorneys for the Defendant

5      465 Park Avenue

6      New York, NY 10022

7

8  BY:   GREGORY M. DEXTER

9

10 BAKER HOSTETLER

11     Attorneys for the Trustee

12     45 Rockefeller Plaza

13     New York, NY 10111

14

15 BY:   MAXIMILLIAN S. SHIFRIN

16     NICHOLAS J. CREMONA

17

18

19

20

21

22

23

24

25

1  think the threshold issue we have to address, first and
2  foremost, and the ruling that the Trustee wants more than
3  anything here, is a finding, expressed finding, that this
4  motion was not substantially justified in the slightest and
5  that there are no unjust circumstances precluding an award
6  of fees.
7         THE COURT:  I think that the defendants, and Ms.
8  Chaitman has, yes, raised some other defenses, not just
9  submit substantial justification.
10        MR. SHIFRIN:  Well --
11        THE COURT:  For example, they argue that a good
12  portion of your fees were devoted to the appeal before me,
13  and they argue that you're not entitled to an award of fees
14  for the appeal.  What's your response?
15        MR. SHIFRIN:  Well, they said no case law, Your
16  Honor, that precludes an award of fees in this
17  circumstances.  And, admittedly, Your Honor, there are no
18  cases that I have been able to find going the other way.  I
19  think it's, ultimately, an open question.
20        I do think that in these circumstances, given the
21  way that the appellate process was structured, given the
22  conduct that the Trustee has extensively recounted, that
23  this Court and Judge Maas have now extensively recounted,
24  much of the conduct took place in this court.  We were going
25  back and forth between this Court and Judge Maas for

1   multiple years.  And given the merits of the arguments that
2   were raised on appeal, as this Court said, the fundamental
3   premise of this appeal that I, emphasis, ordered the Trustee
4   to produce any documents, is wrong.  And I think Your Honor
5   was being generous with that language.  Not only was it
6   wrong, it was unambiguously wrong, and it was repeated over
7   and over and over again in a way that prejudiced the Trustee
8   for years, in a way that misled this Court, in a way that
9   really took this whole dispute off the rails.  And it took
10  the Trustee several years to get it back on track.
11          And ultimately, Your Honor, Ms. Chaitman cite --
12  argues that the motion was necessary or the appeal, I'm
13  sorry, was necessary.  The appeal was not necessary.  Judge
14  Maas' findings were unequivocal.  They didn't leave any
15  reasonable attorney with any opening to think, oh, I might
16  get a different result on appeal.  And the arguments that
17  Ms. Chaitman lodged on appeal support that further.
18          So, Your Honor, if anyone needed the appeal, it
19  was the Trustee to definitively clear the record.  And we're
20  very happy with the August 2019 order in that it, in our
21  view, adopted the Trustee's story, which we submitted in
22  opposition to Ms. Chaitman's appeal pretty much in total.
23          So I don't think it would be remotely unjust to
24  award the Trustee fees for opposing this appeal.  And I
25  think one way to look at it is was the appeal substantially

1  justified.  I don't think it was.  She could have just --
2  she could have accepted Judge Maas' order, which was the
3  whole purpose of going to a discovery arbitrator in the
4  first place.  She didn't have to come back to this Court.
5           THE COURT:  Okay.  Thank you.
6           MR. DEXTER:  Good afternoon, Your Honor.  Greg
7  Dexter here with the Law Firm of Chaitman, LLP.
8           THE COURT:  Good afternoon.
9           MR. DEXTER:  I think the threshold issue is not
10 whether the motion was substantially justified, but whether
11 the motion was brought under 37(a) or 37(b).  Because if it
12 was brought under 37(b), then there's no basis, and the
13 Trustee has certainly cited none, for this Court to award
14 attorney's fees under Rule 37(a).
15          THE COURT:  Okay.  So when was the motion brought?
16 Was it the September joint letter, was that the motion?
17          MR. DEXTER:  That -- yes.
18          THE COURT:  Okay.  And you're saying that it was
19 only brought under 37(b)?
20          MR. DEXTER:  Which is the only rule cited in the
21 joint letter.  It was -- right, the motion was brought
22 because Ms. Chaitman understood, reasonably understood, and
23 now the Court has indicated that that was a
24 misunderstanding, that there were multiple court orders
25 requiring the Trustee to make production of trading records.

```
 1    whether, under 37(a) the party that defeats a motion to

 2    compel can recover the costs of an appeal from that motion.

 3            I would think that this issue may have come up,

 4    that there's more case law, the issue may have come up in

 5    objections to a magistrate's recommendation regarding

 6    discovery, which is really the kind of situation we're in

 7    here, it's analogous.  But as I said, Judge Easterbrook's

 8    opinion, it did come up on appeal.

 9            So tomorrow is the 23rd, so --

10            MR. DEXTER:  Okay.  Your Honor.  And it's --

11            THE COURT:  -- let me just make a note of that.  I

12    looked, I couldn't find anything else, so I'll tell you.

13    But you guys have skin in the game, so maybe you'll do

14    better.

15            MR. DEXTER:  And I just -- the other authority

16    I'll direct Your Honor's attention to is the Mantell case.

17            THE COURT:  Which is Mantell?

18            MR. DEXTER:  That's the --

19            THE COURT:  Oh, that's the Second Circuit case

20    where the court invited a motion for reconsideration and

21    then sanctioned somebody for making the motion?

22            MR. DEXTER:  He invited an opportunity to oppose a

23    fee application --

24            THE COURT:  Or whatever it was.

25            MR. DEXTER:  -- right?
```

1        C E R T I F I C A T I O N

2

3     I, Sonya Ledanski Hyde, certified that the foregoing

4     transcript is a true and accurate record of the proceedings.

5

6

7

8     Sonya Ledanski Hyde

9

10

11

12

13

14

15

16

17

18

19

20    Veritext Legal Solutions

21    330 Old Country Road

22    Suite 300

23    Mineola, NY 11501

24

25    Date:   January 24, 2020