# EXHIBIT DC



# Customer Questionnaire and Certification

| | |
|---|---|
| **1. Account Title**<br>1S0412-3<br>ROBERT S SAVIN | **1a. Is beneficial owner a US Citizen:** ☑ Yes ☐ No<br>If no, Country of Citizenship:<br>**1b. SSN/Tax ID Number: (Required for US Citizens)**<br>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<br>**1c. Date of Birth:**<br>March 17, 1925 |
| **2. Home address: (if different from Account Address)** | **3. Home Phone:** 914 6988470<br>**3a. Fax Number: (if available)** 914 6988471 |
| **4. Occupation:** Retired | **5. Employer's Name:** Retired |
| **6. Principal Business Address:** | **7. Business Phone:** 914 6980440<br>**7a. Fax Number:** 914 6988471 |
| **8. Employment Status:**<br>☐ Employed  ☐ Self-Employed  ☐ Unemployed<br>☑ Retired | **9. Marital Status:** ☐ Single ☑ Married<br>**9a. If married, Spouse's Occupation** Travel Agent |
| **10. Estimated net worth:** 3,600,000 | **11. Approx annual income:** 110,000 |
| **12. Sources of Wealth:**<br>☐ Employment  ☐ Inheritance  ☑ Savings/Investment<br>☒ Other, Explain: HOME VALUE | **13. Sources of Assets on Deposit:**<br>☐ Employment  ☐ Inheritance  ☑ Savings/Investment<br>☐ Other, Explain: |
| **14. Account Investment Objective:** Trading Income * | |
| * Trading Income-Emphasis on short-term trading practices to capitalize on market fluctuations. This objective is associated with market risk. | |
| **15.** Is the beneficial owner currently or formerly a foreign political figure, an immediate family member of a foreign political figure or a known close associate?<br>☑ No.<br>☐ Yes. Please contact Compliance Officer and Anti-Money Laundering Group in the Legal Dept. before conducting trading activity. | |

**For Bernard L. Madoff Investment Securities LLC Compliance Department use only:**

Date Received: _____   Approved by: _____

I certify that I have received and reviewed the requisite information and documentation for this account in accordance with Bernard L. Madoff Investment Securities LLC anti-money laundering procedures.

By: _____



**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC

885 Third Avenue New York, NY 10022

212 230-2424
800 334-1343
Fax 212 486-8178

## TRADING AUTHORIZATION LIMITED TO PURCHASES AND SALES OF SECURITIES AND OPTIONS

To Whom It May Concern:

The undersigned hereby authorizes Bernard L. Madoff (whose signature appears below) as his agent and attorney in fact to buy, sell and trade in stocks, bonds, options and any other securities in accordance with your terms and conditions for the undersigned's account and risk and in the undersigned's name, or number on your books. The undersigned hereby agrees to indemnify and hold you harmless from, and to pay you promptly on demand any and all losses arising therefrom or debit balance due thereon.

In all such purchases, sales or trades you are authorized to follow the instructions of Bernard L. Madoff in every respect concerning the undersigned's account with you; and he is authorized to act for the undersigned and in the undersigned's behalf in the same manner and with the same force and effect as the undersigned might or could do with respect to such purchases, sales or trades as well as with respect to all other things necessary or incidental to the furtherance or conduct of such purchases, sales or trades. All purchases, sales or trades shall be executed strictly in accordance with the established trading authorization directive.

The undersigned hereby ratifies and confirms any and all transactions with you heretofore or hereafter made by the aforesaid agent or for the undersigned's account.

This authorization and indemnity is in addition to (and in no way limits or restricts) any rights which you may have under any other agreement or agreements between the undersigned and your firm.

This authorization and indemnity is also a continuing one and shall remain in full force and effect until revoked by the undersigned by a written notice addressed to you and delivered to your office at 885 Third Avenue New York, NY. Such revocation shall not affect any liability in any way resulting from transaction initiated prior to such revocation. This authorization and indemnity shall enure to the benefit of your present firm and any successor firm or firms irrespective of any change or changes at any time in the personnel thereof for any cause whatsoever, and of the assigns of your present firm or any successor firm.

Dated, _November 8, 04_

_Mamaroneck_ (City)    _New York  10543_ (State)

Very truly yours, _Robert F. [signature]_
(Client Signature)

Signature of Authorized Agent: _[signature]_

Affiliated with:
Madoff Securities International Limited
12 Berkeley Street, Mayfair, London W1J 8DT. Tel 020-7493 6222



**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC

885 Third Avenue New York, NY 10022

212 230-2424
800 334-1343
Fax 212 486-8178

# OPTION AGREEMENT

In order to induce you to carry accounts ("Option Accounts") for me (however designated) for transactions in option contracts (including, without limitations, purchase, sale, transfer and exercise) ("Option Transaction"), I hereby warrant, represent and agree with you as set forth below on this Option Agreement.

1. I understand, and am well aware, that option trading may be speculative in nature. I am also aware that on certain days, option trading may cease and this could result in a financial loss to me. I agree to hold the company, its other divisions, and its officers, directors and agents harmless for such loss.

2. I understand that any option transaction made for any account of mine is subject to the rules, regulations, customs and usages of The Options Clearing Corporation and of the registered national securities exchange, national securities association, clearing organization or market where such transaction was executed. I agree to abide by such rules, regulations, custom and usages and I agree that, acting individually or in concert with others, I will not exceed any applicable position or exercise limits imposed by such exchange, association, clearing organization or other market with respect to option trading.

3. If I do not satisfy my transaction obligations on a timely basis, you are authorized in your sole discretion and without notification, to take any and all steps you deem necessary to protect yourself (for any reason) in connection with option transactions for my account including the right to buy and/or sell for my account and risk any part or all of the shares represented by options handled, purchased, sold for my account, or to buy for my account and risk any option as you may deem necessary or appropriate. Any and all expenses or losses incurred in this connection will be reimbursed by me.

4. In addition to the terms and conditions hereof, my option account will be subject to all of the terms and conditions of all other agreements heretofore or hereafter at any time entered into with you relating to the purchase and sale of securities except to the extent that such other agreements are contrary to or inconsistent herewith.

5. This agreement shall apply to all puts or calls which you may have executed, purchased, sold or handled for any account of mine and also shall apply to all puts, or calls which you may hereafter purchase, sell, handle or execute for any account of mine.

6. I have received from the company the most recent risk disclosure document entitled "Characteristics and Risks of Standardized Options". I have read and understand the information contained in this document.

7. I understand that you assign exercise notices on a random basis. You may preferentially assign exercises of block-size (i.e. covering $1,000,000 or more of underlying securities) to block-size writing positions and you may preferentially assign smaller exercises to smaller writing positions. I understand that upon my request you will provide me with further information regarding the procedure used to assign exercise notices.

DATED _November 8, 04_                    ACCOUNT NO. _1 30412-3-0_

## SIGNATURES

(If a Corporation)                         (If Individuals)
                                           _Robert S. Savin_

_____
(Name of Corporation)
                                           _____
By_____              (Second Party if Joint Account)

                                           (If a Partnership)

Title_____
                                           _____
                                           (Name of Partnership)

SEAL

                                           By_____
                                           (A Partner)

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC

885 Third Avenue New York, NY 10022

212 230-2424
800 334-1343
Fax 212 486-8178

## CUSTOMER AGREEMENT

In consideration for you (the "Broker") opening or maintaining one or more accounts (the "Customer"), the Customer agrees to the terms and conditions contained in this Agreement. The heading of each provision of the Agreement is for descriptive purposes only and shall not be deemed to modify or qualify any of the rights or obligations set forth in each such provision. For purposes of this Agreement, "securities and other property" means, but is not limited to money, securities, financial instruments of every kind and nature and related contracts and options. This definition includes securities or other property currently or hereafter held, carried or maintained by you or by any of your affiliates, in your possession or control, or in the possession or control of any such affiliate, for any purpose, in and for any of my accounts now or hereafter opened, including any account in which I may have an interest.

### 1. APPLICABLE RULES AND REGULATIONS

All transactions in the Customer's Account shall be subject to the constitution, rules, regulations, customs and usages of the exchange or market, and its clearing house, if any, where the transactions are executed by the Broker or its agents, including its subsidiaries and affiliates. Also, where applicable, the transactions shall be subject (a) to the provisions of the Securities Exchange Act of 1934, as amended, and (b) to the rules and regulations of (1) the Securities and Exchange Commission and (2) the Board of Governors of the Federal Reserve System.

### 2. AGREEMENT CONTAINS ENTIRE UNDERSTANDING/ASSIGNMENT

This Agreement contains the entire understanding between the Customer and the Broker concerning the subject matter of this Agreement. Customer may not assign The rights and obligations hereunder without first obtaining the prior written consent of the Broker.

### 3. SEVERABILITY

If any provision of this Agreement is held to be invalid, void or unenforceable by reason of any law, rule, administrative order or judicial decision, that determination shall not effect the validity of the remaining provisions of this Agreement.

### 4. WAIVER

Except as specifically permitted in this Agreement, no provision of this Agreement can be, nor be deemed to be, waived, altered, modified or amended unless such is agreed to in a writing signed by the broker.

### 5. DELIVERY OF SECURITIES

Without abrogating any of the Broker's rights under any other portion of this Agreement and subject to any indebtedness of the Customer to the Broker, the Customer is entitled, upon appropriate demand, to receive physical delivery of fully paid securities in the Customer's Account.

### 6. SALES BY CUSTOMER

The Customer understands and agrees any order to sell "short" will be designated as such by the Customer, and that the Broker will mark the order as "short". All other sell orders will be for securities owned ("long"), at that time, by the Customer by placing the order the Customer affirms that he will deliver the securities on or before the settlement date.

Affiliated with:
Madoff Securities International Limited
12 Berkeley Street, Mayfair, London W1J 8DT. Tel 020-7493 6222

**7. BROKER AS AGENT**

The customer understands that the Broker is acting as the Customer's agent, unless the Broker notifies the Customer, in writing before the settlement date for the transaction, that the Broker is acting as dealer for its own account or as agent for some other person.

**8. CONFIRMATIONS AND STATEMENTS**

Confirmations of transactions and statements for the Customer's Account(s) shall be binding upon the Customer if the Customer does not object, in writing, within ten days after receipt by the Customer.

**9. SUCCESSORS**

Customer hereby agrees that this Agreement and all the terms thereof shall be binding upon Customer's heirs, executors, administrators, personal representatives and assigns. This Agreement shall ensure to the benefit of the Broker's present organization, and any successor organization, irrespective of any change or changes at any time in the personnel thereof, for any cause whatsoever.

**10. CHOICE OF LAWS**

THIS AGREEMENT SHALL BE DEEMED TO HAVE BEEN MADE IN THE STATE OF _New York_ AND SHALL BE CONSTRUED, AND THE RIGHTS AND LIABILITIES OF THE PARTIES DETERMINED, IN ACCORDANCE WITH THE LAWS OF THE STATE OF _New York_.

**11. CAPACITY TO CONTRACT, CUSTOMER AFFILIATION**

By signing below, the Customer, represents that he/she is of legal age, and that he/she is not an employee of any exchange, or of any corporation of which any exchange owns a majority of the capital stock, or of a member of any exchange, or of a member firm or member corporation registered on any exchange, or of a bank, trust company, insurance company or of any corporation, firm or individual engaged in the business of dealing, either as broker or as principal, in securities, bills of exchange, acceptances or other forms of commercial paper, and that the Customer will promptly notify the Broker in writing if the Customer is now or becomes so employed. The Customer also represents that no one except the Customer has an interest in the account or accounts of the Customer with you.

**12. ARBITRATION DISCLOSURES**

* ARBITRATION IS FINAL AND BINDING ON THE PARTIES.

* THE PARTIES ARE WAIVING THEIR RIGHT TO SEEK REMEDIES IN COURT, INCLUDING THE RIGHT TO JURY TRIAL.

* PRE-ARBITRATION DISCOVERY IS GENERALLY MORE LIMITED THAN AND DIFFERENT FROM COURT PROCEEDINGS.

* THE ARBITRATORS AWARD IS NOT REQUIRED TO INCLUDE FACTUAL FINDINGS OR LEGAL REASONING AND ANY PARTY'S RIGHT TO APPEAL OR TO SEEK MODIFICATION OF RULINGS BY THE ARBITRATORS IS STRICTLY LIMITED.

* THE PANEL OF ARBITRATORS WILL TYPICALLY INCLUDE A MINORITY OF ARBITRATORS WHO WERE OR ARE AFFILIATED WITH THE SECURITIES INDUSTRY.



**13. ARBITRATION**

THE CUSTOMER AGREES, AND BY CARRYING AN ACCOUNT FOR THE CUSTOMER THE BROKER AGREES THAT ALL CONTROVERSIES WHICH MAY ARISE BETWEEN US CONCERNING ANY TRANSACTION OR THE CONSTRUCTION, PERFORMANCE, OR BREACH OF THIS OR ANY OTHER AGREEMENT BETWEEN US PERTAINING TO SECURITIES AND OTHER PROPERTY, WHETHER ENTERED INTO PRIOR, ON OR SUBSEQUENT TO THE DATE HEREOF, SHALL BE DETERMINED BY ARBITRATION UNDER THIS AGREEMENT SHALL BE CONDUCTED PURSUANT TO THE FEDERAL ARBITRATION ACT AND THE LAWS OF THE STATE DESIGNATED IN PARAGRAPH 10, BEFORE THE AMERICAN ARBITRATION ASSOCIATION, OR AN ARBITRATION FACILITY PROVIDED BY ANY EXCHANGE OF WHICH THE BROKER IS A MEMBER, OR THE NATIONAL ASSOCIATION OF SECURITIES DEALERS, INC. AND IN ACCORDANCE WITH THE RULES PERTAINING TO THE SELECTED ORGANIZATION. THE CUSTOMER MAY ELECT IN THE FIRST INSTANCE WHETHER ARBITRATION SHALL BE BY THE AMERICAN ARBITRATION ASSOCIATION, OR BY AN EXCHANGE OR SELF-REGULATORY ORGANIZATION OF WHICH THE BROKER IS A MEMBER, BUT IF THE CUSTOMER FAILS TO MAKE SUCH ELECTION, BY REGISTERED LETTER ADDRESSED TO THE BROKER AT THE BROKER'S MAIN OFFICE, BEFORE THE EXPIRATION OF TEN DAYS AFTER RECEIPT OF A WRITTEN REQUEST FROM THE BROKER TO MAKE SUCH ELECTION, THEN THE BROKER MAY MAKE SUCH ELECTION, THE AWARD OF THE ARBITRATORS, OR OF THE MAJORITY OF THEM SHALL BE FINAL, AND JUDGMENT UPON THE AWARD RENDERED MAY BE ENTERED IN ANY COURT, STATE OR FEDERAL, HAVING JURISDICTION.

**14. DISCLOSURES TO ISSUERS**

Under rule 14b-1(c) of the Securities Exchange Act of 1934, we are required to disclose to an issuer the name, address, and securities position of our customers who are beneficial owners of that issuer's securities unless the customer objects. Therefore, please check one of the boxes below:

___ Yes, I do object to the disclosure of information.

_✓_ No, I do not object to the disclosure of such information.

THIS AGREEMENT CONTAINS A PRE-DISPUTE ARBITRATION CLAUSE AT PARAGRAPH 13.

(X) _Robert S Savin_         (X) _Robert S Savin_
(Customer Signature/date)       (Customer Signature/date)
November 8, 04

_____       _1-50412-3-0_
(Customer Address)              (Account Number)

1045 Nautilus Lane
Mamaroneck, N.Y. 10543