# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

Maximillian S. Shifrin
direct dial: 212.589.4252
mshifrin@bakerlaw.com

February 6, 2020

**VIA ECF AND ELECTRONIC MAIL**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 723
New York, New York 10004-1408
Bernstein.chambers@nysb.uscourts.gov

Re:   *Picard v. Toby Harwood,* Adv. Pro. No. 10-04818 (SMB)
*Picard v. Edyne Gordon,* Adv. Pro. No. 10-04914 (SMB)
*Picard v. Estate of Boyer Palmer, et al.*, Adv. Pro. No. 10-04826 (SMB)
*Picard v. Felice J. Perlman, et al.,* Adv. Pro. No. 10-04541 (SMB)
*Picard v. Train Klan, a Partnership, et al.,* Adv. Pro. No. 10-04905 (SMB)
*Picard v. Donald A. Benjamin*, Adv. Pro. No. 10-04621 (SMB)

Dear Judge Bernstein:

Pursuant to the Court's instructions at the January 22, 2020 hearing, we write in response to Ms. Chaitman's January 30, 2020 supplemental submission ("Letter") addressing whether Rule 37 permits the Trustee to recover his attorney's fees incurred opposing Ms. Chaitman's appeal of the January 2019 Order.

As recognized by the Court at the hearing, the core principles articulated in *Rickels v. City of South Bend, Indiana,* 33 F.3d 785 (7th Cir. 1994) support the imposition of fees incurred by the Trustee opposing Ms. Chaitman's appeal. In *Rickels*, Judge Easterbrook concluded that, in addition to recovering fees incurred prosecuting or opposing the substantive discovery motion, Rule 37 entitles litigants to recover their fees in litigating the fee award itself—including opposing a party's appeal of a fee award. *Id.* at 787-88. In doing so, the court explained "[t]he rationale of fee-shifting rules is that the victor should be made whole—should be as well off as if the opponent had respected his legal rights in the first place. This cannot be accomplished if the

Hon. Stuart M. Bernstein
February 6, 2020
Page 2

victor must pay for the appeal out of his own pocket." *Id.* at 787. *Rickels* has been followed and cited approvingly by dozens of courts inside and outside the Seventh Circuit.[1]

Ms. Chaitman makes a series of arguments attempting to distinguish and discredit *Rickels*, none of which are availing. First, Ms. Chaitman argues the "plain text" of Rule 37 applies only to fees incurred "opposing the motion"—which she insists includes only the formal motion that preceded Judge Maas's order and none of the Trustee's subsequent efforts to secure it. But this is too rigid an interpretation of the Rule and would undermine its purpose, as articulated by Judge Easterbrook. The fee-shifting provisions of Rule 37 ensure a party does not bear the cost of having to protect its rights opposing an unjustified discovery position. As the Advisory Notes to the 1970 Amendments to Rule 37 provide, "the rules should deter the abuse implicit in carrying or forcing a discovery dispute to court when no genuine dispute exists. And the potential or actual imposition of expenses is virtually the sole formal sanction in the rules to deter a party from pressing to a court hearing frivolous requests for or objections to discovery." This principle would be nullified if a movant always has a risk-free second chance at an unjustified motion by appealing its denial without the deterrent threat of paying the resisting party's fees. Under Ms. Chaitman's theory, any fees the Trustee recovers for opposing the third motion to compel before Judge Maas would be dwarfed by the unrecoverable fees he expended opposing Ms. Chaitman's meritless appeal (and clarifying the distorted record she cultivated for years). This is not a result this Court should accept.

Ms. Chaitman next takes issue with *Rickels'* reliance on *Commissioner, I.N.S. v. Jean*, 496 U.S. 154 (1990). In *Jean*, the Court considered a provision of the Equal Access to Justice Act, a statute that similarly makes fee-shifting compulsory in lawsuits against the government unless the government's position is "substantially justified." *Id.* at 158. The issue in *Jean* was the extent to which the fee-shifting applied to litigation about the fee award itself—and, specifically, whether the government could avoid incurring additional fees if it demonstrated that its opposition to the fee award was "substantially justified." *Id.* The Court concluded that "Congress intended the EAJA to cover the cost of all phases of successful civil litigation"— including any litigation over fees. *Id.* at 158. And "[t]he most telling answer" to the question presented, according to the Court, was "the complete absence of any textual support" for a second "substantial justification" inquiry at the fee stage. *Id.* at 158-59. In that context, the Court noted that the EAJA's language does not delineate any special requirements based on litigation phase and instead "refers to an award of fees 'in any civil action' without reference to separate parts of the litigation, such as discovery requests, fees, or appeals." *Id.* at 159.

According to Ms. Chaitman, the EAJA's use of the phrase "in any civil action" was critical to the Court's conclusion in *Jean*, and because that broad language is absent in Rule 37, Judge Easterbrook's reliance on *Jean* was misplaced. Letter at 4. But the purpose of that phrase

---

[1] *See, e.g., Mudron v. Brown & Brown, Inc.*, Case No. 03 C 8708, 2005 WL 645927 (N.D. Ill. Mar. 17, 2005) (awarding fees related to party's resistance to discovery in district court and Seventh Circuit); *In re Lamey*, Adv. Pro. No. 15-1030t, 2015 WL 6666244 (D. N.M. Bankr. Oct. 30, 2015) (and awarding fees for preparing fee affidavit); *Pugliese v. County of Lancaster*, Case No. 12-CV-07073, 2014 WL 5470469, at *2-3 (E.D. Pa. Oct. 29, 2014) (citing *Rickels* and noting: "The point is to put the winning party where she was before the dispute started, none the poorer for a discovery adventure she should not have had to undertake.").

Hon. Stuart M. Bernstein
February 6, 2020
Page 3

is to make the EAJA's fee-shifting provisions broadly applicable in a variety of *lawsuits* against the government, not in a variety of procedural postures in the *same* lawsuit. The Court did not rely on the "in any civil action" language itself to conclude that fees for litigating a fee award on appeal were appropriate. *Jean*, 496 U.S. at 158-59. Instead, the critical language supporting the fee-shifting is substantively identical to the language used in Rule 37—which is precisely why Judge Easterbrook relied on *Jean*. *Id.*

Ms. Chaitman's attempts to distinguish the facts of *Rickels* are also unavailing. Judge Easterbrook's opinion is relevant precisely because he articulated a broadly applicable principle for fee-shifting under Rule 37 and an underlying rationale for awarding fees incurred on appeal. The fundamental purpose of the Rule is to make a party whole in a variety of factual contexts, and no aspect of *Rickels* is limited to the specific facts that were before it. Nor is Ms. Chaitman's reliance on *Mantell v. Chassman*, 512 F. App'x 21, 24 (2d Cir. 2013) germane to whether fees are appropriate on appeal. Regardless of what happened in that case, this Court did not "invite" Ms. Chaitman to file an appeal; Ms. Chaitman requested leave, and the Court granted her request. *See* T. Reply Mem. at 12. Ms. Chaitman could have accepted Judge Maas's unequivocal decision; instead, she chose to appeal and continue her frivolous claims that the Trustee had ignored this Court's "orders."

Similarly inapposite is the Court's decision in *Baker Botts L.L.P. v. ASARCO LLC*, 135 S.Ct. 2158 (2015). *Baker Botts* involved Section 327(a) of the Bankruptcy Code—an entirely different statute with entirely different language—which the Court determined did not support the type of fee shifting it recognized in *Jean*. *Id.* at 2164. The Court expressly noted that "there could be little dispute" that the provision of the EAJA addressed in *Jean* "is a 'fee-shifting statute' that trumps the American Rule." *Id.* Likewise, there can be little dispute that Fed. R. Civ. P. 37(a), with its substantively identical language, is a fee-shifting statute that also trumps the American Rule.[2]

Ms. Chaitman takes several comments by the Trustee's counsel out of context to give them a false meaning. Letter at 5-6. The Trustee's counsel did not in any way suggest that the Trustee's fees on appeal were recoverable *only* if the appeal was not "substantially justified"—and the Trustee certainly does not believe *Rickels* was wrongly decided, a case not previously raised. Rather, the Trustee's counsel provided the Court with a way of framing the question presented given the apparent lack of any binding precedent. Indeed, for the multiple reasons

---

[2] The substance of Ms. Chaitman's assertion that the language of Fed. R. Civ. P. 37(b) somehow demonstrates that *Rickels* was wrongly decided is unclear. Letter at 5. However, nothing in the case she cites in support of that assertion supports her position that Fed. R. Civ. P. 37(a) does not permit recovery of fees incurred opposing an appeal from a substantially unjustified motion. *See American Hangar, Inc. v. Basic Line, Inc.*, 105 F.R.D. 173 (D. Mass. 1985) (noting that a party may seek an order compelling answers at a deposition pursuant to Fed. R. Civ. P. 37(a) and recover his fees in obtaining that order, not the fees for the deposition itself where the party refused to answer the underlying questions).

Hon. Stuart M. Bernstein
February 6, 2020
Page 4

provided in the Trustee's motion and expressed by Trustee's counsel at the hearing, even if there was a "substantial justification" requirement on appeal, Ms. Chaitman could not satisfy it.[3]

       Finally, Ms. Chaitman urges the Court to follow *Haley v. Merial, Ltd.*, 2011 WL 6189511 (N.D. Miss. Dec. 3, 2011)—the only decision of the more than 200 referencing *Rickels* to disagree with it. The court in that case refused to follow *Rickels* and *Jean* and declined to award a party its fees opposing an objection to a Magistrate Judge's order. *Id.* at * 1-2. However, the court in *Haley* failed to engage with the thrust of Judge Easterbrook's rationale in *Rickels*; instead, the court merely distinguished *Rickels* on the grounds that it involved an appeal to a Circuit Court rather than an appeal to the District Court. Nothing in the *Haley* court's opinion addresses, much less rebuts, Judge Easterbrook's principled discussion of fee-shifting under Rule 37. In fact, the *Haley* court appears to incorrectly conclude that "there [was] no fee shifting statute at issue" in that case, despite the applicability of Rule 37. *Id.*[4]

       As Judge Easterbrook explained, "[f]ee shifting when the judge must rule on discovery disputes encourages their voluntary resolution and curtails the ability of litigants to use legal processes to heap detriments on adversaries (or third parties) without regard to the merits of the claims." *Rickels*, 33 F.3d at 787. Ms. Chaitman has used the "trading records" dispute to "heap detriments" on the Trustee for years—before both Judge Maas and this Court. The Court should therefore vindicate the fee-shifting principles underlying Rule 37 and order Ms. Chaitman to pay the Trustee's fees incurred opposing her meritless appeal.[5]

Respectfully submitted,

*/s/ Maximillian S. Shifrin*

Maximillian S. Shifrin

cc: Nicholas J. Cremona, Esq.

---

[3] Nor is the Trustee seeking an "advisory opinion" from this Court, contrary to Ms. Chaitman's perplexing assertion. *See* Letter at 6 n. 2. The Trustee's counsel merely emphasized the motion to compel was not substantially justified pursuant to the standard articulated in Rule 37.

[4] Ms. Chaitman also relies on inapposite case law within this Circuit. *See Thomas E. Hoar, Inc. v. Sara Lee Corp.*, Case No. 86 CV 1738, 1989 WL 106008 (S.D.N.Y. Aug. 29, 1989) (refusing to award additional fees related to appeal pursuant to Fed. R. Civ. P. 37(**b**)—not 37(a)—and noting that party had already been sanctioned sufficiently). The non-binding cases Ms. Chaitman cites that refuse to assign fees beyond those incurred in connection with the underlying motion should be rejected for the reasons stated by Judge Easterbrook in *Rickels*. *See Michigan Millers Mut. Ins. Co. v. Westport Ins. Corp.*, Case No. 1:14-cv-00151, 2014 WL 5810309, at *5 (W.D. Mich. Nov. 7, 2014); *Knights Armament Co. v. Optical Sys. Tech., Inc.*, 254 F.R.D. 470, 473 (M.D. Fla. 2008); *Addington v. Mid-Am. Lines*, 77 F.R.D. 750, 751 (W.D. Mo. 1978).

[5] While the Trustee has not requested reimbursement of his fees expended bringing this motion, the Trustee reserves his right to seek his fees opposing any appeal of this Court's forthcoming order on the motion.