# BakerHostetler

Baker & Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

Nicholas J. Cremona
direct dial: 212.589.4682
ncremona@bakerlaw.com

February 7, 2020

**VIA ECF AND VIA ELECTRONIC MAIL**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 723
New York, New York 10004-1408
Bernstein.chambers@nysb.uscourts.gov

Re:  *Picard v. Alvin Gindel Revocable Trust, et al.*, Adv. Pro. No. 10-04925 (SMB); *Picard v. Rose Gindel Revocable Trust, et al.*, Adv. Pro. No. 10-04401 (SMB); *Picard v. Harold J. Hein Revocable Trust*, Adv. Pro. No. 10-04861 (SMB); and *Picard v. James Greiff*, Adv. Pro. No. 10-04357 (SMB)

Dear Judge Bernstein:

We are counsel to Irving H. Picard, as trustee for the substantively consolidated SIPA liquidation of Bernard L. Madoff Investment Securities LLC under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa et seq. and the chapter 7 estate of Bernard L. Madoff.

We write to advise Your Honor of the status of the above-referenced adversary proceedings (the "Adversary Proceedings") since the last conference before this Court. The parties successfully mediated three of the Adversary Proceedings (*i.e.*, Adv. Pro. No. 10-04925 (SMB); Adv. Pro. No. 10-04401 (SMB); and Adv. Pro. No. 10-04861 (SMB)), each of which has been dismissed.

On February 3, 2020, Deborah A. Reperowitz, the mediator in these Adversary Proceedings, filed her final report indicating that the mediation in *Picard v. James Greiff*, Adv. Pro. No. 10-04357 (SMB) concluded without consensual resolution. [ECF No. 108]. This matter is before Your Honor for a status conference on February 11, 2020 at 10:00 a.m. Pursuant to Local Rule of Bankruptcy Procedure 7056-1, the Trustee requests that the scheduled status conference be converted into a pre-motion conference for leave to file a motion for summary judgment. The

*Atlanta    Chicago    Cincinnati    Cleveland    Columbus    Costa Mesa    Denver    Houston
Los Angeles    New York    Orlando    Philadelphia    San Francisco    Seattle    Washington, DC*

**VIA ECF AND VIA ELECTRONIC MAIL**

Honorable Stuart M. Bernstein
February 7, 2020
Page 2

Trustee intends to seek summary judgment under 11 U.S.C. § 548(a)(l)(A) for the avoidance and recovery of the two-year transfers of fictitious profits from BLMIS to defendant James Greiff.

This matter involves a single BLMIS Account ("Account") opened in 1997. In discovery, Mr. Greiff admitted to the receipt and amount of the fictitious profits totaling $2,595,940 transferred to a bank account held in his name within two years of the December 11, 2008 filing date (the "Transfers"). The Plea Allocutions of Mr. Madoff and Mr. DiPascali confirm that Madoff was running a Ponzi scheme through BLMIS's IA business. The Trustee also served three expert reports in this action, including one demonstrating that Madoff was running a Ponzi scheme through BLMIS's IA business for the entire duration of the Account. Mr. Greiff did not identify any experts or submit any expert reports. Mr. Greiff conducted no discovery concerning the Trustee's experts. Mr. Greiff does not identify any evidence—admissible or otherwise—that he intends to rely on to rebut the Trustee's factual or expert evidence demonstrating that Madoff was running a Ponzi scheme through BLMIS's IA business.

The facts and applicable law also confirm that Mr. Greiff did not provide "value" under 11 U.S.C. § 548(c). Without more, it appears he intends to recycle legally insufficient arguments previously rejected by courts in this liquidation proceeding no less than nine times. *See, e.g., Picard v. Katz*, 462 B.R. 447, 453 (S.D.N.Y. 2011); *Picard v. Greiff*, 476 B.R. 715, 722-24 (S.D.N.Y. 2012); *Picard v. Nelson*, 610 B.R. 197, 233-37 (Bankr. S.D.N.Y. 2019); *Picard v. Legacy Capital Ltd.*, 603 B.R. 682, 693-700 (Bankr. S.D.N.Y. 2019). Nonetheless, this is a legal issue which the Court can resolve on summary judgment.

Based on the foregoing, summary judgment is appropriate. There is no issue of material fact precluding this Court from entering judgment finding that BLMIS made the Transfers to Mr. Greiff with actual fraudulent intent in the course of and in furtherance of a Ponzi scheme. *See, e.g., Nelson*, 610 B.R. at 233-37; *Legacy Capital Ltd.*, 603 B.R. at 693-700.

The Trustee requests a Rule 7056-1 pre-motion conference.

Respectfully submitted,

*/s/ Nicholas J. Cremona*

Nicholas J. Cremona
Partner

cc:    Arthur Ruegger, Esq. (via Electronic Mail)