# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

February 10, 2020

Nicholas J. Cremona
direct dial: 212.589.4682
ncremona@bakerlaw.com

**VIA ECF AND VIA ELECTRONIC MAIL**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 723
New York, New York 10004-1408
Bernstein.chambers@nysb.uscourts.gov

Re:   *Picard v. The Estate of Robert Shervyn Savin, and Barbara L. Savin, in her capacity as Personal Representative of the Estate of Robert Shervyn Savin*, Adv. Pro. No. 10-04889

Dear Judge Bernstein:

We are counsel to Irving H. Picard, as trustee (the "Trustee") for the substantively consolidated SIPA liquidation of Bernard L. Madoff Investment Securities LLC under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa et seq. and the chapter 7 estate of Bernard L. Madoff.  We write to advise Your Honor of the status of the above-referenced adversary proceeding (the "Adversary Proceeding") and to request a pre-motion conference pursuant to Rule 7056-1(a) of the Local Bankruptcy Rules for the Southern District of New York for leave to file a motion for summary judgment.

This matter involves a single BLMIS Account ("Account") opened in 2000.  All the withdrawal transactions in the subject account occurred after April 2001.  The Trustee served three expert reports in this Adversary Proceeding, two of which (i) confirmed the principal balance calculation in the account and (ii) traced $450,500 in fictitious profits transferred from the Account to a bank account held in the defendant's name within two years of the December 11, 2008 filing date (the "Transfers"), respectively.  The Trustee served a third expert report demonstrating that Madoff was running a Ponzi scheme through BLMIS's IA business for the entire duration of the Account.  In addition, the Plea Allocutions of Mr. Madoff and Mr. DiPascali confirm that Madoff was running a Ponzi scheme through BLMIS's IA business.

**VIA ECF AND VIA ELECTRONIC MAIL**

Honorable Stuart M. Bernstein
February 10, 2020
Page 2

Discovery in the Adversary Proceeding was fully completed in December 2019. Defendant did not identify any experts or submit any expert reports. Defendant conducted no discovery concerning the Trustee's experts. Defendant does not identify any evidence—admissible or otherwise—that defendant intends to rely on to rebut the Trustee's factual or expert evidence demonstrating that Madoff was running a Ponzi scheme through BLMIS's IA business.

Instead, on February 3, 2020, defendant filed a motion to withdraw the reference and to dismiss for lack of subject matter jurisdiction (the "Motion"), which seeks to collaterally attack this Court's final and unappealable decision in *Picard v. Nelson*, 610 B.R. 197 (Bankr. S.D.N.Y. 2019). [ECF No. 84]. As a threshold matter, this Court already held that it has subject matter jurisdiction over this Adversary Proceeding under SIPA § 78eee(b)(4) (*see Order* at ¶ IX, *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, Adv. Pro. No. 08-01789 (Bankr. S.D.N.Y. Dec. 15, 2008), ECF No. 1), 28 U.S.C. §§ 1334(b), 157(a) & (b) and the District Court's Standing Order of Reference, dated July 10, 1984, and the Amended Standing Order of Reference, dated January 31, 2012. *See Nelson*, 601 B.R. at 215-16 (citing *Picard v. Mann (In re BLMIS)*, 597 B.R. 466, 476 (Bankr. S.D.N.Y. 2019), *request for leave to appeal docketed*, No. 1:19-cv-00812-VSB (S.D.N.Y. Jan. 28, 2019). Furthermore, defendant had already submitted to this Court's equitable jurisdiction at the time the Adversary Proceeding was commenced by filing two net equity claims relating to the Account. *See id*. Moreover, this Court has previously heard and rejected all the issues raised in the Motion. *Id*. at 215-18.

Notwithstanding the above, it is entirely appropriate for this Court to determine a motion for summary judgment while the Motion is pending. *See, e.g., Kenai Corp. v. Nat'l Union Fire Ins. Co. (In re Kenai Corp.)*, 136 B.R. 59, 60 (S.D.N.Y. 1992) (finding that "the filing of [defendant's] motion to withdraw the reference did not stay the summary judgment motion"); *Nisselson v. Salim (In re Big Apple Volkswagon, LLC)*, No. 12 Civ. 92 (PGG), 2013 WL 1245548, at *3 (S.D.N.Y. Mar. 25, 2013) (finding "[a]bsent a [Fed. R. Bankr. P. 5011] stay motion, the filing of the Withdrawal Motion did not stay the bankruptcy proceedings and the Bankruptcy Court retained jurisdiction over all pre-trial matters").

The facts and applicable law also confirm that defendant did not provide "value" under 11 U.S.C. § 548(c), and defendant's other defenses have been repeatedly rejected by courts in this liquidation proceeding. *See, e.g., Picard v. Katz*, 462 B.R. 447, 453 (S.D.N.Y. 2011); *Picard v. Greiff*, 476 B.R. 715, 722-24 (S.D.N.Y. 2012); *Nelson*, 610 B.R. at 235-37; *Picard v. Legacy Capital Ltd.*, 603 B.R. 682, 693-94 (Bankr. S.D.N.Y. 2019).

Based on the foregoing, summary judgment is appropriate. There is no issue of material fact precluding this Court from entering judgment finding that BLMIS made the Transfers to defendant with actual fraudulent intent in the course of and in furtherance of a Ponzi scheme. *See, e.g., Nelson*, 610 B.R. at 232-37; *Legacy Capital Ltd.*, 603 B.R. at 687-700.

**VIA ECF AND VIA ELECTRONIC MAIL**

Honorable Stuart M. Bernstein
February 10, 2020
Page 3

The Trustee requests a Rule 7056-1(a) pre-motion conference.

Respectfully submitted,

*/s/ Nicholas J. Cremona*

Nicholas J. Cremona

Partner

cc (via Email):  Helen Davis Chaitman (hchaitman@chaitmanllp.com)