**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>        Plaintiff-Applicant,<br><br>    v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>        Defendant. | No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>        Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>HSBC BANK PLC, *et al.*<br><br>        Defendants. | Adv. Pro. No. 09-01364 (SMB) |

**THE TRUSTEE'S REPLY IN FURTHER SUPPORT OF HIS**
**MOTION FOR THE ISSUANCE OF LETTER OF REQUEST**

        **BAKER & HOSTETLER LLP**
        45 Rockefeller Plaza
        New York, NY 10111
        Telephone: 212.589.4200
        Facsimile: 212.589.4201

        *Attorneys for Irving H. Picard, Trustee*
        *for the Substantively Consolidated SIPA*
        *Liquidation of Bernard L. Madoff Investment*
        *Securities LLC and the Chapter 7*
        *Estate of Bernard L. Madoff*

## TABLE OF CONTENTS

                                                  **Page(s)**

PRELIMINARY STATEMENT ..............................................................................................................1

ARGUMENT ..........................................................................................................................................2

    I.     Mr. Pettitt's Examination Falls Within the Broad Scope of Relevant Discovery ..................................................................................................................2

    II.    The Trustee Seeks Relevant Evidence From Mr. Pettitt ..........................................4

    III.   It Is Immaterial that Mr. Pettitt Testified Previously in Another Matter and that HSBC Would Prefer that the Trustee Examine Another Witness ....................7

    IV.   The Trustee Is Seeking Mr. Pettitt's Testimony as a Third-Party Witness .............8

CONCLUSION .......................................................................................................................................9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*CBS, Inc. v. Ahern*,
 102 F.R.D. 820 (S.D.N.Y. 1984) ......................................................................................... 6

*Consol. Rail Corp. v. Primary Indus. Corp.*,
 No. 92-CV-4927 (PNL), 1993 WL 364471 (S.D.N.Y. Sept. 10, 1993) .................................. 6

*In re Garlock*,
 463 F. Supp. 2d 478 (S.D.N.Y. 2006) .................................................................................. 6

*Myun-Uk Choi v. Tower Research Capital LLC*,
 14-CV-9912 (KMW), 2019 WL 6271324 (S.D.N.Y. Nov. 25, 2019) ..................................... 6

*Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec.*,
 Adv. Pro. No. 09-01161 (SMB), 2019 WL 1055958 (Bankr. S.D.N.Y. Mar. 5,
 2019) ............................................................................................................................ 5, 6, 8

*Villella v. Chem. & Mining Co. of Chile Inc.*,
 No. 15 Civ. 2106 (ER), 2018 WL 2958361 (S.D.N.Y. June 13, 2018) .................................. 6

Plaintiff Irving H. Picard, as trustee ("Trustee") for the liquidation of the business of Bernard L. Madoff Investment Securities LLC under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa–*lll*, substantively consolidated with the chapter 7 estate of Bernard L. Madoff, respectfully submits this Reply in further support of the Trustee's Motion for the Issuance of a Letter of Request for the examination under oath of Brian Pettitt in the United Kingdom (ECF No. 526) (the "Motion").

## PRELIMINARY STATEMENT

Brian Pettitt was an employee of HSBC Bank plc ("HSBC PLC") from 1992 until he retired in June 2009. Mr. Pettitt was the former Head of Network Management for HSBC Securities Services ("HSS"), which manages HSBC's[1] global custody and fund administration business. HSS performed credit risk, custody, due diligence, and administrative-related services for, and on behalf of, HSBC Securities Services (Luxembourg) S.A. ("HSSL"). This included due diligence on BLMIS as a result of HSSL's role as service provider to its BLMIS Feeder Fund clients, including Alpha Prime and Primeo.

Mr. Pettitt was a witness in the Cayman Islands proceedings of *Primeo Fund (In Official Liquidation) v. Bank of Bermuda (Cayman) Limited and HSBC Securities Services (Luxembourg) SA*, Cause No. FSD 30 of 2013 (the "Primeo Cayman Trial"). According to the witness statement he submitted in those proceedings, HSBC PLC retains Mr. Pettitt "to provide assistance with Madoff-related litigation . . . on account of [his] involvement in relevant matters during [his] time as an employee." Witness Statement of Brian Pettitt dated February 22, 2016, Primeo Cayman Trial, attached hereto as Exhibit 1 ("Pettitt Witness Statement"), at ¶ 1. HSBC

---

[1] Terms not otherwise defined herein have the same meaning as ascribed to them in the Motion.

PLC "authorised" Mr. Pettitt to provide testimony on behalf of HSSL in the Primeo Cayman Trial. *Id.* at ¶ 2.

HSBC PLC's and Mr. Pettitt's contention that Mr. Pettitt should not be deposed because he is the "wrong witness" is disingenuous. Opp. at ¶ 6. Mr. Pettitt has first-hand knowledge about services HSBC and its affiliates performed for Alpha Prime and Primeo and he directly participated in discussions with Alpha Prime and Primeo directors as part of those services. Mr. Pettitt's testimony is relevant and falls well within the broad parameters of Federal Rule of Civil Procedure 26, applicable here pursuant to Federal Rule of Bankruptcy Procedure 7026. As such, the Trustee's Motion should be granted.

## ARGUMENT

### I. Mr. Pettitt's Examination Falls Within the Broad Scope of Relevant Discovery

The Trustee is properly using letters rogatory as "an appropriate mechanism for securing the testimony of other witnesses who cannot be compelled to appear by the court in which the action is pending." *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec.*, Adv. Pro. No. 09-01161 (SMB), 2019 WL 1055958, at *5 (Bankr. S.D.N.Y. Mar. 5, 2019) ("*Kingate*") (internal quotations omitted). It is within the Court's discretion to issue letters rogatory. *Id.* Rule 26's relevance standard is considered when determining whether to issue letters rogatory. *Id.* Rule 26 provides that parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." *Id.* As this Court noted:

> [d]iscovery is not limited to issues raised by the pleadings, nor to the merits of a case, and is warranted if there is any possibility that the information sought to be obtained may be relevant to the subject matter of the action. Discovery is relevant if there is a possibility that the information sought may have a bearing on *any party's* claim or defense. While not unlimited, relevance, for purposes of discovery, is an extremely broad concept. It is well-established within this Circuit

2

> that Rule 26 will be satisfied if there is any possibility that the information sought to be obtained may be relevant to the subject matter of the action.

*Id.* (emphasis in original) (citations and internal quotations omitted).

Although it is the Trustee's burden to demonstrate the relevance of the requested discovery, this burden is "not a heavy one." *Id.* at *6 (citing *Villella v. Chem. & Mining Co. of Chile Inc.*, No. 15 Civ. 2106 (ER), 2018 WL 2958361, at *3 (S.D.N.Y. June 13, 2018)). HSBC's and Mr. Pettitt's request to bar the Trustee from taking Mr. Pettitt's deposition "is most extraordinary relief." *In re Garlock*, 463 F. Supp. 2d 478, 481 (S.D.N.Y. 2006) (citation omitted). Although discovery may be limited to avoid "unreasonably cumulative or duplicative" evidence, this is not meant to restrict discovery to "unique knowledge." *Myun-Uk Choi v. Tower Research Capital LLC*, 14-CV-9912 (KMW), 2019 WL 6271324, at *2 (S.D.N.Y. Nov. 25, 2019) (citing *CBS, Inc. v. Ahern*, 102 F.R.D. 820, 822 (S.D.N.Y. 1984) (disclaiming unique knowledge of "relevant facts . . . 'is simply not a basis for foreclosing otherwise proper discovery'")). Nor can a party's claim that the witness lacks knowledge hinder an examination, as the examining party is permitted to test *whether* a witness "lacks knowledge." *Myun-Uk Choi*, 2019 WL 6271324, at *2; *Kingate*, 2019 WL 1055958, at *10; *Consol. Rail Corp. v. Primary Indus. Corp.*, No. 92-CV-4927 (PNL), 1993 WL 364471, at *1 (S.D.N.Y. Sept. 10, 1993). The evidence reasonably expected from Mr. Pettitt is squarely within the scope of relevant discovery in this proceeding, and "the Trustee does not have to accept . . . HSBC['s] representation that he knows nothing or his knowledge duplicates what others know." *Kingate*, 2019 WL 1055958, at *10.

### II.     The Trustee Seeks Relevant Evidence From Mr. Pettitt

As an HSBC PLC employee and Head of Network Management for HSS, Mr. Pettitt has knowledge of the services HSSL performed for Alpha Prime and Primeo and the due diligence on BLMIS conducted by and on behalf of HSBC PLC, both in connection with those services and the credit risk evaluations HSBC PLC performed on Alpha Prime and Primeo. Pettitt Witness Statement at ¶¶ 12-15, 16-34. To "understand better the services Mr Madoff was providing to HSS clients and the structure that was in place," (*id.* at ¶ 15), HSBC instructed Mr. Pettitt to conduct a due diligence review of BLMIS that included Mr. Pettitt meeting with Madoff at BLMIS on four separate occasions. *Id.* at ¶¶ 33-41, 76-77, 94, 129-33; SAC ¶ 175. Mr. Pettitt also communicated with BLMIS by telephone and fax multiple times from 2005 to 2008. Pettitt Witness Statement ¶¶ 32, 73, 83, 90-91, 124.

In preparation for his initial visit to BLMIS, Mr. Pettitt had multiple discussions with Nigel Fielding, whom Mr. Pettitt was aware was also a director of Alpha Prime and Primeo. *Id.* at ¶¶ 19, 21–22. Mr. Fielding and Mr. Pettitt, along with other HSBC employees, attended a day-long briefing on March 21, 2005 to discuss Madoff's role as custodian to the BLMIS Feeder Funds and to prepare for the due diligence to be performed. *Id.* at ¶ 21; SAC ¶ 172. Discussions at that meeting involved concerns about "BLMIS's role as manager, custodian and counterparty broker; BLMIS's ability to consistently outperform the market; BLMIS's tendency to deviate from the SSC strategy by leaving its positions unhedged; and its practice of sending its trade tickets by mail." SAC ¶ 172. Following that discussion, Mr. Fielding contacted Mr. Pettitt to discuss how the BLMIS visit should proceed and to provide various warnings. *Id.* ¶ 175. As alleged in the Trustee's Second Amended Complaint and confirmed by Mr. Fielding during his examination before the Luxembourg Court, Mr. Fielding initially performed the BLMIS due diligence, but Mr. Pettitt took over that function in 2005. *Id.* ¶¶ 68, 150, 173. In fact, Mr.

4

Fielding stated that he could not speak to BLMIS due diligence conducted after 2004, because Mr. Pettitt carried out the BLMIS due diligence after 2004. This demonstrates the Trustee's need to hear directly from Mr. Pettitt.

Following Mr. Pettitt's visits to BLMIS, Christine Coe, the head of Global Risk for HSS and an HSBC PLC employee, prepared and circulated a memorandum about Mr. Pettitt's visit that discussed the many operational problems that remained unresolved despite Mr. Pettitt's due diligence. *Id.* ¶ 176. When HSBC later enlisted KPMG to perform further due diligence on BLMIS in connection with the BLMIS Feeder Fund clients, including Alpha Prime, Mr. Pettitt acted as the liaison between HSSL and KPMG and collected the necessary background information for its review. Pettitt Witness Statement ¶ 53.

In *Kingate*, which involved a similar motion by the Trustee seeking the testimony of an HSBC Bank Bermuda employee with knowledge of HSBC's relationship with BLMIS and other BLMIS Feeder Funds, the Court noted that to prove his claims, the Trustee must show the defendant's "state of mind and actions: what it knew, what it suspected, what it did. That state of mind can only be proven through the testimony of individuals, including individuals whose own knowledge may be imputed" to the defendant. *Kingate*, 2019 WL 1055958, at *8. *First*, any personal knowledge of a statement by an Alpha Prime or Primeo director would bear directly on Alpha Prime's state of mind. *See, e.g.*, *id*. *Second*, Mr. Pettitt's knowledge, as an employee of HSBC PLC and HSS, is imputed to HSBC PLC and HSSL. *See id.* As Alpha Prime's service provider and agent, HSBC PLC's and HSSL's knowledge is imputed to Alpha Prime. *See id.*

The topics identified in the Letter of Request seek testimony regarding Mr. Pettitt's knowledge about HSBC's due diligence on BLMIS and the services it provided to Alpha Prime and Primeo.

5

(1) <u>Mr. Pettitt's Employment at HSBC</u>: Questions in this category are relevant and seek evidence demonstrating Mr. Pettitt's role at HSBC and the services provided by HSBC on behalf of its BLMIS Feeder Fund clients, which included Alpha Prime and Primeo.

(2) <u>HSBC's Review and Due Diligence</u>: Mr. Pettitt's prior testimony and documentary evidence received to date confirm that Mr. Pettitt has first-hand knowledge of HSBC's due diligence procedures for the various services it provided to its clients globally. HSBC's protocols and capabilities in performing that due diligence, and the extent to which its clients, including Alpha Prime and Primeo, were aware of these capabilities are relevant to showing HSBC's and Alpha Prime's state of mind.

(3) <u>HSBC's Relationship with BLMIS and the BLMIS Feeder Funds</u>: HSBC acted in many roles for Alpha Prime and Primeo. Questions in this category seek to obtain relevant evidence about those relationships, how they compared to HSBC's relationships with other BLMIS Feeder Funds, and HSBC's internal review of its role as service provider to Alpha Prime and Primeo.

(4) <u>HSBC's Preparations for the 2005, 2007, and 2008 Due Diligence Reviews</u>: Mr. Pettitt was tasked with performing due diligence on BLMIS as a result of HSBC's multiple relationships with BLMIS Feeder Funds and HSBC's internal concerns about BLMIS and the services HSBC provided in relation to BLMIS. As a result, Mr. Pettitt performed due diligence reviews of BLMIS in 2005, 2007, and 2008. His preparation for those reviews was extensive, and included speaking with other HSBC employees, such as Mr. Fielding, reviewing materials, and communicating with BLMIS. These reviews were a direct result of HSBC's relationship with BLMIS Feeder Fund clients, including Alpha Prime.

(5) <u>HSBC's 2005, 2007, and 2008 Due Diligence Reviews and Follow-Up</u>: Whereas the prior topic focuses on the preparation for the 2005, 2007, and 2008 BLMIS due diligence reviews, these questions will focus on the reviews themselves, including visits to BLMIS and the discussions and communications that took place within HSBC and its BLMIS Feeder Fund clients, including Alpha Prime. The topic also includes Mr. Pettitt's knowledge of related discussions after those BLMIS visits and any actions taken by HSBC as a result of the due diligence reviews.

(6) <u>HSBC's Engagement of KPMG to Review BLMIS in 2005 and 2008</u>: Following its own due diligence reviews of BLMIS, HSBC engaged KPMG to perform an additional review on behalf of its BLMIS Feeder Fund clients, including Alpha Prime. Mr. Pettitt acted as the liaison between KPMG and HSSL during these reviews. This testimony is relevant to any communications between Mr. Pettitt and Alpha Prime's directors about these reviews, and to HSBC's knowledge that can be imputed to Alpha Prime.

6

**III.     It Is Immaterial that Mr. Pettitt Testified Previously in Another Matter and that HSBC Would Prefer that the Trustee Examine Another Witness**

HSBC and Mr. Pettitt confirm that Mr. Pettitt gave testimony in the Primeo Cayman Trial, which included "a 45-page witness statement covering materials sought in the Letter of Request, such as the alleged 2005, 2007, and 2008 due diligence, as well as the engagement of KPMG in 2005 and 2008." Opp. at ¶ 9. HSSL and Bank of Bermuda (Cayman) Limited were the defendants in the Primeo Cayman Trial in their capacity as service providers to Primeo, which had the same directors and structure as Alpha Prime. Topics 4, 5, and 6 above seek testimony relevant to Alpha Prime, another BLMIS Feeder Fund and client of HSSL. Likewise, topics 1, 2, and 3 provide the foundation for those topics and are equally relevant. That Mr. Pettitt has knowledge relevant to these issues is also evidenced by the fact that Mr. Pettitt's name appears 44 times in the Judgment entered in the Primeo Cayman Trial. The Trustee was not a party to the Primeo Cayman Trial and to date has not been afforded the opportunity to examine Mr. Pettitt.

HSBC PLC has selected Christine Coe—who has testified on behalf of HSBC in multiple jurisdictions—as the witness it would prefer the Trustee to depose. Opp. at ¶ 9. This is not a decision for HSBC to make. Mr. Pettitt was the HSBC employee who visited BLMIS; who acted as the liaison between HSSL and KPMG, which was engaged to conduct due diligence on BLMIS; who participated in meetings with Mr. Fielding regarding due diligence on BLMIS; and who conferred extensively with HSBC employees, without Ms. Coe's participation, regarding the services provided to the BLMIS Feeder Fund clients. Furthermore, HSBC PLC's position that the Trustee should instead depose Ms. Coe, an HSBC PLC and HSS employee who also testified in the Primeo Cayman Trial, undermines its position that Mr. Pettitt, as an HSBC PLC and HSS employee, cannot have information relevant to Alpha Prime or that the Trustee should

7

not depose him because he has already testified in another proceeding. HSBC PLC has conceded that Mr. Pettitt has relevant knowledge (Pettitt Witness Statement ¶ 1), and the Trustee is well within his rights to choose which witness he wishes to examine.

### IV. The Trustee Is Seeking Mr. Pettitt's Testimony as a Third-Party Witness

Although HSBC PLC is a party in this action, it has refused to participate in discovery as a party until the issue of the extraterritorial application of SIPA is conclusively determined. The Trustee has agreed to hold discovery solely related to his claims against HSBC PLC in abeyance for purposes of judicial efficiency and is seeking Mr. Pettitt's testimony as a foreign non-party witness.

The Trustee and Alpha Prime are presently engaged in discovery, and as this Court has stated, testimony from an HSBC-related witness is relevant to the Trustee's claims against Alpha Prime. *See* Tr. of Oral Arg. at 13:15-23, *Picard v. Alpha Prime Fund Ltd.*, Adv. Pro. No. 09-1364 (Bankr. S.D.N.Y. Sept. 19, 2019). The fact that the Trustee may have claims to litigate against HSBC PLC, and its affiliates, cannot serve as a hinderance to the Trustee obtaining evidence to prove his claims against Alpha Prime.

*Remainder of Page Intentionally Left Blank*

**CONCLUSION**

For the foregoing reasons, the Trustee respectfully requests that the Court issue the Trustee's Letter of Request, attached to the Motion as Exhibit 1, to the Judicial Authority.

Dated: February 11, 2020
New York, New York

Respectfully submitted,

 /s/ *Oren J. Warshavsky*
**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Oren J. Warshavsky
Email: owarshavsky@bakerlaw.com
Michelle R. Usitalo
Email: musitalo@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff*