**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
Oren J. Warshavsky

Presentment Date: February 21, 2020 at 12:00 pm
Objections Due: February 18, 2020 at 11:00 am

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC and*
*the estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>    Plaintiff-Applicant,<br><br>    v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>    Defendant. | No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>    Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff,<br><br>    Plaintiff,<br><br>    v.<br><br>UBS AG, *et al.*<br><br>    Defendants. | Adv. Pro. No. 10-05311 (SMB) |

**TRUSTEE'S MOTION FOR ORDER ISSUING LETTER ROGATORY TO
AA ALTERNATIVE INVESTMENT PLC ON BEHALF OF LANDMARK
INVESTMENT FUND IRELAND**

Pursuant to 28 U.S.C. § 1781, Plaintiff Irving H. Picard, as trustee ("Trustee") for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq*. ("SIPA"), which has been substantively consolidated with the estate of Bernard L. Madoff, through the Trustee's attorneys, Baker & Hostetler LLP, hereby requests the entry of an Order issuing a Letter Rogatory to The High Court Justice of Ireland for the examination of Irish entity, AA Alternative Investment plc ("Alternative Advantage"), on behalf of its sub-fund, Landmark Investment Fund, Ireland ("Landmark").

## JURISDICTION AND VENUE

This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b) and sections 78eee(b)(2)(A) and (b)(4) of SIPA. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O). Venue is proper in this district pursuant to 28 U.S.C. § 1409.

## FACTUAL BACKGROUND[1]

**Madoff's Ponzi Scheme**

Bernard L. Madoff ("Madoff"), through BLMIS investment advisory business, conducted a decades-long Ponzi scheme of breathtaking scale. *See* Compl. at ¶¶ 21–29. Madoff's fraud was sustained by infusions of capital from investors around the globe. In particular, domestic and foreign investment vehicles, colloquially known as "feeder funds," injected several billions of dollars into the scheme. Among these feeder funds were LIF, LIF-USEP and Landmark. *Id*. at ¶¶ 52–53, 57. Since their inception, these funds collectively deposited more than $900 million

---

[1] The facts alleged here are based on the Trustee's Complaint in the above-captioned action.

2

and over time withdrew nearly $550 million dollars from BLMIS. *Id*. at ¶ 188–206. These withdrawn funds comprise customer property and constitute avoidable transfers under the United States Bankruptcy Code. The Trustee seeks to recover these withdrawn funds for equitable distribution. The defendants, at the time they had accounts with BLMIS, either had direct or imputable knowledge of BLMIS's fraud or they were "willfully blind" to it.

Currently, the parties to this Adversary Proceeding are permitted to engage in international fact discovery pursuant to Court Order (ECF No. 238), a copy of which is attached as Exhibit A.

**The Creation of LIF and LIF-USEP**

LIF and LIF-USEP were established by a group of well-connected and sophisticated investment professionals with pre-existing ties to Madoff, including:

- *Manuel Echeverría ("Echeverría"), head of Optimal Investment Services, S.A. ("Optimal")*: Echeverría's relationship with Madoff began in 1996 when Optimal and its predecessor began investing exclusively with BLMIS. Echeverría was a close friend of Madoff and one of the few people with whom Madoff would share the intricate details of his supposed investment strategies. Echeverría had knowledge of BLMIS's trading and operations. *Id*. at ¶¶ 93, 94, 117.

- *Guillermo Morenes Mariategui ("Morenes") and Francisco Javier Botín Sanz de Sautuola O'Shea ("Botín"), co-owners of M&B Capital Advisers Sociedad de Valores S.A. ("M&B")*: Echeverría worked closely with Morenes and Botín at Santander Bank. In 2000, Moreno and Botin left Santander to form M&B which opened an account for LIF-USEP with BLMIS. Echeverría's relationship with Madoff was the key to establishing that LIF-USEP account, and that Echeverría acted

3

as the agent for LIF-USEP and M&B in their dealings with Madoff and BLMIS. *Id*. ¶ 42.

- *Tim Brockmann ("Brockmann") and Justin Lowe ("Lowe") of Reliance International Research LLC ("RIR")*: Echeverría had a close relationship with Brockmann and Lowe, founders of RIR and its group of companies, including Reliance Management (BVI) Limited ("Reliance BVI") and Reliance Management (Gibraltar) Limited ("Reliance Gibraltar," and together with RIR and Reliance BVI, "Reliance" or the "Reliance Group"). Echeverría provided Brockmann assistance in gaining access to BLMIS, and helped the Reliance Group open its own Madoff feeder fund in 2007. *Id*. at ¶ 49.

- *UBS*: Prior to assuming roles with LIF/LIF-USEP as Custodian and Main Paying Agent, Administrator and Portfolio Manager, UBS (Luxembourg) S.A. ("UBS SA"), UBS Fund Services (Luxembourg) S.A. ("UBSFSL") and UBS Third Party Management S.A. ("UBSTPM") held various roles with other Madoff feeder funds that directed more than $1.5 billion into BLMIS. UBS SA knew that there were concerns about fraud at BLMIS while it serviced those funds. *Id*. at ¶ 68.

LIF-USEP was formed on August 18, 2005 as a sub-fund of the already existing Luxembourg Investment Fund, with Reliance Gibraltar as LIF-USEP's Investment Advisor and M&B as its Distributor. All of LIF-USEP's directors were employees of UBS SA, which was LIF-USEP's Custodian. Echeverría, acting as M&B's and LIF-USEP's agent, exercised enormous control over that fund's formation and operations, and BLMIS's records identified Echeverría as the owner of the LIF-USEP account. *Id*. at ¶¶ 53, 93.

4

LIF-USEP's rapid growth was a source of concern for UBS due to its increasingly large exposure to Madoff. This concern prompted UBS to close LIF-USEP to new subscriptions in March 2007. *Id*. at ¶ 123. UBS's decision to close LIF-USEP was a catalyst for M&B opening a new fund, Landmark, the Witness herein. *Id*. Madoff's approval was needed to open the Landmark account and Echeverría assisted in establishing that account, with M&B serving as Landmark's Investment Manager. *Id*.

**Allegations Relevant to the Evidence Sought in This Letter of Request**

Information possessed by Landmark/Alternative Advantage is relevant to the Trustee's claims in his Complaint, giving rise to the need for this Letter Rogatory, most significantly in connection with the Trustee's claims of imputation of knowledge of the BLMIS trading and operations. Specifically, the Trustee anticipates that Alternative Advantage will provide information in relation to any connections between the shareholders of that fund to entities associated with Echeverría and/or M&B and their connections to LIF and/or LIF-USEP, as alleged in paragraphs 44-46, 93-94 and 104-106 of the Complaint.

## ARGUMENT

I. **LETTERS ROGATORY ARE THE PROPER METHOD FOR A UNITED STATES COURT TO SEEK TESTIMONY/EVIDENCE IN THE REPUBLIC OF IRELAND**

Alternative Advantage is a foreign entity and a non-party that is located in Dublin, Ireland. This Letter Rogatory provides the only means of compelling testimony supported by documents from Alternative Advantage.

This Motion is made pursuant to 28 U.S.C. § 1781(b)(2), which permits the transmittal of a Letter Rogatory directly from this Court to The High Court Justice of Ireland. The Trustee's use of this Letter Rogatory to Alternative Advantage is the appropriate method for obtaining discovery from entities located in the Republic of Ireland. (*See* Order 11E, Rules of the Superior

Courts, Republic of Ireland; *see also Societe Nationale Industrielle Aerospatiale v. United States District Court*, 482 U.S. 522, 535 (1987) ("Article 1 provides that a judicial authority in one contracting state 'may' forward a letter of request to the competent authority in another contracting state for the purpose of obtaining evidence.").)

## II. THE TRUSTEE SEEKS RELEVANT TESTIMONY/EVIDENCE VIA THE PROPOSED LETTER ROGATORY TO ALTERNATIVE ADVANTAGE

As described in the Letter Rogatory, attached here as Exhibit B, and as set forth herein, the testimony supported by documents requested by the Trustee is relevant to his claims in the Complaint and should be granted.

## CONCLUSION

For the above reasons, the Trustee believes that the proposed Letter Rogatory is just and appropriate and respectfully requests that the Court issue such Letter Rogatory to The High Court Justice of Ireland.

Dated: February 12, 2020
New York, New York

Respectfully submitted,

*/s/ Oren J. Warshavsky*
**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
Oren J. Warshavsky
Email: owarshavsky@bakerlaw.com
Geoffrey A. North
Email: gnorth@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

6

TO: Thomas J. Hall, Esq.
Norton Rose Fulbright US LLP
1301 Avenue of the Americas
New York, New York 10019-602
Tel. (212) 408-5487