# CHAITMAN LLP
### 465 PARK AVENUE
### NEW YORK, NY 10022
### (888) 759-1114
TELEPHONE & FAX

*HELEN DAVIS CHAITMAN*
hchaitman@chaitmanllp.com

February 12, 2020

**VIA ECF AND FEDERAL EXPRESS**

The Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1408

    Re:    *Securities Investor Protection Corporation v. Bernard L. Madoff Investements Securities, LLC, et al.,* **Adv. Pro. No. 08-01789-SMB**
*Irving H. Picard v. The Estate of Robert Shervyn Savin, and Barbara L. Savin, in her capacity as Personal Representative of the Estate of Robert Shervyn Savin*, **Adv. Pro. No. 10-04889-SMB**

Dear Judge Bernstein:

    This firm represents Defendants The Estate of Robert Shervyn Savin, and Barbara L. Savin, in her capacity as Personal Representative of the Estate of Robert Shervyn Savin ("Savin") in the above-referenced action. We write in response to the Trustee's letter, dated February 10, 2020, requesting a pre-motion conference pursuant to Rule 7056-1(a) of the Local Bankruptcy Rules for the Southern District of New York regarding his request for leave to file a motion for summary judgment.

    Savin moved to withdraw the reference on the issue of whether the District Court has subject-matter jurisdiction over this action. The determination whether the reference to the Bankruptcy Court should be withdrawn to determine the District Court's subject matter jurisdiction is within the province of the District Court, not of this Court. By asking to bring his motion for summary judgment before the District Court has the opportunity to address these issues, the Trustee is seeking to circumvent the District Court's power and duty to determine the issue of subject matter jurisdiction. Clearly, if this Court lacks subject matter jurisdiction, the Court lacks the power to determine the Trustee's proposed motion for summary judgment.

    Under 28 U.S.C. §157(d) and Fed. R. Bankr. P. 5011(a), only a District Court judge may determine whether or not a reference should be withdrawn. It is therefore immaterial whether this Court has held that it has subject matter jurisdiction under the District Court's Standing Order of Reference, dated July 10, 1984, the Amended Standing Order of Reference, dated Jan. 31, 2012, or the December 15, 2008 Order removing the SIPA liquidation to this Court pursuant

# CHAITMAN LLP

Hon. Stuart M. Bernstein
February 12, 2020
Page 2

to SIPA § 78eee(b)(4), (*see Order*, dated Dec. 15, 2008, at ¶ IX (ECF Case No. 08-01789 Doc. # 1)).

Similarly, it does not matter whether Savin may be found to have availed himself of the jurisdiction of this Court by filing two net equity claims related to his account. If the matter at issue requires significant interpretation of federal laws apart from the bankruptcy statutes, as does the question of whether subject-matter jurisdiction exists in this case, then the District Court must withdraw the reference to this Court. *Picard v. HSBC Bank PLC*, 450 B.R. 406, 409 (S.D.N.Y. 2011) ("*HSBC Bank I*"); *City of New York v. Exxon Corp.*, 932 F.2d 1020, 1026 (2d Cir. 1991). Indeed, withdrawal of the reference is mandated where, as here, the court must determine whether it has subject matter jurisdiction in the first place. *In re Ames Dep't Stores, Inc.*, 512 B.R. 736 (S.D.N.Y. 2014), *citing Enron Power Mktg.*, 2004 WL 2711101, at *4 (mandatorily withdrawing reference because the bankruptcy court could not "determine whether funds at issue [fell] within the [Federal Energy Regulatory Commission's] exclusive jurisdiction or whether [it was] a garden variety bankruptcy case" without substantial and material consideration of federal law beyond the Bankruptcy Code); *NLRB v. Goodman (In re Goodman)*, 873 F.2d 598, 604 (2d Cir.1989) (district court has the authority to permissively withdraw a reference *sua sponte* where the bankruptcy court lacked jurisdiction to proceed).

Moreover, the Trustee cannot prevail on summary judgment, as demonstrated by this Court's denial of the Trustee's similar motions in *Picard v. Legacy Capital, Ltd.,* 603 B.R. 682 (Bankr. S.D.N.Y. 2019) (summary judgment denied, partly on grounds that there were disputed issues of fact regarding withdrawals from Legacy's account), and *Picard v. Mann,* 608 B.R. 165 (Bankr. S.D.N.Y. 2019) (summary judgment denied, partly on grounds that there were disputed issues of fact regarding whether the LLC owned the funds used to make payment of the alleged withdrawals). Savin's proofs are not the same proofs as were submitted in *Picard v. Nelson,* 610 B.R. 197 (Bankr. S.D.N.Y. 2019), or, indeed, in any other matter.
.
First. the Trustee cannot prove that Savin received all of the withdrawals from his Madoff account that he claims. The only evidence the Trustee recites is the testimony of two of his experts, which he claims trace the principal balance calculation in Savin's account and trace the withdrawal and transfer of $450,500 of purportedly fictitious profits. Trustee's Letter dated 2/10/20 at 1. The Trustee does not have cancelled checks proving all of the withdrawals.

Second, as in *Legacy,* Defendants intend to prove that Madoff owned the T-bills shown on Savin's accounts at the same time these T-bills appeared on Savin's accounts; and that the T-bills were purchased with investment advisory customer's money. This Court denied the Trustee's motion for summary judgment against Legacy Capital in part on the same grounds, holding that "[t]hese discrepancies and the relationship, if any, between BLMIS's purchase of T-Bills from brokers and the apparent resale of a portion of these purchases to customers like Legacy raise factual issues that the Court cannot resolve on this motion." *Legacy,* 603 B.R. at 697.

Third, as in *Mann,* Savin will prove that any monies that were transferred to Savin were never the property of the Trustee's debtor, Bernard L. Madoff Investment Securities, LLC (the "LLC"), since Madoff's sole proprietorship never transferred ownership of its accounts ending

## CHAITMAN LLP

Hon. Stuart M. Bernstein
February 12, 2020
Page 3

703 and 509 at JPMorgan Chase to the LLC. In *Mann,* 608 B.R. at 177, this Court denied summary judgment and held that "the Court must conduct a trial to determine whether the Two-Year Transfers were transfers by the debtor within the meaning of SIPA § 78fff-2(c)(3) and Bankruptcy Code § 548(a)(1)(A)."

Based on the foregoing, it would be a waste of judicial resources for this Court to allow the Trustee to move for summary judgment at this time.

Respectfully submitted,

*/s/ Helen Davis Chaitman*

Helen Davis Chaitman

HDC/aws

cc:   *(Via email)*
    David J. Sheehan, Esq. (dsheehan@bakerlaw.com)
    Nicholas J. Cremona, Esq. (ncremona@bakerlaw.com)

{00043769 1 }