**BAKER & HOSTETLER LLP**                 .
45 Rockefeller Plaza
New York, NY 10111
Telephone: 212.589.4200
Facsimile: 212.589.4201
David J. Sheehan
Oren J. Warshavsky

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA*
*Liquidation of Bernard L. Madoff Investment*
*Securities LLC and the Chapter 7 Estate of*
*Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>Plaintiff,<br><br>v.<br><br>HSBC BANK PLC, *et al.*<br><br>Defendants. | Adv. Pro. No. 09-01364 (SMB) |

**THE TRUSTEE'S COMBINED MEMORANDUM OF LAW IN OPPOSITION TO**
**ALPHA PRIME FUND LTD'S MOTIONS FOR THE ISSUANCE OF REQUESTS FOR**
**<u>INTERNATIONAL JUDICIAL ASSISTANCE</u>**

# TABLE OF CONTENTS

BACKGROUND ....................................................................................................................2

ARGUMENT ........................................................................................................................5

    I.      Legal Standard ................................................................................................5

    II.     General Objections to the Letters of Request ...........................................5

          A.     The Argumentative Language in Alpha Prime's Factual Summary Is Improper................................................................................................5

          B.     Many of the Exhibits Attached to the Letters of Request Are Improper .....6

                i.     Documents Used as Exhibits Have Not Been Produced and Are Incomplete........................................................................................6

                ii.    Alpha Prime's Exhibits Are Incomplete .........................................7

                iii.   Exhibits With No Available Translation..........................................7

                iv.   Exhibits Used to Mislead the Witness ............................................7

    III.    Specific Objections to Examination Questions.........................................8

          A.     Questions Seeking to Elicit Inadmissible Hearsay ......................................9

           B.     Objections as to Form .................................................................................11

                 i.     Questions Lacking Foundation ......................................................11

                ii.    Questions Calling for Speculation or in Which the Witness Lacks Personal Knowledge ...................................................................12

                 iii.   Questions Calling for Lay Opinion ................................................13

                 iv.   Cumulative Questions ....................................................................14

                 v.     Vague Questions ...........................................................................15

                 vi.    Questions that Mischaracterize the Evidence ...............................15

                 vii.   Leading Questions .........................................................................16

CONCLUSION....................................................................................................................18

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*BCCI Holdings (Lux.), S.A. v. Khalil*,
    184 F.R.D. 3 (D.C. Cir. 1999) ............................................................................................12

*Constantinou v. United States*,
    No. 3:16-CV-608, 2017 WL 8776958 (D. Conn. Nov. 17, 2017) .........................................14

*Pearlstein v. BlackBerry Ltd.*,
    332 F.R.D. 117 (S.D.N.Y. 2019) ........................................................................................7

*Scott v. City of New York*,
    591 F. Supp. 2d 554 (S.D.N.Y. 2008)..................................................................................12

*Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec.*,
    Adv. Pro. No. 09-01161 (SMB), 2019 WL 1055958 (Bankr. S.D.N.Y. Mar. 5,
    2019) .....................................................................................................................................7

*United States v. Franco-Beltran*,
    229 F. App'x 592 (9th Cir. 2007) ........................................................................................14

*United States v. Kaplan*,
    490 F.3d 110 (2d Cir. 2007).................................................................................................15

**Statutes**

15 U.S.C. §§ 78aaa–*lll* .................................................................................................................3

**Rules**

Fed. R. Civ. P. 26.......................................................................................................................13

Fed. R. Civ. P. 32(a)(1)(B) ..........................................................................................................6

Fed. R. Evid. 403 ..................................................................................................................16, 17

Fed. R. Evid. 602 ..................................................................................................................14, 15

Fed. R. Evid. 611 ..................................................................................................................16, 19

Fed. R. Evid. 701 ..................................................................................................................15, 17

Fed. R. Evid. 801(c)....................................................................................................................12

Plaintiff Irving H. Picard, as trustee ("Trustee") for the liquidation of the business of

Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor

Protection Act, 15 U.S.C. §§ 78aaa–*lll*, substantively consolidated with the chapter 7 estate of

Bernard L. Madoff, respectfully submits this combined opposition to Alpha Prime Fund Ltd.'s

Motions for the Issuance of Requests for International Judicial Assistance for the examination in

Austria of Karim Bibars (ECF No. 588), Karl Bruck (ECF No. 589), Wilhelm Holzer (ECF No.

595), and Gerald Pistracher (ECF No. 594) (the "Motions"; Messrs. Bibars, Bruck, Holzer, and

Pistracher are collectively referred to as the "Austrian Witnesses").[1]

## INTRODUCTION

The Trustee does not oppose Alpha Prime's request that this Court issue Requests for

International Judicial Assistance ("Letters of Request") for the examination of the Austrian

Witnesses, but he does object to the questions as submitted to this Court. The Letters of Request

include examination questions that lack foundation, seek hearsay, call for speculation and lay

opinion, are vague, and mischaracterize prior statements and documents. The Letters of Request

also include incomplete exhibits and questions referring to German-language exhibits with no

available English translation. Given the unique procedure associated with Letters of Request,

this may be the Trustee's only opportunity to object to the form of the Letters of Request and the

accompanying questions. The Letters of Request follow on the heels of the Trustee's letters of

request seeking the examination of the same four witnesses. The Trustee's objectives in seeking

and participating in these foreign examinations is to obtain admissible testimony and ensure that

improperly obtained testimony is not admitted into the evidentiary record; Alpha Prime should

---

[1] Alpha Prime filed "amended motions" with respect to Messrs. Holzer and Pistracher without withdrawing the two motions it originally filed with respect to those witnesses. The Trustee will treat the amended motions as though they supersede the original motions.

1

share these objectives.  The Trustee respectfully requests that this Court deny the Motions

without prejudice and with leave to resubmit them in the proper form and with properly

formulated questions.  The Trustee is willing to work with Alpha Prime to resolve these

objections and has already communicated his willingness to do so, with the hope of resolving

these issues quickly.

## BACKGROUND

On January 10 and 21, 2020, the Trustee moved for the issuance of letters of request for

the examination of four witnesses residing in Austria: (i) Gerald Pistracher (ECF No. 574); (ii)

Wilhelm Holzer (ECF No. 575); Karim Bibars (ECF No. 577); and Karl Bruck (ECF No. 578)

(the "LOR Motions").  As set forth in the LOR Motions, Mr. Pistracher and Mr. Holzer worked

for BA Worldwide Fund Management, a service provider to Alpha Prime and its predecessor,

Primeo Fund.  Mr. Holzer and Mr. Pistracher performed due diligence on BLMIS for those

funds, including testing the plausibility of Madoff's strategy and the returns it purported to

generate.  (ECF No. 574 at 6-7; ECF No. 575 at 6-7.)  Mr. Bibars also performed work for BA

Worldwide.  He worked closely with BA Worldwide president and Alpha Prime director Dr.

Radel-Leszczynski, who provided guidance to Mr. Bibars concerning BLMIS's strategy.  (ECF

No. 577 at 7.)  Mr. Bruck worked at Bank Austria with then-head of BA Worldwide, Werner

Kretschmer.  He left Bank Austria to work with Alpha Prime director Sonja Kohn at Bank

Medici.  In those roles, Mr. Bruck acquired personal knowledge relating to the creation,

management, and promotion of Primeo and BA Worldwide's knowledge of fraudulent activity at

BLMIS.  (ECF No. 578 at 7.)  Messrs. Holzer, Pistracher, Bibars, and Bruck are likely to provide

necessary and relevant testimony concerning the Trustee's claims against Alpha Prime.  The

letters of request are the only means to compel their testimony.

After the Trustee filed the LOR Motions, Alpha Prime informed the Trustee that, as part of the Trustee's examination of these witnesses, Alpha Prime intended to ask follow-up questions and questions based upon documents other than those attached to the Trustee's proposed letters of request.  The Trustee voiced his concern about including Alpha Prime's questions in his letters of request and instead suggested that Alpha Prime seek its own letters.  The Trustee also agreed to hold the LOR Motions in abeyance until Alpha Prime filed its own motions, to allow the Austrian central authority to coordinate the scheduling of the two sets of requests for the convenience of the court, the witnesses, and the parties.

Austrian procedure is not conducive to U.S.-style examination of witnesses.  Once the Austrian central authority accepts letters of request, they are assigned to an Austrian judge who schedules the examinations.  Austrian procedure requires all questions be submitted in writing before the examination and put to the witness by the judge.  Cross-examination, per se, is not necessarily permitted.  The extent to which follow-up questions are allowed is solely within the Austrian judge's discretion.  As a result, the party submitting the request must try to anticipate all possible follow-up questions and include them in the letter of request in advance.

Austrian procedure leaves to the examining judge's discretion whether to permit verbatim transcription.  In the three Austrian examinations conducted in this case to date, the Trustee has been unable to obtain a traditional verbatim transcript.  Instead, Austrian procedure provides for the parties to receive a summary, called a Protokoll, from the Austrian court.

A further complication is that the examinations of the Austrian Witnesses could be treated as trial testimony.  Summaries of the testimony rather than verbatim transcripts would deprive the Trustee of the ability to identify testimony elicited by improper questions.  The

Trustee must protect against the admission of improperly obtained evidence by objecting to improper questions.

Moreover, the Austrian Witnesses are outside of the U.S. court's subpoena power and there is no reason to believe that they would voluntarily make themselves available for trial. As a result, compliance with the Federal Rules of Evidence and the ultimate admissibility of the Austrian Witnesses' testimony at trial is more critical at this stage than it would be in an ordinary U.S. deposition. *See* Fed. R. Civ. P. 32(a)(1)(B). Because the Protokoll may not provide the Trustee with a verbatim transcription of the questions and answers, questions must be carefully drafted to ensure the witness's testimony will allow for a clear, accurate, and truthful record. If the Trustee does not object to the form of Alpha Prime's questions now, he may not have the opportunity to do so in the future.

The Letters of Request as drafted are objectionable. Though Alpha Prime is acutely aware that argumentative language in a letter of request is strictly prohibited, having been reprimanded by the Court a year ago for proposing such language in a prior letter of request, Alpha Prime includes argumentative language in all four of the Letters of Request. Alpha Prime also attaches incomplete, never-before-produced documents as exhibits to the Letters of Request. Seeing these documents for the first time now as attachments to the Letters of Request prejudices the Trustee as he was deprived of the opportunity to consider those documents in preparing his own letters of request. Incomplete exhibits are likewise prejudicial as they deprive the witness of context and the Trustee of the ability to cross-examine. The Trustee requests that Alpha Prime's motions be denied without prejudice to Alpha Prime's right to resubmit revised letters of request.

**ARGUMENT**

## I.    Legal Standard

It is within the Court's discretion to issue letters rogatory.  *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec.*, Adv. Pro. No. 09-01161 (SMB), 2019 WL 1055958, at *5 (Bankr. S.D.N.Y. Mar. 5, 2019).  The Court may determine which questions in a proposed letter rogatory are properly put to the witness under U.S. law.  *See, e.g.*, *Pearlstein v. BlackBerry Ltd.,* 332 F.R.D. 117, 121 (S.D.N.Y. 2019), *reconsideration granted in part*, Civ. No. 13-CV-07060 (CMKHP), 2019 WL 5287931 (S.D.N.Y. Sept. 20, 2019).

## II.    General Objections to the Letters of Request

The Letters of Request contain argumentative language, attachments that were never produced, and questions that quote German-language documents without translation.  Alpha Prime's proposed questions could induce the witness to make misrepresentations.  Accordingly, the Trustee requests that this Court deny the Motions with leave for Alpha Prime to resubmit properly formulated letters of request.

### A.    The Argumentative Language in Alpha Prime's Factual Summary Is Improper

Letters of request are judicial requests, not advocacy pieces.  They are not to include argument.  Indeed, this Court rejected a prior Alpha Prime application for a letter of request for including argument.  *See* Hearing Tr. 26:14–16 (Feb. 14, 2019) ("I'm going to deny your motion because the piece you wrote was an advocacy piece, and this is supposed to be coming from me.").

Each of the Letters of Request would portray Alpha Prime's characterizations of the Trustee's claims as if they were coming from the Court.  Alpha Prime would have this Court say: "[i]ronically, the Trustee has also argued not that Alpha Prime and its directors knew that

5

BLMIS's returns appeared to be a product of illegal front-running, but that the directors knew that it was not a product of illegal front-running." *See* Bibars Letter of Request, at 8-9; Bruck Letter of Request, at 8; Pistracher Letter of Request, at 8; and Holzer Letter of Request, at 8. The Court has made no such finding. It would be inappropriate to transmit a letter of request to a foreign tribunal containing Alpha Prime's characterizations of the Trustee's allegations. Alpha Prime's motions should be denied without prejudice to its ability to seek the issuance of letters of request with the argumentative language removed.

### B.   Many of the Exhibits Attached to the Letters of Request Are Improper

### i.   Documents Used as Exhibits Have Not Been Produced and Are Incomplete

Alpha Prime attached a combined 31 unique exhibits to its proposed Letters of Request. Twenty-nine are documents Alpha Prime had not previously produced to the Trustee despite their responsiveness to document requests the Trustee served more than a year ago, and contrary to Alpha Prime's numerous representations that it had produced all of the documents in its possession.[2] Because these documents have come to light only now, after the Trustee sought letters of request for the same witnesses, his proposed letters of request do not include questions based upon those documents, thereby prejudicing the Trustee. That Alpha Prime withheld these documents in discovery is a dispute that the Trustee will separately raise with Judge Maas.

---

[2] The documents that never have been produced to the Trustee (by any party) include Bruck Exhibits C and E, Bibars Exhibits D and E, and Pistracher and Holzer Exhibits B-D, F-H, J, L-S, U, and W.

### ii.    Alpha Prime's Exhibits Are Incomplete

Many of the exhibits attached to Alpha Prime's proposed Letters of Request are incomplete.[3]  Alpha Prime included only the pages that relate to Alpha Prime's questions, creating the possibility that the testimony elicited through these questions will be unreliable.  The witness and, in some instances, the Trustee, will lack the context of the complete document.  The Trustee will also be deprived of the ability to ask follow-up questions of the witness using the full document.  Unless Alpha Prime replaces these exhibits with the full copies of the documents, its Motions should be denied.

### iii.    Exhibits With No Available Translation

Many of Alpha Prime's exhibits are German-language documents.  Instead of providing third-party translations, Alpha Prime included its own English translations of German-language passages in its questions.[4]  The Trustee cannot determine whether Alpha Prime's translations are accurate or if the questions are taken out of context.  The Trustee requests that Alpha Prime provide English translations, prepared by a reputable agency, of all German-language documents and use such translations in its reformulated Letters of Request, to the extent the Court permits Alpha Prime to resubmit them.

### iv.    Exhibits Used to Mislead the Witness

Alpha Prime attempts to elicit false testimony from at least one of the witnesses.  Alpha Prime's proposed examination of Karl Bruck contains a series of questions pertaining to Exhibit

---

[3] The following exhibits to the Letters of Request are incomplete: Bruck Exs. C, D, and E; Bibars Exs. D and E; Pistracher Exs. K, L, P, Q, R, S, U, V, W; and Holzer Exs. K, L, P, Q, R, S, U, V, W.

[4] Examples include Bruck Questions 85, 108, 112; Bibars Question 171; Holzer Questions 16, 36, 114, 116, 165, 170, 173, 184-86, 191, 193-96, 202, 220, 224, 226, 229, 231, 233, 236, 238, 246; and Pistracher Questions 23, 104, 150, 155, 157, 158, 169, 170, 171, 173, 175-78, 184, 202, 206, 208, 209, 213-20, 225-30, 237, 238.

B of Alpha Prime's Letter of Request for Mr. Bruck:

> 85.     Please refer to Exhibit B. This is a historic register from the Austrian register of companies of what is today called "2020 Medici GmbH in Liquidation".

> 86.     Please refer to Nr 46 on page 1 and page 8: Isn't it correct that Bank Medici AG was only formed on December 18, 2003?

> 87.     So when you state in paragraph 5 that "In 2000, I left Bank Austria to work for Kohn at Bank Medici", this statement cannot be correct?

As Exhibit B itself shows, Bank Medici was founded in 1994, not 2003. Even in the declaration Mr. Bruck provided to Alpha Prime, he stated that he worked for Bank Medici/[Sonja] Kohn from 2000 to 2003. Question 86 is therefore misleading based on documentary and testimonial evidence, leading to an attempt to improperly discredit an earlier declaration Mr. Bruck provided to the Trustee.

Because many of Alpha Prime's exhibits are not translated, the Trustee cannot determine if Alpha Prime has mischaracterized other documents. The Trustee awaits those translations. In the meantime, the Trustee requests that Alpha Prime's Motion for the Issuance of the Letter of Request to Karl Bruck be denied without prejudice to Alpha Prime's right to resubmit that motion with questions 85-87 and Exhibit B to Alpha Prime's Letter of Request for Mr. Bruck removed.

## III.        Specific Objections to Examination Questions

The Letters of Request contain many questions that violate the Federal Rules of Evidence. As explained above, because of the unique nature of foreign examinations, and the likely chance that a verbatim transcript will not be available, the Trustee interposes his objections now.

The Trustee respectfully requests that Alpha Prime's Motions be denied without prejudice to its right to revise their examination questions to cure the Trustee's objections before they are transmitted to Austria.

### A.    Questions Seeking to Elicit Inadmissible Hearsay

The Austrian Witnesses are likely to be unavailable at trial. They have chosen to remain outside of this Court's jurisdiction, and there is no reason to believe they will appear for trial. Therefore, their testimony at these examinations (and any additional examinations) may well be the equivalent of trial testimony. It is also unlikely that the Austrian courts will allow a traditional verbatim transcript. It is the Trustee's preference to have a verbatim transcript. If the examination is not transcribed, the only record will be the Austrian court's Protokoll, which may not include everything said during the examination. Maintaining a precise record does not appear to be the goal of all parties, however. In connection with the examination of Alpha Prime director Nigel Fielding in Luxembourg, Alpha Prime recently took the position that, although the Luxembourg Court permitted verbatim transcription, the transcripts should be destroyed and further transcription halted.

The Protokoll can have varied results. For example, in the examination of Mr. Stefan Radel in Austria on April 10, 2019, the summary reflects the following from the examination:

> Regarding Question 2:
>
> I know that; Stephan Blahut was the author of the letter dated November 30.
>
> Regarding Question 3:
>
> Please refer to the response to question 2.

With the record in this form, the Trustee's ability to assert all relevant objections may be compromised and could deprive the Court of the ability to rule on evidentiary objections.

Questions in the Letters of Request call for inadmissible hearsay. A witness may not testify concerning another person's prior out-of-court statements when the witness's testimony is offered for the truth of the matter asserted. Fed. R. Evid. 801(c). As a Court in this district explained:

> [H]earsay [may not] become personal knowledge merely because a witness has internalized statements made by others and decided they must be true. Even if a witness attests that she has received the same information from numerous sources, it does not overcome the fundamental notion that the witness is repeating the content of out-of-court statements.

*Scott v. City of New York*, 591 F. Supp. 2d 554, 566 (S.D.N.Y. 2008); *see also BCCI Holdings (Lux.), S.A. v. Khalil*, 184 F.R.D. 3, 7-8 (D.C. Cir. 1999) ("[W]here the witness currently lacks personal knowledge of the matters addressed by a prior statement but knows the statement to be true, the statement cannot be incorporated as part of the witness's present testimony because the witness lacks personal knowledge and is unavailable for cross-examination as to the prior statement.").

Many of the questions ask the Austrian Witnesses to adopt a third-party's out-of-court statements, made in actions in which the Trustee was not a party and never had the opportunity to cross-examine the declarant. For example, in the proposed Holzer Letter of Request, Alpha Prime asks whether Gerald Pistracher's April 15, 2011 testimony in the Vienna Commercial Court is "accurate." (Holzer Question 21.) Mr. Pistracher's testimony is an out-of-court statement that was not subject to the Trustee's cross-examination and is offered for establishing the truth of the statements contained therein—it is hearsay. Asking Mr. Holzer to adopt Mr. Pistracher's testimony in response to a leading question does not cure the hearsay problem.

In addition, and as set forth further below, presenting a witness with a document containing a third party's testimony or statement when the witness is neither the declarant, nor

the subject or recipient of the prior statement and was not present when the declarant provided

the testimony or prior statement—and then asking the witness to adopt that testimony or

statement—improperly uses hearsay to lead the witness.

As set forth in Exhibits A-D, the Trustee objects to the following questions contained in

the Letters of Request on the basis of hearsay.[5]

### B.    Objections as to Form

The Trustee asserts various objections to the form of the questions in the Letters of

Request.  The bases for these objections are explained below.[6]  In Exhibits A-D, attached, the

Trustee identifies his objection(s) to each question, where applicable.  *See* Trustee's Objections

to Bibars Questions attached hereto as Exhibit A; Trustee's Objections to Bruck Questions

attached hereto as Exhibit B, Trustee's Objections to Pistracher Questions attached hereto as

Exhibit C; and Trustee's Objections to Holzer Questions attached hereto as Exhibit D.

### i.    Questions Lacking Foundation

Many of Alpha Prime's questions lack the requisite foundation.  Alpha Prime fails to lay

a proper predicate for much of the testimony it seeks to elicit and the documents it seeks to

introduce.  In addition, many of the questions improperly assume the information sought is

within the witness's personal knowledge. A witness "may testify to a matter only if evidence is

introduced sufficient to support a finding that the witness has personal knowledge of the matter."

---

[5] Bibars Questions: 28, 171-74; Bruck Questions: 30, 108-13; Pistracher Questions: 23, 24, 28-32, 74, 79, 81, 83, 85, 91-93, 102-106, 127-34, 136-44, 150, 151, 163-64, 166-67, 175-77, 198-99, 202, 205-09, 229-36, 252-59; Holzer Questions: 8-11, 20, 21, 27-33, 39-43, 77-78, 86, 91, 93, 95, 97, 103-05, 125-30, 134, 137, 138, 139, 140-44, 146-49, 155-61, 163, 170, 173, 175, 178, 179, 181-82,  184-87, 191, 193-97, 202, 203, 216, 217, 220, 223-27, 229-37, 246-47, 261-68.
[6] In addition to the objections detailed herein, the Trustee sparingly objected on the grounds of "Relevance," acknowledging the breadth of relevance permitted under Fed. R. Civ. P. 26. Moreover, the Trustee objected to "Compound" questions where the form directly impacts the witnesses ability to answer.  Compound questions appear throughout the Letters of Request and can be easily revised by creating an enumerated question for each question asked.

11

Fed. R. Evid. 602.  For example, in the Holzer Letter of Request, without establishing Mr.

Holzer's employment, his responsibilities, or whether he observed out-of-range trades, Alpha

Prime seeks to ask: "Did you believe that Madoff was committing fraud after seeing the out of

price ranges trades?"  (Holzer Question 23.)  This question is improper, as it lacks the requisite

foundation.

As set forth in Exhibits A-D, the Trustee objects to the following questions contained in

the Letters of Request on the basis that they lack foundation.[7]

### ii. Questions Calling for Speculation or in Which the Witness Lacks Personal Knowledge

A witness's testimony is limited to matters of which he has personal knowledge.  Fed. R.

Evid. 602.  Questions asking a witness to interpret someone else's intentions are typically

improper when personal knowledge is not first established.  *See, e.g.*, *Constantinou v. United*

*States*, No. 3:16-CV-608, 2017 WL 8776958, at *13 (D. Conn. Nov. 17, 2017) (noting that a

witness's testimony about what another person was or was not aware of violates Rule 602);

*United States v. Franco-Beltran*, 229 F. App'x 592, 595 (9th Cir. 2007) (finding that witness

testimony about what someone else's statement meant violated Rule 602 because "no person can

know the contents of another's mind.").  The questions in the Letters of Request call for

speculation, introducing subjects about which the witness has no personal knowledge.  For

---

[7] Bibars Questions: 3, 10, 24, 27-29, 60, 73-79, 87, 88, 104-10, 118, 123-24, 162-69, 172, 174; Bruck Questions: 1, 3, 9, 23, 26, 30-31, 60, 74-79, 85, 90, 92-95, 109, 111, 113, 120, 127-28; Pistracher Questions: 6-8, 10-15, 19, 21, 22, 24, 26, 28, 30, 33, 37, 40-42, 45, 47, 69, 75-76, 79, 82-88, 95-99, 101, 103, 105, 106, 109-13, 118-20, 125, 131, 133, 136-39, 146-47, 151, 156, 161, 167, 172, 177, 185, 198, 200, 205, 207, 209, 232-36, 238, 253, 255, 257-58, 259; Holzer Questions: 5, 10, 11-13, 17-19, 21-26, 28, 30, 32-33, 37, 38, 40-41, 44, 47, 51-53, 56, 59, 78, 81, 87, 88, 91, 94-100, 107-11, 113, 117, 119-21, 123, 126, 128-30, 136, 141, 143, 146, 147-49, 161-62, 171-72, 176, 182, 187-90, 192, 195, 197-98, 203, 216, 218, 223, 225, 227, 230, 232, 234-35, 237, 247, 262, 264, 266-68.  The Trustee did not assert "Lack of Foundation" in every permissible instance in an effort to grant Alpha Prime the benefit of the foundation being laid in exhibits that the Trustee agrees would be admissible at trial.

example, Alpha Prime asks Gerald Pistracher: "In your opinion, did Dr. Radel believe that Mr.

Madoff was really trading options (over the counter or otherwise)?" (Pistracher Question 51.)

This question asks the witness to improperly speculate on Dr. Radel's state of mind.

As set forth in Exhibits A-D, the Trustee objects to the following questions contained in

the Letters of Request on the basis that they call for speculation or with respect to which the

witness has no personal knowledge.[8]

### iii.    Questions Calling for Lay Opinion

Lay witnesses cannot give their opinion or testify as to matters outside their personal,

first-hand knowledge.  Fed. R. Evid. 701; *United States v. Kaplan*, 490 F.3d 110, 119 (2d Cir.

2007) (Fed. R. Evid. 701(a) requires a witness's testimony to be based on either his first-hand

perceptions or rational derivations therefrom).  The Letters of Request contain many questions

seeking the Austrian Witnesses' improper opinion testimony.  For example, in the proposed

Pistracher Letter of Request, Alpha Prime improperly seeks to ask Mr. Pistracher whether he

"agrees" with a portion of a judicial opinion issued by Judge Dr. Jürgen Exner of the Vienna

Commercial Court.  (Pistracher Question 175.)  Alpha Prime also asks Mr. Pistracher to opine on

a 2016 witness statement given by Lucia Andrich, a fund accountant at HSSL.  Ms. Andrich

states that prices for certain undated treasury bill transactions reported on Primeo's BLMIS

statements did not match those reported by Bloomberg because of rounding errors.  (Ex. K to

Pistracher Letter of Request ¶ 122.)  Alpha Prime asks Mr. Pistracher to "confirm this

---

[8] Bibars Questions: 172, 174; Bruck Questions: 92-95, 109, 111, 113, 120, 128; Pistracher
Questions: 22, 24, 28, 30, 37, 38, 43-45, 51-52, 56, 59-61, 76, 79, 81-88, 91-93, 95-99, 101, 103,
105-06, 111, 119-20, 125, 131, 133, 136-40, 142, 144, 151, 167, 175, 177, 191-93, 196-98, 200,
205, 207, 209, 230, 232-36, 253, 255, 257-59; Holzer Questions:  9-11, 21, 30, 32-33, 40-41, 47-
48, 54-56, 63-64, 68, 71-73, 78, 88, 91, 93-100, 103-05, 107-11, 113, 115, 121, 126, 128-30,
134-35, 141, 143, 146-49, 154-55, 157, 159, 182, 188-89, 193, 195, 197, 203, 209-11, 214-16,
218, 223, 225, 227, 230, 232, 234, 235, 237, 247, 262, 264, 266-68.

explanation" and asks for his opinion on whether this explanation would "also apply to the differences listed for T-Bills in the Trustee's Exhibit 2." (Pistracher Question 138.)

As set forth in Exhibits A-D, the Trustee objects to the following questions contained in the Letters of Request on the basis that they call for lay opinion.[9]

### iv.    Cumulative Questions

Many of Alpha Prime's questions are repetitive. For example, when discussing Mr. Bruck's declaration, Alpha Prime asks the same question three times: "Who chose the content of the declaration?"; "Who chose the contents of the text?"; "Who chose the wording of the text?" (Bruck Questions 44, 46, 47.) Such questions waste time, unduly delay proceedings and needlessly present cumulative evidence. Fed. R. Evid. 403, 611(a). Repeatedly asking a witness the same question should especially be avoided in the circumstances here, where the examinations will be conducted abroad, by an Austrian judge, with significant time constraints, and an inability to exclude questions from the examination even if they have already been asked and answered.

Asking a witness to confirm another witness's prior testimony is unnecessarily cumulative. In the proposed questions to Mr. Pistracher and Mr. Holzer, Alpha Prime seeks to ask each to confirm the other's prior testimony. While these questions also violate Rule 701, for the reasons set forth herein, they would also be unduly cumulative, as Alpha Prime will have the opportunity to ask Mr. Pistracher to confirm his own testimony.

---

[9] Bibars Questions: 172, 174; Bruck Questions: 94-95, 109, 111, 113; Pistracher Questions: 22, 24, 28, 30, 43, 44, 56, 103, 105-06, 119, 131, 133, 138, 151, 167, 175, 177, 205, 207, 209, 232-36, 253, 255, 257-59; Holzer Questions: 10-11, 21, 30, 32, 33, 40, 54, 55, 68, 126, 129, 130, 141, 143, 182, 193, 195, 197, 203, 223, 225, 227, 230, 232, 234, 235, 237, 245, 247, 262, 264, 266-68.

As set forth in Exhibits A-D, the Trustee objects to the following questions contained in the Letters of Request on the basis that they seek cumulative testimony.[10]

### v.    Vague Questions

The Letters of Request contain vague and ambiguous questions that confuse the issues and seek to solicit testimony without providing any context. These questions do not provide a time period or properly identify the subject of the question. Without this specificity, if the witness is able to provide an answer at all, it will be unclear to what his answer responds. Fed. R. Evid. 403 (allowing for the exclusion of evidence "confusing the issues"). For example, Alpha Prime seeks to ask Mr. Holzer, "Can you confirm that Madoff's name was disclosed when somebody inquired?" (Holzer Question 12.) Alpha Prime does not provide context for this question—to whom the purported disclosure was made, who made the inquiry, or the time period in which those events purportedly occurred. Such questions—which would only confuse the issues and assist neither the witness nor the trier of fact—are improper.

As set forth in Exhibits A-D, the Trustee objects to the following questions contained in the Letters of Request on the basis that they are vague or ambiguous.[11]

### vi.    Questions that Mischaracterize the Evidence

Alpha Prime's questions for the Austrian Witness incorporate and refer to documents and statements of third parties, but do not accurately represent those document and statements.

---

[10] Bibars Questions: 44-45, 47-48, 55, 57, 60, 66, 71, 110, 135; Bruck Questions: 44-47, 53, 56-57, 60, 66, 71; Pistracher Questions: 24, 28, 103, 105-06, 177, 205, 207, 209, 232-36, 253, 255; Holzer: 9-11, 21, 30, 32-33, 126, 128-30, 134, 195, 197, 203, 223, 225, 227, 230, 232, 234-35, 237, 247, 262, 264.

[11] Bibars Questions: 44-45, 47-48, 50-52, 55, 57, 60-61, 71, 85, 110, 135; Bruck Questions: 9, 23, 26, 43-51, 56-57, 60, 61, 73, 76-83, 86-87, 94-95, 105, 127-28; Pistracher Questions: 6-8, 11, 22, 24, 26-28, 33, 37, 40, 45, 53-56, 59-61, 75, 82, 84, 86, 95, 97, 99, 101, 112-14, 126, 137, 142, 147, 149, 159-63, 174, 179, 180, 182, 185, 201; Holzer Questions: 2, 5, 7, 12-13, 22, 28, 32, 37-38, 41, 44, 47, 51, 56, 65-66, 68, 71-73, 78, 87, 94, 96, 98, 107, 109, 111, 113, 115, 117-18, 122-24, 130, 136, 147, 150-54, 157, 161-62, 164, 171, 174, 176-78, 187, 192, 198, 200, 219.

These mischaracterizations are likely to mislead the witness. For example, in the proposed Pistracher Letter of Request, Alpha Prime seeks to ask Mr. Pistracher questions based on his April 15, 2011 testimony in the Vienna Commercial Court: "It is correct that we received the transactions slips from BoB by fax. I assume that the latter had already been checked the trading [sic] before that." In its Letter of Request, Alpha Prime seeks to ask, "What had BoB already checked?" (Pistracher Question 118), "Do you know how BoB/HSBC checked?" (Pistracher Question 119), "Do you know what software they used?" (Pistracher Question 120.) Contrary to the series of questions that follow, Mr. Pistracher did not testify in 2011 that that BoB performed the "check," yet Alpha Prime's questions would lead the witness to answer based on a mischaracterization of his prior testimony.

As set forth in Exhibits A-D, the Trustee objects to the following questions contained in the Letters of Request on the basis that they mischaracterize evidence.[12]

### vii.    Leading Questions

Alpha Prime's use of leading questions is impermissible under Fed. R. Evid. 611(c). A party should not elicit testimony through leading direct examination questions. While leading questions may be allowed "as necessary to develop the witness's testimony," none of the exceptions set forth in the rule apply here. *See id.*

For example, Alpha Prime seeks to ask Karl Bruck, "Did you feel pressured to sign the declaration?" (Bruck Question 51), and "Isn't it correct that Bank Medici AG was only formed on December 18, 2003?" (Bruck Question 86.) Alpha Prime should not be permitted to use the Austrian Witnesses as sounding boards for its theory of the case.

---

[12] Bibars Questions: 30, 34, 37, 118, 119; Bruck Questions: 32, 35, 38, 86-87; Pistracher Questions: 11, 22, 35, 43, 44, 76, 118, 119-20, 126, 138, 172, 174, 180, 182; Holzer Questions: 1-2, 10-11, 22, 33, 54-55, 88, 128-30, 136, 148, 171, 174, 188-90, 192, 198, 200.

Alpha Prime also uses third-parties' out-of-court statements to coach the witnesses' testimony.  For example, in the proposed Holzer Letter of Request, Alpha Prime asks the following questions:

> 184.    On the bottom of page 4 of Exhibit L it is stated that Mr Pistracher is pointed by Claimant's counsel to a marked section on page 2 of Exhibit M. Can you identify the section?
>
> 185.    On the top of page 5 of Exhibit L he states: "I am aware that there was an allegation that the performance of the fund was explained by front running activities."
>
> 186.    In response to a follow-on question from Claimant's counsel on the same page: "Did this information concern BAWFM in any way at all?" he replies: "I and the others as well at BAWFM knew that there was this allegation. We also knew that it had been reviewed by the SEC, the American stock exchange supervisory authority. To my knowledge, that accusation could not be proven. That was then put to rest again."
>
> 187.    Did you know about an allegation of front running?
>
> 188.    Did you know that the allegation was reviewed by the SEC?
>
> 189.    Did you know about the outcome of that review?
>
> 190.    Did the fact that the SEC could not prove that accusation comfort you as well?
>
> 191.    Responding to follow-up questions by Claimant's counsel on the same page Mr. Pistracher answers: "I don't remember anymore whether that report disturbed me at the time. As far as I remember, I was never worried during my time at BAWFM".
>
> 192.    Were you concerned that Madoff was doing something illegal at the time?

Presenting Mr. Holzer with Mr. Pistracher's testimony that Mr. Pistracher was not worried about front-running allegations because he knew they were reviewed by the SEC, and then asking Mr. Holzer whether he was also comforted by the SEC are improper leading questions seeking to elicit testimony through suggestion.  As explained above, such questions also seek to elicit

17

inadmissible hearsay.  In an ordinary deposition, the Trustee would be able to cross-examine the

witness.  During the examinations of the Austrian Witnesses, however, the Trustee's ability to

cross-examine is likely to be significantly curtailed, if allowed at all.  As a result, questions that

seek to coach witnesses' testimony through out-of-court statements should not be allowed.

As set forth in Exhibits A-D, the Trustee objects to the following questions contained in

the Letters of Request on the basis that they are leading.[13]

## CONCLUSION

For the foregoing reasons, the Trustee respectfully requests that the Court deny Alpha

Prime's Motions to Issue the Proposed Letters of Request in their present form, without

prejudice to Alpha Prime's right to revise their questions to address the Trustee's objections.


Dated: New York, New York
       February 18, 2020

                                  Respectfully submitted,

                                  /s/ Oren J. Warshavsky
                                  **Baker & Hostetler LLP**
                                  45 Rockefeller Plaza
                                  New York, New York 10111
                                  Telephone: (212) 589-4200
                                  Facsimile: (212) 589-4201
                                  David J. Sheehan
                                  Email: dsheehan@bakerlaw.com
                                  Oren J. Warshavsky
                                  Email: owarshavsky@bakerlaw.com
                                  *Attorneys for Irving H. Picard, Trustee for the*
                                  *Substantively Consolidated SIPA Liquidation of*
                                  *Bernard L. Madoff Investment Securities LLC*
                                  *and the Chapter 7 estate of Bernard L. Madoff*

---

[13] Bibars Questions: 28-29, 36, 52, 72, 94, 119, 158, 171-74; Bruck Questions:  30-31, 37, 51, 73, 86-87, 97, 99, 108, 109-13; Pistracher Questions: 11, 14-15, 23-24, 28-29, 31-32, 35, 49-50, 61-62, 74, 76, 102-06, 118-20, 125, 12-34, 136-38, 140-44, 150-51, 156-57, 160, 163-64, 166-67, 169, 174-77, 180, 198-99, 202, 205-09, 231-36, 249-59; Holzer Questions: 2, 8, 20-22, 25-27, 29-32, 39, 42-43, 45, 61-62, 73-74, 77-78, 86, 88, 115, 117-18, 125-30, 137-44, 147-48, 155-60, 163, 170-75, 178-79, 181-82, 184-98, 202-03, 216-17, 220, 223-27, 22-37, 246-47, 258-68.