# EXHIBIT 1

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>　　　　　Plaintiff-Applicant,<br>　　　v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>　　　　　Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br>BERNARD L. MADOFF,<br>　　　　　Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br>　　　　　Plaintiff,<br>　　　v.<br><br>ABN AMRO BANK (IRELAND) LTD. (f/k/a FORTIS PRIME FUND SOLUTIONS BANK (IRELAND) LIMITED) and<br><br>ABN AMRO CUSTODIAL SERVICES (IRELAND) LTD. (f/k/a FORTIS PRIME FUND SOLUTIONS CUSTODIAL SERVICES (IRELAND) LTD.),<br>　　　　　Defendants. | Adv. Pro. No. 10-05355 (SMB) |

**STIPULATED ORDER DENYING THE TRUSTEE'S MOTION FOR LEAVE TO AMEND AND ENTERING FINAL JUDGMENT**

**WHEREAS**, on December 8, 2010, Irving H. Picard (the "Trustee"), as Trustee for the

liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under

the Securities Investor Protection Act ("SIPA"), 15 U.S.C. §§ 78aaa-*lll*, and the substantively

consolidated Chapter 7 estate of Bernard L. Madoff ("Madoff") filed a complaint against

Defendants ABN AMRO Bank (Ireland) Ltd. (f/k/a Fortis Prime Fund Solutions Bank (Ireland)

1

Limited) and ABN AMRO Custodial Services (Ireland) Ltd. (f/k/a Fortis Prime Fund Solutions Custodial Services (Ireland) Ltd.) (the "Defendants") seeking to recover avoidable transfers from BLMIS under section 550 of the Bankruptcy Code;

**WHEREAS**, on May 15, 2012 and June 7, 2012, respectively, the United States District Court for the Southern District of New York entered orders in which it withdrew the reference in certain adversary proceedings pursuant to 28 U.S.C. § 157(d) to determine whether SIPA or the Bankruptcy Code apply extraterritorially, permitting the Trustee to avoid initial transfers that were received abroad or to recover from initial, immediate, or mediate foreign transferees (the "Extraterritoriality Issue"), *SIPC v. BLMIS*, No. 12-mc-0115 (JSR), ECF Nos. 97 and 167;

**WHEREAS**, on June 25, 2012, the District Court withdrew the reference under 28 U.S.C. § 157(d), to determine whether SIPA or the securities laws alter the standard the Trustee must meet in order to determine good faith under either 11 U.S.C. § 548(c) and 11 U.S.C. § 550(b) (the "Good Faith Issues"), *SIPC v. BLMIS*, No. 12-mc-115 (JSR), ECF No. 197;

**WHEREAS,** on July 3, 2012, the Trustee filed an amended complaint (the "Amended Complaint") against Defendants, *Picard v. ABN AMRO Bank (Ireland) Ltd.*, Adv. Pro. No. 10-05355 (SMB), ECF No. 52;

**WHEREAS**, on February 27, 2013, Defendant Rye Select Broad Market XL Fund, L.P. was voluntarily dismissed with prejudice, *Picard v. ABN AMRO Bank (Ireland) Ltd.*, Adv. Pro. No. 10-05355 (SMB), ECF No. 50;

**WHEREAS**, on April 27, 2014, the District Court ruled on the Good Faith Issues, *SIPC v. BLMIS*, 516 B.R. 18, 21-24 (S.D.N.Y. 2014);

**WHEREAS**, on July 6, 2014 and July 28, 2014, respectively, the District Court issued an opinion on extraterritoriality and comity (the "District Court ET Decision"), which returned

2

certain matters to the Bankruptcy Court for further proceedings consistent with the District Court ET Decision, *SIPC v. BLMIS (In re Madoff)*, 513 B.R. 222, 232 n.4 (S.D.N.Y. 2014);

**WHEREAS**, on November 22, 2016, the Bankruptcy Court issued a Decision Regarding Claims to Recover Foreign Subsequent Transfers (the "Bankruptcy Court Comity Decision") dismissing certain claims to recover subsequent transfers received from, *inter alia*, Kingate Global Fund Ltd. and Kingate Euro Fund Ltd. (the "Kingate Funds") on the ground of comity (the "Kingate-Related Claims"), *SIPC v. BLMIS*, Adv. Pro. No. 08-01789 (SMB), 2016 WL 6900689 (Bankr. S.D.N.Y. Nov. 22, 2016);

**WHEREAS,** the Bankruptcy Court Comity Decision dismissed the Trustee's Kingate-Related Claims, contained in Count IV of the Amended Complaint, *Picard v. ABN AMRO (Ireland) et al.*, Adv. Pro. No. 10-05355 (SMB), ECF No. 119;

**WHEREAS,** the Trustee and Defendants (the "Parties") consented and requested that the Bankruptcy Court enter a final judgment solely as to the Kingate-Related Claims under Rule 54(b) of the Federal Rules of Civil Procedure, consistent with the Bankruptcy Court Comity Decision in this adversary proceeding, and on the ground that immediate appellate review of the Bankruptcy Court Comity Decision would be efficient for the courts and the Parties;

**WHEREAS**, on March 9, 2017, this Court entered a final order and judgment solely as to the Kingate-Related Claims under Rule 54(b) of the Federal Rules of Civil Procedure, and dismissed the Trustee's Kingate-Related Claims against Defendants, *Picard v. ABN AMRO (Ireland) et al.*, Adv. Pro. No. 10-05355 (SMB), ECF No. 119;

**WHEREAS**, on March 21, 2017, the Trustee appealed to the United States Court of Appeals for the Second Circuit on the extraterritoriality and comity issues;

3

**WHEREAS**, because the Bankruptcy Court Comity Decision did not dismiss all claims in this action, the Parties agreed to litigate the Trustee's remaining claims against the Defendants (the "Dismissed Claims"), which were not resolved by the District Court ET Decision and the Bankruptcy Court Comity Decision, while the Trustee's appeal on extraterritoriality and comity was pending. Accordingly, the Trustee moved for leave to file a proposed second amended complaint (the "Proposed Second Amended Complaint") on February 22, 2019 (the "Motion for Leave to Amend"); the Defendants filed their opposition on April 23, 2019; the Trustee filed his reply on May 23, 2019, and the Bankruptcy Court heard oral argument on the Motion for Leave to Amend on September 25, 2019;

**WHEREAS**, while the Trustee's Motion for Leave to Amend was pending before the Bankruptcy Court, on February 25, 2019, the Second Circuit issued an opinion vacating the District Court ET Decision and the Bankruptcy Court Comity Decision and remanding the case to this Court for further proceedings consistent with its ruling, *In re Picard*, No. 17-2992 (2d Cir. Feb 25, 2019), ECF No. 1311;

**WHEREAS**, on April 23, 2019, the Second Circuit stayed issuance of the mandate pending the disposition of a petition for writ of certiorari on its decision, *In re Picard*, No. 17-2992 (2d Cir. Feb. 25, 2019), ECF No. 1503;

**WHEREAS**, on August 29, 2019, the Defendants (among others) filed a petition for writ of certiorari with the Supreme Court;

**WHEREAS**, on July 17, 2019, the Trustee entered into a settlement agreement with the Kingate Funds, *Picard v. Ceretti, et al.*, Adv. Pro. No. 09-01161, ECF No. 413, Exhibit A (the "Kingate Settlement"), which the Bankruptcy Court approved pursuant to Federal Rule of Bankruptcy Procedure 9019 on August 6, 2019, ECF No. 417;

4

**WHEREAS**, the Kingate Settlement states that "the Trustee will neither assert any new claims nor seek recovery on previously filed claims against any subsequent transferee based on transfers initially made to the Kingate Funds;"

**WHEREAS**, the Trustee, by the terms of the Kingate Settlement, has agreed to voluntarily dismiss with prejudice the Kingate-Related Claims contained in Count IV of the operative Amended Complaint; and

**WHEREAS**, on January 23, 2020, the Bankruptcy Court issued a decision denying the Trustee's Motion for Leave to Amend (the "Decision Denying Leave to Amend") concerning the Proposed Second Amended Complaint, *Picard v. ABN AMRO (Ireland), et al.*, Adv. Pro. No. 10-5355 (SMB), ECF No. 188;

**WHEREAS**, the Parties have agreed to consent to the Bankruptcy Court's entry of final orders and judgments as it relates to the operative Amended Complaint consistent with Decision Denying Leave to Amend in this adversary proceeding;

Accordingly, for the reasons set forth in the Decision Denying Leave to Amend **IT IS HEREBY ORDERED** that:

1. The Bankruptcy Court has subject matter jurisdiction over this adversary proceeding under 28 U.S.C. § 1334(b) and (e)(1) and 15 U.S.C. § 78eee(b)(2)(A) and (b)(4).

2. The parties expressly and knowingly grant their consent for the Bankruptcy Court to enter final orders and judgments with respect to the Decision Denying Leave to Amend, whether the underlying claims are core under 28 U.S.C. § 157(b)(2) or non-core under 28 U.S.C. § 157(c)(2), subject to appellate review, including under 28 U.S.C. § 158.  Notwithstanding the above grant of consent, the Parties reserve all other jurisdictional, substantive, or procedural rights and remedies in connection with this adversary proceeding.

3. The Kingate-Related Claims are dismissed with prejudice based on the stipulation of the Parties.

4. The Motion for Leave to Amend under Federal Rule of Civil Procedure 15 is **DENIED** on the ground of futility.

5. The Amended Complaint is **DISMISSED** with prejudice.

**STIPULATION AS TO DISMISSAL OF KINGATE-RELATED CLAIMS:**

Dated: February 5, 2020

| **BAKER & HOSTETLER LLP** | **LATHAM & WATKINS LLP** |
|---|---|
| By: */s/* Elizabeth McCurrach | By: */s/* Christopher Harris |
| 45 Rockefeller Plaza | 885 Third Avenue |
| New York, New York 10111 | New York, NY 10022-4834 |
| Telephone: (212) 589-4200 | Tel. (212) 906-1200 |
| Facsimile: (212) 589-4201 | Christopher Harris |
| David J. Sheehan | Email: christopher.harris@lw.com |
| Email: dsheehan@bakerlaw.com | Thomas Giblin |
| Regina Griffin | Email: thomas.giblin@lw.com |
| Email: rgriffin@bakerlaw.com | *Attorneys for Defendants* |
| Elizabeth McCurrach | |
| Email: emccurrach@bakerlaw.com | |

*Attorneys for Irving H. Picard, Trustee for the
Substantively Consolidated SIPA Liquidation of
Bernard L. Madoff Investment Securities LLC
and the Estate of Bernard L. Madoff*

Dated: **February 5th**, 2020

                                           **SO ORDERED**

                                          **/s/ STUART M. BERNSTEIN**
                                          HON. STUART M. BERNSTEIN
                                          UNITED STATES BANKRUPTCY JUDGE