# EXHIBIT A

# SETTLEMENT AGREEMENT

This SETTLEMENT AGREEMENT (this "Agreement"), dated as of January 23, 2020, is made by and between IRVING H. PICARD (the "Trustee"), in his capacity as trustee under the Securities Investor Protection Act of 1970, 15 U.S.C. §§ 78aaa *et seq.*, as amended ("SIPA"[1]), for the liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") and the substantively consolidated chapter 7 estate of Bernard L. Madoff ("Madoff"), under the United States Bankruptcy Code, 11 U.S.C. §§ 701 *et seq.*, and JO ANN CRUPI ("Ms. Crupi") and JUDITH G. BOWEN ("Ms. Bowen") (Ms. Bowen and Ms. Crupi together, "Defendants", and Defendants together with the Trustee, the "Parties" and each Defendant and the Trustee, a "Party").

## RECITALS

A.  BLMIS and its predecessors were registered broker-dealers and members of the Securities Investor Protection Corporation ("SIPC").

B.  On December 11, 2008, Madoff was arrested by federal agents for violating criminal securities laws including securities fraud, investment adviser fraud, and mail and wire fraud. At a plea hearing on March 12, 2009, in the case captioned *United States v. Madoff*, No. 09-CR-213(DC), Madoff pleaded guilty to an 11-count criminal information filed against him by the United States Attorney's Office for the Southern District of New York, and admitted that he "operated a Ponzi scheme through the investment advisory side of [BLMIS]" and engaged in fraud in the operation of BLMIS.

C.  On December 11, 2008 (the "Filing Date"), the United States Securities and Exchange Commission (the "SEC") filed a complaint in the United States District Court for the Southern District of New York (the "District Court") against BLMIS and Madoff.

D.  On December 15, 2008, pursuant to section 78eee(a)(4)(A) of SIPA, the SEC consented to a combination of its own action with an application by SIPC. Thereafter, SIPC filed an application in the District Court under section 78eee(a)(3) of SIPA alleging, *inter alia*, that BLMIS was not able to meet its obligations to securities customers as they came due and, accordingly, its customers needed the protections afforded by SIPA. On December 15, 2008, the District Court granted SIPC's application and entered an order, which, in pertinent part, appointed the Trustee under section 78eee(b)(3) of SIPA, and removed the case to the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") under section 78eee(b)(4) of SIPA, where it is currently pending (No. 08-01789 (SMB)) (the "SIPA Proceeding"). The Trustee is duly qualified to serve and act on behalf of the substantively consolidated estate of BLMIS and Madoff (the "Estate").

E.  Ms. Crupi is a former employee of BLIMS. BLMIS hired Ms. Crupi in 1983 to work in the investment advisory side (the "IA") of BLMIS. She continued to work in the IA side of BLMIS through its collapse on the Filing Date. During the course of her employment, Ms. Crupi received a salary, bonus, and certain other compensation, benefits, and perquisites from

---

[1] Citations to sections of SIPA shall hereinafter omit reference to title 15.

BLMIS including, but not limited to, health care coverage, a company-issued cell phone, and use of BLMIS credit cards (collectively, "BLMIS Salary, Benefits & Perquisites").

F.	Ms. Crupi and Ms. Bowen were long time partners who married in 2009. They were customers of the IA business. Over the years, they held a direct or beneficial interest in each of the following six accounts (each, an "Account," and collectively, the "Accounts"): Account 1B0136 held by Ms. Bowen; Account 1B0227 held by NTC & Co. *fbo* Ms. Bowen; Account 1C1210 held by Ms. Crupi; Account 1C1277 held by Pensco Trust Co. *fbo* Ms. Crupi; Account 1ZR339 held by NTC & Co. *fbo* Ms. Bowen; and Account 1ZR340 held by NTC & Co. *fbo* Ms. Crupi (Accounts 1ZR339 and 1Z340, together, the "IRA Accounts").

G.	From the opening of the Accounts to the Filing Date, BLMIS transferred a total of $2,432,752 collectively from the Accounts to either Ms. Crupi or Ms. Bowen (the "Transfers"). Of this total, $2,317,752 was transferred in the six years prior to the Filing Date (the "Six-Year Transfers") and $827,000.00 was transferred in the two years prior to the Filing Date (the "Two-Year Transfers").

H.	In 2008, BLMIS made certain other transfers to third parties for the benefit of Ms. Crupi and Ms. Bowen, including: (i) a wire transfer in the amount of $475,000 to Guston & Guston, LLP on June 25, 2008, which was used to partially fund the purchase of a residence in Mantoloking, New Jersey (the "Mantoloking Residence"); (ii) a wire transfer in the amount of $2,225,000 to Guston & Guston, LLP on October 16, 2008, which was used, in part, to further fund the purchase of the Mantoloking Residence; and (iii) a transfer in the amount of $340,000 to Bank of America via check dated October 23, 2008, which was used to pay down a line of credit held by Ms. Crupi and Ms. Bowen (collectively, the "Other Transfers"). In or about April 2011, Bank of America returned monies back to the BLMIS Estate (the "BoA Payment") relating to the aforementioned $340,000 transfer. In or about August 2014, Ms. Crupi and Ms. Bowen agreed, as part of a larger forfeiture of assets, to forfeit the proceeds from the sale of the Mantoloking Residence to the United States. *United States v. 1081 Barnegat Lane*, No. 1:10-cv-04857, Dkt. 34 (S.D.N.Y. Aug. 1, 2014).

I.	On or about February 23, 2009, Ms. Crupi and Ms. Bowen filed the following customer claims in the SIPA Proceeding (each a "Customer Claim" and, collectively, the "Customer Claims"), claiming losses based on the market value of the securities and cash balances reflected on their last BLMIS customer statements for the Accounts (the "Last Statement Method"): (i) Ms. Bowen filed a Customer Claim for Account 1B0136, designated as Claim No. 003313; (ii) Ms. Crupi filed a Customer Claim for Account 1C1210, designated as Claim No. 003295; (iii) and Ms. Bowen filed Customer Claims for Account 1ZR339 designated as Claim Nos. 003311 and 003312; and (iv) Ms. Crupi filed Customer Claims for Account 1ZR340 designated as Claim Nos. 003294 and 003296;

J.	On October 19, 2009, the Trustee issued a notice of determination to Ms. Crupi (the "1C1210 Determination Notice") wherein he denied the Customer Claim for Account 1C1210 based on his determination that the Account had a negative "net equity," which he calculated by crediting the total amount deposited into the Account less the amounts withdrawn from the Account (the "Net Investment Method").

2

K.  On March 1, 2010, The Honorable Burton R. Lifland, United States Bankruptcy Judge, issued an opinion affirming the Trustee's use of the Net Investment Method in the determination of customer claims. On August 16, 2011, the United States Court of Appeals for the Second Circuit upheld the Trustee's use of the Net Investment Method to determine customer claims. On June 25, 2012, the United States Supreme Court denied petitions for certiorari.

L.  On November 12, 2010, the Trustee commenced an adversary proceeding against Ms. Crupi and Ms. Bowen, now captioned *Picard v. Crupi, et al.*, Adv. Pro. No. 10-04216 (SMB) (the "Adversary Proceeding"), asserting claims against Ms. Crupi and Ms. Bowen (the "Avoidance Claims") to avoid and recover, among other property, the BLMIS Salary, Benefits & Perquisites, the Other Transfers, the Two-Year Transfers, the Six-Year Transfers, and the Transfers under 11 U.S.C. §§ 544, 547, 548, 550 and 551, the New York Uniform Fraudulent Conveyance Act (New York Debtor and Creditor Law §§ 273–279), the New York Civil Procedure Law, and section 78fff-2(c)(3) of SIPA.

NOW, THEREFORE, in consideration for the covenants and agreements set forth in this Agreement, the receipt and sufficiency of which are hereby acknowledged for purposes of this Agreement, the Parties agree:

## AGREEMENT

1.  Recitals. The foregoing Recitals are hereby incorporated into, and are a material part

2.  Bankruptcy Court Approval. This Agreement is subject to, and shall become effective and binding on the Parties upon, the Bankruptcy Court's approval of this Agreement in the SIPA Proceeding by an order that is no longer subject to appeal, review or rehearing which, pursuant to Rule 8002(a)(1) of the Federal Rules of Bankruptcy Procedure, is fourteen days after the order's entry (the "Effective Date"). The Trustee shall use his reasonable efforts to obtain such approval as promptly as practicable after the date of this Agreement. If the Bankruptcy Court does not approve this Agreement, the Parties shall use their reasonable efforts to renegotiate the terms of this Agreement to address any issues raised by the Court and if they are able to agree on the terms of a new agreement, they shall present such agreement to the Bankruptcy Court for approval. If they are unable to agree upon the terms of a new agreement, (i) this Agreement shall be void, (ii) all of the statements, admissions, consents, and agreements in this Agreement shall terminate and be void, and (iii) and no Party may use or rely on any such statement, admission, consent, and agreement in any public statement or litigation involving the SIPA Proceeding, any case or proceeding relating to the SIPA proceeding, or any case or proceeding..

3.  Settlement Payment. Ms. Crupi and Ms. Bowen shall, by wire transfer of immediately available funds to the account specified on Schedule 1 attached hereto, pay to the Trustee the aggregate amount of Seventy Five Thousand United States Dollars ($75,000.00) (the "Settlement Payment") as follows: (i) Twenty Five Thousand Dollars ($25,000.00.00) within ten (10) business days of the Effective Date; (ii) Twenty Five Thousand Dollars ($25,000.00.00) on or before December 31, 2020; and (iii) Twenty Five Thousand Dollars ($25,000.00.00) on or before December 31, 2021.

3

4. <u>Allowance and Assignment of Customer Claims</u>. On the Effective Date, the Customer Claim No. 003313 relating to Account 1B0136 shall be allowed in the amount of Fifty Four Thousand Six Hundred and Forty Seven United States Dollars and Ninety Four Cents ($54,647.94), the Customer Claim Nos. 003311 and 003312 relating to Account 1ZR339 shall be allowed in the amount of Two Hundred and Four Thousand Eight Hundred and Twenty Five United States Dollars and Ninety Cents ($204,825.90), and the Customer Claim Nos. 003294 and 003296 for Account 1ZR340 shall be allowed in the amount of Two Hundred Twenty Seven Thousand One Hundred and Eight Three United States Dollars and Zero Cents ($227,183.00) (collectively the "<u>Allowed Claims</u>"). The Trustee shall, on the Effective Date, issue letters of determination with respect to the each of the Allowed Claims in the form attached hereto as <u>Exhibit 1</u> (the "<u>Determinations</u>"). On the Effective Date, each of the Determinations shall be final and not subject to dispute, and Ms. Crupi and Ms. Bowen each hereby waive the thirty-day objection period for the Determinations. Each of the Allowed Claims shall each be satisfied by funds advanced by SIPC under section 78fff-3(a)(1) of SIPA. Ms. Crupi and Ms. Bowen hereby convey, assign, endorse, and transfer to the Trustee all their rights under the Determinations and the Allowed Claims including, but not limited to, their right to receive the SIPC advances relating to the Allowed Claims.

5. <u>Further Customer Claim</u>. The 1C1210 Determination Notice for Claim No. 003295 for Account 1C1210 shall continue in full force and effect, and shall be deemed final and not subject to dispute.

6. <u>Cooperation</u>. Ms. Crupi agrees to cooperate with the Trustee and SIPC in connection with any efforts to recover Customer Property (as that term is defined in section 78lll(4) of SIPA) from the principals or agents of BLMIS, the customers of BLMIS or anyone else. Ms. Crupi's cooperation shall include making herself reasonably available to the Trustee, his counsel, and his agents to be interviewed and, if requested, to appear in pending or future adversary proceedings and to provide truthful and complete testimony without the need for the Trustee to serve a subpoena or use other process to compel her attendance. Ms. Crupi's obligation to cooperate shall terminate upon the date the Estate is closed pursuant to section 350 of the Bankruptcy Code.

7. <u>Discontinuance of Adversary Proceeding</u>. Within ten (10) business days after the Effective Date, the Parties shall file a stipulation to be so-ordered by the Bankruptcy Court that discontinues the Adversary Proceeding without prejudice on terms that there be no orders for costs against any of the Parties.

8. <u>Release by Trustee</u>. On the Effective Date, the Trustee, on behalf of BLMIS and the consolidated estates, releases, acquits, and forever discharges Ms. Crupi and Ms. Bowen from any and all past, present or future actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, damages, judgments, and claims whatsoever, asserted or unasserted, known or unknown, arising out of, or in any way related to Madoff or BLMIS, including, without limitation, the claims asserted by the Trustee against Ms. Crupi and Ms. Bowen in the Adversary Proceeding. Notwithstanding the foregoing, the Trustee does not release any claim that he may have to enforce any obligation that Ms. Crupi or Ms. Bowen may have under the

4

terms of this Agreement or for any damages caused by any misrepresentation made by Ms. Crupi or Ms. Bowen in this Agreement.

9. **Releases by Defendants.** On the Effective Date, Ms. Crupi and Ms. Bowen each release, acquit, and forever discharge SIPC, the Trustee and his professionals, agents and consultants, Madoff, BLMIS, and the consolidated estates from any and all past, present or future actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, damages, judgments, and claims whatsoever, asserted or unasserted, known or unknown, arising out of or in any way related to Madoff or BLMIS. Notwithstanding the foregoing, Ms. Crupi and Ms. Bowen do not release any claim that either may have to enforce any obligation that the Trustee may have under the terms of this Agreement or for any damages caused by any misrepresentation made by the Trustee in this Agreement.

10. **Authority and Representations of the Trustee.** Subject to the approval of the Bankruptcy Court, the Trustee hereby represents that he has the full power, authority, and legal right to execute and deliver, and to perform his obligations under this Agreement, and has taken all necessary action to authorize the execution and delivery of, and the performance of his obligations under, this Agreement.

11. **Authority of Defendants Individually.** Each of Ms. Crupi and Ms. Bowen represents and warrants to the Trustee that: (i) she has the full power, authority, legal right, and capacity to execute and deliver this Agreement and to perform her obligations hereunder; (ii) this Agreement has been duly executed and delivered by her, and constitutes a valid and binding agreement, enforceable against her in accordance with its terms; (iii) in executing this Agreement, she has done so with the full knowledge of any and all rights that she may have with respect to the controversies herein compromised, and she has received or has obtained independent legal advice from her counsel with regard to the facts relating to said controversies and with respect to the rights arising out of said facts; and (iv) no other person or entity has any interest in the matters that she releases herein, and she has not assigned or transferred or purported to assign or transfer to any third person or party all or any portion of the matters that she releases herein.

12. **Authority of Defendants as IRA Beneficiaries.** Each of Ms. Crupi and Ms. Bowen, in her capacity as as beneficial interest holders of an IRA Account and/or the assets thereof, represents and warrants to Trustee, that: (i) she has the full power, authority and legal right to execute and deliver for and on behalf of NTC & Co. as the former custodian of the IRA Account; (ii) the execution and delivery of this Agreement and the performance by her of her obligations hereunder as beneficial holder of the IRA Account and/or the assets thereof have been duly and validly authorized by all necessary action; (iii) this Agreement has been duly executed and delivered by her as the beneficial holder of the IRA Account and/or the assets thereof and constitutes the valid and binding agreement, enforceable against the IRA Account and, as appropriate, against NTC & Co. (and all predecessors and/or successors thereto) as the former custodian of the IRA Account; (iv) in executing this Agreement, she has done so with the full knowledge of any and all rights that she, as holder of the IRA Account and/or the assets thereof, may have with respect to the controversies herein compromised, and she has received or has had the opportunity to obtain independent legal advice from her counsel with regard to

5

the facts relating to said controversies and with respect to the rights arising out of said facts; and (v) no other person or entity has any interest in the matters that she, as holder of the IRA Account and/or the assets thereof, releases herein, and she has not assigned or transferred or purported to assign or transfer to any third person or party all or any portion of the matters that she releases herein.

13. <u>Defendants' Further Representations</u>. To induce the Trustee to enter into this Agreement, each of Ms. Crupi and Ms. Bowen represents and warrants, to the best of her knowledge, information, and belief, that: (1) other than the Transfers, Other Transfers, and the BLMIS Salary, Benefits & Perquisites, she has not received any other money, funds, loans, transfers, assets, financial assistance or financial accommodation from Madoff, BLMIS or any other company or entity owned or controlled by Madoff or BLMIS; (2) she is not an immediate, mediate or subsequent transferee of any other transfers, funds or property originating from Madoff or BLMIS to any other initial transferee; and (3) other than the claims asserted in the Adversary Proceeding, she is not aware of any other potential claims against her by Madoff, BLMIS or any other company or entity owned or controlled by Madoff or BLMIS.

14. <u>Parties' Further Assurances</u>. The Parties shall execute and deliver any document or instrument reasonably requested by any other Party after the date of this Agreement to give effect to its intent.

15. <u>Exclusive Jurisdiction</u>. Any dispute between the Parties arising from, relating to, or in connection with this Agreement, may be brought only in the Bankruptcy Court, which may then enter a final award and/or judgment relating to any such dispute. Prior to seeking any relief from the Bankruptcy Court, the petitioning Party must first provide the other Parties with written notice of the alleged breach of this Agreement and provide the alleged breaching Party thirty (30) days in which to cure the alleged breach. Each Party further agrees to waive any and all defenses to the enforceability of an award or judgment entered by the Bankruptcy Court under this Section in any action brought by any Party to enforce the award or judgment.

16. <u>Entire Agreement</u>. This Agreement constitutes the entire agreement and understanding between and among the Parties, and supersedes all prior agreements, representations, and understandings concerning the subject matter hereof.

17. <u>Amendments, Waiver</u>. This Agreement may not be terminated, amended or modified in any way except as set forth herein. Material modifications to this Agreement must be in a writing signed by all the Parties and are subject to approval from the Bankruptcy Court. Non-material modifications must be in a writing signed by all Parties. No waiver of any provision of this Agreement shall be deemed to constitute a waiver of any other provision hereof, whether or not similar, nor shall such waiver constitute a continuing waiver.

18. <u>Assignability</u>. This Agreement, including any rights arising under this Agreement, may not be assigned by Ms. Crupi or Ms. Bowen without the Trustee's prior written consent. The Trustee need not obtain the consent of either Ms. Crupi or Ms. Bowen to assign or otherwise transfer this Agreement or any of his rights under this Agreement.

19. <u>Successors Bound</u>. This Agreement shall be binding upon and inure to the benefit of each of the Parties, their successors, and their permitted assigns.

20. <u>Applicable Law</u>. This Agreement shall be construed and enforced in accordance with the laws of New York State without regard to its conflict of law provisions that would result in the application of the law of another jurisdiction. Each Party waives, on behalf of itself and any successors and assigns, any and all right to argue that the choice of New York law provision is or has become unreasonable in any legal proceeding.

21. <u>Captions and Rules of Construction</u>. The captions in this Agreement are inserted only as a matter of convenience and for reference, and do not define, limit or describe the scope of this Agreement or the scope or content of any of its provisions. Any reference in this Agreement to a section is to a section of this Agreement. "<u>Includes</u>" and "<u>including</u>" are not limiting.

22. <u>Counterparts; Electronic Copy of Signatures</u>. This Agreement may be executed and delivered in any number of counterparts, each of which so executed and delivered shall be deemed to be an original and all of which shall constitute one and the same document. The Parties may evidence their execution of this Agreement by delivery to the other Parties of scanned or faxed copies of their signatures, with the same effect as the delivery of an original signature.

23. <u>Negotiated Agreement.</u> This Agreement has been fully negotiated by the Parties. Each Party acknowledges and agrees that this Agreement has been drafted jointly, and the rule that ambiguities in an agreement or contract may be construed against the drafter shall not apply in the construction or interpretation of this Agreement.

24. <u>Severability.</u> In the event that any term or provision of this Agreement or any application thereof is deemed to be invalid or unenforceable, the remainder of this Agreement and any other application of such term or provision shall not be affected thereby.

25. <u>Notices</u>. Any notices under this Agreement shall be in writing, shall be effective when received, and may be delivered only by hand, by overnight delivery service, by fax, or by electronic transmission to:

If to the Trustee:

David J. Sheehan, Esq.
Baker & Hostetler LLP
45 Rockefeller Center
New York, New York 10111
F: (212) 589-4201
E: dsheehan@bakerlaw.com

If to Defendants:

Eric R. Breslin, Esq.
Duane Morris LLP
1027 Raymond Boulevard, Suite 1800
Newark, New Jersey 07102-5429
F: (917) 556-1552
E: ebreslin@duanemorris.com

[BALANCE OF PAGE LEFT INTENTIONALLY BLANK]

7

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed as of the date first above written.

_____
IRVING H. PICARD, *solely as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC under the Securities Investor Protection Act of 1970, as amended, and the substantively consolidated Chapter 7 estate of Bernard L. Madoff, without personal liability*

_____
JO ANN CRUPI, *individually and as the beneficial owner and/or holder of the assets of IRA Account 1ZR340*

_____
JUDITH G. BOWEN, *individually and as the beneficial owner and/or holder of the assets of IRA Account 1ZR339*

8

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed as of the date first above written.

> IRVING H. PICARD, *solely as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC under the Securities Investor Protection Act of 1970, as amended, and the substantively consolidated Chapter 7 estate of Bernard L. Madoff, without personal liability*

> *[signature]*
> JO ANN CRUPI, *individually and as the beneficial owner and/or holder of the assets of IRA Account 1ZR340*

> *[signature]*
> JUDITH G. BOWEN, *individually and as the beneficial owner and/or holder of the assets of IRA Account 1ZR339*

8

## SCHEDULE AND EXHIBITS
## TO SETTLEMENT AGREEMENT

SCHEDULE 1        WIRE INSTRUCTIONS

EXHIBIT 1         DETERMINATION LETTERS

## **SCHEDULE 1**

Wiring Instructions
Citi Private Bank
153 East 53rd Street, 23rd Floor
New York, New York 10022
ABA No.:
Swift Code:
Account Name:

Account No.:



# BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

## DECEMBER 11, 2008[1]

### NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM

_____, 2020

Jo Ann Crupi
[redacted]

Dear Ms. Crupi:

**PLEASE READ THIS NOTICE CAREFULLY.**

The liquidation of the business of BERNARD L. MADOFF INVESTMENT SECURITIES LLC ("BLMIS") is being conducted by Irving H. Picard, Trustee under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), pursuant to an order entered on December 15, 2008 by the United States District Court for the Southern District of New York.

The Trustee has made the following determination regarding your claims on BLMIS Account No. 1ZR340, designated as Claim Nos. 003294 and 003296 (the latter of which is duplicate of the former) and combined (the "Combined Claim") for purposes of this determination. This letter shall serve as the Trustee's determination with respect to the Combined Claim:

Your Combined Claim for any cash balance and securities is **DENIED**. No securities were ever purchased for your account.

Your Combined Claim for BLMIS Account No. 1ZR340, and the Trustee's claims against you in *Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC v. Crupi, et al.*, Adv. Pro. No. 10-04216, have been settled on the terms and subject to the conditions set forth in that certain **SETTLEMENT AGREEMENT**, dated as of January 23, 2020 between you and the Trustee, amongst others, and approved by the Bankruptcy Court by Order entered _____, 2020.

---

[1] Section 78lll(7)(B) of SIPA states that the filing date is "the date on which an application for a protective decree is filed under 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court "in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced before the date on which such application was filed, the term 'filing date' means the date on which such proceeding was commenced." Section 78lll(7)(B). Thus, even though the Application for a protective decree was filed on December 15, 2008, the Filing Date in this action is on December 11, 2008.

Pursuant to the terms of and solely for purposes of the **SETTLEMENT AGREEMENT**, your claim was **ALLOWED** for $227,183.00 (your "**ALLOWED CLAIM**") which you simultaneously assigned and transferred to the Trustee pursuant to the terms of the **SETTLEMENT AGREEMENT**.

All payments in satisfaction of your **ALLOWED CLAIM** will be made pursuant to the terms of the **SETTLEMENT AGREEMENT**.

                                                Irving H. Picard

                              Trustee for the Liquidation of the Business of
                              Bernard L. Madoff Investment Securities LLC

cc:    Eric R. Breslin, Esq.
        Duane Morris LLP
        1027 Raymond Boulevard, Suite 1800
        Newark, New Jersey 07102-5429

2

## 23BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

### DECEMBER 11, 2008[1]

### NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM

_____, 2020

Judith G. Bowen
■■■■■■■■■■■■■■■■■■■■■

Dear Ms. Bowen:

**PLEASE READ THIS NOTICE CAREFULLY.**

The liquidation of the business of BERNARD L. MADOFF INVESTMENT SECURITIES LLC ("BLMIS") is being conducted by Irving H. Picard, Trustee under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), pursuant to an order entered on December 15, 2008 by the United States District Court for the Southern District of New York.

The Trustee has made the following determination regarding your claims on BLMIS Account No. 1ZR339, designated as Claim Nos. 003311 and 003312 (the latter of which is duplicate of the former) and combined (the "Combined Claim") for purposes of this determination. This letter shall serve as the Trustee's determination with respect to the Combined Claim:

Your Combined Claim for any cash balance and securities is **DENIED**. No securities were ever purchased for your account.

Your Combined Claim for BLMIS Account No. 1ZR339, and the Trustee's claims against you in *Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC v. Crupi, et al.*, Adv. Pro. No. 10-04216, have been settled on the terms and subject to the conditions set forth in that certain **SETTLEMENT AGREEMENT**, dated as of January 23, 2020 between you and the Trustee, amongst others, and approved by the Bankruptcy Court by Order entered _____, 2020.

---

[1] Section 78*lll*(7)(B) of SIPA states that the filing date is "the date on which an application for a protective decree is filed under 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court "in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced before the date on which such application was filed, the term 'filing date' means the date on which such proceeding was commenced." Section 78*lll*(7)(B). Thus, even though the Application for a protective decree was filed on December 15, 2008, the Filing Date in this action is on December 11, 2008.

Pursuant to the terms of and solely for purposes of the **SETTLEMENT AGREEMENT**, your claim was **ALLOWED** for $204,825.90 (your "**ALLOWED CLAIM**") which you simultaneously assigned and transferred to the Trustee pursuant to the terms of the **SETTLEMENT AGREEMENT**.

All payments in satisfaction of your **ALLOWED CLAIM** will be made pursuant to the terms of the **SETTLEMENT AGREEMENT**.

Irving H. Picard

Trustee for the Liquidation of the Business of
Bernard L. Madoff Investment Securities LLC

cc:  Eric R. Breslin, Esq.
     Duane Morris LLP
     1027 Raymond Boulevard, Suite 1800
     Newark, New Jersey 07102-5429

2

**BERNARD L. MADOFF INVESTMENT SECURITIES LLC**

In Liquidation

**DECEMBER 11, 2008**[1]

**NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM**

_____, 2020

Judith G. Bowen

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

Dear Ms. Bowen:

**PLEASE READ THIS NOTICE CAREFULLY.**

The liquidation of the business of BERNARD L. MADOFF INVESTMENT SECURITIES LLC ("BLMIS") is being conducted by Irving H. Picard, Trustee under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), pursuant to an order entered on December 15, 2008 by the United States District Court for the Southern District of New York.

The Trustee has made the following determination regarding your claim on BLMIS Account No. 1B0136, designated as Claim No. 003313:

Your Claim for any cash balance and securities is **DENIED**. No securities were ever purchased for your account.

Your Claim for BLMIS Account No. 1B0136, and the Trustee's claims against you in *Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC v. Crupi, et al.*, Adv. Pro. No. 10-04216, have been settled on the terms and subject to the conditions set forth in that certain **SETTLEMENT AGREEMENT**, dated as of January 23, 2020 between you and the Trustee, amongst others, and approved by the Bankruptcy Court by Order entered _____, 2020.

Pursuant to the terms of and solely for purposes of the **SETTLEMENT AGREEMENT**, your claim was **ALLOWED** for $54,647.94 (your "**ALLOWED CLAIM**") which you

---

[1] Section 78*lll*(7)(B) of SIPA states that the filing date is "the date on which an application for a protective decree is filed under 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court "in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced before the date on which such application was filed, the term 'filing date' means the date on which such proceeding was commenced." Section 78*lll*(7)(B). Thus, even though the Application for a protective decree was filed on December 15, 2008, the Filing Date in this action is on December 11, 2008.

simultaneously assigned and transferred to the Trustee pursuant to the terms of the **SETTLEMENT AGREEMENT**.

All payments in satisfaction of your **ALLOWED CLAIM** will be made pursuant to the terms of the **SETTLEMENT AGREEMENT**.

                                                Irving H. Picard

Trustee for the Liquidation of the Business of
Bernard L. Madoff Investment Securities LLC

cc:   Eric R. Breslin, Esq.
      Duane Morris LLP
      1027 Raymond Boulevard, Suite 1800
      Newark, New Jersey 07102-5429

2