# EXHIBIT B

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: DEC 1 6 2014
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
                                            :
UNITED STATES OF AMERICA                    :
                                            :    PRELIMINARY ORDER OF
         -v.-                               :    FORFEITURE AS TO SPECIFIC
                                            :    PROPERTY/MONEY JUDGMENT
JOANN CRUPI,                                :
         a/k/a "Jodi,"                      :    S10 10 CR. 228 (LTS)
                                            :
                        Defendant.          :
                                            :
------------------------------------------------------x

WHEREAS, on or about July 29, 2013, JOANN CRUPI a/k/a "Jodi" (the "defendant"), among others, was charged in a thirty-three-count Superseding Indictment, S10 10 CR. 228 (LTS) (the "Indictment"), with conspiracy to defraud Madoff Securities investment advisory clients, in violation 18 U.S.C. § 371 (Count One); conspiracy to commit securities fraud and to falsify books and records relating to audits of Madoff securities, in violation of 18 U.S.C. § 371 (Count Two); two counts of securities fraud, in violation of 15 U.S.C. §§ 78j(b) and 78ff; 17 C.F.R. § 240.240.10b-5; 18 U.S.C. § 2 (Counts Six and Seven); two counts of falsifying records of a broker-dealer in violation of 15 U.S.C. §§ 78q(a) and 78ff; 17 C.F.R. §§ 240.17a-3; 18 U.S.C. § 2 (Counts Nine and Ten); two counts of falsifying records of an investment adviser in violation of 15 U.S.C. §§ 80b-4 and 80b-17; 17 C.F.R. §§ 275.204-2; and 18 U.S.C. § 2 (Counts Twelve and Thirteen); conspiracy to commit bank fraud in violation of 18 U.S.C. § 1349 (Count Sixteen); bank fraud in violation of 18 U.S.C. § 1344 and 2 (Count Seventeen); and three counts of tax evasion in violation of 26 U.S.C. § 7201 (Counts Thirty-One through Thirty-Three);

WHEREAS, the Indictment included a forfeiture allegation, seeking forfeiture to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, of all property, real and personal, that constitutes or is derived, directly or indirectly, from proceeds traceable to the

08-01789-cgm    Doc 19354-3    Filed 02/28/20    Entered 02/28/20 16:14:09    Exhibit B -
Preliminary Order of Forfeiture    Pg 3 of 9
Case 1:10-cr-00228-LTS    Document 1224    Filed 12/16/14    Page 2 of 8

commission of the offenses charged in Counts One, Two, Six, Seven, Nine, and Ten of the Indictment, including, but not limited to, a sum of money representing the amount of proceeds obtained as a result of the said offenses, to wit, approximately $170 billion, and all property traceable thereto, for which the defendants are jointly and severally liable; and a forfeiture allegation, pursuant to 18 U.S.C. § 982, seeking forfeiture of all property constituting or derived from proceeds obtained directly or indirectly as a result of the offenses charged in Counts Sixteen and Seventeen of the indictment, and all property traceable to such property, including but not limited to a sum of money representing the amount of proceeds obtained as a result of the said offenses, to wit, approximately $3,585,000, and all property traceable thereto;

WHEREAS, on or about March 24, 2014, the jury returned a guilty verdict against the defendant as to Counts One, Two, Six, Seven, Nine, Ten, Twelve, Thirteen, Sixteen, Seventeen, and Thirty-One through Thirty-Three of the Indictment; [handwritten: $33,947,549,355]

WHEREAS, the Court finds the United States is entitled to a money judgment in the amount of $158,641,153,591 [struck through, handwritten correction] in United States currency, representing the proceeds obtained as a result of the offenses charged in Counts One, Two, Six, Seven, Nine, and Ten of the Indictment pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982, and 28 U.S.C. § 2461, and a money judgment in the amount of $3,417,804.26 in United States currency, representing the proceeds obtained as a result of the offenses charged in Counts Sixteen and Seventeen, pursuant to 18 U.S.C. § 982;

WHEREAS, the Court finds that the assets identified in Schedule A attached hereto (the "Specific Property") constitute or are derived from proceeds traceable to the commission of the offenses charged in Counts One, Two, Six, Seven, Nine, Ten, Sixteen and Seventeen of the Indictment;

2

Case 1:10-cr-00228-LTS Document 1224 Filed 12/16/14 Page 3 of 8

IT IS HEREBY ORDERED THAT: $33,947,549,355 *[handwritten]*

1. As a result of the offenses charged in Counts One, Two, Six, Seven, Nine, and Ten of the Indictment, of which the defendant was found guilty following a jury trial, a money judgment in the amount of ~~$158,641,153,591~~ in United States currency (the "First Money Judgment") shall be entered against the defendant, for which she shall be jointly and severally liable as to any forfeiture money judgment entered against her codefendants in this case, DANIEL BONVENTRE, ANNETTE BONGIORNO, JEROME O'HARA, GEORGE PEREZ, ERIC S. LIPKIN, DAVID L. KUGEL, ENRICA COTELESSA-PITZ, CRAIG KUGEL, IRWIN LIPKIN, PETER MADOFF, and PAUL J. KONIGSBERG, as well as any forfeiture money judgment entered against BERNARD L. MADOFF in *United States* v. *Madoff*, 09 Cr. 213 (DC), DAVID G. FRIEHLING in *United States* v. *Friehling*, 09 Cr. 700 (AKH), and FRANK DIPASCALI in *United States* v. *DiPascali*, 09 Cr. 764 (RJS) (S.D.N.Y.).

2. As a result of the offenses charged in Counts Sixteen and Seventeen of the Indictment, of which the defendant was found guilty following a jury trial, a money judgment in the amount of $3,417,804.26 in United States currency (the "Second Money Judgment") shall be entered against the defendant.

3. As a result of the offenses charged in Counts One, Two, Six, Seven, Nine, Ten, Sixteen, and Seventeen of the Indictment, all of the defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853. *[handwritten: See RIDER]*

4. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, upon entry of this Preliminary Order of Forfeiture as to Specific Property/Money Judgment at sentencing, this Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final

3

Rider for Crupi Preliminary Order of Forfeiture dated December 15, 2014
(substituted for existing paragraph 3)
10 CR 228 - LTS

3. Subject to the following sentence, as a result of the offenses charged in Counts One, Two, Six, Seven, Nine, Ten, Sixteen and Seventeen of the Indictment, all of the defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853. The Specific Property so forfeitable is limited to such property acquired on or after January 1, 2002, with funds transferred by Madoff Securities to or for the benefit of the defendant on or after January 1, 2002.

*[signature]* 12/15/14

Laura Taylor Swain
United States District Judge

as to the defendant, JOANN CRUPI, a/k/a "Jodi," and shall be deemed part of the sentence of the defendant, and shall be included in the judgment of conviction therewith.

5.  Upon entry of this Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States Marshals Service is authorized to seize the Specific Property and hold the Specific Property in its secure custody and control, with the exception of any inhabited residences.

6.  Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States shall publish for at least thirty (30) consecutive days on the official government internet forfeiture site, www.forfeiture.gov, notice of this Preliminary Order of Forfeiture as to Specific Property/Money Judgment. Any person, other than the defendant in this case, claiming an interest in the Specific Property must file a petition within sixty (60) days from the first day of publication of the notice on this official government internet site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

7.  This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title and interest in the Specific Property and any additional facts supporting the petitioner's claim and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

8.  Pursuant to Rule 32.2(b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

4

9. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n) and Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure, in which all third-party interests will be addressed. If finally forfeited to the United States, the Specific Property and the Civil Forfeiture Property shall be applied in partial satisfaction of the Money Judgments.

10. All payments on the outstanding Money Judgments shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Asset Forfeiture Unit, One St. Andrew's Plaza, New York, New York 10007, and shall indicate the defendant's name and case number.

11. Upon execution of this Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and pursuant to Title 21, United States Code, Section 853, the United States Marshals Service shall be authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

12. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

13. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, upon entry of this Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas, pursuant to Rule 45 of the Federal Rules of Civil Procedure.

14. The Clerk of the Court shall forward three certified copies of this Preliminary Order of Forfeiture as to Specific Property/Money Judgment to Assistant United States Attorney Paul M. Monteleoni, Money Laundering and Asset Forfeiture Unit, One St. Andrew's Plaza, New York, New York, 10007.

SO ORDERED:

_____
HONORABLE LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE

12/15/2014
DATE

6

## SCHEDULE A

The Court finds that the following assets (the "Specific Property") are subject to forfeiture:

a. THE PROCEEDS OF THE SALE OF THE REAL PROPERTY AND APPURTENANCES KNOWN AS 1081 BARNEGAT LANE, MANTOLOKING, NEW JERSEY, 08738, SHOWN ON THE MUNICIPAL TAX MAP OF THE BOROUGH OF MANTOLOKING, OCEAN COUNTY, NEW JERSEY, AS LOT 33, BLOCK 24 (the "Mantoloking Funds");

b. 63 PERCENT OF THE VALUE OF THE REAL PROPERTY AND APPURTENANCES KNOWN AS 436 GROVE STREET, WESTFIELD, NEW JERSEY, 07090, SHOWN ON THE TAX MAP OF THE TOWNSHIP OF WESTFIELD, UNION COUNTY, NEW JERSEY, AS BLOCK 4204, LOT 8.02 (the "Westfield Property");

c. 49 PERCENT OF THE VALUE OF ALL FUNDS OR OTHER PROPERTY HELD IN ACCOUNT NO. 785-870624 AT TD AMERITRADE, HELD IN THE NAME OF JUDITH GAIL BOWEN (the "0624 Account");

d. $978.54 ON DEPOSIT IN ACCOUNT NO. 7850351268 AT TD BANK, HELD IN THE NAME OF JO ANN CRUPI OR JUDITH G. BOWEN (the "1268 Account");

e. ALL FUNDS ON DEPOSIT IN ACCOUNT NO. 7870002792 AT TD BANK, HELD IN THE NAME OF JUDITH G. BOWEN (the "2792 Account");

f. 80 PERCENT OF THE VALUE OF ALL FUNDS OR OTHER PROPERTY HELD IN IRA ACCOUNT NO. 786-065391 AT TD AMERITRADE, HELD IN THE NAME OF JO ANN CRUPI (the "5391 Account");

g. $3990.62 HELD ON ACCOUNT FOR JOANN CRUPI BY DUANE MORRIS LLP, ONE RIVERFRONT PLAZA, 1037 RAYMOND BOULEVARD, SUITE 1800, NEWARK, NJ 07102-5429 EXCEPT FOR THOSE FUNDS EARNED BUT NOT DRAWN AS OF DECEMBER 21, 2010 (the "Duane Morris Funds");

and all property traceable thereto.