# EXHIBIT C

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>      Plaintiff-Applicant,<br>v.<br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>      Defendant. | SIPA LIQUIDATION<br><br>No. 08-01789 (SMB)<br><br>(Substantively Consolidated) |
| In re:<br>BERNARD L. MADOFF,<br><br>      Debtor, | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff,<br><br>      Plaintiff,<br>v.<br>JO ANN CRUPI and JUDITH BOWEN,<br><br>      Defendants. | Adv. Pro. No. 10-04216 (SMB) |

**DECLARATION OF IRVING H. PICARD, TRUSTEE, IN SUPPORT OF MOTION FOR ENTRY OF ORDER, PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND RULES 2002 AND 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, APPROVING SETTLEMENT AGREEMENT**

1.    I am the trustee (the "Trustee") for the liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa *et seq.*, and the substantively consolidated chapter 7 estate of Bernard L. Madoff (together with BLMIS, the "Debtors"). I am familiar with the affairs of the Debtors. I respectfully submit this

Declaration in support of the motion (the "Motion") seeking entry of an order, pursuant to section 105(a) of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*, and Rules 2002 and 9019 of the Federal Rules of Bankruptcy Procedure, approving the settlement agreement (the "Agreement") by and between the Trustee, on the one hand, and Jo Ann Crupi and Judith Bowen (the "Defendants"), on the other hand.

2. I make this Declaration based upon my own personal knowledge or upon information I believe to be true.

3. I believe the terms of the Agreement fall well within the range of reasonableness and, accordingly, this Court should approve the Agreement. The Agreement, which was extensively negotiated, resolves all issues regarding the asserted and unasserted claims between the Trustee and the Defendants without the need for protracted and costly litigation, the outcome of which is uncertain. Litigating the claims would undoubtedly be complex, create further delay, and would involve litigation risks associated with the unique facts of this case.

4. The Agreement furthers the interests of BLMIS customers by adding more than $500,000.00 to the fund of customer property, which exceeds the amount of fictitious profits which the Defendants received from BLMIS from their investment advisory accounts over the years. In the Agreement, Jo Ann Crupi also has agreed to cooperate in the Trustee's prosecution of his remaining adversary proceedings before this Court.

5. Give the complexities involved in proceeding with further litigation, I have determined, in my business judgment, that the Agreement represents a fair compromise of the claims against the Defendants.

4814-9438-3798.2

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 27, 2020.

_____
Irving H. Picard, Trustee

Sworn and subscribed before me this
27th day of February, 2020.

_____
Notary Public

SONYA M. GRAHAM
Notary Public, State of New York
No. 01GR6133214
Qualified in Westchester County
Commission Expires: 9/12/2021

4814-9438-3798.2