Peter S. Partee, Sr.
Robert A. Rich
Sherli M. Furst
**HUNTON ANDREWS KURTH LLP**
200 Park Avenue
New York, New York 10166
(212) 309-1000

*Attorneys for Defendants Edward A. Zraick, Jr.,
Nancy Zraick, Patricia DeLuca, and Karen M. Rich*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br> Plaintiff-Applicant, <br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br> Defendant. | Adv. Pro. No. 08-01789 (SMB) <br><br> SIPA LIQUIDATION <br><br> (Substantively Consolidated) |
| In re: <br><br> BERNARD L. MADOFF, <br><br> Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, <br><br> Plaintiff, <br> v. <br><br> Edward A. Zraick, Jr., *et al.*, <br><br> Defendants. | Adv. Pro. No. 10-05257 (SMB) <br><br><br> **Hearing Date: TBD** <br> **Objection Deadline: TBD** |

**ZRAICK DEFENDANTS' MOTION IN LIMINE TO
STRIKE THE "SUPPLEMENTAL" EXPERT REPORTS OF
<u>BRUCE G. DUBINSKY AND LISA M. COLLURA</u>**

## TABLE OF CONTENTS

I. PRELIMINARY STATEMENT .................................................................................................. 1

II. RELEVANT BACKGROUND ................................................................................................. 2

    A. The Complaint and Remaining Claims Against Defendants ..................................... 2

    B. Close of Expert Discovery and the February 15 Decision ......................................... 3

    C. Service of "Supplemental" Expert Reports ................................................................ 5

III. RELIEF REQUESTED .......................................................................................................... 5

IV. BASIS FOR RELIEF REQUESTED ..................................................................................... 5

    A. The Duty to Supplement Under Federal Rule 26(e) Does Not
       Permit the Trustee to Disregard Expert Discovery Deadlines ................................. 5

    B. The Supplemental Reports Wildly Exceed the Boundaries of Federal Rule 26(e) .... 6

    C. Exclusion of the Supplemental Reports is the Appropriate Remedy ....................... 10

V. CONCLUSION ..................................................................................................................... 13

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Apple, Inc. v. Motorola Mobility, Inc.*,
2012 WL 5416941 (W.D. Wis. Oct. 29, 2012) ...........................................................................7

*Engler v. MTD Prod., Inc.*,
304 F.R.D. 349 (N.D.N.Y. 2015) ...............................................................................................7

*Highland Capital Mgmt., L.P. v. Schneider*,
379 F. Supp. 2d 461 (S.D.N.Y. 2005) ......................................................................................10

*In re Kreta Shipping, S.A.*,
181 F.R.D. 273 (S.D.N.Y. 1998) ..............................................................................................11

*Lidle v. Cirrus Design Corp.*,
Case No. 08-1253, 2009 WL 4907201 (S.D.N.Y. Dec. 18, 2009) .............................................6

*Lore v. City of Syracuse*,
Case No. 5:00-CV-1833, 2005 WL 3095506 (N.D.N.Y. Nov. 17, 2005) ................................11

*Mobileye, Inc. v. Picitup Corp.*,
928 F. Supp. 2d 759 (S.D.N.Y. 2013) ......................................................................................10

*In re Paoli R.R. Yard PCB Litig.*,
35 F.3d 717 (3d Cir. 1994) .......................................................................................................11

*Sandata Techs., Inc. v. Infocrossing, Inc.*,
No. 05-09546, 2007 WL 4157163 (S.D.N.Y. Nov. 16, 2007) ....................................6, 7, 9, 12

*United States v. Bonventre, et al.*
Case No. 10-cr-00228 LTS (S.D.N.Y. Apr. 3, 2014) .................................................................4

*Update Art, Inc. v. Modiin Publ'g, Ltd.*,
843 F.2d 67 (2d Cir. 1988) .......................................................................................................10

*Wechsler v. Hunt Health Sys., Ltd.*,
381 F. Supp. 2d 135 (S.D.N.Y. 2003) ......................................................................................10

**Other Authorities**

Fed. R. Bankr. P. 7026 ......................................................................................................................5

Fed. R. Bankr. P. 7037 ....................................................................................................................10

Fed. R. Civ. P. 26(a)(2)(B) ...............................................................................................................5

Fed. R. Civ. P. 26(a)(2)(D) ...........................................................................................................5

Fed. R. Civ. P. 26(e) ............................................................................................................ *passim*

Fed. R. Civ. P. 26(e)(1)(A) ...........................................................................................................5

Fed. R. Civ. P. 37(c)(1)...............................................................................................................10

Defendants Edward A. Zraick, Jr., Nancy Zraick, Patricia DeLuca, and Karen M. Rich (collectively, "Defendants"), by and through their undersigned counsel, hereby move (the "Motion") to strike the "supplemental" expert reports of Bruce G. Dubinsky (the "Supplemental Dubinsky Report")[1] and Lisa M. Collura, (the "Supplemental Collura Report";[2] together with the Supplemental Dubinsky Report, the "Supplemental Reports"), each dated January 16, 2019, which were served long after the close of expert discovery by plaintiff Irving H. Picard, as trustee (the "Trustee"). In support of this Motion, Defendants submit the *Declaration of Robert A. Rich in Support of Zraick Defendants' Motion in Limine to Strike the "Supplemental" Expert Reports of Bruce G. Dubinsky and Lisa M. Collura* (the "Rich Declaration"), which Defendants intend to file shortly after the filing of this Motion. In further support of the Motion, Defendants respectfully represent as follows.

## I.   PRELIMINARY STATEMENT

1. Expert discovery in this case has been closed for years. The Court subsequently denied the Trustee's request to reopen discovery for the purpose of submitting new expert reports, finding no basis to modify the expert discovery schedule. In an attempt to circumvent the Court's ruling, the Trustee went ahead and served two new expert reports under the pretense of "supplementing" prior reports under Federal Rule 26(e).

2. The duty to supplement under Federal Rule 26(e) does not allow the Trustee to disregard discovery deadlines in order to bolster his experts' opening testimony. The rule is designed to protect the *receiving* party (here, the Defendants) from inaccurate or misleading information if and when such inaccurate or misleading information becomes known to the

---

[1] A copy of the Supplemental Dubinsky Report is annexed as Exhibit 1 to the Rich Declaration.

[2] A copy of the Supplemental Collura Report is annexed as Exhibit 2 to the Rich Declaration.

disclosing party (the Trustee) based on information previously unknown or unavailable. That the Trustee chose to observe that duty *only* after the Court denied him leave to reopen expert discovery should be viewed with skepticism. The Trustee's so-called "supplemental" reports do not serve to remedy inaccurate or misleading information, nor are they based on information previously unknown or unavailable, as required under Federal Rule 26(e). Rather, the new reports improperly seek to add new opinions and bolster the opinions contained in the experts' original reports.

3. Defendants are good faith individuals who have lost substantially all of their inheritance and life savings as a result of the Madoff scheme. Admission of the Trustee's improper "supplemental" reports would require reopening expert discovery so that Defendants could re-depose witnesses and retain new rebuttal experts, an enormous financial and emotional hardship unwarranted under any circumstance, but particularly given the amount at issue in this already protracted litigation. The new reports far exceed the boundaries of Federal Rule 26(e) and should be excluded.

## II.  RELEVANT BACKGROUND

### A.  The Complaint and Remaining Claims Against Defendants

4. Defendants are individuals who have lost substantially all of their inheritance and life savings as a result of scheme perpetrated by Bernard L. Madoff ("Madoff").

5. On December 6, 2010, the Trustee commenced this adversary proceeding against Defendants and others seeking avoidance and recovery of alleged fraudulent transfers from Bernard L. Madoff Investment Securities LLC ("BLMIS"). Certain of the Trustee's claims against Defendants, and all of the Trustee's claims against the other named defendants, have been dismissed. *See Stipulation and Order* dated October 9, 2015 [ECF 43]. Remaining at issue are alleged fraudulent transfers in the aggregate amount of $285,000, comprised of $105,000 in

2

alleged transfers from an account held by Defendants Edward A. Zraick, Jr., Patricia DeLuca, and Karen M. Rich, as tenants in common, and $180,000 in alleged transfers from an account held by Edward A. Zraick, Jr. and Nancy Zraick, as tenants in common. The Trustee acknowledges that Defendants are "good faith" defendants in that there are no allegations of bad faith or prior knowledge of Madoff/BLMIS misconduct. The Trustee previously determined that he would not file complaints against customers receiving aggregate transfers less than $500,000.

      **B.**      **Close of Expert Discovery and the February 15 Decision**

6. The Trustee's court-ordered deadline for disclosure of expert reports was November 16, 2016.[3]

7. The Trustee disclosed four expert reports by that deadline, including the: (i) Expert Report of Lisa M. Collura, entitled "Proof of Transfers to the Zraick Defendants," dated November 16, 2016 (the "Original Collura Report");[4] and (ii) Expert Report of Bruce G. Dubinsky, dated August 20, 2013 (the "Original Dubinsky Report").[5]

8. The Original Collura Report purports to show that certain transfers were made from accounts held by Defendants or their predecessor accounts.

9. The Original Dubinsky Report purports to show that no investment transactions for BLMIS customers even occurred and includes, among other things, an in-depth analysis of whether BLMIS/Madoff actually conducted convertible arbitrage trades during the 1970s through the mid-1990s (the "Convertible Arbitrage Issue"), concluding that those trades were fictitious.

---

[3] *See Order (1) Establishing Litigation Case Management Procedures for Avoidance Actions and (2) Amending the February 16, 2010 Protective Order* [08-01789, ECF 3141]; *Case Management Notice* [ECF 46].

[4] A copy of the Original Collura Report is annexed as Exhibit 3 to the Rich Declaration.

[5] A copy of the Original Dubinsky Report is annexed as Exhibit 4 to the Rich Declaration.

3

10.     The Original Dubinsky Report appears to be based, in large part, on another expert report prepared by Mr. Dubinsky used at the criminal trial of various former Madoff employees. Mr. Dubinsky testified at the criminal trial that his analysis took "an enormous amount of time and effort to put together," required "[m]ultiple kinds of expertise,"[6] and that his firm had received approximately $30 million in compensation for services rendered based upon the number of hours devoted to preparing the report.[7] The Trustee's other proposed experts rely substantially on the opinions set forth in the Original Dubinsky Report.

11.     On February 14, 2017, Defendants served the expert report of Bill Feingold, dated February 13, 2017 (the "Feingold Report"), which rebuts the testimony in the Original Dubinsky Report on the Convertible Arbitrage Issue.

12.     Expert discovery closed after February 14, 2017 with the exception of Defendants' timely noticed depositions of certain of the Trustee's proposed experts. Defendants deposed Lisa M. Collura on June 14, 2017.

13.     Long after the close of expert discovery, the Trustee requested [ECF 100] and in a February 15, 2019 opinion was denied, leave to serve additional expert reports on Defendants, including on the Convertible Arbitrage Issue. *See Memorandum Decision Regarding Trustee's Motion for Additional Discovery Based on the Deposition Testimony of Bernard L. Madoff* [08-01789, ECF 18480] (the "February 15 Decision"); *Order Granting in Part and Denying in Part Trustee's Motion for Limited Additional Discovery* [ECF 114].[8]

---

[6] *See United States v. Bonventre, et al.,* Case No. 10-cr-00228 LTS (S.D.N.Y.), Oct. 30, 2013 Trial Transcript filed 4/3/14 [ECF 824] at 1579:20 – 1580:2.

[7] *Id.* at 1581:1-2.

[8] The Court allowed the Trustee to conduct one additional fact witness deposition of FBI Agent Theodore Cacioppi, but otherwise denied the Trustee's motion to reopen discovery.

4

  C. **Service of "Supplemental" Expert Reports**

  14. On or about April 15, 2019, more than two years after the close of expert discovery and undeterred by the February 15 Decision, the Trustee served the Supplemental Reports. The Supplemental Reports contain new opinions and attempt to bolster prior opinions contained in the Original Reports, including on the Convertible Arbitrage Issue.

### III. RELIEF REQUESTED

  15. By this Motion, Defendants request entry of an order, substantially in the form annexed hereto as **Exhibit A**, striking the Supplemental Reports.

### IV. BASIS FOR RELIEF REQUESTED

**A. The Duty to Supplement Under Federal Rule 26(e) Does Not Permit the Trustee to Disregard Expert Discovery Deadlines.**

  16. Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure (the "Federal Rules"), applicable in this proceeding pursuant to Rule 7026 of the Federal Rules of Bankruptcy Procedure, requires an expert to submit a report that contains, among other things, "a *complete* statement of *all opinions* the witness will express and the basis and reasons for them," the data considered by the expert, and any exhibits to be used to summarize or support the opinions. Fed. R. Civ. P. 26(a)(2)(B) (emphasis added). Parties are required to make expert disclosures "at the times and in the sequence that the court orders." Fed R. Civ. P. 26(a)(2)(D).

  17. Federal Rule 26(e) sets forth a "duty to supplement or correct" expert disclosures if a party "learns that in some material respect the disclosure … is incomplete or incorrect." Fed. R. Civ. P. 26(e)(1)(A). The duty to supplement or correct is not a license to supplement a previously served expert report simply because a party "wants to," but instead imposes an obligation to supplement the report for purposes of protecting the receiving party from misrepresentations known to the party that made the disclosure. *Sandata Techs., Inc. v.*

5

*Infocrossing, Inc.*, No. 05-09546, 2007 WL 4157163 at *7 (S.D.N.Y. Nov. 16, 2007) (noting that that Federal Rule 26(e) sets forth a "duty," and duties are not for the benefit of the party that has the duty).

18. "[E]xperts are not free to continually bolster, strengthen, or improve their reports by endlessly researching the issues they already opined upon, or to continually supplement their opinions. If that were the case, there would never be any closure to expert discovery, and parties would need to depose the same expert multiple times." *Sandata*, 2007 WL 4157163 at *6; *see also Lidle v. Cirrus Design Corp.*, Case No. 08-1253, 2009 WL 4907201, at *5 (S.D.N.Y. Dec. 18, 2009) ("Rule 26(e) is not … a vehicle to permit a party to serve a deficient opening report and then remedy the deficiency through the expedient of a 'supplemental' report."). As the United States District Court for the Southern District New York explains:

> It should be assumed that at the time an expert issues his report, that report reflects his full knowledge and complete opinions on the issues for which his opinion has been sought . . . . It is only if the expert subsequently learns of information that was previously *unknown or unavailable*, that renders information previously provided in an initial report *inaccurate or misleading* because it was incomplete, that the duty to supplement arises.

*Sandata,* 2007 WL 4157163, at *4 (emphasis added).

**B.    The Supplemental Reports Wildly Exceed the Boundaries of Federal Rule 26(e).**

19. The Supplemental Reports were not served to remedy "inaccurate or misleading information" in the Original Reports, nor are they based on information that previously was "unknown or unavailable." *Sandata*, 2007 WL 4157163, at *4. Rather, they are a transparent attempt to circumvent the February 15 Decision denying the Trustee leave to reopen expert discovery.

6

### 1. The Supplemental Reports Improperly Add New Conclusions, and Attempt to Bolster Prior Conclusions With New Opinions and Explanations.

20. The Supplemental Dubinsky Report adds thirty-four (34) additional pages of testimony to the Original Dubinsky Report. Most of these additional pages are devoted to bolstering Dubinsky's conclusion in the Original Dubinsky Report as to the Convertible Arbitrage Issue with new opinions, explanations, and illustrative examples from customer statements and other BLMIS records. *See* Dubinsky Redline[9] at ¶¶ 20, 90-115, 121-123, 125, 197-300; *Sandata*, 2007 WL 4157163, at *4 ("[E]xperts are not free to continually bolster, strengthen, or improve their reports . . ."); *Engler v. MTD Prods., Inc.*, 304 F.R.D. 349, 356 (N.D.N.Y. 2015) ("[A]n expert report that discloses new opinions is in no way a mere supplement to a prior report."); *Apple, Inc. v. Motorola Mobility, Inc.*, 2012 WL 5416941, at *28 (W.D. Wis. Oct. 29, 2012) ("Rule 26(e) is intended to provide parties an opportunity to correct mistakes or oversights, not to include new examples and illustrations to bolster previous opinions.").

21. The Trustee's improper motive in "supplementing" Dubinsky's report on the Convertible Arbitrage Issue is made obvious by the fact that Defendants submitted a rebuttal report (the Feingold Report) on this precise issue.[10] Replying to that rebuttal report on the Convertible Arbitrage Issue is neither allowed under the Court's discovery order nor a permissible basis to supplement under Federal Rule 26(e). *See Sandata*, 2007 WL 4157163, at *5 ("[N]early all of the discussion in the [defendant's] first Supplemental Report serves as a response to the various assertions by [plaintiff's] expert. This is simply not the type of

---

[9] A redline of the Supplemental Dubinsky Report against the Original Dubinsky Report, which redline was provided by the Trustee, is annexed to the Rich Declaration as Exhibit 5 (the "Dubinsky Redline").

[10] A copy of the Feingold report is annexed to the Rich Declaration as Exhibit 9.

7

'additional or corrective' information contemplated by Rule 26."). In fact, the Trustee already sought but was denied leave to submit new reports on this very issue. *See* February 15 Decision [08-01789, ECF 18480] at p. 9 ("[T]he Trustee seeks to submit two additional reports from undisclosed expert – one to opine on the Convertible Arbitrage Issue.").

22. The balance of the Supplemental Dubinsky Report improperly attempts to bolster other conclusions regarding so-called "Buy and Hold Accounts" (*see* Dubinsky Redline at ¶¶ 184-193), and improperly adds new opinions regarding how U.S. treasuries were purchased (*see* Dubinsky Redline at ¶¶ 228-46) and the timing of cash transfers between different business segments of BLMIS/Madoff (*see* Dubinsky Redline at ¶¶ 357-69).

23. The Supplemental Collura Report adds fifteen pages of testimony and dozens of new exhibits, introducing entirely new opinions perhaps to address issues that have arisen in other adversary proceedings. *See*, *e.g.,* Collura Redline[11] at ¶ 7 (opining as to purpose of account transactions she did not reconcile to statements, and whether documents maintained by BLMIS employees consistently reflected customer deposits), ¶ 62 (opining as to the purpose of transactions into various BLMIS internal and external accounts, and ¶ 20 n.7 (testimony regarding the name in which a BLMIS/Madoff account was held). The Supplemental Collura Report so obviously exceeds the boundaries of Federal Rule 26(e) that the Trustee neglects even to title the report as "supplemental." Presumably it is the same type of report the Trustee is serving in cases where expert discovery is open.

---

[11] A redline of the Supplemental Collura Report against the Original Collura Report is annexed to the Rich Declaration as Exhibit 6 (the "Collura Redline").

8

### 2. The Supplemental Reports Improperly Rely on Information Previously Known and Available.

24. Even if the Trustee offered the Supplemental Reports for a proper purpose (which he has not), those reports would still fall outside the bounds of Federal Rule 26(e) because none of the additional testimony relies on information previously unknown or unavailable.

25. Annexed to the Rich Declaration as Exhibit 7 is a redline (the "Dubinsky Appendix B Redline") of the "Appendix B" (list of documents considered) attached to the Dubinsky Supplemental Report, against the same appendix attached to the Original Dubinsky Report. On its face, the "new" documents added to Dubinsky's Appendix B were known and available at the time of the Original Dubinsky Report. For example, Dubinsky adds a citation to the Securities Exchange Act of 1934 (*see* Dubinsky Appendix B Redline # 33), web addresses (*see* Dubinsky Appendix B Redline #'s 53, 54, 89) and various editions of the S&P Stock Guide from the 1970s and 80s (*see* Dubinsky Appendix B Redline #193). While the Supplemental Dubinsky Report cites a few deposition transcripts that may have occurred after disclosure of the Original Dubinsky Report, none appear to affect Dubinsky's analysis. The only apparent purpose of the Trustee's addition is to convey a false impression that "new" or "novel" information was made available such that would warrant a supplemental report.

26. Annexed to the Rich Declaration as Exhibit 8 is a redline (the "Collura Exhibit Redline") of the exhibits to the Supplemental Collura Report against the exhibits to the Original Collura Report. Collura adds dozens of exhibits, more than doubling the amount previously submitted. *See* Collura Exhibit Redline at 1. The additional documents considered by Collura all appear to have been available at the time of the Original Collura Report. *See Sandata* at *6 (finding that supplemental report, which contained new exhibits, violated Federal Rule 26(e) where witness did not attest that the new exhibits could not have been found and reviewed prior

9

to submittal of initial report). For example, Collura adds trial testimony from various individuals dating as far back as 2013 and 2014. *See* Collura Exhibit Redline at Ex. 2. This testimony certainly was known and available prior to submission of the Original Collura Report.

27.  In sum, neither Collura nor Dubinsky altered their analyses based on new information, and neither expert has proffered a legitimate explanation for the alterations in their analyses that warrant supplementation. The Trustee's experts want a second bite of the apple having failed to adequately support their conclusions. This is not grounds for supplementation under Federal Rule 26(e).

C. **Exclusion of the Supplemental Reports is the Appropriate Remedy.**

28.  Federal Rule 37(c)(1) states that if a party fails to provide information required by Federal Rule 26, "the party is not allowed to use that information … to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1).[12]

29.  "Attempts to proffer expert testimony without compliance with Rule 26 violates both the rules and principles of discovery, and the obligations lawyers have to the court. Exclusion and forfeiture are appropriate consequences to avoid repeated occurrences of such manipulation of the litigation process." *Mobileye, Inc. v. Picitup Corp.*, 928 F. Supp. 2d 759, 765 (S.D.N.Y. 2013) (citation omitted); *see also Update Art, Inc. v. Modiin Publ'g, Ltd.*, 843 F.2d 67, 71 (2d Cir. 1988) (exclusion is "necessary to achieve the purpose of [Federal] Rule 37 as a credible deterrent rather than a paper tiger.").[13]

---

[12] Federal Rule 37 is incorporated in this adversary proceeding pursuant to Fed. R. Bankr. P. 7037.

[13] A motion in limine is the proper procedural vehicle for excluding such evidence. *See, e.g., Wechsler v. Hunt Health Sys., Ltd.*, 381 F. Supp. 2d 135, 141 (S.D.N.Y. 2003). When a party moves to preclude evidence by means of an in limine motion, the court is required to determine preliminarily whether the evidence is admissible. *See Highland Capital Mgmt., L.P. v. Schneider*, 379 F. Supp. 2d 461, 467 (S.D.N.Y. 2005).

30. When determining whether to exclude expert testimony, courts consider

> (1) the prejudice or surprise to the party against whom the expert witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in the court, and (4) bad faith or willfulness in failing to comply with the district court's [scheduling] order.

*In re Kreta Shipping, S.A.*, 181 F.R.D. 273, 277 (S.D.N.Y. 1998) (quoting *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 791 (3d Cir. 1994)) (alteration in original); *see also Lore v. City of Syracuse*, Case No. 5:00-CV-1833, 2005 WL 3095506, at *4 (N.D.N.Y. Nov. 17, 2005) ("The touchstone for determining whether to exclude an untimely expert report is whether the party opposing their admission is prejudiced.").

31. These factors strongly favor exclusion of the Supplemental Reports. First, admission of the Supplemental Reports would result in substantial prejudice to Defendants. Defendants already deposed Collura based on the Original Collura Report, and procured an expert to rebut the Original Dubinsky Report, at substantial expense in comparison to the overall amount at issue in this litigation. S*ee* Rich Declaration at ¶¶ 4, 9. The deadline for completion of expert discovery has long since passed. If the Supplemental Reports are admitted, Defendants would be prevented from deposing the Trustee's experts on their new opinions, or if permitted, would be forced to incur the expense of additional depositions and procurement of new rebuttal reports. The Trustee, on the other hand, has spent over $30 million on the Original Reports and has virtually infinite funds at his disposal for which he has demonstrated a gleeful willingness to spend on this litigation.

32. Second, as discussed *infra*, there is no way to cure the prejudice other than to reopen discovery, which is not only costly, but will prolong an already protracted litigation. This adversary proceeding has been pending for over nine (9) years, and with limited exceptions

discovery closed over two years ago. Pendency of this litigation has taken a massive emotional toll on Defendants, who lost substantially all of their entire inheritance and life savings in the Madoff scheme, and are now being sued for more. *See* Rich Declaration at ¶ 10.

33.     Third, Defendants are not, at this time, asking that the Court exclude Dubinsky and Collura as witnesses, but merely asking that the Court limit the experts' testimony to the opinions expressed in the Original Reports.

34.     Finally, the Trustee's bad faith is evident given that his desire to fulfill his "duty" to supplement under Federal Rule 26(e) arose only after the February 15 Decision, when the Court denied the Trustee's motion to reopen expert discovery in this adversary proceeding, including on the very issues that the Supplemental Reports purport to address.

35.     Courts in this District have excluded expert reports in situations almost identical to this one. For example, in *Sandata,* the United States District Court for the Southern District of New York determined that two so-called "supplemental" reports served by defendant exceeded the scope of Federal Rule 26(e). 2007 WL 4157163 at *5-7. The court found that allowance of the reports would result in substantial prejudice to plaintiff where "the expert's deposition had been completed and the deadline for completion of expert discovery had passed." *Id.* at 8. If the supplemental reports were allowed, plaintiff would "either be prevented from deposing [the expert] on his revised and supplemental opinions, or, if permitted, would be put to the expense of conducting another deposition." *Id.* Further, the court found that plaintiff had acted in bad faith by submitting what was substantially a rebuttal report when no such report was authorized, and "disingenuously" terming the reports as "supplemental" reports. *Id.*

36.     Here, as in *Sandata*, (i) Collura's deposition has been completed, (ii) the deadline for completion of expert discovery has passed, (iii) if the Supplemental Reports are allowed,

12

Defendants would either be prevented from deposing Dubinsky and Collura on their new opinions, or, if permitted, would be put to the expense of conducting another deposition and retaining additional rebuttal experts, and (iv) the Trustee has acted in bad faith by submitting the so-called "supplemental" reports only after having been denied leave to reopen discovery on the very same issues addressed in the Supplemental Reports.

## V.     CONCLUSION

WHEREFORE, Defendants respectfully request that the Court (i) enter an order, in substantially the form of the Proposed Order, striking the Supplemental Reports, and (ii) granting such other and further relief in favor of Defendants as the Court may deem just or proper.

Dated: March 4, 2020
      New York, New York        **HUNTON ANDREWS KURTH LLP**

                                                    */s/ Robert A. Rich*
                                                    Peter S. Partee, Sr.
                                                    Robert A. Rich
                                                    Sherli M. Furst
                                                    200 Park Avenue
                                                    New York, New York 10166
                                                    (212) 309-1000
                                                    Email:  rrich2@huntonak.com

                                                    *Counsel for Defendants Edward A. Zraick, Jr.,*
                                                    *Nancy Zraick, Patricia DeLuca, and Karen M. Rich*