Peter S. Partee, Sr.
Robert A. Rich
Sherli M. Furst
**HUNTON ANDREWS KURTH LLP**
200 Park Avenue
New York, New York 10166
(212) 309-1000

*Attorneys for Defendants Edward A. Zraick, Jr.,
Nancy Zraick, Patricia DeLuca, and Karen M. Rich*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>        Plaintiff-Applicant,<br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br>        Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>        Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>Plaintiff,<br>v.<br><br>Edward A. Zraick, Jr., *et al.*,<br><br>        Defendants. | Adv. Pro. No. 10-05257 (SMB) |

**ZRAICK DEFENDANTS' *EX PARTE* MOTION TO SHORTEN NOTICE
AND FOR EXPEDITED HEARING ON MOTION IN LIMINE
TO STRIKE THE "SUPPLEMENTAL" EXPERT REPORTS
OF BRUCE G. DUBINSKY AND LISA M. COLLURA**

Defendants Edward A. Zraick, Jr., Nancy Zraick, Patricia DeLuca, and Karen Rich, by and

through their undersigned counsel, hereby move (the "Motion"), on an *ex parte* basis, for the entry

of an order, the proposed form of which is annexed hereto as **Exhibit A** (the "Proposed Order"),

pursuant to Rule 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9077-1(b) of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), scheduling an expedited hearing on the *Zraick Defendants' Motion in Limine to Strike the "Supplemental" Expert Reports of Bruce G. Dubinsky and Lisa M. Collura* (the "Motion In Limine"),[1] and to shorten the notice period with respect thereto to the extent necessary to facilitate the expedited hearing. In support of this Motion, Defendants rely on the *Declaration of Robert A. Rich in Support of the Zraick Defendants' Motion to Shorten Notice and for Expedited Hearing on Motion in Limine to Strike the "Supplemental" Expert Reports of Bruce G. Dubinsky and Lisa M. Collura* (the "Rich Declaration"), which is annexed hereto as **Exhibit B**. In further support of this Motion, Defendants respectfully represent as follows:

### I.  Preliminary Statement

1. Expert discovery in this case has been closed for years. The Court subsequently denied the Trustee's request to reopen discovery for the purpose of submitting new expert reports, finding no basis to modify the expert discovery schedule. In an attempt to circumvent the Court's ruling, the Trustee went ahead and served two new expert reports under the pretense of "supplementing" prior reports under Federal Rule 26(e).

2. Through the Motion in Limine, Defendants seek exclusion of the so-called "supplemental" reports which fall far beyond the boundaries of Federal Rule 26(e). By this Motion, Defendants seek expedited consideration of the Motion in Limine.

3. If the Motion in Limine is not heard until the eve of trial, Defendants would be forced to evaluate and prepare to address the Trustee's extensive and improper expert testimony prior to the Court's consideration of whether to exclude that testimony. This includes the

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion In Limine.

2

Defendants' having to retain rebuttal experts to evaluate the new material at substantial expense particularly in light of the amount at issue in this litigation.

4. Allowing the Trustee to submit his new reports under false pretenses, and then not considering exclusion of those reports until trial, would create a terrible precedent that encourages litigants to inundate opposing parties with improper expert disclosures as a trial tactic. Courts expedite consideration of motions in limine in these circumstances. Defendants respectfully request the Court do so here such that the Motion in Limine will be resolved at least thirty days before trial.

## II.    Background

5. Defendants are individuals who have lost substantially all of their inheritance and life savings as a result of the scheme perpetrated by Bernard L. Madoff ("Madoff"). At issue are an aggregate of $285,000 in alleged fraudulent transfers from accounts held by Defendants. The Trustee acknowledges that Defendants are "good faith" defendants in that there are no allegations of bad faith or prior knowledge of misconduct. The Trustee determined that he would not file complaints against other customers with aggregate transfers less than $500,000.

6. Expert discovery in this case has been closed for years.

7. When the Trustee moved to reopen discovery for the purpose of submitting new expert reports, the Court denied that request finding no basis to modify the expert discovery schedule. *See Memorandum Decision Regarding Trustee's Motion for Additional Discovery Based on the Deposition Testimony of Bernard L. Madoff* [08-01789, ECF 18480] (the "February

3

15 Decision"); *Order Granting in Part and Denying in Part Trustee's Motion for Limited Additional Discovery* [ECF 114].[2]

8. Rather than accept the Court's ruling, the Trustee went ahead and served two new expert reports under the pretense of "supplementing" prior reports under Federal Rule 26(e).

9. Contemporaneously herewith, Defendants have filed their Motion in Limine through which Defendants seek exclusion of the Trustee's so-called "Supplemental Reports" on the basis that they fall far beyond the boundaries of Federal Rule 26(e).

10. At a status conference held on February 26, 2020, the Court scheduled trial for May 6-7, 2020.

11. Defendants preparation for trial is significantly impacted by whether the Court will permit the extensive new and untimely expert testimony in the Supplemental Reports.

### III.   Relief Requested

12. By this Motion, Defendants request entry of an order scheduling an expedited hearing on the Motion In Limine at the Court's earliest the convenience (the "Hearing"), and shortening notice to the extent necessary, such that the Motion in Limine may be determined at least thirty (30) days before trial.

### IV.   Basis for Requested Relief

13. Bankruptcy Rule 9006(c)(1) authorizes the Court, for cause shown, to reduce the notice period for the Hearing. Local Bankruptcy Rule 9077-1(b) authorizes the Court to enter an order to shorten notice upon an *ex parte* motion for cause shown.

---

[2] The Court allowed the Trustee to conduct one additional fact witness deposition of FBI Agent Theodore Cacioppi, but otherwise denied the Trustee's motion to reopen discovery.

4

14. As set forth in the Motion in Limine, the Supplemental Reports represents a transparent attempt to circumvent the February 15 Decision and should be excluded.

15. Chambers rules provides as a default that responses to motions in limine are not due until seven days before trial. However, Defendants preparation for trial is significantly prejudiced if the Court does not consider exclusion of the Supplemental Reports until the eve of trial, because Defendants would be forced to evaluate and prepare to address the Trustee's extensive and improper expert testimony prior to the Court's consideration of whether to exclude that evidence. Proper evaluation of the extensive new testimony would require retention of rebuttal experts at substantial expense to Defendants, particularly in light of the amount at issue in this litigation.

16. Courts have expedited consideration of motions in limine in similar circumstances. For example, in *United States of America v. Dish Network LLC*, Case No. 09-03073 (C.D. Ill. Apr. 29, 2015), defendant filed a motion in limine to strike plaintiffs' putative supplemental expert report, served long after the discovery deadline, as beyond the scope of Federal Rule 26(e). *Id*. at ECF No. 491. Defendant also sought expedited consideration of the motion in limine, which was filed nearly three months before trial, on the basis that defendant's trial preparation would be prejudiced absent expedited consideration of the motion. *Id.* at ECF No. 492. The Court granted defendants' motion to expedite the day after the motion in limine was filed, gave plaintiffs one week to respond to the motion in limine, (*see id.*, text order entered 5/12/15), and ultimately entered an opinion on the motion in limine one week following plaintiffs' response deadline. *Id.* at ECF No 499.

5

17. Just as in *United States of America v. Dish Network LLC*, the Motion in Limine involves expert testimony submitted long after the close of expert discovery and which will prejudice Defendants' trial preparation.

## V.    Notice

18. Pursuant to Bankruptcy Rule 9006(c)(1), the Court may shorten time without notice. Nevertheless, notice of this Motion will be provided to Trustee's counsel via ECF filing and email.

## VI.    No Prior Request

19. Defendants have made no prior request for the relief sought herein to this or any other court.

WHEREFORE, Defendants respectfully request entry of an order, in substantially the form of the Proposed Order, (a) granting the relief requested herein; and (b) granting such other and further relief in favor of Defendants as the Court may deem just or proper.

Dated: March 4, 2020
New York, New York

**HUNTON ANDREWS KURTH LLP**

*/s/   Robert A. Rich*
Peter S. Partee, Sr.
Robert A. Rich
Sherli M. Furst
200 Park Avenue
New York, New York 10166
(212) 309-1000
Email:  rrich2@huntonak.com

*Counsel for Defendants Edward A. Zraick, Jr., Nancy Zraick, Patricia DeLuca, and Karen M. Rich*

6