# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

March 6, 2020

Nicholas J. Cremona
direct dial: 212.589.4682
ncremona@bakerlaw.com

**VIA ECF AND ELECTRONIC MAIL**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 723
New York, New York 10004-1408
Bernstein.chambers@nysb.uscourts.gov

Re:    *Picard v. Zraick*, Adv. Pro. No. 10-05257 (SMB)

Dear Judge Bernstein:

We are counsel to Irving H. Picard, as trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.*, and the estate of Bernard L. Madoff. We write regarding Defendants' Motion in Limine to Strike the "Supplemental" Expert Reports of Bruce G. Dubinsky and Lisa M. Collura ("Motion *In Limine*") and the *Ex Parte* Motion to Shorten Notice and for Expedited Hearing on same ("*Ex Parte* Motion"). (ECF Nos. 117, 118).

At the status conference on February 26, 2020, Defendants sought permission to file a motion for summary judgment on the Trustee's claim for prejudgment interest and to have a motion *in limine* to strike the Trustee's supplemental expert reports heard at a time earlier than provided for in Chambers' Rules. Your Honor refused to authorize Defendants to file a summary judgment motion on Trustee's claim for prejudgment interest because it was premature and would not be ripe for argument until after a judgment has been entered in favor of the Trustee. (Hearing Tr. at 8:4-17, ECF No. 116, annexed hereto as Exhibit A). On the motion to strike the Trustee's supplemental expert reports, Your Honor advised that the motion should be made 14 days before trial pursuant to Chambers' Rules, and that the motion would be heard at the start of the trial. (*Id.* at 9:15-10:3). The Court then set this matter down for trial to begin on May 6, 2020.

The Trustee served the supplemental reports of Ms. Collura and Mr. Dubinsky in April 2019. While Defendants objected to the supplemental reports, they never moved before the

March 6, 2020
Page 2

Court to strike the expert reports at that time.  Defendants have had nearly a year to seek the relief they now request; there is certainly no urgency that requires the expedited relief at this time when the trial is only weeks away.  Any complaints by Defendants that they cannot properly prepare for trial without the Court's ruling should not compel a shortened notice or expedited hearing.  Chambers' Rules dictate when a motion *in limine* will be filed and heard, and the parties are obligated to prepare their case accordingly.

For these reasons, and consistent with the Court's directive and Chambers' Rules, the Trustee respectfully requests that (1) Defendants' *Ex Parte* Motion be denied, (2) the Trustee's response to the Motion *in Limine* be due seven days before the trial, and (3) the Motion *in Limine* be heard at the start of the trial.

Respectfully submitted,

*/s/ Nicholas J. Cremona*

Nicholas J. Cremona
Partner


Enclosure


  cc:   Robert A. Rich