

HUNTON ANDREWS KURTH LLP
200 PARK AVENUE
NEW YORK, NY 10166-0005

TEL   212 • 309 • 1000
FAX   212 • 309 • 1100

ROBERT A. RICH
DIRECT DIAL: 212-309-1132
EMAIL: rrich2@huntonak.com

FILE NO: 99997.32244

March 8, 2020

**VIA ECF AND ELECTRONIC MAIL**
The Honorable Stuart M. Bernstein
United States Bankruptcy Judge
United States Bankruptcy Court
 for the Southern District of New York
Alexander Hamilton Custom House
One Bowling Green
New York, New York  10004
Bernstein.chambers@nysb.uscourts.gov

>    *In re: Bernard L. Madoff Investment Securities LLC*, Case No. 08-01789
>    <u>*Picard v. Edward A. Zraick, et al.*, Adv. Pro No. 10-05257</u>

Dear Judge Bernstein:

This firm is counsel to Edward A. Zraick, Jr., Nancy Zraick, Patricia DeLuca, and Karen M. Rich (collectively, "<u>Defendants</u>") in the above-referenced adversary proceeding.  I write in response to the Trustee's March 6 letter [ECF 122] regarding Defendants' *ex parte* motion for expedited consideration [ECF 118][1] of their Motion in Limine.

There is no reason why the Motion in Limine cannot be considered before trial, even on regular seven days' notice to the Trustee and without delaying the trial date.  The Court routinely enters scheduling orders that provide for consideration of motions in limine before trial, including in cases litigated by this Trustee.  *See, e.g., Picard v.Merkin*, Case No. 09-1182 (Bankr. S.D.N.Y. Feb. 21, 2017 [Dkt 331]) (SMB).  Delaying consideration until trial needlessly forces Defendants into a position of having to spend substantial funds retaining experts to evaluate the Trustee's late and improper expert submissions.

Contrary to the Trustee's blatant misrepresentation of the Court's comments, the Court expressly permitted Defendants to file their Motion in Limine.  *See* Feb. 26, 2020 Hr. Tr. at 10:14-17 ("If you want to make a motion in limine to strike the expert reports … you can make the motion, but the case has to move forward.").  When Defendants requested that the

---

[1] Capitalized terms  used but not defined herein shall have the meanings ascribed to such terms in the *ex parte* motion.

ATLANTA   AUSTIN   BANGKOK   BEIJING   BOSTON   BRUSSELS   CHARLOTTE   DALLAS   DUBAI   HOUSTON   LONDON
LOS ANGELES   MIAMI   NEW YORK   NORFOLK   RICHMOND   SAN FRANCISCO   THE WOODLANDS   TYSONS   WASHINGTON, DC
www.HuntonAK.com



The Honorable Stuart M. Bernstein
United States Bankruptcy Judge
Page 2

Court consider the Motion in Limine prior to trial, the Court expressed that the issue had not yet been teed up by motion. *Id*. at 11:1-5. Defendants have now teed up that scheduling issue through their *ex parte* motion.

Finally, Defendants could not have filed the Motion in Limine earlier, as the Trustee suggests. Defendants called a status conference with the Court to address pre-trial deadlines as required by the Litigation Procedures Order [ECF 3141 at ¶ 7.A.], obtained permission to file their Motion in Limine, and filed the motion shortly thereafter.

The Motion in Limine involves a straight-forward issue of whether to admit new expert reports served after the close of discovery and after the Court denied the Trustee's request to reopen expert discovery. Defendants request that the Court schedule the Motion in Limine for hearing so that it can be decided at least thirty days in advance of trial.

Respectfully submitted,

*/s/ Robert A. Rich*

Robert A. Rich

cc: all counsel of record (via ECF)