DENTONS US LLP
Arthur H. Ruegger
Carole Neville
1221 Avenue of the Americas
New York, New York 10020
Tel: (212) 768-6700
Fax: (212) 768-6800
Email: arthur.ruegger@dentons.com

*Attorneys for Defendant*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>       Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>       Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>       Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>       Plaintiff,<br><br>v.<br><br>JAMES GREIFF,<br><br>       Defendant. | Adv. Pro. No. 10-04357 (SMB) |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF**
**(A) AN EXPEDITED HEARING AND (B) MOTION FOR STAY OF TRIAL**
**PURSUANT TO RULE 5011(c) PENDING RULING BY THE DISTRICT COURT ON**
<u>**DEFENDANT'S MOTION TO WITHDRAW THE REFERENCE**</u>

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... iii

OVERVIEW ............................................................................................................................... 1

ARGUMENT .............................................................................................................................. 3

    I.    THE DEFENDANT' CONSTITUTIONAL RIGHT TO A JURY TRIAL ON A FRAUDULENT TRANSFER CLAIM WOULD BE LOST BY A TRIAL IN THE BANKRUPTCY COURT ................................................................................. 3

    II.    THE DEFENDANT IS LIKELY TO PREVAIL ON THE WITHDRAWAL MOTION ........................................................................................................................ 4

        A.    Withdrawal of the Reference is Required ............................................................. 4

        B.    The Defendant Has Not Waived His Right to a Jury Trial .................................... 5

    III.    THERE ARE FACTUAL ISSUES REMAINING IN DISPUTE TO BE TRIED BY THE DISTRICT COURT ............................................................................ 10

    IV.    THE TRUSTEE WILL NOT BE PREJUDICED BY A BRIEF STAY ........................ 11

CONCLUSION ......................................................................................................................... 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re CBI Holding Co., Inc.*,
  529 F.3d 432 (2d Cir. 2008)..................................................................................................8

*In re Coudert Bros. LLP*,
  2011 WL 5593147 (S.D.N.Y. Sept. 23, 2011).......................................................................3

*Dev. Specialists, Inc. v. Akin Gump Strauss Hauer & Feld LLP*,
  462 B.R. 457 (S.D.N.Y. 2011)...............................................................................................3

*Germain v. Connecticut Nat. Bank*,
  988 F.2d 1323 (2d Cir. 1993).............................................................................................7, 8

*Granfinanciera, S.A. v. Nordberg*,
  492 U.S. 33 (1989).................................................................................................................3

*Messer v. Magee (In re FKF3, LLC)*,
  Case No. 13 CV 3601, 2016 WL 4540842, 2016 U.S. Dist. LEXIS 117258
  (S.D.N.Y. Aug. 30, 2016)...................................................................................................5, 8

*Miller v. Vigilant Ins. Co. (In re Eagle Enters.)*,
  259 B.R. 83 (Bankr. E.D. Pa. 2001) ......................................................................................1

*In re Orion Picture Corp*,
  4 F.3d 1095 (2d Cir. 1993).....................................................................................................5

*Picard v. BAM L.P. (In re Bernard L. Madoff Inv. Secs. LLC)*,
  18-CV-9916 and 19-CV-812 (S.D.N.Y. Feb. 26, 2020).....................................................7, 9

*Picard v. BAM LP (In re Bernard L. Madoff Investment Securities LLC)*,
  Adv. Pro. No. 10-04390 (Bankr. S.D.N.Y. Jan. 18, 2019) .................................................7, 9

*Rockwell Int'l Corp. v. United States*,
  549 U.S. 457 (2007).............................................................................................................10

*Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*,
  490 B.R. 46 (S.D.N.Y. 2013).................................................................................................3

*Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*,
  531 B.R. 439 (Bankr. S.D.N.Y. 2015)................................................................................8, 9

*Smith v. Dowden*,
  47 F.3d 940 (8th Cir. 1995) ...................................................................................................9

*Stern v. Marshall*,
    564 U.S. 462 (2011) .................................................................................................. 3, 4, 5, 8

*Vieira v. Anderson (In re Beach First Nat'l Bancshares, Inc.)*,
    2011 Bankr. LEXIS 2691 (Bankr. D.S.C., Jan. 21, 2011) ........................................................ 1

*Wellness Int'l Network, Ltd. v. Shariff*,
    575 U.S. 665 (2015) .................................................................................................................. 4

*Wilson v. Muckala*,
    303 F.3d 1207 (10th Cir. 2002) .............................................................................................. 10

**Statutes**

11 U.S.C. § 502(d) ........................................................................................................................ 6, 8

15 U.S.C. § 78fff-2 ............................................................................................................................ 5

28 U.S.C. § 157(d) ...................................................................................................................... 1, 10

28 U.S.C. § 157(e) ............................................................................................................................ 4

**Other Authorities**

E.D.N.Y. Bankr. R. 5011-1 .......................................................................................................... 1, 10

E.D.N.Y. Bankr. R. 9077-1 ................................................................................................................ 1

Fed. R. Bankr. P. 5001 .................................................................................................................... 10

Fed. R. Bankr. P. 5011 ...................................................................................................................... 1

Fed. R. Bankr. P. 5011(c) ................................................................................................................. 1

U.S. Const., Amend. VII ........................................................................................................ 3, 4, 5, 7


**Statutes**

11 U.S.C. § 502(d) ........................................................................................................................ 6, 8

11 U.S.C. § 548(a)(1) ...................................................................................................................... 10

15 U.S.C. § 78fff-2 ............................................................................................................................ 5

28 U.S.C. § 157(e) ............................................................................................................................ 3

**Other Authorities**

U.S. Const., Amend. VII ............................................................................................... 3, 4, 5, 7

Defendant James Greiff (the "Defendant" or "Greiff") submits this memorandum of law in support of his motion, pursuant to Local Rule 9077-1 and Rule 5011(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for the entry of an order (a) scheduling an expedited hearing and (b) staying (the "Stay Motion") further proceedings with respect to the claims asserted against the Defendant in the above-captioned adversary proceeding pending a ruling by the United States District Court for the Southern District of New York (the "District Court") on the Defendant's Motion to Withdraw the Reference of the Adversary Proceeding Pursuant to 28 U.S.C. § 157(d), Federal Rule of Bankruptcy Procedure 5011, and Rule 5011-1 of the Local Rules, filed March 4, 2020 (Adv. Proc. No. 10-04357 (SMB) [ECF 112]) for trial by a jury (the "Withdrawal Motion"). In support thereof, the Defendant respectfully represents as follows:

**OVERVIEW**

1. It is generally held that a determination as to whether a stay is proper pending a decision on a withdrawal motion is the same as on any motion for stay, namely, the movants must demonstrate (i) the likelihood of prevailing on the merits in the District Court, (ii) that the movant will suffer irreparable harm if the stay is denied, (iii) that the other parties will not be substantially harmed by the stay, and (iv) that the public interest will be served by granting the stay. *See* 5 Collier on Bankruptcy ¶ 5011.03[2][b] (2011). *See also Vieira v. Anderson (In re Beach First Nat'l Bancshares, Inc.)*, Adv. Pro. No. 10-80143-DD, 2011 Bankr. LEXIS 2691 (Bankr. D.S.C., Jan. 21, 2011) (granting the stay on the grounds, among others, that the causes of action might require a jury trial, which the court would not conduct absent consent of the parties); *Miller v. Vigilant Ins. Co. (In re Eagle Enters.)*, 259 B.R. 83, 88 (Bankr. E.D. Pa. 2001) (withdrawal likely on grounds of jury trial right, among other reasons). Here, the primary factors relevant to whether a

- 1 -

stay should be issued weigh strongly in favor of granting the requested relief and granting a hearing on the Stay Motion on an expedited basis.

2. On March 4, 2020, the Defendant moved to withdraw the reference of this adversary proceeding to the District Court for a jury trial. The trial in this adversary proceeding is scheduled in this Court for April 7, 2020. It is undisputed that a trial in the Bankruptcy Court would deprive the Defendant of his right to a jury trial. In that regard, Defendant will suffer irreparable harm if the stay of the trial in the Bankruptcy Court is not issued. Accordingly, the Defendant begs the Court's consideration of an expedited hearing on this Stay Motion in order to preserve the Defendant's right to a jury trial and to have the issues raised in the Withdrawal Motion heard by the District Court.

3. Given the facts of this case, the Defendant has a substantial likelihood of prevailing on the Withdrawal Motion. The Defendant timely asserted his right to a jury trial; at the time the adversary proceeding was filed, the Defendant did not have a SIPA claim; he did not consent to the entry of a final order by the bankruptcy court; and key issues of fact in the fraudulent conveyance litigation remain in dispute. Under these circumstances, as shown below, the appropriate procedure for the determination of the fraudulent conveyance issue is withdrawal of the reference for a jury trial in the district court.

4. In contrast to the harm to the Defendant, the Trustee will suffer no harm in waiting a short time for a determination by the District Court. The Trustee's refusal to consent to the brief continuance in this adversary proceeding is not a principled decision, except for the general interest in seeing litigation progress. Furthermore, even if the Trustee were finally able to prevail in this case, the recovery would be too small to have a measurable effect on the holders of the allowed claims against the estate.

5. Finally, although the issues before the Court are important, the stay would not appear to affect the public interest, one way or the other.

## ARGUMENT

### I. THE DEFENDANT' CONSTITUTIONAL RIGHT TO A JURY TRIAL ON A FRAUDULENT TRANSFER CLAIM WOULD BE LOST BY A TRIAL IN THE BANKRUPTCY COURT

6. The Seventh Amendment to the United States Constitution provides a right to a trial by jury in suits at common law. U.S. Const., Amend. VII. Fraudulent transfer actions are actions at law as to which a defendant is entitled to a jury trial under the Seventh Amendment. *See Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33 (1989). The Supreme Court in *Granfinanciera* held that a fraudulent conveyance claim under Title 11 is not a matter of a "public right" for purposes of Article III, and that the defendant to such a claim is entitled to a jury trial under the Seventh Amendment. In *Stern v. Marshall*, 564 U.S. 462 (2011), the Supreme Court held that, in general, the bankruptcy court lacked constitutional authority to adjudicate a private right claim like the claim in *Granfinanciera*.

7. Following the Supreme Court precedents, it is undisputed that private rights of action, including fraudulent transfer claims, cannot be finally adjudicated by the bankruptcy court without the parties' consent. *See Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 490 B.R. 46, 49 (S.D.N.Y. 2013); *Dev. Specialists, Inc. v. Akin Gump Strauss Hauer & Feld LLP*, 462 B.R. 457, 469 (S.D.N.Y. 2011) (withdrawing the reference based on finding that "DSI's fraudulent conveyance counterclaim against Dechert is precisely the kind of claim found to involve only private rights in *Granfinanciera*"); *In re Coudert Bros. LLP*, 2011 WL 5593147, at *8 (S.D.N.Y. Sept. 23, 2011) (vacating final order of bankruptcy court entered prior to *Stern* with respect to fraudulent conveyance claim because "a claim of fraudulent conveyance implicates private rather than public rights").

- 3 -

8. Bankruptcy courts may conduct a jury trial only if (1) they are specially designated to do so by the district court and (2) both parties consent. *See* 28 U.S.C. § 157(e). Here, the Bankruptcy Court is not designated to do so and the Defendant has not consented to a jury trial conducted by the Bankruptcy Court.

9. In addition, the Bankruptcy Court is barred by constitutional considerations from exercising jurisdiction over a jury trial absent Greiff's consent. A few years after *Stern* was decided, the Supreme Court in *Wellness Int'l Network, Ltd. v. Shariff,* 575 U.S. 665 (2015) held that bankruptcy judges were only authorized to hear and determine *Stern* claims with the parties' consent. Absent such consent, a bankruptcy court may only submit a recommendation that is subject to *de novo* review by the district court. Where, as here, there is a right to a jury trial, *de novo* review is at odds with Seventh Amendment rights. In light of the Seventh Amendment provision that "no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law," it follows that the Constitution prohibits bankruptcy courts from holding jury trials in matters where the District Court must exercise *de novo* review. As shown below, withdrawal of the reference for trial in the District Court is required to preserve the Defendant's right to a jury trial. A trial in the Bankruptcy Court will cause the Defendant irreparable harm by depriving him of his right to a jury trial.

## II. THE DEFENDANT IS LIKELY TO PREVAIL ON THE WITHDRAWAL MOTION

10. The Defendant's right to a jury trial and the likelihood of success on the Withdrawal Motion are intertwined.

### A. Withdrawal of the Reference is Required

11. The Defendant has timely asserted that (i) he does not consent to the entry of a final order by the bankruptcy court; and (ii) key issues of fact in the fraudulent conveyance litigation

- 4 -

are in dispute. Under these circumstances, the appropriate procedure for the determination of the fraudulent conveyance issue is withdrawal of the reference for jury trial in the district court. *See Messer v. Magee (In re FKF3, LLC)*, Case No. 13 CV 3601, 2016 WL 4540842, 2016 U.S. Dist. LEXIS 117258 (S.D.N.Y. Aug. 30, 2016). In that case, the District Court applied the factors from *In re Orion Picture Corp*, 4 F.3d 1095 (2d Cir. 1993), as modified by *Stern v. Marshall*, and determined that withdrawal of the reference was appropriate for those claims where the bankruptcy court lacked constitutional authority to finally adjudicate the claims and the Seventh Amendment required that the defendant have a jury trial.

### B. The Defendant Has Not Waived His Right to a Jury Trial

12. Although the Trustee may argue that Defendant waived his right to a jury trial by filing a SIPA claim, at the time the Trustee filed the adversary proceeding against Greiff, his SIPA claim had been finally disallowed for more than a year. There is no connection between the disallowed claim and the adversary proceeding as a procedural or substantive matter.

13. SIPA contains special provisions for the assertion and adjudication of processing of customers claims in section 78fff-2. *See* 15 U.S.C. § 78fff-2. To satisfy his obligations under SIPA with respect to the claims processing, as his first official act, the Trustee filed his *Ex Parte Application For Entry Of An Order Approving Form and Manner of Publication and Mailing of Notices, Specifying Procedures for Filing, Determination, and Adjudication of Claims; and Providing Other Relief* on December 21, 2008, (Bankr. S.D.N.Y. Case No. 08-01789 (BRL) [ECF 8]) seeking, *inter alia*, approval of procedures and forms governing SIPA claims to be filed in the BLMIS liquidation. On December 23, 2008, the Court approved the Trustee's request (the "Claims Procedures Order") [ECF 12]. Pursuant to this order, customers were required to file claims with the Trustee by the statutory bar date. Claims Procedures Order at *3.

14. In accordance with the Claims Procedures Order, on January 17, 2009, Mr. Greiff served the Trustee with his customer claim (the "Customer Claim), seeking to recover the purported balance in his account based upon his statements.

15. On August 28, 2009, more than a year before the filing of the Complaint against Mr. Greiff, the Trustee issued a Notice of Trustee's Determination of Claim with respect to the Greiff Customer Claim. The Trustee denied the Customer Claim on the grounds that the claimants had "withdrawn more than was deposited into your account, you do not have positive 'net equity' in your account and you are not entitled to an allowed claim in the BLMIS proceeding."

16. The Trustee's Notice of Determination plainly disposes of the Defendant's claim. It states:

> **PLEASE TAKE NOTICE**: If you disagree with this determination and desire a hearing before the Bankruptcy Judge Burton R. Lifland, you **MUST** file your written opposition, setting forth the grounds for your disagreement, referencing Bankruptcy Case No. 08-1789 (BRL) and attaching copies of any documents in support of your position, with the United States Bankruptcy Court **and** the Trustee within **THIRTY DAYS** after July 1, 2010, the date on which the Trustee mailed this notice.
>
> **PLEASE TAKE FURTHER NOTICE:** If you do not properly and timely file a written opposition, the Trustee's determination with respect to your claim will be deemed confirmed by the Court and binding on you.
>
> Complaint, Exhibit C, a copy of which is attached for the Court's ease of reference as Exhibit A to the accompanying Declaration of Arthur H. Ruegger, dated March 9, 2020 (the "3/9 Ruegger Dec.").

17. Mr. Greiff did not object to the determination. Thus, in accordance with the Trustee's own procedure, his claim was finally and completely disallowed.

18. The Trustee did not assert a section 502(d) claim in the Complaint or object to the Customer Claim in the adversary proceeding. Notwithstanding the final disallowance in the notice, the Trustee referred in the Complaint to the separate proceeding for adjudicating claims that

- 6 -

appears in every complaint against the customers. *See* Complaint at ¶ 55. The mere reference to a completely inapplicable claims procedure cannot create jurisdiction over the adversary proceeding.

19. Mr. Greiff had no pending claim for more than a year before the Trustee filed the adversary proceeding. As a result, there was and could not be a link between the issues or claims in the adversary proceeding and the allowance of the proof of claim. Moreover, as this Court has acknowledged, the claims allowance process and the avoidance action do not involve the same cause of action or evidence:

> More importantly, the issues and evidence are not necessarily the same. A customer has a net equity claim of zero whether he has overdrawn his BLMIS account by $1.00 or $1 million. It makes no difference, and he might withdraw his net equity claim in either circumstance. On the other hand, the amount that he has overdrawn measures his potential liability for fictitious profits in an avoidance action under the Bankruptcy Code, and whether that is $1.00 or $1 million makes a big difference. A claimant who could show that some of the withdrawals came from third parties might still have a zero net equity claim but the withdrawals paid by non-debtors would reduce the fictitious profits he received and his liability for a fraudulent transfer. The withdrawal of the net equity claims acknowledges that the Defendants' net equity claims are zero but does not necessarily say anything about their defense to the Avoidance Action. Accordingly, res judicata does not foreclose the Defendants' argument that the Two-Year Transfers were not made by BLMIS.

*Picard v. BAM L.P.,* 608 B.R. 165, 180, Adv. Proc. No. 10-04390 (Bankr. S.D.N.Y. Sept. 11, 2019).

20. In sum, the disallowed SIPA claim has no impact on the adversary proceeding. the outcome of the adversary proceeding is determined by the disallowance of the claim.

21. Finally, in this Circuit, the filing of a claim is not sufficient to waive the Seventh Amendment right to a jury trial. *See Germain v. Connecticut Nat. Bank*, 988 F.2d 1323, 1330 (2d Cir. 1993) ("We conclude that neither precedent nor logic supports the proposition that either the creditor or the debtor automatically waives all right to a jury trial whenever a proof of claim is

filed."); *In re CBI Holding Co., Inc.*, 529 F.3d 432, 466 (2d Cir. 2008) ("[F]iling a proof of claim is a necessary but not sufficient condition to forfeiting a creditor's right to a jury trial.").

22. The waiver of a jury trial depends upon a necessary link between the cause of action and the claims allowance process. A claimant's right to a jury trial depends not only upon whether the claimant filed a claim, but also upon whether the dispute in which it requested a jury trial implicates the claims-allowance process. *Germain*, 988 F.2d at 1330 ("[f]or a waiver to occur, the dispute must be part of the claims-allowance process or affect the hierarchical reordering of creditors' claims.") (emphasis added). *See also Messer,* 2016 WL 4540842, 2016 U.S. Dist. LEXIS 117258 at *43. The *Messer* court held that defendant's constitutional right to a jury trial was not waived by filing proofs of claim where, as here, the claims in the adversary proceeding did not bear directly on the allowance of the claims and the litigation claims would not necessarily be resolved in the claims allowance process.[1]

23. Where, as here, the claim was disallowed before the adversary proceeding was filed, the right to a jury trial is preserved. At this court stated in *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 531 B.R. 439 (Bankr. S.D.N.Y. 2015):

> The Court's authority to enter a final judgment depends, therefore, on whether a particular defendant filed a claim that is still subject to allowance or disallowance through the claims allowance process. If the defendant has filed a claim and the Trustee is seeking to disallow the claim under § 502(d) based on the defendant's receipt of a fraudulent transfer, this Court can enter a final judgment on the fraudulent transfer claim…. Similarly, no § 502(d) disallowance claim would lie against a defendant who filed a claim that has been finally disallowed.;

---

[1] The court also rejected the trustee's argument that disallowance of claim does not reverse the effects of having filing it based on *Stern*: *See* note 3 ("The Bankruptcy Court below lacked the constitutional authority to enter a final judgment on a state law counterclaim that is not resolved in the process of ruling on a creditor's proof of claim.") citing *Stern*, 564 U.S. at 503.

531 B.R. at 455; *see also Smith v. Dowden,* 47 F.3d 940 (8th Cir. 1995) (withdrawal of the claim of the claim prior to the initiation of the adversary proceeding renders the withdrawn claim a nullity).

24. Similarly, the "time of filing" rule does not bar a jury trial in this case. The Defendant's claim had been disallowed well before the adversary proceeding was commenced. In *Picard v. BAM LP (In re Bernard L. Madoff Investment Securities LLC)*, Adv. Pro. No. 10-04390 (Bankr. S.D.N.Y. Jan. 18, 2019), the Court considered the issue of whether a bankruptcy court loses its equitable jurisdiction over a fraudulent transfer action because the defendant-creditor withdraws his proof of claim after the adversary proceeding was filed but before the bankruptcy court has tried the matter. The bankruptcy court concluded that it acquired equitable jurisdiction over the Trustee's fraudulent transfer action when it was commenced under the time-of-filing rule, and the defendants' withdrawal of their claims did not destroy it. This case is different. At the time the adversary proceeding was filed, there was no pending claim. The Defendant's acceptance of the Trustee's determination could not be seen as an attempt to manipulate jurisdiction over the adversary proceeding, which would not be filed for months.[2]

25. These issues are before the District Court for determination as they were raised in the Defendant's Withdrawal Motion. The reasoning here supports the issuance of the stay to allow the District Court to reach its determination.

---

[2] It is for this reason that District Judge Broderick's recent decision, and this Court's prior decision, in that same case, *Picard v. BAM L.P., (In re Bernard L. Madoff Inv. Secs. LLC)*, 18-CV-9916 and 19-CV-812 (S.D.N.Y. Feb. 26, 2020), are not to the contrary. Both Judge Broderick's and this Court's decisions in the BAM case hinged on the fact that the customer's claim was pending when the adversary proceeding was commenced and remained pending for years before a voluntary withdrawal. Apart from the precedent finding no bankruptcy court jurisdiction when the claim is withdrawn before the adversary has been commenced (*e.g., Smith v. Dowden*, 47 F.3d 940 (8th Cir. 1995)), obviously there can be no concern with "gamesmanship" after the claim has been disallowed long before any adversary proceeding is commenced.

- 9 -

### III. THERE ARE FACTUAL ISSUES REMAINING IN DISPUTE TO BE TRIED BY THE DISTRICT COURT

26. There are additional factual issues that remain in dispute that should be tried before the District Court and further support withdrawal of the reference. Rather than burdening the Court with a repetition of arguments presented in the Withdrawal Motion and previously presented to this Court, Defendant outlines the issues below and will reference those issues in the Withdrawal Motion which Defendant hereby incorporates here.

27. <u>Transfers to Defendants Were Not Those of the Debtor</u>. Mr. Greiff submits the Trustee cannot meet his burden of proving the transfers the Trustee seeks to avoid and recover in this action were those of the debtor, BLMIS. Rather, to the extent of Defendant information, the transfers were by either Mr. Madoff as an individual or by his sole proprietorship.[3] *See* Defendant James Greiff's Memorandum in Support of Motion to Withdraw the Reference of the Adversary Proceeding Pursuant to 28 U.S.C. § 157(d), Federal Rule of Bankruptcy Procedure 5001, and Rule 5011-1 of the Local Rules, dated March 4, 2020 (Adv. Proc. No. 10-04357 (SMB) [ECF 112] (the "Withdrawal Motion Mem."), at 6 - 9, 3/9 Ruegger Dec. Ex. B.[4]

28. <u>Madoff's Fraud Was Not a Classic Ponzi Scheme</u>. While Defendant is well aware of this Court's prior rulings on this issue, Defendant contends the record shows Madoff's fraud was not that of a classic Ponzi scheme and the Court's efforts to define that scheme so as to cover Madoff's fraud are erroneous. See Withdrawal Motion Mem. pp. 9 - 10; 3/9 Ruegger Dec. Ex. B.

---

[3] We anticipate the Trustee will attempt to respond to this argument by reference to the Defendant's Answer, served long before the production of the documents revealing the transfer payments were not by the debtor. Rather than pursuing the inefficiencies involved with a motion to amend that out-of-date Answer, however, the corrected contentions will be best reflected in the parties' pretrial stipulation and order, which will supersede the prior pleadings. *See Rockwell Int'l Corp. v. United States,* 549 U.S. 457, 474 (2007), citing *Syrie v. Knoll Int'l,* 748 F.2d 304, 308 (5th Cir. 1984); *see also Wilson v. Muckala,* 303 F.3d 1207, 1215 (10th Cir. 2002).

[4] For the Court's ease of reference concerning the record citations in the Withdrawal Motion, attached as Exhibit C to the 3/9 Ruegger Dec. is the Declaration of Arthur H. Ruegger in Support of Defendant's Motion for Withdrawal of the Reference, dated March 4, 2010, (Bankr. S.D.N.Y.) Adv. Proc. No. 10-04357 (SMB) [ECF 113].

29. <u>Dispute as to Amounts Withdrawn</u>. In addition, Mr. Greiff disputes the Trustee's accounting as to the withdrawals from Mr. Greiff's accounts, contending the Trustee has inflated the withdrawal amount by $1,154,816. See Withdrawal Motion Mem. p. 11, ¶ 25, 3/9 Ruegger Dec. Ex. B.

30. In short, there are substantial issues of fact warranting the jury trial before the District court.

### IV. THE TRUSTEE WILL NOT BE PREJUDICED BY A BRIEF STAY

31. Finally, the Defendant is not seeking an indefinite stay and there is little or no prejudice to the Trustee.

### CONCLUSION

For the reasons stated above, the Defendant respectfully requests that the Court enter the order scheduling a hearing on an expedited basis and granting a stay of the trial pending a determination by the District Court on the Withdrawal Motion.

Dated: March 9, 2020  
New York, New York

**DENTON US LLP**  
By: *s/Arthur H. Ruegger*  
Arthur H. Ruegger  
Carole Neville  
1221 Avenue of the Americas  
New York, New York 10020  
Tel: (212) 768-6700  
Fax: (212) 768-6800  
Email: arthur.ruegger@dentons.com

*Attorneys for Defendant*