# EXHIBIT C

DENTONS US LLP
Arthur H. Ruegger
Carole Neville
1221 Avenue of the Americas
New York, New York 10020
Tel: (212) 768-6700
Fax: (212) 768-6800
Email: arthur.ruegger@dentons.com

*Attorneys for Defendant*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>Plaintiff,<br><br>v.<br><br>JAMES GREIFF,<br><br>Defendant. | Adv. Pro. No. 10-04357 (SMB) |

## DECLARATION OF ARTHUR H. RUEGGER IN SUPPORT OF
## DEFENDANT'S MOTION FOR WITHDRAWAL OF THE REFERENCE

I, Arthur H. Ruegger, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746, as follows:

1.     I am a Senior Counsel at Dentons US LLP, counsel to defendant, James Greiff.  I am a member of the bar of New York and I am admitted to practice in this Court.

2.     I submit this declaration in support of Defendant's motion for withdrawal of the reference.

3.     Attached hereto as **Exhibit A** is a true and correct copy the Complaint, dated November 12, 2010, commencing the above-captioned adversary proceeding (Bankr. S.D.N.Y. Adv. Proc. No. 10-04357-brl) [ECF No. 1] (the "Greiff Complaint" or the "Complaint").

4.     Attached hereto as **Exhibit B** is, to the best of our information and belief, a true and correct copy of a letter dated January 1, 2001 from Bernard Madoff and Bernard L. Madoff Investment Securities LLC ("BLMIS" or the "LLC") to the Bank of New York, bates stamped MESTABL00005744.

5.     Attached hereto as **Exhibit C** is, to the best of our information and belief, a true and correct copy of a letter dated January 1, 2001 from Bernard Madoff and the LLC to the National Securities Clearing Corporation, bates stamped MADTEE00544438.

6.     Attached hereto as **Exhibit D** is, to the best of our information and belief, a true and correct copy of a letter dated January 1, 2001 from Bernard Madoff and the LLC to the Options Clearing Corporation , bates stamped MADTEE0000544725.

7.     Attached hereto as **Exhibit E** is, to the best of our information and belief, a true and correct copy of a letter dated January 1, 2001 from Bernard Madoff and the LLC to the Depository Trust Company, bates stamped MESTABL00005745.

8.      Attached hereto as **Exhibit F** is a true and correct copy of the Form BD filed with the Securities and Exchange Commission on or about January 12, 2001, on behalf of Bernard L. Madoff Investment Securities LLC.

9.      Attached hereto as **Exhibit G** are true and correct copies of a sampling of monthly statements for account No. xxxxxxx1509 (the "509 Account") at JPMorgan Chase held in the name of Bernard L. Madoff Investment Securities, bates stamped beginning JPMTAA0000316.

10.      Attached hereto as **Exhibit H** are true and correct copies of a sampling of monthly statements for account No. #xxxxx1703 (the "703 Account") at JPMorgan Chase held in the name of Bernard L. Madoff or Bernard L. Madoff Investment Securities, bates stamped beginning MADWAA00139882.

11.      Attached hereto as **Exhibit I** is a true and accurate copies of examples of the checks written on the 509 Account representing transfers to Defendant James Greiff, bates stamped MADWAA00259419, MADWAA00390962, MADWAA00052071, MADWAA00040325, MADWAA00248970.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    March 4, 2020

_____
ARTHUR H. RUEGGER

# EXHIBIT A

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Marc E. Hirschfield
Richard J. Bernard
Geraldine E. Ponto
Marc Skapof

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation of*
*Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (BRL) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 10-_____ (BRL) |
| Plaintiff, | |
| v. | |
| JAMES GREIFF, | |
| Defendant. | |

## COMPLAINT

Irving H. Picard (the "Trustee"), as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* ("SIPA"),[1] and the substantively consolidated estate of Bernard L. Madoff individually ("Madoff"), by and through his undersigned counsel, for his complaint (the "Complaint"), states as follows:

## NATURE OF PROCEEDING

1.     This adversary proceeding arises from the massive Ponzi scheme perpetrated by Madoff. Over the course of the scheme, there were more than 8,000 client accounts at BLMIS. In early December 2008, BLMIS generated client account statements for its approximately 4,900 open client accounts. When added together, these statements purport that clients of BLMIS had approximately $65 billion invested with BLMIS. In reality, BLMIS had assets on hand worth a small fraction of that amount. On March 12, 2009, Madoff admitted to the fraudulent scheme and pled guilty to 11 felony counts, and was sentenced on June 29, 2009 to 150 years in prison. The within defendant ("Defendant") received avoidable transfers from BLMIS.

2.     Defendant was a beneficiary of this Ponzi scheme. Since December 11, 2002, Defendant received the amount of $9,810,138 from BLMIS. The Trustee's investigation has revealed that approximately $2,803,787 of this amount represented fictitious profits from the Ponzi scheme. Accordingly, Defendant has received approximately $2,803,787 of other people's money. This action is brought to recover the fictitious profit amount so that this customer property can be equitably distributed among all of the victims of BLMIS.

---

[1] For convenience, future reference to SIPA will not include "15 U.S.C."

3.     This adversary proceeding is brought pursuant to sections 78fff(b), 78fff-1(a) and

78fff-2(c)(3) of SIPA, sections 105(a), 544, 548(a), 550(a) and 551 of title 11 of the United

States Code (the "Bankruptcy Code"), the New York Fraudulent Conveyance Act (New York

Debtor and Creditor Law § 270 *et seq.* (McKinney 2001) ("DCL")) and other applicable law, for

avoidance of fraudulent conveyances in connection with certain transfers of property by BLMIS

to or for the benefit of Defendant.  The Trustee seeks to set aside such transfers and preserve and

recover the property for the benefit of BLMIS' defrauded customers.

**JURISDICTION AND VENUE**

4.     This is an adversary proceeding commenced before the same Court before whom

the main underlying SIPA proceeding, No. 08-01789 (BRL) (the "SIPA Proceeding"), is

pending.  The SIPA Proceeding was originally brought in the United States District Court for the

Southern District of New York as *Securities Exchange Commission v. Bernard L. Madoff*

*Investment Securities LLC et al.*, No. 08 CV 10791 (the "District Court Proceeding") and has

been referred to this Court.  This Court has jurisdiction over this adversary proceeding under 28

U.S.C. § 1334(b) and 15 U.S.C. §§ 78eee(b)(2)(A), (b)(4).

5.     This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (H) and (O).

6.     Venue in this district is proper under 28 U.S.C. § 1409.

**DEFENDANT**

7.     Upon information and belief, Defendant James Greiff maintains his residence in

Alpharetta, Georgia.  Defendant holds a BLMIS account in the name "James Greiff," with the

account address reported in Alpharetta, Georgia.

## BACKGROUND, THE TRUSTEE AND STANDING

8.     On December 11, 2008 (the "Filing Date"),[2] Madoff was arrested by federal

agents for violation of the criminal securities laws, including, *inter alia*, securities fraud,

investment adviser fraud, and mail and wire fraud.  Contemporaneously, the Securities and

Exchange Commission ("SEC") filed a complaint in the District Court, which commenced the

District Court Proceeding against Madoff and BLMIS.  The District Court Proceeding remains

pending in the District Court.  The SEC complaint alleged that Madoff and BLMIS engaged in

fraud through the investment advisor activities of BLMIS.

9.     On December 12, 2008, The Honorable Louis L. Stanton of the District Court

entered an order appointing Lee S. Richards, Esq. (the "Receiver") as receiver for the assets of

BLMIS.

10.     On December 15, 2008, pursuant to section 78eee(a)(4)(A) of SIPA, the SEC

consented to a combination of its own action with an application of the Securities Investor

Protection Corporation ("SIPC").  Thereafter, pursuant to section 78eee(a)(4)(B) of SIPA, SIPC

filed an application in the District Court alleging, *inter alia*, that BLMIS was not able to meet its

obligations to securities customers as they came due and, accordingly, its customers needed the

protections afforded by SIPA.

11.     Also on December 15, 2008, Judge Stanton granted the SIPC application and

entered an order pursuant to SIPA (the "Protective Decree"), which, in pertinent part:

   a.     appointed the Trustee for the liquidation of the business of BLMIS

pursuant to section 78eee(b)(3) of SIPA;

---

[2] Section 78*lll*(7)(B) of SIPA states that the filing date is "the date on which an application for a protective decree is
filed under 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court
"in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced
before the date on which such application was filed, the term 'filing date' means the date on which such proceeding

     b.     appointed Baker & Hostetler LLP as counsel to the Trustee pursuant to section 78eee(b)(3) of SIPA; and

     c.     removed the case to this Court pursuant to section 78eee(b)(4) of SIPA. By this Protective Decree, the Receiver was removed as Receiver for BLMIS.

12.     By orders dated December 23, 2008 and February 4, 2009, respectively, the Bankruptcy Court approved the Trustee's bond and found that the Trustee was a disinterested person. Accordingly, the Trustee is duly qualified to serve and act on behalf of the estate of BLMIS.

13.     At a Plea Hearing on March 12, 2009 in the case captioned *United States v. Madoff*, Case No. 09-CR-213(DC), Madoff pled guilty to an eleven-count criminal information filed against him by the United States Attorneys' Office for the Southern District of New York. At the Plea Hearing, Madoff admitted that he "operated a Ponzi scheme through the investment advisory side of [BLMIS]." Plea Allocution of Bernard L. Madoff at 23, *United States v. Madoff,* No. 09-CR-213 (DC) (S.D.N.Y. March 12, 2009) (Docket No. 50). Additionally, Madoff asserted "[a]s I engaged in my fraud, I knew what I was doing [was] wrong, indeed criminal." *Id.* Madoff was sentenced on June 29, 2009 to 150 years in prison.

14.     On August 11, 2009, a former BLMIS employee, Frank DiPascali, pled guilty to participating in and conspiring to perpetuate the Ponzi scheme. At a Plea Hearing on August 11, 2009 in the case entitled *United States v. DiPascali,* Case No. 09-CR-764 (RJS), DiPascali pled guilty to a ten-count criminal information. Among other things, DiPascali admitted that the fictitious scheme had begun at BLMIS since at least the 1980s. Plea Allocution of Frank

---

was commenced." 15 U.S.C. § 78*lll*(7)(B). Thus, even though the application for a protective decree was filed on December 15, 2008, the Filing Date in this action is December 11, 2008.

DiPascali at 46, *United States v. DiPascali*, No. 09-CR-764 (RJS) (S.D.N.Y. Aug. 11, 2009)

(Docket No. 11).

15.    As the Trustee appointed under SIPA, the Trustee is charged with recovering and

paying out customer property to BLMIS' customers, assessing claims, and liquidating any other

assets of the firm for the benefit of the estate and its creditors.  The Trustee is in the process of

marshalling BLMIS' assets, and the liquidation of BLMIS' assets is well underway.  However,

such assets will not be sufficient to reimburse the customers of BLMIS for the billions of dollars

that they invested with BLMIS over the years.  Consequently, the Trustee must use his authority

under SIPA and the Bankruptcy Code to pursue recovery from customers who received

preferences and/or payouts of fictitious profits to the detriment of other defrauded customers

whose money was consumed by the Ponzi scheme.  Absent this or other recovery actions, the

Trustee will be unable to satisfy the claims described in subparagraphs (A) through (D) of SIPA

section 78fff-2(c)(1).

16.    Pursuant to section 78fff-1(a), the Trustee has the general powers of a bankruptcy

trustee in a case under the Bankruptcy Code in addition to the powers granted by SIPA pursuant

to SIPA section 78fff(b).  Chapters 1, 3, 5 and subchapters I and II of chapter 7 of the

Bankruptcy Code apply to this proceeding to the extent consistent with SIPA.

17.    Pursuant to sections 78fff(b) and 78*lll*(7)(B) of SIPA, the Filing Date is deemed to

be the date of the filing of the petition within the meaning of section 548 of the Bankruptcy Code

and the date of the commencement of the case within the meaning of section 544 of the

Bankruptcy Code.

18.     The Trustee has standing to bring these claims pursuant to section 78fff-1(a) of SIPA and the Bankruptcy Code, including sections 323(b) and 704(a)(1), because, among other reasons:

a.      Defendant received "Customer Property" as defined in 15 U.S.C. §78*lll*(4);

b.      BLMIS incurred losses as a result of the claims set forth herein;

c.      BLMIS' customers were injured as a result of the conduct detailed herein;

d.      SIPC has not reimbursed, and statutorily cannot fully reimburse, all customers for all of their losses;

e.      the Trustee will not be able to fully satisfy all claims;

f.      the Trustee, as bailee of customer property, can sue on behalf of the customer bailors;

g.      the Trustee is the assignee of claims paid, and to be paid, to customers of BLMIS who have filed claims in the liquidation proceeding (such claim-filing customers, collectively, "Accountholders"). As of the date hereof, the Trustee has received multiple express unconditional assignments of the applicable Accountholders' causes of action, which actions could have been asserted against Defendant. As assignee, the Trustee stands in the shoes of persons who have suffered injury in fact and a distinct and palpable loss for which the Trustee is entitled to reimbursement in the form of monetary damages. The Trustee brings this action on behalf of, among others, those defrauded customers of BLMIS who invested more money in BLMIS than they withdrew; and

h.      SIPC is the subrogee of claims paid, and to be paid, to customers of BLMIS who have filed claims in the liquidation proceeding. SIPC has expressly conferred upon

-7-

the Trustee enforcement of its rights of subrogation with respect to payments it has made and is

making to customers of BLMIS from SIPC funds.

## THE FRAUDULENT PONZI SCHEME

19.    Founded in 1959, BLMIS began operations as a sole proprietorship of Madoff and

later, effective January 2001, formed as a New York limited liability company wholly owned by

Madoff.  Since in or about 1986, BLMIS operated from its principal place of business at 885

Third Avenue, New York, New York.  Madoff, as founder, proprietor, chairman, and chief

executive officer, ran BLMIS together with several family members and a number of additional

employees.  BLMIS was registered with the SEC as a securities broker-dealer under section

15(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78$o$(b).  By that registration, BLMIS

is a member of SIPC.  BLMIS had three business units: investment advisory (the "IA Business"),

market making and proprietary trading.

20.    For certain accounts in the IA Business, BLMIS purported to participate in a

capital appreciation/depreciation strategy, depending on whether the customer sought to generate

gains or losses.  For example, the strategy was executed by either purporting to purchase small

groups of securities near lows and then purporting to sell those same securities at highs, or by

purporting to short-sell securities near highs and then purporting to repurchase those securities

near lows.

21.    For other accounts, Madoff described the IA Business' strategy as a "split-strike

conversion" strategy.  Madoff promised these clients that their funds would be invested in a

basket of common stocks within the S&P 100 Index, which is a collection of the 100 largest U.S.

publicly traded companies.  The basket of stocks would be intended to mimic the movement of

the S&P 100 Index.  Madoff asserted that he would carefully time purchases and sales to

maximize value, but this meant that the clients' funds would intermittently be out of the market,

at which times they would purportedly be invested in U.S. issued securities and money market

funds. The second part of the split-strike conversion strategy was the hedge of such purchases

with option contracts. Madoff purported to purchase and sell S&P 100 Index option contracts

that closely corresponded with the stocks in the basket, thereby controlling the downside risk of

price changes in the basket of stocks.

22.     Although clients of the IA Business received monthly or quarterly statements

purportedly showing the securities that were held in – or had been traded through – their

accounts, as well as the growth of and profit from those accounts over time, the trades reported

on these statements were a complete fabrication. The security purchases and sales depicted in

the account statements virtually never occurred and the profits reported were entirely fictitious.

At his Plea Hearing, Madoff admitted that he never in fact purchased any of the securities he

claimed to have purchased for customer accounts. *See* Plea Allocution of Bernard L. Madoff at

3, *United States v. Madoff*, No. 09-CR-213 (DC) (S.D.N.Y. March 12, 2009) (Docket No. 50).

Indeed, based on the Trustee's investigation to date and with the exception of isolated individual

trades for certain clients other than Defendant, there is no record of BLMIS having cleared any

purchase or sale of securities on behalf of the IA Business at the Depository Trust & Clearing

Corporation, the clearing house for such transactions.

23.     Prior to his arrest, Madoff assured clients and regulators that he conducted all

trades on the over-the-counter market after hours. To bolster that lie, Madoff periodically wired

tens of millions of dollars to BLMIS' affiliate, Madoff Securities International Ltd. ("MSIL"), a

London based entity substantially owned by Madoff and his family. There are no records that

MSIL ever used the wired funds to purchase securities for the accounts of the IA Business

clients.

24.     Additionally, based on the Trustee's investigation to date, there is no evidence that BLMIS ever purchased or sold any of the options that Madoff claimed on customer statements to have purchased and sold.

25.     For all periods relevant hereto, the IA Business was operated as a Ponzi scheme and Madoff and his co-conspirators concealed the ongoing fraud in an effort to hinder, delay or defraud other current and prospective customers of BLMIS.  The money received from investors was not set aside to buy securities as purported, but instead was primarily used to make the distributions to – or payments on behalf of – other investors.  The money sent to BLMIS for investment, in short, was simply used to keep the scheme going and to enrich Madoff, his associates and others, including Defendant, until such time as the requests for redemptions in December 2008 overwhelmed the flow of new investments and caused the inevitable collapse of the Ponzi scheme.

26.     The payments to investors constituted an intentional misrepresentation of fact regarding the underlying accounts and were an integral and essential part of the fraud.  The payments were necessary to validate the false account statements and were made to avoid detection of the fraud, to retain existing investors, and to lure other investors into the Ponzi scheme.

27.     During the scheme, certain investors requested and received distributions of the so-called "profits" listed for their accounts, which were nothing more than fictitious profits. Other investors, from time to time, redeemed or closed their accounts, or removed portions of purportedly available funds, and were paid consistently with the statements they had been receiving.  Some of those investors later re-invested part or all of those withdrawn payments with BLMIS.

-10-

28.     When payments were made to or on behalf of these investors, including

Defendant, the falsified monthly statements of accounts reported that the accounts of such

investors included substantial gains.  In reality, BLMIS had not invested the investors' principal

as reflected in customer statements.  In an attempt to conceal the ongoing fraud and thereby

hinder, delay or defraud other current and prospective investors, BLMIS paid to or on behalf of

certain investors the inflated amounts reflected in the falsified financial statements, including

principal and/or fictitious profits.

29.     BLMIS used the funds deposited from new investments to continue operations

and pay redemption proceeds to or on behalf of other investors and to make other transfers.  Due

to the siphoning and diversion of new investments to fund redemptions requested by other

investors, BLMIS did not have the funds to pay investors on account of their new investments.

BLMIS was able to stay afloat only by using the principal invested by some clients to pay other

investors or their designees.

30.     In an effort to hinder, delay or defraud authorities from detecting the fraud,

BLMIS did not register as an Investment Advisor until September 2006.

31.     In or about January 2008, BLMIS filed with the SEC a Uniform Application for

Investment Adviser Registration.  The application represented, *inter alia*, that BLMIS had 23

customer accounts and assets under management of approximately $17.1 billion.  In fact, in

January 2008, BLMIS had approximately 4,900 active client accounts with a purported value of

approximately $65 billion under management.

32.     Not only did Madoff seek to evade regulators, Madoff also had false audit reports

"prepared" by Friehling & Horowitz, a three-person accounting firm in Rockland County, New

York. Of the two accountants at the firm, one was semi-retired and living in Florida for many years prior to the Filing Date.

33.     At all times relevant hereto, the liabilities of BLMIS were billions of dollars greater than the assets of BLMIS. At all relevant times, BLMIS was insolvent in that (i) its assets were worth less than the value of its liabilities; (ii) it could not meet its obligations as they came due; and (iii) at the time of the transfers, BLMIS was left with insufficient capital.

## THE TRANSFERS

34.     According to BLMIS' records, an account (No. 1ZB324) was maintained with BLMIS, as set forth on Exhibit A (the "Account"). Upon information and belief, for the Account, a Customer Agreement, an Option Agreement, and/or a Trading Authorization Limited to Purchases and Sales of Securities and Options (collectively, the "Account Agreements") were executed and delivered to BLMIS at BLMIS' headquarters at 885 Third Avenue, New York, New York.

35.     The Account Agreements were to be performed in New York, New York through securities trading activities that would take place in New York, New York. The Account was held in New York, New York, and Defendant sent funds to BLMIS and/or to BLMIS' account at JPMorgan Chase & Co., Account #xxxxxxxxxxx1703 (the "BLMIS Bank Account") in New York, New York for application to the Account and the purported conducting of trading activities. Between the date the Account was opened and the Filing Date, Defendant made deposits to BLMIS through checks and/or wire transfers into the BLMIS Bank Account and/or received inter-account transfers from other BLMIS accounts.

36.     During the six years prior to the Filing Date, BLMIS made transfers (collectively, the "Transfers") to Defendant totaling approximately $2,803,787 in fictitious profits from the Ponzi scheme. The Transfers received by Defendant constitute non-existent profits supposedly

-12-

earned in the Account, but, in reality, they were other people's money.  The Transfers were made

to or for the benefit of Defendant and are set forth in Columns 10 and 11 on Exhibit B annexed

hereto.

      37.    The Transfers that are avoidable and recoverable under sections 544(b), 550(a)(1)

and 551 of the Bankruptcy Code, applicable provisions of SIPA, particularly SIPA section 78fff-

2(c)(3), and applicable provisions of N.Y. CPLR 203(g) (McKinney 2001) and DCL sections

273 – 279 (McKinney 2001) total approximately $2,803,787 and are referred to hereafter as the

"Six Year Transfers." *See* Exhibit B, Column 11.  The Transfers that are avoidable and

recoverable under sections 548(a), 550(a)(1) and 551 of the Bankruptcy Code and applicable

provisions of SIPA, particularly SIPA section 78fff-2(c)(3) total approximately $2,595,940 and

are referred to hereafter as the "Two Year Transfers." *See* Exhibit B, Column 10.

      38.    The Trustee's investigation is ongoing and the Trustee reserves the right to

(i) supplement the information regarding the Transfers and any additional transfers and (ii) seek

recovery of such additional transfers.

      39.    To the extent that any of the avoidance and/or recovery counts may be

inconsistent with each other, they are to be treated as being pled in the alternative.

## CUSTOMER CLAIM

      40.    On or about January 17, 2009, Defendant filed a customer claim with the Trustee

which the Trustee has designated as Claim # 000626 (the "Customer Claim").

      41.    On or about August 28, 2009, the Trustee issued a Notice of Trustee's

Determination of Claim to Defendant (the "Determination") with respect to the Customer Claim.

A copy of the Determination is attached hereto as Exhibit C. [3]

---

[3]    In October 2009, the Trustee adjusted the methodology used for analysis of certain account transactions, specifically deposits that were cancelled.  As a result, there may be slight variations in the way certain transactions

42.     Defendant did not file an objection to the Determination with the Court.

43.     On December 23, 2008, this Court entered an Order on Application for Entry of an Order Approving Form and Manner of Publication and Mailing of Notices, Specifying Procedures for Filing, Determination and Adjudication of Claims, and Providing Other Relief ("Claims Procedures Order"; Docket No. 12).  The Claims Procedures Order includes a process for determination and allowance of claims under which the Trustee has been operating.  The Trustee intends to resolve the Customer Claims and any related objection to the Trustee's determination of such claims through a separate hearing as contemplated by the Claims Procedures Order.

## COUNT ONE
## FRAUDULENT TRANSFER – 11 U.S.C. §§ 548(a)(1)(A), 550(a) AND 551

44.     To the extent applicable, the Trustee incorporates by reference the allegations contained in the previous paragraphs of this Complaint as if fully rewritten herein.

45.     Each of the Two Year Transfers was made on or within two years before the Filing Date.

46.     Each of the Two Year Transfers constituted a transfer of an interest of BLMIS in property within the meaning of section 101(54) of the Bankruptcy Code and pursuant to section 78fff-2(c)(3) of SIPA.

47.     Each of the Two Year Transfers was made by BLMIS with the actual intent to hinder, delay, or defraud some or all of BLMIS' then existing and/or future creditors.

48.     Each of the Two Year Transfers constitutes a fraudulent transfer avoidable by the Trustee pursuant to section 548(a)(1)(A) of the Bankruptcy Code and recoverable from Defendant pursuant to section 550(a) of the Bankruptcy Code and section 78fff-2(c)(3) of SIPA.

are displayed in Exhibit B as compared to Table 1 attached to Exhibit C.  The net cash balance of the account is not

49.     As a result of the foregoing, pursuant to sections 548(a)(1)(A), 550(a), and 551 of the Bankruptcy Code and section 78fff-2(c)(3) of SIPA, the Trustee is entitled to a judgment against Defendant: (a) avoiding and preserving the Two Year Transfers, (b) directing that the Two Year Transfers be set aside, and (c) recovering the Two Year Transfers, or the value thereof, from Defendant for the benefit of the estate of BLMIS.

<div align="center">

**COUNT TWO**
**FRAUDULENT TRANSFER – 11 U.S.C. §§ 548(a)(1)(B), 550(a) AND 551**

</div>

50.     To the extent applicable, the Trustee incorporates by reference the allegations contained in the previous paragraphs of this Complaint as if fully rewritten herein.

51.     Each of the Two Year Transfers was made on or within two years before the Filing Date.

52.     Each of the Two Year Transfers constituted a transfer of an interest of BLMIS in property within the meaning of section 101(54) of the Bankruptcy Code and pursuant to section 78fff-2(c)(3) of SIPA.

53.     BLMIS received less than reasonably equivalent value in exchange for each of the Two Year Transfers.

54.     At the time of each of the Two Year Transfers, BLMIS was insolvent, or became insolvent as a result of the Two Year Transfers.

55.     At the time of each of the Two Year Transfers, BLMIS was engaged in a business or a transaction, or was about to engage in a business or transaction, for which any property remaining with BLMIS was an unreasonably small capital.

affected by this adjustment.

56.     At the time BLMIS made each of the Two Year Transfers, BLMIS had incurred, was intending to incur, or believed that it would incur debts beyond its ability to pay them as the debts matured.

57.     Each of the Two Year Transfers constitutes a fraudulent transfer avoidable by the Trustee pursuant to section 548(a)(1)(B) of the Bankruptcy Code and recoverable from Defendant pursuant to section 550(a) of the Bankruptcy Code and section 78fff-2(c)(3) of SIPA.

58.     As a result of the foregoing, pursuant to sections 548(a)(1)(B), 550(a), and 551 of the Bankruptcy Code and section 78fff-2(c)(3) of SIPA, the Trustee is entitled to a judgment against Defendant: (a) avoiding and preserving the Two Year Transfers, (b) directing that the Two Year Transfers be set aside, and (c) recovering the Two Year Transfers, or the value thereof, from Defendant for the benefit of the estate of BLMIS.

## COUNT THREE
## FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 276, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551

59.     To the extent applicable, the Trustee incorporates by reference the allegations contained in the previous paragraphs of this Complaint as if fully rewritten herein.

60.     At all times relevant to the Six Year Transfers, there have been and are one or more creditors who have held and still hold matured or unmatured unsecured claims against BLMIS that were and are allowable under section 502 of the Bankruptcy Code or that were and are not allowable only under section 502(e) of the Bankruptcy Code.

61.     Each of the Six Year Transfers constituted a conveyance by BLMIS as defined under DCL section 270.

62.     Each of the Six Year Transfers was made by BLMIS with the actual intent to hinder, delay, or defraud the creditors of BLMIS.  BLMIS made each of the Six Year Transfers to or for the benefit of Defendant in furtherance of a fraudulent investment scheme.

63. As a result of the foregoing, pursuant to DCL sections 276, 278 and/or 279, sections 544(b), 550(a) and 551 of the Bankruptcy Code, and section 78fff-2(c)(3) of SIPA, the Trustee is entitled to a judgment against Defendant: (a) avoiding and preserving the Six Year Transfers, (b) directing that the Six Year Transfers be set aside, and (c) recovering the Six Year Transfers, or the value thereof, from Defendant for the benefit of the estate of BLMIS.

## COUNT FOUR
## FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 273 AND 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551

64. To the extent applicable, the Trustee incorporates by reference the allegations contained in the previous paragraphs of the Complaint as if fully rewritten herein.

65. At all times relevant to the Six Year Transfers, there have been and are one or more creditors who have held and still hold matured or unmatured unsecured claims against BLMIS that were and are allowable under section 502 of the Bankruptcy Code or that were and are not allowable only under section 502(e) of the Bankruptcy Code.

66. Each of the Six Year Transfers constituted a conveyance by BLMIS as defined under DCL section 270.

67. BLMIS did not receive fair consideration for any of the Six Year Transfers.

68. BLMIS was insolvent, or became insolvent as a result of the Six Year Transfers.

69. As a result of the foregoing, pursuant to DCL sections 273, 278 and/or 279, sections 544(b), 550(a) and 551 of the Bankruptcy Code, and section 78fff-2(c)(3) of SIPA, the Trustee is entitled to a judgment against Defendant: (a) avoiding and preserving the Six Year Transfers, (b) directing that the Six Year Transfers be set aside, and (c) recovering the Six Year Transfers, or the value thereof, from Defendant for the benefit of the estate of BLMIS.

## COUNT FIVE
### FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 274, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a), AND 551

70.    To the extent applicable, the Trustee incorporates by reference the allegations contained in the previous paragraphs of the Complaint as if fully rewritten herein.

71.    At all times relevant to the Six Year Transfers, there have been and are one or more creditors who have held and still hold matured or unmatured unsecured claims against BLMIS that were and are allowable under section 502 of the Bankruptcy Code or that were and are not allowable only under section 502(e) of the Bankruptcy Code.

72.    Each of the Six Year Transfers constituted a conveyance by BLMIS as defined under DCL section 270.

73.    BLMIS did not receive fair consideration for any of the Six Year Transfers.

74.    At the time BLMIS made each of the Six Year Transfers, BLMIS was engaged or was about to engage in a business or transaction for which the property remaining in its hands after each of the Six Year Transfers was an unreasonably small capital.

75.    As a result of the foregoing, pursuant to DCL sections 274, 278 and/or 279, sections 544(b), 550(a) and 551 of the Bankruptcy Code, and section 78fff-2(c)(3) of SIPA, the Trustee is entitled to a judgment against Defendant: (a) avoiding and preserving the Six Year Transfers, (b) directing that the Six Year Transfers be set aside, and (c) recovering the Six Year Transfers, or the value thereof, from Defendant for the benefit of the estate of BLMIS.

## COUNT SIX
### FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 275, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a), AND 551

76.    To the extent applicable, the Trustee incorporates by reference the allegations contained in the previous paragraphs of the Complaint as if fully rewritten herein.

-18-

77. At all times relevant to the Six Year Transfers, there have been and are one or more creditors who have held and still hold matured or unmatured unsecured claims against BLMIS that were and are allowable under section 502 of the Bankruptcy Code or that were and are not allowable only under section 502(e) of the Bankruptcy Code.

78. Each of the Six Year Transfers constituted a conveyance by BLMIS as defined under DCL section 270.

79. BLMIS did not receive fair consideration for any of the Six Year Transfers.

80. At the time BLMIS made each of the Six Year Transfers, BLMIS had incurred, was intending to incur, or believed that it would incur debts beyond its ability to pay them as the debts matured.

81. As a result of the foregoing, pursuant to DCL sections 275, 278 and/or 279 and sections 544(b), 550(a) and 551 of the Bankruptcy Code, and section 78fff-2(c)(3) of SIPA, the Trustee is entitled to a judgment against Defendant: (a) avoiding and preserving the Six Year Transfers, (b) directing that the Six Year Transfers be set aside, and (c) recovering the Six Year Transfers, or the value thereof, from Defendant for the benefit of the estate of BLMIS.

WHEREFORE, the Trustee respectfully requests that this Court enter judgment in favor of the Trustee and against Defendant as follows:

    i.    On the First Claim for Relief, pursuant to sections 548(a)(1)(A), 550(a) and 551 of the Bankruptcy Code, and section 78fff-2(c)(3) of SIPA: (a) avoiding and preserving the Two Year Transfers, (b) directing that the Two Year Transfers be set aside, and (c) recovering the Two Year Transfers, or the value thereof, from Defendant for the benefit of the estate of BLMIS;

    ii.   On the Second Claim for Relief, pursuant to sections 548(a)(1)(B), 550(a) and 551 of the Bankruptcy Code, and section 78fff-2(c)(3) of SIPA: (a) avoiding and preserving the

-19-

Two Year Transfers, (b) directing that the Two Year Transfers be set aside, and (c) recovering

the Two Year Transfers, or the value thereof, from Defendant for the benefit of the estate of

BLMIS;

     iii.    On the Third Claim for Relief, pursuant to DCL sections 276, 278 and/or 279,

sections 544(b), 550(a) and 551 of the Bankruptcy Code, and section 78fff-2(c)(3) of SIPA:

(a) avoiding and preserving the Six Year Transfers, (b) directing that the Six Year Transfers be

set aside, and (c) recovering the Six Year Transfers, or the value thereof, from Defendant for the

benefit of the estate of BLMIS;

     iv.    On the Fourth Claim for Relief, pursuant to DCL sections 273, 278 and/or 279,

sections 544(b), 550(a) and 551 of the Bankruptcy Code, and section 78fff-2(c)(3) of SIPA:

(a) avoiding and preserving the Six Year Transfers, (b) directing that the Six Year Transfers be

set aside, and (c) recovering the Six Year Transfers, or the value thereof, from Defendant for the

benefit of the estate of BLMIS;

     v.    On the Fifth Claim for Relief, pursuant to DCL sections 274, 278 and/or 279,

sections 544(b), 550(a), and 551 of the Bankruptcy Code, and section 78fff-2(c)(3) of SIPA:

(a) avoiding and preserving the Six Year Transfers, (b) directing the Six Year Transfers be set

aside, and (c) recovering the Six Year Transfers, or the value thereof, from Defendant for the

benefit of the estate of BLMIS;

     vi.    On the Sixth Claim for Relief, pursuant to DCL sections 275, 278 and/or 279,

sections 544(b), 550(a) and 551 of the Bankruptcy Code, and section 78fff-2(c)(3) of SIPA:

(a) avoiding and preserving the Six Year Transfers, (b) directing that the Six Year Transfers be

set aside, and (c) recovering the Six Year Transfers, or the value thereof, from Defendant for the

benefit of the estate of BLMIS;

vii.    On all Claims for Relief, pursuant to federal common law and N.Y. CPLR 5001 and 5004, awarding the Trustee prejudgment interest from the date on which the Transfers were received;

viii.    On all Claims for Relief, establishment of a constructive trust over the proceeds of the Transfers in favor of the Trustee for the benefit of BLMIS' estate;

ix.    On all Claims for Relief, assignment of Defendant's income tax refunds from the United States, state, and local governments paid on fictitious profits during the course of the scheme;

x.    On all Claims for Relief, awarding the Trustee all applicable interest, costs, and disbursements of this action; and

xi.    On all Claims for Relief, granting Plaintiff such other, further, and different relief as the Court deems just, proper and equitable.

Date:  November 12, 2010
      New York, New York

Of Counsel:

By: /s/ Marc E. Hirschfield
     /s/ Richard J. Bernard
     /s/ Geraldine E. Ponto
     /s/ Marc Skapof

**BAKER & HOSTETLER LLP**
303 East 17th Avenue, Suite 1100
Denver, Colorado  80203-1264
Telephone: (303) 861-0600
Facsimile: (303) 861-7805
Laurin D. Quiat
Email: lquiat@bakerlaw.com
Paul S. Enockson
Email: penockson@bakerlaw.com
Karin S. Jenson
Email: kjenson@bakerlaw.com

**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Marc E. Hirschfield
Email: mhirschfield@bakerlaw.com
Richard J. Bernard
Email: rbernard@bakerlaw.com
Geraldine E. Ponto
Email: gponto@bakerlaw.com
Marc Skapof
Email: mskapof@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the
Substantively Consolidated SIPA Liquidation
of Bernard L. Madoff Investment Securities
LLC and Bernard L. Madoff*

| BLMIS Account Name | BLMIS Account Number |
|---|---|
| JAMES GREIFF | 1ZB324 |

| Column 1 Date | Column 2 Transaction Description | Column 3 Transaction Amount Reported in Customer Statement | Column 4 Cash Deposits | Column 5 Cash Withdrawals | Column 6 Transfers of Principal In | Column 7 Transfers of Principal Out | Column 8 Balance of Principal | Column 9 90-Day Preferential Transfers | Column 10 2-Year Fraudulent Transfers |
|---|---|---|---|---|---|---|---|---|---|
| 7/8/1997 | CHECK WIRE | 5,000,000 | 5,000,000 | - | - | - | 5,000,000 | - | - |
| 10/22/1997 | CHECK | (187,602) | | (187,602) | - | - | 4,812,398 | - | - |
| 1/13/1998 | CHECK | (188,120) | | (188,120) | - | - | 4,624,278 | - | - |
| 4/8/1998 | CHECK | (263,200) | | (263,200) | - | - | 4,361,078 | - | - |
| 7/9/1998 | CHECK | (266,227) | | (266,227) | - | - | 4,094,851 | - | - |
| 7/14/1998 | CHECK WIRE | 2,000,000 | 2,000,000 | - | - | - | 6,094,851 | - | - |
| 10/9/1998 | CHECK | (176,528) | | (176,528) | - | - | 5,918,323 | - | - |
| 1/13/1999 | CHECK | (361,088) | | (361,088) | - | - | 5,557,235 | - | - |
| 4/13/1999 | CHECK | (376,578) | | (376,578) | - | - | 5,180,657 | - | - |
| 7/8/1999 | CHECK | (516,251) | | (516,251) | - | - | 4,664,406 | - | - |
| 10/8/1999 | CHECK | (238,447) | | (238,447) | - | - | 4,425,959 | - | - |
| 1/6/2000 | CHECK | (286,171) | | (286,171) | - | - | 4,139,788 | - | - |
| 4/7/2000 | CHECK | (404,301) | | (404,301) | - | - | 3,735,487 | - | - |
| 7/7/2000 | CHECK | (184,975) | | (184,975) | - | - | 3,550,512 | - | - |
| 10/11/2000 | CHECK | (161,597) | | (161,597) | - | - | 3,388,916 | - | - |
| 1/4/2001 | CHECK | (143,305) | | (143,305) | - | - | 3,245,610 | - | - |
| 4/6/2001 | CHECK | (291,493) | | (291,493) | - | - | 2,954,117 | - | - |
| 5/15/2001 | CHECK WIRE | 5,000,000 | 5,000,000 | - | - | - | 7,954,117 | - | - |
| 7/9/2001 | CHECK | (280,374) | | (280,374) | - | - | 7,673,744 | - | - |
| 10/9/2001 | CHECK | (328,388) | | (328,388) | - | - | 7,345,356 | - | - |
| 1/11/2002 | CHECK | (431,164) | | (431,164) | - | - | 6,914,192 | - | - |
| 4/10/2002 | CHECK | (190,501) | | (190,501) | - | - | 6,723,691 | - | - |
| 7/8/2002 | CHECK | (537,161) | | (537,161) | - | - | 6,186,530 | - | - |
| 10/7/2002 | CHECK | (530,179) | | (530,179) | - | - | 5,656,351 | - | - |
| 1/10/2003 | CHECK | (148,211) | | (148,211) | - | - | 5,508,140 | - | - |
| 4/9/2003 | CHECK | (278,268) | | (278,268) | - | - | 5,229,872 | - | - |
| 7/8/2003 | CHECK | (345,627) | | (345,627) | - | - | 4,884,245 | - | - |
| 10/9/2003 | CHECK | (431,183) | | (431,183) | - | - | 4,453,061 | - | - |
| 4/8/2004 | CHECK | (175,919) | | (175,919) | - | - | 4,277,142 | - | - |
| 6/15/2004 | CHECK | (260,887) | | (260,887) | - | - | 4,016,255 | - | - |
| 7/7/2004 | CHECK WIRE | 1,000,000 | 1,000,000 | - | - | - | 5,016,255 | - | - |
| 7/7/2004 | CHECK | (398,707) | | (398,707) | - | - | 4,617,548 | - | - |
| 10/7/2004 | CHECK | (358,305) | | (358,305) | - | - | 4,259,242 | - | - |
| 1/7/2005 | CHECK WIRE | 270,416 | | 270,416 | - | - | 3,988,826 | - | - |
| 1/21/2005 | STOP PAYMENT | 270,416 | | 270,416 | - | - | 4,259,242 | - | - |
| 4/7/2005 | CHECK | (270,416) | | (270,416) | - | - | 3,988,826 | - | - |
| 7/7/2005 | CHECK | (280,862) | | (280,862) | - | - | 3,707,965 | - | - |
| 10/7/2005 | CHECK | (293,355) | | (293,355) | - | - | 3,414,610 | - | - |
| 12/9/2005 | CHECK WIRE | 350,000 | 350,000 | (267,335) | - | - | 3,147,275 | - | - |
| 12/19/2005 | CHECK | (50,000) | | (50,000) | - | - | 3,497,275 | - | - |
| 3/29/2006 | CHECK | (426,888) | | (426,888) | - | - | 3,020,387 | - | - |
| 4/7/2006 | CHECK WIRE | (2,000,000) | | (2,000,000) | - | - | 1,020,387 | - | - |
| 7/10/2006 | CHECK | (343,018) | | (343,018) | - | - | 677,369 | - | - |
| 7/10/2006 | CHECK | (320,726) | | (320,726) | - | - | 356,642 | - | - |
| 1/8/2007 | CHECK | (564,489) | | (564,489) | - | - | (207,847) | - | - |
| 1/8/2007 | CHECK | (301,315) | | (301,315) | - | - | (509,161) | - | (301,315) |

Page 1 of 2 - 1ZB324

BLMIS ACCOUNT NO. 1ZB324 - JAMES GREIFF

| Column 1 Date | Column 2 Transaction Description | Column 3 Transaction Amount Reported in Customer Statement | Column 4 Cash Deposits | Column 5 Cash Withdrawals | Column 6 Transfers of Principal In | Column 7 Transfers of Principal Out | Column 8 Balance of Principal | Column 9 90-Day Preferential Transfers | Column 10 2-Year Fraudulent Transfers |
|---|---|---|---|---|---|---|---|---|---|
| 4/4/2007 | CHECK | (262,018) | - | (262,018) | - | - | (771,179) | - | (262,018) |
| 7/6/2007 | CHECK | (342,260) | - | (342,260) | - | - | (1,113,439) | - | (342,260) |
| 10/4/2007 | CHECK | (363,153) | - | (363,153) | - | - | (1,476,592) | - | (363,153) |
| 1/8/2008 | CHECK | (384,333) | - | (384,333) | - | - | (1,760,924) | - | (384,333) |
| 4/7/2008 | CHECK | (139,965) | - | (139,965) | - | - | (1,900,889) | - | (139,965) |
| 4/30/2008 | CHECK | (100,000) | - | (100,000) | - | - | (2,000,889) | - | (100,000) |
| 7/7/2008 | CHECK | (629,987) | - | (629,987) | - | - | (2,630,876) | - | (629,987) |
| 10/6/2008 | CHECK | (172,911) | - | (172,911) | - | - | (2,803,787) | - | (172,911) |
| | Total: | | $ 13,350,000 | $ (16,153,787) | $ - | $ - | $ (2,803,787) | $ - | $ (2,595,940) |

**BERNARD L. MADOFF INVESTMENT SECURITIES LLC**

In Liquidation

**DECEMBER 11, 2008**[1]

**NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM**

August 28, 2009

James Greiff
REDACTED
Alpharetta, GA 30004

Dear Mr. Greiff:

**PLEASE READ THIS NOTICE CAREFULLY.**

The liquidation of the business of BERNARD L. MADOFF INVESTMENT SECURITIES LLC ("BLMIS") is being conducted by Irving H. Picard, Trustee under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), pursuant to an order entered on December 15, 2008 by the United States District Court for the Southern District of New York.

The Trustee has made the following determination regarding your claim on BLMIS Account No. 1ZB324 designated as Claim Number 626:

Your claim for securities is **DENIED**. No securities were ever purchased for your account.

Further, based on the Trustee's analysis, the amount of money you withdrew from your account at BLMIS (total of $16,424,202.84), as more fully set forth in Table 1 annexed hereto and made a part hereof, is greater than the amount that was deposited with BLMIS for the purchase of securities (total of $13,620,415.96). As noted, no securities were ever purchased by BLMIS for your account. Any and all profits reported to you by BLMIS on account statements were fictitious.

---

1 Section 78*lll*(7)(B) of SIPA states that the filing date is "the date on which an application for a protective decree is filed under 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court "in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced before the date on which such application was filed, the term 'filing date' means the date on which such proceeding was commenced." Section 78*lll*(7)(B). Thus, even though the Application for a protective decree was filed on December 15, 2008, the Filing Date in this action is on December 11, 2008.

Since there were no profits to use either to purchase securities or to pay you any money beyond the amount that was deposited into your BLMIS account, the amount of money you received in excess of the deposits in your account ($2,803,786.88) was taken from other customers and given to you. Accordingly, because you have withdrawn more than was deposited into your account, you do not have a positive "net equity" in your account and you are not entitled to an allowed claim in the BLMIS liquidation proceeding. Therefore, your claim is **DENIED** in its entirety.

Should a final and unappealable court order determine that the Trustee is incorrect in his interpretation of "net equity" and its corresponding application to the determination of customer claims, the Trustee will be bound by that order and will apply it retroactively to all previously determined customer claims in accordance with the Court's order. Nothing in this Notice of Trustee's Determination of Claim shall be construed as a waiver of any rights or claims held by you in having your customer claim re-determined in accordance with any such Court order.

Nothing in this Notice of Trustee's Determination of Claim shall be construed as a waiver of any rights or claims held by the Trustee against you.

**PLEASE TAKE NOTICE:** If you disagree with this determination and desire a hearing before Bankruptcy Judge Burton R. Lifland, you **MUST** file your written opposition, setting forth the grounds for your disagreement, referencing Bankruptcy Case No. 08-1789 (BRL) and attaching copies of any documents in support of your position, with the United States Bankruptcy Court **and** the Trustee within **THIRTY DAYS** after August 28, 2009, the date on which the Trustee mailed this notice.

**PLEASE TAKE FURTHER NOTICE:** If you do not properly and timely file a written opposition, the Trustee's determination with respect to your claim will be deemed confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** If you properly and timely file a written opposition, a hearing date for this controversy will be obtained by the Trustee and you will be notified of that hearing date. Your failure to appear personally or through counsel at such hearing will result in the Trustee's determination with respect to your claim being confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** You must mail your opposition, if any, in accordance with the above procedure, to each of the following addresses:

Clerk of the United States Bankruptcy Court for
the Southern District of New York
One Bowling Green
New York, New York 10004

and

Irving H. Picard, Trustee
c/o Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10011

_____

Irving H. Picard

Trustee for the Liquidation of the Business of
Bernard L. Madoff Investment Securities LLC

| Table 1 | | |
|---|---|---|
| **DEPOSITS** | | |
| **DATE** | **TRANSACTION DESCRIPTION** | **AMOUNT** |
| 7/8/1997 | CHECK WIRE | $5,000,000.00 |
| 7/14/1998 | CHECK WIRE | $2,000,000.00 |
| 5/15/2001 | CHECK WIRE | $5,000,000.00 |
| 6/15/2004 | CHECK WIRE | $1,000,000.00 |
| 1/20/2005 | STOP PAYMENT | $270,415.96 |
| 12/9/2005 | CHECK WIRE | $350,000.00 |
| **Total Deposits:** | | $13,620,415.96 |
| | | |
| **WITHDRAWALS** | | |
| **DATE** | **TRANSACTION DESCRIPTION** | **AMOUNT** |
| 10/22/1997 | CHECK | ($187,601.90) |
| 1/13/1998 | CHECK | ($188,119.84) |
| 4/8/1998 | CHECK | ($263,200.44) |
| 7/9/1998 | CHECK | ($266,226.53) |
| 10/9/1998 | CHECK | ($176,528.00) |
| 1/13/1999 | CHECK | ($361,088.36) |
| 4/13/1999 | CHECK | ($376,577.93) |
| 7/8/1999 | CHECK | ($516,250.64) |
| 10/8/1999 | CHECK | ($238,447.30) |
| 1/6/2000 | CHECK | ($286,170.89) |
| 4/7/2000 | CHECK | ($404,300.86) |
| 7/7/2000 | CHECK | ($184,974.90) |
| 10/11/2000 | CHECK | ($161,596.61) |
| 1/10/2001 | CHECK | ($143,305.40) |
| 4/6/2001 | CHECK | ($291,493.06) |
| 7/9/2001 | CHECK | ($280,373.70) |
| 10/9/2001 | CHECK | ($328,387.95) |
| 1/11/2002 | CHECK | ($431,163.66) |
| 4/10/2002 | CHECK | ($190,501.48) |
| 7/8/2002 | CHECK | ($537,160.75) |
| 10/7/2002 | CHECK | ($530,178.50) |
| 1/10/2003 | CHECK | ($148,211.41) |
| 4/9/2003 | CHECK | ($278,268.37) |
| 7/8/2003 | CHECK | ($345,626.79) |
| 10/9/2003 | CHECK | ($431,183.49) |
| 1/8/2004 | CHECK | ($175,919.23) |
| 4/8/2004 | CHECK | ($260,887.37) |
| 7/7/2004 | CHECK | ($398,707.04) |
| 10/7/2004 | CHECK | ($358,305.18) |
| 1/7/2005 | CHECK | ($270,415.96) |

| | 1/21/2005 | CHECK | ($270,415.96) |
|---|---|---|---|
| | 4/7/2005 | CHECK | ($280,861.69) |
| | 7/7/2005 | CHECK | ($293,354.56) |
| | 10/7/2005 | CHECK | ($267,334.90) |
| | 12/19/2005 | CHECK | ($50,000.00) |
| | 1/9/2006 | CHECK | ($426,888.36) |
| | 3/29/2006 | CHECK WIRE | ($2,000,000.00) |
| | 4/7/2006 | CHECK | ($343,018.30) |
| | 7/10/2006 | CHECK | ($320,726.45) |
| | 10/6/2006 | CHECK | ($564,488.76) |
| | 1/8/2007 | CHECK | ($301,314.88) |
| | 4/4/2007 | CHECK | ($262,017.56) |
| | 7/6/2007 | CHECK | ($342,259.66) |
| | 10/4/2007 | CHECK | ($363,152.99) |
| | 1/8/2008 | CHECK | ($284,332.74) |
| | 4/7/2008 | CHECK | ($139,964.79) |
| | 4/30/2008 | CHECK | ($100,000.00) |
| | 7/7/2008 | CHECK | ($629,986.81) |
| | 10/6/2008 | CHECK | ($172,910.89) |
| **Total Withdrawals:** | | | ($16,424,202.84) |
| | | | |
| **Total deposits less withdrawals:** | | | ($2,803,786.88) |

# EXHIBIT B

**BERNARD L. MADOFF INVESTMENT
SECURITIES LLC**

885 Third Avenue
New York, NY 10022

January 1, 2001

Bank of New York
1 Wall Street – 42nd Floor
New York, New York 10286

Attn:  E.A. Rivera

Ladies and Gentlemen:

On January 1, 2001, Bernard L. Madoff, a sole proprietorship (the "Sole Proprietorship") changed its legal status from a sole proprietorship to a limited liability company.  The name of the limited liability company is Bernard L. Madoff Investment Securities LLC (the "Company"), a New York limited liability company (the "Company").  The sole member of the Company is Bernard L. Madoff.  The Sole Proprietorship, the Company and Bernard L. Madoff as the sole member of the Company have delivered to the Bank of New York ("BONY") certain agreements, certificates, resolutions and other documentation (collectively, the "Documents") in connection with opening certain accounts with BONY and the Company's participation/membership in The Depository Trust Company, the National Securities Clearing Corporation and The Options Clearing Corporation ("OCC").  Please be advised that each of the Documents so delivered were true and complete when completed, executed and delivered and are true and complete at the date hereof, with the same effect as though executed and delivered this date.

Very truly yours,

BERNARD L. MADOFF, a sole proprietorship        BERNARD L. MADOFF
                                                INVESTMENT SECURITIES LLC

By: _____          By: _____
       Bernard L. Madoff, sole proprietor              Bernard L. Madoff, sole member


_____
    Bernard L. Madoff, as sole member of the Company

MESTABL00005744

# EXHIBIT C



| BERNARD L. MADOFF **Investment Securities** 885 Third Avenue  New York, NY 10022-4834 | **BERNARD L. MADOFF INVESTMENT SECURITIES LLC** 885 Third Avenue New York, NY  10022 | 212 230-2424 800 334-1343 Telex 235130 Fax 212 486-8178 |

January 1, 2001

National Securities Clearing Corporation
55 Water Street
New York, New York 10041

Ladies and Gentlemen:

On January 1, 2001, Bernard L. Madoff, a sole proprietorship (the "Sole Proprietorship") changed its legal status from a sole proprietorship to a limited liability company. The name of the limited liability company is Bernard L. Madoff Investment Securities LLC (the "Company"), a New York limited liability company (the "Company"). The sole member of the Company is Bernard L. Madoff. In connection with the Company's application to become a member of the National Securities Clearing Corporation ("NSCC"), the Sole Proprietorship, the Company and Bernard L. Madoff as the sole member of the Company have delivered to the NSCC certain agreements, certificates, resolutions and other documentation (collectively, the "Documents"). Please be advised that each of the Documents so delivered were true and complete when completed, executed and delivered and are true and complete at the date hereof, with the same effect as though executed and delivered this date.

Very truly yours,

BERNARD L. MADOFF, a sole proprietorship

BERNARD L. MADOFF
INVESTMENT SECURITIES LLC

By: _____
Bernard L. Madoff, sole proprietor

By: _____
Bernard L. Madoff, sole member

_____
Bernard L. Madoff, as sole member of the Company

MADTEE00544438

# EXHIBIT D



| | | |
|---|---|---|
| **BERNARD L. MADOFF**<br>**Investment Securities**<br>885 Third Avenue  New York, NY 10022-4834 | **BERNARD L. MADOFF INVESTMENT**<br>**SECURITIES LLC**<br>885 Third Avenue<br>New York, NY  10022 | 212 230-2424<br>800 334-1343<br>Telex 235130<br>Fax 212 486-8178 |

January 1, 2001

The Options Clearing Corporation
17 State Street- Floor 6
New York, New York 10004

Attn:  Ms. Cheryl Coston

Ladies and Gentlemen:

On January 1, 2001, Bernard L. Madoff, a sole proprietorship (the "Sole Proprietorship") changed its legal status from a sole proprietorship to a limited liability company.  The name of the limited liability company is Bernard L. Madoff Investment Securities LLC (the "Company"), a New York limited liability company (the "Company").  The sole member of the Company is Bernard L. Madoff.  In connection with the Company's application to become a member of The Options Clearing Corporation ("OCC"), the Sole Proprietorship, the Company and Bernard L. Madoff as the sole member of the Company have delivered to the OCC certain agreements, certificates, resolutions and other documentation (collectively, the "Documents").  Please be advised that each of the Documents so delivered were true and complete when completed, executed and delivered and are true and complete at the date hereof, with the same effect as though executed and delivered this date.

Very truly yours,

BERNARD L. MADOFF, a sole proprietorship

BERNARD L. MADOFF
INVESTMENT SECURITIES LLC

By: _____
Bernard L. Madoff, sole proprietor

By: _____
Bernard L. Madoff, sole member

_____
Bernard L. Madoff, as sole member of the Company

Affiliated with:
Madoff Securities International Limited
12 Berkeley Street, Mayfair, London W1X 5AD. Tel 0171-493 6222

MADTEE00544725

# EXHIBIT E

**BERNARD L. MADOFF INVESTMENT
SECURITIES LLC**
885 Third Avenue
New York, NY 10022

January 1, 2001

The Depository Trust Company
55 Water Street – 50th Floor
New York, New York 10041-0099

Attn:   Director of Compliance

Ladies and Gentlemen:

On January 1, 2001, Bernard L. Madoff, a sole proprietorship (the "Sole Proprietorship") changed its legal status from a sole proprietorship to a limited liability company. The name of the limited liability company is Bernard L. Madoff Investment Securities LLC (the "Company"), a New York limited liability company (the "Company"). The sole member of the Company is Bernard L. Madoff. In connection with the Company's application to become a Participant in The Depository Trust Company ("DTC"), the Sole Proprietorship, the Company and Bernard L. Madoff as the sole member of the Company have delivered to the DTC certain agreements, applications, questionnaires, certificates, resolutions and other documentation (collectively, the "Documents"). Please be advised that each of the Documents so delivered were true and complete when completed, executed and delivered and are true and complete at the date hereof, with the same effect as though executed and delivered this date.

Very truly yours,

BERNARD L. MADOFF, a sole proprietorship       BERNARD L. MADOFF
                                               INVESTMENT SECURITIES LLC

By: _____          By: _____
    Bernard L. Madoff, sole proprietor              Bernard L. Madoff, sole member

_____
Bernard L. Madoff, as sole member of the Company

MESTABL00005745

# EXHIBIT F



# UNITED STATES OF AMERICA
SECURITIES AND EXCHANGE COMMISSION

## ATTESTATION

I HEREBY ATTEST

*that:*

*Attached is a copy of an amendment to Form BD, uniform application for broker-dealer registration, received in this Commission on January 12, 2001, under the name Bernard L. Madoff Investment Securities LLC, File No. 008-08132, pursuant to the provisions of the Securities Exchange Act of 1934.*

on file in this Commission

_____
06/05/2014
*Date*

**LARRY MILLS**

Digitally signed by LARRY MILLS
DN: c=US, o=U.S. Government, ou=Securities and Exchange Commission, cn=LARRY MILLS,
0.9.2342.19200300.100.1.1=5000100002651 4
Date: 2014.06.05 11:41:47 -04'00'

Larry Mills, Management and Program Analyst

It is hereby certified that the Secretary of the U.S. Securities and Exchange Commission, Washington, DC, which Commission was created by the Securities Exchange Act of 1934 (15 U.S.C. 78a et seq.) is official custodian of the records and files of said Commission and was such official custodian at the time of executing the above attestation, and that he/she, and persons holding the positions of Deputy Secretary, Assistant Director, Records Officer, Branch Chief of Records Management, and the Program Analyst for the Records Officer, or anyone of them, are authorized to execute the above attestation.

For the Commission

_____
Deputy Secretary

SEC 334 (9-12)



# FORM BD
# UNIFORM APPLICATION FOR BROKER-DEALER REGISTRATION

**Primary Business Name: BERNARD L. MADOFF INVESTMENT SECURITIES LLC    BD Number: 2625**

**BD - AMENDMENT**

**01/12/2001**

### BD - APPLICANT INFORMATION

OMB Number ...............................................3235-0012

Expires.......................................................
Estimated average burden hours per:
Response.......................................................2.75
Amendment.....................................................0.33

**WARNING:** Failure to keep this form current and to file accurate supplementary information on a timely basis, or the failure to keep accurate books and records or otherwise to comply with the provisions of law applying to the conduct of business as a broker-dealer would violate the Federal securities laws and the laws of the *jurisdictions* and may result in disciplinary, administrative, injunctive or criminal action.

**INTENTIONAL MISSTATEMENTS OR OMISSIONS OF FACTS MAY CONSTITUTE CRIMINAL VIOLATIONS.**

○ APPLICATION ⦿ AMENDMENT

1. Exact name, principal business address, mailing address, if different, and telephone number of *applicant*:

   A. **Full name of** *applicant*(if sole proprietor, state last, first and middle name):
      BERNARD L. MADOFF INVESTMENT SECURITIES LLC

   B. **IRS Empl. Ident. No.:**
      13-1997126

   C. (1) Name under which broker-dealer business primarily is conducted, if different from Item 1A.
          BERNARD L. MADOFF INVESTMENT SECURITIES LLC

      (2) List on Schedule D, Page 1, Section I, Other Business Names any other name by which the firm conducts business and where it is used.

   D. If this filing makes a name change on behalf of the *applicant*, enter the new name and specify whether the name change is of the
      ☐ *applicant* **name (1A) or** ☐ **business name (1C):**
      *Please check above.*

   E. **Firm main address: (Do not use a P.O. Box)**

| Number and Street 1:<br>885 THIRD AVENUE | | Number and Street 2: | |
|---|---|---|---|
| **City:**<br>NEW YORK | **State:**<br>New York | **Country:**<br>UNITED STATES | **Zip/Postal Code:**<br>10022 |

   F. **Mailing Address, if different:**

| **Number and Street 1:**<br>885 THIRD AVENUE | **Number and Street 2:** |
|---|---|

| City: | State: | Country: | Zip/Postal Code: |
|---|---|---|---|
| NEW YORK | New York | UNITED STATES | 10022 |

G. **Business Telephone Number:**
212-230-2424

H. **Contact Employee:**

| Name: | Title: | Telephone Number: |
|---|---|---|
| PETER MADOFF | DIRECTOR OF TRADING/CHIEF COMPLIANCE OFFICER | 212-230-2424 |

## BD - EXECUTION

**EXECUTION:**

For the purposes of complying with the laws of the State(s) designated in Item 2 relating to either the offer or sale of securities or commodities, the undersigned and *applicant* hereby certify that the *applicant* is in compliance with applicable state surety bonding requirements and irrevocably appoint the administrator of each of those State(s) or such other person designated by law, and the successors in such office, attorney for the *applicant* in said State(s), upon whom may be served any notice, process, or pleading in any action or *proceeding* against the *applicant* arising out of or in connection with the offer or sale of securities or commodities, or out of the violation or alleged violation of the laws of those State(s), and the *applicant* hereby consents that any such action or *proceeding* against the *applicant* may be commenced in any court of competent jurisdiction and proper venue within said State(s) by service of process upon said appointee with the same effect as if *applicant* were a resident in said State(s) and had lawfully been served with process in said State(s).

The *applicant* consents that service of any civil action brought by or notice of any *proceeding* before the Securities and Exchange Commission or any *self-regulatory organization* in connection with the *applicant's* broker-dealer activities, or of any application for a protective decree filed by the Securities Investor Protection Corporation, may be given by registered or certified mail or confirmed telegram to the *applicant's* contact employee at the main address, or mailing address if different, given in Items 1E and 1F.

The undersigned, being first duly sworn, deposes and says that he/she has executed this form on behalf of, and with the authority of, said *applicant*. The undersigned and *applicant* represent that the information and statements contained herein, including exhibits attached hereto, and other information filed herewith, all of which are made a part hereof, are current, true and complete. The undersigned and *applicant* further represent that to the extent any information previously submitted is not amended such information is currently accurate and complete.

| Date MM/DD/YYYY | Name of Applicant |
|---|---|
| 01/12/2001 | BERNARD L. MADOFF INVESTMENT SECURITIES LLC |

| Authorized Signatory | Title |
|---|---|
| PETER MADOFF | CHIEF COMPLIANCE OFFICER |

Subscribed and sworn before me this _____ day of _____, _____ by
Year

_____

Notary Public

My commission expires _____ County of _____ State of _____

## BD - SECURITIES AND EXCHANGE COMMISSION

2. Indicate by checking the appropriate box(es) each governmental authority, organization, or ☑
*jurisdiction* in which the *applicant* is registered or registering as a broker-dealer.

If *applicant* is registered or registering with the SEC, check here and answer Items 2A through 2D below.

|  | YES | NO |
|---|---|---|
| A. Is *applicant* registered or registering as a broker-dealer under Section 15(b) or Section 15B of the Securities Exchange Act of 1934? | ⊙ | ○ |
| B. Is *applicant* registered or registering as a broker-dealer under Section 15(b) of the Securities Exchange Act of 1934 and also acting or intending to act as a government securities broker or dealer? | ○ | ⊙ |
| C. Is *applicant* registered or registering <u>solely</u> as a government securities broker or dealer under Section 15C of the Securities Exchange Act of 1934? | ○ | ⊙ |
| *Do not answer "yes" to Item 2C if applicant answered "yes" to Item 2A or Item 2B.* | | |
| D. Is *applicant* ceasing its activities as a government securities broker or dealer? | ○ | ⊙ |

*If applicant answers "yes" to Items 2A and 2D, applicant expressly consents to the withdrawal of its registration as a government securities broker or dealer under Section 15C of the Securities Exchange Act of 1934. See "Instructions."*

---

### SECURITY FUTURES PRODUCTS ACTIVITIES

(Note: The field below is reserved exclusively for the reporting of single stock futures activities by registered broker-dealers. This field cannot be utilized until the SEC approves rules relating to the form and content of such reporting.)

---

### BD - SRO / JURISDICTION

#### BD - SELF REGULATORY ORGANIZATIONS

| | | | | |
|---|---|---|---|---|
| ☑ NASD | ☐ ARCA | ☐ CBOE | ☐ ISE | ☐ NYSE |
| ☐ AMEX | ☐ BX | ☐ CHX | ☑ NSX | ☐ PHLX |

#### BD - JURISDICTION

| | | | |
|---|---|---|---|
| ☑ Alabama | ☑ Illinois | ☑ Montana | ☐ Puerto Rico |
| ☑ Alaska | ☑ Indiana | ☐ Nebraska | ☑ Rhode Island |
| ☑ Arizona | ☑ Iowa | ☑ Nevada | ☑ South Carolina |
| ☑ Arkansas | ☑ Kansas | ☑ New Hampshire | ☑ South Dakota |
| ☑ California | ☑ Kentucky | ☑ New Jersey | ☑ Tennessee |
| ☑ Colorado | ☑ Louisiana | ☑ New Mexico | ☑ Texas |
| ☑ Connecticut | ☑ Maine | ☑ New York | ☑ Utah |
| ☑ Delaware | ☑ Maryland | ☑ North Carolina | ☑ Vermont |
| ☑ District of Columbia | ☑ Massachusetts | ☑ North Dakota | ☐ Virginia |
| ☑ Florida | ☑ Michigan | ☑ Ohio | ☑ Washington |
| ☑ Georgia | ☑ Minnesota | ☑ Oklahoma | ☑ West Virginia |
| ☑ Hawaii | ☑ Mississippi | ☑ Oregon | ☑ Wisconsin |
| ☑ Idaho | ☑ Missouri | ☑ Pennsylvania | ☑ Wyoming |

---

### BD - LEGAL STATUS

3. A. Indicate legal status of *applicant*:

○ Corporation     ⊙ **Sole Proprietorship**     ○ **Other** *(specify)*

○ **Partnership**     ○ **Limited Liability Company**

B. Month *applicant's* fiscal year ends:
OCTOBER

C. If other than a sole proprietor, indicate date and place *applicant* obtained its legal status (i.e., state or country where incorporated, where partnership agreement was filed, or where *applicant* entity was formed):

**State of formation:**        **Country of formation:**        **Date of formation:** MM/DD/YYYY

*Schedule A, Direct Owners and Executive Officers Section and, if applicable, Schedule B, Indirect Owners Section must be completed as part of all initial applications. Amendments to these schedules must be provided on Schedule C.*

---

4. If *applicant* is a sole proprietor, state full residence address and Social Security Number.

**Social Security Number:**
xxx-xx-xxxx

| **Number and Street 1:** | **Number and Street 2:** | | |
|---|---|---|---|
| 133 EAST 64TH STREET | | | |
| **City:** | **State:** | **Country:** | **Zip/Postal Code:** |
| NEW YORK | New York | UNITED STATES OF AMERICA | 10021 |

---

### BD – SUCCESSION

|  | **YES** | **NO** |
|---|---|---|
| 5. Is *applicant* at the time of this filing *succeeding* to the business of a currently registered broker-dealer? | ⦿ | ○ |

*Do not report previous successions already reported on Form BD.*

*If "Yes," contact CRD prior to submitting form; complete appropriate items on Schedule D, Page 1, Section III.*

---

### BD – ARRANGEMENTS

|  | **Yes** | **No** |
|---|---|---|
| 6. Does *applicant* hold or maintain any funds or securities or provide clearing services for any other broker or dealer? | ○ | ⦿ |
| 7. Does *applicant* refer or introduce customers to any other broker or dealer? | ○ | ⦿ |

*If "yes," complete appropriate items on Schedule D, Page 1, Section IV, Arrangement Detail.*

8. Does *applicant* have any arrangement with any other *person*, firm, or organization under which:

| | Yes | No |
|---|---|---|
| A. any books or records of *applicant* are kept or maintained by such other *person*, firm or organization? | ○ | ⦿ |
| B. accounts, funds, or securities of the *applicant* are held or maintained by such other *person*, firm, or organization? | ○ | ⦿ |

TX007

C. accounts, funds, or securities of customers of the *applicant* are held or maintained by such other *person*, firm, or organization?  ○ ◉

*For purposes of 8B and 8C, do not include a bank or satisfactory control location as defined in paragraph(c) of Rule 15c3-3 under the Securities Exchange Act of 1934 (17 CFR 240. 15c3-3). If "Yes" to any part of Item 8, complete appropriate items on Schedule D, Page 1, Section IV, Arrangement Detail.*

9. Does any *person* not named in Item 1 or Schedules A, B, or C, directly or indirectly:

    A. *control* the management or policies of the *applicant* through agreement or otherwise?  ○ ◉

    B. wholly or partially finance the business of *applicant*?  ○ ◉

*Do not answer "yes" to 9B if the person finances the business of the applicant through: 1) a public offering of securities made pursuant to the Securities Act of 1933; 2) credit extended in the ordinary course of business by suppliers, banks, and others; or 3) a satisfactory subordination agreement, as defined in Rule 15c3-1 under the Securities Exchange Act of 1934 (17 CFR 240. 15c3-1).*
*If "Yes" to any part of Item 9, complete appropriate items on Schedule D, Page 1, Section IV, Arrangement Detail.*

### BD - BUSINESS AFFILIATES

#### BD - Control Affiliates

            **YES NO**

10. A. Directly or indirectly, does *applicant control*, is *applicant controlled* by, or is *applicant* under common *control* with, any partnership, corporation, or other organization that is engaged in the securities or investment advisory business?  ◉ ○

*If "Yes" to Item 10A, complete appropriate items on Schedule D, Page 2, Section V, Firm Affiliates.*

    B. Directly or indirectly, is *applicant controlled* by any bank holding company, national bank, state member bank of the Federal Reserve System, state non-member bank, savings bank or association, credit union, or foreign bank?  ○ ◉

*If "Yes" to Item 10B, complete appropriate items on Schedule D, Page 3, Section VI, Bank Affiliates.*

### BD - DISCLOSURE QUESTIONS

11. Use the appropriate DRP for providing details to "yes" answers to the questions in Item 11. Refer to the Explanation of Terms section of Form BD Instructions for explanations of italicized terms.

#### CRIMINAL DISCLOSURE

            **YES NO**

A. In the past ten years has the *applicant* or a *control affiliate*:
    (1) been convicted of or pled guilty or nolo contendere ("no contest") in a domestic, foreign or military court to any *felony*?  ○ ◉
    (2) been *charged* with any *felony*?  ○ ◉

B. In the past ten years has the *applicant* or a *control affiliate*:
    (1) been convicted of or pled guilty or nolo contendere ("no contest") in a domestic, foreign or military court to a *misdemeanor involving*: investments or an *investment-related* business,  ○ ◉

or any fraud, false statements or omissions, wrongful taking of property, bribery, perjury, forgery, counterfeiting, extortion, or a conspiracy to commit any of these offenses?

(2) been *charged* with a *misdemeanor* specified in 11B(1)?    ○ ◉

## REGULATORY ACTION DISCLOSURE

C. Has the U.S. Securities and Exchange Commission or the Commodity Futures Trading Commission ever:    **YES NO**

(1) *found* the *applicant* or a *control affiliate* to have made a false statement or omission?    ○ ◉

(2) *found* the *applicant* or a *control affiliate* to have been *involved* in a violation of its regulations or statutes?    ○ ◉

(3) *found* the *applicant* or a *control affiliate* to have been a cause of an *investment-related* business having its authorization to do business denied, suspended, revoked, or restricted?    ○ ◉

(4) entered an *order* against the *applicant* or a *control affiliate* in connection with an *investment-related* activity?    ○ ◉

(5) imposed a civil money penalty on the *applicant* or a *control affiliate*, or *ordered* the *applicant* or a *control affiliate* to cease and desist from any activity?    ○ ◉

D. Has any other federal regulatory agency, any state regulatory agency, or *foreign financial regulatory authority*:

(1) ever *found* the *applicant* or a *control affiliate* to have made a false statement or omission or been dishonest, unfair, or unethical?    ○ ◉

(2) ever *found* the *applicant* or a *control affiliate* to have been *involved* in a violation of *investment-related* regulations or statutes?    ○ ◉

(3) ever *found* the *applicant* or a *control affiliate* to have been a cause of an *investment-related* business having its authorization to do business denied, suspended, revoked, or restricted?    ○ ◉

(4) in the past ten years, entered an *order* against the *applicant* or a *control affiliate* in connection with an *investment-related* activity?    ○ ◉

(5) ever denied, suspended, or revoked the *applicant's* or a *control affiliate's* registration or license or otherwise, by *order*, prevented it from associating with an *investment-related* business or restricted its activities?    ○ ◉

E. Has any *self-regulatory organization* or commodities exchange ever:

(1) *found* the *applicant* or a *control affiliate* to have made a false statement or omission?    ○ ◉

(2) *found* the *applicant* or a *control affiliate* to have been *involved* in a violation of its rules (other than a violation designated as a *"minor rule violation"* under a plan approved by the U.S. Securities and Exchange Commission)?    ◉ ○

(3) *found* the *applicant* or a *control affiliate* to have been the cause of an *investment-related* business having its authorization to do business denied, suspended, revoked, or restricted?    ○ ◉

(4) disciplined the *applicant* or a *control affiliate* by expelling or suspending it from membership, barring or suspending its association with other members, or otherwise restricting its activities?    ○ ◉

F. Has the *applicant's* or a *control affiliate's* authorization to act as an attorney, accountant, or federal contractor ever been revoked or suspended?    ○ ◉

G. Is the *applicant* or a *control affiliate* now the subject of any regulatory *proceeding* that could result in a "yes" answer to any part of 11C, D, or E?    ○ ◉

## CIVIL JUDICIAL ACTION DISCLOSURE

H. (1) Has any domestic or foreign court:    **YES NO**

(a) in the past ten years, *enjoined* the *applicant* or a *control affiliate* in connection with any *investment-related* activity?    ○ ◉

(b) ever *found* that the *applicant* or a *control affiliate* was *involved* in a violation of *investment-related* statutes or regulations?    ○ ◉

(c) ever dismissed, pursuant to a settlement agreement, an *investment-related* civil action brought against the *applicant* or *control affiliate* by a state or *foreign financial regulatory authority*?    ○ ◉

TX007

(2) Is the *applicant* or a *control affiliate* now the subject of any civil *proceeding* that could result in a "yes" answer to any part of 11H(1)?  ○  ◉

**FINANCIAL DISCLOSURE**

|  |  | YES | NO |
|---|---|---|---|
| I. | In the past ten years has the *applicant* or a *control affiliate* of the *applicant* ever been a securities firm or a *control affiliate* of a securities firm that: |  |  |
|  | (1) has been the subject of a bankruptcy petition? | ○ | ◉ |
|  | (2) has had a trustee appointed or a direct payment procedure initiated under the Securities Investor Protection Act? | ○ | ◉ |
| J. | Has a bonding company ever denied, paid out on, or revoked a bond for the *applicant*? | ○ | ◉ |
| K. | Does the *applicant* have any unsatisfied judgments or liens against it? | ○ | ◉ |

**BD - TYPES OF BUSINESS**

12. Check types of business engaged in (or to be engaged in, if not yet active) by *applicant*. Do not check any category that accounts for (or is expected to account for) less than 1% of annual revenue from the securities or investment advisory business.

| | | |
|---|---|---|
| A. | Exchange member engaged in exchange commission business other than floor activities. | ☐EMC |
| B. | Exchange member engaged in floor activities. | ☐EMF |
| C. | Broker or dealer making inter-dealer markets in corporate securities over-the-counter. | ☑IDM |
| D. | Broker or dealer retailing corporate equity securities over-the-counter. | ☐BDR |
| E. | Broker or dealer selling corporate debt securities. | ☐BDD |
| F. | Underwriter or selling group participant (corporate securities other than mutual funds). | ☐USG |
| G. | Mutual fund underwriter or sponsor. | ☐MFU |
| H. | Mutual fund retailer. | ☐MFR |
| I. | 1. U.S. government securities dealer. | ☐GSD |
|  | 2. U.S. government securities broker. | ☐GSB |
| J. | Municipal securities dealer. | ☐MSD |
| K. | Municipal securities broker. | ☐MSB |
| L. | Broker or dealer selling variable life insurance or annuities. | ☐VLA |
| M. | Solicitor of time deposits in a financial institution. | ☐SSL |
| N. | Real estate syndicator. | ☐RES |
| O. | Broker or dealer selling oil and gas interests. | ☐OGI |
| P. | Put and call broker or dealer or option writer. | ☐PCB |
| Q. | Broker or dealer selling securities of only one issuer or associate issuers (other than mutual funds). | ☐BIA |

TX007

R.   Broker or dealer selling securities of non-profit organizations (e.g., churches, hospitals).    ☐ NPB

S.   Investment advisory services.    ☐ IAD

T.   1.   Broker or dealer selling tax shelters or limited partnerships in primary distributions.    ☐ TAP

    2.   Broker or dealer selling tax shelters or limited partnerships in the secondary market.    ☐ TAS

U.   Non-exchange member arranging for transactions in listed securities by exchange member.    ☐ NEX

V.   Trading securities for own account.    ☑ TRA

W.   Private placement of securities.    ☐ PLA

X.   Broker or dealer selling interests in mortgages or other receivables.    ☐ MRI

Y.   Broker or dealer involved in a networking, kiosk or similar arrangement with a:

    1.   bank, savings bank or association, or credit union.    ☐ BNA

    2.   insurance company or agency.    ☐ INA

Z.   Other *(give details on Schedule D, Page 1, Section II, Other Business)*    ☑ OTH

|  |  | YES | NO |
|---|---|---|---|
| 13. A. Does *applicant* effect transactions in commodity futures, commodities or commodity options as a broker for others or as a dealer for its own account? |  | ○ | ◉ |
| B. Does *applicant* engage in any other non-securities business? |  | ○ | ◉ |

*If "yes", describe each other business briefly on Schedule D, Page 1, Section II, Other Business.*

### BD – DIRECT OWNERS/EXECUTIVE OFFICERS

Are there any indirect owners of the *applicant* required to be reported on Schedule B?

○ Yes  ◉ No

| Ownership Codes: | NA – less than 5% | B – 10% but less than 25% | D – 50% but less than 75% |
|---|---|---|---|
|  | A – 5% but less than 10% | C – 25% but less than 50% | E – 75% or more |

| Full Legal Name | DE/FE/I | Title or Status | Date Acquired | Own. Code | Control Person | PR | CRD #(or S.S.No., IRS Tax #, Emp. ID) |
|---|---|---|---|---|---|---|---|
| MADOFF, BERNARD LAWRENCE | I | SOLE MEMBER | 01/2001 | E | Y | N | 316687 |

| MADOFF, PETER I BARNETT | DIRECTOR OF TRADING/CHIEF COMPLIANCE OFFICER | 06/1969 | NA | Y | | N | 316688 |

### BD - INDIRECT OWNERS
## No Information Filed

### BD Schedule C - Amendments to Schedules A & B

In the Type of Amd. column, indicate "A" (addition), "D" (deletion), or "C" (change of information about the same *person*).

| Ownership Codes are: | NA - less than 5% | B - 10% but less than 25% | D - 50% but less than 75% | F - Other General Partners |
| --- | --- | --- | --- | --- |
| | A - 5% but less than 10% | C - 25% but less than 50% | E - 75% or more | |

List below all changes to Schedule A: (DIRECT OWNERS AND EXECUTIVE OFFICERS)

| Full Legal Name | DE/FE/I | Type of Amd. | Title or Status | Date Acquired | Own. Code | Control Person | PR | CRD # (or SSN, IRS Tax #, Emp. ID) |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |

## No Information Filed

List below all changes to Schedule B: (INDIRECT OWNERS)

| Full Legal Name | DE/FE/I | Type of Amd. | Entity in Which Interest is Owned | Status | Date Acquired | Own. Code | Control Person | PR | CRD # (or SSN, IRS Tax #, Emp. ID) |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |

## No Information Filed

### BD - OTHER BUSINESS NAMES
## No Information Filed

### BD - OTHER BUSINESS

**Briefly describe any other business (Item 12Z).**
BERNARD L. MADOFF IS A MEMBER OF THE CINCINNATI STOCK EXCHANGE AND IS A DESIGNATED MARKET-MAKER ON THAT EXCHANGE, ENGAGED IN INTER-DEALER MARKET-MAKING ACTIVITIES.

**Briefly describe any other non-securities business (Item 13B).**

### BD - SUCCESSIONS

| Date of Succession: MM/DD/YYYY 01/01/2001 | Name of Predecessor: BERNARD L. MADOFF | |
| --- | --- | --- |
| Firm CRD Number 2625 | IRS Employer Identification Number (if any) 13-1997126 | SEC File Number (if any) 8- 08132 |

**Briefly describe details of the *succession* including any assets or liabilities not assumed by the *successor*.**

TX007

EFFECTIVE JANUARY 1, 2001, PREDECESSOR WILL TRANSFER TO SUCCESSOR ALL OF PREDECESSOR'S ASSETS AND LIABILITIES, RELATED TO PREDECESSOR'S BUSINESS. THE TRANSFER WILL NOT RESULT IN ANY CHANGE IN OWNERSHIP OR CONTROL.

## BD – ARRANGEMENTS / CONTROL PERSONS / FINANCING
# No Information Filed

### BD - AFFILIATES

**Business**

The details supplied relate to:

**Partnership, Corporation, or Organization Name**  **CRD Number (if any)**
MADOFF SECURITIES INTERNATIONAL LTD.
**The Partnership, Corporation, or Organization**

○  *controls applicant*

◉  **is** *controlled* **by** *applicant*

○  **is under common** *control* **with** *applicant*

**Business Address**
**Street 1**                                         **Street 2**
12 BERKELEY STREET
**City**                                   **State**    **Country**         **Zip/Postal Code**
MAYFAIR                                              LONDON              W1X58AD
**Effective Date (MM/DD/YYYY)**              **Termination Date (MM/DD/YYYY)**
12/31/1998
**Is Partnership, Corporation or Organization a**    **If Yes, provide country of domicile or**
**foreign entity?**                                  **incorporation**
                                                     **UNITED KINGDOM**
◉ **Yes**  ○ **No**
**Activities of this Partnership, Corporation, or Organization:**
**Securities Activities**
                                          ◉ **Yes** ○ **No**
**Investment Advisory Activities**
                                          ○ **Yes** ◉ **No**
**Briefly describe the** *control* **relationship**
   BERNARD L. MADOFF OWNS 30.8% OF MADOFF SECURITIES INTERNATIONAL LTD., A REGISTERED COMPANY IN THE UNITED KINGDOM. THE COMPANY IS A MEMBER OF THE LONDON STOCK EXCHANGE.

## BD - BRANCHES
# No Information Filed

### BD - CRIMINAL DRP
No Information Filed
### BD - REGULATORY ACTION DRP

This Disclosure Reporting Page (DRP BD) is an ○ **INITIAL OR** ◉ **AMENDED** response used to report details for affirmative responses to *Items 11C, 11D, 11E, 11F or 11G* of Form BD;

**Check item(s) being responded to:**

**Regulatory Action**

☐**11C(1)**        ☐**11C(5)**        ☐**11D(4)**        ☐**11E(3)**
☐**11C(2)**        ☐**11D(1)**        ☐**11D(5)**        ☐**11E(4)**

| ☐ **11C(3)** | ☐ **11D(2)** | ☐ **11E(1)** | ☐ **11F** |
| ☐ **11C(4)** | ☐ **11D(3)** | ☑ **11E(2)** | ☐ **11G** |

Use a separate DRP for each event or *proceeding*. An event or *proceeding* may be reported for more than one *person* or entity using one DRP. File with a completed Execution Page.

One event may result in more than one affirmative answer to Items 11C, 11D, 11E, 11F or 11G. Use only one DRP to report details related to the same event. If an event gives rise to actions by more than one regulator, provide details to each action on a separate DRP.

It is not a requirement that documents be provided for each event or *proceeding*. Should they be provided, they will not be accepted as disclosure in lieu of answering the questions on this DRP.

If a *control affiliate* is an individual or organization registered through the CRD, such *control affiliate* need only complete Part I of the *applicant's* appropriate DRP (BD). Details of the event must be submitted on the *control affiliate's* appropriate DRP (BD) or DRP (U4). If a *control affiliate* is an individual or organization not registered through the CRD, provide complete answers to all the items on the *applicant's* appropriate DRP (BD). The completion of this DRP does not relieve the *control affiliate* of its obligation to update its CRD records.

## PART I

A. The *person(s)* or entity(ies) for whom this DRP is being filed is (are):

- ◉ **The Applicant**
- ○ **Applicant and one or more control affiliates**
- ○ **One or more control affiliates**

If this DRP is being filed for a *control affiliate*, give the full name of the *control affiliate* below (for individuals, Last name, First name, Middle name).
If the *control affiliate* is registered with the CRD, provide the CRD number. If not, indicate "non-registered" by checking the appropriate checkbox.

☐ **This DRP should be removed from the BD record because the control affiliate(s) are no longer associated with the BD.**

B. If the *control affiliate* is registered through the CRD, has the *control affiliate* submitted a DRP (with Form U4) or BD DRP to the CRD System for the event? If the answer is "Yes," no other information on this DRP must be provided.

○ Yes ◉ **No**

**NOTE:** The completion of this form does not relieve the *control affiliate* of its obligation to update its CRD records.

## PART II

1. Regulatory Action initiated by:

   ○ **SEC** ○ **Other Federal** ○ **State** ◉ *SRO* ○ **Foreign**
   (Full name of regulator, *foreign financial regulatory authority*, federal, state, or *SRO*)
   NATIONAL ASSOCIATION OF SECURITIES DEALERS, INC.

2. Principal Sanction:
   Censure
   Other Sanctions:

3. Date Initiated (MM/DD/YYYY):
   07/01/1963  ● **Exact**   ○ **Explanation**
   If not exact, provide explanation:

4. Docket/Case Number:
   COMPLAINT NO. NY-802

5. *Control Affiliate* Employing Firm when activity occurred which led to the regulatory action (if applicable):

6. Principal Product Type:
   No Product
   Other Product Types:

7. Describe the allegations related to this regulatory action. (The information must fit within the space provided.)
   VIOLATION OF NASD RULES 2230 AND 2110

8. Current status ?  ○ **Pending**   ○ **On Appeal**   ● **Final**

9. If on appeal, regulatory action appealed to: (SEC, *SRO*, Federal or State Court) and Date Appeal Filed:

**If Final or On Appeal, complete all items below. For Pending Actions, complete Item 13 only.**

10. How was matter resolved:
    Decision

11. Resolution Date (MM/DD/YYYY):
    11/08/1963  ● **Exact**   ○ **Explanation**
    If not exact, provide explanation:

12. **Resolution Detail:**
    A. Were any of the following Sanctions Ordered? (Check all appropriate items):
    ☑ **Monetary/Fine**                     **Amount:** $ 500.00
    ☐ **Revocation/Expulsion/Denial**       ☐ **Disgorgement/Restitution**
    ☑ **Censure**                           ☐ **Cease and Desist/Injunction**
    ☐ **Bar**                               ☐ **Suspension**

    B. Other Sanctions Ordered:

    C. Sanction detail: if suspended, *enjoined* or barred, provide duration including start date and capacities affected (General Securities Principal, Financial Operations Principal, etc.). If requalification by exam/retraining was a condition of the sanction, provide length of time given to requalify/retrain, type of exam required and whether condition has been satisfied. If disposition resulted in a fine, penalty, restitution, disgorgement or monetary compensation, provide total amount, portion levied against *applicant* or *control affiliate*, date paid and if any portion of penalty was waived:
    FINED IN THE AMOUNT OF $500 AND ASSESSED COSTS OF THE PROCEEDING IN THE AMOUNT OF $60.65. THE FINE AND COSTS OF THE PROCEEDINGS WERE PAID IN FULL IN NOVEMBER 1963.

13. Provide a brief summary of details related to the action status and (or) disposition and include relevant terms, conditions and dates. (The information must fit within the space provided.)
    THE FINDING OF A VIOLATION OF NASD RULE 2230 WAS LIMITED TO A TECHNICAL INFRACTION.

This Disclosure Reporting Page (DRP BD) is an ○ **INITIAL OR** ● **AMENDED** response used to report details for affirmative responses to *Items 11C, 11D, 11E, 11F or 11G* of Form BD;

**Check item(s) being responded to:**

### Regulatory Action

| | | | |
|---|---|---|---|
| ☐**11C(1)** | ☐**11C(5)** | ☐**11D(4)** | ☐**11E(3)** |
| ☐**11C(2)** | ☐**11D(1)** | ☐**11D(5)** | ☐**11E(4)** |
| ☐**11C(3)** | ☐**11D(2)** | ☐**11E(1)** | ☐**11F** |
| ☐**11C(4)** | ☐**11D(3)** | ☑**11E(2)** | ☐**11G** |

Use a separate DRP for each event or *proceeding*. An event or *proceeding* may be reported for more than one *person* or entity using one DRP. File with a completed Execution Page.

One event may result in more than one affirmative answer to Items 11C, 11D, 11E, 11F or 11G. Use only one DRP to report details related to the same event. If an event gives rise to actions by more than one regulator, provide details to each action on a separate DRP.

It is not a requirement that documents be provided for each event or *proceeding*. Should they be provided, they will not be accepted as disclosure in lieu of answering the questions on this DRP.

If a *control affiliate* is an individual or organization registered through the CRD, such *control affiliate* need only complete Part I of the *applicant's* appropriate DRP (BD). Details of the event must be submitted on the *control affiliate's* appropriate DRP (BD) or DRP (U4). If a *control affiliate* is an individual or organization not registered through the CRD, provide complete answers to all the items on the *applicant's* appropriate DRP (BD). The completion of this DRP does not relieve the *control affiliate* of its obligation to update its CRD records.

**PART I**

A. The *person(s)* or entity(ies) for whom this DRP is being filed is (are):

- ● **The *Applicant***
- ○ ***Applicant* and one or more *control affiliates***
- ○ **One or more *control affiliates***

If this DRP is being filed for a *control affiliate*, give the full name of the *control affiliate* below (for individuals, Last name, First name, Middle name).
If the *control affiliate* is registered with the CRD, provide the CRD number. If not, indicate "non-registered" by checking the appropriate checkbox.

☐ **This DRP should be removed from the BD record because the *control affiliate(s)* are no longer associated with the BD.**

B. If the *control affiliate* is registered through the CRD, has the *control affiliate* submitted a DRP (with Form U4) or BD DRP to the CRD System for the event? If the answer is "Yes," no other information on this DRP must be provided.

○ **Yes** ● **No**

**NOTE:** The completion of this form does not relieve the *control affiliate* of its obligation to update its CRD records.

## PART II

1. Regulatory Action initiated by:
   ○ **SEC**   ○ **Other Federal**   ○ **State**   ⊙ *SRO*   ○ **Foreign**
   (Full name of regulator, *foreign financial regulatory authority*, federal, state, or *SRO*)
   NATIONAL ASSOCIATION OF SECURITIES DEALERS, INC.

2. Principal Sanction:
   Other
   Other Sanctions:
   FINE

3. Date Initiated (MM/DD/YYYY):
   11/22/1974   ○ **Exact**   ⊙ **Explanation**
   If not exact, provide explanation:
   INFORMATION NO LONGER AVAILABLE DUE TO AGE OF THE COMPLAINT.

4. Docket/Case Number:
   N-NV-86

5. *Control Affiliate* Employing Firm when activity occurred which led to the regulatory action (if applicable):

6. Principal Product Type:
   No Product
   Other Product Types:

7. Describe the allegations related to this regulatory action. (The information must fit within the space provided.)
   INFORMATION NO LONGER AVAILABLE DUE TO AGE OF THE COMPLAINT.

8. Current status ?   ○ **Pending**   ○ **On Appeal**   ⊙ **Final**

9. If on appeal, regulatory action appealed to: (SEC, *SRO*, Federal or State Court) and Date Appeal Filed:

**If Final or On Appeal, complete all items below. For Pending Actions, complete Item 13 only.**

10. How was matter resolved:
    Decision

11. Resolution Date (MM/DD/YYYY):
    11/19/1974   ⊙ **Exact**   ○ **Explanation**
    If not exact, provide explanation:

12. **Resolution Detail:**
    A. Were any of the following Sanctions Ordered? (Check all appropriate items):
    ☑ **Monetary/Fine**                    **Amount: $** 25.00
    ☐ **Revocation/Expulsion/Denial**      ☐ **Disgorgement/Restitution**
    ☐ **Censure**                          ☐ **Cease and Desist/Injunction**
    ☐ **Bar**                              ☐ **Suspension**

B. Other Sanctions Ordered:

C. Sanction detail: if suspended, *enjoined* or barred, provide duration including start date and capacities affected (General Securities Principal, Financial Operations Principal, etc.). If requalification by exam/retraining was a condition of the sanction, provide length of time given to requalify/retrain, type of exam required and whether condition has been satisfied. If disposition resulted in a fine, penalty, restitution, disgorgement or monetary compensation, provide total amount, portion levied against *applicant* or *control affiliate*, date paid and if any portion of penalty was waived:
FINE IN THE AMOUNT OF $25.00. NO OTHER INFORMATION IS AVAILABLE DUE TO THE AGE OF THE COMPLAINT.

13. Provide a brief summary of details related to the action status and (or) disposition and include relevant terms, conditions and dates. (The information must fit within the space provided.)

### BD - CIVIL JUDICIAL DRP
No Information Filed

### BD - BANKRUPTCY DRP
No Information Filed

### BD - BOND DRP
No Information Filed

### BD - JUDGMENT LIEN DRP
No Information Filed

Privacy | Legal | Use of Web CRD®, IARD™, or PFRD™ is governed by the Terms & Conditions.
©2014 FINRA. All rights reserved. FINRA is a registered trademark of the Financial Industry Regulatory Authority, Inc.

# EXHIBIT G

**JPMorganChase** 

JPMORGAN CHASE BANK, N.A.
NORTHEAST MARKET
P O BOX 260180
BATON ROUGE  LA 70826-0180

636
November 29, 2008 -
December 31, 2008

**Page 1 of 4**

**Account Number**
006301428151509

**Customer Service**

If you have any questions
about your statement, please
contact your Customer Service
Professional.

00001713 CEN 802 R 00109 - NNN  1 000000271 P5 0000
BERNARD L MADOFF INVESTMENT SECURITIES
ATTN DANIEL BONVENTRE
885 THIRD AVE 18TH FL
NEW YORK·NY 10022

## Commercial Checking

### Summary

| | Number | Amount |
|---|---|---|
| Opening Ledger Balance | | $.00 |
| Opening Collected Balance | | $.00 |
| Deposits and Credits | 23 | $23,845,193.11 |
| Withdrawals and Debits | 1 | $100,000.00 |
| List Posted Items | 271 | $20,480,064.70 |
| Checks Paid | 0 | $.00 |
| **Ending Ledger Balance** | | **$3,265,128.41** |
| **Ending Collected Balance** | | **$3,265,128.41** |

### Activity

| Ledger Date | Value Date | Description | Debit | Amount |
|---|---|---|---|---|
| 11/29 | | OPENING LEDGER BALANCE | *** Balance *** | $.00 |
| 11/29 | | OPENING COLLECTED BALANCE | *** Balance *** | $.00 |
| 12/01 | | FUNDING XFER FROM 000000140081703 TRN: 0190006300RJ | | $1,356,638.45 |
| 12/01 | | LIST POSTED ITEMS QUANTITY  24 | $1,356,638.45 | |
| 12/01 | | CLOSING LEDGER BALANCE | *** Balance *** | $.00 |
| 12/01 | | CLOSING COLLECTED BALANCE | *** Balance *** | $.00 |
| 12/02 | | FUNDING XFER FROM 000000140081703 TRN: 0190006431RJ | | $3,296,402.00 |
| 12/02 | | LIST POSTED ITEMS QUANTITY  29 | $3,296,402.00 | |
| 12/02 | | CLOSING LEDGER BALANCE | *** Balance *** | $.00 |
| 12/02 | | CLOSING COLLECTED BALANCE | *** Balance *** | $.00 |

Please examine this statement of account at once.  By continuing to use the account, you agree that: (1) the account is subject to
the Bank's deposit account agreement, and (2) the Bank has no responsibility for any error in or improper charge to the account
(including any unauthorized or altered check) unless you notify us in writing of this error or charge within sixty days of the mailing or
availability of the first statement on which the error or charge appears.

JPMTAA0000316

**JPMorganChase** 

636
November 29, 2008 -
December 31, 2008

**Page 2 of 4**

**Account Number**
006301428151509

BERNARD L MADOFF INVESTMENT SECURITIES

## Commercial Checking
(continued)

## Activity

| Ledger Date | Value Date | Description | | Debit | Amount |
|---|---|---|---|---|---|
| 12/03 | | FUNDING XFER FROM 000000140081703 TRN: 0190006304RJ | | | $3,523,469.17 |
| 12/03 | | LIST POSTED ITEMS QUANTITY | 46 | $3,523,469.17 | |
| 12/03 | | CLOSING LEDGER BALANCE | | *** Balance *** | $.00 |
| 12/03 | | CLOSING COLLECTED BALANCE | | *** Balance *** | $.00 |
| 12/04 | | FUNDING XFER FROM 000000140081703 TRN: 0190006107RJ | | | $1,013,700.00 |
| 12/04 | | LIST POSTED ITEMS QUANTITY | 22 | $1,013,700.00 | |
| 12/04 | | CLOSING LEDGER BALANCE | | *** Balance *** | $.00 |
| 12/04 | | CLOSING COLLECTED BALANCE | | *** Balance *** | $.00 |
| 12/05 | | FUNDING XFER FROM 000000140081703 TRN: 0190006115RJ | | | $3,191,385.18 |
| 12/05 | | LIST POSTED ITEMS QUANTITY | 36 | $3,191,385.18 | |
| 12/05 | | CLOSING LEDGER BALANCE | | *** Balance *** | $.00 |
| 12/05 | | CLOSING COLLECTED BALANCE | | *** Balance *** | $.00 |
| 12/08 | | FUNDING XFER FROM 000000140081703 TRN: 0190006473RJ | | | $1,261,117.98 |
| 12/08 | | LIST POSTED ITEMS QUANTITY | 26 | $1,261,117.98 | |
| 12/08 | | CLOSING LEDGER BALANCE | | *** Balance *** | $.00 |
| 12/08 | | CLOSING COLLECTED BALANCE | | *** Balance *** | $.00 |
| 12/09 | | FUNDING XFER FROM 000000140081703 TRN: 0190006395RJ | | | $3,359,163.23 |
| 12/09 | 12/02 | RESEARCH ADJ 3329-04DEC08 DEBIT FOR AN ENCODING ERROR. AN ITEM FOR $150,000.00,POSTED TO YOUR ACCOUNT AS $50,000.00 ON 12/02/08. OUR CASE#3329-04DEC08. | | $100,000.00 | |
| 12/09 | | LIST POSTED ITEMS QUANTITY | 41 | $3,259,163.23 | |
| 12/09 | | CLOSING LEDGER BALANCE | | *** Balance *** | $.00 |
| 12/09 | | CLOSING COLLECTED BALANCE | | *** Balance *** | $.00 |
| 12/10 | | FUNDING XFER FROM 000000140081703 TRN: 0190006356RJ | | | $2,446,259.36 |
| 12/10 | | LIST POSTED ITEMS QUANTITY | 29 | $2,446,259.36 | |
| 12/10 | | CLOSING LEDGER BALANCE | | *** Balance *** | $.00 |
| 12/10 | | CLOSING COLLECTED BALANCE | | *** Balance *** | $.00 |
| 12/11 | | FUNDING XFER FROM 000000140081703 TRN: 0190006181RJ | | | $1,131,929.33 |
| 12/11 | | LIST POSTED ITEMS QUANTITY | 18 | $1,131,929.33 | |
| 12/11 | | CLOSING LEDGER BALANCE | | *** Balance *** | $.00 |
| 12/11 | | CLOSING COLLECTED BALANCE | | *** Balance *** | $.00 |
| 12/12 | | REVERSAL | | | $300,000.00 |
| 12/12 | | REVERSAL | | | $150,000.00 |
| 12/12 | | REVERSAL | | | $125,000.00 |
| 12/12 | | REVERSAL | | | $125,000.00 |
| 12/12 | | REVERSAL | | | $85,000.00 |
| 12/12 | | REVERSAL | | | $75,000.00 |

JPMTAA0000317

**JPMorganChase** ⬡

636
November 29, 2008 -
December 31, 2008

**Page 3 of 4**

**Account Number**
006301428151509

BERNARD L MADOFF INVESTMENT SECURITIES



**Commercial Checking**
(continued)

**Activity**

| Ledger Date | Value Date | Description | Debit | Amount |
|---|---|---|---|---|
| 12/12 | | REVERSAL | | $65,000.00 |
| 12/12 | | REVERSAL | | $60,000.00 |
| 12/12 | | REVERSAL | | $50,000.00 |
| 12/12 | | REVERSAL | | $30,000.00 |
| 12/12 | | REVERSAL | | $21,750.00 |
| 12/12 | | REVERSAL | | $15,949.67 |
| 12/12 | | REVERSAL | | $10,000.00 |
| 12/12 | | CLOSING LEDGER BALANCE | *** Balance *** | $1,112,699.67 |
| 12/12 | | CLOSING COLLECTED BALANCE | *** Balance *** | $1,112,699.67 |
| 12/15 | | FUNDING XFER FRCM 000000140081703 TRN: 0190006491RJ | | $2,152,428.74 |
| 12/15 | | CLOSING LEDGER BALANCE | *** Balance *** | $3,265,128.41 |
| 12/15 | | CLOSING COLLECTED BALANCE | *** Balance *** | $3,265,128.41 |

Your service charges, fees and earnings credit have been calculated through account analysis.

This Page Left Intentionally Blank

JPMTAA0000319

JPMorganChase ⬡

636
November 29, 2008 -
December 31, 2008

**Page 4 of 4**

**Account Number**
006301428151509

BERNARD L MADOFF INVESTMENT SECURITIES



## Commercial Checking
(continued)

## Stop Payment Renewal Notice

Account Number 006301428151509

Bank Number: 802

The following Stop Payments will automatically renew for a 1-year period. You may revoke a Stop prior to the renewal date by simply returning a signed copy of this form with an 'X' placed next to each item you may wish to revoke. The revoking of stop payments will be effective on the renewal date listed on your statement. To immediately remove a current stop payment, please contact your Customer Service Professional. Please allow 10 - 15 days for mail and processing times. Please ensure that an authorized signature is placed in the space provided and mailed to the return address listed at the bottom of the page. Any stops that are revoked will expire on the renewal date.

| Revoke Stop | Sequence Number | Date Entered | Renewal Date | Low Range or Check Number | High Range or Amount |
|---|---|---|---|---|---|
| ___ | 0000174 | 02/28/2008 | 02/28/2009 | 193838 | $4,050.38 |
| ___ | 0000175 | 02/28/2008 | 02/28/2009 | 193850 | $50,000.00 |
| ___ | 0000176 | 02/28/2008 | 02/28/2009 | 193857 | $6,015.00 |
| ___ | 0000177 | 03/18/2008 | 03/18/2009 | 194243 | $60,000.00 |
| ___ | 0000178 | 03/25/2008 | 03/25/2009 | 194202 | $500,000.00 |

Authorized Signature: _____    Date: _____

BERNARD L MADOFF INVESTMENT SECURITIES
ATTN DANIEL BONVENTRE
885 THIRD AVE 18TH FL
NEW YORK NY 10022

JPMORGAN CHASE BANK, N.A.
NORTHEAST MARKET
P O BOX 260180
BATON ROUGE LA 70826-0180

JPMTAA0000320

This Page Left Intentionally Blank

JPMTAA0000321



JPMorganChase

BERNARD L MADOFF INVESTMENT SECURITIES
ATTN DANIEL BONVENTRE
885 THIRD AVENUE-18TH FLOOR
NEW YORK NY 10022

TS
DS

Chase Manhattan Bank USA, N.A.
Wilmington, Delaware

| | |
|---|---|
| Account No: | 6301-428151-509 |
| Statement Start Date: | 30 APR 2005 |
| Statement End Date: | 31 MAY 2005 |
| Statement Code: | 000-USA-12 |
| Statement No: | 005   698 |

Page 1 of 3

## TRANSACTIONS

| | | USD | |
|---|---|---|---|
| Total Credits | 27 | USD | 56,468,096.54 |
| Total Debits (incl. checks) | 25 | USD | 56,468,096.54 |
| Total Checks Paid | 21 | USD | 55,138,096.54 |

## BALANCES

| | Opening (30 APR 2005) | Closing (31 MAY 2005) |
|---|---|---|
| Ledger | .00 Ledger | .00 |

## ENCLOSURES

| | |
|---|---|
| Credits | 0 |
| Debits | 0 |
| Checks | 0 |

| Ledger Date | Adj Ledger Date | Value Date | F | T | References | Debit | Credit / Balance | Description |
|---|---|---|---|---|---|---|---|---|
| 30 APR | | | | | | **** Balance **** | | OPENING LEDGER BALANCE |
| 02MAY | | | | | USD OUR: 1404001124DW | | 0.00 | CDS FUNDING AA01 |
| 02MAY | | | | | USD OUR: 1403001028DW | | 1,362,894.86 | LIST POST AA01 |
| | | | | | | **** Balance **** | 1,362,894.86 | CLOSING LEDGER BALANCE |
| 03MAY | | | | | USD OUR: 1404001117DW | | .00 | CDS FUNDING AA01 |
| 03MAY | | | | | USD OUR: 1403001122DW | | 9,384,578.67 | LIST POST AA01 |
| | | | | | | **** Balance **** | 9,384,578.67 | CLOSING LEDGER BALANCE |
| 04MAY | | | | | USD OUR: 0100300004DW | | .00 | ENCODING ERROR 000163970 050405 |
| 04MAY | | | | | USD OUR: 0100300004DW | | 40,000.00 | ENCODING ERROR 000163970 050405 |
| 04MAY | | | | | USD OUR: 0300200002DW | | 50,000.00 | ENCODING ERROR 000163969 050405 |
| 04MAY | | | | | USD OUR: 0300200002DW | | 360,000.00 | ADDITIONAL FUNDING 000163969 050405 |
| 04MAY | | | | | USD OUR: 0300200003DW | | 450,000.00 | ADDITIONAL FUNDING FOR ENCODING ERROR |
| 04MAY | | | | | USD OUR: 1404001118DW | 2,087,087.32 | | CDS FUNDING AA01 |
| 04MAY | | | | | USD OUR: 0100300008DW | 400,000.00 | | LIST POST AA01 |
| 04MAY | | | | | USD OUR: 0100300005DW | 500,000.00 | | ENCODING ERROR 000163969 050405 |
| | | | | | | **** Balance **** | 2,087,087.32 | CLOSING LEDGER BALANCE |
| 05MAY | | | | | USD OUR: 1404001120DW | | .00 | CDS FUNDING AA01 |
| 05MAY | | | | | USD OUR: 1403001117DW | | 2,211,792.55 | LIST POST AA01 |
| | | | | | | **** Balance **** | 2,211,792.55 | CLOSING LEDGER BALANCE |
| 06MAY | | | | | USD OUR: 1404001120DW | | .00 | CDS FUNDING AA01 |
| 06MAY | | | | | USD OUR: 1403001117DW | | 1,213,376.83 | LIST POST AA01 |
| | | | | | | **** Balance **** | 1,213,376.83 | CLOSING LEDGER BALANCE |
| 09MAY | | | | | USD OUR: 1404001118DW | | .00 | CDS FUNDING AA01 |
| 09MAY | | | | | USD OUR: 1403001137DW | | 2,531,808.05 | LIST POST AA01 |
| | | | | | | Balance **** | 2,531,808.05 | CLOSING LEDGER BALANCE |

| FT CODE: | | |
|---|---|---|
| USD - SAME DAY FUNDS | US1 - ONE DAY FLOAT | US3 - THREE DAY FLOAT | US5 - FIVE DAY FLOAT |
| USN - NEXT DAY FUNDS | US2 - TWO DAY FLOAT | US4 - FOUR DAY FLOAT | USM - MIXED FLOAT |

PLEASE EXAMINE THIS STATEMENT OF ACCOUNT AT ONCE. THE MAINTENANCE OF THIS ACCOUNT IS SUBJECT TO THE PROVISIONS OF THE UNIFORM COMMERCIAL CODE AND THE BANK'S TERMS AND CONDITIONS OF ACCOUNTS IN ACCOUNT'S RESPONSIBILITY FOR ANY ERROR(S), YOU MUST HOLD HARMLESS AND IMPROPER CHARGE TO THIS ACCOUNT, UNLESS INFORMED IN WRITING OF THIS ERROR OR CHARGE WITHIN SIXTY DAYS OF THE DELIVERY, MAILING OR AVAILABILITY OF THE STATEMENT AND CANCELED VOUCHERS.

MADWAA00174942

**JPMorganChase**

BERNARD L MADOFF INVESTMENT SECURITIES
ATTN DANIEL BENVENTRE
885 THIRD AVENUE-18TH FLOOR
NEW YORK NY 10022

TS

DS

Chase Manhattan Bank USA, N.A.
Wilmington, Delaware

Account No:                6301-428151-509
Statement Start Date:      30 APR 2005
Statement End Date:        31 MAY 2005
Statement Code:            000-USA-12
Statement No:              005      698
Page 2 of 3

| Ledger Date | Adj Ledger Date | Value Date | F | References | Debit | Credit / Balance | Description |
|---|---|---|---|---|---|---|---|
| 10MAY | | USD | | OUR: 14004001150W | 3,184,966.27 | 3,184,966.27 | CDS FUNDING |
| 10MAY | | USD | | OUR: 14003001260W | | .00 | LIST POST AA01 |
| 10MAY | | | | | **** Balance **** | | CLOSING LEDGER BALANCE |
| 11MAY | | USD | | OUR: 14004001170W | 2,446,443.95 | 2,446,443.95 | CDS FUNDING |
| 11MAY | | USD | | OUR: 14003001180W | | .00 | LIST POST AA01 |
| 11MAY | | | | | 2,446,443.95 **** | | CLOSING LEDGER BALANCE |
| 11MAY | | | | | **** Balance **** | | |
| 12MAY | | USD | | OUR: 01003000060W | 3,000.00 | 3,000.00 | CDS FUNDING |
| 12MAY | | USD | | OUR: 01006000020W | | .00 | LA INVALID AMOUNT |
| 12MAY | | | | | 40,000.00 | 40,000.00 | 0000163754 051205 |
| 12MAY | | USD | | OUR: 14004001160W | | | LA INVALID AMOUNT |
| 12MAY | | USD | | OUR: 01003000050W | | 330,500.00 | 0000164007 051105 |
| 12MAY | | | | | 330,500.00 | | CDS FUNDING |
| 12MAY | | | | | **** Balance **** | | |
| 12MAY | | USD | | OUR: 01006000010W | 30,000.00 | 387,000.00- | SB CORRECT AMOUNT |
| 12MAY | | | | | 400,000.00 | 11,860,148.34 | 0000164007 051105 |
| 13MAY | | USD | | OUR: 14003001150W | | | SB CORRECT AMOUNT |
| 13MAY | | USD | | OUR: 14004001200W | **** Balance **** | | CLOSING LEDGER BALANCE |
| 13MAY | | | | | 11,473,148.34 | 11,473,148.34 | CDS FUNDING |
| 13MAY | | | | | **** Balance **** | | LIST POST AA01 |
| 16MAY | | USD | | OUR: 14003001210W | | | CLOSING LEDGER BALANCE |
| 16MAY | | USD | | OUR: 14004001140W | 1,603,799.24 | 1,603,799.24 | CDS FUNDING |
| 16MAY | | | | | **** Balance **** | | LIST POST AA01 |
| 17MAY | | USD | | OUR: 14003001130W | 1,603,799.24 **** | | CLOSING LEDGER BALANCE |
| 17MAY | | USD | | OUR: 14004001150W | 2,347,772.50 | 2,347,772.50 | CDS FUNDING |
| 17MAY | | | | | **** Balance **** | .00 | LIST POST AA01 |
| 18MAY | | USD | | OUR: 14003001290W | 2,347,772.50 **** | | CLOSING LEDGER BALANCE |
| 18MAY | | USD | | OUR: 14004001210W | 2,486,689.29 | 2,486,689.29 | CDS FUNDING |
| 18MAY | | | | | **** Balance **** | .00 | LIST POST AA01 |
| 19MAY | | USD | | OUR: 14003001020W | 2,486,689.29 **** | | CLOSING LEDGER BALANCE |
| 19MAY | | USD | | OUR: 14004001170W | 2,941,580.83 | 2,941,580.83 | CDS FUNDING |
| 19MAY | | | | | **** Balance **** | .00 | LIST POST AA01 |
| 20MAY | | USD | | OUR: 14003001010W | 2,941,580.83 **** | | CLOSING LEDGER BALANCE |
| 20MAY | | USD | | OUR: 14004001240W | 2,689,470.00 | 2,689,470.00 | CDS FUNDING |
| 20MAY | | | | | **** Balance **** | .00 | LIST POST AA01 |
| 23MAY | | USD | | OUR: 14003001310W | 2,689,470.00 **** | | CLOSING LEDGER BALANCE |
| 23MAY | | USD | | OUR: 14004001200W | 1,355,394.02 | 1,355,394.02 | CDS FUNDING |
| 23MAY | | | | | **** Balance **** | .00 | LIST POST AA01 |
| 24MAY | | USD | | OUR: 14003001230W | 1,355,394.02 **** | | CLOSING LEDGER BALANCE |
| 24MAY | | USD | | OUR: 14004001170W | 440,111.60 | 440,111.60 | CDS FUNDING |
| 24MAY | | | | | **** Balance **** | .00 | LIST POST AA01 |
| 25MAY | | USD | | OUR: 14003001250W | 440,111.60 **** | | CLOSING LEDGER BALANCE |
| 25MAY | | USD | | OUR: 14004001190W | 649,515.20 | 649,515.20 | CDS FUNDING |
| 26MAY | | | | | **** Balance **** | .00 | LIST POST AA01 |
| 26MAY | | USD | | OUR: 14003001180W | 649,515.20 **** | | CLOSING LEDGER BALANCE |
| 26MAY | | USD | | OUR: 14004001130W | 1,108,800.00 | 1,108,800.00 | CDS FUNDING |
| 26MAY | | USD | | OUR: 14003001060W | | .00 | LIST POST AA01 |
| | | | | | **** Balance **** | 1,108,800.00 | CLOSING LEDGER BALANCE |

MADWAA00174943



JPMorganChase

Chase Manhattan Bank USA, N.A.
Wilmington, Delaware

BERNARD L MADOFF INVESTMENT SECURITIES
ATTN DANIEL BENVENTRE
885 THIRD AVENUE-18TH FLOOR
NEW YORK NY 10022

TS
DS

| | Account No: | 6301-428151-509 |
|---|---|---|
| Statement Start Date: | 30 APR 2005 |
| Statement End Date: | 31 MAY 2005 |
| Statement Code: | 000-USA-12 |
| Statement No: | 005 698 |
| | Page 3 of 3 |

| Ledger Date | Adj Ledger Date | Value Date | F | References | Debit | Credit / Balance | Description |
|---|---|---|---|---|---|---|---|
| 26MAY | | | | | **\*\*\* Balance \*\*\*\*** | .00 | CLOSING LEDGER BALANCE |
| 27MAY | | USD | OUR: 1400400116DW | | | 519,240.00 | CDS FUNDING |
| 27MAY | | USD | OUR: 1400300115DW | | | .00 | LIST POST AA01 |
| 27MAY | | | | | **\*\*\* Balance \*\*\*\*** | 519,240.00 | CLOSING LEDGER BALANCE |
| 31MAY | | USD | OUR: 1400400119DW | | | 2,769,127.02 | CDS FUNDING |
| 31MAY | | USD | OUR: 1400300120DW | | | .00 | LIST POST AA01 |
| 31MAY | | | | | 2,769,127.02 **\*\*\* Balance \*\*\*\*** | .00 | CLOSING LEDGER BALANCE |

MADWAA00174944

**JPMorganChase**

BERNARD L MADOFF INVESTMENT SECURITIES
ATTN DANIEL BENVENTE
885 THIRD AVENUE-18TH FLOOR
NEW YORK NY 10022

TS

DS

Chase Manhattan Bank USA, N.A.
Wilmington, Delaware

| | |
|---|---|
| Account No: | 6301-4281151-509 |
| Statement Start Date: | 01 DEC 2006 |
| Statement End Date: | 29 DEC 2006 |
| Statement Code: | 000-USA-12 |
| Statement No: | 012  542 |

Page 1 of 2

**ENCLOSURES**

| | |
|---|---|
| Credits | 0 |
| Debits | 0 |
| Checks | 0 |

**TRANSACTIONS**

| | | |
|---|---|---|
| Total Credits | USD | 21 |
| Total Debits (incl. checks) | USD | 20 |
| Total Checks Paid | USD | 20 |

**BALANCES**

| | Opening (01 DEC 2006) | Closing (29 DEC 2006) |
|---|---|---|
| Ledger | 91,956,445.09 | .00 |
| | 91,956,445.09 | |
| | 91,956,445.09 | |

| Ledger Date | Adj Ledger Date | Value Date | F. T | Reference | Debit | Credit / Balance | Description |
|---|---|---|---|---|---|---|---|
| | | | | | **** Balance **** | Opening (01 DEC 2006)  Closing (29 DEC 2006) | OPENING LEDGER BALANCE |
| 01DEC | | USD | OUR: 1400400097DW | | | .00 | CDS FUNDING |
| 01DEC | | USD | OUR: 1400300090DW | | **** Balance **** | 1,408,991.00 | LIST POST            AA01 |
| | | | | | 1,408,991.00 | | CLOSING LEDGER BALANCE |
| 04DEC | | USD | OUR: 1400400094DW | | | .00 | CDS FUNDING |
| 04DEC | | USD | OUR: 1400300093DW | | **** Balance **** | 3,014,042.00 | LIST POST            AA01 |
| | | | | | 3,014,042.00 | | CLOSING LEDGER BALANCE |
| 05DEC | | USD | OUR: 1400400100DW | | | .00 | CDS FUNDING |
| 05DEC | | USD | OUR: 1400300107DW | | **** Balance **** | 2,714,550.53 | LIST POST            AA01 |
| | | | | | 2,714,550.53 | | CLOSING LEDGER BALANCE |
| 06DEC | | USD | OUR: 1400400102DW | | | .00 | CDS FUNDING |
| 06DEC | | USD | OUR: 1400300104DW | | **** Balance **** | 1,640,028.73 | LIST POST            AA01 |
| | | | | | 1,640,028.73 | | CLOSING LEDGER BALANCE |
| 07DEC | | USD | OUR: 1400400099DW | | | .00 | CDS FUNDING |
| 07DEC | | USD | OUR: 1400300033DW | | **** Balance **** | 1,370,073.79 | LIST POST            AA01 |
| | | | | | 1,370,073.79 | | CLOSING LEDGER BALANCE |
| 08DEC | | USD | OUR: 1400400096DW | | | .00 | CDS FUNDING |
| 08DEC | | USD | OUR: 1400300095DW | | **** Balance **** | 2,703,531.75 | LIST POST            AA01 |
| | | | | | 2,703,531.75 | | CLOSING LEDGER BALANCE |
| 11DEC | | USD | OUR: 1400400101DW | | | .00 | CDS FUNDING |
| 11DEC | | USD | OUR: 1400300105DW | | **** Balance **** | 2,746,971.04 | LIST POST            AA01 |
| | | | | | 2,746,971.04 | | CLOSING LEDGER BALANCE |
| 12DEC | | USD | OUR: 1400400097DW | | | .00 | CDS FUNDING |
| 12DEC | | USD | OUR: 1400300098DW | | **** Balance **** | 4,498,146.03 | LIST POST            AA01 |
| | | | | | 4,498,146.03 | | CLOSING LEDGER BALANCE |
| 13DEC | | USD | OUR: 1400400097DW | | | .00 | CDS FUNDING |
| 13DEC | | USD | OUR: 1400300093DW | | **** Balance **** | 1,543,037.63 | LIST POST            AA01 |
| | | | | | 1,543,037.63 | | CLOSING LEDGER BALANCE |
| 14DEC | | USD | OUR: 1400400101DW | | | .00 | CDS FUNDING |
| 14DEC | | USD | OUR: 1400300096DW | | **** Balance **** | 1,051,876.89 | LIST POST            AA01 |
| | | | | | 1,051,876.89 | | CLOSING LEDGER BALANCE |

FT CODE:

| | | |
|---|---|---|
| USD - SAME DAY FUNDS | US1 - ONE DAY FLOAT | US3 - THREE DAY FLOAT | US5 - FIVE DAY FLOAT |
| USN - NEXT DAY FUNDS | US2 - TWO DAY FLOAT | US4 - FOUR DAY FLOAT | USM - MIXED FLOAT |

PLEASE EXAMINE THIS STATEMENT OF ACCOUNT AT ONCE. THE MAINTENANCE OF THIS ACCOUNT IS SUBJECT TO THE PROVISIONS OF THE UNIFORM COMMERCIAL
CODE AND THE BANK'S TERMS AND CONDITIONS FOR BUSINESS ACCOUNTS AND SERVICES. THE BANK DISCLAIMS RESPONSIBILITY FOR ANY ERROR IN OR
IMPROPER CHARGE TO THE ACCOUNT AS RENDERED UNLESS INFORMED IN WRITING OF THIS ERROR OR CHARGE WITHIN SIXTY DAYS OF THE DELIVERY, MAILING OR
AVAILABILITY OF THE STATEMENT AND CANCELED VOUCHERS.

MADWAA00205475

**JPMorganChase**

BERNARD L MADOFF INVESTMENT SECURITIES
ATTN DANIEL BENVENTRE
885 THIRD AVENUE-18TH FLOOR
NEW YORK NY 10022

TS

DS

Chase Manhattan Bank USA, N.A.
Wilmington, Delaware

Account No: 6301-428151-509
Statement Start Date: 01 DEC 2006
Statement End Date: 29 DEC 2006
Statement Code: 000-USA-12
Statement No: 012   542
Page 2 of 2

| Ledger Date | Adj Ledger Date | Value Date | F T | References | Debit | Credit / Balance | Description |
|---|---|---|---|---|---|---|---|
| 15DEC | | USD | OUR: | 140040000940DW | 1,495,995.97 | 1,495,995.97 | CDS FUNDING AA01 |
| 15DEC | | USD | OUR: | 140030000930DW | | | LIST POST AA01 |
| 15DEC | | | | | **** Balance **** | .00 | CLOSING LEDGER BALANCE |
| 18DEC | | USD | OUR: | 140040000940DW | 2,622,614.48 | 2,622,614.48 | CDS FUNDING AA01 |
| 18DEC | | USD | OUR: | 140030000990DW | | | LIST POST AA01 |
| 18DEC | | | | | **** Balance **** | .00 | CLOSING LEDGER BALANCE |
| 18DEC | | USD | OUR: | 140040000940DW | 2,663,008.32 | 2,663,008.32 | CDS FUNDING AA01 |
| 19DEC | | USD | OUR: | 140030000950DW | | | LIST POST AA01 |
| 19DEC | | | | | **** Balance **** | 80,167.80 | CLOSING LEDGER BALANCE |
| 20DEC | | USD | OUR: | 081010000200DW | 0000180303 121906 | 80,167.80 | SP RET ITEM |
| 20DEC | | USD | OUR: | 140040000960DW | | | CDS FUNDING AA01 |
| 20DEC | | USD | OUR: | 140030000910DW | 5,558,510.15 | 5,558,510.15 | LIST POST AA01 |
| 20DEC | | | | | **** Balance **** | 1,905,669.25 | CLOSING LEDGER BALANCE |
| 21DEC | | USD | OUR: | 140040000990DW | 1,985,837.05 | 1,985,837.05 | CDS FUNDING AA01 |
| 21DEC | | USD | OUR: | 140030000930DW | | | LIST POST AA01 |
| 21DEC | | | | | **** Balance **** | .00 | CLOSING LEDGER BALANCE |
| 22DEC | | USD | OUR: | 140040000980DW | 2,515,861.47 | 2,515,861.47 | CDS FUNDING AA01 |
| 22DEC | | USD | OUR: | 140030000970DW | | | LIST POST AA01 |
| 22DEC | | | | | **** Balance **** | .00 | CLOSING LEDGER BALANCE |
| 26DEC | | USD | OUR: | 140040000101DW | 19,624,842.40 | 19,624,842.40 | CDS FUNDING AA01 |
| 26DEC | | USD | OUR: | 140030000990DW | | | LIST POST AA01 |
| 26DEC | | | | | **** Balance **** | .00 | CLOSING LEDGER BALANCE |
| 26DEC | | USD | OUR: | 140040000960DW | 6,853,314.36 | 6,853,314.36 | CDS FUNDING AA01 |
| 27DEC | | USD | OUR: | 140030000990DW | | | LIST POST AA01 |
| 27DEC | | | | | **** Balance **** | .00 | CLOSING LEDGER BALANCE |
| 27DEC | | USD | OUR: | 140040000980DW | 19,318,024.70 | 19,318,024.70 | CDS FUNDING AA01 |
| 28DEC | | USD | OUR: | 140030000970DW | | | LIST POST AA01 |
| 28DEC | | | | | **** Balance **** | .00 | CLOSING LEDGER BALANCE |
| 28DEC | | USD | OUR: | 140040000950DW | 6,627,186.80 | 6,627,186.80 | CDS FUNDING AA01 |
| 28DEC | | USD | OUR: | 140030000940DW | | | LIST POST AA01 |
| 20DEC | | | | | **** Balance **** | .00 | CLOSING LEDGER BALANCE |

MADWAA00205476

JPMORGAN CHASE
STATEMENT PROOF
AS OF 12/31/06

TEAM........... 542
ACCOUNT........ 6301428151509
ACCOUNT NAME... BERNARD MADOFF XXX

OPENING BALANCE......................                                    .00

    TOTAL DEPOSITS................. +      91,876,277.29

    CREDIT MEMOS ................. +               .00

    RETURN ITEM CREDITS ............ +         80,167.80

    ACH/EFT CREDITS................. +               .00

    MISCELLANEOUS CREDITS........... +               .00

TOTAL NEW CREDITS.................... =              91,956,445.09

-------------------------------------------------------------------------

    CHECKS AS PAID PER DDA.......... -      91,956,445.09

    DEBIT MEMOS ................... -               .00

    ACH/EFT DEBITS................. -               .00

    MISCELLANEOUS DEBITS........... -               .00

TOTAL NEW DEBITS.................... =              91,956,445.09

CLOSING BALANCE..................... =                             .00

PREP BY:

JPMORGANCHASE 5801 EAST TAFT ROAD, NORTH SYRACUSE, NY 13212
TELEPHONE: 800 235 6286 FACSIMILE: 315 452 4396

A00007

MADWAA00205477

```
                         JPMORGAN CHASE
                         PAYMENT PROOF
                         AS OF 12/31/06

TEAM........... 542
ACCOUNT....... 6301428151509
ACCOUNT NAME... BERNARD MADOFF XXX

TOTAL CHECKS PAID PER RECONCILIATION...... +              91,876,277.29

    UNPOSTED PAID EXCEPTIONS............ +                          .00

        TOTAL .......................... =              91,876,277.29

--------------------------------------------------------------------

CHECKS PAID AS PER DDA....................              91,956,445.09

CURRENT PERIOD ADJUSTMENTS:
    RETURN ITEM CREDITS.................. -                  80,167.80

    CHECK CHARGED TWICE OR IN ERROR...... -        .00
    CREDIT ADJUSTMENTS FOR ENCODING ERROR -        .00
        SUBTOTAL CREDIT MEMOS.......... =                          .00

    CHECK NOT CHARGED.................... +        .00
    DEBIT ADJUSTMENTS FOR ENCODING ERROR. +        .00
        SUBTOTAL DEBIT MEMOS........... =                          .00

FUTURE PERIOD ADJUSTMENTS:
    RETURN ITEM CREDITS.................. -                          .00

    CHECK CHARGED TWICE OR IN ERROR...... -        .00
    CREDIT ADJUSTMENTS FOR ENCODING ERROR -        .00
        SUBTOTAL CREDIT MEMOS.......... =                          .00

    CHECK NOT CHARGED.................... +        .00
    DEBIT ADJUSTMENTS FOR ENCODING ERROR. +        .00
        SUBTOTAL DEBIT MEMOS........... =                          .00

ADJUSTED DDA CHECKS PAID TOTAL...........              91,876,277.29

PROOF DIFFERENCE......................... +/-                      .00
```

JPMORGANCHASE 5801 EAST TAFT ROAD, NORTH SYRACUSE, NY 13212
TELEPHONE: 800 235 6286 FACSIMILE: 315 452 4396

A00007

MADWAA00205478

```
TEAM...........542
ACCOUNT.........6301428151509
ACCOUNT NAME....BERNARD MADOFF XXX

Return Item Credits Current Period

Date      Check #          Explanation                       Amount
121906     180303 DATE PRESENTED RETURN                     80,167.80
                                                            _____
                                Total.................      80,167.80
                                                            ===========
```

A00007

MADWAA00205479

ARP/SERVICE MANAGEMENT SYSTEM

DEPT ARP                              PAGE: 1

SMS485  /6.1  419
12/23/06  04:25:41

BANK/ACCT:  802 6301428151509
COMPANY: BERNARD MADOFF XXX
OPER/TEAM:  542
RUN DATE: 12/22/06

| SERIAL NUM | AMOUNT | DATE | SERIAL NUM | AMOUNT | DATE | SERIAL NUM | AMOUNT | DATE |
|---|---|---|---|---|---|---|---|---|

-------------------- EXPIRED STOP REPORT --------------------

| SERIAL NUM | AMOUNT | DATE |
|---|---|---|
| 169927 | 60000.00 | 12/21/05 |

TOTAL
EXPIRED STOPS

COUNT          AMOUNT
1             60,000.00

*** END OF REPORT - PRINTED          12/23/06  04:51:18 ***

MADWAA00205480

```
BANK/ACCT:    802 6301428151509
COMPANY: BERNARD MADOFF XXX
OPER/TEAM: 542
RUN DATE: 12/21/06

                                        ARP/SERVICE MANAGEMENT SYSTEM        DEPT ARP        PAGE:   1
                                                                                            SMS485  /6.1   419
                                                                                            12/22/06  04:25:59
                            ---------------- EXPIRED STOP REPORT ------------------------

SERIAL NUM   AMOUNT    DATE            SERIAL NUM   AMOUNT    DATE       SERIAL NUM   AMOUNT   DATE
  169697    5000.00  12/20/05           169760   15000.00  12/20/05

TOTAL                          COUNT           AMOUNT
EXPIRED STOPS                    2          18,000.00
```

*** END OF REPORT - PRINTED      12/22/06  04:50:43 ***

MADWAA00205481

DUPLICATE

## JPMorganChase 🞛

JPMORGAN CHASE BANK, N.A.
NORTHEAST MARKET
P O BOX 260180
BATON ROUGE LA 70826-0180

July 01, 2008 -
July 31, 2008

**Page 1 of 5**

**Account Number**
006301428151509

IlₐₗIIIₗₐₗIₗₗₗₘₗIₗₗₗₗIₐₗₗₗIₐₗₗIₐₗₗₗIₗₗₗₗIₗₗII
00002132 CEN 802 S 21408 - NNN  1 000001363 P5

BERNARD L MADOFF INVESTMENT SECURITIES
ATTN DANIEL BONVENTRE
885 THIRD AVE 18TH FL
NEW YORK NY 10022

**Customer Service**

If you have any questions
about your statement, please
contact your Customer Service
Professional.



## Commercial Checking

### Summary

|  | Number | Amount |
|---|---|---|
| Opening Ledger Balance |  | $.00 |
| Opening Collected Balance |  | $.00 |
| Deposits and Credits | 22 | $102,543,908.67 |
| Withdrawals and Debits | 1 | $157,500.00 |
| List Posted Items | 1,363 | $102,386,408.67 |
| Checks Paid | 0 | $.00 |
| **Ending Ledger Balance** |  | **$.00** |
| **Ending Collected Balance** |  | **$.00** |

### Activity

| Ledger Date | Value Date | Description | | Debit | Amount |
|---|---|---|---|---|---|
| 07/01 |  | OPENING LEDGER BALANCE |  | *** Balance *** | $.00 |
| 07/01 |  | OPENING COLLECTED BALANCE |  | *** Balance *** | $.00 |
| 07/01 |  | FUNDING XFER FROM 000000140081703 TRN: 0190000229RF |  |  | $2,311,245.48 |
| 07/01 |  | LIST POSTED ITEMS QUANTITY | 29 | $2,311,245.48 |  |
| 07/01 |  | CLOSING LEDGER BALANCE |  | *** Balance *** | $.00 |
| 07/01 |  | CLOSING COLLECTED BALANCE |  | *** Balance *** | $.00 |
| 07/02 |  | FUNDING XFER FROM 000000140081703 TRN: 0190000240RF |  |  | $3,020,281.00 |
| 07/02 |  | LIST POSTED ITEMS QUANTITY | 17 | $3,020,281.00 |  |
| 07/02 |  | CLOSING LEDGER BALANCE |  | *** Balance *** | $.00 |
| 07/02 |  | CLOSING COLLECTED BALANCE |  | *** Balance *** | $.00 |

Please examine this statement of account at once.  By continuing to use the account, you agree that: (1) the account is subject to the Bank's deposit account agreement, and (2) the Bank has no responsibility for any error in or improper charge to the account (including any unauthorized or altered check) unless you notify us in writing of this error or charge within sixty days of the mailing or availability of the first statement on which the error or charge appears.

MADWAA00293779

**JPMorganChase** ⬡

July 01, 2008 -
July 31, 2008

**Page 2 of 5**

**Account Number**
006301428151509

BERNARD L MADOFF INVESTMENT SECURITIES

## Commercial Checking
(continued)

## Activity

| Ledger Date | Value Date | Description | | Debit | Amount |
|---|---|---|---|---|---|
| 07/03 | | FUNDING XFER FROM 000000140081703 TRN: 0190000235RF | | | $7,016,567.06 |
| 07/03 | | LIST POSTED ITEMS QUANTITY | 150 | $7,016,567.06 | |
| **07/03** | | **CLOSING LEDGER BALANCE** | | *** Balance *** | **$.00** |
| **07/03** | | **CLOSING COLLECTED BALANCE** | | *** Balance *** | **$.00** |
| 07/07 | | FUNDING XFER FROM 000000140081703 TRN: 0190000239RF | | | $4,798,378.87 |
| 07/07 | | LIST POSTED ITEMS QUANTITY | 115 | $4,798,378.87 | |
| **07/07** | | **CLOSING LEDGER BALANCE** | | *** Balance *** | **$.00** |
| **07/07** | | **CLOSING COLLECTED BALANCE** | | *** Balance *** | **$.00** |
| 07/08 | | FUNDING XFER FROM 000000140081703 TRN: 0190000234RF | | | $5,138,084.87 |
| 07/08 | | LIST POSTED ITEMS QUANTITY | 124 | $5,138,084.87 | |
| **07/08** | | **CLOSING LEDGER BALANCE** | | *** Balance *** | **$.00** |
| **07/08** | | **CLOSING COLLECTED BALANCE** | | *** Balance *** | **$.00** |
| 07/09 | | FUNDING XFER FROM 000000140081703 TRN: 0190000237RF | | | $20,130,340.59 |
| 07/09 | | LIST POSTED ITEMS QUANTITY | 130 | $20,130,340.59 | |
| **07/09** | | **CLOSING LEDGER BALANCE** | | *** Balance *** | **$.00** |
| **07/09** | | **CLOSING COLLECTED BALANCE** | | *** Balance *** | **$.00** |
| 07/10 | | FUNDING XFER FROM 000000140081703 TRN: 0190000222RF | | | $6,690,294.87 |
| 07/10 | | LIST POSTED ITEMS QUANTITY | 113 | $6,690,294.87 | |
| **07/10** | | **CLOSING LEDGER BALANCE** | | *** Balance *** | **$.00** |
| **07/10** | | **CLOSING COLLECTED BALANCE** | | *** Balance *** | **$.00** |
| 07/11 | | FUNDING XFER FROM 000000140081703 TRN: 0190000228RF | | | $11,392,346.06 |
| 07/11 | | LIST POSTED ITEMS QUANTITY | 173 | $11,392,346.06 | |
| **07/11** | | **CLOSING LEDGER BALANCE** | | *** Balance *** | **$.00** |
| **07/11** | | **CLOSING COLLECTED BALANCE** | | *** Balance *** | **$.00** |
| 07/14 | | FUNDING XFER FROM 000000140081703 TRN: 0190000227RF | | | $8,790,793.11 |
| 07/14 | | LIST POSTED ITEMS QUANTITY | 111 | $8,790,793.11 | |
| **07/14** | | **CLOSING LEDGER BALANCE** | | *** Balance *** | **$.00** |
| **07/14** | | **CLOSING COLLECTED BALANCE** | | *** Balance *** | **$.00** |
| 07/15 | | FUNDING XFER FROM 000000140081703 TRN: 0190000232RF | | | $6,044,321.86 |
| 07/15 | | LIST POSTED ITEMS QUANTITY | 108 | $6,044,321.86 | |
| **07/15** | | **CLOSING LEDGER BALANCE** | | *** Balance *** | **$.00** |
| **07/15** | | **CLOSING COLLECTED BALANCE** | | *** Balance *** | **$.00** |
| 07/16 | | FUNDING XFER FROM 000000140081703 TRN: 0190000235RF | | | $1,719,715.09 |
| 07/16 | | LIST POSTED ITEMS QUANTITY | 44 | $1,719,715.09 | |
| **07/16** | | **CLOSING LEDGER BALANCE** | | *** Balance *** | **$.00** |
| **07/16** | | **CLOSING COLLECTED BALANCE** | | *** Balance *** | **$.00** |

MADWAA00293780

# JPMorganChase 🌀

July 01, 2008 -
July 31, 2008

**Page 3 of 5**

**Account Number**
006301428151509

BERNARD L MADOFF INVESTMENT SECURITIES



## Commercial Checking
(continued)

## Activity

| Ledger Date | Value Date | Description | | Debit | Amount |
|---|---|---|---|---|---|
| 07/17 | | FUNDING XFER FROM 000000140081703 TRN: 0190000223RF | | | $4,286,361.10 |
| 07/17 | | LIST POSTED ITEMS QUANTITY | 25 | $4,286,361.10 | |
| 07/17 | | CLOSING LEDGER BALANCE | | *** Balance *** | $.00 |
| 07/17 | | CLOSING COLLECTED BALANCE | | *** Balance *** | $.00 |
| 07/18 | | FUNDING XFER FROM 000000140081703 TRN: 0190000221RF | | | $6,402,832.76 |
| 07/18 | | LIST POSTED ITEMS QUANTITY | 33 | $6,402,832.76 | |
| 07/18 | | CLOSING LEDGER BALANCE | | *** Balance *** | $.00 |
| 07/18 | | CLOSING COLLECTED BALANCE | | *** Balance *** | $.00 |
| 07/21 | | FUNDING XFER FROM 000000140081703 TRN: 0190006557RJ | | | $2,990,968.39 |
| 07/21 | | LIST POSTED ITEMS QUANTITY | 33 | $2,990,968.39 | |
| 07/21 | | CLOSING LEDGER BALANCE | | *** Balance *** | $.00 |
| 07/21 | | CLOSING COLLECTED BALANCE | | *** Balance *** | $.00 |
| 07/22 | | FUNDING XFER FROM 000000140081703 TRN: 0190006580RJ | | | $2,561,146.22 |
| 07/22 | | LIST POSTED ITEMS QUANTITY | 32 | $2,561,146.22 | |
| 07/22 | | CLOSING LEDGER BALANCE | | *** Balance *** | $.00 |
| 07/22 | | CLOSING COLLECTED BALANCE | | *** Balance *** | $.00 |
| 07/23 | | FUNDING XFER FROM 000000140081703 TRN: 0190006450RJ | | | $1,119,511.63 |
| 07/23 | | LIST POSTED ITEMS QUANTITY | 14 | $1,119,511.63 | |
| 07/23 | | CLOSING LEDGER BALANCE | | *** Balance *** | $.00 |
| 07/23 | | CLOSING COLLECTED BALANCE | | *** Balance *** | $.00 |
| 07/24 | | FUNDING XFER FROM 000000140081703 TRN: 0190006342RJ | | | $2,106,097.01 |
| 07/24 | | LIST POSTED ITEMS QUANTITY | 22 | $2,106,097.01 | |
| 07/24 | | CLOSING LEDGER BALANCE | | *** Balance *** | $.00 |
| 07/24 | | CLOSING COLLECTED BALANCE | | *** Balance *** | $.00 |
| 07/25 | | FUNDING XFER FROM 000000140081703 TRN: 0190006278RJ | | | $837,834.54 |
| 07/25 | | LIST POSTED ITEMS QUANTITY | 18 | $837,834.54 | |
| 07/25 | | CLOSING LEDGER BALANCE | | *** Balance *** | $.00 |
| 07/25 | | CLOSING COLLECTED BALANCE | | *** Balance *** | $.00 |
| 07/28 | | FUNDING XFER FROM 000000140081703 TRN: 0190006589RJ | | | $1,797,852.67 |
| 07/28 | | RESEARCH ADJ 6167-14JUL08 DEBIT FOR AN ENCODING ERROR POSTED ON 07/08/08. AN ITEM FOR $175,000.00, DEPOSITED TO YOUR ACCOUNT $17,500.00. OUR CASE #6167-14JUL08. | | $157,500.00 | |
| 07/28 | | LIST POSTED ITEMS QUANTITY | 24 | $1,640,352.67 | |
| 07/28 | | CLOSING LEDGER BALANCE | | *** Balance *** | $.00 |
| 07/28 | | CLOSING COLLECTED BALANCE | | *** Balance *** | $.00 |

**JPMorganChase** ⬡

July 01, 2008 -
July 31, 2008

**Page 4 of 5**

**Account Number**
006301428151509

BERNARD L MADOFF INVESTMENT SECURITIES

## Commercial Checking
(continued)

## Activity

| Ledger Date | Value Date | Description | | Debit | Amount |
|---|---|---|---|---|---|
| 07/29 | | FUNDING XFER FROM 000000140081703 TRN: 0190006538RJ | | | $936,337.30 |
| 07/29 | | LIST POSTED ITEMS QUANTITY | 18 | $936,337.30 | |
| **07/29** | | **CLOSING LEDGER BALANCE** | | *** Balance *** | **$.00** |
| **07/29** | | **CLOSING COLLECTED BALANCE** | | *** Balance *** | **$.00** |
| 07/30 | | FUNDING XFER FROM 000000140081703 TRN: 0190006415RJ | | | $1,122,484.76 |
| 07/30 | | LIST POSTED ITEMS QUANTITY | 18 | $1,122,484.76 | |
| **07/30** | | **CLOSING LEDGER BALANCE** | | *** Balance *** | **$.00** |
| **07/30** | | **CLOSING COLLECTED BALANCE** | | *** Balance *** | **$.00** |
| 07/31 | | FUNDING XFER FROM 000000140081703 TRN: 0190006340RJ | | | $1,330,113.43 |
| 07/31 | | LIST POSTED ITEMS QUANTITY | 12 | $1,330,113.43 | |
| **07/31** | | **CLOSING LEDGER BALANCE** | | *** Balance *** | **$.00** |
| **07/31** | | **CLOSING COLLECTED BALANCE** | | *** Balance *** | **$.00** |

Your service charges, fees and earnings credit have been calculated through account analysis.

MADWAA00293782



# JPMorganChase

July 01, 2008 -
July 31, 2008

**Page 5 of 5**

**Account Number**
006301428151509

BERNARD L MADOFF INVESTMENT SECURITIES



## Commercial Checking
(continued)

## Stop Payment Renewal Notice

Account Number 006301428151509                                                                    Bank Number: 802

The following Stop Payments will automatically renew for a 1-year period. You may revoke a Stop prior to the
renewal date by simply returning a signed copy of this form with an 'X' placed next to each item you may wish
to revoke. The revoking of stop payments will be effective on the renewal date listed on your statement. To
immediately remove a current stop payment, please contact your Customer Service Professional. Please
allow 10 - 15 days for mail and processing times. Please ensure that an authorized signature is placed in the
space provided and mailed to the return address listed at the bottom of the page. Any stops that are revoked
will expire on the renewal date.

| Revoke Stop | Sequence Number | Date Entered | Renewal Date | Low Range or Check Number | High Range or Amount |
|---|---|---|---|---|---|
| ___ | 0000143 | 10/12/2007 | 10/12/2008 | | |
| ___ | 0000144 | 10/15/2007 | 10/15/2008 | | |
| ___ | 0000145 | 10/16/2007 | 10/16/2008 | | |
| ___ | 0000146 | 10/18/2007 | 10/18/2008 | | |
| ___ | 0000147 | 10/19/2007 | 10/19/2008 | | |

Authorized Signature: _____     Date: _____

BERNARD L MADOFF INVESTMENT SECURITIES
ATTN DANIEL BONVENTRE
885 THIRD AVE 18TH FL
NEW YORK NY 10022

JPMORGAN CHASE BANK, N.A.
NORTHEAST MARKET
P O BOX 260180
BATON ROUGE LA 70826-0180

MADWAA00293783

This Page Left Intentionally Blank

MADWAA00293784

# EXHIBIT H

The Chase Manhattan Bank

CHASE

# Statement of Account

In US Dollars

BERNARD L MADOFF
ATTN TONY TILETNICK
885 THIRD AVENUE 18TH FLOOR
NEW YORK NY 10022-4833

| | |
|---|---|
| Account No: | 140-081703 |
| Statement Start Date: | 01 DEC 2000 |
| Statement End Date: | 29 DEC 2000 |
| Statement Code: | 000-USA-11 |
| Statement No: | 012 |

Page 1 of 47

## BALANCES

| | Opening (01 DEC 2000) | Closing (29 DEC 2000) |
|---|---|---|
| Ledger | 4,210,325,881.04 | 3,734,855.26 |
| Collected | 4,193,567,092.98 | 2,386,831.26 |
| | | 15,005.00 |

## TRANSACTIONS

| | | |
|---|---|---|
| Total Credits | 198 | 4,210,325,881.04 |
| Total Debits (incl. checks) | 247 | 4,193,567,092.98 |
| Total Checks Paid | 92 | 2,277,877,180.83 |

## ENCLOSURES

| | |
|---|---|
| Credits | 0 |
| Debits | 0 |
| Checks | 92 |

| Ledger Date | Adj Ledger Date | Value Date | F T | References | Debit | Credit / Balance | Description |
|---|---|---|---|---|---|---|---|
| 01 DEC | | | | | | **** Balance **** | 3,734,855.26 | OPENING LEDGER BALANCE |
| 01 DEC | | | | | | **** Balance **** | 2,386,831.26 | OPENING COLLECTED BALANCE |
| 01 DEC | | | | | | | 15,005.00 | INTEREST |
| | | | | | | | | REF: INTEREST             COMMERCIAL PA |
| | | | | | | | | PER: INTEREST TICKET # 001098 |
| 01DEC | | | USD | OUR: 000000109818 | | | | |
| 01DEC | | * | USM | DEP REF #      281 | | | 350,000.00 | DEPOSIT CASH LETTER # 001098 |
| | | | | | | | | CASH LETTER 0000000281 |
| | | | | | | | | *VALUE DATE: 12/01          200,000 |
| | | | | | | | | 12/04          125,000 |
| | | | | | | | | 12/05           25,000 |
| 01DEC | | 01DEC | USD | YOUR: O/B MELLON PIT OUR: 0104307336FF | | | 600,000.00 | FEDWIRE CREDIT |
| | | | | | | | | VIA: MELLON BANK N.A. |
| | | | | | | | | /043000261 |
| | | | | | | | | B/O: BUCKINGHAM RAF PARTNERS LP |
| | | | | | | | | NEW YORK NY 10017-6705 |
| | | | | | | | | REF: CHASE NYC/CTR/BBK=BERNARD L MA |
| | | | | | | | | DOFF NEW YORK NY 10022-4834/AC-0001 |
| | | | | | | | | 40081703 BNF=JEROME & ANNE FISH ER/ |
| | | | | | | | | AC-IF015530 40 RFB=O/B MELLON PIT B |
| | | | | | | | | IMAD: 1201D3QC120C001253 |
| 01DEC | | 01DEC | USD | YOUR: ATTN BELLES OUR: 3761600336FC | | | 600,000.00 | CHIPS CREDIT |
| | | | | | | | | VIA: CITIBANK |
| | | | | | | | | /0008 |
| | | | | | | | | B/O: HERMES WORLD CHF FUND |
| | | | | | | | | REF: NBBK=BERNARD L MADOFF NEW YORK |
| | | | | | | | | NY 10022-4834/AC-00014008I703 BNF= |
| | | | | | | | | LAGOON INVESTMENT C ACCOUNT ORG=HER |

FT CODE:
USD - SAME DAY FUNDS
USN - NEXT DAY FUNDS
US1 - ONE DAY FLOAT
US2 - TWO DAY FLOAT
US3 - THREE DAY FLOAT
US4 - FOUR DAY FLOAT
US5 - FIVE DAY FLOAT
USM - MIXED FLOAT

PLEASE EXAMINE THIS STATEMENT OF ACCOUNT AT ONCE. THE MAINTENANCE OF THIS ACCOUNT IS SUBJECT TO THE PROVISIONS OF THE NEW YORK UNIFORM COMMERCIAL CODE AND CHASE'S TERMS AND CONDITIONS FOR BUSINESS ACCOUNTS AND SERVICES. THE BANK DISCLAIMS RESPONSIBILITY FOR ANY ERROR OR IMPROPER CHARGE TO THE ACCOUNT AS RENDERED UNLESS INFORMED IN WRITING OF THIS ERROR OR CHARGE WITHIN SIXTY DAYS OF THE DELIVERY, MAILING OR AVAILABILITY OF THE STATEMENT CANCELED VOUCHERS. KINDLY REFER TO THE INSTRUCTIONS ON THE REVERSE SIDE OF THIS STATEMENT IN ORDER TO DIRECT YOUR INQUIRIES TO THE PROPER DEPARTMENT FOR PROMPT ACTION.

The Chase Manhattan Bank

CHASE

## Statement of Account

In US Dollars

BERNARD L MADOFF
ATTN TONY TILETNICK
885 THIRD AVENUE 18TH FLOOR
NEW YORK NY 10022-4833

| | |
|---|---|
| Account No: | 140-081703 |
| Statement Start Date: | 01 DEC 2001 |
| Statement End Date: | 31 DEC 2001 |
| Statement Code: | 000-USA-11 |
| Statement No: | 012 |
| | Page 1 of 48 |

| TRANSACTIONS | | | BALANCES | | | | ENCLOSURES | |
|---|---|---|---|---|---|---|---|---|
| | | | Opening (01 DEC 2001) | | Closing (31 DEC 2001) | | | |
| Total Credits | 228 | 5,598,840,323.89 | Ledger | 5,641,935.59 | Ledger | 26,581,003.10 | Credits | 0 |
| Total Debits (incl. checks) | 241 | 5,577,901,256.38 | Collected | 4,949,112.59 | Collected | 22,754,312.10 | Debits | 0 |
| Total Checks Paid | 107 | 3,437,377,804.58 | | | | | Checks | 107 |

| Ledger Date | Adj Ledger Date | Value Date | F T | References | Debit | Credit / Balance | Description |
|---|---|---|---|---|---|---|---|
| 01 DEC | | | | | **** Balance **** | 5,641,935.59 | OPENING LEDGER BALANCE |
| 01 DEC | | | | | **** Balance **** | 4,949,112.59 | OPENING COLLECTED BALANCE |
| 03DEC | | | USD | OUR: 0000001718IB | | 1,541.90 | INTEREST<br>REF: INTEREST COMMERCIAL PA<br>PER TICKET # 001718 |
| 03DEC | | | USD | OUR: 0000001473IB | | 17,062.50 | INTEREST<br>REF: INTEREST<br>TICKET # 001473 |
| 03DEC | | 03DEC | USD | YOUR: O/B BK OF NYC<br>OUR: 0311902337FF | | 401,132.68 | FEDWIRE CREDIT<br>VIA: BANK OF NEW YORK<br>/021000018<br>B/O: KOHL FAMILY PARTNERSHIP LP<br>WOODBURY NY 11797-2702<br>REF: CHASE NYC/CTR/BBK=BERNARD L MA<br>DOFF NEW YORK NY 10022-4834/AC-0001<br>40081703 BNF=KOHL FAMILY PARTNERSHI<br>P LP WOODBURY NY 11797-2702/AC-1ZA5<br>IMAD: 1203B1Q8152C003989 |
| 03DEC | | 03DEC | USD | YOUR: O/B SIGNAL W STP<br>OUR: 0504302337FF | | 1,000,000.00 | FEDWIRE CREDIT<br>VIA: SIGNAL BANK, INC.<br>/096016794<br>B/O: BOYER H PALMER<br>PLYMOUTH, MN<br>REF: CHASE NYC/CTR/BNF=BERNARD L MA<br>DOFF NEW YORK NY 10022-4834/AC-0001<br>40081703 RFB=O/B SIGNAL W STP BBI=/<br>BNF/FDR FINAL CREDIT TO BOYER & FE |

FT CODE: USD - SAME DAY FUNDS; USN - NEXT DAY FUNDS; US1 - ONE DAY FLOAT; US2 - TWO DAY FLOAT; US3 - THREE DAY FLOAT; US4 - FOUR DAY FLOAT; US5 - FIVE DAY FLOAT; USM - MIXED FLOAT

PLEASE EXAMINE THIS STATEMENT OF ACCOUNT AT ONCE. THE MAINTENANCE OF THIS ACCOUNT IS SUBJECT TO THE PROVISIONS OF THE NEW YORK UNIFORM COMMERCIAL CODE AND THE BANK'S TERMS AND CONDITIONS FOR BUSINESS ACCOUNTS AND SERVICES. THE BANK DISCLAIMS RESPONSIBILITY FOR ANY ERROR IN OR IMPROPER CHARGE TO THE ACCOUNT AS RENDERED UNLESS INFORMED IN WRITING OF THIS ERROR OR CHARGE WITHIN SIXTY DAYS OF THE DELIVERY, MAILING OR AVAILABILITY OF THE STATEMENT AND CANCELED VOUCHERS. KINDLY REFER TO THE INSTRUCTIONS ON THE REVERSE SIDE OF THIS STATEMENT IN ORDER TO DIRECT YOUR INQUIRIES TO THE PROPER DEPARTMENT FOR PROMPT ACTION.

18Dec08-372
THIS PAGE IS PART OF A STATEMENT REQUEST
GROUP ID G18Dec08-372
18-Dec-08

JPMSAB0000152

JPMorgan Chase Bank

**JPMorganChase**

CM

## Statement of Account

BERNARD L MADOFF
ATTN TONY TILETNICK
885 THIRD AVENUE 18TH FLOOR
NEW YORK NY 10022-4833

In US Dollars

| | |
|---|---|
| Account No: | 140-081703 |
| Statement Start Date: | 30 NOV 2002 |
| Statement End Date: | 31 DEC 2002 |
| Statement Code: | 000-USA-11 |
| Statement No: | 012 |

Page 1 of 60

### BALANCES

| | Opening (30 NOV 2002) | Closing (31 DEC 2002) | |
|---|---|---|---|
| Ledger | 2,140,678,753.03 | 1,670,299.53 | Ledger |
| Collected | 2,139,847,421.20 | .53 | Collected |
| | 82,400,691.58 | 399.03 | |

### ENCLOSURES

| | |
|---|---|
| Credits | 0 |
| Debits | 0 |
| Checks | 91 |

### TRANSACTIONS

| | | |
|---|---|---|
| Total Credits | 257 | 2,140,678,753.03 |
| Total Debits (incl. checks) | 287 | 2,139,847,421.20 |
| Total Checks Paid | 91 | 82,400,691.58 |

Need to reconcile your accounts as soon as possible? Take advantage of our promotional offer for Internet Statements. Download the statements for your accounts two business days after the statement cycle ends. Search for transactions listed in your statement. Export data as a text or formatted Excel file. Best of all, receive your first three Internet Statements free of charge. Please contact your JPMorgan Relationship Manager for further information.

| Ledger Date | Adj Ledger Date | Value Date | D/C | References | Debit | Credit / Balance | Description |
|---|---|---|---|---|---|---|---|
| 30 NOV | | | | | | **** Balance **** | OPENING LEDGER BALANCE |
| 30 NOV | | | | | | 1,670,299.53 | OPENING COLLECTED BALANCE |
| 02DEC | | | | | | **** Balance **** | OPENING COLLECTED BALANCE |
| | | | | | | .53 | INTEREST ON PRINCIPAL OF |
| | | | | | | 399.03 | $6,560,587 AT AIP RATE=00.73% FOR |
| | | USD | | YOUR: 31Y992397I336 | | | AIP INVESTMENT DATED 11/29 AIP |
| | | | | OUR: 3361003971XP | | | REFERENCE=31Y992397I336 EFFECTIVE |
| | | | | | | | YIELD=00.73%. EFFECTIVE YIELD |
| | | | | | | | REFLECTS COMPOUNDING OF INTEREST |
| 02DEC | | USD | | OUR: 0000001407IB | | 3,450.66 | INTEREST |
| | | | | | | | REF: INTEREST   COMMERCIAL PA |
| | | | | | | | REF: INTEREST TICKET # 001407 |
| 02DEC | | USD | | OUR: 0000001139IB | | 7,109.38 | INTEREST |
| | | | | | | | REF: INTEREST |
| | | | | | | | REF: INTEREST TICKET # 001139 |
| 02DEC | 02DEC | USD | | YOUR: O/B CITIBANK NYC | | 500,000.00 | FEDWIRE CREDIT |
| | | | | OUR: 0258213336FF | | | VIA: CITIBANK |
| | | | | | | | /021000089 |
| | | | | | | | B/O: 0000370246647 |
| | | | | | | | 10021 |
| | | | | | | | REF: CHASE NYC/CTR/BNF-BERNARD L MA |
| | | | | | | | DOFF NEW YORK NY 10022-4834/AC-0001 |

| FT CODE: | USD - SAME DAY FUNDS | US1 - ONE DAY FLOAT | US3 - THREE DAY FLOAT | US5 - FIVE DAY FLOAT |
|---|---|---|---|---|
| | USN - NEXT DAY FUNDS | US2 - TWO DAY FLOAT | US4 - FOUR DAY FLOAT | USM - MIXED FLOAT |

PLEASE EXAMINE THIS STATEMENT OF ACCOUNT AT ONCE. THE BANKS ACCOUNTS FOR ITS ACCURACY. SUBJECT TO THE PROVISIONS OF THE NEW YORK UNIFORM COMMERCIAL CODE AND THE BANK'S TERMS AND CONDITIONS, THE BANK WILL NOT BE LIABLE FOR ANY ERROR IN OR IMPROPER CHARGE TO THE ACCOUNT AS RENDERED, UNLESS ADVISED IN WRITING OF THIS ERROR OR CHARGE WITHIN SIXTY DAYS OF THE DELIVERY MAILING OR AVAILABILITY OF THIS STATEMENT AND CANCELLED VOUCHERS. KINDLY REFER TO THE INSTRUCTIONS ON THE REVERSE SIDE OF THIS STATEMENT IN ORDER TO DIRECT YOUR INQUIRIES TO THE PROPER DEPARTMENT FOR PROMPT ACTION.

JPMSAB0000795

**JPMorganChase**

JPMorgan Chase Bank

## Statement of Account

CM

BERNARD L MADOFF INVESTMENT SECURITIES
ATTN TONY TILETNICK
885 THIRD AVENUE 18TH FLOOR
NEW YORK NY 10022-4833

In US Dollars

| | |
|---|---|
| Account No: | 140-08170S |
| Statement End Date: | 29 NOV 2003 / 31 DEC 2003 |
| Statement Code: | 000-USA-11 |
| Statement No: | 012 |

Page 1 of 65

### TRANSACTIONS

| | | |
|---|---|---|
| Total Credits | 249 | 3,811,205,678.81 |
| Total Debits (incl. checks) | 260 | 3,807,230,735.13 |
| Total Checks Paid | 28 | 4,305,505.49 |

### ENCLOSURES

| | |
|---|---|
| Credits | 0 |
| Debits | 0 |
| Checks | 28 |

### BALANCES

| | Opening (29 NOV 2003) | Closing (31 DEC 2003) |
|---|---|---|
| Ledger | 3,811,205,678.81 | 4,061,656.69 |
| Collected | 4,305,505.49 | .69 |

Ledger 86,713.01
Collected .01

**** Balance ****
**** Balance ****

Opening LEDGER BALANCE 86,713.01
Opening COLLECTED BALANCE .01
AIP INTEREST PAYMENT 843.64
INTEREST ON PRINCIPAL OF
$1,844,747 AT AIP RATE-00.51% FOR
AIP INVESTMENT DATED 11/28/03 AIP
REFERENCE=31Y99973332 EFFECTIVE
YIELD=0.51%. EFFECTIVE YIELD
REFLECTS COMPOUNDING OF INTEREST
INTEREST 4,500.34
REF: INTEREST
REF: INTEREST TICKET # 000254 COMMERCIAL PA
INTEREST 10,159.72
REF: INTEREST
REF: INTEREST TICKET # 000938
BOOK TRANSFER CREDIT 38,211.30
TO: CANADIAN IMPERIAL BANK OF COMM
TORONTO ONTARIO CANADA M5J25-8
ORG: BAILLIE LAW CORPORATION
REF: FAC SBK/CIBC TRUST NO 2, AC
00/DCMT/USD33826-30/
BOOK TRANSFER CREDIT 45,000.00
LAW-NEPHROLOGY ASSOCIATES P C
NEW ROCHELLE NY 10804-221
REF:/BNF/FBO: NEPHROLOGY ASSOCIATE
S PC PENSION PLAN 1-CM135-3-0 UPMQR

| Post date | Value date | | | | | Debits | Credits | Bank reference |
|---|---|---|---|---|---|---|---|---|
| 28 NOV | | | | | | | | |
| 29 NOV | | | | | | | | |
| 01DEC | | USD | YOUR: | 31Y99975746355 | | | | |
| | | | OUR: | 3351003746XP | | | | |
| 01DEC | | USD | OUR: | 000000025413 | | | 4,500.34 | |
| 01DEC | | USD | OUR: | 000000093813 | | | 10,159.72 | |
| 01DEC | 01DEC | USD | YOUR: | SWF OF 03/12/01 | | | 38,211.30 | |
| | | | OUR: | 5703700335FS | | | | |
| 01DEC | 01DEC | USD | YOUR: | CS3 OF 03/12/01 | | | 45,000.00 | |
| | | | OUR: | 0082300335ET | | | | |

FT CODE:
USD - SAME DAY FUNDS
USN - NEXT DAY FUNDS

US1 - ONE DAY FLOAT
US2 - TWO DAY FLOAT

US3 - THREE DAY FLOAT
US4 - FOUR DAY FLOAT

US5 - FIVE DAY FLOAT
USM - MIXED FLOAT

PLEASE EXAMINE THIS STATEMENT AT ONCE. IN THE MAINTENANCE OF THIS ACCOUNT IS SUBJECT TO THE PROVISIONS OF THE NEW YORK UNIFORM COM-
MERCIAL CODE AND THE BANK'S TERMS AND CONDITIONS FOR BUSINESS ACCOUNTING AND SERVICES. THIS BANK IS NOT LIABLE FOR ANY ERROR IN
OR IMPROPER CHARGE TO THE ACCOUNT AS RENDERED UNLESS INFORMED IN WRITING OF THIS ERROR OR CHARGE WITHIN SIXTY DAYS OF THE DELIVERY, MAILING
OR AVAILABILITY OF THE STATEMENT AND CANCELED VOUCHERS. KINDLY REFER TO THE INSTRUCTIONS ON THE REVERSE SIDE OF THIS STATEMENT IN ORDER TO
DIRECT YOUR INQUIRIES TO THE PROPER DEPARTMENT FOR PROMPT ACTION.

JPMSAB0001452

JPMorgan Chase Bank, N.A.

**JPMorganChase**

**Statement of Account**

CM

BERNARD L MADOFF INVESTMENT SECURITIES
ATTN TONY TILETNICK
885 THIRD AVENUE 18TH FLOOR
NEW YORK NY 10022-4835

In US Dollars

| | |
|---|---|
| Account No: | 140-081703 |
| Statement Start Date: | 01 DEC 2004 |
| Statement End Date: | 31 DEC 2004 |
| Statement Code: | 000-USA-11 |
| Statement No: | 012 |

Page 1 of 63

### TRANSACTIONS

| | | |
|---|---|---|
| Total Credits | 225 | 5,119,048,471.10 |
| Total Debits (incl. checks) | 292 | 5,118,254,320.63 |
| Total Checks Paid | 30 | 8,725,985.50 |

### BALANCES

| | Opening (01 DEC 2004) | Closing (31 DEC 2004) |
|---|---|---|
| Ledger | 290,450.03 | 290,450.03 |
| Collected | | .03 |

### ENCLOSURES

| | |
|---|---|
| Credits | 0 |
| Debits | 0 |
| Checks | 30 |

| Date | Description | Debits | Credits | Balance |
|---|---|---|---|---|
| 01 DEC | **** Balance **** | | | 290,450.03 |
| 01 DEC | **** Balance **** | | | 594.67 |
| 01 DEC | | | | |

OPENING LEDGER BALANCE
OPENING COLLECTED BALANCE
AIP INTEREST PAYMENT
INT REF: 312109 PRINCIPAL OF
$14,672,100.50 AT AIP RATE=01.50% FOR
AIP INVESTMENT DATED 11/30/04 AIP
REFERENCE=31Y99984123355 EFFECTIVE
YIELD=01.51%. EFFECTIVE YIELD
REFLECTS COMPOUNDING OF INTEREST
INTEREST
REF: INTEREST

| | USD | YOUR: 31Y9972864356 | | 290,450.03 | |
| | | OUR: 3561102864XP | | | |
| | | | | | |

TICKET # 000163

| 01 DEC | USD | OUR: 0000001631B | | 66,354.17 |
FEDWIRE CREDIT
VIA: BOSTON PRIVATE BANK & TRUST CO
/011002343
B/O: TURBO INVESTORS LLC
MERITON MA 024

| 01 DEC | USD | YOUR: O/B BOSTON PRIVA | 100,000.00 | |
| | | OUR: 0384503336FF | | |
REF: CHASE NYC/CTR/BNF=BERNARD L MA
DOFF NEW YORK NY 10022-4834/AC-8000
1400 RFB=O/B BOSTON PRIV IMAD: 1201 B
URBO INVESTORS/LLC AC 1- 1052 3 0
IMAD: 1201A1Q2BDIE000017

| 01 DEC | USD | YOUR: SWF OF 04/12/01 | | 102,805.86 |
| | | OUR: 0579500336JS | | |
B/O: GOLDMAN SACHS & CO
NEW YORK NY 10274-
ORG: /010025150109
R BRADFORD MALT TRUSTEE

| FT CODE: | USD - SAME DAY FUNDS | US1 - ONE DAY FLOAT | US3 - THREE DAY FLOAT | USS - FIVE DAY FLOAT |
| | USN - NEXT DAY FUNDS | US2 - TWO DAY FLOAT | US4 - FOUR DAY FLOAT | USM - MIXED FLOAT |

PLEASE EXAMINE THIS STATEMENT OF ACCOUNT AT ONCE. THE MAINTENANCE OF THIS ACCOUNT IS SUBJECT TO THE PROVISIONS OF THE NEW YORK UNIFORM COMMERCIAL CODE AND THE BANK'S TERMS AND CONDITIONS FOR BUSINESS ACCOUNTS AND SERVICES. THE BANK DISCLAIMS RESPONSIBILITY FOR ANY ERROR IN THE ACCOUNT
OR IMPROPER CHARGE TO THE ACCOUNT AS RENDERED UNLESS INFORMED IN WRITING OF THIS ERROR OR CHARGE WITHIN SIXTY DAYS OF THE DELIVERY, MAILING
OR AVAILABILITY OF THE STATEMENT AND CANCELLED VOUCHERS. KINDLY REFER TO THE INSTRUCTIONS ON THE REVERSE SIDE OF THIS STATEMENT IN ORDER TO
DIRECT YOUR INQUIRIES TO THE PROPER DEPARTMENT FOR PROMPT ACTION.

JPMSAB0002089

## JPMorgan Chase

JPMorgan Chase Bank, N.A.

### Statement of Account

CM

BERNARD L MADOFF INVESTMENT SECURITIES
ATTN TONY TILETNICK
885 THIRD AVENUE 18TH FLOOR
NEW YORK NY 10022-4833

| | In US Dollars |
|---|---|
| Account No: | 140-081703 |
| Statement Start Date: | 01 DEC 2005 |
| Statement End Date: | 30 DEC 2005 |
| Statement Code: | 000-USA-11 |
| Statement No: | 012 |
| | Page 1 of 61 |

**TRANSACTIONS**

| | | |
|---|---|---|
| Total Credits | 200 | 3,569,237,928.70 |
| Total Debits (incl. checks) | 264 | 3,569,203,682.06 |
| Total Checks Paid | 6 | 13,500.00 |

**ENCLOSURES**

| Credits | 0 |
|---|---|
| Debits | 0 |
| Checks | 6 |

**BALANCES**

| | Opening (01 DEC 2005) | | Closing (30 DEC 2005) | |
|---|---|---|---|---|
| | Ledger | Collected | Ledger | Collected |
| | 288,971.09 | .09 | 323,217.73 | .73 |

| Post Date | Value Date | | Description | Debit | Credit | Balance |
|---|---|---|---|---|---|---|
| | | | | | **** Balance **** | 288,971.09 |
| 01 DEC | | | OPENING LEDGER BALANCE | | **** Balance **** | 0.09 |
| 01 DEC | | | OPENING COLLECTED BALANCE | | | .03 |
| 01DEC 29NOV | 28NOV USD | YOUR: 31Y9811175335 OUR: 3351019979XP | B/V INTEREST ADJUSTMENTS CHANGE IN INTEREST FOR AIP INVESTMENT DATED 11/28/2005 - PREVIOUS AMT 1,01,852.53 CURRENT REFERENCE31Y9811175335 AMT: $4,201.56 AIP | | | |
| 01DEC 30NOV | 30NOV USD | YOUR: 31Y9811176335 OUR: 3351019980XP | B/V INTEREST ADJUSTMENTS CHANGE IN INTEREST FOR AIP INVESTMENT DATED 11/30/2005 - PREVIOUS AMT: $4,200.51 CURRENT REFERENCE31Y9811176335 AMT: $4,201.56 AIP | | .03 | |
| 01DEC | USD | YOUR: 31Y9811177335 OUR: 3351019981XP | B/V INTEREST ADJUSTMENTS CHANGE IN INTEREST FOR AIP INVESTMENT DATED 7/30/2005 - PREVIOUS AMT: $1,997.26 CURRENT REFERENCE31Y9811177335 AMT: $1,997.29 AIP | | .03 | |
| 01DEC 22NOV | 22NOV USD | YOUR: 31Y9811171335 OUR: 3351019979XP | B/V INTEREST ADJUSTMENTS CHANGE IN INTEREST FOR AIP INVESTMENT DATED 11/21/2005 - PREVIOUS AMT: $1,656.30 AIP REFERENCE31Y9811171335 | | 42.49 | |

| FT CODE: | USD - SAME DAY FUNDS USD - NEXT DAY FUNDS | US1 - ONE DAY FLOAT US2 - TWO DAY FLOAT | US3 - THREE DAY FLOAT US4 - FOUR DAY FLOAT | US5 - FIVE DAY FLOAT US6 - SIX DAY FLOAT |
|---|---|---|---|---|

PLEASE EXAMINE THIS STATEMENT OF ACCOUNT AT ONCE. THE MAINTENANCE OF THIS ACCOUNT IS SUBJECT TO THE PROVISIONS OF THE NEW YORK UNIFORM COMMERCIAL CODE AND THE BANK'S TERMS AND CONDITIONS FOR BUSINESS ACCOUNTS AND SERVICES. THE BANK DISCLAIMS RESPONSIBILITY FOR ANY ERROR IN OR IMPROPER CHARGE TO THE ACCOUNT AS RENDERED UNLESS INFORMED IN WRITING OF THIS ERROR OR CHARGE WITHIN SIXTY DAYS OF THE DELIVERY. MAILING OR AVAILABILITY OF THIS STATEMENT AND CANCELLED VOUCHERS. KINDLY REFER TO THE INSTRUCTIONS ON THE REVERSE SIDE OF THIS STATEMENT IN ORDER TO DIRECT YOUR INQUIRIES TO THE PROPER DEPARTMENT FOR PROMPT ACTION.

JPMSAB0002742

# JPMorganChase

**JPMorgan Chase Bank, N.A.**

CM

## Statement of Account

In US Dollars

Account No: 140-081703
Statement Start Date: 01 DEC 2006
Statement End Date: 29 DEC 2006
Statement Code: 000-USA-11
Statement No: 012

Page 1 of 68

BERNARD L MADOFF INVESTMENT SECURITIES
ATTN TONY TILETNICK
885 THIRD AVENUE 18TH FLOOR
NEW YORK NY 10022-4833

### TRANSACTIONS

| | Number | Amount |
|---|---|---|
| Total Credits | 206 | 12,286,195,100.58 |
| Total Debits (incl checks) | 256 | 12,286,410,245.18 |
| Total Checks Paid | 4 | 9,000.00 |

### BALANCES

| | | |
|---|---|---|
| Opening (01 DEC 2006) Ledger | 609,844.65 | Closing (28 DEC 2006) Ledger | 394,700.05 |
| Collected | .65 | Collected | .05 |

### ENCLOSURES

| | |
|---|---|
| Credits | 0 |
| Debits | 0 |
| Checks | 4 |

| Post Date | Value Date | Item | Balances | Debits | Credits | Details |
|---|---|---|---|---|---|---|
| | | | | | \*\*\*\* Balance \*\*\*\* | 609,844.65 |
| | | | | | \*\*\*\* Balance \*\*\*\*\* | OPENING LEDGER BALANCE |
| 01DEC | | USD | YOUR: 31Y9973133335 | | 2,058.00 | OPENING COLLECTED BALANCE |
| 01DEC | | | OUR: 3351003133XP | | | AIP INTEREST PAYMENT |
| 01DEC | | | | | | INTEREST ON PRINCIPAL OF $11,615,719.00 AT AIP RATE=06.71% FOR AIP INVESTMENT DATED 11/30/06 AIP REFERENCE=31Y99738554334 EFFECTIVE YIELD=06.92%. EFFECTIVE YIELD REFLECTS COMPOUNDING OF INTEREST |
| 01DEC | \* | USM | DEP REF # | 2257 | 131,500.00 | DEPOSIT CASH LETTER CASH LETTER 0000002257 \*VALUE DATE: 12/01 120,000 12/04 8,500 12/05 3,500 |
| 01DEC | 01DEC | USD | YOUR: O/B BK OF NYC | 1,000,000.00 | | CHIPS CREDIT VIA: BANK OF NEW YORK /0001 |
| | | | OUR: 5355400335FC | | | B/O: JPMORGAN CHASE BANK N.A. REF: NBNK=JPMORGAN CHASE BANK N.A. |
| | | | | | | R-212-635-6770 REF=LERNARD L MADOFF NEW YORK NY 10022-4834/AC-000010001400 BNF= THE YOUNG FAMILY PARTNERS LLC SOL 8 THE BETTY YOUNG MANAGERS/AC-Y-0008-3 0 NET-BETTY YOUNG |
| | | | | | | SSN: 0291852 |
| 01DEC | 01DEC | USD | YOUR: 061201040611 | 1,000,000.00 | | FEDWIRE CREDIT |
| | | | OUR: 0767401335FF | | | VIA: WACHOVIA BANK NA |

FT CODE:
USD - SAME DAY FUNDS
USN - NEXT DAY FUNDS
US1 - ONE DAY FLOAT
US2 - TWO DAY FLOAT
US3 - THREE DAY FLOAT
US4 - FOUR DAY FLOAT
US5 - FIVE DAY FLOAT
USM - MIXED FLOAT

PLEASE EXAMINE THIS STATEMENT OF ACCOUNT AT ONCE. THE MAINTENANCE OF THIS ACCOUNT IS SUBJECT TO THE PROVISIONS OF THE NEW YORK UNIFORM COMMERCIAL CODE AND THE BANK'S TERMS AND CONDITIONS FOR BUSINESS ACCOUNTS AND SERVICES. THE BANK DISCLAIMS RESPONSIBILITY FOR ANY ERRORS IN FORM OR IMPROPER CHARGE TO THE ACCOUNT AS RENDERED UNLESS INFORMED IN WRITING OF THIS ERROR OR CHARGE WITHIN SIXTY DAYS OF THE DELIVERY, MAILING OR AVAILABILITY OF THE STATEMENT AND CANCELED VOUCHERS. KINDLY REFER TO THE INSTRUCTIONS ON THE REVERSE SIDE OF THIS STATEMENT IN ORDER TO DIRECT YOUR INQUIRIES TO THE PROPER DEPARTMENT FOR PROMPT ACTION.

18-Dec-08

18Dec08-344

## JPMorganChase ⬡

JPMORGAN CHASE BANK, N.A.
NORTHEAST MARKET
P O BOX 260180
BATON ROUGE LA 70826-0180

00000032 CEN 802 7 00108 - NNN  1 000000007 H1 0000

BERNARD L MADOFF INVESTMENT SECURITIES
ATTN TONY TILETNICK
885 THIRD AVE 18TH FL
NEW YORK NY 10022-4833

December 01, 2007 -
December 31, 2007

**Page 1 of 52**

**Account Number**
000000140081703

**Customer Service**

If you have any questions
about your statement, please
contact your Customer
Service Professional.



**Future DDA Statements will be Printed on Both Sides.**

In an effort to help reduce paper consumption, JPMorgan Chase, will begin printing DDA
statements on both sides. This change will begin with statements printed after January 20,
2008.

If you would like to eliminate paper statements altogether, Internet-based statements are
also available. Please contact your service representative to sign up for Internet statements
or visit **www.jpmorganchase.com/visit/ecodda** for more information.

JPMorgan Chase continues to improve our services and strives to minimize our impact to
the environment.

## Commercial Checking

### Summary

| | Number | Amount |
|---|---|---|
| Opening Ledger Balance | | $188,333.03 |
| Opening Collected Balance | | $.03 |
| Deposits and Credits | 192 | $13,567,434,695.88 |
| Withdrawals and Debits | 302 | $13,566,863,619.86 |
| Checks Paid | 7 | $17,100.00 |
| **Ending Ledger Balance** | | **$742,309.05** |
| **Ending Collected Balance** | | **$.05** |
| Sweep Investment Account(s): | | |
| Other | | $32,435,254.00 |
| **Combined Ledger Balance** | | **$33,177,563.05** |

Please examine this statement of account at once. By continuing to use the account, you agree that: (1) the account is
subject to the Bank's deposit account agreement, and (2) the Bank has no responsibility for any error in or improper charge
to the account (including any unauthorized or altered check) unless you notify us in writing of this error or charge within sixty
days of the mailing or availability of the first statement on which the error or charge appears.

JPMSAB0003405

## JPMorganChase 

JPMORGAN CHASE BANK, N.A.
NORTHEAST MARKET
P O BOX 260180
BATON ROUGE LA 70826-0180

00000043 CEN 802 7 00109 - NNN 1 000000001 H1 0000

BERNARD L MADOFF INVESTMENT SECURITIES
ATTN TONY TILETNICK
885 THIRD AVE 18TH FL
NEW YORK NY 10022-4833

November 29, 2008 -
December 31, 2008

**Page 1 of 25**

**Account Number**
000000140081703

**Customer Service**

If you have any questions
about your statement, please
contact your Customer Service
Professional.

## Commercial Checking

### Summary

| | Number | Amount |
|---|---|---|
| Opening Ledger Balance | | $560,000.60 |
| Opening Collected Balance | | $.60 |
| Deposits and Credits | 122 | $3,219,564,477.98 |
| Withdrawals and Debits | 71 | $2,990,715,212.29 |
| Checks Paid | 1 | $2,000.00 |
| **Ending Ledger Balance** | | **$229,407,266.29** |
| **Ending Collected Balance** | | **$229,407,266.29** |

### Activity

| Ledger Date | Value Date | Description | Debit | Amount |
|---|---|---|---|---|
| 11.29 | | OPENING LEDGER BALANCE | *** Balance *** | **$560,000.60** |
| 11/29 | | OPENING COLLECTED BALANCE | *** Balance *** | $.60 |
| 12/01 | | RETURN OF PRINCIPAL - END-OF-DAY SWEEP JPMORGAN CHASE & CO COMMERCIAL PAPER CPSWP112808 . TRN: 3332003179XN YOUR REF: 31Y996772333 | | $10,871,514.00 |
| 12-01 | | CHIPS CREDIT VIA THE BANK OF NEW YORK MELLON/0001 B/O: BERNARD L MADOFF INVESTMENT NEW YORK ,NY 10022 REF: NBNF=BERNARD L MADOFF NEW YORK NY 10022 -4834/AC-000000001400 ORG=/8661126621 NEW YORK ,NY 10022 SSN: 0222435 THN: 4372200336FC YOUR REF: CHASE | | $150,000,000.00 |

Please examine this statement of account at once. By continuing to use the account, you agree that: (1) the account is subject to
the Bank's deposit account agreement, and (2) the Bank has no responsibility for any error in or improper charge to the account
(including any unauthorized or altered check) unless you notify us in writing of this error or charge within sixty days of the mailing or
availability of the first statement on which the error or charge appears.

# EXHIBIT I



MADWAA00259419



**BERNARD L. MADOFF**

5201 48761

91878

62-26
311

2815-09

4/13 19 99

PAY TO THE ORDER OF __JAMES GREIFF__

EXACTLY **$376,577DOLLARS93CENTS

$ *376577.93

DOLLARS

480449540 404 0 BERNARD L. MADOFF 58

Chase Manhattan Bank Delaware
1201 Market Street
Wilmington, DE 19801

FOR __1-ZB324-3__

By

⑆000091878⑆ ⑆031100267⑆ 63014 28151 509⑆

⑆0037657793⑆



**BERNARD L. MADOFF**

101146

62-26
311

PAY TO THE ORDER OF  JAMES GREIFF

1/06/00

EXACTLY **286,170DOLLARS89CENTS

$ *286170.89

DOLLARS

Chase Manhattan Bank Delaware
1201 Market Street
Wilmington, DE 19801

FOR  1-ZB324-3

By  BERNARD L. MADOFF

⑆001011146⑆ ⑈031100262⑇ 630112815150 9⑈

MADWAA00052071





BERNARD L. MADOFF

110031

62-26
311.

PAY TO THE
ORDER OF  JAMES GREIFF

7/01 20 00

*184974*90
3300

EXACTLY **184,974DOLLARS90CENTS*

DOLLARS

Chase Manhattan Bank Delaware
1201 Market Street
Wilmington, DE 19801

BERNARD L. MADOFF

By

FOR  1-ZB324-3

MADWAA00248970