DENTONS US LLP
Arthur H. Ruegger
Carole Neville
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 768-6700
Facsimile: (212) 768-6800
Email: arthur.ruegger@dentons.com

*Attorneys for the Defendant*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>        Plaintiff-Applicant,<br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>        Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>        Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>        Plaintiff,<br>v.<br><br>JAMES GREIFF,<br>        Defendant. | Adv. Pro. No. 10-04357 (SMB) |

**DECLARATION OF ARTHUR H. RUEGGER PURSUANT TO LOCAL RULE 9077-1
IN SUPPORT OF ORDER TO SHOW CAUSE SCHEDULING A HEARING ON
SHORTENED NOTICE ON THE DEFENDANT'S MOTION PURSUANT TO RULE
5011(c) STAYING THE PROCEEDINGS IN THE BANKRUPTCY COURT**

I, Arthur H. Ruegger, hereby declare, pursuant to 28 U.S.C. § 1746 that the following is true to the best of my knowledge, information, and belief, as follows:

1. I am senior counsel in the law firm of Dentons US LLP, which maintains an office at 1221 Avenue of the Americas, New York. The firm serves as counsel to the Defendant named in the above captioned adversary proceeding.

2. I submit this declaration pursuant to Local Bankruptcy Rule 9077-1 in support of the accompanying Order to Show Cause for an expedited hearing on the Defendant's Motion Pursuant Rule 5011(C) for Stay of the Trial Pending Ruling By the District Court on Defendants' Motion To Withdraw the Reference (the "Stay Motion")

3. Unless otherwise indicated, the facts set forth herein are based on my personal knowledge. If called as a witness, I could and would testify competently thereto.

4. An expedited hearing on the motion is necessary to preserve the Defendant's right to a jury trial under the facts of this case and to have the important issues heard by the District Court in advance of the trial scheduled in this Court for April 7, 2020 at 10:00 a.m.

5. Federal Rule of Bankruptcy Procedure 5011(c) grants the Bankruptcy Court authority to stay proceedings before it pending determination of a motion to withdraw the reference if the movant demonstrates (i) the likelihood of prevailing on the merits in the District Court, (ii) that the movant will suffer irreparable harm if the stay is denied, (iii) that the other parties will not be substantially harmed by the stay, and (iv) that the public interest will be served by granting the stay. As set forth more fully in the accompanying Defendant's Memorandum Of Law In Support Of (A) An Expedited Hearing and (B) Motion For Stay Of Trial Pursuant To Rule 5011(c) Pending Ruling By The District Court On Defendant's Motion To Withdraw The Reference, dated March 9, 2020, the primary factors weigh in favor of granting the stay, the Defendant timely filed a jury demand; he was not a creditor at the time the adversary proceeding

was filed; and there are remaining disputed issues in this fraudulent transfer litigation to be tried.

6. On March 4, 2020, the Defendant moved to withdraw the reference of this adversary proceeding to the District Court for a jury trial. A copy of the Notice of Motion for Withdrawal of the Reference, dated March 4, 2020, and accompanying Defendant James Greiff's Memorandum in Support of Motion to Withdraw the Reference of the Adversary Proceeding Pursuant to 28 U.S.C. § 157(d), Federal Rule of Bankruptcy Procedure 5011, and Rule 5011-1 of the Local Rules, dated March 4, 2020 [ECF 112-1] is annexed hereto as **Exhibit A**; and a copy of the accompanying Declaration of Arthur H. Ruegger in Support of Defendant's Motion for Withdrawal of the Reference, dated March 4, 2020, and exhibits [ECF 113] is annexed hereto as **Exhibit B** (together, the "Withdrawal Motion").

7. It clear that a trial in the Bankruptcy Court will deprive the Defendant of his right to a jury trial only weeks before a determination of the issues by the District Court. In that regard, Defendant will suffer irreparable harm.

8. The Defendant has a substantial likelihood of prevailing on the Withdrawal Motion given the facts of this case. The Defendant asserted his right to a jury trial at the first opportunity. He did not consent to the entry of a final order by the bankruptcy court. At the time the litigation was filed, the SIPA claim he filed had been finally disallowed for more than a year. The claims disallowance did not resolve the issues in the litigation. Finally, key issues of fact in the fraudulent conveyance litigation remain in dispute. Under these circumstances, the appropriate procedure for the determination of the issues is withdrawal of the reference for jury trial in the District Court.

9. In contrast to the harm to the Defendant, the Trustee will suffer no harm in waiting a short time for a determination by the District Court. The Trustee refusal to consent to the brief continuance in this adversary proceeding is not principled, but on information and belief

is based on general expedition of litigation. Furthermore, even if the Trustee was finally to prevail in this case, the recovery would be too small to have a measurable effect on the holders of the allowed claims against the estate.

11. The Defendant is not seeking an indefinite stay and he is willing to work with the Trustee in narrowing the issues for trial.

12. For the reasons stated herein and more fully discussed in the Stay Motion and accompanying Memorandum, the Defendants respectfully request that the Court grant the Order to Show Cause expediting determination of the Stay Motion and grant the Stay Motion.

Executed this 9th day of March 2020
New York, New York

_____
ARTHUR H. RUEGGER