Peter S. Partee, Sr.
Robert A. Rich
Sherli M. Furst
**HUNTON ANDREWS KURTH LLP**
200 Park Avenue
New York, New York 10166
(212) 309-1000

*Attorneys for Defendants Edward A. Zraick, Jr.,
Nancy Zraick, Patricia DeLuca, and Karen M. Rich*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br> Plaintiff-Applicant, <br><br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br> Defendant. | Adv. Pro. No. 08-01789 (SMB) <br><br> SIPA LIQUIDATION <br><br> (Substantively Consolidated) |
| In re: <br><br> BERNARD L. MADOFF, <br><br> Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, <br><br> Plaintiff, <br><br> v. <br><br> Edward A. Zraick, Jr., *et al.*, <br><br> Defendants. | Adv. Pro. No. 10-05257 (SMB) <br><br> **Hearing Date: March 18, 2020 at 10:00 a.m.** <br> **Objection Deadline: March 17, 2020 at 12:00 p.m.** |

**ZRAICK DEFENDANTS' REPLY MEMORANDUM OF LAW
IN SUPPORT OF MOTION IN LIMINE TO STRIKE THE "SUPPLEMENTAL"
EXPERT REPORTS OF BRUCE G. DUBINSKY AND LISA M. COLLURA**

## **TABLE OF CONTENTS**

I.    ARGUMENT ................................................................................................................1

        A.    A Violation of Federal Rule 26(e) Mandates Exclusion of the
Supplemental Reports. .......................................................................................1

        B.    The Supplemental Report Violate Federal Rule 26(e). ..............................................2

II.    CONCLUSION ............................................................................................................4

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Sandata Techs., Inc. v. Infocrossing, Inc.*,
    No. 05-09546, 2007 WL 4157163 (S.D.N.Y. Nov. 16, 2007)..............................................2,3,4

*Sancom, Inc. v. Qwest Commc'ns Corp.*,
    683 F.Supp.2d 1043 (D.S.D. 2010) ...................................................................................3

*Novartis Pharm. Corp. v. Actavis, Inc.*,
    Case No. 12-366, 2013 WL 7045056 (D. Del. Dec. 23, 2013).....................................................3

**Other Authorities**

Fed. R. Civ. P. 26(e) ................................................................................................. *passim*

Defendants Edward A. Zraick, Jr., Nancy Zraick, Patricia DeLuca, and Karen M. Rich (collectively, "Defendants"), by and through their undersigned counsel, hereby submit this reply in further support of their motion [ECF 117] (the "Motion in Limine")[1] to strike the Trustee's "supplemental" expert reports, and in response to the Trustee's objection to the Motion in Limine [ECF 127] (the "Objection").

### I.    ARGUMENT

**A.    A Violation of Federal Rule 26(e) Mandates Exclusion of the Supplemental Reports.**

1. The Trustee argues that even if his Supplemental Reports go beyond the scope of Federal Rule 26(e), the Court nevertheless should reopen discovery so as to admit the new evidence. *See* Objection at 14-19. However, once the Court rules that the Supplemental Reports violate Federal Rule 26(e), that ends the inquiry and mandates exclusion, because the Court already held in the February 15 Decision that the issues raised by the Trustee do not warrant reopening expert discovery.

2. One of two possibilities must be present. Either the Supplemental Reports contain true "supplemental" testimony under Federal Rule 26(e), or the Supplemental Reports constitute new expert testimony submitted after a discovery deadline that the Court *already* ruled will not be extended.

3. The Trustee's contention that there is "no applicable scheduling order and the deadline for supplementation has not run" is nonsense. There is a scheduling order in place that set a November 16, 2016 deadline for the Trustee to serve expert reports.[2] It is this very

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

[2] See Order (1) Establishing Litigation Case Management Procedures for Avoidance Actions and (2) Amending the February 16, 2010 Protective Order [08-01789, ECF 3141]; Case Management Notice [ECF 46].

scheduling order and expert discovery deadline that the Trustee sought, but was denied, leave to modify in the February 15 Decision. Whether the scheduling order contains a deadline for supplementation is not relevant if the new reports are not in fact true "supplements," nor would any such deadline benefit Defendants given that the duty to supplement under Federal 26(e) is intended to protect the party receiving discovery (here, Defendants) from misleading information known to the opposing party. *See* Motion in Limine at ¶¶ 17-18.

B.     **The Supplemental Report Violate Federal Rule 26(e).**

4.     Federal Rule 26(e) requires supplementation if the disclosing party "learns in some material respect the disclosure is incomplete or incorrect…" Fed. R. Civ. P. 26(e). The duty to supplement arises only if the expert learns of information previously "unknown or unavailable" and which renders the original report "inaccurate or misleading." *Sandata Techs., Inc. v. Infocrossings, Inc.,* No. 05-09546, 2007 WL 4157163 at * 7 (S.D.N.Y. Nov. 16, 2007). Federal Rule 26(e) is not a vehicle simply to bolster prior testimony. *Id.* at *6.

5.     The Trustee contends that the Supplemental Reports are a "response to arguments raised by defendants based on Madoff's deposition testimony." Objection at 9. There are at least two problems with this contention.

6.     First, the "arguments raised by defendants based on Madoff's deposition testimony" were known to be issues in this case well prior to the Trustee's disclosure of the Original Reports. The Trustee states that he served the Supplemental Reports to address six specific issues raised by Madoff's deposition:

> (1) the start date of the fraud; (2) the details of the convertible arbitrage strategy; (3) the purported purchase of actual securities and/or directed trading in individual accounts; (4) management of customer cash at BLMIS; (5) purchase and income from Treasuries transactions; and (6) the IBM computer systems at BLMIS.

2

Objection at 3. These are the same issues that the Court held have been longstanding issues in the case, rather than "new" information elicited only through Madoff's testimony. *See* February 15 Decision at 17 ("[T]he Trustee did not learn anything from Madoff at his deposition that he did not already know and already rebut."). These are hardly "arguments raised for the first time after the Trustee served original reports" as the Trustee contends. Objection at 11.

7. Second, the Supplemental Reports do not provide corrective information of the type contemplated by Federal Rule 26(e), but rather contain rebuttal testimony on the issues cited by the Trustee. The Trustee is not under a duty to respond with expert testimony to arguments raised by the other side. Federal Rule 26(e) does not encompass rebuttal material. *See Sandata*, 2007 WL 4157163 at *5 ("[S]uch content "is simply not the type of additional or corrective information contemplated by Rule 26"); *see also Sancom, Inc. v. Qwest Commc'ns Corp.*, 683 F.Supp.2d 1043, 1063 (D.S.D. 2010) (concluding that report does not qualify under Federal Rule 26(e) where it "reads more like a rebuttal report offered solely to contradict or rebut expert testimony"); *Novartis Pharm. Corp. v. Actavis, Inc.*, Case No. 12-366, 2013 WL 7045056, at *8 (D. Del. Dec. 23, 2013).

8. The Trustee's contention that Dubinsky merely "incorporated additional detail of how he arrived at his opinions" is neither true nor would it be an appropriate basis for supplementation. Objection at 9. Incorporating additional detail because the Trustee wants to do so is not the type of "corrective information" contemplated by Federal Rule 26(e). *Sandata*, at *5. In any event, Dubinsky does not supplement with additional detail on how he arrived at his opinions, but rather entirely new, independent reasons for how he could have arrived at his original conclusions. For example, one of Dubinsky's primary conclusions is that no convertible arbitrage trades ever took place. In his original report, Dubinsky relies on available market data

3

to prove that convertible arbitrage trades must have been falsified. Now, in his supplemental report, Dubinsky adds as a reason for concluding that convertible arbitrage trades must have been falsified, that BLMIS set a targeted rate of return for its customers. *See* Dubinsky Redline [ECF 119-6] at ¶¶ 90-111. Even then, the evidence cited in support of this new opinion consists of plea allocutions and trial transcripts from October 2011 and 2013, years before his original report was served. *See id.* at ¶¶ 94-95. Hardly information that was previously "unknown or unavailable." *Sandata*, at *6

## II. CONCLUSION

WHEREFORE, Defendants respectfully request that the Court (i) enter the Proposed Order striking the Supplemental Reports, and (ii) granting such other and further relief in favor of Defendants as the Court may deem just or proper.

Dated: March 17, 2020
    New York, New York                **HUNTON ANDREWS KURTH LLP**

                                                                 */s/ Robert A. Rich*
                                                                Peter S. Partee, Sr.
                                                                Robert A. Rich
                                                                Sherli M. Furst
                                                                200 Park Avenue
                                                                New York, New York 10166
                                                                (212) 309-1000
                                                                Email: rrich2@huntonak.com

                                                                *Counsel for Defendants Edward A. Zraick, Jr., Nancy Zraick, Patricia DeLuca, and Karen M. Rich*