**LATHAM & WATKINS LLP**
Christopher Harris
885 Third Avenue
New York, New York 10022
Telephone: (212) 906-1200
Facsimile: (212) 751-4864

*Attorneys for Defendants-Appellees ABN AMRO Bank*
*(Ireland) Ltd. (f/k/a Fortis Prime Fund Solutions Bank*
*(Ireland) Ltd.) (n/k/a ABN AMRO Retained Custodial*
*Services (Ireland) Limited) and ABN AMRO Custodial*
*Services (Ireland) Ltd. (f/k/a Fortis Prime Fund Solutions*
*Custodial Services (Ireland) Ltd.)*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br>             Plaintiff-Applicant, <br><br>     v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br>             Defendant. | Adv. Pro. No. 08-01789 (SMB) <br><br> SIPA LIQUIDATION <br><br> (Substantively Consolidated) |
| In re: <br><br> BERNARD L. MADOFF, <br><br>             Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, <br><br>             Plaintiff, <br><br>     v. <br><br> ABN AMRO BANK (IRELAND) LTD., (f/k/a FORTIS PRIME FUND SOLUTIONS BANK (IRELAND) LIMITED) and | Adv. Pro. No. 10-05355 (SMB) <br><br><br> **DEFENDANTS' COUNTER-DESIGNATION OF ADDITIONAL ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL** |

ABN AMRO CUSTODIAL SERVICES (IRELAND),
LTD. (f/k/a FORTIS PRIME FUND SOLUTIONS
CUSTODIAL SERVICES (IRELAND) LTD.),

Defendants.

Pursuant to Rule 8009 of the Federal Rules of Bankruptcy Procedure and Rule 8009-1 of

the Local Bankruptcy Rules for the Southern District of New York, Defendants-Appellees ABN

AMRO Bank (Ireland) Ltd. (f/k/a Fortis Prime Fund Solutions Bank (Ireland) Ltd.) (n/k/a ABN

AMRO Retained Custodial Services (Ireland) Limited) and ABN AMRO Custodial Services

(Ireland) Ltd. (f/k/a Fortis Prime Fund Solutions Custodial Services (Ireland) Ltd.) (the "ABN

AMRO Defendants"), by and through their undersigned counsel, respectfully submit the

following counter-designation of items to be included in the record ("ABN AMRO Defendants'

Counter-Designation") with respect to Irving H. Picard's (the "Trustee") appeal in the above

captioned adversary proceeding of the Stipulated Order Denying the Trustee's Motion for Leave

to Amend and Entering Final Judgment (ECF No. 191-1) (the "Final Judgment")[1] before the

United States District Court for the Southern District of New York.

### COUNTER-DESIGNATION OF ITEMS TO BE
### INCLUDED IN THE RECORD ON APPEAL[2]

The ABN AMRO Defendants dispute that the Bankruptcy Court and the District Court

issued decisions and orders in this Adversary Proceeding that merged into the Final Judgment

---

[1]     Unless otherwise stated, citations to (ECF No. __) refer to docket entries in the proceeding captioned
*Picard v. ABN AMRO Bank (Ireland) Ltd.*, Adv. Pro. No. 10-05355 (Bankr. S.D.N.Y.).

[2]     Items designated include all exhibits and submissions attached thereto and, as to hearing transcripts, any
and all documents admitted into evidence.

2

appealed.  However, in an abudance of caution, the ABN AMRO Defendants will counter-

designate entries from the dockets of both the Bankruptcy Court and District Court.

**A.**     ***Picard v. ABN AMRO Bank (Ireland) et al.*, Adv. Pro. No. 10-05355,**
         **Bankruptcy Court Counter-Designations**

In addition to the items designated by the Trustee (ECF No. 192), the ABN AMRO

Defendants include the additional items listed below for inclusion in the record on appeal,

including parallel citations to the main docket, *Picard v. ABN AMRO Bank (Ireland) et al.*, Adv.

Pro. No. 10-05355 (SMB) (Bankr. S.D.N.Y.) and *Sec. Investor Prot. Corp. v. Bernard L. Madoff*

*Inv. Sec. LLC (In re BLMIS)*, Adv. Pro. No. 08-01789 (SMB) (Bankr. S.D.N.Y.)

| Designation Number | Date | ECF Number (APN 10-05355) | ECF Number (APN 08-01789) | Docket Text |
|---|---|---|---|---|
| 1. | September 29, 2011 | 15 | -- | Motion to Withdraw the Reference filed by Gary S. Lee on behalf of Rye Select Broad Market XL Portfolio Limited. (Lee, Gary) (Modified on 9/29/2011 to Add Receipt #7944653 $150.00) (Richards, Beverly). (Entered: 09/29/2011) |
| 2. | September 29, 2011 | 16 | -- | Memorandum of Law in Support of Rye Select Broad Market XL Portfolio Limited's Motion to Withdraw the Reference (related document(s)15) filed by Gary S. Lee on behalf of Rye Select Broad Market XL Portfolio Limited. (Lee, Gary) (Entered: 09/29/2011) |
| 3. | September 29, 2011 | 17 | -- | Declaration of LaShann M. DeArcy in Support of Defendant Rye Select Broad Market XL Portfolio Limited's Motion to Withdraw the Reference (related document(s)15) filed by Gary S. Lee on behalf of Rye Select Broad Market XL Portfolio Limited. (Attachments: 1 Exhibit A2 Exhibit B3 Exhibit C4 Exhibit D5 Exhibit E6 Exhibit F7 Exhibit G8 Exhibit H9 Exhibit I) (Lee, Gary) (Entered: 09/29/2011) |

| Designation Number | Date | ECF Number (APN 10-05355) | ECF Number (APN 08-01789) | Docket Text |
|---|---|---|---|---|
| 4. | March 27, 2012 | 36 | 4740 | Order of U.S. District Court Judge Jed S. Rakoff signed on 3/24/2012. ENDORSED LETTER addressed to Judge Jed S. Rakoff from Nicholas J Cremona and John A Pintarelli dated 3/21/2012 re: Request that this Court continue the stay of the Motions to Withdraw the Reference filed on behalf of Rye Portfolio. ENDORSEMENT: So Ordered. (Savinon, Tiffany) (Entered: 03/27/2012) |
| 5. | June 18, 2012 | 41 | -- | Order of U.S. District Court Judge Jed S. Rakoff signed on 6/14/2012. 1. Subject to the terms of the Settlement Agreement, the Motions are hereby withdrawn in all respects and the Clerk of the Court is ordered to close item number one on the dockets of 11 Civ. 6848 and 11 Civ. 6849.(related document(s)15) (Savinon, Tiffany) Modified on 3/11/2013 (Rouzeau, Anatin). (Entered: 06/18/2012) |
| 6. | February 27, 2013 | 50 | -- | Notice of Dismissal /Notice of Voluntary Dismissal with Prejudice of Defendant Rye Select Broad Market XL Fund, L.P. filed by David J. Sheehan on behalf of Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, and Bernard L. Madoff. (Attachments: # 1 Exhibit A)(Sheehan, David) (Entered: 02/27/2013) |
| 7. | October 23, 2014 | 74 | -- | Notice of Presentment of Order Concerning Further Proceedings on Extraterritoriality Motion and Trustee's Omnibus Motion for Leave to Replead and for Limited Discovery and Opportunity for Hearing filed by Regina Griffin on behalf of Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, and Bernard L. Madoff. (Attachments: # 1 Exhibit A)(Griffin, Regina) (Entered: 10/23/2014) |

| Designation Number | Date | ECF Number (APN 10-05355) | ECF Number (APN 08-01789) | Docket Text |
|---|---|---|---|---|
| 8. | November 18, 2014 | 80 | -- | Statement /Trustee's Statement Regarding Amendments to Exhibits to Proposed Order Concerning Further Proceedings on Extraterritoriality Motion and Trustee's Omnibus Motion for Leave to Replead and for Limited Discovery (related document(s)74) filed by David J. Sheehan on behalf of Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, and Bernard L. Madoff. (Attachments: # 1 Exhibits 1 - 4) (Sheehan, David) (Entered: 11/18/2014) |
| 9. | December 2, 2014 | 83 | -- | Notice of Presentment of Order Concerning Further Proceedings on Extraterritoriality Motion and Trustee's Omnibus Motion for Leave to Replead and for Limited Discovery and Opportunity for Hearing (related document(s)74) filed by David J. Sheehan on behalf of Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, and Bernard L. Madoff. with presentment to be held on 12/10/2014 at 12:00 PM at Courtroom 723 (SMB) Objections due by 12/5/2014, (Attachments: # 1 Exhibit A # 2 Exhibit B)(Sheehan, David) (Entered: 12/02/2014) |
| 10. | December 31, 2014 | 86 | -- | Memorandum of Law -- Consolidated Supplemental Memorandum of Law in Support of the Transferee Defendants' Motion to Dismiss Based on Extraterritoriality filed by Christopher Harris on behalf of ABN AMRO BANK (IRELAND) LTD. (f/k/a FORTIS PRIME FUND SOLUTIONS BANK (IRELAND) LIMITED), ABN AMRO Custodial Services (Ireland) Ltd. (f/k/a Fortis Prime Fund Solutions Custodial Services (Ireland) Ltd.), ABN AMRO Retained Custodial Services (Ireland) Limited. (Harris, Christopher) (Entered: 12/31/2014) |

| Designation Number | Date | ECF Number (APN 10-05355) | ECF Number (APN 08-01789) | Docket Text |
|---|---|---|---|---|
| 11. | June 27, 2015 | 95 | 10287 | Opposition Brief /Trustee's Memorandum of Law in Opposition to the Transferee Defendants' Motion to Dismiss Based on Extraterritoriality and in Further Support of Trustee's Motion for Leave to Amend Complaints (related document(s)65) filed by David J. Sheehan on behalf of Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, and Bernard L. Madoff. (Attachments: # 1 Exhibit 1 # 2 Exhibit 2) (Sheehan, David) (Entered: 06/27/2015) |
| 12. | June 27, 2015 | 96 | 10339 | Response /Addendum to the Trustee's Opposition on the Extraterritoriality Issue for ABN AMRO (Ireland) Ltd. and ABN AMRO Custodial Services (Ireland) Ltd (related document(s)95) filed by David J. Sheehan on behalf of Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, and Bernard L. Madoff. (Sheehan, David) (Entered: 06/27/2015) |
| 13. | June 27, 2015 | 97 | 10340 | Statement /Trustee's Proffered Allegations Pertaining to the Extraterritoriality Issue as to ABN AMRO (Ireland) Ltd. and ABN AMRO Custodial Services (Ireland) Ltd (related document(s)95) filed by David J. Sheehan on behalf of Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, and Bernard L. Madoff. (Sheehan, David) (Entered: 06/27/2015) |
| 14. | September 30, 2015 | 101 | -- | Reply to Motion --Reply Consolidated Supplemental Memorandum of Law in Support of Transferee Defendants' Motion to Dismiss Based on Extraterritoriality filed by Christopher Harris on behalf of ABN AMRO BANK (IRELAND) LTD. (f/k/a FORTIS PRIME FUND SOLUTIONS BANK (IRELAND) LIMITED), ABN AMRO Custodial Services (Ireland) Ltd. (f/k/a Fortis Prime Fund Solutions Custodial Services (Ireland) Ltd.), ABN AMRO Retained Custodial Services (Ireland) Limited. (Harris, Christopher) (Entered: 09/30/2015) |

| Designation Number | Date | ECF Number (APN 10-05355) | ECF Number (APN 08-01789) | Docket Text |
|---|---|---|---|---|
| 15. | September 30, 2015 | 102 | 11601 | Supplemental Memorandum of Law --ABN Defendants' Supplemental Memorandum of Law in Support of Defendants' Motion to Dismiss Based on Extraterritoriality and in Reply to the Trustee's Motion for Leave to Amend Complaints filed by Christopher Harris on behalf of ABN AMRO BANK (IRELAND) LTD. (f/k/a FORTIS PRIME FUND SOLUTIONS BANK (IRELAND) LIMITED), ABN AMRO Custodial Services (Ireland) Ltd. (f/k/a Fortis Prime Fund Solutions Custodial Services (Ireland) Ltd.), ABN AMRO Retained Custodial Services (Ireland) Limited. (Harris, Christopher) (Entered: 09/30/2015) |
| 16. | January 20, 2017 | 117 | | Memorandum of Law /Joint Memorandum of Law in Support of Motion for Entry of Final Judgment Pursuant to Federal Rule of Civil Procedure 54(b) filed by David J. Sheehan on behalf of Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, and Bernard L. Madoff. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C1-C2 # 4 Exhibit D1-D14 # 5 Exhibit E1-E2 # 6 Exhibit F1-F2 # 7 Exhibit G1-G2 # 8 Exhibit H) (Sheehan, David) (Entered: 01/20/2017) |
| 17. | March 16, 2017 | 120 | -- | Notice of Appeal (related document(s)119) filed by Stacy A Dasaro on behalf of Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, and Bernard L. Madoff. Appellant Designation due by 3/30/2017, (Attachments: # 1 Exhibit 1 - Final Judgement of Bankruptcy Court # 2 Exhibit 2 7/6/2014 Opinion and Order of District Court # 3 Exhibit 3 5/11/2013 Order of District Court # 4 Exhibit 4 6/6/2012 Order of District Court)(Dasaro, Stacy) (Entered: 03/16/2017) |
| 18. | April 4, 2017 | 126 | 15584 | Certification of Direct Appeal to Court of Appeals (related document(s)120) filed by Stacy A Dasaro on behalf of Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, and Bernard L. Madoff. (Dasaro, Stacy) (Entered: 04/04/2017) |

| Designation Number | Date | ECF Number (APN 10-05355) | ECF Number (APN 08-01789) | Docket Text |
|---|---|---|---|---|
| 19. | October 13, 2017 | 138 | 16768 | Letter from Christopher Harris to Judge Stuart M. Bernstein, dated October 13, 2017, regarding oral argument to be scheduled Filed by Christopher Harris on behalf of ABN AMRO BANK (IRELAND) LTD. (f/k/a FORTIS PRIME FUND SOLUTIONS BANK (IRELAND) LIMITED), ABN AMRO Custodial Services (Ireland) Ltd. (f/k/a Fortis Prime Fund Solutions Custodial Services (Ireland) Ltd.), ABN AMRO Retained Custodial Services (Ireland) Limited. (Harris, Christopher) (Entered: 10/13/2017) |

B.    *Picard v. ABN AMRO Bank (Ireland) et al.*, No. 11-cv-06877 (JSR) and *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Madoff Sec.)*, No. 12-mc-00115, District Court Counter-Designations

In addition to the items designated by the Trustee (ECF No. 192), the ABN AMRO

Defendants include the additional items listed below filed in *Sec. Investor Prot. Corp. v. Bernard*

*L. Madoff Inv. Sec. LLC (In re Madoff Sec.)*, No. 12-mc-00115 (JSR) (S.D.N.Y.)

| Designation Number | Date | ECF Number (11-cv-06877) | ECF Number (12-mc-00115) | Docket Text |
|---|---|---|---|---|
| 1. | September 30, 2011 | 1 | -- | MOTION TO WITHDRAW THE BANKRUPTCY REFERENCE. Bankruptcy Court Case Numbers: 10-5355A, 08-1789 (BRL).Document filed by ABN AMRO Custodial Services (Ireland) Ltd., ABN AMRO Bank (Ireland) Ltd.(bkar) (Entered: 09/30/2011) |
| 2. | September 30, 2011 | 2 | -- | MEMORANDUM OF LAW in Support re: 1 MOTION TO WITHDRAW THE BANKRUPTCY REFERENCE. Bankruptcy Court Case Numbers: 10-5355A, 08-1789 (BRL).. Document filed by ABN AMRO Bank (Ireland) Ltd., ABN AMRO Custodial Services (Ireland) Ltd. (bkar) (Entered: 09/30/2011) |

| Designation Number | Date | ECF Number (11-cv-06877) | ECF Number (12-mc-00115) | Docket Text |
|---|---|---|---|---|
| 3. | September 30, 2011 | 3 | -- | DECLARATION of Christopher Harris in Support re: 1 MOTION TO WITHDRAW THE BANKRUPTCY REFERENCE. Bankruptcy Court Case Numbers: 10-5355A, 08-1789 (BRL). Document filed by ABN AMRO Bank (Ireland) Ltd., ABN AMRO Custodial Services (Ireland) Ltd. (bkar) (Entered: 09/30/2011) |
| 4. | January 11, 2012 | 12 | -- | RESPONSE in Opposition re: 1 MOTION TO WITHDRAW THE BANKRUPTCY REFERENCE. Bankruptcy Court Case Numbers: 10-5355A, 08-1789 (BRL). Memorandum of Law in Opposition to Motions to Withdraw the Reference. Document filed by Securities Investor Protection Corporation. (Attachments: # 1 Certificate of Service)(Bell, Kevin) (Entered: 01/11/2012) |
| 5. | January 11, 2012 | 13 | -- | DECLARATION of Oren J. Warshavsky in Opposition re: 1 MOTION TO WITHDRAW THE BANKRUPTCY REFERENCE. Bankruptcy Court Case Numbers: 10-5355A, 08-1789 (BRL).. Document filed by Irving H. Picard. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Warshavsky, Oren) (Entered: 01/11/2012) |
| 6. | January 11, 2012 | 14 | -- | MEMORANDUM OF LAW in Opposition re: 1 MOTION TO WITHDRAW THE BANKRUPTCY REFERENCE. Bankruptcy Court Case Numbers: 10-5355A, 08-1789 (BRL).. Document filed by Irving H. Picard. (Warshavsky, Oren) (Entered: 01/11/2012) |
| 7. | January 27, 2012 | 15 | -- | REPLY MEMORANDUM OF LAW in Support re: 1 MOTION TO WITHDRAW THE BANKRUPTCY REFERENCE. Bankruptcy Court Case Numbers: 10-5355A, 08-1789 (BRL).. Document filed by ABN AMRO Custodial Services (Ireland) Ltd., ABN AMRO Retained Custodial Services (Ireland) Limited. (Harris, Christopher) (Entered: 01/27/2012) |
| 8. | January 27, 2012 | 16 | -- | DECLARATION of Christopher R. Harris in Support re: 1 MOTION TO WITHDRAW THE BANKRUPTCY REFERENCE. Bankruptcy Court Case Numbers: 10-5355A, 08-1789 (BRL).. Document filed by ABN AMRO Custodial Services (Ireland) Ltd., ABN AMRO Retained Custodial Services (Ireland) Limited. (Attachments: # 1 |

| Designation Number | Date | ECF Number (11-cv-06877) | ECF Number (12-mc-00115) | Docket Text |
|---|---|---|---|---|
| | | | | Exhibit A)(Harris, Christopher) (Entered: 01/27/2012) |
| 9. | January 30, 2012 | 17 | -- | ORDER STAYING MOTIONS TO WITHDRAW THE REFERENCE AS TO DEFENDANTS RYE SELECT BROAD MARKET XL FUND, LP AND RYE SELECT BROAD MARKET XL PORTFOLIO LIMITED: On consent of (i) Rye Select Broad Market XL Portfolio Limited ("Rye Portfolio"), (ii) Rye Select Broad Market XL Fund ("Rye Fund," together with Rye Portfolio, the "Rye Defendants"), (iii) Irving H. Picard, as Trustee for the substantively consolidated liquidation proceedings of Bernard L. Madoff Investment Securities LLC under the Securities Investor Protection Act, and (iv) the Securities Investor Protection Corporation, the Motions to Withdraw the Reference filed on behalf of the Rye Defendants in the above-captioned cases are hereby stayed for a period of fourteen (14) days through and including February 10, 2012, in accordance with the foregoing parties' representation, during a joint telephonic conference on January 27, 2012 between the parties and the Court, that the Rye Defendants and the Trustee have reached a settlement in principle resolving all claims against the Rye Defendants. The Rye Defendants and the Trustee are hereby agree that they will reach a full and final settlement of all claims by February 10, 2012, or the case will resume as directed by the Court. (Signed by Judge Jed S. Rakoff on 1/27/2012) (tro) (Entered: 01/30/2012) |
| 10. | February 10, 2012 | 18 | -- | AMENDED ORDER STAYING MOTIONS TO WITHDRAW THE REFERENCE AS TO MOVANT RYE SELECT BROAD MARKET XL PORTFOLIO LIMITED: The Order in these proceedings dated January 27, 2012 is hereby amended to read: "On consent of (i) Rye Select Broad Market XL Portfolio Limited ("Rye Portfolio"), (ii) Irving H. Picard, as Trustee for the substantively consolidated liquidation proceedings of Bernard L. Madoff Investment Securities LLC under the Securities Investor Protection Act, and (iii) the Securities Investor Protection Corporation, the Motions to Withdraw the Reference filed on behalf of Rye Portfolio in the above-captioned cases are hereby stayed for a period of fourteen (14) days through and including February 10, 2012, in accordance with the |

| Designation Number | Date | ECF Number (11-cv-06877) | ECF Number (12-mc-00115) | Docket Text |
|---|---|---|---|---|
| | | | | foregoing parties' representation, during a joint telephonic conference on January 27, 2012 between the parties and the Court, that Rye Portfolio and the Trustee have reached a settlement in principle resolving all claims against Rye Portfolio. Rye Portfolio and the Trustee hereby agree that they will reach a full and final settlement of all claims by February 10, 2012, or the case will resume as directed by the Court." (Signed by Judge Jed S. Rakoff on 2/9/2012) (ft) (Entered: 02/10/2012) |
| 11. | February 15, 2012 | 19 | -- | ENDORSED LETTER addressed to Judge Jed S. Rakoff from Nicholas J. Cremona and LaShann M. DeArcy dated 2/10/2012 re: This letter is written to advise Your Honor that the Trustee and Rye Portfolio have entered into a fully executed settlement agreement subject only to the final approval of the Grand Court of the Cayman Islands (the "Grand Court"). In furtherance of obtaining the Grand Court's approval, the parties hereby request that this Court continue the stay of the Motions to Withdraw the Reference filed on behalf of Rye Portfolio as provided in the Amended Order Staying Motions to Withdraw the Reference as to Movant Rye Select Broad Market XL Portfolio Limited, dated February 9, 2012, for a period of six (6) weeks, through and including March 23, 2012. ENDORSEMENT: So ordered. (Signed by Judge Jed S. Rakoff on 2/14/2012) (rjm) (Entered: 02/15/2012) |
| 12. | March 26, 2012 | 20 | -- | ENDORSED LETTER addressed to Judge Jed S Rakoff from Nicholas J Cremona and John A Pintarelli dated 3/21/2012 re: Request that this Court continue the stay of the Motions to Withdraw the Reference filed on behalf of Rye Portfolio. ENDORSEMENT: So Ordered. (Signed by Judge Jed S. Rakoff on 3/24/2012) (cd) (Entered: 03/26/2012) |
| 13. | April 19, 2012 | 21 | 20 | ORDER CONTINUING STAY OF MOTIONS TO WITHDRAW THE REFERENCE AS TO MOVANT RYE SELECT BROAD MARKET XL PORTFOLIO LIMITED: On consent of (i) Rye Select Broad Market XL Portfolio Limited ("Rye Portfolio"), (ii) Irving H. Picard, as Trustee (the "Trustee") for the substantively consolidated liquidation proceedings of Bernard L. Madoff Investment |

| Designation Number | Date | ECF Number (11-cv-06877) | ECF Number (12-mc-00115) | Docket Text |
|---|---|---|---|---|
| | | | | Securities LLC under the Securities Investor Protection Act, and (iii) the Securities Investor Protection Corporation ("SIPC", together with Rye Portfolio and the Trustee, the "Parties"), the Motions to Withdraw the Reference filed on behalf of Rye Portfolio in the above-captioned cases are hereby stayed for the period through and including May 31, 2012, in accordance with the Parties' representation, during a joint telephonic conference on April 17, 2012 between the Parties and the Court, that Rye Portfolio and the Trustee have reached a settlement in principle resolving all claims against Rye Portfolio that remains subject only to the final approval of the Grand Court of the Cayman Islands (the "Grand Court"), which matter is scheduled for hearing on May 11, 2012 (the "Hearing"). The Parties shall advise this Court of the outcome of the Hearing and the Grand Court's determination as soon as practicable after the Hearing. (Signed by Judge Jed S. Rakoff on 4/19/2012) (mro) (Entered: 04/19/2012) |
| 14. | May 15, 2012 | 22 | 97 | ORDER. For the foregoing reasons, the Court withdraws the reference of these cases to the bankruptcy court for the limited purposes of deciding as further set forth. The Court directs counsel for the Trustee to convene a conference call with the defendants who have raised this issue no later than May 23, 2012 so that the parties can schedule consolidated proceedings. With respect to issues that are not subject to consolidated proceedings -- specifically, whether relevant defendants received transfers in good faith and whether they may invoke the safe harbor created by § 546(g) -- the parties should convene a separate conference call for each case no later than May 18, 2011 to schedule further proceedings. The Clerk of the Court is hereby ordered to close document number 1 on the docket of each case. (Signed by Judge Jed S. Rakoff on 6/15/2012) (rjm) Modified on 5/15/2012 (rjm). (Entered: 05/15/2012) |
| 15. | May 16, 2012 | 23 | 107 | ORDER: The reference of the Adversary Proceedings listed in Exhibit A is withdrawn, in part, from the Bankruptcy Court to this Court solely with respect to the Antecedent Debt Defendants for the limited purpose of hearing and determining whether and to what extent (i) transfers made by Madoff Securities that the Trustee seeks to avoid were |

| Designation Number | Date | ECF Number (11-cv-06877) | ECF Number (12-mc-00115) | Docket Text |
|---|---|---|---|---|
| | | | | made in exchange for value, such as antecedent debts that Madoff Securities owed to the Antecedent Debt Defendants at the time of the transfers. The Trustee and SIPC are deemed to have raised, in response to all pending motions for withdrawal of the reference based on the Withdrawn Antecedent Debt Issue, all arguments previously raised by either or both of them in opposition to all such motions granted by the Prior Antecedent Debt Withdrawal Rulings, and such objections or arguments are deemed to be overruled, solely with respect to the Withdrawn Antecedent Debt Issue, for the reasons stated in the Prior Antecedent Debt Withdrawal Rulings. All objections that could be raised by the Trustee and/or SIPC to the pending motions to withdraw the reference in the Adversary Proceedings, and the defenses and responses thereto that may be raised by the affected defendants, are deemed preserved on all matters. On or before June 25, 2012, the Antecedent Debt Defendants shall file a single consolidated motion to dismiss pursuant to Fed. R. Civ. P. 12 (made applicable to the Adversary Proceeding by Fed. R. Bankr. P. 7012) and a single consolidated supporting memorandum of law, not to exceed fifty (50) pages (together, the "Antecedent Debt Motion to Dismiss"). The Trustee and SIPC shall each file a memorandum of law in opposition to the Antecedent Debt Motion to Dismiss, not to exceed fifty (50) pages each, addressing the Withdrawn Antecedent Debt Issue on or before July 25, 2012. The Antecedent Debt Defendants shall file one consolidated reply brief, not to exceed thirty (30) pages, on or before August 8, 2012. The Court will hold oral argument on the Antecedent Debt Motion to Dismiss on August 20, 2012 at 4:00 p.m. (the "Hearing Date"). On or before August 8, 2012, the Antecedent Debt Defendants shall designate one lead counsel to advocate their position at oral argument on the Hearing Date, but any other attorney who wishes to be heard may appear and so request. The caption displayed on this Order shall be used as the caption for all pleadings, notices and briefs to be filed pursuant to this Order. All communications and documents (including drafts) exchanged between and among any of the defendants in any of the adversary proceedings, and/or their respective attorneys, shall be |

| Designation Number | Date | ECF Number (11-cv-06877) | ECF Number (12-mc-00115) | Docket Text |
|---|---|---|---|---|
| | | | | deemed to be privileged communications and/or work product, as the case may be, subject to a joint interest privilege. This Order is without prejudice to any and all grounds for withdrawal of the reference (other than the Withdrawn Antecedent Debt Issue) raised in the Adversary Proceedings by the Antecedent Debt Defendants and any matter that cannot properly be raised or resolved on a Rule 12 motion, all of which are preserved. Nothing in this Order shall: (a) waive or resolve any issue not specifically raised in the Antecedent Debt Motion to Dismiss; (b) waive or resolve any issue raised or that could be raised by any party other than with respect to the Withdrawn Antecedent Debt Issue, including related issues that cannot be resolved on a motion under Fed. R. Civ. P. 12; or (c) notwithstanding Fed. R. Civ. P. 12(g)(2) or Fed. R. Bankr. P. 7012(g)(2), except as specifically raised in the Antecedent Debt Motion to Dismiss, limit, restrict or impair any defense or argument that has been raised or could be raised by any Antecedent Debt Defendant in a motion to dismiss under Fed. R. Civ. P. 12 or Fed. R. Bankr. P. 7012. Nothing in this Order shall constitute an agreement or consent by any Antecedent Debt Defendant to pay the fees and expenses of any attorney other than such defendant's own retained attorney. This paragraph shall not affect or compromise any rights of the Trustee or SIPC. This Order is without prejudice to and preserves all objections of the Trustee and SIPC to timely-filed motions for withdrawal of the reference currently pending before this Court (other than the withdrawal of the reference solely with respect to the Withdrawn Antecedent Debt Issue) with respect to the Adversary Proceedings, and the defenses and responses thereto that may be raised by the affected defendants, are deemed preserved on all matters.The procedures established by this Order, or by further Order of this Court, shall constitute the sole and exclusive procedures for determination of the Withdrawn Antecedent Debt Issue in the Adversary Proceedings (except for any appellate practice resulting from such determination), and this Court shall be the forum for such determination. To the extent that briefing or argument schedules were previously established with respect to the Withdrawn Antecedent Debt |

| Designation Number | Date | ECF Number (11-cv-06877) | ECF Number (12-mc-00115) | Docket Text |
|---|---|---|---|---|
| | | | | Issue in any of the Adversary Proceedings, this Order supersedes all such schedules solely with respect to the Withdrawn Antecedent Debt Issue. All other provisions as further set forth in this order (Signed by Judge Jed S. Rakoff on 5/12/2012) (js) (Entered: 05/17/2012) |
| 16. | | 24 | 119 | ORDER: The reference of the Adversary Proceedings is withdrawn from the Bankruptcy Court to this Court solely with respect to the Section 546(e) Withdrawal Defendants, in part, for the limited purpose of hearing and determining issues relating to the application of Section 546(e) in the Adversary Proceedings, including, without limitation, as further set forth in this Order. On or before July 27, 2012, (i) the Financial Institution Defendants and (ii) all remaining Section 546(e) Withdrawal Defendants, including all Opt-Out Defendants, shall each file (x) a consolidated motion pursuant to Fed. R. Civ. P. 12 (made applicable to the Adversary Proceedings by Fed. R. Bankr. P. 7012) and (y) a consolidated supporting memorandum of law, not to exceed forty (40) pages each (the "Motion to Dismiss"). The Motion to Dismiss shall include a reference (by civil action number and docket number only) to one or more representative complaints filed by the Trustee against either (a) a Initial Transferee Defendant; and (b) a Financial Institution Defendant. Any further requirement that the Pleadings subject to the Motion to Dismiss be identified or filed is deemed waived and satisfied. The Trustee and SIPC may each file a memorandum of law in opposition to each Motion to Dismiss filed by the Financial Institution Defendants and the remaining Section 546(e) Withdrawal Defendants, with each opposition not to exceed forty (40) pages, on or before September 28, 2012. The Financial Institution Defendants and the remaining Section 546(e) Withdrawal Defendants may each file a consolidated reply brief, not to exceed twenty (20) pages each, on or before October 19, 2012 (the "Reply Brief"). In the event the Trustee files an amended complaint (the "Amended Complaint") in any of the Adversary Proceedings after the Motion to Dismiss is filed, the Reply Brief shall include a reference (by civil action number and docket number only) to a representative Amended Complaint filed by the Trustee against an Initial Transferee Defendant and a |

| Designation Number | Date | ECF Number (11-cv-06877) | ECF Number (12-mc-00115) | Docket Text |
|---|---|---|---|---|
| | | | | Financial Institution Defendant. Any further requirement that the Amended Complaints subject to the Motion to Dismiss be identified or filed is deemed waived and satisfied. In the event the Trustee files an Amended Complaint, he shall, at the time the Amended Complaint is filed, provide the Section 546(e) Withdrawal Defendants a blackline reflecting the changes made in the Amended Complaint from the then operative complaint. The Court will hold oral argument on the Motions to Dismiss on October 30, 2012 at 4:00 p.m. (the "Hearing Date"). On or before October 19, 2012, the Financial Institution Defendants and the remaining Section 546(e) Withdrawal Defendants shall each designate one lead counsel to advocate their position at oral argument on the Hearing Date, but any other attorney who wishes to be heard may appear and so request. The caption displayed on this Order shall be used as the caption for all pleadings, notices and briefs to be filed pursuant to this Order. and (b) a Financial Institution Defendant. Any further requirement that the Pleadings subject to the Motion to Dismiss be identified or filed is deemed waived and satisfied. ( Oral Argument set for 10/30/2012 at 04:00 PM before Judge Jed S. Rakoff.) (Signed by Judge Jed S. Rakoff on 5/15/2012) (mro) (Entered: 05/22/2012) |
| 17. | June 7, 2012 | 26 | 167 | ORDER: The reference of the Adversary Proceedings listed in Exhibit A is withdrawn, in part, from the Bankruptcy Court to this Court solely with respect to the Extraterritoriality Defendants for the limited purpose of hearing and determining whether SIPA and/or the Bankruptcy Code as incorporated by SIPA apply extraterritorially, permitting the Trustee to avoid the initial Transfers that were received abroad or to recover from initial, immediate or mediate foreign transferees. Except as otherwise provided herein or in other orders of this Court, the reference to the Bankruptcy Court is otherwise maintained for all other purposes. The Trustee and SIPC are deemed to have raised, in response to all pending motions for withdrawal of the reference based on the Extraterritoriality Issue, all arguments previously raised by either or both of them in opposition to all such motions granted by the Extraterritoriality Withdrawal Ruling, and |

| Designation Number | Date | ECF Number (11-cv-06877) | ECF Number (12-mc-00115) | Docket Text |
|---|---|---|---|---|
| | | | | such objections or arguments are deemed to be overruled, solely with respect to the Extraterritoriality Issue, for the reasons stated in the Extraterritoriality Withdrawal Ruling. All objections that could be raised by the Trustee and/or SIPC to the pending motions to withdraw the reference in the Adversary Proceedings, and the defenses and responses thereto that may be raised by the affected defendants, are deemed preserved on all matters. On or before July 13, 2012, the Extraterritoriality Defendants shall file a single consolidated motion to dismiss pursuant to Fed. R. Civ. P. 12 (made applicable to the Adversary Proceeding by Fed. R. Bankr. P. 7012) and a single consolidated supporting memorandum of law, not to exceed forty (40) pages (together, the "Extraterritoriality Motion to Dismiss"). The Trustee and SIPC shall each file a memorandum of law in opposition to the Extraterritoriality Motion to Dismiss, not to exceed forty (40) pages each, addressing the Extraterritoriality Withdrawal Ruling Issue (the "Trustee's Opposition") on or before August 17, 2012. Young Conaway Stargatt & Taylor, LLP, which is conflicts counsel for the Trustee, and Windels Marx Lane & Mittendorf, LLP, which is special counsel to the Trustee, each may file a joinder, not to exceed two (2) pages (excluding exhibits identifying the relevant adversary proceedings), to the Trustee's Opposition, on behalf of the Trustee in certain of the adversary proceedings listed on Exhibit A hereto on or before August 17, 2012. In either case, the respective joinders may only specify what portions of the Trustee's Opposition are joined and shall not make or offer any additional substantive argument. The Extraterritoriality Defendants shall file one consolidated reply brief, not to exceed twenty (20) pages, on or before August 31, 2012 (the "Reply Brier'). In the event the Trustee files an amended complaint (the "Amended Complaint") in any of the Adversary Proceedings after the Extraterritoriality Motion to Dismiss is filed, the Reply Brief shall include a reference (by civil action number and docket number only) to a representative Amended Complaint filed by the Trustee against Extraterritoriality Defendants. Any further requirement that the Amended Complaints subject to the Extraterritoriality Motion to |

| Designation Number | Date | ECF Number (11-cv-06877) | ECF Number (12-mc-00115) | Docket Text |
|---|---|---|---|---|
| | | | | Dismiss be identified or filed is deemed waived and satisfied. In the event the Trustee files an Amended Complaint, he shall, at the time the Amended Complaint is filed, provide the Extraterritoriality Defendants a blackline reflecting the changes made in the Amended Complaint from the then operative complaint. The Court will hold oral argument on the Extraterritoriality Motion to Dismiss on September 21, 2012, at 4:00 p.m. (the "Hearing Date"). On or before August 31, 2012, the Extraterritoriality Defendants shall designate one lead counsel to advocate their position at oral argument on the Hearing Date, but any other attorney who wishes to be heard may appear and so request. The caption displayed on this Order shall be used as the caption for all pleadings, notices and briefs to be filed pursuant to this Order. All communications and documents (including drafts) exchanged between and among any of the defendants in any of the adversary proceedings, and/or their respective attorneys, shall be deemed to be privileged communications and/or work product, as the case may be, subject to a joint interest privilege. This Order is without prejudice to any and all grounds for withdrawal of the reference (other than Extraterritoriality Issue) raised in the Adversary Proceedings by the Extraterritoriality Defendants and any matter that cannot properly be raised or resolved on a Rule 12 motion, all of which are preserved. Nothing in this Order shall: (a) waive or resolve any issue not specifically raised in the Extraterritoriality Motion to Dismiss; (b) waive or resolve any issue raised or that could be raised by any party other than with respect to the Extraterritoriality Issue, including related issues that cannot be resolved on a motion under Fed. R. Civ. P. 12; or (c) notwithstanding Fed. R. Civ. P. 12(g)(2) or Fed. R. Bankr. P. 7012(g)(2), except as specifically raised in the Extraterritoriality Motion to Dismiss, limit, restrict or impair any defense or argument that has been raised or could be raised by any Extraterritoriality Defendant in a motion to dismiss under Fed. R. Civ. P. 12 or Fed. R. Bankr. P. 7012, or any other defense or right of any nature available to any Extraterritoriality Defendant (including, without limitation, all defenses based on lack of personal jurisdiction or |

| Designation Number | Date | ECF Number (11-cv-06877) | ECF Number (12-mc-00115) | Docket Text |
|---|---|---|---|---|
| | | | | insufficient service of process), or any argument or defense that could be raised by the Trustee or SIPC in response thereto. Nothing in this Order shall constitute an agreement or consent by any Extraterritoriality Defendant to pay the fees and expenses of any attorney other than such defendant's own retained attorney. This paragraph shall not affect or compromise any rights of the Trustee or SIPC. This Order is without prejudice to and preserves all objections of the Trustee and SIPC to timely-filed motions for withdrawal of the reference currently pending before this Court (other than the withdrawal of the reference solely with respect to the Extraterritoriality Issue) with respect to the Adversary Proceedings, and the defenses and responses thereto that may be raised by the affected defendants, are deemed preserved on all matters. The procedures established by this Order, or by further Order of this Court, shall constitute the sole and exclusive procedures for determination of the Extraterritoriality Issue in the Adversary Proceedings (except for any appellate practice resulting from such determination), and this Court shall be the forum for such determination. To the extent that briefing or argument schedules were previously established with respect to the Extraterritoriality Issue in any of the Adversary Proceedings, this Order supersedes all such schedules solely with respect to the Extraterritoriality Issue. To the extent that briefing or argument schedules are prospectively established with respect to motions to withdraw the reference or motions to dismiss in any of the Adversary Proceedings, the Extraterritoriality Issue shall be excluded from such briefing or argument and such order is vacated. For the avoidance of doubt, to the extent any of the Extraterritoriality Defendants have issues other than the Extraterritoriality Issue or issues set forth in the Common Briefing Order that were withdrawn, those issues will continue to be briefed on the schedule previously ordered by the Court. Except as stated in this paragraph, this Order shall not be deemed or construed to modify, withdraw or reverse any prior Order of the Court that granted withdrawal of the reference in any Adversary Proceeding for any reason.( Motions due by 7/13/2012., Responses due by 8/17/2012, Replies due by 8/31/2012., Oral Argument |

| Designation Number | Date | ECF Number (11-cv-06877) | ECF Number (12-mc-00115) | Docket Text |
|---|---|---|---|---|
| | | | | set for 9/21/2012 at 04:00 PM before Judge Jed S. Rakoff.) (Signed by Judge Jed S. Rakoff on 6/6/2012) (jfe) (Entered: 06/08/2012) |
| 18. | June 13, 2012 | 27 | 185 | MOTION to Dismiss the Complaint Based on Section 546(g) of the Bankruptcy Code. Document filed by ABN AMRO Custodial Services (Ireland) Ltd., ABN AMRO Bank (Ireland) Ltd. (f/k/a Fortis Prime Fund Solutions Bank (Ireland) Ltd.).(Harris, Christopher) (Entered: 06/13/2012) |
| 19. | June 13, 2012 | 28 | 186 | MEMORANDUM OF LAW in Support re: 27 MOTION to Dismiss the Complaint Based on Section 546(g) of the Bankruptcy Code. MOTION to Dismiss the Complaint Based on Section 546(g) of the Bankruptcy Code.. Document filed by ABN AMRO Bank (Ireland) Ltd. (f/k/a Fortis Prime Fund Solutions Bank (Ireland) Ltd.), ABN AMRO Custodial Services (Ireland) Ltd.. (Harris, Christopher) (Entered: 06/13/2012) |
| 20. | June 13, 2012 | 29 | 187 | DECLARATION of Christopher R. Harris in Support re: 27 MOTION to Dismiss the Complaint Based on Section 546(g) of the Bankruptcy Code. MOTION to Dismiss the Complaint Based on Section 546(g) of the Bankruptcy Code.. Document filed by ABN AMRO Bank (Ireland) Ltd. (f/k/a Fortis Prime Fund Solutions Bank (Ireland) Ltd.), ABN AMRO Custodial Services (Ireland) Ltd.. (Attachments: # 1 Exhibits A through C)(Harris, Christopher) (Entered: 06/13/2012) |
| 21. | June 15, 2012 | 30 | -- | STIPULATION AND ORDER WITHDRAWING DEFENDANT'S MOTIONS TO WITHDRAW THE REFERENCE: IT IS HEREBY STIPULATED AND AGREED, by the undersigned counsel, that: 1. Subject to the terms of the Settlement Agreement, the Motions are hereby withdrawn in all respects and the Clerk of the Court is ordered to close item number one on the dockets of 11 Civ. 6848 and 11 Civ. 6849. (Signed by Judge Jed S. Rakoff on 6/14/2012) (lmb) (Entered: 06/15/2012) |
| 22. | July 3, 2012 | 33 | -- | AMENDED COMPLAINT against ABN AMRO Bank (Ireland) Ltd. (f/k/a Fortis Prime Fund Solutions Bank |

| Designation Number | Date | ECF Number (11-cv-06877) | ECF Number (12-mc-00115) | Docket Text |
|---|---|---|---|---|
|  |  |  |  | (Ireland) Ltd.), ABN AMRO Custodial Services (Ireland) Ltd., ABN AMRO Retained Custodial Services (Ireland) Limited, Rye Select Broad Market XL Fund, LP.Document filed by Irving H. Picard. (Attachments: # 1 Exhibit Amend Cmp. Exh)(pl) (Entered: 07/10/2012) |
| 23. | July 24, 2012 | 34 | 247 | MOTION to Dismiss the Amended Complaint Based on Section 546(g) of the Bankruptcy Code. Document filed by ABN AMRO Bank (Ireland) Ltd. (f/k/a Fortis Prime Fund Solutions Bank (Ireland) Ltd.), ABN AMRO Custodial Services (Ireland) Ltd., ABN AMRO Retained Custodial Services (Ireland) Limited.(Harris, Christopher) (Entered: 07/24/2012) |
| 24. | July 24, 2012 | 35 | 248 | MEMORANDUM OF LAW in Support re: 34 MOTION to Dismiss the Amended Complaint Based on Section 546(g) of the Bankruptcy Code. MOTION to Dismiss the Amended Complaint Based on Section 546(g) of the Bankruptcy Code.. Document filed by ABN AMRO Bank (Ireland) Ltd. (f/k/a Fortis Prime Fund Solutions Bank (Ireland) Ltd.), ABN AMRO Custodial Services (Ireland) Ltd., ABN AMRO Retained Custodial Services (Ireland) Limited. (Harris, Christopher) (Entered: 07/24/2012) |
| 25. | July 24, 2012 | 36 | 249 | DECLARATION of Christopher R. Harris in Support re: 34 MOTION to Dismiss the Amended Complaint Based on Section 546(g) of the Bankruptcy Code. MOTION to Dismiss the Amended Complaint Based on Section 546(g) of the Bankruptcy Code.. Document filed by ABN AMRO Bank (Ireland) Ltd. (f/k/a Fortis Prime Fund Solutions Bank (Ireland) Ltd.), ABN AMRO Custodial Services (Ireland) Ltd., ABN AMRO Retained Custodial Services (Ireland) Limited. (Harris, Christopher) (Entered: 07/24/2012) |
| 26. | August 14, 2012 | 37 | -- | MEMORANDUM OF LAW in Opposition re: 34 MOTION to Dismiss the Amended Complaint Based on Section 546(g) of the Bankruptcy Code. MOTION to Dismiss the Amended Complaint Based on Section 546(g) of the Bankruptcy Code., 27 MOTION to Dismiss the Complaint Based on Section 546(g) of the Bankruptcy Code. MOTION to Dismiss the Complaint Based on |

| Designation Number | Date | ECF Number (11-cv-06877) | ECF Number (12-mc-00115) | Docket Text |
|---|---|---|---|---|
| | | | | Section 546(g) of the Bankruptcy Code.. Document filed by Securities Investor Protection Corporation. (Attachments: # 1 Certificate of Service)(Bell, Kevin) (Entered: 08/14/2012) |
| 27. | August 14, 2012 | 38 | -- | MEMORANDUM OF LAW in Opposition re: 34 MOTION to Dismiss the Amended Complaint Based on Section 546(g) of the Bankruptcy Code. MOTION to Dismiss the Amended Complaint Based on Section 546(g) of the Bankruptcy Code.. Document filed by Irving H. Picard. (Sheehan, David) (Entered: 08/14/2012) |
| 28. | August 28, 2012 | 39 | 316 | REPLY MEMORANDUM OF LAW in Support re: 34 MOTION to Dismiss the Amended Complaint Based on Section 546(g) of the Bankruptcy Code. MOTION to Dismiss the Amended Complaint Based on Section 546(g) of the Bankruptcy Code.. Document filed by ABN AMRO Bank (Ireland) Ltd. (f/k/a Fortis Prime Fund Solutions Bank (Ireland) Ltd.), ABN AMRO Custodial Services (Ireland) Ltd., ABN AMRO Retained Custodial Services (Ireland) Limited. (Harris, Christopher) (Entered: 08/28/2012) |
| 29. | August 28, 2012 | 40 | 317 | DECLARATION of Christopher R. Harris - Supplemental Declaration in Support re: 34 MOTION to Dismiss the Amended Complaint Based on Section 546(g) of the Bankruptcy Code. MOTION to Dismiss the Amended Complaint Based on Section 546(g) of the Bankruptcy Code.. Document filed by ABN AMRO Bank (Ireland) Ltd. (f/k/a Fortis Prime Fund Solutions Bank (Ireland) Ltd.), ABN AMRO Custodial Services (Ireland) Ltd., ABN AMRO Retained Custodial Services (Ireland) Limited. (Harris, Christopher) (Entered: 08/28/2012) |
| 30. | March 14, 2013 | 41 | 451 | ORDER: After carefully considering the parties' written submissions and oral argument, the Court hereby grants the motions to dismiss with respect to the withdrawals of funds from Madoff Securities' customer accounts that were based on reductions in the collateral supporting the swap agreements. However, the Court denies the defendants' motions to dismiss in relation to the initial withdrawals of funds from Madoff Securities' customer accounts that were |

| Designation Number | Date | ECF Number (11-cv-06877) | ECF Number (12-mc-00115) | Docket Text |
|---|---|---|---|---|
| | | | | subsequently transferred and used for the provision of collateral in these swap agreements. An opinion explaining the reasons for these rulings will issue in due course. The Clerk of the Court is directed to close items 27 and 34 on the docket of 11 Civ. 6877; items 29 and 33 on the docket of 11 Civ. 6878; item 25 on the docket of 11 Civ. 7825; and items 238, 247 and 327 on the docket of 12 MC 115.. (Signed by Judge Jed S. Rakoff on 2/15/2013) (js) (Entered: 03/14/2013) |
| 31. | March 15, 2013 | 42 | 460 | OPINION AND ORDER: Except to the extent provided in other orders, the Court directs that what remains of the adversary proceedings listed in Exhibit A of item number 119 on the docket of 12 Misc. 115 be returned to the Bankruptcy Court for further proceedings consistent with this Opinion and Order. (Signed by Judge Jed S. Rakoff on 4/15/2013) (tro) (Entered: 04/15/2013) |
| 32. | December 26, 2013 | 43 | 516 | OPINION AND ORDER: Accordingly, the immediate question becomes whether, on the faces of the complaints here at issue, the initial transfers from Madoff Securities that the Trustee here seeks to recover, i.e., the redemption payments and the collateral payments, were related to the swap agreements between the third-party synthetic funds and the defendants here. With respect to the redemption payments, the Trustee, as noted, seeks to recover from defendants transfers they received from the reference funds invested with Madoff Securities as redemptions of the defendants' shares in those funds. The defendants had invested in those funds as a hedge against their obligations under the relevant swap agreements, and they sought redemptions of their investments when their swap counter parties, the synthetic funds, requested a reduction in the collateral underlying the swaps. Specifically, the Trustee seeks to recover $30 million in redemption payments from AA Ireland; nearly $76 million in redemption payments from ABN/RBS; and $130 in redemption payments from Citigroup. That these payments were made "in connection with/f the defendants swap agreements, in the sense of being related to those agreements, is a relatively straightforward proposition. It is clear from the faces of the complaints that the only inference one may reasonably |

| Designation Number | Date | ECF Number (11-cv-06877) | ECF Number (12-mc-00115) | Docket Text |
|---|---|---|---|---|
| | | | | draw from the allegations made is that the withdrawals by Madoff Securities customers were caused by the defendants, requests for redemptions. Although, it is true, the complaints attempt to portray the decision to request a redemption as a business judgment independent of the defendants, obligations under the swap agreement/see, e.g. , AC(6877) - 75, the underlying swap agreements contemplated that the defendants would invest in the reference funds to perfectly hedge against their obligations under the swap agreements, see Swap Agreement- 10(c). See also Compl. (7825} - 11("In connection with swaps, even though it is not required to do so, to hedge its exposure to pay the return to the other party. All other provisions as further set forth in this order (Signed by Judge Jed S. Rakoff on 12/26/2013) (js) Modified on 12/26/2013 (js). (Entered: 12/26/2013) |
| 33. | April 28, 2014 | 44 | 524 | OPINION AND ORDER: Accordingly, the Court concludes that, in a SIPA proceeding such as this, a defendant may succeed on a motion to dismiss by showing that the complaint does not plausibly allege that that defendant did not act in good faith. Because this determination must be made on the basis of the specific allegations in the Trustee's various complaints, the Court, having set out the general framework, hereby leaves it to the Bankruptcy Court to determine in any given instance whether the foregoing standards have been met. Accordingly, the Court directs that the following adversary proceedings be returned to the Bankruptcy Court for further proceedings consistent with this Opinion and Order: (1) those cases listed in Exhibit A of item number 197 on the docket of 12 Misc. 115; and (2) those cases listed in the schedule attached to item number 468 on the docket of 12 Misc. 115 that were designated as having been added to the "good faith" consolidated briefing. (Signed by Judge Jed S. Rakoff on 4/27/2014) (mro) (Entered: 04/30/2014) |
| 34. | July 7, 2014 | 45 | 551 | OPINION AND ORDER: In sum, the Court finds that section 550(a) does not apply extraterritorially to allow for the recovery of subsequent transfers received abroad by a foreign transferee from a foreign transferor. Therefore, the Trustee's recovery claims are dismissed to the extent that |

| Designation Number | Date | ECF Number (11-cv-06877) | ECF Number (12-mc-00115) | Docket Text |
|---|---|---|---|---|
| | | | | they seek to recover purely foreign transfers. Except to the extent provided in other orders, the Court directs that the following adversary proceedings be returned to the Bankruptcy Court for further proceedings consistent with this Opinion and Order: (1) those cases listed in Exhibit A of item number 167 on the docket of 12-mc-115; and (2) those cases listed in the schedule attached to item number 468 on the docket of 12-mc-115 that were designated as having been added to the "extraterritoriality" consolidated briefing. SO ORDERED. (Signed by Judge Jed S. Rakoff on 7/6/2014) (kgo) (Entered: 07/07/2014) |

## **RESERVATION OF RIGHTS**

The ABN AMRO Defendants expressly reserve the right to supplement the record on appeal or cross-appeal and to adopt the designation of any items designated or counter-designated by any other appellant, cross-appellant, appellee, or cross-appellee to any of the appeals or cross-appeals from the Final Judgment.

Dated:   March 18, 2020                         **LATHAM & WATKINS LLP**
         New York, New York

                                                By:   /s/ Christopher Harris
                                                      Christopher Harris
                                                      885 Third Avenue
                                                      New York, New York 10022
                                                      Telephone:  (212) 906-1200
                                                      Facsimile:  (751) 751-4864
                                                      Email: christopher.harris@lw.com

                                                      *Attorneys for ABN AMRO Bank
                                                      (Ireland) Ltd. (f/k/a Fortis Prime
                                                      Fund Solutions Bank (Ireland)
                                                      Ltd.) (n/k/a ABN AMRO Retained
                                                      Custodial Services (Ireland)
                                                      Limited) and ABN AMRO
                                                      Custodial Services (Ireland) Ltd.
                                                      (f/k/a Fortis Prime Fund Solutions
                                                      Custodial Services (Ireland) Ltd.)*