

mwe.com

Andrew Kratenstein
Attorney at Law
akratenstein@mwe.com
+1 212 547 5695

March 24, 2020

VIA ECF AND E-MAIL

The Honorable Stuart M. Bernstein
United States Bankruptcy Court
One Bowling Green
New York, NY 10004-1408

Re:   *Picard v. Sage Associates, et al.*, Adv. Pro. No. 10-04362 (SMB)
      *Picard v. Sage Realty, et al.*, Adv. Pro. No. 10-04400 (SMB)

Dear Judge Bernstein:

I write on behalf of defendants Sage Associates, Sage Realty, Malcolm Sage, Martin Sage, and Ann Sage Passer (collectively, the "Sages") in the above-referenced Adversary Proceedings and in response to the Trustee's counsel's letter, dated March 23, 2020, concerning pretrial scheduling.

The Trustee's counsel sent his scheduling proposal yesterday at 1:54 pm ET. I have since had the opportunity to consult with my clients about it. We cannot agree to the Trustee's proposal.

As you know, we are in the midst of an unprecedented pandemic that is affecting every institution in the United States and every state. Per Governor Cuomo's Executive Orders 202.6 and 202.8, every non-essential activity in the State and City of New York has been halted and employers have been directed to have their work forces work from home. Consistent with that directive, my firm has required all of its lawyers and employees to work from home for the indefinite future.

I live in Westchester County, which, like New York City, is an epicenter of the pandemic. Following the Governor's and my firm's instructions, I have largely remained in my home for the past two weeks and will continue to do so indefinitely.

Unlike the Trustee, who has an army of lawyers at his disposal, I am the only attorney charged with representing my clients. Although I have remote access to my firm's systems, I do not have full and ready access to my office or to all my notes and other documents. I also cannot confer face to face with my three individual clients and they cannot confer with one another face to face either.



340 Madison Avenue   New York NY 10173-1922   Tel +1 212 547 5400   Fax +1 212 547 5444

*US practice conducted through McDermott Will & Emery LLP.*

The Honorable Stuart M. Bernstein
March 24, 2020
Page 2

There is no telling how long these restrictions will remain in place or what their effect will be. Moreover, no one can predict when federal guidelines concerning social distancing or non-essential work may be put into place.

In the other Madoff cases you have tried or ruled on to date, the defendants' testimony was relatively unimportant if not irrelevant because there was no dispute that Mr. Madoff had complete control of and exercised complete discretion over the clients' split-strike accounts.  By contrast, and as you know from our prior filings and conferences, the Sages exercised control over relevant accounts and directed and/or authorized Madoff as to what trades to make and not make.  As the Second Circuit held in its "Net Equity Opinion", "the Last Statement Method may be *especially appropriate* where – unlike with the BLMIS accounts at issue in this appeal [split-strike accounts] – *customers authorize or direct purchases of specific stocks*."  *In re Bernard L. Madoff Inv. Secs. LLC*, 654 F.3d 229, 238 (2d Cir. 2011) (emphasis added) (citation omitted).  Accordingly, I expect that Malcolm Sage, who personally managed the Sage accounts and authorized or directed Madoff's trading of specific stocks, will be on the stand for a day or more to explain the long history of the Sage accounts, which date back to the 1970s.  In short, my ability to confer with him, his brother, and his sister unfettered is essential to our pretrial preparations.

Significantly, all three of my individual clients are in the most "at risk" demographic identified by the State of New York because of their age.  Martin Sage turns 74 tomorrow.  Malcolm Sage is 64.  Ann Sage Passer is 62.  Some have underlying medical conditions as well.

In addition, one of them is caring for a 92-year-old with numerous medical problems.  Another's wife recently had a stroke and is on immunosuppressant medication, which leaves her more vulnerable to infection.  The third is caring for his daughter, who contracted a serious infectious illness (thankfully, not COVID-19, but still quite serious) and requires constant monitoring to prevent her condition from worsening.

The burden of caring for all these family members while taking appropriate precautions for themselves has placed an enormous additional strain on my clients.  In short, in these extraordinary times, it is exceedingly difficult for them to assist effectively in their own defense, including during the critical pretrial phase.

Jurisdictions across the country have rightly chosen to delay all non-essential matters.  Waiting until this crisis has passed – particularly given that these cases were filed in 2010 – to advance pretrial proceedings will prejudice no one.

By contrast, proceeding during this crisis prejudices my clients, who face financial ruin from the Trustee's heavy handedness.  It is no exaggeration to say that the future of each one of them, as well as their collective six children, is at stake here.  They should not have to sacrifice their health and well-being to meet the Trustee's artificial timetable.  Nor should they be deprived of an attorney who can fully and freely prepare himself and them for trial.



The Honorable Stuart M. Bernstein
March 24, 2020
Page 3

Accordingly, this matter should be stayed until the July 29, 2020 omnibus hearing, provided that by such time the State of Emergency has been lifted in New York State. In this unprecedented time in history, there is no better moment to demonstrate the primacy of justice, the principle of equity, and the value of compassion.

Respectfully,

Andrew B. Kratenstein

Cc: All counsel via ECF

DM_US 166666534-1.100255.0011

