**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Seanna R. Brown
Email: sbrown@bakerlaw.com

Presentment Date: April 3, 2020
Time: 12:00 p.m.

Objections Due: April 1, 2020
Time: 11:00 a.m.

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |

**TRUSTEE'S APPLICATION FOR AN AMENDED ORDER APPROVING THE RETENTION OF ROBBINS, RUSSELL, ENGLERT, ORSECK, UNTEREINER & SAUBER LLP AS SPECIAL COUNSEL**

Irving H. Picard (the "Trustee"), as trustee for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS"), under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq*. ("SIPA"), and the estate of Bernard L. Madoff (together with BLMIS, the "Debtor"), by and through his undersigned counsel, hereby submits

this Application for an amended order regarding the retention of Robbins, Russell, Englert, Orseck, Untereiner & Sauber LLP ("Robbins Russell") as special counsel and respectfully represents as follows:

### Jurisdiction

1.    This Court has jurisdiction over this Application under SIPA section 78eee(b) and 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2.    The statutory predicates for the relief sought herein are section 78eee(b)(3) of SIPA, sections 327(e), 328, 329 and 330 of the Bankruptcy Code, and Fed. R. Bankr. P. 2014.

### Background

3.    On December 11, 2008, the Securities and Exchange Commission filed a complaint in the United States District Court for the Southern District of New York against Bernard L. Madoff and BLMIS, alleging that Madoff and BLMIS engaged in fraud through the investment advisory activities of BLMIS. *See United States v. Madoff*, No. 08 CV 10791 (S.D.N.Y. 2008).

4.    On December 15, 2008, the Honorable Louis L. Stanton of the United States District Court for the Southern District of New York entered an order pursuant to SIPA, which in pertinent part:

    a) appointed the Trustee for the liquidation of the business of BLMIS pursuant to section 78eee(b)(3) of SIPA;

    b) appointed Baker & Hostetler LLP as counsel to the Trustee pursuant to section 78eee(b)(3) of SIPA; and

    c) removed the case to this Bankruptcy Court pursuant to section 78eee(b)(4) of SIPA.

5. In connection with his statutory duties, the Trustee commenced adversary proceedings to avoid and recover customer property under provisions of SIPA and the Bankruptcy Code. On March 14, 2016, the Bankruptcy Court issued a decision partially dismissing the Trustee's amended complaint against Khronos LLC and Legacy Capital Ltd. *Picard v. Legacy Capital Ltd. (In re Bernard L. Madoff Inv. Sec. LLC)*, 548 B.R. 13 (Bankr. S.D.N.Y. 2016). Additionally, on October 18, 2019, the Bankruptcy Court issued a decision denying the Trustee's motion for leave to file an amended complaint on grounds of futility. *Picard v. Citibank, N.A.*, 608 B.R. 181 (Bankr. S.D.N.Y. 2019).

6. In each of these decisions, this Court applied the standards set forth by Judge Rakoff in *SIPC v. BLMIS (In re Madoff Sec.)*, 516 B.R. 18 (S.D.N.Y. 2014) (Rakoff, J.) (the "*Good Faith Decision*"). In the Good Faith Decision, the district court held that, in SIPA cases, a SIPA trustee must *plead* the absence of good faith, with particularized allegations, as part of his *prima facie* case to avoid and recover transfers under the Bankruptcy Code. *See id.* at 23-24. The district court also held that for purposes of SIPA recovery actions, "'good faith' means that the transferee neither had actual knowledge of the . . . fraud nor willfully blinded himself to circumstances indicating a high probability of such fraud." *Id.* at 23.

7. The Trustee subsequently filed notices of appeal in the *Legacy* and *Citibank* matters and petitions for direct appeal to the United States Court of Appeals for the Second Circuit under 28 U.S.C. § 158(d)(2)(A). Those petitions remain pending.

8. Although the Trustee is appealing only in two matters (as those are the only two final judgments entered thus far in cases involving the Good Faith Decision), resolution of the appeal on the Good Faith Decision will implicate hundreds of parties and dozens of individual proceedings seeking the return of hundreds of millions of dollars of customer property.

Litigating the appeals to a successful conclusion requires expertise in both bankruptcy law and appellate practice. As such, the Trustee has determined that it is in the best interest of the estate to retain Robbins Russell, specifically Mr. Roy T. Englert, Jr. of Robbins Russell, to assist Baker & Hostetler with the appeal.

9. On October 13, 2017, this Court previously approved the retention of Mr. Englert and Robbins Russell as special counsel on the appeal on extraterritoriality and international comity. Order, ECF No. 16759.

### Relief Requested

10. An amended order authorizing the retention of Robbins Russell will allow the Trustee to expand the retention to Robbins Russell to the forthcoming appeal on the Good Faith Decision. Robbins Russell will assist the Trustee with briefing the appeal in the Second Circuit and any subsequent proceedings before the United States Supreme Court in that matter. The assistance of Robbins Russell and Mr. Englert are necessary and essential to enable the Trustee to execute faithfully his duties in connection with prosecuting the appeals. Mr. Englert is an experienced Supreme Court practitioner with appellate experience in bankruptcy and SIPA matters. The Trustee, therefore, proposes to expand his prior retention of Robbins Russell as its special counsel to the upcoming appeals.

11. The Trustee submits that the retention of Robbins Russell is permissible under section 78eee(b)(3) of SIPA and is in the best interest of the Debtor's estate, customers, and creditors. To the best of the Trustee's knowledge, and except as disclosed in Mr. Englert's declaration of disinterestedness annexed hereto as <u>Exhibit A</u>, the partners of Robbins Russell are disinterested pursuant to section 78eee(b)(3) of SIPA and do not hold or represent any interest adverse to the Debtor's estate with respect to the appeal.

4

12. Robbins Russell is willing to act on the Trustee's behalf to render the foregoing professional services and will be compensated at agreed upon rates, listed below, which reflect a reduction of its normal rates by ten percent (10%). Applications for compensation to Robbins Russell will be filed with this Court pursuant to applicable statutes, rules, and orders of this Court. Robbins Russell's rate information is as follows:

| Attorney | Standard Rates | Discounted Rates |
|---|---|---|
| Roy T. Englert, Jr. | $1,395.00 | $1,255.50 |
| Partners | $859.00-$1,040.00 | $773.10-$936.00 |
| Associates | $655.00-$870.00 | $589.50-$783.00 |
| Paralegals | $315.00 | $283.50 |

The Trustee will coordinate efforts between Robbins Russell and Baker & Hostetler so that there will be no duplication of efforts.

13. SIPC has no objection to this Application and, pursuant to SIPA section 78eee(b)(3), SIPC specifies that the Trustee should be authorized to retain Robbins Russell as special counsel for the appeal.

## Notice

14. Notice of this Application will be provided by U.S. Mail or email to (i) all parties included in the Master Service List as defined in the Order Establishing Notice Procedures (ECF No. 4560); (ii) all parties that have filed a notice of appearance in this case; (iii) the SEC; (iv) the IRS; (v) the United States Attorney for the Southern District of New York; and (vi) SIPC, pursuant to the Order Establishing Notice Procedures (ECF No. 4560). The Trustee submits that no other or further notice is required.

**WHEREFORE**, the Trustee respectfully requests that the Court enter an order substantially in the form of Exhibit B hereto, (a) granting this Application; (b) authorizing the Trustee to employ Robbins Russell as special counsel for the purposes described herein; and (c) granting the Trustee such other and further relief as is just and proper.

Dated: March 30, 2020
      New York, New York

Respectfully submitted,

/s/ *Seanna R. Brown*
**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Seanna R. Brown
Email: sbrown@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*