Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David Sheehan (DS 4818)
Email: dsheehan@bakerlaw.com
Douglas E. Spelfogel (DS 7097)
Email: dspelfogel@bakerlaw.com
Richard J. Bernard (RB 6371)
Email: rbernard@bakerlaw.com

*Attorneys for Irving H. Picard, Esq.,*
*Trustee for the SIPA Liquidation of*
*Bernard L. Madoff Investment Securities LLC*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adversary Proceeding |
| Plaintiff-Applicant | No. 08-01789-JMP |
| v. | |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC | |
| Defendant. | |

**TRUSTEE'S EX-PARTE APPLICATION FOR ENTRY OF AN ORDER
APPROVING FORM AND MANNER OF PUBLICATION AND MAILING
OF NOTICES, SPECIFYING PROCEDURES FOR FILING, DETERMINATION,
AND ADJUDICATION OF CLAIMS; AND PROVIDING OTHER RELIEF**

Irving H. Picard, Esq. ("Trustee"), as Trustee for the liquidation of the business of

Bernard L. Madoff Investment Securities LLC ("Debtor"), by and through his undersigned

counsel, respectfully requests, on an ex-parte basis, entry of an order approving the form and

manner of the publication and mailing of required notices, specifying the procedures for the

filing, determination, and adjudication of claims, and providing other relief based on the following:

1.    On December 11, 2008 (the "Filing Date"), the Securities and Exchange Commission ("SEC") filed a Complaint in the United States District Court for the Southern District of New York against defendants Bernard L. Madoff and the Debtor (together, the "Defendants") (No. 08 CV 10791).    The Complaint alleged that the Defendants engaged in fraud through investment advisor activities of the Debtor.    On December 12, 2008, the Honorable Louis A. Stanton of the United States District Court for the Southern District of New York, entered an order which, <u>inter alia</u>, appointed Lee S. Richards, Esq., as receiver for the Debtor.    On December 15, 2008, Judge Stanton entered an order pursuant to the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa <i>et seq.</i> ("SIPA")[1], which, in pertinent part:

    (a)    Appointed Irving H. Picard, Esq. as Trustee for the liquidation of the business of the Debtor, pursuant to §78eee(b)(3) of SIPA;

    (b)    Appointed Baker & Hostetler, LLP ("B&H") as counsel to the Trustee pursuant to §78eee(b)(3) of SIPA; and

    (c)    Removed the case to this Bankruptcy Court pursuant to §78eee(b)(4) of SIPA.

2.    Section 78fff-2(a)(1) of SIPA provides that promptly after appointment, a trustee shall cause notice of the commencement of the proceeding to be mailed to each person who, from the books and records of the debtor, appears to have been a customer of the debtor with an open account within the twelve (12) months prior to the Filing Date, to the address of such person as it appears from the debtor's books and records.    The Trustee requests that this Court enter an order directing the Trustee to effect such mailing of the notice in the form attached as Exhibit A on or before January 9, 2009.

---

[1] For convenience, reference to SIPA will not include "15 U.S.C."

3.      Section 78fff-2(a)(1) of SIPA further provides that promptly after appointment, a trustee shall cause notice of the commencement of the proceeding to be published in one or more newspapers of general circulation in the form and manner determined by the Court. During the twelve months prior to the Filing Date, the Debtor, which maintained its primary office in New York, New York and had additional offices in London, U.K., had customers across the United States and in various foreign nations. Accordingly, the Trustee requests that this Court enter an order directing the Trustee to publish notice substantially in the form attached as Exhibit A on or before January 9, 2009 in the following newspapers:

    (a)  *The New York Times*, all editions;

    (b)  *The Wall Street Journal*, all editions;

    (c)  *The Financial Times*, all editions;

    (d)  *USA Today*, all editions;

    (e)  *Jerusalem Post*, all editions; and

    (f)  *Ye'diot Achronot*, all editions.

4.      Section 78fff-2(a)(l) of SIPA states that notice to creditors other than customers shall be given by a trustee in the manner prescribed by the Bankruptcy Code. Section 342 of the Title 11 of the United States Code (the "Bankruptcy Code") states that there shall be given such notice as is appropriate of an order for relief. The Trustee requests that this Court enter an order directing him to mail notice to creditors other than customers in the form attached as Exhibit A on or before January 9, 2009.

5.      The Trustee requests that this Court enter an order approving the form of the following documents, and directing the Trustee to mail such documents, substantially in the forms attached hereto, to customers and other creditors:

    (a)      Exhibit A      -      Notice of Commencement of Proceeding

| | | | |
|---|---|---|---|
| (b) | Exhibit B | - | Explanatory Letter to Customers |
| (c) | Exhibit C | - | Customer Claim Form (and instructions) |
| (d) | Exhibit D | - | Explanatory Letter to Broker-Dealers (with Series 300 Rules) |
| (e) | Exhibit E | - | Explanatory Letter to Other Creditors |
| (f) | Exhibit F | - | General Creditor Claim Form |
| (g) | Exhibit G | - | Notice of Trustee's Determination of Claim Form |
| (h) | Exhibit H | - | Proposed Order |

6.      Section 78fff-2(a)(3) of SIPA provides that no claim of a customer or other creditor of the debtor which is received by a trustee after the expiration of the six (6) month period beginning on the date of publication of notice of the commencement of proceedings under SIPA shall be allowed, except that the Court may, upon application within such period and for cause shown, grant a reasonable fixed extension of time for the filing of a claim by the United States, by a state or political subdivision thereof, or by an infant or incompetent person without a guardian.  Any claim of a customer for net equity which is received by a trustee after the expiration of such period of time as may be fixed by the Court need not be paid or satisfied in whole or in part out of customer property, and, to the extent such claim is satisfied from monies advanced by the Securities Investor Protection Corporation ("SIPC"), it shall be satisfied in cash or securities (or both) as a trustee determines is most economical to the estate.  The Trustee requests that the Court enter an order fixing a six-month period from the date of publication and mailing of notice for filing of such customer claims for net equity.

7.      Section 78fff-2(a)(2) of SIPA provides that claims against the debtor shall be filed with a trustee.  The Trustee requests that this Court enter an order directing that claims against the Debtor in this proceeding be filed with **Irving H. Picard, Esq., Trustee for Bernard L. Madoff**

Investment Securities LLC, Claims Processing Center, 2100 McKinney Ave., Suite 800, Dallas, TX 75201.

8.      Section 78eee(b)(3) of SIPA specifies that no person shall be appointed as trustee or as attorney for the trustee in a liquidation under SIPA if such person is not "disinterested" within the meaning of Section 78eee(b)(6) of SIPA.  As for the trustee and counsel to the trustee, Section 78eee(b)(6)(B) of SIPA requires that the Court fix a time for hearing on disinterestedness (and that at least ten (10) days notice of such hearing be given by mail to the parties specified in said section) for the purpose of considering objections to the retention of trustee and counsel to the trustee based upon lack of disinterestedness in the proceedings.  Accordingly, the Trustee requests that this Court enter an order setting February 4, 2009, at 10:00 a.m., as the date and time for the hearing of disinterestedness objections to the retention in office of Irving H. Picard, Esq. as Trustee and Baker & Hostetler LLP as counsel to the Trustee.  The Trustee requests that any objections to the retention of counsel be filed with this Court, with a copy served on the Trustee's attorney at: Baker & Hostetler LLP, 45 Rockefeller Plaza, New York, New York 10111, Attention: Douglas E. Spelfogel, Esq.; and SIPC, 805 Fifteenth Street, N.W., Suite 800, Washington, D.C. 20005-2215, Attention: Kevin H. Bell, Esq., so as to be filed and received not less than five (5) days prior to such hearing.

9.      Section 341(a) of the Bankruptcy Code requires that a meeting of creditors be held within a reasonable time after the order for relief in a case under the Bankruptcy Code.  Section 343 of the Bankruptcy Code requires that the debtor appear and submit to examination under oath at such meeting. The Trustee requests that this Court enter an order designating the Trustee to preside at a meeting of creditors to permit the examination of the Debtor and its officers by the Trustee, creditors or other parties in interest, and further to conduct such business as may properly come before such meeting.  The Trustee further requests that this Court enter an order

setting February 18, 2009, at 1:30 p.m., at the United States Bankruptcy Court, Southern District
of New York, One Bowling Green, New York, New York 10004, as the time and place for such
meeting of creditors.

10.     Pursuant to Bankruptcy Rule 9007, which authorizes the combination of notices
whenever feasible, the Trustee requests that this Court enter an order directing that notice of the
meeting of creditors and notice of the "disinterestedness" hearing be combined with notice of the
commencement of proceedings, and that such notice, in the form and content as set forth in
attached Exhibit A, be published and customers and creditors be notified by mail in the manner
provided in paragraphs 2, 3, and 4 above.

11.     The Trustee requests that this Court enter an order directing the Debtor to comply with
SIPA and the pertinent sections of the Bankruptcy Code, including the requirements of the
Debtor to (a) designate an officer to appear and submit to examination under oath at the meeting
of creditors under section 343 of the Bankruptcy Code, and (b) comply with the Debtor's duties
enumerated in section 521 of the Bankruptcy Code, i.e., by (i) by timely filing the schedules of
assets and liabilities, of executory contracts, of pending litigations and information about any
other pertinent matters; (ii) timely filing a list of creditors, a schedule of assets and liabilities and
a statement of financial affairs, (iii) cooperating with the Trustee as necessary to enable the
Trustee to perform his duties; and (iv) surrendering forthwith to the Trustee all property of the
Debtor's estate and any and all recorded information, including, but not limited to, books,
documents, records, papers and computer disks or tapes constituting or relating to the Debtor or
property of the Debtor's estate.

12.     To the extent consistent with the provisions of SIPA, a liquidation proceeding is to be
conducted in accordance with, and as though it were being conducted under Chapters 1, 3, and 5,
and subchapters I and II of Chapter 7 of the Bankruptcy Code. *See* Section 78fff(b) of SIPA.

Section 704(5) of the Bankruptcy Code, which appears in Subchapter I of Chapter 7 of the

Bankruptcy Code, requires a Trustee to examine proofs of claims and object to the allowance of

any claim that is improper.

13.    The Trustee, by his staff and counsel, will analyze the customer claims and accounts.

They will compare the claims against the books and records of the Debtor and other sources.

The Trustee requests that this Court authorize him, as provided in Section 78fff-2(b) of SIPA, to

satisfy customer claims as far as the claims agree with the Debtor's books and records or are

otherwise established to the Trustee's satisfaction.

14.    The Trustee will satisfy customer claims by (i) delivering "customer name securities," as

defined in Section 78*lll*(3) of SIPA; and (ii) satisfying a customer's "net equity" claim, as

defined in Section 78*lll*(11) of SIPA, by distributing on a ratable basis securities of the same

class or series of an issuer on hand as "customer property," as defined in Section 78*lll*(4) of

SIPA, and, if necessary, by distributing cash from such customer property or cash advanced by

SIPC, or purchasing securities for customers as provided in Section 78fff-2(d) of SIPA.

15.    In order to expedite the protection of customers of the Debtor under SIPA, the Trustee

requests the approval of the Court of the procedures prescribed in Section 78fff-2(b) of SIPA

which provides that:

> [T]he court shall, among other things –
>
> (1)    with respect to net equity claims, authorize the trustee to satisfy claims out of
>        moneys made available to the trustee by SIPC notwithstanding the fact that there
>        has not been any showing or determination that there are sufficient funds of the
>        debtor available to satisfy such claims; and
>
> (2)    with respect to claims relating to, or net equities based upon, securities of a class
>        and series of an issuer which are ascertainable from the books and records of the
>        debtor or are otherwise established to the satisfaction of the trustee, authorize the
>        trustee to deliver securities of such class and series if and to the extent available to
>        satisfy such claims in whole or in part, with partial deliveries to be made pro rata
>        to the greatest extent considered practicable by the trustee.

16.    The Trustee anticipates that individuals may file claims seeking "customer" protection
that the Trustee may disallow completely, disallow as a protected customer claim, or disallow in
part.  The Trustee proposes this Court order a procedure for the expeditious resolution of
disputes that may arise between the Trustee and claimants for protection as customers.  The
Trustee suggests the following procedures for those claims for protection as a customer of the
Debtor, as defined in SIPA, which it does not allow as filed:

(1)    The Trustee will notify the claimant by certified mail that the Trustee has
determined that the claimant's claim has been disallowed in whole or in part or
has otherwise not been approved for satisfaction as filed. Notification shall be in a
form similar to Exhibit G attached hereto. If a claimant is aggrieved by the
determination of the Trustee, the claimant shall be afforded the opportunity to
have the matter heard by the Court as a contested matter under Rule 9014 of the
Bankruptcy Rules.

(2)    The claimant shall request a hearing before this Court by filing a request in
accordance with the instructions included with the Trustee's determination,
Exhibit G hereto. The claimant shall file the request for a hearing within thirty
days of the date on which the Trustee mailed his determination. The request shall
include a detailed statement of the reasons for the claimant's objection to the
Trustee's determination and the claimant shall attach copies of any documents or
other writing upon which the claimant relies.

(3)    The Trustee shall ask the Court to set a time and date for a hearing and shall
notify the claimant in writing of the time, date and place of the hearing.

(4)    If a claimant fails to request a hearing within thirty days of the mailing of the
Trustee's determination in accordance with the procedures established by this
Court's order, or if the claimant fails to appear at the hearing, then the Trustee's
determination shall be final.

(5)    The Trustee requests authority to compromise and settle any disputed customer
claim at any time, without further order of this Court.

17.    Section 78fff-1(c) of SIPA requires that a trustee report progress to this Court.  The
Trustee requests the Court enter an order directing the Trustee to file his first report within six
(6) months after publication of the Notice of Commencement, and shall file interim reports every
six (6) months thereafter.

18.     No previous application for the relief requested herein has been made to this or any other court.

19.     The relief requested in this application is not novel, and the Trustee has incorporated his legal authority under SIPA and the Bankruptcy Code.  Accordingly, the Trustee requests that the Court waive the requirements of Local Bankruptcy Rule 9013-1(B) to the extent applicable.

        WHEREFORE, the Trustee requests that the Court grant this application and approve and enter the procedural order in substantially the form requested.

Dated: New York, New York                      Respectfully submitted,
       December 21, 2008


OF COUNSEL:

SECURITIES INVESTOR                            /s/ David J. Sheehan
PROTECTION CORPORATION                         Baker & Hostetler LLP
805 Fifteenth Street, N.W., Suite 800          45 Rockefeller Plaza
Washington, DC  20005                          New York, New York 10111
Telephone: (202) 371-8300                      Telephone: (212) 589-4200
                                               Facsimile: (212) 589-4201
Josephine Wang (JW 0674)                       David Sheehan (DS 4818)
General Counsel                                Email: dsheehan@bakerlaw.com
jwang@SIPC.org                                 Douglas E. Spelfogel (DS 7097)
                                               Email: dspelfogel@bakerlaw.com
Kevin H. Bell (KB 2260)                        Richard J. Bernard (RB 6371)
Senior Associate General Counsel               Email: rbernard@bakerlaw.com
kbell@SIPC.org

                                               *Attorneys for Irving H. Picard, Esq.,*
                                               *Trustee for the Liquidation of the Business of*
                                               *Bernard L. Madoff Investment Securities LLC*

# EXHIBIT A

<u>**EXHIBIT A**</u>

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC<br><br>Defendant. | Adversary Proceeding<br><br>No. 08-01789-JMP |

**NOTICE TO CUSTOMERS AND CREDITORS OF BERNARD L. MADOFF**
**INVESTMENT SECURITIES LLC AND TO ALL OTHER PARTIES IN INTEREST**

<u>**COMMENCEMENT OF LIQUIDATION PROCEEDING**</u>

**NOTICE IS HEREBY GIVEN** that on December 15, 2008, the Honorable Louis A.

Stanton of the United States District Court for the Southern District of New York, entered an Order

granting the application of the Securities Investor Protection Corporation ("SIPC") for issuance of a

Protective Decree adjudicating that the customers of Bernard L. Madoff Investment Securities LLC

(the "Debtor"), are in need of the protection afforded by the Securities Investor Protection Act of

1970, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA"). Irving H. Picard, Esq. ("Trustee") was appointed Trustee

for the liquidation of the business of the Debtor, and Baker & Hostetler LLP was appointed as

counsel to the Trustee. Customers of the Debtor who wish to avail themselves of the protection

afforded to them under SIPA are required to file their claims with the Trustee within sixty (60) days

after the date of this Notice. Customers may file their claims up to six months after the date of this

Notice; however, the filing of claims after the sixty (60) day period but within the six month period

may result in less protection for the customer. Such claims should be filed with the Trustee at Irving H. Picard, Esq., Trustee for Bernard L. Madoff Investment Securities LLC, Claims Processing Center, 2100 McKinney Ave., Suite 800, Dallas, TX 75201. **Customer claims will be deemed filed only when received by the Trustee**.

Forms for the filing of customers' claims are being mailed to customers of the Debtor as their name and addresses appear on the Debtor's books and records. Customers who do not receive such forms within seven (7) days from the date of this Notice may obtain them by writing to the Trustee at the address shown above.

Claims by broker-dealers for the completion of open contractual commitments must be filed with the Trustee at the above address within thirty (30) days after the date of this Notice. **Broker-dealer claims will be deemed to be filed only when received by the Trustee.** Claim forms may be obtained by writing to the Trustee at the address shown above.

All other creditors of the Debtor must file formal proofs of claim with the Trustee at the address shown above within six (6) months after the date of this Notice. **All such claims will be deemed filed only when received by the Trustee.**

**No claim of any kind will be allowed unless received by the trustee within six (6) months after the date of this Notice.**

## AUTOMATIC STAY OF ACTIONS AGAINST THE DEBTOR

**NOTICE IS HEREBY GIVEN** that as a result of the issuance of the Protective Decree, certain acts and proceedings against the Debtor and its property are stayed as provided in 11 U.S.C. § 362 and by order of the United States District Court for the Southern District of New York entered on December 15, 2008 by the Honorable Louis A. Stanton.

## MEETING OF CREDITORS

**NOTICE IS HEREBY GIVEN** that the first meeting of customers and creditors will be

held on February 18, 2009 at 1:30 p.m. at the United States Bankruptcy Court for the Southern

District of New York, One Bowling Green, New York, New York 10004, at which time and place

customers and creditors may attend, examine the Debtor, and transact such other business as may

properly come before said meeting.

## HEARING ON DISINTERESTEDNESS OF TRUSTEE AND COUNSEL TO THE TRUSTEE

**NOTICE IS HEREBY GIVEN** that on February 4, 2009 at 10:00 a.m. at the United States

Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New

York 10004, has been set as the time and place for the hearing before the Honorable James Peck,

United States Bankruptcy Judge, of objections, if any, to the retention in office of Irving H. Picard,

Esq., as Trustee, and Baker & Hostetler LLP, as counsel to the Trustee, upon the ground that they are

not qualified or not disinterested as provided in SIPA § 78eee(b)(6). Objections, if any, must be filed

not less than five (5) days prior to such hearing, with a copy to be served on counsel for the Trustee

at Baker & Hostetler LLP, 45 Rockefeller Plaza, New York, New York 10111, attn: Douglas E.

Spelfogel, Esq., so to be received no fewer than five (5) days before the hearing.

**NOTICE IS HEREBY GIVEN** that copies of this Notice, the letter to customers, the

customer claim form, and instructions as well as the SIPC brochure may be found on SIPC's

website at www.sipc.org under Proceedings/Liquidations and on the Trustee's website,

www.madofftrustee.com. From time to time in the future, other updated information and notices

concerning this proceeding may also be posted at SIPC's and/or the Trustee's website.


Dated:  (Date of Publication)
        New York, New York


                                    Irving H. Picard, Esq.
                                    Trustee for the Liquidation of the
                                    Business of Bernard L. Madoff Investment
                                    Securities LLC

08-01789-smb   Doc 9403-1   Filed 02/04/20   Entered 02/04/20 20:28:11   Exhibit A
Pg 1 of 3

# EXHIBIT B

**EXHIBIT B**

## BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

### DECEMBER 11, 2008

TO ALL CUSTOMERS OF **BERNARD L. MADOFF INVESTMENT SECURITIES LLC**:

Enclosed are the following documents concerning the liquidation of the business of Bernard L. Madoff Investment Securities LLC (the "Debtor"):

1.  A Notice;
2.  A Customer Claim Form with Instructions; and
3.  A brochure entitled "How SIPC Protects You."

You are urged to read the enclosed documents carefully. They explain the steps you must take to protect any rights and claims you may have in this liquidation proceeding.

The Customer Claim form should be filled out by you and mailed to Irving H. Picard, Esq., Trustee for the Liquidation of the Business of Bernard L. Madoff Investment Securities LLC at: Irving H. Picard, Esq., Trustee for Bernard L. Madoff Investment Securities LLC, Claims Processing Center, 2100 McKinney Ave., Suite 800, Dallas, TX 75201. A return envelope for the completed Customer Claim form is enclosed. Please make a copy of the completed Customer Claim form for your own records.

**Your Customer Claim form will not be deemed to be filed until received by the Trustee. It is strongly recommended your claim be mailed certified mail, return receipt requested. Your return receipt will be the only document you will receive that shows your claim has been received by the Trustee.**

If, at any time, you complained in writing about the handling of your account to any person or entity or regulatory authority, and the complaint relates to the cash and/or securities that you are now seeking, please provide with your claim copies of the complaint and all related correspondence, as well as copies of any replies that you received. It is also important that you provide all documentation (such as cancelled checks, receipts from the Debtor, proof of wire transfers, etc.) of any cash amounts and any securities given to the Debtor from as far back as you have documentation. You should also provide all documentation or information regarding any withdrawals you have ever made or payments received from the Debtor.

While your claim is being processed, you may be requested to file additional information or documents with the Trustee to support the validity of your claim.

It is your responsibility to report accurately all securities positions and money balances in connection with your account with the Debtor. A false claim or the retention of property to which you are not entitled may make you liable for damages and criminal penalties. If you cannot precisely calculate the amount of your claim, however, you may file an estimated claim.

One of the purposes of the liquidation is to return securities and cash due to customers as promptly as practicable. In that connection, funds of the Securities Investor Protection Corporation may be utilized to pay valid customer claims relating to securities and cash up to a maximum amount of $500,000.00 for each customer, including up to $100,000.00 for claims for cash, as provided in the Securities Investor Protection Act of 1970, as amended ("SIPA"). The enclosed brochure provides information concerning the protection afforded by SIPA.

Customers' telephone inquiries delay the liquidation. The time of personnel who would otherwise be at work to speed the satisfaction of customers' claims is required for such calls.

Your cooperation in promptly returning the completed Customer Claim form with all supporting documentation to the Trustee is in your best interest as it will help speed the administration of the liquidation proceeding.

Dated: (Date of Publication)
          New York, New York

Irving H. Picard, Esq.
Trustee for the Liquidation of the
Business of Bernard L. Madoff Investment
Securities LLC

# EXHIBIT C

<u>**EXHIBIT C**</u>

**CUSTOMER CLAIM**

Claim Number_____

Date Received_____

**BERNARD L. MADOFF INVESTMENT SECURITIES LLC**

In Liquidation

**DECEMBER 11, 2008**

PLACE MAILING LABEL HERE

Provide your office and home telephone no.

OFFICE:_____

HOME:_____

Taxpayer I.D. Number (Social Security No.)

(If incorrect, please change)

_____

NOTE:    BEFORE COMPLETING THIS CLAIM FORM, BE SURE TO READ CAREFULLY THE
ACCOMPANYING INSTRUCTION SHEET.  A SEPARATE CLAIM FORM SHOULD
BE FILED FOR EACH ACCOUNT AND, TO RECEIVE THE FULL PROTECTION
AFFORDED UNDER SIPA, ALL CUSTOMER CLAIMS MUST BE RECEIVED BY THE
TRUSTEE ON OR BEFORE _____.  CLAIMS RECEIVED AFTER THAT
DATE, BUT ON OR BEFORE _____, WILL BE SUBJECT TO
DELAYED PROCESSING AND TO BEING SATISFIED ON TERMS LESS
FAVORABLE TO THE CLAIMANT.  PLEASE SEND YOUR CLAIM FORM BY
CERTIFIED MAIL - RETURN RECEIPT REQUESTED.

*********************************************************************************

1.    Claim for money balances as of **December 11, 2008** :
      a.    The Broker owes me a Credit (Cr.) Balance of        $_____

      b.    I owe the Broker a Debit (Dr.) Balance of            $_____

      c.    If you wish to repay the Debit Balance,

            please insert the amount you wish to repay and

            attach a check payable to "Irving H. Picard, Esq.,

            Trustee for Bernard L. Madoff Investment Securities LLC."

            If you wish to make a payment, **it must be enclosed**

            with this claim form.                                 $_____

d.     If balance is zero, insert "None."                    _____

2.     Claim for securities as of **December 11, 2008**:

**PLEASE DO NOT CLAIM ANY SECURITIES YOU HAVE IN YOUR POSSESSION.**

|  | YES | NO |
|---|---|---|
| a.   The Broker owes me securities | _____ | _____ |
| b.   I owe the Broker securities | _____ | _____ |

c.     If yes to either, please list below:

| Date of Transaction (trade date) | Name of Security | Number of Shares or Face Amount of Bonds | |
|---|---|---|---|
| | | The Broker Owes Me (Long) | I Owe the Broker (Short) |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |

**Proper documentation can speed the review, allowance and satisfaction of your claim and shorten the time required to deliver your securities and cash to you. Please enclose, if possible, copies of your last account statement and purchase or sale confirmations and checks which relate to the securities or cash you claim, and any other documentation, such as correspondence, which you believe will be of assistance in processing your claim. In particular, you should provide all documentation (such as cancelled checks, receipts from the Debtor, proof of wire transfers, etc.) of your deposits of cash or securities with the Debtor from as far back as you have documentation. You should also provide all documentation or information regarding any withdrawals you have ever made or payments received from the Debtor.**

Please explain any differences between the securities or cash claimed and the cash balance and securities positions on your last account statement.  If, at any time, you complained in writing about the handling of your account to any person or entity or

regulatory authority, and the complaint relates to the cash and/or securities that you are
now seeking, please be sure to provide with your claim copies of the complaint and all
related correspondence, as well as copies of any replies that you received.

**PLEASE CHECK THE APPROPRIATE ANSWER FOR ITEMS 3 THROUGH 9.**

**NOTE:** IF "YES" IS MARKED ON ANY ITEM, PROVIDE A DETAILED EXPLANATION ON A SIGNED ATTACHMENT. IF SUFFICIENT DETAILS ARE NOT PROVIDED, THIS CLAIM FORM WILL BE RETURNED FOR YOUR COMPLETION.

|  | | <u>YES</u> | <u>NO</u> |
|---|---|---|---|
| 3. | Has there been any change in your account since December 11, 2008? If so, please explain. | _____ | _____ |
| 4. | Are you or were you a director, officer, partner, shareholder, lender to or capital contributor of the broker? | _____ | _____ |
| 5. | Are or were you a person who, directly or indirectly and through agreement or otherwise, exercised or had the power to exercise a controlling influence over the management or policies of the broker? | _____ | _____ |
| 6. | Are you related to, or do you have any business venture with, any of the persons specified in "4" above, or any employee or other person associated in any way with the broker? If so, give name(s) | _____ | _____ |
| 7. | Is this claim being filed by or on behalf of a broker or dealer or a bank? If so, provide documentation with respect to each public customer on whose behalf you are claiming. | _____ | _____ |
| 8. | Have you ever given any discretionary authority to any person to execute securities transactions with or through the broker on your behalf? Give names, addresses and phone numbers. | _____ | _____ |
| 9. | Have you or any member of your family ever filed a claim under the Securities Investor Protection Act of 1970? if so, give name of that broker. | _____ | _____ |

Please list the full name and address of anyone assisting you in the preparation of this claim form:_____
_____.

If you cannot compute the amount of your claim, you may file an estimated claim. In that case, please indicate your claim is an estimated claim.

**IT IS A VIOLATION OF FEDERAL LAW TO FILE A FRAUDULENT CLAIM. CONVICTION CAN RESULT IN A FINE OF NOT MORE THAN $50,000 OR IMPRISONMENT FOR NOT MORE THAN FIVE YEARS OR BOTH.**

**THE FOREGOING CLAIM IS TRUE AND ACCURATE TO THE BEST OF MY INFORMATION AND BELIEF.**

Date _____     Signature_____

Date _____     Signature_____

(If ownership of the account is shared, all must sign above. Give each owner's name, address, phone number, and extent of ownership on a signed separate sheet. If other than a personal account, *e.g.*, corporate, trustee, custodian, etc., also state your capacity and authority. Please supply the trust agreement or other proof of authority.)

**This customer claim form must be completed and mailed promptly, together with supporting documentation, etc. to:**

Irving H. Picard, Esq.,
Trustee for Bernard L. Madoff Investment Securities LLC
Claims Processing Center
2100 McKinney Ave., Suite 800
Dallas, TX 75201

# EXHIBIT C-1

08-01789-cgm   Doc 18463-1   Filed 12/04/18   Entered 12/04/18 23:26:58   Exhibit A
Customer Claim Instructions   Pg 25 of 50

EXHIBIT C-1

## BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

**DECEMBER 11, 2008**

## <u>READ CAREFULLY</u>

### INSTRUCTIONS FOR COMPLETING CUSTOMER CLAIM FORM

These instructions are to help you complete the customer claim form enclosed. If Bernard L. Madoff Investment Securities LLC ("Broker") owes you cash or securities and you wish to claim them, the trustee must **receive** your claim on or before the date specified on the claim form.  An improperly completed claim form will not be processed but will be returned to you and, consequently, will cause a delay in the satisfaction of your claim.

Item 1 is to be completed if on the date shown, the Broker owed you cash or if you owed the Broker cash.

If the Broker owes money to you, please indicate the amount in the space provided [Item 1a].  If you owe the Broker money, please so indicate in the space provided [Item 1b].  If the Broker owes you securities and you wish to receive those securities without deduction, then you must enclose your check for the amount shown in Item 1c payable to "Irving H. Picard, Esq., Trustee for the Broker." **Payments not enclosed with this claim form will not be accepted by the trustee for purposes of determining what securities are to be distributed to you.**

Item 2 deals with securities (including any options) held for you.  If the Broker is holding securities for you or has failed to deliver securities to you, please indicate by checking the appropriate box under Item 2 and set forth in detail the information required with respect to the date of the transaction, the name of the security and the number of shares or face value of bonds.  With respect to options, set forth number and type of options, the exercise price and expiration date, *e.g.*, 3 options [call] or [put] Xerox at 70 2x October 81.  PLEASE DO NOT CLAIM ANY SECURITIES YOU ALREADY HAVE IN YOUR POSSESSION.

It would expedite satisfaction of your claim if you enclose copies of:

1.   Your last account statement;

2.   An explanation of any differences between cash balances and securities on your last account statement and cash balances and securities you claim;

3.   Purchase and sale confirmations and canceled checks covering the items referred to on your customer claim form; and

4.   Proper documentation can speed the review, allowance and satisfaction of your claim and shorten the time required to deliver your securities and cash to you. Please enclose, if possible, copies of your last account statement and purchase or sale confirmations and checks which relate to the securities or cash you claim, and any other documentation, such as correspondence, which you believe will be of assistance in processing your claim. In particular, you should provide all documentation (such as cancelled checks, receipts from the Debtor, proof of wire transfers, etc.) of your deposits of cash or securities with the Debtor from as far back as you have documentation. You should also provide all documentation or information regarding any withdrawals you have ever made or payments received from the Debtor.

5.   Any other documentation which may assist the processing of your claim, such as correspondence, receipts, etc. In particular, if, at any time, you complained in writing about the handling of your account to any person or entity or regulatory authority, and the complaint relates to the cash and/or securities that you are now seeking, please provide with your claim copies of the complaint and all related correspondence, as well as copies of any replies that you received.

**Items 3 through 9** must each be marked and details supplied where appropriate.

A claim form must be filed for each account.

## When To File

There are two deadlines for filing customer claims.  One is set by the bankruptcy court for customer claims and one is set by the law for all claims.

The bankruptcy court has set _____(date)_____ as the final day for filing customer claims.  If your claim is received by the Trustee after ____(date)____ but on or before ____[Date-six months after publication date]____, your claim is subject to delayed processing and to being satisfied on terms less favorable to you.

**The law governing this proceeding absolutely bars the allowance of any claim, including a customer claim, not actually received by the trustee on or before ___[Date-six months after publication date]___.  Neither the Trustee nor SIPC has authority to grant extensions of time for filing of claims, regardless of the reason.  If your claim is received even one day late, it will be disallowed.**

Please file well in advance so that there will be time to re-file if, for instance, your claim is lost in the mail.

## Where To File

The completed and signed claim form, together with supporting documents should be mailed **promptly** in the enclosed envelope to:

Irving H. Picard, Esq.,
Trustee for Bernard L. Madoff Investment Securities LLC
Claims Processing Center
2100 McKinney Ave., Suite 800
Dallas, TX 75201

### \*\*\*   PLEASE SEND YOUR CLAIM FORM BY CERTIFIED MAIL -   \*\*\*  RETURN RECEIPT REQUESTED

Your claim is not filed until received by the Trustee.  If the Trustee does not receive your claim, although timely mailed, you could lose all your rights against the Broker.  Your return receipt will be the only document you will receive that shows your claim has been received by the Trustee.

**THIS INSTRUCTION SHEET IS FOR YOUR FILE - DO NOT RETURN**

**YOU SHOULD RETAIN A COPY OF THE COMPLETED CLAIM FORM FOR YOUR RECORDS.**

**EXHIBIT D**

## BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

### December 11, 2008

TO BROKERS AND DEALERS HAVING OPEN SECURITIES POSITIONS OR MONEY BALANCES AS OF DECEMBER 11, 2008, WITH **BERNARD L. MADOFF INVESTMENT SECURITIES LLC:**

      The United States District Court for the Southern District of New York entered an order on December 15, 2008 finding that customers of Bernard L. Madoff Investment Securities LLC (the "Debtor") were in need of the protection afforded by the Securities Investor Protection Act of 1970, as amended ("SIPA"). The District Court immediately appointed a trustee to liquidate the business of the Debtor. A Receiver had previously been appointed by the Court on December 12, 2008 in response to a complaint filed by the Securities and Exchange Commission on December 11, 2008. To recover upon any claim you may have against the Debtor, you must carefully follow the instructions contained in this package.

      Enclosed are the following documents concerning the liquidation of the Debtor:

1.     A Notice; and
2.     The Series 300 Rules adopted under SIPA regarding the close-out or completion of open contractual commitments.

      You are urged to read the enclosed documents carefully. They explain what steps, if any, you must take to protect any rights and claims you may have in this liquidation proceeding. If you have a claim, immediately contact the Trustee at Irving H. Picard, Esq., Trustee for Bernard L. Madoff Investment Securities LLC, Claims Processing Center, 2100 McKinney Ave., Suite 800, Dallas, TX 75201 for the claim forms or consult Fed. Sec. L. Rep. (CCH) ¶¶27,150W and 34,185-187.

      **Claimants are advised to mail their completed claim forms to the Trustee by certified mail, return receipt requested.** Please make a copy of the completed broker claim forms and retain them for your own records.

      Your broker claim forms will not be deemed to be filed until <u>received</u> by the Trustee. **THE BROKER CLAIM FORMS MUST BE RECEIVED BY THE TRUSTEE PROMPTLY UPON THE EXPIRATION OF 30 CALENDAR DAYS AFTER DECEMBER 11, 2008, AS PROVIDED BY 17 C.F.R. 300.303, ON OR BEFORE <u>JANUARY 12, 2009</u>.**

While your claim is being processed, you may be requested to file with the Trustee additional information or documents to support the validity of your claim.

It is your responsibility to report accurately all securities positions and money balances in connection with your account with the Debtor. A false claim or the retention of property to which you are not entitled may make you liable for damages and criminal penalties.

Your cooperation in promptly requesting and returning the completed broker claim forms to the Trustee is in your best interest as it will help speed the administration of the liquidation proceeding.

Dated: (Date of Publication)
      New York, NY

                           Very truly yours,

                           Irving H. Picard, Esq.
                           Trustee for the Liquidation of the Business of
                           Bernard L. Madoff Investment Securities LLC

# EXHIBIT D

<u>**EXHIBIT D**</u>

**BERNARD L. MADOFF INVESTMENT SECURITIES LLC**

In Liquidation

**December 11, 2008**


TO BROKERS AND DEALERS HAVING OPEN SECURITIES POSITIONS OR MONEY BALANCES AS OF DECEMBER 11, 2008, WITH **BERNARD L. MADOFF INVESTMENT SECURITIES LLC:**


The United States District Court for the Southern District of New York entered an order on December 15, 2008 finding that customers of Bernard L. Madoff Investment Securities LLC (the "Debtor") were in need of the protection afforded by the Securities Investor Protection Act of 1970, as amended ("SIPA"). The District Court immediately appointed a trustee to liquidate the business of the Debtor. A Receiver had previously been appointed by the Court on December 12, 2008 in response to a complaint filed by the Securities and Exchange Commission on December 11, 2008. To recover upon any claim you may have against the Debtor, you must carefully follow the instructions contained in this package.

Enclosed are the following documents concerning the liquidation of the Debtor:

1. A Notice; and
2. The Series 300 Rules adopted under SIPA regarding the close-out or completion of open contractual commitments.

You are urged to read the enclosed documents carefully. They explain what steps, if any, you must take to protect any rights and claims you may have in this liquidation proceeding. If you have a claim, immediately contact the Trustee at Irving H. Picard, Esq., Trustee for Bernard L. Madoff Investment Securities LLC, Claims Processing Center, 2100 McKinney Ave., Suite 800, Dallas, TX 75201 for the claim forms or consult Fed. Sec. L. Rep. (CCH) ¶¶27,150W and 34,185-187.

**Claimants are advised to mail their completed claim forms to the Trustee by certified mail, return receipt requested.** Please make a copy of the completed broker claim forms and retain them for your own records.

Your broker claim forms will not be deemed to be filed until <u>received</u> by the Trustee. **THE BROKER CLAIM FORMS MUST BE RECEIVED BY THE TRUSTEE PROMPTLY UPON THE EXPIRATION OF 30 CALENDAR DAYS AFTER DECEMBER 11, 2008, AS PROVIDED BY 17 C.F.R. 300.303, ON OR BEFORE <u>JANUARY 12, 2009</u>.**

While your claim is being processed, you may be requested to file with the Trustee additional information or documents to support the validity of your claim.

It is your responsibility to report accurately all securities positions and money balances in connection with your account with the Debtor.  A false claim or the retention of property to which you are not entitled may make you liable for damages and criminal penalties.

Your cooperation in promptly requesting and returning the completed broker claim forms to the Trustee is in your best interest as it will help speed the administration of the liquidation proceeding.

Dated: (Date of Publication)
     New York, NY

              Very truly yours,

              Irving H. Picard, Esq.
              Trustee for the Liquidation of the Business of
              Bernard L. Madoff Investment Securities LLC

# EXHIBIT E

<u>**EXHIBIT E**</u>

## BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

### DECEMBER 11, 2008

TO ALL CREDITORS OF **BERNARD L. MADOFF INVESTMENT SECURITIES LLC**:

Enclosed is a notice concerning the liquidation of the business of **BERNARD L. MADOFF INVESTMENT SECURITIES LLC**. This notice informs you of the steps necessary to protect your interests in the proceeding. Please read the entire notice carefully.

The Notice also informs all creditors of the Debtor other than customers or broker-dealers that they must file formal proofs of claim with the Trustee within six (6) months of the date of the Notice.

Enclosed with this letter is a formal proof of claim form. If you believe that you have a bona fide creditor claim against the Debtor, you must complete this form and return it by mail to the Trustee at the following address:

Irving H. Picard, Esq.,<br>
Trustee for Bernard L. Madoff Investment Securities LLC<br>
Claims Processing Center<br>
2100 McKinney Ave., Suite 800<br>
Dallas, TX 75201.

Because claims are not deemed filed until received by the Trustee at the above address, it is strongly recommended that you use certified mail, return receipt requested. **No claim will be allowed unless filed with the Trustee by** _____(date)_____.

You should attach to the completed claim form copies of all documentation supporting your claim. Please make a copy of the completed claim form and any attached documentation for your own records.

Your cooperation in this matter is greatly appreciated.

DATED: (Date of Publication)
       New York, NY

Very truly yours,


Irving H. Picard, Esq.<br>
Trustee for the Liquidation of the Business of<br>
Bernard L. Madoff Investment Securities LLC

# EXHIBIT F

**EXHIBIT F**

## PROOF OF CLAIM

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

IN RE                                    )    Adv. Proc. No. 08-01789-JMP
                                         )
                                         )
BERNARD L. MADOFF
INVESTMENT SECURITIES LLC,               )    Amount of Claim $
                                         )
                                         )    Claimed As:   [ ] General Unsecured
                    Debtor.              )                  [ ] Priority (see Paragraph 10)
                                         )                  [ ] Secured (see Paragraph 9)
                                         )
                                         )

---

1.  Name of Creditor
    (Print or Type):         _____

    Mailing Address:         _____

                    City _____ State _____ Zip Code: _____

---

2.  The debtor was, at the time of the filing of the petition initiating this case, and still is indebted (or liable) to this claimant in the sum of $_____.

---

3.    The consideration for this debt (or ground of liability) is as follows:

---

4.  (If the claim is founded on writing.)  The writing on which this claim is founded (or a duplicate thereof) is attached hereto (or cannot be attached for the reason set forth in the following statement).

---

5.   (If appropriate,)  This claim is founded on an open account, which became (or will become) due on _____, as shown by the itemized statement attached hereto.  Unless it is attached hereto or its absence is explained in an attached statement, no note or other negotiable instrument has been received for the account or any part of it.

PROOF OF CLAIM           )         CLAIM NUMBER
                         )

_____

6.     No judgment has been rendered on the claim except:

_____

7.     The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

_____

8.     This claim is not subject to any set-off or counterclaim except:

_____

9.     No security interest is held for this claim except:

       **(If security interest in property of the debtor is claimed)**  The undersigned claims the security interest under the writing referred to in paragraph 4 hereof.  Evidence of perfection of such security interest is also attached hereto.

_____

10.    This claim is an unsecured claim, except to the extent that the security interest, if any, described in paragraph 9 is sufficient to satisfy the claim.  **It is not entitled to priority unless the reason for priority and the amount claimed as priority is set forth below.**

_____

11.    If claimant has obtained this claim by assignment, a copy or explanation of said assignment is attached hereto.


Name of Creditor (PRINT OR TYPE) _____

Signature: _____

Title (Corporate Officer, Partner, or Agent): _____

_____

**IT IS A VIOLATION OF FEDERAL LAW TO FILE A FRAUDULENT CLAIM. CONVICTION CAN RESULT IN A FINE OF NOT MORE THAN $50,000 OR IMPRISONMENT FOR NOT MORE THAN 5 YEARS OR BOTH.**

_____

# EXHIBIT G

**EXHIBIT G**

## BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

### DECEMBER 11, 2008

### NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM

(Date)

(Name of Claimant) _____

(Address)_____

Dear Claimant:

### PLEASE READ THIS NOTICE CAREFULLY.

The liquidation of the business of BERNARD L. MADOFF INVESTMENT SECURITIES LLC is being conducted by Irving H. Picard, Esq., Trustee, pursuant to an order entered on December 15, 2008 by the United States District Court for the Southern District of New York.

The Trustee has made the following determination regarding your claim designated as Claim Number _____:

**PLEASE TAKE NOTICE:** If you disagree with this determination and desire a hearing before Bankruptcy Judge James M. Peck, you **MUST** file your written opposition, setting forth the grounds for your disagreement and attaching copies of any documents in support of your position, with the United States Bankruptcy Court **and** the Trustee within THIRTY DAYS after _____, the date on which the Trustee mailed this notice.

**PLEASE TAKE FURTHER NOTICE:** If you do not properly and timely file a written opposition, the Trustee's determination with respect to your claim will be deemed confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** If you properly and timely file a written opposition, a

hearing date for this controversy will be obtained by the Trustee and you will be notified of that hearing date. Your failure to appear personally or through counsel at such hearing will result in the Trustee's determination with respect to your claim being confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** You must mail your opposition, if any, in accordance with the above procedure, to each of the following addresses:

Clerk of the United States Bankruptcy Court for
the Southern District of New York
One Bowling Green
New York, New York 10004

and

Irving H. Picard, Esq.
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10011

_____ (Signature of Trustee) _____
Irving H. Picard, Esq.

Trustee for the Liquidation of the Business of
Bernard L. Madoff Investment Securities LLC

# EXHIBIT H

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adversary Proceeding |
| Plaintiff-Applicant | No. 08-01789-JMP |
| v. | |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC | |
| Defendant. | |

## [PROPOSED] ORDER ON APPLICATION FOR AN ENTRY OF AN ORDER APPROVING FORM AND MANNER OF PUBLICATION AND MAILING OF NOTICES, SPECIFYING PROCEDURES FOR FILING, DETERMINATION, AND ADJUDICATION OF CLAIMS; AND PROVIDING OTHER RELIEF

An order having been entered on consent by the Honorable Louis L. Stanton, United States District Judge, on December 15. 2008 (the "Protective Order") (1) finding that the customers of Bernard L. Madoff Investment Securities LLC (the "Debtor") are in need of the protection afforded by the Securities Investor Protection Act, 15 U.S.C. §78aaa et seq. ("SIPA"), (2) appointing Irving H. Picard as Trustee (the "Trustee") and Baker & Hostetler LLP as counsel for the Trustee, and (3) removing the liquidation proceeding to this Court; and it appearing, as set forth in the Trustee's Application dated December 21, 2008 (the "Application"), that this Court is required by SIPA and the Bankruptcy Code to direct the giving of notice regarding, among other things, the commencement of this liquidation proceeding, the appointment of the Trustee and his counsel; the hearing on disinterestedness of the Trustee and

his counsel; the meeting of creditors; and the Trustee having recommended procedures for resolution of customer claims and distributions; and it appearing that notice of the Application has been given to the Securities Investor Protection Corporation ("SIPC") and that no other notice need be given; no adverse interest having been represented, and sufficient cause appearing therefor, it is:

ORDERED, that the Application is granted; and it is further

ORDERED, that the Notice, explanatory letters, claim forms, and instructions appearing as Exhibits A, B, C, D, E, F, G and H to the Application, or substantially in that form, be, and they hereby are, authorized and approved, and shall be mailed by the Trustee to all former customers, broker-dealers, and other creditors of the Debtor, in conformance with this Order and in substantially the form appearing in those Exhibits, on or before January 9, 2008; and it is further

ORDERED, that the Trustee shall have the authority, on the advice and consent of SIPC, to amend these forms without further order of this Court; and it is further

ORDERED, that under 15 U.S.C. §78fff-2(a)(1), the Trustee be, and he hereby is, authorized and directed to cause the notice annexed as Exhibit A to the Application (the "Notice") to be published once in *The New York Times*, all editions; *The Wall Street Journal*, all editions; *The Financial Times*, all editions; *USA Today*, all editions; *Jerusalem Post*, all editions; *Ye'diot Achronot*, all editions, on or before January 9, 2008; and it is further

ORDERED, that under 15 U.S.C. §78fff-2(a)(1), the Trustee be, and he hereby is, authorized and directed to mail (a) a copy of the Notice, explanatory information, and claim

form to each person who, from the books and records of the Debtor, appears to have been a

customer of the Debtor with an open account during the twelve (12) month period prior to

December 11, 2008, (b) a copy of the Notice, explanatory letter, and claim form to creditors other

than customers, and (c) a copy of the Notice, explanatory letter and Series 300 Rules to broker-

dealers, at the addresses of such customers, broker-dealers, and creditors as they appear on

available books and records of the Debtor, and finding that such mailing complies with the

Notice Provision; and it is further

ORDERED, that under 15 U.S.C. §78fff-2(a)(3), any claim of a customer for a net

equity which is received by the Trustee after the expiration of sixty (60) days from the date of

publication of the Notice need not be paid or satisfied in whole or in part out of customer

property, and, to the extent such claim is satisfied from monies advanced by SIPC, it shall be

satisfied in cash or securities (or both) as the Trustee may determine to be most economical to

the estate; and it is further

ORDERED, that, pursuant to 15 U.S.C. §78fff-2(a)(2), all claims against the

Debtor shall be filed with the Trustee; and it is further

ORDERED, that all claims against the Debtor shall be deemed properly filed only

when received by the Trustee at Irving H. Picard, Esq., Trustee for Bernard L. Madoff

Investment Securities LLC, Claims Processing Center, 2100 McKinney Ave., Suite 800, Dallas,

TX 75201; and it is further

ORDERED, that February 4, 2009, at 10:00 a.m., at Courtroom 601 of the United

States Bankruptcy Court, One Bowling Green, New York, New York, is fixed as the time and

place for a hearing on the disinterestedness of the Trustee and his counsel, as required by 15

- 3 -

U.S.C. §78eee(b)(6)(B); and it is further

ORDERED, that objections, if any, to the appointment and retention of the Trustee
or his counsel shall be in the form prescribed by the Federal Rules of Civil Procedure and shall
be filed with the Court, preferably electronically (with a courtesy hard copy for Chambers) and a
hard copy personally served upon Baker & Hostetler LLP, 45 Rockefeller Plaza, New York, NY
10111, Attention: David J. Sheehan, Esq. and Douglas E. Spelfogel, Esq., and the Securities
Investor Protection Corporation, 805 Fifteenth Street, N.W., Suite 800, Washington, D.C.
20005-2215, Attention: Kevin Bell, on or before 12:00 noon on January 30, 2009; and it is
further

ORDERED, that (a) the meeting of creditors required by Section 341(a) of the
Bankruptcy Code, 11 U.S.C. §341(a), shall be held on February 18, 2009, at 1:30 p.m., at the
United States Bankruptcy Court, Southern District of New York, One Bowling Green, New York,
New York 10004 and (b) the Trustee shall preside at such meeting of creditors for the purpose of
examining the Debtor and any of its officers, directors or stockholders and conducting such other
business as may properly come before such meeting; and it is further

ORDERED, that the Debtor, by any of its officers, directors, employees, agents or
attorneys, shall comply with SIPA and the pertinent sections of the Bankruptcy Code,
including, without limiting the generality of the foregoing, (a) by designating a person to appear
and submit to examination under oath at the meeting of creditors under Section 341(a) of the
Bankruptcy Code, and (b) by complying with the Debtor's duties under Section 521 of the
Bankruptcy Code, 11 U.S.C. §521, i.e., (i) by timely filing the schedules of assets and liabilities,
of executory contacts, of pending litigations and information about any other pertinent matters;

(ii) timely filing a list of creditors, a schedule of assets and liabilities and a statement of financial affairs, (iii) cooperating with the Trustee as necessary to enable the Trustee to perform his duties; and (iv) surrendering forthwith to the Trustee all property of the Debtor's estate and any and all recorded information, including, but not limited to, books, documents, records, papers and computer; and it is further

ORDERED, that the Trustee be, and he hereby is, authorized to satisfy, within the limits provided by SIPA, those portions of any and all customer claims and accounts which agree with the Debtor's books and records, or are otherwise established to the satisfaction of the Trustee pursuant to 15 U.S.C. §78fff-2(b), provided that the Trustee believes that no reason exists for not satisfying such claims and accounts; and it is further

ORDERED, that the Trustee be, and he hereby is, authorized to satisfy such customer claims and accounts (i) by delivering to a customer entitled thereto "customer name securities," as defined in 15 U.S.C. §78lll(3); (ii) by satisfying a customer's "net equity" claim, as defined in 15 U.S.C. §78lll(11), by distributing on a ratable basis securities of the same class or series of an issue on hand *as* "customer property," as defmed in 15 U.S.C. §78lll(4), and, if necessary, by distributing cash from such customer property or cash advanced by SIPC, or purchasing securities for customers as set forth in 15 U.S.C. §78fff-2(d) within the limits set forth in 15 U.S.C. §78fff-3(a); and/or (iii) by completing contractual commitments where required pursuant to 15 U.S.C. §78fff-2(e) and SIPC's Series 300 Rules, 17 C.F.R. §300.300 et seq., promulgated pursuant thereto; and it is further

ORDERED, that with respect to claims for "net equity," as defined in 15 U.S.C. § 78lll(11), the Trustee be, and he hereby is, authorized to satisfy claims out of funds made

available to the Trustee by SIPC notwithstanding the fact that there has not been any showing or determination that there are sufficient funds of the Debtor available to satisfy such claims; and it is further

ORDERED, that with respect to claims relating to, or net equities based upon, securities of a class and series of an issuer which are ascertainable from the books and records of the Debtor or are otherwise established to the satisfaction of the Trustee, the Trustee be, and he hereby is, authorized to deliver securities of such class and series if and to the extent available to satisfy such claims in whole or in part, with partial deliveries to be made pro rata to the greatest extent considered practicable by the Trustee; and it is further

ORDERED, that with respect to any customer claim in which there is disagreement between such claimant and the Trustee with regard to satisfaction of a claim, the Trustee be, and he hereby is, authorized to enter into a settlement with such claimant with the approval of SIPC, and without further order of the Court, provided that any obligations incurred by the Debtor estate under the settlement are ascertainable from the books and records of the Debtor or are otherwise established to the satisfaction of the Trustee; and it is further

ORDERED, that with respect to customer claims which disagree with the Debtor's books and records and which are not resolved by settlement, the following procedures shall apply to resolve such controverted claims:

A.     The Trustee shall notify such claimant by mail of his determination that the claim is disallowed, in whole or in part, and the reason therefor, in a written form substantially conforming to Exhibit G to the Application.

B.     If the claimant desires to oppose the determination, the claimant shall

be required to file with this Court, preferably electronically, and a hard copy with the Trustee a written statement setting forth in detail the basis for the opposition, together with copies of any documents in support of such opposition, within thirty (30) days of the date on which the Trustee mails his determination to the claimant. If the claimant fails to file an opposition as hereinabove required, the Trustee's determination shall be deemed approved by the Court and binding on the claimant.

C.      Following receipt by the Trustee of an opposition by a claimant, the Trustee shall obtain a date and time for a hearing before this Court on the controverted claim and shall notify the claimant in writing of the date, time, and place of such hearing.

D.      If a claimant or his counsel fails to appear at the hearing on the controverted claim, then the Trustee's determination may be deemed confirmed by this Court and binding on the claimant.

ORDERED, that the bar date for all claims is six (6) months from the date of publication of Notice and mailing that complies with the Notice Provisions ("Publication Date"), and the bar date for receiving the maximum possible protection for customer claims under SIPA is sixty (60) days from the Publication Date; and it is further

ORDERED, that under 15 U.S.C. §78fff-1(c) the Trustee shall file a progress report with this Court within six (6) months after publication of the Notice of Commencement, and shall file interim reports every six (6) months thereafter; and it is further

ORDERED, that the requirement of Local Bankruptcy Rule 9013-1(b) regarding

the filing of a separate memorandum of law is waived.

Dated: December ___, 2008
      New York, New York

                                         _____

                                         JAMES M. PECK
                                         UNITED STATES BANKRUPTCY JUDGE