# EXHIBIT 1

## SETTLEMENT AGREEMENT

This SETTLEMENT AGREEMENT (this "Settlement Agreement"), dated as of January ___, 2020, is made by and among:

IRVING H. PICARD (the "Trustee"), in his capacity as trustee under the Securities Investor Protection Act of 1970, 15 U.S.C. §§ 78aaa *et seq.*,[1] as amended ("SIPA"), for the liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") and the substantively consolidated Chapter 7 estate of Bernard L. Madoff ("Madoff");

and

STANLEY SHAPIRO, individually and in his capacities as general partner of S&R Investment Co., as trustee of the LAD Trust, as trustee for the David Shapiro 1989 Trust (the "David Shapiro Trust"), as amended, as trustee for the Leslie Shapiro Citron 1985 Trust (the "Leslie Shapiro Citron Trust"), as amended, and as executor of the Estate of Renee Shapiro;

ESTATE OF RENEE SHAPIRO;

S&R INVESTMENT CO. ("S&R");

DAVID SHAPIRO, individually and in his capacity as trustee of the Trust for the Benefit of ▮▮▮ W.P.S. ▮▮▮ and ▮▮▮ J. G.S. ▮▮▮ (the "David Shapiro Children's Trust");

LESLIE SHAPIRO CITRON, individually;

and

KENNETH CITRON, individually and in his capacity as trustee of the Trust for the Benefit of ▮▮▮ A.J.C. ▮▮▮ ▮▮▮ K.F.C. ▮▮▮ and ▮▮▮ L.C.C. ▮▮▮ (the "Citron Children's Trust")

(collectively, "Defendants," and with the Trustee, the "Parties" and each Defendant and the Trustee, a "Party").

## RECITALS

A.    BLMIS and its predecessors were registered broker-dealers and members of the Securities Investor Protection Corporation ("SIPC").

B.    On December 11, 2008 (the "Filing Date"), the United States Securities and Exchange Commission (the "SEC") filed a complaint in the United States District Court for the Southern District of New York (the "District Court") against BLMIS and Madoff.

---

[1] Citations to sections of SIPA shall hereinafter omit reference to title 15.

C.  On December 15, 2008, pursuant to section 78eee(a)(4)(A) of SIPA, the SEC consented to a combination of its own action with an application by SIPC. Thereafter, SIPC filed an application in the District Court under section 78eee(a)(3) of SIPA alleging, *inter alia*, that BLMIS was not able to meet its obligations to securities customers as they came due and, accordingly, its customers needed the protections afforded by SIPA. On December 15, 2008, the District Court granted SIPC's application and entered an order, which, in pertinent part, appointed the Trustee under section 78eee(b)(3) of SIPA, and removed the case to the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") under section 78eee(b)(4) of SIPA, where it is currently pending (No. 08-01789 (SMB)) (the "SIPA Proceeding"). The Trustee is duly qualified to serve and act on behalf of the substantively consolidated estate of BLMIS and Madoff (the "Estate").

D.  On December 11, 2008, Madoff was arrested by federal agents for violating criminal securities laws including securities fraud, investment adviser fraud, and mail and wire fraud. At a plea hearing on March 12, 2009, in the case captioned *United States v. Madoff*, No. 09-CR-213(DC), Madoff pleaded guilty to an 11-count criminal information filed against him by the United States Attorney's Office for the Southern District of New York, and admitted that he "operated a Ponzi scheme through the investment advisory side of [BLMIS]" and engaged in fraud in the operation of BLMIS.

E.  Stanley Shapiro was married to Renee Shapiro, who died in September 2017. Stanley Shapiro is the executor of his late wife's estate. Stanley Shapiro and Renee Shapiro (together, the "Shapiros") formed S&R, a partnership of which Stanley Shapiro is the general partner. Leslie Shapiro Citron and David Shapiro are children of the Shapiros. Kenneth Citron and Leslie Shapiro Citron (the "Citrons") are married and have three children, Anna Jane Citron, Kate Faye Citron, and Lily Claire Citron. David Shapiro has two children, William P. Shapiro and James G. Shapiro.

F.  Stanley Shapiro formed the LAD Trust of which his children were the primary beneficiaries. Throughout its existence, the Shapiros were trustees of the LAD Trust, which was dissolved in or about 1985.

G.  The Leslie Shapiro Trust was formed in June 1985. Throughout its existence, the Shapiros were trustees of the Leslie Shapiro Trust and Leslie Shapiro Citron was its primary beneficiary. The Leslie Shapiro Trust terminated in April 2006.

H.  The David Shapiro Trust was formed in August 1989. Throughout its existence, the Shapiros were trustees of the David Shapiro Trust and David Shapiro was its primary beneficiary.

I.  The Citron Children's Trust was formed in in September 2007. Kenneth Citron is the trustee of the Citron Children's Trust, and Anna Jane Citron, Kate Faye Citron, and Lily Claire Citron are its primary beneficiaries.

J.  The David Shapiro Children's Trust was formed in September 2007. David Shapiro is a trustee of the David Shapiro Children's Trust, and William P. Shapiro and James G. Shapiro are its primary beneficiaries.

K.      In or about 1995, BLMIS hired Stanley Shapiro to serve as a consultant in its proprietary trading business.  During the course of his employment with BLMIS, Stanley Shapiro received a salary and certain other compensation, benefits, and perquisites including, but not limited to, health care coverage for himself and his late wife, company-issued cell phones, and travel on BLMIS-chartered private planes (collectively, "BLMIS Salary, Benefits & Perquisites").

L.      Defendants were customers of BLMIS's investment advisory business.  Over the years, Defendants held numerous investment advisory accounts (each, an "Account," and collectively, the "Accounts"), including, but not limited to, the following: Accounts 1SH014, 1SH079, 1SH172, 1SH028, 1SH030, 1C1251, 1SH171, 1C1345 1S0306, and 1S0540.

M.      From the opening of the Accounts to the Filing Date, BLMIS transferred a total of $53,778,486 collectively from the Accounts to Defendants (the "Transfers").

N.      In the six years prior to the Filing Date, BLMIS transferred a total of $41,066,486 collectively from the Accounts to Defendants (the "Six-Year Transfers").

O.      In the two years prior to the Filing Date, BLMIS transferred a total of $9,482,424 collectively from the Accounts to Defendants (the "Two-Year Transfers").

P.      The Trustee and the Defendants dispute whether and to what extent certain of the transfers made by BLMIS from the Accounts were received by Defendants constituted initial transfers or subsequent transfers ("Subsequent Transfers") of initial transfers.

Q.      Defendants filed the following customer claims in the SIPA Proceeding (each a "Customer Claim" and, collectively, the "Customer Claims"), claiming monies and securities as reported in the Accounts' customer statements issued by BLMIS for the month ending November 30, 2008 (the "Last Statement Amounts"): (i) the Citrons filed a customer claim for Account 1C1251, designated as Claim No. 013658; (ii) Kenneth Citron and another, as trustees of the Citron Children's Trust, filed a customer claim for Account 1C1345, designated as Claim No. 005116; (iii) David Shapiro filed a customer claim for Account 1S0306, designated as Claim No. 012386; (iv) David Shapiro and another, as trustees of the David Shapiro Children's Trust, filed a customer claim for Account 1S0540, designated as Claim No. 005656; (v) the Shapiros, as general partners of S&R, filed a customer claim for Account 1SH014, designated as Claim No. 012228; (vi) David Shapiro filed a customer claim for Account 1SH028, designated as Claim No. 012387; (vii) Leslie Shapiro Citron filed a customer claim for Account 1SH030, designated as Claim No. 015645; (viii) Leslie Shapiro Citron filed a customer claim for Account 1SH171, designated as Claim No. 015644; and (ix) the Shapiros, as general partners of S&R, filed a customer claim for Account 1SH172, designated as Claim No. 012227.

R.      The Trustee advised Defendants, through separate Notices of Determination (the "Determination Notices"), that he had, with the exception of Claim Nos. 005116 and 005656, denied each of the Customer Claims.  Specifically, the Trustee issued a Determination Notice for Claim No. 13658 on May 25, 2010, Determination Notices for Claim Nos. 012227, 012386, 012387, 015644, and 015644 on June 16, 2010, a Determination Notice for Claim No. 012228 on October 7, 2010, and a Revised Notice of Determination for Claim No. 012228 on November 10,

2010. In each of the respective Determination Notices, the Trustee rejected Defendants'
contention that they were entitled to allowance of the Customer Claims based upon the Last
Statement Amounts, and denied each Customer Claim based on his determination that the subject
Account had negative "net equity."

S.       The Citrons objected to the Determination Notice relating to Claim No. 013658
for Account 1C1251, later withdrew their objection, and then filed an amended objection to the
Determination Notice relating to Claim No. 013658. Other than these objections, Defendants did
not object to any other Determination Notice.

T.       On March 1, 2010, The Honorable Burton R. Lifland, United States Bankruptcy
Judge, issued an opinion affirming the Trustee's "net equity" calculation of customer claims as
the difference between investment into BLMIS and amounts withdrawn (the "Net Investment
Method"). On August 16, 2011, the United States Court of Appeals for the Second Circuit
upheld the Trustee's use of the Net Investment Method, and on June 25, 2012, the United States
Supreme Court denied petitions for certiorari.

U.       On December 9, 2010, the Trustee commenced an adversary proceeding against
Defendants and certain others, captioned *Picard v. Shapiro, et al.*, Adv. Pro. No. 10-05383
(SMB) (the "Shapiro Proceeding"). On July 8, 2014, the Trustee filed his Second Amended
Complaint in the Shapiro Proceeding (the "Complaint"), asserting claims against Defendants and
certain others to avoid and recover the Two-Year Transfers, the Six-Year Transfers, and the
Transfers under 11 U.S.C. §§ 544, 547, 548, 550 and 551, the New York Uniform Fraudulent
Conveyance Act (New York Debtor and Creditor Law §§ 273–279), the New York Civil
Procedure Law, and section 78fff-2(c)(3) of SIPA. The Trustee's claims described in this recital
are collectively referred to as the "Avoidance Claims."

V.       On August 28, 2014, Defendants moved to dismiss the Complaint. By Order
dated February 8, 2016, the Bankruptcy Court granted in part and denied in part the motion to
dismiss.

W.       On March 16, 2016, Defendants filed an Answer disputing liability to the Estate
under all remaining counts of the Complaint and asserting certain defenses.

X.       On March 31, 2016, the Bankruptcy Court entered a Case Management Plan, and
the Parties thereafter engaged in document and deposition discovery on the Trustee's claims and
Defendants' defenses.

Y.       Following the conclusion of discovery, the Parties engaged in mediation before
the Honorable Faith Hochberg, United States District Judge (ret.), to resolve the Avoidance
Claims and all of their other disputes and to avoid the expense, delay, and uncertainty of
continued litigation. On July 26, 2019, Judge Hochberg made a final mediator's settlement
recommendation, which the Parties accepted, to settle and resolve all of the disputes, claims,
actions, defenses or liabilities, whether or not asserted, between them, which is now subject to
the terms and conditions specified below.

NOW, THEREFORE, in consideration for the covenants and agreements set forth in this
Settlement Agreement (including, without limitation, the releases respectively set forth in

Section 6 and Section 7) and for other good and valuable consideration, the receipt and
sufficiency of which are hereby acknowledged for purposes of this settlement, the Parties agree:

## AGREEMENT

1.    Recitals.  The foregoing Recitals are hereby incorporated into, and are a
material part of, this Settlement Agreement.

2.    Settlement Payment.  Defendants shall pay to the Trustee the aggregate amount
of Eleven Million Four Hundred and Eighty Thousand United States Dollars ($11,480,000.00)
(the "Settlement Payment").  The Settlement Payment as well as any Settlement Payment
Interest (as defined below) shall be paid as follows:

> (a)    The Citrons shall, within ten (10) business days of the date on which the
> Bankruptcy Court issues an order approving this Settlement Agreement
> (the "Effective Date"), pay to the Trustee the sum of Eight Hundred
> Twenty-Eight Thousand Three Hundred and Four United States Dollars
> ($828,304.00) (the "Citron Settlement Payment") by wire transfer of
> immediately available funds to the account specified on Schedule 1
> attached hereto ("Wire Transfer").

> (b)    Stanley Shapiro shall, within eighteen (18) months of the Effective Date,
> pay in installments to the Trustee the total sum of Ten Million Six
> Hundred and Fifty-One Thousand Six Hundred and Ninety-Six United
> States Dollars ($10,651,696.00) (the "Shapiro Settlement Payment").  The
> timing, manner, and security provided for the Shapiro Settlement Payment
> shall be governed by a certain separate Supplemental Agreement to
> Settlement Agreement entered into by and between the Trustee and
> Stanley Shapiro simultaneously with the execution of this Settlement
> Agreement.

> (c)    Interest shall begin to accrue at the rate of three percent (3%) per annum
> on any unpaid amount of the Shapiro Settlement Payment that the Trustee
> has not received within twelve (12) months following the Effective Date
> (the "Settlement Payment Interest").  Stanley Shapiro shall pay any
> Settlement Payment Interest to the Trustee by Wire Transfer at the time
> that the final installment of the Shapiro Settlement Payment is required to
> be made to the Trustee.

3.    Allowance and Assignment of Customer Claims.  The Parties agree to the
following Customer Claim determinations:

> (a)    On the Effective Date, the Customer Claim for Claim No. 005116 relating
> to Account 1C1345 shall be allowed in the amount of Five Hundred and
> Sixty-Two Thousand United States Dollars ($562,000.00) (the "Allowed
> 1C1345 Claim").  The Trustee shall issue a letter of determination with
> respect to the Allowed 1C1345 Claim in the form attached hereto as

Exhibit 1, which shall be effective on the Effective Date.  Kenneth Citron, as trustee of the Citron Children's Trust, hereby waives the thirty-day objection period for the determination of the Allowed 1C1345 Claim.  The Trustee's determination of the Allowed 1C1345 Claim shall be final and not subject to dispute.  The Allowed 1C1345 Claim shall be partially satisfied by funds advanced by SIPC under section 78fff-3(a)(1) of SIPA.  As further consideration in this Settlement Agreement, Kenneth Citron, as trustee of the Citron Children's Trust, hereby conveys, assigns, endorses, and transfers to the Trustee the Allowed 1C1345 Claim, the SIPC advance relating to the Allowed 1C1345 Claim, and any and all other payments in satisfaction of the Allowed 1C1345 Claim.

(b)      On the Effective Date, the Customer Claim for Claim No. 005656 relating to Account 1S0540 shall have an allowed customer claim in the amount of One Hundred and Fifty-Two Thousand Four Hundred and Twenty-One United States Dollars and Sixty-Six Cents ($152,421.66) (the "Allowed 1S0540 Claim").  The Trustee shall issue a letter of determination with respect to the Allowed 1S0540 Claim in the form attached hereto as Exhibit 2, which shall be effective on the Effective Date.  David Shapiro, as trustee of the David Shapiro Children's Trust, hereby waives the thirty-day objection period for the determination of the Allowed 1S0540 Claim.  The Trustee's determination of the Allowed 1S0540 Claim shall be final and not subject to dispute.  The Allowed 1S0540 Claim shall be satisfied by funds advanced by SIPC under section 78fff-3(a)(1) of SIPA (the "SIPA Advance for 1S0540").  As further consideration in this Settlement Agreement, David Shapiro, as trustee of the David Shapiro Children's Trust, hereby conveys, assigns, endorses, and transfers to the Trustee the Allowed 1S0540 Claim, the SIPC Advance relating to the Allowed, 1S0540 Claim, and any and all other payments in satisfaction of the Allowed 1S0540 Claim.

(c)      The Citrons shall withdraw their objection for the Determination Notice for Claim No. 013658 for Account 1C1251 by executing concurrently herewith, and delivering to the Trustee for filing, the Notice of Withdrawal of Objection with prejudice, in the form attached hereto as Exhibit 3.

(d)      The Determination Notices for Claim No. 013658 for Account 1C1251, Claim No. 012386 for Account 1S0306, Claim No. 012228 for Account 1SH014, Claim No. 012387 for Account 1SH028, Claim No. 015645 for Account 1SH030, Claim No. 015645 for Account 1SH171, and Claim No. 012227 for Account 1SH172 shall continue in full force and effect, and shall be deemed final and not subject to dispute.

4.      Bankruptcy Court Approval; Termination.  This Settlement Agreement is subject to Bankruptcy Court approval by order (the "Bankruptcy Approval Order"), which no Party shall appeal or seek to be otherwise reviewed or reheard.  The form of the Bankruptcy

Approval Order shall be subject to Defendants' prior approval, which shall not be
unreasonably withheld, delayed, or conditioned.  The Trustee shall use his best efforts to obtain
the approval of the Bankruptcy Court of this Settlement Agreement as promptly as practicable
on or after the date of this Settlement Agreement.

5.     <u>Discontinuance of Actions</u>.  Within ten (10) business days after the Effective
Date, the Parties shall file a stipulation to be so-ordered by the Bankruptcy Court that
discontinues the Shapiro Proceeding without prejudice on terms that there be no orders for
costs against any of the Parties.

6.     <u>Release by Trustee</u>.  In consideration for the terms herein, except with respect to
any rights and obligations arising under this Settlement Agreement, on the Effective Date, the
Trustee, on behalf of BLMIS and its consolidated estates, hereby releases, acquits, and forever
discharges each Defendant, including each of his or her successors and/or assigns, his or her
professionals and agents, from any and all past, present or future actions, causes of action,
suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants,
contracts, controversies, damages, judgments, and claims whatsoever, asserted or unasserted,
known or unknown, arising out of, or in any way related to Madoff or BLMIS, including,
without limitation, the claims against each Defendant in the Complaint, except for any and all
claims to enforce any obligation of any Defendant under this Settlement Agreement or for any
and all damages for any misrepresentation made in this Agreement.

7.     <u>Releases by Defendants</u>.  In consideration for the terms herein, except with
respect to any rights and obligations arising under this Settlement Agreement, on the Effective
Date, each Defendant hereby releases, acquits, and forever discharges SIPC, the Trustee and
his professionals, agents and consultants, Madoff, BLMIS, and the Estate from any and all
past, present or future actions, causes of action, suits, debts, dues, sums of money, accounts,
reckonings, bonds, bills, specialties, covenants, contracts, controversies, damages, judgments,
and claims whatsoever, asserted or unasserted, known or unknown, arising out of or in any way
related to Madoff or BLMIS, except for any and all claims to enforce any obligation of the
Trustee under this Settlement Agreement.

8.     <u>Authority and Representations of the Trustee</u>.  The Trustee represents to
Defendants, as of the date hereof, and subject to the approval of the Bankruptcy Court, as set
forth in Section 4 above, that he has the full power, authority, and legal right to execute and
deliver, and to perform his obligations under this Settlement Agreement, and has taken all
necessary action to authorize the execution and delivery of, and the performance of his
obligations under, this Settlement Agreement.

9.     <u>Authority of Defendants Individually</u>.  Each Defendant individually represents
and warrants to the Trustee that: (i) he or she has the full power, authority, legal right, and
capacity to execute and deliver this Agreement and to perform his or her obligations hereunder;
(ii) this Agreement has been duly executed and delivered by him or her, and constitutes a valid
and binding agreement, enforceable against him or her in accordance with its terms; (iii) in
executing this Agreement, he or she has done so with the full knowledge of any and all rights
that he or she may have with respect to the controversies herein compromised, and he or she
has received or has obtained independent legal advice from his or her attorneys with regard to

the facts relating to said controversies and with respect to the rights arising out of said facts; and (iv) no other person or entity, other than those specifically identified herein, has any interest in the matters that he or she releases herein, and he or she has not assigned or transferred or purported to assign or transfer to any such third person or party all or any portion of the matters that he or she releases herein.

10.    Authority on Behalf of S&R.  Stanley Shapiro, in his capacity as the general partner of S&R, hereby represents and warrants to the Trustee that: (i) he has the full power, authority, legal right and capacity, on behalf of S&R, to execute and deliver this Agreement and to perform his obligations hereunder; (ii) the execution and delivery of this Agreement and the performance of his obligations hereunder have been duly and validly authorized by all necessary action on the part of S&R; (iii) this Agreement has been duly executed and delivered by him, and constitutes a valid and binding agreement, enforceable against S&R in accordance with its terms; (iv) in executing this Agreement, he has done so with the full knowledge of any and all rights that S&R may have with respect to the controversies herein compromised, and he has received or has had the opportunity to obtain independent legal advice from his attorneys with regard to the facts relating to said controversies and with respect to the rights arising out of said facts; and (v) no other person or entity, other than those specifically identified herein, has any interest in the matters that he releases herein on behalf of S&R, and he has not assigned or transferred or purported to assign or transfer to any such third person or party all or any portion of the matters that he releases herein on behalf of S&R.

11.    Authority on Behalf of Estate of Renee Shapiro.  Stanley Shapiro, in his capacity as the executor of the Estate of Renee Shapiro, hereby represents and warrants to the Trustee that: (i) he has the full power, authority, legal right and capacity, on behalf of the Estate of Renee Shapiro, to execute and deliver this Agreement and to perform his obligations hereunder; (ii) the execution and delivery of this Agreement and the performance of his obligations hereunder have been duly and validly authorized by all necessary action on the part of the Estate of Renee Shapiro; (iii) this Agreement has been duly executed and delivered by him, and constitutes a valid and binding agreement, enforceable against the Estate of Renee Shapiro in accordance with its terms; (iv) in executing this Agreement, he has done so with the full knowledge of any and all rights that the Estate of Renee Shapiro may have with respect to the controversies herein compromised, and he has received or has had the opportunity to obtain independent legal advice from his attorneys with regard to the facts relating to said controversies and with respect to the rights arising out of said facts; and (v) no other person or entity, other than those specifically identified herein, has any interest in the matters that he releases herein on behalf of the Estate of Renee Shapiro, and he has not assigned or transferred or purported to assign or transfer to any such third person or party all or any portion of the matters that he releases herein on behalf of the Estate of Renee Shapiro.

12.    Authority on Behalf of Trusts.  Stanley Shapiro, in his capacity as trustee of the LAD Trust, the David Shapiro Trust, and the Leslie Shapiro Citron Trust, David Shapiro, as trustee of the David Shapiro Children's Trust, and Kenneth Citron, as trustee of the Citron Children's Trust, hereby each represent and warrant that: (i) he has the full power, authority, legal right and capacity, on behalf of each of the foregoing trusts (the "Trusts") of which he is the trustee, to execute and deliver this Agreement and to perform his obligations hereunder; (ii) the execution and delivery of this Agreement and the performance of his respective obligations

8

hereunder have been duly and validly authorized by all necessary action on the part of each
Trust, including but not limited to, obtaining any and all required consents from all those
having a beneficial interest in each Trust; (iii) this Agreement has been duly executed and
delivered by him, and constitutes a valid and binding agreement, enforceable against each
Trust with the terms of each Trust; (iv) in executing this Agreement, he has done so with the
full knowledge of any and all rights that each Trust may have with respect to the controversies
herein compromised, and he has received or has had the opportunity to obtain independent
legal advice from his attorneys with regard to the facts relating to said controversies and with
respect to the rights arising out of said facts; and (v) no other person or entity, other than those
specifically identified herein, has any interest in the matters that he releases herein on behalf of
each Trust, and he has not assigned or transferred or purported to assign or transfer to any such
third person or party all or any portion of the matters that he releases herein on behalf of each
Trust.

14.    Defendants' Further Representations.  To induce the Trustee to enter into this
Settlement Agreement, each Defendant represents and warrants, to the best of his or her
knowledge, information, and belief, that: (1) other than the Transfers as referenced on Exhibit
B of the Complaint, any Subsequent Transfers and, additionally as to Stanley Shapiro, the
BLMIS Salary, Benefits & Perquisites, he or she has not received any other money, funds,
loans, transfers, assets, financial assistance or financial accommodation from Madoff, BLMIS
or any other company or entity owned or controlled by Madoff or BLMIS; (2) he or she is not
an immediate, mediate or subsequent transferee of any other transfers, funds or property
originating from Madoff or BLMIS to an initial transferee; and (3) other than the claims
asserted in the Complaint, he or she is not aware of any other potential claims against him or
her by Madoff, BLMIS or any other company or entity owned or controlled by Madoff or
BLMIS.  To induce the Trustee to enter into this Settlement Agreement, Stanley Shapiro
hereby represents and warrants that he fully disclosed, through counsel during the mediation
before the Honorable Faith S. Hochberg (ret.), all of his current assets and liabilities.

14.    Parties' Further Assurances.  The Parties shall execute and deliver any
document or instrument reasonably requested by any of them after the date of this Settlement
Agreement to give effect to its intent.

15.    Exclusive Jurisdiction.  The Parties agree that any dispute between the Parties
arising from, relating to, or in connection with this Settlement Agreement, may be brought only
in the Bankruptcy Court, which may then enter final award and/or judgment relating to any
such dispute.  Prior to seeking any relief from the Bankruptcy Court, the petitioning Party must
first provide the other Parties with written notice of the alleged breach of this Settlement
Agreement and provide the alleged breaching Party thirty (30) days in which to cure the
alleged breach.  Each Party further agrees to waive any and all defenses to the enforceability of
an award or judgment entered by the Bankruptcy Court under this Section in any action
brought by any Party to enforce such an award or judgment.

16.    Breach of this Settlement Agreement.  The Parties shall, in addition to any
remedies provided under Section 15 of this Settlement Agreement and any other remedies
available under the Bankruptcy Code or any other law, have the following remedies in the
event of a breach of Section 2 of this Settlement Agreement.

(a)   The Citrons shall, simultaneously with the execution of this Settlement
Agreement, execute a stipulation for entry of consent judgment in the
amount of Eight Hundred and Twenty-Eight Thousand Three Hundred and
Four United States Dollars ($828,304.00) in the form attached hereto as
Exhibit 4 (the "Citron Consent Judgment").  In the event that the Citrons
fail to timely pay the Citron Settlement Payment as required under Section
2(a) of this Settlement Agreement, the Trustee shall be entitled to file and
the Bankruptcy Court shall enter the Citron Consent Judgment, and upon
receipt of the full amount of the Citron Settlement Payment, the Trustee
shall file a Notice of Satisfaction of the Citron Consent Judgment.

(b)   Stanley Shapiro shall, simultaneously with the execution of this Settlement
Agreement, execute a stipulation for entry of consent judgment in the form
attached hereto as Exhibit 5 (the "Shapiro Consent Judgment").  In the
event that Stanley Shapiro fails to timely pay any portion of the Second
Shapiro Settlement Payment and any Settlement Payment Interest as
required under Section 2(b) and 2(c) of this Settlement Agreement, the
Trustee shall be entitled to file and the Bankruptcy Court shall enter the
Shapiro Consent Judgment, and upon receipt of the full amount of the
Shapiro Settlement Payment and any Settlement Payment Interest, the
Trustee shall file a Notice of Satisfaction of the Shapiro Consent
Judgment.

17.   Entire Agreement.  This Settlement Agreement, together with a certain Separate
Agreement, constitutes the entire agreement and understanding between and among the Parties,
and supersedes all prior agreements, representations, and understandings concerning the
subject matter hereof.

18.   Amendments, Waiver.  This Settlement Agreement may not be terminated,
amended or modified in any way except as set forth herein.  Material modifications to this
Settlement Agreement must be in a writing signed by all the Parties and are subject to approval
from the Bankruptcy Court.  Non-material modifications must be in a writing signed by all
Parties.  No waiver of any provision of this Settlement Agreement shall be deemed to
constitute a waiver of any other provision hereof, whether or not similar, nor shall such waiver
constitute a continuing waiver.

19.   Assignability.  This Settlement Agreement, including any rights arising under
this Settlement Agreement, may not be assigned by any Party without the prior written consent
of all other Parties, except that Defendants' consent is not required for the Trustee to assign or
otherwise transfer this Settlement Agreement, or any of his rights under this Settlement
Agreement, in connection with any assignment or other transfer of the Trustee's rights
thereunder.

20.   Successors Bound.  This Settlement Agreement shall be binding upon and inure
to the benefit of each of the Parties and their successors and permitted assigns.

21.    Applicable Law.  This Settlement Agreement shall be construed and enforced in accordance with the laws of New York State without regard to its conflict of law provisions that would result in the application of the law of another jurisdiction.  Each Party waives, on behalf of itself and any successors and assigns, any and all right to argue that the choice of New York law provision is or has become unreasonable in any legal proceeding.

22.    Captions and Rules of Construction.  The captions in this Settlement Agreement are inserted only as a matter of convenience and for reference and do not define, limit or describe the scope of this Settlement Agreement or the scope or content of any of its provisions.  Any reference in this Settlement Agreement to a section is to a section of this Settlement Agreement.  "Includes" and "including" are not limiting.

23.    Counterparts; Electronic Copy of Signatures.  This Settlement Agreement may be executed and delivered in any number of counterparts, each of which so executed and delivered shall be deemed to be an original and all of which shall constitute one and the same document.  The Parties may evidence their execution of this Settlement Agreement by delivery to the other Party of scanned or faxed copies of their signatures, with the same effect as the delivery of an original signature.

24.    Negotiated Agreement.  This Settlement Agreement has been fully negotiated by the Parties.  Each Party acknowledges and agrees that this Agreement has been drafted jointly, and the rule that ambiguities in an agreement or contract may be construed against the drafter shall not apply in the construction or interpretation of this Settlement Agreement.

25.    Severability.  In the event that any term or provision of this Settlement Agreement or any application thereof is deemed to be invalid or unenforceable, the remainder of this Settlement Agreement and any other application of such term or provision shall not be affected thereby.

26.    Notices.  Any notices under this Settlement Agreement shall be in writing, shall be effective when received, and may be delivered only by hand, by overnight delivery service, by fax, or by electronic transmission to:

If to the Trustee:

David J. Sheehan, Esq.
Baker & Hostetler LLP
45 Rockefeller Center
New York, New York 10111
F: (212) 589-4201
E: dsheehan@bakerlaw.com

If to Defendants:

Barry R. Lax, Esq.
Lax & Neville LLP
350 Fifth Avenue, Suite 4640
New York, New York 10118
F: (212) 566-4531
E: blax@laxneville.com

IN WITNESS WHEREOF, the Parties hereto have caused this Settlement Agreement to be executed as of the date first above written.

_____
Irving H. Picard, solely as trustee for the liquidation
of the business of Bernard L. Madoff Investment
Securities LLC under the Securities Investor
Protection Act of 1970, as amended, and the
substantively consolidated Chapter 7 estate of
Bernard L. Madoff, without personal liability

_____
Stanley Shapiro, individually

_____
Stanley Shapiro on behalf S&R Investment Co as
its General Partner

_____
Stanley Shapiro, in his capacity as trustee of the
LAD Trust

_____
Stanley Shapiro, in his capacity as trustee for the
David Shapiro 1989 Trust, as amended

_____
Stanley Shapiro, in his capacity as trustee for the
Leslie Shapiro 1985 Trust

_____
Stanley Shapiro, in his capacity as executor of the
Estate of Renee Shapiro

_____
David Shapiro, individually

12

_____

David Shapiro, in his capacity as trustee of the
Trust for the Benefit of William P. Shapiro and
James G. Shapiro


_____

Leslie Shapiro Citron, individually


_____

Kenneth Citron, individually


_____

Kenneth Citron, in his capacity as trustee of the
Trust for the Benefit of Anna Jane Citron, Kate
Faye Citron, and Lily Claire Citron

13

David Shapiro, in his capacity as trustee of the
Trust for the Benefit of William P. Shapiro and
James G. Shapiro

Leslie Shapiro Citron, individually

Kenneth Citron, individually

Kenneth Citron, in his capacity as trustee of the
Trust for the Benefit of Anna Jane Citron, Kate
Faye Citron, and Lily Claire Citron

**SCHEDULE AND EXHIBITS
TO SETTLEMENT AGREEMENT**

| | |
|---|---|
| SCHEDULE 1 | WIRE INSTRUCTIONS |
| EXHIBIT 1 | DETERMINATION LETTER FOR CLAIM 005116 |
| EXHIBIT 2 | DETERMINATION LETTER FOR CLAIM 005656 |
| EXHIBIT 3 | NOTICE OF WITHDRAWAL OF OBJECTION |
| EXHIBIT 4 | CITRON CONSENT JUDGMENT |
| EXHIBIT 5 | SHAPIRO CONSENT JUDGMENT |

# SCHEDULE 1
# TO
# SETTLEMENT
# AGREEMENT

## SCHEDULE 1

Wiring Instructions
Citi Private Bank
153 East 53rd Street, 23rd Floor
New York, New York 10022
ABA No.:
Swift Code:
Account Name:            Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff
                         Investment Securities LLC

Account No.:

# EXHIBIT 1
# TO
# SETTLEMENT
# AGREEMENT

## BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

### DECEMBER 11, 2008[1]

### NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM

[MONTH] [DAY], 2020

Kenneth Citron
Trustee for Trust for the Benefit of the Children of Leslie Citron

███████████████████████

Dear Mr. Citron:

### PLEASE READ THIS NOTICE CAREFULLY.

The liquidation of the business of BERNARD L. MADOFF INVESTMENT SECURITIES LLC ("BLMIS") is being conducted by Irving H. Picard, Trustee under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), pursuant to an order entered on December 15, 2008 by the United States District Court for the Southern District of New York.

The Trustee has made the following determination regarding your claim on BLMIS Account No. 1C1345, designated as Claim No. 005116:

Your claim for a credit balance of $263,470.33 and securities is **DENIED**. No securities were ever purchased for your account.

Your claim for BLMIS Account No. 1C1345, and the Trustee's claims against you in *Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC v. Shapiro, et al.*, Adv. Pro. No. 10-05383, have been settled on the terms and subject to the conditions set forth in that certain **SETTLEMENT AGREEMENT**, dated as of January [DAY], 2020 between you and the Trustee, amongst others.

Pursuant to the terms of and solely for purposes of the **SETTLEMENT AGREEMENT**, your claim was **ALLOWED** for $562,000.00 (your "**ALLOWED CLAIM**") and simultaneously

---

[1] Section 78*lll*(7)(B) of SIPA states that the filing date is "the date on which an application for a protective decree is filed under 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court "in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced before the date on which such application was filed, the term 'filing date' means the date on which such proceeding was commenced." Section 78*lll*(7)(B). Thus, even though the Application for a protective decree was filed on December 15, 2008, the Filing Date in this action is on December 11, 2008.

assigned and transferred to the Trustee pursuant to the terms of the **SETTLEMENT AGREEMENT**.

All payments in satisfaction of your **ALLOWED CLAIM** will be made pursuant to the terms of the **SETTLEMENT AGREEMENT**.

_____

Irving H. Picard

Trustee for the Liquidation of the Business of
Bernard L. Madoff Investment Securities LLC

cc:  Barry R. Lax, Esq.
     Lax & Neville LLP
     350 Fifth Avenue, Suite 4640
     New York, NY 10118

2

# EXHIBIT 2
# TO
# SETTLEMENT
# AGREEMENT

## BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

## DECEMBER 11, 2008[1]

## NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM

[MONTH] [DAY], 2020

David Shapiro
Trustee for Trust for the Benefit of the Children of David Shapiro

███████████████

Dear Mr. Shapiro:

### PLEASE READ THIS NOTICE CAREFULLY.

The liquidation of the business of BERNARD L. MADOFF INVESTMENT SECURITIES LLC ("BLMIS") is being conducted by Irving H. Picard, Trustee under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), pursuant to an order entered on December 15, 2008 by the United States District Court for the Southern District of New York.

The Trustee has made the following determination regarding your claim on BLMIS Account No. 1S0540, designated as Claim No. 005656:

Your claim for a credit balance of $288,950.00 and securities is **DENIED**. No securities were ever purchased for your account.

Your claim for BLMIS Account No. 1S0540, and the Trustee's claims against you in *Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC v. Shapiro, et al.*, Adv. Pro. No. 10-05383, have been settled on the terms and subject to the conditions set forth in that certain **SETTLEMENT AGREEMENT**, dated as of January [DAY], 2020 between you and the Trustee, amongst others.

Pursuant to the terms of and solely for purposes of the **SETTLEMENT AGREEMENT**, your claim was **ALLOWED** for $152,420.66 (your "**ALLOWED CLAIM**") and simultaneously

---

[1] Section 78*lll*(7)(B) of SIPA states that the filing date is "the date on which an application for a protective decree is filed under 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court "in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced before the date on which such application was filed, the term 'filing date' means the date on which such proceeding was commenced." Section 78*lll*(7)(B). Thus, even though the Application for a protective decree was filed on December 15, 2008, the Filing Date in this action is on December 11, 2008.

assigned and transferred to the Trustee pursuant to the terms of the **SETTLEMENT AGREEMENT**.

All payments in satisfaction of your **ALLOWED CLAIM** will be made pursuant to the terms of the **SETTLEMENT AGREEMENT**.


_____

Irving H. Picard

Trustee for the Liquidation of the Business of
Bernard L. Madoff Investment Securities LLC

cc:    Barry R. Lax, Esq.
       Lax & Neville LLP
       350 Fifth Avenue, Suite 4640
       New York, NY 10118

# EXHIBIT 3
# TO
# SETTLEMENT
# AGREEMENT

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |

### NOTICE OF WITHDRAWAL OF OBJECTION

Kenneth E. Citron and Leslie Shapiro Citron (the "Claimants"), having filed an objection (the "Objection", Docket No. 2591) to the Trustee's Notice of Determination of Claim respecting Claimants' customer claim (#013658) for Account 1C1251, hereby give notice that they withdraw such Objection.

Dated: [MONTH] [DAY], 2020

**LAX & NEVILLE LLP**

By:   */s/ Barry R. Lax*
350 Fifth Avenue, Suite 4640
New York, New York 10118
Telephone: 212.566.4531
Facsimile: 212.566.4531
Barry R. Lax
Email: blax@laxneville.com

*Attorneys for Claimants Kenneth E. Citron and*
*Leslie Shapiro Citron*

# EXHIBIT 4
# TO
# SETTLEMENT
# AGREEMENT

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | SIPA LIQUIDATION |
| Plaintiff-Applicant, | Adv. Pro. No. 08-01789 (SMB) |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor, | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff, | Adv. Pro. No. 10-05383 (SMB) |
| Plaintiff, | |
| v. | |
| STANLEY SHAPIRO, et al., | |
| Defendants. | |

## CONSENT JUDGMENT AS TO
## LESLIE SHAPIRO CITRON AND KENNETH CITRON

**WHEREAS**, Irving H. Picard (the "Trustee") is the trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa *et seq.*, substantively consolidated with the liquidation under chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*, of the estate of Bernard L. Madoff ("Madoff"), currently pending in the United States Bankruptcy Court for the Southern District of New York as Case No. 08-01789 (SMB);

**WHEREAS**, the Trustee is duly qualified to serve and act on behalf of the estates of BLMIS and Madoff;

**WHEREAS**, on December 9, 2010, the Trustee filed an adversary proceeding in this Court against Leslie Shapiro Citron and Kenneth Citron (the "Citrons") and other related parties (together, "Defendants") to avoid and recover, *inter alia*, fraudulent transfers received by the Citrons from BLMIS;

**WHEREAS**, on January [DAY], 2020, the Trustee, the Citrons, and certain other of Defendants entered into a Settlement Agreement, in order to settle the claims asserted by the Trustee against Defendants in the adversary proceeding and by Defendants against the BLMIS estate, upon the terms set forth therein;

**WHEREAS**, on [MONTH] [DAY], 2020 (the "Effective Date"), this Court entered an order approving the terms of the Settlement Agreement;

**WHEREAS,** pursuant to Section 2(a) of the Settlement Agreement, the Citron agreed to pay the Trustee the amount of $828,304 (the "Judgment Amount") within ten business days of the Effective Date;

**WHEREAS**, the Citrons failed to timely pay the Judgment Amount within ten business days of the Effective Date; and

**WHEREAS**, pursuant to Section 16(a) of the Settlement Agreement, the Citrons consented to the entry of the instant Consent Judgment against them in the Judgment Amount in the event that they fail to timely pay the Judgment Amount.

4833-8116-0610.5

**NOW THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED THAT:**

1.      Judgment is hereby entered, by consent of the Trustee and the Citrons pursuant to the terms of the Settlement Agreement, against the Citrons and in favor of the Trustee in the amount of $828,304; and

2.      The undersigned represent that they each have obtained the advice of counsel and are consenting and agreeing to all the terms of the instant consent judgment freely and voluntarily.


**AGREED AND CONSENT TO AS TO FORM AND SUBSTANCE:**

For Plaintiff:                                    For Defendants:

/s/                                               /s/
_____      _____
**BAKER & HOSTETLER LLP**             **LAX & NEVILLE LLP**
45 Rockefeller Plaza                  350 Fifth Avenue, Suite 4640
New York, New York 10111              New York, New York 10118
David J. Sheehan                      Barry R. Lax
Email: dsheehan@bakerlaw.com          Email:  blax@laxneville.com
Torello H. Calvani                    Robert R. Miller
Email: tcalvani@bakerlaw.com          Email:  rmiller@laxneville.com

*and*

127 Public Square
Cleveland, Ohio 44114
James H. Rollinson
Email: jrollinson@bakerlaw.com


SO ORDERED
This _____ day of _____, _____


_____
HONORABLE STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE


3

# EXHIBIT 5
# TO
# SETTLEMENT
# AGREEMENT

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | SIPA LIQUIDATION |
| Plaintiff-Applicant, | Adv. Pro. No. 08-01789 (SMB) |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor, | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff, | Adv. Pro. No. 10-05383 (SMB) |
| Plaintiff, | |
| v. | |
| STANLEY SHAPIRO, *et al.*, | |
| Defendants. | |

## CONSENT JUDGMENT AS TO STANLEY SHAPIRO

**WHEREAS,** Irving H. Picard (the "Trustee") is the trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa *et seq.*, substantively consolidated with the liquidation under chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*, of the estate of Bernard L. Madoff ("Madoff"), currently pending in the United States Bankruptcy Court for the Southern District of New York as Case No. 08-01789 (SMB);

**WHEREAS**, the Trustee is duly qualified to serve and act on behalf of the estates of BLMIS and Madoff;

**WHEREAS**, on December 9, 2010, the Trustee commenced an adversary proceeding in this Court against Stanley Shapiro ("Shapiro") and other related parties ("Defendants") to avoid and recover, *inter alia*, fraudulent received by Shapiro from BLMIS;

**WHEREAS**, on January [DAY], 2020, 2019, the Trustee, Shapiro, and certain other Defendants entered into a Settlement Agreement, in order to settle the claims asserted by the Trustee in the adversary proceeding and by Defendants against the BLMIS estate, upon the terms set forth therein;

**WHEREAS**, on [MONTH] [DAY], 2020 (the "Effective Date"), this Court entered an order approving the terms of the Settlement Agreement;

**WHEREAS**, pursuant to Section 2(c) of the Settlement Agreement, Shapiro agreed to pay the Trustee the amount of $10,480,000.00 (the "Second Shapiro Settlement Payment") in two or more installments with the final installment to be made no later than eighteen months after the Effective Date;

**WHEREAS**, pursuant to Section 2(d) of the Settlement Agreement, Shapiro further agreed that interest shall begin to accrue at the rate of three percent per annum on any unpaid amount of the Second Shapiro Settlement Payment that the Trustee has not received within nine months following the Effective Date (the "Settlement Payment Interest");

**WHEREAS**, Shapiro paid the Trustee the sum of $[*specify installment amount*] on [*specify date installment payment was made*] [and] [specify any additional installment payment and date when made];

2

**WHEREAS**, Shapiro failed to timely pay the Trustee the remaining amount of the Second Shapiro Settlement Payment, a sum of $ [*specify outstanding amount*], which remains to be paid to the Trustee;

**WHEREAS**, Shapiro did not pay the entire amount of the Second Shapiro Settlement Payment within nine months after the Effective date and as of [*specify date of submission of Consent Judgment*], a total of $[*specify interest to date*] in Settlement Payment Interest had accrued and each day thereafter $[*specify daily interest*] in additional Settlement Payment Interest shall accrue; and

**WHEREAS**, pursuant to Section 16(b) of the Settlement Agreement, Shapiro has consented to, in the event that he fails to timely pay any installment of the Second Shapiro Settlement Payment and/or any Settlement Payment Interest, entry of a consent judgment against him and in favor of the Trustee in the amount of the unpaid portion of the Second Shapiro Settlement Payment and any Settlement Payment Interest.

**NOW THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED THAT:**

1.      Judgment is hereby entered, by consent of the Trustee and Shapiro pursuant to the terms of the Settlement Agreement, against Shapiro and in favor of the Trustee in the amount of [*total amount of unpaid portion of the Second Shapiro Settlement Payment and all Settlement Payment Interest accrued as of the date of entry of the judgement*]; and

2.      The undersigned represent that the respective parties have obtained the advice of counsel and are consenting and agreeing to all the terms of the Shapiro Consent Judgment freely and voluntarily.

3

**AGREED AND CONSENT TO AS TO FORM AND SUBSTANCE:**

For Plaintiff:

For Defendants:

/s/

/s/

**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
David J. Sheehan
Email: dsheehan@bakerlaw.com
Torello H. Calvani
Email: tcalvani@bakerlaw.com

**LAX & NEVILLE LLP**
350 Fifth Avenue, Suite 4640
New York, New York 10118
Barry R. Lax
Email:  blax@laxneville.com
Robert R. Miller
Email:  rmiller@laxneville.com

*and*

127 Public Square
Cleveland, Ohio 44114
James H. Rollinson
Email: jrollinson@bakerlaw.com

SO ORDERED
This _____ day of _____, _____

_____

HONORABLE STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE

4