# EXHIBIT 2

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Plaintiff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | SIPA LIQUIDATION<br><br>No. 08-01789 (SMB)<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor, | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff,<br><br>Plaintiff,<br><br>v.<br><br>STANLEY SHAPIRO, *et al.*,<br><br>Defendants. | Adv. Pro. No. 10-05383 (SMB) |

**DECLARATION OF IRVING H. PICARD, TRUSTEE, IN SUPPORT OF MOTION FOR ENTRY OF ORDER, PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND RULES 2002 AND 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, APPROVING SETTLEMENT AGREEMENT**

1. I am the trustee (the "Trustee") for the liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa *et seq.*, and the substantively consolidated chapter 7 estate of Bernard L. Madoff

(together with BLMIS, the "Debtors").  I am familiar with the affairs of the Debtors.  I respectfully submit this Declaration in support of the motion (the "Motion") seeking entry of an order, pursuant to section 105(a) of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*, and Rules 2002 and 9019 of the Federal Rules of Bankruptcy Procedure, approving the settlement agreement (the "Agreement") by and between the Trustee, on the one hand, and Stanley Shapiro, the Estate of Renee Shapiro, S&R Investment Co., David Shapiro, Leslie Shapiro Citron, and Kenneth Citron (collectively, the "Defendants"), on the other hand.

2.    I make this Declaration based upon my own personal knowledge or upon information I believe to be true.

3.    I believe the terms of the Agreement fall well within the range of reasonableness and, accordingly, this Court should approve the Agreement.  The Agreement resolves all issues regarding the asserted and unasserted claims between the Trustee and the Defendants without the need for protracted and costly litigation, the outcome of which is uncertain.  Litigating the claims would undoubtedly be complex, create further delay, and would involve litigation risks associated with the unique facts of this case.

4.    The Agreement furthers the interests of BLMIS customers by adding $12,194,421.66 to the fund of customer property, which exceeds the avoidable transfers the Defendants received from BLMIS in the two years prior to the Filing Date.

5.    The Agreement resulted from a mediation process before a neutral mediator that involved a thorough review of the strengths and weaknesses of each party's position.

6.    Given the complexities involved in proceeding with further litigation, I have determined, in my business judgment, that the Agreement represents a fair compromise of the claims against the Defendants.

4835-0771-2160.5

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 2, 2020.

*/s/ Irving H. Picard*
Irving H. Picard, Trustee

3