**PORZIO BROMBERG & NEWMAN P.C.**
Brett S. Moore (BM-0014)
156 West 56th Street
Suite 803
New York, New York 10019-3800
(212) 265-6888 (telephone)
(212) 957-3983 (fax)

*Attorneys for Defendants Luxalpha Sicav as represented by its Liquidators Maitre Alain Rukavina and Paul Laplume, Maitre Alain Rukavina and Paul Laplume, in their capacities as liquidators and representatives of Luxalpha Sicav*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff,<br><br>-v-<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES, LLC.<br><br>Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>Plaintiff,<br><br>-v-<br><br>UBS AG, et al.<br><br>Defendants. | Adv. Pro. No. 10-04285 (SMB) |

**[PROPOSED] ORDER GRANTING LUXALPHA'S CROSS-MOTION FOR CLAIM DETERMINATION AND ALLOWANCE**

4444580

Upon the Cross-Motion (the "Cross-Motion") of Defendants Luxalpha Sicav ("Luxalpha") as represented by its Liquidators Maitre Alain Rukavina and Mr. Paul Laplume, and Maitre Alain Rukavina and Mr. Paul Laplume, in their capacities as liquidators and representatives of Luxalpha (collectively, the "Liquidators" and together with Luxalpha, the "Defendants"), brought by and through their undersigned counsel seeking entry of an Order Determining and Allowing Luxalpha's claims against the estate of Bernard L. Madoff Investment Securities, LLC (the "BLMIS Estate); and the Court having considered the parties' submissions in support and in opposition to (if any) the Cross-Motion; and the proceedings before the Court, and due notice of the Cross-Motion having been given, and it appearing that no further notice need be given; and the Court having determined that the legal and factual bases set forth in the Cross-Motion establish just cause for the relief granted herein; and after due deliberation,

**IT IS HEREBY ORDERED THAT:**

1. Luxalpha's Cross-Motion for claim determination and allowance is granted.

2. Luxalpha Customer Claim be and hereby is allowed pursuant to 15 U.S.C. § 78*lll* (11), equal in priority to other allowed customer claims against the BLMIS Estate in the initial amount of Luxalpha's net equity of $762,483,766, and shall be subject to adjustment as set forth in this Order.

3. Luxalpha's Customer Claim shall increase to the extent and in the amount that the BLMIS Estate is paid any sums on account of the Trustee's fraudulent transfer claims found to be plausibly asserted by the Trustee against Luxalpha pursuant to 11 U.S.C. § 502(h). Luxalpha's increased Customer Claim shall be equal in priority to other allowed customer claims against the BLMIS Estate.

4. To the extent that the Trustee has plausibly asserted fraudulent transfer claims against Luxalpha (the "Surviving Fraudulent Transfer Claims"), the BLMIS Estate shall be paid on account of such Surviving Fraudulent Transfer Claims as follows: (i) Luxalpha's Customer Claim shall be deemed to include Luxalpha's net equity (i.e, $762,483,766), plus any amounts payable to the BLMIS Estate on account of the Surviving Fraudulent Transfer Claims; (ii) the Trustee shall calculate the distribution payable to Luxalpha on account of its increased Customer Claim inclusive of Luxalpha's net equity plus the Surviving Fraudulent Transfer Claims; (iii) the Trustee shall, on behalf of the BLMIS Estate, deduct the amount of the Surviving Fraudulent Transfer Claims from the distribution otherwise payable to Luxalpha on account of its increased Customer Claim; and (iv) the net distribution amount shall be paid by the Trustee to the Luxalpha estate.

5. The Trustee shall pay any net amounts owed to Luxalpha on account of its allowed Customer Claim within seven (7) days of the entry of this Order.

6. The Court retains jurisdiction to enforce and implement the terms and provisions of this Order.

Dated: _____
New York, New York

_____
HONORABLE STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE

4444580