# EXHIBIT B

**PORZIO BROMBERG & NEWMAN P.C.**
Brett S. Moore (BM-0014)
156 West 56th Street
Suite 803
New York, New York 10019-3800
(212) 265-6888 (telephone)
(212) 957-3983 (fax)

*Attorneys for Defendants Luxalpha Sicav as represented by its Liquidators Maitre Alain Rukavina and Paul Laplume, Maitre Alain Rukavina and Paul Laplume, in their capacities as liquidators and representatives of Luxalpha Sicav*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff,<br><br>-v-<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES, LLC.<br><br>Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>Plaintiff,<br><br>-v-<br><br>UBS AG, et al.<br><br>Defendants. | Adv. Pro. No. 10-04285 (BRL) |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION BY LUXALPHA SICAV AS REPRESENTED BY ITS LIQUIDATORS MAITRE ALAIN RUKAVINA AND PAUL LAPLUME, MAITRE ALAIN RUKAVINA AND PAUL LAPLUME, IN THEIR CAPACITIES AS LIQUIDATORS AND REPRESENTATIVES OF LUXALPHA SICAV TO DISMISS THE AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION PURSUANT TO FED. R. CIV. P. 12(b)(2) AND *FORUM NON CONVENIENS*__**

2061078

Luxalpha Sicav ("LAF") as represented by its Liquidators Maitre Alain Rukavina and Mr. Paul Laplume, and Maitre Alain Rukavina and Mr. Paul Laplume, in their capacities as liquidators and representatives of Luxalpha Sicav (collectively, the "Liquidators"), by and through their undersigned counsel, respectfully submit this Memorandum of Law in support of their Motion to Dismiss the Amended Complaint (the "AC") filed by Irving H. Picard as Trustee (the "Trustee") for the Liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") (i) for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) made applicable here by Fed. R. Bankr. P. 7012(b)(2); and (ii) based on *forum non conveniens*.

## PRELIMINARY STATEMENT

As explained in further detail below, as a Luxembourg invest fund, LAF had little to no contact with the United States. Although LAF's custodian, UBS (Luxembourg) S.A. ("UBS SA") did such things as open an account with BLMIS and improperly deposit LAF's assets with BLMIS, such actions are not sufficient to enable this Court to exercise jurisdiction over LAF. Furthermore, although a customer claim was filed on behalf of LAF by UBS SA employees who also served as LAF directors, this was not an affirmative submission to the Court's jurisdiction by LAF. Rather, it was a defensive measure to attempt to limit UBS SA's liability to LAF's investors for having invested LAF's assets with BLMIS in violation of Luxembourg law. Furthermore, even if this Court finds that it can exercise jurisdiction over LAF, the doctrine of *forum non conveniens* establishes that this proceeding is more appropriately continued in litigation already pending in Luxembourg.

1

2061078

## **CONCLUSION**

WHEREFORE, LAF respectfully requests that the Court: (i) dismiss the claims against LAF and the Liquidators based on a lack of personal jurisdiction; or, alternatively, (ii) dismiss the AC based on *forum non conveniens* in favor of Luxembourg.

Dated: April 27, 2012

Respectfully submitted,

**PORZIO BROMBERG & NEWMAN P.C.**

/s/ Brett S. Moore
Brett S. Moore (BM-0014)
156 West 56th Street
Suite 803
New York, New York 10019-3800
(212) 265-6888 (telephone)
(212) 957-3983 (fax)
bsmoore@pbnlaw.com

*Attorneys for Defendants Luxalpha Sicav as represented by its Liquidators Maitre Alain Rukavina and Paul Laplume, Maitre Alain Rukavina and Paul Laplume, in their capacities as liquidators and representatives of Luxalpha Sicav*