# EXHIBIT C

08-01789-cgm   Doc 19467-6   Filed 04/03/20   Entered 04/03/20 13:26:06   Exhibit G   Pg 2 of 8

Page 1

1   UNITED STATES BANKRUPTCY COURT

2   SOUTHERN DISTRICT OF NEW YORK

3   Adv. Case No. 08-01789-smb

4   - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

5   SECURITIES INVESTOR PROTECTION CORPORATION,

6            Plaintiff,

7        v.

8   BERNARD L. MADOFF INVESTMENT SECURITIES, LLC. Et al,

9            Defendants.

10   - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

11   Adv. Case No. 09-01503-smb

12   - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

13   IRVING H. PICARD TRUSTEE FOR THE LIQUIDATION OF BERNARD L.

14   MADOFF INVESTMENT SECURITIES LLC,

15            Plaintiff,

16         v.

17   MADOFF, et al,

18            Defendants.

19   - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

20

21

22

23

24

25

08-01789-cgm   Doc 19467-6   Filed 04/03/20   Entered 04/03/20 13:26:06   Exhibit G
Pg 2 of 46



Page 2

1   Adv. Case No. 10-04285-smb

2   - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

3   IRVING H. PICARD TRUSTEE FOR THE LIQUIDATION OF BERNARD L.

4   MADOFF INVESTMENT SECURITIES LLC,

5           Plaintiff,

6       v.

7   UBS AG, UBS (LUXEMBOURG) SA et al,

8           Defendants.

9   - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

10  Adv. Case No. 10-05311-smb

11  - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

12  IRVING H. PICARD TRUSTEE FOR THE SUBSTANTIVELY CONSOLIDATED

13  SIPA LIQUDATION OF BERNARD L. MADOFF INVESTMENT SECURITIES

14  LLC and BERNARD L. MADOFF,

15          Plaintiff,

16      v.

17  UBS AG, UBS (LUXEMBOURG) SA et al,

18          Defendants.

19  - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

20

21

22

23

24

25

Page 3

1                              U.S. Bankruptcy Court

2                              One Bowling Green

3                              New York, NY   10004

4                              April 27, 2016

5                              10:00 AM

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23   B E F O R E :

24   HON STUART M. BERNSTEIN

25   U.S. BANKRUPTCY JUDGE

1    transferees.  It's going to be relevant, it isn't going to

2    go away.  So why not start the discovery now?

3              MR. KING:  Well the -- sure.

4              MR. MOORE:  Good morning, Your Honor.  Brett Moore

5    from Porzio, Bromberg & Newman on behalf of the liquidators

6    for the Luxalpha and Luxembourg Investment Fund.  And just

7    to be clear, Your Honor, we do have pending -- as alleged

8    initial transferees, we have pending, right now, motions to

9    dismiss based on personal jurisdiction as well as forum non

10   conveniens.  And we do intend to bring substantive 12(b)(6)

11   motions on what Mr. King's --

12             THE COURT:  You're an initial transferee that

13   invested in BLMIS, how are you going to get a dismissal on

14   those grounds?

15             MR. MOORE:  Well, Your Honor, it's -- the service

16   providers that were operating with these funds, we believe,

17   were the parties that were taking the steps and filed the

18   claims and dealt with Mr. Madoff and BLMIS.

19             THE COURT:  But weren't they acting as your agent?

20             MR. MOORE:  Yes, Your Honor.  And you get into the

21   question of whether they were acting within the scope of

22   their --

23             THE COURT:  But you were investing in BLMIS,

24   right?

25             MR. MOORE:  The funds invested -- the fund's

Page 38

 1    proceeds were invested in BLMIS.

 2              THE COURT:  Okay.  You represent the initial

 3    transfer -- the invest -- the BLMIS customer and the initial

 4    transferee then.

 5              MR. MOORE:  Correct, Your Honor.

 6              THE COURT:  So how can those claims be dismissed

 7    on forum non conveniens grounds or personal jurisdiction

 8    grounds?

 9              MR. MOORE:  They may not be dismissed Your Honor,

10    but we have -- we believe the arguments are strong, forum

11    non conveniens.  There are pending cases in Luxembourg

12    involving a lot of these same parties right now.

13              THE COURT:  But these are SIPA claims of

14    fraudulent transfers.  Look, I haven't read any papers, I

15    just -- that sounds like a difficult argument to make.

16              MR. MOORE:  But --

17              THE COURT:  If you want to argue that the

18    complaint doesn't allege bad faith, maybe it's just a red

19    flag case, I don't know what it says, that's something else,

20    but --

21              MR. MOORE:  But exactly, Your Honor.

22              THE COURT:  But you still have your claims in here

23    as part of the claims resolution process, don't you?

24              MR. MOORE:  That's correct, Your Honor.  But with

25    respect to the safe harbor of 546, the good faith issues, we

10-04285-smb   Doc 227   Filed 04/28/20   Entered 05/11/20 16:27:44   Exhibit C
Pg 7 of 8

1   believe that those things should be presented before the

2   Court and decided before we engage in discovery.

3            THE COURT:  Tell me why.  What's the difference

4   between the discovery relating to claims -- the claims and

5   discovery that might be relevant to whether or not you

6   received transfers?

7            MR. MOORE:  Well because if Your Honor -- if the

8   good faith under the fraudulent transfer action is going to

9   be duplicative of whether these claims should be equitably

10  subordinated.  So if the trustee has not proven that these

11  claims should be -- that he can proceed with a fraudulent

12  conveyance claim, I would submit then, therefore there is no

13  basis, at this point in time, to suggest that there should

14  be a substantive -- an equitable subordination either.

15           And I believe if we go back to Judge Rakoff's

16  ruling, he essentially had indicated that the two standards

17  would be the same in both of those instances.

18           THE COURT:  Which two standards?

19           MR. MOORE:  Under --

20           THE COURT:  Bad faith and equitable subordination?

21           MR. MOORE:  Correct, Your Honor.

22           THE COURT:  All right.

23           MR. KING:  Your Honor, I had one -- I'll -- one

24  question you asked was how is the discovery going to be

25  different.  From the perspective of every defendant here,

08-01789-cgm Doc 19467-6 Filed 04/03/20 Entered 04/03/20 13:26:06 Exhibit G Pg 46 of 46

Page 46

1          C E R T I F I C A T I O N

2

3     I, Sonya Ledanski Hyde, certified that the foregoing

4     transcript is a true and accurate record of the proceedings.

5

6     Sonya
      Ledanski Hyde

       Digitally signed by Sonya Ledanski
       Hyde
       DN: cn=Sonya Ledanski Hyde, o, ou,
       email=digital1@veritext.com, c=US
       Date: 2016.04.28 16:55:02 -04'00'

7

8     Sonya Ledanski Hyde

9

10

11

12

13

14

15

16

17

18

19

20     Veritext Legal Solutions

21     330 Old Country Road

22     Suite 300

23     Mineola, NY 11501

24

25     Date:  April 28, 2016