**CHAITMAN LLP**
465 Park Avenue
New York, New York 10022
Phone & Fax: (888) 759-1114
Helen Davis Chaitman
hchaitman@chaitmanllp.com

*Attorneys for Defendants*

**UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>       Plaintiff-Applicant,<br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>          Defendant. | Adv. Pro. No. 08-01789 (SMB)<br>SIPA LIQUIDATION<br>(Substantively Consolidated) |
| In re:<br>BERNARD L. MADOFF,<br>          Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC<br><br>       Plaintiff,<br>v.<br><br>ZIESES INVESTMENT PARTNERSHIP, MARSHALL ZIESES, DEBRA S. ZIESES, NEIL R. ZIESES, CARYN ZIESES, BARRY INGER, ALLAN INGER, and SUSAN B. ALSWANGER,<br><br>         Defendants. | Adv. Pro No. 10-04669 (SMB) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION TO WITHDRAW THE REFERENCE**

{00044174 3 }

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ......................................................................................... 1

STATEMENT OF FACTS .................................................................................................. 1

ARGUMENT ....................................................................................................................... 2

   I.   Withdrawal is Mandated Because Defendants Have the Constitutional Right to a Jury Trial and the Bankruptcy Court Lacks Jurisdiction to Conduct a Jury Trial or to Enter a Final Judgment in this Case ........................ 2

      A.   The Bankruptcy Court Lacks the Power to Adjudicate this Case ............................... 4

      B.   All *Orion* Factors Support Withdrawal ...................................................... 7

CONCLUSION .................................................................................................................... 8

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*1800Postcards, Inc. v. Morel*,
    153 F. Supp. 2d 359 (S.D.N.Y. 2001) ..................................................................................7

*In re Cinematronics, Inc.*,
    916 F.2d 1444 (9th Cir. 1990) ............................................................................................ 6

*In re Coudert Bros. LLP*,
    2011 WL 5593147 (S.D.N.Y. Sept. 23, 2011) .....................................................................3

*Dev. Specialists, Inc. v. Akin Gump Strauss Hauer & Feld LLP*,
    462 B.R. 457 (S.D.N.Y. 2011) ..................................................................................... 3, 5, 6

*Dynegy Danskammer, L.L.C. v. Peabody COALTRADE Int'l Ltd.*,
    905 F. Supp. 2d 526 (S.D.N.Y. 2012) ............................................................................. 5, 6

*In re Enron Corp.*,
    2004 WL 1197243 (S.D.N.Y. May 28, 2004) ..................................................................... 5

*In re FMI Forwarding Co., Inc.*,
    2004 WL 1348956 (S.D.N.Y. June 16, 2004) ..................................................................... 7

*Granfinanciera, S.A. v. Nordberg*,
    492 U.S. 33 (1989) ........................................................................................................ 2, 3

*In re Kaiser Steel Corp.*,
    911 F.2d 380 (10th Cir. 1990) ............................................................................................6

*Kirschner v. Agoglia*,
    476 B.R. 75 (S.D.N.Y. 2012) ..............................................................................................7

*In re Larry's Apartment, L.L.C.*,
    210 B.R. 469 (D. Ariz. 1997) .............................................................................................6

*In re Orion Pictures Corp.*,
    4 F.3d 1095 (2d Cir. 1993) ...................................................................................... 4, 5, 6, 7

*Picard v. BAM, LLC et al*,
    597 B.R. 466 (Bankr. S.D.N.Y. 2019) ................................................................................3

*Picard v. Ida Fishman Revocable Trust* (*In re BLMIS*),
    773 F.3d 411 (2d Cir. 2014), *cert. denied* 135 S. Ct. 2859 (June 22, 2015) ........................2

*Picard v. Saren-Lawrence*,
  17-CV-5157 (GBD), 2018 WL 2383141 (S.D.N.Y, May 15, 2018)
  *reconsideration denied*, 2018 WL 4659476 (S.D.N.Y. Sept. 11, 2018)....................................3

*Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*,
  490 B.R. 46 (S.D.N.Y. 2013)..............................................................................................3, 4

*Stern v. Marshall*,
  564 U.S. 462 (2011)...............................................................................................2, 3, 4, 7

*In re The VWE Grp., Inc.*,
  359 B.R. 441 (S.D.N.Y. 2007)...............................................................................................6, 7

**Statutes**

11 U.S.C. § 546(e) ...............................................................................................................2

28 U.S.C. § 157(d) ............................................................................................................1, 4

28 U.S.C. § 157(e) ...............................................................................................................3

**Other Authorities**

Fed. R. of Bankr. P. 5011.......................................................................................................1

Seventh Amendment to the United States Constitution.......................................................2

Wright & Miller, Federal Practice & Procedure, § 4106 (3d Ed.)......................................6

Defendants Zieses Investment Partnership, Marshall Zieses as general partner of Zieses Investment Partnership, Debra S. Zieses as general partner of Zieses Investment Partnership, Neil R. Zieses as general partner of Zieses Investment Partnership, Caryn Zieses as general partner of Zieses Investment Partnership, Barry Inger as general partner of Zieses Investment Partnership, Allan Inger as general partner of Zieses Investment Partnership, and Susan B. Alswanger as general partner of Zieses Investment Partnership, ("Defendants") respectfully submit this memorandum of law in support of their motion to withdraw the reference pursuant to 28 U.S.C. § 157(d) and Rule 5011 of the Federal Rules of Bankruptcy Procedure.

## PRELIMINARY STATEMENT

Zieses Investment Partnership is a former customer of Bernard L. Madoff who had no knowledge of his fraudulent conduct. Irving H. Picard, the Trustee for Bernard L. Madoff Investment Securities, LLC (the "LLC") sued it and others, alleging that it received voidable transfers from the LLC in the last two years of his operation, that is, from December 11, 2006 to December 11, 2008.  Now that all pre-trial proceedings have been completed, Defendants bring this motion to withdraw the reference because the Trustee's claims are actions at law, for which they have the constitutional right to a trial by jury.  The Bankruptcy Court cannot conduct a jury trial or enter a final judgment on the Trustee's claims. Only the District Court can.  Therefore, Defendants are entitled to an order withdrawing the reference so that the case can be tried by jury in the District Court.

## STATEMENT OF FACTS

On December 1, 2010, the Trustee filed a Complaint against Zieses Investment Partnership, general partners and other alleged subsequent transferees to recover withdrawals allegedly paid to the Partnership by the LLC.  The Trustee's theory is that the Partnership allegedly withdrew from its account with Madoff more money than invested, giving it no credit for any appreciation in the

{00044174 3}                                    1

account. (Adv. Pro. No. 10-04669, ECF No. 1, ¶ 2 and Ex. B (ECF No. 1-2)). The Trustee further claimed, on information and belief, that Marshall Zieses, Debra S. Zieses, Neil R. Zieses, Caryn Zieses, Barry Inger, Allan Inger, and Susan B. Alswanger were subsequent transferees of the withdrawals.[1] While the Trustee originally sued to recover withdrawals that he claims Defendants received in the six-year period prior to Madoff's confession *Id.,* the Trustee's claims have been limited to withdrawals allegedly taken in the last two years pursuant to 11 U.S.C. Section 546(e). *See Picard v. Ida Fishman Revocable Trust* (*In re BLMIS*), 773 F.3d 411, 423 (2d Cir. 2014), *cert. denied* 135 S. Ct. 2859 (June 22, 2015). The Complaint, and Defendants' Answer are annexed to the Chaitman Declaration, executed on April 3, 2020, as **Exhibits A and B** respectively.

## ARGUMENT

**I.  Withdrawal is Mandated Because Defendants Have the Constitutional Right to a Jury Trial and the Bankruptcy Court Lacks Jurisdiction to Conduct a Jury Trial or to Enter a Final Judgment in this Case**

The Seventh Amendment to the United States Constitution provides: "in suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved . . . ." U.S. Const., amend. VII. Fraudulent transfer actions are actions at law as to which a defendant is entitled to a jury trial under the Seventh Amendment. *See, e.g.*, *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33 (1989).

The Supreme Court has repeatedly held that avoidance actions are "'quintessentially suits at common law that more nearly resemble state law contract claims brought by a bankrupt corporation to augment the bankruptcy estate than they do creditors' hierarchically ordered claims to a pro rata share of the bankruptcy res.'" *Stern v. Marshall*, 564 U.S. 462, 492 (2011) (quoting

---

[1] Marshall Zieses, Debra S. Zieses, Neil R. Zieses, Caryn Zieses, Barry Inger, Allan Inger, and Susan B. Alswanger, as alleged "subsequent transferees," were dismissed by order of the Bankruptcy Court dated June 2, 2015. Adv. Pro. No. 08-01789 (SMB), ECF No. 10089.

{00044174 3 }    2

*Granfinanciera*, 492 U.S. at 56). Thus, it is settled that, under Article III, "the Bankruptcy Court may not . . . enter final judgment on avoidance claims" absent exceptions inapplicable here. *See Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 490 B.R. 46, 49 (S.D.N.Y. 2013) (Rakoff, J.); *Dev. Specialists, Inc. v. Akin Gump Strauss Hauer & Feld LLP*, 462 B.R. 457, 469 (S.D.N.Y. 2011) (withdrawing the reference based on finding that "DSI's fraudulent conveyance counterclaim against Dechert is precisely the kind of claim found to involve only private rights in *Granfinanciera*"); *In re Coudert Bros. LLP*, 2011 WL 5593147, at *8 (S.D.N.Y. Sept. 23, 2011) (vacating final order of bankruptcy court entered prior to *Stern* with respect to fraudulent conveyance claim because "a claim of fraudulent conveyance implicates private rather than public rights").

This is similarly true with respect to those claims that the Trustee now brings under the Securities Investor Protection Act ("SIPA"). *See Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 490 B.R. at 49 ("Resolution of an avoidance action brought under SIPA would . . . require an exercise of the judicial power reserved for Article III courts"). Bankruptcy courts may conduct a jury trial only if (1) they are specially designated to do so by a district court *and* (2) both parties consent. *See* 28 U.S.C. § 157(e). Here, the Bankruptcy Court is not designated to do so and Defendants have never consented to a jury trial conducted by the Bankruptcy Court. Indeed, Defendants declined to even file a SIPC claim, in order to avoid an argument that they had waived the right to trial by jury. Accordingly, the Bankruptcy Court cannot conduct a jury trial in this case.

Although we believe the District Court's decisions in *Picard v. Saren-Lawrence,* 17-CV-5157 (GBD), 2018 WL 2383141 (S.D.N.Y, May 15, 2018) *reconsideration denied*, 2018 WL 4659476 (S.D.N.Y. Sept. 11, 2018), are incorrect, they are readily distinguishable. *See also Picard*

{00044174 3}                                3

*v. BAM, LLC et al,* 597 B.R. 466 (Bankr. S.D.N.Y. 2019). There, the court declined to withdraw the reference on the theory that the defendants had consented to the jurisdiction of the Bankruptcy Court by filing customer claims seeking to recover the balance in their accounts. Here, however, Defendants have not filed such a claim and therefore cannot be held to have consented to the jurisdiction of the Bankruptcy Court. Thus, the reference should be withdrawn so that Defendants can have a jury trial in the District Court.

### A. The Bankruptcy Court Lacks the Power to Adjudicate this Case

In *In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2d Cir. 1993), the Second Circuit held that, in deciding whether to withdraw the reference "for cause" under 28 U.S.C. § 157(d), a court should consider: [1] whether the action is non-core, [2] "efficient use of judicial resources, [3] delay and costs to the parties, [4] uniformity of bankruptcy administration, [5] the prevention of forum shopping, and [6] other related factors." The *Orion* factors compel withdrawal of the reference here.

Prior to *Stern v. Marshall*, 564 U.S. 462 (2011), the key question in determining whether to withdraw the reference "for cause" was whether the claim was "core" or "non-core." *Orion*, 4 F.3d at 1101. But in *Stern*, the Supreme Court held that there are "core" claims that the Bankruptcy Court – although *statutorily* empowered to adjudicate – cannot *constitutionally* adjudicate under Article III. 564 U.S. at 482. Thus, following *Stern*, the core/non-core distinction has been interpreted to require determination of whether the Bankruptcy Court can finally adjudicate the claim. *See, e.g.*, *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 490 B.R. at 57 ("Following *Stern,* a number of courts applying this test have concluded that, because the classification of a claim as core or non-core no longer definitively determines whether the Bankruptcy Court may enter final judgment, courts should instead look "at whether, under *Stern,* the Bankruptcy Court has the final power to adjudicate [the claim at issue].'") (alteration in

original) (quoting *Dev. Specialists, Inc. v. Akin Gump Strauss Hauer & Feld LLP*, 462 B.R. 457, 467 (S.D.N.Y. 2011)).

The reason for this is that "the core/non-core distinction was particularly relevant for efficiency considerations, because if the matter was core, a bankruptcy court could issue a final determination, whereas if the matter was non-core, it would be subject to *de novo* review by the district court." *See Dynegy Danskammer, L.L.C. v. Peabody COALTRADE Int'l Ltd.*, 905 F. Supp. 2d 526, 530 (S.D.N.Y. 2012) (citing *Orion*, 4 F.3d at 1101). Because this is "no longer dispositive of a bankruptcy court's authority to enter a final determination, it is no longer 'upon this issue that questions of efficiency and uniformity will turn.'" *Id.* (quoting *Orion*, 4 F.3d at 1101); *DSI*, 462 B.R. at 467 (if the bankruptcy court does not have the power to adjudicate claims, "there will be no advantage to allowing the matter to be heard in Bankruptcy Court, because this Court will eventually need to review the Article I Court's determinations *de novo* . . . .").

Withdrawal of the reference is required here because the Bankruptcy Court lacks the Constitutional power to determine the action. "Because a bankruptcy court lacks jurisdiction to conduct a jury trial over a non-core claim except by consent of the parties . . . . the threshold core/non-core evaluation is of critical importance if the commencement of trial is approaching in an adversary proceeding." *In re Enron Corp.*, 2004 WL 1197243, at *3 (S.D.N.Y. May 28, 2004); *see DSI*, 462 B.R. at 467 (where the Bankruptcy Court lacks final adjudicative authority, "the remaining *Orion* considerations will often tend to point toward withdrawal, for the same reasons they did when the question asked was whether or not the actions were core . . . ."). Once a district court determines whether the bankruptcy court can adjudicate the claim, it should "weigh questions of efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." *See Orion*, 4 F.3d at

1101. These factors necessarily require withdrawal of the reference where there is a jury demand relating to claims that the Bankruptcy Court cannot finally adjudicate.

As the Second Circuit held in *Orion*, before the Supreme Court held that defendants were entitled to jury trials even in core matters, "the constitution prohibits bankruptcy courts from holding jury trials in non-core matters." *Orion*, 4 F.3d at 1101; *accord In re Cinematronics, Inc.*, 916 F.2d 1444, 1451 (9th Cir. 1990) ("[W]e find that grave Seventh Amendment problems would arise if a jury trial is conducted by the bankruptcy court, because section 157(c)(1) requires *de novo* review by the district court of noncore matters."); *In re Kaiser Steel Corp.*, 911 F.2d 380, 391 (10th Cir. 1990) (agreeing that bankruptcy court cannot hold jury trials in non-core proceedings); *see also* Wright & Miller, Federal Practice & Procedure, § 4106 (3d Ed.) (bankruptcy court may not conduct a jury trial in non-core matters).

*Orion* has been interpreted to *mandate* withdrawal of the reference in these circumstances. *See DSI*, 462 B.R. at 472 ("In addition, Defendant DLA Piper has demanded a jury trial of all issues so triable. Therefore, his action must be finally adjudicated here."); *In re The VWE Grp., Inc.*, 359 B.R. 441, 451 (S.D.N.Y. 2007) ("[T]he [district] court's finding that the claim is non-core coupled with defendants' jury demand *is sufficient* cause to withdraw the reference.") (emphasis added); *Dynegy Danskammer, L.L.C.*, 905 F. Supp.2d at 534 ("If a jury trial were required, this could counsel for withdrawal of the reference."); *accord In re Cinematronics, Inc.*, 916 F.2d at 1451 (reversing district court under abuse of discretion standard for refusing to withdraw the reference in a non-core proceeding where a jury demand was made); *In re Larry's Apartment, L.L.C.*, 210 B.R. 469, 472 (D. Ariz. 1997) ("[B]ecause bankruptcy courts cannot conduct jury trials on non-core matters, withdrawal is mandated if a litigant is entitled to jury trial on such matters.").

After *Stern*, these same constitutional limitations apply to cases that the Bankruptcy Court cannot fully adjudicate under Article III, whether those claims are core or non-core.

### B.    All *Orion* Factors Support Withdrawal

Numerous courts have recognized that it is appropriate to withdraw the reference when a case is trial ready. *See Kirschner v. Agoglia*, 476 B.R. 75, 83 (S.D.N.Y. 2012) ("[T]he Court may withdraw the reference if and when a trial is necessary."); *1800Postcards, Inc. v. Morel*, 153 F. Supp. 2d 359, 367 (S.D.N.Y. 2001) ("Both have requested a jury trial and neither has consented to final resolution of the non-core matter by the Bankruptcy Court.  Withdrawal of the reference thus would solve the constitutional problems that would arise were the adversary action to proceed to trial."); *In re FMI Forwarding Co., Inc.*, 2004 WL 1348956, at *6 (S.D.N.Y. June 16, 2004) ("[T]he fact that the bankruptcy court would be better able than this Court to oversee discovery and other pretrial activities . . . is no longer a relevant consideration at this stage of the present adversary proceeding where . . . there is very little discovery left, and this case is on the eve of trial.") (quotation marks omitted).

Withdrawal of the reference at this stage "will not result in forum-shopping because, due to defendants' demand for a jury trial on this non-core claim, the parties have no choice but to try the case in this Court."  *In re The VWE Grp., Inc.*, 359 B.R. at 451; *see In re FMI Forwarding Co., Inc.*, 2004 WL 1348956, at *7 ("Moreover, withdrawing the reference does not promote forum-shopping because, since Marcus has a right to a jury trial on the claim, absent consent by Marcus to a trial in bankruptcy court, the parties have no choice but to try the case in this Court.").

{00044174 3 }                                                  7

## CONCLUSION

Defendants have demanded a jury trial that can only be conducted in the District Court.

The reference must be withdrawn.

| | |
|---|---|
| Dated:   New York, New York<br>        April 3, 2020 | **CHAITMAN LLP** |
| | By:  */s/ Helen Davis Chaitman*<br>        Helen Davis Chaitman<br>        hchaitman@chaitmanllp.com<br>        465 Park Avenue<br>        New York, New York 10022<br>        Phone & Fax: 888-759-1114<br><br>        *Attorneys for Defendants* |