# EXHIBIT B

**Blank Rome LLP**
Philippe M. Salomon
Andrew B. Eckstein
Anthony A. Mingione
Rither Alabre
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
(212) 885-5000

*Attorneys for Defendants Zieses Investment Partnership, Marshall Zieses, Debra S. Zieses, Neil R. Zieses, Caryn Zieses, Barry Inger, Allan Inger and Susan B. Alswanger*

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br>v.<br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>Plaintiff,<br>v.<br>ZIESES INVESTMENT PARTNERSHIP, MARSHALL ZIESES, DEBRA S. ZIESES, NEIL R. ZIESES, CARYN ZIESES, BARRY INGER, ALLAN INGER, and SUSAN B. ALSWANGER,<br><br>Defendants. | Adv. Pro. No. 10-4669 (SMB)<br><br>**ANSWER AND AFFIRMATIVE DEFENSES** |

Defendants Zieses Investment Partnership, Marshall Zieses, Debra S. Zieses, Neil R. Zieses, Caryn Zieses, Barry Inger, Allan Inger and Susan B. Alswanger (collectively, the "Defendants"), by and through their undersigned counsel Blank Rome LLP, answer the amended complaint (the "Complaint") filed by Irving H. Picard (the "Trustee"), as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS"), as follows:

## AS TO NATURE OF PROCEEDING

1. The Trustee's allegation that the Defendants received avoidable transfers from BLMIS purports to state a legal conclusion, to which no response is required. Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in paragraph 1 of the Complaint.

2. Defendants deny the allegations in paragraph 2 of the Complaint.

3. The Trustee asserts certain legal and statutory bases for this action, to which no response is required. Defendants lack information sufficient to form a belief as to the truth of the factual allegations in paragraph 3 of the Complaint.

## AS TO JURISDICTION AND VENUE

4. Paragraph 4 of the Complaint purports to state a legal conclusion, to which no response is required.

5. Paragraph 5 of the Complaint purports to state a legal conclusion, to which no response is required.

6. Paragraph 6 of the Complaint purports to state a legal conclusion, to which no response is required.

-2-

## AS TO DEFENDANTS

7. To the extent paragraph 7 of the Complaint purports to state a legal conclusion, no response is required. The Trustee's factual allegations in Paragraph 7 of the Complaint refer to BLMIS account records; Defendants refer to those documents for their content the allegations in paragraph 7 of the Complaint.

8. To the extent paragraph 8 of the Complaint purports to state a legal conclusion, no response is required. Defendants admit the remaining allegations in paragraph 8 of the Complaint.

9. To the extent paragraph 9 of the Complaint purports to state a legal conclusion, no response is required. Defendants admit the remaining allegations in paragraph 9 of the Complaint.

10. To the extent paragraph 10 of the Complaint purports to state a legal conclusion, no response is required. Defendants admit the remaining allegations in paragraph 10 of the Complaint.

11. To the extent paragraph 11 of the Complaint purports to state a legal conclusion, no response is required. Defendants admit the remaining allegations in paragraph 11 of the Complaint.

12. To the extent paragraph 12 of the Complaint purports to state a legal conclusion, no response is required. Defendants admit the remaining allegations in paragraph 12 of the Complaint.

13. To the extent paragraph 13 of the Complaint purports to state a legal conclusion, no response is required. Defendants admit the remaining allegations in paragraph 13 of the Complaint.

14. To the extent paragraph 14 of the Complaint purports to state a legal conclusion, no response is required. Defendants admit the remaining allegations in paragraph 14 of the Complaint.

## AS TO BACKGROUND. THE TRUSTEE AND STANDING

15. To the extent the Trustee's allegations in paragraph 15 of the Complaint reference documents, Defendants refer to those documents for their content. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint.

16. To the extent the Trustee's allegations in paragraph 16 of the Complaint reference documents, Defendants refer to those documents for their content. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint.

17. To the extent the Trustee's allegations in paragraph 17 of the Complaint reference documents, Defendants refer to those documents for their content. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint.

18. To the extent the Trustee's allegations in paragraph 18 of the Complaint reference documents, Defendants refer to those documents for their content. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint.

19. To the extent the Trustee's allegations in paragraph 19 of the Complaint reference documents, Defendants refer to those documents for their content. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint.

20. To the extent the Trustee's allegations in paragraph 20 of the Complaint reference documents, Defendants refer to those documents for their content. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint.

21. To the extent the Trustee's allegations in paragraph 21 of the Complaint reference documents, Defendants refer to those documents for their content. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint.

22. The Trustee's allegations in paragraph 22 of the Complaint concerning his statutory authority under the Securities Investor Protection Act ("SIPA"), purport to state a legal conclusion, to which no response is required. To the extent the Trustee's allegations in paragraph 22 of the Complaint reference documents, Defendants refer to those documents for their content. Defendants lack information sufficient to form a belief as to the truth of the balance of the allegations in paragraph 22 of the Complaint.

23. The Trustee's allegations in paragraph 23 of the Complaint purport to state a legal conclusion, to which no response is required.

24. The Trustee's allegations in paragraph 24 of the Complaint purport to state a legal conclusion, to which no response is required.

25. The Trustee's allegations in paragraph 25 of the Complaint purport to state a legal conclusion, to which no response is required. To the extent the Trustee's allegations in paragraph 25 of the Complaint reference documents, Defendants refer to those documents for their content. Except as so stated, Defendants deny knowledge sufficient to form a belief as to the truth of the balance of the allegations in paragraph 25 of the Complaint.

### AS TO THE FRAUDULENT PONZI SCHEME

26. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint.

27. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint.

28. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint.

29. To the extent the Trustee's allegations in paragraph 29 of the Complaint reference documents, Defendants refer to those documents for their content. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Complaint.

30. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Complaint.

31. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Complaint.

32. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Complaint.

33. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the Complaint. To the extent the Trustee's allegations in paragraph 33 of the Complaint purport to state a legal conclusion, no response is required, accordingly they are denied.

34. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the Complaint.

35. To the extent the Trustee's allegations in paragraph 35 of the Complaint reference documents, Defendants refer to those documents for their content. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Complaint.

36. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 36 of the Complaint.

37. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 37 of the Complaint.

38. To the extent the Trustee's allegations in paragraph 38 of the Complaint reference documents, Defendants refer to those documents for their content. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 38 of the Complaint.

39. To the extent the Trustee's allegations in paragraph 39 of the Complaint reference documents, Defendants refer to those documents for their content. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 39 of the Complaint.

40. To the extent the Trustee's allegations in paragraph 40 of the Complaint state a legal conclusion regarding insolvency, no response is required. Defendants lack information sufficient to form a belief as to the truth of the other allegations in paragraph 40 of the Complaint.

## AS TO THE TRANSFERS

41. Defendants refer to the documents referenced in paragraph 41 of the Complaint for their content.

42. Defendants admit that they engaged in certain transactions involving their BLMIS account, but otherwise refer to the documents referenced in paragraph 42 of the Complaint for their content.

43. The Trustee's allegations in paragraph 43 of the Complaint purport to state a legal conclusion, to which no response is required. To the extent the Trustee's allegations in paragraph 43 of the Complaint reference documents, Defendants refer to those documents for their content. Except as so stated, Defendants deny the allegations in paragraph 43 of the Complaint.

44. The Trustee's allegations in paragraph 43 of the Complaint purport to state a legal conclusion, to which no response is required. To the extent the Trustee's allegations in paragraph 44 of the Complaint reference documents, Defendants refer to those documents for their content. Except as so stated, Defendants deny the allegations in paragraph 44 of the Complaint.

45. Defendants deny the allegations in paragraph 45 of the Complaint.

46. To the extent the Trustee's allegations in paragraph 46 of the Complaint reference documents, Defendants refer to those documents for their content. Except as so stated, Defendants deny the allegations in paragraph 46 of the Complaint.

47. Defendants lack information sufficient to form a belief as to the truth of the allegations in paragraph 47 of the Complaint.

48. Paragraph 48 contains no factual allegations, accordingly, no response is required.

## AS TO COUNT ONE
## FRAUDULENT TRANSFER – 11 U.S.C., §§ 548(a)(1)(A), 550(a) AND 551

49. Defendants incorporate their responses to paragraphs 1 through 48 of the Complaint as if set forth at length herein.

50. To the extent the Trustee's allegations in paragraph 50 of the Complaint state a legal conclusion, no response is required. Defendants deny the other allegations in paragraph 50 of the Complaint.

51. To the extent the Trustee's allegations in paragraph 51 of the Complaint state a legal conclusion, no response is required. Defendants deny the other allegations in paragraph 51 of the Complaint.

-8-

52. To the extent the Trustee's allegations in paragraph 52 of the Complaint state a legal conclusion, no response is required. Defendants deny the other allegations in paragraph 52 of the Complaint.

53. To the extent the Trustee's allegations in paragraph 53 of the Complaint state a legal conclusion, no response is required. Defendants deny the other allegations in paragraph 53 of the Complaint.

54. To the extent the Trustee's allegations in paragraph 54 of the Complaint state a legal conclusion, no response is required. Defendants deny the other allegations in paragraph 54 of the Complaint.

**AS TO COUNT TWO**
**FRAUDULENT TRANSFER – 11 U.S.C. §§ 548(a)(1)(B), 550(a) AND 551**

55. Defendants incorporate their responses to paragraphs 1 through 54 of the Complaint as if set forth at length herein.

56. To the extent the Trustee's allegations in paragraph 56 of the Complaint state a legal conclusion, no response is required. Defendants deny the factual allegations in paragraph 56 of the Complaint, and further aver that this count has been dismissed.

57. To the extent the Trustee's allegations in paragraph 57 of the Complaint state a legal conclusion, no response is required. Defendants deny the factual allegations in paragraph 57 of the Complaint, and further aver that this count has been dismissed.

58. To the extent the Trustee's allegations in paragraph 58 of the Complaint state a legal conclusion, no response is required. Defendants deny the factual allegations in paragraph 58 of the Complaint, and further aver that this count has been dismissed.

59. To the extent the Trustee's allegations in paragraph 59 of the Complaint state a legal conclusion, no response is required. Defendants deny the factual allegations in paragraph 59 of the Complaint, and further aver that this count has been dismissed.

60. To the extent the Trustee's allegations in paragraph 60 of the Complaint state a legal conclusion, no response is required. Defendants deny the factual allegations in paragraph 60 of the Complaint, and further aver that this count has been dismissed.

61. To the extent the Trustee's allegations in paragraph 61 of the Complaint state a legal conclusion, no response is required. Defendants deny the factual allegations in paragraph 61 of the Complaint, and further aver that this count has been dismissed.

62. To the extent the Trustee's allegations in paragraph 62 of the Complaint state a legal conclusion, no response is required. Defendants deny the factual allegations in paragraph 62 of the Complaint, and further aver that this count has been dismissed.

63. To the extent the Trustee's allegations in paragraph 63 of the Complaint state a legal conclusion, no response is required. Defendants deny the factual allegations in paragraph 63 of the Complaint, and further aver that this count has been dismissed.

## AS TO COUNT THREE
## FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 276, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a) AND 551

64. Defendants incorporate their responses to paragraphs 1 through 63 of the Complaint as if set forth at length herein.

65. To the extent the Trustee's allegations in paragraph 65 of the Complaint state a legal conclusion, no response is required. Defendants deny the factual allegations in paragraph 65 of the Complaint, and further aver that this count has been dismissed.

66. To the extent the Trustee's allegations in paragraph 66 of the Complaint state a legal conclusion, no response is required. Defendants deny the factual allegations in paragraph 66 of the Complaint, and further aver that this count has been dismissed.

67. To the extent the Trustee's allegations in paragraph 67 of the Complaint state a legal conclusion, no response is required. Defendants deny the factual allegations in paragraph 67 of the Complaint, and further aver that this count has been dismissed.

68. To the extent the Trustee's allegations in paragraph 68 of the Complaint state a legal conclusion, no response is required. Defendants deny the allegations in paragraph 68 of the Complaint, and further aver that this count has been dismissed.

## AS TO COUNT FOUR
### FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 273 AND 278 AND/OR 279. AND 11 U.S.C. §§ 544(b), 550(a) AND 551

69. Defendants incorporate their responses to paragraphs 1 through 68 of the Complaint as if set forth at length herein.

70. To the extent the Trustee's allegations in paragraph 70 of the Complaint state a legal conclusion, no response is required. Defendants deny the factual allegations in paragraph 70 of the Complaint, and further aver that this count has been dismissed.

71. To the extent the Trustee's allegations in paragraph 71 of the Complaint state a legal conclusion, no response is required. Defendants deny the factual allegations in paragraph 71 of the Complaint, and further aver that this count has been dismissed.

72. To the extent the Trustee's allegations in paragraph 72 of the Complaint state a legal conclusion, no response is required. Defendants deny the factual allegations in paragraph 72 of the Complaint, and further aver that this count has been dismissed.

73. To the extent the Trustee's allegations in paragraph 73 of the Complaint state a legal conclusion, no response is required. Defendants deny the factual allegations in paragraph 73 of the Complaint, and further aver that this count has been dismissed.

74. To the extent the Trustee's allegations in paragraph 74 of the Complaint state a legal conclusion, no response is required. Defendants deny the factual allegations in paragraph 74 of the Complaint, and further aver that this count has been dismissed.

## AS TO COUNT FIVE
## FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 274, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a), AND 551

75. Defendants incorporate their responses to paragraphs 1 through 74 of the Complaint as if set forth at length herein.

76. To the extent the Trustee's allegations in paragraph 76 of the Complaint state a legal conclusion, no response is required. Defendants deny the factual allegations in paragraph 76 of the Complaint, and further aver that this count has been dismissed.

77. To the extent the Trustee's allegations in paragraph 77 of the Complaint state a legal conclusion, no response is required. Defendants deny the factual allegations in paragraph 77 of the Complaint, and further aver that this count has been dismissed.

78. To the extent the Trustee's allegations in paragraph 78 of the Complaint state a legal conclusion, no response is required. Defendants deny the factual allegations in paragraph 78 of the Complaint, and further aver that this count has been dismissed.

79. To the extent the Trustee's allegations in paragraph 79 of the Complaint state a legal conclusion, no response is required. Defendants deny the factual allegations in paragraph 79 of the Complaint, and further aver that this count has been dismissed.

80. To the extent the Trustee's allegations in paragraph 80 of the Complaint state a legal conclusion, no response is required. Defendants deny the factual allegations in paragraph 80 of the Complaint, and further aver that this count has been dismissed.

### AS TO COUNT SIX
### FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW SS 275, 278 AND/OR 279. AND 11 U.S.C. §§ 544(b). 550(a), AND 551

81. Defendants incorporate their responses to paragraphs 1 through 80 of the Complaint as if set forth at length herein.

82. To the extent the Trustee's allegations in paragraph 82 of the Complaint state a legal conclusion, no response is required. Defendants deny the factual allegations in paragraph 82 of the Complaint, and further aver that this count has been dismissed.

83. To the extent the Trustee's allegations in paragraph 83 of the Complaint state a legal conclusion, no response is required. Defendants deny the factual allegations in paragraph 83 of the Complaint, and further aver that this count has been dismissed.

84. To the extent the Trustee's allegations in paragraph 84 of the Complaint state a legal conclusion, no response is required. Defendants deny the factual allegations in paragraph 84 of the Complaint, and further aver that this count has been dismissed.

85. To the extent the Trustee's allegations in paragraph 85 of the Complaint state a legal conclusion, no response is required. Defendants deny the factual allegations in paragraph 85 of the Complaint, and further aver that this count has been dismissed.

86. To the extent the Trustee's allegations in paragraph 86 of the Complaint state a legal conclusion, no response is required. Defendants deny the factual allegations in paragraph 86 of the Complaint, and further aver that this count has been dismissed.

## AS TO COUNT SEVEN
## RECOVERY OF SUBSEQUENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 278 AND/OR 279 AND 11 U.S.C. §§ 544, 548, 550(A) AND 551

87. Defendants incorporate their responses to paragraphs 1 through 86 of the Complaint as if set forth at length herein.

88. To the extent the Trustee's allegations in paragraph 88 of the Complaint state a legal conclusion, no response is required. Defendants deny the factual allegations in paragraph 88 of the Complaint, and further aver that this count has been dismissed.

89. To the extent the Trustee's allegations in paragraph 89 of the Complaint state a legal conclusion, no response is required. Defendants deny the factual allegations in paragraph 89 of the Complaint, and further aver that this count has been dismissed.

90. To the extent the Trustee's allegations in paragraph 90 of the Complaint state a legal conclusion, no response is required. Defendants deny the factual allegations in paragraph 90 of the Complaint, and further aver that this count has been dismissed.

91. To the extent the Trustee's allegations in paragraph 91 of the Complaint state a legal conclusion, no response is required. Defendants deny the factual allegations in paragraph 91 of the Complaint, and further aver that this count has been dismissed.

92. To the extent the Trustee's allegations in paragraph 92 of the Complaint state a legal conclusion, no response is required. Defendants deny the factual allegations in paragraph 92 of the Complaint, and further aver that this count has been dismissed.

**WHEREFORE** Defendants demand judgment dismissing the Complaint with prejudice together with attorney's fees, costs of suit and such other and further relief as the Court deems equitable and just.

## DEFENSES

### FIRST DEFENSE

The Complaint should be dismissed for failure to state a claim upon which relief may be granted.

### SECOND DEFENSE

Defendants did not breach any duties owed to the Trustee, BLMIS, the BLMIS Estate or BLMIS's creditors.

### THIRD DEFENSE

Counts Two through Seven of the Complaint have been dismissed.

### FOURTH DEFENSE

The Trustee's claims are barred because any withdrawals made by Defendants from their BLMIS accounts represent payments that discharged valid debts, which are not avoidable fraudulent transfers under either the Bankruptcy Code or New York law.

### FIFTH DEFENSE

Section 546(e) of the Bankruptcy Code precludes the Trustee's ability to recover.

### SIXTH DEFENSE

Defendants are entitled to an offset for unrecoverable taxes paid on phantom investment income.

### SEVENTH DEFENSE

Bankruptcy courts cannot enter final dispositions in fraudulent transfer proceedings because such rulings are unconstitutional usurpations of the judicial power reserved for Article III Courts.

-15-

## EIGHTH DEFENSE

The Trustee's Complaint is barred by the doctrine of *in pari delicto*.

-16-

**WHEREFORE** Defendants demand judgment dismissing the Complaint with prejudice together with attorney's fees, costs of suit and such other and further relief as the Court deems equitable and just.

Dated: January 17, 2014

*[signature]*

**Blank Rome LLP**
Philippe M. Salomon
Andrew B. Eckstein
Anthony A. Mingione
Rither Alabre
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
(212) 885-5000
*Attorneys for Defendants Zieses Investment Partnership, Marshall Zieses, Debra S. Zieses, Neil R. Zieses, Caryn Zieses, Barry Inger, Allan Inger and Susan B. Alswanger*

-17-