# **EXHIBIT B**

FENNEMORE CRAIG, P.C.
Gerald L. Shelley (Arizona No. 010453)
Anthony W. Austin (Arizona No. 025351)
3003 N. Central Avenue, Suite 2600
Phoenix, AZ 85012-2913
Telephone: (602)916-5419
Facsimile: (602) 916-5347
Email: gshelley@fclaw.com
Email: aaustin@fclaw.com

Attorneys for Lisa Beth Nissenbaum Trust;
Neal Kurn, in his capacity as Trustee for
Lisa Beth Nissenbaum Trust; and Lisa B. Nissenbaum,

**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>        Plaintiff-Applicant,<br><br>        v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES, LLC,<br><br>        Defendant. | Adv. Pro No. 08-01789 (BRL)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>        Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities, LLC,<br><br>        Plaintiff,<br><br>        v.<br><br>LISA BETH NISSENBAUM TRUST; NEAL KURN, in his capacity as Trustee for Lisa Beth Nissenbaum Trust; and LISA B. NISSENBAUM,<br><br>        Defendant. | Adv. Pro. No. 10-04878 (BRL) |

## ANSWER

Lisa Beth Nissenbaum Trust, Neal Kurn, in his capacity as Trustee for Lisa Beth Nissenbaum Trust, and Lisa B. Nissenbaum (collectively "Nissenbaum"), hereby answers the

2419505.1

complaint (the "Complaint") filed by Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities, LLC (the "Trustee") as follows:

1. As to the allegations contained in paragraph 1 of the Complaint, Nissenbaum is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

2. Nissenbaum admits having received $625,551 from its account at BLMIS. Nissenbaum denies the remaining allegations contained in paragraph 2 of the Complaint.

3. The statutes cited in paragraph 3 of the Complaint speak for themselves and no response is required. Nissenbaum denies the remaining allegations contained in paragraph 3 of the Complaint.

4. Nissenbaum admits the allegations contained in paragraph 4 of the Complaint.

5. Nissenbaum admits the allegations contained in paragraph 5 of the Complaint.

6. Nissenbaum admits the allegations contained in paragraph 6 of the Complaint.

7. Nissenbaum admits the allegations contained in paragraph 7 of the Complaint.

8. Nissenbaum admits the allegations contained in paragraph 8 of the Complaint.

9. Nissenbaum admits the allegations contained in paragraph 9 of the Complaint.

10. As to the allegations contained in paragraph 10 of the Complaint, Nissenbaum is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

11. Nissenbaum admits the allegations contained in paragraph 11 of the Complaint.

12. Nissenbaum admits the allegations contained in paragraph 12 of the Complaint.

13. Nissenbaum admits the allegations contained in paragraph 13 of the Complaint.

14. Nissenbaum admits the allegations contained in paragraph 14 of the Complaint.

15. Nissenbaum admits the allegations contained in paragraph 15 of the Complaint.

16. Nissenbaum admits the allegations contained in paragraph 16 of the Complaint.

17. The statutes cited in paragraph 17 of the complaint speak for themselves and no response is required. As to the remaining allegations contained in paragraph 17 of the Complaint, Nissenbaum is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

18. The statutes cited in paragraph 18 of the Complaint speak for themselves and no response is required.

19. The statutes cited in paragraph 19 of the Complaint speak for themselves and no response is required.

20. The statutes cited in paragraph 20 of the Complaint speak for themselves and no response is required. Nissenbaum is without knowledge or information sufficient to form a belief as to the truth of paragraphs 20(b), (c), (d), (e), (f), (g), (h) and therefore denies the same. Nissenbaum denies the remaining allegations contained in paragraph 20 of the Complaint.

21. As to the allegations contained in paragraph 21 of the Complaint, Nissenbaum is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

22. As to the allegations contained in paragraph 22 of the Complaint, Nissenbaum is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

23. As to the allegations contained in paragraph 23 of the Complaint, Nissenbaum is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

24. As to the allegations contained in paragraph 24 of the Complaint, Nissenbaum is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

25. As to the allegations contained in paragraph 25 of the Complaint, Nissenbaum is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

26. As to the allegations contained in paragraph 26 of the Complaint, Nissenbaum is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

27. As to the allegations contained in paragraph 27 of the Complaint, Nissenbaum is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

28. As to the allegations contained in paragraph 28 of the Complaint, Nissenbaum is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

29. As to the allegations contained in paragraph 29 of the Complaint, Nissenbaum is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

30. As to the allegations contained in paragraph 30 of the Complaint, Nissenbaum is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

31. As to the allegations contained in paragraph 31 of the Complaint, Nissenbaum is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

32. As to the allegations contained in paragraph 32 of the Complaint, Nissenbaum is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

33. As to the allegations contained in paragraph 33 of the Complaint, Nissenbaum is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

34. As to the allegations contained in paragraph 34 of the Complaint, Nissenbaum is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

35. As to the allegations contained in paragraph 35 of the Complaint, Nissenbaum is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

36. Nissenbaum admits the allegations contained in paragraph 36 of the Complaint.

37. Nissenbaum admits the allegations contained in paragraph 37 of the Complaint.

38. Nissenbaum admits to receiving $625,551 in funds from its account with BLMIS. Nissenbaum denies the remaining allegations contained in paragraph 38.

39. The statutes cited in paragraph 39 of the Complaint speak for themselves and no response is required. Nissenbaum denies the characterization of any transfer it received. The remaining allegations do not require a response

10-04378-bs Doc 7 Filed 05/18/10 Entered 05/18/10 14:47:01 Main Document Pg 6 of 12

40. Nissenbaum admits that some or all of the $625,551 in funds received were transferred to Ms. Nissenbaum personally.

41. The statutes cited in paragraph 41 of the Complaint speak for themselves and no response is required. Nissenbaum denies the remaining allegations contained in paragraph 41 of the Complaint.

42. Paragraph 42 of the Complaint does not contain any factual allegations and therefore no response is required.

43. Paragraph 43 of the Complaint does not contain any factual allegations and therefore no response is required.

44. Paragraph 44 of the Complaint does not contain any factual allegations and therefore no response is required.

45. Nissenbaum admits receiving $625,551 from the BLMIS account on or about November 6, 2007.

46. The statutes cited in paragraph 46 of the Complaint speak for themselves and no response is required. Nissenbaum denies the remaining allegations contained in paragraph 46 of the Complaint.

47. As to the allegations contained in paragraph 47 of the Complaint, Nissenbaum is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

48. The statutes cited in paragraph 48 of the Complaint speak for themselves and no response is required. Nissenbaum denies the remaining allegations contained in paragraph 48 of the Complaint.

49. The statutes cited in paragraph 49 of the Complaint speak for themselves and no response is required. Nissenbaum denies the remaining allegations contained in paragraph 46 of the Complaint.

50. Paragraph 50 of the Complaint does not contain any factual allegations and therefore no response is required.

51. Nissenbaum admits receiving $625,551 from the BLMIS account on or about November 6, 2007.

52. The statutes cited in paragraph 52 of the Complaint speak for themselves and no response is required. Nissenbaum denies the remaining allegations contained in paragraph 46 of the Complaint.

53. Nissenbaum denies the allegations contained in paragraph 53 of the Complaint.

54. As to the allegations contained in paragraph 54 of the Complaint, Nissenbaum is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

55. As to the allegations contained in paragraph 55 of the Complaint, Nissenbaum is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

56. As to the allegations contained in paragraph 56 of the Complaint, Nissenbaum is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

57. The statutes cited in paragraph 57 of the Complaint speak for themselves and no response is required. Nissenbaum denies the remaining allegations contained in paragraph 57 of the Complaint.

58. The statutes cited in paragraph 58 of the Complaint speak for themselves and no response is required. Nissenbaum denies the remaining allegations contained in paragraph 58 of the Complaint.

59. Paragraph 59 of the Complaint does not contain any factual allegations and therefore no response is required.

60. The statutes cited in paragraph 60 of the Complaint speak for themselves and no response is required. As to the remaining allegations contained in paragraph 60 of the Complaint, Nissenbaum is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

61. The statute cited in paragraph 61 of the Complaint speaks for itself and no response is required. Nissenbaum denies the remaining allegations contained in paragraph 61 of the Complaint.

62. As to the allegations contained in paragraph 62 of the Complaint, Nissenbaum is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

63. The statutes cited in paragraph 63 of the Complaint speak for themselves and no response is required. Nissenbaum denies the remaining allegations contained in paragraph 63 of the Complaint.

64. Paragraph 64 of the Complaint does not contain any factual allegations and therefore no response is required.

65. The statutes cited in paragraph 65 of the Complaint speak for themselves and no response is required. As to the remaining allegations contained in paragraph 65 of the

2419505.1

-8-

Complaint, Nissenbaum is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

66. The statutes cited in paragraph 66 of the Complaint speak for themselves and no response is required. Nissenbaum denies the remaining allegations contained in paragraph 66 of the Complaint.

67. Nissenbaum denies the allegations contained in paragraph 67 of the Complaint.

68. As to the allegations contained in paragraph 68 of the Complaint, Nissenbaum is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

69. The statutes cited in paragraph 69 of the Complaint speak for themselves and no response is required. Nissenbaum denies the remaining allegations contained in paragraph 69 of the Complaint.

70. Paragraph 70 of the Complaint does not contain any factual allegations and therefore no response is required.

71. The statutes cited in paragraph 71 of the Complaint speak for themselves and no response is required. As to the remaining allegations contained in paragraph 71 of the Complaint, Nissenbaum is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

72. The statutes cited in paragraph 72 of the Complaint speak for themselves and no response is required. Nissenbaum denies the remaining allegations contained in paragraph 72 of the Complaint.

73. Nissenbaum denies the allegations contained in paragraph 73 of the Complaint.

74. As to the allegations contained in paragraph 74 of the Complaint, Nissenbaum is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

75. The statutes cited in paragraph 75 of the Complaint speak for themselves and no response is required. Nissenbaum denies the remaining allegations contained in paragraph 75 of the Complaint.

76. Paragraph 76 of the Complaint does not contain any factual allegations and therefore no response is required.

77. The statutes cited in paragraph 77 of the Complaint speak for themselves and no response is required. As to the remaining allegations contained in paragraph 77 of the Complaint, Nissenbaum is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

78. The statutes cited in paragraph 78 of the Complaint speak for themselves and no response is required. Nissenbaum denies the remaining allegations contained in paragraph 78 of the Complaint.

79. Nissenbaum denies the allegations contained in paragraph 79 of the Complaint.

80. As to the allegations contained in paragraph 80 of the Complaint, Nissenbaum is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

81. The statutes cited in paragraph 81 of the Complaint speak for themselves and no response is required. Nissenbaum denies the remaining allegations contained in paragraph 81 of the Complaint.

82. Paragraph 82 of the Complaint does not contain any factual allegations and therefore no response is required.

83. The statutes cited in paragraph 83 of the Complaint speak for themselves and no response is required. Nissenbaum denies the remaining allegations contained in paragraph 83 of the Complaint.

84. Nissenbaum admits that some or all of the $625,551 in funds received were transferred to Ms. Nissenbaum personally.

85. Nissenbaum admits that some or all of the $625,551 in funds received were transferred to Ms. Nissenbaum personally.

86. Nissenbaum admits that some or all of the $625,551 in funds received were transferred to Ms. Nissenbaum personally.

87. The statutes cited in paragraph 87 of the Complaint speak for themselves and no response is required. Nissenbaum denies the remaining allegations contained in paragraph 78 of the Complaint.

### AFFIRMATIVE DEFENSES

88. The transfers, in their entirety or in part, do not constitute fraudulent conveyances within the meaning of 11 U.S.C. § 548 and, alternatively, the claims asserted in the Complaint are barred by or included within the exceptions under 11 U.S.C. § 548(c).

89. Further investigation and discovery in this case may reveal the existence of additional affirmative defenses. Nissenbaum, therefore, reserves as possible defenses the remaining defenses contained in Rule 8(c), Federal Rules of Civil Procedure.

WHEREFORE, Nissenbaum asks the Court to enter Judgment as follows:

A. Denying all relief sought by Trustee against Nissenbaum;

B.  Dismissing this Adversary Proceeding with prejudice;

C.  Awarding Nissenbaum its costs incurred in this Adversary Proceeding; and

D.  Granting such other and further relief as the Court deems just and proper.

Respectfully submitted this 18th day of May, 2011.

FENNEMORE CRAIG, P.C.

By: /s/ Gerald L. Shelley
Gerald L. Shelley, Arizona Bar No. 010453
Anthony W. Austin, Arizona Bar No. 025351
3003 N. Central Avenue, Suite 2600
Phoenix, AZ 85012-2913
Telephone: (602)916-5419
Facsimile: (602) 916-5347
Email: gshelley@fclaw.com
Email: aaustin@fclaw.com
*Attorneys for Defendant Lisa Beth Nissenbaum Trust; Neal Kurn, in his capacity as Trustee for Lisa Beth Nissenbaum Trust; and Lisa B. Nissenbaum*

2419505.1

-12-