# EXHIBIT 1

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 10-05354 (SMB) |
| Plaintiff, | |
| v. | |
| ABN AMRO BANK N.V. (presently known as THE ROYAL BANK OF SCOTLAND, N.V.), | |
| Defendant. | |

**ORDER DENYING THE TRUSTEE'S MOTION FOR LEAVE TO AMEND AND ENTERING FINAL JUDGMENT**

**WHEREAS**, on December 8, 2010, Irving H. Picard (the "Trustee"), as Trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act ("SIPA"), 15 U.S.C. §§ 78aaa-*lll*, and the substantively consolidated Chapter 7 estate of Bernard L. Madoff ("Madoff"), filed a complaint against ABN

AMRO Bank N.V.[1] (the "Defendant"), seeking to recover avoidable transfers from BLMIS under section 550 of the Bankruptcy Code;[2]

**WHEREAS**, on May 15, 2012 and June 7, 2012, respectively, the United States District Court for the Southern District of New York entered orders in which it withdrew the reference in certain adversary proceedings pursuant to 28 U.S.C. § 157(d) to determine whether SIPA or the Bankruptcy Code apply extraterritorially, permitting the Trustee to avoid initial transfers that were received abroad or to recover from initial, immediate, or mediate foreign transferees (the "Extraterritoriality Issue"), *SIPC v. BLMIS*, No. 12-mc-0115 (JSR), ECF Nos. 97 and 167;

**WHEREAS**, on June 25, 2012, the District Court withdrew the reference under 28 U.S.C. § 157(d), to determine whether SIPA or the securities laws alter the standard the Trustee must meet in order to determine good faith under either 11 U.S.C. § 548(c) and 11 U.S.C. § 550(b) (the "Good Faith Issue"), *SIPC v. BLMIS*, No. 12-mc-115 (JSR), ECF No. 197;

**WHEREAS,** on August 8, 2012, the Trustee filed an amended complaint (the "Amended Complaint") against the Defendant, *Picard v. ABN AMRO Bank N.V. (presently known as The Royal Bank of Scotland, N.V.)*, Adv. Pro. No. 10-05354 (SMB), ECF No. 47;[3]

**WHEREAS**, on April 27, 2014, the District Court ruled on the Good Faith Issue, *SIPC v. BLMIS*, 516 B.R. 18, 21-24 (S.D.N.Y. 2014);

---

[1] The Defendant changed its name to The Royal Bank of Scotland N.V. on February 6, 2010, and then to NatWest Markets N.V. on May 30, 2018.

[2] The complaint also sought to recover avoidable transfers from ABN AMRO Incorporated, Rye Select Broad Market XL Fund, LP ("Rye XL Fund"), and Rye Select Broad Market XL Portfolio Limited. During the course of this proceeding, these defendants were voluntarily dropped from the action.

[3] The amended complaint also included Rye XL Fund. On February 27, 2013, Rye XL Fund was voluntarily dismissed with prejudice. *Picard v. ABN AMRO Bank N.V. (presently known as The Royal Bank of Scotland, N.V.)*, Adv. Pro. No. 10-05354 (SMB), ECF No. 56.

2

**WHEREAS**, on July 6, 2014 and July 28, 2014, the District Court issued an opinion and order and supplemental opinion and order, respectively, on extraterritoriality and comity (the "District Court ET Decision"), which returned certain matters to the Bankruptcy Court for further proceedings consistent with the District Court ET Decision, *SIPC v. BLMIS*, No. 12-mc-0115 (JSR), ECF Nos. 551 and 556;

**WHEREAS**, on August 28, 2014, the Trustee moved for leave to replead on the Good Faith Issue pursuant to Fed. R. Civ. P. 15(a) and for a court order authorizing limited discovery pursuant to Fed. R. Civ. P. 26(d)(1), *SIPC v. BLMIS*, Adv. Pro. No. 08-01789 (SMB), ECF No. 7827;

**WHEREAS**, on December 10, 2014, the Bankruptcy Court deferred proceedings on the issues of leave to replead and limited discovery until after the resolution by the Bankruptcy Court of the extraterritoriality and comity issues returned by the District Court ET Decision, *SIPC v. BLMIS*, Adv. Pro. No. 08-01789 (SMB), ECF No. 8800;

**WHEREAS**, on November 22, 2016, the Bankruptcy Court issued a Decision Regarding Claims to Recover Foreign Subsequent Transfers (the "Bankruptcy Court ET Decision") granting the Trustee leave to amend his complaint against the Defendant on the issue of extraterritoriality, *SIPC v. BLMIS*, Adv. Pro. No. 08-01789 (SMB), 2016 WL 6900689 (Bankr. S.D.N.Y. Nov. 22, 2016);

**WHEREAS**, on July 24, 2017, the Bankruptcy Court deferred proceedings on the issue of leave to replead on the Good Faith Issue until after the Court's disposition of the Trustee's request for limited discovery, *SIPC v. BLMIS*, Adv. Pro. No. 08-01789 (SMB), ECF No. 16428;

3

10-05354-scgm    Doc 219-1    Filed 04/23/20    Entered 04/23/20 14:52:03    Exhibit 1 -
4/10/2020 Final Judgment of Bankruptcy Court    Pg 5 of 6

08-01789-scgm    Doc 19491    Filed 04/23/20    Entered 04/23/20 14:52:03    Main Document
Pg 4 of 5

**WHEREAS**, on June 5, 2018, the Bankruptcy Court rendered a decision denying the Trustee's motion for limited discovery; *SIPC v. BLMIS*, Adv. Pro. No. 08-01789 (SMB), ECF No. 17640;

**WHEREAS**, the Trustee moved for leave to file a proposed second amended complaint on June 10, 2019 (the "Motion for Leave to Amend"); the Defendant filed its opposition on August 9, 2019; the Trustee filed his reply on September 9, 2019, and the Bankruptcy Court heard oral argument on the Motion for Leave to Amend on October 30, 2019;

**WHEREAS**, on March 31, 2020, the Bankruptcy Court issued a decision denying the Trustee's Motion for Leave to Amend (the "Decision Denying Leave to Amend"), *Picard v. ABN AMRO Bank N.V. (presently known as The Royal Bank of Scotland, N.V.)*, Adv. Pro. No. 10-5354 (SMB), ECF No. 200; and

**WHEREAS**, the Parties have agreed to consent to the Bankruptcy Court's entry of final orders and judgments as it relates to the operative Amended Complaint consistent with the Decision Denying Leave to Amend in this adversary proceeding;

Accordingly, for the reasons set forth in the Decision Denying Leave to Amend, **IT IS HEREBY ORDERED** that:

1. The Bankruptcy Court has subject matter jurisdiction over this adversary proceeding under 28 U.S.C. § 1334(b) and (e)(1) and 15 U.S.C. § 78eee(b)(2)(A) and (b)(4).

2. The parties expressly and knowingly grant their consent for the Bankruptcy Court to enter final orders and judgments with respect to the Decision Denying Leave to Amend, whether the underlying claims are core under 28 U.S.C. § 157(b)(2) or non-core under 28 U.S.C. § 157(c)(2), subject to appellate review, including under 28 U.S.C. § 158. Notwithstanding the

4

above grant of consent, the Parties reserve all other jurisdictional, substantive, or procedural rights and remedies in connection with this adversary proceeding.

3. The Motion for Leave to Amend under Federal Rule of Civil Procedure 15 is **DENIED** on the ground of futility.

4. The Amended Complaint is **DISMISSED** with prejudice.

Dated: **April 9th, 2020**

                **SO ORDERED**

                **/s/ STUART M. BERNSTEIN**
                HON. STUART M. BERNSTEIN
                UNITED STATES BANKRUPTCY JUDGE