# **<u>Exhibit 3</u>**

| | |
|---|---|
| From: | Brett S. Moore |
| To: | North, Geoffrey A |
| Cc: | Warshavsky, Oren J.; Jenson, Karin Scholz; Pergament, Benjamin D. |
| Subject: | RE: Picard v. UBS AG, et al., Adv. Pro. No. 10-04285 (BRL); Picard v. UBS AG, et al., Adv. Pro. No. 10-05311 (BRL) |
| Date: | Tuesday, February 26, 2013 8:53:25 AM |

Geoff:

While I of course have no problem with you conveying the status to Judge Lifland, I do take some issue with a few of the points you make in your draft letter. To be clear, and this was one of the issues that I believed was worth discussing (and still believe so), we do not believe that the facts/evidence support the Trustee's position that the accounts were maintained in the name of the fund defendants. The accounts were maintained in the name of the custodian with simply a "ref" to the particular fund. Similarly, while claims were filed, the claims were filed by the custodian. If you would like to work on a mutually acceptable letter to advise Judge Lifland of the status and ask for his guidance on how he would like us to proceed, I would be happy to work on that with you. However, as your draft letter is currently written, it implies that we agree on certain points that we absolutely dispute, irrespective of any litigation pending in Europe. The alternative is that I will also need to send a position letter to Judge Lifland, which, to me, doesn't help us move forward in any meaningful way as opposed to trying to identify the particular facts/issues in dispute to try to narrow the focus of the motions.

I'm around today if you would like to discuss.

Best regards,
--Brett

**From:** North, Geoffrey A [mailto:gnorth@bakerlaw.com]
**Sent:** February 25, 2013 6:47 PM
**To:** Moore, Brett S.
**Cc:** Warshavsky, Oren J.; Jenson, Karin Scholz; Pergament, Benjamin D.
**Subject:** Picard v. UBS AG, et al., Adv. Pro. No. 10-04285 (BRL); Picard v. UBS AG, et al., Adv. Pro. No. 10-05311 (BRL)

Brett,

Please see the attached letter and enclosure.

Best regards,
Geoff

**Geoffrey A. North** | **BakerHostetler**
45 Rockefeller Plaza | New York, NY 10111-0100
T 212.589.4642 | F 212.589.4201
gnorth@bakerlaw.com

This email is intended only for the use of the party to which it is addressed and may contain information that is privileged,

confidential, or protected by law. If you are not the intended
recipient you are hereby notified that any dissemination, copying
or distribution of this email or its contents is strictly prohibited.
If you have received this message in error, please notify us immediately
by replying to the message and deleting it from your computer.

Internet communications are not assured to be secure or clear of
inaccuracies as information could be intercepted, corrupted, lost,
destroyed, arrive late or incomplete, or contain viruses. Therefore,
we do not accept responsibility for any errors or omissions that are
present in this email, or any attachment, that have arisen as a result
of e-mail transmission.

```
Brett S. Moore, Esq.
Porzio, Bromberg & Newman, P.C.
156 West 56th Street - Suite 803
New York, NY  10019-3800
646 348-6723 (direct)
201 213-8008 (cell)
212 957-3983 (fax)

100 Southgate Parkway
P.O. Box 1997
Morristown, NJ  07962-1997
973 889-4231 (direct)
973 538-5146 (fax)

bsmoore@pbnlaw.com
www.pbnlaw.com

-----------------------------------------------------------------------------
This electronic communication, including any authorized attachments, contains
information from the law firm of Porzio, Bromberg & Newman, P.C., that may be
legally privileged, confidential, and exempt from disclosure under applicable
law.  This communication also may include content that was not originally
generated by the firm.  If you are not the intended recipient, any use or
dissemination of this communication is strictly prohibited.  If you have
received this communication in error, please notify the sender immediately
and delete it from all computers on which it may be stored.  In addition, if
you are not currently a client of the firm, this communication is not to be
construed as establishing an attorney-client relationship.

IRS Circular 230 Disclosure:  To ensure compliance with requirements imposed
by the IRS, we inform you that any U.S. federal tax advice contained in this
communication (including any attachments) is not intended or written to be
used, and cannot be used, for the purpose of (i) avoiding penalties under the
Internal Revenue Code, or (ii) promoting, marketing, or recommending to
another party any transaction or matter addressed therein.
-----------------------------------------------------------------------------
```

# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

February 25, 2013

Geoffrey A. North
direct dial: 212.589.4642
gnorth@bakerlaw.com

**VIA E-MAIL**

Brett S. Moore, Esq.
Porzio Bromberg & Newman P.C.
100 Southgate Parkway
P.O. Box 1997
Morristown, New Jersey 07962-1997

Subject:   Picard v. UBS AG, et al., Adv. Pro. No. 10-4285 (BRL) (the "Luxalpha Action")
           Picard v. UBS AG, et al., Adv. Pro. No. 10-5311 (BRL) (the "LIF Action")

Dear Brett:

Thank you for your February 20, 2013 letter.

We appreciate your offer to continue to meet and confer on the issues raised by your clients' motions to dismiss in the above-referenced adversary proceedings, but we believe that further discussions will not resolve issues material to the motions. It is not any unwillingness to cooperate, but rather our belief that at the December 19 Rule 16 conference, Judge Lifland identified the material issues bearing on whether your clients are subject to personal jurisdiction. It seems, in fact, that we may even agree on facts that were central to Judge Lifland's comments at the Rule 16 conference, but that for reasons we have discussed, your clients are opposed to consenting to personal jurisdiction, even in light of these facts. It seems that no amount of additional meeting and conferring will lead to the parties being able to resolve the motions on consent.

Likewise, the obstacle to your clients' withdrawing their motions to dismiss for *forum non conveniens* seems not to be open factual issues, but a fundamental disagreement about the application of the law.

We therefore write to let you know that we plan to send the enclosed letter requesting Judge Lifland's assistance in resolving these motions.

Chicago    Cincinnati    Cleveland    Columbus    Costa Mesa
Denver    Houston    Los Angeles    New York    Orlando    Washington, DC

**VIA E-MAIL**

Brett S. Moore, Esq.
February 25, 2013
Page 2

Very truly yours,

Geoffrey A. North

cc:    Oren J. Warshavsky, Esq.
        Karin Scholz Jenson, Esq.
        Benjamin D. Pergament, Esq.

Enclosure