# **<u>Exhibit 4</u>**

# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

March 7, 2013

Geoffrey A. North
direct dial: 212.589.4642
gnorth@bakerlaw.com

**VIA REGULAR MAIL**

Honorable Burton R. Lifland, U.S.B.J.
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

Re:   Picard v. UBS AG, et al., Adv. Pro. No. 10-04285 (BRL) (the "Luxalpha Action")
      Picard v. UBS AG, et al., Adv. Pro. No. 10-05311 (BRL) (the "LIF Action")

Dear Judge Lifland:

We write on behalf of Irving H. Picard (the "Trustee"), plaintiff in the above-referenced adversary proceedings. We write to report the results of our efforts to narrow the issues raised by the motions to dismiss for lack of personal jurisdiction and for *forum non conveniens* filed by defendants Luxembourg Investment Fund ("LIF") and Luxembourg Investment Fund U.S. Equity Plus "(LIF-USEP") in the LIF Action and by defendant Luxalpha SICAV ("Luxalpha") in the Luxalpha Action, and to respectfully request the Court's assistance in resolving the issues remaining with respect to those motions.

As these defendants (collectively, the "fund defendants") have adopted identical positions in the two adversary proceedings, share common Luxembourg-based liquidators, and are represented by the same United States counsel, Brett Moore, Esq., of Porzio Bromberg & Newman P.C., the adversary proceedings are discussed together herein.

To put the issues raised by the fund defendants' motions to dismiss into perspective, it should be made clear that: (1) accounts were maintained by Bernard L. Madoff Investment Securities for the benefit of the fund defendants; and (2) customer claims were filed on behalf of the fund defendants, in the amounts of $492,145,401.25 in connection with the LIF/LIF-USEP account and $1,537,099,731 in connection with the Luxalpha account, in the SIPA liquidation. In opposing the fund defendants' motions to dismiss, the Trustee cited the undisputed law that a defendant that files a customer claim in a SIPA liquidation subjects itself to personal jurisdiction in the court in which the

Honorable Burton R. Lifland, U.S.B.J.
March 7, 2013
Page 2

proceeding is pending. It is the Trustee's opinion that at the December 19, 2012 Rule 16 conference, Your Honor conveyed the clear message that under the circumstances present here, the application of this law to the fund defendants is beyond cavil.

Both the fund defendants and the Trustee approached the meet and confer process in the spirit of amicably resolving issues raised by the motions to dismiss. We have spoken and corresponded in writing several times. Nonetheless, despite the parties' discussions, several issues remain in dispute. For example, the parties continue to dispute: (1) whether the fund defendants, or their custodian, maintained accounts with BLMIS; (2) whether the fund defendants, or their custodian, filed customer claims in the BLMIS liquidation; (3) whether the fund defendants, or their custodian, transferred monies into and out of the accounts; and (4) the jurisdictional relevance of these issues.

With respect to the issue of *forum non conveniens*, the parties agree that there are no relevant factual issues in dispute, but there is a fundamental disagreement over the application of the law.

As the parties have been unable to resolve these issues by meeting and conferring, the Trustee must continue to oppose the fund defendants' motions in both of the above-referenced actions.

The Trustee therefore respectfully requests the Court's assistance in resolving the motions. We are prepared to appear for oral argument on the fund defendants' motions as soon as the Court's schedule permits, or to proceed however the Court directs.

Respectfully submitted,

Geoffrey A. North

cc:   Brett S. Moore, Esq. (via email and regular mail)
      Oren J. Warshavsky, Esq.
      Karin Scholz Jenson, Esq.
      Benjamin D. Pergament, Esq.