**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                    Plaintiff-Applicant,<br>     v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                    Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br>BERNARD L. MADOFF,<br>                    Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br>                    Plaintiff,<br>     v.<br><br>ABN AMRO BANK N.V. (presently known as THE ROYAL BANK OF SCOTLAND, N.V.),<br><br>                    Defendant. | Adv. Pro. No. 10-05354 (SMB) |

**APPELLEE'S COUNTER-DESIGNATION OF**
**ADDITIONAL ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL**

ABN AMRO Bank N.V., presently known as the Royal Bank of Scotland N.V., respectfully submits, pursuant to Rule 8009 of the Federal Rules of Bankruptcy Procedure and Rule 8009-1 of the Local Bankruptcy Rules for the Southern District of New York, its counter-designation of items to be included in the record on appeal with respect to the appeal by Irving H. Picard, as trustee (the "Trustee") for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act ("SIPA"), 15 U.S.C. §§ 78aaa-*lll* and the substantively consolidated Chapter 7 estate of Bernard L. Madoff, in the above-captioned adversary proceeding.

## COUNTER-DESIGNATION OF ITEMS TO BE INCLUDED ON APPEAL

The Bankruptcy Court and the District Court issued decisions and orders relevant to the Final Judgment being appealed. Accordingly, the designation of items to be included in the record on appeal contains entries from the dockets of both the Bankruptcy Court and District Court. Each designated item shall also include any and all exhibits and documents annexes to or reference within such item.

ABN AMRO designates all items designated by the Trustee (Dkt. # No. 204) for inclusion in the record on appeal and the documents identified below:

**A.** *Picard v. ABN AMRO Bank N.V.*, **No. 11-cv-6878 (JSR) District Court Designations**

| Designation Number | Date | ECF No. (APN 11-6878) | Docket Text |
|---|---|---|---|
| 1 | 1/27/2012 | 15 | REPLY MEMORANDUM OF LAW in Support re: 1 MOTION TO WITHDRAW THE BANKRUPTCY REFERENCE. Bankruptcy Court Case Numbers: 10-5354A, 08-1789 (BRL).. Document filed by ABN AMRO Bank N.A., ABN AMRO Incorporated. (Feldberg, Michael) (Entered: 01/27/2012) |
| 2 | 5/16/2012 | 23 | ORDER: The reference of the Adversary Proceedings is withdrawn from the Bankruptcy Court to this Court solely with respect to the Section 546(e) Withdrawal Defendants, in part, for the limited purpose of hearing and determining issues relating to the application of Section 546(e) in the Adversary Proceedings, including, without limitation, as further set forth in this Order. On or before July 27, 2012, (i) the Financial Institution Defendants and (ii) all remaining Section 546(e) Withdrawal Defendants, including all Opt-Out Defendants, shall each file (x) a consolidated motion pursuant to Fed. R. Civ. P. 12 (made applicable to the Adversary Proceedings by Fed. R. Bankr. P. |

2

|  |  |  | 7012) and (y) a consolidated supporting memorandum of law, not to exceed forty (40) pages each (the "Motion to Dismiss"). The Motion to Dismiss shall include a reference (by civil action number and docket number only) to one or more representative complaints filed by the Trustee against either (a) a Initial Transferee Defendant; and (b) a Financial Institution Defendant. Any further requirement that the Pleadings subject to the Motion to Dismiss be identified or filed is deemed waived and satisfied. The Trustee and SIPC may each file a memorandum of law in opposition to each Motion to Dismiss filed by the Financial Institution Defendants and the remaining Section 546(e) Withdrawal Defendants, with each opposition not to exceed forty (40) pages, on or before September 28, 2012. The Financial Institution Defendants and the remaining Section 546(e) Withdrawal Defendants may each file a consolidated reply brief, not to exceed twenty (20) pages each, on or before October 19, 2012 (the "Reply Brief'). In the event the Trustee files an amended complaint (the "Amended Complaint") in any of the Adversary Proceedings after the Motion to Dismiss is filed, the Reply Brief shall include a reference (by civil action number and docket number only) to a representative Amended Complaint filed by the Trustee against an Initial Transferee Defendant and a Financial Institution Defendant. Any further requirement that the Amended Complaints subject to the Motion to Dismiss be identified or filed is deemed waived and satisfied. In the event the Trustee files an Amended Complaint, he shall, at the time the Amended Complaint is filed, provide the Section 546(e) Withdrawal Defendants a blackline reflecting the changes made in the Amended Complaint from the then operative complaint. The Court will hold oral argument on the Motions to Dismiss on |

3

| | | | |
|---|---|---|---|
| | | | October 30, 2012 at 4:00p.m. (the "Hearing Date"). On or before October 19, 2012, the Financial Institution Defendants and the remaining Section 546(e) Withdrawal Defendants shall each designate one lead counsel to advocate their position at oral argument on the Hearing Date, but any other attorney who wishes to be heard may appear and so request. The caption displayed on this Order shall be used as the caption for all pleadings, notices and briefs to be filed pursuant to this Order. and (b) a Financial Institution Defendant. Any further requirement that the Pleadings subject to the Motion to Dismiss be identified or filed is deemed waived and satisfied. (Signed by Judge Jed S. Rakoff on 5/15/2012) (tro) (Entered: 05/22/2012) |
| 3 | 4/15/2013 | 40 | OPINION AND ORDER: Except to the extent provided in other orders, the Court directs that what remains of the adversary proceedings listed in Exhibit A of item number 119 on the docket of 12 Misc. 115 be returned to the Bankruptcy Court for further proceedings consistent with this Opinion and Order. (Signed by Judge Jed S. Rakoff on 4/15/2013) (tro) (Entered: 04/15/2013) |
| 4 | 12/26/2013 | 43 | OPINION AND ORDER: Accordingly, the immediate question becomes whether, on the faces of the complaints here at issue, the initial transfers from Madoff Securities that the Trustee here seeks to recover, i.e., the redemption payments and the collateral payments, were related to the swap agreements between the third-party synthetic funds and the defendants here. With respect to the redemption payments, the Trustee, as noted, seeks to recover from defendants transfers they received from the reference funds invested with Madoff Securities as redemptions of the defendants' shares in those funds. The defendants had invested in those funds as a hedge against their obligations under the relevant swap |

| | | | |
|---|---|---|---|
| | | | agreements, and they sought redemptions of their investments when their swap counter parties, the synthetic funds, requested a reduction in the collateral underlying the swaps. Specifically, the Trustee seeks to recover $30 million in redemption payments from AA Ireland; nearly $76 million in redemption payments from ABN/RBS; and $130 in redemption payments from Citigroup. That these payments were made "in connection with/f the defendants swap agreements, in the sense of being related to those agreements, is a relatively straightforward proposition. It is clear from the faces of the complaints that the only inference one may reasonably draw from the allegations made is that the withdrawals by Madoff Securities customers were caused by the defendants, requests for redemptions. Although, it is true, the complaints attempt to portray the decision to request a redemption as a business judgment independent of the defendants, obligations under the swap agreement/see, e.g. , AC(6877) - 75, the underlying swap agreements contemplated that the defendants would invest in the reference funds to perfectly hedge against their obligations under the swap agreements, see Swap Agreement- 10(c). See also Compl. (7825} - 11("In connection with swaps, even though it is not required to do so, to hedge its exposure to pay the return to the other party. All other provisions as further set forth in this order (Signed by Judge Jed S. Rakoff on 12/26/2013) (js) Modified on 12/26/2013 (js). (Entered: 12/26/2013) |

5

B. *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Madoff Sec.)*, No. 12-mc-00115(JSR), District Court Designations

| Designation Number | Date | ECF No. (APN 12-00115) | Docket Text |
|---|---|---|---|
| 5 | 6/25/2012 | 201 | MEMORANDUM ORDER: For the foregoing reasons, the Court withdraws the reference of these cases to the bankruptcy court for the limited purposes of deciding: (i) whether SIPA and other securities laws alter the standard the Trustee must meet in order to show that a defendant did not receive transfers in "good faith" under 11 U.S.C. § 548(c); (ii) whether the Trustee may, consistent with non-bankruptcy law, avoid transfers that Madoff Securities purportedly made in order to satisfy antecedent debts; (iii) whether 11 U.S.C. § 546(e) applies to these cases, limiting the Trustee's ability to avoid transfers; (iv) whether provisions of the IRC and ERISA that mandated withdrawals from customers' Madoff Securities accounts prevent the Trustee from avoiding the required withdrawals as fraudulent; (v) whether, after the United States Supreme Court's recent decision in Stern v. Marshall, 131 S. Ct. 2594 (2011), final resolution of claims to avoid transfers as fraudulent requires an exercise of "judicial Power," preventing the bankruptcy court from finally resolving such claims; and (vi) whether, if the bankruptcy court cannot finally resolve the fraudulent transfer claims in this case, it has the authority to render findings of fact and conclusions of law before final resolution. In all other respects, the motions to withdraw are denied. The parties to any case that presents withdrawn issues which are not subject to consolidated briefing should convene a conference call no later than June 4, 2012 to schedule further proceedings. The Clerk of the Court is hereby ordered to close document number 1 on the docket of each case. (Signed by Judge Jed S. Rakoff on 6/25/2012) (pl) (Entered: 06/26/2012) |

| 6 | 7/20/2012 | 242 | BRIEF re: 197 Order, Set Deadlines/Hearings, *Consolidated Brief On Behalf Of Subsequent Transferee Defendants Responding To The Good Faith Standard Issues Raised By Order Of The Court Dated June 23, 2012*. Document filed by Subsequent Transferee Defendants.(Fisher, Eric) (Entered: 07/20/2012) |
| --- | --- | --- | --- |
| 7 | 7/20/2012 | 243 | BRIEF re: 197 Order, Set Deadlines/Hearings, *BLMIS Customers' Consolidated Brief Responding to the Good Faith Issues Raised by Order of the Court Entered on June 25, 2012*. Document filed by Alpha Prime Fund Limited, Senator Fund SpA.(Duffy, Todd) (Entered: 07/20/2012) |
| 8 | 1/11/2012 | 290 | MOTION to Dismiss *Claims Where The Trustee Has Pled No Individualized Allegations of "Willful Blindness"*. Document filed by Good Faith Defendants. Return Date set for 10/12/2012 at 04:00 PM.(Boccuzzi, Carmine) (Entered: 08/10/2012) |

Dated: New York, New York
May 20 , 2020

REICHMAN JORGENSEN LLP

By: /s/ Michael S. Feldberg

Michael S. Feldberg
mfeldberg@reichmanjorgensen.com
750 Third Avenue
Suite 2400
New York, NY 10017
Tel.: (212) 381-1965

*Attorneys for Appellee ABN AMRO Bank N.V.*