**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | |
| v. | SIPA Liquidation |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | (Substantively Consolidated) |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

**DECLARATION OF VINEET SEHGAL IN SUPPORT OF THE
TRUSTEE'S OPPOSITION TO THE LETTER OF DR. ALAN MELTON
<u>REQUESTING RELIEF FROM THE COURT</u>**

I, Vineet Sehgal, pursuant to 28 U.S.C. § 1746, declare as follows:

1.      I am a Managing Director at AlixPartners LLP ("AlixPartners"), a consultant to, and claims agent for, Irving H. Picard as trustee (the "Trustee") for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities ("BLMIS") and the estate of Bernard L. Madoff.

2.      On or about December 15, 2008, AlixPartners was retained by the Trustee as the Trustee's claims agent. As the Trustee's claims agent, AlixPartners was responsible for both mailing the notice of the liquidation and claim forms to potential claimants and causing the notice of the liquidation to be published. AlixPartners has also been responsible for processing all claims submitted to the Trustee and assisting the Trustee in reviewing each customer claim filed to determine whether the asserted claim amount agrees with the "net equity" for that account. In

addition, as the accountants for the BLMIS estate, AlixPartners has assisted and continues to assist the Trustee in accounting for the assets of the BLMIS estate, including the cash and cash equivalents available to the Trustee.

3.      I have been actively involved in the liquidation of BLMIS and the claims process since December 2008 and have personal knowledge of the matters set forth herein.

4.      I submit this Declaration based upon the information and knowledge acquired during the course of my retention and in support of the Trustee's Opposition to the Letter of Dr. Melton Requesting Relief from the Court (the "Opposition").

5.      At the Trustee's direction, my colleagues at AlixPartners and I have reviewed the books and records of BLMIS. During the course of my involvement in this matter, I have personally reviewed thousands of documents, as well as schedules prepared and information collected by my colleagues, relating to the books and records of BLMIS, third party records, bank records and other documentation relevant to BLMIS and its customer accounts and information systems.  I have reviewed the books and records of BLMIS and the customer claims filed, analyzing the cash deposit activity, cash withdrawal activity, and transfers between accounts.

6.      On December 23, 2008, the Claims Procedures Order[1] was entered in this proceeding authorizing and directing the Trustee to cause notice of the commencement of this liquidation proceeding and the Bar Date. A copy of the Claims Procedure Order is attached hereto as Exhibit 1.

7.      On January 2, 2009, at the Trustee's direction, AlixPartners mailed notice of the commencement of this liquidation proceeding and the Bar Date to former customers, broker-dealers, and other creditors of BLMIS. A copy of the claims form and an accompanying instruction

---

[1] Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Opposition.

packet was also sent to the last known address, as it appeared on BLMIS's books and records, of

approximately 16,000 potential customers. It was also made available on the Trustee's website and

is attached hereto as Exhibit 2. None of those notices were returned undelivered.

8.      Also on January 2, 2009, at the Trustee's direction, AlixPartners caused notice of

the commencement of this liquidation proceeding and the Bar Date to be published in the following

newspapers: *The New York Times*, all editions; *The Wall Street Journal*, all editions; *The Financial

Times*, all editions; *USA Today*, all editions; *Jerusalem Post*, all editions; and *Ye'diot Achronot*,

all editions (the "Publication Notice"). A copy of the Publication Notice is attached hereto as

Exhibit 3.

9.      As claims were received by the Trustee, AlixPartners would review each claim

form and stamp each claim form with the date on which it was received.

10.     Since the Bar Date, each of the customer claims has been determined by a Letter of

Determination sent by the Trustee to the customer of record, except for certain customers who are

in litigation with the Trustee.

11.     On or about December of 1992, BLMIS opened a customer account on behalf of

the Alan R. Melton ET AL T/I/C (the "Melton TIC"), which BLMIS assigned account number

1ZA894 (the "Account").

12.     In September of 2002, BLMIS renamed the Account from the Melton TIC to the

Melton Family LLC (the "Melton LLC") and changed the tax identification number at Dr.

Melton's request.

13.     The Melton TIC did not file a claim with the Trustee.

14.     On April 28, 2009, the Melton LLC filed a customer claim with the Trustee which the Trustee designated as claim no. 008649 (the "Claim"). Attached hereto as Exhibit 4 is a true and correct copy of the Claim.

15.     On October 19, 2009, the Trustee issued a letter determination denying the Claim on the basis that the Melton LLC had withdrawn $145,000 more from BLMIS than it had deposited and therefore did not have any net equity in the Account under the Net Investment Method (the "Determination Letter"). Attached hereto as Exhibit 5 is a true and correct copy of the Determination Letter.

16.     On November 17, 2009, the Melton LLC, through counsel, filed the *Objection to Trustee's Determination of Claim* (the "Objection") (ECF No. 876). Attached hereto as Exhibit 6 is a true and correct copy of the Objection to Determination.

17.     On December 11, 2015, the Trustee filed the *Seventh Omnibus Motion to Disallow Claims and Overrule Objections of Claimants Who Have No Net Equity* (ECF No. 12242) together with the *Declaration of Vineet Sehgal in Support of the Trustee's Seventh Omnibus Motion to Disallow Claims and Overrule Objections of Claimants Who Have No Net Equity* (ECF No. 12243) (collectively, the "Omnibus Motion").

18.     For purposes of the Omnibus Motion, the Trustee selected eighty-nine (89) objections and claims, including the Objection and the Claim filed by the Melton LLC.

19.     Also on December 11, 2015, the Trustee's professionals served the Omnibus Motion and related notice of the January 27, 2016, hearing on the Melton LLC by regular mail

(ECF No. 12309). Attached hereto as Exhibit 7 is a true and correct copy of the affidavit of mailing

with respect to the Omnibus Motion.[2]

20.     In connection with the Letter, AlixPartners and counsel to the Trustee conducted a

review of BLMIS's books and records with respect to the Melton TIC, the Melton LLC and the

Account. BLMIS's books and records reflect the following:

a. In a fax dated September 18, 2002, Dr. Melton requested that BLMIS rename the

   Account, then in the name of the Melton TIC, as the Melton LLC, and to change

   the TIN. Attached hereto as Exhibit 8 is a true and correct of a fax sent to BLMIS's

   attention dated September 18, 2002 from Dr. Melton.

b. BLMIS was not directed to withdraw, deposit or transfer funds at the time of the

   name change.

c. BLMIS renamed the Account as requested and did not make any other changes.

   Attached hereto as Exhibit 9 is a true and correct copy of portions of BLMIS's

   customer file for the Account reflecting the name change.

d. After the Account had been renamed, BLMIS and the Melton LLC continued to

   identify the Account by account number 1ZA894, the account number assigned to

   the Account prior to the change. Attached hereto as Exhibit 10, are true and correct

   copies of correspondence from Dr. Melton to BLMIS for the Account dated August

   22, 2002 and March 26, 2003.

e. After the Account had been renamed, the customer statements for the Account

   continued to bear account number 1ZA894. Attached hereto as Exhibit 11, are true

---

[2] To protect the privacy of claimants and at the Trustee's direction, AlixPartners redacted the claimants' addresses
from the version of the affidavit of mailing filed with the Court. An unredacted version of the affidavit is available
upon request.

and correct copies of customer statements for the Account dated December 31, 2001 and December 31, 2004.

f.   BLMIS was not directed at any time to open separate accounts for the Melton TIC and Melton LLC. The Account is the only BLMIS account associated with the Melton TIC and the Melton LLC.

g.   The documents in the Account file do not indicate Dr. Melton, or any other party, disagreed with BLMIS's treatment of the change in the Account as a name change rather than as two separate accounts.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  New York, New York
May 20, 2020

_____

Vineet Sehgal,
Managing Director
AlixPartners LLP,
909 Third Avenue,
New York, NY 10022