**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br>    Plaintiff-Applicant, <br>v. <br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br>    Defendant. | Adv. Pro. No. 08-01789 (SMB) <br><br>SIPA Liquidation <br><br>(Substantively Consolidated) |
| In re: <br>BERNARD L. MADOFF, <br>    Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, <br>    Plaintiff, <br>v. <br><br>ABN AMRO BANK N.V. (presently known as THE ROYAL BANK OF SCOTLAND, N.V.), <br><br>    Defendant. | Case No. 1:20-cv-03684 (VEC) |

**RESPONSE OF DEFENDANT-APPELLEE ABN AMRO BANK N.V.**
**TO TRUSTEE'S MOTION TO STAY APPEAL**

Defendant-Appellee ABN AMRO Bank N.V. (which was renamed The Royal Bank of Scotland N.V. after the events at issue in this action and was recently renamed again as NatWest Markets N.V.) ("ABN/RBS"), respectfully submits this Response to the Trustee's Motion to Stay Appeal.

Appellant, the Trustee in the Madoff bankruptcy, is appealing a final judgment from the Bankruptcy Court for the Southern District of New York that dismissed the Trustee's claims to recover subsequent transfers from ABN/RBS. The Bankruptcy Court held that the plaintiff in a

subsequent transferee case under sections 548(c) and 550(b) of the Bankruptcy Code has the burden of pleading the defendant's lack of good faith, and that the Trustee failed to meet that burden.  In three other companion cases recently dismissed by the Bankruptcy Court on the exact same ground, the Trustee successfully sought, or is seeking, the opportunity to appeal directly from the Bankruptcy Court to the Second Circuit, pursuant to 28 U.S.C. § 158(d).[1]  However, in ABN/RBS's appeal – which will present the same fundamental legal questions as those three appeals – the Trustee is not seeking a direct appeal to the Second Circuit.[2]  Instead, the Trustee is seeking to stay this appeal pending the Second Circuit's resolution of the appeals in the other cases.  As the Trustee explains in its motion to stay, those appeals will undoubtedly have a material if not dispositive effect on this appeal.

Because the Trustee's proposal would effectively disenfranchise ABN/RBS in the Second Circuit appeal, ABN/RBS cannot agree to the stay requested by the Trustee.  Instead, ABN/RBS will shortly (by June 9, 2020) file a motion in this Court pursuant to 28 U.S.C. § 158(d)(2)(B)(i) to certify this appeal for direct appeal to the Second Circuit so that it can be heard at the same time as the companion appeals (which the Trustee himself has argued are ripe for direct appeal).

At this time, the Court need not take any action on the Trustee's motion for a stay.  If this Court grants ABN/RBS's forthcoming motion and the appeal goes directly to the Second Circuit,

---

[1] On April 23, 2020, the Second Circuit granted the Trustee's motion for direct appeal in two of the cases. *Picard v. Citibank, N.A. et al.*, No. 20-1333 (2d Cir.) and *Picard v. Legacy Capital Ltd.*, No. 20-1334 (2d Cir.).  A petition for permission for direct appeal in the third matter, *Picard v. ABN AMRO (Ireland) Ltd. et al.*, No. 20-CV-02586 (CM) (S.D.N.Y), was initially filed on April 6, 2020 by the appellee in that case and joined by the Trustee in a letter to the court a few days later.  It remains pending before Judge McMahon.

[2] The Trustee indicated that he would not agree to a direct appeal to the Second Circuit in this appeal because he would be "prejudiced" if he has to file an appellate brief in this case on the same timetable as in the other appeals (in which the trustee has requested his opening brief be due August 6, 2020), and because he does not want to extend the briefing schedule. ABN/RBS has advised trustee's counsel that it will agree to any briefing schedule set by the Court in the related cases.

2

ABN/RBS would seek a stay in this Court. On the other hand, if this Court denies ABN/RBS's forthcoming motion to certify a direct appeal, ABN/RBS will agree to the stay requested by the Trustee, as proceeding with the appeal in this Court while the same issues are being decided by the Second Circuit would be a waste of time and resources for this Court, the Trustee, and ABN/RBS.

ABN/RBS respectfully requests that the Court defer action on the Trustee's motion for a stay until after the Court decides ABN/RBS's forthcoming motion pursuant to 28 U.S.C. 158(d)(2)(B)(i) to certify this appeal for direct appeal to the Second Circuit so that it can be heard at the same time as the companion appeals.[3]

Dated: New York, New York
      June 3, 2020

Respectfully Submitted,

REICHMAN JORGENSEN LLP

By: /s/ Michael S. Feldberg

Michael S. Feldberg
*mfeldberg@reichmanjorgensen.com*
750 Third Avenue
Suite 2400
New York, NY 10017
Tel.: (212) 381-1965

*Attorneys for Appellee-Defendant ABN AMRO Bank N.V.*

---

[3] ABN/RBS had hoped to avoid burdening the Court with this filing by communicating to the Trustee that ABN/RBS would agree to the stay requested by the Trustee if ABN/RBS's forthcoming motion for direct appeal is denied. However, the Trustee rejected ABN/RBS's overture, stating that "it is the Trustee's position that the district court appeal in this matter be stayed until the issuance of orders from the Second Circuit in [the other appeals]."