# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T  212.589.4200
F  212.589.4201
www.bakerlaw.com

June 5, 2020

Nicholas J. Cremona
direct dial: 212.589.4682
ncremona@bakerlaw.com

**VIA ECF**

The Honorable Stuart M. Bernstein
United States Bankruptcy Judge
Southern District of New York
One Bowling Green
New York, NY 10004-1408

Re:   *Irving H. Picard v. James Greiff*, Adv. Pro. No. 10-04357

Dear Judge Bernstein:

      We are counsel to Irving H. Picard, trustee (the "Trustee") for the substantively consolidated liquidation proceedings of Bernard L. Madoff Investment Securities LLC ("BLMIS") and the estate of Bernard L. Madoff ("Madoff") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa–*lll*.  We write to advise Your Honor of the status of *Picard v. Greiff*, Adv. Pro. No. 10-04357 (Bankr. S.D.N.Y.) (the "Action").

      On February 7, 2020, the Trustee advised this Court that mediation with defendant James Greiff (the "Defendant") had failed and requested a Rule 7056-1 pre-motion conference.  ECF No. 109.  At a pretrial conference held on February 20, 2020, Your Honor set the Action for bench trial to begin on April 7, 2020.  Hr'g Tr. at 7:22–25, ECF No. 111.  On March 4, 2020, Defendant filed a Motion to Withdraw the Reference (the "Motion") arguing this Court lacked equitable jurisdiction to determine the Trustee' claims against Defendant because he maintained his right to a jury trial.  ECF No. 112.  Six days later on March 10, 2020, Defendant filed his Motion for (A) Expedited Hearing and (B) Stay of Trial Pursuant to Rule 5011(C) Pending Ruling By the District Court on Defendant's Motion (the "Stay Motion").  ECF No. 114.  On March 10, 2020, Your Honor issued an Order to Show Cause, directing the Trustee to file any response to Defendant's Stay Motion by March 17, 2020 and to return for argument on March 18, 2020.  Order to Show Cause, ECF No. 118.  The Trustee filed his Opposition to the Stay Motion on March 17, 2020.  ECF No. 121.  The Court held a hearing on March 18, 2020 and reserved decision on the Stay Motion.

June 5, 2020
Page 2

Meanwhile, the parties proceeded on the Motion in district court before Judge Lorna G. Schofield. On April 20, 2020, the Trustee filed his Opposition to the Motion, and on April 27, 2020, Defendant filed his Reply. On June 4, 2020 Judge Schofield issued her decision, *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, Adv. Pro. No. 08-01789 (Bankr. S.D.N.Y. June 5, 2020), ECF No. 19555 (the "Opinion"), denying Defendant's Motion on multiple bases.

First, Judge Schofield found that the "disallowance or withdrawal of a proof of claim does not affect the bankruptcy court's authority to decide a trustee's claim, because it is the filing of the proof of claim that invokes the waiver and 'triggers the process of allowance and disallowance of claims, thereby subjecting [the creditor] to the bankruptcy court's equitable power.'" Opinion at 9 (citing *Langenkamp v. Culp*, 498 U.S. 42, 44 (1990) (quoting *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 58 (1989))) (internal quotation marks omitted). Judge Schofield also held that "even if, under *Stern* [*v. Marshall*, 564 U.S. 462 (2011)], the adversary proceeding did not implicate the claims allowance process, the bankruptcy court has constitutional authority to enter final judgment in the Greiff Action based on the separate and independent ground of Defendant's implied consent." Opinion at 11 (citing *Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932, 1948–49 (2015).

Judge Schofield further held that because the Action is a fraudulent conveyance action brought by the Trustee under 11 U.S.C. §§ 548 and 550, "due to the nature of 11 U.S.C. § 502(d) . . . [it is] part and parcel" of the Defendant's customer claim. Opinion at 11 (citing *Picard v. BAM, L.P.*, 612 B.R. 257, 266 n.10 (S.D.N.Y. 2020)). When Defendant filed his customer claim in bankruptcy court, he impliedly consented to the bankruptcy court's "inherent authority to decide, as a threshold matter pursuant to § 502(d), any antecedent claims." Opinion at 11 (citing *BAM, L.P.* at 266 n.10; *In re Kirwan Offices S.a.R.L.*, 792 F. App'x 99, 103 (2d Cir. 2019)). Finally, Judge Schofield separately concluded that the *Orion* factors support denying Defendant's Motion. Opinion at 12–14 (citing *Orion Pictures Corp. v. Showtime Networks, Inc., (In re Orion Pictures Corp.)*, 4 F.3d 1095 (2d Cir. 1993)).

Given Judge Schofield's Opinion, Defendant's Stay Motion is now moot. The Action is ready for trial and the Trustee requests the Court schedule the Action for a final pretrial conference on July 29, 2020.

Respectfully submitted,

*/s/ Nicholas J. Cremona*

Nicholas J. Cremona
Partner


cc:     (*via email*)
        Arthur Ruegger, Esq.