# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

June 15, 2020

Nicholas J. Cremona
direct dial: 212.589.4682
ncremona@bakerlaw.com

**VIA ECF**

The Honorable Stuart M. Bernstein
United States Bankruptcy Judge
Southern District of New York
One Bowling Green
New York, NY 10004-1408

Re:   *Picard v. Estate of Allen Meisels*, Adv. Pro. No. 10-04428 and *Picard v. Estate of Seymour Epstein*, Adv. Pro. No. 10-04438

Dear Judge Bernstein:

We are counsel to Irving H. Picard, trustee (the "Trustee") for the substantively consolidated liquidation proceedings of Bernard L. Madoff Investment Securities LLC ("BLMIS") and the estate of Bernard L. Madoff ("Madoff") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa–*lll*.  We write in response to the June 10, 2020 letter from counsel to defendants in *Picard v. Estate of Allen Meisels*, Adv. Pro. No. 10-04428 (the "Meisels Action") and *Picard v. Estate of Seymour Epstein*, Adv. Pro. No. 10-04438 (the "Epstein Action," and together with the Meisels Action, the "Actions").

District Judge Gregory H. Woods referred the Actions to this Court for proposed findings of fact and conclusions of law on the Trustee's proposed motion for summary judgment.  Order, ECF No. 19566; Order, Meisels Action, ECF No. 102.  The Trustee requested Rule 7056-1(a) pre-motion conferences in the Actions, consistent with Judge Woods' Orders and this Court's Individual Rules.  Trustee's Letter at 2, ECF No. 19564.  In response, defendants argue that there are factual issues that preclude summary judgment before this Court, all of which the Trustee believes can be finally resolved by summary judgment.  Notwithstanding, the parties must comply with the Orders so that this Court may narrow the issues, to the extent necessary, through a report and recommendation to the district court.

Defendants also argue it is "a waste of judicial resources for this Court to allow the Trustee to move for summary judgment," and "would impose an unjustifiable economic burden

June 15, 2020
Page 2

on the defendants." Letter at 4, ECF No. 19567. However, defendants already agreed to summary judgment briefing on the same exact issues before the district court in the Actions. *Picard v. Estate of Allen Meisels*, No. 20-cv-01278 (S.D.N.Y. Mar. 6, 2020), ECF No. 14; *Picard v. Estate of Seymour Epstein*, No. 20-cv-01377 (S.D.N.Y. Mar. 6, 2020), ECF No. 5. Further, defendants in seven other cases represented by the same counsel are currently engaged in active summary judgment briefing in the district court on nearly identical claims by the Trustee. It is unclear how this Court's consideration of a motion for summary judgment, while already familiar with the Trustee's avoidance actions, would impose any greater burden on defendants than they would have faced in district court.

As such, the Trustee reiterates his request that the Court schedule the Actions for a Rule 7056-1(a) pre-motion conference on July 29, 2020.

Respectfully submitted,

/s/ Nicholas J. Cremona

Nicholas J. Cremona
Partner

cc:    (*via email*)
       Helen Davis Chaitman