**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | |
| Plaintiff-Applicant, | Adv. Pro. No. 08-01789 (SMB) |
| v. | |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | SIPA LIQUIDATION |
| Defendant. | (Substantively Consolidated) |
| In re: BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff, | |
| Plaintiff, | Adv. Pro. No. 10-04390 (SMB) |
| v. | |
| BAM L.P., MICHAEL MANN, and MERYL MANN, | |
| Defendants. | |

**TRUSTEE'S MEMORANDUM OF LAW IN SUPPORT OF MOTION *IN LIMINE* TO EXCLUDE TESTIMONY AND EXHIBITS RELATED TO DEFENDANTS' ASSERTED TAX OBLIGATIONS TO GOVERNMENTAL TAXING AUTHORITIES AND ACCRUED INTEREST ON PRINCIPAL DEPOSITS WITH BLMIS**

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ...................................................................................................1

ARGUMENT..............................................................................................................................3

    I.     A COURT MAY EXCLUDE EVIDENCE THAT IS NOT RELEVANT
          OR MISLEADING ..............................................................................................3

         A.     Exclusion Of Evidence That Is Not Relevant .............................................4

         B.     Exclusion Of Evidence That Does Not Promote Judicial Efficiency .........4

    II.    EVIDENCE ON THE DEFENDANTS' ASSERTED TAX
          OBLIGATIONS AND ACCRUED INTEREST ON PRINCIPAL
          DEPOSITS IS NOT RELEVANT AS A MATTER OF LAW .............................5

    III.   THE COURT MAY EXCLUDE EVIDENCE OF DEFENDANTS'
          ASSERTED TAX OBLIGATIONS AND ACCRUED INTEREST ON
          PRINCIPAL DEPOSITS PURSUANT TO FED. R. EVID. 403 ...........................9

CONCLUSION...........................................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bourdeau Bros., Inc. v. Montagne (In re Montagne)*,
No. 08-1024 (CAB), 2010 WL 271347 (Bankr. D. Vt. Jan. 22, 2010)....................................8

*Contreras v. Artus*,
778 F.3d 97 (2d Cir. 2015)............................................................................................4, 9

*Donell v. Kowell*,
533 F.3d 762 (9th Cir.), *cert. denied,* 555 U.S. 1047 (2008).....................................7

*Gerber v. Computer Assocs. Int'l Inc.*,
303 F.3d 126 (2d Cir. 2002)............................................................................................3

*Luce v. United States*,
469 U.S. 38 (1984)............................................................................................................3

*In re Madoff Sec.*,
496 B.R. 744 (Bankr. S.D.N.Y. 2013), *aff'd*, 779 F.3d 74 (2d Cir. 2015) .......................2, 6, 7

*In re Motors Liquidation Co.*,
590 B.R. 39 (S.D.N.Y. 2018), *aff'd*, 943 F.3d 125 (2d Cir. 2019) ...........................................8

*Perez v. Terrastar Corp. (In re Terrastar Corp.)*,
No. 16 Civ. 1421 (ER), 2017 WL 1040448 (S.D.N.Y. Mar. 16, 2017), appeal
dismissed, No. 17-1117 (2d Cir. June 29, 2017) ........................................................8

*Picard v. BAM L.P.* (*In re BLMIS*),
608 B.R. 165 (Bankr. S.D.N.Y. 2019)...................................................................................2

*Picard v. Cohen*,
Adv. Pro. No. 10-04311 (SMB), 2016 WL 1695296 (Bankr. S.D.N.Y. Apr.
25, 2016), *adopted mem.*, No. 16 Civ. 05513 (LTS) (S.D.N.Y. Feb. 24, 2017)...............2, 6, 9

*Picard v. The Estate (Succession) of Doris Igoin* (*In re Madoff Sec.*),
525 B.R. 871 (Bankr. S.D.N.Y. 2015)..............................................................................2, 7, 8

*Picard v. Greiff*,
476 B.R. 715 (S.D.N.Y. 2012)............................................................................................8

*Picard v. Legacy Capital Ltd. (In re BLMIS)*,
603 B.R. 682 (Bankr. S.D.N.Y. 2019)................................................................................8

*Picard v. Nelson*,
610 B.R. 197 (Bankr. S.D.N.Y. 2019)............................................................................2, 7, 8

*Picard v. Nelson*,
   Adv. Pro. Nos. 10-04377 (SMB), 10-04658 (SMB) (Bankr. S.D.N.Y. May 8,
   2019) .................................................................................................................................6

*S.E.C. v. Morelli*,
   No. 91 Civ. 3874 (LAP), 1993 WL 603275 (S.D.N.Y. Dec. 21, 1993) ...................................5

*Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Madoff Sec.)*,
   499 B.R. 416 (S.D.N.Y. 2013)..............................................................................................7

*Sprint/United Mgmt. Co. v. Mendelsohn*,
   552 U.S. 379 (2008).....................................................................................................3, 5, 9

*United Brands Co. v. M.V. Isla Plasa*,
   No. 85 Civ. 0491 (SS), 1994 WL 114825 (S.D.N.Y. Mar. 31, 1994)
   (Sotomayor, J.)......................................................................................................................5

*United States v. Abel*,
   469 U.S. 45 (1984).................................................................................................................3

*United States v. Gupta*,
   747 F.3d 111 (2d Cir. 2014)..................................................................................................3

*Wechsler v. Hunt Health Sys., Ltd.*,
   381 F. Supp. 2d 135 (S.D.N.Y. 2003)....................................................................................3

*Yeager v. United States*,
   557 U.S. 110 (2009)...............................................................................................................4

**Rules**

Fed. R. Evid. 401, Advisory Committee Note (1972) ...................................................................4

Fed. R. Evid. 401 ..........................................................................................................................9

Fed. R. Evid. 401(a)...................................................................................................................4, 6

Fed. R. Evid. 403 ..........................................................................................................................5

**Other Authorities**

*Weinstein's Federal Evidence* § 401.04[2][b] ...............................................................................4

*Weinstein's Federal Evidence* § 401.04[3][b] ...............................................................................4

*Weinstein's Federal Evidence* § 402.02.......................................................................................4

Irving H. Picard, as trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa–*lll* ("SIPA"),[1] and the chapter 7 estate of Bernard L. Madoff, respectfully submits this memorandum of law in support of the Trustee's motion *in limine* for entry of an order pursuant to Federal Rules of Evidence 401, 403, and 404(a)(1), made applicable to this proceeding by Rule 9017 of the Federal Rules of Bankruptcy Procedure, to exclude the proposed testimony and exhibits related to the asserted tax obligations and accrued interest on principal deposits with BLMIS of BAM L.P., Michael Mann, and Meryl Mann ("Defendants").

## PRELIMINARY STATEMENT

Defendants should not be permitted to introduce the testimony of their accountant Steve Landau[2] and associated exhibits[3] to support any purported "recoupment or other equitable adjustment" because (i) the fraudulent transfers were "used to pay tax obligations . . . to governmental taxing authorities" (Answer at 23); or (ii) were based on "the time value of money through an interest adjustment to principal deposits." (Answer at 24). As set forth in this Court's order granting in part the Trustee's Summary Judgment Motion, stipulated to by Defendants, the only remaining issue of disputed fact before the Court is whether the fictitious transfers to the Defendants' BLMIS accounts from and after December 11, 2006, totaling $2,813,000 (the "Two-

---

[1] Subsequent references to sections of the Securities Investor Protection Act shall be denoted as "SIPA § __."

[2] Defendants have identified Landau as a non-expert witness to be called at trial. Defendants have not served an expert report as required by Rule 26 or disclosed the subject matter on which Landau is expected to present evidence under Fed. R. Evid. 702, 703 or 705, including a summary of the facts and opinions to which Landau is expected to testify. If Defendants amend their disclosure to assert that Landau is an expert witness, the Trustee reserves the right to move *in limine* to strike the testimony of Landau as improper expert testimony under Rule 26 and Federal Rules of Evidence 702, 703, or 705.

[3] This includes Exhibit Nos. 18-A, 19-A, 20-A, 21-A, 21-B, 21-C, 21-D, 21-E as listed on Defendants' [Preliminary Draft Proposed] Trial Exhibit List. The Trustee reserves his right to move to strike additional exhibits if Defendants amend their preliminary Trial Exhibit List or subsequently offer exhibits covering the same objectionable subject matter.

Year Transfers") were transfers by the SIPA debtor within the meaning of SIPA § 78fff-2(c)(3)

and 11 U.S.C. § 548(a)(1)(A).[4]  The parties stipulated to the amount of the deposits into and

withdrawals from their respective BLMIS accounts, and to the total amount of the transfers made

during the Two-Year Period. *See Picard v. BAM L.P.* (*In re BLMIS*), 608 B.R. 165, 176 (Bankr.

S.D.N.Y. 2019).  The Manns and BAM L.P. withdrew $2,250,000 and $563,000, respectively,

during the Two-Year Period, all of which consisted of fictitious profits. *Id.*  Thus, the issue of

recoupment or other equitable adjustment is not relevant to the only remaining issue for trial.

Moreover, Defendants' arguments for recoupment or equitable adjustment have already

been thoroughly considered and wholly rejected.  This Court and the District Court have both held

that the withdrawal of money to pay taxes is not a defense to the Trustee's fraudulent transfer

claims, and would be inconsistent with the approved manner for calculating net equity. *See, e.g.*,

*Picard v. Nelson*, 610 B.R. 197, 237 (Bankr. S.D.N.Y. 2019); *Picard v. Cohen*, Adv. Pro. No. 10-

04311 (SMB), 2016 WL 1695296, at *15 (Bankr. S.D.N.Y. Apr. 25, 2016) (the "*Cohen*

*Decision*"), *adopted mem.*, No. 16 Civ. 05513 (LTS) (S.D.N.Y. Feb. 24, 2017), ECF No. 24;

*Picard v. The Estate (Succession) of Doris Igoin* (*In re Madoff Sec.*), 525 B.R. 871, 893 (Bankr.

S.D.N.Y. 2015).  The same is true for any purported interest on Defendants' principal deposits

with BLMIS, as both this Court and the Second Circuit affirmed that the Trustee was not required

to make adjustments to customer claims to account for any time-based damages. *See In re Madoff*

*Sec.*, 496 B.R. 744, 761 (Bankr. S.D.N.Y. 2013), *aff'd*, 779 F.3d 74, 81 (2d Cir. 2015) ("*Time-*

*Based Damages Decision*").[5]  Defendants are not entitled to offset their avoidance liability by

---

[4] *See* Order Denying the Trustee's Mot. for Summary Judgment and Granting Relief Under Federal Rule of Civil
Procedure 56(g), *Picard v. BAM L.P.*, Adv. Pro. No. 10-04390 (SMB) (Bankr. S.D.N.Y. Sept. 11, 2019), ECF No.
175.

[5] Defendants previously participated in the briefings related to the *Time-Based Damages Decision*. *See, e.g.*, Joint
Petition for Permission to Appeal Under 28 U.S.C. § 158(d)(2) at 89, No. 13-4106, *In re Madoff Sec.* (2d Cir. Oct.
24, 2013), ECF No. 1.

amounts paid as taxes on the fictitious profits they received from BLMIS, or by the time value of their principal deposits with BLMIS through interest computations.

For these reasons, Defendants should not be allowed to present witnesses or introduce exhibits relating to their asserted tax obligations or purported accrued interest over the life of their BLMIS accounts. An order excluding such irrelevant testimony and evidence is appropriate and should be granted.

## ARGUMENT

## I. A COURT MAY EXCLUDE EVIDENCE THAT IS NOT RELEVANT OR MISLEADING

A trial court has "broad discretion" to determine the relevancy of evidence and to exclude irrelevant information. *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008) ("Assessing the probative value of [the proffered evidence], and weighing any factors counseling against admissibility is a matter first for the district court's sound judgment under Rules 401 and 403.") (quoting *United States v. Abel*, 469 U.S. 45, 54 (1984)); *United States v. Gupta,* 747 F.3d 111, 137 (2d Cir. 2014) ("The assessment of the relevance of evidence for the purpose of its admission or exclusion is committed to the sound discretion of the district court."); *Gerber v. Computer Assocs. Int'l Inc.*, 303 F.3d 126, 137 (2d Cir. 2002) ("[T]he trial judge has broad discretion to weigh the probative value of the evidence against the negative factors" under Rule 403 (citation omitted)). A motion *in limine* "allow[s] the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *Wechsler v. Hunt Health Sys., Ltd.*, 381 F. Supp. 2d 135, 140 (S.D.N.Y. 2003) (noting that motions *in limine* apply with equal force to non-jury portions of trial) (citing *Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984)).

A.       **Exclusion Of Evidence That Is Not Relevant**

Federal Rule of Evidence 402 prohibits the admission of evidence that is not "relevant" as

defined in Fed. R. Evid. 401, to "ensure that nothing is received into evidence that is not logically

probative of some matter to be proved." *Weinstein's Federal Evidence* § 402.02. Evidence is

relevant under Rule 401 only if: (a) "it has any tendency to make a fact more or less probable than

it would be without the evidence" and (b) the "fact is of consequence in determining the action."

This two-factor test aids a court's determination of whether the evidence "possesses sufficient

probative value to justify receiving it in evidence." Fed. R. Evid. 401, Advisory Committee Note

(1972); *see, e.g.*, *Contreras v. Artus*, 778 F.3d 97, 108 (2d Cir. 2015) ("Assessment of relevance

thus involves . . . an answer to the question whether an item of evidence, when tested by the

processes of legal reasoning, possesses sufficient probative value to justify receiving it in

evidence." (citation omitted)).

In order to be relevant, evidence must help prove or disprove a material fact at issue in the

litigation. Fed. R. Evid. 401(a); *see, e.g.*, *Yeager v. United States*, 557 U.S. 110, 121-22 (2009)

(explaining that evidence is not relevant pursuant to Federal Rule of Evidence standards when it

fails to make a fact more or less probable); *see also Weinstein's Federal Evidence* § 401.04[2][b]

(relevant evidence "advance[s] the inquiry"). Similarly, under Fed. R. Evid. 401(b), a fact must

be "of consequence" to be admitted. Relevancy "exists only as a relation between an item of

evidence and a matter properly provable in the case." Fed. R. Evid. 401, Advisory Committee

Note (1972); *see also Weinstein's Federal Evidence* § 401.04[3][b] (explaining that substantive

law informs whether a fact is "of consequence").

B.       **Exclusion Of Evidence That Does Not Promote Judicial Efficiency**

Even if deemed relevant, the Court has broad discretion to exclude evidence "if its

probative value is substantially outweighed by a danger of one or more of the following: unfair

4

prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403; *see also Sprint/United Mgmt. Co.*, 552 U.S. at 384 (applying the "abuse of discretion" standard to a review of a Fed. R. Evid. 403 ruling). Fed. R. Evid. 403 is applicable whether the case is to be tried to a jury or to a judge. *See, e.g., United Brands Co. v. M.V. Isla Plasa*, No. 85 Civ. 0491 (SS), 1994 WL 114825, at *1 n.2 (S.D.N.Y. Mar. 31, 1994) (Sotomayor, J.) (excluding evidence under Fed. R. Evid. 403 at a bench trial based on burden to the court); *S.E.C. v. Morelli*, No. 91 Civ. 3874 (LAP), 1993 WL 603275, at *2 (S.D.N.Y. Dec. 21, 1993) (excluding evidence under Fed. R. Evid. 403 at a bench trial based on undue delay).

## II.    EVIDENCE OF THE DEFENDANTS' ASSERTED TAX OBLIGATIONS AND ACCRUED INTEREST ON PRINCIPAL DEPOSITS IS NOT RELEVANT AS A MATTER OF LAW

This Court previously determined that the Trustee established that (a) Madoff operated BLMIS as a Ponzi scheme; (b) the Two-Year Transfers consisted of fictitious profits because the Defendants had exhausted the amounts of their deposits before the onset of the Two-Year Period; (c) the Two-Year Transfers were made with the actual intent to hinder delay or defraud creditors within the meaning of 11 U.S.C. §§ 548(a)(1)(A) and 550(a); and (d) Defendants did not provide "value" within the meaning of § 548(c) of the Bankruptcy Code.[6]  The only issue left for trial is whether the Two-Year Transfers were transfers by the SIPA debtor within the meaning of SIPA § 78fff-2(c)(3) and 11 U.S.C. § 548(a)(1)(A), and not Madoff, individually as a sole proprietorship.[7] Thus, any testimony or evidence as to recoupment or other equitable adjustment is irrelevant and not probative of the inquiry into the identity of the SIPA debtor. *See* Fed. R. Evid. 401(a).

---

[6] *See supra* n.4.

[7] *See supra* n.4.

5

Moreover, any defense involving Defendants' ability to offset their avoidance liability by the amount of taxes paid on the fraudulent transfers received from BLMIS, or by the purported interest Defendants would have accrued on their BLMIS investments, has already been litigated and rejected by the courts in this SIPA liquidation proceeding.  Indeed, BLMIS customers like Defendants may not receive anything other than principal invested because those amounts prioritize the claims of earlier investors "at the expense of customers who have not yet recovered the property they placed in Madoff's hands." *Time-Based Damages Decision*, 779 F.3d at 81. Allowing Defendants to present any such evidence is irrelevant and has no probative value because these legal defenses have been effectively rejected as a matter of law.  *See* Fed. R. Evid. 401(a).

Recently, defendants in the *Nelson* action opposed the exclusion of their accountant's testimony and their tax returns as exhibits, stating that they "should not be made liable for made-up gains to the extent that the reporting of those gains caused them to be liable to the state and local and federal taxing authorities" for tax payments on those gains.  Trial Tr. at 8:25-9:13, *Picard v. Nelson*, Adv. Pro. Nos. 10-04377 (SMB), 10-04658 (SMB) (Bankr. S.D.N.Y. May 8, 2019).[8] This Court granted the Trustee's motion *in limine,* determining such testimony and exhibits to be "irrelevant to the determination of what was deposited and what was withdrawn within—capped by the two-year withdrawal." *Id.* at 9:14-23.  Similarly, in the *Cohen Decision,* the defendant argued he was entitled to offset the taxes he paid on the fictitious profits reported in his BLMIS customer account.  2016 WL 1695296, at *15.  This Court disagreed, finding that "the offset would introduce complex problems of proof and tracing and reduce the [Trustee's] ability to recover

---

[8] A true and correct copy of the relevant excerpts of the transcript from the *Nelson* trial is attached as Ex. A to the Declaration of Nicholas J. Cremona (the "Cremona Decl.").

assets" and would only "come at the expense of the other victims." *Id.* (citing *Donell v. Kowell*, 533 F.3d 762, 779 (9th Cir.), *cert. denied*, 555 U.S. 1047 (2008) (explaining that offsetting tax payments would create a slippery slope for other expenses paid, that "one could argue that every purchase made with the gains from the scheme would not have been made 'but for' receipt of that money. If each net winner could shield his gains in their entirety in this manner . . . the multitude of victims who lost their entire investment would receive no recovery."). In addition, in *Igoin*, the defendants argued that it was improper for the Trustee to recover monies that they withdrew from their BLMIS accounts because the majority, if not all, of it was used to pay taxes. In rejecting that argument, this Court made clear that "the withdrawal of the money to pay taxes . . . is not a defense to the fraudulent transfer claims." 525 B.R. at 893.

The same is true for Defendants' claims for interest on their principal deposits.[9] This Court previously held the Trustee was not required to adjust customer claims to account for any form of time-based damages, including the time value of their principal deposits with BLMIS through interest computations. *See In re Madoff Sec.*, 496 B.R. at 761. The Second Circuit affirmed this Court's ruling on a direct appeal, explaining that "SIPA does not permit an inflation or interest adjustment to 'net equity' claims." *Time-Based Damages Decision*, 779 F.3d at 83. While the Second Circuit addressed the calculation of net equity in the claims context, the calculation of net equity is the same in both the claims and avoidance context. *See Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Madoff Sec.)*, 499 B.R. 416, 420 (S.D.N.Y. 2013) ("[A] customer's net equity and the amounts sought in avoidance and recovery proceedings (assuming the customer's good faith) are two sides of the same coin.").

---

[9] *See* Cremona Decl., Ex. B, true and correct copies of Exhibit Nos. 18-A ("BAM Investment Returns 9% Chart") and 19-A ("Mann Investment Returns 9% Chart") as listed on Defendants' [Preliminary Draft Proposed] Trial Exhibit List.

These prior decisions within this SIPA proceeding "constitute law of the case and Defendants offer no reason or evidence to allow this Court to revisit them here." *Nelson,* 610 B.R. at *237; see also Picard v. Legacy Capital Ltd. (In re BLMIS)*, 603 B.R. 682, 700 (Bankr. S.D.N.Y. 2019) (citing *In re Motors Liquidation Co.*, 590 B.R. 39, 62 (S.D.N.Y. 2018) (law of the case doctrine applies across adversary proceedings within the same bankruptcy case), *aff'd*, 943 F.3d 125 (2d Cir. 2019)); *Perez v. Terrastar Corp. (In re Terrestar Corp.)*, No. 16 Civ. 1421 (ER), 2017 WL 1040448, at *4 (S.D.N.Y. Mar. 16, 2017) (applying the law of the case doctrine because "[a]dversary proceedings filed in the same bankruptcy case do not constitute different cases"), *appeal dismissed*, No. 17-1117 (2d Cir. June 29, 2017); *Bourdeau Bros., Inc. v. Montagne (In re Montagne)*, No. 08-1024 (CAB), 2010 WL 271347, at *6 (Bankr. D. Vt. Jan. 22, 2010) ("Since different adversary proceedings in the same main case do not constitute different 'cases,' it would follow that the law of the case doctrine as articulated in one adversary proceeding would apply in another adversary proceeding filed in the same case.").

Even if these rulings were not law of the case, this Court previously noted that it "would reach the same conclusions it and the District Court have previously reached rejecting them." *Nelson*, 610 B.R. at 237. Indeed, the Defendants are "in the same position as many other Madoff victims who paid taxes on fictitious profits" and missed out on other investment opportunities, and they are not entitled to any offsets for any taxes paid on transfers from BLMIS, or alleged interest they would have otherwise accrued on their principal deposits.[10]  *Igoin*, 525 B.R. at 885 n.16. Given that these legal defenses have not succeeded, the evidence Defendants intend to submit is

---

[10] *See also Picard v. Greiff*, 476 B.R. 715, 729 (S.D.N.Y. 2012) (rejecting defendants' arguments that compliance with the Internal Revenue Code ("IRC")'s requirement that accountholders of individual retirement accounts withdraw minimum distributions every year protects their fraudulent transfers from avoidance and concluding that "the IRC does not require dismissal of the Trustee's claims under § 548(a)(1)(A) and § 550(a)"). Defendants were part of the briefings to the *Greiff* decision. *See id.* at 730.

8

not relevant and does not "possess[ ] sufficient probative value to justify receiving [them] in evidence." Fed. R. Evid. 401; *see also Contreras*, 778 F.3d at 108.

III.    **THE COURT MAY EXCLUDE EVIDENCE OF DEFENDANTS' ASSERTED TAX OBLIGATIONS AND ACCRUED INTEREST ON PRINCIPAL DEPOSITS PURSUANT TO FED. R. EVID. 403**

Even if Defendants' evidence of their tax obligations or purported interest on principal deposits had any relevance—which it does not—its probative value is so minimal as to be substantially outweighed by the waste of this Court's time and resources that would accompany its admission.  Again, this Court has previously considered these legal defenses and has rejected them, with the District Court adopting this Court's "well-reasoned and thorough decision . . . in [its] entirety."  Memorandum Order Adopting Proposed Findings of Facts and Conclusion of Law, *Cohen*, No. 16 Civ. 05513 (LTS) (S.D.N.Y. Feb. 24, 2017), ECF No. 24.  Admitting testimony or evidence in support of Defendants' claim for recoupment or  equitable adjustment would not promote judicial efficiency.  As a result, the Court's broad discretion to exclude such evidence under Fed. R. Evid. 403 would be appropriately exercised here.  *See, e.g.*, *Sprint/United Mgmt. Co.*, 552 U.S. at 387 (noting that Fed. R. Evid. 403 determinations should be made "in the context of the facts and arguments in a particular case").

9

## **CONCLUSION**

The Trustee respectfully requests that the Court enter an Order excluding any testimony

and exhibits related to Defendants' asserted tax obligations and accrued interest on principal

deposits with BLMIS, and grant such other and further relief to the Trustee as the Court deems

proper.

Dated:   June 17, 2020
         New York, New York

**BAKER & HOSTETLER LLP**

*/s/ Nicholas J. Cremona*
45 Rockefeller Plaza
New York, New York  10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
Lan Hoang
Email:  lhoang@bakerlaw.com
Anat Maytal
Email: amaytal@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee
for the Substantively Consolidated SIPA
Liquidation of Bernard L. Madoff Investment
Securities LLC and the Estate of Bernard L.
Madoff*