# EXHIBIT A

Page 1

1  UNITED STATES BANKRUPTCY COURT
2  SOUTHERN DISTRICT OF NEW YORK
3  Adv. Case No. 10-04377-smb
4  Adv. Case No. 10-04658-smb
5  - - - - - - - - - - - - - - - - - - - - - - - - - - - x
6  IRVING H. PICARD, TRUSTEE FOR THE LIQUIDATION OF BERNARD L.
7  MADOFF INVESTMENT SECURITIES LLC,
8              Plaintiff,
9        v.
10 NELSON et al.,
11             Defendants.
12 - - - - - - - - - - - - - - - - - - - - - - - - - - - x
13
14              United States Bankruptcy Court
15              One Bowling Green
16              New York, NY  10004
17
18              May 8, 2019
19              10:22 AM
20
21 B E F O R E :
22 HON STUART M. BERNSTEIN
23 U.S. BANKRUPTCY JUDGE
24
25 ECRO:  NAROTAM RAI

Page 2

1   HEARING re 10-04377-smb TRIAL

2

3   HEARING re 10-04377-smb Motion In Limine Number 1 to Admit

4   the Plea Allocutions of Bernard L. Madoff and BLMIS

5   Employees (also applies to Adv. Proc. No. 10-04658)

6

7   HEARING re 10-04377-smb Motion In Limine Number 2 to Admit

8   the Trial Testimony of Frack DiPascali (also applies to Adv.

9   Proc. No. 10-04658)

10

11  HEARING re 10-04377-smb Motion In Limine Number 3 to Exclude

12  Testimony and Exhibits Related to Defendants Asserted Tax

13  Obligations to Governmental Taxing Authorities (also applies

14  to Adv. Proc. No. 10-04658)

15

16  HEARING re 10-04658 TRIAL

17

18

19

20

21

22

23

24

25  Transcribed by:  Sonya Ledanski Hyde

Page 3

```
 1   A P P E A R A N C E S :

 2

 3   BAKER HOSTETLER LLP

 4        Attorneys for the Trustee

 5        45 Rockefeller Plaza

 6        New York, NY 10111

 7

 8   BY:  SEANNA R. BROWN

 9        NICHOLAS J. CREMONA

10        DEAN HUNT

11        LAN HOANG

12        AMY E. VANDERWAL

13        MAXIMILLIAN S. SHIFRIN

14

15   BAKER HOSTETLER LLP

16        Attorneys for the Trustee

17        811 Main Street, Suite 1100

18        Houston, TX 77002

19

20   BY:  MARIE L. CARLISLE

21

22

23

24

25
```

Page 4

1   CHAITMAN LLP
2       465 Park Avenue
3       New York, NY 10022
4
5   BY:  HELEN DAVIS CHAITMAN
6        JENNIFER ALLIM
7
8   ALSO PRESENT TELEPHONICALLY:
9
10  SEAN DALY
11  DAVID J. SHEEHAN
12  ROBERT A. RICH
13
14
15
16
17
18
19
20
21
22
23
24
25

Page 5

```
 1                  P R O C E E D I N G S
 2          CLERK:  Please be seated.
 3          THE COURT:  Picard versus Nelson.  Is the
 4   Plaintiff ready?
 5          MR. CREMONA:  We are, Your Honor.  Good morning.
 6          THE COURT:  Is the Defendant ready?
 7          MR. HUNT:  Yes.
 8          THE COURT:  All right.  Why don't we deal with the
 9   motions in limine first, which -- and objections, which I've
10   reviewed?
11          MR. CREMONA:  Thank you, Your Honor.  Nicholas
12   Cremona of Baker & Hostetler appearing on behalf of Irving
13   Picard as the Trustee.
14          As Your Honor indicated, we have several pretrial
15   motions that we'd like to deal with, the first of which I
16   think is one that's rather straightforward from our
17   perspective, but I understand, as Your Honor often says,
18   your perspective in this case often depends upon where you
19   sit.
20          So the motion in limine number 3 is a motion to
21   exclude the testimony of Robert Oppenheim.  He is an
22   accountant that has been designated by the defendants, and
23   based on the declaration that was submitted in opposition to
24   our motion, it appears that he would testify that the
25   defendants paid roughly $5.3 million in taxes based on
```

```
 1   purported gains from their Madoff investments from the years
 2   1985 through 2002.  We object and move to have him excluded
 3   because of several reasons.
 4            We don't believe the testimony is relevant.  We
 5   don't think it's probative to any material or fact at issue.
 6   And thirdly, I think when you look at the declaration on its
 7   face, it's inaccurate for a couple of reasons, and we can
 8   get into that.
 9            But first and foremost, I don't think it's
10   relevant to admit his testimony because it will not prove or
11   dispute -- prove a material fact at issue.  And secondly, as
12   we said in our papers and as Your Honor will recall, the
13   issue at the end of the day as to whether the -- what the
14   legal effect of the payment of those taxes has been decided
15   by this court at least two times.
16            As Your Honor noted in your Cohen decision, the
17   payment of taxes is not a defense.  And moreover, to allow
18   the offset for payment of taxes would only come at the
19   expense of other net loser victims and limit the amount
20   recoverable by the trustee for their benefit, which is his
21   charge.  And for those reasons, you noted that it's not a
22   defense.  You reiterated that in your (indiscernible)
23   decision stating that the payment of taxes is not a defense.
24            When you look beyond that, Your Honor, if you look
25   at the declaration itself, it says --
```

Page 7

```
 1               THE COURT:  Where is the declaration?
 2               MR. CREMONA:  It's in -- it's in Exhibit 2, the
 3   Defendant's opposition to our motion, and it actually
 4   provides in it that -- if you look at Exhibit A to Mr.
 5   Oppenheim's declaration, provides that the 5.3 million
 6   purportedly paid in gains includes gains on these accounts
 7   from the years 1985 through 1991.  These accounts were not
 8   opened --
 9               THE COURT:  To 2002.
10               MR. CREMONA:  Right, but I'm focused on the 1985
11   period through 1991.  These accounts --
12               THE COURT:  Okay.
13               MR. CREMONA:  These accounts didn't exist, and
14   that aggregates to 2.9 million purportedly in gains that the
15   taxes were paid on.  Obviously, that's (indiscernible)
16   inaccurate and I would submit unreliable, and that presents
17   an independent basis to excluded it.
18               If you look then, Your Honor, to TX-24, which is
19   the Defendant's -- one of Plaintiff's Exhibit TX-24, and
20   that's --
21               THE COURT:  Can you put it up on the screen?  You
22   know, we have a lot of loose leaf here, and I'd appreciate
23   both sides, if you can display the exhibits on a screen.
24               MR. CREMONA:  We can do that, Your Honor.  And
25   just for the record, that is Carol and Stanley Nelson's
```

Page 8

1    amended objections and responses to Trustee's first set of
2    requests for admissions.
3              And I would direct Your Honor to Paragraph 13,
4    which starts on Page 5 of 9.  And that paragraph references
5    Mr. Oppenheim, and it says that he prepared the tax return
6    for the Defendants from the period 1992 onward.  That was a
7    prior admission by the Defendants which Mr. Oppenheim's
8    subsequent declaration actually contradicts, as you can see
9    if you look at the numbers.  It purports to indicate that
10   $3.5 million in net taxes were paid, and the declaration
11   indicates 5.3.  It also is -- there's a further discrepancy
12   that the defendants here received a tax refund from the IRS
13   in Connecticut in the amount of 1.5 million in their
14   admission and Mr. Oppenheim at --
15             THE COURT:  You know what?  You don't want to call
16   him as a witness, and now you're impeaching him.
17             MR. CREMONA:  I'm just -- I'm just merely
18   providing independent basis that -- to demonstrate that his
19   testimony is unreliable.  I think for the reasons we've
20   stated, legally I think -- based on application of Rules 401
21   and 403 and the prior determinations by Your Honor -- his
22   testimony should be excluded because it will have no
23   material effect on the outcome of the issues before the
24   Court.
25             THE COURT:  What's the relevance of the taxes?

Page 9

1            MS. CHAITMAN:  The relevance of the taxes is, Your

2   Honor, we believe that the Defendant should not be liable

3   for made-up gains to the extent that the reporting of those

4   gains caused them to be liable to the state and local and

5   federal taxing authorities for 50 percent, essentially, in

6   taxes.

7            And I know that Your Honor, in other cases which

8   are not consolidated with this case, you've ruled against

9   the Defendants on this issue, but it hasn't gone up on

10  appeal.  And this is an issue that we are asserting, and

11  we're entitled to a ruling on it.  I anticipate that your

12  ruling will be the same, but it's not a consolidated case,

13  and we have a right to that ruling.

14           THE COURT:  I understand that.  You've made your

15  record.  I'm going to exclude the testimony for the reasons

16  I've stated in the prior decisions referred to by Mr.

17  Cremona.

18           The amount of taxes which these defendants and

19  other investors paid is irrelevant to the determination of

20  what was deposited and what was withdrawn within -- capped

21  by the two-year withdrawal.  So I'll grant that motion to

22  exclude the accountant's testimony.  You've made your

23  record.

24           MS. CHAITMAN:  Thank you.

25           THE COURT:  Okay.