| | |
|---|---|
| From: | L. ROSE <lroseinc@yahoo.com> |
| Sent: | Thursday, July 2, 2020 3:20 PM |
| To: | NYSBml_Bernstein's_Chambers_Staff |
| Subject: | Lanny Rose  APN-10-05160 |
| Attachments: | IMG_20200702_0001.pdf |

July 2, ,2020

Via Express mail and electronic mail to:

Bernstein.chambers@nysb.uscourts.gov

Honorable Stuart M.Bernstein

United States Bankruptcy Court

Southern District of New York

One Bowling Green, Room 723

New York,New York 10004-1408

Re: Picard v Lanny Rose Adv Pro No 10-05160


Dear Judge Bernstein,

I am writing you again to seek relief and to reach a final settlement/mediation or dismissal of my case after 11+ years. I originally contacted you in October of 2015. ( see attached letter#1) As I said in that letter, the trustee attorney intermittently contacted me sometimes waiting 2 years between contacts. He is bullying me again, threatening litigation if I don't settle. I reluctantly offered to settle in June of 2018 for a $300,000 lien on my house.  On March 5,**2020** Mr. Matthias responded (see attached email #2) seemingly agreeing to the $300,000 from almost 2 years ago. I responded March 12th with another offer( to avoid a lien) and it was rejected on June 3rd. I responded June 9th and told them to proceed. Mr Matthias   responded June 9th and he reiterated the $300,000 figure. I agreed  June 12th. (see attached email #3 and #4)

On June 17th I received an email reversing the $300,000 lien and now requiring a $400,000 lien.(see attached email #5)  This is totally unreasonable, your honor. I have been punished and bullied by the trustee for over a decade.

As stated in my first letter to you (Oct. 2015) even though I fulfilled many of the hardship qualifications 11+ years ago the hardship was never approved.

1

1.  My medical issues which have since been exacerbated have never been taken into account by the trustee.

2.  The $5+ million in taxes paid that I can not get back from the IRS all came out of my Madoff account and the $6 million stolen by the KL Ponzi scheme also came out of my Madoff account . These were all monies that put me upside down and were never taken into account by the trustee. In the very beginning the Trustee said he would take these factors into account and they were never taken into account in my case. I am very far from a net winner. As you know the trustee has settled for less than 10% with some other net positive victims. Some have settled with no payment at all. ( The 300K is 22% of the amount the Trustee designated as net positive in my case)

I am almost 72 and I can assure you this matter hanging over my head has been agonizing for me all these years. Please help me Judge Bernstein,so that I can resolve the grief and stress I have been enduring, after already losing almost everything I worked for my whole life. I can not afford an attorney to represent me. I really need this to end and be over.

Thank you for your consideration.


Sincerely,

Lanny Rose

Phone #-954-771-7673

Email- LROSEINC@YAHOO.COM


#1

October 15, 2015
VIA Express Mail and electronic mail to:
Bernstein.chambers@nysb.uscourts.gov

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling green, Room 723
New York, New York 10004-1408
Re: Picard v The Lanny Rose Revocable trust, et al Adv Pro No 10-05160

Dear Judge Bernstein,
I am writing to you to seek relief and to reach settlement /mediation for my case. I received the attached email, from the attorney who no longer represents me, saying I was facing default.(It was extended to Oct. 16,2015) I cannot afford an attorney to represent me in litigation. My only asset is my home that I obtained 4 years ago with the only funds I had left. The trustee attorneys in December, 2013 indicated they would get back to me with settlement information but I never heard from them after that.

The trustee attorney finally got back to me this week saying they wanted $450,000. $100,000 now and $350,000 from house sale proceeds when house is sold. I agreed to $350,000 .( This is in spite of the fact that Fla. has homestead exemption and protects homeowners .) This is unreasonable in my current health and financial condition. I have requested mediation several times and they have refused. I have attached an answer to the complaint as well.

Even though I fulfilled many of the hardship qualifications, the trustee has not approved my hardship .I have no assets, but was willing to approach friends and relatives to give me some funds to settle with the trustee. I also offered life insurance on myself as well, since the trustee was willing to wait until I die to receive payment and they have refused that as well.  Of the 90% of the principal money I had in Madoff  many $millions was paid in taxes to the IRS that I cannot get back  or  was stolen by another hedge fund (KL FUND- $6mil) This was a major factor for hardship, in addition to my health issues, but I was still denied hardship,  in spite of the monetary and health issues I face . Over 17 years I used only a small portion of the funds personally- thinking the rest would go to charity. Now I have nothing.
 Please, Judge Bernstein, help me, so I can resolve this and end almost 7 years of grief and stress that I have been through, after losing almost everything. Thank you for your consideration.

Sincerely,
Lanny Rose

RE: BLMIS Adversary Proceeding #10-05160 - Lanny Rose

From: Matthias, Michael (mmatthias@bakerlaw.com)

To: lroseinc@yahoo.com

Date: Thursday, March 5, 2020, 06:06 PM EST

Lanny,

#2

It has been some time since we communicated regarding the adversary proceeding which is pending against you. I have been asked by the Trustee to take another effort at resolving the case before placing it back on the active litigation list and pursuing a judgment.

I am not certain, but I think I can now get approval for settlement in the amount of $300,000, supported by a promissory note and deed of trust on your real property, payable upon the last to die of you and Ms. Clinton (assuming you are still together with her). The promissory note would not bear interest. We would agree to move the lien to another substitute residence as long as there is sufficient equity in it. We would also agree to subordinate the lien if funds are needed to provide care and support for you or Ms. Clinton.

I will be in our New York office on Monday and Tuesday, which will give me a good opportunity to get approval from the Settlement Committee if such a settlement is possible from your end. Again, I do not have authority for such a settlement, but think I will be able to obtain it rather than proceed with the litigation.

Please advise at your convenience.

Thanks, Michael

Michael R. Matthias

Partner

BakerHostetler

RE: BLMIS Adversary Proceeding #10-05160 - Lanny Rose                    #3

From:  Matthias, Michael (mmatthias@bakerlaw.com)

To:    lroseinc@yahoo.com

Cc:    bneville@laxneville.com

Date:  Tuesday, June 9, 2020, 06:49 PM EDT

Lanny,

Thank you for your email. At the outset, I need to advise you again that I do not have authority from the Settlement Committee to settle this matter. I will consult with it to attempt to obtain authority, but before I do I must advise you that the settlement will NOT include granting you the first right of refusal on sale or transfer of the lien by the Trustee or an agreement that the lien will not be transferred. Those are terms that have never been agreed to in any settlement and will not be agreed to.

Please confirm that those terms are withdrawn from your settlement offer and will not be part of the settlement. Upon receipt of that confirmation from you I will seek approval of the Settlement Committee to a settlement in the amount of $300,000, supported by a promissory note and deed of trust on your real property, payable upon the last to die of you and Ms. Clinton. The promissory note would not bear interest. We would agree to move the lien to another substitute residence as long as there is sufficient equity in it. We would also agree to subordinate the lien if the funds are needed to provide care and support for you or Ms. Clinton. The Trustee would pay the filing and recording fees for the initial deed of trust, but you would be responsible for any and all fees and costs with respect to the substitution of another residence as security. Ms. Clinton would have to be a party to the settlement documents with respect to the deed of trust.

Please advise if these terms are acceptable and I will attempt to get authority from the Settlement Committee.

Michael

Fri, Jun 12 at 1:20 PM

**L. ROSE** <lroseinc@yahoo.com>
**To:** Matthias, Michael
**Bcc:** Brian Neville

#4

6/12/20

Michael,

I reviewed the email. You can go ahead and proceed. The terms are acceptable. I will drop the first refusal and transfer request. ( It seems unlikely Trustee would be moving the lien)

Thank you-

Lanny Rose

RE: BLMIS Adversary Proceeding #10-05160 - Lanny Rose

From: Matthias, Michael (mmatthias@bakerlaw.com)

To: lroseinc@yahoo.com

Date: Wednesday, June 17, 2020, 05:22 PM EDT

#5

Lanny,

I communicated the settlement proposal you and I were discussing to the Settlement Committee and it is agreeable to all of the proposed terms with the exception of the total amount of the settlement. The previous settlement which was agreed to was in the total amount of $400,000, payable $100,000 in cash up front and a promissory note and deed of trust for $300,000. The financial information available to the Settlement Committee at this time is no different from that previously available and the Settlement Committee is not willing to reduce the total amount of the settlement from that previously agreed to. It is however willing to forego the $100,000 cash up front payment and move that amount to the promissory note and deed of trust. It agreed to all of the other additional/revised proposed terms.

The proposed settlement that the Settlement Committee will approve is in the total amount of $400,000, supported by a promissory note and deed of trust on your real property, payable upon the last to die of you and Ms. Clinton. The promissory note would not bear interest. We would agree to move the lien to another substitute residence as long as there is sufficient equity in it. We would also agree to subordinate the lien if the funds are needed to provide care and support for you or Ms. Clinton. The Trustee would pay the filing and recording fees for the initial deed of trust, but you would be responsible for any and all fees and costs with respect to the substitution of another residence as security. Ms. Clinton would have to be a party to the settlement documents with respect to the deed of trust.

I have been directed to advise you that the Trustee is prepared to litigate this matter if settlement on these terms is not acceptable. The current deadline for you to file an answer is June 23, 2020. I also have to advise that final agreement to the settlement is subject to approval of the Trustee and SIPC, but will be recommended by the Settlement Committee.

Michael

**Michael Matthias**
Partner

---

BakerHostetler
11601 Wilshire Boulevard | Suite 1400
Los Angeles, CA 90025-0509
T +1.310.442.8802

mmatthias@bakerlaw.com
bakerlaw.com