**CHAITMAN LLP**
465 Park Avenue
New York, New York 10022
Phone & Fax: (888) 759-1114
Helen Davis Chaitman
hchaitman@chaitmanllp.com

*Attorneys for Defendant*

**UNITED STATES BANKRUPTCY COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>       Plaintiff-Applicant,<br>  v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>       Defendant. | Adv. Pro. No. 08-01789 (SMB)<br>SIPA LIQUIDATION<br>(Substantively Consolidated) |
| In re:<br>BERNARD L. MADOFF,<br><br>       Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>       Plaintiff,<br>v.<br><br>Philip F. Palmedo,<br><br>       Defendant. | Adv. Pro. No. 10-04749 (SMB) |

## NOTICE OF MOTION TO WITHDRAW THE REFERENCE

**TO THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

  **PLEASE TAKE NOTICE** that Defendant Philip F. Palmedo ("Defendant") respectfully

moves the United States District Court for the Southern District of New York at the United States

Courthouse, 500 Pearl Street, New York, NY 10007, on a date to be determined by the Court,

pursuant to 28 U.S.C. § 157(d), Rule 5011 of the Federal Rules of Bankruptcy Procedure, and Rule 5011-1 of the Local Rules for the Southern District of New York, for an Order withdrawing the reference of the above-captioned adversary proceeding from the United States Bankruptcy Court for the Southern District of New York for the reasons set forth in the accompanying Memorandum of Law.

WHEREFORE, Defendant respectfully requests that the Court enter an Order granting the relief requested herein, and such other and further relief as the Court deems just and proper.

Dated: New York, New York
February 28, 2020

**CHAITMAN LLP**

By: */s/ Helen Davis Chaitman*
Helen Davis Chaitman
465 Park Avenue
New York, New York 10022
Phone & Fax: 888-759-1114
hchaitman@chaitmanllp.com

*Attorneys for Defendant*

MEMO ENDORSED:

On March 4, 2020, Defendant moved to withdraw the bankruptcy reference in this action, arguing that the case is "trial ready" and that Defendant has a Seventh Amendment right to a jury trial. (Dkt. No. 1-1 at 2-3, 6) On March 18, 2020, Plaintiff filed a pre-motion letter as a predicate to moving for summary judgment. (Dkt. No. 3) Given Plaintiff's anticipated summary judgment motion, this case is not trial ready. Defendant's motion to withdraw the reference is therefore denied without prejudice as premature. See, e.g., Pryor v. Tromba, No. 13-CV-676 JFB, 2014 WL 1355623, at *8 (E.D.N.Y. Apr. 7, 2014) ("[N]othing in defendant's papers suggests that the proceeding is at the pre-trial stage. Rather, two motions for summary judgment are pending. . . ."); In re Ne. Indus. Dev. Corp., 511 B.R. 51, 53-54 (S.D.N.Y. 2014) ("The Bankruptcy Court may hear the case in the first instance and recommend proposed findings of fact and conclusions of law for final adjudication in the District Court. . . . The Bankruptcy Court's resolution of any motion for summary judgment . . . will be very useful to the District Court. . . .") (internal citations omitted); Nisselson v. Salim, No. 12 Civ. 92 (PGG), 2013 WL 1245548, at *6 (S.D.N.Y. Mar. 25, 2013) ("The Bankruptcy Court is familiar with the bankruptcy estate as a whole, having overseen its administration since March 2011 . . . . Moreover, as a general matter, the Bankruptcy Court is more familiar with avoidance claims. . . . Accordingly, it would be more efficient for the Bankruptcy Court to propose findings of fact and conclusions of law in the first instance."). The Clerk of Court is directed to terminate the motion (Dkt. No. 1) and close the case. The parties may move to re-open the case after the Bankruptcy Court addresses Plaintiff's anticipated motion for summary judgment.

SO ORDERED.

*[signature: Paul G. Gardephe]*

Dated: July 8, 2020

{00043875 1 }