**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>      Plaintiff,<br><br>    v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>      Defendant.<br><br>In re:<br><br>BERNARD L. MADOFF,<br><br>      Debtor. | Adv. Pro. No. 08-1789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |

**APPLICATION OF EUGENE F. COLLINS AS SPECIAL COUNSEL TO THE TRUSTEE FOR ALLOWANCE OF INTERIM COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED FROM DECEMBER 1, 2019 THROUGH MARCH 31, 2020 AND FOR RELEASE OF <u>A PORTION OF FEES HELD BACK</u>**

Caoilfhionn Ni Chuanachain, together with other members and associates at the law firm of Eugene F. Collins ("EFC"), special counsel for Irving H. Picard (the "Trustee"), trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act of 1970, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA"), and Bernard L. Madoff, submits this Application for interim compensation of legal fees in the amount of $9,575.96 (of which 20% is to be deferred until the conclusion of the liquidation period), reimbursement of actual and necessary expenses in the amount of $109.46 for the period from December 1, 2019 Through March 31, 2020 (the "Compensation Period"), and the release of $12,814.33 (which represents a portion of fees held back). In support of the Application, EFC respectfully submits as follows:

## I. BACKGROUND

1.  On December 15, 2008, Judge Stanton of the United States District Court for the Southern District of New York, upon application filed on the same date by the Securities Investor Protection Corporation ("SIPC"), entered an order calling for the liquidation of BLMIS in accordance with SIPA and appointing the Trustee as BLMIS's trustee.

2.  BLMIS's liquidation proceeding was removed to this Court pursuant to SIPA § 78eee(b)(4), and, pursuant to SIPA § 78fff(b), is being conducted as though it were a case under chapters 1, 3, and 5 and subchapters I and II of chapter 7 of title 11 of the United States Code.

3.  On February 23, 2009, this Court entered an order approving the Trustee's motion to retain EFC, *nunc pro tunc* as of February 9, 2009, as special counsel to the Trustee in all matters pertaining to Irish law.

4.  The Trustee's motion to retain EFC established a fee arrangement pursuant to which EFC agreed to a fee reduction in the amount of 10% as well as an additional holdback of fees in the amount of 20% ("Holdback").

## II. SERVICES RENDERED BY EFC

5.  The legal services performed by EFC on behalf of the Trustee during the time period covered by this Application are as follows:

6.  EFC monitored, on behalf of the Trustee, BLMIS-related litigation currently pending in Ireland.

7.  EFC researched, analyzed, and advised the Trustee on certain aspects of Irish law.

## III. COMPENSATION REQUESTED

8.  The Application demonstrates how EFC has both added value to BLMIS's estate and advanced BLMIS's liquidation proceeding.

9. EFC has been mindful of the need to avoid undue legal fees in this case and has taken all reasonable steps to provide cost-effective representation while rendering services with the highest degree of skill and professionalism.

10. From December 1, 2019 Through March 31, 2020, EFC provided a total of 34.2 hours of legal services to the Trustee in this case. Prior to the 10% discount, the total amount of fees incurred in this time period was $13,299.95 and the total blended rate for professional services was $388.89/hour. After the 10% discount, the total amount of fees incurred is $11,969.95 and the total blended rate is $350.00/hour. EFC has agreed to a further holdback of 20% of its fees in the amount of $2,393.99 resulting in the present request for compensation in the amount of $9,575.96.

11. A breakdown of the total number of hours performed by each EFC timekeeper is provided in **Exhibit A** attached hereto.

12. EFC seeks reimbursement for out-of-pocket expenses incurred in connection with its representation of the Trustee during the Compensation Period in the amount of $109.46. An itemized list of these expenses is detailed in **Exhibit B** attached hereto.

## IV. RELEASE OF THE HOLDBACK

12. The Trustee's motion to retain EFC established a Holdback fee arrangement in which 20% of the approved compensation is deferred until further order of the Court.

13. For the prior and current compensation periods, the amount of the Holdback for EFC's fees is $25,628.66. EFC seeks a release of the Holdback in the amount of $12,814.33 upon the support of SIPC.

14. SIPC has advised EFC that it will file a recommendation in support of the fees and expenses in this Application and the release of the Holdback in the amount of $12,814.33 for EFC.

15. Hence, EFC respectfully requests that this Court authorize the release of the Holdback payment to EFC in the amount of $12,814.33 as supported by SIPC.

## V. GENERAL MATTERS

16. All of the professional services for which compensation is requested herein were performed by EFC for and on behalf of the Trustee, and not on behalf of any other person or entity.

17. No agreement or understanding exists between EFC and any other person for sharing compensation received in connection with this case, nor has any other person or entity agreed to provide EFC with compensation for the legal services described herein.

18. SIPA § 78eee(b)(5)(A) provides in pertinent part that, upon appropriate application and after a hearing, "[t]he court shall grant reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred . . . by a trustee, and by the attorney for such a trustee." SIPA § 78eee(b)(5)(C) specifically establishes SIPC's role in connection with applications for compensation and the consideration the Court should give to SIPC's recommendation concerning fees, providing as follows:

> In any case in which such allowances are to be paid by SIPC without reasonable expectation of recoupment thereof as provided in this chapter and there is no difference between the amounts requested and the amounts recommended by SIPC, the court shall award the amounts recommended by SIPC. In determining the amount of allowances in all other cases, the court shall give due consideration to the nature, extent, and value of the services rendered, and shall place considerable reliance on the recommendation of SIPC.

SIPA § 78eee(b)(5)(C).

19. To the extent the general estate is insufficient to pay such allowances as an expense of administration, SIPA § 78eee(b)(5)(E) requires SIPC to advance the funds necessary to pay the compensation of EFC. *See also* SIPA § 78fff-3(b)(2).

4

20.     At this time, the Trustee has determined that he has no reasonable expectation that the general estate will be sufficient to make a distribution to general creditors or pay administrative expenses. SIPC has advised the Trustee that it concurs with this determination. Accordingly, any fees and expenses allowed by this Court will be paid from advances by SIPC without any reasonable expectation by SIPC of recoupment thereof.

21.     Therefore, with respect to this Application, EFC requests that, consistent with SIPA § 78eee(b)(5)(C), the Court "shall award the amounts recommended by SIPC." *See McGraw v. Betz (In re Bell & Beckwith)*, 112 B.R. 876 (Bankr. N.D. Ohio 1990). EFC expects that SIPC's recommendation in support of the relief sought by this Application will be filed with this Court separately.

**WHEREFORE**, EFC respectfully requests that this Court enter an Order:

a.     Granting this Application; and

b.     Allowing and awarding $11,969.95, of which $9,575.96 is to be paid currently and $2,393.99 is to be held back through the conclusion of the liquidation period or until further order of the Court, as an interim payment for professional services rendered by EFC to the Trustee from December 1, 2019 Through March 31, 2020; and

c.     Allowing payment to EFC in the amount of $109.46 for reimbursement of expenses incurred by EFC from December 1, 2019 Through March 31, 2020; and

    d.      Releasing $12,814.33 to EFC from the Holdback for prior and current compensation periods; and

    e.      Granting EFC such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: July 9, 2020                       Eugene F. Collins, Solicitors

By: */s/ Caoilfhionn Ni Chuanachain*
Caoilfhionn Ni Chuanachain
EUGENE F. COLLINS
Temple Chambers
3 Burlington Road
Dublin 4 Ireland
+353 (1) 202 6400

## **EXHIBIT A**

### **SUMMARY OF INTERIM FEE APPLICATION**
### **OF EFC FOR SERVICES RENDERED**
### **FOR THE PERIOD DECEMBER 1, 2019 THROUGH MARCH 31, 2020**

|  | **HOURLY RATE** | **TOTAL HOURS BILLED** | **TOTAL COMPENSATION** |
|---|---|---|---|
| Caoilfhionn Ni Chuanachain | $531.65 | 1.6 | $850.64 |
| Donal Dunne | $385.12 | 32.2 | $12,400.86 |
| Kate Liddy-Cormican | $121.11 | 0.4 | $48.44 |
|  |  |  |  |
| Total: | $388.89 | 34.2 | $13,299.95 |
| Total minus 10% Discount | $350.00 |  | $11,969.95 |
| Total Net of 20% Holdback: |  |  | $9,575.96 |
| Holdback for Prior and Current Compensation Periods |  |  | $25,628.66 |
| Release of the Holdback |  |  | $12,814.33 |
| **Total Compensation to be Paid** |  |  | **$22,390.29** |

## EXHIBIT B

## EXPENSE SUMMARY OF EFC FOR THE
## INTERIM PERIOD OF DECEMBER 1, 2019 THROUGH MARCH 31, 2020

| EXPENSES | AMOUNTS |
|---|---|
| Photocopies | $0.75 |
| Court Stamps | $86.97 |
| Commissioner Fees | $21.74 |
| **Total Expenses Requested:** | **$109.46** |