**Baker & Hostetler LLP**  
45 Rockefeller Plaza  
New York, New York 10111  
Telephone: (212) 589-4200  
Facsimile: (212) 589-4201  
David J. Sheehan  
Jorian L. Rose  
Amy E. Vanderwal  
Jason I. Blanchard

Hearing Date: August 26, 2020  
Hearing Time:  10:00 a.m. (EST)  
Objections Due: August 7, 2020  
Objection Time:  4:00 p.m. (EST)

*Attorneys for Irving H. Picard, Trustee*  
*for the Substantively Consolidated SIPA Liquidation*  
*of Bernard L. Madoff Investment Securities LLC*  
*and the chapter 7 estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**  
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant.<br>In re:<br>BERNARD L. MADOFF,<br><br>Debtor. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |

**TRUSTEE'S MOTION FOR ENTRY OF AN ORDER**  
**(I) ESTABLISHING OMNIBUS PROCEDURES FOR THE ADJUDICATION OF OBJECTIONS TO THE TRUSTEE'S CLAIMS DETERMINATIONS THAT APPEAR TO RAISE FACTUAL ISSUES; AND (II) AUTHORIZING THE TRUSTEE TO FILE SUBSTANTIVE MOTIONS TO AFFIRM HIS CLAIMS DETERMINATIONS AND <u>OVERRULE SUCH OBJECTIONS ON AN OMNIBUS BASIS</u>**

Irving H. Picard, as trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa–*lll*, ("SIPA"),[1] and the chapter 7 estate of Bernard L. Madoff ("Madoff"), by this combined motion and memorandum of law (the "Motion"), asks this Court to enter an order pursuant to 11 U.S.C. § 105(a) and consistent with Bankruptcy Rule 3007, to the extent applicable to this proceeding under SIPA §§ 78fff(b) and 78fff-1(a), substantially in the form attached hereto as **Exhibit A**, approving procedures for the adjudication of objections to the Trustee's claims determinations that appear to raise factual issues (the "Remaining Objections") and authorizing the Trustee to file substantive motions to affirm his claims determinations and overrule the Remaining Objections on an omnibus basis.

## PRELIMINARY STATEMENT

During this SIPA liquidation, claimants filed 16,521 claims seeking protection under SIPA as customers of BLMIS. The Trustee promptly determined each claim and issued a letter to each claimant explaining his determination. Many claimants disagreed with the Trustee's determinations and filed approximately 2,500 objections with the Court. Of those objections, more than 250 remain. Approximately 120 of these objections are the Remaining Objections,[2] in which claimants raise what appear to be customer-specific factual issues.

Many of the claimants that filed the Remaining Objections are *pro se* or represented by counsel unfamiliar with the law developed over the course of this liquidation. In many instances, the Trustee's professionals have tried to contact the claimants or their counsel to try to narrow the issues and negotiate a consensual schedule to bring those issues before the Court. These efforts

---

[1] Subsequent references to SIPA shall omit "15 U.S.C."

[2] The Remaining Objections exclude objections related to ongoing adversary proceedings and to the appeal of this Court's decision regarding profit withdrawals, currently before the Second Circuit Court of Appeals.

2

have been largely unsuccessful with many claimants not responding at all. The claimants that have responded typically refuse to consent to a schedule or to narrow the issues. In other instances, the Trustee has obtained consent to a schedule, but only after filing a motion for approval of a scheduling order on a non-consensual basis.[3] Other claimants withdrew their objections, but only after the Trustee served extensive discovery or filed substantive motions to affirm his determinations.[4] After conducting discovery, others have chosen not to respond to the Trustee's motions at all.[5]

To address the Remaining Objections on a claimant-by-claimant basis, would be a time-consuming and costly process that would require the Trustee to file more than 100 separate motions. To do so would unnecessarily burden the Court's limited judicial resources and delay the Trustee's administration of claims in this liquidation. Thus, the Trustee seeks to implement omnibus procedures (the "Omnibus Procedures"), as detailed in the proposed procedures attached hereto as **Exhibit 1**, to streamline the resolution of the Remaining Objections. As explained more fully below, under the Omnibus Procedures, the Trustee would be permitted to file substantive motions on an omnibus basis (each an "Omnibus Motion") to address the categories of issues raised by the Remaining Objections. This will enable the Trustee to efficiently address a significant portion of the remaining customer objections and bring the case closer to conclusion.

The Omnibus Procedures are designed to balance the claimants' due process rights with

---

[3] *See, e.g., Motion for Approval of a Scheduling Order Relating to the Trustee's Determination of the Claim of Richard L. Cohen* (ECF No. 19113); *Letter to Judge Bernstein regarding Motion for Approval of a Scheduling Order Relating to the Trustees Determination of the Claim of Richard L. Cohen* (ECF No. 19260).

[4] *See, e.g., Stipulation and Order Modifying the Scheduling Order Concerning the Determination of the Brian Ross Customer Claim* (ECF No. 13921); *Notice of Withdrawal of Objection as to Claim No. 005740* (ECF No. 14559).

[5] *See, e.g., Trustee's Motion and Memorandum of Law to Affirm His Determinations Denying the Claims of Neil E. Botwinoff, Robert E. Helpern, Joel S. Hirschtritt, Ralph A. Siciliano, Vincent J. Syracuse and Michael G. Tannenbaum* (ECF No. 19202); *Certificate of No Objection to the Trustee's Motion and Memorandum of Law to Affirm His Determinations Denying the Claims of Neil E. Botwinoff, Robert E. Halpern, Joel S. Hirschtritt, Ralph A. Siciliano, Vincent J. Syracuse and Michael G. Tannenbaum* (ECF No. 19439).

the need to resolve the Remaining Objections in a streamlined and efficient manner. If a claimant does not object to the Omnibus Motion, the Trustee's determination will be deemed confirmed by this Court and binding on the claimant. If a claimant files a timely response ("Response"), the matter will be treated as a contested matter under Bankruptcy Rule 9014 and governed by a form of scheduling order attached hereto as **Exhibit 2** (each a "Scheduling Order"). The Scheduling Order will provide the parties with the opportunity to exchange discovery and brief the issues relevant to the Court's consideration of the dispute. A hearing to consider the parties' dispute, if any, would be held at a later date and time to be determined by the Court.

## JURISDICTION

This Court has jurisdiction to consider this matter pursuant to SIPA § 78eee(b)(2) and (b)(4) and 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## BACKGROUND

On December 11, 2008, the Securities and Exchange Commission ("SEC") filed a complaint in the District Court against Madoff and BLMIS, captioned *SEC v. Madoff*, No. 1:08-cv-10791-LLS, 2008 WL 5197070 (S.D.N.Y., Dec. 11, 2008), alleging fraud through the investment advisor activities of BLMIS. The SEC consented to the consolidation of its case with an application of the Securities Investor Protection Corporation ("SIPC"). Thereafter, SIPC filed an application under SIPA § 78eee(a)(4) alleging that because of BLMIS's insolvency, it needed SIPA protection. The District Court appointed the Trustee under SIPA § 78eee(b)(3) and removed the proceeding to this Court under SIPA § 78eee(b)(4).

Under SIPA, the Trustee is responsible for, among other things, recovering and distributing customer property to a broker's customers, assessing and satisfying customer claims, and liquidating other assets of the firm for the benefit of the estate and its creditors. In satisfying

customer claims, the Trustee evaluates whether claimants are "customers," as defined in SIPA § 78*lll*(2), who are entitled to share pro rata in "customer property," defined in SIPA § 78*lll*(4), to the extent of their "net equity," defined in SIPA § 78*lll*(11). For each customer with a valid net equity claim, SIPC advances funds to the SIPA trustee up to the amount of the customer's net equity, not to exceed $500,000 (the amount applicable to this case), if the customer's share of customer property does not make her whole. SIPA § 78fff-3(a).

This Court has determined that it is the customer's burden to demonstrate he or she is entitled to be treated as a "customer" under SIPA. *In re Bernard L. Madoff Inv. Sec. LLC*, 570 B.R. 477, 481 (Bankr. S.D.N.Y. 2017) (citing *Mishkin v. Siclari (In re Adler, Coleman Clearing Corp.)*, 277 B.R. 520, 557 (Bankr. S.D.N.Y. 2002) ("[I]t is well-established in the Second Circuit that a claimant bears the burden of proving that he or she is a 'customer' under SIPA.")). The customer also bears the burden of proving the amount of his or her claim. *In re Bernard L. Madoff Inv. Sec. LLC*, 592 B.R. 513, 481 (Bankr. S.D.N.Y. 2018) (citing *Pitheckoff v. Sec. Inv'r Prot. Corp. (In re Great E. Sec., Inc.)*, 10. No. Civ. 8647 (CM), 2011 WL 1345152, at *4 (S.D.N.Y. Apr. 5, 2011); *In re A.R. Baron Co., Inc.*, 226 B.R. 790, 795 (Bankr. S.D.N.Y. 1998)).

On December 23, 2008, this Court entered the Claims Procedures Order, which specifies the procedure for filing, determining, and adjudicating customer claims in this liquidation proceeding. (*See* ECF No. 12). Pursuant to that order, the Trustee determines claims eligible for customer protection under SIPA. *Id.* Claimants may object to the Trustee's determination of a claim by filing an objection in this Court, following which the Trustee requests a hearing date for the objection and notifies the objecting claimant thereof. *Id.*

Pursuant to the Claims Procedure Order, on January 2, 2009, the Trustee's claims' agent, AlixPartners, published notice of the commencement of this liquidation proceeding and the claims'

5

bar date in the national editions of several newspapers and on the Trustee's website. *See* Declaration of Vineet Sehgal ("Sehgal Decl.") ¶ 6. That same day, AlixPartners also mailed notice of the commencement of this liquidation proceeding and the claims' bar date to former customers, broker-dealers, and other creditors of BLMIS. *Id.*

The Trustee received and subsequently determined 16,521 claims filed by claimants seeking customer protection under SIPA. *See id.* ¶¶ 8–9. Claimants that disagreed with the Trustee's determinations filed approximately 2,500 objections with the Court. *Id*. ¶ 10. Of those objections, more than 250 remain pending before the Court. *Id*. ¶ 11. Approximately 120 of these are the Remaining Objections that the Trustee proposes should be governed by the Omnibus Procedures. *Id*. ¶ 12.[6] In many of the Remaining Objections, the claimants argue that the Trustee incorrectly applied one or more methodologies for calculating net equity for their customer accounts. In others, claimants contend that the Trustee wrongly determined that they did not qualify as customers of BLMIS. As set forth below, the Trustee extensively litigated these issues before the courts.

### *The Decisions Approving the Trustee's Methodologies for Calculating Net Equity*

Under SIPA § 78*lll*(11), the term "net equity" means the "dollar amount of the account or accounts of a customer, to be determined by—(A) calculating the sum which would have been owed by the debtor to such customer if the debtor had liquidated, by sale or purchase on the filing date, all securities positions of such customer (other than customer name securities reclaimed by such customer); minus (B) any indebtedness of such customer to the debtor on the filing date." SIPA § 78fff-2(b) directs the Trustee to make payments to customers based on "net equity" insofar

---

[6] A schedule identifying each Remaining Objection by claimant, claim number, account number in which the claimant asserts an interest, and counsel, if any, is annexed to the Sehgal Declaration as Exhibit A.

as the amount owed to the customer is "ascertainable from the books and records of the debtor or [is] otherwise established to the satisfaction of the trustee."

In this SIPA liquidation, the Trustee determined claims for net equity by calculating the amount of money that customers deposited into their BLMIS accounts less any amount they withdrew (the "Net Investment Method"), rather than by calculating the amount reflected on customers' November 30, 2008 customer statements. The Net Investment Method was approved by this Court and affirmed by the Second Circuit. *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Bernard L. Madoff Inv. Sec. LLC)*, 424 B.R. 122, 134–35 (Bankr. S.D.N.Y. 2010), *aff'd*, *In re Bernard L. Madoff Inv. Sec. LLC*, 654 F.3d 229 (2d Cir. 2011), *cert. denied*, *Velvel v. Picard*, 133 S. Ct. 25 (2012); *Ryan v. Picard*, 133 S. Ct. 24 (2012).

After the courts approved the Net Investment Method, the Trustee sought approval for his method for calculating net equity for customer accounts with inter-account transfers (the "Inter-Account Method"). An inter-account transfer is a transfer between BLMIS customer accounts in which no new funds entered or left BLMIS. BLMIS recorded a book entry to internally adjust the balances of those accounts, but because there was no actual movement of cash, these book entries did not reflect any transfers of cash. Under the Inter-Account Method, the Trustee calculated the actual amount of principal available in the transferor account at the time of the transfer, and credited the transferee account up to that same amount. Consistent with the Net Investment Method, the Trustee did not include any fictitious gains in the net equity calculation.

This Court upheld the Inter-Account Method, holding that claimants cannot be given credit for inter-account transfers of fictitious profits reflected on a customer's last statement. *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 522 B.R. 41, 53 (Bankr. S.D.N.Y. 2014), *aff'd*, *In re Bernard L. Madoff Inv. Sec., LLC*, No. 15 Civ. 1151 (PAE), 2016 WL 183492, at *2

7

(S.D.N.Y. Jan. 14, 2016), *aff'd*, *Sagor v. Picard (In re Bernard L. Madoff Inv. Sec. LLC)*, 697 F. App'x 708 (2d Cir. 2017). Although the matter is still pending on appeal,[7] this Court has also held that absent credible contrary evidence, profit withdrawal transactions identified on a BLMIS customer's monthly account statement constitute cash withdrawals under the Net Investment Method. *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 592 B.R. 513, 539 (Bankr. S.D.N.Y. 2018), *aff'd sub nom. In re Bernard L. Madoff Inv. Sec., LLC*, 605 B.R. 570 (S.D.N.Y. 2019).

Furthermore, this Court has ruled that, as a matter of law, SIPA does not permit the addition of a time-based damages adjustment to net equity. *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 496 B.R. 744, 754–55 (Bankr. S.D.N.Y. 2013), *aff'd*, *In re Bernard L. Madoff Inv. Sec. LLC*, 779 F.3d 74, 78–79 (2d Cir. 2015), *cert. denied*, *Peshkin v. Picard*, 136 S. Ct. 218 (2015). Nor does SIPA allow for an adjustment to net equity for tax payments claimants made to the IRS that were required under the Internal Revenue Code or mandatory withdrawals claimants received in connection with their individual retirement accounts. *See Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 522 B.R. at 54 n.9, *aff'd*, *In re Bernard L. Madoff Inv. Secs., LLC*, 2016 WL 183492, at *15; *see also Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 476 B.R. 715, 729 (S.D.N.Y. 2012), supplemented (May 15, 2012), *aff'd sub nom. In re Bernard L. Madoff Inv. Sec. LLC*, 773 F.3d 411 (2d Cir. 2014)).

### *The Customer Decisions in the BLMIS Liquidation*

To qualify as a "customer" under SIPA, an investor must have "a claim on account of securities received, acquired, or held by the debtor in the ordinary course of its business as a broker or dealer from or for the securities accounts of such person." SIPA § 78lll(2)(A). A customer

---

[7] *See In re Bernard L. Madoff Inv. Sec. LLC,* No. 19-2988 (2d Cir. Sept. 16, 2019).

includes "any person who has deposited cash with the debtor for the purpose of purchasing securities." SIPA § 78lll(2)(B)(i).

In *Kruse*, the Second Circuit considered whether claimants who had invested in limited partnerships, which in turn had invested in the partnerships' own BLMIS accounts, qualified as BLMIS's customers under SIPA. *Kruse v. Sec. Inv'r Prot. Corp. (In re Bernard L. Madoff Inv. Sec. LLC)*, 708 F.3d 422, 427 (2d Cir. 2013). The court held that the claimants "never entrusted their cash or securities to BLMIS" when they invested in the partnerships. *Id*. at 428. Therefore, the claimants had failed to satisfy the "critical aspect of the 'customer' definition" regardless of their intention to invest with BLMIS. *Id.* (quoting *In re Bernard L. Madoff Inv. Sec. LLC*, 654 F.3d at 236). Because the money sent to BLMIS belonged to the account holders, not the individual claimants, the claimants could not show entrustment of their own cash or securities to BLMIS. *Kruse*, 708 F.3d at 426–27. The Second Circuit further determined that the claimants failed to demonstrate other key indicia of customer status in their dealings (or lack of dealings) with BLMIS. The evidence showed that the claimants: (i) had no direct financial relationship with BLMIS; (ii) held no property interest in the funds invested directly with BLMIS; (iii) did not hold securities accounts with BLMIS; (iv) lacked control over the account holders' investments with BLMIS; and (v) were not identified or otherwise reflected in BLMIS's books and records. *Id.* (citing *Sec. Inv'r Prot. Corp. v. Morgan, Kennedy & Co.*, 533 F.2d 1314, 1318 (2d Cir. 1976)). For these reasons, the court held that the claimants had failed to sustain their burden of proving they were BLMIS's customers. *Id.* at 427.

This Court and the District Court have held likewise. *See Sec. Inv'r Prot. Corp. v. Jacqueline Green Rollover Account*, No. 12 CIV. 1039 (DLC), 2012 WL 3042986, at *13–14 (S.D.N.Y. July 25, 2012) (holding that the claimants did not qualify as customers under SIPA

9

because they neither held accounts in their own names nor deposited their own cash directly with BLMIS); *In re Bernard L. Madoff Inv. Sec. LLC*, Adv. Pro. No. 08-01789 (SMB), (Bankr. S.D.N.Y. Feb. 15, 2015), ECF No. 9506 at 27–35 (holding that indicia of customer status include a direct financial relationship with BLMIS, a property interest in the funds invested directly with BLMIS, securities accounts with BLMIS, control over the account holders' investments with BLMIS and identification of the alleged customer in BLMIS's books and records); *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 515 B.R. 161, 168 (Bankr. S.D.N.Y. 2014) (holding that to qualify as a customer of BLMIS under SIPA, the party seeking customer status "must show that she entrusted her own assets directly through an account maintained in her own name rather than indirectly through a fund that then entrusted the fund's assets through an account maintained in the fund's name.").

## RELIEF REQUESTED

By this Motion, the Trustee respectfully seeks the entry of an order pursuant to 11 U.S.C. § 105(a) and consistent with Bankruptcy Rule 3007, to the extent applicable to this proceeding under SIPA §§ 78fff(b) and 78fff-1(a), substantially in the form annexed hereto as **Exhibit A** (I) establishing omnibus procedures for the adjudication of the Remaining Objections; and (II) authorizing the Trustee to file substantive motions to affirm his claims determinations and overrule such Remaining Objections on an omnibus basis.

## BASIS FOR RELIEF

A SIPA liquidation must be conducted in accordance with chapters 1, 3, and 5 and subchapters I and II of chapter 7 of the Bankruptcy Code to the extent not inconsistent with SIPA's provisions. *See* SIPA § 78fff(b). A SIPA trustee is subject to the same duties as a trustee appointed under chapter 7 of the Bankruptcy Code, including the duty to examine claims and object to the

10

allowance of improper claims. *See* SIPA § 78fff-1(b); 11 U.S.C. § 704(a)(5). The filing of a statement of claim in a SIPA liquidation is the "functional equivalent" of filing a proof of claim in a bankruptcy case. *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 513 B.R. 437, 443 (S.D.N.Y. 2014) (stating that absent a conflict between SIPA and section 502(d) of the Bankruptcy Code, section 502(d) applies to customer claims in the BLMIS case); *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Madoff)*, 597 B.R. 466, 477 (Bankr. S.D.N.Y. 2019).

Bankruptcy Rule 3007(d) establishes the categories of claims that may be joined in an omnibus objection. *See* Fed. R. Bankr. P. 3007(d). Bankruptcy Rule 3007(c) provides that unless authorized by an order of the bankruptcy court, parties may not object to multiple claims in a single objection on grounds other than those enumerated in Bankruptcy Rule 3007(d). *See* Fed. R. Bankr. P. 3007(c).

Further, section 105(a) of the Bankruptcy Code provides, in relevant part, that a bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Under section 105(a), bankruptcy courts have the equitable power to fashion orders that are appropriate or necessary to carry out the provisions of the Bankruptcy Code and to facilitate the efficient administration of bankruptcy cases. *See Adelphia Bus. Solutions, Inc. v. Abnos*, 482 F.3d 602, 609 (2d Cir. 2007) ("Section 105(a) grants broad equitable power to the bankruptcy courts to carry out the provisions of the Bankruptcy Code so long as that power is exercised within the confines of the Bankruptcy Code."); *see also Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1069 (2d Cir. 1983) ("[A] bankruptcy judge must have substantial freedom to tailor his orders to meet differing circumstances."); *In re Keene Corp.*, 168 B.R. 285, 292 (Bankr. S.D.N.Y. 1994) (stating that a bankruptcy court can pursuant to section 105(a) "use its equitable powers to assure the orderly

11

conduct of the reorganization proceedings"). Section 105(a) of the Bankruptcy Code applies in SIPA liquidations. *See, e.g., Lautenberg Found. v. Picard (In re Bernard L. Madoff Inv. Sec., LLC)*, 512 F. App'x 18, 20 (2d Cir. 2013) ("We apply § 105(a) in SIPA liquidations."); *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 474 B.R. 76, 85 (S.D.N.Y. 2012) ("[B]ankruptcy courts are empowered to utilize their equitable powers under section 105 where appropriate 'to facilitate the implementation of other Bankruptcy Code provisions.'"). Bankruptcy Rule 3007(c)[8] and section 105(a) give this Court the authority to permit the Trustee's continued use of omnibus claims proceedings to resolve the Remaining Objections in an expeditious manner.

Since his appointment, the Trustee and his professionals have continued to investigate and evaluate claims against BLMIS and objections to the Trustee's claims determinations. In doing so, the Trustee evaluates whether particular claims and objections are ripe for final adjudication. Here, the Trustee respectfully submits that the Remaining Objections are ripe for final adjudication. In many of the Remaining Objections, claimants contest the Trustee's calculation of net equity on various claimant-specific factual grounds, including their disagreement with the Trustee's application of the Net Investment and Inter-Account Methods to their claims. Many of the arguments are similar to one another and to those arguments previously considered and rejected by the courts. Other claimants challenge the Trustee's determination that they are not customers of BLMIS for reasons that the courts have already determined do not support "customer" status under SIPA.

Absent an omnibus procedure, the Trustee would have to file more than 100 separate motions to affirm those determinations. The Trustee respectfully submits that would be a costly

---

[8] Whether Bankruptcy Rule 3007 applies to SIPA proceedings is unclear but the Trustee's procedures are intended to comply with Bankruptcy Rule 3007 in any event.

and time-consuming process that would be an inefficient use of limited judicial resources. In many cases, the Trustee's professionals have tried to contact the claimants who filed the Remaining Objections, mostly to no avail. Many claimants have simply not responded and many of those who have, declined to narrow the issues for the Court's consideration or consent to a schedule to bring the dispute before the Court.

For these reasons, the Trustee proposes to address the following categories of issues raised by the Remaining Objections by filing substantive motions on an omnibus basis:

- Customer Issues: arguments that the Trustee disregarded a claimant's separate "customer" status;

- Calculation Issues: disagreement over the accuracy of the Trustee's calculation of the amount or number of withdrawals and deposits in a customer account;

- Inter-Account Transfers: disagreement over the Trustee's treatment of amounts transferred between BLMIS customer accounts under the Inter-Account Method;

- Net Equity: disagreement over the Trustee's use and application of the Net Investment Method to determine the net equity in a BLMIS customer account;

- Accountholder Change: disagreement over the Trustee's calculation based on the renaming or renumbering of a BLMIS customer account; and

- Real Securities: disagreement over the Trustee's calculation based on the claimant's position that actual securities were traded on behalf of the BLMIS customer account.

The Trustee will comply with the procedural requirements of Bankruptcy Rule 3007(e). Specifically, each Omnibus Motion will: (a) state in a conspicuous place that claimants receiving the Omnibus Motion should locate their names and claims in the motion; (b) list claimants alphabetically, provide a cross-reference to claim numbers, and, if appropriate, list claimants by category of claims; (c) state the grounds for the Trustee's determination with respect to each claim and provide a cross-reference to the pages in the Omnibus Motion pertinent to the stated grounds, where applicable; (d) state in the title the identity of the objector and the grounds for the Omnibus

13

Motion; (e) be numbered consecutively with other Omnibus Motions filed by the same objector; and (f) contain no more than 100 claims.

Courts in this district have granted similar relief in cases commenced under the Bankruptcy Code and SIPA. *See, e.g.*, *In re Trident Holdings Co., LLC*, No. 19-10384 (SHL) (Bankr. S.D.N.Y. Aug. 22, 2019), ECF No. 879; *In re Sears Holdings Corp.*, No. 18-23538 (RDD) (Bankr. S.D.N.Y. Apr. 2, 2019), ECF No. 3014; *In re Nine West Holdings, Inc.*, No. 18-10947 (SCC) (Bankr. S.D.N.Y. Sept. 14, 2018), ECF No. 658; *In re Avaya Inc.*, No. 17-10089 (SMB) (Bankr. S.D.N.Y. May 24, 2017), ECF No. 659; *In re Sbarro LLC*, No. 14-10557 (MG) (Bankr. S.D.N.Y. Aug. 29, 2014), ECF No. 305; *In re MF Global Inc.*, No. 11-2790 (MG) (Bankr. S.D.N.Y. Oct. 11, 2012), ECF No. 3765; *In re Lehman Brothers Inc.*, No. 08-1420 (JMP) (Bankr. S.D.N.Y. Jan. 14, 2010), ECF No. 5441.

## **NOTICE**

Notice of this Motion has been provided by U.S. mail, postage prepaid, or email to (i) all claimants (and their counsel) whose Remaining Objections are pending before this Court, as identified on Exhibit A to the Declaration of Vineet Sehgal filed in conjunction with the Motion; (ii) all parties included in the Master Service List as defined in the Order Establishing Notice Procedures (ECF No. 4560); (iii) all parties that have filed a notice of appearance in this case; (iv) the SEC; (v) the IRS; (vi) the United States Attorney for the Southern District of New York; and (vii) SIPC, pursuant to the Order Establishing Notice Procedures (ECF No. 4560). The Trustee submits that no other or further notice is required. In addition, the Trustee's pleadings will be posted to the Trustee's website www.madofftrustee.com and are accessible, without charge, from that site.

No previous request for the relief sought herein has been made by the Trustee to this or any other Court.

## **CONCLUSION**

For the reasons stated above, the Trustee respectfully requests that the Court enter an order pursuant to 11 U.S.C. § 105(a) and consistent with Bankruptcy Rule 3007, to the extent applicable to this proceeding under SIPA §§ 78fff(b) and 78fff-1(a), substantially in the form attached to the Motion as **Exhibit A**, approving the Omnibus Procedures attached hereto as **Exhibit 1** and the form of scheduling order attached hereto as **Exhibit 2**, and granting such other and further relief as is just.

Dated: July 10, 2020
      New York, New York

Respectfully submitted,

*/s/ David J. Sheehan*
David J. Sheehan
Email: dsheehan@bakerlaw.com
Jorian L. Rose
Email: jrose@bakerlaw.com
Amy E. Vanderwal
Email: avanderwal@bakerlaw.com
Jason I. Blanchard
Email: jblanchard@bakerlaw.com
**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Tel: (212) 589-4200
Fax: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the chapter 7 estate of Bernard L. Madoff*