**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>　　　　　　　　Defendant. | Adv. Pro. No. 08-1789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>　　　　　　　　Debtor. | |

**FINAL APPLICATION OF HIGGS & JOHNSON (FORMERLY HIGGS JOHNSON TRUMAN BODDEN & CO.) AS SPECIAL COUNSEL TO THE TRUSTEE FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED FROM DECEMBER 1, 2019 THROUGH MARCH 31, 2020 AND FOR**
<u>**RELEASE OF FEES PREVIOUSLY HELD BACK**</u>

Mr. John Harris, together with the members and associates at the law firm of Higgs & Johnson, special counsel for Irving H. Picard (the "Trustee"), trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS" or "Debtor") under the Securities Investor Protection Act of 1970, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA"), and Bernard L. Madoff, submits this Application for final compensation of legal fees in the amount of $1,401.20 and reimbursement of expenses in the amount of $101.81 for the period from December 1, 2019 through March 31, 2020 (the "Compensation Period"). Moreover, because Higgs & Johnson has ceased to act as special counsel to the Trustee, it seeks release of fees previously held back

("Holdback") in the amount of $24,396.49. In support of the Application, Higgs & Johnson respectfully submits as follows:

## I. BACKGROUND

1.      On December 15, 2008, Judge Stanton of the United States District Court for the Southern District of New York, upon application filed on the same date by the Securities Investor Protection Corporation ("SIPC"), entered an order calling for the liquidation of BLMIS in accordance with SIPA and appointing the Trustee as BLMIS's trustee.

2.      BLMIS's liquidation proceeding was removed to this Court pursuant to SIPA § 78eee(b)(4), and, pursuant to SIPA § 78fff(b), is being conducted as though it were a case under chapters 1, 3, and 5 and subchapters I and II of chapter 7 of title 11 of the United States Code.

3.      On April 21, 2009, this Court entered an order approving the Trustee's motion to retain Higgs & Johnson, *nunc pro tunc* as of April 1, 2009, as special counsel to the Trustee in legal matters pertaining to Cayman Islands law.

4.      The Trustee's motion to retain Higgs & Johnson established a fee arrangement pursuant to which Higgs & Johnson agreed to a fee reduction in the amount of 10%. Higgs & Johnson also agreed to an additional holdback of fees in the amount of 20%, which will remain in effect until the conclusion of the liquidation period or the completion of Higgs & Johnson's service to the Trustee.

## II. SERVICES RENDERED BY HIGGS & JOHNSON

5.      The legal services performed by Higgs & Johnson on behalf of the Trustee during the time period covered by this Application are as follows:

6.      Higgs & Johnson advised to the Trustee regarding various issues under Cayman Islands law.

7. Higgs & Johnson also monitored and advised the Trustee regarding BLMIS-related legal matters currently pending against defendants domiciled in the Cayman Islands.

### III. COMPENSATION REQUESTED

8. The Application demonstrates how Higgs & Johnson has both added value to BLMIS's estate and advanced BLMIS's liquidation proceeding.

9. Higgs & Johnson has been mindful of the need to avoid undue legal fees in this case and has taken all reasonable steps to provide cost-effective representation while rendering services with the highest degree of skill and professionalism. To that end, Higgs & Johnson has staffed this matter leanly and endeavored to eliminate duplication of effort.

10. From December 1, 2019 Through March 31, 2020, Higgs & Johnson provided a total of 2.4 hours of legal services to the Trustee in this case. Prior to the 10% discount, the total amount of fees incurred in this time period was $1,556.88 and the total blended rate for professional services was $648.70/hour. After the 10% discount, the total amount of fees incurred is $1,401.20 and the total blended rate is $583.83/hour.

11. A breakdown of the total number of hours performed by each Higgs & Johnson timekeeper is provided in **Exhibit A** attached hereto.

12. Higgs & Johnson seeks reimbursement for out-of-pocket expenses incurred in connection with its representation of the Trustee during the Compensation Period in the amount of $101.81. An itemized list of these expenses is detailed in **Exhibit B** attached hereto.

### IV. RELEASE OF THE HOLDBACK

13. For the prior compensation periods, the amount of the Holdback for Higgs & Johnson's fees is $24,396.49.

14. Since Higgs & Johnson will no longer act as special counsel for the Trustee following the determination of this application, Higgs & Johnson seeks a release of the entire Holdback upon the consent and approval of SIPC.

15. SIPC has advised that it will file a recommendation in support of the fees in this Application and the release of the Holdback in the amount of $24,396.49.

16. Accordingly, the present request for fees, including the release of fees previously held back, is $25,797.69.

## V. GENERAL MATTERS

17. All of the professional services for which compensation is requested herein were performed by Higgs & Johnson for and on behalf of the Trustee, and not on behalf of any other person or entity.

18. No agreement or understanding exists between Higgs & Johnson and any other person for sharing compensation received in connection with this case, nor has any other person or entity agreed to provide Higgs & Johnson with compensation for the legal services described herein.

19. SIPA § 78eee(b)(5)(A) provides in pertinent part that, upon appropriate application and after a hearing, "[t]he court shall grant reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred . . . by a trustee, and by the attorney for such a trustee." SIPA § 78eee(b)(5)(C) specifically establishes SIPC's role in connection with applications for compensation and the consideration the Court should give to SIPC's recommendation concerning fees, providing as follows:

> In any case in which such allowances are to be paid by SIPC without reasonable expectation of recoupment thereof as provided in this chapter and there is no difference between the amounts requested and the amounts recommended by SIPC, the court shall award the amounts recommended by SIPC. In determining the amount of allowances in all other cases, the court shall give due consideration

4

to the nature, extent, and value of the services rendered, and shall place considerable reliance on the recommendation of SIPC.

SIPA § 78eee(b)(5)(C).

20. To the extent the general estate is insufficient to pay such allowances as an expense of administration, SIPA § 78eee(b)(5)(E) requires SIPC to advance the funds necessary to pay the compensation of Higgs & Johnson. *See also* SIPA § 78fff-3(b)(2).

21. At this time, the Trustee has determined that he has no reasonable expectation that the general estate will be sufficient to make a distribution to general creditors or pay administrative expenses. SIPC has advised the Trustee that it concurs with this determination. Accordingly, any fees and expenses allowed by this Court will be paid from advances by SIPC without any reasonable expectation by SIPC of recoupment thereof.

22. Therefore, with respect to this Application, Higgs & Johnson requests that consistent with SIPA § 78eee(b)(5)(C), the Court "shall award the amounts recommended by SIPC." *See McGraw v. Betz (In re Bell & Beckwith)*, 112 B.R. 876 (Bankr. N.D. Ohio 1990). Higgs & Johnson expects that SIPC's recommendation in support of the relief sought by this Application will be filed with this Court separately.

**WHEREFORE**, Higgs & Johnson respectfully requests that this Court enter an Order:

a. Granting this Application; and

b. Allowing and awarding $1,401.20 for professional services rendered by Higgs & Johnson to the Trustee from December 1, 2019 Through March 31, 2020; and

c. Allowing payment to Higgs & Johnson in the amount of $101.81 for reimbursement of expenses incurred by Higgs & Johnson from December 1, 2019 Through March 31, 2020; and

d. Releasing $24,396.49 to Higgs & Johnson from the Holdback for prior

5

08-01789-smb    Doc 19626    Filed 07/13/20    Entered 07/13/20 15:07:52    Main Document
Pg 6 of 8

      compensation periods; and

e.     Granting Higgs & Johnson such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: July 13, 2020                    HIGGS & JOHNSON

By: */s/ John Harris*

John Harris
P.O. Box 866
Anderson Square Building
Grand Cayman
KY1-1103
Cayman Islands
Telephone: +1(345) 949-7555
Fax: +1(345) 949-8492

# EXHIBIT A

## SUMMARY OF FINAL FEE APPLICATION
## OF HIGGS & JOHNSON FOR SERVICES RENDERED FOR THE PERIOD
## OF DECEMBER 1, 2019 THROUGH MARCH 31, 2020

|  | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|
| John Harris | $672.04 | 0.4 | $268.82 |
| Alyson Speirs | $644.03 | 2.0 | $1,288.06 |
|  |  |  |  |
| Total | $648.70 | 2.4 | $1,556.88 |
| Total minus 10% Discount | $583.83 |  | $1,401.20 |
| Release of the Holdback |  |  | $24,396.49 |
| **Total Compensation to be Paid** |  |  | **$25,797.69** |

# EXHIBIT B

## EXPENSE SUMMARY OF HIGGS & JOHNSON FOR THE PERIOD OF DECEMBER 1, 2019 THROUGH MARCH 31, 2020

| EXPENSES | AMOUNTS |
|---|---|
| Court Search Fees | $97.56 |
| Stationery | $4.25 |
| | |
| **Total Expenses Requested:** | **$101.81** |