**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Nicholas J. Cremona
Michael R. Matthias

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and for the Chapter 7 Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>　　　　Plaintiff-Applicant,<br><br>　　　　v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>　　　　Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>　　　　Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>　　　　Plaintiff<br><br>　　　　 v.<br><br>THE LANNY ROSE REVOCABLE TRUST, a Florida trust, and LANNY ROSE, as trustor, as trustee, and as an individual,<br><br>　　　　Defendants. | Adv. Pro. No. 10-05160 (SMB) |

# **AFFIDAVIT SUPPORTING THE TRUSTEE'S REQUEST FOR A CERTIFICATE OF DEFAULT**

STATE OF CALIFORNIA              )
                                 ) ss:
COUNTY OF LOS ANGELES            )

Michael R. Matthias, being duly sworn, hereby attests as follows:

1. I am admitted pro hac vice into this Court and am a partner at the firm of Baker & Hostetler LLP, which is counsel for Irving H. Picard ("Trustee"), Trustee for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.* ("SIPA") and for the Chapter 7 Estate of Bernard L. Madoff.

## Filing and Service of Summons and Complaint

2. On December 3, 2010, the Trustee commenced this adversary proceeding by filing a complaint (the "Complaint") against The Lanny Rose Revocable Trust, a Florida trust, and Lanny Rose, as trustor, as trustee, and as an individual ("Defaulting Defendants"). (Bankruptcy Court Docket Number ("Bk. Dkt. No.") 1.) The Complaint asserted claims pursuant to sections 78fff(b), 78FFF-1(a) and 78fff-2(c)(3) of SIPA, sections 105(a), 544, 548(a), 550(a), and 551 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.*, and other applicable law, seeking the avoidance and recovery of fraudulent transfers in connection with certain transfers of property by BLMIS to or for the benefit of Defaulting Defendants. (*Id.*).

3. On January 18, 2011, the Clerk of this Court issued a summons upon Defaulting Defendants. (Bk. Dkt. No. 3.)

4. On January 18, 2011, the Trustee, in accordance with Bankruptcy Rule 7004(b) of the Federal Rules of Bankruptcy Procedure, caused the Summons and

Complaint to be timely served upon Defaulting Defendants. *See* Affidavit of Service evidencing proper and timely service filed with the Court on January 19, 2011. (Bk. Dkt No. 4.). A true and correct copy of the Affidavit of Service is attached hereto as Exhibit A.

### Extensions of Time to Respond to Complaint

5.     On March 29, 2011, the Trustee filed a Notice of Extended Due Date at the request of Defaulting Defendants extending the date for the filing of a responsive pleading from March 21, 2011 to June 20, 2011. (Bk. Dkt. No. 5.)

6.     The parties filed numerous Stipulations Extending Time to Respond, the last of which extended the date for the filing of a responsive pleading to January 17, 2014. (Bk. Dkt. Nos. 10-11, 15-21, 23-26 and 29-31.) In the first of these Stipulations filed on June 20, 2011, Gabrielle J. Pretto signed on behalf of herself and Brian Neville and Barry R. Lax of Lax & Neville LLP (*see* paragraph 7 below) as Attorneys for Defaulting Defendants and represented: "Undersigned counsel for the Defendants: (1) expressly represent that they have the authority to, and do hereby, accept service of the Summons and Complaint in the above captioned adversary proceeding on behalf of all Defendants, and (ii) hereby waive any defenses based on insufficiency of process or insufficiency of service of process of the Summons and Complaint on behalf of all Defendants." (Bk. Dkt. No. 10.)

### Appearances of Counsel and Efforts to Withdraw Appearances

7.     On June 3, 2011, Brian Neville, Barry R. Lax and Gabrielle J. Pretto of Lax & Neville LLP, filed Notices of Appearance for Defaulting Defendants. (Bk. Dkt. Nos. 7-9.)

8.     On January 31, 2013, Attorneys Neville, Lax and Pretto filed a Notice of Withdrawal of Appearance and Request for Removal from Service Lists ("First Notice of

Withdrawal") in both this Court and the United States District Court, Southern District of New York (the "District Court"). By this time, Defaulting Defendants had filed a Motion to Withdraw the Reference. (*See* paragraphs 15-16 below.) (Bk. Dkt. No. 22 and District Court Docket Number ("Dist. Ct. Dkt. No.") 8, respectively.)

9. On September 11, 2013, the District Court issued an Order that Attorneys Neville, Lax and Pretto remain counsel of record and "(t)o the extent their document (i.e., the First Notice of Withdrawal) attempted to move the Court to grant withdrawal, the motion is DENIED." (Dist. Ct. Dkt. No. 9.) This Court took no action with respect to the First Notice of Withdrawal.

10. In the interim, on May 17, 2013, Attorneys Neville, Lax and Pretto filed a second Notice of Withdrawal of Appearance and Request for Removal from Service Lists in this Court ("Second Notice of Withdrawal"). (Bk. Dkt. No. 27.) This Court took no action with respect to the Second Notice of Withdrawal.

11. On April 16, 2014, Attorneys Neville, Lax and Pretto filed a Notice of Motion and supporting documents seeking to withdraw as counsel to Defaulting Defendants. (Bk. Dkt. No. 47.) The notice stated that the matter would be heard at a "time and date to be determined by the Court." The supporting documents involved an Affidavit of Lanny Rose stating that he consented to the withdrawal, would represent himself *pro se* for the reminder of the proceedings and that he had "revoked" the Lanny Rose Revocable Trust and directed that any assets held be distributed to him. (*See* Bk. Dkt. No. 47-2.)

12. On April 21, 2014, Attorneys Neville, Lax and Pretto filed a notice that the hearing on the Motion to Withdraw would be on May 6, 2014 at 10:00 a.m. (Bk. Dkt. No. 48.)

13. The hearing on the Motion to Withdraw was held on May 6, 2014. The transcript of the hearing was filed on May 7, 2014. (Bk. Dkt. No. 49.) Following discussion of the matter with counsel, the Court instructed that counsel for Defaulting Defendants "submit an order either on consent, or settle an order if you can't represent that Mr. Cremona (Trustee's counsel) consents – granting a motion for leave to withdraw staying the adversary proceeding to 30 days . . .." (*Id.*, at page 7, lines 19-23.) Such an order was never submitted.

14. On September 1, 2015, only Attorney Pretto filed a motion to withdraw as counsel on the ground that she had resigned from her position with Lax & Neville LLP. (Bk. Dkt. No. 56.) An Order Granting Application of Attorney Pretto to withdraw was entered on September 21, 2015. (Bk. Dkt. No. 59.)

### Motion to Withdraw The Reference

15. On November 29, 2011, Defaulting Defendants filed a Motion to Withdraw the Reference in this Court. (Bk. Dkt. No. 12.) Defaulting Defendants filed the same Motion in the District Court, which was assigned Case No. 11-cv-08843 (JSR). (Dist. Ct. Dkt. No. 1.)

16. On September 4, 2014, the District Court entered an Order Denying Motion to Withdraw Bankruptcy Reference. (Dist. Ct. Dkt. No. 10.)

### Motion to Dismiss

17. On January 17, 2014, Defaulting Defendants filed a Motion to Dismiss. (Bk. Dkt. No. 33.)

18. On June 2, 2015, the Court issued its Memorandum Decision Regarding Omnibus Motions to Dismiss. (Bk. Dkt. No. 50.)

19. On July 16, 2015, the Court entered its Order Granting In Part and Denying In Part Defendants' Motions to Dismiss. (Bk. Dkt. No. 53.) This Order (1) dismissed counts other than those seeking to avoid and recover initial transfers pursuant to sections 548(a)(1)(A), 550 and 551 of the Bankruptcy Code; (2) dismissed without prejudice counts seeking to recover subsequent transfers from subsequent transferees; and (3) denied the motions in all other respects. The Order also directed that Defaulting Defendants answer the Complaint on or before September 18, 2015.

### Demand to File Answer

20. On October 1, 2015, I sent an e-mail to Attorneys Neville and Lax advising them that Defaulting Defendants had not filed an answer to the Complaint by the deadline of September 18, 2015, and advising them that the Trustee would request entry of default an October 13, 2015 if an answer was not on file by October 12, 2015.

21. Attorney Neville responded to my October 1, 2015 e-mail by an October 2, 2015 e-mail in which he advised me that Mr. Rose had instructed him not to file an answer. Attorney Neville also authorized me to speak directly with Mr. Rose.

### Tentative Settlement

22. Over the course of the following years, I have had numerous communications by way of e-mails with Mr. Rose and an attorney who did not enter an appearance in this adversary proceeding but did purport to represent Mr. Rose for a time in settlement discussions. That attorney dropped out of the communications several years ago. At no time during those communications did Defaulting Defendants request an extension of time to file an answer, nor did I grant any such extension.

23. While the substance of these communications is not appropriate for this Affidavit, on October 16, 2015, the case was tentatively settled subject to documentation

thereof. The Trustee did not previously request entry of default because of this tentative settlement.

24. Unfortunately, the case has not settled. Initially, Defaulting Defendants substantially rewrote the settlement documents proposed by the Trustee's counsel. Those documents were in conformance to the settlement documents used to settle all similarly situated adversary proceedings and the virtual rewrite of them was not acceptable. Defaulting Defendants also requested several concessions and conditions that were not part of the tentative settlement. Requested concessions and conditions changed over time, as did other terms including the total amount of the offered settlement.

<u>Renewed Demand for Answer and Failure to File</u>

25. Because of the failure to consummate the settlement over the years and in light of the less foreseeable terms and lower total settlement amount offered by Defaulting Defendants from those of the tentative settlement, on June 3, 2020, I sent Mr. Rose an e-mail, with cc's to Attorneys Neville and Lax, advising him that because of the failure to complete the settlement the Trustee was moving the case from "pending settlement" to "active litigation." It further advised that the Trustee would seek entry of default and default judgment if an answer was not filed by June 23, 2020. I have not heard from Attorneys Neville and Lax in response thereto. Mr. Rose and I have communicated further regarding settlement but have been unable to come to an agreement. Defaulting Defendants have not requested an extension of the June 23, 2020 date.

26. Defaulting Defendants have not filed an answer to the Complaint.

27. Upon information and belief, Defaulting Defendant Lanny Rose is neither an infant nor incompetent. He filed a letter with the Court on July 7, 2020, in which he advised the Court that he is almost 72 years old. (Bk. Dkt. No. 63.)

28.     On July 8, 2020, I performed a search on the Department of Defense Manpower Data Center (DMDC). Upon searching the information data banks of DMDC, the DMDC does not possess any information indicating that Defaulting Defendant Lanny Rose is currently on active duty as to all branches of the Military.

29.     I declare under penalty of perjury that the foregoing is true and accurate to the best of my knowledge, information and belief.

_____
Michael R. Matthias

Sworn to before me this _____ day of July 2020.

_____
Notary Public

## JURAT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California )
)
County of Los Angeles )

Subscribed and sworn to (or affirmed) before me on this 16TH day of July, 2020 by Ann P. Grosso, Notary Public proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Seal     Signature _____

ANN P. GROSSO
Notary Public - California
Los Angeles County
Commission # 2253744
My Comm. Expires Sep 8, 2022

# EXHIBIT A

**UNITED STATES BANKRUTPCY COURT**
**Southern District of New York**

---

SECURITIES INVESTOR PROTECTION
CORPORATION,

                  Plaintiff-Applicant,

   v.

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

                  Defendant.

Adv. Pro. No. 08-01789 (BRL)

SIPA LIQUIDATION

(Substantively Consolidated)

---

In re:

BERNARD L. MADOFF,

                  Debtor.

Case No. 09-11893 (BRL)

---

IRVING H. PICARD, Trustee for the Liquidation
of Bernard L. Madoff Investment Securities LLC,

                  Plaintiff,

   v.

THE LANNY ROSE REVOCABLE TRUST, a
Florida trust, and LANNY ROSE, as trustor, as
trustee, and as an individual,

                  Defendants.

Adv. Pro. No. 10-05160

---

### AFFIDAVIT OF SERVICE

STATE OF NEW YORK  )
                          ) ss:
COUNTY OF NEW YORK  )

I, Hillary Wright declare:

1. I am over the age of 18 years and not a party to these chapter 11 cases.

2. I am employed by Donlin, Recano & Company, Inc., 419 Park Avenue South, Suite 1206, New York, NY 10016.

3. On the 18th day of January, 2011, I caused a true and accurate copy of the:

    (i) "Complaint", along with the relevant exhibits (Docket No. 1); and the

    (ii) "Notice of Applicability of the Order Approving Case Management Procedures for Avoidance Actions" (Docket No. 2); and the

300108860

      (iii)    "Summons and Notice of Pretrial Conference in An Adversary Proceeding" (Docket No. 3); and the

      (iv)    "Order (1) Establishing Litigation Case Management Procedures for Avoidance Actions and (2) Amending the February 16, 2010 Protective Order" dated November 11, 2010; and the

      (v)    "Avoidance Action Executive Summary Letter dated December 20, 2010"; and the

      (vi)    "Amended Notice of Omnibus Avoidance Action Hearing Dates",

to be served upon the parties listed on Exhibit 1, attached hereto, via First Class US Mail.

4. Said documents were securely enclosed in postage prepaid envelopes and delivered to an office of the United States Postal Service for delivery by First Class Mail.

5. I declare under penalty of perjury that the foregoing is true and correct to the best of my personal knowledge. Executed this 18th day of January, 2011 at New York, New York.

By _____
Hillary Wright

Sworn before me this
18th day of January, 2011

_____
Notary Public

```
ROBERT ROTMAN
NOTARY PUBLIC STATE OF NEW YORK
NEW YORK COUNTY
LIC. #02RO6211735
COMM. EXP. September 21, 2013
```

300108860

| Date : 1/18/2011 | Adv Pro No: 10-05160 (BRL)<br>Exhibit 1<br>Redacted Version | Page # : 1 |
|---|---|---|

LANNY ROSE REVOCABLE TRUST
   BRIAN J. NEVILLE, ESQ.
   LAX & NEVILLE, LLP
   1412 BROADWAY
   SUITE 1407
   NEW YORK NY 10018

Counsel - 000969 005455

   LANNY ROSE REVOCABLE TRUST
   FORT LAUDERDALE FL 33321

000969 005457

LANNY ROSE, AS TRUSTOR, AS TRUSTEE AND AS AN INDIVIDUAL
   BRIAN J. NEVILLE, ESQ.
   LAX & NEVILLE, LLP
   1412 BROADWAY
   SUITE 1407
   NEW YORK NY 10018

         Counsel - 001496 005458

   LANNY ROSE, AS TRUSTOR, AS TRUSTEE AND AS AN INDIVIDUAL
   FORT LAUDERDALE FL 33321

         001496 005460