# BakerHostetler

Baker & Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

Nicholas J. Cremona
direct dial: 212.589.4682
ncremona@bakerlaw.com

July 27, 2020

**VIA ECF AND ELECTRONIC MAIL**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 723
New York, New York  10004-1408

Re:   *Picard v. Palmedo*, Adv. Pro. No. 10-04749 (SMB) and *Picard v. Estate of Seymour Epstein*, Adv. Pro. No. 10-04438 (SMB)

Dear Judge Bernstein:

We are counsel to Irving H. Picard, as trustee for the substantively consolidated SIPA liquidation of Bernard L. Madoff Investment Securities LLC  under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa–lll, and the chapter 7 estate of Bernard L. Madoff.  We write to update your Honor on the status of the following two adversary proceedings:

- *Picard v. Palmedo*, Adv. Pro. No. 10-04749 (Bankr. S.D.N.Y.); and
- *Picard v. Estate of Seymour Epstein*, Adv. Pro. No. 10-04438 (Bankr. S.D.N.Y.).

On July 22, 2020, counsel for defendants in the *Palmedo* and *Epstein* cases filed letters with District Judge Paul G. Gardephe and District Judge Gregory H. Woods, respectively, requesting permission to file a motion to dismiss for lack of subject matter jurisdiction in District Court, despite both Judges' previously issued Orders denying defendants' motions to withdraw the reference and referring both cases to this Court for proposed findings of fact and conclusions of law on the Trustee's anticipated motion for summary judgment.  *See* Memorandum Endorsement, *Picard v. Palmedo*, No. 20-cv-1926 (S.D.N.Y. July 8, 2020), ECF No. 5; Order, *Picard v. Estate of Seymour Epstein*, No. 20-cv-1377 (S.D.N.Y. June 8, 2020), ECF No. 8.

Before the Trustee could respond to defendant's request in *Palmedo*, Judge Gardephe denied defendant's request directing this Court to "address Defendant's motion in the first instance."  *See Palmedo*, No. 20-cv-01926 (S.D.N.Y. July 23, 2020), ECF No. 7 (attached hereto as Exhibit A) (citing *In re Formica Corp.*, 305 B.R. 147, 151 (S.D.N.Y. 2004) ("Because the Court has denied the motion to withdraw the reference, the bankruptcy court should decide in the first instance any motion to dismiss for lack of subject matter jurisdiction."); *Dynegy*

Honorable Stuart M. Bernstein
July 27, 2020
Page 2

*Danskammer, LLC v. Peabody COALTRADE Int'l Ltd.*, 905 F. Supp. 2d 526, 533 (S.D.N.Y. 2012) ("[I]n cases where the bankruptcy court is more familiar with the record or already has extensive experience in the matter, it may be most efficient for the bankruptcy court to propose recommendations first, even though the district court ultimately would have to review them de novo.")).

In *Epstein*, Judge Woods "directed [defendants] to submit a pre-motion conference letter more fully setting out the bases for the proposed motion . . . address[ing] why the Court should not refer the proposed motion to dismiss to the bankruptcy court for a report and recommendation," and inviting the Trustee to submit a responsive letter.  *See* Memorandum Endorsement, *Epstein*, No. 20-cv-01377 (S.D.N.Y. July 22, 2020), ECF No. 11.  Today, the Trustee filed his letter opposing defendants' request as being late, without merit, having no basis in law, and moot given that the Trustee intends to request permission to file a motion for summary judgment at the Rule 7056 pre-motion conference scheduled for this Wednesday, July 29, 2020 before your Honor.  *See* Trustee's Letter to Judge Woods, *Epstein*, No. 20-cv-01377 (S.D.N.Y. July 27, 2020), ECF No. 13 (attached hereto as Exhibit B).

Given the above, the Trustee intends to move forward with the pre-motion conferences in *Palmedo* and *Epstein* set for this Wednesday, July 29, 2020.  *See* Letter requesting Rule 7056-1(a) pre-motion conference, *Palmedo*, Adv. Pro. No. 10-04749 (Bankr. S.D.N.Y. July 9, 2020), ECF No. 93; Letter requesting Rule 7056-1(a) pre-motion conference, *Epstein*, Adv. Pro. No. 10-04438 (Bankr. S.D.N.Y. June 9, 2020), ECF No. 101.  Consistent with the previous Orders in *Palmedo* and *Epstein*, this Court can issue proposed findings of fact and conclusions of law, including addressing defendants' jurisdictional argument, to be reviewed *de novo* by the District Court.

Respectfully submitted,

*/s/ Nicholas J. Cremona*

Nicholas J. Cremona
Partner

cc:    Helen Davis Chaitman, Esq.

Attachments