# EXHIBIT A

# CHAITMAN LLP
**465 PARK AVENUE**
**NEW YORK, NY 10022**
**(888) 759-1114**
TELEPHONE & FAX

*HELEN DAVIS CHAITMAN*
hchaitman@chaitmanllp.com

**VIA ECF**

MEMO ENDORSED:

July 22, 2020

Hon. Paul G. Gardephe, U.S.D.J.
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007-1312

The application is denied. The Bankruptcy Court should address Defendant's motion in the first instance. *See In re Formica Corp.*, 305 B.R. 147, 151 (S.D.N.Y. 2004) ("Because the Court has denied the motion to withdraw the reference, the bankruptcy court should decide in the first instance any motion to dismiss for lack of subject matter jurisdiction."); see also *Dynegy Danskammer, LLC v. Peabody COALTRADE Int'l Ltd.*, 905 F. Supp. 2d 526, 533 (S.D.N.Y. 2012) ("[I]n cases where the bankruptcy court is more familiar with the record or already has extensive experience in the matter, it may be most efficient for the bankruptcy court to propose recommendations first, even though the district court ultimately would have to review them de novo.").

**Re:** *Picard v. Philip F. Palmedo*,
**Civil Action No. 1:20-cv-01926 (PGG)**

SO ORDERED.

*[signature: Paul G. Gardephe]*
Dated. July 23, 2020

Dear Judge Gardephe:

This firm represents the Defendant in this matter. We write regarding this Court's decision to deny Defendant's motion to withdraw the reference without prejudice, notwithstanding the consent of the Plaintiff, the Trustee (the "Trustee") for Bernard L. Madoff Investment Securities, LLC (the "LLC"), and to allow the bankruptcy court to decide Plaintiff's proposed motion for summary judgment. ECF. No. 5.

Defendant intended to make a cross-motion to dismiss the Trustee's complaint for lack of subject matter jurisdiction. Specifically, the incontrovertible evidence establishes that the Trustee lacks Article III injury, thus depriving this Court of jurisdiction of the complaint. This is an issue which is not within the jurisdiction of the Bankruptcy Courts which are Article I courts with limited jurisdiction. The Bankruptcy Court does not have the power to determine the jurisdiction of an Article III court, and, of course, courts must independently verify the existence of subject-matter jurisdiction before proceeding to the merits. *See, e.g., Doe v. United States,* 833 F.3d 192, 196 (2d Cir. 2016*); City of N.Y. v. Mickalis Pawn Shop, LLC,* 645 F.3d 114, 125–26 (2d Cir. 2011). Thus, we respectfully ask that the Court allow us to make a motion to dismiss for lack of subject matter jurisdiction.

Respectfully submitted,

*/s/ Helen Davis Chaitman*

Helen Davis Chaitman

HDC:aws
cc:    All Counsel of Record (via ECF and email)

{00044888 1 }