# EXHIBIT B

# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

Nicholas J. Cremona
direct dial: 212.589.4682
ncremona@bakerlaw.com

July 27, 2020

**VIA ECF**

Honorable Gregory H. Woods
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Room 2260
New York, NY 10007-1312

Re:   *Picard v. Estate of Seymour Epstein*, No. 20-cv-01377 (GHW)

Dear Judge Woods:

      We are counsel to Irving H. Picard, as trustee for the substantively consolidated SIPA liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa–*lll*, and the chapter 7 estate of Bernard L. Madoff. We write in response to Defendants' letters dated July 22, 2020 and July 24, 2020 requesting leave to file a motion to dismiss for lack of subject matter jurisdiction. Defendants' request is without merit and only seeks delay to raise the same arguments already rejected by the Bankruptcy Court. Defendants' request should be denied.

      Defendants' letters effectively ask Your Honor to reconsider this Court's June 8, 2020 Order "declin[ing] to withdraw the bankruptcy reference and . . . instead refer[ring] the proposed motion for summary judgment for proposed findings of fact and conclusions of law" to the Bankruptcy Court. *See* Order, ECF No. 8. Local Civil Rule 6.3 requires notice of a motion for reconsideration or reargument fourteen days after entry of the Court's determination. Defendants' request is thirty days late.[1]

---

[1] Defendants also fail to identify any "matters or controlling decisions . . . the Court has overlooked" in its Order. *See* Local Civil Rule 6.3. The standard for granting a motion for reconsideration is strict and "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). In the Second Circuit, the grounds for granting a motion for reconsideration are: (1) an intervening change of controlling law, (2) the availability of new evidence, or (3) the need to correct a clear error or prevent manifest injustice. *Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citing 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 4478).

*Atlanta   Chicago   Cincinnati   Cleveland   Columbus   Costa Mesa   Denver   Houston
Los Angeles   New York   Orlando   Philadelphia   San Francisco   Seattle   Washington, DC*

  Putting aside that Defendants' letters are procedurally improper and legally insufficient, their request is without basis in law. In their July 22, 2020 letter, Defendants cite two Second Circuit decisions to support their argument that "the Bankruptcy Court does not have the power to determine the jurisdiction of an Article III court." ECF No. 10. Neither case involves the bankruptcy court, let alone discusses whether a bankruptcy court can consider issues of jurisdiction when directed by a district court to issue proposed findings of fact and conclusions of law. *See Doe v. United States*, 833 F.3d 192, 196 (2d Cir. 2016) (finding the district court lacked jurisdiction over expungement of a former defendant's criminal record); *City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 125–26 (2d Cir. 2011) (holding the Protection of Lawful Commerce in Arms Act does not deprive a federal court of subject-matter jurisdiction over a qualified civil liability action).

  In their July 24, 2020 letter, Defendants state that "The District Court has the power to refer to the bankruptcy court certain specified issues. *See* 28 U.S.C. § 157. These issues do not include a District Court's Article III jurisdiction." ECF No. 12. Again, Defendants provide no support for their argument because none exists. Defendants conveniently disregard this District's opinion in *In re Lehman Bros. Holdings, Inc.* where movants argued that the bankruptcy court could not adjudicate any questions relating to subject-matter jurisdiction because "only an Article III court may determine whether federal subject-matter jurisdiction exists over a non-core case." No. 18-CV-8986-VEC, 2019 WL 2023723, at *12 (S.D.N.Y. May 8, 2019). The Court was unpersuaded and held:

> Movants are incorrect that the Bankruptcy Court lacked authority to adjudicate subject-matter jurisdiction. The constitutional limitations . . . prevent a bankruptcy court only from entering a *final* judgment in a non-core proceeding; as to *non-final* matters, the bankruptcy court has full power to enter all appropriate orders, subject to the district court's review at the end of the case.

*Id.* (citations omitted). In support, movants, like Defendants here, argued "[s]ubject matter jurisdiction is a 'threshold question that must be resolved . . . before proceeding to the merits' of a case." *Id.* at n.14 (quoting *United States v. Bond*, 762 F.3d 255, 263 (2d Cir. 2014)). The Court found that "no constitutional principle prevented the Bankruptcy Court from making th[e] subject matter jurisdiction] determination and . . . no principle of law [] requires a *district* court to resolve subject-matter jurisdiction before a *bankruptcy* court can move to the merits of a claim." *Id.*; *see also In re Formica Corp.*, 305 B.R. 147, 151 (S.D.N.Y. 2004) ("Because the Court has denied the motion to withdraw the reference, the bankruptcy court should decide in the first instance any motion to dismiss for lack of subject matter jurisdiction."); *Dynegy Danskammer, LLC v. Peabody COALTRADE Int'l Ltd.*, 905 F. Supp. 2d 526, 533 (S.D.N.Y. 2012) ("[I]n cases where the bankruptcy court is more familiar with the record or already has extensive experience in the matter, it may be most efficient for the bankruptcy court to propose recommendations first, even though the district court ultimately would have to review them de novo.").

Honorable Gregory H. Woods
July 27, 2020
Page 3

      In addition to having no basis in law, Defendants' request is also moot. On June 9, 2020, in accordance with Your Honor's Order, the Trustee requested a Federal Rule of Bankruptcy Procedure 7056 pre-motion conference before Judge Stuart M. Bernstein, to be held this Wednesday, July 29. The Trustee intends to request permission to file his motion for summary judgment and nothing prevents Defendants from requesting permission to file their cross-motion to dismiss for lack of subject matter jurisdiction. As this District has articulated many times, the Bankruptcy Court is familiar with the facts of this case and can issue proposed findings of fact and conclusions of law for this Court to review. *See Picard v. BAM L.P. (In re Bernard L. Madoff Inv. Sec. LLC)*, 612 B.R. 257, 265–66 (S.D.N.Y. 2020) ("Bankruptcy Judge Bernstein 'has great familiarity with the facts regarding the BLMIS Estate' . . . [and] has overseen the Defendants' and Trustee's claims for over a decade."); *In re Ne. Indus. Dev. Corp.*, 511 B.R. 51, 53–54 (S.D.N.Y. 2014) ("The Bankruptcy Court may hear the case in the first instance and recommend proposed findings of fact and conclusions of law . . . [which] will be very useful to the District Court." (citations omitted)); *Nisselson v. Salim*, No. 12 Civ. 92 (PGG), 2013 WL 1245548, at *6 (S.D.N.Y. Mar. 25, 2013) ("The Bankruptcy Court is familiar with the bankruptcy estate as a whole . . . [and] is more familiar with avoidance claims. . . . Accordingly, it would be more efficient for the Bankruptcy Court to propose findings of fact and conclusions of law in the first instance.").

      Finally, as Defendants themselves describe: "The *factual record* developed in this case establishes . . . that the Court lacks Article III jurisdiction." Defendants' July 24, 2020 Letter, ECF No. 12. Defendants' entire jurisdictional argument rests on the issue of whether BLMIS made transfers to Defendants—an issue that relates to the merits of the Trustee's claim under the Bankruptcy Code, not any court's jurisdiction over the case. This issue has already been resolved in the Trustee's favor in Bankruptcy Court when similarly-situated defendants represented by the same defense counsel raised it in substantively identical adversary proceedings. *See generally Picard v. Nelson (In re Bernard L. Madoff)*, 610 B.R. 197 (Bankr. S.D.N.Y. 2019). The Bankruptcy Court rejected Defendants' entire premise, concluding that "[d]efendants conflate subject matter jurisdiction with the merits of the Trustee's claims." *Id.* at 215.

      For these reasons, Defendants' request should be denied and the Parties should proceed expeditiously in Bankruptcy Court, consistent with this Court's Order.

Respectfully submitted,

*/s/ Nicholas J. Cremona*

Nicholas J. Cremona
Partner

cc:    Honorable Stuart M. Bernstein
        Helen Davis Chaitman, Esq.