**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                   Plaintiff-Applicant,<br><br>   v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                   Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>                   Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities, LLC<br><br>                   Plaintiff,<br><br>   v.<br><br>ROBERT HIRSCH, as an individual, and as joint tenant, and LEE HIRSCH, as an individual, and as joint tenant,<br><br>                   Defendants. | Adv. Pro. No. 10-04740 (SMB) |

## STIPULATION AND ORDER FOR VOLUNTARY DISMISSAL OF ADVERSARY PROCEEDING WITHOUT PREJUDICE

WHEREAS, on December 1, 2010, Irving H. Picard, as trustee ("Trustee") for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa–*lll* and the substantively consolidated estate of Bernard L. Madoff, commenced the above-captioned adversary proceeding (the "Adversary Proceeding") against Robert Hirsch as an individual and as joint tenant, and Lee Hirsch, as an

individual and as joint tenant (together, the "Defendants") in the United States Bankruptcy Court for the Southern District of New York;

WHEREAS, on June 25, 2020, the Trustee and Defendants participated in mediation before Justice Allen Hurkin-Torres;

WHEREAS, following mediation, Defendants submitted to the Trustee a hardship application (the "Hardship Application") requesting that the Trustee agree to dismiss the Adversary Proceeding. In support of the Hardship Application, Defendants submitted to the Trustee financial statements and other information, all under penalty of perjury;

WHEREAS, in reliance on the representations made by Defendants in the Hardship Application and other representations and/or materials submitted by Defendants in support of the Hardship Application, the Trustee in the exercise of his due and deliberate discretion has determined to dismiss the Adversary Proceeding without prejudice; and

IT IS HEREBY agreed and stipulated between the Trustee and Defendants as follows:

1. Defendants hereby affirm (i) that all representations made by Defendants and all materials provided by Defendants have been submitted by Defendants as true and correct under penalty of perjury and (ii) that the Trustee has relied upon these materials in exercising his discretion to dismiss the Adversary Proceeding without prejudice.

2. Defendants hereby agree that to the extent it is subsequently determined that Defendants deliberately or intentionally submitted materially false and/or misleading representations, statements and/or materials in connection with the Hardship Application, the Defendants hereby agree (i) that the Trustee shall have the right to reinstitute the Adversary Proceeding against Defendants and/or pursue other remedies available to him and (ii) that Defendants agree that this Stipulation and Order shall act to toll any applicable statutes of

limitation with respect to the Trustee's commencement of any such claims and notwithstanding section 546(a) of the Bankruptcy Code, Defendants hereby agree to waive any statute of limitations defense in any such actions or claims commenced by Trustee.

3. Pursuant to Fed. R. Civ. P. 41(a), made applicable by Fed. R. Bankr. P. 7041(a), the Trustee and Defendants hereby agree that upon approval of this Stipulation and Order by the Bankruptcy Court, except as set forth in paragraph 2 hereof, Trustee's claims against Defendants are dismissed without prejudice.

4. Defendants represent that they have reviewed and discussed this Stipulation and Order with counsel.

5. This Agreement may be signed by the parties in any number of counterparts, each of which when so signed shall be an original, but all of which shall together constitute one and the same instrument. A signed facsimile, photostatic or electronic copy of this stipulation shall be deemed an original.

*[Remainder of page intentionally left blank]*

| **BAKER & HOSTETLER LLP** | **CHAITMAN LLP** |
|---|---|
| By: */s/ Nicholas J. Cremona*<br>45 Rockefeller Plaza<br>New York, New York 10111<br>Telephone: 212.589.4200<br>Facsimile: 212.589.4201<br>David J. Sheehan<br>Email: dsheehan@bakerlaw.com<br>Nicholas J. Cremona<br>Email: ncremona@bakerlaw.com<br>Maximillian S. Shifrin<br>Email: mshifrin@bakerlaw.com<br>Tara E. Turner<br>Email: tturner@bakerlaw.com<br><br>*Attorneys for Plaintiff Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff* | By: */s/ Helen Davis Chaitman*<br>465 Park Avenue<br>New York, NY 10022<br>Phone: (908) 303-4568<br>Fax: (888) 759-1114<br>Helen Davis Chaitman<br>Email: hchaitman@chaitmanllp.com<br><br>*Attorney for Defendants Robert Hirsch, as an individual, and as joint tenant, and Lee Hirsch, as an individual, and as joint tenant* |

**SO ORDERED**

**Dated: July 27th, 2020**

                                             **/s/ STUART M. BERNSTEIN**
                                             **HONORABLE STUART M. BERNSTEIN**
                                             **UNITED STATES BANKRUPTCY JUDGE**