**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                  Plaintiff-Applicant,<br><br>    v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                  Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>                  Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities, LLC<br><br>                  Plaintiff,<br><br>    v.<br><br>DENIS M. CASTELLI,<br><br>                  Defendant. | Adv. Pro. No. 10-04956 (SMB) |

**STIPULATION AND ORDER FOR VOLUNTARY DISMISSAL OF ADVERSARY
PROCEEDING WITHOUT PREJUDICE**

       WHEREAS, on December 2, 2010, Irving H. Picard, as trustee ("Trustee") for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa–*lll* and the substantively consolidated estate of Bernard L. Madoff, commenced the above-captioned adversary proceeding (the "Adversary Proceeding") against Denis M. Castelli (the "Defendant"), in the United States Bankruptcy Court for the Southern District of New York;

WHEREAS, Defendant Denis M. Castelli died during the pendency of this Adversary Proceeding on April 19, 2014. Defendant is survived by his spouse, Athena Arvan (the "Surviving Spouse")[1];

WHEREAS, on July 2, 2020, the Trustee and Defendant's Surviving Spouse participated in mediation before Justice Allen Hurkin-Torres;

WHEREAS, following the mediation, Defendant's Surviving Spouse submitted to the Trustee an affidavit, under penalty of perjury, describing Defendant's assets and hardship at the time of Defendant's death (the "Hardship Affidavit"), requesting that the Trustee agree to dismiss the Adversary Proceeding;

WHEREAS, in reliance on the representations made by Defendant's Surviving Spouse in the Hardship Affidavit, the Trustee in the exercise of his due and deliberate discretion has determined to dismiss the Adversary Proceeding without prejudice; and

IT IS HEREBY agreed and stipulated between the Trustee and Defendant's Surviving Spouse as follows:

1.  Defendant's Surviving Spouse hereby affirms (i) that all representations made by Defendant's Surviving Spouse and all materials provided by Defendant's Surviving Spouse have been submitted as true and correct under penalty of perjury and (ii) that the Trustee has relied upon these materials in exercising his discretion to dismiss the Adversary Proceeding without prejudice.

2.  Defendant's Surviving Spouse hereby agrees that to the extent it is subsequently determined that Defendant's Surviving Spouse deliberately or intentionally submitted materially false and/or misleading representations, statements and/or materials in connection with the Hardship Affidavit, the Defendant's Surviving Spouse hereby agrees (i) that the Trustee shall have

---

[1] Defendant's Surviving Spouse would have been substituted in Defendant's place as the beneficiary of Defendant's estate.

the right to reinstitute the Adversary Proceeding against Defendant's estate and/or pursue other remedies available to him and (ii) that Defendant's Surviving Spouse agrees that this Stipulation and Order shall act to toll any applicable statutes of limitation with respect to the Trustee's commencement of any such claims and notwithstanding section 546(a) of the Bankruptcy Code, Defendant hereby agrees to waive any statute of limitations defense in any such actions or claims commenced by Trustee.

3. Pursuant to Fed. R. Civ. P. 41(a), made applicable by Fed. R. Bankr. P. 7041(a), the Trustee and Defendant's Surviving Spouse hereby agree that upon approval of this Stipulation and Order by the Bankruptcy Court, except as set forth in paragraph 2 hereof, the Trustee's claims against Defendant are dismissed without prejudice.

4. Defendant's Surviving Spouse represents she has reviewed and discussed this Stipulation and Order with counsel.

5. This Agreement may be signed by the parties in any number of counterparts, each of which when so signed shall be an original, but all of which shall together constitute one and the same instrument. A signed facsimile, photostatic or electronic copy of this stipulation shall be deemed an original.

*[Remainder of page intentionally left blank]*

| | |
|---|---|
| **BAKER & HOSTETLER LLP** | **CHAITMAN LLP** |
| By: */s/ Nicholas J. Cremona* <br> 45 Rockefeller Plaza <br> New York, New York 10111 <br> Telephone: 212.589.4200 <br> Facsimile: 212.589.4201 <br> David J. Sheehan <br> Email: dsheehan@bakerlaw.com <br> Nicholas J. Cremona <br> Email: ncremona@bakerlaw.com <br> Maximillian S. Shifrin <br> Email: mshifrin@bakerlaw.com <br> Tara E. Turner <br> Email: tturner@bakerlaw.com <br><br> *Attorneys for Plaintiff Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff* | By: */s/ Helen Davis Chaitman* <br> 465 Park Avenue <br> New York, NY 10022 <br> Phone: (908) 303-4568 <br> Fax: (888) 759-1114 <br> Helen Davis Chaitman <br> Email: hchaitman@chaitmanllp.com <br><br> *Attorney for Defendant Denis M. Castelli* |

**SO ORDERED**

**Dated: July 27th, 2020**

                                         **/s/ STUART M. BERNSTEIN**
                                         **HONORABLE STUART M. BERNSTEIN**
                                         **UNITED STATES BANKRUPTCY JUDGE**