Page 1

1    UNITED STATES BANKRUPTCY COURT

2    SOUTHERN DISTRICT OF NEW YORK

3    Case No. 08-01789-smb

4    - - - - - - - - - - - - - - - - - - - - - - - - - - x

5    SECURITIES INVESTOR PROTECTION CORPORATION,

6                    Plaintiff,

7            v.

8    BERNARD L. MADOFF INVESTMENT SECURITIES LLC, et al.,

9                    Defendants.

10   - - - - - - - - - - - - - - - - - - - - - - - - - - x

11   Adv. Case No. 10-04889-smb

12   - - - - - - - - - - - - - - - - - - - - - - - - - - x

13   IRVING H. PICARD, TRUSTEE FOR THE LIQUIDATION OF BERNARD L.

14   MADOFF,

15                   Plaintiff,

16           v.

17   THE ESTATE OF ROBERT SHERVYN,

18                   Defendant.

19   - - - - - - - - - - - - - - - - - - - - - - - - - - x

20

21

22

23

24

25

Page 2

1               United States Bankruptcy Court

2               One Bowling Green

3               New York, NY   10004

4

5               May 14, 2020

6               9:59 AM

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21    B E F O R E :

22    HON STUART BERNSTEIN

23    U.S. BANKRUPTCY JUDGE

24

25    ECRO:   UNKNOWN

1    HEARING re 08-01789-smb Conference on Letter of Baker &

2    Hostetler dated March 5, 2020 re Mediation

3

4    HEARING re 10-04889-smb Status Conference

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25    Transcribed by:  Sonya Ledanski Hyde

Page 4

```
 1   A P P E A R A N C E S :

 2

 3   BAKER HOSTETLER LLP

 4         Attorneys for Irving Picard as SIPC Trustee

 5         45 Rockefeller Plaza

 6         New York, NY 10111

 7

 8   BY:  NICHOLAS CREMONA (TELEPHONICALLY)

 9

10   CHAITMAN LLP

11         465 Park Avenue

12         New York, NY 10022

13

14   BY:  HELEN CHAITMAN (TELEPHONICALLY)

15

16

17

18

19

20

21

22

23

24

25
```

1                    P R O C E E D I N G S

2            THE COURT:  This is Judge Bernstein.  Casey, would

3    you start the recorder, please?

4            COURT REPORTER:  The recording has been started.

5            THE COURT:  Thank you.  It's a couple of minutes

6    before 10:00, but it looks like all the parties are here, at

7    least on some of the cases.  So I'll begin with Madoff.

8            MR. CREMONA:  Good morning, Your Honor.  Nicholas

9    Cremona, of Baker & Hostetler, appearing on behalf of Irving

10   Picard, as SIPC Trustee.  We're here this morning to provide

11   the Court with an update on the Picard v. Meisels case.  As

12   Your Honor may recall, this is a good faith action with

13   approximately 3.295 million in fictitious (sound drop)

14   remaining at issue.

15           This case is also proceeding on parallel tracks.

16   What I mean by that, Your Honor, is that the Defendant made

17   a motion to withdraw the reference.  And because the

18   Defendant in this case did not file a customer claim, the

19   Trustee consented to the withdrawal of the reference and the

20   case is proceeding towards summary judgment before Judge

21   Gregory Woods.

22           The parties also simultaneously agreed to refer

23   this case to mediation and to proceed with Judge Hurkin-

24   Torres as the mediator.  I'm happy to report that the

25   parties conducted a virtual mediation using Zoom with all

Page 6

1    parties and Judge Hurkin-Torres on April 24.  The mediation

2    resulted in productive and lengthy discussions among the

3    parties, and also demonstrated that Zoom has been a very

4    effective and viable way to conduct mediations during this

5    time.  I can report, that as of today, the parties have

6    exchanged settlement offers and are continuing to negotiate,

7    and the mediation remains open.

8            Based on the progress made to date, the Trustee

9    reiterates his request to utilize mediation as the principal

10   and most efficient way to resolve the remaining adversary

11   proceedings with Chaitman LLP that will proceed before this

12   Court.

13           The Trustee remains ready and willing to schedule

14   mediations in the remaining cases and is willing to

15   prioritize them in any order of the Defendants' choosing, as

16   well as with any mediator that the Defendants choose from

17   this Court's Registry of court-approved mediators.

18           And while we're certainly willing to proceed with

19   Judge Hurkin-Torres in additional cases, as we previously

20   discussed with Your Honor, it does not seem feasible for the

21   parties to proceed with him as the sole mediator in all the

22   cases.  Again, you know, we're willing to mediate with any

23   mediator proposed by the Defendant or appointed by this

24   Court.

25           And for reasons we will discuss, including the

Page 7

1   procedural differences and the nuances among the 60 total

2   cases remaining with Chaitman LLP, a consolidated proceeding

3   on the remaining issues does not seem workable, which is why

4   the Trustee believes that mediation is the best way to keep

5   these cases moving forward towards resolution.

6            So as an initial matter, the Trustee would like to

7   explore with Ms. Chaitman and this Court whether the

8   Defendants are willing to proceed with additional mediations

9   in the near term with Judge Hurkin-Torres, as well as other

10   mediators approved by this Court.

11            MS. CHAITMAN:  Good morning --

12            THE COURT:  What happens --

13            MS. CHAITMAN:  -- Your Honor.

14            THE COURT:  -- if you can't agree on the -- I just

15   want to ask -- okay, maybe I'll ask you.  Well, the question

16   I have for both of you -- I haven't heard from you yet, Ms.

17   Chaitman.  It sounds like the Trustee is willing to continue

18   with mediation.  I know that there was an issue with the

19   selection of the mediator last time.

20            I guess the question I'd have for both of you,

21   before I hear from you, Ms. Chaitman, is what happens if you

22   can't agree on the mediator?  Normally, the Court would then

23   just appoint a mediator from the registry.  But go ahead,

24   Ms. Chaitman.

25            MS. CHAITMAN:  This is the first that I've heard

Page 8

1    the Trustee's proposal.  I would be happy -- I think that

2    Judge Hurkin-Torres -- the reason that I requested him was

3    that I think he's absolutely extraordinary at what he does.

4    And I do think that the mediation has been successful so

5    far, and we're going to continue the process with Judge

6    Hurkin-Torres.  I'd be happy --

7              THE COURT:  Do you have another session?

8              MS. CHAITMAN:  Well, how was it left with -- I

9    wasn't privy to your communications with the Judge, but how

10   was it left in terms of whether we're going to have a formal

11   meeting virtually, or whether it's just going to be

12   communications with each of us by Judge Hurkin-Torres?

13             MR. CREMONA:  I think it's probably the latter.

14   We left off with Judge Hurkin-Torres that we would reconvene

15   after today's hearing, and if he thought it's productive,

16   we're happy to do another session.  So it was sort of left

17   open.

18             MS. CHAITMAN:  Okay.  So, from my client's

19   perspective, either way is fine.  Whatever is productive and

20   can enhance the prospects of a resolution is fine.  And as

21   to all the other cases -- as I said, this is the first that

22   I've heard this from Mr. Cremona -- I would like to proceed

23   with Judge Hurkin-Torres to the extent that we can, because

24   we've now educated him.  And if he succeeds in settling this

25   case, I think it's a great omen.

Page 9

1           But I'm happy to try to work that out with the

2    Trustee's counsel.  I don't know that I needed to take up

3    the Court's time.  I'm not going to be rigid that it has to

4    be Judge Hurkin-Torres, but obviously, the goal is to try to

5    settle these cases.  And if he has the ability to do that,

6    that would be terrific.  But I have to assume that we'll be

7    able to agree on someone else if Judge Hurkin-Torres is not

8    available.

9           THE COURT:  Or why don't we do this?  I think

10   we've exhausted the discussion on the record of this one.

11   Let me adjourn this, let's say for a couple of weeks, and

12   see if you can come back with a mutually agreeable proposal?

13   It sounds like the only issues are to prioritize the cases,

14   which the Trustee is leaving up to you, Ms. Chaitman.

15           And the issue of if Judge Hurkin-Torres isn't

16   available, or for some reason he can't do it, you have to

17   come up with a list of other possible mediators.  But, you

18   know, at the end of the day, if you can't, I'm going to have

19   to appoint a mediator.

20           MS. CHAITMAN:  Yeah, I think we'll be able to do

21   that, Judge.

22           THE COURT:  All right.  Let me adjourn this.  Two

23   weeks from today is the 28th.  So I'll adjourn this to the

24   28th.  Don't wait until then to come back and say we're just

25   starting to talk.  It sounds like you're in basic agreement

Page 10

1    and you just have these couple of points to iron out.  So

2    I'll adjourn this to May 28th at 10:00.  Okay?

3              MR. CREMONA:  Thank you, Your Honor.

4              THE COURT:  Now with respect -- okay.  Now, with

5    respect to the other matter, the estate of Robert Shervyn,

6    is this your case also, Ms. Chaitman?

7              MS. CHAITMAN:  Yes, it is.  Savin, S-A-V-I-N.

8              THE COURT:  Okay.  S-A-V-E -- how is it spelled?

9              MS. CHAITMAN:  S-A-V -- the last name is S-A-V as

10   in Victor, I-N.

11             THE COURT:  Okay.  Thank you.  All right.  Is this

12   going to be swept up in the mediation?

13             MS. CHAITMAN:  Well, it's certainly one of my

14   cases, and if we're going to try to mediate all the cases,

15   we would.  This is a case where there's a motion that's been

16   fully submitted to the District Court.  So I don't know what

17   the Trustee would like to do with it, but it's been fully

18   submitted to Judge Wood.

19             THE COURT:  Is this case -- did Judge Wood

20   withdraw the reference on this one?

21             MS. CHAITMAN:  Yes.  Well, there's a -- the

22   Trustee --

23             THE COURT:  Or there's a motion to withdraw there?

24             MR. CREMONA:  Actually, Your Honor, this is

25   slightly different.  This motion to withdraw the reference

Page 11

1    is pending before Judge Swain, and this is a case where the

2    Defendant did file a proof of claim.  So the Trustee has

3    opposed the motion, and as Ms. Chaitman pointed out, it is

4    fully briefed now and pending before Judge Swain.

5                THE COURT:  All right.  But is this a case that's

6    going to be part of this overall mediation proposal?

7                MS. CHAITMAN:  Yes.  Every case that I have would

8    be part of the mediation.

9                THE COURT:  Is that also the Trustee's view?

10               MR. CREMONA:  Your Honor, we're happy to proceed

11   on parallel tracks and mediate the cases that are in some

12   cases before the District Court, as well as before Your

13   Honor.  And I'm happy to go through the procedural

14   differences in the remaining cases if that's useful.

15               THE COURT:  Well, if you're going to mediate them,

16   it's premature to go through all the differences.  I assume

17   -- is this one of those cases where the Defendant filed a

18   claim, it was determined that there was no claim, and he

19   never objected?

20               MS. CHAITMAN:  That's exactly right.  The

21   determination letter said that if you don't object, this

22   will be your final determination.

23               THE COURT:  Right.

24               MS. CHAITMAN:  And he never objected.  And you, at

25   the last conference --

Page 12

```
 1              THE COURT:  And then --
 2              MS. CHAITMAN:  -- you had asked Mr. Cremona --
 3              THE COURT:  Go ahead.
 4              MS. CHAITMAN:  -- to brief that issue.  Mr.
 5     Cremona took the position that until the Second Circuit
 6     ruled, the determination letter was not --
 7              THE COURT:  Yeah.
 8              MS. CHAITMAN:  -- final.  And you asked him to
 9     brief that issue.
10              THE COURT:  Yeah.  Mr. Cremona, are you going to
11     brief that issue, or do you want to wait and see if this
12     matter can be wrapped up in the mediation?
13              MR. CREMONA:  Well, Your Honor, I do think it's
14     useful if we're going to discuss the issues to go through
15     the posture of the cases, because some of that was accurate
16     and some of that is inaccurate.  So --
17              THE COURT:  Well, okay.  Go ahead.  I mean, I
18     remember the letters that were sent --
19              MR. CREMONA:  Right.  Your Honor --
20              THE COURT:  -- and you can use this as a test
21     case, I suppose, and raise the question where -- you know,
22     the claimant would -- the Defendant filed a claim, the
23     Trustee objected, and the claimant never objected to the
24     objection, whether under the letter that was sent out, you
25     know, there was still a pending claim, or for whatever
```

1   reason, equitable jurisdiction exists.  I assume it's the

2   same argument in these types of cases or groups of cases.

3            MR. CREMONA:  I think that's correct, Your Honor.

4   But there are three different categories of cases, okay?  So

5   as I mentioned, there are 60 remaining cases where Ms.

6   Chaitman and her firm are counsel.  Of those cases, you have

7   17 that involve defendants were no claims were filed, like

8   the Meisels case.  In those cases, the Trustee agrees that

9   they should proceed before the District Court, rather than

10  engage in further delay litigating over withdrawal of the

11  reference.

12           So as we mentioned, there are -- of those 17,

13  eight cases have -- motions to withdraw the reference have

14  been filed.  In four of those cases, we've filed motions for

15  summary judgment or agreed to briefing schedules.  In other

16  cases, the remaining, we're waiting for direction from the

17  District Court, like for example, in Meisels we're waiting

18  to hear from Judge Woods how to proceed.

19           THE COURT:  Okay.

20           MR. CREMONA:  But then there's the latter category

21  of cases is where we disagree, I think.  And there's two

22  buckets of those cases.  You have 18 that involve defendants

23  that filed customer claims, but no objections are pending.

24  And then 25 that involve defendants who filed claims and do

25  have pending objections.  And as Your Honor is aware, we

Page 14

1    disagree on the procedural -- excuse me, the jurisdictional

2    effect of the filing of that claim.

3           As we've articulated, we believe that the filing

4    of the claim in and of itself submits the Defendant to the

5    Bankruptcy Court's equitable jurisdiction for all purposes.

6    Ms. Chaitman disagrees, based on the briefing she alluded to

7    before Judge Swain in the Savin matter.  But what I would --

8    I give you all that by way of background, Your Honor, so you

9    are aware.

10          So the matter is before, I would submit, three

11   different courts right now on the equitable jurisdiction

12   issue and the effect of the filing of the claim.  One is

13   Judge Swain in the Savin matter.  The second is a matter

14   that does not involve Ms. Chaitman, but is the exact same

15   issue, in the Greiff proceeding, which is fully briefed and

16   pending before Judge Schofield.  The same issue there as the

17   effect of Judge Broderick's decision in Mann, which we

18   believe submits all of these defendants that filed claims to

19   Your Honor's jurisdiction.

20          And as you may recall, Your Honor has the issue as

21   well in the context of the motion to stay the trial in the

22   Greiff case.  There, Your Honor has to decide whether the

23   underlying motion to withdraw will prevail on the merits.

24   In order to determine if there is a likelihood of success,

25   then there's a basis to stay.  If there is not, then the

Page 15

1    stay motion should be denied.

2            So that's a long-winded way of saying, Your Honor,

3    that that issue is pending before 3 courts, and it's the

4    Trustee's position that it makes far more sense to proceed

5    with mediations in the meantime until that issue is fully

6    resolved, rather than trying to do any type of consolidated

7    proceeding on the remaining issues that we had discussed

8    with Your Honor at the last hearing.

9            THE COURT:  Well, the question originally was do

10   you want to brief the issue before me that if you file a

11   claim, the Trustee objects, and the Claimant doesn't -- the

12   Defendant doesn't object to that determination, whether

13   there's equitable jurisdiction in this court.  You can brief

14   that issue.  I'm not aware that it's been briefed.  I know

15   it may have been alluded to in the motion for a stay in

16   Greiff, but, you know, motions to stay, it's a question of

17   likelihood of success, although I would have to decide that.

18           So I'm asking you, do you just want to hold off on

19   further briefing?  First of all, do you want to brief it

20   further, and then the second question is, do you want to

21   hold off, pending the mediations?  I'm talking about the

22   Madoff case.

23           MR. CREMONA:  I think we should proceed on

24   parallel tracks, Your Honor, as where we started.  That we

25   should proceed with the mediation and we should also have a

Page 16

```
 1    determination of this issue, which is critical, and it runs

 2    through multiple cases, as I just stated.  So we're happy to

 3    brief that --

 4              THE COURT:  Do you want to -- okay, well, then the

 5    question is do you want to brief it before me, or do you

 6    want to just let the District Court decide in the context of

 7    the motions to withdraw the reference?  I'm just asking you

 8    if you want to file another brief before me and do you want

 9    --

10              MR. CREMONA:  Your Honor --

11              THE COURT:  -- me to decide this issue?

12              MR. CREMONA:  I don't want to waste the Court's

13    time.  I think the issue is crystallized and (sound drop)

14    before two District Court judges right now.  So we're happy

15    --

16              THE COURT:  Okay.

17              MR. CREMONA:  -- to let that get resolved and

18    proceed with mediations in the meantime.

19              THE COURT:  Okay, fine.  What I will do then is --

20    I'm not sure there's anything further to do with Savin, but

21    I'll keep it on the calendar and we'll adjourn this matter

22    also to May 28th so that you can come back and report to me

23    on the progress you're making in terms of coming up with the

24    mediation protocol.

25              Anything else?
```

08-01789-cgm   Doc 19666   Filed 07/28/20   Entered 07/28/20 14:06:47   Main Document
Pg 17 of 24

Page 17

1          MR. CREMONA:  Nothing further.  Thank you.

2          MS. CHAITMAN:  I have nothing further.

3          THE COURT:  Okay.  Thank you.

4          MS. CHAITMAN:  Thank you.

5          THE COURT:  Just bear with me.  I somehow got

6    logged out of Court Solutions.

7          (Whereupon these proceedings were concluded at

8    10:22 AM)

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Veritext Legal Solutions
212-267-6868              www.veritext.com              516-608-2400

Page 18

1                          **I N D E X**

2

3                          RULINGS

4                                               Page      Line

5

6    Matter adjourned to May 28th                16        22

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Page 19

1                    C E R T I F I C A T I O N

2

3        I, Sonya Ledanski Hyde, certified that the foregoing

4    transcript is a true and accurate record of the proceedings.

5

6

7

8    Sonya Ledanski Hyde

9

10

11

12

13

14

15

16

17

18

19

20    Veritext Legal Solutions

21    330 Old Country Road

22    Suite 300

23    Mineola, NY 11501

24

25    Date:  May 15, 2020

[& - continuing]                                                                Page 1

| & | a | b |
|---|---|---|
| **&**  3:1 5:9 | **ability**  9:5 | **b**  2:21 |
| **0** | **able**  9:7,20 | **back**  9:12,24 |
| **08-01789**  1:3 3:1 | **absolutely**  8:3 | 16:22 |
| **1** | **accurate**  12:15 | **background**  14:8 |
| **10-04889**  1:11 3:4 | 19:4 | **baker**  3:1 4:3 5:9 |
| **10004**  2:3 | **action**  5:12 | **bankruptcy**  1:1 |
| **10022**  4:12 | **additional**  6:19 | 2:1,23 14:5 |
| **10111**  4:6 | 7:8 | **based**  6:8 14:6 |
| **10:00**  5:6 10:2 | **adjourn**  9:11,22 | **basic**  9:25 |
| **10:22**  17:8 | 9:23 10:2 16:21 | **basis**  14:25 |
| **11501**  19:23 | **adjourned**  18:6 | **bear**  17:5 |
| **14**  2:5 | **adv**  1:11 | **behalf**  5:9 |
| **15**  19:25 | **adversary**  6:10 | **believe**  14:3,18 |
| **16**  18:6 | **agree**  7:14,22 9:7 | **believes**  7:4 |
| **17**  13:7,12 | **agreeable**  9:12 | **bernard**  1:8,13 |
| **18**  13:22 | **agreed**  5:22 13:15 | **bernstein**  2:22 5:2 |
| **2** | **agreement**  9:25 | **best**  7:4 |
| **2020**  2:5 3:2 19:25 | **agrees**  13:8 | **bowling**  2:2 |
| **22**  18:6 | **ahead**  7:23 12:3 | **brief**  12:4,9,11 |
| **24**  6:1 | 12:17 | 15:10,13,19 16:3 |
| **25**  13:24 | **al**  1:8 | 16:5,8 |
| **28th**  9:23,24 10:2 | **alluded**  14:6 | **briefed**  11:4 14:15 |
| 16:22 18:6 | 15:15 | 15:14 |
| **3** | **appearing**  5:9 | **briefing**  13:15 |
| **3**  15:3 | **appoint**  7:23 9:19 | 14:6 15:19 |
| **3.295**  5:13 | **appointed**  6:23 | **broderick's**  14:17 |
| **300**  19:22 | **approved**  6:17 | **buckets**  13:22 |
| **330**  19:21 | 7:10 | **c** |
| **4** | **approximately** | **c**  4:1 5:1 19:1,1 |
| **45**  4:5 | 5:13 | **calendar**  16:21 |
| **465**  4:11 | **april**  6:1 | **case**  1:3,11 5:11 |
| **5** | **argument**  13:2 | 5:15,18,20,23 |
| **5**  3:2 | **articulated**  14:3 | 8:25 10:6,15,19 |
| **6** | **asked**  12:2,8 | 11:1,5,7 12:21 |
| **60**  7:1 13:5 | **asking**  15:18 16:7 | 13:8 14:22 15:22 |
| **9** | **assume**  9:6 11:16 | **cases**  5:7 6:14,19 |
| **9:59**  2:6 | 13:1 | 6:22 7:2,5 8:21 |
| | **attorneys**  4:4 | 9:5,13 10:14,14 |
| | **available**  9:8,16 | 11:11,12,14,17 |
| | **avenue**  4:11 | 12:15 13:2,2,4,5,6 |
| | **aware**  13:25 14:9 | 13:8,13,14,16,21 |
| | 15:14 | 13:22 16:2 |

| b (cont.) |
|---|
| **casey**  5:2 |
| **categories**  13:4 |
| **category**  13:20 |
| **certainly**  6:18 |
| 10:13 |
| **certified**  19:3 |
| **chaitman**  4:10,14 |
| 6:11 7:2,7,11,13 |
| 7:17,21,24,25 8:8 |
| 8:18 9:14,20 10:6 |
| 10:7,9,13,21 11:3 |
| 11:7,20,24 12:2,4 |
| 12:8 13:6 14:6,14 |
| 17:2,4 |
| **choose**  6:16 |
| **choosing**  6:15 |
| **circuit**  12:5 |
| **claim**  5:18 11:2,18 |
| 11:18 12:22,25 |
| 14:2,4,12 15:11 |
| **claimant**  12:22,23 |
| 15:11 |
| **claims**  13:7,23,24 |
| 14:18 |
| **client's**  8:18 |
| **come**  9:12,17,24 |
| 16:22 |
| **coming**  16:23 |
| **communications** |
| 8:9,12 |
| **concluded**  17:7 |
| **conduct**  6:4 |
| **conducted**  5:25 |
| **conference**  3:1,4 |
| 11:25 |
| **consented**  5:19 |
| **consolidated**  7:2 |
| 15:6 |
| **context**  14:21 |
| 16:6 |
| **continue**  7:17 8:5 |
| **continuing**  6:6 |

| | | | |
|---|---|---|---|
| **corporation** 1:5 | **defendants** 1:9 | **estate** 1:17 10:5 | **goal** 9:4 |
| **correct** 13:3 | 6:15,16 7:8 13:7 | **et** 1:8 | **going** 8:5,10,11 |
| **counsel** 9:2 13:6 | 13:22,24 14:18 | **exact** 14:14 | 9:3,18 10:12,14 |
| **country** 19:21 | **delay** 13:10 | **exactly** 11:20 | 11:6,15 12:10,14 |
| **couple** 5:5 9:11 | **demonstrated** 6:3 | **example** 13:17 | **good** 5:8,12 7:11 |
| 10:1 | **denied** 15:1 | **exchanged** 6:6 | **great** 8:25 |
| **court** 1:1 2:1 5:2,4 | **determination** | **excuse** 14:1 | **green** 2:2 |
| 5:5,11 6:12,17,24 | 11:21,22 12:6 | **exhausted** 9:10 | **gregory** 5:21 |
| 7:7,10,12,14,22 | 15:12 16:1 | **exists** 13:1 | **greiff** 14:15,22 |
| 8:7 9:9,22 10:4,8 | **determine** 14:24 | **explore** 7:7 | 15:16 |
| 10:11,16,19,23 | **determined** 11:18 | **extent** 8:23 | **groups** 13:2 |
| 11:5,9,12,15,23 | **differences** 7:1 | **extraordinary** 8:3 | **guess** 7:20 |
| 12:1,3,7,10,17,20 | 11:14,16 | | |
| 13:9,17,19 15:9 | **different** 10:25 | **f** | **h** |
| 15:13 16:4,6,11 | 13:4 14:11 | **f** 2:21 19:1 | **h** 1:13 |
| 16:14,16,19 17:3 | **direction** 13:16 | **faith** 5:12 | **happens** 7:12,21 |
| 17:5,6 | **disagree** 13:21 | **far** 8:5 15:4 | **happy** 5:24 8:1,6 |
| **court's** 6:17 9:3 | 14:1 | **feasible** 6:20 | 8:16 9:1 11:10,13 |
| 14:5 16:12 | **disagrees** 14:6 | **fictitious** 5:13 | 16:2,14 |
| **courts** 14:11 15:3 | **discuss** 6:25 12:14 | **file** 5:18 11:2 | **hear** 7:21 13:18 |
| **cremona** 4:8 5:8,9 | **discussed** 6:20 | 15:10 16:8 | **heard** 7:16,25 |
| 8:13,22 10:3,24 | 15:7 | **filed** 11:17 12:22 | 8:22 |
| 11:10 12:2,5,10 | **discussion** 9:10 | 13:7,14,14,23,24 | **hearing** 3:1,4 8:15 |
| 12:13,19 13:3,20 | **discussions** 6:2 | 14:18 | 15:8 |
| 15:23 16:10,12,17 | **district** 1:2 10:16 | **filing** 14:2,3,12 | **helen** 4:14 |
| 17:1 | 11:12 13:9,17 | **final** 11:22 12:8 | **hold** 15:18,21 |
| **critical** 16:1 | 16:6,14 | **fine** 8:19,20 16:19 | **hon** 2:22 |
| **crystallized** 16:13 | **doesn't** 15:11 | **firm** 13:6 | **honor** 5:8,12,16 |
| **customer** 5:18 | **drop** 5:13 16:13 | **first** 7:25 8:21 | 6:20 7:13 10:3,24 |
| 13:23 | | 15:19 | 11:10,13 12:13,19 |
| | **e** | **foregoing** 19:3 | 13:3,25 14:8,20 |
| **d** | **e** 2:21,21 4:1,1 5:1 | **formal** 8:10 | 14:22 15:2,8,24 |
| **d** 5:1 18:1 | 5:1 10:8 18:1 19:1 | **forward** 7:5 | 16:10 |
| **date** 6:8 19:25 | **ecro** 2:25 | **four** 13:14 | **honor's** 14:19 |
| **dated** 3:2 | **educated** 8:24 | **fully** 10:16,17 | **hostetler** 3:2 4:3 |
| **day** 9:18 | **effect** 14:2,12,17 | 11:4 14:15 15:5 | 5:9 |
| **decide** 14:22 | **effective** 6:4 | **further** 13:10 | **hurkin** 5:23 6:1 |
| 15:17 16:6,11 | **efficient** 6:10 | 15:19,20 16:20 | 6:19 7:9 8:2,6,12 |
| **decision** 14:17 | **eight** 13:13 | 17:1,2 | 8:14,23 9:4,7,15 |
| **defendant** 1:18 | **either** 8:19 | | **hyde** 3:25 19:3,8 |
| 5:16,18 6:23 11:2 | **engage** 13:10 | **g** | |
| 11:17 12:22 14:4 | **enhance** 8:20 | **g** 5:1 | **i** |
| 15:12 | **equitable** 13:1 | **give** 14:8 | **inaccurate** 12:16 |
| | 14:5,11 15:13 | **go** 7:23 11:13,16 | **including** 6:25 |
| | | 12:3,14,17 | |

**initial** 7:6
**investment** 1:8
**investor** 1:5
**involve** 13:7,22,24
  14:14
**iron** 10:1
**irving** 1:13 4:4
  5:9
**issue** 5:14 7:18
  9:15 12:4,9,11
  14:12,15,16,20
  15:3,5,10,14 16:1
  16:11,13
**issues** 7:3 9:13
  12:14 15:7

**j**

**judge** 2:23 5:2,20
  5:23 6:1,19 7:9
  8:2,5,9,12,14,23
  9:4,7,15,21 10:18
  10:19 11:1,4
  13:18 14:7,13,16
  14:17
**judges** 16:14
**judgment** 5:20
  13:15
**jurisdiction** 13:1
  14:5,11,19 15:13
**jurisdictional**
  14:1

**k**

**keep** 7:4 16:21
**know** 6:22 7:18
  9:2,18 10:16
  12:21,25 15:14,16

**l**

**l** 1:8,13
**leaving** 9:14
**ledanski** 3:25 19:3
  19:8
**left** 8:8,10,14,16

**legal** 19:20
**lengthy** 6:2
**letter** 3:1 11:21
  12:6,24
**letters** 12:18
**likelihood** 14:24
  15:17
**line** 18:4
**liquidation** 1:13
**list** 9:17
**litigating** 13:10
**llc** 1:8
**llp** 4:3,10 6:11 7:2
**logged** 17:6
**long** 15:2
**looks** 5:6

**m**

**madoff** 1:8,14 5:7
  15:22
**making** 16:23
**mann** 14:17
**march** 3:2
**matter** 7:6 10:5
  12:12 14:7,10,13
  14:13 16:21 18:6
**mean** 5:16 12:17
**mediate** 6:22
  10:14 11:11,15
**mediation** 3:2
  5:23,25 6:1,7,9
  7:4,18 8:4 10:12
  11:6,8 12:12
  15:25 16:24
**mediations** 6:4,14
  7:8 15:5,21 16:18
**mediator** 5:24
  6:16,21,23 7:19
  7:22,23 9:19
**mediators** 6:17
  7:10 9:17
**meeting** 8:11
**meisels** 5:11 13:8
  13:17

**mentioned** 13:5
  13:12
**merits** 14:23
**million** 5:13
**mineola** 19:23
**minutes** 5:5
**morning** 5:8,10
  7:11
**motion** 5:17 10:15
  10:23,25 11:3
  14:21,23 15:1,15
**motions** 13:13,14
  15:16 16:7
**moving** 7:5
**multiple** 16:2
**mutually** 9:12

**n**

**n** 4:1 5:1 10:7,10
  18:1 19:1
**name** 10:9
**near** 7:9
**needed** 9:2
**negotiate** 6:6
**never** 11:19,24
  12:23
**new** 1:2 2:3 4:6,12
**nicholas** 4:8 5:8
**normally** 7:22
**nuances** 7:1
**ny** 2:3 4:6,12
  19:23

**o**

**o** 2:21 5:1 19:1
**object** 11:21
  15:12
**objected** 11:19,24
  12:23,23
**objection** 12:24
**objections** 13:23
  13:25
**objects** 15:11
**obviously** 9:4

**offers** 6:6
**okay** 7:15 8:18
  10:2,4,8,11 12:17
  13:4,19 16:4,16
  16:19 17:3
**old** 19:21
**omen** 8:25
**open** 6:7 8:17
**opposed** 11:3
**order** 6:15 14:24
**originally** 15:9
**overall** 11:6

**p**

**p** 4:1,1 5:1
**page** 18:4
**parallel** 5:15
  11:11 15:24
**park** 4:11
**part** 11:6,8
**parties** 5:6,22,25
  6:1,3,5,21
**pending** 11:1,4
  12:25 13:23,25
  14:16 15:3,21
**perspective** 8:19
**picard** 1:13 4:4
  5:10,11
**plaintiff** 1:6,15
**plaza** 4:5
**please** 5:3
**pointed** 11:3
**points** 10:1
**position** 12:5 15:4
**possible** 9:17
**posture** 12:15
**premature** 11:16
**prevail** 14:23
**previously** 6:19
**principal** 6:9
**prioritize** 6:15
  9:13
**privy** 8:9

[probably - transcript]                                                      Page 4

**probably** 8:13
**procedural** 7:1
  11:13 14:1
**proceed** 5:23 6:11
  6:18,21 7:8 8:22
  11:10 13:9,18
  15:4,23,25 16:18
**proceeding** 5:15
  5:20 7:2 14:15
  15:7
**proceedings** 6:11
  17:7 19:4
**process** 8:5
**productive** 6:2
  8:15,19
**progress** 6:8
  16:23
**proof** 11:2
**proposal** 8:1 9:12
  11:6
**proposed** 6:23
**prospects** 8:20
**protection** 1:5
**protocol** 16:24
**provide** 5:10
**purposes** 14:5

**q**

**question** 7:15,20
  12:21 15:9,16,20
  16:5

**r**

**r** 2:21 4:1 5:1 19:1
**raise** 12:21
**ready** 6:13
**reason** 8:2 9:16
  13:1
**reasons** 6:25
**recall** 5:12 14:20
**reconvene** 8:14
**record** 9:10 19:4
**recorder** 5:3
**recording** 5:4

**refer** 5:22
**reference** 5:17,19
  10:20,25 13:11,13
  16:7
**registry** 6:17 7:23
**reiterates** 6:9
**remaining** 5:14
  6:10,14 7:2,3
  11:14 13:5,16
  15:7
**remains** 6:7,13
**remember** 12:18
**report** 5:24 6:5
  16:22
**reporter** 5:4
**request** 6:9
**requested** 8:2
**resolution** 7:5
  8:20
**resolve** 6:10
**resolved** 15:6
  16:17
**respect** 10:4,5
**resulted** 6:2
**right** 9:22 10:11
  11:5,20,23 12:19
  14:11 16:14
**rigid** 9:3
**road** 19:21
**robert** 1:17 10:5
**rockefeller** 4:5
**ruled** 12:6
**rulings** 18:3
**runs** 16:1

**s**

**s** 4:1 5:1 10:7,8,9
  10:9
**savin** 10:7 14:7,13
  16:20
**saying** 15:2
**schedule** 6:13
**schedules** 13:15

**schofield** 14:16
**second** 12:5 14:13
  15:20
**securities** 1:5,8
**see** 9:12 12:11
**selection** 7:19
**sense** 15:4
**sent** 12:18,24
**session** 8:7,16
**settle** 9:5
**settlement** 6:6
**settling** 8:24
**shervyn** 1:17 10:5
**simultaneously**
  5:22
**sipc** 4:4 5:10
**slightly** 10:25
**smb** 1:3,11 3:1,4
**sole** 6:21
**solutions** 17:6
  19:20
**sonya** 3:25 19:3,8
**sort** 8:16
**sound** 5:13 16:13
**sounds** 7:17 9:13
  9:25
**southern** 1:2
**spelled** 10:8
**start** 5:3
**started** 5:4 15:24
**starting** 9:25
**stated** 16:2
**states** 1:1 2:1
**status** 3:4
**stay** 14:21,25 15:1
  15:15,16
**stuart** 2:22
**submit** 14:10
**submits** 14:4,18
**submitted** 10:16
  10:18
**succeeds** 8:24

**success** 14:24
  15:17
**successful** 8:4
**suite** 19:22
**summary** 5:20
  13:15
**suppose** 12:21
**sure** 16:20
**swain** 11:1,4 14:7
  14:13
**swept** 10:12

**t**

**t** 19:1,1
**take** 9:2
**talk** 9:25
**talking** 15:21
**telephonically** 4:8
  4:14
**term** 7:9
**terms** 8:10 16:23
**terrific** 9:6
**test** 12:20
**thank** 5:5 10:3,11
  17:1,3,4
**think** 8:1,3,4,13
  8:25 9:9,20 12:13
  13:3,21 15:23
  16:13
**thought** 8:15
**three** 13:4 14:10
**time** 6:5 7:19 9:3
  16:13
**today** 6:5 9:23
**today's** 8:15
**torres** 5:24 6:1,19
  7:9 8:2,6,12,14,23
  9:4,7,15
**total** 7:1
**tracks** 5:15 11:11
  15:24
**transcribed** 3:25
**transcript** 19:4

[trial - zoom]                                                                          Page 5

| | |
|---|---|
| **trial** 14:21 | **we've** 8:24 9:10 |
| **true** 19:4 | 13:14 14:3 |
| **trustee** 1:13 4:4 | **weeks** 9:11,23 |
| 5:10,19 6:8,13 7:4 | **willing** 6:13,14,18 |
| 7:6,17 9:14 10:17 | 6:22 7:8,17 |
| 10:22 11:2 12:23 | **winded** 15:2 |
| 13:8 15:11 | **withdraw** 5:17 |
| **trustee's** 8:1 9:2 | 10:20,23,25 13:13 |
| 11:9 15:4 | 14:23 16:7 |
| **try** 9:1,4 10:14 | **withdrawal** 5:19 |
| **trying** 15:6 | 13:10 |
| **two** 9:22 13:21 | **wood** 10:18,19 |
| 16:14 | **woods** 5:21 13:18 |
| **type** 15:6 | **work** 9:1 |
| **types** 13:2 | **workable** 7:3 |
| **u** | **wrapped** 12:12 |
| **u.s.** 2:23 | **x** |
| **underlying** 14:23 | **x** 1:4,10,12,19 |
| **united** 1:1 2:1 | 18:1 |
| **unknown** 2:25 | **y** |
| **update** 5:11 | **yeah** 9:20 12:7,10 |
| **use** 12:20 | **york** 1:2 2:3 4:6 |
| **useful** 11:14 12:14 | 4:12 |
| **utilize** 6:9 | **z** |
| **v** | **zoom** 5:25 6:3 |
| **v** 1:7,16 5:11 10:7 | |
| 10:8,9,9 | |
| **veritext** 19:20 | |
| **viable** 6:4 | |
| **victor** 10:10 | |
| **view** 11:9 | |
| **virtual** 5:25 | |
| **virtually** 8:11 | |
| **w** | |
| **wait** 9:24 12:11 | |
| **waiting** 13:16,17 | |
| **want** 7:15 12:11 | |
| 15:10,18,19,20 | |
| 16:4,5,6,8,8,12 | |
| **waste** 16:12 | |
| **way** 6:4,10 7:4 | |
| 8:19 14:8 15:2 | |