Page 1

1    UNITED STATES BANKRUPTCY COURT

2    SOUTHERN DISTRICT OF NEW YORK

3    Case No. 08-01789-smb

4    - - - - - - - - - - - - - - - - - - - - - - - - - - x

5    In the Matter of:

6

7    BERNARD L. MADOFF INVESTMENT SECURITIES, LLC,

8

9         Debtor.

10   - - - - - - - - - - - - - - - - - - - - - - - - - - x

11   Adv. Case No. 10-04889-smb

12   - - - - - - - - - - - - - - - - - - - - - - - - - - x

13   IRVING H. PICARD, TRUSTEE FOR THE LIQUIDATION OF BERNARD L.

14   MADOFF INVESTMENT SECURITIES LLC,

15                Plaintiff,

16        v.

17   THE, ESTATE OF ROBERT SHERVYN,

18                Defendants.

19   - - - - - - - - - - - - - - - - - - - - - - - - - - x

20

21

22

23

24

25

Page 2

1   - - - - - - - - - - - - - - - - - - - - - - - - - - - x

2   Adv. Case No. 10-04357-smb

3   - - - - - - - - - - - - - - - - - - - - - - - - - - - x

4   IRVING H. PICARD, TRUSTEE FOR THE LIQUIDATION OF BERNARD L.

5   MADOFF INVESTMENT SECURITIES LLC,

6                    Plaintiff,

7            v.

8   GREIFF,

9                    Defendants.

10  - - - - - - - - - - - - - - - - - - - - - - - - - - - x

11  Adv. Case No. 10-04390-smb

12  - - - - - - - - - - - - - - - - - - - - - - - - - - - x

13  IRVING H. PICARD, TRUSTEE FOR THE LIQUIDATION OF BERNARD L.

14  MADOFF INVESTMENT SECURITIES LLC,

15                   Plaintiff,

16           v.

17  BAM L.P., ET AL,

18                   Defendants.

19  - - - - - - - - - - - - - - - - - - - - - - - - - - - x

20

21

22

23

24

25

Page 3



1    - - - - - - - - - - - - - - - - - - - - - - - - - - - x

2    Adv. Case No. 10-04438-smb

3    - - - - - - - - - - - - - - - - - - - - - - - - - - - x

4    IRVING H. PICARD, TRUSTEE FOR THE LIQUIDATION OF BERNARD L.

5    MADOFF INVESTMENT SECURITIES LLC,

6                    Plaintiff,

7            v.

8    ESTATE OF SEYMOUR EPSTEIN ET AL,

9                    Defendants.

10   - - - - - - - - - - - - - - - - - - - - - - - - - - - x

11   Adv. Case No. 10-04749-smb

12   - - - - - - - - - - - - - - - - - - - - - - - - - - - x

13   IRVING H. PICARD, TRUSTEE FOR THE LIQUIDATION OF BERNARD L.

14   MADOFF INVESTMENT SECURITIES LLC,

15                   Plaintiff,

16           v.

17   PALMEDO,

18                   Defendants.

19   - - - - - - - - - - - - - - - - - - - - - - - - - - - x

20                   United States Bankruptcy Court

21                   One Bowling Green

22                   New York, NY  10004

23

24                   July 29, 2020

25                   10:00 AM

1    B E F O R E :

2    HON STUART M. BERNSTEIN

3    U.S. BANKRUPTCY JUDGE

4

5    ECRO:   UNKNOWN

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Page 5

1    HEARING re 08-01789-smb - Securities Investor Protection

2    Corporation v. Bernard L. Madoff Investment Securities, LLC.

3    et al

4    Conference on Letter of Baker & Hostetler dated March 5,

5    2020 re Mediation

6

7    HEARING re 10-04889-smb - Irving H. Picard, Trustee for the

8    Liquidation v. The Estate of Robert Shervyn

9    Status Conference

10

11   HEARING re 10-04357-smb - Irving H. Picard, Trustee for the

12   Liquidation of B v. Greiff

13   Final Pre-Trial Conference

14

15   HEARING re 10-04390-smb - Irving H. Picard, Trustee for the

16   Liquidation of B v. Bam L.P., et al

17   Final Pre-Trial Conference

18

19   HEARING re 10-04438-smb - Irving H. Picard, Trustee for the

20   Liquidation of B v. Estate of Seymour Epstein et al

21   Pre-Motion Conference

22

23

24

25

1    HEARING re 10-04749-smb - Irving H. Picard, Trustee for the

2    Liquidation of B v. Palmedo

3    Pre-Motion Conference

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25    Transcribed by:  Sonya Ledanski Hyde

```
                                                        Page 7

 1    A P P E A R A N C E S :

 2

 3    BAKER HOSTETLER LLP

 4         Attorneys for Trustee Irving Picard

 5         45 Rockefeller Plaza

 6         New York, NY 10111

 7

 8    BY:  NICHOLAS CREMONA (TELEPHONICALLY)

 9              LAN HOANG (TELEPHONICALLY)

10

11    DENTONS

12         Attorney for James Greiff, BAM L.P., Michael Mann and

13         Meryln Mann

14         1221 Avenue of the Americas

15         New York, NJ 10020

16

17    BY:  CAROLE NEVILLE (TELEPHONICALLY)

18         ARTHUR RUEGGER (TELEPHONICALLY)

19

20    LAX & NEVILLE LLP

21         Attorney for Lanny Rose

22         350 Fifth Avenue

23         New York, NY 10118

24

25    BY:  BRIAN NEVILLE (TELEPHONICALLY)
```

Page 8

1    CHAITMAN LLP

2         Attorney for Philip F. Palmedo

3         465 Park Avenue

4         New York, NY 10022

5

6    BY:  LANCE GOTTHOFFER (TELEPHONICALLY)

7         HELEN CHAITMAN (TELEPHONICALLY)

8

9    ALSO PRESENT TELEPHONICALLY:

10

11   DAVID SHEEHAN

12   KEVIN BELL

13   ALIX BROZMAN

14

15

16

17

18

19                   P R O C E E D I N G S

20        THE COURT:  This is Judge Bernstein.  Mike, would

21   you start the recorder, please?

22        MIKE:  Yes, Judge, the recorder is on.

23        THE COURT:  All right.  Thank you.  We have all

24   Madoff matters on today.  Why don't we begin with Epstein

25   and Palmedo?  They seem to raise the same issue.

Page 9

1            MR. CREMONA:  Good morning, Your Honor.  Nicholas

2    Cremona, appearing on behalf of Irving Picard, a SIPA

3    Trustee.  With me this morning is my colleague Lan Hoang,

4    also appearing on behalf of the Trustee.

5            MR. CONTE:  Good morning.  Your Honor noted the

6    Epstein and Palmedo cases that are before you for Rule 7056

7    conferences.  The Trustee has requested leave to file

8    motions for summary judgment.  In both of these cases, the

9    Defendants previously filed identical motions to withdraw

10   the reference, arguing that this Court lacked equitable

11   jurisdiction to determine the Trustee's claims because the

12   Defendants maintain their right to a jury trial.

13           The Palmedo case was referred to Judge Gardephe

14   and the Epstein case was referred to Judge Woods.  In both

15   cases, the Trustee indicated his consent to the withdrawal

16   of the reference on the basis that neither Defendant filed a

17   customer claim, and the parties agreed to proceed on summary

18   judgment before the District Court.

19           Notwithstanding the parties' consensual approach,

20   starting with Judge Woods on June 8th, he issued an

21   (indiscernible) consenting to withdraw the reference, and

22   instead referred the Epstein action to Your Honor for

23   proposed findings of fact and conclusions of law on the

24   Trustee's anticipated motion for summary judgment.

25           Similarly, Judge Gardephe entered an order on July

Page 10

1    8th denying the motion to withdraw as premature, finding

2    that the case was not trial ready, given the Trustee's

3    motion for summary judgment.  Judge Gardephe, like Judge

4    Woods, referred the Palmetto action to this Court for

5    proposed findings of fact and conclusions of law on the

6    anticipated motion there.

7            I think it's also important to note for Your Honor

8    that both Judges noted that the Bankruptcy Court's

9    resolution of any motion for summary judgment would be very

10   useful to the District Court.  Notwithstanding these clear

11   directives from the District Court and the existence of

12   these final orders, on July 22nd the Defendants filed

13   letters with Judges Gardephe and Woods seeking permission to

14   file motions to dismiss for lack of subject matter

15   jurisdiction.

16           Judge Gardephe quickly denied the Palmedo

17   Defendant's request by an order the next day, finding, based

18   on precedent in this district, that the Bankruptcy Court is

19   best suited to decide any motion to dismiss for lack of

20   subject matter jurisdiction.  Judge Woods has scheduled a

21   pre-motion conference in the Epstein case, which is actually

22   set for 1:00 PM today.

23           However, given the clear precedence supporting

24   Your Honor's authority to determine any motion on subject

25   matter jurisdiction in the first instance, and the fact that

Page 11

1    Your Honor already has decided such a motion and denied a

2    post-trial motion to dismiss in the Nelson case, finding

3    that the Court has subject matter jurisdictions for the

4    reasons stated therein; and given the directives set forth

5    in these final orders from the District Court, the Trustee

6    submits that leave should be granted and we should move

7    toward establishing a briefing schedule for these summary

8    judgment motions.

9              THE COURT:  Thank you.  Ms. Chaitman?

10             MR. GOTTHOFFER:  Judge, this is Lance Gotthoffer,

11   from Chaitman, LLP.

12             THE COURT:  Okay.

13             MR. GOTTHOFFER:  Ms. Chaitman has a medical

14   emergency --

15             THE COURT:  Okay.

16             MR. GOTTHOFFER:  -- and cannot be on the call

17   today.  She may have to have immediate surgery.  So I'm

18   substituting for her, though I'm quite unfamiliar with the

19   cases.  If Your Honor is going to set a briefing schedule,

20   then I'd ask for a particular time to respond.  But

21   otherwise, I have nothing to add.

22             THE COURT:  Mr. Cremona, is this a briefing

23   schedule to the motion for summary judgment for a separate

24   motion to dismiss, or is the motion to dismiss going to be

25   folded into the opposition to the motion for summary

Page 12

1    judgment?

2              MR. CREMONA:  I think it would be --

3              THE COURT:  That seems to make the most sense,

4    frankly.

5              MR. CREMONA:  Right.  I think that it would be the

6    latter and remaining consistent with the multiple matters

7    that we have before the District Court now, and we have

8    seven active cases where we agreed to briefing schedules.

9    The way we have done it as the Trustee has filed a motion

10   for summary judgment and the Defendant has opposed it and

11   then filed a cross-motion to dismiss for lack of subject

12   matter jurisdiction.

13             So I would propose, consistent with those cases in

14   the District Court, proposing identical schedules here, and

15   I'm prepared to recite those, consistent with what we've

16   done in the District Court.  And then we can always work

17   with Ms. Chaitman to reduce those to scheduling orders.

18             THE COURT:  Oh, what do you propose?

19             MR. CREMONA:  So in the first case, I would take

20   Palmedo first.  The Trustee would move for summary judgment

21   on or before August 28th, which is 30 days from today.  The

22   Defendants could then oppose and/or file their cross-motion

23   to dismiss on October 2nd, and the Trustee would reply and

24   oppose the cross-motions on October 23rd, and then the

25   Defendants' reply would be due on October 30th.

Page 13

```
 1                    And again, just for Mr. Gotthoffer's edification,
 2       this is consistent with the timetable we've agreed to in
 3       seven other cases --
 4                    THE COURT:  Uh-huh.
 5                    MR. CREMONA:  -- before the Court.
 6                    MR. GOTTHOFFER:  This is Lance Gotthoffer.  Ms.
 7       Chaitman had asked that our opposition be due October 30th,
 8       just in light of the heavy briefing schedule that exists in
 9       the District Courts.
10                    THE COURT:  That's two months after the motion to
11       dismiss?
12                    MR. GOTTHOFFER:  Unless they'd like to make the
13       motion to dismiss somewhat later, yes.
14                    THE COURT:  Why do you need two months?
15                    MR. GOTTHOFFER:  Because my understanding --
16                    THE COURT:  It's the same issue in every case,
17       probably, I'm assuming.
18                    MR. GOTTHOFFER:  As I understand it, it's due to
19       the briefing schedules that exist in the District Courts.
20       There's just so much time and so many people that you can
21       put on motions, so Ms. Chaitman --
22                    THE COURT:  Mm hmm.
23                    MR. GOTTHOFFER:  -- asked for October 30th.
24                    MR. CREMONA:  Well, Your Honor, I --
25                    THE COURT:  How many motions -- what's going on in
```

Page 14

```
 1    District Court?  I mean, I know it's going on before me, but
 2    how many motions for summary judgment are pending in the
 3    District Court, aside from Palmedo and Epstein?
 4              MR. CREMONA:  Sure, Your Honor.  And by way of
 5    background, that's what I touched on before.  We currently
 6    have seven active cases where we've agreed to the withdrawal
 7    of the reference because no claim was filed, and we agreed
 8    to briefing schedules which were accepted by the various
 9    judges that were pending before.
10              So what I just presented to Your Honor is entirely
11    consistent with what we've agreed to there.  And in fact,
12    we've taken into account the existing briefing schedules and
13    staggered these cases so as not to overlap.
14              THE COURT:  Mm hmm.
15              MR. CREMONA:  So this is entirely consistent with
16    what we're doing before the District Court and we are not
17    duplicating or overlapping the schedules, as I mentioned.
18    And I would do the same for Epstein, which I would propose
19    to stagger by a week.  And this is consistent with what
20    we've done, as I said, in the District Court.  The Trustee
21    has always had afforded six weeks to file the motion, and
22    then the Defendants have asked for five weeks to oppose or
23    cross-move, three weeks on reply, et cetera.  And that's
24    exactly what we did here.
25              THE COURT:  Mm hmm.  These other motions that are
```

Page 15

1    pending in the District Court, have they been -- of any of

2    the District Court judges referred those motions to me as in

3    Epstein and Palmedo?

4            MR. CREMONA:  The only two are Epstein and

5    Palmedo.  The other District Court judges have accepted the

6    briefing schedule and the consent to proceed there.

7            THE COURT:  Mm hmm.

8            MR. CREMONA:  Judge Woods and Judge Gardephe took

9    a different approach.

10           THE COURT:  Okay.  All right, well, if the

11   briefing schedules are staggered and that's what it was

12   agreed to in the District Court, I have no problem with the

13   briefing schedules.  As I said, Mr. Gotthoffer, the legal

14   issues are the same in every one of these cases.  The facts

15   may vary a little bit, depending on the case, but on the

16   whole, these are good-faith cases and the facts are pretty

17   similar.  Some of the defenses that have been raised have

18   been resolved or may be resolved by the Second Circuit soon.

19   So I see no reason why you can't conform to the briefing

20   schedule.

21           So what I will ask you to do, Mr. Cremona, is to

22   submit a scheduling order in each case, each of the two

23   cases, and provided that the failure to comply with the

24   schedules may result in sanctions, including the entry of

25   judgment against the disobedient party.  Okay?

```
 1              MR. CREMONA:  Understood.  We will do that, Your

 2    Honor.

 3              THE COURT:  All right.  I think that takes care of

 4    everything you're here for, Mr. Gotthoffer.  So if you want

 5    to, you're excused.

 6              MR. GOTTHOFFER:  Thank you, Your Honor.  Thank you

 7    for --

 8              THE COURT:  Please ask -- wish Ms. Chaitman well.

 9              MR. GOTTHOFFER:  I shall.

10              MR. CREMONA:  Your Honor, if I -- I apologize for

11    interjecting, but we do have one other matter that

12    implicates the Chaitman --

13              THE COURT:  Oh.

14              MR. CREMONA:  -- which is the status conference.

15              THE COURT:  Oh, yes, yes, yes.  Don't -- okay,

16    that's the Meisels?

17              MR. CREMONA:  It's actually the mediation status

18    conference.

19              THE COURT:  Oh, okay.

20              MR. CREMONA:  And I'm happy to go --

21              THE COURT:  Let me just go through...  Yeah,

22    Meisel was resolved, as I take it, right?

23              MR. CREMONA:  That's correct.  And that's part of

24    the update on the mediations, and I can run through that.

25              THE COURT:  Go ahead.
```

Page 17

1          MR. CREMONA:  So as Your Honor may recall, we were

2     before the court on May 28th and discussed agreed-upon

3     protocols with the -- and the parties established to conduct

4     mediations in the remaining 60 adversary proceedings with

5     the Chaitman LLP firm.  We agreed to prioritize the cases

6     and proceed to mediation before Judge Hurkin-Torres, to the

7     extent that his schedule permitted.

8          Your Honor so ordered that hearing transcript to

9     reflect those agreed-upon procedures and the parties began

10     mediating the cases on a weekly basis, starting June 25th.

11     And we've actually already conducted five mediation sessions

12     with the Judge, using a secure Zoom platform.  We have

13     another one scheduled for tomorrow.

14          I'm pleased to report that the parties have

15     successfully resolved three of the five cases that we've

16     mediated.  Your Honor already pointed out the Meisels case,

17     which we reached a settlement in principle.  And the parties

18     have agreed to document the settlement and make the final

19     payment there within the next 10 days.

20          And Your Honor is also seen stipulations and

21     entered orders regarding two other cases, the Hirsch case,

22     which is 10-4740, and the Castelli case, which is Adversary

23     Proceeding 10-4956, that have already been resolved and

24     dismissed by Your Honor.

25          So by all accounts, these mediations have been

Page 18

1    very successful, and we remain hopeful that, you know, they

2    will continue to be productive and be able to move forward

3    before Judge Hurkin-Torres to the extent that his schedule

4    permits.

5            So, unless Your Honor has any questions, I would

6    suggest that we carry this over for a period of a couple of

7    months and report back, perhaps, at the October omnibus

8    hearing date.

9            THE COURT:  That is fine.  What is the October

10   date?  Or do you have a date?

11           MR. CREMONA:  We do have a date.  Unfortunately, I

12   do not recall -- I don't know offhand.

13           THE COURT:  Mike, do you know offhand what the

14   October date is?  All right, we'll look it up and we'll --

15           MIKE:  Judge?

16           THE COURT:  Yeah, go ahead.

17           MIKE:  The October date would be Wednesday,

18   October 28th.

19           THE COURT:  28th at 10:00.  Okay.  All right.

20   Thank you very much.  I guess, Mr. Gotthoffer, now you can

21   really go if you want.

22           MR. GOTTHOFFER:  All right, Your Honor.  Thank you

23   very much.

24           THE COURT:  Okay.  Thank you.  All right.  Now,

25   next is Bam.

Page 19

1           MR. CREMONA:  Yes, Your Honor.  We have a follow-

2    up pretrial conference, which is a continuation of our July

3    9th conference, wherein Your Honor directed the parties to

4    submit a revised joint pretrial order.  And consistent with

5    that direction, as Your Honor may have seen, we submitted

6    last night a revised version of that order, which

7    incorporates the Defendants' contentions and a revised list

8    of exhibits and the objections --

9           THE COURT:  Mm hmm.

10          MR. CREMONA:  -- from the Defendants of the

11    Trustee's list of exhibits.  The Trustee has incorporated

12    the stipulations and objections to the additional exhibits

13    identified by the Defendants.  And as we indicated in that

14    correspondence last night, the proposed joint pretrial order

15    was provided to the Defendants, but we have not yet received

16    permission to execute it on their behalf.

17          From the Trustee's perspective, this is a final

18    joint pretrial order and we are prepared to move forward

19    with trial during the week of September 14, as we previously

20    discussed, using the secure Veritext Zoom platform that

21    we've been discussing with Your Honor.

22          THE COURT:  Okay.  Ms. Neville -- or Mr. Ruegger?

23          MR. RUEGGER:  Good morning, Your Honor.  This is

24    Arthur Ruegger, along with Carole Neville, on behalf of the

25    Defendants.  We're very close in terms of the pretrial

1  order, Judge.  There's one last issue that Ms. Neville and I

2  need to discuss and raise with Trustee's counsel.  We think

3  it can be resolved in the next few days, at which point --

4              THE COURT:  What is it?

5              MR. RUEGGER:  However, it's -- it relates to the

6  foundation for some of the evidence related to the

7  prejudgment interest issue, Judge.  In our contentions we

8  submitted some of the -- a chart of the taxes paid by the

9  Defendants --

10             THE COURT:  Mm hmm.

11             MR. RUEGGER:  -- that we think relate to the

12 equities of the parties.  And we wanted to discuss what kind

13 of foundation we need for those.  Ms. Neville and I have not

14 had a chance to try to narrow it as best we can before we

15 raise it with the Trustee.  But it's really just related to

16 that chart and our prejudgment interest contentions.  And

17 otherwise, we are ready to go on the pretrial order, Judge.

18             THE COURT:  I -- I thought that you were going to

19 make the record and make a representation, or the accountant

20 was going to make a representation regarding the amount of

21 taxes attributable to what we've been calling the fictitious

22 profits, right?

23             MR. RUEGGER:  Yes, Your Honor.  That related to

24 our offer of the accountant related to the value issues,

25 that Your Honor granted the motion in limine, excluding that

Page 21

```
 1   testimony.  This relates to --
 2          THE COURT:  I said you could -- yeah.
 3          MR. RUEGGER:  I'm sorry.
 4          THE COURT:  I said you could -- it was irrelevant
 5   to, I guess, an offset of damages.  First of all, you can
 6   certainly make that record to preserve it.  I just don't
 7   need to hear testimony on it because I think it's
 8   irrelevant.  If you're saying now there is relevance on the
 9   issue, I do have to decide, because it relates to the amount
10   of interest --
11          MR. RUEGGER:  It does.  It relates to the
12   prejudgment interest issue.  Yes, Judge.
13          THE COURT:  Okay.  But you're not going to call
14   the accountant for that?
15          MR. RUEGGER:  Ms. Neville and I need to talk first
16   with the Trustee, whether we need to do that.  We'd prefer -
17   - hopefully, want to avoid --
18          THE COURT:  Mm hmm.
19          MR. RUEGGER:  -- having to call the accountant.
20   It's really just as a foundation for the taxes.
21          THE COURT:  Is there a dispute -- I guess I'll ask
22   Mr. Cremona.  Is there a dispute regarding the amount of
23   taxes that the Defendants paid that are attributable to the
24   fictitious profits?
25          MR. CREMONA:  Your Honor, as I sit here right now,
```

Page 22

1    I do not believe that there is.  I would like to understand

2    what Mr. Ruegger intends to present, but I do not believe

3    there is a dispute, based on my understanding right now.

4              THE COURT:  Because if there's no dispute, you can

5    just include it as a stipulated fact.  Do you need anything

6    more than that, Mr. Ruegger?

7              MR. RUEGGER:  I don't believe so, unless Ms.

8    Neville corrects me.

9              THE COURT:  You just want --

10             MS. NEVILLE:  No, I think that's sufficient, Your

11   Honor.  This is Carole Neville.

12             THE COURT:  Yes.  Look, why don't I do this?  I'll

13   give you one week, adjourn this for a week.  I hate to keep

14   making you come back, but I'd rather have a signed pretrial

15   order by both parties, although I am prepared to sign this

16   order in a week if nothing can be resolved.  And then you'll

17   just list your accountant as a witness and, you know, you

18   can call him to testify about the amount of taxes.  Not as

19   an offset to damages, but on -- you know, because it's

20   relevant or arguably relevant to the issue of the equities

21   in the interest rate.

22             MR. RUEGGER:  Very well, Your Honor.  Thank you.

23             MS. NEVILLE:  Your Honor --

24             THE COURT:  Yeah.

25             MS. NEVILLE:  This is Carole Neville.  If we

Page 23

1    resolve this with the Trustee and gather stipulated facts,

2    can we call off the hearing for next week?

3              THE COURT:  Yeah, sure.  I mean, if everybody is

4    satisfied and you write me a letter, either Mr. Cremona or

5    you, with the consent of the other parties saying here's the

6    final pretrial order, we've signed it, we agree to it,

7    that's all you really have to do.

8              MS. NEVILLE:  Okay.

9              THE COURT:  And then we'll just fix a trial date.

10             MS. NEVILLE:  Your Honor, may I clarify one thing?

11   Are you presiding over the remainder of the Madoff cases?

12             THE COURT:  I am still presiding over the Madoff

13   cases.  I'm not sure if I'm going to try this particular

14   one.  But I'm still here, Ms. Neville, for better or worse.

15             MS. NEVILLE:  I know you are.  But it makes a

16   difference to some degree in how you prepare for these

17   things.  So that's why I asked.

18             THE COURT:  It shouldn't.

19             MS. NEVILLE:  I apologize.

20             THE COURT:  It shouldn't.

21             MS. NEVILLE:  Well, Judge.

22             THE COURT:  Every case is separate.  You have to

23   make your record.  By the way, what's next Wednesday?  Or do

24   -- let me -- before I say that, Mike, do we have a Madoff

25   calendar next Wednesday?

1        MIKE:  Oh, we don't, Judge.  But --

2        THE COURT:  Okay.

3        MIKE:  (indiscernible).

4        THE COURT:  I'll put this on --

5        MIKE:  Tuesday --

6        THE COURT:  I'll put it on Tuesday.

7        MIKE:  Tuesday the 4th.

8        THE COURT:  Okay.

9        MIKE:  Judge, it's --

10        THE COURT:  That's next Tuesday at -- yes, Mike?

11        MIKE:  It would be Tuesday, August 4th at 10:00

12   AM.

13        THE COURT:  Okay.  So I'll adjourn this final

14   pretrial conference to August 4th at 10:00 AM.  If you can

15   work out the issues and send me, you know, what is

16   essentially a consent joint pretrial order that I can sign,

17   then I'll call off the conference.  Okay?

18        MR. CREMONA:  Yes, Your Honor.  Thank you.  I

19   would just -- I'm confident that we should be able to

20   resolve the issue.  It was just that this is the first time

21   it's been raised with us today.  So --

22        THE COURT:  Okay.

23        MR. CREMONA:  -- we'll be able to get there.

24        THE COURT:  All right.  As I said, if there's no

25   dispute, you can just include it as a stipulated fact.

1              Okay.  Next, I have Greiff?

2              MR. CREMONA:  Yes, Your Honor.  So the final

3       matter on the agenda is the pretrial conference in Greiff,

4       which is 10-4357.  The parties were previously before Your

5       Honor for a pretrial conference held on February 20th.  And

6       Your Honor previously set the matter for trial to begin on

7       April 7th.  On March 4th, Defendant filed a motion to

8       withdraw the reference, arguing that the Court lacked

9       equitable jurisdiction.  And the Defendant also filed an

10      emergency motion to stay the trial, which was heard by Your

11      Honor, and you reserved decision back on March 18.

12              In the meantime, on June 4th Judge Schofield

13      issued her decision denying the motion to withdraw the

14      reference.  So there is no longer any impediment to trial

15      here.  And I would submit that the motion for a stay is now

16      moot and the Trustee has --

17              THE COURT:  Mm hmm.

18              MR. CREMONA:  -- as a result consulted his

19      experts, and we're prepared to move forward with trial in

20      this matter in the same manner we are in Mann, remotely

21      using the secure Zoom platform through Veritext, which I

22      understand is the Court's preferred vendor.  And the Trustee

23      has dates in October that work for our experts, and we're

24      happy to present them to Your Honor for consideration.

25              THE COURT:  Tell me more about the Veritext,

1    because the virtual trial orders that I've entered in other

2    cases use Zoom.  What's the relationship between Zoom and

3    Veritext?

4              MR. CREMONA:  I'm going to defer to my colleague,

5    Ms. Hoang, on this, as she has greater --

6              THE COURT:  Okay.

7              MS. HOANG:  Good morning, Your Honor.  Lan Hoang.

8              THE COURT:  Good morning.

9              MR. HOANG:  Zoom is a -- Veritext uses a platform

10   that is embedded within Zoom.  So --

11             THE COURT:  Mm hmm.

12             MR. HOANG:  -- we can provide both the testimony

13   and display the documents simultaneously for the Court,

14   pretty much as if we were in court.  And they will --

15             THE COURT:  Mm hmm.

16             MR. HOANG: -- provide the Court Reporters as well.

17             THE COURT:  Well, who knows?  Maybe you will be in

18   court in October.  Although --

19             MR. HOANG:  Maybe we will.

20             THE COURT:  All right.  Mr. Ruegger or Ms.

21   Neville?

22             MR. RUEGGER:  Good morning, Your Honor.  Arthur

23   Ruegger, for the Defendants, with Ms. Neville.  We don't

24   have any objection to what Mr. Cremona and Ms. Hoang have

25   stated, except that we don't have a pretrial order in the

Page 27

1    Greiff matter yet.

2              THE COURT:  Mm hmm.

3              MR. RUEGGER:  So we're happy to start on that,

4    subject to our responsibilities --

5              THE COURT:  Is it going to be any different than -

6    -

7              MR. RUEGGER:  -- on the Mann trial.

8              THE COURT:  Is it going to be any different than

9    Bam?

10             MR. RUEGGER:  It is, Your Honor.  There's a --

11             THE COURT:  Obviously, the documents, maybe a

12   little.  Go ahead.

13             MR. RUEGGER:  The documents -- but there's also --

14   I'm sorry, Your Honor.  Arthur Ruegger.  There is an issue

15   of fact as to what transfers were actually made.

16             THE COURT:  Okay.

17             MR. RUEGGER:  The Trustee claims -- that's the

18   issue of fact, the primary issue of fact that I'm aware of.

19             MR. CREMONA:  Your Honor --

20             THE COURT:  I assume there is the same issue with

21   whether Madoff paid the transfers personally or BLMIS, LLC

22   paid them?

23             MR. RUEGGER:  Yes, Your Honor.  And also the issue

24   of prejudgment interest.  So, it's the Mann case, plus this

25   issue of the facts related to the transfers.

Page 28

1          THE COURT:  What sort of fact issues?  I'm not

2    familiar with it.

3          MR. RUEGGER:  There are certain transfers that are

4    claimed by the Trustee that allegedly went to the Defendant,

5    and we don't believe that there is sufficient evidence or

6    reliable evidence --

7          THE COURT:  Mm hmm.

8          MR. RUEGGER:  -- that those transfers were made.

9          THE COURT:  Okay.

10         MR. RUEGGER:  And we have some counter-evidence.

11         THE COURT:  All right.  So you have your documents

12   not to prepare a pretrial order?  Because that was an issue

13   with Bam and your access to the office.

14         MR. RUEGGER:  We do have our access to the office,

15   and we do have our documents, Your Honor.  We have not yet

16   organized them, as for the pretrial order.  But yes, we have

17   access to those documents.

18         THE COURT:  Okay.  So, Mr. Cremona, when can you

19   submit your draft, the initial draft of the joint pretrial

20   order to me?

21         MR. CREMONA:  Your Honor, what I was going to

22   suggest is, since we have time and it's a bit far out for

23   October, was to do what we did in Mann and the Sage cases,

24   which is to schedule that date and then work backwards from

25   there, entering a scheduling order like we did in Mann and

Page 29

1    Sage.  And we can build in the dates --

2              THE COURT:  Yeah.

3              MR. CREMONA:  We would submit a joint --

4              THE COURT:  The problem -- the issue I have, I'll

5    tell you, Mr. Cremona, is there's been a lot of back-and-

6    forth on the pretrial orders.  And if I schedule a trial

7    before the pretrial order is complete, I fear that I'm going

8    to have to keep moving that trial date, because there's

9    going to be issues relating to the pretrial order, a final

10   pretrial order.  I would much prefer to get the final

11   pretrial order done sooner rather than later.  I guess

12   you're telling me that's a burden, or both sides are telling

13   me that the burden.  And then once it's complete, schedule a

14   trial.

15             MR. CREMONA:  Not at all, Your Honor.  I think we

16   can certainly do that, given where we are with the same

17   counsel on virtually the same case, with some additional

18   issues.  So I think we could --

19             THE COURT:  Mm hmm.

20             MR. CREMONA:  -- submit a joint pretrial order

21   within the next 30 days.  I would hope to --

22             THE COURT:  Okay.  All right.  Well, you're going

23   to be pretty close to your anticipated dates anyway.  And

24   normally, I don't set the trial date until the final

25   pretrial conference, when I review the pretrial order.

```
 1              Why don't we say that you will send either Mr.
 2    Ruegger or Ms. Neville or both a draft of the pretrial order
 3    by the end of August, I guess; August 31?  I don't know if
 4    that's a weekend or what, but -- how long will it take you
 5    to turn that around Mr. Ruegger?
 6              MR. RUEGGER:  Unless Ms. Neville corrects me, I'm
 7    going to say -- well, I guess we're going to be in the Mann
 8    trial then in September.  So, three weeks, Your Honor?
 9    That'll give us a week after the Mann trial, assuming that
10    schedule holds.
11              THE COURT:  All right.  So that's around -- I
12    think it's around September 20.  What's three weeks from
13    August -- what's September 21st?  Is that a weekday?  Does
14    anybody have a calendar?
15              MIKE:  It is a Monday, Your Honor.
16              THE COURT:  All right.  So September 21 for your
17    draft, and then let's just say we'll have the final pretrial
18    conference -- let me get to September in my -- let's say
19    final pretrial conference September 29.  I'll fix a trial
20    date at that point.  Okay?
21              MR. CREMONA:  Very well, Your Honor.
22              THE COURT:  If you're having any issues with the
23    pretrial order, don't wait until September 29th to raise it
24    with me, though.  Write me a letter and we'll deal with it.
25              MR. CREMONA:  Understood, Your Honor.
```

Page 31

1              THE COURT:  All right.  Is there anything else?

2     Mr. Cremona, have we completed the calendar?  Okay.  Thank

3     you very much.

4              MR. CREMONA:  Thank you, Your Honor.

5              MR. RUEGGER:  Thank you, Your Honor.

6              THE COURT:  Okay.

7              (Whereupon these proceedings were concluded at

8     10:40 AM)

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Page 32

1                    C E R T I F I C A T I O N

2

3        I, Sonya Ledanski Hyde, certified that the foregoing

4    transcript is a true and accurate record of the proceedings.

5

6    *[signature]*

7

8    Sonya Ledanski Hyde

9

10

11

12

13

14

15

16

17

18

19

20    Veritext Legal Solutions

21    330 Old Country Road

22    Suite 300

23    Mineola, NY 11501

24

25    Date:  July 31, 2020