# Chantel Barrett

| | |
|---|---|
| **From:** | Alan Melton <alanrmelton@gmail.com> |
| **Sent:** | Tuesday, August 18, 2020 11:06 AM |
| **To:** | NYSBml_Bernstein's_Chambers_Staff; Chantel Barrett; Kyu Paek |
| **Cc:** | Jorian L. Rose; dsheehan@bakerlaw.com |
| **Subject:** | Donlin Dockets 8/17/2020 Number 19698 |

The Honorable Judge Bernstein
U.S. Bankruptcy Court, Southern District of New York
One Bowling Green
New York, NY  10004

August 8, 2019

CC: Atty Jorian Rose, Baker Law

Dear Judge Bernstein,

I just received an email from Donlin Dockets 8/17/2020 Number 19698, this morning.

"1. On July 10, 2020, the Trustee filed the Motion for Entry of an Order (I) Establishing Omnibus Procedures for the Adjudication of Objections to the Trustee's Claims Determinations that Appear to Raise Factual Issues; and (II) Authorizing the Trustee to File Substantive Motions to Affirm his Claims Determinations and Overrule Such Objections on an Omnibus Basis (the "Motion") (ECF No. 19622), together with the Declaration of Vineet Sehgal (ECF No. 19623) in support of the Motion.

2. The deadline for filing objections to the Motion expired on August 7, 2020.

3**. Notice of the Motion was provided by U.S. Mail, postage prepaid or email to (i) the claimants and their counsel of record, if any, that filed the Remaining Objections1 as identified on Exhibit A annexed to the Declaration of Vineet Sehgal; (ii) all parties included in the Master Service List** as defined in the Order Establishing Notice Procedures (ECF No. 4560) (the "Notice Procedures Order"); (iii) all parties that have filed a notice of appearance in this case; (iv) the SEC; (v) the Internal Revenue Service; (vi) the United States Attorney for the Southern District of New York; and (vii) the Securities Investor Protection Corporation, pursuant to the Notice Procedures Order.  08-01789-smb Doc 19698 Filed 08/17/20 Entered 08/17/20 15:21:03 Main Document Pg 2 of 4 3

4. Counsel for the Trustee reviewed the Court's docket not less than forty-eight (48) hours after expiration of the time to file an objection, and to date, no objection, responsive pleading, or request for a hearing with respect to the Motion appears thereon. Additionally, no party has indicated to the Trustee that it intends to oppose the relief requested in the Motion. "

**I do not understand, as I had a claim against the methodology (not revealed) by Vincent Sehgal and against the Trustee's methodology and feel that I should have been on the list notified as above in paragraph 3 of "19698", which was heard before you in a tele-conference, with the defendants lawyer being a n associate and yet listening in (I imagine because this objection might have had substantial ramifications, Mr Seehan and and representative or head of SIPC.**
**Paragraph 3 states Notice of Motion was mailed to claimants or emailed.**

**Is this another mistake issued by the Trustee and his law firm, and now on the books, as I was a definite claimant against both the Trustee and Vineet Sehgal, and never received a letter or email as above stated.**
**I would appreciate a statement or explanation from the Trustee as to why I was excluded from a letter or email.**

Thank you.

Sincerely,

Alan R Melton MD