HEARING DATE AND TIME: September 9, 2020 at 10 a.m. (ET)
OBJECTION DEADLINE: September 1, 2020

**BINDER & SCHWARTZ LLP**
Eric B. Fisher
Lindsay A. Bush
Tessa B. Harvey
366 Madison Avenue, 6th Floor
New York, New York 10017
Telephone: (212) 510-7008

*Attorneys for Khronos LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------x
SECURITIES INVESTOR PROTECTION
CORPORATION,

                                         Plaintiff-Applicant,

    -against-

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

                                           Defendant.
------------------------------------------------------------------------x
In re:

BERNARD L. MADOFF,

                                           Debtor.
------------------------------------------------------------------------x

Adv. Pro. No. 08-01789 (SMB)

SIPA LIQUIDATION

(Substantively Consolidated)

# MOTION OF KHRONOS LLC TO QUASH
# THE TRUSTEE'S FED. R. BANKR. P. 2004 SUBPOENA

# **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ........................................................................................................ ii

JURISDICTION AND VENUE .................................................................................................... 1

PRELIMINARY STATEMENT ................................................................................................... 1

BACKGROUND ........................................................................................................................... 2

    I.    THE TRUSTEE OBTAINS RULE 2004 DISCOVERY FROM KHRONOS' FILES IN JULY 2010 ................................................................................................ 2

    II.   THE TRUSTEE FILES AN ADVERSARY PROCEEDING AGAINST KHRONOS AND OTHER SUBSEQUENT TRANSFEREE DEFENDANTS ...... 3

    III.  NOTWITHSTANDING THE TRUSTEE'S ADVERSARY PROCEEDING AND PRIOR DISCOVERY, THE TRUSTEE SERVES A SECOND RULE 2004 SUBPOENA .................................................................................................... 4

    IV.  KHRONOS OBJECTS TO THE CURRENT RULE 2004 SUBPOENA AS IMPROPER AND DUPLICATIVE ...................................................................... 5

LEGAL STANDARD .................................................................................................................... 5

ARGUMENT ................................................................................................................................. 6

    I.    THE CURRENT RULE 2004 SUBPOENA SHOULD BE QUASHED ................. 6

    II.   IN THE ALTERNATIVE, EVEN IF THE SUBPOENA IS NOT QUASHED IN ITS ENTIRETY, IT SHOULD BE NARROWED ........................................... 9

NOTICE ......................................................................................................................................... 9

CONCLUSION ............................................................................................................................ 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*In re AOG Entm't, Inc.*,
    558 B.R. 98 (Bankr. S.D.N.Y. 2016) ............................................................................. 5, 6

*In re Bennett Funding Grp., Inc.*,
    203 B.R. 24 (Bankr. N.D.N.Y. 1996) ............................................................................ 7, 8

*In re Brown*,
    No. 18-10617-JLG, 2018 WL 4944816 (Bankr. S.D.N.Y. Oct. 11, 2018) ........................ 6

*In re SunEdison, Inc.*,
    572 B.R. 482 (Bankr. S.D.N.Y. 2017) ............................................................................... 8

*In re Texaco, Inc.*,
    79 B.R. 551 (Bankr. S.D.N.Y. 1987) ................................................................................. 6

*Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*,
    590 B.R. 200 (Bankr. S.D.N.Y. 2018) ............................................................................... 7

**Statutes**

28 U.S.C. § 1334 ....................................................................................................................... 1

28 U.S.C. § 1409 ....................................................................................................................... 1

28 U.S.C. § 157 ......................................................................................................................... 1

**Rules**

Fed. R. Bankr. P. 2004 .............................................................................................................. 1

Fed. R. Bankr. P. 9016 .............................................................................................................. 1

Fed. R. Civ. P. 45 ...................................................................................................................... 1

Pursuant to Fed. R. Bankr. P. 2004 and Fed. R. Civ. P. 45, made applicable by Fed. R. Bankr. P. 9016, Khronos LLC ("Khronos") respectfully submits this motion (the "Motion") to quash the Subpoena (the "Current Rule 2004 Subpoena") issued by Irving H. Picard (the "Trustee"), trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.*

## JURISDICTION AND VENUE

1. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and paragraph 10 of the *Order Granting Authority to Issue Subpoenas for the Production of Documents and the Examination of Witnesses*, dated January 12, 2009, ECF Doc. No. 31 (the "Rule 2004 Order").

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. § 1409. The statutory predicate for the relief requested is Rule 45 of the Fed. R. Civ. P., made applicable by Rule 9016 of the Fed. R. Bankr. P, and Rule 2004 of the Fed. R. Bankr. P.

## PRELIMINARY STATEMENT

3. In one form or another, the Trustee has hounded Khronos incessantly for more than a decade now, concerning transfers that originally were made from BLMIS to Legacy Capital Ltd. ("Legacy") well over twelve years ago. This crusade has been going on for so long that the Trustee has decided it is time for a reprise of a Rule 2004 subpoena that he issued, and that Khronos complied with, more than ten years ago. The Current Rule 2004 Subpoena is not only an egregious abuse of the Trustee's considerable powers because it duplicates an earlier subpoena that Khronos complied with long ago, but also because it follows almost a decade of active litigation against Khronos when the Trustee could have, but did not, avail himself of the discovery tools that apply in adversary proceedings. This is an occasion when the Trustee's

powers should be kept in check by the Court. While Khronos complied with, and did not challenge, the first Rule 2004 subpoena directed to it, the Trustee cannot establish good cause to put Khronos to those burdens again.

## **BACKGROUND**

**I.    THE TRUSTEE OBTAINS RULE 2004 DISCOVERY FROM KHRONOS' FILES IN JULY 2010**

4.     More than ten years ago, on July 7, 2010, the Trustee served identical Rule 2004 subpoenas on Rafael Mayer and David Mayer, as officers of Khronos (each, an "Original Rule 2004 Subpoena," and together the "Original Rule 2004 Subpoenas"). Declaration of Rafael Mayer, dated August 18, 2020 (the "Mayer Declaration") ¶ 2. Each Original Rule 2004 Subpoena contained 56 requests seeking documents relating to Legacy's investment in BLMIS. *See* Mayer Decl. Ex. A. Among other topics, the Original Rule 2004 Subpoenas sought all documents and information concerning any investment or transaction with BLMIS. *See, e.g., id.* (Original Rule 2004 Subpoena Requests Nos. 46-49). The Original Rule 2004 Subpoenas also sought all documents and information concerning payments or redemptions relating to BLMIS, and documents and information concerning the liquidation of any hedge fund investment. *See, e.g., id.*

5.     The Mayers served written responses and objections to the Original Rule 2004 Subpoenas on July 29, 2010. Mayer Decl. ¶ 3. Thereafter, on October 6, 2010, approximately 20,000 pages of documents from Khronos' files were produced to the Trustee in response to the Original Rule 2004 Subpoenas, including financial documents, agreements, general corporate documents, BLMIS account statements, and correspondence. *Id.*

6.     Among other information, the documents produced in response to the Original Rule 2004 Subpoenas identified Montpellier International Ltd. ("Montpellier

2

International") and Prince Assets LDC as investors in Legacy. This includes share registries indicating the dates and amounts of Prince Assets LDC's and Montpellier International's redemptions of their respective shares in Legacy. *See* Declaration of Eric B. Fisher, dated August 18, 2020 (the "Fisher Declaration") Ex. B. The Trustee, thus, was well aware of Montpellier International and Prince Assets LDC, and their relationship to Legacy, by October 2010. Soon after the collapse of BLMIS more than ten years ago, Montpellier International and Prince Assets LDC ceased to have an interest in Legacy, as their shares in Legacy were pledged to Legacy's lender, BNP Paribas, who declared default on the loan when those shares became worthless due to the collapse of BLMIS. *Id.* ¶ 7.

## II. THE TRUSTEE FILES AN ADVERSARY PROCEEDING AGAINST KHRONOS AND OTHER SUBSEQUENT TRANSFEREE DEFENDANTS

7. Armed with 20,000 pages of documents and information from Khronos, on December 6, 2010, the Trustee commenced a lawsuit (the "Adversary Proceeding") seeking to claw back funds that had been withdrawn from Legacy's BLMIS account. *See Picard v. Legacy Capital Ltd. (In re BLMIS)*, No. 10-05286 (SMB), ECF Doc. No. 1. In addition to Legacy and Khronos, the Trustee also named the following defendants in the Adversary Proceeding as alleged subsequent transferees: Isaac Jimmy Mayer, Rafael Mayer, David Mayer, Khronos Capital Research LLC, BNP Paribas Securities Corp., HCH Management Company Ltd., Montpellier Resources Ltd., Inversiones Coque S.A., Aurora Resources Ltd., and Olympus Assets LDC. *Id.* By way of his initial complaint, the Trustee sought to claw back approximately $215 million in transfers from Legacy's BLMIS account from alleged initial and subsequent transferees. *See id.* The Trustee did not name Montpellier International or Prince Assets LDC in the Adversary Proceeding (or any other proceeding). Fisher Decl. ¶ 10.

3

8. On July 2, 2015, the Trustee voluntarily dismissed all defendants except Legacy and Khronos from the Adversary Proceeding. *Picard v. Legacy Capital Ltd. (In re BLMIS)*, No. 10-05286 (SMB), ECF Doc. No. 111.

9. Khronos thereafter moved to dismiss the claims against it and on April 12, 2016, the motion to dismiss was granted and the claims against Khronos were dismissed with prejudice. *Picard v. Legacy Capital Ltd. (In re BLMIS)*, No. 10-05286, ECF Doc. No. 137. The Adversary Proceeding advanced against Legacy. After discovery and the Trustee's summary judgment motion, which was granted in part, the parties consented to a judgment against Legacy in the amount of approximately $79 million on account of funds it received from BLMIS that were alleged fictitious profits. *Picard v. Legacy Capital Ltd. (In re BLMIS)*, No. 10-05286 (SMB), ECF Doc. No. 230.

10. After entry of judgment, the Trustee filed a notice of appeal, appealing, among other things, the dismissal of Khronos from the Adversary Proceeding. The appeal is pending before the United States Court of Appeals for the Second Circuit, and Khronos remains a party to that appeal. *See Picard v. Legacy Capital Ltd.*, No. 20-1334 (2d Cir. 2020).

**III. NOTWITHSTANDING THE TRUSTEE'S ADVERSARY PROCEEDING AND PRIOR DISCOVERY, THE TRUSTEE SERVES A SECOND RULE 2004 SUBPOENA**

11. On July 13, 2020, the Trustee emailed a copy of the Current Rule 2004 Subpoena to counsel for Khronos, and Khronos accepted service on July 16, 2020. Fisher Decl. ¶¶ 2-3. Counsel for Khronos and counsel for the Trustee agreed to extensions of the response deadline to facilitate discussion of the Current Rule 2004 Subpoena; and when an impasse was reached, they agreed to a schedule for briefing this motion to quash. *Id.* ¶ 4-5.

12. Many of the requests in the Current 2004 Subpoena are duplicative of the Original Rule 2004 Subpoena. For example, both subpoenas seek documents relating to alleged

4

subsequent transfers of funds from Legacy, documents concerning investment guidelines and procedures, and documents sufficient to identify persons and beneficial owners of any such persons that invested directly or indirectly in BLMIS. *See* Fisher Decl. Ex. A.

### IV. KHRONOS OBJECTS TO THE CURRENT RULE 2004 SUBPOENA AS IMPROPER AND DUPLICATIVE

13. On July 31, 2020, Khronos sent a letter to the Trustee setting forth its position that the Current Rule 2004 Subpoena was improper and Khronos' intention to seek to quash the subpoena if it was not withdrawn by the Trustee. Fisher Decl. ¶ 4. The Trustee thereafter agreed to extend Khronos' time to respond to the Current Rule 2004 Subpoena to allow the parties to further meet and confer regarding the subpoena. *Id.*

14. The parties met and conferred on August 3, 2020, and Khronos sent a follow-up letter to the Trustee on August 6, 2020, but the parties were unable to reach agreement regarding the Current Rule 2004 Subpoena. *Id.* ¶ 5. In its August 6, 2020 letter, Khronos advised the Trustee that it no longer controls Prince Assets LDC's information and that Montpellier International dissolved in January 2017. *Id.* ¶ 8. The Trustee did not agree to withdraw, and also never proposed to narrow, the Current Rule 2004 Subpoena. *Id.* ¶ 5.

### LEGAL STANDARD

15. The Trustee bears the burden to establish good cause for the information sought by the Current Rule 2004 Subpoena. *See In re AOG Entm't, Inc.*, 558 B.R. 98, 108 (Bankr. S.D.N.Y. 2016) ("The party seeking Rule 2004 discovery has the burden to show good cause for the examination it seeks, and relief lies within the sound discretion of the Bankruptcy Court."). "A party seeking to conduct a Rule 2004 examination typically shows good cause by establishing that the proposed examination is necessary to establish the claim of the party seeking the examination, or denial of such request would cause the examiner undue hardship or

injustice." *Id.* at 109. (internal quotation marks and alteration omitted). The Court "must balance the competing interests of the parties, weighing the relevance of and necessity of the information sought by examination." *Id.* (quotation mark omitted). A Rule 2004 subpoena should not be more disruptive and costly than beneficial. *See In re Texaco, Inc.*, 79 B.R. 551, 553 (Bankr. S.D.N.Y. 1987); *see also In re Brown*, No. 18-10617-JLG, 2018 WL 4944816, at *3 (Bankr. S.D.N.Y. Oct. 11, 2018) ("The scope of Rule 2004 examinations should not be so broad as to be more disruptive and costly . . . than beneficial . . . .").

## ARGUMENT

### I. THE CURRENT RULE 2004 SUBPOENA SHOULD BE QUASHED

16. The Trustee cannot establish good cause for the Current Rule 2004 Subpoena and it should be quashed. The Current Rule 2004 Subpoena is improper, duplicative, and burdensome. Each request in the Current Rule 2004 Subpoena suffers from one, or more, of these flaws.

17. *First,* the vast majority of the requests in the Current Rule 2004 Subpoena are duplicative of requests made by the Trustee over a decade ago in connection with the Original Rule 2004 Subpoenas. *See* Fisher Decl. Ex. A. The Original Rule 2004 Subpoenas and the Current Rule 2004 Subpoena seek (i) documents relating to the transfers of funds from Legacy, *see* Mayer Decl. Ex. B (Current Rule 2004 Subpoena Requests Nos. 1, 2, 3, 5, 6, 7), *id.* Ex. A (Original Rule 2004 Subpoena Requests Nos. 2, 3, 5, 7, 8, 9, 35, 39, 46, 48, 49, 51); (ii) documents concerning investment guidelines and procedures, *see id.* Ex. B (Current Rule 2004 Subpoena Requests Nos. 4, 5), *id.* Ex. A (Original Rule 2004 Subpoena Requests Nos. 2, 3, 5, 7, 8, 9, 35, 43); and (iii) documents sufficient to identify persons and beneficial owners of any such persons, that invested directly or indirectly in BLMIS, *see id.* Ex. B (Current Rule 2004 Subpoena Requests Nos. 9, 10, 13, 14), *id.* Ex. A (Original Rule 2004 Subpoena Requests Nos.

6

33, 47). Over 20,000 pages of documents were produced in response to those requests, leading to the Adversary Proceeding against Khronos and other alleged subsequent transferee defendants. Mayer Decl. ¶ 3. The Trustee cannot now burden Khronos with a second subpoena seeking the same information ten years after he sought—and obtained—information relating to these same topics. *Cf. Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 590 B.R. 200, 209 (Bankr. S.D.N.Y. 2018) (denying expedited discovery where "Rule 2004 subpoenas issued . . . years before . . . sought the same discovery").

18. Still other requests in the Current Rule 2004 Subpoena should be quashed because Khronos does not have responsive documents in its possession. The Trustee's Current Rule 2004 Subpoena seeks documents and information concerning the liquidation and assets of Prince Assets LDC and Montpellier International. *See* Mayer Decl. Ex. B (Current Rule 2004 Subpoena Requests Nos. 5-8, 11-17). Khronos ceased providing any accounting or financial services to Prince Assets LDC on December 31, 2015, and thus is no longer in possession of any documents or information relating to Prince Assets LDC. Mayer Decl. ¶ 5. These requests should be quashed for this additional basis, as Khronos does not maintain financial records for Prince Assets LDC.

19. Additionally, the Current Rule 2004 Subpoena is improper and violates the principle that Rule 2004 may not be used to obtain discovery when there is a pending proceeding. *See In re Bennett Funding Grp., Inc.*, 203 B.R. 24, 28 (Bankr. N.D.N.Y. 1996) (refusing to allow examination of non-debtor third party because it would necessarily involve issues and parties within the scope of adversary proceeding); *see also id.* at 30 (discovery that necessarily involves issues and parties within the scope of an adversary proceeding should not be permitted).

7

20. The Trustee used the fruits of discovery from Khronos in response to the Original Rule 2004 Subpoenas to file the Adversary Proceeding against numerous defendants (including Khronos) that allegedly received avoidable subsequent transfers from Legacy. Notably, the Trustee made another strategic decision not to bring claims in the Adversary Proceeding against certain entities that received funds from Legacy, despite having received documents in response to the Original Rule 2004 Subpoena making clear that these entities received such funds. *See* Fisher Decl. ¶¶ 7-10 & Ex. B.

21. To the extent that the Trustee wished to obtain additional discovery about his purported claims against Khronos and the other defendants, that discovery should have been pursued as part of the Adversary Proceeding, governed by the protections afforded under the Federal Rules of Civil Procedure, as applicable by the Federal Rules of Bankruptcy Procedure. *See In re SunEdison, Inc.*, 572 B.R. 482, 490 (Bankr. S.D.N.Y. 2017) (noting "concern that a party to litigation could circumvent his adversary's rights by using Rule 2004 rather than civil discovery to obtain documents or information relevant to the lawsuit.") (citations omitted); *Bennett Funding,* 203 B.R. at 28 ("[C]ourts are wary of attempts to utilize Fed. R. Bankr. P. 2004 to avoid the restrictions of the Fed. R. Civ. P. in the context of adversary proceedings.").

22. Alternatively, the Trustee could have taken additional Rule 2004 discovery—or disputed whatever purported inadequacies the Trustee felt existed in connection with the production of Khronos' files in response to the Original Rule 2004 Subpoenas—*prior* to commencing litigation against Khronos and the other alleged subsequent transferee defendants.

23. The Trustee did neither. It is an abuse of Rule 2004 for the Trustee to use it as a belated cleanup tool to obtain information that he chose not to pursue in advance of filing suit or to pursue information that he could have sought in the Adversary Proceeding that he

8

brought against Legacy, Khronos and others. The abuse of the rule is particularly clear here, where the Trustee already deployed Rule 2004 discovery ten years ago as a prelude to a lawsuit that he filed and from which Khronos was dismissed.

## II. IN THE ALTERNATIVE, EVEN IF THE SUBPOENA IS NOT QUASHED IN ITS ENTIRETY, IT SHOULD BE NARROWED

24. If the Current Rule 2004 Subpoena is not quashed in its entirety, the subpoena should be substantially narrowed. Requests seeking duplicative information—including all requests concerning subsequent transfers and events predating the Original Rule 2004 Subpoena should be rejected for the reasons explained above. The Trustee simply cannot establish good cause for seeking this information a second time, over a decade later. Additionally, requests seeking information not in the possession, custody, or control of Khronos should be quashed. During the parties' discussions of the Current Rule 2004 Subpoena, the Trustee did not propose to narrow the subpoena in any respect. Fisher Decl. ¶ 5.

## **NOTICE**

25. Notice of this Motion will be provided by email or U.S. Mail to the Trustee and all parties included in the Master Service List as defined in the Order Establishing Notice Procedures (ECF Doc. No. 4560).

## CONCLUSION

WHEREFORE, Khronos respectfully requests that the Court enter an order substantially in the form of the Proposed Order attached as Exhibit A, quashing the Current Rule 2004 Subpoena in its entirety, or, in the alternative, modifying the Current Rule 2004 Subpoena, and granting such other and further relief as the Court deems necessary.

Dated: New York, New York  
       August 18, 2020

Respectfully submitted,

**BINDER & SCHWARTZ LLP**

/s/ Eric B. Fisher  
Eric B. Fisher  
Lindsay A. Bush  
Tessa B. Harvey  
366 Madison Avenue, 6th Floor  
New York, New York 10017  
Tel: (212) 510-7008

*Attorneys for Khronos LLC*

10