**BINDER & SCHWARTZ LLP**
Eric B. Fisher
Lindsay A. Bush
Tessa B. Harvey
366 Madison Avenue, 6th Floor
New York, New York 10017
Telephone: (212) 510-7008

*Attorneys for Khronos LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------x

SECURITIES INVESTOR PROTECTION
CORPORATION,

                         Plaintiff-Applicant,

    -against-

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

                         Defendant.

------------------------------------------------------------------------x

In re:

BERNARD L. MADOFF,

                         Debtor.

------------------------------------------------------------------------x

Adv. Pro. No. 08-01789 (SMB)

SIPA LIQUIDATION

(Substantively Consolidated)

**DECLARATION OF ERIC B. FISHER IN SUPPORT OF**
**KHRONOS LLC'S MOTION TO QUASH RULE 2004 SUBPOENA**

I, Eric B. Fisher, declare as follows:

1. I am a partner at Binder & Schwartz LLP, attorneys for Khronos LLC ("Khronos") and respectfully submit this Declaration in support of Khronos' motion to quash the subpoena issued pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure ("Rule 2004").

2. On July 13, 2020, Irving H. Picard, the Trustee (the "Trustee") for the liquidation of Bernard L. Madoff Investment Services LLC ("BLMIS") served a Rule 2004 subpoena (the "Current Rule 2004 Subpoena") directed to Khronos.

3. On July 16, 2020, I accepted service of the subpoena on behalf of Khronos, and counsel for the Trustee agreed to give Khronos until July 31, 2020 to respond to the Current Rule 2004 Subpoena.

4. On July 31, 2020, I wrote a letter to the Trustee setting forth Khronos' position that the Current Rule 2004 Subpoena was improper and Khronos' intention to seek to quash the subpoena if it was not withdrawn by the Trustee. Counsel for Khronos and counsel for the Trustee agreed to extensions of the response deadline to facilitate discussion of the Current Rule 2004 Subpoena.

5. The parties had a telephonic meet and confer on August 3, 2020, and Khronos sent a follow-up letter to the Trustee on August 6, 2020. Notwithstanding the parties' good faith meet and confer process, the parties have been unable to reach agreement on the scope of the Current Rule 2004 Subpoena. The Trustee did not agree to withdraw, and also never proposed to narrow, the Current Rule 2004 Subpoena. The parties thereafter agreed to a schedule for briefing Khronos' motion to quash.

6. More than ten years ago, on July 7, 2010, the Trustee served identical Rule 2004 subpoenas on Rafael Mayer and David Mayer, as officers of Khronos (each, an "Original Subpoena"). Many of the requests in the Current 2004 Subpoena are duplicative of the Original Subpoena. Attached hereto as Exhibit A is a chart comparing the requests in the two subpoenas.

7. The documents produced in response to the Original Subpoena, among other things, identified Montpellier International Ltd. and Prince Assets LDC as investors in Legacy Capital Ltd. ("Legacy") and identify redemptions paid to them by Legacy between December 2006 and December 2008. For example, attached as Exhibit B are three documents produced to the Trustee in 2010 that reference Montpellier International Ltd., Prince Assets LDC, and redemptions paid to them by Legacy. Soon after the collapse of BLMIS more than ten years ago, Montpellier International and Prince Assets LDC ceased to have an interest in Legacy, as their shares in Legacy were pledged to Legacy's lender, BNP Paribas, who declared default on the loan when those shares became worthless due to the collapse of BLMIS.

8. In my follow-up letter to the Trustee in response to the Current Rule 2004 Subpoena, I advised counsel for the Trustee that Khronos no longer controls Prince Assets LDC's information and that Montpellier International dissolved in January 2017. Attached hereto as Exhibit C is a true and correct copy of my August 6, 2020 letter.

9. On December 6, 2010, the Trustee commenced a lawsuit (the "Adversary Proceeding") seeking to claw back funds that had been withdrawn from Legacy's BLMIS account. *See Picard v. Legacy Capital Ltd. (In re BLMIS)*, ECF Doc. No. 1. In addition to Legacy and Khronos, the Trustee also named the following defendants in the Adversary Proceeding as alleged subsequent transferees: Isaac Jimmy Mayer, Rafael Mayer, David Mayer, Khronos Capital Research LLC, BNP Paribas Securities Corp., HCH Management Company

3

Ltd., Montpellier Resources Ltd., Inversiones Coque S.A., Aurora Resources Ltd., and Olympus Assets LDC.  *Id.*

10. The Trustee did not name Montpellier International Ltd. or Prince Assets LDC in the Adversary Proceeding (or any other proceeding).

11. On July 2, 2015, the Trustee voluntarily dismissed from the Adversary Proceeding all defendants except for Legacy and Khronos.  *Picard v. Legacy Capital Ltd. (In re BLMIS)*, ECF Doc. No. 111.

\* \* \*

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on August 18, 2020

/s/ Eric B. Fisher
Eric B. Fisher