# Exhibit C

**BINDER & SCHWARTZ**

Eric B. Fisher
**Binder & Schwartz LLP**
366 Madison Avenue, 6th Floor, New York, NY 10017
Tel 212.933.4551  Fax 212.510.7299
efisher@binderschwartz.com

August 6, 2020

**VIA EMAIL**

Jason Oliver, Esq.
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, NY 10111

     Re:    <u>Rule 2004 Subpoena to Khronos LLC</u>

Dear Jason:

     We write on behalf of Khronos LLC ("Khronos") with respect to the Trustee's Rule 2004 subpoena dated July 13, 2020 (the "Current Subpoena").  This letter supplements our July 29, 2020 letter and follows up on the call we had on August 3, 2020.

     For the reasons previously explained, we object to all requests concerning the Subsequent Transfers (as defined in the Current Subpoena) because those requests already were the subject of the Rule 2004 Subpoena to David Mayer and Rafael Mayer, as officers of Khronos, dated July 7, 2010 (the "Original Subpoena").  Following our call with you, we reconfirmed that the documents produced to the Trustee in 2010 in response to the Original Subpoena were produced from Khronos' files.  Khronos' document production from approximately a decade ago, provided in response to the Original Subpoena, identified all entities that received transfers from Legacy, including Montpellier International Ltd. ("MIL") and Prince Assets LDC ("PALDC").  Although the Trustee filed suit with respect to alleged subsequent transfers from Legacy Capital Ltd., and all subsequent transferee claims were either voluntarily dismissed by the Trustee or dismissed by the Court, the Trustee has never sued or threatened to sue MIL or PALDC.

     With regard to your requests concerning PALDC, please be advised that Khronos ceased providing services to PALDC on December 31, 2015 and no longer has possession, custody or control over information concerning PALDC.

     With respect to requests concerning MIL, please be advised that MIL fully liquidated all of its investments in good faith and for value over an extended period of time, and that MIL was dissolved on January 16, 2017.  The investments liquidated by MIL approximately four years ago were unrelated to the transfers that MIL received from Legacy more than twelve years ago in 2007 and 2008.  Thus, in addition to the burden of having to search for and collect voluminous, old information about MIL's liquidation, these requests do not serve any proper purpose since

they do not seek information that could reasonably give rise to a claim that MIL distributed potentially recoverable BLMIS property when it liquidated in 2017.

      Khronos reiterates all of the other points made in its July 29, 2020 letter concerning this matter.  We have supplied the additional context and explanations set forth above with the hope that the Trustee will agree to withdraw the Current Subpoena and thereby avoid the need for Khronos to move to quash.

      While we would be very happy to resolve this matter without court intervention and would like to allow some window to pursue that objective, we do not want these discussions to drag on indefinitely.  As of now, you have agreed to adjourn our deadline to seek to quash the Current Subpoena, but we have not agreed on a fixed deadline.  We suggest Wednesday, August 12, 2020, as the deadline by which Khronos will raise this dispute with the Court and seek to quash the Current Subpoena.  Please let us know if you agree.

      Very truly yours,

      */s/ Eric B. Fisher*

      Eric B. Fisher