# EXHIBIT 1

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

**OMNIBUS PROCEDURES**
**FOR THE ADJUDICATION OF OBJECTIONS TO THE TRUSTEE'S CLAIMS**
<u>**DETERMINATIONS THAT APPEAR TO RAISE FACTUAL ISSUES**</u>

On July 10, 2020, Irving H. Picard, trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC under the Securities Investor Protection Act, 15 U.S.C. § 78aaa *et seq.*, ("SIPA") and the chapter 7 estate of Bernard L. Madoff (collectively, the "Debtor"), filed the motion (the "Motion") for entry of an order pursuant to 11 U.S.C. § 105(a) and consistent with Bankruptcy Rule 3007, to the extent applicable to this proceeding under SIPA §§ 78fff(b) and 78fff-1(a), (I) establishing omnibus procedures ("Omnibus Procedures") for the adjudication of objections to the Trustee's claims determinations that appear to raise factual issues (the "Remaining Objections"); and (II) authorizing the Trustee to file substantive motions to affirm his claims determinations and overrule such Remaining Objections

on an omnibus basis (ECF No. 19622). On _____, 2020, the Court entered an Order granting the Motion, including these Omnibus Procedures (ECF No. __).

**Omnibus Motions**

    1.    <u>Grounds for Omnibus Motions</u>. The Trustee may file omnibus motions (each, an "Omnibus Motion") to affirm his determinations of claims and overrule Remaining Objections that raise the following categories of issues:

    a.    Customer Issues: arguments that the Trustee disregarded a claimant's separate "customer" status;

    b.    Calculation Issues: disagreement over the accuracy of the Trustee's calculation of the amount or number of withdrawals and deposits in a customer account;

    c.    Inter-Account Transfers: disagreement over the Trustee's treatment of amounts transferred between BLMIS customer accounts under the Inter-Account Method;

    d.    Net Equity: disagreement over the Trustee's use and application of the Net Investment Method to determine the net equity in a BLMIS customer account; and

    e.    Accountholder Change: disagreement over the Trustee's calculation based on the renaming or renumbering of a BLMIS customer account; and

    f.    Real Securities: disagreement over the Trustee's calculation based on the claimant's position that actual securities were traded on behalf of the BLMIS customer account.

    2.    <u>Form of Omnibus Motions</u>. Each Omnibus Motion shall be numbered consecutively, regardless of its basis.

    3.    <u>Supporting Documentation</u>. Each Omnibus Motion shall be accompanied by an affidavit or declaration from a party with knowledge of the Debtors' books and records and the manner in which they are maintained, that states that such party has done the following: (a) reviewed the claims and Remaining Objections subject to the Omnibus Motion and applicable supporting information and documentation provided therewith; (b) made reasonable efforts to research the claims on the Debtors' books and records and other documentation relevant to BLMIS and its customer accounts; and (c) analyzed the relevant cash deposit and withdrawal activity and inter-account transfers.

    4.    <u>Exhibits</u>. An exhibit listing the claims and Remaining Objections that are subject to a particular Omnibus Motion shall be attached thereto. The exhibits will include the following information, alphabetized by claimant:

  a. the claims that are the subject of the Omnibus Motion and their related claim number(s);

  b. the docket number(s) of the Remaining Objection;

  c. the name of the claimant's counsel, if any, who filed the Remaining Objection; and

  d. the name and number of the BLMIS account(s) in which the claimant asserts an interest.

5. <u>Notice and Service</u>. Each Omnibus Motion shall be filed with the Court and served upon: (a) the affected claimant and his or her counsel of record, if any; (b) all parties included in the Master Service List as defined in the Order Establishing Notice Procedures (ECF No. 4560); (c) all parties that have filed a notice of appearance in this case; and (d) the Securities Investor Protection Corporation.

6. <u>Omnibus Hearings</u>. Each Omnibus Motion shall be set for hearing in accordance with Local Bankruptcy Rule 5070-1 and Chambers' Rules. All hearings shall be scheduled on a date at least thirty (30) days after service of the Omnibus Motion consistent with Bankruptcy Rule 3007(a). In accordance with Local Bankruptcy Rule 9014-2, the first hearing on any Omnibus Motion will not be an evidentiary hearing and there is no need for any witnesses to appear at that hearing unless otherwise ordered by the Court.

Claimants that do not oppose the relief requested in an Omnibus Motion need not appear at the hearing on the motion. Claimants that do oppose the relief in an Omnibus Motion must serve a written response ("Response") as provided below, and the claimant or his or her counsel must appear at the hearing on the Omnibus Motion; provided, however, the Trustee may adjourn the hearing with respect to a claimant that has served a Response to a subsequent hearing date upon three (3) business days' prior notice and without further order of the Court. **Absent such an adjournment, if a responding claimant or his or her counsel fail to appear at the hearing on the Omnibus Motion, the Trustee's claim determination may be deemed confirmed by this Court and binding on the claimant**.

7. <u>Contested Matter</u>. Each claim and Remaining Objection subject to an Omnibus Motion to which a claimant timely and properly serves a Response shall constitute a separate contested matter as provided in Bankruptcy Rule 9014 and any order entered by the Court will be deemed a separate order with respect to such claim.

**<u>Responses to Omnibus Motions</u>**

8. <u>Parties Required to File a Response</u>. Any claimant who disputes the relief requested in an Omnibus Motion is required to serve a Response in accordance with the procedures set forth herein.

9. <u>Response Contents</u>. Each Response must be in writing and contain at a minimum the following:

3

      a.    a caption stating the name of the Bankruptcy Court, the name of the Debtor, the case number and the title of the Omnibus Motion to which the Response is directed;

      b.    The name of the claimant and the related claim number(s);

      c.    a concise statement that explains with particularity the factual basis for the claimant's opposition to the Omnibus Motion;

      d.    a copy of any documentation or other evidence upon which the claimant will rely in opposing the Omnibus Motion; provided, however, that the claimant should not disclose confidential, proprietary, or otherwise protected information in the Response; if the claimant requires discovery to support its Response, the claimant shall so state; and

      e.    the name, address, telephone number, and email address of the responding claimant or the name, address, telephone number, and email address of the claimant's attorney to whom counsel for the Trustee should serve a reply to the Response, if any.

10.    <u>Filing and Service of a Response</u>: A Response must be served on the Trustee and SIPC by mailing the Response to the following addresses: (a) Baker & Hostetler LLP, counsel for the Trustee, 45 Rockefeller Plaza, New York, New York 10111, Attn: David J. Sheehan, Esq. and (b) the Securities Investor Protection Corporation, 1667 K Street, NW, Suite 1000, Washington, DC 20006-1620, Attn: Kevin H. Bell, Esq. and Nathanael Kelley, Esq. A Response will be deemed timely only if it is served by the date and time indicated on the notice of hearing that will be served by the Trustee on the claimants subject to an applicable Omnibus Motion, unless otherwise extended in writing by the Trustee (the "Response Deadline"). Upon receipt of a Response, the Trustee shall file the Response with the Clerk of the United States Bankruptcy Court and deliver a courtesy copy to the Chambers of the Honorable Stuart M. Bernstein, United States Bankruptcy Judge.

11.    <u>Discovery</u>: If a timely Response is filed in accordance with the procedures herein, the claimant and Trustee, through their respective counsel, shall confer on a mutually agreeable schedule for briefing and to conduct discovery, if any, under the parameters set forth in the form of Scheduling Order annexed to the Order as **Exhibit 2** and shall request that this Court enter the Scheduling Order to facilitate resolution of the parties' dispute. If the parties are unable to agree on a schedule, the parties shall so advise the Court. Except as provided therein, no discovery will be permitted with respect to an Omnibus Motion.

12.    <u>Failure to Respond</u>. **A Response that is not served by the Response Deadline, or such other date as agreed with the Trustee, and in accordance with these Omnibus Procedures, may not be considered by the Court. If a claimant fails to timely serve a Response by the Response Deadline as set forth herein, the Court may grant the Omnibus Motion with respect to that claimant and the Trustee's claim determination shall be deemed approved without further notice or hearing**. Upon entry of an order sustaining an Omnibus Motion, the Trustee shall serve such order on the affected claimant(s).

4

13. <u>Reply to Response</u>. The Trustee shall be permitted to file a reply to any Response no later than seven (7) calendar days before the hearing with respect to the applicable Omnibus Motion.

**<u>Miscellaneous</u>**

14. <u>Additional Information</u>. Copies of these procedures, the Order, the form of Scheduling Order and any other pleadings filed in the BLMIS case are available for free online at https://madofftrustee.com/.

15. <u>Reservation of Rights</u>. Nothing contained in any Omnibus Motion, shall constitute or be deemed to constitute a waiver of the Trustee's right to object to claims on any basis not previously set forth in an Omnibus Motion.