# EXHIBIT 2

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

## FORM OF SCHEDULING ORDER

Upon consideration of the omnibus motion (the "Omnibus Motion") (ECF No. \_\_\_\_) of Irving H. Picard, trustee ("Trustee") for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") and the chapter 7 estate of Bernard L. Madoff ("Madoff"), by and through his counsel, for entry of an order affirming his determination of the claim (the "Claim") of [_____] (the "Claimant') and overruling the Claimant's related objection; and the Court having jurisdiction to consider the Omnibus Motion and the relief requested therein in accordance with section 78eee(b)(4) of the Securities Investor Protection Act ("SIPA"), 15 U.S.C. § 78aaa, et seq., the Protective Decree entered on December 15, 2008 by the United States District Court for the Southern District of New York in Case No. 08-CV-10791 (LLS), and 28 U.S.C. §§ 157 and 1334, and in accordance with SIPC's[1] application under SIPA, 15 U.S.C. § 78eee(a)(3); and due notice of the Omnibus Motion having been given,

---

[1] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Omnibus Motion.

and it appearing that no other or further notice need be given; and upon the proceedings before the Court and after due deliberation, it is hereby:

**ORDERED**, that the Trustee and Claimant (collectively, the "Parties") shall comply with the following schedule, unless the Parties agree and this Court orders otherwise:

**Discovery**

a. The Parties may serve Requests for the Production of Documents, Requests for Admission, and Interrogatories ("Discovery Requests"), if any, within **twenty-one (21) days** of the entry of the Scheduling Order.

b. The Parties shall provide responses to any Discovery Requests within **twenty-one (21) days** of such requests (the "Discovery Response Deadline").

c. All depositions (if any) shall be completed by the discovery deadline set forth below. Depositions shall proceed concurrently, with no party having priority. Depositions of the Trustee are prohibited absent an order issued by this Court upon a showing of good cause.

d. All depositions of the Trustee's witnesses shall occur at the offices of Baker & Hostetler LLP, 45 Rockefeller Plaza, New York, NY 10111, or such other location as the Parties may agree. Depositions of the Claimant's witnesses shall occur at such place as the Parties shall mutually agree.

e. All discovery shall be completed within **sixty (60) days** from the Discovery Response Deadline (the "Discovery Deadline").

f. All discovery contemplated herein shall be produced pursuant to and governed by the Litigation Protective Order entered on June 6, 2011 in the matter of Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities LLC,

  et al., Adv. Pro. No. 08-01789 (SMB), ECF No. 4137 (the "Litigation Protective Order"), or any amendments to or subsequent orders that may be entered, any applicable orders entered by any other court of competent jurisdiction, and/or any other applicable federal or state law.

g. The Parties shall exchange affidavits or declarations along with any supporting documentation they intend to rely upon in support of their Motion and/or Memorandum of Law within **thirty (30) days** of the Discovery Deadline, and either a statement that they intend to rely only on such affidavits or declarations at the hearing or a list of witnesses that will testify at the hearing (if any).

h. In the event of a discovery dispute between the parties, the parties shall meet and confer in an attempt to resolve the dispute. If not resolved, the parties shall comply with Local Bankruptcy Rule 7007-1 with respect to resolution of the dispute.

**Motion Practice**

i. On or before **sixty (60) days** after the Discovery Deadline, the Trustee shall file a Motion combined with a Memorandum of Law for an Order to Affirm the Trustee's Determination Regarding the Claim (the "Customer Motion").

j. On or before **sixty (60) days** after the Discovery Deadline, SIPC may file a brief regarding the Customer Motion.

k. On or before **ninety (90) days** after the Discovery Deadline, the Claimant may file a brief in opposition to the Customer Motion.

l. On or before **120 (one hundred twenty) days** after the Discovery Deadline, the Trustee may file any reply papers.

m. On or before **120 (one hundred twenty) days** after the Discovery Deadline, SIPC may file any reply papers.

**Court Hearings**

n. A hearing to consider the Customer Motion, if any, shall be on a date and time to be determined by the Court.

o. The parties shall enter into a stipulated joint pre-trial order that identifies stipulated facts and any open factual or legal issues and will file the joint pre-trial order no less than **fourteen (14) days** before any scheduled hearing date.

**Service**

a. The Customer Motion shall be served on all parties included on the Master Service List as defined in the Order Establishing Notice Procedures (ECF No. 4560). Parties that have not opted to be included in the Master Service List but wish to receive notice shall contact Baker & Hostetler LLP, counsel for the Trustee, 45 Rockefeller Plaza, New York, New York 10111, Attn: David J. Sheehan, Esq.

**ORDERED**, that the failure to comply with this Order may result in entry of judgment or other sanction against the non-compliant Party; provided, however, the Parties may seek relief from this Court with regard to any of the provisions herein upon a showing of good cause.

**ORDERED**, that this Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated: New York, New York
          _____, 2020

_____
HONORABLE STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE