Page 1

1  UNITED STATES BANKRUPTCY COURT
2  SOUTHERN DISTRICT OF NEW YORK
3  Case No. 08-01789-smb
4  - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
5  SECURITIES INVESTOR PROTECTION CORPORATION,
6              Plaintiff,
7         v.
8  BERNARD L. MADOFF INVESTMENT SECURITIES, LLC, et al.,
9              Defendants.
10 - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
11
12              United States Bankruptcy Court
13              One Bowling Green
14              New York, NY  10004
15
16              August 26, 2020
17              9:45 AM
18
19
20
21  B E F O R E :
22  HON STUART M. BERNSTEIN
23  U.S. BANKRUPTCY JUDGE
24
25  ECRO:   UNKNOWN

1   HEARING re Trustees Motion for Entry of an Order (I)

2   Establishing Omnibus Procedures for the Adjudication of

3   Objections to the Trustees Claims Determinations that Appear

4   to Raise Factual Issues; and (II) Authorizing the Trustee to

5   File Substantive Motions to Affirm His Claims Determinations

6   and Overrule Such Objections on an Omnibus Basis

7   Matter:

8

9   HEARING re Thirty-Third Application of Trustee and Baker &

10  Hostetler LLP for Allowance of Interim Compensation for

11  Services Rendered and Reimbursement of Actual and Necessary

12  Expenses Incurred from December 1, 2019 through March 31,

13  2020 for Baker & Hostetler, L.L.P., Trustee's Attorney,

14  period: 12/1/2019 to 3/31/2020, fee:$28430150.31, expenses:

15  $365619.13.

16

17  HEARING re Application of Browne Jacobson, LLP as Special

18  Counsel to the Trustee for Allowance of Interim Compensation

19  for Services Rendered and Reimbursement of Actual and

20  Necessary Expenses Incurred from December 1, 2019 through

21  March 31, 2020 and for Release of a Portion of Fees Held

22  Back for Browne Jacobson, LLP, Special Counsel, period:

23  12/1/2019 to 3/31/2020, fee:$84,190.74, expenses: $7,163.62.

24

25

1  HEARING re Application of Young Conaway Stargatt & Taylor,
2  LLP as Special Counsel to the Trustee for Allowance of
3  Interim Compensation for Services Rendered and Reimbursement
4  of Actual and Necessary Expenses Incurred from December 1,
5  2019 through March 31, 2020 and for Release of a Portion of
6  Fees Held Back for Young Conaway Stargatt & Taylor, LLP,
7  Special Counsel, period: 12/1/2019 to 3/31/2020,
8  fee:$87,297.62, expenses: $6,277.09.
9
10 HEARING re Application of Schiltz & Schiltz as Special
11 Counsel to the Trustee for Allowance of Interim Compensation
12 for Services Rendered and Reimbursement of Actual and
13 Necessary Expenses Incurred from December 1, 2019 through
14 March 31, 2020 and for Release of a Portion of Fees Held
15 Back for Schiltz & Schiltz, Special Counsel, period:
16 12/1/2019 to 3/31/2020, fee:$178,715.43, expenses:
17 $11,616.50.
18
19 HEARING re Application of Graf & Pitkowitz Rechtsnwalte GMBH
20 as Special Counsel to the Trustee for Allowance of Interim
21 Compensation for Services Rendered and Reimbursement of
22 Actual and Necessary Expenses Incurred from December 1, 2019
23 through March 31, 2020 and for Release of a Portion of Fees
24 Held Back for Graf & Pitkowitz Rechtsnwalte GMBH, Special
25 Counsel, period: 12/1/2019 to 3/31/2020, fee:$109,903.08,

1  expenses: $9.55.

2

3  HEARING re Application of The Scaletta Law Firm, PLLC as

4  Special Counsel to the Trustee for Allowance of Interim

5  Compensation for Services Rendered from December 1, 2019

6  through March 31, 2020 and for Release of a Portion of Fees

7  for The Scaletta Law Firm, PLLC, Special Counsel, period:

8  12/1/2019 to 3/31/2020, fee:$18,067.99, expenses: $.

9

10 HEARING re Application of Robbins, Russell, Englert, Orseck,

11 Untereiner & Sauber LLP as Special Counsel to the Trustee

12 for Allowance of Interim Compensation for Services Rendered

13 and Reimbursement of Actual and Necessary Expenses Incurred

14 from December 1, 2019 through March 31, 2020 and for Release

15 of a Portion of Fees Held Back for Robbins, Russell,

16 Englert, Orseck, Untereiner & Sauber LLP, Special Counsel,

17 period: 12/1/2019 to 3/31/2020, fee:$155,588.00, expenses:

18 $1,312.12.

19

20 HEARING re Application of Soroker Agmon Nordman as Special

21 Counsel to the Trustee for Allowance of Interim Compensation

22 for Services Rendered and Reimbursement of Actual and

23 Necessary Expenses Incurred from December 1, 2019 through

24 March 31, 2020 and for Release of a Portion of Fees Held

25 Back for Soroker Agmon Nordman, Special Counsel, period:

Page 5

1   12/1/2019 to 3/31/2020, fee:$749,285.47, expenses:

2   $26,123.82.

3

4   **HEARING re Thirty-Second Application of Windels Marx Lane &**

5   **Mittendorf, LLP for Allowance Of Interim Compensation for**

6   **Services Rendered and Reimbursement of Actual and Necessary**

7   **Expenses Incurred from December 1, 2019 through March 31,**

8   **2020 and Request for Partial Release of Holdback for Windels**

9   **Marx Lane & Mittendorf, LLP, Special Counsel, period:**

10  12/1/2019 to 3/31/2020, fee:$1,383,124.00, expenses:

11  $9,011.37.

12

13  **HEARING re Application of Werder Vigano as Special Counsel**

14  **to the Trustee for Allowance of Interim Compensation for**

15  **Services Rendered from December 1, 2019 through March 31,**

16  **2020 and for Release of a Portion of Fees Held Back for**

17  **Werder Vigano, Special Counsel, period: 12/1/2019 to**

18  3/31/2020, fee:$369.44, expenses: $.

19

20  **HEARING re Application of Eugene F. Collins as Special**

21  **Counsel to the Trustee for Allowance of Interim Compensation**

22  **for Services Rendered and Reimbursement of Actual and**

23  **Necessary Expenses Incurred from December 1, 2019 through**

24  **March 31, 2020 and for Release of a Portion of Fees Held**

25  **Back for Eugene F. Collins, Special Counsel, period:**

Page 6

```
 1   12/1/2019 to 3/31/2020, fee:$9,575.96, expenses: $109.46.

 2

 3   HEARING re Application of UGGC & Associates as Special

 4   Counsel to the Trustee for Allowance of Interim Compensation

 5   for Services Rendered from December 1, 2019 through March

 6   31, 2020 and for Release of a Portion of Fees Held Back for

 7   UGGC & Associes, Special Counsel, period: 12/1/2019 to

 8   3/31/2020, fee:$53,295.18, expenses: $.

 9

10   HEARING re Application of Kelley, Wolter & Scott,

11   Professional Association as Special Counsel to the Trustee

12   for Release of a Portion of Fees Previously Held for the

13   Prior Compensation Periods.

14

15   HEARING re Application of SCA Creque as Special Counsel to

16   the Trustee for Release of a Portion of Fees Held Back.

17

18   HEARING re Application of Ritter Schierscher Rechtsanwalte

19   as Special Counsel to the Trustee for Release of a Portion

20   of Fees Held Back.

21

22

23

24

25
```

Page 7

1  HEARING re Final Application of Higgs & Johnson (formerly
2  Higgs Johnson Truman Bodden & Co.) as Special Counsel to the
3  Trustee for Allowance of Compensation for Services Rendered
4  and Reimbursement of Expenses Incurred from December 1, 2019
5  through March 31, 2020 and for Release of Fees Previously
6  Held Back for Higgs & Johnson, Special Counsel, period:
7  12/1/2019 to 3/31/2020, fee:$1,401.20, expenses: $101.81.
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

1  A P P E A R A N C E S:
2
3  BAKER HOSTETLER LLP
4       Attorneys for Trustee Irving Picard
5       45 Rockefeller Plaza
6       New York, NY 10111
7
8  BY:  NICHOLAS CREMONA (TELEPHONICALLY)
9
10 BAKER HOSTETLER LLP
11      Attorneys for SIPC
12      45 Rockefeller Plaza
13      New York, NY 10111
14
15 BY:  JASON BLANCHARD (TELEPHONICALLY)
16
17 SECURITIES INVESTOR PROTECTION CORPORATION
18      1667 K Street, N.W., Suite 1000
19      Washington, D.C 20006
20
21 BY:  KEVIN H. BELL
22
23
24
25

Page 9

1                   P R O C E E D I N G S

2            THE COURT: This is Judge Bernstein. Mike, would

3   you start the recorder, please.

4            CLERK: Judge, the recorder is on.

5            THE COURT: Yeah. Okay. Again, I remind the

6   speakers to state their names before they speak.

7            I'll hear the Madoff matters.

8            MR. CREMONA: Good morning, your Honor. Nicholas

9   Cremona of Baker & Hostetler, appearing on behalf of Irving

10  Picard, the Trustee.

11           Your Honor, we have the fee application matters on

12  this morning as well as an omnibus claims motion. Does your

13  Honor have a preference in how we proceed?

14           THE COURT: Yeah, let's do the claims motion

15  first, so we don't lose sight of it.

16           The question I had about the claims motion is why

17  you're making it now. You've had -- you've made omnibus

18  objections to objections in the past.

19           MR. CREMONA: Your Honor --

20           MR. BLANCHARD: Good morning, your Honor. Jason

21  Blanchard of Baker & Hostetler for the Trustee.

22           Your Honor, we're coming to the end of the road.

23  We have about 250 customer objections left, about 220 of

24  these are what the trustee has defined in the motion as the

25  remaining objections. Unlike prior objections that have

1   been brought before the Court on an omnibus basis, in the
2   remaining objections the claimants have made customer-
3   specific factual allegations on the face of the objections,
4   that go to the Trustee's application of the legal issues the
5   Court has previously decided.
6              THE COURT:  Haven't you asserted objections in the
7   past based on the determination of those issues -- omnibus
8   objections?
9              MR. BLANCHARD:  Not objections that have raised
10  customer-specific factual issues.  Those objections
11  generally contested, you know, net equity or an assertion of
12  a time-based damages adjustment, for example.  But they
13  didn't, for example, contend that the Trustee's
14  determination letter didn't properly identify withdrawals or
15  deposits in an account, or that the Trustee failed to credit
16  inter-account transfers based on what a claimant believed
17  was available in a (indiscernible) account, things of that
18  nature.
19             THE COURT:  All right.  Does anyone want to be
20  heard in connection with this objection?
21             MR. BELL:  Your Honor, Kevin --
22             THE COURT:  I mean, this motion.
23             MR. BELL:  -- on behalf of --
24             THE COURT:  Go ahead. Go ahead.
25             MR. BELL:  Yes.  Kevin Bell on behalf of the

1   Securities Investor Protection Corporation.  We support the
2   Trustee's application for this procedure, as it will move
3   these fact-based items forward more quickly.  And we ask the
4   Court to enter the order.
5           THE COURT:  I'll grant the application.  You can
6   submit an order.
7           MR. BLANCHARD:  Thank you, Your Honor.
8           THE COURT:  All right. Why don't we move on to the
9   fee applications?  Is that you, Mr. Cremona?
10          MR. CREMONA:  It is.  Good morning, again, Your
11  Honor.  Nicholas Cremona of Baker & Hostetler on behalf of
12  Irving Picard.
13          THE COURT:  Could I ask you to take yourself off -
14  - I think -- it sounds like you're on a speakerphone.  Could
15  you take yourself off the speakerphone, please?  It's hard
16  to hear.
17          MR. CREMONA:  Hopefully that's better, Your Honor.
18          THE COURT:  That's better.  Yeah.  Thank you.
19          MR. CREMONA:  We are also appearing before Your
20  Honor this morning on the 33rd interim fee applications for
21  the Trustee's professionals.  We have a total of 16
22  applications pending for the compensation period of December
23  1, 2019 through March 31, 2020.
24          Your Honor, this interim compensation period was
25  no different than the prior compensation periods.  The

1    Trustee continues to investigate and successfully prosecute
2    actions, both domestically and abroad, using all of his
3    professionals as detailed in the applications.
4             The Trustee continues to make significant progress
5    in prosecuting and resolving the remaining adversary
6    proceedings, resulting in substantial recoveries for the
7    Customer Property Fund.  As detailed in the Trustee's most
8    recent interim report, as a result of those efforts, the
9    Trustee, and his professionals, have been able to recover
10   over $14.345 billion and have distributed approximately
11   13.931 billion to the net loser victims.
12            However, as Your Honor has previously noted at
13   prior fee hearings, despite the unprecedented progress we
14   have made to date, the estate remains administratively
15   insolvent because the total number of allowed claims is over
16   $19.4 billion, and that number increases to over 20 1/2
17   billion when we take into account the 502(h) claims.
18            With that, Your Honor, I would like to address
19   three applications that require some brief clarifications on
20   the record this morning.  I will address two of the
21   applications, and my colleague, Mr. Bell, from SIPC, will
22   address the recommendation filed by SIPC in support of
23   payment of Baker & Hostetler's fees and hold back
24   specifically.
25            The first application that requires clarification

1   is the application of Soroker Agmon, Trustee's special
2   counsel in Israel.  There was a slight discrepancy between
3   the notice of hearing, which lists the incorrect amount of
4   fees as $640,414.93 because that amount does not include the
5   17 percent value-added tax, which is a government tax added
6   to the services and fees relating to litigation in Israel,
7   which is stated at paragraphs 10 and 12 of the fee
8   application.  The total amount of that tax should have been
9   included as $108,870.54.  However, the fee application
10  itself, and SIPC's recommendation in support, lists the
11  correct amount, with the total 17 percent tax, which amount
12  is correctly stated as $749,285.47.
13          So although the fee application and the supporting
14  recommendation are accurate, we wanted to point this out to
15  Your Honor to avoid any confusion based on the amount listed
16  in the notice of hearing.
17          THE COURT:  Thank you.
18          MR. CREMONA:  Likewise, we have a similar
19  clarification we would like to make with respect to the
20  application of Young Conaway Stargatt & Taylor, Trustee's
21  conflicts counsel.  There, on Exhibit A to Young Conaway's
22  fee application, they inadvertently listed the total
23  compensation to be paid as $48,850.14.  However, the actual
24  amount of the total fees is $101,228.72, which is correctly
25  listed elsewhere in the application and the notice of

1   hearing for the application, as well as in SIPC's

2   recommendation supporting the application.

3           Again, while the fee application and the

4   supporting recommendation are accurate, we wanted to point

5   this out to Your Honor to avoid any confusion based on the

6   amount listed in Exhibit A to the application.

7           And lastly, as I mentioned there's a clarification

8   required --

9           THE COURT:  What was the -- before you go --

10          MR. CREMONA:  Sorry.

11          THE COURT:  Wait, wait, wait.  Before you go on, I

12  understand Soroker Agmon, they just didn't include the VAT

13  tax -- the VAT.  What was the reason for the large

14  discrepancy in the Young Conaway noticed amount, or

15  requested amount, and the actual amount they're seeking?

16          MR. CREMONA:  Yes, Your Honor.  If you look at

17  Exhibit A to the application, it's merely an adding error.

18  All the correct amounts are listed in the line items, but

19  the total is just incorrect.  But everywhere else in the

20  application, and the notice, and in SIPC's recommendation in

21  support, the correct fees are listed.

22          THE COURT:  Go ahead.

23          MR. CREMONA:  And lastly, Your Honor, there's a

24  clarification required for the recommendation in support of

25  Baker Hostetler's fee application, as I mentioned, which,

Page 15

1   unless Your Honor has any additional questions, I'll turn
2   that over to Mr. Bell to address.
3           THE COURT:  Okay.  Thank you.
4           Mr. Bell?
5           MR. BELL:  Your Honor, Kevin Bell on behalf of
6   SIPC.
7           In SIPC's recommendation the -- there is an
8   incorrect number in paragraph 5 and in wherefore number 3 on
9   pages 3 and 6.  The Trustee requested hold back compensation
10  50 percent at 10,286,123.81 and SIPC had $50,000 higher
11  number in its recommendation.  So the correct number, on
12  page 3, paragraph 5, and page 6, wherefore 3, would be the
13  same number that's in Baker application, 10,286,123.81, and
14  I think that's the number in the proposed order that will be
15  submitted to the Court.
16          THE COURT:  What is SIPC's recommendation
17  regarding the (indiscernible) application ?
18          MR. BELL:  SIPC's recommendation is everything
19  that Baker had, it's just that there was a typographical
20  error that had $50,000 more than Baker had requested.
21          THE COURT:  All right.
22          MR. BELL:  So we would correct SIPC's
23  recommendation to be 10,286,123.81 at page 3, paragraph 5,
24  and page 6, wherefore number 3, to conform to the requested
25  amount and not the higher amount.

Page 16

1   THE COURT:  Thank you.
2   Does anyone else want to be heard in connection
3   with the fee applications?
4   Well, hearing no response, based on SIPC's
5   recommendation and the Trustee's recommendation that the
6   estate is administratively insolvent, and I take it is
7   likely to remain so since it present is about an almost $6
8   billion shortfall, if you include the 502(h) claims, I'll
9   approve the fees as recommended by SIPC.  You can submit an
10  order.
11  Mr. Bell, you didn't tell me how long your case
12  was pending.
13  MR. BELL:  It's day 4,277, Your Honor.  It's 114
14  days since we last visited with you on the 32nd Baker fee
15  application and the other applications.  But thank you for
16  asking, Your Honor.
17  THE COURT:  Okay.  I know you keep track.
18  Thank you very much.
19  MR. BELL:  Thank you, Your Honor.
20  THE COURT:  Mike, you can stop the recorder.
21  CLERK:  Will do, Judge.
22  (Whereupon these proceedings were concluded.)
23
24
25

# C E R T I F I C A T I O N

I, Sonya Ledanski Hyde, certified that the foregoing transcript is a true and accurate record of the proceedings.

*[signature: Sonya M. Ledanski Hyde]*

Sonya Ledanski Hyde

Veritext Legal Solutions

330 Old Country Road

Suite 300

Mineola, NY 11501

Date: August 27, 2020