**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br> Plaintiff-Applicant, <br><br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br> Defendant. | Adv. Pro. No. 08-01789 (SMB) <br><br> SIPA Liquidation <br><br> (Substantively Consolidated) |
| In re: <br><br> BERNARD L. MADOFF, <br><br> Debtor. | |

**DECLARATION OF JASON S. OLIVER IN OPPOSITION TO KHRONOS LLC'S MOTION TO QUASH RULE 2004 SUBPOENA**

I, Jason S. Oliver, declare pursuant to 28 U.S.C. § 1746, that the following is true:

1.    I am an attorney at the firm of Baker & Hostetler LLP and counsel to Irving H. Picard ("Trustee"), trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa-*lll*, and the substantively consolidated estate of Bernard L. Madoff.

2.    I submit this Declaration in opposition to Khronos LLC's ("Khronos") Motion to Quash the Trustee's subpoena issued pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure ("Rule 2004").

3.    On December 6, 2010, the Trustee commenced an action against Legacy Capital Ltd. ("Legacy"), Isaac Jimmy Mayer, Rafael Mayer, Khronos, Khronos Capital Research LLC, HCH Management Co. Ltd., Montpellier Resources Ltd., BNP Paribas Securities Corp.,

Inversiones Coque S.A., Aurora Resources Ltd., and Olympus Assets LDC (the "Legacy Adversary Proceeding"). *See Picard v. Legacy Capital Ltd. (In re BLMIS)*, Adv. Pro. No. 10-05286 (SMB) (Bankr. S.D.N.Y.) ("*Legacy Adversary Proceeding*"), ECF No. 1.  By stipulation dated July 1, 2015, the Trustee amended the caption in the *Legacy Adversary Proceeding* and agreed to amend his complaint to discontinue the action against all of the previously named defendants, except for Legacy and Khronos.  Stip. and Order Amending Caption and Compl., *Legacy Adversary Proceeding*, ECF No. 111.

4.  On July 30, 2015, Legacy and Khronos filed motions to dismiss the Amended Complaint in the *Legacy Adversary Proceeding*.  Mots. to Dismiss Am. Compl, *Legacy Adversary Proceeding*, ECF Nos. 115–20.  On March 14, 2016, Legacy's and Khronos's motions to dismiss were granted, dismissing all of the Trustee's claims except his claim to recover fictitious profits transferred from BLMIS to or for the benefit of Legacy.  Mem. Decision Regarding Mots. to Dismiss the Trustee's Am. Compl., *Legacy Adversary Proceeding*, ECF No. 134.  The Trustee subsequently entered into an agreement with Khronos whereby all claims in the *Legacy Adversary Proceeding* were dismissed against Khronos.

5.  Fact discovery in the *Legacy Adversary Proceeding* closed on January 11, 2017. First Am. Case Mgmt. Plan, *Legacy Adversary Proceeding*, ECF Doc. No. 153.

6.  The Trustee moved for Summary Judgment in connection with his remaining claim for the return of transfers Legacy received during the two-year period, of which $86,505,850 constituted fictitious profits.  Mot. for Summ. J., *Legacy Adversary Proceeding*, ECF Nos. 190–94.  On June 25, 2019, this Court issued an opinion denying the Trustee's motion for summary judgment and granting relief under Federal Rule of Civil Procedure 56(g).  Mem. Decision and Order Granting Relief Under Fed. R. Civ. P. 56(g), *Legacy Adversary Proceeding*, ECF No. 221.

7.    The Trustee and Legacy subsequently negotiated a Stipulation and Order for Entry of Final Judgment ("Stipulated Order") as well as a proposed Final Judgment and Order ("Final Judgement"). Stip. and Order for Entry of Final J., *Legacy Adversary Proceeding*, ECF No. 230. The Stipulated Order included: (i) The Parties' consent to the Bankruptcy Court's entry of a final order and judgment in connection with the Trustee's avoidance claim; (ii) entry of a Final Judgment against Legacy in the amount of $79,125,781.00 (the "Legacy Transfers"); and (iii) certification that direct appeal to the United States Court of Appeals for the Second Circuit is warranted under 28 U.S.C. § 158(d)(2)(A), with each Party preserving all arguments, theories, claims, and defenses for appeal. *Id.* The Stipulated Order further provided that "the Legacy Transfers are avoidable and avoided under § 548(a)(1)(A) and recoverable from Legacy under § 550(a) of the Bankruptcy Code." *Id.* On November 12, 2019, this Court entered the Stipulated Order as well as a Final Judgment, thereby closing the *Legacy Adversary Proceeding*. Final J. and Order, *Legacy Adversary Proceeding*, ECF Nos. 230, 231. Pursuant to the Stipulated Order, the parties then filed notices of appeal and cross-appeal. Notice of Appeal, *Legacy Adversary Proceeding*, ECF No. 232; Notice of Cross-Appeal, *Legacy Adversary Proceeding*, ECF No. 234. The Trustee's appeal is pending in the Second Circuit and Legacy's cross-appeal is pending in the District Court. *See Picard v. Legacy Capital Ltd., Khronos LLC*, No. 20-1334 (2d Cir. 2020); *Bernard L. Madoff Inv. Sec. LLC et al. v. Picard*, No. 20-cv-06483 (LAK) (S.D.N.Y. 2020).

8.    Upon entry of the Final Judgment, the Trustee engaged in post-judgment discovery for purposes of collection and served document requests and interrogatories to Legacy, as well as subpoenas to third parties including Khronos. In response to these post-judgment discovery requests, both Legacy and Khronos indicated that Legacy did not possess assets to satisfy the Final Judgment.

9.  On July 13, 2020, the Trustee served a Rule 2004 subpoena directed to Khronos (the "Khronos Subpoena") and sought Khronos's counsel's agreement to accept service of the subpoena.  The Khronos Subpoena included seventeen (17) document requests and did not request oral examination.  A copy of the Khronos Rule 2004 Subpoena is attached to the August 18, 2020 Declaration of Rafael Mayer ("Mayer Decl.") as Exhibit B, ECF No. 19705.

10.  On July 16, 2020, Khronos's counsel agreed to accept service of the Khronos Subpoena on behalf of Khronos, in exchange for the Trustee's agreement for an extension of time until July 31, 2020 to respond to the subpoena.

11.  On July 29, 2020, Khronos advised the Trustee that it intended to move to quash the Khronos Subpoena.  In its correspondence, Khronos claimed that the Khronos Subpoena was unreasonably burdensome and duplicative of prior Rule 2004 subpoenas dated July 7, 2010 to Messrs. Rafael and David Mayer (the "Mayer Subpoena"), and that the Khronos Subpoena violated the pending proceeding rule.  Other than making these sweeping statements, Khronos's letter failed to identify any specific burden related to the individual requests set forth in the Khronos Subpoena. A true and correct copy of Khronos's July 29th letter is attached hereto as Exhibit 1.

12.  Khronos demanded a meet and confer within one day of its first indication that it intended to move to quash.  The parties participated in a telephonic meet and confer on August 3, 2020 in an effort to discuss in good faith the pending discovery dispute.

13.  During the meet and confer, counsel for the Trustee advised Khronos that the discovery sought in the Khronos Subpoena principally related to foreign liquidation events concerning two Legacy subsequent transferees that were defined in the Khronos Subpoena as Montpellier International and Prince.  Montpellier International and Prince were liquidated and dissolved by Rafael Mayer and David Mayer–managing members of Khronos–in 2017 and 2019,

respectively.  The Trustee further advised Khronos that the underlying basis of the Khronos Subpoena was the Trustee's investigation into the nature and extent of any claims concerning further subsequent transfers of BLMIS estate funds by Montpellier International and Prince (hereinafter, the "Subsequent, Subsequent Transfers").

14. During that same meet and confer, counsel for the Trustee clarified that the Trustee did not intend on revisiting discovery that was allegedly duplicative of the Mayer Subpoena. Additionally, the Trustee advised that discovery concerning the further disposition of subsequent transfers by Montpellier and Prince was not available through discovery tools under the Federal Rules of Civil Procedure, as such discovery was distinct from the *Legacy Adversary Proceeding* where Montpellier International and Prince were not parties, and where liquidation of Montpellier International and Prince by the Mayers took place after the close of fact discovery in that proceeding.

15. Khronos's counsel represented that he would address the Trustee's position with his client.  At no point in the meet and confer did Khronos's counsel indicate a willingness to narrow the Khronos Subpoena.  Rather, Khronos's counsel questioned the Trustee's ability to recover the Subsequent, Subsequent Transfers.  The Trustee's counsel responded that Khronos had no standing to challenge the Trustee's ability to recover those transfers; Khronos is a third-party bystander producing documents to aid in the Trustee's recovery efforts.  Though Khronos's counsel agreed, it nonetheless suggested that was the main basis for objecting to Rule 2004 discovery in its entirety.

16. Khronos's follow-up letter dated August 6, 2020 further evidenced Khronos's outright refusal to permit any degree of Rule 2004 discovery.  As to Montpellier International, counsel stated "please be advised that [Montpellier International] fully liquidated all of its

investments in good faith and for value over an extended period of time, and that [Montpellier International] was dissolved on January 16, 2017. The investments liquidated by [Montpellier International] . . . were unrelated to the transfers that [Montpellier International] received from Legacy more than twelve years ago in 2007 and 2008." *See* August 18 Declaration of Eric B Fisher ("Fisher Decl.") Ex. C, ECF No. 19706. Despite admitting that Montpellier International received transfers from Legacy in 2007 and 2008, Khronos went on to assert standard subsequent transferee defenses—belonging to those transferees, *not to Khronos*—as a justification for refusing discovery. Khronos's letter further stated "Khronos ceased providing services to [Prince] on December 31, 2015 and no longer has possession, custody or control over information concerning [Prince]." *Id*.

17. Khronos stated that it would move to quash the pending subpoena in its entirety unless the Trustee withdrew the subpoena by a date certain. Having not addressed any of the Trustee's arguments concerning the propriety of the Khronos Subpoena, the Trustee refused Khronos's demand that he withdraw the subpoena. The parties then conferred on a stipulated briefing schedule in connection with the instant motion to quash.

18. The document requests in the Khronos Subpoena are unique to the Trustee's investigation into the nature and extent of any claims concerning subsequent transfers from Legacy to Montpellier International and Prince and Subsequent, Subsequent Transfers of BLMIS estate funds. Khronos concedes that "the Trustee's Current Rule 2004 Subpoena seeks documents and information concerning the liquidation and assets of Prince Assets LDC and Montpellier International. Mayer Decl. Ex. B (Current Rule 2004 Subpoena Requests Nos. 5-8, 11-17)." *See* Khronos Br. 7, ¶ 18, ECF No. 19704.

19. The Amended Complaint in the *Legacy Adversary Proceeding* alleges that Legacy

is a Virgin Islands Corporation that operated as a single-purpose vehicle that invested solely with

BLMIS. *See* Am. Compl. at ¶¶ 32–33, *Legacy Adversary Proceeding*, ECF No. 112. Legacy was

run by Jimmy Mayer and his son, Rafael Mayer. *Id.* ¶ 33. In 2004, Legacy hired Khronos as a

service provider to analyze the past and future activity in its BLMIS account. *Id.* at ¶ 52. Khronos

is managed by Rafael Mayer and his brother, David Mayer. *Id.* at ¶ 31.

20. Attached hereto as Exhibit 2 are true and correct copies of publicly available

documents obtained from the Bermuda Registrar of Companies concerning the dissolution of

Montpellier International and identifying Rafael Mayer as the Liquidator. Khronos' August 6,

2020 letter to the Trustee stated that Montpellier International was dissolved on January 16, 2017.

*See* Fisher Decl. Ex. C. Exhibit 2 indicates that on January 16, 2017, the Bermuda Registrar of

Companies recorded the Members' voluntary winding up of Montpellier International. Exhibit 2

further includes a Declaration of Solvency for Montpellier International which is executed by

Rafael Mayer as a Director of Montpellier International. Rafael Mayer did not provide notice of

the dissolution of Montpellier International to the Trustee.

21. Attached hereto as Exhibit 3 are true and correct copies of publicly available

documents obtained from the Cayman Islands corporate register concerning the April 15, 2019

voluntary dissolution of Prince and identifying David Mayer as the Liquidator. David Mayer did

not provide notice of the voluntary dissolution of Prince to the Trustee.

I declare under penalty of perjury that the foregoing is true and correct.


Dated: September 1, 2020          */s/ Jason S. Oliver*
    New York, New York          Jason S. Oliver