# EXHIBIT 1

Eric B. Fisher
Binder & Schwartz LLP
366 Madison Avenue, 6th Floor, New York, NY 10017
Tel 212.933.4551  Fax 212.510.7299
efisher@binderschwartz.com

July 29, 2020

**VIA EMAIL**

Anat Maytal, Esq.
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, NY 10111

      Re:    Rule 2004 Subpoena to Khronos LLC

Dear Anat:

We write on behalf of Khronos LLC ("Khronos") with respect to the Trustee's Rule 2004 subpoena dated July 13, 2020 (the "Current Subpoena"), in order to advise you of our position that the Current Subpoena is improper and should be withdrawn.  In brief, the Current Subpoena is objectionable in its entirety for the following reasons:

The Current Subpoena is unreasonably burdensome and duplicative because this is the second Rule 2004 subpoena issued to Khronos with regard to these same matters.  More than ten years ago, by Rule 2004 Subpoena to David Mayer and Rafael Mayer, as officers of Khronos, dated July 7, 2010 (the "Original Subpoena"), the Trustee issued 56 document requests to Khronos concerning the same matters addressed in the Current Subpoena.  Khronos complied with the Original Subpoena, producing approximately 20,000 pages of information, and received no objection or follow-up from the Trustee.  On the basis of information received by the Trustee in response to the Original Subpoena, the Trustee sued Khronos and numerous other defendants, claiming that they had received fraudulent transfers from Legacy Capital Ltd. ("Legacy").[1]

Further, the Current Subpoena is an improper circumvention of Fed. R. Bankr. P. 7026 and also violates the principle that Rule 2004 may not be used to obtain discovery when there is a pending proceeding.  The Trustee used the fruits of discovery provided by Khronos in response to the Original Subpoena to file an adversary proceeding against Khronos and numerous other defendants.[2]  To the extent that the Trustee wished to obtain additional discovery about his

---

[1] In addition to objecting globally to the Current Subpoena as entirely duplicative of the Original Subpoena, Khronos expressly reserves all specific objections to particular requests in the Current Subpoena on the grounds that particular requests are overbroad, burdensome and duplicative.

[2] The defendants named by the Trustee in his December 6, 2010 complaint included Khronos, three individual defendants, Khronos Capital Research LLC, HCH Management Company Ltd. and Montpellier Resources Ltd., among others (collectively, the "Subsequent Transferee

purported claims against Khronos and those other defendants, he was required to pursue such discovery through the discovery rules that govern contested matters. It is an abuse of Rule 2004 for the Trustee now to seek to use it as a tool to obtain information that he failed to obtain in discovery in the adversary proceeding. That is particularly true, here, where the Trustee already deployed Rule 2004 discovery ten years ago as a prelude to a lawsuit that the Trustee actually filed – and he now apparently seeks to reprise that same tactic. Enough is enough.

We are available to meet and confer with you about withdrawal of the Current Subpoena. In the event that we are unable to reach a resolution, we plan to request a conference with the Court, on or before the July 31, 2020 response deadline, to seek to have the subpoena quashed.

Very truly yours,

Eric B. Fisher

---

Defendants"). The Subsequent Transferee Defendants were all sued as entities and individuals that allegedly received avoidable subsequent transfers from defendant Legacy. By stipulation dated July 1, 2015, the Trustee agreed to amend his complaint to discontinue the action against all of the Subsequent Transferee Defendants except for Khronos. Thereafter, by order entered on April 12, 2016, the Bankruptcy Court dismissed all claims against Khronos on the basis of Khronos' motion to dismiss.