# CHAITMAN LLP
### 465 PARK AVENUE
### NEW YORK, NY 10022
### (888) 759-1114
TELEPHONE & FAX

*HELEN DAVIS CHAITMAN*
hchaitman@chaitmanllp.com

September 2, 2020

**VIA ECF AND VIA ELECTRONIC MAIL:**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 723
New York, New York  10004-1408
Bernstein.chambers@nysb.uscourts.gov

Re:  *Picard v. Estate of Benjamin T. Heller,* **Adv. Pro. No. 10-04367**

Dear Judge Bernstein,

We are counsel to Defendant in the above referenced matter. We write to request a pre-motion conference pursuant to Rule 7056-1(a) of the Local Bankruptcy Rules for the Southern District of New York for leave to file a motion for summary judgment.

Irving H. Picard, as Trustee for the liquidation of Bernard L. Madoff Investment Securities, LLC (the "LLC"), sued Benjamin Heller to recover $3,300,000 in allegedly "fraudulent" transfers from his personal account with Bernard L. Madoff. Heller died on April 24, 2019 and the Executors of his Estate were substituted into the action by stipulation So Ordered on December 11, 2019. *See* ECF No. 91. Mediation of this adversary proceeding took place on July 30, 2020 before the Honorable Allen-Hurkin Torres (Ret.), Mediator, and the Trustee refused to proceed to a second day, except on terms which were inappropriate from the Defendant's perspective.

Defendant seeks this Court's permission to file a motion for summary judgment because there is no issue of material fact precluding this Court from entering final judgment in Defendant's favor on the ground that the LLC never transferred any funds to the Defendant.

As the Bankruptcy Court has already held, the Trustee is the Trustee for the LLC; there is a separate trustee for Madoff as an individual and as a sole proprietor and only that trustee had standing to void transfers by Madoff or by his sole proprietorship. *Picard v. Avellino (In re Bernard L. Madoff Inv. Securities LLC),* 557 B.R. 89, 109 (Bankr. S.D.N.Y. 2016) ("*Avellino*"), *reconsideration denied,* 2016 WL 6088136 (Bankr. S.D.N.Y. Oct. 18, 2016) (Trustee has no standing to avoid transfers made by Madoff individually; only Madoff's individual trustee has such standing.). The Trustee is only the Trustee for the LLC. Thus, the Trustee only has standing

{00045145 1 }

to recover transfers made by the LLC.  *Id.* As Your Honor has held, "[o]nly the Madoff trustee [Alan Nisselson] can recover actual transfers by the sole proprietorship" *Id.* at 110, and he did not seek to do so within the time prescribed.

      Based on the foregoing, it would be judicially efficient for this Court to address a motion for summary judgment in this matter. Therefore, Defendant requests a Rule 7056-1(a) pre-motion conference.

                                  Respectfully submitted,

                                  */s/ Helen Davis Chaitman*

                                  Helen Davis Chaitman

{00045145 1 }