# CHAITMAN LLP
### 465 PARK AVENUE
### NEW YORK, NY 10022
### (888) 759-1114
TELEPHONE & FAX

*HELEN DAVIS CHAITMAN*
hchaitman@chaitmanllp.com

**VIA ECF AND VIA ELECTRONIC MAIL:**

September 4, 2020

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 723
New York, New York 10004-1408
Bernstein.chambers@nysb.uscourts.gov

    **Re:** *Picard v. Kamenstein, et al.* **Adv. Pro. No. 10-04469 (SMB)**

Dear Judge Bernstein:

    We are counsel to Defendants in the above referenced matter. We write to request a pre-motion conference pursuant to Rule 7056-1(a) of the Local Bankruptcy Rules for the Southern District of New York for leave to file a motion for summary judgment.

    Irving H. Picard, as Trustee for the liquidation of Bernard L. Madoff Investment Securities, LLC (the "LLC"), sued Carol and David Kamenstein and their two adult children, Tracy Kamenstein and Sloan Kamenstein to recover a total of $2,794,314 in allegedly "fraudulent" transfers from four separate accounts held with Bernard L. Madoff. Mediation of this adversary proceeding took place on August 20, 2020 before the Honorable Allen-Hurkin Torres (Ret.), Mediator and was unsuccessful. The Mediator's Final Report was filed on August 28, 2020. *See* ECF No. 93. The Trustee has requested a final pre-trial conference solely against Carol Kamenstein for September 30, 2020. *See* ECF No. 95.

    Defendants seek this Court's permission to file a motion for summary judgment because there is no issue of material fact precluding this Court from entering final judgment in Defendants' favor on the ground that the LLC never transferred any funds to the Defendants and on the ground that Tracy Kamenstein never received any transfers and Sloan Kamenstein received only two transfers – both beyond the two year clawback period.

    As the Bankruptcy Court has already held, the Trustee is the Trustee for the LLC; there is a separate trustee for Madoff as an individual and as a sole proprietor and only that trustee had standing to void transfers by Madoff or by his sole proprietorship. *Picard v. Avellino (In re Bernard L. Madoff Inv. Securities LLC),* 557 B.R. 89, 109 (Bankr. S.D.N.Y. 2016) ("*Avellino*"), *reconsideration denied,* 2016 WL 6088136 (Bankr. S.D.N.Y. Oct. 18, 2016) (Trustee has no

CHAITMAN LLP

Hon. Stuart M. Bernstein
United States Bankruptcy Judge
September 4, 2020
Page 2

standing to avoid transfers made by Madoff individually; only Madoff's individual trustee has such standing.). The Trustee is only the Trustee for the LLC. Thus, the Trustee only has standing to recover transfers made by the LLC. *Id.* As Your Honor has held, "[o]nly the Madoff trustee [Alan Nisselson] can recover actual transfers by the sole proprietorship" *Id.* at 110, and he did not seek to do so within the time prescribed.

Based on the foregoing, it would be judicially efficient for this Court to permit the Defendants to file a motion for summary judgment. Therefore, Defendants request a Rule 7056-1(a) pre-motion conference to be held together with the scheduled final pre-trial conference, requested by the Trustee, on September 30, 2020 at 10:00 am. *See* ECF No. 95.

Respectfully submitted,

*/s/ Helen Davis Chaitman*

Helen Davis Chaitman

cc:    All Counsel of Record (*via ECF and email*)

{00045155 1 }