**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>      Plaintiff-Applicant,<br><br>  v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>      Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>      Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and for the Estate of Bernard L. Madoff,<br><br>      Plaintiff,<br><br>  v.<br><br>BAM L.P., MICHAEL MANN, and MERYL MANN,<br><br>      Defendants. | Adv. Pro. No. 10-04390 (CGM) |

**TRUSTEE'S MEMORANDUM OF LAW
IN OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE*
TO EXCLUDE THE TESTIMONY OF LISA COLLURA**

## **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ..................................................................................................1

BACKGROUND ..............................................................................................................................3

ARGUMENT ....................................................................................................................................6

I.   MS. COLLURA'S TESTIMONY IS RELEVANT, PROBATIVE, AND WILL
     ASSIST THE COURT ..........................................................................................................6

     A.   Ms. Collura's Proposed Testimony Meets The *Daubert* And Rule 702
          Requirements ...........................................................................................................6

     B.   Ms. Collura's Testimony Has Previously Been Found Relevant On The
          Issue .........................................................................................................................9

     C.   Defendants' Challenges To Ms. Collura's Testimony And Opinions Are
          Not A Basis For Exclusion But Are Issues for Cross-Examination .....................10

II.  THE MOTION *IN LIMINE* IS A DE FACTO MOTION FOR SUMMARY
     JUDGMENT ......................................................................................................................11

CONCLUSION ................................................................................................................................12

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Bowers v. Nat'l Collegiate Athletic Ass'n*,
  563 F. Supp. 2d 508 (D.N.J. 2008) ........................................................................................11

*Buchwald v. Renco Grp. Inc.*,
  No. 13-cv-7948 (AJN), 2014 WL 4207113 (S.D.N.Y. Aug. 25, 2014) ....................................7

*C & E Servs., Inc. v. Ashland, Inc.*,
  539 F. Supp. 2d 315 (D.D.C. 2008) ......................................................................................11

*Daubert v. Merrell Dow Pharm., Inc.*,
  509 U.S. 579 (1993) ....................................................................................................2, 6, 10

*Feitshans v. Kahn*,
  No. 06 CIV.2125(SAS), 2008 WL 344722 (S.D.N.Y. Feb. 6, 2008) .....................................12

*Hollman v. Taser Int'l Inc.*,
  928 F. Supp. 2d 657 (E.D.N.Y. 2013) .....................................................................................6

*Malletier v. Dooney & Bourke, Inc.*,
  525 F. Supp. 2d 558 (S.D.N.Y. 2007) ...................................................................................10

*Mishkin v. Ensminger (In re Adler, Coleman Clearing Corp.)*,
  No. 95–08203 (JLG), 1998 WL 160039 (Bankr. S.D.N.Y. Apr. 3, 1998) ...............................8

*Nimely v. City of New York*,
  414 F.3d 381 (2d Cir. 2005) ...................................................................................................6

*Palmieri v. Defaria*,
  88 F.3d 136 (2d Cir. 1996) ...................................................................................................11

*Pension Comm. of Univ. of Montreal Pension Plan v. Banc of Am. Sec., LLC*,
  716 F. Supp. 2d 220 (S.D.N.Y. 2010) .....................................................................................6

*Picard v. BAM L.P. (In re BLMIS)*,
  608 B.R. 165 (Bankr. S.D.N.Y. 2019) .................................................................................2, 3

*Picard v. Estate of Seymour Epstein*,
  Adv. Pro. No. 10-04438 (SMB) (Bankr. S.D.N.Y.) ................................................................2

*Picard v. Nelson*,
  610 B.R. 197 (Bankr. S.D.N.Y. 2019) .......................................................................2, 4, 5, 9

# TABLE OF AUTHORITIES
### (continued)

Page(s)

*Safrani v. Werner Co.*,
　No. 95 Civ. 1267(LBS), 1997 WL 729110 (S.D.N.Y. Nov. 24, 1997) ...................10

*Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*,
　592 B.R. 513 (Bankr. S.D.NY. 2018), *aff'd sub nom*, *In re Bernard L. Madoff
　Inv. Sec., LLC*, 605 B.R. 570 (S.D.N.Y. 2019) ..........................................................4

*In re Signature Apparel Grp. LLC*,
　No. 09-15378 (RG), 2015 WL 1009452 (Bankr. S.D.N.Y. Mar. 4, 2015) ..............10

*Tiffany (NJ) Inc. v. eBay, Inc.*,
　576 F. Supp. 2d 457 (S.D.N.Y. 2007) ..................................................................10

*Weiss v. La Suisse*, *Societe D'Assurances Sur La Vie*,
　293 F.Supp.2d 397 (S.D.N.Y. 2003) .....................................................................11

*Williams v. Rushmore Loan Mgmt. Servs. LLC*,
　No. 3:15CV673 (RNC), 2017 WL 822793 (D. Conn. Mar. 2, 2017) .....................11

**Statutes**

11 U.S.C. § 548(a) ...............................................................................................3

11 U.S.C. § 548 (a)(1)(A) ..................................................................................3, 4

11 U.S.C. § 548(c) ...............................................................................................4

11 U.S.C. § 550(a) ...............................................................................................3

15 U.S.C. § 78fff-2(c)(3) ......................................................................................4

**Rules**

Fed. R. Bankr. P. 7056 ........................................................................................11

Fed. R. Evid. 611(a) .............................................................................................7

Fed. R. Evid. 702 .............................................................................................2, 6

**Other Authorities**

4 Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence §
　702.03[1] (2d ed. 2017) .......................................................................................7

28 Charles Alan Wright & Victor James Gold, Federal Practice & Procedure §
　6162 (2d ed. 2017) ...............................................................................................7

*Manual for Complex Litigation (Fourth)* § 23.24 (2004) ............................................10

Irving H. Picard, as trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa–*lll*, and the chapter 7 estate of Bernard L. Madoff ("Madoff"), respectfully submits this memorandum of law and the declaration of Lan Hoang ("Hoang Decl.") in opposition to Defendants'[1] Motion *In Limine* to Exclude the Testimony of Lisa Collura.[2]  For the reasons set forth herein, Defendants' motion should be denied.

## PRELIMINARY STATEMENT

Defendants seek to exclude Lisa Collura's expert testimony based on the faulty premise that all of her opinions have been rendered unnecessary by the parties' stipulation to the transfers at issue.  However, the reason this trial is going forward is because there is no agreement about whether the transfers made to Defendants between December 11, 2006 and December 11, 2008 (the "Two-Year Transfers") were transfers made by Bernard L. Madoff as a sole proprietorship or by BLMIS, the SIPA debtor.  The Trustee is entitled to rely upon his experts to meet his burden of proof as to this remaining issue, and to rebut any arguments Defendants put forth.  Ms. Collura is a forensic accountant who performed a detailed analysis and reconstruction of BLMIS's books and records, including all available BLMIS bank records.  She has relevant and probative knowledge and opinions regarding the bank accounts held by the sole proprietorship and then by BLMIS and has traced the withdrawals of customer funds from those bank accounts to Defendants.  Indeed, Ms. Collura's testimony will confirm that the Two-Year Transfers were paid from a bank account held by BLMIS, the SIPA debtor.

---

[1] BAM L.P., Michael Mann, and Meryl Mann are referred to herein as Defendants.

[2] *Picard v. BAM L.P.*, Adv. Pro. No. 10-04390 (SMB) (Bankr. S.D.N.Y. Aug. 27, 2020), ECF No. 219.  Unless otherwise indicated, all ECF references herein refer to the case captioned *Picard v. BAM L.P.*, Adv. Pro. No. 10-04390 (SMB) (Bankr. S.D.N.Y.).

Defendants offer no grounds to sustain a motion *in limine* to exclude probative and relevant expert testimony. Defendants stipulated to Ms. Collura's qualifications as an expert in the field of forensic accounting and forensic fraud investigations. Defendants make no claims that Ms. Collura's methodologies fail to meet the requirements of Federal Rule of Evidence 702 or would fall in the face of a *Daubert* challenge. Instead, Defendants argue that Ms. Collura's testimony should be excluded because of the omissions they perceive in her answers to cross-examination questions in a trial of two similarly situated defendants. Yet Defendants neglect to advise this Court that the bankruptcy court ultimately relied on Ms. Collura's testimony to confirm that the transfers of fictitious profits made to defendants from December 11, 2006 through December 11, 2008 (the "Two-Year Period") were made from bank accounts held by BLMIS, not Madoff's sole proprietorship. Defendants' disagreement with Ms. Collura's testimony does not render her opinions irrelevant or unreliable and is properly addressed through cross-examination.

Furthermore, Defendants' motion *in limine* is in essence a motion for summary judgment that they failed to bring at the appropriate time. In opposing the Trustee's motion for summary judgment in 2019[3] and arguing that the record sustained their position, Defendants never cross-

---

[3] The Trustee does not dispute that the remaining issue before the Court could be decided as a matter of law, because the evidence shows that the Two-Year Transfers came from money belonging to other customers of the investment advisory business ("IA Business") of BLMIS. Judge Bernstein previously noted that the disputed issue of fact "do[es] not suggest that the deposit of customer funds into a Chase account in the name of Madoff or Madoff Securities changes the nature of customer funds or prevents the Trustee from avoiding and recovering the Two-Year Transfers" but because the parties did not brief it, he could not decide it. *Picard v. BAM L.P. (In re BLMIS)*, 608 B.R. 165, 177 (Bankr. S.D.N.Y. 2019) ("*MSJ Decision*"); *see also Picard v. Nelson,* 610 B.R. 197, 216–18, 233 (Bankr. S.D.N.Y. 2019) (in granting judgment in favor of the Trustee, the court determined that the JPMorgan Accounts were held by BLMIS and used solely for the IA Business's customer deposits and withdrawals). The Trustee has briefed this argument in pending motions for summary judgment in the District Court and the Bankruptcy Court. *See Picard v. RAR Entrepreneurial Fund LTD*, No. 20-cv-01029 (JMF) (S.D.N.Y.); *Picard v. Elaine Dine Living Tr. dated 5/12/06*, No. 20-cv-01748 (AJN) (S.D.N.Y); *Picard v. Horowitz*, No. 20-cv-02525 (DLC) (S.D.N.Y.); *Picard v. Lisa Beth Nissenbaum Tr.*, No. 20-cv-03140 (JGK) (S.D.N.Y.); *Picard v. Zieses Inv. P'ship*, No. 20-cv-02872 (VSB) (S.D.N.Y.); *Picard v. JABA Assocs. LP*, No. 20-cv-03836 (JGK) (S.D.N.Y.); *Picard v. Krauss*, No. 20-cv-04086 (LGS) (S.D.N.Y.); *Picard v. Palmedo*, No. 10-04749 (SMB) (Bankr. S.D.N.Y.); *Picard v. Est. of Seymour Epstein*, Adv. Pro. No. 10-04438 (SMB) (Bankr. S.D.N.Y.).

moved for summary judgment. Now, on the eve of trial, Defendants insist that judgment on the record evidence is appropriate and that Ms. Collura's testimony should be disregarded because they disagree with it. Neither are grounds to permit an untimely motion for summary judgment, nor an inappropriate motion *in limine*.

Defendants' motion should be denied.

## BACKGROUND

The Trustee commenced this adversary proceeding on November 30, 2010. *See* Trustee's Compl., ECF No. 1. The complaint asserted, in relevant part, claims pursuant to sections 548(a) and 550(a) of the United States Bankruptcy Code, 11 U.S.C. §§ 101–1532, seeking to avoid and recover the alleged excess transfers from BLMIS to Defendants. *Id.*

On December 21, 2018, the Trustee moved for summary judgment on these claims. Trustee's Mot. for Summ. J., ECF No. 141. In Defendants' opposition, they argued that the Trustee could not recover transfers Defendants alleged they received from Madoff's sole proprietorship and not from BLMIS but did not cross-move for summary judgment. *See* Defs.' Mem. in Opp'n to the Trustee's Mot. for Summ. J. at 9–10 (Feb. 22, 2019), ECF No. 159.

On September 11, 2019, Judge Bernstein granted in part and denied in part the Trustee's motion for summary judgment. *MSJ Decision*, 608 B.R. 165. He determined that: (1) the Trustee established that there is no genuine disputed issue of fact that Madoff operated BLMIS as a Ponzi scheme; (2) the Trustee is entitled to rely on the Ponzi presumption and has demonstrated that the Two-Year Transfers were made with the actual intent to hinder delay or defraud creditors within the meaning of 11 U.S.C. §§ 548(a)(1)(A) and 550(a); (3) the Parties stipulated to the amount of the deposits into and withdrawals from their respective accounts, and to the amounts of the transfers made during the Two-Year Period; and (4) consistent with prior rulings, there is no value defense under Section 548(c) to the Trustee's claims. *Id.* As a result,

3

the only remaining issue for trial, along with prejudgment interest, is whether the Two-Year Transfers were transfers by the SIPA debtor within the meaning of SIPA § 78fff-2(c)(3) and 11 U.S.C. § 548 (a)(1)(A). *Id.*; *see also* Order (Sept. 25, 2019), ECF No. 175.

The account ownership issue before this Court was also addressed in a two-day evidentiary hearing in the *Picard v. Nelson* adversary proceeding. In that proceeding, Ms. Collura was qualified as an expert and testified before Judge Bernstein regarding her analysis and investigation of the BLMIS books and records generally and in connection with the bank account ownership issue specifically.[4] Ms. Collura testified that she was tasked with reviewing available bank account records for more than 90 bank and brokerage accounts held in the name of either Bernard L. Madoff or BLMIS. Through that review, she identified three primary bank accounts associated with the IA Business of BLMIS that were used by BLMIS for customer deposits and withdrawals during at least the ten-year period from December 1998 to December 2008, when BLMIS collapsed. *See* Hoang Decl., Ex. A (Expert Report of Lisa M. Collura, CPA, CFE, CFF, dated June 12, 2015 (the "Collura Mann Report")) ¶ 18.[5]

Ms. Collura then conducted a forensic analysis of the three primary IA Business bank accounts: (1) JPMorgan Chase Bank, N.A. ("JPMorgan") account #xxxxx1703 (the "703 Account"); (2) JPMorgan account #xxxxxxxxxx1509 (the "509 Account," and together with the 703 Account, the "JPMorgan Accounts"), and (3) Bankers Trust account #xx-xx0-599. Collura Mann Report ¶ 18, Ex. 3. Her analysis showed that these bank accounts were held first by Madoff as the sole proprietorship and then by BLMIS. Collura Mann Report, Ex. 3.

---

[4] Judge Bernstein qualified Ms. Collura as an expert in the area of forensic accounting and deemed her expert reports to be part of the record in *Nelson* and other similarly situated adversary proceedings. *See, e.g.*, *Nelson*, 610 B.R. at 210, 225–26; *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 592 B.R. 513, 519–20 (Bankr. S.D.N.Y. 2018), *aff'd sub nom*, *In re Bernard L. Madoff Inv. Sec., LLC*, 605 B.R. 570 (S.D.N.Y. 2019).

[5] Defendants failed to attach the Collura Mann Report to the Declaration of Arthur H. Ruegger In Support of the Motion. *See* Decl. of Arthur H. Ruegger (Aug. 27, 2020), ECF No. 220.

4

Ms. Collura testified that over 97% of the funds that went into the 703 Account were customer deposits and that customer withdrawals were made from this customer property through the related 509 Account, including the transfers of fictitious profits made to the *Nelson* defendants within the Two-Year Period. *See Nelson*, 610 B.R. at 216–18. Judge Bernstein agreed and relied on Ms. Collura's testimony in finding that BLMIS was the bank accountholder: "[F]or the time period for which bank records were available (December 1998 through December 2008), the evidence showed that the [JPMorgan Accounts] were used solely for customer deposits and withdrawals—the business of the IA Business." *Id.* at 217 (citing Hoang Decl., Ex. B (Testimony of Lisa M. Collura from May 8 and 9, 2019 *Nelson* Trial Tr.)[6] at 194:6–22; *see also* 5/9/19 *Nelson* Tr. at 44:4–11). Specifically, Ms. Collura testified that BLMIS was the accountholder from 2002 through 2008, that the account numbers were the same, and activity in those accounts was consistent from 1998 through 2008:

> Q: From the period September 2002 to the time that Mr. Madoff was arrested, it was what entity was the holder of the 703 account?
> A: Bernard L. Madoff Investment Securities.
> Q: For the period September 2002 through December 2008 when Mr. Madoff was arrested, what was the holder of the 509 account?
> A: Bernard L. Madoff Investment Securities.
> Q: With the name change in the corporate entity between August and September 2002, did you see any differences in the handling of the transactions reflected in the 703 or 509 accounts?
> A: No. The transactions in both of those accounts were consistent, meaning they were cash in from customers and withdrawals to customers, for the whole time period that I had statements available to me, which was from back from December 1998.

5/8/19 *Nelson* Tr. at 194:6–22, 5/9/19 *Nelson* Tr. at 44:4–11.

---

[6] Subsequent citations to Ms. Collura's testimony from the *Nelson* trial are cited as "Date *Nelson* Tr. page: line" (*e.g.*, 5/8/19 *Nelson* Tr. ____.).

5

# ARGUMENT

## I. MS. COLLURA'S TESTIMONY IS RELEVANT, PROBATIVE, AND WILL ASSIST THE COURT

Federal Rule of Evidence 702 governs the admission of expert testimony. In determining whether expert testimony should be admitted, the court looks to ensure that "an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993). This requires a court to determine: "(1) whether the witness is qualified to be an expert; (2) whether the [expert's] opinion is based upon reliable data and methodology; and (3) whether the expert's testimony on a particular issue will assist the trier of fact." *Hollman v. Taser Int'l Inc.*, 928 F. Supp. 2d 657, 667 (E.D.N.Y. 2013) (citing *Nimely v. City of New York*, 414 F.3d 381, 396–97 (2d Cir. 2005)). Where an expert meets these requirements, a court should admit the testimony, leaving the adverse party to present contrary evidence through vigorous cross-examination. *See Daubert*, 509 U.S. at 596; *Pension Comm. of Univ. of Montreal Pension Plan v. Banc of Am. Sec., LLC*, 716 F. Supp. 2d 220, 224–25 (S.D.N.Y. 2010).

### A. Ms. Collura's Proposed Testimony Meets The *Daubert* And Rule 702 Requirements

Defendants do not challenge Ms. Collura's qualifications, having already stipulated that she is "qualified as an expert witness in the areas of forensic accounting and forensic fraud investigations." *See* Joint Pretrial Order at 7 (Aug. 12, 2020), ECF No. 209. Nor do they challenge Ms. Collura's methodologies, analyses, or the reliability of her opinions and conclusions. Instead Defendants challenge whether Ms. Collura's testimony will assist the trier of fact. Specifically, Defendants argue that because the parties stipulated to the accuracy of the transfers to Defendants, the results of the Trustee's cash in/cash out calculations are not material facts at issue in this adversary proceeding and therefore, Ms. Collura's remaining opinions and

6

testimony are irrelevant, duplicative, and not helpful to this Court. Defs.' Memo. of Law in Supp. of Mot. ("Defs.' Mot.") ¶¶ 2–3 (Aug. 27, 2020), ECF No. 219. Defendants' contentions ignore the breadth and scope of Ms. Collura's examination of the financial fraud at BLMIS, a fraud that existed for more than forty years and resulted in a loss in excess of $17 billion in principal by customers of BLMIS's IA Business.

Ms. Collura's investigation and opinions speak directly to the issue raised by Defendants—who is the owner of the bank accounts from which the Defendants received the Two-Year Transfers. Ms. Collura has extensively analyzed BLMIS's bank accounts and will provide valuable testimony to assist the Court in resolving what funds were held in and disbursed from the bank accounts for the IA Business under the sole proprietorship, what funds were held in and disbursed from the bank accounts after succession of the business to BLMIS, and identification and tracing the transfers of fictitious profits to the Defendants within the Two-Year Period from the BLMIS bank accounts. The Trustee is entitled to introduce and rely upon this testimony to make his case that the transfers to Defendants are avoidable and recoverable by the Trustee. *See* Fed. R. Evid. 611(a); 28 Charles Alan Wright & Victor James Gold, Federal Practice & Procedure § 6162 (2d ed. 2017); *see also Buchwald v. Renco Grp. Inc.*, No. 13-cv-7948 (AJN), 2014 WL 4207113, at *2–3 (S.D.N.Y. Aug. 25, 2014) (permitting trustee to call live witnesses over defendants' objections to same pursuant to Fed. R. Evid. 611(a)).

Ms. Collura's testimony is helpful to this Court. "[E]xpert testimony is admissible if it will simply help the trier of fact to understand the facts already in the record, even if all it does is put those facts in context." 4 Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence § 702.03[1] (2d ed. 2017). Here, the Trustee has been tasked with unraveling the decades-long BLMIS fraud; requiring the reconstruction of books and records comprised of

7

millions of pages of documents, the reconciliation of thousands of customer accounts, and the tracing of transfers BLMIS's bank accounts to third-party bank accounts held by customers, including Defendants. As the bankruptcy court has recognized, the size and length of the BLMIS fraud required the Trustee to hire professionals to assist him. Ms. Collura is among those professionals, and her work has focused on BLMIS's bank accounts and records. Specifically, Ms. Collura is a certified fraud examiner who (i) examined the books and records of all relevant bank accounts; (ii) determined the flow of funds of customer money into and out of those bank accounts; and (iii) traced the withdrawal of the fictitious profits by Defendants from those bank accounts. The Collura Mann Report summarizes her analyses of those bank accounts and includes an exhibit that identifies the accountholder of each bank account at all relevant times. *See* Collura Mann Report, Ex. 3.

At trial, Ms. Collura will provide the Court with testimony limited to the remaining issue of fact—the ownership of the JPMorgan Accounts that held customer money, and the withdrawal of the fictitious profits by Defendants from those accounts. Ms. Collura will testify that for the entire time period for which bank records were available (December 1998 through December 2008), there were no differences in the handling of the transactions reflected in the JPMorgan Accounts, and they were solely used for customer deposits and withdrawals for the IA Business. Joint Pretrial Order ¶¶ 25–34; Collura Mann Report ¶¶ 21, 26. The Trustee's reliance on Ms. Collura to present such evidence to the Court is proper. *See Mishkin v. Ensminger (In re Adler, Coleman Clearing Corp.)*, No. 95–08203 (JLG), 1998 WL 160039, at *1–2, 5, 8 (Bankr. S.D.N.Y. Apr. 3, 1998) (denying a motion *in limine* and holding that the trustee's expert, whom the trustee retained to assist him in reconstructing a SIPA debtor's books and records, was a proper expert witness).

8

### B. Ms. Collura's Testimony Has Previously Been Found Relevant On The Issue

Defendants only challenge the relevance of the testimony they believe Ms. Collura will present based on cross-examination questions from the *Nelson* trial. Defs.' Mot. ¶¶ 18–21. Defendants claim that Ms. Collura's opinions are irrelevant because she did not opine on "the issue of the account ownership and . . . the relevance of names on the documents or related corporate matters" during the *Nelson* trial. *Id.* ¶ 19. This is wholly inaccurate as Ms. Collura did in fact testify on these very issues. For example, she testified that: (1) from December 1998 to August 2002, the bank statements for the JPMorgan Accounts listed the account holder as "Bernard L. Madoff" (5/8/19 *Nelson* Tr. 193:1–18); (2) from September 2002 through December 2008, the bank statements on the JPMorgan Accounts listed the account holder as "Bernard L. Madoff Investment Securities" (5/8/19 *Nelson* Tr. 192:20–194:22); and (3) for the time period for which bank records were available (December 1998 through December 2008), the JPMorgan Accounts were used for solely customer deposits and withdrawals—the business of the IA Business (5/8/19 *Nelson* Tr. 194:6–22; 5/9/19 *Nelson* Tr. 44:4–11).

At the conclusion of the *Nelson* trial, Judge Bernstein determined that the evidence and testimony presented by the Trustee's expert witnesses, including Ms. Collura, demonstrated that BLMIS owned the JPMorgan Accounts, the source of the Two-Year Transfers. *See Nelson*, 610 B.R. at 216–18, 233. Judge Bernstein held that "the evidence showed that the Chase Accounts were used solely for customer deposits and withdrawals—the business of the IA Business," citing to Ms. Collura's testimony that the corporate name change did not impact the transactions in the JPMorgan Accounts. *Id.* at 217 (citing 5/8/2019 *Nelson* Tr. 194:6–22; *see also* 5/9/2019 *Nelson* Tr. 44:4–11).

Contrary to Defendants' assertions, Judge Bernstein's decision in *Nelson* confirms the relevance of Ms. Collura's testimony and opinions.

9

### C. Defendants' Challenges To Ms. Collura's Testimony And Opinions Are Not A Basis For Exclusion But Are Issues for Cross-Examination

To the extent there are any disagreements as to the relevance of Ms. Collura's opinions, Defendants are free to raise those issues on cross-examination at trial. *Safrani v. Werner Co.*, No. 95 Civ. 1267(LBS), 1997 WL 729110, at *2 (S.D.N.Y. Nov. 24, 1997) (denying motion *in limine* to limit testimony of plaintiff's expert witness, noting that defendants are not barred from "attacking" the expert's "tests and theories at trial"). Indeed, "[w]here the expert's conclusion is drawn from a reliable methodology . . . the correctness of that conclusion is still an issue for the finder of fact." *Malletier v. Dooney & Bourke, Inc.*, 525 F. Supp. 2d 558, 562 n.8, 10 (S.D.N.Y. 2007) (quoting the *Manual for Complex Litigation (Fourth)* § 23.24 (2004) ("Cross-examination and presentation of contrary evidence by the opposing party . . . would identify for the jury the shakiness of the foundation on which the conclusion is based.")). This is especially true in the context of a bench trial, "where there is not a concern for juror confusion or potential prejudice," as this Court "has considerable discretion in admitting the proffered testimony at the trial and then deciding after the evidence is presented whether it deserves to be credited by meeting the requirements of *Daubert* and its progeny." *Tiffany (NJ) Inc. v. eBay, Inc.*, 576 F. Supp. 2d 457, 457 n.1 (S.D.N.Y. 2007); *In re Signature Apparel Grp. LLC*, No. 09-15378 (RG), 2015 WL 1009452, at *15 (Bankr. S.D.N.Y. Mar. 4, 2015) (permitting experts to testify and resolving *Daubert* challenge at trial to provide the court with "the benefit of live testimony and cross-examination to determine how much weight, if any, to give to [his] conclusions").

As such, exclusion of Ms. Collura's testimony and opinions are improper.

## II. THE MOTION *IN LIMINE* IS A DE FACTO MOTION FOR SUMMARY JUDGMENT

Defendants now appear to essentially seek summary judgment, asserting that the record evidence (SEC filings, bank records, trading accounts, employee testimony) will establish that their withdrawals of fictitious profits within the Two-Year Period did not come from BLMIS. But, aside from being incorrect, Defendants failed to properly and timely move for summary judgment despite the opportunity to do so. On the eve of trial, the time for a motion for summary judgment has expired. *See, e.g.*, Fed. R. Bankr. P. 7056 (stating that "any motion for summary judgment must be made at least 30 days before the initial date set for an evidentiary hearing on any issue for which summary judgment is sought").

Nor is it appropriate for the Defendants to seek summary judgment through the inappropriate use of a motion *in limine*. The purpose of a motion *in limine* is to facilitate an efficient trial "by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996); *see also Weiss v. La Suisse, Societe D'Assurances Sur La Vie*, 293 F.Supp.2d 397, 407 (S.D.N.Y. 2003). A motion *in limine* "is not a proper vehicle for a party to ask the Court to weigh the sufficiency of the evidence to support a particular claim or defense, because '[t]hat is the function of a motion for summary judgment, with its accompanying and crucial procedural safeguards.'" *Bowers v. Nat'l Collegiate Athletic Ass'n*, 563 F. Supp. 2d 508, 532 (D.N.J. 2008) (quoting *C & E Servs., Inc. v. Ashland, Inc.*, 539 F. Supp. 2d 315, 323 (D.D.C. 2008)); *see also Williams v. Rushmore Loan Mgmt. Servs. LLC*, No. 3:15CV673 (RNC), 2017 WL 822793, at *1 (D. Conn. Mar. 2, 2017) ("A motion *in limine* is used to obtain pretrial rulings on the admissibility of evidence, not to determine the sufficiency of the evidence or merits of an issue." (internal quotation marks

omitted)); *Feitshans v. Kahn*, No. 06 CIV.2125(SAS), 2008 WL 344722, at *4 (S.D.N.Y. Feb. 6, 2008) (denying motion *in limine* where concerns "speak more to the merits of plaintiffs' case rather than offering a valid ground for exclusion of otherwise relevant evidence").

## CONCLUSION

For the foregoing reasons, the Trustee respectfully requests that the Court enter an order denying Defendants' motion to exclude Lisa Collura's opinions and testimony.

Dated: September 4, 2020
New York, New York

**BAKER & HOSTETLER LLP**

/s/ *Lan Hoang*
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Lan Hoang
Email: lhoang@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff*