# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T  212.589.4200
F  212.589.4201
www.bakerlaw.com

Nicholas J. Cremona
direct dial: 212.589.4682
ncremona@bakerlaw.com

September 4, 2020

**VIA ECF AND VIA ELECTRONIC MAIL**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 723
New York, New York  10004-1408
Bernstein.chambers@nysb.uscourts.gov

Re:    *Picard v. Estate of Benjamin T. Heller*, Adv. Pro. No. 10-04367 (SMB)

Dear Judge Bernstein:

We are counsel to Irving H. Picard, as trustee for the substantively consolidated SIPA liquidation of Bernard L. Madoff Investment Securities LLC under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa et seq. and the chapter 7 estate of Bernard L. Madoff.  We write in response to the letter from the Estate of Benjamin T. Heller (the "Defendant") dated September 2, 2020 in the above-referenced adversary proceeding.

Defendant requests a Rule 7056-1(a) pre-motion conference to move for summary judgment on the issue of whether BLMIS or Bernard Madoff individually made the fraudulent transfers or fictitious profits to Defendant.  While the Trustee agrees that this issue could be decided as a matter of law,[1] the Trustee submits that proceeding by way of trial is more

---

[1] This issue is currently being addressed in pending motions for summary judgment in the District Court and the Bankruptcy Court.  *See e.g., Picard v. RAR Entrepreneurial Fund LTD*, No. 20-cv-01029 (JMF) (S.D.N.Y.); *Picard v. Elaine Dine Living Trust dated 5/12/06*, No. 20-cv-01748 (AJN) (S.D.N.Y); *Picard v. Mark Horowitz*, No. 20-cv-02525 (DLC) (S.D.N.Y.); *Picard v. Lisa Beth Nissenbaum Trust*, No. 20-cv-03140 (JGK) (S.D.N.Y.); *Picard v. Zieses Investment Partnership*, No. 20-cv-02872 (VSB) (S.D.N.Y.); *Picard v. JABA Associates LP*, No. 20-cv-03836 (JGK) (S.D.N.Y.); *Picard v. Marlene Krauss*, No. 20-cv-04086 (LGS) (S.D.N.Y.); *Picard v. Philip F. Palmedo*, No. 10-04749 (SMB) (Bankr. S.D.N.Y.); *Picard v. Estate of Seymour Epstein*, Adv. Pro. No. 10-04438 (SMB) (Bankr. S.D.N.Y.).

**VIA ECF AND VIA ELECTRONIC MAIL**

Honorable Stuart M. Bernstein
September 4, 2020
Page 2

appropriate and efficient because the Trustee intends to seek prejudgment interest, which continues to accrue in this case at the rate of approximately $24,380 per month.[2]

Mediation took place on July 30, 2020 before the Honorable Allen Hurkin-Torres (Ret.). As a result, and after further negotiations over the following weeks thereafter, the Trustee determined, in consultation with and based on direction from the mediator, that further mediation would no longer be productive. The Mediator's Final Report was filed on September 2, 2020 [ECF No. 97].

Defendant continues to assert legally insufficient arguments—previously rejected by courts in this liquidation proceeding no less than nine times—in the face of clear and controlling precedent. *See, e.g., Picard v. Katz*, 462 B.R. 447, 453 (S.D.N.Y. 2011); *Picard v. Greiff*, 476 B.R. 715, 722-24 (S.D.N.Y. 2012); *Picard v. Nelson,* 610 B.R. 197, 236-37 (Bankr. S.D.N.Y. 2019) (noting that the legal defenses identical to those asserted here by the same counsel have been rejected numerous times). Defendant's refusal to acknowledge the law of the case and to return the fictitious profits stolen from the net loser victims after nearly 10 years since the commencement of this action militates in favor of this Court awarding prejudgment interest from the date of the complaint through judgment. *See Picard v. Lowrey*, Adv. Pro. No. 08-01789 (SMB), 2018 WL 1442312, at *15 (Bankr. S.D.N.Y. Mar. 22, 2018), as corrected (Mar. 26, 2018), report and recommendation adopted, 596 B.R. 451 (S.D.N.Y. 2019)  (noting "[t]he award of prejudgment interest is discretionary, and absent a sound reason to deny it, it should be awarded."); *see also* Judgment, *Picard v. Nelson*, Adv. Pro. No. 10-04377 (SMB) (Bankr. S.D.N.Y. Dec. 9, 2019), ECF No. 205, Adv. Pro. No. 10-04658 (SMB) (Bankr. S.D.N.Y. Dec. 9, 2019), ECF No. 203 (awarding Trustee prejudgment interest at nine percent (9%) under New York Law, calculated from the date the complaints were filed to the date the judgments were entered); Final Judgment on Consent, *Picard v. Katz Group Limited Partnership*, Adv. Pro. No. 10-04419 (SMB) (Bankr. S.D.N.Y. June 1, 2020), ECF No. 87 (same). This Court must determine at trial whether the Trustee should be awarded prejudgment interest and if so, the appropriate rate and accrual date based on establishing the factors emphasized by courts in this District. As a matter of efficiency, this issue, along with the issue identified by Defendants, should be addressed in one trial before this Court without further delay.

A trial is appropriate here where this Court has final adjudicative authority because the Defendant filed customer claims and objections to the determination of those customer claims. *See generally Nelson,* 610 B.R. 197; *see also Picard v. BAM L.P.*, 597 B.R. 466, 486 (Bankr. S.D.N.Y. 2019), *leave to appeal denied sub. nom. In re Bernard L. Madoff Inv. Sec. LLC,* 612 B.R. 257 (S.D.N.Y. 2020) (finding the Bankruptcy Court acquired equitable jurisdiction because the Trustee's avoidance action was commenced after defendants filed customer claims

---

[2] Mr. Heller died on April 24, 2019 and the fiduciaries of his Estate were substituted into the action by stipulation So Ordered on December 11, 2019. *See* ECF No. 91. The Trustee's claims in this action form the basis for a claim asserted against the Estate in probate proceedings in Connecticut.

**VIA ECF AND VIA ELECTRONIC MAIL**

Honorable Stuart M. Bernstein
September 4, 2020
Page 3

and related objections).  A trial will rectify the harms imposed on the net loser victims by Defendant, who has wrongfully withheld their stolen money for over a decade.

       Accordingly, the Trustee seeks to convert the requested conference into a final pre-trial conference pursuant to the Order (1) Establishing Litigation Case Management Procedures for Avoidance Actions and (2) Amending the February 16, 2010 Protective Order (Adv. Pro. No. 08-01789, ECF No. 3141).  The Trustee is available to address these matters at a conference at the Court's convenience other than on September 14 and 16, because we will be conducting a virtual trial before the Bankruptcy Court in another identical good faith adversary proceeding.

       Respectfully submitted,

       */s/ Nicholas J. Cremona*

       Nicholas J. Cremona
       Partner

cc:   Helen Davis Chaitman, Esq. (via Electronic Mail)
      Mary Ackerly, Esq. (via Electronic Mail)