# **EXHIBIT C**

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY  10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and the chapter 7 Estate of Bernard L. Madoff*

Hearing Date: September 30, 2020 at 10:00 AM
Objection Deadline: September 23, 2020 at 4:00 PM

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>Plaintiff,<br><br>v.<br><br>MAGNIFY INC., et al.,<br><br>Defendants. | Adv. Pro. No. 10-05279 (SMB) |

**DECLARATION OF IRVING H. PICARD, TRUSTEE, IN SUPPORT OF MOTION FOR ENTRY OF ORDER PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND RULES 2002 AND 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE APPROVING SETTLEMENT AGREEMENT**

1.      I am the trustee ("Trustee") for the liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa–lll, and the substantively consolidated chapter 7 estate of Bernard L. Madoff (together with BLMIS, the "Debtors"). I am familiar with the affairs of the Debtors. I respectfully submit this Declaration in support of the motion (the "Motion") seeking entry of an order, pursuant to 11 U.S.C. § 105(a) of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*, and Rules 2002 and 9019 of the Federal Rules of Bankruptcy Procedure, approving the settlement agreement (the "Settlement Agreement") by and among the Trustee, on the one hand, and Magnify Inc., Strand International Investment Ltd., Premero Investments Ltd., The Yeshaya Horowitz Association, Yair Green, and Express Enterprises Inc., on the other (together, the "Defendants").

2.      I make this Declaration based upon my own personal knowledge or upon information I believe to be true.

3.      All capitalized terms not defined herein have the meaning ascribed to them in the Settlement Agreement submitted as Exhibit A to the Motion.

4.      I believe that the terms of the Settlement Agreement fall well above the lowest point in the range of reasonableness and, accordingly, the Settlement Agreement should be approved by this Court. The Settlement Agreement resolves all issues regarding the asserted and unasserted claims between the Trustee and the Defendants without the need for protracted and costly litigation. Litigating the claims would undoubtedly be complex, create further delay, and would involve litigation risks associated with the unique facts of this case.

5.      The Settlement Agreement resulted from a lengthy negotiation process following several rounds of mediation before a mediator that involved a thorough review of the strengths and weaknesses of the Parties' positions.

6. The Settlement Agreement furthers the interest of BLMIS customers by, among other things, (a) adding $3,500,000 to the customer property fund, (b) recovering 100% of the transfers from BLMIS to Magnify and Strand during the two years prior to the collapse of BLMIS, (c) the Defendants have agreed to entry of consent judgments against them for the respective amounts set forth in the Second Amended Complaint, plus interest, and (d) the withdrawal of objections filed by the Defendants to the Trustee's claims determinations. In addition, the vast majority of Transfers received by the Defendants were subsequently transferred and the Defendants have agreed to provide information and materials to the Trustee in connection to current and future efforts to recover subsequently transferred customer property.

7. Given the complexities involved in proceeding with further litigation and the difficulties associated with collecting judgments against the Defendants, who have represented they are insolvent or have few remaining assets, I have determined, in my business judgment, that the Settlement Agreement represents a fair compromise of the claims against the Defendants.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 4, 2020

*Irving H. Picard*
Irving H. Picard, Trustee

Error! Unknown document property name.