**HEARING DATE AND TIME: September 9, 2020 at 10 a.m. (ET)**

**BINDER & SCHWARTZ LLP**
Eric B. Fisher
Lindsay A. Bush
Tessa B. Harvey
366 Madison Avenue, 6th Floor
New York, New York 10017
Telephone: (212) 510-7008

*Attorneys for Khronos LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------------x

SECURITIES INVESTOR PROTECTION
CORPORATION,

                              Plaintiff-Applicant,

      -against-

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

                                Defendant.

-------------------------------------------------------------------------x

In re:

BERNARD L. MADOFF,

                                Debtor.

-------------------------------------------------------------------------x

Adv. Pro. No. 08-01789 (SMB)

SIPA LIQUIDATION

(Substantively Consolidated)

**REPLY MEMORANDUM OF LAW OF KHRONOS LLC**
**IN FURTHER SUPPORT OF ITS MOTION TO QUASH**
**THE TRUSTEE'S FED. R. BANKR. P. 2004 SUBPOENA**

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT ........................................................................................ 1

ARGUMENT ..................................................................................................................... 4

    I.     THE SUBPOENA SHOULD BE QUASHED FOR LACK OF GOOD CAUSE.... 4

    II.    KHRONOS DOES NOT HAVE CUSTODY, POSSESSION OR CONTROL
          OVER PRINCE ASSETS LDC'S INFORMATION ............................................. 9

    III.   THE CURRENT RULE 2004 SUBPOENA OVERLAPS SUBSTANTIALLY
          WITH THE CLAIMS IN THE LEGACY ADVERSARY PROCEEDING.......... 10

NOTICE ........................................................................................................................... 11

CONCLUSION ................................................................................................................. 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re AOG Entm't, Inc.*,
  558 B.R. 98 (Bankr. S.D.N.Y. 2016) .................................................................................. 8

*In re Arkin-Medo, Inc.*,
  44 B.R. 138 (Bankr. S.D.N.Y. 1984) .................................................................................. 9

*In re Brooke Corp.*,
  No. 08-22786, 2013 WL 3948866, (Bankr. D. Kan. July 29, 2013) ..................................... 10

*In re Brown*,
  No. 18-10617-JLG, 2018 WL 4944816 (Bankr. S.D.N.Y. Oct. 11, 2018) ............................. 4

*In re Glitnir banki hf.*,
  No. 08-14757 (SMB), 2011 WL 3652764 (Bankr. S.D.N.Y. Aug. 19, 2011) ......................... 10

*In re Int'l Fibercom, Inc.*,
  283 B.R. 290 (Bankr. D. Ariz. 2002) .................................................................................. 11

*In re Texaco, Inc.*,
  79 B.R. 551 (Bankr. S.D.N.Y. 1987) .................................................................................. 4

*In re Washington Mut., Inc.*,
  408 B.R. 45 (Bankr. D. Del. 2009) .................................................................................... 10

*Picard v. Legacy Capital Ltd. (In re BLMIS)*,
  548 B.R. 13 (Bankr. S.D.N.Y. 2016) .................................................................................. 5

*Picard v. Shapiro (In re BLMIS)*,
  542 B.R. 100 (Bankr. S.D.N.Y. 2015) ................................................................................ 5

*Sec. Inv'r Prot. Corp. v. BLMIS*,
  590 B.R. 200 (Bankr. S.D.N.Y. 2018) ................................................................................ 7

*Sec. Inv'r Prot. Corp. v. BLMIS*,
  531 B.R. 439 (Bankr. S.D.N.Y. 2015) ................................................................................ 5

*Secs. Inv'r Prot. Corp. v. Cont'l Capital Inv. Servs., Inc. (In re Cont'l Capital Inv. Servs., Inc.)*,
  No. 03-3370, 2009 WL 1604703 (Bankr. N.D. Ohio Mar. 6, 2009) ..................................... 11

*Shcherbakovskiy v. Da Capo Al Fine, Ltd.*,
  490 F.3d 130 (2d Cir. 2007) .......................................................................................... 9, 10

*Silverman v. K.E.R.U. Realty Corp. (In re Allou Distribs., Inc.)*,
    379 B.R. 5 (Bankr. E.D.N.Y. 2007)..................................................................................... 5

**Rules**

Fed. R. Bankr. P. 2004 ........................................................................................................ 1

Fed. R. Bankr. P. 9016 ........................................................................................................ 1

Fed. R. Civ. P. 45 ............................................................................................................... 1

**Statutes**

15 U.S.C. § 78aaa ............................................................................................................... 1

Pursuant to Fed. R. Bankr. P. 2004 and Fed. R. Civ. P. 45, made applicable by Fed. R.

Bankr. P. 9016, Khronos LLC ("Khronos") respectfully submits this reply memorandum of law,

together with the Supplemental Declaration of Rafael Mayer, dated September 7, 2020 (the

"Supplemental Mayer Declaration"), in further support of its motion (the "Motion") to quash the

Subpoena (the "Current Rule 2004 Subpoena") issued by Irving H. Picard (the "Trustee"),

trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC

("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.*[1]

## PRELIMINARY STATEMENT

1.      The Current Rule 2004 Subpoena serves no proper purpose and thus

should be quashed.

2.      In his opposition, the Trustee effectively concedes that the Current Rule

2004 Subpoena largely duplicates the requests in his Original 2004 Rule Subpoena.  The only

non-duplicative area of discovery identified by the Trustee concerns the liquidations of

Montpellier International and Prince Assets LDC in 2017 and 2019, respectively.  But discovery

into these liquidations is plainly beyond the scope of the Trustee's powers under Rule 2004

because there is no possibility that such discovery would yield information concerning potential

claims to recover customer property for the BLMIS estate.

3.      The initial Legacy transfers at issue occurred in 2007 and 2008.  The

Trustee offers absolutely no basis to connect those transfers to foreign liquidations occurring ten

and eleven years later.  Because there is no prospect that the requested discovery will aid the

Trustee in developing potential claims to benefit the BLMIS estate, the Current Rule 2004

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion (ECF Doc.
No. 19704).

Subpoena is improper and should be quashed, and the Trustee's relentless harassment of

Khronos through both litigation and subpoenas should be brought to an end.

        4.      The Trustee's last-ditch effort to seek a second round of Rule 2004

discovery from Khronos is a product of the Trustee's lack of diligence and lack of attention to

the discovery he obtained from Khronos' files a decade ago.  Contrary to the Trustee's

unsupported insinuations, Khronos has at all times been straightforward with the Trustee.

Khronos complied with the Original Rule 2004 Subpoenas and then endured the Trustee's

lawsuit against it, which was dismissed with prejudice, after over five years of litigation and

great expense and reputational harm.  It is an abuse of process for the Trustee to attempt to

subject Khronos to yet another round of discovery related to a case from which it was dismissed

on the merits, when the Trustee's claimed urgent need for such discovery arises from his own

delay and neglect of information in his possession, and when the discovery sought cannot

possibly give rise to a viable subsequent transferee claim for the benefit of the BLMIS estate.

        5.      In opposing Khronos' motion to quash, the Trustee does not dispute that

the alleged subsequent transfers from Legacy to Montpellier International and Prince Assets

LDC in 2007 and 2008, respectively, were identified in the documents produced to the Trustee

by Khronos a decade ago in response to the Original Rule 2004 Subpoenas.  It appears that the

Trustee never bothered to look at the information that had been produced to him.

        6.      The Trustee also does not dispute that he never sued or threatened to sue

Montpellier International or Prince Assets LDC, even though, if he believed in good faith that he

had potentially viable claims against them, he has had many years to pursue those claims or at

least to identify the claims.  Based on publicly available notices attached to the Declaration of

Jason S. Oliver in Opposition to Khronos' Motion, ECF Doc. No. 19752 (the "Oliver

2

Declaration"), the Trustee acknowledges that both Montpellier International and Prince Assets

LDC were liquidated in accordance with Bermuda and Cayman law, respectively.  In both cases,

the dissolution of these entities occurred many years after the transfers that the Trustee is now

inquiring about.  And in both instances, according to the face of the notices attached to the Oliver

Declaration, the liquidation of these entities expunged any claims not asserted against those

entities.

7.      The Trustee claims that he is deploying Rule 2004 discovery to try to

identify a subsequent transferee he can sue before November because he only just recently

learned for the first time in post-judgment discovery that Legacy lacks assets to satisfy the

judgment against it.  The Trustee's assertion is utter nonsense.  The Trustee himself alleged

correctly in his complaint back in 2010, based on information produced by Khronos in response

to the Original Rule 2004 Subpoenas, that Legacy's only asset was its account with BLMIS.

Legacy's lack of assets is not news to the Trustee, even though he tells the Court that it is.  The

Trustee has had more than a decade to consider the fact that Legacy has lacked any meaningful

assets since the collapse of BLMIS in December 2008.

8.      Certainly, the Trustee has broad powers under Rule 2004.  But those

powers are not limitless and are subject to the Court's supervision.  Here, the Trustee's subpoena

is an unwarranted attempt at a "do over" of its previous Rule 2004 subpoenas seeking Khronos'

files.  The current subpoena's requests are an incoherent effort to obtain irrelevant, voluminous

information for an unspecified period of time, because the subpoena does not even specify a time

period.  Beyond the burdens and redundancies and unfairness of it all, these discovery requests

serve no legitimate purpose, as it is absurd for the Trustee to posit that he can trace transfers that

3

date back to 2007 through more than a decade of transactions and then beyond the dissolution of

these foreign funds.

## ARGUMENT

### I.    THE SUBPOENA SHOULD BE QUASHED FOR LACK OF GOOD CAUSE

9.    The Current Rule 2004 Subpoena should be quashed because the Trustee

has failed to meet his burden to show that there is good cause for the subpoena. *See* Mot. at 5.

10.    The Opposition simply ignores, and thus concedes, that the vast majority

of requests in the Current Rule 2004 Subpoena are duplicative of requests that the Trustee made

in his Original Rule 2004 Subpoenas. In response to Khronos' argument that the Current Rule

2004 Subpoena is duplicative of the Original Rule 2004 Subpoenas, the Trustee says only that he

"did not intend to duplicate discovery efforts" and belatedly proposes to narrow the subpoena,

claiming that the Current Rule 2004 Subpoena "principally relate[s] to the foreign liquidations of

Montpellier and Prince and the nature and extent of any further subsequent transfers of BLMIS

customer property." Opp. at 5.[2]

11.    The Trustee claims that information relating to the liquidation of Prince

Assets LDC and Montpellier International is necessary to determine "the scope of his potential

claims" and to establish "any recovery claims he may have" against Prince Assets LDC,

Montpellier International, or investors that redeemed investments in connection with the

liquidations. Opp. at 8. The Trustee has failed to establish good cause for discovery relating to

these liquidations.

---

[2] If the Trustee was prepared all along to narrow the Current Rule 2004 Subpoena to information about
these two foreign fund liquidations, he should have made that proposal during the parties' meet-and-
confer process and not in a court filing after Khronos moved to quash. In any event, to the extent that the
Current Rule 2004 Subpoena duplicates the requests in the Original Rule 2004 Subpoena, all those
requests should be quashed. *See In re Brown*, No. 18-10617-JLG, 2018 WL 4944816, at \*3 (Bankr.
S.D.N.Y. Oct. 11, 2018); *In re Texaco, Inc.*, 79 B.R. 551, 553 (Bankr. S.D.N.Y. 1987).

12.     Any distributions made in connection with the liquidations of Montpellier

International and Prince Assets LDC cannot possibly be tied to the Legacy transfers that

occurred approximately a decade earlier.  Were the Trustee to bring such claims against

recipients of the distributions, the Trustee would be required to plead, and prove, that the funds

they received originated with the debtor.  *Picard v. Legacy Capital Ltd. (In re BLMIS)*, 548 B.R.

13, 36 (Bankr. S.D.N.Y. 2016).  Accordingly, the Trustee would need to show that funds from

BLMIS were transferred to the alleged subsequent-subsequent-subsequent transferee, *Picard v.*

*Shapiro (In re BLMIS)*, 542 B.R. 100, 119 (Bankr. S.D.N.Y. 2015), and allege the "necessary

vital statistics—the who, when, and how much of the transfers to establish that an entity was a

subsequent transferee of the funds."  *Id.* (internal quotations omitted); *see also Silverman v.*

*K.E.R.U. Realty Corp. (In re Allou Distribs., Inc.)*, 379 B.R. 5, 31 (Bankr. E.D.N.Y. 2007).

Barebones allegations that the funds at issue were transferred to alleged subsequent transferees,

without more detail, are insufficient.  *Sec. Inv'r Prot. Corp. v. BLMIS*, 531 B.R. 439, 472-74

(Bankr. S.D.N.Y. 2015); *see also In re Allou Distribs., Inc.*, 379 B.R. at 31 (trustee failed to state

a claim against investors as alleged subsequent transferees where trustee failed to plead that

payouts to investors, and ultimate proceeds from real estate investment, were derived from the

original fraudulent transfer); *In re BLMIS*, 542 B.R. at 119 (granting, in part, motion to dismiss

where the pleadings did "not tie any initial transfer to any subsequent transfer or Subsequent

Transferee").[3]

13.     Here, the Trustee offers no basis for him to believe that distributions made

in the course of foreign fund liquidations in 2017 and 2019 can possibly be traced to initial

_____

[3] Any claims also would fail because all transfers from Prince Assets LDC and Montpellier International
were made in good faith and in exchange for value, which further prevents the Trustee from articulating
the basis for any potentially viable claims relating to the discovery he is seeking.

transfers that occurred so many years earlier.  Accordingly, the discovery being sought serves no

legitimate purpose and the subpoena should be quashed for lack of good cause.

14.     Without citing any facts at all, the Trustee falsely paints a picture of Prince

Assets LDC and Montpellier International to make it appear as though they are pass-through

entities used to shelter BLMIS transfers for the benefit of Rafael Mayer and David Mayer.  In

fact, as explained in the Supplemental Mayer Declaration, as of June 2007, when the alleged

transfers from Legacy occurred, Montpellier International was a holding company in a larger

investment fund complex that operated as a fund-of-funds (the "Montpellier Group"); as of June

2007, the date of the alleged transfers from Legacy, the Montpellier Group's portfolio had a

value in excess of $3 billion, which was invested on behalf of more than 400 investors; the

Montpellier Group invested worldwide in numerous investments, and among those investments,

the allocation to Legacy represented less than 2.5% of the Montpellier Group's total portfolio

value.  Supp. Mayer Decl. ¶¶ 3-4.  The Montpellier Group companies were audited annually and

administered by third party firms, and supervised by independent directors. *Id.* ¶ 5.  The

Montpellier Group operated with a $600 million line of credit from two top European banks. *Id*.

Thus, it is frivolous for the Trustee to suggest that investors in Montpellier Group received

distributions in 2017 that are traceable to alleged transfers that occurred ten years earlier.[4]

Again, there is no possibility that the Trustee has viable claims against investors that received

liquidation distributions in good faith, many years after the initial BLMIS transfers at issue, from

a substantial fund with diversified investments of which Legacy's investment in BLMIS

represented a tiny fraction of the overall portfolio.  Thus, the Current Rule 2004 Subpoena

---

[4] The Trustee's arguments as to Prince Assets LDC are similarly frivolous.  However, as explained, Khronos ceased managing Prince Assets LDC at the end of 2015 and, accordingly, lacks authorization to provide detailed information about that fund.  Mayer Decl. ¶ 5.

should be quashed for lack of good cause because the Trustee has no legitimate interest in the information he seeks.

15.     The Trustee's extraordinary delay in inquiring about Prince Assets LDC and Montpellier International further demonstrates that the Trustee is now desperately grasping at straws and is not engaged in an appropriate use of his Rule 2004 subpoena powers.  The Trustee does not dispute that since at least 2010, when Khronos' files were produced to the Trustee, the Trustee has had all necessary information to identify Prince Assets LDC and Montpellier International as entities that allegedly received funds from Legacy.  Opp. at 13 (noting that "Khronos and the Mayers produced documents in 2010 to the Trustee indicating that Prince and Montpellier redeemed shares from Legacy").  Yet the Trustee has never asserted any claims, or threatened to assert any claims, against those entities, even though he named numerous alleged subsequent transferee defendants in the Legacy Adversary Proceeding, including Khronos, Rafael Mayer, David Mayer and others.  *See Picard v. Legacy Capital Ltd. (In re BLMIS)*, No. 10-05286 (SMB), ECF Doc. No. 1 (Legacy Adversary Proceeding Compl.).  The Trustee cannot now claim that he needs additional discovery to determine whether he has potential claims against investors in Prince Assets LDC and Montpellier International, entities that dissolved many years after the transfers in question, when he never followed up on the Original Rule 2004 Subpoenas and has never before asserted or threatened claims against Prince Assets LDC or Montpellier International.  *Cf. Sec. Inv'r Prot. Corp. v. BLMIS*, 590 B.R. 200, 210 (Bankr. S.D.N.Y. 2018) (denying Trustee's request for expedited discovery of matters subject to prior Rule 2004 discovery).[5]

---

[5] The Trustee claims *Securities Investor Protection Corp. v. BLMIS* is distinguishable in that it did not involve a Rule 2004 subpoena, but as the Court noted, the Trustee's discovery requests at issue in that case were similar to pre-litigation discovery under Rule 2004.  *Id.* at 208.  Here, like that case, the Trustee

16.     The Trustee's Opposition also fails to address the fact that the certificates

of dissolution for Montpellier International and Prince Assets LDC, which the Trustee attaches to

his declaration in opposition to the Motion, expunge all claims against those entities.  *See* Oliver

Decl. Ex. 2 at 4 & Ex. 3 at 2.  The Trustee does not dispute the validity of the liquidation

proceedings under Bermuda or Cayman law, and the Trustee had no trouble locating the public

notices for the two funds' respective liquidations.  The Trustee has not presented any argument

to overcome the expungement of any potential claims that he claims to have had against Prince

Assets LDC and Montpellier International.  Accordingly, as already argued above, there is no

legitimate basis for the discovery sought, and the Current Rule 2004 Subpoena lacks good cause

and should be quashed.  There simply is no conceivable way to tie distributions made to

investors from large, diversified investment funds in 2017 and 2019, respectively, back through

ten and eleven years of transactions to alleged transfers from Legacy that occurred in 2007 and

2008.  And even if, for the sake of argument, the transfers could be traced, there is no basis to

assert that investors who received distributions upon liquidation did not receive those

distributions in good faith and for value.  Further, even if potentially viable claims existed, they

have been expunged.  Without describing a potentially legitimate basis for bringing future

subsequent-subsequent-subsequent transferee claims against investors in Prince Assets LDC and

Montpellier International for distributions received when those funds liquidated, the Trustee

cannot establish good cause for the discovery he seeks and the subpoena should be quashed.  *In

re AOG Entm't, Inc.*, 558 B.R. 98, 108 (Bankr. S.D.N.Y. 2016).

---

belatedly seeks to supplement Rule 2004 discovery taken years ago.

## II.    KHRONOS DOES NOT HAVE CUSTODY, POSSESSION OR CONTROL OVER PRINCE ASSETS LDC'S INFORMATION

17.    Even if discovery into the liquidations served some legitimate purpose, the Current Rule 2004 Subpoena seeks information from Khronos that Khronos does not have in its custody, possession or control.  Again, Khronos informed the Trustee in its August 6, 2020 letter that Khronos no longer provides services to Prince Assets LDC; and, as a result, Khronos is not in possession, custody or control of Prince Assets LDC's information.  *See* Fisher Decl. Ex. C. Khronos ceased providing services to Prince Assets LDC or any affiliate thereof on December 31, 2015, well prior to the liquidation of Prince Assets LDC and nearly five years before the Trustee served the Current Rule 2004 Subpoena.  *See id.*  That the Trustee continues to press forward with his requests relating to Prince Assets LDC, even after Khronos has informed him that it does not possess such information, is further evidence of the Trustee's improper and harassing tactics against Khronos.[6]  If the Trustee believes he is genuinely entitled to documents about Prince Assets LDC's liquidation, he must seek those documents from Prince Assets LDC or potentially from the entity that served as its administrator from January 1, 2016 through its dissolution in 2019.

18.    The Trustee's baseless innuendo that Khronos destroyed documents related to Prince Assets LDC is false.  Khronos did not destroy Prince Assets LDC's documents; rather, access to and control of all such information was turned over to a new administrator several years ago.[7]  *See* Mayer Decl. ¶ 5.

---

[6] *In re Arkin-Medo, Inc.*, 44 B.R. 138 (Bankr. S.D.N.Y. 1984), is inapposite.  The subpoenaed creditor argued that it did not have knowledge of the debtor's reorganization or financial affairs, not that it did not have information concerning the more specific subject matter of the Rule 2004 subpoena, which sought information concerning the creditor's claim.  *Id.* at 139-40.  Moreover, unlike here, the creditor in *In re Arkin-Medo, Inc.* had not previously produced any files to the debtor.  *Id.* at 140.

[7] *Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 138 (2d Cir. 2007), is irrelevant, as the

9

III.     **THE CURRENT RULE 2004 SUBPOENA OVERLAPS SUBSTANTIALLY WITH THE CLAIMS IN THE LEGACY ADVERSARY PROCEEDING**

19.     The Trustee claims that the Legacy Adversary Proceeding is not relevant to the Current Rule 2004 Subpoena and that the pending proceeding rule does not apply, because Khronos was dismissed from the action and judgment was entered against Legacy.  *See* Opp. at 9.  As the Trustee acknowledges, the purpose of the pending proceeding rule is to prevent parties from circumventing the procedural safeguards afforded under the Federal Rules of Civil Procedure.  *See* Opp. at 9.  But the Trustee fails to acknowledge that in the Legacy Adversary Proceeding, he asserted claims against Khronos relating to the exact alleged transfers as to which the Trustee now seeks his second round of discovery.  Again, the Trustee seems to think that his subpoena relates only to the liquidation of Prince Assets LDC and Montpellier International, and he ignores that the Current Rule 2004 Subpoena demands that Khronos produce all documents relating to any "Subsequent Transfer" from Legacy, which presumably would include the alleged transfers that formed the basis of the Trustee's claims against Khronos and that remain the subject of a pending appeal before the Second Circuit.[8]

---

discovery in that proceeding concerned requests served on an individual, the plaintiff, seeking corporate documents from an entity that the plaintiff allegedly controlled.  *Id.* at 138-39.  Here, the Current Rule 2004 Subpoena is directed to Khronos; Khronos does not have possession or control of documents of its officers or directors unrelated to their roles with Khronos.

[8] The Trustee's argument that the pending proceeding rule should not apply because the Trustee does not currently have the ability to seek discovery under the Federal Rules ignores both that the Trustee could have sought discovery during the Legacy Adversary Proceeding, but chose not to, and that the Legacy Adversary Proceeding is subject to a pending appeal that could result in additional discovery in the event the decision is overturned.  The single case from this District cited by the Trustee in support of his argument is inapposite and ultimately substantially narrowed the Rule 2004 subpoenas.  *In re Glitnir banki hf.*, No. 08-14757 (SMB), 2011 WL 3652764, at 5-11 (Bankr. S.D.N.Y. Aug. 19, 2011).  The cases cited by the Trustee from other districts are neither binding on this Court nor persuasive, as they are factually distinguishable and concern discovery unrelated to their respective pending proceedings.  *In re Brooke Corp.*, No. 08-22786, 2013 WL 3948866, at *3 (Bankr. D. Kan. July 29, 2013) (subpoenaed parties were not party to pending adversary proceedings); *In re Washington Mut., Inc.*, 408 B.R. 45, 52-53 (Bankr. D. Del. 2009) (overlap in discovery was limited to "a single alleged fact" and subpoenaed party could not rely on pending proceeding to which it was not a party); *Secs. Inv'r Prot. Corp. v. Cont'l*

## NOTICE

20.     Notice of this Reply, together with the Supplemental Mayer Declaration,

will be provided by email or U.S. Mail to the Trustee and all parties included in the Master

Service List as defined in the Order Establishing Notice Procedures (ECF Doc. No. 4560).

## CONCLUSION

WHEREFORE, Khronos respectfully requests that the Court enter an order substantially

in the form of the Proposed Order attached as Exhibit A to the Motion, quashing the Current

Rule 2004 Subpoena in its entirety, and granting such other and further relief as the Court deems

just and proper.

Dated:   New York, New York
         September 7, 2020                    Respectfully submitted,

                                             **BINDER & SCHWARTZ LLP**

                                             /s/ Eric B. Fisher
                                             Eric B. Fisher
                                             Lindsay A. Bush
                                             Tessa B. Harvey
                                             366 Madison Avenue, 6th Floor
                                             New York, New York 10017
                                             Tel: (212) 510-7008

                                             *Attorneys for Khronos LLC*

---

*Capital Inv. Servs., Inc. (In re Cont'l Capital Inv. Servs., Inc.)*, No. 03-3370, 2009 WL 1604703, at *2
(Bankr. N.D. Ohio Mar. 6, 2009) (Rule 2004 subpoena sought information that party objected to and
refused to produce in adversary proceeding); *In re Int'l Fibercom, Inc.*, 283 B.R. 290, 292 (Bankr. D.
Ariz. 2002) (party not subject to prior discovery by the debtor).