**BakerHostetler**

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

September 8, 2020

Nicholas J. Cremona
direct dial: 212.589.4682
ncremona@bakerlaw.com

**VIA ECF AND VIA ELECTRONIC MAIL**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 723
New York, New York 10004-1408
Bernstein.chambers@nysb.uscourts.gov

Re:   Picard v. Kamenstein, et al. *Adv. Pro. No. 10-04469 (SMB)*

Dear Judge Bernstein:

We are counsel to Irving H. Picard, as trustee for the substantively consolidated SIPA liquidation of Bernard L. Madoff Investment Securities LLC under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa et seq. and the chapter 7 estate of Bernard L. Madoff. We write in response to the letter from the Defendants dated September 4, 2020 in the above-referenced adversary proceeding.

Defendants request a Rule 7056-1(a) pre-motion conference to move for summary judgment to be held together with the scheduled final pre-trial conference on September 30, 2020 [ECF No. 95] on two issues: (i) whether BLMIS or Bernard Madoff individually made the fraudulent transfers of fictitious profits to Defendants; and (ii) whether Tracy Kamenstein or Sloan Kamenstein received the fraudulent transfers of fictitious profits. While the Trustee agrees that the first issue could be decided as a matter of law,[1] the second issue will require a trial on an

---

[1] This issue is currently being addressed in pending motions for summary judgment in the District Court and the Bankruptcy Court. *See e.g., Picard v. RAR Entrepreneurial Fund LTD*, No. 20-cv-01029 (JMF) (S.D.N.Y.); *Picard v. Elaine Dine Living Trust dated 5/12/06*, No. 20-cv-01748 (AJN) (S.D.N.Y); *Picard v. Mark Horowitz*, No. 20-cv-02525 (DLC) (S.D.N.Y.); *Picard v. Lisa Beth Nissenbaum Trust*, No. 20-cv-03140 (JGK) (S.D.N.Y.); *Picard v. Zieses Investment Partnership*, No. 20-cv-02872 (VSB) (S.D.N.Y.); *Picard v. JABA Associates LP*, No. 20-cv-03836 (JGK) (S.D.N.Y.); *Picard v. Marlene Krauss*, No. 20-cv-04086 (LGS) (S.D.N.Y.); *Picard v. Philip F.*

Atlanta    Chicago    Cincinnati    Cleveland    Columbus    Costa Mesa    Denver    Houston
Los Angeles    New York    Orlando    Philadelphia    San Francisco    Seattle    Washington, DC

**VIA ECF AND VIA ELECTRONIC MAIL**

Honorable Stuart M. Bernstein
September 8, 2020
Page 2

issue of fact. It is undisputed that Tracy Kamenstein and Sloan Kamenstein maintained their own accounts at BLMIS. It is also undisputed that BLMIS issued checks consisting of withdrawals of fictitious profits to Tracy Kamenstein and Sloan Kamenstein from their respective BLMIS accounts. It appears, however, that funds were ultimately deposited into the bank account maintained by Tracy's and Sloan's parents—David and Carol Kamenstein. Defendants' position is that this renders Tracy and Sloan without liability. It does not. At best, whether Tracy and/or Sloan were the initial transferees is a question of fact that would require Tracy and Sloan's trial testimony concerning, among other matters, their dominion and control over the funds in their own BLMIS accounts. As a result, proceeding by way of trial is more appropriate. Furthermore, the Trustee intends to seek prejudgment interest, which continues to accrue in this case at the rate of approximately $23,614 per month.

Mediation took place on August 20, 2020 before the Honorable Allen Hurkin-Torres (Ret.). Three of the four defendants, including David Kamenstein (the purported manager of all four accounts) did not show up. The Mediator's Final Report was filed on August 28, 2020 [ECF No. 93].

Defendants continue to assert legally insufficient arguments—previously rejected by courts in this liquidation proceeding no less than nine times—in the face of clear and controlling precedent. *See, e.g., Picard v. Katz*, 462 B.R. 447, 453 (S.D.N.Y. 2011); *Picard v. Greiff*, 476 B.R. 715, 722-24 (S.D.N.Y. 2012); *Picard v. Nelson,* 610 B.R. 197, 236-37 (Bankr. S.D.N.Y. 2019) (noting that the legal defenses identical to those asserted here by the same counsel have been rejected numerous times). Defendants' refusal to acknowledge the law of the case and to return the fictitious profits stolen from the net loser victims after nearly 10 years since the commencement of this action militates in favor of this Court awarding prejudgment interest from the date of the complaint through judgment. *See Picard v. Lowrey*, Adv. Pro. No. 08-01789 (SMB), 2018 WL 1442312, at *15 (Bankr. S.D.N.Y. Mar. 22, 2018), as corrected (Mar. 26, 2018), report and recommendation adopted, 596 B.R. 451 (S.D.N.Y. 2019) (noting "[t]he award of prejudgment interest is discretionary, and absent a sound reason to deny it, it should be awarded."); *see also* Judgment, *Picard v. Nelson*, Adv. Pro. No. 10-04377 (SMB) (Bankr. S.D.N.Y. Dec. 9, 2019), ECF No. 205, Adv. Pro. No. 10-04658 (SMB) (Bankr. S.D.N.Y. Dec. 9, 2019), ECF No. 203 (awarding Trustee prejudgment interest at nine percent (9%) under New York Law, calculated from the date the complaints were filed to the date the judgments were entered); Final Judgment on Consent, *Picard v. Katz Group Limited Partnership*, Adv. Pro. No. 10-04419 (SMB) (Bankr. S.D.N.Y. June 1, 2020), ECF No. 87 (same). This Court must determine at trial whether the Trustee should be awarded prejudgment interest and if so, the appropriate rate and accrual date based on establishing the factors emphasized by courts in this District. As a matter of efficiency, this issue, along with the issues identified by Defendants, should be addressed in one trial before this Court without further delay.

---

*Palmedo*, No. 10-04749 (SMB) (Bankr. S.D.N.Y.); *Picard v. Estate of Seymour Epstein*, Adv. Pro. No. 10-04438 (SMB) (Bankr. S.D.N.Y.).

**VIA ECF AND VIA ELECTRONIC MAIL**

Honorable Stuart M. Bernstein
September 8, 2020
Page 3

   A trial is appropriate here where this Court has final adjudicative authority because the Defendants filed customer claims and objections to the determination of those customer claims. *See generally Nelson,* 610 B.R. 197; *see also Picard v. BAM L.P.*, 597 B.R. 466, 486 (Bankr. S.D.N.Y. 2019), *leave to appeal denied sub. nom. In re Bernard L. Madoff Inv. Sec. LLC,* 612 B.R. 257 (S.D.N.Y. 2020) (finding the Bankruptcy Court acquired equitable jurisdiction because the Trustee's avoidance action was commenced after defendants filed customer claims and related objections). A trial will rectify the harms imposed on the net loser victims by Defendants, who have wrongfully withheld their stolen money for over a decade.

   The Trustee will plan to address these matters at the pre-trial conference scheduled for September 30. If the Court should have any questions in the meantime, please do not hesitate to have a member of Your Honor's staff contact the undersigned.

                Respectfully submitted,

                */s/ Nicholas J. Cremona*

                Nicholas J. Cremona
                Partner

cc:   Helen Davis Chaitman, Esq. (via Electronic Mail)