**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 10-04390 (CGM) |
| Plaintiff, | |
| v. | |
| MICHAEL MANN, MERYL MANN and BAM L.P., | |
| Defendants. | |

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT**
**OF MOTION *IN LIMINE* TO EXCLUDE THE TESTIMONY OF LISA M. COLLURA**

Defendants Michael Mann, Meryl Mann and BAM L.P. (the "Defendants") hereby submit this Reply Memorandum in support of the Defendants' Motion *In Limine* to Exclude the Report and Testimony of Lisa M. Collura, dated August 27, 2020, (Adv. Proc. Dkt. No. 218) ( the "Motion"), specifically in response to the Trustee's Memorandum of Law in Opposition to Defendants' Motion *In Limine* to Exclude the Testimony of Lisa M. Collura, dated September 4, 2020, (Adv. Proc. Dkt. No. 221) (the "9/4 Trustee Memorandum or "9/4 Trustee Mem."), and respectfully state as follows:

1.      The sole issue to be tried of any relevance to Ms. Collura's work as an expert witness is:

> "Whether the Two-Year Transfers were transfers by the debtor within the meaning of SIPA § 78fff-2(c)(3) and 11 U.S.C. § 548 (a)(1)(A)."
>
> (Amended Joint Pretrial Order, so ordered August 12, 2020 (Adv. Proc. Dkt. No. 209) (the "Pretrial Order" p. 20, ¶ 76)).

2.      The Pretrial Order also provides: "Lisa M. Collura . . . will testify on the Trustee's proof of transfers to the Defendants as set forth in her expert report dated June 12, 2015," (Pretrial Order p. 21, Section XII).

3.      There is no discussion in Ms. Collura's June 12, 2015 Report of whether the Two-Year Transfers were transfers by the debtor. Consequently, Ms. Collura's Report and testimony should be excluded and the Motion should be granted.

4.      The arguments in the 9/4 Trustee Memorandum do not change the above. The Trustee's primary argument[1] is to state repeatedly that Ms. Collura will confirm a *conclusion*: that the bank accounts in question were held by the SIPA debtor, Bernard L. Madoff Investment Securities LLC ("BLMIS") (9/4 Trustee Mem. pp. 1 - 4). Nowhere in the 9/4 Trustee Memorandum or Ms. Collura's Report is there a discussion of the *basis* (if any) for that conclusion.

---

[1]   The Trustee also argues the Motion is in essence a motion for summary judgment that Defendants were obliged to have made earlier in the case (9/4 Trustee Mem. pp. 2, 11 - 12). To the extent Defendants understand this argument, it is mistaken as Defendants did request permission from Judge Bernstein to cross-move for summary judgment (*see* Letter dated February 5, 2019, (Adv. Proc. Dkt. No. 152)),which Judge Bernstein pointed out was unnecessary given Federal Rule of Bankruptcy Procedure 7056 and Federal Rule of Civil Procedure 56(f)(1).

5. Confirming the irrelevance of any testimony from Ms. Collura are the excerpts of Ms. Collura's testimony in the *Nelson* case,[2] cited in the moving papers for this Motion, demonstrating Ms. Collura was not aware of any facts showing the bank accounts were ever transferred to the debtor Bernard L. Madoff Investment Securities LLC ("BLMIS"). *See* Defendants' Memorandum of Law in Support of Motion *In Limine* to Exclude the testimony of Lisa Collura, dated August 27, 2020 (Adv. Proc. Dkt. No. 218) at 8 - 9.

6. Indeed, a key event in determining which entity held the bank accounts is the formation of BLMIS in 2001. Prior to 2001, the bank accounts obviously were the property of the Madoff sole proprietorship. The record evidence is overwhelming that, as part of and following that 2001 BLMIS formation, the investment advisory business (including the bank accounts) remained with the Madoff sole proprietorship and did not transfer to BLMIS. Ms. Collura by her own admission never evaluated that 2001 formation and related transactions, and does not have the expertise to testify regarding the significance of that formation.

---

[2] *Picard v. Nelson,* Adv. Proc. Nos. 10-04377 (SMB) and 10-04658 (SMB).

## CONCLUSION

For the reasons stated above and in the Defendants' Motion papers, the Defendants respectfully ask this Court to grant the Defendants' Motion *In Limine* and exclude the Report and testimony of Lisa Collura.

Dated: September 10, 2020
New York, New York

**DENTONS US LLP**

By: */s/Arthur H. Ruegger*
Arthur H. Ruegger
Carole Neville
1221 Avenue of the Americas
New York, New York 10020
Tel:    (212) 768-6700
Fax:    (212) 768-6800
Email: arthur.ruegger@dentons.com
Email: carole.neville@dentons.com

*Attorneys for Defendants*