# BakerHostetler

Baker & Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

Nicholas J. Cremona
direct dial: 212.589.4682
ncremona@bakerlaw.com

September 10, 2020

**VIA ECF**

The Honorable Stuart M. Bernstein
United States Bankruptcy Judge
Southern District of New York
One Bowling Green
New York, NY 10004-1408

Re:    *Irving H. Picard v. Estate of Robert Shervyn Savin,* Adv. Pro. No. 10-04889

Dear Judge Bernstein:

    We are counsel to Irving H. Picard, trustee (the "Trustee") for the substantively consolidated liquidation proceedings of Bernard L. Madoff Investment Securities LLC ("BLMIS") and the estate of Bernard L. Madoff ("Madoff") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa–*lll*.  We write to advise Your Honor of the status of the above-referenced adversary proceeding (the "Action") and request a final pre-trial conference be scheduled.

    On February 3, 2020, Defendants filed a motion for (1) mandatory withdrawal of the bankruptcy reference, and (2) dismissal of the Trustee's complaint for lack of subject matter jurisdiction (the "Motion").  [Adv. Pro. No. 10-04889, ECF No. 16].  The Motion proceeded in district court before the Honorable Laura Taylor Swain.  On March 11, 2020, the Trustee filed his Opposition [No. 20-cv-01186, ECF No. 6], and on March 31, 2020, Defendants filed their Reply.  [No. 20-cv-01186, ECF No. 10].  On May 8, 2020, the Trustee filed his Sur-Reply at Judge Swain's direction to address Defendants' claims that the Bankruptcy Court lacked the equitable power to adjudicate the Action because the Defendants' proof of claim was resolved prior to the initiation of the Action. [No. 20-cv-01186, ECF Nos. 11, 12].

September 10, 2020
Page 2

    On September 8, 2020, Judge Swain issued her decision.  *Picard v. Savin,* Adv. Pro. No. 08-01789 (Bankr. S.D.N.Y. Sept. 8, 2020), ECF No. 19781 (the "Opinion"), denying Defendants' Motion on multiple bases.

    First, Judge Swain declined to grant mandatory withdrawal pursuant to 28 U.S.C. § 157(d), based on Defendants' failure to specify any federal non-bankruptcy laws that required "substantial and material consideration, much less explain the significance of any such laws in the context of the avoidance action."  Opinion at 8.  Judge Swain determined that Defendants did not meet their burden of showing that withdrawal of the reference was mandatory because they had not "offered any explanation as to why the determination they seek will require significant interpretation of non-bankruptcy federal laws rather than a routine application of the Constitution and federal statutes to a particular set of facts such that they may overcome the narrow scope this Circuit gives to mandatory withdrawal under section 157(d)."  Opinion at 10 (citing *In re Extended Stay*, 466 B.R. 188, 203 (S.D.N.Y. 2011) (internal quotation marks omitted).

    Judge Swain also declined to exercise permissive withdrawal, finding that Defendants "consented to the bankruptcy court's exercise of equitable jurisdiction" by filing their customer claim.  Opinion at 13 (citing *Picard v. BAM L.P.*, 612 B.R. 257, 265 n.6 (S.D.N.Y. 2020) (finding that the filing of a statement of claim under SIPA is the functional equivalent of filing a claim in a bankruptcy case) (citations omitted).  Judge Swain explained that the Trustee's fraudulent transfer claims "implicates the claims-allowance process that Savin initiated in bankruptcy court."  *Id.*  Neither the absence of an objection to the Trustee's determination of the customer claim, nor the disallowance of the customer claim prior to the filing of the Action has any relevance here because the disallowance of a proof of claim "does not affect the bankruptcy court's authority to decide a trustee's claim, as it is the filing of the proof of claim that invokes the waiver" of a jury trial in this Court.  *Id.*  (citing *Picard v. Greiff*, 617 B.R. 198, 205 (S.D.N.Y. 2020) (collecting cases)).

    Accordingly, the Action is ready for trial and the Trustee respectfully requests the Court schedule the Action for a pretrial conference on September 30, 2020.

Respectfully submitted,

*/s/ Nicholas J. Cremona*

Nicholas J. Cremona
Partner

cc:    (*via email*)
       Helen Davis Chaitman, Esq.