# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

September 23, 2020

Tatiana Markel
direct dial: 212.589.4615
tmarkel@bakerlaw.com

**VIA ECF**

The Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

*Re:    David Gross's Submission, Adv. Pro. No. 08-01789, ECF No. 19797*

Dear Judge Bernstein:

We represent Irving Picard (the "Trustee"), as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. § 78aaa-*lll*, and the substantively consolidated chapter 7 estate of Bernard L. Madoff.

This letter responds to Mr. Gross's most recent submission, in which Mr. Gross appears to assert that the Trustee is holding up the FINRA arbitration Mr. Gross initiated against certain of the Cohmad defendants. The first page of Mr. Gross's submission is undated, but it appears that the second page was written in 2015. On April 1, 2019, the Court issued an Order (the "April 2019 Order") that, among other things, vacated the injunction that preliminarily enjoined the FINRA arbitration. *Picard v. Gross*, Adv. Pro. No. 10-4667, ECF No. 108. It is unclear whether Mr. Gross has moved forward with the FINRA arbitration; however, pursuant to the Court's April 2019 Order, he is certainly free to do so. The Trustee has adhered to the April 2019 Order.

Mr. Gross's submission also contains hand-written notes asking to "please account for all pension accounts." Over the past month or so, Mr. Gross has been sending documents to the Trustee and AlixPartners via fax and first-class mail with a similar message, almost on a daily basis. A few weeks ago, I spoke to Mr. Gross in order to find out the purpose of the recent flurry of correspondence. Mr. Gross indicated that he believes the Trustee owes him money.

We refer the Court to a letter the Trustee filed on February 14, 2019, ECF No. 18478 ("2019 Letter"), responding to a submission made by Mr. Gross under similar circumstances. In that letter, the Trustee indicated the steps that were taken to assist Mr. Gross in understanding

The Honorable Stuart M. Bernstein
September 23, 2020
Page 2

that he is a net winner and does not hold an allowable claim against the BLMIS estate. When speaking to Mr. Gross in recent weeks, he appeared to suggest that he's looking for an accounting. I explained that we provided all relevant documents to him in hard copy in 2017. Unfortunately, Mr. Gross does not recall receiving that documentation from the Trustee. However, as documented in Exhibit C to the 2019 Letter, the Trustee made a hard-copy document production in March 2017. I have spoken to Mr. Gross at least a dozen times over the last few years, have sent him letters and emails, yet he does not appear to remember who I am. We have explained to Mr. Gross that he may retain counsel, but he refuses to do so.

In an effort to resolve this matter and avoid further burdening this Court, the Trustee will re-produce all relevant account documents to Mr. Gross. However, the Trustee remains concerned that these measures will not conclude this inquiry because, as documented in Exhibit C to the 2019 Letter, the Trustee's prior production of these documents only further confused Mr. Gross.

We hope that the above and the Trustee's production of the relevant documents sufficiently addresses Mr. Gross's submission. We welcome any further guidance from the Court.

Respectfully submitted,

*s/Tatiana Markel*


Tatiana Markel


cc:     Mr. David Gross, *pro se (*via first-class mail and email)