**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, | Adv. Pro. No. 10-04362 (SMB) |
| Plaintiff, | |
| v. | |
| SAGE ASSOCIATES, *et al.*, | |
| Defendants. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, | Adv. Pro. No. 10-04400 (SMB) |
| Plaintiff, | |
| v. | |
| SAGE REALTY, *et al.*, | |
| Defendants. | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION *IN LIMINE* TO EXCLUDE THE TRUSTEE'S EXPERT REPORTS, FBI 302 STATEMENT, AND <u>TESTIMONY OF SPECIAL AGENT THEODORE CACIOPPI</u>**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................... ii

I.   THE TRUSTEE'S EXPERT REPORTS SHOULD BE EXCLUDED .............................. 1

II.  THE 302 STATEMENT AND SPECIAL AGENT CACIOPPI'S TESTIMONY
     SHOULD BE EXCLUDED .............................................................................................. 2

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Daubert v. Merrell Dow Pharm., Inc.*,
    509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993) ............................................................. 1

*In re Quigley Co., Inc.*,
    437 B.R. 102 (Bankr. S.D.N.Y. 2010) ................................................................................... 1, 2

*Picard v. Nelson*,
    610 B.R. 197 (Bankr. S.D.N.Y. 2019) ................................................................................... 1, 2

*Sommerfield v. City of Chicago*,
    254 F.R.D. 317 (N.D. Ill. 2008) .................................................................................................. 1

*Thakore v. Universal Mach. Co. of Pottstown, Inc.*,
    670 F. Supp. 2d 705 (N.D. Ill. 2009) ......................................................................................... 1

*U.S. v. Almonte*,
    956 F.2d 27 (2d Cir. 1992) ........................................................................................................ 2

**Other Authorities**

Fed. R. Evid. 106 ............................................................................................................................ 3

Fed. R. Civ. P. 26 ............................................................................................................................ 1

*Guidelines Regarding the Appropriate Use of 302 Forms in Criminal Trials*,
    Judge Katherine B. Forrest (June 11, 2018) ......................................................................... 2, 3

1. Defendants Sage Associates, Sage Realty, Malcolm H. Sage, Martin A. Sage, and Ann M. Sage Passer move to exclude the expert reports of Bruce Dubinsky, Matthew Greenblatt, and Lisa Collura (collectively, the "Trustees' Expert Reports") as well as the Federal Bureau of Investigation 302 Statement prepared by Special Agent Theodore Cacioppi, transcribed on December 18, 2008 (the "302 Statement"), and Special Agent Cacioppi's testimony concerning the interview of Bernard L. Madoff ("Madoff") reflected in the 302 Statement.

## I. THE TRUSTEE'S EXPERT REPORTS SHOULD BE EXCLUDED

2. In *Picard v. Nelson*, 610 B.R. 197 (Bankr. S.D.N.Y. 2019), Plaintiff Irving H. Picard (the "Trustee") sought to introduce the Trustee's Expert Reports as evidence. This Court properly excluded the Trustees' Expert Reports because "'[a]s a rule, expert reports are hearsay.'" *Nelson*, 610 B.R. at 224 (quoting *In re Quigley Co., Inc.*, 437 B.R. 102, 151 (Bankr. S.D.N.Y. 2010)). *See also Thakore v. Universal Mach. Co. of Pottstown, Inc.*, 670 F. Supp. 2d 705, 724 (N.D. Ill. 2009) ("[E]xpert reports under Rule 26 are not independently admissible. . . . It may be noted that the Conference Committee comments to the proposed amendments to Rule 26 state that expert reports themselves are not admissible.") (listing authorities); *Sommerfield v. City of Chicago*, 254 F.R.D. 317, 329 (N.D. Ill. 2008) (citing cases).

3. The Trustee argued in *Nelson*, and will presumably argue again here, that the Trustees' Expert Reports (as well as all of their respective charts, tables, figures, and exhibits) should be admitted because they are "helpful to the Court". *Nelson*, 610 B.R. at 224. But as the Court correctly observed, "[w]ere this the sole basis for admission, few expert reports that passed through the gate, *see Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589-95, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), would be excluded." *Id.* Thus, the Court saw "no reason to depart from the general rule and admit the Expert Reports." *Id.*

1

4.      Likewise, there is no reason for the Court to depart from its ruling in *Nelson* here. The Trustee's experts will have the opportunity to testify,[1] offer their opinions during their direct examination, and be subject to cross examination. If the Trustee' counsel wants to introduce particular charts, tables, figures, or exhibits from the Trustees' Expert Reports during direct examination, counsel will have the opportunity to lay the appropriate foundation, as they had in *Nelson*. *Nelson*, 610 B.R. at 225-26. But there is no basis on which to admit wholesale the expert reports (or their respective charts, tables, figures, and exhibits), which are hearsay.

5.      Accordingly, the Trustees' Expert Reports should be excluded from evidence.

## II.     THE 302 STATEMENT AND SPECIAL AGENT CACIOPPI'S TESTIMONY SHOULD BE EXCLUDED

6.      The 302 Statement and Special Agent Cacioppi's testimony concerning the Madoff interview after his arrest should likewise be excluded as hearsay.

7.      Then Judge Katherine B. Forrest's *Guidelines Regarding the Appropriate Use of 302 Forms in Criminal Trials*, dated June 11, 2018, are instructive. (Declaration of Andrew B. Kratenstein, dated October 14, 2020 ("Kratenstein Decl."), Exhibit A.) As Judge Forrest explained, "it is clear that (1) 302s do not *per se* fall within any exception to the hearsay rule, and (2) statements attributed to a witness that are contained in 302s are not relevant unless the witness adopts them or is otherwise shown to have made them. *See, e.g.*, *U.S. v. Almonte*, 956 F.2d 27, 29 (2d Cir. 1992) (holding that a 'third party's characterization' of a witness's statement does not constitute a prior statement of that witness unless the witness has subscribed to that characterization' and that '[t]he problem, in essence, is one of relevancy')." (*Id.* at 1-2) (second internal quotations omitted). Thus, "rarely does a 302 come into evidence." (*Id.* at 2.)

---

[1] The parties are in the process of negotiating stipulated facts that may result in the Trustee removing Mr. Greenblatt from the Trustee's witness list and his report from the Trustee's exhibit list.

2

8. Here, Madoff never subscribed to the statements attributed to him in the 302 Statement. In fact, he repudiated many of them. (Kratenstein Decl. Ex. B at 626:4-640:25.) Thus, the 302 Statement does not qualify as a prior inconsistent statement.

9. Judge Forrest also explained that a 302 statement can be used to impeach a witness at trial, such as by asking the witness:

- Q: On direct you testified "X". Isn't it true that you previously told FBI agents "Y"
- Q: Do you recall being interviewed by the FBI on X date? Didn't you tell the FBI agents "Y"?

(*Id.* at 6.) However, Judge Forrest also made clear that, "The 302 may be used to refresh recollection, but counsel should not be permitted to identify a statement as contained in 'notes' and confront the witness with it (*since the 302 itself is inadmissible*)." (*Id.*) (emphasis added).

10. In addition, even if the 302 Statement was not inadmissible hearsay – which it is – it is an incomplete document as it contains redactions[2] and Agent Cacioppi's underlying notes of his interview of his interview of Madoff were never produced despite the Trustee's request.[3] *See* Fed. R. Evid. 106.

11. Finally, the Trustee has indicated that he intends to call Special Agent Cacioppi to testify at trial. As Special Agent Cacioppi's testimony concerns the statements allegedly made by Madoff as reflected in the 302 Statement, that testimony is likewise hearsay and should be excluded.

---

[2] The Trustee has included on its trial exhibit list two versions of the 302 Statement, a heavily redacted version that was shown to Madoff at his deposition (Kratenstein Decl. Ex. C) and a less heavily redacted version (Kratenstein Decl. Ex. D) that was not shown to Madoff at his deposition.

[3] *See* Letter dated February 15, 2019, from Arastu K. Chaudhury, Assistant United States Attorney, to Fernando A. Bohorquez, Jr. (Kratenstein Decl. Ex. E) at 2-3.

3

12. Accordingly, for all of these reasons, the 302 Statement and Special Agent Cacioppi's testimony should be excluded from evidence.

Dated: October 14, 2020
     New York, New York

McDermott Will & Emery LLP

*/s/Andrew B. Kratenstein*
Andrew B. Kratenstein
340 Madison Avenue
New York, New York 10173-1922
Telephone: (212) 547-5400
Facsimile: (212) 547-5444

*Attorneys for Defendants Sage Associates, Sage Realty, Malcolm H. Sage, Martin A. Sage, and Ann M. Sage Passer*

4