# EXHIBIT E

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

86 Chambers Street
New York, New York 10007

February 15, 2019

**VIA EMAIL**
Fernando A. Bohorquez, Jr., Esq.
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, NY 10111

      RE:    *In re Touhy Request for FBI 302s and Testimony Regarding Bernard L. Madoff*

Dear Mr. Bohorquez:

    I write on behalf of the U.S. Attorney's Office (the "Office") and the Federal Bureau of Investigation ("FBI") (collectively, the "Government") to respond to your letter dated September 17, 2018, which requests the production of FBI form FD-302 (the "302 Statement") and associated notes (the "302 Notes") generated in connection with Government proffer interview of Bernard L. Madoff ("Madoff") on December 16, 2008 (the "Proffer Session"), as well as the testimony of former and current FBI Special Agents in connection with the 302 Statement and 302 Notes (the "Testimony," collectively, the "*Touhy* Request").

    As set forth in the *Touhy* Request, you have identified recent instances when Madoff testified that his fraud began in the 1990s, which is inconsistent with various other statements made by Madoff (and other co-conspirators), including statements recorded in the 302 Statement. You now request that the Government release the 302 Statement and 302 Notes, and authorize the Testimony in order to help resolve a factual issue regarding when Madoff's fraud began, which is a core factual issue in over 100 Avoidance Actions currently on-going in U.S. Bankruptcy Court.

    Per our discussions and for the reasons set forth below, this Government grants your request in part and denies it in part.

    **A.  Touhy Regulations**

    The Department of Justice ("DOJ"), like all federal agencies, has broad discretion to determine whether its employees will be permitted to produce documents in matters, such as this one, in which the government is not a party. *See United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951) (authorizing such regulations). The procedural and substantive factors governing the DOJ's determination are set forth in the agency's so-called "*Touhy*" regulations. *See* 28 C.F.R. §§ 16.21 to 16.29 (the "DOJ *Touhy* regulations"). As a component of DOJ, disclosure of official information by this Office is governed by applicable DOJ *Touhy* regulations.

    The DOJ *Touhy* regulations channel review of demands to the responsible United States Attorney, and provide a set of procedures for the United States Attorney to follow when

considering those demands. *See* 28 C.F.R. §§ 16.22(b), 16.24. The regulations "provide guidance for the internal operations of the Department of Justice," and do not create substantive rights. *Id.* § 16.21(d).

Ordinarily, a party seeking to obtain records and employee testimony from the Department must first submit a written demand. *See* 28 C.F.R. § 16.22(a). Under the Department's *Touhy* regulations, a party seeking DOJ records must summarize the records sought and explain the relevance of those records to his proceeding. *See id.* § 16.22(d) ("When information other than oral testimony is sought by a demand, the responsible U.S. Attorney shall request a summary of the information sought and its relevance to the proceeding."). Once the party complies with these procedural requirements, the United States Attorney will make a determination regarding the party's demand in light of the considerations codified at 28 C.F.R. §§ 16.24, 16.25, 16.26. Applying those considerations, the Department will make appropriate disclosures when warranted. *See* 28 C.F.R. § 16.26(c) (authorizing "disclosure, unless, in that person's judgment, after considering paragraph (a) of the section, disclosure is unwarranted").

### B. The Government Approves the Release of the 302 Statements in Part

The Touhy Request states that in the course of Madoff's 2017 deposition, he contradicted statements recorded in the 302 Statement, criticized the questions he was asked, and objected to the redactions of the 302 Statement. *See Touhy* Request at 3. Additionally, you have advised us that Bankruptcy Judge Bernstein has expressed skepticism about the authenticity and nature of the 302 Statement in the form you currently have it.

The Government has reviewed the 302 Statement again, and will agree to produce the 302 Statement in full, save for redactions necessary to comply with the Privacy Act of 1974, 5 U.S.C. 552a. Documents, bearing bates stamps USAO-MADOFF 000015-28, are enclosed.

Any redactions in those records are made pursuant to the Privacy Act, which provides, in pertinent part that "No agency shall disclose any record which is contained in a system of records by any means of communication to any person, . . . except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains" unless one of the statutory exceptions applied, none of which is applicable here. 5 U.S.C. § 552a(b). The 302 Statement constitutes information that is within a system of records of the Government, and reference to individuals must be redacted absent a waiver.

### C. The Government Approves the Testimony in Part

The *Touhy* Request also states that during Madoff's 2017 deposition in connection with the Avoidance Actions, Madoff "gave additional testimony that directly contradicts the account provided at the Proffer Session and memorialized in the 302 Statement." *Touhy* Request at 3. The *Touhy* Request also states that because the two Special Agents identified in the Request "both participated in the Proffer Session and authored the 302 Statement and 302 Notes, they are the only individuals who can testify with personal knowledge about the Proffer Session and authenticate those documents." *Id.* at 3-4. The *Touhy* Request asserts that there is no other source of testimony about the Proffer Session, that this testimony will rebut Madoff's statements, and that

the testimony (in connection with the 302 Statement) may assist in the recovery of additional funds for the victims of Madoff's fraud.

Based on the foregoing as well as our discussions, the Government will authorize testimony of one of the identified Special Agents, Theodore Cacioppi, on the topics of (1) his background, (2) his personal recollection of the Proffer Session as it pertains statements made by Madoff about when his fraud began, (3) the Special Agent's note-taking practices in general, (4) his note-taking practices during the Proffer Session, and (5) authentication of the 302 Statement.

Additionally, we will only authorize the Special Agent to testify by deposition by written question pursuant to Fed. R. Civ. P. 31. The Trustee and his counsel should coordinate with the other parties in the relevant Avoidance Actions to develop a list of questions to be jointly submitted to the United States Attorney's Office. The Government reserves the right to object to any question, *inter alia*, because it seeks information beyond the scope of this authorization.

The foregoing limitations are "proportional" to the needs of the case as articulated in the *Touhy* Request, Fed. R. Civ. P. 26(b)(1), and are appropriate limitations on scope of the testimony given the information sought and its relevance to the proceeding, *see* 28 C.F.R. § 16.22(c)-(d). Additionally, subjecting the Special Agent to an unbounded, in-person deposition, which is associated with over 100 Avoidance Actions, would constitute an undue burden on the Government that diverts resources from other law enforcement activities. *See* 28 C.F.R. § 16.26(a)(1); Fed. R. Civ. P. 26(b). Given the narrow factual questions relevant to Avoidance Actions to which the Special Agent may have pertinent information, the limitations placed on the nature and manner of his testimony strikes the appropriate balance between the needs of the litigation and the burden on the Government.

For the foregoing reasons, the Government makes a limited authorization for testimony by deposition by written question of Special Agent Theodore Cacioppi.

### D. The Government Denies the Production of the 302 Notes

The Government denies the remainder of your *Touhy* Request. We will not produce 302 Notes relating to the Proffer Session. Pursuant to the Federal "housekeeping statute," 5 U.S.C. § 301, and 28 C.F.R. § 16.26(b), disclosure of Government materials is prohibited by any DOJ official in response to a *Touhy* request when, *inter alia*, such disclosure would violate a rule of procedure or the disclosure would reveal investigatory records compiled for law enforcement purposes. *See e.g.*, 28 C.F.R. § 16.26(b). These concerns are present here.

*First*, the remaining materials sought are work-product protected. In *United States* v. *Gupta*, 848 F. Supp. 2d 491 (S.D.N.Y. 2012), the Court described the defendants' request in that case for SEC attorney's notes and memoranda as "classic work product" protected under Rule 26(b)(3) of the Federal Rules of Civil Procedure, citing a series of cases for that proposition. *Gupta*, 848 F. Supp. 2d 496. The Court then explained that the work product privilege can be overcome, but not without the defendant showing a "substantial need" for such documents and a showing that defendant "cannot, without undue hardship, obtain their substantial equivalent by other means." *Id.* In *Gupta*, the Court ultimately held that defendants *had* demonstrated a

USAVAC0000017

08-01789_CATCAA0000116

substantial need for the SEC materials, but he did so only to the extent that *Gupta* sought disclosure of the notes and memoranda that were classified as *Brady* material in his pending criminal case. *Id.*

Here, in contrast, there is no pending criminal case. Indeed, in *Gupta*, the Court denied co-defendant Raj Rajaratnam's motion because he was "not a party to the criminal case" and presumably, was therefore unable to demonstrate the compelling "substantial need" necessary to breach the work product protection for purposes of his civil case. *Id.* at 496-97. The court in *United States* v. *Villa*, No. 12 Cr. 40, 2014 WL 280400, at *5 (D. Conn. Jan. 24, 2014), cited *Gupta* for that exact proposition: "[T]he SEC's assertion of work product protection [was] overcome by Gupta's substantial need for *Brady* material, but only to the extent of any *Brady* material in the SEC's notes and memoranda, and not otherwise." Accordingly, unlike *Gupta*, in this case there is no compelling ground such as *Brady* concerns that would warrant breaching the Government's work product protection. Moreover, the Government notes that information concerning the timing of Madoff's fraud is also available in the form of the 302 Statement the Government is releasing now as well as trial testimony and public allocutions of various defendants convicted in connection with the Madoff fraud. Thus, there are also alternative sources (*i.e.*, a "substantial equivalent") for the information you seek.

*Second*, as *Villa* discusses, Rule 16 of the Federal Rules of Criminal Procedure also exempts from disclosure "internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case." Fed. R. Crim. P. 16(a)(2); *Villa*, 2014 WL 280400, at *5. There can be no question that the 302 Notes were made by Government agents in connection with prosecuting Madoff. Accordingly, Rule 16 precludes disclosure of these materials in the follow-on bankruptcy case.

For the foregoing reasons, the Government denies your request for the 302 Notes.

Sincerely,

GEOFFREY S. BERMAN
United States Attorney
Southern District of New York

By:  */s/Arastu K. Chaudhury*
ARASTU K. CHAUDHURY
Assistant United States Attorney
Tel.: (212) 637-2633
arastu.chaudhury@usdoj.gov

*Attorney for the Government*