**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |

In re:

BERNARD L. MADOFF,

Debtor.

| | |
|---|---|
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, | Adv. Pro. No. 10-04362 (SMB) |
| Plaintiff, | |
| v. | |
| SAGE ASSOCIATES, *et al*; | |
| Defendants. | |

| | |
|---|---|
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, | Adv. Pro. No. 10-04400 (SMB) |
| Plaintiff, | |
| v. | |
| SAGE REALTY, *et al.*, | |
| Defendants. | |

**TRUSTEE'S MEMORANDUM OF LAW IN SUPPORT OF**
**TRUSTEE'S MOTION *IN LIMINE* NUMBER 2 TO**
**EXCLUDE DEPOSITION TESTIMONY OF BERNARD L. MADOFF**

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ......................................................................................1

ARGUMENT ................................................................................................................2

I.  IMPROPER EXPERT TESTIMONY ...................................................................2

    A.  Madoff's Testimony is Improper Expert Opinion and Should be Excluded
       for Failure to Comply with Fed. R. Civ. P. 26(a) ....................................................2

    B.  Madoff is Not a Hybrid Expert/Fact Witness .........................................................4

II.  LACK OF PERSONAL KNOWLEDGE ..............................................................6

III.  INADMISSIBLE HEARSAY ..............................................................................7

IV.  LACK OF RELEVANCE, UNFAIRLY PREJUDICIAL, AND UNDULY
    DELAYS TRIAL AND WASTES TIME....................................................................8

CONCLUSION.............................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Amica Mutual Ins. Co. v. WHAC LLC*,
   447 F. Supp. 3d 6 (W.D.N.Y. 2020) ......................................................................4

*Bank of China, New York Branch v. NBM LLC*,
   359 F.3d 171 (2d Cir. 2004) ...............................................................................5

*Basile v. Spagnolai*,
   346 Fed. App'x 687 (2d Cir. 2009) ......................................................................7

*Boykin v. Western Express*,
   No. 12-cv-7428(NSR), 2016 WL 8710481 (Feb. 5, 2016) ......................................8

*Bruce Lee Enterprises, LLC v. A.V.E.L.A. Inc.*,
   No. 10-cv-2333 (KMW), 2013 WL 822173 (S.D.N.Y. Mar. 6, 2013) .....................7

*Constantinou v. United States*,
   No. 3:16-CV-608, 2017 WL 8776958 (D. Conn. Nov. 17, 2017) ...........................6

*Folio Impressions, Inc. v. Byer California*,
   937 F.2d 759 (2d Cir. 1991) ...............................................................................6

*In re General Motors LLC Ignition Switch Litig.*,
   No. 14-MC-2543(JMF), 2016 WL 4410008 (S.D.N.Y. Aug. 18, 2016) ..................2

*Highland Cap. Mgm't, L.P. v. Schneider*,
   551 F. Supp. 2d 173 (S.D.N.Y. 2008) ..................................................................8

*In re Hilton*,
   544 B.R. 1 (Bankr. N.D.N.Y. 2016) ....................................................................6

*Keys Gate Community Ass'n, Inc. v. Adelphia Comm'ns Corp. (In re Adelphia Comm'ns Corp.)*,
   No. 05-01133, 2006 WL 898047 (Bankr. S.D.N.Y. Mar. 31, 2006) .......................7

*Lamere v. New York State Office for the Aging*,
   No. 03-CV-0356, 2004 WL 1592669 (July 14, 2004) .........................................4, 5

*Perry v. Ethan Allen, Inc.*,
   115 F.3d 143 (2d Cir. 1997) ...............................................................................8

*Ramos v. Banner Health*,
   No. 15-cv-2556-WJM-NRN, 2019 WL 7189490 (D. Colo. Dec. 26, 2019) ............8

ii

*SEC v. Morelli*,
No. 91 Civ. 3874 (LAP), 1993 WL 603275 (S.D.N.Y. Dec. 21, 1993) ...................................9

*New York ex rel. Spitzer v. Saint Francis Hosp.*,
94 F. Supp. 2d 423 (S.D.N.Y. 2000)......................................................................................6

*Sutton v. Massachusetts Mutual Life Ins. Co.*,
18-CV-1273 (VSB), 2020 WL 5765693 (S.D.N.Y. Sept. 27, 2020)...................................2, 3

*United Brands Co. v. M.V. Isla Plasa*,
No. 85 Civ. 0491 (SS), 1994 WL 114825 (S.D.N.Y. Mar. 31, 1994)
(Sotomayor, J.)........................................................................................................................9

*United States v. Bermudez*,
529 F.3d 158 (2d Cir. 2008)....................................................................................................8

*United States v. Cuti*,
720 F.3d 453 (2d Cir. 2013)....................................................................................................6

*United States v. Dupree*,
706 F.3d 131 (2d Cir. 2013)....................................................................................................7

*United States v. Garcia*,
291 F.3d 127 (2d Cir. 2002)....................................................................................................6

*United States v. Garcia*,
413 F.3d 201 (2d Cir. 2005)...............................................................................................2, 3

*United States v. Kaplan*,
490 F.3d 110 (2d Cir. 2007)....................................................................................................6

*United States v. Sabbeth*,
34 F. Supp. 2d 144 (E.D.N.Y. 1999) .....................................................................................6

*Utica Mutual Ins. Co. v. Fireman's Fund Ins. Co.*,
No. 6:09-CV-853, 2017 WL 5514705 (N.D.N.Y. Nov. 16, 2017)...........................................5

*In re World Trade Center Lower Manhattan Disaster Site Litig.*,
Nos. 09-cv-00680, 06-cv-5285, 06-cv-1521, 07-cv-11291, 06-cv-1520, 2014
WL 5757713 (S.D.N.Y. Nov. 5, 2014)....................................................................................5

**Rules**

Fed. R. Civ. P. 26...........................................................................................................1, 2, 4

Fed. R. Civ. P. 26(a)(2)...................................................................................................3, 4, 5

Fed. R. Civ. P. 26(a)(2)(A) ..............................................................................................4, 5

Fed. R. Civ. P. 26(a)(2)(B) ...................................................................................3, 4

Fed. R. Civ. P. 26(a)(2)(C) ...................................................................................4, 5

Fed. R. Civ. P. 26(a)(2)(D)(ii) ..................................................................................3

Fed. R. Evid. 401 ........................................................................................................8

Fed. R. Evid. 402 ...................................................................................................1, 8

Fed. R. Evid. 403 ...............................................................................................1, 8, 9

Fed. R. Evid. 602 ...............................................................................................1, 6, 7

Fed. R. Evid. 701 ...............................................................................................2, 3, 5

Fed. R. Evid. 702 ...........................................................................................2, 3, 4, 5

Fed. R. Evid. 703 ........................................................................................................5

Fed. R. Evid. 705 ........................................................................................................5

Fed. R. Evid. 801 ........................................................................................................7

Fed. R. Evid. 801(c) ...................................................................................................7

Fed. R. Evid. 802 ........................................................................................................1

## Other Authorities

*Weinstein's Federal Evidence* § 402.02 ....................................................................8

Irving H. Picard, as trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa–*lll*, and the chapter 7 estate of Bernard L. Madoff, respectfully submits this memorandum of law in support of the Trustee's motion *in limine* number 2 for entry of an order excluding the deposition testimony of Bernard L. Madoff as evidence at trial.

## PRELIMINARY STATEMENT

For the forthcoming trial, Defendants have designated Madoff as a fact witness and intend to present the testimony from his December 20, 2016, April 26, 2017, April 27, 2017, November 8, 2017, and November 9, 2017 depositions. Taken over the course of five days, the lengthy deposition resulted in a 1,617 page transcript containing inadmissible testimony. The Trustee objects to Madoff's testimony on four grounds: 1) improper expert opinion under Rule 26 of the Federal Rules of Civil Procedure; 2) lack of personal knowledge under Federal Rule of Evidence 602; 3) hearsay under Federal Rule of Evidence 802; and 4) relevance and prejudice under Federal Rules of Evidence 402 and 403. After Defendants designated Madoff's testimony, the Trustee provided his objections to Defendants and the parties were able to resolve certain objections. The remaining objections are set forth in Exhibit 3 to the Declaration of Seanna R. Brown (the "Brown Decl."). Madoff's deposition transcripts are attached as Exhibits 4 through 8 to the Brown Decl. For the reasons that follow, Madoff's testimony should not be admitted at trial.

**ARGUMENT**

## I.    IMPROPER EXPERT TESTIMONY

### A.    Madoff's Testimony is Improper Expert Opinion and Should be Excluded for Failure to Comply with Fed. R. Civ. P. 26(a)

Defendants did not disclose any experts in this case and chose to forgo deposing the

experts the Trustee properly disclosed under Rule 26 of the Federal Rules of Civil Procedure.

They now offer Madoff's testimony in a backdoor attempt to present expert evidence, challenge

and rebut the conclusions of Trustee's experts, and bolster the opinion of an expert offered by

another defendant in a different adversary proceeding. But Defendants never disclosed Madoff

as an expert, rebuttal or otherwise, and their time to do so has long since expired.

Absent being disclosed under Federal Rule of Civil Procedure 26 and qualified as an

expert witness under Federal Rule of Evidence 702, a witness is limited to providing lay

testimony. Rule 701 permits lay witnesses to offer opinions only if they are "(a) rationally based

on the witness' perception; (b) helpful to clearly understanding the witness's testimony or to

determining a fact in issue; and (c) not based on scientific, technical, or other specialized

knowledge within the scope of Rule 702." Fed. R. Evid. 701; *see Sutton v. Massachusetts*

*Mutual Life Ins. Co.*, 18-CV-1273 (VSB), 2020 WL 5765693, at *3 (S.D.N.Y. Sept. 27, 2020)

(finding fact witnesses' testimony based on scientific, technical, or other specialized knowledge

to be inadmissible). The purpose of the third requirement is to "prevent a party from conflating

expert and lay opinion testimony thereby conferring an aura of expertise on a witness without

satisfying the reliability standard for expert testimony set forth in Rule 702 and the pre-trial

disclosure requirements" of Fed. R. Civ. P. 26. *In re General Motors LLC Ignition Switch Litig.*,

No. 14-MC-2543(JMF), 2016 WL 4410008, at *2 (S.D.N.Y. Aug. 18, 2016) (quoting *United*

*States v. Garcia*, 413 F.3d 201, 215 (2d Cir. 2005)).

If the fact witness's opinion is based "in any way" upon scientific, technical, or other

specialized knowledge, the testimony is inadmissible under Rule 701 and is expert opinion

governed by Rule 702. *Garcia*, 413 F.3d at 215 (finding Rule 701 does not permit a law

enforcement agent to testify to an opinion based on his specialized training and experience). As

such, Rule 26(a)(2) requires a party to disclose the identity of the expert witness, including one

testifying on rebuttal. A rebuttal expert is one who presents "evidence [] intended solely to

contradict or rebut evidence on the same subject matter identified by another party['s]" expert.

Fed. R. Civ. P. 26(a)(2)(D)(ii). If the rebuttal witness is not properly disclosed pursuant to Rule

26(a)(2)(B), the expert testimony is inadmissible under Rule 702. *See Sutton*, 2020 WL

5765693, at *3.

Throughout Madoff's deposition, he repeatedly offers rebuttal expert opinions that

Defendants now seek to admit into evidence. Madoff is shown excerpts from the report of the

Trustee's expert, Bruce G. Dubinsky, and asked to opine on those findings based upon his

specialized knowledge of the same subject matter. For example, Madoff is asked when

presented with the report, "[C]an you tell me some of the mistakes that you found with Mr.

Dubinsky's approach?" (Exhibit 4 to the Brown Decl., 12/20/16 Madoff Dep. Tr. 83:21-24),

"Are there some fundamental errors that you feel Mr. Dubinsky made? (Exhibit 4 to the Brown

Decl., 12/20/16 Madoff Dep. Tr. 91:24-25). Madoff states that while Dubinsky appeared to have

"a very good CV . . . his knowledge of the market making and dealer markets and over-the-

counter trading, whether it be convertibles or so on, there – he had very little experience in that.

And that's not a great surprise to me, because it's sort of a specialized marketplace." (Exhibit 4

to the Brown Decl., 12/20/16 Madoff Dep. Tr. 92:22; 93:1-12).

Madoff is also asked to provide his "insights" and "comments" on the expert report of Mr. Bill Feingold based on his own specialized knowledge.  (Exhibit 5 to the Brown Decl., 4/26/27 Madoff Dep. Tr. 109:15-110:22).  Mr. Feingold was not disclosed as an expert by Defendants but by a different defendant to a separate adversary proceeding.  Before walking through his opinions on Feingold's report, Madoff states that "there were 41 points that [Feingold] made that Dubinsky was incorrect in his analysis, which was basically very similar to all my comments when I analyzed the Dubinsky report."  (Exhibit 5 to the Brown Decl., 4/26/27 Madoff Dep. Tr. 110:19-22).  Defendants did not disclose Feingold as an expert.  Yet now, in an end-run around Rule 26, Defendants improperly seek to admit Madoff's opinions to offer and bolster expert opinions which were offered by a different defendant in a different adversary proceeding to rebut the Dubinsky report at issue here.

Even if Madoff's testimony is not barred by another Rule of Evidence, he may not offer testimony about legal conclusions, or any opinion rendered based on scientific, technical, or other specialized knowledge within the scope of Rule 702.  Defendants did not serve the required expert disclosures to allow Trustee to challenge Madoff's qualifications or opinions under the Rules and case law governing expert testimony.  Defendants had ample time to disclose Madoff as a rebuttal expert but chose not to do so.  Their failure to make the proper disclosures bars the admission of Madoff's testimony at trial.

### B.    Madoff is Not a Hybrid Expert/Fact Witness

Nor was Madoff disclosed as a hybrid fact/expert witness under Rule 26(a)(2)(A) and (C).  Rule 26(a)(2) "contemplates a general category of persons who will give expert testimony, Fed. R. Civ. P. 26(a)(2)(A), and a subcategory of persons who are specifically retained to give expert testimony, Fed. R. Civ. P. 26(a)(2)(B)."  *Lamere v. New York State Office for the Aging*, No. 03-CV-0356, 2004 WL 1592669, at *1 (July 14, 2004).  A hybrid fact/expert witness is a

4

witness who is not specially retained and whose "opinion is based on facts learned or observations made in the normal course of duty." *Amica Mutual Ins. Co. v. WHAC LLC*, 447 F. Supp. 3d 6, 12 (W.D.N.Y. 2020). The typical scenario of a hybrid witness is a physician with personal knowledge of the facts, who testifies to those facts, and based on them, renders an expert opinion. *Utica Mutual Ins. Co. v. Fireman's Fund Ins. Co.*, No. 6:09-CV-853, 2017 WL 5514705, at *2 (N.D.N.Y. Nov. 16, 2017).

While the same witness may provide both lay and expert testimony, "[i]t is the substance of the testimony that controls whether it is considered expert or lay testimony." *In re World Trade Center Lower Manhattan Disaster Site Litig.*, Nos. 09-cv-00680, 06-cv-5285, 06-cv-1521, 07-cv-11291, 06-cv-1520, 2014 WL 5757713, at *3 (S.D.N.Y. Nov. 5, 2014) (quoting *Lamere*, 2004 WL 1592669, at *1). The amendment to Fed. R. Evid. 701 makes clear that any part of a witness' testimony that is based on scientific, technical, or other specialized knowledge is governed by the standards of Fed. R. Evid. 702, requiring expert disclosure under Fed R. Civ. P. 26(a)(2). *Id.* Therefore, hybrid witnesses must still be disclosed under Rule 26(a)(2)(C) and include "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C); *Bank of China, New York Branch v. NBM LLC*, 359 F.3d 171, 182 n. 13 (2d Cir. 2004) (finding that before fact witness can proffer testimony under Rule 702, defendants were entitled to notice that the witness would testify as an expert and the witness had to be disclosed pursuant to Rule 26(a)(2)(A)).

Defendants did not disclose Madoff as a hybrid fact/expert witness under Rule 26(a)(2)(A) and (C) and are barred from doing so now almost a year after the completion of

expert testimony and on the eve of trial. Madoff's opinion testimony identified by the Trustee in

Exhibit 3 to the Brown Decl. must be excluded.

## II.   <u>LACK OF PERSONAL KNOWLEDGE</u>

Certain portions of Madoff's testimony that Defendants now seek to admit lack

foundation because they are not based on Madoff's personal knowledge and must be excluded.

It is well-settled that "the proponent of *any* evidence, not just lay opinion testimony, must

establish a proper foundation for the evidence before a court may admit it." *United States v.*

*Garcia*, 291 F.3d 127, 140 (2d Cir. 2002) (emphasis in original). A witness may not testify to a

matter unless there is evidence sufficient to support a finding that he or she has personal

knowledge of the matter. Fed. R. Evid. 602; *United States v. Cuti*, 720 F.3d 453, 457 (2d Cir.

2013). Rule 602 excludes testimony regarding matters the witness did not observe nor had the

opportunity to observe. *In re Hilton*, 544 B.R. 1, 7-8 (Bankr. N.D.N.Y. 2016). The test is

whether a reasonable trier of fact could believe the witness had personal knowledge of the

matter. *See Folio Impressions, Inc. v. Byer California*, 937 F.2d 759, 763 (2d Cir. 1991); *New*

*York ex rel. Spitzer v. Saint Francis Hosp.*, 94 F. Supp. 2d 423, 425 (S.D.N.Y. 2000). Witnesses

may also not testify to the personal knowledge of third parties without corroborating evidence.

*United States v. Kaplan*, 490 F.3d 110, 121 (2d Cir. 2007).

Madoff repeatedly testifies to matters he has no personal knowledge of. For example, he

testifies to what other employees understood about the split-strike strategy (Exhibit 5 to the Decl.

of Seanna R. Brown, 4/26/17 Madoff Dep. Tr. 36:11-37:18), the reasons why other BLMIS

employees gave the testimony they did (Exhibit 5 to the Brown Decl., 4/26/17 Madoff Dep. Tr.

86:10-25), and information he read about in newspapers or was told by others (Exhibit 6 to the

Brown Decl., 4/27/17 Madoff Dep. Tr. 370:1-16). *See United States v. Sabbeth*, 34 F. Supp. 2d

144, 153 (E.D.N.Y. 1999) (finding that witness' testimony as to another's state of mind and

6

reason for that state of mind would constitute impermissible hearsay and run afoul of Rule 602

requiring personal knowledge); *Constantinou v. United States*, No. 3:16-CV-608, 2017 WL

8776958, at *13 (D. Conn. Nov. 17, 2017) (noting that a witness's testimony about another

person's state of mind would violate Fed. R. Evid. 602 requiring personal knowledge).  The

Trustee has identified the portions of Madoff's testimony for which he lacks personal knowledge

in Exhibit 3 to the Brown Decl.  None of this is testimony is grounded in what Madoff observed

himself and must be excluded under Fed. R. Evid. 602.

## III.    INADMISSIBLE HEARSAY

Throughout Madoff's depositions, he regularly testifies about out of court statements

made by himself, by others, and in documents, all of which constitute inadmissible hearsay for

which no exception applies.  Hearsay is an out of court statement offered to prove the truth of the

matter asserted.  Fed. R. Evid. 801(c); *see United States v. Dupree*, 706 F.3d 131, 136 (2d Cir.

2013).  Classic hearsay statements offered for their truth should be excluded.  *See, e.g.*, *Basile v.*

*Spagnolai*, 346 Fed. App'x 687, 690 (2d Cir. 2009) (affirming district court's exclusion of

supervisor's testimony because testimony was based on hearsay); *Bruce Lee Enterprises, LLC v.*

*A.V.E.L.A. Inc.*, No. 10-cv-2333 (KMW), 2013 WL 822173, at *8 (S.D.N.Y. Mar. 6, 2013)

(striking paragraphs from declarations that referenced statements made by others); *Keys Gate*

*Community Ass'n, Inc. v. Adelphia Comm'ns Corp. (In re Adelphia Comm'ns Corp.)*, No. 05-

01133, 2006 WL 898047, at *2 (Bankr. S.D.N.Y. Mar. 31, 2006) (testimony of what party A

heard from party B was inadmissible double hearsay).

The Trustee has identified the portions of Madoff's testimony that constitute inadmissible

hearsay in Exhibit 3 to the Brown Decl. and should be excluded under Fed. R. Evid. 801.

## IV.    LACK OF RELEVANCE, UNFAIRLY PREJUDICIAL, AND UNDULY DELAYS TRIAL AND WASTES TIME

Defendants seek to offer large blocks of irrelevant testimony that do not make any fact more or less probable and are of no consequence in determining the action.  Such testimony is inadmissible under Federal Rules of Evidence 402 and 403.

Fed. R. Evid. 402 prohibits the admission of evidence that is not "relevant" as defined in Fed. R. Evid. 401, to "ensure that nothing is received into evidence that is not logically probative of some matter to be proved."  *Weinstein's Federal Evidence* § 402.02.  Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence . . . and the fact is of consequence in determining the action."  However, relevant evidence may still be excluded if the Court finds "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403; *Boykin v. Western Express*, No. 12-cv-7428(NSR), 2016 WL 8710481, at *2 (Feb. 5, 2016).  Prejudice is "unfair" if the evidence has "an undue tendency to suggest decision on an improper basis."  *Perry v. Ethan Allen, Inc.*, 115 F.3d 143, 151 (2d Cir. 1997) (quoting Fed. R. Evid. 403 Advisory Committee Notes (1972)); *see also Highland Cap. Mgm't, L.P. v. Schneider*, 551 F. Supp. 2d 173, 191-93 (S.D.N.Y. 2008) (evidence causing an unfair prejudice must be excluded).

A trial court has "broad discretion" to determine the relevancy of evidence and exclude irrelevant information.  *United States v. Bermudez*, 529 F.3d 158, 161 (2d Cir. 2008).  Fed. R. Evid. 403 is applicable whether the case is to be tried to a jury or judge.  *See, e.g.*, *Ramos v. Banner Health*, No. 15-cv-2556-WJM-NRN, 2019 WL 7189490, at *2 (D. Colo. Dec. 26, 2019) ("Rule 403 concerns, such as wasting time and undue delay, are still proper considerations for

8

the Court in a bench trial."); *United Brands Co. v. M.V. Isla Plasa*, No. 85 Civ. 0491 (SS), 1994

WL 114825, at *1 n. 2 (S.D.N.Y. Mar. 31, 1994) (Sotomayor, J.) (excluding evidence under Fed.

R. Evid. 403 at a bench trial based on burden to the court); *SEC v. Morelli*, No. 91 Civ. 3874

(LAP), 1993 WL 603275, at *2 (S.D.N.Y. Dec. 21, 1993) (excluding evidence under Fed. R.

Evid. 403 at a bench trial based on undue delay).

      Throughout Madoff's testimony, he repeatedly launches into lengthy narrative answers—

in some cases spanning over a dozen pages—that are not responsive to the questions being asked

or germane to the issues in the case, or provides answers that unfairly expand the scope of the

question being asked.  He provides testimony spanning several pages on events for which he has

no personal knowledge and are irrelevant to the issues in this case.  This type of testimony is not

probative of the issues to be tried, unfairly prejudicial and only serves to confuse the issues and

waste time and would be objectionable and inadmissible if he were testifying live in Court.  That

Defendants seek to offer his testimony by deposition does not lighten the strictures of the Federal

Rules of Evidence or provide an avenue for getting inadmissible testimony into evidence.

      The Trustee has identified the portions of Madoff's testimony that should be excluded on

relevance, prejudice, or undue delay grounds in Exhibit 3 to the Brown Decl..

## **CONCLUSION**

For the foregoing reasons, the Trustee respectfully requests that the Court enter an Order

granting the Trustee's motion to exclude deposition testimony of Bernard L. Madoff at trial as

set forth in Exhibit 3 to the Brown Decl.

Dated:   October 14, 2020
         New York, New York

**BAKER & HOSTETLER LLP**

*/s/ Seanna R. Brown*
45 Rockefeller Plaza
New York, New York 10111
Telephone:  (212) 589-4200
Facsimile:  (212) 589-4201
David J. Sheehan
Email:  dsheehan@bakerlaw.com
Seanna R. Brown
Email:  sbrown@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
Michael A. Sabella
Email: msabella@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the
Substantively Consolidated SIPA Liquidation
of Bernard L. Madoff Investment Securities
LLC and the Chapter 7 Estate of Bernard L.
Madoff*

10