**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br> Plaintiff-Applicant, <br><br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br> Defendant. | No. 08-01789 (SMB) <br><br> SIPA LIQUIDATION <br><br> (Substantively Consolidated) |
| In re: <br><br> BERNARD L. MADOFF, <br><br> Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, <br><br> Plaintiff, <br><br> v. <br><br> BAM L.P., MICHAEL MANN, and MERYL MANN, <br><br> Defendants. | Adv. Pro. No. 10-04390 (CGM) |

**STATEMENT OF MATERIAL FACTS IN SUPPORT OF**
**TRUSTEE'S SUMMARY JUDGMENT MOTION FOR PREJUDGMENT INTEREST**

Plaintiff Irving H. Picard (the "Trustee"), the trustee for the liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") and the substantively consolidated chapter 7 estate of Bernard L. Madoff, in support of his summary judgment motion for prejudgment interest in the above-pending adversary proceeding (the "Adversary Proceeding") against defendants BAM L.P., Michael Mann, and Meryl Mann (the "Defendants," together with the Trustee, the "Parties"), respectfully submits this statement of material facts under Local Bankruptcy Rule 7056-1.

I.  **Procedural History**

The facts of the record in this case in support of this motion is set forth on the case docket and cited below.[1]

    A.  **The SIPA Case**

1.  On December 11, 2008, Madoff was arrested for violating numerous federal statutes and the Securities and Exchange Commission ("SEC") commenced proceedings against him and BLMIS in the United States District Court for the Southern District of New York. Amended Joint Pretrial Order ("JPTO") ¶ 1, Adv. Pro. No. 10-04390 (CGM) (Bankr. S.D.N.Y. Aug. 12, 2020), ECF No. 209.

2.  On December 15, 2008, the SEC consented to a combination of its own action with an application of the Securities Investor Protection Corporation ("SIPC"). The District Court granted SIPC's application, appointed the Trustee as the trustee for the liquidation of BLMIS, and removed the combined action to this Court. JPTO ¶ 1.

    B.  **Defendants' Customer Accounts**

3.  In December 1995, Defendants signed account opening agreements in New York that authorized Madoff to manage and retain custody and control of their assets in New York, and

---

[1] ECF references are to the above-captioned adversary proceeding, *Picard v. BAM L.P.*, *et al.*, Adv. Pro. No. 10-04390 unless otherwise indicated. Judicial notice may be taken of fact of the filings in this case and facts from those filings as identified by the Trustee herein. *See* Fed. R. Evid. 201 ("Judicial Notice of Adjudicative Facts"); *see also In re Manning*, No. BR 20-20482-PRW, 2020 WL 5083325 at *5-7 (Bankr. Ct. W.D.N.Y. August 27, 2020) (court may take judicial notice under Federal Rule of Evidence 201 of fact of filing and the fact of arguments made by parties where identified with specificity); *First Nat'l Bank of Boston v. Kors, Inc. (In re Kors, Inc.)*, 15 B.R. 444, 446 (Bankr. D. Vt. 1981) (the "Bankruptcy Court, in the exercise of its discretionary power under this federal rule, could take judicial notice of all administrative and judicial actions previously undertaken in the proceedings") (internal citation omitted). The court's decisions on the filings, identified herein, are the law of the case. *See e.g., Picard v. Lowrey*, Adv. Pro. No. 10-04387 (SMB), 2018 WL 1442312, at *9-13 (Bankr. S.D.N.Y. March 22, 2018) (*"Lowrey I"*) *adopted by* 596 B.R. 451, 466-69 (S.D.N.Y. 2019) (*"Lowrey II"*), *aff'd sub nom.* 2020 WL 5666677 (2d Cir. Sept. 24, 2020) ("*Lowrey III*"); *Picard v. Nelson*, 610 B.R. 197, 237 (Bankr. S.D.N.Y. 2019) ("The prior decisions within this SIPA proceeding constitute law of the case and Defendants offer no reason or evidence to allow this Court to revisit them here.")

included a New York choice of law provision. Tr. of Evidentiary Hr'g 189:12–192:10, ECF No. 225 ("Trial Tr."); TX-019; TX-020; TX-021; TX-022.

4. Defendant Michael Mann opened an account that was assigned account number 1CM363 in the name of "Michael Mann and Meryl Mann J/T Wros" (the "Mann Account"). Trial Tr. 189:12–191:7; TX-019; TX-021; Answer and Affirmative Defenses to the Amended Complaint (the "Answer") ¶¶ 2, 8-9, ECF No. 40.

5. Defendants Michael Mann and Meryl Mann are joint tenants of the "Michael Mann and Meryl Mann Joint Tenancy with Right of Survivorship" and beneficial owners of the Mann Account, with an account address in Great Neck, New York. Trial Tr. 189:12–191:7; TX-019; TX-021; Ans. ¶¶ 2, 8-9.

6. Defendant Michael Mann subsequently opened another account in March 1999, assigned account number 1CM579, in the name of "BAM L.P." (the "BAM Account", and together with the Mann Account, the "Accounts"). Trial Tr. 191:7–192:10; TX-020; TX-022; Answer ¶¶ 2, 7.

7. Defendants received monthly account statements, trade confirmations, quarterly portfolio management reports, and other communications from BLMIS for their accounts. Trial Tr. 202:21–204:6; TX-046; TX-047; TX-051; TX-055; TX-059; TX-062; TX-066; TX-070; TX-071; TX-074; TX-076; TX-078; TX-080; TX-083; TX-086; TX-090; TX-094; TX-098; TX-102; TX-106; TX-110; TX-111; TX-114; TX-118; TX-122; TX-126; Answer ¶¶ 26, 32, 38.

8. Over the life of the Mann Account, Defendant Michael Mann deposited a total of $14,850,000 and withdrew a total of $20,650,000 from the account, of which $2,250,000 was withdrawn within two years of the Filing Date (the "Two-Year Period"). *Picard v. BAM L.P. (In re BLMIS)*, 608 B.R. 165, 170 (Bankr. S.D.N.Y. 2019), ECF No. 174 ("*MSJ 56(g) Decision*").

9. Over the life of the BAM Account, Defendant BAM L.P. deposited a total of $2,415,007 and withdrew a total of $3,551,000 from the account, of which $563,000 was withdrawn within the Two-Year Period. *MSJ 56(g) Decision*, 608 B.R. at 170.

### C. Defendants' Customer Claims And Objections

10. On December 23, 2008, the Bankruptcy Court entered the Claims Procedures Order, under which BLMIS customers were required to file claims with the Trustee by the statutory bar date. *MSJ 56(g) Decision,* 608 B.R. at 170–71 (citing Order on Application for an Entry of an Order Approving Form and Manner of Publication and Mailing of Notices, Specifying Procedures for Filing, Determination, and Adjudication of Claims; and Providing other Relief, dated Dec. 23, 2008 (the "Claims Procedures Order"), No. 08-01789 (SMB), ECF No. 12).

11. If BLMIS's books and records failed to support the claim or the claim was not otherwise established to the Trustee's satisfaction, the Trustee denied the claim and notified the claimant of his determination in writing (the "Trustee Determination"). *MSJ 56(g) Decision,* 608 B.R. at 171; Claims Procedures Order at *5–7 (citing SIPA § 78fff-2(b)).

12. On or about June 17, 2009, Defendants Michael Mann and Meryl Mann filed a customer claim for Account No. 1CM363, which the Trustee designated as Claim #009823 (the "1CM363 Customer Claim"), and Defendant Michael Mann filed claim #009822 on behalf of BAM L.P. for Account No. 1CM579 (the "1CM579 Customer Claim"). *MSJ 56(g) Decision,* 608 B.R. at 171; Objection to Trustee's Determination of Claim at Ex. B, Adv. Pro. No. 08-01789, ECF Nos. 461, 815.

13. On or about August 28, 2009, the Trustee issued a Notice of Trustee's Determination of Claim with respect to the 1CM363 Customer Claim (the "1CM363 Determination"). On or about October 19, 2009, the Trustee issued a Notice of Trustee's Determination of Claim with respect to the 1CM579 Customer Claim (the "1CM579

Determination"). *MSJ 56(g) Decision,* 608 B.R. at 171; Objection to Trustee's Determination of Claim at Ex. A, Adv. Pro. No. 08-01789, ECF Nos. 461, 815.

14. On or about September 25, 2009, Defendants Michael Mann and Meryl Mann filed an objection to the 1CM363 Determination (the "1CM363 Objection"), and on or about November 16, 2009, Defendant Michael Mann filed an objection to the 1CM579 Determination (the "1CM579 Objection"). In their objections, Defendants acknowledged they opened accounts with, and were customers of, "Bernard L. Madoff Investment Securities LLC." *MSJ 56(g) Decision,* 608 B.R. at 171; Objection to Trustee's Determination of Claim at 1–15, Adv. Pro. No. 08-01789, ECF Nos. 461, 815.

### D. The Net Equity Decisions

15. Prior to the filing of the Adversary Proceeding, the Bankruptcy Court concluded that each customer's "net equity" should be calculated by the "Net Investment Method," which credited the amount of cash deposited by the customer into his or her account, less any amounts withdrawn from it, and overruled certain objections, including Defendants' objections arguing they were entitled to recover the market value of the securities reflected on their last customer statements. *In re Bernard L. Madoff Inv. Sec. LLC*, 424 B.R. 122, 124 (Bankr. S.D.N.Y. 2010).

16. The Bankruptcy Court's order was appealed directly to the Second Circuit which affirmed in 2011, and the Supreme Court denied petitions for a writ of *certiorari* in 2012. *In re Bernard L. Madoff Inv. Sec. LLC*, 654 F.3d 229 (2d Cir. 2011), *cert. denied*, *Velvel v. Picard,* 567 U.S. 934 (2012).

### E. The Adversary Proceeding

17. On November 30, 2010, the Trustee brought the Adversary Proceeding, pursuant to title 11 of the U.S. Code (the "Bankruptcy Code") and New York Debtor & Creditor Law,

against Defendants seeking to avoid and recover fraudulent transfers allegedly received by Defendants through the investment advisory business of BLMIS (the "IA Business"). JPTO ¶ 2.

18. At present, the Trustee seeks to avoid and recover transfers in the amount of $563,000 from Defendant BAM L.P. (Account No. 1CM579) and $2,250,000 from Defendants Michael and Meryl Mann (Account No. 1CM363), for a total of $2,813,000 of transfers made within two years of the Filing Date (the "Two-Year Transfers"). JPTO ¶ 2.

### F. First Motion For Withdrawal Of The Reference

19. On October 27, 2011, Defendants filed a joinder in the motion for mandatory withdrawal of the reference pursuant to 28 U.S.C. § 157(d) filed in *Picard v. Harold Hein*, Adv. Pro. No. 10-04861 (SMB), requesting the District Court grant withdrawal of the Adversary Proceeding for the same reasons set forth in the *Hein* motion. ECF No. 20.

20. On November 29, 2011, the District Court entered an order granting mandatory withdrawal of the reference as filed in four similarly situated avoidance actions, *Picard v. Greiff* (Adv. Pro. No. 10-04357); *Picard v. Gerald Blumenthal* (Adv. Pro. No.10-04582), *Picard v. Kara Fishbein Goldman* (Adv. Pro. No. 10-04735), and *Picard v. Harold J. Hein* (Adv. Pro. No. 10-04861) (collectively the "*Greiff* Actions"), as well as the joinders to those motions to withdraw the reference, including that of Defendants here. Mem. Order, *Picard v. Harold Hein*, No. 11-cv-04936, ECF No. 17.

21. The Memorandum Order stated that the *Greiff* Actions were withdrawn for the limited purpose of deciding: (i) whether the Trustee may, consistent with non-bankruptcy law, avoid transfers that BLMIS purportedly made in order to satisfy antecedent debts; (ii) whether 11 U.S.C. § 546(e) applies as a safe harbor, limiting the Trustee's ability to avoid transfers; (iii) whether provisions of the Internal Revenue Code that heavily tax undistributed portions of IRAs prevent the Trustee from avoiding IRA distributions that would otherwise be taxed; (iv) whether,

after the United States Supreme Court's recent decision in *Stern v. Marshall*, 131 S. Ct. 2594 (2011), final resolution of claims to avoid transfers as fraudulent requires an exercise of "judicial power," preventing the Bankruptcy Court from finally resolving such claims; and (v) whether, if the Bankruptcy Court cannot finally resolve the fraudulent transfer claims in this case, it has the authority to render findings of fact and conclusions of law before final resolution. Mem. Order, *Picard v. Harold Hein*, No. 11-cv-04936, ECF No. 17.

22. Subsequently, the defendants in the *Greiff* Actions filed their respective motions to dismiss on the issues identified in the Memorandum Order, which the Trustee opposed, and oral arguments were held before District Court Judge Jed S. Rakoff. *Picard v. Harold J. Hein*, No. 11-cv-04936, ECF Nos. 18–20, 26, 41, 53.

23. On March 30, 2012, Defendants filed a second joinder to the Second Motion of Harold Hein for Withdrawal of the Reference, seeking to incorporating the arguments set forth therein, relating to the impact of the Supreme Court's *Stern* decision. ECF No. 24.

24. On April 27, 2012 the District Court entered one consolidated order granting in part and denying in part the motions to dismiss filed in the *Greiff* Actions; specifically dismissing the Trustee's claims except those proceeding under § 548(a)(l)(A) and § 550(a) of the Bankruptcy Code. Order, *Picard v. Harold Hein*, No. 11-cv-04936 (JSR) (S.D.N.Y. April 30, 2012), ECF No. 66.

25. On April 30, 2012, the District Court entered a decision explaining the reasons for its prior order, finding that section 546(e) of the Bankruptcy Code bars the Trustee from pursuing his claims made under sections 548(a)(1)(B) and 544, but "does not bar the Trustee from pursuing the claims he here makes under § 548(a)(1)(A) and § 550(a)." *Picard v. Greiff, (In re BLMIS)*,

476 B.R. 715, 722 (S.D.N.Y.2012), *supplemented* (May 15, 2012), *aff'd on other grounds*, 773 F.3d 411 (2d Cir.2014), *cert. denied*, *Picard v. Ida Fishman Revocable Tr.*, 576 U.S. 1044 (2015).

26. The District Court further concluded that "those transfers from Madoff Securities to defendants that exceeded the return of defendants' principal, *i.e.,* that constituted profits, were not 'for value' …the transfers must be assessed on the basis of what they really were; and they really were artificial transfers designed to further the fraud, rather than any true return on investments." *Greiff,* 476 B.R. at 725.

27. As a result of the *Greiff* decision and its progeny, the Trustee may recover the Two-Year Transfers from BLMIS pursuant to sections 548(a)(1)(A) and 550(a) of the Bankruptcy Code. JPTO ¶ 2.

### G. Consolidated Briefings Before District Court

28. In April 2012, the District Court instituted a protocol for consolidating briefing on common issues raised in motions to withdraw the reference that were filed following the *Greiff* Actions, and Defendants participated in the consolidated briefings determining whether *Stern* precluded the Bankruptcy Court from entering final judgment on the Trustee's claims. Order, *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, No. 12 MC 0115 (JSR) (S.D.N.Y. Apr. 13, 2012), ECF No. 4.

29. On January 4, 2013, the District Court ruled that the Bankruptcy Court may finally decide avoidance actions where defendants filed customer claims, which would necessarily be resolved by those avoidance actions, because the two are inextricably intertwined. *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 490 B.R. 46, 54–55 (S.D.N.Y. 2013) (the "*Stern Consolidated Decision*"). Even where the Bankruptcy Court may not issue a final determination, it "nonetheless has the power to hear the matter in the first instance and recommend proposed findings of fact and conclusions of law." *Id.* at 58.

**H.    Discovery And Mediation**

30.    After the Adversary Proceeding was returned to the Bankruptcy Court, Defendants filed their Answer, asserting 34 affirmative defenses, including those pertaining to value and antecedent debt (Eighth, Fifteenth, Sixteenth, Twenty-First, and Twenty-Second Affirmative Defenses) that were rejected by the District Court in *Greiff* and pending before the Second Circuit at that time.  Answer at 19–25.

31.    Pursuant to the November 10, 2010 Order (1) Establishing Litigation Case Management Procedures for Avoidance Actions and (2) Amending the February 16, 2010, Protective Order, Adv. Pro. No. 08-01789 (SMB), ECF. No. 3141, the Adversary Proceeding was referred to mandatory mediation with Deborah A. Reperowitz selected as mediator.  ECF Nos. 49–51.

32.    The mediation took place on March 22, 2016 and January 17, 2017, and was not successful, which Ms. Reperowitz memorialized in the Mediator's Final Report filed on January 24, 2017.  ECF No. 63.

33.    On March 17, 2017, the Trustee filed a notice of pretrial conference scheduled for March 29, 2017.  ECF No. 64.

**I.    First Efforts To Move For Summary Judgment**

34.    At the March 29, 2017 pretrial conference, the Court directed the Parties to file summary judgment motions, contingent on the Parties' filing of a joint statement of undisputed material facts in furtherance of summary judgment by May 3, 2017.  ECF No. 66.

35.    Because the Parties were unable to agree to a joint statement, there were several adjournments of the scheduled pre-trial conference, until September 26, 2018.  ECF Nos. 68, 69, 71, 76, 78, 80, 82, 88, 99, 103.

**J.      Motion To Withdraw Objections**

36.     Nine years after filing objections to the Trustee's determinations of their customer claims, on June 1, 2018, counsel for Defendants unilaterally filed respective notices of withdrawal of the 1CM363 Objection and 1CM363 Objection. Adv. Pro. No. 08-01789, ECF Nos. 17623, 17630.

37.     On July 27, 2018, the Trustee moved to strike the withdrawals, asserting that a claimant may not unilaterally withdraw its claim or objection under Rule 3006 of the Federal Rules of Bankruptcy Procedure and Rule 41 of the Federal Rules of Civil Procedure. Adv. Pro. No. 08-01789, ECF No. 17864.

38.     The Bankruptcy Court granted the Trustee's motion, holding the withdrawals were "stricken and have no legal effect." Order, Adv. Pro. No. 08-01789, ECF No. 18051.

**K.      Order Setting Trial And Second Motion To Withdraw The Reference**

39.     Following the September 26, 2018 hearing, the Bankruptcy Court issued the Order Setting Trial, to start on December 3, 2018. ECF No. 108.

40.     As permitted by that Order, on October 26, 2018, Defendants filed their second motion to withdraw the reference based upon their asserted right to a jury trial (the "Second Motion to Withdraw"), which was assigned to District Court Judge Vernon S. Broderick. *Picard v. BAM L.P.*, No. 18-cv-09916, ECF Nos. 1–2.

41.     On November 19, 2018, the Trustee filed two motions *in limine* ahead of the scheduled trial, which Defendants opposed on November 26, 2018. ECF Nos. 117–120, 126.

42.     On November 20, 2018, Defendants moved to stay the trial pursuant to Rule 5011(c), pending a ruling from the District Court on the Second Motion to Withdraw, which the Trustee opposed on November 27, 2018, and oral argument was held on November 28, 2018. ECF Nos. 121–122, 127–28, 130.

43. Notwithstanding the motion for a stay, the Parties continued to prepare for trial by exchanging exhibits and submitting a joint pretrial order to the Bankruptcy Court on November 26, 2018. Order Setting Trial, ECF No. 108.

44. At the November 28, 2018 hearing, the Bankruptcy Court adjourned the trial date and offered Defendants the opportunity to make an oral motion to withdraw their customer claims and objections to the Trustee's determinations of those claims. *MSJ 56(g) Decision,* 608 B.R. at 172.

45. Defendants made an oral motion to withdraw their customer claims and objections, and the Bankruptcy Court granted the motion, which was memorialized in the Order Withdrawing Claims and Objections With Prejudice And Finally Determining Net Equity, filed on December 20, 2018. ECF No. 138.

46. The Order granting Defendants' withdrawals of their customer claims and objections did not determine the Bankruptcy Court's jurisdiction over the Adversary Proceeding, for which the Parties submitted separate briefing on December 5, 2018 and December 12, 2018, as directed by the Bankruptcy Court. ECF Nos. 132, 137.

47. On January 18, 2019, the Bankruptcy Court issued its Memorandum Decision and Order holding that the court has equitable jurisdiction over the Adversary Proceeding despite Defendants' withdrawal of their customer claims and objections, noting that such claims "were pending for nearly ten years, but [Defendants] sought to withdraw them with prejudice at the Court's invitation only a few days before the trial was scheduled to begin." *Picard v. BAM L.P.*, 597 B.R. 466, 484 (Bankr. S.D.N.Y. 2019) (the "*Jurisdictional Decision*"); ECF No. 148.

48. On January 25, 2019, Defendants moved for leave to appeal the *Jurisdictional Decision* (the "Motion for Leave"), which the Trustee opposed. No. 19-cv-00812, ECF Nos. 1, 4–7.

49. On February 26, 2020, District Court Judge Vernon S. Broderick denied the Second Motion to Withdraw and Motion for Leave, finding Defendants' "jurisdictional rule that the Bankruptcy Court's authority is contingent on the continued presence of a contested proof of claim . . . would permit gamesmanship and the sandbagging of a bankruptcy Trustee after she expended resources and time litigating only to have a putative creditor pull the plug on its proof of claim when faced with a potential adverse ruling and/or on the eve of trial." *Picard v. BAM L.P.*, No. 19-cv-00812 (VSB), 612 B.R. 257, 271 (S.D.N.Y. 2020), ECF No. 10.

50. Judge Broderick further directed the Clerk of Courts to close the motions and refer the matter back to the Bankruptcy Court. *BAM L.P.*, 612 B.R. at 272.

**L.    Summary Judgment Motion**

51. On December 21, 2018, the Trustee filed his Motion for Summary Judgment, which Defendants opposed. ECF Nos. 140–143, 158–160, 164, 166–167.

52. Oral argument before the Bankruptcy Court was held on April 24, 2019. ECF No. 173.

53. In September 2019, the Bankruptcy Court issued its Memorandum Decision Granting Relief Under Federal Rule of Civil Procedure 56(g), identifying one remaining issue of fact: whether the Two-Year Transfers were transfers by the SIPA debtor within the meaning of SIPA § 78fff-2(c)(3) and 11 U.S.C. § 548 (a)(1)(A). JPTO ¶ 3 (citing *MSJ 56(g) Decision,* 608 B.R. 165), ¶ 4 (citing Order Denying the Trustee's Motion for Summary Judgment and Granting Relief Under Federal Rule of Civil Procedure 56(g), ECF No. 175).

54.     This issue was addressed at trial, which was held on September 14, 2020 before this Court pursuant to the Order Establishing Procedures For Remote Evidentiary Hearing/Trial On September 14, 2020.  ECF No. 212.

Date: October 15, 2020
New York, New York

*/s/ Nicholas J. Cremona*
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
Lan Hoang
Email: lhoang@bakerlaw.com
Amy E. Vanderwal
Email: avanderwal@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff*