**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>        Plaintiff,<br><br>  v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>        Defendant. | No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>        Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>        Plaintiff,<br><br>  v.<br><br>UBS AG, *et al.*,<br><br>        Defendants. | Adv. Pro. No. 10-04285 (SMB) |

## STIPULATION AND ORDER

Irving H. Picard, as trustee (the "Trustee") for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa–*lll*, and the estate of Bernard L. Madoff, and defendant Luxalpha SICAV ("Luxalpha") as represented by its Liquidators, Maître Alain Rukavina and Paul Laplume, in their capacities as liquidators and representatives of Luxalpha (together, the "Parties"), by and through their respective undersigned counsel, hereby stipulate and agree as follows:

**WHEREAS**, the Trustee initiated the above-captioned adversary proceeding by filing a complaint on November 23, 2010;

**WHEREAS**, the Trustee moved for leave to file a second amended complaint (the "Proposed Second Amended Complaint") on March 2, 2020, ECF No. 247 (the "Motion for Leave to Amend");

**WHEREAS**, on April 3, 2020, Luxalpha opposed the Motion for Leave to Amend and cross-moved for the allowance of its claim (the "Cross-Motion," and with the Motion for Leave to Amend, the "Motions"), ECF No. 251;

**WHEREAS**, other than Luxalpha, all defendants in the case as of April 24, 2020, consented to the filing of the Second Amended Complaint, subject to reservation of certain rights, ECF No. 253;

**WHEREAS**, after the Motions were fully briefed, Judge Bernstein entered an order adjourning the hearing on the Motions *sine die* until the United States Court of Appeals for the Second Circuit has resolved the applicable standard of good faith in *Picard v. Citibank, N.A.*, Case No. 20-1333 and *Picard v. Legacy Capital Ltd.*, Case No. 20-1334 (collectively, the "Good Faith Appeal");

**WHEREAS**, the Liquidators lack first-hand, personal knowledge of Luxalpha's operations prior to its Luxembourg liquidation proceeding, which commenced on or about April 2, 2009;

**WHEREAS**, the Parties have conferred and believe that it would be mutually beneficial to advance this case by permitting the Parties to engage in staged discovery; and

**WHEREAS**, to promote the efficient resolution of discovery disputes that may arise between them, the Parties have agreed to seek the appointment pursuant to Rule 9019(c)

of the Federal Rules of Bankruptcy Procedure and General Order M-390 of the United States Bankruptcy Court for the Southern District of New York of a discovery arbitrator, and to work with the discovery arbitrator to resolve discovery disputes.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned counsel that:

1. The Parties will proceed with staged discovery. The basis for discovery will be the Trustee's Proposed Second Amended Complaint and the Parties will proceed as if the Trustee's Proposed Second Amended Complaint is on file with the Court.

2. All issues concerning discovery, including without limitation, the necessity or timing of discovery will be decided by the Discovery Arbitrator, as defined below.

3. Luxalpha reserves its rights to move against the Proposed Second Amended Complaint should it become the operative complaint once the Motions are resolved.

4. This stipulation is only between the Trustee and Luxalpha and does not affect the rights of any other party presently named in this action.

5. The Honorable Frank Maas (Ret.), c/o JAMS, Inc. is appointed as discovery arbitrator (the "Discovery Arbitrator"), effective as of the date this Stipulation is so-ordered by this Court, subject to the following:

    a. The Discovery Arbitrator shall, in the performance of his quasi-judicial duties, be entitled to the immunities and protections to the fullest extent provided by law.

    b. The Discovery Arbitrator may not communicate ex parte with either Party or with third parties without the consent of all Parties, except with respect to scheduling.

    c. The Discovery Arbitrator shall preserve, as a record of his activities, all written submissions received from the Parties, all written submissions sent to the Parties,

and transcripts of any hearings before the Discovery Arbitrator. The Discovery Arbitrator shall file with the Clerk of this Court such records upon the request of the Court. The Discovery Arbitrator shall also file any order, report, or recommendation to the Court within ten days of the issuance thereof. Any document or information claimed by any party to be CONFIDENTIAL MATERIAL, as defined in Paragraph 2 of the Litigation Protective Order entered on June 6, 2011 in *Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities, LLC*, Adv Pro. No. 08-01789 (ECF No. 4137), shall be filed under seal in accordance with Paragraph 15 of the Litigation Protective Order.

d. The Discovery Arbitrator's discounted hourly fee shall be $700 per hour.

e. The Discovery Arbitrator shall also be reimbursed for reasonable out-of-pocket expenses actually incurred in the performance of his duties. If the Discovery Arbitrator finds that he requires the assistance of a support staff employee or associate attorney from his office, that work will be billed at the normal hourly rate for the person performing the work, not to exceed the Discovery Arbitrator's hourly rate.

f. The costs of the Discovery Arbitrator shall be shared equally by the Trustee and Luxalpha. The Discovery Arbitrator shall send invoices to the Parties, with amounts apportioned thereto.

g. Either Party may refer a discovery dispute to the Discovery Arbitrator by emailing a letter of no more than three pages to the Discovery Arbitrator summarizing the discovery dispute and simultaneously serving a copy of the letter upon the other

Party by email.

h. Within seven days of receiving a Party's letter referring a discovery dispute to the Discovery Arbitrator, the other Party shall submit by email to the Discovery Arbitrator a response letter not to exceed five pages and simultaneously serve a copy of the letter upon the Party initiating the discovery dispute process. The Discovery Arbitrator shall thereafter establish procedures for the resolution of the dispute.

i. The Discovery Arbitrator shall have the power to decide discovery disputes, including without limitation, disagreements concerning timing or deadlines, the length or number of depositions, compliance with discovery, scope of questioning, application of the protective order, or any other matter related to discovery contained in or arising out of any case management plan.

j. The rulings of the Discovery Arbitrator shall be binding on the Parties. Either Party may request an appeal of any ruling of the Discovery Arbitrator by submitting a letter to the Court (copying the other Party and the Discovery Arbitrator) setting forth the request and the issues to be reviewed within fourteen days of the date such ruling is issued. At the Court's discretion, the Discovery Arbitrator's rulings will be reviewed as follows: (a) findings of fact will be reviewed *de novo*; (b) legal conclusions will be reviewed *de novo*; and (c) rulings on procedural issues will be reviewed for abuse of discretion.

6. This Stipulation shall not be construed: (i) as an adjudication on the merits of any claims that the Trustee may have against the Luxalpha; or (ii) as an admission or acknowledgement of the merits of any claim or defense as against the other by the

5

Trustee or Luxalpha, with all such claims and defenses preserved.

7. This Stipulation may be signed by respective counsel for the Parties in any number of counterparts, each of which when so signed shall be an original, but all of which shall together constitute one and the same instrument. A signed facsimile, photostatic or electronic copy of this Stipulation shall be deemed an original.

Dated: October 26, 2020
New York, New York

*/s/ Oren J. Warshavsky*
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Oren J. Warshavsky
Email: owarshavsky@bakerlaw.com
Geoffrey A. North
Email: gnorth@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff*

*/s/ Brett S. Moore*
**PORZIO BROMBERG & NEWMAN P.C.**
156 West 56th Street, Suite 803
New York, New York 10019-3800
Telephone: (212) 265-6888
Facsimile: (212) 957-3983
Brett S. Moore
Email: bsmoore@pbnlaw.com

*Attorneys for Luxalpha SICAV, as represented by its Liquidators, Maître Alain Rukavina and Paul Laplume, in their capacities as liquidators and representatives of Luxalpha SICAV*

**SO ORDERED:**

Dated: **October 27, 2020**
New York, New York

/s/ STUART M. BERNSTEIN
HONORABLE STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE

6