**Baker & Hostetler LLP**                      **Hearing Date: November 18, 2020 at 10 AM**
45 Rockefeller Plaza                          **Objection Deadline: November 11, 2020 at 5 PM**
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation of*
*Bernard L. Madoff Investment Securities LLC*
*and the Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br> Plaintiff-Applicant, <br><br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br> Defendant. | Adv. Pro. No. 08-01789 (SMB) <br><br> SIPA LIQUIDATION <br><br> (Substantively Consolidated) |
| In re: <br><br> BERNARD L. MADOFF, <br><br> Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, <br><br> Plaintiff, <br><br> v. <br><br> UBS AG, et al., <br><br> Defendants. | Adv. Pro. No. 10-05311 (SMB) |

**MOTION FOR ENTRY OF ORDER PURSUANT TO SECTION 105(a)**
**OF THE BANKRUPTCY CODE AND RULES 2002 AND 9019**
**OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**
**APPROVING A SETTLEMENT BY AND BETWEEN**
**THE TRUSTEE AND AA (ALTERNATIVE ADVANTAGE) PLC ON BEHALF OF**
**ITS SUB-FUND LANDMARK INVESTMENT FUND IRELAND**

TO:   **THE HONORABLE STUART M. BERNSTEIN**
       **UNITED STATES BANKRUPTCY JUDGE**

Irving H. Picard (the "Trustee"), as trustee for the liquidation of Bernard L. Madoff

Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15

U.S.C. §§ 78aaa–*lll* ("SIPA"),[1] and the substantively consolidated Chapter 7 estate of

Bernard L. Madoff ("Madoff," and together with BLMIS, the "Debtors"), by and through his

undersigned counsel, submits this motion (the "Motion") seeking entry of an order (the

"Approval Order"), pursuant to section 105(a) of the United States Bankruptcy Code, 11

U.S.C. § 101 *et seq*. (the "Bankruptcy Code"), and Rules 2002 and 9019 of the Federal Rules

of Bankruptcy Procedure (the "Bankruptcy Rules"), approving a settlement (the

"Settlement"), the terms and conditions of which are set forth in a Settlement Agreement[2] by

and between the Trustee and AA (Alternative Advantage) PLC on behalf of its sub-fund

Landmark Investment Fund Ireland ("Landmark" and with the Trustee, the "Parties").  In

support of the Motion, the Trustee respectfully represents as follows:

**PRELIMINARY STATEMENT**

1.      Landmark is in the small class of Madoff feeder funds that, despite losing

significant principal investments in the BLMIS Ponzi scheme, declined to file a customer

claim.  This was the fund's decision, and it allowed the fund to remain outside the

---

[1] Further citations to SIPA will omit "15 U.S.C." and refer only to the relevant sections of SIPA.

[2] The form of Agreement is attached hereto as Exhibit "A."

jurisdiction of U.S. courts, and made the Trustee's potential route to recovery through litigation more circuitous. Landmark's decision also extinguished the possibility that it would receive any distribution from the BLMIS estate through the SIPA Proceeding. It is with this backdrop that the Trustee and Landmark reached a good faith settlement, the approval of which the Trustee now seeks with this application.

2.      From its 2007 inception, Landmark deposited over $143 million with BLMIS, and withdrew $52,200,000, transferring those withdrawals to subsequent transferees before BLMIS's collapse. The proposed order accompanying this motion includes a provision deeming the transfers from BLMIS to Landmark to be avoided. The remaining $91 million has not been returned to Landmark or its shareholders. Landmark has now nearly exhausted its assets, which its financial disclosures to the Trustee in connection with the settlement have demonstrated. It has agreed to turn over all of its remaining assets—approximately $3 million in cash—to the Trustee, a significant benefit to the customer property fund. With that payment to the Trustee, Landmark will have depleted its assets. Landmark has also pledged its cooperation to the Trustee in discovery that will aid the Trustee's continuing litigation against other parties that lacked good faith when they received customer property from BLMIS. The Trustee therefore respectfully requests that the Court approve the Settlement.

## BACKGROUND

### The Commencement of the BLMIS Liquidation Proceeding

3.      On December 11, 2008 (the "Filing Date"),[3] the Securities and Exchange Commission (the "SEC") filed a complaint in the United States District Court for the

---

[3] In this case, the Filing Date is the date on which the SEC commenced its suit against BLMIS, December 11, 2008, and a receiver was appointed for BLMIS. *See* SIPA § 78*lll*(7)(B).

Southern District of New York (the "District Court") against the Debtors (Case No. 08 CV

10791).  In the complaint, the SEC alleged that the Debtors engaged in fraud through the

investment advisor activities of BLMIS.

4.      On December 15, 2008, pursuant to section 78eee(a)(4)(A) of SIPA, the SEC

consented to a combination of its own action with an application of the Securities Investor

Protection Corporation ("SIPC").  Thereafter, pursuant to section 78eee(a)(3) of SIPA, SIPC

filed an application in the District Court alleging, *inter alia*, that BLMIS was not able to

meet its obligations to securities customers as they came due and, accordingly, its customers

needed the protection afforded by SIPA.

5.      On that date, the District Court entered the Protective Decree, to which

BLMIS consented, which, in pertinent part:

   (i)    appointed the Trustee for the liquidation of the business of BLMIS
          pursuant to section 78eee(b)(3) of SIPA;
   (ii)   appointed Baker & Hostetler LLP as counsel to the Trustee pursuant
          to section 78eee(b)(3) of SIPA; and
   (iii)  removed the case to this Court pursuant to SIPA section 78eee(b)(4).

6.      On April 13, 2009, an involuntary bankruptcy petition was filed against

Madoff.  On June 9, 2009, this Court entered an order substantively consolidating Madoff's

Chapter 7 estate with the BLMIS SIPA proceeding.

### THE TRUSTEE'S CLAIMS AGAINST LANDMARK

7.      Beginning in 2007 Landmark, a BLMIS feeder fund incorporated under Irish

law, maintained BLMIS Account No. 1FR133 (the "Account").

8.      From the opening of the Account to the Filing Date, Landmark deposited

$143,550,000 and withdrew approximately $52,200,000.  Landmark did not file a claim in

the SIPA Proceeding, and none of the balance of the funds deposited into the Account has

been returned to Landmark.

9.      Landmark has no meaningful business other than to obtain the resolution of the Adversary Proceeding and Avoidance Claims against it.

10.     On December 5, 2010, the Trustee commenced an action in the Bankruptcy Court against Landmark and others under Adversary Proceeding Number 10-05311 (the "Adversary Proceeding").  The Trustee asserted claims against Landmark for the avoidance and recovery of the Transfers under 11 U.S.C. §§ 544, 547, 548, 550, and 551 SIPA § 78fff-2(c)(3), and the New York Debtor and Creditor Law §§ 270–281 (the "Avoidance Claims").

## SETTLEMENT DISCUSSIONS AND MEDIATION

11.     The Trustee and Landmark engaged in good faith discussions and a mediation aimed at resolving the Trustee's avoidance claims.  In connection with the mediation, the Parties exchanged written statements and supplemental materials, and participated in a formal in-person session with the mediator.  Through the mediation process, the Parties reached an accord, set forth in detail in the Settlement Agreement.

## OVERVIEW OF THE AGREEMENT

12.     The principal terms and conditions of the Settlement Agreement are generally as follows (as stated above, the Settlement Agreement is attached as Exhibit "A" and should be reviewed for a complete account of its terms):[4]

- Landmark shall pay the Trustee the balance of the funds available to it (an amount expected to be approximately $3 million), in full and final settlement of the Avoidance Claims.  Once Landmark has made such payment to the Trustee, Landmark will no longer have any assets.

- Because Landmark is in the process of winding down, it will make the settlement payment in two installments: (1) at Closing, Landmark shall pay to the Trustee, for the benefit of the customer property fund, ninety

---

[4] Terms not otherwise defined shall have the meaning ascribed in the Settlement Agreement.  In the event of any inconsistency between the summary of terms provided in this section and the terms of the Settlement Agreement, the Settlement Agreement shall prevail.

percent of the expected settlement payment; (2) upon the conclusion of AA's liquidation (at which time AA expects that it will incur no further costs or expenses and at which time the precise amount of the settlement payment will be known), Landmark will pay or cause to be paid to the Trustee the balance of the settlement payment. Landmark expects that it will make the second installment payment within approximately six months of the Closing Date.

- The Trustee will release, acquit, and absolutely discharge Landmark. The Trustee will also provide a release, on the terms set forth in the Settlement Agreement, of Landmark's current and former directors, employees, agents, and interest holders, and its respective current and former directors, employees, agents, and interest holders.

- The Parties shall submit to the Bankruptcy Court a stipulation requesting the dismissal of the Avoidance Claims, with prejudice, as against Landmark, with each Party bearing its own costs, attorneys' fees, and expenses.

## RELIEF REQUESTED

13.     By this Motion, the Trustee respectfully requests that the Court enter an order substantially in the form of the proposed Order attached as Exhibit "B" approving the Settlement Agreement.

## LEGAL BASIS

14.     Bankruptcy Rule 9019(a) provides, in pertinent part, that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." In order to approve a settlement or compromise under Bankruptcy Rule 9019(a), a bankruptcy court should find that the compromise proposed is fair and equitable, reasonable, and in the best interests of a debtor's estate. *In re Ionosphere Clubs, Inc.*, 156 B.R. 414, 426 (S.D.N.Y. 1993), *aff'd*, 17 F.3d 600 (2d Cir. 1994) (citing *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968)).

15.     The Second Circuit has stated that a bankruptcy court, in determining whether to approve a compromise, should not decide the numerous questions of law and fact raised by the compromise, but rather should "canvass the issues and see whether the

6

settlement 'fall[s] below the lowest point in the range of reasonableness.'" *Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir. 1983) (internal citations omitted); *see also Masonic Hall & Asylum Fund v. Official Comm. of Unsecured Creditors (In re Refco, Inc.)*, 2006 U.S. Dist. LEXIS 85691, at \*21–22 (S.D.N.Y. Nov. 16, 2006); *In re Ionosphere Clubs*, 156 B.R. at 426. "[T]he court need not conduct a 'mini-trial' to determine the merits of the underlying litigation." *In re Purified Down Prods. Corp.*, 150 B.R. 519, 522 (S.D.N.Y. 1993).

16.   In deciding whether a particular compromise falls within the "range of reasonableness," courts consider the following factors:

> (i)   the probability of success in the litigation;
>
> (ii)  the difficulties associated with collection;
>
> (iii) the complexity of the litigation, and the attendant expense, inconvenience, and delay; and
>
> (iv)  the paramount interests of the creditors (or in this case, customers).

*In re Refco, Inc.*, 2006 U.S. Dist. LEXIS 85691 at \*22; *Nellis v. Shugrue*, 165 B.R. 115, 122 (S.D.N.Y. 1994) (citing *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 292 (2d Cir. 1992), *cert. denied*, 506 U.S. 1088 (1993)).

17.   The bankruptcy court may credit and consider the opinions of the trustee or debtor and their counsel in determining whether a settlement is fair and equitable. *See In re Purified Down Prods.*, 150 B.R. at 522; *In re Drexel Burnham Lambert Grp.*, 134 B.R. at 505. Even though the Court has discretion to approve settlements and must independently evaluate the reasonableness of the settlement, *In re Rosenberg*, 419 B.R. 532, 536 (Bankr. E.D.N.Y. 2009), the business judgment of the trustee and his counsel should be considered in determining whether a settlement is fair and equitable. *In re Chemtura Corp.*, 439 B.R. 561, 594 (Bankr. S.D.N.Y. 2010). The competency and experience of counsel supporting

the settlement may also be considered.  *Nellis*, 165 B.R. at 122.  Finally, the court should be

mindful of the principle that "the law favors compromise."  *In re Drexel Burnham Lambert*

*Grp.*, 134 B.R. at 505 (quoting *In re Blair*, 538 F.2d 849, 851 (9th Cir. 1976)).

18.     The Settlement Agreement furthers the interest of BLMIS customers by

adding approximately $3.1 million to the fund of customer property, extinguishing any

possibility of Landmark receiving distributions from the customer property fund, and

providing the Trustee with documents and information that will assist him in prosecuting

other actions to avoid and recover customer property for eventual distribution to innocent

victims of Madoff's fraud..  *See* Declaration of the Trustee in Support of the Motion, a true

and accurate copy of which is attached as Exhibit "C".

## CONCLUSION

19.     In sum, the Trustee submits that the Settlement Agreement should be

approved because it represents a fair and reasonable compromise of the Avoidance Claims.

Because the Settlement Agreement is well within the "range of reasonableness" and confers

a benefit on the estate, the Trustee respectfully requests that the Court enter an Order

approving the Settlement Agreement.

## NOTICE

20.     In accordance with Bankruptcy Rules 2002 and 9019, notice of this Motion

has been given to (i) SIPC; (ii) the SEC; (iii) the Internal Revenue Service; (iv) the United

States Attorney for the Southern District of New York; and (v) Thomas J. Hall, Norton Rose

Fulbright US LLP, 1301 Avenue of the Americas, New York, New York 10019-6022.

Notice of this Motion will also be provided via email and/or U.S. Mail to all persons who

have filed notices of appearance in the BLMIS proceeding and to all defendants in this

adversary proceeding pursuant to the Order Establishing Notice Procedures and Limiting

Notice, ECF No. 4560.  The Trustee submits that no other or further notice is required.

WHEREFORE, the Trustee respectfully requests entry of an Order substantially in the form of Exhibit "B" granting the relief requested in the Motion.

Dated:  October 27, 2020
       New York, New York

Respectfully submitted,

BAKER & HOSTETLER LLP

By: *s/ Oren J. Warshavsky*
    David J. Sheehan
    Email: dsheehan@bakerlaw.com
    Oren J. Warshavsky
    Email: owarshavsky@bakerlaw.com
    Geoffrey A. North
    Email: gnorth@bakerlaw.com

45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard,*
*Trustee for the Substantively Consolidated*
*SIPA Liquidation of Bernard L. Madoff*
*Investment Securities LLC and the Estate of*
*Bernard L. Madoff*