# EXHIBIT C

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY  10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and the Chapter 7 Estate of Bernard L. Madoff*

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br> Plaintiff-Applicant, <br><br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br> Defendant. | Adv. Pro. No. 08-01789 (SMB) <br><br> SIPA LIQUIDATION <br><br> (Substantively Consolidated) |
| In re: <br><br> BERNARD L. MADOFF, <br><br> Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, <br><br> Plaintiff, <br><br> v. <br><br> UBS AG, et al., <br><br> Defendants. | Adv. Pro. No. 10-05311 (SMB) |

**DECLARATION OF IRVING H. PICARD, TRUSTEE, IN SUPPORT OF MOTION
FOR ENTRY OF ORDER PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY
CODE AND RULES 2002 AND 9019 OF THE FEDERAL RULES OF BANKRUPTCY
<u>PROCEDURE APPROVING SETTLEMENT AGREEMENT</u>**

1. I am the trustee ("Trustee") for the liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa–*lll*, and the substantively consolidated chapter 7 estate of Bernard L. Madoff (together with BLMIS, the "Debtors").  I am familiar with the affairs of the Debtors.  I respectfully submit this Declaration in support of the motion (the "Motion") seeking entry of an order, pursuant to 11 U.S.C. § 105(a) of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*, and Rules 2002 and 9019 of the Federal Rules of Bankruptcy Procedure, approving the settlement agreement (the "Settlement Agreement") by and between the Trustee and AA (Alternative Advantage) PLC on behalf of its sub-fund Landmark Investment Fund Ireland ("Landmark").

2. I make this Declaration based upon my own personal knowledge or upon information I believe to be true.

3. All capitalized terms not defined herein have the meaning ascribed to them in the Settlement Agreement submitted as Exhibit A to the Motion.

4. I believe that the terms of the Settlement Agreement fall well above the lowest point in the range of reasonableness and, accordingly, the Settlement Agreement should be approved by this Court.  The Settlement Agreement resolves all issues regarding the asserted and unasserted claims between the Trustee and Landmark without the need for protracted and costly litigation.  Litigating the claims would undoubtedly be complex, create further delay, and would involve litigation risks associated with the unique facts of this case.

5. The Settlement Agreement resulted from a lengthy negotiation process following mediation before a mediator that involved a thorough review of the strengths and weaknesses of the Parties' positions.

6. The Settlement Agreement furthers the interest of BLMIS customers by, among other things, adding approximately $3,000,000 to the customer property fund, extinguishing any possibility of Landmark receiving distributions from the customer property fund, and providing the Trustee with documents and information that will assist him in prosecuting other actions to avoid and recover customer property for eventual distribution to innocent victims of Madoff's fraud. I also understand that with its settlement payment to the Trustee, Landmark will have depleted its assets.

7. Given the complexities involved in proceeding with further litigation and the difficulties associated with collecting judgments against Landmark, which has represented it is insolvent or has few remaining assets, I have determined, in my business judgment, that the Settlement Agreement represents a fair compromise of the claims against Landmark.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 27, 2020

_____
Irving H. Picard, Trustee