**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-1789 (SMB) |
| Plaintiff, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

**APPLICATION OF SOROKER AGMON NORDMAN AS SPECIAL COUNSEL TO THE
TRUSTEE FOR ALLOWANCE OF INTERIM COMPENSATION FOR SERVICES
RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED
FROM APRIL 1, 2020 THROUGH JULY 31, 2020**

Soroker Agmon Nordman[1] ("Soroker"), special counsel for Irving H. Picard (the "Trustee"), trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act of 1970, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA"), and Bernard L. Madoff, submits this Application for interim compensation of legal fees in the amount of $841,664.48 (of which 20% is to be deferred until the conclusion of the liquidation period) and reimbursement of actual and necessary expenses in the amount of $43,810.26 for the period from April 1, 2020 through July 31, 2020 (the "Compensation Period"). In support of the Application, Soroker respectfully submits as follows:

---

[1] Formerly known as Soroker Agmon.

## I.  BACKGROUND

1.      On December 15, 2008, Judge Stanton of the United States District Court for the Southern District of New York, upon application filed on the same date by the Securities Investor Protection Corporation ("SIPC"), entered an order calling for the liquidation of BLMIS in accordance with SIPA and appointing the Trustee as BLMIS's trustee.

2.      BLMIS's liquidation proceeding was removed to this Court pursuant to SIPA § 78eee(b)(4), and, pursuant to SIPA § 78fff(b), is being conducted as though it were a case under chapters 1, 3, and 5 and subchapters I and II of chapter 7 of title 11 of the United States Code.

3.      On December 7, 2011, this Court entered an order approving the Trustee's motion to retain Soroker, *nunc pro tunc*, as of September 20, 2011 as special counsel to the Trustee in all matters pertaining to Israeli law.

4.      The Trustee's motion to retain Soroker established a fee arrangement pursuant to which Soroker agreed to a fee reduction in the amount of 10%.  Soroker also agreed to an additional holdback of fees in the amount of 20%, which will remain in effect until the conclusion of the liquidation period.

## II.  SERVICES RENDERED BY SOROKER

5.      The legal services performed by Soroker on behalf of the Trustee during the time period covered by this Application are as follows:

6.      Soroker researched, analyzed, and advised the Trustee and his counsel on certain aspects of Israeli law.

7.      Soroker represented and advised the Trustee on BLMIS-related legal proceedings in Israel.

### III. **COMPENSATION REQUESTED**

8.      The Application demonstrates how Soroker has both added value to BLMIS's estate and advanced BLMIS's liquidation proceeding.

9.      Soroker has been mindful of the need to avoid undue legal fees in this case and has taken all reasonable steps to provide cost-effective representation while rendering services with the highest degree of skill and professionalism.

10.     From April 1, 2020 through July 31, 2020, Soroker provided a total of 1,972.30 hours of legal services to the Trustee in this case. Prior to the 10% discount, the total amount of fees incurred in this time period was $799,301.50 and the total blended rate for professional services was $405.26/hour. After applying the 10% discount, the total fees incurred is $719,371.35 and the total blended rate is $364.74/hour. Soroker's fees are also subject to a 17% value added tax. After applying the value added tax, to the discounted fees, in the amount of $122,293.13, the total compensation requested is $841,664.48. Soroker has agreed to a further 20% holdback of fees in the amount of $168,332.90 resulting in the present request for compensation in the amount of $673,331.58.

11.     A breakdown of the total number of hours performed by each Soroker timekeeper is provided in **Exhibit A** attached hereto.

12.     Soroker seeks reimbursement for out-of-pocket expenses incurred in connection with its representation of the Trustee during the Compensation Period of $37,729.33. Some of Soroker out-of-pocket expenses are subject to a 17% value added tax. After applying the 17% value added tax to certain out-of-pocket expenses in the amount of $6,080.93, the total out-of-pocket expenses incurred are $43,810.26. An itemized list of these expenses is detailed in **Exhibit B** attached hereto.

## IV.  GENERAL MATTERS

13.     All of the professional services for which compensation is requested herein were performed by Soroker for and on behalf of the Trustee and not on behalf of any other person or entity.

14.     No agreement or understanding exists between Soroker and any other person for sharing compensation received in connection with this case, nor has any other person or entity agreed to provide Soroker with compensation for the legal services described herein.

15.     SIPA § 78eee(b)(5)(A) provides in pertinent part that, upon appropriate application and after a hearing, "[t]he court shall grant reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred . . . by a trustee, and by the attorney for such a trustee."  SIPA § 78eee(b)(5)(C) specifically establishes SIPC's role in connection with applications for compensation and the consideration the Court should give to SIPC's recommendation concerning fees, providing as follows:

> In any case in which such allowances are to be paid by SIPC without reasonable expectation of recoupment thereof as provided in this chapter and there is no difference between the amounts requested and the amounts recommended by SIPC, the court shall award the amounts recommended by SIPC.  In determining the amount of allowances in all other cases, the court shall give due consideration to the nature, extent, and value of the services rendered, and shall place considerable reliance on the recommendation of SIPC.

SIPA § 78eee(b)(5)(C).

16.     To the extent the general estate is insufficient to pay such allowances as an expense of administration, SIPA § 78eee(b)(5)(E) requires SIPC to advance the funds necessary to pay the compensation of Soroker.  *See* also SIPA § 78fff-3(b)(2).

17.     At this time, the Trustee has determined he has no reasonable expectation that the general estate will be sufficient to make a distribution to general creditors or pay administrative expenses.  SIPC has advised the Trustee that it concurs with this determination.  Accordingly, any

fees and expenses allowed by this Court will be paid from advances by SIPC without any reasonable expectation by SIPC of recoupment thereof.

18.     Therefore, with respect to this Application, Soroker requests that, consistent with SIPA § 78eee(b)(5)(C), the Court "shall award the amounts recommended by SIPC." *See McGraw v. Betz (In re Bell & Beckwith)*, 112 B.R. 876 (Bankr. N.D. Ohio 1990).  Soroker expects that SIPC's recommendation in support of the relief sought by this Application will be filed with this Court separately.

**WHEREFORE**, Soroker respectfully requests that this Court enter an Order:

a.     Granting this Application; and

b.     Allowing and awarding $841,664.48, of which $673,331.58 is to be paid currently and $168,332.90 is to be held back through the conclusion of the liquidation period or until further order of the Court, as an interim payment for professional services rendered by Soroker to the Trustee from April 1, 2020 through July 31, 2020; and

c.     Allowing payment to Soroker in the amount of $43,810.26 for reimbursement of expenses incurred by Soroker from April 1, 2020 through July 31, 2020; and

    d.      Granting Soroker such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: November 6, 2020              Soroker Agmon Nordman

By: *s/ Jonathan Agmon*
      Jonathan Agmon
      8 Hahoshlim Street
      P.O.B. 12425 Herzliya 4672408
      Israel
      Telephone: +972-9-950-7000

## **EXHIBIT A**

### SUMMARY OF INTERIM FEE APPLICATION
### OF SOROKER AGMON NORDMAN FOR SERVICES RENDERED
### FOR THE PERIOD FROM APRIL 1, 2020 THROUGH JULY 31, 2020

| Professional | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|
| Jonathan Agmon | $495.00 | 229.20 | $113,454.00 |
| Ady Nordman | $495.00 | 151.40 | $74,943.00 |
| Eran Soroker | $495.00 | 12.00 | 45,940.00 |
| Iris Soroker | $424.00 | 24.10 | $10,218.40 |
| Hagar Raved | $424.00 | 4.80 | $2,035.20 |
| Ran Kamil | $424.00 | 341.40 | $144,753.60 |
| Efrat Shimonov | $424.00 | 608.50 | $258,004.00 |
| Lior Gefen | $317.00 | 461.10 | $146,168.70 |
| Robert Dorneunu | $317.00 | 63.00 | $19,971.00 |
| Netanel Goldman | $317.00 | 72.80 | $23,077.60 |
| Benjamin Goffer | $184.00 | 4.00 | $736.00 |
| | | | |
| Total | $405.26 | 1,972.30 | $799,301.50 |
| Total minus 10% discount | $364.74 | | $719,371.35 |
| Value Added Tax | | | $122,293.13 |
| **Total Plus Value Added Tax** | | | **$841,664.48** |
| **Total Net 20% Holdback** | | | **$673,331.58** |

**EXHIBIT B**

**EXPENSE SUMMARY OF SOROKER AGMON NORDMAN
FOR THE PERIOD FROM APRIL 1, 2020 THROUGH JULY 31, 2020**

| EXPENSES | AMOUNTS |
|---|---|
| Company Search Fees/Appraisals | $23,099.89 |
| Court Related Expenses | $1,699.21 |
| Translations | $6,059.86 |
| Photocopies | $187.20 |
| Delivery/Postage | $931.62 |
| Expert Fees | $5,564.05 |
| Miscellaneous | $187.50 |
| | |
| Total | $37,729.33 |
| Value Added Tax (17%) | $6,080.93 |
| **Total Requested:** | **$43,810.26** |