**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant.<br><br>In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | Adv. Pro. No. 08-1789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |

**APPLICATION OF SCA ONTIER[1] AS SPECIAL COUNSEL TO THE TRUSTEE FOR ALLOWANCE OF INTERIM COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED
<u>FROM APRIL 1, 2020 THROUGH JULY 31, 2020</u>**

SCA Ontier ("SCA"), special counsel for Irving H. Picard (the "Trustee"), trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act of 1970, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA"), and Bernard L. Madoff, submits this Application for interim compensation of legal fees in the amount of $20,472.30 (of which 20% is to be deferred until the conclusion of the liquidation period) and reimbursement of actual and necessary expenses in the amount of $685.00 for the period from April 1, 2020 through July 31, 2020 (the "Compensation Period"). In support of the Application, SCA respectfully submits as follows:

---

[1] Formerly known as SCA Creque

## I. BACKGROUND

1. On December 15, 2008, Judge Stanton of the United States District Court for the Southern District of New York, upon application filed on the same date by the Securities Investor Protection Corporation ("SIPC"), entered an order calling for the liquidation of BLMIS in accordance with SIPA and appointing the Trustee as BLMIS's trustee.

2. BLMIS's liquidation proceeding was removed to this Court pursuant to SIPA § 78eee(b)(4), and, pursuant to SIPA § 78fff(b), is being conducted as though it were a case under chapters 1, 3, and 5 and subchapters I and II of chapter 7 of title 11 of the United States Code.

3. On July 14, 2009, this Court entered an order approving the Trustee's motion to retain SCA *nunc pro tunc* as of June 5, 2009 as special counsel to the Trustee in matters pertaining to British Virgin Islands ("BVI") law.

4. The Trustee's motion to retain SCA established a fee arrangement pursuant to which SCA agreed to a fee reduction in the amount of 10%. SCA also agreed to an additional holdback of fees in the amount of 20%, which will remain in effect until the conclusion of the liquidation period.

## II. SERVICES RENDERED BY SCA

5. The legal services performed by SCA on behalf of the Trustee during the time period covered by this Application are as follows:

6. SCA has continued to research, analyze, and advise the Trustee on various issues under BVI law.

7. SCA advised the Trustee concerning litigation involving BVI-domiciled entities.

## III. COMPENSATION REQUESTED

8. SCA's Application demonstrates how SCA has both added value to BLMIS's estate and advanced BLMIS's SIPA liquidation proceeding.

9. SCA has been mindful of the need to avoid undue legal fees in this case and has taken all reasonable steps to provide cost-effective representation while rendering services with the highest degree of skill and professionalism.

10. From April 1, 2020 through July 31, 2020, SCA provided a total of 33.90 hours of legal services to the Trustee in this case. Prior to the 10% discount, the total amount of fees incurred in this time period was $22,747.00 and the total blended rate for professional services was $671.00/hour. After the 10% discount, the total amount of fees incurred is $20,472.30 and the total blended rate is $603.90/hour. SCA has agreed to a further 20% holdback of fees in the amount of $4,094.46 resulting in the present request for compensation in the amount of $16,377.84.

11. A breakdown of the total number of hours performed by each SCA timekeeper is provided in **Exhibit A** attached hereto.

12. SCA seeks reimbursement of out-of-pocket expenses incurred in connection with its representation of the Trustee during the Compensation Period of $685.00. An itemized list of these expenses is detailed in **Exhibit B** attached hereto.

### IV. GENERAL MATTERS

13. All of the professional services for which compensation is requested herein were performed by SCA for and on behalf of the Trustee and not on behalf of any other person or entity.

14. No agreement or understanding exists between SCA and any other person for sharing compensation received in connection with this case, nor has any other person or entity agreed to provide SCA with compensation for the legal services described herein.

15. SIPA § 78eee(b)(5)(A) provides in pertinent part that, upon appropriate application and after a hearing, "[t]he court shall grant reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred . . . by a trustee, and by the attorney for such a trustee." SIPA § 78eee(b)(5)(C) specifically establishes SIPC's role in connection with

applications for compensation and the consideration the Court should give to SIPC's recommendation concerning fees, providing as follows:

> In any case in which such allowances are to be paid by SIPC without reasonable expectation of recoupment thereof as provided in this chapter and there is no difference between the amounts requested and the amounts recommended by SIPC, the court shall award the amounts recommended by SIPC. In determining the amount of allowances in all other cases, the court shall give due consideration to the nature, extent, and value of the services rendered, and shall place considerable reliance on the recommendation of SIPC.

SIPA § 78eee(b)(5)(C).

16. To the extent the general estate is insufficient to pay such allowances as an expense of administration, SIPA § 78eee(b)(5)(E) requires SIPC to advance the funds necessary to pay the compensation of SCA. *See also* SIPA § 78fff-3(b)(2).

17. The Trustee has determined, at this time, that he has no reasonable expectation that the general estate will be sufficient to make a distribution to general creditors or pay administrative expenses. SIPC has advised the Trustee that it concurs with this determination. Accordingly, any fees and expenses allowed by this Court will be paid from advances by SIPC without any reasonable expectation by SIPC of recoupment thereof.

18. Therefore, with respect to this Application, SCA requests that consistent with section 78eee(b)(5)(C) of SIPA, the Court "shall award the amounts recommended by SIPC." *See McGraw v. Betz (In re Bell & Beckwith)*, 112 B.R. 876 (Bankr. N.D. Ohio 1990). SCA expects that SIPC's recommendation in support of the relief sought by this Application will be filed with this Court separately.

**WHEREFORE**, SCA respectfully requests that this Court enter an Order:

a. Granting this Application; and

b. Allowing and awarding $20,472.30, of which $16,377.84 is to be paid currently and $4,094.46 is to be held back through the conclusion of the liquidation period

or until further order of the Court, as an interim payment for professional services rendered by SCA to the Trustee from April 1, 2020 through July 31, 2020; and

c.  Allowing payment to SCA in the amount of $685.00 for reimbursement of expenses incurred by SCA from April 1, 2020 through July 31, 2020; and

d.  Granting SCA such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: November 6, 2020

SCA Ontier

By:  *s/ Seamus Andrew*
Seamus Andrew
SCA Ontier LLP
Halton House
20-23 Holborn
London, EC1N 2JD
United Kingdom
Telephone: +44(0) 20 7183 1701

5

# EXHIBIT A

## SUMMARY OF INTERIM FEE APPLICATION
## OF SCA ONTIER FOR SERVICES RENDERED
## FOR THE PERIOD OF APRIL 1, 2020 THROUGH JULY 31, 2020

|  | **HOURLY RATE** | **TOTAL HOURS BILLED** | **TOTAL COMPENSATION** |
|---|---|---|---|
| Seamus Andrew | $770.00 | 20.60 | $15,862.00 |
| Liam Spencer | $650.00 | 8.90 | $5,785.00 |
| Kirki Thakur | $250.00 | 4.40 | $1,100.00 |
|  |  |  |  |
| **Total:** | **$671.00** | **33.90** | **$22,747.00** |
| **Total minus 10% Discount** | **$603.90** |  | **$20,472.30** |
| **Total Net of 20% Holdback:** |  |  | **$16,377.84** |

## **EXHIBIT B**

### **EXPENSE SUMMARY OF SCA ONTIER FOR THE**
### **INTERIM PERIOD OF APRIL 1, 2020 THROUGH JULY 31, 2020**

| EXPENSES | AMOUNTS |
|---|---|
| Company Search Fees | $685.00 |
| **Total Expenses Requested:** | **$685.00** |