**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

Presentment Date: November 18, 2020 at 12:00 PM

Objections Due: November 11, 2020

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>            Plaintiff,<br>      v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>            Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>            Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff,<br><br>Plaintiff,<br><br>v.<br><br>KUNTZMAN FAMILY LLC; JACQUELINE D. GREEN, in her capacity as a Managing Member of the Kuntzman Family L.L.C. and as Trustee of the Irrevocable Trust FBO Jennifer Gattegno and the Irrevocable Trust FBO Ethan Siegel, both members of the Kuntzman Family L.L.C, WAYNE D. GREEN, in his capacity as a | Adv. Pro. No. 10-04752 (SMB) |

Managing Member of the Kuntzman Family L.L.C.; JUDITH GATTEGNO, in her capacity as a Member of the Kuntzman Family L.L.C.; IRREVOCABLE TRUST FBO JENNIFER GATTEGNO, in its capacity as a Member of the Kuntzman Family LLC; and IRREVOCABLE TRUST FBO ETHAN SIEGEL, in its capacity as a Member of the Kuntzman Family L.L.C.,

Defendants.

**OBJECTION OF TRUSTEE TO NOTICE OF PRESENTMENT OF AN ORDER GRANTING APPLICATION TO WITHDRAW AS COUNSEL, AND CROSS MOTION TO STRIKE DEFENDANTS' ANSWER**

Irving H. Picard, Esq., trustee ("Trustee") for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. § 78aaa *et seq*. ("SIPA"), and the estate of Bernard L. Madoff, by and through his undersigned counsel, respectfully submits this Objection to Notice of Presentment of an Order Granting Application to Withdraw as Counsel (the "Application") and Accompanying Declaration of Helen Davis Chaitman filed on October 28, 2020 and, alternatively, Cross Motion to Strike Defendants' Answer.[1]

**I.    SUMMARY OF ARGUMENT**

The Trustee objects to the withdrawal of Chaitman LLP as counsel in this adversary proceeding because it will disrupt the prosecution of this adversary proceeding and cause unnecessary and significant delay.  The Trustee also objects because the Declaration of Helen Davis Chaitman in Support of an Application on Consent for an Order to Withdraw as Counsel (the "Declaration"), on which the withdrawal is based, omits numerous facts regarding this

---

[1] The Notice of Presentment of an Order Granting Application to Withdraw as Counsel (the "Notice") was filed on behalf of only three of the six named Defendants.  However, this case is only proceeding against Kuntzman Family LLC because the other five Defendants were sued as subsequent transferees, not initial transferees, and were deemed dismissed by prior Court Order [ECF No. 40].

2

proceeding that are material to the circumstances surrounding Chaitman LLP's requested withdrawal. For example, while the Declaration states that on December 2, 2015, Chaitman LLP was informed that three of the named Defendants, Kuntzman Family LLC, Jacqueline D. Green, in her capacity as a Managing Member of the Kuntzman Family L.L.C. and as Trustee of the Irrevocable Trust FBO Jennifer Gattegno and the Irrevocable Trust FBO Ethan Siegel, both members of the Kuntzman Family L.L.C., and Wayne D. Green, in his capacity as a Managing Member of the Kuntzman Family L.L.C., (the "Kuntzman Green Defendants") did not wish to transfer their representation to Chaitman LLP, Chaitman LLP has actively engaged in the litigation of this case on behalf of all of the named Defendants, including the Kuntzman Green Defendants, representing to both this Court and to counsel for the Trustee that she represented the Kuntzman Green Defendants. Specifically, Chaitman LLP engaged in discovery on behalf of Kuntzman Family LLC (one of the Kuntzman Green Defendants) including the deposition of a corporate representative of Kuntzman Family LLC, and filed multiple sets of briefing or correspondence with the Court on behalf of all defendants represented by Chaitman LLP, including the Kuntzman Green Defendants. [ECF Nos. 56, 57, 58, 70, 74, 79, 81, 86, 88, 92]. Further, the Declaration is patently incorrect in asserting that the case will not be disrupted or unduly delayed by Chaitman LLP's withdrawal as counsel. This case is ready for final adjudication, whether via mediation, summary judgment or trial, and, as discussed fully below, granting the Application at this late stage would undoubtedly disrupt and delay of this proceeding.

Alternatively, should the Court grant the Application, the Trustee respectfully requests entry of an order striking Defendants' Answer and Affirmative Defenses due to the failure of Kuntzman Family LLC to appear by qualified counsel, should Kuntzman Family LLC fail to

retain new counsel within fifteen (15) days after entry of the order.

## II. BACKGROUND

The Trustee commenced this action by filing a complaint against Defendants on December 1, 2010 [ECF No. 1]. On March 11, 2011, Ms. Chaitman, then with Becker & Poliakoff LLP, filed a Notice of Appearance and Request for Service of Papers on behalf of the Defendants [ECF No. 6]. On July 16, 2015, this Court entered an Order Granting in Part and Denying in Part Defendants' Motions to Dismiss, dismissing those counts seeking to recover subsequent transfers from subsequent transferee defendants [ECF No. 40]. All Defendants except Kuntzman Family LLC were deemed dismissed via the July 16, 2015 Order. On September 16, 2015, Defendants,[2] represented by Ms. Chaitman and Becker & Poliakoff LLP, filed their Answer and Affirmative Defenses [ECF No. 41] (the "Answer"). Then, on October 12, 2015, Ms. Chaitman filed a Notice of Appearance on behalf of Defendants, as a partner of Chaitman LLP [ECF No. 42].[3] On November 9, 2015, attorney Julie Gorchkova, of Becker & Poliakoff LLP, filed a Notice of Presentment of an Order Granting Application to Withdraw as Counsel (the "B&P Notice") on behalf of defendants in multiple adversary proceedings including the Defendants [ECF No. 44]. The B&P Notice expressly stated that Ms. Chaitman "remains attorney of record for the Defendants, and will continue to represent them." The Court entered the Order granting Becker & Poliakoff LLP's application to withdraw as counsel on November 23, 2015 [ECF No. 45].

Consistent with the B&P Notice, Ms. Chaitman and Chaitman LLP continued to represent the Defendants, including the Kuntzman Green Defendants, filing multiple motions

---

[2] Despite the July 2015 dismissal of all Defendants except the Kuntzman Family LLC, many of the actions of Chaitman LLP described in this Opposition were done on behalf of all six named Defendants.

[3] The Declaration incorrectly states that Ms. Chaitman, as a partner of Chaitman LLP, filed this Notice on November 9, 2015.

4

and responses, as well as letters addressed to the Court, on behalf of all defendants represented by Chaitman LLP in multiple adversary proceedings [ECF Nos. 56, 57, 58, 70, 74, 79, 81, 86, 88, 92]. Each of these filings specifically included the names of all six Defendants, including the Kuntzman Green Defendants.

On July 28, 2017, the Trustee served Interrogatories and Requests for Production on Defendant, Kuntzman Family LLC. On September 1, 2017, Chaitman LLP served Responses and Objections of Defendant Kuntzman Family LLC to the Trustee's Interrogatories and Requests for Production, including a verification of Interrogatory responses by a member of Kuntzman Family LLC.[4] On September 7, 2017, Jennifer Allim, an attorney with Chaitman LLP, notified Ms. Carlisle, counsel for the Trustee, that Kuntzman Family LLC had documents responsive to the Trustee's requests available for production at Chaitman LLP's address. On October 12, 2017, the Trustee deposed Defendant Judith Gattegno as a corporate representative of Kuntzman Family LLC, pursuant to a Rule 30(b)(6) deposition notice, with Ms. Jennifer Allim of Chaitman LLP appearing as counsel for Kuntzman Family LLC.[5] Chaitman LLP served written discovery requests on the Trustee on behalf of all defendants represented by Chaitman LLP, including the Kuntzman Green Defendants. Then, on July 3, 2019, Chaitman LLP served Amended Initial Disclosures on behalf of Kuntzman Family LLC.[6]

On July 2, 2019, the Trustee served expert reports to Defendants and, in response, on October 4, 2019, Chaitman LLP sent a letter to the Trustee on behalf of Defendants notifying the Trustee of their intent to move to strike the Trustee's expert reports. Pursuant to the Order

---

[4] A true and correct copy of Kuntzman Family LLC's responses to written discovery is attached to the Declaration of Nicholas J. Cremona as Exhibit 1.

[5] A true and correct copy of relevant pages of the deposition of the corporate representative of Kuntzman Family LLC is attached to the Declaration of Nicholas J. Cremona as Exhibit 2.

[6] Kuntzman Family LLC is the only Defendant on whose behalf the amended disclosures were served. A true and correct copy of Kuntzman Family LLC's amended disclosures is attached to the Declaration of Nicholas J. Cremona as Exhibit 3.

5

Granting in Part and Denying in Part Trustee's Motion for Limited Additional Discovery [ECF No. 84], all discovery in this adversary proceeding was closed as of December 16, 2019. On March 5, 2020, the Trustee contacted the Court in several adversary proceedings where Chaitman LLP is counsel of record, including this one, to assist the parties in scheduling mediation of the cases. [ECF No. 91].

At no time prior to the filing of the Application, did Ms Chaitman, nor any other attorney or paralegal with Chaitman LLP, notify the Trustee that the firm did not represent the Kuntzman Green Defendants, nor that Chaitman LLP did not have the authority to act on behalf of the Kuntzman Green Defendants in responding to discovery, presenting corporate representatives for deposition, filing briefs and letters with the Court, or scheduling the matter for mediation. Nor at any time in the past five years have any of the Kuntzman Green Defendants contacted the Trustee or his counsel regarding this adversary proceeding, nor has any other counsel appeared on their behalf.

Now, after five years of litigation, with fact and expert discovery closed in this case and the matter ready for mediation and dispositive motions or trial, Chaitman LLP seeks to withdraw as counsel on the basis that the Kuntzman Green Defendants never intended to transfer their representation to the firm back in 2015.

### III. CHAITMAN LLP'S WITHDRAWAL WILL BOTH DELAY AND DISRUPT THIS ADVERSARY PROCEEDING

Permitting withdrawal of Chaitman LLP as counsel at this time will disrupt this adversary proceeding, and cause unnecessary delay. As noted above, fact and expert discovery are closed, and this case is trial ready. However, Kuntzman Family LLC, the only remaining Kuntzman Green Defendant against whom this case is proceeding, cannot proceed with the prosecution of this adversary proceeding, without being represented by counsel. *Securities Investor Protection*

6

*Corp. v. Bernard L. Madoff Inv. Sec. LLC*, No. 08-01789, 2020 WL 3264056 at *2 (Bankr. S.D.N.Y June 10, 2020) (a limited liability company may not appear in federal court without an attorney) (citing *Lattanzio v. Comta*, 481 F.3d 137, 140 (2d Cir. 2007)); *Capstone Equity LLC v. CPS Group Inc.*, No. 12 Civ. 4214 (KPF)(HBP), 2013 WL 3872081 at *2, (S.D. N.Y. July 26, 2013) (finding that a LLC cannot proceed *pro se*). Despite the representation that Kuntzman Green Defendants did not wish to transfer their representation to Chaitman LLP back in 2015, no other counsel has appeared on their behalf since that time. Thus, this adversary proceeding will be delayed, at a minimum, until Kuntzman Family LLC can retain new counsel and such counsel makes an appearance. Further, any new counsel appearing in such a complex matter as the liquidation of BLMIS at this a late stage would likely request additional time to review and become familiar with the issues involved, the discovery conducted by the parties, the expert reports and the complexity of the BLMIS Ponzi scheme, which will undoubtedly result in significant delay of this proceeding.

The delay caused by the withdrawal of Chaitman LLP at this late stage of litigation is likely to be substantial. For this reason, and the fact that Chaitman LLP has behaved as if it represented the Kuntzman Green Defendants in this adversary proceeding over the past five years, the Application should be denied.

## IV. ALTERNATIVELY, DEFENDANTS' ANSWER SHOULD BE STRICKEN BECAUSE DEFENDANT KUNTZMAN LLC CANNOT PROCEED PRO SE

As outlined above, should Chaitman LLP be permitted to withdraw as counsel, the result will be needless delay of the adversary proceeding to the detriment of the Trustee who has litigated this case for several years with counsel who now contends it never represented the Kuntzman Green Defendants. Per the Declaration, the Defendants, including the Kuntzman Green Defendants, engaged Ms. Chaitman as counsel and filed their Answer to the Trustee's

7

Complaint while Ms. Chaitman was a partner with Becker & Poliakoff LLP. Subsequently, the Kuntzman Green Defendants stated they did not transfer that representation to Chaitman LLP. Therefore, the Kuntzman Green Defendants knew that they lacked legal representation in this adversary proceeding beginning in December of 2015. Since that time, however, one of the members of Kuntzman Family LLC, Judith Gattegno,[7] has been involved in discovery conducted by the Trustee through Chaitman LLP. Thus, Kuntzman Family LLC has been on notice that the litigation was ongoing and aware of at least some of the actions Chaitman LLP took on its behalf. Despite this awareness, at no time have the Kuntzman Green Defendants objected to the activities taken on their behalf by Chaitman LLP, nor have they retained new counsel to appear in the case. Therefore, in the event that the Application is granted, the Trustee respectfully requests that the Court enter an order striking Defendants' Answer due to the failure of Kuntzman Family LLC to appear by qualified counsel, should Defendant Kuntzman Family LLC fail to retain new counsel within fifteen (15) days after entry of the order.

It is well established law that a corporation cannot defend itself except through counsel. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993) (a corporation may appear in the federal courts only through licensed counsel); *Shapiro, Bernstein & Co. v. Cont'l Record Co.*, 386 F.2d 426, 427 (2nd Cir. 1967). Courts have extended the reasoning to all entity forms, including limited liability companies. *Rowland*, 506 U.S. at 202 (the rationale for this rule applies equally to all artificial entities); *Securities Investor Protection Corp.*, 2020 WL 3264056 at *2 (a limited liability company may not appear in federal court without an attorney) (citing *Lattanzio*, 481 F.3d at 140; *Capstone Equity LLC,* 2013 WL 3872081 at *2. In their Answer, Defendants admit that Kuntzman Family LLC is a limited liability company formed under the laws of the state of New Jersey. Therefore, Kuntzman

---

[7] Ms. Gattegno is not one of the Defendants referenced in the Application.

8

Family LLC is prohibited from proceeding in this litigation absent representation by licensed counsel. *See e.g.*, *Securities Investor Protection Corp.*, 2020 WL 3264056 at *2. Thus, the Trustee requests that the Court enter an order striking Defendants' Answer, if Kuntzman Family LLC does not obtain new counsel.

Courts have repeatedly granted motions to strike the answers of entities in cases where those defendants have failed to defend the action by appearing through counsel. *Zurita v. Bergen Pizza Inc.*, No. 13-CV-1846, 2015 WL 1602148 (E.D.N.Y. April 2, 2015) (no clear error in Report and Recommendation to strike answer and enter default where corporation failed to appear through counsel for over two years); *Trs. Of Empire State Carpenters Annuity, Apprenticeship, Labor-Mgmt. Cooperation, Pension & Welfare Funds v. KND Const. Corp.*, No. 13-cv-6116, 2014 WL 6769292, *1 (E.D.N.Y. Nov. 28, 2014) ("'failure to obey a court order to obtain counsel to allow a case to proceed can constitute a failure to defend' and may warrant the striking of Defendant's answer"); *Bratta v. Tramp*, Case No. 08-CV-4073, 2009 WL 10708936 at *2 (E.D.N.Y. November 30, 2009) (defendants filed answers to the plaintiff's complaint but failed to obtain counsel despite two Court orders to do so and plaintiff's motion to strike defendants' answers and enter default was granted in its entirety).

Although the court has broad discretion in determining an appropriate sanction in these circumstances, the Trustee recognizes that striking an answer is a drastic remedy. *Luft v. Crown Publishers, Inc.*, 906 F.2d 862, 865 (2d Cir. 1990). However, given the length of time since the Kuntzman Green Defendants have not been represented by counsel, their awareness of the litigation and ongoing activity in this adversary proceeding, failure to object or retain new counsel, the prejudice to the Trustee caused by litigating this case with Chaitman LLP, and the late stage of the litigation, should Defendant Kuntzman Family LLC fail to retain new counsel

9

within fifteen (15) days of Chaitman LLP's withdrawal, striking Defendants' Answer is warranted.

## V. CONCLUSION

For the reasons set forth above, the Trustee respectfully requests that the Application be denied in its entirety. Alternatively, should the Application be granted, the Trustee respectfully requests that an order be entered striking the Defendants' Answer in its entirety if Defendant Kuntzman Family LLC fails to retain counsel and such counsel fails to appear within fifteen (15) days of entry of such order. The Trustee further requests that this Court provide for such other relief as the Court deems just and proper.

Dated: New York, New York
       November 11, 2020

Of Counsel:

**BAKER HOSTETLER LLP**
811 Main, Suite 1100
Houston, Texas 77002
Telephone: (713) 751-1600
Facsimile: (713) 751-1717
Dean D. Hunt
Email: dhunt@bakerlaw.com

By: */s/ Nicholas J. Cremona*
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: 212.589.4200
Facsimile: 212.589.4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*