# EXHIBIT 1

**CHAITMAN LLP**
Helen Davis Chaitman
hchaitman@chaitmanllp.com
465 Park Avenue
New York, New York 10022
Phone & Fax: 888-759-1114

*Attorneys for Defendants*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br>                                   Plaintiff-Applicant, <br>        v. <br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br>                                     Defendant. | Adv. Pro. No. 08-1789 (SMB) <br><br> SIPA LIQUIDATION <br><br> (Substantively Consolidated) |
| In re: <br><br> BERNARD L. MADOFF, <br>                                      Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and BERNARD L. MADOFF, <br><br>                                  Plaintiff, <br>        v. <br> KUNTZMAN FAMILY LLC, <br>                                    Defendant(s). | Adv. Pro. No. 10-04752 (SMB) |

## RESPONSES AND OBJECTIONS OF DEFENDANT KUNTZMAN FAMILY LLC TO TRUSTEE'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Kuntzman Family LLC ("Responding Party"), by and through its attorneys, and pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Rules 7026 and 7034 of the Federal Rules of Bankruptcy Procedure, and the Local Rules of this Court, hereby responds and objects to the First Set of Requests for Production (the "Requests") of trustee Irving H. Picard (the "Trustee") as follows:

## GENERAL OBJECTIONS

1.      Responding Party objects to each instruction, definition, and Request to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2.      Responding Party objects to each instruction, definition, and Request to the extent it is vague, ambiguous, overly broad and unduly burdensome, or requests the production of documents that are not relevant to any parties' claims or defenses and that are seeking information to which the Trustee is not entitled.

3.      Responding Party objects to the Requests to the extent they request disclosure of (i) legal theories, legal opinions, mental impressions or other information of Responding Parties' counsel, (ii) any information protected by any privilege, including, without limitation, the attorney-client privilege or the privilege afforded to settlements or settlement negotiations, or (iii) any other available and valid grounds for withholding information or documents from production, including, without limitation, the attorney work product doctrine.  Nothing contained in these responses should be interpreted as a waiver of any such privilege or doctrine.

4.      Responding Party objects to the Requests to the extent they require production of documents not within the possession, custody, or control of the Responding Party.

5.      Responding Party objects to the Requests to the extent they call for legal conclusions.

6.      Responding Party objects to the Requests to the extent they seek disclosure of proprietary and/or confidential information.

7.      Responding Party objects to each definition, instruction, and Request as overbroad and unduly burdensome to the extent it seeks documents that are readily or more accessible to the Propounding Party from its own files or documents, which the Propounding Party previously produced to the Responding Party.

8.      Responding Party reserves all objections as to the competence, relevance, materiality, admissibility, or privileged status of any information provided in response to these Requests, unless the Responding Party specifically states otherwise.

9.      Responding Party's responses to the Requests are based upon information presently available.  Responding Party has not completed discovery.  Accordingly, these responses are made without prejudice to Responding Party's right to present additional evidence based upon information subsequently obtained or evaluated.

10.     Responding Party expressly reserves the right to supplement, clarify, revise, or correct any responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

11.     Responding Party's response to each of the Requests is made subject to these General Objections and limitations.  Responding Party sets them out here to avoid repeating them in response to each individual Request.  Responding Party's failure to specifically set forth an objection in response to a particular Request shall not be construed as a waiver of said objection.

12.     Responding Party objects to the Requests to the extent that they seek disclosure of information or production of documents which are outside of the "Applicable Period" or for a time period that has no relevance to the issues in the complaint and answer.

## RESPONSES AND OBJECTIONS

1.     Monthly Account statements.

**Response:     Any such documents shall be produced.**

2.     Documents Concerning Transfers.

**Response:     Any such documents shall be produced.**

3.     Communications between the LLC, or anyone on behalf of the LLC, and BLMIS Concerning the Account, including Transfers to and from the Account.

**Response:     Any such documents shall be produced.**

4.     The LLC's  bank and/or brokerage account records, including but not limited to, accounts  held at Bank of America, Fleet Bank, Summit Bank, Pershing LLC, or United Jersey Bank, for the Applicable Period, for any accounts that received Transfers, including monthly statements, cancelled checks, and incoming/outgoing wire transfer records.

**Response:     Responding Party does not dispute the deposits and withdrawals listed on Exhibit B to the Complaint in the period from December 11, 2006 on.  Therefore, the Trustee has no legitimate interest in bank records for this period.  His only reason for demanding bank records for this period is the illegal one of seeking to obtain evidence to frame a complaint against subsequent transferees.**

5.     Documents and Communications sufficient  to  identify  any  BLMIS  Transfer, including the amount, date, and recipient of any such Transfer.

**Response:        The Trustee has no right to any such document and it is unethical for him to seek this information in order to frame a complaint against subsequent transferees.**

6.        Documents and Communications sufficient to identify any distribution, in whole or in part, of any Transfer from the Account.

**Response:        See response to #5.**

7.        Documents sufficient to identify any money, property,  and/or anything  else of value provided by the LLC to BLMIS and/or Madoff in exchange for any BLMIS Transfer.

**Response:        Any such documents shall be produced.**

8.        Agreements relating to the  formation, operation, and purpose of the LLC for the Applicable Period.

**Response:        Such documents are irrelevant to the issues in this case and the Trustee is not entitled to any of such documents.**

9.        Documents sufficient to identify the members of the LLC for the Applicable Period.

**Response:        Judith Gattegno is a member of the LLC.  See response to #8.**

10.        Documents supporting the sixteenth affirmative  defense in Your Answer to the Complaint, in which You contend that "Defendants are entitled to setoff, recoupment, and/or equitable  adjustment because each year Defendants were required to pay taxes on the fictitious profits reported on, among other things, IRS Form 1099 and other information reported by BLMIS or Madoff to the Internal Revenue Service, state and/or local governmental taxing authorities," including, but not limited to, (a) the first two pages of Your personal federal income tax returns; (b) any Schedules B and D and Forms 6251 and 6801 annexed to those returns; and (c) comparable  information  from  any  amended  returns  that  were  filed  after 2008  to recover capital gains taxes paid, for each year taxes were paid on reported fictitious profits.

**Response:        Any such documents shall be produced in accordance with Magistrate Judge Maas' ruling.**

11.      Documents supporting the twentieth affirmative defense in Your Answer to the Complaint, in which You contend that "Trustee has fraudulently calculated Defendants' liability by charging Defendants with withdrawals that the Trustee has no proof were taken."

**Response:        Any such documents shall be produced.**

12.      Documents supporting the twenty-seventh affirmative defense in Your Answer to the Complaint, in which You contend "Trustee's claims are barred in whole or part for failure to properly credit inter-account transfers, profit withdrawals, and other adjustments."

**Response:        Any such documents shall be produced.**

13.      Documents supporting the twenty-ninth affirmative defense in Your Answer to the Complaint, in which You contend the "Complaint fails to state a claim on which relief can be granted because it fails to sufficiently trace the funds at issue from BLMIS or Madoff to the Defendants."

**Response:        Any such documents shall be produced.**

14.      Documents supporting the thirty-seventh affirmative defense in Your Answer to the Complaint, in which You contend "the withdrawals that the Trustee seeks to recover were legally compelled under State and federal securities laws."

**Response:        See response to #10.**

15.       Documents supporting the forty-sixth affirmative defense in Your Answer to the Complaint, in which You contend the Trustee's claims are barred in whole or part for failure to properly credit Defendants with all of Defendants' deposits."

**Response:        Any such documents shall be produced.**

16.    Documents You intend to rely upon in connection with the defense of the claims asserted in the Complaint.

**Response:    Any such documents shall be produced.**

17.    Documents not already produced in response to any of the above that supporting any denials of fact or affirmative defenses asserted in Your answer to the Complaint.

**Response:    Any such documents shall be produced.**

18.    Documents Concerning the Account.

**Response:    Any such documents shall be produced.**

19.    Documents Concerning any Transfers to the LLC.

**Response:    Any such documents concerning Transfers to the LLC shall be produced.  To the extent this interrogatory seeks information about subsequent transferees, the interrogatory is improper and it is unethical for the Trustee to be seeking this information to which he has no right, in order to frame a complaint against subsequent transferees.**

20.    Documents Concerning any money the LLC received that any Person acting on behalf of the LLC understood, believed, or suspected came from the Account.

**Response:    The Trustee has no right to any such document and it is unethical for him to seek this information in order to frame a complaint against subsequent transferees.**

21.    Documents Concerning any deposits into the Account.

**Response:    Any such documents shall be produced.**

22.    Documents Concerning any withdrawals from the Account.

**Response:    Any such documents shall be produced.**

23.    Documents Concerning the LLC's use, disbursement, and/or distribution to any Person or entity, of any portion of any BLMIS Transfer.

**Response:     The LLC paid applicable taxes on the capital gains in the account, documents in that regard shall be produced in accordance with Magistrate Judge Maas' ruling.  To the extent this interrogatory seeks information about subsequent transferees, the interrogatory is improper and it is unethical for the Trustee to be seeking this information to which he has no right, in order to frame a complaint against subsequent transferees.**

24.     Documents Concerning the Account or the claims and affirmative defenses asserted in this Adversary Proceeding that You have received from  any other Person or entity, whether received by You in response to a subpoena or otherwise.

**Response:     Any such documents shall be produced.**

25.     Documents Concerning the Account that are maintained  by any Person or entity, including, but not limited to, Bank of America, Fleet Bank, Summit Bank, Pershing LLC, United Jersey Bank, Jacqueline Shrage, and WDG Associates, as an individual and/or entity with knowledge, or by any other Person or entity that may have discoverable information.

**Response:     Responding Party does not have such documents and, to the extent the Trustee seeks such documents to frame a claim against a subsequent transferee, the Trustee is not entitled to the documents.  Jacqueline Shrage is now:  Jacqueline S. Green.**

26.     Documents sufficient to Identify any refund(s) that the LLC, or any person on its behalf, requested or received of any state or federal taxes paid in connection with the Account.

**Response:     See response to #10.**

27.     Documents Concerning distributions made by the LLC.

**Response:     The Trustee has no right to any such document and it is unethical for him to seek this information in order to frame a complaint against subsequent transferees.**

28.    For the period from December 11, 2008 through the present, produce any written directives to any third party Concerning the preservation of Documents and records relevant to any claims and/or defenses in this Adversary Proceeding.

**Response:    There are no such documents of which Responding Party is aware.**

29.    Documents identified, reviewed, prepared, or consulted in responding to discovery in this Adversary Proceeding.

**Response:    Any such documents shall be produced.**

September 1, 2017

**CHAITMAN LLP**
By: _/s/  Helen Davis Chaitman_
465 Park Avenue
New York, New York 10022
Phone & Fax: 888-759-1114
hchaitman@chaitmanllp.com

_Attorneys for Defendants_

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and accurate copy of the foregoing was served this 7th day

of September, 2017 by electronic and USPS first class mail upon the following:


BAKER & HOSTETLER LLP
45 Rockefeller Plaza
New York, NY 10111
Telephone: 212-589-4200
Facsimile: 212-589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com

Of Counsel:

BAKER HOSTETLER LLP
811 Main, Suite 1100
Houston, Texas 77002
Telephone: 713-751-1600
Facsimile: 713-751-1717
Dean D. Hunt
Email: dhunt@bakerlaw.com


*Attorneys for Irving H. Picard, Trustee for the
Substantively Consolidated SIPA Liquidation
of Bernard L. Madoff Investment Securities
LLC and the Estate of Bernard L. Madoff*

**CHAITMAN LLP**
By: /s/ *Helen Davis Chaitman*
465 Park Avenue
New York, New York 10022
Phone & Fax: 888-759-1114
hchaitman@chaitmanllp.com

*Attorneys for Defendants*

**CHAITMAN LLP**
Helen Davis Chaitman
hchaitman@chaitmanllp.com
465 Park Avenue
New York, New York 10022
Phone & Fax: 888-759-1114

*Attorneys for Defendants*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br>           Plaintiff-Applicant, <br><br>      v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br>           Defendant. | Adv. Pro. No. 08-1789 (SMB) <br><br> SIPA LIQUIDATION <br><br> (Substantively Consolidated) |
| In re: <br><br> BERNARD L. MADOFF, <br><br>           Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and BERNARD L. MADOFF, <br><br>           Plaintiff, <br><br>      v. <br><br> KUNTZMAN FAMILY LLC, <br><br>           Defendant(s). | Adv. Pro. No. 10-04752 (SMB) |

## RESPONSES AND OBJECTIONS OF DEFENDANT KUNTZMAN FAMILY LLC TO TRUSTEE'S FIRST SET OF INTERROGATORIES

Judith Gattegno, a Member of the Kuntzman Family LLC ("Responding Party"), by and through her attorneys, and pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Rules 7026 and 7033 of the Federal Rules of Bankruptcy Procedure, and the Local Rules of this Court, hereby responds and objects to the First Set of Interrogatories (the "Requests") of trustee Irving H. Picard (the "Trustee") as follows:

## GENERAL OBJECTIONS

1.      Responding Party objects to each instruction, definition, and Request to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2.      Responding Party objects to each instruction, definition, and Request to the extent it is vague, ambiguous, overly broad and unduly burdensome, or requests the production of documents that are not relevant to any parties' claims or defenses and that are seeking information to which the Trustee is not entitled.

3.      Responding Party objects to the Requests to the extent they request disclosure of (i) legal theories, legal opinions, mental impressions or other information of Responding Parties' counsel, (ii) any information protected by any privilege, including, without limitation, the attorney-client privilege or the privilege afforded to settlements or settlement negotiations, or (iii) any other available and valid grounds for withholding information or documents from production, including, without limitation, the attorney work product doctrine.  Nothing contained in these responses should be interpreted as a waiver of any such privilege or doctrine.

4.      Responding Party objects to the Requests to the extent they require production of documents not within the possession, custody, or control of the Responding Party.

5.      Responding Party objects to the Requests to the extent they call for legal conclusions.

6.      Responding Party objects to the Requests to the extent they seek disclosure of proprietary and/or confidential information.

7.      Responding Party objects to each definition, instruction, and Request as overbroad and unduly burdensome to the extent it seeks documents that are readily or more accessible to the Propounding Party from its own files or documents, which the Propounding Party previously produced to the Responding Party.

8.      Responding Party reserves all objections as to the competence, relevance, materiality, admissibility, or privileged status of any information provided in response to these Requests, unless the Responding Party specifically states otherwise.

9.      Responding Party's responses to the Requests are based upon information presently available.  Responding Party has not completed discovery.  Accordingly, these responses are made without prejudice to Responding Party's right to present additional evidence based upon information subsequently obtained or evaluated.

10.      Responding Party expressly reserves the right to supplement, clarify, revise, or correct any responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

11.      Responding Party's responses to each of the Requests is made subject to these General Objections and limitations.  Responding Party sets them out here to avoid repeating them in response to each individual Request.  Responding Party's failure to specifically set forth an objection in response to a particular Request shall not be construed as a waiver of said objection.

12.    Responding Party objects to the Requests to the extent that they seek disclosure of information or production of documents which are outside of the "Applicable Period" or for a time period that has no relevance to the issues in the complaint and answer.

## RESPONSES AND OBJECTIONS

1.    Provide the LLC's legal name, the names and addresses of the LLC's managing members through the Applicable Period, and the LLC's principal places of business through the Applicable Period.

**ANSWER:    The LLC's legal name is: "Kuntzman Family, LLC"; it is a Limited Liability Corporation; it was established on May 5, 2004; its current business address and current principal place of business is:  Boynton Beach, Florida.**

2.    Identify each deposit into the Account.

**ANSWER:    Responding Party is unable to do so.  To the extent that the Trustee has reliable third party documents proving a deposit or withdrawal (such as Madoff's bank records), Responding Party will acknowledge that deposit or withdrawal. However, as the Trustee has admitted, Madoff's records are permeated with fraud and, therefore, they cannot be relied upon to prove any withdrawals.  Moreover, the Trustee has admitted he has no bank records prior to December 1998.  Hence, he has no competent evidence of any activity in the account prior to December 1998.**

3.    Identify each withdrawal out of the Account.

**ANSWER:    See answer to #2.**

4.     Identify each Person with knowledge of any BLMIS Transfer, including, but not limited to, any accountants, bankers or financial planners for You or the LLC, including Bank of America, Fleet Bank, Summit Bank, Pershing LLC, United Jersey Bank, Jacqueline Shrage, and

WDG Associates the circumstances under which each Person obtained such knowledge, and the substance of that Person's knowledge.

**ANSWER:    Judith Gattegno; Jacqueline S. Green; Jodi Crupi; Annette Bongiorno; Bernard L. Madoff and possibly other Madoff employees.  To the extent this interrogatory seeks information about subsequent transferees, the interrogatory is improper and it is unethical for the Trustee to be seeking this information in order to frame a complaint against subsequent transferees.  No accountant has any personal knowledge except as to taxes paid on allegedly fictitious profits.**

5.      Identify: (a) each Person or entity that ever received funds withdrawn from the Account; (b) the amount of money that each such Person or entity received; and (c) the date(s) on which each Person or entity received such money.

**ANSWER:    Responding Party is unable to do so.  To the extent this interrogatory seeks information about subsequent transferees, the interrogatory is improper, seeks information which is irrelevant, and it is unethical for the Trustee to be seeking information necessary to form a complaint against subsequent transferees.**

6.      Identify all Persons who benefited from any Transfer from BLMIS, including, but not limited to, Persons who received or enjoyed the benefit of anything paid for with any funds that were part of any such Transfer, and describe how these Persons benefited.

**ANSWER:    Withdrawals from the Account benefited the account holder and the taxing authorities.  To the extent the Trustee seeks information about subsequent transferees, it is unethical for him to do so and the information is irrelevant to any of the issues in the case.**

7.    To the extent not already provided in responses to the preceding Interrogatories, state how the LLC used any money received from the BLMIS Transfers.

**ANSWER:    The LLC paid taxes on the reported short term capital gains in the Account.  To the extent this interrogatory seeks information about subsequent transferees, it is unethical for the Trustee to seek this information unless and until he obtains a judgment against the account holder and the account holder does not pay the judgment.**

8.    Identify any and all banks and/or financial institutions where the LLC holds or held accounts  during the Applicable Period, including but not limited  to, Bank of America, Fleet Bank, Summit Bank, Pershing  LLC, and United Jersey Bank, and for each account, give  the account  number,  the date  the  account  was opened,  the partners  that had  access  to the account, and the date the account was closed.

**ANSWER:    Responding Party does not dispute the amounts of the deposits and withdrawals reflected on Exhibit B to the complaint for the period of December 11, 2006 on. Therefore, the Trustee has no right to any bank information covering this period. To the extent the Trustee seeks information concerning subsequent transfers, the Trustee has no right to any bank information and seeks such information for the improper purpose of taking discovery to frame a complaint against subsequent transferees.**

9.    Identify any instance when any Person on behalf of the LLC, communicated to BLMIS any disagreement with respect to the accuracy of the deposits or withdrawals reflected on the customer  statements.

**ANSWER:    Responding Party does not have that information.**

10.    Regarding  the sixteenth affirmative defense in Your Answer to the Complaint, describe  the factual  basis for Your claim that the "Defendants are entitled to setoff,  recoupment,

and/or equitable adjustment because each year Defendants were required to pay taxes on the fictitious profits reported on, among other things, IRS Form 1099 and other information reported by BLMIS or Madoff to the Internal Revenue Service, state and/or local governmental taxing authorities," including, but not limited to, a) the first two pages of Your personal federal income tax returns; (b) any Schedules B and D and Forms 6251 and 6801 annexed to those returns; and (c) comparable information from any amended returns that were filed after 2008 to recover capital gains taxes paid, for each year taxes were paid on reported fictitious profits.

**ANSWER:    The defense concerning payment of capital gains taxes is based upon the LLC's payment of taxes at the applicable tax rates for each year of the Account and the reported income as reflected in Madoff's statements which are in the Trustee's possession.**

11.    Regarding the twentieth affirmative defense in Your Answer to the Complaint, describe the factual basis for Your claim that the "Trustee has fraudulently calculated Defendants' liability by charging Defendants with withdrawals that the Trustee has no proof were taken," including, but not limited to, Identifying the withdrawals You contend are at issue by date and amount.

**ANSWER:    This affirmative defense relates to the Trustee's failure to credit Responding Party with the full amount of the transfers from other Madoff accounts. Responding Party is unable to specifically identify these amounts because the Trustee has not provided the documentary evidence relating to the transferor accounts.**

12.    Regarding the twenty-seventh affirmative defense in Your Answer to the Complaint, describe the factual basis for Your claim that the "Trustee's claims are barred in whole or part for failure to properly credit inter-account transfers, profit withdrawals, and other adjustments," including, but not limited to, Identifying the inter-account transfers, profit

withdrawals and other adjustments You contend were not properly credited, the amounts You contend should be credited and all Documents supporting Your contention.

**ANSWER:    See answer to #11.   The Trustee has fraudulently concealed Madoff's trading records from the 1980s which prove that Madoff was purchasing the securities shown on customer statements so that he could wrongfully deny SIPC insurance to hundreds of customers.**

13.    Regarding the thirty-seventh affirmative defense in Your Answer to the Complaint, describe the factual basis for Your claim that the "withdrawals that the Trustee seeks to recover were legally compelled under State and federal securities laws," including Identifying the withdrawals that You contend were legally compelled by date and amount, the law, statute, regulation or other legal provision under which each was compelled, and all Documents supporting Your contention.

**ANSWER:    This is a legal defense.**

14.    Regarding the forty-sixth affirmative defense in Your Answer to the Complaint, describe the factual basis for Your claim that "Trustee's claims are barred in whole or part for failure to properly credit Defendants with all of Defendants' deposits," including Identifying the deposits that You contend were not properly credited by date and amount, the amounts You contend should be credited, and all Documents supporting Your contention.

**ANSWER:    See answer to #11 and #12.**

15.    Identify any Person with knowledge of information relevant to this Adversary Proceeding who may be in possession of any Documents or other information Concerning any Transfers, deposits, claims or affirmative defenses, including but not limited to Bank of America, Fleet Bank, Summit Bank, Pershing LLC, United Jersey Bank, Jacqueline Shrage, and WDG

Associates, and any other banks, financial advisors, accountants, auditors, securities brokers, and/or other financial professionals. For every Person Identified, please provide their name, address, telephone number, the circumstances under which each Person obtained such knowledge and the substance of that Person's knowledge.

**ANSWER:    See answer to # 4.**

16.    To the extent not already provided in Your responses to other written discovery, Identify by category, general description, custodian and location, all relevant documents, electronically stored information, and other physical evidence in Your possession, custody or control.

**ANSWER:    Responding Party has no such documents other than the documents Responding Party will produce.**

17.    Identify whether any Person on behalf of the LLC requested a refund, including but not limited to any theft loss refund, of any state or federal taxes paid in connection with the Account and whether any refund was received. In so doing, provide the date(s) when any Person, on behalf of the LLC, applied for the refund(s), received refund(s) and the amount(s) of such refund(s).

**ANSWER:    This information will be provided in accordance with the ruling of Magistrate Judge Maas**

18.    For the period December 11, 2008 through the present, Identify all actions that the LLC or anyone acting on the LLC's behalf, including counsel, took to Identify or preserve Documents and records relevant to the claims and/or defenses in this Adversary Proceeding, including any such materials in the physical possession of third parties, and the date of any such actions Identified.

**ANSWER:    Responding Party cannot respond as to what actions counsel took.**

**Responding Party has not disposed of any documents relating to the Account since the**

**inception of this litigation.**

Dated: September 1, 2017

**CHAITMAN LLP**
By: /s/  *Helen Davis Chaitman*
465 Park Avenue
New York, New York 10022
Phone & Fax: 888-759-1114
hchaitman@chaitmanllp.com

*Attorneys for Defendants*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |

|  |  |
|---|---|
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

|  |  |
|---|---|
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and BERNARD L. MADOFF, | Adv. Pro. No. 10-04752 (SMB) |
| Plaintiff, | VERIFICATION |
| v. | |
| KUNTZMAN FAMILY LLC, | |
| Defendant(s). | |

I, Judith Gattegno, declare pursuant to 28 U.S.C. § 1746, that I have read the foregoing interrogatory answers and that the responses contained therein are true and correct to the best of my knowledge, information and belief. I understand that if any of these responses is found to be willfully false, I am subject to punishment.

_September 1_ , 2017.

_Judith Gattegno_
JUDITH GATTEGNO, Member of the
Kuntzman Family LLC

{00024013 1 }

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and accurate copy of the foregoing was served this 7th day

of September, 2017 by electronic and USPS first class mail upon the following:

Baker & Hostetler LLP
45 Rockefeller Plaza
New York, NY 10111
Telephone: 212-589-4200
Facsimile: 212-589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com

Of Counsel:
Baker & Hostetler LLP
811 Main Street, Suite 1100
Houston, Texas 77002-6111
Telephone: 713-751-1600
Facsimile: 713-751-1717
Dean D. Hunt, Esq.
Email: dhunt@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities*
*LLC and the Estate of Bernard L. Madoff*

**CHAITMAN LLP**
By: /s/ *Helen Davis Chaitman*
465 Park Avenue
New York, New York 10022
Phone & Fax: 888-759-1114
hchaitman@chaitmanllp.com

*Attorneys for Defendants*