**SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br> Plaintiff-Applicant, <br><br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br> Defendant, | Adv. Pro. No. 08-01789 (SMB) <br><br> SIPA Liquidation <br><br> (Substantively Consolidated) |
| In re: <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br> Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, <br><br> Plaintiff, <br><br> v. <br><br> STANDARD CHARTERED FINANCIAL SERVICES (LUXEMBOURG) S.A., as represented by its Liquidator Hanspeter Kramer, *et al.*, <br><br> Defendants. | Adv. Pro. No. 12-01565 (SMB) |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANTS' MOTION TO STAY**

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ......................................................................................................1

BACKGROUND ..........................................................................................................................4

      A.     The Trustee Sought and Obtained Discovery from SCB in 2009............................4

      B.     In 2011, the District Court Clarified that the Trustee Is Barred From
            Recovering Transfers Subject to a "Good Faith" Defense Under Section
            548(c) Unless the Transferee Was "Willfully Blind" to Madoff's Fraud...............5

      C.     The Trustee Filed this Proceeding in 2012, with No Allegation That Any
            Defendant Had Knowledge of or Was Willfully Blind to Madoff's Fraud. ............6

      D.     Further District Court Proceedings Confirmed the Trustee's Burden To
            Plead the Absence of Good Faith, and this Case Was Dismissed on
            Extraterritoriality and Comity Grounds. ..............................................................6

      E.     The *Citibank* and *Legacy* Appeals. ........................................................................7

      F.     The Second Circuit Reversed the Extraterritoriality and Comity Dismissal
            and the Trustee Sought Stays in Other Cases Pending the Second Circuit's
            Decisions in *Citibank* and *Legacy*..........................................................................8

      G.     The Trustee's Motion to Amend and Request for Discovery .................................9

ARGUMENT ............................................................................................................................10

I.     Briefing on the Trustee's Motion to Amend Should Be Stayed Pending the
      Second Circuit's Decisions in *Citibank* and *Legacy*..........................................11

      A.     Staying Briefing of the Trustee's Motion to Amend Would Prevent the
            Need for Duplicative Briefing and Will Not Prejudice the Trustee......................11

      B.     A Stay Would Promote Judicial Economy, Serve the Interests of Non-
            Parties and the Public, and Enable the Coordination of Related
            Proceedings. ........................................................................................................13

II.    Discovery Should Be Stayed Pending a Decision on the Trustee's Motion to
      Amend. .................................................................................................................16

CONCLUSION...........................................................................................................................19

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Albert* v. *Blue Diamond Growers*,
  232 F. Supp. 3d 509 (S.D.N.Y. 2017)........................................................................13

*Catskill Mountains Chapter of Trout Unlimited, Inc.* v. *EPA*,
  630 F. Supp. 2d 295 (S.D.N.Y. 2009)........................................................................13

*Conomos* v. *Chase Manhattan Corp.*,
  1998 WL 118154 (S.D.N.Y. Mar. 17, 1988) .............................................................17

*Delgado* v. *N.J. Transit Rail Operations, Inc.*,
  329 F.R.D. 506 (S.D.N.Y. 2019) .........................................................................16, 18

*Greene* v. *Emersons, Ltd.*,
  86 F.R.D. 66 (S.D.N.Y. 1980) ...................................................................................17

*HAHA Glob., Inc.* v. *Barclays*,
  2020 WL 832341 (S.D.N.Y. Feb. 20, 2020)..............................................................16

*Heiser* v. *Deutsche Bank Tr. Co. Ams.*,
  2012 WL 2865485 (S.D.N.Y. July 10, 2012) ............................................................13

*Heiser* v. *Deutsche Bank Tr. Co. Ams.*,
  2012 WL 5039065 (S.D.N.Y. Oct. 17, 2012) ......................................................12, 14

*Kappel* v. *Comfort*,
  914 F. Supp. 1056 (S.D.N.Y. 1996)...........................................................................11

*In re Literary Works in Elec. Databases Copyright Litig.*,
  2001 WL 204212 (S.D.N.Y. Mar. 1, 2001) ...............................................................10

*Loftus* v. *Signpost Inc.*,
  2020 WL 2848231 (S.D.N.Y. June 2, 2020) .........................................................13, 18

*Mount* v. *PulsePoint, Inc.*,
  2014 WL 902965 (S.D.N.Y. Mar. 5, 2014) ...............................................................10

*Picard* v. *Citibank, N.A.*,
  608 B.R. 181 (Bankr. S.D.N.Y. 2019)..........................................................................8

*Picard* v. *Legacy Cap. Ltd.*,
  548 B.R. 13 (Bankr. S.D.N.Y. 2016).............................................................................8

## TABLE OF AUTHORITIES
(*Continued*)

**Page(s)**

*Sec. Inv. Prot. Corp.* v. *Bernard L. Madoff Inv. Sec. LLC*,
2013 WL 1609154 (S.D.N.Y. Apr. 15, 2013)..........................................................................15

*Sec. Inv. Prot. Corp.* v. *Bernard L. Madoff Inv. Sec. LLC*,
501 B.R. 26 (S.D.N.Y. 2013)..................................................................................................15

*Sec. Inv. Prot. Corp.* v. *Bernard L. Madoff Inv. Sec. LLC*,
513 B.R. 222 (S.D.N.Y. 2014)..................................................................................................7

*Sec. Inv. Prot. Corp.* v. *Bernard L. Madoff Inv. Sec. LLC*,
516 B.R. 18 (S.D.N.Y. 2014)....................................................................................................7

*Sec. Inv. Prot. Corp.* v. *Bernard L. Madoff Inv. Sec. LLC*,
590 B.R. 200 (Bankr. S.D.N.Y. 2018)....................................................................................16

*Wing Shing Prods. (BVI) Ltd.* v. *Simatelex Manufactory Co., Ltd.*,
2005 WL 912184 (S.D.N.Y. Apr. 19, 2005)......................................................................11, 12

**Statutes**

11 U.S.C. § 548........................................................................................................4, 5, 9, 15

11 U.S.C. § 550............................................................................................................. *passim*

**Rules**

Fed. R. Civ. P. 12(b) ...............................................................................................................17

Fed. R. Civ. P. 26(c) ...............................................................................................................16

Defendants Standard Chartered Financial Services (Luxembourg) S.A., Standard Chartered Bank International (Americas) Ltd., and Standard Chartered International (USA) Ltd. (together, "SCB") respectfully submit this memorandum of law in support of their motion to stay this adversary proceeding pending decisions by the U.S. Court of Appeals for the Second Circuit in *Picard* v. *Citibank, NA.*, No. 20-1333 (2d Cir.) and *Picard* v. *Legacy Capital Ltd.*, No. 20-1334 (2d Cir.).

## PRELIMINARY STATEMENT

This is one of the dozens of cases brought by Irving Picard (the "Trustee") seeking to avoid alleged transfers made by Bernard L. Madoff Investment Securities LLC ("BLMIS") to Fairfield Sentry Ltd. ("Sentry") and recover those transfers from purported subsequent transferees like SCB pursuant to 11 U.S.C. § 550. In rulings issued in 2011 and 2014, the District Court confirmed that the Trustee cannot avoid or recover initial or subsequent transfers up to a BLMIS customer's principal investment without alleging and ultimately proving a lack of "good faith," which means the initial and subsequent transferee had knowledge of or were willfully blind to Madoff's Ponzi scheme. The Trustee's operative complaint in this proceeding, filed in April 2012 (Compl., ECF No. 1), does not allege that any Defendant lacked good faith when allegedly receiving subsequent transfers from Sentry. The Court previously dismissed this case on extraterritoriality and international comity grounds, but the Second Circuit reversed and issued a mandate returning the case on June 1, 2020.

Meanwhile, this Court has dismissed several other similar claims brought by the Trustee against subsequent transferee defendants for failure to plead a lack of good faith. In December 2019, the Trustee appealed directly to the Second Circuit this Court's rulings in two of those cases, *Picard* v. *Citibank, NA.*, No. 20-1333 (2d Cir.) ("*Citibank*") and *Picard* v. *Legacy Capital Ltd.*, No. 20-1334 (2d Cir.) ("*Legacy*"). In those appeals, which were docketed by the

Second Circuit in April 2020, the Trustee challenges (i) the District Court's and this Court's interpretation of the "good faith" standard; (ii) whether the Trustee should have to plead a transferee's lack of good faith; and (iii) whether the dismissed *Citibank* and *Legacy* complaints adequately pleaded that defendants were at least willfully blind to fraud at BLMIS.  (Br. for Pl.-Appellant at 2, *Citibank*, No. 20-1333 (2d Cir. Aug. 6, 2020), ECF No. 78; Br. for Pl.-Appellant at 2, *Legacy*, No. 20-1334 (2d Cir. Aug. 6, 2020), ECF No. 73.)  Merits briefing of those appeals is set to be completed by November 27, 2020.[1]

Notwithstanding the pendency of those appeals, on October 14, 2020, the Trustee moved for leave to amend his complaint against SCB in order to allege for the first time that SCB lacked good faith when purportedly receiving subsequent transfers from Sentry.  By doing so, the Trustee has recognized that the operative complaint does not plead a claim, and placed squarely at issue the good faith standard and its application to alleged subsequent transferee defendants, precisely the same issues that the Trustee is appealing in *Citibank* and *Legacy*.  On October 29, 2020, the Court held a conference and permitted SCB to file a motion to stay pending the Second Circuit's decisions in *Citibank* and *Legacy*.  Shortly thereafter, on November 6, the Trustee requested a conference under Rule 26(f) of the Federal Rules of Civil Procedure to move forward with discovery, despite having obtained pre-complaint discovery from SCB more than 11 years ago through a Rule 2004 subpoena.  The Trustee has already agreed to stay other related cases pending the Second Circuit's decisions in *Citibank* and *Legacy*.  All the relevant factors favor a stay here too.

---

[1]    Appellees filed their briefs in the *Citibank* and *Legacy* appeals on November 5, 2020 (*Citibank*, No. 20-1333, ECF No. 134; *Legacy*, No. 20-1334, ECF No. 135), and pursuant to Second Circuit Local Rule 31.2, "a reply brief must be filed within 21 days."  Because that deadline falls on Thanksgiving, November 26, the reply brief is due the next day under Rule 26(a)(2)(C) of the Federal Rules of Appellate Procedure.

*First*, a stay will conserve the parties' resources and promote judicial economy by allowing the parties to brief only once the question of whether the Trustee's proposed amended complaint pleads a plausible claim. While the Trustee contends that it does, SCB will argue that among its other deficiencies the proposed amended complaint fails to plead facts suggesting that any Defendant knew of or was willfully blind to Madoff's well-concealed fraud. If this Court were to deny the Trustee's motion to amend as futile, and the Second Circuit accepted the Trustee's arguments in the *Citibank* and *Legacy* appeals, the Trustee would invariably seek reconsideration. And if the Second Circuit affirms the good faith standard as interpreted by the District Court, the Second Circuit's rulings are likely to provide important guidance on its application to allegations similar to those the Trustee seeks to allege here. Thus, regardless of the outcome of those appeals, further briefing on the impact of the Second Circuit's decision on the viability of the Trustee's proposed amended complaint is inevitable.

*Second*, a stay will promote the efficient resolution of this and other related cases. This case has long been coordinated with related subsequent transferee cases, which has allowed the Court to decide common threshold issues on an omnibus basis. By seeking to proceed with the subsequent transferee cases on a piecemeal basis before the Second Circuit rules on one of those common issues—the good faith limitation on the Trustee's claims—the Trustee would eliminate the possibility for further coordination. This will lead to potentially unnecessarily duplicative briefing and motion practice in the more than 80 subsequent transferee cases that were returned to this Court following the Second Circuit's ruling on the extraterritoriality and comity issues. A stay would keep this case on track with other related subsequent transferee cases, and also further the interests of the Court, the parties, related non-parties, and the public in the coordinated and orderly disposition of all of those cases.

*Third*, the Trustee should not be permitted to pursue discovery before the Court decides the motion to amend. The Trustee already obtained pre-complaint discovery pursuant to Rule 2004 and chose not to allege any lack of good faith in the operative complaint. Unless and until the Court decides whether to permit the Trustee to amend and whether the proposed amendments plead a claim, SCB should not be subjected to further discovery. Moreover, the documents and prior testimony that the Trustee seeks through discovery have been and will continue to be retained, and thus there is no risk that any relevant evidence will be lost.

Accordingly, SCB respectfully request that this adversary proceeding be stayed pending the Second Circuit's decisions in *Citibank* and *Legacy*.

## BACKGROUND

### A.   The Trustee Sought and Obtained Discovery from SCB in 2009.

Following the revelation of Madoff's fraud and the collapse of BLMIS in December 2008, the Trustee began an extensive investigation and filed hundreds of adversary proceedings seeking to avoid and recover transfers of money made by BLMIS to its customers under 11 U.S.C. § 548 ("Section 548") and 11 U.S.C. § 550 ("Section 550"). In 2009, the Trustee brought suit against the largest feeder fund to BLMIS, Sentry, seeking to avoid and recover initial transfers to that fund. *Picard* v. *Fairfield Sentry Ltd.*, Adv. Pro. No. 09-01239 (Bankr. S.D.N.Y.). According to the Trustee, Sentry was a significant net loser in Madoff's Ponzi scheme in that it invested far more than it withdrew from its BLMIS accounts. (*See* Ex. E to Compl. at 31, 61, 67, 73, ECF No. 1-5 (reflecting four Sentry accounts with ending principal balances of $450,354,616, $496,226,989, $13,951,902, and $0, respectively).)

In October 2009, the Trustee served Standard Chartered International (USA) Ltd. ("SCI") with a Subpoena for Rule 2004 Examination, seeking among other things, "[a]ny and all documents concerning": (i) "any due diligence" conducted "concerning Fairfield Sentry"; and

(ii) "any due diligence" conducted "concerning any Fund with a BLMIS account."[2]  (Declaration

of Andrew J. Finn ("Finn Decl."), Ex. A at 12.)  SCI promptly responded and after meeting and

conferring with the Trustee's counsel produced in November 2009 documents relating to SCB's

due diligence on Sentry and BLMIS, as well as Sentry-related marketing materials.  (Finn Decl.

¶¶ 3–4.)  The Trustee sought no additional documents from SCI at that time.

The Trustee also conducted a separate "comprehensive investigation" of Sentry,

which included a "review and analysis of both the Fairfield Funds' BLMIS-related transactional

histories as reflected in the BLMIS account statements, correspondence, and other records and

documents" of the funds.  (Mot. to Approve Settlement at 10, *Fairfield Sentry Ltd.,* No. 09-1239

(Bankr. S.D.N.Y. May 9, 2011), ECF No. 69.)

**B.      In 2011, the District Court Clarified that the Trustee Is Barred From Recovering Transfers Subject to a "Good Faith" Defense Under Section 548(c) Unless the Transferee Was "Willfully Blind" to Madoff's Fraud.**

In 2011, the District Court significantly limited the Trustee's claims.  In *Picard* v.

*Katz,* Judge Rakoff held that in cases in which BLMIS customers invested more than they

withdrew from their accounts (as is the case with Sentry), "the Trustee can recover the defendants'

return of principal during" the two years prior to commencement of the BLMIS bankruptcy "only

by showing an absence of good faith on defendants' part based on their willful blindness"—*i.e.*,

"the defendants willfully blinded themselves to Madoff Securities' fraud."  462 B.R. 447, 456

(S.D.N.Y. 2011), *abrogated on other grounds by Sec. Inv. Prot. Corp.* v. *Bernard L. Madoff Inv.*

*Sec. LLC,* 513 B.R. 437 (S.D.N.Y. 2014).  Thus, by 2011 it was clear that to avoid (and recover)

---

[2]      The subpoena sought the production of these documents from "Standard Chartered International (USA) Ltd., formerly known as American Express Bank Ltd.; and any subsidiary, including, but not limited to American Express Bank (Luxembourg) S.A.; affiliate, division, branch, agency, or representative office," as well as "American Express Bank (Switzerland) SA, and American Express Bank International."  (Finn Decl. Ex. A at 8.)

any initial transfers made to Sentry, the Trustee had to allege that a transferee of money directly or indirectly from BLMIS was at least willfully blind to Madoff's fraud.

### C. The Trustee Filed this Proceeding in 2012, with No Allegation That Any Defendant Had Knowledge of or Was Willfully Blind to Madoff's Fraud.

On April 26, 2012, nearly three years after obtaining discovery and a year after the *Katz* decision, the Trustee filed a bare-bones complaint against SCB, seeking to recover $275,267,978 in alleged subsequent transfers from Sentry during a six-year period prior to the commencement of the BLMIS liquidation.[3]  (Compl. ¶ 56.)  The complaint asserts claims under Section 78fff-2(c)(3) of the Securities Investor Protection Act ("SIPA"), Sections 550 and 551 of the Bankruptcy Code, and Section 278 of the New York Debtor and Creditor Law.  (Compl. ¶¶ 58–67.)  The complaint nowhere alleges that any Defendant lacked good faith at any time under any standard.

### D. Further District Court Proceedings Confirmed the Trustee's Burden To Plead the Absence of Good Faith, and this Case Was Dismissed on Extraterritoriality and Comity Grounds.

In May and August 2012, SCB moved to remove the reference to the District Court (ECF Nos. 25, 29) and this case was subsequently joined with dozens of others in coordinated proceedings to address certain threshold issues.  (*See Picard* v. *Standard Chartered Financial Services (Luxembourg) S.A.*, No. 12-cv-06292 (S.D.N.Y.).)  Judge Rakoff thereafter issued a series of rulings, including an April 28, 2014 decision that further clarified the good faith standard articulated in *Katz* applied equally to subsequent transferees under Section 550(b).  *Sec. Inv. Prot.*

---

[3]    The Trustee also sought $54,474,235 in purported subsequent transfers made by the Kingate Global Fund.  (Compl. ¶ 59.)  However, in August 2019, the Trustee entered into a settlement with Kingate through which the Trustee recovered all potentially avoidable transfers to that fund.  (Order of Dismissal with Prejudice at 2, *Picard* v. *Kingate Global Fund, Ltd.*, Adv. Pro. No. 09-01161 (Bankr. S.D.N.Y. Nov. 20, 2019), ECF No. 418.)  The Trustee has proposed to drop Kingate-related claims in his motion to amend.  (Mot. to Am. at 5 n.2, ECF No. 119.)

*Corp.* v. *Bernard L. Madoff Inv. Sec. LLC*, 516 B.R. 18, 22–24 (S.D.N.Y. 2014). In that decision, the Court also held that the Trustee must plead with particularity the absence of good faith to avoid and recover both initial and subsequent transfers. *Id.* The Court reiterated that "'good faith' means that the transferee neither had actual knowledge of the . . . fraud nor willfully blinded himself to circumstances indicating a high probability of such fraud." *Id.* at 23. The court reasoned that "[t]he Trustee has extensive discovery powers under Rule 2004 of the Federal Rules of Bankruptcy Procedure through which he may gather information before he ever files a complaint" and it was therefore "not unreasonable to require that the Trustee provide a plausible basis to claim that a defendant lacked good faith in his initial complaint." *Id.* at 25 n.5 (citation omitted).

In a subsequent decision, issued on July 6, 2014, the District Court also held that Section 550 does not permit recovery of extraterritorial subsequent transfers and that the Trustee's claims to recover foreign transfers from foreign feeder funds to foreign defendants should be dismissed on comity grounds. *Sec. Inv. Prot. Corp.* v. *Bernard L. Madoff Inv. Sec. LLC*, 513 B.R. 222, 232 (S.D.N.Y. 2014). That decision led to the dismissal of this case in March 2017 together with more than 80 others.[4] The Trustee appealed that dismissal directly to the Second Circuit, (ECF No. 112).

      E.      **The *Citibank* and *Legacy* Appeals.**

Since the District Court's good faith decisions, this Court has dismissed several cases based on the Trustee's failure to adequately allege bad faith, including in the *Legacy* and

---

[4]      In particular, Judge Rakoff "direct[ed] that the [relevant] adversary proceedings be returned to the Bankruptcy Court for further proceedings consistent with [his] Opinion and Order." *Sec. Inv. Prot. Corp.,* 513 B.R. at 232. Thereafter, the Trustee sought to amend his complaint in this and dozens of other subsequent transferee cases, and SCB and other subsequent transferee defendants moved to deny leave to amend on an omnibus basis. Following this Court's decision in *Sec. Inv. Prot. Corp.* v. *Bernard L. Madoff Inv. Sec. LLC*, 2016 WL 6900689 (Bankr. S.D.N.Y. Nov. 22, 2016), this case was dismissed pursuant to a March 2017 stipulated order, (ECF No. 111).

*Citibank* cases.  *See Picard* v. *Citibank, N.A.*, 608 B.R. 181, 196–205 (Bankr. S.D.N.Y. 2019);

*Picard* v. *Legacy Capital Ltd.*, 548 B.R. 13, 29–39 (Bankr. S.D.N.Y. 2016).  In both of those cases,

as here, the Trustee alleged that subsequent transferee defendants had identified "red flags"

through their due diligence of BLMIS and/or a feeder fund, and argued that those defendants must

have therefore been willfully blind to Madoff's fraud.  The Court rejected the Trustee's claims

because the Trustee's allegations of defendants' due diligence suggested the very opposite of

willful blindness, *Legacy*, 548 B.R. at 38, and at most the Trustee alleged that certain defendants

"assumed the 'remote' risk that BLMIS was not trading securities and might be a fraud," not that

any defendant was willfully blind to Madoff's fraud, *Citibank*, 608 B.R. at 200.

Following the entry of judgment against the Trustee, the parties sought and were

granted direct appeals under 28 U.S.C. § 158(d)(2) to the Second Circuit.  (*Citibank*, No. 20-1333,

ECF No. 1; *Legacy*, No. 20-1334, ECF No. 1.)  Those appeals raise three issues:  (1) the standard

for determining a transferee's good faith; (2) whether the Trustee bears the burden to plead a

transferee's lack of good faith in a SIPA proceeding; and (3) whether the Trustee's "proposed

amended complaint plausibly pleaded defendants' willful blindness to fraud at BLMIS" under the

governing standard.  (Br. for Pl.-Appellant at 2, *Citibank*, 20-1333 (2d Cir. Aug. 6, 2020), ECF

No. 78; *see also* Br. for Pl.-Appellant at 2, *Legacy*, No. 20-1334 (2d Cir. Aug. 6, 2020), ECF

No. 73.)  Merits briefing in the joint appeals is scheduled to be completed on November 27, 2020.

**F.    The Second Circuit Reversed the Extraterritoriality and Comity Dismissal
        and the Trustee Sought Stays in Other Cases Pending the Second Circuit's
        Decisions in *Citibank* and *Legacy*.**

On June 1, 2020, after reversing the District Court and this Court's rulings on

extraterritoriality and comity, the Second Circuit issued a mandate vacating this Court's prior

judgments dismissing this and the other related subsequent transferee cases.  (*See* ECF No. 122.)

Since June, the Trustee's reinstated claims have remained dormant in most of those cases and the

Trustee has stipulated to a stay in at least two of them pending the *Citibank* and *Legacy* appeals. (*See* Stay Stipulation and Order at 5, *Picard* v. *Natixis*, Adv. Pro. No. 10-05353 (Bankr. S.D.N.Y. July 1, 2020), ECF No. 185; Discovery Stay Stipulation and Order at 4, *Picard* v. *BNP Paribas S.A.*, Adv. Pro. No. 12-01576 (Bankr. S.D.N.Y. June 1, 2020), ECF No. 162.)  In addition, the Trustee sought and obtained a stay from the District Court in another case in which this Court had denied a motion to amend, arguing to the District Court "the Second Circuit's forthcoming decision will resolve controlling questions of law . . . [and] the interests of judicial economy and uniformity on important questions of law would be served" by staying the action.  (Mot. to Stay Appeal at 2, *Picard* v. *ABN AMRO Bank N.V. (presently known as The Royal Bank of Scotland, N.V.)* ("*RBS*"), No. 1:20-cv-03684 (S.D.N.Y. May 28, 2020), ECF No. 4.)  The District Court granted the stay on June 8, 2020.  (Memo Endorsement on Notice of Motion to Stay Appeal, *RBS*, No. 1:20-cv-03684 (S.D.N.Y. June 8, 2020, ECF No. 12.)

### G.    The Trustee's Motion to Amend and Request for Discovery

More than four months after the Second Circuit issued the mandate and eight years after filing this lawsuit, the Trustee filed a motion for leave to amend the complaint, seeking for the first time to allege SCB lacked good faith when it facilitated redemptions from Sentry for its clients.  (Mot. to Am. at 5, ECF No. 119.)  The Trustee argues he should be permitted to amend now due to a purported "intervening" change in law concerning the good faith limitation under Sections 548(c) and 550(b).  (*Id.* at 7.)  This makes no sense, however, because the Trustee commenced this action *after* the District Court first articulated the good faith standard in *Katz*. Moreover, the Trustee's proposed amended complaint largely mimics those against previously dismissed defendants, including the *Citibank* and *Legacy* defendants.  In particular, the proposed amended complaint contends that Defendants must have been willfully blind to Madoff's fraud because they conducted initial and ongoing due diligence of Sentry and BLMIS over a six-year

period before Madoff admitted to his fraud in December 2008, and identified various facts about

BLMIS and Sentry that the Trustee contends were "red flags" in hindsight.  (*See* Proposed Am.

Compl. ¶¶ 9, 108–194, ECF No. 120-1.)  The Trustee relies on passing references to certain

documents that SCI produced 11 years ago in response to the Trustee's Rule 2004 subpoena (and

prior to the District Court's 2011 good faith decision and the filing of the complaint in this action),

as well as allegations about a former employee borrowed from other plaintiffs in now-concluded

multidistrict litigation styled *Anwar* v. *Fairfield Greenwich Ltd.*, No. 09-cv-118 (S.D.N.Y.).  (*See*

Mot. to Am. at 12, ECF No. 119.)

      After the Court held a conference on October 29, 2020 and authorized SCB to file

this motion, on November 6, 2020 the Trustee requested a Rule 26(f) conference to commence

discovery.  (Finn Decl. Ex. D.)  Far from seeking to preserve some evidence that otherwise might

be lost, the Trustee seeks documents that certain SCB Defendants produced in *Anwar*, as well as

deposition transcripts from that litigation.  (*Id.*)

## ARGUMENT

      Courts routinely stay cases where, as here, "a higher court is close to settling an

important issue of law bearing on the action."  *See, e.g.*, *Sikhs for Justice* v. *Nath*, 893 F. Supp. 2d

598, 622 (S.D.N.Y. 2012) (granting stay pending outcome of Supreme Court case that would settle

important issues of law).  Such a stay may be warranted even if a pending related appeal "'may

not settle every question of fact and law' . . . , 'but in all likelihood it will settle many and simplify

them all.'"  *In re Literary Works in Elec. Databases Copyright Litig.*, 2001 WL 204212, at *3

(S.D.N.Y. Mar. 1, 2001).  This Court has broad authority to issue a stay, *Mount* v. *PulsePoint, Inc.*,

2014 WL 902965, at *1 (S.D.N.Y. Mar. 5, 2014) (quoting *WorldCrisa Corp.* v. *Armstrong*, 129

F.3d 71, 76 (2d Cir. 1997)), and courts in this Circuit generally consider five factors in determining

whether to do so:  "(1) the private interests of the plaintiffs in proceeding expeditiously with the

civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests

of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not

parties to the civil litigation; and (5) the public interest," *Kappel* v. *Comfort,* 914 F. Supp. 1056,

1058 (S.D.N.Y. 1996).

Here, all of the relevant factors favor a stay pending the Second Circuit's decisions

in *Citibank* and *Legacy.*

## I.    Briefing on the Trustee's Motion to Amend Should Be Stayed Pending the Second Circuit's Decisions in *Citibank* and *Legacy.*

### A.    Staying Briefing of the Trustee's Motion to Amend Would Prevent the Need for Duplicative Briefing and Will Not Prejudice the Trustee.

Courts have recognized that a stay pending a related appeal promotes the private

interests of the parties where it "will cause little prejudice or hardship to" the plaintiff and "several

of the matters at issue" in the "[a]ppeal go to the heart of [the] claims in [the] case" at hand. *Wing*

*Shing Prods. (BVI) Ltd.* v. *Simatelex Manufactory Co., Ltd.*, 2005 WL 912184, at *2-3 (S.D.N.Y.

Apr. 19, 2005).  As the Trustee argued in seeking a similar stay in a related case, "the Trustee *has*

*a strong interest* in a stay because, absent one, he would have to needlessly expend resources on

simultaneous litigation of identical controlling questions of law in the Second Circuit and this

[c]ourt," and would "face[] the prospect of duplicative proceedings and unnecessary costs" of

briefing.  (Mot. to Stay Appeal at 9-10, *RBS*, No. 20-cv-03684 (S.D.N.Y. May 28, 2020), ECF

No. 4 (emphasis added).)  The same is true here.

Indeed, the primary grounds for the Trustee's purported need to amend the

complaint now is to add allegations in an attempt to plead that SCB lacked good faith under Section

550(b).  (Mot. to Am. at 5, ECF No. 119.)  That is the very issue that the Trustee has presented to

the Second Circuit arguing that the District Court and this Court have repeatedly misinterpreted

and misapplied the good faith limitation in Madoff-related proceedings.  (*See* Br. for Pl.-Appellant

at 16-18, *Citibank*, No. 20-1333 (2d Cir. Aug. 6, 2020), ECF No. 78).  If this Court were to deny the Trustee's motion to amend as futile, and the Second Circuit were to accept the Trustee's arguments in the *Citibank* and *Legacy* appeals, the Trustee would invariably seek another bite at the apple here.  And regardless of the outcome, further briefing on the impact of the Second Circuit's decision is inevitable, given the Trustee's alternative argument on appeal that this Court erred in finding that he did not meet his pleading burden in *Citibank* and *Legacy* under the willful blindness standard.  (*E.g.*, Br. for Pl.-Appellant at 52, *Citibank*, No. 20-1333 (2d Cir. Aug. 6, 2020), ECF No. 78.)  Indeed, the Second Circuit's decision may prompt the need for the parties to engage in substantial supplemental briefing, a new round of amended pleadings and motions to dismiss, motions for reconsideration or appeals that could be avoided or minimized through a stay.

Moreover, a stay pending a decision by the Second Circuit will not prejudice the Trustee.  As the Trustee argued to Judge Valerie Caproni in the District Court earlier this year, a stay "pending a decision by the Second Circuit in the Related Appeals[5] is of a reasonable duration"; the *Citibank* and *Legacy* appeals will be fully briefed by late November, and "[t]here is no reason to anticipate any undue delay in the Second Circuit's decision concerning the Related Appeals." (Mot. to Stay Appeal at 10, *RBS*, No. 20-cv-03684 (S.D.N.Y. May 28, 2020), ECF No. 4); *see also Heiser* v. *Deutsche Bank Tr. Co. Ams.*, 2012 WL 5039065, at *3 (S.D.N.Y. Oct. 17, 2012) (finding party's claim of prejudice due to stay pending decision on consolidated appeals was not compelling because issues to be considered directly related to case at bar); *Wing Shing*, 2005 WL 912184, at *2 (finding a stay pending a related appeal was not prejudicial where plaintiff was also a party to

---

[5]     The Trustee defines "Related Appeals" in his motion to stay in *RBS* to mean the *Citibank* and *Legacy* appeals.  (Mot. to Stay Appeal at 1, *RBS*, No. 20-cv-03684 (S.D.N.Y. May 28, 2020), ECF No. 4.)

the related appeal and was not "be[ing] compelled to stand aside while a litigant in another settles

the rule of law that will define the rights of both") (alteration in original).

### B.    A Stay Would Promote Judicial Economy, Serve the Interests of Non-Parties and the Public, and Enable the Coordination of Related Proceedings.

A stay would also promote the "orderly and efficient use of judicial resources,"

*Catskill Mountains Chapter of Trout Unlimited, Inc.* v. *EPA*, 630 F. Supp. 2d 295, 306 (S.D.N.Y.

2009), and the interests of non-parties and the public in "conserv[ing] judicial resources and

promot[ing] judicial economy," *Albert* v. *Blue Diamond Growers*, 232 F. Supp. 3d 509, 513

(S.D.N.Y. 2017).  Courts routinely recognize the benefits of staying cases when a threshold and

potentially dispositive legal issue in the case is being considered by the Court of Appeals or

Supreme Court.  *See, e.g.*, *Catskill Mountains*, 630 F. Supp. 2d at 304–05 (granting stay where the

Eleventh Circuit's disposition of a related case "[may] guide this Court in ruling on . . . the key

issues in this litigation") (alterations in original).

As the Trustee put it when arguing in favor of a stay pending the *Legacy* and

*Citibank* appeals, "[t]he interests in judicial economy and the orderly administration of justice

weigh heavily in favor of [a stay]" because the "Second Circuit . . . will address controlling

questions of law identical to those [at issue] here."  (Mot. to Stay Appeal at 8, *RBS*, No. 20-cv-

03684, ECF No. 4.)  Thus, a stay would "conserv[e] judicial resources and avoid[] the possibility

of conflicting decisions," benefiting the Court and the parties and serving "the interests of non-

parties and the public."  (Mot. to Stay Appeal at 10, *RBS*, No. 20-cv-03684 (S.D.N.Y. May 28,

2020), ECF No. 4.); *see also Loftus* v. *Signpost Inc.*, 2020 WL 2848231, at *2 (S.D.N.Y. June 2,

2020) ("The Court and public also have an interest in the efficient conduct of litigation."); *Heiser*

v. *Deutsche Bank Tr. Co. Ams.*, 2012 WL 2865485, at *5 (S.D.N.Y. July 10, 2012) (noting

"considerations of judicial economy are frequently viewed as relevant to the public interest, and .

- 13 -

. .weigh against the investment of court resources that may prove to have been unnecessary" and finding that it was in the interests of the court and non-parties "to await the decision in the consolidated . . . appeals . . . [where] the Second Circuit [would] likely be ruling on legal issues potentially dispositive in this case").

Here, SCB intends to oppose the Trustee's motion to amend in part because the proposed amended complaint fails to allege a plausible claim that any Defendant was willfully blind to Madoff's fraud when receiving subsequent transfers from Sentry.  In the *Citibank* and *Legacy* appeals, the Trustee is challenging both the District Court's interpretation of the good faith limitation on avoidance and recovery as well as this Court's application of that standard to the Trustee's allegations in those cases.  (*E.g.*, Br. for Pl.-Appellant at 52, *Citibank*, No. 20-1333 (2d Cir. Aug. 6, 2020), ECF No. 78.)  The Second Circuit's decisions will be binding on this Court and potentially dispositive to the Trustee's claims here.  And, at a minimum, the Second Circuit's decision will provide important guidance for this Court when considering whether the Trustee's proposed amended complaint would be futile.  *See, e.g.*, *Heiser*, 2012 WL 5039065, at *6 (affirming a stay pending a Second Circuit appeal, noting that "failure to grant a stay could lead to unnecessary and time-consuming litigation"); *see also Sikhs for Justice,* 893 F. Supp. 2d at 622 (noting "it 'would be an inefficient use of time and resources of the court and the parties'" to proceed when a pending appeal could settle and simplify many of the issues of fact and law in the proceeding).

Moreover, a stay would bring this case in line with other similarly situated subsequent transferee cases and allow for future coordinated proceedings following the *Citibank* and *Legacy* decisions, thereby conserving judicial resources and ensuring consistent rulings on common issues.  To date, this case has been coordinated with other subsequent transferee cases,

which has led to omnibus briefing and decisions from the Court on common threshold issues. One

of those common threshold issues is the good faith limitation under Sections 548(c) and 550(b).

As the Trustee has argued, "clarity" from the Second Circuit on that issue "would benefit . . . the

parties to the many adversary proceedings also affected by the Good Faith Decision pending in the

bankruptcy court." (Mot. to Stay Appeal at 10, *RBS*, No. 20-cv-03684 (S.D.N.Y. May 28, 2020),

ECF No. 4.) The Trustee's proposal to place this case on a separate track from others would

prevent such coordination going forward, needlessly wasting judicial resources and those of parties

in related cases.

Further, substantial progress in related cases can still be made before the Second

Circuit rules. As a predicate to pleading a viable claim against SCB or other alleged subsequent

transferees of Sentry, the Trustee must plead a plausible claim of bad faith against Sentry, the

initial transferee from BLMIS. The Trustee has filed an amended complaint against certain

individuals and entities who managed Sentry (which is incorporated by reference in his proposed

complaint here). (Second Am. Compl., *Picard* v. *Fairfield Inv. Fund Ltd.*, No. 9-01239 (Bankr.

S.D.N.Y. Aug. 28, 2020), ECF No. 286.) The parties in that case have agreed to proceed with

briefing of a motion to dismiss, which is set to be completed by May 2021. (Scheduling Order,

*Picard* v. *Fairfield Inv. Fund Ltd.*, No. 9-01239 (Bankr. S.D.N.Y. Oct. 21, 2020), ECF No. 289.).

If the Court in that action determines the complaint fails to state a claim, the Trustee cannot recover

from SCB here. *See Sec. Inv. Prot. Corp.* v. *Bernard L. Madoff Inv. Sec. LLC*, 501 B.R. 26, 29

(S.D.N.Y. 2013) ("[T]he subsequent transferee in possession of that transfer may raise any

defenses to avoidance available to the initial transferee."); *Sec. Inv. Prot. Corp.* v. *Bernard L.

Madoff Inv. Sec. LLC*, 2013 WL 1609154, at *7 (S.D.N.Y. Apr. 15, 2013) (noting that "even if the

initial (or mediate) transferee fails to raise a Section 546(e) defense against the Trustee's avoidance

of certain transfers . . . the subsequent transferee is nonetheless entitled to raise a . . . defense

against recovery of those funds"). In addition, should the Trustee wish to propose amended

complaints in other related cases, he could seek to do so. This would permit similarly situated

defendants to determine whether there are any additional common issues raised by those proposed

amendments that could be briefed and decided by the Court on an omnibus basis.

## II.    Discovery Should Be Stayed Pending a Decision on the Trustee's Motion to Amend.

This Court has in general permitted the Trustee to proceed with party discovery

only where an operative complaint alleges the absence of good faith. For example, this Court

rejected the Trustee's attempt to seek Rule 26 discovery from several other subsequent transferee

defendants while also seeking to amend complaints against those defendants where, as here, the

Trustee had already sought and obtained similar documents from the defendants through pre-

complaint Rule 2004 subpoenas. *Sec. Inv. Prot. Corp.* v. *Bernard L. Madoff Inv. Sec. LLC*, 590

B.R. 200, 205–10 (Bankr. S.D.N.Y. 2018). The Court explained that the Trustee could "participate

in Rule 26(f) conferences with the Defendants and thereafter seek discovery" only if the Trustee

"is permitted to amend his complaints." *Id.* at 210. The same procedure should apply here.

Indeed, a stay of discovery here would be fully consistent with the "good cause"

standard required for a protective order under Rule 26(c) of the Federal Rules of Civil Procedure.

*Delgado* v. *N.J. Transit Rail Operations, Inc.*, 329 F.R.D. 506, 507–08 (S.D.N.Y. 2019). In

considering whether to stay discovery, courts generally consider: "(1) whether a defendant has

made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and

the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay."

*See, e.g.*, *HAHA Glob., Inc.* v. *Barclays*, 2020 WL 832341, at *1 (S.D.N.Y. Feb. 20, 2020). Each

of these factors favors a stay of discovery pending the Court's decision on the Trustee's Motion to

Amend (and the Second Circuit's decisions in *Citibank* and *Legacy*).

*First*, the Trustee's operative complaint fails to state a claim under the current law as interpreted by the District Court and applied by this Court. The complaint does not even purport to allege the absence of good faith by any initial or subsequent transferee. (*See* Compl. ¶¶ 42–67); *Katz*, 462 B.R. at 456 (holding that Trustee must "show[] an absence of good faith on defendants' part based on their willful blindness"); (Oct. 29, 2020 Conf. Tr. 12:8–16 ("THE COURT:  No, I'm talking about the existing Complaint.  MR. LONG:  . . . The existing Complaint was more of an inquiry notice Complaint.  THE COURT:  But you're alleging lack of good faith, right?  MR. LONG:  In the Proposed Amended Complaint.").)  Thus, unless and until the Court decides whether the Trustee is permitted to amend his complaint and whether the proposed amended complaint pleads a viable claim, discovery would amount to nothing more than a fishing expedition. *See Greene* v. *Emersons, Ltd.*, 86 F.R.D. 66, 73 (S.D.N.Y. 1980) ("A defendant has the right, under Rule 12(b), . . . to challenge the legal sufficiency of the complaint's allegations against him, without first subjecting himself to discovery procedures."); *Conomos* v. *Chase Manhattan Corp.*, 1998 WL 118154, at *3 (S.D.N.Y. Mar. 17, 1988) ("[T]he purpose of discovery is to find out additional facts about a well-pleaded claim, not to find out whether such a claim exists.") (alteration in original).

*Second*, the Trustee has proposed "staged discovery" involving requests for thousands of documents that certain Defendants produced and transcripts from depositions in *Anwar*, which involved claims brought by current or former clients of Standard Chartered and/or American Express Bank who *did not* redeem their Sentry investments. (Finn Decl. Ex. D.)  In addition, the Trustee has sought information on 89 current or former employees that he claims are relevant to this case. (Finn Decl. ¶ 5.)  Accordingly, responding to the Trustee's forthcoming discovery requests would impose a significant burden on SCB.

- 17 -

*Third*, the Trustee will not be prejudiced by a stay of additional discovery. While the Trustee has asserted a purported "concern[] about the possible loss of documentary evidence" (Oct. 29, 2020 Conf. Tr. 10:21–22), that claim is at odds with the production of previously produced documents and prior testimony that the Trustee is seeking. SCB has retained the documents and deposition transcripts from the *Anwar* proceedings and thus there is no risk that evidence will be lost. (Finn Decl. ¶ 6.) *See also Loftus*, 2020 WL 2848231, at *3 (rejecting fears of destroyed documents if a stay is granted by noting that the defendant had instituted a litigation hold).

The District Court's decision in *Delgado* is instructive here. 329 F.R.D. 506. There, as here, the court considered whether to stay discovery "pending the resolution of [a related] appeal in the United States Court of Appeals for the Third Circuit"—a procedural posture similar to that of this case. *Id*. at 507. The court granted a stay because: (1) "the outcome of the Third Circuit's decision . . . [was] likely to have a significant impact on the disposition of [the] case"; (2) the appeal was "far along"; (3) the plaintiff did not "articulate[] any prejudice that [would] result to him from the issuance of a stay"; and (4) "if [the] case were to move forward . . . [the] defendant would] incur burden that may turn out to be unnecessary." *Id*. at 508. The court concluded that, because the Third Circuit appeal could "guide this court in ruling on . . . key issues in [the] litigation," "issuing a stay [would] best serve the interests of the courts by promoting judicial efficiency and minimiz[ing] the possibility of conflicts between different courts." *Id*. (internal quotation marks omitted). That reasoning applies with even greater force here. The Second Circuit is considering controlling questions of law in the *Citibank* and *Legacy* appeals that certainly will "have a significant impact on the disposition" of the Trustee's motion to amend and

- 18 -

be binding on this Court, and both appeals are "far along" and will be fully briefed by the end of

this month.

## CONCLUSION

For the reasons set forth above, SCB respectfully request that the Court stay this

adversary proceeding pending the Second Circuit's decisions in *Citibank* and *Legacy*.

Dated: November 12, 2020
     New York, New York

                             */s/ Andrew J. Finn*
                             Andrew J. Finn
                             **SULLIVAN & CROMWELL LLP**
                             125 Broad Street
                             New York, New York  10004
                             Telephone:  (212) 558-4000
                             Facsimile:  (212) 558-3588
                             Email:  finna@sullcrom.com

                             Diane L. McGimsey (*pro hac vice*)
                             1888 Century Park East,
                             Los Angeles, California  90067
                             Telephone:  (310) 712-6600
                             Facsimile:  (310) 712-8800
                             Email:  mcgimseyd@sullcrom.com

                             *Attorneys for Defendants Standard Chartered*
                             *Financial Services (Luxembourg) S.A., Standard*
                             *Chartered Bank International (Americas) Ltd., and*
                             *Standard Chartered International (USA) Ltd.*