# Exhibit C

# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, NY 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.

FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

November 19, 2009

Via Federal Express

Thomas L. Long, Esq.
   Baker & Hostetler LLP,
      Capitol Square, Suite 2100,
         65 East State Street,
           Columbus, Ohio 43215-4260.

          Re:    *Securities Investor Protection Corp.* v. *Bernard L. Madoff*
                 *Investment Securities LLC*, Adv. Pro. No. 08-01789-BRL:
                 Subpoena for Rule 2004 Examination

Dear Mr. Long:

        I write on behalf of Standard Chartered International (USA) Ltd. ("SCI"), regarding the Subpoena for a Rule 2004 Examination and attachments thereto (together, the "Subpoena") served by the SIPC Trustee on SCI on October 5, 2009, in connection with the above-captioned matter. In accordance with our letter dated October 15, 2009, and our phone conversation of October 12, 2009, I enclose SCI's responses and objections to the Subpoena.

        As we discussed on October 15, 2009, we have focused our efforts on collecting accessible materials related to due diligence on Bernard L. Madoff Investment Securities LLC ("BMIS") and Fairfield Sentry Ltd. ("Fairfield Sentry"). Notwithstanding our objections to the Subpoena, enclosed are non-privileged documents regarding (i) due diligence on BMIS and Fairfield Sentry and (ii) Fairfield Greenwich Group marketing materials. These documents bear production numbers SCI0000001 - SCI0001311 and are being produced pursuant to the confidentiality agreement dated October 27, 2009.

Thomas L. Long, Esq.                                                          -2-

      Please contact me at (212) 558-1684 if you have any questions regarding the issues addressed in this letter or the enclosed materials.

Sincerely,

*Allison Caffarone*

Allison Caffarone

(Enclosures)

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Securities Investor Protection Corporation, | : Subpoena for Rule 2004 Examination |
| | : |
| Plaintiff, | : Case No. <u>Adv. Pro. No. 08-01789 BRL</u> |
| | : |
| v. | : |
| | : |
| Bernard L. Madoff Investment Securities LLC | : |
| | : |
| Defendant. | : |
| | : |

## RESPONSES AND OBJECTIONS OF STANDARD CHARTERED INTERNATIONAL (USA) LTD TO SECURITIES INVESTOR PROTECTION CORPORATION'S SUBPOENA FOR RULE 2004 EXAMINATION

Pursuant to Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure and Rule 45 of the Federal Rules of Civil Procedure, Standard Chartered International (USA) Ltd. ("SCI"), by its undersigned counsel, hereby responds and objects to the Securities Investor Protection Corporation's ("SIPC") Subpoena for a Rule 2004 Examination, dated October 1, 2009, and attachment thereto (together, the "Subpoena"), as follows:

### GENERAL OBJECTIONS

The following General Objections apply to each individually numbered document request set forth in the Subpoena and shall have the same force and effect as if set forth in full in response to each document request.

1. SCI objects to the Subpoena and to each Definition, Instruction and Specific Request contained therein to the extent that they purport to impose burdens or duties upon SCI that exceed the requirements or permissible scope of discovery under the

Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure and any applicable local rules.

2.      SCI objects to the Subpoena and to each Definition, Instruction and Specific Request contained therein to the extent that they seek information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity from disclosure.  Any disclosure of information protected from discovery by the attorney-client privilege, the work product doctrine or any other applicable privilege, protection, immunity, law or rule is inadvertent and should not be construed to constitute a waiver.

3.      SCI objects to the Subpoena and to each Definition, Instruction and Specific Request contained therein to the extent that they seek information that is privileged or otherwise protected from disclosure pursuant to applicable (i) domestic or foreign banking privileges or bank regulatory laws and regulations, (ii) domestic or foreign bank secrecy laws, blocking laws or similar laws, or (iii) domestic or foreign criminal or civil laws (including privacy laws).

4.      SCI objects to the Subpoena and to each Definition, Instruction and Specific Request contained therein to the extent that they seek documents that are located outside of the United States.

5.      SCI objects to the Subpoena and to each Definition, Instruction and Specific Request contained therein to the extent that they are overly broad, unduly

burdensome and/or seek information that is neither relevant to the claims or defenses of any party in the above-captioned action (the "Underlying Action") nor reasonably calculated to lead to the discovery of admissible evidence.

6.      SCI objects to the Subpoena and to each Definition, Instruction and Specific Request contained therein to the extent that they purport to impose burdens or duties, or seek information, beyond the scope of permissible discovery in the Underlying Action.

7.      SCI objects to the Subpoena and to each Definition, Instruction and Specific Request contained therein to the extent that they seek confidential information of SCI or its customers, clients or counterparties.  SCI will produce such confidential information only to the extent it is adequately protected by the Confidentiality Agreement between Irving H. Picard, Esq., Trustee for the SIPA Liquidation of Bernard L. Madoff Securities, LLC, and Standard Chartered International (USA) Ltd., dated October 27, 2009 ("Confidentiality Agreement").  To the extent the Confidentiality Agreement does not adequately protect confidential information to be produced by SCI in response to the Subpoena, SCI reserves the right to withhold the production of such confidential information until the parties agree to an appropriate confidentiality agreement or the court rules on a motion for a protective order.

8.      SCI objects to the Subpoena and to each Definition, Instruction and Specific Request contained therein to the extent that they purport to seek documents not in SCI's possession, custody or control.

9.      SCI objects to the Subpoena and to each Definition, Instruction and Specific Request contained therein to the extent that they purport to seek documents that are publicly available or available to the SIPC Trustee ("Trustee") from a more convenient, less expensive or less burdensome source than from SCI, including but not limited to the parties in the Underlying Action.

10.      SCI objects to the Subpoena and to each Definition, Instruction and Specific Request contained therein to the extent that they purport to impose a continuing duty to supplement.

11.      SCI objects to the Subpoena and to each Definition, Instruction and Specific Request contained therein to the extent that they purport to require SCI to reach legal conclusions about any document, thing or event.

12.      SCI objects to the Subpoena and to each Definition, Instruction and Specific Request contained therein to the extent that they purport to require any search for information beyond a reasonable search.  In responding to the Subpoena, SCI will conduct, if necessary, a reasonable search of those files in its possession or custody in which information responsive to the Subpoena (as limited by these objections and any agreements between the Trustee and SCI) is reasonably likely to be located.

13.     SCI objects to Definition 1 ("Standard Chartered International (USA) Ltd.") and to any specific document requests incorporating that definition on the grounds that such definition and any such document requests are overbroad, unduly burdensome, vague and ambiguous (including but not limited to the phrase "agent or representative thereof"), and seek information that is neither relevant to the claims or defenses of any party to the Underlying Action nor reasonably calculated to lead to the discovery of admissible evidence.  For purposes of this Subpoena, SCI will construe the Subpoena as seeking documents only from SCI.  SCI objects to Definition 2 ("Applicable Period") and to any specific document requests incorporating that definition on the grounds that such definition and any such document requests are overbroad, unduly burdensome, vague and ambiguous (including but not limited to the phrase "the date on which you first subscribed for shares of Fairfield Sentry Ltd."), and seek information that is neither relevant to the claims or defenses of any party to the Underlying Action nor reasonably calculated to lead to the discovery of admissible evidence.

14.     SCI objects to Definition 3 ("BLMIS") and to any specific document requests incorporating that definition on the grounds that such definition and any such document requests are overbroad, unduly burdensome, vague and ambiguous (including but not limited to the phrase "all persons affiliated"), and seek information that is neither relevant to the claims or defenses of any party to the Underlying Action nor reasonably calculated to lead to the discovery of admissible evidence.

15.     SCI objects to Definition 4 ("Fund with a BLMIS Account") and to any specific document requests incorporating that definition on the grounds that such definition and any such document requests are overbroad, unduly burdensome, vague and ambiguous (including but not limited to the phrase "other investment vehicle"), and seek information that is neither relevant to the claims or defenses of any party to the Underlying Action nor reasonably calculated to lead to the discovery of admissible evidence.

16.     SCI objects to Definition 5 ("CITCO") and to any specific document requests incorporating that definition on the grounds that such definition and any such document requests are overbroad, unduly burdensome, vague and ambiguous (including but not limited to the phrase "all persons affiliated"), and seek information that is neither relevant to the claims or defenses of any party to the Underlying Action nor reasonably calculated to lead to the discovery of admissible evidence.

17.     SCI objects to Definition 6 ("Communication") and to any specific document requests incorporating that definition on the grounds that such definition and any such document requests are overbroad, unduly burdensome, vague and ambiguous (including but not limited to the phrase "in the form of facts, ideas, inquiries or otherwise"), and seek information that is neither relevant to the claims or defenses of any party to the Underlying Action nor reasonably calculated to lead to the discovery of admissible evidence.

18.     SCI objects to Definition 7 ("Concerning") and to any specific document requests incorporating that definition on the grounds that such definition and any such document requests are overbroad, unduly burdensome, vague and ambiguous (including but not limited to the phrase "evidencing or constituting"), and seek information that is neither relevant to the claims or defenses of any party to the Underlying Action nor reasonably calculated to lead to the discovery of admissible evidence.

19.     SCI objects to Definition 8 ("Document") and to any specific document requests incorporating that definition on the grounds that such definition and any such document requests are overbroad, unduly burdensome, vague and ambiguous, and seek information that is neither relevant to the claims or defenses of any party to the Underlying Action nor reasonably calculated to lead to the discovery of admissible evidence.  SCI objects to searching any archived electronic systems or restoring any e-mail back-up tapes, if any, or other such electronic back-up or storage systems on the ground that such searches would be unduly burdensome.

20.     SCI objects to Definition 9 ("FGG") and to any specific document requests incorporating that definition on the grounds that such definition and any such document requests are overbroad, unduly burdensome, vague and ambiguous (including but not limited to the phrase "and affiliates"), and seek information that is neither relevant to the claims or defenses of any party to the Underlying Action nor reasonably calculated to lead to the discovery of admissible evidence.  SCI objects on the additional basis that this

Definition does not provide sufficient information to allow SCI to identify documents responsive to specific requests that incorporate this Definition.

21.     SCI objects to Definition 10 ("Fairfield Sentry") and to any specific document requests incorporating that definition on the grounds that such definition and any such document requests are overbroad, unduly burdensome, vague and ambiguous (including but not limited to the phrase "and affiliates"), and seek information that is neither relevant to the claims or defenses of any party to the Underlying Action nor reasonably calculated to lead to the discovery of admissible evidence.

22.     SCI objects to Definition 11 ("Immediate family members") and to any specific document requests incorporating that definition on the grounds that such definition and any such document requests are overbroad, unduly burdensome, vague and ambiguous (including but not limited to the phrase "and affiliates"), and seek information that is neither relevant to the claims or defenses of any party to the Underlying Action nor reasonably calculated to lead to the discovery of admissible evidence.

23.     SCI objects to Definition 12 ("Person") and to any specific document requests incorporating that definition on the grounds that such definition and any such document requests are overbroad, unduly burdensome, vague and ambiguous (including but not limited to the phrase "entity or association"), and seek information that is neither relevant to the claims or defenses of any party to the Underlying Action nor reasonably calculated to lead to the discovery of admissible evidence.

24. SCI objects to Definition 13 and to any specific document requests incorporating that definition on the grounds that such definition and any such document requests are overbroad, unduly burdensome, vague and ambiguous and seek information that is neither relevant to the claims or defenses of any party to the Underlying Action nor reasonably calculated to lead to the discovery of admissible evidence.

25. SCI objects to Definition 14 to any specific document requests incorporating that definition on the grounds that such definition and any such document requests are overbroad, unduly burdensome, vague and ambiguous, and seek information that is neither relevant to the claims or defenses of any party to the Underlying Action nor reasonably calculated to lead to the discovery of admissible evidence.

26. SCI objects to Definition 15 and to any specific document requests incorporating that definition on the grounds that such definition and any such document requests are overbroad, unduly burdensome, vague and ambiguous, and seek information that is neither relevant to the claims or defenses of any party to the Underlying Action nor reasonably calculated to lead to the discovery of admissible evidence.

27. SCI objects to Instruction 1 and to any specific document requests incorporating that instruction on the grounds that such instruction and any such document requests are overbroad, unduly burdensome, vague and ambiguous (including but not limited to the phrase "or referencing the Applicable Period"), and seek information that is

neither relevant to the claims or defenses of any party to the Underlying Action nor reasonably calculated to lead to the discovery of admissible evidence.

28.     SCI objects to Instruction 2 and to any specific document requests incorporating that instruction on the grounds that such instruction and any such document requests are overbroad, unduly burdensome, vague and ambiguous (including but not limited to the phrase "constitute routing slips"), and seek information that is neither relevant to the claims or defenses of any party to the Underlying Action nor reasonably calculated to lead to the discovery of admissible evidence.

29.     SCI objects to Instruction 3 and to any specific document requests incorporating that instruction on the grounds that such instruction and any such document requests are overbroad, unduly burdensome, vague and ambiguous, and seek information that is neither relevant to the claims or defenses of any party to the Underlying Action nor reasonably calculated to lead to the discovery of admissible evidence.

30.     SCI objects to Instruction 4 and to any specific document requests incorporating that instruction on the grounds that such instruction and any such document requests are overbroad, unduly burdensome, vague and ambiguous, seek information that is neither relevant to the claims or defenses of any party to the Underlying Action nor reasonably calculated to lead to the discovery of admissible evidence.

31.     SCI objects to Instruction 5 and to any specific document requests incorporating that instruction on the grounds that such instruction and any such document

requests are overbroad, unduly burdensome, vague and ambiguous, and seek information

that is neither relevant to the claims or defenses of any party to the Underlying Action nor

reasonably calculated to lead to the discovery of admissible evidence.

32.    SCI objects to Instruction 6 and to any specific document requests

incorporating that instruction on the grounds that such instruction and any such document

requests are overbroad, unduly burdensome, vague and ambiguous (including but not

limited to the phrase "under which it ceased to exist"), and seek information that is neither

relevant to the claims or defenses of any party to the Underlying Action nor reasonably

calculated to lead to the discovery of admissible evidence.

33.    SCI objects to Instruction 7 and to any specific document requests

incorporating that instruction on the grounds that such instruction  and any such document

requests are overbroad, unduly burdensome, vague and ambiguous (including but not

limited to the phrase "stored in their ordinary course of business"), and seek information

that is neither relevant to the claims or defenses of any party to the Underlying Action nor

reasonably calculated to lead to the discovery of admissible evidence.

34.    SCI objects to Instruction 8 and to any specific document requests

incorporating that instruction on the grounds that such instruction  and any such document

requests are overbroad, unduly burdensome, vague and ambiguous (including but not

limited to the phrase "the documents' originals or their fair and accurate representations

shall be preserved"), and seek information that is neither relevant to the claims or defenses

of any party to the Underlying Action nor reasonably calculated to lead to the discovery of admissible evidence.

35.    SCI objects to Instruction 9 and to any specific document requests incorporating that instruction on the grounds that such instruction and any such document requests are overbroad, unduly burdensome, vague and ambiguous, and seek information that is neither relevant to the claims or defenses of any party to the Underlying Action nor reasonably calculated to lead to the discovery of admissible evidence.

36.    SCI objects to Instruction 10 and to any specific document requests incorporating that instruction on the grounds that such instruction and any such document requests are overbroad, unduly burdensome, vague and ambiguous, and seek information that is neither relevant to the claims or defenses of any party to the Underlying Action nor reasonably calculated to lead to the discovery of admissible evidence.

37.    SCI objects to Instruction 11 and to any specific document requests incorporating that instruction on the grounds that such instruction and any such document requests are overbroad, unduly burdensome, vague and ambiguous, and seek information that is neither relevant to the claims or defenses of any party to the Underlying Action nor reasonably calculated to lead to the discovery of admissible evidence.

38.    SCI objects to Instruction 12 and to any specific document requests incorporating that instruction on the grounds that such instruction and any such document requests are overbroad, unduly burdensome, vague and ambiguous, and seek information

-12-

that is neither relevant to the claims or defenses of any party to the Underlying Action nor reasonably calculated to lead to the discovery of admissible evidence.

## SPECIFIC OBJECTIONS

REQUEST NO. 1

Any and all documents concerning Fairfield Sentry.

Response to Request No. 1

In addition to SCI's General Objections, SCI objects to this Request on the grounds that it is overbroad and unduly burdensome and/or seeks information or documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in the Underlying Action or whose relevance is outweighed by the burden SCI would bear in attempting to collect, review and produce such material. Subject to and without waiving the foregoing General and Specific Objections, SCI states that it is willing to meet and confer with the Trustee concerning the scope of any production in response to this Request.

REQUEST NO. 2

Any and all documents concerning BLMIS.

Response to Request No. 2

In addition to SCI's General Objections, SCI objects to this Request on the grounds that it is overbroad and unduly burdensome and/or seeks information or documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in the Underlying Action or whose relevance is outweighed by the burden SCI

would bear in attempting to collect, review and produce such material.  Subject to and

without waiving the foregoing General and Specific Objections, SCI states that it is willing

to meet and confer with the Trustee concerning the scope of any production in response to

this Request.

REQUEST NO. 3

                Any and all documents concerning your investments in shares of Fairfield
Sentry.

Response to Request No. 3

                In addition to SCI's General Objections, SCI objects to this Request on the

grounds that it is overbroad and unduly burdensome and/or seeks information or documents

that are neither relevant nor reasonably calculated to lead to the discovery of admissible

evidence in the Underlying Action or whose relevance is outweighed by the burden SCI

would bear in attempting to collect, review and produce such material.  SCI further objects

to this Request on the ground that the phrase "your investments in shares of" is vague and

ambiguous.  Subject to and without waiving the foregoing General and Specific Objections,

SCI states that it is willing to meet and confer with the Trustee concerning the scope of any

production in response to this Request.

REQUEST NO. 4

                Any and all documents concerning any actual or proposed redemption of
shares in Fairfield Sentry.

Response to Request No. 4

-14-

In addition to SCI's General Objections, SCI objects to this Request on the grounds that it is overbroad and unduly burdensome and/or seeks information or documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in the Underlying Action or whose relevance is outweighed by the burden SCI would bear in attempting to collect, review and produce such material. SCI further objects to this Request on the ground that the phrase "any actual or proposed redemption of shares" is vague and ambiguous. Subject to and without waiving the foregoing General and Specific Objections, SCI states that it is willing to meet and confer with the Trustee concerning the scope of any production in response to this Request.

REQUEST NO. 5

Any and all documents concerning communications between you and Fairfield Sentry or FGG.

Response to Request No. 5

In addition to SCI's General Objections, SCI objects to this Request on the grounds that it is overbroad and unduly burdensome and/or seeks information or documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in the Underlying Action or whose relevance is outweighed by the burden SCI would bear in attempting to collect, review and produce such material. Subject to and without waiving the foregoing General and Specific Objections, SCI states that it is willing to meet and confer with the Trustee concerning the scope of any production in response to this Request.

REQUEST NO. 6

Any and all documents concerning communications between you and BLMIS.

Response to Request No. 6

In addition to SCI's General Objections, SCI objects to this Request on the grounds that it is overbroad and unduly burdensome and/or seeks information or documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in the Underlying Action or whose relevance is outweighed by the burden SCI would bear in attempting to collect, review and produce such material. Subject to and without waiving the foregoing General and Specific Objections, SCI states that it is willing to meet and confer with the Trustee concerning the scope of any production in response to this Request.

REQUEST NO. 7

Any and all documents concerning communications with any person, other than Fairfield Sentry or FGG, concerning Fairfield Sentry.

Response to Request No. 7

In addition to SCI's General Objections, SCI objects to this Request on the grounds that it is overbroad and unduly burdensome and/or seeks information or documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in the Underlying Action or whose relevance is outweighed by the burden SCI would bear in attempting to collect, review and produce such material. Subject to and without waiving the foregoing General and Specific Objections, SCI states that it is willing

-16-

to meet and confer with the Trustee concerning the scope of any production in response to

this Request.

REQUEST NO. 8

 Any and all documents concerning communications with any person, other
than BLMIS, concerning BLMIS.

Response to Request No. 8

 In addition to SCI's General Objections, SCI objects to this Request on the

grounds that it is overbroad and unduly burdensome and/or seeks information or documents

that are neither relevant nor reasonably calculated to lead to the discovery of admissible

evidence in the Underlying Action or whose relevance is outweighed by the burden SCI

would bear in attempting to collect, review and produce such material.  Subject to and

without waiving the foregoing General and Specific Objections, SCI states that it is willing

to meet and confer with the Trustee concerning the scope of any production in response to

this Request.

REQUEST NO. 9

 Any and all documents concerning communications between you and Citco
concerning Fairfield Sentry.

Response to Request No. 9

 In addition to SCI's General Objections, SCI objects to this Request on the

grounds that it is overbroad and unduly burdensome and/or seeks information or documents

that are neither relevant nor reasonably calculated to lead to the discovery of admissible

evidence in the Underlying Action or whose relevance is outweighed by the burden SCI

would bear in attempting to collect, review and produce such material.  Subject to and without waiving the foregoing General and Specific Objections, SCI states that it is willing to meet and confer with the Trustee concerning the scope of any production in response to this Request.

REQUEST NO. 10

Any and all documents concerning any due diligence you conducted, or had conducted on your behalf, concerning Fairfield Sentry.

Response to Request No. 10

In addition to SCI's General Objections, SCI objects to this Request on the grounds that it is overbroad and unduly burdensome and/or seeks information or documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in the Underlying Action or whose relevance is outweighed by the burden SCI would bear in attempting to collect, review and produce such material.  SCI further objects to this Request on the ground that the phrase "any due diligence you conducted, or had conducted on your behalf" is vague and ambiguous.  Subject to and without waiving the foregoing General and Specific Objections, SCI states that it is willing to meet and confer with the Trustee concerning the scope of any production in response to this Request.

REQUEST NO. 11

Any and all documents concerning any due diligence you conducted, or had conducted on your behalf, concerning any Fund with a BLMIS Account.

Response to Request No. 11

In addition to SCI's General Objections, SCI objects to this Request on the grounds that it is overbroad and unduly burdensome and/or seeks information or documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in the Underlying Action or whose relevance is outweighed by the burden SCI would bear in attempting to collect, review and produce such material.  SCI further objects to this Request on the ground that the phrase "concerning any due diligence you conducted, or had conducted on your behalf" is vague and ambiguous.  Subject to and without waiving the foregoing General and Specific Objections, SCI states that it is willing to meet and confer with the Trustee concerning the scope of any production in response to this Request.

REQUEST NO. 12

Any and all documents concerning any remuneration received by you, by any other person for your benefit, or by any entity in which you had an ownership interest, in the form of commissions, management fees, performance fees, shares, salary, or any other form of payment, that resulted in any way from the purchase of Fairfield Sentry shares.

Response to Request No. 12

In addition to SCI's General Objections, SCI objects to this Request on the grounds that it is overbroad and unduly burdensome and/or seeks information or documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in the Underlying Action or whose relevance is outweighed by the burden SCI would bear in attempting to collect, review and produce such material.  SCI further objects to this Request on the ground that the phrases "by any entity in which you had an ownership interest" and "any other form of payment" are vague and ambiguous.  Subject to and

without waiving the foregoing General and Specific Objections, SCI states that it is willing

to meet and confer with the Trustee concerning the scope of any production in response to

this Request.

REQUEST NO. 13

  Documents sufficient to show the names and addresses of any and all of your employees who had contact with any Fairfield Sentry representative, investment manager (Fairfield Greenwich (Bermuda) Ltd.), or administrator (Citco Fund Services (Europe) B.V.), or their respective employees, directors, officers, partners, members, or shareholders.

Response to Request No. 13

  In addition to SCI's General Objections, SCI objects to this Request on the

grounds that it is overbroad and unduly burdensome and/or seeks information or documents

that are neither relevant nor reasonably calculated to lead to the discovery of admissible

evidence in the Underlying Action or whose relevance is outweighed by the burden SCI

would bear in attempting to collect, review and produce such material.  SCI further objects

to this Request on the ground that the phrase "with any Fairfield Sentry representative" is

vague and ambiguous.  Subject to and without waiving the foregoing General and Specific

Objections, SCI states that it is willing to meet and confer with the Trustee concerning the

scope of any production in response to this Request.

REQUEST NO. 14

  Documents sufficient to show the names and addresses of any and all of your employees who had contact with any FGG representative, employee, director, officer, partner, member, or shareholder.

Response to Request No. 14

In addition to SCI's General Objections, SCI objects to this Request on the

grounds that it is overbroad and unduly burdensome and/or seeks information or documents

that are neither relevant nor reasonably calculated to lead to the discovery of admissible

evidence in the Underlying Action or whose relevance is outweighed by the burden SCI

would bear in attempting to collect, review and produce such material.  SCI further objects

to this Request on the ground that the phrase "who had contact with any" is vague and

ambiguous.  Subject to and without waiving the foregoing General and Specific Objections,

SCI states that it is willing to meet and confer with the Trustee concerning the scope of any

production in response to this Request.

REQUEST NO. 15

Documents sufficient to show the names and addresses of any and all of your
employees who had contact with any Fund with a BLMIS Account representative, manager,
employee, director, officer, principal, partner, limited partner, member, shareholder, or
owner.

Response to Request No. 15

In addition to SCI's General Objections, SCI objects to this Request on the

grounds that it is overbroad and unduly burdensome and/or seeks information or documents

that are neither relevant nor reasonably calculated to lead to the discovery of admissible

evidence in the Underlying Action or whose relevance is outweighed by the burden SCI

would bear in attempting to collect, review and produce such material.  SCI further objects

to this Request on the ground that the phrase "who had contact with any" is vague and

ambiguous.  Subject to and without waiving the foregoing General and Specific Objections,

SCI states that it is willing to meet and confer with the Trustee concerning the scope of any

production in response to this Request.


REQUEST NO. 16

   Any and all contracts and agreements, whether written or oral, between you
and Fairfield Sentry, in effect during the Applicable Period.

Response to Request No. 16

   In addition to SCI's General Objections, SCI objects to this Request on the

grounds that it is overbroad and unduly burdensome and/or seeks information or documents

that are neither relevant nor reasonably calculated to lead to the discovery of admissible

evidence in the Underlying Action or whose relevance is outweighed by the burden SCI

would bear in attempting to collect, review and produce such material.  SCI further objects

to this Request on the ground that the phrase "all contracts and agreements" is vague and

ambiguous.  Subject to and without waiving the foregoing General and Specific Objections,

SCI states that it is willing to meet and confer with the Trustee concerning the scope of any

production in response to this Request.


REQUEST NO. 17

   Any and all contracts and agreements, whether written or oral, between you
and BLMIS, in effect during the Applicable Period.

Response to Request No. 17

   In addition to SCI's General Objections, SCI objects to this Request on the

grounds that it is overbroad and unduly burdensome and/or seeks information or documents

that are neither relevant nor reasonably calculated to lead to the discovery of admissible

evidence in the Underlying Action or whose relevance is outweighed by the burden SCI

would bear in attempting to collect, review and produce such material.  SCI further objects

to this Request on the ground that the phrase "all contracts and agreements" is vague and

ambiguous.  Subject to and without waiving the foregoing General and Specific Objections,

SCI states that it is willing to meet and confer with the Trustee concerning the scope of any

production in response to this Request.

REQUEST NO. 18

Any and all documents concerning BLMIS' financial condition, solvency, or
ability to timely pay its debts.

Response to Request No. 18

In addition to SCI's General Objections, SCI objects to this Request on the

grounds that it is overbroad and unduly burdensome and/or seeks information or documents

that are neither relevant nor reasonably calculated to lead to the discovery of admissible

evidence in the Underlying Action or whose relevance is outweighed by the burden SCI

would bear in attempting to collect, review and produce such material.  SCI further objects

to this Request on the ground that the phrase "financial condition, solvency, or ability to

timely pay its debts" is vague and ambiguous.  Subject to and without waiving the foregoing

General and Specific Objections, SCI states that it is willing to meet and confer with the

Trustee concerning the scope of any production in response to this Request.

REQUEST NO. 19

Any and all documents concerning how you used, disbursed, or further
transferred any funds received from Fairfield Sentry.

-23-

Response to Request No. 19

        In addition to SCI's General Objections, SCI objects to this Request on the grounds that it is overbroad and unduly burdensome and/or seeks information or documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in the Underlying Action or whose relevance is outweighed by the burden SCI would bear in attempting to collect, review and produce such material. SCI further objects to this Request on the ground that the phrase "used, disbursed, or further transferred" is vague and ambiguous. Subject to and without waiving the foregoing General and Specific Objections, SCI states that it is willing to meet and confer with the Trustee concerning the scope of any production in response to this Request.

REQUEST NO. 20

        Any and all documents concerning any communication between you and any other person concerning any of BLMIS' accountants, auditors, accounting firms, or auditing firms, including, but not limited, to David G. Friehling or Friehling & Horowitz, CPAs, P.C.

Response to Request No. 20

        In addition to SCI's General Objections, SCI objects to this Request on the grounds that it is overbroad and unduly burdensome and/or seeks information or documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in the Underlying Action or whose relevance is outweighed by the burden SCI would bear in attempting to collect, review and produce such material. SCI further objects to this Request on the ground that the phrase "accountants, auditors, accounting firms, or auditing firms" is vague and ambiguous. Subject to and without waiving the foregoing

-24-

General and Specific Objections, SCI states that it is willing to meet and confer with the

Trustee concerning the scope of any production in response to this Request.

REQUEST NO. 21

        Any and all documents concerning any of BLMIS' accountants, auditors,
accounting firms, or auditing firms, including, but not limited to, David G. Friehling or
Friehling & Horowitz, CPAs, P.C.

Response to Request No. 21

        In addition to SCI's General Objections, SCI objects to this Request on the

grounds that it is overbroad and unduly burdensome and/or seeks information or documents

that are neither relevant nor reasonably calculated to lead to the discovery of admissible

evidence in the Underlying Action or whose relevance is outweighed by the burden SCI

would bear in attempting to collect, review and produce such material.  SCI further objects

to this Request on the ground that the phrase "accountants, auditors, accounting firms, or

auditing firms" is vague and ambiguous.  Subject to and without waiving the foregoing

General and Specific Objections, SCI states that it is willing to meet and confer with the

Trustee concerning the scope of any production in response to this Request.

REQUEST NO. 22

        Any and all documents concerning BLMIS' Form 13F filings with the
Securities and Exchange Commission.

Response to Request No. 22

        In addition to SCI's General Objections, SCI objects to this Request on the

grounds that it is overbroad and unduly burdensome and/or seeks information or documents

that are neither relevant nor reasonably calculated to lead to the discovery of admissible

evidence in the Underlying Action or whose relevance is outweighed by the burden SCI

would bear in attempting to collect, review and produce such material.  Subject to and

without waiving the foregoing General and Specific Objections, SCI states that it is willing

to meet and confer with the Trustee concerning the scope of any production in response to

this Request.

REQUEST NO. 23

Any and all documents concerning the article in the May 7, 2001 issue of
Barron's, entitled "Don't Ask, Don't Tell: Bernie Madoff is so secretive, he even asks
investors to keep mum."

Response to Request No. 23

In addition to SCI's General Objections, SCI objects to this Request on the

grounds that it is overbroad and unduly burdensome and/or seeks information or documents

that are neither relevant nor reasonably calculated to lead to the discovery of admissible

evidence in the Underlying Action or whose relevance is outweighed by the burden SCI

would bear in attempting to collect, review and produce such material.  Subject to and

without waiving the foregoing General and Specific Objections, SCI states that it is willing

to meet and confer with the Trustee concerning the scope of any production in response to

this Request.

REQUEST NO. 24

Any and all documents concerning the article in the December 16, 1992 issue
of the Wall Street Journal, entitled, "Wall Street Mystery Features a Big Board Rival."

Response to Request No. 24

-26-

In addition to SCI's General Objections, SCI objects to this Request on the grounds that it is overbroad and unduly burdensome and/or seeks information or documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in the Underlying Action or whose relevance is outweighed by the burden SCI would bear in attempting to collect, review and produce such material. Subject to and without waiving the foregoing General and Specific Objections, SCI states that it is willing to meet and confer with the Trustee concerning the scope of any production in response to this Request.

REQUEST NO. 25

Any and all documents concerning the May 2001 MAR/Hedge newsletter entitled, "Madoff Tops Charts; Skeptics Ask How."

Response to Request No. 25

In addition to SCI's General Objections, SCI objects to this Request on the grounds that it is overbroad and unduly burdensome and/or seeks information or documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in the Underlying Action or whose relevance is outweighed by the burden SCI would bear in attempting to collect, review and produce such material. Subject to and without waiving the foregoing General and Specific Objections, SCI states that it is willing to meet and confer with the Trustee concerning the scope of any production in response to this Request.

REQUEST NO. 26

-27-

Any and all documents concerning any due diligence on BLMIS performed by any investment bank or financial institution, including, but not limited to, Société Générale, Goldman Sachs, Citigroup, Morgan Stanley, Merrill Lynch, or Credit Suisse.

Response to Request No. 26

In addition to SCI's General Objections, SCI objects to this Request on the grounds that it is overbroad and unduly burdensome and/or seeks information or documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in the Underlying Action or whose relevance is outweighed by the burden SCI would bear in attempting to collect, review and produce such material. SCI further objects to this Request on the ground that the phrase "any due diligence on BLMIS performed by any investment bank or financial institution" is vague and ambiguous. Subject to and without waiving the foregoing General and Specific Objections, SCI states that it is willing to meet and confer with the Trustee concerning the scope of any production in response to this Request.

REQUEST NO. 27

Any and all documents concerning any opinions, research, or advice concerning investments with BLMIS, or any fund with accounts with, or managed by, BLMIS, from any person, including, but not limited to, Credit Suisse, Aksia, LLC, Albourne Partners, Acorn Partners, Simon Fludgate, Simon Ruddick, or Robert Rosenkranz.

Response to Request No. 27

In addition to SCI's General Objections, SCI objects to this Request on the grounds that it is overbroad and unduly burdensome and/or seeks information or documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in the Underlying Action or whose relevance is outweighed by the burden SCI

would bear in attempting to collect, review and produce such material.  SCI further objects

to this Request on the ground that the phrases "any opinions, research, or advice concerning

investments with BLMIS" and "any fund with accounts with, or managed by, BLMIS" are

vague and ambiguous.  Subject to and without waiving the foregoing General and Specific

Objections, SCI states that it is willing to meet and confer with the Trustee concerning the

scope of any production in response to this Request.

REQUEST NO. 28

        Any and all documents concerning the redemptions of Fairfield Sentry
shares, as evidenced by the documents attached as Exhibit B.

Response to Request No. 28

        In addition to SCI's General Objections, SCI objects to this Request on the

grounds that it is overbroad and unduly burdensome and/or seeks information or documents

that are neither relevant nor reasonably calculated to lead to the discovery of admissible

evidence in the Underlying Action or whose relevance is outweighed by the burden SCI

would bear in attempting to collect, review and produce such material.  SCI further objects

to this Request on the ground that the phrase "concerning the redemptions of Fairfield

Sentry shares" is vague and ambiguous.  SCI states that it is willing to meet and confer with

the Trustee concerning the scope of any production in response to this Request.

REQUEST NO. 29

        Any and all documents concerning how you used, discharged, or further
transferred any funds you received as a result of the redemptions of Fairfield Sentry shares,
as evidenced by the documents attached as Exhibit B.

Response to Request No. 29

-29-

In addition to SCI's General Objections, SCI objects to this Request on the grounds that it is overbroad and unduly burdensome and/or seeks information or documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in the Underlying Action or whose relevance is outweighed by the burden SCI would bear in attempting to collect, review and produce such material. SCI further objects to this Request on the ground that the phrases "used, discharged, or further transferred" and "as a result of the redemptions of" are vague and ambiguous. SCI states that it is willing to meet and confer with the Trustee concerning the scope of any production in response to this Request.

Dated: November 19, 2009

Sharon Nelles
Allison Caffarone
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY  10004
Telephone:  (212) 558-4000
Facsimile:  (212) 558-3588

*Attorneys for Non-Party Standard Chartered International (USA) Ltd.*