DENTONS US LLP
Arthur H. Ruegger
Carole Neville
1221 Avenue of the Americas
New York, New York 10020
Tel: (212) 768-6700
Fax: (212) 768-6800
Email: arthur.ruegger@dentons.com
       carole.neville@dentons.com

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT FOR
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 10-04390 (CGM) |
| Plaintiff, | |
| v. | |
| MICHAEL MANN, MERYL MANN and BAM L.P., | |
| Defendants. | |

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO THE
TRUSTEE'S SUMMARY JUDGMENT MOTION FOR PREJUDGMENT INTEREST**

# TABLE OF CONTENTS

TABLE OF AUHTORITIES ......................................................................................... iii

PRELIMINARY STATEMENT ................................................................................... 1

FACTUAL BACKGROUND ........................................................................................ 2

ARGUMENT ................................................................................................................ 6

    A.   THE *WICKHAM* FACTORS WEIGH AGAINST PREJUDGMENT INTEREST ......... 6

        1.   The Rationale For Awarding Prejudgment Interest Does Not Exist In This Case ................................................................................................................ 6

        2.   No Basis For Awarding Prejudgment Interest When Defendants Were Innocent .......................................................................................................... 8

    B.   THE BANKRUPTCY STATUTE FIXES DAMAGES AT THE AMOUNT OF THE TRANSFER ...................................................................................................... 9

    C.   THERE IS NO PRECEDENT FOR THE AWARD OF PREJUDGMENT INTEREST IN THIS CASE ......................................................................................... 10

        1.   The Trustee Has Not Sought Prejudgment Interest In Cases Other Than *Nelson* ........................................................................................................... 10

        2.   The *Nelson* Case Is At Odds With Second Circuit Law ....................................... 11

        3.   The Federal Post Judgment Rate Should Apply .................................................... 12

    D.   THE DEFENDANTS' LIABILITY HAS ALWAYS BEEN SUBJECT TO LEGITIMATE DISPUTE ............................................................................................ 14

CONCLUSION .............................................................................................................. 16

# TABLE OF AUHTORITIES

**Page(s)**

**Cases**

*Ackerman v. Kovac (In re All American Petrol Corp)*
    259 B.R. 6 (Bankr. E.D.N.Y. 2001).......................................................................7

*Alfano v. CIGNA Life Ins. Co. of New York*,
    No. 07 Civ. 9661 (GEL), 2009 WL 890626 (S.D.N.Y. Apr. 2, 2009) ....................................7

*Ames Merch. Corp. v. Cellmark Paper Inc. (Ames Dep't Stores, Inc.)*,
    450 B.R. 24 (Bankr. S.D.N.Y 2011).......................................................................16

*Ball v. Sandview Cap. Mgmt Ltd*. (*In re Soundview Elite Ltd*. ),
    594 B.R. 108 (Bankr. S.D.N.Y. 2018).......................................................................6

*Carrier Corp. v. Buckley (In re Globe Mfg. Corp.)*,
    567 F.3d 1291 (11th Cir. 2009) .......................................................................8

*Christy v. Alexander & Alexander Inc. (In re Finley Kumble Wagner Heine*
    *Underberg Manley Myerson Casey*),
    130 F3d 52 (2d Cir. 1997).......................................................................15

*CNB Int'l. v. Kelleher (In re CNB Int'l)*,
    393 B.R. 306 (Bankr. W.D.N.Y. 2008) .......................................................................7

*Fendi Adele SRL v. Burlington Coat Factory Warehouse Corp*.,
    689 F. Supp 2d 584 (S.D.N.Y. 2010).......................................................................7, 8

*Geltzer v. Artists Mktg. Corp. (In re Cassandra Group)*,
    338 B.R. 583 (Bankr. S.D.N.Y 2006).......................................................................7

*Germain v. Connecticut Nat. Bank*,
    988 F.2d 1323 (2d Cir. 1993).......................................................................5

*Goldman Sachs Execution & Clearing, L.P. v. The Official Unsecured Creditors'*
    *Comm.*,
    No. 10 Civ. 5622, 2011 WL 2224629 (S.D.N.Y. May 31, 2011), aff'd, 491
    Fed.Appx. 201 (2d Cir. 2012).......................................................................12

*Hechinger Inv. Co. of Del., Inc. v. Universal Forest Prods. (In re Hechinger Inv.*
    *Co. of Del., Inc.)*,
    489 F.3d 568 (3rd Cir. 2007) .......................................................................12

*Henry v. Champlain Enters., Inc*.,
    445 F.3d 610 (2d Cir. 2006).......................................................................11

*In re 1031 Tax Group LLC*,
439 B.R. 84 (Bankr. W.D.N.Y. 2010) ....................................................................7

*In re Bernard L. Madoff Inv. Sec. LLC*,
779 F.3d 74 (2d Cir. 2015)....................................................................................5

*In re BLMIS*,
08-01789-SMB ..............................................................................4, 5, 13, 14

*In re Bruno Machinery Corp.*,
569 B.R. 819 (Bankr. N.D.N.Y. 2010) ..................................................................9

*In re Centennial Textile, Inc.*,
220 B.R. 165 (Bankr. S.D.N.Y. 1998)..................................................................10

*In re FKF 3, LLC*,
No. 13 Civ. 3601 (JCM), 2018 WL 5292131 (S.D.N.Y. Oct. 24, 2018)..................7

*Jones v. Brand Law Firm, P.A. (In re Belmonte)*,
931 F.3d 147 (2d Cir. 2019).................................................................................9

*Joseph v. Madray (In re Brun)*,
360 B.R. 669 (Bankr. C.D. Cal. 2007)..................................................................10

*Kittay v. Korff (In re Palermo)*,
739 F.3d 99 (2d Cir. 2014)......................................................................2, 11, 12

*Kramer v. Mahia (In re Khan)*,
14-MC-01674 (PKC), 2016 U.S. Dist. LEXIS 156284 (E.D.N.Y. Nov. 10,
2016) ....................................................................................................................8

*Littleton v. Lanac Invs. LLC (In re Kudzu Marine, Inc.)*,
569 B.R. 192 (Bankr. S.D. Ala. 2017)..................................................................9

*Lyman Commerce Solutions, Inc. v. Lung*,
No. 12 Civ. 4398 TPG, 2015 WL 4545089 (S.D.N.Y. July 16, 2015)....................7

*Menotte v. Oxyde Chemicals, Inc. (In re JSL Chem. Corp.)*,
424 B.R. 573 (Bankr. S.D. Fla.2010)....................................................................8

*Mfg'rs. Hanover Trust Co. v. Drysdale Sec. Corp.*,
801 F.2d 13 (2d Cir. 1986)..................................................................................14

*Moran v. Goldfarb*,
No. 09 Civ. 7667 (RJS), 2012 WL 2930210 (S.D.N.Y. July 16, 2012) ..................9

*Picard v. BAM L.P.*,
Adv. Proc. No. 10-04390-CGM...............................................................................4

iv

*Picard v. BAM L.P.*
597 B.R. 466 (Bankr. S.D.N.Y 2019) ..................................................................5

*Picard v. BAM L.P.*,
612 B.R. 257 (S.D.N.Y. 2020)............................................................................5

*Picard v. BAM L.P.*,
No. 18-cv-09916 (S.D.N.Y.) ..............................................................................4

*Picard v. Cohen*,
16-cv-5513 (LTS) ..............................................................................................11

*Picard v. Gettinger*,
No. 19-0429-bk-L (September 24, 2020) ..........................................................11

*Picard v. Greiff (In re Madoff Sec.)*,
No. 12 MC 115 (JSR), 476 B.R. 715 (S.D.N.Y. Apr. 15, 2013) ............................15

*Picard v. Ida Fishman Rev. Trust*,
773 F.3d 411 (2d Cir. 2014 (cert. denied, 135 S. Ct. 2859 (2015) ....................4, 15

*Picard v. Lowrey*,
Adv. Pro. No. 10-04387, 2020 WL 5666677 (2d Cir. Sept. 24, 2020).................10

*Picard v. Lowrey*,
18-cv-5433 (PAE) Feb. 8, 2019 .........................................................................11

*Picard v. Lowrey*,
Adv. Pro. No. 10-04387 (SMB), 2018 WL 1442312 (Bankr. S.D.N.Y.
Mar. 22, 2018)..............................................................................................10, 11

*Picard v. Lowrey*,
Adv. Pro. No. 10-04387 (SMB) 596 B.R. 451 (S.D.N.Y. 2019) ..........................10

*Picard v. Marilyn Bernfeld Trust et al.*,
Adv. Pro. No. 10-05143 (SMB) .........................................................................11

*Picard v. Nelson*,
Adv. Pro.10-04658 ................................................................................1, 10, 11, 12

*Re Dot Scenic, Inc.*,
293 B.R. 116 (S.D.N.Y. 2003)............................................................................15

*Reid v. Wolf (In re Wolf)*,
595 B.R. 735 (Bankr. N.D. Ill 2018) ...................................................................9

*S.E.C. v. First Jersey Securities, Inc.*
101 F.3d 1450 (2nd Cir. 1996)..........................................................................7, 8

*Sec. Inv'r. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*,
    654 F.3d 229 (2d Cir. 2011)......................................................................................4

*Sriraman v. Patel*,
    761 F. Supp. 2d 23 (E.D.N.Y. 2011) .....................................................................14

*Wickham Contracting Co. Inc. v. Local Union No. 3, Int'l Bhd. of Elec. Workers,
AFL-CIO*,
    955 F.2d 831 (2d Cir. 1992).....................................................................................6

**Statutes**

11 U.S.C. § 544 ...............................................................................................6, 13, 15

11 U.S.C. § 545 .......................................................................................................15

11 U.S.C. § 546(e) ..................................................................................................14

11 U.S.C. § 547 .......................................................................................................15

11 U.S.C. § 548 .............................................................................................9, 10, 15

11 U.S.C. § 548(a) ....................................................................................................2

11 U.S.C. § 548(a)(1) ..............................................................................................14

11 U.S.C. § 548(a)(1)(A) ................................................................................ *passim*

11 U.S.C. § 548(c) ............................................................................................11, 14

11 U.S.C. § 549 .......................................................................................................15

11 U.S.C. § 550 ...................................................................................................9, 10

11 U.S.C. § 550(a) ....................................................................................................9

11 U.S.C. § 550(a)(1) ..............................................................................................15

11 U.S.C. § 553(b) ...................................................................................................15

28 U.S.C. § 1961.................................................................................................2, 12

**Other Authorities**

CPLR § 5001.........................................................................................................6, 14

CPLR § 5001(a) .......................................................................................................10

CPLR § 5001(b) .......................................................................................................10

CPLR § 5001(c) ............................................................................................................10

CPLR § 5004 ...............................................................................................................10

Fed. R. Bankr. P. 7056 ...............................................................................................15

Fed. R. Civ. P. 56 ......................................................................................................15

IRS Rev. Proc. 2009-20, 2009-14 I.R.C. Part III .........................................................3

Local Rule 7056-1 ......................................................................................................15

Defendants Michael and Meryl Mann and BAM L.P. (the "Defendants") submit this Memorandum Of Law In Opposition To The Trustee's Summary Judgment Motion For Prejudgment Interest in opposition to the motion for summary judgment filed by Irving H. Picard (the "Trustee"), the trustee for the liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS").

## PRELIMINARY STATEMENT

1.      Even if the Trustee is successful in this adversary proceeding, there should be no prejudgment interest awarded against the Defendants as a matter of law and equity.

2.      The facts of the liquidation proceeding and this adversary proceeding in particular weigh against payment of prejudgment interest to the Trustee.  The Defendants, unlike the defendants in virtually every case cited by the Trustee, were not the perpetrators of the fraud or the cause of damage to the plaintiff.  The Defendants are family members who put their money in what they believed was a legitimate brokerage account.  After the Defendants were sued by the Trustee, they followed the protocol established by the Trustee along with hundreds of similarly-situated customers for the resolution of their claims and the claims against them.  The Defendants exercised their legitimate rights in the face of intense opposition from the Trustee. These are not circumstances that warrant the Court's exercise of discretion to award prejudgment interest.

3.      There also is no precedent in the case law or in this liquidation proceeding, other than the *Nelson* judgment (*Picard v. Nelson*, Adv. Pro.10-04658 [ECF No.205] ), for the addition of prejudgment interest.  The *Nelson* case, as shown below, did not conform in form or substance with clear Second Circuit precedent.  The Trustee has litigated against hundreds of similarly-situated good-faith customers without an award of prejudgment interest.  Moreover, the Trustee cannot cite to any case in this Circuit, other than the *Nelson* case, where prejudgment interest was

assessed against an innocent recipient of a transfer avoided under section 548(a)(1)(A) at any rate, let alone at state law 9% interest.

4.      The Second Circuit set forth a clear framework in *Kittay v. Korff (In re Palermo)*, 739 F.3d 99,107 (2d Cir. 2014) for the award of interest in fraudulent transfer cases:  if the case arises under state law, the state law rate applies; if the cases arises federal law, as this case does, the federal interest rate shall apply.  28 U.S.C. section 1961 fixes a rate for post-judgment interest that should be equally applicable for prejudgment interest, particularly, where, as here, the Trustee invests the customer funds he holds in U.S. Treasuries and other low-rate, short-term investments. The Trustee ignores this framework in several ways.  First, he consistently cites cases decided under the New York Debtor & Creditor law, not federal law, as support for application of a state law rate of interest.  Then, he resorts to other areas of law (securities litigation, copyright infringement, insurance law, for example) where courts apply a statutory or customary rate other than the 28 U.S.C. section 1961 or search for an appropriately high rate to address the egregious conduct of the defendant.  There is no reason for departing from the well-settled framework for fraudulent transfer cases under section 548(a) for the Mann family.

5.      Based on the facts of this case and the law as it stands, stripped of the Trustee's selective and misleading references, the Trustee's request for prejudgment interest and for interest at the state law rate of 9% should be denied.

## FACTUAL BACKGROUND

6.      In December 1995, Michael Mann and Meryl Mann, as husband and wife, opened a brokerage account with Bernard L. Madoff Investment Securities (1CM3630) in their names as Joint Tenants with Rights of Survival. TX-019, DX-6.  In March 1999, Michael Mann opened a second brokerage account with Bernard L. Madoff Investment Securities (1CM579) for BAM L.P.,

2

the limited partnership for his children, Betsy and Adam Mann. DX-4, TX-20. Amended Complaint, ¶2.

7.    The Defendants treated their accounts as ordinary brokerage accounts over the years without knowledge of any fraud . Each time Michael Mann made a withdrawal from the Mann Account, the account statement reflected a substantial balance. *See* Chart JPTO ¶71; DX-7C-H.  Each time Michael Mann requested a withdrawal from the BAM Account, its account statement also reflected a substantial balance. *See* Chart JPTO ¶72, DX5A-Q.  In January 2007, Michael Mann deposited $1,500,000 into the Mann Account.  A few months later, in March 2007, he withdrew $250,000 and he made his last withdrawal from the account of $2,000,000 in June 2007.  Objection to Trustee's Determination of Claim, Adv. Pro. No. 08-01789, ECF No. 461. The Defendants treated their accounts as ordinary brokerage accounts over the years without knowledge of any fraud.  The Trustee has never disputed that the Defendants received their withdrawals in good faith without knowledge of the fraud.

8.    When the fraud was revealed on December 8, 2008, the Defendants also became its victims.  Their family brokerage accounts, holding deposits and the reasonable appreciation which they might have earned with a legitimate broker, disappeared.  Defendants Michael Mann and Meryl Mann lost $7,192,467.45 representing the balance listed on the final monthly statement for the Mann Account, taking into account both securities and options. DX 7-A.  BAM L.P. lost $714,333.85, representing the balance listed on the final monthly statement from its broker for the BAM Account taking into account both securities and options.  DX 5-A; Objection to Trustee's Determination of Claim at Ex. B, Adv. Pro. No. 08-01789 ECF Nos. 461, 815.  The Manns also paid taxes of over $3 million on reported profits, which the Trustee now contends were false, for the years beginning 1996 through 2003 that were not refunded pursuant to the theft loss deduction under IRS Rev. Proc. 2009-20, 2009-14 I.R.C. Part III.  *See* JPTO ¶8.

3

9.      The Defendants were not the only targets of the Trustee.  The Trustee brought fraudulent transfers actions against approximately 1000 admittedly innocent customers as well as against numerous account holders who allegedly had knowledge of the fraud.  *See* Trustee's Twenty-Fourth Interim Report For The Period April 1, 2020 Through September 30, 2020, ¶53, ("24th Interim Report"), *In re BLMIS*, 08-01789-SMB filed October 28, 2020 [ECF No. 19896].[1] This adversary proceeding and the Defendants' claims were addressed for years, issue by issue, on a consolidated basis with hundreds of cases involving similarly-situated good-faith customers as demonstrated by the Trustee's Statement of Material Facts and the Defendants' counterstatements.

10.     It was not until August 2015 that the Trustee entered into the stipulation with the Defendants making the decision in *Picard v. Ida Fishman Rev. Trust*,773 F.3d 411 (2d Cir. 2014) applicable to this adversary after the Trustee's unsuccessful petition for writ of certiorari was denied in 2015 (cert. denied, 135 S. Ct. 2859 (2015) ) *see* Stipulation and Order ¶ 7, *Picard v. BAM L.P.,* Adv. Proc. No. 10-04390-CGM [ECF No. 46].  At that point, nearly five years after the complaint was originally filed, the nature and amount of the Trustee's only feasible claims were first defined.  Discovery and mediation conducted in accordance with the procedures established for all adversaries concluded in January 2017 [ECF No. 63].  Once all the pretrial matters had concluded in the Bankruptcy Court, as is the practice in this jurisdiction, the Defendants were able to pursue their right to a trial by jury in the District Court by moving to withdraw the reference. *Picard v. BAM L.P.,* No. 18-cv-09916 (S.D.N.Y.) ECF Nos. 1–2.

11.     The Defendants make no apology for pursuing the right to a jury trial.  By the time it was appropriate to seek withdrawal of the reference, the Defendants' objections to the Trustee's Determination of their claims had been resolved by the Net Equity Decision (*Sec. Inv'r. Prot.*

---

[1] For the Court's ease of reference, a copy of the 24th Interim Report is attached to the accompanying Declaration of Arthur. H. Ruegger, dated November 16, 2020.

4

*Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 654 F.3d 229, 241 (2d Cir. 2011) and the Time Based

Damages Decision (*In re Bernard L. Madoff Inv. Sec. LLC*, 779 F.3d 74, 80, 82 (2d Cir. 2015).

Their customer claims were disallowed. The Defendants' withdrawal of the claims at the invitation

of the Bankruptcy Court completed the process. The limited link between the claims resolution

procedure and the adversary proceeding that might have existed by virtue of a reference to the

separate claims-resolution process in the complaint had been severed. Under Second Circuit law,

a creditor's right to a jury trial depends not only upon whether the claimant filed a proof of claim,

but also upon whether the dispute in which it requested a jury trial implicates the claims allowance

process. *See Germain v. Connecticut Nat. Bank*, 988 F.2d 1323, 1330 (2d Cir. 1993). The

Bankruptcy Court disagreed and announced a time-of-filing rule. *See Picard v. BAM L.P.* 597 B.R.

466 (Bankr. S.D.N.Y 2019) and Judge Broderick denied leave to appeal and withdrawal of the

reference. *Picard v. BAM L.P.*, 612 B.R. 257 (S.D.N.Y. 2020).

12.    The Trustee's claim for prejudgment interest should also be considered in the

context of the SIPA case. The Trustee has fully satisfied 64% of the allowed claims without

interest. *See* 24th Interim Report, ¶2, *In re BLMIS*, 08-01789-SMB filed October 28, 2020 [ECF

No. 19896]. The Trustee opposed the upward adjustment of customer claims with interest or

inflation adjustment as a matter of law and equity. *See* Memorandum Of Law In Support Of

Trustee's Motion For An Order Affirming Trustee's Calculations Of Net Equity And Denying

Time-Based Damages dated October 12, 2012. [ECF No. 5039].

13.    Finally, the Trustee is holding nearly $1 billion in customer funds which he invests

in U.S. Treasuries and other low-rate investments.

14.    On these facts, the demand for interest at the state law rate of 9%, which the Trustee

has said is an unreasonable rate, should be denied.

## ARGUMENT

### A.   THE *WICKHAM* FACTORS WEIGH AGAINST PREJUDGMENT INTEREST

The Second Circuit stated in *Wickham Contracting Co. Inc. v. Local Union No. 3, Int'l Bhd. of Elec. Workers, AFL-CIO,*, 955 F.2d 831, 834 (2d Cir. 1992), that although discretionary awards of prejudgment interest are permissible under federal law in certain circumstances, the award should be a function of a number of factors:  (1) the need to fully compensate the wronged party for actual damages suffered, (ii) considerations of fairness and the relative equities of the award, (iii) the remedial purpose of the statute involved, and/or (iv) such other principles as are deemed relevant by the court.  The *Wickham* court cautioned that prejudgment interest should not result in over-compensation of the plaintiff, such as when the statute, as here, fixes damages deemed fully compensatory, *Id*.   Similarly, prejudgment interest is inappropriate when the defendants, like the Defendant here, acted innocently and did nothing wrongful, *Id.*   Finally, interest should not be awarded when there was a legitimate dispute about liability.  *Id*.  As shown below, each of these considerations serves as a basis for denying interest in this case.

### 1.   The Rationale For Awarding Prejudgment Interest Does Not Exist In This Case

The rationale for compensating the wronged party with prejudgment interest in the cases relied upon by the Trustee is directly based on the unlawful conduct of the defendant.  These cases demonstrate that courts in the Second Circuit award prejudgment interest in fraudulent transfer cases to compensate the plaintiff where the claims were brought against the wrongdoer or a knowing contributor to that wrongdoing.  Furthermore, the Trustee's cases are virtually all determined by state law, generally the New York Debtor and Creditor Law ("DCL"), which incorporates the mandatory provision for prejudgment interest under CPLR § 5001.  *See, e.g., Ball v. Sandview Cap. Mgmt Ltd.* (*In re Soundview Elite Ltd.* ), 594 B.R. 108 (Bankr. S.D.N.Y. 2018)

(claims against insiders of funds for breach of fiduciary duty and DCL incorporated by section 544 of the Bankruptcy Code); *CNB Int'l. v. Kelleher (In re CNB Int'l),* 393 B.R. 306 (Bankr. W.D.N.Y. 2008) (claim against lender with knowledge of fraudulent transfer and DCL); *In re 1031 Tax Group LLC,* 439 B.R. 84 (Bankr. W.D.N.Y. 2010)(claims against aiders and abettors of the fraudster); *Ackerman v. Kovac (In re All American Petrol Corp)* 259 B.R. 6 (Bankr. E.D.N.Y. 2001) (claim against president and sole shareholder of the debtor and DCL); *Geltzer v. Artists Mktg. Corp. (In re Cassandra Group)*, 338 B.R. 583 (Bankr. S.D.N.Y 2006)(claims against the parties responsible for the debtor's demise and DCL); *In re FKF 3, LLC*, No. 13 Civ. 3601 (JCM), 2018 WL 5292131, at *15 (S.D.N.Y. Oct. 24, 2018) (claims against the principals for conversion, breach of fiduciary duty and DCL); *Lyman Commerce Solutions, Inc. v. Lung,* No. 12 Civ. 4398 TPG, 2015 WL 4545089, at *4 (S.D.N.Y. July 16, 2015) (claims against principals who paid themselves huge bonuses and then dissolved the company, leaving creditors without funds, solely under the DCL). Although the Trustee tries to obscure the fact, he has a single claim under section 548(a)(1)(A) against the Defendants.

In the cases relied on by the Trustee, not only were the claims under state law or non-bankruptcy federal law, but the courts also justified prejudgment interest as needed to compensate the wronged party based on the egregious misconduct of the defendants. *See Fendi Adele SRL v. Burlington Coat Factory Warehouse Corp.*, 689 F. Supp 2d 584 (S.D.N.Y. 2010)(lawsuit based on long term violation of consent decree and trademark infringement); *S.E.C. v. First Jersey Securities, Inc.* 101 F.3d 1450 (2nd Cir. 1996) (defendant company and principal engaged in massive securities fraud inducing its customers to buy certain securities from the firm at excessive prices unrelated to prevailing market prices.); *Alfano v. CIGNA Life Ins. Co. of New York,* No. 07 Civ. 9661 (GEL), 2009 WL 890626, at *7 (S.D.N.Y. Apr. 2, 2009)(wrongful denial of disability benefits by the insurance company). In these cases, the courts have settled on interest rates to

7

enforce the remedial purpose of the statute in light of the defendants egregious behavior or settled

on a rate in accordance with practice in the area of law, rather than the federal post judgment rate.

*See, e.g., First Jersey Securities*, *Inc*. 101 F.3d at 1476 (applying the IRS underpayment rate in a

securities fraud case which is the rate the SEC uses when it orders disgorgement); *Fendi Adele*

*SRL,* 689 F. Supp. 2d 1450 (prejudgment interest based on willful violation of consent order and

Lanham Act cases).

### 2.    No Basis For Awarding Prejudgment Interest When Defendants Were Innocent

The facts of this case do not resemble the facts where Second Circuit courts have used their

discretion to award prejudgment interest.  Prejudgment interest should not be awarded because the

Defendants in this case acted innocently without knowledge of the fraud, took reasonable positions

throughout the litigation, and suffered their own losses as a result of the fraud.   Under similar

circumstances, courts generally decline to award interest.  *See Kramer v. Mahia (In re Khan*), 14-

MC-01674 (PKC), 2016 U.S. Dist. LEXIS 156284 *6-7 (E.D.N.Y. Nov. 10, 2016) (declining to

impose prejudgment interest in a case where the  transferor had not made the transfer with actual

intent to hinder, delay, or defraud her creditors or wrongfully retained or secreted away the

transferred funds.); *Carrier Corp. v. Buckley (In re Globe Mfg. Corp.),* 567 F.3d 1291, 1300 (11th

Cir. 2009) (affirming the bankruptcy court's denial of prejudgment interest where the defendant's

position was reasonable, that the parties' dispute was genuine and that there was no evidence that

either party was responsible for delaying the dispute's resolution.); *Menotte v. Oxyde Chemicals,*

*Inc. (In re JSL Chem. Corp.)*, 424 B.R. 573, 583 (Bankr. S.D. Fla.2010) ("Although the Court's

ruling in this matter favors the Trustee, the Defendant presented a colorable, if ultimately

unpersuasive, ordinary course of business defense.")

The only case cited by the Trustee where the court awarded prejudgment interest in litigation against an innocent recipient of a transfer in a Ponzi scheme is a case decided entirely under the DCL which incorporates the CPLR interest mandate. *See Moran v. Goldfarb*, No. 09 Civ. 7667 (RJS), 2012 WL 2930210, at *9 (S.D.N.Y. July 16, 2012).

In short, neither the Second Circuit precedent nor any other relevant authority support any award of prejudgment interest here.

## B.    THE BANKRUPTCY STATUTE FIXES DAMAGES AT THE AMOUNT OF THE TRANSFER

The applicable bankruptcy statute, section 550, fixes damages at the return of property transferred or its equivalent value.  Pursuant to the Bankruptcy Code, if it is established that a transfer or obligation is avoidable under section 548, section 550 prescribes the remedy.  The statute limits the recovery to the property transferred or the value of that property.   The plain language of the provision does not include an upward adjustment.  There is no statutory equivalent to the CPLR under state law for the claim under section 548(a)(1)(A), which is the only claim the Trustee had authority to assert.

Courts generally agree the "value" alternative in section 550(a) actually only affords the bankruptcy court discretion to award the trustee either the actual fraudulently transferred property or its pre-transfer value where the property transferred is not money and presents practical issues for the trustee to recover and/or manage.. *See, e.g., Jones v. Brand Law Firm, P.A. (In re Belmonte*), 931 F.3d 147, 154 (2d Cir. 2019) (section 550(a) authorizes the Trustee to pursue recovery from all available sources until the full amount of unlawfully transferred property is fully realized for the estate's creditors"); *Reid v. Wolf (In re Wolf)*, 595 B.R. 735, 788 (Bankr. N.D. Ill 2018) (trustee may properly elect a monetary recovery under section 550(a) instead of the transferred business); *In re Bruno Machinery Corp.,* 569 B.R. 819 (Bankr. N.D.N.Y. 2010)

9

(avoidance nullifies the transfer; a recovery under section 550 forces the transferee to return the property or its value); *Littleton v. Lanac Invs. LLC (In re Kudzu Marine, Inc.)*, 569 B.R. 192 (Bankr. S.D. Ala. 2017) (listing practical factors for determining whether to take property [a barge] in satisfaction or its value); *Joseph v. Madray (In re Brun)*, 360 B.R. 669, 674 (Bankr. C.D. Cal. 2007) ("When the value of property is recovered, as opposed to the property itself, the term "value" refers to fair market value."); *In re Centennial Textile, Inc.*, 220 B.R. 165 (Bankr. S.D.N.Y. 1998) (same as to shares).    Prejudgment interest in addition to the statutory damages would overcompensate the Trustee under the terms of section 550.

In contrast, claims brought under the DCL are subject to an express authorization to add interest to the judgment under the CPLR.  CPLR § 5001(a) mandates the award of interest.[2] CPLR §§ 5001(b) and (c) address the date of computation. CPLR § 5004 fixes the rate.  The state law scheme is inapplicable under section 548 and 550.

## C.    THERE IS NO PRECEDENT FOR THE AWARD OF PREJUDGMENT INTEREST IN THIS CASE

### 1.    The Trustee Has Not Sought Prejudgment Interest In Cases Other Than *Nelson*

There is no legitimate precedent in this liquidation proceeding for the award of prejudgment interest.  The Defendants are unaware of a single case in this Liquidation Proceeding (other than the *Nelson* case), resolved by settlement or litigation, where the Trustee sought and was awarded prejudgment interest.  The Trustee cites *Picard v. Lowrey*, Adv. Pro. No. 10-04387 (SMB), 2018 WL 1442312, at *15 (Bankr. S.D.N.Y. Mar. 22, 2018) ("*Lowrey I*") adopted by 596

---

[2] CPLR § 5001(a) provides:

> (a) Actions in which  recoverable. Interest **shall** be recovered upon a sum awarded because of a breach of performance of a contract, or because of an act or omission depriving or otherwise interfering with title to, or possession or enjoyment of, property, except that in an action of an equitable nature, interest and the rate and date from which it shall be computed shall be in the court's discretion. (emphasis added).

B.R. 451 (S.D.N.Y. 2019) ("*Lowrey II*"), aff'd sub nom. 2020 WL 5666677 (2d Cir. Sept. 24,

2020) ("*Lowrey III*") for the general principle that the court has wide discretion in determining

whether to award prejudgment interest and the rate. Trustee's Memorandum Of Law In Support

Of Summary Judgment Motion For Prejudgment Interest, 10-04390-CGM [ECF No. 237], filed

10/19/20, at p.15. However, the judgment in the *Lowrey* case did not include prejudgment interest.

The Trustee had the opportunity to seek prejudgment interest, but chose not to. *See Picard v.*

*Lowrey*, 18-cv-5433 (PAE) Feb. 8, 2019 [ECF 30] (Judgment solely in the amount of two-year

liability). It should be noted that the *Lowrey* defendants have been no less diligent in pursuing

their rights than the Defendants in this case and they continue to pursue the value defense under

section 548(c) on a petition for rehearing of the Second Circuit decision. *See Picard v. Gettinger*,

No. 19-0429-bk-L (September 24, 2020).

The Trustee has not sought prejudgment interest in other cases where the Court has ordered

judgment on the two year transfers. *See Picard v. Cohen*, 16-cv-5513 (LTS) Judgment dated Feb.

27 2017 [ECF. No. 26] (Judgment in the amount of two-year liability without interest); *Picard v.*

*Marilyn Bernfeld Trust et al.*, Adv. Pro. No. 10-05143 (SMB) [ECF No.29](judgment signed on

5/18/2016 in amount of transfers $498,911 without interest.)(subsequently reopened and

dismissed). The departure from the Trustee's usual practice is not justified for the Mann

Defendants.

### 2.    The *Nelson* Case Is At Odds With Second Circuit Law

The award of prejudgment interest in *Nelson* case and at the state law rate is not legitimate

precedent for several reasons. At a minimum, the *Nelson* award of interest would have been

subject to review by an appellate and remand because the Court's Order, obviously prepared by

the Trustee, failed to provide a rationale for the award of prejudgment interest. In this Circuit, the

court must articulate and explain its reasons for any decision regarding prejudgment interest.

11

*Kittay v. Korff (In re Palermo)*, 739 F.3d 99 (2d Cir. 2014) (vacating the award of prejudgment and remand for explanation of the award). *See also Henry v. Champlain Enters., Inc.*, 445 F.3d 610, 623 (2d Cir. 2006) (vacating the award of prejudgment interest because the court failed to explain and articulate its reasons for any decision regarding prejudgment); *Hechinger Inv. Co. of Del., Inc. v. Universal Forest Prods. (In re Hechinger Inv. Co. of Del., Inc.)*, 489 F.3d 568 (3rd Cir. 2007)(remanding denial of prejudgment interest where court failed to explain its rationale.). In the *Nelson* case, the Court did not explain its rationale for awarding prejudgment interest, but the defendants did not seek review.

More important, the state law rate of interest imposed in the *Nelson* case is at odds with the Second Circuit law on prejudgment interest.  In the *Palermo* case the Second Circuit approved a framework for determining what rate of interest should apply that would call for, at best for the Trustee, a federal interest rate:"  The Court stated:

> The question of whether prejudgment interest should be awarded in an avoidance and recovery action brought under federal bankruptcy law is an open one in our Court.  Many of the courts in this Circuit look to the source of the law underlying plaintiff's claims: claims that arise out of federal law are governed by federal rules, claims arising out of state law are governed by state rules. (citations omitted).  We agree this is the proper framework for the analysis."

*In re Palermo,* 739 F.3d at 107; *see also Goldman Sachs Execution & Clearing, L.P. v. The Official Unsecured Creditors' Comm.*, No. 10 Civ. 5622, 2011 WL 2224629, at *2 (S.D.N.Y. May 31, 2011) (if a case "ar[ises] under federal bankruptcy law[,] ... the federal interest rate should apply"), aff'd, 491 Fed.Appx. 201, 206 (2d Cir. 2012) (summary order).

### 3.    The Federal Post Judgment Rate Should Apply

The case against the Defendants arises solely under a federal statute 11 U.S.C. § 548(a)(1)(A).  Therefore, if the Court determines that prejudgment interest is appropriate, federal law should apply.  28 U.S.C. section 1961 fixes a rate for post judgment interest that would be

applicable for prejudgment interest, if the Court determines to award it. The section provides: "Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." The current rate is slightly above .18%. This is the appropriate rate for an award of prejudgment interest in those cases arising under federal law in a case where prejudgment interest is appropriate. If interest is awarded, it is the appropriate rate in this case because it is the rate earned by the Trustee on the $1 billion in customer funds he is currently holding.

As shown above, the cases relied upon by the Trustee as to the rate of any prejudgment interest actually prove Defendant's point -- that any applicable rate should be the federal rate. The Trustee's cases are not Section 548(a)(1)(A) cases. Instead, the Trustee's cases are based solely on New York substantive law, either directly under New York Debtor and Creditor law or through section 544, where the courts expressly relied on that New York law for the rate, or the cases are not fraudulent transfer cases at all. The Trustee's effort to replace a well-established legal framework in section 548(a)(1)(A) cases with a test based on the location of the action is an unprecedented stretch.

The Trustee took a radically different view of the application of the state law rate for prejudgment interest under the CPLR in his vehement opposition to adjustment of customer claims using New York's prejudgment rate of 9%, lost opportunity costs or the consumer price index to take inflation into account, collectively referred to as "Time Based Damages"). *See* Memorandum Of Law In Support Of Trustee's Motion For An Order Affirming Trustee's Calculations Of Net

Equity And Denying Time-Based Damages, dated October 12, 2012. *In re BLMIS*, 08-01789-

SMB [ECF No. 5039] (the "Trustee 10/12/2012 Memorandum").[3]

At that point, the Trustee recognized that state law was not applicable to federal claims as follows:

> New York's C.P.L.R. § 5001 is inapplicable here in any event. It applies only to the state law causes of action referenced in it. *See Mfg'rs. Hanover Trust Co. v. Drysdale Sec. Corp.*, 801 F.2d 13, 28 (2d Cir. 1986) (reversing lower court because prejudgment interest under NY CPLR § 5001 is not applicable to federal securities laws claims, only to New York state law claims). SIPA is not a New York state law.

Trustee 10/12/2012 Memorandum at n. 9.

Moreover, the Trustee blasted the 9% rate of interest as "unreasonable":

> Even if prejudgment interest could attach in these circumstances, the 9% rate set forth under New York law is unreasonable and the Trustee would be well within his discretion to reject it. A court within the Second Circuit recently rejected the 9% rate, noting that it is "an absurd judgment rate in this day and age for any claim." *Sriraman v. Patel*, 761 F. Supp. 2d 23, 26-27 (E.D.N.Y. 2011). While it may have been reasonable when first enacted in 1981, when the federal funds rate was as high as 19.1%, it is not under current conditions, which include a federal funds rate that has been running at less than 1% for years.

*Id.* at n.10.

## D.    THE DEFENDANTS' LIABILITY HAS ALWAYS BEEN SUBJECT TO LEGITIMATE DISPUTE

The Trustee's contention that the Defendants should have known they were liable when the Trustee filed his avoidance actions against the Defendant in 2010 and just capitulated is untenable for several reasons.

First, the Defendants could legitimately question the validity and viability of the Trustee's lawsuits because prior to the initiation of the lawsuits in this SIPA proceeding, to the best of the

---

[3] For the Court's ease of reference, a copy of the Trustee 10/12/2012 Memorandum is attached to the accompanying Declaration of Arthur H. Ruegger.

Defendants' knowledge, no SIPA trustee had pursued a recovery against hundreds of innocent customers of a defrauding broker.

Second, the Defendants have had legitimate defenses under sections 546(e), 548(a)(1) and 548(c) of the Bankruptcy Code. These defenses are not lost because the cases may be called "strict liability" cases. The term, which the Trustee deliberately misuses, applies to initial transferees under section 550(a)(1) after and "to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553(b), or 724." 11 U.S.C. § 550(a)(1); *Christy v. Alexander & Alexander Inc. (In re Finley Kumble Wagner Heine Underberg Manley Myerson Casey*), 130 F3d 52, 59 (2d Cir. 1997)(section 550(a)(1) holds initial transferees strictly liable for any avoided transfer); *Re Dot Scenic, Inc.*, 293 B.R. 116, 121 (S.D.N.Y. 2003).[4] The Trustee vilifies the Defendants for pursing their legitimate rights.

Third, contrary to the Trustee's assertion the outcome of his lawsuit was a certainty, there have been legitimate disputes throughout the pendency of this case concerning the nature and extent of liability. These disputes and the consolidated protocols used throughout the pendency of the cases to address them have been detailed in the accompanying Defendants' Objections, Responses And Counterstatements Of Material Facts Pursuant To Fed. R. Civ. P. 56, Fed. R. Bankr. P. 7056 And Local Rule 7056-1 To Trustee's Statement Of Material Facts. The decision in *Picard v. Greiff , (In re Madoff Sec.),* No. 12 MC 115 (JSR), 476 B.R. 715 (S.D.N.Y. Apr. 15, 2013), to cite one example, was the product of a consolidated protocol involving hundreds of adversary proceedings. It was affirmed by the Second Circuit in *Picard v. Ida Fishman Rev. Trust*, 773 F.3d 411 (2d Cir. 2014). It was finally resolved by the Supreme Court denied the Trustee's

---

[4] The Declaration of Nicholas Cremona in Support of the Trustee's Motion for Summary Judgment relies on colloquy at various hearings between the Court and defense counsel when the Court referred to the avoidance actions as 'strict liability" or "almost strict liability." The colloquies are not holdings.

petition for certiorari , 135 S. Ct. 2859 (2015).  This decision that radically changed the scope and nature of the Trustee's claim against the Defendants took nearly 5 years to resolve.  The Trustee and the unique process of resolving issues have contributed to the length of time that this case has been pending.

The issues in this adversary proceeding have been in legitimate dispute until trial in September 2020.  Accordingly, if interest is imposed it should be imposed at the federal interest rate from the date of the pretrial order to the date of payment.  *See Ames Merch. Corp. v. Cellmark Paper Inc. (Ames Dep't Stores, Inc.),* 450 B.R. 24 (Bankr. S.D.N.Y 2011) (interest only for the period from the time of submission of the pretrial order to its payment of the amount found to be preferential).

<u>**CONCLUSION**</u>

The Trustee's effort to create new law in this case should not be allowed.  The Defendants respectfully respect that the Court deny the Trustee's request for an award of prejudgment interest.

Dated: November 16, 2020
      New York, New York

**DENTONS US LLP**

  /s/  *Arthur H. Ruegger*
      Arthur H. Ruegger
Carole Neville
1221 Avenue of the Americas
New York, New York 10020
Tel: (212) 768-6700
Fax: (212) 768-6800
Email: arthur.ruegger@dentons.com
       carole.neville@dentons.com

*Attorneys for Defendants*