**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: 212.589.4200
Facsimile: 212.589.4201
David J. Sheehan
Oren J. Warshavsky

*Attorneys for Irving H. Picard,
Trustee for the Substantively Consolidated SIPA
Liquidation of Bernard L. Madoff Investment
Securities LLC and the Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>Plaintiff,<br><br>v.<br><br>HSBC BANK PLC, *et al.*,<br><br>Defendants. | Adv. Pro. No. 09-01364 (SMB) |

**MOTION FOR THE ISSUANCE OF LETTER OF REQUEST**

1.  Irving H. Picard (the "Trustee"), trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS"), under the Securities Investor Protection Act ("SIPA"), substantively consolidated with the chapter 7 estate of Bernard L. Madoff, through the Trustee's attorneys, Baker & Hostetler LLP, respectfully submits this Motion for the Issuance of a Letter of Request for International Judicial Assistance to Le Procureur Général d'État of the Grand Duchy of Luxembourg for the service of document requests upon HSBC Securities Services (Luxembourg) S.A. ("HSSL"), a Luxembourg entity.

2.  This application is made pursuant to 28 U.S.C. § 1781, this Court's inherent authority, and in light of the comity between the United States and Luxembourg. Service will be effected pursuant to the *Hague Convention of 18 March 1970 of the Taking of Evidence Abroad in Civil or Commercial Matters*, to which the United States and Luxembourg are signatories.

3.  HSSL is a defendant in this action, and was a party to the appeal of this Court's order concerning the extraterritorial application of SIPA. It has not yet participated in a Rule 16 conference and is not yet subject to discovery under the Federal Rules of Civil Procedure. Through the proposed Letter of Request, the Trustee is pursuing discovery from HSSL in connection with his claims against defendant Alpha Prime Fund Limited, for which HSSL acted as a service provider. In filing this application and in seeking evidence from HSSL pursuant to the Hague Convention, the Trustee does not waive and specifically reserves his right to pursue discovery from HSSL under the Federal Rules of Civil Procedure.

## FACTUAL BACKGROUND AND NEED FOR DOCUMENTS

**Madoff's Ponzi Scheme and Alpha Prime's Connection to BLMIS**

4. Madoff, through the investment advisory business of BLMIS, conducted a decades-long Ponzi scheme of breathtaking scale. (*See* Trustee's Second Amended Complaint filed on September 24, 2019 ("SAC") ¶¶ 27-37 (ECF No. 567).)

5. Sonja Kohn, an Austrian investment professional with personal and professional ties to Madoff, recruited new European investors to BLMIS. In 1993, Stefan Zapotocky, the head of UniCredit Bank Austria AG's ("Bank Austria") securities department, hired Kohn as an advisor and consultant. (*Id.* ¶¶ 39, 41, 43.)

6. Kohn introduced Zapotocky and other Bank Austria executives to Madoff. Following this introduction, Kohn and Zapotocky established Primeo Fund ("Primeo"), one of the many BLMIS feeder funds with which the two were ultimately associated. (*Id.* ¶ 44.)

7. Primeo was hugely successful for its founders. An outgrowth of this success was the creation of a network of additional feeder funds whose sole purpose was also to direct investments into BLMIS. Alpha Prime was one such fund. (*Id.* ¶ 45.)

8. Created in March 2003, Alpha Prime was designed to mimic Primeo in every respect; it was designed as a "clone" of Primeo. Alpha Prime and Primeo shared not only a common broker and investment strategy, but were founded, serviced, and managed by the same individuals: Kohn, Zapotocky, Ursula Radel-Leszczynski, Nigel Fielding, and Peter Fischer (the "Directors"). (*Id.* ¶ 46.)

9. During the six years preceding the Filing Date, BLMIS made transfers to Alpha Prime totaling at least $83,170,000. Of that amount, pursuant to a Partial Settlement Agreement, Alpha Prime returned $76,450,000 in two-year transfers. The Trustee seeks to avoid and recover

$6,720,000 (the "Six-Year Transfers") under section 544 of the Bankruptcy Code and applicable provisions of the NYDCL, particularly §§ 273-277, and of SIPA, particularly § 78fff-2(c)(3). The Six-Year Transfers were, and continue to be, customer property within the meaning of SIPA § 78*lll*(4) and are avoidable and recoverable under sections 548, 550, and 551 of the Bankruptcy Code, and applicable provisions of SIPA. (*Id.* ¶¶ 6, 184, 186.)

10. On or about February 2, 2009, Alpha Prime filed a customer claim with the Trustee that the Trustee designated as Claim No. 001503 (the "Customer Claim"). The Customer Claim asserted that Alpha Prime is entitled to the allowance of a customer claim in an amount reflected on its BLMIS account statement for the period ending November 30, 2008. Alpha Prime subsequently agreed that its Customer Claim is limited to its net equity, $250,671,000. As part of the Partial Settlement Agreement, the Trustee allowed Alpha Prime's Customer Claim in an amount equal to 95% of Alpha Prime's net equity, or $238,137,450. The Trustee seeks to have the remaining five percent of the Customer Claim disallowed and/or equitably subordinated. (*Id.* ¶ 187.)

**Alpha Prime's Service Providers, including HSSL, Have Relevant Documents**

11. In addition to entities formed by Kohn, including BA Worldwide Fund Management Limited and Bank Medici AG, various HSBC entities acted as service providers to Primeo and Alpha Prime. (*Id.* ¶¶ 50, 53-54, 56.) The Directors appointed HSBC Bank Bermuda ("HBOB") as Alpha Prime's administrator and custodian. (*Id.* ¶ 62.) By a January 2007 novation, Alpha Prime appointed HSBC Securities Services (Bermuda) Ltd. ("HSSB") its administrator and HSBC Institutional Trust Services (Bermuda) Limited ("HITSB") its custodian. (*Id.*) HBOB, HSSB, and HITSB delegated their duties to HSSL which, as a result, was appointed Alpha Prime's sub-administrator and sub-custodian. (*Id.*) HSSL was also

Primeo's custodian and sub-administrator. (*Id.* ¶ 57.)

12. In addition to Primeo and Alpha Prime, HSSL, HBOB, HSSB, and HITSB acted as a custodian, sub-custodian, administrator or sub-administrator of other BLMIS feeder funds, including Hermes International Fund, Thema International Fund, Herald Fund SPC, and Herald (Lux) SICAV. (*Id.* ¶¶ 56, 58, 62.)

13. As a result of its many ties to BLMIS, HSBC—including HSSL—performed significant amounts of due diligence over several years. (*See, e.g.*, *id.* ¶¶ 295, 299, 305-312.) The Alternative Fund Services ("AFS") division of HSSL directed much of HSBC's due diligence on BLMIS, including visits to BLMIS by Nigel Fielding and Brian Pettitt and several internal meetings where HSBC's identification of red flags was discussed. (*See, e.g.*, SAC ¶¶ 150, 152-156, 162, 172, 174-177.)

14. HSSL also performed due diligence on Primeo and Alpha Prime. This due diligence included tracking the purported securities trades shown on BLMIS customer statements and trade confirmation alongside publicly available market data. That purported trading activity consistently showed impossible trades. (*Id.* ¶¶ 79, 108.)

15. Documents in the Trustee's possession, including statements from HSSL employees submitted in *Primeo Fund (In Official Liquidation) v. Bank of Bermuda (Cayman) Limited, HSBC Security Services (Luxembourg) SA,* Cause No. FSD 30 of 2013 (AJJ), identify further documents created and maintained by HSSL that reflect the work performed by HSBC in relation to Primeo, Alpha Prime, and BLMIS.

16.     HSBC's communications, reports, records, and analysis on BLMIS's operations and trading activity that are within HSSL's possession are relevant to the Trustee's allegations of Alpha Prime's knowledge of BLMIS

17.     For example, Mr. Fiorino, an employee of HSSL, performed a detailed analysis of BLMIS's trading strategy and performance to assess whether the strategy would be compatible with foreign regulations.

18.     In addition, HSSL's Accounting and Valuation department received BLMIS account statements and trade confirmations for the Primeo and Alpha Prime accounts, and created numerous records, checklists, and pricing checks based on its review of those documents and maintained those records and checks on HSSL's databases.

19.     This Letter of Request is part of the Trustee's efforts to obtain documentary evidence regarding Alpha Prime's knowledge of fraud at BLMIS. The Trustee believes that these documents will reflect HSBC's knowledge, and as Alpha Prime's agent, HSBC's knowledge is imputed to Alpha Prime.

20.     The documents sought are directly relevant to the Trustee's allegations in the ongoing proceedings and intended for use at trial to support the Trustee's claims to avoid and recover fraudulent transfers to Alpha Prime, to subordinate Alpha Prime's Customer Claim. This evidence is essential for the Trustee to fulfill his statutory mandate to maximize recovery of customer property for the ultimate benefit of all of Madoff's defrauded victims.

## CONCLUSION

21.     For the above reasons, the Trustee believes that the proposed Letter of Request (Exhibit 1) is just and appropriate and respectfully requests that the Court issue such Letter of Request to the indicated Judicial Authority.

Dated:  New York, New York
        November 16, 2020

*/s/ Oren J. Warshavsky*
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone:  212.589.4200
Facsimile:  212.589.4201
David J. Sheehan
Oren J. Warshavsky

*Attorneys for Irving H. Picard,*
*Trustee for the Substantively Consolidated SIPA*
*Liquidation of Bernard L. Madoff Investment*
*Securities LLC and the Estate of Bernard L.*
*Madoff*