**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: 212.589.4200
Facsimile: 212.589.4201
David J. Sheehan
Oren J. Warshavsky

*Attorneys for Irving H. Picard,*
*Trustee for the Substantively Consolidated SIPA*
*Liquidation of Bernard L. Madoff Investment*
*Securities LLC and the Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>　　　　Plaintiff-Applicant,<br><br>　　　　v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>　　　　Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>　　　　Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>HSBC BANK PLC, *et al.*,<br><br>　　　　Defendants. | Adv. Pro. No. 09-01364 (SMB) |

**MOTION FOR THE ISSUANCE OF LETTER OF REQUEST**

1.  Irving H. Picard (the "Trustee"), trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS"), under the Securities Investor Protection Act ("SIPA"), substantively consolidated with the chapter 7 estate of Bernard L. Madoff, through the Trustee's attorneys, Baker & Hostetler LLP, respectfully submits this Motion for the Issuance of a Letter of Request for International Judicial Assistance to Bundesministerium für Verfassung, Reformen, Deregulierung und Justiz of Austria for the service of document requests upon UniCredit Bank Austria AG ("Bank Austria"), an Austrian entity.

2.  This application is made pursuant to 28 U.S.C. § 1781, this Court's inherent authority, and in light of the comity between the United States and Austria.

3.  Bank Austria is a foreign entity and a non-party in this action. Thus, this Letter of Request provides the only means of compelling discovery from Bank Austria.

**FACTUAL BACKGROUND AND NEED FOR DOCUMENTS**

**Madoff's Ponzi Scheme and Alpha Prime's Connection to BLMIS**

4.  Madoff, through the investment advisory business of BLMIS, conducted a decades-long Ponzi scheme of breathtaking scale. (*See* Trustee's Second Amended Complaint filed on September 24, 2019 ("SAC") ¶¶ 27-37 (ECF No. 567).)

5.  Sonja Kohn, an Austrian investment professional with personal and professional ties to Madoff, recruited new European investors to BLMIS. In 1993, Stefan Zapotocky, the head of Bank Austria's securities department, hired Kohn as an advisor and consultant. (*Id.* ¶¶ 39, 41, 43.)

6. Kohn introduced Zapotocky and other Bank Austria executives to Madoff. Following this introduction, Kohn and Zapotocky established Primeo Fund ("Primeo"), one of the many BLMIS feeder funds with which the two were ultimately associated. (*Id.* ¶ 44.)

7. Primeo was hugely successful for its founders. An outgrowth of this success was the creation of a network of additional feeder funds whose sole purpose was also to direct investments into BLMIS. Alpha Prime was one such fund. (*Id.* ¶ 45.)

8. Created in March 2003, Alpha Prime was designed to mimic Primeo in every respect; it was designed as a "clone" of Primeo. Alpha Prime and Primeo shared not only a common broker and investment strategy, but were founded, serviced, and managed by the same individuals: Kohn, Zapotocky, Ursula Radel-Leszczynski, Nigel Fielding, and Peter Fischer (the "Directors"). (*Id.* ¶ 46.)

9. During the six years preceding the Filing Date, BLMIS made transfers to Alpha Prime totaling at least $83,170,000. Of that amount, pursuant to a Partial Settlement Agreement, Alpha Prime returned $76,450,000 in two-year transfers. The Trustee seeks to avoid and recover $6,720,000 (the "Six-Year Transfers") under section 544 of the Bankruptcy Code and applicable provisions of the NYDCL, particularly §§ 273-277, and of SIPA, particularly § 78fff-2(c)(3). The Six-Year Transfers were, and continue to be, customer property within the meaning of SIPA § 78*lll*(4) and are avoidable and recoverable under sections 548, 550, and 551 of the Bankruptcy Code, and applicable provisions of SIPA. (*Id.* ¶¶ 6, 184, 186.)

10. On or about February 2, 2009, Alpha Prime filed a customer claim with the Trustee that the Trustee designated as Claim No. 001503 (the "Customer Claim"). The Customer Claim asserted that Alpha Prime is entitled to the allowance of a customer claim in an amount reflected on its BLMIS account statement for the period ending November 30, 2008.

Alpha Prime subsequently agreed that its Customer Claim is limited to its net equity, $250,671,000. As part of the Partial Settlement Agreement, the Trustee allowed Alpha Prime's Customer Claim in an amount equal to 95% of Alpha Prime's net equity, or $238,137,450. The Trustee seeks to have the remaining five percent of the Customer Claim disallowed and/or equitably subordinated. (*Id.* ¶ 187.)

**Bank Austria Has Relevant Documents**

11. In January 1994, Zapotocky signed Primeo's BLMIS account opening documents. (*Id.* ¶ 48.)

12. Kohn and Zapotocky were the architects of Primeo's structure and appointed service providers to form the enterprise that operated Primeo and Alpha Prime, including BA Worldwide Fund Management Limited ("BA Worldwide"), a Bank Austria affiliated company. (*Id.* ¶¶ 49-50.)

13. Bank Austria held 100% of Primeo's voting rights and the exclusive right to appoint Primeo's directors. This allowed Zapotocky to appoint himself to Primeo's board of directors and stock it with high-level managers from Bank Austria, including his colleagues, Fischer and Radel-Leszczynski. Zapotocky, Fischer, Radel-Leszczynski, and Kohn later became directors of Alpha Prime. (*Id.* ¶ 52.)

14. Bank Austria was involved in performing due diligence on BLMIS's purported trading activity. In 2001, Bank Austria directed BA Worldwide to initiate a "plausibility control" procedure for every transaction BLMIS purportedly entered into on behalf of Primeo, Thema International Fund plc, and later Alpha Prime. This due diligence included tracking the purported securities trades shown on BLMIS customer statements and trade confirmations alongside publicly available market data. That purported trading activity consistently showed

4

impossible trades. (*Id.* ¶¶ 85-88.)

15. In June 2003, just as Alpha Prime was opening its BLMLIS account, Bank Austria issued an audit report regarding its relationship with BLMIS. The audit report highlighted several areas of concern, including the lack of a written agreement between BLMIS and BA Worldwide and BA Worldwide's inability to verify the existence of assets held by BLMIS. (*Id.* ¶¶ 157-58.)

16. At a June 2003 Primeo board meeting attended by the various Bank Austria executives that composed Primeo's board, Radel-Leszczynski informed the board of the issues the audit report raised. The board was so alarmed by these concerns that the immediate response was "to terminate the relationship with Madoff." (*Id.* ¶¶ 159-60.)

17. Documents in the Trustee's possession identify further documents created and maintained by Bank Austria that reflect the work performed by Bank Austria in relation to Primeo, Alpha Prime, and BLMIS.

18. Communications involving Bank Austria officials and Bank Austria's reports, records, and analysis on BLMIS's operations and trading activity that are within Bank Austria's possession are relevant to the Trustee's allegations of Alpha Prime's knowledge of fraud at BLMIS.

19. For example, Bank Austria's audit reports identified numerous areas of concern regarding BLMIS's purported trading and operations. These audit reports were reviewed by Alpha Prime's directors.

20. This Letter of Request is part of the Trustee's efforts to obtain documentary evidence regarding Alpha Prime's knowledge of fraud at BLMIS. The Trustee believes that these documents will indicate that numerous concerns regarding BLMIS were identified by Bank

5

Austria employees and reported to Alpha Prime's directors.

21.     The documents sought are directly relevant to the Trustee's allegations in the ongoing proceedings and intended for use at trial to support the Trustee's claims to avoid and recover fraudulent transfers to Alpha Prime and to subordinate Alpha Prime's Customer Claim. This evidence is essential for the Trustee to fulfill his statutory mandate to maximize recovery of customer property for the ultimate benefit of all of Madoff's defrauded victims.

## CONCLUSION

22.     For the above reasons, the Trustee believes that the proposed Letter of Request (Exhibit 1) is just and appropriate and respectfully requests that the Court issue such Letter of Request to the indicated Judicial Authority.

| | |
|---|---|
| Dated:  New York, New York<br>        November 17, 2020 | /s/ Oren J. Warshavsky<br>Baker & Hostetler LLP<br>45 Rockefeller Plaza<br>New York, New York 10111<br>Telephone: 212.589.4200<br>Facsimile: 212.589.4201<br>David J. Sheehan<br>Oren J. Warshavsky<br><br>*Attorneys for Irving H. Picard,*<br>*Trustee for the Substantively Consolidated SIPA*<br>*Liquidation of Bernard L. Madoff Investment*<br>*Securities LLC and the Estate of Bernard L.*<br>*Madoff* |