UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br> Defendant. | Adv. Pro. No. 08-01789-BRL <br><br> SIPA Liquidation |

Non-party Royal Bank of Canada ("**RBC**"), by and through its attorneys, Katten Muchin Rosenman LLP, pursuant to Federal Rule of Civil Procedure 45(c)(2)(B), made applicable to this proceeding under Federal Rule of Bankruptcy Procedure 9016, hereby states its objections and responses to Plaintiff's Subpoena for a Rule 2004 Examination, dated August 14, 2009 (the "**Subpoena**").

## GENERAL STATEMENT

1. RBC's responses are based upon information presently known to RBC. RBC reserves the right to supplement or amend these responses in the event that additional responsive material is located. Should RBC supplement or amend its response to any document request, by agreement or otherwise, RBC reserves the right to assert any applicable objection, privilege or other protection in connection with such supplementation or amendment.

2. RBC's responses do not include information that is subject to attorney-client privilege or is protected attorney work product. Any production, inadvertent or otherwise, of any information protected from disclosure by virtue of any applicable privilege, doctrine or other protection, including under the law of any foreign nations rendered applicable based on the

location of otherwise responsive material, shall not be deemed or construed to constitute a waiver of any rights or privileges or other protection, and shall not prejudice the right of RBC to object to any subsequent use of such information. RBC reserves the right to demand the return of any such document, and any copies thereof, and the destruction of any materials that contain information derived from any such document.

3. RBC's responses to the document requests contained in the Subpoena shall not be deemed to constitute admissions that: (i) any particular document exists or is discoverable; or (ii) any statement or characterization in the Subpoena is accurate or complete.

## **OBJECTIONS**

Each and every request for production is subject to the objections set forth below.

1. RBC objects to each document request to the extent that it seeks documents that are protected by the attorney-client privilege or the attorney work product doctrine, or that were created, compiled or obtained in anticipation of litigation.

2. RBC objects to each document request to the extent that it requires the production of documents protected by statutory, regulatory or similar restrictions on disclosure.

3. RBC objects to each document request to the extent that it calls for the production of documents that are within the custody and control of other parties or affiliated entities and not RBC.

4. RBC objects to each document request to the extent that it calls for the production of documents that are located within non-U.S. jurisdictions that do not permit, by law, the production of confidential information without the authorization of either RBC's clients or relevant government authorities.

5.  RBC objects to each document request, as well as the Definitions and/or Instructions in the Subpoena, on the grounds that: (i) they seek to impose requirements and obligations in excess of those required or authorized by any applicable law or rules; and (ii) they are vague and ambiguous.

6.  RBC objects to each document request to the extent that it seeks the production of documents that are already in the possession, custody or control of, or are otherwise available to Plaintiff, and/or documents which may be obtained directly from the parties to this adversary proceeding.

7.  RBC objects to each document request to the extent that it seeks the production of documents generated after the commencement of the SIPA proceeding against Bernard L. Madoff Securities LLC.

8.  RBC notes that certain document requests seek the production of documents relating to actual or proposed investments which may or may not have been made by RBC employees, principals, partners, limited partners, members, shareholders, owners, or even their respective immediate family members. As such, RBC objects to these document requests on the grounds that they are vexatious, grossly overbroad, overly burdensome, oppressive and unreasonable.

9.  RBC objects to each document request to the extent that it seeks confidential business information, proprietary information and/or trade secrets of RBC.

10. RBC objects to each document request to the extent it is ambiguous, vague or otherwise incomprehensible.

11. RBC objects to each document request to the extent that it is duplicative of other document requests, and/or seeks production of multiple forms of documents containing identical or similar information.

\* \* \*

Subject to and without waiving the foregoing objections, RBC will produce documents responsive to the Subpoena.

Dated: September 30, 2009
New York, New York

KATTEN MUCHIN ROSENMAN LLP

BY: _____
Jeff J. Friedman
jeff.friedman@kattenlaw.com
575 Madison Avenue
New York, New York 10022
(212) 940-8800

*Attorneys for Non-Party*
*Royal Bank of Canada*

TO: Brian K Esser, Esq.
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111

*Counsel for Irving H. Picard, Esq., Trustee for the liquidation of Bernard L. Madoff Investment Securities*