**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>FAIRFIELD SENTRY LIMITED, *et al.*,<br><br>         Debtors in Foreign Proceedings. | Chapter 15 Case<br><br>Case No. 10-13164<br><br>Jointly Administered |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, as assignee of Fairfield Sentry Limited,<br><br>         Plaintiff,<br><br>         v.<br><br>FAIRFIELD GREENWICH GROUP, FAIRFIELD GREENWICH (BERMUDA) LIMITED, FAIRFIELD GREENWICH ADVISORS, LLC, FAIRFIELD GREENWICH LIMITED, FAIRFIELD INTERNATIONAL MANAGERS, INC., WALTER M. NOEL, JR., JEFFREY TUCKER, ANDRÉS PIEDRAHITA, AMIT VIJAYVERGIYA, PHILIP TOUB, and CORINA NOEL PIEDRAHITA,<br><br>         Defendants. | Adv. Pro. No. 10-03800 (CGM)<br><br><br><br>**TRUSTEE'S SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** |
| FAIRFIELD GREENWICH (BERMUDA) LIMITED,<br><br>         Third-Party Plaintiff,<br><br>         v.<br><br>FAIRFIELD SENTRY LIMITED (IN LIQUIDATION),<br><br>         Third-Party Defendant. | |

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT .........................................................................................................1

I.      BVI LAW AFFORDS EQUITABLE RELIEF TO RECOVER PAYMENTS
UNJUSTLY RECEIVED BY THE DEFENDANTS...........................................................2

II.    THE INSIDER EXCEPTION BARS THE DEFENDANTS' INVOCATION OF
*IN PARI DELICTO* ..........................................................................................................5

CONCLUSION...............................................................................................................................9

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Banco De Desarrollo Agropecuario, S.A. v. Gibbs*,
   709 F. Supp. 1302 (S.D.N.Y. 1989)......................................................................6

*DD Growth Premium 2X Fund v. RMF Mkt. Neutral Strategies (Master) Ltd.*,
   [2017] UKPC 36 (appeal taken from Cayman Is.) ...........................................3, 4, 5

*Fairfield Sentry Ltd. v. Theordoor GGC Amsterdam*,
   596 B.R. 275 (Bankr. S.D.N.Y. 2018)...............................................................3, 4, 5

*Featherwood Trading Ltd. v. Fraunteld Mgmt. Ltd.*,
   [2012] BVIHCVAP2012/0020 (appeal taken from B.V.I.)......................................2

*Feltman v. Kossoff & Kossoff LLP (In re TS Emp., Inc.)*,
   603 B.R. 700 (Bankr. S.D.N.Y. 2019).................................................................6

*Grumman Olson Indus. v. McConnell (In re Grumman Olson Indus., Inc.)*,
   329 B.R. 411 (Bankr. S.D.N.Y. 2005)...............................................................6

*Hosking v. TPG Cap. Mgmt., L.P. (In re Hellas Telecommc'ns. (Lux.) II SCA)*,
   524 B.R. 488 (Bankr. S.D.N.Y. 2015)............................................................7, 8

*Krys v. Butt (In re Refco Inc. Sec. Litig.),* No. 07-MD-1902 (JSR),
   2010 WL 6549830 (S.D.N.Y. Dec. 6, 2010), *R. & R. adopted in part, rejected
   in part on other grounds sub nom In re Refco Sec. Litig.*,
   779 F. Supp. 2d 372 (S.D.N.Y. 2011), *aff'd sub nom. Krys v. Butt*, 486 F.
   App'x 153 (2d Cir. 2012)...................................................................................6

*Paragon Fin. Plc v. DB Thakerar & Co.*,
   [1998] EWCA (Civ) 1249, (Eng., July 21, 1998), 1998 WL 1044050....................2

*Pergament v. Amton Inc. (In re PHS Grp. Inc.)*,
   581 B.R. 16 (Bankr. E.D.N.Y. 2018).............................................................6, 7, 8

*Picard v. Madoff (In re Bernard L. Madoff Inv. Sec. LLC)*,
   458 B.R. 87 (Bankr. S.D.N.Y. 2011).................................................................6, 7

*Skandinaviska Ensilka Banken AB v. Conway*
   [2019] UKPC 36 (appeal taken from Cayman Is.) ..................................................5

*Westdeutsche Landesbank Girozentrale v. Islington LBC*
   [1996] UKHL 669, AC (HL) 670 (appeal taken from Eng.) ...................................2

**Statutes**

15 U.S.C. §§ 78aaa-*lll* ......................................................................................................................1

Plaintiff Irving H. Picard, as trustee (the "Trustee") for the liquidation of the business of

Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor

Protection Act, 15 U.S.C. §§ 78aaa-*lll*, and the substantively consolidated chapter 7 estate of

Bernard L. Madoff ("Madoff"), and as assignee of claims from Fairfield Sentry Limited

("Fairfield Sentry"), respectfully submits this supplemental brief ("Supplemental Brief") in

response to the Defendants'[1] reply memorandum of law ("Reply") in further support of their

motion to dismiss the Proposed Second Amended Complaint ("PSAC").[2]

## **PRELIMINARY STATEMENT**

This Supplemental Brief responds to two arguments the Defendants raise in their Reply.

*First*, they argue that the Trustee's unjust enrichment and constructive trust claims are barred

under British Virgin Islands ("BVI") law, which, the Defendants contend, bars recovery where

the at-issue payments are predicated on a fund's net asset value ("NAV") that defendants did not

know was inaccurate. The Defendants assert that the Court should therefore dismiss the

Trustee's equitable claims to recover the over $900 million in payments the Defendants received

over approximately six years, absent allegations by the Trustee that the Defendants knew

Fairfield Sentry's NAV was inaccurate. The Defendants are wrong. BVI law, to the extent

applicable, merely requires that the Defendants' receipt of funds was unjust or otherwise

received in bad faith—it does not require knowledge that the NAV was calculated inaccurately.

Furthermore, although not required, the PSAC does allege that the Defendants knew Fairfield

Sentry's NAV calculation was false. *Second*, the Defendants contend that the Trustee's

---

[1] The Defendants in this proceeding are: Fairfield Greenwich Group ("FGG"), Fairfield Greenwich (Bermuda) Limited, Fairfield Greenwich Advisors, LLC, Fairfield Greenwich Limited, Fairfield International Managers, Inc., Walter M. Noel, Jr., Jeffrey Tucker, Andres Piedrahita, Amit Vijayvergiya, Philip Toub, and Corina Noel Piedrahita.

[2] PSAC, *Picard v. Fairfield Greenwich Group, et al.*, No. 10-03800, ECF No. 90-1.

equitable claims are barred by the doctrine of *in pari delicto* as applied under New York law. But, under New York law, that defense is unavailable to "insiders" of Fairfield Sentry. The PSAC is replete with allegations about the insider status of each of the Defendants and their control over Fairfield Sentry. The Defendants' arguments fail to support dismissal of the PSAC.

## I.    BVI LAW AFFORDS EQUITABLE RELIEF TO RECOVER PAYMENTS UNJUSTLY RECEIVED BY THE DEFENDANTS

Contrary to the Defendants' argument, BVI law does not bar the Trustee's unjust enrichment claim, Reply at 13-14 (§ II. C), or the Trustee's constructive trust claim, Reply at 14-15 (§ III. A). For unjust enrichment, BVI law requires only that (1) the defendant benefited or was enriched; (2) the enrichment was at the plaintiff's expense, (3) the enrichment was unjust, and (4) there are no applicable defenses. *Featherwood Trading Ltd. v. Fraunteld Mgmt. Ltd.*, [2012] BVIHCVAP2012/0020 (appeal taken from B.V.I.). A constructive trust under BVI law provides relief to third-party recipients of company funds wrongfully paid out in breach of a duty, provided that the defendants knew about the breach or otherwise received payment in bad faith. *Paragon Fin. Plc v. DB Thakerar & Co.*, [1998] EWCA (Civ) 1249, (Eng., July 21, 1998), 1998 WL 1044050.[3] There is no requirement in either a constructive trust claim or an unjust enrichment claim that the payments were miscalculated or that the defendants recognized the miscalculation.

The Defendants misconstrue how BVI law would apply here where the Trustee alleges the Defendants were participants in Madoff's fraud, and were paid hundreds of millions of dollars they knew to be unearned. The Defendants attempt to support their

---

[3] The only defense to such a claim is if the third party is a bona fide purchaser for value without notice of the facts giving rise to the trust. *Westdeutsche Landesbank Girozentrale v. Islington LBC* [1996] UKHL 669, AC (HL) 670 (appeal taken from Eng.), per Lord Browne-Wilkinson.

position with two factually inapposite cases brought by funds against redeeming shareholders, who innocently received payments predicated on inaccurate NAVs: *DD Growth Premium 2X Fund v. RMF Mkt. Neutral Strategies (Master) Ltd*., [2017] UKPC 36 (appeal taken from Cayman Is.), and *Fairfield Sentry Ltd. v. Theordoor GGC Amsterdam*, 596 B.R. 275 (Bankr. S.D.N.Y. 2018) ("*Amsterdam*").

In *DD Growth*, certain shareholders of a Cayman Islands investment company decided to cash in their investments by exercising their right to redeem their shares in the company. *DD Growth*, at ¶ 1. The company paid out some of the investors, but then ran out of money and went into liquidation. *Id*. The liquidator later sought to recover the redemption payments, claiming that they were calculated using an inflated NAV, that they violated Cayman statutory law that restricted capital payments made to the detriment of other creditors, and that they were therefore recoverable through unjust enrichment and constructive trust claims. *Id.* ¶¶ 4-5, 22. The Privy Council, applying Cayman law, rejected the company's claim because the redemption request and the cancellation of the redeemer's shares had been valid and lawful. *Id.* ¶ 61.

*Amsterdam* has a similar fact pattern. There, the liquidators asserted unjust enrichment and constructive trust claims against redeeming shareholders who were paid based on the fund's NAV. The liquidators did not know the NAV was grossly inflated. *Amsterdam*, 596 B.R. at 289. The court, applying BVI law and relying in part on *DD Growth*, rejected the liquidators' claims. The court found that when the shareholders served their notices of redemption, a contract arose entitling them to be paid the NAV per share, as computed in accordance with Articles of Association. *Id.* at 297. Once the fund made the redemption payments and the shareholders surrendered their shares, each side had received the benefit of the bargain, and could not challenge the accuracy of the NAV. *Id*. The court found that to allow otherwise would

3

create the unworkable situation in which shareholders could not be certain that the redemption

payments they received were safe from future claims. *Id.* at 288, 297. Even so, however, the

*Amsterdam* court ruled the liquidators could pursue constructive trust claims if the shareholders

knew the NAV was fabricated, and the payments they received were in bad faith and subject to

claw back. *Id.* at 297, 301, 316.

Unlike *DD Growth* and *Amsterdam*, this case is not a redeemer action. The Trustee is not

alleging that the payments made to the Defendants are unjust because they were wrongly

calculated.[4] Nor do the Trustee's equitable claims arise from a quid pro quo, as in *Amsterdam*,

or where the defendants fulfilled their side of the bargain, as in *DD Growth*. Rather, the PSAC

alleges that the payments made to the Defendants were unjust and subject to a constructive trust

because the Defendants did not earn them. The Defendants acted in bad faith when they

received the payments, having lied to the SEC, lied to investors, and otherwise contributed to a

known, ongoing fraud. Trustee's Opp. at 1, 13, 17; Trustee's Mem. of Law in Supp. of Mot. for

Leave to File a Second Am. Compl.[5] at 8; PSAC ¶¶ 95-97, 128-49, 150-78, 181-224. These

allegations suffice to support the Trustee's equitable claims under BVI law. Trustee's Opp. at 2,

6, 20-27; Trustee's Mem. ISO Leave to Amend at 16-18; PSAC ¶¶ 250-64.

Even if the Defendants' misstatement of BVI law applied, the PSAC alleges the

Defendants knew of, or were willfully blind to, the fact that Fairfield Sentry's NAV was grossly

overstated. Trustee's Opp. at 1, 13, 17; Trustee's Mem. ISO Leave to Amend at 8; PSAC

¶¶ 163, 174, 186-89. And the Defendants have acknowledged that the Trustee has alleged that

---

[4] Moreover, the only role the NAV had in payments sought here is that the fees paid by Fairfield Sentry to its investment managers were, in part, and as set forth in the relevant investment management agreements, calculated as a percentage of the NAV. PSAC, Ex. A ¶ 7; Ex. B ¶ 8; Ex. C ¶ 8.

[5] Trustee's Mem. of Law in Supp. of the Trustee's Mot. for Leave to File a Second Am. Compl., *Picard v. Fairfield Greenwich Group, et al.*, No. 10-03800, ECF No. 90, and hereinafter referred to as "Trustee's Mem. ISO Leave to Amend."

they knew, or were willfully blind to, the fact that BLMIS was a fraud.  Defs.' Reply at 16-17

(quoting allegations in the Trustee's August 28, 2020 Second Amended Complaint in *Picard v.*

*Fairfield Inv. Fund Ltd*., et al., 09-01239 (CGM) (Bankr. S.D.N.Y. 2020) (the "SIPA Recovery

Action") of Fairfield Sentry's actual knowledge or willful blindness to support the Defendants'

*in pari delicto* defense, discussed *infra.*); *see also* Defs.' Mem. ISO Mot. to Dismiss at 17-18

(labeling certain knowledge allegations in the PSAC as "conclusory").  Unlike the defendants in

*Amsterdam* and *DD Growth*, who had no visibility into how the NAV was calculated, the PSAC

plausibly alleges its equitable claims where the Defendants were intimately involved in how

Fairfield Sentry was invested and managed, and how its NAV was calculated.  *See*

*Skandinaviska Ensilka Banken AB v. Conway* [2019] UKPC 36 (appeal taken from Cayman Is.)

(claims based on unjust enrichment may be allowed where company insiders are involved in

calculating the NAV and with knowledge it is inaccurate).

## II.    THE INSIDER EXCEPTION BARS THE DEFENDANTS' INVOCATION OF *IN PARI DELICTO*

In their Reply, the Defendants also argue that the *in pari delicto* doctrine bars the

Trustee's equitable claims.  The Defendants cite to the Trustee's Second Amended Complaint in

the SIPA Recovery Action, which alleges that the Defendants' knowledge as partners, agents, or

control persons is imputed to Fairfield Sentry.  According to the Defendants, if their knowledge

were imputed to Fairfield Sentry, they would be equally knowledgeable of BLMIS's fraud and

therefore immune from the Trustee's claims of unjust enrichment and constructive trust under

the *in pari delicto* doctrine.  Defs.' Reply, at 16-17 (§ IV).  The Defendants maintain the Court

need only take judicial notice of the Trustee's imputation allegations in the SIPA Recovery

Action, and they need not admit to imputation for the Court to consider *in pari delicto* as a

defense.  Defs.' Reply at 17.  The Defendants ignore, however, that their knowledge and bad

5

faith are equally implicated and necessarily must be proven in both the SIPA Recovery Action
and in this action.

By invoking the *in pari delicto* doctrine as a ground for dismissal, the Defendants also
ignore a fundamental exception to the doctrine.  "Under New York law, the doctrine of *in pari
delicto* operates as an affirmative defense whereby a wrongdoer, or a plaintiff asserting a claim
on behalf of a wrongdoer, is generally barred from recovering against a commensurate
wrongdoer."  *Picard v. Madoff (In re Bernard L. Madoff Inv. Sec. LLC)*, 458 B.R. 87, 123 n.25
(Bankr. S.D.N.Y. 2011) ("*Madoff Family*").  However, it is well established that the *in pari
delicto* doctrine does not apply to actions of "insiders" of the plaintiff company, that is, those on
its board, in management, or "*in some other way control the corporation.*"  *Id*. at 122-25; *see
also Grumman Olson Indus. v. McConnell (In re Grumman Olson Indus., Inc.)*, 329 B.R. 411,
427 (Bankr. S.D.N.Y. 2005) (insiders include "those persons who exercise *de facto* control of the
corporation during the relevant times") (quoting *Banco De Desarrollo Agropecuario, S.A. v.
Gibbs*, 709 F. Supp. 1302, 1306 (S.D.N.Y. 1989)); *see also Feltman v. Kossoff & Kossoff LLP
(In re TS Emp., Inc.)*, 603 B.R. 700, 710 (Bankr. S.D.N.Y. 2019) ("[C]ourts consider that actual
management of the Debtor's affairs equals control in determining insider status.") (internal
marks omitted).  The reasoning behind this "insider exception" is that "it would be absurd to
allow a wrongdoing insider to rely on the imputation of his own conduct to the corporation as a
defense."  *See Krys v. Butt (In re Refco Inc. Sec. Litig.),* No. 07-MD-1902 (JSR), 2010 WL
6549830, at *15 (S.D.N.Y. Dec. 6, 2010), *R. & R. adopted in part, rejected in part on other
grounds sub nom. In re Refco Sec. Litig.*, 779 F. Supp. 2d 372, 377 (S.D.N.Y. 2011), *aff'd sub
nom. Krys v. Butt*, 486 F. App'x 153 (2d Cir. 2012); *see also Pergament v. Amton Inc. (In re
PHS Grp. Inc.)*, 581 B.R. 16, 30-31 (Bankr. E.D.N.Y. 2018) (same).

"An insider's status, i.e., control, should be determined based on the totality of the circumstances." *In re PHS Grp., Inc.*, 581 B.R. at *32 (internal marks and citation omitted); *see also Madoff Family*, 458 B.R. at 101 ("Even a third-party professional . . . may surrender an *in pari delicto* defense where it exerts sufficient domination and control over the guilty corporation to render itself an insider."). Factors relevant to determining control may include: (1) the "close relationship" between the company and the alleged insider; (2) the degree of the alleged insider's "involvement in the [company's] affairs;" (3) whether the alleged insider "had opportunities to self-deal;" and (4) whether the alleged insider "holds or held a controlling interest" in the company. *Id.* at *33; *see also Hosking v. TPG Cap. Mgmt., L.P. (In re Hellas Telecommc'ns. (Lux.) II SCA)*, 524 B.R. 488, 531-34 (Bankr. S.D.N.Y. 2015) (declining to dismiss unjust enrichment claim in chapter 15 case where complaint plausibly suggested defendants' control, rendering them insiders). Both individuals and entities may qualify as insiders for purposes of the corporate insider exception. *See, e.g.*, *In re PHS Grp., Inc.*, 581 B.R. at 33 (finding corporate and individual defendants were insiders where individuals exerted control through corporate defendants); *In re Hellas Telecommc'ns. (Lux.) II SCA*, 524 B.R. at 534 (same).

Here, the Defendants' purported *in pari delicto* defense to the Trustee's equitable claims fails because all the Defendants were insiders of Fairfield Sentry. The PSAC alleges that all individual Defendants were partners of FGG, a *de facto* partnership that included as members all of the Defendants and that formed, managed, and marketed Fairfield Sentry. *See* Trustee's Opp. at 3-7, 34; PSAC ¶¶ 4, 35, 40-41, 52, 62-72, 84, 161; *see also* Trustee's Mem. ISO Leave to Amend at 10-11, 13-14, 17. The PSAC alleges that all Defendants were part of a common enterprise controlled by the FGG partners to profit from BLMIS. PSAC ¶¶ 62-72. The PSAC also alleges substantial control that the entity Defendants exerted over Fairfield Sentry.

7

Trustee's Opp. at 10, 20, 34; Trustee's Mem. ISO Leave to Amend at 10-16; PSAC ¶¶ 35-36, 40-42.  Moreover, most of the Defendants controlled Fairfield Sentry in their individual capacities.  As to Fairfield Sentry, Noel was founder and director, Tucker was founder, and both operated and controlled the fund; Fairfield Greenwich (Bermuda) Ltd. was investment manager; Fairfield Greenwich Limited was investment manager and placement agent; and Fairfield International Managers was investment manager.  Trustee's Opp. at 3-7, 11; PSAC ¶¶ 35-36, 40-41, 52, 73, 75, 78, 83, Exs. A-C.

Because the Defendants were Fairfield Sentry insiders, the insider exception applies, and *in pari delicto* cannot preclude the Trustee's equitable claims.  At a minimum, the Defendants' status as "insiders" is a factual question, and therefore dismissal on this ground is inappropriate at this stage.  *See, e.g.*, *In re Hellas Telecommc'ns (Lux.) II SCA.*, 524 B.R. at 534 (finding whether defendants "specifically exercised a requisite degree of control such that the . . . *in pari delicto* doctrine do[es] not apply to them raises factual issues that cannot be resolved on a motion to dismiss"); *In re PHS Grp. Inc.*, 581 B.R. at 33 (finding after trial that defendants were insiders by a preponderance of the evidence).  Therefore, the Defendants' *in pari delicto* argument does not support dismissal of the PSAC.

## CONCLUSION

For the foregoing reasons, and those made in the Opposition brief, the Trustee

respectfully requests that the Court deny the Defendants' motion to dismiss.

Dated: November 25, 2020          By:    */s/ David J. Sheehan*
       New York, New York

                                       **Baker & Hostetler LLP**
                                       45 Rockefeller Plaza
                                       New York, New York 10111
                                       Telephone: 212.589.4200
                                       Facsimile: 212.589.4201
                                       David J. Sheehan
                                       Email: dsheehan@bakerlaw.com

                                       *Attorneys for Irving H. Picard, Trustee*
                                       *for the Substantively Consolidated SIPA*
                                       *Liquidation of Bernard L. Madoff*
                                       *Investment Securities LLC and the*
                                       *Estate of Bernard L. Madoff and as*
                                       *Assignee of Fairfield Sentry Limited*