# NATIONAL CORPORATE RESEARCH, LTD.
The Right Response at the Right Time, Every Time.

## Notice of Service of Process

SP131113

NEW YORK, NY • ALBANY, NY • LOS ANGELES, CA • SACRAMENTO, CA • DOVER, DE

**DATE:** July 30, 2009

**TO:** Heidi Carr
Royal Bank of Canada
200 Bay Street
14th Floor, North Tower
Toronto, ON M5J 2J5
Canada

**RE:** SERVICE OF PROCESS AGAINST:
**ROYAL BANK OF CANADA**

**SENT VIA:**

☑ Federal Express
☐ Fascimile Transmission
☑ Other: Email

Tracking Number:
797806714670

---

The enclosed Service of Process was received by the statutory agent in: **New York**

on the date of: **July 29, 2009**

sent via: **Federal Express**

TITLE OF ACTION:    Securities Investor Protection Corporation vs. Bernard L. Madoff
Investment Securities LLC   Party Served: ROYAL BANK OF CANADA

COURT AND CASE NO:    United States Bankruptcy Court, Southern District of New York

Case No.   Adv. Pro. No. 08-01789 BRL
Subpoena for Rule 2004 Examination

RESPONSE REQUIRED BY:    August 14, 2009

Sincerely,

Wayne Rafanelli

Wayne Rafanelli, Manager - Registered Agent Services

---

**Please sign, date, and return the attached confirmation form using the enclosed addressed envelope.**
615 South DuPont Highway, Dover, Delaware 19901 • (302) 734-1450 (800) 483-1140 FAX (302) 734-1476
website: www.nationalcorp.com • e-mail address: info@nationalcorp.com

# Baker Hostetler

Baker & Hostetler LLP

Capitol Square, Suite 2100
65 East State Street
Columbus, OH 43215-4260

T 614.228.1541
F 614.462.2616
www.bakerlaw.com

July 24, 2009

Thomas L. Long
direct dial: 614.462.2626
tlong@bakerlaw.com

**VIA FEDERAL EXPRESS**

Royal Bank of Canada
c/o National Corporate Research, Ltd.
10 East 40th Street
New York, New York 10016
Attn: Officer or Director Authorized to Accept Service

*Re:*    *Securities Investor Protection Corp. v. Bernard L. Madoff Investment Securities LLC, Adv. Pro. No. 08-01789-BRL: Subpoena for Rule 2004 Examination*

To Whom It May Concern:

Enclosed please find an original or a courtesy copy of a Subpoena for Rule 2004 Examination and a copy of the Court's January 12, 2009 Order in the matter of *Securities Investor Protection Corp. v. Bernard L. Madoff Investment Securities LLC*, Adv. Pro. No. 08-01789-BRL.  Please direct all productions to:

> Brian Esser, Esq.
> Baker & Hostetler LLP
> 45 Rockefeller Plaza
> New York, New York 10111

In the event that you have any questions regarding this subpoena please do not hesitate to contact me.

Sincerely,

Thomas L. Long

Enclosures

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

Securities Investor Protection Corporation

        Plaintiffs,

   v.

Bernard L. Madoff Investment Securities LLC,

        Defendant.

**SUBPOENA FOR RULE 2004 EXAMINATION**

Case No.* <u>Adv. Pro. No. 08-01789 BRL</u>

     *Pending in the Southern District of New York

To:
Royal Bank of Canada
c/o National Corporate Research, Ltd.
10 East 40th Street
New York, New York 10016

Attn: Officer or Director Authorized
to Accept Service

☐ YOU ARE COMMANDED to appear and testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure, at the place, date, and time specified below. A copy of the court order authorizing the examination is attached.

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Documents described in Attachment A to this Subpoena.

| PLACE | DATE AND TIME: |
|---|---|
| Baker & Hostetler LLP<br>45 Rockefeller Plaza<br>New York, New York 10111<br>Telephone: (212) 589-4200<br>Attention:  Brian Esser, Esq. | August 14, 2009 |

American LegalNet, Inc.
www.FormsWorkflow.com

B254 (Form 254 – Subpoena for Rule 2004 Examination) (12/07)

| ISSUING OFFICER SIGNATURE AND TITLE | | DATE |
|---|---|---|
| *Brian K Esser*     Attorney | | July 28, 2009 |

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER

Brian K. Esser, Esq.    Baker & Hostetler, LLP, 45 Rockefeller Plaza, New York, NY 10111    (212) 589-4200

* If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case number.

American LegalNet, Inc.
www.FormsWorkflow.com

# PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE                                SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2007, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) Protecting a Person Subject to a Subpoena.

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) Contempt.

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

American LegalNet, Inc.
www.FormsWorkflow.com

## ATTACHMENT A
## TO SUBPOENA TO ROYAL BANK OF CANADA

### A.   DEFINITIONS

1.   "RBC," "you," and "your" mean Royal Bank of Canada and any parent, subsidiary, affiliate, division, branch, agency, representative office, predecessor, successor, principal, member, officer, director, shareholder, manager, employee, agent, or representative thereof.

2.   "Applicable Period" means the period between and including the date on which you first subscribed for shares of Fairfield Sentry Ltd. or Fairfield Sigma, Ltd., whichever occurred earlier, through the present.

3.   "BLMIS" means Bernard L. Madoff Investment Securities, LLC, and all persons affiliated with Bernard L. Madoff Investment Securities, LLC, including, but not limited to, its officers, directors, employees, partners, members, corporate parent, subsidiaries, and affiliates, Madoff Securities International LLC, Madoff Securities, International, Ltd., Bernard L. Madoff, Frank DiPascali, and Annette Bongiorno.

4.   "Fund with a BLMIS Account" means any hedge fund, fund of funds, investment fund, trust, pool, partnership, limited partnership, or other investment vehicle for the joint investment of monies or assets, wherever and however organized, other than Fairfield Sentry or Fairfield Sigma, that, at any time during the Applicable Period, had an account with, or managed by, BLMIS.

5.   "Citco" means Citco Fund Services (Europe) B.V. and all persons affiliated with Citco Fund Services (Europe) B.V., including, but not limited to, its officers, directors, employees, partners, members, corporate parent, subsidiaries, and affiliates.

6.   "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

7.   "Concerning" means relating to, referring to, describing, evidencing, or constituting.

8.   "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations.  A draft or non-identical copy is a separate document within the meaning of this term.

9.   "FGG" means Fairfield Greenwich Group, Fairfield Greenwich Advisors, LLC, Fairfield Greenwich Limited, Fairfield International Managers, Inc., and their respective officers, directors, employees, partners, members, corporate parent, subsidiaries, and affiliates, including,

but not limited to, Walter M. Noel, Jr., Jeffrey Tucker, Andrés Piedrahita, Amit Vijayvergia, Brian Francouer, Lourdes Barreneche, Cornelis Boele, Philip Toub, Richard Landsberger, Charles Murphy, Andrew Smith, Daniel Lipton, Mark McKeefry, Harold Greisman, Santiago Reyes, Jacqueline Harary, Robert Blum, Corina Noel Piedrahita, Maria Teresa Pulido Mendoza, Yanko della Schiava, Matthew C. Brown, Vianney d'Hendecourt, David Horn, and Julia Luongo.

10.    "Fairfield Sentry" means Fairfield Sentry Limited, its investment manager, Fairfield Greenwich (Bermuda) Ltd., its administrator, Citco, and their respective officers, directors, employees, partners, members, corporate parent, subsidiaries, and affiliates.

11.    "Fairfield Sigma" means Fairfield Sigma Limited, its investment manager, Fairfield Greenwich (Bermuda) Ltd., its administrator, Citco, and their respective officers, directors, employees, partners, members, corporate parent, subsidiaries, and affiliates.

12.    "Immediate family members" means a person's spouse, child. child's spouse, stepchild, stepchild's spouse, grandchild, grandchild's spouse, parent, stepparent, parent-in-law, grandparent, sibling, and sibling's spouse, including persons who were adopted and fall into one of these categories.

13.    "Person" is defined as any natural person or any business, legal, or governmental entity or association.

14.    The terms "all" and "each" shall be construed as all and each.

15.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

16.    The use of the singular form of any word includes the plural and vice versa.

## B.    INSTRUCTIONS

1.    Except as otherwise noted, this subpoena requires the production of documents created in or referencing the Applicable Period.

2.    Documents not otherwise responsive to this subpoena shall be produced if such documents mention, discuss, refer to, or explain one or more documents that are called for by this subpoena, or if such documents are attached to documents called for by this subpoena and constitute routing slips, transmittal memoranda, letters, comments, evaluations, or similar materials.

3.    Documents attached to each other shall not be separated; separate documents shall not be attached to each other.

4.      Documents shall include all exhibits or appendices that are referenced in, attached to, included with, or are otherwise a part of the requested documents.

5.      If any document is withheld from production due to an assertion of the attorney-client privilege, the work product doctrine, or any other privilege or protection against production, you must identify each such document in a manner sufficient to permit the Securities Investor Protection Corporation Trustee to evaluate the claimed privilege or protection. At a minimum, such identification shall include, as to each document: (a) its date; (b) its author; (c) all persons or entities known to have been furnished the document or copies of the document, or informed of its substance; (d) a description of the subject matter of the document; and (e) the privilege or protection claimed.

6.      If any document sought by this subpoena once was, but no longer is, within your possession, custody, or control, please:

    a.      Identify the document;

    b.      State the time period during which it was maintained;

    c.      State the circumstance under which it ceased to exist, or was otherwise no longer in your possession, custody, or control, and the date thereof;

    d.      Identify each person having knowledge of the circumstances described in response to subsection (c) above; and

    e.      Identify each person who had possession, custody, or control of the document, to whom it was available, or who had knowledge of the document and/or the contents thereof.

7.      All documents and their metadata portrayed on electronic or electro-magnetic media shall be produced in the form or forms in which the documents are stored in the ordinary course of business, retaining all reasonably accessible metadata, but so as to be in a reasonably usable form enabling, through reasonably modest effort, the requesting party to fairly, accurately and completely access, search, display, and comprehend the documents' contents.

8.      All documents and their metadata that have been fairly and accurately portrayed within a commercially available document review database, including, but not limited to, litigation support databases, shall be produced within that database or in a format that can be directly loaded into such database. Even after producing documents in the document review database format, the documents' originals or their fair and accurate representations shall be preserved as they exist in the ordinary course of business.

9.      Documents and their metadata portrayed in the ordinary course of business within commercial, off-the-shelf e-mail systems, including, but not limited to, Microsoft Exchange™, Lotus Notes™, or IBM Groupwise™, shall be produced in their native format, or in alternative

readily accessible industry-standard formats that fairly, accurately, and completely represent such documents.

10.     Documents and their metadata portrayed in structured electronic databases or files (excluding e-mail) shall be produced in a format that enables programmatic management of those documents and their importation into a database.  The documents must be accompanied with reasonably detailed, clear, and focused documentation explaining the documents' contents and formats, including, but not limited to, a data dictionary and data diagrams.  The following are acceptable formats, as long as the documents are provided with definitive files, tables, and field level schemas:  XML format files, Microsoft SQL database, Access databases, and fixed or variable length ASCII delimited files.

11.     Documents and their metadata portrayed in unstructured files generated by commercially available software systems, excluding e-mails and structured electronic databases such as word processing, spreadsheet, image files, text files, shall be produced as those files were stored in the ordinary course of business.

12.     Documents and their metadata portrayed on paper or in an industry-standard image format shall be produced in image format (200 – 300 bpi in group 3 TIF format or in TIF format).  In addition, the relationships among the images shall be described with respect to the how the images relate to one another (as to document and attachment boundaries, folder boundaries, and other groupings) using industry-standard or other reasonably usable electronic data load files, which shall be accompanied by reasonably detailed, clear, and focused documentation explaining the load files' content.  In addition, the text of the documents generated at the time the document, or subsequently generated through industry-standard Optical Character Recognition (OCR) technology, shall be produced in a format that is reasonably usable.  In addition, all available descriptions of the documents' properties shall be produced in a reasonably accessible data description file along with reasonably detailed, clear, and focused documentation explaining such file's contents.

## C.     DOCUMENTS TO BE PRODUCED

1.     Any and all documents concerning Fairfield Sentry or Fairfield Sigma.

2.     Any and all documents concerning BLMIS.

3.     Any and all documents concerning any Fund with a BLMIS Account.

4.     Any and all documents concerning your investments in shares of Fairfield Sentry or Fairfield Sigma.

5.     Any and all documents concerning your investments in shares of any Fund with a BLMIS Account.

6.      Any and all documents concerning any actual or proposed redemption of shares in Fairfield Sentry or Fairfield Sigma.

7.      Any and all documents concerning any actual or proposed withdrawal of funds from, redemption of shares of, or redemption of partnership interests in any Fund with a BLMIS Account.

8.      Any and all documents concerning any actual or proposed investments in shares of Fairfield Sentry or Fairfield Sigma by your employees, principals, partners, limited partners, members, shareholders, owners, or their respective immediate family members.

9.      Any and all documents concerning any actual or proposed investments by your employees, principals, partners, limited partners, members, shareholders, owners, or their respective immediate family members, in accounts with, or managed by, BLMIS.

10.     Any and all documents concerning any actual or proposed investments by your employees, principals, partners, limited partners, members, shareholders, owners, or their respective immediate family members, with any Fund with a BLMIS Account.

11.     Any and all documents concerning any actual or proposed redemption of shares of Fairfield Sentry or Fairfield Sigma by your employees, principals, partners, limited partners, members, shareholders, owners, or their respective immediate family members.

12.     Any and all documents concerning any actual or proposed withdrawal of funds by your employees, principals, partners, limited partners, members, shareholders, owners, or their respective immediate family members, from accounts with, or managed by, BLMIS.

13.     Any and all documents concerning any actual or proposed withdrawal of funds from, redemption of shares of, or redemption of partnership interests by your employees, principals, partners, limited partners, members, shareholders, owners, or their respective immediate family members, from any Fund with a BLMIS Account.

14.     Any and all documents concerning communications between you and Fairfield Sentry, Fairfield Sigma, or FGG.

15.     Any and all documents concerning communications between you and BLMIS.

16.     Any and all documents concerning communications between you and any Fund with a BLMIS Account.

17.     Any and all documents concerning communications with any person, other than Fairfield Sentry, Fairfield Sigma, or FGG, concerning Fairfield Sentry or Fairfield Sigma.

18.     Any and all documents concerning communications with any person, other than BLMIS, concerning BLMIS.

19.     Any and all documents concerning communications with any person, other than any Fund with a BLMIS Account, concerning any Fund with a BLMIS Account.

20.     Any and all documents concerning communications between you and Citco concerning Fairfield Sentry or Fairfield Sigma.

21.     Any and all documents concerning any due diligence you conducted, or had conducted on your behalf, concerning Fairfield Sentry or Fairfield Sigma.

22.     Any and all documents concerning any due diligence you conducted, or had conducted on your behalf, concerning BLMIS.

23.     Any and all documents concerning any due diligence you conducted, or had conducted on your behalf, concerning any Fund with a BLMIS Account.

24.     Any and all documents concerning any remuneration received by you, by any other person for your benefit, or by any entity in which you had an ownership interest, in the form of commissions, management fees, performance fees, shares, salary, or any other form of payment, that resulted in any way from the purchase of Fairfield Sentry or Fairfield Sigma shares.

25.     Any and all documents concerning any remuneration received by you, by any other person for your benefit, or by any entity in which you had an ownership interest, in the form of commissions, management fees, performance fees, shares, salary, or any other form of payment, that resulted in any way from investments in accounts with, or managed by, BLMIS.

26.     Any and all documents concerning any remuneration received by you, by any other person for your benefit, or by any entity in which you had an ownership interest, in the form of commissions, management fees, performance fees, shares, salary, or any other form of payment, that resulted in any way from investments in any Fund with a BLMIS Account.

27.     Documents sufficient to show the names and addresses of any and all of your employees who had contact with any Fairfield Sentry or Fairfield Sigma representative, investment manager (Fairfield Greenwich (Bermuda) Ltd.), or administrator (Citco Fund Services (Europe) B.V.), or their respective employees, directors, officers, partners, members, or shareholders.

28.     Documents sufficient to show the names and addresses of any and all of your employees who had contact with any FGG representative, employee, director, officer, partner, member, or shareholder.

29.    Documents sufficient to show the names and addresses of any and all of your employees who had contact with any BLMIS representative, manager, employee, director, officer, principal, partner, limited partner, member, shareholder, owner, or their respective immediate family members.

30.    Documents sufficient to show the names and addresses of any and all of your employees who had contact with any Fund with a BLMIS Account representative, manager, employee, director, officer, principal, partner, limited partner, member, shareholder, or owner.

31.    Any and all contracts and agreements, whether written or oral, between you and Fairfield Sentry or Fairfield Sigma, in effect during the Applicable Period.

32.    Any and all contracts and agreements, whether written or oral, between you and BLMIS, in effect during the Applicable Period.

33.    Any and all contracts and agreements, whether written or oral, between you and any Fund with a BLMIS Account.

34.    Any and all documents concerning BLMIS' financial condition, solvency, or ability to timely pay its debts.

35.    Any and all documents concerning how you used, disbursed, or further transferred any funds received from Fairfield Sentry or Fairfield Sigma.

36.    Any and all documents concerning how you used, disbursed, or further transferred any funds received from BLMIS.

37.    Any and all documents concerning how you used, disbursed, or further transferred any funds received from any Fund with a BLMIS Account.

38.    Any and all documents concerning the legality of BLMIS' operations.

39.    Any and all documents concerning the feasibility of BLMIS' returns on investments.

40.    Any and all documents concerning any communication between you and any other person concerning any of BLMIS' accountants, auditors, accounting firms, or auditing firms, including, but not limited, to David G. Friehling or Friehling & Horowitz, CPAs, P.C.

41.    Any and all documents concerning any of BLMIS' accountants, auditors, accounting firms, or auditing firms, including, but not limited to, David G. Friehling or Friehling & Horowitz, CPAs, P.C.

42.    Any and all documents concerning comparison of the return on investment you received from accounts with, or managed by, BLMIS, and the return on investment any other person received from accounts with, or managed by, BLMIS.

43.    Any and all documents concerning any investigation of BLMIS by any government agency or official, to the extent that disclosure is not prohibited by law, including, but not limited to, the Securities and Exchange Commission, the Financial Industry Regulatory Authority, the National Association of Securities Dealers, or the Commonwealth of Massachusetts.

44.    Any and all documents concerning any communication between you and any government agency or official, to the extent that disclosure is not prohibited by law, including, but not limited to, the Securities and Exchange Commission, the Financial Industry Regulatory Authority, the National Association of Securities Dealers, or the Commonwealth of Massachusetts, concerning BLMIS.

45.    Any and all documents concerning BLMIS' Form 13F filings with the Securities and Exchange Commission.

46.    Any and all documents concerning the article in the May 7, 2001 issue of *Barron's*, entitled "Don't Ask, Don't Tell:  Bernie Madoff is so secretive, he even asks investors to keep mum."

47.    Any and all documents concerning the article in the December 16, 1992 issue of the *Wall Street Journal*, entitled, "Wall Street Mystery Features a Big Board Rival."

48.    Any and all documents concerning the May 2001 MAR/Hedge newsletter entitled, "Madoff Tops Charts; Skeptics Ask How."

49.    Any and all documents concerning any due diligence on BLMIS performed by any investment bank or financial institution, including, but not limited to, Société Génerale, Goldman Sachs, Citigroup, Morgan Stanley, Merrill Lynch, or Credit Suisse.

50.    Any and all documents concerning any opinions, research, or advice concerning investments with BLMIS, or any fund with accounts with, or managed by, BLMIS, from any person, including, but not limited to, Credit Suisse, Aksia, LLC, Albourne Partners, Acorn Partners, Simon Fludgate, Simon Ruddick, or Robert Rosenkranz.

51.    Any and all documents concerning the redemptions of Fairfield Sentry or Fairfield Sigma shares, as evidenced by the documents attached as Exhibit B.

52.     Any and all documents concerning how you used, discharged, or further transferred any funds you received as a result of the redemptions of Fairfield Sentry or Fairfield Sigma shares, as evidenced by the documents attached as Exhibit B.

**ATTACHMENT B**
**TO SUBPOENA TO ROYAL BANK OF CANADA**

## CITCO
### Citco Fund Services
### (Europe) B.V.

| | |
|---|---|
| ROYAL BANK OF CANADA (ASIA) LTD | Fund ID : 03302 |
| 3 CHURCH STREET | Holder ID : 00153313 |
| #27-01/08 | Account ID : 05062953 |
| SAMSUNG HUB | Contract No. : 69082502 |
| SINGAPORE 049483 | Date : May-13-2009 |
| | Order No. : 1257917 |
| | Email : RBSGSECOPSTRUST@RBC.COM |
| CATHERINE CHAN | FAX Number : 0065 6536 9104 |

Account name: ROYAL BANK OF CANADA (ASIA) LTD - CLIENTS ACCOUNT

### FAIRFIELD SENTRY LIMITED

In accordance with your instructions we confirm having REDEEMED the following voting shares from FAIRFIELD SENTRY LIMITED

| | | |
|---|---|---|
| Valuation/NAV Date | | Sep-30-2008 |
| Trade Date | | Oct-01-2008 |
| Payment Date | | Oct-15-2008 |
| | | |
| No. of voting shares Redeemed | | 80.1847 |
| Redemption Price | USD | 1,350.6040 |
| Gross Redemption Proceeds | USD | 108,297.78 |
| | | |
| Net Redemption Proceeds | USD | 108,297.78 |
| | | |
| Amount to be Paid | USD | 108,297.78 |
| | | |
| Proceeds Paid to Date | USD | 108,297.78 |

Your balance following this transaction will be 9,767.4320 voting shares .

This trade was executed on    Oct-13-2008

For more information or any inquiries, please contact Citco Investor Relations Group
Tel: (31-20) 572 2850 Fax: (31-20) 572 2610  E-mail: amscfsclientdesk@citco.com

Citco Building
Telestone - Teleport
Naritaweg 165
1043 BW Amsterdam
The Netherlands

www.citco.com

Phone: (31-20) 5722100
Fax:   (31-20) 5722610
Chamber of Commerce 33205112

CONFIDENTIAL



FS/ROYAL BANK OF CANADA GENEVA
C/O EUROCLEAR BANK SA / NV
FUNDSETTLE TEAM, 2ND FLOOR
1 BOULEVARD DU ROI ALBERT II
B-1210 BRUSSELS
BELGIUM

| | |
|---|---|
| Fund ID | : 03302 |
| Holder ID | : 00140512 |
| Account ID | : 11464721 |
| Contract No. | : 69593502 |
| Date | : May-13-2009 |
| Order No. | : 2409717 |
| Email | : FUNDSETTLE_CONTRACT_NOTE@EUI |
| FAX Number | : 0032 2326 4401 |

Account name: FS/ROYAL BANK OF CANADA GENEVA

## FAIRFIELD SENTRY LIMITED

In accordance with your instructions we confirm having REDEEMED the following voting shares from FAIRFIELD SENTRY LIMITED

| | | |
|---|---|---|
| Valuation/NAV Date | | Oct-31-2008 |
| Trade Date | | Nov-01-2008 |
| Payment Date | | Nov-19-2008 |
| | | |
| No. of voting shares Redeemed | | 115.1209 |
| Redemption Price | USD | 1,349.7782 |
| Gross Redemption Proceeds | USD | 155,387.68 |
| | | |
| Net Redemption Proceeds | USD | 155,387.68 |
| | | |
| Amount to be Paid | USD | 155,387.68 |
| | | |
| Proceeds Paid to Date | USD | 155,387.68 |

Your balance following this transaction will be 1,229.5119 voting shares .

Note: GE37U0QW

This trade was executed on    Nov-14-2008
For more information or any inquiries, please contact Citco Investor Relations Group
Tel: (31-20) 572 2850 Fax: (31-20) 572 2610 E-mail: amscfsclientdesk@citco.com

*Citco Building*
*Telestone - Teleport*
*Naritaweg 165*
*1043 BW Amsterdam*
*The Netherlands*

*www.citco.com*

Phone: (31-20) 5722100
Fax:   (31-20) 5722610
*Chamber of Commerce 33205112*

CONFIDENTIAL



RBC DEXIA INVESTOR SERVICES ESPAÑA SA
FERNANDO EL SANTO 20
28010
MADRID
SPAIN

| | |
|---|---|
| Fund ID | : 03302 |
| Holder ID | : 00651502 |
| Account ID | : 05063117 |
| Contract No. | : 69592502 |
| Date | : May-13-2009 |
| Order No. | : 2338917 |
| Email | : IICINTL@RBCDEXIA-IS.ES |
| FAX Number | : 0034 91 360 99 98 |

Account name: RBC DEXIA INVESTOR SERVICES ESPAÑA SA

### FAIRFIELD SENTRY LIMITED

In accordance with your instructions we confirm having REDEEMED the following voting shares from FAIRFIELD SENTRY LIMITED

| | | |
|---|---|---|
| Valuation/NAV Date | | Oct-31-2008 |
| Trade Date | | Nov-01-2008 |
| Payment Date | | Nov-19-2008 |
| | | |
| No. of voting shares Redeemed | | 108.9600 |
| Redemption Price | USD | 1,349.7782 |
| Gross Redemption Proceeds | USD | 147,071.83 |
| | | |
| Net Redemption Proceeds | USD | 147,071.83 |
| | | |
| Amount to be Paid | USD | 147,071.83 |
| | | |
| Proceeds Paid to Date | USD | 147,071.83 |

Your balance following this transaction will be 0.0000 voting shares .

This trade was executed on   Nov-14-2008
For more information or any inquiries, please contact Citco Investor Relations Group
Tel: (31-20) 572 2850 Fax: (31-20) 572 2610  E-mail: amscfsclientdesk@citco.com

*Citco Building*
*Telestone - Teleport*
*Naritaweg 165*
*1043 BW Amsterdam*
*The Netherlands*

*www.citco.com*

Phone: (31-20) 5722100
Fax:   (31-20) 5722610
Chamber of Commerce 33205112

CONFIDENTIAL



RBC DEXIA INVESTOR SERVICES ESPAÑA SA
FERNANDO EL SANTO 20
28010
MADRID
SPAIN

| | |
|---|---|
| Fund ID | : 03302 |
| Holder ID | : 00651502 |
| Account ID | : 05063117 |
| Contract No. | : 69592802 |
| Date | : May-13-2009 |
| Order No. | : 2339217 |
| Email | : IICINTL@RBCDEXIA-IS.ES |
| FAX Number | : 0034 91 360 99 98 |

Account name: RBC DEXIA INVESTOR SERVICES ESPAÑA SA

### FAIRFIELD SENTRY LIMITED

In accordance with your instructions we confirm having REDEEMED the following voting shares from FAIRFIELD SENTRY LIMITED

| | | |
|---|---|---|
| Valuation/NAV Date | | Oct-31-2008 |
| Trade Date | | Nov-01-2008 |
| Payment Date | | Nov-19-2008 |
| | | |
| No. of voting shares Redeemed | | 165.9266 |
| Redemption Price | USD | 1,349.7782 |
| Gross Redemption Proceeds | USD | 223,964.11 |
| | | |
| Net Redemption Proceeds | USD | 223,964.11 |
| | | |
| Amount to be Paid | USD | 223,964.11 |
| | | |
| Proceeds Paid to Date | USD | 223,964.11 |

Your balance following this transaction will be 0.0000 voting shares .

This trade was executed on    Nov-14-2008
For more information or any inquiries, please contact Citco Investor Relations Group
Tel: (31-20) 572 2850 Fax: (31-20) 572 2610  E-mail: amscfsclientdesk@citco.com

*Citco Building*
*Telestone - Teleport*
*Naritaweg 165*
*1043 BW Amsterdam*
*The Netherlands*

*www.citco.com*

*Phone: (31-20) 5722100*
*Fax:   (31-20) 5722610*
*Chamber of Commerce 33205112*

CONFIDENTIAL



RBC DEXIA INVESTOR SERVICES ESPAÑA SA
FERNANDO EL SANTO 20
28010
MADRID
SPAIN

Fund ID      : 03302
Holder ID    : 00651502
Account ID   : 05063117
Contract No. : 69592902
Date         : May-13-2009
Order No.    : 2338817
Email        : IICINTL@RBCDEXIA-IS.ES
FAX Number   : 0034 91 360 99 98

Account name: RBC DEXIA INVESTOR SERVICES ESPAÑA SA

## FAIRFIELD SENTRY LIMITED

In accordance with your instructions we confirm having REDEEMED the following voting shares from FAIRFIELD SENTRY LIMITED

| | | |
|---|---|---|
| Valuation/NAV Date | | Oct-31-2008 |
| Trade Date | | Nov-01-2008 |
| Payment Date | | Nov-19-2008 |
| No. of voting shares Redeemed | | 167.6400 |
| Redemption Price | USD | 1,349.7782 |
| Gross Redemption Proceeds | USD | 226,276.82 |
| Net Redemption Proceeds | USD | 226,276.82 |
| Amount to be Paid | USD | 226,276.82 |
| Proceeds Paid to Date | USD | 226,276.82 |

Your balance following this transaction will be 0.0000 voting shares .

This trade was executed on   Nov-14-2008
For more information or any inquiries, please contact Citco Investor Relations Group
Tel: (31-20) 572 2850 Fax: (31-20) 572 2610 E-mail: amscfsclientdesk@citco.com

*Citco Building*
*Telestone - Teleport*
*Naritaweg 165*
*1043 BW Amsterdam*
*The Netherlands*

*www.citco.com*

*Phone: (31-20) 5722100*
*Fax:    (31-20) 5722610*
*Chamber of Commerce 33205112*

CONFIDENTIAL

### CITCO
*Citco Fund Services*
*(Europe) B.V.*

RBC DEXIA INVESTOR SERVICES ESPAÑA SA
FERNANDO EL SANTO 20
28010
MADRID
SPAIN

| | |
|---|---|
| Fund ID | : 03302 |
| Holder ID | : 00651502 |
| Account ID | : 05063117 |
| Contract No. | : 69593102 |
| Date | : May-13-2009 |
| Order No. | : 2339017 |
| Email | : IICINTL@RBCDEXIA-IS.ES |
| FAX Number | : 0034 91 360 99 98 |

Account name: RBC DEXIA INVESTOR SERVICES ESPAÑA SA

### FAIRFIELD SENTRY LIMITED

In accordance with your instructions we confirm having REDEEMED  the following voting shares from FAIRFIELD SENTRY LIMITED

| | | |
|---|---|---|
| Valuation/NAV Date | | Oct-31-2008 |
| Trade Date | | Nov-01-2008 |
| Payment Date | | Nov-19-2008 |
| No. of voting shares Redeemed | | 183.0300 |
| Redemption Price | USD | 1,349.7782 |
| Gross Redemption Proceeds | USD | 247,049.90 |
| Net Redemption Proceeds | USD | 247,049.90 |
| Amount to be Paid | USD | 247,049.90 |
| Proceeds Paid to Date | USD | 247,049.90 |

Your balance following this transaction will be 0.0000 voting shares .

This trade was executed on    Nov-14-2008
For more information or any inquiries, please contact Citco Investor Relations Group
Tel: (31-20) 572 2850 Fax: (31-20) 572 2610  E-mail: amscfsclientdesk@citco.com

*Citco Building*
*Telestone - Teleport*
*Naritaweg 165*
*1043 BW Amsterdam*
*The Netherlands*

*www.citco.com*

*Phone: (31-20) 5722100*
*Fax:   (31-20) 5722610*
*Chamber of Commerce 33205112*

CONFIDENTIAL

# CITCO

**Citco Fund Services**
**(Europe) B.V.**

RBC DEXIA INVESTOR SERVICES ESPAÑA SA
FERNANDO EL SANTO 20
28010
MADRID
SPAIN

| | |
|---|---|
| Fund ID | : 03302 |
| Holder ID | : 00651502 |
| Account ID | : 05063117 |
| Contract No. | : 69595302 |
| Date | : May-13-2009 |
| Order No. | : 2339117 |
| Email | : IICINTL@RBCDEXIA-IS.ES |
| FAX Number | : 0034 91 360 99 98 |

Account name: RBC DEXIA INVESTOR SERVICES ESPAÑA SA

## FAIRFIELD SENTRY LIMITED

In accordance with your instructions we confirm having REDEEMED the following voting shares from FAIRFIELD SENTRY LIMITED

| | | |
|---|---|---|
| Valuation/NAV Date | | Oct-31-2008 |
| Trade Date | | Nov-01-2008 |
| Payment Date | | Nov-19-2008 |
| | | |
| No. of voting shares Redeemed | | 860.0004 |
| Redemption Price | USD | 1,349.7782 |
| Gross Redemption Proceeds | USD | 1,160,809.79 |
| | | |
| Net Redemption Proceeds | USD | 1,160,809.79 |
| | | |
| Amount to be Paid | USD | 1,160,809.79 |
| | | |
| Proceeds Paid to Date | USD | 1,160,809.79 |

Your balance following this transaction will be 0.0000 voting shares .

This trade was executed on    Nov-14-2008
For more information or any inquiries, please contact Citco Investor Relations Group
Tel: (31-20) 572 2850 Fax: (31-20) 572 2610 E-mail: amscfsclientdesk@citco.com

*Citco Building*
*Telestone - Teleport*
*Naritaweg 165*
*1043 BW Amsterdam*
*The Netherlands*

*www.citco.com*

Phone: (31-20) 5722100
Fax:   (31-20) 5722610
*Chamber of Commerce 33205112*

CONFIDENTIAL

## CITCO
### Citco Fund Services
### (Europe) B.V.

RBC DOMINION SECURITIES
ATTN MUTUAL FUNDS RECONCILLIATION
277 FRONT STREET WEST
TORONTO ON M5V 2X4
CANADA

| | |
|---|---|
| Fund ID | : 03302 |
| Holder ID | : 02221205 |
| Account ID | : 05063011 |
| Contract No. | : 69598202 |
| Date | : May-13-2009 |
| Order No. | : 1902917 |
| Email | : Gemma.ki@rbc.com |
| FAX Number | : 001 416 313 5520 |

MUTUAL FUNDS RECONCILLIATION
Account name: RBC DOMINION SECURITIES A/C 3690195619

### FAIRFIELD SENTRY LIMITED

In accordance with your instructions we confirm having REDEEMED the following voting shares from FAIRFIELD SENTRY LIMITED

| | | |
|---|---|---|
| Valuation/NAV Date | | Oct-31-2008 |
| Trade Date | | Nov-01-2008 |
| Payment Date | | Nov-19-2008 |
| No. of voting shares Redeemed | | 423.0900 |
| Redemption Price | USD | 1,349.7782 |
| Gross Redemption Proceeds | USD | 571,077.66 |
| Net Redemption Proceeds | USD | 571,077.66 |
| Amount to be Paid | USD | 571,077.66 |
| Proceeds Paid to Date | USD | 571,077.66 |

Your balance following this transaction will be 0.0000 voting shares .

Note: FULL REDEMPTION

This trade was executed on   Nov-14-2008
For more information or any inquiries, please contact Citco Investor Relations Group
Tel: (31-20) 572 2850 Fax: (31-20) 572 2610 E-mail: amscfsclientdesk@citco.com

| | | |
|---|---|---|
| *Citco Building* | *www.citco.com* | *Phone: (31-20) 5722100* |
| *Telestone - Teleport* | | *Fax:    (31-20) 5722610* |
| *Naritaweg 165* | | *Chamber of Commerce 33205112* |
| *1043 BW Amsterdam* | | |
| *The Netherlands* | | |

CONFIDENTIAL



**CITCO**
*Citco Fund Services*
*(Europe) B.V.*

ROYAL BANK OF CANADA
c/o RBC CAPITAL MARKETS CORPORATION
ONE LIBERTY PLAZA 165 BROADWAY
NEW YORK NY 10006 1404
USA

| | |
|---|---|
| Fund ID | : 03302 |
| Holder ID | : 02098405 |
| Account ID | : 0008164 |
| Contract No. | : 69595702 |
| Date | : May-13-2009 |
| Order No. | : 2564117 |
| Email | : NAV@RBCCM.COM |
| FAX Number | : 001 212 658 6111 |

JOHN VILLANI / PAUL HOLUB
Account name: ROYAL BANK OF CANADA

## FAIRFIELD SENTRY LIMITED

In accordance with your instructions we confirm having REDEEMED  the following voting shares from FAIRFIELD
SENTRY LIMITED

| | | |
|---|---|---|
| Valuation/NAV Date | | Oct-31-2008 |
| Trade Date | | Nov-01-2008 |
| Payment Date | | Nov-19-2008 |
| | | |
| No. of voting shares Redeemed | | 1,680.0000 |
| Redemption Price | USD | 1,349.7782 |
| Gross Redemption Proceeds | USD | 2,267,627.38 |
| | | |
| Net Redemption Proceeds | USD | 2,267,627.38 |
| | | |
| Amount to be Paid | USD | 2,267,627.38 |
| | | |
| Proceeds Paid to Date | USD | 2,267,627.38 |

Your balance following this transaction will be 405.3137 voting shares .

This trade was executed on    Nov-14-2008
For more information or any inquiries, please contact Citco Investor Relations Group
Tel: (31-20) 572 2850 Fax: (31-20) 572 2610  E-mail: amscfsclientdesk@citco.com

*Citco Building*
*Telestone - Teleport*
*Naritaweg 165*
*1043 BW Amsterdam*
*The Netherlands*

*www.citco.com*

*Phone: (31-20) 5722100*
*Fax:    (31-20) 5722610*
*Chamber of Commerce 33205112*

CONFIDENTIAL



**CITCO**

*Citco Fund Services
(Europe) B.V.*

ROYAL BANK OF CANADA (ASIA) LTD
3 CHURCH STREET
#27-01/08
SAMSUNG HUB
SINGAPORE 049483

CATHERINE CHAN
Account name: ROYAL BANK OF CANADA (ASIA) LTD - CLIENTS ACCOUNT

Fund ID        : 03302
Holder ID      : 00153313
Account ID     : 05062953
Contract No.   : 69581702
Date           : May-13-2009
Order No.      : 2433917
Email          : RBSGSECOPSTRUST@RBC.COM
FAX Number : 0065 6536 9104

### FAIRFIELD SENTRY LIMITED

| In accordance with your instructions we confirm having REDEEMED the following voting shares from FAIRFIELD SENTRY LIMITED |
|---|

| | | |
|---|---|---|
| Valuation/NAV Date | | Oct-31-2008 |
| Trade Date | | Nov-01-2008 |
| Payment Date | | Nov-19-2008 |
| | | |
| No. of voting shares Redeemed | | 60.2259 |
| Redemption Price | USD | 1,349.7782 |
| Gross Redemption Proceeds | USD | 81,291.61 |
| | | |
| Net Redemption Proceeds | USD | 81,291.61 |
| | | |
| Amount to be Paid | USD | 81,291.61 |
| | | |
| Proceeds Paid to Date | USD | 81,291.61 |

Your balance following this transaction will be 8,922.5562 voting shares .

This trade was executed on   Nov-14-2008
For more information or any inquiries, please contact Citco Investor Relations Group
Tel: (31-20) 572 2850 Fax: (31-20) 572 2610  E-mail: amscfsclientdesk@citco.com

*Citco Building
Telestone - Teleport
Naritaweg 165
1043 BW Amsterdam
The Netherlands*

*www.citco.com*

*Phone: (31-20) 5722100
Fax:   (31-20) 5722610
Chamber of Commerce 33205112*

CONFIDENTIAL



**CITCO**
*Citco Fund Services (Europe) B.V.*

ROYAL BANK OF CANADA (ASIA) LTD
3 CHURCH STREET
#27-01/08
SAMSUNG HUB
SINGAPORE 049483

CATHERINE CHAN
Account name: ROYAL BANK OF CANADA (ASIA) LTD - CLIENTS ACCOUNT

| | |
|---|---|
| Fund ID | : 03302 |
| Holder ID | : 00153313 |
| Account ID | : 05062953 |
| Contract No. | : 69581802 |
| Date | : May-13-2009 |
| Order No. | : 2282317 |
| Email | : RBSGSECOPSTRUST@RBC.COM |
| FAX Number | : 0065 6536 9104 |

## FAIRFIELD SENTRY LIMITED

In accordance with your instructions we confirm having REDEEMED the following voting shares from FAIRFIELD SENTRY LIMITED

| | |
|---|---|
| Valuation/NAV Date | Oct-31-2008 |
| Trade Date | Nov-01-2008 |
| Payment Date | Nov-19-2008 |

| | | |
|---|---|---|
| No. of voting shares Redeemed | | 76.7472 |
| Redemption Price | USD | 1,349.7782 |
| Gross Redemption Proceeds | USD | 103,591.70 |

| | | |
|---|---|---|
| Net Redemption Proceeds | USD | 103,591.70 |
| Amount to be Paid | USD | 103,591.70 |
| Proceeds Paid to Date | USD | 103,591.70 |

Your balance following this transaction will be 8,922.5562 voting shares .

This trade was executed on   Nov-14-2008
For more information or any inquiries, please contact Citco Investor Relations Group
Tel: (31-20) 572 2850 Fax: (31-20) 572 2610  E-mail: amscfsclientdesk@citco.com

*Citco Building*
*Telestone - Teleport*
*Naritaweg 165*
*1043 BW Amsterdam*
*The Netherlands*

*www.citco.com*

Phone: (31-20) 5722100
Fax:   (31-20) 5722610
*Chamber of Commerce 33205112*

CONFIDENTIAL



## CITCO
**Citco Fund Services (Europe) B.V.**

ROYAL BANK OF CANADA (ASIA) LTD
3 CHURCH STREET
#27-01/08
SAMSUNG HUB
SINGAPORE 049483

CATHERINE CHAN
Account name: ROYAL BANK OF CANADA (ASIA) LTD - CLIENTS ACCOUNT

Fund ID      : 03302
Holder ID    : 00153313
Account ID   : 05062953
Contract No. : 69582002
Date         : May-13-2009
Order No.    : 2263217
Email        : RBSGSECOPSTRUST@RBC.COM
FAX Number   : 0065 6536 9104

### FAIRFIELD SENTRY LIMITED

In accordance with your instructions we confirm having REDEEMED the following voting shares from FAIRFIELD SENTRY LIMITED

| | | |
|---|---|---|
| Valuation/NAV Date | | Oct-31-2008 |
| Trade Date | | Nov-01-2008 |
| Payment Date | | Nov-19-2008 |
| | | |
| No. of voting shares Redeemed | | 306.9890 |
| Redemption Price | USD | 1,349.7782 |
| Gross Redemption Proceeds | USD | 414,367.06 |
| | | |
| Net Redemption Proceeds | USD | 414,367.06 |
| | | |
| Amount to be Paid | USD | 414,367.06 |
| | | |
| Proceeds Paid to Date | USD | 414,367.06 |

Your balance following this transaction will be 8,922.5562 voting shares .

This trade was executed on    Nov-14-2008
For more information or any inquiries, please contact Citco Investor Relations Group
Tel: (31-20) 572 2850 Fax: (31-20) 572 2610  E-mail: amscfsclientdesk@citco.com

*Citco Building*
*Telestone - Teleport*
*Naritaweg 165*
*1043 BW Amsterdam*
*The Netherlands*

*www.citco.com*

*Phone: (31-20) 5722100*
*Fax:   (31-20) 5722610*
*Chamber of Commerce 33205112*

CONFIDENTIAL



## CITCO
### Citco Fund Services
### (Europe) B.V.

| | |
|---|---|
| ROYAL BANK OF CANADA (ASIA) LTD | Fund ID       : 03302 |
| 3 CHURCH STREET | Holder ID    : 00153313 |
| #27-01/08 | Account ID  : 05062953 |
| SAMSUNG HUB | Contract No. : 69582202 |
| SINGAPORE 049483 | Date         : May-13-2009 |
| | Order No.    : 2352217 |
| | Email        : RBSGSECOPSTRUST@RBC.COM |
| CATHERINE CHAN | FAX Number : 0065 6536 9104 |

Account name: ROYAL BANK OF CANADA (ASIA) LTD - CLIENTS ACCOUNT

### FAIRFIELD SENTRY LIMITED

In accordance with your instructions we confirm having REDEEMED the following voting shares from FAIRFIELD SENTRY LIMITED

| | | |
|---|---|---|
| Valuation/NAV Date | | Oct-31-2008 |
| Trade Date | | Nov-01-2008 |
| Payment Date | | Nov-19-2008 |
| | | |
| No. of voting shares Redeemed | | 400.9137 |
| Redemption Price | USD | 1,349.7782 |
| Gross Redemption Proceeds | USD | 541,144.57 |
| | | |
| Net Redemption Proceeds | USD | 541,144.57 |
| | | |
| Amount to be Paid | USD | 541,144.57 |
| | | |
| Proceeds Paid to Date | USD | 541,144.57 |

Your balance following this transaction will be 8,922.5562 voting shares .

This trade was executed on    Nov-14-2008
For more information or any inquiries, please contact Citco Investor Relations Group
Tel: (31-20) 572 2850 Fax: (31-20) 572 2610 E-mail: amscfsclientdesk@citco.com

*Citco Building*
*Telestone - Teleport*
*Naritaweg 165*
*1043 BW Amsterdam*
*The Netherlands*

*www.citco.com*

*Phone: (31-20) 5722100*
*Fax:   (31-20) 5722610*
*Chamber of Commerce 33205112*

CONFIDENTIAL



**CITCO**
*Citco Fund Services*
*(Europe) B.V.*

| | |
|---|---|
| ROYAL BANK OF CANADA (SUISSE)<br>RUE DIDAY 6<br>CH-1204 GENEVA<br>SWITZERLAND | Fund ID : 03302<br>Holder ID : 00084502<br>Account ID : 00000011<br>Contract No. : 69585702<br>Date : May-13-2009<br>Order No. : 2334917 |
| BRUNO MOREL<br>Account name: ROYAL BANK OF CANADA (SUISSE) | FAX Number : 0041 22 819 4343 |

## FAIRFIELD SENTRY LIMITED

In accordance with your instructions we confirm having REDEEMED the following voting shares from FAIRFIELD SENTRY LIMITED

| | | |
|---|---|---|
| Valuation/NAV Date | | Oct-31-2008 |
| Trade Date | | Nov-01-2008 |
| Payment Date | | Nov-19-2008 |
| No. of voting shares Redeemed | | 87.0450 |
| Redemption Price | USD | 1,349.7782 |
| Gross Redemption Proceeds | USD | 117,491.44 |
| Net Redemption Proceeds | USD | 117,491.44 |
| Amount to be Paid | USD | 117,491.44 |
| Proceeds Paid to Date | USD | 117,491.44 |

Your balance following this transaction will be 2,698.3620 voting shares .

This trade was executed on    Nov-14-2008
For more information or any inquiries, please contact Citco Investor Relations Group
Tel: (31-20) 572 2850 Fax: (31-20) 572 2610 E-mail: amscfsclientdesk@citco.com

*Citco Building*
*Telestone - Teleport*
*Naritaweg 165*
*1043 BW Amsterdam*
*The Netherlands*

*www.citco.com*

*Phone: (31-20) 5722100*
*Fax:   (31-20) 5722610*
*Chamber of Commerce 33205112*

CONFIDENTIAL

# CITCO
*Citco Fund Services*
*(Europe) B.V.*

ROYAL BANK OF CANADA (SUISSE)
RUE DIDAY 6
CH-1204 GENEVA
SWITZERLAND

| | |
|---|---|
| Fund ID | : 03302 |
| Holder ID | : 00084502 |
| Account ID | : 00000011 |
| Contract No. | : 69585802 |
| Date | : May-13-2009 |
| Order No. | : 2507817 |

BRUNO MOREL
Account name: ROYAL BANK OF CANADA (SUISSE)

FAX Number : 0041 22 819 4343

## FAIRFIELD SENTRY LIMITED

In accordance with your instructions we confirm having REDEEMED the following voting shares from FAIRFIELD SENTRY LIMITED

| | | |
|---|---|---|
| Valuation/NAV Date | | Oct-31-2008 |
| Trade Date | | Nov-01-2008 |
| Payment Date | | Nov-19-2008 |
| No. of voting shares Redeemed | | 92.0800 |
| Redemption Price | USD | 1,349.7782 |
| Gross Redemption Proceeds | USD | 124,287.58 |
| Net Redemption Proceeds | USD | 124,287.58 |
| Amount to be Paid | USD | 124,287.58 |
| Proceeds Paid to Date | USD | 124,287.58 |

Your balance following this transaction will be 2,698.3620 voting shares .

This trade was executed on   Nov-14-2008
For more information or any inquiries, please contact Citco Investor Relations Group
Tel: (31-20) 572 2850 Fax: (31-20) 572 2610  E-mail: amscfsclientdesk@citco.com

*Citco Building*
*Telestone - Teleport*
*Naritaweg 165*
*1043 BW Amsterdam*
*The Netherlands*

*www.citco.com*

Phone: (31-20) 5722100
Fax:   (31-20) 5722610
*Chamber of Commerce 33205112*

CONFIDENTIAL

# CITCO
### Citco Fund Services
### (Europe) B.V.

ROYAL BANK OF CANADA (SUISSE)
RUE DIDAY 6
CH-1204 GENEVA
SWITZERLAND

| | |
|---|---|
| Fund ID | : 03302 |
| Holder ID | : 00084502 |
| Account ID | : 00000011 |
| Contract No. | : 69585902 |
| Date | : May-13-2009 |
| Order No. | : 2487617 |

BRUNO MOREL
Account name: ROYAL BANK OF CANADA (SUISSE)

FAX Number : 0041 22 819 4343

## FAIRFIELD SENTRY LIMITED

In accordance with your instructions we confirm having REDEEMED the following voting shares from FAIRFIELD SENTRY LIMITED

| | | |
|---|---|---|
| Valuation/NAV Date | | Oct-31-2008 |
| Trade Date | | Nov-01-2008 |
| Payment Date | | Nov-19-2008 |
| | | |
| No. of voting shares Redeemed | | 106.0200 |
| Redemption Price | USD | 1,349.7782 |
| Gross Redemption Proceeds | USD | 143,103.48 |
| | | |
| Net Redemption Proceeds | USD | 143,103.48 |
| | | |
| Amount to be Paid | USD | 143,103.48 |
| | | |
| Proceeds Paid to Date | USD | 143,103.48 |

Your balance following this transaction will be 2,698.3620 voting shares .

This trade was executed on    Nov-14-2008
For more information or any inquiries, please contact Citco Investor Relations Group
Tel: (31-20) 572 2850 Fax: (31-20) 572 2610  E-mail: amscfsclientdesk@citco.com

| | | |
|---|---|---|
| *Citco Building* | *www.citco.com* | *Phone:  (31-20) 5722100* |
| *Telestone - Teleport* | | *Fax:    (31-20) 5722610* |
| *Naritaweg 165* | | *Chamber of Commerce 33205112* |
| *1043 BW Amsterdam* | | |
| *The Netherlands* | | |

CONFIDENTIAL



ROYAL BANK OF CANADA (SUISSE)
RUE DIDAY 6
CH-1204 GENEVA
SWITZERLAND

| | |
|---|---|
| Fund ID | : 03302 |
| Holder ID | : 00084502 |
| Account ID | : 00000011 |
| Contract No. | : 69586002 |
| Date | : May-13-2009 |
| Order No. | : 1649417 |

BRUNO MOREL
Account name: ROYAL BANK OF CANADA (SUISSE)

FAX Number : 0041 22 819 4343

### FAIRFIELD SENTRY LIMITED

In accordance with your instructions we confirm having REDEEMED the following voting shares from FAIRFIELD SENTRY LIMITED

| | | |
|---|---|---|
| Valuation/NAV Date | | Oct-31-2008 |
| Trade Date | | Nov-01-2008 |
| Payment Date | | Nov-19-2008 |
| No. of voting shares Redeemed | | 176.2000 |
| Redemption Price | USD | 1,349.7782 |
| Gross Redemption Proceeds | USD | 237,830.92 |
| Net Redemption Proceeds | USD | 237,830.92 |
| Amount to be Paid | USD | 237,830.92 |
| Proceeds Paid to Date | USD | 237,830.92 |

Your balance following this transaction will be 2,698.3620 voting shares .

This trade was executed on    Nov-14-2008
For more information or any inquiries, please contact Citco Investor Relations Group
Tel: (31-20) 572 2850 Fax: (31-20) 572 2610  E-mail: amscfsclientdesk@citco.com

*Citco Building*
*Telestone - Teleport*
*Naritaweg 165*
*1043 BW Amsterdam*
*The Netherlands*

*www.citco.com*

*Phone: (31-20) 5722100*
*Fax:    (31-20) 5722610*
*Chamber of Commerce 33205112*

CONFIDENTIAL



## CITCO
### Citco Fund Services
### (Europe) B.V.

ROYAL BANK OF CANADA (SUISSE)
RUE DIDAY 6
CH-1204 GENEVA
SWITZERLAND

| | |
|---|---|
| Fund ID | : 03302 |
| Holder ID | : 00084502 |
| Account ID | : 00000011 |
| Contract No. | : 69586502 |
| Date | : May-13-2009 |
| Order No. | : 2372717 |

BRUNO MOREL                                 FAX Number : 0041 22 819 4343
Account name: ROYAL BANK OF CANADA (SUISSE)

### FAIRFIELD SENTRY LIMITED

In accordance with your instructions we confirm having REDEEMED the following voting shares from FAIRFIELD SENTRY LIMITED

| | | |
|---|---|---|
| Valuation/NAV Date | | Oct-31-2008 |
| Trade Date | | Nov-01-2008 |
| Payment Date | | Nov-19-2008 |
| | | |
| No. of voting shares Redeemed | | 609.5600 |
| Redemption Price | USD | 1,349.7782 |
| Gross Redemption Proceeds | USD | 822,770.80 |
| | | |
| Net Redemption Proceeds | USD | 822,770.80 |
| | | |
| Amount to be Paid | USD | 822,770.80 |
| | | |
| Proceeds Paid to Date | USD | 822,770.80 |

Your balance following this transaction will be 2,698.3620 voting shares .

This trade was executed on    Nov-14-2008
For more information or any inquiries, please contact Citco Investor Relations Group
Tel: (31-20) 572 2850 Fax: (31-20) 572 2610  E-mail: amscfsclientdesk@citco.com

*Citco Building*
*Telestone - Teleport*
*Naritaweg 165*
*1043 BW Amsterdam*
*The Netherlands*

*www.citco.com*

*Phone: (31-20) 5722100*
*Fax:   (31-20) 5722610*
*Chamber of Commerce 33205112*

CONFIDENTIAL



**CITCO**
*Citco Fund Services*
*(Europe) B.V.*

RBC DEXIA INVESTOR SERVICES ESPAÑA SA
FERNANDO EL SANTO 20
28010
MADRID
SPAIN

| | |
|---|---|
| Fund ID | : 04702 |
| Holder ID | : 00651502 |
| Account ID | : 08730635 |
| Contract No. | : 69649202 |
| Date | : Jun-11-2009 |
| Order No. | : 2520617 |
| Email | : llcintl@rbcdexia-is.es |
| FAX Number | : +34913609998 |

Account name: RBC DEXIA INVESTOR SERVICES ESPAÑA SA

### FAIRFIELD SIGMA LIMITED

In accordance with your instructions we confirm having REDEEMED the following voting-shares from FAIRFIELD SIGMA LIMITED

| | | |
|---|---|---|
| Valuation/NAV Date | | Oct-31-2008 |
| Trade Date | | Nov-01-2008 |
| Payment Date | | Nov-21-2008 |
| | | |
| No. of voting-shares Redeemed | | 545.2878 |
| Redemption Price | EUR | 194.7375 |
| Gross Redemption Proceeds | EUR | 106,187.98 |
| | | |
| Net Redemption Proceeds | EUR | 106,187.98 |
| Amount to be Paid | EUR | 106,187.98 |
| Proceeds Paid to Date | EUR | 106,187.98 |

Your balance following this transaction will be 2,890.0253 voting-shares.

Note: 2008101411300065302

For more information or any inquiries, please contact Citco Investor Relations Group
Tel: (31-20) 572 2850 Fax: (31-20) 572 2610 E-mail: amscfsclientdesk@citco.com

*Citco Building*
*Telestone - Teleport*
*Naritaweg 165*
*1043 BW Amsterdam*
*The Netherlands*

*www.citco.com*

*Phone: (31-20) 5722100*
*Fax:    (31-20) 5722610*
*Chamber of Commerce 33205112*

CONFIDENTIAL

# C I T C O

*Citco Fund Services
(Europe) B.V.*

RBC DEXIA INVESTOR SERVICES ESPAÑA SA
FERNANDO EL SANTO 20
28010
MADRID
SPAIN

| | |
|---|---|
| Fund ID | : 04702 |
| Holder ID | : 00651502 |
| Account ID | : 08730635 |
| Contract No. | : 69650802 |
| Date | : Jun-11-2009 |
| Order No. | : 2520717 |
| Email | : ilcintl@rbcdexia-is.es |
| FAX Number | : +34913609998 |

Account name: RBC DEXIA INVESTOR SERVICES ESPAÑA SA

## FAIRFIELD SIGMA LIMITED

In accordance with your instructions we confirm having REDEEMED the following voting-shares from FAIRFIELD SIGMA LIMITED

| | | |
|---|---|---|
| Valuation/NAV Date | | Oct-31-2008 |
| Trade Date | | Nov-01-2008 |
| Payment Date | | Nov-21-2008 |
| No. of voting-shares Redeemed | | 5,623.7972 |
| Redemption Price | EUR | 194.7375 |
| Gross Redemption Proceeds | EUR | 1,095,164.21 |
| Net Redemption Proceeds | EUR . | 1,095,164.21 |
| Amount to be Paid | EUR | 1,095,164.21 |
| Proceeds Paid to Date | EUR | 1,095,164.21 |

Your balance following this transaction will be 2,890.0253 voting-shares.

Note: 2008101411300065302
For more information or any inquiries, please contact Citco Investor Relations Group
Tel: (31-20) 572 2850 Fax: (31-20) 572 2610 E-mail: amscfsclientdesk@citco.com

*Citco Building
Telestone - Teleport
Naritaweg 165
1043 BW Amsterdam
• The Netherlands*

*www.citco.com*

*Phone: (31-20) 5722100
Fax:    (31-20) 5722610
Chamber of Commerce 33205112*

CONFIDENTIAL

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SECURITIES INVESTOR PROTECTION
CORPORATION,

        Plaintiff,

        v.

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

        Defendant.

Adv. Pro. No. 08-01789-BRL

SIPA Liquidation

## ORDER GRANTING AUTHORITY TO ISSUE SUBPOENAS FOR THE PRODUCTION OF DOCUMENTS AND THE EXAMINATION OF WITNESSES

This matter came before the Court on the motion (the "Motion")[1] of Irving H. Picard,

Esq. ("Trustee"), as Trustee for the liquidation of the business of Bernard L. Madoff Investment

Securities LLC ("Debtor"), for an order authorizing the Trustee to compel the production of

documents and the testimony of witnesses through the issuance of Rule 2004 Subpoenas without

further order of the Court and establishing procedures in connection with such subpoenas, as

more fully described in the Motion; and the Court having jurisdiction to consider the Motion and

the relief requested therein; and it appearing that the relief requested by the Motion is necessary

and in the best interests of the estate, its customers, its creditors, and all parties in interest; and

due notice of the Motion having been given, and it appearing that no other or further notice need

be given; and the Court having determined that the Trustee articulated good cause for the relief

requested in the Motion; and the Court having determined that the legal and factual bases set

forth in the Motion establish just cause for the relief granted herein; and upon the proceedings

before the Court and after due deliberation,

**IT IS HEREBY ORDERED THAT:**

1.    The Motion is granted.

2.    The Trustee hereby is authorized to issue and serve Rule 2004 Subpoenas for examinations pursuant to Bankruptcy Rule 2004 without further order of the Court.

3.    The Trustee shall serve each Rule 2004 Subpoena and a copy of the order entered pursuant to this Motion on (i) the target of the Rule 2004 Subpoena, (ii) SIPC, (iii) the SEC, (iv) the Internal Revenue Service, and (v) the United States Attorney for the Southern District of New York.

4.    The Trustee shall cooperate fully with the U.S Department of Justice, and any other federal agency designated by them (collectively, the "Government"), in any matter that the Government is currently or in the future may be investigating regarding the Debtor, its management or its financial condition. The Trustee shall use best efforts to coordinate with the Government in order to avoid unnecessary interference with any investigations conducted by the Government. The Trustee will follow a reasonable protocol to be established jointly with the Government for the sharing of information and such sharing shall be subject to appropriate conditions to protect the Debtor's estate, including but not limited to, the preservation of the attorney-client privilege and protections of the work product doctrine. If the Trustee and the Government disagree as to the appropriateness of a proposed action to be taken pursuant to this Order, the Trustee reserves the right to seek a determination from the Court.

5.    The Trustee shall file with the Court an affidavit or declaration of service for each Rule 2004 Subpoena he serves.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

-2-

6.      Recipients of a Rule 2004 Subpoena and any party in interest shall have ten (10) days after any Rule 2004 Subpoena is served to object to and/or seek to quash such Rule 2004 Subpoena.

7.      Recipients of a Rule 2004 Subpoena are directed to produce, on a rolling basis, all responsive documents within ten (10) days of the service of the subpoena (unless otherwise agreed by the Trustee), subject to any documents withheld under a claim of privilege.

8.      If a witness withholds any documents based upon a claim of privilege, the witness shall provide counsel for the Trustee with a privilege log containing the information required under Bankruptcy Rule 7026(a)(5), within ten (10) days of the service of a subpoena upon that witness (unless otherwise agreed by the Trustee).

9.      Recipients of a Rule 2004 Subpoena are directed to submit to oral examination upon reasonable notice and, absent other agreement with the Trustee, in no event more than fifteen (15) days from the service of a deposition subpoena upon the recipient of said subpoena.

10.     This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated: New York, New York
       January 12, 2009


/s/ BURTON R. LIFLAND
UNITED STATES BANKRUPTCY JUDGE


-3-