**CHAITMAN LLP**
465 Park Avenue
New York, New York 10022
(908) 303-4568
hchaitman@chaitmanllp.com

*Attorneys for Defendants*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------

SECURITIES INVESTOR PROTECTION
CORPORATION,

                     Plaintiff-Applicant,

    v.

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

                     Defendant.

-----------------------------------------------------------

In re:

BERNARD L. MADOFF,

                     Debtor.

IRVING H. PICARD, Trustee for the Liquidation of
Bernard L. Madoff Investment Securities LLC,

                     Plaintiff,

    v.

CAROL L. KAMENSTEIN, individually and in her
capacity as joint tenant, DAVID R. KAMENSTEIN,
individually and in his capacity as joint tenant, SLOAN
G. KAMENSTEIN, and TRACY D. KAMENSTEIN,

                     Defendants.

-----------------------------------------------------------

Adv. Pro. No. 08-1789 (SMB)

SIPA LIQUIDATION

(Substantively Consolidated)

Adv. Pro. No. 10-04469 (SMB)

**JURY TRIAL DEMANDED**

**DECLARATION IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**
**AND MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

I, DAVID R. KAMENSTEIN, declare pursuant to 28 U.S.C. § 1746, under penalty of perjury under the laws of the United States of America, that the following is true and correct:

1.     I am a defendant in this action, the husband of Carol Kamenstein, and the father of Tracy D. Kamenstein and Sloan G. Kamenstein. I submit this declaration in support of Tracy's motion for partial summary judgment and the motion, on behalf of all of us, to dismiss the Complaint for lack of subject matter jurisdiction. In the last two years of Madoff's operation, from December 11, 2006 to December 11, 2008, Tracy did not receive any withdrawals from her Madoff account. Thus, the complaint should be dismissed against Tracy.

**The history of the family accounts**

2.     On April 11, 1984, Carol and I formed two trusts for the benefit of our children, Tracy and Sloan. *See* **Ex. A** (Trust Agreement for the 1984 Tracy Dara Kamenstein Irrevocable Trust (the "Tracy Trust") [AMF00267661-696]); and **Ex. B** (Trust Agreement for the 1984 Sloan George Kamenstein Irrevocable Trust [AMF00267776-811] (the "Sloan Trust" and, collectively, "the Trust Agreements" or "the Trusts")). I am the Trustee of the Tracy Trust and Carol is the Trustee of the Sloan Trust. *See* **Ex**. **A** at cover, preamble and p. 33 (Tracy Trust [AMF00267661-696 at 697, 662 and 694]); *see* **Ex**. **B** at cover, preamble and p. 34 (Sloan Trust [AMF00267776-811 at 776, 777 and 809]). However, I handled all communications with Madoff for the entire family.

3.     Under the Trust Agreements, each of our children was to receive the principal and income of the Trusts by age 36. *See* **Ex**. **A** at 7, Section E.1(c) (Tracy Trust [AMF00267661-696 at 668]); *see* **Ex**. **B** at 8, Section E.1(c) (Sloan Trust [AMF00267776-811 at 783]). However, neither Carol nor I made this distribution nor did either of us make any changes in the accounts' ownership or management after Tracy and Sloan had their 36th birthdays, Tracy on November 22,

1

2000, and Sloan on February 24, 2004. I continued, through December 11, 2008, to manage the Madoff accounts of Tracy and Sloan as Trust accounts with Carol and me serving as the Trustees. Thus, at all times, all communications with Madoff were from me, on behalf of Carol, Tracy and Sloan. *See* **Ex. C** (Compilation of Withdrawal Requests [multiple bates nos.]).

4.    In July 2003, Carol and I opened a joint account with Bernard L. Madoff, Account No. 1CM247. *See* **Ex. D** (Account Opening Documents [AMF00250599-617]). By letter dated December 23, 2004, we requested that Madoff split equally the balance in the joint account and open two separate accounts, one in my name and one in Carol's name. *See* **Ex. E** (Letter dated December 23, 2004 to Jodi Crupi [AMF00250545]).

5.    I opened a Madoff account for Tracy's Trust, Account No. 1CM596 (the "Tracy Trust Account"), which I signed as Trustee on August 23, 1999. On the same date, I understand that Carol opened a Madoff account for Sloan's Trust, Account No. 1CM597(the "Sloan Trust Account"). *See* **Ex**. **F** (Account Opening Documents for the Tracy Trust Account [AMF00267652-96]); and **Ex. G** (Account Opening Documents for the Sloan Trust Account [AMF00267767-811]).

**Day-to-day management of the Madoff accounts**

6.    All of the withdrawal requests were handled by me.  Typically, I would write a letter to Jodi Crupi at Madoff's office requesting the withdrawal checks from our accounts. Barbara Clark was our bookkeeper and I told Ms. Crupi that, if she had any questions, she could contact Ms. Clark. *See, e.g.,* **Ex**. **C** (Withdrawal Requests dated January 2, 2007 and December 1, 2008 [10-04469 Kamenstein 0000117-18; AMF00267597]).

7.      My practice over the entire time period that we had the four Madoff accounts was for withdrawals to go into a bank account owned by Carol and me jointly.  *See e.g.* **Ex. H** (Withdrawal Checks dated January 5, 2004 from Account No. 1CM247, David R. Kamenstein and Carol Kamenstein J/T WROS [JPMSAF0019840-41]; from Account No. 1CM597, Sloan G. Kamenstein [JPMSAF0019848-49]; and from Account No. 1CM596 Tracy D. Kamenstein [JPMSAF0019846-47], all deposited into a First Union Bank account ending 822); *see* **Ex. I** (Letter dated November 13, 2001 from me to Jodi Crupi defining the account ending in 822 as the David and Carol Kamenstein "CAP" account [AMF00250573]).

8.      A typical communication to Ms. Clark is attached hereto as **Ex**. **J** (Communication with instructions to Ms. Clark dated August 4, 2008 [10-04469 Kamenstein 0000153-54 at 10-04469 Kamenstein 0000154]).  In this letter, I state that all funds from withdrawals from each of the four accounts that I requested on August 4, 2008 should be put in the "CKDK CAP account. And draw against as you need $ to pay bills."  *See id.*; *see also* **Ex. I** (Letter dated November 13, 2001 from me to Jodi Crupi defining the account ending in 822 as the David and Carol Kamenstein "CAP" account [AMF00250573]).

9.      For estate planning purposes, all of our bank accounts bore all four of our names, including those of our children. Carol and I always included Tracy and Sloan as owners of our bank accounts so that, in the event of our death, they would have immediate access to our funds. However, neither Tracy nor Sloan ever accessed accounts owned by Carol and me.  The understanding always was that the accounts Carol and I had were owned by us and could be accessed by Tracy and Sloan only if we were dead or incapacitated.

10.    The CKDK Cap account at Wachovia Bank, previously First Union Bank, was one of those accounts.  Its account number ended in 822.  It belonged to Carol and me, although, as set forth above, all four of our names were on the account.  *See e.g.* **Ex. I** (Letter dated November 13, 2001 to Jodi Crupi defining the account ending in 822 as the David and Carol Kamenstein "CAP" account [AMF00250573]).

11.    All withdrawal checks from Madoff to Carol, Sloan, Tracy and me from December 11, 2006 to December 11, 2008 were deposited into that account. *See, e.g.,* **Ex. C** (Compilation of Withdrawal Requests [multiple bates nos.]).

12.    Since Tracy and Sloan were both independent and self-supporting, the money in the Trusts was, in the vast majority of instances, deposited into a joint account belonging to Carol and me and used for our own support.  Within the clawback period, all of the money from all our Madoff accounts was deposited into the CKDK CAP Account. *See id.*

13.    As the Trustee's expert, Lisa Collura admits, Tracy received no funds from her Madoff account during the clawback period.  *See* **Ex. K** ("Reconciliation and Tracing Results" – Kamenstein Accounts ("Collura Report") Ex. 6 at 19-26); *see also* **Ex**. **L** (Compilation of Checks Written to Tracy D. Kamenstein [multiple bates nos.]).

14.    Accordingly, this Court should grant partial summary judgment to Tracy dismissing the Complaint against her because she did not receive any of the transfers in question. Further, this Court should grant summary judgment dismissing the Complaint as against all of us for lack of subject matter jurisdiction.

David R. Kamenstein

Dated: 16 November, 2020

5