**CHAITMAN LLP**
465 Park Avenue
New York, New York 10022
(908) 303-4568
hchaitman@chaitmanllp.com

*Attorneys for Defendants*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------
SECURITIES INVESTOR PROTECTION
CORPORATION,

                    Plaintiff-Applicant,

v.

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

                    Defendant.
---------------------------------------------------------------
In re:

BERNARD L. MADOFF,

                    Debtor.

IRVING H. PICARD, Trustee for the Liquidation of
Bernard L. Madoff Investment Securities LLC,

                    Plaintiff,

v.

CAROL L. KAMENSTEIN, individually and in her
capacity as joint tenant, DAVID R. KAMENSTEIN,
individually and in his capacity as joint tenant, SLOAN
G. KAMENSTEIN, and TRACY D. KAMENSTEIN,

                    Defendants.
---------------------------------------------------------------

Adv. Pro. No. 08-1789 (SMB)

SIPA LIQUIDATION

(Substantively Consolidated)

Adv. Pro. No. 10-04469 (SMB)

**JURY TRIAL DEMANDED**

**DECLARATION IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT
AND MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

I, TRACY D. KAMENSTEIN, declare pursuant to 28 U.S.C. § 1746, under penalty of perjury under the laws of the United States of America, that the following is true and correct:

1. I am a defendant in this action. I submit this declaration in support of my motion for partial summary judgment, and the motion, made on behalf of all of us, to dismiss the Complaint for lack of subject matter jurisdiction. As I explain herein, in the last two years of Madoff's operation, from December 11, 2006 to December 11, 2008 (the "Clawback Period"), I did not receive the benefit of any withdrawals from my trust account with Madoff, Account No. 1CM596 (the "Tracy Trust Account"). Thus, the Complaint should be dismissed against me.

**The History of the Tracy Trust Account**

2. On April 11, 1984, my parents formed two Trusts each for the benefit of me and my brother Sloan. *See* Declaration of David Kamenstein, dated November 16, 2020 ("David Dec.") **Ex. A** (Trust Agreement for the 1984 Tracy Dara Kamenstein Irrevocable Trust (the "Tracy Trust") [AMF00267661-696]); *see* David Dec., **Ex**. **B** (Trust Agreement for the 1984 Sloan George Kamenstein Irrevocable Trust (the "Sloan Trust") [AMF00267776-811]). My father, David is the Trustee of the Tracy Trust. *See* David Dec., **Ex. A** at *e.g.* cover, preamble, and p. 33 (Tracy Trust [AMF00267661-696 at 661, 662 and 694]).

3. On August 23, 1999, my father, as trustee, opened an account with Madoff for the Tracy Trust. It was assigned Account No. 1CM596 (the "Tracy Trust Account"). *See* David Dec., **Ex**. **F** (Account Opening Documents for the Tracy Trust Account [AMF00267652-696]). My father controlled and managed the Tracy Trust Account and all communications with Madoff for the entire family. *See e.g.* David Dec. at ¶¶ 2, 3 and 6.

4. Under the Tracy Trust Agreement, I was to receive the principal and income of the Tracy Trust by age 36. *See* David Dec., **Ex**. **A** at 7, Section E.1(c) (Tracy Trust Agreement

1

[AMF0026766-696 at 668]). I was born on November 22, 1964. I turned 36 on November 22, 2000. However, I did not receive a distribution nor was I aware of any distributions received on my behalf at this time. My father continued, through December 11, 2008, to manage the Tracy Trust, and serve as the Trustee. At all times, all communications with Madoff were from my father, on behalf of the entire family. *See* David Dec. at ¶¶ 2 and 3.

**Day-to-day management of the Tracy Trust Account**

5. I had no involvement in the management or operations of the Tracy Trust Account. I did not request withdrawal checks from Madoff. All of the withdrawal requests were handled by my father. *See, e.g.,* David Dec. at ¶¶ 2, 3 and 6.

6. For estate planning purposes, my parents always included me and my brother Sloan as owners of their bank accounts so that, in the event of their death or incapacitation, we would have immediate access to their funds. However, I clearly understood that I had no right to access any of these bank accounts and I never did. *See e.g.* David Dec. at ¶ 9.

**Withdrawal Checks from the Tracy Trust Account**

7. I gather that the Trustee seeks to recover the amount of $452,314 from me, representing what he claims is the value of the withdrawals from the Tracy Trust Account over principal during the Clawback Period *See* Complaint at Ex. B, Account 1CM596, Column 10; *see also* David Dec., **Ex**. **L** (Compilation of Withdrawal Checks written to me from Madoff [multiple bates nos.]).

8. However, I did not receive the benefit of any funds withdrawn from the Tracy Trust Account in the last two years of Madoff's operations. I did not request nor receive the benefit of any withdrawals, which were all requested by my father. He also instructed the deposits. *See* David Dec. at ¶¶ 7, 9, 11, 12 and 13; *see, e.g.,* David Dec., **Ex. C** (Compilation of Withdrawal Requests [multiple bates nos.]).

2

9. As the Trustee's expert, Lisa Collura, admits, I did not receive any funds. *See* David Dec., **Ex.** K ("Reconciliation and Tracing Results" – Kamenstein Accounts ("Collura Report") Ex. 6 at 19-26).

10. Accordingly, this Court should grant partial summary judgment dismissing the Complaint against me because I did not receive any of the transfers in question. Further, this Court should grant summary judgment dismissing the Complaint as against all of us for lack of subject matter jurisdiction.

Tracy D. Kamenstein

Executed on 16 November, 2020.