**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation of*
*Bernard L. Madoff Investment Securities LLC and*
*the chapter 7 Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>          Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>          Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>          Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff,<br><br>          Plaintiff,<br><br>v.<br><br>BAM L.P., MICHAEL MANN, and MERYL MANN,<br><br>          Defendants. | Adv. Pro. No. 10-04390 (CGM) |

**TRUSTEE'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF**
**SUMMARY JUDGMENT MOTION FOR PREJUDGMENT INTEREST**

## <u>TABLE OF CONTENTS</u>

**Page**

PRELIMINARY STATEMENT ....................................................................................1

ARGUMENT ...............................................................................................................2

I.     THE TRUSTEE IS ENTITLED TO PREJUDGMENT INTEREST ..................................2

     A.     Defendants' Good Faith Does Not Preclude Prejudgment Interest Award ............2

     B.     Section 550(a) Of The Bankruptcy Code Does Not Fix Damages At The Amount Of Transfer.......................................................................................4

     C.     Defendants' Strict Liability For The Return of Fictitious Profits Is The Law Of The Case ...........................................................................................6

     D.     The Current Value of the Customer Fund Is Not A Basis To Exclude Prejudgment Interest ................................................................................8

     E.     The Trustee Has Been Consistent In His Pursuit Of Prejudgment Interest ............9

II.     THE FEDERAL POST-JUDGMENT RATE UNDER 28 U.S.C. § 1961 IS NOT APPLICABLE TO PREJUDGMENT INTEREST ...........................................................11

III.     DEFENDANTS' PAYMENT OF TAXES SHOULD NOT REDUCE OR OFFSET THE AWARD OF PREJUDGMENT INTEREST ...........................................14

CONCLUSION.................................................................................................16

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ackerman v. Kovac (In re All Am. Petrol. Corp.)*,
    259 B.R. 6 (Bankr. E.D.N.Y. 2001) .........................................................................5

*Alfano v. CIGNA Life Ins. Co. of New York*,
    No. 07 Civ. 9661 (GEL), 2009 WL 890626 (S.D.N.Y. Apr. 2, 2009) ...................12

*Blankenship v. Liberty Life Assur. Co.*,
    486 F.3d 620 (9th Cir. 2007) ...............................................................................11

*In re Belmonte*,
    931 F.3d 147 (2d Cir. 2019)..................................................................................5

*Bruno Mach. Corp. v. Troy Die Cutting Co. (In re Bruno Mach. Corp.)*,
    435 B.R. 819 (Bankr. N.D.N.Y. 2010) ..............................................................5, 6

*Buchwald v. Renco Grp.*,
    539 B.R. 31 (S.D.N.Y. 2015), *aff'd sub nom. In re Magnesium Corp. of Am.*,
    682 F. App'x 24 (2d Cir. 2017) ............................................................................10

*Carroll v. Tese–Milner (In re Red Dot Scenic, Inc.)*,
    351 F.3d 57 (2d Cir. 2003)....................................................................................6

*In re Centennial Textiles, Inc.*,
    220 B.R. 165 (Bankr. S.D.N.Y. 1998)...................................................................6

*CNB Int'l, Inc. v. Kelleher (In re CNB Int'l Inc.)*,
    393 B.R. 306 (Bankr. W.D.N.Y. 2008), *aff'd on other groun*ds, 440 B.R. 31
    (W.D.N.Y. 2010) ...................................................................................................4

*Davis v. Binswanger Corporate Servs., Inc. (In re Quebecor Worlds (USA) Inc.)*,
    No. 08-10152 (SHL), 2013 WL 5365404 (Bankr. S.D.N.Y. Sept. 25, 2013) ..........5

*Dow Chem. Pac. Ltd. v. Rascator Mar., S.A.*,
    640 F. Supp. 882 (S.D.N.Y. 1986) .......................................................................3

*In re FKF 3, LLC*,
    No. 13 Civ. 3601 (JCM), 2018 WL 5292131 (S.D.N.Y. Oct. 24, 2018)...............11

*Gen. Facilities, Inc. v. Nat'l Marine Serv., Inc.*,
    664 F.2d 672 (8th Cir. 1981) ..............................................................................11

*Gen. Motors Corp. v. Devex Corp.*,
    461 U.S. 648 (1983)............................................................................................2

*Gill v. Maddalena (In re Maddalena)*,
    176 B.R. 551 (C.D. Cal. 1995) ......................................................................3, 8

*In re Globe Mfg. Corp.*,
    567 F.3d 1291 (11th Cir. 2009) ........................................................................3

*Gray v. Travelers Ins. Co. (In re Neponset)*,
    219 B.R. 918 (Bankr.D.Mass.1998) .................................................................8

*Gust, Inc. v. Alphacap Ventures, LLC*,
    No. 15CV6192 (DLC), 2017 WL 2875642 (S.D.N.Y. July 6, 2017), *rev'd on
    other grounds*, 905 F.3d 1321 (Fed. Cir. 2018) .............................................12

*Hirsch v. Steinberg (In re Colonial Realty Co.)*,
    226 B.R. 513 (Bankr. Conn. 1998) ................................................................7, 8

*Jones v. UNUM Life Ins. Co.*,
    223 F.3d 130 (2d Cir. 2000).........................................................................5, 12

*Jones v. UNUM Life Ins. Co. of Am.*,
    No. 95 Civ. 5808 (KTD), 1998 WL 778366 (S.D.N.Y. Nov. 6, 1998) ...........12

*Joseph v. Madray (In re Brun)*,
    360 B.R. 669 (Bankr. C.D. Cal. 2007).............................................................6

*Kaiser Aluminum & Chem. Corp. v. Bonjorno*,
    494 U.S. 827 (1990)........................................................................................11

*In re Khan*,
    No. 14-MC-01674 (PKC), 2016 WL 6652724 (E.D.N.Y. Nov. 10, 2016) .............3

*Littleton v. Lanac Invs. LLC (In re Kudzu Marine, Inc.)*,
    569 B.R. 192 (Bankr. S.D. Ala. 2017)..............................................................5

*In re Livent, Inc.*,
    360 F. Supp. 2d 568 (S.D.N.Y. 2005)..............................................................13

*Lodges 743 and 1746 v. United Aircraft Corp.*,
    534 F.2d 422 (2d Cir. 1976)..............................................................................3

*McHale v. Boulder Capital LLC (In re The 1031 Tax Grp., LLC)*,
    439 B.R. 84 (Bankr. S.D.N.Y. 2010)........................................................4, 5, 12

*Menotte v. Oxyde Chemicals, Inc. (In re JSL Chem. Corp.)*,
    424 B.R. 573 (Bankr. S.D. Fla. 2010)...............................................................3

*In re Motors Liquidation Co.*,
    590 B.R. 39 (S.D.N.Y. 2018), *aff'd*, 943 F.3d 125 (2d Cir. 2019), *aff'd*, 792 F.
    App'x 28 (2d Cir. 2019), *aff'd*, 957 F.3d 357 (2d Cir. 2020) ....................................................7

*In re Palermo*,
    739 F.3d 99 (2d Cir. 2014)............................................................................................................10

*Pereira v. United Parcel Serv. of America, Inc. (In re Waterford Wedgwood USA,
    Inc.)*,
    508 B.R. 821 (Bankr. S.D.N.Y. 2014) ......................................................................................2, 4

*Picard v. BAM L.P.*,
    608 B.R. 165 (Bankr. S.D.N.Y. 2019) ....................................................................................7, 15

*Picard v. Lowrey*,
    Adv. Pro. No. 10-04387 (SMB), 2018 WL 1442312 (Bankr. S.D.N.Y. Mar.
    22, 2018), 596 B.R. 451 (S.D.N.Y. 2019), *aff'd sub nom.*, 976 F.3d 184 (2d
    Cir. 2020) .......................................................................................................................................7

*Picard v. Nelson*,
    610 B.R. 197 (Bankr. S.D.N.Y. 2019) ...........................................................................7, 9, 10

*Reid v. Wolf (In re Wolf)*,
    595 B.R. 735 (Bankr. N.D. Ill 2018) ............................................................................................5

*Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Madoff Sec.)*,
    499 B.R. 416 (S.D.N.Y. 2013)......................................................................................................7

*Sec. Inv'r Prot. Corp. v. 2427 Parent Corp. (In re Bernard L. Madoff Inv. Sec.
    LLC)*,
    779 F.3d 74 (2d Cir. 2015)..........................................................................................................13

*Wickham Contracting Co. Inc. v. Local Union No. 3, Int'l Bhd. of Elec. Workers,
    AFL-CIO*,
    955 F.2d 831 (2d Cir. 1992)..........................................................................................................2

**Statutes**

11 U.S.C. § 502(d) ................................................................................................................................9

11 U.S.C. § 544(b) ................................................................................................................................6

11 U.S.C. § 547......................................................................................................................................6

11 U.S.C. § 548......................................................................................................................................4

11 U.S.C. § 548(c) ................................................................................................................................1

11 U.S.C. § 550.................................................................................................................................4, 5

11 U.S.C. § 550(a) ........................................................................................................4, 5, 6, 10

15 U.S.C. § 78fff-2(c)(1)(A)–(D) ...................................................................................................8

15 U.S.C. § 78fff-2(c)(3) ................................................................................................................8

28 U.S.C. § 1961 ...........................................................................................................................11

28 U.S.C. § 1961(a) ......................................................................................................................11

**Rules**

Fed. R. Bankr. P. 7056 ....................................................................................................................1

Fed. R. Bankr. P. 7056-1 .................................................................................................................1

Fed. R. Civ. P. 56 ............................................................................................................................1

N.Y. C.P.L.R. § 5001 ....................................................................................................................13

Irving H. Picard, as trustee ("Trustee") for the substantively consolidated liquidation of

Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor

Protection Act, 15 U.S.C. §§ 78aaa–*lll* ("SIPA"), and the chapter 7 estate of Bernard L. Madoff,

respectfully submits this reply memorandum of law in further support of the Trustee's motion

(the "Motion") under Federal Rule of Civil Procedure 56 (made applicable by Rule 7056 of the

Federal Rules of Bankruptcy Procedure and Southern District of New York Local Bankruptcy

Rule 7056-1), for summary judgment awarding prejudgment interest against Defendants.[1]

## **PRELIMINARY STATEMENT**

Defendants could have prevented the accrual of prejudgment interest on fraudulent

transfers received from BLMIS at any point over the last ten years. But they chose to deploy

delay tactics and engage in unnecessary motion practice in the face of controlling precedent

regarding the avoidance and recovery of fictitious profits in a Ponzi scheme, value under section

548(c), and the Trustee's standing. They chose to do so to the detriment of other customers, net

loser victims who have not, and may not ever, recover their full principal invested with BLMIS.

Defendants may have unwittingly invested in the Ponzi scheme, but they still received and

benefitted from stolen money that was not theirs to spend. Under any other scenario Defendants

surely would expect to pay interest on a loan held for ten years—here they obtained that "interest

free loan" with funds stolen from the net loser victims. The Trustee thus seeks an award of

prejudgment interest against Defendants in the amount of nine percent per annum from the date

he filed his complaint in order to compensate the BLMIS estate for the loss of the customer

property while it was in Defendants' hands.

---

[1] Defined terms shall have the meaning ascribed in the Trustee's Motion and his Statement of Material Facts Pursuant to Local Rule 7056-1 (the "Stmt."). *See Picard v. BAM L.P.*, Adv. Pro. No. 10-04390 (Bankr. S.D.N.Y. Oct. 15, 2020), ECF Nos. 237–38.

## ARGUMENT

### I.    THE TRUSTEE IS ENTITLED TO PREJUDGMENT INTEREST

#### A.    Defendants' Good Faith Does Not Preclude Prejudgment Interest Award

Defendants' claim that prejudgment interest is not appropriate where they "acted innocently without knowledge of the fraud" (Def. Br. at 8) miscomprehends the nature of prejudgment interest.

In *Wickham Contracting Co. Inc. v. Local Union No. 3, Int'l Bhd. of Elec. Workers, AFL-CIO*, the Second Circuit made clear that awards of prejudgment interest are permissible under federal law, and directed courts to consider four factors:

> (i) the need to fully compensate the wronged party for actual damages suffered, (ii) considerations of fairness and the relative equities of the award, (iii) the remedial purpose of the statute involved, and/or (iv) such other general principles as are deemed relevant by the court.

955 F.2d 831, 833–34 (2d Cir. 1992).  These factors favor an award of prejudgment interest, even where Defendants have acted in good faith.  (Motion at Section III (A) & (B)).

Defendants ignore that prejudgment interest is not a "penalty" that may be imposed against only guilty defendants that engaged in wrongdoing but is rather "delayed damages" to be awarded as a component of compensation to the prevailing party.  *See Pereira v. United Parcel Serv. of America, Inc. (In re Waterford Wedgwood USA, Inc.)*, 508 B.R. 821, 838 (Bankr. S.D.N.Y. 2014) (quoting *Gen. Motors Corp. v. Devex Corp.*, 461 U.S. 648, 654 (1983)).  This is especially true in a SIPA liquidation in which the Trustee brought avoidance actions against Defendants here as well as others to recover fictitious profits to distribute on a *pro-rata* basis the recovered profits to those BLMIS customers who, as net losers, did not receive the return of their lost principal from BLMIS.  Defendants' prolonged resistance to the Trustee's litigation efforts,

all the while enjoying the use of other people's money over the last ten years, is in direct contravention of the remedial purposes of SIPA.

Defendants also fail to acknowledge that good faith is not a barrier to prejudgment interest. *See, e.g., Lodges 743 and 1746 v. United Aircraft Corp.*, 534 F.2d 422, 447 (2d Cir. 1976) (reversing denial of prejudgment interest because "awards of prejudgment interest are essentially compensatory, . . . and wrongdoing by a defendant is not a prerequisite to an award" (citation omitted)); *Dow Chem. Pac. Ltd. v. Rascator Mar., S.A.,* 640 F. Supp. 882, 886 (S.D.N.Y. 1986) (awarding prejudgment interest at nine percent per annum, in holding that "it is not the bad faith of the party from whom the interest is sought that is important"); *Gill v. Maddalena (In re Maddalena)*, 176 B.R. 551, 557–58 (C.D. Cal. 1995) (awarding prejudgment interest against a good faith transferee, explaining "the bankruptcy estate has been deprived of the cash value of the note, and . . . the advantage of any earnings from that cash value pending this litigation").

In fact, the cases cited by Defendants make clear that good faith is not relevant to an award of prejudgment interest. These cases instead deny prejudgment interest because of weaknesses associated with the underlying claims. In *In re Khan*, the court acknowledged that prejudgment interest can be awarded at the discretion of the court but denied it because the transfers were found not to have been made with the actual intent to hinder, delay, or defraud creditors. No. 14-MC-01674 (PKC), 2016 WL 6652724, at *2 (E.D.N.Y. Nov. 10, 2016). In *In re Globe Mfg. Corp.*, the Eleventh Circuit acknowledged that prejudgment interest may be awarded but affirmed the bankruptcy court's discretion to decline the award in the face of a genuine dispute over whether the payments in question were preferential transfers and when there was no delay in the resolution of the issue. 567 F.3d 1291, 1300 (11th Cir. 2009).

Likewise, in *Menotte v. Oxyde Chemicals, Inc. (In re JSL Chem. Corp.)*, the bankruptcy court

acknowledged the availability of prejudgment interest but affirmed the denial of the award

because of a genuine dispute over whether payments were preferential transfers and because

there was no delay in resolution of the issue.  424 B.R. 573, 583 (Bankr. S.D. Fla. 2010).  Here,

there is no dispute that the transfers to Defendants from BLMIS were made with intent to hinder,

delay or defraud creditors under section 548 and that Defendants are strictly liable for the return

of fictitious profits.

**B.    Section 550(a) Of The Bankruptcy Code Does Not Fix Damages At The Amount Of Transfer**

Defendants argue that section 550(a) of the Bankruptcy Code, which provides that "to the

extent that a transfer is avoided under section 548 . . . the trustee may recover, for the benefit of

the estate, the property transferred, or, if the court so orders, the value of such property,"  11

U.S.C. § 550(a), does not allow for prejudgment interest.  (Def. Br. at 9).  There is no support for

this premise.

While section 550(a) contains no specific reference to prejudgment interest, "courts have

typically relied on the word 'value' in section 550(a) as authorizing an award of interest."

*McHale v. Boulder Capital LLC*, (*In re The 1031 Tax Grp., LLC*), 439 B.R. 84, 87 (Bankr.

S.D.N.Y. 2010) (awarding prejudgment interest is discretionary, and "absent a sound reason to

deny prejudgment interest, such interest should be awarded"); *CNB Int'l, Inc. v. Kelleher (In re

CNB Int'l Inc.)*, 393 B.R. 306, 335–36 (Bankr. W.D.N.Y. 2008), *aff'd on other grounds*, 440

B.R. 31 (W.D.N.Y. 2010) ( "the right to recover prejudgment interest on a fraudulent

conveyance arises from that language in 11 U.S.C. § 550(a) which allows a trustee to recover

'the value' of the transferred property"); *see also In re Waterford Wedgwood USA, Inc.*, 508 B.R.

at 837–38 (finding that "[t]he policy of Section 550 is to restore the estate the full value of the

asset transferred to the preferred creditor, thereby compensating the estate for the loss of the time value of the asset"); *Davis v. Binswanger Corporate Servs., Inc. (In re Quebecor Worlds (USA) Inc.)*, No. 08-10152 (SHL), 2013 WL 5365404, at *4 (Bankr. S.D.N.Y. Sept. 25, 2013) ("Value includes prejudgment interest from the date of the transfer."); *Ackerman v. Kovac (In re All Am. Petrol. Corp.)*, 259 B.R. 6, 21 (Bankr. E.D.N.Y. 2001) (reasoning prejudgment interest was proper because defendants "need to compensate the creditors of this estate for the actual damages suffered by this fraudulent conveyance").

If recovery under section 550 was limited only to the value of the fraudulent transfer, no trustee would ever be awarded prejudgment interest on fraudulent transfer claims—which cannot be reconciled with existing caselaw discussed in the Trustee's opening brief and herein, which recognizes that in fraudulent transfer cases "the award of prejudgment interest is discretionary, and absent a sound reason to deny prejudgment interest, such interest should be awarded." *In re 1031 Tax Grp., LLC*, 439 B.R. at 87 (citing *Jones v. UNUM Life Ins. Co.*, 223 F.3d 130, 139 (2d Cir. 2000) ("[T]he question of whether or not to award prejudgment interest is ordinarily left to the discretion of the district court"). Here, the award of prejudgment interest is appropriate to compensate fully the BLMIS estate for the loss of the customer property that Defendants enjoyed the use of.

In fact, Defendants' cases show that recovery under section 550 does not bar the award of prejudgment interest. *See e.g., In re Belmonte*, 931 F.3d 147, 154 (2d Cir. 2019) ((lacking any discussion of prejudgment interest or preclusion of interest by section 550(a)); *Reid v. Wolf (In re Wolf)*, 595 B.R. 735, 788 (Bankr. N.D. Ill 2018) (same); *Littleton v. Lanac Invs. LLC (In re Kudzu Marine, Inc.)*, 569 B.R. 192, 207 (Bankr. S.D. Ala. 2017) (same, focusing on whether to take property in satisfaction or its value). In at least two cases cited by Defendants, the court

5

awarded prejudgment interest.  *See Bruno Mach. Corp. v. Troy Die Cutting Co., LLC (In re Bruno Mach. Corp.)*, 435 B.R. 819, 850–52 (Bankr. N.D.N.Y. 2010) (awarding prejudgment interest under sections 547 and 550(a)); *Joseph v. Madray (In re Brun)*, 360 B.R. 669, 675 (Bankr. C.D. Cal. 2007) (holding plaintiff was entitled to recover the value of equity in the property at the time of the transfer, *plus any appreciation* under sections 544(b) and 550(a)). And in *In re Centennial Textiles, Inc.*, the bankruptcy court explained that "[s]ection 550(a) is intended to restore the estate to the financial condition it would have enjoyed if the transfer had not occurred" when evaluating the trustee's claim to recover the value of the property, *plus interest* and/or turnover of the property itself.  220 B.R. 165, 176–77 (Bankr. S.D.N.Y. 1998) (opting to order turnover of the property rather than the value thereof).

Section 550(a) allows for the award of prejudgment interest as damages that seek to redress the injury to the bankruptcy estate.

### C.     Defendants' Strict Liability For The Return of Fictitious Profits Is The Law Of The Case

As courts in this circuit have repeatedly recognized, initial transferees are "strictly liable" for the recovery of fraudulent transfers.  *In re Bruno Mach. Corp.,* 435 B.R. at 848; *see also Carroll v. Tese–Milner (In re Red Dot Scenic, Inc.)*, 351 F.3d 57, 58 (2d Cir. 2003) ("If the recipient of debtor funds was the initial transferee, the bankruptcy code imposes strict liability and the bankruptcy trustee may recover the funds") (citing 11 U.S.C. § 550(a)).  This Court specifically stated that fictitious profits cases "are strict liability cases unless the law changes." Hr'g Tr. at 114:10–11, *Picard v. Marilyn Bernfeld Tr.*, Adv. Pro. No. 10-05143 (SMB) (Bankr. S.D.N.Y. Oct. 28, 2015), ECF No. 20; Hr'g Tr. at 36:13–14, *Picard v. The Est. (Succession) of Doris Igoin*, 10-04336 (SMB) (Bankr. S.D.N.Y. Aug. 6, 2014), ECF No. 112 ("This is a strict liability case. It's a fictitious profits case.").  Here, there is no dispute as to Defendants' strict

6

liability as initial transferees of the Two-Year Transfers. The parties previously stipulated to the amount of the deposits into and withdrawals from their BLMIS customer accounts, and to the amount of the transfers made during the Two-Year Period. *See Picard v. BAM L.P.*, 608 B.R. 165, 176 (Bankr. S.D.N.Y. 2019) ("*MSJ 56(g) Decision*") (citing JPTO at 18–19, ¶¶ 8–9.).

Defendants nonetheless ignore prior court decisions arguing they are entitled to keep fictitious profits, repeating arguments that "ha[ve] been rejected by this Court or the District Court on no less than nine occasions." *MSJ 56(g) Decision*, 608 B.R. at 170 (collecting cases). The prior decisions on value and antecedent debt within this SIPA proceeding constitute law of the case, *see Picard v. Lowrey*, Adv. Pro. No. 10-04387 (SMB), 2018 WL 1442312, at *5 (Bankr. S.D.N.Y. Mar. 22, 2018), *aff'd*, 596 B.R. 451 (S.D.N.Y. 2019), *aff'd sub nom.* 976 F.3d 184 (2d Cir. 2020); *Picard v. Nelson*, 610 B.R. 197, 236–37 (Bankr. S.D.N.Y. 2019) (citing *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Madoff Sec.)*, 499 B.R. 416 (S.D.N.Y. 2013)), and Defendants here offer no reason or evidence why this Court should revisit them. *See In re Motors Liquidation Co.*, 590 B.R. 39, 62 (S.D.N.Y. 2018), *aff'd*, 943 F.3d 125 (2d Cir. 2019), *aff'd*, 792 F. App'x 28 (2d Cir. 2019), *aff'd*, 957 F.3d 357 (2d Cir. 2020) (law of the case doctrine applies across adversary proceedings within the same bankruptcy case, and no court is obligated to revisit prior rulings "merely because certain parties did not participate in the earlier ruling[s]").

Defendants' assertion that they did not know the exact extent of their liability until certain rulings were issued does not diminish the Trustee's entitlement to prejudgment interest. In *Hirsch v. Steinberg (In re Colonial Realty Co.)*, the court did not find prejudgment interest to be "unfair or inequitable" simply because the defendants "did not know the exact extent of their liability until the court issued the judgment." 226 B.R. 513, 527 (Bankr. Conn. 1998). The court

explained, "whether a claim is disputed or not, either as to liability or as to amount, a judgment

on the claim does not create liability; it merely recognizes and determines the prior existence of

the liability." *Id.* (quoting *Gray v. Travelers Ins. Co. (In re Neponset)*, 219 B.R. 918, 921

(Bankr.D.Mass.1998)). As soon as the Trustee commenced the adversary proceeding on

November 30, 2010, "Defendant[s] assumed the consequences associated with [their] failure to

compensate the bankruptcy estate for its loss occasioned by the fraudulent conveyance[s] . . . ."

*In re Maddalena*, 176 B.R. at 557–58. Thus, it is appropriate to impose prejudgment interest

from the date of the filed complaint. *See* Judgment, *Picard v. Nelson*, Adv. Pro. Nos. 10-04377,

10-04658 (SMB) (Bankr. S.D.N.Y. Dec. 9, 2019), ECF No. 203, 205 (awarding prejudgment

interest from the date of the filed complaint, December 1, 2020).

      **D.**     **The Current Value of the Customer Fund Is Not A Basis To Exclude
Prejudgment Interest**

Any notion that the Trustee can satisfy all allowed claims as of today using reserved

funds ignores the mechanics of bankruptcy law and the status of this liquidation proceeding.

Appointed under SIPA, the Trustee is charged with recovering and paying out customer

property to BLMIS's customers with net equity claims. However, as of the filing date of this

SIPA liquidation proceeding and to date, BLMIS's customer property "is not sufficient to pay in

full the claims set forth in" SIPA § 78fff-2(c)(1)(A)–(D), including the claims of customers who

have not yet recovered the principal they lost in the Ponzi scheme. SIPA § 78fff-2(c)(3).

Indeed, as of September 30, 2020, there remains a *five billion* dollar shortfall between allowed

customer claims ($19,415,557,971.92) and recoveries (approximately $14.364 billion). *See*

Trustee's Twenty-Fourth Interim Report for the Period April 1, 2020 through September 30,

2020 (the "Interim Report") ¶¶ 1, 11, *Sec. Inv'r Prot. Corp. V. Bernard L. Madoff Inv. Sec. LLC*,

Adv. Pro. No. 08-01789 (SMB) (Bankr. S.D.N.Y. Oct. 28, 2020), ECF No. 19896.

Moreover, the Trustee is required to establish sufficient reserves to ensure that he would

be able to make all *pro rata* distributions to date to all potentially eligible claimants, whether or

not their claims are allowed at the time of distributions.  For example, the Trustee must account

for the net loser BLMIS claimants with whom the Trustee is in litigation.  Some of these

defendants hold large claims against the estate, which are subject to section 502(d) of the

Bankruptcy Code and will not be determined until the avoidance litigation is resolved.  As net

loser customers, upon satisfaction of their avoidance liability, they may be entitled to an allowed

claim.  Thus, the amount of allowed customer claims today is merely a preliminary estimate of

the amount of allowable claims against the estate.  *See* Interim Report ¶¶ 11, 302–307, Exhibit

A.  In addition, the Trustee "has no funds from which to make distributions to priority/non-

priority general creditors and/or broker dealers."  *Id.* ¶ 13.

Prejudgment interest is warranted and ultimately necessary to distribute the full value of

the fraudulent transfers received and held by Defendants.  This is the only way to ensure equal

treatment among all of BLMIS's victimized customers.

**E.     The Trustee Has Been Consistent In His Pursuit Of Prejudgment Interest**

Defendants incorrectly assert that the Trustee has not pursued prejudgment interest in any

other adversary proceeding in this liquidation.  The Trustee has made it clear that he reserved his

rights to pursue prejudgment interest on strict liability claims.  *See, e.g.*, Trustee's Mem. of Law

in Support of Motion for Summary Judgment, at n.1, *Picard v. Est. of Seymour Epstein*, Adv.

Pro. No. 10-04438 (CGM) (Bankr. S.D.N.Y. Sept. 4, 2020), ECF No. 114; *Picard v. Philip F.

Palmedo*, Adv. Pro. No. 10-04749 (CGM) (Bankr. S.D.N.Y. Aug. 28, 2020), ECF No. 100.  In

line with that approach, in cases that have gone to trial, such as *Nelson*, the Trustee sought and

was awarded prejudgment interest at the rate of nine percent per annum.  *See* Judgment, *Picard v. Nelson*, Adv. Pro. Nos. 10-04377, 10-04658 (SMB) (Bankr. S.D.N.Y. Dec. 9, 2019), ECF No. 203, 205.[2]  The Trustee has obtained prejudgment interest at nine percent even absent a trial.  *See* Judgment, *Picard v. Magnify Inc.*, Adv. Pro. No. 10-05279 (SMB) (Bankr. S.D.N.Y. Oct. 22, 2020), ECF No. 200.  And the Trustee continues to pursue prejudgment interest in all pending adversary proceedings.

Similarly, *Picard v. Lowrey*, Adv. Pro. No. 10-04387 (SMB) does not warrant denial of an award of prejudgment interest here.  Unlike the protracted litigation here, the *Lowrey* cases involved four separate adversary proceedings that proceeded efficiently through discovery and mediation, culminating in 2017 with a Joint Statements Of Undisputed Material Facts, stipulating to, *inter alia*, the fraudulent transfers received between December 11, 2006 and December 11, 2008, and the existence of the Ponzi scheme, and thus moved forward only with summary judgment motions addressing affirmative defenses.  *See, e.g.,* Joint Statement of Undisputed Material Facts, *Picard v. Lowrey,* Adv. Pro. No. 10-04387 (SMB) (Bankr. S.D.N.Y. June 26, 2017), ECF No. 75.  In contrast, Defendants refused to enter into a Joint Statement of Undisputed Facts with the Trustee, despite his repeated efforts, leading to several adjournments of the pre-trial conference, until September 26, 2018, at which time the Court set a new trial date of December 3, 2018— effectively delaying the proceeding at least a year.  Stmt. ¶¶ 34–35, 39.

---

[2] Defendants cite to *In re Palermo*, 739 F.3d 99 (2d Cir. 2014) to support the notion that *Nelson* would have been remanded on appeal.  Nothing in *Palermo* supports this argument.  There, the Second Circuit simply remanded the issue back to the district court to confirm whether it made a discretionary or mandatory grant of interest at New York's statutory rate of nine percent per annum.  *Id.* at 107.  In doing so, the Second Circuit also noted that the district court was not precluded from applying that rate under section 550(a) of the Bankruptcy Code.  *Id.* at 107 n.5.  "To the extent that *Palermo* suggested that a federal award for violation of 11 U.S.C. § 550(a) would *also* be permissible,  it clearly did not say that such a decision was the *only* permissible alternative . . . .  At any rate, prejudgment interest is discretionary under federal law as well."  *Buchwald v. Renco Grp.*, 539 B.R. 31, 65–66 (S.D.N.Y. 2015), *aff'd sub nom. In re Magnesium Corp. of Am.,* 682 F. App'x 24 (2d Cir. 2017).

The Trustee's pursuit of prejudgment interest against Defendants in this action is entirely

consistent with his approach in similar cases.

## II.    THE FEDERAL POST-JUDGMENT RATE UNDER 28 U.S.C. § 1961 IS NOT APPLICABLE TO PREJUDGMENT INTEREST

Contrary to Defendants' assertions, the federal *post*-judgement interest rate is not

appropriate for *pre*-judgment interest.[3]  (Def. Br. at 12–14).  Pre- and post-judgment interest

serve different functions.  Prejudgment interest is typically set at a higher rate than post-

judgment interest not just because it is meant to compensate the prevailing party for the "true

cost of money damages they have incurred," but because it also "promotes settlement and deters

an attempt to benefit unfairly from the inherent delays of litigation."  *Gen. Facilities, Inc. v. Nat'l*

*Marine Serv., Inc.*, 664 F.2d 672, 674 (8th Cir. 1981); *see also In re FKF 3, LLC*, No. 13 Civ.

3601 (JCM), 2018 WL 5292131, at *15 (S.D.N.Y. Oct. 24, 2018) (awarding prejudgment

interest due to the "the loss of interest, the diminished value of the damages award due to the

passage of time, and Plaintiff's lost opportunity to make use of the lost funds").  Conversely,

post-judgment interest is the interest awarded for the period of time from the date of the final

judgment until the money is finally collected, and is meant to encourage parties to pay quickly

the damages that are due.  *See e.g.*, *Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827,

839 (1990) (citing 28 U.S.C.A. § 1961) (noting purpose of post-judgment interest is so "that the

parties could make informed decisions about the cost and potential benefits of paying the

judgment or seeking appeal").

Courts have declined to apply the federal post-judgment rate where "the equities of the

particular case require a different rate."  *Blankenship v. Liberty Life Assur. Co.*, 486 F.3d 620,

---

[3] Section 1961 of the U.S. Code sets post-judgment interest on federal judgments at the "weekly average 1-year maturity Treasury yield," as published by the Federal Reserve System, for the calendar week preceding the date of judgment.  28 U.S.C. § 1961(a).

628 (9th Cir. 2007) (affirming prejudgment interest award at a rate roughly twice as high as

section 1961(a)'s because that was the rate of return produced by a mutual fund in which

plaintiff was invested). In *Jones v. UNUM Life Ins. Co. of Am.*, the district court awarded

prejudgment interest on an ERISA claim based on the federal post-judgment rate. No. 95 Civ.

5808 (KTD), 1998 WL 778366, at *6 (S.D.N.Y. Nov. 6, 1998). On appeal, the Second Circuit

[reversed and] remanded, stating that "[t]he suitability of that post-judgment rate for an award of

prejudgment interest will depend on the circumstances of the individual case, and the court need

not limit the award of prejudgment interest to [that] rate," but may consider other methodologies.

*Jones v. UNUM Life Ins. Co. of Am.*, 223 F.3d 130, 139 (2d Cir. 2000). The court may consider

"whether the plaintiff would have invested the money at some higher rate or it may take into

account the rate of interest the defendant would have had to pay to borrow the money it withheld

from the plaintiff." *Id.* at 140 (citations omitted).

Following this guidance, the bankruptcy court in *In re The 1031 Tax Grp., LLC* rejected

the federal judgment rate as inequitable and inappropriate under the circumstances. 439 B.R. at

88. The court held that applying such a low rate "would not fully compensate the Trustee for the

loss of the funds." *Id.* ("An interest rate of 0.64% does not fully compensate the Trustee for

actual damages suffered by the fraudulent transfers made to the [] Defendants in 2005 and

2006."). Similarly, in *Gust, Inc. v. Alphacap Ventures, LLC*, the district court denied a motion to

reconsider an award of prejudgment interest at the New York interest rate of nine percent, noting

that "[w]hile [the plaintiff's] claims arise out of federal law . . . there is no reason to think that

the [federal] rate more accurately captures the time value of money in New York or the true loss

to [the plaintiff]." No. 15CV6192 (DLC), 2017 WL 2875642, at *7 (S.D.N.Y. July 6, 2017),

*rev'd on other grounds*, 905 F.3d 1321 (Fed. Cir. 2018) *see also Alfano v. CIGNA Life Ins. Co.*

*of N.Y.,* No. 07 Civ. 9661 (GEL), 2009 WL 890626, at *7 (S.D.N.Y. Apr. 2, 2009) (rejecting the

federal post-judgment interest rate in favor of New York's statutory prejudgment interest rate of

9%, noting it better reflects "the true loss to plaintiff"); *In re Livent, Inc.*, 360 F. Supp. 2d 568,

572 (S.D.N.Y. 2005) (holding "a court need not limit the award of prejudgment interest to the

rate at which the injured party would have lent money to the government," and awarding

prejudgment interest to noteholders at forum state rate of nine percent to fully compensate for

investment losses) (internal quotation marks omitted)).

　　　　Against this caselaw, Defendants incorrectly conflate the Trustee's earlier position on

interest as applied to customer claims with his position here in the context of an avoidance

action.  (Def. Br. at 13–14).  In the Time-Based Damages dispute, various customer claimants

sought interest and inflation adjustments to their customer claims and relied upon section 5001 of

the New York Civil Practices Law and Rules in support.  The Trustee argued that adopting that

methodology would have depleted the finite customer fund, harmed other customers, and been in

conflict with the priority provisions of SIPA.  As the Second Circuit made clear in denying

claimants' request, "an inflation adjustment to net equity claims" would allocate value to the

earlier investors "at the expense of customers who have not yet recovered the property they

placed in Madoff's hands."  *Sec. Inv'r Prot. Corp. v. 2427 Parent Corp. (In re Bernard L.*

*Madoff Inv. Sec. LLC)*, 779 F.3d 74, 81 (2d Cir. 2015) ("*Time-Based Damages Decision*").

Moreover, section 5001 was inapplicable to customer claims because that section authorizes

interest only "upon a sum awarded," which requires a judgment in favor of the prevailing party.

N.Y. C.P.L.R. § 5001.  It did not apply in the context of determining the value of customer

claims.

Under the circumstances here, the federal post-judgment rate is inappropriate, and an award of prejudgment interest on the amount of the Two-Year Transfers at the New York statutory rate of nine percent per annum beginning on November 30, 2010 is warranted.

## III.    DEFENDANTS' PAYMENT OF TAXES SHOULD NOT REDUCE OR OFFSET THE AWARD OF PREJUDGMENT INTEREST

As set forth in the Amended Joint Pretrial Order, the parties stipulated:

> Between 1996 and 2008, the Defendants paid taxes on income from Account No. 1CM363 and received refunds pursuant to the theft loss deduction under IRS Rev. Proc. 2009-20, 2009-14 I.R.B. Part III, related to their investment in that account as follows:

| Year | *Account Income & Taxes per Mann Defendants* | | *Refunds per Tax Returns Provided by Mann Defendants* | |
|------|----------------|-----------------------|---------|---------|
|      | Account Income | Taxes on Account Income | Federal | State |
| 1996 | 274,871 | 131,704 | | |
| 1997 | 532,474 | 269,394 | | |
| 1998 | 986,915 | 508,538 | | |
| 1999 | 1,331,195 | 685,937 | | |
| 2000 | 1,297,943 | 418,827 | | |
| 2001 | 1,388,213 | 556,827 | | |
| 2002 | 1,382,070 | 828,653 | | |
| 2003 | 1,359,276 | 705,876 | (825,979) | (177,574) |
| 2004 | 1,159,151 | 515,722 | (641,458) | (200,947) |
| 2005 | 921,712 | 421,382 | | |
| 2006 | 780,259 | 313,208 | | |
| 2007 | 853,169 | 360,559 | | |
| 2008 | *n/a* | *n/a* | (655,780) | (73,850) |
| Total | 12,267,248 | 5,716,627 | (2,123,217) | (452,371) |

JPTO at Section IV, Stipulated Facts, ¶ 8.

Defendants now imply that their payment of taxes on reported profits from their BLMIS accounts for the years beginning in 1996 through 2003 militates in favor of a reduction in an award of prejudgment interest.  (Def. Br. at 3).  It should not.  Defendants ignore that the Trustee is not seeking to recover any of the transfers received by Defendants in years 1996 through 2003.

Defendants received and benefitted from the use of those funds. The lack of any tax refunds in those years is irrelevant.

Defendants further ignore the fact that they took withdrawals of fictitious profits far in excess of what they paid in taxes and what the Trustee seeks to recover. Over the life of the Mann Account, Michael Mann deposited a total of $14,850,000, and withdrew a total of $20,650,000 from the account, thus giving the Defendants the benefit of $5,800,000. *MSJ 56(g) Decision*, 608 B.R. at 170, *see also* Am. Compl. at Ex. B. Of this amount, the Trustee seeks the return of only $2,250,000 that was withdrawn within the Two-Year Period, leaving Defendants with $3,550,000 in fictitious profits. *Id.* Over the life of the BAM Account, BAM L.P. deposited a total of $2,415,007 and withdrew a total of $3,551,000 from the account, thus giving BAM the benefit of $1,135,993. *Id.* Of this amount, the Trustee seeks the return of only $563,000 withdrawn within the Two-Year Period, thus leaving BAM with $573,993 in fictitious profits. *Id.* Together, the Defendants will keep $4,123,993 in fictitious profits they withdrew from BLMIS, nearly one million dollars more than their unrefunded tax payments ($5,716,627 (paid) – $2,575,588 (refunded) = $3,141,039).

And, if the analysis is restricted to the Two-Year Period, Defendants ignore the fact that any taxes they paid within that period were negated by the refund amount in 2008. The parties stipulated that Defendants paid $673,767 ($313,208 federal + 360,559 state) in taxes for the years 2006–2008. JPTO at Section IV, Stipulated Facts, ¶ 8. Defendants received a refund in 2008 of $729,630 ($665,780 federal + $78,850 state). Thus, Defendants effectively paid no taxes on their BLMIS withdrawals within the Two-Year Period.

## <u>CONCLUSION</u>

The Trustee respectfully requests that the Court, in its discretion, award prejudgment interest from the date of the filed complaint, at nine percent per annum.

Dated: November 30, 2020
New York, New York

*/s/ Nicholas J. Cremona*
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
Lan Hoang
Email: lhoang@bakerlaw.com
Amy E. Vanderwal
Email: avanderwal@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA*
*Liquidation of Bernard L. Madoff Investment*
*Securities LLC and the Chapter 7 Estate of*
*Bernard L. Madoff*