**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |

| | |
|---|---|
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

| | |
|---|---|
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, | Adv. Pro. No. 10-04390 (CGM) |
| Plaintiff, | |
| v. | |
| BAM L.P., MICHAEL MANN, and MERYL MANN, | |
| Defendants. | |

**REPLY TO DEFENDANTS' OBJECTIONS,**
**RESPONSES AND COUNTERSTATEMENT OF MATERIAL FACTS**
**PURSUANT TO FED. R. CIV. P. 56, FED. R. BANKR. P. 7056 AND**
**LOCAL RULE  7056-1 TO TRUSTEE'S STATEMENT OF MATERIAL FACTS**


**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities*
*LLC and the Chapter 7 Estate of Bernard L.*
*Madoff*

The Trustee submits this reply to Defendants' Objections, Responses, and Counterstatement ("Counterstatement"), ECF No. 241, filed in response to the Trustee's Local Rule 7056-1 Statement ("Trustee Statement"), ECF No. 238, in support of the Trustee's Summary Judgment Motion for Prejudgment Interest ("Motion"), ECF No. 237.

## I.    TRUSTEE'S REPLY TO DEFENDANTS' RESPONSES TO RULE 56.1 STATEMENT

For the Court's convenience, the Trustee has set forth together below his Rule 56.1 Statement, Defendants' Response, and the Trustee's Reply.

**TRUSTEE STATEMENT ¶ 1:**

On December 11, 2008, Madoff was arrested for violating numerous federal statutes and the Securities and Exchange Commission ("SEC") commenced proceedings against him and BLMIS in the United States District Court for the Southern District of New York.  Amended Joint Pretrial Order ("JPTO") ¶ 1, Adv. Pro. No. 10-04390 (CGM) (Bankr. S.D.N.Y. Aug. 12, 2020), ECF No. 209.

**DEFENDANTS' RESPONSE:**

UNDISPUTED.  This is a background fact that is not material to deciding the Trustee's motion.

**TRUSTEE'S REPLY:**

Trustee Statement ¶ 1 should be deemed admitted under Local Rule 7056-1(d).

**TRUSTEE STATEMENT ¶ 2:**

The Securities Investor Protection Corporation ("SIPC") petitioned for a protective

decree, placing BLMIS into liquidation, appointing the Trustee, and removing the SIPA

liquidation to the bankruptcy court. *See SEC v. Madoff*, No. 08-cv-10791 (S.D.N.Y. Dec. 15,

2008), ECF Nos. 5, 6.

**DEFENDANTS' RESPONSE:**

Undisputed but subject to clarification.

It is more accurate to state: "On December 15, 2008, the Securities Investor Protection

Corporation ("SIPC") filed an application solely for liquidation of BLMIS under the

Securities Investor Protection Act ("SIPA"), *SEC v. Bernard L Madoff Investment*

*Securities LLC et al*., No. 08 Civ. 10791 [ECF No. 5]. The District Court granted SIPC's

application, with the consent of BLMIS [ECF No. 7], appointed the Trustee as the trustee

for the liquidation of BLMIS, and removed the case to this Court. Order, Liquidation

Proceeding, No. 08 Civ. 10791 [ECF No. 4].

The Trustee's formulation is intended to downplay the fact that the "debtor" in this

liquidations is solely BLMIS. The term "debtor" is precisely defined in SIPA to mean: "a

member of SIPC with respect to whom an application for a protective decree has been

filed under section 78eee(a)(3) of this title or a direct payment procedure has been

instituted under section 78fff–4(b) of this title." 15 U.S.C.§78*lll*-5. In accordance with

that definition, the debtor is solely BLMIS.

The Trustee has used the term "BLMIS" throughout this case and the entire liquidation

proceeding without regard to the fact of BLMIS' formation in 2001 and without regard to

conduct of the investment advisory business by Madoff independent from BLMIS.

This is a background fact that is not material to deciding the Trustee's motion.

**TRUSTEE'S REPLY:**

Defendants' response does not raise a genuine dispute with Trustee Statement ¶ 2, and it is therefore not controverted. Consequently, Trustee Statement ¶ 2 is deemed admitted under Local Rule 7056-1(d). *See* LBR 7056-1(d) (stating that facts shall be deemed admitted for purposes of the motion unless "specifically controverted"); *see also Buckman v. Calyon Sec. (USA) Inc.*, 817 F. Supp. 2d 322, 328 n.42 (S.D.N.Y. 2011) (noting that "56.1 statements not explicitly denied by plaintiff are deemed admitted").

The Trustee does not dispute the remaining statements set forth in Defendants' response. The Trustee alleged in his complaint that the business of Bernard L. Madoff Investment Securities was operated as a sole proprietorship until 2001 and that Defendants' accounts were open prior to that time. *See* Amended Complaint ¶ 23, Ex. B, *Picard v. BAM, L.P.*, No. 11-cv-07667 (JSR) (S.D.N.Y. Jan. 24, 2012), ECF No. 9.

**TRUSTEE STATEMENT ¶ 3:**

In December 1995, Defendants signed account opening agreements in New York that authorized Madoff to manage and retain custody and control of their assets in New York, and included a New York choice of law provision. Tr. of Evidentiary Hr'g 189:12–192:10, ECF No. 225 ("Trial Tr."); TX-019; TX-020; TX-021; TX-022.

**DEFENDANTS' RESPONSE:**

DISPUTED.

This statement is both inaccurate and misleading. This adversary proceeding involves two entirely separate brokerage accounts opened at different times for different customers/Defendants.

In December 1995, Michael Mann and Meryl Mann, as husband and wife, opened an account in their names as Joint Tenants with Rights of Survival with Bernard L. Madoff Investment Securities. In March 1999, Michael Mann opened a brokerage account for BAM L.P, the limited partnership for his children, Betsy and Adam Mann. TX-019, DX-4 , TX-021[1], TX-022. The customer agreements contain a choice of law provision in paragraph 10, but are silent on the issue of where Madoff would manage and retain custody and control of their assets. In addition, the agreements contain an arbitration provision in paragraph 12 by which the parties, both customer and broker, waived their rights to seek remedies in court. The Court is respectfully referred to the cited documents (TX-019 and DX-4) for a true and accurate interpretation of their contents.

Moreover, the choice of law provision in the customer agreement is not relevant to this action which is determined solely by federal law, specifically sections 548(a)(1)(A) and 550 of the Bankruptcy Code. Moreover, there is no issue of personal jurisdiction over the Defendants as there was in the case of *Picard v Estate of Igoin*, relied upon by the Trustee[2].

**TRUSTEE'S REPLY:**

Defendants' response does not raise a genuine dispute with Trustee Statement ¶ 3

---

[1] Exhibits TX-021 and TX-022 are account files, not agreements. TX-022 was not identified or admitted into evidence at trial.

[2] *See* Declaration of Nicholas J. Cremona in Support of Trustee's Summary Judgment Motion for Prejudgment Interest, Exhibit D 10-04390 [ECF No. 234] (transcript of hearing in *Picard v. The Estate (Succession) of Doris Igoin*, 10-04336 (SMB) (Bankr. S.D.N.Y. Aug. 6, 2014), ECF No. 112). This case involves French customers and claimants. Argument in another case is not evidence.

4

because the account opening agreements speak for themselves. Consequently, Trustee Statement

¶ 3 should be deemed admitted under Local Rule 7056-1(d). *See* LBR 7056-1(d) (stating that

facts shall be deemed admitted for purposes of the motion unless "specifically controverted");

*see also Buckman*, 817 F. Supp. 2d at 328 n.42 (noting that "56.1 statements not explicitly

denied by plaintiff are deemed admitted"). Defendants' response also contains improper legal

argument in violation of Local Rule 7056-1, to which no response is required. *See U.S. Info.*

*Sys., Inc. v. Int'l Bhd. of Elec. Workers Local Union No. 3*, No. 00 Civ. 4763 (RMB) (JCF), 2006

WL 2136249, at *3 (S.D.N.Y. Aug. 1, 2006) ("'Rule 56.1 statements are not argument. They

should contain factual assertions with citation to the record . . . [parties] cannot evade the impact

of accepting a fact by adding legal argument to their counterstatements." (citations omitted)).

Trustee Statement ¶ 3 has no reference to the *Igoin* matter and is irrelevant here.

      The Trustee does not dispute the additional statements in Defendants' response and

further avers that, regardless of whether true or disputed, the statements are immaterial and do

not preclude summary judgment for the Trustee.


      **TRUSTEE STATEMENT ¶ 4:**

      Defendant Michael Mann opened an account that was assigned account number 1CM363

in the name of "Michael Mann and Meryl Mann J/T Wros" (the "Mann Account"). Trial Tr.

189:12–191:7; TX-019; TX-021; Answer and Affirmative Defenses to the Amended Complaint

(the "Answer") ¶¶ 2, 8-9, ECF No. 40.

      **DEFENDANTS' RESPONSE:**

      UNDISPUTED except that Defendants object generally to the Trustee's citation to the

Defendants' April 16, 2014 Answer and other early pleadings in the case. In connection

with the original pretrial order, the parties agreed that their respective prior pleadings

would be deemed amended to embrace the parties' contentions in the Proposed Pretrial

Order, filed November 27, 2018 (Proposed Pretrial Order, Section IV., ¶ 20.

Consequently, there was no need for either side to amend their pleadings to conform to

the facts uncovered in discovery or otherwise. It is well settled that an admission in a

withdrawn or superseded pleading ceases to be a "conclusive judicial admission." *Tho

Dinh Tran v. Alphonse Hotel Corp.*, 281 F.3d 23, 32 (2d Cir. 2002) (citing *Kunglig

Jarnvagsstyrelsen v. Dexter & Carpenter, Inc*., 32 F.2d 195, 198 (2d Cir. 1929); *Mohsen

v. Morgan Stanley & Co*., 2013 U.S. Dist. LEXIS 135682 , 2013 WL 5312525 (S.D.N.Y.

Sept. 23, 2013). It is some evidence, though controvertible, of a fact. In this case, the

account documents are in evidence, establish the facts, and controvert earlier, pre-

discovery statements.

**TRUSTEE'S REPLY:**

Defendants' response does not raise a genuine dispute with Trustee Statement ¶ 4, and it

is therefore not controverted.  Defendants' Answer is a binding admission and Defendants

admitted the facts in Trustee Statement ¶ 4 in their Answer.  Defendants did not offer evidence to

controvert the testimony at trial or here in response to Trustee Statement ¶ 4.  Consequently,

Trustee Statement ¶ 4 should be deemed admitted under Local Rule 7056-1(d).  *See* LBR 7056-

1(d) (stating that facts shall be deemed admitted for purposes of the motion unless "specifically

controverted").

**TRUSTEE STATEMENT ¶ 5:**

Defendants Michael Mann and Meryl Mann are joint tenants of the "Michael Mann and Meryl Mann Joint Tenancy with Right of Survivorship" and beneficial owners of the Mann Account, with an account address in Great Neck, New York.  Trial Tr. 189:12–191:7; TX-019; TX-021; Ans. ¶¶ 2, 8-9.

**DEFENDANTS' RESPONSE:**

UNDISPUTED except that Defendants Michael and Meryl Mann object to the Trustee's citation to Defendants' 2014 Answer (*see* Objection to Trustee SOMF ¶ 4, above). The Defendants respectfully refer the Court to the documents for the matter stated.

**TRUSTEE'S REPLY:**

Defendants' response does not raise a genuine dispute with Trustee Statement ¶ 5, and it is therefore not controverted.  Defendants' Answer is a binding admission and Defendants admitted the facts in Trustee Statement ¶ 5 in their Answer.  Defendants did not offer evidence to controvert the testimony at trial or here in response to Trustee Statement ¶ 5.  Consequently, Trustee Statement ¶ 5 should be deemed admitted under Local Rule 7056-1(d).  See LBR 7056-1(d) (stating that facts shall be deemed admitted for purposes of the motion unless "specifically controverted").

**TRUSTEE STATEMENT ¶ 6:**

Defendant Michael Mann subsequently opened another account in March 1999, assigned account number 1CM579, in the name of "BAM L.P." (the "BAM Account", and together with the Mann Account, the "Accounts").  Trial Tr. 191:7–192:10; TX-020; TX-022; Answer ¶¶ 2, 7.

**DEFENDANTS' RESPONSE:**

Defendant BAM L.P. objects to the Trustee's citation to Defendants' 2014 Answer (*see*

7

Objection to Trustee SOMF ¶ 4, above). The Defendant respectfully refers the Court to the account documents that establish the facts. *See* DX-4.

**TRUSTEE'S REPLY:**

Defendants' response does not raise a genuine dispute with Trustee Statement ¶ 6, and it is therefore not controverted. Defendants' Answer is a binding admission and Defendants admitted the facts in Trustee Statement ¶ 6 in their Answer. Defendants did not offer evidence to controvert the testimony at trial or here in response to Trustee Statement ¶ 6. Consequently, Trustee Statement ¶ 6 should be deemed admitted under Local Rule 7056-1(d). See LBR 7056-1(d) (stating that facts shall be deemed admitted for purposes of the motion unless "specifically controverted").

**TRUSTEE STATEMENT ¶ 7:**

Defendants received monthly account statements, trade confirmations, quarterly portfolio management reports, and other communications from BLMIS for their accounts. Trial Tr. 202:21–204:6; TX-046; TX-047; TX-051; TX-055; TX-059; TX-062; TX-066; TX-070; TX-071; TX-074; TX-076; TX-078; TX-080; TX-083; TX-086; TX-090; TX-094; TX-098; TX-102; TX-106; TX-110; TX-111; TX-114; TX-118; TX-122; TX-126; Answer ¶¶ 26, 32, 38.

**DEFENDANTS' RESPONSE:**

DISPUTED. This statement is not supported by the evidence. The evidence does not support the statement that the Defendants received the referenced documents or that they received them from BLMIS. First, the listed exhibits are solely account statements. None of the other documents are cited or included in the record. Moreover, only two of the referenced statements, TX-71 (statement for 10/31/07) and TX 111 (statement for

4/30/07), are on BLMIS letterhead. The remaining account statements do not have the name of the broker. Finally, both accounts were opened with Bernard L. Madoff Investment Securities, well before BLMIS was formed. TX-21, DX-4. Accordingly, the general statement that the Defendants received the referenced documents from BLMIS is necessarily overbroad and inaccurate.

Defendants also object to the Trustee's citation to Defendants' 2014 Answer (*see* Objection to Trustee SOMF ¶ 4, above).

**TRUSTEE'S REPLY:**

Defendants' response does not raise a genuine dispute with Trustee Statement ¶ 7, and it is therefore not controverted.   Defendants' Answer is a binding admission and Defendants admitted the facts in Trustee Statement ¶ 7 in their Answer.  The listed exhibits were all admitted into the record, with no objection from Defendants. Trial Tr. 202:21–204:6. Consequently, Trustee Statement ¶ 7 should be deemed admitted under Local Rule 7056-1(d).  *See* LBR 7056-1(d) (stating that facts shall be deemed admitted for purposes of the motion unless "specifically controverted"); *see also Buckman*, 817 F. Supp. 2d at 328 n.42 (noting that "56.1 statements not explicitly denied by plaintiff are deemed admitted").

The Trustee does not dispute the additional statements in Defendants' response and further avers that, regardless of whether true or disputed, the statements are immaterial and do not preclude summary judgment for the Trustee.

**TRUSTEE STATEMENT ¶ 8:**

Over the life of the Mann Account, Defendant Michael Mann deposited a total of

$14,850,000 and withdrew a total of $20,650,000 from the account, of which $2,250,000 was

withdrawn within two years of the Filing Date (the "Two-Year Period"). *Picard v. BAM L.P. (In*

*re BLMIS)*, 608 B.R. 165, 170 (Bankr. S.D.N.Y. 2019), ECF No. 174 ("*MSJ 56(g) Decision*").

**DEFENDANTS' RESPONSE:**

Although the statement is undisputed, what the Defendants may have received over the

life of their account is not a material fact in deciding the motion. The amount that the

Manns may have withdrawn from their brokerage account over a twelve year period is

material only to demonstrate the extent to which the Trustee's alleged avoidance powers

have been curtailed by section 546(e) of the Bankruptcy Code to a claim for the two year

period before the BLMIS filing.

In addition, the statement is not supported by admissible evidence. Local Civ. R. 56.1;

*see also* Fed. R. Civ. P. 56(c). Defendants object to citation to *Picard v. BAM L.P. (In re*

*BLMIS)*, 608 B.R. 165 (Bankr. S.D.N.Y. 2019) when the source evidence is readily

available. The holding or findings of a court does not qualify as material facts. "[J]udicial

findings of fact are inadmissible hearsay," *Penree v. Watson*, 2017 U.S. Dist. LEXIS

126856, 2017 WL 3437680, at *3 (N.D.N.Y. Aug. 10, 2017)) to the extent they are

offered for the truth of the findings. *See Nipper v. Snipes*, 7 F.3d 415, 417 (4th Cir.

1993); *United States v. Boulware*, 384 F.3d 794, 806 (9th Cir. 2004) ("A prior judgment

is . . . hearsay to the extent that it is offered to prove the truth of the matters asserted in

the judgment."); *U.S. Steel, LLC v. Tieco, Inc.*, 261 F.3d 1275, 1287 (11th Cir. 2001);

*United States v. Nelson*, 365 F. Supp. 2d 381, 388 (S.D.N.Y. 2005)("[J]udicial findings

generally do not fall under the hearsay exception established by Rule 803(8)(C)"); *Blue Cross & Blue Shield of N.J., Inc. v. Philip Morris, Inc*., 141 F. Supp. 2d 320, 323 (E.D.N.Y. 2001). The hearsay exception for public records, Fed. R. Evid. 803(8), does not apply to factual findings in a judicial document. *U.S. Steel, LLC,* 261 F.3d at 1287; *Nipper,* 7 F.3d at 417; *Blue Cross & Blue Shield of N.J., Inc*., 141 F. Supp. 2d at 323.

**TRUSTEE'S REPLY:**

Defendants' response does not raise a genuine dispute with Trustee Statement ¶ 8, and it is therefore not controverted. Consequently, Trustee Statement ¶ 8 should be deemed admitted under Local Rule 7056-1(d). *See* LBR 7056-1(d) (stating that facts shall be deemed admitted for purposes of the motion unless "specifically controverted"); *see also Buckman*, 817 F. Supp. 2d at 328 n.42 (noting that "56.1 statements not explicitly denied by plaintiff are deemed admitted"). Moreover, Defendants' contention that certain facts in Trustee Statement ¶ 8 are not relevant is not a sufficient response or denial, and therefore the factual statement is deemed admitted. *See Zhao-Royo v. New York State Educ. Dep't*, 14 Civ. 0935 (GTS) (CFH), 2017 WL 149981, at *2, n.2 (N.D.N.Y. Jan. 13, 2017) ("The materiality of an assertion of fact on a motion for summary judgment is a legal conclusion to be made by the Court.... [a]s a result, where a non-movant has merely objected to the materiality of a fact, and the Court has concluded that the fact is material, the fact will be deemed admitted."); *see also Newmark v. Lawrence Hosp. Ctr.*, No. 07 Civ. 2861(CS), 2008 WL 5054731, at *8 n.7 (S.D.N.Y. Oct. 20, 2008) (finding two material facts admitted where the non-movant merely objected to the materiality of the facts); *cf. Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986) ("As to materiality, the substantive law will identify which facts are material.").

Defendants' response also contains improper legal argument in violation of Local Rule

11

7056-1, to which no response is required. *See U.S. Info. Sys., Inc.*, 2006 WL 2136249, at *3

("'Rule 56.1 statements are not argument. They should contain factual assertions with citation to

the record . . . [parties] cannot evade the impact of accepting a fact by adding legal argument to

their counterstatements." (citations omitted)). Defendants' response incorrectly states this

Court's prior decision on summary judgment is inadmissible evidence. While [j]udicial findings

*in other cases* proffered as evidence are generally characterized as inadmissible evidence," *L-e*

*Comm. Corp. v. OSI Systems, Inc.*, No. 02 Civ. 9144 (PAC), 2006 WL 988143, at *3 (S.D.N.Y.

Apr. 13, 2006) (emphasis added) (citation omitted), this Court's Rule 56(g) findings in this case

is the law of the case. *See Krakowski v. Am. Airlines, Inc. (In re AMR Corp.)*, 567 B.R. 247, 254

(S.D.N.Y. 2017).

The Trustee does not dispute the additional statements in Defendants' Response and

further avers that, regardless of whether true or disputed, the statements are immaterial and do

not preclude summary judgment for the Trustee.

### TRUSTEE STATEMENT ¶ 9:

Over the life of the BAM Account, Defendant BAM L.P. deposited a total of $2,415,007

and withdrew a total of $3,551,000 from the account, of which $563,000 was withdrawn within

the Two-Year Period. *MSJ 56(g) Decision*, 608 B.R. at 170.

### DEFENDANTS' RESPONSE:

*See* Response to SOMF #8.

### TRUSTEE'S REPLY:

Defendants' response does not raise a genuine dispute with Trustee Statement ¶ 9, and it

is therefore not controverted. Consequently, Trustee Statement ¶ 9 should be deemed admitted

under Local Rule 7056-1(d).  *See* LBR 7056-1(d) (stating that facts shall be deemed admitted for

purposes of the motion unless "specifically controverted"); *see also Buckman*, 817 F. Supp. 2d at

328 n.42 (noting that "56.1 statements not explicitly denied by plaintiff are deemed admitted").

To the extent Defendants refer to their Response to Trustee SOMF ¶ 8, Defendants' response

also contains improper legal argument in violation of Local Rule 7056-1, to which no response is

required.  *See U.S. Info. Sys., Inc.*, 2006 WL 2136249, at *3 ("'Rule 56.1 statements are not

argument.  They should contain factual assertions with citation to the record . . . [parties] cannot

evade the impact of accepting a fact by adding legal argument to their counterstatements."

(citations omitted)).  Defendants' response incorrectly states this Court's prior decision on

summary judgment is inadmissible evidence.  While [j]udicial findings *in other cases* proffered

as evidence are generally characterized as inadmissible evidence," *L-e Comm. Corp.*, 2006 WL

988143, at *3 (emphasis added) (citation omitted), this Court's Rule 56(g) findings are the law of

the case.  *See Krakowski*, 567 B.R. at 254.


   **TRUSTEE STATEMENT ¶ 10:**

   On December 23, 2008, the Bankruptcy Court entered the Claims Procedures Order,

under which BLMIS customers were required to file claims with the Trustee by the statutory bar

date.  *MSJ 56(g) Decision,* 608 B.R. at 170–71 (citing Order on Application for an Entry of an

Order Approving Form and Manner of Publication and Mailing of Notices, Specifying

Procedures for Filing, Determination, and Adjudication of Claims; and Providing other Relief,

dated Dec. 23, 2008 (the "Claims Procedures Order"), No. 08-01789 (SMB), ECF No. 12).

**DEFENDANTS' RESPONSE:**

*See* Response to SOMF #8 with respect to the citation to MSJ 56(g) Decision. In addition, this is not a fact that is material in deciding the Trustee's Motion

**TRUSTEE'S REPLY:**

Defendants' response does not raise a genuine dispute with Trustee Statement ¶ 10, and it is therefore not controverted. Consequently, Trustee Statement ¶ 10 should be deemed admitted under Local Rule 7056-1(d). *See* LBR 7056-1(d) (stating that facts shall be deemed admitted for purposes of the motion unless "specifically controverted"); *see also Buckman*, 817 F. Supp. 2d at 328 n.42 (noting that "56.1 statements not explicitly denied by plaintiff are deemed admitted"). To the extent Defendants refer to their Response to Trustee SOMF ¶ 8, Defendants' response also contains improper legal argument in violation of Local Rule 7056-1, to which no response is required. *See U.S. Info. Sys., Inc.*, 2006 WL 2136249, at *3 ("'Rule 56.1 statements are not argument. They should contain factual assertions with citation to the record . . . [parties] cannot evade the impact of accepting a fact by adding legal argument to their counterstatements." (citations omitted)). Defendants' response incorrectly states this Court's prior decision on summary judgment is inadmissible evidence. While [j]udicial findings *in other cases* proffered as evidence are generally characterized as inadmissible evidence," *L-e Comm. Corp. v. OSI Systems, Inc.*, No. 02 Civ. 9144 (PAC), 2006 WL 988143, at *3 (S.D.N.Y. Apr. 13, 2006) (emphasis added) (citation omitted), this Court's Rule 56(g) findings are the law of the case. *See Krakowski v. Am. Airlines, Inc. (In re AMR Corp.)*, 567 B.R. 247, 254 (S.D.N.Y. 2017).

**TRUSTEE STATEMENT ¶ 11:**

If BLMIS's books and records failed to support the claim or the claim was not otherwise

established to the Trustee's satisfaction, the Trustee denied the claim and notified the claimant of

his determination in writing (the "Trustee Determination"). *MSJ 56(g) Decision,* 608 B.R. at

171; Claims Procedures Order at *5–7 (citing SIPA § 78fff-2(b)).

**DEFENDANTS' RESPONSE:**

DISPUTED. The statement is not supported by the evidence. This statement is cobbled

together from three separate sources. Taken together they do not establish the truth of the

Trustee's action with respect to his denial of claims generally in the liquidation

proceeding. The MSJ 56(g) Decision addresses the Trustee's determinations solely with

respect to the Defendants' Customer Claims. *See* Response to SOMF #8 with respect to

the citation to MSJ 56(g) Decision. The Claims Procedure Order sets forth a lengthy

process which is not adequately summarized in the Trustee's statement. The SIPA statute

addresses the manner of satisfaction of customer claims as well as a direction to

determine the claim based on the debtor's books and records.

Moreover, the Trustee's procedure generally with respect to the denial of claims is not a

fact material to the issue of deciding prejudgment interest or the source of payments to

the Defendants.

**TRUSTEE'S REPLY:**

Defendants' response does not raise a genuine dispute with Trustee Statement ¶ 11, and it

is therefore not controverted.  Consequently, Trustee Statement ¶ 11 should be deemed admitted

under Local Rule 7056-1(d).  *See* LBR 7056-1(d) (stating that facts shall be deemed admitted for

purposes of the motion unless "specifically controverted"); *see also Buckman*, 817 F. Supp. 2d at

328 n.42 (noting that "56.1 statements not explicitly denied by plaintiff are deemed admitted").

Moreover, Defendants' contention that Trustee Statement ¶ 11 is not relevant is not a sufficient

response or denial, and therefore, the factual statement is deemed admitted. *See Zhao-Royo,*

2017 WL 149981, at *2, n.2 ("The materiality of an assertion of fact on a motion for summary

judgment is a legal conclusion to be made by the Court. . . . [a]s a result, where a non-movant

has merely objected to the materiality of a fact, and the Court has concluded that the fact is

material, the fact will be deemed admitted."); *see also Newmark*, 2008 WL 5054731, at *8 n.7

(finding two material facts admitted where the nonmovant merely objected to the materiality of

the facts); *cf. Anderson,* 477 U.S. at 248 ("As to materiality, the substantive law will identify

which facts are material.").

       To the extent Defendants refer to their Response to Trustee SOMF ¶ 8, Defendants'

response also contains improper legal argument in violation of Local Rule 7056-1, to which no

response is required. *See U.S. Info. Sys., Inc.*, 2006 WL 2136249, at *3 ("'Rule 56.1 statements

are not argument. They should contain factual assertions with citation to the record . . . [parties]

cannot evade the impact of accepting a fact by adding legal argument to their

counterstatements." (citations omitted)). Defendants' response incorrectly states this Court's

prior decision on summary judgment is inadmissible evidence. While [j]udicial findings *in other*

*cases* proffered as evidence are generally characterized as inadmissible evidence," *L-e Comm.*

*Corp.*, 2006 WL 988143, at *3 (emphasis added) (citation omitted), this Court's Rule 56(g)

findings are the law of the case. *See Krakowski*, 567 B.R. at 254.

**TRUSTEE STATEMENT ¶ 12:**

On or about June 17, 2009, Defendants Michael Mann and Meryl Mann filed a customer

claim for Account No. 1CM363, which the Trustee designated as Claim #009823 (the "1CM363

Customer Claim"), and Defendant Michael Mann filed claim #009822 on behalf of BAM L.P.

for Account No. 1CM579 (the "1CM579 Customer Claim"). *MSJ 56(g) Decision,* 608 B.R. at

171; Objection to Trustee's Determination of Claim at Ex. B, Adv. Pro. No. 08-01789, ECF Nos.

461, 815.

**DEFENDANTS' RESPONSE:**

UNDISPUTED, as far as it goes.

However, it fails to reveal the amount of the claims, which is an amount the Defendants,

who had no knowledge of the fraud, could reasonably believe remained in their account

after many years of deposits with their broker and modest appreciation.

Pursuant to the Claims Procedure Order, on or about June 17, 2009, Defendants Michael

Mann and Meryl Mann filed a customer claim for Account No. 1CM363 in the amount of

$7,192,467.45 representing the amount listed on the final monthly statement from their

broker for the Mann Account, taking into account both securities and options. On the

same date, Defendant Michael Mann filed claim #009822 on behalf of BAM L.P. for

Account No. 1CM579 in the amount of $714,333.85, representing the amount listed on

the final monthly statement from its broker for the BAM Account taking into account

both securities and options. Objection to Trustee's Determination of Claim at Ex. B, Adv.

Pro. No. 08-01789, ECF Nos. 461, 815.

*See also* response to SOMF #8 with respect to the citation to MSJ 56(g) Decision.

**TRUSTEE'S REPLY:**

Defendants' response does not raise a genuine dispute with Trustee Statement ¶ 12, and it is therefore not controverted.  Consequently, Trustee Statement ¶ 12 is deemed admitted under Local Rule 7056-1(d).  *See* LBR 7056-1(d) (stating that facts shall be deemed admitted for purposes of the motion unless "specifically controverted"); *see also Buckman*, 817 F. Supp. 2d at 328 n.42 (noting that "56.1 statements not explicitly denied by plaintiff are deemed admitted").  To the extent Defendants refer to their Response to Trustee SOMF ¶ 8, Defendants' response also contains improper legal argument in violation of Local Rule 7056-1, to which no response is required.  *See U.S. Info. Sys., Inc.*, 2006 WL 2136249, at *3 ("'Rule 56.1 statements are not argument.  They should contain factual assertions with citation to the record . . . [parties] cannot evade the impact of accepting a fact by adding legal argument to their counterstatements." (citations omitted)).  Defendants' response incorrectly states this Court's prior decision on summary judgment is inadmissible evidence.  While [j]udicial findings *in other cases* proffered as evidence are generally characterized as inadmissible evidence," *L-e Comm. Corp.*, 2006 WL 988143, at *3 (emphasis added) (citation omitted), this Court's Rule 56(g) findings are the law of the case.  *See Krakowski*, 567 B.R. at 254.

The Trustee does not dispute the additional statements in Defendants' Response and further avers that, regardless of whether true or disputed, the statements are immaterial and do not preclude summary judgment for the Trustee.

**TRUSTEE STATEMENT ¶ 13:**

On or about August 28, 2009, the Trustee issued a Notice of Trustee's Determination of

Claim with respect to the 1CM363 Customer Claim (the "1CM363 Determination"). On or

about October 19, 2009, the Trustee issued a Notice of Trustee's Determination of Claim with

respect to the 1CM579 Customer Claim (the "1CM579 Determination"). *MSJ 56(g) Decision,*

608 B.R. at 171; Objection to Trustee's Determination of Claim at Ex. A, Adv. Pro. No. 08-

01789, ECF Nos. 461, 815.

**DEFENDANTS' RESPONSE:**

UNDISPUTED, but Defendants object to the citation to MSJ 56(G) Decision. *See*

Response to SOMF #8. In addition, this is not a fact that is material in deciding the

Trustee's Motion

**TRUSTEE'S REPLY:**

Defendants' response does not raise a genuine dispute with Trustee Statement ¶ 13, and it

is therefore not controverted. Consequently, Trustee Statement ¶ 13 is deemed admitted under

Local Rule 7056-1(d). *See* LBR 7056-1(d) (stating that facts shall be deemed admitted for

purposes of the motion unless "specifically controverted"); *see also Buckman*, 817 F. Supp. 2d at

328 n.42 (noting that "56.1 statements not explicitly denied by plaintiff are deemed admitted").

To the extent Defendants refer to their Response to Trustee SOMF ¶ 8, Defendants' response

also contains improper legal argument in violation of Local Rule 7056-1, to which no response is

required. *See U.S. Info. Sys., Inc.*, 2006 WL 2136249, at *3 ("'Rule 56.1 statements are not

argument. They should contain factual assertions with citation to the record . . . [parties] cannot

evade the impact of accepting a fact by adding legal argument to their counterstatements."

(citations omitted)). Defendants' response incorrectly states this Court's prior decision on

19

summary judgment is inadmissible evidence.  While [j]udicial findings *in other cases* proffered

as evidence are generally characterized as inadmissible evidence," *L-e Comm. Corp.*, 2006 WL

988143, at *3 (emphasis added) (citation omitted), this Court's Rule 56(g) findings are the law of

the case.  *See Krakowski*, 567 B.R. at 254.


**TRUSTEE STATEMENT ¶ 14:**

On or about September 25, 2009, Defendants Michael Mann and Meryl Mann filed an

objection to the 1CM363 Determination (the "1CM363 Objection"), and on or about November

16, 2009, Defendant Michael Mann filed an objection to the 1CM579 Determination (the

"1CM579 Objection").  In their objections, Defendants acknowledged they opened accounts

with, and were customers of, "Bernard L. Madoff Investment Securities LLC."  *MSJ 56(g)*

*Decision,* 608 B.R. at 171; Objection to Trustee's Determination of Claim at 1–15, Adv. Pro. No.

08-01789, ECF Nos. 461, 815.

**DEFENDANTS' RESPONSE:**

DISPUTED. This statement demonstrates that references to the MSJ 56(g) Decision are

being used by the Trustee in a misleading manner. The Decision does not contain the

statement: "In their objections, Defendants acknowledged they opened accounts with, and

were customers of 'Bernard L. Madoff Investment Securities LLC'"[3]

---

[3] The Decision sets forth the grounds of the objection as follows:¶

On September 25 and November 16, 2009, the Defendants objected to the Mann Determination (the "Mann Objection") and the BAM Determination (the "BAM Objection," and together with the Mann Objection, the "Objections"), respectively.9Link to the text of the note The Objections mostly raised legal arguments including that the net equity claims should be determined by reference to the amount listed on the final BLMIS customer statement instead of the Trustee's "Net Investment Method," which offset withdrawals against deposits, (Mann Objection, ¶¶ 9, 11-19), that the Trustee's net equity calculation was barred by the statute of limitations on avoidance actions, (Mann Objection, ¶ 21), and that net equity claims should include interest or a similar adjustment to reflect the passage of time. (Mann Objection, ¶ 23.) In addition,

The evidence provided in the discovery period controverts any pre-discovery statement

by the Defendants that the accounts were opened with and held by BLMIS. The account

documents unequivocally established that the accounts were opened with and held by the

Madoff sole proprietorship, Bernard L. Madoff Investments Securities, not BLMIS. *See

also* Defendants' Objections to the Trustee SOMF ¶¶ 4, 8 above.

**TRUSTEE'S REPLY:**

Defendants' response does not raise a genuine dispute with Trustee Statement ¶ 14

because the *MSJ 56(g) Decision* speaks for itself.  Consequently, Trustee Statement ¶ 14 should

be deemed admitted under Local Rule 7056-1(d).  *See* LBR 7056-1(d) (stating that facts shall be

deemed admitted for purposes of the motion unless "specifically controverted"); *see also*

*Buckman*, 817 F. Supp. 2d at 328 n.42 (noting that "56.1 statements not explicitly denied by

plaintiff are deemed admitted").  To the extent Defendants refer to their Response to Trustee

SOMF ¶ 8, Defendants' response also contains improper legal argument in violation of Local

Rule 7056-1, to which no response is required.  *See U.S. Info. Sys., Inc.*, 2006 WL 2136249, at

*3 ("'Rule 56.1 statements are not argument.  They should contain factual assertions with

citation to the record . . . [parties] cannot evade the impact of accepting a fact by adding legal

argument to their counterstatements." (citations omitted)).  Defendants' response incorrectly

states this Court's prior decision on summary judgment is inadmissible evidence.  While

[j]udicial findings *in other cases* proffered as evidence are generally characterized as

inadmissible evidence," *L-e Comm. Corp.*, 2006 WL 988143, at *3 (emphasis added) (citation

---

paragraph 10 of the Objections argued that the Determinations failed to provide a basis for the disallowance of the Customer Claims and did not rebut the claims' prima facie validity under Federal Bankruptcy Rule 3001(f), (Mann Objection, ¶ 10(a) - (c)), and incorrectly set forth the deposits and withdrawals from the Accounts. (Mann Objection, ¶ 10(d)). *Picard v. BAM L.P.*, 608 B.R. at 171.

These objections were resolved by the Net Equity Decision and the Time Based Damages Decision, discussed hereinbelow, and the evidence that came to light in discovery.

omitted), this Court's Rule 56(g) findings are the law of the case. *See Krakowski*, 567 B.R. at 254.

The Trustee does not dispute the remaining statements set forth in Defendants' response. The Trustee alleged in his complaint that the business of Bernard L. Madoff Investment Securities was operated as a sole proprietorship until 2001 and that Defendants' accounts were open prior to that time. *See* Amended Complaint ¶ 23, Ex. B, *Picard v. BAM, L.P.*, No. 11-cv-07667 (JSR) (S.D.N.Y. Jan. 24, 2012), ECF No. 9.

**TRUSTEE STATEMENT ¶ 15:**

Prior to the filing of the Adversary Proceeding, the Bankruptcy Court concluded that each customer's "net equity" should be calculated by the "Net Investment Method," which credited the amount of cash deposited by the customer into his or her account, less any amounts withdrawn from it, and overruled certain objections, including Defendants' objections arguing they were entitled to recover the market value of the securities reflected on their last customer statements. *In re Bernard L. Madoff Inv. Sec. LLC*, 424 B.R. 122, 124 (Bankr. S.D.N.Y. 2010).

**DEFENDANTS' RESPONSE:**

This is not a fact that is material to deciding the Trustee's Motion.

The Trustee's recitation of the treatment of the claims objections fails to disclose that the Trustee commenced contested matters on common issues with respect to claims resolution for the Defendants in this adversary proceeding on a consolidated basis with hundreds of similar claims of customers who deposited funds with their broker and received withdrawals in good faith without knowledge of the fraud. In addition, the Defendants' objections to the Trustee's Determination were largely resolved in these

separate claims resolution proceedings involving net equity and adjustment for interest and not in connection with the adversary proceeding.

For example, the "net equity" issue was resolved in a consolidated, separate process to resolve objections to the Trustee's determination of claims based on the calculation of claim amount. To establish that consolidated procedure, the Trustee filed his Motion For An Order Upholding Trustee's Determination Denying Customer Claims' For Amounts Listed On Last Statement, Affirming Trustee's Determination Of Net Equity, And Expunging Those Objections With Respect To The Determinations Relating To Net Equity on October 16, 2009. *In Bernard L. Madoff Investment Securities LLC*, Adv. Pro No. 08-01879 (SMB). [ECF ].

On March 1, 2010, the Bankruptcy Court entered its Memorandum Decision Granting Trustee's Motion For Order (1) Upholding Trustee's Determination Denying Customer Claims For Amount Listed On Last Customer Statement; (2) Affirming Trustee's Determination Of New Equity; And (3) Expunging Objection To Determinations Relating To New Equity. *See* ECF 1999.

Consistent with that Memorandum Decision, the Bankruptcy Court entered an order, *inter alia*, affirmed the Net Investment Method and expunged the objections to the determinations of customer claims, as listed on Exhibit A to the Trustee's Motion [Dkt. No. 530], based upon using the Final Customer Statements rather than the Net Investment Method to determine Net Equity. *In Bernard L. Madoff Investment Securities LLC*, Adv.Pro No. 08-01879 (SMB). [ECF No. 2020]. The Mann Claim was listed on Exhibit A. The net equity issue was finally resolved on appeal in 2012.

The Defendants objection to the Trustee's Determination based on the Trustee's failure to pay interest was disposed of in a contested matter initiated by the Trustee's Motion For An Order Affirming Trustee's Calculations Of Net Equity And Denying Time-Based Damages dated October 12, 2012. *In re BLMIS*, 08-01789-(SMB)[ECF Nos. 5038, 5039]. In the accompanying memorandum, the Trustee opposed the addition of interest, particularly interest at state rate of 9%, or any upward adjustment on customer claims under SIPA. The Trustee's position was upheld by the Court and on appeal. *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Bernard L. Madoff)*, 496 B.R. 744 (Bankr. S.D.N.Y. 2013) (the "Time-Based Damages Decision"), *aff'd, In re Bernard L. Madoff Inv. Sec. LLC,* 779 F.3d 74, 78–79 (2d Cir. 2015), cert. denied, *Peshkin v. Picard,* 136 S. Ct. 218 (2015). The Time Based Damages Decision resolved the Defendants' objection to the Trustee's Determination.

To the extent that the length of time that this adversary proceeding has been pending is at all relevant to the issue of prejudgment interest, the timing must be viewed in light of the unique process in this liquidation where issues were resolved in lengthy contested matters involving hundreds of accounts and customers, including the Defendants. In addition, the Trustee and SIPC played significant roles initiating and prolonging litigation.

**TRUSTEE'S REPLY:**

Defendants' response does not raise a genuine dispute with Trustee Statement ¶ 15, and it is therefore not controverted.  Consequently, Trustee Statement ¶ 15 is deemed admitted under Local Rule 7056-1(d).  *See* LBR 7056-1(d) (stating that facts shall be deemed admitted for purposes of the motion unless "specifically controverted"); *see also Buckman*, 817 F. Supp. 2d at 328 n.42 (noting that "56.1 statements not explicitly denied by plaintiff are deemed admitted").

24

Moreover, Defendants' contention that Trustee Statement ¶ 15 is not relevant is not a sufficient response or denial, and therefore, the factual statement is deemed admitted.  *See Zhao-Royo,* 2017 WL 149981, at *2, n.2 ("The materiality of an assertion of fact on a motion for summary judgment is a legal conclusion to be made by the Court. . . . [a]s a result, where a non-movant has merely objected to the materiality of a fact, and the Court has concluded that the fact is material, the fact will be deemed admitted."); *see also Newmark*, 2008 WL 5054731, at *8 n.7 (finding two material facts admitted where the nonmovant merely objected to the materiality of the facts); *cf. Anderson,* 477 U.S. at 248 ("As to materiality, the substantive law will identify which facts are material.").

Defendants' response also contains improper legal argument in violation of Local Rule 7056-1, to which no response is required.  *See U.S. Info. Sys., Inc.*, 2006 WL 2136249, at *3 ("'Rule 56.1 statements are not argument.  They should contain factual assertions with citation to the record . . . [parties] cannot evade the impact of accepting a fact by adding legal argument to their counterstatements." (citations omitted)).  The Trustee further notes that Defendants' Objections were not fully resolved by the Time-Based Damages Decision.  *See Picard v. BAM L.P.*, 597 B.R. 466, 474 (Bankr. S.D.N.Y. 2019), *leave to appeal denied sub nom. In re Bernard L. Madoff Inv. Sec. LLC*, 612 B.R. 257 (S.D.N.Y. 2020) (noting Defendants' factual objections to the computation of the deposits and withdrawals listed in the Trustee's Determinations, remained unresolved).

**TRUSTEE STATEMENT ¶ 16:**

The Bankruptcy Court's order was appealed directly to the Second Circuit which affirmed

in 2011, and the Supreme Court denied petitions for a writ of *certiorari* in 2012.  *In re Bernard*

*L. Madoff Inv. Sec. LLC*, 654 F.3d 229 (2d Cir. 2011), *cert. denied*, *Velvel v. Picard,* 567 U.S.

934 (2012).

**DEFENDANTS' RESPONSE:**

UNDISPUTED.

**TRUSTEE'S REPLY:**

Trustee Statement ¶ 31 should be deemed admitted under Local Rule 7056-1(d).

**TRUSTEE STATEMENT ¶ 17:**

On November 30, 2010, the Trustee brought the Adversary Proceeding, pursuant to title

11 of the U.S. Code (the "Bankruptcy Code") and New York Debtor & Creditor Law, against

Defendants seeking to avoid and recover fraudulent transfers allegedly received by Defendants

through the investment advisory business of BLMIS (the "IA Business").  JPTO ¶ 2.

**DEFENDANTS' RESPONSE:**

DISPUTED. The Trustee misquotes the cited source, Paragraph 2 of the Joint Pretrial

Order. Paragraph 2 states: "On November 30, 2010, the Trustee brought this adversary

proceeding, pursuant to title 11 of the U.S. Code (the "Bankruptcy Code") and New York

Debtor & Creditor Law, against Defendants seeking to avoid and recover fraudulent

transfers allegedly received by Defendants from BLMIS."

In addition, the Trustee's Statement is deliberately misleading as his claims under New

York Debtor and Creditor law were dismissed following the Trustee's lengthy,

unsuccessful effort to have the U.S. Supreme Court grant certiorari of *Picard v. Ida Fishman Rev. Trust*,773 F.3d 411 (2d Cir. 2014) in 2015.

**TRUSTEE'S REPLY:**

Defendants' response does not raise a genuine dispute with Trustee Statement ¶ 17 because the JPTO speaks for itself.  Consequently, Trustee Statement ¶ 17 should be deemed admitted under Local Rule 7056-1(d).  *See* LBR 7056-1(d) (stating that facts shall be deemed admitted for purposes of the motion unless "specifically controverted"); *see also Buckman*, 817 F. Supp. 2d at 328 n.42 (noting that "56.1 statements not explicitly denied by plaintiff are deemed admitted").

The Trustee does not dispute the additional statements in Defendants' response and further avers that, regardless of whether true or disputed, the statements are immaterial and do not preclude summary judgment for the Trustee.

**TRUSTEE STATEMENT ¶ 18:**

At present, the Trustee seeks to avoid and recover transfers in the amount of $563,000 from Defendant BAM L.P. (Account No. 1CM579) and $2,250,000 from Defendants Michael and Meryl Mann (Account No. 1CM363), for a total of $2,813,000 of transfers made within two years of the Filing Date (the "Two-Year Transfers").  JPTO ¶ 2.

**DEFENDANTS' RESPONSE:**

UNDISPUTED but subject to clarification.

On November 30, 2006, the approximate date of the beginning of the applicable two-year period fixed by section 548(a)(1) of the Bankruptcy Code, the account statement for the Mann Account reported a positive balance of $6,305,190. DX-7B. On January 5, 2007,

Michael Mann deposited $1,500,000 into the Mann Account. Shortly thereafter on March 7, 2007 Michael Mann withdrew $250,000 from the Mann Account and on October 24, 2007, he made the final withdrawal of $2,500,000. Objection to Trustee's Determination of Claim, Adv. Pro. No. 08-01789, ECF No. 461, JPTO ¶ 73.

On November 30, 2006, the BAM statement for its account showed a balance of $1,091,896.12. DX5-A. Between April 17, 2007and April 23, 2008, BAM requested and received $563,000. Objection to Trustee's Determination of Claim, Adv. Pro. No. 08-01789, ECF No. 461; JPTO ¶ 73.

**TRUSTEE'S REPLY:**

Defendants' response does not raise a genuine dispute with Trustee Statement ¶ 18, and it is therefore not controverted. Consequently, Trustee Statement ¶ 18 is deemed admitted under Local Rule 7056-1(d). *See* LBR 7056-1(d) (stating that facts shall be deemed admitted for purposes of the motion unless "specifically controverted"); *see also Buckman*, 817 F. Supp. 2d at 328 n.42 (noting that "56.1 statements not explicitly denied by plaintiff are deemed admitted").

The Trustee does not dispute the additional statements in Defendants' response and further avers that, regardless of whether true or disputed, the statements are immaterial and do not preclude summary judgment for the Trustee.


**TRUSTEE STATEMENT ¶ 19:**

On October 27, 2011, Defendants filed a joinder in the motion for mandatory withdrawal of the reference pursuant to 28 U.S.C. § 157(d) filed in *Picard v. Harold Hein*, Adv. Pro. No. 10-04861 (SMB), requesting the District Court grant withdrawal of the Adversary Proceeding for the same reasons set forth in the *Hein* motion. ECF No. 20.

**DEFENDANTS' RESPONSE:**

UNDISPUTED, but the statement does not state a fact material to deciding the Trustee's

motion.

**TRUSTEE'S REPLY:**

Defendants' response does not raise a genuine dispute with Trustee Statement ¶ 19, and it

is therefore not controverted.  Consequently, Trustee Statement ¶ 19 is deemed admitted under

Local Rule 7056-1(d).  *See* LBR 7056-1(d) (stating that facts shall be deemed admitted for

purposes of the motion unless "specifically controverted"); *see also Buckman*, 817 F. Supp. 2d at

328 n.42 (noting that "56.1 statements not explicitly denied by plaintiff are deemed admitted").

Moreover, Defendants' contention that Trustee Statement ¶ 19 is not relevant is not a sufficient

response or denial, and therefore, the factual statement is deemed admitted.  *See Zhao-Royo,*

2017 WL 149981, at *2, n.2 ("The materiality of an assertion of fact on a motion for summary

judgment is a legal conclusion to be made by the Court. . . . [a]s a result, where a non-movant

has merely objected to the materiality of a fact, and the Court has concluded that the fact is

material, the fact will be deemed admitted."); *see also Newmark*, 2008 WL 5054731, at *8 n.7

(finding two material facts admitted where the nonmovant merely objected to the materiality of

the facts); *cf. Anderson,* 477 U.S. at 248 ("As to materiality, the substantive law will identify

which facts are material.").


**TRUSTEE STATEMENT ¶ 20:**

On November 29, 2011, the District Court entered an order granting mandatory

withdrawal of the reference as filed in four similarly situated avoidance actions, *Picard v. Greiff*

(Adv. Pro. No. 10-04357); *Picard v. Gerald Blumenthal* (Adv. Pro. No.10-04582), *Picard v.*

29

*Kara Fishbein Goldman* (Adv. Pro. No. 10-04735), and *Picard v. Harold J. Hein* (Adv. Pro. No.

10-04861) (collectively the "*Greiff* Actions"), as well as the joinders to those motions to

withdraw the reference, including that of Defendants here.    Mem. Order, *Picard v. Harold Hein*,

No. 11-cv-04936, ECF No. 17.

### DEFENDANTS' RESPONSE:

UNDISPUTED.

The statement is undisputed and highlights the fact that this adversary proceeding was not

prosecuted on an ordinary litigation schedule on its own. Rather, this adversary

proceeding was addressed issue by issue, along with the cases of hundreds of other

innocent customers, in a consolidated procedure adopted by both the Bankruptcy Court

and the District Court and agreed to by both the Trustee and the good faith defendants.

### TRUSTEE'S REPLY:

Defendants' response does not raise a genuine dispute with Trustee Statement ¶ 20, and it

is therefore not controverted.  Consequently, Trustee Statement ¶ 20 is deemed admitted under

Local Rule 7056-1(d).  *See* LBR 7056-1(d) (stating that facts shall be deemed admitted for

purposes of the motion unless "specifically controverted"); *see also Buckman*, 817 F. Supp. 2d at

328 n.42 (noting that "56.1 statements not explicitly denied by plaintiff are deemed admitted").


### TRUSTEE STATEMENT ¶ 21:

The Memorandum Order stated that the *Greiff* Actions were withdrawn for the limited

purpose of deciding: (i) whether the Trustee may, consistent with non-bankruptcy law, avoid

transfers that BLMIS purportedly made in order to satisfy antecedent debts; (ii) whether 11

U.S.C. § 546(e) applies as a safe harbor, limiting the Trustee's ability to avoid transfers; (iii)

whether provisions of the Internal Revenue Code that heavily tax undistributed portions of IRAs

prevent the Trustee from avoiding IRA distributions that would otherwise be taxed; (iv) whether,

after the United States Supreme Court's recent decision in *Stern v. Marshall*, 131 S. Ct. 2594

(2011), final resolution of claims to avoid transfers as fraudulent requires an exercise of "judicial

power," preventing the Bankruptcy Court from finally resolving such claims; and (v) whether, if

the Bankruptcy Court cannot finally resolve the fraudulent transfer claims in this case, it has the

authority to render findings of fact and conclusions of law before final resolution. Mem. Order,

*Picard v. Harold Hein*, No. 11-cv-04936, ECF No. 17.

**DEFENDANTS' RESPONSE:**

DISPUTED. This statement is not supported by reference to admissible evidence and

does not state a fact that is material to deciding the Trustee's motion. Fed. R. Civ. P.

56(c); Fed. R. Evid. 401, 403).

**TRUSTEE'S REPLY:**

Defendants' response does not raise a genuine dispute with Trustee Statement ¶ 21, and it

is therefore not controverted. Consequently, Trustee Statement ¶ 21 should be deemed admitted

under Local Rule 7056-1(d). *See* LBR 7056-1(d) (stating that facts shall be deemed admitted for

purposes of the motion unless "specifically controverted"); *see also Buckman*, 817 F. Supp. 2d at

328 n.42 (noting that "56.1 statements not explicitly denied by plaintiff are deemed admitted").

Moreover, Defendants' contention that Trustee Statement ¶ 21 is not relevant is not a sufficient

response or denial, and therefore, the factual statement is deemed admitted. *See Zhao-Royo*,

2017 WL 149981, at *2, n.2 ("The materiality of an assertion of fact on a motion for summary

judgment is a legal conclusion to be made by the Court. . . . [a]s a result, where a non-movant

has merely objected to the materiality of a fact, and the Court has concluded that the fact is

31

material, the fact will be deemed admitted."); *see also Newmark*, 2008 WL 5054731, at *8 n.7

(finding two material facts admitted where the nonmovant merely objected to the materiality of

the facts); *cf. Anderson*, 477 U.S. at 248 ("As to materiality, the substantive law will identify

which facts are material.").


**TRUSTEE STATEMENT ¶ 22:**

Subsequently, the defendants in the *Greiff* Actions filed their respective motions to

dismiss on the issues identified in the Memorandum Order, which the Trustee opposed, and oral

arguments were held before District Court Judge Jed S. Rakoff. *Picard v. Harold J. Hein*, No.

11-cv-04936, ECF Nos. 18–20, 26, 41, 53.

**DEFENDANTS' RESPONSE:**

UNDISPUTED, but the statement does not state a fact material to deciding the Trustee's

motion.

**TRUSTEE'S REPLY:**

Defendants' response does not raise a genuine dispute with Trustee Statement ¶ 22, and it

is therefore not controverted.  Consequently, Trustee Statement ¶ 22 is deemed admitted under

Local Rule 7056-1(d).  *See* LBR 7056-1(d) (stating that facts shall be deemed admitted for

purposes of the motion unless "specifically controverted"); *see also Buckman*, 817 F. Supp. 2d at

328 n.42 (noting that "56.1 statements not explicitly denied by plaintiff are deemed admitted").

Moreover, Defendants' contention that Trustee Statement ¶ 22 is not relevant is not a sufficient

response or denial, and therefore, the factual statement is deemed admitted.  *See Zhao-Royo*,

2017 WL 149981, at *2, n.2 ("The materiality of an assertion of fact on a motion for summary

judgment is a legal conclusion to be made by the Court. . . . [a]s a result, where a non-movant

has merely objected to the materiality of a fact, and the Court has concluded that the fact is

material, the fact will be deemed admitted."); *see also Newmark*, 2008 WL 5054731, at *8 n.7

(finding two material facts admitted where the nonmovant merely objected to the materiality of

the facts); *cf. Anderson,* 477 U.S. at 248 ("As to materiality, the substantive law will identify

which facts are material.").


**TRUSTEE STATEMENT ¶ 23:**

On March 30, 2012, Defendants filed a second joinder to the Second Motion of Harold

Hein for Withdrawal of the Reference, seeking to incorporating the arguments set forth therein,

relating to the impact of the Supreme Court's *Stern* decision.  ECF No. 24.

**DEFENDANTS' RESPONSE:**

UNDISPUTED, but the statement does not state a fact material to deciding the Trustee's

motion.  Fed. R. Civ. P. 56(c); Fed. R. Evid. 401, 403).

**TRUSTEE'S REPLY:**

Defendants' response does not raise a genuine dispute with Trustee Statement ¶ 23, and it

is therefore not controverted.  Consequently, Trustee Statement ¶ 23 is deemed admitted under

Local Rule 7056-1(d).  *See* LBR 7056-1(d) (stating that facts shall be deemed admitted for

purposes of the motion unless "specifically controverted"); *see also Buckman*, 817 F. Supp. 2d at

328 n.42 (noting that "56.1 statements not explicitly denied by plaintiff are deemed admitted").

Moreover, Defendants' contention that Trustee Statement ¶ 23 is not relevant is not a sufficient

response or denial, and therefore, the factual statement is deemed admitted.  *See Zhao-Royo,*

2017 WL 149981, at *2, n.2 ("The materiality of an assertion of fact on a motion for summary

judgment is a legal conclusion to be made by the Court. . . . [a]s a result, where a non-movant

has merely objected to the materiality of a fact, and the Court has concluded that the fact is

material, the fact will be deemed admitted."); *see also Newmark*, 2008 WL 5054731, at *8 n.7

(finding two material facts admitted where the nonmovant merely objected to the materiality of

the facts); *cf. Anderson,* 477 U.S. at 248 ("As to materiality, the substantive law will identify

which facts are material.").


**TRUSTEE STATEMENT ¶ 24:**

On April 27, 2012, the District Court entered one consolidated order granting in part and

denying in part the motions to dismiss filed in the *Greiff* Actions; specifically dismissing the

Trustee's claims except those proceeding under § 548(a)(l)(A) and § 550(a) of the Bankruptcy

Code.  Order, *Picard v. Harold Hein*, No. 11-cv-04936 (JSR) (S.D.N.Y. April 30, 2012), ECF

No. 66.

**DEFENDANTS' RESPONSE:**

UNDISPUTED but subject significant explanation.

As a result of the decisions in *Picard v. Greiff , (In re Madoff Sec.)*, No. 12 MC 115

(JSR), 476 B.R. 715 (S.D.N.Y. Apr. 15, 2013), aff'd, *Picard v. Ida Fishman Rev.

Trust*,773 F.3d 411 (2d Cir. 2014), cert. denied, 135 S. Ct. 2859 (2015) (the "Section

546(e) Decision"), all claims under Bankruptcy Code sections 544, 547, and 548(a)(1)(b)

and all state Debtor and Creditor Law claims were dismissed. The Trustee was limited to

recovering the fraudulent transfers made within the two-years prior to the Filing Date

solely under sections 548(a)(1)(A) and 550(a) of the Bankruptcy Code.

On August 19, 2015, almost five years after the adversary proceeding was filed, the

Trustee entered into a stipulation with the Defendants, which among other things,

34

expressly made these decisions dismissing all claims under state law and constructive fraud applicable to this adversary proceeding. *See* Stipulation and Order ¶ 7 , *Picard v. BAM L.P.* 10-04390-cgm [ECF No. 46].

**TRUSTEE'S REPLY:**

Defendants' response does not raise a genuine dispute with Trustee Statement ¶ 24, and it is therefore not controverted.  Consequently, Trustee Statement ¶ 24 is deemed admitted under Local Rule 7056-1(d).  *See* LBR 7056-1(d) (stating that facts shall be deemed admitted for purposes of the motion unless "specifically controverted"); *see also Buckman*, 817 F. Supp. 2d at 328 n.42 (noting that "56.1 statements not explicitly denied by plaintiff are deemed admitted").

The Trustee does not dispute the additional statements in Defendants' response and further avers that, regardless of whether true or disputed, the statements are immaterial and do not preclude summary judgment for the Trustee.


**TRUSTEE STATEMENT ¶ 25:**

On April 30, 2012, the District Court entered a decision explaining the reasons for its prior order, finding that section 546(e) of the Bankruptcy Code bars the Trustee from pursuing his claims made under sections 548(a)(1)(B) and 544, but "does not  bar the Trustee from pursuing the claims he here makes under § 548(a)(1)(A) and § 550(a)." *Picard v. Greiff, (In re BLMIS)*, 476 B.R. 715, 722 (S.D.N.Y.2012), *supplemented* (May 15, 2012), *aff'd on other grounds*, 773 F.3d 411 (2d Cir.2014), *cert. denied*, *Picard v. Ida Fishman Revocable Tr.*, 576 U.S. 1044 (2015).

**DEFENDANTS' RESPONSE:**

*See* response to Trustee SOMF ¶ 8**.** To the extent the statement recites a holding of

another court, the statement is not "followed by citation to evidence which would be

admissible." Local Civ. R. 56.1; *see also* Fed. R. Civ. P. 56(c).

**TRUSTEE'S REPLY:**

Defendants' response does not raise a genuine dispute with Trustee Statement ¶ 25, and it

is therefore not controverted.  Consequently, Trustee Statement ¶ 25 should be deemed admitted

under Local Rule 7056-1(d).  *See* LBR 7056-1(d) (stating that facts shall be deemed admitted for

purposes of the motion unless "specifically controverted"); *see also Buckman*, 817 F. Supp. 2d at

328 n.42 (noting that "56.1 statements not explicitly denied by plaintiff are deemed admitted").

To the extent Defendants refer to their Response to Trustee SOMF ¶ 8, Defendants' response

also contains improper legal argument in violation of Local Rule 7056-1, to which no response is

required.  *See U.S. Info. Sys., Inc.*, 2006 WL 2136249, at *3 ("'Rule 56.1 statements are not

argument.  They should contain factual assertions with citation to the record . . . [parties] cannot

evade the impact of accepting a fact by adding legal argument to their counterstatements."

(citations omitted)).  Defendants' response incorrectly states that the district court's prior

decision in *Greiff*—in which Defendants participated via joinder (*see* Trustee Statement ¶¶ 19–

24) —is inadmissible evidence.  While [j]udicial findings *in other cases* proffered as evidence

are generally characterized as inadmissible evidence," *L-e Comm. Corp.*, 2006 WL 988143, at *3

(emphasis added) (citation omitted), the Trustee cites the prior opinion of the district court in

adversary proceedings associated with the main bankruptcy, *SIPC v. BLMIS*, which is law of the

case.  *See Krakowski*, 567 B.R. at 254.

**TRUSTEE STATEMENT ¶ 26:**

The District Court further concluded that "those transfers from Madoff Securities to defendants that exceeded the return of defendants' principal, *i.e.,* that constituted profits, were not 'for value' …the transfers must be assessed on the basis of what they really were; and they really were artificial transfers designed to further the fraud, rather than any true return on investments." *Greiff,* 476 B.R. at 725.

**DEFENDANTS' RESPONSE:**

*See* Response to SOMF #8. The holding or findings of a court does not qualify as material facts. "[J]udicial findings of fact are inadmissible hearsay," Moreover, the decision is not binding under the doctrine of law of the case because it was not final. *See Geltzer v. Brizinova (In re Brizinova)*, 592 B.R. 442 (Bankr. E.D. N.Y. 2018) citing *Colvin v. Keen*, 900 F.3d 63, 68 (2d Cir. 2018) )("the Supreme Court long ago noted that '"[w]e think that [the law of the case doctrine] requires a final judgment to sustain the application of the rule . . . just as it does for the kindred rule of res judicata."' *United States v. U.S. Smelting Co*., 339 U.S. 186, 198-99, 70 S. Ct. 537, 94 L. Ed. 750 (1950)") (additional citations omitted). In addition, this is an isolated and select citation to one of many issues addressed by the District Court. Accordingly, it does not even accurately reflect the entirety of the ruling.

**TRUSTEE'S REPLY:**

Defendants' response does not raise a genuine dispute with Trustee Statement ¶ 26, and it is therefore not controverted.  Consequently, Trustee Statement ¶ 26 should be deemed admitted under Local Rule 7056-1(d).  *See* LBR 7056-1(d) (stating that facts shall be deemed admitted for purposes of the motion unless "specifically controverted"); *see also Buckman*, 817 F. Supp. 2d at

328 n.42 (noting that "56.1 statements not explicitly denied by plaintiff are deemed admitted").

Moreover, Defendants' contention that Trustee Statement ¶ 26 is not relevant is not a sufficient

response or denial, and therefore, the factual statement is deemed admitted.  *See Zhao-Royo,*

2017 WL 149981, at *2, n.2 ("The materiality of an assertion of fact on a motion for summary

judgment is a legal conclusion to be made by the Court. . . . [a]s a result, where a non-movant

has merely objected to the materiality of a fact, and the Court has concluded that the fact is

material, the fact will be deemed admitted."); *see also Newmark*, 2008 WL 5054731, at *8 n.7

(finding two material facts admitted where the nonmovant merely objected to the materiality of

the facts); *cf. Anderson,* 477 U.S. at 248 ("As to materiality, the substantive law will identify

which facts are material.").

　　　　To the extent Defendants refer to their Response to Trustee SOMF ¶ 8, Defendants'

response also contains improper legal argument in violation of Local Rule 7056-1, to which no

response is required.  *See U.S. Info. Sys., Inc.*, 2006 WL 2136249, at *3 ("'Rule 56.1 statements

are not argument.  They should contain factual assertions with citation to the record . . . [parties]

cannot evade the impact of accepting a fact by adding legal argument to their

counterstatements." (citations omitted)).  Defendants' response incorrectly states that the district

court's prior decision in *Greiff*—in which Defendants participated via joinder (*see* Trustee

Statement ¶¶ 19–24) —is inadmissible evidence.  While [j]udicial findings *in other cases*

proffered as evidence are generally characterized as inadmissible evidence," *L-e Comm. Corp.*,

2006 WL 988143, at *3 (emphasis added) (citation omitted), the Trustee cites the prior opinion

of the district court in adversary proceedings associated with the main bankruptcy, *SIPC v.*

*BLMIS*, which is law of the case.  *See Krakowski*, 567 B.R. at 254.  The Trustee further notes

that the law of the case rules "do not involve preclusion by final judgment; instead, they regulate

judicial affairs before final judgment." *45 John NY, LLC v. HS 45 John LLC (In re HS 45 John LLC*, 585 B.R. 64, 80 (Bankr. S.D.N.Y. 2018) (quoting *In re PCH Assocs.*, 949 F.2d 585, 592 (2d Cir. 1991)) (internal quotation marks omitted); *see also In re Motors Liquidation Co.*, 576 B.R. at 321 ("Where res judicata bars parties in subsequent actions from relitigating what has already been decided, law of the case holds that a court should adhere to its earlier decisions in subsequent stages of litigation." (citations omitted)). "Courts apply the law of the case doctrine when their prior decisions in an ongoing case either expressly resolved an issue or necessarily resolved it by implication." *Aramony v. United Way of Am.*, 254 F.3d 403, 410 (2d Cir. 2001) (citations omitted).

### TRUSTEE STATEMENT ¶ 27:

As a result of the *Greiff* decision and its progeny, the Trustee may recover the Two-Year Transfers from BLMIS pursuant to sections 548(a)(1)(A) and 550(a) of the Bankruptcy Code. JPTO ¶ 2.

### DEFENDANTS' RESPONSE:

DISPUTED. The reference to paragraph 2 of the JPTO is misleading. The decisions recognized the limitation of the Trustee's avoidance power; they are not an authorization to pursue the sole remaining claim. The JPTO ¶2 states: As a result of the decision in *SIPC v. BLMIS, (In re Madoff Sec.)*, No. 12 MC 115 (JSR), 2013 WL 1609154 (S.D.N.Y. Apr. 15, 2013), aff'd, 773 F.3d 411 (2d Cir. 2014), cert. denied, 135 S. Ct. 2859 (2015), the Trustee is limited to recovering the two-year transfers from BLMIS solely pursuant to sections 548(a)(1)(A) and 550(a) of the Bankruptcy Code.

**TRUSTEE'S REPLY:**

Defendants' response does not raise a genuine dispute with Trustee Statement ¶ 27 because the JPTO speaks for itself. Consequently, Trustee Statement ¶ 27 should be deemed admitted under Local Rule 7056-1(d). *See* LBR 7056-1(d) (stating that facts shall be deemed admitted for purposes of the motion unless "specifically controverted"); *see also Buckman*, 817 F. Supp. 2d at 328 n.42 (noting that "56.1 statements not explicitly denied by plaintiff are deemed admitted").

The Trustee does not dispute the additional statements in Defendants' Response and further avers that, regardless of whether true or disputed, the statements are immaterial and do not preclude summary judgment for the Trustee.

**TRUSTEE STATEMENT ¶ 28:**

In April 2012, the District Court instituted a protocol for consolidating briefing on common issues raised in motions to withdraw the reference that were filed following the *Greiff* Actions, and Defendants participated in the consolidated briefings determining whether *Stern* precluded the Bankruptcy Court from entering final judgment on the Trustee's claims. Order, *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, No. 12 MC 0115 (JSR) (S.D.N.Y. Apr. 13, 2012), ECF No. 4.

**DEFENDANTS' RESPONSE:**

UNDISPUTED, but the statement does not state a fact material to deciding the Trustee's motion.

**TRUSTEE'S REPLY:**

Defendants' response does not raise a genuine dispute with Trustee Statement ¶ 28, and it is therefore not controverted.  Consequently, Trustee Statement ¶ 28 is deemed admitted under Local Rule 7056-1(d).  *See* LBR 7056-1(d) (stating that facts shall be deemed admitted for purposes of the motion unless "specifically controverted"); *see also Buckman*, 817 F. Supp. 2d at 328 n.42 (noting that "56.1 statements not explicitly denied by plaintiff are deemed admitted").  Moreover, Defendants' contention that Trustee Statement ¶ 28 is not relevant is not a sufficient response or denial, and therefore, the factual statement is deemed admitted.  *See Zhao-Royo,* 2017 WL 149981, at *2, n.2 ("The materiality of an assertion of fact on a motion for summary judgment is a legal conclusion to be made by the Court. . . . [a]s a result, where a non-movant has merely objected to the materiality of a fact, and the Court has concluded that the fact is material, the fact will be deemed admitted."); *see also Newmark*, 2008 WL 5054731, at *8 n.7 (finding two material facts admitted where the nonmovant merely objected to the materiality of the facts); *cf. Anderson,* 477 U.S. at 248 ("As to materiality, the substantive law will identify which facts are material.").

**TRUSTEE STATEMENT ¶ 29:**

On January 4, 2013, the District Court ruled that the Bankruptcy Court may finally decide avoidance actions where defendants filed customer claims, which would necessarily be resolved by those avoidance actions, because the two are inextricably intertwined.  *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 490 B.R. 46, 54–55 (S.D.N.Y. 2013) (the "*Stern Consolidated Decision*").  Even where the Bankruptcy Court may not issue a final determination,

it "nonetheless has the power to hear the matter in the first instance and recommend proposed

findings of fact and conclusions of law." *Id.* at 58.

**DEFENDANTS' RESPONSE:**

DISPUTED. To the extent the statement recites a holding of another court, the statement

is not "followed by citation to evidence which would be admissible." Local Civ. R. 56.1;

see also Fed. R. Civ. P. 56(c). *See* Response to Trustee SOMF ¶ 8.

**TRUSTEE'S REPLY:**

Defendants' response does not raise a genuine dispute with Trustee Statement ¶ 27, and it

is therefore not controverted. Consequently, Trustee Statement ¶ 27 should be deemed admitted

under Local Rule 7056-1(d). *See* LBR 7056-1(d) (stating that facts shall be deemed admitted for

purposes of the motion unless "specifically controverted"); *see also Buckman*, 817 F. Supp. 2d at

328 n.42 (noting that "56.1 statements not explicitly denied by plaintiff are deemed admitted").

To the extent Defendants refer to their Response to Trustee SOMF ¶ 8, Defendants'

response also contains improper legal argument in violation of Local Rule 7056-1, to which no

response is required. *See U.S. Info. Sys., Inc.*, 2006 WL 2136249, at *3 ("'Rule 56.1 statements

are not argument. They should contain factual assertions with citation to the record . . . [parties]

cannot evade the impact of accepting a fact by adding legal argument to their

counterstatements." (citations omitted)). Defendants' response incorrectly the district court's

*Stern Consolidated Decision,* for which Defendants participated via joinder (*see* Trustee

Statement ¶¶ 19, 23) is inadmissible evidence. While [j]udicial findings *in other cases* proffered

as evidence are generally characterized as inadmissible evidence," *L-e Comm. Corp.*, 2006 WL

988143, at *3 (emphasis added) (citation omitted), the Trustee cites the prior opinion of the

district court in adversary proceedings associated with the main bankruptcy, *SIPC v. BLMIS*,

which is law of the case.  *See Krakowski*, 567 B.R. at 254.


### TRUSTEE STATEMENT ¶ 30:

After the Adversary Proceeding was returned to the Bankruptcy Court, Defendants filed

their Answer, asserting 34 affirmative defenses, including those pertaining to value and

antecedent debt (Eighth, Fifteenth, Sixteenth, Twenty-First, and Twenty-Second Affirmative

Defenses) that were rejected by the District Court in *Greiff* and pending before the Second

Circuit at that time.  Answer at 19–25.

### DEFENDANTS' RESPONSE:

DISPUTED. The trustee's statement is deliberately misleading in that it implies the

Defendants continued to pursue defenses in their Answer that had been finally decided.

That is inaccurate for several reasons. First, the G*reiff* decision referred to in the

statement was the denial of motions to dismiss, not a final judgment. Various customers,

including the Defendants, continued to address the issues in light of Second Circuit

decisions, including the Section 546(e) Decision. Second, the Trustee compelled an

answer to the Amended Complaint even before he agreed to the stipulation making the

Section 546(e) Decision, dismissing the majority of the Trustee's claims applicable to

this adversary proceeding. As a result, the Defendants were compelled to address

allegations and claims in the complaint that were no longer viable. Finally, the statements

in the Answer must be reformed to conform to the evidence that came to light in later

discovery, including cancelled checks, accounts statements and account documents.

### TRUSTEE'S REPLY:

Defendants' response does not raise a genuine dispute with Trustee Statement ¶ 30,

because the Answer speaks for itself and is a binding admission. Consequently, Trustee

Statement ¶ 30 should be deemed admitted under Local Rule 7056-1(d). *See* LBR 7056-1(d)

(stating that facts shall be deemed admitted for purposes of the motion unless "specifically

controverted"); *see also Buckman*, 817 F. Supp. 2d at 328 n.42 (noting that "56.1 statements not

explicitly denied by plaintiff are deemed admitted").

Defendants' response also contains improper legal argument in violation of Local Rule

7056-1, to which no response is required. *See U.S. Info. Sys., Inc.*, 2006 WL 2136249, at *3

("'Rule 56.1 statements are not argument. They should contain factual assertions with citation to

the record . . . [parties] cannot evade the impact of accepting a fact by adding legal argument to

their counterstatements." (citations omitted)). Defendants' response incorrectly states that the

district court's prior decision in *Greiff*—in which Defendants participated via joinder (*see*

Trustee Statement ¶¶ 19–24) —is inadmissible evidence. While [j]udicial findings *in other cases*

proffered as evidence are generally characterized as inadmissible evidence," *L-e Comm. Corp.*,

2006 WL 988143, at *3 (emphasis added) (citation omitted), the Trustee cites the prior opinion

of the district court in adversary proceedings associated with the main bankruptcy, *SIPC v.*

*BLMIS*, which is law of the case. *See Krakowski*, 567 B.R. at 254. The Trustee further notes

that the law of the case rules "do not involve preclusion by final judgment; instead, they regulate

judicial affairs before final judgment." *45 John NY, LLC v. HS 45 John LLC (In re HS 45 John*

*LLC*, 585 B.R. 64, 80 (Bankr. S.D.N.Y. 2018) (quoting *In re PCH Assocs.*, 949 F.2d 585, 592

(2d Cir. 1991)) (internal quotation marks omitted); *see also In re Motors Liquidation Co.*, 576

B.R. at 321 ("Where res judicata bars parties in subsequent actions from relitigating what has

already been decided, law of the case holds that a court should adhere to its earlier decisions in

subsequent stages of litigation." (citations omitted)). "Courts apply the law of the case doctrine

when their prior decisions in an ongoing case either expressly resolved an issue or necessarily

resolved it by implication." *Aramony v. United Way of Am.*, 254 F.3d 403, 410 (2d Cir. 2001)

(citations omitted).

The Trustee does not dispute the additional statements in Defendants' response and

further avers that, regardless of whether true or disputed, the statements are immaterial and do

not preclude summary judgment for the Trustee.


**TRUSTEE STATEMENT ¶ 31:**

Pursuant to the November 10, 2010 Order (1) Establishing Litigation Case Management

Procedures for Avoidance Actions and (2) Amending the February 16, 2010, Protective Order,

Adv. Pro. No. 08-01789 (SMB), ECF. No. 3141, the Adversary Proceeding was referred to

mandatory mediation with Deborah A. Reperowitz selected as mediator.  ECF Nos. 49–51.

**DEFENDANTS' RESPONSE:**

UNDISPUTED.

**TRUSTEE'S REPLY:**

Trustee Statement ¶ 31 should be deemed admitted under Local Rule 7056-1(d).


**TRUSTEE STATEMENT ¶ 32:**

The mediation took place on March 22, 2016 and January 17, 2017, and was not

successful, which Ms. Reperowitz memorialized in the Mediator's Final Report filed on January

24, 2017.  ECF No. 63.

**DEFENDANTS' RESPONSE:**

UNDISPUTED.

**TRUSTEE'S REPLY:**

Trustee Statement ¶ 32 should be deemed admitted under Local Rule 7056-1(d).

**TRUSTEE STATEMENT ¶ 33:**

On March 17, 2017, the Trustee filed a notice of pretrial conference scheduled for March

29, 2017.  ECF No. 64.

**DEFENDANTS' RESPONSE:**

UNDISPUTED.

**TRUSTEE'S REPLY:**

Trustee Statement ¶ 33 should be deemed admitted under Local Rule 7056-1(d).

**TRUSTEE STATEMENT ¶ 34:**

At the March 29, 2017 pretrial conference, the Court directed the Parties to file summary

judgment motions, contingent on the Parties' filing of a joint statement of undisputed material

facts in furtherance of summary judgment by May 3, 2017.  ECF No. 66.

**DEFENDANTS' RESPONSE:**

DISPUTED. This statement mischaracterizes the nature and content of ECF No. 66. It is

a stipulation between the Trustee and the Defendants reflecting agreement between the

parties with respect to deadlines for the various steps to a trial that was approved by the

Court.

**TRUSTEE'S REPLY:**

Defendants' response does not raise a genuine dispute with Trustee Statement ¶ 34

because the stipulation speaks for itself.  Consequently, Trustee Statement ¶ 34 should be

deemed admitted under Local Rule 7056-1(d). *See* LBR 7056-1(d) (stating that facts shall be deemed admitted for purposes of the motion unless "specifically controverted"); *see also Buckman*, 817 F. Supp. 2d at 328 n.42 (noting that "56.1 statements not explicitly denied by plaintiff are deemed admitted").

**TRUSTEE STATEMENT ¶ 35:**

Because the Parties were unable to agree to a joint statement, there were several adjournments of the scheduled pre-trial conference, until September 26, 2018. ECF Nos. 68, 69, 71, 76, 78, 80, 82, 88, 99, 103.

**DEFENDANTS' RESPONSE:**

DISPUTED. The referenced documents indicate that there were adjournments of the pretrial conference, but they do not cite the inability to agree on a pretrial statement as the reason for the adjournment. The Defendants respectfully refer the Court to documents for the matter stated therein.

**TRUSTEE'S REPLY:**

Defendants' response does not raise a genuine dispute with Trustee Statement ¶ 35, and it is therefore not controverted. Consequently, Trustee Statement ¶ 35 should be deemed admitted under Local Rule 7056-1(d). *See* LBR 7056-1(d) (stating that facts shall be deemed admitted for purposes of the motion unless "specifically controverted"); *see also Buckman*, 817 F. Supp. 2d at 328 n.42 (noting that "56.1 statements not explicitly denied by plaintiff are deemed admitted").

The Trustee does not dispute the additional statements in Defendants' Response and further avers that, regardless of whether true or disputed, the statements are immaterial and do not preclude summary judgment for the Trustee.

47

**TRUSTEE STATEMENT ¶ 36:**

Nine years after filing objections to the Trustee's determinations of their customer

claims, on June 1, 2018, counsel for Defendants unilaterally filed respective notices of

withdrawal of the 1CM363 Objection and 1CM363 Objection.  Adv. Pro. No. 08-01789, ECF

Nos. 17623, 17630.

**DEFENDANTS' RESPONSE:**

The statement is subject to clarification. The Defendants withdrew their objections to the

Trustee's Determinations based on the fact that their objections had been resolved after

lengthy litigation in the consolidated contested matter and on appeal described above. *See*

Response to Trustee SOMF ¶ 15.

**TRUSTEE'S REPLY:**

Defendants' response does not raise a genuine dispute with Trustee Statement ¶ 36, and it

is therefore not controverted.  Consequently, Trustee Statement ¶ 36 is deemed admitted under

Local Rule 7056-1(d).  *See* LBR 7056-1(d) (stating that facts shall be deemed admitted for

purposes of the motion unless "specifically controverted"); *see also Buckman*, 817 F. Supp. 2d at

328 n.42 (noting that "56.1 statements not explicitly denied by plaintiff are deemed admitted").

To the extent Defendants refer to their Response to Trustee SOMF ¶ 15,  Defendants'

response also contains improper legal argument in violation of Local Rule 7056-1, to which no

response is required. *See U.S. Info. Sys., Inc.*, 2006 WL 2136249, at *3 ("'Rule 56.1 statements

are not argument.  They should contain factual assertions with citation to the record . . . [parties]

cannot evade the impact of accepting a fact by adding legal argument to their

counterstatements." (citations omitted)).  The Trustee further clarifies that the citation to ECF

No. 17623 refers to the Defendants' notice of withdrawal for the 1CM579 Objection.

**TRUSTEE STATEMENT ¶ 37:**

On July 27, 2018, the Trustee moved to strike the withdrawals, asserting that a claimant

may not unilaterally withdraw its claim or objection under Rule 3006 of the Federal Rules of

Bankruptcy Procedure and Rule 41 of the Federal Rules of Civil Procedure.  Adv. Pro. No. 08-

01789, ECF No. 17864.

> **DEFENDANTS' RESPONSE:**
>
> DISPUTED. The Trustee fails to disclose that his objection to the withdrawals was a
>
> consolidated objection to the Defendants' withdrawal of their objections, which is not
>
> governed by Rule 3006 of the Federal Rules of Bankruptcy Procedure, with another
>
> group of customers who filed notices to withdraw both their claims and objections.
>
> This is not a statement of a fact that is material in deciding the Trustee's motion.

**TRUSTEE'S REPLY:**

Defendants' response does not raise a genuine dispute with Trustee Statement ¶ 37, and it

is therefore not controverted.  Consequently, Trustee Statement ¶ 37 should be deemed admitted

under Local Rule 7056-1(d).  *See* LBR 7056-1(d) (stating that facts shall be deemed admitted for

purposes of the motion unless "specifically controverted"); *see also Buckman*, 817 F. Supp. 2d at

328 n.42 (noting that "56.1 statements not explicitly denied by plaintiff are deemed admitted").

Moreover, Defendants' contention that Trustee Statement ¶ 37 is not relevant is not a sufficient

response or denial, and therefore, the factual statement is deemed admitted.  *See Zhao-Royo*,

2017 WL 149981, at *2, n.2 ("The materiality of an assertion of fact on a motion for summary

judgment is a legal conclusion to be made by the Court. . . . [a]s a result, where a non-movant

has merely objected to the materiality of a fact, and the Court has concluded that the fact is

material, the fact will be deemed admitted."); *see also Newmark*, 2008 WL 5054731, at *8 n.7

(finding two material facts admitted where the nonmovant merely objected to the materiality of the facts); *cf. Anderson,* 477 U.S. at 248 ("As to materiality, the substantive law will identify which facts are material.").

**TRUSTEE STATEMENT ¶ 38:**

The Bankruptcy Court granted the Trustee's motion, holding the withdrawals were "stricken and have no legal effect."  Order, Adv. Pro. No. 08-01789, ECF No. 18051.

**DEFENDANTS' RESPONSE:**

*See* Response to Trustee SOMF ¶ 8. This is not a fact that is material in deciding the Trustee's motion.

**TRUSTEE'S REPLY:**

Defendants' response does not raise a genuine dispute with Trustee Statement ¶ 38, and it is therefore not controverted.  Consequently, Trustee Statement ¶ 38 should be deemed admitted under Local Rule 7056-1(d).  *See* LBR 7056-1(d) (stating that facts shall be deemed admitted for purposes of the motion unless "specifically controverted"); *see also Buckman*, 817 F. Supp. 2d at 328 n.42 (noting that "56.1 statements not explicitly denied by plaintiff are deemed admitted"). Moreover, Defendants' contention that Trustee Statement ¶ 38 is not relevant is not a sufficient response or denial, and therefore, the factual statement is deemed admitted.  *See Zhao-Royo,* 2017 WL 149981, at *2, n.2 ("The materiality of an assertion of fact on a motion for summary judgment is a legal conclusion to be made by the Court. . . . [a]s a result, where a non-movant has merely objected to the materiality of a fact, and the Court has concluded that the fact is material, the fact will be deemed admitted."); *see also Newmark*, 2008 WL 5054731, at *8 n.7 (finding two material facts admitted where the nonmovant merely objected to the materiality of

50

the facts); *cf. Anderson,* 477 U.S. at 248 ("As to materiality, the substantive law will identify which facts are material.").

To the extent Defendants refer to their Response to Trustee SOMF ¶ 8, Defendants' response also contains improper legal argument in violation of Local Rule 7056-1, to which no response is required. *See U.S. Info. Sys., Inc.*, 2006 WL 2136249, at *3 ("'Rule 56.1 statements are not argument. They should contain factual assertions with citation to the record . . . [parties] cannot evade the impact of accepting a fact by adding legal argument to their counterstatements." (citations omitted)). Defendants' response incorrectly states this Court's prior decision on summary judgment is inadmissible evidence. While [j]udicial findings *in other cases* proffered as evidence are generally characterized as inadmissible evidence," *L-e Comm. Corp.*, 2006 WL 988143, at *3 (emphasis added) (citation omitted), this Court's Rule 56(g) findings are the law of the case. *See Krakowski*, 567 B.R. at 254.

### TRUSTEE STATEMENT ¶ 39:

Following the September 26, 2018 hearing, the Bankruptcy Court issued the Order Setting Trial, to start on December 3, 2018. ECF No. 108.

### DEFENDANTS' RESPONSE:

UNDISPUTED.

### TRUSTEE'S REPLY:

Trustee Statement ¶ 39 should be deemed admitted under Local Rule 7056-1(d).

**TRUSTEE STATEMENT ¶ 40:**

As permitted by that Order, on October 26, 2018, Defendants filed their second motion to withdraw the reference based upon their asserted right to a jury trial (the "Second Motion to Withdraw"), which was assigned to District Court Judge Vernon S. Broderick. *Picard v. BAM L.P.*, No. 18-cv-09916, ECF Nos. 1–2.

**DEFENDANTS' RESPONSE:**

UNDISPUTED.

**TRUSTEE'S REPLY:**

Trustee Statement ¶ 40 should be deemed admitted under Local Rule 7056-1(d).

**TRUSTEE STATEMENT ¶ 41:**

On November 19, 2018, the Trustee filed two motions *in limine* ahead of the scheduled trial, which Defendants opposed on November 26, 2018.  ECF Nos. 117–120, 126.

**DEFENDANTS' RESPONSE:**

UNDISPUTED.

**TRUSTEE'S REPLY:**

Trustee Statement ¶ 41 should be deemed admitted under Local Rule 7056-1(d).

**TRUSTEE STATEMENT ¶ 42:**

On November 20, 2018, Defendants moved to stay the trial pursuant to Rule 5011(c), pending a ruling from the District Court on the Second Motion to Withdraw, which the Trustee opposed on November 27, 2018, and oral argument was held on November 28, 2018.  ECF Nos. 121–122, 127–28, 130.

**DEFENDANTS' RESPONSE:**

UNDISPUTED, but subject to clarification.

The Defendants were compelled to file a motion for a stay because the Trustee declined

to consent. *See* So Ordered Memorandum Endorsed Order Signed On 11/16/2018. Re:

Absent The Trustee's Consent, The Defendant Must Move For A Stay. [ECF No. 116].

The trial was stayed.

**TRUSTEE'S REPLY:**

Defendants' response does not raise a genuine dispute with Trustee Statement ¶ 42, and it

is therefore not controverted.  Consequently, Trustee Statement ¶ 42 should be deemed admitted

under Local Rule 7056-1(d).  *See* LBR 7056-1(d) (stating that facts shall be deemed admitted for

purposes of the motion unless "specifically controverted"); *see also Buckman*, 817 F. Supp. 2d at

328 n.42 (noting that "56.1 statements not explicitly denied by plaintiff are deemed admitted").

The Trustee does not dispute the additional statements in Defendants' response and

further avers that, regardless of whether true or disputed, the statements are immaterial and do

not preclude summary judgment for the Trustee.


**TRUSTEE STATEMENT ¶ 43:**

Notwithstanding the motion for a stay, the Parties continued to prepare for trial by

exchanging exhibits and submitting a joint pretrial order to the Bankruptcy Court on November

26, 2018.  Order Setting Trial, ECF No. 108

**DEFENDANTS' RESPONSE:**

UNDISPUTED.

53

**TRUSTEE'S REPLY:**

Trustee Statement ¶ 43 should be deemed admitted under Local Rule 7056-1(d).

**TRUSTEE STATEMENT ¶ 44:**

At the November 28, 2018 hearing, the Bankruptcy Court adjourned the trial date and

offered Defendants the opportunity to make an oral motion to withdraw their customer claims

and objections to the Trustee's determinations of those claims. *MSJ 56(g) Decision,* 608 B.R. at

172.

**DEFENDANTS' RESPONSE:**

DISPUTED. This is not an accurate summary of the matter in the MSJ 56(g) Decision.

*See* Response to SOMF ¶ 8.

**TRUSTEE'S REPLY:**

Defendants' response does not raise a genuine dispute with Trustee Statement ¶ 44, and it

is therefore not controverted.  Consequently, Trustee Statement ¶ 44 should be deemed admitted

under Local Rule 7056-1(d).  *See* LBR 7056-1(d) (stating that facts shall be deemed admitted for

purposes of the motion unless "specifically controverted"); *see also Buckman*, 817 F. Supp. 2d at

328 n.42 (noting that "56.1 statements not explicitly denied by plaintiff are deemed admitted").

Moreover, Defendants' contention that Trustee Statement ¶ 44 is not relevant is not a sufficient

response or denial, and therefore, the factual statement is deemed admitted.  *See Zhao-Royo,*

2017 WL 149981, at *2, n.2 ("The materiality of an assertion of fact on a motion for summary

judgment is a legal conclusion to be made by the Court. . . . [a]s a result, where a non-movant

has merely objected to the materiality of a fact, and the Court has concluded that the fact is

material, the fact will be deemed admitted."); *see also Newmark*, 2008 WL 5054731, at *8 n.7

(finding two material facts admitted where the nonmovant merely objected to the materiality of the facts); *cf. Anderson,* 477 U.S. at 248 ("As to materiality, the substantive law will identify which facts are material.").

To the extent Defendants refer to their Response to Trustee SOMF ¶ 8, Defendants' response also contains improper legal argument in violation of Local Rule 7056-1, to which no response is required. *See U.S. Info. Sys., Inc.*, 2006 WL 2136249, at *3 ("'Rule 56.1 statements are not argument. They should contain factual assertions with citation to the record . . . [parties] cannot evade the impact of accepting a fact by adding legal argument to their counterstatements." (citations omitted)). Defendants' response incorrectly states this Court's prior decision on summary judgment is inadmissible evidence. While [j]udicial findings *in other cases* proffered as evidence are generally characterized as inadmissible evidence," *L-e Comm. Corp.*, 2006 WL 988143, at *3 (emphasis added) (citation omitted), this Court's Rule 56(g) findings are the law of the case. *See Krakowski*, 567 B.R. at 254.


**TRUSTEE STATEMENT ¶ 45:**

Defendants made an oral motion to withdraw their customer claims and objections, and the Bankruptcy Court granted the motion, which was memorialized in the Order Withdrawing Claims and Objections With Prejudice And Finally Determining Net Equity, filed on December 20, 2018. ECF No. 138

**DEFENDANTS' RESPONSE:**

UNDISPUTED, but subject to clarification.

The body of Order represents the decision of the Court and does not determine net equity. The title of the Order, which was drafted by the Trustee, is misleading. There is no reference to a final determination of net equity in the order.

**TRUSTEE'S REPLY:**

Defendants' response does not raise a genuine dispute with Trustee Statement ¶ 45, and it is therefore not controverted.  Consequently, Trustee Statement ¶ 45 should be deemed admitted under Local Rule 7056-1(d).  *See* LBR 7056-1(d) (stating that facts shall be deemed admitted for purposes of the motion unless "specifically controverted"); *see also Buckman*, 817 F. Supp. 2d at 328 n.42 (noting that "56.1 statements not explicitly denied by plaintiff are deemed admitted"). The Trustee further notes that the Order was submitted on consent by the parties.

**TRUSTEE STATEMENT ¶ 46:**

The Order granting Defendants' withdrawals of their customer claims and objections did not determine the Bankruptcy Court's jurisdiction over the Adversary Proceeding, for which the Parties submitted separate briefing on December 5, 2018 and December 12, 2018, as directed by the Bankruptcy Court.  ECF Nos. 132, 137.

**DEFENDANTS' RESPONSE:**

UNDISPUTED.

**TRUSTEE'S REPLY:**

Trustee Statement ¶ 46 should be deemed admitted under Local Rule 7056-1(d).

**TRUSTEE STATEMENT ¶ 47:**

On January 18, 2019, the Bankruptcy Court issued its Memorandum Decision and Order

holding that the court has equitable jurisdiction over the Adversary Proceeding despite

Defendants' withdrawal of their customer claims and objections, noting that such claims "were

pending for nearly ten years, but [Defendants] sought to withdraw them with prejudice at the

Court's invitation only a few days before the trial was scheduled to begin." *Picard v. BAM L.P.*,

597 B.R. 466, 484 (Bankr. S.D.N.Y. 2019) (the "*Jurisdictional Decision*"); ECF No. 148.

**DEFENDANTS' RESPONSE:**

*See* Response to Trustee SOMF ¶ 8.

**TRUSTEE'S REPLY:**

Defendants' response does not raise a genuine dispute with Trustee Statement ¶ 47, and it

is therefore not controverted. Consequently, Trustee Statement ¶ 47 should be deemed admitted

under Local Rule 7056-1(d). *See* LBR 7056-1(d) (stating that facts shall be deemed admitted for

purposes of the motion unless "specifically controverted"); *see also Buckman*, 817 F. Supp. 2d at

328 n.42 (noting that "56.1 statements not explicitly denied by plaintiff are deemed admitted").

To the extent Defendants refer to their Response to Trustee SOMF ¶ 8, Defendants' response

also contains improper legal argument in violation of Local Rule 7056-1, to which no response is

required. Defendants' response incorrectly states this Court's prior decision on summary

judgment is inadmissible evidence. *See U.S. Info. Sys., Inc.*, 2006 WL 2136249, at *3 ("'Rule

56.1 statements are not argument. They should contain factual assertions with citation to the

record . . . [parties] cannot evade the impact of accepting a fact by adding legal argument to their

counterstatements." (citations omitted)). While [j]udicial findings *in other cases* proffered as

evidence are generally characterized as inadmissible evidence," *L-e Comm. Corp.*, 2006 WL

57

988143, at *3 (emphasis added) (citation omitted), this Court's Rule 56(g) findings are the law of the case. *See Krakowski*, 567 B.R. at 254.

### TRUSTEE STATEMENT ¶ 48:

On January 25, 2019, Defendants moved for leave to appeal the *Jurisdictional Decision* (the "Motion for Leave"), which the Trustee opposed. No. 19-cv-00812, ECF Nos. 1, 4–7.

### DEFENDANTS' RESPONSE:

UNDISPUTED.

### TRUSTEE'S REPLY:

Trustee Statement ¶ 48 should be deemed admitted under Local Rule 7056-1(d).

### TRUSTEE STATEMENT ¶ 49:

On February 26, 2020, District Court Judge Vernon S. Broderick denied the Second Motion to Withdraw and Motion for Leave, finding Defendants' "jurisdictional rule that the Bankruptcy Court's authority is contingent on the continued presence of a contested proof of claim . . . would permit gamesmanship and the sandbagging of a bankruptcy Trustee after she expended resources and time litigating only to have a putative creditor pull the plug on its proof of claim when faced with a potential adverse ruling and/or on the eve of trial." *Picard v. BAM L.P.*, No. 19-cv-00812 (VSB), 612 B.R. 257, 271 (S.D.N.Y. 2020), ECF No. 10.

### DEFENDANTS' RESPONSE:

The Defendants do not dispute that the District Court denied their Motions *See* Response to Trustee SOMF ¶ 8.

58

**TRUSTEE'S REPLY:**

Trustee Statement ¶ 49 should be deemed admitted under Local Rule 7056-1(d).


**TRUSTEE STATEMENT ¶ 50:**

Judge Broderick further directed the Clerk of Courts to close the motions and refer the

matter back to the Bankruptcy Court. *BAM L.P.*, 612 B.R. at 272.

**DEFENDANTS' RESPONSE:**

UNDISPUTED, however the statement does not state a fact that is material in deciding

the Trustee's motion.

**TRUSTEE'S REPLY:**

Defendants' response does not raise a genuine dispute with Trustee Statement ¶ 50, and it

is therefore not controverted.  Consequently, Trustee Statement ¶ 50 should be deemed admitted

under Local Rule 7056-1(d).  *See* LBR 7056-1(d) (stating that facts shall be deemed admitted for

purposes of the motion unless "specifically controverted"); *see also Buckman*, 817 F. Supp. 2d at

328 n.42 (noting that "56.1 statements not explicitly denied by plaintiff are deemed admitted").

Moreover, Defendants' contention that Trustee Statement ¶ 50 is not relevant is not a sufficient

response or denial, and therefore, the factual statement is deemed admitted.  *See Zhao-Royo,*

2017 WL 149981, at *2, n.2 ("The materiality of an assertion of fact on a motion for summary

judgment is a legal conclusion to be made by the Court. . . . [a]s a result, where a non-movant

has merely objected to the materiality of a fact, and the Court has concluded that the fact is

material, the fact will be deemed admitted."); *see also Newmark*, 2008 WL 5054731, at *8 n.7

(finding two material facts admitted where the nonmovant merely objected to the materiality of

the facts); *cf. Anderson,* 477 U.S. at 248 ("As to materiality, the substantive law will identify

which facts are material.").

**TRUSTEE STATEMENT ¶ 51:**

On December 21, 2018, the Trustee filed his Motion for Summary Judgment, which

Defendants opposed.  ECF Nos. 140–143, 158–160, 164, 166–167.

**DEFENDANTS' RESPONSE:**

UNDISPUTED, but subject to explanation.

The Defendants sought to file a cross motion for summary judgment by letter to the Court

dated February 5, 2019. See *Picard v. BAM L.P.*, Adv. Pro 10-04390 [ECF No. 152]. The

cross motion was intended to allow the parties to properly address the issue raised in the

JPTO that that the transfers were not property of the debtor. The Trustee opposed the

request.

**TRUSTEE'S REPLY:**

Defendants' response does not raise a genuine dispute with Trustee Statement ¶ 51, and it

is therefore not controverted.  Consequently, Trustee Statement ¶ 51 should be deemed admitted

under Local Rule 7056-1(d).  *See* LBR 7056-1(d) (stating that facts shall be deemed admitted for

purposes of the motion unless "specifically controverted"); *see also Buckman*, 817 F. Supp. 2d at

328 n.42 (noting that "56.1 statements not explicitly denied by plaintiff are deemed admitted").

The Trustee does not dispute the additional statements in Defendants' response and

further avers that, regardless of whether true or disputed, the statements are immaterial and do

not preclude summary judgment for the Trustee.

**TRUSTEE STATEMENT ¶ 52:**

Oral argument before the Bankruptcy Court was held on April 24, 2019.  ECF No. 173.

**DEFENDANTS' RESPONSE:** UNDISPUTED.

**TRUSTEE'S REPLY:**

Trustee Statement ¶ 52 should be deemed admitted under Local Rule 7056-1(d).


**TRUSTEE STATEMENT ¶ 53:**

In September 2019, the Bankruptcy Court issued its Memorandum Decision Granting

Relief Under Federal Rule of Civil Procedure 56(g), identifying one remaining issue of

fact: whether the Two-Year Transfers were transfers by the SIPA debtor within the

meaning of SIPA § 78fff-2(c)(3) and 11 U.S.C. § 548 (a)(1)(A).  JPTO ¶ 3 (citing *MSJ*

*56(g) Decision,* 608 B.R. 165), ¶ 4 (citing Order Denying the Trustee's Motion for

Summary Judgment and Granting Relief Under Federal Rule of Civil Procedure 56(g),

ECF No. 175).

**DEFENDANTS' RESPONSE:**

UNDISPUTED.

**TRUSTEE'S REPLY:**

Trustee Statement ¶ 53 should be deemed admitted under Local Rule 7056-1(d).


**TRUSTEE STATEMENT ¶54:**

This issue was addressed at trial, which was held on September 14, 2020 before this

Court pursuant to the Order Establishing Procedures For Remote Evidentiary

Hearing/Trial On September 14, 2020.  ECF No. 212.

**DEFENDANTS' RESPONSE:**

UNDISPUTED.

**TRUSTEE'S REPLY:**

Trustee Statement ¶ 54 should be deemed admitted under Local Rule 7056-1(d).

## II.    THE TRUSTEE'S RESPONSES AND OBJECTIONS TO DEFENDANTS' COUNTERSTATEMENT

### A.    Status of the Liquidation Proceeding

The Trustee's recitation of facts omits relevant references to the conduct of the SIPA liquidation.

1.      Every six months, the Trustee files a detailed report with the Court that outlines the progress made in the liquidation proceeding of BLMIS, which includes, *inter alia*, status of litigation and the entirely separate claims administration. *See* www.madofftrustee.com.

**TRUSTEE'S RESPONSE:**  Not disputed.

2.      According to the latest report, for the period through September 30, 2020 the Trustee has fully satisfied 1,474 accounts, which represents more than 64% of accounts with allowed claims. *See* Trustee's Twenty-Fourth Interim Report For The Period April 1, 2020 Through September 30, 2020, ¶2, ( "24th Interim Report"), *In re BLMIS*, 08-01789-SMB filed October 28, 2020 [ECF No. 19896].[4]

**TRUSTEE'S RESPONSE:**  Not disputed.

---

[4] For the Court's ease of reference, a copy of the 24th Interim Report is attached as Exhibit A to the Declaration of Arthur H. Ruegger in Response to the Trustee's Statement of Material Facts, dated November 16, 2020.

3.      The Trustee does not pay interest on allowed customer claims. In fact, following

the litigation to determine the methodology for allowing claims, the Trustee filed a motion to

deny requests for the payment of interest on customer claims, including interest at the state law

9%, upward adjustment for lost opportunity costs or adjustment by the consumer price index to

take inflation into account (collectively defined as "Time Based Damages"). Motion For An

Order Affirming Trustee's Calculations Of Net Equity And Denying Time-Based Damages dated

October 12, 2012, *In re BLMIS,* 08-01789-(SMB) [ECF Nos. 5038, 5039].

**TRUSTEE'S RESPONSE:**  Not disputed.


4.      The Trustee rejected the state law rate for prejudgment interest under the CPLR in

his vehement opposition to adjustment of customer claims using New York prejudgment rate of

9%. *See* Memorandum Of Law In Support Of Trustee's Motion For An Order Affirming

Trustee's Calculations Of Net Equity And Denying Time-Based Damages dated October 12,

2012. [ECF No. 5039].

**TRUSTEE'S RESPONSE:**  Not disputed.  The Trustee opposed the application of

CPLR section 5001 as it would have depleted the finite customer fund, harm other customers and

been in conflict with the priority provisions of SIPA, and the Second Circuit agreed.  *See Sec.*

*Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC, (In re Madoff Sec.)*, 779 F.3d 74, 81 (2d

Cir. 2015) ("Time-Based Damages Decision") (finding "an inflation adjustment to net equity

claims" would allocate value to the earlier investors "at the expense of customers who have not

yet recovered the property they placed in Madoff's hands.").

63

5.      At that point, the Trustee recognized that state law was not applicable to federal

claims when he stated:

> "New York's C.P.L.R. §5001 is inapplicable here in any event. It applies only to
>
> the state law causes of action referenced in it. *See Mfg'rs. Hanover Trust Co. v.*
>
> *Drysdale Sec. Corp*., 801 F.2d 13, 28 (2d Cir. 1986) (reversing lower court
>
> because prejudgment interest under NY CPLR § 5001 is not applicable to federal
>
> securities laws claims, only to New York state law claims). SIPA is not a New
>
> York state law." *Id*. at n. [ ]

**TRUSTEE'S RESPONSE:**  Not disputed.  The Trustee made clear that section 5001

authorizes interest only "upon a sum awarded," which requires a judgment in favor of the

prevailing party. N.Y. C.P.L.R. § 5001.   It did not apply in the context of determining the value

of customer claims.  The Trustee further refers to its response to Counterstatement ¶ 4.


6.      Moreover, in the same Memorandum, the Trustee blasted the 9% rate of interest

as "unreasonable":

> Even if prejudgment interest could attach in these circumstances, the 9% rate set
>
> forth under New York law is unreasonable and the Trustee would be well within
>
> his discretion to reject it. A court within the Second Circuit recently rejected the
>
> 9% rate, noting that it is "an absurd judgment rate in this day and age for any
>
> claim." *Sriraman v. Patel*, 761 F. Supp. 2d 23, 26-27 (E.D.N.Y. 2011). While it
>
> may have been reasonable when first enacted in 1981, when the federal funds rate
>
> was as high as 19.1%, it is not under current conditions, which include a federal
>
> funds rate that has been running at less than 1% for years. *Id*. at n.10.

**TRUSTEE'S RESPONSE:**  Not disputed.  The Trustee made this argument against the application of New York's statutory prejudgment interest rate in the context of determining the value of customer claims.  Its application would have depleted the finite customer fund, harmed other customers and been in conflict with the priority provisions of SIPA.  *See Time-Based Damages Decision*, 779 F.3d at 81 (finding "an inflation adjustment to net equity claims" would allocate value to the earlier investors "at the expense of customers who have not yet recovered the property they placed in Madoff's hands").  Conversely, in the context of an avoidance action, the nine percent per annum would be appropriate to compensate fully the BLMIS estate for the loss of the customer property that Defendants had the benefit of using over the last ten years.

**B.      The Prejudgment Interest Demand**

7.      The Trustee is holding approximately $1 billion, which he invests in US Treasuries, and low rate other short term investments and money market funds. *See* 24th Interim Report, ¶9 ("This summary reflects cash of $20,325,636.34, short term investments, money market deposit accounts and other investments, including alternative investments received in connection with the Chais settlement of $657,779,244, and short-term United States Treasuries in the amount of $337,912,099.").

**TRUSTEE'S RESPONSE:**  Not disputed.

8.      The Trustee's demand for interest in this adversary proceeding is an anomaly. The Trustee filed approximately 1000 avoidance actions against customers who received withdrawals from their accounts without knowledge of the fraud. All but 109 have been settled or otherwise resolved. *See* 24th Interim Report, ¶53.

**TRUSTEE'S RESPONSE:** Disputed. The Trustee has made it expressly clear in his filings and statements before the courts that he reserved his rights to pursue prejudgment interest on strict liability claims in any adversary proceeding that moved forward with trial. In line with that approach, in cases that have gone to trial, such as *Nelson*, the Trustee sought and was awarded prejudgment interest at the rate of nine percent per annum. *See* Judgment, *Picard v. Nelson*, Adv. Pro. Nos. 10-04377, 10-04658 (SMB) (Bankr. S.D.N.Y. Dec. 9, 2019), ECF No. 203, 205. The Trustee has most recently secured prejudgment interest at the nine percent interest rate in another adversary proceeding that had not gone to trial but had been litigated, as here, for the past ten years. *See Judgment, Picard v. Magnify Inc.*, Adv. Pro. No. 10-05279 (SMB) (Bankr. S.D.N.Y. Oct. 22, 2020), ECF No. 200. And the Trustee continues to pursue prejudgment interest in all current pending adversary proceedings.

9.      The Trustee continues to pursue numerous cases involving parties who allegedly took transfers with knowledge of the fraud, foreign customers and feeder funds, some of which are still in the discovery phase. See 24th Interim Report, ¶¶128-297

**TRUSTEE'S RESPONSE:** Not disputed.

10.     The *Nelson* case is the first of those cases where the judgment included any interest, let alone interest at 9%. *See Picard v. Cohen*, 16-cv-5513 (LTS) Judgment dated Feb. 27 2007 [ECF. No. 26] (Judgment in the amount of two-year liability without interest); *Picard v. Lowrey*, 18-cv-5433 (PAE) Feb. 8, 2019 [ECF 30](Judgment solely in the amount of two-year liability); *Picard v. Marilyn Bernfeld Trust et al*., Adv. Pro. No. 10-05143 (SMB) [ECF

No.29](Judgment signed on 5/18/2016 in amount of transfers $498,911. No

Interest.)(subsequently reopened and dismissed).

   **TRUSTEE'S RESPONSE:**  Not disputed.  The Trustee further notes that he has most

recently secured prejudgment interest at the nine percent interest rate in another adversary

proceeding that had not gone to trial but had been litigated, as here, for the past ten years.  *See*

Judgment, *Picard v. Magnify Inc.,* Adv. Pro. No. 10-05279 (SMB) (Bankr. S.D.N.Y. Oct. 22,

2020), ECF No. 200.


   11.   The *Nelson* case ended with a judgment awarding 9 % interest. Although it was

approved by the Court, there was no discussion by the Court regarding the award of interest or

the rate. *See* Judgment dated December 9, 2019, *Picard v. Nelson,* 10-04377(SMG) [ECF No.

203].

   **TRUSTEE'S RESPONSE:**  Not disputed.


### C.   The Defendants

   12.   There is no dispute that the Defendants had no knowledge of Madoff's fraud and

received withdrawals in good faith. There is no allegation in the Complaint or Amended

Complaint that the Defendants acted otherwise.

   **TRUSTEE'S RESPONSE:**  Not disputed.


   13.   The Defendants were victims of the fraud in several measurable ways. First, the

Manns paid taxes of over $3 million on reported profits which the Trustee contends were false

for the years beginning 1996 through 2003 that were not refunded pursuant to pursuant to the theft loss deduction under IRS Rev. Proc. 2009-20, 2009-14 I.R.C. Part III. *See* JPTO ¶ 8.

**TRUSTEE'S RESPONSE:** Not disputed that Defendants paid $3,141,039 in unrefunded taxes over the life of the account ($5,716,627 (total taxes paid) – $2,575,588 (total taxes refunded) = $3,141,039). JPTO at Section IV, Stipulated Facts, ¶ 8. Disputed that Defendants were not refunded in 2003, for which they received a refund of $1,003,553 ($825,979 federal + 177,574 state). JPTO at Section IV, Stipulated Facts, ¶ 8. Over the life of the account, Defendants received refunds pursuant to the theft loss deduction from the IRS in the amount of $2,575,588 ($2,123,217 federal + $452,371 state). *Id.*

14.     The Defendants were depositors for 11 years and 9 years respectively. When the fraud was uncovered, they lost the amount in their accounts which they reasonably believed would be there based on the statements, their deposits and reasonable appreciation. *See* Responses to Trustee SOMF ¶¶ 12, 13.

**TRUSTEE'S RESPONSE:** Not disputed that Defendants were depositors for 11 years and 9 years respectively. Disputed that Defendants lost the amounts reflected on their account statements that were actually fictitious profits made up by Madoff. Defendants took withdrawals of fictitious profits far in excess of what they deposited and what the Trustee now seeks to recover. Over the life of the Mann Account, Michael Mann deposited a total of $14,850,000 and withdrew a total of $20,650,000 from the account, thus giving Defendants the benefit of $5,800,000. *Picard v. BAM L.P. (In re BLMIS)*, 608 B.R. 165, 170 (Bankr. S.D.N.Y. 2019) ("*MSJ 56(g) Decision*"); *see also* Am. Compl. at Ex. B. Of this amount, the Trustee seeks the return of only $2,250,000 that was withdrawn within the Two-Year Period, leaving Defendants

68

with $3,550,000.  *Id.*  Over the life of the BAM Account, BAM L.P. deposited a total of

$2,415,007 and withdrew a total of $3,551,000 from the account, thus giving BAM the benefit of

$1,135,993.  *Id.*  Of this amount, the Trustee seeks the return of only $563,000 that withdrawn

within the Two-Year Period, thus leaving BAM L.P. with $573,993.  *Id.*  Together, Defendants

will keep $4,123,993 in fictitious profits they have withdrawn from BLMIS.


Date:   New York, New York                    */s/ Nicholas J. Cremona*
        November 30, 2020                     Baker & Hostetler LLP
                                              45 Rockefeller Plaza
                                              New York, New York 10111
                                              Telephone: (212) 589-4200
                                              Facsimile: (212) 589-4201
                                              David J. Sheehan
                                              Email: dsheehan@bakerlaw.com
                                              Nicholas J. Cremona
                                              Email: ncremona@bakerlaw.com
                                              Lan Hoang
                                              Email: lhoang@bakerlaw.com
                                              Amy E. Vanderwal
                                              Email: avanderwal@bakerlaw.com

                                              *Attorneys for Irving H. Picard, Trustee for the
                                              Substantively Consolidated SIPA Liquidation
                                              of Bernard L. Madoff Investment Securities
                                              LLC and the Chapter 7 Estate of Bernard L.
                                              Madoff*