# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

Geraldine E. Ponto
direct dial: 212.589.4690
gponto@bakerlaw.com

December 18, 2020

**VIA ECF AND OVERNIGHT DELIVERY**

The Honorable Cecelia G. Morris, Chief Judge
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 627
New York, NY 10004-1408

Re:  *Picard v. Fairfield Greenwich Group (in re Fairfield Sentry Ltd.),* Adv. Pro. No. 10-03800 (CGM) ("Assigned Claims Action")
*Picard v. Fairfield Sentry Ltd.,* Adv. Pro. No. 09-01239 (CGM)

Dear Chief Judge Morris:

We are counsel to Irving H. Picard, Trustee, the plaintiff in the above-referenced actions. This will follow up on my letter to the Court dated December 11, 2020 [ECF No. 145], which stated that the parties would definitively report to the Court the parties' positions as to the choice of law for the Fourth and Fifth Claims in the Proposed Second Amended Complaint in the Assigned Claims Action ("PSAC") [ECF No. 90-1] by December 18, 2020.

Following multiple meet and confer sessions, the parties report:

i)  The parties agree that New York courts apply New York choice of law rules in a conflict of law analysis. The parties also agree that adjudication of the PSAC's Fourth and Fifth Claims will require a New York choice of law analysis to determine whether New York or British Virgin Islands ("BVI") law governs the PSAC's Fourth Claim (Unjust Enrichment) and Fifth Claim (Constructive Trust).

ii)  The parties agree that the first step of a choice of law analysis under New York law is to determine whether there is an actual conflict between the relevant laws of the implicated jurisdictions. If no actual conflict exists, the Court will apply New York law. If the Court determines a conflict exists, the Court moves to step

The Honorable Cecelia G. Morris, Chief Judge
December 18, 2020
Page 2

        two and analyzes whether New York's law or the foreign jurisdiction's law applies.

   iii)    The parties agree that if the Court finds a conflict exists between New York law and BVI law here, the Court will apply the law of the jurisdiction having the greatest interest in the litigation.

   iv)    The Trustee believes that under an interest analysis, BVI law would govern the PSAC's Fourth Claim and Fifth Claim because, among other reasons, Fairfield Sentry was created under BVI law, its injury was suffered in BVI, and the Trustee stands in the shoes of Fairfield Sentry's joint liquidators in prosecuting Fairfield Sentry's Fourth Claim and Fifth Claim against its managers and others. The Defendants believe that under an interest analysis, New York law would govern the PSAC's Fourth Claim and Fifth Claim because, among other reasons, the PSAC alleges that conduct and acts relevant to those claims occurred in New York and the Fairfield Sentry joint liquidators assigned their claims against the Defendants to the Trustee who is now the Plaintiff and is located in New York."

During the November 18, 2020 status conferences, Your Honor also requested that the Trustee's and the Defendants' respective counsel work together on a chart that explains the corporate structure of the Debtor and the Defendants and their connections and submit it to the Court by December 18, 2020. Despite working diligently, we do not have a single chart upon which the parties agree. Therefore, the Trustee will submit a chart and the Defendants will submit a chart today that each believes is responsive to Your Honor's request.

The consideration of the Court is greatly appreciated.

Respectfully submitted,

*/s/ Geraldine E. Ponto*


Geraldine E. Ponto
Partner

Copy via ECF:
Peter F. Kazanoff
Glenn Kurtz
Marc Kasowitz
Edward Spiro
Andrew Levander