| UNITED STATES BANKRUPTCY COURT | Re: ECF No. 249 |
| SOUTHERN DISTRICT OF NEW YORK | |

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br><br>SIPA LIQUIDATION<br><br><br>(Substantively Consolidated) |
| In re: BERNARD L. MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and for the Estate of Bernard L. Madoff,<br><br>Plaintiff,<br><br>v.<br><br>BAM L.P., MICHAEL MANN, and MERYL MANN,<br><br>Defendants. | Adv. Pro. No. 10-04390 (CGM) |

### DEFENDANTS' OBJECTION TO THE TRUSTEE'S PROPOSED JUDGMENT [ECF No. 249] AND REQUEST TO MODIFY THE JUDGMENT

BAM L.P., Michael Mann and Meryl Mann (the "Defendants") submit this Objection to

the Proposed Judgment filed December 17, 2020 (ECF No. 249-1) by the Plaintiff Irving H. Picard,

the Trustee (the "Trustee"), and request for modification of the Judgment, and together with the

accompanying Counter-Proposed Judgment respectfully state as follows:

There are two fundamental errors in the Trustee's Proposed Judgment:  one, despite distinct

accounts, all the Defendants are made to be liable for both accounts; and two, without any apparent

supporting authority, the Trustee has proposed that the calculation of prejudgment interest be compounded, in this case annually.    The Defendants' Counter-Proposed Judgment does not contain these errors.

**A.    Defendants' Liabilities on Separate Accounts Should Be Separated in the Judgment**

As recognized in the Court's Memorandum Decision Determining Funds Held In The Bank Accounts Are Customer Property And Awarding Prejudgment Interest, dated December 11, 2020 (the "Decision"), this case involves two accounts opened with Bernard Madoff's investment advisory business.  The first account, opened in December 1995 by Michael Mann and Meryl Mann, was assigned account number 1CM363 in the name of "Michael Mann and Meryl Mann J/T WROS." The second account, opened in March 1999 by Michael Mann, was assigned account number 1CM379 in the name of "BAM L.P." (Decision p. 6).

As also recognized in the Decision, the fraudulent transfers at issue here were two separate sets of account-specific transfers.  The Court will recall, for example, the exhibits representing the transfers were checks, made out either to "Michael Mann and Meryl Mann J/T WROS" (*e.g.,* TX 49, 57, 58 and 64) from Account 1CM363, or to "BAM L.P." (*e.g.,* TX 75, 77 and 81) from Account 1CM379.  Accordingly, the Court acknowledged what the Parties agreed to in the Pretrial Order: the Trustee "seeks to avoid and recover transfers in the amount of $563,000 from BAM L.P. and $2,250,000 from Michael and Meryl Mann." (Decision p. 3).  Meryl Mann is not a partner in BAM L.P. and the limited partners of BAM L.P. have no liability for the transfers on the joint account of Michael and Meryl Mann.

The Trustee's Proposed Judgment ignores this distinction, and seeks to make each Defendant liable for the total amount of both accounts' transfers (*see* Proposed Judgment para. 4:

US_Active\116242798\V-2

"Judgment is hereby entered in favor of the Trustee to recover from Defendants the total amount of **$4,144,375.76** (the "Judgment Amount"), . . . ." Such a judgment spreading liability to defendants for accounts and transfers for which such defendants have no record connection (much less, responsibility) would be clear error. "The court may grant judgment to one or more plaintiffs according to their rights, and against one or more defendants according to their liabilities." Fed. R. Civ. P. 20(a)(3), made applicable by Fed. R. Bankr. P. 20.

Consequently, the Judgment should recognize the $563,000 in transfers from Account 1CM379 are BAM L.P.'s liability, and the $2,250,000 in transfers from Account 1CM363 are Michael and Meryl Mann's liability.

### B.      Compounding Prejudgment Interest Would Be Error.

A separate error in the Trustee's Proposed Judgment is the compounding of prejudgment interest, which was first raised with the Trustee's filing of the proposed judgment.

Following the Decision, on December 14, 2020, counsel to the Trustee provided Defendants with a draft proposed Judgment (the "12/14 Draft") calculating simple interest from the date of the filing of the adversary proceeding complaint. The next day, Defendants asked the Trustee to explain how the prejudgment interest was calculated, and stated they would provide comments on the 12/14 Draft promptly. The Trustee explained the 12/14 Draft interest calculation, which included simple interest, in an email the next day, December 16, 2020. Later that day, Defendants provided their comments on the 12/14 Draft, including Defendant's general agreement with the Trustee's simple interest calculation methodology, but separating the liability and interest figures for the two accounts. The next day, December 17, 2020, the Trustee served his Notice of Proposed Order Implementing Judgment (ECF No. 249), with the Proposed Judgment with

compounding interest.   That same day, the Trustee emailed the Defendants and explained the

compounding as follows:

> We also went back and reviewed the [D]ecision based on your
> comments to the interest calculation and we note that Judge Morris
> awarded interest under 28 USC 1961.   Because section 1961
> provides that interest "shall be compounded annually," we have
> updated the judgment to include compounded interest as provided
> for by the opinion.

(Dec. 17, 2020 email of N. Cremona, copy attached hereto as Attachment A).

There are multiple reasons compounding prejudgment interest in this case, and the

Trustee's justification therefor, are without merit.   First, as the Court is well aware, section 1961

expressly addresses *post*-judgment interest, not prejudgment interest.   Second, this Court rejected

reliance on section 1961, concluding a prime rate of interest is more appropriate than section

1961's post-judgment rate (Decision p. 17).   Courts awarding simple prejudgment interest have

distinguished the compounding cases using the federal statutory interest rate.   *See, e.g., Montefiore*

*Med. Ctr. v. Local 272 Welfare Fund,* 14-CV-10229 (RA)(SM), 2020 WL 5518981 (S.D.N.Y.

Aug. 25, 2020), adopted, 2020 WL 5518963 (S.D.N.Y. Sept. 14, 2020).

Third, of the decisions the Court cited in determining what rate of interest should be used,[1]

only Magistrate Judge McCarthy's decision in *Messer v. Magee (In re FKF 3, LLC),* No. 13

Civ.3601 (JCM), 2018 WL 5292131 (S.D.N.Y. Oct. 24, 2018) even mentions compounding

interest. There, Judge McCarthy uniformly ordered the interest *not* be compounded. While awards

of prejudgment interest are to serve such goals as compensation for losses (Decision p. 13), post-

judgment interest is a separate element of relief governed by section 1961's combined rate and

compounding terms, among other terms.   It would be unfair to reject one provision of section 1961

---

[1]      In addition to *Messer v. Magee (In re FKF 3, LLC)*, No. 13 Civ.3601 (JCM), 2018 WL 5292131 (S.D.N.Y. Oct. 24, 2018), the Decision cited *In re 1031 Tax Grp.*, 439 B.R. 84 (Bankr. S.D.N.Y. 2010) and *Katsaros v. Cody,* 744 F.2d 270 (2d Cir. 1984).

(the interest rate) as too low but then use that same section's compounding provision to heighten Defendants' burden.

In short, Defendants submit the Trustee's stated basis for compounding interest is not relevant, and the case law is contrary to such compounding. Defendants submit the judgment in this case should not include compounded interest.

The inequity of the Trustee's proposal is all the more plain when it is recognized that the prime rate of 4% selected as in effect as of the Filing Date of the SIPA case, December 11, 2008, changed five days later, December 16, 2008, to 3.25%, which remained the prime rate for the next seven (7) years. The prime rate in effect on the date of the filing of the adversary proceeding (3.25%) would result in an interest payment for BAM L.P. of $180,695.13[2] and for Michael and Meryl Mann of $722,138.63[3]. The Defendants respectfully request that the Court adopt that rate.

Finally, the Defendants' Counter-Proposed Judgment incorporates the Decision by reference, rather than paraphrasing the holdings.

(continued on next page)

---

[2]     $563,000.00 x 0.0325 x 9.8754 (years) = $180,695.13.
[3]     $2,250,000.00 x 0.0325 x 9.8754 (years) = $722,138.63.

5

For the reasons stated herein, the Defendants respectfully request that the Court reject the

Trustee's Proposed Judgment and accept the Counter-Proposed Judgment's separation of

Defendants' liabilities and simple prejudgment interest and consider the application of 3.25% rate.

Dated:  December 21, 2020
         New York, New York

**DENTONS US LLP**

By: */s/Arthur H. Ruegger*
Arthur H. Ruegger
Carole Neville
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 768-6700
Facsimile: (212) 768-6800
Email: arthur.ruegger@dentons.com
         carole.neville@dentons.com

*Attorneys for Defendants*

6

# ATTACHMENT A

## Ortiz, Iris A.

| | |
|---|---|
| **To:** | Ruegger, Arthur H. |
| **Subject:** | RE: Picard v. BAM L.P. -- Proposed Judgment |

**From:** Cremona, Nicholas J. <ncremona@bakerlaw.com>
**Sent:** Thursday, December 17, 2020 2:03 PM
**To:** Ruegger, Arthur H. <arthur.ruegger@dentons.com>
**Cc:** Hoang, Lan <lhoang@bakerlaw.com>; Neville, Carole <carole.neville@dentons.com>
**Subject:** RE: Picard v. BAM L.P. -- Proposed Judgment

**[External Sender]**

Art,

We attach a revised order as a courtesy. We could not agree to include your comments. The proposed order as drafted recites the findings of the court. We also went back and reviewed the decision based on your comments to the interest calculation and we note that Judge Morris awarded interest under 28 USC 1961. Because section (b) provides that interest "shall be compounded annually," we have updated the judgment to include compounded interest as provided for by the opinion. We will advise the court that we do not have defendants' consent when we submit the proposed order as directed pursuant to Local Bankruptcy Rule 9074-1(a).

**Nicholas J. Cremona**
Partner

BakerHostetler

45 Rockefeller Plaza
New York, NY 10111-0100
T +1.212.589.4682

ncremona@bakerlaw.com
bakerlaw.com

  

**From:** Ruegger, Arthur H. <arthur.ruegger@dentons.com>
**Sent:** Wednesday, December 16, 2020 5:08 PM
**To:** Cremona, Nicholas J. <ncremona@bakerlaw.com>
**Cc:** Hoang, Lan <lhoang@bakerlaw.com>; Neville, Carole <carole.neville@dentons.com>
**Subject:** Picard v. BAM L.P. -- Proposed Judgment

[External Email: Use caution when clicking on links or opening attachments.]

Nick,

Please find attached a redline with our changes to the proposed Judgment, along with a clean version.

We dropped the recitations of the select findings and conclusion as unnecessary and inappropriate.

We also separated the amounts of the judgments for the separate accounts, as was recognized in the pretrial order. The calculation of the prejudgment interest follows your method, but carries out the 9.8754 year multiple instead of rounding it up.  We also dropped a penny in one of the figures.

There is a $ sign omitted and may be other typos, but I did not want to delay getting this to you any further.

Please let me know if have any questions or would like to discuss this further.

Thanks,
Art

**大成 DENTONS**    Arthur H. Ruegger

Visit the **New Dynamic Hub**, available to our clients and communities as part of the commitment that Dentons, the world's largest law firm, is making across 75+ countries, to address accelerating change resulting from the pandemic.

D +1 212 768 6881    |    M +1 203 856 5517    |    US Internal 16881
arthur.ruegger@dentons.com
Bio    |    Website

Dentons US LLP
1221 Avenue of the Americas, New York, NY 10020-1089

Rattagan Macchiavello Arocena > Jiménez de Aréchaga, Viana & Brause > Lee International > Kensington Swan > Bingham Greenebaum > Cohen & Grigsby > Sayarh & Menjra > Larraín Rencoret > Hamilton Harrison & Mathews > Mardemootoo Balgobin > HPRP > Zain & Co. > Delany Law > Dinner Martin > For more information on the firms that have come together to form Dentons, go to dentons.com/legacyfirms

Dentons is a global legal practice providing client services worldwide through its member firms and affiliates. This email may be confidential and protected by legal privilege. If you are not the intended recipient, disclosure, copying, distribution and use are prohibited; please notify us immediately and delete this copy from your system. Please see dentons.com for Legal Notices.

This email is intended only for the use of the party to which it is addressed and may contain information that is privileged, confidential, or protected by law. If you are not the intended recipient you are hereby notified that any dissemination, copying or distribution of this email or its contents is strictly prohibited. If you have received this message in error, please notify us immediately by replying to the message and deleting it from your computer.

Any tax advice in this email is for information purposes only. The content of this email is limited to the matters specifically addressed herein and may not contain a full description of all relevant facts or a complete analysis of all relevant issues or authorities.

Internet communications are not assured to be secure or clear of inaccuracies as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. Therefore, we do not accept responsibility for any errors or omissions that are present in this email, or any attachment, that have arisen as a result of e-mail transmission.