**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>　　　　　Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>　　　　　Defendant. | No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>　　　　　Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>BAM L.P., MICHAEL MANN, and MERYL MANN,<br><br>　　　　　Defendants. | Adv. Pro. No. 10-04390 (SMB) |

**ORDER GRANTING OBJECTION IN PART AND DENYING OBJECTION IN PART**

The Court having issued its Memorandum Decision on December 11, 2020 (ECF No. 247);[1] and the Trustee having filed a notice of settlement of a proposed order implementing the judgment (ECF. No. 249); and the Defendants having filed an objection and counter-proposed order (ECF Nos. 251 & 252); and the Court having considered the order and its objection; it is here by **ORDERED** that

---

[1] Capitalized terms shall have the same meaning as in that memorandum decision.

1) The judgment shall be entered against Michael Mann and Meryl Mann, jointly and severally, for the avoidable transfers they received for their customer account number 1CM363; and a separate judgment shall be entered against BAM L.P. for the avoidable transfers it received for its customer account number 1CM579. *See* 11 U.S.C. § 550(a)(1) ("[T]he trustee may recover, for the benefit of the estate, the property transferred . . . from the initial transferee of such transfer." The initial transferee, in this instance, is the party named on the checks. *Compare* Defendants' Exs. 3A-O (checks made out to "BAM L.P." for customer account 1CM579 from the 509 Account) *to* Defendants' Exs. 8 A-E (checks made out to "Michael Mann and Meryl Mann J/T WROS" for customer account 1CM363 from the 509 Account).

2) The interest shall not compound. *See Messer v. Magee (In re FKF 3, LLC)*, 13 Civ. 3601 (JCM)2018 WL 5292131 at *15 (S.D.N.Y. Oct. 24, 2018).

3) The SIPA filing date shall control for determining the prime rate. This was already determined in the decision and shall not be changed herein. *See also Nelson Co. v. Amquip Corp. (In re Nelson Co.)*, 117 B.R. 813, 819 (E.D. Penn. 1990) ("[Prejudgment interest] usually runs from when the injury occurs—i.e., when the cause of action accrues. . . . It is the bankruptcy filing that gives rise to the right to demand a recovery of the transfer. It is from that date that measurements should be made.").

The Trustee is directed to submit a proposed order in accordance with the memorandum decision and this order to the Court's e-orders system.



**Dated: December 22, 2020**
**Poughkeepsie, New York**

/s/ Cecelia G. Morris
_____
**Hon. Cecelia G. Morris**
**Chief U.S. Bankruptcy Judge**