# EXHIBIT 13

**CHAITMAN LLP**
Helen Davis Chaitman
hchaitman@chaitmanllp.com
465 Park Avenue
New York, New York 10022
Phone & Fax: 888-759-1114

*Attorneys for Defendants*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br> Plaintiff-Applicant, <br><br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br> Defendant. | No. 08-01789 (SMB) <br> SIPA LIQUIDATION <br> (Substantively Consolidated) |
| In re <br><br> BERNARD L. MADOFF, <br><br> Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, <br><br> v. <br><br> CAROL L. KAMENSTEIN, individually and in her capacity as joint tenant, DAVID R. KAMENSTEIN, individually and in his capacity as joint tenant, SLOAN G. KAMENSTEIN and TRACY D. KAMENSTEIN, <br><br> Defendants. | Adv. Pro. No. 10-04469 (SMB) |

{00023342 1}   1

## SECOND AMENDED RESPONSES AND OBJECTIONS OF DEFENDANTS CAROL L. KAMENSTEIN, DAVID R. KAMENSTEIN, SLOAN G. KAMENSTEIN, and TRACY D. KAMENSTEIN TO TRUSTEE'S FIRST SET OF INTERROGATORIES

Carol L. Kamenstein, David R. Kamenstein, Sloan G. Kamenstein, and Tracy D. Kamenstein ("Responding Parties"), by and through their attorneys, and pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Rules 7026 and 7033 of the Federal Rules of Bankruptcy Procedure, and the Local Rules of this Court, hereby respond and object to the First Set of Interrogatories (the "Requests") of trustee Irving H. Picard (the "Trustee") as follows:

### GENERAL OBJECTIONS

1. Responding Parties object to each instruction, definition, and Request to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2. Responding Parties object to each instruction, definition, and Request to the extent it is vague, ambiguous, overly broad and unduly burdensome, or requests the production of documents that are not relevant to any parties' claims or defenses.

3. Responding Parties object to the Requests to the extent they request disclosure of (i) legal theories, legal opinions, mental impressions or other information of Responding Parties' counsel, (ii) any information protected by any privilege, including, without limitation, the attorney-client privilege or the privilege afforded to settlements or settlement negotiations, or (iii) any other available and valid grounds for withholding information or documents from production, including, without limitation, the attorney work product doctrine. Nothing contained in these responses should be interpreted as a waiver of any such privilege or doctrine.

4. Responding Parties object to the Requests to the extent they require production

of documents not within the possession, custody, or control of the Responding Parties.

5. Responding Parties object to the Requests to the extent they call for legal conclusions.

6. Responding Parties object to the Requests to the extent they seek disclosure of proprietary and/or confidential information.

7. Responding Parties object to each definition, instruction, and Request as overbroad and unduly burdensome to the extent it seeks documents that are readily or more accessible to the Propounding Party from its own files or documents, which the Propounding Party previously produced to the Responding Parties.

8. Responding Parties reserve all objections as to the competence, relevance, materiality, admissibility, or privileged status of any information provided in response to these Requests, unless the Responding Parties specifically state otherwise.

9. Responding Parties' responses to the Requests are based upon information presently available. Responding Parties have not completed discovery. Accordingly, these responses are made without prejudice to Responding Parties' right to present additional evidence based upon information subsequently obtained or evaluated.

10. Responding Parties expressly reserve the right to supplement, clarify, revise, or correct any responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

11. Responding Parties' responses to each of the Requests is made subject to these General Objections and limitations. Responding Parties set them out here to avoid repeating them in response to each individual Request. Responding Parties' failure to specifically set forth an objection in response to a particular Request shall not be construed as a waiver of said objection.

12. Responding Parties object to the Requests to the extent that they seek

disclosure of information or production of documents which are outside of the "Applicable Period" or for a time period that has no relevance to the issues in the complaint and answer.

## RESPONSES AND OBJECTIONS

1.    Identify each Person who was involved in answering these discovery requests and explain each Person's role in answering these discovery requests.

**ANSWER:    Carol L. Kamenstein, David R. Kamenstein, Sloan G. Kamenstein and Tracy D. Kamenstein.**

2.    Identify the reasons for each Transfer.

**ANSWER:    Withdrawals were taken to pay applicable taxes on the reported short term capital gains in the Account and for the living expenses of Carol L. Kamenstein and David R. Kamenstein. The only funds withdrawn from the account of Sloan G. Kamenstein that were used for his benefit were a withdrawal from his account on or about August 4, 2006 in the amount of $79,000 to pay Saari Construction and a withdrawal from his account on or about October 5, 2006 in the amount of $350,000.  Other than those two withdrawals, Sloan was not the beneficiary or recipient of any withdrawals from his account.  Tracy Kamenstein was not the recipient or beneficiary of any withdrawals from her account.**

3.    Identify the reasons for each Subsequent Transfer.

**ANSWER:    Responding Parties refuse to answer this interrogatory because it is improper and it is unethical for the Trustee to be seeking information in order to frame a complaint against subsequent transferees.**

4.    Identify each deposit into the Accounts.

**ANSWER:    Responding Parties are unable to do so.  To the extent that the Trustee has reliable third party documents proving a deposit (such as Madoff's bank records), Responding Parties will acknowledge that deposit.  However, as the Trustee has admitted,**

{00023342 1 }                                                4

**Madoff's records are permeated with fraud and, therefore, they cannot be relied upon to prove any withdrawals. Moreover, the Trustee has admitted he has no bank records prior to December 1998. Hence, he has no competent evidence of any activity in the accounts prior to December 1998.**

     5.    Identify each Person with knowledge of any Transfer, the circumstances under which each Person obtained such knowledge, and the substance of that Person's knowledge.

     **ANSWER:**    **Carol L. Kamenstein and David R. Kamenstein; Sloan G. Kamenstein has knowledge limited to funds withdrawn from his account on or about August 4, 2006 in the amount of $79,000 and on or about October 5, 2006 in the amount of $350,000; Annette Bongiorno; Bernard L. Madoff and possibly other Madoff employees. To the extent this interrogatory seeks information about subsequent transferees, the interrogatory is improper and it is unethical for the Trustee to be seeking this information in order to frame a complaint.**

     6.    Identify: (a) each Person or entity that ever received funds withdrawn from the Accounts, whether directly or indirectly; (b) the amount of money that each such Person or entity received; and (c) the date(s) on which each Person or entity received such money.

     **ANSWER:**    **Sloan G. Kamenstein received funds withdrawn from his account on or about August 4, 2006 in the amount of $79,000 and on or about October 5, 2006 in the amount of $350,000. To the extent this interrogatory seeks information about subsequent transferees, the interrogatory is improper, seeks information which is irrelevant, and it is unethical for the Trustee to be seeking this information in order to frame a complaint against subsequent transferees.**

     7.    Identify all Persons who benefited from any Transfer, including, but not limited to, Persons who received or enjoyed the benefit of anything paid for with any funds that were

{00023342 1 }    5

part of any Transfer, and describe how these Persons benefited.

**ANSWER:** **See response to #6. Withdrawals from the Account benefited Carol L. Kamenstein, David R. Kamenstein and the taxing authorities.**

8. To the extent not already provided in Your responses to the preceding Interrogatories, state how You used any money You received from the Transfers.

**ANSWER:** **Responding Parties paid taxes on the reported short term capital gains in the Account. The balance of the funds were used for the living expenses of Carol L. Kamenstein and David R. Kamenstein. Sloan G. Kamenstein only received funds withdrawn from his account on or about August 4, 2006 in the amount of $79,000, which he used to pay Saari Construction; and funds withdrawn on or about October 5, 2006 in the amount of $350,000. Otherwise, no withdrawals from Sloan's account were received by him or paid for his benefit. Tracy Kamenstein received no withdrawals from her account and received no benefit from any withdrawals from her account.**

9. Identify any and all banks and/or financial institutions where You hold or have held accounts during the Applicable Period, and for each account, give the account number, the date the account was opened, and the date the account was closed.

**ANSWER:** **Responding Parties admit the deposits and withdrawals reflected on Exhibit B to the complaint for the period from December 11, 2006 through December 11, 2008. The Trustee has no right to any bank information covering this period.**

10. Identify any instance when You communicated to BLMIS any disagreement with respect to the accuracy of the deposits reflected on the customer statements.

**ANSWER:** **Responding Parties cannot recall.**

11. Identify any instance when You communicated to BLMIS any disagreement with respect to the accuracy of the withdrawals reflected on the customer statements.

{00023342 1}    6

**ANSWER:** See answer to #10.

12. For each denial of a material allegation and each affirmative defense in Your answer to the Complaint:

   a. state all facts upon which You base the denial or affirmative defense;
   b. state the names, addresses, and telephone numbers of all Persons who have knowledge of those facts; and
   c. Identify all Documents and other tangible things that support Your denial or affirmative defense, and state the name, address, and telephone number of the Person who has each Document.

   **ANSWER:** **Most of the affirmative defenses are based on legal arguments. However:**

   **(a)    The defense concerning payment of capital gains taxes is based upon Responding Parties' testimony as to the payment of taxes at the applicable tax rates for each year of the Account and the reported income as reflected in Madoff's statements which are in the Trustee's possession.**

   **(b)    The defense concerning Madoff not being a Ponzi scheme is based upon the non-investment advisory activities of Madoff as reflected in documents in the Trustee's possession and upon the testimony of Bernard L. Madoff and various employees (yet to be identified) who worked in the propriety trading and market-making operations.**

   **(c)    The defense concerning the denial of the Trustee's determination of "net equity" is based, in part, upon the Trustee's dishonest treatment of profit withdrawals and his lack of any documentary evidence pre-dating December 1998.**

   **(d)    The defense concerning the Trustee's due process violations is based upon the Trustee's compensation structure with Baker & Hostetler, LLP which the Trustee is obligated to disclose.**

   **(e)    The defense concerning the "value" bestowed on Madoff by Defendants is based,**

**in part, upon expert testimony that Defendants intend to develop.**

May 18, 2017

                                                  **CHAITMAN LLP**
                                                  By: /s/ *Helen Davis Chaitman*
                                                  465 Park Avenue
                                                  New York, New York 10022
                                                  Phone & Fax: 888-759-1114
                                                  hchaitman@chaitmanllp.com

                                                  *Attorneys for Defendants*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>         Plaintiff-Applicant,<br><br>      v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>         Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>         Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and BERNARD L. MADOFF,<br><br>         Plaintiff,<br><br>      v.<br><br>CAROL L. KAMENSTEIN, individually and in her capacity as joint tenant, DAVID R. KAMENSTEIN, individually and in his capacity as joint tenant, SLOAN G. KAMENSTEIN and TRACY D. KAMENSTEIN,<br><br>         Defendants. | Adv. Pro. No. 10-04469 (SMB)<br><br>VERIFICATION |

  I, Tracy D. Kamenstein, declare pursuant to 28 U.S.C. § 1746, that I have read the foregoing interrogatory answers and that the second amended responses contained therein are true and correct to the best of my knowledge, information and belief. I understand that if any of these responses is found to be willfully false, I am subject to punishment.

  5/17/17  , 2017.

                  _____
                  TRACY D. KAMENSTEIN

{00024013 1}

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and BERNARD L. MADOFF,<br><br>Plaintiff,<br><br>v.<br><br>CAROL L. KAMENSTEIN, individually and in her capacity as joint tenant, DAVID R. KAMENSTEIN, individually and in his capacity as joint tenant, SLOAN G. KAMENSTEIN and TRACY D. KAMENSTEIN,<br><br>Defendants. | Adv. Pro. No. 10-04469 (SMB)<br><br>VERIFICATION |

I, David R. Kamenstein, declare pursuant to 28 U.S.C. § 1746, that I have read the foregoing interrogatory answers and that the second amended responses contained therein are true and correct to the best of my knowledge, information and belief. I understand that if any of these responses is found to be willfully false, I am subject to punishment.

_S/ 12/17_, 2017.

_____
DAVID R. KAMENSTEIN

{00024013 1}

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and BERNARD L. MADOFF, | Adv. Pro. No. 10-04469 (SMB) |
| Plaintiff, | VERIFICATION |
| v. | |
| CAROL L. KAMENSTEIN, individually and in her capacity as joint tenant, DAVID R. KAMENSTEIN, individually and in his capacity as joint tenant, SLOAN G. KAMENSTEIN and TRACY D. KAMENSTEIN, | |
| Defendants. | |

I, Carol L. Kamenstein, declare pursuant to 28 U.S.C. § 1746, that I have read the foregoing interrogatory answers and that the second amended responses contained therein are true and correct to the best of my knowledge, information and belief. I understand that if any of these responses is found to be willfully false, I am subject to punishment.

May 17th, 2017.

_____
CAROL L. KAMENSTEIN

{00024013 1}

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>　　　　　　　　　　Plaintiff-Applicant,<br><br>　　　　v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>　　　　　　　　　　Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>　　　　　　　　　　Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and BERNARD L. MADOFF,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>CAROL L. KAMENSTEIN, individually and in her capacity as joint tenant, DAVID R. KAMENSTEIN, individually and in his capacity as joint tenant, SLOAN G. KAMENSTEIN and TRACY D. KAMENSTEIN,<br><br>　　　　　　　　　　Defendants. | Adv. Pro. No. 10-04469 (SMB)<br><br>VERIFICATION |

　　　I, Sloan G. Kamenstein, declare pursuant to 28 U.S.C. § 1746, that I have read the foregoing interrogatory answers and that the second amended responses contained therein are true and correct to the best of my knowledge, information and belief. I understand that if any of these responses is found to be willfully false, I am subject to punishment.

　　　May 17th, 2017.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　／s／ Sloan G. Kamenstein
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　SLOAN G. KAMENSTEIN

{00024013 1}

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served this 18th day of May, 2017 by electronic and USPS first class mail upon the following:

**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: 212.589.4200
Fax: 212.589.4201
David J. Sheehan
Email:  dsheehan@bakerlaw.com
Keith R. Murphy
Email:  kmurphy@bakerlaw.com
Tatiana Markel
Email:  tmarkel@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*


        **CHAITMAN LLP**
        By:  /s/  *Helen Davis Chaitman*
        465 Park Avenue
        New York, New York 10022
        Phone & Fax: 888-759-1114
        hchaitman@chaitmanllp.com

        *Attorneys for Defendants*

{00023342 1 }                                    1