**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>    Plaintiff-Applicant,<br><br>    v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>    Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>    Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and for the Estate of Bernard L. Madoff,<br><br>    Plaintiff,<br><br>    v.<br><br>BAM L.P., MICHAEL MANN, AND MERYL MANN,<br><br>    Defendants. | Adv. Pro. No. 10-04390 (CGM) |

## JUDGMENT

**WHEREAS**, Irving H. Picard (the "Trustee") is the trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act ("SIPA"), 15 U.S.C. §§ 78aaa–*lll*, substantively consolidated with the liquidation under chapter 7 of the Bankruptcy Code, 11 U.S.C. §§ 101–1532, of the estate of Bernard L. Madoff ("Madoff"), currently pending in United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") as Adv. Pro. No. 08-01789 (SMB);

**WHEREAS**, the Trustee is duly qualified to serve and act on behalf of the consolidated estate of BLMIS and Madoff;

**WHEREAS**, on or about November 30, 2010, the Trustee commenced the above-captioned adversary proceeding (the "Adversary Proceeding") in the Bankruptcy Court, alleging, *inter alia*, that BAM L.P., Michael Mann, and Meryl Mann (the "Defendants") received avoidable transfers in an amount aggregating Two Million, Eight Hundred and Thirteen Thousand United States Dollars ($2,813,000.00), in connection with BLMIS Account No. 1CM363 ($2,250,000.00) as held by Defendants Michael Mann and Meryl Mann, and BLMIS Account No. 1CM579 ($563,000.00) as held by Defendant BAM L.P., within two years of the Filing Date (the "Two-Year Transfers");

**WHEREAS**, on September 11, 2019, the Court granted in part and denied in part the Trustee's Summary Judgment Motion under Federal Rule of Civil Procedure 56(g), *see Picard v. BAM L.P. (In re BLMIS)*, 608 B.R. 165 (Bankr. S.D.N.Y. 2019), and an order embodying the Court's decision was entered on September 25, 2019. ECF No. 175;

**WHEREAS**, on September 14, 2020, a trial of this Adversary Proceeding was conducted before the Court;

**WHEREAS**, on December 11, 2020, the Court issued its Memorandum Decision Determining Funds Held in the Bank Accounts are Customer Property and Awarding Prejudgment Interest (the "Decision"), ECF No. 247;

**WHEREAS,** on December 17, 2020, the Trustee filed his Notice of Proposed Order Implementing Judgment as directed by the Decision, ECF No. 249;

**WHEREAS,** on December 21, 2020, Defendants filed their Objection to the Trustee's Proposed Judgment and Request to Modify the Judgment, ECF No. 251 and Notice of Counter-Proposed Judgment, ECF No. 252;

**WHEREAS,** on December 22, 2020, the Court entered its Order Granting Objection in Part and Objection in Part, ECF No. 253;

**NOW, THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED THAT:**

1. As set forth in the Decision, the Court made the following findings and conclusions:[1]

    a. all of the assets and liabilities of the sole proprietorship, including the IA Business, were transferred to BLMIS via the 2001 SEC Amended Form BD;

    b. as of January 1, 2001, the customer accounts of the IA Business, including Defendants' customer accounts, are property of BLMIS;

    c. as of January 1, 2001, the Bank Accounts held by the IA Business became property of BLMIS;

    d. customer money invested into the IA Business, including Defendants' money, were placed in the Bank Accounts and commingled with all of the customer money deposited into the BLMIS Ponzi scheme;

    e. monies paid to Defendants from those Bank Accounts are customer property within the meaning of SIPA § 78*lll*(4) and must be turned over to the Trustee pursuant to SIPA § 78fff-2(c)(3).

---

[1] All capitalized terms are set forth and defined in the Decision.

2. The Two-Year Transfers are avoided under section 548 of the Bankruptcy Code and recoverable under section 550 of the Bankruptcy Code.

3. The Trustee is awarded prejudgment interest on the Two-Year Transfers pursuant to 28 U.S.C. § 1961(b), at the rate of 4% from November 30, 2010 through October 15, 2020.

4. Judgment is hereby entered in favor of the Trustee to recover from Defendants Michael Mann and Meryl Mann jointly and severally the total amount of **$3,139,200.00** (the "Mann Judgment Amount"), representing the sum of:

**Account No. 1CM363 – Michael Mann and Meryl Mann**

| | | |
|---|---|---:|
| a. | Avoidable Transfers | $2,250,000.00 |
| b. | pre-judgment interest on the Avoidable Transfers at the rate of 4%, from Nov. 30, 2010 through October 15, 2020. | $889,200.00 |
| | **Total:** | **$3,139,200.00** |

5. Judgment is hereby entered in favor of the Trustee to recover from Defendant BAM L.P., the total amount of **$785,497.60** (the "BAM Judgment Amount"), representing the sum of:

**Account No. 1CM579 – BAM L.P.**

| | | |
|---|---|---:|
| a. | Avoidable Transfers | $563,000.00 |
| b. | pre-judgment interest on the Avoidable Transfers at the rate of 4%, from Nov. 30, 2010 through October 15, 2020. | $222,497.60 |
| | **Total:** | **$785,497.60** |

6. The Clerk of Court shall enter this Judgment in favor of the Trustee for the Mann Judgment Amount and BAM Judgment Amount.

7.      This Court shall retain jurisdiction over the parties to this Adversary Proceeding for the purpose of, among other things, enforcing this Judgment.



**Dated: December 23, 2020**
**Poughkeepsie, New York**

/s/ Cecelia G. Morris
_____
**Hon. Cecelia G. Morris**
**Chief U.S. Bankruptcy Judge**