**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>    Plaintiff-Applicant,<br><br>    v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>    Defendant.<br><br>In re:<br><br>BERNARD L. MADOFF,<br><br>    Debtor. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |

**DECLARATION OF VINEET SEHGAL IN SUPPORT OF TRUSTEE'S THIRD MOTION TO AFFIRM THE TRUSTEE'S CLAIMS DETERMINATIONS AND OVERRULE OBJECTION OF CLAIMANTS WHO INVESTED IN CERTAIN FEEDER FUNDS AND DID NOT HAVE BLMIS ACCOUNTS IN THEIR NAMES**

I, Vineet Sehgal, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am a Managing Director at AlixPartners LLP ("AlixPartners"), a consultant to, and claims agent for, Irving H. Picard as trustee (the "Trustee") for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities ("BLMIS") and Bernard L. Madoff.

2. In December 2008, AlixPartners was retained by the Trustee as the Trustee's claims agent. As the claims agent, AlixPartners was responsible for both mailing the notice of the liquidation and claim forms to potential claimants and causing the notice of the liquidation to be published. AlixPartners has also been responsible for processing all claims submitted to the Trustee and assisting the Trustee in reviewing each customer claim filed to determine whether the asserted claim amount agrees with the "net equity" for that account. In addition, as the

accountants for the BLMIS estate, AlixPartners has assisted and continues to assist the Trustee in accounting for the assets of the BLMIS estate, including the cash and cash equivalents available to the Trustee.

3.   I have been actively involved in the liquidation of BLMIS and the claims process since December 2008 and have personal knowledge of the matters set forth herein.

4.   I submit this Declaration based upon the information and knowledge acquired during the course of my retention and in support of the Trustee's Third Motion to Affirm the Trustee's Claims Determinations and Overrule Objection of Claimants Who Invested in Certain Feeder Funds and Did Not Have BLMIS Accounts in their Names (the "Motion").[1]

5.   For purposes of the Motion, the Trustee has selected five BLMIS accounts (the "Feeder Fund Accounts") held by the Feeder Funds or their agents, custodians or subsidiaries (collectively, the "Feeder Funds"). There are five Feeder Funds associated with the Feeder Fund Accounts. Attached hereto as Exhibit 1 is a list of the Feeder Funds and the Feeder Fund Accounts at issue in the Motion.

6.   Each Feeder Fund filed a claim with the Trustee on its own behalf for the Feeder Fund Accounts. These claims have been finally determined by the Trustee. Exhibit 1 identifies the claim numbers of the claims the Feeder Funds filed with the Trustee.

7.   AlixPartners and Baker Hostetler attorneys previously reviewed the claims and other information provided by claimants who had invested in various feeder funds and did not have BLMIS accounts in their names to determine in which feeder funds the claimants invested.

8.   If the claimant failed to provide the BLMIS account number of the feeder fund in which they invested, AlixPartners reviewed the claim image and any supplemental information attached to the claim form. The supplemental information may have included account statements,

---

[1] Capitalized terms used herein shall have the meanings ascribed to them in the Motion.

4822-5780-7315.2

feeder fund prospectuses, letters from the feeder fund explaining the funds' exposure to BLMIS, and claimants' handwritten letters to the Trustee explaining their exposure to BLMIS.

9. After reviewing the claims and supplemental information, Baker Hostetler attorneys and AlixPartners engaged in a detailed mapping exercise to determine the feeder funds, including any sub-feeder funds that did not directly invest with BLMIS, in which the claimant may have invested.

10. Through the mapping process described above, the Trustee was able to correlate the Claimants to the Feeder Funds.

11. Attached hereto as Exhibit 2 is a list of the seven (7) Claimants that appear to have invested in the Feeder Funds identified in Exhibit 1 and that objected to the Trustee's determination of their Claims. Exhibit 2 identifies the Claimants' claim numbers, the docket numbers of the Objections filed with the Court, the lawyers representing the Claimants, if any, the Feeder Funds in which the Claimants invested, and the Feeder Fund Account numbers.

12. Attached hereto as Exhibit 3 is a true and correct copy of the customer claim filed with the Trustee by Ariel Fund LTD, with exhibits omitted.

13. Attached hereto as Exhibit 4 is a true and correct copy of the November 30, 2008 BLMIS account statement for Ariel Fund LTD, BLMIS Account Number 1FR070.

14. Attached hereto as Exhibit 5 is a true and correct copy of the account maintenance file for Ariel Fund LTD from the available books and records of BLMIS.

15. Attached hereto as Exhibit 6 is a true and correct copy of the customer claim filed with the Trustee by Ascot Partners, LP, with exhibits omitted.

16. Attached hereto as Exhibit 7 is a true and correct copy of the November 30, 2008 BLMIS account statement for Ascot Partners, LP BLMIS Account Number 1A0058.

17. Attached hereto as Exhibit 8 is a true and correct copy of the customer claim filed with the Trustee by Beacon Associates LLC, with all but selected exhibits omitted.

18. Attached hereto as Exhibit 9 is a true and correct copy of the November 30, 2008 BLMIS account statement for Beacon Associates LLC, BLMIS Account Number 1B0118.

19. Attached hereto as Exhibit 10 is a true and correct copy of the account maintenance file for Beacon Associates LLC from the available books and records of BLMIS.

20. Attached hereto as Exhibit 11 are true and correct copies of the customer claims filed with the Trustee by Fairfield Sentry Limited for BLMIS Account Number 1FN069, with all but selected exhibits omitted.

21. Attached hereto as Exhibit 12 is a true and correct copy of the November 30, 2008 BLMIS account statement for Fairfield Sentry Limited, BLMIS Account Number 1FN069.

22. Attached hereto as Exhibit 13 is a true and correct copy of the account maintenance file for Fairfield Sentry Limited, BLMIS Account Number 1FN069, from the available books and records of BLMIS.

23. Attached hereto as Exhibit 14 are true and correct copies of the customer claims filed with the Trustee by Rye Select Broad Market Prime Fund, LP, with all but selected exhibits omitted.

24. Attached hereto as Exhibit 15 is a true and correct copy of the November 30, 2008 BLMIS account statement for Rye Select Broad Market Prime Fund, LP, BLMIS Account Number 1C1260.

25. Attached hereto as Exhibit 16 is a true and correct copy of the account maintenance file for Rye Select Broad Market Prime Fund, LP from the available books and records of BLMIS.

26. Attached hereto as Exhibit 17 is the Rye Select Broad Market Prime Fund L.P. Amended and Restated Confidential Private Placement Memorandum, dated March 1, 2008

27. Attached hereto as Exhibit 18 is a true and correct copy of the Prospectus dated February 1996 of Ariel Fund Limited, which was attached to customer claim number 6108 filed with the Trustee by the Saval Charitable Trust.

28. Attached hereto as Exhibit 19 is a true and correct copy of the Amended and Restated Limited Partnership Agreement of Ascot Partners, L.P., which was attached to customer claim number 5539 filed with the Trustee by the Richard Born Trust.

29. Attached hereto as Exhibit 20 is a true and correct copy of the customer claim filed with the Trustee by Candace Newlove.

30. Account opening documents were located for many of the Feeder Fund Accounts, although the books and records of BLMIS are incomplete in this regard. The Account Agreements, to the extent that they have been located, are included in the account maintenance files attached as Exhibits 5, 10, 13, 16.

31. BLMIS account statements were prepared and addressed to the Feeder Funds care of their agents, custodians or subsidiaries. Copies of the November 30, 2008 statements for each of the Feeder Fund Accounts are attached as Exhibits 4, 7, 9, 12, 15.

32. Based on my review of BLMIS's books and records and information provided to the Trustee by the Feeder Funds and other parties, each Feeder Fund meets the following criteria: (1) it is a legal entity that was created as an investment vehicle; (2) it obtained funds that it used for investment by selling ownership interests in itself to, among others, the Claimants; (3) its managers and administrators, not the Claimants, had responsibility for managing and directing the fund's investments; (4) it invested directly with BLMIS and had a BLMIS account; and (5) it

is not a bank, broker or dealer.

33. BLMIS's books and records show the Feeder Fund Accounts were held in the names of the Feeder Funds, not the Claimants. The Feeder Funds are the only accountholders of the Feeder Fund Accounts.

34. The Claimants did not open individual securities accounts with BLMIS for their Feeder Fund investments. In fact, the names of the Claimants do not appear in the books and records of BLMIS.

35. BLMIS's books and records show deposits and withdrawals by the Feeder Funds from the Feeder Fund Accounts without attribution to the Claimants and communications to and from the Feeder Funds to BLMIS. Those same books and records do not reflect deposits or withdrawals by the Claimants to or from BLMIS, any other indicia of a direct financial relationship between BLMIS and the Claimants, nor any communications to or from the Claimants to BLMIS.

36. The amounts that the Claimants allege are owed to them are not discernible from the books and records of BLMIS.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 23, 2020

*/s/ Vineet Sehgal*

_____
Vineet Sehgal
Managing Director
AlixPartners, LLP
909 Third Avenue
New York, New York 10022

4822-5780-7315.2