Re: ECF No. 249

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>    Plaintiff-Applicant,<br><br>  v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>    Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>    Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and for the Estate of Bernard L. Madoff,<br><br>    Plaintiff,<br><br>  v.<br><br>BAM L.P., MICHAEL MANN, AND MERYL MANN,<br><br>    Defendants. | Adv. Pro. No. 10-04390 (CGM) |

### **[DEFENDANTS' COUNTER-PROPOSED] JUDGMENT**

  **WHEREAS**, Irving H. Picard (the "Trustee") is the trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act ("SIPA"), 15 U.S.C. §§ 78aaa–*lll*, substantively consolidated with the liquidation under chapter 7 of the Bankruptcy Code, 11 U.S.C. §§ 101–1532, of the estate of Bernard L. Madoff ("Madoff"), currently pending in United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") as Adv. Pro. No. 08-01789 (SMB);

**WHEREAS**, the Trustee is duly qualified to serve and act on behalf of the consolidated estate of BLMIS and Madoff;

**WHEREAS**, on or about November 30, 2010, the Trustee commenced the above-captioned adversary proceeding (the "Adversary Proceeding") in the Bankruptcy Court, alleging, *inter alia*, that BAM L.P., received avoidable transfers in an amount Five Hundred Sixty Three Thousand United States Dollars ($563,000), and that Michael Mann and Meryl Mann received avoidable transfers in an amount aggregating Two Million, Two Hundred Fifty Thousand United States Dollars ($2,250,000) in connection with BLMIS Account Nos. 1CM363 and 1CM579, respectively, within two years of the Filing Date (the "Two-Year Transfers");

**WHEREAS**, on September 11, 2019, the Court granted in part and denied in part the Trustee's Summary Judgment Motion under Federal Rule of Civil Procedure 56(g), *see Picard v. BAM L.P. (In re BLMIS)*, 608 B.R. 165 (Bankr. S.D.N.Y. 2019), and an order embodying the Court's decision was entered on September 25, 2019.  ECF No. 175;

**WHEREAS**, on September 14, 2020, a trial of this Adversary Proceeding was conducted before the Court;

**WHEREAS**, on December 11, 2020, the Court issued its Memorandum Decision Determining Funds Held in the Bank Accounts are Customer Property and Awarding Prejudgment Interest (the "Decision"), ECF No. 247;

**NOW, THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED THAT:**

1. The Court's findings and conclusions set forth in the Decision are incorporated by reference herein.

2. The Two-Year Transfers are avoided under section 548 of the Bankruptcy Code and recoverable under section 550 of the Bankruptcy Code.

3. The Trustee is awarded prejudgment simple interest on the Two-Year Transfers at the rate of [4]% from November 30, 2010 through October 15, 2020.

4. Judgment is hereby entered in favor of the Trustee to recover from BAM L.P., individually, in total the amount of **$785,394.00** (the "BAM Judgment Amount"), representing the sum of:

|   |   |   |   |
|---|---|---|---|
| a. | Avoidable Transfers | | $563,000.00 |
| b. | pre-judgment interest on the Avoidable Transfers at the rate of [4]%, from November 30, 2010 through October 15, 2020. | | $222,394.00 |
|   |   | **Total:** | $785,394.00 |

5. Judgment is hereby entered in favor of the Trustee to recover from Michael and Meryl Mann in total the amount of **$3,138,786.00** (the "Mann Judgment Amount"), representing the sum of:

|   |   |   |   |
|---|---|---|---|
| a. | Avoidable Transfers | | $2,250,000.00 |
| b. | pre-judgment interest on the Avoidable Transfers at the rate of [4]%, from November 30, 2010 through October 15, 2020 | | $888,786.00 |
|   |   | **Total:** | $3,138,786.00 |

6. The Clerk of Court shall enter this Judgment in favor of the Trustee for the BAM Judgment Amount and for the Mann Judgment Amount.

7. This Court shall retain jurisdiction over the parties to this Adversary Proceeding for the purpose of, among other things, enforcing this Judgment.