# Exhibit D

Page 1

1   UNITED STATES BANKRUPTCY COURT

2   SOUTHERN DISTRICT OF NEW YORK

3   Case No. 08-01789

4   - - - - - - - - - - - - - - - - - - - - - - - - - - x

5   In the Matter of:

6

7   BERNARD L. MADOFF INVESTMENT SECURITIES LLC,

8

9            Debtor.

10  - - - - - - - - - - - - - - - - - - - - - - - - - - x

11  Adv. Proc. 10-04889-smb

12  - - - - - - - - - - - - - - - - - - - - - - - - - - x

13  IRVING H. PICARD, TRUSTEE FOR THE LIQUIDATION OF BERNARD L.

14  MADOFF INVESTMENT SECURITIES LLC,

15               Plaintiff,

16         v.

17  THE ESTATE OF ROBERT SHERVYN, et al.,

18               Defendants.

19  - - - - - - - - - - - - - - - - - - - - - - - - - - x

20

21

22

23

24

25

Page 2

1 Adv. Proc. 12-01565-smb

2 - - - - - - - - - - - - - - - - - - - - - - - - - - x

3 IRVING H. PICARD, TRUSTEE FOR THE LIQUIDATION OF BERNARD L.

4 MADOFF INVESTMENT SECURITIES LLC,

5          Plaintiff,

6      v.

7 STANDARD CHARTERED FINANCIAL SERVICES,

8          Defendants.

9 - - - - - - - - - - - - - - - - - - - - - - - - - - x

10 Adv. Proc. 10-04752-smb

11 - - - - - - - - - - - - - - - - - - - - - - - - - - x

12 IRVING H. PICARD, TRUSTEE FOR THE LIQUIDATION OF BERNARD L.

13 MADOFF INVESTMENT SECURITIES LLC,

14          Plaintiff,

15      v.

16 KUNTZMAN FAMILY LLC, ET AL.,

17          Defendants.

18 - - - - - - - - - - - - - - - - - - - - - - - - - - x

19          United States Bankruptcy Court

20          One Bowling Green

21          New York, NY  10004

22

23          December 16, 2020

24          9:59 AM

25

Page 4

1 HEARING re Adversary proceeding: 10-04889-smb Irving H.

2 Picard, Trustee for the Liquidation of Bernard L. Madoff

3 Investment Securities LLC v. The Estate of Robert Shervyn

4 Savin, et al. Status Conference re Mediations

5

6 HEARING re Adversary proceeding: 12-01565-smb Irving H.

7 Picard, Trustee for the Liquidation of Bernard L. Madoff

8 Investment Securities LLC v. Standard Chartered Financial

9 Motion to Stay

10

11 HEARING re Adversary proceeding: 10-04752-smb Irving H.

12 Picard, Trustee for the Liquidation of Bernard L. Madoff

13 Investment Securities LLC v. Kuntzman Family LLC, et al.

14 Motion to Withdraw as Counsel

15

16

17

18

19

20

21

22

23

24

25 Transcribed by:  Sonya Ledanski Hyde

Page 3

1 B E F O R E :
2 HON STUART M. BERNSTEIN
3 U.S. BANKRUPTCY JUDGE
4
5 ECRO:  UNKNOWN
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Page 5

1 A P P E A R A N C E S :

2

3 BAKER HOSTETLER LLP

4      Attorney for Irving Picard, Trustee

5      45 Rockefeller Plaza

6      New York, NY 10111

7

8 BY: NICHOLAS J. CREMONA (TELEPHONICALLY)

9      ROBERTSON BECKERLEGGE (TELEPHONICALLY)

10

11 CHAITMAN LLP

12      Attorney for Kuntzman, et al.

13      465 Park Avenue

14      New York, NY 10022

15

16 BY: HELEN CHAITMAN (TELEPHONICALLY)

17

18 SULLIVAN & CROMWELL LLP

19      Attorney for Standard Charter

20      465 Park Avenue

21      New York, NY 10022

22

23 BY: ANDREW FINN (TELEPHONICALLY)

24

25

2 (Pages 2 - 5)

Page 6

1 ALSO PRESENT TELEPHONICALLY:
2
3 KEVIN BELL
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Page 7

1            P R O C E E D I N G S
2        THE COURT: This is Judge Bernstein. Casey, would
3 you start the recorder, please?
4        CLERK: The recorder has been started.
5        THE COURT: Thank you. I want to remind the
6 speakers to state their names before they speak. Don't use
7 speakerphones. Mute your phones if you matter is not being
8 heard and turn off any extraneous electronic devices which
9 may interfere with the transmission.
10        I'll begin with Madoff.
11        MR. CREMONA: Nicholas Cremona of Baker &
12 Hostetler appearing on behalf of Irving Picard as SIPA
13 Trustee. We have three matters --
14        THE COURT: Good morning.
15        MR. CREAMONA: -- scheduled for hearing today. We
16 propose proceeding in the order of the hearing agenda filed
17 with the Court, but we're happy to proceed however Your
18 Honor prefers.
19        THE COURT: No, go ahead. That's fine.
20        MR. CREMONA: Okay. The first item we have on the
21 calendar, Your Honor, is the status conference on the
22 mediations with the Chaitman, LLP firm. As Your Honor may
23 recall, we were before the Court earlier this year on May
24 28th and discussed the agreed-up protocols that the parties
25 established to conduct mediations in the remaining adversary

Page 8

1 proceedings where Chaitman LLP serves as defendant's
2 counsel. At that time, there were approximately 60 pending
3 cases. The parties agreed to prioritize the cases and
4 proceed to mediation before Judge Hurkin-Torres to the
5 extent that his schedule permitted. Your Honor so ordered
6 that hearing transcript to reflect those agreed-upon
7 procedures and the parties began mediating the cases
8 starting in June.
9        As of today, Your Honor, we have conducted
10 numerous mediations with the defendants and engaged in
11 several attorney-only sessions with Judge Hurkin-Torres. As
12 I know Your Honor is aware based on your approval of
13 numerous dismissal stipulations, overall this has been a
14 very successful process.
15        As of today, the parties with the assistance of
16 Judge Hurkin-Torres have reached settlements in
17 approximately 30 cases. We have had only one failed
18 medication in the Carol Kamenstein case which is adversary
19 proceeding number 10-4469. And in that case, Your Honor
20 entered a pre-trial scheduling order with a final pre-trail
21 conference currently scheduled for January 27, 2021 before
22 Chief Judge Morris.
23        However, despite all of this progress, Your Honor,
24 it seems unfortunately that we may have reached the end of
25 the road, as the parties seem to be at an impasse as to how

Page 9

1 to proceed. Based on discussions with Judge Hurkin-Torres
2 through last night, it is the Trustee's understanding that
3 Ms. Chaitman is unwilling to schedule any additional
4 mediations in the remaining cases until some time after the
5 trial and the Kamenstein case is fully concluded.
6        As I mentioned, that case is scheduled for final
7 pre-trial conference in January and the trial is unlikely to
8 be fully completed until next year. As we explained through
9 the mediator, it is the Trustee's position that the cases
10 should not remain stagnant for a period of several months
11 given that we just passed the 10th anniversary of the filing
12 of the complaints in all of these actions.
13        Moreover, the parties agreed and this Court so
14 ordered the parties to adhere to this agreed-upon mediation
15 process and the corresponding time-table. If we were to
16 take Ms. Chaitman's proposed approach, we would have the
17 procedural posture of one case dictating the pace of all of
18 her remaining cases, which Your Honor has indicated would
19 not be appropriate.
20        Rather, it is the Trustee's position that given
21 the clear law of the case in these proceedings, we should
22 continue the mediation process and try to resolve these
23 cases as expeditiously as possible for the benefit of the
24 net loser victims.
25        THE COURT: Thank you.

3 (Pages 6 - 9)

Page 10

1    MS. CHAITMAN: Good morning, Your Honor. This is
2 Helen Chaitman. I'd like to respond to Mr. Cremona's
3 statements.
4    The mediation process has been very successful.
5 We have settled 31 cases and I would like to continue the
6 mediation. However, as Your Honor knows, I have a very
7 small firm. I have two of my paralegals on whom I rely for
8 trial preparation. One is in the hospital now having
9 surgery. The other just got out yesterday. And given the
10 massive amount of work necessary to prepare the Kamenstein
11 case for trial, I explained to the mediator that I want to
12 proceed with my remaining cases, but I can't -- I don't have
13 the time to do that and also meet the requirements for the
14 pretrial preparation that has been set in place by Judge
15 Morris.
16    I asked the Trustee to consent to adjourn the
17 Kamenstein trial until we complete the mediations and he
18 refused to do that, so that's the reason. I had applied to
19 Judge Morris to adjourn the Kamenstein trial and that motion
20 was denied.
21    So, it's simply a process, Your Honor, of my being
22 incapable of doing two things at the same time, and I don't
23 understand why the Trustee would object to adjourning the
24 Kamenstein trial for a few months so that we can complete
25 the mediations.

Page 11

1    We have 27 medications left. That's about -- you
2 know, we're doing one or two a week, so it's a couple of
3 months. I don't understand why the Trustee can't consent to
4 the adjournment of the Kamenstein trial to allow us to
5 complete the mediations.
6    MR. BELL: Your Honor, Kevin Bell for SIPC.
7    THE COURT: Go ahead, Mr. Bell.
8    MR. BELL: Today is day 4,400 of this liquidation
9 proceeding. Last Friday we began the 13th year of this
10 proceeding. These complaints have been live for over 3,700
11 days. Last Friday Judge Morris in Mann following your
12 ruling -- your decision in Nelson reiterated again that this
13 is two-year absolute strict liability, something you said on
14 February 14, 2014. We have net losers who don't have their
15 money for these number of years, and we can't even get a
16 commitment for the eight Thursdays in January or February
17 what mediations we would set with Ms. Chaitman to set them
18 up so that we could move forward, you know?
19    It is an -- unfair to the net losers to kick it
20 out another four, six, eight months depending whether
21 Kamenstein decision goes against Ms. Chaitman, she appeals,
22 and then she appeals again. We may be three years before we
23 get to anything further. And Judge Morris clearly rejected
24 any extension.
25    THE COURT: Uh-huh. You know, Ms. Chaitman it

Page 12

1 seems to me at a minimum you can schedule mediations up to
2 the date of the pre-trial conference, which is January 27th,
3 and revisit the issue with Judge Morris if there's some
4 progress.
5    But you know, as Mr. Bell argues, you can't put
6 this off for years, because in that event I know I would
7 start trying the cases if you didn't want to mediate them,
8 and I guess Judge Morris will and you'd probably be in a
9 worse situation because you'd have a lot more work.
10    MS. CHAITMAN: But Your Honor, it's not -- it's
11 not a question of years. First of all, from 2010 when the
12 complaints were filed until now, the delays have primarily
13 been at the Trustee's option, and the --
14    THE COURT: I understand. There have been a lot
15 of delays in this case for a lot of reasons and there's been
16 a lot of motion practice before me and before the district
17 court. There's been several appeals. I'm not blaming you
18 or any of the defendants for delays in these cases.
19    You had the right to move for withdrawal of the
20 reference. You did. And some issues you won and some
21 issues you lost. I understand that, and I also understand
22 that, you know, many of the net losers have received their
23 full amount of compensation. And I understand all these
24 things, but what I'm concerned about is just pushing these
25 issues off indefinitely into the future pending, you know,

Page 13

1 the resolution of the Kamenstein case, whether it's the
2 bankruptcy court, district court, or circuit level. Things
3 can't stop, so I guess the bottom line is your choice. I
4 mean, I can't speak for Judge Morris, but your choice is
5 either going to be to mediate these cases or try them.
6    MS. CHAITMAN: Well, I'm perfectly willing to
7 mediate the remaining cases. It was the Trustee that
8 terminated the Kamenstein mediation in the middle without
9 any basis, in my opinion, but the point is I can move --
10    THE COURT: Well, do you think it's worth -- do
11 you think it's worthwhile -- let me just ask you, do you
12 think it's worthwhile -- I don't want to get into who said
13 what to whom at the mediation obviously or the particular of
14 the mediation, but you know, if you think it's worthwhile to
15 continue the mediation with Kamenstein, that's fine, you can
16 discuss that with the Trustee. If the two sides are so far
17 apart that any continuation of the mediation is just a waste
18 of time, move on to the next case and try Kamenstein.
19    MS. CHAITMAN: Well, the problem is that the pre-
20 trial preparation for the Kamenstein trial, particularly in
21 the month of December, is absolutely massive and I do not --
22 the mediations take an enormous amount of my time, and I do
23 not -- I cannot do both things at the same time. That's
24 basically what it comes down to.
25    MR. BELL: Your Honor, Kevin Bell at SIPC.

4 (Pages 10 - 13)

Page 14

1  THE COURT: All right. So, let me ask you a
2  question -- a practical question, Mr. Cremona and Mr. Bell.
3  If she doesn't want to go through or continue with the
4  mediations regardless of the order I entered, what's the
5  alternative?
6  MR. CREMONA: Your Honor, it's --
7  MR. BELL: Well, Your Honor, Kevin --
8  MR. CREMONA: -- it's --
9  MR. BELL: -- Kevin Bell. Your Honor --
10  THE COURT: Yeah.
11  MR. BELL: -- we have a number of cases we've
12  proffered to the mediator. We also suggested the eight
13  Thursdays in January and February even as recent as 8:00
14  last night to start to put some of the remaining cases Ms.
15  Chaitman just said were 27 on the calendar so that we can
16  hopefully have some progress. This Kamenstein
17  recommendation by Ms. Chaitman that we go back to mediation
18  is something new.
19  If we -- let's assume for argument's sake we have
20  a hearing before Your Honor on January 20th on the
21  allocation motion where we're going to distribute to
22  customers and get them below -- not fully paid. We'll
23  reduce them to under 1,000 who haven't been satisfied, the
24  net losers.
25  So, if we could see some movement -- and we're in

Page 15

1  the holiday season, so I don't expect anything more to
2  happen. There are no mediations scheduled between now and
3  whenever. So, we can come back on the 20th. We can go back
4  and talk to Judge Hurkin-Torres today or tomorrow. Ms.
5  Chaitman can proffer cases to put in the eight Thursdays of
6  January and February and we can come back to Your Honor on
7  the 20th and say we did the holiday spirit, we got something
8  done, we're moving forward. Ms. Chaitman wants to pull
9  Kamenstein, you know, we can talk about that, but that was
10  something new.
11  THE COURT: Uh-huh. So, what is your proposal?
12  MR. BELL: I think, Your Honor, what we would say
13  is let's re -- let's set a hearing, continue this discussion
14  on the 20th. You direct Ms. Chaitman to fill in the blanks
15  for those eight Thursdays in January and February with
16  particular cases working with the mediator. If we have
17  items scheduled, and we'll have two done hopefully before
18  the 20th, so we will have some progress, and we come back to
19  Your Honor at that point in time.
20  If we don't have a schedule and we don't have any
21  cases resolved, you know, we'll be -- we'll be at day 4,435
22  that this case has been going on and these defendants have
23  known there have been fictitious profits in their
24  possession, and you know, there are consequences to them
25  that Judge Morris laid out clearly on Friday in the Mann

Page 16

1  decision.
2  THE COURT: All right. Mr. Bell, I'm not sure
3  that answered the question that I posed but let
4  (indiscernible).
5  MR. BELL: Well, Mr. Cremona will clarify, yeah.
6  THE COURT: All right. Well, let me ask Ms.
7  Chaitman if she's willing to proceed with a -- set the
8  mediations. Obviously if you're on trial you can't -- you
9  can't mediate a try a case on the same day but set the
10  mediations and go forward and we'll take another look at it
11  on January 20th.
12  MS. CHAITMAN: I can -- I can schedule mediations
13  in January, but I have no idea whether Judge Morris intends
14  to have the trial in February, in which event of course I
15  wouldn't be available, and --
16  THE COURT: But you can deal with that with Judge
17  Morris it seems to me. Just because it's a final pre-trial
18  conference -- is it a final pre-trial conference on January
19  27th?
20  MS. CHAITMAN: Yes.
21  MR. CREMONA: Yes, Your Honor.
22  THE COURT: All right. But that doesn't -- you
23  know, the trial may be two months after that. You don't get
24  the trial the next day generally.
25  MS. CHAITMAN: Okay. Well, the Kamensteins have

Page 17

1  retained bankruptcy counsel and I understand that the
2  bankruptcy attorney has reached out to Baker and Hostetler,
3  and I would propose that we set the Kamenstein mediation
4  with the bankruptcy counsel participating as the first one
5  that we do in January, because obviously if we can resolve
6  Kamenstein, then the trial goes away and it frees up my
7  schedule.
8  THE COURT: Well, that certainly makes sense.
9  Who's the bankruptcy counsel?
10  MS. CHAITMAN: It's someone from Florida where the
11  Kamensteins live. His name is Robert Furr, F-U-R-R.
12  THE COURT: Uh-huh.
13  MR. BELL: Your Honor --
14  THE COURT: Well, when is -- when is he ready to
15  continue the Kamenstein mediation?
16  MS. CHAITMAN: I would suggest that we do that --
17  THE COURT: You know, he --
18  MS. CHAITMAN: -- in the first week in January.
19  THE COURT: Because I don't want to hear that he
20  needs, you know, a half a year to get his arms around this
21  case.
22  MS. CHAITMAN: No, no, no.
23  MR. BELL: That date -- that date is January 7th,
24  Your Honor.
25  THE COURT: All right. So, you reschedule the

5 (Pages 14 - 17)

Page 18

1 Kamenstein mediation for January 7th and schedule mediations
2 -- you're doing the 7th, the 14th, and the 21st? Are those
3 the dates you were talking about, Mr. Bell?
4     MR. BELL: And the 28th. And February --
5     THE COURT: The 28th --
6     MR. BELL: -- 4, 11 --
7     THE COURT: All right. Why don't we do this?
8 Let's schedule Kamenstein first for January 7th. I think
9 that's the date you said. Continue to schedule them out and
10 we'll see what happens with the Kamenstein trial. Ms.
11 Chaitman is right. If it's resolved, then that's not an
12 issue. I don't know if you have other final pre-trial
13 conferences that day, but --
14     MS. CHAITMAN: Not at the present time.
15     THE COURT: All right. Why don't we do that? Let
16 Mr. -- Furr did you say his name is?
17     MS. CHAITMAN: Yes, F-U-R-R.
18     THE COURT: Just let him know -- let him know that
19 January 7th is the date and he has to be prepared to attend,
20 I guess virtually, the mediations -- the mediation in
21 accordance with the rules.
22     MS. CHAITMAN: (Indiscernible).
23     THE COURT: Did you check --
24     MR. CREMONA: Your Honor --
25     THE COURT: -- his availability?

Page 19

1     MS. CHAITMAN: I haven't checked his availability,
2 but since it's done on Zoom, I don't imagine it would be a
3 difficulty.
4     THE COURT: All right. That's true. Yes, Mr.
5 Cremona?
6     MR. CREMONA: Your Honor, I was simply going to
7 say we're happy to proceed in that fashion, and we will
8 coordinate with Judge Hurkin-Torres to schedule that for
9 January 7th and see where we are at that point.
10     THE COURT: Okay. But I also want to schedule the
11 remaining mediations, and you know, depending on what
12 happens with the trial, you'll either be able to keep that
13 schedule or not. But putting them off --
14     MR. CREMONA: We --
15     THE COURT: -- Ms. Chaitman, putting them off
16 indefinitely pending the conclusion of the Kamenstein trial
17 is just -- that's a non-starter.
18     MS. CHAITMAN: Okay. I wasn't -- I wasn't --
19     THE COURT: Has a final pre-trial order been
20 submitted in Kamenstein?
21     MR. CREMONA: Your Honor, this is Nicholas Cremona
22 again. We have exchanged the draft of the pre-trial order
23 as required by your scheduling order, and we are due to
24 receive comments from Ms. Chaitman I believe tomorrow.
25     THE COURT: Okay.

Page 20

1     MS. CHAITMAN: That is correct.
2     THE COURT: So, once the pre-trial order is done,
3 if the trial is not the next day, you know, you're going to
4 have free time.
5     MS. CHAITMAN: Well, we have to assemble all the
6 exhibits. I mean, it's fairly massive, so.
7     THE COURT: Yeah. Yeah, but you know, you've
8 tried a few of these cases, Ms. Chaitman. I understand that
9 each case has some particularized facts, but you know, a lot
10 of the exhibits are the same. Did Judge Morris issue a
11 decision in Mann?
12     MR. CREMONA: Yeah.
13     MR. BELL: Yes, sir. Last Friday afternoon.
14     THE COURT: Would you send a copy to my chambers,
15 please?
16     MR. CREMONA: Absolutely, Your Honor.
17     THE COURT: Thank you. All right. So, I will
18 adjourn this to January 20th then at 10:00.
19     MR. CREMONA: Thank you, Your Honor. The next --
20     THE COURT: All right. Go ahead, Mr. Cremona.
21     MR. CREMONA: -- the next item on the agenda is
22 Ms. Chaitman's application to withdraw in the Kuntzman, LLC
23 matter.
24     THE COURT: Okay. You know, I've looked at the
25 papers. It appears -- let me as Ms. Chaitman. Aside from

Page 21

1 the Gattegno and the Greens, are there any other members of
2 this LLC?
3     MS. CHAITMAN: I don't believe so, Your Honor. I
4 don't have it in front of me, but I don't believe so. Ms.
5 Gattegno is on the phone, as you had requested.
6     THE COURT: Okay. Ms. Gattegno, are you on the
7 phone? I didn't see her on --
8     MS. CHAITMAN: Oh, wow. Should I add her now?
9 Because I had her on the phone when I called in. She must
10 have fallen off.
11     THE COURT: Yes. Yeah. Let's --
12     MS. CHAITMAN: Just give me one second.
13     THE COURT: Before you get her on the phone, it's
14 starting to sound like none of the members are wanting to
15 take responsibility for managing this LLC.
16     MS. CHAITMAN: I'm going to try to get her on
17 right now, okay?
18     THE COURT: All right.
19     (Pause)
20     MS. CHAITMAN: Ms. Gattegno, are you on?
21     MS. GATTEGNO: Yes, I am.
22     MS. CHAITMAN: Oh, okay. She inadvertently fell
23 off.
24     THE COURT: Ms. Gattegno, this is Judge Berns --
25 this is Judge Bernstein. We have an issue with the case

6 (Pages 18 - 21)

Page 22

1 against Kuntzman Family, LLC. Are you aware that Ms.
2 Chaitman, who has ostensibly been representing the LLC,
3 wants to withdraw as counsel?
4        MS. GATTEGNO: Well, they -- she had been
5 dismissed by my brother-in-law and sister, who were the
6 managing partners in the LLC, and she was asked to withdraw
7 from the case, and they, as far as I know, have no
8 representation.
9        THE COURT: Well, that's going to be a problem for
10 the LLC, because an LLC, like a corporation, can't appear
11 unless it's represented by an attorney. And one of the
12 reasons I wanted to speak to you, because Wayne Green --
13 that's your brother-in-law?
14       MS. GATTEGNO: Correct.
15       THE COURT: He sent an e-mail saying he has
16 nothing to do with Kuntzman Family, LLC. I haven't heard
17 from your sister, but the problem is, and I wanted to
18 explain to you, that if I grant Ms. Chaitman's motion and
19 Kuntzman, LLC doesn't retain another lawyer, it's
20 substantially likely that I'm going to strike your answer
21 and the Trustee's going to enter judgment. What's the
22 amount the Trustee is seeking?
23       MR. CREMONA: Approximately $672,000, Your Honor.
24       THE COURT: Okay. So, the LLC is going to have
25 that judgment against them. Do you understand that?

Page 23

1        MS. GATTEGNO: Yes, I do.
2        THE COURT: All right. And how long will it take
3 the LLC to retain another lawyer in this matter?
4        MS. GATTEGNO: I don't know.
5        THE COURT: Is this something you discussed with
6 your brother-in-law and sister? I mean, you haven't had a
7 lawyer for five years.
8        MS. GATTEGNO: They do what they choose to, and I
9 have nothing to do with them, and I can't convince them
10 otherwise. I mean, they --
11       THE COURT: Okay.
12       MS. GATTEGNO: -- if they decide to hire a lawyer,
13 then that's on them.
14       THE COURT: All right. Here's what I'm going to
15 do, Mr. Cremona -- or Ms. Chaitman, and I'm going to ask you
16 to settle an order or enter into a consensual order with the
17 Trustee. The order will provide that your motion to
18 withdraw is granted. This matter is stayed for 60 days. In
19 the event that counsel, a new lawyer, has not filed an
20 appearance for Kuntzman Family, LLC within 60 days, you can
21 present a proposed order in let's say seven days' notice
22 striking the answer and entering judgment on the grounds
23 that the LLC is unrepresented, and I want you to send a copy
24 of that proposed order to Ms. Gattegno and to each of the
25 Greens. I understand you have e-mail addresses; is that

Page 24

1 correct?
2        MS. CHAITMAN: Yes.
3        THE COURT: Mr. Cremona?
4        MR. CREMONA: We -- yes, it is, Your Honor.
5        THE COURT: Okay. You send it to them, file a
6 certificate of service that the order has been served, and
7 we'll just leave it at that. I can't make them retain
8 lawyers, but as I said, the LLC cannot appear without
9 counsel. Apparently we learned the last go-round that
10 although Ms. Chaitman has been representing the LLC,
11 apparently with their knowledge because she participated in
12 discovery with Ms. Gattegno I think in 2017, Mr. Green
13 claims that she was fired.
14       So, it's up to the LLC. They have 60 days. And
15 at the end of 60 days if there's no notice of appearance,
16 you can move -- you can submit an order striking the answer
17 and entering judgment, okay?
18       MR. CREMONA: Thank you, Your Honor.
19       MS. CHAITMAN: Yes. Will you direct -- will you
20 direct Mr. Cremona --
21       THE COURT: All right.
22       MS. CHAITMAN: Excuse me, Your Honor.
23       THE COURT: Well, I think -- I think he's got the
24 interest in this. Look, you just want to be out of this
25 case.

Page 25

1        MS. CHAITMAN: Yeah. I think it would be better
2 if he drafted the order. I agree.
3        THE COURT: But your part is simple. You're
4 granted leave to withdraw. But you know, you want to make
5 sure that -- I think, Mr. Cremona, that you have in that
6 order what you need in the event that there's no notice of
7 appearance. And again, I want to make sure that the Greens
8 and Ms. Gattegno understand the consequences. I've
9 explained it to Ms. Gattegno. She's a member. She's the
10 only one who seems to be participating in this matter. All
11 right?
12       MR. CREMONA: Understood, Your Honor.
13       MS. CHAITMAN: Yes.
14       MR. CREMONA: The Trustee with draft the order and
15 serve it as directed.
16       THE COURT: Okay. Well, if you can agree -- if
17 you can send it to chambers, if -- you can send Ms. Chaitman
18 consented to the order.
19       MR. CREMONA: Understood.
20       THE COURT: Okay. Thank you very much. Finally
21 we have --
22       MS. CHAITMAN: Thank you.
23       THE COURT: Thank you. You're excused, Ms.
24 Chaitman. Finally, we have Picard v. Standard Chartered
25 Financial.

7 (Pages 22 - 25)

Page 26

1    MR. BECKERLEGGE: Yes. Good morning, Your Honor.
2    It's Robertson Beckerlegge from Baker & Hostetler for the
3    Trustee.
4    THE COURT: Good morning.
5    MR. FINN: Good morning, Your Honor. Andrew Finn
6    from Sullivan & Cromwell on behalf of the Standard Chartered
7    defendants.
8    THE COURT: Okay. Go ahead, Mr. Finn.
9    MR. FINN: Thank you, Your Honor. As the Court is
10    aware, this is a subsequent transferee case seeking to
11    recover transfers from -- or alleged transfers from
12    Fairfield Sentry. The operative complaint was filed in
13    2012. It does not allege any absence of good faith under
14    any standard and thus fails to state a claim. I don't think
15    there's any dispute really about that.
16    The Trustee, however, moved to amend his complaint
17    in October seeking for the first time in this case to allege
18    an absence of good faith by the Standard Chartered
19    defendants who did so expressly in an effort to meet the
20    willful blindness standard, that as the Court is aware was
21    confirmed by Judge Rakoff's good faith decisions in 2011 and
22    2014, and which particularly apply in cases like this where
23    the initial transferee was a significant net loser in
24    Madoff's scheme as Fairfield Sentry was. And so, you know,
25    there's a requirement that the Trustee has to allege at

Page 27

1    least willful blindness to avoid those transfers and recover
2    from individual transferees.
3    We're asking to hold briefing on the Trustee's
4    motion to amend in abeyance pending the 2nd Circuit's
5    decision in Citibank and the Legacy cases. We think doing
6    so will avoid the need for duplicative litigation on the
7    good faith issue, which is clearly going to be at issue and
8    is the sole basis for the Trustee's proposed amendments and
9    we think could be dispositive in this case.
10    As the Court is aware in Citi -- in the Citi and
11    Legacy appeals, the Trustee is challenging both Judge
12    Rakoff's good faith decisions and this Court's application
13    of those rulings in dismissing the Citibank and Legacy
14    complaints, arguing that even if Judge Rakoff got it right,
15    this Court got it wrong in dismissing the Citibank and
16    Legacy complaints.
17    My understanding is that those appeals have been
18    fully briefed, and I understand that yesterday the 2nd
19    Circuit proposed oral argument for the week of March 8th.
20    Most of the similarly situated subsequent transferee cases
21    involving Fairfield transfers have either been stayed or the
22    Trustee has simply not proceeded and apparently is waiting
23    for the appeals to be resolved on the good faith issue.
24    We don't think it makes sense to spend the
25    parties' resources and the Court's time litigating the good

Page 28

1    faith issue, which is potentially dispositive here, before
2    the 2nd Circuit resolves that issue, hopefully once and for
3    all. We want the good faith issue here to be decided once
4    and we think it should end the case, but in practical terms,
5    we think that means waiting for the 2nd Circuit to rule.
6    As we've noted in our briefs, Your Honor, the
7    Trustee has conceded in other cases where he's sought a stay
8    that pending the 2nd Circuit decision that doing so would
9    promote judicial efficiency and conserve the parties'
10    resources and would not unreasonably prejudice any party.
11    And as the Trustee stated in the ABN Amro case in
12    seeking a stay before Judge Caproni in the District Court,
13    the Trustee said that there's no reason to anticipate any
14    undue delay in the 2nd Circuit's decision. Indeed, as I
15    mentioned, now that we have a likely week for oral argument,
16    I think that's even more true.
17    You know, notwithstanding the Trustee's prior
18    positions in other cases, the Trustee has argued here that
19    we should move forward for two principal reasons. One, he
20    argues that his proposed amended complaint meets the willful
21    blindness standard in the 2nd Circuit's decision, therefore
22    somehow won't matter, and two, he speculates about the idea
23    that some evidence could be lost if we wait for the 2nd
24    Circuit to decide.
25    And if I may, Your Honor, I'm -- I'll address both

Page 29

1    of those just briefly. With respect to the complaint, Your
2    Honor, as set forth in our briefs, the Trustee simply
3    ignores the similarities of this case with Citi and Legacy
4    and the other cases -- subsequent transferee cases in
5    particular that this Court has dismissed for failure to
6    plead the absence of good faith, and he also overstates the
7    strengths of the proposed allegations in the -- in the
8    proposed complaint here.
9    Of course, the Trustee has put forth arguments in
10    opposition to the stay as to why the proposed amended
11    complaint meets the willful blindness test. We vigorously
12    disagree, but that just demonstrates that the sufficiency of
13    those allegations are going to be hotly contested here, and
14    we'd like that issue to be briefed and decided once by the
15    Court, nothing more.
16    On the second issue with respect to the potential
17    loss of evidence, Your Honor, the Trustee has not put forth
18    any real evidence that there's any potential loss of
19    anything here other than vague assertions about faded
20    memories and just general issues related to the passage of
21    time, which is going to affect both parties.
22    There's really nothing but speculation. As I
23    stated in my declaration, we're retaining information that
24    we collected and produced in the Anwar proceedings, which
25    were civil cases before Judge Marrero several years ago

8 (Pages 26 - 29)

Page 30

1 involving former clients of Standard Chartered who were --
2 who were suing the bank.
3        And with respect to the alleged issues with
4 discovery in the Anwar proceedings, the transcript excerpt
5 that the -- that the Trustee put forth demonstrates that in
6 fact those issues were addressed fully to the satisfaction
7 of Judge Marrero and then Magistrate Judges Katson and Maas
8 who oversaw discovery there.
9        So, for these reasons, Your Honor, we think that -
10 - and all the reasons stated in our brief, we think that a
11 stay is appropriate for the -- for the briefing of the
12 motion to amend.
13        With respect to discovery, Your Honor, given that
14 the operative complaint doesn't allege any absence of good
15 faith under any standard, we don't think discovery should
16 proceed.
17        The Court in these cases is generally not allowed
18 discovery beyond Rule 2004 pre-complaint discovery until the
19 Trustee has alleged a legally sufficient claim, which he
20 hasn't done here, and the same rule should apply,
21 particularly where here the Trustee had nearly three years
22 before filing the complaint against Standard Chartered to
23 take Rule 2004 discovery.
24        On that the -- we received a subpoena back in
25 2009, produced an agreed-to production shortly thereafter,

Page 31

1 and it was only in 2012 that this complaint was filed, never
2 alleging any sort of absence of good faith.
3        So, Your Honor (indiscernible) --
4        THE COURT: Were you -- was Standard Chartered one
5 of the entities that was dismissed under the
6 extraterritoriality decision?
7        MR. FINN: Yes, Your Honor. So, that -- we were.
8 Primarily we fell under the comedy portion of that decision,
9 but yes, we were -- we had thought we were dismissed for
10 about two years before --
11        THE COURT: Uh-huh.
12        MR. FINN: -- coming back.
13        THE COURT: Okay. Are you (indiscernible)?
14        MR. BECKERLEGGE: (Indiscernible) for the Trustee,
15 Your Honor. There's a few things that I would like to
16 address in response to what Mr. Finn just said. One of them
17 first and foremost has to do with timing. I think they have
18 --
19        THE COURT: I'm sorry, with what?
20        MR. BECKERLEGGE: The -- with respect to timing,
21 Your Honor.
22        THE COURT: Uh-huh.
23        MR. BECKERLEGGE: I think that the defendants in
24 Standard Chartered have played a little bit loose with the
25 timeline in this case by talking about the operative

Page 32

1 complaint in 2012 and how it does not allege a lack of good
2 faith.
3        THE COURT: Yeah, I'm familiar with the timeline
4 and Judge (inaudible) --
5        MR. BECKERLEGGE: Okay.
6        THE COURT: -- 2014 decision, but the real -- the
7 real question is whether we should just wait to see what the
8 2nd Circuit says, because maybe it promoted judicial
9 economy, and nobody's prejudiced, as you argued successfully
10 in the RBS case. That's really (indiscernible).
11        MR. BECKERLEGGE: Well, Your Honor -- well, I
12 would say two things in response to that, Your Honor. One,
13 the second circuit case is not dispositive of this case.
14 This case --
15        THE COURT: Well, it may be, though, wouldn't it?
16 In other words, if the 2nd Circuit says Judge Rakoff was
17 wrong, the Trustee doesn't have to plead around an
18 affirmative defense, you probably don't even have to amend
19 your complaint, right?
20        MR. BECKERLEGGE: But regardless of that fact,
21 Your Honor, our proposed amended complaint as part of our
22 motion for leave to amend meets that -- meets that standard
23 and any higher standard, so therefore (indiscernible) --
24        THE COURT: You say that, but that's a heavily
25 litigated issue and we all know from the past how time-

Page 33

1 consuming that is. You're telling me --
2        MR. BECKERLEGGE: I agree --
3        THE COURT: -- this is a slam dunk and I can
4 decide it from the bench, and I've looked at it, and I'm not
5 convinced that that's the case. You know, every one of
6 these cases involves a 30 to 40-page decision going through
7 the factual allegations and then the law and then applying
8 the law.
9        And if I keep getting it wrong, as you say --
10 argue in Legacy and Citibank, why not wait for the 2nd
11 Circuit to tell me so, so I don't get it wrong again?
12        MR. BECKERLEGGE: I agree, Your Honor, that it is
13 a time-consuming process -- excuse me -- and that is
14 actually one of the reasons why it is prejudicial to the
15 Trustee. What defendants have written in their papers is
16 actually -- if you read it closely is actually a signal to
17 where this is likely to go. This is not merely just a stay
18 about the results of the 2nd Circuit appeal, Your Honor.
19 What they do in their papers is they signal that this is
20 likely the first tip of the stay iceberg as they try to kick
21 this case as far down the road as possible, because not only
22 is there --
23        THE WITNESS: What does that mean?
24        MR. BECKERLEGGE: -- the possibility of appeals
25 from the second (indiscernible) reconsideration or a

9 (Pages 30 - 33)

Page 34

1 petition to the Supreme Court, they've also raised issues in
2 their papers about, you know, omnibus briefing or related
3 subsequent cases or things that require additional further
4 coordination, and they also call into question the whole
5 structure and timeline of the Fairfield case, which as Your
6 Honor knows has been sent over to Judge Morris.
7     So, it's entirely possible that this is just the
8 beginning of the stays that they will seek. And as the time
9 passes, that only continues to prejudice the Trustee. And
10 so, in this -- you know, this case is ready to move forward
11 at this time, and while, yes, you have -- as I have said,
12 that this is -- we believe we meet whatever the standard may
13 be, and you have said that that is a heavily litigated
14 position, I completely understand that, Your Honor, but what
15 I would say to that is Standard Chartered could have headed
16 this off now. They could have consented to our proposed
17 amended complaint and moved to dismiss. They could have
18 opposed our motion for leave to amend. If they are so
19 bullish on their claims and so dismissive of the Trustee's
20 position -- actually, Your Honor, the most judicially
21 efficient thing would have been for them to either consent
22 and move or oppose the motion for leave to amend.
23     THE COURT: Consenting and moving is no different
24 from opposing the amendment on the grounds of lack of
25 futility. That's just more motion practice that may be

Page 35

1 unnecessary. I don't see what that does.
2     MR. FINN: Your Honor, may I just address a couple
3 of points?
4     THE COURT: Well, let him finish, thought, Mr.
5 Finn.
6     MR. FINN: Okay. Thank you.
7     MR. BECKERLEGGE: Your Honor, you know --
8     THE COURT: That doesn't make -- yeah, that
9 doesn't make a lot of sense, Mr. Beckerlegge.
10     MR. BECKERLEGGE: Well, if they are so bullish on
11 their claims, they obviously could have moved at this point.
12 They didn't have to seek a stay, because I think the stay is
13 just the beginning of a number of stays that they will
14 attempt to seek in order to move this case down the road as
15 far as they possibly can.
16     THE COURT: It sounds like you're speculating
17 about things in the future which can be addressed in the
18 future. The bottom line is that if the 2nd Circuit reverses
19 on the pleading around the affirmative defenses, basically
20 all these challenges are over and you probably don't have to
21 amend your complaint.
22     If the 2nd Circuit -- if the 2nd Circuit says,
23 well, yeah, Judge Rakoff got the pleading burden right but
24 it's objective rather than subjective, all those cases are
25 probably going to be remanded to me to consider under the

Page 36

1 different standard. I mean, you know --
2     MR. BECKERLEGGE: I -- and --
3     THE COURT: -- unfortunately, these issues were
4 not decided six years ago by the Circuit, but --
5     MR. BECKERLEGGE: I understand, Your Honor. If I
6 could --
7     THE COURT: And we've all -- we've all done a lot
8 of work, but you know, the Circuit has now scheduled
9 argument, I understand, for the week of March 8th.
10     MR. BECKERLEGGE: (Indiscernible) --
11     THE COURT: You know, getting to the -- all right,
12 well, that's what I'm being told. I checked yesterday. I
13 didn't see an argument date, but you know, that's what I'm
14 being told
15     MR. BECKERLEGGE: With respect to -- with respect
16 to discovery, Your Honor, you know, the -- one of the things
17 that Standard Chartered has to do is demonstrate that the
18 Trustee's case completely lacks merit. That's a key
19 component to any of this, and one of the things they really
20 have not done in their papers is indicated in any way that
21 the Trustee's case lacks merit. While they say it in
22 conclusory statements --
23     THE COURT: But I've looked -- I looked at your
24 complaint, the original complaint, which was the only
25 pending complaint, and you know, if -- obviously you haven't

Page 37

1 pled any knowledge on the part of Standard Chartered, right?
2     MR. BECKERLEGGE: In the 2012 complaint?
3     THE COURT: Which under the current -- which under
4 the current rules you have to do.
5     MR. BECKERLEGGE: Right, which we did in our
6 proposed amended complaint. That is correct, Your Honor.
7     THE COURT: Yeah, I understand. That's why you
8 (indiscernible) amended complaint, but it may not be
9 necessary to --
10     MR. BECKERLEGGE: Right.
11     THE COURT: -- amend the complaint depending on
12 what the 2nd Circuit decides or engage in all this
13 litigation.
14     MR. BECKERLEGGE: At the very least, Your Honor,
15 there is no burden on Standard Chartered to proceed with the
16 limited discovery that we proposed in our letter to them --
17     THE COURT: What are you -- what are you seeking?
18 And you know --
19     MR. BECKERLEGGE: Going back to --
20     THE COURT: By the way, nobody's raised it. I
21 don't know how you take a 2004 exam and append the adversary
22 proceeding, but what are you seeking?
23     MR. BECKERLEGGE: Your Honor, we're seeking
24 documents that were produced by Standard Chartered in the
25 Anwar litigation. Going back, we had long-running

10 (Pages 34 - 37)

Page 38

1  negotiations with Standard Chartered back in 2015 and 2016
2  where we went back and forth about the production of
3  documents, and --
4         THE COURT:  If you get that discovery, are you
5  then going to try and bolster your amended complaint by
6  adding facts you learned in discovery?  Because that sounds
7  like pre -- you know, pre-adversary --
8         MR. BECKERLEGGE:  We are not trying --
9         THE COURT:  -- proceeding discovery.
10        MR. BECKERLEGGE:  If anything, that would be
11  discovery that would aid us in -- it would be an aid of
12  trial.  You know, Standard Chartered had at the ready to
13  produce documents to us on a, quote, "expedited basis," and
14  they were going to produce documents concerning Madoff,
15  concerning Standard Chartered's review, analysis, due
16  diligence, evaluation, approval, and ongoing monitoring of
17  the Fairfield funds, certain fees paid to Standard Chartered
18  in connection with the investments, and sales and marketing
19  materials used with respect to the Fairfield funds.
20        And those documents were encompassed, they were
21  reviewed, they were produced, and they were relevant in
22  Anwar, and those categories of documents are directly
23  relevant here, Your Honor.
24        You know, we've waited a very long time to try to
25  move this case forward and continue, and the inability to do

Page 39

1  that is prejudicial to the Trustee, and it's not just
2  speculative, and I appreciate what Mr. Finn is saying about
3  those documents have all been retained, but again, the focus
4  has to be on the burden.  There is no burden here to
5  Standard Chartered to produce those documents as he -- as
6  was written four years ago.  Those documents have been
7  reviewed and produced.
8         And more importantly, if there's any transcripts,
9  because again we sought transcripts related to that
10  litigation, Trustee is happy to pay for the production of
11  those transcripts.  One of our concerns is the fact --
12        THE COURT:  Dep -- are those deposition
13  transcripts or court transcripts?
14        MR. BECKERLEGGE:  Deposition, Your Honor.  And so,
15  one of the things we're concerned about is there may be
16  witnesses of which we are not aware this document -- these -
17  - this production and these transcripts would aid us with.
18  Also, discovery is likely to be complex and time-consuming,
19  and it's -- it would be prejudicial if we would not start
20  that now.
21        THE COURT:  Are you saying that after you get the
22  paper discovery or document discovery, you're then going to
23  want to take depositions while all of this is pending?
24        MR. BECKERLEGGE:  It's entirely possible that the
25  production of those transcripts would eliminate the need for

Page 40

1  the Trustee to take some depositions.  The only way to
2  answer that question would be --
3         THE COURT:  But that sounds -- so, it sounds like
4  the answer to my question is yes.  You're hopeful it won't
5  be the case, but similarly, the production of documents --
6         MR. BECKERLEGGE:  I can --
7         THE COURT:  -- or transcripts would trigger the
8  desire to take depositions --
9         MR. BECKERLEGGE:  I can --
10        THE COURT:  -- because certain questions relative
11  to this case may not have been answered (indiscernible).
12        MR. BECKERLEGGE:  That's entirely right, Your
13  Honor.  I cannot foreclose that possibility.  That would --
14  that would be detrimental --
15        THE COURT:  Uh-huh.  I got it.
16        MR. BECKERLEGGE:  -- to the Trustee.
17        THE COURT:  All right.  All right.
18        MR. FINN:  Your Honor.
19        THE COURT:  Let me give a chance to Mr. Finn to
20  respond.
21        MR. FINN:  Thank you, Your Honor.  First of all,
22  on the points about -- or point about, you know,
23  coordinating with other cases, my point in mentioning those
24  in our briefing is that a stay here would not, you know,
25  completely delay progress of important issues here,

Page 41

1  particularly the fact that the Fairfield case is going
2  forward.  It means the progress can be made there, and of
3  course, the allegations in that complaint that are going to
4  be subject to a motion to dismiss before Chief Judge Morris
5  are expressly incorporated by reference in the proposed
6  amended complaint here.  That was only -- that was my point
7  in noting that.  That case is proceeding, so that will also
8  potentially provide the parties guidance here if --
9  depending on the timing.
10        On the -- on the idea of omnibus briefing, you
11  know, right now we don't know.  The Trustee's counsel has
12  represented that they are going to amend -- seek to amend an
13  - what I was told is about a dozen of similar -- these
14  similarly situated cases.  I believe they've done that in
15  one other case so far, but you know, if the Trustee is going
16  to do that, you know, there's nothing stopping the Trustee
17  from proposing amended complaints and the defendants in
18  those cases can see if there's any common issues.  That was
19  my only point that we -- you know, we don't have to
20  completely, you know, lose this time in these related cases.
21        On discovery, I think I need to clarify how prior
22  discussions unfolded.  As I mentioned, the Trustee sent a
23  Rule 2004 subpoena to Standard Chartered in 2009.  We had
24  negotiations with the -- with the Trustee's counsel shortly
25  thereafter and within I believe a month or two produced

11 (Pages 38 - 41)

Page 42

1  documents. We didn't hear from the Trustee until the
2  complaint was filed. Three years after the complaint was
3  filed in 2015, the Trustee's counsel came to us while the
4  extraterritoriality motion was pending, and said we think
5  your Rule 2004 subpoena production was insufficient.
6      And after several negotiations, rather than coming
7  to the Court in the midst of the motion to dismiss on
8  extraterritoriality grounds, we engaged in, you know, good
9  faith meet-and-confers with the Trustee's counsel in 2015
10 and 2016.
11     In that context, and as set forth -- I believe
12 it's Exhibit D to Mr. Foreman's declaration and opposition
13 of our motion -- I set --
14     THE COURT: Correct.
15     MR. FINN: -- forth in 2016, provided the
16 Trustee's counsel with details about what we thought in the
17 Anwar discovery might be -- might be responsive to what we
18 expected the Trustee's request might be, and in order to,
19 you know, move the ball along a little bit while we were
20 waiting for the decision on extraterritoriality.
21     Now, we never -- I made it very clear to Mr.
22 Foreman at the time that we could not flip a switch and
23 produce these materials. What we did is we went back in our
24 -- in our meet-and-confer context and looked at categories
25 that we knew we collected, we knew we produced, but of

Page 43

1  course the discovery in Anwar was not the same. There were
2  different issues, different discovery requests, and we do
3  not have these categories in, you know, a nice little
4  package that we can press send over to the Trustee's counsel
5  and --
6      THE COURT: Can I ask a question, though? Let me
7  just -- I just want to interrupt.
8      MR. FINN: (Indiscernible).
9      THE COURT: Inevitably good faith is going to be
10 an issue in the case, whether the Trustee has to disprove it
11 or you have to prove it, assuming that the Trustee is able
12 to amend the complaint after the 2nd Circuit clarifies the
13 standard. So, why not produce, you know, the information
14 relating to Standard Chartered's good faith?
15     MR. FINN: Your Honor, a couple reasons. First,
16 we don't think that it's appropriate for Standard Chartered
17 to have to bear additional costs after the Trustee had a
18 full opportunity to pursue Rule 2004 discovery and decided
19 not to before filing the complaint and could have done so on
20 the good faith issue.
21     Keep in mind, Your Honor, that this case was
22 actually filed after the Katz decision where Judge Rakoff
23 first explained or set forth the willful blindness standard.
24 It wasn't a secret that good faith was going to be an issue,
25 and the Trustee decided to not pursue discovery then. And

Page 44

1  to come back, you know, eight years later and say now we
2  have to do discovery when we haven't even had a chance to,
3  you know, litigate the sufficiency of a proposed amended
4  complaint that for the first time alleges the absence of bad
5  faith, you know, we think is completely unfair to Standard
6  Chartered.
7      In addition, we do anticipate making, you know,
8  additional arguments in opposition to the amendment,
9  particularly with respect to timing of the amendment,
10 notwithstanding all the proceedings --
11     THE COURT: Uh-huh.
12     MR. FINN: -- that went on. We think based on the
13 timing of the complaint, the Trustee could have and should
14 have alleged if he had a theory back in 2012 the absence of
15 good faith, you know, from the (indiscernible) --
16     THE COURT: Well, he didn't have to do that until
17 2014, right?
18     MR. FINN: Well, Your Honor, as I mentioned, 2011
19 was the Katz case, which did set out in the context of
20 548(c) the good faith standard (inaudible) requiring at
21 least willful blindness. Now, it is true that it wasn't
22 until 2014 because the Trustee continued to pursue cases
23 against subsequent transferees and others notwithstanding
24 the Katz decision that Judge Rakoff had to further elaborate
25 and make it very clear that that applied with respect to

Page 45

1  550(b), and that also required an affirmative duty to plead.
2      But my point is, Your Honor, that the Trustee was
3  alleging at the time, against others, the absence of good
4  faith. The complaint here relies primarily on the
5  production we provided in 2009 in addition to allegations
6  which were cut and paste from plaintiff's lawyer's
7  submissions back in 2012, in 2013 in the Anwar case, so
8  nothing here is really new.
9      In addition to the timing point, Your Honor, we
10 have what we think are independent grounds for dismissal
11 based on the fact that the allegations here don't plausibly
12 allege that any Standard Chartered defendant was actually a
13 transferee of the funds sought to be recovered. And the
14 proposed amended complaint does not plausibly allege that
15 any of the funds received by SBC supposedly were traceable
16 through initial transfers.
17     THE COURT: Uh-huh.
18     MR. FINN: The proposed amended complaint I think
19 bears this out. The proposed amended complaint suggests
20 that by the time of the two-year transfers here, Standard
21 Chartered wasn't purchasing any shares of Fairfield on its
22 own behalf. It was actually its clients who were investing
23 in the fund and the bank was facilitating that, and you
24 know, as alleged, recommending the fund to its clients.
25     But you know, that really disproves any sort of

12 (Pages 42 - 45)

Page 46

1 actual transferee status of any of the named Standard
2 Chartered defendants. So, we think it would be, you know,
3 highly unfair to go forward on discovery, and the discovery
4 being good faith, which of course the Trustee could have
5 asked for documents back in 20 -- 2009 when we were -- and
6 2010 or 2011 when we were actually in the midst of Anwar
7 discovery, and you know, we could have addressed that at
8 that time.
9      So, you know, we --
10     THE COURT:  Did you -- did your client answer in
11 this case or it's just not occurred yet?
12     MR. FINN:  That hasn't occurred yet, Your Honor.
13     THE COURT:  Okay.  All right.  Is there anything
14 else?
15     MR. BECKERLEGGE:  Your Honor, Rob Beckerlegge
16 again if I may.  Just with respect to some of the things
17 that Mr. Finn just said on discovery, in terms of costs, you
18 know, it seems that this is sort of a made-up excuse.  The
19 transcripts from (indiscernible) --
20     THE COURT:  You think -- you think it's going to
21 be free -- you think it's going to be free to do this?
22     MR. BECKERLEGGE:  No, I'm not saying that it's
23 going to be free, Your Honor.  I think the Trustee's --
24     THE COURT:  Okay.
25     MR. BECKERLEGGE:  -- willing to pay for production

Page 47

1 of any transcripts.  And with respect to the documents, you
2 know, they were able to -- they've already been reviewed and
3 produced in another case and are thus -- and they were able
4 to be produced at the time we were having these discussions
5 on a quote, "expedited," basis.
6      Those are their words, not ours.  So, I don't
7 think there are a tremendous amount of costs associated with
8 that.  And there's simply no reason not to produce the
9 documents as they have a -- as they bear on Standard
10 Charter's.  I think Your Honor asked that question at the
11 outset, and I think that is a very reasonable question and
12 it's also -- there's no reason not to produce those
13 documents at this time.
14     THE COURT:  Well, unless you're denied a motion to
15 amend, either before or after the 2nd Circuit rules, then
16 you have no complaint.  Because the first complaint, the
17 original complaint, is clearly insufficient under the
18 existing rules, right?
19     MR. BECKERLEGGE:  Under the -- under -- given the
20 pending rules, yes, but hence the reason for our motion in
21 the first place (indiscernible) to amend.
22     THE COURT:  Okay.  I got it.  Look, I'm going to
23 grant the motion, and what I'm about to say may sound
24 familiar because a lot of it is taken from the brief that
25 the Trustee filed in the RBS case, in which the Trustee

Page 48

1 moved for a stay of its own appeal and the District Court
2 granted it.  The Court has, quote, "brought discretion to
3 stay civil proceedings as an incident to its power to
4 control its own docket," close quote, Clinton v. Jones, 520
5 U.S. 681 at page 706 (1997).
6      Courts have considered five factors in determining
7 whether to grant a stay in a civil action.  They are the
8 private interests of the plaintiffs in proceeding
9 expeditiously as balanced against the prejudice to the
10 plaintiffs if delayed, the private interests of and burden
11 on the defendants in the interests of the Court, the
12 interests of persons not parties to the civil litigation,
13 and the public interest.
14     Stays and civil actions, open quote, "Are
15 particularly appropriate where they promote judicial
16 economy, avoidance of confusion, and possible inconsistent
17 results," close quote, Louis Berger Group, Inc., v. State
18 Bank of India, 802 F.Supp 2d 482, 490 (S.D.N.Y. 2011), and
19 courts in this circuit often stay proceedings when a higher
20 court is close to settling an important issue of law bearing
21 on the action, e.g. Sikhs For Justice v. Nath, 893 F.Supp 2d
22 598, 622 (S.D.N.Y. 2012).
23     The motion to amend should be stayed because the
24 2nd Circuit's decision in related appeals, to wit the
25 Citibank and Legacy appeals, will bind the Court as to those

Page 49

1 controlling issues of law, specifically the Trustee's
2 pleading burden and the subjective versus objective standard
3 of knowledge, and forestall the need for this Court to
4 needlessly expend judicial resources addressing them.
5      The briefing in the Second Circuit on those cases
6 is complete and I'm advised that oral argument has been set
7 for the week of March 8, 2021.  Thus, granting the stay
8 would not only promote judicial economy but also would
9 reduce the risk of inconsistent rulings thereby fostering
10 the orderly administration of justice and minimizing the
11 risk of having to revisit this Court's decision on
12 reconsideration of further appeal.
13     The Trustee has a strong interest in this stay
14 because absent one he would have to needlessly expend
15 resources on simultaneous litigation of identical
16 controlling questions of law in the 2nd Circuit and this
17 Court.  And as the defendant is the movant herein, it's not
18 claiming prejudice.
19     Finally, a stay of the -- of the motion serves the
20 best interest of the non-parties and the public by
21 conserving judicial resources and avoiding the possibility
22 of conflicting decisions.  A stay will serve not only the
23 interests of the Court and the parties but also the
24 interests of non-parties and the public in the orderly and
25 efficient administration of judicial resources.  See Albert v. Blue Diamond

13 (Pages 46 - 49)

Page 50

1  Growers, 232 F.Supp 3d 509, 513 (S.D.N.Y. 2017).

2      I will also stay discovery. I'm not convinced

3  that the costs are minimal or that Standard Chartered should

4  be forced to bear them at this point, particularly depending

5  on the 2nd Circuit's decision, and if it upholds the

6  pleading standards, it may be that the Trustee's case will

7  never proceed any further.

8      In addition, as I mentioned during the argument,

9  I'm a little concerned that this is analogous to pre-

10 complaint discovery where the Trustee will get discovery on

11 the good faith issue and then conceivably move to amend its

12 complaint, particularly if I deny the motion to amend under

13 the existing standards and those standards remain.

14     So, for those reasons, the motion to stay is

15 granted. The motion to stay discovery is granted. As I

16 mentioned earlier, I'm not sure you can use Rule 2004 in

17 this situation anyway, but the parties haven't raised it, so

18 I'm not ruling on it. And Mr. Finn, you can submit an -- a

19 plain, vanilla order. Thank you very much.

20     MR. FINN: Thank you, Your Honor.

21     THE COURT: Thank you.

22

23     (Whereupon these proceedings were concluded at

24 10:58 AM)

25

Page 51

1          I N D E X

2

3          RULINGS

4              Page    Line

5  Motion to Withdraw Granted        25      4

6  Motion to Stay Discovery Granted     50     15

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Page 52

1          C E R T I F I C A T I O N

2

3      I, Sonya Ledanski Hyde, certified that the foregoing

4  transcript is a true and accurate record of the proceedings.

5

6

7

8  Sonya Ledanski Hyde

9

10

11

12

13

14

15

16

17

18

19

20 Veritext Legal Solutions

21 330 Old Country Road

22 Suite 300

23 Mineola, NY 11501

24

25 Date: December 17, 2020

14 (Pages 50 - 52)

**&**

**&** 5:18 7:11 26:2 26:6

**0**

**08-01789** 1:3

**1**

**1,000** 14:23
**10-04752** 2:10 4:11
**10-04889** 1:11 4:1
**10-4469** 8:19
**10004** 2:21
**10022** 5:14,21
**10111** 5:6
**10:00** 20:18
**10:58** 50:24
**10th** 9:11
**11** 18:6
**11501** 52:23
**12-01565** 2:1 4:6
**13th** 11:9
**14** 11:14
**14th** 18:2
**15** 51:6
**16** 2:23
**17** 52:25
**1997** 48:5

**2**

**20** 46:5
**2004** 30:18,23 37:21 41:23 42:5 43:18 50:16
**2009** 30:25 41:23 45:5 46:5
**2010** 12:11 46:6
**2011** 26:21 44:18 46:6 48:18
**2012** 26:13 31:1 32:1 37:2 44:14 45:7 48:22
**2013** 45:7

**2014** 11:14 26:22 32:6 44:17,22
**2015** 38:1 42:3,9
**2016** 38:1 42:10 42:15
**2017** 24:12 50:1
**2020** 2:23 52:25
**2021** 8:21 49:7
**20th** 14:20 15:3,7 15:14,18 16:11 20:18
**21st** 18:2
**232** 50:1
**25** 51:5
**27** 8:21 11:1 14:15
**27th** 12:2 16:19
**28th** 7:24 18:4,5
**2d** 48:18,21
**2nd** 27:4,18 28:2 28:5,8,14,21,23 32:8,16 33:10,18 35:18,22,22 37:12 43:12 47:15 48:24 49:16 50:5

**3**

**3,700** 11:10
**30** 8:17 33:6
**300** 52:22
**31** 10:5
**330** 52:21
**3d** 50:1

**4**

**4** 18:6 51:5
**4,400** 11:8
**4,435** 15:21
**40** 33:6
**45** 5:5
**465** 5:13,20
**482** 48:18
**490** 48:18

**5**

**50** 51:6
**509** 50:1
**513** 50:1
**520** 48:4
**548** 44:20
**550** 45:1
**598** 48:22

**6**

**60** 8:2 23:18,20 24:14,15
**622** 48:22
**672,000** 22:23
**681** 48:5

**7**

**706** 48:5
**7th** 17:23 18:1,2,8 18:19 19:9

**8**

**8** 49:7
**802** 48:18
**893** 48:21
**8th** 27:19 36:9

**9**

**9:59** 2:24

**a**

**abeyance** 27:4
**able** 19:12 43:11 47:2,3
**abn** 28:11
**absence** 26:13,18 29:6 30:14 31:2 44:4,14 45:3
**absent** 49:14
**absolute** 11:13
**absolutely** 13:21 20:16
**accurate** 52:4
**action** 48:7,21
**actions** 9:12 48:14

**actual** 46:1
**add** 21:8
**adding** 38:6
**addition** 44:7 45:5 45:9 50:8
**additional** 9:3 34:3 43:17 44:8
**address** 28:25 31:16 35:2
**addressed** 30:6 35:17 46:7
**addresses** 23:25
**addressing** 49:4
**adhere** 9:14
**adjourn** 10:16,19 20:18
**adjourning** 10:23
**adjournment** 11:4
**administration** 49:10
**adv** 1:11 2:1,10
**adversary** 4:1,6 4:11 7:25 8:18 37:21 38:7
**advised** 49:6
**affect** 29:21
**affirmative** 32:18 35:19 45:1
**afternoon** 20:13
**agenda** 7:16 20:21
**ago** 29:25 36:4 39:6
**agree** 25:2,16 33:2,12
**agreed** 7:24 8:3,6 9:13,14 30:25
**ahead** 7:19 11:7 20:20 26:8
**aid** 38:11,11 39:17
**al** 1:17 2:16 4:4,13 5:12

| | | | |
|---|---|---|---|
| **albert** 49:25 | **anticipate** 28:13 | **argument's** 14:19 | 17:2,4,9 |
| **allegations** 29:7 | 44:7 | **arms** 17:20 | **based** 8:12 9:1 |
| 29:13 33:7 41:3 | **anwar** 29:24 30:4 | **aside** 20:25 | 44:12 45:11 |
| 45:5,11 | 37:25 38:22 42:17 | **asked** 10:16 22:6 | **basically** 13:24 |
| **allege** 26:13,17,25 | 43:1 45:7 46:6 | 46:5 47:10 | 35:19 |
| 30:14 32:1 45:12 | **anyway** 50:17 | **asking** 27:3 | **basis** 13:9 27:8 |
| 45:14 | **apart** 13:17 | **assemble** 20:5 | 38:13 47:5 |
| **alleged** 26:11 30:3 | **apparently** 24:9 | **assertions** 29:19 | **bear** 43:17 47:9 |
| 30:19 44:14 45:24 | 24:11 27:22 | **assistance** 8:15 | 50:4 |
| **alleges** 44:4 | **appeal** 33:18 48:1 | **associated** 47:7 | **bearing** 48:20 |
| **alleging** 31:2 45:3 | 49:12 | **assume** 14:19 | **bears** 45:19 |
| **allocation** 14:21 | **appeals** 11:21,22 | **assuming** 43:11 | **beckerlegge** 5:9 |
| **allow** 11:4 | 12:17 27:11,17,23 | **attempt** 35:14 | 26:1,2 31:14,20 |
| **allowed** 30:17 | 33:24 48:24,25 | **attend** 18:19 | 31:23 32:5,11,20 |
| **alternative** 14:5 | **appear** 22:10 24:8 | **attorney** 5:4,12 | 33:2,12,24 35:7,9 |
| **amend** 26:16 27:4 | **appearance** 23:20 | 5:19 8:11 17:2 | 35:10 36:2,5,10 |
| 30:12 32:18,22 | 24:15 25:7 | 22:11 | 36:15 37:2,5,10 |
| 34:18,22 35:21 | **appearing** 7:12 | **availability** 18:25 | 37:14,19,23 38:8 |
| 37:11 41:12,12 | **appears** 20:25 | 19:1 | 38:10 39:14,24 |
| 43:12 47:15,21 | **append** 37:21 | **available** 16:15 | 40:6,9,12,16 |
| 48:23 50:11,12 | **application** 20:22 | **avenue** 5:13,20 | 46:15,15,22,25 |
| **amended** 28:20 | 27:12 | **avoid** 27:1,6 | 47:19 |
| 29:10 32:21 34:17 | **applied** 10:18 | **avoidance** 48:16 | **began** 8:7 11:9 |
| 37:6,8 38:5 41:6 | 44:25 | **avoiding** 49:21 | **beginning** 34:8 |
| 41:17 44:3 45:14 | **apply** 26:22 30:20 | **aware** 8:12 22:1 | 35:13 |
| 45:18,19 | **applying** 33:7 | 26:10,20 27:10 | **behalf** 7:12 26:6 |
| **amendment** 34:24 | **appreciate** 39:2 | 39:16 | 45:22 |
| 44:8,9 | **approach** 9:16 | | **believe** 19:24 21:3 |
| **amendments** 27:8 | **appropriate** 9:19 | **b** | 21:4 34:12 41:14 |
| **amount** 10:10 | 30:11 43:16 48:15 | **b** 3:1 45:1 | 41:25 42:11 |
| 12:23 13:22 22:22 | **approval** 8:12 | **back** 14:17 15:3,3 | **bell** 6:3 11:6,6,7,8 |
| 47:7 | 38:16 | 15:6,18 30:24 | 12:5 13:25,25 |
| **amro** 28:11 | **approximately** | 31:12 37:19,25 | 14:2,7,9,9,11 |
| **analogous** 50:9 | 8:2,17 22:23 | 38:1,2 42:23 44:1 | 15:12 16:2,5 |
| **analysis** 38:15 | **argue** 33:10 | 44:14 45:7 46:5 | 17:13,23 18:3,4,6 |
| **andrew** 5:23 26:5 | **argued** 28:18 32:9 | **bad** 44:4 | 20:13 |
| **anniversary** 9:11 | **argues** 12:5 28:20 | **baker** 5:3 7:11 | **bench** 33:4 |
| **answer** 22:20 | **arguing** 27:14 | 17:2 26:2 | **benefit** 9:23 |
| 23:22 24:16 40:2 | **argument** 27:19 | **balanced** 48:9 | **berger** 48:17 |
| 40:4 46:10 | 28:15 36:9,13 | **ball** 42:19 | **bernard** 1:7,13 |
| **answered** 16:3 | 49:6 50:8 | **bank** 30:2 45:23 | 2:3,12 4:2,7,12 |
| 40:11 | **arguments** 29:9 | 48:18 | **berns** 21:24 |
| | 44:8 | **bankruptcy** 1:1 | |
| | | 2:19 3:3 13:2 17:1 | |

**bernstein** 3:2 7:2
21:25
**best** 49:20
**better** 25:1
**beyond** 30:18
**bind** 48:25
**bit** 31:24 42:19
**blaming** 12:17
**blanks** 15:14
**blindness** 26:20
27:1 28:21 29:11
43:23 44:21
**blue** 49:25
**bolster** 38:5
**bottom** 13:3 35:18
**bowling** 2:20
**brief** 30:10 47:24
**briefed** 27:18
29:14
**briefing** 27:3
30:11 34:2 40:24
41:10 49:5
**briefly** 29:1
**briefs** 28:6 29:2
**brother** 22:5,13
23:6
**brought** 48:2
**bullish** 34:19
35:10
**burden** 35:23
37:15 39:4,4
48:10 49:2

**c**

**c** 5:1 7:1 44:20
52:1,1
**calendar** 7:21
14:15
**call** 34:4
**called** 21:9
**can't** 10:12 11:3
11:15 12:5 13:3,4
16:8,9 22:10 23:9
24:7

**caproni** 28:12
**carol** 8:18
**case** 1:3 8:18,19
9:5,6,17,21 10:11
12:15 13:1,18
15:22 16:9 17:21
20:9 21:25 22:7
24:25 26:10,17
27:9 28:4,11 29:3
31:25 32:10,13,13
32:14 33:5,21
34:5,10 35:14
36:18,21 38:25
40:5,11 41:1,7,15
43:10,21 44:19
45:7 46:11 47:3
47:25 50:6
**cases** 8:3,3,7,17
9:4,9,18,23 10:5
10:12 12:7,18
13:5,7 14:11,14
15:5,16,21 20:8
26:22 27:5,20
28:7,18 29:4,4,25
30:17 33:6 34:3
35:24 40:23 41:14
41:18,20 44:22
49:5
**casey** 7:2
**categories** 38:22
42:24 43:3
**certain** 38:17
40:10
**certainly** 17:8
**certificate** 24:6
**certified** 52:3
**chaitman** 5:11,16
7:22 8:1 9:3 10:1
10:2 11:17,21,25
12:10 13:6,19
14:15,17 15:5,8
15:14 16:7,12,20
16:25 17:10,16,18

17:22 18:11,14,17
18:22 19:1,15,18
19:24 20:1,5,8,25
21:3,8,12,16,20
21:22 22:2 23:15
24:2,10,19,22
25:1,13,17,22,24
**chaitman's** 9:16
20:22 22:18
**challenges** 35:20
**challenging** 27:11
**chambers** 20:14
25:17
**chance** 40:19 44:2
**charter** 5:19
**chartered** 2:7 4:8
25:24 26:6,18
30:1,22 31:4,24
34:15 36:17 37:1
37:15,24 38:1,12
38:17 39:5 41:23
43:16 44:6 45:12
45:21 46:2 50:3
**chartered's** 38:15
43:14
**charter's** 47:10
**check** 18:23
**checked** 19:1
36:12
**chief** 8:22 41:4
**choice** 13:3,4
**choose** 23:8
**circuit** 13:2 27:19
28:2,5,8,24 32:8
32:13,16 33:11,18
35:18,22,22 36:4
36:8 37:12 43:12
47:15 48:19 49:5
49:16
**circuit's** 27:4
28:14,21 48:24
50:5

**citi** 27:10,10 29:3
**citibank** 27:5,13
27:15 33:10 48:25
**civil** 29:25 48:3,7
48:12,14
**claim** 26:14 30:19
**claiming** 49:18
**claims** 24:13
34:19 35:11
**clarifies** 43:12
**clarify** 16:5 41:21
**clear** 9:21 42:21
44:25
**clearly** 11:23
15:25 27:7 47:17
**clerk** 7:4
**client** 46:10
**clients** 30:1 45:22
45:24
**clinton** 48:4
**close** 48:4,17,20
**closely** 33:16
**collected** 29:24
42:25
**come** 15:3,6,18
44:1
**comedy** 31:8
**comes** 13:24
**coming** 31:12
42:6
**comments** 19:24
**commitment**
11:16
**common** 41:18
**compensation**
12:23
**complaint** 26:12
26:16 28:20 29:1
29:8,11 30:14,18
30:22 31:1 32:1
32:19,21 34:17
35:21 36:24,24,25
37:2,6,8,11 38:5

41:3,6 42:2,2
43:12,19 44:4,13
45:4,14,18,19
47:16,16,17 50:10
50:12
**complaints** 9:12
11:10 12:12 27:14
27:16 41:17
**complete** 10:17,24
11:5 49:6
**completed** 9:8
**completely** 34:14
36:18 40:25 41:20
44:5
**complex** 39:18
**component** 36:19
**conceded** 28:7
**conceivably** 50:11
**concerned** 12:24
39:15 50:9
**concerning** 38:14
38:15
**concerns** 39:11
**concluded** 9:5
50:23
**conclusion** 19:16
**conclusory** 36:22
**conduct** 7:25
**conducted** 8:9
**confer** 42:24
**conference** 4:4
7:21 8:21 9:7 12:2
16:18,18
**conferences** 18:13
**confers** 42:9
**confirmed** 26:21
**conflicting** 49:22
**confusion** 48:16
**connection** 38:18
**consensual** 23:16
**consent** 10:16
11:3 34:21

**consented** 25:18
34:16
**consenting** 34:23
**consequences**
15:24 25:8
**conserve** 28:9
**conserving** 49:21
**consider** 35:25
**considered** 48:6
**consuming** 33:1
33:13 39:18
**contested** 29:13
**context** 42:11,24
44:19
**continuation**
13:17
**continue** 9:22
10:5 13:15 14:3
15:13 17:15 18:9
38:25
**continued** 44:22
**continues** 34:9
**control** 48:4
**controlling** 49:1
49:16
**convince** 23:9
**convinced** 33:5
50:2
**coordinate** 19:8
**coordinating**
40:23
**coordination** 34:4
**copy** 20:14 23:23
**corporation** 22:10
**correct** 20:1 22:14
24:1 37:6 42:14
**corresponding**
9:15
**costs** 43:17 46:17
47:7 50:3
**counsel** 4:14 8:2
17:1,4,9 22:3
23:19 24:9 41:11

41:24 42:3,9,16
43:4
**country** 52:21
**couple** 11:2 35:2
43:15
**course** 16:14 29:9
41:3 43:1 46:4
**court** 1:1 2:19 7:2
7:5,14,17,19,23
9:13,25 11:7,25
12:14,17 13:2,2
13:10 14:1,10
15:11 16:2,6,16
16:22 17:8,12,14
17:17,19,25 18:5
18:7,15,18,23,25
19:4,10,15,19,25
20:2,7,14,17,20
20:24 21:6,11,13
21:18,24 22:9,15
22:24 23:2,5,11
23:14 24:3,5,21
24:23 25:3,16,20
25:23 26:4,8,9,20
27:10,15 28:12
29:5,15 30:17
31:4,11,13,19,22
32:3,6,15,24 33:3
34:1,23 35:4,8,16
36:3,7,11,23 37:3
37:7,11,17,20
38:4,9 39:12,13
39:21 40:3,7,10
40:15,17,19 42:7
42:14 43:6,9
44:11,16 45:17
46:10,13,20,24
47:14,22 48:1,2
48:11,20,25 49:3
49:17,23 50:21
**courts** 48:6,19
**court's** 27:12,25
49:11

**creamona** 7:15
**cremona** 5:8 7:11
7:11,20 14:2,6,8
16:5,21 18:24
19:5,6,14,21,21
20:12,16,19,20,21
22:23 23:15 24:3
24:4,18,20 25:5
25:12,14,19
**cremona's** 10:2
**cromwell** 5:18
26:6
**current** 37:3,4
**currently** 8:21
**customers** 14:22
**cut** 45:6

**d**

**d** 7:1 42:12 51:1
**date** 12:2 17:23
17:23 18:9,19
36:13 52:25
**dates** 18:3
**day** 11:8 15:21
16:9,24 18:13
20:3
**days** 11:11 23:18
23:20 24:14,15
**days'** 23:21
**deal** 16:16
**debtor** 1:9
**december** 2:23
13:21 52:25
**decide** 23:12
28:24 33:4
**decided** 28:3
29:14 36:4 43:18
43:25
**decides** 37:12
**decision** 11:12,21
16:1 20:11 27:5
28:8,14,21 31:6,8
32:6 33:6 42:20
43:22 44:24 48:24

49:11 50:5

**decisions** 26:21
27:12 49:22

**declaration** 29:23
42:12

**defendant** 45:12
49:17

**defendants** 1:18
2:8,17 8:10 12:18
15:22 26:7,19
31:23 33:15 41:17
46:2 48:11

**defendant's** 8:1

**defense** 32:18

**defenses** 35:19

**delay** 28:14 40:25

**delayed** 48:10

**delays** 12:12,15
12:18

**demonstrate**
36:17

**demonstrates**
29:12 30:5

**denied** 10:20
47:14

**deny** 50:12

**dep** 39:12

**depending** 11:20
19:11 37:11 41:9
50:4

**deposition** 39:12
39:14

**depositions** 39:23
40:1,8

**desire** 40:8

**despite** 8:23

**details** 42:16

**determining** 48:6

**detrimental** 40:14

**devices** 7:8

**diamond** 49:25

**dictating** 9:17

**didn't** 12:7 21:7
35:12 36:13 42:1
44:16

**different** 34:23
36:1 43:2,2

**difficulty** 19:3

**diligence** 38:16

**direct** 15:14 24:19
24:20

**directed** 25:15

**directly** 38:22

**disagree** 29:12

**discovery** 24:12
30:4,8,13,15,18
30:18,23 36:16
37:16 38:4,6,9,11
39:18,22,22 41:21
42:17 43:1,2,18
43:25 44:2 46:3,3
46:7,17 50:2,10
50:10,15 51:6

**discretion** 48:2

**discuss** 13:16

**discussed** 7:24
23:5

**discussion** 15:13

**discussions** 9:1
41:22 47:4

**dismiss** 34:17
41:4 42:7

**dismissal** 8:13
45:10

**dismissed** 22:5
29:5 31:5,9

**dismissing** 27:13
27:15

**dismissive** 34:19

**dispositive** 27:9
28:1 32:13

**disprove** 43:10

**disproves** 45:25

**dispute** 26:15

**distribute** 14:21

**district** 1:2 12:16
13:2 28:12 48:1

**docket** 48:4

**document** 39:16
39:22

**documents** 37:24
38:3,13,14,20,22
39:3,5,6 40:5 42:1
46:5 47:1,9,13

**doesn't** 14:3
16:22 22:19 30:14
32:17 35:8,9

**doing** 10:22 11:2
18:2 27:5 28:8

**don't** 7:6 10:12,22
11:3,14 13:12
15:1,20,20 16:23
17:19 18:7,15
19:2 21:3,4,4
26:14 27:24 30:15
32:18 33:11 35:1
35:20 37:21 41:11
41:19 43:16 45:11
47:6

**dozen** 41:13

**draft** 19:22 25:14

**drafted** 25:2

**due** 19:23 38:15

**dunk** 33:3

**duplicative** 27:6

**duty** 45:1

**e**

**e** 3:1,1 5:1,1 7:1,1
22:15 23:25 51:1
52:1

**e.g.** 48:21

**earlier** 7:23 50:16

**economy** 32:9
48:16 49:8

**ecro** 3:5

**efficiency** 28:9

**efficient** 34:21
49:25

**effort** 26:19

**eight** 11:16,20
14:12 15:5,15
44:1

**either** 13:5 19:12
27:21 34:21 47:15

**elaborate** 44:24

**electronic** 7:8

**eliminate** 39:25

**encompassed**
38:20

**engage** 37:12

**engaged** 8:10 42:8

**enormous** 13:22

**enter** 22:21 23:16

**entered** 8:20 14:4

**entering** 23:22
24:17

**entirely** 34:7
39:24 40:12

**entities** 31:5

**established** 7:25

**estate** 1:17 4:3

**et** 1:17 2:16 4:4,13
5:12

**evaluation** 38:16

**event** 12:6 16:14
23:19 25:6

**evidence** 28:23
29:17,18

**exam** 37:21

**excerpt** 30:4

**exchanged** 19:22

**excuse** 24:22
33:13 46:18

**excused** 25:23

**exhibit** 42:12

**exhibits** 20:6,10

**existing** 47:18
50:13

**expect** 15:1
**expected** 42:18
**expedited** 38:13
  47:5
**expeditiously**
  9:23 48:9
**expend** 49:4,14
**explain** 22:18
**explained** 9:8
  10:11 25:9 43:23
**expressly** 26:19
  41:5
**extension** 11:24
**extent** 8:5
**extraneous** 7:8
**extraterritoriality**
  31:6 42:4,8,20

**f**

**f** 3:1 17:11 18:17
  52:1
**f.supp** 48:18,21
  50:1
**facilitating** 45:23
**fact** 30:6 32:20
  39:11 41:1 45:11
**factors** 48:6
**facts** 20:9 38:6
**factual** 33:7
**faded** 29:19
**failed** 8:17
**fails** 26:14
**failure** 29:5
**fairfield** 26:12,24
  27:21 34:5 38:17
  38:19 41:1 45:21
**fairly** 20:6
**faith** 26:13,18,21
  27:7,12,23 28:1,3
  29:6 30:15 31:2
  32:2 42:9 43:9,14
  43:20,24 44:5,15
  44:20 45:4 46:4
  50:11

**fallen** 21:10
**familiar** 32:3
  47:24
**family** 2:16 4:13
  22:1,16 23:20
**far** 13:16 22:7
  33:21 35:15 41:15
**fashion** 19:7
**february** 11:14,16
  14:13 15:6,15
  16:14 18:4
**fees** 38:17
**fell** 21:22 31:8
**fictitious** 15:23
**file** 24:5
**filed** 7:16 12:12
  23:19 26:12 31:1
  42:2,3 43:22
  47:25
**filing** 9:11 30:22
  43:19
**fill** 15:14
**final** 8:20 9:6
  16:17,18 18:12
  19:19
**finally** 25:20,24
  49:19
**financial** 2:7 4:8
  25:25
**fine** 7:19 13:15
**finish** 35:4
**finn** 5:23 26:5,5,8
  26:9 31:7,12,16
  35:2,5,6 39:2
  40:18,19,21 42:15
  43:8,15 44:12,18
  45:18 46:12,17
  50:18,20
**fired** 24:13
**firm** 7:22 10:7
**first** 7:20 12:11
  17:4,18 18:8
  26:17 31:17 33:20

40:21 43:15,23
  44:4 47:16,21
**five** 23:7 48:6
**flip** 42:22
**florida** 17:10
**focus** 39:3
**following** 11:11
**forced** 50:4
**foreclose** 40:13
**foregoing** 52:3
**foreman** 42:22
**foreman's** 42:12
**foremost** 31:17
**forestall** 49:3
**former** 30:1
**forth** 29:2,9,17
  30:5 38:2 42:11
  42:15 43:23
**forward** 11:18
  15:8 16:10 28:19
  34:10 38:25 41:2
  46:3
**fostering** 49:9
**four** 11:20 39:6
**free** 20:4 46:21,21
  46:23
**frees** 17:6
**friday** 11:9,11
  15:25 20:13
**front** 21:4
**full** 12:23 43:18
**fully** 9:5,8 14:22
  27:18 30:6
**fund** 45:23,24
**funds** 38:17,19
  45:13,15
**furr** 17:11 18:16
**further** 11:23
  34:3 44:24 49:12
  50:7
**futility** 34:25
**future** 12:25
  35:17,18

**g**

**g** 7:1
**gattegno** 21:1,5,6
  21:20,21,24 22:4
  22:14 23:1,4,8,12
  23:24 24:12 25:8
  25:9
**general** 29:20
**generally** 16:24
  30:17
**getting** 33:9 36:11
**give** 21:12 40:19
**given** 9:11,20 10:9
  30:13 47:19
**go** 7:19 11:7 14:3
  14:17 15:3 16:10
  20:20 24:9 26:8
  33:17 46:3
**goes** 11:21 17:6
**going** 13:5 14:21
  15:22 19:6 20:3
  21:16 22:9,20,21
  22:24 23:14,15
  27:7 29:13,21
  33:6 35:25 37:19
  37:25 38:5,14
  39:22 41:1,3,12
  41:15 43:9,24
  46:20,21,23 47:22
**good** 7:14 10:1
  26:1,4,5,13,18,21
  27:7,12,23,25
  28:3 29:6 30:14
  31:2 32:1 42:8
  43:9,14,20,24
  44:15,20 45:3
  46:4 50:11
**grant** 22:18 47:23
  48:7
**granted** 23:18
  25:4 48:2 50:15
  50:15 51:5,6

| granting 49:7 | holiday 15:1,7 | imagine 19:2 | investing 45:22 |
|---|---|---|---|
| green 2:20 22:12 | hon 3:2 | impasse 8:25 | investment 1:7,14 |
| 24:12 | honor 7:18,21,22 | important 40:25 | 2:4,13 4:3,8,13 |
| greens 21:1 23:25 | 8:5,9,12,19,23 | 48:20 | investments 38:18 |
| 25:7 | 9:18 10:1,6,21 | importantly 39:8 | involves 33:6 |
| grounds 23:22 | 11:6 12:10 13:25 | inability 38:25 | involving 27:21 |
| 34:24 42:8 45:10 | 14:6,7,9,20 15:6 | inadvertently | 30:1 |
| group 48:17 | 15:12,19 16:21 | 21:22 | irving 1:13 2:3,12 |
| growers 50:1 | 17:13,24 18:24 | inaudible 32:4 | 4:1,6,11 5:4 7:12 |
| guess 12:8 13:3 | 19:6,21 20:16,19 | 44:20 | issue 12:3 18:12 |
| 18:20 | 21:3 22:23 24:4 | incapable 10:22 | 20:10 21:25 27:7 |
| guidance 41:8 | 24:18,22 25:12 | incident 48:3 | 27:7,23 28:1,2,3 |
| **h** | 26:1,5,9 28:6,25 | inconsistent 48:16 | 29:14,16 32:25 |
| h 1:13 2:3,12 4:1 | 29:2,17 30:9,13 | 49:9 | 43:10,20,24 48:20 |
| 4:6,11 | 31:3,7,15,21 | incorporated 41:5 | 50:11 |
| half 17:20 | 32:11,12,21 33:12 | indefinitely 12:25 | issues 12:20,21,25 |
| happen 15:2 | 33:18 34:6,14,20 | 19:16 | 29:20 30:3,6 34:1 |
| happens 18:10 | 35:2,7 36:5,16 | independent | 36:3 40:25 41:18 |
| 19:12 | 37:6,14,23 38:23 | 45:10 | 43:2 49:1 |
| happy 7:17 19:7 | 39:14 40:13,18,21 | india 48:18 | item 7:20 20:21 |
| 39:10 | 43:15,21 44:18 | indicated 9:18 | items 15:17 |
| hasn't 30:20 | 45:2,9 46:12,15 | 36:20 | it's 10:21 11:2 |
| 46:12 | 46:23 47:10 50:20 | indiscernible 16:4 | 12:10,10 13:1,10 |
| haven't 14:23 | hopeful 40:4 | 18:22 31:3,13,14 | 13:11,12,14 14:6 |
| 19:1 22:16 23:6 | hopefully 14:16 | 32:10,23 33:25 | 14:8 16:17 17:10 |
| 36:25 44:2 50:17 | 15:17 28:2 | 36:10 37:8 40:11 | 18:11 19:2 20:6 |
| headed 34:15 | hospital 10:8 | 43:8 44:15 46:19 | 21:13 22:11,19 |
| hear 17:19 42:1 | hostetler 5:3 7:12 | 47:21 | 24:14 26:2 34:7 |
| heard 7:8 22:16 | 17:2 26:2 | individual 27:2 | 35:24 39:1,19,24 |
| hearing 4:1,6,11 | hotly 29:13 | inevitably 43:9 | 42:12 43:16 46:11 |
| 7:15,16 8:6 14:20 | huh 11:25 15:11 | information 29:23 | 46:20,21,22 47:12 |
| 15:13 | 17:12 31:11,22 | 43:13 | 49:17 |
| heavily 32:24 | 40:15 44:11 45:17 | initial 26:23 45:16 | i'd 10:2 |
| 34:13 | hurkin 8:4,11,16 | insufficient 42:5 | i'll 7:10 28:25 |
| helen 5:16 10:2 | 9:1 15:4 19:8 | 47:17 | i'm 12:17,24 13:6 |
| here's 23:14 | hyde 4:25 52:3,8 | intends 16:13 | 16:2 21:16 22:20 |
| he's 24:23 28:7 | **i** | interest 24:24 | 23:14,15 28:25 |
| higher 32:23 | iceberg 33:20 | 48:13 49:13,20 | 31:19 32:3 33:4 |
| 48:19 | idea 16:13 28:22 | interests 48:8,10 | 36:12,13 46:22 |
| highly 46:3 | 41:10 | 48:11,12 49:23,24 | 47:22,23 49:6 |
| hire 23:12 | identical 49:15 | interfere 7:9 | 50:2,9,16,18 |
| hold 27:3 | ignores 29:3 | interrupt 43:7 | i've 20:24 25:8 |
| | | | 33:4 36:23 |

Page 8

**j**

**j** 5:8
**january** 8:21 9:7
  11:16 12:2 14:13
  14:20 15:6,15
  16:11,13,18 17:5
  17:18,23 18:1,8
  18:19 19:9 20:18
**jones** 48:4
**judge** 3:3 7:2 8:4
  8:11,16,22 9:1
  10:14,19 11:11,23
  12:3,8 13:4 15:4
  15:25 16:13,16
  19:8 20:10 21:24
  21:25 26:21 27:11
  27:14 28:12 29:25
  30:7 32:4,16 34:6
  35:23 41:4 43:22
  44:24
**judges** 30:7
**judgment** 22:21
  22:25 23:22 24:17
**judicial** 28:9 32:8
  48:15 49:4,8,21
  49:25
**judicially** 34:20
**june** 8:8
**justice** 48:21
  49:10

**k**

**kamenstein** 8:18
  9:5 10:10,17,19
  10:24 11:4,21
  13:1,8,15,18,20
  14:16 15:9 17:3,6
  17:15 18:1,8,10
  19:16,20
**kamensteins**
  16:25 17:11
**katson** 30:7
**katz** 43:22 44:19
  44:24

**keep** 19:12 33:9
  43:21
**kevin** 6:3 11:6
  13:25 14:7,9
**key** 36:18
**kick** 11:19 33:20
**knew** 42:25,25
**know** 8:12 11:2
  11:18,25 12:5,6
  12:22,25 13:14
  15:9,21,24 16:23
  17:17,20 18:12,18
  18:18 19:11 20:3
  20:7,9,24 22:7
  23:4 25:4 26:24
  28:17 32:25 33:5
  34:2,10 35:7 36:1
  36:8,11,13,16,25
  37:18,21 38:7,12
  38:24 40:22,24
  41:11,11,15,16,19
  41:20 42:8,19
  43:3,13 44:1,3,5,7
  44:15 45:24,25
  46:2,7,9,18 47:2
**knowledge** 24:11
  37:1 49:3
**known** 15:23
**knows** 10:6 34:6
**kuntzman** 2:16
  4:13 5:12 20:22
  22:1,16,19 23:20

**l**

**l** 1:7,13 2:3,12 4:2
  4:7,12
**lack** 32:1 34:24
**lacks** 36:18,21
**laid** 15:25
**law** 9:21 22:5,13
  23:6 33:7,8 48:20
  49:1,16
**lawyer** 22:19 23:3
  23:7,12,19

**lawyers** 24:8
**lawyer's** 45:6
**learned** 24:9 38:6
**leave** 24:7 25:4
  32:22 34:18,22
**ledanski** 4:25 52:3
  52:8
**left** 11:1
**legacy** 27:5,11,13
  27:16 29:3 33:10
  48:25
**legal** 52:20
**legally** 30:19
**letter** 37:16
**let's** 14:19 15:13
  15:13 18:8 21:11
  23:21
**level** 13:2
**liability** 11:13
**limited** 37:16
**line** 13:3 35:18
  51:4
**liquidation** 1:13
  2:3,12 4:2,7,12
  11:8
**litigate** 44:3
**litigated** 32:25
  34:13
**litigating** 27:25
**litigation** 27:6
  37:13,25 39:10
  48:12 49:15
**little** 31:24 42:19
  43:3 50:9
**live** 11:10 17:11
**llc** 1:7,14 2:4,13
  2:16 4:3,8,13,13
  20:22 21:2,15
  22:1,2,6,10,10,16
  22:19,24 23:3,20
  23:23 24:8,10,14
**llp** 5:3,11,18 7:22
  8:1

**long** 23:2 37:25
  38:24
**look** 16:10 24:24
  47:22
**looked** 20:24 33:4
  36:23,23 42:24
**loose** 31:24
**lose** 41:20
**loser** 9:24 26:23
**losers** 11:14,19
  12:22 14:24
**loss** 29:17,18
**lost** 12:21 28:23
**lot** 12:9,14,15,16
  20:9 35:9 36:7
  47:24
**louis** 48:17

**m**

**m** 3:2
**maas** 30:7
**madoff** 1:7,14 2:4
  2:13 4:2,7,12 7:10
  38:14
**madoff's** 26:24
**magistrate** 30:7
**mail** 22:15 23:25
**making** 44:7
**managing** 21:15
  22:6
**mann** 11:11 15:25
  20:11
**march** 27:19 36:9
  49:7
**marketing** 38:18
**marrero** 29:25
  30:7
**massive** 10:10
  13:21 20:6
**materials** 38:19
  42:23
**matter** 1:5 7:7
  20:23 23:3,18
  25:10 28:22

matters 7:13
mean 13:4 20:6
  23:6,10 33:23
  36:1
means 28:5 41:2
mediate 12:7 13:5
  13:7 16:9
mediating 8:7
mediation 8:4
  9:14,22 10:4,6
  13:8,13,14,15,17
  14:17 17:3,15
  18:1,20
mediations 4:4
  7:22,25 8:10 9:4
  10:17,25 11:5,17
  12:1 13:22 14:4
  15:2 16:8,10,12
  18:1,20 19:11
mediator 9:9
  10:11 14:12 15:16
medication 8:18
medications 11:1
meet 10:13 26:19
  34:12 42:9,24
meets 28:20 29:11
  32:22,22
member 25:9
members 21:1,14
memories 29:20
mentioned 9:6
  28:15 41:22 44:18
  50:8,16
mentioning 40:23
merely 33:17
merit 36:18,21
middle 13:8
midst 42:7 46:6
mind 43:21
mineola 52:23
minimal 50:3
minimizing 49:10

minimum 12:1
money 11:15
monitoring 38:16
month 13:21
  41:25
months 9:10
  10:24 11:3,20
  16:23
morning 7:14
  10:1 26:1,4,5
morris 8:22 10:15
  10:19 11:11,23
  12:3,8 13:4 15:25
  16:13,17 20:10
  34:6 41:4
motion 4:9,14
  10:19 12:16 14:21
  22:18 23:17 27:4
  30:12 32:22 34:18
  34:22,25 41:4
  42:4,7,13 47:14
  47:20,23 48:23
  49:19 50:12,14,15
  51:5,6
movant 49:17
move 11:18 12:19
  13:9,18 24:16
  28:19 34:10,22
  35:14 38:25 42:19
  50:11
moved 26:16
  34:17 35:11 48:1
movement 14:25
moving 15:8
  34:23
mute 7:7

**n**

n 5:1 7:1 51:1
  52:1
name 17:11 18:16
named 46:1
names 7:6

nath 48:21
nearly 30:21
necessary 10:10
  37:9
need 25:6 27:6
  39:25 41:21 49:3
needlessly 49:4,14
needs 17:20
negotiations 38:1
  41:24 42:6
nelson 11:12
net 9:24 11:14,19
  12:22 14:24 26:23
never 31:1 42:21
  50:7
new 1:2 2:21 5:6
  5:14,21 14:18
  15:10 23:19 45:8
nice 43:3
nicholas 5:8 7:11
  19:21
night 9:2 14:14
nobody's 32:9
  37:20
non 19:17 49:20
  49:24
noted 28:6
notice 23:21 24:15
  25:6
noting 41:7
notwithstanding
  28:17 44:10,23
number 8:19
  11:15 14:11 35:13
numerous 8:10,13
ny 2:21 5:6,14,21
  52:23

**o**

o 3:1 7:1 52:1
object 10:23
objective 35:24
  49:2

obviously 13:13
  16:8 17:5 35:11
  36:25
occurred 46:11,12
october 26:17
oh 21:8,22
okay 7:20 16:25
  19:10,18,25 20:24
  21:6,17,22 22:24
  23:11 24:5,17
  25:16,20 26:8
  31:13 32:5 35:6
  46:13,24 47:22
old 52:21
omnibus 34:2
  41:10
once 20:2 28:2,3
  29:14
ongoing 38:16
open 48:14
operative 26:12
  30:14 31:25
opinion 13:9
opportunity
  43:18
oppose 34:22
opposed 34:18
opposing 34:24
opposition 29:10
  42:12 44:8
option 12:13
oral 27:19 28:15
  49:6
order 7:16 8:20
  14:4 19:19,22,23
  20:2 23:16,16,17
  23:21,24 24:6,16
  25:2,6,14,18
  35:14 42:18 50:19
ordered 8:5 9:14
orderly 49:10,24
original 36:24
  47:17

| | | | |
|---|---|---|---|
| **ostensibly** 22:2 | **passes** 34:9 | **positions** 28:18 | **probably** 12:8 |
| **outset** 47:11 | **paste** 45:6 | **possession** 15:24 | 32:18 35:20,25 |
| **overall** 8:13 | **pause** 21:19 | **possibility** 33:24 | **problem** 13:19 |
| **oversaw** 30:8 | **pay** 39:10 46:25 | 40:13 49:21 | 22:9,17 |
| **overstates** 29:6 | **pending** 8:2 12:25 | **possible** 9:23 | **proc** 1:11 2:1,10 |
| **p** | 19:16 27:4 28:8 | 33:21 34:7 39:24 | **procedural** 9:17 |
| **p** 5:1,1 7:1 | 36:25 39:23 42:4 | 48:16 | **procedures** 8:7 |
| **pace** 9:17 | 47:20 | **possibly** 35:15 | **proceed** 7:17 8:4 |
| **package** 43:4 | **perfectly** 13:6 | **posture** 9:17 | 9:1 10:12 16:7 |
| **page** 33:6 48:5 | **period** 9:10 | **potential** 29:16,18 | 19:7 30:16 37:15 |
| 51:4 | **permitted** 8:5 | **potentially** 28:1 | 50:7 |
| **paid** 14:22 38:17 | **persons** 48:12 | 41:8 | **proceeded** 27:22 |
| **paper** 39:22 | **petition** 34:1 | **power** 48:3 | **proceeding** 4:1,6 |
| **papers** 20:25 | **phone** 21:5,7,9,13 | **practical** 14:2 | 4:11 7:16 8:19 |
| 33:15,19 34:2 | **phones** 7:7 | 28:4 | 11:9,10 37:22 |
| 36:20 | **picard** 1:13 2:3,12 | **practice** 12:16 | 38:9 41:7 48:8 |
| **paralegals** 10:7 | 4:2,7,12 5:4 7:12 | 34:25 | **proceedings** 8:1 |
| **park** 5:13,20 | 25:24 | **pre** 8:20,20 9:7 | 9:21 29:24 30:4 |
| **part** 25:3 32:21 | **place** 10:14 47:21 | 12:2 13:19 16:17 | 44:10 48:3,19 |
| 37:1 | **plain** 50:19 | 16:18 18:12 19:19 | 50:23 52:4 |
| **participated** | **plaintiff** 1:15 2:5 | 19:22 20:2 30:18 | **process** 8:14 9:15 |
| 24:11 | 2:14 | 38:7,7 50:9 | 9:22 10:4,21 |
| **participating** 17:4 | **plaintiffs** 48:8,10 | **prefers** 7:18 | 33:13 |
| 25:10 | **plaintiff's** 45:6 | **prejudice** 28:10 | **produce** 38:13,14 |
| **particular** 13:13 | **plausibly** 45:11 | 34:9 48:9 49:18 | 39:5 42:23 43:13 |
| 15:16 29:5 | 45:14 | **prejudiced** 32:9 | 47:8,12 |
| **particularized** | **played** 31:24 | **prejudicial** 33:14 | **produced** 29:24 |
| 20:9 | **plaza** 5:5 | 39:1,19 | 30:25 37:24 38:21 |
| **particularly** | **plead** 29:6 32:17 | **preparation** 10:8 | 39:7 41:25 42:25 |
| 13:20 26:22 30:21 | 45:1 | 10:14 13:20 | 47:3,4 |
| 41:1 44:9 48:15 | **pleading** 35:19,23 | **prepare** 10:10 | **production** 30:25 |
| 50:4,12 | 49:2 50:6 | **prepared** 18:19 | 38:2 39:10,17,25 |
| **parties** 7:24 8:3,7 | **please** 7:3 20:15 | **present** 6:1 18:14 | 40:5 42:5 45:5 |
| 8:15,25 9:13,14 | **pled** 37:1 | 23:21 | 46:25 |
| 29:21 41:8 48:12 | **point** 13:9 15:19 | **press** 43:4 | **proffer** 15:5 |
| 49:20,23,24 50:17 | 19:9 35:11 40:22 | **pretrial** 10:14 | **proffered** 14:12 |
| **parties'** 27:25 | 40:23 41:6,19 | **primarily** 12:12 | **profits** 15:23 |
| 28:9 | 45:2,9 50:4 | 31:8 45:4 | **progress** 8:23 |
| **partners** 22:6 | **points** 35:3 40:22 | **principal** 28:19 | 12:4 14:16 15:18 |
| **party** 28:10 | **portion** 31:8 | **prior** 28:17 41:21 | 40:25 41:2 |
| **passage** 29:20 | **posed** 16:3 | **prioritize** 8:3 | **promote** 28:9 |
| **passed** 9:11 | **position** 9:9,20 | **private** 48:8,10 | 48:15 49:8 |
| | 34:14,20 | | |

promoted 32:8
proposal 15:11
propose 7:16 17:3
proposed 9:16
  23:21,24 27:8,19
  28:20 29:7,8,10
  32:21 34:16 37:6
  37:16 41:5 44:3
  45:14,18,19
proposing 41:17
protocols 7:24
prove 43:11
provide 23:17
  41:8
provided 42:15
  45:5
public 48:13
  49:20,24
pull 15:8
purchasing 45:21
pursue 43:18,25
  44:22
pushing 12:24
put 12:5 14:14
  15:5 29:9,17 30:5
putting 19:13,15

**q**

question 12:11
  14:2,2 16:3 32:7
  34:4 40:2,4 43:6
  47:10,11
questions 40:10
  49:16
quote 38:13 47:5
  48:2,4,14,17

**r**

r 3:1 5:1 7:1 17:11
  17:11 18:17,17
  52:1
raised 34:1 37:20
  50:17
rakoff 27:14
  32:16 35:23 43:22

44:24
rakoff's 26:21
  27:12
rbs 32:10 47:25
reached 8:16,24
  17:2
read 33:16
ready 17:14 34:10
  38:12
real 29:18 32:6,7
really 26:15 29:22
  32:10 36:19 45:8
  45:25
reason 10:18
  28:13 47:8,12,20
reasonable 47:11
reasons 12:15
  22:12 28:19 30:9
  30:10 33:14 43:15
  50:14
recall 7:23
receive 19:24
received 12:22
  30:24 45:15
recommendation
  14:17
recommending
  45:24
reconsideration
  33:25 49:12
record 52:4
recorder 7:3,4
recover 26:11
  27:1
recovered 45:13
reduce 14:23 49:9
reference 12:20
  41:5
reflect 8:6
refused 10:18
regardless 14:4
  32:20

reiterated 11:12
rejected 11:23
related 29:20 34:2
  39:9 41:20 48:24
relating 43:14
relative 40:10
relevant 38:21,23
relies 45:4
rely 10:7
remain 9:10 50:13
remaining 7:25
  9:4,18 10:12 13:7
  14:14 19:11
remanded 35:25
remind 7:5
representation
  22:8
represented 22:11
  41:12
representing 22:2
  24:10
request 42:18
requested 21:5
requests 43:2
require 34:3
required 19:23
  45:1
requirement
  26:25
requirements
  10:13
requiring 44:20
reschedule 17:25
resolution 13:1
resolve 9:22 17:5
resolved 15:21
  18:11 27:23
resolves 28:2
resources 27:25
  28:10 49:4,15,21
  49:25
respect 29:1,16
  30:3,13 31:20

36:15,15 38:19
  44:9,25 46:16
  47:1
respond 10:2
  40:20
response 31:16
  32:12
responsibility
  21:15
responsive 42:17
results 33:18
  48:17
retain 22:19 23:3
  24:7
retained 17:1 39:3
retaining 29:23
reverses 35:18
review 38:15
reviewed 38:21
  39:7 47:2
revisit 12:3 49:11
right 12:19 14:1
  16:2,6,22 17:25
  18:7,11,15 19:4
  20:17,20 21:17,18
  23:2,14 24:21
  25:11 27:14 32:19
  35:23 36:11 37:1
  37:5,10 40:12,17
  40:17 41:11 44:17
  46:13 47:18
risk 49:9,11
road 8:25 33:21
  35:14 52:21
rob 46:15
robert 1:17 4:3
  17:11
robertson 5:9
  26:2
rockefeller 5:5
round 24:9
rule 28:5 30:18,20
  30:23 41:23 42:5

43:18 50:16

**rules** 18:21 37:4
47:15,18,20

**ruling** 11:12
50:18

**rulings** 27:13 49:9
51:3

**running** 37:25

**S**

**s** 5:1 7:1

**s.d.n.y.** 48:18,22
50:1

**sake** 14:19

**sales** 38:18

**satisfaction** 30:6

**satisfied** 14:23

**savin** 4:4

**saying** 22:15 39:2
39:21 46:22

**says** 32:8,16 35:22

**sbc** 45:15

**schedule** 8:5 9:3
12:1 15:20 16:12
17:7 18:1,8,9 19:8
19:10,13

**scheduled** 7:15
8:21 9:6 15:2,17
36:8

**scheduling** 8:20
19:23

**scheme** 26:24

**season** 15:1

**second** 21:12
29:16 32:13 33:25
49:5

**secret** 43:24

**securities** 1:7,14
2:4,13 4:3,8,13

**see** 14:25 18:10
19:9 21:7 32:7
35:1 36:13 41:18
49:25

**seek** 34:8 35:12
35:14 41:12

**seeking** 22:22
26:10,17 28:12
37:17,22,23

**send** 20:14 23:23
24:5 25:17,17
43:4

**sense** 17:8 27:24
35:9

**sent** 22:15 34:6
41:22

**sentry** 26:12,24

**serve** 25:15 49:22

**served** 24:6

**serves** 8:1 49:19

**service** 24:6

**services** 2:7

**sessions** 8:11

**set** 10:14 11:17,17
15:13 16:7,9 17:3
29:2 42:11,13
43:23 44:19 49:6

**settle** 23:16

**settled** 10:5

**settlements** 8:16

**settling** 48:20

**seven** 23:21

**shares** 45:21

**shervyn** 1:17 4:3

**she's** 16:7 25:9,9

**shortly** 30:25
41:24

**sides** 13:16

**signal** 33:16,19

**significant** 26:23

**sikhs** 48:21

**similar** 41:13

**similarities** 29:3

**similarly** 27:20
40:5 41:14

**simple** 25:3

**simply** 10:21 19:6
27:22 29:2 47:8

**simultaneous**
49:15

**sipa** 7:12

**sipc** 11:6 13:25

**sir** 20:13

**sister** 22:5,17 23:6

**situated** 27:20
41:14

**situation** 12:9
50:17

**six** 11:20 36:4

**slam** 33:3

**small** 10:7

**smb** 1:11 2:1,10
4:1,6,11

**sole** 27:8

**solutions** 52:20

**sonya** 4:25 52:3,8

**sorry** 31:19

**sort** 31:2 45:25
46:18

**sought** 28:7 39:9
45:13

**sound** 21:14 47:23

**sounds** 35:16 38:6
40:3,3

**southern** 1:2

**speak** 7:6 13:4
22:12

**speakerphones**
7:7

**speakers** 7:6

**specifically** 49:1

**speculates** 28:22

**speculating** 35:16

**speculation** 29:22

**speculative** 39:2

**spend** 27:24

**spirit** 15:7

**stagnant** 9:10

**standard** 2:7 4:8
5:19 25:24 26:6
26:14,18,20 28:21
30:1,15,22 31:4
31:24 32:22,23
34:12,15 36:1,17
37:1,15,24 38:1
38:12,15,17 39:5
41:23 43:13,14,16
43:23 44:5,20
45:12,20 46:1
47:9 49:2 50:3

**standards** 50:6,13
50:13

**start** 7:3 12:7
14:14 39:19

**started** 7:4

**starter** 19:17

**starting** 8:8 21:14

**state** 7:6 26:14
48:17

**stated** 28:11 29:23
30:10

**statements** 10:3
36:22

**states** 1:1 2:19

**status** 4:4 7:21
46:1

**stay** 4:9 28:7,12
29:10 30:11 33:17
33:20 35:12,12
40:24 48:1,3,7,19
49:7,13,19,22
50:2,14,15 51:6

**stayed** 23:18
27:21 48:23

**stays** 34:8 35:13
48:14

**stipulations** 8:13

**stop** 13:3

**stopping** 41:16

**strengths** 29:7

[strict - trustee's]                                                                                          Page 13

| | | | |
|---|---|---|---|
| **strict** 11:13 | **take** 9:16 13:22 | 24:12,23,23 25:1 | **transcripts** 39:8,9 |
| **strike** 22:20 | 16:10 21:15 23:2 | 25:5 26:14 27:5,9 | 39:11,13,13,17,25 |
| **striking** 23:22 | 30:23 37:21 39:23 | 27:24 28:4,5,16 | 40:7 46:19 47:1 |
| 24:16 | 40:1,8 | 30:9,10,15 31:17 | **transferee** 26:10 |
| **strong** 49:13 | **taken** 47:24 | 31:23 35:12 41:21 | 26:23 27:20 29:4 |
| **structure** 34:5 | **talk** 15:4,9 | 42:4 43:16 44:5 | 45:13 46:1 |
| **stuart** 3:2 | **talking** 18:3 31:25 | 44:12 45:10,18 | **transferees** 27:2 |
| **subject** 41:4 | **telephonically** 5:8 | 46:2,20,20,21,23 | 44:23 |
| **subjective** 35:24 | 5:9,16,23 6:1 | 47:7,10,11 | **transfers** 26:11,11 |
| 49:2 | **tell** 33:11 | **thought** 31:9 35:4 | 27:1,21 45:16,20 |
| **submissions** 45:7 | **telling** 33:1 | 42:16 | **transmission** 7:9 |
| **submit** 24:16 | **terminated** 13:8 | **three** 7:13 11:22 | **tremendous** 47:7 |
| 50:18 | **terms** 28:4 46:17 | 30:21 42:2 | **trial** 8:20 9:5,7,7 |
| **submitted** 19:20 | **test** 29:11 | **thursdays** 11:16 | 10:8,11,17,19,24 |
| **subpoena** 30:24 | **thank** 7:5 9:25 | 14:13 15:5,15 | 11:4 12:2 13:20 |
| 41:23 42:5 | 20:17,19 24:18 | **time** 8:2 9:4,15 | 13:20 16:8,14,17 |
| **subsequent** 26:10 | 25:20,22,23 26:9 | 10:13,22 13:18,22 | 16:18,23,24 17:6 |
| 27:20 29:4 34:3 | 35:6 40:21 50:19 | 13:23 15:19 18:14 | 18:10,12 19:12,16 |
| 44:23 | 50:20,21 | 20:4 26:17 27:25 | 19:19,22 20:2,3 |
| **substantially** | **that's** 7:19 10:18 | 29:21 32:25 33:13 | 38:12 |
| 22:20 | 11:1 13:15,23 | 34:8,11 38:24 | **tried** 20:8 |
| **successful** 8:14 | 18:9,11 19:4,17 | 39:18 41:20 42:22 | **trigger** 40:7 |
| 10:4 | 22:9,13 23:13 | 44:4 45:3,20 46:8 | **true** 19:4 28:16 |
| **successfully** 32:9 | 28:16 32:10,24 | 47:4,13 | 44:21 52:4 |
| **sufficiency** 29:12 | 33:5 34:25 36:12 | **timeline** 31:25 | **trustee** 1:13 2:3 |
| 44:3 | 36:13,18 37:7 | 32:3 34:5 | 2:12 4:2,7,12 5:4 |
| **sufficient** 30:19 | 40:12 | **timing** 31:17,20 | 7:13 10:16,23 |
| **suggest** 17:16 | **theory** 44:14 | 41:9 44:9,13 45:9 | 11:3 13:7,16 |
| **suggested** 14:12 | **there's** 12:3,15,17 | **tip** 33:20 | 22:22 23:17 25:14 |
| **suggests** 45:19 | 24:15 25:6 26:15 | **today** 7:15 8:9,15 | 26:3,16,25 27:11 |
| **suing** 30:2 | 26:25 28:13 29:18 | 11:8 15:4 | 27:22 28:7,11,13 |
| **suite** 52:22 | 29:22 31:15 39:8 | **told** 36:12,14 | 28:18 29:2,9,17 |
| **sullivan** 5:18 26:6 | 41:16,18 47:8,12 | 41:13 | 30:5,19,21 31:14 |
| **supposedly** 45:15 | **they've** 34:1 | **tomorrow** 15:4 | 32:17 33:15 34:9 |
| **supreme** 34:1 | 41:14 47:2 | 19:24 | 39:1,10 40:1,16 |
| **sure** 16:2 25:5,7 | **thing** 34:21 | **torres** 8:4,11,16 | 41:15,16,22 42:1 |
| 50:16 | **things** 10:22 | 9:1 15:4 19:8 | 43:10,11,17,25 |
| **surgery** 10:9 | 12:24 13:2,23 | **traceable** 45:15 | 44:13,22 45:2 |
| **switch** 42:22 | 31:15 32:12 34:3 | **trail** 8:20 | 46:4 47:25,25 |
| | 35:17 36:16,19 | **transcribed** 4:25 | 49:13 50:10 |
| **t** | 39:15 46:16 | **transcript** 8:6 | **trustee's** 9:2,9,20 |
| **t** 52:1,1 | **think** 13:10,11,12 | 30:4 52:4 | 12:13 22:21 27:3 |
| **table** 9:15 | 13:14 15:12 18:8 | | 27:8 28:17 34:19 |

36:18,21 41:11,24
42:3,9,16,18 43:4
46:23 49:1 50:6
**try**   9:22 13:5,18
16:9 21:16 33:20
38:5,24
**trying**   12:7 38:8
**turn**   7:8
**two**   10:7,22 11:2
11:13 13:16 15:17
16:23 28:19,22
31:10 32:12 41:25
45:20

**u**

**u**   17:11 18:17
**u.s.**   3:3 48:5
**uh**   11:25 15:11
17:12 31:11,22
40:15 44:11 45:17
**understand**   10:23
11:3 12:14,21,21
12:23 17:1 20:8
22:25 23:25 25:8
27:18 34:14 36:5
36:9 37:7
**understanding**
9:2 27:17
**understood**   25:12
25:19
**undue**   28:14
**unfair**   11:19 44:5
46:3
**unfolded**   41:22
**unfortunately**
8:24 36:3
**united**   1:1 2:19
**unknown**   3:5
**unnecessary**   35:1
**unreasonably**
28:10
**unrepresented**
23:23

**unwilling**   9:3
**upholds**   50:5
**use**   7:6 50:16

**v**

**v**   1:16 2:6,15 4:3,8
4:13 25:24 48:4
48:17,21 49:25
**vague**   29:19
**vanilla**   50:19
**veritext**   52:20
**versus**   49:2
**victims**   9:24
**vigorously**   29:11
**virtually**   18:20

**w**

**wait**   28:23 32:7
33:10
**waited**   38:24
**waiting**   27:22
28:5 42:20
**want**   7:5 10:11
12:7 13:12 14:3
17:19 19:10 23:23
24:24 25:4,7 28:3
39:23 43:7
**wanted**   22:12,17
**wanting**   21:14
**wants**   15:8 22:3
**wasn't**   19:18,18
43:24 44:21 45:21
**waste**   13:17
**way**   36:20 37:20
40:1
**wayne**   22:12
**week**   11:2 17:18
27:19 28:15 36:9
49:7
**went**   38:2 42:23
44:12
**we'd**   29:14
**we'll**   14:22 15:17
15:21,21 16:10
18:10 24:7

**we're**   7:17 11:2
14:21,25 15:8
19:7 27:3 29:23
37:23 39:15
**we've**   14:11 28:6
36:7,7 38:24
**what's**   14:4 22:21
**who's**   17:9
**willful**   26:20 27:1
28:20 29:11 43:23
44:21
**willing**   13:6 16:7
46:25
**wit**   48:24
**withdraw**   4:14
20:22 22:3,6
23:18 25:4 51:5
**withdrawal**   12:19
**witness**   33:23
**witnesses**   39:16
**won**   12:20
**won't**   28:22 40:4
**words**   32:16 47:6
**work**   10:10 12:9
36:8
**working**   15:16
**worse**   12:9
**worth**   13:10
**worthwhile**   13:11
13:12,14
**wouldn't**   16:15
32:15
**wow**   21:8
**written**   33:15
39:6
**wrong**   27:15
32:17 33:9,11

**x**

**x**   1:4,10,12,19 2:2
2:9,11,18 51:1

**y**

**yeah**   14:10 16:5
20:7,7,12 21:11
25:1 32:3 35:8,23
37:7
**year**   7:23 9:8 11:9
11:13 17:20 45:20
**years**   11:15,22
12:6,11 23:7
29:25 30:21 31:10
36:4 39:6 42:2
44:1
**yesterday**   10:9
27:18 36:12
**york**   1:2 2:21 5:6
5:14,21
**you'd**   12:8,9
**you'll**   19:12
**you're**   16:8 18:2
20:3 25:3,23 33:1
35:16 39:22 40:4
47:14
**you've**   20:7

**z**

**zoom**   19:2