**CHAITMAN LLP**
465 Park Avenue
New York, New York 10022
(908) 303-4568
hchaitman@chaitmanllp.com

*Attorneys for Defendants*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------

SECURITIES INVESTOR PROTECTION
CORPORATION,

                Plaintiff-Applicant,

v.

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

                Defendant.

---------------------------------------------------------------

In re:

BERNARD L. MADOFF,

                Debtor.

IRVING H. PICARD, Trustee for the Liquidation of
Bernard L. Madoff Investment Securities LLC,

                Plaintiff,

v.

CAROL L. KAMENSTEIN, individually and in her
capacity as joint tenant, DAVID R. KAMENSTEIN,
individually and in his capacity as joint tenant, SLOAN
G. KAMENSTEIN, and TRACY D. KAMENSTEIN,

                Defendants.

-----------------------------------------------------------------

Adv. Pro. No. 08-1789 (SMB)

SIPA LIQUIDATION

(Substantively Consolidated)

Adv. Pro. No. 10-04469 (SMB)

**JURY TRIAL DEMANDED**

**DECLARATION IN FURTHER SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT AND MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND IN OPPOSITION TO
THE TRUSTEE'S MOTION FOR SUMMARY JUDGMENT**

I, DAVID R. KAMENSTEIN, declare pursuant to 28 U.S.C. § 1746, under penalty of perjury under the laws of the United States of America, that the following is true and correct:

1. I am a defendant in this action, the husband of Carol Kamenstein, and the father of Tracy D. Kamenstein and Sloan G. Kamenstein. I submit this declaration in further support of Tracy's motion for partial summary judgment.

2. Between 20 and 30 years ago, Carol and I jointly opened an account at First Union Bank, which later became Wachovia Bank, ending in 822. This account was nicknamed the "CKDK CAP Account." As I explained in my moving declaration, for estate planning purposes, all of our bank accounts bore all four of our names, including those of our children, solely so that, in the event of the death of both Carol and me, Tracy and Sloan would have immediate access to our bank accounts . However, neither Tracy nor Sloan ever accessed accounts owned by Carol and me. Nor could they have. The understanding always was that the accounts Carol and I had were owned by us and could be accessed by Tracy and Sloan only if we were dead.

3. Unfortunately, First Union Bank is no longer in existence so that I don't have any way of getting the Bank's account opening forms for our account. However, I know that neither Tracy nor Sloan had any indicia of ownership of the CKDK CAP Account: they never received the statements on the account; they did not have check-writing authority on the account; they did not have debit cards chargeable to the account. They only had the right, upon our deaths, to access the account.

1

4.     In 2008, I received a 1099 from First Union (Wachovia Bank) regarding the CKDK CAP Account. As indicated by page 3 of the 1099, which shows a summary only (the other pages of the 1099 show account detail and are not shown), Tracy is not named on the Account. *See* **Ex. A**.

5.     And as set forth in my opening Declaration, I instructed my bookkeeper to deposit all of the withdrawal checks from Madoff into the CKDK CAP Account. There were only two instances during the Clawback Period, when I directed my bookkeeper to make transfers from the CKDK CAP Account to Sloan, which I detail below. All of the withdrawals were requested by me, and Madoff always sent all of the withdrawal checks, on all four accounts, directly to my home address at 273 Tangier Avenue, Palm Beach, Florida 33480, where Sloan and Tracy did not live.

6.     There were no instances following December 11, 2006, when I directed my bookkeeper to transfer funds from the CKDK CAP Account to Tracy. There were only two instances during the Clawback Period, where I directed my bookkeeper to transfer funds from the CKDK CAP Account to Sloan: as the Trustee recognized in the Collura report, I directed my bookkeeper, to pay Sloan two $15,000 transfers during the Clawback Period. *See* **Ex**. **B** (Collura Report, Ex. 6 at 23 – 25), **Ex**. **C** and **D** (Letters dated June 2, 2008 and September 2, 2008 to Jodi Crupi requesting withdrawals with notes to Barbara Clark directing that $15,000 be given to Sloan in each instance [10-04469 Kamenstein 0000141-42; 10-04469 Kamenstein 0000158-59]).

7. Accordingly, this Court should grant partial summary judgment to Tracy dismissing the Complaint against her because she did not receive any funds derived from the Madoff accounts during the Clawback Period.

_____
David R. Kamenstein

January 1, 2021