**CHAITMAN LLP**
465 Park Avenue
New York, New York 10022
(908) 303-4568
hchaitman@chaitmanllp.com

*Attorneys for Defendants*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------

SECURITIES INVESTOR PROTECTION
CORPORATION,

                             Plaintiff-Applicant,

v.

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

                             Defendant.
-----------------------------------------------------------

In re:

BERNARD L. MADOFF,

                             Debtor.

IRVING H. PICARD, Trustee for the Liquidation of
Bernard L. Madoff Investment Securities LLC,

                             Plaintiff,

v.

CAROL L. KAMENSTEIN, individually and in her
capacity as joint tenant, DAVID R. KAMENSTEIN,
individually and in his capacity as joint tenant, SLOAN
G. KAMENSTEIN, and TRACY D. KAMENSTEIN,

                             Defendants.
-----------------------------------------------------------------

Adv. Pro. No. 08-1789 (SMB)

SIPA LIQUIDATION

(Substantively Consolidated)

Adv. Pro. No. 10-04469 (SMB)

**JURY TRIAL DEMANDED**

**DECLARATION IN FURTHER SUPPORT OF MOTION FOR PARTIAL SUMMARY
JUDGMENT AND MOTION TO DISMISS FOR LACK OF SUBJECT MATTER
JURISDICTION AND IN OPPOSITION TO
THE TRUSTEE'S MOTION FOR SUMMARY JUDGMENT**

I, TRACY D. KAMENSTEIN, declare pursuant to 28 U.S.C. § 1746, under penalty of perjury under the laws of the United States of America, that the following is true and correct:

1.      I am a defendant in this action. I submit this declaration in support of my motion for partial summary judgment dismissing the complaint against me.

2.      As I explained in my opening declaration, in the last two years of Madoff's operation, from December 11, 2006 to December 11, 2008 (the "Clawback Period"), I did not receive, directly or indirectly, any withdrawals from my trust account with Madoff, Account No. 1CM596 (the "Tracy Trust Account"). Thus, the Complaint should be dismissed against me.

3.      I understand that my parents had a bank account at First Union Bank, which later became Wachovia Bank, ending in 822. This account was nicknamed the "CKDK CAP Account." Both my brother and I were listed as owners of this account.  However, that was solely for estate planning purposes.  We only became owners of the account after the death of both of our parents. Neither one of us had the right to access the account during our parents' life times:  we did not have check signing authority; we did not have the right to withdraw funds; we did not have debit cards on the account.

4.      I understand that the Trustee seeks to recover the amount of $452,314 from me, representing what he claims is the value of the withdrawals over principal from the Tracy Trust Account, which was opened by my father as Trustee for the 1984 Tracy Dara Kamenstein Irrevocable Trust *See* Complaint, at Ex. B, Account 1CM596, Column 10.

1

5.      However, I did not receive the benefit of any funds withdrawn from the Tracy Trust Account in the last two years of Madoff's operations. As I stated in my moving Declaration, I did not request nor receive the benefit of any withdrawals, which were all requested by my father, received by and placed into his and my mother's bank account.

6.      As the Trustee's expert, Lisa Collura, admits, I did not receive any funds.  *See* David Kamenstein Moving Declaration, **Ex. C** ("Reconciliation and Tracing Results" – Kamenstein Accounts ("Collura Report") Ex. 6 at 19-26).

7.      I moved out of my parents' house in 1996 and I moved to 400 S. Ocean Blvd., in Palm Beach.  I never lived with my parents after 1996.

8.      Accordingly, this Court should grant partial summary judgment dismissing the Complaint against me because I did not receive any of the transfers in question, either directly or indirectly.

Tracy D. Kamenstein

January 1, 2021

2