**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br> Plaintiff, <br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br> Defendant. | Adv. Pro. No. 08-01789 (SMB) <br><br> SIPA LIQUIDATION <br><br> (Substantively Consolidated) |
| In re: <br><br> BERNARD L. MADOFF, <br><br> Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, <br><br> Plaintiff, <br><br> v. <br><br> THE LAWRENCE J. RYAN AND THERESA R. RYAN REVOCABLE LIVING TRUST, THE LAWRENCE J. RYAN BY-PASS TRUST UNDER DECLARATION OF TRUST DATED, 11/20/1991, and THERESA R. RYAN, individually and in her capacities as trustee of THE | Adv. Pro. No. 10-05124 (SMB) |

LAWRENCE J. RYAN AND THERESA R. RYAN REVOCABLE LIVING TRUST
and THE LAWRENCE J. RYAN BY-PASS TRUST UNDER DECLARATION OF TRUST DATED 11/20/1991,

Defendants.

## TRUSTEE'S MOTION TO STRIKE DEFENDANTS' ANSWER

Irving H. Picard, Esq., trustee ("Trustee") for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. § 78aaa *et seq*. ("SIPA"), and the estate of Bernard L. Madoff, by and through his undersigned counsel, respectfully submits this Motion to Strike Defendants' Answer.

**I.    SUMMARY OF ARGUMENT**

All remaining Defendants are Trusts.[1] The Trustee requests entry of an order striking Defendants' Answer and Affirmative Defenses due to the failure of Defendants to appear by qualified counsel. In February 2020, this Court granted Chaitman LLP's application to withdraw as counsel. ECF No. 95. That Order expressly stated that, as trusts, Defendants were not authorized to represent themselves *pro se* in this adversary proceeding. Defendants were provided with a copy of the Court's Order, and have had almost a year to appear through new counsel, yet they have failed to do so. Therefore, the Trustee seeks an order striking their Answer and entering a default judgment against Defendants.

**II.    BACKGROUND**

The Trustee commenced this action by filing a complaint against Defendants on December

---

[1] This case is not proceeding against Theresa R. Ryan in her individual capacity because she was sued in that capacity as a subsequent transferee, not an initial transferee, and was deemed dismissed by prior Court Order [ECF No. 42].

2

2, 2010 [ECF No. 1]. On April 1, 2011, Ms. Chaitman, then with Becker & Poliakoff LLP, filed a Notice of Appearance and Request for Service of Papers on behalf of the Defendants [ECF No. 8]. On July 16, 2015, this Court entered an Order Granting in Part and Denying in Part Defendants' Motions to Dismiss, dismissing those counts seeking to recover subsequent transfers from subsequent transferee defendants [ECF No. 42]. Subsequent Transferee Defendant, Theresa R. Ryan, in her individual capacity, was deemed dismissed via the July 16, 2015 Order. On September 18, 2015, Defendants, represented by Ms. Chaitman and Becker & Poliakoff LLP, filed their Answer and Affirmative Defenses [ECF No. 43] (the "Answer"). Then, on October 21, 2015, Ms. Chaitman filed a Notice of Appearance on behalf of Defendants, as a partner of Chaitman LLP [ECF No. 46]. On November 9, 2015, attorney Julie Gorchkova, of Becker & Poliakoff LLP, filed a Notice of Presentment of an Order Granting Application to Withdraw as Counsel (the "B&P Notice") on behalf of defendants in multiple adversary proceedings including the Defendants [ECF No. 46]. The Court entered the Order granting Becker & Poliakoff LLP's application to withdraw as counsel on November 23, 2015 [ECF No. 48].

Pursuant to the Order Granting in Part and Denying in Part Trustee's Motion for Limited Additional Discovery [ECF No. 87], all discovery in this adversary proceeding was closed as of December 16, 2019. On February 20, 2020, Chaitman LLP filed a Notice of Presentment of an Order Granting Application to Withdraw as Counsel, along with a Stipulation of Substitution signed by Defendants. [ECF No. 94] On February 21, 2020, the Court granted Chaitman LLP's request to withdraw as counsel, but specifically ordered "**that nothing herein authorizes the Defendant [sic] to represent themselves <u>pro se</u> in this adversary proceeding**." [ECF No. 95, emphasis in original] The Trustee sent a copy of the order via email and US mail to Defendant[2]

---

[2] The Trustee sent the email copy to Defendant's son, Daniel Ryan. A copy of the February 21, 2020 email from Mr. Ryan acknowledging receipt of the letter and Order, with copy to Defendant Theresa Ryan, is attached as Exhibit A.

3

on February 21, 2020. Since the Court's February 21, 2020 Order, Defendants have not hired new counsel, nor has any counsel has made an appearance in this adversary proceeding on behalf of Defendants.

### III.  DEFENDANTS' ANSWER SHOULD BE STRICKEN BECAUSE DEFENDANTS ARE TRUSTS AND CANNOT PROCEED PRO SE

The Trustee respectfully requests entry of an order striking Defendants' Answer due to their failure to appear by qualified counsel. It has been almost a year since the Court granted Chaitman LLP's application to withdraw as counsel in an Order that expressly stated that Defendants were not authorized to proceed *pro se*.

It is well established law that a corporation cannot defend itself except through counsel. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993) (a corporation may appear in the federal courts only through licensed counsel); *Shapiro, Bernstein & Co. v. Cont'l Record Co.*, 386 F.2d 426, 427 (2d Cir. 1967). Courts have extended the reasoning to all entity forms, including trusts. *Rowland*, 506 U.S. at 202 (the rationale for this rule applies equally to all artificial entities); *Bell v. South Bay European Corp.*, 486 F. Supp. 2d 257, 259 (S.D.N.Y. 2007) (a trust is deemed an artificial entity for the purposes of the rule barring a nonlawyer trustee from representing the interests of the trust) (citing *C.E. Pope Equity Trust v. United States*, 818 F.2d 696 (9th Cir. 1987)); *see also Advanced Mining Sys. v. Lutin,* 1995 WL 92309 (S.D.N.Y. Mar. 7, 1995) ("where an individual's position as a trustee casts him in a fiduciary role for others, he cannot as a non-attorney represent the trust."). In their Answer, Defendants admit that the Lawrence J. Ryan and Theresa R. Ryan Revocable Living Trust (the "Ryan Trust") and that the Lawrence J. Ryan By-Pass Trust Under Declaration of Trust Dated November 20, 1991 (the "By-Pass Trust" and collectively with the Ryan Trust, the "Trusts") are trusts formed under the laws of the state of California. Therefore, the Trusts are prohibited from proceeding in

this litigation absent representation by licensed counsel. *See e.g.*, *Bell*, 486 F. Supp. 2d at 259. Thus, the Trustee requests that the Court enter an order striking Defendants' Answer.

Courts have repeatedly granted motions to strike the answers of entities in cases where those defendants have failed to defend the action by appearing through counsel. *Zurita v. Bergen Pizza Inc.*, No. 13-CV-1846, 2015 WL 1602148 (E.D.N.Y. April 2, 2015) (no clear error in Report and Recommendation to strike answer and enter default where corporation failed to appear through counsel for over two years); *Trs. Of Empire State Carpenters Annuity, Apprenticeship, Labor-Mgmt. Cooperation, Pension & Welfare Funds v. KND Const. Corp.*, No. 13-cv-6116, 2014 WL 6769292, *1 (E.D.N.Y. Nov. 28, 2014) ("'failure to obey a court order to obtain counsel to allow a case to proceed can constitute a failure to defend' and may warrant the striking of Defendant's answer"); *Bratta v. Tramp*, Case No. 08-CV-4073, 2009 WL 10708936 at *2 (E.D.N.Y. November 30, 2009) (defendants filed answers to the plaintiff's complaint but failed to obtain counsel despite two Court orders to do so and plaintiff's motion to strike defendants' answers and enter default was granted in its entirety).

Given that Defendants have not been represented by counsel for nearly a year, their awareness of Your Honor's Order stating they could not proceed *pro se*, their failure to retain new counsel, and the late stage of the litigation, striking Defendants' Answer is warranted.

## IV. CONCLUSION

For the reasons set forth above, the Trustee respectfully requests that an order be entered striking the Defendants' Answer in its entirety. The Trustee further requests that this Court provide for such other relief as the Court deems just and proper.

Dated: New York, New York
February 2, 2021

Of Counsel:

**BAKER HOSTETLER LLP**
811 Main, Suite 1100
Houston, Texas 77002
Telephone: (713) 751-1600
Facsimile: (713) 751-1717
Dean D. Hunt
Email: dhunt@bakerlaw.com

By: */s/ Nicholas J. Cremona*
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: 212.589.4200
Facsimile: 212.589.4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff*