# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

February 3, 2021

Nicholas J. Cremona
direct dial: 212.589.4682
ncremona@bakerlaw.com

**VIA ECF AND ELECTRONIC MAIL**

Honorable Cecelia G. Morris
United States Bankruptcy Court
Southern District of New York
355 Main Street
Poughkeepsie, NY 12601-3315

Re:    *Picard v. Estate of Seymour Epstein*, Adv. Pro. No. 10-04438 (Bankr. S.D.N.Y.)

Dear Chief Judge Morris:

      We are counsel to Irving H. Picard, as trustee for the substantively consolidated SIPA liquidation of Bernard L. Madoff Investment Securities LLC under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa–*lll*, and the chapter 7 estate of Bernard L. Madoff. We write in response to Defendants' February 2, 2021 letter requesting that the Court recast its final order in the *Epstein Decision* as proposed findings of fact and conclusions of law. For the reasons discussed below, we believe this Court has jurisdiction to enter a final judgment against Defendants and we attach the Trustee's proposed order implementing the *Epstein Decision*. We also write to correct the record that Defendants' counsel has misrepresented to the district court.

      First, as Your Honor stated in the *Epstein Decision*: "As the district court case has been dismissed and the reference has not been withdrawn, the Court has authority to enter a final order in these cases." *Epstein Decision* at 3. The Trustee previously consented to withdrawal of the reference in District Court only to avoid delay and in recognition of Defendants' jury trial right. However, Judge Woods denied Defendants' initial motion and subsequently dismissed the action without prejudice when Defendants abandoned their efforts to file a second motion to withdraw the reference. *Picard v. Est. of Seymour Epstein*, No. 20-cv-01377 (S.D.N.Y. Aug. 12, 2020), ECF No. 17 (annexed hereto as Attachment A).

      Second, having availed themselves of the Bankruptcy Court's adjudicative authority for nearly a decade, Defendants have impliedly consented to final adjudication by this Court. In *Wellness Int'l Network, Ltd. v. Sharif*, the Supreme Court held that the third factor under *Stern* permits bankruptcy courts to finally adjudicate claims as a statutory matter when the parties knowingly and voluntarily consent to adjudication by a bankruptcy judge. 135 S. Ct. 1932, 1939 (2015) (citing *Stern v. Marshall*, 564 U.S. 462 (2011) (holding that allowing bankruptcy courts to decide Stern claims by consent, "does not usurp the constitutional prerogatives of Article III

courts"); *see also Picard v. Greiff*, 617 B.R. 198, 203 (S.D.N.Y. 2020); *Picard v. BAM, L.P.*, 612 B.R. 257, 266 n.10 (S.D.N.Y. 2020). Consent need not be express; it can be implied by "actions rather than words," provided that it is knowing and voluntary. 135 S. Ct. at 1948–49 (citation omitted); *see also In re Kirwan Offices S.a.R.L.*, 792 F. App'x 99, 103 (2d Cir. 2019); *Greiff*, 617 B.R. at 203.

Defendants actively litigated the Trustee's claims for ten years in this Court. Prior to filing their answer, Defendants joined the omnibus motion to dismiss. *See In re Bernard L. Madoff*, 531 B.R. 439, 495 (Bankr. S.D.N.Y. 2015). On September 16, 2015, Defendants filed their answer and the parties began discovery. During discovery, Defendants requested and successfully deposed Madoff on three separate occasions, taken over the course of one year. Following the completion of Madoff's deposition, the Trustee requested additional discovery to rebut Madoff's testimony. Defendants opposed the Trustee's requests twice until the Bankruptcy Court granted the Trustee leave to depose other former BLMIS employees. The Trustee deposed three individuals with knowledge of Epstein's estate on April 18, 2018. Defendants raised several other discovery issues before this Court, including requesting a Local Rule 7001-1(b) pre-motion conference to compel production from a third party bank following Defendants' subpoena for documents, ECF Nos. 90, 92, 93, and requesting leave to depose fourteen former BLMIS employees, ECF No. 82.

Through their conduct in this Court, Defendants have impliedly consented to the Bankruptcy Court's final adjudicative authority. "That Defendant now objects to the bankruptcy court's authority to enter final judgment . . . after pursuing his claims in bankruptcy court for nearly a decade -- does not alter the Court's conclusion." *Greiff*, 617 B.R. at 207; *see also BAM, L.P.*, 612 B.R. at 266 n.10. Thus, this Court has authority to enter a final judgment against Defendants and the Trustee encloses a copy of his proposed order for the Court's consideration under Local Bankruptcy Rule 9074-1(a). A copy of the judgment is annexed hereto as Attachment B. At the time of filing of this letter, the *Epstein* Defendants have not responded to the Trustee's request for consent to this form of judgment implementing Your Honor's decision.

Third, Defendants' counsel continues to take inconsistent positions in these proceedings by misrepresenting the substance and facts of the *Epstein* proceedings to the district court. Following this Court's *Epstein Decision*, the Trustee sent letters to the district court judges in four cases with pending motions for summary judgment attaching a copy of this Court's *Epstein Decision,* which effectively determines all the remaining issues in the pending cases. In response, Defendants' counsel filed a letter arguing that "the Epstein Decision is gravely flawed" and "[t]here are numerous other reversible errors in the bankruptcy court's decision[,]" (*see* Counsel's Letter at 2–3 (annexed hereto as Attachment C)[1] and contradicting the record of the proceedings before this Court. Jan. 27, 2021 Hr'g Tr. (annexed hereto as Attachment D).

---

[1] Defendants' counsel filed four nearly identical letters in *Picard v. RAR Entrepreneurial Fund LTD*, No. 20-cv-01029 (S.D.N.Y. Feb. 2, 2021), ECF No. 42, *Picard v. Lisa Beth Nissenbaum Trust*, No. 20-cv-03140 (S.D.N.Y. Feb. 2, 2021), ECF No. 45, *Picard v. Zieses Investment Partnership*, No. 20-cv-02872 (S.D.N.Y. Feb 2, 2021), ECF No. 33, and *Picard v. JABA Associates LP*, No. 20-cv-03836 (S.D.N.Y. Feb. 2, 2021), ECF No. 40. Notably, counsel continues to claim that the Trustee does not have standing to recover BLMIS customer property because the bank accounts were owned by Madoff individually and that BLMIS "was not a Ponzi scheme although, clearly, it was a fraud." Letter at 3.

Defendants' counsel claims that Your Honor's holding was improper because the Trustee prevented her from accessing BLMIS customer statements from other defendants in good faith cases and as such, the Trustee cannot rely on this evidence to support a finding that the volume of T-Bills that appeared on the BLMIS customer statements dwarfed the aggregate volume of T-Bills actually purchased and held by BLMIS. Counsel claims this remains a disputed issue of fact despite Your Honor and Judge Bernstein holding otherwise.

Defendants' deficient discovery claims are imagined. This Court has already determined that "Defendants misrepresent the record," that the documents sought by Defendants "have always been available for inspection in the E-Data Room," and that "Defendants' counsel has simply been unwilling to inspect the documents and counter the Trustee's experts with her own expert's analysis." *Picard v. Nelson*, 610 B.R. 197, 221–22 (Bankr. S.D.N.Y. 2019). The record has been unequivocal in demonstrating the Trustee's compliance with his discovery obligations, as confirmed by the Court's sanctioning of Defendants' counsel for making the very same spurious claims that the Trustee hid BLMIS records from defendants.[2] Importantly, Defendants' counsel's access to E-Data Room 1 has never been disputed; counsel has accessed E-Data Room 1 on numerous occasions, including as late as this week to obtain BLMIS customer statements—the very same documents counsel represented to this Court and the district court that the Trustee withheld.

Finally, if judgment is entered consistent with the *Epstein Decision*, Defendants can appeal the decision to the District Court for *de novo* review, which is the same standard of review applied if this Court submitted proposed findings of fact and conclusions of law consistent with Fed. R. Bankr. P. 9033. In fact, appealing this judgment is more efficient for the parties and will not cause undue delay that would only serve to increase Defendants' liability for prejudgment interest.

The Trustee is mindful of his obligation under Local Bankruptcy Rule 9074-1(a) to submit an order implementing Your Honor's decision within fourteen days of its entry. As such, the Trustee respectfully requests that Your Honor enter the attached proposed order consistent with the *Epstein Decision*.

Respectfully submitted,

*/s/ Nicholas J. Cremona*

Nicholas J. Cremona
Partner

cc:     Helen Davis Chaitman, Esq.

---

[2] *See* Memorandum Decision Granting Fees and Expenses Pursuant to Fed. R. Civ. P. 37(a)(5)(B), *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, Adv. Pro. No. 08-01789 (Bankr. S.D.N.Y. Mar. 20, 2020), ECF No. 19423.