# ATTACHMENT B

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                 Plaintiff-Applicant,<br><br>      v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                 Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>                 Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and for the Estate of Bernard L. Madoff,<br><br>                 Plaintiff,<br><br>      v.<br><br>ESTATE OF SEYMOUR EPSTEIN,<br><br>MURIEL EPSTEIN, as beneficiary of the Estate of Seymour Epstein and/or trusts created by the Last Will and Testament of Seymour Epstein, as executor of the Estate and/or trustee of the Trusts created,<br><br>HERBERT C. KANTOR, trustee of the Trusts created by the Last Will and Testament of Seymour Epstein,<br><br>RANDY EPSTEIN AUSTIN, as beneficiary of the Estate of Seymour Epstein and/or trusts created by the Last Will and Testament of Seymour Epstein,<br><br>ROBERT EPSTEIN, as beneficiary of the Estate of Seymour Epstein and/or trusts created by the Last Will and Testament of Seymour Epstein,<br><br>JANE EPSTEIN, as beneficiary of the Estate of Seymour Epstein and/or trusts created by the Last Will and Testament of Seymour Epstein, | Adv. Pro. No. 10-04438 (CGM) |

SUSAN EPSTEIN GROSS, as beneficiary of the Estate of Seymour Epstein and/or trusts created by the Last Will and Testament of Seymour Epstein, and

SHELBURNE SHIRT COMPANY, INC.,

                Defendants.

## JUDGMENT

**WHEREAS**, Irving H. Picard (the "Trustee") is the trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act ("SIPA"), 15 U.S.C. §§ 78aaa–*lll*, substantively consolidated with the liquidation under chapter 7 of the Bankruptcy Code, 11 U.S.C. §§ 101–1532, of the estate of Bernard L. Madoff ("Madoff"), currently pending in United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") as Adv. Pro. No. 08-01789 (SMB);

**WHEREAS**, the Trustee is duly qualified to serve and act on behalf of the consolidated estate of BLMIS and Madoff;

**WHEREAS**, on or about November 30, 2010, the Trustee commenced the above-captioned adversary proceeding (the "Adversary Proceeding") in the Bankruptcy Court, alleging, *inter alia*, that the Estate of Seymour Epstein (the "Estate"), Muriel Epstein, as executor of the Estate and/or trustee of the Trusts created by the Last Will and Testament of Seymour Epstein, Herbert C. Kantor, as trustee of the Trusts created by the Last Will and Testament of Seymour Epstein, and Shelburne Shirt Company, Inc. (the "Defendants") received avoidable transfers in an amount aggregating Two Million, Six Hundred and Twenty-Two Thousand, Four Hundred Thirty-Eight United States Dollars and Fifty-Five Cents ($2,622,438.55), in connection with BLMIS Account No. 1CM049 ($1,110,538.16) as held by Seymour Epstein, who died on

2

December 19, 2008, and BLMIS Account No. 1CM005 ($1,511,900.39) as held by Defendant Shelburne Shirt Company, Inc., within two years of the Filing Date;

**WHEREAS**, on January 27, 2021, the Court granted the Trustee's Summary Judgment Motion under Federal Rule of Civil Procedure 56(a), *see Picard v. Estate of Seymour Epstein*, Adv. Pro. No. 10-04438 (Bankr. S.D.N.Y. Jan. 27, 2021), ECF No. 155 (the "Decision");

**NOW, THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED THAT:**

1. As set forth in the Decision, the Court made the following findings and conclusions:[1]

    a. The Trustee has Article III standing to bring this action against Defendants;

    b. Madoff operated BLMIS as a Ponzi scheme;

    c. The transfers of $2,622,438.55 to or for the benefit of Defendants within two years of December 11, 2008 (the "Two-Year Transfers") consisted of fictitious profits in the sense that the Defendants had exhausted the amounts of their deposits before the onset of the Two-Year Period;

    d. The Trustee properly relied on BLMIS's books and records for his treatment of withdrawals from Defendants' BLMIS Accounts as debits;

    e. The Trustee is entitled to rely on the Ponzi scheme presumption and has demonstrated that the Two-Year Transfers were made with the actual intent to hinder, delay, or defraud creditors within the meaning of 11 U.S.C. §§ 548(a)(1)(A) and 550(a);

    f. The Two-Year Transfers were transfers of an interest of the debtor and the property is "customer property" under SIPA § 78*lll*(4).

---

[1] All capitalized terms are set forth and defined in the Decision.

    g. Customer money invested into the IA Business, including Defendants' money, were placed in the Bank Accounts and commingled with all of the customer money deposited into the BLMIS Ponzi scheme;

    h. Monies paid to Defendants from those Bank Accounts are customer property within the meaning of SIPA § 78*lll*(4) and must be turned over to the Trustee pursuant to SIPA § 78fff-2(c)(3);

    i. As to Defendants' cross-motion for summary judgment, the Court finds that the treasuries on Defendants' customer statements were fictitious; and

    j. As to Defendants' cross-motion for summary judgment, the Court affirms its prior rulings rejecting the Defendants' argument that they are entitled to a credit for taxes paid on transfers from BLMIS;

    k. The Trustee is entitled to prejudgment interest from the date that the SIPA Liquidation was commenced on December 11, 2008.

2.     The Two-Year Transfers are avoided under section 548 of the Bankruptcy Code and recoverable under section 550 of the Bankruptcy Code.

3.     The Trustee is awarded prejudgment interest on the Two-Year Transfers pursuant to 28 U.S.C. § 1961(b), at the rate of 4% from November 30, 2010 through February 1, 2021.

4.     Judgment is hereby entered in favor of the Trustee to recover from Defendants Estate of Seymour Epstein, Muriel Epstein, as executor of the Estate and trustee of the Trusts created by the Last Will and Testament of Seymour Epstein, and Jane Epstein, Randy Austin, and Susan Gross as successor co-trustees to Herbert C. Kantor,[2] as trustee of the Trusts created

---

[2] Herbert C. Kantor died during the pendency of this action. *See* Order Appointing Successor Trustees for the Matter of the Appointment of Successor Co-Trustee under the Will of Seymour Epstein, Deceased, File No. 2009-0423 (N.Y. Surr. Ct. Oct. 6, 2014).

4

by the Last Will and Testament of Seymour Epstein, jointly and severally, the total amount of **$1,562,590.35** (the "Epstein Judgment Amount"), representing the sum of:

**Account No. 1CM049 – Estate of Seymour Epstein, Muriel Epstein, as executor of the Estate and/or trustee of the Trusts created by the Last Will and Testament of Seymour Epstein, and Herbert C. Kantor, as trustee of the Trusts created by the Last Will and Testament of Seymour Epstein**

| | | |
|---|---|---|
| a. | Avoidable Transfers | $1,110,538.16 |
| b. | pre-judgment interest on the Avoidable Transfers at the rate of 4%, from Nov. 30, 2010 through Feb. 3, 2021. | $452,052.19 |
| | **Total:** | **$1,562,590.35** |

5. Judgment is hereby entered in favor of the Trustee to recover from Defendant Shelburne Shirt Company, Inc., the total amount of **$2,127,329.89** (the "Shelburne Judgment Amount"), representing the sum of:

**Account No. 1CM005 – Shelburne Shirt Company, Inc.**

| | | |
|---|---|---|
| c. | Avoidable Transfers | $1,511,900.39 |
| d. | pre-judgment interest on the Avoidable Transfers at the rate of 4%, from Nov. 30, 2010 through Feb. 3, 2021. | $615,429.50 |
| | **Total:** | **$2,127,329.89** |

6. The Clerk of Court shall enter this Judgment in favor of the Trustee for the Epstein Judgment Amount and Shelburne Judgment Amount.

7. This Court shall retain jurisdiction over the parties to this Adversary Proceeding for the purpose of, among other things, enforcing this Judgment.