# ATTACHMENT C

# CHAITMAN LLP
### 465 PARK AVENUE
### NEW YORK, NY 10022
### (888) 759-1114
TELEPHONE & FAX

*HELEN DAVIS CHAITMAN*
hchaitman@chaitmanllp.com

**VIA ECF**                                                                  February 1, 2021

Hon. Jesse M. Furman, U.S.D.J.
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007-1312

      **Re:**    **Picard v. RAR Entrepreneurial Fund, Ltd. et al,**
                 **Civil Action No. 1:20-cv-01029 (JMF)**

Dear Judge Furman:

      We write on behalf of Defendants in response to the January 28, 2021 letter of the Plaintiff, Irving H. Picard, the Trustee (the "Trustee") for the Liquidation of Bernard L. Madoff Investment Securities, LLC (the "LLC"), which forwards the decision of Bankruptcy Judge Morris in *Picard v. Estate of Seymour Epstein. et al.* Adv. Pro. No. 10-04438 (CGM) (Bankr. S.D.N.Y.), ECF No. 155 (the "*Epstein Decision*"). The Trustee argues that the Epstein Decision compels the denial of the Defendants' cross-motion for summary judgment and the granting of the Plaintiff's motion for summary judgment. For a number of reasons, it does not.

      First, the Epstein Decision is not a final decision. The Defendants did not file a SIPC claim which, as the Trustee has conceded, divests the bankruptcy court of jurisdiction to enter a judgment. All the bankruptcy court has the jurisdiction to do is enter a report and recommendation. As Judge Rakoff held: "the bankruptcy court may not . . . enter final judgment on avoidance claims" absent exceptions inapplicable here. *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 490 B.R. 46, 49 (S.D.N.Y. 2013). Under *Stern v. Marshall*, 564 U.S. 462, 492 (2011), and *Exec. Benefits Ins. Agency v. Arkison*, 573 U.S. 25, 36 (2014), claims such as the ones at issue here are not core claims and, therefore, courts must follow the practice applied in non-core proceedings, whereby bankruptcy courts may enter a final judgment only if (1) they are specially designated to do so by a district court *and* (2) both parties consent. *See* 28 U.S.C. § 157(e). As in this case, in *Epstein* the bankruptcy court does not have jurisdiction to enter a final judgment, since the Epstein defendants, like the Defendants here, did not file a SIPC claim under SIPA, 15 U.S.C. §§ 78aaa-111, and, as the Trustee did here, he consented to the withdrawal of the reference from the bankruptcy court. *See Picard v. Epstein,* Civ. No. 20-cv-01377 (GHW), ECF No. 5 (S.D.N.Y. March 6, 2020). Judge Woods referred the proposed motion for summary judgment to the bankruptcy court for proposed findings of fact and conclusions of law.[1] *Id.,*

---

[1] Following a conference in which Judge Woods provided Defendants with an opportunity to file a second motion to withdraw the reference asking the Court not to refer the motion for summary judgment to the bankruptcy court, Judge Woods dismissed the proceeding without prejudice.

{00045958 1 }

# CHAITMAN LLP

Hon. Jesse M. Furman, U.S.D.J.
February 1, 2021
Page 2

ECF. No. 8 (S.D.N.Y. June 8, 2020). The decision was rendered by Judge Morris because Judge Bernstein has announced his intention to retire from the bench.

Second, the Epstein Decision is gravely flawed. As an initial matter, Judge Bernstein, who handled the Madoff case for close to a decade, has repeatedly held that these cases are not amenable to summary judgment and had to be tried on numerous issues. *See, e.g., Picard v. Savin*, Adv. Pro. No. 10-04889 (Bankr. S.D.N.Y, March 17, 2020) ECF No. 96 at 9:23-10:15; 12:11-15 ("[y]ou know my view on these summary judgment . . . , motions, particularly on the issues I've identified, [whether the JPMC Accounts were held by Madoff personally or by the LLC, whether the LLC was a Ponzi scheme, and if so, when it began, whether the LLC was allocating T-bills purchased to customers of the IA business, deposits and withdrawals] . . . I have to try it.").).

Further, the Court apparently relied upon a statement by the Trustee in reaching its determination that the T-Bill purchases that appear on the Epstein customer statements were all "fictitious." *See* Epstein Decision at page 7 of 11, citing a finding, made after a trial, in *Picard v. Nelson*, 610 B.R. 197, 214 (Bankr. S.D.N.Y. 2019), that "although the Proprietary Trading Business purchased T-Bills, the volume of T-Bills that appeared on the customer statements dwarfed the aggregate volume of T-Bills actually purchased and held by BLMIS."

As Defendants pointed out in their summary judgment papers in this case, the Trustee refused to produce all of the customer statements to Defendants. Indeed, in 2016, this firm moved to compel the Trustee to produce the customer statements of non-clients and the Trustee refused to do so. Judge Bernstein refused to order the Trustee to produce the statements of non-customers. *See* Trustee Response to Defendants' Document Demands and Interrogatories served in Adv. Pro. No. 10-04995 and dated April 8, 2016, [Response to Request No. 2], *Picard v. Wilenitz*, Adv. Pro. No. 10-04995 ECF No. 70-2].

As the Trustee has always represented to me, the customer statements are only produced to the attorney defending the particular customer. Discovery closed in these cases on May 31, 2019 and, as of that date, the Trustee never claimed he had given Defendants access to the customer statements of all Madoff customers. Obviously, if he had done so, the Trustee would have argued before this Court that we had access to the entire body of Madoff customer statements. He made no such argument -- not in this Court; not in any court – until last week before Judge Morris. The Trustee claimed at the January 27, 2021 hearing on the summary judgment motions in the *Epstein* case that all of the customer statements had been produced in the Trustee's E-Data Room and that Judge Bernstein had found that to be true as part of his decision granting sanctions. *See* Exhibit A [January 27, 2021 Transcript of Hearing, 27:4-12] But this is not correct . Judge Bernstein made no such finding. After last week's argument, we attempted to access customer statements of non-clients in the E-Data room and determined that we could only access such statements if we had the customer name or the account number. While, with that information, these statements are accessible now, they were not accessible prior to the end of discovery on May 31, 2019 and, we believe ,were not accessible when the Trustee submitted his opposition to our summary judgment motion in this Court. Otherwise, surely, he would have made the argument he made last week to Judge Morris. Indeed, if all of the customer statements had been timely produced in discovery by the Trustee, surely he would have submitted a sworn statement so stating in response to our summary judgment motion. He did not do so. Instead, he simply said that we had already been sanctioned for making what he referred to as "these spurious

# CHAITMAN LLP

Hon. Jesse M. Furman, U.S.D.J.
February 1, 2021
Page 3

accusations." As set forth above, we were not. Obviously, since the documents were unavailable to us during the discovery period, any later production cannot be used to structure an after-the-fact argument as to what the documents prove. And, as set forth in Defendants' summary judgment submissions, in any event we already know that the T-Bill purchases for the Defendants in question do not appear on the statements of all of the other clients of this firm.

The law is clear that, where a party refuses to produce evidence requested in discovery, that party is precluded from relying on such evidence itself. *Taylor v. Illinois*, 108 S. Ct. 646 (1988) (affirming an order precluding testimony where a witness had not been identified in pretrial discovery); *Victorinox AG v. The B & F Sys., Inc.*, 2015 WL 9256944, at *2, n.2 (S.D.N.Y. Dec. 15, 2015), *aff'd sub nom. Victorinox AG v. B&F Sys., Inc.*, 709 F. App'x 44 (2d Cir. 2017), *as amended* (Oct. 4, 2017) (refusing to consider cost data estimates because they were not produced during discovery); *Taveras v. City of New York*, 2009 WL 10701924, at *7 (E.D.N.Y. Apr. 7, 2009) (precluding defendants from relying on charts that were not produced during discovery); *cf. Costa v. Sears Home Imp. Products, Inc.,* 65 F. Supp.3d 333*,* 346 (W.D.N.Y. 2014) (holding on summary judgment that a party could not rely on an affidavit the other party did not know about); *Preuss v. Kolmar Labs., Inc.,* 970 F. Supp. 2d 171, 178-79 (S.D.N.Y. 2013) (striking affirmation for failure to disclose pursuant to Fed. R. Civ. P. 26). As such, there is no evidence to support a finding that the volume of T-Bills that appeared on the customer statements dwarfed the aggregate volume of T-Bills actually purchased and held by the LLC. Accordingly, the question whether the T-Bill purchases that appeared on the customer statements were "real" remains a contested issue of material fact.

There are numerous other reversible errors in the bankruptcy court's decision. For example, Defendants contested the receipt of certain withdrawals which increased the Trustee's claim and the Trustee lacked any documentary evidence of those withdrawals. Defendants contested the Trustee's contention that he has standing to sue the Defendants because the funds paid to Defendants belonged to Madoff individually and not to the LLC, of which he is Trustee. The Defendants have substantial evidence that the investment advisory business was not a Ponzi scheme although, clearly, it was a fraud. As to all of these issues, the bankruptcy court not only ignored Judge Bernstein's holdings that these issues had to be tried but also ignored the compelling evidence upon which the Defendants relied.

Under such circumstances, the *Epstein* Decision provides no support for the Trustee's contention that he is entitled to summary judgment.

Respectfully submitted,

*/s/ Helen Davis Chaitman*

Helen Davis Chaitman

HDC:aws
cc:    All Counsel of Record (*via ECF and email*)

# EXHIBIT A

```
                                                    Page 1

 1   UNITED STATES BANKRUPTCY COURT

 2   SOUTHERN DISTRICT OF NEW YORK

 3

 4   - - - - - - - - - - - - - - - - - - - - - - - - - x

 5   SECURITIES INVESTOR PROTECTION

 6   CCORPORATION,

 7                 Plaintiff,

 8   v.                          Case No. 08-01789(SMB)

 9   BERNARD L. MADOFF

10   INVESTMENT SECURITIES LLC,

11                 Defendant.

12   - - - - - - - - - - - - - - - - - - - - - - - - - x

13   IRVING H. PICARD, TRUSTEE FOR

14   THE LIQUIDATION OF B,

15                 Plaintiff,

16   v.                          Adv. Case No. 10-04438(CGM)

17   ESTATE OF SEYMOUR EPSTEIN,

18   ET AL.,

19                 Defendant.

20   - - - - - - - - - - - - - - - - - - - - - - - - - x

21

22

23

24

25
```

```
 1                    U.S. Bankruptcy Court

 2                    One Bowling Green

 3                    New York, New York 10004-1408

 4

 5                    January 27, 2021

 6                    10:00 AM

 7

 8

 9     B E F O R E :

10     HON CECELIA G. MORRIS

11     U.S. BANKRUPTCY JUDGE

12

13

14     Hearing re:  Doc# 136 Reply to Motion Defendants Reply

15     Memorandum of Law in Further Support of Their Cross-Motion

16     for Summary Judgment Dismissing the Complaint filed by Helen

17     Davis Chaitman on behalf of Estate of Seymour Epstein,

18     Herbert C. Kantor, as trustee of Trusts created by the Last

19     Will and Testament of Seymour Epstein, Jane Epstein, as

20     beneficiary of the Estate of Seymour Epstein and/or the

21     Trusts created by the Last Will and Testament of Seymour

22     Epstein, Muriel Epstein, as beneficiary of the Estate of

23     Seymour Epstein and/or Trusts created by Last Will and

24     Testament of Seymour Epstein, as executor of the Estate

25     and/or trustee of the Trusts created, Randy Epstein Austin,
```

Page 3

```
 1   as beneficiary of the Estate of Seymour Epstein and/or the

 2   Trusts created by the last Will and Testament of Seymour

 3   Epstein, Robert Epstein, as beneficiary of the Estate of

 4   Seymour Epstein and/or Trusts created by the Last Will and

 5   Testament of Seymour Epstein, Shelburne Shirt Company, Inc.,

 6   Susan Epstein Gross, as beneficiary of the Estate of Seymour

 7   Epstein and/or the Trusts created by the Last Will and

 8   Testament of Seymour Epstein.

 9

10   Hearing re:  Doc# 113 Motion for Summary Judgment /Notice of

11   Motion for Summary Judgment filed by Nicholas Cremona on

12   behalf of Irving H. Picard, Trustee for the Liquidation of

13   Bernard L. Madoff Investment Securities LLC, and Bernard L.

14   Madoff. with hearing to be held on 11/18/2020 at 10:00 AM at

15   Courtroom 723 (SMB).

16

17   Hearing re:  Doc# 139 Notice of Adjournment of Hearing RE:

18   Counter Statement of Material Facts in Opposition to the

19   Trustees Motion for Summary Judgment and in Support of

20   Defendants Cross-Motion for Summary Judgment Dismissing the

21   Complaint filed by Helen Davis Chaitman on behalf of Estate

22   of Seymour Epstein, Herbert C. Kantor, as trustee of Trusts

23   created by the Last Will and Testament of Seymour Epstein,

24   Jane Epstein, as beneficiary of the Estate of Seymour

25   Epstein and/or the Trusts created by the Last Will and
```

1    Testament of Seymour Epstein, Muriel Epstein, as beneficiary

2    of the Estate of Seymour Epstein and/or Trusts created by

3    Last Will and Testament of Seymour Epstein, as executor of

4    the Estate and/or trustee of the Trusts created, Randy

5    Epstein Austin, as beneficiary of the Estate of Seymour

6    Epstein and/or the Trusts created by the last Will and

7    Testament of Seymour Epstein, Robert Epstein, as beneficiary

8    of the Estate of Seymour Epstein and/or Trusts created by

9    the Last Will and Testament of Seymour Epstein, Shelburne

10   Shirt Company, Inc., Susan Epstein Gross, as beneficiary of

11   the Estate of Seymour Epstein and/or the Trusts created by

12   the Last Will and Testament of Seymour Epstein; hearing not

13   held and adjourned to 1/27/2021 at 10:00 AM at

14   Teleconference Line (CourtSolutions) (CGM).

15

16   Hearing re:  Doc# 140 Notice of Adjournment of Hearing RE:

17   Response to Motion Opposition and Response to Trustees Rule

18   56.1 Statement of Material Facts (related document(s)115)

19   filed by Helen Davis Chaitman on behalf of Estate of Seymour

20   Epstein, Herbert C. Kantor, as trustee of Trusts created by

21   the Last Will and Testament of Seymour Epstein, Jane

22   Epstein, as beneficiary of the Estate of Seymour Epstein

23   and/or the Trusts created by the Last Will and Testament of

24   Seymour Epstein, Muriel Epstein, as beneficiary of the

25   Estate of Seymour Epstein and/or Trusts created by Last Will

Page 5

```
 1    and Testament of Seymour Epstein, as executor of the Estate

 2    and/or trustee of the Trusts created, Randy Epstein Austin,

 3    as beneficiary of the Estate of Seymour Epstein and/or the

 4    Trusts created by the last Will and Testament of Seymour

 5    Epstein, Robert Epstein, as beneficiary of the Estate of

 6    Seymour Epstein and/or Trusts created by the Last Will and

 7    Testament of Seymour Epstein, Shelburne Shirt Company, Inc.,

 8    Susan Epstein Gross, as beneficiary of the Estate of Seymour

 9    Epstein and/or the Trusts created by the Last Will and

10    Testament of Seymour Epstein; hearing not held and adjourned

11    to 1/27/2021 at 10:00 AM at Teleconference Line

12    (CourtSolutions) (CGM).

13

14    Hearing re:  Doc# 141 Notice of Adjournment of Hearing RE:

15    Memorandum of Law in Opposition to the Trustees Motion for

16    Summary Judgment and in Support of Defendants Cross-Motion

17    for Summary Judgment Dismissing the Complaint (related

18    document(s)121) filed by Helen Davis Chaitman on behalf of

19    Estate of Seymour Epstein, Herbert C. Kantor, as trustee of

20    Trusts created by the Last Will and Testament of Seymour

21    Epstein, Jane Epstein, as beneficiary of the Estate of

22    Seymour Epstein and/or the Trusts created by the Last Will

23    and Testament of Seymour Epstein, Muriel Epstein, as

24    beneficiary of the Estate of Seymour Epstein and/or Trusts

25    created by Last Will and Testament of Seymour Epstein, as
```

1   executor of the Estate and/or trustee of the Trusts created,

2   Randy Epstein Austin, as beneficiary of the Estate of

3   Seymour Epstein and/or the Trusts created by the last Will

4   and Testament of Seymour Epstein, Robert Epstein, as

5   beneficiary of the Estate of Seymour Epstein and/or Trusts

6   created by the Last Will and Testament of Seymour Epstein,

7   Shelburne Shirt Company, Inc., Susan Epstein Gross, as

8   beneficiary of the Estate of Seymour Epstein and/or the

9   Trusts created by the Last Will and Testament of Seymour

10  Epstein; hearing not held and adjourned to 1/27/2021 at

11  10:00 AM at Teleconference Line (CourtSolutions) (CGM).

12

13  Hearing re:  Doc# 142 Notice of Adjournment of Hearing RE:

14  Cross Motion for Summary Judgment filed by Helen Davis

15  Chaitman on behalf of Estate of Seymour Epstein, Herbert C.

16  Kantor, as trustee of Trusts created by the Last Will and

17  Testament of Seymour Epstein, Jane Epstein, as beneficiary

18  of the Estate of Seymour Epstein and/or the Trusts created

19  by the Last Will and Testament of Seymour Epstein, Muriel

20  Epstein, as beneficiary of the Estate of Seymour Epstein

21  and/or Trusts created by Last Will and Testament of Seymour

22  Epstein, as executor of the Estate and/or trustee of the

23  Trusts created, Randy Epstein Austin, as beneficiary of the

24  Estate of Seymour Epstein and/or the Trusts created by the

25  last Will and Testament of Seymour Epstein, Robert Epstein,

1   as beneficiary of the Estate of Seymour Epstein and/or

2   Trusts created by the Last Will and Testament of Seymour

3   Epstein, Shelburne Shirt Company, Inc., Susan Epstein Gross,

4   as beneficiary of the Estate of Seymour Epstein and/or the

5   Trusts created by the Last Will and Testament of Seymour

6   Epstein; hearing not held and adjourned to 1/27/2021 at

7   10:00 AM at Teleconference Line (CourtSolutions) (CGM).

8

9   Hearing re:  Doc# 143 Notice of Adjournment of Hearing RE:

10  Memorandum of Law /Trustees Reply Memorandum of Law in

11  Further Support of Motion for Summary Judgment filed by

12  Nicholas Cremona on behalf of Irving H. Picard, Trustee for

13  the Liquidation of Bernard L. Madoff Investment Securities

14  LLC, and Bernard L. Madoff; hearing not held and adjourned

15  to /27/2021 at 10:00 AM at Teleconference Line

16  (CourtSolutions) (CGM).

17

18  Hearing re:  Doc# 144 Notice of Adjournment of Hearing RE:

19  Declaration /Trustees Responses and Objections to Defendants

20  Counterstatement of Material Facts filed by Nicholas Cremona

21  on behalf of Irving H. Picard, Trustee for the Liquidation

22  of Bernard L. Madoff Investment Securities LLC, and Bernard

23  L. Madoff; hearing not held and adjourned to 1/27/2021 at

24  10:00 AM at Teleconference Line (CourtSolutions) (CGM).

25

1    Hearing re:  Doc# 145 Notice of Adjournment of Hearing RE:

2    Motion for Summary Judgment /Trustees Memorandum of Law in

3    Support of Motion for Summary Judgment (related

4    document(s)113) filed by Nicholas Cremona on behalf of

5    Irving H. Picard, Trustee for the Liquidation of Bernard L.

6    Madoff Investment Securities LLC, and Bernard L. Madoff;

7    hearing not held and adjourned to 1/27/2021 at 10:00 AM at

8    Teleconference Line (CourtSolutions) (CGM).

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Page 9

```
 1    A P P E A R A N C E S :

 2    BAKER HOSTETLER

 3         Attorneys for the Trustee

 4         45 Rockefeller Plaza

 5         New York, NY 10111

 6

 7    BY:  NICHOLAS CREMONA, ESQ. (VIA ZOOM)

 8         STEPHANIE ACKERMAN, ESQ. (VIA ZOOM)

 9

10    CHAITMAN LLP

11         Attorney for the Defendants

12         465 Park Avenue

13         New York,  NY 10022

14

15    BY:  HELEN DAVIS CHAITMAN, ESQ. (VIA ZOOM)

16

17

18

19

20

21

22

23

24

25    Transcribed by:  Dawn South
```

Page 27

1   considered these arguments not only through the motions to

2   compel that defendants filed related to the erroneous claims

3   that the trustee has refused to provide the customer

4   statements to her, the trustee has explained to -- has

5   responded to discovery requests to the defendant, to defense

6   counsel here and prior to the Nelson case, that all of the

7   BLMIS customer statements are available and made available

8   to the defendants in the data room.

9              THE COURT:  Okay.

10             MS. ACKERMAN:  Judge Bernstein found that to be

11  true, and credited it as part of the sanctions against

12  counsel.

13             Second, Mr. Dubinsky's testimony has been

14  consistent, it was heard by Judge Bernstein, his testimony

15  has never wavered, and the relevant statements can be found

16  at paragraphs 228 and 340 of his report, which explain that

17  -- or his findings that no securities were ever purchased on

18  behalf of any investment advisory customer, not as the

19  defendant attempts to state that none were ever purchased.

20  He discusses the cash management piece, and explains that

21  not only in his 2019 report but also in his earlier report

22  dating back to 2013.

23             As to the arguments against the Ponzi scheme.

24             First it's well settled that the fact that an

25  entity may have been involved in some legitimate activity

```
 1                    C E R T I F I C A T I O N

 2

 3      I, Dawn South, certify that the foregoing transcript is a

 4      true and accurate record of the proceedings.

 5

 6      _____

 7      Dawn South

 8      Certified Electronic Transcriber

 9

10

11

12

13

14

15      Date:   January 29, 2021

16

17

18

19

20

21

22      Veritext Legal Solutions

23      330 Old Country Road

24      Suite 300

25      Mineola, NY 11501
```

# CHAITMAN LLP
## 465 PARK AVENUE
### NEW YORK, NY 10022
### (888) 759-1114
TELEPHONE & FAX

*HELEN DAVIS CHAITMAN*
*hchaitman@chaitmanllp.com*

**VIA ECF**                                                                February 1, 2021

Hon. Vernon S. Broderick, U.S.D.J.
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, NY 10007

      **Re:**    **Picard v. Zieses Investment Partnership, No. 1:20-cv-02872 (VSB)**

Dear Judge Broderick:

     We write on behalf of Defendants in response to the January 28, 2021 letter of the Plaintiff, Irving H. Picard, the Trustee (the "Trustee") for the Liquidation of Bernard L. Madoff Investment Securities, LLC (the "LLC"), which forwards the decision of Bankruptcy Judge Morris in *Picard v. Estate of Seymour Epstein. et al.* Adv. Pro. No. 10-04438 (CGM) (Bankr. S.D.N.Y.), ECF No. 155 (the "*Epstein Decision*"). The Trustee argues that the Epstein Decision compels the denial of the Defendants' cross-motion for summary judgment and the granting of the Plaintiff's motion for summary judgment. For a number of reasons, it does not.

     First, the Epstein Decision is not a final decision. The Defendants did not file a SIPC claim which, as the Trustee has conceded, divests the bankruptcy court of jurisdiction to enter a judgment. All the bankruptcy court has the jurisdiction to do is enter a report and recommendation. As Judge Rakoff held: "the bankruptcy court may not . . . enter final judgment on avoidance claims" absent exceptions inapplicable here. *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 490 B.R. 46, 49 (S.D.N.Y. 2013). Under *Stern v. Marshall*, 564 U.S. 462, 492 (2011), and *Exec. Benefits Ins. Agency v. Arkison*, 573 U.S. 25, 36 (2014), claims such as the ones at issue here are not core claims and, therefore, courts must follow the practice applied in non-core proceedings, whereby bankruptcy courts may enter a final judgment only if (1) they are specially designated to do so by a district court *and* (2) both parties consent. *See* 28 U.S.C. § 157(e). As in this case, in *Epstein* the bankruptcy court does not have jurisdiction to enter a final judgment, since the Epstein defendants, like the Defendants here, did not file a SIPC claim under SIPA, 15 U.S.C. §§ 78aaa-111, and, as the Trustee did here, he consented to the withdrawal of the reference from the bankruptcy court. *See Picard v. Epstein,* Civ. No. 20-cv-01377 (GHW), ECF No. 5 (S.D.N.Y. March 6, 2020). Judge Woods referred the proposed motion for summary judgment to the bankruptcy court for proposed findings of fact and conclusions of law.[1] *Id.,* ECF. No. 8 (S.D.N.Y. June 8, 2020). The decision was rendered by Judge Morris because Judge Bernstein has announced his intention to retire from the bench.

---

[1] Following a conference in which Judge Woods provided Defendants with an opportunity to file a second motion to withdraw the reference asking the Court not to refer the motion for summary judgment to the bankruptcy court, Judge Woods dismissed the proceeding without prejudice.

# CHAITMAN LLP

Hon. Vernon S. Broderick, U.S.D.J.
February 1, 2021
Page 2

Second, the Epstein Decision is gravely flawed.  As an initial matter, Judge Bernstein, who handled the Madoff case for close to a decade, has repeatedly held that these cases are not amenable to summary judgment and had to be tried on numerous issues.  *See, e.g., Picard v. Savin,* Adv. Pro. No. 10-04889 (Bankr. S.D.N.Y, March 17, 2020) ECF No. 96 at 9:23-10:15; 12:11-15 ("[y]ou know my view on these summary judgment . . . , motions, particularly on the issues I've identified, [whether the JPMC Accounts were held by Madoff personally or by the LLC, whether the LLC was a Ponzi scheme, and if so, when it began, whether the LLC was allocating T-bills purchased to customers of the IA business, deposits and withdrawals] . . . I have to try it.").).

Further, the Court apparently relied upon a statement by the Trustee in reaching its determination that the T-Bill purchases that appear on the Epstein customer statements are all "fictitious."  *See* Epstein Decision at page 7 of 11, citing a finding, made after a trial, in *Picard v. Nelson,* 610 B.R. 197, 214 (Bankr. S.D.N.Y. 2019) that "although the Proprietary Trading Business purchased T-Bills, the volume of T-Bills that appeared on the customer statements dwarfed the aggregate volume of T-Bills actually purchased and held by BLMIS."

As Defendants pointed out in their summary judgment papers in this case, the Trustee refused to produce all of the customer statements to Defendants.  Indeed, in 2016, this firm moved to compel the Trustee to produce the customer statements of non-clients and the Trustee refused to do so.  Judge Bernstein refused to order the Trustee to produce the statements of non-customers. *See* Trustee Response to Defendants' Document Demands and Interrogatories served in Adv. Pro. No. 10-04995 and dated April 8, 2016, [Response to Request No. 2], *Picard v. Wilenitz*, Adv. Pro. No. 10-04995 ECF No. 70-2].

As the Trustee has always represented to me, the customer statements are only produced to the attorney defending the particular customer.  Discovery closed in these cases on May 31, 2019 and, as of that date, the Trustee never claimed he had given Defendants access to the customer statements of all Madoff customers.  Obviously, if he had done so, the Trustee would have argued before this Court that we had access to the entire body of Madoff customer statements.  He made no such argument -- not in this Court; not in any court – until last week before Judge Morris.  The Trustee claimed at the January 27, 2021 hearing on the summary judgment motions in the *Epstein* case that all of the customer statements had been produced in the Trustee's E-Data Room and that Judge Bernstein had found that to be true as part of his decision granting sanctions.  *See* **Exhibit A** [January 27, 2021 Transcript of Hearing, 27:4-12] But this is not correct. Judge Bernstein made no such finding.  After last week's argument, we attempted to access customer statements of non-clients in the E-Data room and determined that we could only access such statements if we had the customer name or the account number.  While, with that information, these statements are accessible now, they were not accessible prior to the end of discovery on May 31, 2019 and, we believe, were not accessible when the Trustee submitted his opposition to our summary judgment motion in this Court.  Otherwise, surely, he would have made the argument he made last week to Judge Morris.  Indeed, if all of the customer statements had been timely produced in discovery by the Trustee, surely he would have submitted a sworn statement so stating in response to our summary judgment motion.  He did not do so.  Instead, he simply said that we had already been sanctioned for making what he referred to as "these spurious accusations."  As set forth above, we were not.  Obviously, since the documents were unavailable to us during the discovery period, any later production cannot be used to structure an after-the-fact

# CHAITMAN LLP

Hon. Vernon S. Broderick, U.S.D.J.
February 1, 2021
Page 3

argument as to what the documents prove. And, as set forth in Defendants' summary judgment submissions, in any event we already know that the T-Bill purchases for the Defendants in question do not appear on the statements of all of the other clients of this firm.

The law is clear that, where a party refuses to produce evidence requested in discovery, that party is precluded from relying on such evidence itself. *Taylor v. Illinois*, 108 S. Ct. 646 (1988) (affirming an order precluding testimony where a witness had not been identified in pretrial discovery); *Victorinox AG v. The B & F Sys., Inc.*, 2015 WL 9256944, at *2, n.2 (S.D.N.Y. Dec. 15, 2015), *aff'd sub nom. Victorinox AG v. B&F Sys., Inc.*, 709 F. App'x 44 (2d Cir. 2017), *as amended* (Oct. 4, 2017) (refusing to consider cost data estimates because they were not produced during discovery); *Taveras v. City of New York*, 2009 WL 10701924, at *7 (E.D.N.Y. Apr. 7, 2009) (precluding defendants from relying on charts that were not produced during discovery); *cf. Costa v. Sears Home Imp. Products, Inc.,* 65 F. Supp.3d 333*, 346 (W.D.N.Y. 2014) (holding on summary judgment that a party could not rely on an affidavit the other party did not know about); *Preuss v. Kolmar Labs., Inc.,* 970 F. Supp. 2d 171, 178-79 (S.D.N.Y. 2013) (striking affirmation for failure to disclose pursuant to Fed. R. Civ. P. 26). As such, there is no evidence to support a finding that the volume of T-Bills that appeared on the customer statements dwarfed the aggregate volume of T-Bills actually purchased and held by the LLC. Accordingly, the question whether the T-Bill purchases that appeared on the customer statements were "real" remains a contested issue of material fact.

There are numerous other reversible errors in the bankruptcy court's decision. For example, Defendants contested the receipt of certain withdrawals which increased the Trustee's claim and the Trustee lacked any documentary evidence of those withdrawals. Defendants contested the Trustee's contention that he has standing to sue the Defendants because the funds paid to Defendants belonged to Madoff individually and not to the LLC, of which he is Trustee. The Defendants have substantial evidence that the investment advisory business was not a Ponzi scheme although, clearly, it was a fraud. As to all of these issues, the bankruptcy court not only ignored Judge Bernstein's holdings that these issues had to be tried but also ignored the compelling evidence upon which the Defendants relied.

Under such circumstances, the *Epstein* Decision provides no support for the Trustee's contention that he is entitled to summary judgment.

Respectfully submitted,

*/s/ Helen Davis Chaitman*

Helen Davis Chaitman

HDC:aws
cc:      All Counsel of Record (*via ECF and email*)

# EXHIBIT A

```
                                                  Page 1

 1    UNITED STATES BANKRUPTCY COURT

 2    SOUTHERN DISTRICT OF NEW YORK

 3

 4    - - - - - - - - - - - - - - - - - - - - - - - - - x

 5    SECURITIES INVESTOR PROTECTION

 6    CCORPORATION,

 7                   Plaintiff,

 8    v.                          Case No. 08-01789(SMB)

 9    BERNARD L. MADOFF

10    INVESTMENT SECURITIES LLC,

11                   Defendant.

12    - - - - - - - - - - - - - - - - - - - - - - - - - x

13    IRVING H. PICARD, TRUSTEE FOR

14    THE LIQUIDATION OF B,

15                   Plaintiff,

16    v.                          Adv. Case No. 10-04438(CGM)

17    ESTATE OF SEYMOUR EPSTEIN,

18    ET AL.,

19                   Defendant.

20    - - - - - - - - - - - - - - - - - - - - - - - - - x

21

22

23

24

25
```

Page 2

```
 1                    U.S. Bankruptcy Court

 2                    One Bowling Green

 3                    New York, New York 10004-1408

 4

 5                    January 27, 2021

 6                    10:00 AM

 7

 8

 9   B E F O R E :

10   HON CECELIA G. MORRIS

11   U.S. BANKRUPTCY JUDGE

12

13

14   Hearing re:  Doc# 136 Reply to Motion Defendants Reply

15   Memorandum of Law in Further Support of Their Cross-Motion

16   for Summary Judgment Dismissing the Complaint filed by Helen

17   Davis Chaitman on behalf of Estate of Seymour Epstein,

18   Herbert C. Kantor, as trustee of Trusts created by the Last

19   Will and Testament of Seymour Epstein, Jane Epstein, as

20   beneficiary of the Estate of Seymour Epstein and/or the

21   Trusts created by the Last Will and Testament of Seymour

22   Epstein, Muriel Epstein, as beneficiary of the Estate of

23   Seymour Epstein and/or Trusts created by Last Will and

24   Testament of Seymour Epstein, as executor of the Estate

25   and/or trustee of the Trusts created, Randy Epstein Austin,
```

Page 3

```
 1    as beneficiary of the Estate of Seymour Epstein and/or the

 2    Trusts created by the last Will and Testament of Seymour

 3    Epstein, Robert Epstein, as beneficiary of the Estate of

 4    Seymour Epstein and/or Trusts created by the Last Will and

 5    Testament of Seymour Epstein, Shelburne Shirt Company, Inc.,

 6    Susan Epstein Gross, as beneficiary of the Estate of Seymour

 7    Epstein and/or the Trusts created by the Last Will and

 8    Testament of Seymour Epstein.

 9

10    Hearing re:  Doc# 113 Motion for Summary Judgment /Notice of

11    Motion for Summary Judgment filed by Nicholas Cremona on

12    behalf of Irving H. Picard, Trustee for the Liquidation of

13    Bernard L. Madoff Investment Securities LLC, and Bernard L.

14    Madoff. with hearing to be held on 11/18/2020 at 10:00 AM at

15    Courtroom 723 (SMB).

16

17    Hearing re:  Doc# 139 Notice of Adjournment of Hearing RE:

18    Counter Statement of Material Facts in Opposition to the

19    Trustees Motion for Summary Judgment and in Support of

20    Defendants Cross-Motion for Summary Judgment Dismissing the

21    Complaint filed by Helen Davis Chaitman on behalf of Estate

22    of Seymour Epstein, Herbert C. Kantor, as trustee of Trusts

23    created by the Last Will and Testament of Seymour Epstein,

24    Jane Epstein, as beneficiary of the Estate of Seymour

25    Epstein and/or the Trusts created by the Last Will and
```

```
 1   Testament of Seymour Epstein, Muriel Epstein, as beneficiary
 2   of the Estate of Seymour Epstein and/or Trusts created by
 3   Last Will and Testament of Seymour Epstein, as executor of
 4   the Estate and/or trustee of the Trusts created, Randy
 5   Epstein Austin, as beneficiary of the Estate of Seymour
 6   Epstein and/or the Trusts created by the last Will and
 7   Testament of Seymour Epstein, Robert Epstein, as beneficiary
 8   of the Estate of Seymour Epstein and/or Trusts created by
 9   the Last Will and Testament of Seymour Epstein, Shelburne
10   Shirt Company, Inc., Susan Epstein Gross, as beneficiary of
11   the Estate of Seymour Epstein and/or the Trusts created by
12   the Last Will and Testament of Seymour Epstein; hearing not
13   held and adjourned to 1/27/2021 at 10:00 AM at
14   Teleconference Line (CourtSolutions) (CGM).
15
16   Hearing re:  Doc# 140 Notice of Adjournment of Hearing RE:
17   Response to Motion Opposition and Response to Trustees Rule
18   56.1 Statement of Material Facts (related document(s)115)
19   filed by Helen Davis Chaitman on behalf of Estate of Seymour
20   Epstein, Herbert C. Kantor, as trustee of Trusts created by
21   the Last Will and Testament of Seymour Epstein, Jane
22   Epstein, as beneficiary of the Estate of Seymour Epstein
23   and/or the Trusts created by the Last Will and Testament of
24   Seymour Epstein, Muriel Epstein, as beneficiary of the
25   Estate of Seymour Epstein and/or Trusts created by Last Will
```

1   and Testament of Seymour Epstein, as executor of the Estate

2   and/or trustee of the Trusts created, Randy Epstein Austin,

3   as beneficiary of the Estate of Seymour Epstein and/or the

4   Trusts created by the last Will and Testament of Seymour

5   Epstein, Robert Epstein, as beneficiary of the Estate of

6   Seymour Epstein and/or Trusts created by the Last Will and

7   Testament of Seymour Epstein, Shelburne Shirt Company, Inc.,

8   Susan Epstein Gross, as beneficiary of the Estate of Seymour

9   Epstein and/or the Trusts created by the Last Will and

10   Testament of Seymour Epstein; hearing not held and adjourned

11   to 1/27/2021 at 10:00 AM at Teleconference Line

12   (CourtSolutions) (CGM).

13

14   Hearing re:  Doc# 141 Notice of Adjournment of Hearing RE:

15   Memorandum of Law in Opposition to the Trustees Motion for

16   Summary Judgment and in Support of Defendants Cross-Motion

17   for Summary Judgment Dismissing the Complaint (related

18   document(s)121) filed by Helen Davis Chaitman on behalf of

19   Estate of Seymour Epstein, Herbert C. Kantor, as trustee of

20   Trusts created by the Last Will and Testament of Seymour

21   Epstein, Jane Epstein, as beneficiary of the Estate of

22   Seymour Epstein and/or the Trusts created by the Last Will

23   and Testament of Seymour Epstein, Muriel Epstein, as

24   beneficiary of the Estate of Seymour Epstein and/or Trusts

25   created by Last Will and Testament of Seymour Epstein, as

Page 6

```
 1    executor of the Estate and/or trustee of the Trusts created,
 2    Randy Epstein Austin, as beneficiary of the Estate of
 3    Seymour Epstein and/or the Trusts created by the last Will
 4    and Testament of Seymour Epstein, Robert Epstein, as
 5    beneficiary of the Estate of Seymour Epstein and/or Trusts
 6    created by the Last Will and Testament of Seymour Epstein,
 7    Shelburne Shirt Company, Inc., Susan Epstein Gross, as
 8    beneficiary of the Estate of Seymour Epstein and/or the
 9    Trusts created by the Last Will and Testament of Seymour
10    Epstein; hearing not held and adjourned to 1/27/2021 at
11    10:00 AM at Teleconference Line (CourtSolutions) (CGM).
12
13    Hearing re:  Doc# 142 Notice of Adjournment of Hearing RE:
14    Cross Motion for Summary Judgment filed by Helen Davis
15    Chaitman on behalf of Estate of Seymour Epstein, Herbert C.
16    Kantor, as trustee of Trusts created by the Last Will and
17    Testament of Seymour Epstein, Jane Epstein, as beneficiary
18    of the Estate of Seymour Epstein and/or the Trusts created
19    by the Last Will and Testament of Seymour Epstein, Muriel
20    Epstein, as beneficiary of the Estate of Seymour Epstein
21    and/or Trusts created by Last Will and Testament of Seymour
22    Epstein, as executor of the Estate and/or trustee of the
23    Trusts created, Randy Epstein Austin, as beneficiary of the
24    Estate of Seymour Epstein and/or the Trusts created by the
25    last Will and Testament of Seymour Epstein, Robert Epstein,
```

1    as beneficiary of the Estate of Seymour Epstein and/or

2    Trusts created by the Last Will and Testament of Seymour

3    Epstein, Shelburne Shirt Company, Inc., Susan Epstein Gross,

4    as beneficiary of the Estate of Seymour Epstein and/or the

5    Trusts created by the Last Will and Testament of Seymour

6    Epstein; hearing not held and adjourned to 1/27/2021 at

7    10:00 AM at Teleconference Line (CourtSolutions) (CGM).

8

9    Hearing re: Doc# 143 Notice of Adjournment of Hearing RE:

10   Memorandum of Law /Trustees Reply Memorandum of Law in

11   Further Support of Motion for Summary Judgment filed by

12   Nicholas Cremona on behalf of Irving H. Picard, Trustee for

13   the Liquidation of Bernard L. Madoff Investment Securities

14   LLC, and Bernard L. Madoff; hearing not held and adjourned

15   to /27/2021 at 10:00 AM at Teleconference Line

16   (CourtSolutions) (CGM).

17

18   Hearing re: Doc# 144 Notice of Adjournment of Hearing RE:

19   Declaration /Trustees Responses and Objections to Defendants

20   Counterstatement of Material Facts filed by Nicholas Cremona

21   on behalf of Irving H. Picard, Trustee for the Liquidation

22   of Bernard L. Madoff Investment Securities LLC, and Bernard

23   L. Madoff; hearing not held and adjourned to 1/27/2021 at

24   10:00 AM at Teleconference Line (CourtSolutions) (CGM).

25

Page 8

1   Hearing re:  Doc# 145 Notice of Adjournment of Hearing RE:

2   Motion for Summary Judgment /Trustees Memorandum of Law in

3   Support of Motion for Summary Judgment (related

4   document(s)113) filed by Nicholas Cremona on behalf of

5   Irving H. Picard, Trustee for the Liquidation of Bernard L.

6   Madoff Investment Securities LLC, and Bernard L. Madoff;

7   hearing not held and adjourned to 1/27/2021 at 10:00 AM at

8   Teleconference Line (CourtSolutions) (CGM).

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Page 9

```
 1    A P P E A R A N C E S :

 2    BAKER HOSTETLER

 3         Attorneys for the Trustee

 4         45 Rockefeller Plaza

 5         New York, NY 10111

 6

 7    BY:  NICHOLAS CREMONA, ESQ. (VIA ZOOM)

 8         STEPHANIE ACKERMAN, ESQ. (VIA ZOOM)

 9

10    CHAITMAN LLP

11         Attorney for the Defendants

12         465 Park Avenue

13         New York,  NY 10022

14

15    BY:  HELEN DAVIS CHAITMAN, ESQ. (VIA ZOOM)

16

17

18

19

20

21

22

23

24

25    Transcribed by:  Dawn South
```

1   considered these arguments not only through the motions to

2   compel that defendants filed related to the erroneous claims

3   that the trustee has refused to provide the customer

4   statements to her, the trustee has explained to -- has

5   responded to discovery requests to the defendant, to defense

6   counsel here and prior to the Nelson case, that all of the

7   BLMIS customer statements are available and made available

8   to the defendants in the data room.

9           THE COURT:  Okay.

10          MS. ACKERMAN:  Judge Bernstein found that to be

11  true, and credited it as part of the sanctions against

12  counsel.

13          Second, Mr. Dubinsky's testimony has been

14  consistent, it was heard by Judge Bernstein, his testimony

15  has never wavered, and the relevant statements can be found

16  at paragraphs 228 and 340 of his report, which explain that

17  -- or his findings that no securities were ever purchased on

18  behalf of any investment advisory customer, not as the

19  defendant attempts to state that none were ever purchased.

20  He discusses the cash management piece, and explains that

21  not only in his 2019 report but also in his earlier report

22  dating back to 2013.

23          As to the arguments against the Ponzi scheme.

24          First it's well settled that the fact that an

25  entity may have been involved in some legitimate activity

Page 30

1                    C E R T I F I C A T I O N

2

3      I, Dawn South, certify that the foregoing transcript is a

4      true and accurate record of the proceedings.

5

6      _____

7      Dawn South

8      Certified Electronic Transcriber

9

10

11

12

13

14

15     Date:  January 29, 2021

16

17

18

19

20

21

22      Veritext Legal Solutions

23      330 Old Country Road

24      Suite 300

25      Mineola, NY 11501

# CHAITMAN LLP

### 465 PARK AVENUE
### NEW YORK, NY 10022
### (888) 759-1114
TELEPHONE & FAX

*HELEN DAVIS CHAITMAN*
*hchaitman@chaitmanllp.com*

**VIA ECF**                                                                                    February 1, 2021

Hon. John G. Koeltl, U.S.D.J.
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007-1312

> **Re:    Picard v. Lisa Beth Nissenbaum Trust, et al,**
> **Civil Action No. 1:20-cv-03140 (JGK)**

Dear Judge Koeltl:

We write on behalf of Defendants in response to the January 28, 2021 letter of the Plaintiff, Irving H. Picard, the Trustee (the "Trustee") for the Liquidation of Bernard L. Madoff Investment Securities, LLC (the "LLC"), which forwards the decision of Bankruptcy Judge Morris in *Picard v. Estate of Seymour Epstein. et al.* Adv. Pro. No. 10-04438 (CGM) (Bankr. S.D.N.Y.), ECF No. 155 (the "*Epstein Decision*"). The Trustee argues that the Epstein Decision compels the denial of the Defendants' cross-motion for summary judgment and the granting of the Plaintiff's motion for summary judgment. For a number of reasons, it does not.

First, the Epstein Decision is not a final decision. The Defendants did not file a SIPC claim which, as the Trustee has conceded, divests the bankruptcy court of jurisdiction to enter a judgment. All the bankruptcy court has the jurisdiction to do is enter a report and recommendation. As Judge Rakoff held: "the bankruptcy court may not . . . enter final judgment on avoidance claims" absent exceptions inapplicable here. *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 490 B.R. 46, 49 (S.D.N.Y. 2013). Under *Stern v. Marshall*, 564 U.S. 462, 492 (2011), and *Exec. Benefits Ins. Agency v. Arkison*, 573 U.S. 25, 36 (2014), claims such as the ones at issue here are not core claims and, therefore, courts must follow the practice applied in non-core proceedings, whereby bankruptcy courts may enter a final judgment only if (1) they are specially designated to do so by a district court *and* (2) both parties consent. *See* 28 U.S.C. § 157(e). As in this case, in *Epstein* the bankruptcy court does not have jurisdiction to enter a final judgment, since the Epstein defendants, like the Defendants here, did not file a SIPC claim under SIPA, 15 U.S.C. §§ 78aaa-111, and, as the Trustee did here, he consented to the withdrawal of the reference from the bankruptcy court. *See Picard v. Epstein*, Civ. No. 20-cv-01377 (GHW), ECF No. 5 (S.D.N.Y. March 6, 2020). Judge Woods referred the proposed motion for summary judgment to the bankruptcy court for proposed findings of fact and conclusions of law.[1]  *Id.,*

---

[1] Following a conference in which Judge Woods provided Defendants with an opportunity to file a second motion to withdraw the reference asking the Court not to refer the motion for summary judgment to the bankruptcy court, Judge Woods dismissed the proceeding without prejudice.

# CHAITMAN LLP

ECF. No. 8 (S.D.N.Y. June 8, 2020). The decision was rendered by Judge Morris because Judge Bernstein has announced his intention to retire from the bench.

Second, the Epstein Decision is gravely flawed. As an initial matter, Judge Bernstein, who handled the Madoff case for close to a decade, has repeatedly held that these cases are not amenable to summary judgment and had to be tried on numerous issues. *See, e.g., Picard v. Savin,* Adv. Pro. No. 10-04889 (Bankr. S.D.N.Y, March 17, 2020) ECF No. 96 at 9:23-10:15; 12:11-15 ("[y]ou know my view on these summary judgment . . . , motions, particularly on the issues I've identified, [whether the JPMC Accounts were held by Madoff personally or by the LLC, whether the LLC was a Ponzi scheme, and if so, when it began, whether the LLC was allocating T-bills purchased to customers of the IA business, deposits and withdrawals] . . . I have to try it.").).

Further, the Court apparently relied upon a statement by the Trustee in reaching its determination that the T-Bill purchases that appear on the Epstein customer statements were all "fictitious." *See* Epstein Decision at page 7 of 11, citing a finding, made after a trial, in *Picard v. Nelson,* 610 B.R. 197, 214 (Bankr. S.D.N.Y. 2019), that "although the Proprietary Trading Business purchased T-Bills, the volume of T-Bills that appeared on the customer statements dwarfed the aggregate volume of T-Bills actually purchased and held by BLMIS."

As Defendants pointed out in their summary judgment papers in this case, the Trustee refused to produce all of the customer statements to Defendants. Indeed, in 2016, this firm moved to compel the Trustee to produce the customer statements of non-clients and the Trustee refused to do so. Judge Bernstein refused to order the Trustee to produce the statements of non-customers. *See* Trustee Response to Defendants' Document Demands and Interrogatories served in Adv. Pro. No. 10-04995 and dated April 8, 2016, [Response to Request No. 2], *Picard v. Wilenitz,* Adv. Pro. No. 10-04995 ECF No. 70-2].

As the Trustee has always represented to me, the customer statements are only produced to the attorney defending the particular customer. Discovery closed in these cases on May 31, 2019 and, as of that date, the Trustee never claimed he had given Defendants access to the customer statements of all Madoff customers. Obviously, if he had done so, the Trustee would have argued before this Court that we had access to the entire body of Madoff customer statements. He made no such argument -- not in this Court; not in any court – until last week before Judge Morris. The Trustee claimed at the January 27, 2021 hearing on the summary judgment motions in the *Epstein* case that all of the customer statements had been produced in the Trustee's E-Data Room and that Judge Bernstein had found that to be true as part of his decision granting sanctions. *See* **Exhibit A** [January 27, 2021 Transcript of Hearing, 27:4-12] But this is not correct. Judge Bernstein made no such finding. After last week's argument, we attempted to access customer statements of non-clients in the E-Data room and determined that we could only access such statements if we had the customer name or the account number. While, with that information, these statements are accessible now, they were not accessible prior to the end of discovery on May 31, 2019 and, we believe, were not accessible when the Trustee submitted his opposition to our summary judgment motion in this Court. Otherwise, surely, he would have made the argument he made last week to Judge Morris. Indeed, if all of the customer statements had been timely produced in discovery by the Trustee, surely he would have submitted a sworn statement so stating in response to our summary judgment motion. He did not do so. Instead, he simply said that we had already been sanctioned for making what he referred to as "these spurious

# CHAITMAN LLP

Hon. John G. Koeltl, U.S.D.J.
February 1, 2021
Page 3

accusations." As set forth above, we were not. Obviously, since the documents were unavailable to us during the discovery period, any later production cannot be used to structure an after-the-fact argument as to what the documents prove. And, as set forth in Defendants' summary judgment submissions, in any event we already know that the T-Bill purchases for the Defendants in question do not appear on the statements of all of the other clients of this firm.

The law is clear that, where a party refuses to produce evidence requested in discovery, that party is precluded from relying on such evidence itself. *Taylor v. Illinois*, 108 S. Ct. 646 (1988) (affirming an order precluding testimony where a witness had not been identified in pretrial discovery); *Victorinox AG v. The B & F Sys., Inc.*, 2015 WL 9256944, at *2, n.2 (S.D.N.Y. Dec. 15, 2015), *aff'd sub nom. Victorinox AG v. B&F Sys., Inc.*, 709 F. App'x 44 (2d Cir. 2017), *as amended* (Oct. 4, 2017) (refusing to consider cost data estimates because they were not produced during discovery); *Taveras v. City of New York*, 2009 WL 10701924, at *7 (E.D.N.Y. Apr. 7, 2009) (precluding defendants from relying on charts that were not produced during discovery); *cf. Costa v. Sears Home Imp. Products, Inc.*, 65 F. Supp.3d 333, 346 (W.D.N.Y. 2014) (holding on summary judgment that a party could not rely on an affidavit the other party did not know about); *Preuss v. Kolmar Labs., Inc.*, 970 F. Supp. 2d 171, 178-79 (S.D.N.Y. 2013) (striking affirmation for failure to disclose pursuant to Fed. R. Civ. P. 26). As such, there is no evidence to support a finding that the volume of T-Bills that appeared on the customer statements dwarfed the aggregate volume of T-Bills actually purchased and held by the LLC. Accordingly, the question whether the T-Bill purchases that appeared on the customer statements were "real" remains a contested issue of material fact.

There are numerous other reversible errors in the bankruptcy court's decision. For example, Defendants contested the receipt of certain withdrawals which increased the Trustee's claim and the Trustee lacked any documentary evidence of those withdrawals. Defendants contested the Trustee's contention that he has standing to sue the Defendants because the funds paid to Defendants belonged to Madoff individually and not to the LLC, of which he is Trustee. The Defendants have substantial evidence that the investment advisory business was not a Ponzi scheme although, clearly, it was a fraud. As to all of these issues, the bankruptcy court not only ignored Judge Bernstein's holdings that these issues had to be tried but also ignored the compelling evidence upon which the Defendants relied.

Under such circumstances, the *Epstein* Decision provides no support for the Trustee's contention that he is entitled to summary judgment.

Respectfully submitted,

*/s/ Helen Davis Chaitman*

Helen Davis Chaitman

HDC

cc:     All Counsel of Record (*via ECF and email*)

{00045955 1 }

# EXHIBIT A

```
                                                      Page 1

 1    UNITED STATES BANKRUPTCY COURT

 2    SOUTHERN DISTRICT OF NEW YORK

 3

 4    - - - - - - - - - - - - - - - - - - - - - - - - - - x

 5    SECURITIES INVESTOR PROTECTION

 6    CCORPORATION,

 7                    Plaintiff,

 8    v.                            Case No. 08-01789(SMB)

 9    BERNARD L. MADOFF

10    INVESTMENT SECURITIES LLC,

11                    Defendant.

12    - - - - - - - - - - - - - - - - - - - - - - - - - - x

13    IRVING H. PICARD, TRUSTEE FOR

14    THE LIQUIDATION OF B,

15                    Plaintiff,

16    v.                            Adv. Case No. 10-04438(CGM)

17    ESTATE OF SEYMOUR EPSTEIN,

18    ET AL.,

19                    Defendant.

20    - - - - - - - - - - - - - - - - - - - - - - - - - - x

21

22

23

24

25
```

Page 2

```
 1                    U.S. Bankruptcy Court

 2                    One Bowling Green

 3                    New York, New York 10004-1408

 4

 5                    January 27, 2021

 6                    10:00 AM

 7

 8

 9     B E F O R E :

10     HON CECELIA G. MORRIS

11     U.S. BANKRUPTCY JUDGE

12

13

14     Hearing re:  Doc# 136 Reply to Motion Defendants Reply

15     Memorandum of Law in Further Support of Their Cross-Motion

16     for Summary Judgment Dismissing the Complaint filed by Helen

17     Davis Chaitman on behalf of Estate of Seymour Epstein,

18     Herbert C. Kantor, as trustee of Trusts created by the Last

19     Will and Testament of Seymour Epstein, Jane Epstein, as

20     beneficiary of the Estate of Seymour Epstein and/or the

21     Trusts created by the Last Will and Testament of Seymour

22     Epstein, Muriel Epstein, as beneficiary of the Estate of

23     Seymour Epstein and/or Trusts created by Last Will and

24     Testament of Seymour Epstein, as executor of the Estate

25     and/or trustee of the Trusts created, Randy Epstein Austin,
```

```
 1    as beneficiary of the Estate of Seymour Epstein and/or the

 2    Trusts created by the last Will and Testament of Seymour

 3    Epstein, Robert Epstein, as beneficiary of the Estate of

 4    Seymour Epstein and/or Trusts created by the Last Will and

 5    Testament of Seymour Epstein, Shelburne Shirt Company, Inc.,

 6    Susan Epstein Gross, as beneficiary of the Estate of Seymour

 7    Epstein and/or the Trusts created by the Last Will and

 8    Testament of Seymour Epstein.

 9

10    Hearing re:  Doc# 113 Motion for Summary Judgment /Notice of

11    Motion for Summary Judgment filed by Nicholas Cremona on

12    behalf of Irving H. Picard, Trustee for the Liquidation of

13    Bernard L. Madoff Investment Securities LLC, and Bernard L.

14    Madoff. with hearing to be held on 11/18/2020 at 10:00 AM at

15    Courtroom 723 (SMB).

16

17    Hearing re:  Doc# 139 Notice of Adjournment of Hearing RE:

18    Counter Statement of Material Facts in Opposition to the

19    Trustees Motion for Summary Judgment and in Support of

20    Defendants Cross-Motion for Summary Judgment Dismissing the

21    Complaint filed by Helen Davis Chaitman on behalf of Estate

22    of Seymour Epstein, Herbert C. Kantor, as trustee of Trusts

23    created by the Last Will and Testament of Seymour Epstein,

24    Jane Epstein, as beneficiary of the Estate of Seymour

25    Epstein and/or the Trusts created by the Last Will and
```

```
 1    Testament of Seymour Epstein, Muriel Epstein, as beneficiary
 2    of the Estate of Seymour Epstein and/or Trusts created by
 3    Last Will and Testament of Seymour Epstein, as executor of
 4    the Estate and/or trustee of the Trusts created, Randy
 5    Epstein Austin, as beneficiary of the Estate of Seymour
 6    Epstein and/or the Trusts created by the last Will and
 7    Testament of Seymour Epstein, Robert Epstein, as beneficiary
 8    of the Estate of Seymour Epstein and/or Trusts created by
 9    the Last Will and Testament of Seymour Epstein, Shelburne
10    Shirt Company, Inc., Susan Epstein Gross, as beneficiary of
11    the Estate of Seymour Epstein and/or the Trusts created by
12    the Last Will and Testament of Seymour Epstein; hearing not
13    held and adjourned to 1/27/2021 at 10:00 AM at
14    Teleconference Line (CourtSolutions) (CGM).
15
16    Hearing re:  Doc# 140 Notice of Adjournment of Hearing RE:
17    Response to Motion Opposition and Response to Trustees Rule
18    56.1 Statement of Material Facts (related document(s)115)
19    filed by Helen Davis Chaitman on behalf of Estate of Seymour
20    Epstein, Herbert C. Kantor, as trustee of Trusts created by
21    the Last Will and Testament of Seymour Epstein, Jane
22    Epstein, as beneficiary of the Estate of Seymour Epstein
23    and/or the Trusts created by the Last Will and Testament of
24    Seymour Epstein, Muriel Epstein, as beneficiary of the
25    Estate of Seymour Epstein and/or Trusts created by Last Will
```

Page 5

```
 1   and Testament of Seymour Epstein, as executor of the Estate

 2   and/or trustee of the Trusts created, Randy Epstein Austin,

 3   as beneficiary of the Estate of Seymour Epstein and/or the

 4   Trusts created by the last Will and Testament of Seymour

 5   Epstein, Robert Epstein, as beneficiary of the Estate of

 6   Seymour Epstein and/or Trusts created by the Last Will and

 7   Testament of Seymour Epstein, Shelburne Shirt Company, Inc.,

 8   Susan Epstein Gross, as beneficiary of the Estate of Seymour

 9   Epstein and/or the Trusts created by the Last Will and

10   Testament of Seymour Epstein; hearing not held and adjourned

11   to 1/27/2021 at 10:00 AM at Teleconference Line

12   (CourtSolutions) (CGM).

13

14   Hearing re:  Doc# 141 Notice of Adjournment of Hearing RE:

15   Memorandum of Law in Opposition to the Trustees Motion for

16   Summary Judgment and in Support of Defendants Cross-Motion

17   for Summary Judgment Dismissing the Complaint (related

18   document(s)121) filed by Helen Davis Chaitman on behalf of

19   Estate of Seymour Epstein, Herbert C. Kantor, as trustee of

20   Trusts created by the Last Will and Testament of Seymour

21   Epstein, Jane Epstein, as beneficiary of the Estate of

22   Seymour Epstein and/or the Trusts created by the Last Will

23   and Testament of Seymour Epstein, Muriel Epstein, as

24   beneficiary of the Estate of Seymour Epstein and/or Trusts

25   created by Last Will and Testament of Seymour Epstein, as
```

Page 6

```
 1    executor of the Estate and/or trustee of the Trusts created,
 2    Randy Epstein Austin, as beneficiary of the Estate of
 3    Seymour Epstein and/or the Trusts created by the last Will
 4    and Testament of Seymour Epstein, Robert Epstein, as
 5    beneficiary of the Estate of Seymour Epstein and/or Trusts
 6    created by the Last Will and Testament of Seymour Epstein,
 7    Shelburne Shirt Company, Inc., Susan Epstein Gross, as
 8    beneficiary of the Estate of Seymour Epstein and/or the
 9    Trusts created by the Last Will and Testament of Seymour
10    Epstein; hearing not held and adjourned to 1/27/2021 at
11    10:00 AM at Teleconference Line (CourtSolutions) (CGM).
12
13    Hearing re:  Doc# 142 Notice of Adjournment of Hearing RE:
14    Cross Motion for Summary Judgment filed by Helen Davis
15    Chaitman on behalf of Estate of Seymour Epstein, Herbert C.
16    Kantor, as trustee of Trusts created by the Last Will and
17    Testament of Seymour Epstein, Jane Epstein, as beneficiary
18    of the Estate of Seymour Epstein and/or the Trusts created
19    by the Last Will and Testament of Seymour Epstein, Muriel
20    Epstein, as beneficiary of the Estate of Seymour Epstein
21    and/or Trusts created by Last Will and Testament of Seymour
22    Epstein, as executor of the Estate and/or trustee of the
23    Trusts created, Randy Epstein Austin, as beneficiary of the
24    Estate of Seymour Epstein and/or the Trusts created by the
25    last Will and Testament of Seymour Epstein, Robert Epstein,
```

Page 7

1    as beneficiary of the Estate of Seymour Epstein and/or

2    Trusts created by the Last Will and Testament of Seymour

3    Epstein, Shelburne Shirt Company, Inc., Susan Epstein Gross,

4    as beneficiary of the Estate of Seymour Epstein and/or the

5    Trusts created by the Last Will and Testament of Seymour

6    Epstein; hearing not held and adjourned to 1/27/2021 at

7    10:00 AM at Teleconference Line (CourtSolutions) (CGM).

8

9    Hearing re:  Doc# 143 Notice of Adjournment of Hearing RE:

10   Memorandum of Law /Trustees Reply Memorandum of Law in

11   Further Support of Motion for Summary Judgment filed by

12   Nicholas Cremona on behalf of Irving H. Picard, Trustee for

13   the Liquidation of Bernard L. Madoff Investment Securities

14   LLC, and Bernard L. Madoff; hearing not held and adjourned

15   to /27/2021 at 10:00 AM at Teleconference Line

16   (CourtSolutions) (CGM).

17

18   Hearing re:  Doc# 144 Notice of Adjournment of Hearing RE:

19   Declaration /Trustees Responses and Objections to Defendants

20   Counterstatement of Material Facts filed by Nicholas Cremona

21   on behalf of Irving H. Picard, Trustee for the Liquidation

22   of Bernard L. Madoff Investment Securities LLC, and Bernard

23   L. Madoff; hearing not held and adjourned to 1/27/2021 at

24   10:00 AM at Teleconference Line (CourtSolutions) (CGM).

25

1    Hearing re:  Doc# 145 Notice of Adjournment of Hearing RE:

2    Motion for Summary Judgment /Trustees Memorandum of Law in

3    Support of Motion for Summary Judgment (related

4    document(s)113) filed by Nicholas Cremona on behalf of

5    Irving H. Picard, Trustee for the Liquidation of Bernard L.

6    Madoff Investment Securities LLC, and Bernard L. Madoff;

7    hearing not held and adjourned to 1/27/2021 at 10:00 AM at

8    Teleconference Line (CourtSolutions) (CGM).

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1   A P P E A R A N C E S :

 2   BAKER HOSTETLER

 3        Attorneys for the Trustee

 4        45 Rockefeller Plaza

 5        New York, NY 10111

 6

 7   BY:  NICHOLAS CREMONA, ESQ. (VIA ZOOM)

 8        STEPHANIE ACKERMAN, ESQ. (VIA ZOOM)

 9

10   CHAITMAN LLP

11        Attorney for the Defendants

12        465 Park Avenue

13        New York,  NY 10022

14

15   BY:  HELEN DAVIS CHAITMAN, ESQ. (VIA ZOOM)

16

17

18

19

20

21

22

23

24

25   Transcribed by:  Dawn South
```

1  considered these arguments not only through the motions to

2  compel that defendants filed related to the erroneous claims

3  that the trustee has refused to provide the customer

4  statements to her, the trustee has explained to -- has

5  responded to discovery requests to the defendant, to defense

6  counsel here and prior to the Nelson case, that all of the

7  BLMIS customer statements are available and made available

8  to the defendants in the data room.

9           THE COURT:  Okay.

10          MS. ACKERMAN:  Judge Bernstein found that to be

11  true, and credited it as part of the sanctions against

12  counsel.

13          Second, Mr. Dubinsky's testimony has been

14  consistent, it was heard by Judge Bernstein, his testimony

15  has never wavered, and the relevant statements can be found

16  at paragraphs 228 and 340 of his report, which explain that

17  -- or his findings that no securities were ever purchased on

18  behalf of any investment advisory customer, not as the

19  defendant attempts to state that none were ever purchased.

20  He discusses the cash management piece, and explains that

21  not only in his 2019 report but also in his earlier report

22  dating back to 2013.

23          As to the arguments against the Ponzi scheme.

24          First it's well settled that the fact that an

25  entity may have been involved in some legitimate activity

1                 C E R T I F I C A T I O N

2

3   I, Dawn South, certify that the foregoing transcript is a

4   true and accurate record of the proceedings.

5

6   _____

7   Dawn South

8   Certified Electronic Transcriber

9

10

11

12

13

14

15   Date:  January 29, 2021

16

17

18

19

20

21

22    Veritext Legal Solutions

23    330 Old Country Road

24    Suite 300

25    Mineola, NY 11501

# CHAITMAN LLP
### 465 PARK AVENUE
### NEW YORK, NY 10022
### (888) 759-1114
TELEPHONE & FAX

*HELEN DAVIS CHAITMAN*
*hchaitman@chaitmanllp.com*

**VIA ECF**                                                           February 1, 2021

Hon. John G. Koeltl, U.S.D.J.
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007-1312

> Re:     Picard v. JABA Associates LP. ,
>         Civil Action No. 1:20-cv-03836 (JGK)

Dear Judge Koeltl:

We write on behalf of Defendants in response to the January 28, 2021 letter of the Plaintiff, Irving H. Picard, the Trustee (the "Trustee") for the Liquidation of Bernard L. Madoff Investment Securities, LLC (the "LLC"),  which  forwards the decision of Bankruptcy Judge Morris in *Picard v. Estate of Seymour Epstein. et al.* Adv. Pro. No. 10-04438 (CGM) (Bankr. S.D.N.Y.), ECF No. 155 (the "*Epstein Decision*"). The Trustee  argues  that the Epstein Decision compels the denial of the Defendants' cross-motion for summary judgment and the granting of the Plaintiff's motion for summary judgment.  For a number of reasons, it does not.

First, the Epstein Decision is not a final decision.  The Defendants did not file  a SIPC claim which, as the Trustee has conceded, divests the bankruptcy court of jurisdiction to enter a judgment. All the bankruptcy court has the jurisdiction to do is enter a report and recommendation.     As Judge Rakoff held:  "the bankruptcy court may not . . . enter final judgment on avoidance claims" absent exceptions inapplicable here. *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 490 B.R. 46, 49 (S.D.N.Y. 2013). Under *Stern v. Marshall*, 564 U.S. 462, 492 (2011), and *Exec. Benefits Ins. Agency v. Arkison*, 573 U.S. 25, 36 (2014), claims such as the ones at issue here are not core claims and, therefore, courts must follow the practice applied in non-core proceedings, whereby bankruptcy courts may enter a final judgment only if (1) they are specially designated to do so by a district court *and* (2) both parties consent. *See* 28 U.S.C. § 157(e).  As in this case, in *Epstein* the bankruptcy court does not have jurisdiction to enter a final judgment, since the Epstein defendants, like the Defendants here,  did not file a SIPC claim under SIPA, 15 U.S.C. §§ 78aaa-111, and, as the Trustee did here, he consented to the withdrawal of the reference from the bankruptcy court.  *See Picard v. Epstein,* Civ. No. 20-cv-01377 (GHW), ECF No. 5 (S.D.N.Y. March 6, 2020).  Judge Woods referred the proposed motion for summary judgment to the bankruptcy court for proposed findings of fact and conclusions of law.[1]  *Id.,*

---

[1] Following a conference in which Judge Woods provided Defendants with an opportunity to file a second motion to withdraw the reference asking the Court not to refer the  motion for summary judgment to the bankruptcy court, Judge Woods dismissed the proceeding without prejudice.

# CHAITMAN LLP

Hon. John G. Koeltl, U.S.D.J.
February 1, 2021
Page 2

ECF. No. 8 (S.D.N.Y. June 8, 2020).  The decision was rendered by Judge Morris because Judge Bernstein has announced his intention to retire from the bench.

Second, the Epstein Decision is gravely flawed.  As an initial matter, Judge Bernstein, who handled the Madoff case for close to a decade, has repeatedly held that these cases are not amenable to summary judgment and had to be tried on numerous issues.  *See, e.g., Picard v. Savin,* Adv. Pro. No. 10-04889 (Bankr. S.D.N.Y, March 17, 2020) ECF No. 96 at 9:23-10:15; 12:11-15 ("[y]ou know my view on these summary judgment . . . , motions, particularly on the issues I've identified, [whether the JPMC Accounts were held by Madoff personally or by the LLC, whether the LLC was a Ponzi scheme, and if so, when it began, whether the LLC was allocating T-bills purchased to customers of the IA business, deposits and withdrawals] . . . I have to try it.").).

Further, the Court apparently relied upon a statement by the Trustee in reaching its determination that the T-Bill purchases that appear on the Epstein customer statements were all "fictitious."  *See* Epstein Decision at page 7 of 11, citing a finding, made after a trial, in *Picard v. Nelson,* 610 B.R. 197, 214 (Bankr. S.D.N.Y. 2019), that "although the Proprietary Trading Business purchased T-Bills, the volume of T-Bills that appeared on the customer statements dwarfed the aggregate volume of T-Bills actually purchased and held by BLMIS."

As Defendants pointed out in their summary judgment papers in this case, the Trustee  refused to produce all of the customer statements to Defendants. Indeed, in 2016, this firm moved to compel the Trustee to produce the customer statements of non-clients and the Trustee refused to do so.  Judge Bernstein refused to order the Trustee to produce the statements of non-customers. *See* Trustee Response to Defendants' Document Demands and Interrogatories served in Adv. Pro. No. 10-04995 and dated April 8, 2016, [Response to Request No. 2], *Picard v. Wilenitz*, Adv. Pro. No. 10-04995 ECF No. 70-2].

As the Trustee has always represented to me, the customer statements are only produced to the attorney defending the particular customer.  Discovery closed in these cases on May 31, 2019 and, as of that date, the Trustee never claimed he had given Defendants access to the customer statements of all Madoff customers.  Obviously, if he had done so, the Trustee would have argued before this Court that we had access to the entire body of Madoff customer statements.  He made no such argument -- not in this Court; not in any court – until last week before Judge Morris.  The Trustee claimed at the January 27, 2021 hearing on the summary judgment motions in the *Epstein* case that all of the customer statements had been produced in the Trustee's E-Data Room and that Judge Bernstein had found that to be true as part of his decision granting sanctions.  *See* **Exhibit A** [January 27, 2021 Transcript of Hearing, 27:4-12] But this is not correct. Judge Bernstein made no such finding.  After last week's argument, we attempted to access customer statements of non-clients in the E-Data room and determined that we could only access such statements if we had the customer name or the account number.  While, with that information, these statements are accessible now, they were not accessible prior to the end of discovery on May 31, 2019 and, we believe, were not accessible when the Trustee submitted his opposition to our summary judgment motion in this Court.  Otherwise, surely, he would have made the argument he made last week to Judge Morris.  Indeed, if all of the customer statements had been timely produced in discovery by the Trustee, surely he would have submitted a sworn statement so stating in response to our summary judgment motion.  He did not do so.  Instead, he simply said that we had already been sanctioned for making what he referred to as "these spurious

# CHAITMAN LLP

Hon. John G. Koeltl, U.S.D.J.
February 1, 2021
Page 3

accusations." As set forth above, we were not. Obviously, since the documents were unavailable to us during the discovery period, any later production cannot be used to structure an after-the-fact argument as to what the documents prove. And, as set forth in Defendants' summary judgment submissions, in any event we already know that the T-Bill purchases for the Defendants in question do not appear on the statements of all of the other clients of this firm.

The law is clear that, where a party refuses to produce evidence requested in discovery, that party is precluded from relying on such evidence itself. *Taylor v. Illinois*, 108 S. Ct. 646 (1988) (affirming an order precluding testimony where a witness had not been identified in pretrial discovery); *Victorinox AG v. The B & F Sys., Inc.*, 2015 WL 9256944, at *2, n.2 (S.D.N.Y. Dec. 15, 2015), *aff'd sub nom. Victorinox AG v. B&F Sys., Inc.*, 709 F. App'x 44 (2d Cir. 2017), *as amended* (Oct. 4, 2017) (refusing to consider cost data estimates because they were not produced during discovery); *Taveras v. City of New York*, 2009 WL 10701924, at *7 (E.D.N.Y. Apr. 7, 2009) (precluding defendants from relying on charts that were not produced during discovery); *cf. Costa v. Sears Home Imp. Products, Inc.*, 65 F. Supp.3d 333, 346 (W.D.N.Y. 2014) (holding on summary judgment that a party could not rely on an affidavit the other party did not know about); *Preuss v. Kolmar Labs., Inc.*, 970 F. Supp. 2d 171, 178-79 (S.D.N.Y. 2013) (striking affirmation for failure to disclose pursuant to Fed. R. Civ. P. 26). As such, there is no evidence to support a finding that the volume of T-Bills that appeared on the customer statements dwarfed the aggregate volume of T-Bills actually purchased and held by the LLC. Accordingly, the question whether the T-Bill purchases that appeared on the customer statements were "real" remains a contested issue of material fact.

There are numerous other reversible errors in the bankruptcy court's decision. For example, Defendants contested the receipt of certain withdrawals which increased the Trustee's claim and the Trustee lacked any documentary evidence of those withdrawals. Defendants contested the Trustee's contention that he has standing to sue the Defendants because the funds paid to Defendants belonged to Madoff individually and not to the LLC, of which he is Trustee. The Defendants have substantial evidence that the investment advisory business was not a Ponzi scheme although, clearly, it was a fraud. As to all of these issues, the bankruptcy court not only ignored Judge Bernstein's holdings that these issues had to be tried but also ignored the compelling evidence upon which the Defendants relied.

Under such circumstances, the *Epstein* Decision provides no support for the Trustee's contention that he is entitled to summary judgment.

Respectfully submitted,

*/s/ Helen Davis Chaitman*

Helen Davis Chaitman

cc:     All Counsel of Record (*via ECF and email*)

# EXHIBIT A

Page 1

1    UNITED STATES BANKRUPTCY COURT

2    SOUTHERN DISTRICT OF NEW YORK

3

4    - - - - - - - - - - - - - - - - - - - - - - - - - - - x

5    SECURITIES INVESTOR PROTECTION

6    CCORPORATION,

7                    Plaintiff,

8    v.                          Case No. 08-01789(SMB)

9    BERNARD L. MADOFF

10   INVESTMENT SECURITIES LLC,

11                   Defendant.

12   - - - - - - - - - - - - - - - - - - - - - - - - - - - x

13   IRVING H. PICARD, TRUSTEE FOR

14   THE LIQUIDATION OF B,

15                   Plaintiff,

16   v.                          Adv. Case No. 10-04438(CGM)

17   ESTATE OF SEYMOUR EPSTEIN,

18   ET AL.,

19                   Defendant.

20   - - - - - - - - - - - - - - - - - - - - - - - - - - - x

21

22

23

24

25

Page 2

```
 1                    U.S. Bankruptcy Court

 2                    One Bowling Green

 3                    New York, New York 10004-1408

 4

 5                    January 27, 2021

 6                    10:00 AM

 7

 8

 9    B E F O R E :

10    HON CECELIA G. MORRIS

11    U.S. BANKRUPTCY JUDGE

12

13

14    Hearing re:  Doc# 136 Reply to Motion Defendants Reply

15    Memorandum of Law in Further Support of Their Cross-Motion

16    for Summary Judgment Dismissing the Complaint filed by Helen

17    Davis Chaitman on behalf of Estate of Seymour Epstein,

18    Herbert C. Kantor, as trustee of Trusts created by the Last

19    Will and Testament of Seymour Epstein, Jane Epstein, as

20    beneficiary of the Estate of Seymour Epstein and/or the

21    Trusts created by the Last Will and Testament of Seymour

22    Epstein, Muriel Epstein, as beneficiary of the Estate of

23    Seymour Epstein and/or Trusts created by Last Will and

24    Testament of Seymour Epstein, as executor of the Estate

25    and/or trustee of the Trusts created, Randy Epstein Austin,
```

1    as beneficiary of the Estate of Seymour Epstein and/or the

2    Trusts created by the last Will and Testament of Seymour

3    Epstein, Robert Epstein, as beneficiary of the Estate of

4    Seymour Epstein and/or Trusts created by the Last Will and

5    Testament of Seymour Epstein, Shelburne Shirt Company, Inc.,

6    Susan Epstein Gross, as beneficiary of the Estate of Seymour

7    Epstein and/or the Trusts created by the Last Will and

8    Testament of Seymour Epstein.

9

10   Hearing re:  Doc# 113 Motion for Summary Judgment /Notice of

11   Motion for Summary Judgment filed by Nicholas Cremona on

12   behalf of Irving H. Picard, Trustee for the Liquidation of

13   Bernard L. Madoff Investment Securities LLC, and Bernard L.

14   Madoff. with hearing to be held on 11/18/2020 at 10:00 AM at

15   Courtroom 723 (SMB).

16

17   Hearing re:  Doc# 139 Notice of Adjournment of Hearing RE:

18   Counter Statement of Material Facts in Opposition to the

19   Trustees Motion for Summary Judgment and in Support of

20   Defendants Cross-Motion for Summary Judgment Dismissing the

21   Complaint filed by Helen Davis Chaitman on behalf of Estate

22   of Seymour Epstein, Herbert C. Kantor, as trustee of Trusts

23   created by the Last Will and Testament of Seymour Epstein,

24   Jane Epstein, as beneficiary of the Estate of Seymour

25   Epstein and/or the Trusts created by the Last Will and

Page 4

```
 1    Testament of Seymour Epstein, Muriel Epstein, as beneficiary
 2    of the Estate of Seymour Epstein and/or Trusts created by
 3    Last Will and Testament of Seymour Epstein, as executor of
 4    the Estate and/or trustee of the Trusts created, Randy
 5    Epstein Austin, as beneficiary of the Estate of Seymour
 6    Epstein and/or the Trusts created by the last Will and
 7    Testament of Seymour Epstein, Robert Epstein, as beneficiary
 8    of the Estate of Seymour Epstein and/or Trusts created by
 9    the Last Will and Testament of Seymour Epstein, Shelburne
10    Shirt Company, Inc., Susan Epstein Gross, as beneficiary of
11    the Estate of Seymour Epstein and/or the Trusts created by
12    the Last Will and Testament of Seymour Epstein; hearing not
13    held and adjourned to 1/27/2021 at 10:00 AM at
14    Teleconference Line (CourtSolutions) (CGM).
15
16    Hearing re:  Doc# 140 Notice of Adjournment of Hearing RE:
17    Response to Motion Opposition and Response to Trustees Rule
18    56.1 Statement of Material Facts (related document(s)115)
19    filed by Helen Davis Chaitman on behalf of Estate of Seymour
20    Epstein, Herbert C. Kantor, as trustee of Trusts created by
21    the Last Will and Testament of Seymour Epstein, Jane
22    Epstein, as beneficiary of the Estate of Seymour Epstein
23    and/or the Trusts created by the Last Will and Testament of
24    Seymour Epstein, Muriel Epstein, as beneficiary of the
25    Estate of Seymour Epstein and/or Trusts created by Last Will
```

```
 1   and Testament of Seymour Epstein, as executor of the Estate
 2   and/or trustee of the Trusts created, Randy Epstein Austin,
 3   as beneficiary of the Estate of Seymour Epstein and/or the
 4   Trusts created by the last Will and Testament of Seymour
 5   Epstein, Robert Epstein, as beneficiary of the Estate of
 6   Seymour Epstein and/or Trusts created by the Last Will and
 7   Testament of Seymour Epstein, Shelburne Shirt Company, Inc.,
 8   Susan Epstein Gross, as beneficiary of the Estate of Seymour
 9   Epstein and/or the Trusts created by the Last Will and
10   Testament of Seymour Epstein; hearing not held and adjourned
11   to 1/27/2021 at 10:00 AM at Teleconference Line
12   (CourtSolutions) (CGM).
13
14   Hearing re:  Doc# 141 Notice of Adjournment of Hearing RE:
15   Memorandum of Law in Opposition to the Trustees Motion for
16   Summary Judgment and in Support of Defendants Cross-Motion
17   for Summary Judgment Dismissing the Complaint (related
18   document(s)121) filed by Helen Davis Chaitman on behalf of
19   Estate of Seymour Epstein, Herbert C. Kantor, as trustee of
20   Trusts created by the Last Will and Testament of Seymour
21   Epstein, Jane Epstein, as beneficiary of the Estate of
22   Seymour Epstein and/or the Trusts created by the Last Will
23   and Testament of Seymour Epstein, Muriel Epstein, as
24   beneficiary of the Estate of Seymour Epstein and/or Trusts
25   created by Last Will and Testament of Seymour Epstein, as
```

Page 6

```
 1   executor of the Estate and/or trustee of the Trusts created,
 2   Randy Epstein Austin, as beneficiary of the Estate of
 3   Seymour Epstein and/or the Trusts created by the last Will
 4   and Testament of Seymour Epstein, Robert Epstein, as
 5   beneficiary of the Estate of Seymour Epstein and/or Trusts
 6   created by the Last Will and Testament of Seymour Epstein,
 7   Shelburne Shirt Company, Inc., Susan Epstein Gross, as
 8   beneficiary of the Estate of Seymour Epstein and/or the
 9   Trusts created by the Last Will and Testament of Seymour
10   Epstein; hearing not held and adjourned to 1/27/2021 at
11   10:00 AM at Teleconference Line (CourtSolutions) (CGM).
12
13   Hearing re:  Doc# 142 Notice of Adjournment of Hearing RE:
14   Cross Motion for Summary Judgment filed by Helen Davis
15   Chaitman on behalf of Estate of Seymour Epstein, Herbert C.
16   Kantor, as trustee of Trusts created by the Last Will and
17   Testament of Seymour Epstein, Jane Epstein, as beneficiary
18   of the Estate of Seymour Epstein and/or the Trusts created
19   by the Last Will and Testament of Seymour Epstein, Muriel
20   Epstein, as beneficiary of the Estate of Seymour Epstein
21   and/or Trusts created by Last Will and Testament of Seymour
22   Epstein, as executor of the Estate and/or trustee of the
23   Trusts created, Randy Epstein Austin, as beneficiary of the
24   Estate of Seymour Epstein and/or the Trusts created by the
25   last Will and Testament of Seymour Epstein, Robert Epstein,
```

1   as beneficiary of the Estate of Seymour Epstein and/or

2   Trusts created by the Last Will and Testament of Seymour

3   Epstein, Shelburne Shirt Company, Inc., Susan Epstein Gross,

4   as beneficiary of the Estate of Seymour Epstein and/or the

5   Trusts created by the Last Will and Testament of Seymour

6   Epstein; hearing not held and adjourned to 1/27/2021 at

7   10:00 AM at Teleconference Line (CourtSolutions) (CGM).

8

9   Hearing re:  Doc# 143 Notice of Adjournment of Hearing RE:

10  Memorandum of Law /Trustees Reply Memorandum of Law in

11  Further Support of Motion for Summary Judgment filed by

12  Nicholas Cremona on behalf of Irving H. Picard, Trustee for

13  the Liquidation of Bernard L. Madoff Investment Securities

14  LLC, and Bernard L. Madoff; hearing not held and adjourned

15  to /27/2021 at 10:00 AM at Teleconference Line

16  (CourtSolutions) (CGM).

17

18  Hearing re:  Doc# 144 Notice of Adjournment of Hearing RE:

19  Declaration /Trustees Responses and Objections to Defendants

20  Counterstatement of Material Facts filed by Nicholas Cremona

21  on behalf of Irving H. Picard, Trustee for the Liquidation

22  of Bernard L. Madoff Investment Securities LLC, and Bernard

23  L. Madoff; hearing not held and adjourned to 1/27/2021 at

24  10:00 AM at Teleconference Line (CourtSolutions) (CGM).

25

Page 8

1    Hearing re:  Doc# 145 Notice of Adjournment of Hearing RE:

2    Motion for Summary Judgment /Trustees Memorandum of Law in

3    Support of Motion for Summary Judgment (related

4    document(s)113) filed by Nicholas Cremona on behalf of

5    Irving H. Picard, Trustee for the Liquidation of Bernard L.

6    Madoff Investment Securities LLC, and Bernard L. Madoff;

7    hearing not held and adjourned to 1/27/2021 at 10:00 AM at

8    Teleconference Line (CourtSolutions) (CGM).

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Page 9

```
 1   A P P E A R A N C E S :

 2   BAKER HOSTETLER

 3        Attorneys for the Trustee

 4        45 Rockefeller Plaza

 5        New York, NY 10111

 6

 7   BY:  NICHOLAS CREMONA, ESQ. (VIA ZOOM)

 8        STEPHANIE ACKERMAN, ESQ. (VIA ZOOM)

 9

10   CHAITMAN LLP

11        Attorney for the Defendants

12        465 Park Avenue

13        New York,  NY 10022

14

15   BY:  HELEN DAVIS CHAITMAN, ESQ. (VIA ZOOM)

16

17

18

19

20

21

22

23

24

25   Transcribed by:  Dawn South
```

Page 27

```
 1    considered these arguments not only through the motions to
 2    compel that defendants filed related to the erroneous claims
 3    that the trustee has refused to provide the customer
 4    statements to her, the trustee has explained to -- has
 5    responded to discovery requests to the defendant, to defense
 6    counsel here and prior to the Nelson case, that all of the
 7    BLMIS customer statements are available and made available
 8    to the defendants in the data room.
 9              THE COURT:  Okay.
10              MS. ACKERMAN:  Judge Bernstein found that to be
11    true, and credited it as part of the sanctions against
12    counsel.
13              Second, Mr. Dubinsky's testimony has been
14    consistent, it was heard by Judge Bernstein, his testimony
15    has never wavered, and the relevant statements can be found
16    at paragraphs 228 and 340 of his report, which explain that
17    -- or his findings that no securities were ever purchased on
18    behalf of any investment advisory customer, not as the
19    defendant attempts to state that none were ever purchased.
20    He discusses the cash management piece, and explains that
21    not only in his 2019 report but also in his earlier report
22    dating back to 2013.
23              As to the arguments against the Ponzi scheme.
24              First it's well settled that the fact that an
25    entity may have been involved in some legitimate activity
```

1                    C E R T I F I C A T I O N

2

3      I, Dawn South, certify that the foregoing transcript is a

4      true and accurate record of the proceedings.

5

6      _____

7      Dawn South

8      Certified Electronic Transcriber

9

10

11

12

13

14

15      Date:  January 29, 2021

16

17

18

19

20

21

22      Veritext Legal Solutions

23      330 Old Country Road

24      Suite 300

25      Mineola, NY 11501