**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>    Plaintiff-Applicant,<br><br>  v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>    Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>    Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>ESTATE OF SEYMOUR EPSTEIN,<br><br>MURIEL EPSTEIN, as beneficiary of the Estate of Seymour Epstein and/or trusts created by the Last Will and Testament of Seymour Epstein, as executor of the Estate and/or trustee of the Trusts created by the Last Will and Testament of Seymour Epstein,<br><br>HERBERT C. KANTOR, trustee of the Trusts created by the Last Will and Testament of Seymour Epstein,<br><br>and<br><br>SHELBURNE SHIRT COMPANY, INC.,<br><br>    Defendants. | Adv. Pro. No. 10-04438 (CGM) |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RELIEF FROM JUDGMENT, CONSIDERATION OF OBJECTIONS, ENTRY OF COUNTER-PROPOSED ORDER AND STAY OF JUDGMENT PENDING APPEAL**

{00046005 1 }

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................................ ii

ARGUMENT ..................................................................................................................................... 1

    I.    DEFENDANTS SHOULD BE RELIEVED FROM THE JUDGMENT ........................... 2

           A.    Defendants Should Be Relieved From the Judgment Pursuant to
               FRCP 60(b)(1) ............................................................................................... 3

           B.    The Judgment is Void for Lack of Jurisdiction ........................................... 4

    II.    THE JUDGMENT SHOULD BE STAYED PENDING APPEAL ................................. 8

           A.    No Judgment Can Be Entered Against Shelburne ..................................... 10

CONCLUSION ............................................................................................................................... 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Adelphia Communications Corp.*,
   361 B.R. 337 (S.D.N.Y. 2007)...............................................................................................8

*In re Coudert Bros. LLP*,
   2011 WL 5593147 (S.D.N.Y. Sept. 23, 2011)........................................................................5

*Dev. Specialists, Inc. v. Akin Gump Strauss Hauer & Feld LLP*,
   462 B.R. 457 (S.D.N.Y. 2011)...............................................................................................5

*Granfinanciera S.A. v. Nordberg*,
   492 U.S. 33 (1989).................................................................................................................5

*Lehman Bros. Holding v. JPMorgan Chase Bank. N.A.*,
   469 B.R. 415 (Bankr. S.D.N.Y. 2012)...................................................................................8

*Nemaizer v. Baker*,
   793 F.2d 58 (2d Cir. 1986)..................................................................................................2, 3

*Next Millennium Realty, L.L.C. v. Adchem Corp.*,
   No. CV 03-5985(GRB), 2016 WL 1178957 (E.D.N.Y. Mar. 23, 2016), *aff'd
   sub nom. Next Millenium Realty, LLC v. Adchem Corp.*, 690 F. App'x 710 (2d
   Cir. 2017) ..............................................................................................................................11

*O'Rourke v. Ehsan Food Corp.*,
   No. 19-CV-6162 (LJL), 2020 WL 6894663 (S.D.N.Y. Nov. 24, 2020)................................10

*Picard v. BAM*,
   612 B.R. 257 (S.D.N.Y. 2020)...............................................................................................7

*Picard v. Grieff*,
   617 B.R. 198 (S.D.N.Y. 2020)...............................................................................................7

*In re Pocius*,
   556 B.R. 658 (Bankr. E.D. Pa. 2016) ...................................................................................10

*Rodgers v. Logan*,
   121 A.D.2d 250, 503 N.Y.S.2d 36 (N.Y. 1986) ...................................................................11

*Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*,
   490 B.R. 46 (S.D.N.Y. 2013)..................................................................................................5

*Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*,
   No. AP 08-01789 (SMB), 2018 WL 1442312, (Bankr. S.D.N.Y. Mar. 22,
   2018), *as corrected* (Mar. 26, 2018), *report and recommendation adopted*,
   596 B.R. 451 (S.D.N.Y. 2019), *aff'd sub nom. In re Bernard L. Madoff Inv.
   Sec. LLC*, 976 F.3d 184 (2d Cir. 2020) ...................................................................6

*Stern v. Marshall*,
   564 U.S. 462 (2011) .................................................................................5, 6, 7

*Washington Metro. Area Transit Comm'n v. Holiday Tours, Inc.*,
   559 F.2d 841 (D.C.Cir.1977) .....................................................................10

*Wellness Int'l Network, Ltd. v. Sharif*,
   575 U.S. 665, 135 S. Ct. 1932, 191 L. Ed. 2d 911 (2015) .........................7

**Statutes**

11 U.S.C. § 548(a)(1)(a) .................................................................................4, 5

15 U.S.C. §§ 78aaa-111 ....................................................................................6

**Other Authorities**

Bankruptcy Rule 7025 ....................................................................................10

Fed. R. Civ. P. 25 ............................................................................................10

Fed. R. Civ. P 60(b) .......................................................................................2, 3

Fed. R. Civ. P. 60(b)(4)......................................................................................4

Local Bankruptcy Rule 9074-1(a) .....................................................................3

Defendants Estate of Seymour Epstein, Muriel Epstein, as executor of the Estate and trustee

of the Trusts created by the Last Will and Testament of Seymour Epstein, and Shelburne Shirt

Company, Inc, ("Defendants"), and non-defendants Jane Epstein, Randy Austin, and Susan Gross

as successor co-trustees to Herbert C. Kantor, as trustee of the Trusts created by the Last Will and

Testament of Seymour Epstein (the "Successor Trustees"), respectfully submit this memorandum,

pursuant to Federal Rule of Civil Procedure ("FRCP") 60(b), made applicable by Federal Rule of

Bankruptcy Procedure  ("FRBP") 9024, and FRBP 8007, for an Order (1) vacating the Judgment

entered on February 4, 2021, *Picard v Estate of Seymour Epstein. et al.* Adv. Pro. No. 10-04438

(CGM) (Bankr. S.D.N.Y.) ECF No. 158[1] (the "Judgment"), less than 24 hours after its submission

to the Court by the Trustee and before Defendants had an opportunity to object to the form of the

Judgment;  (2) considering Defendants' objections to the Judgment filed less than 24 hours after

its submission to the Court by the Trustee (ECF No. 159); (3) entering the Counter-Proposed Order

Defendant submitted in that objection (ECF 159-1), attached to the accompanying Declaration of

Helen Davis Chaitman, executed on February 5, 2021 ("Chaitman Dec") as **Exhibit A**, and (4)

staying enforcement of the Judgment pending appeal to an Article III Court.

## ARGUMENT

The Trustee failed to comply with Local Bankruptcy Rule ("LBR") 9074-1(a) and submit

a Proposed Judgment implementing this Court's decision on summary judgment, ECF No. 155,

under which Rule Defendants had 48 hours to submit a Counter Proposed Order.  Instead, the

Trustee submitted his proposed judgment only as an Exhibit to a letter dated February 3, 2021.

ECF No. 157-2.  This Court entered the Judgment less than 24 hours later, on February 4, 2021,

---

[1] Unless otherwise specified, all references to ECF No. __ are to this case, *Picard v Estate of Seymour Epstein. et al.* Adv. Pro. No. 10-04438 (CGM) (Bankr. S.D.N.Y.).

ECF No. 158, without giving Defendants the two days' notice to which they were entitled under

LBR 9074-1(a).

Defendants and the Successor Trustees were not even afforded a full business day to submit

their objections.  Under LBR 9074-1(a), the Trustee must submit his proposed order to the Court

"upon not less than two (2) days' notice to all parties."  While LBR 9074-1 also provides that the

Court may order otherwise, it did not do so.  Absent such an order, the notice is only excused if all

parties have consented in writing to the entry of the proposed Judgment.  The Defendants gave no

such consent.  Indeed, Defendants filed objections to the Trustee's proposed Judgment less than

24 hours after the Trustee submitted it to this Court.  ECF No. 159.  By this time, however, the

Court had already signed and entered the Judgment, ECF No. 158.

## I.    DEFENDANTS SHOULD BE RELIEVED FROM THE JUDGMENT

FRCP 60(b) strikes a balance between serving the ends of justice and preserving the finality

of judgments.  It must be broadly construed to do "substantial justice."  *Nemaizer v. Baker*, 793

F.2d 58, 61 (2d Cir. 1986).  Thus, under Fed. R. Civ. P. 60(b), made applicable to bankruptcy

courts through FRBP 9024, a party may seek relief from a judgment where there is

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct of an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

The Judgment is void because this Court lacks Article III jurisdiction and the Defendants

never consented to the jurisdiction of this Court.  Thus, only the District Court – which remanded

this case to the Bankruptcy Court solely to enter proposed findings of fact and conclusions of law

– has jurisdiction to enter a judgment.  The Judgment is also void because the Trustee has misled

this Court by seeking a judgment against the three Successor Trustees without disclosing to the

Court that they were never named as Defendants in this action.  Finally, the Judgment is void as

against Shelburne Shirt Company, Inc. ("Shelburne") because the Trustee failed to disclose to the

Court that Shelburne was dissolved more than one year before the complaint was filed.

A.      **Defendants Should Be Relieved From the Judgment Pursuant to FRCP 60(b)(1)**

"Rule 60(b) relief is designed to afford parties an opportunity to resolve a dispute on its

merits." *Nemaizer*, 793 F.2d at 63, *citing* 7 J. Moore & J. Lucas, *Federal Practice,* ¶ 60.19, at 156

(2d ed.1983).  Here, by entering the Judgment without giving the Defendants 48 hours to object to

its form, the Court denied the Defendants due process of law.  The Trustee submitted the proposed

Judgment improperly.  He admitted that LBR 9074-1(a) is applicable, noting in his letter that he

is "mindful of his obligation under Local Bankruptcy Rule 9074-1(a) to submit an order

implementing Your Honor's decision . . . "  ECF No. 157.

The precise chronology is as follows:

On February 2, 2021 at 11:34 a.m., before the Trustee emailed a copy of his proposed

Judgment to Defense counsel, Defendants submitted a letter to the Court addressing one aspect of

the Court's decision which gave the Trustee the option to submit a Judgment, despite the fact that

Defendants had preserved their right to a judgment being issued only by the District Court.  ECF

No. 156.  *See* Chaitman Dec. **Ex. B.**  At the time they wrote this letter, Defense counsel were not

aware that the Trustee sought judgment against the Successor Trustees in his Judgment, persons

who had been dismissed as defendants by Judge Bernstein.

On February 2, 2021 at 11:59 a.m., the Trustee first forwarded the proposed Judgment to

Defendants' counsel.  *See* Chaitman Dec. **Ex. C and D.**

On February 3, 2021, at 6:14 p.m., the Trustee filed with the Court the proposed Judgment.

ECF No. 157-2.

On February 4, 2021, at 12:46 p.m., the Court entered the Trustee's proposed Judgment

approximately 18 hours after its submission and without giving Defendants even one working day

to comment on the proposed Judgment. ECF No. 158. *See* Chaitman Dec. **Ex. E.**

On February 4, 2021, at 3:23 p.m., Defendants filed their letter objecting to the Trustee's

proposed Judgment. ECF No. 159. *See* Chaitman Dec. **Ex. F.** This was less than one working

day after the proposed Judgment was submitted.

B.       **The Judgment is Void for Lack of Jurisdiction**

The Judgment is void pursuant to Fed. R. Civ. P. 60(b)(4) for lack of jurisdiction. Leaving

aside the jurisdictional question under Article III raised on Defendants' cross-motion for summary

judgment, under Article III this Court does not have the power to enter a final judgment. It may

only enter proposed findings of fact and conclusions of law, pursuant to Judge Woods's Order of

reference. *Picard v. Epstein,* Civ. No. 20-cv-01377 (GHW), ECF No. 8. As set forth in

Defendants' letter to this Court, ECF No. 159, Defendants did not file SIPC claims and, therefore,

did not consent to the Bankruptcy Court's jurisdiction. They first moved to withdraw the reference

in 2011, ECF No. 14, and their motion was consolidated with *Picard v. Abel,* 11-cv-07766, ECF

No.10. Judge Rakoff remanded the case to the Bankruptcy Court for pre-trial proceedings after

dismissing all of the claims in the complaint other than the claim under 11 U.S.C. Section

548(a)(1)(a).

Defendants again moved to withdraw the reference to the District Court in 2020, and the

Trustee consented to that motion. *See Picard v. Epstein,* Civ. No. 20-cv-01377 (GHW), ECF No.

5 (S.D.N.Y. March 6, 2020). When the Trustee informed Judge Woods of his intent to make a

motion for summary judgment, Judge Woods denied the motion to withdraw the reference without

prejudice and referred this matter to the Bankruptcy Court for proposed findings of fact and conclusions of law. *See Picard v. Epstein,* Civ. No. 20-cv-01377 (GHW), ECF No. 5 (S.D.N.Y. March 6, 2020); ECF No. 8 (S.D.N.Y. June 8, 2020).

The Trustee misrepresented the record in his February 2 letter. Following the referral for proposed findings of fact and conclusions of law, Defendants asked Judge Woods to resolve jurisdictional issues based on their own proposed cross-motion for summary judgment instead of making the referral. *Id.* ECF No. 12. It was on that issue that Defendants did not submit a further motion, not on their motion to withdraw the reference. *Id.* ECF No. 8. That is why, in his July 27, 2020 letter to the District Court, the Trustee acknowledged that the Bankruptcy Court was directed to issue "proposed findings of fact and conclusions of law," *Id.* ECF No. 13 p. 1. The Trustee further acknowledged this in his memorandum of law on summary judgment, filed on September 4, 2020 in this Court, ECF No. 114 at 4-5, almost a month after Judge Woods dismissed this action without prejudice on August 12, 2020. *See Picard v. Epstein,* Civ. No. 20-cv-01377 (GHW) (S.D.N.Y. August 12, 2020) ECF No. 17. **Thus, this Court does not have jurisdiction to enter a judgment and must, instead, enter proposed findings of fact and conclusions of law for review by the District Court.**

Judge Rakoff held in this very case that, under Article III of the Constitution, "the Bankruptcy Court may not . . . enter final judgment on avoidance claims" absent exceptions inapplicable here. *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 490 B.R. 46, 49 (S.D.N.Y. 2013); *Dev. Specialists, Inc. v. Akin Gump Strauss Hauer & Feld LLP*, 462 B.R. 457, 469 (S.D.N.Y. 2011) (withdrawing the reference because claim is the type of claim found to involve only "private rights in *Granfinanciera*"); *In re Coudert Bros. LLP*, 2011 WL 5593147, at *8 (S.D.N.Y. Sept. 23, 2011) (vacating final order entered before *Stern* because "a claim of fraudulent conveyance implicates private rather than public rights").

Thus, in *Picard v. Lowrey, et al.,* Judge Bernstein held that "this Court may not enter a final judgment on these fraudulent transfer claims . . . absent the parties' consent." *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, No. AP 08-01789 (SMB), 2018 WL 1442312, at \*3 (Bankr. S.D.N.Y. Mar. 22, 2018), *as corrected* (Mar. 26, 2018), *report and recommendation adopted,* 596 B.R. 451 (S.D.N.Y. 2019), *aff'd sub nom. In re Bernard L. Madoff Inv. Sec. LLC*, 976 F.3d 184 (2d Cir. 2020). Avoidance actions such as this one are "'quintessentially suits at common law that more nearly resemble state law contract claims brought by a bankrupt corporation to augment the bankruptcy estate than they do creditors' hierarchically ordered claims to a pro rata share of the bankruptcy res.'" *Stern v. Marshall*, 564 U.S. 462, 492 (2011) (quoting *Granfinanciera S.A. v. Nordberg*, 492 U.S. 33, 56 (1989).

There is no dispute that Defendants did not file a SIPC claim under 15 U.S.C. §§ 78aaa-111. Thus, they preserved their right to a final judgment being entered in the District Court. For this reason, the Trustee consented to this firm's motions to withdraw the reference in this case and in seven other cases.[2] *See Picard v. Epstein,* Civ. No. 20-cv-01377 (GHW), ECF No. 5 (S.D.N.Y. March 6, 2020). Then, after a conference at which the Trustee told Judge Woods that he wanted to make a motion for summary judgment before the Bankruptcy Court, Judge Woods referred the Trustee's proposed motion for summary judgment to the Bankruptcy Court for proposed findings of fact and conclusions of law. *Id.,* ECF No. 8 (S.D.N.Y. June 8, 2020).

---

[2] The Trustee conceded, in at least seven virtually identical proceedings, some of which are now concluded by settlement, that the reference should be withdrawn. *See, e.g. Picard v. RAR Entrepreneurial Fund, et al.,* 20-Civ-01029-JMF, ECF No. 5 ("the Trustee consents to the relief requested"); *Picard v. Horowitz,* 20-Civ-02525-DLC, ECF No. 4 ("the Trustee consents to the withdrawal of the reference"), *Picard v. Elaine Dine Living Trust Dated 5/12/06 et al.,* 20-Civ-01748-AJN, ECF No. 5 ("[t]he Trustee hereby consents to the withdrawal of the reference"); *Picard v. Krauss,* 20-Civ-04086-LGS, ECF No. 4 (same); *Picard v. Lisa Beth Nissenbaum Trust, et al.,* 20-Civ-03140-JGK, ECF No. 4 (same); *Picard v. JABA Associates,* 20-Civ-03836-JGK, ECF No. 3 (same); and *Picard v. Zeises Investment Partnership, et al.,* 20-Civ-2872-VSB, ECF No. 3 (same).

Despite this incontrovertible record, the Trustee argues, ECF No. 157, that Defendants have implicitly provided consent to the Bankruptcy Court's jurisdiction by "having availed themselves of the Bankruptcy Court's adjudicative authority for nearly a decade." This is nonsense. Defendants have never consented to the Bankruptcy Court's jurisdiction over this matter. To the contrary, as set forth above, they moved to withdraw the reference in 2011, ECF No. 14, and their motion was consolidated with *Picard v. Abel*, 11-cv-07766 (S.D.N.Y.) ECF No.10. Judge Rakoff remanded the case to the Bankruptcy Court for pre-trial proceedings. They then moved to withdraw the reference in 2020 and the Trustee consented to that motion. *Picard v. Epstein*, Civ. No. 20-cv-01377 (GHW), ECF No. 5.

The Trustee has no authority for the argument in his letter that Defendants waived their right to have their case heard in the District Court. He relies upon cases where the Defendants filed SIPC claims and, thus, waived their right to a final judgment in the District Court. *See Picard v. Grieff,* 617 B.R. 198, 203, 205 (S.D.N.Y. 2020), and *Picard v. BAM,* 612 B.R. 257 n. 10, 260 (S.D.N.Y. 2020), It is precisely because the Defendants never filed SIPC claims that they are entitled to a final determination in the District Court, and that is why in seven of this firm's cases the District Court granted motions to withdraw the reference **with the Trustee's consent**. It is undisputed that, without the filing of a SIPC claim, the Trustee's action does not "become[ ] part of the claims allowance process." *Stern v. Marshall*, 564 U.S. 462, 497 (2011) (alteration in original), *quoting Langenkamp v. Culp,* 498 U.S. 42, 45 (1990), under which the party filing the claim may be presumed to have consented to the Bankruptcy Court's jurisdiction.

Any waiver of the right to a jury trial must be "knowing and voluntary." *Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665, 135 S. Ct. 1932, 1948, 191 L. Ed. 2d 911 (2015) ("the key inquiry is whether "the litigant or counsel was made aware of the need for consent and the right to refuse it, and still voluntarily appeared to try the case.'"). The "litigation" by Defendants in the

{00046005 1 }                                    7

Bankruptcy Court to which the Trustee refers in his letter—joining in an Omnibus Motion to

Dismiss, participating in discovery, deposing Madoff, opposing the Trustee's requests for

additional discovery, and requesting leave to depose former employees—was all part of the pre-

trial proceedings for which the Defendants' case was remanded in 2011 by Judge Rakoff. It is the

law of this case that Defendants are entitled to final judgment, after trial by jury, in the District

Court. Defendants have followed well-established principles and procedure under the Bankruptcy

Rules, which authorize the Bankruptcy Court to preside over every issue until the time of

dispositive motions and trial. *See Lehman Bros. Holding v. JPMorgan Chase Bank. N.A.*, 469

B.R. 415, n.5 (Bankr. S.D.N.Y. 2012) (citing cases regarding the practice of proceeding up until

the time of dispositive motions in Bankruptcy Court). The Trustee's claim that Defendants have

"consented" to the jurisdiction of the Bankruptcy Court is, therefore, absurd.

Thus, as the Trustee conceded in his summary judgment brief in this Court, the Court lacks

jurisdiction to enter a judgment and the Court's holdings must be incorporated in an order with

proposed findings of fact and conclusions of law. Accordingly, this Court should vacate the

Judgment and enter the Counter-Proposed Order.

## II.    THE JUDGMENT SHOULD BE STAYED PENDING APPEAL

If this Court enters the Judgment notwithstanding our motion under FRBP 9024, it should

nonetheless stay the Judgment pending appeal. Under FRBP 8007(a)(1)(A), a party may obtain a

stay of a judgment, order, or decree of the bankruptcy court pending appeal. The Rule is derived

from, *inter alia*, former FRBP 8005. *See* FRBP 8007 Committee Notes—2014.

The court must balance four factors: "(1) whether the movant will suffer irreparable injury

absent a stay, (2) whether a party will suffer substantial injury if a stay is issued, (3) whether the

movant has demonstrated a substantial possibility, although less than a likelihood, of success on

appeal, and (4) the public interests that may be affected." *In re Adelphia Communications Corp.,*

361 B.R. 337, 346 (S.D.N.Y. 2007) (granting stay), *quoting Hirschfeld v. Bd. of Elections in City*

*of New York*, 984 F.2d 35, 39 (2d Cir. 1993) (denying stay because, in part, the Board had

approached the appellate court rather than the lower court).

There is no suggestion by the Trustee that he will suffer irreparable injury if a stay is

granted, but defendants will inevitably suffer irreparable injury if the stay is denied. The Trustee's

proposed Judgment includes claims against Jane Epstein, Randy Austin, and Susan Gross as

successor co-trustees (the "Successor Trustees") to Herbert C. Kantor, who died in 2014.

However, these people were never named in the complaint in this capacity, but only as subsequent

transferees. Judge Bernstein dismissed the complaint against them as subsequent transferees and

they have not been parties to this action, in any capacity, since June 2015. *See Picard v. Estate of*

*Seymour Epstein*, Adv. Pro. No. 10-04438 (Bankr. S.D.N.Y. November 10, 2010), ECF No 1;

Complaint at ¶8; Order, ECF No. 42, and *see* Trustee's Statement of Material Facts, ECF No. 115,

n 1.

With respect to Shelburne, the corporation was dissolved a year before the complaint was

filed. *See* Chaitman Dec. **Ex. G.** Hence, Shelburne cannot possibly be the subject of a judgment.

Certainly, there is a very significant public interest involved here if the Court allows the

Judgment to remain in place against people and an entity that had no notice that they were being

sued and against people who were not even mentioned in the Trustee's summary judgment papers.

And, finally, since there is no basis whatsoever to name the Successor Trustees in the

Judgment, they have a substantial likelihood of vacating the Judgment on appeal. Indeed, it is

inconceivable that the Judgment would not be vacated on appeal. The Trustee did not move to

add the Successor Trustees as parties to this case. Even in his summary judgment papers, he did

not seek judgment against them. *See generally* ECF Nos. 113-119. If he had done so, we would

certainly have addressed this issue in our opposition papers. And there can be no dispute that the

Trustee has been aware of Mr. Kantor's death since at least September 16, 2015. (*See* Answer,

ECF No. 43 at ¶ 8). He did not move to substitute any of the Successor Trustees into this case.

Bankruptcy Rule 7025 provides for substitution on death of a party. Under that statute,

any motion to substitute must be made within 90 days of service of notice of that party's death,

otherwise the claim "must be dismissed." As Fed. R. Civ. P. 25, Substitution of Parties, provides:

> (a) Death.
>
> (1) Substitution if the Claim Is Not Extinguished. If a party dies and the claim is not
> extinguished, the court may order substitution of the proper party. A motion for substitution
> may be made by any party or by the decedent's successor or representative. If the motion
> is not made within 90 days after service of a statement noting the death, the action by or
> against the decedent must be dismissed.

*See also In re Pocius*, 556 B.R. 658, 662 (Bankr. E.D. Pa. 2016) (dismissing claims and holding

that "Mrs. Pocius died on October, 6, 2014, just five (5) days after the Trustee filed his Complaint

in this adversary proceeding. The Trustee took no action to substitute a representative of her

decedent's estate as a party. Therefore, I will not further consider or discuss the Trustee's claims

against her."). *And see generally O'Rourke v. Ehsan Food Corp.,* No. 19-CV-6162 (LJL), 2020

WL 6894663, at *1-2 (S.D.N.Y. Nov. 24, 2020) (dismissing the complaint for failure to timely

move for substitution of a successor or representative within 90 days after service of a statement).

As the Court observed in *Washington Metro. Area Transit Comm'n v. Holiday Tours, Inc.,*

559 F.2d 841, 843 (D.C.Cir.1977), "[t]he necessary 'level' or 'degree' of possibility of success

will vary according to the court's assessment of the other [stay] factors." Clearly, a court cannot

grant judgment against a non-party, as this Court has here.

A.    **No Judgment Can Be Entered Against Shelburne**

Under New York's Business Corporation Law, a corporation cannot be sued for pre-

dissolution events "if the corporation's affairs are "fully adjusted and wound up." Thus, "a

corporation lacks the capacity to be sued upon completion of the winding up process under New

York law." *Next Millennium Realty, L.L.C. v. Adchem Corp.,* No. CV 03-5985(GRB), 2016 WL 1178957, at \*6 (E.D.N.Y. Mar. 23, 2016), *aff'd sub nom. Next Millenium Realty, LLC v. Adchem Corp.,* 690 F. App'x 710 (2d Cir. 2017).   Shelburne was formally wound up in November 2009 and the Trustee did not bring his Complaint until a year later.   *See* Chaitman Dec. **Exhibit G.** Where, as here, "it is impossible or futile to obtain such judgment, the creditor can maintain an action directly against the directors or shareholders." *Rodgers v. Logan,* 121 A.D.2d 250, 252–53, 503 N.Y.S.2d 36, 38–39 (N.Y. 1986).   Here, however, the Trustee elected not to sue the Shelburne shareholders directly and his time to do so has long since expired.

Thus, Defendants have a substantial likelihood of success on appeal and the Court should grant a stay.

## CONCLUSION

For the reasons stated, this Court should enter the Counter-Proposed Order and stay enforcement of the Order pending appeal.

Dated:   New York, New York
   February 5, 2021

**CHAITMAN LLP**
*/s/ Helen Davis Chaitman*
By: Helen Davis Chaitman
465 Park Avenue
New York, New York 10022
Phone & Fax: 888-759-1114
hchaitman@chaitmanllp.com

*Attorneys for Defendants*

{00046005 1 }       11