# EXHIBIT A

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                  Plaintiff-Applicant,<br><br>        v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                  Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br>BERNARD L. MADOFF,<br>                  Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>                  Plaintiff,<br><br>        v.<br><br>ESTATE OF SEYMOUR EPSTEIN,<br><br>MURIEL EPSTEIN, as beneficiary of the Estate of Seymour Epstein and/or trusts created by the Last Will and Testament of Seymour Epstein, as executor of the Estate and/or trustee of the Trusts created by the Last Will and Testament of Seymour Epstein,<br><br>HERBERT C. KANTOR, trustee of the Trusts created by the Last Will and Testament of Seymour Epstein,<br><br>and<br><br>SHELBURNE SHIRT COMPANY, INC.,<br><br>                  Defendants. | Adv. Pro. No. 10-04438 (CGM) |

## **COUNTER-PROPOSED ORDER**

      **WHEREAS,** the Defendants did not file SIPC claims and, therefore, did not consent to the

Bankruptcy Court's jurisdiction; and

**WHEREAS,** the Defendants moved to withdraw the reference in 2011. *See Picard v. Estate of Seymour Epstein*, Adv. Pro. No. 10-04438 (Bankr. S.D.N.Y. November 2, 2011) ECF No. 14, *Picard v. Abel,* 11-cv-07766, (S.D.N.Y. February 28, 2012) ECF No.10; and

**WHEREAS,** Judge Rakoff remanded the case to the Bankruptcy Court for pre-trial proceedings; and

**WHEREAS**, the Honorable George Woods of the United States District Court referred this matter to the Bankruptcy Court for a "report and recommendation," *Picard v. Epstein,* Civ. No. 20-cv-01377 (GHW), (S.D.N.Y. June 8, 2020), ECF No. 8; and

**WHEREAS**, the Trustee acknowledged in his July 22, 2020 letter to the District Court that the reference from the District Court was for a "report and recommendation," *Picard v. Epstein,* Civ. No. 20-cv-01377 (GHW), (S.D.N.Y. July 27, 2020), ECF No. 13; and that the Bankruptcy Court was directed to issue "proposed findings of fact and conclusions of law"; and

**WHEREAS,** the Trustee acknowledged in his summary judgment brief filed in this Court that Judge Woods had remanded the case to this Court for entry of proposed findings of fact and conclusions of law. *Picard v. Estate of Seymour Epstein*, Adv. Pro. No. 10-04438 (Bankr. S.D.N.Y. September 4, 2020) ECF No. 114 at 4-5; and

**WHEREAS,** this Court lacks the power to enter a judgment and can only enter Proposed Findings of Fact and Conclusions of Law to be considered by the District Court, as reflected in the Order of the Court in *Picard v Epstein*, Civ. No. 20-cv-01377 (GHW), (S.D.N.Y. June 8, 2020) ECF No. 8; and

**WHEREAS,** the Court proposes that the Trustee's Summary Judgment Motion under Federal Rule of Civil Procedure 56(a) be granted in accordance with its Decision, *see Picard v.*

*Estate of Seymour Epstein*, Adv. Pro. No. 10-04438 (Bankr. S.D.N.Y. Jan. 27, 2021), ECF No. 155 (the "Decision"); and

**WHEREAS,** the Court proposes that the Trustee should be awarded prejudgment interest on the transfers pursuant to 28 U.S.C. § 1961(b), at the rate of 4% from November 30, 2010 through February 1, 2021; and

**WHEREAS,** Shelburne Shirt Company, Inc. ("Shelburne") was dissolved on November 17, 2009, more than one year before the Trustee filed the complaint against Shelburne;

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

The Decision be treated as Proposed Findings of Fact and Conclusions of Law for consideration by the District Court, with this Court's recommendation that the District Court find that:

a. The Trustee has Article III standing to bring this action against Defendants;

b. Transfers of $1,110,536.16 were made to Seymour Epstein between December 11, 2006 and December 11, 2008 (the "Two-Year Transfers")

c. The Trustee may avoid the Two-Year Transfers;

d. The Trustee may have judgment of the Two-Year Transfers as against the Estate of Seymour Epstein, and Muriel Epstein, as executor of the Estate and/or trustee of the Trusts created by the Last Will and Testament of Seymour Epstein;

e. The Trustee is entitled to non-compounding prejudgment interest commencing on November 30, 2010 at a rate of 4%, and may have judgment against the Estate of Seymour Epstein, and Muriel Epstein, as executor of the Estate and/or trustee of the Trusts created by the Last Will and Testament of Seymour Epstein for the prejudgment interest on the Two-Year Transfers;

    f.   The Trustee may not have judgment of the Shelburne Two-Year Transfers as against Shelburne because Shelburne was dissolved on November 17, 2009 – more than one year before the complaint was filed.

_____
Cecilia Morris, U.S. B.J.