# EXHIBIT B

# CHAITMAN LLP
**465 PARK AVENUE**
**NEW YORK, NY 10022**
**(888) 759-1114**
TELEPHONE & FAX

*HELEN DAVIS CHAITMAN*
hchaitman@chaitmanllp.com

February 2, 2021

**VIA ECF AND UPS**

Honorable Cecelia G. Morris
United States Bankruptcy Court
Southern District of New York
355 Main Street
Poughkeepsie, New York 12601-3315

    **Re:** ***Picard v Estate of Seymour Epstein, et al.***
          **Adv. Pro. No. 10-04438 (CGM) (Bankr. S.D.N.Y.)**

Dear Judge Morris:

    We write on behalf of the Defendants in the above-referenced action in connection with Your Honor's recent decision in *Picard v Estate of Seymour Epstein, et al.* Adv. Pro. No. 10-04438 (CGM) (Bankr. S.D.N.Y.). ECF No. 155 (the "*Epstein Decision*"). As the Court noted in the *Epstein Decision*, to the extent that this Court did not have jurisdiction, the District Court should consider the *Decision* as proposed findings of fact and conclusions of law. *See* Page 3 of 11.

    In fact, the Court does not have jurisdiction to enter a judgment because the Epstein Defendants never consented to the bankruptcy court's jurisdiction. As Judge Rakoff held: "the bankruptcy court may not . . . enter final judgment on avoidance claims" absent exceptions that are inapplicable here. *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 490 B.R. 46, 49 (S.D.N.Y. 2013). Under *Stern v. Marshall*, 564 U.S. 462, 492 (2011), and *Exec. Benefits Ins. Agency v. Arkison*, 573 U.S. 25, 36 (2014), claims such as those at issue here are non-core proceedings in which bankruptcy courts may enter a final judgment only if (1) they are specially designated to do so by a district court *and* (2) both parties consent. *See* 28 U.S.C. § 157(e). The Epstein Defendants did not file a SIPC claim under SIPA, 15 U.S.C. §§ 78aaa-111, and, thereby, they did not consent to this Court's jurisdiction. Recognizing that principle, the Trustee consented to the withdrawal of the reference from the bankruptcy court. *See Picard v. Epstein*, Civ. No. 20-cv-01377 (GHW), ECF No. 5 (S.D.N.Y. March 6, 2020). After a conference at which the Trustee told Judge Woods he wanted to make a motion for summary judgment in the bankruptcy court, Judge Woods then denied the motion to withdraw the reference and instead referred the Trustee's proposed motion for summary judgment to the bankruptcy court for

{00045984 1 }

**CHAITMAN LLP**

Honorable Cecelia G. Morris
February 2, 2021
Page 2

proposed findings of fact and conclusions of law.[1]  *Id.,* ECF. No. 8 (S.D.N.Y. June 8, 2020). Although the issue was not briefed by the parties, the Trustee acknowledged in his memorandum of law on the summary judgment motion that the matter was referred for proposed findings of fact and conclusions of law.  ECF No. 114 at pp.4-5.

Even though he previously (and correctly) consented to the withdrawal of the reference, we anticipate that the Trustee may now contend that the Defendants consented to the bankruptcy court's jurisdiction by litigating there for a decade.  That is not true.  In fact, the Defendants moved to withdraw the reference to the district court in 2011 and Judge Rakoff issued a decision dismissing all of the Trustee's state law claims.  Judge Rakoff then remanded the case to the bankruptcy court for pretrial proceedings consistent with *Lehman Bros. Holding v.JP Morgan Chase Bank. N.A.*, 469 B.R. 415, n.5 (Bankr. S.D.N.Y. 2012) (citing cases regarding the practice of proceeding in bankruptcy court until the time of dispositive motions).

We are cognizant of Fed. R. Bankr. P 9033 which entitles us to file objections to the proposed findings of fact and conclusions of law.  However, under that Rule the time to do so does not begin to run until the clerk makes a docket entry and serves the decision by mail.  As far as we are aware, the clerk has not done that.  Accordingly, we write to advise the Court that the *Epstein Decision* should be reframed as proposed findings of fact and conclusions of law.

Respectfully submitted,

*/s/ Helen Davis Chaitman*

Helen Davis Chaitman

HDC:leb

cc:    *(Via Email:)*
       David J. Sheehan (dsheehan@bakerlaw.com)
       Keith R. Murphy (kmurphy@bakerlaw.com)
       *(Via ECF:)*
       *All counsel of record*

---

[1] Following a conference at which Judge Woods provided Defendants with an opportunity to file a second motion to withdraw the reference, which Defendants subsequently elected not to file, Judge Woods dismissed the proceeding without prejudice.  *See Picard v. Epstein,* Civ. No. 20-cv-01377 (GHW), ECF No. 17 (S.D.N.Y. August 12, 2020)

{00045984 1 }