# EXHIBIT F

# CHAITMAN LLP
### 465 PARK AVENUE
### NEW YORK, NY 10022
### (888) 759-1114
#### TELEPHONE & FAX

*HELEN DAVIS CHAITMAN*
hchaitman@chaitmanllp.com

February 4, 2021

**VIA ECF AND UPS**

Honorable Cecelia G. Morris
United States Bankruptcy Court
Southern District of New York
355 Main Street
Poughkeepsie, New York 12601-3315

   Re: ***Picard v Estate of Seymour Epstein, et al.***
      **Adv. Pro. No. 10-04438 (CGM) (Bankr. S.D.N.Y.)**

Dear Judge Morris:

  We write on behalf of the Defendants in response to the letter dated February 3, 2021 from the Plaintiff Irving H. Picard, the Trustee for the Liquidation of Bernard L. Madoff Investment Securities, LLC (the "LLC"). The letter annexes a proposed Judgment as an exhibit. *Picard v Estate of Seymour Epstein. et al.* Adv. Pro. No. 10-04438 (CGM) (Bankr. S.D.N.Y.) ECF No. 157-2. There are three egregious errors in the Trustee's proposed Judgment and we respectfully request that the Court enter the attached counter-proposed order (*See* **Exhibit A**) to correct those three fundamental errors.

<u>This Court Should Enter Proposed Findings of Fact and Conclusions of Law</u>

  The Defendants did not file SIPC claims and, therefore, did not consent to the Bankruptcy Court's jurisdiction. Defendants first moved to withdraw the reference in 2011, ECF No. 14, and their motion was consolidated with *Picard v. Abel,* 11-cv-07766, ECF No.10. Judge Rakoff remanded the case to the Bankruptcy Court for pre-trial proceedings.

  Defendants again moved to withdraw the reference to the District Court in 2020, and the Trustee consented to that motion. *See Picard v. Epstein,* Civ. No. 20-cv-01377 (GHW), ECF No. 5 (S.D.N.Y. March 6, 2020). Upon being informed by the Trustee that he intended to make a motion for summary judgment, Judge Woods denied the motion to withdraw the reference without prejudice and referred this matter to the Bankruptcy Court for proposed findings of fact and conclusions of law.

  The Trustee misrepresents the record in his letter. Following the referral for proposed findings of fact and conclusions of law, Defendants asked Judge Woods to resolve jurisdictional issues based on their own proposed cross-motion for summary judgment instead of making the

{00046001 1}

**CHAITMAN LLP**

Honorable Cecelia G. Morris
February 4, 2021
Page 2

referral. *Id.* ECF No. 12. It was on that issue that Defendants did not submit a further motion, not on their motion to withdraw the reference. *Id.* ECF No. 8. That is why, in his July 27, 2020 letter to the District Court, the Trustee acknowledged that the Bankruptcy Court was directed to issue "proposed findings of fact and conclusions of law," *Id.* ECF No. 13 p. 1. The Trustee further acknowledged this in his memorandum of law on summary judgment, filed on September 4, 2020 in this Court. ECF No. 114 at 4-5, almost a month after Judge Woods dismissed this action without prejudice on August 12, 2020. *See Picard v. Epstein,* Civ. No. 20-cv-01377 (GHW) (S.D.N.Y. August 12, 2020) ECF No. 17. Thus, this Court does not have jurisdiction to enter a judgment and must, instead, enter proposed findings of fact and conclusions of law for review by the District Court.[1]

As Judge Rakoff has held, under Article III of the Constitution, "the Bankruptcy Court may not . . . enter final judgment on avoidance claims" absent exceptions inapplicable here. *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 490 B.R. 46, 49 (S.D.N.Y. 2013); *Dev. Specialists, Inc. v. Akin Gump Strauss Hauer & Feld LLP*, 462 B.R. 457, 469 (S.D.N.Y. 2011) (withdrawing the reference because claim is the type of claim found to involve only "private rights in *Granfinanciera*"); *In re Coudert Bros. LLP*, 2011 WL 5593147, at *8 (S.D.N.Y. Sept. 23, 2011) (vacating final order entered before *Stern* because "a claim of fraudulent conveyance implicates private rather than public rights"). Thus, in *Picard v. Lowrey, et al.,* Judge Bernstein held that "this Court may not enter a final judgment on these fraudulent transfer claims . . . absent the parties' consent." *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, No. AP 08-01789 (SMB), 2018 WL 1442312, at *3 (Bankr. S.D.N.Y. Mar. 22, 2018), *as corrected* (Mar. 26, 2018), *report and recommendation adopted,* 596 B.R. 451 (S.D.N.Y. 2019), *aff'd sub nom. In re Bernard L. Madoff Inv. Sec. LLC*, 976 F.3d 184 (2d Cir. 2020). Avoidance actions such as this one are "'quintessentially suits at common law that more nearly resemble state law contract claims brought by a bankrupt corporation to augment the bankruptcy estate than they do creditors' hierarchically ordered claims to a pro rata share of the bankruptcy res.'" *Stern v. Marshall*, 564 U.S. 462, 492 (2011) (quoting *Granfinanciera S.A. v. Nordberg*, 492 U.S. 33, 56 (1989).

There is no dispute that Defendants did not file a SIPC claim under 15 U.S.C. §§ 78aaa-111, and thereby preserved their right to a final judgment being entered in the District Court. For this reason, the Trustee consented to this firm's motions to withdraw the reference in this case and in seven other cases.[2] *See Picard v. Epstein,* Civ. No. 20-cv-01377 (GHW), ECF No. 5

---

[1] Although it is not relevant to this Court's jurisdiction, in his letter at ECF No. 157, the Trustee misleads the Court on another issue as well: The Trustee states that Defendants accessed "E-Data Room 1 "as late as this week to obtain BLMIS customer statements." Trustee Letter at 3. That is true. It is the very first time we asked the Trustee to produce non-clients' customer statements and we did so this week because the Trustee disclosed on January 27, 2021, for the very first time, that we could access non-client customer statements.

[2] The Trustee conceded, in at least seven virtually identical proceedings, some of which are now concluded by settlement, that the reference should be withdrawn. *See, e.g. Picard v. RAR Entrepreneurial Fund, et al.,* 20-Civ-01029-JMF, ECF No. 5 ("the Trustee consents to the relief requested"); *Picard v. Horowitz,* 20-Civ-02525-DLC, ECF. No. 4 ("the Trustee consents to the withdrawal of the reference"), *Picard v. Elaine Dine Living Trust Dated 5/12/06 et al.,* 20-Civ-01748-

# CHAITMAN LLP

Honorable Cecelia G. Morris
February 4, 2021
Page 3

(S.D.N.Y. March 6, 2020). Then, after a conference at which the Trustee told Judge Woods that he wanted to make a motion for summary judgment before the Bankruptcy Court, Judge Woods referred the Trustee's proposed motion for summary judgment to the Bankruptcy Court for proposed findings of fact and conclusions of law. *Id.,* ECF. No. 8 (S.D.N.Y. June 8, 2020).

The Trustee argues, ECF No. 157, that Defendants have implicitly provided consent to the Bankruptcy Court's jurisdiction by "having availed themselves of the Bankruptcy Court's adjudicative authority for nearly a decade." Nothing could be further from the truth. Defendants have never consented to the Bankruptcy Court's jurisdiction over this matter. To the contrary, as set forth above, they moved to withdraw the reference in 2011, ECF No. 14, and their was consolidated with *Picard v. Abel,* 11-cv-07766, ECF No.10. Judge Rakoff remanded the case to the Bankruptcy Court for pre-trial proceedings.

The Trustee has no authority for his argument that Defendants waived their right to have their case heard in the District Court. He relies upon cases where the Defendants filed SIPC claims and, thus, waived their right to a final judgment in the District Court. *See Picard v. Grieff,* 617 B.R. 198, 203, 205 (S.D.N.Y. 2020), and *Picard v. BAM,* 612 B.R. 257 n. 10, 260 (S.D.N.Y. 2020), It is precisely because the Defendants never filed SIPC claims that they are entitled to a final determination in the District Court, and that is why in seven of this firm's cases the District Court granted motions to withdraw the reference. It is undisputed that, without the filing of a SIPC claim, the Trustee's action does not "become[ ] part of the claims allowance process." *Stern v. Marshall,* 564 U.S. 462, 497 (2011) (alteration in original), *quoting Langenkamp v. Culp,* 498 U.S. 42, 45 (1990), under which the party filing the claim may be presumed to have consented to the Bankruptcy Court's jurisdiction.

Any waiver of the right to a jury trial must be "knowing and voluntary." *Wellness Int'l Network, Ltd. v. Sharif,* 575 U.S. 665, 135 S. Ct. 1932, 1948, 191 L. Ed. 2d 911 (2015) ("the key inquiry is whether "the litigant or counsel was made aware of the need for consent and the right to refuse it, and still voluntarily appeared to try the case.'"). The "litigation" by Defendants in the Bankruptcy Court to which the Trustee refers—joining in an Omnibus Motion to Dismiss, participating in discovery, deposing Madoff, opposing the Trustee's requests for additional discovery, and requesting leave to depose former employees—was all part of the pre-trial proceedings for which the Defendants' case was remanded in 2011 by Judge Rakoff. It is the law of this case that Defendants are entitled to final judgment, after trial by jury, in the District Court. Defendants have followed well-established principles and procedure under the Bankruptcy Rules, which authorize the Bankruptcy Court to preside over every issue until the time of dispositive motions and trial. *See Lehman Bros. Holding v. JPMorgan Chase Bank. N.A.*, 469 B.R. 415, n.5 (Bankr. S.D.N.Y. 2012) (citing cases regarding the practice of proceeding up until the time of dispositive motions in Bankruptcy Court). The Trustee's claim

---

AJN, ECF No. 5 ("[t]he Trustee hereby consents to the withdrawal of the reference"); *Picard v. Krauss,* 20-Civ-04086-LGS, ECF No. 4 (same); *Picard v. Lisa Beth Nissenbaum Trust, et al.,* 20-Civ-03140-JGK, ECF No. 4 (same); *Picard v. JABA Associates,* 20-Civ-03836-JGK, ECF No. 3 (same); and *Picard v. Zeises Investment Partnership, et al.,* 20-Civ-2872-VSB, ECF No. 3 (same).
.

{00046001 1 }

**CHAITMAN LLP**

Honorable Cecelia G. Morris
February 4, 2021
Page 4

that Defendants have "consented" to the jurisdiction of the Bankruptcy Court is, therefore, absurd.

The Trustee cites *In re Kirwan Offices, S.a.r.l*, 792 Fed. App'x 99, 103 (2d. Cir. 2019), for the proposition that consent need not be express so long as it is knowing and voluntary. While that proposition may be true it is irrelevant here. Defendants have always preserved their right to final judgment in the District Court: by not filing SIPC claims; by moving to withdraw the reference in 2011; and by moving to withdraw the reference in 2020.

Thus, as the Trustee conceded in his summary judgment brief in this Court, the Court lacks jurisdiction to enter a judgment and the Court's holdings must be incorporated in an order with proposed findings of fact and conclusions of law.

<u>A Judgment or Order Cannot be Entered against Persons Who Were Never Named as Defendants</u>

The Trustee's proposed judgment is submitted against Jane Epstein, Randy Austin, and Susan Gross as successor co-trustees (the "Successor Trustees") to Herbert C. Kantor. However, these people were not named in the complaint as Successor Trustees. They were named in the complaint as subsequent transferees only. Judge Bernstein dismissed the complaint against them as subsequent transferees and they have not been parties to this action, in any capacity, since June 2015. *See Picard v. Estate of Seymour Epstein*, Adv. Pro. No. 10-04438 (Bankr. S.D.N.Y. November 10, 2010), ECF No. 1; Complaint at ¶8; Order dismissing subsequent transferee defendants, ECF No. 42, and *see* Trustee's Statement of Material Facts, ECF No. 115, n 1.

Obviously, this Court cannot issue an order or judgment against non-parties. The Trustee never moved to add the Successor Trustees as parties and, even in his summary judgment papers, he did not seek judgment against the Successor Trustees. If he had, we would have addressed this issue in our opposition papers.

The Trustee has been aware of Mr. Kantor's death since at least September 16, 2015. *See* Answer, ECF No. 43 at ¶ 8. Thus, he had plenty of time to move to amend the complaint to name the Successor Trustees. Yet he failed to do so.

Rule 7025 of the Bankruptcy Rules, through Rule 25 of the Federal Rules of Civil Procedure, provides for substitution on death of a party and requires that a motion to substitute must be made within 90 days of service of notice of that party's death, otherwise the claim "must be dismissed." As Fed. R. Civ. P. 25, Substitution of Parties, provides:

> (a) Death.
> (1) Substitution if the Claim Is Not Extinguished. If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

# CHAITMAN LLP

Honorable Cecelia G. Morris
February 4, 2021
Page 5

*See also In re Pocius*, 556 B.R. 658, 662 (Bankr. E.D. Pa. 2016) ("Mrs. Pocius died on October, 6, 2014, just five (5) days after the Trustee filed his Complaint in this adversary proceeding. The Trustee took no action to substitute a representative of her decedent's estate as a party. Therefore, I will not further consider or discuss the Trustee's claims against her."). *And see generally O'Rourke v. Ehsan Food Corp.,* No. 19-CV-6162 (LJL), 2020 WL 6894663, at *1-2 (S.D.N.Y. Nov. 24, 2020) (dismissing the complaint for failure to timely move for substitution of a successor or representative within 90 days after service of a statement).

This Court has no power to enter an order or judgment against non-parties. Accordingly, this Court should reject the Trustee's Proposed Judgment and should enter the Defendants' Counter-Proposed Order.

<u>No Judgment Can Be Entered Against Shelburne</u>

Under New York's Business Corporation Law, a corporation such as Shelburne cannot be sued for pre-dissolution events "if the corporation's affairs are "fully adjusted and wound up." Thus, "a corporation lacks the capacity to be sued upon completion of the winding up process under New York law." *Next Millennium Realty, L.L.C. v. Adchem Corp.,* No. CV 03-5985(GRB), 2016 WL 1178957, at *6 (E.D.N.Y. Mar. 23, 2016), *aff'd sub nom. Next Millenium Realty, LLC v. Adchem Corp.*, 690 F. App'x 710 (2d Cir. 2017). Shelburne was formally wound up in November, 2009 and the Trustee did not bring his Complaint until a year later. *See* **Exhibit B.**

Where, as here, "it is impossible or futile to obtain such judgment, the creditor can maintain an action directly against the directors or shareholders." *Rodgers v. Logan,* 121 A.D.2d 250, 252–53, 503 N.Y.S.2d 36, 38–39 (N.Y. 1986). Here, however, the Trustee elected not to sue the Shelburne shareholders directly and his time to do so has long since expired.

For these reasons, the Defendants respectfully request that the Court reject the Trustee's proposed Judgment and enter the Counter-Proposed Order in its place.

Respectfully submitted,

*/s/ Helen Davis Chaitman*

Helen Davis Chaitman

HDC:leb
Encls.

cc:  *(Via Email w.Encls.:)*
David J. Sheehan (dsheehan@bakerlaw.com)
Keith R. Murphy (kmurphy@bakerlaw.com)
*(Via ECF:)*
All counsel of record

{00046001 1 }