# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

February 10, 2021

Nicholas J. Cremona
direct dial: 212.589.4682
ncremona@bakerlaw.com

**VIA ECF AND ELECTRONIC MAIL**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 723
New York, New York 10004-1408

Re:   *Picard v. Norma Shapiro,* Adv. Pro. No. 10-04486 (SMB); and *Picard v. Stanley T. Miller,* Adv. Pro. No. 10-04921 (SMB)

Dear Judge Bernstein:

      We are counsel to Irving H. Picard, as trustee for the substantively consolidated SIPA liquidation of Bernard L. Madoff Investment Securities LLC under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa–*lll*, and the chapter 7 estate of Bernard L. Madoff. We write to update your Honor on the status of the above-referenced adversary proceedings and to request a pre-motion conference pursuant to Rule 7056-1(a) of the Local Bankruptcy Rules for the Southern District of New York for leave to file a motion for summary judgment.

      The *Shapiro* and *Miller* cases (the "Actions") are straight forward "good faith" actions no different than the adversary proceedings previously disposed of by this Court. The Trustee seeks to avoid and recover fictitious profits in the Actions that occurred between December 11, 2006 and December 11, 2008 (the "Two-Year Period") in the amounts of $926,064 in the *Shapiro* Action, and $669,793 in the *Miller* Action, respectively.

      In discovery in the Actions, the Trustee served expert reports that traced the transfers from BLMIS during the Two-Year Period to the relevant defendants. The Plea Allocutions of Mr. Madoff and Mr. DiPascali confirm that Madoff was running a Ponzi scheme through BLMIS's Investment Advisory ("IA") business. The Trustee also served expert reports in the Actions demonstrating that Madoff was running a Ponzi scheme through BLMIS's IA business for the entire duration of the defendants' accounts.

      Discovery in the *Shapiro* action was fully completed on December 1, 2015. Likewise, discovery in the *Miller* action was fully completed on May 31, 2017. Defendants in the Actions did not identify any experts or submit any expert reports. Defendants conducted no discovery concerning the Trustee's experts. Defendants did not identify any evidence—admissible or

otherwise—that they intend to rely on to rebut the Trustee's factual or expert evidence demonstrating that Madoff was running a Ponzi scheme through BLMIS's IA business.

After conclusion of discovery, the Actions were referred to mediation and the parties selected Deborah A. Reperowitz as mediator. [Adv. Pro. No. 10-04486, ECF Nos. 48, 52; Adv. Pro. No. 10-04921, ECF Nos. 51, 53]. Settlement discussions took place in the Actions periodically over the years, but the Trustee determined, in consultation with Ms. Reperowitz, that further mediation would no longer be productive. As a result, Ms. Reperowitz filed her Mediator's Final Report in the Actions on February 8, 2021 [Adv. Pro. No. 10-04486, ECF No. 102; Adv. Pro. No. 10-04921, ECF No. 84]. The Actions are now ripe to proceed before this Court.

The facts and applicable law confirm that the defendants in the Actions did not provide "value" under 11 U.S.C. § 548(c). Without more, it appears the defendants intend to recycle legally insufficient arguments repeatedly rejected by courts in this liquidation proceeding. *See, e.g.*, *Picard v. Gettinger*, 976 F.3d 184, 198-99 (2d Cir. 2020); *Picard v. Greiff*, 476 B.R. 715, 722-24 (S.D.N.Y. 2012); *Picard v. Katz*, 462 B.R. 447, 453 (S.D.N.Y. 2011); Memorandum Decision at *6-8, *Picard v. Estate of Seymour Epstein*, Adv. Pro. No. 10-04438 (CGM), Bankr. S.D.N.Y. Jan. 27, 2021), ECF No. 155 (the "*Epstein Decision*"); *Picard v. BAM L.P.*, Adv. Pro. No. 10-04311 (CGM), 2020 WL 7422316, at *5 (Bankr. S.D.N.Y. Dec. 11, 2020); *Picard v. BAM L.P.*, 608 B.R. 165, 180-81 (Bankr. S.D.N.Y. 2019); *Picard v. Nelson*, 610 B.R. 197, 233-37 (Bankr. S.D.N.Y. 2019); *Picard v. Legacy Capital Ltd.*, 603 B.R. 682, 693-700 (Bankr. S.D.N.Y. 2019).

Based on the foregoing, summary judgment is appropriate. There is no issue of material fact precluding this Court from entering judgment finding that BLMIS made the fraudulent transfers to the defendants in the Actions with actual fraudulent intent in the course of and in furtherance of a Ponzi scheme. *See, e.g., Epstein Decision* at *6-8; *BAM L.P.*, 2020 WL 7422316, at *5; *BAM L.P.*, 608 B.R. at 180-81; *Nelson*, 610 B.R. at 232-37; *Legacy Capital Ltd.*, 603 B.R. at 687-700.

The Trustee requests a Rule 7056-1(a) pre-motion conference to discuss these Actions further.

Respectfully submitted,

*/s/ Nicholas J. Cremona*

Nicholas J. Cremona
Partner

cc: Arthur Ruegger, Esq.
    Carole Neville, Esq.