大成 DENTONS

Carole Neville
Senior Counsel

carole.neville@dentons.com
D    +1 212 768 6889

Dentons US LLP
1221 Avenue of the Americas
New York, NY  10020-1089
United States

大成  Salans FMC SNR Denton McKenna Long
dentons.com

February 12, 2021

VIA ECF, ELECTRONIC MAIL

The Honorable Stuart M. Bernstein
United States Bankruptcy Court
United States Court House
One Bowling Green, Room 723
New York, New York  10004-1408
bernstein.chambers@usb.uscourts.gov

Re:    *In re Bernard L. Madoff* - Case No. 08-01789 (SMB) (Bankr. S.D.N.Y.)
       *Picard v Miller*  Adv. Pro No 10-04921 (SMB) (Bankr. S.D.N.Y.)

Dear Judge Bernstein:

This firm is counsel to the Defendant Stanley Miller in the above-listed adversary proceeding, and we write in response and opposition to the request of the Trustee's counsel by letter dated February 10, 2021 proposing to move for summary judgment against Mr. Miller, the sole remaining defendant.  As set forth below, dismissal of the adversary proceeding without further litigation is the only humane course because, as the Trustee well knows, a judgment against this ailing, elderly defendant is uncollectible as a practical and legal matter.

Mr. Miller is 89 years old and in poor health.  As the Trustee well knows, Mr. Miller lacks the resources to satisfy the Trustee's claim or even to defend against the claim by trial or summary judgment.  Mr. Miller sought dismissal of his case on hardship grounds in January 2011 and then again, as his situation worsened, in December 2017.  In both cases, Mr. Miller submitted information demonstrating to the Trustee that he lacked financial resources to satisfy the Trustee's claim against him.  He and his wife have just sufficient funds to meet their ordinary living and health care expenses.  In addition, he asserted in those hardship applications that both his mental and physical health was deteriorating.

In addition to the above finance impediment, there are significant legal obstacles to collection.  All of Mr. Miller's (and his wife's) assets fully set forth in the hardship applications were and continue to be protected from the claims of creditors under multiple state laws, including the homestead

大成 DENTONS

大成 Salans FMC SNR Denton McKenna Long
dentons.com

February 12, 2021
Page 2

exemption, laws governing property held by tenants by the entirety, and exemptions for individual retirement accounts.

The Millers' condominium is protected by the homestead exemption set forth in Article X, Section 4(a) of the Florida Constitution. Notably, the Florida homestead protection will continue for the benefit of their heirs after either Mr Miller or his wife dies. A person's homestead is not included in probate and it cannot be liquidated to pay a decedent's creditors. If the decedent's heirs or trustees sell the homestead after death the sale proceeds will pass to the decedent's probate heirs and trust beneficiaries. *See* Article X, Section 4(b).

Moreover, the Millers' condominium and their other property is also protected from the claims of Mr. Miller's creditors because their property is held by them as tenants by the entirety. Mrs. Miller is not a defendant. Under Florida law, the protection of tenants by the entirety ownership extends to both real and tangible property, including the Millers' bank and brokerage accounts, and is protected from the claims of one spouse's creditors. *Beal Bank, SSB v. Almand & Assoc.*, 780 So.2d 45, 53 (Fla. 2001) ("[W]hen property is held as a tenancy by the entireties, only the creditors of both the husband and wife, jointly, may attach the tenancy by the entireties property; the property is not divisible on behalf of one spouse alone, and therefore it cannot be reached to satisfy the obligation of only one spouse.") (citations omitted).

Finally, all the transfers the Trustee seeks to avoid were to and from Mr. Miller's Individual Retirement Account ("IRA"), and therefore are protected under New York Trust laws, which have never been addressed in the cases cited by the Trustee or this Court. Although the Trustee dismissed the claim against the custodian of the IRA, the adversary proceeding sets out a claim to avoid transfers only to Mr. Miller's IRA. An IRA is defined as a trust under New York law and afforded the protections of a spendthrift trust. *See* Estates, Powers and Trust Law Section 7-3.1(b)(1) and (2). This section, which is not an execution statute, defines qualified retirement accounts as spendthrift trusts, distinguishes them from other self-settled trusts and exempts them from the claims of creditors. The section is a part of trust law defining the rights of the trustees and third parties. It provides, in relevant part:

> (a) A disposition in trust for the use of the creator is void as against the existing or subsequent creditors of the creator.

> (b)(1) For purposes of paragraph (a) of this section, all trusts, custodial accounts, annuities, insurance contracts, monies, assets or interests established as part of, and all payments from, either an individual retirement account plan which is qualified under section 408 or section 408A of the United States Internal Revenue Code of 1986…as amended, shall not be considered a disposition in trust for the use of the creator, even though the creator is (i) in the case of an individual retirement account plan, an individual who is the settlor of and depositor to such account plan.

大成 DENTONS  大成 Salans FMC SNR Denton McKenna Long
dentons.com

February 12, 2021
Page 3

> (2) All trusts, custodial accounts, annuities, insurance contracts, monies, assets, or interests described in subparagraph one of this paragraph shall be conclusively presumed to be spendthrift trusts under this section and the common law of the state of New York for all purposes, including, but not limited to, all cases arising under or related to a case arising under sections one hundred one to thirteen hundred thirty of title eleven of the United States Bankruptcy Code, as amended

Although it was and remains clear that the Trustee could not collect a judgment against the defendant as a practical or legal matter, and as a matter of compassion should not seek payment, the hardship applications were denied. Mr. Miller's health has continued to deteriorate, and more than ever, he and his wife need their assets to meet expenses. Under these circumstances, the Trustee's insistence on entry of a judgment by any means to hold over Mr. Miller and his wife is purely punitive and borders on the cruel.

Furthermore, there is a fundamental connection between the limitation on collection and liability where, as here, the transfers involve exempt assets. The consequence of the broad exemptions of defendant's property from the claims of creditors is that those assets are immune from fraudulent transfers actions because the creditors or entities to which the defendant was or becomes liable could have had no interest in the property. *See Bear, Stearns Sec. Corp. v. Gredd (In re Gredd)*, 275 B.R. 190, 196 (Bankr. S.D.N.Y.2002)("We thus conclude that §548(a)(1)(A) only permits a trustee to avoid a transfer of an interest in property of a debtor when, but for the transfer, such property or interest would have been available to at least one of the debtor's creditors."); *Jensen v. Anderson (In re Anderson)*, 561 B.R. 230 (Bankr. M.D. Fla. 2016) ("Under both the fraudulent transfer provisions of the Bankruptcy Code and the Florida Uniform Fraudulent Transfer Act ("FUFTA"), a transfer of property that is exempt from creditors may not be the subject of an action to avoid a fraudulent transfer. The disposition of exempt property cannot be the result of an intent to defraud creditors because the creditors had no claim to the property regardless of whether or not it was transferred."); *Craft v. United States*, 65 F. Supp. 2d 651 (D.W.D. Mich. 1999), reversed on other grounds ( The court held that a conveyance of property, which was exempt from claims of creditors, could not be a fraudulent conveyance and creditors had no right to complain of a debtor's disposition of exempt property when such property could not be reached to satisfy debts had it remained in the debtor's hands); *Andrews v. RBL, L.L.C. (In re Vista Bella, Inc.)*, Adv. Proc. No.: 12-00060-MAM, 2013 Bankr. LEXIS 2275, 2013 WL 2422703, *37 (Bankr. S.D. Ala. June 4, 2013)("sale or other disposition of property which is by law exempt from payment of debts cannot be impeached by creditors as fraudulent, since creditors cannot be deemed concerned with property not subject to their demands"). None of the cases we have seen relied on by the Trustee or cited by the courts to date have addressed this additional bar to both liability and execution as set forth above.

For these legal, practical and humane reasons, our position is that the adversary should be dismissed without further expense to either side.

US_Active\116632042\V-1

大成 DENTONS

大成 Salans FMC SNR Denton McKenna Long
dentons.com

February 12, 2021
Page 4

Respectfully,

*Carole Neville*

Carole Neville

cc:   Nicholas Cremona (ncremona@bakerlaw.com)
      Kevin Bell (kbell@sipc.org)
      Arthur H. Ruegger (arthur.ruegger@dentons.com)

US_Active\116632042\V-1