**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation of*
*Bernard L. Madoff Investment Securities LLC and*
*the Chapter 7 Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | |
| v. | SIPA LIQUIDATION |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | (Substantively Consolidated) |
| Defendant. | |
| In re | |
| BERNARD L. MADOFF, | Adv. Pro. No. 10-04438 (CGM) |
| Debtor. | |

IRVING H. PICARD, Trustee for the Substantively
Consolidated SIPA Liquidation of Bernard L. Madoff
Investment Securities LLC and Bernard L. Madoff,

Plaintiff,

v.

ESTATE OF SEYMOUR EPSTEIN,

MURIEL EPSTEIN, as beneficiary and of the Estate
of Seymour Epstein and/or the Trusts created by the
Last Will and Testament of Seymour Epstein, as
Executor of the Estate of Seymour Epstein, and as
trustee of Trusts created by the Last Will and
Testament of Seymour Epstein,

HERBERT C. KANTOR, as trustee of Trusts created
by the Last Will and Testament of Seymour Epstein,

RANDY EPSTEIN AUSTIN, as beneficiary of the
Estate of Seymour Epstein and/or the Trusts created
by the Last Will and Testament of Seymour Epstein,

ROBERT EPSTEIN, as beneficiary of the Estate of
Seymour Epstein and/or the Trusts created by the
Last Will and Testament of Seymour Epstein,

JANE EPSTEIN, as beneficiary of the Estate of
Seymour Epstein and/or the Trusts created by the
Last Will and Testament of Seymour Epstein,

SUSAN EPSTEIN GROSS, as beneficiary of the
Estate of Seymour Epstein and/or the Trusts created
by the Last Will and Testament of Seymour Epstein,
and

SHELBURNE SHIRT COMPANY, INC.,

               Defendants.

**TRUSTEE'S MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANTS' MOTION FOR RELIEF FROM JUDGMENT, CONSIDERATION OF
OBJECTIONS, ENTRY OF COUNTER-PROPOSED ORDER AND STAY
OF JUDGMENT PENDING APPEAL**

# <u>TABLE OF CONTENTS</u>

**Page**

PRELIMINARY STATEMENT ................................................................................ 1

ARGUMENT ........................................................................................................ 3

I.    THE JUDGMENT SHOULD NOT BE VACATED BECAUSE IT WAS
      ENTERED IN COMPLIANCE WITH LOCAL BANKRUPTCY RULE 9074-
      1(a) ........................................................................................................... 3

      A.    The Trustee Provided Defendants The Proposed Judgment 48 Hours In
            Advance Of Entry ................................................................................ 3

      B.    The Trustee Was Directed By The Court To Submit An Order Consistent
            With The Epstein Decision .................................................................... 3

II.   DEFENDANTS CANNOT MEET THE STANDARD FOR
      RECONSIDERATION OF THE JUDGMENT ............................................... 4

      A.    Standard For Motions For Reconsideration ............................................ 4

      B.    Defendants Misrepresent The Procedural History Of The Motions to
            Withdraw ........................................................................................... 5

      C.    The Bankruptcy Court Has Jurisdiction Over Avoidance Actions Where
            Defendants Have Implicitly Consented ................................................... 6

            1.    The Supreme Court's *Wellness* Decision Supersedes Defendants'
                  Cited Cases ................................................................................ 6

      D.    The Judgment Accurately Enforces Judgment Against Muriel Epstein ......... 10

      E.    The Judgment Is Not Void Against Defendant Shelburne Shirt Company,
            Inc. ................................................................................................... 11

III.  THE JUDGMENT SHOULD NOT BE STAYED PENDING APPEAL ........... 12

      A.    Standard For Motion For Stay ............................................................. 12

            1.    Defendants Have Not Established A Likelihood Of Success On
                  The Merits ................................................................................. 13

            2.    It Is Not Defendants That Will Be Irreparably Harmed, But The
                  Trustee And The Net Loser Customers .......................................... 16

            3.    The Public Interest Will Not Be Served By Granting The Stay ......... 17

CONCLUSION ..................................................................................................... 18

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*In re Adelphia Communications Corp.*,
    361 B.R. 337 (S.D.N.Y. 2007)......................................................................13

*Bank of N.Y. Mellon v. Worth*,
    No. 3:13–CV–1489 MPS, 2015 WL 1780719 (D. Conn. Apr. 20, 2015) ........................13, 15

*Matter of Bevill, Bresler & Schulman, Inc.*,
    83 B.R. 880 (D.N.J. 1988) ......................................................................17

*Blossom South, LLC v. Sebelius*,
    No. 13–CV–6452L (DGL), 2014 WL 204201 (W.D.N.Y. 2014) ...........................14

*Brea Union Plaza I, LLC v. Toys R Us, Inc.*,
    No. 3:18CV419 (MHL), 2018 WL 3543056 (E.D. Va. July 23, 2018).................................17

*Briarpatch Ltd. L.P. v. Thomas*,
    265 F.Supp.2d 219 (S.D.N.Y. 2003)......................................................11

*Cieszkowska v. Grayline N.Y.*,
    No. 01 CIV. 0128 (LAP), 2001 WL 1512620 (S.D.N.Y. Nov. 28, 2001)...............................5

*Goldstein v. State*,
    No. 00 CV 7463 (LTS), 2001 WL 893867 (S.D.N.Y. Aug. 7, 2001).......................................5

*In re Hartley*,
    479 B.R. 635 (S.D.N.Y. 2012)......................................................................11

*Hilton v. Braunskill*,
    481 U.S. 770 (1987).....................................................................................13

*In re Kirwan Offices S.A.R.L.*,
    792 F. App'x 99 (2d Cir. 2019) ..............................................................8

*Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*,
    729 F.3d 99 (2d Cir. 2013).........................................................................4

*Lance Int'l, Inc. v. First Nat'l City Bank*,
    86 A.D.3d 479 (N.Y.App. Div., 1st Dep't 2011)...................................................12

*Mikulec v. Town of Cheektowaga*,
    302 F.R.D. 25 (W.D.N.Y. 2014)..............................................................4

*MMI Trading, Inc. v. Nathan H. Kelman, Inc.*,
  120 A.D.3d 478 (N.Y. App. Div., 2d Dep't 2014) ..................................................11

*Next Millennium Realty, L.L.C. v. Adchem Corp.*,
  No. CV 03-5985(GRB), 2016 WL 1178957 (E.D.N.Y. Mar. 23, 2016), *aff'd
  sub nom. Next Millenium Realty, LLC v. Adchem Corp.*, 690 F. App'x 710 (2d
  Cir. 2017) .............................................................................................................12

*In re Norwich Historic Preservation Trust, LLC*,
  No. 3:05CV12 (MRK), 2005 WL 977067 (D. Conn. Apr. 21, 2005)......................13

*Picard v. BAM L.P.*,
  Adv. Pro. No. 10-04311 (CGM), 2020 WL 7422316 (Bankr. S.D.N.Y. Dec.
  11, 2020) ...........................................................................................................7, 14

*Picard v. BAM L.P.*,
  608 B.R. 165 (Bankr. S.D.N.Y. 2019) ..................................................................14

*Picard v. BAM, L.P.*,
  612 B.R. 257 (S.D.N.Y. 2020).............................................................................7, 8

*Picard v. Gettinger*,
  976 F.3d 184 (2d Cir. 2020).................................................................................14

*Picard v. Greiff*,
  476 B.R. 715 (S.D.N.Y. 2012)..............................................................................14

*Picard v. Greiff*,
  617 B.R. 198 (S.D.N.Y. 2020).............................................................................7, 8

*Picard v. Katz*,
  462 B.R. 447 (S.D.N.Y. 2011)..............................................................................14

*Picard v. Legacy Cap. Ltd.*,
  603 B.R. 682 (Bankr. S.D.N.Y. 2019) ..................................................................14

*Picard v. Lowrey*,
  531 B.R. 439, 449 (Bankr. S.D.N.Y. 2015), *report and recommendation
  adopted*, 596 B.R. 451 (S.D.N.Y. 2019), *aff'd sub nom. In re Bernard L.
  Madoff Inv. Sec. LLC*, 976 F.3d 184 (2d Cir. 2020) ............................................7, 9

*Picard v. Nelson*,
  610 B.R. 197 (Bankr. S.D.N.Y. 2019) ........................................................7, 14, 15

*Rafter v. Liddle*,
  288 F. App'x 768 (2d Cir. 2008) ............................................................................5

*Rodgers v. Logan*,
   503 N.Y.S.2d 36 (1st Dep't 1986) .......................................................................11

*Roell v. Withrow*,
   538 U.S. 580 (2003)...........................................................................................8

*Saenz v. Gomez*,
   899 F.3d 384 (5th Cir. 2018) .............................................................................8

*Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*,
   490 B.R. 46 (S.D.N.Y. 2013).............................................................................7

*Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Bernard L.*
   *Madoff)*,
   Adv. Pro. No. 08-01789 (SMB), 2020 WL 1488399 (Bankr. S.D.N.Y. Mar.
   20, 2020) ..................................................................................................10, 17

*Shrader v. CSX Transp., Inc.*,
   70 F.3d 255 (2d Cir. 1995)................................................................................4

*In re Simpson*,
   No. 17-10442 (CAB), 2018 WL 1940378 (Bankr. D. Vt. Apr. 23, 2018)........14, 15

*Stern v. Marshall*,
   564 U.S. 462 (2011)........................................................................................7, 8

*In re Taub*,
   No. 08-44210 (ESS), 2010 WL 3911360 (Bankr. E.D.N.Y. Oct. 1, 2010) ...........17

*Thapa v. Gonzales*,
   460 F.3d 323 (2d Cir. 2006).............................................................................13

*United States v. Private Sanitation Indus. Ass'n of Nassau/Suffolk, Inc.*,
   44 F.3d 1082 (2d Cir. 1995).............................................................................13

*Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*,
   956 F.2d 1245 (2d Cir. 1992)............................................................................4

*Wellness Int'l Network, Ltd. v. Sharif*,
   135 S. Ct. 1932 (2015).................................................................................7, 8, 9

*In re World Trade Ctr. Disaster Site Litig.*,
   503 F.3d 167 (2d Cir. 2007).............................................................................13

**Statutes**

11 U.S.C. § 550(f)...............................................................................................10

11 U.S.C. § 7001-1(b)...........................................................................................9

28 U.S.C. § 157 ................................................................................................................7

28 U.S.C. § 157(b) ...........................................................................................................7

28 U.S.C. § 157(c)(2) .......................................................................................................8

N.Y. Bus. Corp. Law § 1006 ..........................................................................................12

N.Y. Bus. Corp. Law § 1006(a)(4) ..................................................................................11

N.Y. Bus. Corp. Law § 1006(b) ......................................................................................11

**Rules**

Fed. R. Civ. P. 41(a)(2) ....................................................................................................6

Fed. R. Civ. P. 59(e) .........................................................................................................4

Fed. R. Civ. P. 60(b) .........................................................................................................4

Fed. R. Civ. P. 60(b)(4) .........................................................................................2, 6, 10, 11

Local Bankruptcy Rule 9074-1(a) .................................................................................3, 4

Irving H. Picard, as trustee ("Trustee") for the substantively consolidated liquidation of

Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor

Protection Act, 15 U.S.C. §§ 78aaa–*lll* ("SIPA"), and the chapter 7 estate of Bernard L. Madoff,

respectfully submits this memorandum of law in opposition to Defendants' motion for an order

vacating the Judgment entered on February 4, 2021, considering Defendants' objections to the

Judgment, entering the Counter-Proposed Order Defendants submitted in their objections, and

staying enforcement of the Judgment pending appeal to an Article III Court (the "Motion").[1]

## PRELIMINARY STATEMENT

Defendants' Motion is another effort to delay the resolution of this action, pending for

over 10 years.  This time, Defendants seek to stay enforcement of the judgment based on what

they contend is the Bankruptcy Court's lack of authority to enter a final order in this matter.  But

Defendants' motion ignores the substantive and procedural history of the case and their implied

consent to entry of final judgment by the Bankruptcy Court.

On June 8, 2020, the District Court denied Defendants' most recent motion to withdraw

the reference.  At that point, Defendants had litigated in Bankruptcy Court for almost a decade,

conducting discovery, filing discovery motions, and seeking relief from the Court.  Nonetheless,

the District Court provided Defendants with the opportunity to renew the motion.  When

Defendants declined to file a second motion to withdraw, the District Court dismissed the case,

closed the docket, and returned the matter to the Bankruptcy Court.  Thereafter, this Court

considered voluminous briefing on summary judgment, held oral argument, and granted

judgment in favor of the Trustee.  The Court determined that the Trustee had sustained his

---

[1] Mem. of Law in Supp. of Mot., *Picard v. Est. of Seymour Epstein,* Adv. Pro. No. 10-04438 (Bankr. S.D.N.Y. Feb. 5, 2021), ECF No. 160.  Unless otherwise noted, all ECF references will refer to the adversary proceeding, *Picard v. Estate of Seymour Epstein,* Adv. Pro. No. 10-04438 (Bankr. S.D.N.Y.).

burden of proof on his claims for the recovery of $3,689,920.24 in avoidable transfers and prejudgment interest, and that Defendants had no viable legal defenses. The Judgment was entered accordingly.

Defendants now move for relief from the Judgment under Fed. R. Civ. P. 60(b)(4), and for a stay of the enforcement of the Judgment pending appeal to the District Court. In seeking relief from the Judgment, Defendants are essentially asking this Court to reconsider its decision and Judgment. But no reason exists for reconsideration. In the decision, the Court considered the same arguments raised by Defendants here and determined, on the record of Defendants' conduct in this case, that it had authority to enter a final judgment. Likewise, no infirmities exist in the Judgment. The Trustee's proposed judgment was submitted at the direction of the Court, on proper notice to Defendants, and entered against the holders of the BLMIS accounts—the Estate of Seymour Epstein, through Muriel Epstein as the executor of the estate and the trustee for trusts created by the estate, and the Shelburne Shirt Company. All issues raised by Defendants go to enforcement, not entry of the Judgment.

As for their request for a stay pending appeal to the District Court, Defendants must show that they have a likelihood of success on the merits, but for the reasons specified above, they cannot prevail. Nor do any of the other factors militate in favor of a stay. Defendants will not be harmed if the Motion is denied, but rather it is the Trustee and BLMIS customers for whose benefit he acts who will be harmed if Defendants are allowed to further delay the enforcement of a Judgment properly entered by this Court.

## **ARGUMENT**

I.  **THE JUDGMENT SHOULD NOT BE VACATED BECAUSE IT WAS ENTERED IN COMPLIANCE WITH LOCAL BANKRUPTCY RULE 9074-1(a)**

    A.  **The Trustee Provided Defendants The Proposed Judgment 48 Hours In Advance Of Entry**

Defendants assert that they were not given 48 hours to object to the form of the Proposed Judgment consistent with Local Bankruptcy Rule ("LBR") 9074-1(a), which provides:

> Unless the Court orders otherwise, if, following a hearing or decision, the Court directs a party to settle an order, judgment, or decree, the party . . . shall deliver the proposed order, judgment or decree directly to the Judge's chambers upon not less than two days' notice to all parties to the adversary proceeding or contested matter.

LBR 9074-1(a). However, in their Motion, Defendants provide the Court with a timeline that belies their complaints. Specifically, Defendants acknowledge that the Trustee sent his Proposed Judgment to Defendants via email on February 2, 2021 at 11:59 a.m. *See* Motion at 3 (citing Chaitman Dec., Ex. D). The Judgment was entered 48 hours later on February 4, 2021 at 12:46 p.m. *See id.* The Trustee complied with the requirements of LBR 9074-1(a).

    B.  **The Trustee Was Directed By The Court To Submit An Order Consistent With The Epstein Decision**

In any event, LBR 9074-1(a) allows for the Court to deviate from the rule, as it did so here. With his letter dated February 3, 2021 (the "Feb. 3 Letter"), the Trustee enclosed a copy of the Proposed Judgment pursuant to his obligations under LBR 9074-1(a) and notified the Court that "[a]t the time of filing of this letter, the Epstein Defendants have not responded to the Trustee's request for consent to this form of judgment implementing Your Honor's decision." Feb. 3 Letter, ECF No. 157. Subsequently, the Court directed the Trustee to submit the Proposed Judgment via e-Orders. The Court was well within its authority to dispense with LBR 9074-1(a)

3

based on the record before it and did so appropriately. *See* LBR 9074-1(a) ("Unless the Court orders otherwise . . . .").

Defendants' procedural complaints about the Judgment are unfounded and the Judgment should stand.

## II.    DEFENDANTS CANNOT MEET THE STANDARD FOR RECONSIDERATION OF THE JUDGMENT

### A.    Standard For Motions For Reconsideration

A "motion for reconsideration" is typically construed as either a Rule 59(e) motion to alter or amend the judgment or a Rule 60(b) motion for relief from judgment, the latter of which Defendants are pursuing here. *See* Fed. R. Civ. P. 59(e) & 60(b); *Mikulec v. Town of Cheektowaga*, 302 F.R.D. 25, 28 (W.D.N.Y. 2014) (citing cases).

The standard for granting reconsideration is strict, and reconsideration will generally be denied unless a defendant identifies "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)); *see also Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (noting such motions will be granted only where the "moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court").

"These criteria are strictly construed against the moving party so as to avoid repetitive arguments on issues that have been considered fully by the court," *Mikulec*, 302 F.R.D. at 28, because a motion for reconsideration is not a vehicle for "taking a second bite at the apple."

4

*Rafter v. Liddle*, 288 F. App'x 768, 769 (2d Cir. 2008) (internal quotation marks and citation omitted).

A motion for reconsideration "should not relitigate issues already resolved by the court and should not be used to put forward additional arguments which the movant could have made, but neglected to make before judgment." *Cieszkowska v. Grayline N.Y.*, No. 01 CIV. 0128 (LAP), 2001 WL 1512620, at *1 (S.D.N.Y. Nov. 28, 2001) (citing *Goldstein v. State*, No. 00 CV 7463 (LTS), 2001 WL 893867, at *1 (S.D.N.Y. Aug. 7, 2001)).

### B.    Defendants Misrepresent The Procedural History Of The Motions to Withdraw

Defendants assert that the Trustee misrepresented the record before the District Court in explaining Defendants' decision to forego a further motion to withdraw the reference, though permitted to do so by Judge Woods.  *See* Motion at 5 (citing *Picard v. Epstein*, No. 20-cv-01377 (GHW), (S.D.N.Y.), ECF Nos. 8, 12).[2]  However, the record of the oral arguments before Judge Woods on July 29, 2020 makes clear that the Trustee's representations to this Court were accurate.  Defendants sought to file a second motion to withdraw the reference in order to file a motion to dismiss for lack of subject matter jurisdiction.  Judge Woods specifically asked Defendants' counsel if she was seeking to file another motion to withdraw the reference on the basis of jurisdiction, and she responded in the affirmative, stating, "Yes, I don't want to waste your Honor's time, but if we can move to withdraw the reference for this specific purpose."  July 29, 2020 Hr'g Tr. at 5:15–17, *Picard v. Est. of Seymour Epstein*, No. 20-cv-01377 (GHW) (S.D.N.Y. July 29, 2020).[3]  Judge Woods then asked Defendants' counsel three different times to

---

[2] The Trustee did consent to have the reference withdrawn when Defendants filed their first motion before Judge Woods, but as stated in the Feb. 3 Letter, he consented only to avoid the continuing delay to resolution of this matter.

[3] A true and correct copy of the July 29, 2020 hearing transcript is attached hereto as Exhibit 1 to the Declaration of Nicholas J. Cremona ("Cremona Decl.").

specify the basis for the motion to withdraw, explaining that "[d]espite several times citing a

motion that you wish to ultimately bring to the court, my question is why . . . you argue the court

should withdraw the reference . . . ?  Why is that the correct approach as opposed to leaving the

reference in place and letting the bankruptcy court address any standing issues in the first

instance?"  *Id.* at 5:21–25, 7:11–17, 8:11–22.  The Court ultimately set a briefing schedule for

Defendants to file their second motion to withdraw the reference, but Defendants abandoned

those efforts as confirmed in a letter to the Court dated August 12, 2020.  *See Picard v. Est. of

Seymour Epstein*, No. 20-cv-01377 (GHW) (S.D.N.Y. Aug. 12, 2020), ECF No. 16.  As a result,

Judge Woods dismissed the action, stating in his endorsed memorandum:

> In light of Defendants' decision not to bring a motion to withdraw
> the bankruptcy reference, there is nothing more for this Court to do
> in this case.  Accordingly, the Court dismisses the case without
> prejudice under Federal Rule of Civil Procedure 41(a)(2).  The Clerk
> of Court is directed to terminate all pending motions and to close
> this case.

*Picard v. Est. of Seymour Epstein*, No. 20-cv-01377 (GHW) (S.D.N.Y. Aug. 12, 2020), ECF No.

17.  This Court acknowledged Judge Woods' dismissal in its Memorandum Decision: "As the

district court case has been dismissed and the reference has not been withdrawn, the Court has

authority to enter a final order in these cases."  Memorandum Decision at 3, ECF No. 155 (the

"*Epstein Decision*").

### C.    The Bankruptcy Court Has Jurisdiction Over Avoidance Actions Where Defendants Have Implicitly Consented

### 1.    The Supreme Court's *Wellness* Decision Supersedes Defendants' Cited Cases

Defendants argue that the Judgment is void under Fed. R. Civ. P. 60(b)(4), pointing to

decisions of the District Court and Supreme Court holding that under Article III of the

Constitution, "the Bankruptcy Court may not . . . enter final judgment on avoidance claims"

where Defendants did not file any customer claims related to their BLMIS accounts, or otherwise

consent to final adjudicative authority.  Motion at 5–6 (citing *Sec. Inv'r Prot. Corp. v. Bernard L.*

*Madoff Inv. Sec. LLC*, 490 B.R. 46, 49 (S.D.N.Y. 2013); *Stern v. Marshall*, 564 U.S. 462, 492

(2011) (stating that without the filing of a claim, the trustee's action does not "become[] part of

the claims allowance process")).

However, in support of their position, Defendants rely on cases that predate *Wellness*

*Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932 (2015), which confirmed that the Bankruptcy Court

has constitutional authority to adjudicate the Trustee's avoidance claims, not only where

defendants file customer claims, but also where they provided implied consent:

> Nothing in the Constitution requires that consent to adjudication by
> a bankruptcy court be express.  Nor does the relevant statute, 28
> U.S.C. § 157, mandate express consent; it states only that a
> bankruptcy court must obtain 'the consent'—consent *simpliciter*—
> 'of all parties to the proceeding' before hearing and determining a
> non-core claim.

*Id.* at 1947–48 (quoting 28 U.S.C. § 157(b)).  The holding of *Wellness* has since been applied in

rulings within this liquidation proceeding before the District Court.  *See, e.g.*, *Picard v. BAM,*

*L.P.*, 612 B.R. 257, 266 n.10 (S.D.N.Y. 2020) (citing *Wellness*, 135 S. Ct. at 1937); *Picard v.*

*Greiff*, 617 B.R. 198, 203 (S.D.N.Y. 2020) (citing *Wellness*, 135 S. Ct. at 1948–49).[4]  These

rulings constitute the law of the case.  *See Picard v. BAM L.P.*, Adv. Pro. No. 10-04311 (CGM),

2020 WL 7422316, at *5 (Bankr. S.D.N.Y. Dec. 11, 2020) (citing *Picard v. Nelson*, 610 B.R.

---

[4] Defendants also cite to *Picard v. Lowrey* in support of their jurisdictional arguments, but ignore those portions that
contradict their arguments.  The entirety of the decision is the law of the case as it has been adopted by the District
Court and affirmed by the Second Circuit, including the Bankruptcy Court's findings that the Trustee had Article III
standing to bring the avoidance actions "as a representative of an insolvent customer property estate to avoid and
recover transfers for the benefit of the customer property estate which was injured by the fraudulent transfers of
customer property . . . ."  531 B.R. 439, 449 (Bankr. S.D.N.Y. 2015), *report and recommendation adopted*, 596 B.R.
451 (S.D.N.Y. 2019), *aff'd sub nom. In re Bernard L. Madoff Inv. Sec. LLC*, 976 F.3d 184 (2d Cir. 2020).

197, 237 (Bankr. S.D.N.Y. 2019) ("The prior decisions within this SIPA proceeding constitute law of the case.")).

In *Wellness*, the Supreme Court held that the third factor under *Stern*—whether the parties consent to final adjudication by the Bankruptcy Court—permits bankruptcy courts to finally adjudicate claims as a statutory matter when the parties knowingly and voluntarily consent to adjudication by a bankruptcy judge.  135 S. Ct. at 1939 (allowing bankruptcy courts to decide *Stern* claims by consent, "does not usurp the constitutional prerogatives of Article III courts"); *see also Greiff*, 617 B.R. at 203; *BAM, L.P.*, 612 B.R. at 266 n.10.  The Supreme Court further held that consent need not be express, and that implied consent by "actions rather than words," is sufficient under the U.S. Constitution and 28 U.S.C. § 157(c)(2), provided that it is "knowing and voluntary."  135 S. Ct. at 1948–49 (citing *Roell v. Withrow*, 538 U.S. 580, 589 (2003)); *see also In re Kirwan Offices S.A.R.L.*, 792 F. App'x 99, 103 (2d Cir. 2019); *Greiff*, 617 B.R. at 203.

The Supreme Court further acknowledged that examining a litigant's actions to determine whether consent to the Bankruptcy Court existed was in furtherance of "increasing judicial efficiency and checking gamesmanship."  *Wellness*, 135 S. Ct. at 1948–49; *see also Greiff*, 617 B.R. at 203; *BAM, L.P.*, 612 B.R. at 266 n.10 ("That Defendants pursued their claims in Bankruptcy Court for nearly a decade further evidences their consent to the Bankruptcy Court's authority."); *In re Kirwan Offices S.a.R.L.*, 792 F. App'x at 103 (finding implied consent where shareholder moved to dismiss bankruptcy petition, declined to participate or otherwise object to proposed Plan); *Saenz v. Gomez*, 899 F.3d 384, 390–91 (5th Cir. 2018) (finding no clear error in the conclusion that all parties gave implied consent to the bankruptcy court's jurisdiction to issue a final judgment, including where appellants submitted a pre-trial statement and voluntarily

8

participated in court proceedings, including seeking affirmative relief by filing motions to dismiss).

There is no dispute that Defendants knowingly and voluntarily litigated the Trustee's claims before this Court, far beyond simply complying with the Rules of the Bankruptcy Court.[5] Prior to filing their answer, Defendants joined an omnibus motion to dismiss filed on behalf of 127 adversary proceedings represented by Defendants' counsel on November 1, 2013, which was subsequently consolidated with motions to dismiss filed on behalf of defendants in another 105 adversary proceedings. *See In re Bernard L. Madoff*, 531 B.R. 439, 446–47 (Bankr. S.D.N.Y. 2015). Defendants actively participated in oral arguments before the Bankruptcy Court relating to that consolidation on February 14, 2014, and the motions to dismiss on September 17, 2014. On September 16, 2015, Defendants filed their answer and the parties began discovery.

During discovery, Defendants requested to and deposed Madoff on three separate occasions, over the course of a year. Following the completion of Madoff's deposition, the Trustee requested additional discovery to rebut Madoff's testimony. Defendants opposed the Trustee's requests twice before the Bankruptcy Court granted the Trustee leave to depose other former BLMIS employees. The Trustee deposed three individuals with knowledge of Epstein's estate on April 18, 2018. Defendants raised several other discovery issues before this Court, including requesting a Local Rule 7001-1(b) pre-motion conference to compel production from a third-party bank following Defendants' subpoena for documents, ECF Nos. 90, 92, 93, and requesting leave to depose fourteen former BLMIS employees, ECF No. 82. Defendants' counsel was eventually sanctioned for her improper motion to compel discovery from the

---

[5] Defendants contend that they were complying with the Bankruptcy Rules, which authorize the Bankruptcy Court to preside over all issues until the time of trial, and therefore were not consenting to the Bankruptcy Court's jurisdiction. *See* Motion at 8. This view is wholly inconsistent with and contradicts the reasoning in *Wellness* discussed herein and ignores the conduct of Defendants over the last ten years.

Trustee in which she made spurious claims that the Trustee hid BLMIS records from defendants.
*See Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Bernard L. Madoff)*, Adv.
Pro. No. 08-01789 (SMB), 2020 WL 1488399, at *1 (Bankr. S.D.N.Y. Mar. 20, 2020).  Once
discovery was complete, on March 5, 2020, the Trustee notified the Bankruptcy Court that he
was attempting to mediate this action in addition to other cases represented by Defendants'
counsel.  Trustee's Letter, ECF No. 98.

Having availed themselves of the Bankruptcy Court's adjudicative authority for over a
decade, Defendants implicitly consented to its final adjudicative authority.  Defendants' strategic
and intentional decision to abandon their efforts to file a second motion to withdraw the
reference to hear their jurisdictional arguments as well as the motion for summary judgment only
further confirms their consent to the jurisdiction of the Bankruptcy Court.

### D.    The Judgment Accurately Enforces Judgment Against Muriel Epstein

Defendants also argue that the Judgment is void under Fed. R. Civ. P. 60(b)(4) because
the Trustee sought judgment against Jane Epstein, Randy Austin, and Susan Gross as successor
co-trustees (the "Successor Trustees").  *See* Motion at 3, 9.  But the Trustee did not have to name
the Successor Trustees to collect on the $1,562,590.35 judgment, consisting of the avoidable
transfers Seymour Epstein/Estate of Seymour Epstein received from BLMIS through the
Seymour Epstein customer account (Account No. 1CM049), plus prejudgment interest.

It is sufficient that the Trustee named Defendant Muriel Epstein, who, in addition to
being the executor of the Estate, serves as the Trustee to the Trusts created by the Last Will and
Testament of Seymour Epstein and is able to perform that role.  The Judgment is proper and can
be enforced against Ms. Epstein, allowing the Trustee to initiate a recovery action pursuant to
section 550(f) of the Bankruptcy Code against any and all beneficiaries, which may include the
Successor Trustees.

**E.        The Judgment Is Not Void Against Defendant Shelburne Shirt Company, Inc.**

Defendants argue that the Judgment is void under Fed. R. Civ. P. 60(b)(4) as against Shelburne Shirt Company, Inc. ("Shelburne") because the Trustee failed to disclose to the Court that Shelburne was dissolved more than one year before the complaint was filed.[6]  However, this issue goes to the enforcement—not the entry—of the Judgment.  That said, the fact that Shelburne was dissolved does not mean that it cannot be sued.  New York law provides that "[a dissolved] corporation may sue or be sued in all courts and participate in actions and proceedings . . . and process may be served by or upon it."  N.Y. Bus. Corp. Law § 1006(a)(4).  Further, parties can sue on any claims that existed before the corporation was dissolved because "[t]he dissolution of a corporation shall not affect any remedy available to or against such corporation, its directors, officers or shareholders for any right or claim existing or any liability *incurred before such dissolution*."  *In re Hartley*, 479 B.R. 635, 640 (S.D.N.Y. 2012) (citing N.Y. Bus. Corp. Law § 1006(b)) (emphasis added).  Accordingly, a corporation no longer in existence "may sue or be sued on [its] obligations *until its affairs are fully adjusted*."  *Id.* (citing *Rodgers v. Logan*, 503 N.Y.S.2d 36, 39 (1st Dep't 1986) (emphasis added)).  *See also MMI Trading, Inc. v. Nathan H. Kelman, Inc.*, 120 A.D.3d 478, 479–80 (N.Y. App. Div., 2d Dep't 2014) ("A corporation therefore continues to exist after dissolution for the winding up of its affairs, and a dissolved corporation may sue or be sued on its obligations, including contractual obligations and contingent claims, until its affairs are fully adjusted.").  "To find otherwise would permit a dissolved company to engage in misconduct without remedy against it."  *Briarpatch Ltd. L.P. v. Thomas*, 265 F.Supp.2d 219, 222–23 (S.D.N.Y. 2003).

---

[6] The Trustee was not aware that Shelburne was dissolved until it was disclosed in Defendants' Answer and Affirmative Defenses filed on September 16, 2015.  Answer, ECF No. 43.

Defendants cite to *Next Millennium Realty, L.L.C. v. Adchem Corp.*, to assert that Shelburne cannot be sued for any pre-dissolution events if the corporation's affairs are "fully adjusted and wound up."  No. CV 03-5985 (GRB), 2016 WL 1178957, at *6 (E.D.N.Y. Mar. 23, 2016), *aff'd sub nom. Next Millenium Realty, LLC v. Adchem Corp.*, 690 F. App'x 710 (2d Cir. 2017).  However, this case is factually inapposite.  In *Next Millennium Realty, L.L.C.*, plaintiffs defended their claims against a corporation that finally dissolved nearly 25 years before the lawsuit was filed in 2003, arguing that New York does not prescribe a statutory period for winding up: "Business Corporation Law § 1006 does not include any time limit for winding up the dissolved corporation's affairs."  *Id.* at *7 (citing *Lance Int'l, Inc. v. First Nat'l City Bank*, 86 A.D.3d 479, 480 (N.Y.App. Div., 1st Dep't 2011)).  The Court disagreed, finding that the period to wind up is not "indefinite" and "[w]hen the statute is silent, the courts will imply a reasonable period of time."  *Id.*  The Court concluded that it would be unreasonable to conclude the corporation's operations were not "wound up" or that its affairs were fully-adjusted in the two and half decades that preceded plaintiffs' lawsuit.  *Id.*  The Trustee's complaint here was filed one year after the purported dissolution of a company that had been in existence since at least 1928.  The company and its still undisclosed shareholders have been on notice of the Trustee's claims since at least 2010, but arguably since BLMIS's fraud was uncovered in 2008.

The Judgment in the amount of $2,127,329.89 against Shelburne was and is proper—it was the named BLMIS accountholder and received all transfers that the Trustee sought to avoid and recover.   The Judgement should not be vacated.

## III.    THE JUDGMENT SHOULD NOT BE STAYED PENDING APPEAL

### A.    Standard For Motion For Stay

Courts must consider the following four factors in deciding whether to grant a motion for stay pending appeal:

>    (1) whether the stay applicant has made a strong showing that he is
>    likely to succeed on the merits; (2) whether the applicant will be
>    irreparably injured absent a stay; (3) whether issuance of the stay
>    will substantially injure the other parties interested in the
>    proceeding; and (4) where the public interest lies.

*In re World Trade Ctr. Disaster Site Litig.*, 503 F.3d 167, 170 (2d Cir. 2007) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).

The party seeking the stay bears the burden of showing entitlement to it. *See United States v. Private Sanitation Indus. Ass'n of Nassau/Suffolk, Inc.*, 44 F.3d 1082, 1084 (2d Cir. 1995). That burden has been described as "difficult" and "heavy." *See id.* ("A party seeking a stay of a lower court's order bears a difficult burden"). Some courts within the Second Circuit have held that all four factors must be satisfied before a stay is granted, while others have held that the court must balance the factors to determine whether a stay is appropriate. *Compare In re Norwich Historic Preservation Trust, LLC*, No. 3:05CV12 (MRK), 2005 WL 977067, at *3 (D. Conn. Apr. 21, 2005) with *In re Adelphia Communications Corp.*, 361 B.R. 337, 346–47 (S.D.N.Y. 2007). The Second Circuit has held that the factors should be evaluated on a "sliding scale" and that "[t]he necessary 'level' or 'degree' of possibility of success will vary according to the court's assessment of the other stay factors." *Thapa v. Gonzales*, 460 F.3d 323, 334 (2d Cir. 2006) (internal quotation marks and citation omitted).

## 1.    Defendants Have Not Established A Likelihood Of Success On The Merits

In a motion for stay pending appeal, "[t]he likelihood of success is typically the most important factor." *Bank of N.Y. Mellon v. Worth*, No. 3:13–CV–1489 MPS, 2015 WL 1780719, at *3 (D. Conn. Apr. 20, 2015) (internal quotation marks and citation omitted). However, because the Court has already considered and rejected Defendants' arguments against entry of summary judgment, Defendants must demonstrate "not merely the possibility of success" but

13

that the Court "has likely committed reversible error." *In re Simpson*, No. 17-10442 (CAB),

2018 WL 1940378, at *4 (Bankr. D. Vt. Apr. 23, 2018) (quoting *Blossom South, LLC v.*

*Sebelius*, No. 13–CV–6452L (DGL), 2014 WL 204201, at *10–11 (W.D.N.Y. 2014)).

Defendants cannot prevail on this key factor.

        Defendants repeat their earlier arguments regarding the Trustee's naming of the

Successor Trustees, but as stated above, the Trustee did not have to name the Successor Trustees

to collect on the Judgment against Defendants.  The Trustee named Ms. Epstein as Trustee,

against whom the Judgment may be enforced.  Similarly, the fact that Shelburne was dissolved

does not mean it cannot be subject to an avoidance action by the Trustee and a subsequent

judgment.  Thus, Defendants have not demonstrated a "substantial showing" that the District

Court will void the Judgment on these grounds.  *In re Simpson*, 2018 WL 1940378, at *4.

        Additionally, to the extent Defendants intend to appeal the Court's findings and

conclusions as summarized in Paragraph One of the Judgment, they will likely recycle legally

insufficient arguments repeatedly rejected by the courts in this liquidation proceeding.  *See, e.g.*,

*Picard v. Gettinger*, 976 F.3d 184, 198–99 (2d Cir. 2020); *Picard v. Greiff*, 476 B.R. 715, 722–

24 (S.D.N.Y. 2012); *Picard v. Katz*, 462 B.R. 447, 453 (S.D.N.Y. 2011); *BAM L.P.*, 2020 WL

7422316, at *5; *Picard v. BAM L.P.,* 608 B.R. 165, 180–81 (Bankr. S.D.N.Y. 2019)*; Nelson*, 610

B.R. at 233–37; *Picard v. Legacy Cap. Ltd.*, 603 B.R. 682, 693–700 (Bankr. S.D.N.Y. 2019).

        Indeed, following this Court's *Epstein Decision*, the Trustee sent letters to the district

court judges in four cases with pending motions for summary judgment attaching a copy of this

Court's *Epstein Decision,* which effectively determines all the remaining issues in the pending

cases.  In response, Defendants' counsel filed a letter on February 2, 2021 (the "District Court

Letter") arguing that "the Epstein Decision is gravely flawed" and "[t]here are numerous other

reversible errors in the bankruptcy court's decision[,]"and misrepresenting the record of the

proceedings before this Court.  District Court Letter at 2–3, *Picard v. RAR Entrepreneurial Fund*

*LTD*, No. 20-cv-01029 (S.D.N.Y. Feb. 2, 2021), ECF No. 42.[7]  Notably, counsel continued to

claim that the Trustee does not have standing to recover BLMIS customer property because the

bank accounts were owned by Madoff individually and that BLMIS "was not a Ponzi scheme

although, clearly, it was a fraud."  District Court Letter at 3.  Counsel also claimed that the

*Epstein Decision* was improper because the Trustee prevented her from accessing BLMIS

customer statements from other defendants in good faith cases and as such, the Trustee cannot

rely on this evidence to support a finding that the volume of T-Bills that appeared on the BLMIS

customer statements dwarfed the aggregate volume of T-Bills actually purchased and held by

BLMIS.  Counsel repeated these outlandish allegations in the face of recent rulings from this

Court determining that "Defendants misrepresent[ed] the record," that the documents sought by

Defendants "have always been available for inspection in the E-Data Room," and that

"Defendants' counsel has simply been unwilling to inspect the documents and counter the

Trustee's experts with her own expert's analysis."  *Nelson*, 610 B.R. at 221–22.

    Defendants point to no intervening controlling law, new evidence, clear error, or a need

to prevent manifest injustice; rather they offer the exact same repetitive arguments that they have

advanced during this litigation.  *See Bank of N.Y. Mellon*, 2015 WL 1780719, at *3 (denying

motion to stay, noting that defendant "raise the same arguments that this Court has repeatedly

determined are without merit"); *In re Simpson*, 2018 WL 1940378, at *6 (same, finding debtors'

---

[7] On February 2, 2021, Defendants' counsel filed four nearly identical versions of the District Court Letter in *Picard v. RAR Entrepreneurial Fund LTD*, No. 20-cv-01029 (S.D.N.Y. Feb. 2, 2021), ECF No. 42, *Picard v. Lisa Beth Nissenbaum Trust*, No. 20-cv-03140 (S.D.N.Y. Feb. 2, 2021), ECF No. 45, *Picard v. Zieses Investment Partnership*, No. 20-cv-02872 (S.D.N.Y. Feb 2, 2021), ECF No. 33, and *Picard v. JABA Associates LP*, No. 20-cv-03836 (S.D.N.Y. Feb. 2, 2021), ECF No. 40.  A true and correct copy of the District Court Letter is attached hereto as Exhibit 2 to the Cremona Decl.

arguments underlying their appeal were "not supported by—or even consistent with—the weight of authority on the issue, and thus d[id] not have a substantial possibility of succeeding on appeal"). In this critical absence, there are no grounds to modify, alter or otherwise void the Court's decision and Judgment.

### 2. It Is Not Defendants That Will Be Irreparably Harmed, But The Trustee And The Net Loser Customers

Defendants have been on notice since December 11, 2008 that Madoff conducted a massive fraud through BLMIS in New York causing its collapse and the resulting SIPA proceeding. At the very latest, Defendants knew they were "net winners," or in possession of funds exceeding their deposits, when the Trustee filed this avoidance action in November of 2010. Despite this knowledge, Defendants have benefitted—and continue to benefit—from the fraudulent transfers in their possession for the duration of this litigation, to the detriment of the net loser BLMIS customers—those customers who lost their principal because of Madoff's fraud. In fact, Defendants have needlessly undertaken efforts spanning over ten years to delay the resolution of the Trustee's avoidance action by maintaining defenses that have been rejected repeatedly by the courts in this liquidation proceeding. This Motion is just more of the same.

Defendants' suggestion that a stay would not harm the Trustee reflects a fundamental misunderstanding of the parties-in-interest in this action. The Trustee acts on behalf of BLMIS customers, particularly those net loser victims who have not yet recovered their full principal investment. It is time for this case to be resolved without further delay so that the Trustee may recover those fictitious profits that Defendants have wrongfully held onto for over ten years, and ratably distribute that amount to the net loser victims that have not yet recovered their principal investment.

### 3.      The Public Interest Will Not Be Served By Granting The Stay

In evaluating the public interest, courts "consider and balance the goal of efficient case administration and the right to a meaningful review on appeal." *In re Taub*, No. 08-44210 (ESS), 2010 WL 3911360, at *3 (Bankr. E.D.N.Y. Oct. 1, 2010). Efficient case administration favors denying a stay because despite holdings from this Court, the District Court, and the Second Circuit that Defendants cannot retain fictitious profits from a Ponzi scheme, Defendants nonetheless have fought for years to impede the resolution of their case to retain their fictitious profits to the detriment of other customers, who have not, and may not ever, recover their full principal invested with BLMIS. Indeed, Defendants' counsel has already been sanctioned by the Bankruptcy Court for making spurious accusations against the Trustee in an effort to delay resolution of avoidance actions in this liquidation. *In re Bernard L. Madoff*, 2020 WL 1488399, at *1–2.

Defendants' repetitious and scurrilous delay tactics cannot be condoned. The "goal of certainty and finality" should not be impeded, particularly where grounds for appeal are futile. *Brea Union Plaza I, LLC v. Toys R Us, Inc.*, No. 3:18CV419 (MHL), 2018 WL 3543056, at *6 (E.D. Va. July 23, 2018) (finding the "goal of certainty and finality would be impeded not only in this instance, but also pending and future [avoidance actions]" if the parties' delay tactics were permitted). This is especially the case where SIPA's statutory purpose is to protect customers and reinforce confidence in the securities markets by allowing for the prompt return of missing customer cash or principal funds from failed investment firms like BLMIS. That public interest will be furthered by giving finality to the net loser victims, and confirming once again that net winners like Defendants cannot retain fictitious profits. *See, e.g.*, *Matter of Bevill, Bresler & Schulman, Inc.*, 83 B.R. 880, 898 (D.N.J. 1988) (noting "the underlying purpose of SIPA was to restore and maintain the confidence of investors in the capital markets and thereby protect the

markets.").  The only way for the Trustee to reach a full recovery and make progress in a

liquidation as massive as this one is to be diligent in moving the individual cases forward as

expeditiously as possible and recover every dollar fraudulently transferred for the benefit of the

net loser victims.

The applicable public interest concerns weigh decisively in favor of the Trustee.

## **CONCLUSION**

For the foregoing reasons, the Trustee respectfully requests that the Court deny the

Motion.

Dated: February 24, 2021
       New York, New York

/s/ Nicholas J. Cremona
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
Lan Hoang
Email: lhoang@bakerlaw.com
Amy E. Vanderwal
Email: avanderwal@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee
for the Substantively Consolidated SIPA
Liquidation of Bernard L. Madoff Investment
Securities LLC and the Chapter 7 Estate of
Bernard L. Madoff*