# EXHIBIT 1

```
1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x
3   IRVING H. PICARD,
4                  Plaintiff,
5          v.                              20 Cv. 1377 (GHW)
6   ESTATE OF SEYMOUR EPSTEIN,
    et al.,
7                  Defendants.             Telephone Conference
8   ------------------------------x
9                                          July 29, 2020
                                           1:05 p.m.
10
    Before:
11
                    HON. GREGORY H. WOODS,
12
                                           District Judge
13
                         APPEARANCES
14
    BAKER & HOSTETLER LLP
15       Attorneys for Plaintiff
    BY:  NICHOLAS J. CREMONA
16
    CHAITMAN LLP
17       Attorneys for Defendants
    BY:  HELEN DAVIS CHAITMAN
18
```

1     (The Court and all parties appearing telephonically)

2     THE COURT:  So let's begin.

3     First, let me just provide a few basic instructions
4 about how the call should be run.  I would like to remind
5 everyone that this is a public conference.  The dial-in
6 information for the call is available on the Court's website.
7 The same way that members of the public and press are welcome
8 to join a conference in the courtroom, so, too, are members of
9 the public and press free to join us here.

10    The second thing I would like to mention is that each
11 of the parties should state their names each time that they
12 speak during the conference.  So please state your name each
13 time that you speak during the conference.  That will help us
14 to keep a clear record of the conference.

15    Third, please keep your phones on mute at all times
16 when you're not addressing the Court.  That will help us to
17 eliminate unnecessary background noise, and as a result, will
18 help us keep a clear record of today's conference.

19    Fourth, as you have heard, we have a court reporter on
20 the line.  I am asking her to feel free to let us know if she
21 has any difficulty in hearing or understanding anything that we
22 say.  If the court reporter speaks up and asks you to do
23 something to make it easier for her to hear or understand you,
24 please do what she asks so that we can keep a clear record of
25 the conference.

1    And, finally, I am ordering that there be no recording
2    or rebroadcast of all or any portion of this conference.
3    So with those introductory comments out of the way,
4    let me turn to the parties to hear who is on the line on behalf
5    of each party.  To the extent there are multiple lawyers on the
6    line for either party, I will ask that the principal
7    spokesperson identify herself and the members of her team
8    rather than having each lawyer announce herself individually.
9    So, first, who is on the line for the trustee, who I
10   will refer to as the plaintiff?
11   Counsel.
12   MR. CREMONA:  Good afternoon, your Honor.  Nicholas
13   Cremona, Baker & Hostetler, appearing on behalf of plaintiff,
14   Irving Picard, the trustee.
15   THE COURT:  Thank you.
16   Who is on the line for the defendants?
17   MS. CHAITMAN:  Helen Davis Chaitman of Chaitman LLP,
18   your Honor.
19   THE COURT:  Thanks very much.
20   So, first, thank you very much for joining the
21   conference.  I thought it would be helpful for me to hear from
22   the parties about what it is that you're asking me to do here,
23   counsel for defendants, and why, in particular, in light of the
24   procedural context here.
25   And just as a refresher, my recollection is that I

1  accepted the parties' request in the associated case to
2  withdraw the reference from the bankruptcy court before I had a
3  clear understanding of the issues raised.  I haven't done that.
4  So I have never ordered the withdrawal of the reference from
5  the bankruptcy court.
6        So it's in that frame, namely, that the bankruptcy
7  court reference still remains in place and the Court has not
8  granted the request to withdraw the reference, that I would
9  like to engage in a conversation about the defendants' request
10 here.
11       So let me begin with counsel for defendants.
12       Counsel.
13       MS. CHAITMAN:  Thank you, Judge.
14       The bankruptcy court has twice, to my knowledge,
15 published decisions in which he has denied the trustee's
16 motions for summary judgment, saying that there are certain
17 issues that need to be tried.  And those issues are present in
18 this case.  So I think that remanding the cases to the
19 bankruptcy court for determination of the summary judgment
20 motions that the trustee will file in each of those cases is
21 not going to move the cases forward.
22       However, I believe we have a meritorious motion to
23 dismiss for lack of subject matter jurisdiction because the
24 trustee has no Article III interest in the recovery of the
25 funds that were paid to the defendants.  And it's a relatively

1  simple motion and it's something that I don't believe that the
2  bankruptcy court has -- as an Article I court, it does not have
3  Article III power to determine an Article III court's
4  jurisdiction.
5      Again, it's not a lengthy motion, it's based on an
6  undisputed factual record.  And I think that it would
7  materially advance the litigation to have that issue determined
8  by your Honor.
9      THE COURT:  Thank you.
10     As a gating matter, counsel, are you asking for relief
11 to file a motion to withdraw the reference?
12     MS. CHAITMAN:  Yes.
13     THE COURT:  Because at this point the case is not in
14 front of me.
15     MS. CHAITMAN:  Yes.  I don't want to waste your
16 Honor's time, but if we could move to withdraw the reference
17 for this specific purpose.
18     THE COURT:  Thank you.
19     That's fine.  I am happy to schedule an opportunity
20 for defendants to move to withdraw the reference.
21     So, counsel, as I understand it, the basis for the
22 motion to withdraw the reference is so that you can bring a
23 motion to dismiss the case because this court, the one to which
24 it is withdrawn, does not have jurisdiction.  Can you comment
25 on the anticipated basis for the proposed motion to withdraw?

1      MS. CHAITMAN:  Yes.  As an Article III court, the
2 district court refers to the bankruptcy court certain issues,
3 bankruptcy cases are referred to the bankruptcy court.  But the
4 bankruptcy court's jurisdiction is limited as a matter of the
5 United States Constitution and also by statute.  The referral
6 to the bankruptcy court has certain prescribed subject areas
7 that the bankruptcy court has power to adjudicate, and this is
8 an issue of whether there is Article III jurisdiction and this
9 court is uniquely in a position to decide that, the bankruptcy
10 court is not.

11      The issue is -- and there are Supreme Court cases that
12 say this -- that the plaintiff does not have Article III
13 standing unless the plaintiff can prove that it suffered an
14 injury.  And here, there were two bankruptcy trustees
15 appointed.  Irving Picard was appointed trustee of Bernard L.
16 Madoff Investment Securities LLC, which I will just refer to as
17 "the LLC."  A separate trustee was appointed for Madoff
18 personally.  And there was a district court order which said
19 that Picard has the power to file actions to avoid alleged
20 fraudulent transfers of property that belong to the LLC.  And
21 Madoff's individual trustee, Alan Nisselson, was granted the
22 power by district court order to void transfers that were
23 allegedly made by Madoff individually.

24      Now, the transfers at issue here were indisputably
25 made by Madoff individually.  They were made from bank accounts

1   that were in Madoff's name, or in the name of his sole

2   proprietorship, which existed since the 1960s and which he

3   operated until he confessed in 2008.

4       It's not a complicated issue, either factually or

5   legally, and it would in fact, if it's decided in our favor,

6   and I think it will be, it disposes of all these cases

7   completely, because in all of the cases that Irving Picard has

8   filed to claw back money, he is clawing back money that was

9   actually paid by Madoff individually, not by the LLC.

10       THE COURT:  Thank you.

11       What is the basis for the motion to withdraw the

12   reference here?  In your July 24 letter, you referenced

13   decisions by Judge Bernstein on the issue of standing.  Why is

14   it that you believe that the district court as opposed to the

15   bankruptcy court should appropriately handle these things such

16   that the reference should be withdrawn with respect to these

17   matters?

18       MS. CHAITMAN:  The cases that you are referring to,

19   there were two cases.  So there are two decisions, both of

20   which Judge Bernstein held that only Madoff individual trustee

21   had standing to sue to recover transfers made by Madoff.  And

22   that goes to the Article III jurisdiction of the court because

23   I can't come into your court and seek to recover money that

24   belonged to my brother-in-law.  I'd have to have suffered the

25   injury myself.  And in the prior case -- I was not an attorney

1   in that case -- the decision arose from a motion that was filed

2   by the defendant in the clawback action, and they did not

3   address the issue of whether the bankruptcy court had subject

4   matter jurisdiction, nor did the bankruptcy court.  But I think

5   that in the clawback cases, given the evidence, which is

6   indisputable, that the payments made to the defendants were

7   made from accounts that had always been owned by Madoff.  I

8   think that compels a determination of whether the trustee has

9   standing under Article III.

10            THE COURT:  Thank you.

11            Counsel, if I can focus you on the question of what

12  the basis is for the motion to withdraw the reference from the

13  bankruptcy court.  Despite several times citing a motion that

14  you wish to ultimately bring to the court, my question is why

15  that you argue the court should withdraw the reference rather

16  and have the district court entertain those questions at the

17  outset?  Why is that the correct approach as opposed to leaving

18  the reference in place and letting the bankruptcy court address

19  any standing issues in the first instance?

20            MS. CHAITMAN:  You broke up, your Honor.  Are you

21  asking me that?

22            THE COURT:  Yes.

23            MS. CHAITMAN:  The reason is that it's not within the

24  jurisdiction of the bankruptcy court to determine that.  It's

25  an Article III standing issue.

1  THE COURT: Thank you. And the cases that you cite in
2  which Judge Bernstein made decisions about standing are not
3  Article III standing issues?
4  MS. CHAITMAN: He did decide in the *Nelson* case, which
5  was tried before him in May of 2019, he did decide that he had
6  standing. But I don't think that he has the jurisdiction to
7  make that decision.
8  THE COURT: Thank you.
9  So, counsel, I am going to set a schedule for briefing
10 of your motion to withdraw the reference. To be clear, I am
11 not scheduling briefing on the motion itself. This case is not
12 currently in front of me as far as I am concerned. I have not
13 withdrawn the reference. So the first step is for me to
14 determine whether and to what extent it is appropriate for me
15 to decide these issues in the first instance rather than
16 leaving the reference in place.
17 Counsel for defendants, by when would you seek to file
18 your motion to withdraw the reference?
19 MR. CREMONA: Your Honor, this is Nicholas Cremona.
20 If I could, I would like the opportunity to respond to some of
21 the statements made by counsel, if that's acceptable.
22 THE COURT: Thank you. I would be happy to hear from
23 you. Please go ahead, counsel.
24 MR. CREMONA: Thank you, your Honor.
25 I think I would just like to focus in on your Honor's

1   question regarding why or what the basis is for withdrawal of

2   the reference.  My understanding is that the standard is

3   substantial and material consideration of federal

4   non-bankruptcy law.  And I would submit to your Honor that

5   there is no such question here, and, in fact, this is an issue

6   that is and can be routinely decided by the bankruptcy court.

7            As Ms. Chaitman has acknowledged and as the trustee

8   has set forth in his letter, in the *Nelson* case, which is cited

9   at 610 B.R. 197 (Bankr. S.D.N.Y. 2019), Judge Bernstein decided

10  that very issue.  And he also decided a motion to dismiss for

11  lack of subject matter jurisdiction, which is the same motion

12  that Ms. Chaitman wants to bring here.  He decided that as a

13  post-trial motion in the *Nelson* case, and he did so after he

14  determined that he had subject matter jurisdiction over these

15  adversary proceedings.

16           What he said in that decision, as we indicate in our

17  letter, is that the defendants conflate subject matter

18  jurisdiction with the merits of the trustee's claims.  He

19  stated that the trustee certainly has standing to argue that

20  BLMIS, the debtor, made the transfers.  If we are unable to

21  prove that, then we would lose on the merits.  But Judge

22  Bernstein ultimately concluded that the jurisdictional

23  arguments of the defendants there, which are the same ones

24  here, lack merit entirely.  And I think that is an important

25  point, that the bankruptcy court has already decided these very

issues.  And he has decided that there was an Article III injury, the trustee had standing, and the bankruptcy court does have jurisdiction.

I would also like to point out, as stated in our letter, the cases and the case law, the precedent in this district, provides in cases that are directly on point, such as the *Lehman Bros*. case and the *Formica* case, where the district court ultimately denied a motion to withdraw the reference and then found that any motion for lack of subject matter jurisdiction is appropriately heard by the bankruptcy court in the first instance.

I would also like to point out to your Honor, which I think is a very important point, we had a conference before Judge Bernstein this morning.  As your Honor is aware, as you noted, you previously denied the motion to withdraw the reference and referred the cases back to Judge Bernstein so that he could issue a report and recommendation on any anticipated motion for summary judgment by the trustee.  As a result of that, we had a local Rule 7056 premotion conference before Judge Bernstein to seek leave to file a motion for summary judgment.

So Judge Bernstein held that conference this morning at 10 a.m.  We informed him of the conference before your Honor today, and we requested permission to file a motion for summary judgment before the bankruptcy court and suggested that the

12

1  defendants may, to the extent they want to, file any opposition
2  to that motion and a cross-motion to dismiss for lack of
3  subject matter jurisdiction, consistent with the many other
4  matters that we have pending before the district court now.  We
5  suggested a briefing schedule to Judge Bernstein, which is
6  consistent with how we are proceeding with Ms. Chaitman in many
7  other cases before the district court, and Judge Bernstein
8  granted our request, and he instructed the parties to submit a
9  scheduling order in this case so that we can proceed on summary
10 judgment and the defendants could make any motion that they
11 want to make for lack of subject matter jurisdiction.
12       So I would submit that the motion that is contemplated
13 here is ultimately going to be rendered moot because we are
14 proceeding before the bankruptcy court, putting aside the fact
15 that I think it's clear that there is no substantial and
16 material consideration of federal non-bankruptcy law that would
17 even warrant your Honor to withdraw the reference.
18       Lastly, I would just like to point out to your Honor
19 that in a nearly identical case that is pending before Judge
20 Gardephe, Judge Gardephe, like your Honor, denied a motion to
21 withdraw the reference and then sent the cases back to Judge
22 Bernstein for a report and recommendation.  The defendant in
23 that case, represented by Ms. Chaitman, filed an identical
24 letter like the one before you seeking leave to file a motion
25 to dismiss for lack of subject matter jurisdiction.  And on

1  July 23rd, Judge Gardephe denied that request and said that any
2  such motion for lack of subject matter jurisdiction should be
3  heard by Judge Bernstein in the first instance.  And again
4  quoted the relevant precedent in this district, and then sent
5  the parties back to Judge Bernstein, consistent with how we are
6  proceeding as the judge's ruling today.
7           THE COURT:  Good.  Thank you.  That's a helpful
8  context.
9           So let me turn back to counsel for defendants.  I
10 understand that you have a good-faith basis to make the
11 application to withdraw the reference here.  I expect that you
12 must, and as a result, I am happy to permit you to brief that
13 question.  I invite that briefing to help me understand clearly
14 why it is that a jurisdictional testing motion should
15 appropriately be made in the district court in the first
16 instance.  The parties have talked about their experience with
17 other Madoff-related litigation, but the issue of standing and
18 subject matter jurisdiction is something that I expect comes up
19 relatively frequently in bankruptcy litigation, and I am
20 interested in hearing the views of the parties with respect to
21 the proposal by counsel for defendants that all such issues
22 should be heard by the district court in the first instance.
23          So counsel for defendants, understanding that this is
24 an issue that you want to put before me, when would you propose
25 to file your motion?

1    MS. CHAITMAN: I could do it by August 20, if that's
2 acceptable to your Honor.
3    THE COURT: Why so long, counsel?
4    MS. CHAITMAN: I can do it earlier if you want. I am
5 handling about 75 cases, your Honor, and I have briefing
6 schedules and deadlines in all of these cases. That's why I am
7 asking until towards the end of August. But if you would like
8 it earlier, I will comply with whatever day you set.
9    THE COURT: Good. Thank you.
10    So your motion is due no later than August 10. I
11 appreciate that you have other competing matters, but I assume
12 in choosing what issues to bring before the Court you are
13 making triage decisions about what motions have sufficient
14 merit to justify the investment of time. Here, your motion
15 will be due no later than August 10.
16    Counsel for plaintiff, by when would you propose to
17 file your opposition?
18    MR. CREMONA: We could file it within two weeks, if
19 that's acceptable.
20    THE COURT: That's fine.
21    So the briefing schedule is as follows: The motion
22 itself is due by the 10th. Any opposition is due by the 24th.
23 That is two weeks from the date of the filing of the motion.
24 And any reply due no later than one week after filing of the
25 opposition. I will issue an order that establishes this

1  briefing schedule for the proposed motion.

2      Counsel, to the extent that the parties want to talk
3  about whether and to what extent this is a useful motion and
4  instead the parties can reach a resolution that would not
5  require briefing, I welcome the parties engaging in a
6  conversation about that topic, particularly mindful, as counsel
7  for plaintiffs has described, the bankruptcy judge has already
8  established a briefing schedule for the motion.  I don't know
9  what that schedule is, and I am obviously not staying or
10 otherwise modifying Judge Bernstein's briefing schedule for
11 those motions in order to permit you to brief this set of
12 motions as well.  So I encourage the parties to talk about
13 whether and to what extent this motion is a useful expenditure
14 of the parties' resources as opposed to proceeding with the
15 case before Judge Bernstein and appealing it in the ordinary
16 course as appropriate.

17     Good.  Barring that, that's the briefing schedule.
18     Anything else we need to talk about here?
19     First, counsel for plaintiff.
20     MS. CHAITMAN:  Forgive me, Judge.  I fell off this
21 call.
22     THE COURT:  Do you remember what is the last thing you
23 heard, counsel?
24     MS. CHAITMAN:  You were saying you were welcoming the
25 parties discussing a modification of the briefing schedule in

1   view of the schedule set by Judge Bernstein this morning.

2       THE COURT: No, that's not what I said.

3       I encourage the parties to talk about whether or not
4   this is a useful motion to bring. I have said that I am not
5   modifying Judge Bernstein's schedule. I do not know what that
6   schedule is and it remains in effect unmodified by my order
7   scheduling briefing on this motion. The parties are obliged to
8   follow whatever schedule Judge Bernstein has set in that
9   regard. It raises an opportunity, I think, for the parties to
10  talk about whether this case before me, and the motion that we
11  have just discussed, is worthwhile to pursue as opposed to
12  proceeding apace with the structure established by Judge
13  Bernstein, but, of course, I look forward to seeing briefing if
14  the parties are not able to reach a resolution.

15      So thank you very much.

16      Anything else for us to talk about from your
17  perspective, counsel for plaintiff?

18      MR. CREMONA: Unless your Honor would like to discuss
19  the recent decisions on a motion to withdraw the reference in
20  this case by your colleagues, such as Judge Schofield, I don't
21  have anything else to raise related to the prospective motion.

22      THE COURT: Thank you. I am sure you will point me to
23  those and I am sure that counsel for defendants will have
24  arguments regarding why it is that is inapplicable here. I
25  assume that's the case. Again, if not, I invite the parties to

1  consider whether this is a worthwhile issue to pursue before
2  me.
3           Anything else from counsel for defendants?
4           MS. CHAITMAN:  No, your Honor.
5           THE COURT:  Thank you, all.
6           (Adjourned)