**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>    Plaintiff-Applicant,<br><br>    v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>    Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>    Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>ESTATE OF SEYMOUR EPSTEIN,<br><br>MURIEL EPSTEIN, as beneficiary of the Estate of Seymour Epstein and/or trusts created by the Last Will and Testament of Seymour Epstein, as executor of the Estate and/or trustee of the Trusts created by the Last Will and Testament of Seymour Epstein,<br><br>HERBERT C. KANTOR, trustee of the Trusts created by the Last Will and Testament of Seymour Epstein,<br><br>and<br><br>SHELBURNE SHIRT COMPANY, INC.,<br><br>    Defendants. | Adv. Pro. No. 10-04438 (CGM) |

**DEFENDANTS' MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR
MOTION FOR RELIEF FROM A JUDGMENT, CONSIDERATION OF
OBJECTIONS, ENTRY OF COUNTER-PROPOSED ORDER
AND STAY OF JUDGMENT PENDING APPEAL**

{00046145 1 }

Defendants Estate of Seymour Epstein, Muriel Epstein, as executor of the Estate and trustee of the Trusts created by the Last Will and Testament of Seymour Epstein, and Shelburne Shirt Company, Inc., ("Shelburne" and, collectively, "Defendants"), and non-defendants Jane Epstein, Randy Austin, and Susan Gross as successor co-trustees to Herbert C. Kantor, as trustee of the Trusts created by the Last Will and Testament of Seymour Epstein (the "Successor Trustees"), respectfully submit this reply memorandum in further support of their motion to vacate the judgment (ECF No. 158, the "Judgment"), consider objections, and to stay.

## **PRELIMINARY STATEMENT**

In their moving brief, Defendants demonstrated that they are entitled to an Order vacating the Judgment entered less than 24 hours after its submission to the Court because it is beyond this Court's jurisdiction and because it contains numerous errors.  First, this Court lacks Article III jurisdiction and Defendants have preserved their right to trial by jury in the District Court.  The case was remanded to this Court solely for entry of proposed findings of fact and conclusions of law and this Court's jurisdiction does not extend beyond that remand.

Second, the entry of a judgment without giving the adverse party two days' notice is a clear violation of Local Bankruptcy Rule 9074-1.  The Trustee submitted his proposed judgment to the Court only 24 hours after he had provided it to Defendants by email.  Twenty-four hours is, obviously, not two days.  While the Court could order the parties to do other than what was provided in Rule 9074-1(a), it did not do so.

Third, the Judgment is deficient because it is entered against parties that were never named as defendants and against an entity, Shelburne, which had been dissolved before the complaint was even filed.

Thus, the Court should vacate the Judgment and submit proposed findings of fact and conclusions of law to the District Court.

## ARGUMENT

### I.   THE JUDGMENT SHOULD BE VACATED

This Court should vacate the Judgment in its entirety. As Defendants demonstrated in their moving papers (*e.g.* Def. Br.[1] at 3-4), the Trustee provided a proposed judgment to this Court as an exhibit to a letter (ECF No. 157) a mere 24 hours after he had first sent it to Defendants. This Court entered it less than 24 hours thereafter (ECF No. 158), without allowing Defendants even a full business day in which to comment on the proposed judgment.

Contrary to the Trustee's contention, Defendants do not seek "reconsideration of the judgment." (Tr. Op. at 2). Instead, they ask the Court to vacate the Judgment because it was clearly entered in error.[2] The Judgment is beyond the Court's jurisdiction and names judgment debtors who are not even parties to this proceeding.

Defendants have explained that (1) the judgment is procedurally faulty because they did not have the opportunity to contest the judgment, since this Court entered it less than 24 hours after the Trustee submitted it, in a letter; (2) the judgment itself is faulty because it names persons whom the Trustee never sued, and (3) the judgment should not be entered at all because this Court lacks jurisdiction to enter a judgment in this case, where the Defendants have preserved their right to have their case determined in the District Court and it was remanded to this Court solely for proposed findings of fact and conclusions of law.

Rule 60 is to be "liberally construed when substantial justice will thus be served." *Radack v. Norwegian Am. Line Agency, Inc.,* 318 F.2d 538, 542 (2d Cir. 1963) (construing "any other

---

[1] References to "Def. Br." are references to the Memorandum of Law filed by Defendants in support of this motion, at ECF No. 160. References to "Chaitman Dec." are references to the Declaration of Helen Davis Chaitman in support of this motion, at ECF No. 161.

[2] References to the "Decision" are references to the Memorandum Decision Granting Summary Judgment in Favor of Trustee, Determining Funds Held in the Bank Accounts are Customer Property, and Awarding Prejudgment Interest signed on 1/27/2021, ECF No. 155.

{00046145 1}                                    2

reason" provision within Rule 60(b)). Thus, the Trustee's reliance on *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (construing motion for reconsideration and vacation of arbitration award) and *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) are misplaced.

First, the Trustee argues that this Court entered the proposed judgment consistent with Local Bankruptcy Rule ("LBR") 9074-1(a), which provides for the party to deliver its proposed order to chambers upon "not less than two days notice to all parties to the adversary proceeding or contested matter." The Trustee argues that the Court should include in the 48 hours mandated the 24 hours that the Trustee gave Defendants' counsel to comment on his proposed judgment. If that was intended by the Rule, obviously, the Rule would have so stated.

As set forth in Defendants' moving papers (Def. Br. at 3-4) while the Trustee may have presented his proposed judgment to Defendants via email on February 2, 2021 at 11:59 a.m., he supplied it to the Court the very next day, February 3, 2021, which is certainly fewer than the "not less than two days notice" that LBR 9074-1(a) provides. He therefore did *not* "compl[y] with the requirements of" that rule. (Tr. Op. at 3).

Next, the Trustee contends that this Court "directed [him] to submit the Proposed Judgment via e-Orders." (Tr. Op. at 3). Even if this somehow caused the Trustee to comply with LBR 9074-1(a) (or relieved him of the obligation to), which it did not, Defendants were not put on notice of the submittal timing or process. Moreover, any direction to submit the proposed judgment via e-Orders does not support the Trustee's position at all. The Trustee does not say when the directive to submit the proposed judgment via e-Orders came, but surely if this Court had directed him to submit the proposed judgment *before* he had already provided it by letter on the docket, he would have said so, and he did not.

{00046145 1}                                    3

Further, the Trustee states in his letter (ECF No. 157) when he asked the Court to enter his proposed judgment that he was "mindful of his obligation under Local Bankruptcy Rule 9074-1(a) to submit an order implementing Your Honor's decision within fourteen days[3] of its entry" (ECF No 157 at 3), thus making it clear that the Court had issued no Order that he submit his proposed judgment on only 24 hours notice.

Accordingly, the directive to submit the proposed judgment via e-Orders almost certainly came only *after* the Trustee had already submitted it to the Court in his letter a mere day after he had provided it to Defendants by email. The Trustee's contortions to the contrary are meaningless. The Judgment should be vacated and Defendants' objections should be heard.

## II.    THIS COURT SHOULD ENTERTAIN DEFENDANTS' OBJECTIONS

Defendants have raised three objections to the Trustee's form of judgment, each of which this Court should address: 1) that the Judgment may not include persons never sued; 2) that the Judgment cannot be entered against Shelburne; and 3) that the Decision itself should have been issued as proposed findings of fact and conclusions of law, and thus no Judgment should have ever been entered at all. As set forth below, Defendants have conceded at least one of these points, and the Judgment should be vacated on this ground alone.

### A.    The Judgment May Not Include Persons Never Sued

The Trustee does not even attempt to justify his inclusion in the Judgment of persons never named in the Complaint. Instead, he makes an absurd attempt to contest it by saying that he "did not have to name the Successor Trustees to collect" (Tr. Op. at 10) because he could enforce it against Muriel Epstein instead. The Trustee therefore concedes that he included in the Judgment

---

[3] The Trustee in fact submitted his proposed judgment to the Court within seven, rather than fourteen, days of the entry of the Decision. There is no question that he had plenty of time to fully comply with LBR 9074-1. He was not compelled to do what he did: he chose to do it, with every opportunity to do otherwise.

{00046145 1}                                                    4

names of persons that he did not sue. These were, by his own admission, persons that he did not need to name, and therefore they are persons whose names must be removed. The Judgment must be vacated for this reason.

### B. The Judgment Cannot Be Entered Against Shelburne

As set forth in Defendants' moving papers at 11 (*see also* Chaitman Dec. Ex. G), Shelburne was wound up a year before the Trustee brought his Complaint, and no dissolved corporation can be sued once its affairs are fully wound up and adjusted. The Trustee does not cite case law to the contrary. *In re Hartley*, 479 B.R. 635, 640 (S.D.N.Y. 2012), *Rodgers v. Logan*, 503 N.Y.S.2d 36, 39 (1st Dep't 1986), and *MMI Trading, Inc. v. Nathan H. Kelman, Inc.*, 120 A.D.3d 478, 479–80 (2d Dep't 2014), all hold only that a dissolved corporation may be sued until it is fully wound up. Defendants do not contest this. Shelburne, however, was fully wound up at the time the Trustee sued it and the Trustee can point to nothing to indicate otherwise.

The period during which a corporation concludes its affairs is not infinite and a dissolved corporation cannot be sued forevermore. The only distinction the Trustee could argue with respect to *Next Millennium Realty, L.L.C. v. Adchem Corp.*, No. CV 03-5985 (GRB), 2016 WL 1178957, at *6 (E.D.N.Y. Mar. 23, 2016), *aff'd sub nom. Next Millenium Realty, LLC v. Adchem Corp.*, 690 F. App'x 710 (2d Cir. 2017), is that it is "factually inapposite" (Tr. Op. at 12) because of the difference in years that the corporations had been wound up before the cases in question were brought.[4] However, the number of years that a corporation was dissolved is irrelevant.

Here, Shelburne was issued a certificate of dissolution dating from November 2009. *See* Chaitman Dec. Ex. G. The Trustee does not and cannot argue that Shelburne was not fully wound

---

[4] The corporation in *Next Millenium* had been wound up 25 years before the complaint was filed, and Shelburne had been wound up a year before the Trustee brought his claims. The court in *Next Millenium* held that a court should imply a "reasonable period of time" for winding up, and that period was certainly less than the 25 years that the corporation in *Next Millenium* had been wound up.

{00046145 1}  5

up at this point, only that the corporation in *Next Millenium* had clearly been wound up for longer. Moreover, the Trustee admits that he was aware at least as early as September 16, 2015 that Shelburne was dissolved, yet he made no attempt to add the shareholders as defendants at that time, nor even to take any steps to ascertain exactly when Shelburne had fully adjusted its "affairs" (Tr. Op. at 12), even though he clearly had at least five years in which to do so. For this reason as well, this Court should grant Defendants' motion and the Judgment should be vacated.

    **C.**    **The Judgment Should Be Rewritten As Proposed Findings Of Fact And Conclusions Of Law**

In Defendants' moving papers (Def. Br. at 4-8), they demonstrated that Defendants never consented to the jurisdiction of the bankruptcy court and, as such, this Court did not have the power to enter a final decision. Accordingly, the Judgment is void.

In opposition, the Trustee has done little more than regurgitate the statements he made in his letter and has added nothing new. He contends that *Wellness Int'l Network v. Sharif,* 135 S.Ct. 1932 (2015), provides that consent need not be express—something which Defendants have never disputed, and that Defendants have implicitly consented to the bankruptcy court's jurisdiction by litigating there for a decade. Defendants maintained in their moving papers, and the Trustee cannot dispute, that they did not consent, even implicitly, to the bankruptcy court's jurisdiction by litigating there for a decade. (Def. Br. at 4-8). Consent, implicit or otherwise, can only be demonstrated, *including in the cases cited by the Trustee, Picard v. BAM LP,* 612 B.R. 257, 266 n. 10 (S.D.N.Y. 2020), and *Picard v. Grieff,* 617 B.R. 198, 203 (S.D.N.Y. 2020), by filing a SIPC claim and thereby calling on the affirmative jurisdiction of the bankruptcy court. It is undisputed that Defendants did not do that. They first moved to withdraw the reference in 2011, ECF No. 14, and their motion was consolidated with *Picard v. Abel,* 11-cv-07766, ECF No.10. Judge Rakoff remanded the case to the Bankruptcy Court for pre-trial proceedings after dismissing all of the

claims in the complaint other than the claim under 11 U.S.C. Section 548(a)(1)(a). Then, in 2020, Defendants filed a second motion to withdraw to which the Trustee consented. Defendants simply cannot be deemed to have consented to the bankruptcy court's jurisdiction by engaging in the discovery process as directed by the District Court. On the contrary, the Trustee obviously conceded that this Court lacks jurisdiction.

The Trustee also contends that Defendants misrepresented the proceedings before Judge Woods, which they did not. (Tr. Op. at 5-6). The Trustee points to a conference at which he states Judge Woods "specifically asked Defendants' counsel if she was seeking to file another motion to withdraw the reference. . . " (Tr. Op. at 5). The Trustee's own words demonstrate that this is a *second* motion to withdraw the reference and is addressed to a specific purpose: Defendants' proposed motion regarding Article III jurisdiction and "standing issues" (Tr. Op. at 6), which Defendants ultimately elected not to file. This does not mean that Judge Woods did not refer the case for proposed findings of fact and conclusions of law in the first instance. *See e.g. Picard v. Estate of Seymour Epstein,* No. 20-cv-01377 (GHW) (S.D.N.Y. June 8, 2020) ECF No. 8 (ordering that the court "will instead refer the proposed motion for summary judgment for proposed findings of fact and conclusions of law.) The Trustee does not point to any order revoking that reference and the Court's entry of a Judgment violates the District Court's remand.

### III.    DEFENDANTS' MOTION TO STAY SHOULD BE GRANTED

As Defendants demonstrated in their moving papers (Def. Br. at 8-11), this Court should stay enforcement of its Decision or of any judgment pending appeal. In addressing a motion for a stay, the court should balance four factors: "(1) whether the movant will suffer irreparable injury absent a stay, (2) whether a party will suffer substantial injury if a stay is issued, (3) whether the movant has demonstrated a substantial possibility, although less than a likelihood, of success on appeal, and (4) the public interests that may be affected." *In re Adelphia Communications Corp.,*

361 B.R. 337, 346 (S.D.N.Y. 2007) (granting stay), *quoting Hirschfeld v. Bd. of Elections in City of New York*, 984 F.2d 35, 39 (2d Cir. 1993) (denying stay because, in part, the Board had approached the appellate court rather than the lower court).

However, "[t]he necessary 'level' or 'degree' of possibility of success will vary according to the court's assessment of the other [stay] factors." *Washington Metro. Area Transit Comm'n v. Holiday Tours, Inc.,* 559 F.2d 841, 843 (D.C.Cir.1977). And irreparable harm "is the principal prerequisite for the issuance of a stay. Under that test, the moving party must demonstrate that such injury is likely before the other requirements will be considered." *In re Perry H. Koplik & Sons, Inc.,* No. 02-B-40648 REG, 2007 WL 781905, at *1 (Bankr. S.D.N.Y. Mar. 13, 2007) (denying a stay of bankruptcy proceedings).

Despite his attempt to do so, the Trustee cannot argue that he will be in any way harmed, let alone irreparably harmed, by any delay in enforcing a judgment. Otherwise, no stay could ever be justified because a Plaintiff will always be delayed by a stay from collecting the money the judgment awards. Defendants indeed suffer irreparable harm if money is collected when it should not be. *See e.g. In re Sphere Holding Corp.,* 162 B.R. 639, 644 (E.D.N.Y. 1994) (finding irreparable harm if debtors are allowed to pursue claims against entity, which may be forced to cease operation thereby).

Finally, the Trustee contends that the public interest will be harmed if he is not immediately allowed to collect on the Judgment, because Defendants have "fought for years to impede the resolution of their case." (Tr. Op. at 17). Here, the Trustee follows his usual pattern of assuming that Defendants should just pay him anytime he files a complaint (or, better, even before). But this ignores the fact that the Trustee patently overreached in these cases. The Second Circuit dismissed five of the Trustee's claims, including all of the Trustee's state law claims as well as

{00046145 1}   8

claims to recover amounts allegedly transferred in the last six years of Madoff's operation, leaving in place only a claim to recover amounts transferred in the last two years, pursuant to 11 U.S.C. § 546(e). *See Picard v. Ida Fishman Revocable Trust* (*In re BLMIS*), 773 F.3d 411, 423 (2d Cir. 2014), *cert. denied* 135 S. Ct. 2859 (June 22, 2015). And, certainly, there is a substantial public interest in not allowing judgments to be entered against persons who were not parties to the Complaint, something which the Trustee does not even address.

## CONCLUSION

For the reasons stated here and in Defendants' moving papers, this Court should vacate the Judgment, should enter the Counter-Proposed Order and should stay enforcement of it pending appeal.

February 26, 2021

**CHAITMAN LLP**

By: */s/ Helen Davis Chaitman*
Helen Davis Chaitman
465 Park Avenue
New York, New York 10022
Phone & Fax: 888-759-1114
hchaitman@chaitmanllp.com

*Attorneys for Defendants*