NOT FOR PUBLICATION

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>        Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>        Defendant. | No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>        Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff,<br><br>        Plaintiff,<br><br>v.<br><br>Estate of Seymour Epstein,<br><br>Muriel Epstein, as beneficiary of the Estate of Seymour Epstein and/or Trusts created by Last Will and Testament of Seymour Epstein, as executor of the Estate and/or trustee of the Trusts created,<br><br>Herbert C. Kantor, as trustee of Trusts created by the Last Will and Testament of Seymour Epstein,<br><br>Randy Epstein Austin, as beneficiary of the Estate of Seymour Epstein and/or the Trusts created by the last Will and Testament of Seymour Epstein,<br><br>Robert Epstein, as beneficiary of the Estate of Seymour Epstein and/or Trusts created by the Last Will and Testament of Seymour Epstein, | Adv. Pro. No. 10-04438 (CGM) |

Jane Epstein, as beneficiary of the Estate of Seymour Epstein and/or the Trusts created by the Last Will and Testament of Seymour Epstein,

Susan Epstein Gross, as beneficiary of the Estate of Seymour Epstein and/or the Trusts created by the Last Will and Testament of Seymour Epstein, and

Shelburne Shirt Company, Inc.

                Defendants.

## MEMORANDUM DECISION DENYING MOTION TO REARGUE AND DENYING STAY PENDING APPEAL

**A P P E A R A N C E S :**

BAKER HOSTETLER LLP
Attorneys for the Plaintiff
45 Rockefeller Plaza
New York, N.Y. 10111
BY:   NICHOLAS J. CREMONA (TELEPHONICALLY)
         LAN HOANG (TELEPHONICALLY)

CHAITMAN LLP
Attorneys for the Defendants
465 Park Avenue
New York, NY 10022
BY:   HELEN DAVIS CHAITMAN (TELEPHONICALLY)

**CECELIA G. MORRIS**
**CHIEF UNITED STATES BANKRUPTCY JUDGE**

### Background

On January 27, 2021, this Court entered a memorandum decision granting summary judgment in favor of the Trustee and directed the Trustee to submit a proposed order in accordance with that memorandum decision. Mem. Dec. at 11, ECF No. 155. On February 2, 2021, Defendants filed a letter addressed to the Court arguing that the Court erred in fining that it

had jurisdiction to enter a final decision in this matter. *See* Letter from Def., ECF No. 156. On February 3, 2021, the Trustee filed his own letter, arguing that the Court did have jurisdiction to enter a final judgment and attached a proposed judgement to that letter. *See* Letter from Trustee, ECF No. 157.

The Court having considered the arguments set forth in the letters and having already ruled on same in the January 27, 2021 memorandum decision, entered its judgment on February 4, 2021. *See* Judgment, ECF No. 158; *see also* Mem. Dec. at 3 ("[T]he Court has authority to enter a final order in these cases.").

After the judgment was entered by the Court, the Defendants filed a second letter. See Defs' 2d. Letter, ECF No. 159. This letter repeats the argument that this Court did not have authority to enter a final judgment in this case and alerts the Court that Defendants disagree with other legal determinations made by the Court in its memorandum decision and judgment. *Id.*

Pending before the Court is Defendants' motion for relief, under Federal Rule of Civil Procedure 60(b), from that judgment; the motion also argues that the judgment is void for lack of jurisdiction; and that the judgment should be vacated against Shelburne, a corporation alleged to be dissolved. For a more detailed background of this SIPA case and the BLMIS Ponzi scheme, please refer to this Court's memorandum decision granting summary judgment.[1] *See* Mem. Dec., ECF No. 155. The Court heard oral arguments on the Defendants' motion, the Trustee's opposition, and Defendants' reply on March 3, 2021.

## Discussion

**Whether this Defendants should be Relieved from Judgment under Federal Rule of Civil Procedure 60(b)?**

---

[1] Abbreviations in this memorandum decision can be found in the Court's memorandum decision dated January 27, 2021

Defendants argue that they should be relieved from the final judgment under Federal Rule of Civil Procedure 60(b)(1). Defendants insist that they should be relieved from the judgment under Federal Rule of Civil Procedure 60 (b)(1) because the Court "denied the Defendants due process of law" by entering the judgment in violation of Local Bankruptcy Rule 9074-1(a).

Rule 60(b)(1) allows for relief based on mistake, inadvertence, surprise, or excusable neglect. Fed. R. Civ. P. 60(b)(1). This provision allows a court to correct its own mistakes or legal errors. *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009); see also In re 310 Assocs., 346 F.3d 31, 35 (2d Cir. 2003) ("[T]he use of Rule 60(b) to correct a court's own mistakes of law was much more efficient than requiring an aggrieved party to appeal."). However, the only "mistake" or legal error that Defendant argues was made by the Court was entering the judgment in violation of Local Rule 9024-1. Local Bankruptcy Rule 9074-1(a) states:

> a) Submission or Settlement of an Order, Judgment, or Decree. **Unless the Court orders otherwise**, if, following a hearing or decision, the Court directs a party to submit or settle an order, judgment, or decree, the party, within fourteen (14) days of the issuance of the Court's ruling, must deliver the proposed order, judgment, or decree directly to the Judge's chambers upon not less than two (2) days' notice to all parties to the adversary proceeding or contested matter, except that such notice period shall not apply if all parties to the adversary proceeding or contested matter have consented in writing to the proposed order, judgment, or decree. Failure to submit or settle an order, judgment, or decree within the fourteen (14) day period may result in the imposition of sanctions, including, without limitation, (i) dismissal for failure to prosecute or (ii) an award of attorney's fees. One (1) day's notice is required of all counterproposals. Unless the Court orders otherwise, no proposed or counter-proposed order, judgment, or decree submitted or settled pursuant to this rule shall form a part of the record of the case, adversary proceeding, or contested matter.

(emphasis added). The Trustee did not violate Local Bankruptcy Rule 9074-1(a). The Court ordered the Trustee "to submit a proposed order in accordance with th[e] memorandum

decision." *See* Mem. Dec., at 11. Additionally, the Court was aware of Defendants' objection to its memorandum decision and read the letters from Defendants and the Trustee, which were filed on February 2, 2021 and February 3, 2021, respectively, and the Court entered the judgement.[2]

To the extent that the Defendants lost any due process rights to object to the proposed judgment, such violation is mooted by this motion—as Defendants objections to the judgment are being argued, vetted, and considered by the Court.

Defendants also argue that the judgment is void under Federal Rule of Civil Procedure 60(b)(4) for lack of jurisdiction. Fed. R. Civ. P. 60(b)(4). Defendants argue that the Court lacks Article III power to enter a final judgment in this case. "A judgment is not void . . . simply because it is or may have been erroneous." *Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010) (citation omitted). "Federal courts considering Rule 60(b)(4) motions that assert a judgment is void because of a jurisdictional defect generally have reserved relief only for the exceptional case in which the court that rendered judgment lacked even an arguable basis for jurisdiction." *Id.* at 271 (quotations omitted). Rule 60(b)(4) should not be used as a substitute for a timely appeal. *Id.* at 270.

Defendants argue that this Court did not have the power to enter a final judgment in this case and should have entered proposed findings of facts and conclusions of law instead. The Court very clearly addressed this issue in its memorandum decision, which states:

> This Court has jurisdiction over these adversary proceedings pursuant to 28 U.S.C. §§ 1334(b) and 157(a) and the District Court's Standing Order of Reference, dated July 10, 1984, and the Amended Standing Order of Reference, dated January 31, 2012. In addition, the District Court removed the SIPA liquidation to this Court pursuant to SIPA § 78eee(b)(4), (*see* Order, Civ. 08–01789 (Bankr. S.D.N.Y. Dec. 15, 2008) ("Main Case"), at ¶ IX (ECFNo. 1)), and this Court has jurisdiction under the latter provision. As the district court case has been dismissed and the reference has not been withdrawn, the Court has authority

---

[2] Trustee sent his proposed judgment to Defendants via email on February 2, 2021 at 11:59 a.m. *See* Motion at 3 (citing Chaitman Dec., Ex. D). The Judgment was entered on February 4, 2021 at 12:46 p.m.

to enter a final order in these cases. To the extent that it does not, the Court asks the District Court to construe this decision as proposed findings of fact and conclusions of law, pursuant to the Amended Standing Order of Reference dated January 31, 2012.

SIPA gives this Court "all of the jurisdiction, powers, and duties conferred by this chapter upon the court to which application for the issuance of the protective decree was made." *See* 15 U.S.C. § 78eee(b)(4). The Defendants had the opportunity to have District Court determine this issue and decided to proceed in bankruptcy court. *See* Copy of U.S. Dist. Ct. Order, ECF No. 112 ("In light of Defendants' decision not to bring a motion to withdraw the bankruptcy reference, there is nothing more for this Court to do in this case. Accordingly, the Court dismisses the case without prejudice under Federal Rule of Civil Procedure 41(a)(2). The Clerk of Court is directed to terminate all pending motions and to close this case."). "Nothing in the Constitution requires that consent to adjudication by a bankruptcy court be express. Nor does the relevant statute, 28 U.S.C. § 157, mandate express consent; it states only that a bankruptcy court must obtain 'the consent'—consent simpliciter—'of all parties to the proceeding' before hearing and determining a non-core claim." *Wellness Intern. Network, Ltd. Shariff*, 575 U.S. 665 (2015). Defendants expressly consented to this Court's authority to resolve this issue. *See* Copy of U.S. Dist. Ct. Order, ECF No. 112 ("Dear Judge Woods: I write on behalf of the [Epstein] Defendants to inform the Court that, in view of the proceedings in the Bankruptcy Court, we have decided not to file a motion before Your Honor at this time. Respectfully submitted, /s/ Helen Davis Chaitman").

Additionally, the Amended Standing Order of Reference dated January 31, 2012, provides that "[t]he district court may treat any order of the bankruptcy court as proposed findings of fact and conclusions of law in the event the district court concludes that the bankruptcy judge could not have entered the final order or judgment consistent with Article III of

the United States Constitution." S.D.N.Y. Standing Order M10-468.[3] Even if this Court lacked authority to enter this final order, the United States Supreme Court has held that a district court's entry of its own valid final judgment "cure[s] any error." *See Executive Benefits Ins. Agency v. Arkinson*, 573 U.S. 25, 40 (2014). There is an arguable basis for jurisdiction in this case. Defendants' argument that the judgment is void under Rule 60(b)(4) for lack of jurisdiction must be denied.

**Whether the Judgement Should be Stayed Pending Appeal?**

Defendants argue that the Court should not have entered a judgment against Shelburn because Shelburn, a corporation, was dissolved prior to the complaint being filed. Additionally, the Defendants argue that the Trustee is not entitled to a judgment against the estate of Seymour Epstein because the Trustee failed to name successor trustees in the complaint.

A movant seeking a stay pending appeal must demonstrate (1) that he would suffer irreparable injury if a stay were denied; (2) that other parties would suffer no substantial injury if the stay were granted; (3) that the public interest favors a stay; and (4) that there is a substantial possibility of success on the merits of movant's appeal. *See Hirschfeld v. Bd. of Elections*, 984 F.2d 35, 39 (2d Cir. 1992). In *Hirschfeld*, the Second Circuit eliminated the more onerous requirement of "likelihood of success on appeal." *Country Squire Assocs. of Carle Place, L.P. v. Rochester Cmty. Sav. Bank (In re Country Squire Assocs. of Carle Place, L.P.)*, 203 B.R. 182, 184 (B.A.P. 2d Cir. 1996). The "substantial possibility of success" test is considered an intermediate level between "possible" and "probable" and is "intended to eliminate frivolous appeals." *Id.* Although some courts in the Second Circuit require that each element be satisfied, "the Second Circuit has consistently treated the inquiry of whether to grant a stay pending appeal

---

[3] available at https://www.nysb.uscourts.gov/sites/default/files/m431.pdf

as a balancing of factors that must be weighed." *ACC Bondholder Grp. v. Adelphia Commc'ns Corp. (In re Adelphia Commc'ns Corp.)*, 361 B.R. 337, 347 (S.D.N.Y. 2007).

The movant's burden is a "heavy" one. *In re Adelphia Commc'ns Corp.*, 333 B.R. 649, 659 (S.D.N.Y. 2005). The moving party "must show 'satisfactory' evidence on all four criteria." *Turner v. Citizens Nat'l Bank of Hammond (In re Turner)*, 207 B.R. 373, 375 (B.A.P. 2d Cir. 1997) (internal quotation omitted). Moreover, if the movant "seeks the imposition of a stay without a bond, the applicant has the burden of demonstrating why the court should deviate from the ordinary full security requirement." *In re Gen. Motors Corp.*, 409 B.R. 24, 30 (Bankr. S.D.N.Y. 2009) (internal quotation and citation omitted).

1. <u>Success on the Merits</u>

In *Mohammed v. Reno*, the Second Circuit followed the D.C. Circuit and Sixth Circuit in holding that the necessary level or degree of possibility of success will vary according to the court's assessment of the other stay factors. 309 F.3d 95, 101 (2d Cir. 2002). For example, a stay might be granted where the likelihood of success is not high but the balance of hardships favors the applicant, or where the probability of success is high and some injury has been shown. *Id*. "As the Sixth Circuit has explained, 'The probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury plaintiff[ ] will suffer absent the stay. Simply stated, more of one excuses less of the other.'" *Id*. (quoting *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991)).

The Court believes that the Defendants will not succeed on the merits of this appeal. As this Court stated in its memorandum decision, "[a]ll of Defendants' legal arguments in opposition to this summary judgment motion were previously decided and law of the case" and "[a]ll of Defendants' arguments have been rejected previously and the Court will not revisit

them here." Mem. Dec. at 6 & 10, ECF No. 155.   Shelburn and Epstein received customer property, as is explained in the memorandum decision. Shelburne and Epstein were the "initial transferee[s]." Thus, the Trustee is legally entitled to that property under SIPA.

This factor weighs against granting the stay.

2. Irreparable Injury to Appellant

Irreparable harm must be "neither remote nor speculative, but actual and imminent." *Adelphia*, 361 B.R. at 347 (citing *Tucker Anthony Realty Corp. v. Schlesinger*, 888 F.2d 969, 975 (2d Cir. 1989).  An injury that may be fully remedied by monetary damages does not constitute irreparable harm. *In re Atkinson*, 2012 Bankr. LEXIS 5741, at *10 (Bankr. E.D.N.Y. Dec. 11, 2012) (quotations and citations omitted).

Defendants only injury in this case is a monetary one.  This factor weighs against granting the stay.

3. Injury to Party Opposing Stay

In addition to showing irreparable harm, the party seeking a stay must also establish that the non-moving party or other parties will not suffer substantial harm if the stay is granted.  In other words, the moving party must show that the balance of harms tips in favor of granting the stay. *Adelphia*, 361 B.R. at 347-49 (footnotes omitted).

The Court believes that Trustee's injury is a monetary one and this factor weighs in favor of granting the stay.

4. Public Interest

The final factor considers "the interest of third-parties who act in reliance of the bankruptcy court's ruling." *Beneficial Homeowner Serv. Corp. v. Moreau (In re Moreau)*, 135 B.R. 209, 215 (N.D.N.Y. 1992).  The Court has made clear in its memorandum decision that the

real victims of BLMIS's Ponzi scheme are the "net losers"—those people whose money Defendants have wrongly held for over a decade. The longer this litigation drags out, the greater the harm that is caused to those third-parties.

This factor weighs against granting the stay.

## Conclusion

For the foregoing reasons, Defendants' motion is denied. The Court will enter a separate order consistent with this decision.



Dated: March 3, 2021
Poughkeepsie, New York

/s/ Cecelia G. Morris
_____
Hon. Cecelia G. Morris
Chief U.S. Bankruptcy Judge