**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>      Plaintiff,<br><br>      v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>      Defendant.<br><br>In re:<br><br>BERNARD L. MADOFF,<br><br>      Debtor. | Adv. Pro. No. 08-1789 (CGM)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |

**TENTH APPLICATION OF ROBBINS, RUSSELL, ENGLERT, ORSECK, UNTEREINER & SAUBER LLP AS SPECIAL COUNSEL TO THE TRUSTEE FOR ALLOWANCE OF INTERIM COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED FROM AUGUST 1, 2020 THROUGH NOVEMBER 30, 2020**

Roy T. Englert, Jr., together with other members and associates at the law firm of Robbins, Russell, Englert, Orseck, Untereiner & Sauber LLP ("Robbins Russell") special counsel for Irving H. Picard (the "Trustee"), trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act of 1970, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA"), and Bernard L. Madoff, submits this Application for interim compensation of legal fees in the amount of $141,497.10 (of which 20% is to be deferred until the conclusion of the liquidation period), reimbursement of actual and necessary expenses in the amount of $291.40 for the period from August 1, 2020 through November 30, 2020 (the

"Compensation Period"). In support of the Application, Robbins Russell respectfully submits as follows:

## I. BACKGROUND

1. On December 15, 2008, Judge Stanton of the United States District Court for the Southern District of New York, upon application filed on the same date by the Securities Investor Protection Corporation ("SIPC"), entered an order calling for the liquidation of BLMIS in accordance with SIPA and appointing the Trustee as BLMIS's trustee.

2. BLMIS's liquidation proceeding was removed to this Court pursuant to SIPA § 78eee(b)(4), and, pursuant to SIPA § 78fff(b), is being conducted as though it were a case under chapters 1, 3, and 5 and subchapters I and II of chapter 7 of title 11 of the United States Code.

3. On October 13, 2017, this Court entered an order approving the Trustee's motion to retain Robbins Russell, *nunc pro tunc* as of September 22, 2017, as special counsel to the Trustee.

4. The Trustee's motion to retain Robbins Russell established a fee arrangement pursuant to which Robbins Russell agreed to a fee reduction in the amount of 10% as well as an additional holdback of fees in the amount of 20% ("Holdback").

## II. SERVICES RENDERED BY ROBBINS RUSSELL

5. The legal services performed by Robbins Russell on behalf of the Trustee during the time period covered by this Application are as follows:

6. Robbins Russell has assisted the Trustee in the appeal of orders dismissing the Trustee's claims to recover subsequent transfers from defendants-appellees on the grounds that SIPA and the Bankruptcy Code do not permit the recovery of customer property fraudulently

2

transferred by BLMIS based on the presumption against extraterritoriality and prescriptive comity.

### III. COMPENSATION REQUESTED

7. The Application demonstrates how Robbins Russell has both added value to BLMIS's estate and advanced BLMIS's liquidation proceeding.

8. Robbins Russell has been mindful of the need to avoid undue legal fees in this case and has taken all reasonable steps to provide cost-effective representation while rendering services with the highest degree of skill and professionalism.

9. From August 1, 2020 through November 30, 2020, Robbins Russell provided a total of 143.00 hours of legal services to the Trustee in this case. Prior to the 10% discount, the total amount of fees incurred in this time period was $157,219.00 and the total blended rate for professional services was $1,099.43/hour. After the 10% discount, the total amount of fees incurred is $141,497.10 and the total blended rate is $989.49/hour. Robbins Russell has agreed to a further holdback of 20% of its fees in the amount of $28,299.42 resulting in the present request for compensation in the amount of $113,197.68.

10. A breakdown of the total number of hours performed by each Robbins Russell timekeeper is provided in **Exhibit A** attached hereto.

11. Robbins Russell seeks reimbursement for out-of-pocket expenses incurred in connection with its representation of the Trustee during the Compensation Period in the amount of $291.40. An itemized list of these expenses is detailed in **Exhibit B** attached hereto.

### IV. GENERAL MATTERS

12. All of the professional services for which compensation is requested herein were performed by Robbins Russell for and on behalf of the Trustee, and not on behalf of any other person or entity.

13. No agreement or understanding exists between Robbins Russell and any other person for sharing compensation received in connection with this case, nor has any other person or entity agreed to provide Robbins Russell with compensation for the legal services described herein.

14. SIPA § 78eee(b)(5)(A) provides in pertinent part that, upon appropriate application and after a hearing, "[t]he court shall grant reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred . . . by a trustee, and by the attorney for such a trustee." SIPA § 78eee(b)(5)(C) specifically establishes SIPC's role in connection with applications for compensation and the consideration the Court should give to SIPC's recommendation concerning fees, providing as follows:

> In any case in which such allowances are to be paid by SIPC without reasonable expectation of recoupment thereof as provided in this chapter and there is no difference between the amounts requested and the amounts recommended by SIPC, the court shall award the amounts recommended by SIPC. In determining the amount of allowances in all other cases, the court shall give due consideration to the nature, extent, and value of the services rendered, and shall place considerable reliance on the recommendation of SIPC.

SIPA § 78eee(b)(5)(C).

15. To the extent the general estate is insufficient to pay such allowances as an expense of administration, SIPA § 78eee(b)(5)(E) requires SIPC to advance the funds necessary to pay the compensation of Robbins Russell. *See also* SIPA § 78fff-3(b)(2).

16. At this time, the Trustee has determined that he has no reasonable expectation that the general estate will be sufficient to make a distribution to general creditors or pay administrative expenses. SIPC has advised the Trustee that it concurs with this determination. Accordingly, any fees and expenses allowed by this Court will be paid from advances by SIPC without any reasonable expectation by SIPC of recoupment thereof.

4

17. Therefore, with respect to this Application, Robbins Russell requests that, consistent with SIPA § 78eee(b)(5)(C), the Court "shall award the amounts recommended by SIPC." *See McGraw v. Betz (In re Bell & Beckwith)*, 112 B.R. 876 (Bankr. N.D. Ohio 1990). Robbins Russell expects that SIPC's recommendation in support of the relief sought by this Application will be filed with this Court separately.

**WHEREFORE**, Robbins Russell respectfully requests that this Court enter an Order:

a. Granting this Application; and

b. Allowing and awarding $141,497.10, of which $113,197.68 is to be paid currently and $28,299.42 is to be held back through the conclusion of the liquidation period or until further order of the Court, as an interim payment for professional services rendered by Robbins Russell to the Trustee from August 1, 2020 through November 30, 2020; and

c. Allowing payment to Robbins Russell in the amount of $291.40 for reimbursement of expenses incurred by Robbins Russell from August 1, 2020 through November 30, 2020; and

  d.  Granting Robbins Russell such other and further relief as this Court deems just and proper.

                Respectfully submitted,

Dated: March 8, 2021        Robbins, Russell, Englert, Orseck, Untereiner & Sauber LLP

              By: */s/ Roy T. Englert, Jr.*
                Roy T. Englert, Jr.
                Robbins, Russell, Englert, Orseck, Untereiner & Sauber LLP
                1801 K Street, N.W.
                Suite 411L
                Washington, DC 20006
                Telephone: (202)775-4500

## EXHIBIT A

### SUMMARY OF INTERIM FEE APPLICATION
### OF ROBBINS RUSSELL FOR SERVICES RENDERED
### FOR THE PERIOD AUGUST 1, 2020 THROUGH NOVEMBER 30, 2020

|  | **HOURLY RATE** | **TOTAL HOURS BILLED** | **TOTAL COMPENSATION** |
|---|---|---|---|
| Roy T. Englert, Jr. | $1,395.00 | 48.30 | $67,378.50 |
| Leslie Esbrook | $755.00 | 5.50 | $4,152.50 |
| Matthew M. Madden | $965.00 | 88.60 | $85,499.00 |
| Christine A. Chase Carpino | $315.00 | 0.60 | $189.00 |
|  |  |  |  |
| **Total:** | **$1,099.43** | **143.00** | **$157,219.00** |
| **Total minus 10% Discount** | **$989.49** |  | **$141,497.10** |
| **Total Net of 20% Holdback:** |  |  | **$113,197.68** |

## **EXHIBIT B**

### **EXPENSE SUMMARY OF ROBBINS RUSSELL FOR THE INTERIM PERIOD OF AUGUST 1, 2020 THROUGH NOVEMBER 30, 2020**

| EXPENSES | AMOUNTS |
|---|---|
| Computer Research Charges | $249.18 |
| Long Distance Telephone | $42.22 |
|  |  |
| **Total Expenses Requested:** | **$291.40** |