**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>      Plaintiff,<br><br>      v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>      Defendant.<br><br>In re:<br><br>BERNARD L. MADOFF,<br><br>      Debtor. | Adv. Pro. No. 08-1789 (CGM)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |

**FINAL APPLICATION OF SCA ONTIER[1] AS SPECIAL COUNSEL TO THE TRUSTEE FOR ALLOWANCE OF INTERIM COMPENSATION FOR SERVICES RENDERED FROM AUGUST 1, 2020 THROUGH DECEMBER 31, 2020 AND FOR <u>RELEASE OF FEES PREVIOUSLY HELD BACK</u>**

SCA Ontier ("SCA"), special counsel for Irving H. Picard (the "Trustee"), trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act of 1970, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA"), and Bernard L. Madoff, submits this Application for final compensation of legal fees in the amount of $20,787.30 for the period from August 1, 2020 through December 31, 2020 (the "Compensation Period"). Moreover, because lead counsel for the Trustee at SCA has transferred his practice to a new firm, and the Trustee has decided that it is in the best interests of the estate that the matter remain in the hands of that counsel, SCA seeks release of fees previously held back ("Holdback") in the amount of $19,827.21. In support of the Application, SCA respectfully submits as follows:

---

[1] Formerly known as SCA Creque

# I. BACKGROUND

1. On December 15, 2008, Judge Stanton of the United States District Court for the Southern District of New York, upon application filed on the same date by the Securities Investor Protection Corporation ("SIPC"), entered an order calling for the liquidation of BLMIS in accordance with SIPA and appointing the Trustee as BLMIS's trustee.

2. BLMIS's liquidation proceeding was removed to this Court pursuant to SIPA § 78eee(b)(4), and, pursuant to SIPA § 78fff(b), is being conducted as though it were a case under chapters 1, 3, and 5 and subchapters I and II of chapter 7 of title 11 of the United States Code.

3. On July 14, 2009, this Court entered an order approving the Trustee's motion to retain SCA *nunc pro tunc* as of June 5, 2009 as special counsel to the Trustee in matters pertaining to British Virgin Islands ("BVI") law.

4. The Trustee's motion to retain SCA established a fee arrangement pursuant to which SCA agreed to a fee reduction in the amount of 10%. SCA also agreed to an additional holdback of fees in the amount of 20%, which will remain in effect until the conclusion of the liquidation period or the completion of SCA's services to the Trustee.

# II. SERVICES RENDERED BY SCA

5. The legal services performed by SCA on behalf of the Trustee during the time period covered by this Application are as follows:

6. SCA has continued to research, analyze, and advise the Trustee on various issues under BVI law.

7. SCA advised the Trustee concerning litigation involving BVI-domiciled entities.

# III. COMPENSATION REQUESTED

8. SCA's Application demonstrates how SCA has both added value to BLMIS's estate and advanced BLMIS's SIPA liquidation proceeding.

4849-7315-1964.1

9. SCA has been mindful of the need to avoid undue legal fees in this case and has taken all reasonable steps to provide cost-effective representation while rendering services with the highest degree of skill and professionalism.

10. From August 1, 2020 through December 31, 2020, SCA provided a total of 39.70 hours of legal services to the Trustee in this case. Prior to the 10% discount, the total amount of fees incurred in this time period was $23,097.00 and the total blended rate for professional services was $581.79.00/hour. After the 10% discount, the total amount of fees incurred is $20,787.30 and the total blended rate is $523.61/hour.

11. A breakdown of the total number of hours performed by each SCA timekeeper is provided in **Exhibit A** attached hereto.

## IV. RELEASE OF THE HOLDBACK

12. For the prior compensation periods, the amount of Holdback for SCA's fees is $19,827.21.

13. Since SCA will no longer act as special counsel for the Trustee following the determination of this application, SCA seeks a release of the entire Holdback upon the consent and approval of SIPC.

14. SIPC has advised that it will file a recommendation in support of the fees in this Application and the release of the Holdback in the amount of $19,827.21.

15. Accordingly, the present request for fees, including the release of fees previously held back, is $40,614.51.

## V. GENERAL MATTERS

16. All of the professional services for which compensation is requested herein were performed by SCA for and on behalf of the Trustee and not on behalf of any other person or entity.

3

4849-7315-1964.1

17. No agreement or understanding exists between SCA and any other person for sharing compensation received in connection with this case, nor has any other person or entity agreed to provide SCA with compensation for the legal services described herein.

18. SIPA § 78eee(b)(5)(A) provides in pertinent part that, upon appropriate application and after a hearing, "[t]he court shall grant reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred . . . by a trustee, and by the attorney for such a trustee." SIPA § 78eee(b)(5)(C) specifically establishes SIPC's role in connection with applications for compensation and the consideration the Court should give to SIPC's recommendation concerning fees, providing as follows:

> In any case in which such allowances are to be paid by SIPC without reasonable expectation of recoupment thereof as provided in this chapter and there is no difference between the amounts requested and the amounts recommended by SIPC, the court shall award the amounts recommended by SIPC. In determining the amount of allowances in all other cases, the court shall give due consideration to the nature, extent, and value of the services rendered, and shall place considerable reliance on the recommendation of SIPC.

SIPA § 78eee(b)(5)(C).

19. To the extent the general estate is insufficient to pay such allowances as an expense of administration, SIPA § 78eee(b)(5)(E) requires SIPC to advance the funds necessary to pay the compensation of SCA. *See also* SIPA § 78fff-3(b)(2).

20. The Trustee has determined, at this time, that he has no reasonable expectation that the general estate will be sufficient to make a distribution to general creditors or pay administrative expenses. SIPC has advised the Trustee that it concurs with this determination. Accordingly, any fees and expenses allowed by this Court will be paid from advances by SIPC without any reasonable expectation by SIPC of recoupment thereof.

21. Therefore, with respect to this Application, SCA requests that consistent with section 78eee(b)(5)(C) of SIPA, the Court "shall award the amounts recommended by SIPC." *See*

4

*McGraw v. Betz (In re Bell & Beckwith)*, 112 B.R. 876 (Bankr. N.D. Ohio 1990).  SCA expects that SIPC's recommendation in support of the relief sought by this Application will be filed with this Court separately.

    **WHEREFORE**, SCA respectfully requests that this Court enter an Order:

a.     Granting this Application; and

b.     Allowing and awarding $20,787.30 for professional services rendered by SCA to the Trustee from August 1, 2020 through December 31, 2020; and

c.     Releasing $19,827.21 to SCA from the Holdback for prior compensation periods; and

d.     Granting SCA such other and further relief as the Court deems just and proper.

                              Respectfully submitted,

Dated:  March 8, 2021                           SCA Ontier

                                        By:  *s/ Derek Stinson*
                                               Derek Stinson
                                               SCA Ontier LLP
                                               Halton House
                                               20-23 Holborn
                                               London, EC1N 2JD
                                               United Kingdom
                                               Telephone: +44(0) 20 7183 1701

4849-7315-1964.1

# **EXHIBIT A**

## SUMMARY OF FINAL FEE APPLICATION OF SCA FOR SERVICES RENDERED FOR THE PERIOD OF AUGUST 1, 2020 THROUGH DECEMBER 31, 2020

|  | **HOURLY RATE** | **TOTAL HOURS BILLED** | **TOTAL COMPENSATION** |
|---|---|---|---|
| Seamus Andrew | $770.00 | 3.10 | $2,387.00 |
| Liam Spencer | $650.00 | 28.90 | $18,785.00 |
| Kirki Thakur | $250.00 | 0.80 | $200.00 |
| Nicola Scarparo | $250.00 | 6.90 | $1,725.00 |
|  |  |  |  |
| **Total:** | **$581.79** | **39.70** | **$23,097.00** |
| **Total minus 10% Discount** | **$523.61** |  | **$20,787.30** |
| **Release of the Holdback** |  |  | **$19,827.21** |
| **Total Compensation to be Paid** |  |  | **$40,614.51** |