**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (CGM)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>Plaintiff,<br><br>v.<br><br>SQUARE ONE FUND LTD.,<br><br>Defendant. | Adv. Pro. No. 10-04330 (CGM) |

## MOTION FOR THE ISSUANCE OF A LETTER OF REQUEST

1. Irving H. Picard (the "Trustee"), trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS"), under the Securities Investor Protection Act ("SIPA"), substantively consolidated with the chapter 7 estate of Bernard L. Madoff, through the Trustee's attorneys, Baker & Hostetler LLP, respectfully submits this Motion for the Issuance of a Letter of Request for International Judicial Assistance to Le Procureur Général d'État of the Grand Duchy of Luxembourg to collect documents from the A.R.T. – Absolute Return Target Fund (the "ART Fund"), a Luxembourg entity.

2. This application is made pursuant to 28 U.S.C. § 1781, this Court's inherent authority, and in light of the comity between the United States and Luxembourg. Service will be effected pursuant to the *Hague Convention of 18 March 1970 of the Taking of Evidence Abroad in Civil or Commercial Matters*, to which the United States and Luxembourg are signatories.

3. The ART Fund is a third party to this action and is not subject to discovery under the Federal Rules of Civil Procedure. Thus, the Letter of Request provides the only means of compelling discovery from the ART Fund.

## FACTUAL BACKGROUND

**Madoff's Ponzi Scheme and Square One's Connection to BLMIS**

4. Madoff, through the investment advisory business of BLMIS, conducted a decades-long Ponzi scheme of breathtaking scale. (*See* **Exhibit 1 to Trustee's Request for International Judicial Assistance,** Trustee's Amended Complaint filed on December 21, 2018 (ECF No. 167) ("Am. Compl.").)

5. Square One Fund Ltd. ("Square One") is a British Virgin Islands investment fund that invested exclusively with BLMIS from approximately December 1998 until December 2008. (*Id.* ¶¶ 2–3, 63–64.)

6. In the two years preceding BLMIS's collapse, Square One received $6,410,000 in fraudulent transfers from BLMIS. (*Id.* ¶ 187.)

7. Square One received these transfers without "good faith" because it either knew or consciously avoided knowing that BLMIS's investment advisory business was a fraud. (*Id.* ¶¶ 7–16, 126–28, 149, 182.)

8. Luc Estenne created Square One and served as its director and manager and continues to serve in these capacities to this day. (*Id.* ¶¶ 4, 71–73.)

2

9. While running Square One, Estenne also ran a highly successful investment advisory firm, Partners Advisers S.A. ("Partners Advisers"), in Geneva, Switzerland that managed the Luxembourg-based ART Fund. (*Id.* ¶¶ 5, 89.)

10. Partners Advisers tracked and analyzed BLMIS's purported investment returns over a ten-year period, culminating in an analytical study (the "Estenne Study") conducted by Estenne and Square One in 1999. (*Id.* ¶ 100.)

11. The Estenne Study confirmed that BLMIS's returns were implausible and had little to no correlation with BLMIS's purported investment strategy. (*Id.* ¶¶ 102–11, 116–19.)

12. The ART Fund was invested in Square One from approximately 2000 through 2003. (*Id.* ¶¶ 89, 161, 163.)

13. In or around 2003, Partners Advisers alerted Estenne to several red flags of fraud concerning BLMIS's operations. (*Id.* ¶¶ 149–57.)

14. Estenne, as a result of this warning and other indicia of fraud, redeemed his personal investments in Square One and advised certain others close to him to do the same. (*Id.* ¶¶ 163–65.)

15. Nevertheless, Estenne continued to direct Square One to solicit investments from other investors while taking fees off the top of those investments. (*Id.* ¶ 167.)

16. Estenne also took steps to ensure that neither Square One nor BLMIS would be subject to any due diligence reviews by Square One's investment manager or Partners Advisers. (*Id.* ¶ 169–71.)

**Square One's Investors Have Relevant Documents**

17. The ART Fund is a Luxembourg-based fund managed by Partners Advisers and directed by Estenne. (*Id.* ¶ 89.)

18. The ART Fund was the vehicle through which Estenne and others close to him invested in Square One. (*Id.*)

19. When Partners Advisers alerted Estenne to red flags of fraud concerning BLMIS, Estenne directed the ART Fund to redeem its investments from Square One and directed Partners Advisers to prohibit all future BLMIS-related investments from the ART Fund's portfolio. (*Id.* ¶¶ 160, 163.)

20. The ART Fund eliminated its exposure to Square One by January 2003. (*Id.*)

21. The ART Fund notified its investors that it redeemed from Square One due to concerns of fraud at BLMIS. This redemption arose from the ART Fund's disclosure about "important conflicts of interests, as the manager is his own custodian and valuates the portfolio himself" and redeemed in order to "avoid any other blow ups." (*See* Proposed Letter of Request attached hereto as **Exhibit A**, p. 9.)

22. The ART Fund has documents related to the information provided by Estenne and Partners Advisers of potential fraud at BLMIS.

23. The ART Fund has documents related to its decisions to invest and redeem its investments in Square One.

24. The ART Fund has access to information regarding conflicts of interest and other suspicious circumstances suggesting fraud or other wrongdoing at BLMIS or with funds invested in BLMIS that led to its decision to redeem its investment in Square One. (*Id.*)

25. The requested documents and information will enable the Trustee to prove that Partners Advisers and Estenne had suspicions and/or concerns that BLMIS's investment advisory business was not legitimate.

26. The requested materials are relevant to the central inquiry as to whether Square One knew or consciously avoided knowing about BLMIS's fraud such that it lacked "good faith" with respect to its receipt of the BLMIS transfers in question.

**ART Fund Documents Specifically Reflect Square One's Knowledge or Willful Blindness to BLMIS's Fraud**

27. The ART Fund invested in Square One from approximately 2000 to 2003. (Amend. Compl. ¶¶ 161–63.)

28. Estenne redeemed his personal investments from Square One when Partners Advisers alerted him to red flags of fraud concerning BLMIS. (*Id.* ¶¶ 163–64.)

29. The ART Fund was privy to Estenne's knowledge and suspicions that BLMIS was a fraud—leading the ART Fund to redeem its investments in Square One. (*Id.*)

30. This Letter of Request is part of the Trustee's efforts to obtain documentary evidence regarding Square One's knowledge of fraud at BLMIS. The Trustee believes that the evidence sought reflects relevant information provided by Square One to the ART Fund, which was then communicated to the ART Fund's investors.

31. The documents sought are relevant to the Trustee's allegations in the ongoing proceedings and intended for use at trial to support the Trustee's claims to avoid and recover fraudulent transfers to Square One. This evidence is essential for the Trustee to fulfill his statutory mandate to maximize recovery of customer property for the ultimate benefit of all of Madoff's defrauded victims.

32. The Trustee seeks documents in three categories:

    a. ART Fund Documents including audited annual reports, abbreviated audited annual reports, quarterly reviews of the ART Fund, ART Fund valuations, and communications surrounding such documents, as seen in requests 1–28.

    b. Documents that reflect the ART Fund's due diligence and analyses on Square One and/or BLMIS in compliance with the ART Fund's internal policies outlined in the prospectus and marketing materials, as seen in requests 29–45.

    c. Documents relating to the ART Fund's decisions to invest in and redeem from Square One, including specific communications regarding analyses and due diligence done on Square One and/or BLMIS bearing on those decisions, as seen in requests 46–61.

33. For the above reasons, the Trustee believes that the proposed Letter of Request (**Exhibit A**) is just and appropriate and respectfully requests that the Court issue such Letter of Request to the indicated Judicial Authority.

Dated: New York, New York  
       March 19, 2021

Respectfully submitted,

/s/ Marco Molina  
**Baker & Hostetler LLP**  
45 Rockefeller Plaza  
New York, New York 10111  
Telephone: (212) 589-4200  
Facsimile: (212) 589-4201  
David J. Sheehan, Esq.  
dsheehan@bakerlaw.com  
Marco Molina  
mmolina@bakerlaw.com  
Matthew D. Feil  
mfeil@bakerlaw.com  
Ganesh Krishna  
gkrishna@bakerlaw.com  
Andrew M. Serrao  
aserrao@bakerlaw.com  
Victoria L. Stork  
vstork@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff*