**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-1789 (SMB) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

## OBJECTION BY RENEE SOSKIN TO TRUSTEES MOTION

My name is Renee Robinow, and I would like to submit an objection to the way the Trustee is calculating the basis and thus the return of funds on my IRA account. I missed the February deadline as I did not receive notices via the mail due to the mail slowdown. I received all the latest information, some dating from late 2020, in mid-February after the deadline for objections.

I ask the Court to allow me to object at this time as the mail of these proceedings did not arrive in time due to the post office delivery issues during the pandemic.

Background

My first husband passed away is 1981 leaving me his retirement account. I was subsequently remarried in 1985 and my new husband recommended I move my investments to Bernie Madoff in 1993 where he had his accounts.

I had two accounts at Bernie Madoff, an investment account and the retirement account containing my first husband's retirement funds. $408,897.38 was invested in the account. I received $150,324.29 in payments from the account. Thus, there is a remaining basis of $258,973.09 in this account.

Objection

The Trustee says that funds were transferred from the IRA account to my other account. These are fictitious entries and I provided my statements showing that (See Exhibit A.) I would not take these transfers from the retirement account as it would have imposed a penalty on the withdrawal not to mention there is clearly funds in my other account for me to utilize. It just does not make sense. The Trustee's position is that these transfers resulted in there being no basis remaining in this retirement account. During my discussions with Trustee's counsel, Mr. Rose, he confirmed that these were fictional transfers.

So, the basis of my investment in the retirement account found its way into my other account by Trustee's accounting even though they know these were not real transfers. As a result I lose the basis in the IRA account for which I am entitled a recovery.

In addition, even in this account there were fake transactions, a number of "checks" that never existed (See Exhibit A). The Trustee then utilizes these fake transactions that never occurred in the transferor account. These "checks" that were never created are deducted as being real and thus being deducted from my real basis. And the Trustee acknowledges in conversations with them that that these "checks" were fake – they never occurred.

Trustee acknowledges that the real basis in the transferor account is lowered by the amounts of these fake checks.

Thus, by Trustee's position, transfers that are fake are used to consume basis ($258,583.09 in Exhibit A) in my IRA account by transferring it to the transferor account, and then wipes that basis out by using fake "checks" written on the transferor account. This wipes out my retirement savings. By this unfair accounting practice, utilizing transactions they know are fake, I lose the ability to make any recovery of my basis in my IRA account and shuts out my claim. In conversations by Trustee's representative, Mr. Rose, this is what happened.

This in inherently unfair. The Trustee's position is illogical. It basically says that any transaction in the account is a deduction from the account even if it is fictitious. It oversimplifies the situation to make the process easy even for Trustee at the expense of justice. The end result is unjust.

The fictitious checks and transfers have been deducted against my accounts consuming basis even though they admit I did not receive the funds and that the only funds I received were the $150,324.29. Exhibit A, attached hereto, contains my initial objection to manner in which the Trustee handled the calculations and transfers with my accounts. Exhibit B, attached hereto, is the communications I received from Trustee concerning the calculations and transfers with my accounts.

I am happy to come to the court to represent myself at the hearing on this matter. I am representing myself in this matter. I hope you will accept this late response as mail was held up and not delivered during the pandemic.

As to Trustees motion to overrule my objections that they raise factual issues, that is only because they choose not to approach the account in a just manner. The data needed for proper handling of this is in their control – they have the accounts of the financial institutions. They

have all transaction records and all bank records from the Bernard L. Madoff Investment Securities LLC ("BLMIS") including bank transactions. All real transactions have a record of a real transfer to an account outside of BLMIS yet Trustee prefers to oversimplify the accounting effort rather than do a proper accounting and disperse the funds in a just fashion. They require us to prove a negative – that we never received these funds which is impossible – when they can prove that the funds were never sent which is possible with the information in their control.

### Conclusion

The Court should order the Trustee to account for the basis remaining in my account by not utilizing fictitious transfers and checks when they are the ones with the power and access to the information to trace the transactions from BLMIS to outside institutions versus fictitious checks used by BLMIS internally. The Court should order the reinstatement of the remaining basis in my retirement account ($258,573.09) for which I can make a recovery from the Trustee.

I thank the Court for considering my objection.

Dated: *March 20*, 2021
Key Biscayne, Florida

Renée Robinow Soskin
Claimant and Objecting Party

**Exhibit A – Letter of Objection to Trustee**

JAN 13 2010

**VIA EXPRESS MAIL NEXT DAY DELIVERY**

January 11, 2010

Clerk of the United States Bankruptcy Court
  for the Southern District of New York
One Bowling Green
New York, NY 10004

Irving H. Picard, Trustee
c/o Baker Hosterler LLP
45 Rockefeller Plaza
New York, NY 10111

> **Re:** **BENARD L. MADOFF INVESTMENT SECURITIES LLC In Liquidation**
> **Bankruptcy Case No. 08-1789 (BRL)**
> **RESPONSE TO NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM**

This is a response to the NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM (the "Notice") dated
December 17, 2009 for account No. 1S4040 claim number 4543.

I am addressing my opposition to the position of the Trustee as provided in the Notice.

I.    **Claim for Securities**

I oppose the position taken by the Trustee with respect to the return of securities and the calculation of
the value of my account. As the attached statement shows, the account contained securities. I relied
upon these statements as being accurate and truthful. I was in no position to know otherwise. The
Trustee's position is contrary to SIPA, contradicts 39 years of PIPC's prior positions, and is unsupported
by any legal precedent. The Senate and House reports anticipated the current situation where I should
be able to rely on my broker statement to be accurate.

"Under present law, because securities belonging to customers may have been lost, improperly
hypothecated, misappropriated, never purchased or even stolen, it is not always possible to provide to
customers that which they expect to receive, that is, securities which they maintained in their brokerage
account. ... By seeking to make customer accounts whole and returning them to customers in the form
they existed on the filing date, the amendments ... would satisfy the customers' legitimate
expectations..." S. Rep. No. 95-763, at 2 (1978).

"A customer generally expects to receive what he believes is in his account at the time the stockbroker
ceases business. But because securities may have been lost, improperly hypothecated, misappropriated,

1

never purchased, or even stolen, this is not always possible. Accordingly, [when this is not possible, customers] will receive cash based on the market value as of the filing date." H.R. Rep. No. 95-746, at 21.

Thus, based on these obligations and the fact that my account listed securities, I believe I should be returned those securities to me to the value of $500,000.

## II.   Calculation of Money In/Money Out

Even if I were to agree to the Trustees position on securities, I oppose the calculation of the money in/money out position of the Trustee. I recreated the table below with the final column indicating what I received as from the account. You will note that the entries for dates 2/9/2006, 5/5/2006, 6/20/2006, and 12/6/2007 totaling $354,708.76 do not represent any funds received by me. As I never received these funds, they should not be deducted from any calculation of recovery.

Thus, based on the fact that I did not receive these funds and therefore removal of these entries, I should receive $258,573.09.

| DATE | Transaction Description | Amount | Adjusted Amount | Oppose this Entry | Actual Payments |
|---|---|---|---|---|---|
| 2/3/2000 | Trans From 50 Acct | $1,607,388.26 | $408,897.38 | | $408,897.38 |
| Total Deposits | | $1,607,388.26 | $408,897.38 | | $408,897.38 |
| | | | | | |
| DATE | Transaction Description | Amount | Adjusted Amount | Oppose this Entry | Actual |
| 2/9/2006 | Trans to 1EM21330 | ($105,000.00) | ($105,000.00) | Yes | $0.00 |
| 5/5/2006 | Trans to 1EM21330 | ($65,000.00) | ($65,000.00) | Yes | $0.00 |
| 6/20/2006 | Trans to 1EM21330 | ($50,000.00) | ($50,000.00) | Yes | $0.00 |
| 12/6/2007 | Trans to 1EM21330 | ($134,708.76) | ($134,708.76) | Yes | $0.00 |
| 4/17/2008 | Check | ($75,000.00) | ($75,000.00) | No | ($75,000.00) |
| 6/18/2008 | Check | ($75,324.29) | ($75,324.29) | No | ($75,324.29) |
| Total Withdrawals | | ($505,033.05) | ($505,033.05) | | ($150,324.29) |
| | | | | | |
| Total deposits less withdrawals | | $1,102,355.21 | ($96,135.67) | | $258,573.09 |

### III.   Extension of Deadline for Review

Finally, I oppose the deadline imposed by the Trustee for responding to the Notice. I have at least one additional account that is involved in the calculation of the amounts that are being deducted. As noted in the table, there appears to be transfers to another Madoff Investment Securities account. If those transfers are ultimately deducted here, then they should be credited in the other account as money in. As I have not received the determination on any other account, my ability to fully respond here is limited and impaired. I should be allowed to review the Trustees determination on all my accounts at the same time.

At a minimum, for fairness I request that the Trustee extend the period for my response until such time as I have receive a Notice of Trustee's Determination of Claim to all other accounts.

Thank you for attention on this matter.

Sincerely Submitted,

Renee Robinow Soskin

Renee Robinow Soskin (IRA)
151 Crandon Blvd Apt. 505
Key Biscayne, FL 33149

3

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York □ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

**DUPLICATE** FOR ACCOUNT NTC & CO.
RENEE ROBINOW SOSKIN
151 CRANDON BLVD   APT 505
KEY BISCAYNE   FL 33149

| | | Account Number 1-S0404-3-0 | | | 11/30/08 | ****6253 | 1 |
|---|---|---|---|---|---|---|---|

| Date | Amount Bought | Amount Sold | Description | Price | Amount Debited | Amount Credited |
|---|---|---|---|---|---|---|
| | | | BALANCE FORWARD | | | 229,293.00 |
| 11/12 | | | WELLS FARGO & CO | | | |
| 11/12 | | | HEWLETT PACKARD CO | | | |
| 11/12 | | | EXXON MOBIL CORP | | | |
| 11/12 | | | INTERNATIONAL BUSINESS MACHS | 87,270 | | |
| 11/12 | 4798 | | WAL-MART STORES INC | 55,030 | 117,661.98 | |
| 11/12 | 5300 | | INTERNATIONAL BUSINESS MACHS | | 120,225.72 | |
| 11/12 | | | EXXON MOBIL CORP | | | |
| 11/12 | 13952 | | JOHNSON & JOHNSON | 59,580 | 159,363.34 | |
| 11/12 | 18271 | | J.P. MORGAN CHASE & CO | 38,570 | 101,586.85 | |
| 11/12 | | | ORACLE CORPORATION | | | |
| 11/12 | | | MCDONALDS CORP | | | |
| 11/12 | | | PEPSICO INC | | | |
| 11/12 | 3550 | | MICROSOFT CORP | 21,910 | 60,210.30 | |
| 11/12 | 3225 | | MERCK & CO | 28,550 | | |
| 11/12 | 53387 | | APPLE INC | 100,780 | 89,829.98 | |
| 11/11 | 891 | | | | | |
| 11/12 | 57211 | | PFIZER INC | 36,940 | 111,405.34 | |
| 11/12 | 6561 | | ABBOTT LABORATORIES | 56,030 | 84,105.79 | |
| 11/12 | 1599 | | PROCTER & GAMBLE CO | 66,080 | 186,913.28 | |
| 11/12 | 63916 | | | | | |
| 11/12 | 1053 | 62039 | AMGEN INC | 59,160 | 62,337.48 | |
| 11/12 | 2025 | 65063 | PHILLIP MORRIS INTERNATIONAL | 43,600 | 89,371.00 | |
| 11/12 | 860 | 64656 | BANK OF AMERICA | 23,590 | 108,123.90 | |
| 11/12 | 3620 | 70180 | QUALCOMM INC | 33,770 | 54,181.60 | |
| 11/12 | 5265 | 70691 | CITI GROUP INC | 12,510 | 66,075.15 | |

CONTINUED ON PAGE

Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

BERNARD L. MADOFF
INVESTMENT SECURITIES LLC
New York □ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

**DUPLICATE**   FOR ACCOUNT   NTC & CO.
RENEE ROBINOW SOSKIN

151 CRANDON BLVD   APT 505
KEY BISCAYNE   FL 33149

| YOUR ACCOUNT NUMBER | DATE | TAX PAYER IDENTIFICATION NUMBER | PAGE |
|---|---|---|---|
| 1-S0404-4-0 | 11/30/08 | ******6253 | 1 |

| DATE | | BOUGHT RECEIVED | SOLD DELIVERED | | DESCRIPTION | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|---|---|
| | | | | BALANCE FORWARD | | | | 229,293.00 |
| 11/19 | | | | NEW BALANCE | | | | 227,899.00 |
| 11/19 | | | | MOVEMENT 450 CALL | | | | |
| 11/19 | | | 81 | S & P 100 INDEX NOVEMBER 450 CALL | | | | |
| 11/19 | | | | DECEMBER 430 CALL | | | | |
| 11/19 | 81 | | | S & P 100 INDEX DECEMBER 450 INDEX | 21 | 247,981.00 | | 230,019.00 |
| | | | 48313 | | | | | |
| | | 81 | | S & P 100 INDEX DECEMBER 430 CALL | 26 | | | |
| 81 | | | 30988 | S & P 100 INDEX DECEMBER 420 PUT | 30 | 243,081.00 | | |
| | | | | S & P 100 INDEX NOVEMBER 450 PUT | 37 | 247,981.00 | | 299,619.00 |
| | | 81 | 47638 | S & P 100 INDEX NOVEMBER 450 PUT | | | | |
| | | | | SECURITY POSITIONS | MKT PRICE | | | |
| | | | | S & P 100 INDEX DECEMBER 430 CALL | 235.300 | | | |
| | | | | S & P 100 INDEX DECEMBER 420 PUT | 16.500 | | | |
| | 81 | | | | | | | |
| | | | | MARKET VALUE OF SECURITIES | | | | |
| | | | | LONG   133,650.00 | | | | 4,556,607.00 |
| | | | | SHORT  188,730.00- | | | | |

Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

08-01789-cgm   Doc 20397   Filed 03/23/21   Entered 03/23/21 15:20:18   Main Document
Pg 15 of 24

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York □ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

**DUPLICATE** FOR ACCOUNT   NTC & CO.
RENEE ROBINOW SOSKIN
151 CRANDON BLVD    APT 505
KEY BISCAYNE    FL 33149

Account number: 1-S0404-3-0
11/30/08
******6253
2

| Date | Bought / Received | Sold / Delivered | Description | Price | Amount Debited to Your Account | Amount Credited to Your Account |
|---|---|---|---|---|---|---|
| 1/12 | 1,215 | | SCHLUMBERGER LTD | 49,480 | 60,166.20 | |
| 1/12 | 2,916 | | COMCAST CORP | 16,510 | 48,259.16 | |
| 1/12 | 5,751 | 74,515 | ELI LILLY & CO | | 155,507.00 | |
| 1/12 | 1,458 | 75,017 | APPLE INC | | | |
| 1/12 | | 78043 | CONOCOPHILLIPS | 52,510 | | |
| 1/12 | 972 | 79343 | UNITED PARCEL SVC INC | 52,040 | 50,620.08 | |
| 1/12 | 1,913 | 83167 | CLASS B | 76,130 | 76,637.58 | |
| 1/12 | 972 | 85699 | CISCO SYSTEMS INC | | | |
| 1/12 | 1,701 | 87493 | U S BANCORP | 29,530 | 50,298.53 | |
| 1/12 | 2,025 | 87895 | CHEVRON CORP | 73,630 | 149,170.75 | |
| 1/12 | 972 | 91031 | UNITED TECHNOLOGIES CORP | 54,050 | 52,536.75 | |
| 1/12 | 10,041 | 96131 | GENERAL ELECTRIC CO | 19,890 | 202,744.81 | |
| 1/12 | 2,754 | 96145 | VERIZON COMMUNICATIONS | 30,410 | 83,859.14 | |
| 1/12 | 243 | 96647 | GOOGLE | 337,600 | 81,997.20 | |
| 1/12 | | 97201 | U S TREASURY BILL DUE 2/12/2009 | 99,800 | 314,371,000.00 | |
| | | | FIDELITY SPARTAN | DIV | | |
| | | | U S TREASURY MONEY MARKET | | | |
| | | | DIV 12/31/08 | | | |
| 1/12 | | 72,812 | FIDELITY SPARTAN | 1 | | 72,812.00 |
| 1/12 | | 18182 | U S TREASURY MONEY MARKET | | | |
| | | | DIV 12/31/08 | | | |
| 1/12 | 35,831 | 22550 | FIDELITY SPARTAN | 1 | 35,831.00 | |
| | | | U S TREASURY MONEY MARKET | | | |
| | | | FIDELITY SPARTAN | DIV | | |
| | | | U S TREASURY MONEY MARKET | | | |
| 1/19 | | | DIV 11/19/08 | | | 4.40 |

2/12/2009

CONTINUED ON PAGE 3

17/2010 17:11 FAX 952 546 8882    LEHMAN,FLOM & CO., PLLP    ☑0019/0026

08-01789-smb   Doc 20387   Filed 03/12/21   Entered 03/12/21 14:5...18   Main Document
Pg 12 of 24

BERNARD L. MADOFF
INVESTMENT SECURITIES LLC
New York □ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

**DUPLICATE** FOR ACCOUNT   NTC & CO.
RENEE ROBINOW SOSKIN
151 CRANDON BLVD   APT 505
KEY BISCAYNE   FL 33149

| Your Account Number | Date | Page |
|---|---|---|
| 1-S0404-3-0 | 11/30/08 | 3 |
| | | *****6253 |

| AMOUNT DEBITED | BOUGHT OR RECEIVED | TRN | SECURITY | DATE OF TRANS. | PRICE OR SYMBOL | AMOUNT CREDITED TO YOUR ACCOUNT | AMOUNT DEBITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|---|
| 2,785,000. | | | FIDELITY SPARTAN U.S. TREASURY MONEY MARKET | | 1 | | |
| | | | DUE 03/26/2009 | 3/26/2009 | | | |
| | 3,715 | 62075 53037 | FIDELITY SPARTAN U.S. TREASURY MONEY MARKET | | 1 | 3,715.00 | |
| | | | NEW BALANCE | | | 455,606.51 | |
| | 35,831 | | | | | 276,796.99 | 35,831.00 |
| 5,761 | | | SECURITY POSITIONS | | | 278,560 | |
| 1,539 | | | ABBOTT LABORATORIES | | | 52,390 | |
| 1,053 | | | AMGEN INC | | | 55,540 | |
| 891 | | | APPLE INC | | | 82,600 | |
| 40,960 | | | BANK OF AMERICA | | | 16,260 | |
| 2,025 | | | CHEVRON CORP | | | 79,010 | |
| 5,913 | | | CISCO SYSTEMS INC | | | 16,540 | |
| 1,255 | | | CITIGROUP INC | | | 8,290 | |
| 1,944 | | | COCA COLA CO | | | 46,870 | |
| 2,916 | | | COMCAST CORP | | | 17,340 | |
| 1,458 | | | C L A | | | | |
| 5,103 | | | CONOCOPHILLIPS | | | 52,520 | |
| 10,287 | | | EXXON MOBILE CORP | | | 80,150 | |
| | | | GENERAL ELECTRIC CO | | | 17,170 | |

CONTINUED ON PAGE

Mar. 27 2005 03:47PM  P3
FAX NO. :
1 2010 17:13 FAX  952 546 8882   LEHRMAN, FLOM & CO. PLLP   ☑0020/0026

LEHRMAN, FLOM & CO., PLLP        952 546 8882    FAX 17:14 2010
☑0021/0026

Mar. 27 2005 03:48PM    P4    FAX NO. :

**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York □ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

**DUPLICATE** FOR ACCOUNT  NTC & CO.
REMEE ROBINOW SOSKIN
151 CRANDON BLVD    APT 505
KEY BISCAYNE    FL 33149

YOUR ACCOUNT NUMBER: 1-50404-3-0
11/30/06
****-62253
4

| AMOUNT OF SECURITIES | BOUGHT RECEIVED | SOLD DELIVERED | SECURITY | PRICE OR SYMBOL | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|
| 243 | | | GOOGLE | 292.960 | | |
| 2,430 | | | HEWLETT PACKARD CO | 35.210 | | |
| 1,809 | | | INTEL CORP | 21.900 | | |
| 1,977 | | | INTERNATIONAL BUSINESS MACHS | 86.600 | | |
| 3,645 | | | J.P. MORGAN CHASE & CO | 31.660 | | |
| 2,673 | | | JOHNSON & JOHNSON | 59.580 | | |
| 1,116 | | | MCDONALDS CORP | 58.750 | | |
| 2,306 | | | MERCK & CO | | | |
| 7,695 | | | MICROSOFT CORP | 20.220 | | |
| 3,888 | | | ORACLE CORPORATION | 20.220 | | |
| 1,597 | | | PEPSICO INC | | | |
| 10,601 | | | PFIZER INC | 10.090 | | |
| 2,025 | | | PHILLIP MORRIS INTERNATIONAL | | | |
| 2,916 | | | PROCTER & GAMBLE CO | 42.160 | | |
| 1,820 | | | QUALCOMM INC | 66.350 | | |
| 1,815 | | | SCHLUMBERGER LTD | 57.600 | | |
| 3,715 | | | FIDELITY SPARTAN | 1 | | |
| | | | U S TREASURY MONEY MARKET | | | |
| 1,702 | | | CLASS B | | | |
| 972 | | | U S BANCORP | 99.971 | | |
| | | | UNITED PARCEL SVC INC | | | |
| 275,000 | | | U S TREASURY BILL | | | |
| | | | DUE 03/26/2009  3/26/2009 | | | |
| 972 | | | UNITED TECHNOLOGIES CORP | 48.530 | | |
| | | | CONTINUED ON PAGE 5 | | | |

08-01789-cgm Doc-20307 Filed 03/22/21 Entered 03/23/21 15:20:18 Main Document
Pg 14 of 24



**BERNARD L. MADOFF**
INVESTMENT SECURITIES LLC
New York ☐ London

885 Third Avenue
New York, NY 10022
(212) 230-2424
800 334-1343
Fax (212) 838-4061

Madoff Securities International Limited
12 Berkeley Street
Mayfair, London W1J 8DT
Tel 020 7493 6222

**DUPLICATE** FOR ACCOUNT NYC & CO.
RENEE ROBINOW SOSKIN
151 CRANDON BLVD APT 505
KEY BISCAYNE FL 33149

| YOUR ACCOUNT NUMBER | DATE | PROCESS DATE | NUMBER |
|---|---|---|---|
| 1-S0404-3-0 | 11/30/08 | ******6253 | 5 |

| BOUGHT (LONG) | SOLD (SHORT) | TRN | DESCRIPTION | PRICE PREMIUM | AMOUNT DEBITED TO YOUR ACCOUNT | AMOUNT CREDITED TO YOUR ACCOUNT |
|---|---|---|---|---|---|---|
| 2,754 | | | VERIZON COMMUNICATIONS | 32.650 | | |
| 2,306 | | | WAL-MART STORES INC | 55.880 | | |
| 34,401 | | | WELLS FARGO & CO NEW | 0.297 | | |
| | | | MARKET VALUE OF SECURITIES | | | |
| | | | LONG | | | |
| | | | SHORT | | | |

Mar. 27 2005 03:50PM PS
FAX NO. :
2010 17:16 FAX 952 546 8882          LEHRMAN, FLOM & CO, PLLP          ☑0022/0026



**Exhibit B – Trustee's Determination Letter**

## BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

### DECEMBER 11, 2008[1]

### NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM

January 28, 2010

Renee Robinow Soskin Rev. Trust
Renee Robinow Soskin, Trustee
151 Crandon Road, Apt. 505
Key Biscayne, Florida 33149

Dear Renee Robinow Soskin Rev. Trust:

### PLEASE READ THIS NOTICE CAREFULLY.

The liquidation of the business of BERNARD L. MADOFF INVESTMENT SECURITIES LLC ("BLMIS") is being conducted by Irving H. Picard, Trustee under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), pursuant to an order entered on December 15, 2008 by the United States District Court for the Southern District of New York.

The Trustee has made the following determination regarding your claim on BLMIS Account No. 1EM213 designated as Claim Number 5246:

Your claim for securities is **DENIED**. No securities were ever purchased for your account.

Your claim is **ALLOWED** for $434,708.76, which was the balance in your BLMIS Account on the Filing Date based on the amount of money you deposited with BLMIS for the purchase of securities, less subsequent withdrawals, as outlined in Table 1.

---

[1] Section 78lll(7)(B) of SIPA states that the filing date is "the date on which an application for a protective decree is filed under 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court "in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced before the date on which such application was filed, the term 'filing date' means the date on which such proceeding was commenced." Section 78lll(7)(B). Thus, even though the Application for a protective decree was filed on December 15, 2008, the Filing Date in this action is on December 11, 2008.

095879, 000005, 300069722.1

| – Table 1 – | | | |
| --- | --- | --- | --- |
| **DEPOSITS** | | | |
| **DATE** | **TRANSACTION DESCRIPTION** | **AMOUNT** | **ADJUSTED AMOUNT** |
| 1/4/1993 | TRANS FROM E & M 6 | $111,432.05 | $100,000.00 |
| 1/22/1993 | CHECK | $100,000.00 | $100,000.00 |
| 2/23/1996 | CHECK | $150,000.00 | $150,000.00 |
| 5/7/1996 | CHECK | $100,000.00 | $100,000.00 |
| 3/7/1997 | CHECK | $100,000.00 | $100,000.00 |
| 8/5/2002 | CHECK | $50,000.00 | $50,000.00 |
| 12/14/2004 | CHECK | $200,000.00 | $200,000.00 |
| 2/9/2006 | TRANS FROM 1S040430 | $105,000.00 | $105,000.00 |
| 5/5/2006 | TRANS FROM 1S040430 | $65,000.00 | $65,000.00 |
| 6/20/2006 | TRANS FROM 1S040430 | $50,000.00 | $50,000.00 |
| 12/6/2007 | TRANS FROM 1S040430 | $134,708.76 | $134,708.76 |
| **Total Deposits:** | | $1,166,140.81 | $1,154,708.76 |
| **WITHDRAWALS** | | | |
| **DATE** | **TRANSACTION DESCRIPTION** | **AMOUNT** | **ADJUSTED AMOUNT** |
| 6/4/1998 | CHECK | ($60,000.00) | ($60,000.00) |
| 11/13/1998 | CHECK | ($50,000.00) | ($50,000.00) |
| 1/14/2000 | CHECK | ($100,000.00) | ($100,000.00) |
| 4/13/2000 | CHECK | ($100,000.00) | ($100,000.00) |
| 9/12/2000 | CHECK | ($50,000.00) | ($50,000.00) |
| 11/14/2005 | CHECK | ($50,000.00) | ($50,000.00) |
| 4/13/2007 | CHECK | ($250,000.00) | ($250,000.00) |
| 6/14/2007 | CHECK | ($40,000.00) | ($40,000.00) |
| 6/18/2007 | CHECK | ($20,000.00) | ($20,000.00) |
| **Total Withdrawals:** | | ($720,000.00) | ($720,000.00) |
| **Total deposits less withdrawals:** | | $446,140.81 | $434,708.76 |

Based on BLMIS' books and records, the Trustee believes the amount of deposits and withdrawals are reflected accurately in Table 1. To the extent you have evidence that contradicts or supplements what is reflected in Table 1, please contact Trustee's counsel, Katherine Graham Sarlson, at (216) 861-7147.

As reflected in Table 1, certain of the transfers into or out of your account have been adjusted. As part of the Trustee's analysis of accounts, the Trustee has assessed accounts based on a money in/money out analysis (i.e., has the investor deposited more or less than he or she withdrew from BLMIS). This analysis allows the Trustee to determine which part of an account's balance is originally invested principal and which part is fictitious gains that were fabricated by BLMIS. A customer's allowed claim is based on the amount of principal in the customer's account.

MWPTAP01002495

Whenever a customer requested a transfer from one account to another, the Trustee analyzed whether the transferor account had principal in the account at the time of the transfer. The available principal in the account was transferred to and credited in the transferee account. Thus, the reason that the adjusted amount of transferred deposits or withdrawals in Table 1 is less than the purported transfer amount is that the transferor account did not have sufficient principal available to effectuate the full transfer. The difference between the purported transfer amount and the adjusted transfer amount is the amount of fictitious gain that was transferred to or from your account. Under the money in/money out analysis, the Trustee does not give credit for fictitious gains in setting your allowed claim.

Your **ALLOWED CLAIM** of $434,708.76 will be satisfied in the following manner:

The enclosed **ASSIGNMENT AND RELEASE** must be executed, notarized and returned in the envelope provided herewith. Upon receipt of the executed and notarized **ASSIGNMENT AND RELEASE**, the Trustee will fully satisfy your **ALLOWED CLAIM** by sending you a check in the amount of $434,708.76, with the funds being advanced by Securities Investor Protection Corporation pursuant to Section 78fff-3(a)(1) of SIPA.

**Should a final and unappealable court order determine that the Trustee is incorrect in his interpretation of "net equity" and its corresponding application to the determination of customer claims, the Trustee will be bound by that order and will apply it retroactively to all previously determined customer claims in accordance with the Court's order. Nothing in this Notice of Trustee's Determination of Claim shall be construed as a waiver of any rights or claims held by you in having your customer claim re-determined in accordance with any such Court order.**

**PLEASE TAKE NOTICE:** If you disagree with this determination and desire a hearing before Bankruptcy Judge Burton R. Lifland, you **MUST** file your written opposition, setting forth the grounds for your disagreement, referencing Bankruptcy Case No. 08-1789 (BRL) and attaching copies of any documents in support of your position, with the United States Bankruptcy Court **and** the Trustee within **THIRTY DAYS** after January 28, 2010, the date on which the Trustee mailed this notice.

**PLEASE TAKE FURTHER NOTICE:** If you do not properly and timely file a written opposition, the Trustee's determination with respect to your claim will be deemed confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** If you properly and timely file a written opposition, a hearing date for this controversy will be obtained by the Trustee and you will be notified of that hearing date. Your failure to appear personally or through counsel at such hearing will result in the Trustee's determination with respect to your claim being confirmed by the Court and binding on you.

MWPTAP01002496

**PLEASE TAKE FURTHER NOTICE:** You must mail your opposition, if any, in accordance with the above procedure, to each of the following addresses:

Clerk of the United States Bankruptcy Court for
the Southern District of New York
One Bowling Green
New York, New York  10004

and

Irving H. Picard, Trustee
c/o Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York  10111

_____
Irving H. Picard

Trustee for the Liquidation of the Business of
Bernard L. Madoff Investment Securities LLC

cc:    Stephen P. Exley, CPA
       600 Highway 169 SO #820
       Minneapolis, MN  55426

095879, 000005, 300069722.1                    4

MWPTAP01002497

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES INVESTOR PROTECTION
CORPORATION,

        Plaintiff-Applicant,

        v.

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

        Defendant.

Adv. Pro. No. 08-01789-BRL

SIPA Liquidation

---

## ASSIGNMENT AND RELEASE

**KNOW ALL MEN BY THESE PRESENTS,** that the RENEE ROBINOW SOSKIN

REV. TRUST, located at c/o Renee Robinow Soskin, Trustee, 151 Crandon Boulevard,

Apartment 505, Key Biscayne, Florida  33149 (hereinafter referred to as the "Assignor") in

consideration of the payment of $434,708.76 to satisfy its claim for customer protection (the

"Customer Claim", having been designated Claim #5246) filed in the liquidation proceeding of

Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor

Protection Act, 15 U.S.C. §78aaa et seq. ("SIPA") (see §§78fff-2(b), 78fff-2(d), and §78fff-

3(a)(1) of SIPA), does for itself hereby assign, transfer and set over to Irving H. Picard as SIPA

Trustee (the "SIPA Trustee") for the liquidation of BLMIS (see §78fff-2(b) of SIPA), and the

Securities Investor Protection Corporation ("SIPC"), as subrogee to the extent of its cash

advances to the SIPA Trustee for the satisfaction of the aforementioned Customer Claim (see

§78fff-3(a)(1) of SIPA), any and all rights, including causes of action or claims, that Assignor

now may have against BLMIS and/or any third party arising out of or relating to any fraudulent

or illegal activity with respect to Assignor's BLMIS account (Account No. 1EM213, the "BLMIS

095879, 000905, 300069724.1

Account"), which gave rise to the allowed Customer Claim for securities filed by Assignor against BLMIS. Such assignment is only to the extent that Assignor has received satisfaction of the Customer Claim as set forth above.

Further, Assignor has not previously compromised or assigned any claim, cause of action or other right against BLMIS, its principals or agents or any third party arising out of or related to any fraudulent or illegal activity giving rise to the Customer Claim.

Upon reasonable request of the SIPA Trustee or SIPC, Assignor agrees to cooperate with the SIPA Trustee or SIPC in connection with any efforts of either to recover from the principals or agents of BLMIS or anyone else for amounts advanced by SIPC or paid by the SIPA Trustee to satisfy Assignor's Customer Claim in this SIPA liquidation proceeding. Such efforts to recover by the SIPA Trustee or SIPC, either to demand or pursue or to prosecute or settle any collection effort, action or proceeding therefore, shall be at the sole cost of the SIPA Trustee or SIPC.

Effective immediately and without further action, contingent only upon Assignor's receipt from the SIPA Trustee or his agent of a check in the amount of $434,708.76 as set forth in the SIPA Trustee's Notice of Determination of the Customer Claim dated January 28, 2010, (the "Trustee's Determination"), and upon receipt by the SIPA Trustee of this executed and notarized Assignment and Release, the Assignor does for itself, and for its executors, administrators, heirs and assigns hereby remise, release and forever discharge the SIPA Trustee and SIPC, as subrogee to the extent of its cash advances for the satisfaction of the Customer Claim, and, as the case may be, their officers, directors, professionals, employees, agents, successors and assigns, of and from any and all claims arising out of or relating to the Assignor's BLMIS Account, the Customer Claim filed with the SIPA Trustee as protected by the provisions of SIPA, and any and

MWPTAP01002499

all circumstances giving rise to said Customer Claim which the Assignor now has, or hereafter may have, for or by any reason, cause, matter or thing whatsoever from the beginning of the world to the date of the execution of this Assignment and Release, only to the extent that the SIPA Trustee and/or SIPC has paid monies to the Assignor to satisfy Assignor's Customer Claim.

Should a final and unappealable Court order determine that the Trustee is incorrect in his interpretation of "net equity" and its corresponding application to the determination of customer claims, the Trustee will be bound by that order and will apply it retroactively to all previously determined customer claims in accordance with the Court's order. Nothing in this Assignment and Release shall be construed as a waiver of any rights or claims held by Assignor in having its customer claim re-determined in accordance with any such Court order. The payment of the undisputed amount of the Assignor's Customer Claim (up to the limits of SIPA protection) will be without prejudice to the Trustee's and the Assignor's rights, claims, and defenses with respect to the disputed portion(s) of the Assignor's Customer Claim.

Assignor acknowledges the sufficiency of the consideration to be received in accordance with the SIPA Trustee's Determination and under this Assignment and Release.

MWPTAP01002500

The undersigned acknowledges that she is authorized to execute this Assignment and Release on behalf of the Renee Robinow Soskin Rev. Trust.

**IN WITNESS WHEREOF,** the undersigned has on this day set forth below duly executed this Assignment of Assignor's Customer Claim and Release, intending to be legally bound hereby.

RENEE ROBINOW SOSKIN REV. TRUST

By:_____
           Renee Robinow Soskin, Trustee

Sworn and subscribed before me this
_____ day of _____, 2010.

_____
    Notary Public

MWPTAP01002501