**CHAITMAN LLP**
Helen Davis Chaitman
hchaitman@chaitmanllp.com
465 Park Avenue
New York, New York 10022
Phone & Fax: 888-759-1114

*Attorneys for Defendants-Appellants*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>    Plaintiff-Applicant,<br><br>   v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>    Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>    Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>    Plaintiff/ Appellees,<br><br>   v.<br><br>ESTATE OF SEYMOUR EPSTEIN,<br><br>MURIEL EPSTEIN, as beneficiary of the Estate of Seymour Epstein and/or trusts created by the Last Will and Testament of Seymour Epstein, as executor of the Estate and/or trustee of the Trusts created by the Last Will and Testament of Seymour Epstein, HERBERT C. KANTOR, trustee of the Trusts created by the Last Will and Testament of Seymour Epstein, and SHELBURNE SHIRT COMPANY, INC.,<br><br>    Defendants-Appellants. | Adv. Pro. No. 10-04438 (CGM)<br><br>Appeal No. 1:21-cv-02334-CM |

{00046199 6 }

**STATEMENT OF ISSUES TO BE PRESENTED ON APPEAL**

Pursuant to Federal Rule of Bankruptcy Procedure 8009, and in connection with the Notice of Appeal filed on March 15, 2021 (ECF No.: 1), Appellants Estate of Seymour Epstein, Muriel Epstein, as executor of the Estate and trustee of the Trusts created by the Last Will and Testament of Seymour Epstein, and Jane Epstein, Randy Austin, and Susan Gross as successor co-trustees to Herbert C. Kantor, as trustee of the Trusts created by the Last Will and Testament of Seymour Epstein, (collectively, the "Appellants") hereby state the issues to be presented on appeal to the United States District Court for the Southern District of New York from the Bankruptcy Court:

(i) Memorandum Decision of the United States Bankruptcy Court for the Southern District of New York (Hon. Cecelia G. Morris) Granting Summary Judgment in Favor of Trustee, Determining Funds Held in the Bank Accounts are Customer Property, and Awarding Prejudgment Interest entered in the above-referenced proceeding on January 27, 2021 (ECF No. 155); and

(ii) Judgment of the United States Bankruptcy Court for the Southern District of New York (Hon. Cecelia G. Morris) entered in the above-referenced proceeding on February 3, 2021 (ECF No. 158).

**STATEMENT OF ISSUES TO BE PRESENTED ON APPEAL**

1. In light of the Bankruptcy Court's decision in *Picard v. Avellino (In re Bernard L. Madoff Inv. Securities LLC),* No. AP 08-01789 (SMB), 2016 WL 6088136, at *3 (Bankr. S.D.N.Y. Oct. 18, 2016), that "[o]nly the Madoff trustee [Alan Nisselson] can recover actual transfers by the sole proprietorship," did the Bankruptcy Court err in denying Defendants' cross-motion for summary judgment and holding that the transfers were made by the LLC?

2. Was the holding of the Bankruptcy Court clearly erroneous that Defendants received payments from the LLC when the checks they received were from accounts owned by

Bernard L. Madoff individually and there was not a single document suggesting that the LLC owned the bank accounts from which the Defendants were paid?

3. Where Madoff transferred the legitimate trading business to his sons in January 2001 to insulate them from the fraudulent investment advisory business, did the Bankruptcy Court commit clear error, or make a finding that was clearly erroneous, by holding that the investment advisory business, and the JPMorgan Chase accounts, were owned by the LLC?

4. Did the Bankruptcy Court make a clearly erroneous finding when it held that the Defendants' accounts did not hold real T-bills purchased by Madoff and, therefore, the Ponzi scheme presumption does not apply?

5. Did the Bankruptcy Court err in holding that Madoff's T-bill purchases are not material evidence of the fact that Madoff purchased T-bills with customer money which he credited to the Defendants' accounts where the Trustee's own expert testified that Madoff used investment advisory customers' money to purchase the T-bills and the Defendants' accounts reflected ownership of some of those T-bills?

6. Where the Trustee has contended from inception that Madoff's books and records were permeated with fraud, did the Bankruptcy Court err in holding that Madoff's books and records were reliable enough to be admissible for their truth and therefore excepted from the rules against hearsay?

7. Did the Bankruptcy Court err in relying on the testimony of a convicted felon which was contradicted by reliable documentary evidence and where counsel for the Defendants never had the opportunity to cross-examine the witness?

8. Did the Bankruptcy Court err in relying on the inconsistent and contradictory testimony of employees, many of whom lacked firsthand knowledge about the testimony they gave?

9. Did the Bankruptcy Court err in applying the Ponzi scheme presumption when the Trustee had not established the required elements of a Ponzi scheme?

10. Did the Bankruptcy Court err in holding that the *Ponzi* scheme presumption applies despite the lack of evidentiary support that the investment advisory business was a Ponzi scheme, the fact that the investment advisory business began in the 1960's, the fact that the investment advisory business transferred to the legitimate trading business operated by the LLC over $700 million during the period from 2001 – 2008, and the fact that Madoff never needed deposits from new customers to fund customer redemptions except in the last six months of 2008, when the entire global economy was in a state of unprecedented collapse?

11. Did the Bankruptcy Court err in rejecting the Defendants' argument that they are entitled to credit for the taxes they paid based upon Madoff's fraudulent reports?

12. Did the Bankruptcy Court err in entering judgment against Shelburne when the corporation was dissolved more than one year before the complaint was filed and service was never effected?

13. Did the Bankruptcy Court err in holding that Defendants did not provide the Court with "credible contrary evidence" demonstrating that the books and records of Madoff were inadmissible?

14. Did the Bankruptcy Court err in holding that the Trustee is entitled to Prejudgment Interest at 4% from the date the complaint was filed in view of the facts that the Trustee has not credited any Madoff customer with interest from 1980 - 2021; the Trustee has not paid interest to any Madoff customer; the Trustee has conceded that the Defendants were innocent victims of Madoff's fraud; and the Trustee is responsible for at least five years delay in the litigation because he asserted five of six claims that were not cognizable and were dismissed by both Judge Rakoff and the Second Circuit?

15. Did the Bankruptcy Court err in entering judgment against three individuals as successor trustees who were dismissed as Defendants in their individual capacity and were never named, or served, in their capacity as successor trustees?

16. Did the Bankruptcy Court err in entering judgment against the Defendants where Defendants had preserved their right to a jury trial and District Court Judge Woods had remanded the case to the Bankruptcy Court solely for entry of proposed findings of fact and conclusions of law?

17. Did the Bankruptcy Court abuse its discretion in denying the Defendants' motion to stay the Judgment pending appeal?

18. Are the Trustee's claims barred by the express language of 11 U.S.C. Section 548(c)?

Dated: March 27, 2021  
        New York, New York

**CHAITMAN LLP**

By: */s/ Helen Davis Chaitman*

Helen Davis Chaitman, Esq.  
465 Park Ave.  
New York, New York 10022  
Telephone: (888) 759-1114  
Facsimile: (888) 759-1114  
hchaitman@chaitmanllp.com  
*Attorneys for Appellants*

## **CERTIFICATE OF SERVICE**

I, Helen Davis Chaitman, hereby certify that I caused a true and correct copy of the foregoing documents(s) to be served upon the parties in this action who receive electronic service through CM/ECF. I certify under penalty of perjury that the foregoing is true and correct.

Dated: March 27, 2021                                                  */s/ Helen Davis Chaitman*