**Baker & Hostetler LLP**  
45 Rockefeller Plaza  
New York, New York 10111  
Telephone: (212) 589-4200  
Facsimile: (212) 589-4201  
David J. Sheehan  
Nicholas J. Cremona  
Jorian L. Rose  
Amy E. Vanderwal  
Jason I. Blanchard  

*Attorneys for Irving H. Picard, Trustee  
for the Substantively Consolidated SIPA Liquidation  
of Bernard L. Madoff Investment Securities LLC  
and the chapter 7 estate of Bernard L. Madoff*

Hearing Date: April 21, 2021  
Hearing Time: 10:00 a.m. (EST)

**UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>           Plaintiff-Applicant,<br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>           Defendant.<br>In re:<br><br>BERNARD L. MADOFF,<br><br>           Debtor. | Adv. Pro. No. 08-01789 (CGM)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |

**TRUSTEE'S OPPOSITION TO THE UNTIMELY OBJECTION FILED BY RENEE ROBINOW SOSKIN TO THE THIRTY-SIXTH OMNIBUS MOTION TO AFFIRM THE TRUSTEE'S CLAIMS DETERMINATIONS AND OVERRULE OBJECTIONS <u>THAT APPEAR TO RAISE FACTUAL ISSUES</u>**

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ..................................................................................................1

STATEMENT OF FACTS .........................................................................................................3

    A.    Ms. Soskin's BLMIS Accounts and Related Customer Claims ..............................3

    B.    Ms. Soskin's Objection to the Trustee's Determination of the Retirement
         Claim and Subsequent Filings ................................................................................4

    C.    Ms. Soskin's Current Request for Relief.................................................................5

ARGUMENT ..................................................................................................................................6

CONCLUSION ..............................................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re A.R. Baron Co., Inc.*,
    226 B.R. 790 (Bankr. S.D.N.Y. 1998) ................................................................................... 9

*In re AMR Corp.*,
    No. 11-15463 (SHL), 2015 WL 4186798 (Bankr. S.D.N.Y. July 10, 2015) ......................... 6

*In re AMR Corp.*,
    No. 11-15463 (SHL), 2016 WL 1068955 (Bankr. S.D.N.Y. Mar. 17, 2016) ...................... 10

*In re Bernard L. Madoff Inv. Sec. LLC*,
    592 B.R. 513 (Bankr. S.D.N.Y. 2018) ................................................................................... 9

*Montco, Inv. v. Barr (In re Emergency Beacon Corp.)*,
    666 F.2d 754 (2d Cir. 1981) .................................................................................................. 7

*Pitheckoff v. Sec. Inv'r Prot. Corp. (In re Great E. Sec., Inc.,)*,
    10. No. Civ. 8647 (CM), 2011 WL 1345152 (S.D.N.Y. Apr. 5, 2011) ................................ 9

*Rozier v. Rescap Borrower Claims Tr. (In re Residential Capital, LLC)*,
    No. 15 Civ. 3248 (KPF), 2016 WL 796860 (S.D.N.Y. Feb. 22, 2016) ................................ 6

*Sagor v. Picard (In re Bernard L. Madoff Inv. Sec. LLC)*,
    697 F. App'x 708 (2d Cir. 2017) ........................................................................................... 8

*Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*,
    496 B.R. 713 (Bankr. S.D.N.Y. 2013) ................................................................................... 6

*Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*,
    513 B.R. 437 (S.D.N.Y. 2014) ........................................................................................... 6, 9

*Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*,
    No. 08-01789 (SMB), 2019 WL 3436542 (Bankr. S.D.N.Y. July 26, 2019) ........................ 6

*Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Bernard L. Madoff)*,
    522 B.R. 41 (Bankr. S.D.N.Y. 2014) ................................................................................ 8, 9

*Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec., LLC (In re Bernard L. Madoff)*,
    No. 11 Civ. 3313 (DAB), 2012 WL 527426 (S.D.N.Y. Feb. 16, 2012) ................................ 7

*Stevens v. Miller*,
    676 F.3d 62 (2d Cir. 2012) .................................................................................................... 7

*United States v. Int'l Bhd. Of Teamsters*,
   247 F.3d 370 (2d Cir. 2001).........................................................................................7

*In re Worldcom, Inc.*,
   No. 02-13533 (AJG), 2005 WL 3875192 (Bankr. S.D.N.Y. Oct. 27, 2005) ..........................10

**Statutes**

Securities Investor Protection Act, 15 U.S.C. §§ 78aaa–lll ................................................. *passim*

**Rules**

Fed. R. Bankr. P. 9023 ......................................................................................................6

Fed. R. Bankr. P. 9024 ......................................................................................................6

Fed. R. Civ. P. 59 ..............................................................................................................6

Fed. R. Civ. P. 60 ..........................................................................................................6, 7

Irving H. Picard, trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa–lll, ("SIPA")[1] and the chapter 7 estate of Bernard L. Madoff ("Madoff") (collectively, the "Debtor"), by and through his undersigned counsel, respectfully opposes the untimely objection filed by Renee Robinow Soskin on March 23, 2021 (the "Late Objection") (ECF No. 20387) to the *Thirty-Sixth Omnibus Motion to Affirm the Trustee's Claims Determinations and Overrule Objections that Appear to Raise Factual Issues* (the "Motion"). (ECF No. 20197). As described more fully below, in the Late Objection, Ms. Soskin appears to seek relief from the *Order Granting the Trustee's Thirty Sixth Omnibus Motion to Affirm the Trustee's Claims Determinations and Overrule Objections that Appear to Raise Factual Issues* (the "Order"). (ECF No. 20279). The Order disallowed Ms. Soskin's claim with respect to BLMIS account no. 1S0404 and overruled her prior, related objection (the "Prior Objection," and together with the Late Objection, the "Objections"). (ECF No. 1771).

## PRELIMINARY STATEMENT

After no objections were filed, the Court entered the Order disallowing Ms. Soskin's claim and overruling her Prior Objection. Now, more than a month later, Ms. Soskin admits receiving the Motion but nevertheless asks the Court to excuse her failure to comply with the objection deadline due to generalized problems with the U.S. mail. Courts have routinely rejected these types of excuses without additional proof. More importantly, Ms. Soskin fails to demonstrate she is entitled to relief from the Order. She does not point to extraordinary circumstances, a material mistake of law or fact, or any other reason that would justify such relief.

In her Objections, Ms. Soskin effectively asks the Court to overturn the Second Circuit's

---

[1] Subsequent references to SIPA shall omit "15 U.S.C."

inter-account transfer decision and direct the Trustee to pay her over $250,000. Neither request withstands scrutiny. Notably, with respect to her request for more than $250,000, Ms. Soskin has already been paid these same amounts in connection with another customer claim. According to Ms. Soskin, the Trustee miscalculated the net equity for one of her BLMIS accounts (a retirement account) by failing to give her credit for transfers made from the retirement account into another one of her BLMIS accounts (an investment account). In fact, the exact opposite is true. Applying the methodology approved by the Second Circuit, the Trustee gave Ms. Soskin full credit for these inter-account transfers. In other words, the Trustee determined that the retirement account had sufficient principal available at the time of each inter-account transfer to transfer the full amount and therefore gave the investment account full credit for those transfers. Then, the Trustee paid the full amount of Ms. Soskin's claim on the investment account. By asserting a claim for the same funds in her retirement account, what Ms. Soskin seeks is to be paid twice on the same principal. This would result in a double payment to Ms. Soskin while other customers have not been paid in full on their allowed customer claims.

Under SIPA, the Trustee's determination of a customer claim is based on the debtor's books and records. To the extent a customer disagrees with the Trustee's determination, she must provide evidence to demonstrate she is entitled to an allowable customer claim. Here, the Trustee has determined that, based on BLMIS's books and records, Ms. Soskin's retirement account lacked positive net equity. As the customer, Ms. Soskin bears the burden of submitting evidence to demonstrate her entitlement to an allowable customer claim. Because Ms. Soskin has not satisfied her burden, the Trustee respectfully requests that the Court adhere to the prior decision to disallow Ms. Soskin's retirement account claim and overrule her objection.

## STATEMENT OF FACTS

A.    **Ms. Soskin's BLMIS Accounts and Related Customer Claims[2]**

In January of 1993, BLMIS opened a customer account on Ms. Soskin's behalf in the name of the Renee Robinow Soskin Revocable Trust, Renee Robinow Soskin Trustee. Declaration of Vineet Sehgal at ¶6. BLMIS assigned number 1EM213 to the account (the "Investment Account"). *Id*. Several years later, BLMIS opened a retirement account on Ms. Soskin's behalf in the name of her IRA, the Millennium Trust Company, LLC FBO Renee Robinow Soskin. *Id*. at ¶7. BLMIS assigned number 1S0404 to Ms. Soskin's IRA account (the "Retirement Account"). *Id*.

Relevant here, BLMIS purported to make the following transfers from the Retirement Account to the Investment Account at Ms. Soskin's instruction: (i) $105,000 on February 9, 2006; (ii) $65,000 on May 5, 2006; (iii) $50,000 on June 20, 2006; and (iv) $134,708.76 on December 6, 2007. *Id.* at ¶18, Exs. 8-12. At the time of each inter-account transfer, the Retirement Account had sufficient principal to cover the full amount of the transfer. *See id.*, Exs. 3, 4.

Over the years, a total of $408,897.38 was deposited into the Retirement Account and $505,033.05 was withdrawn, resulting in a negative net cash balance of $96,135.67. *See id*. at ¶10, Ex. 3. A total of $1,154,708.76 was deposited into the Investment Account and $720,000 was withdrawn, resulting in a positive net cash balance of $434,708.76. *See id*. at ¶11, Ex. 4.

Ms. Soskin filed customer claims for her accounts by the claims bar date. The Trustee designated the Investment Account claim as no. 005246 (the "Investment Account Claim") and the Retirement Account claim as no. 004543 (the "Retirement Account Claim"). *Id*. at ¶¶8-9, Exs. 1-2. The Trustee issued a determination letter denying the Retirement Account Claim for lack of

---

[2] Information regarding the commencement of this SIPA proceeding, the Trustee's role under SIPA and the claims process in the BLMIS liquidation is set forth in the Motion and incorporated here by reference. *See* Motion at 3-6.

3

positive net equity. *Id*. at ¶10, Ex. 3. The Trustee explained that based on his analysis of BLMIS's books and records, the total amount of withdrawals from the Retirement Account exceeded the deposits by $96,135.67 and that all profits reported on the customer statements were fictitious. By separate determination letter, the Trustee allowed the Investment Account Claim in the amount of $434,708.76, the positive balance in the Investment Account on the filing date. *Id*. at ¶11, Ex. 4. The Trustee has paid the Investment Account Claim in full. *Id*. at ¶12.

### B. Ms. Soskin's Objection to the Trustee's Determination of the Retirement Claim and Subsequent Filings

On January 13, 2010, Ms. Soskin filed the Prior Objection to the Trustee's determination of the Retirement Account Claim.[3] *Id*. at ¶13, Ex. 5. Ms. Soskin argued that the Trustee should have calculated net equity based on the final customer statement for the Retirement Account and given her full credit for the inter-account transfers to the Investment Account. *See* Prior Objection, at 1, 2. Ms. Soskin did not file an objection to the Trustee's determination of the Investment Account Claim. *See* Sehgal Decl. at ¶14. The time to object expired long ago. (*See* ECF No. 12) (requiring claimants to object within 30 days of the date on which the Trustee mailed his determination letter).

The Trustee subsequently commenced an adversary proceeding against Ms. Soskin and other defendants, styled as *Picard v. Estate of Arnold M. Soskin, et al.*, Adv. No. 10-4505 (SMB), to avoid and recover fraudulent transfers made from a BLMIS account held by the estate of Ms. Soskin's spouse. The parties reached a settlement and voluntarily dismissed the action in 2016. (*See* Adv. No. 10-4505, ECF No. 66).

On January 14, 2021, the Trustee filed the Motion, together with the supporting Declaration

---

[3] The Prior Objection relates solely to the Trustee's determination of the Retirement Account Claim. At that time, the Trustee had not yet issued a determination of the Investment Account Claim. *Compare* Sehgal Ex. 5, dated January 13, 2010, *with* Sehgal Ex. 4, dated January 28, 2010.

4

of Vineet Sehgal, in accordance with the provisions of the Omnibus Procedures Order.[4] The next day the Trustee served the Motion, Mr. Sehgal's Declaration, and notice of the February 20, 2021, hearing on the Motion on all claimants identified in the Motion, including Ms. Soskin. The Trustee served Ms. Soskin at the address she identified as her mailing address on the Retirement Account Claim and the Prior Objection. (ECF No. 20204).[5]

The deadline for serving the Trustee with objections to the Motion expired on February 10, 2021. Because the Trustee did not receive any objections to the Motion by that deadline, he filed a *Certificate of No Objection* with respect to the Motion. (ECF No. 20276). Judge Bernstein subsequently entered the Order granting the Motion on February 17, 2021.[6] The Order overruled the Prior Objection, affirmed the Trustee's determination of the Retirement Account Claim and disallowed the Retirement Account Claim. No party appealed the Order.

### C.    Ms. Soskin's Current Request for Relief

In the Late Objection, Ms. Soskin disputes the Trustee's calculation of the Retirement Account Claim and requests payment for funds transferred out of the Retirement Account. According to Ms. Soskin, the Trustee failed to give her credit of $258,973.09, the amount of the deposits into the Retirement Account less the withdrawals, excluding the amount of the inter-account transfers. She argues that the Trustee's methodology for calculating net equity does not

---

[4] As described in the Motion, after substantial legal proceedings regarding the calculation of net equity, on August 31, 2020, Judge Bernstein entered an order establishing omnibus procedures for the adjudication of objections to the Trustee's claims determinations that appear to raise customer-specific factual issues (the "Omnibus Procedures Order"). (*See* ECF No. 19746). The Omnibus Procedures Order authorizes the Trustee to file omnibus motions to affirm his determinations of claims and overrule related objections that raise various categories of factual issues. Any claimant that disputes the relief requested in an omnibus motion is required to serve a response on the Trustee by the deadline provided in the notice of the motion. Failure to serve a timely objection may result in the entry of an order approving the Trustee's claim determination without further notice or hearing.

[5] A true and correct copy of the affidavit of service is annexed to the Sehgal Decl. as Exhibit 6. The Trustee filed a redacted version of the affidavit of service to protect the privacy of claimants. An unredacted version of the affidavit is available upon request.

[6] A true and correct copy of the Order is annexed to the Sehgal Decl. as Exhibit 7.

make sense and is unfair because it treats inter-account transfers – fictional book entries by BLMIS that did not involve actual movement of cash – as real.

## ARGUMENT

Section 502(j) of the Bankruptcy Code authorizes the Court to reconsider a previously disallowed claim for "cause" based on the "equities of the case." 11 U.S.C. § 502(j);[7] *see Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, No. 08-01789 (SMB), 2019 WL 3436542, at *3 (Bankr. S.D.N.Y. July 26, 2019) (applying section 502(j) of the Bankruptcy Code to a request for reconsideration of a customer claim). Motions seeking reconsideration[8] under section 502(j) of the Bankruptcy Code are analyzed under Rule 59 of the Federal Rules of Civil Procedure, made applicable to bankruptcy proceedings by Rule 9023 of the Federal Rules of Bankruptcy Procedure, and Rule 60 of the Federal Rules of Civil Procedure, made applicable to bankruptcy proceedings by Rule 9024 of the Federal Rules of Bankruptcy Procedure. *Rozier v. Rescap Borrower Claims Tr. (In re Residential Capital, LLC)*, No. 15 Civ. 3248 (KPF), 2016 WL 796860, at *15 (S.D.N.Y. Feb. 22, 2016). Courts have typically applied Rule 59 to motions filed within fourteen days after the entry of the order disallowing the claim and Rule 60 to motions filed later. *Id.*; *see In re AMR Corp.*, No. 11-15463 (SHL), 2015 WL 4186798, at *2 (Bankr. S.D.N.Y. July 10, 2015). Because the Late Objection was filed more than fourteen days after entry of the Order, Rule 60 applies to Ms. Soskin's request for relief.

---

[7] Chapters 1, 3, and 5 and subchapters I and II of chapter 7 of the Bankruptcy Code apply in SIPA liquidation proceedings to the extent consistent with SIPA. SIPA § 78fff(b). A claim in a SIPA proceeding is the "functional equivalent" of a proof of claim in a bankruptcy case. *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 513 B.R. 437, 443 (S.D.N.Y. 2014).

[8] Ms. Soskin does not rely on a Rule or statute to support the Late Objection. The Trustee recognizes that the relief sought by Ms. Soskin is typically analyzed under Rule 60 of the Federal Rules of Civil Procedure. Therefore, due to Ms. Soskin's status as a *pro se* litigant, the Trustee has construed her arguments under section 502(j) of the Bankruptcy Code and Rule 60(b). *See Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 496 B.R. 713, 719 (Bankr. S.D.N.Y. 2013) (construing *pro se* pleadings seeking reconsideration as raising the strongest arguments that they suggest).

Rule 60(b) provides that the Court may relieve a party from a final judgment, order or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Because of the importance of ensuring finality in decisions of the courts, a "motion for relief from judgment is generally not favored and is properly granted only upon a showing of exceptional circumstances." *United States v. Int'l Bhd. Of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001); *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec., LLC (In re Bernard L. Madoff)*, No. 11 Civ. 3313 (DAB), 2012 WL 527426 (S.D.N.Y. Feb. 16, 2012). The party seeking relief from a final order or judgment bears the burden of proof. *Id.* Additionally, whether to grant a motion for relief under Rule 60(b) is within the discretion of the court. *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012) (citing *Montco, Inv. v. Barr (In re Emergency Beacon Corp.)*, 666 F.2d 754, 760 (2d Cir. 1981)).

Ms. Soskin has not met the high standard necessary to prevail under Rule 60(b). Not only does Ms. Soskin fail to demonstrate exceptional circumstances, she fails to raise a meritorious defense to the Motion. In fact, her position is contrary to Second Circuit law. Under the Inter-Account Method, the Trustee determined net equity for accounts with inter-account transfers by

7

calculating the actual amount of principal available in the transferor account at the time of the transfer, and credited the transferee account up to that same amount. The Trustee did not include any fictitious gains in the net equity calculation. If the transferor account did not have any principal available at the time of the inter-account transfer, the transferee account was credited with $0 for that transfer. If the transferor account had principal available at the time of the inter-account transfer, the transferee account was credited with the amount of the inter-account transfer, to the extent of that principal. *See Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Bernard L. Madoff)*, 522 B.R. 41 (Bankr. S.D.N.Y. 2014) *aff'd sub nom. Diana Melton Trust, Dated 12/05/05 v. Picard (In re Bernard L. Madoff Inv. Sec. LLC)*, 2016 WL183492 (S.D.N.Y. Jan. 14, 2016) *aff'd Sagor v. Picard (In re Bernard L. Madoff Inv. Sec. LLC)*, 697 F. App'x 708 (2d Cir. 2017).

According to Ms. Soskin, the Trustee miscalculated the net equity in her Retirement Account by deducting the amounts of the four inter-account transfers to her Investment Account. In other words, Ms. Soskin complains that the Trustee did exactly what the Inter-Account Method requires. Applying the Inter-Account Method, the Trustee determined that the Retirement Account had sufficient principal available at the time of each inter-account transfer to transfer the full amount of principal to the Investment Account. Therefore, the Trustee gave the Investment Account full principal credit for those transfers. *See* Sehgal Decl. at ¶¶10-11, Ex. 3-4. Based on his calculations, the Trustee determined that the Retirement Account had negative net equity, and was thus a net winner, and that the Investment Account had positive net equity, and was thus a net loser. *See id.* The Trustee subsequently paid Ms. Soskin the full amount of the Investment Account Claim, including the amount of the inter-account transfers from the Retirement Account. *Id*. at ¶12. Thus, Ms. Soskin would be paid twice by the Trustee for the same deposits of principal if the

8

Court grants the relief she requests.

The Trustee is sympathetic to Ms. Soskin and understands her frustration with the denial of the Retirement Account Claim. However, she cannot receive the benefit of fictitious profits reflected in the Retirement Account while other innocent victims have not been paid their full principal. And her arguments that the Inter-Account Method is unjust have been uniformly rejected by the courts, including by final order of the Second Circuit. *See Bernard L. Madoff Inv. Sec. LLC*, 697 F. App'x at 713 (stating "it is not evident" that methods for calculating net equity other than the Inter-Account Method would be more equitable); *Bernard L. Madoff,* 2016 WL183492 at *16 (observing that while some BLMIS customers may suffer unfairly from application of the Inter-Account Method, those unfortunate consequences "do not support deviating from the Inter-Account Method"); *Bernard L. Madoff,* 522 B.R. at 54 (rejecting the argument that the Inter-Account method leads to arbitrary and unjust results, and remarking that this objection "calls to mind the adage where you stand depends on where you sit.").

Under SIPA, the Trustee's determination of a customer claim is informed by the debtor's books and records. To the extent the customer disagrees with the Trustee's determination, she must provide new evidence and demonstrate that she is entitled to an allowable customer claim. *See* SIPA § 78fff-2(b). Here, the Trustee has determined that based on BLMIS's books and records, the Retirement Account lacked positive net equity. Ms. Soskin has not satisfied her burden in proving otherwise. *See In re Bernard L. Madoff Inv. Sec. LLC*, 592 B.R. 513, 481 (Bankr. S.D.N.Y. 2018) (holding that it is the customer's burden to prove the amount of her claim) (citing *Pitheckoff v. Sec. Inv'r Prot. Corp. (In re Great E. Sec., Inc.,),* 10. No. Civ. 8647 (CM), 2011 WL 1345152, at *4 (S.D.N.Y. Apr. 5, 2011); *In re A.R. Baron Co., Inc.*, 226 B.R. 790, 795 (Bankr. S.D.N.Y. 1998)).

9

Finally, Ms. Soskin does not dispute that she received the Motion, but alleges that she received it after the objection deadline. The Trustee's professionals properly served her with notice of the Motion and the hearing under the Federal Rules of Bankruptcy Procedure. *See* Fed. R. Bank. P. 3007(a). Ms. Soskin has not offered meaningful contrary evidence to rebut the presumption that she received such notice in time to file an objection to the Motion by the deadline. *See In re AMR Corp.*, No. 11-15463 (SHL), 2016 WL 1068955, at *3 (Bankr. S.D.N.Y. Mar. 17, 2016) (holding that an assertion of non-receipt is insufficient to rebut the presumption that a properly addressed notice placed in the mail system was received in the usual time by the addressee) (internal citations omitted)); *In re Worldcom, Inc.*, No. 02-13533 (AJG), 2005 WL 3875192, at *3 (Bankr. S.D.N.Y. Oct. 27, 2005) (same).

## **CONCLUSION**

For the reasons stated, Ms. Soskin has failed to carry her burden in showing that the relief requested in the Late Objection is warranted. Therefore, the Trustee respectfully requests that the Court enter an order denying the relief requested in the Late Objection and granting such other and further relief as the Court deems appropriate.

| | |
|---|---|
| Dated: New York, New York<br>April 12, 2021 | Respectfully submitted,<br><br> */s/ David J. Sheehan*<br>**Baker & Hostetler LLP**<br>45 Rockefeller Plaza<br>New York, New York 10111<br>Tel: (212) 589-4200<br>Fax: (212) 589-4201<br>David J. Sheehan<br>Email: dsheehan@bakerlaw.com<br>Nicholas J. Cremona<br>Email: ncremona@bakerlaw.com<br>Jorian L. Rose<br>Email: jrose@bakerlaw.com<br>Amy E. Vanderwal<br>Email: avanderwal@bakerlaw.com<br>Jason I. Blanchard<br>Email: jblanchard@bakerlaw.com<br><br>*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the chapter 7 estate of Bernard L. Madoff* |