UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant.<br><br>In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | Adv. Pro. No. 08-01789 (CGM)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |

**DECLARATION OF VINEET SEHGAL IN SUPPORT OF THE TRUSTEE'S OPPOSITION TO THE UNTIMELY OBJECTION FILED BY RENEE ROBINOW SOSKIN TO THE THIRTY-SIXTH OMNIBUS MOTION TO AFFIRM THE TRUSTEE'S CLAIMS DETERMINATIONS AND OVERRULE OBJECTIONS <u>THAT APPEAR TO RAISE FACTUAL ISSUES</u>**

I, Vineet Sehgal, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am a Managing Director at AlixPartners LLP ("AlixPartners"), a consultant to, and claims agent for, Irving H. Picard as trustee (the "Trustee") for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities ("BLMIS") and the estate of Bernard L. Madoff.

2. On or about December 15, 2008, AlixPartners was retained by the Trustee as the Trustee's claims agent. As the Trustee's claims agent, AlixPartners was responsible for both mailing the notice of the liquidation and claim forms to potential claimants and causing the notice of the liquidation to be published. AlixPartners has also been responsible for processing all claims submitted to the Trustee and assisting the Trustee in reviewing each customer claim filed to

determine whether the asserted claim amount agrees with the "net equity" for that account. In addition, as the accountants for the BLMIS estate, AlixPartners has assisted and continues to assist the Trustee in accounting for the assets of the BLMIS estate, including the cash and cash equivalents available to the Trustee.

3.  I have been actively involved in the liquidation of BLMIS and the claims process since December 2008 and have personal knowledge of the matters set forth herein.

4.  I submit this Declaration based upon the information and knowledge acquired during the course of my retention and in support of the *Trustee's Opposition to the Untimely Objection Filed by Renee Robinow Soskin to the Thirty-Sixth Omnibus Motion to Affirm The Trustee's Claims Determinations and Overrule Objections that Appear to Raise Factual Issues* (the "Opposition").

5.  At the Trustee's direction, my colleagues at AlixPartners and I have reviewed the books and records of BLMIS. During the course of my involvement in this matter, I have personally reviewed thousands of documents, as well as schedules prepared and information collected by my colleagues, relating to the books and records of BLMIS, third party records, bank records and other documentation relevant to BLMIS and its customer accounts and information systems. I have reviewed the books and records of BLMIS and the customer claims filed, analyzing the cash deposit activity, cash withdrawal activity, and transfers between accounts.

6.  On or about January of 1993, BLMIS opened a customer account on behalf of the Renee Robinow Soskin Revocable Trust, Renee Robinow Soskin Trustee, which BLMIS assigned account number 1EM213 (the "Investment Account").

7. On or about February of 2000, BLMIS opened a customer account on behalf of the Millennium Trust Company, LLC FBO Renee Robinow Soskin, which BLMIS assigned account number 1S0404 (the "Retirement Account").

8. On March 2, 2009, Ms. Soskin filed a customer claim with the Trustee for the Investment Account, which the Trustee designated as claim no. 005246 (the "Investment Account Claim"). Attached hereto as Exhibit 1 is a true and correct copy of the Investment Account Claim.

9. On March 2, 2009, Ms. Soskin filed a customer claim with the Trustee for the Retirement Account, which the Trustee designated as claim no. 004543 (the "Retirement Account Claim"). Attached hereto as Exhibit 2 is a true and correct copy of the Retirement Account Claim.

10. On December 17, 2009, the Trustee issued a determination letter denying the Retirement Account Claim on the basis that BLMIS's books and records showed that the withdrawals from the Retirement Account exceeded the deposits by $96,135.67. Attached hereto as Exhibit 3 is a true and correct copy of the Notice of Trustee's Determination of Claim for the Retirement Account Claim.

11. On January 28, 2010, the Trustee issued a determination letter allowing the Investment Account Claim on the basis that BLMIS's books and records showed that the deposits into the Investment Account exceeded the withdrawals by $434,708.76. Attached hereto as Exhibit 4 is a true and correct copy of the Notice of Trustee's Determination of Claim for the Investment Account Claim.

12. The Investment Account Claim has been paid in full.

13.     On January 13, 2010, Ms. Soskin filed the Prior Objection[1] *pro se*. (ECF No. 1771). Attached hereto as Exhibit 5 is a true and correct copy of the Prior Objection.[2]

14.     No party filed an objection with respect to the Trustee's determination of the Investment Account Claim.

15.     On January 14, 2021, the Trustee filed the Motion. (ECF No. 20198). For purposes of the Motion, the Trustee selected 13 claims and related objections, including the Retirement Account Claim and the Prior Objection filed by Ms. Soskin.

16.     On January 15, 2021, the Trustee's professionals served the Motion and related notice of the February 20, 2021 hearing on all claimants subject to the Motion, including Ms. Soskin by regular mail. (ECF No. 20204). Attached hereto as Exhibit 6 is a true and correct copy of the affidavit of service with respect to the Motion.[3]

17.     On February 17, 2021, the Court entered the Order granting the Motion. Attached hereto as Exhibit 7 is a true and correct copy of the Order.

18.     In connection with the Late Objection, AlixPartners and counsel to the Trustee conducted a review of BLMIS's books and records with respect to the Investment Account and the Retirement Account. BLMIS's books and records reflect the following:

   a. On or about January 18, 2006, Fiserv Investment Support Services ("Fiserv") requested on Ms. Soskin's behalf that BLMIS transfer $105,000 from the Retirement Account to the Investment Account. Ms. Soskin signed an IRA distribution request form authorizing the transfer. Handwritten notations indicate

---

[1] Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Opposition.

[2] A copy of the Prior Objection is also attached to the Late Objection as Exhibit A.
[3] To protect the privacy of claimants and at the Trustee's direction, AlixPartners redacted the claimants' addresses from the version of the affidavit of service filed with the Court. An unredacted version of the affidavit is available upon request.

4

that BLMIS employees purported to complete the transfer on February 9, 2006. Attached hereto as Exhibit 8 is a true and correct copy of a fax, dated January 18, 2006, sent to BLMIS's attention from Fiserv.

b. On or about April 1, 2006, Ms. Soskin authorized a $115,000 transfer from the Retirement Account to the Investment Account. Attached hereto as Exhibit 9 is a true and correct copy of an IRA distribution request form signed by Ms. Soskin, dated April 1, 2006.

c. On or about April 26, 2006, Fiserv requested on Ms. Soskin's behalf that BLMIS transfer $65,000 from the Retirement Account to the Investment Account. Handwritten notations indicate BLMIS employees purported to complete the transfer on May 5, 2006. Attached hereto as Exhibit 10 is a true and correct copy of a fax, dated April 26, 2006, sent to BLMIS's attention from Fiserv.

d. Ms. Soskin requested that BLMIS add $50,000 to the previously scheduled transfer of $65,000 from the Retirement Account to the Investment Account. Handwritten notations indicate BLMIS employees purported to complete the transfer on June 20, 2006. Attached hereto as Exhibit 11 is a true and correct copy of handwritten notations in the Retirement Account customer file.

e. On or about November 29, 2007, Fiserv requested on Ms. Soskin's behalf that BLMIS transfer $134,708.76 from the Retirement Account to the Investment Account. Handwritten notations indicate BLMIS employees purported to complete the transfer on December 6, 2007. Attached hereto as Exhibit 12 is a true and correct copy of a letter, dated November 29, 2007, sent to BLMIS's attention from Fiserv.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  New York, New York
April 12, 2021

_____
Vineet Sehgal,
Managing Director
AlixPartners LLP,
909 Third Avenue,
New York, NY 10022

6