**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee for
the substantively consolidated SIPA liquidation
of Bernard L. Madoff Investment Securities LLC
and Chapter 7 Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br> Plaintiff-Applicant, <br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br> Defendant. | Adv. Pro. No. 08-01789 (CGM) <br><br> SIPA Liquidation <br><br> (Substantively Consolidated) |
| In re: <br><br> BERNARD L. MADOFF, <br><br> Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, and Bernard L. Madoff, <br><br> Plaintiff, <br> v. <br><br> RAFAEL MAYER, DAVID MAYER, MONTPELLIER INTERNATIONAL LTD., PRINCE ASSETS LTD. (f/k/a PRINCE ASSETS LDC), KHRONOS GROUP LTD. (f/k/a MONTPELLIER RESOURCES LTD.), PRINCE RESOURCES LDC, MONTPELLIER USA HOLDINGS LLC, PRINCE CAPITAL PARTNERS LLC, and KHRONOS LIQUID OPPORTUNITIES FUND LTD. <br><br> Defendants. | Adv. Pro. No. 20-01316 (CGM) |

**TRUSTEE'S MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO DISMISS
BY PRINCE RESOURCES LDC AND PRINCE CAPITAL PARTNERS LLC**

**TABLE OF CONTENTS**

STATEMENT OF FACTS ................................................................................................................1

I.  THE LEGACY CAPITAL ADVERSARY PROCEEDING ................................................1

ARGUMENT ..................................................................................................................................3

I.  STANDARD OF REVIEW ON A FED. R. CIV. P. 12(B)(6) MOTION TO
    DISMISS ................................................................................................................................3

II. THE TRUSTEE HAS SUFFICIENTLY PLEADED A § 550 CLAIM TO
    RECOVER SUBSEQUENT TRANSFERS FROM THE DEFENDANTS ........................4

CONCLUSION ...............................................................................................................................6

# TABLE OF AUTHORITIES

                                                                                                                      Page(s)

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................................................................ 3

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ................................................................................................................ 3

*Chambers v. Time Warner, Inc.*,
    282 F.3d 147 (2d Cir. 2002) .................................................................................................... 4

*DiFolco v. MSNBC Cable L.L.C.*,
    622 F.3d 104 (2d Cir. 2010) .................................................................................................... 4

*Hayden v. Cnty. Of Nassau*,
    180 F.3d 42 (2d Cir. 1999) ...................................................................................................... 4

*Medcalf v. Thompson Hine LLP*,
    84 F. Supp. 3d 313 (S.D.N.Y. 2015) ....................................................................................... 4

*Picard v. BNP Paribas S.A.* (*In re Bernard L. Madoff Inv. Sec. LLC*),
    594 B.R. 167 (Bankr. S.D.N.Y. 2018.) ................................................................................... 6

*Picard v. Citibank N.A., Inc.* (*In re Bernard L. Madoff Inv. Sec., LLC*),
    20-1333 (2d Cir.) ..................................................................................................................... 5

*Picard v. Cohmad Sec. Corp.* (*In re Bernard L. Madoff Inv. Sec. LLC*),
    454 B.R. 317 (Bankr. S.D.N.Y. 2011) ................................................................................ 5, 6

*Picard v. Fairfield Greenwich Grp.* (*In re Fairfield Sentry Ltd.*),
    Case No. 10-13164 (CGM), Adv. Pro. No. 10-03800 (CGM), 2021 WL
    1153005 (Bankr. S.D.N.Y. Mar. 25, 2021) ............................................................................. 3

*Picard v. Legacy Capital Ltd.* (*In re Bernard L. Madoff Inv. Sec., LLC*),
    20-1334 (2d Cir.) ..................................................................................................................... 5

*Picard v. Legacy Capital Ltd.* (*In re Bernard L. Madoff Inv. Sec. LLC*),
    548 B.R. 13 (Bankr. S.D.N.Y. 2016) ................................................................................... 4, 5

*Picard v. Madoff (In re Bernard L. Madoff Inv. Sec. LLC)*,
    458 B.R. 87 (Bankr. S.D.N.Y. 2011) ...................................................................................... 4

*Picard v. Merkin* (*In re Bernard L. Madoff Inv. Sec. LLC*),
    440 B.R. 243 (Bankr. S.D.N.Y. 2010) .................................................................................... 4

*Picard v. Merkin* (*In re Bernard L. Madoff Inv. Sec. LLC*),
   515 B.R. 117 (Bankr. S.D.N.Y. 2014) ................................................................................1, 3

*Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC* (*In re Bernard L. Madoff Inv. Sec. LLC*),
   516 B.R. 18 (S.D.N.Y. 2014) ....................................................................................................5

*Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC* (*In re Bernard L. Madoff Inv. Sec. LLC*),
   531 B.R. 439 (Bankr. S.D.N.Y. 2015) ......................................................................................4

*Sec. Inv'r Prot. Corp. v. Stratton Oakmont, Inc.*,
   234 B.R. 293 (Bankr. S.D.N.Y. 1999) ..................................................................................4, 5

*Silverman v. K.E.R.U. Realty Corp. (In re Allou Distribs., Inc.)*,
   379 B.R. 5 (Bankr. E.D.N.Y. 2007) ..........................................................................................4

**Statutes**

11 U.S.C. § 548(a)(1)(A) .................................................................................................................1

11 U.S.C. § 550(a) .......................................................................................................................1, 4

11 U.S.C. § 550(b) ...........................................................................................................................5

**Rules**

Fed. R. Bankr. P. 7012 ....................................................................................................................3

Fed. R. Civ. P. 8 ..............................................................................................................................4

Fed. R. Civ. P. 8(a) .........................................................................................................................4

Fed. R. Civ. P. 8(a)(2) .....................................................................................................................3

Fed. R. Civ. P. 12(b)(6) ...............................................................................................................3, 4

Plaintiff Irving H. Picard (the "Trustee"), as trustee for liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa-*lll* ("SIPA"), and the substantively consolidated chapter 7 estate of Bernard L. Madoff ("Madoff"), respectfully submits this memorandum of law in opposition to the motion ("Motion") brought by defendants Prince Resources LDC ("Prince Resources") and Prince Capital Partners LLC ("Prince Capital," and with Prince Resources, the "Defendants") to dismiss the Trustee's complaint ("Complaint").

## STATEMENT OF FACTS

### I.    THE LEGACY CAPITAL ADVERSARY PROCEEDING

On December 6, 2010, the Trustee commenced an adversary proceeding against Legacy Capital Ltd. ("Legacy Capital") and other defendants to recover BLMIS customer property, as defined by SIPA § 78lll(4), stolen as part of the massive Ponzi scheme perpetrated by Madoff. *Picard v. Legacy Capital Ltd.* (*In re Bernard L. Madoff Inv. Sec. LLC*), Adv. Pro. No. 10-05286 (CGM) (Bankr. S.D.N.Y.) (the "Legacy Adversary Proceeding"); (Compl. ¶ 4, ECF No. 1).

On November 12, 2019, the Court entered a Stipulation and Order for Entry of Final Judgment ("Stipulated Order") including: (i) Legacy Capital's and the Trustee's consent to the Bankruptcy Court's entry of a final order and judgment in connection with the Trustee's avoidance claim; and (ii) entry of final order and judgment (the "Final Judgment") against Legacy Capital in the amount of $79,125,781 (the "Legacy Transfers").  (Compl. ¶¶ 59, 109.)  The Stipulated Order further provided that the Legacy Transfers were avoidable and avoided and recoverable from Legacy Capital under Sections 548(a)(1)(A) and 550(a) of the Bankruptcy Code. (*Id*. ¶ 59.)

Rafael Mayer authorized Legacy Capital's counsel to enter into the Stipulated Order and Final Judgment concerning the Legacy Transfers. (*Id*. ¶ 109.)  When the Trustee later sought to enforce and collect upon the Final Judgment, Rafael Mayer responded to the Trustee's post-judgment discovery by representing that Legacy Capital was impecunious and did not possess assets to satisfy

the Final Judgment. (*Id.*) The Trustee then commenced this subsequent transfer action which is the subject of the instant Complaint.

I.  **SUBSEQUENT TRANSFER COMPLAINT AGAINST DEFENDANTS**

Legacy Capital commenced operations in September 2000 and opened BLMIS account 1FR071. (*Id.* ¶¶ 19, 54.) Legacy Capital's BLMIS account was opened with transfers from two other BLMIS accounts owned by Mayer-related entities—HCH Management Company Ltd. (which later changed its name to HCH Capital Limited) ("HCH") and Montpellier International Ltd. ("Montpellier"). (*Id.* ¶ 55.) On January 1, 2005, HCH sold its Legacy Capital shares to Prince Assets Ltd. (f/k/a Prince Assets LDC) ("Prince"). (*Id.* ¶ 56.) Montpellier and Prince were Legacy Capital's sole shareholders. (*Id.* ¶¶ 55-56.) Prince was as a holding company within a larger investment structure operated by the Mayers and their associates. (*Id.* ¶ 74.) Within that structure, Defendant Prince Resources was the master fund, and Defendant Prince Capital acted as the investment adviser. (*Id.*)

Within two years of the Filing Date, BLMIS transferred $86,505,850 in fictitious profits to Legacy Capital (as defined in the Complaint, the "Legacy Initial Transfers"). (*Id.* ¶ 58 & Ex. B.) Of that amount, Legacy Capital transferred $10,000,000 to Prince on June 2008. (*Id.* ¶ 61 & Ex. F.) On June 13, 2008, July 18, 2008, September 4, 2008, November 25, 2008, December 19, 2008, January 13, 2009, February 18, 2009, March 5, 2009, March 12, 2009, and March 19, 2009, Prince transferred the $10,000,000 in fictitious profits it received from Legacy Capital to Defendant Prince Resources. (*Id.* ¶ 66 & Ex. G.) On July 11, 2008, August 8, 2008, August 15, 2008, September 17, 2008, November 28, 2008, March 5, 2009, and March 20, 2009, Prince Resources transferred a portion of the $10,000,000 it received from Prince, totaling $7,250,220, to Prince Capital. (*Id.* ¶ 67 & Ex. H.)

On April 15, 2019, Prince was liquidated by David Mayer. (*Id.* ¶ 105.) The Trustee therefore seeks to recover from the Defendants the fictitious profits Prince received and transferred to the Defendants.

## ARGUMENT

**I.      STANDARD OF REVIEW ON A FED. R. CIV. P. 12(b)(6) MOTION TO DISMISS**

When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), as applicable under Fed. R. Bankr. P. 7012, a court must liberally construe all claims in a complaint, accept all factual allegations as true, and draw all reasonable inferences in the plaintiff's favor. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *see also Picard v. Merkin* (*In re Bernard L. Madoff Inv. Sec. LLC*), 515 B.R. 117, 137 (Bankr. S.D.N.Y. 2014) ("[T]he court should give all 'well-pleaded factual allegations' an assumption of veracity and determine whether, together, they plausibly give rise to an entitlement of relief.") (quoting *Iqbal*, 556 U.S. at 679)). A court must also read all of the allegations in a complaint as a whole. *See Picard v. Ceretti* (*In re Bernard L. Madoff Inv. Sec. LLC*), Adv. Pro. Nos. 08- 01789 (SMB), 09-01161 (SMB), 2015 WL 4734749, at *15 (Bankr. S.D.N.Y. Aug. 11, 2015) ("The totality of the allegations in the FAC paint a picture of sophisticated financial professionals who knew that Madoff was reporting fictitious transactions and took steps to prevent any inquiry."); *see also Picard v. Fairfield Greenwich Grp.* (*In re Fairfield Sentry Ltd.*), Case No. 10-13164 (CGM), Adv. Pro. No. 10-03800 (CGM), 2021 WL 1153005, at *11 (Bankr. S.D.N.Y. Mar. 25, 2021) (finding allegations of partnership by estoppel sufficient to overcome a motion to dismiss "[w]hen the Complaint is read as one cohesive document"). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and its allegations need only meet the "plausibility" standard, such that they nudge the claims "across the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

3

"[I]n considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) (citing *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002)); *Hayden v. Cty. of Nassau*, 180 F.3d 42, 54 (2d Cir. 1999)). A court may take judicial notice of public records. *Medcalf v. Thompson Hine LLP*, 84 F. Supp. 3d 313, 321 (S.D.N.Y. 2015) (citations omitted).

## II. THE TRUSTEE HAS SUFFICIENTLY PLEADED A § 550 CLAIM TO RECOVER SUBSEQUENT TRANSFERS FROM THE DEFENDANTS

Section 550(a) of the Bankruptcy Code allows the Trustee to recover transfers, or their value, made to "the initial transferee of such transfer or the entity for whose benefit such transfer was made" or "any immediate or mediate transferee of such initial transferee." 11 U.S.C. § 550(a). The Court need only apply a Rule 8 analysis to determine "whether a claim to recover fraudulent transfers from a subsequent transferee is adequately pled." *Picard v. Merkin* (*In re Bernard L. Madoff Inv. Sec. LLC*), 440 B.R. 243, 269 (Bankr. S.D.N.Y. 2010); *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC* (*In re Bernard L. Madoff Inv. Sec. LLC*), 531 B.R. 439, 473 (Bankr. S.D.N.Y. 2015) ("*Omnibus Good Faith Decision*") ("Rule 8(a) governs the portion of a claim to recover the subsequent transfer"); *Picard v. Madoff (In re Bernard L. Madoff Inv. Sec. LLC)*, 458 B.R. 87, 119 (Bankr. S.D.N.Y. 2011); *Sec. Inv'r Prot. Corp. v. Stratton Oakmont, Inc.*, 234 B.R. 293, 317–18 (Bankr. S.D.N.Y. 1999).

To meet a Rule 8 pleading standard for a section 550(a) claim, the Trustee must only plead the "necessary vital statistics—the who, when, and how much of the purported transfers"—to establish an entity as a subsequent transferee of the funds in dispute. *Picard v. Legacy Capital Ltd. (In re Bernard L. Madoff Inv. Sec. LLC)*, 548 B.R. 13, 35 (Bankr. S.D.N.Y. 2016) (citation and internal quotations omitted); *see also Omnibus Good Faith Decision*, 531 B.R. at 473; *Silverman v.*

4

*K.E.R.U. Realty Corp. (In re Allou Distribs., Inc.)*, 379 B.R. 5, 32 (Bankr. E.D.N.Y. 2007); *Stratton Oakmont*, 234 B.R. at 318. A "dollar-for-dollar accounting of the exact funds at issue" is not required for the Trustee to meet his burden. *Picard v. Cohmad Sec. Corp. (In re Bernard L. Madoff Inv. Sec. LLC)*, 454 B.R. 317, 340 (Bankr. S.D.N.Y. 2011). The Trustee must plead that the initial transfer is avoidable, and "that the funds at issue originated with the debtor." *Legacy*, 548 B.R. at 36.

Defendants do not dispute that the Trustee has adequately pleaded the vital statistics of the subsequent transfers they received; nor do they dispute that the Trustee has pleaded that the funds the Defendants received originated with BLMIS. Defendants' only argument is that because the Trustee has not pleaded Defendants' bad faith or knowledge of the voidability of the transfers, the Trustee cannot recover on his claims against them. (Defs.' Br. at 2-3, ECF No. 27.)

To defend against a subsequent transfer, a subsequent transferee must demonstrate that it took the transfers "for value . . . in good faith, and without knowledge of the voidability" of the initial transfer. 11 U.S.C. § 550(b). Although ordinarily an affirmative defense, in 2014 the District Court placed the burden of pleading good faith on the Trustee. *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Bernard L. Madoff Inv. Sec. LLC)*, 516 B.R. 18, 24 (S.D.N.Y. 2014). As a result, in *Legacy*, this Court ruled that, given the District Court's decision, the Trustee must also plead that the subsequent transferee lacked knowledge of the voidability of the initial transfer. 548 B.R. at 36. These decisions are on appeal and pending before the U.S. Court of Appeals for the Second Circuit.[1]

Defendants cite *Legacy* in the hopes of escaping liability but ignore one key component of a required defense: value. "[E]ven if the subsequent transferee received the transfer in good faith and without knowledge of the avoidability of the initial transfer"—neither of which the Trustee concedes (especially with respect to those transfers which post-date Madoff's confession)— "the subsequent transferee must still take for value to prevail on its defense." *Picard v. BNP*

---

[1] *See Picard v. Citibank N.A., Inc. (In re Bernard L. Madoff Inv. Sec., LLC)*, 20-1333 (2d Cir.); *Picard v. Legacy Capital Ltd. (In re Bernard L. Madoff Inv. Sec., LLC)*, 20-1334 (2d Cir.).

5

*Paribas S.A.* (*In re Bernard L. Madoff Inv. Sec. LLC*), 594 B.R. 167, 196 (Bankr. S.D.N.Y. 2018.) Most important, "the value component remains the transferee's burden to plead and prove." *Id.*

The Trustee has pleaded all of the required elements of his subsequent transfer claim: Prince Resources received $10,000,0000 in fictitious profits which originated from BLMIS, and Prince Capital received $7,250,220 in fictitious profits that originated with BLMIS. (Compl. ¶¶ 58, 61, 66-67, Exs. B, F, G & H.) The Defendants did not provide value for the transfers, nor do they even attempt to argue otherwise. If the Defendants believe they somehow provided value for those transfers, they must plead it as part of their answer and affirmative defenses to the Complaint. *See Cohmad*, 454 B.R. at 341. Defendants' motion fails.

## CONCLUSION

For the reasons set forth above, the Trustee respectfully requests that Defendants' motion to dismiss be denied in its entirety.

Dated: May 4, 2021
      New York, New York

Respectfully Submitted,

BAKER & HOSTETLER LLP

By: */s/ Oren J. Warshavsky*
    David J. Sheehan
    Oren J. Warshavsky
    Jason S. Oliver
    Tatiana Markel
    Carrie A. Longstaff
    Peter B. Shapiro
    45 Rockefeller Plaza
    New York, New York 10111
    Telephone: (212) 589-4200
    Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard,*
*Trustee for the Substantively Consolidated*
*SIPA Liquidation of Bernard L. Madoff*
*Investment Securities LLC and the Chapter 7*
*Estate of Bernard L. Madoff*