# EXHIBIT A



# BERMUDA

## COMPANIES ACT 1981

### 1981 : 59

### TABLE OF CONTENTS

#### PART I
#### INTERPRETATION AND APPLICATION

| | |
|---|---|
| 1 | Short title and commencement |
| 2 | Interpretation |
| 2A | Delivery of electronic records generally |
| 3 | Appointment of Registrar |
| 4 | Application |
| 4A | Restricted business activities |
| 4AA | Restricted business activity relating to corporate land holding |
| 4B | Prohibited business activities |

#### PART II
#### INCORPORATION OF COMPANIES

| | |
|---|---|
| 5 | Mode of forming a company |
| 5A | Information regarding economic substance |
| 6 | Registration of companies |
| 7 | Requirements of memorandum |
| 8 | Prohibition of registration of companies with undesirable names |
| 9 | Power to dispense with "limited" in name of charitable and other companies |
| 10 | Change of name of a company |
| 10A | Secondary name |
| 11 | Objects and powers of a company |
| 12 | Procedure for alteration of memorandum |
| 13 | Bye-laws |
| 14 | Registration of companies |
| 14A | Re-registration of limited liability company as unlimited liability company |

COMPANIES ACT 1981

>1992 and section 27 of the Limited Partnership Act 1883, in accordance with section 132O of this Act.

*[Section 127 amended by 1998:35 effective 5 October 1998; paragraph (iv) inserted by 2015 : 18 s. 2 effective 28 December 2015]*

Exempted company to be an exempted undertaking

128   (1) An exempted company shall be an exempted undertaking for the purposes of the Exempted Undertakings Tax Protection Act 1966 .

(2) An exempted company shall be subject to the provisions of this Act and to the provisions of law save where otherwise expressly provided in this or any other Act.

Restriction on acquisition of property

129   (1) Unless otherwise authorized by its incorporating Act or any other Act an exempted company shall not—

>(a) acquire or hold land in Bermuda except—
>
>>(i) land required for its business by way of lease or tenancy agreement for a term not exceeding fifty years; or
>>
>>(ii) with the consent of the Minister granted in his discretion, land by way of lease or tenancy agreement for a term not exceeding twenty-one years in order to provide accommodation or recreational facilities for its officers and employees;
>
>(aa) acquire or hold land that is "tourist accommodation" or a "hotel residence" (as defined in section 72(1) of the Bermuda Immigration and Protection Act 1956), unless—
>
>>(i) the company has a physical presence in Bermuda and the Minister responsible for Immigration has given his consent by issuing a licence under Part VI of that Act; and
>>
>>(ii) the land is acquired or held by way of lease or tenancy agreement for a term not exceeding 131 years, or such longer period as is provided for in a hotel concession order made under the Hotels Concession Act 2000 or in a tourism investment order made under the Tourism Investment Act 2017;
>
>(ab) acquire or hold land consisting only of one or more residential valuation units in an approved residential scheme, unless—
>
>>(i) the company has a physical presence in Bermuda and the Minister has in each case given his prior sanction to the acquisition or holding of the land; and
>>
>>(ii) the land is acquired or held by way of lease or tenancy agreement for a term not exceeding 131 years;
>
>(b) except as provided by section 144 take any mortgage of land in Bermuda;

COMPANIES ACT 1981

    (c) acquire any bonds, or debentures secured on any land in Bermuda except bonds or debentures issued by the Government or a public authority;

    (d) *[deleted by 1996:21]*

    (e) carry on business of any kind or type whatsoever in Bermuda either alone or in partnership or otherwise except—

        (i) carrying on business with persons outside Bermuda;

        (ii) doing business in Bermuda with an exempted undertaking in furtherance only of the business of the exempted undertaking carried on exterior to Bermuda;

        (iii) buying or selling or otherwise dealing in shares, bonds, debenture stock obligations, mortgages or other securities or investments issued or created by an exempted undertaking, or a local company, or any partnership which is not an exempted undertaking;

        (iv) transacting banking business in Bermuda with and through an institution licensed as a bank under the Banks and Deposit Companies Act 1999;

        (v) effecting or concluding contracts in Bermuda, and exercising in Bermuda all other powers, so far as may be necessary for the carrying on of its business with persons outside Bermuda;

        (vi) as manager or agent for, or consultant or adviser to any—

            (aa) exempted company or permit company which is affiliated whether or not incorporated in Bermuda with the exempted company; or

            (bb) exempted partnership registered under the Exempted Partnerships Act 1992 or overseas partnership registered under the Overseas Partnerships Act 1995 in which the exempted company is a partner;

        (vii) carrying on the business of re-insuring risks undertaken by any company incorporated in Bermuda and permitted to engage in insurance and re-insurance business; or

        (viii) in accordance with subsection (7)—

            (aa) marketing of shares or dealing with the holders of shares of an exempted company where the exempted company is a mutual fund;

            (bb) marketing interests in or dealing with holders of interests in a limited partnership in respect of which the exempted company is a general partner;

            (cc) marketing units in or dealing with holders of units in a unit trust scheme in respect of which the exempted company is a manager.

COMPANIES ACT 1981

(1AA) For the purpose of subsections (1)(aa)(i) and (1)(ab) an exempted company has a physical presence in Bermuda if it operates from Bermuda with staff and management present in Bermuda, has an affiliate that does so, or is a member of a group, one of the members of which operates in that manner.

(1AB) In subsection (1)(ab)—

(a) "residential valuation unit" has the meaning given in section 72(1) of the Bermuda Immigration and Protection Act 1956;

(b) "approved residential scheme" has the meaning given in section 1 of the Economic Development Act 1968.

(1A) Nothing in subsection (1)(e) shall prohibit an exempted company from effecting or concluding contracts or arrangements with persons in Bermuda for the supply of goods and services to the company necessary for the purpose of enabling the company to carry on its business with persons outside Bermuda.

(1B) Nothing in subsection (1)(e) shall prohibit an exempted company from offering goods or services electronically from a place of business in Bermuda or through an internet or other electronic service provider located in Bermuda.

(2) Notwithstanding anything in any Act under authority of which an exempted company is incorporated such a company shall not engage or carry on the business of conveying or arranging for the conveyance of passengers, goods or mails by ships whether such conveyance is within the waters of Bermuda except—

(i) where the ship is owned, operated or chartered by or on behalf of an exempted company;

(ii) where the conveyance is of a passenger employed by the exempted company or of goods which are or are to become the property of the exempted company; or

(iii) when the business is negotiated by a local company.

(3) Notwithstanding anything in this Act an exempted company on 1 July 1983 having in its memorandum among its objects an object empowering the company to reinsure all or any risks undertaken by the company shall be deemed in addition to have and always to have had the power to accept insurance and reinsurance of any risks of another exempted company similarly empowered.

(4) Notwithstanding anything in this Act, any object in the memorandum of an exempted company empowering the company to engage in retail trade in Bermuda, including retail trade with another exempted company or an exempted undertaking or any other person, shall be void to the extent that it purports so to empower that exempted company.

(5) If an exempted company does anything in contravention of subsection (1), then the land, merchandise, stocks, shares bonds, debentures, securities, property or other interests so acquired or disposed of, taken or held, shall be liable to escheat under the Escheats Act 1871 or under any other Act relating to escheat.

COMPANIES ACT 1981

(6) In any proceedings for escheat under subsection (5), the question whether any land, merchandise, stocks, shares bonds, debentures, securities, property or other interests have been taken, acquired, disposed of or held in contravention of subsection (1) shall be decided as a question of fact.

(7) For the purposes of subsection (1)(e)(viii), an exempted company shall be deemed to be marketing, or dealing with holders of shares, interests or units if it undertakes any of the following activities in Bermuda, that it to say,—

(i) the offering of such shares, interests or units for subscription or purchase by way of a prospectus or otherwise;

(ii) the acceptance of subscriptions for, or of offers to purchase, or of applications to redeem, such shares, interests or units;

(iii) the distribution of shareholder, limited partnership or unitholder information to holders of such shares, interests or units;

(iv) the making known, by way of advertisement or otherwise, that it may be contacted at a particular address in Bermuda for the purpose of communicating with the holders of such shares, interests or units or the distribution and collection of shareholder, limited partnership or unitholder information;

(v) any other dealing with the holders of such shares, interests or units with respect to any such shares, interests or units held by them.

*[Section 129 amended by 1992:51 effective 1 July 1992; by 1994:22 effective 13 July 1994; by 1996:21 effective 24 July 1996; by 1997:21 effective 2 September 1997; by 1998:8 effective 23 March 1998; by 1998:35 effective 5 October 1998; subsection (1B) inserted by 1999:26 s.33 & Sch effective 4 October 1999; subsection (1)(e)(iv) amended by BR 81/1999 effective 1 January 2000; subsection (1) amended, and (1)(e)(vi) substituted by 2003:1 s.13 effective 14 February 2003 subject to saving in 2003:1 s.20(2); subsection (1) amended by 2006:40 s.32 effective 29 December 2006; subsection (1) paragraph (aa) inserted and subsection (1AA) inserted by 2010 : 39 s. 3 effective 3 September 2010; subsection (1)(aa) amended by 2017 : 7 s. 4 effective 20 February 2017; subsection (1)(aa)(ii) amended by 2017 : 36 s. 14 & sch. 3 effective 10 November 2017; Section 129 subsections (1)(ab) and (1AB) inserted, and subsection (1AA) amended by 2019 : 38 s. 6 effective 1 November 2019]*

Circumstances in which exempted company may carry on business in Bermuda

129A    (1) Except as provided in subsection (4), no exempted company shall carry on business in Bermuda unless the Minister, on application made by the company in such form as the Minister may determine, grants a licence to the company empowering it so to do or to carry on in Bermuda a business or an activity prohibited by section 129(1) or (2):

Provided that such a licence shall not authorize an exempted company to engage in retail trade in Bermuda with any other person.

(1A) The company shall not less than seven days prior to an application for a licence under subsection (1) advertise its intention to apply for a licence under this section in an appointed newspaper.

(2) A licence issued under subsection (1) shall be for such duration and may be subject to such terms and conditions as the Minister may see fit to specify therein.

COMPANIES ACT 1981

    (a) the company has by resolution resolved that the company be wound up by the Court;

    (b) subject to section 88 default is made in holding the statutory meeting or failing to comply with section 84 or section 89;

    (c) the company does not commence its business within a year of its incorporation or suspends its business for a whole year;

    (ca) the company carries on any restricted business activity in contravention of section 4A;

    (d) the company engages in a prohibited business activity in contravention of section 4B;

    (e) the company is unable to pay its debts;

    (f) the consent of the Minister, where under this Act such consent was required, was obtained as a result of a material misstatement in the application for consent; or

    (g) the Court is of the opinion that it is just and equitable that the company should be wound up.

*[Section 161 amended by 1998:35 effective 5 October 1998; paragraph (ca) inserted and (f) substituted by 2003:1 s.15 effective 14 February 2003]*

Definition of inability to pay debts

162    A company shall be deemed to be unable to pay its debts—

    (a) if a creditor, by assignment or otherwise, to whom the company is indebted in a sum exceeding five hundred dollars then due has served on the company, by leaving it at the registered office of the company, a demand requiring the company to pay the sum so due and the company has for three weeks thereafter neglected to pay the sum or to secure or compound for it to the reasonable satisfaction of the creditor; or

    (b) if the execution or other process issued on a judgment, decree or order of any court in favour of a creditor of the company is returned unsatisfied in whole or in part; or

    (c) if it is proved to the satisfaction of the Court that the company is unable to pay its debts; in determining whether a company is unable to pay its debts, the Court shall take into account the contingent and prospective liabilities of the company.

*[Section 162 paragraph (a) amended by 2006:40 s.37 effective 29 December 2006]*

Applications for winding up

163    (1) An application to the Court for the winding up of a company shall be by petition, presented either by the company or by any creditor or creditors, including any contingent

COMPANIES ACT 1981

- (b) the occurrence of the event, on the occurrence of which the incorporating Act or memorandum provides that the company is to be dissolved; or
- (c) the passing of the resolution that the company be wound up voluntarily,

the company shall give notice thereof by advertisement in an appointed newspaper.

(2) If default is made in complying with this section, the company and every officer of the company shall be liable to a default fine. For the purpose of this section the liquidator of the company shall be deemed to be an officer of the company.

*[Section 202 amended by 1994:22 effective 13 July 1994; and by 1996:21 effective 24 July 1996]*

Commencement of voluntary winding up

203   A voluntary winding up shall be deemed to commence—

- (a) on the expiration of the period, if any, fixed in the incorporating Act or the memorandum for the duration of a company;
- (b) on the occurrence of the event, if any, on the occurrence of which it is provided in the incorporating Act or the memorandum that a company is to be dissolved; or
- (c) at the time of the passing of the resolution for voluntary winding up.

*[Section 203 replaced by 1994:22 effective 13 July 1994]*

Effect of voluntary winding up on business and status of company

204   In case of a voluntary winding up, the company shall, from the commencement of the winding up, cease to carry on its business, except so far as may be required for the beneficial winding up thereof:

Provided that the corporate state and corporate powers of the company shall, notwithstanding any thing to the contrary in its memorandum or bye-laws, continue until it is dissolved.

*[Section 204 amended by 1994:22 effective 13 July 1994; and by 1996:21 effective 24 July 1996]*

Avoidance of transfers etc. after commencement of voluntary winding up

205   Any transfer of shares, not being a transfer made to or with the sanction of the liquidator, and any alteration in the status of the members of the company, made after the commencement of a voluntary winding up, shall be void.

Statutory declaration of solvency in case of proposal to wind up voluntarily

206   (1) Where it is proposed to wind up a company voluntarily, the majority of the directors, shall each make a statutory declaration to the effect that they have formed the opinion that the company will be able to pay its debts in full within such period not exceeding twelve months from the commencement of the winding up as may be specified in the declaration.

COMPANIES ACT 1981

    (2) A declaration made as aforesaid shall have no effect for the purposes of this Act unless—

  (a) it is made within five weeks immediately preceding—

    (i) the expiration of the period, if any, fixed by the incorporating Act or the memorandum for the duration of the company;

    (ii) the occurrence of the event, if any, on the occurrence of which it is provided in the incorporating Act or the memorandum that the company is to be dissolved; or

    (iii) the date of the passing of the resolution for voluntarily winding up,

  and is delivered to the Registrar for registration before that date;

  (b) it embodies either—

    (i) a statement of the company's assets and liabilities as at the latest practicable date before the making of the declaration; or

    (ii) a statement to the effect that the opinion of the directors was based on an indemnity, undertaking or pledge made in favour of the company in respect of its liabilities.

    (3) Any director of a company making a declaration under this section without having any reasonable grounds for the opinion that the company will be able to pay its debts in full within the period specified in the declaration, shall be liable to imprisonment for a period of six months or to a fine of two thousand five hundred dollars or to both; and if the company is wound up in pursuance of a resolution passed within the period of five weeks after the making of the declaration, but its debts are not paid or provided for in full within the period stated in the declaration it shall be presumed until the contrary is shown that the director did not have reasonable grounds for his opinion.

    (4) A winding up in the case of which a declaration has been made and delivered in accordance with this section is in this Act referred to as "a member's voluntary winding up", and a winding up in the case of which a declaration has not been made and delivered as aforesaid is in this Act referred to as "a creditors' voluntary winding up".

*[Section 204 amended by 1994:22 effective 13 July 1994, and by 1996:21 effective 24 July 1996]*

Members' winding up
207    Sections 208 to 214 shall, subject to section 214, apply in relation to a members' voluntary winding up.

Power of company to appoint and fix remuneration of liquidators
208    (1) The company in general meeting shall appoint one or more liquidators for the purpose of winding up the affairs and distributing the assets of the company, and may fix their remuneration.

COMPANIES ACT 1981

Provided that the liquidator shall not be required to summon a meeting of creditors under section 222 at the end of the first year from the commencement of the winding up, unless the meeting held under section 211, is held more than three months before the end of the year.

Creditors' winding up

215  Section 216 to 223 shall apply in relation to a creditor's voluntary winding up.

Meeting of creditors

216  (1) The company shall cause a meeting of the creditors of the company to be summoned for the day, or the next day following the day, on which there is to be held the meeting at which the resolution for voluntary winding up is to be proposed, and shall cause the notices of the meeting of creditors to be sent to the creditors simultaneously with the sending of the notices of the meeting of the company.

(2) The company shall cause notice of the meeting of creditors to be advertised in an appointed newspaper on at least two occasions.

(3) The directors of the company shall—

(a) cause a full statement of the position of the company's affairs together with a list of the creditors of the company and the estimated amount of their claims to be laid before the meeting of the creditors to be held as aforesaid; and

(b) appoint one of their number to preside at such meeting.

(4) It shall be the duty of the director appointed to preside at the meeting of creditors to attend the meeting and preside thereat.

(5) If the meeting of the company at which the resolution for voluntary winding up is to be proposed is adjourned and the resolution is passed at an adjourned meeting, any resolution passed at the meeting of the creditors held in pursuance of subsection (1) shall have effect as if it has been passed immediately after the passing of the resolution for winding up the company.

(6) If default is made—

(a) by the company in complying with subsections (1) and (2);

(b) by the directors of the company in complying with subsection (3);

(c) by any director of the company in complying with subsection (4),

the company, directors or director, as the case may be, shall be liable to a fine of five hundred dollars, and in the case of default by the company, every officer of the company who is in default shall be liable to like penalty.

*[Section 216 subsection (1) amended by 2006:40 s.39 effective 29 December 2006]*

193

COMPANIES ACT 1981

(5) It shall be the duty of the person on whose application an order of the Court under this section is made, within seven days after the making of the order, to deliver to the Registrar an office copy of the order for registration, and if the person fails to do so he shall be liable to a default fine.

(6) If the liquidator fails to call a general meeting of the company or a meeting of the creditors as required by this section, he shall be liable to a fine of two hundred and fifty dollars.

Sections 225 to 233 apply to every winding up
224     Sections 225 to 233 shall apply to every winding up whether a member's or a creditor's winding up.

Distribution of property of company
225     Subject to this Act as to preferential payment the property of a company shall, on its winding up, be applied in satisfaction of its liabilities pari passu, and, subject to such application, shall, unless the bye-laws otherwise provide, be distributed among the members according to their rights and interests in the company.

Powers and duties of liquidator in voluntary winding up
226     (1) The liquidator may—

   (a) in the case of a member's voluntary winding up, with the sanction of a resolution of the company, and, in the case of a creditor's voluntary winding up, with the sanction of the Court or the committee of inspection or if there is no such committee a meeting of the creditors, exercise any of the powers given by section 175(1)(d), (e) and (f) to a liquidator in a winding up by the Court;

   (b) without sanction, exercise any of the other powers by this Act given to the liquidator in a winding up by the Court;

   (c) exercise the power of the Court under this Act of settling a list of contributories, and the list of contributories shall be prima facie evidence of the liability of the persons named therein to be contributories;

   (d) exercise the power of the Court to make calls;

   (e) summon general meetings of the company for the purpose of obtaining the sanction of the company by resolution or for any other purpose he may think fit.

(2) The liquidator shall pay the debts of the company and shall adjust the rights of the contributories among themselves.

(3) When several liquidators are appointed, any power given by this Act may be exercised by such one or more of them as may be determined at the time of their appointment, or, in default of such determination, by any number not less than two.