# EXHIBIT C

**CAYMAN ISLANDS**



# COMPANIES ACT

**(2021 Revision)**

**Supplement No. 8 published with Legislation Gazette No. 4 of 12th January, 2021.**

### Application for supervision order

**124**. (1) Where a company is being wound up voluntarily its liquidator shall apply to the Court for an order that the liquidation continue under the supervision of the Court unless, within twenty-eight days of the commencement of the liquidation, the directors have signed a declaration of solvency in the prescribed form in accordance with subsection (2).

(2) A declaration of solvency means a declaration or affidavit in the prescribed form to the effect that a full enquiry into the company's affairs has been made and that to the best of the directors' knowledge and belief the company will be able to pay its debts in full together with interest at the prescribed rate, within such period, not exceeding twelve months from the commencement of the winding up, as may be specified in the declaration.

(3) A person who knowingly makes a declaration under this section without having reasonable grounds for the opinion that the company will be able to pay its debts in full, together with interest at the prescribed rate, within the period specified commits an offence and is liable on summary conviction to a fine of ten thousand dollars and to imprisonment for two years.

### Avoidance of share transfers

**125**. Any transfer of shares, not being a transfer with the sanction of the liquidator, and any alteration in the status of the company's members made after the commencement of a voluntary winding up is void.

### General meeting at year's end

**126**. (1) In the event of a voluntary winding up continuing for more than one year, the liquidators shall summon a general meeting of the company at the end of the first year from the commencement of the winding up and at the end of each succeeding year and such meetings shall be held within three months of each anniversary of the commencement of the liquidation.

(2) At each meeting the liquidator shall lay before the meeting a report and account of that person's acts and dealings and the conduct of the winding up during the preceding year.

(3) A liquidator who fails to comply with this section commits an offence and is liable on conviction to a fine of ten thousand dollars.

### Final meeting prior to dissolution

**127**. (1) As soon as the company's affairs are fully wound up, the liquidator shall make a report and an account of the winding up showing how it has been conducted and how the company's property has been disposed of and thereupon shall call a general meeting of the company for the purpose of laying before it the account and giving an explanation for it.



**Material omissions from statement relating to company's affairs**

**137**. (1) Where a company is being wound up, whether by the Court or voluntarily, a person who is or was a director, an officer, a manager or a professional service provider of the company, commits an offence if that person makes any material omission in any statement relating to the company's affairs, with intent to defraud the company's creditors or contributories.

(2) A person who commits an offence under subsection (1) is liable on conviction to a fine of twenty-five thousand dollars or to imprisonment for a term of five years, or to both.

(3) In this section —

"**officer**" includes a shadow director.

## General provisions

### Getting in the company's property

**138**. (1) Where any person has in that person's possession any property or documents to which the company appears to be entitled, the Court may require that person to pay, transfer or deliver such property or documents to the official liquidator.

(2) Where the official liquidator seizes or disposes of any property which that person reasonably believed belonged to the company, that person shall not be personally liable for any loss or damage caused to its true owner except in so far as such loss or damage is caused by that person's own negligence.

### Provable debts

**139**. (1) All debts payable on a contingency and all claims against the company whether present or future, certain or contingent, ascertained or sounding only in damages, shall be admissible to proof against the company and the official liquidator shall make a just estimate so far as is possible of the value of all such debts or claims as may be subject to any contingency or sound only in damages or which for some other reason do not bear a certain value.

(2) Foreign taxes, fines and penalties shall be admissible to proof against the company only if and to the extent that a judgment in respect of the same would be enforceable against the company pursuant to the *Foreign Judgments Reciprocal Enforcement Act (1996 Revision)* or any laws permitting the enforcement of foreign taxes, fines and penalties.

### Distribution of the company's property

**140**. (1) Subject to subsection (2), the property of the company shall be applied in satisfaction of its liabilities *pari passu* and subject thereto shall be distributed amongst the members according to their rights and interests in the company.



### Liability of members of company to remain

**160**. The striking off the register of any company under this Act shall not affect the liability, if any, of any director, manager, officer or member of the company, and such liability shall continue and may be enforced as if the company had not been dissolved.

### Registrar not liable for any act performed under this Part

**161**. No liability shall attach for any act performed or thing done by the Registrar under this Part.

### Vesting of property

**162**. Any property vested in or belonging to any company struck off the register under this Act shall thereupon vest in the Minister charged with responsibility for Finance and shall be subject to disposition by the Cabinet, or to retention for the benefit of the Islands.

# PART VII - Exempted Companies

### What companies may apply to be registered as exempted companies

**163**. Any proposed company applying for registration under this Act, the objects of which are to be carried out mainly outside the Islands or pursuant to a licence to carry on business in the Islands to which section 174 refers, may apply to be registered as an exempted company.

### Registration of exempted companies

**164**. On being satisfied that section 165 has been complied with, the Registrar shall register the company as an exempted company.

### Declaration by proposed company

**165**. A proposed exempted company applying for registration as an exempted company shall submit to the Registrar a declaration signed by a subscriber to the effect that the operation of the proposed exempted company will be conducted mainly outside the Islands or pursuant to a licence to carry on business in the Islands to which section 174 refers.

### Shares shall be non-negotiable

**166**. The shares of an exempted company shall be non-negotiable and shall be transferred only on the books of the company.

### *Repealed*

**167**. **Repealed** by section 3 of the *Companies (Amendment) Act, 2016 [Law 3 of 2016]*.

