# Exhibit 2

**BINDER & SCHWARTZ LLP**

Eric B. Fisher
Lindsay A. Bush
Tessa B. Harvey
366 Madison Avenue, 6th Floor
New York, New York 10017
Telephone: (212) 510-7008

*Attorneys for Khronos LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------x

SECURITIES INVESTOR PROTECTION
CORPORATION,

                                     Plaintiff-Applicant,

      -against-

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

                                     Defendant.

------------------------------------------------------------------------x

In re:

BERNARD L. MADOFF,

                                     Debtor.

------------------------------------------------------------------------x

Adv. Pro. No. 08-01789 (SMB)

SIPA LIQUIDATION

(Substantively Consolidated)

**DECLARATION OF ERIC B. FISHER IN SUPPORT OF**
**KHRONOS LLC'S MOTION TO QUASH RULE 2004 SUBPOENA**

I, Eric B. Fisher, declare as follows:

1.      I am a partner at Binder & Schwartz LLP, attorneys for Khronos LLC ("Khronos") and respectfully submit this Declaration in support of Khronos' motion to quash the subpoena issued pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure ("Rule 2004").

2.      On July 13, 2020, Irving H. Picard, the Trustee (the "Trustee") for the liquidation of Bernard L. Madoff Investment Services LLC ("BLMIS") served a Rule 2004 subpoena (the "Current Rule 2004 Subpoena") directed to Khronos.

3.      On July 16, 2020, I accepted service of the subpoena on behalf of Khronos, and counsel for the Trustee agreed to give Khronos until July 31, 2020 to respond to the Current Rule 2004 Subpoena.

4.      On July 31, 2020, I wrote a letter to the Trustee setting forth Khronos' position that the Current Rule 2004 Subpoena was improper and Khronos' intention to seek to quash the subpoena if it was not withdrawn by the Trustee.  Counsel for Khronos and counsel for the Trustee agreed to extensions of the response deadline to facilitate discussion of the Current Rule 2004 Subpoena.

5.      The parties had a telephonic meet and confer on August 3, 2020, and Khronos sent a follow-up letter to the Trustee on August 6, 2020.  Notwithstanding the parties' good faith meet and confer process, the parties have been unable to reach agreement on the scope of the Current Rule 2004 Subpoena.   The Trustee did not agree to withdraw, and also never proposed to narrow, the Current Rule 2004 Subpoena.  The parties thereafter agreed to a schedule for briefing Khronos' motion to quash.

6. More than ten years ago, on July 7, 2010, the Trustee served identical Rule 2004 subpoenas on Rafael Mayer and David Mayer, as officers of Khronos (each, an "Original Subpoena"). Many of the requests in the Current 2004 Subpoena are duplicative of the Original Subpoena. Attached hereto as Exhibit A is a chart comparing the requests in the two subpoenas.

7. The documents produced in response to the Original Subpoena, among other things, identified Montpellier International Ltd. and Prince Assets LDC as investors in Legacy Capital Ltd. ("Legacy") and identify redemptions paid to them by Legacy between December 2006 and December 2008. For example, attached as Exhibit B are three documents produced to the Trustee in 2010 that reference Montpellier International Ltd., Prince Assets LDC, and redemptions paid to them by Legacy. Soon after the collapse of BLMIS more than ten years ago, Montpellier International and Prince Assets LDC ceased to have an interest in Legacy, as their shares in Legacy were pledged to Legacy's lender, BNP Paribas, who declared default on the loan when those shares became worthless due to the collapse of BLMIS.

8. In my follow-up letter to the Trustee in response to the Current Rule 2004 Subpoena, I advised counsel for the Trustee that Khronos no longer controls Prince Assets LDC's information and that Montpellier International dissolved in January 2017. Attached hereto as Exhibit C is a true and correct copy of my August 6, 2020 letter.

9. On December 6, 2010, the Trustee commenced a lawsuit (the "Adversary Proceeding") seeking to claw back funds that had been withdrawn from Legacy's BLMIS account. *See Picard v. Legacy Capital Ltd. (In re BLMIS)*, ECF Doc. No. 1. In addition to Legacy and Khronos, the Trustee also named the following defendants in the Adversary Proceeding as alleged subsequent transferees: Isaac Jimmy Mayer, Rafael Mayer, David Mayer, Khronos Capital Research LLC, BNP Paribas Securities Corp., HCH Management Company

Ltd., Montpellier Resources Ltd., Inversiones Coque S.A., Aurora Resources Ltd., and Olympus Assets LDC. *Id.*

10.     The Trustee did not name Montpellier International Ltd. or Prince Assets LDC in the Adversary Proceeding (or any other proceeding).

11.     On July 2, 2015, the Trustee voluntarily dismissed from the Adversary Proceeding all defendants except for Legacy and Khronos. *Picard v. Legacy Capital Ltd. (In re BLMIS)*, ECF Doc. No. 111.

* * *

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on August 18, 2020

/s/ Eric B. Fisher
Eric B. Fisher

# Exhibit A

**Rule 2004 Subpoenas Comparison**

| Current Rule 2004 Subpoena Requests | Original Rule 2004 Subpoenas Requests |
| --- | --- |
| 1. Documents and Communications concerning any Subsequent Transfer. | 39. All documents concerning the liquidation of any of your hedge fund investments or related transactions, including without limitation any swap or derivative transaction, from January 1990 to the present.<br><br>48. All documents concerning your or any other person's investment or transaction with Madoff, any Madoff Fund, or any other person that invested or transacted with Madoff, directly or indirectly, including without limitation: (a) monthly statements, including account numbers; (b) historical account balance information; (c) incoming and outgoing wire transfer records; (d) copies of checks (front and back), both deposited and drawn; (e) records reflecting cash activity; (f) account opening documents; (g) subscription agreements; (h) administrative or custodial agreement; (i) account closing documents; (j) redemption or liquidation requests; (k) all correspondence with fund personnel; (l) securities trade tickets and confirmations; and (m) periodic investment performance reviews and commentary.<br><br>49. All documents concerning payments, subscriptions, or redemptions made by or to investors in any investment, accommodation, service or transaction offered, issued, executed, made or proposed to be made by you or any other person that was in any way related, linked or indexed to, invested in or secured or hedged by an investment in Madoff, any Madoff Fund or any person that invested or transacted with Madoff, directly or indirectly. |

| Current Rule 2004 Subpoena Requests | Original Rule 2004 Subpoenas Requests |
|---|---|
| | 51. All documents concerning remuneration, fees, commissions, compensation, revenues, profits, expenses, losses, reserve derived or resulting from any investment, accommodation, service or transaction offered, issued, executed, made or proposed to be made by you or any other person that were in any way related, linked or indexed to, invested in or secured or hedged by an investment in Madoff, any Madoff Fund or any other person that invested or transacted with Madoff, directly or indirectly. |
| 2. Documents concerning money, property, or anything else of value received by Prince from any Person in exchange for any Subsequent Transfer. | 39. All documents concerning the liquidation of any of your hedge fund investments or related transactions, including without limitation any swap or derivative transaction, from January 1990 to the present.<br><br>48. All documents concerning your or any other person's investment or transaction with Madoff, any Madoff Fund, or any other person that invested or transacted with Madoff, directly or indirectly, including without limitation: (a) monthly statements, including account numbers; (b) historical account balance information; (c) incoming and outgoing wire transfer records; (d) copies of checks (front and back), both deposited and drawn; (e) records reflecting cash activity; (f) account opening documents; (g) subscription agreements; (h) administrative or custodial agreement; (i) account closing documents; (j) redemption or liquidation requests; (k) all correspondence with fund personnel; (l) securities trade tickets and confirmations; and (m) periodic investment performance reviews and commentary.<br><br>49. All documents concerning payments, subscriptions, or redemptions made by or to investors in any investment, |

| Current Rule 2004 Subpoena Requests | Original Rule 2004 Subpoenas Requests |
|---|---|
| | accommodation, service or transaction offered, issued, executed, made or proposed to be made by you or any other person that was in any way related, linked or indexed to, invested in or secured or hedged by an investment in Madoff, any Madoff Fund or any person that invested or transacted with Madoff, directly or indirectly. |
| 3. Documents concerning money, property, or anything else of value received by Montpellier International from any Person in exchange for any Subsequent Transfer. | 39. All documents concerning the liquidation of any of your hedge fund investments or related transactions, including without limitation any swap or derivative transaction, from January 1990 to the present.<br><br>48. All documents concerning your or any other person's investment or transaction with Madoff, any Madoff Fund, or any other person that invested or transacted with Madoff, directly or indirectly, including without limitation: (a) monthly statements, including account numbers; (b) historical account balance information; (c) incoming and outgoing wire transfer records; (d) copies of checks (front and back), both deposited and drawn; (e) records reflecting cash activity; (f) account opening documents; (g) subscription agreements; (h) administrative or custodial agreement; (i) account closing documents; (j) redemption or liquidation requests; (k) all correspondence with fund personnel; (l) securities trade tickets and confirmations; and (m) periodic investment performance reviews and commentary.<br><br>49. All documents concerning payments, subscriptions, or redemptions made by or to investors in any investment, accommodation, service or transaction offered, issued, executed, made or proposed to be made by you or any other person that was in any way related, linked or indexed to, |

| Current Rule 2004 Subpoena Requests | Original Rule 2004 Subpoenas Requests |
|---|---|
| | invested in or secured or hedged by an investment in Madoff, any Madoff Fund or any person that invested or transacted with Madoff, directly or indirectly. |
| 4. Documents or Communications concerning any procedures, guidelines, and/or policies for investing, redeeming, or monitoring BLMIS investments through Legacy Capital, Montpellier International or Prince. | 2. All documents concerning any Madoff Fund, including without limitation Fairfield Greenwich and Tremont.<br><br>3. All documents concerning any person other than any Madoff Fund that invested or transacted with, or whose funds were proposed to be managed by, Madoff, directly or indirectly.<br><br>5. All documents concerning communications between you and any Madoff Fund, including without limitation Fairfield Greenwich and Tremont.<br><br>7. All documents concerning investment, managerial, performance, operational, back office and other due diligence reviews, investigations, examinations, analyses, deliberations, meetings or recommendations, including but not limited to any business, legal, compliance, credit, financial, operational, quantitative, reputational, risk, suitability, or supervisory assessment or evaluation, by you or any other person concerning Madoff<br><br>8. All documents concerning investment, managerial, performance, operational, back office and other due diligence reviews, investigations, examinations, analyses, deliberations, meetings or recommendations, including but not limited to any business, legal, compliance, credit, financial, operational, quantitative, reputational, risk, suitability or supervisory |

| Current Rule 2004 Subpoena Requests | Original Rule 2004 Subpoenas Requests |
|---|---|
| | assessment or evaluation, by you or any other person concerning any Madoff Fund.<br><br>9. All documents concerning investment, managerial, performance, operational, back office and other due diligence reviews, investigations, examinations, analyses, deliberations, meetings or recommendations, including but not limited to any business, legal, compliance, credit, financial, operational, quantitative, reputational, risk, suitability or supervisory assessment or evaluation, by you or any other person concerning any person other than any Madoff Fund that invested or transacted with, or whose funds were proposed to be managed by, Madoff, directly or indirectly.<br><br>35. All documents sufficient to identify any persons that approved, offered or recommended any investment or transaction with Madoff, any Madoff Fund, or any other person that invested or transacted with Madoff, directly or indirectly, and all documents concerning any such offer or recommendation.<br><br>43. All documents concerning your or any other person's policies, procedures and practices concerning due diligence, investigation, analysis, review or evaluation of any investment by you or any other person in any hedge fund, fund of funds or other similar investment vehicle, entity or instrument prior to or during the pendency of any such investment. |

| Current Rule 2004 Subpoena Requests | Original Rule 2004 Subpoenas Requests |
|---|---|
| 5. Documents concerning, or Communications with, Montpellier International or Prince in connection with BLMIS or Legacy Capital. | 2. All documents concerning any Madoff Fund, including without limitation Fairfield Greenwich and Tremont.<br><br>3. All documents concerning any person other than any Madoff Fund that invested or transacted with, or whose funds were proposed to be managed by, Madoff, directly or indirectly.<br><br>7. All documents concerning investment, managerial, performance, operational, back office and other due diligence reviews, investigations, examinations, analyses, deliberations, meetings or recommendations, including but not limited to any business, legal, compliance, credit, financial, operational, quantitative, reputational, risk, suitability, or supervisory assessment or evaluation, by you or any other person concerning Madoff<br><br>8. All documents concerning investment, managerial, performance, operational, back office and other due diligence reviews, investigations, examinations, analyses, deliberations, meetings or recommendations, including but not limited to any business, legal, compliance, credit, financial, operational, quantitative, reputational, risk, suitability or supervisory assessment or evaluation, by you or any other person concerning any Madoff Fund.<br><br>9. All documents concerning investment, managerial, performance, operational, back office and other due diligence reviews, investigations, examinations, analyses, deliberations, meetings or recommendations, including but not limited to any business, legal, compliance, credit, financial, operational, quantitative, reputational, risk, suitability or supervisory |

| Current Rule 2004 Subpoena Requests | Original Rule 2004 Subpoenas Requests |
|---|---|
|  | assessment or evaluation, by you or any other person concerning any person other than any Madoff Fund that invested or transacted with, or whose funds were proposed to be managed by, Madoff, directly or indirectly.<br><br>35. All documents sufficient to identify any persons that approved, offered or recommended any investment or transaction with Madoff, any Madoff Fund, or any other person that invested or transacted with Madoff, directly or indirectly, and all documents concerning any such offer or recommendation.<br><br>43. All documents concerning your or any other person's policies, procedures and practices concerning due diligence, investigation, analysis, review or evaluation of any investment by you or any other person in any hedge fund, fund of funds or other similar investment vehicle, entity or instrument prior to or during the pendency of any such investment.<br><br>46. All documents concerning any investment, accommodation, service or transaction offered, issued, executed, made or proposed to be made by you or any other person that was in any way related, linked or indexed to, invested in or secured or hedged by an investment in Madoff, any Madoff Fund, or any other person that invested or transacted with Madoff, directly or indirectly.<br><br>48. All documents concerning your or any other person's investment or transaction with Madoff, any Madoff Fund, or any other person that invested or transacted with Madoff, directly or indirectly, including without limitation: (a) |

| Current Rule 2004 Subpoena Requests | Original Rule 2004 Subpoenas Requests |
|---|---|
| | monthly statements, including account numbers; (b) historical account balance information; (c) incoming and outgoing wire transfer records; (d) copies of checks (front and back), both deposited and drawn; (e) records reflecting cash activity; (f) account opening documents; (g) subscription agreements; (h) administrative or custodial agreement; (i) account closing documents; (j) redemption or liquidation requests; (k) all correspondence with fund personnel; (l) securities trade tickets and confirmations; and (m) periodic investment performance reviews and commentary.<br><br>49. All documents concerning payments, subscriptions, or redemptions made by or to investors in any investment, accommodation, service or transaction offered, issued, executed, made or proposed to be made by you or any other person that was in any way related, linked or indexed to, invested in or secured or hedged by an investment in Madoff, any Madoff Fund or any person that invested or transacted with Madoff, directly or indirectly.<br><br>51. All documents concerning remuneration, fees, commissions, compensation, revenues, profits, expenses, losses, reserve derived or resulting from any investment, accommodation, service or transaction offered, issued, executed, made or proposed to be made by you or any other person that were in any way related, linked or indexed to, invested in or secured or hedged by an investment in Madoff, any Madoff Fund or any other person that invested or transacted with Madoff, directly or indirectly. |
| 6. Documents concerning Prince's liquidation, including without limitation documents sufficient to | |

| Current Rule 2004 Subpoena Requests | Original Rule 2004 Subpoenas Requests |
|---|---|
| identify assets distributed to its partners, shareholders, or agents upon liquidation, and the value of any such distributions. | |
| 7. Documents concerning Montpellier International's liquidation, including without limitation documents sufficient to identify assets distributed to its partners, shareholders, or agents upon liquidation, and the value of any such distributions. | |
| 8. Documents concerning any insurance agreements relating to Montpellier International or Prince. | |
| 9. Documents sufficient to Identify each person or entity having an interest (whether equity, security, debt, or other legal interest) in Prince, including without limitation partners, shareholders, or agents, specifying as to each the title and relationship to Prince and the value of the interest held by such person or entity in Prince. | 33. All documents sufficient to identify the names and addresses of any persons, and the beneficial owners or individual constituents of any such persons that are not natural persons, that invested or transacted directly or indirectly with Madoff, and all documents concerning such investments or transactions.<br><br>47. All documents sufficient to show the names and addresses of all persons, including the beneficial owners or individual constituents of any such persons that are not natural persons, involved in any capacity in any investment, accommodation, service or transaction offered, issued, executed, made or proposed to be made by you or any other person that were in any way related, linked or indexed to, or invested in Madoff, any Madoff Fund, or any other person that invested or transacted with Madoff, directly or indirectly. |
| 10. Documents sufficient to Identify each person or entity having an interest (whether equity, security, | 33. All documents sufficient to identify the names and addresses of any persons, and the beneficial owners or |

| Current Rule 2004 Subpoena Requests | Original Rule 2004 Subpoenas Requests |
|---|---|
| debt, or other legal interest) in Montpellier International, including without limitation partners, shareholders, or agents, specifying as to each the title and relationship to Montpellier International and the value of the interest held by such person or entity in Montpellier International. | individual constituents of any such persons that are not natural persons, that invested or transacted directly or indirectly with Madoff, and all documents concerning such investments or transactions. |
| 11. Documents concerning all assets or property owned by Prince in whole or in part, including without limitation: (i) all checking and savings accounts; (ii) all balance sheets, profit and loss statements and income statements; (iii) stocks, bonds, trusts, and other securities, including cryptocurrency, in the name of or for the benefit of Prince; (iv) accounts receivable; (v) inventory; (vi) judgments held by Prince against third parties; (vii) rents receivable; and (viii) intellectual property. | |
| 12. Documents concerning all assets or property owned by Montpellier International in whole or in part, including without limitation: (i) all checking and savings accounts; (ii) all balance sheets, profit and loss statements and income statements; (iii) stocks, bonds, trusts, and other securities, including cryptocurrency, in the name of or for the benefit of Montpellier International; (iv) accounts receivable; (v) inventory; (vi) judgments held by Montpellier International against third parties; (vii) rents receivable; and (viii) intellectual property. | |

| Current Rule 2004 Subpoena Requests | Original Rule 2004 Subpoenas Requests |
|---|---|
| 13. Documents sufficient to identify Prince's beneficial owners. | 33. All documents sufficient to identify the names and addresses of any persons, and the beneficial owners or individual constituents of any such persons that are not natural persons, that invested or transacted directly or indirectly with Madoff, and all documents concerning such investments or transactions.<br><br>47. All documents sufficient to show the names and addresses of all persons, including the beneficial owners or individual constituents of any such persons that are not natural persons, involved in any capacity in any investment, accommodation, service or transaction offered, issued, executed, made or proposed to be made by you or any other person that were in any way related, linked or indexed to, or invested in Madoff, any Madoff Fund, or any other person that invested or transacted with Madoff, directly or indirectly. |
| 14. Documents sufficient to identify Montpellier International's beneficial owners. | 33. All documents sufficient to identify the names and addresses of any persons, and the beneficial owners or individual constituents of any such persons that are not natural persons, that invested or transacted directly or indirectly with Madoff, and all documents concerning such investments or transactions.<br><br>47. All documents sufficient to show the names and addresses of all persons, including the beneficial owners or individual constituents of any such persons that are not natural persons, involved in any capacity in any investment, accommodation, service or transaction offered, issued, executed, made or proposed to be made by you or any other person that were in any way related, linked or indexed to, or invested in Madoff, |

| Current Rule 2004 Subpoena Requests | Original Rule 2004 Subpoenas Requests |
|---|---|
| | any Madoff Fund, or any other person that invested or transacted with Madoff, directly or indirectly. |
| 15. Documents concerning Prince's credit facility agreement with Santander Bank & Trust Limited dated June 27, 2005 and the related assignment to Banco Santander (Suisse) S.A. dated June 1, 2010. | 46. All documents concerning any investment, accommodation, service or transaction offered, issued, executed, made or proposed to be made by you or any other person that was in any way related, linked or indexed to, invested in or secured or hedged by an investment in Madoff, any Madoff Fund, or any other person that invested or transacted with Madoff, directly or indirectly. |
| 16. Documents concerning the pledge agreement dated October 16, 2009 between Auber Investments Limited and Santander Bank & Trust Limited relating to Prince's credit facility agreement. | 46. All documents concerning any investment, accommodation, service or transaction offered, issued, executed, made or proposed to be made by you or any other person that was in any way related, linked or indexed to, invested in or secured or hedged by an investment in Madoff, any Madoff Fund, or any other person that invested or transacted with Madoff, directly or indirectly. |
| 17. Documents concerning the relationship between Auber Investments Limited and Prince. | 33. All documents sufficient to identify the names and addresses of any persons, and the beneficial owners or individual constituents of any such persons that are not natural persons, that invested or transacted directly or indirectly with Madoff, and all documents concerning such investments or transactions.

47. All documents sufficient to show the names and addresses of all persons, including the beneficial owners or individual constituents of any such persons that are not natural persons, involved in any capacity in any investment, accommodation, service or transaction offered, issued, executed, made or proposed to be made by you or any other person that were in |

| Current Rule 2004 Subpoena Requests | Original Rule 2004 Subpoenas Requests |
|---|---|
|  | any way related, linked or indexed to, or invested in Madoff, any Madoff Fund, or any other person that invested or transacted with Madoff, directly or indirectly. |

# Exhibit B

# NAV(Net Basis) Allocation Summary

| | A | B | C | D | E | F | G |
|---|---|---|---|---|---|---|---|
| 2 | Partnership : | Legacy Capital Ltd. | | Functional Currency : | USD | | |
| 3 | As Of          : | 07/01/2008 to 07/31/2008 | | | | | |
| 4 | | | | | | | |
| 5 | External Partner Id | External Investor Id | PARTNER NAME | | Opening NAV | Opening | Opening NAVPS |
| 6 | | | | | | Shares/Units | |
| 7 | **General  ::  Orig** | | | | | | |
| 8 | 1400.01 | 1400 | Prince Assets LDC | | 26,154,681.10 | 98,440.00 | 265.69 |
| 9 | 1231.01 | 1231 | Montpellier International Ltd. | | 726,400.84 | 2,734.00 | 265.69 |
| 10 | Partner Class/Series Total: | | | | 26,881,081.94 | 101,174.00 | 265.69 |

CONFIDENTIAL

MAY0002839

| | A | B | C | H | I | J | K | L |
|---|---|---|---|---|---|---|---|---|
| 1 | **NAV(Net Basis) Allocation Summary** | | | | | | | |
| 2 | Partnership : | Legacy Capital Ltd. | | | | | | |
| 3 | As Of        : | 07/01/2008 to 07/31/2008 | | | | | | |
| 4 | | | | | | | | |
| 5 | External Partner Id | External Investor Id | PARTNER NAME | Opening | Subscription | Transfers and | Exchange | Allocated |
| 6 | | | | Redemption | | Assignments | | Income/(Loss) |
| 7 | **General  ::  Orig** | | | | | | | |
| 8 | 1400.01 | 1400 | Prince Assets LDC | 0.00 | 0.00 | 0.00 | 0.00 | 471,596.51 |
| 9 | 1231.01 | 1231 | Montpellier International Ltd. | 0.00 | 0.00 | 0.00 | 0.00 | 13,097.77 |
| 10 | Partner Class/Series Total: | | | 0.00 | 0.00 | 0.00 | 0.00 | 484,694.28 |

CONFIDENTIAL

MAY0002840

## NAV(Net Basis) Allocation Summary

| | A | B | C | M | N | O | P |
|---|---|---|---|---|---|---|---|
| 2 | Partnership : | Legacy Capital Ltd. | | | | | |
| 3 | As Of        : | 07/01/2008 to 07/31/2008 | | | | | |
| 4 | | | | | | | |
| 5 | External Partner Id | External Investor Id | PARTNER NAME | Management Fee | Incentive Fee | Redemption | Redemption |
| 6 | | | | | | | Penalty Credited |
| 7 | General  ::  Orig | | | | | | |
| 8 | 1400.01 | 1400 | Prince Assets LDC | 0.00 | 0.00 | 0.00 | 0.00 |
| 9 | 1231.01 | 1231 | Montpellier International Ltd. | 0.00 | 0.00 | 0.00 | 0.00 |
| 10 | Partner Class/Series Total: | | | 0.00 | 0.00 | 0.00 | 0.00 |

CONFIDENTIAL

MAY0002841

# NAV(Net Basis) Allocation Summary

| | A | B | C | Q | R | S | T |
|---|---|---|---|---|---|---|---|
| 2 | Partnership : | Legacy Capital Ltd. | | | | | |
| 3 | As Of         : | 07/01/2008 to 07/31/2008 | | | | | |
| 4 | | | | | | | |
| 5 | External Partner Id | External Investor Id | PARTNER NAME | Closing NAV | Closing | Closing NAVPS | PTD Accrued |
| 6 | | | | | Shares/Units | | Incentive Fee |
| 7 | **General  ::  Orig** | | | | | | |
| 8 | 1400.01 | 1400 | Prince Assets LDC | 26,626,277.61 | 98,440.00 | 270.48 | 0.00 |
| 9 | 1231.01 | 1231 | Montpellier International Ltd. | 739,498.61 | 2,734.00 | 270.48 | 0.00 |
| 10 | Partner Class/Series Total: | | | 27,365,776.22 | 101,174.00 | 270.48 | 0.00 |

CONFIDENTIAL

MAY0002842

| | A | B | C | U | V | W | X |
|---|---|---|---|---|---|---|---|
| 1 | **NAV(Net Basis) Allocation Summary** | | | | | | |
| 2 | Partnership : | Legacy Capital Ltd. | | | | | |
| 3 | As Of          : | 07/01/2008 to 07/31/2008 | | | | Time Run : | 09:25:08 |
| 4 | | | | | | Date Run : | 08/11/2008 |
| 5 | External Partner Id | External Investor Id | PARTNER NAME | PTD Crystallized | MTD Net% | YTD Net% | |
| 6 | | | | Incentive Fee | | | |
| 7 | **General  ::  Orig** | | | | | | |
| 8 | 1400.01 | 1400 | Prince Assets LDC | 0.00 | 1.80% | 7.51% | |
| 9 | 1231.01 | 1231 | Montpellier International Ltd. | 0.00 | 1.80% | 7.51% | |
| 10 | Partner Class/Series Total: | | | 0.00 | - | - | |

CONFIDENTIAL

MAY0002843

| A | B | C | D | E | F | G |
|---|---|---|---|---|---|---|
| 11 | Partnership Total: | | | | 26,881,081.94 | 101,174.00 | - |
| 12 | | | | | | | |
| 13 | | | | | | | |
| 14 | | | | | Agreed to last month | | |
| 15 | | | | | | | |

CONFIDENTIAL

MAY0002844

| | A | B | C | H | I | J | K | L |
|---|---|---|---|---|---|---|---|---|
| 11 | Partnership Total: | | | 0.00 | 0.00 | 0.00 | 0.00 | 484,694.28 |
| 12 | | | | | | | | |
| 13 | | | | | | | | |
| 14 | | | | | | | | |
| 15 | | | | | | | | |

CONFIDENTIAL

MAY0002845

|  | A | B | C | M | N | O | P |
|---|---|---|---|---|---|---|---|
| 11 | Partnership Total: |  |  | 0.00 | 0.00 | 0.00 | 0.00 |
| 12 |  |  |  |  |  |  |  |
| 13 |  |  |  |  |  |  |  |
| 14 |  |  |  |  |  |  |  |
| 15 |  |  |  |  |  |  |  |

CONFIDENTIAL

MAY0002846

| A | B | C | Q | R | S | T |
|---|---|---|---|---|---|---|
| 11 | Partnership Total: | | | 27,365,776.22 | 101,174.00 | - | 0.00 |
| 12 | | | | | | | |
| 13 | | | | | | | |
| 14 | | | | | | | |
| 15 | | | | Agrees to tracking sheet | | | |

CONFIDENTIAL

MAY0002847

| | A | B | C | U | V | W | X |
|---|---|---|---|---|---|---|---|
| 11 | Partnership Total: | | | 0.00 | - | - | |
| 12 | | | | | | | |
| 13 | | | | | | | |
| 14 | | | | | | | |
| 15 | | | | | | | |

\\LAW-20\KHR-01\01\000\LAW\KHR-01-01_D\$EDD\$NativeFiles\00\63\99\21.ntv.xls

CONFIDENTIAL

MAY0002848

**Legacy**

**Legacy**

Prince Assets LDC
Prince Assets LDC

Account Code : HCH
Date Prepared : October 04, 2007
Valuation Date : September 30, 2007

| Account Value | Shares Month-to-Date | Capital Month-to-Date | Shares Year-to-Date | Capital Year-to-Date |
|---|---|---|---|---|
| Opening Value of Partner Account | 136,069 | $ 32,565,257.70 | 136,069 | $ 30,072,242.30 |
| Add: Subscriptions/Additions | 0 | 0.00 | 0 | 0.00 |
| Less: Redemptions/Withdrawals | 0 | 0.00 | 0 | 0.00 |
| +/- Transfers & Adjustments | 0 | 0.00 | 0 | 0.00 |
| Net Income for the Period | | 606,323.46 | | 3,099,338.86 |
| Closing Value of the Partner Account September 30, 2007 | 136,069 | $ 33,171,581.16 | 136,069 | $ 33,171,581.16 |
| Closing NAV | | 243.79 | | |

| Performance Information | Percent Return |
|---|---|
| Return for the Period September 2007 | 1.86 % |
| Year-to-Date - September 30, 2007 | 10.31 % |

**Summary of Activity - Since Inception**

| Date | Activity | | Shares | NAV | Amount |
|---|---|---|---|---|---|
| 10/2/00 | Subscription- | | 398,370 | 100.00 | $ 39,837,000.00 |
| 5/2/01 | Subscription- | | 138,074 | 108.64 | $ 14,999,964.47 |
| 3/31/04 | Redemption- | | 263,121 | 146.70 | $(38,599,982.26) |
| 7/31/04 | Redemption- | | 137,254 | 151.36 | $(20,775,039.95) |
| Total Additions | | 2 | | | $ 54,836,964.47 |
| Total Redemptions | | 2 | | | $(59,375,022.21) |

**Investor Relations Contact Information:**

Investor Relations

Statements independently prepared by:



200 N. LaSalle Suite 2420 Chicago, IL  60601
Phone: 312-697-9900  Fax: 312-697-9715

* Performance is estimated and unaudited.  Total return has been calculated after the incentive performance fee.  An individual investor's return may vary
  from other investor's returns based on participation in hot issues, private placements, along with the timing of capital transactions.

CONFIDENTIAL

MAY0000756

**Legacy**


**Legacy**

Montpellier

Account Code    :  MONTPELLIE
Date Prepared   :  October 04, 2007
Valuation Date  :  September 30, 2007

| Account Value | Shares Month-to-Date | Capital Month-to-Date | Shares Year-to-Date | Capital Year-to-Date |
|---|---|---|---|---|
| Opening Value of Partner Account | 113,487 | $ 27,160,730.23 | 322,404 | $ 71,253,637.55 |
| Add: Subscriptions/Additions | 0 | 0.00 | 0 | 0.00 |
| Less: Redemptions/Withdrawals | 110,753 | 26,999,920.11 | 319,670 | 76,999,816.80 |
| +/- Transfers & Adjustments | 0 | 0.00 | 0 | 0.00 |
| Net Income for the Period | | 505,698.07 | | 6,412,687.44 |
| Closing Value of the Partner Account September 30, 2007 | 2,734 | $ 666,508.19 | 2,734 | $ 666,508.19 |
| Closing NAV | | 243.79 | | |

| Performance Information | Percent Return |
|---|---|
| Return for the Period September 2007 | 1.86 % |
| Year-to-Date - September 30, 2007 | 10.31 % |

**Summary of Activity - Since Inception**

| Date | Activity | Shares | NAV | Amount |
|---|---|---|---|---|
| 10/2/00 | Subscription- | 319,188 | 100.00 | $ 31,918,800.00 |
| 8/2/01 | Subscription- | 136,418 | 109.96 | $ 14,999,996.71 |
| 1/13/03 | Subscription- | 192,011 | 130.20 | $ 24,999,939.73 |
| 7/31/04 | Redemption- | 325,213 | 151.36 | $(49,224,890.11) |
| 8/31/07 | Redemption- | 208,917 | 239.33 | $(49,999,896.69) |
| 9/30/07 | Redemption- | 110,753 | 243.79 | $(26,999,920.11) |
| | | | | |
| Total Additions | 3 | | | $ 71,918,736.44 |
| Total Redemptions | 3 | | | $(126,224,706.91) |

**Investor Relations Contact Information:**

Investor Relations

---

Statements independently prepared by:



200 N. LaSalle Suite 2420 Chicago, IL  60601
Phone: 312-697-9900 · Fax: 312-697-9715

* Performance is estimated and unaudited.  Total return has been calculated after the incentive performance fee.  An individual investor's return may vary from other investor's returns based on participation in hot issues, private placements, along with the timing of capital transactions.

**CONFIDENTIAL**                                                                       **MAY0000757**

**Legacy**

Prince Assets LDC
Prince Assets LDC

Account Code  : HCH
Date Prepared  : June 12, 2008
Valuation Date  : May 31, 2008

| Account Value | Shares Month-to-Date | Capital Month-to-Date | Shares Year-to-Date | Capital Year-to-Date |
|---|---|---|---|---|
| Opening Value of Investor Account | 136,069 | $ 35,611,978.68 | 136,069 | $ 34,232,198.20 |
| Add: Subscriptions/Additions | 0 | 0.00 | 0 | 0.00 |
| Less: Redemptions/Withdrawals | 37,629 | 10,000,102.42 | 37,629 | 10,000,102.42 |
| +/- Transfers & Adjustments | 0 | 0.00 | 0 | 0.00 |
| Net Income for the Period | | 549,065.63 | | 1,928,846.11 |
| Closing Value of the Investor Account May 31, 2008 | 98,440 | $ 26,160,941.89 | 98,440 | $ 26,160,941.89 |
| Closing NAV | | 265.76 | | |

| Performance Information | Percent Return |
|---|---|
| Return for the Period May 2008 | 1.54 % |
| Year-to-Date - May 31, 2008 | 5.63 % |

**Summary of Activity - Since 01/01/2008**

| Date | Activity | Shares | NAV | Amount |
|---|---|---|---|---|
| 5/31/08 | Redemption- | 37,629 | 265.76 | $(10,000,102.42) |

| | | | | |
|---|---|---|---|---|
| Total Additions | 0 | | | $ 0.00 |
| Total Redemptions | 1 | | | $(10,000,102.42) |

**Investor Relations Contact Information:**

Investor Relations

Statements independently prepared by:



33 W. Monroe, Suite 1000 | Chicago | Illinois | 60603
Phone: 312-697-9900  Fax: 312-697-9715

* Performance is estimated and unaudited.  Total return has been calculated after the incentive performance fee.  An individual investor's return may vary
from other investor's returns based on participation in hot issues, private placements, along with the timing of capital transactions.

CONFIDENTIAL

MAY0002540

**Legacy**

Montpellier

| | | | |
|---|---|---|---|
| | Account Code | : | MONTPELLIE |
| | Date Prepared | : | June 12, 2008 |
| | Valuation Date | : | May 31, 2008 |

| Account Value | Shares Month-to-Date | Capital Month-to-Date | Shares Year-to-Date | Capital Year-to-Date |
|---|---|---|---|---|
| Opening Value of Investor Account | 2,734 | $ 715,542.48 | 2,734 | $ 687,818.90 |
| Add: Subscriptions/Additions | 0 | 0.00 | 0 | 0.00 |
| Less: Redemptions/Withdrawals | 0 | 0.00 | 0 | 0.00 |
| +/- Transfers & Adjustments | 0 | 0.00 | 0 | 0.00 |
| Net Income for the Period | | 11,032.24 | | 38,755.82 |
| Closing Value of the Investor Account May 31, 2008 | 2,734 | $ 726,574.72 | 2,734 | $ 726,574.72 |
| Closing NAV | | 265.76 | | |

| Performance Information | Percent Return |
|---|---|
| Return for the Period May 2008 | 1.54 % |
| Year-to-Date - May 31, 2008 | 5.63 % |

**Summary of Activity - Since 01/01/2008**

| Date | Activity | Shares | NAV | Amount |
|---|---|---|---|---|
| | | | | |
| Total Additions | 0 | | | $ 0.00 |
| Total Redemptions | 0 | | | $ 0.00 |

**Investor Relations Contact Information:**

Investor Relations

Statements independently prepared by:



33 W. Monroe, Suite 1000 | Chicago | Illinois | 60603
Phone: 312-697-9900   Fax: 312-697-9715

* Performance is estimated and unaudited.  Total return has been calculated after the incentive performance fee.  An individual investor's return may vary
  from other investor's returns based on participation in hot issues, private placements, along with the timing of capital transactions.

**CONFIDENTIAL**                                                                                     MAY0002541

# Exhibit C

BINDER &
SCHWARTZ

Eric B. Fisher
**Binder & Schwartz LLP**
366 Madison Avenue, 6th Floor, New York, NY 10017
Tel 212.933.4551  Fax 212.510.7299
efisher@binderschwartz.com

August 6, 2020

**VIA EMAIL**

Jason Oliver, Esq.
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, NY 10111

      Re:    <u>Rule 2004 Subpoena to Khronos LLC</u>

Dear Jason:

      We write on behalf of Khronos LLC ("Khronos") with respect to the Trustee's Rule 2004 subpoena dated July 13, 2020 (the "Current Subpoena"). This letter supplements our July 29, 2020 letter and follows up on the call we had on August 3, 2020.

      For the reasons previously explained, we object to all requests concerning the Subsequent Transfers (as defined in the Current Subpoena) because those requests already were the subject of the Rule 2004 Subpoena to David Mayer and Rafael Mayer, as officers of Khronos, dated July 7, 2010 (the "Original Subpoena"). Following our call with you, we reconfirmed that the documents produced to the Trustee in 2010 in response to the Original Subpoena were produced from Khronos' files. Khronos' document production from approximately a decade ago, provided in response to the Original Subpoena, identified all entities that received transfers from Legacy, including Montpellier International Ltd. ("MIL") and Prince Assets LDC ("PALDC"). Although the Trustee filed suit with respect to alleged subsequent transfers from Legacy Capital Ltd., and all subsequent transferee claims were either voluntarily dismissed by the Trustee or dismissed by the Court, the Trustee has never sued or threatened to sue MIL or PALDC.

      With regard to your requests concerning PALDC, please be advised that Khronos ceased providing services to PALDC on December 31, 2015 and no longer has possession, custody or control over information concerning PALDC.

      With respect to requests concerning MIL, please be advised that MIL fully liquidated all of its investments in good faith and for value over an extended period of time, and that MIL was dissolved on January 16, 2017. The investments liquidated by MIL approximately four years ago were unrelated to the transfers that MIL received from Legacy more than twelve years ago in 2007 and 2008. Thus, in addition to the burden of having to search for and collect voluminous, old information about MIL's liquidation, these requests do not serve any proper purpose since

they do not seek information that could reasonably give rise to a claim that MIL distributed potentially recoverable BLMIS property when it liquidated in 2017.

Khronos reiterates all of the other points made in its July 29, 2020 letter concerning this matter.  We have supplied the additional context and explanations set forth above with the hope that the Trustee will agree to withdraw the Current Subpoena and thereby avoid the need for Khronos to move to quash.

While we would be very happy to resolve this matter without court intervention and would like to allow some window to pursue that objective, we do not want these discussions to drag on indefinitely.  As of now, you have agreed to adjourn our deadline to seek to quash the Current Subpoena, but we have not agreed on a fixed deadline.  We suggest Wednesday, August 12, 2020, as the deadline by which Khronos will raise this dispute with the Court and seek to quash the Current Subpoena.  Please let us know if you agree.

Very truly yours,

Eric B. Fisher

2