# Exhibit 4

Page 1

```
 1   UNITED STATES BANKRUPTCY COURT
 2   SOUTHERN DISTRICT OF NEW YORK
 3   Case No. 08-01789-smb
 4   - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
 5   SECURITIES INVESTOR PROTECTION CORPORATION,
 6                 Plaintiff,
 7          v.
 8   BERNARD L. MADOFF INVESTMENT SECURITIES, LLC, et al.,
 9                 Defendants.
10   - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
11
12                  United States Bankruptcy Court
13                  One Bowling Green
14                  New York, NY 10004
15
16                  September 9, 2020
17                  10:05 AM
18
19
20
21   B E F O R E :
22   HON STUART M. BERNSTEIN
23   U.S. BANKRUPTCY JUDGE
24
25   ECRO:   UNKNOWN
```

1  HEARING re Motion of Khronos LLC to Quash Trustees Rule 2004
2  Subpoena

```
 1   A P P E A R A N C E S:

 2

 3   BAKER HOSTETLER LLP

 4        Attorneys for Trustee Irving Picard

 5        45 Rockefeller Plaza

 6        New York, NY 10111

 7

 8   BY:  JASON OLIVER (TELEPHONICALLY)

 9

10   LAW FIRM OF BINDER & SCHWARTZ

11        Attorney for Khronos

12        366 Madison Avenue, Sixth Floor

13        New York, NY 10017

14

15   BY:  ERIC FISHER (TELEPHONICALLY)

16

17   SECURITIES INVESTOR PROTECTION CORPORATION

18        1667 K Street, N.W., Suite 1000

19        Washington, D.C 20006

20

21   BY:  KEVIN H. BELL (TELEPHONICALLY)

22

23   ALSO APPEARING TELEPHONICALLY:

24   ALIX BROZMAN

25   DAVID SHEEHAN
```

08-01789-cgm   Doc 20487-4   Filed 05/05/21   Entered 05/05/21 00:49:28   Exhibit 4
Pg 5 of 12

Page 21

1   sue, never identified himself as having a claim against

2   Montpellier International or Prince Assets LBC.

3         Of course, there's no foreign law affidavit in

4   front of the Court, but I think the insinuation that there

5   was anything improper about that or that notice was required

6   is just -- isn't right.

7         Mr. Oliver described Legacy as a going concern.

8   It isn't and never was a going concern after Madoff

9   collapsed because all it ever had was its Madoff accounts.

10   And the information that was provided to the Trustee in

11   post-judgment discovery showed the Trustee that Legacy's

12   assets as of today are essentially exactly what they were in

13   December 2008 when Madoff collapsed.  Nothing has changed

14   and the Trustee knew or should have --

15         THE COURT:  Well, but he's asking really or the

16   sense I get is that the Trustee is seeking information

17   relating to transfers by Montpellier and Prince as late as

18   2019 in the case of one of them.  He's not interested in

19   transfers -- I don't think he's interested in transfers from

20   Legacy to Montpellier and Prince.  I asked him that question

21   and he said that he was interested in post Montpellier and

22   Prince transfers, you know, the subsequent transfers.

23         MR. FISHER:  Understood, Your Honor.  But that's

24   why I don't think that there's really a rational basis for

25   the request, because you're talking then about distributions

Veritext Legal Solutions
212-267-6868    www.veritext.com    516-608-2400

1    that happened in 2017 and 2019 respectively without knowing,

2    you know, the hundreds of transactions and all the money in

3    and out that occurred over the 10 or 11 years between the

4    initial transfer and this subsequent transfer.  So I don't

5    see how that --

6              THE COURT:  How does the Trustee know that -- how

7    does the Trustee know that without discovery?

8              MR. FISHER:  Because if he's looking -- if the

9    Trustee is looking for information about a liquidation

10   occurring 10 or 11 years later, he's just got to offer some

11   theory as to why that's connected to something that happened

12   so many years before in a fund where there now is evidence

13   in the record that, you know, this is a substantial fund

14   with lots of transactions and a very substantial value

15   before its dissolution.

16             And, Your Honor, finally just to set the record

17   straight.  David Mayer is no longer an officer or in any

18   position of control at Khronos, LLC; it's Rafael Mayer who

19   is.  And starting at the end of 2016, as we've told the

20   Trustee and as is before the Court, Khronos no longer

21   provided any services to Prince Assets LBC or any Prince

22   entity.  And, you know, I'd be happy to provide the Trustee

23   with whatever information I have about who did provide

24   services to Prince Assets.

25             THE COURT:  But that should have been done before

1    any motion was made.  Look, it seems to me -- I'm not going

2    to prejudge the futility of information about transfers that

3    occurred after 2010, because that's what we're really

4    talking about since the last subpoena spoke as of 2010.

5             You may be right, Mr. Fisher.  But, you know, the

6    Trustee's theory is BLMIS made transfers to Legacy, Legacy

7    made transfers to Montpellier and Prince, and it's

8    reasonable to assume that in the course of the liquidations,

9    Montpellier and Prince, if not before then, made transfers

10   to its investors and/or its creditors.  So it's very

11   difficult to prejudge that.

12            In terms of burden, you really haven't told me

13   what the burden is other than the information is old, you've

14   told me that, or at least I thought I read in the papers

15   that you don't have any information relating to Prince.  If

16   you don't have any information, then you can satisfy the

17   Trustee to that with a brief deposition or whatever the

18   person who would know that; that's really the end of it.

19            But it seems to me that the Trustee is entitled to

20   examine into transfers made by Montpellier and Prince under

21   Rule 2004 because there's subsequent transferees and he has

22   a year from the date of the judgment, which I guess was

23   November 2019 based on what the papers say, to try and trace

24   those transfers.

25            You may be right; it may be a waste of, you know,

1    the Trustee's or SIPC's money. But it seems to me that if
2    that's what the Trustee wants to do, that's what the Trustee
3    can do. I mean, if Legacy doesn't really have any money, I
4    don't know why it's fighting the judgment so hard, but so be
5    it, or why the case isn't simply settled.
6             So, I mean, bottom line is the Trustee can
7    certainly examine into any transfers made by Montpellier or
8    Prince. Was the information regarding the transfers by
9    Montpellier and Prince produced in response to the 2010
10   subpoena, Mr. Fisher?
11            MR. FISHER: I'm sorry, Your Honor. Transfers
12   from Montpellier and Prince to its investors?
13            THE COURT: Yeah, to whoever.
14            MR. FISHER: No.
15            THE COURT: Well, investors/creditors, okay. So
16   that was never produced, so it seems to me that the Trustee
17   is entitled to documents relating to transfers made by
18   Montpellier and Prince to investors, to creditors, to
19   anybody.
20            You know, and I will say, Mr. Fisher, you said you
21   don't -- you know, it's futile for the Trustee to try and
22   trace, but I don't know what the tracing rules are in the
23   Cayman Islands or Bermuda, so I really can't say whether or
24   not it's futile.
25            With respect to some of the stuff that's being

1  requested, Mr. Oliver, I don't understand how it relates to
2  subsequent transfers.  I'm just looking through your
3  requests.  I mean, number four, documents or communications
4  concerning procedures, guidelines and policies for
5  investing, redeeming or monitoring BLMIS investments though
6  Legacy Capital.  Why are you asking that?
7           MR. OLIVER:  Well, we'd be interested to see if
8  there was any changes to any of the policies regarding,
9  again, the subsequent subsequent transfers, especially post-
10 2010.
11          THE COURT:  For what?  You're looking, trying to
12 identify subsequent transfers.  I don't know why these
13 policies have to be produced.  You're entitled to documents
14 relating to subsequent transfers by Montpellier and Prince.
15 If you can trace them back to BLMIS and find someone you can
16 sue, well, you're entitled to under Section 550.
17          MR. OLIVER:  Right.  Your Honor, I agree with your
18 assessment.  That particular document request was to get a
19 complete picture of the situation regarding any changes in
20 guidelines or procedures that might affect later in time.
21 But I do agree with Your Honor with respect to the
22 information we exactly -- we precisely need, that 550 would
23 provide us the ability to look into the subsequent
24 subsequent transfers.
25          THE COURT:  I'm just looking through some of these

1  other requests.  Well, why don't you see if you can come up
2  with a formulation of what I've just said, you know,
3  specifically does the transfer documents -- I don't know
4  about some of this other stuff.  Oh, here it is.
5           I'm looking at 15, 16 and 17: 15 is documents
6  concerning Prince's credit facility; 16 is documents
7  concerning a pledge agreement; 17 is documents concerning
8  relationship between all investors and Prince.  Either
9  somebody got a transfer, or they didn't get a transfer.
10 What difference does it make about the relationship with the
11 credit facilities?
12          MR. OLIVER:  Those specific document requests
13 would be related to identifying assets that might be pointed
14 out in those documents.  And also, it might identify the
15 identities of other subsequent transferees.
16          THE COURT:  Okay.  But that's swept in with all
17 documents relating to transfers by Montpellier and Prince
18 and any transfers of their transferees.
19          MR. OLIVER:  Agreed.
20          THE COURT:  In other words, the requests should be
21 tailored to following the money.
22          MR. OLIVER:  Yes, Your Honor.  We can certainly
23 work together to put together a proposal.
24          THE COURT:  Okay, that's what I'm authorizing.
25 And I agree, Mr. Fisher, that this should be done

1  expeditiously considering that the statute of limitations
2  under 550 is about to run in another couple of months.
3              MR. FISHER:  Understood.
4              THE COURT:  You can submit a consensual order or
5  settle an order on notice, Mr. Oliver, if you can't agree.
6              MR. OLIVER:  Thank you very much, Your Honor.
7              THE COURT:  Thank you.
8              MR. OLIVER:  Have a good day.
9              THE COURT:  You're excused.  Thank you.
10             MR. FISHER:  Thank you, Your Honor.
11 THE COURT:  Thank you.
12
13             (Whereupon these proceedings were concluded at
14 10:41 a.m.)
15
16
17
18
19
20
21
22
23
24
25

1        C E R T I F I C A T I O N

2

3        I, Sonya Ledanski Hyde, certified that the foregoing

4    transcript is a true and accurate record of the proceedings.

5

6

7

8    Sonya Ledanski Hyde

9

10

11

12

13

14

15

16

17

18

19

20    Veritext Legal Solutions

21    330 Old Country Road

22    Suite 300

23    Mineola, NY 11501

24

25    Date:   September 10, 2020