# Exhibit 10

## Redacted Version of Document Filed Under Seal

**Eric B. Fisher**
**Binder & Schwartz LLP**
366 Madison Avenue, 6th Floor, New York, NY 10017
Tel 212.933.4551  Fax 212.510.7299
efisher@binderschwartz.com

October 22, 2020

**VIA EMAIL**
Jason Oliver, Esq.
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, NY 10111

   Re: <u>Securities Investor Protection Corp. v. Bernard L. Madoff Investment Securities LLC and In re Bernard L. Madoff, Adv. Pro. No. 08-01789 (SMB) (Bankr. S.D.N.Y.)</u>

Dear Jason:

  This letter responds to your letters from October 16 and 20. Khronos LLC ("Khronos") has been in the process of retrieving, reviewing and producing to you banking records that systematically show every transfer to and from Montpellier International Ltd. ("Montpellier International"), and any transfers of its transferees. As you know, this involves thousands of transfers over a period of approximately eleven years and includes information going back approximately thirteen years.

  Please understand that, contrary to what the Trustee may believe, Khronos is now a small operation, having been greatly diminished in no small part due to the reputational cloud created by the Trustee's ceaseless litigation. The personnel who maintained this historical information are no longer with Khronos, and the remaining skeletal staff currently available to work on collecting this information are working diligently while contending with extreme difficulties posed by the pandemic.

  In your October 16, 2020 letter, you asked us to produce additional documents sufficient to help you better identify the recipients of *all* of these transfers. This request is absurd on its face as it is unlimited in time, and you have made no attempt to narrow your request in a way that would suggest a good faith effort on your part to try to trace these transfers back to BLMIS customer property. We don't know why you want to know the identity of every transferee for thousands of transfers over a period of more than ten years. Nonetheless, since receiving your letter, we have been in the process of trying to accommodate your request, and we hope to identify the transferees for all ten-plus years of transfers about which you have inquired. We are working hard to compile and provide this information before the Friday deadline. In the course of gathering this information, we have learned that Khronos is prohibited under Bermuda law under risk of criminal penalty from providing information about the identity of investors in Montpellier Resources Ltd. ("Montpellier Resources"). That is the only limitation on our ability

to provide this information to you. However, we have determined that we are permitted under Bermuda law to provide you with information about the Montpellier Resources investor redemption account in a redacted form that will allow you to see the dates and amounts of every transfer in and out of that account.

In your letter from 9:43pm on October 20, you further expanded your request of Khronos, now asking for the identity of all transferees *and transferors*. We think the identity of the transferors has been made clear to you because we have identified the account holder for each banking record we have produced to you. If there is something further you are requesting with regard to the identity of the transferors, please let us know what that is and why you think you need it.

We don't expect that it will be a problem to produce the native Excel files for the letter of credit accounts you asked about, even though this request is pointless insofar as the native files don't have any more information than what already has been provided to you.

**REDACTED**

Finally, regarding your requests on October 16 and 20 for more information about Legacy's 2007 transfers to Montpellier International, this is exactly the category of information that you sought to discover through your Rule 2004 subpoena back in 2010, and this request is beyond the scope of the Court's current order and is inconsistent with the manner in which the Court narrowed the discovery to which you are now entitled. We also do not understand the relevance of this request for information that is thirteen years old since you already have Legacy accounting documents confirming the dates and amounts of Legacy's transfers to Montpellier International. Please let us know why you need this additional information, and we will further consider the request.

Very truly yours,

Eric B. Fisher

2