# Exhibit 11

## Redacted Version of Document Filed Under Seal

**Eric B. Fisher**
**Binder & Schwartz LLP**
366 Madison Avenue, 6th Floor, New York, NY 10017
Tel 212.933.4551  Fax 212.510.7299
efisher@binderschwartz.com

November 2, 2020

**VIA EMAIL**
Jason Oliver, Esq.
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, NY 10111

      Re:    Securities Investor Protection Corp. v. Bernard L. Madoff Investment Securities LLC and In re Bernard L. Madoff, Adv. Pro. No. 08-01789 (SMB) (Bankr. S.D.N.Y.)

Dear Jason:

      We write on behalf of Khronos LLC ("Khronos") to follow up on our telephone meeting this past Friday morning and in response to your Friday evening letter.

      We disagree with your contention that Khronos' production does not satisfy Judge Bernstein's Order. As explained, we timely provided you with banking records and other documents showing all transfers of Montpellier International Ltd. ("Montpellier International") and its transferees. This production included information for multiple bank accounts, and the period covered by our production spans thousands of transactions and approximately eleven years. We have been, and continue to be, willing to entertain your follow-up requests for additional information in the spirit of resolving disputes where we can. We respond below to the additional information requests set forth in your letter and discussed during our call. Our willingness to produce any additional information is dependent upon your willingness to reach a global resolution of all disputes concerning the scope of Khronos' document production.

(a) <u>Internal Financial Records for Montpellier International Ltd</u>. Khronos used Excel spreadsheets to track Montpellier International's transactions. There are no QuickBooks files or similar electronic accounting files. The master spreadsheets maintained by Khronos include information that has nothing to do with Montpellier International. We are willing to extract all information from these Excel spreadsheets that pertains to Montpellier International and to provide the information to you as a native Excel file.

(b) <u>Any documents, agreements or correspondence between Montpellier International or Prince Assets LDC ("Prince Assets") and Legacy Capital related to redemptions out of Legacy Capital</u>. This follow-up request plainly goes beyond the scope of what the Trustee is entitled to under Judge Bernstein's Order, as it is a far cry from the follow-the-money information contemplated by the order. As explained below, we are

    willing to provide banking and funds-transfer documents in Khronos' possession, custody or control showing the particulars of these 2007 and 2008 redemptions.

(c) <u>Legacy Capital bank statements and wire files</u>. This is an unreasonable follow-up request to the extent it is not limited to transfers to Montpellier International and Prince Assets, and it is not limited in time. It also goes beyond the scope of what was contemplated in Judge Bernstein's Order. We are willing to produce any bank statements and wire transfer information in Khronos' possession, custody or control concerning the 2007 and 2008 transfers from Legacy' to Montpellier International and Prince Assets, respectively.

(d) <u>Montpellier International bank statements not previously produced as well as wire files for all bank statements</u>. Khronos has produced all Montpellier International bank statements in its possession, custody or control. It is unreasonable to ask for all wire files for thousands of wire transfers over more than ten years and to refuse, as you have, to narrow your request to some reasonable subset. As previously advised, if there are particular Montpellier International transfers that are of interest to you, we are willing to investigate to see if we can locate any detailed wire transfer information for you, provided that you identify any such specific requests by close of business on Thursday.

(e) <u>Information sufficient to identify by proper legal name the entities set forth on the already produced account statements and ledgers</u>. As already set forth above, we are willing to provide to you all Montpellier International information contained in these ledgers in its native Excel format. As we've advised, this information will suffer from the same abbreviation and acronym features that you've complained about to us already, because we've already provided you with the information as it is maintained in the ledgers. Our previous offer, which goes beyond what is required of Khronos, still remains: If you identify any particular acronyms or abbreviations that are of interest to you in the ledgers, we are willing to help decode them for you.

(f) <span style="color:red">REDACTED</span>

(g) <u>Bank account ownership</u>. We are willing to look for and produce documents confirming what we already have represented to you about the owners of the various bank accounts.

(h) <u>Transfers from Legacy to Montpellier International and Prince Assets</u>. Your request for more information about these transfers is addressed in (c) above.

    We recognize that you are now under time pressure because you've waited more than ten years before seeking the above information. If you confirm by close of business tomorrow that

2

our proposal set forth above is acceptable and will resolve all disputes concerning the current production, we commit to provide the information as quickly as we responsibly can on a rolling basis, and we further commit that this supplemental production will be completed no later than Monday, November 9.

                                        Very truly yours,

                                        Eric B. Fisher