# EXHIBIT 13

**CHAITMAN LLP**
Helen Davis Chaitman
hchaitman@chaitmanllp.com
465 Park Avenue
New York, New York 10022
Phone & Fax: 888-759-1114

*Attorneys for Defendant Judd Robbins*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br> Plaintiff-Applicant, <br><br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br> Defendant. | Adv. Pro. No. 08-1789 (SMB) <br><br> SIPA LIQUIDATION <br><br> (Substantively Consolidated) |
| In re: <br><br> BERNARD L. MADOFF, <br><br> Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff <br><br> Plaintiff, <br><br> v. <br><br> JUDD ROBBINS, <br><br> Defendant. | Adv. Pro. No. 10-04503 (SMB) |

## RESPONSES AND OBJECTIONS OF DEFENDANT JUDD ROBBINS TO TRUSTEE'S FIRST SET OF INTERROGATORIES

JUDD ROBBINS ("Responding Party"), by and through his attorneys, and pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Rules 7026 and 7033 of the Federal Rules of Bankruptcy Procedure, and the Local Rules of this Court, hereby responds and objects to the First Set of Interrogatories (the "Requests") of trustee Irving H. Picard (the "Trustee") as follows:

## GENERAL OBJECTIONS

1.     Responding Party objects to each instruction, definition, and Request to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2.     Responding Party objects to each instruction, definition, and Request to the extent it is vague, ambiguous, overly broad and unduly burdensome, or requests the production of documents that are not relevant to any parties' claims or defenses.

3.     Responding Party objects to the Requests to the extent they request disclosure of (i) legal theories, legal opinions, mental impressions or other information of Responding Parties' counsel, (ii) any information protected by any privilege, including, without limitation, the attorney-client privilege or the privilege afforded to settlements or settlement negotiations, or (iii) any other available and valid grounds for withholding information or documents from production, including, without limitation, the attorney work product doctrine. Nothing contained in these responses should be interpreted as a waiver of any such privilege or doctrine.

4.     Responding Party objects to the Requests to the extent they require production of documents not within the possession, custody, or control of the Responding Party.

5.      Responding Party objects to the Requests to the extent they call for legal conclusions.

6.      Responding Party objects to the Requests to the extent they seek disclosure of proprietary and/or confidential information.

7.      Responding Party objects to each definition, instruction, and Request as overbroad and unduly burdensome to the extent it seeks documents that are readily or more accessible to the Propounding Party from its own files or documents, which the Propounding Party previously produced to the Responding Party.

8.      Responding Party reserves all objections as to the competence, relevance, materiality, admissibility, or privileged status of any information provided in response to these Requests, unless the Responding Party specifically states otherwise.

9.      Responding Party's responses to the Requests are based upon information presently available.  Responding Party has not completed discovery.  Accordingly, these responses are made without prejudice to Responding Party's right to present additional evidence based upon information subsequently obtained or evaluated.

10.      Responding Party expressly reserves the right to supplement, clarify, revise, or correct any responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

11.      Responding Party's response to each of the Requests is made subject to these General Objections and limitations.  Responding Party sets them out here to avoid repeating them in response to each individual Request.  Responding Party's failure to specifically set forth an objection in response to a particular Request shall not be construed as a waiver of said objection.

12.    Responding Party objects to the Requests to the extent that they seek disclosure of information or production of documents which are outside of the "Applicable Period" or for a time period that has no relevance to the issues in the complaint and answer.

## RESPONSES AND OBJECTIONS

1.    Identify each Person who was involved in answering these discovery requests and explain each Person's role in answering these discovery requests.

**ANSWER:    Judd Robbins.**

2.    If you dispute the transactions listed in Exhibit B to the Complaint in any way, identify the specific disputed transactions and all facts and documents that support your claim.

**ANSWER:    Responding Party does not dispute the deposits and withdrawals listed in Exhibit B to the Complaint.**

3.    Identify any transaction that you contend is missing from Exhibit B to the Complaint and all facts and documents that support your claim.

**ANSWER:    Responding Party cannot, at the present time, identify any missing transactions.**

4.    Identify the bank or financial institution from which each deposit into the Account was made specifically listing the date of the transaction, the bank or financial institution, and account numbers.

**ANSWER:    Responding Party does not dispute the deposits and withdrawals reflected on Exhibit B to the complaint and the Trustee has Madoff's checks showing where they were deposited.    To the extent the Trustee seeks information concerning subsequent transfers, the Trustee has no right to any bank information and seeks such**

**information for the improper purpose of taking discovery to frame a complaint against**

**subsequent transferees.**

5.    Identify the bank or financial institution to which each withdrawal from the Account was made specifically listing the date of the transaction, the bank or financial institution, and account numbers.

**ANSWER:    See answer to #4.**

6.    Identify the reasons for the transfer from the Account to BLMIS Account No. 1ZB408 in the name of New Balance Investments LLC c/o Robert J. Mintz, Esq. on or about May 15, 2001.

**ANSWER:    Responding Party intended to diversify his IRA investments and formed New Balance Investments LLC for that purpose.  However, the funds remained with Madoff and were returned to the Account.**

7.    Identify the reasons for the transfers to the Account from BLMIS Account No. 1ZB408 in the name of New Balance Investments LLC c/o Robert J. Mintz, Esq. on or about September 26, 2001 and April 23, 2002.

**ANSWER:    Responding Party decided not to diversify his IRA investments through the New Balance Investments LLC account and put the money back into the Account.**

8.    Identify the reasons for each Transfer.

**ANSWER:    Beginning in 2005, Responding Party made transfers out of the Account into other IRA accounts in order to diversify his IRA investments.  In addition, Responding Party took IRA withdrawals for his support and to pay taxes on the amounts withdrawn.**

9.    Identify the reasons for each Subsequent Transfer.

**ANSWER:    Responding Party refuses to answer this interrogatory because it is improper and it is unethical for the Trustee to be seeking information necessary to frame a complaint against subsequent transferees.**

10.    Identify each Person with knowledge of any Transfer, the circumstances under which each Person obtained such knowledge, and the substance of that Person's knowledge.

**ANSWER:    Responding Party has knowledge of the Transfers.**

11.    Identify: (a) each Person or entity that ever received funds withdrawn from the Account, whether directly or indirectly; (b) the amount of money that each such Person or entity received; and (c) the date(s) on which each Person or entity received such money.

**ANSWER:    The Transfers were made to other IRA accounts and for the support of Responding Party.**

12.    Identify all Persons who benefited from any Transfer, including, but not limited to, Persons who received or enjoyed the benefit of anything paid for with any funds that were part of any Transfer, and describe how these Persons benefited.

**ANSWER:    The Account was established as an IRA account for the Responding Party.  All of the Transfers from 2005 on were used to support the Responding Party or to pay taxes.**

13.    To the extent not already provided in Your responses to the preceding Interrogatories, state how You used any money You received from the Transfers.

**ANSWER:    See # 12.**

14.    Identify any and all banks and/or financial institutions where You hold or have held accounts during the Applicable Period, and for each account, give the account number, the date the account was opened, and the date the account was closed.

**ANSWER:    Responding Party does not dispute the deposits and withdrawals reflected on Exhibit B to the complaint.  Therefore, the Trustee has no right to any bank information.**

15.    Identify any instance when You communicated to BLMIS any disagreement with respect to the accuracy of the deposits reflected on the customer statements.

**ANSWER:    Responding Party does not recall.**

16.    Identify any instance when You communicated to BLMIS any disagreement with respect to the accuracy of the withdrawals reflected on the customer statements.

**ANSWER:    See answer to #15.**

17.    Regarding the sixteenth affirmative defense in Your Answer to the Complaint, describe the factual basis for Your claim that the "Defendant is entitled to setoff, recoupment, and/or equitable adjustment because each year Defendant was required to pay taxes on the fictitious profits reported on, among other things, IRS Form 1099 and other information reported by BLMIS or Madoff to the Internal Revenue Service, state and/or local governmental taxing authorities," including, but not limited to, the amount paid in taxes on reported fictitious profits, by year, the taxing authority to which they were paid and the amount of the reported income from which the tax obligations arose.

**ANSWER:    The defense concerning payment of short term capital gains taxes is based upon Responding Party's testimony as to the payment of the applicable tax rates for**

each year of the Account and the reported income as reflected in Madoff's statements which are in the Trustee's possession.

18.    Regarding the twentieth affirmative defense in Your Answer to the Complaint, describe the factual basis for Your claim that the "Trustee has fraudulently calculated Defendant's liability by charging Defendant with withdrawals that the Trustee has no proof were taken," including, but not limited to, Identifying the withdrawals You contend are at issue by date and amount.

**ANSWER:    This defense relates to inter-account transfers which the Trustee has disallowed without any factual basis and to all withdrawals for which the Trustee lacks reliable documentary evidence.**

19.    Regarding the twenty-seventh affirmative defense in Your Answer to the Complaint, describe the factual basis for Your claim that the "Trustee's claims are barred in whole or part for failure to properly credit inter-account transfers, profit withdrawals, and other adjustments," including, but not limited to, Identifying the inter-account transfers, profit withdrawals and other adjustments you contend were not properly credited, the amounts you contend should be credited and all Documents supporting your contention.

**ANSWER:    The Trustee has admitted that Madoff's records are permeated with fraud. Therefore they cannot possibly be reliable and/or admissible.**

20.    Regarding the thirty-seventh affirmative defense in Your Answer to the Complaint, describe the factual basis for Your claim that the "withdrawals that the Trustee seeks to recover were legally compelled under State and federal securities laws," including Identifying the withdrawals that You contend were legally compelled by date and amount, the law, statute,

regulation or other legal provision under which each was compelled, and all Documents supporting your contention.

**ANSWER:** **Under the securities laws, the balance in the Account belonged to the Account Holder, and Madoff was required to follow the Account Holder's instructions.**

21.    Regarding the forty-sixth affirmative defense in Your Answer to the Complaint, describe the factual basis for Your claim that "Trustee's claims are barred in whole or part for failure to properly credit Defendant with all of Defendant's deposits," including Identifying the deposits that You contend were not properly credited by date and amount, the amounts you contend should be credited, and all Documents supporting your contention.

**ANSWER:** **The Trustee has improperly discounted all inter-account transfers without any basis.**

22.    To the extent not already provided in Your responses herein, describe the factual basis for each denial of a material allegation and each affirmative defense in Your answer to the Complaint, including the facts upon which You base the denial or affirmative defense; the names, addresses, and telephone numbers of all Persons who have knowledge of those facts; and all Documents and other tangible things that support Your denial or affirmative defense.

**ANSWER:** **Most of the affirmative defenses are based on legal arguments. However:**

**(a)    The defense concerning payment of capital gains taxes is based upon Responding Party's testimony as to the payment of taxes at the applicable tax rates for each year of the Account and the reported income as reflected in Madoff's statements which are in the Trustee's possession.**

(b)      The defense concerning Madoff not being a Ponzi scheme is based upon the non-investment advisory activities of Madoff as reflected in documents in the Trustee's possession and upon the testimony of Bernard L. Madoff and various employees (yet to be identified) who worked in the propriety trading and market-making operations.

(c)      The defense concerning the denial of the Trustee's determination of "net equity" is based, in part, upon the Trustee's dishonest treatment of profit withdrawals and his lack of any documentary evidence pre-dating December 1998.

(d)      The defense concerning the Trustee's due process violations is based upon the Trustee's compensation structure with Baker & Hostetler, LLP which the Trustee is obligated to disclose.

(e)      The defense concerning the "value" bestowed on Madoff by Defendants is based, in part, upon expert testimony that Defendants intend to develop.

(f)      The defense concerning inter-account transfers is based upon the Trustee's improper application of his net investment method to transactions that occurred prior to 1992.

23.      Identify any Person with knowledge of information relevant to this Adversary Proceeding who may be in possession of any Documents or other information Concerning any Transfers, deposits, or Subsequent Transfers, including but not limited to any banks, financial advisors, accountants, auditors, securities brokers, and/or other financial professionals.  For every Person Identified, please provide their name, address, telephone number, the circumstances under which each Person obtained such knowledge and the substance of that Person's knowledge.

**ANSWER:**    **Annette Bongiorno; Bernard L. Madoff and possibly other Madoff employees.    To the extent this interrogatory seeks information about subsequent transferees, the interrogatory is improper and it is unethical for the Trustee to be seeking this information to form a complaint against subsequent transferees.**

24.    To the extent not already provided in Your responses to other written discovery, Identify by category, general description, custodian and location, all relevant documents, electronically stored information, and other physical evidence in Your possession, custody or control.

**ANSWER:**    **There are no such documents.**

October 10, 2016

CHAITMAN LLP
By: _/s/ Helen Davis Chaitman_
465 Park Avenue
New York, New York 10022
Phone & Fax: 888-759-1114
hchaitman@chaitmanllp.com

_Attorneys for Defendant Judd Robbins_

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                    Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                    Defendant. | No. 08-01789 (SMB)<br>SIPA LIQUIDATION<br>(Substantively Consolidated) |
| In re:<br>BERNARD L. MADOFF,<br><br>                    Debtor. |  |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff,<br><br>                    Plaintiff,<br><br>v.<br><br>JUDD ROBBINS,<br><br>                    Defendant. | Adv. Pro. No. 10-04503 (SMB)<br><br>VERIFICATION |

I, JUDD ROBBINS,  declare pursuant to 28 U.S.C. § 1746, that I have read the foregoing interrogatory answers and that the responses contained therein are true and correct to the best of my knowledge, information and belief.   I understand that if any of these responses is found to be willfully false, I am subject to punishment.

Oct 10, 2016

_____
Judd Robbins

{N0047184 }   1

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true and accurate copy of the foregoing was served this 13th day of

October, 2016 by electronic and the 14th day of October, 2016 by USPS first class mail upon the

following:

BAKER & HOSTETLER LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email:  dsheehan@bakerlaw.com
Nicholas J. Cremona
Email:  ncremona@bakerlaw.com
Brian W. Song
Email: bsong@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities*
*LLC and the Estate of Bernard L. Madoff*

**CHAITMAN LLP**
By: /s/  *Helen Davis Chaitman*
465 Park Avenue
New York, New York 10022
Phone & Fax: 888-759-1114
hchaitman@chaitmanllp.com

*Attorneys for Defendant Judd*
*Robbins*