# BakerHostetler

June 14, 2021

**VIA ECF**

Honorable Cecelia G. Morris, Chief Judge
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 627
New York, New York 10004-1408

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

Marco Molina
direct dial: 212.589.4231
mmolina@bakerlaw.com

Re:   *Picard v. Square One Fund Ltd.*, Adv. Pro. No. 10-04330 (CGM) (Bankr. S.D.N.Y.)

Dear Chief Judge Morris:

We represent Irving H. Picard, the trustee ("**Trustee**") for the liquidation of Bernard L. Madoff Investment Securities LLC ("**BLMIS**") and the substantively consolidated estate of Bernard L. Madoff in the above-referenced adversary proceeding. On behalf of the Trustee, and for the reasons below, we respectfully request that the Court extend the discovery deadlines as provided in the enclosed Proposed Order Amending the Case Management Plan ("**Proposed Order**") and, should the Court require a conference to adjudicate this request, that such conference be scheduled as soon as practicable. This is the first request by either party for an extension of any discovery deadlines. Under Local Rule 7007-1 and Your Honor's Chambers Rules, enclosed is an affirmation certifying that the Trustee conferred with Square One Fund Ltd. ("**Square One**" or "**Defendant**"), who has declined to consent to the requested extensions.

## I.   Case Background

On December 21, 2018, the Trustee filed an amended complaint ("**Amended Complaint**") against Square One to avoid and recover fraudulent transfers from BLMIS.[1] On May 29, 2019, the Court issued an oral decision denying, in part, Defendant's motion to dismiss the Amended Complaint.[2] On July 16, 2019, the Court issued the Case Management Plan.[3] The parties have since been engaged in fact discovery. Currently, fact discovery is set to close on July 30, 2021.

## II.   There is Good Cause for the Requested Extension

Courts can grant requests to extend the discovery period if "good cause" exists.[4] Here, there is good cause for the requested extension because the Trustee diligently pursued the

---

[1] Amended Complaint, *Picard v. Square One Fund Ltd.*, Adv. Pro. No. 10-04330 (CGM) (Bankr. S.D.N.Y. Dec. 21, 2018), ECF No. 167.
[2] *Id.*, Transcript regarding hearing held on 5/29/19 at 41:16–44:01 (Bankr. S.D.N.Y. May 30, 2019), ECF No. 181.
[3] *Id.*, Case Management Plan (Bankr. S.D.N.Y. July 16, 2019), ECF No. 178.
[4] *See* FED. R. CIV. P. 16(b)(4) (as incorporated by FED. R. BANKR. P. 7016) ("[a] schedule may be modified only for good cause and with the judge's consent.").

Chief Judge Morris
June 14, 2021
Page 2

discovery required to prove his claims. Despite his diligence, the Trustee's efforts have been frustrated because: (i) Square One has not fully complied with the Trustee's discovery requests; (ii) much of the evidence is located abroad and, thus, subject to time-intensive international procedures; and (iii) there have been unavoidable delays related to the COVID-19 Pandemic.

The Trustee served Defendant with his First Set of Requests for Production ("**Requests**") on August 6, 2019. The Trustee has since worked in good faith with Square One to obtain materials responsive to his Requests while simultaneously pursuing third-party discovery. But Square One has not complied with the Requests in timely fashion, as evidenced by its production of responsive documents on June 11, 2021, nearly two (2) years after receiving the Requests and despite the Trustee's consistent efforts to obtain these documents earlier. The Trustee has diligently worked with Square One to expedite the outstanding discovery by, *inter alia*, exchanging more than 20 letters, engaging in numerous conferences, and serving interrogatories and a deposition notice in an attempt to narrow the disputed discovery issues. The Trustee even paid half of the costs of Defendant's recent collection of documents that are responsive to the Requests and are located in Switzerland at the offices of Square One's agent, Partners Advisers S.A. But Square One still has not produced many of the Partners Advisers documents and only recently produced a portion of them last week, making it impossible for the Trustee to pursue his fact discovery efforts within the operative discovery deadlines. Importantly, the outstanding and recently produced Partners Advisers documents are integral to the claims and defenses in this case because they concern key allegations that this Court has identified as material to the determination of Square One's good faith.[5] These documents will inform many of the Trustee's remaining discovery efforts.

The Trustee's third-party discovery efforts have also been frustrated because much of the relevant evidence is located abroad. Thus, the Trustee has relied (and will continue to rely) on international discovery channels, which are governed by separate procedures and take time. While the Trustee anticipated, and the Court appreciated, this fact when he requested a two-year fact discovery period, he could not have anticipated these efforts would be stalled by Defendant's delays in responding to the Requests given that such responses inform third-party discovery.

Nor could the Trustee have anticipated the COVID-19 Pandemic, which made certain international discovery impossible due to the closing of courts in foreign jurisdictions and the Trustee's inability to identify and/or locate key witnesses and relevant documents because of travel restrictions that were imposed last year (many of which remain to this day). Needless to say, the Pandemic has also significantly frustrated the Trustee's domestic discovery efforts.

Accordingly, there is good cause for extending the discovery deadlines and the Trustee respectfully requests that they be extended in accordance with the Proposed Order.

Respectfully,

Marco Molina

---

[5] Transcript regarding hearing held on 5/29/19 at 41:16–44:01, *Picard v. Square One Fund Ltd.*, Adv. Pro. No. 10-04330 (CGM) (Bankr. S.D.N.Y. May 30, 2019), ECF No. 181.