**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (CGM)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>Plaintiff,<br><br>v.<br><br>SQUARE ONE FUND LTD.,<br><br>Defendant. | Adv. Pro. No. 10-04330 (CGM) |

**MOTION FOR THE ISSUANCE OF LETTER OF REQUEST**

1.      Irving H. Picard (the "Trustee"), trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS"), under the Securities Investor Protection Act ("SIPA"), substantively consolidated with the chapter 7 estate of Bernard L. Madoff, through the Trustee's attorneys, Baker & Hostetler LLP, respectfully submits this Motion for the Issuance of a Letter of Request for International Judicial Assistance to the judicial authorities of Switzerland for the examination of Mr. Luc Deblue, a resident of Vaud, Switzerland.

2.  This application is made pursuant to 28 U.S.C. § 1781, this Court's inherent authority, and in light of the comity between the United States and Switzerland. Service will be effected pursuant to the *Hague Convention of 18 March 1970 of the Taking of Evidence Abroad in Civil or Commercial Matters*, to which the United States and Switzerland are signatories.

3.  Mr. Deblue is a foreign citizen and a non-party. Thus, the Letter of Request provides the only means of compelling discovery from him.

## FACTUAL BACKGROUND

**Madoff's Ponzi Scheme and Square One's Connection to BLMIS**

4.  Madoff, through the investment advisory business of BLMIS, conducted a decades-long Ponzi scheme of breathtaking scale. (*See* Trustee's Amended Complaint filed on December 21, 2018, ¶ 39 (ECF No. 167).)

5.  Square One Fund Ltd. ("Square One") is a British Virgin Islands investment fund that invested exclusively with BLMIS from approximately December 1998 until December 2008. (*Id.* ¶¶ 2–3, 63–64.)

6.  In the two years preceding BLMIS's collapse, Square One received $6,410,000 in fraudulent transfers from BLMIS. (*Id.* ¶ 187.)

7.  Square One received these transfers without "good faith" because it either knew or consciously avoided knowing that BLMIS's investment advisory business was a fraud. (*Id.* ¶¶ 7–16, 126–28, 149, 182.)

8.  Luc Estenne created Square One and served as its director and manager. Mr. Estenne continues to serve in these capacities to this day. (*Id.* ¶¶ 4, 71–73.)

9.  While running Square One, Mr. Estenne also ran a highly successful investment advisory firm, Partners Advisers S.A. ("Partners Advisers"), in Geneva, Switzerland. (*Id.* ¶ 5.)

10. Partners Advisers tracked and analyzed BLMIS's purported investment returns over a ten-year period, culminating in an analytical study (the "Estenne Study") conducted by Mr. Estenne and Square One in 1999. (*Id.* ¶ 100.)

11. The Estenne Study confirmed that BLMIS's returns were implausible and had little to no correlation with BLMIS's purported investment strategy. (*Id.* ¶¶ 102–11, 116–19.)

12. In or around 2003, Partners Advisers alerted Mr. Estenne to several red flags of fraud concerning BLMIS's operations. (*Id.* ¶¶ 149–57.)

13. As a result of this warning and other indicia of fraud, Mr. Estenne redeemed his personal investments in Square One and advised certain others close to him to do the same. (*Id.* ¶¶ 163–65.)

14. Nevertheless, Mr. Estenne continued to direct Square One to solicit investments from other investors while taking fees off the top of those investments. (*Id.* ¶ 167.)

15. Mr. Estenne also took steps to ensure that neither Square One nor BLMIS would be subject to any due diligence reviews by Square One's investment manager or Partners Advisers. (*Id.* ¶ 169–71.)

**Mr. Deblue Has Relevant Knowledge**

16. Mr. Deblue worked for Partners Advisers from February 2006 to December 2006.

17. Partners Advisers was a service provider for Square One, providing back office functions.

18. The Trustee's ongoing investigation has uncovered that Mr. Deblue may have personal knowledge concerning the Trustee's allegations that Square One knew or consciously avoided knowing that BLMIS's investment advisory business was a fraud.

19. Specifically, the Trustee's investigation has uncovered that in connection with his role at Partners Advisers, Mr. Deblue performed back office tasks for Square One, including but

3

not limited to working with Square One's administrator, approving and distributing the monthly net asset value calculations with Square One's shareholders, and approving redemption requests received from Square One's shareholders.

20. The work that Mr. Deblue carried out on behalf of Square One gives him knowledge of Partners Advisers' role in Square One. Mr. Deblue's testimony as to his work on Square One will allow the Trustee to show that Partners Advisers acted as an agent for Square One.

21. The Trustee's investigation has also uncovered that in connection with his role at Partners Advisers, Mr. Deblue communicated with Mr. Estenne, and Partners Advisers employees, Mr. Timothée Henry, and Mr. Jérôme Müller about Square One, BLMIS, and/or feeder funds into BLMIS.

22. The Trustee believes that Mr. Deblue's knowledge stemming from his communications with Mr. Estenne, Mr. Henry, and Mr. Müller will enable the Trustee to prove that, Mr. Estenne and Partners Advisers continued to direct Square One to solicit investments while taking fees off the top of those investments despite concerns over the legitimacy of BLMIS's investment advisory business.

23. The Letter of Request is part of the Trustee's efforts to obtain testimony regarding Square One's knowledge of fraud at BLMIS. The testimony sought is directly relevant to the Trustee's allegations in the ongoing proceedings and is intended for use at trial to support the Trustee's claims to avoid and recover fraudulent transfers to Square One. This evidence is essential for the Trustee to fulfill his statutory mandate to maximize recovery of customer property for the ultimate benefit of all of Madoff's defrauded victims.

24. For the above reasons, the Trustee believes that the Proposed Letter of Request (**Exhibit A**) is just and appropriate and respectfully requests that the Court issue such Letter of Request to the indicated Judicial Authority.

Dated: New York, New York
      June 25, 2021

Respectfully submitted,

*/s/   Marco Molina*
**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan, Esq.
dsheehan@bakerlaw.com
Marco Molina, Esq.
mmolina@bakerlaw.com
Matthew D. Feil, Esq.
mfeil@bakerlaw.com
Ganesh Krishna, Esq.
gkrishna@bakerlaw.com
Andrew M. Serrao, Esq.
aserrao@bakerlaw.com
Victoria L. Stork, Esq.
vstork@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff*