**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>       Plaintiff-Applicant<br><br>    v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>       Defendant. | Adv. Pro. No. 08-1789 (CGM)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>       Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, as assignee of Fairfield Sentry Limited,<br><br>       Plaintiff,<br><br>    v.<br><br>FAIRFIELD INVESTMENT FUND LIMITED, STABLE FUND, FAIRFIELD GREENWICH (BERMUDA) LIMITED, FAIRFIELD GREENWICH ADVISORS, LLC, FAIRFIELD GREENWICH LIMITED, FAIRFIELD INTERNATIONAL MANAGERS, INC., WALTER M. NOEL, JR., JEFFREY TUCKER, ANDRÉS PIEDRAHITA, AMIT VIJAYVERGIYA, PHILIP TOUB, CORINA NOEL PIEDRAHITA, FAIRFIELD GREENWICH CAPITAL PARTNERS and SHARE MANAGEMENT LLC,<br><br>       Defendants. | Adv. Pro. No. 09-01239 (CGM)<br><br>**Opposition: July 9, 2021**<br><br>**Reply: July 16, 2021**<br><br>**Return Date: July 28, 2021** |

**DEFENDANTS' MOTION FOR LEAVE TO FILE COPIES OF DOCUMENTS**
**INCORPORATED IN THE TRUSTEE'S PLEADINGS**

Defendants Fairfield Investment Fund Limited, Stable Fund, Fairfield Greenwich Limited, Fairfield Greenwich (Bermuda) Limited, Fairfield Greenwich Advisors LLC, Fairfield International Managers, Inc., Amit Vijayvergiya, Philip Toub, Corina Noel Piedrahita, Fairfield Greenwich Capital Partners, and Share Management LLC (together, "Defendants") respectfully move for leave to file copies of certain documents incorporated in the Trustee's pleadings, or, in the alternative, for an order directing the Trustee to file copies of the documents he designated as exhibits to the First Amended Complaint ("FAC") in this action, (ECF #23).

The Trustee filed the FAC on July 20, 2010, designating 111 documents as exhibits, all of which he offered to provide to the Court "upon written or telephonic request." FAC at 224. Although Defendants have no record that the Trustee provided the FAC exhibits to the Court, the Trustee's failure to submit these exhibits does not excise them from the pleading record. Indeed, the Trustee's Second Amended Complaint ("SAC") (ECF #286)—which does not append any exhibits—quotes liberally, and without attribution, from many of the FAC exhibits, reaffirming that they are part of the Trustee's pleadings. *See, e.g.*, SAC ¶¶ 169, 186, 242, 244-251, 253, 255, 257-258, and 285.

Defendants properly cited certain of the FAC exhibits in their Motion to Dismiss the SAC, (ECF #305), and during oral argument on June 16, 2021, (ECF #325). To ensure that the Court has copies of the foregoing documents, Defendants submitted courtesy copies on June 22, 2021. By Minute Order dated June 24, 2021, the Court denied Defendants' courtesy submission "without prejudice, to Party requesting the relief formally in a motion." (ECF # 329). Defendants therefore submit the instant motion, seeking leave of the Court to provide copies of the documents that the Court may—and, respectfully should—consider in resolving Defendants' Motion to Dismiss.

1

**ARGUMENT**

As explained in Defendants' Motion to Dismiss (Mot. at 5), and uncontested in the Trustee's Opposition, a "complaint is deemed to include any written instrument attached to it as an exhibit." *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991); *see Lynch v. City of N.Y.*, 952 F.3d 67, 79 (2d Cir. 2020) (citing Fed. R. Civ. P. 10(c)) ("It is well established that a pleading is deemed to include any 'written instrument' that . . . is incorporated in it by reference."); *DiFolco v. MSNBC Cable LLC*, 622 F.3d 104, 111 (2d Cir. 2010) (on a motion to dismiss, courts consider "facts alleged in the complaint, documents attached to the complaints as exhibits, and documents incorporated by reference in the complaint"). Further, in resolving a motion to dismiss, courts may consider the entirety of any document incorporated by reference in the pleadings. *See Cohen v. Cap. One Funding, LLC*, 489 F. Supp. 3d 33, 44 (E.D.N.Y. 2020), *appeal withdrawn*, No. 20-3690, 2020 WL 8299594 (2d Cir. 2020) ("Where the complaint cites or quotes from excerpts of a document, the court may consider other parts of the same document . . . on a motion to dismiss.").

Courts also routinely consider, on a motion to dismiss, exhibits referenced in prior iterations of the complaint. *See, e.g.*, *Nolan v. Cty. of Erie*, No. 19-CV-01245, 2021 WL 51004, at *3 (W.D.N.Y. Jan. 6, 2021) (considering exhibits attached to the original pleading on a motion to dismiss the amended complaint); *Rucano v. Koenigsmann*, No. 16-CV-0438 (GLS/ATB), 2016 WL 4919951, at *1 n.3 (N.D.N.Y. Sept. 15, 2016) (considering exhibits to "original complaint as incorporated by reference in the amended complaint"); *Prutsman v. Addison Cent. Sch. Bd.*, No. 16-CV-6080L, 2018 WL 838319, at *1 n.1 (W.D.N.Y. Feb. 13, 2018) (considering "the exhibits attached to the original complaint as if they were submitted with the [amended complaint]").

2

To ensure that the Court has a copy of the documents the Trustee incorporated into his pleadings, but apparently did not file with the Court, Defendants respectfully request that the Court accept for filing the enclosed copies of FAC Exhibits 39, 41, 42,[1] 47, 61, 65, 68, 76, and 85. These exhibits to the FAC, which expressly underpin the Trustee's theories of liability, are also central to the claims against Defendants in the Trustee's SAC. For example:

- Paragraphs 242, 244-251, and 253 of the SAC directly quote, without attribution, FAC Exhibit 39.

- Paragraph 169 of the SAC directly quotes, without attribution, FAC Exhibit 41.

- Paragraphs 255 and 257-258 of the SAC directly quote, without attribution, FAC Exhibit 42.

- Paragraph 186 of the SAC directly quotes, without attribution, FAC Exhibit 68.

- Paragraph 285 of the SAC directly quotes, without attribution, FAC Exhibit 76.

Accordingly, given that each of the FAC exhibits is squarely within the pleading record the Trustee himself created, and each is properly considered on a motion to dismiss, Defendants respectfully request that the Court accept copies of the enclosed FAC exhibits or, in the alternative, direct the Trustee to file copies of the documents he designated as exhibits to the FAC.

---

[1] Exhibit 42 was previously submitted as Exhibit 3 to the Declaration of Peter E. Kazanoff in Support of Defendants' Motion to Dismiss the SAC. (ECF #305).

Dated: June 25, 2021
New York, New York

| | |
|---|---|
| SIMPSON THACHER & BARTLETT LLP | WHITE & CASE LLP |
| By: /s/ *Peter E. Kazanoff*<br>Peter E. Kazanoff<br>Sarah L. Eichenberger<br>Sara A. Ricciardi<br>425 Lexington Avenue<br>New York, NY 10017<br>(212) 455-2000 | By: /s/ *Andrew Hammond*<br>Andrew Hammond<br>1155 Avenue of the Americas<br>New York, NY 10036<br>(212) 819-8200 |
| *Attorneys for Defendants Fairfield Greenwich Limited, Fairfield Greenwich (Bermuda) Limited, Fairfield Greenwich Advisors LLC, Fairfield International Managers, Inc., Amit Vijayvergiya, Philip Toub, Corina Noel Piedrahita, Fairfield Greenwich Capital Partners, and Share Management LLC* | *Attorneys for Walter M. Noel, Jr.* |
| KASOWITZ BENSON TORRES & FRIEDMAN LLP | DECHERT LLP |
| By: /s/ *Daniel J. Fetterman*<br>Marc E. Kasowitz<br>Daniel J. Fetterman<br>1633 Broadway<br>New York, NY 10019<br>(212) 506-1700 | By: /s/ *Neil A. Steiner*<br>Andrew Levander<br>Neil A. Steiner<br>1095 Avenue of the Americas<br>New York, NY 10036<br>(212) 698-3500 |
| *Attorneys for Jeffrey Tucker* | *Attorneys for Andrés Piedrahita* |
| WOLLMUTH MAHER & DEUTSCH LLP | |
| By: /s/ *William A. Maher*<br>William A. Maher<br>Fletcher W. Strong<br>500 Fifth Avenue<br>New York, NY 10110<br>(212) 382-3300 | |
| *Attorneys for Fairfield Investment Fund Limited and Stable Fund, L.P.* | |

4