**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (CGM)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff,<br><br>Plaintiff,<br><br>v.<br><br>SQUARE ONE FUND LTD.,<br><br>Defendant. | Adv. Pro. No. 10-04330 (CGM) |

## MOTION FOR THE ISSUANCE OF LETTER OF REQUEST

1.  Irving H. Picard (the "Trustee"), trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS"), under the Securities Investor Protection Act ("SIPA"), substantively consolidated with the chapter 7 estate of Bernard L. Madoff, through the Trustee's attorneys, Baker & Hostetler LLP, respectfully submits this Motion for the Issuance of a Letter of Request for International Judicial Assistance to The Senior Master, for the attention of the Foreign Process Section of the Royal Courts of Justice to obtain testimonial evidence from Catherine Lemaitre, a resident of the United Kingdom.

2.     This application is made pursuant to 28 U.S.C. § 1781, this Court's inherent authority, and in light of the comity between the United States and the United Kingdom. Service will be effected pursuant to the *Hague Convention of 18 March 1970 of the Taking of Evidence Abroad in Civil or Commercial Matters*, to which the United States and the United Kingdom are signatories.

3.     Ms. Lemaitre is a foreign citizen and a non-party. Thus, the Letter of Request provides the only means of compelling discovery from her.

## FACTUAL BACKGROUND

**Madoff's Ponzi Scheme and Square One's Connection to BLMIS**

4.     Madoff, through the investment advisory business of BLMIS, conducted a decades-long Ponzi scheme of breathtaking scale. (*See* Trustee's Amended Complaint filed on December 21, 2018, ¶ 39 (ECF No. 167) ("Am. Compl.").)

5.     Square One Fund Ltd. ("Square One") is a British Virgin Islands investment fund that invested exclusively with BLMIS from approximately December 1998 until December 2008. (*Id.* ¶¶ 2–3, 63–64.)

6.     In the two years preceding BLMIS's collapse, Square One received $6,410,000 in fraudulent transfers from BLMIS. (*Id.* ¶ 187.)

7.     Square One received these transfers without "good faith" because it either knew or consciously avoided knowing that BLMIS's investment advisory business was a fraud. (*Id.* ¶¶ 7–16, 126–28, 149, 182.)

8.     Luc Estenne created Square One and served as its director and manager. Mr. Estenne continues to serve in these capacities to this day. (*Id.* ¶¶ 4, 71–73.)

9.     While running Square One, Mr. Estenne also ran a highly successful investment advisory firm, Partners Advisers S.A. ("Partners Advisers"), in Geneva, Switzerland. (*Id.* ¶ 5.)

2

10. Partners Advisers tracked and analyzed BLMIS's purported investment returns over a ten-year period, culminating in an analytical study (the "Estenne Study") conducted by Mr. Estenne and Square One in 1999. (*Id.* ¶ 100.)

11. The Estenne Study confirmed that BLMIS's returns were implausible and had little to no correlation with BLMIS's purported investment strategy. (*Id.* ¶¶ 102–11, 116–19.)

12. In or around 2003, Partners Advisers alerted Mr. Estenne to several red flags of fraud concerning BLMIS's operations. (*Id.* ¶¶ 149–57.)

13. As a result of this warning and other indicia of fraud, Mr. Estenne redeemed his personal investments in Square One and advised certain others close to him to do the same. (*Id.* ¶¶ 163–65.)

14. Nevertheless, Mr. Estenne continued to direct Square One to solicit investments from other investors while taking fees off the top of those investments. (*Id.* ¶ 167.)

15. Mr. Estenne also took steps to ensure that neither Square One nor BLMIS would be subject to any due diligence reviews by Square One's investment manager or Partners Advisers. (*Id.* ¶ 169–71.)

**Ms. Lemaitre Possesses Relevant Knowledge**

16. Ms. Lemaitre worked for Poalim Asset Management (UK) Limited ("Poalim Asset Management") from 2001 to 2018. During this time, Ms. Lemaitre discussed BLMIS and Madoff with Mr. Estenne.

17. The Trustee's ongoing investigation has uncovered that Ms. Lemaitre may have personal knowledge concerning the Trustee's allegations that Square One knew or consciously avoided knowing that BLMIS's investment advisory business was a fraud.

18. Specifically, the Trustee's investigation has uncovered that Mr. Estenne "warned" Ms. Lemaitre about the "main risks" at BLMIS, including (among other things) that:

3

"[i]nvestment professionals do not understand how with a simple strategy, such a stable track record can be generated"; there was "[n]o separation between asset management, brokerage, custodian and administration functions"; it was impossible to conduct due diligence at BLMIS; and there was a "[p]otential risk of front running[.]" (**Exhibit 6** to the Proposed Letter of Request (**Exhibit A**), SQO000007076 and certified translation.)

19. Ms. Lemaitre possesses information related to Mr. Estenne's knowledge of potential fraud at BLMIS. Ms. Lemaitre possesses information regarding Mr. Estenne's concerns about the impossibility of conducting due diligence and other suspicious circumstances suggesting fraud or other wrongdoing at BLMIS or with funds invested in BLMIS. Through her communications with Mr. Estenne, Ms. Lemaitre was privy to Mr. Estenne's knowledge and suspicions that BLMIS was a fraud.

20. The requested information will help to prove that Mr. Estenne had suspicions and/or concerns that BLMIS's investment advisory business was not legitimate. Thus, the requested information is also relevant to the central inquiry as to whether Square One knew or consciously avoided knowing about BLMIS's fraud such that it lacked "good faith" with respect to its receipt of the BLMIS transfers in question.

**The Trustee's Communications with Ms. Lemaitre**

21. The Trustee has previously corresponded with Ms. Lemaitre.

22. On December 28, 2020, the Trustee's counsel requested via email to have a conversation with Ms. Lemaitre. (**Exhibit 2** to the Proposed Letter of Request, December 2020 BakerHostetler email to Ms. Lemaitre). Ms. Lemaitre did not respond to this message.

23. On May 28, 2021, the Trustee's counsel in the United Kingdom, Browne Jacobson, sent Ms. Lemaitre a letter requesting a voluntary oral examination. (**Exhibit 3** to the Proposed Letter of Request, May 2021 Brown Jacobson Letter to Ms. Lemaitre).

4

24. Ms. Lemaitre responded to this letter via email, stating among other things, that she had a contemporaneous belief that Madoff's purported performance was too good to be true and that she solicited other people's opinions on this issue. (**Exhibit 4** to the Proposed Letter of Request, Thread 1 of May and June 2021 Browne Jacobson emails with Ms. Lemaitre). While she did not recall a specific conversation with Mr. Estenne, it is evident from her October 2008 email correspondence that she addressed this topic with Mr. Estenne both orally and in writing. (*See* **Exhibit 6** to the Proposed Letter of Request, SQO000007076 and certified translation).

25. Browne Jacobson responded to Ms. Lemaitre and said that the Trustee's U.S. counsel understood that she might not have additional information to share but would appreciate the opportunity to have a brief telephone call with her. (**Exhibit 4** to the Proposed Letter of Request, Thread 1 of May and June 2021 Browne Jacobson emails with Ms. Lemaitre). After further email correspondence, and after having initially agreed to have such a telephone call (*id.*), Ms. Lemaitre said that she would "rather not have any informal conversation" and that she would "do what is needed if" she were "formally obliged to do so." (**Exhibit 5** to the Proposed Letter of Request, Thread 2 of May and June 2021 Browne Jacobson emails with Ms. Lemaitre).

26. Notwithstanding Ms. Lemaitre's statement that she was unsure she could help the Trustee's counsel, Ms. Lemaitre can provide testimony relevant to the Trustee's claims.

**Conclusion**

27. This Letter of Request is part of the Trustee's efforts to obtain testimony regarding Square One's knowledge of fraud at BLMIS. The testimony sought is directly relevant to the Trustee's allegations in the ongoing proceedings and intended for use at trial to support the Trustee's claims to avoid and recover fraudulent transfers to Square One. This evidence is essential for the Trustee to fulfill his statutory mandate to maximize recovery of customer property for the ultimate benefit of all of Madoff's defrauded victims.

28.    For the above reasons, the Trustee believes that the proposed Letter of Request (**Exhibit A**) is just and appropriate and respectfully requests that the Court issue such Letter of Request to the indicated Judicial Authority.

| | |
|---|---|
| Dated: New York, New York<br>July 2, 2021 | Respectfully submitted,<br><br>*/s/ Marco Molina*<br>**Baker & Hostetler LLP**<br>45 Rockefeller Plaza<br>New York, New York 10111<br>Telephone: (212) 589-4200<br>Facsimile: (212) 589-4201<br>David J. Sheehan, Esq.<br>dsheehan@bakerlaw.com<br>Marco Molina, Esq.<br>mmolina@bakerlaw.com<br>Matthew D. Feil, Esq.<br>mfeil@bakerlaw.com<br>Ganesh Krishna, Esq.<br>gkrishna@bakerlaw.com<br>Andrew M. Serrao, Esq.<br>aserrao@bakerlaw.com<br>Victoria L. Stork, Esq.<br>vstork@bakerlaw.com<br><br>*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff* |