**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>      Plaintiff,<br><br>      v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>      Defendant.<br><br>In re:<br><br>BERNARD L. MADOFF,<br><br>      Debtor. | Adv. Pro. No. 08-1789 (SMB)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |

**APPLICATION OF UGGC & ASSOCIÉS AS SPECIAL COUNSEL**
**TO THE TRUSTEE FOR ALLOWANCE OF INTERIM COMPENSATION FOR**
**SERVICES RENDERED FROM DECEMBER 1, 2020 THROUGH MARCH 31, 2021**
**AND FOR RELEASE OF A PORTION OF FEES HELD BACK**

  Jean-François Canat, together with other members and associates at the law firm of UGGC & Associés (collectively, "UGGC"), special counsel for Irving H. Picard (the "Trustee"), trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS" or "Debtor") under the Securities Investor Protection Act of 1970, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA"), and Bernard L. Madoff, submits this Application for interim compensation of legal fees in the amount of $45,703.15 (of which 20% is to be deferred until the conclusion of the liquidation period) for the period from December 1, 2020 through March 31, 2021 (the "Compensation Period"), and the release of $41,145.42 (which represents a portion of fees held back). In support of the Application, UGGC respectfully submits as follows:

# I. BACKGROUND

1.       On December 15, 2008, Judge Stanton of the United States District Court for the Southern District of New York, upon application filed on the same date by the Securities Investor Protection Corporation ("SIPC"), entered an order calling for the liquidation of BLMIS in accordance with SIPA and appointing the Trustee as BLMIS's trustee.

2.       BLMIS's liquidation proceeding was removed to this Court pursuant to SIPA § 78eee(b)(4), and, pursuant to SIPA § 78fff(b), is being conducted as though it were a case under chapters 1, 3, and 5 and subchapters I and II of chapter 7 of title 11 of the United States Code.

3.       On April 20, 2011, this Court entered an order approving the Trustee's motion for authority to retain UGGC *nunc pro tunc* as of February 14, 2011 as special counsel to the Trustee in all matters pertaining to French law.

4.       The Trustee's motion to retain UGGC established a fee arrangement pursuant to which UGGC agreed to a fee reduction in the amount of 10% as well as an additional holdback of fees in the amount of 20% ("Holdback").

# II. SERVICES RENDERED BY UGGC

5.       The legal services performed by UGGC on behalf of the Trustee during the time period covered by this Application are as follows:

6.       During the Compensation Period, UGGC continued to research, analyze, and advise the Trustee regarding issues under French law.

7.       UGGC monitored, on behalf of the Trustee, certain BLMIS-related legal proceedings pending in France and advised the Trustee regarding the same.

# III. COMPENSATION REQUESTED

8.       The Application demonstrates how UGGC has both added value to BLMIS's estate and advanced BLMIS's liquidation proceeding.

9. UGGC has been mindful of the need to avoid undue legal fees in this case and has taken all reasonable steps to provide cost-effective representation while rendering services with the highest degree of skill and professionalism. To that end, UGGC endeavored to eliminate duplication of efforts by giving responsibility for the day-to-day conduct of the case to Jean-François Canat, involving others only when necessary.

10. From December 1, 2020 through March 31, 2021, UGGC provided a total of 109.00 hours of legal services to the Trustee in this case. Prior to the 10% discount, the total amount of fees incurred in this time period was $50,781.28 and the total blended rate for professional services was $465.88/hour. After the 10% discount, the total amount of fees incurred is $45,703.15 and the total blended rate is $419.29/hour. UGGC has agreed to a further holdback of 20% of its fees in the amount of $9,140.63 resulting in the present request for compensation in the amount of $36,562.52.

11. A breakdown of the total number of hours performed by each UGGC timekeeper is provided in **Exhibit A** attached hereto.

## IV. RELEASE OF THE HOLDBACK

12. The Trustee's motion to retain UGGC established a Holdback fee arrangement in which 20% of the approved compensation is deferred until further order of the Court.

13. For the prior and current compensation periods, the amount of the Holdback for UGGC's fees is $82,290.84. UGGC seeks a release of the Holdback in the amount of $41,145.42 upon the support of SIPC.

14. SIPC has advised UGGC that it will file a recommendation in support of the fees and expenses in this Application and the release of the Holdback in the amount of $41,145.42 for UGGC.

15.     Hence, UGGC respectfully requests that this Court authorize the release of the Holdback payment to UGGC in the amount of $41,145.42, as supported by SIPC.

## V. GENERAL MATTERS

16.     All of the professional services for which compensation is requested herein were performed by UGGC for and on behalf of the Trustee and not on behalf of any other person or entity.

17.     No agreement or understanding exists between UGGC and any other person for sharing compensation received in connection with this case, nor has any other person or entity agreed to provide UGGC with compensation for the legal services described herein.

18.     SIPA § 78eee(b)(5)(A) provides in pertinent part that, upon appropriate application and after a hearing, "[t]he court shall grant reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred . . . by a trustee, and by the attorney for such a trustee."  SIPA § 78eee(b)(5)(C) specifically establishes SIPC's role in connection with applications for compensation and the consideration the Court should give to SIPC's recommendation concerning fees, providing as follows:

> In any case in which such allowances are to be paid by SIPC without reasonable expectation of recoupment thereof as provided in this chapter and there is no difference between the amounts requested and the amounts recommended by SIPC, the court shall award the amounts recommended by SIPC. In determining the amount of allowances in all other cases, the court shall give due consideration to the nature, extent, and value of the services rendered, and shall place considerable reliance on the recommendation of SIPC.

SIPA § 78eee(b)(5)(C).

19.     To the extent the general estate is insufficient to pay such allowances as an expense of administration, SIPA § 78eee(b)(5)(E) requires SIPC to advance the funds necessary to pay the compensation of UGGC. *See also* SIPA § 78fff-3(b)(2).

20. At this time, the Trustee has determined that he has no reasonable expectation that the general estate will be sufficient to make a distribution to general creditors or pay administrative expenses. SIPC has advised the Trustee that it concurs with this determination. Accordingly, any fees and expenses allowed by this Court will be paid from advances by SIPC without any reasonable expectation by SIPC of recoupment thereof.

21. Therefore, with respect to this Application, UGGC requests that, consistent with SIPA § 78eee(b)(5)(C), the Court "shall award the amounts recommended by SIPC." *See McGraw v. Betz (In re Bell & Beckwith)*, 112 B.R. 876 (Bankr. N.D. Ohio 1990). UGGC expects that SIPC's recommendation in support of the relief sought by this Application will be filed with this Court separately.

**WHEREFORE**, UGGC respectfully requests that this Court enter an Order:

a. Granting this Application; and

b. Allowing and awarding $45,703.15, of which $36,562.52 is to be paid currently and $9,140.63 is to be held back through the conclusion of the liquidation period or until further order of the Court, as an interim payment for professional services rendered by UGGC to the Trustee from December 1, 2020 through March 31, 2021; and

5

    c.    Releasing $41,145.42 to UGGC from the Holdback for prior and current compensation periods; and

    d.    Granting UGGC such other and further relief as this Court deems just and proper.

Dated:  July 6, 2021                                       Respectfully submitted,

                                                              UGGC & Associés

                                                              By : */s/  Jean-François Canat*
                                                              Jean-François Canat
                                                              UGGC & Associés
                                                              47, rue de Monceau
                                                              Paris, France 75008
                                                             Telephone : +33156697000
                                                             Fax : +33156697071

6

# EXHIBIT A

## SUMMARY OF INTERIM FEE APPLICATION
## OF UGGC FOR SERVICES RENDERED
## FOR THE PERIOD FROM DECEMBER 1, 2020 THROUGH MARCH 31, 2021

|  | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|
| Jean Francois Canat | $593.99 | 31.80 | $18,888.88 |
| Line Alexa Glotin | $512.25 | 20.00 | $10,245.00 |
| Cyrille Mayoux | $393.56 | 45.80 | $18,025.05 |
| Laure Assumpcao | $317.75 | 11.40 | $3,622.35 |
|  |  |  |  |
| Total: | $465.88 | 109.00 | $50,781.28 |
| Total minus 10% Discount: | $419.29 |  | $45,703.15 |
| Total Net of 20% Holdback: |  |  | $36,562.52 |
| Holdback for Prior and Current Compensation Periods |  |  | $82,290.84 |
| Release of the Holdback |  |  | $41,145.42 |
| **Total Compensation to be Paid** |  |  | **$77,707.94** |