WINDELS MARX LANE & MITTENDORF, LLP
156 West 56th Street
New York, New York 10019
Tel:  (212) 237-1000
Howard L. Simon
Alan Nisselson
Email: hsimon@windelsmarx.com
       anisselson@windelsmarx.com

*Special Counsel to Irving H. Picard, Esq., Trustee for the*
*Substantively Consolidated SIPA Liquidation of*
*Bernard L. Madoff Investment Securities LLC and*
*Alan Nisselson, the Chapter 7 Trustee of Bernard L. Madoff*

Hearing Date: August 18, 2021
Hearing Time: 10:00 a.m. EST
Objection Deadline: August 4, 2021
Time: 4:00 p.m. EST

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>            Plaintiff-Applicant,<br><br>   v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>            Defendant. | Adv. Pro. No. 08-01789 (CGM)<br>SIPA Liquidation<br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>            Debtor. | |

**THIRTY-FIFTH APPLICATION OF WINDELS MARX LANE & MITTENDORF, LLP FOR ALLOWANCE OF INTERIM COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED FROM DECEMBER 1, 2020 THROUGH MARCH 31, 2021 AND REQUEST FOR PARTIAL RELEASE OF HOLDBACK**

Windels Marx Lane & Mittendorf, LLP ("Windels Marx" or the "Firm") as special counsel to Irving H. Picard as trustee (the "Trustee") for the substantively consolidated liquidation proceeding of Bernard L. Madoff Investment Securities LLC ("BLMIS" or "Debtor"), and to Alan Nisselson as trustee (the "Chapter 7 Trustee") for the Chapter 7

estate of Bernard L. Madoff ("Madoff"), pursuant to the Orders of the Court dated July 16, 2009 [Docket No. 327] and November 23, 2011 [Docket No. 4547], respectfully submits this application (the "Thirty-Fifth Application") for an order pursuant to section 78eee(b)(5) of the Securities Investor Protection Act ("SIPA"), 15 U.S.C.§ 78eee(b)(5), sections 330 and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101 et. seq. (the "Bankruptcy Code"), and Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), allowing and awarding interim compensation for services performed by Windels Marx for the period commencing December 1, 2020 through and including March 31, 2021 (the "Compensation Period") in the amount of $1,680,720.50 of which 80%, or $1,344,576.40 is to be paid currently and 20%, or $336,144.10, is to be deferred through the conclusion of the liquidation proceeding or further order of the Court, and reimbursement of Windels Marx's actual and necessary expenses incurred during the Thirty-Fifth Compensation Period in the amount of $1,725.80, plus release of $1,143,725.78 from the "holdback" accrued in connection with the Firm's First through Thirty-Fifth Applications, and in support thereof, respectfully represents as follows:

## I.    PRELIMINARY STATEMENT

1.    During this Thirty-Fifth Compensation Period, Windels Marx continued to assist the Trustee and his counsel, Baker & Hostetler LLP ("Baker"), in their efforts to recover customer property for the victims of Madoff's fraud.

2.    Among other things, Windels Marx spent significant time during the Compensation Period on the Trustee's and Baker's active individual subsequent transfer cases, including drafting and revising amended subsequent transfer complaints, related document reviews and factual investigations, assisting Baker with the review of certain of

its subsequent transfer complaints as members of its complaint review team, and briefing,

research, and participation in a hearing on the defendants' motion to stay in one of Windels

Marx' subsequent transfer cases.

3.      Windels Marx also expended considerable time during the Compensation

Period on matters common to all subsequent transfer cases, including, in particular,

assisting on matters related to the Trustee's appeal of the good faith standard and pleading

burden before the Second Circuit, including various hearing-related preparations.

4.      The following discussion and the materials attached to this Thirty-Fifth

Application cover the major categories of services for which allowance of compensation is

sought.

## II.    PROCEDURAL BACKGROUND

The SIPA Liquidation

5.      On December 11, 2008, the United States Securities and Exchange

Commission (the "SEC") filed a complaint in the United States District Court for the

Southern District of New York (the "District Court") against defendants Madoff and

BLMIS (Case No. 08 CV 10791) (the "SEC Action").  The SEC complaint alleged that

Madoff and BLMIS engaged in fraud through the investment advisory activities of BLMIS.

6.      In the SEC Action, the SEC consented to a combination of its own action

with an application of the Securities Investor Protection Corporation ("SIPC").  Thereafter,

pursuant to section 78eee(a)(3) of the SIPA, SIPC filed an application in the District Court

alleging, inter alia, that BLMIS was not able to meet its obligations to securities customers

as they came due and, accordingly, its customers needed the protection afforded by SIPA.

7.      On December 15, 2008, District Judge Stanton granted the SIPC application, which among other things:

- appointed Irving H. Picard as the SIPA Trustee for the liquidation of the business of BLMIS pursuant to 15 U.S.C. § 78eee(b)(3);

- appointed Baker as counsel to the SIPA Trustee pursuant to 15 U.S.C. § 78eee(b)(3); and

- removed the liquidation proceeding (the "BLMIS Liquidation") to this Court pursuant to 15 U.S.C. § 78eee(b)(4).

The Bernard L. Madoff Chapter 7 Case

8.      On April 13, 2009, Blumenthal & Associates Florida General Partnership, Martin Rappaport Charitable Remainder Unitrust, Martin Rappaport, Marc Cherno and Steven Morganstern (collectively, the "Petitioning Creditors"), through their attorneys, Milberg LLP, filed an involuntary petition for relief under Chapter 7 of the Bankruptcy Code against Madoff.

9.      On April 16, 2009, the Petitioning Creditors filed a motion to appoint a trustee in Madoff's case, and on that same date, the Court entered an Order to Show Cause Why the Court Should Not Enter an Order Directing the United States Trustee to Appoint an Interim Trustee.

10.     On April 20, 2009, the Court entered an Order directing the Office of the United States Trustee for the Southern District of New York (the "UST") to appoint an interim trustee to perform the duties of trustee as set forth in Bankruptcy Code §§ 701 and 704, pursuant to which the UST appointed Alan Nisselson as the Chapter 7 Trustee on April 21, 2009.

11.     On April 24, 2009, the Court entered an Order authorizing and empowering the Chapter 7 Trustee to retain Windels Marx to represent him in the Madoff case, effective as of April 21, 2009.

12.     On May 5, 2009, the SIPA Trustee and SIPC filed a joint motion for entry of an order pursuant to section 105(a) of the Bankruptcy Code substantively consolidating the Madoff estate into the BLMIS Liquidation (the "Substantive Consolidation Motion").

13.     On June 9, 2009, after the Chapter 7 Trustee filed a Response to the Substantive Consolidation Motion, the Court entered a Consent Order ("Consent Order") [Docket No. 252] which, among other things, approved the Substantive Consolidation Motion, nunc pro tunc to December 11, 2008.

14.     On July 16, 2009, this Court entered an Order granting the Trustee's motion to retain Windels Marx as special counsel on behalf of the consolidated estate, *nunc pro tunc* as of June 9, 2009 [Docket No. 327], finding that Windels Marx is disinterested pursuant to section 78eee(b)(6) of SIPA, section 327(a) of the Bankruptcy Code, and Bankruptcy Rule 2014(a) and is therefore in compliance with the disinterestedness requirement in section 78eee(b)(3) of SIPA, section 327(a) of the Bankruptcy Code, and Bankruptcy Rule 2014(a).

15.     On November 23, 2011, this Court entered an Order [Docket No. 4547] making certain provisions of this Court's Order Establishing Procedures Governing Interim Monthly Compensation of the Trustee and Baker & Hostetler LLP, amended and superseded in its entirety on June 1, 2011, applicable to Windels Marx, *nunc pro tunc* as of June 1, 2011.

### III.    SPECIAL COUNSEL'S EXPERIENCE

16.    Windels Marx engages in the general practice of law, and has substantial expertise in such areas as bankruptcy, commercial litigation, securities, tax and corporate law.

17.    In particular, the senior Windels Marx attorneys in charge of this matter specialize in advising Chapter 7 and Chapter 11 bankruptcy trustees in connection with complex bankruptcy litigation related to, among other things, asset analysis and recovery.

### IV.    SUMMARY OF SERVICES

18.    The services rendered by Windels Marx during the four-month Thirty-Fifth Compensation Period are described below.  In rendering professional services to the Trustee and the Chapter 7 Trustee, Windels Marx's legal team has been composed of professionals with extensive experience in bankruptcy and complex commercial litigation, securities, tax, and corporate law.

19.    Windels Marx professionals have worked closely with the Trustee, his counsel at Baker, and the Trustee's other retained professionals to coordinate their efforts in order to maximize efficiency and to avoid any duplication of effort.

20.    This Thirty-Fifth Application is intended to serve as a summary description of the more significant services rendered by Windels Marx during the Thirty-Fifth Compensation Period.  The following section provides an overview of those services, sorted by the matter and task codes used by Windels Marx for specific categories of work.

21.    Matter Number 02 is the general matter number used for tasks that affect all proceedings commenced by Windels Marx on behalf of the Trustee, and task numbers have

been assigned for specific categories of work to permit a more detailed analysis of the fees incurred.[1]

22.     Matter Numbers 03-24 relate to specific projects, adversary proceedings, or groups of adversary proceedings commenced, being handled, and/or being supervised by Windels Marx on behalf of the Trustee.  Common tasks conducted by Windels Marx in these projects, adversary proceedings, or groups of adversary proceedings include the drafting of reports, analyses, and internal memoranda; the filing of papers and the scheduling of matters with the Bankruptcy and/or District Courts; on-going coordination with Baker regarding investigation and litigation strategy; and/or discussions with opposing counsel regarding representation, service, and appearance issues, extensions of time to respond, adjournments of pre-trial conferences, discovery, and settlement.  For the sake of brevity, the descriptions of specific projects, adversary proceedings, or groups of adversary proceedings in paragraphs 23 through 48 below will not repeat these common tasks, but will be limited to matter-specific tasks and case activity that occurred during the Compensation Period.

A.     **MADOFF GENERAL (MATTER 02)**

**Task Code 004: Case Administration (18.30 hours)**

23.     This category relates to various tasks across cases, including (i) research projects and memoranda of general applicability for use by Windels Marx and/or Baker, (ii) the on-going review and reporting internally and to SIPC and Baker on the status of cases and case-wide issues, (iii) the on-going review, organizing, and docketing of case-related information into Baker's and Windels Marx's central databases for use across all Windels

---

[1] Matter 01 is reserved for certain non-billable time entries.

Marx and Baker teams, (iv) coordinated tasks affecting or related to one or more Windels

Marx and/or Baker cases, and (v) general administrative tasks.

24.     Time entries during this Compensation Period related to, among other

things, (i) preparation for and participation in a status conference before this Court, (ii)

updating weekly case status reports, and (iii) reviewing documents that relate to the Madoff

case generally.

### Task Code 007: Fee Applications (88.10 hours)

25.     This category relates to the Firm's preparation of Windels Marx's monthly

billing statements to SIPC and the Trustee, as well as Windels Marx's Applications for

Interim Compensation, and the time spent by attorneys and paraprofessionals in reviewing

the Windels Marx billing statements before they are submitted to SIPC and the Trustee, to

(i) ensure that time was properly billed, (ii) correct any errors in time entries, (iii) write off

certain time and expenses as agreed to by Windels Marx for the benefit of SIPC, and (iv)

respond to certain adjustments requested or questions raised by SIPC and/or the Trustee

after their review of the monthly billing statements and draft fee application.

### Task Code 020: Internal Office Meetings (11.20 hours)

26.     This category covers internal Windels Marx strategy and case management

sessions related to the Firm's pending adversary proceedings. Through these internal

meetings and discussions, Windels Marx seeks to ensure the effective use of the time of all

timekeepers working on matters, to avoid duplicative efforts, and to provide a consistent

approach to the adversary proceedings outstanding during this period and other case-related

legal matters being handled by the Firm.

**B.    GOOD FAITH PROCEEDINGS (MATTER 07) (<u>10.30 hours</u>)**

27.    This category relates to good faith adversary proceedings against BLMIS Investment Advisor net winner customers for which Windels Marx acts as counsel to the Trustee.  As of the current application period, all such cases have been settled, dismissed or otherwise resolved.  Time entries in this category now relate to follow up work for such cases, as well as global matters related to all of the Trustee's remaining good faith cases, on which we assist Baker.

28.    In addition to the tasks outlined in ¶ 22, the time entries during this Compensation Period primarily related to (i) reviewing and conducting necessary follow-up as to various matters related to good faith settlements still in the process of collection and (ii) reviewing of a recent decision and hearing transcript related to a previously settled case.

**C.    CREDIT SUISSE (MATTER 12) (<u>143.70 hours</u>)**

29.    This category relates to an avoidance action filed on December 12, 2011 to recover subsequent transfers of BLMIS Customer Property from certain BLMIS feeder funds to Defendants totaling over $375 million. *Picard v. Credit Suisse AG, et al.,* Adv. Pro. No. 11-02925 (Bankr. S.D.N.Y.) (CGM). This case was dismissed by virtue of this Court's November 2016 Order regarding extraterritoriality and comity (the "ET Order") and has now been returned to this Court based on the Second Circuit's reversal of that dismissal and the U.S. Supreme Court's denial of defendants' petition for a writ of certiorari in June 2020 (the "ET Appeal").

30.    In addition to the tasks outlined in ¶ 22, time entries during this Compensation Period related to (i) further drafting and revising an amended complaint, including detailed review and analysis of supporting documents, updating of tracing

analyses, and review of recent decisions and news articles, (ii) drafting and revising a memorandum of law in support of the motion to amend the complaint, (iii) working to conform the amended complaints and memoranda of law across all Credit Suisse-related cases, (iv) further work and communications as to the identification and uploading of public documents supporting the amended complaint for authentication purposes, and (v) reviewing results of investigations into key persons and issues and determining next steps and follow-up for same.

**D.    ZEPHYROS (MATTER 14) (107.20 hours)**

31.    This category relates to an avoidance action filed on April 5, 2012 to recover subsequent transfers of Customer Property from certain BLMIS feeder funds to Defendant totaling over $114 million. *Picard v. Zephyros Limited*, Adv Pro. No. 12-01278 (Bankr. S.D.N.Y.) (CGM). This case was dismissed in part by virtue of the ET Order and has now been restored in full as a result of the ET Appeal.

32.    In addition to the tasks outlined in ¶ 22, time entries during this Compensation Period related to (i) drafting and revising an amended complaint, including detailed document review and updating various analyses, as well as conforming to the Credit Suisse complaint and other related cases and (ii) drafting a memorandum of law in support of the motion to amend the complaint.

**E.    MISTRAL (MATTER 15) (52.10 hours)**

33.    This category relates to an avoidance action filed on April 5, 2012 to recover subsequent transfers of Customer Property from certain BLMIS feeder funds to Defendant totaling approximately $3.4 million. *Picard v. Mistral (SPC)*, Adv Pro. No. 12-

01273 (Bankr. S.D.N.Y.) (CGM). This case was dismissed in part by virtue of the ET Order. It was not a part of the ET Appeal.

34.     In addition to the tasks outlined in ¶ 22, time entries during this Compensation Period related to (i) drafting and revising an amended complaint, including to conform to the Credit Suisse complaint and other related cases as well as updating various analyses, and (ii) drafting a memorandum of law in support of the motion to amend the complaint.

### F.    SOCIETE GENERALE (MATTER 16) (301.60 hours)

35.     This category relates to an avoidance action filed on May 30, 2012 to recover subsequent transfers of Customer Property from certain BLMIS feeder funds to Defendants totaling over $162 million. *Picard v. Societe Generale Private Banking (Suisse) S.A. (f/k/a SG Private Banking Suisse S.A.), et al.,* Adv. Pro. No. 12-01677 (Bankr. S.D.N.Y.) (CGM). This case was dismissed by virtue of the ET Order and has now been returned to this Court as a result of the ET Appeal.

36.      In addition to the tasks outlined in ¶ 22, time entries during this Compensation Period primarily related to (i) drafting and revising an amended complaint, including detailed document review and related research, (ii) drafting a memorandum of law in support of the motion to amend the complaint, and (iii) reviewing and confirming the accuracy and completeness of links to public documents referenced in the amended complaint.

### G.    ROYAL BANK OF CANADA (MATTER 17) (734.20 hours)

37.     This category contains entries related to two avoidance actions. The first action relates to an avoidance action filed on June 6, 2012 to recover subsequent transfers of

Customer Property from certain BLMIS feeder funds to Defendants totaling over $100 million. *Picard v. Royal Bank of Canada*, Adv. Pro. No. 12-01699 (Bankr. S.D.N.Y.) (CGM).

38.    The second action under Matter 17 relates to an avoidance action filed on June 6, 2012 to recover subsequent transfers of Customer Property from certain BLMIS feeder funds to Defendants totaling over $80 million.  *Picard v. Banque Internationale a Luxembourg S.A. (f/k/a Dexia Banque Internationale a Luxembourg S.A.*), Adv. Pro. No. 12-01698 (Bankr. S.D.N.Y.) (CGM).

39.    These cases were dismissed in part by virtue of the ET Order and have now been restored in full as a result of the ET Appeal.  In addition to the tasks outlined in ¶ 22, time entries during this Compensation Period related to (i) drafting and revising the amended Royal Bank of Canada-Dexia complaint, including detail research and analysis of relevant documents, as well as reviewing and the annotations and related public documents cited therein, (ii) drafting and revising a memorandum of law in support of a leave to amend the Royal Bank of Canada-Dexia complaint, (iii) drafting and filing the Trustee's opposition to Royal Bank of Canada's motion to stay, (iv) research, preparation for, participation in, and follow up on the hearing on the Defendants' motion to stay for Royal Bank of Canada, and (v) research on personal jurisdiction, including analysis of case law and case- and defendant-specific facts.

## H.    CREDIT SUISSE (AS SUCCESSOR-IN-INTEREST TO CLARIDEN LEU) (MATTER 18) (<u>325.80 hours</u>)

40.    This category relates to an avoidance action filed on May 30, 2012, amended July 30, 2012, to recover subsequent transfers of Customer Property from certain BLMIS feeder funds to Defendant totaling over $49 million. *Picard v. Credit Suisse AG., as*

*successor-in-interest to Clariden Leu AG and Bank Leu AG*, Adv. Pro. No. 12-01676 (Bankr. S.D.N.Y.) (CGM).  This case was dismissed by virtue of the ET Order and has now been returned to this Court as a result of the ET Appeal.

41.     In addition to the tasks outlined in ¶ 22, time entries during this Compensation Period primarily related to (i) drafting and revising the amended complaint, including review and analysis of relevant documents and conforming to global changes for Credit Suisse and related cases, as well as working to authenticate related public documents and updating various analyses and (ii) drafting and revising a memorandum of law in support of the motion to amend the complaint.

I.     **TRINCASTAR (MATTER 19) (60.50 hours)**

42.     This category relates to an avoidance action filed on September 22, 2011 to recover subsequent transfers of Customer Property from a BLMIS feeder fund to Defendant totaling approximately $13.3 million. *Picard v. Trincastar Corp.*, 11-02731 (Bankr. S.D.N.Y.) (CGM). This case was dismissed by virtue of the ET Order and has now been returned to this Court as a result of the ET Appeal.

43.     In addition to the tasks outlined in ¶ 22, time entries during this Compensation Period primarily related to (i) drafting and revising the amended complaint, including review and analysis of relevant documents and conforming to global changes for Credit Suisse and related cases, as well as working to authenticate related public documents and updating various analyses and (ii) drafting and revising a memorandum of law in support of the motion to amend the complaint.

**J.    COORDINATED CASES (MATTER 20) (636.70 hours)**

44.    This category relates to a group of twelve subsequent transferee cases, filed by Baker and staffed with Baker attorneys, which Howard Simon and Kim Longo are supervising, with supporting work by other Windels attorneys, to facilitate the coordination of common information, issues, and documents between the firms and take advantage of staffing efficiencies.  These "Coordinated Cases" were dismissed by virtue of the ET Order and have now been returned to this Court as a result of the ET Appeal.  They now await disposition of the Second Circuit appeal as to the good faith standard and burden.

45.    This category also relates to work performed at Baker Hostetler's request in connection with (i) the Tremont group of Madoff feeder funds, and application of same to all Windels Marx and Baker subsequent transferee cases, (ii) additional, specific subsequent transfer matters for which Baker needs assistance, and (iii) participation on the supervisory review committee responsible for reviewing all of the Trustee's amended subsequent transfer complaints.

46.    Time entries during this Compensation Period related to (i) working on the Coordinated Cases, including (a) conducting detailed document reviews to identify support for due diligence and other allegations in the draft amended complaints and (b) revising the draft amended complaints and motions to amend, including specific language supporting actual knowledge and willful blindness; (ii) reviewing and commenting on draft amended complaints as members of the supervisory review committee; (iii) reviewing ongoing results of further investigations into key persons and issues, and continued communications regarding same; (iv) reviewing public documents uploaded thus far for authentication purposes and ongoing communications regarding same, and (v) working internally and with

Baker on strategies for handling common issues and work product, case developments, and next steps.

### K.   CASE-WIDE SUBSEQUENT TRANSFER LITIGATION (MATTER 23) (<u>1,046.30 hours</u>)

This category relates to any and all omnibus-style decisions, motion practice, research, or other tasks related to Windels Marx's subsequent transfer cases globally or case-wide tasks needed by the Trustee with respect to subsequent transfer cases.  Time entries during this Compensation Period related to (i) detailed research and analysis of recent personal jurisdiction caselaw for potential relevance to subsequent transfer cases and outlining and drafting a comprehensive memorandum, (ii) review of previous research on legal issues and continued research and analysis as affects subsequent transfer cases, (iv) preparation for and participation in a moot court for the Second Circuit good faith appeal, and (v) analyzing and communicating status and next steps in preparation for upcoming filings in subsequent transfer cases.

### L.   NAIDOT (MATTER 24) (<u>92.60 hours</u>)

47.   This category relates to an avoidance action filed in September 2011 to recover subsequent transfers from Fairfield Sentry totaling approximately $13.65 million. *Picard v. Naidot & Co.*, Adv. Pro. No. 11-02733 (Bankr. S.D.N.Y.) (CGM).  Windels Marx has provided support to Baker on this action since February 2016, and as of 2020, has been handling the matter more formally.  This case was dismissed by virtue of the ET Order and has now been returned to this Court as a result of the ET Appeal.

48.   Time entries during this Compensation Period related to (i) reviewing and revising the amended complaint, including updating various analyses, (ii) drafting and revising the motion to amend the complaint, (iii) reviewing ongoing results of further

investigations into key persons and issues, and continued communications regarding same, and (iv) reviewing public documents uploaded thus far for authentication purposes and ongoing communications regarding same.

## V.     COMPENSATION REQUESTED

49.     During the Thirty-Fifth Compensation Period, Windels Marx expended 3,628.60 hours in the rendition of professional and paraprofessional services on behalf of the Trustee and the Chapter 7 Trustee, resulting in a blended attorney hourly rate of $470.90 for fees incurred. The blended rate for all professionals was $463.19.

50.     Prior to filing this Thirty-Fifth Application, Windels Marx provided to SIPC and the Trustee (i) its December 1, 2020 through March 31, 2021 monthly statements setting forth the Firm's total fees for services rendered and expenses incurred on behalf of the consolidated estate for each month during the period December 1, 2020 through March 31, 2021 in the aggregate amount of $2,024,707.13 and $2,700.80, respectively, and (ii) a draft of this Thirty-Fifth Application. The Firm wrote off certain unbilled and billed time, and SIPC's staff made certain additional adjustments and suggestions, which were adopted by Windels Marx. After such write-offs and adjustments (and the 10% discount), Windels Marx's December 1, 2020 through March 31, 2021 monthly statements reflected total fees and expenses of $1,680,720.50 and $1,725.80, respectively.

51.     Specifically, Windels Marx's total fees and expenses for this Thirty-Fifth Compensation Period were $2,024,707.13 and $2,700.80, respectively. In connection with preparing each of the four monthly statements and this Thirty-Fifth Application, Windels Marx voluntarily (i) wrote off unbilled time of $123,538.80, (ii) wrote off billed time of $33,701.12 and (iii) reduced its total remaining fees of $1,867,467.21 to $1,680,720.50 by

discounting the Firm's rates by 10% at SIPC's request (resulting in a voluntary reduction of $343,986.63 or approximately 16.99% of Windels Marx's total fees). Windels Marx also agreed to write off expenses customarily charged to other clients in the amount of $975.00, resulting in $1,725.80 of remaining expenses. Such fees and expenses are reasonable based on the customary compensation charged by comparably skilled practitioners in the Chapter 7 and 11 Cases and comparable bankruptcy and non-bankruptcy cases in a competitive national legal market. Total hours expended after all reductions equal 3,628.60. In addition to the fees sought in this application, with the approval and support of SIPC, Windels Marx requests a release of $1,143,725.78 from the holdback, which equals approximately 50% of all amounts (i) previously held back and not released to the Firm and (ii) contemplated to be held back by this Thirty-Fifth Application.[2]

52.    There is no agreement or understanding among the Trustee, Windels Marx or any other person, other than members of Windels Marx, for sharing of compensation to be received for services rendered in this case.

53.    This Thirty-Fifth Application has been prepared in accordance with the Amended Guidelines for Fees and Disbursements of Professionals in Southern District of New York Bankruptcy Cases adopted by the Court on February 5, 2013 (the "Local Guidelines"). Pursuant to the Local Guidelines, the certification of Howard L. Simon, Esq. regarding compliance with the same is attached hereto as Exhibit A.

---

[2] In connection with Windels Marx's First through Thirty-Fifth fee applications, $15,254,459.64 was, or is contemplated to be, held back. By Orders dated September 14, 2010, December 17, 2013, December 18, 2014, August 20, 2015, September 7, 2016, August 23, 2017, August 30, 2018, September 5, 2019, and August 26, 2020, the Court previously approved the release of an aggregate amount of $12,967,008.09. Windels Marx now requests that $1,143,725.78 be released, or approximately 50% of the holdback balance as of March 31, 2021 of $2,287,451.55.

54.     Exhibit B annexed hereto provides a schedule of Windels Marx professionals and paraprofessionals who have provided services during the Thirty-Fifth Compensation Period, the capacity in which each individual is employed by the Firm, the year in which each attorney was licensed to practice law in New York, the hourly billing rate charged by Windels Marx for services provided by each individual and the aggregate number of hours billed by each individual.  The 10% discount (as described above) is already reflected in the total amount billed.

55.     Exhibit C annexed hereto provides a schedule of the expenses for which reimbursement is requested.  The requested expenses are customarily charged to and paid by Windels Marx's bankruptcy and non-bankruptcy clients.  At SIPC's request, Windels Marx has not charged for local travel expenses and overtime meals, which categories of expenses are regularly charged to and paid by Windels Marx's clients.

56.     Exhibit D annexed hereto is a summary by matter and task code of services performed by Windels Marx from December 1, 2020 through March 31, 2021.

57.     To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Thirty-Fifth Compensation Period, but were not classified or processed prior to the preparation of this Thirty-Fifth Application, Windels Marx reserves the right to request additional compensation for such services and reimbursement of such expenses in a future application.

## VI.    WINDELS MARX'S REQUEST FOR INTERIM COMPENSATION SHOULD BE GRANTED

58.     Section 78eee(b)(5)(A) of SIPA provides in pertinent part that, upon appropriate application and after a hearing, "[t]he court shall grant reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred ... by a

trustee ...." Section 78eee(b)(5)(C) of SIPA specifically establishes SIPC's role in

connection with applications for compensation and the consideration the Court should give

to SIPC's recommendation concerning fees. That section provides as follows:

> In any case in which such allowances are to be paid by SIPC
> without reasonable expectation of recoupment thereof as
> provided in this Chapter and there is no difference between
> the amounts requested and the amounts recommended by
> SIPC, the court shall award the amounts recommended by
> SIPC. In determining the amount of allowances in all other
> cases, the court shall give due consideration to the nature,
> extent, and value of the services rendered, and shall place
> considerable reliance on the recommendations of SIPC.

59.     To the extent the general estate is insufficient to pay such allowances as an

expense of administration, section 78eee(b)(5)(E) of SIPA requires SIPC to advance the

funds necessary to pay the compensation of Windels Marx (*see* section 78fff-3(b)(2) of

SIPA).

60.     Based on the allocation process set forth in SIPA, the Trustee has

determined at this time that he has no reasonable expectation that the general estate will be

sufficient to make any distribution to general creditors or pay any administrative expenses.

That is, the Trustee believes that any assets allocated to the BLMIS general estate will be

exhausted prior to his being able to reimburse SIPC fully. The Trustee has been advised by

SIPC that it concurs with this belief of the Trustee. Accordingly, any fees and expenses

allowed by this Court will be paid from advances by SIPC without any reasonable

expectation by SIPC of recoupment thereof.

61.     Therefore, with respect to this Thirty-Fifth Application, Windels Marx

requests that consistent with section 78eee(b)(5)(C) of SIPA, the Court "award the amounts

recommended by SIPC." *See In re Bell & Beckwith*, 112 B.R. 876 (Bankr. N.D. Ohio

1990).  Windels Marx expects that SIPC will file its recommendation to the Court with respect to this Thirty-Fifth Application prior to the hearing, currently scheduled for August 18, 2021.

62.    Windels Marx submits that the request for interim allowance of compensation made through this Thirty-Fifth Application is reasonable and complies with the provisions of the Bankruptcy Code governing applications for compensation and reimbursement of expenses, pursuant to section 78eee(b)(5) of SIPA.

## VII.    CONCLUSION

63.    Windels Marx respectfully submits that the services rendered during the Thirty-Fifth Compensation Period merit the approval of the fees and disbursements requested herein, and respectfully requests that the Court enter an Order: (i) allowing and awarding $1,680,720.50 (of which 80%, or $1,344,576.40 is to be paid currently, and 20%, or $336,144.10 is to be deferred through the conclusion of the liquidation proceeding or further order of the Court) as an interim payment for professional services rendered by Windels Marx during the Thirty-Fifth Compensation Period, and $1,725.80 as reimbursement of the actual and necessary costs and expenses incurred by the Firm in connection with the rendition of such services, plus a release of $1,143,725.78 from the "holdback" accrued in connection with the Firm's First through Thirty-Fifth fee applications and (ii) granting such other and further relief as the Court may deem just and proper.

[REMAINDER OF PAGE INTENTIONALLY BLANK]

Dated:  New York, New York
      July 6, 2021

Respectfully submitted,

WINDELS MARX LANE & MITTENDORF, LLP
*Special Counsel for Irving H. Picard, Trustee for the SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Alan Nisselson, the Chapter 7 Trustee of Bernard L. Madoff*

/s/  Howard L. Simon
Howard L. Simon (hsimon@windelsmarx.com)
156 West 56th Street
New York, New York 10019
Telephone: (212) 237-1000
Facsimile: (212) 262-1215