# EXHIBIT C

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

---

**ORDER (I) ESTABLISHING OMNIBUS PROCEDURES FOR THE ADJUDICATION OF OBJECTIONS TO THE TRUSTEE'S CLAIMS DETERMINATIONS THAT APPEAR TO RAISE FACTUAL ISSUES; AND**
**(II) AUTHORIZING THE TRUSTEE TO FILE SUBSTANTIVE MOTIONS TO AFFIRM HIS CLAIMS DETERMINATIONS AND**
**OVERRULE SUCH OBJECTIONS ON AN OMNIBUS BASIS**

Upon consideration of the motion (the "Motion") filed by Irving H. Picard, trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC under the Securities Investor Protection Act, 15 U.S.C. § 78aaa *et seq.*, ("SIPA") and the chapter 7 estate of Bernard L. Madoff (collectively, the "Debtor"), for entry of an order pursuant to 11 U.S.C. § 105(a) and consistent with Bankruptcy Rule 3007, as made applicable to this proceeding pursuant to SIPA §§ 78fff(b) and 78fff-1(a), (I) establishing omnibus procedures for the adjudication of objections to the Trustee's claims determinations that appear to raise factual issues; and (II) authorizing the Trustee to file substantive motions to affirm his claims

determinations and overrule such objections on an omnibus basis (ECF No. 19622); and due and proper notice of the Motion having been given and it appearing that no other or further notice need be provided; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with SIPA § 78eee(b)(4), the Protective Decree entered on December 15, 2008 by the United States District Court for the Southern District of New York in Case No. 08-CV-10791 (LLS), 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated December 1, 2016; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and the Trustee having filed a certificate of no objection representing that no objection has been received and that no party has indicated to the Trustee that it intends to oppose the relief requested in the Motion (ECF No. 19698); and the Court having found and determined that the relief sought in the Motion as set forth herein is in the best interests of the Debtor, its estate, creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor; and for the reasons stated on the record of the hearing on the Motion on August 26, 2020, it is hereby

ORDERED that the Motion is granted to the extent provided herein; and it is further

ORDERED that the Omnibus Procedures[1] attached hereto as **Exhibit 1** are approved; and it is further

ORDERED notwithstanding anything to the contrary in Bankruptcy Rule 3007(d), the Trustee is authorized consistent with Bankruptcy Rule 3007(c) and in accordance with the Omnibus Procedures to file and prosecute Omnibus Motions to affirm his claims determinations;

---

[1] All capitalized terms not defined herein shall have the meaning ascribed in the Motion.

2

and it is further

ORDERED that except as provided otherwise in the Omnibus Procedures, the Trustee shall comply with the procedural safeguards set forth in Bankruptcy Rule 3007(e); and it is further

ORDERED each claim subject to an Omnibus Motion to which a claimant timely and properly files a Response shall constitute a separate contested matter under Bankruptcy Rule 9014, and any order entered by the Court will be deemed a separate order with respect to such claim; and it is further

ORDERED that the form of Scheduling Order attached hereto as **Exhibit 2** is approved; and it is further

ORDERED that upon the timely filing of a Response to an Omnibus Motion, the claimant and Trustee, through their respective counsel, shall confer on a mutually agreeable schedule for briefing and to conduct discovery, if any, under the parameters set forth in the form of Scheduling Order, and shall request that this Court enter the Scheduling Order to facilitate resolution of the parties' dispute; and it is further

ORDERED that entry of this Order is without prejudice to the Trustee's right to seek entry of an order modifying or supplementing the relief granted herein; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.


Dated: **August 31, 2020**
       New York, New York


                                      **/s/ STUART M. BERNSTEIN**
                                      HONORABLE STUART M. BERNSTEIN
                                      UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 1

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

**OMNIBUS PROCEDURES**
**FOR THE ADJUDICATION OF OBJECTIONS TO THE TRUSTEE'S CLAIMS**
<u>**DETERMINATIONS THAT APPEAR TO RAISE FACTUAL ISSUES**</u>

On July 10, 2020, Irving H. Picard, trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC under the Securities Investor Protection Act, 15 U.S.C. § 78aaa *et seq.*, ("SIPA") and the chapter 7 estate of Bernard L. Madoff (collectively, the "Debtor"), filed the motion (the "Motion") for entry of an order pursuant to 11 U.S.C. § 105(a) and consistent with Bankruptcy Rule 3007, to the extent applicable to this proceeding under SIPA §§ 78fff(b) and 78fff-1(a), (I) establishing omnibus procedures ("Omnibus Procedures") for the adjudication of objections to the Trustee's claims determinations that appear to raise factual issues (the "Remaining Objections"); and (II) authorizing the Trustee to file substantive motions to affirm his claims determinations and overrule such Remaining Objections

on an omnibus basis (ECF No. 19622). On \_\_\_\_\_, 2020, the Court entered an Order granting the Motion, including these Omnibus Procedures (ECF No. \_\_).

**Omnibus Motions**

    1.    <u>Grounds for Omnibus Motions</u>. The Trustee may file omnibus motions (each, an "Omnibus Motion") to affirm his determinations of claims and overrule Remaining Objections that raise the following categories of issues:

        a.    Customer Issues: arguments that the Trustee disregarded a claimant's separate "customer" status;

        b.    Calculation Issues: disagreement over the accuracy of the Trustee's calculation of the amount or number of withdrawals and deposits in a customer account;

        c.    Inter-Account Transfers: disagreement over the Trustee's treatment of amounts transferred between BLMIS customer accounts under the Inter-Account Method;

        d.    Net Equity: disagreement over the Trustee's use and application of the Net Investment Method to determine the net equity in a BLMIS customer account; and

        e.    Accountholder Change: disagreement over the Trustee's calculation based on the renaming or renumbering of a BLMIS customer account; and

        f.    Real Securities: disagreement over the Trustee's calculation based on the claimant's position that actual securities were traded on behalf of the BLMIS customer account.

    2.    <u>Form of Omnibus Motions</u>. Each Omnibus Motion shall be numbered consecutively, regardless of its basis.

    3.    <u>Supporting Documentation</u>. Each Omnibus Motion shall be accompanied by an affidavit or declaration from a party with knowledge of the Debtors' books and records and the manner in which they are maintained, that states that such party has done the following: (a) reviewed the claims and Remaining Objections subject to the Omnibus Motion and applicable supporting information and documentation provided therewith; (b) made reasonable efforts to research the claims on the Debtors' books and records and other documentation relevant to BLMIS and its customer accounts; and (c) analyzed the relevant cash deposit and withdrawal activity and inter-account transfers.

    4.    <u>Exhibits</u>. An exhibit listing the claims and Remaining Objections that are subject to a particular Omnibus Motion shall be attached thereto. The exhibits will include the following information, alphabetized by claimant:

      a.    the claims that are the subject of the Omnibus Motion and their related claim number(s);

      b.    the docket number(s) of the Remaining Objection;

      c.    the name of the claimant's counsel, if any, who filed the Remaining Objection; and

      d.    the name and number of the BLMIS account(s) in which the claimant asserts an interest.

5.    <u>Notice and Service</u>. Each Omnibus Motion shall be filed with the Court and served upon: (a) the affected claimant and his or her counsel of record, if any; (b) all parties included in the Master Service List as defined in the Order Establishing Notice Procedures (ECF No. 4560); (c) all parties that have filed a notice of appearance in this case; and (d) the Securities Investor Protection Corporation.

6.    <u>Omnibus Hearings</u>. Each Omnibus Motion shall be set for hearing in accordance with Local Bankruptcy Rule 5070-1 and Chambers' Rules. All hearings shall be scheduled on a date at least thirty (30) days after service of the Omnibus Motion consistent with Bankruptcy Rule 3007(a). In accordance with Local Bankruptcy Rule 9014-2, the first hearing on any Omnibus Motion will not be an evidentiary hearing and there is no need for any witnesses to appear at that hearing unless otherwise ordered by the Court.

Claimants that do not oppose the relief requested in an Omnibus Motion need not appear at the hearing on the motion. Claimants that do oppose the relief in an Omnibus Motion must serve a written response ("Response") as provided below, and the claimant or his or her counsel must appear at the hearing on the Omnibus Motion; provided, however, the Trustee may adjourn the hearing with respect to a claimant that has served a Response to a subsequent hearing date upon three (3) business days' prior notice and without further order of the Court. **Absent such an adjournment, if a responding claimant or his or her counsel fail to appear at the hearing on the Omnibus Motion, the Trustee's claim determination may be deemed confirmed by this Court and binding on the claimant**.

7.    <u>Contested Matter</u>. Each claim and Remaining Objection subject to an Omnibus Motion to which a claimant timely and properly serves a Response shall constitute a separate contested matter as provided in Bankruptcy Rule 9014 and any order entered by the Court will be deemed a separate order with respect to such claim.

**Responses to Omnibus Motions**

8.    <u>Parties Required to File a Response</u>. Any claimant who disputes the relief requested in an Omnibus Motion is required to serve a Response in accordance with the procedures set forth herein.

9.    <u>Response Contents</u>. Each Response must be in writing and contain at a minimum the following:

3

  a. a caption stating the name of the Bankruptcy Court, the name of the Debtor, the case number and the title of the Omnibus Motion to which the Response is directed;

  b. The name of the claimant and the related claim number(s);

  c. a concise statement that explains with particularity the factual basis for the claimant's opposition to the Omnibus Motion;

  d. a copy of any documentation or other evidence upon which the claimant will rely in opposing the Omnibus Motion; provided, however, that the claimant should not disclose confidential, proprietary, or otherwise protected information in the Response; if the claimant requires discovery to support its Response, the claimant shall so state; and

  e. the name, address, telephone number, and email address of the responding claimant or the name, address, telephone number, and email address of the claimant's attorney to whom counsel for the Trustee should serve a reply to the Response, if any.

  10. <u>Filing and Service of a Response</u>: A Response must be served on the Trustee and SIPC by mailing the Response to the following addresses: (a) Baker & Hostetler LLP, counsel for the Trustee, 45 Rockefeller Plaza, New York, New York 10111, Attn: David J. Sheehan, Esq. and (b) the Securities Investor Protection Corporation, 1667 K Street, NW, Suite 1000, Washington, DC 20006-1620, Attn: Kevin H. Bell, Esq. and Nathanael Kelley, Esq. A Response will be deemed timely only if it is served by the date and time indicated on the notice of hearing that will be served by the Trustee on the claimants subject to an applicable Omnibus Motion, unless otherwise extended in writing by the Trustee (the "Response Deadline"). Upon receipt of a Response, the Trustee shall file the Response with the Clerk of the United States Bankruptcy Court and deliver a courtesy copy to the Chambers of the Honorable Stuart M. Bernstein, United States Bankruptcy Judge.

  11. <u>Discovery</u>: If a timely Response is filed in accordance with the procedures herein, the claimant and Trustee, through their respective counsel, shall confer on a mutually agreeable schedule for briefing and to conduct discovery, if any, under the parameters set forth in the form of Scheduling Order annexed to the Order as **Exhibit 2** and shall request that this Court enter the Scheduling Order to facilitate resolution of the parties' dispute. If the parties are unable to agree on a schedule, the parties shall so advise the Court. Except as provided therein, no discovery will be permitted with respect to an Omnibus Motion.

  12. <u>Failure to Respond</u>. **A Response that is not served by the Response Deadline, or such other date as agreed with the Trustee, and in accordance with these Omnibus Procedures, may not be considered by the Court. If a claimant fails to timely serve a Response by the Response Deadline as set forth herein, the Court may grant the Omnibus Motion with respect to that claimant and the Trustee's claim determination shall be deemed approved without further notice or hearing**. Upon entry of an order sustaining an Omnibus Motion, the Trustee shall serve such order on the affected claimant(s).

4

13. <u>Reply to Response</u>. The Trustee shall be permitted to file a reply to any Response no later than seven (7) calendar days before the hearing with respect to the applicable Omnibus Motion.

**Miscellaneous**

14. <u>Additional Information</u>. Copies of these procedures, the Order, the form of Scheduling Order and any other pleadings filed in the BLMIS case are available for free online at https://madofftrustee.com/.

15. <u>Reservation of Rights</u>. Nothing contained in any Omnibus Motion, shall constitute or be deemed to constitute a waiver of the Trustee's right to object to claims on any basis not previously set forth in an Omnibus Motion.

# EXHIBIT 2

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

## FORM OF SCHEDULING ORDER

Upon consideration of the omnibus motion (the "Omnibus Motion") (ECF No. ____) of Irving H. Picard, trustee ("Trustee") for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") and the chapter 7 estate of Bernard L. Madoff ("Madoff"), by and through his counsel, for entry of an order affirming his determination of the claim (the "Claim") of [_____] (the "Claimant') and overruling the Claimant's related objection; and the Court having jurisdiction to consider the Omnibus Motion and the relief requested therein in accordance with section 78eee(b)(4) of the Securities Investor Protection Act ("SIPA"), 15 U.S.C. § 78aaa, et seq., the Protective Decree entered on December 15, 2008 by the United States District Court for the Southern District of New York in Case No. 08-CV-10791 (LLS), and 28 U.S.C. §§ 157 and 1334, and in accordance with SIPC's[1] application under SIPA, 15 U.S.C. § 78eee(a)(3); and due notice of the Omnibus Motion having been given,

---

[1] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Omnibus Motion.

and it appearing that no other or further notice need be given; and upon the proceedings before the Court and after due deliberation, it is hereby:

**ORDERED**, that the Trustee and Claimant (collectively, the "Parties") shall comply with the following schedule, unless the Parties agree and this Court orders otherwise:

**Discovery**

a. The Parties may serve Requests for the Production of Documents, Requests for Admission, and Interrogatories ("Discovery Requests"), if any, within **twenty-one (21) days** of the entry of the Scheduling Order.

b. The Parties shall provide responses to any Discovery Requests within **twenty-one (21) days** of such requests (the "Discovery Response Deadline").

c. All depositions (if any) shall be completed by the discovery deadline set forth below. Depositions shall proceed concurrently, with no party having priority. Depositions of the Trustee are prohibited absent an order issued by this Court upon a showing of good cause.

d. All depositions of the Trustee's witnesses shall occur at the offices of Baker & Hostetler LLP, 45 Rockefeller Plaza, New York, NY 10111, or such other location as the Parties may agree. Depositions of the Claimant's witnesses shall occur at such place as the Parties shall mutually agree.

e. All discovery shall be completed within **sixty (60) days** from the Discovery Response Deadline (the "Discovery Deadline").

f. All discovery contemplated herein shall be produced pursuant to and governed by the Litigation Protective Order entered on June 6, 2011 in the matter of Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities LLC,

et al., Adv. Pro. No. 08-01789 (SMB), ECF No. 4137 (the "Litigation Protective Order"), or any amendments to or subsequent orders that may be entered, any applicable orders entered by any other court of competent jurisdiction, and/or any other applicable federal or state law.

g. The Parties shall exchange affidavits or declarations along with any supporting documentation they intend to rely upon in support of their Motion and/or Memorandum of Law within **thirty (30) days** of the Discovery Deadline, and either a statement that they intend to rely only on such affidavits or declarations at the hearing or a list of witnesses that will testify at the hearing (if any).

h. In the event of a discovery dispute between the parties, the parties shall meet and confer in an attempt to resolve the dispute. If not resolved, the parties shall comply with Local Bankruptcy Rule 7007-1 with respect to resolution of the dispute.

**Motion Practice**

i. On or before **sixty (60) days** after the Discovery Deadline, the Trustee shall file a Motion combined with a Memorandum of Law for an Order to Affirm the Trustee's Determination Regarding the Claim (the "Customer Motion").

j. On or before **sixty (60) days** after the Discovery Deadline, SIPC may file a brief regarding the Customer Motion.

k. On or before **ninety (90) days** after the Discovery Deadline, the Claimant may file a brief in opposition to the Customer Motion.

l. On or before **120 (one hundred twenty) days** after the Discovery Deadline, the Trustee may file any reply papers.

  m. On or before **120 (one hundred twenty) days** after the Discovery Deadline, SIPC may file any reply papers.

**Court Hearings**

  n. A hearing to consider the Customer Motion, if any, shall be on a date and time to be determined by the Court.

  o. The parties shall enter into a stipulated joint pre-trial order that identifies stipulated facts and any open factual or legal issues and will file the joint pre-trial order no less than **fourteen (14) days** before any scheduled hearing date.

**Service**

  a. The Customer Motion shall be served on all parties included on the Master Service List as defined in the Order Establishing Notice Procedures (ECF No. 4560). Parties that have not opted to be included in the Master Service List but wish to receive notice shall contact Baker & Hostetler LLP, counsel for the Trustee, 45 Rockefeller Plaza, New York, New York 10111, Attn: David J. Sheehan, Esq.

 **ORDERED**, that the failure to comply with this Order may result in entry of judgment or other sanction against the non-compliant Party; provided, however, the Parties may seek relief from this Court with regard to any of the provisions herein upon a showing of good cause.

 **ORDERED**, that this Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated: New York, New York
    _____, 2020

                _____
                HONORABLE STUART M. BERNSTEIN
                UNITED STATES BANKRUPTCY JUDGE