**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff,<br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (CGM)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>Plaintiff,<br>v.<br><br>ORBITA CAPITAL RETURN STRATEGY LIMITED,<br><br>Defendant. | Adv. Pro. No. 11-02537 (CGM) |

**MOTION FOR ENTRY OF ORDER APPROVING A SETTLEMENT**
**AGREEMENT BY AND BETWEEN THE TRUSTEE AND DEFENDANT**

TO:    THE HONORABLE CECELIA G. MORRIS, CHIEF JUDGE
        UNITED STATES BANKRUPTCY COURT
        SOUTHERN DISTRICT OF NEW YORK

Irving H. Picard (the "Trustee"), as trustee for the liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa–*lll* ("SIPA"), and the substantively consolidated chapter 7 estate of Bernard L. Madoff, by and through his undersigned counsel, submits this motion seeking entry of an order, pursuant to section 105(a) of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*, (the "Bankruptcy Code") and Rules 2002 and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), approving a settlement, the terms and conditions of which are set forth in the settlement agreement (the "Agreement"), attached as Exhibit A, by and between the Trustee and Orbita Capital Return Strategy Limited ("Orbita"). In support of the motion, the Trustee respectfully represents as follows:

## PRELIMINARY STATEMENT

The Trustee's action against Orbita seeks to recover $30,662,226.00 in customer property that Orbita received from BLMIS through Fairfield Sentry Limited ("Fairfield Sentry") on February 16, 2005 (the "Transfer"). The Trustee's settlement with Orbita provides for payment to the Trustee of $5,215,534.00. The Agreement represents a good faith, complete settlement of the Trustee's claims for the benefit of the customer property fund. The Trustee respectfully requests that the Court enter an order approving the settlement, substantially in the form of the proposed Order attached as Exhibit B.

## THE TRUSTEE'S CLAIMS

In August 2011, the Trustee commenced an adversary proceeding by filing his complaint against Orbita to recover the Transfer. *See Picard v. Orbita Capital Return Strategy Ltd.*, Adv.

Pro. No. 11-02537 (CGM) (Bankr. S.D.N.Y. Aug. 18, 2011), ECF No. 1. Orbita is a Cayman Islands fund of funds that invested in BLMIS through Fairfield Sentry. Orbita was operated by its investment managers located in the United Kingdom, initially Coutts & Co. Limited, and then RBS Asset Management Ltd.

In April 2012, Orbita moved to withdraw the reference on a number of issues, including: (i) whether the safe harbor under Bankruptcy Code section 546(e) prohibits the Trustee from avoiding the initial transfers made by BLMIS to Fairfield Sentry; (ii) whether the Trustee bears the burden of pleading a lack of "good faith" under Bankruptcy Code section 550(b); and (iii) whether the Trustee's claims to recover the Transfer are barred by the presumption against extraterritoriality. ECF Nos. 9–11. The District Court granted the motion to withdraw the reference on these issues. *In re Madoff Sec.*, No. 12-mc-115 (JSR) (S.D.N.Y.), ECF Nos. 119, 154, 167.

In April 2013, the District Court issued its decision on section 546(e) and ruled that the safe harbor barred the Trustee's avoidance claims, except those brought under Bankruptcy Code section 548(a)(1)(A), unless the Trustee alleges an initial transferee had "actual knowledge of [BLMIS's] fraud." *See SIPC v. BLMIS (In re Madoff Sec.)*, No. 12-mc-115 (JSR), 2013 WL 1609154, at *1 (S.D.N.Y. Apr. 15, 2013). In April 2014, the District Court issued its decision on the good faith issue and held that in a SIPA proceeding, for the Trustee's claims to survive a motion to dismiss, the Trustee has the burden of pleading that transferees had knowledge of fraud or willfully blinded themselves to circumstances suggesting a high probability of fraud. *See SIPC v. BLMIS (In re Madoff Sec.)*, 516 B.R. 18, 22-24 (S.D.N.Y. 2014). In July 2014, the District Court issued its decision on the extraterritoriality issue and concluded that section 550(b) does not apply extraterritorially, and therefore the Trustee must plead facts to establish that the

3

subsequent transfers he seeks to recover are "domestic" transfers. *See SIPC v. BLMIS (In re Madoff Sec.)*, 513 B.R. 222, 232 n.4 (S.D.N.Y. 2014). The District Court further held that claims to recover subsequent transfers received from an entity in a foreign liquidation proceeding should be dismissed under principles of international comity. *Id.* at 231–32.

In January 2015, Orbita Capital, along with defendants in other proceedings, moved to dismiss in this Court based on the District Court's prior ruling on extraterritoriality and international comity. Adv. Pro. No. 11-02537 (CGM), ECF No. 58. In November 2016, this Court granted Orbita's motion and dismissed the Trustee's claims. *See SIPC v. BLMIS (In re Madoff)*, Adv. Pro. No. 08-01789 (SMB), 2016 WL 6900689, at *15–*16, *29 (Bankr. S.D.N.Y. Nov. 22, 2016); Adv. Pro. No. 11-02537 (CGM), ECF No. 88. On appeal, the Second Circuit reversed, holding the Trustee's actions were not barred by the presumption against extraterritoriality or principles of international comity. *In re Picard,* 917 F.3d 85 (2d Cir. 2019). The Supreme Court denied certiorari in June 2020. *HSBC Holdings PLC v. Picard*, No. 19-277, 140 S. Ct. 2824, 2020 WL 2814770 (U.S. June 1, 2020). Subsequently, this and other adversary proceedings were returned to this Court.

## **OVERVIEW OF THE AGREEMENT**

In light of the delay, expense, and uncertainties associated with litigation, the parties desire to settle the Trustee's claims. The Agreement memorializing the parties' settlement should be reviewed for a complete account of its terms. However, the principal terms are as follows:

- Within five business days of the effective date of the Agreement, Orbita shall pay to the Trustee $5,215,534.00 in full and final satisfaction of the Trustee's claims;

- The Trustee will release, acquit, and absolutely discharge Orbita as set forth in the Agreement;

4

- Orbita will release, acquit, and absolutely discharge the Trustee and all his agents and BLMIS and its consolidated estate as set forth in the Agreement; and

- The Trustee shall dismiss the adversary proceeding with prejudice and without costs to either party.

## **LEGAL BASIS**

Bankruptcy Rule 9019 provides, in pertinent part, that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." To approve a settlement under Rule 9019(a), a bankruptcy court should find that the proposed settlement is fair and equitable, reasonable, and in the best interest of a debtor's estate. *In re Ionosphere Clubs, Inc.*, 156 B.R. 414, 426 (S.D.N.Y. 1993), *aff'd*, 17 F.3d 600 (2d Cir. 1994) (citing *Protective Comm. For Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968)).

The bankruptcy court, in determining whether to approve a settlement, should not decide the numerous questions of law and fact raised by the settlement, but rather should "canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness." *Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir. 1983) (cleaned up); *see also Masonic Hall & Asylum Fund v. Official Comm. of Unsecured Creditors (In re Refco, Inc.)*, No. 5-60006 (RMB), 2006 WL3409088, at *7 (S.D.N.Y. Nov. 16, 2006); *In re Ionosphere Clubs*, 156 B.R. at 426. "[T]he court need not conduct a 'mini-trial' to determine the merits of the underlying litigation." *In re Purified Down Prods. Corp.*, 150 B.R. 519, 522 (S.D.N.Y. 1993).

In deciding whether a settlement falls within the "range of reasonableness," the bankruptcy court considers the following factors: (i) the probability of success in the litigation; (ii) the difficulties associated with collection; (iii) the complexity of the litigation, and the

5

attendant expense, inconvenience, and delay; and (iv) the paramount interests of the creditors (or in this case, customers). *In re Refco, Inc.*, 2006 WL3409088, at *7; *Nellis v. Shugrue*, 165 B.R. 115, 122 (S.D.N.Y. 1994) (citing *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 292 (2d Cir. 1992), *cert. denied*, 506 U.S. 1088 (1993)).

The bankruptcy court may consider and credit the opinions of the trustee of the debtor and his or her counsel in determining whether a settlement is fair and equitable. *See In re Purified Down Prods.*, 150 B.R. at 522; *In re Drexel Burnham Lambert Grp.*, 134 B.R. at 505. Even though the bankruptcy court has discretion to approve settlements and must independently evaluate the reasonableness of the settlement, *In re Rosenberg*, 419 B.R. 532, 536 (Bankr. E.D.N.Y. 2009), the court should consider the business judgment of the trustee and his counsel in determining whether a settlement is fair and equitable. *In re Chemtura Corp.*, 439 B.R. 561, 594 (Bankr. S.D.N.Y. 2010). The court may also consider the competency and experience of counsel supporting the settlement. *Nellis*, 165 B.R. at 122. Finally, the court should be mindful of the principle that "the law favors compromise." *In re Drexel Burnham Lambert Grp.*, 134 B.R. at 505 (quoting *In re Blair*, 538 F.2d 849, 851 (9th Cir. 1976)).

The settlement with Orbita for approximately $5.2 million is fair and equitable, reasonable, and in the best interest of the BLMIS estate. The Trustee believes he would ultimately prevail in recovering the Transfer from Orbita. However, litigation is never without risk. The Trustee, under the current good faith standard, has the burden of pleading that Orbita was willfully blind to BLMIS's fraud in order to recover the Transfer under section 550(b). *See In re Madoff Sec.*, 516 B.R. at 22-24. The fact-intensive good faith inquiry would require discovery, including foreign discovery in the Cayman Islands and the United Kingdom, which

6

would cause delay and expense. In summary, these issues involving avoidability and recovery are complex, and litigation through trial and appeals will be protracted and costly.[1]

By contrast, the settlement with Orbita augments the customer property fund and avoids the risks, delays, and costs of continued litigation. The settlement also may encourage settlement discussions with other defendants against whom the Trustee is seeking to recover subsequent transfers from Fairfield Sentry. Accordingly, in an exercise of his business judgement, the Trustee believes the settlement represents a fair and reasonable compromise of the Trustee's claims. *See* Declaration of the Trustee in Support of the Motion, a true and accurate copy of which is attached as Exhibit C.

## **CONCLUSION**

Because the Agreement is well within the "range of reasonableness" and confers a benefit on the BLMIS estate and the victims of Madoff's Ponzi scheme, the Trustee respectfully requests that the Court enter an Order approving the Agreement.

## **NOTICE**

In accordance with Bankruptcy Rules 2002 and 9019, notice of this motion has been given to (i) the Securities Investor Protection Corporation; (ii) the U.S. Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; and (v) Orbita's counsel at Morrison & Foerster LLP. Notice of this motion will also be provided via email and/or U.S. Mail to all persons who have filed notices of appearance in the BLMIS proceeding pursuant to the Order Establishing Notice Procedures and Limiting Notice, Adv. Pro. No. 08-01789 (CGM), ECF No. 4560. The Trustee submits that no

---

[1] *See* Status Report, *SIPC v. BLMIS*, Adv. Pro. No. 08-01789 (CGM), ECF No. 20350 (Bankr. S.D.N.Y. filed Mar. 16, 2021), at 22-25 (discussing status of Trustee's subsequent transfer cases); Trustee's Twenty-Fifth Interim Report for the Period October 1, 2020 Through March 31, 2021, *SIPC v. BLMIS*, Adv. Pro. No. 08-01789 (CGM), ECF No. 20480 (Bankr. S.D.N.Y. filed Apr. 30, 2021), at 56-62 (same).

other or further notice is required.

WHEREFORE, The Trustee respectfully requests that the Court enter an order substantially in the form of the proposed Order attached as Exhibit B approving the Agreement.

Dated: July 13, 2021
New York, New York

Respectfully submitted,

**BAKER & HOSTETLER LLP**

By: *David J. Sheehan*
    David J. Sheehan
    Email: dsheehan@bakerlaw.com

45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard,
Trustee for the Substantively Consolidated
SIPA Liquidation of Bernard L. Madoff
Investment Securities LLC and the
Chapter 7 Estate of Bernard L. Madoff*

8