**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                Defendant. | Adv. Pro. No. 08-01789 (CGM)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>                Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and for the Estate of Bernard L. Madoff,<br><br>                Plaintiff,<br><br>v.<br><br>STANLEY T. MILLER,<br><br>                Defendant. | Adv. Pro. No. 10-04921 (CGM) |

## JUDGMENT

    **WHEREAS**, Irving H. Picard (the "Trustee") is the trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act ("SIPA"), 15 U.S.C. §§ 78aaa–*lll*, substantively consolidated with the liquidation under chapter 7 of the Bankruptcy Code, 11 U.S.C. §§ 101–1532, of the estate of Bernard L. Madoff ("Madoff"), currently pending in United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") as Adv. Pro. No. 08-01789 (CGM);

**WHEREAS**, the Trustee is duly qualified to serve and act on behalf of the consolidated estate of BLMIS and Madoff;

**WHEREAS**, on or about December 2, 2010, the Trustee commenced the above-captioned adversary proceeding (the "Adversary Proceeding") in the Bankruptcy Court, alleging, *inter alia*, that Stanley T. Miller (the "Defendant") received avoidable transfers in an amount aggregating Six Hundred and Sixty-Nine Thousand, Seven Hundred Ninety-Three United States Dollars ($669,793.00), in connection with BLMIS Account No. 1ZR284, within two years of the Filing Date;

**WHEREAS**, on July 2, 2021, the Court granted the Trustee's Summary Judgment Motion under Federal Rule of Civil Procedure 56(a), *see Picard v. Miller*, Adv. Pro. No. 10-04921 (Bankr. S.D.N.Y. July 2, 2021), ECF No. 123 (the "Decision");

**NOW, THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED THAT:**

1. As set forth in the Decision, the Court made the following findings and conclusions:[1]

    a. The Trustee has Article III standing to bring this action against Defendant;

    b. Madoff operated BLMIS as a Ponzi scheme;

    c. The Trustee is entitled to rely on the Ponzi scheme presumption and has demonstrated that the Two-Year Transfers were made with the actual intent to hinder, delay, or defraud creditors within the meaning of 11 U.S.C. §§ 548(a)(1)(A) and 550(a);

    d. The transfers of $669,793.00 to or for the benefit of Defendant within two years of December 11, 2008 (the "Two-Year Transfers") consisted of fictitious profits

---

[1] All capitalized terms are set forth and defined in the Decision.

      in the sense that the Defendant exhausted the amount of his deposits before the onset of the Two-Year Period;

e. The Two-Year Transfers were transfers of an interest of the debtor and the property is "customer property" under SIPA § 78*lll*(4);

f. Customer money invested into the IA Business, including Defendant's money, were placed in the Bank Accounts and commingled with all of the customer money deposited into the BLMIS Ponzi scheme;

g. Monies paid to Defendant from those Bank Accounts are customer property within the meaning of SIPA § 78*lll*(4) and must be turned over to the Trustee pursuant to SIPA § 78fff-2(c)(3);

h. The Trustee's expert reports, the plea allocations of Madoff and his brother Peter Madoff, and the BLMIS books and records are admissible;

i. As to Defendant's cross-motion for summary judgment, the Court finds that distributions from the Defendant's IRA are not protected by ERISA;

j. As to Defendant's cross-motion for summary judgment, the Court affirms prior rulings and finds that N.Y. C.P.L.R. § 5205(c)(1) does not bar the entry of judgment against Defendant;

k. As to Defendant's cross-motion for summary judgment, the Court affirms prior rulings and finds Defendant is the initial transferee and cannot claim any defenses under section 550(b) of the Bankruptcy Code;

l. As to Defendant's cross-motion for summary judgment, the Court finds that N.Y. EPTL § 7.3-1(b)(1)-(2) do not bar the entry of judgment against Defendant; and

  m. The Trustee is entitled to prejudgment interest from the date that the Adversary Proceeding was commenced on December 2, 2010.

2. The Two-Year Transfers are avoided under section 548 of the Bankruptcy Code and recoverable under section 550 of the Bankruptcy Code.

3. The Trustee is awarded prejudgment interest on the Two-Year Transfers pursuant to 28 U.S.C. § 1961(b), at the rate of 4% from December 2, 2010 through July 13, 2021.

4. Judgment is hereby entered in favor of the Trustee to recover from Defendant the total amount of **$954,126.51** (the "Judgment Amount"), representing the sum of:

**Account No. 1ZR284 – Stanley T. Miller**

| | | |
|---|---|---:|
| a. | Avoidable Transfers | $669,793.00 |
| b. | pre-judgment interest on the Avoidable Transfers at the rate of 4%, from Dec. 2, 2010 through July 13, 2021. | $284,333.51 |
| | **Total:** | **$954,126.51** |

5. The Clerk of Court shall enter this Judgment in favor of the Trustee for the Judgment Amount.



**Dated: July 14, 2021**
**Poughkeepsie, New York**

/s/ Cecelia G. Morris
_____
**Hon. Cecelia G. Morris**
**Chief U.S. Bankruptcy Judge**