**BAKER & HOSTETLER LLP**

45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Plaintiff Irving H. Picard, Trustee for
the Substantively Consolidated SIPA Liquidation
of Bernard L. Madoff Investment Securities LLC
and the Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (CGM) |
| Plaintiff, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff, | Adv. Pro. No. 10-04330 (CGM) |
| Plaintiff, | |
| v. | |
| SQUARE ONE FUND LTD., | |
| Defendant. | |

**TRUSTEE'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF HIS**
**MOTIONS FOR ISSUANCE OF LETTERS OF REQUEST**

# TABLE OF CONTENTS

ARGUMENT .................................................................................................................1

I.    The Court Should Grant the Motions..................................................................1

      A.    The Applicable Legal Standard ...............................................................1

      B.    The Trustee Has Met His Burden ............................................................2

II.   Square One Has Shown No Good Reason to Deny the Motions ........................4

      A.    The Trustee Did Not Unduly Delay His Discovery Efforts....................4

            i.     Square One Delayed the Trustee's Ability to Pursue His
                   Discovery Efforts ..........................................................................4

            ii.    The Ongoing COVID-19 Pandemic Has Caused
                   Unavoidable Delays.......................................................................7

            iii.   Square One's Authorities Are Unavailing ...................................9

      B.    Granting the Motions in No Way Prejudices Square One .....................11

CONCLUSION............................................................................................................13

i

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Apollo v. Pa. Convention Center Auth.*,
   No. 11-6684, 2013 WL 6795978 (E.D. Pa. Dec. 23, 2013)..................................................4, 5

*Cordeiro v. Alves*,
   No. 1:16-cv-23233-UU, 2017 WL 3099086 (S.D. Fla. Apr. 7, 2017)....................................10

*Daval Steel Prods. v. M/V Fakredine*,
   951 F.2d 1357 (2d Cir. 1991)......................................................................................................1

*District Title v. Warren*,
   No. 14-1808 (ABJ) (DAR), 2016 WL 10749155 (D.D.C. Dec. 23, 2016)...............................4

*In re Elysium Health-ChromaDex Litig.*,
   No. 17-CV07394 (LJL), 2021 WL 194994 (S.D.N.Y. Jan. 19, 2021)......................................9

*Estate of Klieman v. Palestinian Auth.*,
   272 F.R.D. 253 (S.D.N.Y. 2011) .........................................................................................2, 12

*Lurch v. City of New York*,
   No. 19-cv-4350 (PAE) (JLC), 2020 WL 2029589 (S.D.N.Y. Apr. 27, 2020).........................9

*MacCartney v. O'Dell*,
   No. 14-cv-3925 (NSR), 2017 WL 766906 (S.D.N.Y. Feb. 27, 2017).......................................1

*Mylan v. Santos*,
   No. 19-cv-3884 (JPC), 2021 WL 1857115 (S.D.N.Y. May 10, 2021).....................................9

*Nespresso USA, Inc. v. Williams-Sonoma, Inc.*,
   No. 19-cv-4223 (LAP) (KHP), 2021 WL 942736 (S.D.N.Y. Mar. 12, 2021)................2, 4, 12

*Netherby Ltd. v. Jones Apparel Grp., Inc.*,
   No. 04-cv-7028 (GEL), 2005 WL 1214345 (S.D.N.Y. May 18, 2005)....................................1

*Progressive Minerals, LLC v. Rashid*,
   No. CIV. A 5:07-cv-108, 2009 WL 1789083 (N.D.W. Va. June 23, 2009)...........................10

*Reiss v. Societe Centrale Du Groupe Des Assurances Nationales*,
   246 F. Supp. 2d 285 (S.D.N.Y. 2003)....................................................................................10

*Roc Nation LLC v. HCC Int'l Ins. Co., PLC*,
   No. 19-cv-554 (PAE), 2020 WL 3170886 (S.D.N.Y. June 15, 2020)......................................9

*Sanchez Mena v. Gomez Paz*,
   No. 2:20-CV-00036-CW-JCB, 2020 WL 6827683 (D. Utah Nov. 20, 2020) ........................10

*Scantibodies Lab'y, Inc. v. Church & Dwight Co., Inc.*,
   No. 14-cv-2275 (JGK) (DF), 2016 WL 11271874 (S.D.N.Y. Nov. 4, 2016),
   *report and recommendation adopted*, No. 14-CV-2275 (JGK), 2017 WL
   605303 (S.D.N.Y. Feb. 15, 2017) ........................................................................................5

*Sec. Ins. Co. of Hartford v. Trustmark Ins. Co.*,
   218 F.R.D. 24 (D. Conn. 2003)...............................................................................................1

*Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*,
   No. 09-01161 (SMB), 2019 WL 1055958 (Bankr. S.D.N.Y. Mar. 5, 2019) ......................1, 11

*Zoho Corp. Pvt. Ltd. v. Freshworks, Inc.*,
   No. 20-cv-01869-VC (TSH), 2021 WL 2769009 (N.D. Ca. July 2, 2021) .............................9

**Statutes**

15 U.S.C. §§ 78aaa *et seq.* ............................................................................................................1

Plaintiff Irving H. Picard (the "**Trustee**"), as trustee for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("**BLMIS**") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa *et seq.*, and the estate of Bernard L. Madoff, respectfully submits this Reply in response to the Opposition (ECF No. 217) filed by defendant Square One Fund Ltd. ("**Square One**") with respect to the Trustee's motions for the issuance of letters of request for the examinations of Mr. Albert Collette (ECF No. 209) ("**Collette Motion**"), Ms. Melissa Alessandra Massetta Hariri (ECF No. 211) ("**Massetta Motion**"), Mr. Luc Deblue (ECF No. 213) ("**Deblue Motion**"), and Ms. Catherine Lemaitre (ECF No. 215) ("**Lemaitre Motion**") (collectively, the "**Motions**").

## ARGUMENT

### I.   The Court Should Grant the Motions

#### A.     The Applicable Legal Standard

The standard for the issuance of a letter of request is a low bar.  "Courts routinely issue such letters where the movant makes a reasonable showing that the evidence sought may be material or may lead to the discovery of material evidence."  *Netherby Ltd. v. Jones Apparel Grp., Inc.*, No. 04-cv-7028 (GEL), 2005 WL 1214345, at *1 (S.D.N.Y. May 18, 2005).  As the moving party, the Trustee bears the burden of demonstrating relevance under Rule 26 of the Federal Rules of Civil Procedure.  "It is well-established within this Circuit that [Rule 26] will be satisfied if there is 'any possibility' that the information sought may be relevant to the subject matter of the action."  *MacCartney v. O'Dell*, No. 14-cv-3925 (NSR), 2017 WL 766906, at *3 (S.D.N.Y. Feb. 27, 2017) (quoting *Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1367 (2d Cir. 1991)).  As the party opposing the Motions, Square One bears the burden of showing a "good reason" why this Court should not grant them.  *See Sec. Ins. Co. of Hartford v. Trustmark Ins. Co.*, 218 F.R.D. 24, 26-27 (D. Conn. 2003); *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv.*

1

*Sec. LLC*, No. 09-01161 (SMB), 2019 WL 1055958, at *6 (Bankr. S.D.N.Y. Mar. 5, 2019)

("*Kingate*") (same). Courts in this district have held that where the requested discovery is

"central to the claims and defenses asserted by the parties," the motion should be granted even if

it "will delay the litigation." *Nespresso USA, Inc. v. Williams-Sonoma, Inc.*, No. 19-cv-4223

(LAP) (KHP), 2021 WL 942736, at *3 (S.D.N.Y. Mar. 12, 2021); *see Estate of Klieman v.*

*Palestinian Auth.*, 272 F.R.D. 253, 259-60 (S.D.N.Y. 2011).

### B. The Trustee Has Met His Burden

The Trustee has satisfied the low relevance threshold under the Federal Rules. The

Motions seek evidence that is relevant to Square One's suspicions of fraud at BLMIS, which is

the central issue in this litigation. More specifically, through his Motions, the Trustee seeks

evidence that is relevant to what Partners Advisers S.A. ("**Partners Advisers**") suspected about

BLMIS's fraud. This evidence is relevant here because Partners Advisers provided services to

Square One throughout the relevant period and the Trustee alleges that one of its diligence

officers warned Square One's founder and director, Mr. Luc Estenne, around 2002-2003, about

red flags of fraud at BLMIS. (*See* Trustee's Amended Complaint filed on December 21, 2018,

¶¶ 150-57 (ECF No. 167).) The Trustee alleges that, immediately after receiving this warning,

Mr. Estenne redeemed his personal exposure to Square One,[1] a BLMIS feeder fund, and to have

blacklisted all BLMIS-related investments from his personal investments. (*Id.* at ¶¶ 158-64.)

But Mr. Estenne kept directing other people's money into Square One while pocketing

substantial fees from those investments. (*Id.* at ¶ 167.) In its oral decision denying Square One's

Motion to Dismiss, the Court zeroed in on these allegations as being highly probative of Square

One's lack of good faith, as can be seen from the excerpt below:

---

[1] Mr. Estenne invested in Square One through another investment vehicle he directed, Absolute Return Target Fund
(Luxembourg) SICAV, otherwise referred to as the "ART Fund."

2

The 2003 events involving the diligence officer give me more pause, not just because of what Estenne learned, but also because of what he did. The diligence officer learned or confirmed from what others told him and from what the managers of Fairfield and Kingate funds could not tell him, that BLMIS was a black box. He told Estenne, who immediately withdrew the ART Fund's investment from Square One, even though it was one of the ART Fund's most profitable investments, and terminated all contact with other BLMIS feeder funds.

While this is still insufficient to allege that he actually knew that BLMIS was a Ponzi scheme, it is sufficient along with what he already knew about the BLMIS implausible returns to satisfy the first prong of the willful blindness test. Left unexplained, the immediate termination of one of [the] ART Fund[']s better-performing investments and the blacklisting of BLMIS implies that Estenne questioned the bona fides of BLMIS's trades and its financial success. His continued investment of Square One's fund with BLMIS allowed him to earn substantial fees without any corresponding personal risk.

(Transcript of May 29, 2019 Hearing at 42:16-43:11 (ECF No. 181).)

The Motions seek to discover evidence that supports these Court-endorsed allegations. For example, the Trustee seeks to question Ms. Lemaitre regarding a warning she received from Mr. Estenne about red flags of fraud at BLMIS that mirror what the diligence officer told him. (Lemaitre Motion at 3-4.) Similarly, the Trustee seeks to ask Mr. Collette about his knowledge of the diligence officer's negative opinion of BLMIS. (Collette Motion at 4.) The Trustee seeks to examine Ms. Massetta about a due diligence report on BLMIS that she received from Partners Advisers around the same time the Trustee alleges the diligence officer warned Mr. Estenne of fraud at BLMIS. (Massetta Motion at 3-4.) And the Trustee seeks to examine Mr. Deblue regarding the agency relationship between Partners Advisers and Square One to establish that Partners Advisers' knowledge of fraud at BLMIS is imputed to Square One. (Deblue Motion at 3-4.) Notably, Square One does not contest that the discovery sought in the Motions is relevant. Hence, the Trustee has met his burden here.

3

II.    **Square One Has Shown No Good Reason to Deny the Motions**

Square One has not met its burden of demonstrating a "good reason" why this Court

should not grant the Motions.  This standard depends largely on the circumstances of each case.

*District Title v. Warren*, No. 14-1808 (ABJ) (DAR), 2016 WL 10749155, at *4 (D.D.C. Dec. 23,

2016) ("Ultimately, the determination of whether such a showing has been made and whether

and in what form a letter rogatory should issue are factual determinations turning upon the

circumstances of the particular case.") (citation and internal quotation marks omitted).  In this

case, this standard is high, given that the Motions seek evidence that is central to the claims and

defenses in this case.  *See Nespresso USA,* 2021 WL 942736, at *3 (holding that delays in the

Hague process, even where they "undoubtedly prejudice" the non-moving party, are not good

reason to deny a request seeking discovery central to the litigation brought a month and a half

before discovery closed).  Square One has failed to meet this standard here.  Its lone argument is

the Trustee "unjustifiably delayed" these discovery requests and these supposed delays would

prejudice Square One's "efforts to efficiently resolve this litigation[.]"  (Opp. at 3.)  As shown

fully below, none of this is true and, thus, cannot serve as a "good reason" to deny the Motions.

A.    **The Trustee Did Not Unduly Delay His Discovery Efforts**

i.    *Square One Delayed the Trustee's Ability to Pursue His Discovery Efforts*

The record demonstrates that Square One, not the Trustee, delayed the discovery at issue

here.  The Trustee could not pursue these efforts until it received documents in Square One's

custody, possession, or control concerning what Partners Advisers knew or suspected about

BLMIS's fraud (the "**PA Documents**").  It is reasonable for the discovering party to wait to take

depositions until it has completed document discovery.  *See, e.g.*, *Apollo v. Pa. Convention*

*Center Auth.*, No. 11-6684, 2013 WL 6795978, at *4 (E.D. Pa. Dec. 23, 2013) ("With regard to

the depositions, it is reasonable to schedule them after all documents have been produced and

reviewed . . . ."). This practice is reasonable because the documents: (i) may obviate the need to pursue the deposition in question; or (ii) inform the questions that would be posed in the deposition. Moreover, this practice avoids having to reexamine witnesses to address newly produced documents. *See id.*; *Scantibodies Lab'y, Inc. v. Church & Dwight Co., Inc.*, No. 14-cv-2275 (JGK) (DF), 2016 WL 11271874, at *38 (S.D.N.Y. Nov. 4, 2016), *report and recommendation adopted*, No. 14-CV-2275 (JGK), 2017 WL 605303 (S.D.N.Y. Feb. 15, 2017) (reopening fact discovery to allow additional depositions of fact witnesses regarding subsequently produced documents).

For these reasons, in August 2019, the Trustee promptly requested that Square One produce the PA Documents. Instead of producing the PA Documents in a timely manner, Square One dithered. As shown below, Square One has moved the proverbial goalposts on a number of occasions, failed to produce any of the disputed PA Documents until June 2021, and, ***to this day***, has yet to produce the PA Documents in their entirety.

- October 7, 2019: Square One categorically refused to produce the PA Documents, asserting a generalized objection based on "privacy and data protection laws" of Switzerland and/or the European Union. *See* Square One's Responses and Objections to Plaintiff's First Set of Requests for Production of Documents dated October 7, 2019, at 3, Exh. 1 to the Declaration of Marco Molina, dated July 14, 2021 (the "Molina Decl."), filed contemporaneously herewith.

- February 3, 2020: Square One asserted the PA Documents were not in Square One's possession, custody, or control. *See* Letter from Richard Levin dated February 3, 2020, at 3, Exh. 2 to the Molina Decl.

- May 15, 2020: Square One did a complete reversal and argued, for the first time, that it did have control of the PA Documents and that it had already produced them to the Trustee. *See* Letter from Richard Levin dated May 15, 2020, at 1-2, Exh. 3 to the Molina Decl. In support, Square One relied on a set of documents collected by its former counsel in 2011, despite that this collection occurred: (i) eight years before the Trustee served his request for the PA Documents; (ii) seven years before the Amended Complaint was filed; and (iii) at a time when a different pleading burden and legal standard governed the Trustee's claims. *See* Letter from Richard Levin dated March 31, 2020, at 1-2, Exh. 4 to the Molina Decl.

5

- <u>July 1, 2020</u>: The Trustee served Interrogatories and a Notice of a Rule 30(b)(6) Deposition to better understand how Square One's former counsel collected documents from Partners Advisers in 2011 to assess what, if any, additional discovery efforts were needed. *See* Trustee's First Set of Interrogatories dated July 1, 2020, Exh. 5 to the Molina Decl.; Trustee's Notice of a Rule 30(b)(6) Deposition to Square One dated July 1, 2020, Exh. 6 to the Molina Decl.

- <u>August 2020</u>: During a meet-and-confer, when it became clear the 2011 set of documents from Partners Advisers was too narrow to satisfy the Trustee's requests for the PA Documents, the Trustee insisted that Square One search for and produce the PA Documents in their entirety. Square One agreed to undertake these efforts but only if the Trustee paid half of the costs related to this search and production. The Trustee agreed to take on this financial burden. *See* Letter from Richard Levin dated August 27, 2020, at 2, Exh. 7 to the Molina Decl.

- <u>December 15, 2020</u>: The parties engaged Deloitte AG ("**Deloitte**") to run a set of search terms agreed upon by the parties and send the responsive documents (*i.e.*, the PA Documents) to Square One's counsel by February 2021. *See* Deloitte Engagement Letter, Exh. 8 to the Molina Decl. It was the Trustee's understanding that Square One's counsel would conduct a privilege review and produce to the Trustee all non-privileged PA Documents.

- <u>May 10, 2021</u>: After months of unexpected delays attributable to the COVID-19 Pandemic and not to the Trustee, Square One's counsel in New York obtained from Deloitte all responsive PA Documents. Email from David J. Clark dated May 11, 2021, Exh. 9 to the Molina Decl.

- <u>June 8, 2021</u>: Rather than producing the non-privileged, responsive PA Documents to the Trustee, Square One indicated that it will only produce some, but not all, of the PA Documents. Its rationale was that many of the documents contained search terms that were too broad and were potentially not relevant. Remarkably, one of the examples given to show the "overbreadth" of the search terms is the term "Madoff." Email from David J. Clark dated June 8, 2021, Exh. 10 to the Molina Decl.

- <u>June 11, 2021</u>: Square One produced the first tranche of documents from the 2020-2021 collection funded by both parties. *See* email from Kevin Garcia dated June 11, 2021, Exh. 11 to the Molina Decl. Square One continues to withhold the remainder of the PA Documents from the Trustee and has indicated that it will only review and produce additional documents that are positive hits on unreasonably narrow search terms. *See* Email from David J. Clark dated June 8, 2021, Exh. 10 to the Molina Decl.

Immediately after receiving the first tranche of PA Documents last month, the Trustee reviewed those documents and, based on his review, found it prudent to file the Motions. Had Square One complied with the Trustee's requests for the PA Documents in timely fashion, the

6

Trustee could have pursued his Motions a long time ago. Further, it should be noted that Square One's ongoing delays in producing the PA Documents continue to impede the Trustee's efforts to discover facts that are central to the claims and defenses in this case. Square One continues to withhold a significant portion of the PA Documents, which have been in the possession of Square One's counsel since May 10, 2021. Largely for this reason, the Trustee filed a letter with the Court on June 14, 2021 that asks the Court to extend the discovery deadlines in this case. (ECF No. 205.)

In sum, the record demonstrates the Trustee diligently pursued his discovery efforts related to the Motions but encountered—and continues to encounter—material and unjustified delays attributable to Square One. Because the Trustee is not responsible for these delays, they cannot serve as a "good reason" to deny the Motions.

        *ii.*   *The Ongoing COVID-19 Pandemic Has Caused Unavoidable Delays*

The COVID-19 Pandemic also materially delayed the Trustee's discovery efforts here. In its opposition papers, Square One remarkably ignores this Pandemic when it argues there is no conceivable reason why the Trustee did not advance discovery in material ways during 2020 and the early part of 2021. This omission is particularly glaring because Square One repeatedly cited the Pandemic as a cause of Square One's delays in responding to the Trustee's requests. *See, e.g.*, Letter from Richard Levin dated May 15, 2020, at 2, Exh. 3 to the Molina Decl. ("Our investigation is moving on a reasonable timeline given disruptions due to the coronavirus pandemic . . . ."); Letter from Richard Levin dated June 16, 2020, at 2, Exh. 12 to the Molina

Decl. (investigating "multiple leads" into Square One's own methods used to gather and image documents in 2011, proceeding "on a reasonable timeline" in the third month of the Pandemic).

In any event, the Pandemic had a devastating effect on the Trustee's efforts to pursue the discovery efforts in the Motions. The Pandemic began eight months after discovery commenced in this case and caused the prolonged shutdown of courts, governments, and businesses in the U.S. and abroad—particularly in Europe where the requested discovery is located—and the home-confinement of millions of people, including the Trustee and his team. This unavoidable and unforeseeable occurrence had the following effects on the Trustee's discovery efforts. First, his team was physically and legally unable to travel to the jurisdictions in question to confer with local counsel, identify key information needed to depose these witnesses,[2] or have the chance to interview these witnesses informally to discern whether a formal deposition was even necessary.[3] Second, because courts were closed here and abroad for sustained periods, the Trustee was advised by local counsel that foreign discovery requests from a U.S. court would go unattended for months as a result of this Pandemic. Third, because the discovery requests at issue here require the witnesses to physically appear in front of a foreign magistrate (without an option for virtual hearings), it was unlikely, if not impossible, for these requests to be carried out in a safe manner. For these reasons, the Trustee could not pursue his foreign discovery efforts in earnest

---

[2] In order to serve a letter of request in international jurisdictions, the Trustee needed the residential address of the witnesses. The Trustee did not obtain Ms. Lemaitre's address until July 1, 2021. Immediately following receipt of her address, the Trustee filed the Lemaitre Motion the following day.

[3] Regarding Ms. Lemaitre, under U.K. law, the Trustee was required try to obtain her testimony voluntarily. The Trustee tried to comply with this requirement in December 2020, but it was not until May 28, 2021 when the Trustee finally received any response from Mr. Lemaitre. The Trustee attempted to set up a voluntary conversation, which Ms. Lemaitre eventually refused in a June 24, 2021 email. The Trustee filed the Lemaitre Motion eight days later.

until this year, when the Pandemic's catastrophic effects have consistently dissipated in the U.S. and abroad.

In sum, the Pandemic's impact on this adversary proceeding cannot be ignored and it would be completely inequitable for the Motions to be denied due to delays caused by this once-in-a-lifetime, unforeseeable event. Consistent with this point, courts in this District and elsewhere have recognized the Pandemic has caused litigants unavoidable delays that should not be counted against them. *See, e.g.*, *In re Elysium Health-ChromaDex Litig.*, No. 17-CV07394 (LJL), 2021 WL 194994, at *2 (S.D.N.Y. Jan. 19, 2021) (approving four discovery extensions due to the coronavirus); *Zoho Corp. Pvt. Ltd. v. Freshworks, Inc.*, No. 20-cv-01869-VC (TSH), 2021 WL 2769009, at *3 (N.D. Ca. July 2, 2021) (finding delays in international discovery related to COVID-19 lockdowns were outside the control of the requesting party); *Mylan v. Santos*, No. 19-cv-3884 (JPC), 2021 WL 1857115, at *1 (S.D.N.Y. May 10, 2021) (extending discovery deadlines "to allow the parties time to account for difficulties caused by the COVID-19 pandemic"); *Lurch v. City of New York*, No. 19-cv-4350 (PAE) (JLC), 2020 WL 2029589, at *2 (S.D.N.Y. Apr. 27, 2020) (granting stay and discovery extension "[g]iven the current and ongoing disruptions caused by COVID-19"). The same result should occur here.

### iii.    *Square One's Authorities Are Unavailing*

Nothing Square One cites is to the contrary. Square One, for example, relies on cases where the requesting party has sought international discovery months after the close of fact discovery, *see Roc Nation LLC v. HCC Int'l Ins. Co., PLC*, No. 19-cv-554 (PAE), 2020 WL 3170886, at *1 (S.D.N.Y. June 15, 2020) (holding that two months after the close of discovery was "long after the appropriate time" to move for letters of request), or where a request was denied after a prior request was granted and both parties were able to participate in the

examinations, *see Reiss v. Societe Centrale Du Groupe Des Assurances Nationales*, 246 F. Supp.

2d 285, 289 (S.D.N.Y. 2003) (concluding "that it would be inequitable to require at this stage of

the litigation that this process be repeated"). In contrast, the Trustee timely brought the Motions

before the expiration of fact discovery and is not seeking to re-depose any of the witnesses.

Square One's reliance on *Sanchez Mena v. Gomez Paz*, No. 2:20-CV-00036-CW-JCB,

2020 WL 6827683 (D. Utah Nov. 20, 2020), is also easily distinguishable from the instant case.

That case was subject to the International Child Abduction Convention Between the United

States of America and Other Governments Done at the Hague October 25, 1980, art. 11, T.I.A.S.

No. 11670 (July 1, 1988), which allots six weeks for final resolution. *Id.* at *2. In that context,

the court denied a request brought ten months into the action following two extensions of the

discovery deadline. *Id.* Moreover, the prejudice to the non-moving party, who was seeking the

return of his child, was evident. Square One has not articulated any discernable prejudice and

the subject matter of the instant action does not demand the same urgency as in *Sanchez Mena*.

Finally, Square One's reliance on *Cordeiro v. Alves*, No. 1:16-cv-23233-UU, 2017 WL

3099086 (S.D. Fla. Apr. 7, 2017), is also of no moment. The court there advanced three reasons

for denying the requested discovery: (i) the materials could "just as easily" be obtained via

subpoenas on domestic parties; (ii) the requests were overly broad; and (iii) inexcusable delay.

*Cordeiro*, Order Denying Mot., ECF No. 62, at 2-3. And while that court found the delay

sufficient reason to deny the motion, it noted "that where 'the material or deposition requested'

will cause delay but 'is not paramount to receiving a fair trial, the request should be denied[.]'"

*Id.* at *3 (quoting *Progressive Minerals, LLC v. Rashid*, No. CIV. A 5:07-cv-108, 2009 WL

1789083, at *2 (N.D.W. Va. June 23, 2009)). In the instant proceeding, the Trustee cannot

obtain the requested testimony from a domestic source, there is no suggestion that his requests

are overly broad, and as discussed above, any delays were outside of the Trustee's control. And, significantly, the materials the Trustee seeks here bear directly on the central issue in this proceeding—Square One's lack of good faith—and thus justify any delays inherent in the letter of request process.

### B.        Granting the Motions in No Way Prejudices Square One

The Motions, if granted, would not prejudice Square One in any way. Square One's arguments to the contrary are unavailing. In a one-sentence argument, Square One posits that granting the Motions would "prejudice and frustrate [its] efforts to efficiently resolve this litigation[.]" Opp. at 3. But Square One entirely fails to articulate how, why, and in what manner these Motions would cause actual prejudice. This omission, alone, is dispositive. *See Kingate*, 2019 WL 1055958, at *6 ("The party opposing discovery must supply specific evidence demonstrating the nature of the burden.") (citation and internal quotation marks omitted).

Further, Square One's conduct belies any notion that it is seeking "to efficiently resolve this litigation." First, as explained above, Square One has materially delayed, and continues to materially delay, the Trustee's efforts to obtain the PA Documents. If Square One truly wanted to efficiently resolve this litigation, it would have complied with those efforts in a timely fashion. Second, Square One, itself, is seeking untimely discovery that will delay the resolution of this litigation. On June 25, 2021—***ten days after the current deadline to serve requests for the production of documents passed***—Square One served the Trustee with a new document request, evidencing its intent to prolong the discovery process, rather than ending it. Third, Square One recently requested the Trustee to postpone a 30(b)(6) deposition from July 2021 to late September 2021, once again evidencing its intent to prolong, rather than shorten, the discovery process. Specifically, on June 18, 2021, the Trustee served Square One with a notice of this deposition and proposed it be held in late July 2021 (before the current discovery window

11

closes).  But Square One flatly refused to make its 30(b)(6) witness available until late September 2021, citing Summer vacations as its primary reason.  Email from Richard Levin dated July 8, 2021, Exh. 13 to the Molina Decl.

In any event, routine administrative delays that arise from international discovery efforts cannot, in and of themselves, constitute prejudice that would justify denying these efforts.  As the court in *Nespresso USA,* recently held:

> While the Hague process is generally slow-moving and will undoubtedly prejudice Plaintiff to the extent that issuing these requests will delay the litigation, the Court believes that these circumstances should not bar the instant motion, which purports to seek documents that are central to the claims and defenses asserted by the parties.

2021 WL 942736, at *3; *see also Estate of Klieman*, 272 F.R.D. at 259-60 (issuing of letters of request and extending discovery deadline because "the relevance of the testimony to be taken outweighs the interest in expediency").  Accordingly, because the information sought by the Trustee bears directly on Square One's good faith defense, which is central to this litigation, this Court should grant the Motions, even if it finds that it will delay the litigation.

*[remainder of page intentionally left blank]*

12

## CONCLUSION

For the foregoing reasons, the Trustee requests that this Court grant the Motions and

grant the Trustee's request for an extension of discovery.

Date:   July 14, 2021                   By: */s/ Marco Molina*
        New York, New York              **Baker & Hostetler LLP**
                                        45 Rockefeller Plaza
                                        New York, New York 10111
                                        Telephone: (212) 589-4200
                                        Facsimile: (212) 589-4201
                                        David J. Sheehan
                                        Email:  dsheehan@bakerlaw.com
                                        Marco Molina
                                        Email:  mmolina@bakerlaw.com
                                        Matthew D. Feil
                                        Email:  mfeil@bakerlaw.com
                                        Ganesh Krishna
                                        Email:  gkrishna@bakerlaw.com
                                        Andrew M. Serrao
                                        Email:  aserrao@bakerlaw.com
                                        Victoria L. Stork
                                        Email:  vstork@bakerlaw.com

                                        *Attorneys for Irving H. Picard, Trustee for the*
                                        *Substantively Consolidated SIPA Liquidation of*
                                        *Bernard L. Madoff Investment Securities LLC and*
                                        *the Estate of Bernard L. Madoff*