# EXHIBIT 1

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff, | Adv. Pro. No. 10-04330 (SMB) |
| Plaintiff, | |
| v. | |
| SQUARE ONE FUND LTD., | |
| Defendant. | |

**SQUARE ONE FUND LTD.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S**
**FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable to this adversary proceeding by the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the applicable local rules of the United States District Court for the Southern District of New York (the "Local Civil Rules") and the rules of the United States Bankruptcy Court for the Southern District of New York (the "Local Bankruptcy Rules"), Square One Fund Ltd. ("Square One"), by and through its undersigned counsel, hereby responds to Plaintiff Irving H. Picard's ("the Trustee") First Set of Requests for Production of Documents ("the Requests").

## GENERAL OBJECTIONS

Square One makes the following general objections with respect to the Requests and incorporates these objections into each specific response below. A specific response may repeat the same, similar, or additional objections for emphasis or some other reason. The assertion of the same, similar, or additional objections to the specific Requests does not waive any of Plaintiffs' objections as set forth below.

1.      Square One objects to the Trustee's definitions, instructions, and Requests to the extent they attempt to impose any obligation greater than those imposed or authorized by the Federal Rules, Bankruptcy Rules, Local Civil Rules, or Local Bankruptcy Rules; the individual rules, practices, or orders of this Court ("Individual Rules"); the Case Management Plan (ECF No. 178); or any other applicable rule or law. In any instance where the Requests conflict with the foregoing, Square One will comply with the Federal Rules, Bankruptcy Rules, Local Civil Rules, Local Bankruptcy Rules, Individual Rules, Case Management Plan, and any other applicable rule or law.

2.      Square One objects to each Request to the extent that it seeks information or production of documents protected from disclosure by the attorney-client privilege, the work-product doctrine, or any applicable privilege or immunity. Such information or documents shall

2

not be produced in response to the Requests, and any inadvertent production or disclosure thereof shall not be deemed a waiver of any privilege or immunity with respect to such documents or information, or the subject matter thereof, or of Square One's right to object to the use of such document or information contained therein in this litigation.

3.      Square One objects to the Requests to the extent they seek any information or documents that are protected by law, statute, or regulation, or whose production is prohibited by law, statute, or regulation, including applicable privacy and data protection laws of Switzerland, and/or the European Union, including but not limited to the Swiss Data Protection Act, the Swiss Federal Act on Data Protection, the Swiss Criminal Code, or the EU General Data Protection Regulation. Square One will only produce documents if such production is not prohibited by law, statute, or regulation.

## OBJECTIONS TO DEFINITIONS

Square One makes the following objections with respect to the Definitions and incorporates these objections into each specific response below:

1.      Square One objects to the definition of "Applicable Period" as overbroad, unduly burdensome, and seeking documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case to the extent it includes the period between December 11, 2008, the "Filing Date," and the present. Square One will construe the term "Applicable Period" to include the period between January 1, 1998 and March 31, 2009—i.e., to extend to and cover the first quarter of the year following the Filing Date.

2.      Square One objects to the definitions of "ART Fund," "Bank of Bermuda Limited," "Bank of Bermuda (Luxembourg)," "Bank of Bermuda," "BLMIS," "BLMIS Feeder Fund(s)," "Circle Partners," "Partners Advisers," "SAM," and "Square One," as overbroad, vague, ambiguous, and unduly burdensome to the extent each definition includes, in addition to the

respective entity (or entities) named in the definition, "all affiliated persons and entities, and anyone acting on [the entity's] behalf or at its direction, including, but not limited to, its current and former affiliates, predecessors, successors, parents, principals, subsidiaries, divisions, branches, agencies, representative offices, officers, directors, managers, partners, members, shareholders, agents, representatives, employees, attorneys, attorneys-in-fact, nominees, and servants" without reasonable limitation. Square One will construe each of these definitions to refer only to the respective entity (or entities) named in the definition and its principals, officers, directors, managers, and employees during the period in which those individuals had such relationship with the entity (or entities). Square One will not construe each of these definitions to refer to any other "affiliated persons" and/or "affiliated . . . entities."

3.      Square One objects to the definition of "Estenne Study" as vague and ambiguous to the extent it purports to refer to or assumes the existence of a particular document or set of documents. Square One further objects to the definition as vague and ambiguous, as it provides no date for the referenced "quantitative analysis." Square One will assume the term "Estenne Study" refers to a "quantitative analysis that compared BLMIS's purported returns to the returns of the [S&P] 500 Index over a ten-year period" that Luc Estenne allegedly conducted "in October 1999 . . . on Square One's behalf." *See* Amended Complaint (ECF No. 167) ¶ 6. Where Requests seek documents concerning the "Estenne Study," subject to any Specific Objections stated below, Square One will produce quantitative analyses conducted in October 1999 comparing BLMIS's purported returns to the returns of the S&P 500 Index over a ten-year period, that are identified by a reasonable search, to the extent they exist.

4.      Square One objects to Definition No. 27's statement that "[r]eference to any person that is not a natural person refers to and includes all affiliated persons and entities, including, but

not limited to, all current and former affiliates, predecessors, successors, parents, principals, subsidiaries, divisions, branches, agencies, representative offices, officers, directors, managers, partners, members, shareholders, agents, representatives, employees, attorneys, attorneys-in-fact, nominees, and servants." Square One objects to this definition as overbroad, vague, ambiguous, and unduly burdensome. Square One will construe references to any person that is not a natural person as referring to the entity, its principals, officers, directors, managers, and employees during the period in which those individuals had such relationship with the entity. Square One will not construe the reference to refer to or include any other "affiliated persons" and/or "affiliated . . . entities."

## OBJECTIONS TO INSTRUCTIONS

1.      Consistent with Square One's objection to the definition of "Applicable Period" stated above, Square One objects to Instruction No. 4 as unduly burdensome because it seeks production of documents from 1998 to 2019, a span of twenty-one years, and eleven years' worth of documents beyond December 11, 2008, the Filing Date. Such a timeframe would require the production of documents that are neither relevant to any party's claims or defenses nor proportional to the needs of this case. Square One will therefore apply the end date of March 31, 2009, the end of the first quarter of the year following the Filing Date, to all Requests.

2.      Square One objects to Instruction No. 6 to the extent it requires Square One to produce a document-by-document privilege log, as Square One may, in its discretion, provide a categorical privilege log consistent with Local Civil Rule 26.2.

3.      Square One objects to Instruction No. 7 to the extent it imposes obligations greater than those imposed or authorized by applicable rules or law. Square One further objects to this Instruction to the extent it conflicts with obligations imposed by applicable privacy and data protection laws, including but not limited to the Swiss Data Protection Act, the Swiss Federal Act

on Data Protection, the Swiss Criminal Code, or the EU General Data Protection Regulation. Square One will produce documents in a manner that comports with all applicable privacy and data protection laws.

## **RESERVATIONS OF RIGHTS**

Square One reserves the rights set forth below with respect to the Requests:

1.      Any failure by Square One to make a specific objection to a particular Request is not, and shall not be construed as, an admission that responsive documents exist or are in Square One's possession, custody, or control. Likewise, any statement herein that Square One will produce documents in response to any of the Requests does not mean that Square One in fact has any such documents, or that any such documents exist. Rather, any such statement reflects the intention of Square One, subject to its objections, to conduct a reasonable search for responsive documents, as defined by the applicable rules, and within the scope stated by Square One.

2.      In responding to the Requests, Square One does not waive, or intend to waive, any privilege or objection, including but not limited to any objection to the competency, relevance, materiality, or admissibility in any proceeding of any of the documents produced.

3.      Given the breadth of the information sought, the following responses and objections are based upon current, accessible, and available information and belief and may not in any way be deemed to be an admission or representation that other documents relevant to the subject matter of a discovery request do not exist.  Square One reserves the right, at any time, to supplement, clarify, or otherwise amend any Response, and to supplement, clarify, or otherwise amend any of its General or Specific Objections, as more information becomes available.

## SPECIFIC RESPONSES AND OBJECTIONS

Subject to and without waiver of the foregoing Objections and conditions, which apply to each Request as if set forth fully below, Square One makes the following specific responses and objections:

## I.    FORMATION AND STRUCTURE

**REQUEST FOR PRODUCTION NO. 1:**  All Documents concerning the formation of Square One, including, but not limited to, articles of incorporation, memoranda of association, articles of association, by-laws, limited or general partnership agreements, limited liability company agreements, trust agreements, organizational charts, charters, and other Documents reflecting formation and governance of Square One, as originally constituted and as amended or otherwise modified.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

Square One objects to this Request on the grounds that it is overbroad, unduly burdensome, vague, and ambiguous to the extent it requests "[a]ll documents concerning the formation of Square One" and "other Documents reflecting formation and governance of Square One," and fails to describe, with reasonable particularity, the information requested. Square One further objects that the phrases "reflecting formation and governance" and "otherwise modified" are vague and ambiguous as used therein. Square One further objects to this Request on the grounds that it seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case insofar as it seeks documents on matters unrelated to the subject matter of this action.

Subject to these Specific Objections, Square One will produce only non-privileged documents responsive to this Request that are identified by a reasonable search, to the extent they exist.

**REQUEST FOR PRODUCTION NO. 2:**  Documents sufficient to identify Square One's principal place of business, business addresses, and the names and addresses of Square One's registered agents.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

Square One objects to this Request on the grounds that it seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case insofar as it seeks documents on matters unrelated to the subject matter of this action.

Subject to this Specific Objection, Square One will produce only non-privileged documents responsive to this Request that are identified by a reasonable search, to the extent they exist.

**REQUEST FOR PRODUCTION NO. 3:**  Documents sufficient to identify and describe all roles Luc Estenne assumed with respect to Square One.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Square One objects to this Request on the grounds that the phrase "all roles . . . assumed" is vague and ambiguous as used therein.

Subject to this Specific Objection, Square One will produce only non-privileged documents responsive to this Request that are identified by a reasonable search, to the extent they exist.

**REQUEST FOR PRODUCTION NO. 4:**  Documents sufficient to identify anyone acting on Square One's behalf or at Square One's direction, including, but not limited to, the positions, titles, responsibilities, dates of service and supervisors of Square One's current and former officers, directors, managers, partners, members, shareholders, agents, representatives, employees, attorneys, attorneys-in-fact, nominees, and servants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Square One objects to this Request on the grounds that it is overbroad, unduly burdensome, vague, and ambiguous to the extent it requests documents "sufficient to identify anyone acting on Square One's behalf or at Square One's direction," and fails to describe, with reasonable particularity, the information requested. Square One further objects to this Request on the grounds that it seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case insofar as it seeks documents on matters unrelated to the subject matter of this action.

Subject to these Specific Objections, Square One will produce only non-privileged documents responsive to this Request that are identified by a reasonable search, to the extent they exist.

**REQUEST FOR PRODUCTION NO. 5:** Documents sufficient to identify the telephone numbers, email addresses and other contact information assigned to anyone acting on Square One's behalf or at Square One's direction, including, but not limited to, Square One's current and former officers, directors, managers, partners, members, shareholders, agents, representatives, employees, attorneys, attorneys-in-fact, nominees, and servants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Square One objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent it seeks contact information for "anyone acting on Square One's behalf or at Square One's direction" and fails to describe, with reasonable particularity, the information requested. Square One further objects to this Request on the grounds that the phrase "assigned to" is vague and ambiguous as used therein. Square One further objects to this Request on the grounds that it seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case insofar as it seeks documents on matters unrelated to the subject matter of this action.

Subject to these Specific Objections, Square One will produce only non-privileged documents responsive to this Request that are identified by a reasonable search, to the extent they exist.

**REQUEST FOR PRODUCTION NO. 6:** Documents sufficient to identify all members of Square One's board of directors, by year, including, but not limited to, all Documents reflecting the members' titles, responsibilities, membership on any subcommittees or working groups, tenures, and any changes thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Square One objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent it seeks "all Documents reflecting the members' titles, responsibilities,

[and] membership" on subcommittees, and fails to describe, with reasonable particularity, the information requested. Square One further objects that the terms "working groups" and "tenures" are vague and ambiguous as used therein. Square One further objects to this Request on the grounds that it seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case insofar as it seeks documents on matters unrelated to the subject matter of this action.

Subject to these Specific Objections, Square One will produce only non-privileged documents responsive to this Request that are identified by a reasonable search, to the extent they exist.

**REQUEST FOR PRODUCTION NO. 7:**  All Documents concerning the formation, authority, and acts of Square One's board of directors, including, but not limited to: (i) the authority of Square One's board of directors; (ii) Square One's board of directors' exercise of authority, including, but not limited to, any such exercise of authority concerning Square One's investments, Square One's investments with BLMIS, and Square One's selection and engagement of BLMIS and all other service providers;  all resolutions, orders, directives, or instructions Square One's board of directors issued; (iv) all meetings of Square One's board of directors, including, but not limited to, agendas, notes, minutes, Documents considered by, distributed to, or created by Square One's board of directors before, during, or after all such meetings, and all drafts of such Documents; (v) all Communications to, from, or among Square One's board of directors or any individual director; (vi) the manner in which the directors were chosen, elected, or appointed to the board; and/or (vii) the compensation of the directors.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Square One objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent it seeks "[a]ll Documents concerning the formation, authority, and acts of Square One's board of directors" and fails to describe, with reasonable particularity, the information requested. Square One further objects to this Request on the grounds that it seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case insofar as it seeks documents on matters unrelated to the subject matter of this action. Square One further objects to this Request on the grounds that the phrases "authority," "acts,"

"exercise of authority," and "Documents considered by, distributed to, or created by Square One's board of directors before, during, or after all such meetings" are vague and ambiguous as used therein.

Subject to these Specific Objections, Square One will produce only non-privileged documents responsive to this Request that are identified by a reasonable search, to the extent they exist.

**REQUEST FOR PRODUCTION NO. 8:**   All Documents concerning the drafting, review, and approval of Square One's offering memoranda and summary confidential memoranda, including all drafts, edits, and versions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Square One objects to this Request on the grounds that it is subsumed by Request Nos. 9 and/or 10, in light of Square One's statement that Square One invested exclusively with BLMIS. *See* Answer (ECF No. 179) ¶ 3. Square One therefore refers to its Responses to those specific Requests and will not produce documents in response to this Request on a stand-alone basis.

## II.    BLMIS

**REQUEST FOR PRODUCTION NO. 9:**   All Documents and Communications with BLMIS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Square One objects to this Request on the grounds that it is overbroad and unduly burdensome and fails to describe, with reasonable particularity, the information requested. Square One further objects to this Request on the grounds that it seeks documents more efficiently obtained from a third party, namely, BLMIS. Square One further objects to this Request on the grounds that it is subsumed by Request No. 10.

Subject to these Specific Objections, Square One will produce only non-privileged documents and communications responsive to this Request that are identified by a reasonable search, to the extent they exist.

**REQUEST FOR PRODUCTION NO. 10:** All Documents and Communications with any Person or entity concerning BLMIS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Square One objects to this Request on the grounds that it is overbroad and unduly burdensome and fails to describe, with reasonable particularity, the information requested.

Subject to this Specific Objection, Square One will produce only non-privileged documents and communications responsive to this Request that are identified by a reasonable search, to the extent they exist and concern Square One and BLMIS.

**REQUEST FOR PRODUCTION NO. 11:** All Documents concerning the opening of the Square One IA Account, including, but not limited to, option agreements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Square One objects to this Request on the grounds that it is overbroad and unduly burdensome and fails to describe, with reasonable particularity, the information requested. Square One further objects to this Request on the grounds that it is subsumed by Request Nos. 9 and/or 10. Square One therefore refers to its Responses to those specific Requests and will not produce documents in response to this Request on a stand-alone basis.

**REQUEST FOR PRODUCTION NO. 12:** All Documents concerning Square One's relationship with BLMIS, including, but not limited to, any meeting between Square One and/or Estenne, on the one hand, and BLMIS, on the other hand.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Square One objects to this Request on the grounds that it is overbroad and unduly burdensome and fails to describe, with reasonable particularity, the information requested. Square One further objects to this Request on the grounds that the term "relationship" is vague and ambiguous as used therein. Square One further objects to this Request on the grounds that it is subsumed by Request Nos. 9 and/or 10. Square One therefore refers to its Responses to those

specific Requests and will not produce documents in response to this Request on a stand-alone basis.

## III.    SERVICE PROVIDERS

**REQUEST FOR PRODUCTION NO. 13:** All Documents concerning management fees, administrative fees, performance fees, and any other fees, commissions and compensation charged by, or paid to, Estenne, SAM, Partners Advisers, Bank of Bermuda, Circle Partners, and any other Person or entity acting on Square One's behalf.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Square One objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent it seeks documents concerning "any other fees, commissions and compensation charged by, or paid to" any of the listed individuals and entities and fails to describe, with reasonable particularity, the information requested. Square One further objects to this Request on the grounds that the phrases "any other fees, commissions and compensation" and "any other Person or entity acting on Square One's behalf" are vague and ambiguous as used therein. Square One further objects to this Request on the grounds that it seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case insofar as it seeks documents on matters unrelated to Square One and BLMIS. Square One will therefore construe this Request to seek documents concerning Square One and BLMIS. So construed, this Request is subsumed by Request Nos. 9 and/or 10. Square One therefore refers to its Responses to those specific Requests and will not produce documents in response to this Request on a stand-alone basis.

**REQUEST FOR PRODUCTION NO. 14:** All Documents concerning Square One's and/or Estenne's authorship of any publication, including, but not limited to, articles, books and book chapters, concerning any topic, including, but not limited to, investment management, due diligence, identifying fraud, misappropriation and/or any other malfeasance.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Square One objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent it seeks documents concerning Square One and/or Estenne's authorship of any publication concerning "any topic" and fails to describe, with reasonable particularity, the information requested. Square One further objects to this Request on the grounds that it seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case. Square One further objects to this Request on the grounds that it concerns publicly available information equally available to the Trustee.

Accordingly, Square One will not produce any documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 15:** All Documents concerning Square One's and/or Estenne's participation in any conference, talk, interview or presentation concerning any topic, including, but not limited to, investment management, due diligence, identifying fraud, misappropriation and/or any other malfeasance.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Square One objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent it seeks documents concerning Square One and/or Estenne's participation in conferences, talks, interviews, or presentations concerning "any topic" and fails to describe, with reasonable particularity, the information requested. Square One further objects to this Request on the grounds that it seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case. Square One further objects to this Request on the grounds that it concerns publicly available information equally available to the Trustee.

Accordingly, Square One will not produce any documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 16:** All Documents identifying Estenne as knowledgeable or experienced in investment management, due diligence, identifying fraud, misappropriation and/or any other malfeasance.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Square One objects to this Request on the grounds that it is overbroad and unduly burdensome and fails to describe, with reasonable particularity, the information requested. Square One further objects to this Request on the grounds that the phrases "identifying Estenne as knowledgeable or experienced," and "any other malfeasance" are vague and ambiguous as used therein. Square One further objects to this Request on the grounds that it seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case.

Accordingly, Square One will not produce any documents in response to this Request.

A.    **SAM**

**REQUEST FOR PRODUCTION NO. 17:** All Documents concerning the formation of SAM, including, but not limited to, articles of incorporation, memoranda of association, articles of association, by-laws, limited or general partnership agreements, limited liability company agreements, trust agreements, organizational charts, charters, and other Documents reflecting formation and governance of SAM, as originally constituted and as amended or otherwise modified.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Square One objects to this Request on the grounds that it is overbroad, unduly burdensome, vague, and ambiguous to the extent it requests "[a]ll documents concerning the formation of SAM" and "other Documents reflecting formation and governance of SAM," and fails to describe, with reasonable particularity, the information requested. Square One further objects that the phrases "reflecting formation and governance" and "otherwise modified" are vague and ambiguous as used therein. Square One further objects to this Request on the grounds that it seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case insofar as it seeks documents on matters unrelated to the subject matter of this action.

Subject to these Specific Objections, Square One will produce only non-privileged documents responsive to this Request that are identified by a reasonable search, to the extent they exist.

**REQUEST FOR PRODUCTION NO. 18:** All Documents concerning all agreements between and involving SAM and BLMIS, including, but not limited to, the June 1, 1999 Investment Management Delegation Agreement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Square One objects to this Request on the grounds that it is overbroad, unduly burdensome, vague, and ambiguous to the extent it requests "[a]ll documents concerning all agreements between and involving SAM and BLMIS" and fails to describe, with reasonable particularity, the information requested.

Subject to these Specific Objections, Square One will produce only non-privileged documents responsive to this Request that are identified by a reasonable search, to the extent they exist.

**REQUEST FOR PRODUCTION NO. 19:** Documents sufficient to identify anyone acting on SAM's behalf or at SAM's direction, including, but not limited to, the positions, titles, responsibilities, dates of service and supervisors of SAM's current and former officers, directors, managers, partners, members, shareholders, agents, representatives, employees, attorneys, attorneys-in-fact, nominees, and servants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Square One objects to this Request on the grounds that it is overbroad, unduly burdensome, vague, and ambiguous to the extent it requests documents "sufficient to identify anyone acting on SAM's behalf or at SAM's direction," and fails to describe, with reasonable particularity, the information requested. Square One further objects to this Request on the grounds that it seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case insofar as it seeks documents on matters unrelated to the subject matter of this action.

Subject to these Specific Objections, Square One will produce only non-privileged documents responsive to this Request that are identified by a reasonable search, to the extent they exist.

**REQUEST FOR PRODUCTION NO. 20:** Documents sufficient to identify the telephone numbers, email addresses and other contact information assigned to anyone acting on SAM's behalf or at SAM's direction, including, but not limited to, SAM's current and former officers, directors, managers, partners, members, shareholders, agents, representatives, employees, attorneys, attorneys-in-fact, nominees, and servants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Square One objects to this Request on the grounds that it is overbroad, unduly burdensome, vague, and ambiguous to the extent it requests documents sufficient to identify "contact information assigned to anyone acting on SAM's behalf or at SAM's direction" and fails to describe, with reasonable particularity, the information requested. Square One further objects to this Request on the grounds that it seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case insofar as it seeks documents on matters unrelated to the subject matter of this action. Square One further objects to this Request on the grounds that the phrase "assigned to" is vague and ambiguous as used therein.

Subject to these Specific Objections, Square One will produce only non-privileged documents responsive to this Request that are identified by a reasonable search, to the extent they exist.

**REQUEST FOR PRODUCTION NO. 21:** Documents sufficient to identify all services SAM provided to, or on behalf of, Square One, including, but not limited to, all agreements between SAM and Square One.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Square One objects to this Request on the grounds that it is overbroad, unduly burdensome, vague, and ambiguous to the extent it requests documents "sufficient to identify all services SAM provided to, or on behalf of, Square One" and fails to describe, with reasonable particularity, the information requested. Square One further objects to this Request on the grounds that it seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case insofar as it seeks documents on matters unrelated to the subject matter of this action.

Square One further objects to this Request on the grounds that the term "services" is vague and ambiguous as used therein.

Subject to these Specific Objections, Square One will produce only non-privileged documents responsive to this Request that are identified by a reasonable search, to the extent they exist and concern Square One and BLMIS.

**REQUEST FOR PRODUCTION NO. 22:**  All Documents and Communications between SAM and Square One.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Square One objects to this Request on the grounds that it is overbroad and unduly burdensome and fails to describe, with reasonable particularity, the information requested. Square One further objects to this Request on the grounds that it seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case insofar as it seeks documents on matters unrelated to the subject matter of this action.

Subject to these Specific Objections, Square One will produce only non-privileged documents and communications responsive to this Request that are identified by a reasonable search, to the extent they exist and concern Square One and BLMIS.

**REQUEST FOR PRODUCTION NO. 23:** Documents sufficient to identify and describe all roles Estenne assumed with respect to SAM providing services to, or on behalf of, Square One.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Square One objects to this Request on the grounds that it is overbroad and unduly burdensome and fails to describe, with reasonable particularity, the information requested. Square One further objects to this Request on the grounds that the phrases "all roles . . . assumed" and "services" are vague and ambiguous as used therein.

Subject to these Specific Objections, Square One will produce only non-privileged documents responsive to this Request that are identified by a reasonable search, to the extent they exist.

**B.      Partners Advisers**

**REQUEST FOR PRODUCTION NO. 24:** All Documents concerning all agreements between and involving Partners Advisers and BLMIS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Square One objects to this Request on the grounds that it is overbroad and unduly burdensome and fails to describe, with reasonable particularity, the information requested. Square One further objects to this Request on the grounds that it seeks documents not within the possession, custody, or control of Square One. Square One further objects to this Request on the grounds that it is subsumed by Request Nos. 9 and/or 10. Square One therefore refers to its Responses to those specific Requests and will not produce documents in response to this Request on a stand-alone basis.

**REQUEST FOR PRODUCTION NO. 25:** Documents sufficient to identify anyone acting on Partners Advisers' behalf or at Partners Advisers' direction, including, but not limited to, the positions, titles, responsibilities, dates of service and supervisors of Partners Advisers' current and former officers, directors, managers, partners, members, shareholders, agents, representatives, employees, attorneys, attorneys-in-fact, nominees, and servants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Square One objects to this Request on the grounds that it is overbroad, unduly burdensome, vague, and ambiguous to the extent it requests documents "sufficient to identify anyone acting on Partners Advisers' behalf or at Partners Advisers' direction," and fails to describe, with reasonable particularity, the information requested. Square One further objects to this Request on the grounds that it seeks documents that are neither relevant to any party's claims or defenses nor proportional

to the needs of the case insofar as it seeks documents on matters unrelated to the subject matter of this action.

Subject to these Specific Objections, Square One will produce only non-privileged documents identified by a reasonable search, to the extent they exist and concern Square One and BLMIS.

**REQUEST FOR PRODUCTION NO. 26:** Documents sufficient to identify all services Partners Advisers provided to, or on behalf of, Square One, including, but not limited to, all agreements between Partners Advisers and Square One.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Square One objects to this Request on the grounds that it is overbroad, unduly burdensome, vague, and ambiguous to the extent it requests documents "sufficient to identify all services Partners Advisers provided to, or on behalf of, Square One" and fails to describe, with reasonable particularity, the information requested. Square One further objects to this Request on the grounds that it seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case insofar as it seeks documents on matters unrelated to the subject matter of this action. Square One further objects to this Request on the grounds that the term "services" is vague and ambiguous as used therein.

Subject to these Specific Objections, Square One will produce only non-privileged documents responsive to this Request that are identified by a reasonable search, to the extent they exist and concern Square One and BLMIS.

**REQUEST FOR PRODUCTION NO. 27:** All Documents and Communications between Partners Advisers and Square One.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Square One objects to this Request on the grounds that it is overbroad and unduly burdensome and fails to describe, with reasonable particularity, the information requested. Square

One further objects to this Request on the grounds that it seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case insofar as it seeks documents on matters unrelated to the subject matter of this action.

Subject to these Specific Objections, Square One will produce only non-privileged documents and communications responsive to this Request that are identified by a reasonable search, to the extent they exist and concern Square One and BLMIS.

**REQUEST FOR PRODUCTION NO. 28:** Documents sufficient to identify and describe all roles Estenne assumed with respect to Partners Advisers providing services to, for, with, or on behalf of Square One.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Square One objects to this Request on the grounds that it is overbroad and unduly burdensome and fails to describe, with reasonable particularity, the information requested. Square One further objects to this Request on the grounds that the phrases "all roles . . . assumed" and "services" are vague and ambiguous as used therein.

Subject to these Specific Objections, Square One will produce only non-privileged documents responsive to this Request that are identified by a reasonable search, to the extent they exist.

### C.    Bank of Bermuda

**REQUEST FOR PRODUCTION NO. 29:** Documents sufficient to identify all custodians that serviced Square One, including, but not limited to, all agreements between Square One and its custodian(s).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Square One objects to this Request on the grounds that it is overbroad and unduly burdensome and fails to describe, with reasonable particularity, the information requested.

Subject to this Specific Objections, Square One will produce only non-privileged documents responsive to this Request that are identified by a reasonable search, to the extent they exist.

**REQUEST FOR PRODUCTION NO. 30:** All Documents concerning all agreements between and involving Bank of Bermuda and BLMIS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Square One objects to this Request on the grounds that it is overbroad and unduly burdensome and fails to describe, with reasonable particularity, the information requested. Square One further objects to this Request on the grounds that it seeks documents not within the possession, custody, or control of Square One.

Subject to these Specific Objections, Square One will produce only non-privileged documents responsive to this Request that are identified by a reasonable search, to the extent they exist, but will limit such production to documents concerning agreements involving Square One and BLMIS.

**REQUEST FOR PRODUCTION NO. 31:** Documents sufficient to identify anyone acting on Bank of Bermuda's behalf or at Bank of Bermuda's direction, including, but not limited to, the positions, titles, responsibilities, dates of service and supervisors of Bank of Bermuda's current and former officers, directors, managers, partners, members, shareholders, agents, representatives, employees, attorneys, attorneys-in-fact, nominees, and servants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Square One further objects to this Request on the grounds that it is overbroad, unduly burdensome, vague, and ambiguous to the extent it requests documents "sufficient to identify anyone acting on Bank of Bermuda's behalf or at Bank of Bermuda's direction," and fails to describe, with reasonable particularity, the information requested. Square One objects to this Request on the grounds that it seeks documents not within the possession, custody, or control of Square One. Square One further objects to this Request on the grounds that it seeks documents

that are neither relevant to any party's claims or defenses nor proportional to the needs of the case

insofar as it seeks documents on matters unrelated to the subject matter of this action.

Subject to these Specific Objections, Square One will produce only non-privileged

documents responsive to this Request that are identified by a reasonable search, to the extent they

exist and concern Square One and BLMIS.

**REQUEST FOR PRODUCTION NO. 32:** Documents sufficient to identify all services Bank of
Bermuda provided to, or on behalf of, Square One, including, but not limited to, all agreements
between Bank of Bermuda and Square One.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Square One objects to this Request on the grounds that it is overbroad, unduly burdensome,

vague, and ambiguous to the extent it requests documents "sufficient to identify all services Bank

of Bermuda provided to, or on behalf of, Square One" and fails to describe, with reasonable

particularity, the information requested. Square One further objects to this Request on the grounds

that it seeks documents that are neither relevant to any party's claims or defenses nor proportional

to the needs of the case insofar as it seeks documents on matters unrelated to the subject matter of

this action. Square One further objects to this Request on the grounds that the term "services" is

vague and ambiguous as used therein.

Subject to these Specific Objections, Square One will produce only non-privileged

documents responsive to this Request that are identified by a reasonable search, to the extent they

exist and concern Square One and BLMIS.

**REQUEST FOR PRODUCTION NO. 33:** All Documents and Communications between Bank
of Bermuda and Square One, including, but not limited to, all Documents and Communications
concerning Bank of Bermuda's decision to resign as Square One's custodian and/or administrator.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Square One objects to this Request on the grounds that it is overbroad and unduly

burdensome and fails to describe, with reasonable particularity, the information requested. Square

One further objects to this Request on the grounds that it seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case insofar as it seeks documents on matters unrelated to the subject matter of this action. Square One further objects to this Request on the grounds that it seeks documents not within the possession, custody, or control of Square One.

Subject to these Specific Objections, Square One will produce only non-privileged documents and communications responsive to this Request that are identified by a reasonable search, to the extent they exist and concern Square One and BLMIS.

**REQUEST FOR PRODUCTION NO. 34:** All Documents concerning Square One's efforts to hire a custodian and/or administrator at any time, including, but not limited to, after Bank of Bermuda's resignation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Square One objects to this Request on the grounds that it seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case insofar as it seeks documents on matters unrelated to the subject matter of this action.

Subject to this Specific Objection, Square One will produce only non-privileged documents responsive to this Request that are identified by a reasonable search, to the extent they exist.

D.    **Circle Partners**

**REQUEST FOR PRODUCTION NO. 35:** Documents sufficient to identify all administrators that serviced Square One, including, but not limited to, all agreements between Square One and such administrator(s).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Square One objects to this Request on the grounds that it is overbroad and unduly burdensome and fails to describe, with reasonable particularity, the information requested.

Subject to this Specific Objection, Square One will produce only non-privileged documents responsive to this Request that are identified by a reasonable search, to the extent they exist.

**REQUEST FOR PRODUCTION NO. 36:** All Documents concerning all agreements between and involving Circle Partners and BLMIS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Square One objects to this Request on the grounds that it is overbroad and unduly burdensome and fails to describe, with reasonable particularity, the information requested. Square One further objects to this Request on the grounds that it seeks documents not within the possession, custody, or control of Square One.

Subject to these Specific Objections, Square One will produce only non-privileged documents responsive to this Request that are identified by a reasonable search, to the extent they exist, but will limit such production to documents concerning agreements involving Square One and BLMIS.

**REQUEST FOR PRODUCTION NO. 37:** Documents sufficient to identify anyone acting on Circle Partners' behalf or at Circle Partners' direction, including, but not limited to, the positions, titles, responsibilities, dates of service and supervisors of Circle Partners' current and former officers, directors, managers, partners, members, shareholders, agents, representatives, employees, attorneys, attorneys-in-fact, nominees, and servants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Square One further objects to this Request on the grounds that it is overbroad, unduly burdensome, vague, and ambiguous to the extent it requests documents "sufficient to identify anyone acting on Circle Partners' behalf or at Circle Partners' direction," and fails to describe, with reasonable particularity, the information requested. Square One objects to this Request on the grounds that it seeks documents not within the possession, custody, or control of Square One. Square One further objects to this Request on the grounds that it seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case insofar as it seeks documents on matters unrelated to the subject matter of this action.

Subject to these Specific Objections, Square One will produce only non-privileged documents identified by a reasonable search, to the extent they exist and concern Square One and BLMIS.

**REQUEST FOR PRODUCTION NO. 38:** Documents sufficient to identify all services Circle Partners provided to, or on behalf of, Square One, including, but not limited to, all agreements between Circle Partners and Square One.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Square One objects to this Request on the grounds that it is overbroad, unduly burdensome, vague, and ambiguous to the extent it requests documents "sufficient to identify all services Circle Partners provided to, or on behalf of, Square One" and fails to describe, with reasonable particularity, the information requested. Square One further objects to this Request on the grounds that it seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case insofar as it seeks documents on matters unrelated to the subject matter of this action. Square One further objects to this Request on the grounds that the term "services" is vague and ambiguous as used therein.

Subject to these Specific Objections, Square One will produce only non-privileged documents responsive to this Request that are identified by a reasonable search, to the extent they exist and concern Square One and BLMIS.

**REQUEST FOR PRODUCTION NO. 39:** All Documents and Communications between Circle Partners and Square One.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Square One objects to this Request on the grounds that it is overbroad and unduly burdensome and fails to describe, with reasonable particularity, the information requested. Square One further objects to this Request on the grounds that it seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case insofar as it seeks

documents on matters unrelated to the subject matter of this action. Square One further objects to this Request on the grounds that it seeks documents not within the possession, custody, or control of Square One.

Subject to these Specific Objections, Square One will produce only non-privileged documents and communications responsive to this Request that are identified by a reasonable search, to the extent they exist and concern Square One and BLMIS.

## IV.    DUE DILIGENCE AND INVESTMENT ACTIVITY

**REQUEST FOR PRODUCTION NO. 40:** All Documents concerning due diligence or analysis conducted by Square One, SAM, Partners Advisers, Bank of Bermuda, Circle Partners and any other related Person or entity concerning any potential or ongoing investment including, but not limited to, investment with BLMIS and/or any BLMIS Feeder Fund.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Square One objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent it seeks documents concerning "due diligence or analysis conducted by" any of the listed Persons or entities "concerning any potential or ongoing investment," and fails to describe, with reasonable particularity, the information requested. Square One further objects to this Request on the grounds that it seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case insofar as it seeks documents on matters unrelated to Square One and BLMIS. Square One will therefore construe this Request to seek documents concerning Square One and BLMIS. So construed, this Request is subsumed by Request Nos. 9 and/or 10. Square One therefore refers to its Responses to those specific Requests and will not produce documents in response to this Request on a stand-alone basis.

**REQUEST FOR PRODUCTION NO. 41:** All Documents and Communications concerning, attaching, and/or discussing the Estenne Study.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Consistent with Square One's objection to the definition of "Estenne Study" stated above, Square One objects to this Request on the grounds that the term "Estenne Study" is vague and ambiguous as used therein. Square One further objects to this Request on the grounds that it is subsumed by Request Nos. 9 and/or 10. Square One therefore refers to its Responses to those specific Requests and will not produce documents in response to this Request on a stand-alone basis.

**REQUEST FOR PRODUCTION NO. 42:** All Documents concerning the preparation, drafting and/or creation of the Estenne Study, including, but not limited to, all drafts of the Estenne Study, all Documents or information relied on to create and analyze the Estenne Study, all Documents reviewed in the preparation or creation of the Estenne Study, and all Documents or Communications discussing or analyzing the Estenne Study.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Square One objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent it seeks "all Documents or information relied on to create and analyze the Estenne Study" and "all Documents reviewed in the preparation or creation of the Estenne Study," and fails to describe, with reasonable particularity, the information requested. Consistent with Square One's objection to the definition of "Estenne Study" stated above, Square One further objects to this Request on the grounds that the term "Estenne Study" is vague and ambiguous as used therein. Square One further objects to this Request on the grounds that it is subsumed by Request Nos. 9 and/or 10. Square One therefore refers to its Responses to those specific Requests and will not produce documents in response to this Request on a stand-alone basis.

**REQUEST FOR PRODUCTION NO. 43:** Documents sufficient to identify all Persons and entities involved in preparing, drafting, and/or creating the Estenne Study.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

Consistent with Square One's objection to the definition of "Estenne Study" stated above, Square One objects to this Request on the grounds that the term "Estenne Study" is vague and

ambiguous as used therein. Square One further objects to this Request on the grounds that it is

subsumed by Request Nos. 9 and/or 10. Square One therefore refers to its Responses to those

specific Requests and will not produce documents in response to this Request on a stand-alone

basis.

**REQUEST FOR PRODUCTION NO. 44:** All Documents concerning Square One's awareness
of the decisions and/or analyses of other investment managers, funds, and/or investment vehicles
concerning investing, divesting any investment, or declining to invest with BLMIS, any BLMIS
Feeder Fund, and/or any other Madoff-related investment opportunity.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Square One objects to this Request on the grounds that it is overbroad and unduly

burdensome and fails to describe, with reasonable particularity, the information requested. Square

One further objects that the phrases "any other Madoff-related investment opportunity" is vague

and ambiguous as used therein. Square One further objects to this Request on the grounds that it

seeks documents that are neither relevant to any party's claims or defenses nor proportional to the

needs of the case insofar as it seeks documents on matters unrelated to Square One and BLMIS.

Square One will therefore construe this Request to seek documents concerning Square One and

BLMIS. So construed, this Request is subsumed by Request Nos. 9 and/or 10. Square One

therefore refers to its Responses to those specific Requests and will not produce documents in

response to this Request on a stand-alone basis.

**REQUEST FOR PRODUCTION NO. 45:** All Documents concerning: (i) any analysis or
discussion of execution prices, performance, or returns of BLMIS; (ii) any analysis or discussion
of the feasibility or impossibility of the purported returns and trades of BLMIS; (iii) the article in
the May 7, 2001 issue of Barron's entitled "Don't Ask, Don't Tell: Bernie Madoff is so secretive,
he even asks his investors to keep mum"; (iv) the May 2001 MAR/Hedge newsletter entitled
"Madoff Tops Charts; Skeptics Ask How"; and/or (v) any actual, potential, or suspected fraud,
Ponzi scheme, or illegal activity, including, but not limited to, front running, at BLMIS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Square One objects to this Request, including subsections (i) through (v), on the grounds

that they are overbroad and unduly burdensome to the extent they seek documents concerning "any

actual, potential, or suspected fraud, Ponzi scheme, or illegal activity," and fails to describe, with

reasonable particularity, the information requested. Square One further objects to this Request on

the grounds that it is subsumed by Request Nos. 9 and/or 10. Square One therefore refers to its

Responses to those specific Requests and will not produce documents in response to this Request

on a stand-alone basis.

**REQUEST FOR PRODUCTION NO. 46:** All Documents concerning Square One's methods,
protocols, processes, operations, requirements, policies, and procedures concerning risk
management, due diligence, know-your-customer requirements and standards, suspicious activity
investigation and reporting, and any regulatory compliance policies and procedures. This Request
includes all manuals and/or guidelines as well as all Documents sufficient to determine the date
and substance of any changes to such manuals and/or guidelines.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46**

Square One objects to this Request on the grounds that it is overbroad and unduly

burdensome and fails to describe, with reasonable particularity, the information requested.

Subject to these Specific Objections, Square One will produce only non-privileged

documents responsive to this Request that are identified by a reasonable search, to the extent they

exist.

**REQUEST FOR PRODUCTION NO. 47:** All Documents concerning all meetings and/or
diligence visits between Square One and/or Estenne, on the one hand, and BLMIS, on the other
hand.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

Square One objects to this Request on the grounds that it is overbroad and unduly

burdensome and fails to describe, with reasonable particularity, the information requested. Square

One further objects to this Request on the grounds that it is subsumed by Request Nos. 9 and/or

10. Square One therefore refers to its Responses to those specific Requests and will not produce documents in response to this Request on a stand-alone basis.

**REQUEST FOR PRODUCTION NO. 48:** All Documents and Communications between Square One and any BLMIS Feeder Fund.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

Square One objects to this Request on the grounds that it is overbroad and unduly burdensome and fails to describe, with reasonable particularity, the information requested. Square One further objects to this Request on the grounds that it seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case insofar as it seeks documents on matters unrelated to Square One and BLMIS. Square One will therefore construe this Request to seek documents concerning Square One and BLMIS. So construed, this Request is subsumed by Request Nos. 9 and/or 10. Square One therefore refers to its Responses to those specific Requests and will not produce documents in response to this Request on a stand-alone basis.

**REQUEST FOR PRODUCTION NO. 49:** All Documents concerning Square One's due diligence processes, including, but not limited to, the standards and practices employed to investigate, monitor, and oversee the activities and investments of BLMIS, BLMIS Feeder Funds, and unaffiliated investment managers and funds.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

Square One objects to this Request on the grounds that it is overbroad, unduly burdensome, vague, and ambiguous to the extent it seeks documents concerning "Square One's due diligence processes" and fails to describe, with reasonable particularity, the information requested. Square One further objects to this Request on the grounds that the phrase "unaffiliated investment managers and funds" is vague and ambiguous as used therein. Square One further objects to this Request on the grounds that it seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case insofar as it seeks documents on matters

unrelated to Square One and BLMIS. Square One will therefore construe this Request to seek documents concerning Square One and BLMIS. So construed, this Request is subsumed by Request Nos. 9 and/or 10. Square One therefore refers to its Responses to those specific Requests and will not produce documents in response to this Request on a stand-alone basis.

**REQUEST FOR PRODUCTION NO. 50:** All Documents concerning any inquiry, investigation, or due diligence Square One conducted by [*sic*] on any existing investment or potential investment, including, but not limited to, all Documents reviewed or created as part of that inquiry, investigation or due diligence, due diligence reports or questionnaires, prospectuses, offering memoranda, private placement memoranda, advertisements, brochures, website postings, website addresses, presentations, pamphlets, pitch books, performance records, term sheets, and marketing or executive summaries.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

Square One objects to this Request on the grounds that it is overbroad, unduly burdensome, vague, and ambiguous to the extent it seeks documents "concerning any inquiry . . . conducted by [*sic*] on any existing investment or potential investment" and "all Documents reviewed or created as part of that inquiry" and fails to describe, with reasonable particularity, the information requested. Square One further objects to this Request on the grounds that it seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case insofar as it seeks documents on matters unrelated to Square One and BLMIS. Square One will therefore construe this Request to seek documents concerning Square One and BLMIS. So construed, this Request is subsumed by Request Nos. 9 and/or 10. Square One therefore refers to its Responses to those specific Requests and will not produce documents in response to this Request on a stand-alone basis.

**REQUEST FOR PRODUCTION NO. 51:** All Documents concerning any potential or actual investment with, or related to, BLMIS, including, but not limited to, all Documents concerning: (i) due diligence conducted on BLMIS; (ii) any opinions, research, or advice concerning any actual or potential investment with BLMIS, including, but not limited to, any marketing materials of BLMIS; (iii) any marketing materials of BLMIS, including, but not limited to, any private placement memoranda, offering memoranda, tear sheets, or prospectuses; (iv) any monthly, quarterly, or annual performance reports or summaries of BLMIS; (v) any monthly, quarterly, or annual risk or risk management reports at BLMIS; (vi) any portfolio

management reports of BLMIS; (vii) any monthly, quarterly, or annual strategy reviews of BLMIS; (viii) SEC Form(s) ADV or 13F, or any amendments thereto, BLMIS filed or submitted and any other regulatory filings for BLMIS; (ix) any analysis, discussion, review, simulation, or replication of the split- strike conversion investment strategy BLMIS purportedly executed or any trade purportedly executed under that strategy, including the volumes of and prices at which BLMIS purportedly purchased or sold securities, the identity of counterparties to trades BLMIS purportedly executed, and trading activity inconsistent with the split-strike conversion strategy; (x) the management team or management structure of BLMIS; (xi) any investigation, background check, or similar review of the professional experience, education, or other credentials of Madoff or any BLMIS employee, agent or representative; (xii) the identity or nature of BLMIS's clients or investors; (xiii) the assets under management of BLMIS, including, but not limited to, the amount of such assets, the growth of such assets, and the percentage of such assets attributable to particular, or groups of, clients or investors; (xiv) any of BLMIS's accountants, auditors, accounting firms, or auditing firms, including, but not limited to, David G. Friehling or Friehling & Horowitz, CPAs, P.C.; (xv) fees or commissions BLMIS charged; (xvi) risk models; (xvii) pricing models; (xviii) qualitative or quantitative analyses; (xix) periodic portfolio analyses; (xx) benchmarking analyses; (xxi) performance attribution analyses; (xxii) peer analyses; (xxiii) systematic vs. non-systematic return analyses; (xxiv) regression analyses; (xxv) reverse-engineering analyses; (xxvi) risk-adjusted analyses; (xxvii) style-adjusted analyses; (xxviii) scenario analyses; (xxix) drawdown analyses; (xxx) correlation analyses; (xxxi) alpha analyses; (xxxii) comparisons, reviews, or analyses of performance during periods of market stress or market downturn; (xxxiii) the volatility or expected volatility of BLMIS's performance; (xxxiv) any "scatter diagrams" or histograms created or used to analyze the performance of BLMIS; (xxxv) the Sharpe ratio for BLMIS; and/or (xxxvi) the Sortino ratio for BLMIS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

Square One objects to this Request and subparts (i) through (xxxvi) on the grounds that they are overbroad and unduly burdensome to the extent they seek "[a]ll Documents concerning any potential or actual investment with, or related to, BLMIS," and fails to describe, with reasonable particularity, the information requested. Square One further objects to this Request and subparts (i) through (xxxvi) on the grounds that they seek documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case insofar as they seek documents on matters unrelated to the subject matter of this action. Square One further objects to this Request that the phrase "investment . . . related to . . . BLMIS" is vague and ambiguous as used therein. Square One further objects to this Request on the grounds that it is subsumed by

Request Nos. 9 and/or 10. Square One therefore refers to its Responses to those specific Requests

and will not produce documents in response to this Request on a stand-alone basis.

**REQUEST FOR PRODUCTION NO. 52:** All Documents concerning any assessment of, or due diligence conducted on, Square One, BLMIS or any BLMIS Feeder Fund, including, but not limited to, all Documents concerning: (i) due diligence questionnaires; (ii) any opinions, research, or advice concerning any actual or potential investment with Square One; (iii) any Square One marketing materials, including, but not limited to, any private placement memoranda, offering memoranda, tear sheets, or prospectuses; (iv) any Square One monthly, quarterly, or annual performance reports or summaries; (v) any Square One monthly, quarterly, or annual risk or risk management reports; (vi) any Square One portfolio management reports; (vii) any Square One monthly, quarterly, or annual strategy reviews; (viii) Square One's regulatory filings; (ix) risk models; (x) pricing models; (xi) qualitative or quantitative analyses; (xii) periodic portfolio analyses; (xiii) benchmarking analyses; (xiv) performance attribution analyses; (xv) peer analyses; (xvi) systematic vs. non-systematic return analyses; (xvii) regression analyses; (xviii) reverse-engineering analyses; (xix) risk-adjusted analyses; (xx) style-adjusted analyses; (xxi) scenario analyses; (xxii) drawdown analyses; (xxiii) correlation analyses; (xxiv) alpha analyses; (xxv) comparisons, reviews, or analyses of performance during periods of market stress or market downturn; (xxvi) the volatility or expected volatility of Square One's performance; (xxvii) any "scatter diagrams" or histograms created or used to analyze Square One's performance; (xxviii) Square One's assets under management, including, but not limited to, the amount of such assets, the growth of such assets, and the percentage of such assets attributable to particular, or groups of, clients or investors; (xxix) the Sharpe ratio for Square One; and/or (xxx) the Sortino ratio for Square One.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

Square One objects to this Request and subparts (i) through (xxx) on the grounds that they

are overbroad and unduly burdensome to the extent they seek "[a]ll Documents concerning any

assessment of . . . Square One, BLMIS or any BLMIS Feeder Fund" and fail to describe, with

reasonable particularity, the information requested. Square One further objects to this Request and

subparts (i) through (xxx) on the grounds that it seeks documents that are neither relevant to any

party's claims or defenses nor proportional to the needs of the case insofar as it seeks documents

on matters unrelated to Square One and BLMIS. Square One will therefore construe this Request

to seek documents concerning Square One and BLMIS. So construed, this Request is subsumed

by Request Nos. 9 and/or 10. Square One therefore refers to its Responses to those specific

Requests and will not produce documents in response to this Request on a stand-alone basis.

**REQUEST FOR PRODUCTION NO. 53:** All Documents concerning the investment activity of Square One, BLMIS, or any BLMIS Feeder Fund that relate to: (i) the performance of Square One's investment with BLMIS; (ii) the NAV of Square One, including its calculation; (iii) Square One's assets under management; (iv) Square One's investment strategies, including the development, marketing, or execution of any investment strategy; (v) all account statements Square One issued to any Person or entity; (vi) trade confirmations or other memorialization of purported trades made by, or on behalf of, Square One; (vii) the identification (or lack thereof) of any counterparty to any trades purportedly executed by, or on behalf of, Square One, and any attempts to ascertain any such counterparty's identity; (viii) any review, discussion, or analysis of any options purportedly purchased or sold by, or on behalf of, Square One; (ix) any review, analysis, or statement of prices at which Square One purportedly purchased or sold securities; and/or (x) any efforts to verify the securities positions BLMIS purportedly held for the Square One BLMIS IA Account.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

Square One objects to this Request and subparts (i) through (x) on the grounds that they are overbroad and unduly burdensome and fail to describe, with reasonable particularity, the information requested. Square One further objects to this Request and its subparts on the grounds that they seek documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case insofar as it seeks documents on matters unrelated to the subject matter of this action. Square One further objects to this Request on the grounds that, to the extent the Request and subparts (i) through (x) seek documents concerning the investment activity of BLMIS or any BLMIS Feeder Fund, they seek documents more efficiently obtained from third parties, namely, BLMIS and the BLMIS Feeder Funds. Square One further objects to this Request on the grounds that it is subsumed by Request Nos. 9 and/or 10. Square One therefore refers to its Responses to those specific Requests and will not produce documents in response to this Request on a stand-alone basis.

**REQUEST FOR PRODUCTION NO. 54:** All Documents concerning any reconciliation of the Square One BLMIS IA Account customer statements and/or trade confirmations with public investment records.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

Square One objects to this Request on the grounds that it seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case. Square One further objects to this Request on the grounds that it is subsumed by Request Nos. 9 and/or 10. Square One therefore refers to its Responses to those specific Requests and will not produce documents in response to this Request on a stand-alone basis.

**REQUEST FOR PRODUCTION NO. 55:** All Documents and Communications between Square One and/or Estenne, on the one hand, and BLMIS, on the other hand, concerning Square One and/or Estenne's knowledge of BLMIS, including, but not limited to, BLMIS's purported trading activities such as the split-strike conversion strategy, counterparties and convertible arbitrage, and other internal workings of BLMIS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

Square One objects to this Request on the grounds that the phrases "Square One and/or Estenne's knowledge of BLMIS" and "other internal workings" are vague and ambiguous as used therein. Square One further objects to this Request on the grounds that it is subsumed by Request Nos. 9 and/or 10. Square One therefore refers to its Responses to those specific Requests and will not produce documents in response to this Request on a stand-alone basis.

**REQUEST FOR PRODUCTION NO. 56:** Documents sufficient to identify all diligence committees that analyzed the Square One BLMIS IA Account.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

Square One objects to this Request on the grounds that it is subsumed by Request Nos. 9 and/or 10. Square One therefore refers to its Responses to those specific Requests and will not produce documents in response to this Request on a stand-alone basis.

**REQUEST FOR PRODUCTION NO. 57:** All Documents concerning the meetings and analyses of all diligence committees that analyzed the Square One BLMIS IA Account, including, but not limited to, face-to-face meetings with BLMIS and on-the-ground work in New York concerning BLMIS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

Square One objects to this Request on the grounds that it is subsumed by Request Nos. 9 and/or 10. Square One therefore refers to its Responses to those specific Requests and will not produce documents in response to this Request on a stand-alone basis.

**REQUEST FOR PRODUCTION NO. 58:** All Documents concerning the apartment in New York used by Estenne, Square One and/or Partners Advisers to conduct diligence on fund managers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

Square One objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are neither relevant to any party's claims or defenses, nor proportional to the needs of the case.

Accordingly, Square One will not produce any documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 59:** All Documents concerning Square One's knowledge regarding BLMIS's role as sub-custodian.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

Square One objects to this Request on the grounds that the phrase "Square One's knowledge regarding BLMIS's role as sub-custodian" is vague and ambiguous as used therein. Square One further objects to this Request on the grounds that it is subsumed by Request Nos. 9 and/or 10. Square One therefore refers to its Responses to those specific Requests and will not produce documents in response to this Request on a stand-alone basis.

## V.   INVESTORS

**REQUEST FOR PRODUCTION NO. 60:** Documents sufficient to identify the names and contact information of any Person or entity that invested in or with Square One for any period of time.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

Square One objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are neither relevant to any party's claims or defenses, nor proportional

to the needs of the case insofar as it seeks documents concerning the identity of Square One's

investors, which is unrelated to the subject matter of this action.

Accordingly, Square One will not produce any documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 61:** All Documents concerning the investments, holdings, shares and/or interests of any Person or entity that invested in or with Square One for any period of time, including, but not limited to, the ART Fund.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

Square One objects to this Request on the grounds that it is overbroad, unduly burdensome,

and seeks documents that are neither relevant to any party's claims or defenses, nor proportional

to the needs of the case insofar as it seeks documents on matters unrelated to Square One and

BLMIS. Square One will therefore construe this Request to seek documents concerning Square

One and BLMIS. So construed, this Request is subsumed by Request Nos. 9 and/or 10. Square

One therefore refers to its Responses to those specific Requests and will not produce documents

in response to this Request on a stand-alone basis. As stated in Square One's Response to Request

No. 60, however, Square One will not produce documents that identify the names and contact

information of any Person or entity that invested in or with Square One for any period of time.

**REQUEST FOR PRODUCTION NO. 62:** All Documents and Communications between Square One and its potential, current or former investors, subscribers and/or shareholders, including, but not limited to, agreements, information memoranda, offering memoranda, private placement memoranda, and any marketing materials.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

Square One objects to this Request on the grounds that it is overbroad, unduly burdensome,

vague, and ambiguous to the extent it seeks documents and communications between Square One

and its "potential . . . investors, subscribers and/or shareholders" and fails to describe, with

reasonable particularity, the information requested. Square One further objects to this Request on

the grounds that it is overbroad, unduly burdensome, and seeks documents that are neither relevant

to any party's claims or defenses, nor proportional to the needs of the case insofar as it seeks

documents on matters unrelated to Square One and BLMIS. Square One will therefore construe

this Request to seek documents concerning Square One and BLMIS. So construed, this Request is

subsumed by Request Nos. 9 and/or 10. Square One therefore refers to its Responses to those

specific Requests and will not produce documents in response to this Request on a stand-alone

basis. As stated in Square One's Response to Request No. 60, however, Square One will not

produce documents that identify the names and contact information of any Person or entity that

invested in or with Square One for any period of time.

**REQUEST FOR PRODUCTION NO. 63:** All Documents concerning any due diligence,
inquiry or investigation concerning Square One, BLMIS and/or any BLMIS Feeder Fund
performed by any potential, current or former investor, subscriber and/or shareholder of Square
One, including, but not limited to, the ART Fund.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

Square One objects to this Request on the grounds that it is overbroad, unduly burdensome,

vague, ambiguous, and fails to describe, with reasonable particularity, the information requested.

Square One further objects to this Request on the grounds that the term "any potential . . . investor"

is vague and ambiguous as used therein. Square One further objects to this Request on the grounds

that it seeks documents neither relevant to any party's claims or defenses nor proportional to the

needs of the case insofar as it seeks documents concerning the identity of Square One's investors,

which is unrelated to the claim against Square One. Square One further objects to this Request on

the grounds that it seeks documents that are neither relevant to any party's claims or defenses nor

proportional to the needs of the case insofar as it seeks documents on matters unrelated to Square

One and BLMIS. Square One will therefore construe this Request to seek documents concerning

Square One and BLMIS. So construed, this Request is subsumed by Request Nos. 9 and/or 10.

Square One therefore refers to its Responses to those specific Requests and will not produce

documents in response to this Request on a stand-alone basis. As stated in Square One's Response to Request No. 60, however, Square One will not produce documents that identify the names and contact information of any Person or entity that invested in or with Square One for any period of time.

**REQUEST FOR PRODUCTION NO. 64:** All Documents concerning Square One's receipt of funds from any Person or entity for purposes of investment or subscription in or with Square One.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

Square One objects to this Request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous, and fails to describe, with reasonable particularity, the information requested. Square One further objects to this Request on the grounds that it seeks documents neither relevant to any party's claims or defenses nor proportional to the needs of the case insofar as it seeks documents concerning the identity of Square One's investors, which is unrelated to the claim against Square One, or seeks documents on matters unrelated to Square One and BLMIS. Square One will therefore construe this Request to seek documents concerning Square One and BLMIS. So construed, this Request is subsumed by Request Nos. 9 and/or 10. Square One therefore refers to its Responses to those specific Requests and will not produce documents in response to this Request on a stand-alone basis. As stated in Square One's Response to Request No. 60, however, Square One will not produce documents that identify the names and contact information of any Person or entity that invested in or with Square One for any period of time.

**REQUEST FOR PRODUCTION NO. 65:** All Documents concerning the divestment or redemption of investments, funds, holdings, shares and/or interests of any Person or entity that invested in or with Square One for any period of time, including, but not limited to, the ART Fund.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

Square One objects to this Request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous, and fails to describe, with reasonable particularity, the information requested.

Square One further objects to this Request on the grounds that it seeks documents neither relevant to any party's claims or defenses nor proportional to the needs of the case insofar as it seeks documents concerning the identity of Square One's investors, which is unrelated to the claim against Square One, or seeks documents on matters unrelated to Square One and BLMIS. Square One will therefore construe this Request to seek documents concerning Square One and BLMIS. So construed, this Request is subsumed by Request Nos. 9 and/or 10. Square One therefore refers to its Responses to those specific Requests and will not produce documents in response to this Request on a stand-alone basis. As stated in Square One's Response to Request No. 60, however, Square One will not produce documents that identify the names and contact information of any Person or entity that invested in or with Square One for any period of time.

## VI.    FINANCIAL AND ACCOUNTING RECORDS

**REQUEST FOR PRODUCTION NO. 66:** All Documents concerning the accounting or recording of Square One's financial performance and activity, including, but not limited to, all general ledgers, journals, trial balances, reconciliations, statements of cash flow, balance sheets, and profit-and-loss statements, and Square One's financial statements, whether audited or unaudited, including, but not limited to, audited annual statements, unaudited quarterly and other interim statements, and draft statements, including all related work papers, notes, schedules, and exhibits.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 66:

Square One objects to this Request on the grounds that it is overbroad, unduly burdensome, vague, and ambiguous to the extent it requests "[a]ll documents concerning the accounting or recording of Square One's financial performance and activity," and fails to describe, with reasonable particularity, the information requested. Square One further objects to this Request on the grounds that the phrases "performance," and "activity" are vague and ambiguous as used therein. Square One further objects to this Request on the grounds that it seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case insofar as it seeks documents on matters unrelated to the subject matter of this action.

Subject to these Specific Objections, Square One will produce only non-privileged documents responsive to this Request that are identified by a reasonable search, to the extent they exist. As stated in Square One's Response to Request No. 60, however, Square One will not produce documents that identify the names and contact information of any Person or entity that invested in or with Square One for any period of time.

**REQUEST FOR PRODUCTION NO. 67:** Square One's foreign and domestic tax returns or other tax reporting documentation, whether filed, unfiled, or in draft form, and all supporting schedules, work papers, journal entries, and trial balances.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

Square One objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are neither relevant to any party's claims or defenses insofar as it seeks documents on matters unrelated to the subject matter of this action. Square One further objects to this Request on the grounds that the phrase "other tax reporting documentation" is vague and ambiguous as used therein.

Accordingly, Square One will not produce any documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 68:** All Documents concerning Square One's business plans, marketing materials or investments, including, but not limited to, projections and/or analyses concerning Square One's projected revenues, current revenues, assets under management.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

Square One objects to this Request on the grounds that it is overbroad, unduly burdensome, vague, and ambiguous to the extent it seeks "[d]ocuments concerning Square One's . . . investments," and fails to describe, with reasonable particularity, the information requested. Square One further objects to this Request on the grounds that it seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case. Square One further objects to this Request on the grounds that it is subsumed by Request Nos. 9 and/or 10.

Square One therefore refers to its Responses to those specific Requests and will not produce documents in response to this Request on a stand-alone basis.

## VII.    SUBSCRIPTIONS AND REDEMPTIONS

**REQUEST FOR PRODUCTION NO. 69:** All    Documents    concerning    Square    One's consideration of ending its investment relationship with BLMIS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

Square One objects to this Request on the grounds that the term "consideration" is vague and ambiguous as used therein. Square One further objects to this Request on the grounds that it is subsumed by Request Nos. 9 and/or 10. Square One therefore refers to its Responses to those specific Requests and will not produce documents in response to this Request on a stand-alone basis.

**REQUEST FOR PRODUCTION NO. 70:** All    Documents    concerning    the    tracking    or monitoring of Square One's subscriptions and redemptions, net asset value, and/or assets under management.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

Square One objects to this Request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous, and fails to describe, with reasonable particularity, the information requested. Square One further objects to this Request on the grounds that it is subsumed by Request Nos. 9 and/or 10. Square One therefore refers to its Responses to those specific Requests and will not produce documents in response to this Request on a stand-alone basis.

**REQUEST FOR PRODUCTION NO. 71:** All Documents concerning the payment of dividends reflected in the BLMIS account statements of Square One.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

Square One objects to this Request on the grounds that it is overbroad, unduly burdensome, vague and ambiguous to the extent it seeks documents concerning "the payment of dividends" and fails to describe, with reasonable particularity, the information requested. Square One further

objects to this Request on the grounds that it seeks documents that are neither relevant to any

party's claims or defenses nor proportional to the needs of the case insofar as it seeks documents

concerning the identity of Square One's investors, which is unrelated to the claim against Square

One. Square One further objects to this Request on the grounds that it is subsumed by Request

Nos. 9 and/or 10. Square One therefore refers to its Responses to those specific Requests and will

not produce documents in response to this Request on a stand-alone basis.

## VIII.    BANK ACCOUNTS, CUSTOMER ACCOUNTS AND TRANSFERS

**REQUEST FOR PRODUCTION NO. 72:** All Documents concerning all accounts, whether for deposit, credit, investment or any other purpose, maintained by Square One or in Square One's name with any bank, financial institution, or depository trust corporation during the Applicable Period, including, but not limited to, all statements of account, signature cards, account-opening Documents, periodic reconciliations, deposit slips, withdrawal slips, check registers, canceled checks, wire transfer requests, wire transfer confirmations, and all other records reflecting cash activity. This Request includes all Documents concerning any account maintained by Square One or in Square One's name with Bank of Bermuda, including, but not limited to, account No. 0257519, and any account maintained by Square One or in Square One's name with Fortis N.V./S.A., BNP Paribas S.A. and/or their affiliates, predecessors, successors, parents, principals, subsidiaries, divisions, branches, agencies and representative offices, including, but not limited to, account no. 0980089581.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 72:

Square One objects to this Request on the grounds that it is overbroad and unduly

burdensome to the extent it seeks documents concerning "all accounts . . . maintained by Square

One or in Square One's name" and fails to describe, with reasonable particularity, the information

requested. Square One further objects to this Request on the grounds that it seeks documents that

are neither relevant to any party's claims or defenses nor proportional to the needs of the case

insofar as it seeks documents on matters unrelated to the subject matter of this action. Square One

further objects to this Request on the grounds that it seeks documents not within the possession,

custody, or control of Square One.

Accordingly, Square One will not produce any documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 73:** All Documents concerning all accounts that Square One maintained with BLMIS, including, but not limited to, the Square One BLMIS IA Account, sub-advisory agreements, solicitation agreements, trading authorizations, trading directives, margin agreements, authorizations to purchase and sell securities, investment contracts, option agreements, subscription agreements, and limited partnership agreements, customer account statements, statements of NAV, calculations of NAV, trade confirmations, portfolio statements, deposit records, withdrawal records, and all other records of investment or cash activity.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

Square One objects to this Request on the grounds that it is overbroad and unduly burdensome and fails to describe, with reasonable particularity, the information requested. Square One further objects to this Request on the grounds that it is subsumed by Request Nos. 9 and/or 10. Square One therefore refers to its Responses to those specific Requests and will not produce documents in response to this Request on a stand-alone basis.

**REQUEST FOR PRODUCTION NO. 74:** All Documents concerning all Initial Transfers, including, but not limited to, all Documents concerning: (i) the date of each Initial Transfer; (ii) the amount of each such Initial Transfer; (iii) the account name and account number for the account from which the funds were transferred; (iv) the account name and account number for the account to which the funds were transferred; (v) the method of the Initial Transfer; (vi) the reason for each such Initial Transfer, and/or (vii) the disposition of each such Initial Transfer.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

Square One objects to this Request on the grounds that it is overbroad, unduly burdensome, vague, and ambiguous to the extent it seeks documents concerning "the method of the Initial Transfer"; "the reason for each such Initial Transfer," and "the disposition of each such Initial Transfer," and fails to describe, with reasonable particularity, the information requested. Square One further objects to this Request on the grounds that the phrase "disposition of each . . . Initial Transfer" is vague and ambiguous as used therein. Square One further objects to the Request on the grounds that it is duplicative of Request Nos. 10 and 73. Square One further objects to the Request on the grounds that it seeks documents that are neither relevant to any party's claims or defenses to the extent it seeks documents related to Transfers other than those made within the two

years prior to the Filing Date ("the Two-Year Transfers"), which are the only Transfers related to

the Trustee's remaining claim against Square One.

Subject to these Specific Objections, Square One will produce only non-privileged

documents responsive to this Request that are identified by a reasonable search, to the extent they

exist.

**REQUEST FOR PRODUCTION NO. 75:** All Documents concerning all Transfers from, between, or among all accounts Square One maintained, including, but not limited to, all Documents concerning any review or analysis undertaken to trace funds transferred from or into any such accounts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

Square One objects to this Request as overbroad, unduly burdensome, vague, and

ambiguous to the extent it seeks documents concerning "all Transfers from, between, or among all

accounts Square One maintained" and fails to describe, with reasonable particularity, the

information requested. Square One further objects to this Request on the grounds that the phrase

"any review or analysis undertaken to trace funds transferred" is vague and ambiguous as used

therein. Square One objects to this Request on the grounds that it is overbroad, unduly burdensome,

and seeks documents that are neither relevant to any party's claims or defenses, nor proportional

to the needs of the case insofar as it seeks documents concerning the identity of Square One's

investors, which is unrelated to the subject matter of this action.

Accordingly, Square One will not produce any documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 76:** All Documents concerning all requests made to BLMIS to withdraw or redeem funds from the Square One BLMIS IA Account, including, but not limited to, consideration of the timing of such request, the amount of such request, and the decision to make such request.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 76:**

Square One objects to this Request on the grounds that it is overbroad and unduly

burdensome and fails to describe, with reasonable particularity, the information requested. Square

One further objects to this Request on the grounds that the phrase "consideration of the timing of such request" is vague and ambiguous as used therein. Square One further objects to this Request on the grounds that it is subsumed by Request Nos. 9 and/or 10. Square One therefore refers to its Responses to those specific Requests and will not produce documents in response to this Request on a stand-alone basis.

**REQUEST FOR PRODUCTION NO. 77:** All Documents concerning all withdrawals or Transfers made from the Square One BLMIS IA Account, including, but not limited to, identity of the party to whom the withdrawal or Transfer was made, consideration of the timing and amount of such withdrawal or Transfer and the decision to make such withdrawal or Transfer.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 77:**

Square One objects to this Request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous, and fails to describe, with reasonable particularity, the information requested. Square One objects to this Request on the grounds that the phrases "identity of the party to whom the withdrawal or Transfer was made" and "consideration of the timing and amount of such withdrawal" are vague and ambiguous as used therein. Square One further objects to this Request on the grounds that it seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case to the extent it seeks documents concerning the identity of Square One's investors, which is unrelated to the claim against Square One. Square One further objects to this Request on the grounds that it is subsumed by Request Nos. 9 and/or 10. Square One therefore refers to its Responses to those specific Requests and will not produce documents in response to this Request on a stand-alone basis. In addition, as stated in Square One's Response to Request No. 60, Square One will not produce documents that identify the names and contact information of any Person or entity that invested in or with Square One for any period of time.

**REQUEST FOR PRODUCTION NO. 78:** All Documents concerning all Transfers from Square One to its investors, subscribers and/or shareholders.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 78:**

Square One objects to this Request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous, and fails to describe, with reasonable particularity, the information requested. Square One further objects to this Request on the grounds that it seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case to the extent it seeks documents concerning the identity of Square One's investors, which is unrelated to the claim against Square One. Square One further objects to this Request on the grounds that it is duplicative of Request Nos. 51 and 75.

Accordingly, Square One will not produce any documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 79:** All Documents concerning all deposits made into the Square One BLMIS IA Account, including, but not limited to, consideration of the timing of such request, the amount of such request, and the decision to make such request.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 79:**

Square One objects to this Request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous, and fails to describe, with reasonable particularity, the information requested. Square One further objects to this Request on the grounds that it seeks documents neither relevant to any party's claims or defenses nor proportional to the needs of the case to the extent it seeks documents regarding the identity of Square One's investors, which is unrelated to the claim against Square One. Square One further objects to this Request on the grounds that it is subsumed by Request Nos. 9 and/or 10. Square One therefore refers to its Responses to those specific Requests and will not produce documents in response to this Request on a stand-alone basis. In addition, as stated in Square One's Response to Request No. 60, Square One will not produce documents that identify the names and contact information of any Person or entity that invested in or with Square One for any period of time.

**REQUEST FOR PRODUCTION NO. 80:** All Documents concerning any funds received by, owed to, or paid to BLMIS, Estenne, Square One, SAM, Circle Partners, and Bank of Bermuda,

including, but not limited to, custodial fees, administration fees, distribution fees, retrocession fees, performance fees, and/or any other fees.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 80:

Square One objects to this Request on the grounds that it is overbroad, unduly burdensome, vague, and ambiguous to the extent it seeks documents concerning "any funds received by, owed to, or paid to" any of the listed individuals and entities and fails to describe, with reasonable particularity, the information requested. Square One further objects to this Request on the grounds that the phrase "any other fees" is vague and ambiguous as used therein. Square One further objects to this Request on the grounds that it seeks documents not within the possession, custody, or control of Square One. Square One further objects to this Request on the grounds that it seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of the case insofar as it seeks documents on matters unrelated to Square One and BLMIS. Square One will therefore construe this Request to seek documents concerning Square One and BLMIS. So construed, this Request is subsumed by Request Nos. 9 and/or 10. Square One therefore refers to its Responses to those specific Requests and will not produce documents in response to this Request on a stand-alone basis.

## IX.    POST-FILING DATE

**REQUEST FOR PRODUCTION NO. 81:** All Documents created on or after the Filing Date concerning: (i) the public disclosure that BLMIS was operating a Ponzi scheme; (ii) the arrest, confession, plea, conviction, or sentencing of Madoff or any BLMIS employee; and/or (iii) all meetings held by Square One's board of directors or Square One's committees, subcommittees or working groups in which BLMIS's Ponzi scheme was a subject or topic or was mentioned or referenced.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 81:

Square One refers the Trustee to its objection to the definition of "Applicable Period" and objects to this Request as overbroad, unduly burdensome, and neither relevant to any party's claims or defenses nor proportional to the needs of the case to the extent it seeks documents

between March 31, 2009 and the present, and notwithstanding the applicable time period. Square

One further objects to this Request on the grounds that it is subsumed by Request Nos. 9 and/or

10. Square One therefore refers to its Responses to those specific Requests and will not produce

documents in response to this Request on a stand-alone basis.

**REQUEST FOR PRODUCTION NO. 82:** All Documents created on or after the Filing Date
concerning: (i) any review or modification of Square One's due diligence process; (ii) any self-
critical analysis; (iii) any investigation or review that Square One conducted of itself; and/or (iv)
any Communications with any potential, current or former investor, subscriber and/or shareholder
of Square One concerning (a) subscriptions or redemptions; (b) the NAV of Square One; (c) the
effect on Square One of Madoff's arrest or the commencement of liquidation proceedings against
BLMIS; and/or (d) Square One's actions subsequent to Madoff's arrest or the commencement of
liquidation proceedings against BLMIS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 82:**

Square One objects to this Request on the grounds that it is overbroad, unduly burdensome,

vague, and ambiguous to the extent it seeks all documents concerning "Square One's actions

subsequent to Madoff's arrest or the commencement of liquidation proceedings against BLMIS"

and fails to describe, with reasonable particularity, the information requested. Square One further

objects to this Request on the grounds that the phrases "self-critical analysis," "any investigation

or review that Square One conducted of itself," and "Square One's actions subsequent to Madoff's

arrest or the commencement of liquidation proceedings against BLMIS" are vague and ambiguous

as used therein. Square One refers the Trustee to its objection to the definition of "Applicable

Period" and objects to this Request as overbroad, unduly burdensome, and neither relevant to any

party's claims or defenses nor proportional to the needs of the case to the extent it seeks documents

between March 31, 2009 and the present, and notwithstanding the applicable time period.

Subject to these Specific Objections, Square One will produce only non-privileged

documents responsive to this Request that are identified by a reasonable search, to the extent they

exist.

**REQUEST FOR PRODUCTION NO. 83:** All Documents concerning Square One's decision to file and withdraw its customer claim, No. 007567.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 83:**

Square One refers the Trustee to its objection to the definition of "Applicable Period" and objects to this Request as overbroad, unduly burdensome, and neither relevant to any party's claims or defenses nor proportional to the needs of the case to the extent it seeks documents between March 31, 2009 and the present, and notwithstanding the applicable time period. Square One further objects to this Request on the grounds that it calls for the production of documents and communications that are protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege, immunity or discovery protection, or that are otherwise protected from disclosure under the applicable rules.

Accordingly, Square One will not produce any documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 84:** All Documents concerning Square One's decision to decline to respond to the Trustee's requests in 2009 and/or 2010 concerning Square One's customer claim, the Square One BLMIS Account, and BLMIS-related due diligence.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 84:**

Square One refers the Trustee to its objection to the definition of "Applicable Period" and objects to this Request as overbroad, unduly burdensome, and neither relevant to any party's claims or defenses nor proportional to the needs of the case to the extent it seeks documents between March 31, 2009 and the present, and notwithstanding the applicable time period. Square One further objects to this Request on the grounds that it calls for the production of documents and communications that are protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege, immunity or discovery protection, or that are otherwise protected from disclosure under the applicable rules.

Accordingly, Square One will not produce any documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 85:** Documents sufficient to identify the financial, operational, and corporate status of Square One from the Filing Date to the present, including, but not limited to, tax returns, registry status, assets, liabilities, audited financial statements, and bank account statements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 85:**

Square One refers the Trustee to its objection to the definition of "Applicable Period" and objects to this Request as overbroad, unduly burdensome, and neither relevant to any party's claims or defenses nor proportional to the needs of the case to the extent it seeks documents between March 31, 2009 and the present, and notwithstanding the applicable time period. Square One further objects to this Request on the grounds that it seeks documents that are not relevant to any party's claims or defenses nor proportional to the needs of the case notwithstanding the applicable time period.

Accordingly, Square One will not produce any documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 86:** All Documents concerning any civil, criminal or other legal proceedings commenced by or against Square One, in any jurisdiction, whether threatened or filed.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 86:**

Square One refers the Trustee to its objection to the definition of "Applicable Period" and objects to this Request as overbroad, unduly burdensome, and neither relevant to any party's claims or defenses nor proportional to the needs of the case to the extent it seeks documents between March 31, 2009 and the present, and notwithstanding the applicable time period.

Accordingly, Square One will not produce any documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 87:** All Documents and Communications between Square One and any governmental, regulatory, or law enforcement entity or official in any jurisdiction.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 87:**

Square One refers the Trustee to its objection to the definition of "Applicable Period" and objects to this Request as overbroad, unduly burdensome, and neither relevant to any party's claims or defenses nor proportional to the needs of the case to the extent it seeks documents between March 31, 2009 and the present, and notwithstanding the applicable time period.

Accordingly, Square One will not produce any documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 88:** All Documents concerning Square One's satisfaction of debts owed to investors, subscribers and/or shareholders after the Filing Date.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 88:**

Square One refers the Trustee to its objection to the definition of "Applicable Period" and objects to this Request as overbroad, unduly burdensome, and neither relevant to any party's claims or defenses nor proportional to the needs of the case to the extent it seeks documents between March 31, 2009 and the present, and notwithstanding the applicable time period.

Accordingly, Square One will not produce any documents in response to this Request.

Dated:   October 7, 2019

New York, New York

**JENNER & BLOCK LLP**

By: */s/ Richard Levin*
Richard Levin
919 Third Avenue, 38th Floor
New York, NY 10022
Phone: 212-891-1600
Fax: 212-891-1699
rlevin@jenner.com

*Attorneys for Square One Fund, Ltd.*