# EXHIBIT 2

919 THIRD AVENUE  NEW YORK  NEW YORK  10022-3908

**JENNER&BLOCK** LLP

February 3, 2020

Richard Levin
Tel +1 212 891 1601
RLevin@jenner.com

**VIA E-MAIL**
Andrew Serrao
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, NY 10111
aserrao@bakerlaw.com

Re:    *Picard v. Square One Fund Ltd.,* Adv. Pro. No. 10-4330 (SMB) (Bankr. S.D.N.Y.)

Dear Andrew:

I write to request information regarding the Trustee's production of documents in response to Square One's First Set of Requests for the Production of Documents, and to respond to Plaintiff's January 23, 2020 and December 26, 2019 letters, including to provide updates on several of the items discussed during our telephonic meet-and-confer on January 14, 2020.

## I.    Trustee's Production and Privilege Log

During the January 14th call, we raised several issues with the Trustee's production of documents and privilege log. You asked that we put our questions in writing. To that end:

We noted on the call that the Trustee's privilege log does not include the addressees or recipients of any documents, which is improper as Square One cannot asses the claim of privilege without this information. *See* S.D.N.Y. Local Rule 26.2 (a party claiming privilege in objecting to disclosure of a document shall provide "the addressees of the document, and any other recipients"). Thank you for confirming in your January 23rd letter that the Trustee was the recipient of all documents listed in the privilege log.

1. Please also confirm whether the Trustee was the only addressee of all documents listed in the privilege log.
2. For any document that the Trustee was not the sole addressee of, please identify the other addressees of the document.

We also noted on the call that the privilege log does not appear to identify any notes underlying the Trustee's or Trustee's consultants' conversations with Jérôme Müller. In response to your representation during the call that the privilege log does not distinguish between notes and memoranda, we explained that this is deficient because interview notes often receive lesser work-product protection than memoranda, which are more likely to contain attorney strategies and mental impressions. *See In re Grand Jury Subpoena Dated Oct. 22, 2001*, 282 F.3d 156, 161

February 3, 2020
Page 2

(2d Cir. 2002); *SR Int'l Bus. Ins. Co. v. World Trade Ctr. Properties LLC*, No. 01 CIV. 9291 (JSM), 2002 WL 1455346, at *7 (S.D.N.Y. July 3, 2002). The Trustee is required to provide sufficient information to enable Square One to assess the work-product claim for each document in the log. *See* Fed. R. Civ. P. 26(b)(5)(A).

3. Please clarify whether the Trustee and/or the Trustee's consultants have notes underlying conversations with Jérôme Müller.
4. Please clarify whether the Trustee and/or the Trustee's consultants have notes underlying each conversation with Jérôme Müller.
5. To the extent the Trustee and/or the Trustee's consultants have notes underlying conversations with Jérôme Müller, please clarify whether all of these notes have been accounted for in the privilege log.
6. To the extent notes underlying conversations with Jérôme Müller are accounted for in the privilege log, please clarify where in the privilege log the notes underlying each conversation are accounted for.

## II.    Applicable Period

We reiterate that we object to producing documents post-dating March 31, 2009, as stated in our written objections to Plaintiff's definition of "Applicable Period" and to Requests Nos. 81-88. As explained during the meet-and-confer and in prior communications, the Trustee's requests for documents from December 11, 2008 to the date of service of the Requests are overbroad in seeking documents far beyond those likely to include information relevant to the narrow remaining claim, and unduly burdensome in requesting an additional eleven years' worth of documents. The Requests seek discovery disproportionate to the needs of this case, especially in light of the financial asymmetry between the parties and the limited amount in controversy. However, we are not currently withholding documents on the basis of these objections.

To clarify statements made in Section I.A. of your January 23rd letter, we note we stated during the call that, without waiving our written objections and to streamline this matter, Square One would produce all documents in its possession, custody, or control post-dating March 31, 2009 that we have identified as responsive and non-privileged. We did not agree to produce all responsive, non-privileged documents in Square One's possession, custody, or control post-dating March 31, 2009. We reiterate that documents post-dating March 31, 2009 were included in our reasonable search for responsive documents in Square One's possession, custody, or control.

On January 17, 2020, Square One completed production of documents in its possession, custody, or control post-dating March 31, 2009 that we have identified as responsive and non-privileged. As explained during the January 14th call, we will not be logging privileged documents post-dating March 31, 2009 located in our attorneys' files. We have not withheld other documents post-dating March 31, 2009 based on privilege.

## III.    Documents Located in Switzerland

February 3, 2020
Page 3

We reiterate that Square One continues to stand by its General Objection No. 3. As detailed in prior communications, Square One's General Objection No. 3 is proper as a matter of law and has been properly preserved. *See CBF Industria de Gusa S/A v. AMCI Holdings, Inc.*, No. 13-CV-2581 (PKC) (JLC), 2019 WL 3334503, at *11 (S.D.N.Y. July 25, 2019) (noting general objections that "truly apply to each request" are proper under the federal rules). However, we confirmed on our January 14th call that we are not currently withholding documents on the basis of this objection, in response to your request for this information in your December 26th letter.

As detailed during the meet-and-confer, we reiterate that we have conducted a reasonable search of Luc Estenne's files and produced all responsive, non-privileged documents identified in our search. We are not withholding documents from Mr. Estenne's files on the basis of General Objection No. 3. We also reiterate that we stand by our objections to producing documents located in Switzerland where such production is prohibited by Swiss law.

To clarify statements made in Section I.B. of your January 23rd letter, we note we stated during the meet-and-confer that, to our knowledge, documents otherwise responsive to the Trustee's Requests may be located in Switzerland. We did not take the position that "Square One is aware of documents located in Switzerland that are responsive to the Trustee's Requests." Also as we stated during the meet-and-confer, to the extent there are documents in Switzerland that would be otherwise responsive to the Requests, they are not within Square One's possession, custody, or control. Square One has no obligation to disclose "the identities and last known contact information of all custodians" of such documents. And Square One has already provided the identities of individuals likely to have discoverable information in its Initial Disclosures.

To the extent Partners Advisers S.A. has potentially responsive documents located in Switzerland, these documents are not within Square One's possession, custody, or control. The Trustee has not provided evidence supporting the claim in your January 23rd letter that Partners Advisers S.A., a separate entity that Square One does not control, was a service provider to Square One, nor have you provided evidence that Partners Advisers S.A.'s documents in Switzerland are within Square One's possession, custody, or control. To the extent the Trustee believes Partners Advisers S.A. has documents within Square One's possession, custody, or control, it is the Trustee's burden to make an affirmative showing. *See, e.g.*, *In re: Application of Passport Special Opportunities Master Fund, LP for an Order Compelling Compliance with a Subpoena Issued to Deloitte Touche Tohmatsu Ltd. Pursuant to 28 U.S.C. § 1782.*, No. 16 MISC. 33(PAE), 2016 WL 844833, at *5 (S.D.N.Y. Mar. 1, 2016).

As detailed during the January 14th call, Swiss data protection laws and the Swiss Criminal Code are barriers to producing documents located in Switzerland. We reiterate that Switzerland does not consider the level of data protection here adequate. As explained on the call and in our October 28, 2019 letter, we designated as "Confidential" documents already located in the United States that contain data potentially subject to foreign data protection laws, relying on the Trustee's representations about the adequacy of the Litigation Protective Order (LPO). This issue remains an ongoing concern for documents located abroad.

We also detailed during the meet-and-confer that, separate from Swiss data protection laws, provisions of the Swiss Criminal Code, including Article 271, prohibit production of documents

February 3, 2020
Page 4

located in Switzerland. In response to your repeated assertions that a court would rule against Square One's interpretation of Article 271, we asked for a case citation for guidance on the issue. However, you refused to provide a citation. We asked that you provide this information in your letter memorializing the meet-and-confer, but you did not. We again ask you to provide information sufficient to allow Square One to locate the case you referred to during the meet-and-confer as supporting your position on Article 271. Despite your assurances that the Trustee is willing to help Square One with foreign document production issues, you have not provided us with guidance on transferring documents from Switzerland without violating Swiss law.

Additionally, the Trustee is free to pursue foreign documents through international channels, including the Hague Evidence Convention. Indeed, during the meet-and-confer you noted the Trustee has used the Hague Evidence Convention to obtain documents from Switzerland, and the Trustee told the Court that two years of discovery was necessary in this case because of needed foreign discovery.

### IV. Third-Party Documents

We reiterate that we are continuing our reasonable efforts at collecting responsive documents from third parties that, based on those parties' relationship with Square One, are likely to possess documents within Square One's possession, custody, or control.

We cannot yet provide a timeline for the production of documents from Peter Poole. As explained on our January 14th call, we put our litigation support team in contact with Peter Poole's office, they sent his office a link to a secure file-transfer site, and they have since followed-up about when we should expect document uploads. We expect to receive documents soon, but we do not have a further update since our January 14th call. We do not know how long it will take to process, review, and produce any non-privileged, responsive documents, as we do not know the volume of documents that will be uploaded.

Despite our reasonable efforts, we have not yet received a response from other third-parties to whom we have reached out.

### V. Stipulation

As noted during our October 15, 2019 call and in our prior letters, in order to streamline this matter, Square One is open to reviewing a stipulation incorporating the admissions in Square One's answer. You proposed preparing a stipulation of facts for our review on the October 15th call, and we asked you in our October 28th and November 27th letters to confirm whether you will be preparing a stipulation. You have not since addressed this matter. We again ask that you indicate whether you will be preparing a stipulation for our review.

Sincerely,

*/s/ Richard Levin*
Richard Levin