# EXHIBIT 7

919 THIRD AVENUE  NEW YORK  NEW YORK  10022-3908

JENNER&BLOCK LLP

August 27, 2020

Richard Levin
Tel +1 212 891 1601
RLevin@jenner.com

**VIA E-MAIL**
Marco Molina
Matthew Feil
Andrew Serrao
Victoria Stork
Ganesh Krishna
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, NY 10111

Re:   *Picard v. Square One Fund Ltd.,* Adv. Pro. No. 10-4330 (SMB) (Bankr. S.D.N.Y.),
      Square One's Response to Trustee's Meet-and-Confer Memorialization

Dear Andrew:

I write to respond to issues raised in the Trustee's August 10, 2020 and August 19, 2020 letters, as well as at the parties' August 13, 2020 meet-and-confer.

I.   **Square One's Document Searches and Collections**

At the outset, we reiterate that Square One has conducted a reasonable search for and collection of documents responsive to the Trustee's First Set of Requests for Production of Documents. We have explained this process many times, including detailing the various collections, searches, and reviews Square One has conducted in Square One's Responses and Objections to the Trustee's First Set of Interrogatories.

To summarize, Square One gathered and imaged a broad set of documents in mid-2011 that was transferred to Square One's prior counsel. It consists of (1) Square One's and Square Asset Management's paper and electronic files (housed on Partners Advisers' servers) maintained in the ordinary course of business and pursuant to the December 6, 2010 litigation hold addressed collectively to Square One, Luc Estenne, Square Asset Management, Ltd., and Partners Advisers, S.A.; and (2) emails (and families) housed on Partners Advisers' servers, where Hélène De Pol, Luc Estenne, Timothée Henry, or Jérôme Müller appeared in the to/from/cc/bcc field, culled by a broad list of disjunctively-applied search terms. Subsequently, Square One gathered and imaged documents from the following third parties: Luc Estenne, Circle Investment Support Services B.V., Peter Poole and Sable Trust Limited, ABN AMRO Bank N.V., and HSBC Bank of Bermuda Ltd.

This expansive search for documents is more than sufficient to satisfy Square One's obligations under the federal rules. It broadly captures documents related to Square One, BLMIS, and the

August 27, 2020
Page 2

claims and defenses at issue in this litigation, during the time period relevant to the litigation and the Trustee's allegations in the Amended Complaint.

As we've maintained throughout discovery, the Trustee's requests for documents that span more than a decade after the filing date are unduly burdensome *and* seek documents neither relevant to any party's claims or defenses nor proportional to the needs of the case. The allegations in the Amended Complaint concerning actions taken after 2009 relate to the filing and withdrawal of Square One's customer claim, which we've repeatedly explained was a decision made in consultation with counsel, shielding any documents generated in the process from discovery. The Trustee has not alleged the existence of relevant, non-privileged evidence housed at Partners Advisers that post-dates March 31, 2009, and the federal rules do not obligate Square One to participate in the Trustee's fishing expedition in this time period. We note that, in an effort to streamline discovery and without prejudice to our objections, Square One produced documents post-dating March 31, 2009 from the set created in mid-2011, as well as from Circle Investment Support Services B.V., Peter Poole and Sable Trust Limited, and ABN AMRO Bank N.V. We do not believe an additional search for documents post-dating March 31, 2009 is likely to uncover responsive, non-duplicative, non-privileged documents that would justify the burden and expense of such search.

We understand that the remaining dispute is over documents housed at Partners Advisers, which we believe the parties are engaged in a cooperative effort to resolve. The Trustee's proposal in your August 19 letter is for Square One to use a list of 16 custodians and 60 search terms to collect and review documents from Partners Advisers that span more than two decades, including more than a decade's worth of documents created long after the events at issue in this litigation. This proposal would require Square One to duplicate in its entirety the collection and processing of documents it conducted in 2011.

We believe that, on the whole, the Trustee's proposal is unreasonable and unlikely to return relevant, unique results that would justify the burden of carrying out the proposal. However, to facilitate cooperation and the discovery process, Square One is willing to collect and review additional documents from Partners Advisers, provided the Trustee agrees to share a portion of the costs associated with that process, an arrangement first suggested by the Trustee.

A significant portion of the vendor costs that Square One is facing from the Trustee's proposal are associated with the processing of a significant amount of data. This processing must occur before Square One can test the Trustee's search terms and propose reasonable edits. We have conferred with a vendor, which has estimated that, based on the Trustee's proposal, the upfront costs of collecting, processing, culling, and transferring data would be $25,000 to $28,000. These vendor costs do not include the attorneys' fees Square One will incur from the document review (and that Square One has already incurred inquiring about the expense and logistics associated with the Trustee's proposal). We believe that the Trustee should agree to cover a significant portion of these vendor costs given that (1) the Trustee's proposal requires Square One to duplicate the processing it conducted in 2011, (2) the Trustee's proposal is unlikely to return relevant, unique results, but it will require Square One to incur significant costs in document review, and (3) there is a vast disparity in the resources of the parties, a primary concern in delimiting the scope of discovery in the federal rules. Please let us know whether the

August 27, 2020
Page 3

Trustee is willing to share in the vendor costs associated with the Trustee's proposal based on the relative number of duplicate responsive, non-privileged documents to new responsive, non-privileged documents.

We believe that, in addition to reaching an agreement on cost sharing, the parties should simultaneously engage on a reasonable list of custodians, which may affect the costs associated with processing data. In your August 10 letter, you expressed a concern that relevant documents from Luc Deblue and Oliver Magnin were missed from Square One's collection in 2011, and you repeated that concern with respect to Olivier Magnin at the parties August 13 meet-and-confer. However, in your August 19 letter, you proposed an additional 10 custodians without explanation or justification. We believe the list of four custodians used in 2011 is appropriately tailored to provide maximum coverage of relevant documents—including relevant communications involving Luc Deblue and Olivier Magnin—within the bounds of the federal rules' proportionality framework. Additional custodians are likely to bring only duplicative and non-responsive results, and the expense of collecting, processing, and reviewing documents from additional custodians would outweigh its likely benefit. However, to facilitate cooperation and discovery, we are willing to collect and process documents from the following custodians, provided we can reach an agreement on cost sharing: Hélène De Pol, Luc Estenne, Luc Deblue, Timothée Henry, Olivier Magnin, and Jérôme Müller.

Once we have reached an agreement on cost sharing and custodians, Square One will be able to process the data and subsequently search it. At that time, we will test the Trustee's proposed search terms and negotiate those terms and date limitations with the Trustee, as discussed at the August 13 meet-and-confer. We will also raise with the Trustee further expense sharing, as appropriate.

## II.  Third-party Financial Institution Documents

Square One does not have a relationship with HSBC Securities Services (Luxembourg) S.A. ("HSSL") that would give it control over HSSL's documents, and, in any event, we have no reason to believe that HSSL has documents related to Square One. You have not substantiated your position to the contrary—a position that you did not mention during the parties August 13 meet-and-confer despite our discussion of documents from third-party financial institutions. If you are aware of facts that indicate Square One controls relevant documents at HSSL, please let us know.

With respect to the privilege log, first, we again confirm that no documents were withheld from the ABN AMRO Bank N.V. production, thus the privilege log does not impede any attempt by the Trustee to schedule a joint call to discuss this production. Square One will indicate the documents withheld from the HSBC Bank of Bermuda Ltd. production on the basis of privilege by September 1, 2020, and confirm whether we expect to receive additional documents from HSBC Bank of Bermuda Ltd. at that time.

Please do not hesitate to contact me if you have any questions.

Sincerely,

August 27, 2020
Page 4


*/s/ Richard Levin*
Richard Levin