# EXHIBIT 13

| | |
|---|---|
| **From:** | Levin, Richard |
| **To:** | Molina, Marco |
| **Cc:** | Feil, Matthew D.; Clark, David J.; Serrao, Andrew; Stork, Victoria; Fischer, Brian J. |
| **Subject:** | RE: Picard v. Square One Fund Ltd.--30(b)(6) deposition scheduling |
| **Date:** | Thursday, July 8, 2021 1:11:50 PM |

Hi Marco,

By now you should have received our objection to the extension request and to the four motions for letters of request, which themselves take fact discovery well past the discovery deadline. We are not inclined to change our position on that, except, in accordance with our request below, for the 30(b)(6) deposition you noticed. For our purposes, a nine-month extension hardly differs from a one-year extension.

If the court grants the extension you requested, we should have little difficulty in rescheduling the 30(b)(6) deposition, as long as you do not notice it for the last week of the extended period. If the court denies the extension, we remain willing to schedule the deposition during the last week of September, preferably on September 30, as noted below. We are willing to make this accommodation despite the inherent inflexibility imposed by a notice that schedules a deposition one day before the currently applicable deadline, at a time when participants' schedules have been (and are typically) set well in advance.

With that, I suppose we can wait to hear the court's decision before agreeing on the date, although it would be helpful for planning purposes and to prevent the problem created by the current notice, if you would agree to reserve that date. Please let me know.

Regards,
Rich

**From:** Molina, Marco <mmolina@bakerlaw.com>
**Sent:** Wednesday, July 7, 2021 7:54 PM
**To:** Levin, Richard <RLevin@jenner.com>; Fischer, Brian J. <BFischer@jenner.com>
**Cc:** Feil, Matthew D. <mfeil@bakerlaw.com>; Clark, David J. <DClark@jenner.com>; Serrao, Andrew <aserrao@bakerlaw.com>; Stork, Victoria <vstork@bakerlaw.com>
**Subject:** RE: Picard v. Square One Fund Ltd.

External Email – Exercise Caution

Thanks Rich. Hope you enjoyed the holiday weekend.

As you know from our prior discussions, the Trustee does not believe it makes any sense to extend fact discovery deadlines in piecemeal. We have not done it before and will not do it here.

I am sympathetic about your scheduling concerns. We would also prefer to push this deposition out to late September for many of the same reasons you raise. But your client's refusal to consent to an extension of the discovery periods has made rescheduling an impossibility, I am afraid.

Perhaps there is a middle road approach. Reserving all our rights, and strictly for the purposes of

resolving this scheduling issue, my client would be willing to agree to a 9-month extension of all discovery deadlines. This is a shorter extension than what we had previously proposed and would accomplish the following:

1. It would give you and your client more than sufficient time to enjoy your Summer vacations and prepare for the 30(b)(6) deposition.
2. It would give the Trustee enough time to undertake any discovery leads that may become necessary as a result of that deposition.
3. And it would hopefully give the Trustee enough time to pursue all other leads that have been stalled or delayed due to the Pandemic and delays in getting the Partners Advisers documents.

An added benefit would be that we would save the Court from having the hearing on July 28 regarding the Trustee's request to extend the discovery deadlines. Given that you have a contested hearing before Judge Garrity on July 29, I am sure it would benefit you, too. Let me know.

Best,
Marco

**From:** Levin, Richard <RLevin@jenner.com>
**Sent:** Thursday, July 01, 2021 11:51 AM
**To:** Molina, Marco <mmolina@bakerlaw.com>; Fischer, Brian J. <BFischer@jenner.com>
**Cc:** Feil, Matthew D. <mfeil@bakerlaw.com>; Clark, David J. <DClark@jenner.com>
**Subject:** RE: Picard v. Square One Fund Ltd.

[External Email: Use caution when clicking on links or opening attachments.]

Dear Marco,

I should add that I have a contested hearing before Judge Garrity on July 29.

Best for the holiday weekend,
Rich

**From:** Levin, Richard
**Sent:** Wednesday, June 30, 2021 10:46 AM
**To:** 'Molina, Marco' <mmolina@bakerlaw.com>; Fischer, Brian J. <BFischer@jenner.com>
**Cc:** Feil, Matthew D. <mfeil@bakerlaw.com>; Clark, David J. <DClark@jenner.com>
**Subject:** RE: Picard v. Square One Fund Ltd.

Dear Marco,

We have a scheduling issue with the noticed date of July 29, 2021, which we'd like to resolve prior to conferring on scope. Luc Estenne will be testifying on behalf of Square One, as he is the only one who has the requisite background and authority. Due to prior commitments, Mr. Estenne is not

available to testify on July 29, 2021, or on July 30, 2021. We realize this means the deposition will need to be rescheduled for a date that is past the current fact discovery deadline. In light of this, we are willing to consent to an extension of the fact discovery deadline for this noticed deposition only. Please confirm whether the trustee is amenable to this arrangement.

Our team has vacations in August that preclude the deposition that month. In September, Rosh Hashanah and Yom Kippur, which fall in the first two weeks of the months, and a scheduled arbitration in which our team is involved in the third week make most of that month unworkable as well. We propose rescheduling the deposition for the week of September 27, 2021, preferably on Thursday, September 30. This is the earliest possible date we can accommodate the deposition.

Best regards,
Rich

---

**From:** Molina, Marco <mmolina@bakerlaw.com>
**Sent:** Monday, June 21, 2021 4:25 PM
**To:** Levin, Richard <RLevin@jenner.com>; Fischer, Brian J. <BFischer@jenner.com>
**Cc:** Feil, Matthew D. <mfeil@bakerlaw.com>
**Subject:** Picard v. Square One Fund Ltd.

External Email – Exercise Caution

Dear Rich and Brian,

Pursuant to Fed. R. Civ. P. 30(b)(6), as amended December 1, 2020, we write to schedule a call this week to confer on the timing and scope of the deposition we noticed last Friday. Please advise if you are available this Wednesday.

Best regards,
Marco


**Marco Molina**
Partner

BakerHostetler
600 Anton Blvd | Suite 900
Costa Mesa, CA 92626-7221
T +1.714.966.8833

mmolina@bakerlaw.com
bakerlaw.com

**Admitted in New York**
**Provisionally Licensed Lawyer in CA**

This email is intended only for the use of the party to which it is addressed and may contain information that is privileged, confidential, or protected by law. If you are not the intended recipient you are hereby notified that any dissemination, copying or distribution of this email or its contents is strictly prohibited. If you have received this message in error, please notify us immediately by replying to the message and deleting it from your computer.

Any tax advice in this email is for information purposes only. The content of this email is limited to the matters specifically addressed herein and may not contain a full description of all relevant facts or a complete analysis of all relevant issues or authorities.

Internet communications are not assured to be secure or clear of inaccuracies as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. Therefore, we do not accept responsibility for any errors or omissions that are present in this email, or any attachment, that have arisen as a result of e-mail transmission.

**Richard Levin**

**Jenner & Block LLP**
919 Third Avenue, New York, NY 10022-3908  |  [jenner.com](http://jenner.com)
+1 212 891 1601 | TEL
+1 646 468 9700 | MOBILE
[RLevin@jenner.com](mailto:RLevin@jenner.com)
Download V-Card  |  View Biography

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.