**BakerHostetler**

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

July 21, 2021

Jason S. Oliver
direct dial: 212.589.4649
joliver@bakerlaw.com

**VIA ECF**

Hon. Chief Judge Cecelia G. Morris
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

Re:    *Picard v. Mayer et al.*, Adv. Pro. No. 20-01316 (CGM)

Dear Chief Judge Morris:

We are counsel to the Trustee, Irving H. Picard, with respect to the above referenced matter. A hearing is presently scheduled before the Court for July 28, 2021 in connection with defendants Rafael Mayer's, David Mayer's (collectively, the "Mayer Defendants"), and Khronos Liquid Opportunities Fund Ltd.'s ("KLOF") motions to dismiss the Trustee's complaint. In light of the impending decision from the Second Circuit in *Picard* v. *Legacy Capital Ltd.*, No. 20-1334 (2d Cir.) (the "Legacy Capital Appeal"), the Trustee has reached an agreement with defendants Prince Resources LDC ("Prince Resources") and Prince Capital Partners LLC ("Prince Capital") whereby these defendants are withdrawing their motion to dismiss without prejudice pending the appellate decision.

The Trustee sought a parallel agreement with counsel for the remaining defendants; however, they declined to consent to a stay. Pursuant to Your Honor's individual rules of practice, the Trustee requests an adjournment of the July 28, 2021 hearing until the September 15, 2021 omnibus hearing date. Defendants have advised the Trustee that they oppose this request. The Trustee requests that defendants submit their response by Monday at 12pm, in light of Wednesday's scheduled hearing. The Trustee is prepared to go forward with oral argument on the pending motions but further writes to seek the Court's guidance on whether the Court prefers to hold a conference on the issue of a stay pending the Legacy Capital Appeal.

The Trustee previously commenced an adversary proceeding against Legacy Capital Ltd. ("Legacy Capital") and Khronos LLC ("Khronos"). In 2016, the Bankruptcy Court dismissed Khronos from the Legacy Adversary Proceeding and dismissed all claims against Legacy Capital, except those seeking to avoid and recover fictitious profits transferred to or for the

Hon. Chief Judge Cecelia G. Morris
July 21, 2021
Page 2

benefit of Legacy Capital, because the Court found that the Trustee did not plead the second prong of willful blindness under the District Court's good faith standard. In November 2019, a judgment of $79,125,781 (representing only the fictitious profits) was entered against Legacy Capital. *Picard v. Legacy Capital Ltd. (In re BLMIS)*, Adv. Pro. No. 10-05286 (SMB) (Bankr. S.D.N.Y.) (the "Legacy Adversary Proceeding"). In December 2019, the Trustee appealed directly to the Second Circuit Judge Bernstein's prior ruling challenging (i) the District Court's and this Court's interpretation of the "good faith" standard; (ii) the burden to plead a transferee's lack of good faith; and (iii) whether the dismissed Legacy Capital complaint adequately pleaded that defendant was willfully blind to Madoff's Ponzi scheme. Briefing of those appeals was completed and oral argument was held on March 12, 2021. Based on the Trustee's prior experience with appellate review, a decision is expected either later in the summer or early fall, 2021.

On November 8, 2020, the Trustee sought to enter a tolling agreement with the defendants given the pending Legacy Capital Appeal. The defendants declined, and on November 11, 2020, the Trustee filed the instant complaint (the "Complaint") seeking to recover approximately $49,505,850 in subsequent transfers of BLMIS customer property that Legacy Capital transferred to Defendants Montpellier International Ltd. ("Montpellier") and Prince Assets Ltd. ("Prince"), and in turn, to other corporate defendants (collectively, the "Corporate Defendants"). The Trustee commenced this recovery action against the Corporate Defendants and the Mayer Defendants, as alter egos of certain Corporate Defendants that they personally dissolved (the "Dissolved Montpellier and Prince Defendants") prior to the entry of judgment in the Legacy Adversary Proceeding. The Trustee alleged, *inter alia*, that the Mayer Defendants controlled the Corporate Defendants through Khronos, such that they are liable for the transfers as alter egos. The Trustee further incorporated by reference in the Complaint all allegations set forth in the Amended Complaint in the Legacy Adversary Proceeding.

In March 2021, the defendants herein moved to dismiss and as of June 15, 2021, the motions are fully briefed. After considering the briefing and the arguments set forth therein, the Trustee still believes the Legacy Capital Appeal will likely affect the outcome of this adversary proceeding. For example, if this Court were to grant the Mayer Defendants' motions to dismiss, and the Second Circuit accepted the Trustee's arguments in the Legacy Capital Appeal, the Trustee would seek reconsideration of this Court's ruling. And if the Second Circuit affirms the good faith standard as interpreted by the District Court and Judge Bernstein's ruling in the Legacy Adversary Proceeding, and if this Court ultimately denies the Mayer Defendants' motions to dismiss, the Mayer Defendants will undoubtedly seek reconsideration of this Court's decision. Furthermore, the Mayer Defendants admitted that further briefing would be required depending on the outcome of the appeal when they expressly reserved the right to later address the "good faith" pleading standard in their brief. The Second Circuit's rulings may provide important and final guidance on its application to allegations similar to those the Trustee alleges here. Thus, regardless of the outcome of the appeal, further briefing on the impact of the Second Circuit's decision on the viability of the Trustee's claims in this action is foreseeable.

The Trustee's counsel is prepared to go forward on July 28, 2021 with the hearing on the Mayer Defendants' and KLOF's motions. However, given the recent agreement with Prince Resources

Hon. Chief Judge Cecelia G. Morris
July 21, 2021
Page 3

and Prince Capital to withdraw their motion to dismiss pending the Legacy Capital Appeal and the Trustee's similar request made to counsel for the other defendants, the Trustee believes adjournment of the July 28th hearing date is appropriate. Alternatively, the Trustee seeks the Court's guidance concerning whether it would prefer to hold a conference on this issue prior to the hearing date.

We appreciate Your Honor's attention to this matter.

Respectfully submitted,

*/s/ Jason S. Oliver*

Jason S. Oliver

cc:   All Counsel of Record