# EXHIBIT 13

**CHAITMAN LLP**
Helen Davis Chaitman
hchaitman@chaitmanllp.com
465 Park Avenue
New York, New York 10022
Phone & Fax: 888-759-1114

*Attorneys for Defendants*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-1789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and BERNARD L. MADOFF,<br><br>Plaintiff,<br><br>v.<br><br>THE GERALD AND BARBARA KELLER FAMILY TRUST, GERALD E. KELLER, in his capacity as Trustee of the Gerald and Barbara Keller Family Trust, BARBARA KELLER, in her capacity as Trustee of the Gerald and Barbara Keller Family Trust,<br><br>Defendants. | Adv. Pro. No. 10-04539 (SMB) |

## RESPONSES AND OBJECTIONS OF DEFENDANT THE GERALD AND BARBARA KELLER FAMILY TRUST TO TRUSTEE'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Gerald Keller, as Trustee of The Gerald and Barbara Keller Family Trust, ("Responding Party"), by and through his attorneys, and pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Rules 7026 and 7034 of the Federal Rules of Bankruptcy Procedure, and the Local Rules of this Court, hereby responds and objects to the First Set of Requests for Production (the "Requests") of trustee Irving H. Picard (the "Trustee") as follows:

## GENERAL OBJECTIONS

1.     Responding Party objects to each instruction, definition, and Request to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2.     Responding Party objects to each instruction, definition, and Request to the extent it is vague, ambiguous, overly broad and unduly burdensome, or requests the production of documents that are not relevant to any parties' claims or defenses and that are seeking information to which the Trustee is not entitled.

3.     Responding Party objects to the Requests to the extent they request disclosure of (i) legal theories, legal opinions, mental impressions or other information of Responding Parties' counsel, (ii) any information protected by any privilege, including, without limitation, the attorney-client privilege or the privilege afforded to settlements or settlement negotiations, or (iii) any other available and valid grounds for withholding information or documents from production, including, without limitation, the attorney work product doctrine. Nothing contained in these responses should be interpreted as a waiver of any such privilege or doctrine.

4.     Responding Party objects to the Requests to the extent they require production of documents not within the possession, custody, or control of the Responding Party.

5.     Responding Party objects to the Requests to the extent they call for legal conclusions.

6.     Responding Party objects to the Requests to the extent they seek disclosure of proprietary and/or confidential information.

7.     Responding Party objects to each definition, instruction, and Request as overbroad and unduly burdensome to the extent it seeks documents that are readily or more accessible to the Propounding Party from its own files or documents, which the Propounding Party previously produced to the Responding Party.

8.     Responding Party reserves all objections as to the competence, relevance, materiality, admissibility, or privileged status of any information provided in response to these Requests, unless the Responding Party specifically states otherwise.

9.     Responding Party's responses to the Requests are based upon information presently available.  Responding Party has not completed discovery.  Accordingly, these responses are made without prejudice to Responding Party's right to present additional evidence based upon information subsequently obtained or evaluated.

10.     Responding Party expressly reserves the right to supplement, clarify, revise, or correct any responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

11.     Responding Party's response to each of the Requests is made subject to these General Objections and limitations.  Responding Party sets them out here to avoid repeating them in response to each individual Request.  Responding Party's failure to specifically set forth

an objection in response to a particular Request shall not be construed as a waiver of said objection.

12.     Responding Party objects to the Requests to the extent that they seek disclosure of information or production of documents which are outside of the "Applicable Period" or for a time period that has no relevance to the issues in the complaint and answer.

## RESPONSES AND OBJECTIONS

1.     Documents Concerning BLMIS including, without limitation, Documents that refer or relate to meetings with or Concerning BLMIS.

**Response:     Any such documents shall be produced.**

2.     Monthly Account statements.

**Response:     Any such documents shall be produced.**

3.     Documents Concerning any Transfers.

**Response:     Any such documents shall be produced.**

4.     Communications between You and BLMIS Concerning the Account, including Transfers to and from the Account.

**Response:     Any such documents shall be produced.**

5.     Bank and/or brokerage account records, for the Applicable Period, for any accounts, including, but not limited to, accounts held with Citibank, that received Transfers from BLMIS, including monthly statements, cancelled checks, and incoming/outgoing wire transfer records.

**Response:     Responding Party does not dispute the deposits and withdrawals listed on Exhibit B to the Complaint in the period from December 11, 2006 on.  Therefore, the Trustee has no legitimate interest in bank records for this period.  His only reason for**

**demanding bank records for this period is the illegal one of seeking to obtain evidence to frame a complaint against subsequent transferees.**

6.     Documents and Communications sufficient to identify any Transfer, including the amount, date, and recipient of any Transfer.

**Response:     Any such documents from Keller International Publishing LLC shall be produced pursuant to subpoena.  Any such documents from Responding Party shall be produced.  To the extent the Trustee seeks information regarding subsequent transferees, the Trustee has no right to any such document and it is unethical for him to seek this information in order to frame a complaint against subsequent transferees.**

7.     Documents and Communications sufficient to identify any distribution, in whole or in part, of any Transfer from the Account, including the amount, date, and recipient of any such distributions.

**Response:     See response to #6.**

8.     Documents sufficient to identify any money, property, and/or anything else of value provided by the Trust, or any other person on behalf of the Trust to BLMIS and/or Madoff in exchange for any Transfer.

**Response:     See response to #6.**

9.     Documents and Communications Concerning the formation and purpose of the Trust.

**Response:     Such documents are irrelevant to the issues in this case and the Trustee is not entitled to any of such documents.**

10.     Documents supporting the sixteenth affirmative defense in Your Answer to the Complaint, in which You contend that "Defendants are entitled to setoff, recoupment, and/or

equitable adjustment because each year Defendants were required to pay taxes on the fictitious profits reported on, among other things, IRS Form 1099 and other information reported by BLMIS or Madoff to the Internal Revenue Service, state and/or local governmental taxing authorities," including, but not limited to, IRS Form 1099s for each year taxes were paid on reported fictitious profits.

**Response:     Such documents as are required by Magistrate Judge Maas' order shall be produced.**

11.     Documents supporting the twentieth affirmative defense in Your Answer to the Complaint, in which You contend that "Trustee has fraudulently calculated Defendants' liability by charging Defendants with withdrawals that the Trustee has no proof were taken."

**Response:     Any such documents shall be produced.**

12.     Documents supporting the twenty-seventh affirmative defense in Your Answer to the Complaint, in which You contend "Trustee's claims are barred in whole or part for failure to properly credit inter-account transfers, profit withdrawals, and other adjustments."

**Response:     Any such documents shall be produced.**

13.     Documents supporting the twenty-ninth affirmative defense in Your Answer to the Complaint, in which You contend the "Complaint fails to state a claim on which relief can be granted because it fails to sufficiently trace the funds at issue from BLMIS or Madoff to the Defendants."

**Response:     Any such documents shall be produced.**

14.      Documents supporting the thirty-seventh affirmative defense in Your Answer to the Complaint, in. which You contend "the withdrawals that the Trustee seeks to recover were legally compelled under State and federal securities laws."

**Response:       Any such documents shall be produced.**

15.      Documents supporting the forty-sixth affirmative defense in Your Answer to the Complaint, in which You contend the Trustee's claims are barred in whole or part for failure to properly credit Defendants with all of Defendants' deposits."

**Response:       Any such documents shall be produced.**

16.      Documents You intend to rely upon in connection with the defense of the claims asserted in the Complaint.

**Response:       Any such documents shall be produced.**

17.      Documents not already produced in response to any of the above supporting any denials of fact or affirmative defenses asserted in Your answer to the Complaint.

**Response:       Any such documents shall be produced.**

18.    Documents Concerning the Account.

**Response:       Any such documents shall be produced.**

19.    Documents Concerning any Transfers.

**Response:       Any such documents shall be produced.**

20.      Documents Concerning any money received that the Trust understood, believed, or suspected came from the Account.

**Response:       The Trustee has no right to any such document and he is seeking this information for the unethical purpose of seeking to frame a complaint against subsequent transferees.**

21.      Documents Concerning any deposits into the Account.

**Response:       Any such documents shall be produced.**

22.      Documents Concerning any withdrawals from the Account.

**Response:      Any such documents shall be produced.**

23.    Documents Concerning the Trust's use, disbursement, and/or distribution to any Person or entity, of any portion of any Transfer.

**Response:      See answer to #20.**

24.     Documents Concerning the Account or this Adversary Proceeding that You received from any other Person or entity, whether received by You in response to a subpoena or otherwise.

**Response:      Any such documents shall be produced.**

25.     Documents Concerning the Account that are maintained by any Person or entity, including, but not limited to, Citibank and Keller International Publishing Corporation, as an individual and/or entity with knowledge, or by any other Person or entity that may have discoverable information.

**Response:      Any such documents regarding Keller International Publishing LLC shall be produced pursuant to subpoena.  To the extent the Trustee seeks such documents to frame a claim against a subsequent transferee, the Trustee is not entitled to the documents.**

26.     Documents sufficient to Identify any refund(s) requested or received by You or any other person on behalf of the Trust of any state or federal taxes paid in connection with the Account.

**Response:      Such documents as are required by Magistrate Judge Maas' order shall be produced.**

27.    Documents Concerning distributions made by the Trust.

**Response:    See answer to #20.    Any such distributions were made by Keller International Publishing LLC and are not discoverable.**

28.    Documents Concerning the Trust, including any amendments thereto.

**Response:    Such documents are irrelevant to the issues in this case and the Trustee is not entitled to any of such documents.**

29.    Documents sufficient to show all former and current trustees of the Trust.

**Response:    See answer to #28.    The Trustees of the Trust are named as defendants:  Gerald Keller and Barbara Keller.**

30.    Documents sufficient to show all former and current beneficiaries under the Trust.

**Response:    The Trustee has no right to any such document and it is unethical for him to seek this information in order to frame a complaint against subsequent transferees.**

31.     Documents, including but not limited to books and records, reflecting the Trust's accounting and any distributions the Trust made to any Person or entity.

**Response:    See response to #30.**

32.    Documents reflecting any change in name, structure, management, or status of the Trust.

**Response:    Such documents are irrelevant to the issues in this case and the Trustee is not entitled to any of such documents.**

33.    Documents sufficient to show all general and limited, former and current, trustees of the Trust

**Response:    Any such documents shall be produced.**

34.     For the period December 11, 2008 through the present, produce any written directives to any third party Concerning the preservation of Documents and records relevant to any claims and/or defenses in this Adversary Proceeding.

**Response:     There are no such documents of which Responding Party is aware except subpoenas served by the Trustee.**

35.     Documents identified, reviewed, prepared, or consulted  in  responding  to discovery in this Adversary Proceeding.

**Response:     Any such documents shall be produced.**

June 6, 2017

**CHAITMAN LLP**
By: /s/ *Helen Davis Chaitman*
465 Park Avenue
New York, New York 10022
Phone & Fax: 888-759-1114
hchaitman@chaitmanllp.com

*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and accurate copy of the foregoing was served this 16th day of June, 2017 by electronic and USPS first class mail upon the following:

Baker & Hostetler LLP
45 Rockefeller Plaza
New York, NY 10111
Telephone: 212-589-4200
Facsimile: 212-589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com

Of Counsel:

Baker & Hostetler LLP
811 Main, Suite 1100
Houston, Texas 77002
Telephone: (713) 751-1600
Facsimile: (713) 751-1717
Dean D. Hunt
Email: dhunt@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

**CHAITMAN LLP**
By: /s/ *Helen Davis Chaitman*
465 Park Avenue
New York, New York 10022
Phone & Fax: 888-759-1114
hchaitman@chaitmanllp.com

*Attorneys for Defendants*

**CHAITMAN LLP**
Helen Davis Chaitman
hchaitman@chaitmanllp.com
465 Park Avenue
New York, New York 10022
Phone & Fax: 888-759-1114

*Attorneys for Defendants*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                    Plaintiff-Applicant,<br><br>          v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                    Defendant. | Adv. Pro. No. 08-1789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>                    Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and BERNARD L. MADOFF,<br><br>                    Plaintiff,<br><br>          v.<br><br>THE GERALD AND BARBARA KELLER FAMILY TRUST, GERALD E. KELLER, in his capacity as Trustee of the Gerald and Barbara Keller Family Trust, BARBARA KELLER, in her capacity as Trustee of the Gerald and Barbara Keller Family Trust,<br><br>                    Defendants. | Adv. Pro. No. 10-04539 (SMB) |

**RESPONSES AND OBJECTIONS OF DEFENDANT GERALD E. KELLER TO
TRUSTEE'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Gerald E. Keller, ("Responding Party")in his capacity as Trustee of the Gerald and Barbara Keller Family Trust, by and through his attorneys, and pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Rules 7026 and 7034 of the Federal Rules of Bankruptcy Procedure, and the Local Rules of this Court, hereby responds and objects to the First Set of Requests for Production (the "Requests") of trustee Irving H. Picard (the "Trustee") as follows:

**GENERAL OBJECTIONS**

1.      Responding Party objects to each instruction, definition, and Request to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2.      Responding Party objects to each instruction, definition, and Request to the extent it is vague, ambiguous, overly broad and unduly burdensome, or requests the production of documents that are not relevant to any parties' claims or defenses and that are seeking information to which the Trustee is not entitled.

3.      Responding Party objects to the Requests to the extent they request disclosure of (i) legal theories, legal opinions, mental impressions or other information of Responding Parties' counsel, (ii) any information protected by any privilege, including, without limitation, the attorney-client privilege or the privilege afforded to settlements or settlement negotiations, or (iii) any other available and valid grounds for withholding information or documents from production, including, without limitation, the attorney work product doctrine.  Nothing contained in these responses should be interpreted as a waiver of any such privilege or doctrine.

{00031109 1 }                                    2

4.      Responding Party objects to the Requests to the extent they require production of documents not within the possession, custody, or control of the Responding Party.

5.      Responding Party objects to the Requests to the extent they call for legal conclusions.

6.      Responding Party objects to the Requests to the extent they seek disclosure of proprietary and/or confidential information.

7.      Responding Party objects to each definition, instruction, and Request as overbroad and unduly burdensome to the extent it seeks documents that are readily or more accessible to the Propounding Party from its own files or documents, which the Propounding Party previously produced to the Responding Party.

8.      Responding Party reserves all objections as to the competence, relevance, materiality, admissibility, or privileged status of any information provided in response to these Requests, unless the Responding Party specifically states otherwise.

9.      Responding Party's responses to the Requests are based upon information presently available.  Responding Party has not completed discovery.  Accordingly, these responses are made without prejudice to Responding Party's right to present additional evidence based upon information subsequently obtained or evaluated.

10.     Responding Party expressly reserves the right to supplement, clarify, revise, or correct any responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

11.     Responding Party's response to each of the Requests is made subject to these General Objections and limitations.  Responding Party sets them out here to avoid repeating them in response to each individual Request.  Responding Party's failure to specifically set forth

an objection in response to a particular Request shall not be construed as a waiver of said objection.

12.    Responding Party objects to the Requests to the extent that they seek disclosure of information or production of documents which are outside of the "Applicable Period" or for a time period that has no relevance to the issues in the complaint and answer.

## RESPONSES AND OBJECTIONS

1.    Documents Concerning BLMIS including, without limitation, Documents that refer or relate to meetings with or Concerning BLMIS.

**Response:    Any such documents shall be produced.**

2.    Monthly Account statements.

**Response:    Any such documents shall be produced.**

3.    Documents Concerning any Transfers.

**Response:    Any such documents shall be produced.**

4.    Communications between You and BLMIS Concerning the Account, including Transfers to and from the Account.

**Response:    Any such documents shall be produced.**

5.    Bank and/or brokerage account records, for the Applicable Period, for any accounts, including, but not limited to, accounts held with Citibank, that received Transfers from BLMIS, including monthly statements, cancelled checks, and incoming/outgoing wire transfer records.

**Response:    Responding Party does not dispute the deposits and withdrawals listed on Exhibit B to the Complaint in the period from December 11, 2006 on.  Therefore, the Trustee has no legitimate interest in bank records for this period.  His only reason for**

**demanding bank records for this period is the illegal one of seeking to obtain evidence to frame a complaint against subsequent transferees.**

6.    Documents and Communications sufficient to identify any Transfer, including the amount, date, and recipient of any Transfer.

**Response:    Any such documents from Keller International Publishing LLC shall be produced pursuant to subpoena.  To the extent the Trustee seeks information regarding subsequent transferees, the Trustee has no right to any such document and it is unethical for him to seek this information in order to frame a complaint against subsequent transferees.**

7.     Documents and Communications sufficient to identify any distribution, in whole or in part, of any Transfer from the Account, including the amount, date, and recipient of any such distributions.

**Response:    See response to #6.**

8.     Documents sufficient to identify any money, property, and/or anything else of value provided by the Trust, or any other person on behalf of the Trust to BLMIS and/or Madoff in exchange for any Transfer.

**Response:    See response to #6.**

9.    Documents and Communications Concerning the formation and purpose of the Trust.

**Response:    Such documents are irrelevant to the issues in this case and the Trustee is not entitled to any of such documents.**

10.    Documents supporting the sixteenth affirmative defense in Your Answer to the Complaint, in which You contend that "Defendants are entitled to setoff, recoupment, and/or

equitable adjustment because each year Defendants were required to pay taxes on the fictitious profits reported on, among other things, IRS Form 1099 and other information reported by BLMIS or Madoff to the Internal Revenue Service, state and/or local governmental taxing authorities," including, but not limited to, IRS Form 1099s for each year taxes were paid on reported fictitious profits.

**Response:    Such documents as are required by Magistrate Judge Maas' order shall be produced.**

11.    Documents supporting the twentieth affirmative defense in Your Answer to the Complaint, in which You contend that "Trustee has fraudulently calculated Defendants' liability by charging Defendants with withdrawals that the Trustee has no proof were taken."

**Response:    Any such documents shall be produced.**

12.    Documents supporting the twenty-seventh affirmative defense in Your Answer to the Complaint, in which You contend "Trustee's claims are barred in whole or part for failure to properly credit inter-account transfers, profit withdrawals, and other adjustments."

**Response:    Any such documents shall be produced.**

13.    Documents supporting the twenty-ninth affirmative defense in Your Answer to the Complaint, in which You contend the "Complaint fails to state a claim on which relief can be granted because it fails to sufficiently trace the funds at issue from BLMIS or Madoff to the Defendants."

**Response:    Any such documents shall be produced.**

14.    Documents supporting the thirty-seventh affirmative defense in Your Answer to the Complaint, in. which You contend "the withdrawals that the Trustee seeks to recover were legally compelled under State and federal securities laws."

**Response:**    **Any such documents shall be produced.**

15.    Documents supporting the forty-sixth affirmative defense in Your Answer to the Complaint, in which You contend the Trustee's claims are barred in whole or part for failure to properly credit Defendants with all of Defendants' deposits."

**Response:**    **Any such documents shall be produced.**

16.    Documents You intend to rely upon in connection with the defense of the claims asserted in the Complaint.

**Response:**    **Any such documents shall be produced.**

17.    Documents not already produced in response to any of the above supporting any denials of fact or affirmative defenses asserted in Your answer to the Complaint.

**Response:**    **Any such documents shall be produced.**

18.    Documents Concerning the Account.

**Response:**    **Any such documents shall be produced.**

19.    Documents Concerning any Transfers.

**Response:**    **Any such documents shall be produced.**

20.    Documents Concerning any money received that the Trust understood, believed, or suspected came from the Account.

**Response:**    **The Trustee has no right to any such document and he is seeking this information for the unethical purpose of seeking to frame a complaint against subsequent transferees.**

21.    Documents Concerning any deposits into the Account.

**Response:**    **Any such documents shall be produced.**

22.    Documents Concerning any withdrawals from the Account.

**Response:**    **Any such documents shall be produced.**

23.    Documents Concerning the Trust's use, disbursement, and/or distribution to any Person or entity, of any portion of any Transfer.

**Response:**    **See response to #20.**

24.    Documents Concerning the Account or this Adversary Proceeding that You received from any other Person or entity, whether received by You in response to a subpoena or otherwise.

**Response:**    **Any such documents shall be produced.**

25.    Documents Concerning the Account that are maintained by any Person or entity, including, but not limited to, Citibank and Keller International Publishing Corporation, as an individual and/or entity with knowledge, or by any other Person or entity that may have discoverable information.

**Response:**    **Any such documents regarding Keller International Publishing LLC shall be produced pursuant to subpoena.  To the extent the Trustee seeks such documents to frame a claim against a subsequent transferee, the Trustee is not entitled to the documents.**

26.    Documents sufficient to Identify any refund(s) requested or received by You or any other person on behalf of the Trust of any state or federal taxes paid in connection with the Account.

**Response:**    **Such documents as are required by Magistrate Judge Maas' order shall be produced.**

27.    Documents Concerning distributions made by the Trust.

**Response:      See response to #20. Any such distributions were made by Keller International Publishing LLC and are not discoverable.**

28.     Documents Concerning the Trust, including any amendments thereto.

**Response:      Such documents are irrelevant to the issues in this case and the Trustee is not entitled to any of such documents.**

29.     Documents sufficient to show all former and current trustees of the Trust.

**Response:      See response to #28. The Trustees of the Trust are named as defendants:   Gerald Keller and Barbara Keller.**

30.     Documents sufficient to show all former and current beneficiaries under the Trust.

**Response:      The Trustee has no right to any such document and it is unethical for him to seek this information in order to frame a complaint against subsequent transferees.**

31.      Documents, including but not limited to books and records, reflecting the Trust's accounting and any distributions the Trust made to any Person or entity.

**Response:      See response to #30.**

32.     Documents reflecting any change in name, structure, management, or status of the of the Trust.

**Response:      Such documents are irrelevant to the issues in this case and the Trustee is not entitled to any of such documents.**

33.     Documents sufficient to show all general and limited, former and current, trustees of the Trust

**Response:      Any such documents shall be produced.**

34.     For the period December 11, 2008 through the present, produce any written directives to any third party Concerning the preservation of Documents and records relevant to any claims and/or defenses in this Adversary Proceeding.

**Response:     There are no such documents of which Responding Party is aware except subpoenas served by the Trustee.**

35.     Documents identified, reviewed, prepared, or consulted  in responding  to discovery in this Adversary Proceeding.

**Response:     Any such documents shall be produced.**

June 6, 2017

CHAITMAN LLP
By: /s/ *Helen Davis Chaitman*
465 Park Avenue
New York, New York 10022
Phone & Fax: 888-759-1114
hchaitman@chaitmanllp.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served this 16th day

of June, 2017 by electronic and USPS first class mail upon the following:

Baker & Hostetler LLP
45 Rockefeller Plaza
New York, NY 10111
Telephone: 212-589-4200
Facsimile: 212-589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com

Of Counsel:

Baker & Hostetler LLP
811 Main, Suite 1100
Houston, Texas 77002
Telephone: (713) 751-1600
Facsimile: (713) 751-1717
Dean D. Hunt
Email: dhunt@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the
Substantively Consolidated SIPA Liquidation
of Bernard L. Madoff Investment Securities
LLC and the Estate of Bernard L. Madoff*

**CHAITMAN LLP**
By: /s/ *Helen Davis Chaitman*
465 Park Avenue
New York, New York 10022
Phone & Fax: 888-759-1114
hchaitman@chaitmanllp.com

*Attorneys for Defendants*

**CHAITMAN LLP**
Helen Davis Chaitman
hchaitman@chaitmanllp.com
465 Park Avenue
New York, New York 10022
Phone & Fax: 888-759-1114

*Attorneys for Defendants*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                         Plaintiff-Applicant,<br><br>              v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                         Defendant. | Adv. Pro. No. 08-1789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>                         Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and BERNARD L. MADOFF,<br><br>                         Plaintiff,<br><br>              v.<br><br>THE GERALD AND BARBARA KELLER FAMILY TRUST, GERALD E. KELLER, in his capacity as Trustee of the Gerald and Barbara Keller Family Trust, BARBARA KELLER, in her capacity as Trustee of the Gerald and Barbara Keller Family Trust,<br><br>                         Defendants. | Adv. Pro. No. 10-04539 (SMB) |

## RESPONSES AND OBJECTIONS OF DEFENDANT BARBARA KELLER TO TRUSTEE'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Barbara Keller, ("Responding Party") in her capacity as Trustee of the Gerald and Barbara Keller Family Trust, by and through her attorneys, and pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Rules 7026 and 7034 of the Federal Rules of Bankruptcy Procedure, and the Local Rules of this Court, hereby responds and objects to the First Set of Requests for Production (the "Requests") of trustee Irving H. Picard (the "Trustee") as follows:

## GENERAL OBJECTIONS

1.      Responding Party objects to each instruction, definition, and Request to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2.      Responding Party objects to each instruction, definition, and Request to the extent it is vague, ambiguous, overly broad and unduly burdensome, or requests the production of documents that are not relevant to any parties' claims or defenses and that are seeking information to which the Trustee is not entitled.

3.      Responding Party objects to the Requests to the extent they request disclosure of (i) legal theories, legal opinions, mental impressions or other information of Responding Parties' counsel, (ii) any information protected by any privilege, including, without limitation, the attorney-client privilege or the privilege afforded to settlements or settlement negotiations, or (iii) any other available and valid grounds for withholding information or documents from production, including, without limitation, the attorney work product doctrine.  Nothing contained in these responses should be interpreted as a waiver of any such privilege or doctrine.

4.      Responding Party objects to the Requests to the extent they require production of documents not within the possession, custody, or control of the Responding Party.

5.      Responding Party objects to the Requests to the extent they call for legal conclusions.

6.      Responding Party objects to the Requests to the extent they seek disclosure of proprietary and/or confidential information.

7.      Responding Party objects to each definition, instruction, and Request as overbroad and unduly burdensome to the extent it seeks documents that are readily or more accessible to the Propounding Party from its own files or documents, which the Propounding Party previously produced to the Responding Party.

8.      Responding Party reserves all objections as to the competence, relevance, materiality, admissibility, or privileged status of any information provided in response to these Requests, unless the Responding Party specifically states otherwise.

9.      Responding Party's responses to the Requests are based upon information presently available.   Responding Party has not completed discovery.   Accordingly, these responses are made without prejudice to Responding Party's right to present additional evidence based upon information subsequently obtained or evaluated.

10.      Responding Party expressly reserves the right to supplement, clarify, revise, or correct any responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

11.      Responding Party's response to each of the Requests is made subject to these General Objections and limitations.   Responding Party sets them out here to avoid repeating them in response to each individual Request.   Responding Party's failure to specifically set forth

an objection in response to a particular Request shall not be construed as a waiver of said objection.

12.    Responding Party objects to the Requests to the extent that they seek disclosure of information or production of documents which are outside of the "Applicable Period" or for a time period that has no relevance to the issues in the complaint and answer.

## RESPONSES AND OBJECTIONS

1.    Documents Concerning BLMIS including, without limitation, Documents that refer or relate to meetings with or Concerning BLMIS.

**Response:    Any such documents shall be produced.**

2.    Monthly Account statements.

**Response:    Any such documents shall be produced.**

3.    Documents Concerning any Transfers.

**Response:    Any such documents shall be produced.**

4.    Communications between You and BLMIS Concerning the Account, including Transfers to and from the Account.

**Response:    Any such documents shall be produced.**

5.    Bank and/or brokerage account records, for the Applicable Period, for any accounts, including, but not limited to, accounts held with Citibank, that received Transfers from BLMIS, including monthly statements, cancelled checks, and incoming/outgoing wire transfer records.

**Response:    Responding Party does not dispute the deposits and withdrawals listed on Exhibit B to the Complaint in the period from December 11, 2006 on.  Therefore, the Trustee has no legitimate interest in bank records for this period.  His only reason for**

**demanding bank records for this period is the illegal one of seeking to obtain evidence to
frame a complaint against subsequent transferees.**

6.    Documents and Communications sufficient to identify any Transfer, including the
amount, date, and recipient of any Transfer.

**Response:    Any such documents from Keller International Publishing LLC shall
be produced pursuant to subpoena.    Any such documents from Responding Party shall be
produced.    To the extent the Trustee seeks information regarding subsequent transferees,
the Trustee has no right to any such document and it is unethical for him to seek this
information in order to frame a complaint against subsequent transferees.**

7.    Documents and Communications sufficient to identify any distribution, in whole
or in part, of any Transfer from the Account, including the amount, date, and recipient of any
such distributions.

**Response:    See response to #6.**

8.    Documents sufficient to identify any money, property, and/or anything else of
value provided by You, the Trust, or any other person on behalf of the Trust to BLMIS and/or
Madoff in exchange for any Transfer.

**Response:    See response to #6.**

9.    Documents and Communications Concerning the formation and purpose of the
Trust.

**Response:    Such documents are irrelevant to the issues in this case and the
Trustee is not entitled to any of such documents.**

10.    Documents You contend support any denials of fact or affirmative defenses
asserted in Documents supporting the sixteenth affirmative defense in Your Answer to the

Complaint, in which You contend that "Defendants are entitled to setoff, recoupment, and/or equitable adjustment because each year Defendants were required to pay taxes on the fictitious profits reported on, among other things, IRS Form 1099 and other information reported by BLMIS or Madoff to the Internal Revenue Service, state and/or local governmental taxing authorities," including, but not limited to, IRS Form 1099s for each year taxes were paid on reported fictitious profits.

**Response:    Such documents as are required by Magistrate Judge Maas' order shall be produced.**

11.    Documents supporting the twentieth affirmative defense in Your Answer to the Complaint, in which You contend that "Trustee has fraudulently calculated Defendants' liability by charging Defendants with withdrawals that the Trustee has no proof were taken."

**Response:    Any such documents shall be produced.**

12.    Documents supporting the twenty-seventh affirmative defense in Your Answer to the Complaint, in which You contend "Trustee's claims are barred in whole or part for failure to properly credit inter-account transfers, profit withdrawals, and other adjustments."

**Response:    Any such documents shall be produced.**

13.    Documents supporting the twenty-ninth affirmative defense in Your Answer to the Complaint, in which You contend the "Complaint fails to state a claim on which relief can be granted because it fails to sufficiently trace the funds at issue from BLMIS or Madoff to the Defendants."

**Response:    Any such documents shall be produced.**

14.    Documents supporting the thirty-seventh affirmative defense in Your Answer to the Complaint, in. which You contend "the withdrawals that the Trustee seeks to recover were legally compelled under State and federal securities laws."

**Response:    Any such documents shall be produced.**

15.    Documents supporting the forty-sixth affirmative defense in Your Answer to the Complaint, in which You contend the Trustee's claims are barred in whole or part for failure to properly credit Defendants with all of Defendants' deposits."

**Response:    Any such documents shall be produced.**

16.    Documents You intend to rely upon in connection with the defense of the claims asserted in the Complaint.

**Response:    Any such documents shall be produced.**

17.    Documents not already produced in response to any of the above supporting any denials of fact or affirmative defenses asserted in Your answer to the Complaint.

**Response:    Any such documents shall be produced.**

18.    Documents Concerning the Account.

**Response:    Any such documents shall be produced.**

19.    Documents Concerning any Transfers.

**Response:    Any such documents shall be produced.**

20.    Documents Concerning any money received that the Trust understood, believed, or suspected came from the Account.

**Response:    The Trustee has no right to any such document and he is seeking this information for the unethical purpose of seeking to frame a complaint against subsequent transferees.**

21.    Documents Concerning any deposits into the Account.

**Response:    Any such documents shall be produced.**

22.    Documents Concerning any withdrawals from the Account.

**Response:    Any such documents shall be produced.**

23.    Documents Concerning the Trust's use, disbursement, and/or distribution to any Person or entity, of any portion of any Transfer.

**Response:    See answer to #20.**

24.    Documents Concerning the Account or this Adversary Proceeding that You received from any other Person or entity, whether received by You in response to a subpoena or otherwise.

**Response:    Any such documents shall be produced.**

25.    Documents Concerning the Account that are maintained by any Person or entity, including, but not limited to, Citibank and Keller International Publishing Corporation, as an individual and/or entity with knowledge, or by any other Person or entity that may have discoverable information.

**Response:    Any such documents regarding Keller International Publishing LLC shall be produced pursuant to subpoena. To the extent the Trustee seeks such documents to frame a claim against a subsequent transferee, the Trustee is not entitled to the documents.**

26.    Documents sufficient to Identify any refund(s) requested or received by You or any other person on behalf of the Trust of any state or federal taxes paid in connection with the Account.

**Response:**    **Such documents, as required by Magistrate Judge Maas' order, shall be produced.**

27.    Documents Concerning distributions made by the Trust.

**Response:**    **See answer to #20. Any such distributions were made by Keller International Publishing LLC and are not discoverable.**

28.    Documents Concerning the Trust, including any amendments thereto.

**Response:**    **Such documents are irrelevant to the issues in this case and the Trustee is not entitled to any of such documents.**

29.    Documents sufficient to show all former and current trustees of the Trust.

**Response:**    **See response to #28. The Trustees of the Trust are named as defendants: Gerald Keller and Barbara Keller.**

30.    Documents sufficient to show all former and current beneficiaries under the Trust.

**Response:**    **The Trustee has no right to any such document and it is unethical for him to seek this information in order to frame a complaint against subsequent transferees.**

31.    Documents, including but not limited to books and records, reflecting the Trust's accounting and any distributions the Trust made to any Person or entity.

**Response:**    **See response to #30.**

32.    Documents reflecting any change in name, structure, management, or status of the of the Trust.

**Response:**    **Such documents are irrelevant to the issues in this case and the Trustee is not entitled to any of such documents.**

33.    Documents sufficient to show all general and limited, former and current, trustees of the Trust

**Response:      Any such documents shall be produced.**

34.      For the period December 11, 2008 through the present, produce any written directives to any third party Concerning the preservation of Documents and records relevant to any claims and/or defenses in this Adversary Proceeding.

**Response:      There are no such documents of which Responding Party is aware except subpoenas served by the Trustee.**

35.      Documents identified, reviewed, prepared, or consulted   in   responding   to discovery in this Adversary Proceeding.

**Response:      Any such documents shall be produced.**

June 6, 2017

                                        **CHAITMAN LLP**
                                        By: _/s/ Helen Davis Chaitman_
                                        465 Park Avenue
                                        New York, New York 10022
                                        Phone & Fax: 888-759-1114
                                        hchaitman@chaitmanllp.com

                                        _Attorneys for Defendants_

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served this 16th day of June, 2017 by electronic and USPS first class mail upon the following:

Baker & Hostetler LLP
45 Rockefeller Plaza
New York, NY 10111
Telephone: 212-589-4200
Facsimile: 212-589-4201
David J. Sheehan
Email:  dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com

Of Counsel:

Baker & Hostetler LLP
811 Main, Suite 1100
Houston, Texas 77002
Telephone: (713) 751-1600
Facsimile: (713) 751-1717
Dean D. Hunt
Email: dhunt@bakerlaw.com


*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities*
*LLC and the Estate of Bernard L. Madoff*

                                        **CHAITMAN LLP**
                                        By:  /s/  *Helen Davis Chaitman*
                                        465 Park Avenue
                                        New York, New York 10022
                                        Phone & Fax: 888-759-1114
                                        hchaitman@chaitmanllp.com

                                        *Attorneys for Defendants*