# EXHIBIT 14

**CHAITMAN LLP**
Helen Davis Chaitman
hchaitman@chaitmanllp.com
465 Park Avenue
New York, New York 10022
Phone & Fax: 888-759-1114

*Attorneys for Defendants*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                Plaintiff-Applicant,<br><br>       v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                Defendant. | Adv. Pro. No. 08-1789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>                Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and BERNARD L. MADOFF,<br><br>                Plaintiff,<br><br>       v.<br><br>THE GERALD AND BARBARA KELLER FAMILY TRUST, GERALD E. KELLER, in his capacity as Trustee of the Gerald and Barbara Keller Family Trust, BARBARA KELLER, in her capacity as Trustee of the Gerald and Barbara Keller Family Trust,<br><br>                Defendants. | Adv. Pro. No. 10-04539 (SMB) |

## RESPONSES AND OBJECTIONS OF DEFENDANT THE GERALD AND BARBARA KELLER FAMILY TRUST TO TRUSTEE'S FIRST SET OF INTERROGATORIES

Gerald Keller, as Trustee of the Gerald and Barbara Keller Family Trust, ("Responding Party"), by and through his attorneys, and pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Rules 7026 and 7033 of the Federal Rules of Bankruptcy Procedure, and the Local Rules of this Court, hereby responds and objects to the First Set of Interrogatories (the "Requests") of trustee Irving H. Picard (the "Trustee") as follows:

## GENERAL OBJECTIONS

1.      Responding Party objects to each instruction, definition, and Request to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2.      Responding Party objects to each instruction, definition, and Request to the extent it is vague, ambiguous, overly broad and unduly burdensome, or requests the production of documents that are not relevant to any parties' claims or defenses and that are seeking information to which the Trustee is not entitled.

3.      Responding Party objects to the Requests to the extent they request disclosure of (i) legal theories, legal opinions, mental impressions or other information of Responding Parties' counsel, (ii) any information protected by any privilege, including, without limitation, the attorney-client privilege or the privilege afforded to settlements or settlement negotiations, or (iii) any other available and valid grounds for withholding information or documents from production, including, without limitation, the attorney work product doctrine.  Nothing contained in these responses should be interpreted as a waiver of any such privilege or doctrine.

4.     Responding Party objects to the Requests to the extent they require production of documents not within the possession, custody, or control of the Responding Party.

5.     Responding Party objects to the Requests to the extent they call for legal conclusions.

6.     Responding Party objects to the Requests to the extent they seek disclosure of proprietary and/or confidential information.

7.     Responding Party objects to each definition, instruction, and Request as overbroad and unduly burdensome to the extent it seeks documents that are readily or more accessible to the Propounding Party from its own files or documents, which the Propounding Party previously produced to the Responding Party.

8.     Responding Party reserves all objections as to the competence, relevance, materiality, admissibility, or privileged status of any information provided in response to these Requests, unless the Responding Party specifically states otherwise.

9.     Responding Party's responses to the Requests are based upon information presently available.   Responding Party has not completed discovery.   Accordingly, these responses are made without prejudice to Responding Party's right to present additional evidence based upon information subsequently obtained or evaluated.

10.     Responding Party expressly reserves the right to supplement, clarify, revise, or correct any responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

11.     Responding Party's responses to each of the Requests is made subject to these General Objections and limitations.   Responding Party sets them out here to avoid repeating them in response to each individual Request.   Responding Party's failure to specifically set forth

an objection in response to a particular Request shall not be construed as a waiver of said objection.

12.    Responding Party objects to the Requests to the extent that they seek disclosure of information or production of documents which are outside of the "Applicable Period" or for a time period that has no relevance to the issues in the complaint and answer.

## RESPONSES AND OBJECTIONS

1.    Identify each deposit into the Account.

**ANSWER:   Responding Party is unable to do so.   To the extent that the Trustee has reliable third party documents proving a deposit or withdrawal (such as Madoff's bank records), Responding Party will acknowledge that deposit or withdrawal.   However, as the Trustee has admitted, Madoff's records are permeated with fraud and, therefore, they cannot be relied upon to prove any withdrawals. Moreover, the Trustee has admitted he has no bank records prior to December 1998. Hence, he has no competent evidence of any activity in the account prior to December 1998.**

2.    Identify each withdrawal out of the Account.

**ANSWER:    See answer to #1.**

3.    Identify each Person with knowledge of any Transfer, including, but not limited to, any accountants, bankers or financial planners for You or the Trust, including Citibank, N.A. or the Keller International Publishing Corporation, the circumstances under which each Person obtained such knowledge, and the substance of that Person's knowledge.

**ANSWER:    Gerald E. Keller; Irwin Levine, Annette Bongiorno; Bernard L. Madoff and possibly other Madoff employees.   To the extent this interrogatory seeks**

information about subsequent transferees, the interrogatory is improper and it is unethical for the Trustee to be seeking this information in order to frame a complaint against subsequent transferees. No accountant or banker has any personal knowledge except as to taxes paid on allegedly fictitious profits.  At most, they may have received documents generated by Madoff.

4.    Identify all Trustees of the Trust for the Applicable Period.

**ANSWER:    Gerald E. Keller and Barbara Keller.**

5.    Identify all operative documents for the Trust for the Applicable Period, including, but not limited to, the Declaration of Trust and any amendments thereto.

**ANSWER:    Such information is irrelevant to the issues in this case and the Trustee is not entitled to any of such documents.  To the extent this interrogatory seeks information about subsequent transferees, the interrogatory is improper, seeks information which is irrelevant, and it is unethical for the Trustee to be seeking information necessary to form a complaint against subsequent transferees.**

6.    Identify: (a) each Person or entity that ever received funds withdrawn from the Account, whether directly or indirectly; (b) the amount of money that each such Person or entity received; and (c) the date(s) on which each Person or entity received such money.

**ANSWER:    Responding Party is unable to do so.  To the extent this interrogatory seeks information about subsequent transferees, the interrogatory is improper, seeks information which is irrelevant, and it is unethical for the Trustee to be seeking information necessary to form a complaint against subsequent transferees.**

7.      Identify all Persons who benefited from any Transfer, including, but not limited to, Persons who received or enjoyed the benefit of anything paid for with any funds that were part of any Transfer, and describe how these Persons benefited.

**ANSWER:    Withdrawals    from    the    Account    benefited    Keller    International Publishing LLC  and the taxing authorities.  To the extent the Trustee seeks information about subsequent transferees, it is unethical for him to do so and the information is irrelevant to any of the issues in the case.**

8.      To the extent not already provided in Your responses to the preceding Interrogatories, state how You or the Trust used any money received from the Transfers.

**ANSWER:    Responding Party paid taxes on the reported short-term capital gains in the Account.  To the extent the Trustee seeks information about subsequent transferees, it is unethical for him to do so and the information is irrelevant to any of the issues in the case.**

9.      Identify any and all banks and/or financial institutions where the Trust holds or have held accounts that received Transfers during the Applicable Period, including but not limited to, Citibank, N.A., and for each account, give the account number, the date the account was opened, and the date the account was closed.

**ANSWER:    Responding Party does not dispute the deposits and withdrawals reflected on Exhibit B to the complaint for the period of December 11, 2006 on.  Therefore, the Trustee has no right to any bank information covering this period. To the extent the Trustee seeks information concerning subsequent transfers, the Trustee has no right to any bank information and seeks such information for the improper purpose of taking discovery to frame a complaint against subsequent transferees.**

10.    Identify any instance when You or any Person, on behalf of the Trust, communicated to BLMIS any disagreement with respect to the accuracy of the deposits or withdrawals reflected on the customer statements.

**ANSWER:    Responding Party cannot recall.**

11.    Regarding the sixteenth affirmative defense in Your Answer to the Complaint, describe the factual basis for Your claim that the "Defendants are entitled to setoff, recoupment, and/or equitable adjustment because each year Defendants were required to pay taxes on the fictitious profits reported on, among other things, IRS Form 1099 and other information reported by BLMIS or Madoff to the Internal Revenue Service, state and/or local governmental taxing authorities," including, but not limited to, a) the first two pages of Your personal federal income tax returns; (b) any Schedules Band  D and Forms 6251 and 6801 annexed to those returns; and (c) comparable information from any amended returns that were filed after 2008 to recover capital gains taxes paid, for each year taxes were paid on reported fictitious profits.

**ANSWER:    Responding Party paid taxes based on the allegedly fictitious profits reported by Madoff.**

12.    Regarding the twentieth affirmative defense in Your Answer to the Complaint, describe the factual basis for Your claim that the "Trustee has fraudulently calculated Defendants'  liability by charging Defendants with withdrawals that the Trustee has no proof were taken," including, but not limited to, Identifying the withdrawals You contend are at issue by date and amount.

**ANSWER:    This affirmative defense relates to the Trustee's failure to credit Responding Party with the full amount of the transfers from other Madoff accounts.**

**Responding Party is unable to specifically identify these withdrawals because the Trustee has not provided the documentary evidence relating to the transferor accounts.**

13.    Regarding the twenty-seventh affirmative defense in Your Answer to the Complaint, describe the factual basis for Your claim that the "Trustee's claims are barred in whole or part for failure to properly credit inter-account transfers, profit withdrawals, and other adjustments," including, but not limited to, Identifying the inter-account transfers, profit withdrawals and other adjustments You contend were not properly credited, the amounts You contend should be credited and all Documents supporting Your contention.

**ANSWER:    See answer to #12.  The Trustee has no right to refuse to recognize the face value of every inter-account transfer.**

14.    Regarding the thirty-seventh  affirmative defense  in Your Answer to  the Complaint, describe the factual basis for Your claim that the "withdrawals that the Trustee seeks to recover were legally compelled under State and federal securities laws," including Identifying the withdrawals that You contend were legally compelled by date and amount, the law, statute, regulation or other legal provision under which each was compelled, and all Documents supporting Your contention.

**ANSWER:    See answer to #11.**

15.    Regarding the forty-sixth affirmative defense in Your Answer to the Complaint, describe the factual basis for Your claim that "Trustee's claims are barred in whole or part for failure to properly credit Defendants with all of Defendants' deposits," including Identifying the deposits that You contend were not properly credited by date and amount, the amounts You contend should be credited, and all Documents supporting Your contention.

**ANSWER:    See answer to #12 and #13.**

16.      Identify any Person with knowledge of information relevant to this Adversary Proceeding who may be in possession of any Documents or other information Concerning any Transfers, or deposits, including but not limited to Citibank, N.A. and Keller International Publishing Corporation, and any other banks, financial advisors, accountants, auditors, securities brokers, and/or other financial professionals. For every Person Identified, please provide their name, address, telephone number, the circumstances under which each Person obtained such knowledge and the substance of that Person's knowledge.

**ANSWER:    See answer to #3.**

17.      To the extent not already provided in Your responses to other written discovery, Identify by category, general description, custodian and location, all documents, electronically stored information, and other physical evidence related to the Adversary Proceeding or the Account in Your possession, custody or control.

**ANSWER:    Responding Party has no such documents.**

18.      Identify whether You or any person on behalf of the Trust requested a refund, including but not limited to any theft loss refund, of any state or federal taxes paid in connection with the Account and whether any refund was received. In so doing, provide the date(s) when You, or any Person on behalf of the Trust, applied for the refund(s), received refund(s) and the amount(s) of such refund(s).

**ANSWER:    This information will be provided in accordance with the ruling of Magistrate Judge Maas.**

19.      For the period December 11, 2008 through the present, Identify all actions that You or anyone acting on Your behalf, including counsel, took to Identify Documents and records

relevant to the claims and/or defenses in this Adversary Proceeding, including any such materials in the physical possession of third parties and the date of any such actions Identified.

**ANSWER:    Responding Party cannot respond as to what actions counsel took. Responding Party has no knowledge of the documents relevant to the claims and/or defenses.**

20.    For the period December 11, 2008 through the present, Identify all actions that You or anyone acting on Your behalf or on behalf of the Trust, including counsel, took to preserve Documents and records relevant to the claims and/or defenses in this Adversary Proceeding, including any such materials in the physical possession of third parties and the date of any such actions Identified.

**ANSWER:    Responding Party does not recall what he did or did not do prior to receipt of the first letter from the Trustee requesting that he not dispose of documents. From that date forward Responding Party did not dispose of any documents in his possession.**

June 6, 2017

**CHAITMAN LLP**
By: /s/  *Helen Davis Chaitman*
465 Park Avenue
New York, New York 10022
Phone & Fax: 888-759-1114
hchaitman@chaitmanllp.com

*Attorneys for Defendants*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and BERNARD L. MADOFF, | Adv. Pro. No. 10-04539 (SMB) |
| Plaintiff, | VERIFICATION |
| v. | |
| THE GERALD AND BARBARA KELLER FAMILY TRUST, GERALD E. KELLER, in his capacity as Trustee of the Gerald and Barbara Keller Family Trust, BARBARA KELLER, in her capacity as Trustee of the Gerald and Barbara Keller Family Trust, | |
| Defendants. | |

I, Gerald Keller, declare pursuant to 28 U.S.C. § 1746, that I have read the foregoing interrogatory answers and that the responses contained therein are true and correct to the best of my knowledge, information and belief. I understand that if any of these responses is found to be willfully false, I am subject to punishment.

_June 6_, 2017.

GERALD KELLER, as Trustee of The Gerald and
Barbara Keller Family Trust

{00024013 1 }

11

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and accurate copy of the foregoing was served this 16th day of June, 2017 by electronic and USPS first class mail upon the following:

Baker & Hostetler LLP
45 Rockefeller Plaza
New York, NY 10111
Telephone: 212-589-4200
Facsimile: 212-589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com

Of Counsel:
Baker & Hostetler LLP
811 Main Street, Suite 1100
Houston, Texas 77002-6111
Telephone: 713-751-1600
Facsimile: 713-751-1717
Dean D. Hunt, Esq.
Email: dhunt@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities*
*LLC and the Estate of Bernard L. Madoff*

**CHAITMAN LLP**
By: /s/ *Helen Davis Chaitman*
465 Park Avenue
New York, New York 10022
Phone & Fax: 888-759-1114
hchaitman@chaitmanllp.com

*Attorneys for Defendants*

**CHAITMAN LLP**
Helen Davis Chaitman
hchaitman@chaitmanllp.com
465 Park Avenue
New York, New York 10022
Phone & Fax: 888-759-1114

*Attorneys for Defendants*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-1789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and BERNARD L. MADOFF,<br><br>Plaintiff,<br><br>v.<br><br>THE GERALD AND BARBARA KELLER FAMILY TRUST, GERALD E. KELLER, in his capacity as Trustee of the Gerald and Barbara Keller Family Trust, BARBARA KELLER, in her capacity as Trustee of the Gerald and Barbara Keller Family Trust,<br><br>Defendants. | Adv. Pro. No. 10-04539 (SMB) |

{00031099 1 }

### RESPONSES AND OBJECTIONS OF DEFENDANT  GERALD KELLER TO TRUSTEE'S FIRST SET OF INTERROGATORIES

Gerald Keller in his capacity as Trustee of the Gerald and Barbara Keller Family Trust ("Responding Party"), by and through his attorneys, and pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Rules 7026 and 7033 of the Federal Rules of Bankruptcy Procedure, and the Local Rules of this Court, hereby responds and objects to the First Set of Interrogatories (the "Requests") of trustee Irving H. Picard (the "Trustee") as follows:

### GENERAL OBJECTIONS

1.      Responding Party objects to each instruction, definition, and Request to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2.      Responding Party objects to each instruction, definition, and Request to the extent it is vague, ambiguous, overly broad and unduly burdensome, or requests the production of documents that are not relevant to any parties' claims or defenses and that are seeking information to which the Trustee is not entitled.

3.      Responding Party objects to the Requests to the extent they request disclosure of (i) legal theories, legal opinions, mental impressions or other information of Responding Party's counsel, (ii) any information protected by any privilege, including, without limitation, the attorney-client privilege or the privilege afforded to settlements or settlement negotiations, or (iii) any other available and valid grounds for withholding information or documents from production, including, without limitation, the attorney work product doctrine.  Nothing contained in these responses should be interpreted as a waiver of any such privilege or doctrine.

{00031099 1 }                                    2

4.      Responding Party objects to the Requests to the extent they require production of documents not within the possession, custody, or control of the Responding Party.

5.      Responding Party objects to the Requests to the extent they call for legal conclusions.

6.      Responding Party objects to the Requests to the extent they seek disclosure of proprietary and/or confidential information.

7.      Responding Party objects to each definition, instruction, and Request as overbroad and unduly burdensome to the extent it seeks documents that are readily or more accessible to the Propounding Party from its own files or documents, which the Propounding Party previously produced to the Responding Party.

8.      Responding Party reserves all objections as to the competence, relevance, materiality, admissibility, or privileged status of any information provided in response to these Requests, unless the Responding Party specifically states otherwise.

9.      Responding Party's responses to the Requests are based upon information presently available.   Responding Party has not completed discovery.   Accordingly, these responses are made without prejudice to Responding Party's right to present additional evidence based upon information subsequently obtained or evaluated.

10.     Responding Party expressly reserves the right to supplement, clarify, revise, or correct any responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

11.     Responding Party's responses to each of the Requests is made subject to these General Objections and limitations.   Responding Party sets them out here to avoid repeating them in response to each individual Request.   Responding Party's failure to specifically set forth

an objection in response to a particular Request shall not be construed as a waiver of said objection.

12.    Responding Party objects to the Requests to the extent that they seek disclosure of information or production of documents which are outside of the "Applicable Period" or for a time period that has no relevance to the issues in the complaint and answer.

## RESPONSES AND OBJECTIONS

1.    Identify each deposit into the Account.

**ANSWER:    Responding Party is unable to do so.    To the extent that the Trustee has reliable third party documents proving a deposit or withdrawal (such as Madoff's bank records), Responding Party will acknowledge that deposit or withdrawal.    However, as the Trustee has admitted, Madoff's records are permeated with fraud and, therefore, they cannot be relied upon to prove any withdrawals. Moreover, the Trustee has admitted he has no bank records prior to December 1998. Hence, he has no competent evidence of any activity in the account prior to December 1998.**

2.    Identify each withdrawal out of the Account.

**ANSWER:    See answer to #1.**

3.    Identify each Person with knowledge of any Transfer, including, but not limited to, any accountants, bankers or financial planners for You or the Trust, including Citibank, N.A. or the Keller International Publishing Corporation, the circumstances under which each Person obtained such knowledge, and the substance of that Person's knowledge.

**ANSWER:    Gerald E. Keller; Irwin Levine; Annette Bongiorno; Bernard L. Madoff and possibly other Madoff employees.    To the extent this interrogatory seeks**

**information about subsequent transferees, the interrogatory is improper and it is unethical for the Trustee to be seeking this information in order to frame a complaint against subsequent transferees. No accountant or banker has any personal knowledge except as to taxes paid on allegedly fictitious profits.  At most, they may have received documents generated by Madoff.**

4.      Identify all Trustees of the Trust for the Applicable Period.

**ANSWER:    Gerald E. Keller and Barbara Keller.**

5.       Identify all operative documents for the Trust for the Applicable Period, including, but not limited to, the Declaration of Trust and any amendments thereto.

**ANSWER:    Such information is irrelevant to the issues in this case and the Trustee is not entitled to any of such documents.  To the extent this interrogatory seeks information about subsequent transferees, the interrogatory is improper, seeks information which is irrelevant, and it is unethical for the Trustee to be seeking information necessary to form a complaint against subsequent transferees.**

6.       Identify: (a) each Person or entity that ever received funds withdrawn from the Account, whether directly or indirectly; (b) the amount of money that each such Person or entity received; and (c) the date(s) on which each Person or entity received such money.

**ANSWER:    Responding Party is unable to do so.  To the extent this interrogatory seeks information about subsequent transferees, the interrogatory is improper, seeks information which is irrelevant, and it is unethical for the Trustee to be seeking information necessary to form a complaint against subsequent transferees.**

7.      Identify all Persons who benefited from any Transfer, including, but not limited to, Persons who received or enjoyed the benefit of anything paid for with any funds that were part of any Transfer, and describe how these Persons benefited.

**ANSWER:   Withdrawals from the Account benefited Keller International Publishing LLC and the taxing authorities.   To the extent the Trustee seeks information about subsequent transferees, it is unethical for him to do so and the information is irrelevant to any of the issues in the case.**

8.      To the extent not already provided in Your responses to the preceding Interrogatories, state how You or the Trust used any money received from the Transfers.

**ANSWER:    Responding Party paid taxes on the reported short-term capital gains in the Account.   To the extent the Trustee seeks information about subsequent transferees, it is unethical for him to do so and the information is irrelevant to any of the issues in the case.**

9.       Identify any and all banks and/or financial institutions where You or the Trust hold or have held accounts during the Applicable Period, including but not limited to, Citibank, N.A., and for each account, give the account number, the date the account was opened, and the date the account was closed.

**ANSWER:    Responding Party does not dispute the deposits and withdrawals reflected on Exhibit B to the complaint for the period of December 11, 2006 on.   Therefore, the Trustee has no right to any bank information covering this period. To the extent the Trustee seeks information concerning subsequent transfers, the Trustee has no right to any bank information and seeks such information for the improper purpose of taking discovery to frame a complaint against subsequent transferees.**

10.    Identify any instance when You or any Person, on behalf of the Trust, communicated to BLMIS any disagreement with respect to the accuracy of the deposits or withdrawals reflected on the customer statements.

**ANSWER:    Responding Party cannot recall.**

11.    Regarding the sixteenth affirmative defense in Your Answer to the Complaint, describe the factual basis for Your claim that the "Defendants are entitled to setoff, recoupment, and/or equitable adjustment because each year Defendants were required to pay taxes on the fictitious profits reported on, among other things, IRS Form 1099 and other information reported by BLMIS or Madoff to the Internal Revenue Service, state and/or local governmental taxing authorities," including, but not limited to, a) the first two pages of Your personal federal income tax returns; (b) any Schedules Band  D and Forms 6251 and 6801 annexed to those returns; and (c) comparable information from any amended returns that were filed after 2008 to recover capital gains taxes paid, for each year taxes were paid on reported fictitious profits.

**ANSWER:    Responding Party paid taxes based on the allegedly fictitious profits reported by Madoff.**

12.    Regarding the twentieth affirmative defense in Your Answer to the Complaint, describe the factual basis for Your claim that the "Trustee has fraudulently calculated Defendants'  liability by charging Defendants with withdrawals that the Trustee has no proof were taken," including, but not limited to, Identifying the withdrawals You contend are at issue by date and amount.

**ANSWER:    This affirmative defense relates to the Trustee's failure to credit Responding Party with the full amount of the transfers from other Madoff accounts.**

**Responding Party is unable to specifically identify these withdrawals because the Trustee has not provided the documentary evidence relating to the transferor accounts.**

13.    Regarding the twenty-seventh affirmative defense in Your Answer to the Complaint, describe the factual basis for Your claim that the "Trustee's claims are barred in whole or part for failure to properly credit inter-account transfers, profit withdrawals, and other adjustments," including, but not limited to, Identifying the inter-account transfers, profit withdrawals and other adjustments You contend were not properly credited, the amounts You contend should be credited and all Documents supporting Your contention.

**ANSWER:    See answer to #12.   The Trustee has no right to refuse to recognize the face value of every inter-account transfer.**

14.     Regarding the thirty-seventh  affirmative defense  in Your  Answer  to  the Complaint, describe the factual basis for Your claim that the "withdrawals that the Trustee seeks to recover were legally compelled under State and federal securities laws," including Identifying the withdrawals that You contend were legally compelled by date and amount, the law, statute, regulation or other legal provision under which each was compelled, and all Documents supporting Your contention.

**ANSWER:    See answer to #11.**

15.    Regarding the forty-sixth affirmative defense in Your Answer to the Complaint, describe the factual basis for Your claim that "Trustee's claims are barred in whole or part for failure to properly credit Defendants with all of Defendants' deposits," including Identifying the deposits that You contend were not properly credited by date and amount, the amounts You contend should be credited, and all Documents supporting Your contention.

**ANSWER:    See answer to #12 and #13.**

16.      Identify any Person with knowledge of information relevant to this Adversary Proceeding who may be in possession of any Documents or other information Concerning any Transfers, or deposits, including but not limited to Citibank, N.A. and Keller International Publishing Corporation, and any other banks, financial advisors, accountants, auditors, securities brokers, and/or other financial professionals. For every Person Identified, please provide their name, address, telephone number, the circumstances under which each Person obtained such knowledge and the substance of that Person's knowledge.

**ANSWER:    See answer to #3.**

17.      To the extent not already provided in Your responses to other written discovery, Identify by category, general description, custodian and location, all documents, electronically stored information, and other physical evidence related to the Adversary Proceeding or the Account in Your possession, custody or control.

**ANSWER:    Responding Party has no such documents.**

18.      Identify whether You or any person on behalf of the Trust requested a refund, including but not limited to any theft loss refund, of any state or federal taxes paid in connection with the Account and whether any refund was received. In so doing, provide the date(s) when You, or any Person on behalf of the Trust, applied for the refund(s), received refund(s) and the amount(s) of such refund(s).

**ANSWER:    This information will be provided in accordance with the ruling of Magistrate Judge Maas.**

19.      For the period December 11, 2008 through the present, Identify all actions that You or anyone acting on Your behalf, including counsel, took to Identify Documents and records

relevant to the claims and/or defenses in this Adversary Proceeding, including any such materials in the physical possession of third parties and the date of any such actions Identified.

**ANSWER:    Responding Party cannot respond as to what actions counsel took. Responding Party has no knowledge of the documents relevant to the claims and/or defenses.**

20.    For the period December 11, 2008 through the present, Identify all actions that You or anyone acting on Your behalf or on behalf of the Trust, including counsel, took to preserve Documents and records relevant to the claims and/or defenses in this Adversary Proceeding,  including any such materials in the physical possession of third parties and the date of any such actions Identified.

**ANSWER:    Responding Party does not recall what he did or did not do prior to receipt of the first letter from the Trustee requesting that he not dispose of documents. From that date forward Responding Party did not dispose of any documents in his possession.**

June 6, 2017

**CHAITMAN LLP**
By: /s/  *Helen Davis Chaitman*
465 Park Avenue
New York, New York 10022
Phone & Fax: 888-759-1114
hchaitman@chaitmanllp.com

*Attorneys for Defendants*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and BERNARD L. MADOFF, | Adv. Pro. No. 10-04539 (SMB) |
| Plaintiff, | VERIFICATION |
| v. | |
| THE GERALD AND BARBARA KELLER FAMILY TRUST, GERALD E. KELLER, in his capacity as Trustee of the Gerald and Barbara Keller Family Trust, BARBARA KELLER, in her capacity as Trustee of the Gerald and Barbara Keller Family Trust, | |
| Defendants. | |

I, Gerald Keller, declare pursuant to 28 U.S.C. § 1746, that I have read the foregoing interrogatory answers and that the responses contained therein are true and correct to the best of my knowledge, information and belief. I understand that if any of these responses is found to be willfully false, I am subject to punishment.

_____, 2017.

_____
GERALD KELLER

{00024013 1 }

11

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and accurate copy of the foregoing was served this 16th day

of June, 2017 by electronic and USPS first class mail upon the following:

Baker & Hostetler LLP
45 Rockefeller Plaza
New York, NY 10111
Telephone: 212-589-4200
Facsimile: 212-589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com

Of Counsel:
Baker & Hostetler LLP
811 Main Street, Suite 1100
Houston, Texas 77002-6111
Telephone: 713-751-1600
Facsimile: 713-751-1717
Dean D. Hunt, Esq.
Email: dhunt@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities*
*LLC and the Estate of Bernard L. Madoff*

**CHAITMAN LLP**
By: /s/ *Helen Davis Chaitman*
465 Park Avenue
New York, New York 10022
Phone & Fax: 888-759-1114
hchaitman@chaitmanllp.com

*Attorneys for Defendants*

**CHAITMAN LLP**
Helen Davis Chaitman
hchaitman@chaitmanllp.com
465 Park Avenue
New York, New York 10022
Phone & Fax: 888-759-1114

*Attorneys for Defendants*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>  Plaintiff-Applicant,<br><br>  v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>  Defendant. | Adv. Pro. No. 08-1789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>  Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and BERNARD L. MADOFF,<br><br>  Plaintiff,<br><br>  v.<br><br>THE GERALD AND BARBARA KELLER FAMILY TRUST, GERALD E. KELLER, in his capacity as Trustee of the Gerald and Barbara Keller Family Trust, BARBARA KELLER, in her capacity as Trustee of the Gerald and Barbara Keller Family Trust,<br><br>  Defendants. | Adv. Pro. No. 10-04539 (SMB) |

## RESPONSES AND OBJECTIONS OF DEFENDANT BARBARA KELLER TO TRUSTEE'S FIRST SET OF INTERROGATORIES

Barbara Keller ("Responding Party") in her capacity as Trustee of the Gerald and Barbara Keller Family Trust, by and through her attorneys, and pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Rules 7026 and 7033 of the Federal Rules of Bankruptcy Procedure, and the Local Rules of this Court, hereby responds and objects to the First Set of Interrogatories (the "Requests") of trustee Irving H. Picard (the "Trustee") as follows:

## GENERAL OBJECTIONS

1.    Responding Party objects to each instruction, definition, and Request to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2.    Responding Party objects to each instruction, definition, and Request to the extent it is vague, ambiguous, overly broad and unduly burdensome, or requests the production of documents that are not relevant to any parties' claims or defenses and that are seeking information to which the Trustee is not entitled.

3.    Responding Party objects to the Requests to the extent they request disclosure of (i) legal theories, legal opinions, mental impressions or other information of Responding Parties' counsel, (ii) any information protected by any privilege, including, without limitation, the attorney-client privilege or the privilege afforded to settlements or settlement negotiations, or (iii) any other available and valid grounds for withholding information or documents from production, including, without limitation, the attorney work product doctrine.  Nothing contained in these responses should be interpreted as a waiver of any such privilege or doctrine.

{00031097 1 }                                        2

4.      Responding Party objects to the Requests to the extent they require production of documents not within the possession, custody, or control of the Responding Party.

5.      Responding Party objects to the Requests to the extent they call for legal conclusions.

6.      Responding Party objects to the Requests to the extent they seek disclosure of proprietary and/or confidential information.

7.      Responding Party objects to each definition, instruction, and Request as overbroad and unduly burdensome to the extent it seeks documents that are readily or more accessible to the Propounding Party from its own files or documents, which the Propounding Party previously produced to the Responding Party.

8.      Responding Party reserves all objections as to the competence, relevance, materiality, admissibility, or privileged status of any information provided in response to these Requests, unless the Responding Party specifically states otherwise.

9.      Responding Party's responses to the Requests are based upon information presently available.  Responding Party has not completed discovery.  Accordingly, these responses are made without prejudice to Responding Party's right to present additional evidence based upon information subsequently obtained or evaluated.

10.     Responding Party expressly reserves the right to supplement, clarify, revise, or correct any responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

11.     Responding Party's responses to each of the Requests is made subject to these General Objections and limitations.  Responding Party sets them out here to avoid repeating them in response to each individual Request.  Responding Party's failure to specifically set forth

an objection in response to a particular Request shall not be construed as a waiver of said objection.

12.     Responding Party objects to the Requests to the extent that they seek disclosure of information or production of documents which are outside of the "Applicable Period" or for a time period that has no relevance to the issues in the complaint and answer.

## RESPONSES AND OBJECTIONS

1.     Identify each deposit into the Account.

**ANSWER:   Responding Party is unable to do so.   To the extent that the Trustee has reliable third party documents proving a deposit or withdrawal (such as Madoff's bank records), Responding Party will acknowledge that deposit or withdrawal.   However, as the Trustee has admitted, Madoff's records are permeated with fraud and, therefore, they cannot be relied upon to prove any withdrawals. Moreover, the Trustee has admitted he has no bank records prior to December 1998. Hence, he has no competent evidence of any activity in the account prior to December 1998.**

2.     Identify each withdrawal out of the Account.

**ANSWER:   See answer to #1.**

3.     Identify each Person with knowledge of any Transfer, including, but not limited to, any accountants, bankers or financial planners for You or the Trust, including Citibank, N.A. or the Keller International Publishing Corporation, the circumstances under which each Person obtained such knowledge, and the substance of that Person's knowledge.

**ANSWER:   Gerald E. Keller; Irwin Levine; Annette Bongiorno; Bernard L. Madoff and possibly other Madoff employees.   To the extent this interrogatory seeks**

information about subsequent transferees, the interrogatory is improper and it is unethical for the Trustee to be seeking this information in order to frame a complaint against subsequent transferees. No accountant or banker has any personal knowledge except as to taxes paid on allegedly fictitious profits.  At most, they may have received documents generated by Madoff.

4.      Identify all Trustees of the Trust for the Applicable Period.

**ANSWER:    Gerald E. Keller and Barbara Keller.**

5.       Identify all operative documents for the Trust for the Applicable Period, including, but not limited to, the Declaration of Trust and any amendments thereto.

**ANSWER:    Such information is irrelevant to the issues in this case and the Trustee is not entitled to any of such documents.  To the extent this interrogatory seeks information about subsequent transferees, the interrogatory is improper, seeks information which is irrelevant, and it is unethical for the Trustee to be seeking information necessary to form a complaint against subsequent transferees.**

6.       Identify: (a) each Person or entity that ever received funds withdrawn from the Account, whether directly or indirectly; (b) the amount of money that each such Person or entity received; and (c) the date(s) on which each Person or entity received such money.

**ANSWER:    Responding Party is unable to do so.  To the extent this interrogatory seeks information about subsequent transferees, the interrogatory is improper, seeks information which is irrelevant, and it is unethical for the Trustee to be seeking information necessary to form a complaint against subsequent transferees.**

7.      Identify all Persons who benefited from any Transfer, including, but not limited to, Persons who received or enjoyed the benefit of anything paid for with any funds that were part of any Transfer, and describe how these Persons benefited.

**ANSWER:    Withdrawals from the Account benefited the Keller International Publishing and the taxing authorities.  To the extent the Trustee seeks information about subsequent transferees, it is unethical for him to do so and the information is irrelevant to any of the issues in the case.**

8.      To the extent not already provided in Your responses to the preceding Interrogatories, state how You or the Trust used any money received from the Transfers.

**ANSWER:    Responding Party paid taxes on the reported short-term capital gains in the Account.  To the extent the Trustee seeks information about subsequent transferees, it is unethical for him to do so and the information is irrelevant to any of the issues in the case.**

9.      Identify any and all banks and/or financial institutions where You or the Trust hold or have held accounts during the Applicable Period that received Transfers, including but not limited to, Citibank, N.A., and for each account, give the account number, the date the account was opened, and the date the account was closed.

**ANSWER:    Responding Party does not dispute the deposits and withdrawals reflected on Exhibit B to the complaint for the period of December 11, 2006 on.  Therefore, the Trustee has no right to any bank information covering this period. To the extent the Trustee seeks information concerning subsequent transfers, the Trustee has no right to any bank information and seeks such information for the improper purpose of taking discovery to frame a complaint against subsequent transferees.**

10.     Identify any instance when You or any Person, on behalf of the Trust, communicated to BLMIS any disagreement with respect to the accuracy of the deposits or withdrawals reflected on the customer statements.

**ANSWER:    Responding Party cannot recall.**

11.     Regarding the sixteenth affirmative defense in Your Answer to the Complaint, describe the factual basis for Your claim that the "Defendants are entitled to setoff, recoupment, and/or equitable adjustment because each year Defendants were required to pay taxes on the fictitious profits reported on, among other things, IRS Form 1099 and other information reported by BLMIS or Madoff to the Internal Revenue Service, state and/or local governmental taxing authorities," including, but not limited to, a) the first two pages of Your personal federal income tax returns; (b) any Schedules B and D and Forms 6251 and 6801 annexed to those returns; and (c) comparable information from any amended returns that were filed after 2008 to recover capital gains taxes paid, for each year taxes were paid on reported fictitious profits.

**ANSWER:    Responding Party paid taxes based on the allegedly fictitious profits reported by Madoff.**

12.     Regarding the twentieth affirmative defense in Your Answer to the Complaint, describe the factual basis for Your claim that the "Trustee has fraudulently calculated Defendants' liability by charging Defendants with withdrawals that the Trustee has no proof were taken," including, but not limited to, Identifying the withdrawals You contend are at issue by date and amount.

**ANSWER:    This affirmative defense relates to the Trustee's failure to credit the account with the full amount of the transfers from other Madoff accounts. Responding**

**Party is unable to specifically identify these withdrawals because the Trustee has not provided the documentary evidence relating to the transferor accounts.**

13.      Regarding the twenty-seventh affirmative defense in Your Answer to the Complaint, describe the factual basis for Your claim that the "Trustee's claims are barred in whole or part for failure to properly credit inter-account transfers, profit withdrawals, and other adjustments," including, but not limited to, Identifying the inter-account transfers, profit withdrawals and other adjustments You contend were not properly credited, the amounts You contend should be credited and all Documents supporting Your contention.

**ANSWER:    See answer to #12.  The Trustee has no right to refuse to recognize the face value of every inter-account transfer.**

14.      Regarding the thirty-seventh  affirmative defense  in Your Answer to  the Complaint, describe the factual basis for Your claim that the "withdrawals that the Trustee seeks to recover were legally compelled under State and federal securities laws," including Identifying the withdrawals that You contend were legally compelled by date and amount, the law, statute, regulation or other legal provision under which each was compelled, and all Documents supporting Your contention.

**ANSWER:    See answer to #11.**

15.      Regarding the forty-sixth affirmative defense in Your Answer to the Complaint, describe the factual basis for Your claim that "Trustee's claims are barred in whole or part for failure to properly credit Defendants with all of Defendants' deposits," including Identifying the deposits that You contend were not properly credited by date and amount, the amounts You contend should be credited, and all Documents supporting Your contention.

**ANSWER:    See answer to #12 and #13.**

16.        Identify any Person with knowledge of information relevant to this Adversary Proceeding who may be in possession of any Documents or other information Concerning any Transfers, or deposits, including but not limited to Citibank, N.A. and Keller International Publishing   Corporation, and any other banks, financial advisors, accountants, auditors, securities brokers, and/or other financial  professionals.   For every Person Identified,  please provide their name,  address,  telephone  number, the circumstances  under which  each  Person  obtained  such knowledge and the substance of that Person's  knowledge.

**ANSWER:     See answer to #3.**

17.        To the extent not already provided in Your responses to other written discovery, Identify by category, general description, custodian and location, all documents, electronically stored information, and other physical evidence related to the Adversary Proceeding or the Account in Your possession, custody or control.

**ANSWER:     Responding Party has no such documents.**

18.         Identify whether You or any person on behalf of the Trust requested a refund, including but not limited to any theft loss refund, of any state or federal taxes paid in connection with the Account and whether any refund was received.  In so doing, provide the date(s) when You, or any Person on behalf of the Trust, applied for the refund(s), received refund(s) and the amount(s) of such refund(s).

**ANSWER:     This information will be provided in accordance with the ruling of Magistrate Judge Maas.**

19.        For the period December 11, 2008 through the present, Identify all actions that You or anyone acting on Your behalf, including counsel, took to Identify Documents and records

relevant to the claims and/or defenses in this Adversary Proceeding, including any such materials in the physical possession of third parties and the date of any such actions Identified.

**ANSWER:    Responding Party cannot respond as to what actions counsel took. Responding Party has no knowledge of the documents relevant to the claims and/or defenses.**

20.    For the period December 11, 2008 through the present, Identify all actions that You or anyone acting on Your behalf or on behalf of the Trust, including counsel, took to preserve Documents and records relevant to the claims and/or defenses in this Adversary Proceeding,  including any such materials in the physical possession of third parties and the date of any such actions Identified.

**ANSWER:    Responding Party does not recall what she did or did not do prior to receipt of the first letter from the Trustee requesting that he not dispose of documents. From that date forward Responding Party did not dispose of any documents in her possession.**

June 6, 2017

**CHAITMAN LLP**
By: /s/  *Helen Davis Chaitman*
465 Park Avenue
New York, New York 10022
Phone & Fax: 888-759-1114
hchaitman@chaitmanllp.com

*Attorneys for Defendants*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and BERNARD L. MADOFF, | Adv. Pro. No. 10-04539 (SMB) |
| Plaintiff, | VERIFICATION |
| v. | |
| THE GERALD AND BARBARA KELLER FAMILY TRUST, GERALD E. KELLER, in his capacity as Trustee of the Gerald and Barbara Keller Family Trust, BARBARA KELLER, in her capacity as Trustee of the Gerald and Barbara Keller Family Trust, | |
| Defendants. | |

I, Barbara Keller, declare pursuant to 28 U.S.C. § 1746, that I have read the foregoing interrogatory answers and that the responses contained therein are true and correct to the best of my knowledge, information and belief. I understand that if any of these responses is found to be willfully false, I am subject to punishment.

_____ June 6 , 2017.

_____
BARBARA KELLER

{00024013 1 }

11

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served this 16th day

of June, 2017 by electronic and USPS first class mail upon the following:


Baker & Hostetler LLP
45 Rockefeller Plaza
New York, NY 10111
Telephone: 212-589-4200
Facsimile: 212-589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com

Of Counsel:
Baker & Hostetler LLP
811 Main Street, Suite 1100
Houston, Texas 77002-6111
Telephone: 713-751-1600
Facsimile: 713-751-1717
Dean D. Hunt, Esq.
Email: dhunt@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities*
*LLC and the Estate of Bernard L. Madoff*

**CHAITMAN LLP**
By: /s/ *Helen Davis Chaitman*
465 Park Avenue
New York, New York 10022
Phone & Fax: 888-759-1114
hchaitman@chaitmanllp.com

*Attorneys for Defendants*