**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

Status Conference: September 15, 2021
Time: 10:00 a.m.

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>　　　　　Plaintiff-Applicant,<br><br>　　　　　v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>　　　　　Defendant.<br><br>In re:<br><br>BERNARD L. MADOFF,<br><br>　　　　　Debtor. | Adv. Pro. No. 08-01789 (CGM)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |

**STATUS REPORT ON SIPA LIQUIDATION PROCEEDING**
**AND RELATED ADVERSARY PROCEEDINGS PENDING**
**<u>BEFORE THE HONORABLE CECELIA G. MORRIS</u>**

# TABLE OF CONTENTS

**Page**

I. GOOD FAITH CASES ..................................................................................................... 1

II. SUBSEQUENT TRANSFER CASES ............................................................................. 2

    A. The Stay of Proceedings Following the Comity and Extraterritoriality Appeal ...... 3
    B. The Citibank Decision ................................................................................................ 4
    C. The Remaining Subsequent Transfer Cases ............................................................. 5

TO THE HONORABLE CECELIA G. MORRIS
CHIEF UNITED STATES BANKRUPTCY JUDGE:

Irving H. Picard (the "Trustee"), as trustee for the substantively consolidated liquidation proceeding of Bernard L. Madoff Investment Securities LLC, under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa–*lll*, and the chapter 7 estate of Bernard L. Madoff, respectfully submits this report on the status of the Trustee's "Good Faith" and "Subsequent Transfer" cases noticed for conference on September 15, 2021.

## I.    GOOD FAITH CASES

1.    As of September 10, 2021, there are 44 active Good Faith cases.[1]  The Court has noticed nine of these cases for the September 15 conference.  A complete list of the Good Faith cases is attached Exhibit A.[2]

2.    The Trustee is pleased to report that since appearing before the Court for a status conference on March 17, 2021, the Trustee has resolved 20 Good Faith cases by way of settlement or final judgment.  Recently on July 2, 2021, this Court entered judgment as a matter of law in favor of the Trustee, holding that defendant's legal arguments in opposition to the Trustee's summary judgment motion were previously considered and rejected in prior proceedings and those rulings constitute law of the case.  *See Picard v. Miller*, Adv. Pro. No. 10-04921 (CGM), 2021 WL 2787604 (Bankr. S.D.N.Y. July 2, 2021) (the "*Miller Decision*").  It is the Trustee's position that all remaining Good Faith cases are substantially the same and amenable to disposition as a matter of law pursuant to *Miller Decision* and prior decisions of this Court.

---

[1] For a more detailed discussion of the status of the Good Faith cases, the Trustee refers the Court to: (i) the Status Report on SIPA Liquidation Proceeding and All Related Adversary Proceedings Pending Before the Honorable Cecelia G. Morris, *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, Adv. Pro. No. 08-01789 (CGM) (Bankr. S.D.N.Y. Mar. 16, 2021), ECF No. 20350 (the "Status Report"), at 6-8; and (ii) the Trustee's website (https://www.madofftrustee.com/).

[2] The parties in five of these cases have reached settlements in principle, and the Trustee expects to consummate those settlements over the next few months.

3.  While the Trustee is open to mediation where the parties mutually agree that mediation would be productive, over the next several months, the Trustee expects to file multiple summary judgment motions on a monthly or semi-monthly basis to resolve the remaining Good Faith cases.

## II. SUBSEQUENT TRANSFER CASES

4.  As of September 10, 2021, there are 80 Subsequent Transfer cases,[3] as set forth on the attached Exhibit B, and the Court has noticed 70 of these cases for the September 15 conference.[4]

5.  The Subsequent Transfer cases primarily seek to recover transfers of customer property from BLMIS that defendants received from the "Fairfield Funds" managed by the Fairfield Greenwich Group, the "Tremont Funds" managed by Tremont Partners, Inc., and/or Harley International (Cayman) Limited ("Harley").

6.  All of these cases were affected by the Second Circuit's decision on international comity and extraterritoriality, *see In re Picard*, 917 F.3d 85 (2d Cir. 2019) (the "*Extraterritoriality Decision*"), and/or the Second Circuit's more recent decision on good faith under sections 548(c) and 550(b) in the Trustee's cases against Citibank, N.A. and Legacy Capital Ltd. *See In re Bernard L. Madoff Investment Securities LLC*, Nos. 20-1333 & 20-1334, 2021 WL 3854761 (2d Cir. Aug. 30, 2021) (the "*Citibank Decision*").

---

[3] BakerHostetler is counsel to the Trustee in 66 of these cases. As conflicts counsel, Windels Marx Lane & Mittendorf, LLP represents the Trustee in nine of these cases, and Young Conaway Stargatt & Taylor, LLP represents the Trustee in five of these cases.

[4] For a more detailed discussion of the status of the Subsequent Transfer cases, the Trustee refers the Court to: (i) the Status Report, at 22-25.; and (ii) the Trustee's website (https://www.madofftrustee.com/).

A. **The Stay of Proceedings Following the Comity and Extraterritoriality Appeal**

7. The Bankruptcy Court's opinion on comity and extraterritoriality dismissed the Trustee's claims to recover subsequent transfers from the Fairfield Funds and Harley, but did not dismiss the Trustee's claims to recover subsequent transfers from the Tremont Funds. *See Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Bernard L. Madoff)*, Adv. Pro. No. 08-01789 (CGM), 2016 WL 6900689, at *36 (Bankr. S.D.N.Y. Nov. 22, 2016). Thus, while the Second Circuit extraterritoriality appeal and the Supreme Court *certiorari* litigation were pending, certain of the Trustee's cases to recover transfers from the Tremont Funds moved forward.

8. In one such case, *Picard v. Citibank, N.A.*, Adv. Pro. No. 10-05345 (CGM) (Bankr. S.D.N.Y.), the Trustee moved to amend his pleadings to conform to the good faith standard set forth in *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 516 B.R. 18 (S.D.N.Y. 2014) (the "*Rakoff Decision*"). The Bankruptcy Court denied leave to amend in 2019, and the *Citibank* appeal (heard in tandem with the *Legacy* appeal) to the Second Circuit followed.

9. The Subsequent Transfer cases with claims to recover transfers from the Fairfield Funds and Harley did not return to the Bankruptcy Court until the Supreme Court denied *certiorari* on the *Extraterritoriality Decision* in June 2020. *See HSBC Holdings PLC v. Picard*, 140 S. Ct. 2824 (2020). Upon those cases' return to this Court, the Trustee sought to amend complaints to meet the good faith standard from the *Rakoff Decision* in two cases — *Picard v. Standard Chartered Bank Int'l (Ams.) Ltd.*, Adv. Pro. No. 12-01565 (CGM) (Bankr. S.D.N.Y.) and *Picard v. Royal Bank of Canada*, Adv. Pro. No. 12-01699 (CGM) (Bankr. S.D.N.Y.).

10. In both cases, the Trustee filed motions for leave to amend his complaints, and defendants moved to stay proceedings until the Second Circuit decided the *Citibank* and *Legacy* appeals. The Court granted a stay in both cases, finding a stay would preserve party and judicial

3

economy and reduce the possibility of conflicting or inconsistent decisions. *See, e.g.*, Dec. 16, 2020 Hr'g Tr. at 49:7–12, *Picard v. Standard Chartered Bank Int'l (Ams.) Ltd.*, Adv. Pro. No. 12-01565 (CGM) (Bankr. S.D.N.Y. Dec. 29, 2020), ECF No. 139. The Court noted that a decision from the Second Circuit in *Citibank* and *Legacy* would be binding on controlling questions of law. *Id.* at 48:23–49:4. The Court further noted that if the Second Circuit reverses the *Rakoff Decision*—and the Trustee no longer has to plead around a good faith defense—the Trustee may not need to amend his complaints. *Id.* at 35:18–21. In light of those rulings, the Trustee did not make any further motions to amend complaints in cases involving subsequent transfers.

### B.    The Citibank Decision

11. On August 30, 2021, the Second Circuit issued the *Citibank Decision*, holding that in a SIPA liquidation the good faith defense provided in 11 U.S.C. §§ 548(c) and 550(b) is governed by an inquiry notice standard and that a SIPA trustee does not bear the burden of pleading a transferee's lack of good faith. *Citibank Decision*, 2021 WL 3854761, at *12, *15. The *Citibank Decision* vacated the *Rakoff Decision*, which held that in a SIPA liquidation good faith is governed by a willful blindness standard and that a SIPA trustee bears the burden of pleading the transferee's lack of good faith. *See Rakoff Decision*, 516 B.R. at 23–24. The *Citibank Decision* also vacated decisions by Judge Bernstein applying the *Rakoff Decision* in the Trustee's cases against Citibank and Legacy. *See Picard v. Citibank, N.A.*, 601 B.R. 181 (Bankr. S.D.N.Y. 2019); *Picard v Legacy Cap. Ltd.*, 548 BR 13 (Bankr. S.D.N.Y. 2016).

12. The deadline for the defendants in *Citibank* and *Legacy* to petition the Second Circuit for panel rehearing and/or rehearing *en banc* is Monday, September 13. Whether those defendants choose to do so, and the outcome of that petition, as well as the outcome of any potential

4

motion to the Second Circuit to stay the mandate and any subsequent petition for writ of *certiorari*, will dictate when the *Citibank* and *Legacy* cases may return to this Court.[5]

        **C.**        **The Remaining Subsequent Transfer Cases**

13.    Now that the Second Circuit has issued the *Citibank Decision*, the Subsequent Transfer cases pending in this Court are ready to proceed. Each of the complaints previously filed by the Trustee state a *prima facie* case for recovery under section 550(b) by alleging that BLMIS made transfers of customer property to the Fairfield Funds, the Tremont Funds, and/or Harley in furtherance of Madoff's Ponzi scheme, and that those feeder funds subsequently transferred this customer property to defendants. The Trustee also has pled the "necessary vital statistics—the who, when, and how much" of the transfers at issue. In light of the *Citibank Decision*, the Trustee asserts nothing more is required.

14.    Over the coming month, counsel for the Trustee will separately meet and confer with counsel for each of the subsequent transfer defendants to discuss (1) a date by which defendants will respond to the Trustee's complaints and (2) moving these cases into discovery. In approximately fifteen cases, the Trustee will also seek consent from defendants or leave from the Court to amend the Trustee's previously filed complaints based on information now available to the Trustee. Here, the Trustee will seek to add or correct transfers that defendants received from the various feeder funds, or to add a defendant and/or substitute a new defendant for an old one pursuant to Rule 15 of the Federal Rules of Civil Procedure.

---

[5] The Trustee's cases *Picard v. ABN AMRO Bank N.V.*, Adv. Pro. No. 10-05354 (CGM) (Bankr. S.D.N.Y.), and *Picard v. ABN AMRO Bank (Ireland) Ltd.*, Adv. Pro. No. 10-05355 (CGM) (Bank. S.D.N.Y.) also remain in the Second Circuit. The defendants in these cases have petitioned for leave to appeal directly to the Second Circuit, and October 6, 2020, the Second Circuit deferred a decision on the petitions until after the circuit decided the *Citibank* and *Legacy* appeals. *See In re Bernard L. Madoff Inv. Sec. LLC*, No. 20-1898 (2d Cir. Oct. 6, 2020), ECF No. 48.

15. Subject to the Court's guidance at the September 15 conference, the Trustee intends to submit a supplemental letter to update the Court on the outcome of the Trustee's conferences with defendants' counsel.

| | |
|---|---|
| Dated: September 10, 2021<br>New York, New York | Respectfully submitted,<br><br>/s/ David J. Sheehan<br>**Baker & Hostetler LLP**<br>45 Rockefeller Plaza<br>New York, New York 10111<br>Tel: (212) 589-4200<br>Fax: (212) 589-4201<br>David J. Sheehan<br>Email: dsheehan@bakerlaw.com<br>Nicholas J. Cremona<br>Email: ncremona@bakerlaw.com<br>Seanna R. Brown<br>Email: sbrown@bakerlaw.com<br><br>*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff* |