**CHAITMAN LLP**
Helen Davis Chaitman
hchaitman@chaitmanllp.com
465 Park Avenue
New York, New York 10022
Phone & Fax: 888-759-1114

*Attorneys for Defendants The Gerald and Barbara Keller Family Trust, Gerald E. Keller, in his capacity as Trustee of the Gerald and Barbara Keller Family Trust,*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>    Plaintiff-Applicant,<br><br>  v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>    Defendant. | Adv. Pro. No. 08-01789 (CGM)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>    Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>THE GERALD AND BARBARA KELLER FAMILY TRUST, GERALD E. KELLER, in his capacity as Trustee of the Gerald and Barbara Keller Family Trust,<br><br>    Defendants. | Adv. Pro. No. 10-04539 (CGM) |

{00047273 1}          1

**DECLARATION OF HELEN DAVIS CHAITMAN IN SUPPORT OF DEFENDANTS' CROSS-MOTION TO DISMISS THE COMPLAINT**

Helen Davis Chaitman declares, pursuant to 28 U.S.C. § 1746, that the following is true and correct based upon my personal knowledge:

1. I am an attorney admitted to practice in this Court.

2. Over the past 11 years, my firm has defended more than 80 separate clawback actions.

3. At some point early in the litigations, there was a discussion with Judge Bernstein concerning notification to the Trustee of the death of a defendant. In that discussion, it was agreed that email notification to the Trustee's counsel of the death of a defendant would be sufficient.

4. Thereafter, when I learned of the death of a defendant, I or my assistant, Lourdes Blanco, notified the Trustee's counsel by email. Although three may be others, we have been able to identify 17 examples of such notifications. See the list annexed hereto as Ex. A.

5. In each instance, the Trustee then amended the caption in the case to reflect the death of a defendant. Examples of such changes are annexed hereto as Ex. B.

6. The Trustee argued that, in his deposition, Mr. Keller did not disclose the loans that the Keller Trust made to Keller Publishing.

> During his deposition, Gerald Keller did not mention this agreement with Levine, who not only handled Keller Publishing's finances but also some of Gerald Keller's personal finances. Brown Decl., Ex. 3 (Keller Dep. Tr.) at 22:17–23:8. [T. Br. at 24, n.10].

7. However, the Trustee failed to point out to the Court that the Trustee's counsel did not ask Mr. Keller a single question about the fact that every single withdrawal from Madoff was deposited into Keller Publishing's bank account. Moreover, the Trustee failed to annex a complete copy of the transcript to his papers.

8. On September 3, 2021, I emailed counsel for the Trustee requesting a copy of the transcript. The Trustee's counsel, Marie Carlisle, took six days to respond to my request. Her response, annexed hereto as Ex. C, was that I should purchase a copy of the transcript from the court reporter. Having done so, it is now clear that Ms. Carlisle, who took Mr. Keller's deposition, never asked a single question as to why none of the withdrawals was deposited into a Keller Trust bank account and why every single withdrawal was deposited into a bank account of Keller Publishing. The full transcript of the deposition of Gerald Keller is annexed as Ex. D.

September 13, 2021

   /s/ Helen Davis Chaitman   
   Helen Davis Chaitman

{00047273 1}                                         3