**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | SIPA LIQUIDATION<br><br>No.  08-01789 (CGM)<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor, | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>Plaintiff,<br><br>v.<br><br>LEGACY CAPITAL LTD. and KHRONOS LLC,<br><br>Defendants. | Adv. Pro. No. 10-05286 (CGM) |

**STIPULATION AND ORDER PURSUANT TO RULE 41 OF THE FEDERAL RULES OF CIVIL PROCEDURE AND RULE 7041 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE DISMISSING CLAIMS <u>AGAINST KHRONOS LLC WITH PREJUDICE</u>**

WHEREAS, on December 6, 2010, Irving H. Picard, as trustee ("Trustee") for the liquidation of the business of Bernard L. Madoff Investment Securities LLC under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa-*lll* ("SIPA") and the substantively consolidated estate of Bernard L. Madoff, commenced the above-captioned adversary proceeding (the "Adversary Proceeding") against, among other defendants, Khronos LLC ("Khronos");

WHEREAS, on July 2, 2015, the Trustee filed an amended complaint (the "Amended Complaint") in the Adversary Proceeding (Adv. Dkt. No. 112);

WHEREAS, the Amended Complaint asserted a claim against Khronos pursuant to Section 550(a) of the Bankruptcy Code seeking to recover subsequent transfers in the amount of $6,601,079 (the "Khronos Claims");

WHEREAS, on July 30, 2015, Khronos filed a motion to dismiss the Amended Complaint pursuant to Bankruptcy Rule 7012(b) and Federal Rule of Civil Procedure 12(b)(6) (the "Motion to Dismiss") (Adv. Dkt. No. 120-12);

WHEREAS, on March 14, 2016, the Court issued a Memorandum Decision Regarding Motions to Dismiss the Trustee's Amended Complaint (the "Motion to Dismiss Decision") (Adv. Dkt. No. 134), wherein the Court dismissed the claims asserted against Khronos in the Amended Complaint;

WHEREAS, on April 12, 2016, the Court entered an order (the "Dismissal Order") (Adv. Dkt. No. 137) implementing the Motion to Dismiss Decision and dismissing the Amended Complaint as against Khronos with prejudice;

WHEREAS, on April 23, 2020, the Trustee filed a Notice of Appeal from, inter alia, the Dismissal Order (Adv. Dkt. No. 232);

WHEREAS, on April 23, 2020, the United States Court of Appeals for the Second Circuit granted the Trustee's request, pursuant to 28 U.S.C. § 158(d)(2), for leave to appeal directly to the Second Circuit (2d Cir. Case No. 20-1334, Dkt. No. 1-2);

WHEREAS, on August 30, 2021, the Second Circuit rendered an opinion (the "Opinion") (2d Cir. Case No. 20-1334, Dkt. No. 135), vacating the judgments of the Bankruptcy Court and remanding the Adversary Proceeding for further proceedings consistent with the Second Circuit's Opinion;

NOW THEREFORE, in consideration of the foregoing recital, which is incorporated into this Stipulation, and the covenants and conditions contained therein,

IT IS STIPULATED AND AGREED, by and between the Trustee and Khronos as follows:

1. The Khronos Claims (defined above) are dismissed with prejudice.

2. This Stipulation is without prejudice to any claims the Trustee may have against Khronos other than the Khronos Claims.

3. In exchange for this Stipulation, Khronos shall not petition the Second Circuit for panel rehearing and/or rehearing *en banc* in connection with the Opinion. Khronos further represents that it will not seek a stay from the Second Circuit of the mandate set forth in the Opinion or file any subsequent petition for writ of *certiorari.*

4. This Court shall retain jurisdiction to hear all matters or disputes arising from or related to this Stipulation and Order.

5. This Stipulation and Order may be executed in multiple counterparts, each of which will be deemed an original, and all of which when taken together shall constitute one and the same document.

6. This Stipulation and Order will be effective immediately upon approval by the Court.

7. Each person who executes this Stipulation and Order on behalf of a Party hereto represents that he or she is duly authorized to execute this Stipulation and Order on behalf of such Party.

<table>
</table>

| BAKER & HOSTETLER LLP | BINDER & SCHWARTZ LLP |
|---|---|
| By:   s/ Oren J. Warshavsky<br>    David J. Sheehan<br>    Oren J. Warshavsky<br>    Jason S. Oliver<br>45 Rockefeller Plaza<br>New York, New York  10111<br>Telephone: (212) 589-4200<br>dsheehan@bakerlaw.com<br>owarshavsky@bakerlaw.com<br>joliver@bakerlaw.com | By:   s/ Eric B. Fisher<br>    Eric B. Fisher<br>    Lindsay A. Bush<br>366 Madison Avenue, 6th Floor<br>New York, New York  10017<br>Telephone: (212) 510-7008<br>efisher@binderschwartz.com<br>lbush@binderschwartz.com |
| *Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the estate of Bernard L. Madoff* | *Attorneys for Defendant Khronos LLC* |

**/s/ Cecelia G. Morris**



**Dated: September 13, 2021**
**Poughkeepsie, New York**

_____
**Hon. Cecelia G. Morris**
**Chief U.S. Bankruptcy Judge**

NG-TBO0FS69 4815-7043-5578.1