# EXHIBIT 1

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>    Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES, LLC,<br><br>    Defendant. | Adv. Pro. No. 08-01789 (CGM)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>    Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>    Plaintiff,<br><br>v.<br><br>THE GERALD AND BARBARA KELLER FAMILY TRUST, GERALD E. KELLER, individually and in his capacity as Trustee of the Gerald and Barbara Keller Family Trust, BARBARA KELLER, individually and in her capacity as Trustee of the Gerald and Barbara Keller Family Trust,<br><br>    Defendants. | Adv. Pro. No. 10-04539 (CGM) |

**JUDGMENT**

  **WHEREAS,** Irving H. Picard (the "Trustee") is the trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act ("SIPA"), 15 U.S.C. §§ 78aaa-*lll*, substantively consolidated with the liquidation under chapter 7 of the Bankruptcy Code, 11 U.S.C. §§ 101-1532, of the estate of Bernard L. Madoff ("Madoff"), currently pending in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") as Adv. Pro. No. 08-01789 (CGM);

**WHEREAS**, the Trustee is duly qualified to serve and act on behalf of the consolidated estate of BLMIS and Madoff;

**WHEREAS**, on or about December 1, 2010, the Trustee commenced the above-captioned adversary proceeding (the "Adversary Proceeding") in the Bankruptcy Court, alleging, *inter alia*, that the Gerald and Barbara Keller Family Trust (the "Family Trust"), Gerald Keller, individually and in his capacity as Trustee of the Family Trust, and Barbara Keller, individually and in her capacity as Trustee of the Family Trust, (the "Defendants") received avoidable transfers in an amount aggregating $1,896,148.00 in connection with BLMIS Account No. 1ZB314 within two years of the Filing Date (the "Two-Year Transfers");

**WHEREAS**, on September 30, 2021, the Court dismissed the Family Trust as a defendant and granted the Trustee's Summary Judgment Motion under Federal Rule of Civil Procedure 56(a), *see Picard v. The Gerald and Barbara Keller Family Trust, et al.* (Bankr. S.D.N.Y. Sept. 30, 2021), ECF No. 136 (the "Decision");

**NOW THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED THAT:**

1. As set forth in the Decision, the Court made the following findings and conclusions:[1]

    a. Defendant Family Trust is dismissed as a Defendant in this action;

    b. Madoff operated BLMIS as a Ponzi scheme;

    c. The transfers of $1,896,148.00 to or for the benefit of the Family Trust within two years of December 11, 2008 (the "Two-Year Transfers") consisted of fictitious profits because they were in excess of the principal Defendants' deposited with BLMIS;

---

[1] All capitalized terms are set forth and defined in the Decision.

2

d. The Trustee is entitled to rely on the Ponzi scheme presumption and has demonstrated that the Two-Year Transfers were made with the actual intent to hinder, delay, or defraud creditors within the meaning of 11 U.S.C. §§ 548(a)(1)(A) and 550(a);

e. During the Two-Year Period, BLMIS filtered cash received from customers through the 703 Account through the 509 Account to send fictitious payments to Defendants;

f. The Two-Year Transfers were transfers of an interest of the debtor and the property is "customer property" under SIPA § 78*lll*(4);

g. Monies paid to Defendants from the 509 Account are customer property within the meaning of SIPA § 78*lll*(4) and must be returned to the Trustee pursuant to SIPA § 78fff-2(c)(3);

h. The Trustee's expert reports are admissible;

i. As to Defendants' cross-motion for summary judgment, the Court finds that Defendant Barbara Keller, in her capacity as trustee of the Family Trust, is not dismissed and remains a Defendant in this action;

j. As to Defendants' cross-motion for summary judgment, the Court finds that the Family Trust was the initial transferee of the Two-Year Transfers;

k. As to Defendants' cross-motion for summary judgment, the Court finds that Defendants' mere conduit defense is meritless;

l. As to Defendants' cross-motion for summary judgment, the Court affirms its prior rulings holding that Defendants' contention that Madoff invested IA customers' funds in T-Bills is immaterial;

    m.  As to Defendants' cross-motion for summary judgment, the Court finds that Defendants have abandoned and waived those affirmative defenses asserted by Defendants in their Answer, but not raised here;

    n.  The Trustee is entitled to prejudgment interest from December 1, 2010, the date that the Trustee commenced the Adversary Proceeding, through the date of this Judgment.

2. The Two-Year Transfers are avoided under section 548 of the Bankruptcy Code and recoverable under section 550 of the Bankruptcy Code.

3. The Trustee is awarded prejudgment interest on the Two-Year Transfers pursuant to 28 U.S.C. § 1961(b), at the rate of 4% from December 1, 2010 through October 13, 2021.

4. Judgment is hereby entered in favor of the Trustee to recover from Defendants Gerald Keller, as trustee of the Family Trust, and Barbara Keller, as trustee of the Family Trust, jointly and severally the total amount of $2,720,385.48 (the "Judgment Amount"), representing the sum of:

Account No. 1ZB314 – Gerald and Barbara Keller Family Trust, Gerald Keller, as trustee of the Gerald and Barbara Keller Family Trust, and Barbara Keller, as trustee of the Gerald and Barbara Keller Family Trust

| | | |
|---|---|---|
| a. | Avoidable Transfers | $1,896,148.00 |
| b. | Pre-judgment interest on the Avoidable Transfers at the rate of 4%, from Dec. 1, 2010 through Oct. 13 2021 | $ 824,237.48 |
| | Total: | $2,720,385.48 |

4

5. The Clerk of Court shall enter this Judgment in favor of the Trustee for the Judgment Amount.