**CHAITMAN LLP**
Helen Davis Chaitman
465 Park Avenue
New York, New York 10022
Phone & Fax: 888-759-1114
hchaitman@chaitmanllp.com

*Attorneys for Defendants-Appellants*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Pro. No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro No. 10-04539 (CGM) |
| | Appeal No. 1:21-cv-08678-JPO |
| Plaintiff, | |
| v. | |
| THE GERALD AND BARBARA KELLER FAMILY TRUST, and GERALD E. KELLER, individually and in his capacity as Trustee of the Gerald and Barbara Keller Family Trust, | |
| Defendants. | |

**STATEMENT OF ISSUES TO BE PRESENTED ON APPEAL**

Pursuant to Federal Rule of Bankruptcy Procedure 8009, and in connection with the Notice of Appeal filed on October 13, 2021 (ECF No.: 1), Defendants/Appellants, (collectively, "Defendants"), [1] hereby state the issues to be presented on appeal to the United States District Court for the Southern District of New York of the:

(i) Memorandum Decision of the United States Bankruptcy Court for the Southern District of New York (Hon. Cecelia G. Morris) Granting Summary Judgment in Favor of Trustee and Denying Cross Motion of Summary Judgment by Defendants entered in the above-referenced proceeding on September 30, 2021 (ECF No. 136); and

(ii) Judgment of the United States Bankruptcy Court for the Southern District of New York (Hon. Cecelia G. Morris) entered in the above-referenced proceeding on October 13, 2021 (ECF No. 142).

### STATEMENT OF ISSUES TO BE PRESENTED ON APPEAL

1.     Did the Bankruptcy Court err in failing to follow Judge Furman's March 3, 2021 decision in *Picard v. RAR Entrepreneurial Fund, LLC*, 2021 WL 827195 (S.D.N.Y. Mar. 3, 2021) in granting summary judgment to Plaintiff on Count 1 of the complaint,[2] instead of granting Defendants a trial on whether the transfers at issue were made by Bernard L. Madoff and his sole proprietorship, Bernard L. Madoff Investment Securities, rather than by Bernard L. Madoff Investment Securities LLC (the "LLC"), of which Picard is Trustee?

---

[1] Defendant Barbara Keller, sued in her capacity as co-trustee of the Trust, died in June, 2019. Although notified of the death, Plaintiff /Appellee did not join her estate as a party. See Fed. R. Civ. P. 25 (a).

[2] Count One alleges that each of the transfers made during the relevant period "constitutes a fraudulent transfer avoidable by the [SIPA] Trustee pursuant to section 548(a)(1)(A) of the Bankruptcy Code and recoverable from Defendants pursuant to section 550(a) of the Bankruptcy Code and section 78fff-2(c)(3) of SIPA." See Memorandum Decision at 5, n.3.

2.      Did the Bankruptcy Court err in applying the "Ponzi scheme presumption" to establish intent to defraud on the part of the debtor when that presumption is inconsistent with the unambiguous law that has existed under federal and state fraudulent transfer statutes?

3.      In light of the Bankruptcy Court's decision in *Picard v. Avellino (In re Bernard L. Madoff Inv. Securities LLC)*, No. AP 08-01789 (SMB), 2016WL 6088136, at *3 (Bankr. S.D.N.Y. Oct. 18, 2016), and the District Court Order on which *Avellino*'s holding is based that "[o]nly the Madoff trustee [Alan Nisselson] can recover actual transfers by the sole proprietorship," did the Bankruptcy Court err in denying Defendants' cross-motion for summary judgment and holding that the transfers were made by the LLC?

4.      Did the Bankruptcy Court err in finding that transfers made from bank accounts owned by Madoff and his sole proprietorship constituted "customer property" within the meaning of 11 U.S.C. § 78lll(4) recoverable by the trustee of the LLC when all of the documentary evidence proves that the money transferred to Defendants came from bank accounts owned by Madoff and his sole proprietorship?

5.      Was the holding of the Bankruptcy Court clearly erroneous that Defendants received payments from the LLC when the checks they received were from accounts owned by Bernard L. Madoff individually and there was not a single document suggesting that the LLC owned the bank accounts from which the Defendants were paid?

6.      Where Madoff transferred the legitimate trading business to his sons in January 2001 to insulate them from the fraudulent investment advisory business, did the Bankruptcy Court commit clear error, or make a finding that was clearly erroneous, by holding that the investment advisory business, and the JPMorgan Chase accounts from which the transfers at issue came, were owned by the LLC?

7.      Did the Bankruptcy Court err in holding that Madoff's T-bill purchases are not material evidence of the fact that Madoff purchased T-bills with customer money which he credited to the Defendants' accounts where the Trustee's own expert testified that Madoff used investment advisory customers' money to purchase the T-bills?

8.      Was it error for the Bankruptcy Court to rely upon Madoff's 2006 investment advisory registration filed with the SEC to hold that all of the transfers in the relevant period came from the LLC in view of the facts, *inter alia*, that,  on its face, the filing has indicia of unreliability, Madoff confessed to filing false documents with the SEC, the FOCUS reports filed by the LLC with the SEC did not disclose a single investment advisory customer during the entire period from August 2006, when Madoff filed the registration at issue, through 2008, and every transfer to the Defendants came from the 509 account at JPMorgan Chase which was owned by Madoff through his sole proprietorship?

9.      Did the Bankruptcy Court err in refusing to dismiss the claims against Barbara Keller as co-trustee despite the fact that Mrs. Keller died in 2019, the Plaintiff was notified of her death at the time, and Plaintiff never joined her estate as a defendant?

10.      Did the Bankruptcy Court err in refusing to find that the  Family Trust was a mere conduit for the monies withdrawn from the Family Trust's account with Madoff in view of the undisputed fact that every single withdrawal from Madoff was deposited into an account owned by a separate corporation?

11.      Did the Bankruptcy Court err in holding that the Trustee is entitled to Prejudgment Interest at 4% from the date the complaint was filed in view of the facts that the Trustee has not credited any Madoff customer with interest from 1980 - 2021; the Trustee has not paid interest to any Madoff customer; the Trustee has conceded that the Defendants were innocent victims of

Madoff's fraud; the Trustee did not even serve the complaint until months after it was filed; and the Trustee is indisputably responsible for at least five years delay in the litigation because he asserted five of six claims that were not cognizable and were dismissed by both Judge Rakoff and the Second Circuit?

12.     Are the Trustee's claims barred by the express language of 11 U.S.C. Section 548(c)?

Dated:   October 27, 2021
         New York, New York

**CHAITMAN LLP**

By:    */s/ Helen Davis Chaitman*

Helen Davis Chaitman, Esq.
465 Park Ave.
New York, New York 10022
Telephone: (888) 759-1114
Facsimile: (888) 759-1114
hchaitman@chaitmanllp.com
*Attorneys for Defendants/Appellants*