**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                    Plaintiff,<br><br>                    v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                  Defendant.<br><br>In re:<br><br>BERNARD L. MADOFF,<br><br>                  Debtor. | Adv. Pro. No. 08-01789 (CGM)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |

**FIFTEENTH APPLICATION OF KELLEY, WOLTER & SCOTT, PROFESSIONAL ASSOCIATION AS SPECIAL COUNSEL TO THE TRUSTEE FOR ALLOWANCE OF INTERIM COMPENSATION FOR SERVICES RENDERED**
**FROM APRIL 1, 2021 THROUGH JULY 31, 2021**

Kelley, Wolter & Scott, P.A. (the "Kelley Wolter"), special counsel for Irving H. Picard (the "Trustee"), trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act of 1970, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA"), and Bernard L. Madoff, submits this Application for Interim Allowance of Fees (the "Application") for compensation of legal fees in the amount of $2,000.00 (of which 20% is to be deferred through the conclusion of the liquidation period) for the period from April 1, 2021 through July 31, 2021 (the "Compensation Period"). In support of the Application, Kelley Wolter respectfully submits as follows:

1

## I. BACKGROUND

1. On December 15, 2008, Judge Stanton of the United States District Court for the Southern District of New York, upon application filed on the same date by the Securities Investor Protection Corporation ("SIPC"), entered an order calling for the liquidation of BLMIS in accordance with SIPA and appointing the Trustee as BLMIS's trustee.

2. BLMIS's liquidation proceeding was removed to this Court pursuant to SIPA § 78eee(b)(4), and, pursuant to SIPA § 78fff(b), is being conducted as though it were a case under chapters 1, 3, and 5 and subchapters I and II of chapter 7 of title 11 of the United States Code (the "Bankruptcy Code").

3. Beginning on July 1, 2013, Kelley Wolter has served as special counsel for the Trustee.

4. On September 11, 2013, this Court entered an order approving the Trustee's motion for authority to retain Kelley Wolter as special counsel *nunc pro tunc* to July 1, 2013.

5. The Trustee's motion to retain Kelley Wolter established a fee arrangement pursuant to which Kelley Wolter agreed to a fee reduction in the amount of 10% as well as an additional holdback of fees in the amount of 20%.

## II. SERVICES RENDERED BY KELLEY WOLTER

6. The legal services performed by Kelley Wolter on behalf of the Trustee during the time period covered by this Application are as follows:

7. Kelley Wolter advised the Trustee on issues arising under Minnesota law.

## III. COMPENSATION REQUESTED

8. The Application demonstrates how Kelley Wolter has both added value to the Debtor's estate and has advanced the Debtor's SIPA liquidation proceeding.

2

9. Kelley Wolter has been mindful of the need to avoid undue legal fees in this case and has taken all reasonable steps to provide cost-effective representation while rendering services with the highest degree of skill and professionalism. To that end, Kelley Wolter has staffed this matter leanly and endeavored to eliminate duplication of effort by giving primary responsibility of the case to one partner, Steven E. Wolter.

10. From April 1, 2021 through July 31, 2021, Kelley Wolter provided a total of 4.0 hours of legal services to the Trustee in this case. Prior to the 10% discount, the total amount of fees incurred in this time period was $2,222.24 and the total blended rate for professional services was $555.56/hour. After the 10% discount, the total amount of fees incurred is $2,000.00 and the total blended rate is $500.00/hour. Kelley Wolter has agreed to a further holdback of 20% of its fees in the amount of $400.00 resulting in the present request for compensation in the amount of $1,600.00.

11. A breakdown of the total number of hours performed by each Kelley Wolter timekeeper is provided on **Exhibit A** annexed hereto.

## IV. <u>GENERAL MATTERS</u>

12. All of the professional services for which compensation is requested herein were performed by Kelley Wolter for and on behalf of the Trustee and not on behalf of any other person or entity.

13. No agreement or understanding exists between Kelley Wolter and any other person for sharing compensation received in connection with this case nor has any other person or entity agreed to provide Kelley Wolter with compensation for the legal services described herein.

14. SIPA § 78eee(b)(5)(A) provides in pertinent part that, upon appropriate application and after a hearing, "[t]he court shall grant reasonable compensation for services

rendered and reimbursement for proper costs and expenses incurred . . . by a trustee, and by the attorney for such a trustee." SIPA § 78eee(b)(5)(C) specifically establishes SIPC's role in connection with applications for compensation and the consideration the Court should give to SIPC's recommendation concerning fees, providing as follows:

> In any case in which such allowances are to be paid by SIPC without reasonable expectation of recoupment thereof as provided in this chapter and there is no difference between the amounts requested and the amounts recommended by SIPC, the court shall award the amounts recommended by SIPC. In determining the amount of allowances in all other cases, the court shall give due consideration to the nature, extent, and value of the services rendered, and shall place considerable reliance on the recommendation of SIPC.

SIPA § 78eee(b)(5)(C).

15. To the extent the general estate is insufficient to pay such allowances as an expense of administration, SIPA § 78eee(b)(5)(E) requires SIPC to advance the funds necessary to pay the compensation of Kelley Wolter (*see* SIPA § 78fff-3(b)(2)).

16. The Trustee has determined that, at this time, he has no reasonable expectation that the general estate will be sufficient to make a distribution to general creditors or pay administrative expenses. SIPC has advised the Trustee that it concurs with this determination. Accordingly, any fees and expenses allowed by this Court will be paid from advances by SIPC without any reasonable expectation by SIPC of recoupment thereof.

17. Therefore, with respect to this Application, Kelley Wolter requests that consistent with section 78eee(b)(5)(C) of SIPA, the Court "shall award the amounts recommended by SIPC." *See In re Bell & Beckwith*, 112 B.R. 876 (Bankr. N.D. Ohio 1990). Kelley Wolter expects that SIPC's recommendation in support of the relief sought by this Application will be filed with this Court separately.

**WHEREFORE**, Kelley Wolter respectfully requests that this Court enter an Order:

a. Granting this Application; and

4

b.   Allowing and awarding $2,000.00, of which $1,600.00 is to be paid currently and $400.00 is to be held back through the conclusion of the liquidation period or until further order of the Court, as an interim payment for professional services rendered by Kelley Wolter to the Trustee from April 1, 2021 through July 31, 2021; and

c.   Kelley Wolter such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: November 3, 2021

Kelley, Wolter & Scott, P.A.

By:  *s/ Steven E. Wolter*
Steven E. Wolter
431 South Seventh St., Suite 2530
Minneapolis, MN 55415
Telephone: 612-371-9090
Fax: 612-3710574

5

## EXHIBIT A

## SUMMARY OF INTERIM FEE APPLICATION
## OF THE KELLEY WOLTER FOR SERVICES RENDERED
## FOR THE PERIOD APRIL 1, 2021 THROUGH JULY 31, 2021

|  | **HOURLY RATE** | **TOTAL HOURS BILLED** | **TOTAL COMPENSATION** |
|---|---|---|---|
|  |  |  |  |
| Steven E. Wolter | $555.56 | 4.0 | $2,222.24 |
|  |  |  |  |
| Total: | $555.56 | 4.0 | $2,222.24 |
| Total minus 10% Discount | $500.00 |  | $2,000.00 |
| **Total Net of 20% Holdback:** |  |  | $1,600.00 |