**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                    Plaintiff,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                    Defendant.<br><br>In re:<br><br>BERNARD L. MADOFF,<br><br>                    Debtor. | Adv. Pro. No. 08-01789 (CGM)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |

**FINAL APPLICATION OF SOFFER AVOCATS AS SPECIAL COUNSEL TO THE TRUSTEE FOR ALLOWANCE OF INTERIM COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED FROM APRIL 1, 2021 THROUGH JULY 31, 2021 AND FOR <u>RELEASE OF FEES PREVIOUSLY HELD BACK</u>**

Ron Soffer, together with other members and associates at the law firm of Soffer Avocats ("Soffer"), special counsel for Irving H. Picard (the "Trustee"), trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS" or "Debtor") under the Securities Investor Protection Act of 1970, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA"), and Bernard L. Madoff, submits this Application for interim compensation of legal fees in the amount of $35,322.54, reimbursement of actual and necessary expenses in the amount of $143.50, for the period from April 1, 2021 through July 31, 2021 (the "Compensation Period"). Moreover, because Soffer has ceased to act as special counsel to the Trustee, it seeks release of fees previously held back ("Holdback") in the amount of $2,019.54. In support of the Application, Soffer respectfully submits as follows:

## I. BACKGROUND

1. On December 15, 2008, Judge Stanton of the United States District Court for the Southern District of New York, upon application filed on the same date by the Securities Investor Protection Corporation ("SIPC"), entered an order calling for the liquidation of BLMIS in accordance with SIPA and appointing the Trustee as BLMIS's trustee.

2. BLMIS's liquidation proceeding was removed to this Court pursuant to SIPA § 78eee(b)(4), and, pursuant to SIPA § 78fff(b), is being conducted as though it were a case under chapters 1, 3, and 5 and subchapters I and II of chapter 7 of title 11 of the United States Code.

3. On March 3, 2021, this Court entered an order approving the Trustee's motion to retain Soffer as special counsel to the Trustee in all matters pertaining to the French law.

4. The Trustee's motion to retain Soffer established a fee arrangement pursuant to which Soffer agreed to a fee reduction in the amount of 10%. Soffer also agreed to an additional holdback of fees in the amount of 20%, which will remail in effect until the conclusion of the liquidation period or the completion of Soffer's service to the Trustee.

## II. SERVICES RENDERED BY SOFFER

5. The legal services performed by Soffer on behalf of the Trustee during the time period covered by this Application are as follows:

6. Soffer advised the Trustee regarding various legal issues in France.

## III. COMPENSATION REQUESTED

7. The Application demonstrates how Soffer has both added value to BLMIS's estate and advanced BLMIS's liquidation proceeding.

8. Soffer has been mindful of the need to avoid undue legal fees in this case and has taken all reasonable steps to provide cost-effective representation while rendering services with the highest degree of skill and professionalism. To that end, Soffer endeavored to eliminate

duplication of efforts by giving responsibility for the day-to-day conduct of the case to two attorneys and involving other attorneys only when necessary.

9.  From April, 2021 through July 31, 2021, Soffer provided a total of 54.00 hours of legal services to the Trustee in this case. Prior to the 10% discount, the total amount of fees incurred in this time period was $39,247.26 and the total blended rate for professional services was $726.80/hour. After the 10% discount, the total amount of fees incurred is $35,322.54 and the total blended rate is $654.12/hour.

10. A breakdown of the total number of hours performed by each Soffer timekeeper is provided in **Exhibit A** attached hereto.

11. Soffer seeks reimbursement of out-of-pocket expenses incurred in connection with its representation of the Trustee during the Compensation Period in the amount of $143.50. An itemized list of these expenses is detailed in **Exhibit B** attached hereto.

### IV. RELEASE OF THE HOLDBACK

12. For the prior compensation periods, the amount of the Holdback for Soffer's fees is $2,019.54.

13. Since Soffer will no longer act as special counsel for the Trustee following the determination of this application, Soffer seeks a release of the entire Holdback upon the consent and approval of SIPC.

14. SIPC has advised that it will file a recommendation in support of the fees in this Application and the release of the Holdback in the amount of $2,019.54.

15. Accordingly, the present request for fees, including the release of fees previously held back is $37,342.08.

## V. GENERAL MATTERS

16. All of the professional services for which compensation is requested herein were performed by Soffer for and on behalf of the Trustee, and not on behalf of any other person or entity.

17. No agreement or understanding exists between Soffer and any other person for sharing compensation received in connection with this case, nor has any other person or entity agreed to provide Soffer with compensation for the legal services described herein.

18. SIPA § 78eee(b)(5)(A) provides in pertinent part that, upon appropriate application and after a hearing, "[t]he court shall grant reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred . . . by a trustee, and by the attorney for such a trustee." SIPA § 78eee(b)(5)(C) specifically establishes SIPC's role in connection with applications for compensation and the consideration the Court should give to SIPC's recommendation concerning fees, providing as follows:

> In any case in which such allowances are to be paid by SIPC without reasonable expectation of recoupment thereof as provided in this chapter and there is no difference between the amounts requested and the amounts recommended by SIPC, the court shall award the amounts recommended by SIPC. In determining the amount of allowances in all other cases, the court shall give due consideration to the nature, extent, and value of the services rendered, and shall place considerable reliance on the recommendation of SIPC.

SIPA § 78eee(b)(5)(C).

19. To the extent the general estate is insufficient to pay such allowances as an expense of administration, SIPA § 78eee(b)(5)(E) requires SIPC to advance the funds necessary to pay the compensation of Soffer. *See* SIPA § 78fff-3(b)(2).

20. At this time, the Trustee has determined that he has no reasonable expectation that the general estate will be sufficient to make a distribution to general creditors or pay administrative expenses. SIPC has advised the Trustee that it concurs with this determination.

4

Accordingly, any fees and expenses allowed by this Court will be paid from advances by SIPC without any reasonable expectation by SIPC of recoupment thereof.

21. Therefore, with respect to this Application, Soffer requests that, consistent with SIPA § 78eee(b)(5)(C), the Court "shall award the amounts recommended by SIPC." *See McGraw v. Betz (In re Bell & Beckwith)*, 112 B.R. 876 (Bankr. N.D. Ohio 1990). Soffer expects that SIPC's recommendation in support of the relief sought by this Application will be filed with this Court separately.

**WHEREFORE**, Soffer respectfully requests that this Court enter an Order:

a. Granting this Application; and

b. Allowing and awarding $35,322.54 for professional services rendered by Soffer to the Trustee from April 1, 2021 through July 31, 2021; and

c. Allowing payment to Soffer in the amount of $143.50 for reimbursement of expenses incurred by Soffer from April 1, 2021 through July 31, 2021; and

d. Releasing $2,019.54 to Soffer from the Holdback for prior compensation periods; and

e. Granting Soffer such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: November 3, 2021      SOFFER AVOCATS

By: */s/ Ron Soffer*
Ron Soffer
4 Rue Quentin-Bauchart
75008 Paris, France
Telephone : +33 1 53230200

5

## EXHIBIT A

### SUMMARY OF INTERIM FEE APPLICATION
### OF SOFFER FOR SERVICES RENDERED
### FOR THE PERIOD APRIL 1, 2021 THROUGH JULY 31, 2021

| NAME | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|
| Ron Soffer | $897.87 | 4.40 | $3,950.62 |
| Sabrina Toscani | $722.38 | 33.90 | $24,488.85 |
| Jacques Fourvel | $719.10 | 13.70 | $9,851.71 |
| Soraya Racette | $478.04 | 2.00 | $956.09 |
| | | | |
| Total | $726.80 | 54.00 | $39,247.26 |
| Total Minus 10% Discount | $654.12 | | $35,322.54 |
| Release of the Holdback | | | $2,019.54 |
| **Total Compensation to be Paid** | | | **$37,342.08** |

## EXHIBIT B

**EXPENSE SUMMARY OF SOFFER FOR THE INTERIM PERIOD OF APRIL 1, 2021 THROUGH JULY 31, 2021**

| EXPENSES | AMOUNTS |
|---|---|
| Photocopies | $143.50 |
|  |  |
| **Total Expenses Requested:** | **$143.50** |