**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
Rockefeller Center
1270 Avenue of the Americas
Suite 2210
New York, NY 10020
Telephone: (212) 332-8840
Facsimile: (212) 332-8855
Matthew B. Lunn
Michael S. Neiburg
Justin P. Duda

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (CGM)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, and Bernard L. Madoff<br><br>Plaintiff,<br><br>v.<br><br>KEN-WEN FAMILY LIMITED PARTNERSHIP; KENNETH W. BROWN, in his capacity as a General Partner of the Ken-Wen Family Limited Partnership; and | Adv. Pro. No. 10-04468 (CGM) |

> WENDY BROWN, in her capacity as a General Partner of the Ken-Wen Family Limited Partnership,
>
>        Defendants.

**TRUSTEE'S OBJECTION TO DEFENDANT KENNETH W. BROWN'S MOTION TO COMPEL RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS ADDRESSED TO KEN-WEN LIMITED FAMILY PARTNERSHIP AND WENDY BROWN**

Irving H. Picard, as trustee (the "Trustee") for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC under the Securities Investor Protection Act, 15 U.S.C. §§ 78aa et seq., and the estate of Bernard L. Madoff, submits this objection to the *Motion to Compel Defendants Ken-Wen Family Limited Partnership and Wendy Brown to Respond to First Request for Production of Documents* [Docket No. 172] (the "Motion"). Put simply, the Motion is procedurally improper and frivolous since fact discovery closed in this matter nearly two years ago and the Court previously refused to extend the deadline. *See* Feb. 4, 2020 Hr'g. Tr. [Docket No. 148], 6:11-13; *see also Order Denying Defendant Kenneth W. Brown's Motion to Extend Fact Discovery and Setting Date for Deposition of Defendant Wendy Brown* [Docket No. 147]. Expert discovery has also concluded and mediation among the parties was not successful. *See Mediator's Final Report* [Docket No. 164]. In further support of this objection, the Trustee states as follows:

1. The Thirteenth Case Management Order provides, in relevant part, that fact discovery closed on December 18, 2019. *See* Docket No. 138. On December 18, 2019, counsel for defendant Kenneth Brown emailed the undersigned's firm regarding a motion to extend fact discovery. The Trustee consented to the extension to the extent permitted by the Court. *See* Dec. 30, 2019 Ltr. to the Court [Docket No. 141].

2. Mr. Brown filed a motion to extend fact discovery on December 30, 2019 (the "Motion to Extend"). *See* Docket No. 140. The Court scheduled a hearing on the Motion to Extend for February 4, 2020. *See* Notice of Hearing [Docket No. 142]. The day before the hearing on the Motion to Extend, Mr. Brown filed a motion to compel defendants Ken-Wen Family Limited Partnership ("Ken-Wen") and Wendy Brown to respond to requests for production of documents (the "First Motion to Compel") [Docket No. 146].

3. During the February 4 hearing, which counsel for Mr. Brown failed to attend, the Court denied the Motion to Extend, stating that the fact discovery deadline was not being extended. *See* Feb. 4, 2020 Hr'g. Tr. [Docket No. 148]. The Court memorialized this ruling in its February 5, 2020 Order. *See Order Denying Defendant Kenneth W. Brown's Motion to Extend Fact Discovery and Setting Date for Deposition of Defendant Wendy Brown* [Docket No. 147]. By denying the Motion to Extend, the Court rendered the First Motion to Compel moot. Mr. Brown took no action seeking to further prosecute the First Motion to Compel.

4. Nearly two years after the Court expressly refused to extend fact discovery, Mr. Brown now files the Motion—which is identical to the First Motion to Compel—seeking additional fact discovery from Ken-Wen and Wendy Brown.[1] Given the Court's prior Order refusing to extend fact discovery and that all discovery closed long ago, the Motion is inexplicable and improper. The Motion lacks any justification and the Trustee is therefore entitled to recover the attorneys' fees and costs expended in preparing this objection. *See* Fed. R. Civ. P. 37(a)(5)(B).

---

[1] Since the Court denied the First Motion to Compel, the Trustee reached a settlement agreement with Wendy Brown, agreeing to voluntary dismiss her from this matter with prejudice. *See Stipulation and Order for Voluntary Dismissal of Defendant Wendy Brown with Prejudice* [Docket No. 162].

28766256.1

3

WHEREFORE, for the foregoing reasons, the Court should deny the Motion and award the Trustee his reasonable attorneys' fees and costs in opposing the Motion, along with any other relief the Court finds appropriate.

Dated: November 5, 2021
New York, New York

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Michael S. Neiburg*
Matthew B. Lunn
Michael S. Neiburg (admitted *pro hac vice*)
Justin P. Duda
Rockefeller Center
1270 Avenue of the Americas, Suite 2210
New York, New York 10020
Telephone:  (212) 332-8840
Facsimile: (212) 332-8855
Email:  *mlunn@ycst.com*
    *mneiburg@ycst.com*
    *jduda@ycst.com*

*Attorneys for Plaintiff Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC*