# EXHIBIT 16



**BERNARD L. MADOFF**
**Investment Securities**
885 Third Avenue New York, NY 10022-4834

212 230-2424
800 334-1343
Telex 235130
Fax 212 486-8178

## CUSTOMER AGREEMENT

In consideration for you (the "Broker") opening or maintaining one or more accounts (the "Customer"), the Customer agrees to the terms and conditions contained in this Agreement. The heading of each provision of the Agreement is for descriptive purposes only and shall not be deemed to modify or qualify any of the rights or obligations set forth in each such provision. For purposes of this Agreement, "securities and other property" means, but is not limited to money, securities, financial instruments and commodities of every kind and nature and related contracts and options, except that the provisions of paragraph 13 herein (the arbitration clause) shall not apply to commodities accounts. This definition includes securities or other property currently or hereafter held, carried or maintained by you or by any of your affiliates, in your possession or control, or in the possession or control of any such affiliate, for any purpose, in and for any of my accounts now or hereafter opened, including any account in which I may have an interest.

**1. APPLICABLE RULES AND REGULATIONS**

All transactions in the Customer's Account shall be subject to the constitution, rules, regulations, customs and usages of the exchange or market, and its clearing house, if any, where the transactions are executed by the Broker or its agents, including its subsidiaries and affiliates. Also, where applicable, the transactions shall be subject (a) to the provisions of (1) the Securities Exchange Act of 1934, as amended, and (2) the Commodities Exchange Act, as amended; and (b) to the rules and regulations of (1) the Securities and Exchange Commission, (2) the Board of Governors of the Federal Reserve System and (3) the Commodities Futures Trading Commission.

**2. AGREEMENT CONTAINS ENTIRE UNDERSTANDING/ASSIGNMENT**

This Agreement contains the entire understanding between the Customer and the Broker concerning the subject matter of this Agreement. Customer may not assign The rights and obligations hereunder without first obtaining the prior written consent of the Broker.

**3. SEVERABILITY**

If any provision of this Agreement is held to be invalid, void or unenforceable by reason of any law, rule, administrative order or judicial decision, that determination shall not effect the validity of the remaining provisions of this Agreement.

**4. WAIVER**

Except as specifically permitted in this Agreement, no provision of this Agreement can be, nor be deemed to be, waived, altered, modified or amended unless such is agreed to in a writing signed by the broker.

**5. DELIVERY OF SECURITIES**

Without abrogating any of the Broker's rights under any other portion of this Agreement and subject to any indebtedness of the Customer to the Broker, the Customer is entitled, upon appropriate demand, to receive physical delivery of fully paid securities in the Customer's Account.

**6. SALES BY CUSTOMER**

The Customer understands and agrees any order to sell "short" will be designated as such by the Customer, and that the Broker will mark the order as "short". All other sell orders will be for securities owned ("long"), at that time, by the Customer by placing the order the Customer affirms that he will deliver the securities on or before the settlement date.

Affiliated with:
Madoff Securities International Ltd.
43 London Wall, London England EC2M 5TB 071-374 0891

### 7. BROKER AS AGENT

The customer understands that the Broker is acting as the Customer's agent, unless the Broker notifies the Customer, in writing before the settlement date for the transaction, that the Broker is acting as dealer for its own account or as agent for some other person.

### 8. CONFIRMATIONS AND STATEMENTS

Confirmations of transactions and statements for the Customer's Account(s) shall be binding upon the Customer if the Customer does not object, in writing, within ten days after receipt by the Customer.

### 9. SUCCESSORS

Customer hereby agrees that this Agreement and all the terms thereof shall be binding upon Customer's heirs, executors, administrators, personal representatives and assigns. This Agreement shall enure to the benefit of the Broker's present organization, and any successor organization, irrespective of any change or changes at any time in the personnel thereof, for any cause whatsoever.

### 10. CHOICE OF LAWS

THIS AGREEMENT SHALL BE DEEMED TO HAVE BEEN MADE IN THE STATE OF ___NY___ AND SHALL BE CONSTRUED, AND THE RIGHTS AND LIABILITIES OF THE PARTIES DETERMINED, IN ACCORDANCE WITH THE LAWS OF THE STATE OF ___NY___.

### 11. CAPACITY TO CONTRACT, CUSTOMER AFFILIATION

By signing below, the Customer, represents that he/she is of legal age, and that he/she is not an employee of any exchange, or of any corporation of which any exchange owns a majority of the capital stock, or of a member of any exchange, or of a member firm or member corporation registered on any exchange, or of a bank, trust company, insurance company or of any corporation, firm or individual engaged in the business of dealing, either as broker or as principal, in securities, bills of exchange, acceptances or other forms of commercial paper, and that the Customer will promptly notify the Broker in writing if the Customer is now or becomes so employed. The Customer also represents that no one except the Customer has an interest in the account or accounts of the Customer with you.

### 12. ARBITRATION DISCLOSURES

* ARBITRATION IS FINAL AND BINDING ON THE PARTIES.

* THE PARTIES ARE WAIVING THEIR RIGHT TO SEEK REMEDIES IN COURT, INCLUDING THE RIGHT TO JURY TRIAL.

* PRE-ARBITRATION DISCOVERY IS GENERALLY MORE LIMITED THAN AND DIFFERENT FROM COURT PROCEEDINGS.

* THE ARBITRATORS AWARD IS NOT REQUIRED TO INCLUDE FACTUAL FINDINGS OR LEGAL REASONING AND ANY PARTY'S RIGHT TO APPEAL OR TO SEEK MODIFICATION OF RULINGS BY THE ARBITRATORS IS STRICTLY LIMITED.

* THE PANEL OF ARBITRATORS WILL TYPICALLY INCLUDE A MINORITY OF ARBITRATORS WHO WERE OR ARE AFFILIATED WITH THE SECURITIES INDUSTRY.



**13. ARBITRATION**

THE CUSTOMER AGREES, AND BY CARRYING AN ACCOUNT FOR THE CUSTOMER THE BROKER AGREES THAT ALL CONTROVERSIES WHICH MAY ARISE BETWEEN US CONCERNING ANY TRANSACTION OR THE CONSTRUCTION, PERFORMANCE, OR BREACH OF THIS OR ANY OTHER AGREEMENT BETWEEN US PERTAINING TO SECURITIES AND OTHER PROPERTY, WHETHER ENTERED INTO PRIOR, ON OR SUBSEQUENT TO THE DATE HEREOF, SHALL BE DETERMINED BY ARBITRATION UNDER THIS AGREEMENT SHALL BE CONDUCTED PURSUANT TO THE FEDERAL ARBITRATION ACT AND THE LAWS OF THE STATE DESIGNATED IN PARAGRAPH 10, BEFORE THE AMERICAN ARBITRATION ASSOCIATION, OR BEFORE THE NEW YORK STOCK EXCHANGE, INC. OR AN ARBITRATION FACILITY PROVIDED BY ANY OTHER EXCHANGE OF WHICH THE BROKER IS A MEMBER, OR THE NATIONAL ASSOCIATION OF SECURITIES DEALERS, INC. OR THE MUNICIPAL SECURITIES RULE MAKING BOARD AND IN ACCORDANCE WITH THE RULES OBTAINING OF THE SELECTED ORGANIZATION. THE CUSTOMER MAY ELECT IN THE FIRST INSTANCE WHETHER ARBITRATION SHALL BE BY THE AMERICAN ARBITRATION ASSOCIATION, OR BY AN EXCHANGE OR SELF-REGULATORY ORGANIZATION OF WHICH THE BROKER IS A MEMBER, BUT IF THE CUSTOMER FAILS TO MAKE SUCH ELECTION, BY REGISTERED LETTER OR TELEGRAM ADDRESSED TO THE BROKER AT THE BROKER'S MAIN OFFICE, BEFORE THE EXPIRATION OF TEN DAYS AFTER RECEIPT OF A WRITTEN REQUEST FROM THE BROKER TO MAKE SUCH ELECTION, THEN THE BROKER MAY MAKE SUCH ELECTION, THE AWARD OF THE ARBITRATORS, OR OF THE MAJORITY OF THEM SHALL BE FINAL, AND JUDGMENT UPON THE AWARD RENDERED MAY BE ENTERED IN ANY COURT, STATE OR FEDERAL, HAVING JURISDICTION.

**14. DISCLOSURES TO ISSUERS**

Under rule 14b-1(c) of the Securities Exchange Act of 1934, we are required to disclose to an issuer the name, address, and securities position of our customers who are beneficial owners of that issuer's securities unless the customer objects. Therefore, please check one of the boxes below:

___ Yes, I do object to the disclosure of information.

✓ No, I do not object to the disclosure of such information.

**THIS AGREEMENT CONTAINS A PRE-DISPUTE ARBITRATION CLAUSE AT PARAGRAPH 13.**

(X) _[signature] 3/13/98_                    (X) _____
(Customer Signature/date)                       (Customer Signature/date)

_Redacted_                                     _____
(Customer Address)                              (Account Number)

_Redacted_