# EXHIBIT 17

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
Michael R. Matthias
Email:  mmatthias@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation of Bernard*
*L. Madoff Investment Securities LLC and*
*the Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, | Adv. Pro. No. 10-05169 (SMB) |
| Plaintiff, | |
| v. | |
| FAIRFIELD PAGMA ASSOCIATES, LP, a New York Limited Partnership, SEYMOUR KLEINMAN, | |

|  |  |
|---|---|
| ESTATE OF MARJORIE KLEINMAN A/K/A MARJORIE HELENE KLEINMAN, BONNIE JOYCE KANSLER, as executor, FAIRFOX, LLC, a New York limited liability company, and SEYFAIR, LLC, a New York limited liability company, | |
| Defendants. | |

**TRUSTEE'S FIRST SET OF REQUESTS FOR ADMISSION TO DEFENDANT FAIRFIELD PAGMA ASSOCIATES, LP**

PLEASE TAKE NOTICE that in accordance with Rules 26 and 36 of the Federal Rules of Civil Procedure (as amended on December 1, 2015) (the "Federal Rules"), made applicable to this adversary proceeding under the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the applicable local rules of the United States District Court for the Southern District of New York and this Court (the "Local Rules"), Irving H. Picard, as trustee (the "Trustee") for the substantively consolidated the liquidation of Bernard L. Madoff Investment Securities LLC under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa-78*lll* ("SIPA"), and the Estate of Bernard L. Madoff, by and through the Trustee's counsel, Baker & Hostetler LLP, hereby demands that Defendant Fairfield Pagma Associates, LP respond in writing to the requests for admission ("Request" or "Requests") set forth herein and deliver the same to the office of Baker & Hostetler LLP, c/o Michael R. Matthias, 11601 Wilshire Boulevard, Suite 1400, Los Angeles, California 90025 within thirty three (33) days of service, by February 27, 2017.

**DEFINITIONS**

1. All definitions set forth in Local Rule 26.3, as adopted by Rule 7026 of the Bankruptcy Rules, are incorporated by reference and apply to these Requests.

2. "Account" means BLMIS Account No. 1ZA994, as set forth in Exhibit A to the Complaint.

2

3. "Applicable Period" means the period beginning January 22, 1993 through the present.

4. "BLMIS" means Bernard L. Madoff Investment Securities LLC, Madoff Securities International Ltd., Madoff Securities International LLC, Bernard L. Madoff, Ruth Madoff, and all affiliated Persons and entities, including, but not limited to, any officers, directors, agents, representatives, employees, partners, parent companies, subsidiaries, predecessor or successor and related entities, and affiliates of the above specifically identified Persons and entities.

5. "Complaint" means the complaint filed by the Trustee in this adversary proceeding.

6. "Defendants" means all of the following: Fairfield Pagma Associates, LP, a New York limited partnership, Seymour Kleinman, Estate of Marjorie Kleinman a/k/a Marjorie Helene Kleinman, Bonnie Joyce Kansler, as executor, Fairfox, LLC, a New York limited liability company, and Seyfair, LLC, a New York limited liability company. Where applicable, Defendants includes officers, directors, employees, partners, corporate parent, subsidiaries or affiliates of the above. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

7. "Initial Transfer" means any and all Transfers made by BLMIS or any Person acting on behalf of BLMIS to Fairfield Pagma Associates, LP or to any Person or entity acting on behalf of Fairfield Pagma Associates, LP between December 11, 2006 and December 11, 2008.

8. "Subsequent Transfer" means any Transfer or Transfers of an Initial Transfer (as defined herein) conveyed by Fairfield Pagma Associates, LP to another Person or entity.

3

9. "Transfer" shall conform to the meaning set forth under the Bankruptcy Code, 11 U.S.C. § 101(54): (a) the creation of a lien; (b) the retention of title as a security interest; (c) the foreclosure of a debtor's equity redemption; or (d) each mode, direct and indirect, absolute or conditional, voluntary or involuntary, of disposing of or departing with—(i) property; or (ii) an interest in property.

10. "You" or "Your" means Fairfield Pagma Associates, LP, and/or anyone acting on behalf of or for the benefit of Fairfield Pagma Associates, LP, including any predecessors or successor(s)-in-interest.

## INSTRUCTIONS

1. All provisions and rules of construction set forth in Federal Rules 26 and 36 (as amended on December 1, 2015) and Local Rule 26.3, as adopted by Rule 7026 of the Bankruptcy Rules, apply to these Requests.

## REQUESTS FOR ADMISSION

1. Admit that Exhibit B to the Trustee's Complaint accurately reflects the complete history of the transactions affecting the principal balance calculation of the Account.

2. Admit that Exhibit B to the Trustee's Complaint accurately reflects the complete history of the transactions concerning the Account.

3. Admit that Column 4 of Exhibit B to the Complaint accurately reflects the cash deposits made into the Account.

4. Admit that Column 5 of Exhibit B to the Complaint accurately reflects the cash withdrawals from the Account.

5. Admit that the cash withdrawals listed in Column 5 of Exhibit B to the Complaint were Transfers made by BLMIS to or for the benefit of Fairfield Pagma Associates, LP.

4

6. Admit that Fairfield Pagma Associates, LP received the withdrawals listed in Column 5 of Exhibit B to the Complaint.

7. Admit that the withdrawals listed in Column 5 of Exhibit B to the Complaint were Transfers of an interest of BLMIS in property.

8. Admit that Column 6 of Exhibit B to the Complaint accurately reflects the transfers of principal into the Account.

9. Admit that Column 7 of Exhibit B to the Complaint accurately reflects the transfers of principal out of the Account.

10. Admit that the transfers of principal out of the Account listed in Column 7 of Exhibit B to the Complaint were transfers made by BLMIS for the benefit of Fairfield Pagma Associates, LP.

11. Admit that, over the life of the Account, $4,171,000 in cash was withdrawn from the Account.

12. Admit that, over the life of the Account, $576,597 in principal was transferred out of the Account.

13. Admit that You received the cash withdrawals from the Account listed in Column 5 of Exhibit B to the Complaint.

14. Admit that, of the $4,747,597 that was withdrawn from the Account, $3,499,668 consisted of principal.

15. Admit that, of the $4,747,597 that was withdrawn from the Account, $1,247,929 was in excess of principal.

16. Admit that, $1,247,929 more was withdrawn from and transferred out of the Account than was deposited and transferred into the Account.

17. Admit that, between December 11, 2006 and December 11, 2008, $1,247,929 in excess of principal was withdrawn from the Account.

18. Admit that, between December 11, 2006 and December 11, 2008, You received the $1,247,929 in excess of principal that was withdrawn from the Account.

19. Admit that the withdrawal made on or about March 9, 2007 in the amount of $750,000 was a Transfer to or for the benefit of Fairfield Pagma Associates, LP.

20. Admit that the withdrawal made on or about March 9, 2007 in the amount of $750,000 was received by Fairfield Pagma Associates, LP.

21. Admit that the withdrawal made on or about May 18, 2007 in the amount of $150,000 was a Transfer to or for the benefit of Fairfield Pagma Associates, LP.

22. Admit that the withdrawal made on or about May 18, 2007 in the amount of $150,000 was received by Fairfield Pagma Associates, LP.

23. Admit that the withdrawal made on or about June 14, 2007 in the amount of $200,000 was a Transfer to or for the benefit of Fairfield Pagma Associates, LP.

24. Admit that the withdrawal made on or about June 14, 2007 in the amount of $200,000 was received by Fairfield Pagma Associates, LP.

25. Admit that the withdrawal made on or about May 30, 2008 in the amount of $50,000 was a Transfer to or for the benefit of Fairfield Pagma Associates, LP.

26. Admit that the withdrawal made on or about May 30, 2008 in the amount of $50,000 was received by Fairfield Pagma Associates, LP.

27. Admit that the withdrawal made on or about June 2, 2008 in the amount of $100,000 was a Transfer to or for the benefit of Fairfield Pagma Associates, LP.

300422512.3

28. Admit that the withdrawal made on or about June 2, 2008 in the amount of $100,000 was received by Fairfield Pagma Associates, LP.

29. Admit that the withdrawal made on or about July 14, 2008 in the amount of $100,000 was a Transfer to or for the benefit of Fairfield Pagma Associates, LP.

30. Admit that the withdrawal made on or about July 14, 2008 in the amount of $100,000 was received by Fairfield Pagma Associates, LP.

31. Admit that the Account was initially funded by transfers from other accounts in the name of Fairfield Pagma on or about January 22, 1993 ("the January 22, 1993 transfers").

32. Admit that the January 22, 1993 transfers were in a reported amount totaling $660,590.

33. Admit that the January 22, 1993 transfers consisted in part of principal and in part of fictitious profits.

34. Admit that the principal portion of the January 22, 1993 transfers totaled $647,550.

35. Admit that the fictitious profits portion of the January 22, 1993 transfers totaled $13,040.

36. Admit that BLMIS made all Transfers to Defendant Fairfield Pagma Associates, LP between December 11, 2006 and December 11, 2008, with actual intent to hinder, delay, or defraud BLMIS investors.

37. Admit that BLMIS was operating a Ponzi scheme as alleged in the Complaint.

38. Admit that Defendant Seymour Kleinman was a general partner of Fairfield Pagma Associates, LP from December 11, 2006 to December, 11 2008.

7

39. Admit that Marjorie Kleinman was a general partner of Fairfield Pagma Associates, LP from December 11, 2006 to December 11, 2008.

40. Admit that Defendant Fairfox, LLC was a general partner of Fairfield Pagma Associates, LP from December 11, 2006 to December 11, 2008.

41. Admit that Defendant Seyfair, LLC was a general partner of Fairfield Pagma Associates, LP from December 11, 2006 to December 11, 2008.

Dated:   January 25, 2017

Of Counsel:

**BAKER & HOSTETLER LLP**
11601 Wilshire Boulevard, Suite 1400
Los Angeles, California 90025-0509
Telephone: 310.820.8800
Facsimile: 310.820.8859
Michael R. Matthias
Email: mmatthias@bakerlaw.com

**BAKER & HOSTETLER LLP**

By: *s/ Nicholas J. Cremona*
   David J. Sheehan
   Email:  dsheehan@bakerlaw.com
   Nicholas J. Cremona
   Email:  ncremona@bakerlaw.com
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

8

# CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the following was served this 25th day of January, 2017 by electronic mail and First Class mail upon the following:

Barry R. Lax
Brian J. Neville
Lax & Neville LP
1450 Broadway, 35th Floor
New York, New York 10018
blax@laxneville.com

*s/ Michael R. Matthias*
*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

300422512.3