# EXHIBIT 25

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, | |
| Plaintiff, | Adv. Pro. No. 10-04438 (CGM) |
| v. | |
| Estate of Seymour Epstein, | |
| Muriel Epstein, as beneficiary of the Estate of Seymour Epstein and/or Trusts created by Last Will and Testament of Seymour Epstein, as executor of the Estate and/or trustee of the Trusts created, | |
| Herbert C. Kantor, as trustee of Trusts created by the Last Will and Testament of Seymour Epstein, | |
| Randy Epstein Austin, as beneficiary of the Estate of Seymour Epstein and/or the Trusts created by the last Will and Testament of Seymour Epstein, | |
| Robert Epstein, as beneficiary of the Estate of Seymour Epstein and/or Trusts created by the Last Will and Testament of Seymour Epstein, | |

Jane Epstein, as beneficiary of the Estate of Seymour Epstein and/or the Trusts created by the Last Will and Testament of Seymour Epstein,

Susan Epstein Gross, as beneficiary of the Estate of Seymour Epstein and/or the Trusts created by the Last Will and Testament of Seymour Epstein, and

Shelburne Shirt Company, Inc.

      Defendants.

**MEMORANDUM DECISION GRANTING SUMMARY JUDGMENT IN FAVOR OF TRUSTEE, DETERMINING FUNDS HELD IN THE BANK ACCOUNTS ARE CUSTOMER PROPERTY, AND AWARDING PREJUDGMENT INTEREST**

**A P P E A R A N C E S :**

BAKER HOSTETLER LLP
Attorneys for the Plaintiff
45 Rockefeller Plaza
New York, N.Y. 10111
BY: NICHOLAS J. CREMONA (TELEPHONICALLY)
   STEPHANIE A. ACKERMAN (TELEPHONICALLY)


CHAITMAN LLP
Attorneys for the Defendants
465 Park Avenue
New York, NY 10022
BY: HELEN DAVIS CHAITMAN (TELEPHONICALLY)


**CECELIA G. MORRIS**
**CHIEF UNITED STATES BANKRUPTCY JUDGE**

  Irving H. Picard ("Trustee"), Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS[1]") and Bernard L. Madoff ("Madoff"), brings this adversary proceeding to avoid and recover fictitious profits

---

[1] The term BLMIS is used only with reference to the LLC and not the sole proprietorship, which sometimes used the similar name of Bernard L. Madoff Investment Securities.

Page **2** of **11**

received by the Defendants on account of their investment in the infamous Ponzi scheme of BLMIS. For the reasons set forth in this memorandum decision, the Court finds the transfers were, in fact, transfers of BLMIS' customer property, and must be turned over to the Trustee. The Court holds that an award of non-compounding prejudgment interest on those monies at the prime rate is justified.

## Jurisdiction

This Court has jurisdiction over these adversary proceedings pursuant to 28 U.S.C. §§ 1334(b) and 157(a) and the District Court's Standing Order of Reference, dated July 10, 1984, and the Amended Standing Order of Reference, dated January 31, 2012. In addition, the District Court removed the SIPA liquidation to this Court pursuant to SIPA § 78eee(b)(4), (*see* Order, Civ. 08– 01789 (Bankr. S.D.N.Y. Dec. 15, 2008) ("Main Case"), at ¶ IX (ECFNo. 1)), and this Court has jurisdiction under the latter provision. As the district court case has been dismissed and the reference has not been withdrawn, the Court has authority to enter a final order in these cases. To the extent that it does not, the Court asks the District Court to construe this decision as proposed findings of fact and conclusions of law, pursuant to the Amended Standing Order of Reference dated January 31, 2012.

## Background

For a background of these SIPA cases and the BLMIS Ponzi scheme, please refer to the findings of fact in *Picard v. Nelson (In re BLMIS)*, 610 B.R. 197, 206-14 (Bankr. S.D.N.Y. 2019). The Court heard oral arguments on the Trustee's summary judgment motion and the Defendant's cross-motion for summary judgment on January 27, 2021.

**Undisputed Facts**

Seymour Epstein ("Epstein") was a customer of the IA Business and held Account No.1CM049 (the "Seymour Account") in the name "Seymour Epstein" until his death on December 19, 2008. *See* Defendants' Opp. & Resp. to trustee's Stmt of Material Facts, Dk. No. 123 ¶ 107 ("Undisputed"). Epstein received $1,110,538 in fictitious transfers in the relevant two-year period. *Id.* ¶ 113. Epstein's Last Will and Testament was admitted to probate in the Surrogate's Court of the State of New York, County of New York, on February 13, 2009. Dkt. No. 123 ¶ 107. Letters testamentary were issued to Defendant, Muriel Epstein, as executor on February 17, 2009. *Id.* These withdrawals were paid by checks drawn from the 509 Account.[2] Defendants' Counterstmt. of Material Facts, Dkt. No. 124 ¶ 40.

Shelburne Shirt Co. ("Shelburne") was a customer of the IA Business and held Account No. 1CM005 in the name, "Shelburne Shirt Co. c/o Seymour Epstein" (individually, the "Shelburne Account," and together with the Seymour Account, the "Epstein Accounts") *Id.* ¶ 111. Shelburne received $1,511,900 of fictitious profits within the relevant two-year period. *Id.* ¶ 113. These funds were paid by checks drawn from the 509 Account. Dkt. No. 124 ¶ 49.

**Discussion**

The Trustee seeks to avoid and recover transfers of fictitious profits made to Defendants under 11 U.S.C. § 548(a)(1)(A). The elements of this claim are: (i) a transfer of an interest of the debtor in property; (ii) made within two years of the petition date; (iii) with "actual intent to hinder, delay, or defraud" a creditor. *Adelphia Recovery Tr. v. Bank of Am., N.A.*, 2011 WL 1419617, at *2 (S.D.N.Y. Apr. 7, 2011), *aff'd*, 748 F.3d 110 (2d Cir. 2014).

---

[2] BLMIS primarily used three bank accounts for the IA Business: JP Morgan Chase Bank, N.A. ("Chase") account #xxxxx1703 (the "703 Account"); Chase account #xxxxxxxxx1509 (the "509 Account"); and Bankers Trust account #xx-xx0-599 (the "599 Account" or the "BT Account").

Page **4** of **11**

**Actual intent to hinder, delay, or defraud**

Intent to defraud is established as debtor operated a *Ponzi* scheme. *Picard v. Cohen*, Adv. Pro. No. 10-04311 (SMB), 2016 WL 1695296, at *5 (Bankr. S.D.N.Y. Apr. 25, 2016) (citing *Omnibus Good Faith Decision*, 531 B.R. at 471) ("the Trustee is entitled to rely on the *Ponzi* scheme presumption pursuant to which all transfers are deemed to have been made with actual fraudulent intent"); *Picard v. Cohmad Sec. Corp.*, 454 B.R. 317, 330 (Bankr. S.D.N.Y. 2011) ("the fraudulent intent on the part of the debtor/transferor . . . is established as a matter of law by virtue of the '*Ponzi* scheme presumption'"). That BLMIS operated as a *Ponzi* scheme is well-established and the Court relies on earlier findings of same and holds that the Trustee has met its burden of proof for summary judgment on this issue. *See Picard v. Legacy Capital Ltd.*, 603 B.R. 682, 688-93 (Bankr. S.D.N.Y. 2019) (discussing in detail that BLMIS was a *Ponzi* scheme and why the Trustee is permitted to rely on the Ponzi scheme presumption to prove intent as a matter of law); *see also Bear Stearns Secs. Corp. v. Gredd (In re Manhattan Inv. Fund Ltd.)*, 397 B.R. 1, 11 (S.D.N.Y. 2007) ("[T]he *Ponzi* scheme presumption remains the law of this Circuit.").

**Made within two years of the petition date**

Here, the Trustee is seeking to recover the fictitious profits that BLMIS transferred to Defendants within the two-year period between December 11, 2006 and December 11, 2008. Defendants do not dispute the deposits and withdrawals made in the Epstein Accounts from December 11, 2006 to December 11, 2008. Opp. & Resp. to trustee's Stmt of Material Facts, Dk. No. 123 ¶ 113.

**A transfer of an interest of the debtor in property**

To meet this last prong, the Trustee need only prove that the property he is seeking to recover was "customer" property prior to the transfer. All monies transferred from the 509

Page **5** of **11**

Account or the 703 Account are "customer property" for purposes of these SIPA cases. *Picard v. BAM, l.P. (In re BLMIS)*, __ B.R. __ , Adv. Pro. No. 10-4390, 2020 WL 7422316, at *5 (Bankr. S.D.N.Y. Dec. 11, 2020) ("When the Defendants invested their money into the IA Business, the deposits were placed into the Bank Accounts and commingled with all of the Ponzi scheme victims' deposits. The funds held in the Bank Accounts were meant to be invested legitimately through BLMIS but never were. Thus, they were 'customer property.'"); *see also Picard v. Nelson, (In re BLMIS)*, 610 B.R. 197, 233 (Bankr. S.D.N.Y. 2019) ("All of the transfers were made from the 509 Account held by BLMIS and consisted entirely of fictitious profits. Under SIPA, the customer deposits are deemed to have been BLMIS's property for the purposes of these adversary proceedings.").

**Defendants Defenses**

All of Defendants' arguments have been rejected previously and the Court will not revisit them here. *Picard v. Nelson*, 610 B.R. 197, 237 (S.D.N.Y. 2019). ("The prior decisions within this SIPA proceeding constitute law of the case.").

1. **Trustee Does Not Lack Article III Standing**

SIPA plainly gives the Trustee standing to bring these actions. In *SIPC v. BLMIS (In re BLMIS)*, 531 B.R. 439, 449 (Bankr. S.D.N.Y. 2015) ("Omnibus Good Faith Decision"), Judge Bernstein held that the Trustee has Article III standing to bring these types of avoidance actions. *See also Picard v. Nelson*, 610 B.R. 197, 215 (S.D.N.Y. 2019). The Court adopts this reasoning and finds Article III standing in these cases. Defendants rely on the Court's holding in *Avellino* to asset that the Trustee lacks standing. Such reliance is misplaced. In *Avellino*, the Court found that the Trustee lacked standing to recover "pre-2001" transfers. *Picard v. Avellino (In re Bernard L. Madoff Inv. Securities LLC)*, No. AP 08-01789 (SMB), 2016 WL 6088136, at *3

Page **6** of **11**

(Bankr. S.D.N.Y. Oct. 18, 2016). Here, the Trustee is only seeking to recover transfers made after 2001.

2. **Defendants were "customers" of BLMIS**

Defendants' claim that they were customers of Madoff's sole proprietorship and not customers of BLMIS. This Court has already determined that all of Madoff's customers were transferred to BLMIS. *Picard v. BAM L.P. (In re BLMIS)*, __ B.R. __, Adv. Pro. No. 10-04390, 2020 WL 7422316, at *4 (Bankr. S.D.N.Y. Dec. 11, 2020). The monies at issue were "customer property." *Id.* ("This Court finds that all of the assets and liabilities of the sole proprietorship, including the IA Business, were transferred to BLMIS via the 2001 SEC Amended Form BD. As such, the Defendants customer accounts and the Bank Accounts are property of BLMIS and the monies paid to Defendants from those Bank Accounts must be turned over to the Trustee.").

3. **Trustee's Motion Rests on Admissible Evidence**

Defendants argue that the Trustee's expert reports are inadmissible. The Court disagrees. *See Nelson*, 610 B.R. at 225-26. Defendants also argue that DePascali's allocutions and trial testimony are also inadmissible. Again, the Court disagrees. *See id.* at 226-30. This evidence is not just theoretically admissible; it has been admitted by this Court in prior trials. *Id.*

4. **Madoff T-Bill Purchases are Not Material**

While some T-Bills were purchased as part of the ongoing fraud, the treasuries on Defendants' customer statements were fictitious. "[A]lthough the Proprietary Trading Business purchased T-Bills, the volume of T-Bills that appeared on the customer statements dwarfed the aggregate volume of T-Bills actually purchased and held by BLMIS." *See Nelson*, 610 B.R. at 214; *see also In re Manhattan Investment Fund, Ltd.*, 310 B.R. 500, 511 (Bankr. S.D.N.Y. 2002) ("using . . . manipulative and deceptive devices and employing schemes and artifices to

defraud, and engaging in acts and courses of business that operated and would operate as a fraud and deceit upon persons" are classic hallmarks of *Ponzi* schemes).

### 5. The *Ponzi* scheme Presumption Applies

The Court has disposed of this argument *supra*.

### 6. Defendant is Not Entitled to a Credit for Taxes

The court has rejected this argument numerous times. *See Nelson*, 610 B.R. at 236-37. No credit shall be given.

### 7. Cross Liability

The Epstein Defendants appear to be arguing that the Trustee is seeking entry of a judgment against the estate of Epstein for the debt of Shelburne, Inc. In his reply, the Trustee clarifies that he is looking for a judgment against Shelburne for the Shelburne claims, not the Epstein Defendants. Trustee reserves his rights to bring a subsequent transferee claim if he us successful in this action against Shelburne. Shelburne is a named entity in the complaint.

To the extent Defendants are worried that the judgments will be joint and severable between Epstein and Shelburne, the Trustee seems to concede in his reply, that they shall not be. The Trustee shall receive a judgment against the Epstein and a separate judgment against Shelburne. *See* Order, Adv. Pro. No. 10-04390, Dkt. No. 253 ("The initial transferee, in this instance, is the party named on the checks.").

### 8. Proof of "Losses"

Defendants argue that the Trustee lacks third party evidence to demonstrate withdrawals made in 1994 and 1997 from Epstein's account. The Trustee is entitled to rely on BLMIS's books and records for profit withdrawals. *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 592 B.R. 513 (Bankr. SDNY 2018) ("The Court finds that the PW Transactions listed in a

Page **8** of **11**

customer's monthly statement support the finding, absent credible contrary evidence, that a check in that amount was sent to the customer and constitutes a cash withdrawal under the Net Investment Method."). On October 6, 2020, the Second Circuit issued its Summary Order upholding the District Court's judgment affirming this Court's decision that the Trustee properly treated PW transactions as debits to BLMIS customer accounts. Summary Order, *In re: Bernard L. Madoff Investment Securities LLC*, No. 19-2988-bk (2d Cir. Oct. 6, 2020).

Defendants have not provided the Court with "credible contrary evidence" demonstrating that the books and records of BLMIS should not be relied on in this case. *See generally SIPC v. BLMIS, LLC*, 08-01789(SMB), 2020 WL 1488399 (Bankr. S.D.N.Y. Mar. 20, 2020). As such, this defense fails as a matter of law.

**Prejudgment Interest**

This Court recently held that the Trustee is entitled to non-compounding, prejudgment interest at the prime rate of 4% from Defendants, like these, who litigate issues that have already been decided by the Court in this case. *Picard v. BAM L.P. (In re BLMIS)*, __ B.R. __, Adv. Pro. No. 10-04390, 2020 WL 7422316, at *6 -*8 (Bankr. S.D.N.Y. Dec. 11, 2020); *see also* Order, Adv. Pro. No. 10-04390, Dkt. No. 253 ("The interest shall not compound.").

To determine whether prejudgment interest should be awarded, the Court must consider "(i) the need to fully compensate the wronged party for actual damages suffered, (ii) considerations of fairness and the relative equities of the award, (iii) the remedial purpose of the statute involved, and/or (iv) such other general principles as are deemed relevant by the court." *Wickham Contracting Co. v. Local Union No. 3, Int'l Brotherhood of Elec. Workers, AFL-CIO*, 955 F.2d 831, 834 (2d Cir. 1992). The purpose of prejudgment interest is to make the Plaintiff whole rather than to punish Defendants or to provide Plaintiff with a windfall. *Jones v. UNUM*

Page **9** of **11**

*Life Ins. Co. of Am.*, 223 F.3d 130, 139 (2d Cir. 2000) (citations and quotations omitted). "Courts in the Second Circuit and in this district have recognized that the award of prejudgment interest is discretionary, and absent a sound reason to deny prejudgment interest, such interest should be awarded." *In re 1031 Tax Grp.*, 439 B.R. at 87 (citations omitted). "The court must, however, explain and articulate its reasons for any decision regarding prejudgment interest." *Henry v. Champlain Enter., Inc.*, 445 F.3d 610, 623 (2d Cir. 2006).

Prejudgment interest is "normally" awarded in avoided transfer cases "to compensate for the value over time of the amount recovered." *In re Cassandra Grp.*, 338 B.R. 583, 599 (S.D.N.Y. 2006) ("To fully and fairly compensate Cassandra's creditors for their loss—not only of $300,000 that was fraudulently conveyed to the Defendants, but of the use of that money since the date of the demand—the Trustee should be permitted to recover prejudgment interest."); *see also In re FKF 3, LLC*, 2018 WL 5292131, at *13 (awarding prejudgment interest to compensate for "loss of interest, the diminished value of the damages award due to the passage of time, and Plaintiff's lost opportunity to make use of the lost funds").

Prejudgment interest is warranted in this instance. The Trustee is charged with collecting fictitious profits from net winners so that net losers in BLMIS' Ponzi scheme can be adequately compensated for their losses. He has spent approximately ten years prosecuting this case and cannot be made whole without an award of prejudgment interest. Moreover, he has spent time and energy having to defend against legal arguments that have already been decided in these SIPA cases. All of Defendants' legal arguments in opposition to this summary judgment motion were previously decided and law of the case. *Picard v. Nelson*, 610 B.R. 197, 237 (Bankr. S.D.N.Y. 2019). ("The prior decisions within this SIPA proceeding constitute law of the case.").. Under the holding of *FKF 3*, the Trustee is entitled to interest from the date that the SIPA action

Page **10** of **11**

was commended. *In re FKF 3, LLC*, 2018 WL 5292131, at *14 ("[T]he Court finds it appropriate to calculate prejudgment interest on the fraudulent conveyance claims from the Petition Date."). The Trustee has requested interest from the date that the Complaint was filed in this adversary proceeding. Interest is awarded in the amount of 4%, without compounding, commencing on November 20, 2010 through the date of the entry of judgment in this case.

## Conclusion

For the foregoing reasons, summary judgment is granted in favor of the Trustee. The Trustee is directed to submit a proposed order in accordance with this memorandum decision.



**Dated: January 27, 2021**
**Poughkeepsie, New York**

/s/ Cecelia G. Morris
_____
**Hon. Cecelia G. Morris**
**Chief U.S. Bankruptcy Judge**

Page **11** of **11**