# EXHIBIT 26

## COLLATERAL ASSIGNMENT OF LIFE INSURANCE POLICY

THIS ASSIGNMENT is made this 8th day of October, 2008, by and between **KENNETH W. BROWN, Individually, and KBCB FAMILY LIMITED PARTNERSHIP, LTD.**, a Florida Limited Partnership ("Borrower"), **PARADISE BANK**, a Florida banking corporation ("Lender"), and **NATIONWIDE LIFE INSURANCE COMPANY/ THE BEST OF AMERICA** ("Insurer"), **KEN-WEN FAMILY LIMITED PARTNERSHIP** ("KEN-WEN") and as Trustee.("Trustee") of the _____

### WITNESSETH:

**WHEREAS**, Lender has agreed to modify that certain loan in favor of Borrower in the principal amount of **Three Million and Twenty-Five Thousand and No/100 Dollars ($3,025,000.00)** ("Loan").

**WHEREAS**, Borrower, Ken-Wen and Trustee are the owners of those three (3) certain life insurance policies issued by Nationwide Life Insurance Co./The Best of America ("Policy" or "Policies")

1. Insuring the life of Wendy E. Brown and known as Policy #N100044560
2. Insuring the life of Violet M. Werner and know as Policy #N101492610
3. insuring the life of Kenneth W. Brown and know as Policy #N100047700

**WHEREAS**, Ken-Wen and Trustee herby consent and agree to encumber their interests in and to the applicable Policies and confirm that they will receive a material benefit as a result of the Loan and its modification.

**WHEREAS**, as a condition of making the Loan to Borrower, Lender has required Borrower, Ken-Wen and Trustee to collaterally assign all of Borrower's right, title, and interest in and to the Policy to Lender as additional collateral for such Loan.

**NOW, THEREFORE**, for and in consideration of Lender making the Loan to Borrower and other good and valuable consideration, Borrower, Ken-Wen and Trustee do hereby grant a continuing first priority security interest in, and do hereby assign, grant, bargain, sell, transfer, pledge, hypothecate, and convey to Lender all of Borrower's, Ken-Wen and Trustee right, title, and interest in and to the Policy, in all increases and profits therefrom, in all cash surrender values generated thereby, in all substitutions therefor, and in all proceeds thereof in any form (collectively the "Collateral"), for so long as the Loan shall remain outstanding. During such time as the Loan shall remain outstanding, Borrower, Ken-Wen and Trustee shall not further encumber, pledge, hypothecate, or assign the Collateral or any interest therein.

Page 1 of 6

Until the occurrence of an event of default ("Event of Default") as defined in the loan documents executed and delivered by Borrower to Lender in conjunction herewith and the expiration of any applicable grace period, Borrower reserves the right to receive all income of, increases in, or proceeds of the Collateral. Upon the occurrence of an Event of Default and the expiration of any applicable grace period, however, this Assignment shall immediately thereupon become absolute, and Borrower, Ken-Wen and Trustee shall thereafter not receive any income, increases, or proceeds thereof. In the event Borrower, Ken-Wen and Trustee receives such income, increases, or proceeds of the Collateral subsequent to the occurrence of an Event of Default and the expiration of any applicable grace period, Borrower, Ken-Wen and Trustee shall immediately pay such sums so received to Lender. The Lender may thereupon apply the net cash receipts of the Collateral to the payment of the indebtedness due by Borrower under the Loan.

In addition to the foregoing, as this Assignment constitutes a security agreement and creates a security interest in the Collateral pursuant to the Uniform Commercial Code as adopted in Florida, upon the happening of any Event of Default and the expiration of any applicable grace period, the Lender's rights with respect to the Collateral shall be those of a secured party under the Uniform Commercial Code as adopted in Florida, as well as all other rights under applicable Federal and State securities laws from time to time in effect. The Lender shall also have any additional rights granted herein and in any other agreement now or hereafter in effect between the Borrower and the Lender. Without limiting the generality of the foregoing, Lender's rights shall include the right to exercise any and all options and to make any and all elections with respect to the Collateral as are authorized or permitted thereunder.

Notwithstanding anything to the contrary contained herein, this Assignment shall not impose or create any obligations or duties upon Lender greater than or in addition to the customary and usual obligations and duties of Lender to Borrower.

This Assignment shall be binding upon and inure to the benefit of the successors and assigns of the respective parties hereto and shall be construed in accordance with the laws of the State of Florida. The rights and remedies of the parties hereunder shall be determined in accordance with such laws.

The Insurer hereby consents to this Assignment, acknowledges the terms and contents hereof, and agrees that, so long as such Assignment is in full force and effect, the Insurer shall pay any and all income, increases, and proceeds arising out of or relating to the Policy, including, without limitation, death benefits and cash surrender value payments, only to Lender or its successors or assigns.

IN WITNESS WHEREOF, Borrower, Lender, and Insurer have caused this instrument to be executed as of the day and year first above written.

Signed, sealed, and delivered
in the presence of:

_____
Witness #1
Print Name Below: Blaine C. Dickenson

_____
Witness #2
Print Name Below: MARGARET L. DINNEN

BORROWER:

_____
KENNETH W. BROWN


_____
Witness #1
Print Name Below: Blaine C. Dickenson

_____
Witness #2
Print Name Below: MARGARET L. DINNEN

KBCB FAMILY LIMITED
PARTNERSHIP, LTD., a Florida limited
Partnership

By: KBCB MANAGEMENT, INC., a
Florida corporation, its General Partner

By: _____
    WENDY BROWN, President

Page 3 of 6

_____
Witness #1
Print Name Below: Blaine C. Dickenson

_____
Witness #2
Print Name Below: MARGARET L. DINNEN

KEN-WEN FAMILY LIMITED
PARTNERSHIP, LTD., a Florida limited
Partnership

By: _____
KENNETH BROWN, General Partner

_____
Witness #1
Print Name Below: Blaine C. Dickenson

_____
Witness #2
Print Name Below: MARGARET L. DINNEN

KEN-WEN FAMILY LIMITED
PARTNERSHIP, LTD., a Florida limited
Partnership

By: _____
WENDY BROWN, General Partner

Page 4 of 6

KENNETH BROWN TRUSTEE OF
THE BERTON TRUST

By: *[signature: Kenneth Brown TEE]*

Witness #1
Print Name Below:
_____

Witness #2
Print Name Below:
_____

*[signature: Valeri A Papa]*
Witness # 1
Print Name Below:
*Valerie A Papa*

*[signature: Rachel Raum]*
Witness #2
Print Name Below:
*Rachel Raum*

**LENDER:**

**PARADISE BANK**, a Florida banking corporation

By: *[signature]*
   DENNIS W. GXUN
   Print Name
Its: EXECUTIVE VICE PRESIDENT

Page 5 of 6

10-04468_Paradise Bank_00000117

Witness # 1
Print Name Below:

_____

Witness #2
Print Name Below:

_____

**INSURER:**

**Nationwide Life Insurance Company/
The Best of America**

By: _____

_____
Print Name

Its: _____

Policy Number: N100044560
Policy Number: N101492610
Policy Number: N100047700