**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | No. 08-01789 (CGM) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |

In re:

BERNARD L. MADOFF,

         Debtor.

| | |
|---|---|
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 09-01239 (CGM) |
| Plaintiff, | |
| v. | |
| FAIRFIELD INVESTMENT FUND LIMITED, STABLE FUND, FAIRFIELD GREENWICH LIMITED, FAIRFIELD GREENWICH (BERMUDA), LTD., FAIRFIELD GREENWICH ADVISORS LLC, FAIRFIELD INTERNATIONAL MANAGERS, INC., WALTER NOEL, JEFFREY TUCKER, ANDRES PIEDRAHITA, AMIT VIJAYVERGIYA, PHILIP TOUB, CORINA NOEL PIEDRAHITA, FAIRFIELD GREENWICH CAPITAL PARTNERS and SHARE MANAGEMENT LLC, | |
| Defendants. | |

**STIPULATED CASE MANAGEMENT ORDER**

Plaintiff Irving H. Picard, as trustee (the "Trustee") for the substantively consolidated

liquidation of the business of Bernard L. Madoff Investment Securities LLC, under the Securities

Investor Protection Act, 15 U.S.C. § 78aaa–*lll*, and the chapter 7 estate of Bernard L. Madoff,

defendants Fairfield Investment Fund Limited, Stable Fund L.P., Fairfield Greenwich Limited,

Fairfield Greenwich (Bermuda) Limited, Fairfield Greenwich Advisors LLC, Fairfield

International Managers, Inc., Walter Noel, Jr., Jeffrey Tucker, Andrés Piedrahita, Amit

Vijayvergiya, Philip Toub, Corina Noel Piedrahita, Fairfield Greenwich Capital Partners, and

Share Management LLC (collectively, "Defendants" and together with the Trustee, the

"Parties"), hereby submit the following stipulation and proposed case management order

pursuant to Rules 16 and 26 of the Federal Rules of Civil Procedure, applicable under Rules

7016 and 7026 of the Federal Rules of Bankruptcy Procedure.

    1.    Case Status.

        a.    This action consists of recovery claims under 11 U.S.C. §§ 105(a) and

550(a) and general partner liability claims against Defendants.

        b.    The claims in this case have been the subject of motion practice.  This

Court denied Defendants' motion to dismiss the Trustee's claims, except as to claims asserted

against Defendant Corina Noel Piedrahita in her individual capacity. Defendants have answered

the Trustee's Second Amended Complaint.

        c.    The pre-trial conference is scheduled for June 15, 2022.

    2.    Discovery Plan.

        a.    The Parties agree to meet and confer in good faith to resolve any

discovery disputes that arise in this action, including, but not limited to, any disputes arising

from objections that requested discovery is duplicative or cumulative.  Failing agreement, any

Party may make an application for relief.

b.      The Parties anticipate the need for discovery from various third parties located outside of the United States.  To obtain discovery from these third parties, the Parties may need to proceed under the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters or other internationally recognized means of obtaining cross-border discovery, including, but not limited to, letters rogatory (collectively, "International Discovery").  To the extent that the Parties avail themselves of International Discovery procedures, they will not be deemed to have waived, prejudiced, or otherwise altered their rights to conduct discovery under the applicable federal rules.  To the extent that responses to International Discovery are not received by the Fact Discovery Cut-Off Date (defined below), the deadlines set forth herein will need to be extended accordingly.

c.      Fact Discovery Cut-Off.  All fact discovery is to be completed by November 22, 2022 (the "Fact Discovery Cut-Off Date").

d.      Expert Discovery Cut-Off.  All expert discovery is to be completed by August 22, 2023 (the "Expert Discovery Cut-Off Date").

e.   Initial Disclosures.  The Parties do not propose any changes in the form or requirements for disclosures under Federal Rule of Civil Procedure 26(a).  The Parties agree that they shall serve Initial Disclosures as required under Federal Rule of Civil Procedure 26(a)(1) within 30 days of entry of this Order, which deadline may be extended by agreement between the Parties.

f.   Inadvertent Production.  The Parties acknowledge that the inadvertent production of privileged or work product protected documents is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.  This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence

3

502(d).  Nothing contained in this paragraph is intended to or shall serve to limit a party's right

to conduct a review of documents, including electronically stored information, for relevance,

responsiveness, and/or privileged and/or protected information.

g.   Document Requests.  The Parties may serve requests for documents as

needed, provided they are served at least 45 days before the Fact Discovery Cut-Off Date.

h.   Interrogatories.

(i)   The Parties may serve interrogatories in accordance with Local

Bankruptcy Rule 7033-1(a) until 45 days before the Fact Discovery Cut-

Off Date.

(ii)   The Parties may serve interrogatories in accordance with Local

Bankruptcy Rule 7033-1(b), until 45 days before the Fact Discovery

Cut-Off Date, provided the interrogatories are (i) a more practical

method of obtaining the information sought than a request for

production of documents or a deposition, or (b) ordered by the Court.

(iii)   The Parties may not serve contention-based interrogatories in

accordance with Local Bankruptcy Rule 7033-1(c), absent exceptional

circumstances (such as a need to preserve testimony) or by agreement

among the Parties.

i.   Requests for Admission.  The Parties may serve Requests for Admission as

needed, provided they are served at least 45 days before the Fact Discovery Cut-Off Date.

j.   Depositions.  All depositions (excluding any expert depositions) must be

completed by the Fact Discovery Cut-Off Date.  Depositions shall proceed concurrently, with no

party having priority.  The Parties will endeavor to conclude the majority of depositions within

the seven hours provided by Federal Rule 30(d)(1). The Parties will attempt in good faith to

agree to reasonable extensions of the time limits as appropriate, and failing agreement, any party

may make application for an extension of those time limits.

> (i)     The Parties agree that they will meet and confer in good faith to identify
>
>         an agreed-upon number of depositions.
>
> (ii)    All depositions of the Trustee's witnesses shall be conducted at the
>
>         offices of Baker & Hostetler LLP, 45 Rockefeller Plaza, New York,
>
>         NY 10111, or such other location and manner agreed upon by the
>
>         Parties.  Depositions of the Defendants' witnesses shall be conducted in
>
>         a location and manner agreed upon by the Parties.

  k. <u>Coordination of Discovery</u>.  The Parties agree to work in good faith to

coordinate discovery in this action with discovery in *Picard v. Fairfield Greenwich Group (In re*

*Bernard L. Madoff Inv. Sec. LLC)*, Adv. Pro. No. 10-03800 (CGM) (the "Assigned Claims

Action"). All discovery produced in the Assigned Claims Action will be deemed produced in this

action, and vice versa.

  l. The Parties agree they will meet and confer in good faith to resolve discovery

disputes.  The Parties also agree to submit to the discovery arbitrator disputes they are unable to

resolve by meeting and conferring, in accordance with procedures set forth in the Order

Appointing a Discovery Arbitrator Pursuant to Bankruptcy Rule 9019(c) and General Order M-

390, entered in *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Bernard L.*

*Madoff Inv. Sec. LLC)*, Adv. Pro. No. 08-01789 (CGM) (the "Main SIPA Action") on October 4,

2016 (ECF No. 14227).

m.  With respect to discovery disputes not submitted to the arbitrator, pursuant to

Local Bankruptcy Rule 7007-1(b), motions related to discovery disputes may not be brought

until the Parties have requested from chambers an informal discovery conference.  An informal

discovery conference may be requested by letter on notice to the Parties to this Order or as

otherwise required by the Bankruptcy Code and Federal Rules of Bankruptcy Procedure.  The

letter requesting an informal discovery conference should state the nature of the request and

provide ten (10) business days for a response.  Faxes to chambers are not acceptable.

n.  Experts.  Each Party that intends to offer expert testimony must make the

disclosures required by Federal Rule of Civil Procedure 26(a)(2) on or before February 22, 2023.

Each Party that intends to offer expert testimony in opposition to such disclosures must make the

disclosures required by Federal Rule of Civil Procedure 26(a)(2) on or before April 7, 2023.  No

expert testimony (whether designated as "rebuttal" or otherwise) will be permitted (i) by an

expert that has not been disclosed in accordance with the Rules, and (ii) on any issue that is

beyond the scope of the opinion covered by the disclosures except on prior express permission of

the Court, upon application made no later than April 21, 2023.  All experts may be deposed, but

such depositions must occur on or before the Expert Discovery Cut-Off Date.  The deadline for

expert depositions will not affect the Parties' duty to supplement expert disclosures as required

by Federal Rule of Civil Procedure 26.

o.  Manner of Production of Discovery Materials.  The Parties may produce

discovery, including initial disclosures, on a USB flash drive, CD-ROM, in an electronic data

room, encrypted FTP link, or other similar electronic format.  Given the volume of

documentation that may be subject to disclosure in this matter, the Parties may produce a

summary report, such as an expert report, and provide access to the underlying documentation on

which the summary report relies in an electronic data room or other medium for review by the

Parties.  The Parties intend to enter into a protocol for the production of electronically stored

information (ESI).  Information and documents produced or made available electronically shall:

> (i)   be text searchable;
>
> (ii)  provide data and image load files necessary to review the documents on search platforms (i.e., Summation, Concordance, Relativity) upon request of a Party;
>
> (iii) provide any system-created or non-privileged captured objective metadata, such as date fields, author fields, custodian fields, path to native file, etc.;
>
> (iv)  be organized, such as by date, custodian, or subject matter, as maintained in the ordinary course of business or as organized by the Trustee;
>
> (v)   provide additional formats of production, metadata, or native documents if requested by a Party.

The Parties shall meet and confer first in a good-faith attempt to resolve any dispute, or

thereafter comply with Local Bankruptcy Rule 7007-1 to resolve any dispute not submitted to the

arbitrator.

3.   Proposed Modifications Of Standard Pretrial Proceedings Due To The Special Nature Of The Action.  The Parties do not presently believe that any such modifications are appropriate or necessary, and will contact the Court if their belief in this regard changes.

4.   Prospects For Settlement, Including Whether A Settlement Conference Should Be Scheduled And Whether The Parties Will Stipulate To The Trial Judge Acting As Settlement

Judge. The Parties engaged in settlement discussions prior to the Trustee filing the Second

Amended Complaint, which resulted in dismissal of the Trustee's claims against certain

previously-named defendants. The Parties will notify the Court if they believe a settlement

conference would be productive.

5.      Motion Practice. All motions and applications shall be governed by the Civil Rules,

Bankruptcy Rules and Local Bankruptcy Rules, including pre-motion conference requirements.

6.      Summary Judgment Motions. A party seeking to move for summary judgment

must first request a pre-motion conference. The date and time of the pre-motion conference must

be obtained from chambers. Notice of the date and time of the pre-motion conference may take

the form of a letter setting forth the issues in general terms and must be served upon all parties

bound by this scheduling order or as otherwise required in the Bankruptcy Code and Federal Rules

of Bankruptcy Procedure. Pursuant to the authority provided by Federal Rule of Civil Procedure

16(b)(2), a motion for summary judgment will be deemed untimely unless a request for a pre-

motion conference relating thereto (see Local Bankruptcy Rule 7056-1) is made in writing within

fourteen (14) days after the close of expert discovery. A briefing and hearing schedule for summary

Judgment motions or other dispositive motions must be set by the Court at the pre-motion

conference. Compliance with S.D.N.Y. LBR 7056-1 is mandatory and shall include a joint

statement of undisputed facts.

7.      Joint Pre-trial Order. The scope and manner in which the trial will be conducted

(including, but not limited to, the issues to be determined at trial, the facts in dispute, the

documents to be presented as evidence, and the names of witnesses who will testify) is controlled

by the joint pre-trial order. Any disputes relating to the final joint pre-trial order must be brought

to the attention of chambers at least one week before the final pre-trial conference. The parties

must submit a proposed joint pre-trial order (sample provided by chambers) at least 3 days

before the final pre-trial conference.

        8.        <u>Final Pre-trial Conference</u>. If additional pre-trial conferences are necessary, the

Court may schedule such additional pre-trial conferences as it determines appropriate. The final

pre-trial conference will be held on a date to be determined by the Court. Any (1) disputes

relating to the final joint pre-trial order or (2) motions in limine must be fully briefed and will be

argued at the final pre-trial conference.

        9.        <u>Trial</u>. If necessary, the trial on the Motion will commence on a date set at the final

pre-trial conference and will continue as scheduled thereafter. The Parties shall be prepared for

trial at the time of the final pre-trial conference and should expect the trial to be scheduled no

later than one week after the final pre-trial conference.

        10.      <u>Modifications of this Order</u>. The deadlines set out herein cannot be changed

unless so directed by the Court. Parties should not wait for deadlines to expire before seeking an

amended scheduling order. If any questions should arise or another pretrial conference is

necessary prior to the final pre-trial conference, notify chambers at once. Modifications to the

Scheduling Order may be made only upon a showing of good cause with joint application to the

Court, or a party may request an informal status conference.

        Failure to comply with this Order may result in sanctions being imposed.

11.  <u>Parties and Counsel</u>.  The following Parties join in this stipulation and proposed

case management order through their counsel.


Date:  New York, New York
        December 3, 2021


*/s/ David J. Sheehan*                              */s/ Peter E. Kazanoff*
**Baker & Hostetler LLP**                          **Simpson Thacher & Bartlett LLP**
45 Rockefeller Plaza, 11th Floor        425 Lexington Avenue
New York, New York 10111                           New York, New York 10017
Telephone: (212) 589-4200                          Telephone: (212) 455-2000
David J. Sheehan                                   Peter E. Kazanoff
Email: dsheehan@bakerlaw.com                       Email: pkazanoff@stblaw.com
Erika Thomas                                       Sara A. Ricciardi
Email: ekthomas@bakerlaw.com                       Email: sricciardi@stblaw.com
                                                   Kelsey Vickery
                                                   Email: kelsey.vickery@stblaw.com
*Attorneys for Plaintiff Irving H. Picard, trustee for*
*the Substantively Consolidated SIPA Liquidation*  *Attorneys for Defendants Fairfield*
*of Bernard L. Madoff Investment Securities LLC*   *Greenwich (Bermuda), Limited, Fairfield*
*and the estate of Bernard L. Madoff*              *Greenwich Advisors LLC, Fairfield*
                                                   *Greenwich Limited, Fairfield International*
                                                   *Managers, Inc., Amit Vijayvergiya, Philip*
                                                   *Toub and Corina Noel Piedrahita,*
                                                   *Greenwich Capital Partners, and Share*
                                                   *Management LLC*

10

/s/ Andrew Hammond
**White & Case LLP**
1155 Avenue of the Americas
New York, New York 10036
Telephone: (212) 819-8200
Andrew Hammond
Email: ahammond@whitecase.com

*Attorney for Defendant Walter Noel, Jr.*

/s/ Marc E. Kasowitz
**Kasowitz, Benson, Torres & Friedman LLP**
1633 Broadway
New York, New York 10019
Telephone: (212) 506-1700
Marc E. Kasowitz
Email: mkasowitz@kasowitz.com
Daniel J. Fetterman
Email: dfetterman@kasowitz.com

*Attorneys for Defendant Jeffrey Tucker*

/s/ Andrew Levander
**Dechert LLP**
1095 Avenue of the Americas
New York, New York 10036
Telephone: (212) 698-3500
Andrew Levander
Email: andrew.levander@dechert.com
Neil Steiner
Email: neil.steiner@dechert.com

*Attorneys for Defendant Andrés Piedrahita*

/s/ William A. Maher
**Wollmuth Maher & Deutsch LLP**
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
William A. Maher
Email: wmaher@wmd-law.com
Fletcher W. Strong
Email: fstrong@wmd-law.com

*Attorneys for Defendants Fairfield Investment
Fund Limited and Stable Fund, L.P.*

**SO ORDERED.**



/s/ Cecelia G. Morris

**Dated: December 6, 2021
Poughkeepsie, New York**

_____
**Hon. Cecelia G. Morris
Chief U.S. Bankruptcy Judge**