**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br> Plaintiff-Applicant, <br><br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br> Defendant. | Adv. Pro. No. 08-01789 (CGM) <br><br> SIPA LIQUIDATION <br><br> (Substantively Consolidated) |
| In re: <br><br> BERNARD L. MADOFF, <br><br> Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, <br><br> Plaintiff, <br><br> v. <br><br> BANQUE SYZ S.A., <br><br> Defendant. | Adv. Pro. No. 11-02149 (CGM) |

**STIPULATION AND ORDER**

Plaintiff Irving H. Picard (the "Trustee"), trustee for the substantively consolidated

liquidation proceeding of Bernard L. Madoff Investment Securities LLC under the Securities

Investor Protection Act, 15 U.S.C. §§ 78aaa–*lll* ("SIPA"), and the chapter 7 estate of Bernard L.

Madoff, and defendant Banque Syz S.A. ("Defendant," and with the Trustee, the "Parties"), by

and through their respective undersigned counsel, state as follows:

**WHEREAS**, on May 20, 2011, the Trustee commenced adversary proceeding number

11-02149 (the "Action") against Defendant to, among other things, recover transfers allegedly

received from Fairfield Sentry Limited, from Kingate Global Fund Ltd. and Kingate Euro Fund

Ltd. (collectively "Kingate"), and from others, pursuant to 11 U.S.C. § 550;

WHEREAS, on July 6, 2014, the District Court entered an Opinion and Order ruling on

extraterritoriality and international comity issues (the "District Court ET Decision") and returned

certain matters to the Bankruptcy Court for further proceedings consistent with the District Court

ET Decision.  *See SIPC v. BLMIS (In re Madoff)*, 513 B.R. 222 (S.D.N.Y. 2014);

WHEREAS, on November 22, 2016, the Bankruptcy Court issued a Memorandum

Decision Regarding Claims to Recover Foreign Subsequent Transfers (the "Bankruptcy Court

ET Decision") dismissing certain claims to recover transfers allegedly received from Fairfield

Sentry Limited (among other transferees) pursuant to 11 U.S.C. § 550 on grounds of

international comity.  *See Picard v. Bureau of Labor Ins. (SIPC v. BLMIS)*, Adv. Pro. No. 08-

01789 (SMB), 2016 WL 6900689 (Bankr. S.D.N.Y. Nov. 22, 2016**)**;

WHEREAS, the Bankruptcy Court ET Decision dismissed the claim against Defendant;

WHEREAS, on February 25, 2019, the Court of Appeals for the Second Circuit issued

an order, *In re Picard*, 917 F.3d 85 (2d Cir. 2019) (the "ET and Comity Decision") which, *inter*

*alia*, vacated the Bankruptcy Court ET Decision;

WHEREAS, on August 29, 2019, Defendants filed a Petition for a Writ of Certiorari in

the Supreme Court, which sought review of the ET and Comity Decision and which extended the

stay of the Second Circuit's mandate until the Supreme Court's final disposition.  *See* Petition for

Writ of Certiorari, *HSBC Holdings PLC v. Picard*, No. 19-277 (Aug. 29, 2019), 2019 WL

4190391;

WHEREAS, on December 20, 2019, in adversary proceedings that are unrelated to the

Action, the Trustee filed unopposed petitions for permission to appeal pursuant to 28 U.S.C. §

158(d)(2)(A), which respectively sought (i) a direct appeal to the Second Circuit of the

Bankruptcy Court's memorandum decision denying the Trustee's motion for leave to file

amended complaint in one adversary proceeding, *Picard v. Citibank, N.A.*, 608 B.R. 181 (Bankr.

S.D.N.Y. 2019), and (ii) a direct appeal to the Second Circuit of the Bankruptcy Court's

memorandum decision granting, in part, the motion to dismiss the Trustee's amended complaint

in another adversary proceeding, *Picard v. Legacy Capital Ltd.*, 548 B.R. 13 (Bankr. S.D.N.Y.

2013) (together, the "Good Faith Appeals");

WHEREAS, on April 23, 2020, the Court of Appeals for the Second Circuit granted the

Trustee's petitions for the Good Faith Appeals.  *See In re BLMIS LLC*, Case No. 19-4282 (2d

Cir. Apr. 23, 2020), ECF No. 29; *In re BLMIS LLC*, Case No. 19-4283 (2d Cir. Apr. 23, 2020),

ECF No. 25;

WHEREAS, on June 1, 2020, the Supreme Court denied Defendants' Petition for a Writ

of Certiorari concerning the Second Circuit's ET and Comity Decision.  *See* Order, *HSBC*

*Holdings PLC v. Picard*, No. 19-277 (2020), 2020 WL 2814770;

WHEREAS, also on June 1, 2020, the Court of Appeals for the Second Circuit issued the

mandate in respect of the ET and Comity Decision, *In re Picard*, No. 17-2992 (2d Cir. June 1,

2010), ECF Doc No. 1582, vacating the judgments of the Bankruptcy Court in connection with

the Bankruptcy Court ET Decision and remanding the matters for further proceedings consistent

with the ET and Comity Decision;

WHEREAS, on August 30, 2021, the Second Circuit issued a consolidated decision in

the Good Faith Appeals.  *In re BLMIS LLC*, 12 F.4th 171 (2d Cir. 2021) (the "Good Faith

Decision");

**WHEREAS,** on October 13, 2021, the Court of Appeals for the Second Circuit issued

the mandate in respect of the Good Faith Decision, vacating the District Court's consolidated

good faith decision, *SIPC v. BLMIS*, 516 B.R. 18 (S.D.N.Y. 2014), as well as the Bankruptcy

Court's decisions dismissing *Picard v. Citibank, N.A.*, Adv. Pro. No. 10-05345 (CGM) and

*Picard v. Legacy Capital Ltd.*, Adv. Pro. No. 10-05286 (CGM).  *See* Mandate, Case No. 20-1333

(2d Cir. Oct. 13, 2021), ECF No. 197; Mandate, Case No. 20-1334 (2d Cir. Oct 13, 2021), ECF

No. 187;

**WHEREAS**, on August 6, 2019, the Court entered an Order Pursuant to Section 105(a)

of the Bankruptcy Code and Rules of Bankruptcy Procedure approving a settlement agreement

(the "Kingate Settlement") by and among the Trustee and Kingate Global Fund, Ltd. and Kingate

Euro Fund, Ltd. (together, the "Kingate Funds") [ECF No. 417 in Adv. Pro. No. 09-01161

(CGM)];

**WHEREAS**, the Kingate Settlement was a full and final settlement in satisfaction of the

Trustee's claims against the Kingate Funds.  [ECF No. 413-2 in Adv. Pro. No. 09-01161

(CGM)].  The release granted by the Trustee in the Kingate Settlement extended to the Kingate

Funds' shareholders to the extent that any such shareholders, like Defendant, received transfers

of money from the Kingate Funds but did not include a release of claims that the Trustee may

bring that are unrelated to the Kingate Funds' investments in or withdrawals from BLMIS.  *Id.*;

and;

**IT IS HEREBY STIPULATED AND AGREED**, that, pursuant to Rule 15(a)(2) of the

Federal Rules of Civil Procedure ("FRCP"), as incorporated by Rule 7015 of the Federal Rules

of Bankruptcy Procedure, the Trustee amends his Complaint in the Action to dismiss without

prejudice any claim to recover the Kingate Subsequent Transfers (as defined in the Complaint).

Specifically, the Trustee's claims that Defendant received the Kingate Global Subsequent

Transfers totaling approximately $39,975,488, and Defendant received the Kingate Euro

Subsequent Transfers totaling approximately $17,376,966, each as defined in the Complaint, are

hereby dismissed without prejudice;

**IT IS FURTHER STIPULATED AND AGREED,** that except as set forth herein, this

Stipulation has no effect on any other claims in the Complaint;

**IT IS FURTHER STIPULATED AND AGREED**, that this Stipulation is without

prejudice to (1) the Trustee's right to seek leave to amend the Complaint pursuant to FRCP Rule

15(a)(2) to assert claims to avoid and/or recover any additional or other transfers to Defendant,

as may be determined through the Trustee's continuing investigation and through discovery and

(2) Defendant's or any proposed additional defendants' rights to oppose any such amendment(s)

and/or defend against such claim(s).

**IT IS FURTHER STIPULATED AND AGREED,** that the deadline for the Defendant

to respond to the complaint in the Action shall be January 28, 2022.  If Defendant files a motion

to dismiss the complaint, such motion shall set forth any and all grounds for dismissal at the

pleading stage. The deadline for the Trustee to respond to the motion shall be March 29, 2022,

and the deadline for the Defendant to file a reply shall be April 28, 2022.

**IT IS FURTHER STIPULATED AND AGREED**, that the pre-trial conference

scheduled for December 15, 2021, *see* ECF No. 146, shall be adjourned to a date to be

determined after the Defendant answers or the motion to dismiss briefing is completed,

whichever occurs first.

**IT IS HEREBY STIPULATED AND AGREED**, that if Defendant files a motion to

dismiss the complaint, then the parties shall request oral argument on the motion at the Court's

first available convenience.

Dated:      December 6, 2021
            New York, New York

By: */s/ Nicholas J. Cremona*            By: */s/ Richard Levin*
**BAKER & HOSTETLER LLP**                **JENNER & BLOCK LLP**
45 Rockefeller Plaza                     919 Third Avenue
New York, New York 10111                 New York, New York 10022
Telephone:  (212) 589-4200               Telephone: (212) 891-1600
Facsimile:  (212) 589-4201               Facsimile: (212) 891-1699
David J. Sheehan                         Richard Levin
Email:  dsheehan@bakerlaw.com            Email: rlevin@jenner.com
Nicholas J. Cremona                      Carl N. Wedoff
Email:  ncremona@bakerlaw.com            Email: cwedoff@jenner.com
Robyn M. Feldstein
Email: rfeldstein@bakerlaw.com           353 North Clark Street
                                         Chicago, Illinois 60654
*Attorneys for Irving H. Picard, Trustee for*   Telephone: (312) 222-9350
*the Substantively Consolidated SIPA*           Facsimile: (312) 527-0484
*Liquidation of Bernard L. Madoff*              Vincent E. Lazar
*Investment Securities LLC and the Estate*      Email: vlazar@jenner.com
*of Bernard L. Madoff*

                                         *Attorneys for Defendant Banque Syz S.A.*

**SO ORDERED.**



                                         /s/ Cecelia G. Morris
                                         _____
**Dated: December 7, 2021**              **Hon. Cecelia G. Morris**
**Poughkeepsie, New York**               **Chief U.S. Bankruptcy Judge**