**BakerHostetler**

Baker & Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

December 8, 2021

Esterina Giuliani
direct dial: 212.589.4608
egiuliani@bakerlaw.com

**VIA ECF**

Honorable Cecelia G. Morris, Chief Judge
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 627
New York, NY 10004-1408

Re:   *Picard v. Frank J. Avellino, et al.,* Adv. Pro. No. 10-05421 (CGM)

Dear Chief Judge Morris:

    We are counsel to Irving H. Picard, trustee (the "Trustee") for the substantively consolidated liquidation proceedings of Bernard L. Madoff Investment Securities LLC ("BLMIS") and the chapter 7 estate of Bernard L. Madoff ("Madoff") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa–*lll*. We write to request a pre-motion conference pursuant to Rule 7056-1(a) of the Local Bankruptcy Rules for the Southern District of New York ("Rule 7056-1(a)") for leave to file a motion for summary judgment or, in the alternative, for the Court to enter the Trustee's and Defendants' (collectively, the "Parties") agreed-upon proposed joint summary judgment briefing schedule attached as Exhibit A.[1]

    The Trustee commenced this adversary proceeding seeking to avoid and recover fraudulent transfers of principal and fictitious profits received by the Defendants, and to disallow and/or subordinate certain of the Defendants' claims. The Defendants moved to dismiss this "bad faith" adversary proceeding, and in July 2016, this Court granted in part and denied in part the Defendants' motion. [ECF No. 116.] Of the remaining claims, the Trustee seeks permission, by this request, to move for partial summary judgment on the claims to avoid and recover fictitious profits made to certain Defendants between December 11, 2006 and December 11, 2008 (the "Two-Year Period") under 11 U.S.C. § 548(a)(1)(A), in the amount of $17.2 million plus prejudgment interest. This Court has already decided numerous times that the Trustee is entitled to avoid and recover fictitious profits during the Two-Year Period. *See Picard v. Keller Family Trust*, Adv. Pro. No. 10-04359 (CGM), (Bankr. S.D.N.Y. Sept. 30, 2021); *Picard v.*

---

[1] Defendants' counsel has indicated that he will separately submit a letter to the Court pursuant to Rule 7056-1(a) requesting that the Court enter the Parties' agreed-upon proposed joint briefing schedule.

Judge Cecelia G. Morris
December 8, 2021
Page 2

*Stanley T. Miller*, Adv. Pro. No. 10-04921 (CGM), 2021 WL 2787604 (Bankr. S.D.N.Y. July 2, 2021); *Picard v. Estate of Seymour Epstein*, Adv. Pro. No. 10-04438 (CGM), (Bankr. S.D.N.Y. Jan. 27, 2021).

  Fact discovery and expert discovery have closed. [ECF No. 190.] During expert discovery, the Trustee proffered two expert reports from Bruce G. Dubinsky in which Mr. Dubinsky opined that (i) Madoff was running a Ponzi scheme through his Investment Advisory Business (the "IA Business") throughout the existence of the Defendants' accounts and (ii) Frank Avellino and Michael Bienes, two of the Defendants in this adversary proceeding, worked together with Madoff to perpetrate this Ponzi scheme. The Trustee also served expert reports that calculated the principal balance of each of the Defendants' accounts, and traced the transfers from BLMIS to the relevant Defendants during the Two-Year Period.

  Defendants proffered one expert during expert discovery, but that expert's opinions failed to rebut the substantial evidence put forth by the Trustee establishing that Madoff was operating a Ponzi scheme through his IA Business, and that Defendants participated in that scheme.

  Based on the foregoing, summary judgment is appropriate. The facts and applicable law confirm that the Defendants did not provide "value" under 11 U.S.C. § 548(c). Thus, there is no issue of material fact precluding this Court from entering a judgment that BLMIS made the fraudulent transfers to the Defendants with actual fraudulent intent in the course of and in furtherance of a Ponzi scheme.

  If the Parties' agreed-upon proposed joint briefing schedule (attached as Exhibit A) meets with Your Honor's approval, we respectfully request that it be signed and entered on the Court's docket. If the Court would like the Parties to appear for a pre-motion conference pursuant to Rule 7056-1(a), the Parties are available on December 15, 2021 (the next scheduled omnibus date) or at the Court's convenience.

Respectfully submitted,

/s/ *Esterina Giuliani*


Esterina Giuliani
Partner