**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>　　　　　Plaintiff-Applicant,<br><br>　　　　　v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>　　　　　Defendant.<br><br>In re:<br><br>BERNARD L. MADOFF,<br><br>　　　　　Debtor. | Adv. Pro. No. 08-01789 (CGM)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |

**AFFIDAVIT OF VINEET SEHGAL IN SUPPORT OF THE TRUSTEE'S MOTION FOR AN ORDER APPROVING THE THIRTEENTH ALLOCATION OF PROPERTY TO THE FUND OF CUSTOMER PROPERTY AND AUTHORIZING THIRTEENTH INTERIM DISTRIBUTION TO CUSTOMERS**

Vineet Sehgal, being duly sworn, deposes and says:

1. I am a Managing Director at AlixPartners LLP ("AlixPartners"). I make this affidavit to transmit to the Court information relevant to the motion by Irving H. Picard, trustee (the "Trustee") for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA"),[1] and the substantively consolidated estate of Bernard L. Madoff ("Madoff") (collectively, "Debtor"), for an Order Approving the Trustee's Thirteenth Allocation of Property to the Fund of Customer Property and Authorizing Thirteenth Interim Distribution to Customers (the "Motion").

2. AlixPartners has served as the Trustee's Claims Agent and as the accountant for the BLMIS estate since December of 2008 pursuant to SIPA § 78fff-1(a)(1). As the Claims Agent,

---

[1] For convenience, subsequent references to sections of the Act shall follow the form: "SIPA § __."

1

AlixPartners was responsible for both mailing the notice of the liquidation and claim forms to potential claimants and causing the notice of the liquidation to be published. AlixPartners has also been responsible for processing all claims submitted to the Trustee and assisting the Trustee in reviewing each customer claim filed to determine whether the asserted claim amount agrees with the "net equity" for that account. In addition, as the accountants for the BLMIS estate, AlixPartners has assisted and continues to assist the Trustee in accounting for the assets of the BLMIS estate, including the cash and cash equivalents available to the Trustee.

3. I have been actively involved in the liquidation of BLMIS and the claims process since December 2008 and have personal knowledge of the matters set forth herein.

### The Claims Process

4. To date, the Trustee has received 16,521 customer claims and determined 16,510 of those claims. To date, the Trustee has allowed 2,655 claims, and SIPC has advanced $849,868,412.47 to the Trustee to pay these claims. To date, the allowed claims total over $19.416 billion. The Trustee denied 2,692 claims by customers who had accounts with BLMIS and 10,734 claims purporting to be customer claims but were in fact claims filed on behalf of claimants without an account at BLMIS. Twelve other claims were filed that asserted no claim. Another 417 claims have been withdrawn.

5. Eleven claims (relating to seven accounts) are currently categorized as "deemed determined," meaning that the Trustee has instituted litigation against those claimants.

6. To date, the Trustee has received 428 timely and 22 untimely filed secured priority and unsecured non-priority general creditor claims totaling approximately $1.7 billion. The claimants include vendors, taxing authorities, employees, and customers filing claims on non-customer proof of claim forms. Of these 450 claims, 95 are general creditor claims and 49 are broker-dealer claims, which together total approximately $265 million of the $1.7 billion.

7.  1,757 docketed objections have been filed to the Trustee's claims determinations relating to 3,319 claims, which have been, and will continue to be, noticed for hearing as appropriate. These 1,757 objections relate to 722 BLMIS accounts. 1,654 of the 1,757 docketed objections have been fully resolved. 103 objections are still subject to court review.

### Recoveries by the Trustee

8.  The Trustee previously filed twelve motions seeking entry of an order approving allocations of property to the fund of customer property (the "Customer Fund") and authorizing pro rata interim distributions of Customer Property, and this Court entered orders approving those motions:

| No. of Distribution | Date of Distribution | Amount Allocated | Amount Distributed | Percentage Distributed | ECF No. for Motion | ECF No. for Order |
|---|---|---|---|---|---|---|
| 1 | 10/05/2011 | $2.618 billion | $884.619 million | 4.602% | 4048 | 4217 |
| 2 | 09/19/2012 | $5.501 billion | $6.431 billion | 33.556% | 4930 | 4997 |
| 3 | 03/29/2013 | $1.198 billion | $900.708 million | 4.721% | 5230 | 5271 |
| 4 | 05/05/2014 | $477.504 million | $605.920 million | 3.180% | 6024 | 6340 |
| 5 | 02/06/2015 | $756.538 million[2] | $522.183 million | 2.743% | 8860 | 9014 |
| 6 | 12/04/2015 | $345.472 million[3] | $1.567 billion | 8.262% | 9807 and 11834 | 12066 |
| 7 | 06/30/2016 | $247.013 million | $246.703 million | 1.305% | 13405 | 13512 |
| 8 | 02/02/2017 | $342.322 million | $326.362 million | 1.729% | 14662 | 14836 |
| 9 | 02/22/2018 | $1.303 billion | $716.347 million | 3.806% | 17033 | 17195 |
| 10 | 02/22/2019 | $515.974 million | $512.084 million | 2.729% | 18295 | 18398 |
| 11 | 02/28/2020 | $988.770 million | $369.260 million | 1.975% | 19245 | 19226 |
| 12 | 02/26/2021 | $74.325 million | $231.411 million | 1.240% | 20066 | 20209 |

---

[2] The total amount allocated in the Fifth Allocation Motion was $704,395,951.58. Between the filing of that motion and the Fifth Interim Distribution date, an additional $52,142,279.87 was recovered and included in the numerator.

[3] This represents the amount allocated to the Customer Fund in the Supplemental Sixth Allocation and Sixth Interim Distribution Motion filed on October 20, 2015. The original Sixth Allocation and Sixth Interim Motion filed on April 15, 2015 did not allocate any additional recoveries to the Customer Fund; the Trustee simply re-allocated $1,448,717,625.26 of funds that had previously been allocated to the Customer Fund for the Time-Based Damages Reserve.

9. The amounts previously distributed as outlined in each of the First through Twelfth Allocation Motions change as additional accounts are determined. Below is a summary of the amounts allocated and distributed:

| No. | Amount Allocated | Reserve From Previous Allocations[4] | Funds Received After Allocation Used for Interim Distribution | Amount Available for Distribution | Allocation for Allowed Claims[5] | Allocation for Deemed Determined Claims[6] | SIPC Subrogation | Other Reserves[7] |
|---|---|---|---|---|---|---|---|---|
| 1 | $2.618 billion | N/A | $85.078 million | $2.703 billion | $884.619 million | $54.248 million | $8.918 million | $1.755 billion |
| 2 | $5.501 billion | $1.755 billion | $620.353 million | $7.877 billion | $6.431 billion | $395.552 million | $83.827 million | $966.117 million |
| 3 | $1.198 billion | $966.117 million | $87.278 million | $2.251 billion | $900.708 million | $55.650 million | $15.934 million | $1.279 billion |
| 4 | $477.504 million | $1.279 billion | $58.789 million | $1.815 billion | $605.920 million | $37.485 million | $11.518 million | $1.161 billion |
| 5 | $756.538 million[8] | $1.161 billion | $50.710 million | $1.968 billion | $522.183 million | $32.334 million | $10.405 million | $1.403 billion |
| 6 | $345.472 million[9] | $1.403 billion | $152.740 million | $1.901 billion | $1.567 billion | $97.391 million | $37.617 million | $199.513 million |
| 7 | $247.013 million | $199.513 million | $24.126 million | $470.652 million | $246.703 million | $15.383 million | $6.679 million | $201.886 million |
| 8 | $342.322 million | $201.886 million | $31.964 million | $576.172 million | $326.362 million | $20.381 million | $9.346 million | $220.084 million |
| 9 | $1.303 billion | $220.084 million | $33.150 million | $1.556 billion | $716.347 million | $44.864 million | $22.637 million | $772.251 million |
| 10 | $515.974 million | $772.251 million | $23.769 million | $1.312 billion | $512.084 million | $32.169 million | $17.786 million | $749.955 million |
| 11 | $988.770 million | $749.955 million | $0 | $570.769 million | $369.260 million | $23.281 million | $14.211 million | $164.016 million |
| 12 | $74.328 million | $164.016 million | $42.334 million | $280.675 million | $231.411 million | $14.617 million | $9.351 million | $25.297 million |

---

[4] Reserve from Previous Allocations represents amounts that were reserved in prior allocations.
[5] Allocation for Allowed Claims represents the amount allocated for claims that have been allowed.
[6] Allocation for Deemed Determined Claims represents amounts allocated and reserved for claims that are currently in litigation with the Trustee.
[7] Other Reserves represents all funds that are reserved for various issues.
[8] The total amount allocated in the Fifth Allocation Motion was $704,395,951.58. Between the filing of that motion and the Fifth Interim Distribution date, an additional $52,142,279.87 was recovered and included in the numerator.
[9] This represents the amount allocated to the Customer Fund in the Supplemental Sixth Allocation and Sixth Interim Distribution Motion filed on October 20, 2015. The original Sixth Allocation and Sixth Interim Motion filed on April 15, 2015 did not allocate any additional recoveries to the Customer Fund; the Trustee simply re-allocated $1,448,717,625.26 of funds that had previously been allocated to the Customer Fund for the Time-Based Damages reserve.

10. The Trustee has recovered $128,570,363.78 since the Twelfth Allocation and Twelfth Interim Distribution as a result of litigation and pre-litigation settlements, interest income, and other miscellaneous recoveries. Therefore, the Trustee seeks approval to allocate the full amount of these recoveries to the Customer Fund.

11. As reflected in the table in Paragraph 9, the amount reserved through the Twelfth Interim Distribution is $25,296,656.10. This previously reserved amount, plus the $128,570,363.78 that the Trustee seeks to allocate in this Motion, less the $42,334,496.20 received after the twelfth allocation motion and used for the twelfth interim distribution, constitutes the total amount available for distribution. Therefore, the total amount available for the Thirteenth Interim Distribution will be $111,532,523.68. Of this amount, $2,495,989.22 must be held in reserve for non-liquid asset recoveries related to certain settlements, leaving a total of $109,036,534.46 available for distribution.

12. The Trustee will maintain a general reserve of $14,500,000.00, bringing the amount available for the Thirteenth Interim Distribution to $94,536,534.46.

13. The table below summarizes this calculation.

| Category | Amount |
|---|---|
| **SIPC 17 Receipts (October 31, 2021)** | $14,496,771,781.21 |
| **Total Recoveries** | **$14,496,771,781.21** |
| First Through Twelfth Interim Distribution Deductions | |
|   Allowed Accounts | $13,313,653,831.93 |
|   Reserved For Deemed Determined Accounts | $823,356,093.89 |
|   SIPC Subrogation | $248,229,331.71 |
| **Amount Available for Thirteenth Interim Distribution** | **$111,532,523.68** |
| Current Reserves | |
| General Reserve | $14,500,000.00 |
|   Reserve related to non-liquid settlement recoveries | $2,495,989.22 |
| **Amount Available for Thirteenth Interim Distribution After Reserves** | **$94,536,534.46** |

    14.    Of the $94,536,534.46 numerator, $85,562,977.21 will be distributed as part of the Thirteenth Interim Distribution to allowed accounts, and SIPC subrogation[10] for allowed accounts in the amount of $3,555,934.58[11] will be released to SIPC. For deemed determined accounts, $5,410,612.29 will be reserved.

---

[10] According to the provisions of SIPA, SIPC is reimbursed for its advances to customers once each respective customer claim is fully satisfied.
[11] An additional $1,813.05 of SIPC subrogation associated with the Thirteenth Interim Distribution for an account that has not returned the necessary paperwork required to receive their SIPC advance will be held in reserve.

**The Net Investment Method Denominator**

15.     The Trustee's Net Investment Method Denominator is the allowed amount of all accounts that have an allowed claim plus the net cash balance for all accounts into which more funds were deposited than withdrawn for which a claim has been filed, but not yet allowed. As of December 10, 2021, the Trustee's Net Investment Method denominator is $20,595,062,500.45. This number is subject to change as additional accounts are determined.

**Interim Calculation of *Pro Rata* Share
Distribution of Customer Fund**

16.     As set forth above, the total amount available for the Thirteenth Interim Distribution will be $111,532,523.68. Of that amount, $94,536,534.46 is available for distribution (the "Net Customer Fund"). The difference between those amounts—$16,995,989.22—represents the general reserve and reserves related to certain non-liquid settlement recoveries.

17.     The Denominator is $20,595,062,500.45. To determine the percentage of each allowed customer net equity claim that can be satisfied from the Customer Fund, the Net Customer Fund is divided by the Denominator, resulting in the following percentage:

$$\frac{\$94{,}536{,}534.46 \text{ (Net Customer Fund)}}{\$20{,}595{,}062{,}500.45 \text{ (Denominator)}} = 0.459\%$$

18.     A total of 791 accounts will receive a distribution of approximately 0.459% of their net equity claims, unless the account becomes fully satisfied. Of these 791 accounts (relating to 926 claims), 7 accounts (relating to 7 claims) will become fully satisfied, bringing the total of fully satisfied account holders to 1,505 (all accounts with an allowed claim amount of up to $1,682,000.00). 784 accounts will remain partially satisfied and will be entitled to participate in future distributions.

19. An additional seven accounts (relating to 11 claims) that are currently "deemed determined" could receive a distribution if and when the status of their claims moves from "deemed determined" to allowed. One of the 7 accounts would be fully satisfied by the SIPC advance. The remaining six accounts would receive both a SIPC advance and a distribution in accordance with the Trustee's Motion and his earlier distribution motions. None of the remaining six accounts would be fully satisfied by the First through Thirteenth Interim Distributions.

20. Upon approval of the Motion, each customer's ratable share of the Net Customer Fund should be no less than 70.307% of the customer's net equity claim, which includes the proposed 0.459% customers will receive upon the approval of the Thirteenth Allocation and Thirteenth Interim Distribution, the 4.602% customers received subject to the First Allocation and First Interim Distribution, the 33.556% customers received subject to the Second Allocation and Second Interim Distribution, the 4.721% customers received subject to the Third Allocation and Third Interim Distribution, the 3.180% customers received subject to the Fourth Allocation and Fourth Interim Distribution, the 2.743% customers received subject to the Fifth Allocation and Fifth Interim Distribution, the 8.262% customers received subject to the Sixth Allocation and Sixth Interim Distribution, the 1.305% customers received subject to the Seventh Allocation and Seventh Interim Distribution, the 1.729% customers received subject to the Eighth Allocation and Eighth Interim Distribution, the 3.806% customers received subject to the Ninth Allocation and Ninth Interim Distribution, the 2.729% customers received subject to the Tenth Allocation and Tenth Interim Distribution, the 1.975% customers received upon the approval of the Eleventh Allocation and Eleventh Interim Distribution, and the 1.240% customers received upon the approval of the Twelfth Allocation and Twelfth Interim Distribution.

By: */s/ Vineet Sehgal*
Vineet Sehgal

STATE OF TEXAS
COUNTY OF DALLAS

This instrument was acknowledged before me by means of a recorded interactive two-way audio and video communication on December 10, 2021 by Vineet Sehgal. This notarial act was an online notarization.

WITNESS my hand and official seal.

*/s/ Jane Kirby Murphey*
Jane Kirby Murphey, Notary Public
Qualified in Texas
*Commission Expires: 2/11/2024*