**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (CGM)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>Plaintiff,<br><br>v.<br><br>MARDEN FAMILY LIMITED PARTNERSHIP, a Delaware limited partnership; B&C MARDEN LLC, a Delaware limited liability company; BERNARD A. MARDEN REVOCABLE TRUST, a Florida trust; ESTATE OF BERNARD A. MARDEN; CHARLOTTE MARDEN (aka CHRIS MARDEN), as trustee and as an individual; PATRICE M. AULD, as trustee, as personal representative, and as an individual; and JAMES P. MARDEN, as trustee, as personal representative, and as an individual,<br><br>Defendants. | Adv. Pro. No. 10-04348 (CGM) |

**MOTION FOR ENTRY OF ORDER, PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND RULES 2002 AND 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, APPROVING SETTLEMENT AGREEMENT**

Irving H. Picard (the "Trustee"), as trustee for the liquidation of the business of Bernard L.

Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15

U.S.C. §§ 78aaa-*lll* ("SIPA"), and the substantively consolidated estate of Bernard L. Madoff ("Madoff") under chapter 7 of the United States Bankruptcy Code (the "Code"), 11 U.S.C. §§ 101-1532, by and through his undersigned counsel, submits this motion (the "Motion") seeking entry of an order, pursuant to section 105(a) of the Code and Rules 2002 and 9019 of the Federal Rules of Bankruptcy Procedure, approving the settlement agreement (the "Agreement") attached hereto as Exhibit 1, by and between the Trustee, on one hand, and on the other hand: (i) Marden Family Limited Partnership ("Partnership") and B&C Marden LLC ("B&C") (together, the "Defendants"), and (ii) the Estate of Bernard A. Marden, Charlotte M. Marden, Patrice M. Auld, and James P. Marden (collectively, the "Marden Family", and, together with the Defendants and the Trustee, the "Parties"). The Trustee, through his undersigned counsel, represents in support of this Motion:

## PRELIMINARY STATEMENT

The Agreement represents a good faith settlement between the Parties as to all avoidance claims asserted by the Trustee against Defendants. The Trustee expects that the settlement will benefit the customer property fund by more than approximately $41 million, a total that may potentially exceed the amount of the avoidable transfers at issue in this Adversary Proceeding, which Defendants received from BLMIS in the two years prior to December 11, 2008 (the "Filing Date"). The Trustee respectfully requests that the Court approve the Parties' settlement.

## BACKGROUND

1.  On the Filing Date, the United States Securities and Exchange Commission (the "SEC") filed a complaint in the United States District Court for the Southern District of New York (the "District Court") against BLMIS and Madoff. In the complaint, the SEC alleged that BLMIS engaged in fraud through its investment advisor activities.

2. On December 15, 2008, the SEC consented, pursuant to SIPA § 78eee(a)(4)(A), to a combination of its own action with an application of the Securities Investor Protection Corporation ("SIPC"). Thereafter, SIPC filed an application, pursuant to SIPA § 78eee(a)(3), in the District Court alleging, *inter alia*, that BLMIS was not able to meet its obligations to securities customers as they came due and accordingly its customers needed the protection afforded by SIPA.

3. Also on December 15, 2008, the District Court granted SIPC's application and entered an order that, *inter alia*, appointed the Trustee and SIPA § 78eee(b)(3) and removed the case to this Court under SIPA § 78eee(b)(4), where it is currently pending (No. 08-01789 (CGM)).

4. On April 13, 2009, an involuntary chapter 7 petition was filed against Madoff. On June 9, 2009, this Court entered an order substantively consolidating Madoff's chapter 7 estate with the SIPA liquidation proceeding of BLMIS.

## THE DEFENDANTS AND THE MARDEN FAMILY

5. Defendant Partnership is a limited partnership formed under the laws of the state of Delaware. Its principal place of business is located in Seattle, Washington. Defendant Partnership held a BLMIS account in the name of "Marden Family LP" (the "Account"), with the account address reported in Palm Beach, Florida.

6. Defendant B&C is a general partner of the Partnership and is a limited liability company formed under the laws of the state of Delaware. Its principal place of business is in Seattle, Washington.

7. Charlotte M. Marden was married to Bernard A. Marden ("Decedent") prior to his death on August 22, 2010. Mrs. Marden maintains her residence in Palm Beach, Florida.

8. James P. Marden and Patrice M. Auld are the children of Charlotte Marden and Decedent.

3

9.  Decedent's assets became assets of the Estate of Bernard A. Marden (the "BAM Estate") upon his death. The BAM Estate is being administered in the State of Florida, Circuit Court for Palm Beach County, Florida Probate Division, under File No. 502010CP004103XXXXMB. The Last Will and Testament of Bernard A. Marden was admitted to probate, and Letters of Administration were issued to James P. Marden and Patrice M. Auld as personal representatives of the BAM Estate, on or about September 20, 2010. Mrs. Marden is a beneficiary of the BAM Estate.

10. The BAM Estate, as successor to Bernard Marden, is the 99 percent limited partner of Defendant Partnership. B&C Marden is the 1% general partner of Defendant Partnership.

11. The equal members of Defendant LLC are the BAM Estate (through Patrice M. Auld and James Marden as personal representatives of the BAM Estate), Patrice Auld as an individual, and James P. Marden as an individual.

## THE TRUSTEE'S CLAIMS AGAINST DEFENDANTS

12. On November 30, 2010, the Trustee filed a complaint in this Court against Defendants and certain now-dismissed defendants[1] to avoid and recover fraudulent transfers Defendants received from BLMIS. (ECF No. 1.)

13. The Second Circuit's decision in *Ida Fishman Rev. Trust v. Picard (In re Bernard L. Madoff Inv. Secs. LLC)*, 773 F.3d 411 (2d Cir. 2014), *cert. denied*, 135 S. Ct. 2858 & 2959

---

[1] As noted in the caption, the complaint was originally filed against Marden Family Limited Partnership, B&C Marden LLC, Bernard A. Marden Revocable Trust, Estate of Bernard A. Marden, Charlotte Marden, as Trustee and as an Individual Patrice M. Auld, as Trustee, as Personal Representative, and as an Individual, and James P. Marden, as Trustee, as Personal Representative, and as an Individual. The claims against the original defendants stated in the preceding sentence were dismissed in their entirety pursuant to the Memorandum Decision Regarding Omnibus Motions to Dismiss, *In re Bernard L. Madoff Inv. Secs. LLC*, 531 B.R. 439 (Bankr. S.D.N.Y. 2015) (the "*Omnibus Decision*").

4

(2015) restricted the Trustee's claims to actual fraudulent transfers pursuant to 11 U.S.C. § 548(a)(1)(A) made by BLMIS within the two years preceding the Filing Date.

14. Defendants moved to dismiss the Complaint on March 22, 2013. (ECF No. 25.) To the extent that the Complaint asserted subsequent transfer claims against the following named individuals and entities, those claims were dismissed pursuant to the *Omnibus Decision*, and the ensuing order filed in this Adversary Proceeding (ECF No. 56): Charlotte Marden, Patrice M. Auld, James P. Marden, Bernard A. Marden Revocable Trust, and the BAM Estate.

15. BLMIS Account No. 1M0086 was opened in the name of "Bernard A. Marden Revocable Trust" on or about April 23, 1996. In or about July 2004, the Account was changed to be held in the name of "Marden Family LP."[2] As alleged by the Trustee in the Adversary Proceeding, the principal balance calculation for BLMIS Account No. 1M0086 demonstrates that between December 11, 2006 and December 11, 2008, BLMIS transferred $40,481,500 in fictitious profits from BLMIS Account No. 1M0086 to the Defendants. *See* Complaint Exhibit B, Column 10.

16. Defendants filed an Answer to the Complaint on September 18, 2015.

## MEDIATION AND SETTLEMENT DISCUSSIONS

17. Following the filing of Defendants' Answer, and prior to the close of fact discovery, the Trustee and the Defendants engaged in settlement discussions beginning in mid-2019 regarding the instant adversary proceeding and related adversary proceedings involving the Marden Family.

18. As a result of their negotiations in mid-2019, the Parties agreed that early mediation might facilitate further settlement discussions and potentially result in a consensual resolution of

---

[2] The Account's name was changed from "Bernard A. Marden Revocable Trust" to "Marden Family LP" in or about July 2004. Other than the change in name, it was the same account as noted by the Court in the *Omnibus Decision*, 531 B.R. at 481.

5

the adversary proceedings, while minimizing costs and expenses that would otherwise be incurred through fact discovery and further litigation proceedings.

19. On October 18, 2019, the Court entered the Stipulation and Order Referring Adversary Proceedings to Mediation and Appointing Mediator (ECF No. 120) (the "Mediation Order"). The Mediation Order appointed Deborah A. Reperowitz, Esq., of Stradley Ronon Stevens & Young, LLP, to serve as mediator.

20. Ms. Reperowitz conducted numerous bilateral and separate mediation sessions with counsel for the Parties. The Defendants and the Marden Family produced thousands of pages of documents and due diligence materials to the Trustee and Ms. Reperowitz over the course of the mediation. After more than eighteen months of extensive negotiations and the exchange of voluminous information and analyses, the Parties, along with a representative of SIPC, engaged in a lengthy, in-person mediation session on October 20, 2021, which lasted more than eight (8) hours, during which the participants agreed in principle to a settlement of the Trustee's claims against the Defendants, which is now embodied in the Agreement, and to resolve the Trustee's claims against the Marden Family, subject to final documentation acceptable to the Parties. The mediator has remained available to the Parties in connection with the preparation and revision of documentation and the final integration of definitive, agreed settlement terms and conditions.

## OVERVIEW OF THE AGREEMENT

21. The principal terms of the Agreement[3] are as follows:

 a. Certain Defendants and members of the Marden Family shall pay or cause to be paid to the Trustee the aggregate of $12,655,313.86 in cash within not more than

---

[3] The Agreement is attached to this Motion. Terms not otherwise defined herein shall have the meaning ascribed to them in the Agreement. In the event of any inconsistency between the summary provided herein and the actual terms of the Agreement, the Agreement shall control.

6

two (2) days after the day on which the Bankruptcy Court's order approving the Agreement has become final and not subject to appeal, except that if such day occurs on January 29, 30 or 31, 2022, the payment must be made so as to be received by the Trustee no later than January 31, 2021 (the "Effective Date").

b. Certain Defendants and members of the Marden Family shall pay or cause to be paid to the Trustee the aggregate of $8,259,606 in cash in two installments, the first to be received by the Trustee no later than December 31, 2022, and the second to be received by the Trustee no later than October 31, 2023.

c. On, and in some specified instances after, the Effective Date, certain Defendants and members of the Marden Family shall convey to the Trustee title to certain personal property set forth in the Supplemental Agreement to the Agreement (the "Supplemental Agreement"),[4] entered into by and between the Parties simultaneously with the execution of the Agreement, and take all reasonable steps directed in writing by the Trustee to facilitate the sales of certain real property which, when combined with the personal property, aggregates to an ascribed value for purposes of this settlement of approximately $20,000,000.

d. Notwithstanding the foregoing, the Trustee, the Defendants, and the Marden Family agree that the personal and real property attributed to Mrs. Marden as set forth in the Supplemental Agreement shall be turned over to the Trustee upon the death of Mrs. Marden, and her estate shall take all reasonable steps directed in

---

[4] The Parties simultaneously entered into the Supplemental Agreement which is expressly incorporated into the Agreement. The Supplemental Agreement sets forth the specifics regarding the property to be conveyed to the Trustee and the procedures and timing of the disposition of such property, and is not being made public in order to: (i) maintain the confidentiality of the particular items of personal and real property to be sold or conveyed and thereby preserve their value for the benefit of the customers, and (ii) preserve the privacy of the Defendants and the Marden Family.

writing by the Trustee to facilitate the sale of such property as contemplated in the Supplemental Agreement.

e. The Defendants and the Marden Family agree to take all reasonable steps as directed in writing by the Trustee to facilitate the sale of certain real and personal property as contemplated in the Agreement and as and fully set forth in the Supplemental Agreement.

f. The Trustee shall release, acquit, and forever discharge Defendants on the specific terms set forth in the Agreement and the Supplemental Agreement. Defendants likewise shall release, acquit, and forever discharge the Trustee, all his agents, SIPC, BLMIS, and its consolidated estate on the specific terms set forth in the Agreement and in the Supplemental Agreement.

g. In the event that this Court grants this Motion, the Parties shall file a stipulation to be so-ordered by this Court that discontinues this adversary proceeding without prejudice, subject to the terms of and the Parties' rights under the Agreement and the Supplemental Agreement, on terms that there be no orders for costs entered against any of the Parties.

## RELIEF REQUESTED

22. The Trustee respectfully requests by this Motion, that this Court enter an order, substantially in the form of the proposed order annexed hereto, approving the Agreement.

## LEGAL BASIS

23. Bankruptcy Rule 9019(a) provides, in pertinent part, that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." For approval under Bankruptcy Rule 9019(a), a bankruptcy court should find that the compromise

8

proposed is fair and equitable, reasonable, and in the best interests of a debtor's estate. *See In re Ionosphere Clubs, Inc.*, 156 B.R. 414, 426 (S.D.N.Y. 1993), *aff'd*, 17 F.3d 600 (2d Cir. 1994) (citing *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968)).

24. The Second Circuit has stated that a bankruptcy court, in determining whether to approve a compromise, should not decide the numerous questions of law and fact raised by the compromise, but rather should "canvass the issues and see whether the settlement 'fall[s] below the lowest point in the range of reasonableness.'" *Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir. 1983); *In re Ionosphere Clubs*, 156 B.R. at 426; *In re Purofied Down Prods. Corp.*, 150 B.R. 519, 522 (S.D.N.Y. 1993) ("the court need not conduct a 'mini-trial' to determine the merits of the underlying litigation").

25. In deciding whether a particular compromise falls within the "range of reasonableness," courts consider the following factors: (i) the probability of success in the litigation; (ii) the difficulties associated with collection; (iii) the complexity of the litigation, and the attendant expense, inconvenience and delay; and (iv) the paramount interests of the creditors or, in this case, customers. *Mason Hall & Asylum Fund v. Official Comm. of Unsecured Creditors of Refco Inc. (In re Refco, Inc.)*, 2006 WL 3409088, at *8 (S.D.N.Y. Nov. 16, 2006); *Nellis v. Shugrue*, 165 B.R. 115, 122 (S.D.N.Y. 1994) (citing *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 292 (2d Cir. 1992), *cert. dismissed*, 506 U.S. 1088 (1993)).

26. The bankruptcy court may credit and consider the opinions of the trustee or debtor and their counsel in determining whether a settlement is fair and equitable. *See In re Purofied Down Prods.*, 150 B.R. at 522; *Drexel Burnham*, 134 B.R. at 505. Even though the Court must independently evaluate the reasonableness of the settlement, *In re Rosenberg*, 419 B.R. 532, 536

9

(Bankr. E.D.N.Y. 2009), the business judgment of the trustee and his counsel should be considered in determining whether a settlement is fair and equitable. *In re Chemtura Corp.*, 439 B.R. 561, 594 (Bankr. S.D.N.Y. 2010). The competency and experience of counsel supporting the settlement may also be considered. *Nellis*, 165 B.R. at 122. Finally, the court should be mindful of the principle that "the law favors compromise." *Drexel Burnham*, 134 B.R. at 505 (quoting *In re Blair*, 538 F.2d 849, 851 (9th Cir. 1976)).

27. The Trustee respectfully submits that the Agreement sets forth fair and equitable terms, which fall well within the range of reasonableness. *See* Declaration of Irving H. Picard in Support of Motion, attached hereto as Exhibit 2. The Agreement furthers the interests of BLMIS customers by adding what the Trustee believes to be value of approximately $41 million through a combination of cash and other settlement consideration, a total that may potentially exceed the avoidable transfers Defendants received from BLMIS in the two years prior to the Filing Date. Even if the Trustee prevailed at trial, it is unlikely that he could collect the full amount of any judgment obtained against the Defendants. Given these uncertainties, together with the aggregate amount to which the Parties have agreed to settle the Trustee's claims, the Trustee respectfully submits that the terms of the Agreement are more than reasonable.

# **NOTICE**

28. In accordance with Bankruptcy Rules 2002 and 9019, notice of this Motion has been given to (i) SIPC; (ii) the SEC; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; and (v) Defendants' counsel Richard Levy, Jr., Esq., Pryor Cashman LLP, 7 Times Square, New York, New York 10036. Notice of this Motion will also be provided via e-mail and/or U.S. mail to all persons who have filed notices of appearance in the BLMIS proceeding and to all Defendants in this adversary proceeding pursuant to the Order Establishing Noticing Procedures and Limiting Notice, Adv. Pro. No. 08- 01789, ECF No. 4560. The Trustee submits that no other or further notice is required.

WHEREFORE, the Trustee respectfully requests entry of an order substantially in the form of the proposed order annexed hereto granting the relief requested in this Motion.

Dated: New York, New York  
December 17, 2021

Respectfully submitted,

*/s/ Nicholas J. Cremona*
Baker & Hostetler LLP
45 Rockefeller Plaza
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
Michael A. Sabella
Email: msabella@bakerlaw.com

*Attorneys for Irving H. Picard Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*