# EXHIBIT 1

# SETTLEMENT AGREEMENT

This SETTLEMENT AGREEMENT, dated as of December 17, 2021 (this "<u>Settlement Agreement</u>"), is made by and among:

# THE SETTLING PARTIES

IRVING H. PICARD (the "<u>Trustee</u>"), in his capacity as trustee under the Securities Investor Protection Act of 1970, 15 U.S.C. §§ 78aaa, *et seq*.,[1] as amended ("<u>SIPA</u>"), for the liquidation of Bernard L. Madoff Investment Securities LLC ("<u>BLMIS</u>") and the substantively consolidated Chapter 7 estate of Bernard L. Madoff ("<u>Madoff</u>");

and

MARDEN FAMILY LIMITED PARTNERSHIP ("<u>MFLP</u>");

B&C MARDEN LLC ("<u>Marden LLC</u>");

(together, the "<u>Defendants</u>")

and

THE ESTATE OF BERNARD A. MARDEN ("<u>BAM Estate</u>");

CHARLOTTE M. MARDEN (A/K/A CHRIS MARDEN), individually and in her capacity as a beneficiary of the BAM Estate ("<u>Charlotte</u>");

PATRICE M. AULD, individually, in her capacity as a member of the Marden LLC, and in her capacity as a personal representative of the BAM Estate ("<u>Patrice</u>"); and

JAMES P. MARDEN, individually, in his capacity as a member of the Marden LLC, and in his capacity as a personal representative of the BAM Estate ("<u>James</u>")

(collectively, the "<u>Marden Family Members</u>", and each, separately, a "<u>Marden Family Member</u>", and collectively with the Defendants and the Trustee, the "<u>Parties</u>", and each, separately, a "<u>Party</u>").

---

[1]     Citations to codified sections of SIPA hereinafter omit references to title 15 of the United States Code.

# **RECITALS**

A.      BLMIS and its predecessor were registered broker-dealers with the United States Securities and Exchange Commission (the "SEC") and members of the Securities Investor Protection Corporation ("SIPC");

B.      On December 11, 2008, Madoff was arrested by federal agents for violating criminal securities laws including securities fraud, investment adviser fraud, and mail and wire fraud.  At a plea hearing on March 12, 2009, in the case captioned *United States v. Madoff*, No. 09-CR-213(DC), Madoff pleaded guilty to an 11-count criminal information filed against him by the United States Attorney's Office for the Southern District of New York, and admitted that he "operated a Ponzi scheme through the investment advisory side of [BLMIS]" and engaged in fraud in the operation of BLMIS;

C.      On December 11, 2008 (the "Filing Date"), the SEC filed a complaint in the United States District Court for the Southern District of New York (the "District Court") against BLMIS and Madoff.  On December 12, 2008, the District Court entered an order which, *inter alia*, appointed Lee S. Richards, Esq. as receiver (the "Receiver") for the assets of BLMIS (No. 08-CV-10791 (LSS));

D.      On December 15, 2008, pursuant to Section 5(a)(4)(A) of SIPA, the SEC consented to a combination of its own action with the application of SIPC.  Thereafter, SIPC filed an application in the District Court under Section 5(a)(3) of SIPA alleging, *inter alia*, that BLMIS was not able to meet its obligations to securities customers as they came due and, accordingly, its customers needed the protections afforded by SIPA.  On December 15, 2008, the District Court granted the SIPC application and entered an order under SIPA, which, in pertinent part, appointed the Trustee as the trustee for the liquidation of the business of BLMIS under Section 5(b)(3) of SIPA, removed the Receiver as the receiver for BLMIS, and removed the case to the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") under Section 5(b)(4) of SIPA, where it is currently pending as Case No. 08-01789 (CGM).  By Order dated June 9, 2009, the estate of Madoff (the "Madoff Estate") was substantively consolidated with the estate of BLMIS;

E.      Pursuant to Section 78fff-1(a) of SIPA, the Trustee has the general powers of a bankruptcy trustee in a case under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), as well as the powers granted pursuant to SIPA.  Chapters 1, 3, 5 and subchapters I and II of Chapter 7 of the Bankruptcy Code apply to this SIPA proceeding to the extent consistent with SIPA;

F.      Under SIPA, the Trustee is charged with the responsibility to marshal and liquidate the assets of BLMIS for distribution to BLMIS customers and others in accordance with SIPA in satisfaction of allowed claims, including through the recovery of avoidable transfers such as preference payments and fraudulent transfers made by BLMIS;

G.      The Trustee's claims against transferees who received avoidable transfers from BLMIS arise under Sections 78fff(b), 78fff-1(a) and 78fff-2(c)(3) of SIPA, Sections 105(a), 541,

544, 547, 548, 550(a) and 551 of the Bankruptcy Code, the New York Debtor and Creditor Law
§ 270 *et seq*. (McKinney 2001), and other applicable laws;

H.    Pursuant to an order of the Bankruptcy Court, dated December 23, 2008 (the
"Claims Procedures Order", Case No. 08-01789 (CGM),[2] ECF No. 12), the Trustee is authorized
to enter into settlements with claimants in connection with any claims upon which there is a
disagreement, provided that the Trustee obtains the approval of SIPC.  Pursuant to the Claims
Procedures Order, no further order of the Bankruptcy Court is necessary as long as any obligations
incurred by the BLMIS estate under the settlements are ascertainable from the books and records
of BLMIS or are otherwise established to the satisfaction of the Trustee;

I.    Pursuant to an order of the Bankruptcy Court, dated November 12, 2010 (the
"Settlement Procedures Order", ECF No. 3181), the Trustee is authorized to enter into settlement
agreements with transferees in settlement of avoidable transfers without Bankruptcy Court
approval, subject to the limitations and procedures set forth therein.  Pursuant to the Settlement
Procedures Order, provided that the proposed settlement meets the settlement standards
established by the Bankruptcy Court, including, without limitation, the approval of the proposed
settlement by SIPC, no further order of the Bankruptcy Court is necessary for the settlement of
any and all avoidable transfers in an amount up to and including Twenty Million United States
Dollars ($20,000,000.00);

J.    MFLP is a limited partnership formed under the laws of the state of Delaware;

K.    MFLP held a BLMIS account, under account number 1M0086, in the name of
"Marden Family Members LP" (the "MFLP Account"), with the account address reported in Palm
Beach, Florida;

L.    Neither MFLP nor Marden LLC filed a claim with the Trustee in connection with
the MFLP Account;

M.    Since it was opened on or about April 23, 1996, the MFLP Account was held in the
following names: (a) from on or about April 23, 1996, to in or about July 2004, the MFLP Account
was held in the name, "Bernard A. Marden Revocable Trust;" and (b) from in or about July 2004
until the Filing Date (when it became inactive by reason of the commencement of the SIPA
Proceeding) the MFLP Account was held in the name, "Marden Family Members LP";

N.    Marden LLC is a general partner of MFLP and is a limited liability company
formed under the laws of the state of Delaware;

O.    Bernard A. Marden ("Decedent") was a limited partner of Defendant MFLP;

P.    Prior to his death, Decedent was married to Charlotte;

Q.    James and Patrice are children of Charlotte and Decedent;

---

[2]    All ECF numbers referenced herein are applicable to Adv. No. 08-01789 (CGM), unless otherwise
stated.

R.      Decedent died on August 22, 2010, at which time Decedent's assets became property of the BAM Estate;

S.      The BAM Estate succeeded by operation of law to Decedent's interest as a limited partner of MFLP;

T.      The BAM Estate is the subject of a probate case in the State of Florida in the Circuit Court for Palm Beach County, Florida Probate Division, under File No. 502010CP004103XXXXMB.  The Last Will and Testament of Bernard A. Marden was admitted to probate, and Letters of Administration were issued to James and Patrice as personal representatives of the BAM Estate on or about September 20, 2010.  Charlotte is a beneficiary of the BAM Estate;

U.      The members of the Marden LLC are: (i) the BAM Estate, as successor to Decedent, of which James and Patrice are the personal representatives; (ii) Patrice as an individual; and (iii) James as an individual;

V.      In the six years prior to the Filing Date, BLMIS transferred a total of $52,112,500 from the MFLP Account to MFLP ("Six-Year Transfers");

W.      In the two years prior to the Filing Date, BLMIS transferred a total of $40,481,500 from the MFLP Account to MFLP ("Two-Year Transfers");

X.      On March 1, 2010, Honorable Burton R. Lifland, United States Bankruptcy Judge, issued an opinion affirming the Trustee's "net equity" calculation of customer claims as the difference between investment into BLMIS and amounts withdrawn ("Net Investment Method"). On August 16, 2011, the United States Court of Appeals for the Second Circuit (the "Second Circuit") upheld the Trustee's use of the Net Investment Method, and on June 25, 2012, the United States Supreme Court denied petitions for *certiorari*;

Y.      On November 30, 2010, the Trustee commenced an adversary proceeding against Defendants and certain other parties, currently captioned *Picard v. Marden Family Members Limited Partnership, et al.*, Adv. Pro. No. 10-04348 (CGM) ("MFLP Adversary Proceeding"), asserting claims against Defendants and certain other parties to avoid and recover the Two-Year Transfers, the Six-Year Transfers, and the Transfers under 11 U.S.C. §§ 544, 548, 550 and 551, the New York Uniform Fraudulent Conveyance Act (New York Debtor and Creditor Law §§ 273–279), and Section 78fff-2(c)(3) of SIPA.  The Trustee's claims described in this recital are collectively referred to as the "Avoidance Claims";

Z.      On or about January 4, 2012, Defendants moved to dismiss the Trustee's original complaint on certain grounds following the withdrawal of the reference of the MFLP Adversary Proceeding to the District Court for certain proceedings;

AA.     On January 27, 2012, the Trustee filed an amended complaint against the Defendants in the District Court ("Complaint") in Consolidated Case No. 11 Civ. 5160 (JSR), during the period in which the reference of the MFLP Adversary Proceeding had been withdrawn to the District Court for motion practice concerning the Defendants' challenges to the sufficiency of the original complaints and the amended complaints;

4

BB.    On April 30, 2012, the District Court dismissed the Trustee's claims to avoid and recover the Non-Two Year Transfers based on an interpretation of Bankruptcy Code Section 546(e) in approximately eighty separate adversary proceedings, *Securities Inv'r Prot. Corp. v. Bernard L. Madoff Investment Securities Marden LLC*, 476 B.R. 715 (S.D.N.Y. 2012), supplemented May 15, 2012 (the "Dismissal Order");

CC.    The Trustee appealed the Dismissal Order to the United States Court of Appeals for the Second Circuit ("Second Circuit"), which affirmed the Dismissal Order by an order and decision dated December 8, 2014, *Picard v. Ida Fishman Rev. Trust (In re Bernard L. Madoff Inv. Sec. Marden LLC)*, 773 F.3d 411, 423 (2d Cir. 2014) ("546(e) Decision"), a consolidated appeal to which the Defendants were parties;

DD.    On June 22, 2015, the Supreme Court of the United States denied *certiorari* of the Trustee's appeal of the 546(e) Decision, a case to which the Defendants were parties. As a result of the 546(e) Decision, Section 546(e) of the Bankruptcy Code applies to the MFLP Adversary Proceeding;

EE.    After the 546(e) Decision, only the Trustee's claims seeking to avoid and recover actual fraudulent transfers under Section 548(a)(1)(A) of the Bankruptcy Code remained pending against the Defendants in the MFLP Adversary Proceeding;

FF.    Following the dismissal of certain Defendants and counts in the MFLP Adversary Proceeding, the remaining amount of alleged avoidable transfers at issue in the MFLP Adversary Proceeding is $41,480,500 (the "Avoidable Transfers");

GG.    On March 22, 2013, Defendants moved to dismiss the Complaint on certain grounds. To the extent that the Complaint asserted *subsequent* transfer claims against any individuals and entities named as defendants in the Complaint, those claims were dismissed pursuant to the Bankruptcy Court's Memorandum Decision Regarding Omnibus Motions to Dismiss, *In re Bernard L. Madoff Inv. Secs. Marden LLC*, 531 B.R. 439 (Bankr. S.D.N.Y. 2015), and the ensuing order filed in the MFLP Adversary Proceeding (ECF No. 56);

HH.    The Trustee alleges that MFLP received the Avoidable Transfers at issue from its BLMIS Account;

II.    After the return of the reference of the MFLP Adversary Proceeding to the Bankruptcy court, Defendants filed an answer to the amended complaint on or about September 18, 2015, disputing liability to the Estate under the remaining counts of the Complaint and asserting certain defenses;

JJ.    The Trustee did not allege any actual knowledge of, complicity or participation in, or willful blindness to, the BLMIS scheme on the part of any of the Defendants;

KK.    MFLP did not file a customer claim in connection with the MFLP Account;

LL.    Following the filing of the Defendants' answer and prior to the close of fact discovery in the MFLP Adversary Proceeding, the Trustee and the Defendants agreed to engage in settlement discussions regarding the MFLP Adversary Proceeding and four other adversary

proceedings (collectively the with the MFLP Adversary Proceeding, the "Adversary Proceedings") pending against other Marden Family Members, and to extend all deadlines in those cases pending the completion of settlement discussions;

MM.    In the course of their settlement discussions, the Parties agreed that early mediation might help to facilitate further settlement discussions and potentially result in a consensual and global resolution, while minimizing costs and expenses that would otherwise be incurred through the continuation of fact discovery and further litigation proceedings;

NN.    On October 18, 2019, the Court entered the Stipulation and Order Referring Adversary Proceedings to Mediation and Appointing Mediator (master copy of order filed in Adv. Proc. No. 08-01789 at ECF No. 19073) ("Mediation Order");

OO.    The Mediation Order appointed Deborah A. Reperowitz, Esq., of Stradley Ronon Stevens & Young, LLP, to serve as mediator ("Mediator");

PP.    From the time of her appointment through early October 2021, the Mediator conducted numerous bilateral and separate mediation sessions with counsel for the Parties, as well as separate private consultations with counsel for the Trustee and counsel for the Defendants and the Marden Family Members;

QQ.    During the course of the mediation, the Defendants and the Marden Family Members produced thousands of pages of documents and due diligence materials to the Mediator and the Trustee in response to the Trustee's requests;

RR.    After more than two years of extensive negotiations, the provision by the Defendants and the Marden Family Members of voluminous information and analyses, and consultations with each other and with the Mediator, the Parties engaged in a mediation session with the Mediator on October 20, 2021, which was attended by counsel for the Trustee, a representative of SIPC, and a representative of and counsel for the Defendants and the Marden Family Members and during which the Trustee, the Defendants and the Marden Family Members, with the assistance of the Mediator, agreed to a settlement of the Adversary Proceedings including all of the Trustee's claims against the Defendants and the Marden Family Members, subject to the execution of definitive documentation now memorialized in the terms and conditions of this Settlement Agreement and the Supplemental Agreement to Settlement Agreement ("Supplemental Agreement")[3];

SS.    The Defendants and the Marden Family Members acknowledge Recitals A to RR above solely for purposes of this Settlement Agreement; and

---

[3]    The Parties simultaneously entered into the Supplemental Agreement, which is expressly incorporated into this Settlement Agreement. The Supplemental Agreement sets forth the specifics regarding the property to be conveyed to the Trustee and the procedures and timing of the disposition of such property, and is not being made public in order to: (i) maintain the confidentiality of the particular items of personal and real property to be sold or conveyed and thereby preserve their value for the benefit of the customers, and (ii) preserve the privacy of the Defendants and the Marden Family.

TT.    The Parties desire to settle any and all claims and disputes between and among the Trustee, on one hand, and the Defendants and the Marden Family Members, on the other hand, with respect to BLMIS, Madoff, the BLMIS Accounts, and the MFLP Adversary Proceeding without the expense, delay and uncertainty of further litigation.

**NOW, THEREFORE,** in consideration for the covenants and agreements set forth in this Settlement Agreement (including, without limitation, the releases respectively set forth in <u>Section 6</u> and <u>Section 7</u>) and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged for purposes of this settlement, the Parties agree:

# <u>AGREEMENT</u>

1.    <u>Recitals</u>.  The foregoing Recitals are hereby incorporated into, and are a material part of, this Settlement Agreement.

2.    <u>Definition</u>.  The following definition shall apply to and constitute part of this Settlement Agreement and all schedules, exhibits and annexes hereto:

"<u>Unknown Claims</u>" shall mean any Trustee Released Claims and Defendant Released Claims (as defined in <u>Sections 6 and 7</u> herein, respectively) that any Party does not know or suspect to exist in such Party's favor at the time of giving the release in this Settlement Agreement that if known by such Party might have affected such Party's settlement and release in this Settlement Agreement.  With respect to any and all Released Claims, each Party shall expressly waive or be deemed to have waived, the provisions, rights and benefits of California Civil Code § 1542 (to the extent it applies herein), which provides:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

The Parties expressly waive, and shall be deemed to have waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, that is similar, comparable or equivalent in effect to California Civil Code § 1542. A Party may hereafter discover facts in addition to or different from those that such Party now knows or believes to be true with respect to the subject matter of the Released Claims, but the Parties shall expressly have and shall be deemed to have fully, finally and forever settled and released any and all such Released Claims, known or unknown, suspected or unsuspected, contingent or noncontingent, whether or not concealed or hidden, that now exist or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including conduct that is negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence or such different or additional facts. Each Party acknowledges and shall be deemed to have acknowledged that the

foregoing waiver was separately bargained for and a key element of the settlement of which this
release is a part.

3.     <u>Settlement Consideration</u>.  Under the Settlement documents, certain Defendants
and Marden Family Members shall: (i) pay or cause to be paid to the Trustee the aggregate amount,
in cash, of Twelve Million Six Hundred Sixty-Five Thousand, Three Hundred Thirteen United
States Dollars and Eighty-Six Cents ($12,665,313.86) (the "<u>Initial Cash Settlement Payment</u>") on
the Effective Date as defined below; (ii) pay or cause to be paid to the Trustee the aggregate
amount, in cash, of Eight Million Two Hundred Fifty-Nine Thousand Six Hundred Six United
States Dollars ($8,259,606) in cash in two installments, the first to be received by the Trustee no
later than December 31, 2022, and the second to be received by the Trustee no later than October
31, 2023 (the "<u>Further Cash Settlement Consideration</u>" and, together with the Initial Cash
Settlement Payment, the "<u>Cash Settlement Consideration</u>"); and (iii) turn over to the Trustee or
sold, or caused to be turned over to the Trustee or sold, certain real and personal property described
below having the ascribed aggregate value of approximately Twenty Million United States Dollars
($20,000,000) agreed to by the Parties solely for purposes of the Settlement (the "<u>Other Settlement
Consideration</u>" and, collectively with the Cash Settlement Consideration, the "<u>Settlement
Consideration</u>")).  The Settlement Consideration shall be paid or delivered to the Trustee, as the
case may be, as follows:

(a)   This Settlement Agreement shall become effective only upon the occurrence of
the Effective Date, as defined in the next sentence.  The "<u>Effective Date</u>" of this Settlement
Agreement is the date: (i) two (2) days after the day on which the Bankruptcy Court's order
approving the terms and conditions of this Settlement Agreement ("<u>Bankruptcy Approval
Order</u>") becomes final and non-appealable (a "<u>Final Order</u>"), and (ii) the Initial Cash
Settlement Payment (as defined above) has been paid to the Trustee, provided that if the
day under clause (i) occurs on January 29, 30 or 31, 2022, the payment must be made so
as to be received by the Trustee no later than January 31, 2022.

(b)   Certain Defendants and members of the Marden Family Members shall,
within two (2) days after the date upon which the Bankruptcy Approval Order has become
a Final Order, but not later than January 31, 2022, pay or cause to be paid to the Trustee in
cash the Initial Cash Settlement Payment by, at the payors' option, either:  (i) wire
transfer(s) of immediately available funds to the account specified on <u>Schedule 1</u> attached
hereto ("<u>Wire Transfer</u>"), or (ii) bank or cashier's check(s) made payable to Trustee, or (iii)
a combination of the payment methods under clauses (i) and (ii), *provided that* satisfaction
of Trustee's obligations hereunder shall be conditioned on the collection of the Initial Cash
Settlement Payment by Trustee.

(c)   Certain Defendants and members of the Marden Family shall pay or cause
to be paid to the Trustee the Further Cash Settlement Consideration in installments with
the final payment to be paid in full as and when provided in the Supplemental Settlement
on or before October 31, 2023 by, at the payors' option, either: (i) Wire Transfer(s), or (ii)
bank or cashier's check(s) made payable to Trustee, or (iii) a combination of the payment
methods under clauses (i) and (ii), *provided that* satisfaction of Trustee's obligations
hereunder shall be conditioned on the collection of the Further Cash Settlement
Consideration by Trustee.

(d)      On the Effective Date or as soon as practicable thereafter, except as otherwise provided in this Settlement Agreement or the Supplemental Agreement, the Defendants and the Marden Family Members shall turn over or convey or cause to be turned over or conveyed to the Trustee, or take all reasonable steps directed in writing by the Trustee to sell or facilitate the sale of, the Other Settlement Consideration identified in, and on the terms and conditions of, the Supplemental Agreement entered into by and among the Parties simultaneously with the execution of this Settlement Agreement, having an ascribed aggregate value of approximately Twenty Million United States Dollars ($20,000,000) agreed to by the Parties solely for purposes of the Settlement.  The Supplemental Agreement is incorporated into the Settlement Agreement by reference.  If there is any inconsistency between the terms of this Settlement Agreement and the Supplement Agreement with respect to the conveyances and dispositions of the Other Settlement Consideration, the Supplemental Agreement shall govern.

(e)      Notwithstanding the foregoing, the Trustee, the Defendants, and the Marden Family Members agree that the estate of Charlotte (the "Charlotte Estate"), pursuant to the Supplemental Agreement, shall turn over or take all reasonable steps directed in writing by the Trustee to facilitate the sale of the personal property attributed to Charlotte as set forth in the Supplemental Agreement and the real property identified in the Supplemental Agreement, for which the reasonable costs and expenses of sale (including reasonable attorneys' fees) shall be paid from the proceeds of sale, subject to submission of the costs and expenses to and review by the Trustee.  The Parties agree to work and cooperate in good faith regarding the terms and conditions of any such sale of real and personal property, including the payment of the costs and expenses of such sales.

4.      Bankruptcy Court Approval; Termination.  This Settlement Agreement is subject to the entry of the Bankruptcy Approval Order in form and substance reasonably satisfactory to the Defendants and the Marden Family Members, to which no Party shall appeal.  The Trustee shall use his best efforts to obtain the approval of the Bankruptcy Court of this Settlement Agreement as soon as practicable on or after the date of this Settlement Agreement.  If the Bankruptcy Court does not enter a Bankruptcy Approval Order in accordance with the terms and conditions of this Section, and unless the Parties otherwise mutually agree in writing, this Settlement Agreement shall be null and void, shall not constitute and admission or representation of any Party and may not be offered in evidence or admitted for any purpose in any action or proceeding of any kind.

5.      Dismissal of MFLP Adversary Proceeding.  Within ten (10) business days after the Effective Date, the Parties shall file a stipulation to be so-ordered by the Bankruptcy Court that dismisses the MFLP Adversary Proceeding without prejudice and without costs against any of the Parties, subject to the terms of and the Parties' rights under this Settlement Agreement and the Supplemental Agreement, and the right to reopen the MFLP Adversary Proceeding in the event of any uncured failure of the Defendants and the Marden Family Members, after receipt of written notice of default from the Trustee, to perform their obligations under this Settlement Agreement, the Supplemental Agreement, any documents annexed to or executed pursuant thereto, and/or any amendments or other modifications thereof.

6.    <u>Release by the Trustee</u>.  On the Effective Date, in consideration for the covenants
and agreements set forth in this Settlement Agreement and for other good and valuable
consideration, the receipt and sufficiency of which are hereby acknowledged, except with respect
to any rights and obligations arising under this Settlement Agreement, the Trustee, for himself and
his successors, executors, administrators, heirs and assigns, hereby releases, remises and forever
discharges only the Defendants and the Marden Family Members, jointly and severally, and their
respective successors, executors, administrators, heirs and assigns, and Defendants and the Marden
Family Members' attorneys, professionals, agents and consultants, from any and all past, present
or future claims or causes of action (including any suit, petition, demand, or other claim in law,
equity or arbitration) and from any and all allegations of liability or damages (including any
allegation of duties, debts, reckonings, contracts, controversies, agreements, promises, damages,
responsibilities, covenants, or accounts) of whatever kind, nature or description, direct or indirect,
in law, equity or arbitration, absolute or contingent, in tort, contract, statutory liability or otherwise,
based on strict liability, negligence, gross negligence, fraud, breach of fiduciary duty or otherwise
(including attorneys' fees, costs or disbursements) known or unknown (including Unknown
Claims), that are, have been, could have been, or might in the future be, asserted by Trustee on
behalf of BLMIS, Madoff, and/or the consolidated BLMIS/Madoff estate, against Defendants and
the Marden Family Members based on arising out of relating to BLMIS, the consolidated
BLMIS/Madoff estate, the MFLP Account, the MFLP Adversary Proceeding, and the Avoidable
Transfers (the "<u>Trustee Released Claims</u>").  The Trustee Released Claims are specifically intended
to include claims or causes of action asserted, or that could be asserted, now or in the future, by
the Trustee to avoid and recover subsequent transfers, if any, of the Avoidable Transfers. The
Trustee's release excludes any and all claims to enforce any obligation of any Defendant or Marden
Family Members Member under this Settlement Agreement and the Supplemental Agreement or
for any and all damages for any misrepresentation made in such Agreements.

7.    <u>Releases by Defendants and Marden Family Members</u>.  On the Effective Date, each
Defendant and Marden Family Member, on behalf of itself, herself or himself, as the case may be,
and such Defendant's and Marden Family Member's successors, executors, administrators, heirs
and assigns, hereby releases, remises, and forever discharges: (a) the Trustee, (b) all of the
Trustee's attorneys, professionals, agents and consultants, and (c) BLMIS and its consolidated
estate from any and all past, present or future claims or causes of action (including any suit,
petition, demand, or other claim in law, equity or arbitration) and from any and all allegations of
liability or damages (including any allegation of duties, debts, reckonings, contracts, controversies,
agreements, promises, damages, responsibilities, covenants, or accounts) of whatever kind, nature
or description, direct or indirect, in law, equity or arbitration, absolute or contingent, in tort,
contract, statutory liability or otherwise, based on strict liability, negligence, gross negligence,
fraud, breach of fiduciary duty or otherwise (including attorneys' fees, costs or disbursements)
known or unknown (including Unknown Claims), now existing or arising in the future, based on
arising out of relating to BLMIS, the consolidated BLMIS/Madoff estate, the MFLP Account, the
MFLP Adversary Proceeding, and the Avoidable Transfers (the "<u>Defendant and Marden Family
Member Released Claims</u>", and together with the Trustee Released Claims, the "<u>Released
Claims</u>").

8.    <u>Authority and Representations of the Trustee</u>.    The Trustee represents to
Defendants, as of the date hereof, and subject to the approval of the Bankruptcy Court, as set forth
in Section 4 above, that he has the full power, authority, and legal right to execute and deliver, and

to perform his obligations under this Settlement Agreement, and has taken all necessary action to authorize the execution and delivery of, and the performance of his obligations under, this Settlement Agreement.

9.      <u>Authority of the Defendants and Marden Family Members</u>.  Each Defendant and Marden Family Members represents and warrants to the Trustee that: (i) he, she or it, as the case may be, has the full power, authority, legal right, and capacity to execute and deliver this Settlement Agreement and the Supplemental Agreement and to perform his or her obligations hereunder; (ii) this Settlement Agreement and the Supplemental Agreement have been duly executed and delivered by him or her, and constitutes a valid and binding agreement, enforceable against him or her in accordance with its terms; (iii) in executing this Settlement Agreement and the Supplemental Agreement, he or she has done so with the full knowledge of any and all rights that he or she may have with respect to the controversies herein compromised, and he or she has received or has obtained independent legal advice from his or her attorneys with regard to the facts relating to said controversies and with respect to the rights arising out of said facts; and (iv) no other person or entity, other than those specifically identified herein, has any interest in the matters that he or she releases herein, and he or she has not assigned or transferred or purported to assign or transfer to any such third person or party all or any portion of the matters that he or she releases herein.

10.     <u>Authority on Behalf of BAM Estate</u>.  Each of Patrice and James, in her or his respective capacity as a personal representative of the BAM Estate, represents and warrants to the Trustee that: (i) she or he has, and they have, the full power, authority, legal right and capacity, on behalf of the BAM Estate, to execute and deliver this Settlement Agreement and the Supplemental Agreement and to perform its obligations hereunder and thereunder, respectively; (ii) the execution and delivery of this Settlement Agreement and the performance of their obligations hereunder, as well as the terms of the Supplemental Agreement and the obligations thereunder, have been duly and validly authorized by all necessary action on the part of the BAM Estate; (iii) this Settlement Agreement and the Supplemental Agreement have been duly executed and delivered by them, and constitutes valid and binding agreements, enforceable against the BAM Estate in accordance with their terms; (iv) in executing this Settlement Agreement and the Supplemental Agreement, they have done so with the full knowledge of any and all rights that the BAM Estate may have with respect to the controversies herein compromised, and they have received or had the opportunity to obtain independent legal advice from their attorneys with regard to the facts relating to said controversies and with respect to the rights arising out of said facts; and (v) no other person or entity, other than those specifically identified herein, has any interest in the matters that they release herein on behalf of the BAM Estate, and they have not assigned or transferred or purported to assign or transfer to any such third person or party all or any portion of the matters that they release herein on behalf of the BAM Estate.

11.     <u>Authority on Behalf of MFLP</u>.  Each of Patrice and James, in her or his respective capacity as a personal representative of the BAM Estate and as a member of Defendant Marden LLC, represents and warrants to the Trustee that: (i) she or he has, and they have, the full power, authority, legal right and capacity, on behalf of Defendant MFLP, to execute and deliver this Settlement Agreement and the Supplemental Agreement and to perform its obligations hereunder and thereunder, respectively; (ii) the execution and delivery of this Settlement Agreement and the performance of their obligations hereunder, as well as the terms of the Supplemental Agreement

and the obligations thereunder, have been duly and validly authorized by all necessary action on the part of Defendant MFLP; (iii) this Settlement Agreement and the Supplemental Agreement have been duly executed and delivered by them, and constitute valid and binding agreements, enforceable against Defendant MFLP in accordance with their terms; (iv) in executing this Settlement Agreement and the Supplemental Agreement, they have done so with the full knowledge of any and all rights that Defendant MFLP may have with respect to the controversies herein compromised, and they have received or had the opportunity to obtain independent legal advice from their attorneys with regard to the facts relating to said controversies and with respect to the rights arising out of said facts; and (v) no other person or entity, other than those specifically identified herein, has any interest in the matters that they release herein on behalf of Defendant MFLP, and they have not assigned or transferred or purported to assign or transfer to any such third person or party all or any portion of the matters that they release herein on behalf of Defendant MFLP.

12.    <u>Authority on Behalf of Marden LLC</u>.  Each of Patrice and James, in her or his respective capacity as a personal representative of the BAM Estate and as a member of Defendant Marden LLC, represents and warrants to the Trustee that: (i) she or he has, and they have, the full power, authority, legal right and capacity, on behalf of the Marden LLC, to execute and deliver this Settlement Agreement and the Supplemental Agreement and to perform the obligations hereunder and thereunder, respectively; (ii) the execution and delivery of this Settlement Agreement and the performance of their obligations hereunder, as well as the terms of the Supplemental Agreement and the obligations thereunder, have been duly and validly authorized by all necessary action on the part of the Marden LLC; (iii) this Settlement Agreement and the Supplemental Agreement have been duly executed and delivered by them, and constitute valid and binding agreements, enforceable against Defendant Marden LLC in accordance with their terms; (iv) in executing this Settlement Agreement and the Supplemental Agreement, they have done so with the full knowledge of any and all rights that Defendant Marden LLC may have with respect to the controversies herein compromised, and they have received or had the opportunity to obtain independent legal advice from their attorneys with regard to the facts relating to said controversies and with respect to the rights arising out of said facts; and (v) no other person or entity, other than those specifically identified herein, has any interest in the matters that they release herein on behalf of Defendant Marden LLC, and they have not assigned or transferred or purported to assign or transfer to any such third person or party all or any portion of the matters that they release herein on behalf of Defendant Marden LLC.

13.    <u>Defendants' Further Representations</u>.  To induce the Trustee to enter into this Settlement Agreement and the Supplemental Agreement, each Defendant represents and warrants, to the best of its knowledge, information, and belief, that: (1) other than the Transfers as referenced on Exhibit B of the Complaint, it has not received any other money, funds, loans, transfers, assets, financial assistance or financial accommodation from Madoff, BLMIS or any other company or entity owned or controlled by Madoff or BLMIS; (2) it is not an immediate, mediate or subsequent transferee of any other transfers, funds or property originating from Madoff or BLMIS to an initial transferee; and (3) other than the claims asserted in the Complaint, it is not aware of any other potential claims against it by Madoff, BLMIS or any other company or entity owned or controlled by Madoff or BLMIS.

14.     Parties' Further Assurances.  The Parties shall execute and deliver any document or instrument reasonably requested by any of them after the date of this Settlement Agreement to give effect to its intent.

15.     Exclusive Jurisdiction.  The Parties agree that any dispute between the Parties arising from, relating to, or in connection with this Settlement Agreement or the Supplemental Agreement, including issues relating to breach of this Settlement Agreement or the Supplemental Agreement as contemplated in Section 16 of this Settlement Agreement, may be brought only in the Bankruptcy Court, which may then enter final award and/or judgment relating to any such dispute.  Prior to seeking any relief from the Bankruptcy Court, the petitioning Party must first provide the other Parties with written notice of the alleged breach of this Settlement Agreement and provide the alleged breaching Party thirty (30) days in which to cure the alleged breach.  Each Party further agrees to waive any and all defenses to the enforceability of an award or judgment entered by the Bankruptcy Court under this Section in any action brought by any Party to enforce such an award or judgment.

16.     Breach of this Settlement Agreement and the Supplemental Agreement.  The Parties shall, in addition to any remedies provided under Section 15 of this Settlement Agreement and any other remedies available under the Bankruptcy Code or any other law, have the following remedies in the event of a breach of Section 3 of this Settlement Agreement:  Defendants consent to the entry of judgment (the "Stipulated Judgment") in favor of the Trustee in the amount of Forty Million Four Hundred Eighty-One Thousand Five Hundred United States Dollars ($40,481,500.00), substantially in the form attached hereto as Exhibit 1.  The Trustee agrees that the Stipulated Judgment will be held in escrow by Trustee's counsel and that the Trustee will neither file the Stipulated Judgment nor request entry of the Stipulated Judgment as long as the Settlement Consideration due under this Settlement Agreement are timely made or, in the case of assets for which sales or later forms of disposition are required under the Supplement Agreement, is in the process of being made in good faith.   If there is an event of default that occurs under this Settlement Agreement and the Supplemental Agreement, and after notice and opportunity to cure the default as provided below, the Trustee shall be entitled to file and the Bankruptcy Court shall enter the Stipulated Judgment, and, if such default under the Settlement Agreement and the Supplemental Agreement is cured, then, the Trustee shall file a Notice of Satisfaction of the Stipulated Judgment. At least ten (10) days prior to causing the Stipulated Judgment to be entered by the Clerk of the Bankruptcy Court, the Trustee shall provide Defendants and their counsel, at the address listed on the signature pages hereto, with written notice of default (the "Notice of Default"), and the defaulting Defendants shall have the opportunity to cure any such default within ten (10) days thereafter or such further period as may be agreed.  If the default is not cured within ten (10) days (the "Default Date"), then the Trustee will request entry of the Stipulated Judgment against such Defendants as further provided below.  If the Stipulated Judgment is entered, it shall bear interest at the rate of four percent (4.0%) per annum from the Effective Date.  The Stipulated Judgment shall be executed by counsel for Trustee and Defendants and the Marden Family Members substantially in the form attached as Exhibit 1, and filed after the Default Date by the Trustee or his attorney of record.

17.     Entire Agreement.  This Settlement Agreement, together with the Supplemental Agreement, constitutes the entire agreement and understanding between and among the Parties,

and supersedes all prior agreements, representations, and understandings concerning the subject matter hereof.

18.    Amendments, Waiver.   This Settlement Agreement may not be terminated, amended or modified in any way except as set forth herein.   Material modifications to this Settlement Agreement must be in a writing signed by all the Parties and are subject to approval from the Bankruptcy Court.   Non-material modifications must be in a writing signed by all Parties. No waiver of any provision of this Settlement Agreement shall be deemed to constitute a waiver of any other provision hereof, whether or not similar, nor shall such waiver constitute a continuing waiver.

19.    Assignability.   This Settlement Agreement, including any rights arising under this Settlement Agreement, may not be assigned by any Party without the prior written consent of all other Parties, except that Defendants' consent is not required for the Trustee to assign or otherwise transfer this Settlement Agreement, or any of his rights under this Settlement Agreement, in connection with any assignment or other transfer of the Trustee's rights hereunder. All mutually agreed upon assignees shall be known as "Permitted Assigns".

20.    Successors Bound.  This Settlement Agreement shall be binding upon, inure to the benefit of, and be enforceable against each Party and its respective successors, executors, administrators, heirs and Permitted Assigns.

21.    Applicable Law.   This Settlement Agreement shall be construed and enforced in accordance with the laws of New York State without regard to its conflict of law provisions that would result in the application of the law of another jurisdiction.   Each Party waives, on behalf of itself and any successors and assigns, any and all right to argue that the choice of New York law provision is or has become unreasonable in any legal proceeding.

22.    Captions and Rules of Construction.  The captions in this Settlement Agreement are inserted only as a matter of convenience and for reference and do not define, limit or describe the scope of this Settlement Agreement or the scope or content of any of its provisions.   Any reference in this Settlement Agreement to a section is to a section of this Settlement Agreement. "Includes" and "including" are not limiting.

23.    Counterparts; Electronic Copy of Signatures.  This Settlement Agreement may be executed and delivered in any number of counterparts, each of which so executed and delivered shall be deemed to be an original and all of which shall constitute one and the same document. The Parties may evidence their execution of this Settlement Agreement by delivery to the other Party of scanned or faxed copies of their signatures, with the same effect as the delivery of an original signature, or by use of DocuSign.

24.    Negotiated Agreement.  This Settlement Agreement has been fully negotiated by the Parties.  Each Party acknowledges and agrees that this Settlement Agreement has been drafted jointly, and the rule that ambiguities in an agreement or contract may be construed against the drafter shall not apply in the construction or interpretation of this Settlement Agreement.

25.    Severability.  In the event that any term or provision of this Settlement Agreement or any application thereof is deemed to be invalid or unenforceable, the remainder of this

Settlement Agreement and any other application of such term or provision shall not be affected thereby.

26.    <u>Expenses</u>. Each Party shall bear its respective expenses relating to or arising out of the MFLP Adversary Proceeding and this Settlement Agreement, including, but not limited to, fees for attorneys, experts, consultants, accountants and other advisors.

27.    <u>No Third Party Beneficiaries</u>. Except as expressly provided elsewhere in this Settlement Agreement, the Parties do not intend to confer any benefit by or under this Settlement Agreement upon any person or entity other than the Parties hereto and their respective successors and permitted assigns.

28.    <u>No Admission</u>.  This Settlement Agreement is not intended to be, and shall not be deemed, construed or treated in any respect as, an admission of liability or wrongdoing by any person or entity for any purposes, or the truth of any allegations of the Complaint.

29.    <u>Notices</u>.  Any notices under this Settlement Agreement shall be in writing, shall be effective when received, and may be delivered only by hand, by overnight delivery service, by fax, or by electronic transmission to:

If to the Trustee:

David J. Sheehan, Esq.
Baker & Hostetler LLP
45 Rockefeller Center
New York, New York 10111
F: (212) 589-4201
E: dsheehan@bakerlaw.com

If to Defendants:

Richard Levy, Jr., Esq.
Pryor Cashman LLP
7 Times Square
New York, New York 10036
F: (212) 421-4100
E: rlevy@pryorcashman.com

*[signatures appear on the following pages]*

IN WITNESS WHEREOF, the Parties hereto have caused this Settlement Agreement to be
executed as of the date first above written.



IRVING H. PICARD, solely as trustee for the
liquidation of the business of Bernard L.
Madoff Investment Securities LLC under the
Securities Investor Protection Act of 1970, as
amended, and the substantively consolidated
Chapter 7 estate of Bernard L. Madoff, without
personal liability

Sworn and subscribed before me this
17th day of December, 2021.

Notary Public

**MARY S. LEE**
Notary ID
11405696
My Commission Expires
11/4/2022

JAMES P. MARDEN, individually, in his
capacity as personal representative of the Estate
of Bernard A. Marden, in his capacity as trustee
of the Bernard Marden Profit Sharing Plan, and
in his capacity as a member of B&C Marden
LLC

Sworn and subscribed before me this
15 day of Dec, 2021.

Notary Public

**RENE P CALLE**
Notary Public, State of New York
No. 01CA6254164
Qualified in Richmond County
Commission Expires Jan 17, 2024



PATRICE M. AULD, individually, in her
capacity as personal representative of the
Bernard A. Marden Estate, in her capacity as
trustee of the Bernard Marden Profit Sharing
Plan, and in her capacity as a member of B&C
Marden LLC

Sworn and subscribed before me this
1.5   day of   December , 2021.

Notary Public

CHARLOTTE M. MARDEN, individually

JENNIFER LANGENSTEIN
Commission # GG 320570
Expires June 2, 2023
Bonded Thru Troy Fain Insurance 800-385-7019

Sworn and subscribed before me this
17th day of December , 2021.

Notary Public

ESTATE OF BERNARD A. MARDEN

By: _____
    Name: James P. Marden
      Title: Personal Representative

RENE P CALLE
Notary Public, State of New York
No. 01CA6254164
Qualified in Richmond County
Commission Expires Jan 17, 2024

Sworn and subscribed before me this
15 day of Dec _____, 2021.
Notary Public

ESTATE OF BERNARD A. MARDEN

By: _____
    Name: Patrice M. Auld
      Title: Personal Representative

Sworn and subscribed before me this
_____ day of _____, 2021.

Notary Public

ESTATE OF BERNARD A. MARDEN

By: _____
    Name: James P. Marden
      Title: Personal Representative

Sworn and subscribed before me this
_____ day of _____, 2021.

_____
Notary Public


ESTATE OF BERNARD A. MARDEN

By: _____
    Name: Patrice M. Auld
      Title: Personal Representative

Sworn and subscribed before me this
15 day of December, 2021.

_____
Notary Public





MARDEN FAMILY LIMITED PARTNERSHIP, by:

B&C MARDEN LLC, general partner, by:

_____
PATRICE M. AULD, in her capacity as a member of B&C Marden LLC, Member, as a personal representative of the Estate of Bernard A. Marden, Member, and as a member of B&C Marden LLC

Sworn and subscribed before me this
15 day of December , 2021.

_____
Notary Public

_____
JAMES P. MARDEN, in her capacity as a member of B&C Marden LLC, Member, as a personal representative of the Estate of Bernard A. Marden, Member, and as a member of B&C Marden LLC

Sworn and subscribed before me this
_____ day of _____, 2021.

_____
Notary Public

MARDEN FAMILY LIMITED PARTNERSHIP, by:

B&C MARDEN LLC, general partner, by:

_____

PATRICE M. AULD, in her capacity as a member of B&C Marden LLC, as a personal representative of the Estate of Bernard A. Marden, and as a member of B&C Marden LLC

Sworn and subscribed before me this
_____ day of _____, 2021.

_____
Notary Public

_____

JAMES P. MARDEN, in his capacity as a member of B&C Marden LLC, in his capacity as a member of B&C Marden LLC, as a personal representative of the Estate of Bernard A. Marden, and as a member of B&C Marden LLC

Sworn and subscribed before me this
15 day of Dec_____, 2021.
_____
Notary Public

RENE P CALLE
Notary Public, State of New York
No. 01CA6254164
Qualified in Richmond County
Commission Expires Jan 17, 2024

B&C MARDEN LLC

By: ESTATE OF BERNARD A.
MARDEN, Member

By: _____
Name: Patrice M. Auld
Title: Personal Representative

Sworn and subscribed before me this
15 day of December , 2021.

_____
Notary Public

B&C MARDEN LLC

By: _____
     Name: James P. Marden
     Title: Member


Sworn and subscribed before me this
____ day of _____, 2021.


_____
Notary Public


B&C MARDEN LLC

By: _____
     Name: Patrice M. Auld
     Title: Member

Sworn and subscribed before me this
15 day of December, 2021.
_____
Notary Public


B&C MARDEN LLC

By: ESTATE OF BERNARD A.
MARDEN, Member


By: _____
     Name: James P. Marden
     Title: Personal Representative


Sworn and subscribed before me this
____ day of _____, 2021.


_____
Notary Public

B&C MARDEN LLC

By: _____

     Name: James P. Marden
      Title: Member

Sworn and subscribed before me this
_15_ day of ___Dec___, 2021.

_____
Notary Public

           B&C MARDEN LLC

         By: _____

           Name: Patrice M. Auld
            Title: Personal
            Representative

Sworn and subscribed before me this
_____ day of _____, 2021.

_____
Notary Public

RENE P CALLE
Notary Public, State of New York
No. 01CA6254164
Qualified in Richmond County
Commission Expires Jan 17, 2024

**SCHEDULE AND EXHIBIT
TO SETTLEMENT AGREEMENT**

SCHEDULE 1          WIRE INSTRUCTIONS

EXHIBIT 1           STIPULATED JUDGMENT

## SCHEDULE 1

## Wiring Instructions

Citi Private Bank
153 East 53rd Street, 23rd Floor
New York, New York 10022
ABA No.:
Swift Code:
Account Name:          Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff
                       Investment Securities LLC
Account No.:

# EXHIBIT 1

**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
Nicholas J. Cremona

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA*
*Liquidation of Bernard L. Madoff Investment*
*Securities LLC and for the Chapter 7 Estate of*
*Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (CGM) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 10-04348 (CGM) |
| Plaintiff, | |
| v. | |
| MARDEN FAMILY LIMITED PARTNERSHIP, a Delaware limited partnership; B&C MARDEN LLC, a Delaware limited liability company; BERNARD A. MARDEN REVOCABLE TRUST, a Florida trust; ESTATE OF BERNARD A. MARDEN; CHARLOTTE MARDEN (aka CHRIS MARDEN), as trustee and as an individual; PATRICE M. | |

AULD, as trustee, as personal representative, and as
an individual; and JAMES P. MARDEN, as trustee,
as personal representative, and as an individual,

Defendants.

## STIPULATION FOR ENTRY OF JUDGMENT AGAINST THE DEFENDANTS

IT IS HEREBY STIPULATED AND AGREED (the "Stipulation"), by and between

plaintiff Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard

L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff (the

"Trustee"), on the one hand, and on the other hand, Marden Family Limited Partnership ("MFLP")

and B&C Marden LLC ("LLC") (collectively referred to as "Defendants," and with the Trustee

the "Parties," and individually each a "Party"), as follows:

1.       In the event of a default (the "Default") in the performance of the Settlement

Agreement and the Supplemental Agreement to Settlement Agreement made and entered into as

of December 17, 2021 between the Parties (collectively, the "Settlement Agreement"), the Trustee

shall be entitled to entry of a Judgment Pursuant to Stipulation, a copy of which is attached hereto

as Exhibit 1, jointly and severally against Defendants.

2.       The judgment may be entered forthwith after a default under the Settlement

Agreement that has not been cured after noticed as provided below, upon the *ex parte* filing of a

Declaration of Default in Payments by the Trustee or his attorney of record which shall accurately

state (i) that a default under the Settlement Agreement has occurred and has not been cured within

ten (10) business days after receipt by Defendants and their counsel of written notice of default

from the Trustee, and (ii) the amount of any payments received from Defendants on account of the

Obligation defined in Paragraph 3, for which Defendants shall receive full credit.

3.      Defendants confirm their obligation to remit the aggregate amount of Forty Million

Four Hundred Eighty-One Thousand Five Hundred United States Dollars ($40,481,500.00) to the

Trustee pursuant to and on the terms of the Settlement Agreement ("Obligation").

4.      The judgment shall be final for all purposes upon entry of judgment and each Party

waives any right to appeal therefrom.

5.      The Defendants, represented in this adversary proceeding by counsel, have read

and understand the contents of this Stipulation.

6.      This Stipulation shall not be filed unless and until there is a default in payment of

the Obligation by Defendants under the Settlement Agreement that has not been cured within ten

(10) days after receipt of written notice by Defendants and their counsel.

7.      This Stipulation shall have no force or effect and shall be destroyed by the Trustee

upon request by Defendants, when Defendants have paid all sums due under the Settlement

Agreement.

8.      The declaration of the Trustee or his attorney of record shall be sufficient to

establish the exact sum due and owing pursuant to this Stipulation and shall be sufficient to secure

the entry of Judgment and the issuance of a writ of execution, in accordance with the terms set

forth herein.

9.      The judgment shall bear interest at the rate of four percent (4.0%) per annum from

the Effective Date of the Settlement Agreement as stated in the declaration of the Trustee or his

attorney of record.

10.     The Defendants hereby expressly waive notice of entry of judgment, notice of a

right to any hearing regarding entry of judgment, and notice of default hereon, and agree that

judgment may be entered on an *ex parte* basis.

11.     This Stipulation may be signed in counterparts, all of which when taken together shall constitute the agreement of the Parties hereto. A photocopy, facsimile, DocuSign, or email signature to this Stipulation shall be deemed as an original signature for any and all purposes.

12.     The court shall retain jurisdiction over the Parties to enforce this Stipulation until there is full performance of the terms hereof.

Dated: New York,, New York
December _17_ 2021

**BAKER & HOSTETLER LLP**

By: _____
Nicholas J. Cremona, Esq.
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
Email: ncremona@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee
for the Substantively Consolidated SIPA
Liquidation of Bernard L. Madoff Investment
Securities LLC and for the Chapter 7 Estate
of Bernard L. Madoff*

**PRYOR CASHMAN LLP**

By: _____
Richard Levy Jr., Esq.
7 Times Square
New York, New York 10036
Telephone: (212) 421-4100
Facsimile: (212) 326-0806
Email: rlevy@pryorcashman.com

*Attorneys for Defendants*

B&C MARDEN LLC, by:

_____
PATRICE M. AULD, in her capacity as a
member of B&C Marden LLC, and in her
capacity as personal representative for the
Estate of Bernard A. Marden, in its capacity
as a member of B&C Marden LLC

_____
JAMES P. MARDEN, in his capacity as a
member of B&C Marden LLC, in his capacity
as personal representative for the Estate of
Bernard A. Marden, in its capacity as a
member of B&C Marden LLC

5

Dated: New York, New York
      December __, 2021

**BAKER & HOSTETLER LLP**

By:_____
Nicholas J. Cremona, Esq.
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
Email: ncremona@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee
for the Substantively Consolidated SIPA
Liquidation of Bernard L. Madoff Investment
Securities LLC and for the Chapter 7 Estate
of Bernard L. Madoff*

**PRYOR CASHMAN LLP**

By:_____
Richard Levy Jr., Esq.
7 Times Square
New York, New York 10036
Telephone: (212) 421-4100
Facsimile: (212) 326-0806
Email: rlevy@pryorcashman.com

*Attorneys for Defendants*

B&C MARDEN LLC, by:

_____
PATRICE M. AULD, in her capacity as a
member of B&C Marden LLC, and in her
capacity as personal representative for the
Estate of Bernard A. Marden, in its capacity
as a member of B&C Marden LLC

_____
JAMES P. MARDEN, in his capacity as a
member of B&C Marden LLC, in his capacity
as personal representative for the Estate of
Bernard A. Marden, in its capacity as a
member of B&C Marden LLC

5

MARDEN FAMILY LIMITED PARTNERSHIP, by:

B&C MARDEN LLC, general partner, by:

_____
PATRICE M. AULD, in her capacity as a member of B&C Marden LLC and as a personal representative of the Estate of Bernard A. Marden, a member of B&C Marden LLC

_____
JAMES P. MARDEN, in his capacity as a member of B&C Marden LLC, in his capacity as a member of B&C Marden LLC and as a personal representative of the Estate of Bernard A. Marden, a member of B&C Marden LLC

MARDEN FAMILY LIMITED PARTNERSHIP,
by:

B&C MARDEN LLC, general partner, by:

_____
PATRICE M. AULD, in her capacity as a
member of B&C Marden LLC and as a
personal representative of the Estate of Bernard
A. Marden, a member of B&C Marden LLC


_____
JAMES P. MARDEN, in his capacity as a
member of B&C Marden LLC, in his capacity
as a member of B&C Marden LLC and as a
personal representative of the Estate of Bernard
A. Marden, a member of B&C Marden LLC

6

**<u>Exhibit 1</u>**

**<u>Judgment Pursuant to Stipulation</u>**

**BAKER & HOSTETLER LLP**

45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
Nicholas J. Cremona

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA*
*Liquidation of Bernard L. Madoff Investment*
*Securities LLC and for the Chapter 7 Estate of*
*Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (CGM) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 10-04348 (CGM) |
| Plaintiff, | |
| v. | |
| MARDEN FAMILY LIMITED PARTNERSHIP, a Delaware limited partnership; B&C MARDEN LLC, a Delaware limited liability company; BERNARD A. MARDEN REVOCABLE TRUST, a Florida trust; ESTATE OF BERNARD A. MARDEN; CHARLOTTE MARDEN (aka CHRIS MARDEN), as trustee and as an individual; PATRICE M. | |

AULD, as trustee, as personal representative, and as
an individual; and JAMES P. MARDEN, as trustee,
as personal representative, and as an individual,

Defendants.

## JUDGMENT PURSUANT TO STIPULATION

Pursuant to the Stipulation for Entry of Judgment of the parties, dated December 17, 2021,
judgment is entered in favor of Plaintiff Irving H. Picard, Trustee for the Substantively
Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter
7 Estate of Bernard L. Madoff jointly and severally against Marden Family Limited Partnership
and B&C Marden LLC, in the amount of $_____. Said judgment shall bear interest
at the rate of four percent (4.0%) per annum from _____, 2022, the Effective Date of the Settlement
Agreement.

Date: _____, 202_


_____
HONORABLE CECELIA G. MORRIS
CHIEF UNITED STATES BANKRUPTCY JUDGE