**LAX & NEVILLE LLP**
350 Fifth Avenue, Suite 4640
New York, New York 10018
Telephone: (212) 696-1999
Facsimile: (212) 566-4531
Barry R. Lax, Esq.
Brian J. Neville, Esq.
*Attorneys for Defendants*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------------X

| | | |
|---|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | : | SIPA LIQUIDATION |
| | : | |
| Plaintiff-Applicant, | : | No. 08-01789 (CGM) |
| | : | |
| v. | : | |
| | : | |
| BERNARD L. MADOFF INVESTMENT SECURITIES, LLC, | : | |
| | : | |
| Defendant. | : | |

---------------------------------------------------------------------------X

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| BERNARD L. MADOFF, | : | |
| | : | |
| Debtor. | : | |

---------------------------------------------------------------------------X

| | | |
|---|---|---|
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff | : : : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Adv. Pro. No. 10-05169 |
| | : | |
| FAIRFIELD PAGMA ASSOCIATES, LP, et al, | : | |
| | : | |
| | : | |
| Defendants. | : | |

---------------------------------------------------------------------------X

# DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO THE TRUSTEE'S MOTION FOR SUMMARY JUDGMENT

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES…………………….....……………………………………....………..i

PRELIMINARY STATEMENT……………....……………………………………………......1

FACTUAL BACKGROUND…………………….....…………………………………….....5

LEGAL STANDARD…………………….....……………………………………………......9

ARGUMENT…………………….....…………………………………………………….....10

    I.       THE TRUSTEE HAS FAILED TO ESTABLISH THAT THERE IS NO
              GENUINE DISPUTE AS TO ANY MATERIAL FACT UNDERLYING
              HIS CLAIM TO HOLD THE MK ESTATE OR SEYMOUR KLEINMAN
              LIABLE FOR THE DEBTS OF FAIRFIELD PAGMA………....………………....10

         A.   The Trustee's Motion Should Be Denied on Its Face……………………………10

         B.   Seymour Kleinman and the MK Estate Are Not Liable for the Debts of
             Fairfield Pagma Because They Were Not Its General Partners At Any
             Time During the Two-Year Transfer Period…………………………………......14

    II.      DEFENDANTS HAVE NOT ENGAGED IN ANY DILATORY
              LITIGATION TACTICS, HAVE NOT REFUSED TO ACKNOWLEDGE
              OR RESISTED THE LAW OF THE CASE OF OTHERWISE CAUSED
              DELAY TO THE TRUSTEE'S PROSECUTION OF THIS CASE ………………...17

CONCLUSION…………………….....……………………………………………………18

## TABLE OF AUTHORITIES

## Cases

*Automated Management Systems, Inc. v. Rappaport Hertz Cherson Rosenthal, P.C.*,
No. 16-cv-4762, 2021 WL 101088 at *6 (S.D.N.Y. Jan. 12, 2021)…………………………....12

*Celotex Corp. v. Catrett*,
477 U.S. 317, 323 (1986)……………………………………………………………………………10

*Cowan v. Breen*,
352 F.3d 756, 760 (2d Cir. 2003)………………………………………………………………10

*Curry v. City of Syracuse*,
316 F.3d 324 (2d Cir. 2003)…………………………………………………………………………9,17

*Donovan v. Carls Drug Co., Inc.*,
703 F.2d 650, 652 (2d Cir.1983) ……………………………………………………………12

*Gen. Star Nat'l Ins. Co. v. Universal Fabricators, Inc.*,
585 F.3d 662, 669 (2d Cir. 2009) ……………………………………………………………10

*Gwynn v. City of Philadelphia*,
719 F.3d 295, 299 (3d Cir.2013) ……………………………………………………………13

*Huminski v. Corsones,*
396 F.3d 53, 69 (2d Cir.2005) …………………………………………………………………...9

*Keawsri v. Ramen-Ya Inc.*,
17 cv 2406 (LJL), 2021 WL 3540671 at * 11 (S.D.N.Y. Aug. 8, 2021)……………………13

*McSparron v. Hanigan*,
225 F.Supp. 628, 637 (E.D.Pa. 1963), *aff'd* 356 F.2d 983 (3d Cir. 1966)…………………...12

*Parks Real Estate Purchasing Group v. St. Paul Fire & Marine Ins. Co.*,
472 F.3d 33, 41 (2d Cir. 2006) ……………………………………………………………10

*Philips Credit Corp. v. Regent Health Group, Inc.*,
953 F.Supp. 482, 507 (S.D.N.Y. 1997) ………………………………………………………..10

*Picard v. Fairfield Pagma Associates, LP*,
Adv. Pro. No. 10-05169 (CGM) (Bankr. S.D.N.Y.)..………………………………………….5

*Quinn v. Syracuse Model Neighborhood Corp.*,
613 F.2d 438 (2d Cir. 1980) …………………………………………………………………...10,17

*River Light V, L.P. v. Lin & J Int'l, Inc.*,
299 F.R.D. 61, 64 (S.D.N.Y. 2014)……………………………………………………………...11,12,13

*Rodriguez v. NNR Global Logistics USA Inc.,*
  No. 14-cv-1766, 2017 WL 11510163 at * 2 (S.D.N.Y. Mar. 31, 2017)…………………….12

*Saliga v. Chemtura Corp.,*
  No. 12- cv-832, 2013 WL 6097100 at *3 (D. Conn. Nov. 20, 2013)………………………..12

*Smith v. First Nat'l Bank of Atlanta,*
  837 F.2d 1575, 1577–78 (11th Cir.1988)……………………………………………………13

*T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co., Inc.,*
  174 F.R.D. 38, 42 (S.D.N.Y. 1997)…………………………………………………………12

*United Transp. Union v. Nat'l R.R. Passenger Corp.,*
  588 F.3d 805, 809 (2d Cir. 2009)……………………………………………………………...9

*U. S. v. Pent-R-Books, Inc.,*
  538 F.2d 519, 529 (2d Cir. 1976) *cert. denied,* 430 U.S. 906, 97 S.Ct. 1175,
  51 L.Ed.2d 582 (1977)………………………………………………………………………11

*U.S. v. Wheeler,*
  161 F.Supp. 193, 198 (W.D. Ark. 1958)……………………………………………...…13

## Statutes

11 U.S. Code § 548(a)(1)(A)………………………………………………………………...7

11 U.S. Code § 550……………………………………………………………………….…7

11 U.S. Code § 551……………………………………………………………………….…7

## Rules

Fed R. Civ. P. 25……………………………………………………………………………..2

Fed. R. Civ. P. 36(a)(3) …………………………………………………………………….11

Fed. R. Civ. P. 36(b) ………………………………………………………………………12,13

Fed. R. Civ. P. 56(c)…………………………………………………………………………9

## Other Authorities

Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure vol. 8B § 2264
(3d ed. 2021)………………………………………………………………………………..13

Defendant Bonnie Joyce Kansler, as Executor of the Estate of Marjorie Kleinman ("MK

Estate") and, to the extent they are properly subject to this Motion, Seymour Kleinman, Seyfair

LLC ("Seyfair") and Fairfox LLC ("Fairfox"),[1] respectfully submit this memorandum of law in

opposition to the motion for summary judgment (the "Motion") filed by Irving H. Picard, as

Trustee ("Trustee"), for the substantively consolidated liquidation of Bernard L. Madoff

Investment Securities LLC ("BLMIS") and the estate of Bernard L. Madoff.

## PRELIMINARY STATEMENT

The Trustee moves for summary judgment on Count I of his Complaint to avoid and

recover the two-year transfers, in the amount of $1,247,929, made from BLMIS to Defendant

Fairfield Pagma Associates, LP ("Fairfield Pagma"). Compl., ¶¶ 46-51, ECF No. 1. Fairfield

Pagma was a limited partnership that was dissolved more than a decade ago and has no existing

general partners or assets. Fairfield Pagma received the transfers the Trustee is seeking to avoid

and recover between March 2007 and July 2008 on behalf of its limited partners, to whom

distributions were made in 2007 and 2008. None of the limited partners who actually received the

distributions is a party to this action. Defendants did not receive or retain any of those

distributions.

The Trustee seeks instead to impose liability for the transfers upon Fairfield Pagma's

general partners, Seyfair and Fairfox. Seyfair and Fairfox were limited liability companies that

were dissolved years ago and have no living managers or assets. Aware of this, the Trustee

simultaneously seeks to impose liability upon Fairfield Pagma's *former* general partners, Seymour

Kleinman and Marjorie Kleinman. The Trustee is also aware, however, Seymour Kleinman and

---

[1] Seyfair, together with Fairfox, may be referred to herein as the "LLCs" or "LLC Defendants," and, with Fairfield Pagma, the "Entity Defendants." To the extent that Seymour Kleinman and the Entity Defendants remain proper parties to this litigation, and solely for the purpose of opposing this Motion, this memorandum is submitted on their behalf.

Marjorie Kleinman withdrew as general partners in Fairfield Pagma, withdrew their capital from Fairfield Pagma and were replaced by Seyfair and Fairfox, respectively, in 2005, prior to the two-year transfers at issue on this Motion.

There is no genuine dispute that Seyfair and Fairfox were the general partners of Fairfield Pagma during the two-year transfer period and, indeed, the Trustee does not dispute it. He named Seyfair and Fairfox as defendants in this action and alleged in his Complaint that they were the general partners of Fairfield Pagma. Even on this Motion, the Trustee is seeking summary judgment against Seyfair and Fairfox as general partners *as well as* Seymour Kleinman, who died in 2015,[2] and the estate of Marjorie Kleinman, who died in 2014, *as general partners*.

Seyfair and Fairfox were organized in December 2004 for the express purpose of being substituted for Seymour Kleinman and Marjorie Kleinman as general partners in Fairfield Pagma. When they were substituted in 2005, Seymour Kleinman and Marjorie Kleinman contributed their entire general partnership interests in Fairfield Pagma to Seyfair and Fairfox, which in turn contributed the same capital to Fairfield Pagma. Seyfair and Fairfox were then the only holders of general partner interests in Fairfield Pagma and remained the sole holders of general partner interests in Fairfield Pagma from 2005 until its dissolution. Subsequently, in 2007 and 2008, the two years in which BLMIS made the distributions to Fairfield Pagma that the Trustee seeks to avoid, Seyfair and Fairfox received K-1s from Fairfield Pagma as general partners and Seymour Kleinman and Marjorie Kleinman did not.

---

[2] The Trustee received Mr. Kleinman's death certificate no later than January 27, 2016. He has not moved to substitute a representative of Mr. Kleinman's estate for nearly six years and now seeks summary judgment against him. To the extent the Trustee's claim against Seymour Kleinman and his estate is not extinguished by F.R.C.P. 25 based upon his failure to substitute within 90 days of notice of his death, it still requires substitution. With respect to Seymour Kleinman, the Motion is moot.

The Trustee had knowledge of the substitution of the general partners at least as early as his initial Complaint, which named the LLCs. His argument on this Motion—that the LLCs, owned and managed by Seymour Kleinman and Marjorie Kleinman, were made general partners in Fairfield Pagma without replacing Seymour Kleinman and Marjorie Kleinman—is not credible. Pl. Memo of Law, p. 37. In his brief, he fails to identify a shred of evidence[3] to support it and it is, as he knows, overwhelmingly contradicted by the evidence. Moreover, the LLCs were owned by Seymour Kleinman and Marjorie Kleinman and the Trustee admits they became general partners in Fairfield Pagma prior to 2006. The contention that the LLCs served as general partners *concurrently* with the individuals who owned them is contrary not only to the evidence but basic common sense.

In place of evidence, the Trustee identifies Requests for Admission 38, 39, 40, and 41 to Fairfield Pagma seeking admission that Seymour Kleinman, Marjorie Kleinman, Seyfair and Fairfox all were the general partners of Fairfield Pagma from December 11, 2006 through December 11, 2008. The Trustee argues that "Defendants failed to respond to the Trustee's Requests, including the Trustee's First Set of Requests for Admission to Defendant Fairfield Pagma, meaning those requests are deemed admitted." Pl.'s Memo of Law, p. 37.

In reality, after the Trustee's sixteen-month delay in serving discovery following Defendants' Answer, the RFAs were served solely on Fairfield Pagma. As the Trustee was by then long aware, the Fairfield Pagma partnership was long dissolved, the dissolved partnership's general partners were themselves defunct and the general partners' owners and managers were dead. It was not feasible for the partnership to answer an RFA, and the Trustee himself, as set

---

[3] The Trustee does offer the 1993 Partnership Account Agreement with BLMIS. Cremona Decl., Ex. 16. As it predates the organization and substitution of Seyfair and Fairfox, and the transfers at issue on this Motion, by more than a decade, and the Trustee himself relies upon the substitution in seeking recovery from Seyfair and Fairfox, it is clearly irrelevant.

forth below, recognized that discovery could not move forward. RFAs 38 and 39, in particular, were improper regardless, seeking nothing more than admission of a core allegation of liability Defendants had already denied in their Answer. *See* Answer ¶¶ 8-9, ECF No. 59.

On, and as the sole basis of, this Motion, the Trustee now asks this Court to deem the indisputably erroneous "fact" in RFAs 38-39 admitted and to then *impute that admission to all of the Defendants*, notwithstanding his failure even to serve RFAs on any Defendant that still existed at the time he served RFAs on Fairfield Pagma. He offers no authority for this imputation, which is flatly contrary to law, and fails even to acknowledge that it is really an imputation of a deemed admission, by a defunct party whose defunct general partners' managers and owners are deceased, that he is seeking.

The RFAs, which should not be deemed admitted by any Defendant, certainly cannot be deemed admitted by Defendants upon whom they were never served. As a deemed admission to RFAs 38-39 is the sole basis of the Trustee's Motion against Defendants Seymour Kleinman and the MK Estate, there is at minimum a "genuine dispute of material fact" as to whether Seymour Kleinman and Marjorie Kleinman were the general partners of Fairfield Pagma between 2006 and 2008. In reality, as the evidence shows, there is no genuine dispute that Seymour Kleinman and Marjorie Kleinman were no longer the general partners after 2005. The Motion should be denied.

With respect to the Trustee's request for special interest on the ground that Defendants have delayed this litigation by refusing to acknowledge "the law of the case," he identifies not a single example of *these* Defendants refusing to acknowledge "the law of the case" or re-litigating already determined issues and appears to have inadvertently copied boilerplate from another adversary proceeding. Since their Motion to Dismiss was granted in part and denied in part on July 16, 2015, these Defendants have not litigated a single issue resolved in either this case or the

main bankruptcy action or, for that matter, any issue at all.  It is the Trustee who served discovery more than sixteen months after Defendants served their Answer and the Trustee who never resumed discovery after holding it in abeyance in 2017.  While the deaths of Seymour Kleinman and Marjorie Kleinman and the dissolution of the LLCs have been unavoidable complications, this is ultimately the Trustee's case and he has pursued it at his speed.

The Trustee's request for special interest is as baseless as his request for summary judgment and should be denied.

## FACTUAL BACKGROUND[4]

Fairfield Pagma was a limited partnership and former customer of BLMIS. Answer ¶ 7, ECF No. 59.[5]  Seymour Kleinman and Marjorie Kleinman were the initial general partners of Fairfield Pagma at the time of its formation.  A. Kansler Decl. ¶ 3, B. Kansler Decl. ¶ 3, R. Leo Decl. ¶ 3. Defendants Seyfair LLC and Fairfox LLC were formed on December 13, 2004, for the purpose of replacing Seymour Kleinman and Marjorie Kleinman as the general partners of Fairfield Pagma. A. Kansler Decl. ¶ 4, Ex. A (Articles of Organization), B. Kansler Decl. ¶¶ 4-5, R. Leo Decl. ¶¶ 4-5. The sole purpose of Seyfair and Fairfox from their initial organization and throughout their existence was to serve as general partners of Fairfield Pagma.  A. Kansler Decl. ¶ 4.

Shortly thereafter, in 2005, Seymour Kleinman contributed 100% of his general partnership interest in Fairfield Pagma ($35,000) to Seyfair in exchange for 100% of the ownership interest in Seyfair and Marjorie Kleinman contributed 100% of her general partnership interest in Fairfield

---

[4] The facts supporting Defendant MK Estate's opposition to this Motion are set forth in Defendants Response to the Trustee's Statement of Material Facts Pursuant to Rule 7056-1 ("Resp. Stmt."), the Declaration of Brian J. Neville ("Neville Decl."), and the Declarations of Adam Kansler, Bonnie Kansler and Ronni Leo.

[5] Unless otherwise indicated, all ECF references herein refer to this case, captioned *Picard v. Fairfield Pagma Associates, LP*, Adv. Pro. No. 10-05169 (CGM) (Bankr. S.D.N.Y.).

Pagma ($50,000) to Fairfox in exchange for 100% of the ownership interest in Fairfox. A. Kansler

Decl. ¶ 5-7, Ex. B (Operating Agreements), B. Kansler Decl. ¶¶ 4-6, R. Leo Decl. ¶¶ 4-6. Seyfair

contributed $35,000 to Fairfield Pagma for its initial capital contribution and was substituted as

general partner and, at or around the same time, Fairfox contributed $50,000 to Fairfield Pagma

for its initial capital contribution and was substituted as general partner. *Id.*

The Form K-1s issued by Fairfield Pagma to Seymour Kleinman and Marjorie Kleinman

for the 2005 tax year reflect that they each withdrew their capital investments in Fairfield Pagma

($35,000 for Seymour Kleinman and $50,000 for Marjorie Kleinman). The K-1s issued to Seyfair

and Fairfox for 2005 reflect that each contributed initial capital to Fairfield Pagma ($35,000 for

Seyfair and $50,000 for Fairfox) as the new general partners. R. Leo Decl. ¶¶ 7-8, Ex. A (2005

Form K-1s), A. Kansler Decl. ¶ 9, B. Kansler Decl. ¶¶ 7-8.

Seyfair and Fairfox were then the only general partners, and holders of general partner

interests, in Fairfield Pagma and remained the only general partners and holders of general partner

interests in Fairfield Pagma from 2005 until its termination. B. Kansler Decl. ¶¶ 8-10, Ex. A (2006-

2008 Form K-1s), R. Leo Decl. ¶ 9, A. Kansler Decl. ¶¶ 8-10). Seymour Kleinman and Marjorie

Kleinman were not general partners of Fairfield Pagma at any time between December 11, 2006

to December 11, 2008. B. Kansler Decl. ¶¶ 8-11, Ex. B (2007-2007 Form 1065s), R. Leo Decl. ¶

10, A. Kansler Decl. ¶ 11.

In December 2010, the Trustee brought this adversary proceeding to avoid and recover

$1,247,929 of "fictitious" profits received by Fairfield Pagma during both the two-year and six-

year periods preceding the commencement of the SIPA liquidation. Compl, ¶¶ 37-39, ECF No. 1.

The Trustee alleges that Defendants Seymour Kleinman, Marjorie Kleinman, Fairfox, LLC and

Seyfair, LLC are liable for these sums as general partners of Fairfield Pagma. Compl, ¶¶ 2, 8-9, ECF No. 1.

Defendants timely moved to dismiss the Complaint in January 2014. ECF No. 29. While Defendants' motion to dismiss was pending, Marjorie Kleinman died on October 26, 2014, and, pursuant to stipulation dated April 7, 2015, Bonnie Joyce Kansler, as executor of the Estate of Marjorie Kleinman, was substituted into the action in place of Marjorie Kleinman. B. Kansler Decl. ¶ 12, ECF No. 43.

Defendants' motion to dismiss was granted in part and denied in part, and, by Order dated July 16, 2015, all counts in the Complaint other than Count I, which seeks to avoid and recover two-year transfers pursuant to sections 548(a)(1)(A), 550, and 551 of the Bankruptcy Code, were dismissed. ECF No. 47.

Defendants filed their Answer to the Complaint on September 18, 2015.  Answer, ECF No. 59. Notably, in their Answer, while Defendants admitted the Trustee's allegation that Seyfair and Fairfox were the general partners of Fairfield Pagma, Defendants *denied* the Trustee's allegation that Seymour Kleinman and Marjorie Kleinman were the general partners of Fairfield Pagma. Answer ¶¶ 8-9, ECF No. 59.

At or around the same time, Seymour Kleinman died.  R. Leo Decl. ¶ 11. Defendants notified the Trustee and thereafter provided the Trustee with Seymour Kleinman's death certificate on January 27, 2016. Neville Decl. ¶¶ 8-9, Ex. A.  The Trustee has never filed a motion to substitute Mr. Kleinman's estate as a party to this action.

On January 25, 2017, more than sixteen months after Defendants filed their Answer, the Trustee served his First Set of Requests for Production of Documents to Defendant Fairfield Pagma, Trustee's First Set of Interrogatories to Defendant Fairfield Pagma, and Trustee's First Set

of Requests for Admission to Defendant Fairfield Pagma (the "RFAs").  Cremona Decl., Ex. 17,

Neville Decl. ¶ 10.   The RFAs were directed only to Fairfield Pagma and not to any other

defendant.  Cremona Decl., Ex. 17, Neville Decl. ¶ 10. The Trustee also served his First Set of

Requests for Production of Documents to Defendant MK Estate.  *Id*. The Trustee served no other

discovery upon any Defendant.

> The Trustee's RFAs 38-41 request that Fairfield Pagma:

> 38. Admit that Defendant Seymour Kleinman was a general partner of Fairfield
> Pagma Associates, LP from December 11, 2006 to December 11, 2008.

> 39.  Admit that Marjorie Kleinman was a general partner of Fairfield Pagma
> Associates, LP from December 11, 2006 to December 11, 2008.

> 40.  Admit that Defendant Fairfox, LLC was a general partner of Fairfield
> Pagma Associates, LP from December 11, 2006 to December 11, 2008.

> 41.  Admit that Defendant Seyfair, LLC was a general partner of Fairfield
> Pagma Associates, LP from December 11, 2006 to December 11, 2008.

Cremona Decl., Ex. 17.  Defendants had already admitted 40 and 41 and *denied* 38 and 39 in their

Answer.  Answer, ¶ 8, ECF No. 59.

At the time he served his discovery demands, the Trustee was aware that Fairfield Pagma

was defunct and its general partners, Seyfair and Fairfox, were no longer operational or dissolved

following the deaths of their majority owners and managing members, Seymour Kleinman and

Marjorie Kleinman. Neville Decl. ¶¶ 11-13. It was no longer feasible to respond to the Trustee's

written discovery to Fairfield Pagma. *Id.*  In March 2017, after the Trustee notified Defendants'

counsel on March 9 that responses to discovery were past due and set a new deadline of March 17,

the parties discussed estate and other issues in the case.  Neville Decl. ¶¶ 11-14, Ex. B (Email

correspondence between B. Neville and M. Matthias). The Trustee informed Defendants' counsel

that he was discussing these issues with another lawyer for certain family members and advised

with respect to the outstanding discovery, "I will not take any action with respect to the discovery without another 15-day notice to you and hopefully we can figure something out." *Id.*

Defendants did not receive any further communications from the Trustee regarding discovery or "another 15-day notice," and the Trustee did not file a motion to compel discovery or any other discovery motion with the court. Neville Decl. ¶ 15. The parties discussed mediation in 2017 and 2018 and the Trustee did not take any further action in this case until June 2020, when he again proposed referring the case to mediation.

Defendants did not engage in any dilatory litigation tactics or otherwise engage in any conduct that caused any undue delays in the prosecution of this case. Neville Decl. ¶ 16.

## LEGAL STANDARD

"On a motion for summary judgment, the moving party bears the burden of showing that he or she is entitled to summary judgment." *United Transp. Union v. Nat'l R.R. Passenger Corp.*, 588 F.3d 805, 809 (2d Cir. 2009), citing *Huminski v. Corsones,* 396 F.3d 53, 69 (2d Cir.2005). Pursuant to Rule 56(c), summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). "A dispute about a genuine issue exists for summary judgment purposes where the evidence is such that a reasonable jury could decide in the non-movant's favor." *United Transp. Union v. Nat'l R.R. Passenger Corp.*, 588 F.3d at 809 (internal quotations and citations omitted).

"If, as to the issue on which summary judgment is sought, there is any evidence in the record from which a reasonable inference could be drawn in favor of the opposing party, summary judgment is improper." *Curry v. City of Syracuse*, 316 F.3d 324 (2d Cir. 2003). "When the party against whom summary judgment is sought comes forth with affidavits or other material obtained

through discovery that generates uncertainty as to true state of any material fact, the procedural

weapon of summary judgment is inappropriate." *Quinn v. Syracuse Model Neighborhood Corp*.,

613 F.2d 438 (2d Cir. 1980).

A fact is material if it might affect the outcome of the suit under the governing law. *Gen.*

*Star Nat'l Ins. Co. v. Universal Fabricators, Inc*., 585 F.3d 662, 669 (2d Cir. 2009). In deciding

whether material factual issues exist, the facts must be "viewed in the light most favorable to the

non-moving party." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Cowan v. Breen*, 352 F.3d

756, 760 (2d Cir. 2003). All factual ambiguities must be resolved, and all inferences must be

drawn in favor of the non-moving party. *Parks Real Estate Purchasing Group v. St. Paul Fire &*

*Marine Ins. Co.*, 472 F.3d 33, 41 (2d Cir. 2006).

## ARGUMENT

I.   **THE TRUSTEE HAS FAILED TO ESTABLISH THAT THERE IS NO GENUINE DISPUTE AS TO ANY MATERIAL FACT UNDERLYING HIS CLAIM TO HOLD THE MK ESTATE OR SEYMOUR KLEINMAN LIABLE FOR THE DEBTS OF FAIRFIELD PAGMA**

### A.  The Trustee's Motion Should Be Denied on Its Face

A movant's burden on summary judgment is well-established and the law is clear that, as

to any issue where the movant's documents do not establish the absence of a genuine issue of fact,

summary judgment must be denied, even if no opposing evidence is presented. *See Philips Credit*

*Corp. v. Regent Health Group, Inc.*, 953 F.Supp. 482, 507 (S.D.N.Y. 1997) (Entry of summary

judgment is inappropriate where evidentiary matter in support of motion does not establish absence

of genuine issue of material fact, even if no opposing evidentiary matter is presented). Where a

party moving for summary judgment does not show, on the basis of admissible evidence adduced

from witnesses with personal knowledge of facts, that there is no genuine issue as to any material

fact, summary judgment will be denied, even where the party opposing the motion has submitted

no probative evidence to support its position or to establish that there is genuine issue for trial. *See U. S. v. Pent-R-Books, Inc.,* 538 F.2d 519, 529 (2d Cir. 1976), *cert. denied,* 430 U.S. 906, 97 S.Ct. 1175, 51 L.Ed.2d 582 (1977).

As set forth above, the Trustee's sole basis for summary judgment is RFAs 38-41, served on Fairfield years after it was possible for Fairfield Pagma to answer written discovery. The Trustee, relying entirely upon the 30-day deadline provided by Fed. R. Civ. Pro. 36(a)(3), contends that RFAs 38-41, irrespective of overwhelming contrary evidence and that RFAs 40 and 41 flatly contradict RFAs 38-39, should be deemed admitted. The Trustee omits that he was aware of the significant barriers to discovery after the deaths of Seymour Kleinman and Marjorie Kleinman years prior to the RFAs and that in his last communication he held discovery in abeyance -- "I will not take any action with respect to the discovery without another 15-day notice to you and hopefully we can figure something out." Neville Decl. Ex. B. The Trustee never sent another "15-day notice" or other communication resuming discovery.

Even as to Fairfield Pagma, then, the deadline under Rule 36(a)(3) was arguably extended indefinitely and, a minimum, held in abeyance for four years. Regardless, RFAs 38 and 39 do nothing but seek an admission that Seymour Kleinman and Marjorie Kleinman are liable as general partners, notwithstanding that this had already been denied in Defendants' Answer. Answer, ¶ 8, ECF 59. The purpose of an RFA is to narrow or limit issues for trial, not to seek admissions of liability. *See, e.g., River Light V, L.P. v. Lin & J Int'l, Inc.,* 299 F.R.D. 61, 64 (S.D.N.Y. 2014) ("That plaintiffs requested … admissions of ultimate liability in this case despite knowing that defendants had denied these requested admissions in their answers, underscores that plaintiff's RFAs were largely made "in the hope that [defendants] w[ould] simply concede essential elements or would miss the 30-day deadline to respond. The Court will not exercise its discretion to protect

such deemed admissions.") (internal citations omitted); *Automated Management Systems, Inc. v. Rappaport Hertz Cherson Rosenthal, P.C.,* No. 16-cv-4762, 2021 WL 101088 at *6 (S.D.N.Y. Jan. 12, 2021) ("The purpose of Rule 36 is 'to reduce the costs of litigation by eliminating the necessity of proving facts that are not in substantial dispute, to narrow the scope of disputed issues, and to facilitate the presentation of cases to the trier of fact.'") (*quoting T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co., Inc.,* 174 F.R.D. 38, 42 (S.D.N.Y. 1997)); *Rodriguez v. NNR Global Logistics USA Inc.,* No. 14-cv-1766, 2017 WL 11510163 at * 2 (S.D.N.Y. Mar. 31, 2017) ("Requests for admission exist to facilitate resolution on the merits by 'narrowing the issues at trial where the parties unambiguously agree.'") (*quoting Saliga v. Chemtura Corp.,* No. 12- cv-832, 2013 WL 6097100 at *3 (D. Conn. Nov. 20, 2013)); *McSparron v. Hanigan,* 225 F.Supp. 628, 637 (E.D.Pa. 1963), *aff'd* 356 F.2d 983 (3d Cir. 1966) ("An answer to a request under Rule 36 is unlike a statement of fact by a witness made in the course of oral evidence at a trial, or in oral pre-trial depositions, or even in written answers to interrogatories … The purpose of the Rule is not the discovery of information but the elimination at trial of the need to prove factual matter which the adversary cannot fairly contest.").

Deeming RFAs 38 and 39 admitted notwithstanding that this flatly contradicts both the evidence and the Answer, particularly given the impracticability of a defunct partnership whose general partners are themselves defunct answering RFAs after the owners and managers of the general partners have died, would contravene the purpose of Rule 36, be manifestly unjust and serve no legitimate trial purpose. As to Fairfield Pagma itself, the Court should deny the Trustee's request to deem any RFAs, including 38 and 39, admitted.[6]

---

[6] Fed. R. Civ. Pro 36(b) also grants courts broad discretion to permit an admission to be withdrawn or amended "if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." *River Light V, L.P. v. Lin & J Int'l, Inc.,* 299 F.R.D. 61, 64 (S.D.N.Y. 2014); *citing Donovan v. Carls Drug Co., Inc.,* 703 F.2d 650, 652 (2d Cir.1983). "Rule 36(b)

As to the rest of the Defendants, there is nothing to deny. RFAs 38-41 were never served on any other Defendant. *No* RFAs were ever served on any other Defendant and only the MK Estate was served with any discovery of any kind. The Trustee argues that summary judgment should be granted against *all* Defendants based upon RFAs 38-41 but offers only elision, "**Defendants** failed to respond to the Trustee's Requests, including the Trustee's First Set of Requests for Admission to **Defendant Fairfield Pagma**, meaning those requests are deemed admitted." Pl. Memo of Law, p. 37 (emphasis added). The Trustee does not cite or exhibit "the Trustee's Requests" to the rest of the Defendants because there were none.

A request for admission may only be deemed admitted and binding on the party to whom it is directed. *See Keawsri v. Ramen-Ya Inc.,* 17 cv 2406 (LJL), 2021 WL 3540671 at * 11 (S.D.N.Y. Aug. 8, 2021) (court declined to grant summary judgment against one defendant based on admissions of co-defendants) (*citing* Charles A. Wright & Arthur R. Miller 8B Federal Practice and Procedure Civil § 2264 (3d ed. 2021) ("The admission does not bind the party who requested it … Nor do the admissions of a party bind a coparty." *citing U.S. v. Wheeler*, 161 F.Supp. 193, 198 (W.D. Ark. 1958) (granting plaintiff's motion for summary judgment against one defendant from whom Rule 36 admissions had been directed and obtained, but not against the other defendant to whom requests for admission had not been directed)).

---

emphasizes the importance of having the action resolved on the merits, while at the same time assuring each party that justified reliance on an admission in preparation for trial will not operate to his prejudice." *Smith v. First Nat'l Bank of Atlanta,* 837 F.2d 1575, 1577–78 (11th Cir.1988). Here, there is no question that the withdrawal of any deemed admissions would promote the presentation of the merits of the case as the identity of the general partners is the case. No meaningful presentation of the merits would be possible unless the admissions, are withdrawn. Moreover, the Trustee would not suffer from any prejudice or surprise if the deemed admissions are withdrawn, as he has been aware since Defendants filed their Answer that Marjorie Kleinman and Seymour Kleinman have denied that they were the general partners of Fairfield Pagma during the two-year transfer window. Answer ¶ 8, ECF No. 59. The mere fact that the Trustee will have to prove his case on the merits does not establish prejudice under Rule 36(b). "The prejudice contemplated by Rule 36(b) ... is not simply that the party who obtained the admission now has to convince the [trier of fact] of its truth. Something more is required." *River Light V, L.P. v. Lin & J Int'l, Inc.,* 299 F.R.D. 61, 64 (S.D.N.Y. 2014), quoting *Gwynn v. City of Philadelphia,* 719 F.3d 295, 299 (3d Cir.2013) (internal citations omitted).

The RFAs are clear on their face that they were directed only to Fairfield Pagma, and not to any other Defendant, and the Trustee does not contend otherwise. The Trustee offers no authority for the proposition that admissions of one defendant bind another or that the admissions of a partnership bind its former general partners,[7] and Defendants have found none. Even leaving aside the specific circumstances of this case, there is no basis for holding Defendants, all of whom expressly denied the allegations restated by RFAs 38-39 in the Answer, to RFAs served only to Fairfield Pagma.

This alone is fatal. The Trustee offers no evidence of any kind that Seymour Kleinman and Marjorie Kleinman were in fact general partners of Fairfield Pagma in 2007 and 2008. Summary judgment must therefore be denied on the face of the Motion.

## B. Seymour Kleinman and the MK Estate are not Liable for the Debts of Fairfield Pagma Because They were not Its General Partners at any time During the Two-Year Transfer Period

The Trustee is also aware that the evidence clearly establishes the substitution of Seyfair and Fairfox in 2005, which is why he requests the Court preclude it (Pl. Memo of Law, p. 37) notwithstanding his own failure to resume discovery as to Fairfield Pagma and Marjorie Kleinman's estate or to *serve* discovery on Seymour Kleinman or the LLCs. Indeed, it is evident on the face of his Complaint that was aware of the substitution from the inception of this litigation, as he named the LLCs as general partners and Defendants.

First, the Trustee's argument that, "[a]ny attempt by Defendants to now introduce evidence four years after the close of discovery must fail," argues that defendants should be precluded from

---

[7] In this case, of course, Defendants contend that the general partners who would putatively be bound by the partnership's "deemed admissions," if any, are the LLCs. The individuals (or their estates), who were never served with RFAs and expressly denied that they were general partners of Fairfield Pagma during the relevant time period, cannot possibly now be bound by the (contradictory) "deemed admissions" of Fairfield Pagma on the ground that, if the "admissions" are deemed admitted, they are the general partners against whom Fairfield Pagma's "deemed admissions" can be "deemed admitted." This is, however, what the Trustee is seeking from the Court.

introducing evidence in opposition to summary judgment because they failed to respond to the Trustee's document requests or otherwise produce documents during discovery, which is now closed.  Pl. Memo of Law, p. 38.   As set forth above, the Trustee served his discovery demands, on Fairfield Pagma knowing it was defunct and its general partners, Seyfair and Fairfox, were no longer operational or dissolved following the deaths of their majority owners and managing members, Seymour Kleinman and Marjorie Kleinman. Neville Decl., ¶¶ 12-13.   He served only document requests on the MK Estate, which he agreed to hold in abeyance when he wrote to the MK Estate's counsel "I will not take any action with respect to the discovery without another 15-day notice to you and hopefully we can figure something out." *Id*.  He subsequently never renewed discovery and never moved to compel.   There is no basis to preclude the MK Estate from introducing evidence on this Motion or at trial.  The Trustee never served Seymour Kleinman or his estate or either of the LLCs at all, and they remain perfectly free to introduce evidence on this Motion and at trial.  The Trustee seeks to preclude all Defendants from showing this Court the evidence on no ground other than his own negligence.

Second, the Trustee is seeking to preclude the evidence for good reason.  As he has been aware since it least the filing of his Complaint, the evidence is clear that Seymour Kleinman and Marjorie Kleinman ceased to be general partners of Fairfield Pagma in 2005.  As set forth above and in his accompanying declaration, Adam Kansler, Marjorie Kleinman's grandson and Seymour Kleinman's great nephew, who was an attorney with Proskauer Rose in 2004 and 2005, testified that he assisted in the formation of Seyfair and Fairfox in December 2004 for the express purpose of replacing Seymour Kleinman and Marjorie Kleinman as the general partners of Fairfield Pagma. A. Kansler Decl. ¶ 4, Ex. A (Articles of Organization). Mr. Kansler also testified that the Seyfair and Fairfox operating agreements he prepared reflect that Seymour Kleinman and Marjorie

15

Kleinman transferred their respective interests in Fairfield Pagma to Seyfair and Fairfox in exchange for their respective ownership interests in those LLCs, and Seyfair and Fairfox made their initial capital contributions to Fairfield Pagma as general partners. A. Kansler Decl. ¶¶ 5-6, Ex. B (Operating Agreements).

Ronni Leo, Seymour Kleinman's daughter and a certified public accountant since 1987, testified that she prepared Fairfield Pagma's tax returns in 2005, including the Form K-1s issued by Fairfield Pagma to Seymour Kleinman, Marjorie Kleinman, Seyfair and Fairfox for the 2005 tax year, attached to her Declaration at Exhibit A, which reflect that the individuals, Seymour Kleinman and Marjorie Kleinman, each withdrew their capital investments in Fairfield Pagma ($35,000 for Seymour Kleinman and $50,000 for Marjorie Kleinman) and Seyfair and Fairfox each contributed initial capital to Fairfield Pagma ($35,000 for Seyfair and $50,000 for Fairfox) as the new general partners in 2005. R. Leo Decl. ¶¶ 7-8, Ex. A (2005 Form K-1s).

Bonnie Kansler, a Defendant in this case in her capacity as executor of her mother Marjorie Kleinman's estate and a certified public accountant since 1982, testified that she prepared Fairfield Pagma's tax returns in 2007 and 2008, the two years in which BLMIS made the distributions to Fairfield Pagma that the Trustee seeks to avoid, including the Form K-1s issued to Fairfield Pagma's general partners Seyfair and Fairfox attached to her Declaration at Exhibit A. B. Kansler Decl. ¶¶ 7-8, Ex. A (2007-2008 Form K-1s). Bonnie Kansler testified that K-1s were not issued to Seymour Kleinman or Marjorie Kleinman in 2007 and 2008, that Seyfair was designated on Fairfield Pagma's Form 1065s for 2007 and 2008 as the Tax Matters Partner for the partnership, and that Seyfair and Fairfox remained the sole general partners of Fairfield Pagma from 2005 until its termination. *Id.* ¶¶ 9-11, Ex. B (2007-2008 Form 1065s).

16

All three witnesses with personal knowledge of the facts and circumstances concerning the substitution of Seyfair and Fairfox as Fairfield Pagma's general partners in place of Seymour Kleinman and Marjorie Kleinman testified that, contrary to the Trustee's wholly unsupported allegations, Seymour Kleinman and Marjorie Kleinman were **not** the general partners of Fairfield Pagma **at any time** between December 11, 2006 to December 11, 2008.  B. Kansler Decl. ¶¶ 8-11, R. Leo Decl. ¶ 10, A. Kansler Decl. ¶ 11. Even without documentary evidence, this is more than sufficient to create *at least* a genuine factual dispute as to whether Seymour Kleinman and Marjorie Kleinman were the general partners of Fairfield Pagma at any time during the two-year transfer period.  *Curry v. City of Syracuse*, 316 F.3d 324, 329 (2d Cir. 2003) ("If, as to the issue on which summary judgment is sought, there is any evidence in the record from which a reasonable inference could be drawn in favor of the opposing party, summary judgment is improper"); *Quinn v. Syracuse Model Neighborhood Corp*., 613 F.2d 438, 445 (2d Cir. 1980) ("When the party against whom summary judgment is sought comes forth with affidavits or other material obtained through discovery that generates uncertainty as to true state of any material fact, the procedural weapon of summary judgment is inappropriate.").  With the supporting evidence, and given the Trustee's utter failure to offer anything but RFAs served on Fairfield Pagma and not the other Defendants whose denial is expressly stated in their Answer, there is in reality no genuine dispute of material fact -- Seymour Kleinman and Marjorie Kleinman were not the general partners of Fairfield in 2007 and 2008.

The Motion should be denied.

## II.    DEFENDANTS HAVE NOT ENGAGED IN ANY DILATORY LITIGATION TACTICS, HAVE NOT REFUSED TO ACKNOWLEDGE OR RESISTED THE LAW OF THE CASE OR OTHERWISE CAUSED DELAY TO THE TRUSTEE'S PROSECUTION OF THIS CASE

The Trustee contends that he is entitled to special prejudgment interest based on "Defendants' dilatory litigation tactics," such as "litigat[ion of] issues that have already been decided by the Court," "refus[al] to acknowledge the law of the case," and "resist[ance of] the law of the case." Pl. Memo of Law, p. 39. For this, he cites prior Madoff decisions, but he cites nothing in this case—not one motion, not one brief, not one docket number.

The record *in this case* is just the opposite. Defendants filed their Motion to Dismiss in 2014. It was granted as to all but one count in 2015. Defendants timely answered. Sixteen months later, the Trustee served document discovery on *two* Defendants and written discovery on one Defendant in January 2017. In March 2017, the Trustee notified Defendants that he would hold discovery in abeyance. Defendants received no direct communications from the Trustee following the March 9, 2017 correspondence concerning discovery in this case.

Any delays in the resolution of this case are as much due to the Trustee's own inaction as could possibly be due to any conduct on the part of Defendants.

The request for special interest should be denied.

## CONCLUSION

For the reasons set forth herein, Defendants respectfully request that the Trustee's motion for summary judgment be denied.

Submitted:     New York, New York
               December 22, 2021

By: /s/ Barry R. Lax
Barry R. Lax
LAX & NEVILLE LLP
350 Fifth Avenue, Suite 4640
New York, NY 10118
Telephone: (212) 696-1999
Facsimile: (212) 566-4531
*Attorneys for Defendants*