**LAX & NEVILLE LLP**
350 Fifth Avenue, Suite 4640
New York, New York 10018
Telephone: (212) 696-1999
Facsimile: (212) 566-4531
Barry R. Lax, Esq.
Brian J. Neville, Esq.
*Attorneys for Defendants*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

| | | |
|---|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | : | SIPA LIQUIDATION |
| Plaintiff-Applicant, | : | No. 08-01789 (CGM) |
| v. | : | |
| BERNARD L. MADOFF INVESTMENT SECURITIES, LLC, | : | |
| Defendant. | : | |

------------------------------------------------------------------X

In re:

BERNARD L. MADOFF,

        Debtor.

------------------------------------------------------------------X

| | | |
|---|---|---|
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff | : | |
| Plaintiff, | : | |
| v. | : | Adv. Pro. No. 10-05169 |
| FAIRFIELD PAGMA ASSOCIATES, LP, a New York limited partnership, SEYMOUR KLEINMAN, ESTATE OF MARJORIE KLEINMAN aka MARJORIE HELENE KLEINMAN, BONNIE JOYCE KANSLER, as executor, FAIRFOX, LLC, a New York limited liability company, and SEYFAIR, LLC, a New York limited liability company, | : | **DECLARATION OF BRIAN J. NEVILLE** |
| Defendants. | : | |

------------------------------------------------------------------X

I, Brian J. Neville, hereby declare under penalty of perjury, as follows:

1. I am a partner at Lax & Neville, LLP, counsel for Defendant Bonnie Kleinman, in her capacity as Trustee of the Estate of Marjorie Kleinman.

2. I was also counsel for Defendant Seymour Kleinman prior to his death on September 8, 2015. No later than January 27, 2016, the Trustee was in possession of Mr. Kleinman's death certificate but has never moved to substitute a representative of his estate as a party. To the extent he remains a proper party to this litigation, and solely for the purpose of opposing this Motion, I am continuing as counsel.

3. I was retained as counsel by Defendants Fairfield Pagma Associates, LP, Fairfox, LLC, and Seyfair, LLC (the "Entity Defendants"). Fairfield Pagma is defunct and Fairfox and Seyfair were formally dissolved on August 9, 2015 and September 12, 2017, following the deaths of their majority owners and managing members Seymour Kleinman and Marjorie Kleinman. To the extent they remain proper parties to this litigation, and solely for the purpose of opposing this Motion, I am continuing as counsel to the Entity Defendants.

4. I make this declaration in opposition to the motion for summary judgment filed by Irving H. Picard, as trustee ("Trustee"), for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC and the estate of Bernard L. Madoff.

5. In December 2010, the Trustee brought this adversary proceeding to avoid and recover $1,247,929 of "fictitious" profits received by Fairfield Pagma during both the two-year and six-year periods preceding the commencement of the SIPA liquidation. Compl, ¶¶ 37-39, ECF No. 1.

6. Defendants timely moved to dismiss the Complaint in January 2014. ECF No. 29. While Defendants' motion to dismiss was pending, Marjorie Kleinman died on October 26, 2014,

and, pursuant to stipulation dated April 7, 2015, Bonnie Joyce Kansler, as executor of the Estate of Marjorie Kleinman, was substituted into the action in place of Marjorie Kleinman. ECF No. 43.

7. Defendants' motion to dismiss was granted in part and denied in part, and, by Order dated July 16, 2015, all counts in the Complaint other than Count I, which seeks to avoid and recover two-year transfers pursuant to sections 548(a)(1)(A), 550, and 551 of the Bankruptcy Code, were dismissed. ECF No. 47.

8. Seymour Kleinman died on September 8, 2015, and Defendants notified the Trustee of Seymour Kleinman's death on September 17, 2015, one day before Defendants were required to file their Answer to the Complaint. Due to the inability to procure the necessary documents to complete a substitution of parties in just one day, including Seymour Kleinman's death certificate, Defendants' counsel filed the Answer to the Complaint on September 18, 2015 on behalf of all Defendants, including Seymour Kleinman. Answer, ECF No. 59. In their Answer, Defendants denied the Trustee's allegation that Seymour Kleinman and Marjorie Kleinman were the general partners of Fairfield Pagma. Answer ¶ 8, ECF No. 59.

9. I sent Plaintiff's counsel a copy of Seymour Kleinman's death certificate on January 27, 2016. Attached hereto as Exhibit A is true and correct copy of my email to Trustee's counsel on January 27, 2016.

10. On January 25, 2017, the Trustee served Trustee's First Set of Requests for Production of Documents to Defendant Fairfield Pagma, Trustee's First Set of Interrogatories to Defendant Fairfield Pagma, and Trustee's First Set of Requests for Admission to Defendant Fairfield Pagma (the "RFAs"). The RFAs were directed only to Fairfield Pagma and not to any other defendant. *See* Cremona Decl., Ex. 17. The Trustee also served Trustee's First Set of Requests for Production of Documents to Defendant Estate of Marjorie Kleinman.

3

11.     On March 9, 2017, counsel for the Trustee sent an email notice that responses to discovery were past due and advised that if responses were not received by March 17, 2017, the Trustee would file a discovery motion with the Court. Attached hereto as Exhibit B are true and correct copies of the email correspondence exchanged between counsel for the Trustee and myself.

12.     As Trustee's counsel was aware, (1) Defendant Fairfield Pagma was then no longer in existence, (2) Seymour Kleinman, the principal member of Seyfair LLC, one of the two general partners of Fairfield Pagma, had died in September 2015, and (3) Marjorie Kleinman, the principal member of Fairfox LLC, the other general partner of Fairfield Pagma, had died in October 2014.

13.     I explained to Plaintiff's counsel that Fairfield Pagma could not effectively answer written discovery.

14.     Plaintiff's counsel responded that he was then in active and ongoing communications with counsel for the family. He informed me that, "I will not take any action with respect to the discovery without another 15-day notice to you and hopefully we can figure something out."

15.     I did not receive any further direct communications from Plaintiff's counsel with respect to discovery and Plaintiff did not file a motion to compel discovery responses or any other discovery motion with the court.

16.     Defendants did not engage in any dilatory litigation tactics or otherwise engage in any conduct that caused any undue delays in the prosecution of this case.

17.     Annexed hereto as Exhibit C is a printout from the website of the New York State Department of Corporations reflecting that Fairfield Pagma was dissolved as of December 31, 2010.

Dated: December 22, 2021	Respectfully submitted,
      New York, New York

LAX & NEVILLE LLP


By: /s/ Brian J. Neville
    Brian J. Neville