# EXHIBIT B

*Your new agreement*

# AMENDED AND RESTATED

# LIMITED LIABILITY COMPANY AGREEMENT

# OF

# FOXFAIR LLC

This Limited Liability Company Agreement (this "Agreement") of FOXFAIR LLC, is entered into by and between Marjorie Kleinman ("MK"), Abraham Kleinman ("AK"), Bonnie Kansler ("BK") and Dale Kleinman ("DK"), as members (each a "Member" and, collectively, the "Members").

## RECITALS

WHEREAS, an authorized person executed and filed the Certificate of Formation of the Company (as defined below) with the Office of the Secretary of State of the State of Delaware on _____, 2004, thereby forming the Company as a limited liability company pursuant to and in accordance with the Delaware Limited Liability Company Act (6 Del.C. § 18-101, et seq.), as amended from time to time (the "Act"); and

WHEREAS, MK contributed her general partner interest in FAIRFIELD PAGMA ASSOCIATES, L.P. ("FF") to the Company in exchange for 100% of the membership interests of the Company; and

WHEREAS, the Company issued membership interests in the Company to AK, BK and DK as provided on Schedule A attached hereto (the "Issuances") and each of AK, BK and DK are now being admitted as Members; and

WHEREAS, the Members now wish to amend and restate as hereinafter set forth the limited liability company agreement;

## AGREEMENT

NOW, THEREFORE, in consideration of the agreements and obligations set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto, intending to be legally bound, hereby agree as follows:

1.    Name. The name of the limited liability company formed hereby is FOXFAIR LLC (the "Company").

2.    Purpose. The Company is formed for the object and purpose of, and the nature of the business to be conducted and promoted by the Company is, engaging in any lawful act or activity for which limited liability companies may be formed under the Act and engaging in any and all activities necessary or incidental to the foregoing.

3.  <u>Registered Office</u>. The address of the registered office of the Company in the State of Delaware is c/o Corporation Service Company, 2711 Centerville Road, Suite 400, City of Wilmington, New Castle County, Delaware 19808.

4.  <u>Registered Agent</u>. The name and address of the registered agent of the Company for service of process on the Company in the State of Delaware is Corporation Service Company, 2711 Centerville Road, Suite 400, City of Wilmington, New Castle County, Delaware 19808.

5.  <u>Members</u>. The names and mailing addresses of the Members are as set forth on Schedule A attached hereto.

6.  <u>Powers</u>. The business and affairs of the Company shall be managed by the Members, acting with the consent of a majority in percentage interests of Members (the "<u>Requisite Members</u>"). Each Member, acting only with the consent of the Requisite Members, shall have the power to bind the Company and do any and all acts necessary or convenient to or for the furtherance of the purposes described herein, including all powers, statutory or otherwise, possessed by members and managers of limited liability companies under the laws of the State of Delaware. No Member shall have any power to act on behalf of, or bind in any manner, the Company absent the consent of the Requisite Members.

7.  <u>Dissolution</u>.

(a) The Company shall dissolve, and its affairs shall be wound up, upon the first to occur of the following: (i) the written consent of the Members, (ii) the retirement, resignation or dissolution of the Members or the occurrence of any other event which terminates the continued membership of the Members in the Company unless the business of the Company is continued in a manner permitted by the Act, or (iii) the entry of a decree of judicial dissolution under Section 18-802 of the Act.

(b) The bankruptcy of a Member will not cause a Member to cease to be a member of the Company and upon the occurrence of such an event, the business of the Company shall continue without dissolution.

(c) In the event of dissolution, the Company shall conduct only such activities as are necessary to wind up its affairs (including the sale of the assets of the Company in an orderly manner), and the assets of the Company shall be applied in the manner, and in the order of priority, set forth in Section 18-804 of the Act.

8.  <u>Capital Contributions</u>. Each Member is deemed admitted as a Member of the Company upon such Member's execution and delivery of this Agreement. Each Member has made, or shall be deemed to have made, a capital contribution of the cash and/or assets set forth opposite his or its name on <u>Schedule A</u> attached hereto.

9. **Additional Contributions.** The Members are not required to make any additional capital contribution to the Company. No Member shall have any obligation to make any contributions or payments with respect to any negative balance in such Member's capital account. However, a Member may, at such Member's option, make additional capital contributions to the Company with the unanimous written consent of the Members.

10. **Allocation of Profits and Losses.** The Company's profits and losses shall be allocated to the Members in proportion to their interests in the Company as set forth on Schedule A attached hereto.

11. **Tax Matters.** It is the intention of the Members that the Company be treated as a partnership, and not an association taxable as a corporation, for U.S. federal income tax purposes. Notwithstanding anything to the contrary in this Agreement, neither Member shall take any action inconsistent with such treatment, including the filing of any election to treat the Company as a corporation for U.S. federal income tax purposes.

12. **Distributions.** Distributions shall be made to the Members at the times and in the aggregate amounts determined by consent of the Requisite Members. Such distributions shall be divided among the Members in proportion to their interests in the Company at such time. Notwithstanding any provision to the contrary contained in this Agreement, the Company shall not make a distribution to a Member on account of such Member's interest in the Company if such distribution would violate Section 18-607 of the Act or other applicable law.

13. **Officers.** The Members may, from time to time as the Requisite Members deem advisable, appoint officers of the Company and assign in writing titles (including, without limitation, President, Vice President, Secretary and Treasurer) to any such person. Unless the Requisite Members decide otherwise, if the title is one commonly used for officers of a business corporation formed under the Delaware General Corporation Law, the assignment of such title shall constitute the delegation to such person of the authorities and duties that are normally associated with that office. Any delegation pursuant to this Section 13 may be revoked at any time by either Member.

14. **Other Business.** The Members, and any of their respective affiliates, may engage in or possess an interest in other investments, business ventures or entities of any nature or description, independently or with others, similar or dissimilar to, or that compete with, the investments or business of the Company, and may provide advice and other assistance to any such investment, business venture or entity, and the Company and the Members shall have no rights by virtue of this Agreement in and to such investments, business ventures or entities or the income or profits derived therefrom, and the pursuit of any such investment or venture, even if competitive with the business of the Company, shall not be deemed wrongful or improper.

15. **Exculpation and Indemnification.** No Member or Officer shall be liable to the Company, or any other person or entity who has an interest in the Company, for any loss, damage or claim incurred by reason of any act or omission performed or omitted by such Member or Officer in good faith on behalf of the Company and in a manner reasonably believed to be within the scope of the authority conferred on such Member or Officer by this Agreement,

3

except that a Member or Officer shall be liable for any such loss, damage or claim incurred by reason of such Member's or Officer's willful misconduct. To the fullest extent permitted by applicable law, a Member or Officer shall be entitled to indemnification from the Company for any loss, damage or claim incurred by such Member or Officer by reason of any act or omission performed or omitted by such Member or Officer in good faith on behalf of the Company and in a manner reasonably believed to be within the scope of the authority conferred on such Member or Officer by this Agreement, except that no Member or Officer shall be entitled to be indemnified in respect of any loss, damage or claim incurred by such Member or Officer by reason of willful misconduct with respect to such acts or omissions; provided, however, that any indemnity under this Section 18 shall be provided out of and to the extent of Company assets only, and no Member shall have personal liability on account thereof.

16. Assignments.

(a) Except as provided in paragraph (b) below, no Member may assign in whole or in part such Member's limited liability company interest without the prior written consent of the Requisite Members. If a Member transfers all or part of such Member's interest in the Company pursuant to this Section 16, the transferee shall be admitted to the Company upon its execution of an instrument signifying its agreement to be bound by the terms and conditions of this Agreement. Such admission shall be deemed effective immediately prior to the transfer, and, immediately following such admission, the transferor Member shall cease to be a member of the Company.

(b) In the event that MK has previously delivered notice to each of the other Members of an election under this section, upon the resignation as a Member, death or legal incompetence of MK, all of MK's interest in the Company immediately shall be transferred to AK for a purchase price equal to the book value of such interest as of the date of such transfer. Such purchase price shall be paid immediately, in cash, to MK (or MK's estate, as applicable). In the event that AK has previously delivered notice to each of the other Members of an election under this section, upon the resignation as a Member, death or legal incompetence of AK, all of AK's interest in the Company immediately and automatically shall be transferred to BK and DK, one-half each, for an aggregate purchase price equal to the book value of such interest as of the date of such transfer. Such purchase price shall be paid immediately, in cash, to AK (or AK's estate, as applicable), one-half each by BK and DK.

17. Amendments. Any term of this Agreement may be amended and the observance of any term of this Agreement may be waived (either generally or in a particular instance and either retroactively or prospectively), only with the written consent of the Requisite Members.

18. Resignation. A Member may resign from the Company at any time and for any reason by giving notice to the Company. Such notice shall be in writing and shall take effect ten (10) days following delivery of such notice. Notwithstanding Section 18-604 of the Act, upon such resignation without the written consent of the Requisite Members, such Member shall (i) cease to be a Member; (ii) cease to have an limited liability company interest or any other economic interest in the Company and (iii) not be entitled to such Member's capital

account, any payment for his or its limited liability company interest or any other distribution from the Company. A resigning Member shall remain liable to the Company for all obligations incurred prior to his or its resignation in his or its capacity as a Member.

19. <u>Admission of Additional Members</u>. One (1) or more additional members of the Company may be admitted to the Company only with the written consent of the Requisite Members.

20. <u>Liability of Members</u>. No Member shall have any liability for the obligations or liabilities of the Company except to the extent specifically provided in the Act.

21. <u>Governing Law</u>. This Agreement shall be governed by, and construed under, the laws of the State of Delaware, all rights and remedies being governed by said laws.

[END OF TEXT. SIGNATURE PAGE FOLLOWS.]

IN WITNESS WHEREOF, the undersigned, intending to be legally bound hereby, has duly executed this Amended and Restated Limited Liability Company Agreement as of the ___ day of _____, 2004.

_____
Marjorie Kleinman

_____
Abraham Kleinman

_____
Bonnie Kansler

_____
Dale Kleinman

## Schedule A

## MEMBERS

| Name of Member | Address | Capital | Interest |
|---|---|---|---|
| Marjorie Kleinman | | | 99.97% |
| Abraham Kleinman | | | 0.01% |
| Bonnie Kansler | | | 0.01% |
| Dale Kleinman | | | 0.01% |

# AMENDED AND RESTATED

# LIMITED LIABILITY COMPANY AGREEMENT

## OF

## SEYFAIR LLC

This Limited Liability Company Agreement (this "Agreement") of SEYFAIR LLC, is entered into by and between Seymour Kleinman ("SK"), Debra Weiner ("DW") and Ronni Leo ("RL"), as members (each a "Member" and, collectively, the "Members").

## RECITALS

WHEREAS, an authorized person executed and filed the Certificate of Formation of the Company (as defined below) with the Office of the Secretary of State of the State of Delaware on _____, 2004, thereby forming the Company as a limited liability company pursuant to and in accordance with the Delaware Limited Liability Company Act (6 Del.C. § 18-101, et seq.), as amended from time to time (the "Act"); and

WHEREAS, SK contributed ~~her~~ his general partner interest in FAIRFIELD PAGMA ASSOCIATES, L.P. ("FF") to the Company in exchange for 100% of the membership interests of the Company; and

WHEREAS, the Company issued membership interests in the Company to DW and RL as provided on Schedule A attached hereto (the "Issuances") and each of DW and RL are now being admitted as Members; and

WHEREAS, the Members now wish to amend and restate as hereinafter set forth the limited liability company agreement;

## AGREEMENT

NOW, THEREFORE, in consideration of the agreements and obligations set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto, intending to be legally bound, hereby agree as follows:

1.  Name. The name of the limited liability company formed hereby is SEYFAIR LLC (the "Company").

2.  Purpose. The Company is formed for the object and purpose of, and the nature of the business to be conducted and promoted by the Company is, engaging in any lawful act or activity for which limited liability companies may be formed under the Act and engaging in any and all activities necessary or incidental to the foregoing.

3.  **Registered Office.** The address of the registered office of the Company in the State of Delaware is c/o Corporation Service Company, 2711 Centerville Road, Suite 400, City of Wilmington, New Castle County, Delaware 19808.

4.  **Registered Agent.** The name and address of the registered agent of the Company for service of process on the Company in the State of Delaware is Corporation Service Company, 2711 Centerville Road, Suite 400, City of Wilmington, New Castle County, Delaware 19808.

5.  **Members.** The names and mailing addresses of the Members are as set forth on Schedule A attached hereto.

6.  **Powers.** The business and affairs of the Company shall be managed by the Members, acting with the consent of a majority in percentage interests of Members (the "Requisite Members"). Each Member, acting only with the consent of the Requisite Members, shall have the power to bind the Company and do any and all acts necessary or convenient to or for the furtherance of the purposes described herein, including all powers, statutory or otherwise, possessed by members and managers of limited liability companies under the laws of the State of Delaware. No Member shall have any power to act on behalf of, or bind in any manner, the Company absent the consent of the Requisite Members.

7.  **Dissolution.**

    (a)  The Company shall dissolve, and its affairs shall be wound up, upon the first to occur of the following: (i) the written consent of the Members, (ii) the retirement, resignation or dissolution of the Members or the occurrence of any other event which terminates the continued membership of the Members in the Company unless the business of the Company is continued in a manner permitted by the Act, or (iii) the entry of a decree of judicial dissolution under Section 18-802 of the Act.

    (b)  The bankruptcy of a Member will not cause a Member to cease to be a member of the Company and upon the occurrence of such an event, the business of the Company shall continue without dissolution.

    (c)  In the event of dissolution, the Company shall conduct only such activities as are necessary to wind up its affairs (including the sale of the assets of the Company in an orderly manner), and the assets of the Company shall be applied in the manner, and in the order of priority, set forth in Section 18-804 of the Act.

8.  **Capital Contributions.** Each Member is deemed admitted as a Member of the Company upon such Member's execution and delivery of this Agreement. Each Member has made, or shall be deemed to have made, a capital contribution of the cash and/or assets set forth opposite his or its name on Schedule A attached hereto.

9.  **Additional Contributions.** The Members are not required to make any additional capital contribution to the Company. No Member shall have any obligation to make

2

any contributions or payments with respect to any negative balance in such Member's capital account. However, a Member may, at such Member's option, make additional capital contributions to the Company with the unanimous written consent of the Members.

10. **Allocation of Profits and Losses.** The Company's profits and losses shall be allocated to the Members in proportion to their interests in the Company as set forth on Schedule A attached hereto.

11. **Tax Matters.** It is the intention of the Members that the Company be treated as a partnership, and not an association taxable as a corporation, for U.S. federal income tax purposes. Notwithstanding anything to the contrary in this Agreement, neither Member shall take any action inconsistent with such treatment, including the filing of any election to treat the Company as a corporation for U.S. federal income tax purposes.

12. **Distributions.** Distributions shall be made to the Members at the times and in the aggregate amounts determined by consent of the Requisite Members. Such distributions shall be divided among the Members in proportion to their interests in the Company at such time. Notwithstanding any provision to the contrary contained in this Agreement, the Company shall not make a distribution to a Member on account of such Member's interest in the Company if such distribution would violate Section 18-607 of the Act or other applicable law.

13. **Officers.** The Members may, from time to time as the Requisite Members deem advisable, appoint officers of the Company and assign in writing titles (including, without limitation, President, Vice President, Secretary and Treasurer) to any such person. Unless the Requisite Members decide otherwise, if the title is one commonly used for officers of a business corporation formed under the Delaware General Corporation Law, the assignment of such title shall constitute the delegation to such person of the authorities and duties that are normally associated with that office. Any delegation pursuant to this Section 13 may be revoked at any time by either Member.

14. **Other Business.** The Members, and any of their respective affiliates, may engage in or possess an interest in other investments, business ventures or entities of any nature or description, independently or with others, similar or dissimilar to, or that compete with, the investments or business of the Company, and may provide advice and other assistance to any such investment, business venture or entity, and the Company and the Members shall have no rights by virtue of this Agreement in and to such investments, business ventures or entities or the income or profits derived therefrom, and the pursuit of any such investment or venture, even if competitive with the business of the Company, shall not be deemed wrongful or improper.

15. **Exculpation and Indemnification.** No Member or Officer shall be liable to the Company, or any other person or entity who has an interest in the Company, for any loss, damage or claim incurred by reason of any act or omission performed or omitted by such Member or Officer in good faith on behalf of the Company and in a manner reasonably believed to be within the scope of the authority conferred on such Member or Officer by this Agreement, except that a Member or Officer shall be liable for any such loss, damage or claim incurred by reason of such Member's or Officer's willful misconduct. To the fullest extent permitted by

applicable law, a Member or Officer shall be entitled to indemnification from the Company for any loss, damage or claim incurred by such Member or Officer by reason of any act or omission performed or omitted by such Member or Officer in good faith on behalf of the Company and in a manner reasonably believed to be within the scope of the authority conferred on such Member or Officer by this Agreement, except that no Member or Officer shall be entitled to be indemnified in respect of any loss, damage or claim incurred by such Member or Officer by reason of willful misconduct with respect to such acts or omissions; provided, however, that any indemnity under this Section 18 shall be provided out of and to the extent of Company assets only, and no Member shall have personal liability on account thereof.

16.  Assignments.

(a)  Except as provided in paragraph (b) below, no Member may assign in whole or in part such Member's limited liability company interest without the prior written consent of the Requisite Members. If a Member transfers all or part of such Member's interest in the Company pursuant to this Section 16, the transferee shall be admitted to the Company upon its execution of an instrument signifying its agreement to be bound by the terms and conditions of this Agreement. Such admission shall be deemed effective immediately prior to the transfer, and, immediately following such admission, the transferor Member shall cease to be a member of the Company.

(b)  In the event that SK has previously delivered notice to each of the other Members of an election under this section, upon the resignation as a Member, death or legal incompetence of SK, all of SK's interest in the Company immediately and automatically shall be transferred to DW and RL, one-half each, for an aggregate purchase price equal to the book value of such interest as of the date of such transfer. Such purchase price shall be paid immediately, in cash, to SK (or SK's estate, as applicable), one-half each by DW and RL.

17.  Amendments. Any term of this Agreement may be amended and the observance of any term of this Agreement may be waived (either generally or in a particular instance and either retroactively or prospectively), only with the written consent of the Requisite Members.

18.  Resignation. A Member may resign from the Company at any time and for any reason by giving notice to the Company. Such notice shall be in writing and shall take effect ten (10) days following delivery of such notice. Notwithstanding Section 18-604 of the Act, upon such resignation without the written consent of the Requisite Members, such Member shall (i) cease to be a Member, (ii) cease to have an limited liability company interest or any other economic interest in the Company and (iii) not be entitled to such Member's capital account, any payment for his or its limited liability company interest or any other distribution from the Company. A resigning Member shall remain liable to the Company for all obligations incurred prior to his or its resignation in his or its capacity as a Member.

19.  Admission of Additional Members. One (1) or more additional members of the Company may be admitted to the Company only with the written consent of the Requisite Members.

20. <u>Liability of Members</u>. No Member shall have any liability for the obligations or liabilities of the Company except to the extent specifically provided in the Act.

21. <u>Governing Law</u>. This Agreement shall be governed by, and construed under, the laws of the State of Delaware, all rights and remedies being governed by said laws.

[END OF TEXT. SIGNATURE PAGE FOLLOWS.]

IN WITNESS WHEREOF, the undersigned, intending to be legally bound hereby, has duly executed this Amended and Restated Limited Liability Company Agreement as of the ___ day of _____, 2004.

_____
Seymour Kleinman

_____
Debra Weiner

_____
Ronni Leo

## Schedule A

### MEMBERS

| Name of Member | Address | Interest |
|---|---|---|
| Seymour Kleinman | | 99.98% |
| Debra Weiner | | 0.01% |
| Ronni Leo | | 0.01% |