**LAX & NEVILLE LLP**
350 Fifth Avenue, Suite 4640
New York, New York 10018
Telephone: (212) 696-1999
Facsimile: (212) 566-4531
Barry R. Lax, Esq.
Brian J. Neville, Esq.
*Attorneys for Defendants*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

| | | |
|---|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | : | SIPA LIQUIDATION |
| Plaintiff-Applicant, | : | No. 08-01789 (CGM) |
| v. | : | |
| BERNARD L. MADOFF INVESTMENT SECURITIES, LLC, | : | |
| Defendant. | : | |

-----------------------------------------------------------------------X

In re:

BERNARD L. MADOFF,

      Debtor.

-----------------------------------------------------------------------X

IRVING H. PICARD, Trustee for the Substantively
Consolidated SIPA Liquidation of Bernard L. Madoff
Investment Securities LLC and Bernard L. Madoff

      Plaintiff,

v.                                                                                      Adv. Pro. No. 10-05169

FAIRFIELD PAGMA ASSOCIATES, LP, a New York
limited partnership, SEYMOUR KLEINMAN,
ESTATE OF MARJORIE KLEINMAN aka MARJORIE
HELENE KLEINMAN, BONNIE JOYCE KLEINMAN,
as executor, FAIRFOX, LLC, a New York limited liability
company, and SEYFAIR, LLC, a New York limited
liability company,

      Defendants.

-----------------------------------------------------------------------X

## DEFENDANTS' RULE 56.1 RESPONSE TO THE TRUSTEE'S STATEMENT OF MATERIAL FACTS

Defendant Bonnie Joyce Kansler, as Executor of the Estate of Marjorie Kleinman ("MK Estate") and, to the extent they are properly subject to this Motion, Seymour Kleinman, Seyfair LLC ("Seyfair") and Fairfox LLC ("Fairfox"),[1] respectfully submit this Response to the Trustee's Statement of Material Facts pursuant to Local Rule 56.1 in opposition to the motion for summary judgment (the "Motion") filed by Irving H. Picard, as Trustee ("Trustee"), for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") and the estate of Bernard L. Madoff, and contend that, to the extent disputed below, a trial is needed to determine the facts.

### Responses to Statements of Facts

Solely for the purpose of this Motion, Defendants do not dispute the Trustee's Statements of Material Fact Nos. 1 through 107 and Nos. 113-134.

**III.   The Fairfield Pagma Account BLMIS Transactions**

108.   Defendant Fairfield Pagma Associates, LP ("Fairfield Pagma") is a New York limited partnership. Answer ¶ 7, *Picard v. Fairfield Pagma Assocs., LP*, Adv. Pro. No. 10- 05169 (CGM) (Bankr. S.D.N.Y. Sept. 18, 2015), ECF No. 59.

**Response:**   Statement No. 108 is disputed. Fairfield Pagma *was* a New York limited partnership. It was defunct following the collapse of BLMIS and formally dissolved as of December 31, 2010. Neville Decl., Ex. C (Fairfield Pagma NYS Dissolution).

109.   Defendants Fairfox, LLC and Seyfair, LLC are New York limited liability companies and general partners of defendant Fairfield Pagma. *Id.* ¶ 9.

---

[1] Seyfair, together with Fairfox, may be referred to herein as the "LLCs" or "LLC Defendants," and, with Fairfield Pagma, the "Entity Defendants." To the extent that Seymour Kleinman and the Entity Defendants remain proper parties to this litigation, and solely for the purpose of opposing this Motion, this memorandum is submitted on their behalf.

**Response:** Statement No. 109 is disputed. Fairfox, LLC ("Fairfox") and Seyfair, LLC ("Seyfair") *were* New York limited liability companies but have been inactive for more than a decade and are defunct. Fairfox and Seyfair replaced Marjorie Kleinman and Seymour Kleinman as general partners of Fairfield Pagma in 2005 and were the sole general partners of Fairfield Pagma from 2005 through its termination. B. Kansler Decl. ¶¶ 4-10, 13, R. Leo Decl. ¶¶ 4-10, A. Kansler Decl. ¶¶ 3-10.

110.  Defendants Marjorie Kleinman and Seymour Kleinman are also general partners of defendant Fairfield Pagma. Cremona Decl., Ex. 16 (BLMIS Partnership Account Agreement for Fairfield Pagma Account); Cremona Decl., Ex. 17 (Trustee's First Set of Reqs. for Admis. to Def. Fairfield Pagma Nos. 38–39).

**Response:** Statement No. 110 is disputed. Defendants Marjorie Kleinman and Seymour Kleinman were the initial general partners of Fairfield Pagma at the time of its formation. Fairfox and Seyfair were formed in December 2004 and replaced Marjorie Kleinman and Seymour Kleinman as general partners of Fairfield Pagma in 2005. Fairfox and Seyfair were the sole general partners of Fairfield Pagma from 2005 through its termination. Seymour Kleinman and Marjorie Kleinman were *not* general partners of Fairfield Pagma at any time between December 11, 2006 and December 11, 2008. Answer ¶ 8 (ECF No. 59), B. Kansler Decl. ¶¶ 3-11, R. Leo Decl. ¶¶ 3-10, A. Kansler Decl. ¶¶ 4-11.

111.  Defendant Fairfield Pagma was a customer of the IA Business and held BLMIS Account No. 1ZA994 (the "Fairfield Pagma Account") in the name of "Fairfield Pagma Associates L.P." Answer ¶ 7.

**Response:** Statement No. 111 is not disputed.

112.  Defendants admitted receipt of the Two-Year Transfers by failing to respond to the Trustee's Requests for Admission. Cremona Decl., Ex. 17 (Trustee's First Set of Reqs. for Admis. to Def. Fairfield Pagma Nos. 13–30).

**Response:** Statement No. 112 is disputed. Statement No. 112 is not a statement of fact. Statement No. 112 is misleading and contrary to the discovery record. The Trustee held his

3

discovery requests in abeyance, did not renew or otherwise pursue his discovery requests and did not move to compel on any request. Neville Decl., ¶¶ 11-13, Ex. B (Email Correspondence between B. Neville and M. Matthias). Moreover, the Requests for Admission were directed only to Fairfield Pagma, and not to any other Defendant, after Fairfield Pagma was defunct, its general partners were defunct, and the owners and managers of its general partners were dead. Cremona Decl., Ex. 17 (Trustee's First Set of Reqs. for Admis. to Def. Fairfield Pagma), B. Kansler Decl. ¶¶ 12-13, R. Leo Decl. ¶¶ 11-12. The Requests for Admission cannot be deemed admitted and cannot be binding upon any of the other Defendants. Neville Decl., ¶¶ 11-13, Ex. B (Email Correspondence between B. Neville and M. Matthias).

## STATEMENT OF ADDITIONAL MATERIAL FACTS PRECLUDING THE TRUSTEE'S MOTION FOR SUMMARY JUDGMENT

1. Fairfield Pagma was a limited partnership whose initial general partners at the time of its formation were Seymour Kleinman and Marjorie Kleinman. A. Kansler Decl. ¶ 3, B. Kansler Decl. ¶ 3, R. Leo Decl. ¶ 3.

2. Defendants Seyfair LLC and Fairfox LLC were formed on December 13, 2004, for the purpose of replacing Seymour Kleinman and Marjorie Kleinman as the general partners of Fairfield Pagma. A. Kansler Decl. ¶ 4, Ex. A (Articles of Organization), B. Kansler Decl. ¶¶ 4-5, R. Leo Decl. ¶¶ 4-5.

3. The sole purpose of Seyfair and Fairfox from their initial organization and throughout their existence was to serve as general partners of Fairfield Pagma. A. Kansler Decl. ¶ 4.

4. In 2005, Seymour Kleinman contributed 100% of his general partnership interest in Fairfield Pagma ($35,000) to Seyfair in exchange for 100% of the ownership interest in Seyfair. A. Kansler Decl. ¶¶ 5-7, Ex. B (Operating Agreements), R. Leo Decl. ¶¶ 4-6.

4

5. In 2005 Marjorie Kleinman contributed 100% of her general partnership interest in Fairfield Pagma ($50,000) to Fairfox in exchange for 100% of the ownership interest in Fairfox. A. Kansler Decl. ¶ 5-7, Ex. B (Operating Agreements), B. Kansler Decl. ¶¶ 4-6.

6. In 2005 Seyfair contributed $35,000 to Fairfield Pagma for its initial capital contribution and was substituted as general partner. A. Kansler Decl. ¶¶ 5-7, Ex. B (Operating Agreements), R. Leo Decl. ¶¶ 4-6.

7. In 2005 Fairfox contributed $50,000 to Fairfield Pagma for its initial capital contribution and was substituted as general partner. A. Kansler Decl. ¶¶ 5-7, Ex. B (Operating Agreements), B. Kansler Decl. ¶¶ 4-6.

8. Seymour Kleinman and Marjorie Kleinman each withdrew their capital investments in Fairfield Pagma ($35,000 for Seymour Kleinman and $50,000 for Marjorie Kleinman) during 2005 as reflected on their K-1s. R. Leo Decl. ¶¶ 7-8, Ex. A (2005 Form K-1s).

9. Seyfair and Fairfox each contributed initial capital to Fairfield Pagma ($35,000 for Seyfair and $50,000 for Fairfox) as general partners. R. Leo Decl. ¶¶ 7-8, Ex. A (2005 Form K-1s).

10. Part II ("Information about the Partner") of the K-1s issued to Fairfox and Seyfair for 2005 indicates with an "X" in the box for "General Partner or LLC member-manager," that Fairfox and Seyfair were general partners of Fairfield Pagma during that year. R. Leo Decl. ¶ 8, Ex. A (2005 Form K-1s).

11. Neither Seyfair nor Fairfox were issued K-1s prior to 2005. R. Leo Decl. ¶ 8.

12. Seyfair and Fairfox remained the sole general partners of Fairfield Pagma from 2005 until its termination. B. Kansler Decl. ¶¶ 8-10, Ex. A (2007-2008 Form K-1s), R. Leo Decl. ¶ 9, A. Kansler Decl. ¶ 10.

5

13. Part II ("Information about the Partner") of the K-1s issued to Fairfox and Seyfair for 2007 and 2008 indicates with an "X" in the box for "General Partner or LLC member-manager," that Fairfox and Seyfair were general partners of Fairfield Pagma during those years. B. Kansler Decl. ¶ 8, Ex. A (2007-2008 Form K-1s).

14. Seyfair was designated as the Tax Matters Partner for Fairfield Pagma for 2007 and 2008. B. Kansler Decl. ¶ 9, Ex. B (2007-2008 Form 1065s).

15. Seymour Kleinman and Marjorie Kleinman were not general partners of Fairfield Pagma at any time between December 11, 2006 to December 11, 2008. B. Kansler Decl. ¶¶ 10-11, R. Leo Decl. ¶¶ 9-10, A. Kansler Decl. ¶¶ 10-11.

16. Fairfield Pagma received the transfers the Trustee is seeking to avoid and recover between March 2007 and July 2008 on behalf of its limited partners, to whom distributions were made in 2007 and 2008. None of the Defendants received or retained limited partner distributions from Fairfield Pagma in 2007 or 2008. B. Kansler Decl. ¶ 14.

Submitted:  New York, New York
            December 22, 2021

By: /s/ Barry R. Lax
Barry R. Lax
LAX & NEVILLE LLP
1450 Broadway, 35th Floor
New York, NY 10018
Telephone: (212) 696 1999
Facsimile: (212) 566 - 4531
*Attorneys for Defendants*