## CERTIFICATE OF SERVICE

I, Stephen A. Weiss, hereby certify that on the 16th day of June 2010, I electronically transmitted a true and correct copy of the foregoing document, OBJECTION TO TRUSTEE'S DETERMINATION OF CLAIM, to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing (NEF) to all attorneys of record who are ECF registrants. I also certify that on said date, I caused to be served a true and correct copy of the aforementioned document via federal express on, Irving H. Picard, Trustee, c/o Baker & Hostetler, LLP, 45 Rockefeller Plaza, New York, NY 10111, and via regular Mail on the following attorneys who are not ECF registrants:

Clerk of the United States Bankruptcy Court
For the Southern District of New York
One Bowling Green
New York, NY 10004

The DOS BFS Charitable Foundation
The DOS BFS Family Partnership II, L.P.
100 Ring Road West, Suite 101
Garden City, NY 11530

Craig Snyder Trust
1972 S.E. 16th Court
Pomoano Beach, FL 33062

Herbert Kasper
32 East 64th Street
New York, NY 10021

William G. Brammer
1970 N. Leslie Street PMB 2702
Pahrump, NV 89060

Janis Weiss
415 East 54th Street Apt. 10C
New York, NY 10022

Irwin Kellner
40 Angler Lane
Port Washington, NY 11050

Susan Kovach ITF Joan Kovack Martin
1672 SE 21st Avenue
Pomoano Beach, FL 33062

Gerald Login
355 South End Avenue
New York, NY 10280

David and Irma Gross
7248 Ballantrae Court
Boca Raton, FL 33496

Ade O. Ogunjobi
5820 Hickory Street
Callaway, FL 3240



/s/ Steph   A. Weiss
Stephe    . Weiss

13

65. Pursuant to SIPA, every SEC-regulated broker-dealer prints on its trade confirmations that the customer's account is insured by $500,000 in SIPC insurance. As intended by Congress, this representation has been a substantial inducement for investors to invest in the American securities markets.

66. As set forth hereafter, Picard has demonstrated that the representations of SIPC insurance on every trade confirmation of an SEC-regulated broker-dealer are now untrue because, with the apparent blessing of the SEC, SIPC will no longer honor its obligation to provide $500,000 in SIPC insurance for each customer.

67. SIPA provides that SIPC is charged with the responsibility of assessing the broker-dealers appropriately to ensure SIPC insurance, as provided in the statute. In the event that SIPC is under-funded, SIPC has access to a $1 billion line of credit from the SEC and a $1 billion line of credit from the U.S. Treasury. These lines of credit, if utilized, must be repaid by the brokerage industry pursuant to additional assessments on broker-dealer members of SIPC. See 15 U.S.C. § 78ddd(a)(c), (d), (e), (f), (g), and (h).

68. In the past, SIPC has essentially provided free insurance to broker-dealers. For example, SIPC charged Goldman Sachs (and every other broker-dealer) a mere $150.00 per year for the privilege of Goldman Sachs representing to all of its customers on billions of dollars of trade confirmations that their accounts were insured for up to $500,000 in SIPC insurance. Now, according to SIPC those representations were untrue.

**Picard has ignored the SIPA definition of "net equity"**

69. SIPA defines "net equity" as the value of the securities positions in the customer's account as of the SIPA filing date, less any amount the customer owes the debtor.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES INVESTOR PROTECTION CORPORATION,

        Plaintiff,

v.

BERNARD L. MADOFF INVESTMENT SECURITIES LLC,

        Defendant.

In re:

BERNARD L. MADOFF,

        Debtor.

IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,

        Plaintiff,

v.

NTC & Co. LLP, as former custodian of an Individual Retirement Account for the benefit of DAVID GROSS; DAVID GROSS and IRMA GROSS Individually and as Joint Tenants,

        Defendants.

Adv. Pro. No. 08-01789 (BRL)

SIPA LIQUIDATION

(Substantively Consolidated)

Adv. Pro. No. 10-4667 (BRL)



## ORDER ENFORCING AUTOMATIC STAY AND ISSUING PRELIMINARY INJUNCTION



Mr. David Gross
7248 Ballantrae Ct
Boca Raton FL 33496

...HEREBY FINDS AND DETERMINES THAT:

1. This Court has jurisdiction to grant the relief effected by this order.

2. The FINRA Action is violative of the automatic stay provisions of Bankruptcy Code § 362(a), SIPA § 78eee(b)(2)(B)(i) and at least one of the related orders entered by the United States District Court for the Southern District of New York dated December 15, 2008, December 18, 2008, and February 9, 2009.

3. The Trustee will suffer irreparable harm if the FINRA Action continues.

4. The Trustee has shown a strong probability of success on the merits.

5. The FINRA Action threatens the Court's jurisdiction and the administration of the estate, and an injunction is necessary to preserve and protect the est...

2. Pursuant to section 105(a) of the Bankruptcy Code, Defendant David Gross is hereby preliminarily enjoined from proceeding with the FINRA Action against Cohmad Securities Corp., Maurice J. Cohn and Richard G. Spring (collectively, the "Cohmad Defendants"), until the completion of the Trustee's action in Picard v. Cohmad Securities Corp., et al., Adv. Pro. No. 09-1305 (BRL), including the satisfaction by the Cohmad Defendants of any settlement or judgment obtained by the Trustee.

3. This Court shall retain exclusive jurisdiction over the implementation and interpretation of this Order.



Mr. David Gross
7248 Ballantrae Ct
Boca Raton FL 33496

Dated: December 4, 2013
New York, New York
at 10:28AM



/s/ Burton R. Lifland
───────────────────────
Burton R. Lifland
United States Bankruptcy Judge