UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>    Plaintiff-Applicant,<br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>    Defendant. | Adv. Pro. No. 08-01789 (CGM)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>    Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff,<br><br>    Plaintiff,<br>v.<br><br>GROSVENOR INVESTMENT MANAGEMENT LTD., GROSVENOR PRIVATE RESERVE FUND LIMITED, GROSVENOR BALANCED GROWTH FUND LIMITED, and GROSVENOR AGGRESSIVE GROWTH FUND LIMITED,<br><br>    Defendants. | Adv. Pro. No. 12-01021 (CGM) |

**STIPULATION AND ORDER REGARDING DISMISSAL WITH PREJUDICE
OF COUNT TWO AND RELATED TRANSFERS ALLEGED IN THE COMPLAINT**

The plaintiff, Irving H. Picard, trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities ("BLMIS") and the estate of Bernard L. Madoff, individually, and defendants Grosvenor Investment Management Ltd. ("Grosvenor Management"), Grosvenor Private Reserve Fund Limited ("Grosvenor Private"), Grosvenor

Balanced Growth Fund Limited ("Grosvenor Balanced"), and Grosvenor Aggressive Growth Fund Limited ("Grosvenor Aggressive", collectively, the "Grosvenor Defendants," and with the Trustee, the "Parties"), by and through their respective, undersigned counsel, stipulate and state as follows ("Stipulation"):

## BACKGROUND

1. On January 12, 2012, the Trustee filed his original Complaint ("Complaint") in this Court against the Grosvenor Defendants [Doc. No. 1].

2. On August 6, 2019, the Court entered an Order Pursuant to Section 105(a) of the Bankruptcy Code and Rules 2002 and 9019 of the Federal Rules of Bankruptcy Procedure approving a settlement agreement ("Settlement Agreement") by and among the Trustee and Kingate Global Fund, Ltd. and Kingate Euro Fund, Ltd. (together, the "Kingate Funds") [ECF No. 417 in Adv. Pro. No. 09-01161 (CGM)]. The Settlement Agreement was a full and final settlement and satisfaction of the Trustee's claims against the Kingate Funds. [ECF No. 413-2 in Adv. Pro. No. 09-01161 (CGM)]. The release granted by the Trustee in the Settlement Agreement extended to the Kingate Funds' shareholders to the extent that any such shareholders, like the Grosvenor Defendants, received transfers of money from the Kingate Funds. *Id.*

## DISMISSAL OF COUNT TWO AND RELATED TRANSFERS

3. Accordingly, pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure ("FRCP"), as incorporated by Rule 7015 of the Federal Rules of Bankruptcy Procedure, the Trustee amends his Complaint to dismiss Count Two against the Grosvenor Defendants with prejudice.

4. Specifically, the Trustee's claims that Grosvenor Balanced and/or Grosvenor Management received the Kingate Global-Balanced Subsequent Transfers totaling approximately $2,000,068, and Grosvenor Private and/or Grosvenor Management received the Kingate Global-

Private Subsequent Transfers totaling approximately $3,000,114, each as defined in the Complaint, are hereby dismissed with prejudice.

5. Except as set forth herein, this Stipulation has no effect on Count One in the Complaint, including (a) the Trustee's claims regarding Grosvenor Aggressive and/or Grosvenor Management's receipt of the Fairfield Sentry-Aggressive Subsequent Transfers totaling approximately $4,191,288, Grosvenor Balanced and/or Grosvenor Management's receipt of Fairfield Sentry-Balanced Subsequent totaling approximately $13,000,000, and Grosvenor Private and/or Grosvenor Management's receipt of the Fairfield Sentry-Private Subsequent Transfers totaling approximately $14,315,101, each as defined in the Complaint, or (b) any of the Grosvenor Defendants' rights or defenses with respect thereto.

6. This Stipulation is without prejudice to (1) the Trustee's right to seek leave to amend the Complaint pursuant to FRCP Rule 15(a)(2) to assert claims to avoid and/or recover any additional or other transfers to Grosvenor Defendants as may be determined through the Trustee's continuing investigation and through discovery and (2) the Grosvenor Defendants' or any proposed additional defendants' rights to oppose any such amendment(s) and/or defend against such claim(s).

[*Signatures and order appear on the next page*]

Dated:         New York, New York
                 January 10, 2022

**BAKER & HOSTETLER LLP**

By: /s/ *Nicholas J. Cremona*
45 Rockefeller Plaza
New York, New York 10111
Telephone: 212.589.4200
Facsimile: 212.589.4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
Dean D. Hunt
Email: dhunt@bakerlaw.com
Farrell A. Hochmuth
Email: fhochmuth@bakerlaw.com

*Attorneys for Plaintiff Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff*

**PROSKAUER ROSE LLP**

By: /s/ *Ehud Barak*
Eleven Times Square
New York, New York 10036-8299
Telephone: (212) 969-3000
Facsimile: (212) 969-2900
Ehud Barak
Email: ebarak@proskauer.com
Russell T. Gorkin
Email: rgorkin@proskauer.com

*Attorneys for Defendants Grosvenor Investment Management, Ltd., Grosvenor Private Reserve Fund Limited, Grosvenor Balanced Growth Fund Limited, and Grosvenor Aggressive Grown Fund Limited.*

**Dated: January 11, 2022**
**Poughkeepsie, New York**



**/s/ Cecelia G. Morris**
_____
**Hon. Cecelia G. Morris**
**Chief U.S. Bankruptcy Judge**