**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (CGM) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, | |
| Plaintiff, | |
| v. | Adv. Pro. No. 10-05169 (CGM) |
| FAIRFIELD PAGMA ASSOCIATES, LP, a New York limited partnership, SEYMOUR KLEINMAN, ESTATE OF MARJORIE KLEINMAN A/K/A MARJORIE HELENE KLEINMAN, BONNIE JOYCE KANSLER, as executor, FAIRFOX, LLC, a New York limited liability company, and SEYFAIR, LLC, a New York limited liability company, | |
| Defendants. | |

**TRUSTEE'S RESPONSES AND OBJECTIONS TO DEFENDANTS'**
**STATEMENT OF ADDITIONAL MATERIAL FACTS**

Plaintiff Irving H. Picard (the "Trustee"), the Trustee[1] for the liquidation of Bernard L. Madoff Investment Securities LLC and the substantively consolidated chapter 7 estate of Bernard L. Madoff, respectfully submits, pursuant to Local Rule 56.1, his responses and objections to Defendants' Statement of Additional Material Facts submitted by Defendants Fairfield Pagma Associates, LP, Seymour Kleinman, Estate of Marjorie Kleinman a/k/a Marjorie Helene Kleinman, Bonnie Joyce Kansler, as executor of the Estate of Marjorie Kleinman, Fairfox, LLC, and Seyfair, LLC, in Opposition to the Trustee's Motion for Summary Judgment, ECF No. 104.

1. Fairfield Pagma was a limited partnership whose initial general partners at the time of its formation were Seymour Kleinman and Marjorie Kleinman. A. Kansler Decl. ¶ 3, B. Kansler Decl. ¶ 3, R. Leo Decl. ¶ 3.

**RESPONSE:** The Trustee objects to the declaration of Adam Kansler on the grounds that the declarant was not disclosed as a witness in Defendants' initial disclosures. *See* Declaration of Maximillian S. Shifrin dated January 12, 2022 ("Shifrin Decl."), Ex. 1 (Defs.' Initial Disclosures). Subject to the foregoing objection, not disputed that Seymour Kleinman and Marjorie Kleinman are general partners of Fairfield Pagma. Cremona Decl., Ex. 16 (Fairfield Pagma Partnership Agreement).

2. Defendants Seyfair LLC and Fairfox LLC were formed on December 13, 2004, for the purpose of replacing Seymour Kleinman and Marjorie Kleinman as the general partners

---

[1] Defined terms shall have the same meaning ascribed in the Trustee's Statement of Material Facts in Support of Motion for Summary Judgment ("Stmt."). *See Picard v. Fairfield Pagma Assocs., LP*, Adv. Pro. No. 10-05169 (Bankr. S.D.N.Y. Nov. 17, 2021), ECF No. 96.

2

of Fairfield Pagma. A. Kansler Decl. ¶ 4, Ex. A (Articles of Organization), B. Kansler Decl. ¶¶ 4-5, R. Leo Decl. ¶¶ 4-5.

**RESPONSE:** The Trustee objects to the declarations of Adam Kansler and Ronni Leo on the grounds that the declarants were not disclosed as witnesses in Defendants' initial disclosures. The Trustee objects to Exhibit A to the Kansler Declaration (Articles of Organization) on the grounds that the document was neither disclosed in Defendants' initial disclosures, nor produced in response to the Trustee's Request for Production pursuant to Fed. R. Civ. P. 34. *See* Shifrin Decl., Ex. 1 (Defs.' Initial Disclosures); Declaration of Brian Neville ("Neville Decl."), Ex. B. Disputed that Seyfair LLC and Fairfox LLC were formed on December 13, 2004 for the purpose of replacing Seymour Kleinman and Marjorie Kleinman as the general partners of Fairfield Pagma. Subject to the foregoing objections, not disputed that Seyfair LLC and Fairfox LLC are general partners of Fairfield Pagma. Answer ¶ 9, ECF No. 59; Defs.' Opp'n at 2, ECF No. 105 ("There is no genuine dispute that Seyfair and Fairfox were the general partners of Fairfield Pagma during the two-year transfer period.")

3.      The sole purpose of Seyfair and Fairfox from their initial organization and throughout their existence was to serve as general partners of Fairfield Pagma. A. Kansler Decl. ¶ 4.

**RESPONSE:** The Trustee objects to the declaration of Adam Kansler on the ground that the declarant was not disclosed as a witness in Defendants' initial disclosures. *See* Shifrin Decl., Ex. 1 (Defs.' Initial Disclosures). Subject to the foregoing objection, disputed as irrelevant and lacking evidentiary support that "[t]he sole purpose of Seyfair and Fairfox . . . was to serve as general partners of Fairfield Pagma."

3

4.     In 2005, Seymour Kleinman contributed 100% of his general partnership interest in Fairfield Pagma ($35,000) to Seyfair in exchange for 100% of the ownership interest in Seyfair. A. Kansler Decl. ¶¶ 5-7, Ex. B (Operating Agreements), R. Leo Decl. ¶¶ 4-6.

**RESPONSE:** The Trustee objects to the declarations of Adam Kansler and Ronni Leo on the grounds that the declarants were not disclosed as witnesses in Defendants' initial disclosures. The Trustee objects to Exhibit B of the Kansler Declaration (Operating Agreements) on the grounds that the documents were neither disclosed in Defendants' initial disclosures, nor produced in response to the Trustee's Request for Production pursuant to Fed. R. Civ. P. 34. *See* Shifrin Decl., Ex. 1 (Defs.' Initial Disclosures); Neville Decl., Ex. B. Subject to the foregoing objections, disputed as lacking evidentiary support because Defendants attach unsigned, undated operating agreements.

5.     In 2005 Marjorie Kleinman contributed 100% of her general partnership interest in Fairfield Pagma ($50,000) to Fairfox in exchange for 100% of the ownership interest in Fairfox. A. Kansler Decl. ¶ 5-7, Ex. B (Operating Agreements), B. Kansler Decl. ¶¶ 4-6.

**RESPONSE:** The Trustee objects to the declaration of Adam Kansler on the grounds that the declarant was not disclosed as a witness in Defendants' initial disclosures. The Trustee objects to Exhibit B of the Kansler Declaration (Operating Agreements) on the grounds that the documents were neither disclosed in Defendants' initial disclosures, nor produced in response to the Trustee's Request for Production pursuant to Fed. R. Civ. P. 34. *See* Shifrin Decl., Ex. 1 (Defs.' Initial Disclosures); Neville Decl., Ex. B. Subject to the foregoing objections, disputed as lacking evidentiary support because Defendants attach unsigned, undated operating agreements.

4

6. In 2005 Seyfair contributed $35,000 to Fairfield Pagma for its initial capital contribution and was substituted as general partner. A. Kansler Decl. ¶¶ 5-7, Ex. B (Operating Agreements), R. Leo Decl. ¶¶ 4-6.

**RESPONSE:** The Trustee objects to the declaration of Adam Kansler on the grounds that the declarant was not disclosed as a witness in Defendants' initial disclosures. The Trustee objects to Exhibit B of the Kansler Declaration (Operating Agreements) on the grounds that the documents were neither disclosed in Defendants' initial disclosures, nor produced in response to the Trustee's Request for Production pursuant to Fed. R. Civ. P. 34. *See* Shifrin Decl., Ex. 1 (Defs.' Initial Disclosures); Neville Decl., Ex. B. Subject to the foregoing objections, disputed as lacking evidentiary support because Defendants attach unsigned, undated operating agreements.

7. In 2005 Fairfox contributed $50,000 to Fairfield Pagma for its initial capital contribution and was substituted as general partner. A. Kansler Decl. ¶¶ 5-7, Ex. B (Operating Agreements), B. Kansler Decl. ¶¶ 4-6.

**RESPONSE:** The Trustee objects to the declaration of Adam Kansler on the grounds that the declarant was not disclosed as a witness in Defendants' initial disclosures. The Trustee objects to Exhibit B of the Kansler Declaration (Operating Agreements) on the grounds that the documents were neither disclosed in Defendants' initial disclosures, nor produced in response to the Trustee's Request for Production pursuant to Fed. R. Civ. P. 34. *See* Shifrin Decl., Ex. 1 (Defs.' Initial Disclosures); Neville Decl., Ex. B. Subject to the foregoing objections, disputed as lacking evidentiary support because Defendants attach unsigned, undated operating agreements.

8.     Seymour Kleinman and Marjorie Kleinman each withdrew their capital investments in Fairfield Pagma ($35,000 for Seymour Kleinman and $50,000 for Marjorie Kleinman) during 2005 as reflected on their K-1s. R. Leo Decl. ¶¶ 7-8, Ex. A (2005 Form K-1s).

**RESPONSE:** The Trustee objects to the declaration of Ronni Leo on the grounds that the declarant was not disclosed as a witness in Defendants' initial disclosures. The Trustee objects to Exhibit A of the Leo Declaration (K-1s) on the grounds that the documents were neither disclosed in Defendants' initial disclosures, nor produced in response to the Trustee's Request for Production pursuant to Fed. R. Civ. P. 34. *See* Shifrin Decl., Ex. 1 (Defs.' Initial Disclosures); Neville Decl., Ex. B.. Subject to the foregoing objections, disputed as irrelevant and lacking evidentiary support.

9.     Seyfair and Fairfox each contributed initial capital to Fairfield Pagma ($35,000 for Seyfair and $50,000 for Fairfox) as general partners. R. Leo Decl. ¶¶ 7-8, Ex. A (2005 Form K-1s).

**RESPONSE:** The Trustee objects to the declaration of Ronni Leo on the grounds that the declarant was not disclosed as a witness in Defendants' initial disclosures. The Trustee objects to Exhibit A of the Leo Declaration (K-1s) on the grounds that the documents were neither disclosed in Defendants' initial disclosures, nor produced in response to the Trustee's Request for Production pursuant to Fed. R. Civ. P. 34. *See* Shifrin Decl., Ex. 1 (Defs.' Initial Disclosures); Neville Decl., Ex. B. Subject to the foregoing objections, disputed as irrelevant and lacking evidentiary support.

10.    Part II ("Information about the Partner") of the K-1s issued to Fairfox and Seyfair for 2005 indicates with an "X" in the box for "General Partner or LLC member-manager," that

6

Fairfox and Seyfair were general partners of Fairfield Pagma during that year. R. Leo Decl. ¶ 8, Ex. A (2005 Form K-1s).

**RESPONSE:** The Trustee objects to the declaration of Ronni Leo on the grounds that the declarant was not disclosed as a witness in Defendants' initial disclosures. The Trustee objects to Exhibit A of the Leo Declaration (K-1s) on the grounds that the documents were neither disclosed in Defendants' initial disclosures, nor produced in response to the Trustee's Request for Production pursuant to Fed. R. Civ. P. 34. *See* Shifrin Decl., Ex. 1 (Defs.' Initial Disclosures). Subject to the foregoing objections, not disputed that Seyfair LLC and Fairfox LLC are general partners of Fairfield Pagma. Answer ¶ 9, ECF No. 59; Defs.' Opp'n at 2, ECF No. 105 ("There is no genuine dispute that Seyfair and Fairfox were the general partners of Fairfield Pagma during the two-year transfer period.")

11.    Neither Seyfair nor Fairfox were issued K-1s prior to 2005. R. Leo Decl. ¶ 8.

**RESPONSE:** The Trustee objects to the declaration of Ronni Leo on the grounds that the declarant was not disclosed as a witness in Defendants' initial disclosures. *See* Shifrin Decl., Ex. 1 (Defs.' Initial Disclosures). Subject to the foregoing objection, disputed as irrelevant and lacking evidentiary support.

12.    Seyfair and Fairfox remained the sole general partners of Fairfield Pagma from 2005 until its termination. B. Kansler Decl. ¶¶ 8-10, Ex. A (2007-2008 Form K-1s), R. Leo Decl. ¶ 9, A. Kansler Decl. ¶ 10.

**RESPONSE:** The Trustee objects to the declarations of Adam Kansler and Ronni Leo on the grounds that the declarants were not disclosed as witnesses in Defendants' initial disclosures. The Trustee objects to Exhibit A of the Kansler Declaration (K-1s) on the grounds that the

7

documents were neither disclosed in Defendants' initial disclosures, nor produced in response to the Trustee's Request for Production pursuant to Fed. R. Civ. P. 34. See Shifrin Decl., Ex. 1 (Defs.' Initial Disclosures); Neville Decl., Ex. B. Subject to the foregoing objections, disputed that Seyfair LLC and Fairfox LLC are the "sole" general partners of Fairfield Pagma. Answer ¶ 9, ECF No. 59; Defs.' Opp'n at 2, ECF No. 105 ("There is no genuine dispute that Seyfair and Fairfox were the general partners of Fairfield Pagma during the two-year transfer period.").

13. Part II ("Information about the Partner") of the K-1s issued to Fairfox and Seyfair for 2007 and 2008 indicates with an "X" in the box for "General Partner or LLC member-manager," that Fairfox and Seyfair were general partners of Fairfield Pagma during those years. B. Kansler Decl. ¶ 8, Ex. A (2007-2008 Form K-1s).

**RESPONSE:** The Trustee objects to the declaration of Adam Kansler on the grounds that the declarant was not disclosed as a witness in Defendants' initial disclosures. The Trustee objects to Exhibit A of the Kansler Declaration (K-1s) on the grounds that the documents were neither disclosed in Defendants' initial disclosures, nor produced in response to the Trustee's Request for Production pursuant to Fed. R. Civ. P. 34. See Neville Decl., Ex. B. Subject to the foregoing objection, not disputed that Seyfair LLC and Fairfox LLC are general partners of Fairfield Pagma. Answer ¶ 9, ECF No. 59; Defs.' Opp'n at 2, ECF No. 105 ("There is no genuine dispute that Seyfair and Fairfox were the general partners of Fairfield Pagma during the two-year transfer period.")

14. Seyfair was designated as the Tax Matters Partner for Fairfield Pagma for 2007 and 2008. B. Kansler Decl. ¶ 9, Ex. B (2007-2008 Form 1065s).

8

**RESPONSE:** The Trustee objects to the declaration of Adam Kansler on the grounds that the declarant was not disclosed as a witness in Defendants' initial disclosures. The Trustee objects to Exhibit B of the Kansler Declaration (Form 1065s) on the grounds that the documents were neither disclosed in Defendants' initial disclosures, nor produced in response to the Trustee's Request for Production pursuant to Fed. R. Civ. P. 34.. *See* Neville Decl., Ex. B. The Trustee further objects that this fact is not material to the Trustee's summary judgment motion.

15. Seymour Kleinman and Marjorie Kleinman were not general partners of Fairfield Pagma at any time between December 11, 2006 to December 11, 2008. B. Kansler Decl. ¶¶ 10-11, R. Leo Decl. ¶¶ 9-10, A. Kansler Decl. ¶¶ 10-11.

**RESPONSE:** The Trustee objects to the declarations of Adam Kansler and Ronni Leo on the grounds that the declarants were not disclosed as witnesses in Defendants' initial disclosures. *See* Shifrin Decl., Ex. 1 (Defs.' Initial Disclosures). Subject to the foregoing objection, disputed as lacking evidentiary support.

16. Fairfield Pagma received the transfers the Trustee is seeking to avoid and recover between March 2007 and July 2008 on behalf of its limited partners, to whom distributions were made in 2007 and 2008. None of the Defendants received or retained limited partner distributions from Fairfield Pagma in 2007 or 2008. B. Kansler Decl. ¶ 14.

**RESPONSE:** The Trustee objects to the declarations of Adam Kansler on the grounds that the declarant was not disclosed as a witness in Defendants' initial disclosures. Subject to the foregoing objection, not disputed that Fairfield Pagma received the Two-Year Transfers. Disputed that "None of the Defendants received or retained limited partner distributions from Fairfield Pagma in 2007 or 2008," as irrelevant and lacking evidentiary support.

9

Dated: January 12, 2022
      New York, New York

/s/ *Nicholas J. Cremona*
BAKER & HOSTETLER LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
Nicholas J. Cremona
ncremona@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff*