# EXHIBIT 7

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
Michael R. Matthias
Email: mmatthias@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, | Adv. Pro. No. 10-05169 (SMB) |
| Plaintiff, | |
| v. | |
| FAIRFIELD PAGMA ASSOCIATES, LP, a New York Limited Partnership, SEYMOUR KLEINMAN, | |

| | |
|---|---|
| ESTATE OF MARJORIE KLEINMAN A/K/A MARJORIE HELENE KLEINMAN, BONNIE JOYCE KANSLER, as executor, FAIRFOX, LLC, a New York limited liability company, and SEYFAIR, LLC, a New York limited liability company, | |
| Defendants. | |

### TRUSTEE'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT FAIRFIELD PAGMA ASSOCIATES, LP

PLEASE TAKE NOTICE that in accordance with Rules 26 and 34 of the Federal Rules of Civil Procedure (as amended on December 1, 2015) (the "Federal Rules"), made applicable to this adversary proceeding under the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the applicable local rules of the United States District Court for the Southern District of New York and this Court (the "Local Rules"), Irving H. Picard, as trustee (the "Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa-78*lll* ("SIPA"), and the estate of Bernard L. Madoff, by and through the Trustee's counsel, Baker & Hostetler LLP, hereby demands that Defendant Fairfield Pagma Associates, LP produce Documents responsive to the requests ("Request" or "Requests") set forth herein and deliver the same to the office of Baker & Hostetler LLP, c/o Michael R. Matthias, 11601 Wilshire Boulevard, Suite 1400, Los Angeles, California 90025 within thirty three (33) days of service, by February 27, 2017.

### DEFINITIONS

1. All definitions set forth in Local Rule 26.3, as adopted by Rule 7026 of the Bankruptcy Rules, apply to these Requests and are as follows:

   **Communication**. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

2

**Document**. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

**Identify (with respect to documents)**. When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

**Identify (with respect to persons)**. When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

**Parties**. The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

**Concerning.** The term "concerning" means relating to, referring to, describing, evidencing or constituting.

2. "Account" means BLMIS Account No. 1ZA994, as set forth in Exhibit A to the Complaint.

3. "Adversary Proceeding" means the civil action captioned Fairfield Pagma Associates, LP, etc., et al., Adv. Pro. No. 10-05169 (SMB), pending in the United States Bankruptcy Court for the Southern District of New York.

4. "Applicable Period" means the period beginning January 22, 1993 through December 31, 2009.

5. "BLMIS" means Bernard L. Madoff Investment Securities LLC, Madoff Securities International Ltd., Madoff Securities International LLC, Bernard L. Madoff, Ruth Madoff, and all affiliated Persons and entities, including, but not limited to, any officers,

3

directors, agents, representatives, employees, partners, parent companies, subsidiaries, predecessor or successor and related entities, and affiliates of the above specifically identified Persons and entities.

6. "Defendants" means all of the following: Fairfield Pagma Associates, LP, a New York limited partnership, Seymour Kleinman, Estate of Marjorie Kleinman a/k/a Marjorie Helene Kleinman, Bonnie Joyce Kansler, as executor, Fairfox, LLC, a New York limited liability company, and Seyfair, LLC, a New York limited liability company. Where applicable, Defendants includes officers, directors, employees, partners, corporate parent, subsidiaries or affiliates of the above. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

7. "Initial Transfer" means any and all Transfers made by BLMIS or any Person acting on behalf of BLMIS to Fairfield Pagma Associates, LP or to any Person or entity acting on Fairfield Pagma Associates, LP's behalf between December 11, 2006 and December 11, 2008.

8. "Subsequent Transfer" means any Transfer or Transfers of an Initial Transfer (as defined herein) conveyed by Fairfield Pagma Associates, LP to another Person or entity.

9. "Transfer" shall conform to the meaning set forth under the Bankruptcy Code, 11 U.S.C. § 101(54): (a) the creation of a lien; (b) the retention of title as a security interest; (c) the foreclosure of a debtor's equity redemption; or (d) each mode, direct and indirect, absolute or conditional, voluntary or involuntary, of disposing of or departing with—(i) property; or (ii) an interest in property.

10. "You" or "Your" means Fairfield Pagma Associates, LP, and/or anyone acting on behalf of or for the benefit of Fairfield Pagma Associates, LP, including any predecessors or successor(s)-in-interest.

4

## **INSTRUCTIONS**

1. All provisions and rules of construction set forth in Federal Rules 26 and 34 (as amended on December 1, 2015) and Local Rule 26.3, as adopted by Rule 7026 of the Bankruptcy Rules, apply to these Requests and are as follows:

**All/Any/Each.** The terms "all," "any," and "each" shall each be construed as encompassing any and all.

**And/Or.** The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

**Number**. The use of the singular form of any word includes the plural and vice versa.

2. In accordance with Federal Rule 34(b)(2)(B) (amended December 1, 2015), object with specificity and state whether any responsive materials are being withheld on the basis of that objection.

3. In accordance with Federal Rule 34(b)(2)(B) (amended December 1, 2015), the production must be completed within 33 days from service by February 27, 2017, or by another reasonable time specifically identified in the response. When it is necessary to make the production in stages, the response should specify the beginning and end dates of the production.

4. If the Trustee is requesting Communications Concerning Documents in a Request, the Trustee will so state.

5. Unless otherwise specified, produce Documents that were created, modified, or existing during the Applicable Period.

6. If a request calls for Documents concerning a Transfer, Initial Transfer, redemption, or withdrawal from an account, such request includes, but is not limited to, Documents that reflect the account name and number for the account the funds were transferred

5

from and to, method of transfer (*i.e.*, wire, check, etc.), date of, amount and the reason for the Transfer, Initial Transfer, redemption, or withdrawal.

7. If any Document, or any part thereof, is not produced based on a claim of attorney-client privilege, work-product protection, or any other privilege, subject to an agreement otherwise, then in answer to such Request or part thereof, for each such Document, You must provide a log that:

> Identifies the type, title and subject matter of the Document;
>
> Identifies all authors, addressees, and recipients of the Document (including CCs and BCCs, with descriptive information about such Persons to assess the privilege asserted; and
>
> Describes the legal privilege(s) and the factual basis for the claim.

For emails, the log should include the last-in-time (or top) email in the chain, as well as the identities of any other authors, addressees, and recipients in the chain who are not in the top email.

8. Do not redact Documents for any reason other than privilege. If Documents are produced with redactions, a log setting forth the information requested in Instruction No. 7 above must be provided. The Trustee will accept Documents designated <u>not confidential</u> under the June 6, 2011 Litigation Protective Order with redactions for personally identifiable information, provided that you also produce an unredacted version of the Document designated confidential.

9. Certain instructions for production of Documents are contained in Orders entered by the Bankruptcy Court on September 17, 2013: (I) Establishing Procedures for Third-Party Data Rooms; and (II) Modifying the June 6, 2011 Litigation Protective Order.

Pursuant to those Orders, upon production, Producing Parties shall provide the following information in a production cover letter, to the extent any of the following information is applicable:

6

300422514.3

(i) the Documents (listed in an Excel file Document-by-Document by Beginning Bates and Ending Bates for each Document) that are designated as confidential pursuant to the Litigation Protective Order;

(ii) the Documents (listed in an Excel file Document-by-Document by Beginning Bates and Ending Bates for each Document) that are designated confidential pursuant to an Individual Confidentiality Standard, if applicable;

(iii) the Documents (listed in an Excel file Document-by-Document by Beginning Bates and Ending Bates for each Document) that should be excluded from the Third-Party Data Rooms; and

(iv) the designated representative authorized for that production to provide consent to the disclosure of confidential Documents requested or to object to the disclosure of confidential Documents.

Failure to provide such information in a production cover letter shall result in a waiver by the Producing Parties of:

(i) any confidential designations;

(ii) any objections to inclusion of the Documents in the Third-Party Data Rooms; and/or

(iii) notification that Documents have been requested for disclosure. For the avoidance of doubt, notwithstanding Paragraph 13 of the Order Establishing Procedures for Third-Party Data Rooms and Paragraph L of the Order Modifying the June 6, 2011 Litigation Protective Order,

Paragraphs 7 and 14 of the Litigation Protective Order continue to govern with respect to:

(i) inadvertent failure to designate confidential material as confidential or incorrect designations of confidential material (Paragraph 7 of the Litigation Protective Order); and

(ii) inadvertent production or disclosure of any Document or other material otherwise protected by the attorney-client privilege, work-product protection or a joint defense/common interest privilege (Paragraph 14 of the Litigation Protective Order).

## FORMAT OF PRODUCTION

1. All Documents to be produced to the Trustee should be copied and produced in hard-copy form, separated by Document, and organized in the order and manner in which they are usually kept.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1. Monthly Account statements.

2. All Communications between Fairfield Pagma Associates, LP and BLMIS Concerning the Account, including Transfers to and from the Account.

3. Fairfield Pagma Associates, LP bank and/or brokerage account records, for the period between and including December 11, 2006 and December 31, 2009, for any accounts that received Initial Transfers, including monthly statements, cancelled checks, and incoming/outgoing wire transfer records.

4. Documents and Communications sufficient to identify any Subsequent Transfer, in whole or in part, of any Initial Transfer from the Account, including the amount, date, and recipient of any Subsequent Transfer.

5. Documents sufficient to identify any money, property, and/or anything else of value provided by Fairfield Pagma Associates, LP to BLMIS in exchange for any Initial Transfer.

6. Documents sufficient to identify any money, property, and/or anything else of value provided by any Person or entity/subsequent transferee to Fairfield Pagma Associates, LP in exchange for any Subsequent Transfer.

7. Documents sufficient to Identify any refund(s) requested or received by You of any state or federal taxes paid in connection with the Account.

8. Documents and Communications Concerning the formation of Fairfield Pagma Associates, LP.

9. The articles of incorporation, memoranda of association, articles of association, by-laws, limited or general partnership agreements, limited liability company agreements, trust agreements, and/or other Documents Concerning the governance of Fairfield Pagma Associates, LP.

10. Documents and Communications Concerning the formation of Seyfair, LLC.

11. The articles of incorporation, memoranda of association, articles of association, by-laws, limited or general partnership agreements, limited liability company agreements, trust agreements, and/or other Documents Concerning the governance of Seyfair, LLC.

12. Documents and Communications Concerning the dissolution of Seyfair, LLC.

13. Documents and Communications Concerning the formation of Fairfox, LLC.

14. The articles of incorporation, memoranda of association, articles of association, by-laws, limited or general partnership agreements, limited liability company agreements, trust agreements, and/or other Documents Concerning the governance of Fairfox, LLC.

15. Documents and Communications Concerning the dissolution of Fairfox, LLC.

16. Documents You contend support any denials of fact or affirmative defenses asserted in Defendants' answer to the Complaint.

17. Documents You intend to rely upon in connection with the defense of the claims asserted in the Complaint.

18. Documents You identified, reviewed, prepared, or consulted in responding to discovery in this matter.

Dated: January 25, 2017

Of Counsel:

**BAKER & HOSTETLER LLP**
11601 Wilshire Boulevard, Suite 1400
Los Angeles, California 90025-0509
Telephone: 310.820.8800
Facsimile: 310.820.8859
Michael R. Matthias
Email: mmatthias@bakerlaw.com

**BAKER & HOSTETLER LLP**

By: *s/ Nicholas J. Cremona*
45 Rockefeller Plaza
New York, New York 10111
Telephone: 212.589.4200
Facsimile: 212.589.4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing was served this 25th day of January, 2017 by electronic and First Class mail upon the following:

Barry R. Lax
Brian J. Neville
Lax & Neville LP
1450 Broadway, 35th Floor
New York, New York 10018
blax@laxneville.com

*s/ Michael R. Matthias*
*An Attorney for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

300422514.3