# EXHIBIT 8

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
Michael R. Matthias
Email: mmatthias@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>       Plaintiff-Applicant,<br><br>  v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>       Defendant. | No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>       Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff,<br><br>       Plaintiff,<br><br>  v.<br><br>FAIRFIELD PAGMA ASSOCIATES, LP, a New York Limited Partnership, SEYMOUR KLEINMAN, | Adv. Pro. No. 10-05169 (SMB) |

| | |
|---|---|
| ESTATE OF MARJORIE KLEINMAN A/K/A MARJORIE HELENE KLEINMAN, BONNIE JOYCE KANSLER, as executor, FAIRFOX, LLC, a New York limited liability company, and SEYFAIR, LLC, a New York limited liability company, | |
| Defendants. | |

**TRUSTEE'S FIRST SET OF INTERROGATORIES TO DEFENDANT FAIRFIELD PAGMA ASSOCIATES, LP**

PLEASE TAKE NOTICE that in accordance with Rules 26 and 33 of the Federal Rules of Civil Procedure (as amended on December 1, 2015) (the "Federal Rules"), made applicable to this adversary proceeding under the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the applicable local rules of the United States District Court for the Southern District of New York and this Court (the "Local Rules"), Irving H. Picard, as trustee (the "Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa-78*lll* ("SIPA"), and the estate of Bernard L. Madoff, by and through the Trustee's counsel, Baker & Hostetler LLP, hereby demands that Defendant Fairfield Pagma Associates, LP respond in writing with verified answers to the interrogatories ("Interrogatory" or "Interrogatories") set forth herein and deliver the same to the office of Baker & Hostetler LLP, c/o Michael R. Matthias, 11601 Wilshire Boulevard, Suite 1400, Los Angeles, California 90025 within thirty three (33) days of service, by February 27, 2017.

## DEFINITIONS

1. All definitions set forth in Local Rule 26.3, as adopted by Rule 7026 of the Bankruptcy Rules, apply to these Requests and are as follows:

2

**Document**. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

**Identify (with respect to documents)**. When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

**Identify (with respect to persons)**. When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

**Parties**. The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

2. "Account" means BLMIS Account No. 1ZA994, as set forth in Exhibit A to the Complaint.

3. "Adversary Proceeding" means the civil action captioned Fairfield Pagma Associates, LP, etc., et al., Adv. Pro. No. 10-05169 (SMB), pending in the United States Bankruptcy Court for the Southern District of New York.

4. "Applicable Period" means the period beginning January 22, 1993 through December 11, 2009.

5. "BLMIS" means Bernard L. Madoff Investment Securities LLC, Madoff Securities International Ltd., Madoff Securities International LLC, Bernard L. Madoff, Ruth Madoff, and all affiliated Persons and entities, including, but not limited to, any officers, directors, agents, representatives, employees, partners, parent companies, subsidiaries,

3

predecessor or successor and related entities, and affiliates of the above specifically identified Persons and entities.

6. "Defendants" means all of the following: Fairfield Pagma Associates, LP, a New York limited partnership, Seymour Kleinman, Estate of Marjorie Kleinman a/k/a Marjorie Helene Kleinman, Bonnie Joyce Kansler, as executor, Fairfox, LLC, a New York limited liability company, and Seyfair, LLC, a New York limited liability company. Where applicable, Defendants includes officers, directors, employees, partners, corporate parent, subsidiaries or affiliates of the above. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

7. "Initial Transfer" means any and all Transfers made by BLMIS or any Person acting on behalf of BLMIS to Fairfield Pagma Associates, LP or to any Person or entity acting on behalf of Fairfield Pagma Associates, LP between December 11, 2006 and December 11, 2008.

8. "Subsequent Transfer" means any Transfer or Transfers of an Initial Transfer (as defined herein) conveyed by Fairfield Pagma Associates, LP to another Person or entity.

9. "Transfer" shall conform to the meaning set forth under the Bankruptcy Code, 11 U.S.C. § 101(54): (a) the creation of a lien; (b) the retention of title as a security interest; (c) the foreclosure of a debtor's equity redemption; or (d) each mode, direct and indirect, absolute or conditional, voluntary or involuntary, of disposing of or departing with—(i) property; or (ii) an interest in property.

10. "You" or "Your" means Fairfield Pagma Associates, LP, and/or anyone acting on behalf of or for the benefit of Fairfield Pagma Associates, LP, including any predecessors or successor(s)-in-interest.

4

## INSTRUCTIONS

1. All provisions and rules of construction set forth in Federal Rules 26 and 33 (as amended on December 1, 2015) and Local Rule 26.3, as adopted by Rule 7026 of the Bankruptcy Rules, apply to these Requests and are as follows:

> **All/Any/Each.** The terms "all," "any," and "each" shall each be construed as encompassing any and all.

> **And/Or.** The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

> **Number**. The use of the singular form of any word includes the plural and vice versa. In accordance with Federal Rule 34(b)(2)(B) (amended December 1, 2015), object with specificity and state whether any responsive materials are being withheld on the basis of that objection.

2. In accordance with Federal Rule 33(b)(3) and (4), object with specificity and state whether any responsive information is being withheld on the basis of that objection.

3. In accordance with Federal Rule 33(b)(2), the written responses must be served within thirty three (33) days of service by February 27, 2017.

4. Unless otherwise specified, all Interrogatories are to be answered with respect to the Applicable Period.

5. If a response to an Interrogatory is based upon information and belief, set forth the source of the information and the grounds for the belief.

6. If You object on the basis of ambiguity or vagueness to an Interrogatory, or to any related definition or instruction, You must respond to the Interrogatory and set forth Your interpretation of the language You claim is vague or ambiguous.

7. If You refuse to provide a response to an Interrogatory due to an assertion of attorney-client privilege, the work product doctrine, or any other privilege, Your response should

5

300422516.4

include a statement of the basis for the claim sufficient for the Trustee to evaluate the claimed privilege or protection.

8. If You cannot provide, or object to providing, a complete answer to a particular Interrogatory, the Interrogatory should be answered to the extent possible and an explanation should be provided as to why only a partial answer is given.

9. If You discover that a response is incomplete or incorrect, You must, in a timely manner, supplement, or correct such response in accordance with Rule 7026 of the Bankruptcy Rules and Rule 26(e) of the Federal Rules.

10. If a response to an Interrogatory is based upon information and belief, set forth the source of the information and the grounds for the belief.

## INTERROGATORIES

1. Identify each Person who was involved in answering these discovery requests and explain each Person's role in answering these discovery requests.

**ANSWER:**

2. Provide Your legal name, the type of entity You are, the date on which You were established and whether You were formed out of a predecessor entity, the state or country under whose laws You were formed, the names and addresses of Your current and former officers, general partners, limited partners, members and/or owners, the percent of beneficial interest in the Account of each of the current and former officers, general partners, limited partners, members and/or owners, Your current and former business addresses, and Your current and former principal places of business.

**ANSWER:**

3.  Identify the reasons for each Transfer.

    **ANSWER:**

4.  Identify the reasons for each Subsequent Transfer.

    **ANSWER:**

5.  Identify each deposit into the Account.

    **ANSWER:**

6.  Identify each Person with knowledge of any Transfer, the circumstances under which each Person obtained such knowledge, and the substance of that Person's knowledge.

    **ANSWER:**

7.  Identify: (a) each Person or entity that ever received funds withdrawn from the Account, whether directly or indirectly; (b) the amount of money that each such Person or entity received; and (c) the date(s) on which each Person or entity received such money.

7

300422516.4

**ANSWER:**

8. Identify all Persons who benefited from any Transfer, including, but not limited to, Persons who received or enjoyed the benefit of anything paid for with any funds that were part of any Transfer, and describe how these Persons benefited.

**ANSWER:**

9. To the extent not already provided in Your responses to the preceding Interrogatories, state how You used any money You received from the Transfers.

**ANSWER:**

10. Identify any and all banks and/or financial institutions where You hold or have held accounts during the Applicable Period, and for each account, give the account number, the date the account was opened, and the date the account was closed.

**ANSWER:**

11. Identify any instance when You communicated to BLMIS any disagreement with respect to the accuracy of the deposits reflected on the customer statements.

**ANSWER:**

12. Identify any instance when You communicated to BLMIS any disagreement with respect to the accuracy of the withdrawals reflected on the customer statements.

**ANSWER:**

13. Identify the dates during which Defendant Fairfox, LLC was a general partner of Defendant Fairfield Pagma Associates, LP ("Partnership").

**ANSWER:**

14. Identify when Defendant Fairfox, LLC dissolved.

**ANSWER:**

15. Identify why Defendant Fairfox, LLC dissolved.

**ANSWER:**

16. Identify what Defendant Fairfox, LLC's assets were upon dissolution.

**ANSWER:**

17. Identify what Defendant Fairfox, LLC's liabilities were upon dissolution.

9

**ANSWER:**

18. Identify who was responsible for winding up the affairs of Defendant Fairfox, LLC upon dissolution.

**ANSWER:**

19. Identify the disposition of Defendant Fairfox, LLC's assets upon dissolution.

**ANSWER:**

20. Identify the dates during which Defendant Seyfair, LLC was a general partner of Defendant Partnership.

**ANSWER:**

21. Identify when Defendant Seyfair, LLC dissolved.

**ANSWER**:

22. Identify why Defendant Seyfair, LLC dissolved.

**ANSWER:**

23. Identify what Defendant Seyfair, LLC's assets were upon dissolution.

**ANSWER:**

24. Identify what Defendant Seyfair, LLC's liabilities were upon dissolution.

**ANSWER:**

25. Identify who was responsible for winding up the affairs of Defendant Seyfair, LLC upon dissolution.

**ANSWER:**

26. Identify the disposition of Defendant Seyfair, LLC's assets upon dissolution.

**ANSWER:**

27. Identify the dates during which Defendant Seymour Kleinman was a general partner of Defendant Partnership.

**ANSWER:**

11

300422516.4

28. Identify the dates during which Marjorie Kleinman was a general partner of Defendant Partnership.

**ANSWER:**

29. Identify any one else who acted as a general partner of Defendant Partnership and the dates during which they acted as a general partner.

**ANSWER:**

30. For each denial of a material allegation and each affirmative defense in Your answer to the Complaint:

    a. state all facts upon which You base the denial or affirmative defense;

    b. state the names, addresses, and telephone numbers of all Persons who have knowledge of those facts; and

    c. Identify all Documents and other tangible things that support Your denial or affirmative defense, and state the name, address, and telephone number of the Person who has each Document.

**ANSWER**:

300422516.4

Dated:   January 25, 2017

Of Counsel:

**BAKER & HOSTETLER LLP**
11601 Wilshire Boulevard, Suite 1400
Los Angeles, California 90025-0509
Telephone:  310.820.8800
Facsimile:   310.820.8859
Michael R. Matthias
Email:  mmatthias@bakerlaw.com

**BAKER & HOSTETLER LLP**

By: *s/ Nicholas J. Cremona*
45 Rockefeller Plaza
New York, New York 10111
Telephone:  212.589.4200
Facsimile:   212.589.4201
David J. Sheehan
Email:  dsheehan@bakerlaw.com
Nicholas J. Cremona
Email:  ncremona@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

13

300422516.4

# **CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing was served this 25th day of January, 2017 by electronic and First Class mail upon the following:

Barry R. Lax
Brian J. Neville
Lax & Neville LP
1450 Broadway, 35th Floor
New York, New York 10018
blax@laxneville.com

*s/ Michael R. Matthias*
*An Attorney for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA*
*Liquidation of Bernard L. Madoff*
*Investment Securities LLC and the Estate of*
*Bernard L. Madoff*

300422516.4