**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>      Plaintiff-Applicant,<br><br>   v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>      Defendant. | Adv. Pro. No. 08-01789 (CGM)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>      Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>      Plaintiff,<br><br>   v.<br><br>MARDEN FAMILY LIMITED PARTNERSHIP, a Delaware limited partnership; B&C MARDEN LLC, a Delaware limited liability company; BERNARD A. MARDEN REVOCABLE TRUST, a Florida trust; ESTATE OF BERNARD A. MARDEN; CHARLOTTE MARDEN (aka CHRIS MARDEN), as trustee and as an individual; PATRICE M. AULD, as trustee, as personal representative, and as an individual; and JAMES P. MARDEN, as trustee, as personal representative, and as an individual,<br><br>      Defendants. | Adv. Pro. No. 10-04348 (CGM) |

**ORDER PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND
RULES 2002 AND 9019 OF THE FEDERAL RULES OF
<u>BANKRUPTCY PROCEDURE APPROVING SETTLEMENT AGREEMENT</u>**

Upon the motion (the "Motion")[1] of Irving H. Picard (the "Trustee"), as trustee for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC and the chapter 7 estate of Bernard L. Madoff, seeking entry of an order, pursuant to section 105(a) of title 11, United States Code, 11 U.S.C. §§ 101 *et seq.*, and Rules 2002(a)(3) and 9019(a) of the Federal Rules of Bankruptcy Procedure, approving the Settlement Agreement (the "Agreement") by and between the Trustee, on the one hand, and Marden Family Limited Partnership and B&C Marden LLC (the "Defendants"), and the Estate of Bernard A. Marden, Charlotte Marden (a/k/a Chris Marden), Patrice M. Auld, and James P. Marden (collectively, the "Marden Family") on the other hand; and it appearing that due and sufficient notice of the Motion and the relief requested therein have been given to all parties in interest as required by Rules 2002 and 9019 of the Federal Rules of Bankruptcy Procedure and no other or further notice needs to be given; and the Trustee having filed a certificate of no objection representing that no objection has been received and no party has indicated to the Trustee that it intends to oppose the relief requested in the Motion; and the Court having considered the Motion and the Declaration of Irving H. Picard in support of the Motion; and it further appearing that this Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and after due deliberation; and sufficient cause appearing therefor; **IT IS HEREBY**:

**ORDERED**, that the Motion is granted to the extent set forth in this Order; and it is further

**ORDERED**, that the Trustee, the Defendants, and the Marden Family shall comply with and carry out the terms of the Agreement; and it is further

---

[1] All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

**ORDERED**, that this Court shall retain exclusive jurisdiction to hear, enforce, and determine all matters arising from or related to this Order.



**Dated: January 13, 2022**
**Poughkeepsie, New York**

/s/ Cecelia G. Morris
_____
**Hon. Cecelia G. Morris**
**Chief U.S. Bankruptcy Judge**