**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
Rockefeller Center
1270 Avenue of the Americas
Suite 2210
New York, NY 10020
Telephone: (212) 332-8840
Facsimile: (212) 332-8855
Matthew B. Lunn
Michael S. Neiburg
Justin P. Duda
Christopher M. Lambe

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation of*
*Bernard L. Madoff Investment Securities LLC*
*and Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br> Plaintiff-Applicant, <br><br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br> Defendant. | Adv. Pro. No. 08-01789 (CGM) <br><br> SIPA LIQUIDATION <br><br> (Substantively Consolidated) |
| In re <br><br> BERNARD L. MADOFF, <br><br> Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, <br><br> Plaintiff, <br><br> v. <br><br> KEN-WEN FAMILY LIMITED PARTNERSHIP; KENNETH W. BROWN, in his capacity as a General Partner of the Ken-Wen Family Limited Partnership; and | Adv. Pro. No. 10-04468 (CGM) <br><br> **Reference Docket Nos. 174, 178, 203** |

29091666.1

WENDY BROWN, in her capacity as a General Partner
of the Ken-Wen Family Limited Partnership,

         Defendants.

**TRUSTEE'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF CROSS-
MOTION FOR SUMMARY JUDGMENT AS TO DEFENDANT KENNETH W. BROWN**

29091666.1

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ...................................................................................................1

ARGUMENT ............................................................................................................................4

I.     Mr. Brown Does Not Raise a Genuine Dispute of Material Fact or Triable Issue As to His Status as General Partner of Ken-Wen. ...............................................4

II.    As General Partner of Ken-Wen, Mr. Brown is Jointly and Severally Liable for the Debts of Ken-Wen. ....................................................................................6

III.   Mr. Brown's Arguments Regarding Insufficient Service of Process, Personal Jurisdiction, and Venue Fail for Several Reasons. ................................................9

      A.     Former Counsel for Mr. Brown Accepted Service and Waived All Objections Regarding Service of Process. ................................................9

      B.     Mr. Brown Waived Any Objections to Insufficient Service of Process, Personal Jurisdiction, and Venue. .........................................................10

      C.     Venue is Proper in this Court. ................................................................11

IV.   This Court has Subject Matter Jurisdiction. .......................................................11

V.    Ken-Wen Is Not a Mere Conduit. .....................................................................12

VI.   Mr. Brown's Intent is Not Applicable Here. ......................................................12

VII.  Mr. Brown Did Not Take for Value. ..................................................................13

VIII. The Trustee Was Not Required to Plead Actual Knowledge or Willful Blindness. ..........14

IX.   Mr. Brown's Bankruptcy Did Not Discharge the Trustee's Claims. ...............15

X.    Mr. Brown Disregards the Court's Local Rules and the Court's February 2, 2022 Order. ..................................................................................................16

CONCLUSION........................................................................................................................18

29091666.1

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986)..................................................................................................4

*In re Assante*,
    470 B.R. 707 (Bankr. S.D.N.Y. 2012)...................................................................10

*In re Basic Food Group*,
    No. 15-1092 (JLG), Adv. No. 15-01119 (JLG), slip op., 2018 WL 5805943
    (Bankr. S.D.N.Y. Oct. 31, 2018) ...........................................................................16

*In re Bernard L. Madoff Inv. Sec. LLC*,
    976 F.3d 184 (2d Cir. 2020).................................................................................14

*Bonded Financial Servs., Inc. v. European Am. Bank*,
    *838 F.2d 890 (7th Cir. 1988)* ...............................................................................12

*Brinkley, McNerney, Morgan & Solomon v. Community Acres Assocs., Ltd.*,
    602 So. 2d 685 (Fla. Dist. Ct. App. 1992) ..............................................................7

*Brown v. David Merrill, Esq. et al.*,
    No. 9:16-cv-81916-RLR (S.D. Fla. 2016) .............................................................15

*Buckman v. Calyon Sec. (USA) Inc.*,
    817 F. Supp. 2d 322 (S.D.N.Y. 2011)....................................................................16

*Christian Bros. High School Endowment v. Bayou No Leverage Fund, LLC*,
    439 B.R. 284 (S.D.N.Y. 2010)...............................................................................14

*Cushing v. Morning Pride, Mfg., L.L.C.*,
    No. 05-cv-3612 (DRH) (WDW), 2008 WL 283772 (E.D.N.Y. Jan. 30, 2008)........4

*Dorchester Financial Holdings Corp. v. Banco BRJ, S.A.*,
    No. 11-CV-1529 (KMW), 2016 WL 1169508 (S.D.N.Y. Mar. 21, 2016) ...............4

*In re Finley Kumble*,
    130 F.3d 52 (2nd Cir. 1997)..................................................................................12

*In re Gencor Indus., Inc.*,
    298 B.R. 902 (Bankr. M.D. Fla. 2003) ..................................................................15

*Gottlieb v. Cnty. Of Orange*,
    84 F.3d 511 (2d Cir. 1996).......................................................................................4

*Hidalgo v. Winding Road Leasing Corp.*,
    No. 12-cv-388 (RER), 2013 WL 1934073 (E.D.N.Y. May 9, 2013) ........................................5

*In re Hooker Invs.*,
    155 B.R. 332 (Bankr. S.D.N.Y. 1993) ....................................................................................12

*Kulak v. City of New York*,
    88 F.3d 63 (2d Cir. 1996) .......................................................................................................4

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
    475 U.S. 574 (1986)................................................................................................................4

*Matzkow v. United New York Sandy Hook Pilots Assoc.*,
    18-cv-2200 (RER), slip op., 2019 WL 11662226 (E.D.N.Y. Mar. 11, 2019) ..........................4

*McHale v. Boulder Cap. LLC (In re The 1031 Tax Grp., LLC)*,
    439 B.R. 47 (S.D.N.Y. 2010)..................................................................................................14

*Pardazi v. Cullman Medical Center*,
    896 F.2d 1313 (11th Cir. 1990) .............................................................................................10

*Patterson v. Cnty. Of Oneida, N.Y.*,
    375 F.3d 206 (2d Cir. 2004)....................................................................................................4

*Picard v. Avellino et al. (In re Madoff Secs.)*,
    557 B.R. 89 (Bankr. S.D.N.Y. 2016)..................................................................................6, 14

*Picard v. BAM L.P.*,
    624 B.R. 55 (Bankr. S.D.N.Y. 2020)......................................................................................11

*Picard v. Cohmad Sec. Corp. (In re BLMIS)*,
    454 B.R. 317 (Bankr. S.D.N.Y. 2011).............................................................................12, 13

*Picard v. Greiff (In re Madoff Sec.)*,
    476 B.R. 715 (S.D.N.Y. 2012)...............................................................................................14

*Picard v. JABA Assocs. LP*,
    528 F. Supp. 3d 219 (S.D.N.Y. 2021).........................................................................6, 13, 14

*Picard v. Katz*,
    462 B.R. 447 (S.D.N.Y. 2011) *abrogated on other grounds by SIPC v. BLMIS
    (In re BLMIS)*, 513 B.R. 437 (S.D.N.Y. 2014) ......................................................................14

*Picard v. Lisa Beth Nissenbaum Tr.*,
    No. 20 cv 3140, 2021 WL 1141638 (S.D.N.Y. Mar. 24, 2021) .............................................14

*Picard v. Merkin et al. (In re Madoff Secs.)*,
    440 B.R. 243 (Bankr. S.D.N.Y. 2010)......................................................................................6

*Picard v. Merkin et al. (In re Madoff Secs.)*,
    563 B.R. 737 (Bankr. S.D.N.Y. 2017) ................................................................6, 14

*Picard v. Shapiro et al. (In re Madoff Secs.)*,
    542 B.R. 100 (Bankr. S.D.N.Y. 2015) .......................................................................6

*In re Ramson*,
    2010 WL 3219732 (Bankr. S.D.N.Y. Aug. 11, 2010) .............................................10

*Secs. Inv. Protection Corp. v. Stratton Oakmont, Inc.*,
    234 B.R. 293 (Bankr. S.D.N.Y. 1999) ....................................................................12

*SIPC v. BLMIS (In re Bernard L. Madoff)*,
    531 B.R. 439 (Bankr. S.D.N.Y. 2015) ....................................................................12

*In re Southeast Hotel Properties Ltd. Partnership*,
    99 F.3d 151 (4th Cir. 1996) ...................................................................................12

*In re Spring Valley Farms, Inc.*,
    863 F.2d 832 (11th Cir. 1989) ...............................................................................15

**STATUTES**

11 U.S.C. § 548(a)(1)(A) ............................................................................................12

11 U.S.C. § 548(c) ................................................................................................13, 14

11 U.S.C. § 550(a) .......................................................................................................6

11 U.S.C. § 1141 ........................................................................................................15

28 U.S.C. 1334 .......................................................................................................3, 11

28 U.S.C. § 1409(a) ...................................................................................................11

FLA. STAT. § 620.63(2) .................................................................................................7

FLA. STAT. § 620.125(2) ...............................................................................................7

FLA. STAT. § 620.1404(1) (2016) ..................................................................................6

FLA. STAT. § 620.1607(3) .............................................................................................7

FLA. STAT. § 620.8306(1) (2016) ..................................................................................6

**RULES**

Bankr. S.D.N.Y. LR 7056-1 ....................................................................................3, 16

Bankr. S.D.N.Y. LR 7056-1(c) ..................................................................................16

Bankr. S.D.N.Y. LR 7056-1(d) .......................................................................3, 16, 17

Fed. R. Bankr. P. 2002(a)(8) ...................................................................................15

Fed. R. Bankr. P. 7012 ............................................................................................2

Fed. R. Civ. P. 12 ...............................................................................................2, 11

Fed. R. Civ. P. 12(b)(2)-(5) ...................................................................................10

Fed. R. Civ. P. 12(h) ............................................................................................10

Fed. R. Civ. P. 12(h)(1) ......................................................................................2, 10

OTHER AUTHORITIES

Amended Standing Order of Reference No. M10-468, 12 Misc. 00032 ..................................3, 11

## PRELIMINARY STATEMENT[1]

Notwithstanding that Mr. Brown's *Reply to the Trustee's Response in Opposition to His Motion for Summary Judgment and Response to Trustee's Cross Motion for Summary Judgment*, ECF No. 203 (the "Brown Response") is procedurally improper, the Brown Response contains a litany of disjointed, incoherent, and irrelevant arguments that attempt to distract the Court from the undeniable conclusion that there are no genuine issues of material fact, resulting in summary judgment in the Trustee's favor and against the Defendants. Nonetheless, the Trustee submits this reply in support of his cross-motion for summary judgment as to Mr. Brown and responds to certain arguments raised in the Brown Response.[2]

Mr. Brown concedes that there is no genuine dispute regarding BLMIS's actual intent to hinder, delay, or defraud its creditors. Mr. Brown even admits that BLMIS was a Ponzi scheme and that he does not dispute the Trustee's experts' opinions, which, among other things, (1) determined that within the Two-Year Period, $3,850,000 of fictitious profits were withdrawn from the Ken-Wen BLMIS account and (2) traced the same $3,850,000 from BLMIS to the Ken-Wen bank accounts at Paradise Bank and Bank of America. Ken-Wen also has admitted these same critical facts by failing to respond to the Trustee's motion for summary judgment. Mr. Brown makes no attempt to rebut the extensive evidence the Trustee offers to support his cross-motion for summary judgment against Mr. Brown or the Trustee's motion for summary judgment against Ken-Wen. Nor can he.

---

[1] Capitalized terms not otherwise defined here shall have the meanings ascribed to them in the *Trustee's Memorandum of Law in Support of (I) Opposition to Defendant Kenneth W. Brown's Motion for Summary Judgment, (II) Cross Motion for Summary judgment as to Defendant Kenneth W. Brown, and (III) Motion for Summary Judgment as to Defendant Ken-Wen Family Limited Partnership*, ECF No. 179 (the "Trustee's Opening Memorandum").

[2] The Trustee reserves his right to address any of the remaining "arguments" scattered throughout the Brown Response during oral argument.

Defendants are no different than other customers who withdrew far more than the

principal they deposited with BLMIS, and the Trustee is thus entitled to recover the $3,850,000

in fictitious profits Defendants received.  Mr. Brown misinterprets the Trustee's theory of the

case—the Trustee is entitled to recover the Fraudulent Transfers from Ken-Wen as initial

transferee, or from Mr. Brown as the general partner of Ken-Wen under applicable Florida state

law.[3]  Confronted with this stark reality, Mr. Brown, for the first time in these proceedings, and

contrary to statements made during his sworn deposition, in the Brown Motion, in the Brown

Response, and even in Mr. Brown's affidavit, alleges that he dissociated from Ken-Wen in 2006.

Mr. Brown's actions are nothing more than a last minute desperate attempt to raise a genuine

issue of material fact for trial—an attempt that must fail.  Mr. Brown was a general partner of

Ken-Wen in 2006, 2007, and 2008.  Thus, he is jointly and severally liable for the debts of Ken-

Wen; i.e., the recovery of the Fraudulent Transfers or the value thereof.

Mr. Brown's so-called "procedural" arguments also fail.  Former counsel for Mr. Brown

accepted service of process for Mr. Brown and expressly stipulated to the waiver of any

objection regarding the sufficiency of service of process.[4]  Moreover, pursuant to Rule 12(h)(1),

made applicable to these proceedings through Bankruptcy Rule 7012, Mr. Brown has waived any

objections to the sufficiency of service of process, venue, and personal jurisdiction.  Mr. Brown

has litigated this matter for nearly six and one half years, never once raising these purported

procedural issues, including in the Rule 12 motion to dismiss Mr. Brown filed in March 2018

(the "Motion to Dismiss").[5]

To the extent Mr. Brown makes additional arguments that need to be addressed, they can

---

[3] *See* Am. Compl., ECF No. 82, ¶ 47.

[4] *See* Stipulation Extending Time to Respond, ECF No. 10.

[5] *See* ECF No. 95.

29091666.1

2

be disposed of quickly: (1) this Court has subject matter jurisdiction over the claims asserted by the Trustee pursuant to SIPA § 78eee(b)(4), 28 U.S.C. § 1334, 157(a) & (b), and Order No. M10-450 (S.D.N.Y. July 10, 1984), as amended by Amended Standing Order of Reference No. M10-468, 12 Misc. 00032 (S.D.N.Y. Jan. 31, 2012); (2) Ken-Wen was not a mere conduit; (3) Mr. Brown's intent is not applicable here; (4) Mr. Brown did not take for value; (5) the Trustee was not required to plead actual knowledge or willful blindness; and (6) Mr. Brown's bankruptcy did not discharge the Trustee's claims.

Moreover, Mr. Brown failed to comply with the provisions of Local Rule 7056-1, and, as a result, each paragraph of the Trustee's Counter Statement of Material Facts[6] is deemed admitted. Mr. Brown also failed to include a citation to admissible evidence for the paragraphs found in the Brown Response—the identical deficiency found in the Brown Motion. In addition, Mr. Brown did not comply with the Court's February 2, 2022 Order by filing the Brown Response after the deadline. The Court should summarily deny the Brown Motion and disregard the Brown Response in its entirety.

Finally, Ken-Wen did not oppose the Trustee's Motion for Summary Judgment. Because Ken-Wen did not controvert the Trustee's Counter Statement of Material Facts, those facts are deemed admitted pursuant to Local Rule 7056-1(d). As a result, the Trustee's well pleaded and properly supported motion for summary judgment presents no genuine dispute of material fact, making summary judgment in favor of the Trustee and against Ken-Wen appropriate.

As detailed more fully below, the Court should grant summary judgment in the Trustee's favor and against both Defendants.

---

[6] See Trustee's Counterstatement of Material Facts, ECF No. 180, ¶¶ 1-138.

29091666.1

3

## ARGUMENT

I.   **Mr. Brown Does Not Raise a Genuine Dispute of Material Fact or Triable Issue As to His Status as General Partner of Ken-Wen.**

The undisputed evidence and record demonstrate that Mr. Brown was a general partner of Ken-Wen in 2006, 2007, and 2008.  Prior to the Brown Response, Mr. Brown never once alleged that he dissociated as general partner from Ken-Wen in 2006—an allegation contrary to Mr. Brown's historical position.  Indeed, in three filings with the Court, including these most recent filings, and during his sworn deposition, Mr. Brown stated that he dissociated as general partner from Ken-Wen on February 29, 2008.  *See* Motion to Dismiss, ECF No. 95, ¶ 6; Brown Motion, ECF No. 174, ¶ 74; Brown Response, ECF No. 203, ¶ 19; *see also* Neiburg Decl., ECF No. 181, Ex. 11 (Brown Dep. Tr.), 15:25-16:19, 36:24-37:2, 98:8-12, 99:9-18.

Under New York law, a party cannot "create a genuine dispute of material fact by 'relying on the allegations in her or his pleadings, conclusory statements, or on mere assertions that affidavits supporting the motion are not credible.'"  *See Matzkow v. United New York Sandy Hook Pilots Assoc.*, 18-cv-2200 (RER), slip op., 2019 WL 11662226, at *3 (E.D.N.Y. Mar. 11, 2019) (citing *Cushing v. Morning Pride, Mfg., L.L.C.*, No. 05-cv-3612 (DRH) (WDW), 2008 WL 283772, at *10 (E.D.N.Y. Jan. 30, 2008); *Patterson v. Cnty. Of Oneida, N.Y.*, 375 F.3d 206, 219 (2d Cir. 2004); *Kulak v. City of New York*, 88 F.3d 63, 71 (2d Cir. 1996)).  Indeed, a party's assertion of a "mere scintilla of evidence" is not enough to defeat a properly-supported motion for summary judgment.  *See Dorchester Financial Holdings Corp. v. Banco BRJ, S.A.*, No. 11-CV-1529 (KMW), 2016 WL 1169508, at *2 (S.D.N.Y. Mar. 21, 2016) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Gottlieb v. Cnty. Of Orange*, 84 F.3d 511, 518 (2d Cir. 1996) ("The motion [for summary judgment] will not be defeated merely on the basis of

conjecture or surmise.")).  Conclusory allegations of material fact by the opponent "must be followed by a citation to evidence which would be admissible" under the rules.  *See Hidalgo v. Winding Road Leasing Corp.*, No. 12-cv-388 (RER), 2013 WL 1934073, at *2 (E.D.N.Y. May 9, 2013).

Mr. Brown's last-minute, self-serving statement that he dissociated from Ken-Wen in 2006 is not credible.  *See* Brown Response, Ex. A (Affidavit of Kenneth W. Brown), ¶¶ 16, 18, 36.  Mr. Brown's prior admissions, sworn deposition testimony, and the undisputed evidence demonstrates that Mr. Brown was a general partner of Ken-Wen in 2006, 2007, and 2008.[7]  For example, Mr. Brown signed the June 26, 2007 Transfer request, December 31, 2007 Transfer request, and January 24, 2008 Transfer request as general partner of Ken-Wen.  *See* Neiburg Decl., ECF No. 181, Exs. 15, 17, 19.  The publicly available 2006, 2007, and 2008 annual reports of Ken-Wen filed with the Florida Department of State demonstrate that Mr. Brown was a general partner during those years.  *See* Neiburg Supplemental Declaration, filed contemporaneously herewith, at Exhibit A (compiling the 2006, 2007, and 2008 Ken-Wen annual reports filed with the Florida Department of State).  The partnership affidavit attached to the Brown Motion as Exhibit C states that as of February 29, 2008, Wendy Werner (f/k/a Wendy Brown) ("Ms. Werner") became the sole general partner of Ken-Wen.  *See* Brown Motion, Ex. C, ¶ 2.  Mr. Brown and Ms. Werner executed an agreement of the partners of Ken-Wen in February 2008, purporting that Mr. Brown withdrew from Ken-Wen as a general partner as of the effective date.  *Id.*, Ex. D, Preamble; ¶ 2.

---

[7] *See* Trustee's Opening Memorandum, at pp. 35-36, § III(A)(2) (providing that Mr. Brown remains liable for the November 17, 2008 Transfer because (1) his purported dissociation did not result in the dissolution and winding up of Ken-Wen and (2) he continued to hold himself out as a general partner of Ken-Wen); *see also infra* § II.

The Brown Response does not create a genuine dispute of material fact or triable issue

with respect to whether Mr. Brown is jointly and severally liable under applicable Florida

partnership law for the Fraudulent Transfers.  The indisputable evidence and Mr. Brown's prior

admissions prove that he was a general partner of Ken-Wen until at least February 29, 2008.

## II.    As General Partner of Ken-Wen, Mr. Brown is Jointly and Severally Liable for the Debts of Ken-Wen.

Ken-Wen is liable as the initial transferee of the Fraudulent Transfers.  Mr. Brown, as a

general partner of Ken-Wen, is jointly and severally liable for the debts of Ken-Wen as a matter

of Florida state partnership law.  *See* Amended Compl., ECF No. 82, ¶ 47.  The Trustee may

therefore recover the avoided Fraudulent Transfers (or the value thereof) from either Ken-Wen

or Mr. Brown.

In this liquidation, the Court has repeatedly held that general partners are personally

liable for transfers made to partnerships.  General partners of a limited partnership are jointly and

severally liable for avoidable transfers made to the partnership.  *See Picard v. JABA Assocs. LP*,

528 F. Supp. 3d 219, 244-45 (S.D.N.Y. 2021) (citing *Picard v. Shapiro et al. (In re Madoff

Secs.)*, 542 B.R. 100, 114 (Bankr. S.D.N.Y. 2015); *Picard v. Merkin et al. (In re Madoff Secs.)*,

563 B.R. 737, 754 (Bankr. S.D.N.Y. 2017); *Picard v. Merkin et al. (In re Madoff Secs.)*, 440

B.R. 243, 268 (Bankr. S.D.N.Y. 2010) ("Merkin I").  The law is no different in Florida.  As this

Court held in *Merkin I*, "[a] trustee is empowered under section 550(a) of the Code to recover

avoided transfers from a partnership as initial transferee, or from the general partner of the

partnership under applicable state partnership law."  *Merkin I*, 440 B.R. at 269 (internal citation

omitted).  Florida law provides that general partners are jointly and severally liable for the debts

of a limited partnership.  *See Picard v. Avellino et al. (In re Madoff Secs.)*, 557 B.R. 89, 128 nn.

35, 36 (Bankr. S.D.N.Y. 2016) (citing FLA. STAT. § 620.8306(1) and § 620.1404(1) (2016),

respectively) (noting that § 620.1404(1) (2016) did not modify existing Florida law holding

that general partners are liable for the partnership's debts); FLA. STAT. § 620.63(2) and

§ 620.125(2) *repealed)* (citing *Brinkley, McNerney, Morgan & Solomon v. Community Acres

Assocs., Ltd.*, 602 So. 2d. 685, 686-87 (Fla. Dist. Ct. App. 1992).

    Mr. Brown does not dispute that under Florida law general partners are liable for the

debts of a limited partnership.  There is no *genuine* dispute of material fact as to whether

Mr. Brown was a general partner of Ken-Wen in 2006, 2007, and 2008.  As briefed at length in

the Trustee's Opening Memorandum at pp. 33-36, Mr. Brown signed for the June 26, 2007

Transfer request, December 31, 2007 Transfer request, and January 24, 2008 Transfer request as

general partner of Ken-Wen.  He is therefore liable for those fraudulent transfers as a general

partner.  Mr. Brown remains liable for the November 17, 2008 Transfer because his purported

disassociation in February 2008 did not result in the dissolution and winding up of Ken-Wen.

Section 620.1607(3) of the Florida code provides:

> a person that disassociated as a general partner but whose dissociation ***did
> not result in a dissolution and winding up of the limited partnership's
> activities is liable on a transaction entered into by the limited partnership
> after the dissociation*** only if:  (a) ***a general partner would be liable on the
> transaction***; (b) at the time the other party enters into the transaction, (1)
> ***less than two years have passed since the disassociation*** and (2) the other
> party does not have notice of the disassociation and reasonably believes that
> the person is a general partner.

FLA. STAT. § 620.1607(3) (emphasis added).

    Further, the Partnership Affidavit attached to the Brown Motion provides that "[n]o act or

event has occurred which would require the dissolution of the Partnership or the winding up of

the business of the Partnership."  *See* Brown Motion, Ex. C (Partnership Affidavit), ¶ 5.  Thus,

the exceptions provided in section 620.1607(3) are applicable here and Mr. Brown is jointly and

severally liable for the November 17, 2008 Transfer as a matter of Florida state partnership law.

Mr. Brown requested the final November 17, 2008 Transfer, signing the request as

Kenneth Brown FLP.  *See* Neiburg Decl., ECF No. 181, Ex. 11 (Brown Dep. Tr.) at 78:8-24.

Even if Mr. Brown disassociated from Ken-Wen on February 29, 2008, his disassociation did not

result in the dissolution and winding up of Ken-Wen, as evidenced by (1) Ken-Wen continuing

to operate for years afterward, (2) Mr. Brown's assertions in paragraph 6 of the Brown Motion,

(3) the Agreement of Partners of Ken-Wen attached to the Brown Motion as Exhibit D, and

(4) paragraph 5 of the Partnership Affidavit attached as Exhibit C to the Brown Motion.  The

November 17, 2008 Transfer took place less than two years from the purported disassociation,

and there is no evidence (or even any assertions by Mr. Brown) that BLMIS had notice that

Mr. Brown was no longer a general partner.

Moreover, as explained more fully in the Trustee's Opening Memorandum, Mr. Brown's

purported dissociation on February 29, 2008 is questionable as Mr. Brown executed two

collateral assignments of life insurance policy as the general partner of Ken-Wen in October

2008 and then again in April 2009.  *See* Neiburg Decl., ECF No. 181, Ex. 26 (Collateral

Assignment of Life Insurance Policy, dated October 8, 2008); and Ex. 27 (Collateral Assignment

of Life Insurance Policy, dated April 27, 2009).

In addition, Mr. Brown acknowledges that the unrebutted experts' opinions are

admissible and that no response was necessary.  *See* Brown Response, ¶ 104.  The Trustee's

experts determined that, within the Two-Year Period, $3,850,000 of fictitious profits were

withdrawn from the Ken-Wen BLMIS account and deposited in the Ken-Wen accounts at

Paradise Bank and Bank of America.  *See* Trustee's Counter Statement of Material Facts, ECF

No. 180, ¶¶ 122-29; 130-138; *see also* Greenblatt Ken-Wen Report, ECF No. 184, ¶ 22; Collura

Ken-Wen Report, ECF No. 182, ¶¶ 13, 25-29.

Mr. Brown's status as a general partner makes him jointly and severally liable for the

Fraudulent Transfers received by Ken-Wen within the Two-Year Period.[8]

III.     **Mr. Brown's Arguments Regarding Insufficient Service of Process, Personal Jurisdiction, and Venue Fail for Several Reasons.**

      A.     **Former Counsel for Mr. Brown Accepted Service and Waived All Objections Regarding Service of Process.**

Mr. Brown is precluded from asserting any improper service or insufficiency of process

defense because his former counsel "expressly represent[ed] that they have the authority to, and

do hereby, accept service of the Summons and Complaint in the above-captioned adversary

proceeding on behalf of the Defendants identified in Exhibit A." *See Stipulation Extending Time

to Respond and Designating Email Address Upon Which to Serve Defendants*, ECF No. 10, p. 2.

Mr. Brown's name appears on Exhibit A to that stipulation. *See id.*, p. 4. Not only did former

counsel for Mr. Brown accept service, they expressly "waive[d] any defenses based on

insufficiency of process or insufficiency of service of process of the Summons and Complaint on

behalf of the Defendants identified in Exhibit A." *Id.*, p. 2.

In addition, Mr. Brown's allegations that he was not aware of this adversary proceeding

until October 2015 are not credible. Mr. Brown acknowledges that he discussed this adversary

proceeding with his bankruptcy attorney. *See* Brown Response, ¶ 89. In fact, in discussing his

personal bankruptcy from 2013, Mr. Brown admits that "I gave my bankruptcy attorney a

document showing the style of this case." *See* Brown Response, Ex. A (Brown Affidavit), ¶¶ 84-

85. Indeed, this adversary proceeding appears on Mr. Brown's Statement of Financial Affairs

---

[8] Mr. Brown asserts, without citing any authority, that the Trustee must first obtain a judgment against Ken-Wen before he can be held liable as a general partner. *See* Brown Motion, ¶ 17. The Trustee has not located any authority that might support this unsubstantiated proposition. Nonetheless, the Trustee seeks summary judgment against Ken-Wen simultaneously through his motions for summary judgment, and, as briefed at length, Mr. Brown is jointly and severally liable for the debts of Ken-Wen.

and Schedules ("Statement of Financial Affairs"), filed in his 2013 personal bankruptcy matter in

the Bankruptcy Court for the Southern District of Florida, docket number 13-13343-EPK, ECF

No. 25, (the "Brown Bankruptcy"), p. 28 of 37.  Mr. Brown was thus well aware of this

adversary proceeding no later than February 2013, and likely much earlier.

> **B.      Mr. Brown Waived Any Objections to Insufficient Service of Process, Personal Jurisdiction, and Venue.**

Mr. Brown waived any objections regarding insufficient service of process, personal

jurisdiction, and venue.  Since the Trustee filed his First Amended Complaint in December 2017,

current counsel for Mr. Brown has submitted or otherwise executed no less than fifteen (15)

court filings and even appeared before the Court during oral argument in his representative

capacity for Mr. Brown.  *See* Docket, *generally*.  It was not until the Brown Response that any

purported issues concerning insufficient service of process, personal jurisdiction, and improper

venue were raised.

Pursuant to Rule 12(h)(1) of the Federal Rules of Civil Procedure (the "Rules"), made

applicable to this action by Rule 7012 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), Mr. Brown waived each of these objections by failing to include them in

the Motion to Dismiss, which was denied by Court order.  *See* ECF No. 117.  Rule 12(h)

provides, in relevant part, that a party waives any defense listed in Rule 12(b)(2)-(5) by failing to

raise the defense in the party's first responsive pleading.  *See* Fed. R. Civ. P. 12(h)(1); *see also In

re Assante*, 470 B.R. 707, 710-11 (Bankr. S.D.N.Y. 2012) (citing *Pardazi v. Cullman Medical

Center*, 896 F.2d 1313, 1317 (11th Cir. 1990) (holding that defendant waived any objection that

it might have had to the court's exercise of personal jurisdiction by failing to raise its personal

jurisdiction and service-of-process objections in its pre-answer motion to dismiss); *In re Ramson*,

Adv. Pro. No. 10-02791 (MG), 2010 WL 3219732, at *2 (Bankr. S.D.N.Y. Aug. 11, 2010)

(citing 5C Charles Alan Wright & Arthur R. Miller, Fed. Practice and Procedure § 1391, at 498

(3d ed. 2004) ("the threshold defenses of lack of personal jurisdiction, improper venue,

insufficiency of process, and insufficiency of service of process . . . are waived if they are not

included in a preliminary motion under Rule 12 . . . or, if no such motion is made, they are not

included the responsive pleading").

The Motion to Dismiss did not allege insufficiency of service or process, lack of personal

jurisdiction, or improper venue.  In failing to do so, Mr. Brown waived these objections.

### C.    Venue is Proper in this Court.

Putting aside that Mr. Brown waived his right to object to venue, venue of this adversary

proceeding in this Court is undoubtedly proper under 28 U.S.C. § 1409(a).  *See Picard v.*

*Goldenberg (SIPC v. BLMIS)*, Adv. Pro. No. 08-01789 (SMB), Adv. Pro. No. 10-04946 (SMB),

slip op., 2018 WL 3078149, at *4 (Bankr. S.D.N.Y. June 20, 2018); *see also Picard v. Lowery, et*

*al.*, Adv. Pro. No. 08-01789 (SMB) (Substantively Consolidated), Adv. Pro. Nos. 10-04387

(SMB), 10-04488 (SMB), 10-04350 (SMB), 10-05110 (SMB), slip op., 2018 WL 1442312, at *4

(Bankr. S.D.N.Y. Mar. 22, 2018); *Picard v. Cohen (SIPC v. BLMIS)*, Adv. Pro. Nos., 08-01789

(SMB), 10-04311 (SMB), 2016 WL 1695296, at *4 (Bankr. S.D.N.Y. Apr. 25, 2016).

### IV.    This Court has Subject Matter Jurisdiction.

The Court has subject matter jurisdiction over this adversary proceeding under SIPA

§ 78eee(b)(4), 28 U.S.C. § 1334, 157(a) & (b), and Order No. M10-450 (S.D.N.Y. July 10,

1984), as amended by Amended Standing Order of Reference No. M10-468, 12 Misc. 00032

(S.D.N.Y. Jan. 31, 2012).  *See Picard v. BAM L.P.*, 624 B.R. 55, 57 (Bankr. S.D.N.Y. 2020)

(finding that the Court had subject matter jurisdiction over action seeking to recover fraudulent

transfers during the two-year period before the petition date); *SIPC v. BLMIS (In re Bernard L.*

*Madoff*), 531 B.R. 439, 455-57 (Bankr. S.D.N.Y. 2015) (rejecting argument that this Court lacks

subject matter jurisdiction over similar avoidance actions).

## V.    Ken-Wen Is Not a Mere Conduit.

Ken-Wen does not qualify as a mere conduit because Ken-Wen had dominion and control

over the funds at issue.  *See, e.g., Secs. Inv. Protection Corp. v. Stratton Oakmont, Inc.*, 234 B.R.

293, 313 (Bankr. S.D.N.Y. 1999) (citing *In re Finley Kumble*, 130 F.3d 52, 57 (2nd Cir. 1997);

*In re Southeast Hotel Properties Ltd. Partnership*, 99 F.3d 151, 155 (4th Cir. 1996); *Bonded*

*Financial Servs., Inc. v. European Am. Bank, 838 F.2d 890, 893 (7th Cir. 1988)*; *In re Hooker*

*Invs.*, 155 B.R. 332, 337-38 (Bankr. S.D.N.Y. 1993)).

Here, the Fraudulent Transfers were deposited into bank accounts held in the name of

Ken-Wen.  Moreover, Mr. Brown testified during deposition that only he and Ms. Werner had

access to the Ken-Wen bank accounts.  *See* Neiburg Decl., ECF No. 181, Ex. 11 (Brown Dep.

Tr.), 58:23-59:3, 91:10-17.  Ken-Wen, through Mr. Brown and Ms. Werner as its general

partners, had more than a fleeting interest in the Fraudulent Transfers, it had unfettered access to

those funds and the right to use the funds for whatever purposes it chose.  Mr. Brown has not

interjected any issues of material fact to the contrary.  Thus, Mr. Brown's mere conduit and

dominion and control theories must fail.  *See Stratton Oakmont*, 234 B.R. at 313; *Finley Kumble*,

130 F.3d at 57-58; *Bonded Financial*, 838 F.2d at 893.

## VI.    Mr. Brown's Intent is Not Applicable Here.

Mr. Brown's intent is not at issue.  Instead, the Court must look to BLMIS's intent when

considering whether the Fraudulent Transfers are avoidable pursuant to section 548(a)(1)(A) of

the Bankruptcy Code.  The Court has repeatedly held that BLMIS acted with the requisite intent

to hinder, delay, or defraud its creditors.  *SIPC v. BLMIS (In re Bernard L. Madoff)*, 531 B.R. at

471; *Picard v. Cohmad Sec. Corp. (In re BLMIS)*, 454 B.R. 317, 330 (Bankr. S.D.N.Y. 2011)

("[T]he fraudulent intent on the part of the debtor/transferor . . . is established as a matter of law by virtue of the 'Ponzi scheme presumption.'").  The Ponzi scheme presumption entitles the Trustee to argue that all BLMIS transfers are deemed to have been made with actual fraudulent intent.  *See JABA Assocs.*, 528 F. Supp. 3d at 236 (holding that BLMIS's transfer of property was made with actual intent to defraud and that it is "well established that the Trustee is entitled to rely on a presumption of fraudulent intent when the debtor operated a Ponzi scheme") (citing *Cohen*, 2016 WL 1695296 at *5 (same); *Cohmad*, 454 B.R. at 330 ("The fraudulent intent on the part of the debtor/transferor . . . is established as a matter of law by virtue of the Ponzi scheme presumption")).

The Court, however, need not look beyond Mr. Brown's own statements in the Brown Response to dispose of this issue.  Mr. Brown admits that "there is no genuine dispute regarding BLMIS's . . . actual intent to hinder, delay, or defraud its creditors."  *See* Brown Response, ¶ 104.  Mr. Brown also admits that (1) "it is commonly understood that Madoff's arrest and frauds are notoriously documented that ***BLMIS was a Ponzi scheme***" and (2) he need not dispute the Trustee's experts' opinions.  *Id.*, ¶¶ 98, 104 (emphasis added).  For this reason alone, the Trustee is entitled to summary judgment on the issue of actual fraudulent intent.

## VII.    Mr. Brown Did Not Take for Value.

Mr. Brown cannot utilize section 548(c) of the Bankruptcy Code.  The Trustee has established that BLMIS transferred at least $3,850,000 in fictitious profits within the Two-Year Period to Ken-Wen[9] with actual fraudulent intent.  Mr. Brown admits that "[e]ach of the alleged four withdrawals amounting to $3,850,000 . . . were Ken-Wen FLP funds."  *See* Brown

---

[9] *See* Trustee's Counter Statement of Material Facts, ECF No. 180, ¶ 111; *see also* Greenblatt Ken-Wen Report, ECF No. 184, ¶ 22.

Response, Ex. A (Brown Affidavit), ¶ 52.  Mr. Brown failed to offer any evidence (and did not

even expressly allege) that he provided value for the fictitious profits.  *See* 11 U.S.C. § 548(c);

*see also Christian Bros. High School Endowment v. Bayou No Leverage Fund, LLC*, 439 B.R.

284, 308 (S.D.N.Y. 2010); *McHale v. Boulder Cap. LLC (In re The 1031 Tax Grp., LLC)*, 439

B.R. 47, 73 (S.D.N.Y. 2010); *Picard v. Katz*, 462 B.R. 447, 453 (S.D.N.Y. 2011) *abrogated on

other grounds by SIPC v. BLMIS (In re BLMIS)*, 513 B.R. 437 (S.D.N.Y. 2014); *Picard v. Greiff

(In re Madoff Sec.)*, 476 B.R. 715, 722-25 (S.D.N.Y. 2012).

Fictitious profits from a Ponzi scheme can never equal "value" as contemplated by

section 548(c)—this would conflict with the purpose of SIPA.  *See Cohen*, 2016 WL 1695296 at

*11; *In re Bernard L. Madoff Inv. Sec. LLC*, 976 F.3d 184, 199–200 (2d Cir. 2020); *JABA

Assocs.*, 528 F. Supp. 3d at 241-42; *Picard v. Lisa Beth Nissenbaum Tr.*, No. 20 cv. 3140 (JGK),

2021 WL 1141638, at *15-16 (S.D.N.Y. Mar. 24, 2021); *Greiff*, 476 B.R. at 727.  Mr. Brown

admits that BLMIS was a Ponzi scheme, that BLMIS did not execute trades, purchase ample

Treasury securities, or use the split-strike conversion strategy, and that the Trustee's experts'

reports are accurate and admissible.  *See* Brown Response, ¶¶ 98, 104.  Thus, he admits that the

funds comprising the Fraudulent Transfers were stolen from other investors and could never be

for value.

## VIII.    The Trustee Was Not Required to Plead Actual Knowledge or Willful Blindness.

Without providing a citation, Mr. Brown appears to reference the *Avellino* and the *Merkin*

cases for the proposition that the Trustee failed to allege actual knowledge or willful blindness

on the part of Mr. Brown.  *See* Brown Response, ¶ 101.  This standard, however, applies only to

the avoidance and recovery of principal.  *See Avellino*, 557 B.R. at 112-13.  Here, the Trustee is

not seeking recovery of whatever principal Ken-Wen invested with BLMIS, only the fictitious

profits transferred to Ken-Wen during the Two-Year Period.  Thus, this pleading standard is inapplicable to this case.

## IX.    Mr. Brown's Bankruptcy Did Not Discharge the Trustee's Claims.

To the extent Mr. Brown attempts to argue that the Trustee's claims against him were discharged by the Brown Bankruptcy, the argument fails.  Despite listing this adversary proceeding in his Statement of Financial Affairs, and despite knowing that the Trustee was a creditor, Mr. Brown did not provide the Trustee with notice of the bar date for the filing of proofs of claim, the chapter 11 plan of reorganization, or even the existence of the Brown Bankruptcy itself.  *See Affidavit Supporting the Trustee's Request for a Certificate of Default*, ECF No. 62, ¶¶ 18-19.  Indeed, the affidavits of service noticing the Brown Bankruptcy, ECF No. 11, providing notice of the bar date, ECF No. 35, providing the plan and disclosure statement, ECF No. 176, and providing the confirmation order, ECF No. 422, do not list the Trustee as a notice party in the Brown Bankruptcy.  *See* Neiburg Supplemental Declaration, Ex. B (combining the above-referenced affidavits of service from the Brown Bankruptcy).

The Court of Appeals for the Eleventh Circuit has held that "section 1141 of the Bankruptcy Code does not discharge the debt of a known creditor who failed to receive actual notice of the claims bar date as required by Bankruptcy Rule 2002(a)(8)."  *See In re Gencor Indus., Inc.*, 298 B.R. 902, 914-15 (Bankr. M.D. Fla. 2003) (citing *In re Spring Valley Farms, Inc.*, 863 F.2d 832, 835 (11th Cir. 1989)).  The Trustee was a known creditor as evidenced by Mr. Brown's Statement of Financial Affairs, and Mr. Brown failed to provide the Trustee with notice of the bar date.  Thus, Mr. Brown's personal bankruptcy did not discharge the Trustee's claims against Mr. Brown.  Mr. Brown is aware of this fact—he sued his bankruptcy counsel for failing to provide the Trustee with notice of the Brown Bankruptcy and of the bar date.  *See* Neiburg Supplemental Declaration, Ex. C (*Brown v. David Merrill, Esq. et al.*, No. 9:16-cv-

81916-RLR (S.D. Fla. 2016), Complaint, ¶ 67 ("The David Merrill firm(s) also failed to notify

the [sic] Irving H. Picard, Trustee for the Liquidation of the Bernard L. Madoff Investment

Securities, LLC v. Ken-Wen FLP leaving the Plaintiff to engage in a legal dispute over a default

judgment potentially for $4million [sic] dollars.").

## X.      Mr. Brown Disregards the Court's Local Rules and the Court's February 2, 2022 Order.

The Brown Response fails to comply with Local Rule 7056-1.  The Court may therefore

summarily deny Mr. Brown's motion for summary judgment and grant the Trustee's cross-

motion for summary judgment.  Local Rule 7056-1 requires a party opposing a motion for

summary judgment to file a "correspondingly numbered paragraph responding to each numbered

paragraph in the statement of the moving party, and if necessary, additional paragraphs

containing a separate, short, and concise statement of additional material facts as to which it is

contended that there is a genuine issue to be tried."  *See In re Basic Food Group*, No. 15-1092

(JLG), Adv. No. 15-01119 (JLG), slip op., 2018 WL 5805943, *6 (Bankr. S.D.N.Y. Oct. 31,

2018) (citing Local Rule 7056-1(c)).  The statements must be supported by citations to

admissible evidence.  *Id.* (citing 7056-1(e)).  To the extent an opposing party fails to specifically

controvert facts contained in the moving party's statement of material facts, those facts will be

deemed admitted.  *Id.* (citing Local Rule 7056-1(d)); *see also Buckman v. Calyon Sec. (USA)

Inc.*, 817 F. Supp. 2d 322, 328 n.42 (S.D.N.Y. 2011) (noting that 56.1 statements not explicitly

denied are deemed admitted).

In *Basic Food*, the opposing party failed to controvert the material facts asserted by the

moving party and to provide citations to admissible evidence in support of their assertions.  *Id.*

As a result, the court deemed admitted those uncontroverted material facts and refused to

29091666.1

16

consider the facts asserted by the non-moving party that were not supported by admissible evidence. *Id.*

Here, like *Basic Food*, Mr. Brown failed to controvert the specific facts contained in the Trustee's Counter Statement of Material Facts. Further, and to the extent Mr. Brown attempts to assert material facts, he did not provide admissible evidence to support those facts. Consequently, each of the paragraphs contained in the Trustee's Counter-Statement of Material Facts is deemed admitted. Further, the Court should refuse to consider the facts alleged by Mr. Brown that are not supported by citations to admissible evidence.

Similarly to Mr. Brown, Ken-Wen did not oppose the Trustee's Motion for Summary Judgment resulting in the same application of Local Rule 7056-1(d). Each of the paragraphs contained in the Trustee's Counter-Statement of Material Facts is also deemed admitted with respect to the Trustee's motion for summary judgment as to Ken-Wen. Thus, the Trustee is entitled to summary judgment against Ken-Wen as a matter of law.

Finally, the Court granted Mr. Brown an additional two (2) weeks to file his responsive papers, instructing Mr. Brown that the Court-ordered deadline was extended to 5:00 P.M. (EST) on February 4, 2022. *See* Order, ECF No. 202. Mr. Brown failed to comply with the Court's Order by untimely filing the Brown Response.

*[Remainder of page left intentionally blank]*

29091666.1

17

## CONCLUSION

For all of the foregoing reasons and for those contained in the Trustee's cross-motion for summary judgment as to Mr. Brown, motion for summary judgment as to Ken-Wen, and supporting documents filed in connection therewith, the Trustee respectfully requests that the Court (1) deny Mr. Brown's motion for summary judgment, (2) grant the Trustee's cross-motion for summary judgment as to Mr. Brown, (3) grant the Trustee's motion for summary judgment as to Ken-Wen, and enter an order and judgment: (i) avoiding the $3,850,000 in transfers of fictitious profits that BLMIS made to Defendants within the Two-Year Period; (ii) awarding the Trustee prejudgment interest from the Filing Date through the date of entry of judgment at the rate of 4%; and (iii) requiring Defendants, jointly and severally, to return such transfers or the value thereof to the Trustee for the benefit of the estate of BLMIS.

Dated: February 11, 2022
     New York, New York

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Michael S. Neiburg*
Matthew B. Lunn
Michael S. Neiburg (admitted *pro hac vice*)
Justin P. Duda
Christopher M. Lambe (admitted *pro hac vice*)
Rockefeller Center
1270 Avenue of the Americas, Suite 2210
New York, New York 10020
Telephone: (212) 332-8840
Facsimile: (212) 332-8855
Email: *mlunn@ycst.com*
     *mneiburg@ycst.com*
     *jduda@ycst.com*
     *clambe@ycst.com*

*Attorneys for Plaintiff Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC*

29091666.1