**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (CGM)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff,<br><br>Plaintiff,<br><br>v.<br><br>SQUARE ONE FUND LTD.,<br><br>Defendant. | Adv. Pro. No. 10-04330 (CGM) |

**MOTION FOR THE ISSUANCE OF LETTER OF REQUEST**

1.  Irving H. Picard (the "Trustee"), trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS"), under the Securities Investor Protection Act ("SIPA"), substantively consolidated with the chapter 7 estate of Bernard L. Madoff, through the Trustee's attorneys, Baker & Hostetler LLP, respectfully submits this Motion for the Issuance of a Letter of Request for International Judicial Assistance to The Senior Master, for the attention of the Foreign Process Section of the Royal Courts of Justice to obtain testimonial evidence from Jérôme Müller, a resident of the United Kingdom.

2.      This application is made pursuant to 28 U.S.C. § 1781, this Court's inherent authority, and in light of the comity between the United States and the United Kingdom. Service will be effected pursuant to the *Hague Convention of 18 March 1970 of the Taking of Evidence Abroad in Civil or Commercial Matters*, to which the United States and the United Kingdom are signatories.

3.      Mr. Müller is a foreign citizen and a non-party. Thus, the Letter of Request provides the only means of compelling discovery from him.

## FACTUAL BACKGROUND

**Madoff's Ponzi Scheme and Square One's Connection to BLMIS**

4.      Madoff, through the investment advisory business of BLMIS, conducted a decades-long Ponzi scheme of breathtaking scale. (*See* Trustee's Amended Complaint filed on December 21, 2018, ¶ 39 (ECF No. 167) ("Am. Compl.").)

5.      Square One Fund Ltd. ("Square One") is a British Virgin Islands investment fund that invested exclusively with BLMIS from approximately December 1998 until December 2008. (*Id.* ¶¶ 2–3, 63–64.)

6.      In the two years preceding BLMIS's collapse, Square One received $6,410,000 in fraudulent transfers from BLMIS. (*Id.* ¶ 187.)

7.      Square One received these transfers without "good faith" because it either knew or consciously avoided knowing that BLMIS's investment advisory business was a fraud. (*Id.* ¶¶ 7–16, 126–28, 149, 182.)

8.      Luc Estenne created Square One and served as its director and manager. Mr. Estenne continues to serve in these capacities to this day. (*Id.* ¶¶ 4, 71–73.)

9. While running Square One, Mr. Estenne also ran a highly successful investment advisory firm, Partners Advisers S.A. ("Partners Advisers"), in Geneva, Switzerland. (*Id.* ¶ 5.)

10. Partners Advisers tracked and analyzed BLMIS's purported investment returns over a ten-year period, culminating in an analytical study (the "Estenne Study") conducted by Mr. Estenne and Square One in 1999. (*Id.* ¶ 100.)

11. The Estenne Study confirmed that BLMIS's returns were implausible and had little to no correlation with BLMIS's purported investment strategy. (*Id.* ¶¶ 102–11, 116–19.)

12. In or around 2003, Partners Advisers alerted Mr. Estenne to several red flags of fraud concerning BLMIS's operations. (*Id.* ¶¶ 149–57.)

13. As a result of this warning and other indicia of fraud, Mr. Estenne redeemed his personal investments in Square One and advised certain others close to him to do the same. (*Id.* ¶¶ 163–65.)

14. Nevertheless, Mr. Estenne continued to direct Square One to solicit investments from other investors while taking fees off the top of those investments. (*Id.* ¶ 167.)

15. Mr. Estenne also took steps to ensure that neither Square One nor BLMIS would be subject to any due diligence reviews by Square One's investment manager or Partners Advisers. (*Id.* ¶ 169–71.)

**Mr. Müller Possesses Relevant Knowledge**

16. Mr. Müller worked for Partners Advisers as a senior officer. During his employment, Mr. Müller conducted due diligence on Madoff, BLMIS, and BLMIS feeder funds. (*Id.* ¶ 9, 150-54.)

17. Partners Advisers was a service provider that served as an agent to Square One, providing back-office and administrative functions and analysis of potential investments. (*Id.* ¶ 169.)

18. The Trustee alleged that while employed by Partners Advisers as a senior officer, Mr. Müller attended presentations by Fairfield Greenwich Group and FIM Limited, both of which managed BLMIS feeder funds. (*Id.* ¶ 150.) The Trustee alleged that Mr. Müller asked Fairfield Greenwich Group and FIM Limited representatives basic questions about BLMIS's investment advisory business, its size and makeup, and how BLMIS was able to earn its purported returns using its stated investment strategy. (*Id.* ¶¶ 151-52.) The presenters were unable to answer such questions. (*Id.*) This was a result of BLMIS's lack of transparency, which left Mr. Müller very concerned that neither Fairfield Greenwich Group nor FIM Limited could explain how BLMIS's purported investment performance was possible. (*Id.* ¶ 154.)

19. The Trustee also alleged that Mr. Müller reached out to other investment professionals he trusted to discuss BLMIS-related concerns. (*Id.* ¶ 155.) Mr. Müller learned that these professionals had blacklisted BLMIS feeder funds because they were unable to understand how BLMIS's purported investment returns were possible despite their attempts to do so and because they were concerned about BLMIS's lack of transparency. (*Id.*)

20. The Trustee alleged that following the presentations and conversations, Mr. Müller was concerned that no one could explain how BLMIS's purported investment returns were possible. (*Id.* ¶ 156.)

21. Further, the Trustee alleged that Mr. Müller shared the results of his BLMIS-related diligence as well as his suspicions of BLMIS's fraud with Mr. Estenne and other Partners

4

Advisers personnel who performed services for Square One, including Mr. Timothée Henry. (*Id.* ¶ 157.)

22. The Trustee alleged that based on Mr. Müller's suspicious of fraud, Mr. Müller told Mr. Estenne that BLMIS's purported investment performance did not make sense and recommended that Partners Advisers not invest in BLMIS. (*Id.*) Following Mr. Müller's recommendation, Mr. Estenne immediately agreed to refrain from BLMIS-related investments at Partners Advisers. (*Id.* ¶ 158.)

23. Mr. Müller possesses information related to Mr. Estenne's knowledge of potential fraud at BLMIS. Mr. Müller's concerns about BLMIS's purported investment strategy and recommendation that Partners Advisers refrain from BLMIS-related investments were shared directly with Mr. Estenne. Through his communications with and recommendation to Mr. Estenne, Mr. Müller was privy to Mr. Estenne's knowledge and suspicions that BLMIS was a fraud.

24. Further, because Mr. Müller conducted due diligence for Partners Advisers, Mr. Müller has knowledge of suspicious facts concerning BLMIS and Madoff. Mr. Müller also communicated with Partners Advisers personnel, including but not limited to Mr. Estenne and Mr. Henry, regarding BLMIS and Madoff and has knowledge of suspicious facts concerning BLMIS and Madoff known by those other Partners Advisers personnel.

25. The requested information will support the Trustee's pleadings and claims to avoid and recover fraudulent transfers Square One received from BLMIS and is intended for use at trial.

5

**Conclusion**

26.     This Letter of Request is part of the Trustee's efforts to obtain testimony regarding Square One's knowledge of fraud at BLMIS.  The testimony sought is directly relevant to the Trustee's claims in the ongoing proceedings to avoid and recover fraudulent transfers that Square One received from BLMIS and intended for use at trial to support the Trustee's claims. This evidence is essential for the Trustee to fulfill his statutory mandate to maximize recovery of customer property for the ultimate benefit of all of Madoff's defrauded victims.

27.     This Court has previously ruled in this adversary proceeding, granting the Trustee's Motions for Letters of Request in order for the Trustee to obtain information pertinent to this proceeding: "This is a complicated fraud case spanning several continents. . . . I want to note that the Trustee was never a party to the original fraud and so bears the burden of having to figure out what happened after the fact." (July 28, 2021 Hr'g Tr. (ECF No. 232), at 37:14-19.)

28.     For the above reasons, the Trustee believes that the proposed Letter of Request (**Exhibit A**) is just and appropriate and respectfully requests that the Court issue such Letter of Request to the indicated Judicial Authority.

Dated: New York, New York  
      February 11, 2022

Respectfully submitted,

  */s Marco Molina*  
**Baker & Hostetler LLP**  
45 Rockefeller Plaza  
New York, New York 10111  
Telephone: (212) 589-4200  
Facsimile: (212) 589-4201  
David J. Sheehan, Esq.  
dsheehan@bakerlaw.com  
Marco Molina, Esq.  
mmolina@bakerlaw.com  
Matthew D. Feil, Esq.  
mfeil@bakerlaw.com  
Ganesh Krishna, Esq.  
gkrishna@bakerlaw.com

6

Andrew M. Serrao, Esq.
aserrao@bakerlaw.com
Victoria L. Stork, Esq.
vstork@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff*