**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (CGM) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 10-04348 (CGM) |
| Plaintiff, | |
| v. | |
| MARDEN FAMILY LIMITED PARTNERSHIP, a Delaware limited partnership; B&C MARDEN LLC, a Delaware limited liability company; BERNARD A. MARDEN REVOCABLE TRUST, a Florida trust; ESTATE OF BERNARD A. MARDEN; CHARLOTTE MARDEN (aka CHRIS MARDEN), as trustee and as an individual; PATRICE M. AULD, as trustee, as personal representative, and as an individual; and JAMES P. MARDEN, as trustee, as personal representative, and as an individual, | |
| Defendants. | |

**STIPULATION AND ORDER FOR VOLUNTARY DISMISSAL**
**OF ADVERSARY PROCEEDING WITHOUT PREJUDICE**

    Irving H. Picard (the "Trustee"), as trustee for the liquidation of the business of Bernard L.

Madoff Investment Securities LLC under the Securities Investor Protection Act, 15 U.S.C. §§

1

78aaa, *et seq*. ("SIPA"), and the substantively consolidated estate of Bernard L. Madoff individually, by and through his counsel, Baker & Hostetler LLP, and all of the defendants in the above-captioned adversary proceeding (collectively, the "Defendants"), by and through their counsel, Pryor Cashman LLP (collectively, the "Parties"), hereby stipulate and agree to the following:

1. On November 30, 2010, the Trustee filed and served the Complaint against Defendants, which was subsequently amended (the "Complaint").

2. Following motion practice between the Parties, and the dismissal of certain causes of action as raised in the Complaint, Defendants filed an answer on or about September 18, 2015, disputing liability under the remaining counts of the Complaint and asserting certain defenses.

3. Pursuant to the Settlement Procedures Order, entered by this Court on November 12, 2010 [Dkt. No. 3181], the Parties entered into a Settlement Agreement, dated December 17, 2021 (the "Settlement Agreement") and a Supplemental Agreement to Settlement Agreement, dated December 17, 2021 ("Supplemental Agreement").

4. Pursuant to that certain *Notice of Motion for Entry of Order, Pursuant to Section 105(a) of the Bankruptcy Code and Rules 2002 and 9019 of the Federal Rules of Bankruptcy Procedure, Approving Settlement Agreement*, dated December 17, 2021, the Trustee moved for approval of the Settlement Agreement.

5. On January 13, 2022, the Court entered the *Order Pursuant to Section 105(a) of the Bankruptcy Code and Rules 2002 and 9019 of the Federal Rules of Bankruptcy Procedure, Approving Settlement Agreement*.

6. Pursuant to the terms of the Settlement Agreement and the Supplemental Agreement, and in accordance with Federal Rule of Bankruptcy Procedure 7041(a)(1)(ii), and

Federal Rule of Civil Procedure 41(a)(1), the Parties hereby stipulate to dismiss the Trustee's claims against Defendants in the above-captioned adversary proceeding and to dismiss the adversary proceeding without prejudice and without costs, subject to the right of the Trustee to move *ex parte* to re-open this adversary proceeding in the event of an uncured default under the terms of the Settlement Agreement and/or the Supplemental Agreement.

7. The provisions of this stipulation shall be binding upon and shall inure to the benefit of the Parties and their respective successors and assigns and upon all creditors and parties of interest.

8. This stipulation may be signed by the Parties in any number of counterparts, each of which when so signed shall be an original, but all of which shall together constitute one and the same instrument. A signed DocuSign, facsimile, photostatic or electronic copy of this stipulation shall be deemed an original.

9. The Bankruptcy Court shall retain jurisdiction over this stipulation.

*[Remainder of page intentionally left blank.]*

Dated: New York, New York
February 11, 2022

| **PRYOR CASHMAN LLP** | **BAKER & HOSTETLER LLP** |
|---|---|
| By: /s/ Richard Levy, Jr. | By: /s/ Nicholas J. Cremona |
| 7 Times Square<br>New York, New York 10036<br>Telephone: (212) 421-4100<br>Facsimile: (212) 326-0806<br>Richard Levy, Jr.<br>Email: rlevy@pryorcahsman.com | 45 Rockefeller Plaza<br>New York, New York 10111<br>Telephone: (212) 589-4200<br>Facsimile: (212) 589-4201<br>David J. Sheehan<br>Email: dsheehan@bakerlaw.com<br>Nicholas J. Cremona<br>Email: ncremona@bakerlaw.com<br>Michael A. Sabella<br>Email: msabella@bakerlaw.com |
| *Attorneys for Defendants* | *Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff* |

**SO ORDERED.**



**/s/ Cecelia G. Morris**
_____
**Hon. Cecelia G. Morris**
**Chief U.S. Bankruptcy Judge**

**Dated: February 15, 2022**
**Poughkeepsie, New York**