# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

February 18, 2022

Maximillian S. Shifrin
direct dial: 212.589.4252
mshifrin@bakerlaw.com

**VIA ECF**

Honorable Cecelia G. Morris
U.S. Bankruptcy Court
Southern District of N.Y.
One Bowling Green
New York, NY 10004

Re:   *Picard v. Fairfield Pagma Assocs., LP*, Adv. Pro. No. 10-05169

Dear Judge Morris:

On behalf of the Trustee in the above-referenced adversary proceeding, we write in response to Defendants' February 17, 2022 letter, belatedly submitting the Trustee's initial disclosures in an apparent effort to distract the Court from their multiple discovery improprieties in this case. As explained below, nothing in the Trustee's disclosures excuses Defendants' failures to disclose their own witnesses, the subjects of their testimony, and the documents they rely on pursuant to the express terms of Fed. R. Civ. P. 26.

Rule 26 requires parties to disclose "each individual likely to have discoverable information—*along with the subjects of that information*—that the disclosing party *may use to support its claims or defenses*, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(i) (emphasis added). Consistent with this requirement, the Trustee disclosed Ronni Leo and Bonnie J. Kansler because "they may have had knowledge relating to the opening of, and transactions involving, the subject BLMIS account (the "Account"), including deposits to and withdrawals from the Account, as well as subsequent transfers from the Account . . . for at least certain periods of time." Because Ronni and Bonnie are the children of Seymour and Marjorie Kleinman, respectively, and Bonnie is a named defendant as executor of her mother's estate, the Trustee disclosed these individuals to potentially address these (and only these) aspects of the Trustee's claims.

But Defendants are relying on these witnesses for an entirely different purpose: to show that Seymour and Marjorie were substituted as general partners of Fairfield Pagma, the initial transferee. Because Seymour and Marjorie's purported substitution as general partners is a *defense* to the Trustee's claims, it was Defendants' obligation to disclose their witnesses,

Honorable Cecelia G. Morris
February 18, 2022
Page 2

subjects of discoverable information, and relevant documents. Yet the only witness Defendants disclosed was Bonnie Kansler—again, a named defendant in this case—and the discoverable information in her possession, according to Defendants, was "knowledge of the transactions at issue." Shifrin Declaration, Ex. 1 (ECF No. 118-1). Nothing in that barebones disclosure covers the subjects of Bonnie's declaration in opposition to the Trustee's motion, and Defendants failed to disclose Ronni Leo or Adam Kansler at all. Nor did Defendants disclose the core documents attached to the three declarations, as required by Fed. R. Civ. P. 26(a)(1)(A)(ii), or respond to any of the Trustee's subsequent discovery requests—all of which compounded their disclosure failures and resultant prejudice to the Trustee.

Because Defendants did not disclose this information or respond to any discovery, the Trustee did not know that Defendants would argue, years later, that Ronni and Bonnie were CPAs who purportedly effectuated Seymour and Marjorie's substitution as general partners of Fairfield Pagma, and that this would be the sole subject of their future declarations opposing the Trustee's summary judgment motion. That issue clearly falls outside the limited purpose for which the Trustee disclosed these witnesses, and again, is a *defense* to the Trustee's claims. The purpose of the initial disclosure provisions of Rule 26 is to prevent the sort of guessing game Defendants have prejudicially imposed on the Trustee and request this Court to sanction.

In short, the Trustee's disclosure of Seymour and Marjorie's children and estate executor based on their knowledge of the transfers and potential receipt of subsequent transfers does not excuse Defendants' failure to disclose these witnesses on the specific and completely different subjects they address in their declarations. And even if it did, Defendants would still be precluded from relying on the undisclosed and unproduced exhibits attached to their witnesses' declarations, a consequence just as fatal to their opposition to the Trustee's motion.

The Trustee respectfully requests that the Court rule accordingly.

Respectfully submitted,

*/s/ Maximillian S. Shifrin*

Maximillian S. Shifrin
Partner