

LAX & NEVILLE LLP

BARRY R. LAX
BRIAN J. NEVILLE
SANDRA P. LAHENS
MATTHEW C. PLANT
ROBERT R. MILLER
KOUROSH C. SHAFFY

OF COUNSEL
ROBERT J. MOSES
ROBERT J. GRAND
ANDREW W. REICH

OF COUNSEL
JANET K. DECOSTA
WASHINGTON, DC OFFICE

February 18, 2022

**VIA ECF**

Honorable Cecelia G. Morris
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

  **Re:** Picard v. Fairfield Pagma et. al.
     Case No. 08-01789; Adv. Pro. No. 10-01569

Dear Judge Morris:

  This firm represents Defendants Bonnie Joyce Kansler, as Executor of the Estate of Marjorie Kleinman and, to the extent they remain proper parties to this litigation and are properly subject to the Trustee's pending motion for summary judgment (the "Motion")(Doc 94), Seymour Kleinman, Seyfair, LLC, Fairfox LLC and Fairfield Pagma Associates, LP (collectively, "Defendants"). While we are mindful of burdening the Court with further correspondence, we write to address the numerous and blatant misstatements in the letter filed earlier today by Plaintiff (Doc. 132), which merit a brief response.

  Plaintiff's letter is an impermissible "sur-reply" couched in the guise of a response to the otherwise unobjectionable letter filed yesterday with the Court by Defendants (Doc. 131) that merely provided the Court with a copy of the Trustee's Rule 26(a) initial disclosures in this case. As set forth in their letter, Defendants provided the Court with Plaintiff's initial disclosures for its reference because both parties and the Court referred to them during Wednesday's hearing on Plaintiff's Motion. Nothing in Defendants' letter required a response. It contains no argument, is not contentious in any respect and simply served as a vehicle for the Court to review Plaintiff's Rule 26(a) disclosures, which previously had not been submitted to the Court.[1]

  In his reply brief and during Wednesday's hearing, Plaintiff argued that the Court should be precluded from considering a declaration from Ronni Leo (Doc 115), one of the four witness declarations submitted by Defendants in opposition to the Motion, as a sanction under Rule 37(c) based on Defendants' failure to identify her in their Rule 26(a) disclosures. As a result, Plaintiff

---

[1] Defendants' submission of Plaintiff's initial disclosures was not "belated," as Plaintiff raised concerns regarding the disclosure of Defendants' witnesses for the first time in his reply brief, and Defendants therefore had no opportunity to submit them to the Court prior to the hearing on Plaintiff's Motion.

argued, he had "no way of knowing ... that ... Ronnie Leo had discoverable information," and "had no way to know such ... witness[] even existed." *See* Trustee's Reply Memorandum of Law (Doc. 116), pp. 8, 11. This is a material misrepresentation.

As the Court is now aware, Plaintiff himself disclosed Ronni Leo, as well as Bonnie Kansler (and Debra Weiner), as individuals with discoverable information. While forced to backtrack and admit in today's letter that Plaintiff knew of Ronni Leo's existence and her relevance as a witness, he asserts he disclosed Ronni Leo and Bonnie Kansler only because "they may have had knowledge relating to the opening of, and transactions involving, the subject BLMIS account (the "Account"), including deposits to and withdrawals from the Account, as well as subsequent transfers from the Account ... for at least certain periods of time," and "to potentially address these (and only these) aspects of Trustee's claims." Plaintiff argues Defendants offered Ms. Leo and Ms. Kansler (and Fairfield Pagma's tax returns) for another purpose -- to show that Seymour Kleinman and Marjorie Kleinman were substituted as general partners of Fairfield Pagma – and because Defendants did not disclose this information, he "did not know that Defendants would argue, years later, that Ronni and Bonnie ..."  had knowledge regarding "Seymour and Marjorie's substitution as general partners of Fairfield Pagma." This, again, is false.

As Defendants' counsel noted during the hearing, following Seymour Kleinman's death in September 2015, his children (Ronni Leo and Debra Weiner) reached out to Plaintiff through another lawyer working with the family and sought to have the claims against Seymour and Seyfair LLC dismissed as a hardship case because Seymour died with so few assets (such that his will was never probated). Plaintiff and the family's counsel engaged in ongoing communications concerning the possible dismissal of claims against Seymour and Seyfair for nearly a year and a half, from late 2015 through April 2017, during which Plaintiff requested, and Ronni Leo provided, extensive documentation concerning Seymour's (minimal) and Seyfair's (none) assets. Many of those documents were attached as exhibits to a draft affidavit from Ronni Leo provided to Plaintiff in June 2016, in which Ms. Leo clearly and unequivocally explained that Seyfair LLC was formed in 2004 for the express purpose of replacing her father as general partner of Fairfield Pagma.

All of this documentation, including the affidavit from Ronni Leo attesting to Seyfair LLC's substitution in place of her father as Fairfield Pagma's general partner, was provided to Plaintiff *before* he served his discovery demands on Fairfield Pagma and, thus well before the close of discovery in this case.[2] Further, Defendants' disclosure that Bonnie Kansler possessed "knowledge of the transactions at issue," is the opposite of "barebones." It is broad and comprehensive. Plaintiff, therefore, was well aware of Ronni Leo's knowledge regarding the substitution of Fairfield Pagma's general partners and of Bonnie Kansler's knowledge regarding the transactions at issue in this case, and any failure on his part to explore the extent of their knowledge of this subject is due solely to his own choice not to depose them, despite ample opportunity to do so.[3]

---

[2] Indeed, Plaintiff's counsel references the ongoing negotiations with the family's counsel in his email exchange with my partner, Brian Neville in March 2017, attached as Exhibit B to Mr. Neville's declaration. Defendants can supply this documentation to the Court if the Court so wishes.

[3] Plaintiff asserts that Defendants did not disclose "the core documents" attached to their witness declarations. This too is false. Defendants disclosed Fairfield Pagma's tax returns from 2005 through 2008. Those documents are not only the "core documents" attached to the Ronni Leo and Bonnie Kansler declarations, but they are also the only documents attached to those declarations.



Hon. Cecelia G. Morris
Page 3 of 3

      In view of the foregoing, Defendants respectfully submit that there is no basis to preclude the Declarations of Ronni Leo or Bonnie Kansler under Rule 37 on the ground that they were not properly disclosed under Rule 26(a). Moreover, Defendants' reiterate that Ms. Leo's and Ms. Kansler's Declarations, made upon their personal knowledge, are admissible to defeat summary judgment and, because they stand unrebutted, should be deemed true, especially when viewed in the light most favorable to Defendants as the non-moving parties. *See Danzer v. Norden Systems, Inc.*, 151 F.3d 50, 57 (2d Cir. 1998); *Bank of America, N.A. v. Dexter Sales, Inc.*, No. 19-Civ. 110, 2020 WL 4345005 at *3-4 (E.D.N.Y. Jul. 30, 2020); *Dye v. Kopiec*, No. 16 Civ. 2952, 2016 WL 7351810 at *2-3 (S.D.N.Y. Dec. 16, 2016).

      Respectfully submitted,

      /s/ Barry R. Lax
      Barry R. Lax (#BL1302)

cc:    Nicholas J. Cremona, Esq. (via ECF)
       Maximillian S. Schifrin, Esq. (via ECF)