# Exhibit 5

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (BRL)<br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>Plaintiff,<br><br>v.<br><br>FAIRFIELD SENTRY LIMITED, GREENWICH SENTRY, L.P., GREENWICH SENTRY PARTNERS, L.P., FAIRFIELD SIGMA LIMITED, FAIRFIELD LAMBDA LIMITED, CHESTER GLOBAL STRATEGY FUND LIMITED, CHESTER GLOBAL STRATEGY FUND, IRONGATE GLOBAL STRATEGY FUND LIMITED, FAIRFIELD GREENWICH FUND (LUXEMBOURG), FAIRFIELD INVESTMENT FUND LIMITED, FAIRFIELD INVESTORS (EURO) LIMITED, FAIRFIELD INVESTORS (SWISS FRANC) LIMITED, FAIRFIELD INVESTORS (YEN) LIMITED, FAIRFIELD INVESTMENT TRUST, FIF ADVANCED, LTD., SENTRY SELECT LIMITED, STABLE FUND, FAIRFIELD | Adv. Pro. No. 09-01239 (BRL)<br><br><br><br>BC 11,0228 |

> GREENWICH LIMITED, FAIRFIELD
> GREENWICH (BERMUDA), LTD.,
> FAIRFIELD GREENWICH ADVISORS
> LLC, FAIRFIELD GREENWICH GP, LLC,
> FAIRFIELD GREENWICH PARTNERS,
> LLC, FAIRFIELD HEATHCLIFF CAPITAL
> LLC, FAIRFIELD INTERNATIONAL
> MANAGERS, INC., FAIRFIELD
> GREENWICH (UK) LIMITED,
> GREENWICH BERMUDA LIMITED,
> CHESTER MANAGEMENT CAYMAN
> LIMITED, WALTER NOEL, JEFFREY
> TUCKER, ANDRÉS PIEDRAHITA, MARK
> MCKEEFRY, DANIEL LIPTON, AMIT
> VIJAYVERGIYA, GORDON MCKENZIE,
> RICHARD LANDSBERGER, PHILIP
> TOUB, CHARLES MURPHY, ROBERT
> BLUM, ANDREW SMITH, HAROLD
> GREISMAN, GREGORY BOWES,
> CORINA NOEL PIEDRAHITA, LOURDES
> BARRENECHE, CORNELIS BOELE,
> SANTIAGO REYES, JACQUELINE
> HARARY
>
>                    Defendants.

## CONSENT JUDGMENT[1]

**WHEREAS**, Irving H. Picard (the "<u>Trustee</u>") is the trustee for the substantively

consolidated liquidations of the business of Bernard L. Madoff Investment Securities

LLC ("<u>BLMIS</u>") and Bernard L. Madoff ("<u>Madoff</u>") under the Securities Investor

Protection Act ("<u>SIPA</u>") §§ 78aaa *et seq.*, currently pending in the United States

Bankruptcy Court for the Southern District of New York (the "<u>Bankruptcy Court</u>") as

Case No. 08-01789 (BRL) (the "<u>SIPA Proceeding</u>"); and

---

[1] All capitalized terms not defined herein shall have the meaning ascribed to them in the Agreement, dated May 9, 2011, between the Trustee (as defined herein) on the one hand, and the Liquidators (as defined herein), solely in their respective capacities as the duly appointed foreign representatives for and liquidators of Fairfield Sentry Limited, Fairfield Sigma Limited, and Fairfield Lambda Limited, on the other hand.

2

**WHEREAS**, the Trustee is duly qualified to serve and act on behalf of the estates of BLMIS and Madoff (together, the "BLMIS Estate"); and

**WHEREAS**, Kenneth Krys and Joanna Lau (together with their predecessors, the "Liquidators" or "Joint Liquidators") are the liquidators and foreign representatives of the winding up proceedings (the "BVI Proceedings") of Fairfield Sentry Limited ("Fairfield Sentry"), Fairfield Sigma Limited ("Fairfield Sigma") and Fairfield Lambda Limited ("Fairfield Lambda" and, together with Fairfield Sentry and Fairfield Sigma, the "Fairfield Funds"), pending under the British Virgin Islands Insolvency Act, 2003, before the Eastern Caribbean Supreme Court in the High Court of Justice of the Virgin Islands (the "BVI Court"); and

**WHEREAS**, on July 22, 2010, the Bankruptcy Court entered an Order granting the Liquidators' petitions for recognition of the BVI Proceedings as foreign main proceedings and for related relief under Chapter 15 of the Bankruptcy Code [Case No. 10-13164, Docket Nos. 47, 48, and 51]; and

**WHEREAS**, the Liquidators are duly qualified to serve and act on behalf of the Fairfield Funds and their respective estates; and

**WHEREAS**, Fairfield Sentry is a British Virgin Islands ("BVI") company that, at all times relevant hereto, was a customer of BLMIS and maintained accounts with BLMIS (the "Sentry BLMIS Accounts"); and

**WHEREAS**, Fairfield Sigma and Fairfield Lambda are BVI companies that at all relevant times, had as their respective sole purposes to invest funds in Fairfield Sentry; and

**WHEREAS**, according to the Trustee, Fairfield Sentry withdrew One Billion,

One Hundred Thirty Million Dollars ($1,130,000,000) from the Sentry BLMIS Accounts within ninety (90) days before the date on which the SIPA Proceedings commenced ("90 Day Withdrawals") and an additional One Billion, Nine Hundred Twenty-Four Million Dollars ($1,924,000,000) from the Fairfield Sentry Accounts, during the period more than ninety (90) days, but less than six (6) years, before the date on which the SIPA Proceedings commenced (the "Pre 90-Day Withdrawals" and, together with the 90 Day Withdrawals, the "Withdrawals"); and

WHEREAS, the above-captioned adversary proceeding (the "Adversary Proceeding") was commenced by the Trustee in the Bankruptcy Court on or about May 18, 2009 [Docket No. 1]; and

WHEREAS, pursuant to Counts Two, Five, Eight, Eleven, Fourteen, Seventeen, Twenty, and Twenty-Three of the amended complaint filed in the Adversary Proceeding on or about July 20, 2010 [Docket No. 23] (the "Amended Complaint"), the Trustee asserts, pursuant to 11 U.S.C. §§ 544, 547, 548, 550, SIPA § 78fff-(2)(c)(3) and the New York Fraudulent Conveyance Act (New York Debtor and Creditor Law §§ 270-281), that the Withdrawals are avoidable and that Fairfield Sentry is liable to the BLMIS Estate for amount of the Withdrawals, which total Three Billion, Fifty-Four Million Dollars ($3,054,000,000) (the "Sentry Avoiding Power Claims"); and

WHEREAS, the Trustee asserts, pursuant to 11 U.S.C. §§ 544, 547, 548, 550, SIPA § 78fff-(2)(c)(3) and the New York Fraudulent Conveyance Act (New York Debtor and Creditor Law §§ 270-281), that Fairfield Sigma is liable to the BLIMS Estate for the amount of the Withdrawals that Fairfield Sentry transferred to Fairfield Sigma, in the

4

approximate amount of Seven Hundred Fifty-Two Million, Three Hundred Thousand Dollars ($752,300,000) (the "Sigma Avoiding Power Claims"); and

**WHEREAS**, the Trustee asserts, pursuant to 11 U.S.C. §§ 544, 547, 548, 550, SIPA § 78fff-(2)(c)(3) and the New York Fraudulent Conveyance Act (New York Debtor and Creditor Law §§ 270-281), that Fairfield Lambda is liable to the BLIMS Estate for the amount of the Withdrawals that Fairfield Sentry transferred to Fairfield Lambda, in the approximate amount of Fifty-Two Million, Nine Hundred Thousand Dollars ($52,900,000)  (the "Lambda Avoiding Power Claims" and, together with the Sentry Avoiding Power Claims and the Sigma Avoiding Power Claims, the "Fairfield Avoiding Power Claims"); and

 **WHEREAS**, on or about May 9, 2011, the Trustee and the Liquidators entered into a settlement agreement (the "Agreement"), in order to settle  certain matters in controversy among them and the respective estates they represent, including the Fairfield Avoiding Power Claims, upon the terms as set forth therein; and

**WHEREAS**, pursuant to the terms of the Agreement, the Liquidators, on behalf of Fairfield Lambda, have consented to the entry of judgment against Fairfield Lambda with respect to the Lambda Avoiding Power Claims as set forth below.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, ORDERED AND ADJUDGED THAT,** that judgment be entered as follows:

1.      Judgment (the "Consent Judgment") is hereby entered in favor the Trustee and against Fairfield Lambda on the Lambda Avoiding Power Claims in the amount of Fifty-Two Million, Nine Hundred Thousand Dollars ($52,900,000) (the "Judgment Amount").

2.      The Consent Judgment is defined and limited as set forth herein and by the terms of the Agreement.  Notwithstanding anything to the contrary in this Consent Judgment, (i) entry, enforcement and/or execution of this Consent Judgment, (ii) the provisions of this Consent Judgment and (iii) the satisfaction of the Judgment Amount as against the Liquidators, Fairfield Sentry, Fairfield Sigma and Fairfield Lambda are governed entirely and exclusively by the terms of the Agreement.  In the event of any conflict between this Consent Judgment and the Agreement, the terms of the Agreement shall govern.

3.      Interest shall not accrue on the Judgment Amount.

4.      This Consent Judgment is not assignable.

5.      The Bankruptcy Court shall have exclusive jurisdiction over any action to enforce this Consent Judgment, or any provision thereof, subject in all cases to the terms of the Agreement.

6.      The signatories to this Consent Judgment represent that they are expressly authorized to bind the respective parties to the terms hereof and hereby represent that the parties have read, understand, agree and consent to the foregoing Consent Judgment and all of the terms and conditions set forth herein.

7.      The undersigned represent that the respective parties have obtained the advice of counsel and are consenting and agreeing to all of the terms of this Consent Judgment freely and voluntarily.

8.      The Clerk of Court shall enter judgment as set forth herein.

**AGREED AND CONSENTED TO:**

Fairfield Lambda Limited, a British Virgin Islands corporation in liquidation

/s/ Kenneth Krys_____
Kenneth Krys, as Joint Liquidator for
and on behalf of Fairfield Lambda Limited (without personal liability)

/s/ Joanna Lau_____
Joanna Lau, as Joint Liquidator for
and on behalf of Fairfield Lambda Limited (without personal liability)

**AGREED AND CONSENTED TO, FOR FORM :**

For Defendant Fairfield Lambda Limited

For Plaintiff Irving H. Picard, Trustee for
the Liquidation of Bernard L. Madoff
Investment Securities LLC

/s/ David J. Molton_____
David J. Molton, Esq.
Brown Rudnick  LLP
Seven Times Square
New York, NY 10036
F:  (212) 209-4801
dmolton@brownrudnick.com

/s/  Mark  A.  Kornfeld_____
Mark Kornfeld, Esq.
Baker & Hostetler LLP
45 Rockefeller
New York, NY 10111
F:  (212) 589-4201
mkornfeld@bakerlaw.com

SO ORDERED

This 13th day of July

_____/s/ Burton R. Lifland_____
HONORABLE BURTON R. LIFLAND
UNITED STATES BANKRUPTCY
JUDGE

**JUDGMENT IS HEREBY ENTERED** in accordance with the terms of the foregoing:

  /s/ Vito Genna
Clerk of the Court

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | |
| Plaintiff-Applicant, | Adv. Pro. No. 08-01789 (BRL) SIPA Liquidation |
| v. | |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | (Substantively Consolidated) |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | |
| Plaintiff, | Adv. Pro. No. 09-01239 (BRL) |
| v. | |
| FAIRFIELD SENTRY LIMITED, GREENWICH SENTRY, L.P., GREENWICH SENTRY PARTNERS, L.P., FAIRFIELD SIGMA LIMITED, FAIRFIELD LAMBDA LIMITED, CHESTER GLOBAL STRATEGY FUND LIMITED, CHESTER GLOBAL STRATEGY FUND, IRONGATE GLOBAL STRATEGY FUND LIMITED, FAIRFIELD GREENWICH FUND (LUXEMBOURG), FAIRFIELD INVESTMENT FUND LIMITED, FAIRFIELD INVESTORS (EURO) LIMITED, FAIRFIELD INVESTORS (SWISS FRANC) LIMITED, FAIRFIELD INVESTORS (YEN) LIMITED, FAIRFIELD INVESTMENT TRUST, FIF ADVANCED, LTD., SENTRY SELECT LIMITED, STABLE FUND, FAIRFIELD | BC 11,0229 |

| |
|---|
| GREENWICH LIMITED, FAIRFIELD GREENWICH (BERMUDA), LTD., FAIRFIELD GREENWICH ADVISORS LLC, FAIRFIELD GREENWICH GP, LLC, FAIRFIELD GREENWICH PARTNERS, LLC, FAIRFIELD HEATHCLIFF CAPITAL LLC, FAIRFIELD INTERNATIONAL MANAGERS, INC., FAIRFIELD GREENWICH (UK) LIMITED, GREENWICH BERMUDA LIMITED, CHESTER MANAGEMENT CAYMAN LIMITED, WALTER NOEL, JEFFREY TUCKER, ANDRÉS PIEDRAHITA, MARK MCKEEFRY, DANIEL LIPTON, AMIT VIJAYVERGIYA, GORDON MCKENZIE, RICHARD LANDSBERGER, PHILIP TOUB, CHARLES MURPHY, ROBERT BLUM, ANDREW SMITH, HAROLD GREISMAN, GREGORY BOWES, CORINA NOEL PIEDRAHITA, LOURDES BARRENECHE, CORNELIS BOELE, SANTIAGO REYES, JACQUELINE HARARY<br><br>        Defendants. |

## CONSENT JUDGMENT[1]

**WHEREAS**,  Irving H. Picard (the "Trustee") is the trustee for the substantively

consolidated liquidations of the business of Bernard L. Madoff Investment Securities

LLC ("BLMIS") and Bernard L. Madoff ("Madoff") under the Securities Investor

Protection Act ("SIPA") §§ 78aaa *et seq.*, currently pending in the United States

Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") as

Case No. 08-01789 (BRL) (the "SIPA Proceeding"); and

---

[1]        All capitalized terms not defined herein shall have the meaning ascribed to them in the Agreement, dated May 9, 2011, between the Trustee (as defined herein) on the one hand, and the Liquidators (as defined herein), solely in their respective capacities as the duly appointed foreign representatives for and liquidators of Fairfield Sentry Limited, Fairfield Sigma Limited, and Fairfield Lambda Limited, on the other hand.

**WHEREAS**, the Trustee is duly qualified to serve and act on behalf of the estates of BLMIS and Madoff (together, the "<u>BLMIS Estate</u>"); and

**WHEREAS**, Kenneth Krys and Joanna Lau (together with their predecessors, the "<u>Liquidators</u>" or "<u>Joint Liquidators</u>") are the liquidators and foreign representatives of the winding up proceedings (the "<u>BVI Proceedings</u>") of Fairfield Sentry Limited ("<u>Fairfield Sentry</u>"), Fairfield Sigma Limited ("<u>Fairfield Sigma</u>") and Fairfield Lambda Limited ("<u>Fairfield Lambda</u>" and, together with Fairfield Sentry and Fairfield Sigma, the "<u>Fairfield Funds</u>"), pending under the British Virgin Islands Insolvency Act, 2003, before the Eastern Caribbean Supreme Court in the High Court of Justice of the Virgin Islands (the "<u>BVI Court</u>"); and

**WHEREAS**, on July 22, 2010, the Bankruptcy Court entered an Order granting the Liquidators' petitions for recognition of the BVI Proceedings as foreign main proceedings and for related relief under Chapter 15 of the Bankruptcy Code [Case No. 10-13164, Docket Nos. 47, 48, and 51]; and

**WHEREAS**, the Liquidators are duly qualified to serve and act on behalf of the Fairfield Funds and their respective estates; and

**WHEREAS**, Fairfield Sentry is a British Virgin Islands ("<u>BVI</u>") company that, at all times relevant hereto, was a customer of BLMIS and maintained accounts with BLMIS (the "<u>Sentry BLMIS Accounts</u>"); and

**WHEREAS**, Fairfield Sigma and Fairfield Lambda are BVI companies that at all relevant times, had as their respective sole purposes to invest funds in Fairfield Sentry; and

**WHEREAS**, according to the Trustee, Fairfield Sentry withdrew One Billion,

3

One Hundred Thirty Million Dollars ($1,130,000,000) from the Sentry BLMIS Accounts within ninety (90) days before the date on which the SIPA Proceedings commenced ("90 Day Withdrawals") and an additional One Billion, Nine Hundred Twenty-Four Million Dollars ($1,924,000,000) from the Fairfield Sentry Accounts, during the period more than ninety (90) days, but less than six (6) years, before the date on which the SIPA Proceedings commenced (the "Pre 90-Day Withdrawals" and, together with the 90 Day Withdrawals, the "Withdrawals"); and

WHEREAS, the above-captioned adversary proceeding (the "Adversary Proceeding") was commenced by the Trustee in the Bankruptcy Court on or about May 18, 2009 [Docket No. 1]; and

WHEREAS, pursuant to Counts Two, Five, Eight, Eleven, Fourteen, Seventeen, Twenty, and Twenty-Three of the amended complaint filed in the Adversary Proceeding on or about July 20, 2010 [Docket No. 23] (the "Amended Complaint"), the Trustee asserts, pursuant to 11 U.S.C. §§ 544, 547, 548, 550, SIPA § 78fff-(2)(c)(3) and the New York Fraudulent Conveyance Act (New York Debtor and Creditor Law §§ 270-281), that the Withdrawals are avoidable and that Fairfield Sentry is liable to the BLMIS Estate for amount of the Withdrawals, which total Three Billion, Fifty-Four Million Dollars ($3,054,000,000) (the "Sentry Avoiding Power Claims"); and

WHEREAS, the Trustee asserts, pursuant to 11 U.S.C. §§ 544, 547, 548, 550, SIPA § 78fff-(2)(c)(3) and the New York Fraudulent Conveyance Act (New York Debtor and Creditor Law §§ 270-281), that Fairfield Sigma is liable to the BLIMS Estate for the amount of the Withdrawals that Fairfield Sentry transferred to Fairfield Sigma, in the

approximate amount of Seven Hundred Fifty-Two Million, Three Hundred Thousand

Dollars ($752,300,000) (the "Sigma Avoiding Power Claims"); and

**WHEREAS**, the Trustee asserts, pursuant to 11 U.S.C. §§ 544, 547, 548, 550,

SIPA § 78fff-(2)(c)(3) and the New York Fraudulent Conveyance Act (New York Debtor

and Creditor Law §§ 270-281), that Fairfield Lambda is liable to the BLIMS Estate for

the amount of the Withdrawals that Fairfield Sentry transferred to Fairfield Lambda, in

the approximate amount of Fifty-Two Million, Nine Hundred Thousand Dollars

($52,900,000)  (the "Lambda Avoiding Power Claims" and, together with the Sentry

Avoiding Power Claims and the Sigma Avoiding Power Claims, the "Fairfield Avoiding

Power Claims"); and

 **WHEREAS**, on or about May 9, 2011, the Trustee and the Liquidators entered

into a settlement agreement (the "Agreement"), in order to settle  certain matters in

controversy among them and the respective estates they represent, including the Fairfield

Avoiding Power Claims, upon the terms as set forth therein; and

**WHEREAS**, pursuant to the terms of the Agreement, the Liquidators, on behalf

of Fairfield Sentry, have consented to the entry of judgment against Fairfield Sentry with

respect to the Sentry Avoiding Power Claims as set forth below.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,**

**ORDERED AND ADJUDGED THAT,** that judgment be entered as follows:

1.      Judgment (the "Consent Judgment") is hereby entered in favor the Trustee

and against Fairfield Sentry on the Sentry Avoiding Power Claims in the amount of Three

Billion, Fifty-Four Million Dollars ($3,054,000,000) (the "Judgment Amount").

2.      The Consent Judgment is defined and limited as set forth herein and by the terms of the Agreement.  Notwithstanding anything to the contrary in this Consent Judgment, (i) entry, enforcement and/or execution of this Consent Judgment, (ii) the provisions of this Consent Judgment and (iii) the satisfaction of the Judgment Amount as against the Liquidators, Fairfield Sentry, Fairfield Sigma and Fairfield Lambda are governed entirely and exclusively by the terms of the Agreement.  In the event of any conflict between this Consent Judgment and the Agreement, the terms of the Agreement shall govern.

3.      Interest shall not accrue on the Judgment Amount.

4.      This Consent Judgment is not assignable.

5.      The Bankruptcy Court shall have exclusive jurisdiction over any action to enforce this Consent Judgment, or any provision thereof, subject in all cases to the terms of the Agreement.

6.      The signatories to this Consent Judgment represent that they are expressly authorized to bind the respective parties to the terms hereof and hereby represent that the parties have read, understand, agree and consent to the foregoing Consent Judgment and all of the terms and conditions set forth herein.

7.      The undersigned represent that the respective parties have obtained the advice of counsel and are consenting and agreeing to all of the terms of this Consent Judgment freely and voluntarily.

8.      The Clerk of Court shall enter judgment as set forth herein.

**AGREED AND CONSENTED TO:**

Fairfield Sentry Limited, a British Virgin Islands corporation in liquidation


/s/ Kenneth Krys_____
Kenneth Krys, as Joint Liquidator for
and on behalf of Fairfield Sentry Limited (without personal liability)

/s/ Joanna Lau_____
Joanna Lau, as Joint Liquidator for
and on behalf of Fairfield Sentry Limited (without personal liability)


**AGREED AND CONSENTED TO, FOR FORM :**

| For Defendant Fairfield Sentry Limited | For Plaintiff Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC |
|---|---|
| /s/ David J. Molton_____ | /s/ Mark A. Kornfeld_____ |
| David J. Molton, Esq. | Mark Kornfeld, Esq. |
| Brown Rudnick  LLP | Baker & Hostetler LLP |
| Seven Times Square | 45 Rockefeller |
| New York, NY 10036 | New York, NY 10111 |
| F:  (212) 209-4801 | F:  (212) 589-4201 |
| dmolton@brownrudnick.com | mkornfeld@bakerlaw.com |


SO ORDERED

This 13th day of July


_____/s/ Burton R. Lifland_____
HONORABLE BURTON R. LIFLAND
UNITED STATES BANKRUPTCY
JUDGE

**JUDGMENT IS HEREBY ENTERED** in accordance with the terms of the foregoing:

  /s/ Vito Genna
Clerk of the Court

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | |
| Plaintiff-Applicant, | Adv. Pro. No. 08-01789 (BRL)<br>SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | |
| Plaintiff, | Adv. Pro. No. 09-01239 (BRL) |
| v. | |
| FAIRFIELD SENTRY LIMITED, GREENWICH SENTRY, L.P., GREENWICH SENTRY PARTNERS, L.P., FAIRFIELD SIGMA LIMITED, FAIRFIELD LAMBDA LIMITED, CHESTER GLOBAL STRATEGY FUND LIMITED, CHESTER GLOBAL STRATEGY FUND, IRONGATE GLOBAL STRATEGY FUND LIMITED, FAIRFIELD GREENWICH FUND (LUXEMBOURG), FAIRFIELD INVESTMENT FUND LIMITED, FAIRFIELD INVESTORS (EURO) LIMITED, FAIRFIELD INVESTORS (SWISS FRANC) LIMITED, FAIRFIELD INVESTORS (YEN) LIMITED, FAIRFIELD INVESTMENT TRUST, FIF ADVANCED, LTD., SENTRY SELECT LIMITED, STABLE FUND, FAIRFIELD | BC 11,0230 |

GREENWICH LIMITED, FAIRFIELD
GREENWICH (BERMUDA), LTD.,
FAIRFIELD GREENWICH ADVISORS
LLC, FAIRFIELD GREENWICH GP, LLC,
FAIRFIELD GREENWICH PARTNERS,
LLC, FAIRFIELD HEATHCLIFF CAPITAL
LLC, FAIRFIELD INTERNATIONAL
MANAGERS, INC., FAIRFIELD
GREENWICH (UK) LIMITED,
GREENWICH BERMUDA LIMITED,
CHESTER MANAGEMENT CAYMAN
LIMITED, WALTER NOEL, JEFFREY
TUCKER, ANDRÉS PIEDRAHITA, MARK
MCKEEFRY, DANIEL LIPTON, AMIT
VIJAYVERGIYA, GORDON MCKENZIE,
RICHARD LANDSBERGER, PHILIP
TOUB, CHARLES MURPHY, ROBERT
BLUM, ANDREW SMITH, HAROLD
GREISMAN, GREGORY BOWES,
CORINA NOEL PIEDRAHITA, LOURDES
BARRENECHE, CORNELIS BOELE,
SANTIAGO REYES, JACQUELINE
HARARY

            Defendants.

## CONSENT JUDGMENT[1]

**WHEREAS**, Irving H. Picard (the "Trustee") is the trustee for the substantively

consolidated liquidations of the business of Bernard L. Madoff Investment Securities

LLC ("BLMIS") and Bernard L. Madoff ("Madoff") under the Securities Investor

Protection Act ("SIPA") §§ 78aaa *et seq.*, currently pending in the United States

Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") as

Case No. 08-01789 (BRL) (the "SIPA Proceeding"); and

---

[1]       All capitalized terms not defined herein shall have the meaning ascribed to them in the
Agreement, dated May 9, 2011, between the Trustee (as defined herein) on the one hand, and the
Liquidators (as defined herein), solely in their respective capacities as the duly appointed foreign
representatives for and liquidators of Fairfield Sentry Limited, Fairfield Sigma Limited, and
Fairfield Lambda Limited, on the other hand.

**WHEREAS**, the Trustee is duly qualified to serve and act on behalf of the estates of BLMIS and Madoff (together, the "BLMIS Estate"); and

**WHEREAS**, Kenneth Krys and Joanna Lau (together with their predecessors, the "Liquidators" or "Joint Liquidators") are the liquidators and foreign representatives of the winding up proceedings (the "BVI Proceedings") of Fairfield Sentry Limited ("Fairfield Sentry"), Fairfield Sigma Limited ("Fairfield Sigma") and Fairfield Lambda Limited ("Fairfield Lambda" and, together with Fairfield Sentry and Fairfield Sigma, the "Fairfield Funds"), pending under the British Virgin Islands Insolvency Act, 2003, before the Eastern Caribbean Supreme Court in the High Court of Justice of the Virgin Islands (the "BVI Court"); and

**WHEREAS**, on July 22, 2010, the Bankruptcy Court entered an Order granting the Liquidators' petitions for recognition of the BVI Proceedings as foreign main proceedings and for related relief under Chapter 15 of the Bankruptcy Code [Case No. 10-13164, Docket Nos. 47, 48, and 51]; and

**WHEREAS**, the Liquidators are duly qualified to serve and act on behalf of the Fairfield Funds and their respective estates; and

**WHEREAS**, Fairfield Sentry is a British Virgin Islands ("BVI") company that, at all times relevant hereto, was a customer of BLMIS and maintained accounts with BLMIS (the "Sentry BLMIS Accounts"); and

**WHEREAS**, Fairfield Sigma and Fairfield Lambda are BVI companies that at all relevant times, had as their respective sole purposes to invest funds in Fairfield Sentry; and

**WHEREAS**, according to the Trustee, Fairfield Sentry withdrew One Billion,

3

One Hundred Thirty Million Dollars ($1,130,000,000) from the Sentry BLMIS Accounts within ninety (90) days before the date on which the SIPA Proceedings commenced ("90 Day Withdrawals") and an additional One Billion, Nine Hundred Twenty-Four Million Dollars ($1,924,000,000) from the Fairfield Sentry Accounts, during the period more than ninety (90) days, but less than six (6) years, before the date on which the SIPA Proceedings commenced (the "Pre 90-Day Withdrawals" and, together with the 90 Day Withdrawals, the "Withdrawals"); and

WHEREAS, the above-captioned adversary proceeding (the "Adversary Proceeding") was commenced by the Trustee in the Bankruptcy Court on or about May 18, 2009 [Docket No. 1]; and

WHEREAS, pursuant to Counts Two, Five, Eight, Eleven, Fourteen, Seventeen, Twenty, and Twenty-Three of the amended complaint filed in the Adversary Proceeding on or about July 20, 2010 [Docket No. 23] (the "Amended Complaint"), the Trustee asserts, pursuant to 11 U.S.C. §§ 544, 547, 548, 550, SIPA § 78fff-(2)(c)(3) and the New York Fraudulent Conveyance Act (New York Debtor and Creditor Law §§ 270-281), that the Withdrawals are avoidable and that Fairfield Sentry is liable to the BLMIS Estate for amount of the Withdrawals, which total Three Billion, Fifty-Four Million Dollars ($3,054,000,000) (the "Sentry Avoiding Power Claims"); and

WHEREAS, the Trustee asserts, pursuant to 11 U.S.C. §§ 544, 547, 548, 550, SIPA § 78fff-(2)(c)(3) and the New York Fraudulent Conveyance Act (New York Debtor and Creditor Law §§ 270-281), that Fairfield Sigma is liable to the BLIMS Estate for the amount of the Withdrawals that Fairfield Sentry transferred to Fairfield Sigma, in the

approximate amount of Seven Hundred Fifty-Two Million, Three Hundred Thousand Dollars ($752,300,000) (the "Sigma Avoiding Power Claims"); and

**WHEREAS**, the Trustee asserts, pursuant to 11 U.S.C. §§ 544, 547, 548, 550, SIPA § 78fff-(2)(c)(3) and the New York Fraudulent Conveyance Act (New York Debtor and Creditor Law §§ 270-281), that Fairfield Lambda is liable to the BLIMS Estate for the amount of the Withdrawals that Fairfield Sentry transferred to Fairfield Lambda, in the approximate amount of Fifty-Two Million, Nine Hundred Thousand Dollars ($52,900,000) (the "Lambda Avoiding Power Claims" and, together with the Sentry Avoiding Power Claims and the Sigma Avoiding Power Claims, the "Fairfield Avoiding Power Claims"); and

**WHEREAS**, on or about May 9, 2011, the Trustee and the Liquidators entered into a settlement agreement (the "Agreement"), in order to settle certain matters in controversy among them and the respective estates they represent, including the Fairfield Avoiding Power Claims, upon the terms as set forth therein; and

**WHEREAS**, pursuant to the terms of the Agreement, the Liquidators, on behalf of Fairfield Sigma, have consented to the entry of judgment against Fairfield Sigma with respect to the Sigma Avoiding Power Claims as set forth below.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, ORDERED AND ADJUDGED THAT,** that judgment be entered as follows:

1.     Judgment (the "Consent Judgment") is hereby entered in favor the Trustee and against Fairfield Sigma on the Sigma Avoiding Power Claims in the amount of Seven Hundred Fifty-Two Million, Three Hundred Thousand Dollars ($752,300,000) (the "Judgment Amount").

2.      The Consent Judgment is defined and limited as set forth herein and by the terms of the Agreement.  Notwithstanding anything to the contrary in this Consent Judgment, (i) entry, enforcement and/or execution of this Consent Judgment, (ii) the provisions of this Consent Judgment and (iii) the satisfaction of the Judgment Amount as against the Liquidators, Fairfield Sentry, Fairfield Sigma and Fairfield Lambda are governed entirely and exclusively by the terms of the Agreement.  In the event of any conflict between this Consent Judgment and the Agreement, the terms of the Agreement shall govern.

3.      Interest shall not accrue on the Judgment Amount.

4.      This Consent Judgment is not assignable.

5.      The Bankruptcy Court shall have exclusive jurisdiction over any action to enforce this Consent Judgment, or any provision thereof, subject in all cases to the terms of the Agreement.

6.      The signatories to this Consent Judgment represent that they are expressly authorized to bind the respective parties to the terms hereof and hereby represent that the parties have read, understand, agree and consent to the foregoing Consent Judgment and all of the terms and conditions set forth herein.

7.      The undersigned represent that the respective parties have obtained the advice of counsel and are consenting and agreeing to all of the terms of this Consent Judgment freely and voluntarily.

8.      The Clerk of Court shall enter judgment as set forth herein.

**AGREED AND CONSENTED TO:**

Fairfield Sigma Limited, a British Virgin Islands corporation in liquidation


/s/ Kenneth Krys_____
Kenneth Krys, as Joint Liquidator for
and on behalf of Fairfield Sigma Limited (without personal liability)

/s/ Joanna Lau_____
Joanna Lau, as Joint Liquidator for
and on behalf of Fairfield Sigma Limited (without personal liability)


**AGREED AND CONSENTED TO, FOR FORM :**

For Defendant Fairfield Sigma Limited      For Plaintiff Irving H. Picard, Trustee for
the Liquidation of Bernard L. Madoff
Investment Securities LLC

/s/ David J. Molton_____      /s/  Mark  A.  Kornfeld_____
David J. Molton, Esq.                      Mark Kornfeld, Esq.
Brown Rudnick  LLP                   Baker & Hostetler LLP
Seven Times Square                    45 Rockefeller
New York, NY 10036                  New York, NY 10111
F:  (212) 209-4801                     F:  (212) 589-4201
dmolton@brownrudnick.com         mkornfeld@bakerlaw.com


SO ORDERED

This 13th day of July


\_\_\_\_\_/s/ Burton R. Lifland_____
HONORABLE BURTON R. LIFLAND
UNITED STATES BANKRUPTCY
JUDGE

**JUDGMENT IS HEREBY ENTERED** in accordance with the terms of the foregoing:

  /s/ Vito Genna
Clerk of the Court