# EXHIBIT 16

**CHAITMAN LLP**
Helen Davis Chaitman
hchaitman@chaitmanllp.com
465 Park Avenue
New York, New York 10022
Phone & Fax: 888-759-1114

*Attorneys for Defendants Jacob M. Dick Rev Living Trust Dtd 4/6/01, Estate of Jacob M. Dick and Andrea J. Marks*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>       Plaintiff-Applicant,<br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>           Defendant. | Adv. Pro. No. 08-1789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>           Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff,<br><br>           Plaintiff,<br>v.<br><br>JACOB M. DICK REV LIVING TRUST DTD 4/6/01, individually and as tenant in common,<br><br>ESTATE OF JACOB M. DICK, as grantor of the Jacob M. Dick Rev Living Trust Dtd 4/6/01,<br><br>ANDREA J. MARKS, as trustee and beneficiary of the Jacob M. Dick Rev Living Trust Dtd 4/6/01, as executor and beneficiary of the Estate of Jacob M. Dick, and as trustee of the Article 8.1 Trust created under the Jacob M. Dick Rev Living Trust Dtd 4/6/01,<br><br>ARTICLE 8.1 TRUST,<br><br>           Defendants. | Adv. Pro. No. 10-04570 (SMB) |

{00029812 1}            1

## RESPONSES AND OBJECTIONS OF DEFENDANTS JACOB M. DICK REV LIVING TRUST DTD 4/6/01, ESTATE OF JACOB M. DICK, AND ANDREA J. MARKS TO TRUSTEE'S FIRST SET OF INTERROGATORIES

Andrea J. Marks, as trustee and beneficiary of the Jacob M. Dick Rev Living Trust Dtd 4/6/01, as executor and beneficiary of the Estate of Jacob M. Dick, and as trustee of the Article 8.1 Trust created under the Jacob M. Dick Rev Living Trust Dtd 4/6/01 ("Responding Party"), by and through her attorneys, and pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Rules 7026 and 7033 of the Federal Rules of Bankruptcy Procedure, and the Local Rules of this Court, hereby responds and objects to the First Set of Interrogatories (the "Requests") of trustee Irving H. Picard (the "Trustee") as follows:

## GENERAL OBJECTIONS

1. Responding Party objects to each instruction, definition, and Request to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2. Responding Party objects to each instruction, definition, and Request to the extent it is vague, ambiguous, overly broad and unduly burdensome, or requests the production of documents that are not relevant to any parties' claims or defenses and that are seeking information to which the Trustee is not entitled.

3. Responding Party objects to the Requests to the extent they request disclosure of (i) legal theories, legal opinions, mental impressions or other information of Responding Parties' counsel, (ii) any information protected by any privilege, including, without limitation, the attorney-client privilege or the privilege afforded to settlements or settlement negotiations, or (iii) any other available and valid grounds for withholding information or documents from production, including, without limitation, the attorney work product doctrine. Nothing contained in these responses should be interpreted as a waiver of any such privilege or doctrine.

{00029812 1}                                                2

4. Responding Party objects to the Requests to the extent they require production of documents not within the possession, custody, or control of the Responding Party.

5. Responding Party objects to the Requests to the extent they call for legal conclusions.

6. Responding Party objects to the Requests to the extent they seek disclosure of proprietary and/or confidential information.

7. Responding Party objects to each definition, instruction, and Request as overbroad and unduly burdensome to the extent it seeks documents that are readily or more accessible to the Propounding Party from its own files or documents, which the Propounding Party previously produced to the Responding Party.

8. Responding Party reserves all objections as to the competence, relevance, materiality, admissibility, or privileged status of any information provided in response to these Requests, unless the Responding Party specifically states otherwise.

9. Responding Party's responses to the Requests are based upon information presently available. Responding Party has not completed discovery. Accordingly, these responses are made without prejudice to Responding Party's right to present additional evidence based upon information subsequently obtained or evaluated.

10. Responding Party expressly reserves the right to supplement, clarify, revise, or correct any responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

11. Responding Party's responses to each of the Requests is made subject to these General Objections and limitations. Responding Party sets them out here to avoid repeating them in response to each individual Request. Responding Party's failure to specifically set forth an objection in response to a particular Request shall not be construed as a waiver of said objection.

12.     Responding Party objects to the Requests to the extent that they seek disclosure of information or production of documents which are outside of the "Applicable Period" or for a time period that has no relevance to the issues in the complaint and answer.

### RESPONSES AND OBJECTIONS

1.      Identify each Person who was involved in answering these discovery requests and explain each Person's role in answering these discovery requests.

**ANSWER:    Andrea J. Marks, as trustee and beneficiary of the Jacob M. Dick Rev Living Trust Dtd 4/6/01, as executor and beneficiary of the Estate of Jacob M. Dick, and as trustee of the Article 8.1 Trust created under the Jacob M. Dick Rev Living Trust Dtd 4/6/01.**

2.      Provide Your legal name, the type of entity You are, the date on which You were established and whether You were formed out of a predecessor entity, the state or country under whose laws You were formed, the names and addresses of Your current and former officers, members and/or owners, the percent of beneficial interest in the Account(s) of each of the current and former officers, members and/or owners, Your current and former business addresses, and Your current and former principal places of business.

**ANSWER:    Responding Party is an individual.**

3.      Identify the reasons for each Transfer.

**ANSWER:    Responding Party is unable to do so except to the extent that withdrawals were taken to pay applicable state and federal taxes on the reported short term capital gains in the Account.  To the extent this interrogatory seeks information concerning subsequent transfers, it is unethical for the Trustee to be seeking this information.**

4.      Identify the reasons for each Subsequent Transfer.

{00029812 1 }                                         4

**ANSWER:    Responding Party refuses to answer this interrogatory because it is improper and it is unethical for the Trustee to be seeking information necessary to frame a complaint against subsequent transferees**

5.      Identify each deposit into the Accounts.

**ANSWER:**

**Responding Party is unable to do so.  To the extent that the Trustee has reliable third party documents proving a deposit or withdrawal (such as Madoff's bank records), Responding Party will acknowledge that deposit or withdrawal.  However, as the Trustee has admitted, Madoff's records are permeated with fraud and, therefore, they cannot be relied upon to prove any withdrawals.  Moreover, the Trustee has admitted he has no bank records prior to December 1998.  Hence, he has no competent evidence of any activity in the account prior to December 1998.**

6.      Identify each Person with knowledge of any Transfer, the circumstances under which each Person obtained such knowledge, and the substance of that Person's knowledge.

**ANSWER:    Andrea J. Marks, as trustee and beneficiary of the Jacob M. Dick Rev Living Trust Dtd 4/6/01, as executor and beneficiary of the Estate of Jacob M. Dick, and as trustee of the Article 8.1 Trust created under the Jacob M. Dick Rev Living Trust Dtd 4/6/01; Annette Bongiorno; Bernard L. Madoff and possibly other Madoff employees.  To the extent this interrogatory seeks information about subsequent transferees, the interrogatory is improper and it is unethical for the Trustee to be seeking this information in order to frame a complaint against subsequent transferees**

7.      Identify: (a) each Person or entity that ever received funds withdrawn from the Accounts, whether directly or indirectly; (b) the amount of money that each such Person or entity received; and (c) the date(s) on which each Person or entity received such money.

{00029812 1 }                              5

**ANSWER:** **Responding Party is unable to do so. To the extent this interrogatory seeks information about subsequent transferees, the interrogatory is improper, seeks information which is irrelevant, and it is unethical for the Trustee to be seeking information necessary to form a complaint against subsequent transferees.**

8. Identify all Persons who benefited from any Transfer, including, but not limited to, Persons who received or enjoyed the benefit of anything paid for with any funds that were part of any Transfer, and describe how these Persons benefited.

**ANSWER:** **Withdrawals from the Account benefited the taxing authorities. To the extent the Trustee seeks information about subsequent transferees, it is unethical for him to do so and the information is irrelevant to any of the issues in the case.**

9. To the extent not already provided in Your responses to the preceding Interrogatories, state how You used any money You received from the Transfers.

**ANSWER:** **Responding Party paid taxes on the reported short-term capital gains in the Account. Furthermore, this interrogatory seeks information about subsequent transferees and it is unethical for the Trustee to seek this information unless and until he obtains a judgment against the account holder and the account holder does not pay the judgment.**

10. Identify any and all banks and/or financial institutions where You hold or have held accounts during the Applicable Period, and for each account, give the account number, the date the account was opened, and the date the account was closed.

**ANSWER:** **Responding Party does not dispute the deposits and withdrawals reflected on Exhibit B to the complaint for the period of December 11, 2006 on. Therefore, the Trustee has no right to any bank information covering this period.**

11. Identify any Persons to whom You paid any management fees, performance fees, or any other fees in connection with the Account(s). For each Person so identified, Identify the amount of such fees paid on a monthly basis, setting forth separately the amount attributable to each type of fee.

**ANSWER:** **There were no such persons.**

12. Identify all current and former beneficiaries of the Trust. For each Person so identified, Identify the date range during which such Person was a beneficiary, and the dates and amount of any Transfers received by such Person.

**ANSWER:** **Andrea J. Marks. To the extent this interrogatory seeks information about subsequent transferees, the interrogatory is improper, seeks information which is irrelevant, and it is unethical for the Trustee to be seeking information necessary to form a complaint against subsequent transferees.**

13. Identify all current and former personal representatives of the Estate. For each Person so Identified, Identify the dates such Person served as personal representative, the amount of any fees received by such Person in connection with their service as a personal representative, and state whether such Person personally received any portion of any Transfers from the Accounts.

**ANSWER:** **See answer to #12.**

14. For each denial of a material allegation and each affirmative defense in Your answer to the Complaint:

a. state all facts upon which You base the denial or affirmative defense;

b. state the names, addresses, and telephone numbers of all persons who have knowledge of those facts; and

{00029812 1}    7

c.      Identify all Documents and other tangible things that support Your denial or affirmative defense, and state the name, address, and telephone number of the person who has each Document.

**ANSWER:   Most of the affirmative defenses are based on legal arguments. However:**

**(a)     The defense concerning payment of capital gains taxes is based upon Responding Party's testimony as to the payment of taxes at the applicable tax rates for each year of the Account and the reported income as reflected in Madoff's statements which are in the Trustee's possession.**

**(b)     The defense concerning Madoff not being a Ponzi scheme is based upon the non-investment advisory activities of Madoff as reflected in documents in the Trustee's possession and upon the testimony of Bernard L. Madoff and various employees (yet to be identified) who worked in the propriety trading and market-making operations.**

**(c)     The defense concerning the denial of the Trustee's determination of "net equity" is based, in part, upon the Trustee's dishonest treatment of profit withdrawals and his lack of any documentary evidence pre-dating December 1998.**

**(d)     The defense concerning the Trustee's due process violations is based upon the Trustee's compensation structure with Baker & Hostetler, LLP which the Trustee is obligated to disclose.**

**(e)     The defense concerning the "value" bestowed on Madoff by Defendants is based, in part, upon expert testimony that Defendants intend to develop.**

**(f)     The defense concerning inter-account transfers is based upon the Trustee's improper application of his net investment method to transactions that occurred prior to 1992.**

{00029812 1 }                                            8

April 20, 2017

                **CHAITMAN LLP**
                By: /s/ *Helen Davis Chaitman*
                465 Park Avenue
                New York, New York 10022
                Phone & Fax: 888-759-1114
                hchaitman@chaitmanllp.com

                *Attorneys for Defendants Jacob M. Dick Rev Living Trust Dtd 4/6/01, Estate of Jacob M. Dick and Andrea J. Marks*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES INVESTOR PROTECTION CORPORATION,

           Plaintiff-Applicant,

v.

BERNARD L. MADOFF INVESTMENT SECURITIES LLC,

           Defendant.

Adv. Pro. No. 08-01789 (SMB)

SIPA LIQUIDATION

(Substantively Consolidated)

In re:

BERNARD L. MADOFF,

           Debtor.

IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and BERNARD L. MADOFF,

           Plaintiff,

v.

JACOB M. DICK REV LIVING TRUST DTD 4/6/01, individually and as tenant in common,

ESTATE OF JACOB M. DICK, as grantor of the Jacob M. Dick Rev Living Trust Dtd 4/6/01,

ANDREA J. MARKS, as trustee and beneficiary of the Jacob M. Dick Rev Living Trust Dtd 4/6/01, as executor and beneficiary of the Estate of Jacob M. Dick, and as trustee of the Article 8.1 Trust created under the Jacob M. Dick Rev Living Trust Dtd 4/6/01,

ARTICLE 8.1 TRUST;

           Defendant(s).

Adv. Pro. No. 10-04570 (SMB)

VERIFICATION

I, Andrea J. Marks, declare pursuant to 28 U.S.C. § 1746, that I have read the foregoing interrogatory answers and that the responses contained therein are true and correct to the best of my knowledge, information and belief. I understand that if any of these responses is found to be willfully false, I am subject to punishment.

_____, 2017.

[signature]

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing was served this 21st day of April, 2017 by electronic mail and the 24th day of April, 2017 by USPS first class mail upon the following:

**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: 212-589-4200
Facsimile: 212-589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Keith R. Murphy
Email: kmurphy@bakerlaw.com
Dominic Gentile
Email: dgentile@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

                                    **CHAITMAN LLP**
                                    By: /s/ *Helen Davis Chaitman*
                                    465 Park Avenue
                                    New York, New York 10022
                                    Phone & Fax: 888-759-1114
                                    hchaitman@chaitmanllp.com

                                    *Attorneys for Defendants Jacob M. Dick Rev Living Trust Dtd 4/6/01, Estate of Jacob M. Dick and Andrea J. Marks*