# ATTACHMENT B

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br>　　　　　Plaintiff-Applicant,<br>v.<br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br>　　　　　Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br>BERNARD L. MADOFF,<br>　　　　　Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br>　　　　　Plaintiff,<br>v.<br>JACOB M. DICK REV LIVING TRUST DTD 4/6/01, individually and as tenant in common,<br>ESTATE OF JACOB M. DICK, as grantor of the Jacob M. Dick Rev Living Trust Dtd 4/6/01,<br>ANDREA J. MARKS, as trustee and beneficiary of the Jacob M. Dick Rev Living Trust Dtd 4/6/01, as executor and beneficiary of the Estate of Jacob M. Dick, and as trustee of the Article 8.1 Trust created under the Jacob M. Dick Rev Living Trust Dtd 4/6/01,<br>R.D.A., a minor, as beneficiary of the Article 8.1 Trust created under the Jacob M. Dick Rev Living Trust Dtd 4/6/01,<br>RIO JOCELYN BREEN, as beneficiary of the Article 8.1 Trust created under the Jacob M. Dick Rev Living Trust Dtd 4/6/01,<br>ARTICLE 8.1 TRUST,<br>SUZANNE BREEN, as beneficiary of the Estate of Jacob M. Dick and the Jacob M. Dick Rev Living Trust Dtd 4/6/01, and<br>DOUGLAS J. STURLINGH, as beneficiary of the Estate of Jacob M. Dick and the Jacob M. Dick Rev Living Trust Dtd 4/6/01,<br>　　　　　Defendants. | Adv. Pro. No. 10-04570 (SMB) |

**EXPERT REPORT OF**
**LISA M. COLLURA, CPA, CFE, CFF**

**Proof of Transfers**
**To the Dick Trust Defendants**

**June 5, 2019**

**TABLE OF CONTENTS**

I. PROFESSIONAL BACKGROUND ........................................................................................... 2

II. SCOPE OF ASSIGNMENT ....................................................................................................... 2

III. METHODOLOGY ..................................................................................................................... 4

IV. SUMMARY OF FINDINGS ...................................................................................................... 5

V. RECONCILIATION OF CASH TRANSACTIONS FOR THE DICK TRUST ACCOUNT ........................... 6
    A.    OVERVIEW    6
    B.    BLMIS BANK ACCOUNTS    7
    C.    BLMIS CUSTOMER FILES    7
    D.    RESULTS OF RECONCILIATION    8

VI. TRACING CASH WITHDRAWALS FROM THE DICK TRUST ACCOUNT ........................................... 9
    A.    OVERVIEW    9
    B.    RESULTS OF TRACING    9

VII. TRANSFERS FROM THE JACOB DICK TRUST TO THE DICK TRUST DEFENDANTS ................... 10
    A.    OVERVIEW    10
    B.    RESULTS OF ANALYSIS    10

VIII. SIGNATURE AND RIGHT TO MODIFY ............................................................................... 11

IX. LIST OF EXHIBITS ............................................................................................................... 12

**I. PROFESSIONAL BACKGROUND**

1.      I am a Senior Managing Director in the Forensic and Litigation Consulting practice of FTI Consulting, Inc. ("FTI"), with 25 years of experience in accounting, auditing and litigation consulting services. I specialize in providing forensic accounting and financial fraud investigative services in connection with internal investigations on behalf of trustees, boards of directors and audit committees of companies.

2.      I have extensive experience in conducting large-scale, fact-finding investigations into fraudulent financial transactions, including tracing significant flows of funds between accounts and entities. During my career at FTI, I have assisted in the investigation of several of the largest fraud cases in the United States.

3.      I am a Certified Public Accountant (CPA), a Certified Fraud Examiner (CFE), a member of the American Institute of Certified Public Accountants (AICPA), and am Certified in Financial Forensics (CFF) by the AICPA. My curriculum vitae, attached as **Exhibit 1** to this report, further describes my professional credentials, experience, and qualifications, including my testimony in the last four years.

**II. SCOPE OF ASSIGNMENT**

4.      Bernard L. Madoff Investment Securities LLC ("BLMIS") was an investment firm owned and operated by Bernard L. Madoff ("Madoff"). On December 11, 2008, Madoff was arrested for violating multiple securities laws in connection with running a Ponzi scheme through the investment advisory business of BLMIS (the "IA Business"). On December 15, 2008, Irving H. Picard was appointed as the Trustee for the liquidation of the business of BLMIS, and Baker & Hostetler LLP was retained as his counsel. Shortly thereafter, FTI was retained by Baker & Hostetler LLP, on behalf of the Trustee, to analyze, among other things, the financial affairs of BLMIS and to assist the Trustee with the liquidation of BLMIS. As part of our engagement, FTI was tasked with the exercise of reconstructing the books and records of

BLMIS, including all records of the cash transactions related to the BLMIS IA Business customer accounts as far back as the records allow.

5.      This report should be read in conjunction with my Expert Report regarding the Reconciliation of Cash Transactions for All BLMIS Customers and Analysis of IA Business Cash Activity dated January 16, 2019 (the "Collura January 2019 Report").[1]

6.      For this report, I was specifically tasked with performing forensic analyses to determine the following:

- Whether the cash deposit and withdrawal transactions reflected on the customer statements for the Dick Trust Defendants'[2] customer account at BLMIS that is at issue in this matter (the "Dick Trust Account"[3]) reconciled to available documentation;

- Whether, based on my review of available bank records, the cash withdrawals (*i.e.*, transfers from BLMIS) reflected on the customer statements for the Dick Trust Account during the period between and including December 11, 2006 and December 11, 2008 (the "Two Year Period") could be traced to bank accounts held by, or for the benefit of, the Dick Trust Defendants; and

---

[1] My findings and conclusions rendered in the Collura January 2019 Report, along with the accompanying Exhibits to that report are all incorporated by reference herein. All capitalized terms that are defined in the Collura January 2019 Report shall have the same meaning in this report.

[2] The defendants in this matter include Jacob M. Dick Rev Living Trust Dtd 4/6/01 (the "Jacob Dick Trust"), the Estate of Jacob M. Dick, Andrea J. Marks, R.D.A., a minor, Rio Jocelyn Breen, Article 8.1 Trust, Suzanne Breen, and Douglas J. Sturlingh (collectively, the "Dick Trust Defendants"). Pursuant to court order, the counts seeking to recover subsequent transfers from the Jacob Dick Trust, Andrea J. Marks, Suzanne Breen, Douglas J. Sturlingh, R.D.A., a minor, and Rio Jocelyn Breen were dismissed without prejudice. *See* Order Granting in Part and Denying in Part Defendants' Motions to Dismiss, dated July 16, 2015, Adv. No. 10-04394 (SMB), ECF No. 46.

[3] BLMIS customer account 1CM883 under the name "JACOB M DICK REV LIVING TST DTD 4/6/01 DR JACOB DICK C/O AJ MARKS" is at issue in this matter (the "Dick Trust Account"). The following BLMIS customer account is also at issue in this matter but has been excluded from this report as there were no cash withdrawals from this account during the Two Year Period as defined below: 1CM325 under the name "JACOB M DICK REV LIVING TRUST DTD 4/6/01 AND JUNE DICK TIC" (prior to April 2001, the name on this account was "JACOB M DICK & JUNE DICK T I C" – *see* AMF00254512-13).

3

- Whether there were any transfers to, or for the benefit of, the Dick Trust Defendants from any bank account(s) held by defendant Jacob Dick Trust that received cash withdrawals from BLMIS during the Two Year Period.

7. For purposes of this report, I use the term "reconciled" to indicate when I have matched, agreed and/or determined consistency between cash deposits and withdrawals reflected on BLMIS customer statements to information or data per another source (*e.g.*, amounts on BLMIS bank records or correspondence between the customer and BLMIS regarding incoming deposits and/or requests for withdrawals). For purposes of this report, I use the term "traced" to indicate when I have followed the flow of funds from one bank account (*e.g.*, BLMIS's bank account) to another bank account (*e.g.*, the Dick Trust Defendants' bank account).

8. This report has been prepared in connection with the above-captioned litigation and is to be used only for the specific purposes of this lawsuit. It is not to be used for any other purpose without the express written consent of FTI. If called upon to testify in this matter, I intend to provide testimony regarding my analyses and conclusions consistent with this report.

9. FTI is being compensated at a rate of $670 per hour for my professional time incurred in performing the work necessary to prepare this report. FTI's fees are not contingent on the conclusions reached in this report or the outcome of the above-captioned litigation.

**III. METHODOLOGY**

10. To determine whether the cash transactions reflected on the customer statements for the Dick Trust Account reconciled to available documentation, I used the results of the forensic analysis of the available BLMIS bank records as described in the Collura January 2019 Report. In addition, I reviewed and analyzed other documents and records maintained at BLMIS, including documents contained in the BLMIS customer file related to the Dick Trust Account. Based on my review and analysis of these materials, I identified the cash transactions related to the Dick Trust Account that reconciled to these documents.

11.     Next, to determine whether the cash withdrawals reflected on the customer statements for the Dick Trust Account during the Two Year Period could be traced to bank accounts held by, or for the benefit of, the Dick Trust Defendants, I again used the available information from BLMIS bank records. In addition, I reviewed records produced to the Trustee by a third-party financial institution, Capital One Bank, related to a bank account held by defendant Jacob Dick Trust. Using these available bank records, I identified the recipients of the transfers from BLMIS.

12.     Finally, to identify whether there were any transfers to, or for the benefit of, the Dick Trust Defendants from any bank account(s) held by defendant Jacob Dick Trust that received cash withdrawals from BLMIS during the Two Year Period, I reviewed bank records produced to the Trustee by Capital One Bank related to a bank account held by defendant Jacob Dick Trust. Using these available records, I identified transfers to, or for the benefit of, the Dick Trust Defendants.

13.     The documents and data that I considered in connection with this report are listed in **Exhibit 2**. I reserve the right to supplement my report based on any additional documents or information received.

**IV. SUMMARY OF FINDINGS**

14.     Based on the forensic analyses performed, as described above and throughout this report, as well as my skills, knowledge, experience, education and training that I applied to the documents and information available to me as of the date of this report, my findings are summarized as follows:

- For my reconciliation analysis, I analyzed the cash transactions in the Dick Trust Account from May 2004 to December 2008. During this time period, the customer statements for the Dick Trust Account reflected six cash deposit and withdrawal transactions. I reconciled all six cash transactions reflected on the customer statements for the Dick Trust Account to available BLMIS bank records, and/or documentation contained in the BLMIS customer file related to the Dick Trust Account. In addition,

5

based on my review of documents contained in the customer file maintained at BLMIS for the Dick Trust Account, I have not found any instance of the Dick Trust Defendants communicating to BLMIS any disagreement with respect to the accuracy of any cash transaction reflected on the customer statements for the Dick Trust Account.

- For my tracing analysis, I analyzed the cash withdrawals from the Dick Trust Account during the Two Year Period, totaling $1,786,227. Based on available bank records from BLMIS and records produced to the Trustee by a third-party financial institution, Capital One Bank, I traced 100% of the total amount of cash withdrawals reflected on the customer statements for the Dick Trust Account during the Two Year Period to two bank accounts – one held by defendant Jacob Dick Trust and defendant Andrea J. Marks as Trustee, and one held by Jacob Dick and/or defendant Andrea J. Marks as power of attorney for Jacob Dick.
- Based on my review of available evidence, I identified $1,320,072 in transfers to defendants Andrea J. Marks and Suzanne Breen from the bank account held by defendant Jacob Dick Trust that received transfers from BLMIS during the Two Year Period.

## V. RECONCILIATION OF CASH TRANSACTIONS FOR THE DICK TRUST ACCOUNT

*A. OVERVIEW*

15. The chronological listings of all cash and principal transactions for every BLMIS customer account compiled by FTI, as described in the Principal Balance Calculation Report, included the cash transactions for the Dick Trust Account. From May 2004 to December 2008, the customer statements for the Dick Trust Account reflected six cash transactions, which consisted of one cash deposit into the Dick Trust Account of $104,928 and five cash withdrawals from the Dick Trust Account totaling $1,786,227. I was tasked with reconciling these six cash transactions to available BLMIS bank records, and/or documents contained in the BLMIS customer file for the Dick Trust Account. *See* **Exhibit 3** for a list of these cash deposit

and withdrawal transactions; *see also* **Exhibit 6** – "Reconciliation and Tracing Results – Dick Trust Account."

B. <u>BLMIS BANK ACCOUNTS</u>

16. All six cash transactions reflected on the customer statements for the Dick Trust Account occurred in the ten-year period for which there were available bank records for the three BLMIS bank accounts described in the Collura January 2019 Report. I reconciled all six cash transactions reflected on the customer statements for the Dick Trust Account during the period December 1998 to December 2008 to available BLMIS bank records, including monthly bank statements, copies of deposited checks and deposit slips, and copies of cancelled checks. The six cash transactions were reconciled to the BLMIS bank accounts as follows:

- 703 Account – one transaction (deposit via check)
- 509 Account – five transactions (withdrawals via check)

C. <u>BLMIS CUSTOMER FILES</u>

17. In addition to reconciling the cash deposit and withdrawal transactions for the Dick Trust Account to the available BLMIS bank records as described above, I also reviewed customer files from BLMIS's records to identify correspondence related to the cash transactions reflected on the customer statements for the Dick Trust Account.

18. Customer files related to customer accounts were maintained in BLMIS's records and were generally organized by BLMIS account number. These files contained documents including, but not limited to, correspondence between the customer and BLMIS employees regarding incoming deposits and/or requests for withdrawals, customer contact information, BLMIS customer agreements, as well as trust and other agreements.

19. As part of my analysis, I identified the customer file for the Dick Trust Account within BLMIS's records. I reviewed the documents contained in this customer file to identify correspondence that related to the cash transactions reflected on the customer statements for the Dick Trust Account. I identified letters and/or other correspondence in this customer file

that support four of the six cash transactions in the Dick Trust Account. One of these letters, which is a request for a cash withdrawal from the Dick Trust Account, is attached as **Exhibit 4** and is described further below:

- In a letter dated April 17, 2007, defendant Andrea J. Marks[4] states, "As per our telephone conversation this morning; please find the document that states that I am my father's Power of Attorney. His account number is 1-CM883-3-0 and is listed as Jacob M Dick Rev Living TST DTD 4/6/01 Dr. Jacob Dick. I am requesting that you send a check in his name for the amount of One Hundred thousand Dollars ($100,000.00). . . ."

20. Furthermore, based on my review of the documents contained in the customer file for the Dick Trust Account, I have not found any instance of the Dick Trust Defendants communicating to BLMIS any disagreement with respect to the accuracy of any cash transaction reflected on the customer statements for the Dick Trust Account.

D. *RESULTS OF RECONCILIATION*

21. In total, based on my analyses described above, I reconciled 100% of the six cash transactions reflected on the customer statements for the Dick Trust Account to available BLMIS bank records, and/or documentation contained in the BLMIS customer file related to the Dick Trust Account. **Exhibit 3**, which lists each of the six cash transactions for the Dick Trust Account, contains two columns that indicate the results of my reconciliation to each of these sources of information.

22. In addition, as noted above, I have not found any instance of the Dick Trust Defendants communicating to BLMIS any disagreement with respect to the accuracy of any cash transaction reflected on the customer statements for the Dick Trust Account.

---

[4] The letter was signed "AJ Cohen" and included a signature block of "Andrea Joy Cohen." Other letters contained in the BLMIS customer file for the Dick Trust Account indicate that Andrea Joy Cohen was formerly known as A.J. Marks. *See,* for example, AMF00277622.

**VI. TRACING CASH WITHDRAWALS FROM THE DICK TRUST ACCOUNT**

*A. OVERVIEW*

23.     The available BLMIS bank records, as described in the Collura January 2019 Report, were also used to determine whether I could trace the funds that left BLMIS's bank accounts to accounts held by, or for the benefit of, the Dick Trust Defendants. To determine this, I performed a "Receiving Bank" analysis, which traces transfers from BLMIS's bank accounts to bank accounts that received funds from BLMIS.

24.     During the Two Year Period, the customer statements for the Dick Trust Account reflected five cash withdrawal transactions totaling $1,786,227. These cash withdrawal transactions were in the form of checks written from the 509 Account.

25.     Tracing withdrawals via check requires a legible copy of a cancelled check. The necessary information to trace the amount to a receiving bank account, including endorser, banking institution and bank account number, is typically included on the back of a cancelled check. Oftentimes, however, not all of this information was available on the copy of the cancelled check written from the 509 Account and/or the available information was often illegible. In any event, when possible, I identified and captured all available and legible information from the cancelled checks written from the 509 Account related to withdrawals from the Dick Trust Account.

26.     In addition, to trace the cash withdrawals from BLMIS, I also reviewed documents related to a bank account held by defendant Jacob Dick Trust that were produced to the Trustee by Capital One Bank.

*B. RESULTS OF TRACING*

27.     **Exhibit 5** summarizes the results of my Receiving Bank analysis and my review of bank records produced to the Trustee by Capital One Bank.[5] This exhibit lists the bank

---

[5] *See also* **Exhibit 6**.

9

accounts I identified by tracing cash withdrawals from BLMIS during the Two Year Period and supports that 100% of the total dollar amount of withdrawals reflected on the customer statements for the Dick Trust Account during the Two Year Period went to two bank accounts – one held by defendant Jacob Dick Trust and defendant Andrea J. Marks as Trustee (the "Jacob Dick Trust Capital One Account"), and one held by Jacob Dick and/or defendant Andrea J. Marks as power of attorney for Jacob Dick.

**VII. TRANSFERS FROM THE JACOB DICK TRUST TO THE DICK TRUST DEFENDANTS**

*A. OVERVIEW*

28. I was also asked to identify whether there were any transfers to, or for the benefit of, the Dick Trust Defendants from the Jacob Dick Trust Capital One Account – the bank account held by defendant Jacob Dick Trust that received cash withdrawals from BLMIS during the Two Year Period as described further in **Section VI** above. If so, I was then instructed to identify the dates and amounts of such transfers.

29. To identify transfers from the Jacob Dick Trust Capital One Account to, or for the benefit of, the Dick Trust Defendants, I reviewed records produced to the Trustee by Capital One Bank related to the Jacob Dick Trust Capital One Account.[6]

*B. RESULTS OF ANALYSIS*

30. Based on my review and analysis of the bank records described above, I identified $1,320,072 in transfers from the Jacob Dick Trust Capital One Account to defendants Andrea J. Marks and Suzanne Breen as summarized in the chart below and as detailed in **Exhibit 7**.

| Andrea J. Marks | $681,583 |
|---|---|
| Suzanne Breen | $638,489 |
| **TOTAL:** | **$1,320,072** |

---

[6] Bank records for the Jacob Dick Trust Capital One Account were available from August 26, 2008 to January 22, 2010. *See* Capital_One_JMD_0000034-50.

**VIII. SIGNATURE AND RIGHT TO MODIFY**

31.     This report and the exhibits contained herein present my findings and the bases thereof.  To the extent that any additional information is produced by any party, I reserve the right to incorporate such additional information into my report or to modify my report as necessary.

By:

*Lisa M. Collura*

Lisa M. Collura, CPA, CFE, CFF
June 5, 2019

**IX. LIST OF EXHIBITS**

Exhibit 1:  Curriculum Vitae
Exhibit 2:  Documents Considered
Exhibit 3:  List of All Cash Transactions in the Dick Trust Account
Exhibit 4:  Letter from BLMIS Customer File for the Dick Trust Account
Exhibit 5:  Results of Tracing Analysis – Dick Trust Account (*During the Two Year Period*)
Exhibit 6:  Reconciliation and Tracing Results – Dick Trust Account
Exhibit 7:  Transfers from Jacob Dick Trust to the Dick Trust Defendants