**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and the Chapter 7 Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                Plaintiff-Applicant,<br>       v.<br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                Defendant. | Adv. Pro. No. 08-01789 (CGM)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>                Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>                Plaintiff,<br>       v.<br><br>QUILVEST FINANCE LTD.,<br><br>                Defendant. | Adv. Pro. No. 11-02538 (CGM) |

**STIPULATION AND ORDER DISMISSING WITH PREJUDICE**
**CERTAIN TRANSFERS ALLEGED IN THE**
**COMPLAINT AND MODIFY BRIEFING SCHEDULE**

Plaintiff Irving H. Picard (the "Trustee"), as trustee of the substantively consolidated liquidation proceeding of Bernard L. Madoff Investment Securities LLC under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa–*lll*, and the chapter 7 estate of Bernard L. Madoff, individually, and defendant Quilvest Finance Ltd. (now known as QS Finance Ltd.) ("Defendant"), by and through their respective, undersigned counsel, stipulate and state as follows ("Stipulation"):

**WHEREAS,** on August 18, 2011, the Trustee filed his Complaint ("Complaint") against Defendant [ECF No. 1], to recover subsequent transfers allegedly received from Fairfield Sentry Limited ("Fairfield Sentry"), and after conferring with Defendants, the Trustee has agreed not to pursue several of the alleged transfers identified as part of Count One of the Amended Complaint.

**IT IS HEREBY STIPULATED AND AGREED**, by and between the parties, and **SO ORDERED**, by the Court:

1.      Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, as incorporated by Rule 7015 of the Federal Rules of Bankruptcy Procedure, the Trustee amends his Complaint to dismiss with prejudice Count One of the Complaint solely as to four separate Fairfield Sentry Subsequent Transfers (as defined in the Complaint) identified on Exhibit D to the Complaint in the total amount of $3,601,820. Specifically, the dismissed Subsequent Transfers are as follows:

**SUBSEQUENT TRANSFERS FROM FAIRFIELD SENTRY TO QUILVEST FINANCE**

| DATE | AMOUNT |
| --- | --- |
| 2/14/2003 | (2,073,450) |
| 3/14/2003 | (198,696) |
| 4/14/2003 | (747,953) |
| 4/14/2003 | (581,721) |

2.      Except as expressly set forth in Paragraph 1, this Stipulation has no effect on Count One of the Complaint as to any other alleged Subsequent Transfers identified in the Complaint.

3. The deadline for the Defendant to respond to the Complaint shall be **April 12, 2022**. If Defendant files a motion to dismiss the Complaint, such motion shall set forth any and all grounds for dismissal at the pleading stage, in accordance with Rule 12 of the Federal Rules of Civil Procedure. The deadline for the Trustee to respond to the motion shall be **June 13, 2022**, and the deadline for the Defendant to file a reply shall be **July 28, 2022**.

4. If Defendant files a motion to dismiss the Complaint, the parties shall request oral argument on the motion at the Court's first available convenience. The deadlines established by this Stipulation and Order are without prejudice to either party seeking future extensions of time.

5. This Stipulation is without prejudice to (1) the Trustee's right to seek leave to amend the Complaint pursuant to Fed. R. Civ. P. 15(a)(2) to assert claims to avoid and/or recover any additional or other transfers to the Defendant, as may be determined through the Trustee's continuing investigation and through discovery, and (2) the Defendant's or any proposed additional defendants' rights to oppose any such amendment(s) and/or defend against such claim(s).

6. Nothing in this Stipulation shall limit, restrict, or impair any defense, right, or argument that has been raised or could be raised by Defendant in a motion to dismiss under Fed. R. Civ. P. 12 or Fed. R. Bankr. P. 7012 (including, without limitation, all defenses based on lack of personal jurisdiction or insufficient service of process), or any defense, right, or argument that could be raised by the Trustee in response thereto.

*[Signatures and order appear on the next page]*

Dated: New York, New York
February 24, 2022

| **BAKER & HOSTETLER LLP** | **JONES DAY** |
|---|---|
| By: */s/ Robertson D. Beckerlegge* | By: */s/ Thomas E. Lynch* |
| 45 Rockefeller Plaza | 250 Vesey Street |
| New York, New York 10111 | New York, New York 20281 |
| Telephone: 212-589-4200 | Telephone: 212-326-3939 |
| Facsimile: 212-589-4201 | Facsimile: 212-755-7306 |
| David J. Sheehan | Thomas E. Lynch |
| Email: dsheehan@bakerlaw.com | Email: telynch@jonesday.com |
| Robertson D. Beckerlegge | |
| Email: rbeckerlegge@bakerlaw.com | |
| Eric R. Fish | |
| Email: efish@bakerlaw.com | |
| Michelle R. Usitalo | |
| Email: musitalo@bakerlaw.com | |
| Robyn M. Feldstein | |
| Email: rfeldstein@bakerlaw.com | |
| *Attorneys for Plaintiff Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff* | *Attorneys for Defendant Quilvest Finance Ltd. (now known as QS Finance Ltd.)* |

**SO ORDERED.**



**Dated: March 1, 2022**
**Poughkeepsie, New York**

**/s/ Cecelia G. Morris**
_____
**Hon. Cecelia G. Morris**
**U.S. Bankruptcy Judge**