UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>　　　　　　　　Defendant.<br><br>In re:<br><br>BERNARD L. MADOFF,<br><br>　　　　　　　　Debtor. | Adv. Pro. No. 08-01789 (CGM)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |

**APPLICATION OF GRAF ISOLA RECHTSANWÄLTE GMBH AS SPECIAL COUNSEL TO THE TRUSTEE FOR ALLOWANCE OF INTERIM COMPENSATION INCURRED FROM AUGUST 1, 2021 THROUGH NOVEMBER 30, 2021**

　　Ferdinand Graf, together with other members and associates at the law firm of Graf & Isola Rechtsanwälte GmbH[1] ("Graf Isola"), special counsel for Irving H. Picard (the "Trustee"), trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS" or "Debtor") under the Securities Investor Protection Act of 1970, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA"), and Bernard L. Madoff, submits this Application for interim compensation of legal fees in the amount of $9,963.97 (of which 20% is to be deferred until the conclusion of the liquidation period) for the period from August 1, 2021 through November 30, 2021 (the "Compensation Period"). In support of the Application, Graf Isola respectfully submits as follows:

---

[1] Formerly known as Graf & Pitkowitz Rechtsanwälte GmbH.

## I. BACKGROUND

1. On December 15, 2008, Judge Stanton of the United States District Court for the Southern District of New York, upon application filed on the same date by the Securities Investor Protection Corporation ("SIPC"), entered an order calling for the liquidation of BLMIS in accordance with SIPA and appointing the Trustee as BLMIS's trustee.

2. BLMIS's liquidation proceeding was removed to this Court pursuant to SIPA § 78eee(b)(4), and, pursuant to SIPA § 78fff(b), is being conducted as though it were a case under chapters 1, 3, and 5 and subchapters I and II of chapter 7 of title 11 of the United States Code.

3. On March 14, 2011, this Court entered an order approving the Trustee's motion to retain Graf Isola, *nunc pro tunc* as of February 1, 2011, as special counsel to the Trustee in all matters pertaining to Austrian law.

4. The Trustee's motion to retain Graf Isola established a fee arrangement pursuant to which Graf Isola agreed to a fee reduction in the amount of 10% as well as an additional holdback of fees in the amount of 20% ("Holdback").

## II. SERVICES RENDERED BY GRAF ISOLA

5. The legal services performed by Graf Isola on behalf of the Trustee during the time period covered by this Application are as follows:

6. Graf Isola advised the Trustee regarding various issues under Austrian law.

7. Graf Isola also monitored BLMIS-related Austrian proceedings and advised the Trustee regarding the same.

## III. COMPENSATION REQUESTED

8. The Application demonstrates how Graf Isola has both added value to BLMIS's estate and advanced BLMIS's liquidation proceeding.

9. Graf Isola has been mindful of the need to avoid undue legal fees in this case and has taken all reasonable steps to provide cost-effective representation while rendering services with the highest degree of skill and professionalism. To that end, Graf Isola endeavored to eliminate duplication of efforts by giving responsibility for the day-to-day conduct of the case to two attorneys and involving other attorneys only when necessary.

10. From August 1, 2021 through November 30, 2021, Graf Isola provided a total of 16.50 hours of legal services to the Trustee in this case. Prior to the 10% discount, the total amount of fees incurred in this time period was $11,071.08 and the total blended rate for professional services was $670.97/hour. After the 10% discount, the total amount of fees incurred is $9,963.97 and the total blended rate is $603.88/hour. Graf Isola has agreed to a further holdback of 20% of its fees in the amount of $1,992.79 resulting in the present request for compensation in the amount of $7,971.18.

11. A breakdown of the total number of hours performed by each Graf Isola timekeeper is provided in **Exhibit A** attached hereto.

### IV.   GENERAL MATTERS

12. All of the professional services for which compensation is requested herein were performed by Graf Isola for and on behalf of the Trustee, and not on behalf of any other person or entity.

13. No agreement or understanding exists between Graf Isola and any other person for sharing compensation received in connection with this case, nor has any other person or entity agreed to provide Graf Isola with compensation for the legal services described herein.

14. SIPA § 78eee(b)(5)(A) provides in pertinent part that, upon appropriate application and after a hearing, "[t]he court shall grant reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred . . . by a trustee, and by the

3

attorney for such a trustee." SIPA § 78eee(b)(5)(C) specifically establishes SIPC's role in connection with applications for compensation and the consideration the Court should give to SIPC's recommendation concerning fees, providing as follows:

> In any case in which such allowances are to be paid by SIPC without reasonable expectation of recoupment thereof as provided in this chapter and there is no difference between the amounts requested and the amounts recommended by SIPC, the court shall award the amounts recommended by SIPC. In determining the amount of allowances in all other cases, the court shall give due consideration to the nature, extent, and value of the services rendered, and shall place considerable reliance on the recommendation of SIPC.

SIPA § 78eee(b)(5)(C).

15.  To the extent the general estate is insufficient to pay such allowances as an expense of administration, SIPA § 78eee(b)(5)(E) requires SIPC to advance the funds necessary to pay the compensation of Graf Isola. *See* SIPA § 78fff-3(b)(2).

16.  At this time, the Trustee has determined that he has no reasonable expectation that the general estate will be sufficient to make a distribution to general creditors or pay administrative expenses. SIPC has advised the Trustee that it concurs with this determination. Accordingly, any fees and expenses allowed by this Court will be paid from advances by SIPC without any reasonable expectation by SIPC of recoupment thereof.

17.  Therefore, with respect to this Application, Graf Isola requests that, consistent with SIPA § 78eee(b)(5)(C), the Court "shall award the amounts recommended by SIPC." *See McGraw v. Betz (In re Bell & Beckwith)*, 112 B.R. 876 (Bankr. N.D. Ohio 1990). Graf Isola expects that SIPC's recommendation in support of the relief sought by this Application will be filed with this Court separately.

**WHEREFORE**, Graf Isola respectfully requests that this Court enter an Order:

a.  Granting this Application; and

4

b. Allowing and awarding $9,963.97, of which $7,971.18 is to be paid currently and $1,992.79 is to be held back through the conclusion of the liquidation period or until further order of the Court, as an interim payment for professional services rendered by Graf Isola to the Trustee from August 1, 2021 through November 30, 2021; and

c. Granting Graf Isola such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: March 3, 2022

GRAF ISOLA RECHTSANWÄLTE GMBH

By: */s/ Ferdinand Graf*
Ferdinand Graf
Stadiongasse 2
Vienna, Austria A-1010
Telephone : +43(1)401170
Fax : +43(1)4011740

## EXHIBIT A

### SUMMARY OF INTERIM FEE APPLICATION
### OF GRAF ISOLA FOR SERVICES RENDERED
### FOR THE PERIOD AUGUST 1, 2021 THROUGH NOVEMBER 30, 2021

| NAME | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|
| Ferdinand Graf | $699.62 | 13.60 | $9,514.84 |
| Marija Krizanac | $573.59 | 1.50 | $860.39 |
| Isabella Wiener | $497.04 | 1.40 | $695.85 |
| | | | |
| **Total** | **$670.97** | **16.50** | **$11,071.08** |
| **Total Minus 10% Discount** | **$603.88** | | **$9,963.97** |
| **Total Net 20% Holdback** | | | **$7,971.18** |