UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>　　　　　Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>　　　　　Defendant. | Adv. Pro. No. 08-01789 (CGM)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re<br><br>BERNARD L. MADOFF,<br><br>　　　　　Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>KEN-WEN FAMILY LIMITED PARTNERSHIP; KENNETH W. BROWN, in his capacity as a General Partner of the Ken-Wen Family Limited Partnership; and WENDY BROWN, in her capacity as a General Partner of the Ken-Wen Family Limited Partnership,<br><br>　　　　　Defendants. | Adv. Pro. No. 10-04468 (CGM)<br><br>**Reference Docket Nos. 174, 178** |

## JUDGMENT

**WHEREAS**, Irving H. Picard (the "Trustee") is the trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act ("SIPA"), 15 U.S.C. §§ 78aaa-*lll*, substantively consolidated with the liquidation under chapter 7 of the Bankruptcy Code, 11 U.S.C. §§ 101-1532, of the estate of Bernard L. Madoff ("Madoff"), currently pending in the United States Bankruptcy Court for the

Southern District of New York (the "Bankruptcy Court") (Case No. 08-01789 (CGM) (Substantively Consolidated));

**WHEREAS**, the Trustee is duly qualified to serve and act on behalf of the consolidated estate of BLMIS and Madoff;

**WHEREAS**, on or about November 12, 2010, the Trustee commenced the above-captioned adversary proceeding (the "Adversary Proceeding") in the Bankruptcy Court, alleging, *inter alia*, that Ken-Wen Family Limited Partnership ("Ken-Wen") and Kenneth W. Brown ("Mr. Brown"), in his capacity as a general partner of Ken-Wen, received or are otherwise liable for avoidable transfers in an amount aggregating Three Million, Eight Hundred and Fifty Thousand United States Dollars ($3,850,000), in connection with BLMIS Account No. 1EM226 as held by Ken-Wen;

**WHEREAS**, on February 16, 2022, during a hearing on, among other motions, the Trustee's Motion for Summary Judgment [Docket No. 178][1] as to Ken-Wen, the Court granted summary judgment in favor of the Trustee and against Ken-Wen under Federal Rule of Civil Procedure 56(a); and

**WHEREAS**, on March 9, 2022, the Court issued a memorandum decision [Docket No. 213] (the "Decision") granting summary judgment in favor of the Trustee and against both Ken-Wen and Mr. Brown.

**NOW, THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED THAT:**

1. As set forth in the Decision, the Court made the following findings and conclusions:

---

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the *Trustee's Memorandum of Law In Support of (I) Opposition to Defendant Kenneth W. Brown's Motion for Summary Judgment, (II) Cross Motion for Summary Judgment as to Defendant Kenneth W. Brown, and (III) Motion for Summary Judgment as to Defendant Ken-Wen Family Limited Partnership* [Docket No. 179].

a. Mr. Brown waived the defenses of insufficient service of process, personal jurisdiction, and venue by failing to assert them in his motion to dismiss [Docket No. 95] or in his answer [Docket No. 122];

b. The Court has subject matter jurisdiction over this Adversary Proceeding under SIPA § 78eee(b)(4), 28 U.S.C. §1334, 157(a) & (b), and Order No. M10-450 (S.D.N.Y. July 10, 1984), as amended by Amended Standing Order of Reference No. M10-468, 12 Misc. 00032 (S.D.N.Y. Jan. 31, 2012);

c. BLMIS operated as a Ponzi scheme;

d. Ken-Wen received $3,850,000 in fictitious profits that BLMIS transferred to Ken-Wen within the two-year period before (the "<u>Two-Year Transfers</u>") the SIPA filing date of December 11, 2008 (the "<u>SIPA Filing Date</u>");

e. The Two-Year Transfers were transfers of an interest of the debtor because the Two-Year Transfers originated from BLMIS's 509 Account or 703 Account, and are "customer property" within the meaning of SIPA § 78*lll*(4). The Two-Year Transfers must be returned to the Trustee pursuant to SIPA § 78fff-2(c)(3);

f. The Trustee is entitled to rely on the Ponzi scheme presumption and has demonstrated that the Two-Year Transfers were made with the actual intent to hinder, delay, or defraud creditors within the meaning of 11 U.S.C. §§ 548(a)(1)(A) and 550(a);

g. The Two-Year Transfers are avoided under 11 U.S.C. § 548(a)(1)(A) and are recoverable from Ken-Wen as initial transferee under 11 U.S.C. § 550;

h. Ken-Wen was not a mere conduit because (1) Ken-Wen received the Two-Year Transfers in its own bank accounts and had complete dominion and control over

3

the funds and (2) only the general partners of Ken-Wen, Mr. Brown and his former spouse, had access to the bank accounts;

i. The "for value" defense under section 548(c) of the Bankruptcy Code is not available to Mr. Brown in this Adversary Proceeding because an investor's profits from a Ponzi scheme are not "for value";

j. Ken-Wen became liable for the Two-Year Transfers on the SIPA Filing Date;

k. Mr. Brown was a general partner of Ken-Wen until his dissociation in February 2008;

l. Pursuant to Florida law (Fla. Stat. §620.1404(1)), general partners are jointly and severally liable for the debts of a limited partnership;

m. Mr. Brown is liable for the Two-Year Fraudulent Transfers;

n. Mr. Brown's February 2008 dissociation from Ken-Wen in February 2008 does not absolve him of joint and several liability for the Two-Year Transfers because (1) less than two years had passed from Mr. Brown's dissociation to the SIPA Filing Date and (2) BLMIS reasonably believed that Mr. Brown remained a general partner of Ken-Wen as of the SIPA Filing Date;

o. Mr. Brown's 2013 personal bankruptcy filing did not discharge the debt Mr. Brown owes with respect to the Two-Year Transfers because he failed to provide notice of such bankruptcy to the Trustee in time for the Trustee to file a proof of claim; and

p. The Trustee is entitled to prejudgment interest from the SIPA Filing Date through the date of this Judgment because the Trustee has spent approximately ten years

    prosecuting this case and cannot be made whole without an award of prejudgment interest.

2. Mr. Brown's motion for summary judgment [Docket No. 174] is denied.

3. The Trustee is awarded prejudgment interest on the Two-Year Transfers pursuant to 28 U.S.C. § 1961(b), at the rate of 4% from December 11, 2008, through March 14, 2022.

4. Judgment is hereby entered in favor of the Trustee, and against both Ken-Wen and Mr. Brown, to recover from Ken-Wen and/or Mr. Brown the total amount of $5,890,500.00 (the "<u>Judgment Amount</u>"), representing the sum of:

    **Account No. 1EM226 – Ken-Wen Family Limited LP LTD**

| | | |
|---|---|---|
| a. | Avoidable Transfers | $3,850,000.00 |
| b. | Prejudgment interest on the Avoidable Transfers at the rate of 4% from December 11, 2008, through March 14, 2022. | $2,040,500.00 |

                                                                                              $5,890,500.00

5. The Clerk of Court shall enter this Judgment in favor of the Trustee and against both Ken-Wen and Mr. Brown for the Judgment Amount.



**Dated: March 15, 2022**
**Poughkeepsie, New York**

/s/ Cecelia G. Morris
_____
Hon. Cecelia G. Morris
U.S. Bankruptcy Judge