**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | No. 08-01789 (CGM) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, and the Estate of Bernard L. Madoff, | |
| Plaintiff, | Adv. Pro. No. 11-02493 (CGM) |
| v. | |
| ABU DHABI INVESTMENT AUTHORITY, | |
| Defendant. | |

## STIPULATION AND ORDER

Plaintiff Irving H. Picard (the "Trustee"), as trustee of the substantively consolidated liquidation proceeding of Bernard L. Madoff Investment Securities LLC under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa–*lll*, and the chapter 7 estate of Bernard L. Madoff, and defendant ABU DHABI INVESTMENT AUTHORITY ("Defendant," and with the Trustee, the "Parties"), by and through their respective undersigned counsel, stipulate and agree as follows:

**WHEREAS,** on August 11, 2011, the Trustee commenced the above-captioned adversary proceeding by filing a complaint (the "Complaint") against Defendant (ECF No. 1).

**IT IS HEREBY STIPULATED AND AGREED:**

1. Defendant shall respond to the Complaint by May 11, 2022. If Defendant files a motion to dismiss the Complaint, such motion shall set forth any and all grounds for dismissal at the pleading stage. The Trustee shall respond to the motion by July 11, 2022, and Defendant shall file its reply by August 10, 2022.

2. If Defendant files such a motion to dismiss the complaint, then the parties shall seek oral argument on the motion at the Court's first available convenience, subject to the availability of undersigned counsel for the parties. The deadlines established by this Stipulation and Order are without prejudice to either party seeking future extensions of time.

3. Notwithstanding the foregoing schedule, if the motion to dismiss raises jurisdictional arguments, including without limitation arguments under the Foreign Sovereign Immunities Act, the Trustee shall have the option anytime up to or during the hearing on the motion to dismiss to pursue jurisdictional discovery as relates to any or all of those arguments. In such event, the deadlines contemplated herein shall be immediately adjourned, the Trustee shall thereafter serve his discovery requests on Defendant, the parties shall meet and confer in good faith as to timelines for discovery and any discovery disputes, and upon completion of such discovery, the parties shall stipulate as to a new schedule for completing the briefing on the adjourned motion to dismiss. Defendant agrees to accept service of the Trustee's discovery requests, and the parties agree to engage in jurisdictional discovery without resort to (and hereby waive any requirements for) the filing of requests in this Court or any other courts to do so. The Trustee's decision to not pursue discovery as to any or all of Defendant's jurisdictional arguments pursuant to this paragraph shall not prejudice or waive the Trustee's rights to seek discovery at a

later date or as alternate relief in connection with briefing before this Court, as he may deem appropriate.

4. By entering into this Stipulation, the Parties reserve all of their respective rights, arguments, objections and defenses, including without limitation, challenges to personal jurisdiction. Defendant reserves all rights to object to any individual discovery requests that may be propounded by the Trustee, and the Trustee may not use the fact that Defendant entered into this stipulation as evidence that any individual request is appropriate in this case.

5. This stipulation may be signed by the Trustee and Defendant in any number of counterparts, each of which when so signed shall be an original, but all of which shall together constitute one and the same instrument. A signed facsimile, photostatic, or electronic copy of this stipulation shall be deemed an original.

Dated:     March 15, 2022
           New York, New York

By: */s/ David J. Sheehan*
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Keith Murphy
Email: kmurphy@bakerlaw.com
Eric Hiatt
Email: ehiatt@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff*

By: */s/ Marc Greenwald*
**QUINN EMANUEL URQUHART & SULLIVAN**
51 Madison Avenue
22nd Floor
New York, NY 10010
(212) 849-7273
Fax : (212) 849-7100
Eric Mark Kay
Email: erickay@quinnemanuel.com
Marc Greenwald
Email: marcgreenwald@quinnemanuel.com
*Attorneys for Defendant*

**WINDELS MARX LANE &
MITTENDORF, LLP**
156 West 56th Street
New York, New York 10019
Telephone: (212) 237-1000
Facsimile: (212) 262-1215
Kim M. Longo
Alan D. Lawn

*Special Counsel for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff*

**SO ORDERED.**



**Dated: March 17, 2022
Poughkeepsie, New York**

**/s/ Cecelia G. Morris**
_____
**Hon. Cecelia G. Morris
U.S. Bankruptcy Judge**