# EXHIBIT BB

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
                                                                           :

In re: BERNARD L. MADOFF INVESTMENT      :
SECURITIES LLC,
                                                                           :

                           Debtor.                                    :

---------------------------------------------------------------- :

IRVING H. PICARD, *Trustee for the Liquidation of*  :
*Bernard L. Madoff Investment Securities LLC, and*  :
*Bernard L. Madoff,*                                    :                  20-CV-1029 (JMF)

                        Plaintiff,                        :
                                                  :            MEMORANDUM OPINION
          -v-                                  :                AND ORDER

RAR ENTREPRENEURIAL FUND, LTD.,            :

                       Defendant.                      :

----------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

As stated on the record at the pretrial conference held on July 8, 2021, the Court will issue an order no later than **July 16, 2021**, at or about **5:00 p.m.**, advising whether this case will proceed to trial on July 20, 2021. If the case proceeds to trial on that date, the parties shall appear for a final pretrial conference on **July 19, 2021**, at **11:30 a.m.**, in Courtroom 1105 of the Thurgood Marshall United States Courthouse, 40 Centre Street, New York, NY. The COVID-19 protocols addressed in the Court's Order of June 29, 2021, will govern that conference. *See* ECF No. 83.

By Order entered on July 6, 2021, the Court ruled on most of the parties' motions *in limine* and reserved judgment on the remainder pending oral argument and further consideration. *See* ECF No. 86. The Court now rules on the open motions *in limine* as follows.

**Defendant's Motions *in Limine***

1. Defendant's first motion *in limine* is DENIED, subject to particularized objections at trial.

With respect to the question of preclusion, the Court notes also that it is well settled that an expert witness may not offer opinions on issues of law. *See, e.g.*, *United States v. Bilzerian*, 926 F.2d 1285, 1294 (2d Cir. 1991).

2. With respect to Defendant's motion to preclude admission of Mr. Madoff's Form BD, the Court rejects Plaintiff's contention that the *contents* of the form (as opposed to the blank form itself) are admissible as an SEC business record pursuant to Rule 803(6) of the Federal Rules of Evidence. First, the business records exception does not extend to the contents of a document held in the ordinary course of business where, as here, the contents were provided by a third party and the business took no steps to verify them. *See United States v. Lieberman*, 637 F.2d 95, 100-01 (2d Cir. 1980). Second, in light of Bernard and Peter Madoff's demonstrated history of falsifying information in SEC filings, "the source of the information" on the Form BD plainly "indicate[s] a lack of trustworthiness." Fed. R. Evid. 803(6)(E). That said, the Court reserves judgment to trial on whether the contents of the Form can be admitted under Rule 703, as that will depend on whether Plaintiff's expert can and does lay a proper foundation for admission under the Rule. That said, the Court cautions that "a party cannot call an expert simply as a conduit for introducing hearsay." *Marvel Characters, Inc. v. Kirby*, 726 F.3d 119, 136 (2d Cir. 2013) (internal quotation marks omitted); *accord United States v. Mejia*, 545 F.3d 179, 197 (2d Cir. 2008). Moreover, Plaintiff cannot rely on hearsay admitted under Rule 703 as substantive evidence of the facts underlying the expert's opinion. *See, e.g.*, *United States v. Lombardozzi*, 491 F.3d 61, 72 (2d Cir. 2007) (noting that where an expert witness "form[s] an opinion by applying her expertise to otherwise inadmissible evidence . . . , the evidence is not being presented for the truth of the matter asserted"); *accord* Fed. R. Evid. 703 advisory committee's note to 2000 amendments.

3. As discussed on the record at the July 6, 2021 conference, Defendant's motion to strike the 2017 JPMC Custodian Declarations is GRANTED in the sense that Plaintiff will not be permitted to introduce, let alone show the jury, the declarations themselves. To the extent that Defendant *also* moves to preclude admission of the underlying documents, the motion is DENIED as to Declarations I, II, and IV — based on Defendants' concession that the underlying documents are authentic and qualify as business records. By contrast, it is GRANTED as to the documents underlying Declarations III and V — unless, at a minimum, Plaintiff is able to provide authority for the proposition that documents held by one entity (in this case, BLMIS) can qualify as the business records of a different entity (in this case, JP Morgan) and that Ms. Coribello, a representative of JP Morgan, is competent to demonstrate that the records meet the requirements of Rule 803(6) even though they were found in the possession of BLMIS. Additionally, Plaintiff would have to demonstrate that the circumstances of preparation — including but not limited to the fact that the documents were found in the possession of an admitted fraudulent enterprise *and* that copies of the documents were not found in JP Morgan's records — do not "indicate a lack of trustworthiness." Fed. R. Evid. 803(6)(E).

**Plaintiff's Motions *in Limine***

1. Plaintiff's motion *in limine* to admit the plea allocutions of Bernard L. Madoff and Frank DiPascali, Jr. is DENIED. Under Rule 803(22) of the Federal Rules of Evidence, "[e]vidence of a final judgment of conviction" is admissible as an exception to the rule against hearsay only if, as relevant here, "the evidence is admitted to prove any fact *essential* to the judgment." Fed. R. Evid. 803(22) (emphasis added). At summary judgment, the Court admitted the allocutions

2

for the purpose of establishing that BLMIS had engaged in a Ponzi scheme, thus triggering the presumption of fraudulent intent, because "[t]he Madoff and DiPascali Allocutions established the elements of a Ponzi scheme as the predicate for their crimes and for the District Court's acceptance of their guilty pleas." *Picard v. RAR Entrepreneurial Fund, Ltd.*, No. 20-CV-1029 (JMF), 2021 WL 827195, at *8 (S.D.N.Y. Mar. 3, 2021) (quoting *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC* (*In re Madoff*), 608 B.R. 165, 175 (Bankr. S.D.N.Y. 2019)). Now, however, Plaintiff seeks to admit the allocutions for a different purpose: to "provide sworn testimony on the structure of BLMIS as a single firm and confirm the funds at issue were customer deposits." ECF No. 70, at 3. To the extent that the allocutions speak to those facts, however, they were not "necessarily decided by the conviction and the verdict [or plea] on which it was based." *New York v. Hendrickson Bros.*, 840 F.2d 1065, 1081 (2d Cir. 1988) (quoting *Emich Motors Corp. v. Gen. Motors Corp.*, 340 U.S. 558, 569 (1951)). Put differently, Plaintiff fails to show that the facts for which he seeks to offer the allocutions, such as BLMIS's corporate structure and the ownership over specific accounts, were "essential" to the convictions of Madoff and DiPascali or were "necessarily" decided when their pleas were accepted. *See, e.g.*, *Evanston Ins. Co. v. Desert State Life Mgmt.*, 484 F. Supp. 3d 987, 1009 n.6 (D.N.M. 2020) ("The particular means with which Donisthorpe defrauded his clients is not 'essential' to his conviction.").

2. As discussed on the record at the pretrial conference held on July 8, 2021, Plaintiff's second motion *in limine* is GRANTED with respect to the testimony of Rebecca Fong and the nine exhibits Bates-numbered RAR000001 through RAR000107 and DENIED as moot with respect to Defendant's proposed compilation charts (which Defendant withdrew). The parties' recent letters concerning their efforts to reach agreement with respect to TX-17 do not affect the Court's ruling with respect to the testimony of Ms. Fong. Plaintiff has represented that he will not seek to offer TX-17 except on "rebuttal," which the Court construes to mean that he will not seek to offer it unless Defendant opens the door to it. Unless and until Plaintiff opens the door (by offering TX-17 or otherwise), there is — as the Court discussed at the July 8th conference — no need or basis to call Ms. Fong as a witness.

5. As stated on the record at the pretrial conference held on July 8, 2021, Plaintiff's fifth motion *in limine* is DENIED with respect to BLMIS trader Ned Zachar and with respect to Russell Oasis, both of whom will be permitted to testify live at trial (subject to particularized objections). The motion is otherwise GRANTED (without prejudice to Defendant making a showing that the testimony of any other "LLC Trader" should be admitted). The Court adheres to that ruling even after reviewing the deposition designations of Ms. Crupi.

8. Plaintiff's eighth motion *in limine*, to exclude the deposition testimony of Bernard Madoff, is GRANTED to the extent that Defendant proposes to introduce deposition testimony as substantive evidence. *See* Def. Counsel's Ltr. of July 12, 2021, at 3-4. The Court agrees with Plaintiff that the designated testimony has no relevance to the narrow issues to be tried. Moreover, to the extent the designated testimony has any probative value, it is substantially outweighed by the risks of juror confusion and waste of time. Accordingly, it is inadmissible under Rules 401 through 403. The Court defers judgment on whether or to what extent Defendant may use the Madoff deposition on cross-examination of Plaintiff's expert. To ensure that any objection to such use is properly considered, defense counsel may not play or read any portion of the deposition without seeking leave from the Court, citing the specific portion of the deposition to be played or read. The Court will then rule on any objection to use of that portion.

3

Additionally, the Court received a letter from counsel for Defendant by email on July 12, 2021, but the letter has not been filed on the docket. Counsel shall file the letter and all attachments on ECF no later than **July 15, 2021**.

SO ORDERED.

Dated: July 14, 2021
New York, New York

_____
JESSE M. FURMAN
United States District Judge