Kenneth J. Caputo
General Counsel
SECURITIES INVESTOR PROTECTION
 CORPORATION
1667 K Street, N.W., Suite 1000
Washington, DC 20006
Telephone: 202-371-8300
E-mail: kcaputo@sipc.org

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (CGM) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| IN RE: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

**RECOMMENDATION OF THE**
**SECURITIES INVESTOR PROTECTION CORPORATION**
**IN SUPPORT OF THIRTY-EIGHTH APPLICATION OF TRUSTEE AND COUNSEL**
<u>**FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES**</u>

Baker & Hostetler LLP ("BH" or "Counsel"), as Counsel to Irving H. Picard, Esquire, trustee ("Trustee") for the substantively consolidated liquidation proceedings of Bernard L.

Madoff Investment Securities LLC ("BLMIS" or "Debtor") and Bernard L. Madoff ("Madoff"), in this proceeding under the Securities Investor Protection Act, 15 U.S.C. section 78aaa et seq. ("SIPA"), has filed the Thirty-Eighth Application ("Application") of the Trustee and BH for allowance of interim compensation. Pursuant to section 5(b)(5)(C) of SIPA, 15 U.S.C. §78eee(b)(5)(C), SIPC submits this recommendation in support of the Application.

The grounds for this recommendation are as follows:

1. The Application involves the period from August 1, 2021 through November 30, 2021 ("Compensation Period"). As detailed in the Application, the Trustee and BH rendered substantial services to the administration of the estate during this time. The liquidation proceeding has progressed to a point where the Trustee has reviewed and issued determinations for almost all of the filed customer claims. The completion of administration will require BH to assist the Trustee in (1) continuing with the marshaling and distribution of the assets of the estate; and (2) dealing with such other matters as they may be called upon to resolve.

2. SIPC, by its staff, has carefully evaluated the Application. This has included analyzing the detailed reports of time spent and services rendered as set forth in the Application and the exhibits thereto, together with a review of pleadings and correspondence in this case. After adjustments suggested by SIPC staff and adopted by the Trustee and BH, the detailed reports of services reflect a total of 62,465.20 hours expended by the Trustee and BH in the performance of their duties.

3. In reviewing the Application, SIPC considered the requirements and standards for an Application set forth in 15 U.S.C. §78eee(b)(5); the relevant sections of the Bankruptcy Code; the Administrative Order re Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases; and the Order Pursuant to Section

2

78eee(b)(5) of SIPA, Sections 105, 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016(a) and Local Bankruptcy Rule 2016-1 Establishing Procedures Governing Interim Monthly Compensation of Trustee and Baker & Hostetler LLP, dated February 25, 2009, and amended on December 17, 2009 and June 1, 2011 ("the Amended Monthly Compensation Procedures Order"). SIPC believes that the Application substantially complies with the applicable law, this District's Administrative Order, and the Amended Monthly Compensation Procedures Order.

4. Based upon an average discounted hourly rate of $523.19, BH asserts the reasonable discounted value of its services is $32,681,351.79. BH agreed with SIPC to discount its normal billing rates by 10%. BH reports that this discount from the asserted value of $36,312,613.10 resulted in a voluntary reduction during this Compensation Period of $3,631,261.31. BH requests an interim allowance of 90% of the asserted discounted value or $29,413,216.61, at this time. BH also seeks reimbursement of $377,823.57 in expenses.

5. The reasonable value of the services for which the Trustee and BH seek an allowance has been reduced significantly, based on consultation and review by SIPC, from the standard rates the Trustee and BH charge. At the outset, BH took a voluntary $550,108.20 reduction of its customary fees, and accepted $1,171,618.50 in fee reductions sought by SIPC after SIPC's detailed review of the BH fee invoices. These two voluntary reductions totaling $1,721,726.70 reduced the value of the services from $38,034,339.80 to $36,312,613.10. SIPC requested and the Trustee and BH agreed to reduce the fees they charged in this liquidation proceeding by 10% ($3,631,261.31) from the Trustee's and BH's standard rates. This 10% discount reduced the value of the services from $36,312,613.10 to $32,681,351.79. The 10% reduction of $3,631,261.31 and the total of the two voluntary reductions of $1,721,726.70 result in a total reduction of $5,352,988.01 or about 14.07% from the amount BH would customarily

3

charge to clients. In addition, BH has also reduced the amount sought in reimbursement of its expenses customarily charged to clients by $39,052.94.

6. Generally, SIPC has no objection to the allowance of such interim compensation, as the Court may deem appropriate once the liquidation proceeding has progressed to a point where operational and significant work has been performed, and upon consideration of the potential hardship to the applicant. In this liquidation proceeding, the Trustee and Counsel have performed significant work in the claims and liquidation processes, and substantial progress has been achieved.

7. Section 5(b)(5)(A) of SIPA, 15 U.S.C. §78eee(b)(5)(A), provides that the Court shall "grant reasonable compensation for services rendered… by a trustee, and by the attorney for such a trustee, in connection with a liquidation proceeding." SIPA §5(b)(5)(C), 15 U.S.C. §78eee(b)(5)(C), sets forth the standard for the Court's determination of applications for allowances of compensation and reimbursement in SIPA cases. The section provides:

> Whenever an application for allowances is filed pursuant to subparagraph (B), SIPC shall file its recommendation with respect to such allowances with the court prior to the hearing on such application and shall, if it so requests, be allowed a reasonable time after such hearing within which to file a further recommendation. <u>In any case in which such allowances are to be paid by SIPC without reasonable expectation of recoupment thereof as provided in this chapter and there is no difference between the amounts requested and the amounts recommended by SIPC, the court shall award the amounts recommended by SIPC</u>. In determining the amount of allowances in all other cases, the court shall give due consideration to the nature, extent, and value of the services rendered, and shall place considerable reliance on the recommendation of SIPC. [emphasis added].

8. In a SIPA proceeding, administrative costs and expenses, which include trustee and counsel fees and expenses, are to be borne by the general estate. SIPA §5(b)(5)(E), 15 U.S.C. §78eee(b)(5)(E). To the extent the estate is not sufficient, SIPC advances funds for their

4

payment. SIPA §§5(b)(5)(E), 6(e), and 9(b)(2), 15 U.S.C. §§ 78eee(b)(5)(E), 78fff(e), and 78fff-3(b)(2).

9. In this case, the Court has been advised that the Trustee has "no reasonable expectation that the general estate will be sufficient to make any distribution to general creditors or pay any administrative expenses." (Application at 76, ¶292) Thus, any allowances for fees and expenses of Trustee and Counsel will be paid by SIPC without any recoupment by SIPC. Furthermore, there is no difference between the amounts requested by Trustee and Counsel and the amounts recommended by SIPC. Consequently, SIPA provides that this Court shall award Trustee and Counsel the amounts recommended by SIPC.

10. Resolution of the matters set forth in paragraph 1 above will delay the completion of this proceeding. SIPC respectfully submits that an allowance of interim compensation is appropriate at this time in order to avoid undue hardship. An interim allowance does not involve a determination as to the actual reasonable value of the services in question. It is merely a payment on account of the final allowance and does not imply that the Court or SIPC has approved the value which Trustee and Counsel have placed on their services. The amounts sought do not exceed the sums the Court might reasonably award as final compensation for the services rendered. Accordingly, SIPC supports the Application.

WHEREFORE, SIPC respectfully recommends that the Trustee and BH be allowed the following: (1) interim compensation in the amount of $29,413,216.61, representing 90% of the discounted asserted value of services ($32,681,351.79) for the compensation period; and reimbursement of $377,823.57 in expenses.

                                                      Respectfully submitted,

Of Counsel:
KEVIN H. BELL
Senior Associate General Counsel
E-mail: kbell@sipc.org

                                                    *s/Kenneth J. Caputo*
KENNETH J. CAPUTO
General Counsel
SECURITIES INVESTOR
 PROTECTION CORPORATION
1667 K Street, N.W., Suite 1000
Washington, D.C. 20006
Telephone: (202) 371-8300
Facsimile: (202) 223-1679
E-mail: kcaputo@sipc.org

Date: March 21, 2022
      Washington, D.C.