# EXHIBIT 19

**CHAITMAN LLP**
Helen Davis Chaitman
hchaitman@chaitmanllp.com
465 Park Avenue
New York, New York 10022
Phone & Fax: 888-759-1114

*Attorneys for Defendants*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br>            Plaintiff-Applicant, <br>        v. <br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br>            Defendant. | Adv. Pro. No. 08-1789 (SMB) <br><br> SIPA LIQUIDATION <br><br> (Substantively Consolidated) |
| In re: <br><br> BERNARD L. MADOFF, <br>            Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff <br><br>            Plaintiff, <br>        v. <br> ESTATE OF JAMES M. GOODMAN and AUDREY GOODMAN, in her capacity as Personal Representative of the Estate of James M. Goodman, <br><br>            Defendants. | Adv. Pro. No. 10-04762 (SMB) |

### RESPONSES AND OBJECTIONS OF DEFENDANT ESTATE OF JAMES M. GOODMAN TO TRUSTEE'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Audrey Goodman, in her capacity as personal representative of the Estate of James M. Goodman ("Responding Party"), by and through her attorneys, and pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Rules 7026 and 7034 of the Federal Rules of Bankruptcy Procedure, and the Local Rules of this Court, hereby responds and objects to the First Set of Requests for Production of Documents and Things (the "Requests") of trustee Irving H. Picard (the "Trustee") as follows:

### GENERAL OBJECTIONS

1.      Responding Party objects to each instruction, definition, and Request to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2.      Responding Party objects to each instruction, definition, and Request to the extent it is vague, ambiguous, overly broad and unduly burdensome, or requests the production of documents that are not relevant to any parties' claims or defenses.

3.      Responding Party objects to the Requests to the extent they request disclosure of (i) legal theories, legal opinions, mental impressions or other information of Responding Parties' counsel, (ii) any information protected by any privilege, including, without limitation, the attorney-client privilege or the privilege afforded to settlements or settlement negotiations, or (iii) any other available and valid grounds for withholding information or documents from production, including, without limitation, the attorney work product doctrine.  Nothing contained in these responses should be interpreted as a waiver of any such privilege or doctrine.

{00021216 2 }                                    2

4.      Responding Party objects to the Requests to the extent they require production of documents not within the possession, custody, or control of the Responding Party.

5.      Responding Party objects to the Requests to the extent they call for legal conclusions.

6.      Responding Party objects to the Requests to the extent they seek disclosure of proprietary and/or confidential information.

7.      Responding Party objects to each definition, instruction, and Request as overbroad and unduly burdensome to the extent it seeks documents that are readily or more accessible to the Propounding Party from its own files or documents, which the Propounding Party previously produced to the Responding Party.

8.      Responding Party reserves all objections as to the competence, relevance, materiality, admissibility, or privileged status of any information provided in response to these Requests, unless the Responding Party specifically states otherwise.

9.      Responding Party's responses to the Requests are based upon information presently available.  Responding Party has not completed discovery.  Accordingly, these responses are made without prejudice to Responding Party's right to present additional evidence based upon information subsequently obtained or evaluated.

10.     Responding Party expressly reserves the right to supplement, clarify, revise, or correct any responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

11.     Responding Party's response to each of the Requests is made subject to these General Objections and limitations.  Responding Party sets them out here to avoid repeating them in response to each individual Request.  Responding Party's failure to specifically set forth

an objection in response to a particular Request shall not be construed as a waiver of said objection.

12.     Responding Party objects to the Requests to the extent that they seek disclosure of information or production of documents which are outside of the "Applicable Period" or for a time period that has no relevance to the issues in the complaint and answer.

## RESPONSES AND OBJECTIONS

1.     Documents Concerning BLMIS, including, without limitation, Documents that refer or relate to meetings with or Concerning BLMIS.

**Response:     Responding Party has no such documents.**

2.     Documents Concerning the Account, including Documents reflecting or Concerning management fees, administrative fees, performance fees or any other fees paid to any Person in connection with the Account.

**Response:     Responding Party has no such documents.**

3.     Monthly Account statements.

**Response:     Any such documents shall be produced.**

4.     Documents Concerning any Transfers.

**Response:     Any such documents shall be produced.**

5.     Documents Concerning any Subsequent Transfers.

**Response:     The Trustee has no right to any such document and it is unethical for him to ask for them.**

6.     Documents Concerning any deposits into the Account.

**Response:     Any such documents shall be produced.**

7.        Documents Concerning Decedent's u s e  or disbursement to any Person  or entity, of any portion of any Transfer.

**Response:        These documents have no relevance to this proceeding and will not be produced.**

8.        Documents Concerning the Decedent or the Estate's use or disbursement to any Person or entity, of any portion of any Transfer.

**Response:        These documents have no relevance to this proceeding and will not be produced.**

9.        Communications    between    Decedent    and    BLMIS    Concerning    the Account, including Transfers to and from the Account.

**Response:        Responding Party has no such documents.**

10.        Communications between Decedent and NTC & Co. Concerning the Account, including Transfers to and from the Account.

**Response:        Responding Party has no such documents.**

11.        Decedent's bank and/or brokerage account records, for the Applicable Period for any accounts, including but not limited to accounts held at JP Morgan Chase formerly known as Chemical Bank that received Initial Transfers, including monthly statements, cancelled checks, and incoming/outgoing wire transfer records.

**Response:        Responding Party does not dispute the deposits and withdrawals listed on Exhibit B of the Complaint in the period from December 11, 2006 on.  Therefore, the Trustee has no legitimate interest in bank records for this period.  As for the balance of the**

**documents requested, Responding Party does not have such documents in her possession and the Trustee has subpoenaed all such documents from third parties.**

12.    Documents sufficient to identify any money, property, and/or anything else of value provided by Decedent or any other Defendant to BLMIS and/or Madoff in exchange for any Initial Transfer.

**Response:    The Trustee has no right to any such document and it is unethical for him to ask for them**

13.    Documents you contend support any denials of fact or affirmative defenses Asserted in Your answer to the Complaint.

**Response:    Any such documents shall be produced.**

14.    Documents supporting the sixteenth affirmative defense in Your Answer to the Complaint, in which You contend that "Defendants are entitled to setoff, recoupment, and/or equitable adjustment because each year Defendants were required to pay taxes on the fictitious profits reported on, among other things, IRS Form 1099 and other information reported by BLMIS or Madoff to the Internal Revenue Service, state and/or local governmental taxing authorities," including, but not limited to, IRS Form 1099s for each year taxes were paid on reported fictitious profits.

**Response:    Any such documents shall be produced.**

15.    Documents supporting the twentieth affi1mative defense in Your Answer to the Complaint, in which you contend that "Trustee has fraudulently calculated Defendants' liability by charging Defendants with withdrawals that the Trustee has no proof were taken."

**Response:    Any such documents shall be produced.**

16.    Documents supporting the twenty-seventh affirmative defense in Your Answer to the Complaint, in which You contend "Trustee's claims are barred in whole or part for failure to properly credit inter-account transfers, profit withdrawals, and other adjustments."

**Response:    Any such documents shall be produced.**

17.    Documents supporting the twenty-ninth affirmative defense in Your Answer to the Complaint, in which You contend the "Complaint fails to state a claim on which relief can be granted because it fails to sufficiently trace the funds at issue from BLMIS or Madoff to the Defendants."

**Response:    Any such documents shall be produced.**

18.    Documents supporting the thirty-seventh affirmative defense in Your Answer to the Complaint, in which you contend "the withdrawals that the Trustee seeks to recover were legally compelled under State and federal securities laws."

**Response:    Any such documents shall be produced.**

19.    Documents supporting the forty-sixth affirmative defense in Your Answer to the Complaint, in which You contend the Trustee's claims are barred in whole or part for failure to properly credit Defendants with all of Defendants' deposits."

**Response:    Any such documents shall be produced.**

20.    Documents you intend to rely upon in connection with the defense of the claims asserted in the Complaint.

**Response:    Any such documents shall be produced.**

21.    Documents Concerning the Account or this Adversary Proceeding that Decedent or the Estate received from any other Person or entity, whether received in response to a subpoena or otherwise.

**Response:    Any such documents shall be produced.**

22.    Documents Concerning the Account that are maintained by any Person or entity including but not limited to, Bruce Goodman, or by any other Person or entity that may have discoverable information.

**Response:    Responding Party will produce any such documents within her possession or control that relate to transfers to and from Madoff.**

23.    Documents sufficient to Identify any refund(s) requested or received by Decedent the Estate of any state or federal taxes pain in connection with the Account.

**Response:    Any such documents shall be produced.**

24.    A copy of Decedent's entire probate file.

**Response:    These documents have no relevance to this proceeding and will not be produced.**

25.    A copy of Decedent's Last Will and Testament and trust instruments of Decedent, including any drafts, codicils, or prior versions and any amendments Concerning the Account and/or the Estate.

**Response:    These documents have no relevance to this proceeding and will not be produced.**

26.    A copy of any state and/or federal tax filings related to Decedent and/or the Estate, including but not limited to any estate tax returns, income tax returns, and/or gift tax returns.

**Response:    These documents have no relevance to this proceeding and will not be produced.**

27.    Documents Concerning any interest Decedent held in property, whether real or personal, tangible or intangible, either outright or through a beneficial interest in a trust, at Decedent's death.

**Response:      These documents have no relevance to this proceeding and will not be produced.**

28.    Documents Concerning all real property transactions occurring after December 11, 2008 in which Decedent either directly or indirectly participated as a buyer or seller.

**Response:      These documents have no relevance to this proceeding and will not be produced.**

29.    Documents Concerning any inventory and/or accounting of the Estate or any trusts identified in Your responses to the preceding Requests.

**Response:      These documents have no relevance to this proceeding and will not be produced.**

30.    Documents Concerning any inventory and/or accounting of the Estate or any trusts identified in Your responses to the Trustee 's Interrogatories.

**Response:      These documents have no relevance to this proceeding and will not be produced.**

31.    Documents You identified, reviewed,  prepared, or consulted in responding  to discovery in this Adversary  Proceeding.

**Response:     Any such documents shall be produced.**

July 20, 2016

**CHAITMAN LLP**

By: /s/ *Helen Davis Chaitman*
465 Park Avenue
New York, New York 10022
Phone & Fax: 888-759-1114
hchaitman@chaitmanllp.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served this 27th day

of July, 2016 by electronic and First Class mail upon the following:

Baker & Hostetler LLP
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com

Of Counsel:
Baker & Hostetler LLP
811 Main, Suite 1100
Houston, Texas 77002-6111
Telephone: (713) 751-1600
Facsimile: (713) 751-1717
Dean D. Hunt, Esq.
Email: dhunt@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities*
*LLC and the Estate of Bernard L. Madoff*

**CHAITMAN LLP**
By: /s/ *Helen Davis Chaitman*
465 Park Avenue
New York, New York 10022
Phone & Fax: 888-759-1114
hchaitman@chaitmanllp.com

*Attorneys for Defendants*

**CHAITMAN LLP**
Helen Davis Chaitman
hchaitman@chaitmanllp.com
465 Park Avenue
New York, New York 10022
Phone & Fax: 888-759-1114

*Attorneys for Defendants*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                              Plaintiff-Applicant,<br><br>            v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                              Defendant. | Adv. Pro. No. 08-1789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>                              Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff<br><br>                              Plaintiff,<br><br>            v.<br><br>ESTATE OF JAMES M. GOODMAN and AUDREY GOODMAN, in her capacity as Personal Representative of the Estate of James M. Goodman,<br><br>                              Defendants. | Adv. Pro. No. 10-04762 (SMB) |

## RESPONSES AND OBJECTIONS OF DEFENDANT ESTATE OF JAMES M. GOODMAN TO TRUSTEE'S FIRST SET OF INTERROGATORIES

Audrey Goodman, in her capacity as personal representative of the Estate of James M. Goodman ("Responding Party"), by and through its attorneys, and pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Rules 7026 and 7033 of the Federal Rules of Bankruptcy Procedure, and the Local Rules of this Court, hereby responds and objects to the First Set of Interrogatories (the "Requests") of trustee Irving H. Picard (the "Trustee") as follows:

## GENERAL OBJECTIONS

1.      Responding Party objects to each instruction, definition, and Request to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2.      Responding Party objects to each instruction, definition, and Request to the extent it is vague, ambiguous, overly broad and unduly burdensome, or requests the production of documents that are not relevant to any parties' claims or defenses.

3.      Responding Party objects to the Requests to the extent they request disclosure of (i) legal theories, legal opinions, mental impressions or other information of Responding Parties' counsel, (ii) any information protected by any privilege, including, without limitation, the attorney-client privilege or the privilege afforded to settlements or settlement negotiations, or (iii) any other available and valid grounds for withholding information or documents from production, including, without limitation, the attorney work product doctrine. Nothing contained in these responses should be interpreted as a waiver of any such privilege or doctrine.

4.      Responding Party objects to the Requests to the extent they require production of documents not within the possession, custody, or control of the Responding Party.

{00021215 2 }                                    2

5.    Responding Party objects to the Requests to the extent they call for legal conclusions.

6.    Responding Party objects to the Requests to the extent they seek disclosure of proprietary and/or confidential information.

7.    Responding Party objects to each definition, instruction, and Request as overbroad and unduly burdensome to the extent it seeks documents that are readily or more accessible to the Propounding Party from its own files or documents, which the Propounding Party previously produced to the Responding Party.

8.    Responding Party reserves all objections as to the competence, relevance, materiality, admissibility, or privileged status of any information provided in response to these Requests, unless the Responding Party specifically states otherwise.

9.    Responding Party's responses to the Requests are based upon information presently available.  Responding Party has not completed discovery.  Accordingly, these responses are made without prejudice to Responding Party's right to present additional evidence based upon information subsequently obtained or evaluated.

10.    Responding Party expressly reserves the right to supplement, clarify, revise, or correct any responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

11.    Responding Party's response to each of the Requests is made subject to these General Objections and limitations.  Responding Party sets them out here to avoid repeating them in response to each individual Request.  Responding Party's failure to specifically set forth an objection in response to a particular Request shall not be construed as a waiver of said objection.

12.    Responding Party objects to the Requests to the extent that they seek disclosure of information or production of documents which are outside of the "Applicable Period" or for a time period that has no relevance to the issues in the complaint and answer.

## RESPONSES AND OBJECTIONS

1.    Identify the reasons for each Transfer.

**ANSWER:    Responding Party is unable to do so except to the extent that withdrawals were taken to pay applicable state and federal taxes on the reported short term capital gains in the Account.**

2.    Identify the reasons for each Subsequent Transfer.

**ANSWER:    Responding Party refuses to answer this interrogatory because it is improper and it is unethical for the Trustee to be seeking information concerning subsequent transfers.**

3.    Identify each deposit into the Account.

**ANSWER:    Responding Party is unable to do so.  To the extent that the Trustee has reliable third party documents proving a deposit (such as Madoff's bank records), Responding Party will acknowledge that deposit.  However, as the Trustee has admitted, Madoff's records are riddled with fraud and, therefore, they cannot be relied upon to prove any deposits. Moreover, the Trustee has admitted he has no bank records prior to December 1998.  Hence, he has no competent evidence of any activity in the account prior to December 1998.**

4.    Identify each Person with knowledge of any Transfer, the circumstances under which each Person obtained such knowledge, and the substance of that Person's knowledge.

**ANSWER**:    Annette Bongiorno; Bernard L. Madoff, and possibly other Madoff employees; Bruce Goodman.  **To the extent this interrogatory seeks information about subsequent transferees, the interrogatory is improper and it is unethical for the Trustee to be seeking this information.**

5.        Identify: (a) each Person or entity that ever received funds withdrawn from the Account, whether directly or indirectly; (b) the amount of money that each such Person or entity received; and (c) the date(s) on which each Person or entity received such money.

**ANSWER:        Responding Party is unable to do so. To the extent this interrogatory seeks information about subsequent transferees, the interrogatory is improper and it is unethical for the Trustee to be seeking this information.  The Account Holder, James Goodman, was the direct recipient of each transfer except for withdrawals needed to pay applicable state and federal taxes on the reported short term capital gains in the Account.**

6.        Identify all Persons who benefited from any Transfer, including, but not limited to, Persons who received or enjoyed the benefit of anything paid for with any funds that were part of any Transfer, and describe how these Persons benefited.

**ANSWER:        James Goodman.    To the extent this interrogatory seeks information about subsequent transferees, the interrogatory is improper and it is unethical for the Trustee to be seeking this information.**

7.        To the extent not already provided in your responses to the preceding Interrogatories, state how Decedent used any money received from the Transfers.

**ANSWER:        The Decedent, James Goodman, paid both state and federal taxes based on short term capital gains rates on the reported fictitious appreciation in the**

**Account.    The balance of the funds were used for the Decedent, James Goodman's, support.**

8.        Identify any and all banks and/or financial institutions, including but not limited to JP Morgan Chase, where Decedent held accounts during the Applicable Period, and for each account, give the account number, the date the account was opened, and the date the account was closed.

**ANSWER:        Responding Party acknowledges the deposits and withdrawals reflected on Exhibit B to the complaint for the period from December 11, 2006 through December 11, 2008.  Thus, the Trustee has no right to any bank information covering this period of time.  The Trustee has subpoenaed all of the institutions at which James Goodman held accounts.**

9.        For each denial of a material allegation and each affirmative defense, specifically including Your sixteenth, twentieth, twenty-seventh, thirty-seventh and forty-sixth affirmative defenses, in Your answer to the Complaint:

a.        state all facts upon which You base the denial or affirmative defense;

b.        state the names, addresses, and telephone numbers of all Persons who have knowledge of those facts; and

c.        Identify all Documents and other tangible things that support Your denial or affirmative defense, and state the name, address, and telephone number of the Person who has each Document.

**<u>ANSWER:</u>        Most of the affirmative defenses are based on legal arguments. However:**

**(a) The defense concerning payment of capital gains taxes is based upon Responding Party's testimony as to the payment of the applicable tax rates for each year of the Account**

and the reported income as reflected in Madoff's statements which are in the Trustee's possession.

(b) The defense concerning Madoff not being a Ponzi scheme is based upon the non-investment advisory activities of Madoff as reflected in documents in the Trustee's possession and upon the testimony of Bernard L. Madoff and various employees (yet to be identified) who worked in the propriety trading and market-making operations.

(c) The defense concerning the denial of the Trustee's determination of "net equity" is based, in part, upon the Trustee's dishonest treatment of profit withdrawals and his lack of any documentary evidence pre-dating December 1998.

(d) The defense concerning the Trustee's due process violations is based upon the Trustee's compensation structure with Baker & Hostetler, LLP which the Trustee is obligated to disclose.

(e) The defense concerning the "value" bestowed on Madoff by Defendants is based, in part, upon expert testimony that Defendants intend to develop.

10.     Identify all of Decedent's lineal descendants, including children and grandchildren, whether natural or adopted.

ANSWER:   The Trustee is not entitled to any of this information because it is irrelevant to the issues in the complaint and is being sought for the improper purpose of allowing the Trustee to frame a viable complaint against subsequent transferees.

11.     Identify any estate planning documents that Decedent created and/or executed after December 11, 2008.

ANSWER:     See answer to #10.

12.    Identify any revocable or irrevocable trusts, jointly-held accounts, or pay-on- death accounts, that Decedent created or otherwise obtained an interest in after December 11, 2008.

**ANSWER:    See answer to #10.**

13.    Identify all real property transactions occurring after December 11, 2008 in which Decedent either directly or indirectly participated as a buyer or seller.

**ANSWER:    See answer to #10.**

14.    Identify all transfers by gift made by Decedent during the Applicable Period.

**ANSWER:    See answer to #10.**

15.    Identify any interest Decedent held in property, whether real or personal, tangible or intangible, either outright or through a beneficial interest in a trust, at Decedent's death.

**ANSWER:    See answer to #10.**

16.    Identify any state and/or federal tax filings related to Decedent and/or the Estate of James M. Goodman including, but not limited to estate tax returns, income tax returns, and/or gift tax returns.

**ANSWER:    See answer to #10.**

17.    Provide an inventory and/or an accounting of the Estate or any trust identified in your responses to the preceding Interrogatories.

**ANSWER:    See answer to #10.**

18.    Identify any accounts into which money or other assets in which Decedent had an interest were transferred following Decedent's death, including, but not limited to, pay-on-death accounts, transfer-on-death accounts, securities accounts, jointly-held (with any other

Person) accounts, or in-trust-for accounts. For each such account, Identify the account number, the date the account was opened, and the date the account was closed.

**ANSWER:    See answer to #10.**

19.    Identify all beneficiaries, whether or not they are named beneficiaries, of any accounts or insurance kept by or for Decedent, including, but not limited to, IRA's, Keoghs, 401(k)s, U.S. Savings Bonds, and/or other pension assets or insurance policies, such as life insurance.

**ANSWER:    See answer to #10.**

20.    Identify any Person with knowledge of information relevant to this Adversary Proceeding who may be in possession of any Documents or other information relating to any Transfers, deposits, or other Account activity, including but not limited to NTC & Co., Bruce Goodman, or JP Morgan Chase Bank, and any other banks, financial advisors, accountants, auditors, securities brokers, and/or other financial professionals. For every Person You Identify, please provide their name, address, telephone number, the circumstances under which each Person obtained such knowledge and the substance of that Person's knowledge.

**ANSWER:    Annette Bongiorno; Bernard L. Madoff and possibly other Madoff employees; Bruce Goodman. To the extent this interrogatory seeks information about subsequent transferees, the interrogatory is improper and it is unethical for the Trustee to be seeking this information to form a complaint against subsequent transferees.**

21.    To the extent not already provided in Your Initial Disclosures or responses to other written discovery, Identify by category, general description, custodian and

location, all relevant documents, electronically stored information, and other physical evidence in Your possession, custody or control.

> **ANSWER:    Responding Party has no such documents.**

22.    Identify whether You requested a refund, including but not limited to any theft loss refund, of any state or federal taxes paid in connection with the Account and whether any refund was received.   In so doing, provide the date(s) when You applied for the refund(s), received refund(s) and the amount(s) of such refund(s).

> **ANSWER:    Responding Party requested and received a refund of federal income taxes paid on fictitious profits during the period from 2003 – 2007.  The amount refunded for all of the family's accounts was $1,236,152.**

23.    Identify steps You have taken to preserve Documents Concerning the Account pursuant to the preservation letters sent to Your counsel on April 18, 2011, July 21, 2014 and February 23, 2016.

> **ANSWER:    Responding Party has not disposed of any documents since April 18, 2011.**

July 20, 2016

**CHAITMAN LLP**
By: /s/ *Helen Davis Chaitman*
465 Park Avenue
New York, New York 10022
Phone & Fax: 888-759-1114
hchaitman@chaitmanllp.com

*Attorneys for Defendants*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | |
| Plaintiff-Applicant, | No. 08-1789 (SMB) |
| v. | SIPA LIQUIDATION |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | (Substantively Consolidated) |
| Defendant. | |

| | |
|---|---|
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

| | |
|---|---|
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, | Adv. Pro. No. 10-04762 (SMB) |
| Plaintiff, | |
| v. | VERIFICATION |
| ESTATE OF JAMES M. GOODMAN and AUDREY GOODMAN, in her capacity as  Personal Representative of the Estate of James M. Goodman, | |
| Defendants. | |

I, AUDREY GOODMAN, declare pursuant to 28 U.S.C. § 1746, that I have read the foregoing amended interrogatory answers and that the responses contained therein are true and correct to the best of my knowledge, information and belief. I understand that if any of these responses is found to be willfully false, I am subject to punishment.

July 20, 2016

_____

AUDREY GOODMAN

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served this 27th day

of July, 2016 by electronic and First Class mail upon the following:


Baker & Hostetler LLP
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com

Of Counsel:
Baker & Hostetler LLP
811 Main, Suite 1100
Houston, Texas 77002-6111
Telephone: (713) 751-1600
Facsimile: (713) 751-1717
Dean D. Hunt, Esq.
Email: dhunt@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities*
*LLC and the Estate of Bernard L. Madoff*


**CHAITMAN LLP**
By: /s/ *Helen Davis Chaitman*
465 Park Avenue
New York, New York 10022
Phone & Fax: 888-759-1114
hchaitman@chaitmanllp.com

*Attorneys for Defendants*

**CHAITMAN LLP**
Helen Davis Chaitman
hchaitman@chaitmanllp.com
465 Park Avenue
New York, New York 10022
Phone & Fax: 888-759-1114

*Attorneys for Defendant Audrey Goodman in her capacity as Personal Representative of the Estate of James M. Goodman*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br> Plaintiff-Applicant, <br><br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br> Defendant. | Adv. Pro. No. 08-1789 (SMB) <br><br> SIPA LIQUIDATION <br><br> (Substantively Consolidated) |
| In re: <br><br> BERNARD L. MADOFF, <br><br> Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff <br><br> Plaintiff, <br><br> v. <br><br> ESTATE OF JAMES M. GOODMAN and AUDREY GOODMAN, in her capacity as Personal Representative of the Estate of James M. Goodman, <br><br> Defendants. | Adv. Pro. No. 10-04762  (SMB) |

## RESPONSES AND OBJECTIONS OF DEFENDANT AUDREY GOODMAN AS PERSONAL REPRESENTATIVE OF THE ESTATE OF JAMES M. GOODMAN TO TRUSTEE'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Audrey Goodman, in her capacity as personal representative of the Estate of James M. Goodman ("Responding Party"), by and through her attorneys, and pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Rules 7026 and 7034 of the Federal Rules of Bankruptcy Procedure, and the Local Rules of this Court, hereby responds and objects to the First Set of Requests for Production of Documents and Things (the "Requests") of trustee Irving H. Picard (the "Trustee") as follows:

## GENERAL OBJECTIONS

1.      Responding Party objects to each instruction, definition, and Request to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2.      Responding Party objects to each instruction, definition, and Request to the extent it is vague, ambiguous, overly broad and unduly burdensome, or requests the production of documents that are not relevant to any parties' claims or defenses.

3.      Responding Party objects to the Requests to the extent they request disclosure of (i) legal theories, legal opinions, mental impressions or other information of Responding Parties' counsel, (ii) any information protected by any privilege, including, without limitation, the attorney-client privilege or the privilege afforded to settlements or settlement negotiations, or (iii) any other available and valid grounds for withholding information or documents from production, including, without limitation, the attorney work product doctrine.  Nothing contained in these responses should be interpreted as a waiver of any such privilege or doctrine.

{00021218 2 }                                          2

4.       Responding Party objects to the Requests to the extent they require production of documents not within the possession, custody, or control of the Responding Party.

5.       Responding Party objects to the Requests to the extent they call for legal conclusions.

6.       Responding Party objects to the Requests to the extent they seek disclosure of proprietary and/or confidential information.

7.       Responding Party objects to each definition, instruction, and Request as overbroad and unduly burdensome to the extent it seeks documents that are readily or more accessible to the Propounding Party from its own files or documents, which the Propounding Party previously produced to the Responding Party.

8.       Responding Party reserves all objections as to the competence, relevance, materiality, admissibility, or privileged status of any information provided in response to these Requests, unless the Responding Party specifically states otherwise.

9.       Responding Party's responses to the Requests are based upon information presently available.  Responding Party has not completed discovery.  Accordingly, these responses are made without prejudice to Responding Party's right to present additional evidence based upon information subsequently obtained or evaluated.

10.       Responding Party expressly reserves the right to supplement, clarify, revise, or correct any responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

11.       Responding Party's response to each of the Requests is made subject to these General Objections and limitations.  Responding Party sets them out here to avoid repeating them in response to each individual Request.  Responding Party's failure to specifically set forth

an objection in response to a particular Request shall not be construed as a waiver of said objection.

12.     Responding Party objects to the Requests to the extent that they seek disclosure of information or production of documents which are outside of the "Applicable Period" or for a time period that has no relevance to the issues in the complaint and answer.

## RESPONSES AND OBJECTIONS

1.     Documents Concerning BLMIS, including, without limitation, Documents that refer or relate to meetings with or Concerning BLMIS.

**Response:      Responding Party has no such documents.**

2.     Documents Concerning the Account, including Documents reflecting or Concerning management fees, administrative fees, performance fees or any other fees paid to any Person in connection with the Account.

**Response:      Responding Party has no such documents.**

3.     Monthly Account Statements.

**Response:      Any such documents shall be produced.**

4.     Documents Concerning any Transfers.

**Response:      Any such documents shall be produced**.

5.     Documents Concerning any Subsequent Transfers.

**Response:      The Trustee has no right to any such document and it is unethical for him to ask for them.**

6.     Documents Concerning any deposits into the Account.

**Response:      Any such documents shall be produced.**

7.        Documents Concerning Decedent or the Estate's use or disbursement to any Person or entity, of any portion of any Transfer.

**Response:        These documents have no relevance to this proceeding and will not be produced.**

8.        Communications    between    Decedent    and    BLMIS    Concerning    the Account, including Transfers to and from the Account.

**Response:        Responding Party has no such documents.**

9.        Communications between Decedent and NTC & Co. Concerning the Account, including Transfers to and from the Account.

**Response:        Responding Party has no such documents.**

10.        Decedent's    bank and/or brokerage account records, for the Applicable Period for any accounts, including but not limited to accounts held at JP Morgan Chase, formerly known as Chemical    Bank, that received Initial Transfers, including monthly statements, cancelled checks, and incoming/outgoing wire transfer records.

**Response:        Responding Party does not dispute the deposits and withdrawals listed on Exhibit B of the Complaint in the period from December 11, 2006 on.    Therefore, the Trustee has no legitimate interest in bank records for this period.    As for the balance of the documents requested, Responding Party does not have such documents in her possession and the Trustee has subpoenaed all such documents from third parties.**

11.        Documents    and    Communications sufficient to    identify    any    Subsequent Transfer, in whole or in part, of any Initial Transfer from the Account, including the amount, date, and recipient of any Subsequent Transfer.

**Response:        The Trustee has no right to any such document and it is unethical for him to ask for them**

12.        Documents sufficient to identify any money, property, and/or anything else of value provided by Decedent or any other Defendant to BLMIS and/or Madoff in exchange for any Initial Transfer.

**Response:        Any such documents shall be produced.**

13.        Documents supporting any denials of fact or affirmative defenses asserted in your answer to the Complaint.

**Response:        Any such documents shall be produced.**

14.        Documents supporting the sixteenth affirmative defense in Your Answer to the Complaint, in which You contend that "Defendants are entitled to setoff, recoupment, and/or equitable adjustment because each year Defendants were required to pay taxes on the fictitious profits reported on, among other things, IRS Form 1099 and other information reported by BLMIS or Madoff to the Internal Revenue Service, state and/or local governmental taxing authorities," including, but not limited to, IRS Form 1099s for each year taxes were paid on reported fictitious profits.

**Response:        Any such documents shall be produced.**

15.        Documents supporting the twentieth affirmative defense in Your Answer to the Complaint, in which You contend that "Trustee has fraudulently calculated Defendants' liability by charging Defendants with withdrawals that the Trustee has no proof were taken."

**Response:        Any such documents shall be produced.**

16.     Documents supporting the twenty-seventh affirmative defense in Your Answer to the Complaint, in which You contend "Trustee's claims are barred in whole or part for failure to properly credit inter-account transfers, profit withdrawals, and other adjustments."

**Response:       Any such documents shall be produced.**

17.     Documents supporting the twenty-ninth affirmative defense in Your Answer to the Complaint, in which You contend the "Complaint fails to state a claim on which relief can be granted because it fails to sufficiently trace the funds at issue from BLMIS or Madoff to the Defendants."

**Response:       Any such documents shall be produced.**

18.     Documents supporting the thirty-seventh affirmative defense in Your Answer to the Complaint, in which you contend "the withdrawals that the Trustee seeks to recover were legally compelled under State and federal securities laws."

**Response:       Any such documents shall be produced.**

19.     Documents supporting the forty-sixth affirmative defense in Your Answer to the Complaint, in which You contend the Trustee's claims are barred in whole or part for failure to properly credit Defendants with all of Defendants' deposits."

**Response:       Any such documents shall be produced.**

20.     Documents that You intend to rely upon in connection with the defense of the claims asserted in the Complaint.

**Response:       Any such documents shall be produced.**

21.     Documents Concerning the Account or this Adversary Proceeding that Decedent or the Estate received from any other Person or entity, whether received in response to a subpoena or otherwise.

**Response:      Any such documents shall be produced.**

22.      Documents Concerning the Account that are maintained by any Person or entity including but not limited to, Bruce Goodman, or by any other Person or entity that may have discoverable information.

**Response:      Responding Party w i l l produce a n y s u c h documents within her possession or control that relate to transfers to and from Madoff.**

23.      Documents sufficient to Identify any refund(s) requested or received by Decedent or the Estate of any state or federal taxes pain in connection with the Account.

**Response:      Any such documents shall be produced.**

24.      A copy of Decedent's entire probate file.

**Response:      These documents have no relevance to this proceeding and will not be produced.**

25.      A copy of Decedent's Last Will and Testament, and any trust instruments of Decedent including any drafts, codicils, or prior versions and any amendments Concerning the Account and/or Estate.

**Response:      These documents have no relevance to this proceeding and will not be produced.**

26.      A copy of any state and/or federal tax filings related to Decedent and/or the Estate, including but not limited to any estate tax returns, income tax returns, and/or gift tax returns.

**Response:      These documents have no relevance to this proceeding and will not be produced.**

27.    Documents Concerning any interest Decedent held in property, whether real or personal, tangible or intangible, either outright or through a beneficial interest in a trust, at Decedent's death.

**Response:    These documents have no relevance to this proceeding and will not be produced.**

28. Documents concerning all real property transactions occurring after December 11, 2008 in which Decedent either directly or indirectly participated as a buyer or seller.

**Response:    These documents have no relevance to this proceeding and will not be produced.**

29.    Documents Concerning any inventory and/or accounting of the Estate or any trusts identified in your responses to the preceding Requests.

**Response:    These documents have no relevance to this proceeding and will not be produced.**

30.    Documents Concerning any inventory and/or accounting of the Estate or any trusts identified in your responses to the Trustee's Interrogatories.

**Response:    These documents have no relevance to this proceeding and will not be produced.**

31.    Documents You identified, reviewed, prepared, or consulted in responding to discovery in this Adversary Proceeding.

**Response:    Any such documents shall be produced.**

July 20, 2016

**CHAITMAN LLP**

By: /s/ *Helen Davis Chaitman*
465 Park Avenue
New York, New York 10022
Phone & Fax: 888-759-1114
hchaitman@chaitmanllp.com

*Attorneys for Defendant Audrey Goodman*
*in her capacity as Personal Representative*
*of the Estate of James M. Goodman*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and accurate copy of the foregoing was served this 27th day

of July, 2016 by electronic and First Class mail upon the following:

Baker & Hostetler LLP
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com

Of Counsel:
Baker & Hostetler LLP
811 Main, Suite 1100
Houston, Texas 77002-6111
Telephone: (713) 751-1600
Facsimile: (713) 751-1717
Dean D. Hunt, Esq.
Email: dhunt@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities*
*LLC and the Estate of Bernard L. Madoff*

**CHAITMAN LLP**
By: /s/ *Helen Davis Chaitman*
465 Park Avenue
New York, New York 10022
Phone & Fax: 888-759-1114
hchaitman@chaitmanllp.com

*Attorneys for Defendant Audrey*
*Goodman in her capacity as*
*Personal Representative of the*
*Estate of James M. Goodman*

**CHAITMAN LLP**
Helen Davis Chaitman
hchaitman@chaitmanllp.com
465 Park Avenue
New York, New York 10022
Phone & Fax: 888-759-1114

*Attorneys for Defendant Audrey Goodman as Personal*
*Representative of the Estate of James M. Goodman*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-1789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff<br><br>Plaintiff,<br><br>v.<br><br>ESTATE OF JAMES M. GOODMAN and AUDREY GOODMAN, in her capacity as Personal Representative of the Estate of James M. Goodman,<br><br>Defendants. | Adv. Pro. No. 10-04762 (SMB) |

**RESPONSES AND OBJECTIONS OF DEFENDANT AUDREY GOODMAN AS
PERSONAL REPRESENTATIVE OF THE ESTATE OF JAMES M. GOODMAN TO
TRUSTEE'S FIRST SET OF INTERROGATORIES**

Audrey Goodman, in her capacity as Personal Representative of the Estate of James M.
Goodman ("Responding Party"), by and through her attorneys, and pursuant to Rules 26 and 33
of the Federal Rules of Civil Procedure and Rules 7026 and 7033 of the Federal Rules of
Bankruptcy Procedure, and the Local Rules of this Court, hereby responds and objects to the
First Set of Interrogatories (the "Requests") of trustee Irving H. Picard (the "Trustee") as follows:

**GENERAL OBJECTIONS**

1.      Responding Party objects to each instruction, definition, and Request to the extent
that it purports to impose any requirement or discovery obligation greater than or different from
those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the
Court.

2.      Responding Party objects to each instruction, definition, and Request to the extent
it is vague, ambiguous, overly broad and unduly burdensome, or requests the production of
documents that are not relevant to any parties' claims or defenses.

3.      Responding Party objects to the Requests to the extent they request disclosure of
(i) legal theories, legal opinions, mental impressions or other information of Responding Parties'
counsel, (ii) any information protected by any privilege, including, without limitation, the
attorney-client privilege or the privilege afforded to settlements or settlement negotiations, or
(iii) any other available and valid grounds for withholding information or documents from
production, including, without limitation, the attorney work product doctrine.  Nothing contained
in these responses should be interpreted as a waiver of any such privilege or doctrine.

{00021217 3 }                              2

4.      Responding Party objects to the Requests to the extent they require production of documents not within the possession, custody, or control of the Responding Party.

5.      Responding Party objects to the Requests to the extent they call for legal conclusions.

6.      Responding Party objects to the Requests to the extent they seek disclosure of proprietary and/or confidential information.

7.      Responding Party objects to each definition, instruction, and Request as overbroad and unduly burdensome to the extent it seeks documents that are readily or more accessible to the Propounding Party from its own files or documents, which the Propounding Party previously produced to the Responding Party.

8.      Responding Party reserves all objections as to the competence, relevance, materiality, admissibility, or privileged status of any information provided in response to these Requests, unless the Responding Party specifically states otherwise.

9.      Responding Party's responses to the Requests are based upon information presently available.  Responding Party has not completed discovery.  Accordingly, these responses are made without prejudice to Responding Party's right to present additional evidence based upon information subsequently obtained or evaluated.

10.     Responding Party expressly reserves the right to supplement, clarify, revise, or correct any responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

11.     Responding Party's response to each of the Requests is made subject to these General Objections and limitations.  Responding Party sets them out here to avoid repeating them in response to each individual Request.  Responding Party's failure to specifically set forth

an objection in response to a particular Request shall not be construed as a waiver of said objection.

12.    Responding Party objects to the Requests to the extent that they seek disclosure of information or production of documents which are outside of the "Applicable Period" or for a time period that has no relevance to the issues in the complaint and answer.

## RESPONSES AND OBJECTIONS

1.    Identify the reasons for each Transfer.

**ANSWER:  Responding Party is unable to do so except to the extent that withdrawals were taken to pay applicable state and federal taxes on the reported short term capital gains in the Account.**

2.    Identify the reasons for each Subsequent Transfer.

**ANSWER:   Responding Party refuses to answer this interrogatory because it is improper and it is unethical for the Trustee to be seeking information concerning subsequent transfers.**

3.    Identify each deposit into the Account.

**ANSWER:   Responding Party is unable to do so.  To the extent that the Trustee has reliable third party documents proving a deposit (such as Madoff's bank records), Responding Party will acknowledge that deposit.  However, as the Trustee has admitted, Madoff's records are permeated with fraud and, therefore, they cannot be relied upon to prove any deposits. Moreover, the Trustee has admitted he has no bank records prior to December 1998.  Hence, he has no competent evidence of any activity in the account prior to December 1998.**

4.      Identify each Person with knowledge of any Transfer, the circumstances under which each Person obtained such knowledge, and the substance of that Person's knowledge.

**ANSWER**:   **Annette Bongiorno; Bernard L. Madoff, and possibly other Madoff employees; Bruce Goodman.  To the extent this interrogatory seeks information about subsequent transferees, the interrogatory is improper and it is unethical for the Trustee to be seeking this information.**

5.      Identify: (a) each Person or entity that ever received funds withdrawn from the Account, whether directly or indirectly; (b) the amount of money that each such Person or entity received; and (c) the date(s) on which each Person or entity received such money.

**ANSWER:  Responding Party is unable to do so. To the extent this interrogatory seeks information about subsequent transferees, the interrogatory is improper and it is unethical for the Trustee to be seeking this information.  The Account Holder, James Goodman, was the direct recipient of each transfer except for withdrawals needed to pay applicable state and federal taxes on the reported short term capital gains in the Account.**

6.      Identify all Persons who benefited from any Transfer, including, but not limited to, Persons who received or enjoyed the benefit of anything paid for with any funds that were part of any Transfer, and describe how these Persons benefited.

**ANSWER:   James Goodman. To the extent this interrogatory seeks information about subsequent transferees, the interrogatory is improper and it is unethical for the Trustee to be seeking this information.**

7.      To the extent not already provided in Your responses to the preceding Interrogatories, state how Decedent used any money received from the Transfers.

**ANSWER:  The Decedent, James Goodman, paid both state and federal taxes based on short term capital gains rates on all the reported fictitious appreciation in the Account.  The balance of the funds were used for the Decedent, James Goodman's, support.**

8.    Identify any and all banks and/or financial institutions where Decedent held accounts during the Applicable Period, including but not limited to JP Morgan Chase, formerly known as, Chemical Bank, and for each account, give the account number, the date the account was opened, and the date the account was closed.

**ANSWER:    Responding Party acknowledges   the deposits and withdrawals reflected on Exhibit B to the complaint for the period from December 11, 2006 through December 11, 2008.  Thus, the Trustee has no right to any bank information covering this period of time.   The Trustee has subpoenaed all of the institutions at which James Goodman held accounts.**

9.    For each denial of a material allegation and each affirmative defense in Your answer to the Complaint:

a.    state all facts upon which You base the denial or affirmative defense;

b.    state the names, addresses, and telephone numbers of all Persons who have knowledge of those facts; and

c.    Identify all Documents and other tangible things that support Your denial or affirmative defense, and state the name, address, and telephone number of the Person who has each Document.

**ANSWER:   Most of the affirmative defenses are based on legal arguments. However:**

{00021217 3 }                                    6

(a)    The defense concerning payment of capital gains taxes is based upon Responding Party's testimony as to the payment of the applicable tax rates for each year of the Account and the reported income as reflected in Madoff's statements which are in the Trustee's possession.

(b)    The defense concerning Madoff not being a Ponzi scheme is based upon the non-investment advisory activities of Madoff as reflected in documents in the Trustee's possession and upon the testimony of Bernard L. Madoff and various employees (yet to be identified) who worked in the propriety trading and market-making operations.

(c)    The defense concerning the denial of the Trustee's determination of "net equity" is based, in part, upon the Trustee's dishonest treatment of profit withdrawals and his lack of any documentary evidence pre-dating December 1998.

(d)    The defense concerning the Trustee's due process violations is based upon the Trustee's compensation structure with Baker & Hostetler, LLP which the Trustee is obligated to disclose.

(e)    The defense concerning the "value" bestowed on Madoff by Defendants is based, in part, upon expert testimony that Defendants intend to develop.

10.    Identify any instance when Decedent communicated to BLMIS any disagreement with respect to the accuracy of the deposits reflected on the customer statements.

**ANSWER:**    Responding Party cannot, at this time, recall these instances except to say that they did occur.   Moreover, to the extent that the Account Holder received transfers from other Madoff accounts, Responding Party is unable to know whether the account holder reported mistakes in the account statements to Madoff.

11.    Identify any instance when Decedent communicated to BLMIS any disagreement with respect to the accuracy of the withdrawals reflected on the customer statements.

**ANSWER:    See answer to #10.**

12.    Identify whether Decedent drafted and/or executed a Last Will and Testament.

**ANSWER:    The Trustee is not entitled to any of this information because it is irrelevant to the issues in the complaint and is being sought for the improper purpose of allowing the Trustee to frame a viable complaint against subsequent transferees.**

13.    Identify all current and former personal representatives of the Estate.  For each Person so identified, identify the dates such Person served as personal representative, the amount of any fees received by such Person in connection with their service as a personal representative, and state whether such Person personally received any portion of any Transfers from the Account.

**ANSWER:    See answer to #12.**

14.    Identify any estate planning documents that Decedent created and/or executed after December 11, 2008.

**ANSWER:    See answer to #12.**

15.    Identify any revocable or irrevocable trusts, jointly-held accounts, or pay-on-death accounts, that Decedent created or otherwise obtained an interest in after December 11, 2008.

**ANSWER:    See answer to #12.**

16.    Identify all real property transactions occurring after December 11, 2008 in which Decedent either directly or indirectly participated as a buyer or seller.

**ANSWER:    See answer to #12.**

17.     Identify all transfers by gift made by Decedent during the Applicable Period.

**ANSWER:     See answer to #12.**

18.     Identify any interest Decedent held in property, whether real or personal, tangible or intangible, either outright or through a beneficial interest in a trust, at Decedent's death.

**ANSWER:     See answer to #12.**

19.     Identify any state and/or federal tax filings related to Decedent and/or the Estate of James M. Goodman including, but not limited to estate tax returns, income tax returns, and/or gift tax returns.

 **ANSWER:     See answer to #12.**

20.      Provide an inventory and/or an accounting of the Estate or any trust identified in Your responses to the preceding Interrogatories.

**ANSWER:     See answer to #12.**

21.     Identify any accounts into which money or other assets in which Decedent had an interest were transferred following Decedent's death, including, but not limited to, pay-on-death accounts, transfer-on-death accounts, securities accounts, jointly-held (with any other Person) accounts, or in-trust-for accounts.  For each such account, Identify the account number, the date the account was opened, and the date the account was closed.

**ANSWER:     See answer to #12.**

22.     Identify all beneficiaries, whether or not they are named beneficiaries, of any accounts or insurance kept by or for Decedent, including, but not limited to, the Account, IRA's, Keoghs, 401(k)s, U.S. Savings Bonds, and/or other pension assets or insurance policies, such as life insurance.

**ANSWER:     See answer to #12.**

23.    Identify steps You have taken to preserve Documents Concerning the Account pursuant to the preservation letters sent to Your counsel on April 18, 2011, July 21, 2014 and February 23, 2016.

**ANSWER:    Responding Party has not disposed of any documents since April 18, 2011.**

July 20, 2016

> **CHAITMAN LLP**
> By: /s/ *Helen Davis Chaitman*
> 465 Park Avenue
> New York, New York 10022
> Phone & Fax: 888-759-1114
> hchaitman@chaitmanllp.com
>
> *Attorneys for Defendant Audrey Goodman*
> *as Personal Representative of the Estate of*
> *James M. Goodman*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | |
| Plaintiff-Applicant, | No. 08-1789 (SMB) |
| v. | SIPA LIQUIDATION |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | (Substantively Consolidated) |
| Defendant. | |

| | |
|---|---|
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

| | |
|---|---|
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, | Adv. Pro. No. 10-04762 (SMB) |
| Plaintiff, | |
| v. | VERIFICATION |
| ESTATE OF JAMES M. GOODMAN and AUDREY GOODMAN, in her capacity as Personal Representative of the Estate of James M. Goodman, | |
| Defendants. | |

I, AUDREY GOODMAN, declare pursuant to 28 U.S.C. § 1746, that I have read the foregoing amended interrogatory answers and that the responses contained therein are true and correct to the best of my knowledge, information and belief. I understand that if any of these responses is found to be willfully false, I am subject to punishment.

July 20, 2016

_____
AUDREY GOODMAN

## <u>CERTIFICATE  OF SERVICE</u>

I hereby certify that a true and accurate copy of the foregoing  was served this 27th day

of July, 2016 by electronic  and First Class mail upon the following:


Baker  & Hostetler  LLP
45 Rockefeller Plaza
New  York, NY 10111
Telephone: (212)  589-4200
Facsimile: (212)  589-4201
David  J. Sheehan
Email:  dsheehan@bakerlaw.com
Nicholas J. Cremona
Email:  ncremona@bakerlaw.com

Of Counsel:
Baker & Hostetler LLP
811 Main, Suite 1100
Houston, Texas 77002-6111
Telephone: (713) 751-1600
Facsimile: (713) 751-1717
Dean D. Hunt, Esq.
Email: dhunt@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the
Substantively Consolidated SIPA Liquidation
of Bernard L. Madoff Investment Securities
LLC and the Estate of Bernard L. Madoff*

                                        **CHAITMAN LLP**
                                        By:  /s/  *Helen Davis Chaitman*
                                        465 Park Avenue
                                        New York, New York 10022
                                        Phone & Fax: 888-759-1114
                                        hchaitman@chaitmanllp.com

                                        *Attorneys for Defendant Audrey
                                        Goodman as Personal
                                        Representative of the Estate of James
                                        M. Goodman*