# EXHIBIT A

**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>    Plaintiff-Applicant,<br><br>    v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>    Defendant. | Adv. Pro. No. 08-01789 (CGM)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>    Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff,<br><br>    Plaintiff,<br><br>    v.<br><br>JOHN FUJIWARA, *et al.*,<br><br>    Defendants. | Adv. Pro. No. 10-04289 (CGM) |

### DECLARATION OF JAMES H. ROLLINSON, ESQ.

  I, James H. Rollinson, Esq., declare the following:

1.  I am a partner with the law firm Baker & Hostetler LLP, counsel for Irving H. Picard (the "Trustee"), as trustee for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq., and the Chapter 7 estate of Bernard L. Madoff. As such, I am fully familiar with the facts and circumstances set forth herein.

2.  In November 2010, the Trustee commenced an adversary proceeding in the Bankruptcy Court against John Fujiwara ("Mr. Fujiwara") and his late wife, Gladys Fujiwara (together with Mr. Fujiwara, the "Fujiwaras"), in an action captioned *Irving H. Picard v. John Fujiwara et al.,* Adv. Pro. No. 10-04289 (the "Adversary Proceeding"). ECF No. 1. The Trustee alleged that the Fujiwaras received certain avoidable transfers (the "Avoidable Transfers") from BLMIS in the two-year period prior to its collapse in connection with their BLMIS investment advisory account. *Id.*

3.  In or about June 2019, the Trustee, Mr. Fujiwara, and certain others agreed to enter into a Settlement Agreement and Release (the "Settlement Agreement") resolving any and all claims the parties have against each other relating to the Avoidable Transfers, as well as any and all claims that they could have otherwise asserted in the Adversary Proceeding, without the further expense, delay, and uncertainty of litigation.[1] As part of the settlement, Mr. Fujiwara agreed to pay the Trustee a certain sum (the "Settlement Amount") in three installments. The parties thereafter finalized and executed the Settlement Agreement, which became effective on January 13, 2020.[2]

---

[1] Mr. Fujiwara's wife died in May 2016 after which Mr. Fujiwara, in his capacity as the executor of her estate, was substituted in as a defendant in the Adversary Proceeding.

[2] The parties agreed that, subject to limited exceptions, the terms of the Settlement Agreement would remain confidential. An exception would arise if a party was required to enforce the terms of the Settlement Agreement through litigation. In the event that the Bankruptcy Court grants the Trustee's motion to reopen the Adversary Proceeding, the Trustee will, with the Court's permission, provide more detailed information regarding the parties' settlement and Mr. Fujiwara's breach thereof.

2

4.      On January 16, 2020, the parties submitted and this Court so entered a *Stipulation and Order for Voluntary Dismissal of Adversary Proceeding Without Prejudice* through which the Adversary Proceeding was dismissed "without prejudice . . . subject to the Trustee having the right to re-open th[e] adversary proceeding in the event of an uncured default under the Settlement Agreement or a certain note or a certain mortgage attached thereto." ECF No. 100 at 2-3.

5.      Mr. Fujiwara paid the first of the three installment payments toward the Settlement Amount in February and March 2020 as agreed to by the parties in the Settlement Agreement and in a certain amendment thereto. In January 2022, Mr. Fujiwara failed to pay the second installment as required under the Settlement Agreement. By letter dated February 2, 2022, the Trustee's counsel advised Mr. Fujiwara of his default and demanded payment within ten business days. Although counsel thereafter heard from Mr. Fujiwara's counsel, Mr. Fujiwara has made no offer to make any further payment toward the Settlement Amount.

I declare under penalty of perjury that the foregoing is true and correct, pursuant to 28 U.S.C. § 1746 (2).

Dated: March 23, 2022

/s/ James H. Rollinson
James H. Rollinson, Esq.
Baker Hostetler LLP

*Counsel to the Trustee*

3