**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,Plaintiff-Applicant,v.BERNARD L. MADOFF INVESTMENT SECURITIES LLC,Defendant. | Adv. Pro. No. 08-01789 (CGM)SIPA Liquidation(Substantively Consolidated) |
| In re:BERNARD L. MADOFF,Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff,Plaintiff,v.CREDIT SUISSE AG; CREDIT SUISSE AG, NASSAU BRANCH; CREDIT SUISSE AG, NASSAU BRANCH WEALTH MANAGEMENT; CREDIT SUISSE AG, NASSAU BRANCH LATAM INVESTMENT BANKING; CREDIT SUISSE WEALTH MANAGEMENT LIMITED; CREDIT SUISSE (LUXEMBOURG) SA; CREDIT SUISSE INTERNATIONAL LIMITED; CREDIT SUISSE NOMINEES (GUERNSEY) LIMITED; CREDIT SUISSE LONDON NOMINEES LIMITED; CREDIT SUISSE (UK) LIMITED; AND CREDIT SUISSE SECURITIES (USA) LLC,Defendants. | Adv. Pro. No. 11-02925 (CGM) |

**STIPULATION AND ORDER**

{12024937:2}

**WHEREAS**, on December 12, 2011, Irving H. Picard (the "Trustee"), as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa *et. seq.*, and the substantively consolidated Chapter 7 estate of Bernard L. Madoff, filed a complaint (the "Complaint") (ECF 1) in the above-captioned adversary proceeding against defendants Credit Suisse AG; Credit Suisse AG, Nassau Branch; Credit Suisse AG, Nassau Branch Wealth Management; Credit Suisse AG, Nassau Branch LATAM Investment Banking; Credit Suisse Wealth Management Limited; Credit Suisse (Luxembourg) SA; Credit Suisse International Limited; Credit Suisse Nominees (Guernsey) Limited; Credit Suisse London Nominees Limited; Credit Suisse (UK) Limited; and Credit Suisse Securities (USA) LLC (collectively, "Defendants");

**WHEREAS**, as reflected in the Corporate Ownership Statement filed by Defendants in this action (ECF 6), Defendant Credit Suisse AG, Nassau Branch is a branch of Credit Suisse AG;

**WHEREAS**, as reflected in the Corporate Ownership Statement filed by Defendants in this action (ECF 6), Defendants (i) Credit Suisse AG, Nassau Branch Wealth Management (which, per Defendants, is a/k/a Credit Suisse Nassau Branch Wealth Management a/k/a Credit Suisse Wealth Management Limited) and (ii) Credit Suisse AG, Nassau Branch LATAM Investment Banking are not separate entities, but rather are/were departments within Defendant Credit Suisse AG, Nassau Branch;

**WHEREAS,** Defendant Credit Suisse AG, Nassau Branch is formerly known as and/or the successor to Credit Suisse (Bahamas) Limited a/k/a Credit Suisse (Bahamas);

**WHEREAS**, the Complaint seeks to recover from Defendant Credit Suisse AG, Nassau Branch transfers made to it and to Credit Suisse (Bahamas) Limited;

{12024937:2}                                    2

**WHEREAS,** the Complaint alleges that Defendant Credit Suisse AG, Nassau Branch LATAM Investment Banking is formerly known as and/or the successor to Credit Suisse Investment Bank (Bahamas) Limited;

**WHEREAS**, the Complaint seeks to recover from Defendant Credit Suisse AG, Nassau Branch LATAM Investment Banking transfers made to Credit Suisse Investment Bank (Bahamas) Limited;

**WHEREAS**, as reflected in the Corporate Ownership Statement filed by Defendants in this action (ECF 6), Defendant Credit Suisse Wealth Management Limited was removed from the Bahamas Register of Companies on December 29, 2008, and assigned all of its business, rights, and obligations to Defendant Credit Suisse AG, Nassau Branch effective January 1, 2008, as part of a corporate restructuring, and as such, Credit Suisse AG, Nassau Branch is the successor to all rights and liabilities of Credit Suisse Wealth Management Limited in connection with the claims pending in this case or otherwise relating to Credit Suisse Wealth Management Limited's investments in or redemptions of shares of Fairfield Sentry Limited (as defined in the Complaint);

**WHEREAS**, as reflected in the Corporate Ownership Statement filed by Defendants in this action (ECF 6), Defendant Credit Suisse International Limited is incorrectly named in the caption, throughout the Complaint, and on the docket, with its correct name being "Credit Suisse International";

**WHEREAS,** Count Four of the Complaint seeks recovery of subsequent transfers from Kingate Global Fund, Ltd. ("Kingate Global") from certain Defendants;

{12024937:2}                                              3

**WHEREAS,** Count Five of the Complaint seeks recovery of subsequent transfers from Kingate Euro Fund, Ltd. (together with Kingate Global, the "Kingate Funds") from certain Defendants;

**WHEREAS**, as to Defendant Credit Suisse Securities (USA) LLC, the Complaint seeks recovery of subsequent transfers solely from the Kingate Funds;

**WHEREAS**, on August 6, 2019, the Court entered an Order Pursuant to Section 105(a) of the Bankruptcy Code and Rules 2002 and 9019 of the Federal Rules of Bankruptcy Procedure approving a settlement agreement ("Settlement Agreement") by and among the Trustee and the Kingate Funds. *Picard v. Ceretti,* Adv. Pro. No. 09-01161 (CGM) (Bankr. S.D.N.Y. Aug. 6, 2019), ECF 417. The Settlement Agreement was a full and final settlement and satisfaction of the Trustee's claims against the Kingate Funds. *Picard v. Ceretti*, Adv. Pro. No. 09-01161 (CGM) (Bankr. S.D.N.Y. July 17, 2019), ECF No. 413-2. The release granted by the Trustee in the Settlement Agreement extended to the Kingate Funds' shareholders to the extent that any such shareholders, like Defendants, received transfers of money from the Kingate Funds but did not include a release of claims that the Trustee may bring that are unrelated to the Kingate Funds' investments in or withdrawals from BLMIS. *Id.*;

**IT IS THEREFORE MUTUALLY AGREED AND STIPULATED**, by and between the Trustee and Defendants, and **SO ORDERED**, by the Court:

1. Pursuant to Federal Rule of Bankruptcy Procedure 7041, and Federal Rule of Civil Procedure 41(a)(1), the Trustee's claims in Count Four and Count Five of the Complaint in the above-captioned adversary proceeding are dismissed with prejudice and without costs to any party.

2.   Credit Suisse Securities (USA) LLC is hereby dismissed as a Defendant in this action, and the Complaint shall be deemed so amended.

3.   Credit Suisse AG, Nassau Branch is hereby substituted as a Defendant in this action in place of named Defendants (i) Credit Suisse AG, Nassau Branch Wealth Management, (ii) Credit Suisse AG, Nassau Branch LATAM Investment Banking (and Credit Suisse Investment Bank (Bahamas) Limited); and (iii) Credit Suisse Wealth Management Limited, and the Complaint shall be deemed so amended.  The parties reserve all rights with respect to the status of Credit Suisse AG, Nassau Branch, including whether it is a legal entity capable of being sued or satisfying a judgment.

4.   The name of Defendant Credit Suisse International Limited is hereby corrected to "Credit Suisse International" and the Complaint shall be deemed so amended.

5.   The Clerk of the Court is hereby directed to amend the caption to remove: (i) Credit Suisse Securities (USA) LLC; (ii) Credit Suisse AG, Nassau Branch Wealth Management; (iii) Credit Suisse AG, Nassau Branch LATAM Investment Banking; and (iv) Credit Suisse Wealth Management Limited, as reflected on Exhibit A to this Stipulation.

6.   The Clerk of the Court is hereby directed to amend the caption to correct the name of defendant Credit Suisse International Limited to "Credit Suisse International" as reflected on Exhibit A to this Stipulation.

7.   Undersigned counsel for Defendants: (i) expressly represents that it is counsel to Defendants, and has the authority to execute this Stipulation on behalf of Defendants; and (ii) expressly agrees that the substitutions and changes noted in Paragraphs 1 through 6 hereof shall not be considered an amendment under Federal Rule of Civil Procedure ("FRCP") 15(a)(1)(A) or

(B), and that the Trustee's right to amend, if any, under FRCP 15(a)(1)(A) or (B) is expressly reserved.

8. Except as expressly set forth herein, the parties to this Stipulation reserve all rights, claims and/or defenses they may have and entry into this Stipulation shall not impair or otherwise affect any such rights, claims and/or defenses.

9. This Stipulation may be signed by the parties in any number of counterparts, each of which when so signed shall be an original, but all of which shall together constitute one and the same instrument. A signed facsimile, photocopy, or electronic copy of this Stipulation shall be deemed an original.

**THE REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK**

Dated: New York, New York
       March 24, 2022

**WINDELS MARX LANE & MITTENDORF, LLP**

By: /s/ Kim M. Longo
Robert J. Luddy
Kim M. Longo
Alex Jonatowski
156 West 56th Street
New York, New York 10019
Telephone: (212) 237-1000
rluddy@windelsmarx.com
klongo@windelsmarx.com
ajonatowski@windelsmarx.com

*Special Counsel to Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and for the Chapter 7 Estate of Bernard L. Madoff*

**O'MELVENY & MYERS LLP**

By: /s/ Daniel S. Shamah
William J. Sushon
Daniel S. Shamah
Kayla Haran
7 Times Square
New York, New York 10036
Telephone: (212) 326-2000
wsushon@omm.com
dshamah@omm.com
kharan@omm.com

*Attorneys for Defendants*

**SO ORDERED**



**Dated: March 29, 2022**
**Poughkeepsie, New York**

/s/ Cecelia G. Morris
_____
**Hon. Cecelia G. Morris**
**U.S. Bankruptcy Judge**