**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>        Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>        Defendant. | Adv. Pro. No. 08-01789 (CGM)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>        Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff,<br><br>        Plaintiff,<br><br>v.<br><br>INTESA SANPAOLO SPA (AS SUCCESSOR IN INTEREST TO BANCA INTESA SPA), EURIZON CAPITAL SGR SPA (AS SUCCESSOR IN INTEREST TO EURIZON INVESTIMENTI SGR SPA, F/K/A NEXTRA INVESTMENT MANAGEMENT SGR SPA, AND EURIZON ALTERNATIVE INVESTMENTS SGR SPA, FKA NEXTRA ALTERNATIVE INVESTMENTS SGR SPA), EURIZON LOW VOLATILITY F/K/A NEXTRA LOW VOLATILITY, EURIZON LOW VOLATILITY II F/K/A NEXTRA LOW VOLATILITY II, EURIZON LOW VOLATILITY PB F/K/A NEXTRA LOW VOLATILITY PB, EURIZON MEDIUM VOLATILITY F/K/A NEXTRA MEDIUM VOLATILITY, EURIZON MEDIUM | Adv. Pro. No. 12-01680 (CGM) |

29145676.5

| |
|---|
| VOLATILITY II F/K/A NEXTRA MEDIUM VOLATILITY II, EURIZON TOTAL RETURN F/K/A NEXTRA TOTAL RETURN, <br><br>               Defendants. |

**STIPULATION AND ORDER TO DISMISS CERTAIN TRANSFERS ALLEGED IN THE COMPLAINT AND SET A BRIEFING SCHEDULE**

Plaintiff Irving H. Picard (the "Trustee"), as trustee for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities ("BLMIS") and the estate of Bernard L. Madoff, and defendants Intesa Sanpaolo SpA ("Intesa"), Eurizon Capital SGR SpA, f/k/a Nextra Alternative Investments SGR SpA ("Eurizon Capital"), Eurizon Low Volatility, f/k/a Nextra Low Volatility ("Low Volatility"), Eurizon Low Volatility II, f/k/a Nextra Low Volatility II ("Low Volatility II"), Eurizon Low Volatility PB, f/k/a Nextra Low Volatility PB ("Low Volatility PB"), Eurizon Medium Volatility, f/k/a Nextra Medium Volatility ("Medium Volatility"), Eurizon Medium Volatility II, f/k/a Nextra Medium Volatility II ("Medium Volatility II"), Eurizon Total Return, f/k/a Nextra Total Return ("Total Return," collectively with Low Volatility, Low Volatility II, Low Volatility PB, Medium Volatility, and Medium Volatility II, the "Fund Defendants") (Intesa, Eurizon Capital, the Fund Defendants, as well as each of their predecessors in interest, are referred to collectively herein as the "Defendants," and with the Trustee, collectively the "Parties" and each a "Party"), by and through their respective, undersigned counsel, stipulate as follows:

**WHEREAS**, on May 31, 2012, the Trustee commenced the above-captioned adversary proceeding (the "Adversary Proceeding") by filing a complaint (the "Complaint") against the Defendants to recover subsequent transfers allegedly received from Fairfield Sentry Limited

29145676.5

2

("Fairfield Sentry"), Kingate Global Fund Ltd. ("Kingate Global"), and Kingate Euro Fund Ltd. ("Kingate Euro," and together with Kingate Global, the "Kingate Funds").  ECF No. 1;

**WHEREAS**, on August 6, 2019, the Court entered an Order Pursuant to Section 105(a) of the Bankruptcy Code and Rules 2002 and 9019 of the Federal Rules of Bankruptcy Procedure approving a settlement agreement ("Settlement Agreement") by and among the Trustee and the Kingate Funds.  *Picard v. Ceretti*, Adv. Pro. No. 09-01161 (CGM) (Bankr. S.D.N.Y. Aug. 6, 2019), ECF No. 417.  The Settlement Agreement was a full and final settlement and satisfaction of the Trustee's claims against the Kingate Funds.  *Picard v. Ceretti*, Adv. Pro. No. 09-01161 (CGM) (Bankr. S.D.N.Y. July 17, 2019), ECF No. 413-2.  The release granted by the Trustee in the Settlement Agreement extended to the Kingate Funds' shareholders to the extent that any such shareholders, like the Defendants, received transfers of money from the Kingate Funds but did not include a release of claims that the Trustee may bring that are unrelated to the Kingate Funds' investments in or withdrawals from BLMIS.  *Id.*;

**IT IS HEREBY STIPULATED AND AGREED**, by and between the Parties, and **SO ORDERED**, by the Court:

1.      Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, as incorporated by Rule 7015 of the Federal Rules of Bankruptcy Procedure, the Trustee amends his Complaint to dismiss Count Two against the Defendants.  Specifically, the Trustee's claims to recover subsequent transfers that the Defendants allegedly received from the Kingate Funds, totaling approximately $93,661,909, are hereby dismissed.

2.      Pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, as incorporated by Rule 7041 of the Federal Rules of Bankruptcy Procedure, as a result of the amendment to the Complaint dismissing the transfers that the Defendants allegedly received

29145676.5

3

from the Kingate Funds, the Trustee hereby dismisses (i) all claims in the Adversary Proceeding against: (1) Intesa; (2) Low Volatility II; (3) Low Volatility PB; (4) Medium Volatility II; and (5) Total Return (collectively, the "Dismissed Defendants"), and the Dismissed Defendants are hereby dismissed from the Adversary Proceeding, and (ii) all claims in the Adversary Proceeding to recover subsequent transfers from the Kingate Funds against: (1) Low Volatility and (2) Medium Volatility.

3.   Eurizon Capital, Low Volatility, and Medium Volatility (the "Remaining Defendants") shall respond to the Complaint by April 15, 2022, by filing a motion to dismiss. The Trustee shall respond to the motion by June 14, 2022, and the Remaining Defendants shall file their reply by July 14, 2022.

4.   The Trustee and Remaining Defendants shall seek oral argument on the motion to dismiss at the Court's first available convenience.

5.   The above deadlines granted by this stipulation are without prejudice to the Trustee or Remaining Defendants seeking future extensions of time.

6.   This stipulation may be signed by the Parties in any number of counterparts, each of which when so signed shall be an original, but all of which shall together constitute one and the same instrument. A signed facsimile, photostatic, or electronic copy of this stipulation shall be deemed an original.

29145676.5

Dated: March 29, 2022
New York, New York

| | |
|---|---|
| **YOUNG CONAWAY STARGATT & TAYLOR, LLP** | **DAVIS, POLK, & WARDWELL LLP** |
| By: /s/ Matthew B. Lunn | By: /s/ Andrew Ditchfield |
| Rockefeller Center | 450 Lexington Avenue |
| 1270 Avenue of the Americas, Suite 2210 | New York, New York 10017 |
| New York, New York 10020 | Telephone: (212) 450-4000 |
| Telephone: (212) 332-8840 | Facsimile: (212) 701-5800 |
| Facsimile: (212) 332-8855 | Elliot Moskowitz |
| Matthew B. Lunn | Email: elliot.moskowitz@davispolk.com |
| Email: mlunn@ycst.com | Andrew Ditchfield |
| Justin P. Duda | Email: andrew.ditchfield@davispolk.com |
| Email: jduda@ycst.com | |
| Roxanne M. Eastes | *Attorneys for Defendants Intesa Sanpaolo SpA (as successor in interest to Banca Intesa SpA), Eurizon Capital SGR SpA (as successor in interest to Eurizon Investimenti SGR SpA, f/k/a Nextra Investment Management Sgr SpA, and Eurizon Alternative Investments SGR SpA, f/k/a Nextra Alternative Investments SGR SpA), Eurizon Low Volatility f/k/a Nextra Low Volatility, Eurizon Low Volatility II f/k/a Nextra Low Volatility II, Eurizon Low Volatility Pb f/k/a Nextra Low Volatility PB, Eurizon Medium Volatility f/k/a Nextra Medium Volatility, Eurizon Medium Volatility II f/k/a Nextra Medium Volatility II, and Eurizon Total Return f/k/a Nextra Total Return* |
| Email: reastes@ycst.com | |
| *Attorneys for Plaintiff Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff* | |



**/s/ Cecelia G. Morris**
_____
**Hon. Cecelia G. Morris**
**U.S. Bankruptcy Judge**

**Dated: March 29, 2022**
**Poughkeepsie, New York**

29145676.5