**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>        Plaintiff,<br><br>  v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>        Defendant. | Adv. Pro. No. 08-01789 (CGM)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>        Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff,<br><br>        Plaintiff,<br><br>  v.<br><br>LEGACY CAPITAL LTD.,<br><br>        Defendant. | Adv. Pro. No. 10-05286 (CGM) |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff,<br><br>        Plaintiff,<br><br>  v.<br><br>RAFAEL MAYER, et al.,<br><br>        Defendants. | Adv. Pro. No. 20-01316 (CGM) |

**DECLARATION OF JASON S. OLIVER IN FURTHER SUPPORT OF THE TRUSTEE'S REPLY ON THE MOTION TO CONSOLIDATE THE LEGACY ADVERSARY PROCEEDINGS FOR ALL PRE-TRIAL MATTERS**

I, Jason S. Oliver, declare pursuant to 28 U.S.C. § 1746, that the following is true:

1. I am a member of the Bars of the State of New York and this Court, and a partner at Baker & Hostetler LLP, counsel for plaintiff Irving H. Picard, as trustee (the "Trustee") for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act ("SIPA"), 15 U.S.C. §§ 78aaa, *et seq.*, and the chapter 7 estate of Bernard L. Madoff.

2. As an attorney of record in these proceedings, I am fully familiar with the facts set forth herein. I respectfully submit this declaration in connection with the Trustee's Reply in Further Support of the Motion to Consolidate the Legacy Adversary Proceedings for all Pre-trial Matters (the "Motion"). The adversary proceedings that are subject to the Motion are *Picard v. Legacy Capital Ltd.* (*In re BLMIS*), Adv. Pro. No. 10-05286 (CGM) (Bankr. S.D.N.Y.) (the "Legacy Initial Transfer Action") and *Picard v. Mayer* (*In re BLMIS*), Adv. Pro. No. 20-01316 (CGM) (Bankr. S.D.N.Y.) (the "Legacy Subsequent Transfer Action," and together, the "Legacy Adversary Proceedings").

3. On August 30, 2021, following an appeal in the Legacy Initial Transfer Action, the Second Circuit issued a decision holding that the good faith defense provided in 11 U.S.C. §§ 548(c) and 550(b) is governed by an inquiry notice standard, not willful blindness, and that a SIPA trustee does not bear the burden of pleading a transferee's lack of good faith. *In re Bernard L. Madoff Investment Securities LLC*, 12 F.4th 171, at 191-92, 195-96 (2d Cir. 2021) (the "Good Faith Decision"). The Good Faith Decision vacated Judge Bernstein's April 12, 2016 motion to dismiss decision (the "2016 Decision"). The 2016 Decision dismissed the Trustee's claims against Legacy Capital Ltd. ("Legacy Capital") with the exception of the portion of the claim for fictitious

2

profits as alleged in Count One and remanded the Legacy Initial Transfer Action to this Court for proceedings consistent with the opinion.

4.      This Court then scheduled a status conference for the September 15, 2021 omnibus conference date.  On September 9, 2021, in preparation for the status conference, counsel for the Trustee participated in a conference call with Eric Fisher of Binder & Schwartz LLP.  Mr. Fisher serves as counsel for defendant Legacy Capital and former defendant Khronos, LLC in the Legacy Initial Transfer Action and defendant Rafael Mayer in the Legacy Subsequent Transfer Action.

5.      During the September 9, 2021 call, the Trustee's counsel and Mr. Fisher discussed Legacy Capital answering the operative complaint.  Counsel for the Trustee indicated that the Trustee was also amenable to a case schedule that proceeded in tandem with all claims that survived the pending motions to dismiss in the Legacy Subsequent Transfer Action, which were scheduled for oral argument on September 15, 2021.  Counsel for the Trustee further explained that it would be more efficient for the Legacy Adversary Proceedings to move forward in tandem and allowing for same would provide a better opportunity for a global resolution of the two actions which involve overlapping witnesses, issues, and transactions.  During the call, Mr. Fisher did not object to the prospect of the two actions proceeding in tandem.

6.      On September 15, 2021, this Court presided over oral argument in the Legacy Subsequent Transfer Action in connection with the motions to dismiss filed by defendants Rafael Mayer, David Mayer, and Khronos Liquid Opportunities Fund Ltd. ("KLOF").  Prince Resources LDC ("Prince Resources") and Prince Capital Partners LLC ("Prince Capital") previously agreed to withdraw their motions to dismiss with prejudice following the Good Faith Decision.

7.      On October 27, 2021, this Court issued a memorandum decision in the Legacy Subsequent Transfer Action denying the motions to dismiss filed by Rafael Mayer, David Mayer,

and KLOF. When the Trustee and counsel for the defendants in the Legacy Subsequent Transfer Action conferred on a proposed order for the motion to dismiss decision, Eric Fisher, on behalf of all counsel of record, requested that the answer deadlines for all defendants be set at January 10, 2022, or sixty (60) days following the Court's entry of the order. Mr. Fisher explained that the reason for the extension was to place all defendants, including Prince Resources and Prince Capital, on the same answer schedule. At no point during the communications did Mr. Fisher or any defense counsel advise that the Legacy Subsequent Transfer Action defendants intended to file a joint motion to withdraw the bankruptcy reference.

8.      On January 10, 2022, defendants Rafael Mayer, David Mayer, KLOF, Prince Resources and Prince Capital filed answers to the Subsequent Transfer Complaint.

9.      Without advance notice or a request for the Trustee's consent, on January 26, 2022, the same subsequent transferee defendants who answered, filed a joint motion to withdraw the reference to the Bankruptcy Court (the "Motion to Withdraw the Reference"). The Motion to Withdraw the Reference was assigned to District Court Judge Denise L. Cote. *Picard v. Mayer*, Civ. No. 22 CV 769 (DLC) (S.D.N.Y. Feb. 2, 2022).

10.     On February 9, 2022, after the Motion to Withdraw the Reference was docketed and a briefing schedule was set by the District Court, counsel for the Trustee and Legacy Capital met and conferred via videoconference in connection with a proposed case management plan for the remanded Legacy Initial Transfer Action. During that conference, the Trustee advised that he would not be amending the operative complaint in the Legacy Initial Transfer Action. After counsel discussed the operative pleading, we discussed a deadline for Legacy Capital to file an amended answer, and a deadline for the parties to seek to add necessary parties to the action.

4

Specifically, counsel discussed a deadline for Legacy Capital to file a motion to add BNP Paribas – Dublin Branch as a necessary party to the action.

11. On February 14, 2022, the Trustee sent counsel for Legacy Capital a draft of a proposed case management order pursuant to Federal Rules of Civil Procedure 16 and 26, applicable under Rules 7016 and 7026 of the Federal Rules of Bankruptcy Procedure. The Trustee's draft case management order included a deadline for Legacy Capital to file an amended answer and for the parties to file any motions to add any necessary third parties to the complaint.

12. On February 17, 2022, the Trustee received a mark-up of his proposed case management plan. *See* Declaration of Eric Fisher, Ex. A. Legacy Capital's mark-up struck out the Trustee's proposal and deadline for a motion to join or add additional third parties. *Id.* ¶ 2.a.

13. On February 18, 2022, the Trustee and Legacy Capital met and conferred via videoconference for a second time to discuss Legacy Capital's mark-ups of the proposed case management plan. During the call, the parties primarily discussed the proposed deadlines for fact and expert discovery. The Trustee's counsel explained that the requested eighteen-month fact discovery period was based on Legacy Capital's initial disclosures which identified witnesses located in multiple continents around the world in connection with the issue of BLMIS due diligence.

14. At the conclusion of the February 18 videoconference, Mr. Fisher indicated that he would consult with his client on the dates for fact and expert discovery and respond to the Trustee early the following week. To this day, the Trustee has not heard back from Mr. Fisher regarding a proposed resolution on the scheduling of discovery dates.

I hereby declare under penalty of perjury that the foregoing statements made by me are true and correct.

Dated: March 30, 2022
New York, New York

/s/ Jason S. Oliver
Jason S. Oliver
BAKER & HOSTETLER LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
Email: joliver@bakerlaw.com

*Attorneys for Irving H. Picard,*
*Trustee for the Substantively Consolidated*
*SIPA Liquidation of Bernard L. Madoff*
*Investment Securities LLC and the Chapter*
*7 Estate of Bernard L. Madoff*