# EXHIBIT 5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
                                          :
SECURITIES AND EXCHANGE                   :
  COMMISSION,                             :
                                          :
                  Plaintiff,              :
                                          :    AFFIDAVIT OF
       -against-                          :    FREDERICK M. WERBLOW
                                          :
AVELLINO & BIENES, FRANK J.               :
AVELLINO and MICHAEL S. BIENES,           :    92 Civ. 8314 (JES)
                                          :
                  Defendants.             :
                                          :
------------------------------------------X

TO THE HONORABLE JOHN J. SPRIZZO,
DISTRICT COURT JUDGE

　　　　FREDERICK M. WERBLOW states as follows:

　　　　1.　　I am a partner in the accounting firm of Price Waterhouse, 153 East 53rd Street, New York, New York. By court order dated November 17, 1992 (the "Order"), the Honorable Kenneth Conboy directed that Fred Werblow and Price Waterhouse be engaged by the Trustee, Lee S. Richards, to: "(1) conduct an audit of Avellino & Bienes's ["A&B"] financial statements from 1984 to the present; (2) express an opinion confirming the identity of all noteholders in A&B notes and the amount of principal and accrued interest owed to each such noteholder as of November 16, 1992; and as of the date of distribution of principal and accrued interest to each such noteholder . . . and (3) perform such other duties

by the joint venture. In addition, we had to obtain brokerage statements from Bernard L. Madoff (whom we were told invested essentially all the partnership funds on a fully discretionary basis). His firm has produced records for the A&B accounts only for the period from January 1, 1988 onwards.

23. Moreover, Mr. Avellino initially told us that he was unsure whether there ever were any financial statements of A&B created except possibly once for Chemical Bank; however, on December 30, 1992 Chemical Bank advised that A&B had submitted unaudited financial statements to the bank for each year in the period 1979, 1980 and 1982 to 1986.

24. It was obviously necessary to amend and extend our audit procedures because A&B did not maintain records in a form appropriate for facilitating expedient examination. The following examples illustrate the problem: the legibility of cash receipts and payments journals, the making of adjustments to records without updating subtotals, the absence of narrative explanation for certain transactions, the keeping of manually-prepared records that required more complete testing for arithmetical errors than computer-prepared information, the loan noteholder status reports from Optus that do not display

SECSFA0003690

52. In order to complete our work, I anticipate that (a) we will perform work relating to cash receipts and payments as described above for the years ended December 31, 1989 and December 31, 1990; (b) we will conduct the agreed-upon procedures described in paragraph 17 for years 1984 to 1988; and (c) we will perform additional testing of balance sheet and income statement amounts requested for 1992 and reflected in the tax returns for 1989 through 1991, assuming Mr. Avellino provides all the records and schedules that we have requested. Because the existing $250,000 reserve is insufficient to cover the charges that have already been incurred, we respectfully request that the Court direct A&B to remit some additional sum to the Trustee, such funds to be treated by the Trustee in accordance with paragraph IV B.8 of the Order.

_____
Frederick M. Werblow

Sworn to before me this 15th day of January, 1993.

_____
NOTARY PUBLIC, State of New York

LEE S. RICHARDS III
NOTARY PUBLIC, State of New York
No. 4809092
Qualified in Kings County
Commission Expires March 30, 1993

- 37 -

SECSFA0003705