# EXHIBIT 7

IN THE CIRCUIT COURT FOR THE
17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

COMPLEX LITIGATION UNIT

CASE NO. CACE 12-034123 (07)

P&S ASSOCIATES, GENERAL
PARTNERSHIP, a Florida limited
partnership; and S&P
ASSOCIATES, GENERAL
PARTNERSHIP, a Florida limited
partnership; PHILIP VON KAHLE as Conservator
of P&S ASSOCIATES,
GENERAL PARTNERSHIP, a
Florida limited partnership; and
S&P ASSOCIATES, GENERAL
PARTNERSHIP, a Florida limited partnership,

    Plaintiffs,

vs.

MICHAEL D. SULLIVAN, an
individual, STEVEN JACOB, an
individual, MICHAEL D.
SULLIVAN & ASSOCIATES, INC.,
a Florida corporation, STEVEN F. JACOB,
CPA & ASSOCIATES, INC., a Florida
corporation, FRANK AVELLINO,
an individual, MICHAEL BIENES,
an individual, KELKO FOUNDATION,
INC., a Florida Non Profit Corporation,
and VINCENT T. KELLY, an individual,

    Defendants.
_____/

## MICHAEL BIENES' VERIFIED ANSWERS
## AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

Defendant MICHAEL BIENES ("Bienes"), pursuant to Rule 1.340, Florida Rules of

Civil Procedure, answers and objects to the First Set of Interrogatories ("First Interrogatories")

**BROAD and CASSEL**
One Biscayne Tower, 21st Floor  2 South Biscayne Blvd.  Miami, Florida  33131-1811  305.373.9400

4820-4632-3738.1
42622/0002

<div style="text-align: right">
Case No.: CACE 12-034123 (07)<br>
*P&S Associates General Partnership, et al. v.*<br>
*Michael D. Sullivan, et al.*
</div>

served by Plaintiffs, stating:

### **GENERAL OBJECTIONS APPLICABLE TO ALL INTERROGATORIES**

1. These answers and objections are made solely in relation to this action and are being offered only for the purpose of responding to the First Interrogatories.

2. Bienes objects to Plaintiffs' definition of "Document" insofar as it is vague and ambiguous, overbroad, unduly burdensome, and imposes a discovery obligation greater than permitted under Fla. R. Civ. P. 1.340.

3. Bienes objects to Plaintiffs' definition of "Communicate" insofar as it is vague and ambiguous, overbroad, unduly burdensome, and imposes a discovery obligation greater than permitted under Fla. R. Civ. P. 1.340.

4. Bienes objects to Plaintiffs' Instructions on the grounds that they are vague and ambiguous, overbroad, unduly burdensome, and impose a discovery obligation greater than permitted under Fla. R. Civ. P. 1.340.

5. Bienes objects to the time frame specified for the First Interrogatories—January 1, 1992—on the grounds that it is overbroad and unduly burdensome in its scope.

6. Bienes objects to the First Interrogatories insofar as they purport to require Bienes to produce or disclose privileged communications or attorney work-product on the ground that such a requirement is impermissible under the Florida Rules of Civil Procedure. Any inadvertent disclosure of privileged communications or work product should not be construed as a waiver of the attorney-client privilege or of the work product doctrine to the extent either the privilege or the work product doctrine applies to such inadvertently disclosed information.

<div style="text-align: center">
2<br>
**BROAD and CASSEL**<br>
One Biscayne Tower, 21st Floor  2 South Biscayne Blvd.  Miami, Florida  33131-1811  305.373.9400
</div>

Case No.: CACE 12-034123 (07)
*P&S Associates General Partnership, et al. v.*
*Michael D. Sullivan, et al.*

7. Bienes objects to the First Interrogatories insofar as they purport to require Bienes to produce or disclose information that is not relevant, or is not likely or reasonably calculated to lead to the discovery of admissible evidence.

8. Bienes objects to the First Interrogatories insofar as they purport to require Bienes to produce or disclose information that is equally ascertainable or available to Plaintiffs or that is more readily available to Plaintiffs.

9. Bienes objects to the First Interrogatories insofar as they purport to require Bienes to produce or disclose information that is a matter of public record.

10. Any objection or lack of objection to a particular interrogatory is not to be deemed an admission that Bienes has any information responsive to such interrogatory.

11. These answers are made without prejudice to Bienes' right to supplement his response with any subsequently discovered facts or information responsive to the First Interrogatories.

12. These answers are based on the best knowledge and information presently held by Bienes and is subject to correction, modification, or supplementation as and when additional facts or information become known by Bienes.

13. Bienes incorporates his general objections into each specific answer. Bienes reserves all other objections as to the admissibility, relevance, confidentiality, and materiality of any facts or information produced in response to the Interrogatories.

3

**BROAD and CASSEL**
One Biscayne Tower, 21st Floor  2 South Biscayne Blvd.  Miami, Florida  33131-1811   305.373.9400

4820-4632-3738.1
42622/0002

Case No.: CACE 12-034123 (07)
*P&S Associates General Partnership, et al. v.*
*Michael D. Sullivan, et al.*

## ANSWERS TO INTERROGATORIES

**Interrogatory No. 1:** Please identify the name and address of each person assisting in the drafting of answers to these interrogatories, and for each person, state his/her position and relationship to Defendant.

**Response:** The party answering these interrogatories is Michael Bienes, c/o the undersigned counsel. Bienes was assisted as to objections by the undersigned counsel.

**Interrogatory No. 2:** Please identify the names and addresses of all persons who are believed or known by Defendant or his attorneys to possess any knowledge of any facts described in the Amended Complaint and/or in any pleadings related to this action filed with the Court, including the specific matters of which each such person has knowledge.

**Response:**  Michael Bienes
c/o Jonathan Etra
Broad and Cassel
2 S. Biscayne Blvd., 21st Floor
Miami, Florida 33131

Mr. Bienes has knowledge that he did not participate in the formation of, management of, or any other involvement with S&P/P&S, and knowledge of charitable distributions.

Frank Avellino
c/o Gary Woodfield, Esq.,
Haile, Shaw & Pfaffenberger, P.A.
660 U.S. Highway One, Third Floor
North Palm Beach, FL 33480

Mr. Avellino is believed to have knowledge that Bienes did not participate in the formation of, management of, or any other involvement with S&P/P&S, and knowledge of charitable distributions.

Michael Sullivan
2590 N.E. 41st Street
Fort Lauderdale, FL 33308

Mr. Sullivan is believed to have knowledge regarding S&P/P&S and the payment of charitable distributions.

**Interrogatory No. 3:** Please describe the nature of your relationship with Sullivan, including but not limited to all business and personal undertakings prior to 1992.

**Response:** Bienes objects to this interrogatory on the grounds that it is vague and

4

**BROAD and CASSEL**
One Biscayne Tower, 21st Floor  2 South Biscayne Blvd.  Miami, Florida 33131-1811  305.373.9400

4820-4632-3738.1
42622/0002

Case No.: CACE 12-034123 (07)
*P&S Associates General Partnership, et al. v.*
*Michael D. Sullivan, et al.*

ambiguous, in particular, with respect to the word "undertakings." The term "undertakings" is capable of one or more of several meanings, leaving Bienes in doubt as to what Plaintiffs intend to ask him. Subject to and without waiving the foregoing objections, Bienes states that he had no relationship with Sullivan and knew him only by reputation.

**Interrogatory No. 4:** Please describe the nature of Your relationship with S&P and/or P&S including but not limited to circumstances prior to 1992 leading up to the creation of S&P and P&S; management of S&P and P&S; and the frequency You interacted with the operations of S&P and P&S.

**Response:** Bienes objects to this interrogatory on the ground that it is compound and confusing. Subject to and without waiving the foregoing objections, Bienes states that he had no relationship with P&S or S&P prior to 1992.

**Interrogatory No. 5:** Please describe the relationship between you and 56 Arlington House, LLC, including any relationship by and through Avellino & Bienes.

**Response:** Bienes objects to the phrase "by and through Avellino & Bienes" as vague, ambiguous, and unintelligible. The term is not defined and Bienes cannot be certain as to its meaning. Subject to and without waiving the foregoing objections, Bienes states that the specified entity was created for the limited purpose of holding an apartment located in London, England.

**Interrogatory No. 6:** Please describe the relationship between you and Grosvenor Partners, Ltd. including any relationship by and through Avellino & Bienes.

**Response:** Bienes objects to the phrase "by and through Avellino & Bienes" as vague, ambiguous, and unintelligible. The term is not defined and Bienes cannot be certain as to its meaning. Subject to and without waiving the foregoing objections, Bienes states that he was a partner in Grosvenor Partners, Ltd., but performed no operations or management functions.

**Interrogatory No. 7:** Please describe the relationship between you and Mayfair Ventures, including any relationship by and through Avellino & Bienes.

**Response:** Bienes objects to the phrase "by and through Avellino & Bienes" as vague, ambiguous, and unintelligible. The term is not defined and Bienes cannot be certain as to its meaning. Subject to and without waiving the foregoing objections, Bienes states that he was a partner in the Mayfair Ventures, but performed no operations or management functions.

**Interrogatory No. 8:** Please describe the relationship between you, and Paragon Ventures, and/or Donald Kahan including any relationship by and through Avellino & Bienes.

**Response:** Bienes objects to the phrase "by and through Avellino & Bienes" as vague, ambiguous, and unintelligible. The term is not defined and Bienes cannot be certain as to its meaning. Subject to and without waiving the foregoing objections, Bienes states that he is not

<div align="right">
Case No.: CACE 12-034123 (07)<br>
*P&S Associates General Partnership, et al. v.*<br>
*Michael D. Sullivan, et al.*
</div>

familiar with an entity called "Paragon Ventures." As to Mr. Kahan, Bienes believes he was an acquaintance.

**Interrogatory No. 9:** Please describe the relationship between you and the Kenn Jordan Foundation, Inc., including any relationship by and through Avellino & Bienes.

**Response:** Bienes objects to the phrase "by and through Avellino & Bienes" as vague, ambiguous, and unintelligible. The term is not defined and Bienes cannot be certain as to its meaning. Subject to and without waiving the foregoing objections, Bienes states that he had no relationship with the Kenn Jordan Foundation, Inc.

**Interrogatory No. 10:** Please describe the relationship between you and Elaine Ziffer, including any relationship by and through Avellino & Bienes.

**Response:** Bienes objects to the phrase "by and through Avellino & Bienes" as vague, ambiguous, and unintelligible. The term is not defined and Bienes cannot be certain as to its meaning. Subject to and without waiving the foregoing objections, Bienes states that Ms. Ziffer was a former friend with whom he has lost touch.

**Interrogatory No. 11:** State all facts and/or circumstances under which Defendant received any transfers of funds, payments, and/or distributions from P&S and/or S&P.

**Response:** There were no such transfers, payments or distributions from P&S or S&P.

**Interrogatory No. 12:** State all facts and/or circumstances under which Defendant received any transfers of funds, payments, and/or distributions from Sullivan.

**Response:** Bienes received annual checks for charitable distributions starting in approximately 2004 or 2005.

**Interrogatory No. 13:** Please identify all persons and/or entities to whom assets of P&S and/or S&P were given and/or transferred for any purpose including, but not limed to, custodial possession and/or payment.

**Response:** Bienes has no knowledge of the persons or entities, if any, that received transfers from P&S/S&P.

**Interrogatory No. 14:** Describe the relationship between and among Defendant and P&S and/or S&P; Michael D. Sullivan; Steven Jacob; Sullivan & Powell Solutions in Tax; Guardian Angel Trust, LLC; Michael D. Sullivan & Associates, Inc., Steven F. Jacob, CPA & Associates, Inc.; Frank Avellino; Kelco Foundation, Inc.; and/or Vincent T. Kelly.

**Response:** Bienes had no relationship with P&S or S&P. Bienes had no personal relationship with Sullivan, but was instead acquainted with him through business. Mr. Kelly was Bienes's pastor and personal friend. Mr. Avellino was a former business partner of Bienes.

<div align="center">
6<br>
**BROAD and CASSEL**<br>
One Biscayne Tower, 21st Floor  2 South Biscayne Blvd. Miami, Florida 33131-1811  305.373.9400
</div>

4820-4632-3738.1
42622/0002

Case No.: CACE 12-034123 (07)
*P&S Associates General Partnership, et al. v.*
*Michael D. Sullivan, et al.*

Bienes had no relationship with the other persons or entities mentioned in this interrogatory.

**Interrogatory No. 15:** Identify all communications between and among Defendant and P&S and/or S&P; Michael D. Sullivan; Steven Jacob; Sullivan & Powell Solutions in Tax; Guardian Angel Trust, LLC; Michael D. Sullivan & Associates, Inc., Steven F. Jacob, CPA & Associates, Inc.; Frank Avellino; Kelco Foundation, Inc.; and/or Vincent T. Kelly. For each communication identified, state all facts and/or circumstances surrounding the communication.

**Response:** Bienes objects to this interrogatory on the grounds that it is overbroad and unduly burdensome. It is unreasonable to expect Bienes to remember conversations with parties, if any, dating back more than 22 years. Subject to and without waving the foregoing objections, Bienes had occasional social contacts with Mr. Kelly and occasional telephone calls with Mr. Avellino relating to business. Bienes had no contacts with the other persons or entities mentioned in this interrogatory.

**Interrogatory No. 16:** Please identify practices concerning communications of any kind made to partners of S&P and/or P&S regarding partnership distributions at any time prior to the filing of the Amended Complaint.

**Response:** There were no such communications.

**Interrogatory No. 17:** Please identify all persons who maintained, or were in possession of, books and records, accounting records, ledgers, disbursement records or other business records of P&S and/or S&P, and your basis for such knowledge.

**Response:** Bienes has no knowledge whatsoever as to who maintained or was in possession of the books and records of P&S and/or S&P.

**Interrogatory No. 18:** Please identify all management fees paid to Avellino & Bienes, You, or any entities You control, or to be paid on your behalf to any unrelated entities including the applicable rates, work performed and accounting thereof.

**Response:** Bienes objects to the phrase "Avellino & Bienes" as vague, ambiguous, and unintelligible. The term is not defined and Bienes cannot be certain as to its meaning. Bienes further objects to the interrogatory on the grounds that it is overbroad and unduly burdensome to the extent it seeks information about management fees relative to an entity other than Plaintiffs, and therefore impermissibly seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. To the extent this interrogatory seeks information regarding management fees paid by Plaintiffs to Bienes, there were none.

**Interrogatory No. 19:** Identify any accounting and/or investment advice given and/or received by you concerning investment in P&S and/or P&S.

7
**BROAD and CASSEL**
One Biscayne Tower, 21st Floor  2 South Biscayne Blvd.  Miami, Florida  33131-1811   305.373.9400
4820-4632-3738.1
42622/0002

Case No.: CACE 12-034123 (07)
*P&S Associates General Partnership, et al. v.*
*Michael D. Sullivan, et al.*

**Response:** There was no such advice.

**Interrogatory No. 20:** Identify the names and addresses of all entities in which you or one of your relatives hold a controlling interest. For each entity listed, please list the relationship you have with such entities and any transfers those entities received from P&S and/or S&P.

**Response:** Bienes objects to this interrogatory on the grounds that it is vague and ambiguous, unduly burdensome, seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, and is propounded solely to harass and annoy Bienes. Bienes cannot possibly be expected to know or be asked to testify regarding what entities his relatives may have a controlling interest in, if any. Further, what entities Bienes's relatives own or have a controlling interest in, if any, cannot possibly be relevant to this lawsuit. Subject to and without waiving the foregoing objections, Bienes is not aware of any entity that received transfers of money from P&S and/or S&P.

**Interrogatory No. 21:** Please identify all factors which led to and were considered as part of your decision to move and locate your business in South Florida, and in the office next to S&P and P&S's offices.

**Response:** Bienes objects to this interrogatory on the grounds that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence in this lawsuit. The reasons for Bienes's decision whether to move his business to South Florida was made many years ago and for reasons personal to Bienes which entirely unrelated to any matter relevant to or that would have any bearing on this lawsuit. This interrogatory impermissibly violates Bienes's reasonable expectation of privacy as to irrelevant personal matters.

**Interrogatory No. 22:** Identify the date and nature of any inquiries or investigations concerning P&S and or S&P, and their financial stability.

**Response:** There were no such inquiries or investigations, to Bienes's knowledge, as he was not part of P&S or S&P.

**Interrogatory No. 23:** Why do you believe that you or any entities you controlled received the payments described in the Amended Complaint as "Kickbacks."

**Response:** Bienes objects to this interrogatory on the ground that it impermissibly calls for Bienes to adopt Plaintiffs' position regarding the matters asserted in its Amended Complaint. Bienes further objects to the use of the term "Kickbacks" on the grounds that Bienes does not know what is meant by that term.

**Interrogatory No. 24:** Please state the names of all persons who had knowledge of the payments that you received from Plaintiffs, and the facts and circumstances which led to their knowledge of such payments.

**Response:** Bienes received no payments from Plaintiffs; any payments made to Bienes

8
**BROAD and CASSEL**
One Biscayne Tower, 21st Floor   2 South Biscayne Blvd.   Miami, Florida 33131-1811   305.373.9400
4820-4632-3738.1
42622/0002

<div align="right">
Case No.: CACE 12-034123 (07)<br>
*P&S Associates General Partnership, et al. v.*<br>
*Michael D. Sullivan, et al.*
</div>

as charitable distributions were made by Sullivan. To Bienes's knowledge, no one aside from himself and Sullivan has knowledge regarding those payments.

**Interrogatory No. 25:** Please state the names and contact information of all partners of P&S and S&P which you communicated with.

  **Response:** Bienes did not and does not know who the partners of P&S and S&P were or are, and therefore, Bienes had no communications with them.

**Interrogatory No. 26:** Please state the date and nature of all transfers of money to you or any entities that you control from P&S and/or S&P.

  **Response:** There were no such transfers.

**Interrogatory No. 27:** Please describe the relationship between you, and James and Valerie Judd, including any relationship by and through Avellino & Bienes.

  **Response:** Bienes objects to the phrase "Avellino & Bienes" as vague, ambiguous, and unintelligible. The term is not defined and Bienes cannot be certain as to its meaning. Subject to and without waiving the foregoing objections, Bienes states that the Judds were former friends and associates.

  As to objections:

<div style="margin-left:50%;">

/s/ Jonathan Etra<br>
Mark F. Raymond (373397)<br>
mraymond@broadandcassel.com<br>
ssmith@broadandcassel.com<br>
Jonathan Etra (686905)<br>
jetra@broadandcassel.com<br>
msoza@broadandcassel.com<br>
Shane P. Martin (056306)<br>
smartin@broadandcassel.com<br>
msanchez@broadandcassel.com<br>
BROAD AND CASSEL<br>
One Biscayne Tower, 21st Floor<br>
2 South Biscayne Boulevard<br>
Miami, Florida 33131<br>
Telephone: 305.373.9400<br>
Facsimile: 305.373.9443<br>
*Counsel for Defendant, Michael Bienes*

</div>

Case No.: CACE 12-034123 (07)
*P&S Associates General Partnership, et al. v.*
*Michael D. Sullivan, et al.*

### VERIFICATION PAGE

*[signature]*
MICHAEL BIENES

STATE OF *Florida*     )
                       )SS
COUNTY OF *Broward*    )

The foregoing instrument was sworn to and acknowledged before me this 9th day of April, 2014, by MICAHEL BIENES, who is ✓ personally known to me, or who has produced _____ as identification, after being first duly sworn, deposes and says that he has read the foregoing answers to interrogatories and the same are true and correct and he signed his name thereto for the purposes therein expressed.

(SEAL)

*[signature]*
Notary Public, State of *Florida*
Print Name: *Mary A. Fischer*
My Commission expires: _____

> MARY A. FISCHER
> MY COMMISSION # EE 026377
> EXPIRES: October 25, 2014
> Bonded Thru Notary Public Underwriters

10
**BROAD and CASSEL**
One Biscayne Tower, 21st Floor  2 South Biscayne Blvd.  Miami, Florida  33131-1811  305.373.9400

4820-4632-3738.1
42622/0002