# EXHIBIT 15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,       :
                                          :    92 Civ.
                    Plaintiff,            :
                                          :
                                          :    CONSENT OF FRANK J.
         -against-                        :    AVELLINO TO ORDER OF
                                          :    PRELIMINARY INJUNCTION
                                          :    AND OTHER EQUITABLE
                                          :    RELIEF
                                          :
AVELLINO & BIENES,                        :
FRANK J. AVELLINO, and                    :
MICHAEL S. BIENES,                        :
                                          :
                    Defendants.           :
                                          :
-----------------------------------------x

1. Defendant Frank J. Avellino ("Avellino"), solely for the purpose of settling this Application for Preliminary Injunction and Other Equitable Relief, and without admitting or denying any of the allegations contained in the Complaint of plaintiff Securities and Exchange Commission ("Commission"), except as to jurisdiction, and having read and understood the terms of the annexed Order of Preliminary Injunction and Other Equitable Relief Order ("Order"), admits the service of the Summons and Complaint upon him, appears and admits the in personam jurisdiction of this Court over him and the jurisdiction of this Court over the subject matter of this action, and hereby consents to the entry of the annexed Order without further notice.

2.  Defendant Avellino agrees that this Consent shall be incorporated by reference in and be made part of the annexed Order to be entered against him.

3.  Defendant Avellino waives any right he may have to appeal the annexed Order.

4.  Defendant Avellino enters into this Consent voluntarily and acknowledges that no tender, offer, promise or threat of any kind has been made by plaintiff Commission or any of its members, officers, agents or representatives in consideration of this Consent.

5.  Defendant Avellino further acknowledges that a violation of any of the terms or provisions of the annexed Order may place him in contempt of this Court and subject him to civil and criminal sanctions.

6.  Defendant Avellino further acknowledges that he has been informed and understands that plaintiff Commission, at its sole and exclusive discretion, may refer or grant access to this matter, or any information or evidence gathered in connection therewith or derived therefrom, to any person or entity having appropriate civil, administrative or criminal jurisdiction. In this connection, defendant Avellino acknowledges that no representations regarding the above have been made so as to induce him to enter into this Consent.

7.  Defendant Avellino further acknowledges that he has been informed that plaintiff Commission has not waived, and does

- 2 -

MADOFF_EXHIBITS-03090

not waive, its rights to commence, at its sole and exclusive option: (a) any civil action or civil or criminal contempt proceedings, civil action or administrative proceedings against defendant Avellino, his agents, servants, employees and attorneys-in-fact as a result of this matter; or (b) any further proceedings or action against defendant Avellino arising from or related to facts not alleged in the Complaint.

8.    Defendant Avellino waives any right he may have to assert that, under the Double Jeopardy Clause, the relief consented to in this civil action bars any criminal action, or that any criminal action bars the relief consented to in this action.

9.    Defendant Avellino hereby personally guarantees A&B's obligation to repay all A&B noteholders the full amount of their principal, plus all interest accrued on their notes as of November 16, 1992, or such other date as the parties may agree or the Court may order. Defendant Avellino hereby consents that this guarantee is without waiver of any right of the parties or any noteholder, upon agreement of the parties or order of the Court, to require defendants A&B, Avellino, and Bienes to pay to noteholders interest which accrued from November 16, 1992 until the date of distribution. In the event that the proceeds resulting from the liquidation of all of A&B's brokerage accounts are insufficient to make a complete redemption of A&B's notes, defendant Avellino agrees that he personally will pay to the

- 3 -

Trustee to be appointed pursuant to the Order the amount of such shortfall, to be distributed to A&B noteholders; defendant Avellino may set off against such obligation any amounts paid by defendants A&B and Bienes to cover any such shortfall.

10. Defendant Avellino consents that in the event that the proceeds from the liquidation of A&B's brokerage accounts are insufficient to repay all A&B noteholders the full amount of their principal, plus all interest accrued on their investments as of November 16, 1992, or such date as the parties may agree or the Court may order, the Trustee to be appointed pursuant to the Order may sell securities from the Frank J. Avellino Trustee account, account # 1-A0051-3-0, pursuant to Section IV.B.4. of the Order and use the proceeds to cover such shortfall.

11. Defendant Avellino agrees that no later than November 20, 1992, he will provide to the Commission staff any and all documents necessary to effectuate this Consent and Order.

12. Defendant Avellino agrees that in the event that the proceeds resulting from the liquidation of all of A&B's brokerage accounts plus the proceeds resulting from the liquidation of two personal accounts maintained at the broker-dealer at which A&B maintained its brokerage accounts, the Diane K. Bienes account, account # 1-B0018-3-0, and the Frank J. Avellino Trustee account, account # 1-A0051-3-0, both accounts (the "Personal Accounts"), are insufficient to repay all A&B noteholders the full amount of their principal plus all interest accrued on their notes as of

MADOFF_EXHIBITS-03092

November 16, 1992 or such other date as the parties may agree or the Court may order, then within six business days of receipt of written demand by the Trustee, defendant Avellino will pay to the Trustee appointed pursuant to the Order an amount equal to the shortfall; defendant Avellino may set off against such obligation any amounts paid by defendants A&B and Bienes to cover any such shortfall.

13. Defendant Avellino agrees to accept process by service upon his counsel, Ira Lee Sorkin, by mail with respect to this matter, and any proceeding or actions in connection therewith or deriving therefrom, including process relating to any depositions, hearings, trials or other court or administrative proceedings or investigations.

14. Defendant Avellino further acknowledges that this Consent embodies the entire understanding of the parties.

15. Defendant Avellino agrees that the annexed Order may be presented by the Commission to the Court for signature and entry without further notice.

MADOFF_EXHIBITS-03093

16. Defendant Avellino consents that this Court shall retain jurisdiction of this action for the purpose of implementing and enforcing the terms and conditions of the annexed Order for all purposes.

_____
Frank J. Avellino

State of New York )
                 ) ss.:
County of New York)

On this 17th day of November, 1992, before me personally appeared Frank J. Avellino, to me known and known to be the person who executed the foregoing Consent.

_____
Notary Public
DORI ANN HANSWIRTH
Notary Public, State of New York
No. 31-4929505
Qualified in New York County
Commission Expires April 11, 1994

- 6 -

MADOFF_EXHIBITS-03094

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
                                        :
SECURITIES AND EXCHANGE COMMISSION,     :
                                        :
                    Plaintiff,          :       92 Civ.
                                        :
                                        :
        -against-                       :       CONSENT OF MICHAEL S.
                                        :       BIENES TO ORDER OF
                                        :       PRELIMINARY INJUNCTION
                                        :       AND OTHER EQUITABLE
                                        :       RELIEF
                                        :
AVELLINO & BIENES,                      :
FRANK J. AVELLINO, and                  :
MICHAEL S. BIENES,                      :
                                        :
                    Defendants.         :
                                        :
----------------------------------------x
```

1.   Defendant Michael S. Bienes ("Bienes"), solely for the purpose of settling this Application for Preliminary Injunction and Other Equitable Relief, and without admitting or denying any of the allegations contained in the Complaint of plaintiff Securities and Exchange Commission ("Commission"), except as to jurisdiction, and having read and understood the terms of the annexed Order of Preliminary Injunction and Other Equitable Relief ("Order"), admits the service of the Summons and Complaint upon him, appears and admits the in personam jurisdiction of this Court over him and the jurisdiction of this Court over the subject matter of this action, and hereby consents to the entry of the annexed Order without further notice.

MADOFF_EXHIBITS-03095

2. Defendant Bienes agrees that this Consent shall be incorporated by reference in and be made part of the annexed Order to be entered against him.

3. Defendant Bienes waives any right he may have to appeal from the annexed Order.

4. Defendant Bienes enters into this Consent voluntarily and acknowledges that no tender, offer, promise or threat of any kind has been made by plaintiff Commission or any of its members, officers, agents or representatives in consideration of this Consent.

5. Defendant Bienes further acknowledges that a violation of any of the terms or provisions of the annexed Order may place him in contempt of this Court and subject him to civil and criminal sanctions.

6. Defendant Bienes further acknowledges that he has been informed and understands that plaintiff Commission, at its sole and exclusive discretion, may refer or grant access to this matter, or any information or evidence gathered in connection therewith or derived therefrom, to any person or entity having appropriate civil, administrative or criminal jurisdiction. In this connection, defendant Bienes acknowledges that no representations regarding the above have been made so as to induce him to enter into this Consent.

7. Defendant Bienes further acknowledges that he has been informed that plaintiff Commission has not waived, and does not

- 2 -

MADOFF_EXHIBITS-03096

waive, its rights to commence, at its sole and exclusive option: (a) any civil action or civil or criminal contempt proceedings, civil action or administrative proceedings against defendant Bienes, his agents, servants, employees and attorneys as a result of this matter; or (b) any further proceedings or action against defendant Bienes arising from or related to facts not alleged in the Complaint.

8. Defendant Bienes waives any right he may have to assert that, under the Double Jeopardy Clause, the relief consented to in this civil action bars any criminal action, or that any criminal action bars the relief consented to in this action.

9. Defendant Bienes hereby personally guarantees A&B's obligation to repay all A&B noteholders the full amount of their principal, plus all interest accrued on their notes as of November 16, 1992, or such other date as the parties may agree with or Court may order. Defendant Bienes hereby consents that this guarantee is without waiver of any right of the parties or any noteholder, upon agreement of the parties or order of the Court, to require defendants A&B, Bienes and Avellino to pay to noteholders interest which accrued from November 16, 1992 until the date of distribution. In the event that the proceeds resulting from the liquidation of all of A&B's brokerage accounts are insufficient to make a complete redemption of A&B's notes, defendant Bienes agrees that he personally will pay to the Trustee to be appointed pursuant to the Order the amount of such

- 3 -

MADOFF_EXHIBITS-03097

shortfall, to be distributed to A&B noteholders; defendant Bienes may set off against such obligation any amounts paid by defendants A&B and Avellino to cover any such shortfall.

10. Defendant Bienes consents that in the event that the proceeds from the liquidation of A&B's brokerage accounts are insufficient to repay all A&B noteholders the full amount of their principal, plus all interest accrued on their investments as of November 16, 1992, or such other date as the parties may agree or the Court may order, the Trustee to be appointed pursuant to the Order may sell securities from the Diane K. Bienes account, account # 1-B0018-3-0, pursuant to Section IV.B.4. of the Order, and use the proceeds to cover such shortfall.

11. Defendant Bienes agrees that no later than November 20, 1992, he will obtain from Diane K. Bienes and supply to the Commission staff any and all documents necessary to effectuate this Consent and Order.

12. Defendant Bienes agrees that, in the event that the proceeds resulting from the liquidation of all of A&B's brokerage accounts plus the proceeds resulting from the liquidation of two personal accounts maintained at the broker-dealer at which A&B maintained its brokerage accounts, the Diane K. Bienes account, account # 1-B0018-3-0, and the Frank J. Avellino Trustee account, account # 1-A0051-3-0, (the "Personal Accounts"), are insufficient to repay all A&B noteholders the full amount of

- 4 -

MADOFF_EXHIBITS-03098

their principal plus all interest accrued on their investment as of November 16, 1992, or such other date as the parties may agree or Court may order, within six business days of the written demand by the Trustee, then defendant Bienes will pay to the Trustee appointed pursuant to the Order an amount equal to the shortfall; Defendant Bienes may set off against such obligation any amounts paid by Defendants A&B and Avellino to cover any such shortfall.

13.  Defendant Bienes agrees to accept all process by service upon his counsel, Ira Lee Sorkin, by mail with respect to this matter, and any proceeding or actions in connection therewith or deriving therefrom, including process relating to any depositions, hearings, trials or other court or administrative proceedings or investigations.

14.  Defendant Bienes further acknowledges that this Consent embodies the entire understanding of the parties.

15.  Defendant Bienes agrees that the annexed Order may be presented by the Commission to the Court for signature and entry without further notice.

- 5 -

MADOFF_EXHIBITS-03099

16. Defendant Bienes consents that this Court shall retain jurisdiction of this action for the purpose of implementing and enforcing the terms and conditions of the annexed Order for all purposes.

_____
Michael S. Bienes

State of New York )
                 ) ss.:
County of New York)

On this 17th day of November, 1992, before me personally appeared Michael S. Bienes, to me known and known to be the person who executed the foregoing Consent.

_____
Notary Public
DORI ANN HANSWIRTH
NOTARY PUBLIC, NEW YORK STATE
No. 31-4929505
Qualified in New York County
Commission Expires April 11, 1994

_____
United States District Judge

November 17, 1992
New York, New York

PART ONE

Requirement of a
bond has been
waived on consent.
So ordered.
CC
USDJ
11/17/92

- 6 -

MADOFF_EXHIBITS-03100