# Exhibit 12

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
SECURITIES INVESTOR PROTECTION
CORPORATION,

      Plaintiff-Applicant,     No. 08-01789 (BRL)

    v.           SIPA Liquidation

BERNARD L. MADOFF INVESTMENT   (Substantively Consolidated)
SECURITIES, LLC,

      Defendant.
-----------------------------------------------------------X
IRVING H. PICARD, Trustee for the
Liquidation of Bernard L. Madoff Investment
Securities LLC,

      Plaintiff,

    v.           Adv. Pro. No. 09-01239

FAIRFIELD SENTRY LTD., et al.,

      Defendants.
-----------------------------------------------------------X

**ARGUING ON THE MOTION**:

BAKER & HOSTETLER LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
By: David Sheehan
   Mark A. Kornfeld
   Thomas L. Long
   Marc E. Hirschfield
   Keith R. Murphy
   Jessie M. Gabriel
   Melissa L. Kosack

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated*
*SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and*
*Bernard L. Madoff*

BROWN RUDNICK LLP
Seven Times Square
New York, New York 10036
Telephone: (212) 209-4800
By: David J. Molton
   May Orenstein

1

 Daniel J. Saval
 Kerry L. Quinn

*Attorneys for the Foreign Representatives*

MILBERG LLP
One Pennsylvania Plaza
New York, New York 10119
Telephone: (212) 594-5300
<u>By</u>: Robert A. Wallner
 Kent A. Bronson
 Kristi Stahnke McGregor

     -and-

SEEGER WEISS LLP
One William Street
New York, New York 10004
Telephone: (212) 584-0700
<u>By</u>: Stephen A. Weiss
 Christopher M. Van de Kieft
 Parvin Aminolroaya

*Attorneys for Morning Mist Holdings Limited and Miguel Lomeli*

Before: Hon. Burton R. Lifland
 United States Bankruptcy Judge

# BENCH MEMORANDUM AND ORDER GRANTING TRUSTEE'S MOTION FOR ENTRY OF ORDER APPROVING AGREEMENT

Before the Court is the Motion of the Trustee of the SIPA liquidation of BLMIS seeking approval of a Settlement of the Trustee's instant adversary proceeding (the "Action") as against Fairfield Sentry, Sigma and Lambda (the "Fairfield Funds") pursuant to, *inter alia*, Bankruptcy Rule 9019.[1] While the Fairfield Funds are currently the subject of separate proceedings before this Court under chapter 15 of the Code, the court administering the Fairfield Funds' foreign main insolvency proceedings in the British Virgin Islands (the "BVI Court"), and not this Court,

---

[1] A proposed settlement of the Trustee's adversary proceeding as against a second group of defendants is scheduled to be heard before this Court, in the context of this adversary proceeding as well as the separate chapter 11 case of Greenwich Sentry, L.P., on June 21, 2011. *See In re Greenwich Sentry, L.P.*, Case No. 10-16229 (BRL), Dkt. No. 118.

2

has been called upon to evaluate the Settlement from the perspective of the Fairfield Funds' foreign estates (the "Fairfield Estate"), and is scheduled to do so tomorrow, June 8, 2011. *See* Notice of Hearing, Case No. 10-13164 (BRL), Dkt. No. 411.

Thus, the issue presented by this Motion is solely whether the proposed Settlement is fair and equitable, above "the lowest point in the range of reasonableness," and in the best interests of *the BLMIS estate*. *Liu v. Silverman (in re Liu)*, 166 F.3d 1200, at *1 (2d Cir. 1998) (citing *Protective Comm. For Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968)). In determining reasonableness, courts consider a number of factors, including (i) the probability of success in the litigation; (ii) the difficulties associated with collection; (iii) the complexity of the litigation and attendant expense, inconvenience, and delay; and (iv) the paramount interests of creditors. *In re Refco, Inc.*, No. 06-CIV-5596, 2006 WL 3409088, at *7 (S.D.N.Y. Nov. 16, 2006), *aff'd*, 505 F.3d 109 (2d Cir. 2007); *Air Line Pilots Assoc., Int'l v. Am. Nat'l Bank & Trust Co. (In re Ionosphere Clubs, Inc.)*, 156 B.R. 414, 428 (S.D.N.Y. 1993), *aff'd*, 17 F.3d 600 (2d Cir. 1994); *see also In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 292 (2d Cir. 1992).

The Court finds that the Settlement represents a complete, good faith compromise of the Trustee's claims, is well above the lowest rung in a range of reasonableness, and in fact offers significant value to the BLMIS estate for distribution to victims of the Madoff Ponzi scheme. The Trustee has submitted, in his good faith business judgment, that continued multi-jurisdictional litigation would be costly and complex, collection of any potential award from the domestic and foreign entities involved would be difficult, and the outcome of the litigation is uncertain. *See* Affidavit of Irving H. Picard, Dkt. No. 69, ¶ 4. The proposed Settlement, on the other hand, ensures judgments against the largest Madoff feeder funds in favor of the BLMIS

3

estate totaling over $4 billion,[2] and a cash infusion of $70 million into the customer property fund. The customer claims asserted by the Fairfield Funds have been reduced by south of $1 billion. Moreover, the Trustee's and Foreign Representatives' proposed joint litigation strategies provide for the assignment of claims, and allocation of recoveries, to the BLMIS estate, enhancing the Trustee's ability to achieve substantially greater sums from third parties for ultimate distribution to creditors and customers of the BLMIS estate.

The only objection before the Court was raised not by creditors of the BLMIS estate, but by certain plaintiffs (the "Objectors") in a self-styled derivative action on behalf of Fairfield Sentry, which has been stayed before this Court since recognition of the Fairfield foreign proceedings on July 22, 2010. *See Morning Mist Holdings Ltd. v. Fairfield Greenwich Group, et al.*, 10-03765 (BRL). In a transparent, backdoor attempt to usurp causes of action belonging to the Fairfield Estate, the Objectors present hypothetical, self-serving arguments that the Foreign Representatives and/or Trustee would be less effective than themselves in prosecuting such claims. They therefore argue that the Settlement is prejudicial to the Fairfield Estate. They additionally request that enforcement of the Settlement be stayed pending resolution of their appeal of this Court's order recognizing the Fairfield proceedings and triggering the stay of their action.

As the Objectors' arguments and speculative pecuniary interests relate only to the Fairfield Estate, they lack standing to be heard with respect to the Motion before this Court. As the Second Circuit found, "[b]ankruptcy courts are primarily courts of equity, but they are not empowered to address *any* equitable claim tangentially related to the bankruptcy proceeding." *In*

---

[2] According to the proposed Settlement, with respect to the Trustee's judgment against Sentry, the Trustee agrees to forbear exercising any right to collect $1.13 billion, leaving a judgment against Sentry not subject to forbearance in the amount of $1.924 billion. The Trustee has an admitted claim in Fairfield Sentry's estate provable in the Fairfield proceedings for the full amount of the judgment. Mot., Dkt. No. 69, Ex. A (Form of Agreement), ¶ 1.

4

*re Refco Inc.*, 505 F.3d at 118. The Objectors do not purport to be customers or creditors of the BLMIS estate, but rather hold a *de minimis* stake in Fairfield Sentry. They have not raised their objection before the BVI Court, which will evaluate the Settlement as it relates to the Objectors' interests. While the Objectors contend that the Settlement damages their derivative action on behalf of Fairfield Sentry, they are "not directly and adversely affected pecuniarily . . . because they do not hold a direct interest in the Debtor, [BLMIS]," and therefore lack standing to object to the Trustee's Motion. *In re Refco Inc.*, 2006 WL 3409088, at *2, *6 (holding that "interest holders in and, perhaps, creditors of the non-debtor parties to the settlement" lacked standing to object to the settlement under Bankruptcy Rule 9019).

Assuming, *arguendo*, that the Objectors have standing, they have not established any basis for denying the Settlement or staying its enforcement. The objection on its merits does not challenge the Settlement's value to the BLMIS estate or, for that matter, any ground relevant to its approval. A hypothetical harm to the Objectors' right, which itself is legally uncertain, to pursue derivative actions on behalf of Fairfield Sentry, is insufficient to find the Settlement unreasonable as to the BLMIS estate. The Objectors' request to stay the enforcement of the Settlement pending resolution of their independent appeal is also unwarranted and inappropriate. While Bankruptcy Rule 8005 allows a party to seek a stay of the enforcement of a judgment pending appeal of that judgment, the Objectors have made a novel request, without legal support, that "the proposed stay . . . remain in effect pending determination of the appeal of the Recognition Order – *not* the appeal (if any) from any order approving the Settlement." Obj., Dkt. No. 76, p. 5. The Objectors have not established a basis under Bankruptcy Rule 8005 for a stay of the Settlement pending an appeal of an independent decision, entered over 10 months ago, in a separate case, involving separate parties. Indeed, the Trustee and the BLMIS estate

5

would be unfairly prejudiced, and the goals of the Settlement thwarted, if this Court were to indefinitely stay the enforcement of an agreement promising substantial value to the BLMIS estate and customers and victims of the Madoff Ponzi scheme. The merits of the Settlement as to the Fairfield Estate are left to the expertise of the BVI Court.

Accordingly, as approval of the Settlement is in the best interests of the BLMIS estate and the Objectors have not established otherwise, the Trustee's Motion is hereby GRANTED, and the objection is overruled.

The Trustee is directed to submit an order consistent with this record.

**IT IS SO ORDERED**.

Dated: New York, New York
      June 7, 2011

                                    /s/ Burton R. Lifland
                                    United States Bankruptcy Judge