Lax & Neville LLP
350 Fifth Avenue
Suite 4640
New York, New York 10118
Telephone:  (212) 696 – 1999
Facsimile:  (212) 566 – 4531

*Attorneys for Defendants*
*John Fujiwara and Gladys Fujiwara*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

SECURITIES INVESTOR PROTECTION            :
CORPORATION,                              :        SIPA LIQUIDATION
                                          :
            Plaintiff-Applicant,          :        No. 08-01789 (CGM)
                                          :
      v.                                  :
                                          :
BERNARD L. MADOFF INVESTMENT              :
SECURITIES, LLC,                          :
                                          :
            Defendant.                    :
------------------------------------------------------------X

In re:                                    :
                                          :        Adv. Pro. No. 10-04289 (CGM)
BERNARD L. MADOFF,                        :
                                          :
            Debtor.                       :
------------------------------------------------------------X

IRVING H. PICARD, Trustee for the Liquidation   :
Of Bernard L. Madoff Investment Securities LLC, :
                                                :
            Plaintiff,                          :
                                                :
      v.                                        :
                                                :
JOHN FUJIWARA, in his individual capacity and   :
As Personal Representative of the Estate of     :
Gladys Fujiwara, and THE ESTATE OF GLADYS       :
FUJIWARA,                                       :
                                                :
            Defendants.                         :
------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF LAX & NEVILLE LLP'S MOTION FOR
AN ORDER PURSUANT TO RULE 2090-1(e) OF THE LOCAL BANKRUPTCY RULES
TO WITHDRAW AS COUNSEL TO DEFENDANTS JOHN FUJIWARA AND THE
ESTATE OF GLADYS FUJIWARA**

LAX & NEVILLE LLP ("Lax & Neville") respectfully submits this Memorandum of Law in Support of its Motion for an Order to Withdraw as Counsel (the "Motion"), pursuant to Local Bankruptcy Rule 2090-1(e) of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Southern District of New York ("Local Bankruptcy Rule 2090-1(e)"), and 22 N.Y.C.R.R. Part 1200 Rule 1.16 ("Professional Conduct Rule 1.16"), to Defendants John Fujiwara and the Estate of Gladys Fujiwara ("Defendants").   In support of the Motion, Lax & Neville respectfully states as follows:

## PRELIMINARY STATEMENT

Lax & Neville's Motion should be granted.   Lax & Neville previously represented Defendants in the instant case, *Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC v. John Fujiwara, et al.*, Adv. Pro. No. 10-04289, through conclusion of the original matter and prior to the Trustee's having filed a motion to reopen this matter.   Pursuant to the February 22, 2011 Retainer Agreement ("Retainer Agreement") executed between the parties, upon conclusion of the original matter Lax & Neville's representation of Defendants was effectively terminated.   Since then, Defendants have failed to pay all of their legal fees owed to Lax & Neville and have also failed to respond to correspondence Lax & Neville has sent them.   Pursuant to the New York Rules of Professional Conduct, Lax & Neville's withdrawal under these circumstances is acceptable.   *See* Professional Conduct Rule 1.16(c)(1), (5), (7).   Therefore, good cause exists for the Court to grant this Motion.

## BACKGROUND/PROCEDURAL HISTORY

Defendants are former customers of Bernard L. Madoff Investment Securities ("BLMIS") who opened accounts at BLMIS. On December 11, 2008, Madoff's fraud was exposed and BLMIS customers discovered that the BLMIS brokerage account statements they received were fraudulent. Defendants discovered that they had lost millions of dollars as a result of Madoff's fraud. Declaration of Brian J. Neville, Esq. in Support of the Motion ("Neville Dec.") ¶ 2.

On December 11, 2008, a liquidation proceeding was commenced against BLMIS pursuant to the Securities Investor Protection Act ("SIPA"). *See SEC vs. Madoff*, No. 08-10791, Order (S.D.N.Y. Dec. 15, 2008) (ordering relief under SIPA and transferring the proceeding to the Bankruptcy Court) [Dkt. No. 4]. The Trustee was appointed to oversee the liquidation. *Id*. On December 23, 2008, the Bankruptcy Court ordered the Trustee to provide notice, claim forms and other related documents to customers and creditors of BLMIS, authorizing the Trustee to "satisfy [] a customer's 'net equity' claim, as defined in 15 U.S.C. § 78lll(11)." *See* Order, *In re Bernard L. Madoff Inv. Sec. LLC*, No. 08-01789 (Bankr. S.D.N.Y. Dec. 23, 2009) [Dkt. No. 12]. Neville Dec. ¶ 3.

On November 26, 2010, the Trustee filed the Trustee's Complaint, in which the Trustee commenced an adversary proceeding against Defendants seeking to avoid, as fraudulent transfers, all transfers and withdrawals from Defendants' BLMIS account. The Trustee's Complaint raised six (6) counts, which sought to recover fraudulent transfers based upon federal and state securities laws and the Bankruptcy Code. Specifically, the Trustee's Complaint sought to avoid alleged two-year fraudulent conveyance transfers under the fraudulent conveyance provisions of the Bankruptcy Code, 11 U.S.C. §548(a), and other alleged six-year fraudulent conveyance transfers (which included the two (2) year amount) as actual and constructive

fraudulent conveyances pursuant to N.Y. Debtor and Creditor Law, as applicable under § 544(b) of the Bankruptcy Code (the "Underlying Adversary Proceeding"). Neville Dec. ¶ 4.

On February 22, 2011, Defendants retained Lax & Neville to defend them in connection with the Underlying Adversary Proceeding, and to take all steps necessary to maximize their recovery on their proofs of claim filed against the Madoff SIPA estate. Neville Dec. ¶ 5.

The parties fully settled the Underlying Adversary Proceeding on January 13, 2020 and the parties filed a stipulation of voluntary dismissal, which this Court ordered on January 17, 2020, thereby closing the matter. The closing of the Underlying Adversary Proceeding terminated Lax & Neville's representation of Defendants:

> Clients retain Attorney for the purpose of defending the Clients in the Clawback Action brought by the SIPC Trustee. **Representation includes defending, negotiating and settling any Clawback Action against the Clients by the SIPC Trustee** and matters relating to Clients' account(s) with Madoff.

*See* Retainer Agreement[1], attached to Neville Dec. at Exhibit A (emphasis added). Upon settlement, Lax & Neville's representation in the Underlying Adversary Proceeding was terminated. Neville Dec. ¶ 6.

## **ARGUMENT**

The Local Bankruptcy Rules provide that "[a]n attorney who has appeared as attorney of record may withdraw or be replaced only by order of the Court for cause shown." Local Bankruptcy Rule 2090-1(e). Lax & Neville's request for leave to withdraw as counsel should be granted because its request complies with New York's Disciplinary Rules of the Code of Professional responsibility, which allows attorneys to be withdrawn where their withdrawal can be accomplished without material adverse effect on the interests of the client. Professional Conduct Rule 1.16(c)(1). Defendants expressly retained Lax & Neville to represent them only

---

[1] In the quoted excerpt from the Retainer Agreement, "Clawback Action" refers to the Underlying Adversary Proceeding.

for the duration of the Underlying Adversary Proceeding, which ended on January 17, 2020. After January 17, 2020, Defendants did not retain Lax & Neville's representation in any other matter.   Neville Dec. ¶ 6.   Lax & Neville completed its representation of Defendants as contracted for in the parties' retainer agreement.   The limitation on the scope of the parties' retainer agreement, *supra*, limiting Lax & Neville's representation of Defendants to the Underlying Adversary Proceeding, the only matter Defendants sought Lax & Neville's representation for, without limiting the work Lax & Neville would do in representing Defendants during the Underlying Adversary Proceeding, including no limitations whatsoever on Lax & Neville's "defending, negotiating and settling" the matter, was perfectly reasonable, and Defendants explicitly agreed to it.   Professional Conduct Rule 1.2(c).   Lax & Neville defended, negotiated, and settled that matter, rendering its representation of Defendants complete and terminated.

Since settlement of the Underlying Adversary Proceeding, Lax & Neville has done some additional work for Defendants related to the same matter.   However, despite properly and effectively completing this post-settlement work, Defendants have not paid Lax & Neville their legal fees for its services since August 2021.   Lax & Neville has sent multiple unpaid invoices to Defendants in the many months since and Defendants have neither responded nor paid a single one of these still unpaid invoices.   Neville Dec. ¶ 7.   This alone is good cause to permit Lax & Neville to withdraw as counsel.   Professional Conduct Rule 1.16(c)(5); *see Team Obsolete Ltd. V. A.H.R.M.A. Ltd.*, 464 F. Supp 2d 164, 169 (E.D.N.Y. 2006) ("It is well-settled as a general matter that a client's inability or refusal to pay can constitute a valid ground for withdrawal from representation.") (collecting cases). While "[n]on-payment of legal fees, without more, is not usually a sufficient basis to permit an attorney to withdraw from representation," *In re Albert*,

277 B.R. 38, 50 (Bankr. S.D.N.Y. 2002), in this instance there is more: the termination of the only matter Defendants ever retained Lax & Neville for. *Supra*.

There is *even more* still: Defendants have also not responded to any of Lax & Neville's multiple attempts to contact them since November 2021. Lax & Neville reached out multiple times regarding its unpaid invoices and never heard back. Then, on March 25, 2022, Lax & Neville, upon receiving notice of the Trustee's filing a motion to reopen the Underlying Adversary Proceeding [Dkt. No. 101], immediately contacted Defendants, sending them a letter informing them of the Trustee's motion and enclosing the motion and its supporting documents as a courtesy. Lax & Neville also provided Defendants with the contact information for Trustee's counsel. Lax & Neville provided these documents and information to Defendants to help ensure that they avoid any foreseeable prejudice to their rights, while making clear that it no longer represented Defendants. Professional Conduct Rule 1.16(e). Defendants, again, *never responded*. Neville Dec. ¶ 8; Professional Conduct Rule 1.16(c)(7); "'It is well-settled that a lawyer may seek to withdraw when the client renders it unreasonably difficult for the lawyer to carry out such employment effectively.'… Satisfactory reasons for withdrawal include 'a client's lack of cooperation, including lack of communication with counsel, and the existence of irreconcilable conflict between attorney and client.'" *Farmer v. Hyde Your Eyes Optical, Inc.*, 60 F. Supp. 3d 441, 445 (S.D.N.Y. 2014) (citations omitted).

Finally, given both the termination of Lax & Neville's representation of Defendants over two years ago and Lax & Neville's providing Defendants with courtesy copies and information about the Trustee's new motion to re-open the Underlying Adversary Proceeding immediately upon receiving them, Defendants would not be prejudiced if the Court were to grant the Motion.

## CONCLUSION

Given that Lax & Neville's representation of Defendants was terminated over two years ago and Defendants never sought Lax & Neville's representation again, given that Defendants have failed to pay Lax & Neville's outstanding legal fees for eight months and counting, and given that Defendants have failed to communicate with Lax & Neville or respond to any of Lax & Neville's many attempts to correspond with Defendants for five months and counting, good cause exists to grant this Application.  Accordingly, Lax & Neville respectfully requests that this Court enter an order: (i) allowing it to withdraw itself as counsel of record for the Defendants; and (ii) granting any other and further relief as the Court deems appropriate.

Dated: New York, New York
        April 6, 2022

                                LAX & NEVILLE LLP

                        By:*/s/ Barry R. Lax*
                            Barry R. Lax
                            Brian J. Neville (BN8251)
                            350 Fifth Avenue
                            Suite 4640
                            New York, NY 10118
                            Telephone: (212) 696-1999
                            Facsimile:  (212) 566 - 4531
                            *Attorneys for Defendants*