Lax & Neville LLP
350 Fifth Avenue
Suite 4640
New York, New York 10118
Telephone: (212) 696 – 1999
Facsimile: (212) 566 – 4531

*Attorneys for Defendants*
*John Fujiwara and Gladys Fujiwara*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

| | | |
|---|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | : | SIPA LIQUIDATION |
| Plaintiff-Applicant, | : | No. 08-01789 (CGM) |
| v. | : | |
| BERNARD L. MADOFF INVESTMENT SECURITIES, LLC, | : | |
| Defendant. | : | |

-------------------------------------------------------------X

| | | |
|---|---|---|
| In re: | : | |
| BERNARD L. MADOFF, | : | Adv. Pro. No. 10-04289 (CGM) |
| Debtor. | : | |

-------------------------------------------------------------X

| | |
|---|---|
| IRVING H. PICARD, Trustee for the Liquidation Of Bernard L. Madoff Investment Securities LLC, | : |
| Plaintiff, | : |
| v. | : |
| JOHN FUJIWARA, in his individual capacity and As Personal Representative of the Estate of Gladys Fujiwara, and THE ESTATE OF GLADYS FUJIWARA, | : |
| Defendants. | : |

-------------------------------------------------------------X

**DECLARATION OF BRIAN J. NEVILLE, ESQ. IN SUPPORT OF LAX & NEVILLE LLP'S MOTION FOR AN ORDER PURSUANT TO RULE 2090-1(e) OF THE LOCAL BANKRUPTCY RULES TO WITHDRAW AS COUNSEL TO DEFENDANTS JOHN FUJIWARA AND THE ESTATE OF GLADYS FUJIWARA**

I, Brian J. Neville, Esq., hereby declare, pursuant to 28 U.S.C. § 1746, that the following is true:

1. I am an attorney admitted to practice, and in good standing, in the United States Bankruptcy Court for the Southern District of New York. I am a Managing Partner at LAX & NEVILLE LLP ("Lax & Neville"), counsel of record to Defendants JOHN FUJIWARA and the ESTATE OF GLADYS FUJIWARA ("Defendants"). As such, I am fully familiar with the procedural facts and circumstances regarding this action. I respectfully submit this Declaration in support of Lax & Neville's Motion for an Order Pursuant to Rule 2090-1(e) of the Local Bankruptcy Rules to Withdraw as Counsel to Defendants (the "Motion").

2. Defendants are former customers of Bernard L. Madoff Investment Securities ("BLMIS") who opened accounts at BLMIS. On December 11, 2008, Madoff's fraud was exposed and BLMIS customers discovered that the BLMIS brokerage account statements they received were fraudulent. Defendants discovered that they had lost millions of dollars as a result of Madoff's fraud.

3. On December 11, 2008, a liquidation proceeding was commenced against BLMIS pursuant to the Securities Investor Protection Act ("SIPA"). *See SEC vs. Madoff*, No. 08-10791, Order (S.D.N.Y. Dec. 15, 2008) (ordering relief under SIPA and transferring the proceeding to the Bankruptcy Court) [Dkt. No. 4]. The Trustee was appointed to oversee the liquidation. *Id.* On December 23, 2008, the Bankruptcy Court ordered the Trustee to provide notice, claim forms and other related documents to customers and creditors of BLMIS, authorizing the Trustee to "satisfy [] a customer's 'net equity' claim, as defined in 15 U.S.C. § 78lll(11)." *See* Order, *In re Bernard L. Madoff Inv. Sec. LLC*, No. 08-01789 (Bankr. S.D.N.Y. Dec. 23, 2009) [Dkt. No. 12].

2

4. On November 26, 2010, the Trustee filed the Trustee's Complaint, in which the Trustee commenced an adversary proceeding against Defendants seeking to avoid, as fraudulent transfers, all transfers and withdrawals from Defendants' BLMIS account. The Trustee's Complaint raised six (6) counts, which sought to recover fraudulent transfers based upon federal and state securities laws and the Bankruptcy Code. Specifically, the Trustee's Complaint sought to avoid alleged two-year fraudulent conveyance transfers under the fraudulent conveyance provisions of the Bankruptcy Code, 11 U.S.C. §548(a), and other alleged six-year fraudulent conveyance transfers (which included the two (2) year amount) as actual and constructive fraudulent conveyances pursuant to N.Y. Debtor and Creditor Law, as applicable under § 544(b) of the Bankruptcy Code (the "Underlying Adversary Proceeding").

5. On February 22, 2011, Defendants retained Lax & Neville to defend them in connection with the Underlying Adversary Proceeding, and to take all steps necessary to maximize their recovery on their proofs of claim filed against the Madoff SIPA estate.

6. The parties fully settled the Underlying Adversary Proceeding on January 13, 2020 and the parties filed a stipulation of voluntary dismissal, which this Court ordered on January 17, 2020, thereby closing the matter. The closing of the Underlying Adversary Proceeding terminated Lax & Neville's representation of Defendants pursuant to the parties' Retainer Agreement with Lax & Neville ("Retainer Agreement"):

> Clients retain Attorney for the purpose of defending the Clients in the Clawback Action brought by the SIPC Trustee. **Representation includes defending, negotiating and settling any Clawback Action against the Clients by the SIPC Trustee** and matters relating to Clients' account(s) with Madoff.

3

*See* Retainer Agreement[1], attached hereto at Exhibit A (emphasis added). Upon settlement, Lax & Neville's representation in the Underlying Adversary Proceeding was terminated. After January 17, 2020, Defendants did not retain Lax & Neville's representation in any other matter.

7. Since settlement of the Underlying Adversary Proceeding, Lax & Neville has done some additional work for Defendants related to the same matter. However, despite properly and effectively completing this post-settlement work, Defendants have not paid Lax & Neville their legal fees for its services since August 2021. Lax & Neville has sent multiple unpaid invoices to Defendants in the many months since and Defendants have neither responded nor paid a single one of these still unpaid invoices.

8. Defendants have also not responded to any of Lax & Neville's multiple attempts to contact them since November 2021. Lax & Neville reached out multiple times regarding its unpaid invoices and never heard back. Then, on March 25, 2022, Lax & Neville, upon receiving notice of the Trustee's filing a motion to reopen the Underlying Adversary Proceeding [Dkt. No. 101], immediately contacted Defendants, sending them a letter informing them of the Trustee's motion and enclosing the motion and its supporting documents as a courtesy. Lax & Neville also provided Defendants with the contact information for Trustee's counsel. Lax & Neville provided these documents and information to Defendants to help ensure that they avoid any foreseeable prejudice to their rights, while making clear that it no longer represented Defendants. Defendants, again, *never responded*.

9. No prejudice to the Court or the litigants will result from the granting of the Motion.

---

[1] In the quoted excerpt from the Retainer Agreement, "Clawback Action" refers to the Underlying Adversary Proceeding.

10. Accordingly, as set forth in the Motion, Lax & Neville's request for leave to withdraw as counsel to Defendants should be granted.

Dated: New York, New York
April 6, 2022

LAX & NEVILLE LLP

By: */s/ Brian J. Neville*
Brian J. Neville (BN8251)
350 Fifth Avenue
Suite 4640
New York, NY 10118
Telephone: (212) 696-1999
Facsimile:  (212) 566 - 4531
*Attorneys for Defendants*