# Exhibit A



**LAX & NEVILLE, LLP**
ATTORNEYS AT LAW

**BARRY R. LAX**
BRIAN J. NEVILLE

_____

**SANDRA P. ESPINOSA**
**RAQUEL TERRIGNO**
**GABRIELLE J. PRETTO**

1412 Broadway, Suite 1407
New York, NY 10018
Tel (212) 696-1999
Fax (212) 566-4531
www.laxneville.com

**Of Counsel:**
**DAVID S. RICH**

February 22, 2011

**VIA ELECTRONIC MAIL**

John Fujiwara
Gladys Fujiwara

Re: **Clawback Hourly Retainer Agreement**

Dear Mr. and Mrs. Fujiwara:

This is to confirm that you, John Fujiwara and Gladys Fujiwara ("Clients"), have retained Lax & Neville, LLP ("Attorney"), as counsel to defend Clients in connection with the avoidance claim and/or preference claim brought by the Securities Investor Protection Corporation ("SIPC") Trustee for the Bernard L. Madoff Investment Securities LLC Liquidation ("Madoff"), captioned (1) Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC v. John Fujiwara and Gladys Fujiwara, (referred to herein as the "Clawback Action") and general consultation for Madoff related matters. We appreciate your confidence in us and assure you that we will represent you to the fullest extent of our ability.

This Retainer Agreement is required to be delivered to you by the ethical rules of the New York State Bar Association and is intended to provide a basic description of the terms and conditions of our retention. Please read it carefully and let us know if you have any questions or concerns regarding the terms of our retention prior to signing it. If you have any questions or concerns, it will be our pleasure to discuss them fully with you so that we have a mutually acceptable understanding of our retention and the services to be performed. Once this letter is executed, it will constitute a legally binding agreement between Lax & Neville, LLP, and the Clients, and shall be binding upon and inure to the benefit of the parties and their respective heirs, executors, administrators, legal representatives, successors and assigns.

**Scope of Representation**

Clients retain Attorney for the purpose of defending the Clients in the Clawback Action brought by the SIPC Trustee. Representation includes defending, negotiating and settling any Clawback Action against the Clients by the SIPC Trustee and matters relating to Clients' account(s) with Madoff.

We have further advised you that the pursuit of resolution of this claim may have various tax consequences. Clients understand that Attorney does not render tax advice and is not being

**L**AX
**N**EVILLE

John Fujiwara
Gladys Fujiwara
February 22, 2011
Page 2 of 4

retained to offer such advice to the Clients. We have suggested that Clients may wish to seek independent tax advice from attorneys or accountants who are qualified in tax matters concerning the ramifications of the disposition of the Clawback Action. Moreover, Clients accept responsibility for making any tax payments or filings necessitated by the resolution of the Clawback Action.

**Attorneys' Fees & Expenses**

Our minimum fee is $10,000.00 to represent you in the Clawback Action. Time charges will be billed against the initial minimum fee at the following hourly rates: $475.00 per hour for partners, $450.00 to $300.00 per hour for associates and of counsels, and $100.00 per hour for legal assistants. The minimum fee is non-refundable and will be retained by Attorney regardless of the amount of time spent on the matter. Time charges for work on legal services common to all of Attorney's clawback clients will be apportioned to the clawback clients on a pro-rata basis. Time charges will be invoiced on a monthly basis. Once the minimum fee is used, all future bills will be due and payable upon receipt. Additionally, once the legal fees exceed the initial minimum fee, we may request that you provide an additional retainer amount.

In addition, Clients agree to reimburse Attorney for all expenses Attorney incurs while performing services for Clients. Attorney's Statement of Billing Policies is included with this Retainer Agreement and is part of the terms of Attorney's engagement.

Please be further advised that if Clients decide to discontinue Attorney's services at any time, the Clients shall remain liable for the reasonable value of Attorney's legal services, and expenses incurred to the date of termination.

**Settlement**

Attorney will inform the Clients of any settlement offered by the SIPC Trustee or his representatives. The Clients will individually decide whether to accept any settlement offered.

**Conflict Waiver**

Attorney is representing numerous clients in defense of similar Clawback Actions brought by the Trustee. Although Attorney does not anticipate this situation will adversely affect Attorney's representation of Clients, it is possible that during the course of representation, some clients will have issues that might conflict with that of Clients. For example, if Clients receive a settlement offer from the SIPC Trustee, that offer might be inconsistent and/or different from settlement offers made to other clients. We cannot discuss Clients' settlement offer with other clients and, in turn, cannot discuss other clients' settlement offers with Clients.

Should a conflict occur, Attorney will endeavor to apprise Clients promptly of any such conflict, so that Clients can decide whether to obtain independent counsel. Attorney, in turn, reserves the right to terminate its relationship upon written notice to Clients in the event that

LAX
NEVILLE
John Fujiwara
Gladys Fujiwara
February 22, 2011
Page 3 of 4

Clients fail to cooperate with Attorney in any way which Attorney may reasonably request, or in the event that Attorney determines in its reasonable discretion that it would be improper under rules of professional responsibility or impractical to continue the relationship.

By executing this retainer agreement, Clients are consenting to and acknowledging that Attorney has fully disclosed the possibility of any conflict of interest or potential conflict, which may arise in the future regarding Attorney's representation in the Clawback Action.

**Arbitration**

In the unlikely event that a dispute arises relating to any aspect of this Retainer Agreement letter, each of you has an absolute right to seek arbitration or mediation of that dispute as provided by 22 NYCRR Section 137. Arbitration generally is a faster and less costly process than litigation. An arbitration award is final and binding (with certain, limited rights of review by a court) and Clients would be foregoing several rights including rights to a jury trial and to more extensive pretrial procedures than are usually available in arbitration. The rules of evidence and procedure also are more relaxed in arbitration. The laws of the State of New York will apply in any such arbitration.

Kindly sign this letter to indicate your acceptance of the foregoing, and return the signed copy to my attention, along with a check in the amount of $10,000.00 for the minimum fee. We look forward to working with you on this matter.

By: Very truly yours,
/s/ Brian J. Neville
Brian J. Neville

ACCEPTED AND AGREED TO:

_____
John Fujiwara

Dated: 2/22/11

_____
Gladys Fujiwara

Dated: 2/22/11

**L**AX
**N**EVILLE

John Fujiwara
Gladys Fujiwara
February 22, 2011
Page 4 of 4

# STATEMENT OF BILLING POLICIES

**EXPENSES**  Out-of-pocket charges billed to you include, but are not limited to, such items as messenger services, filing fees, forum fees, witness fees, transcription fees, deposition expenses, computerized legal research, photocopying costs, document management and outside photocopying costs, printing costs, postage and transportation. The standard charges for these services are listed below:

| Service | Current Charge |
|---|---|
| Messenger Service | Actual Charge |
| Photocopies | $0.20/page |
| Overnight Courier | Actual charge |
| Computerized legal research | Hourly rate, which includes standard subscription and maintenance costs and account charges billed by vendors to Lax & Neville, LLP. |

**EXPERTS**  If an expert somehow becomes necessary, you will be directly responsible for retaining expert consultants and witnesses, who will bill you separately. In circumstances where it may be appropriate for Lax & Neville, LLP to engage the expert (such as to preserve any applicable privilege), you will nonetheless be directly responsible for entering into satisfactory financial arrangements with the expert consultant or witness. Prior to retaining an expert, Lax & Neville, LLP will contact you directly to discuss the issue.

**PAYMENT**  Payment is due on receipt of invoice and, except as expressly agreed to otherwise, is not contingent or dependent on the outcome of the engagement, such as prevailing in a lawsuit or concluding a transaction. Lax & Neville, LLP reserves the right to end our work on this matter and any other matters for which we may be simultaneously engaged, and to withdraw from the representation on proper notice if we do not receive payment in full when due.