**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
Rockefeller Center
1270 Avenue of the Americas
Suite 2210
New York, NY 10020
Telephone: (212) 332-8840
Facsimile: (212) 332-8855
Matthew B. Lunn
Michael S. Neiburg (admitted *pro hac vice*)
Justin P. Duda
Christopher M. Lambe (admitted *pro hac vice*)

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>　　　　Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>　　　　Defendant. | Adv. Pro. No. 08-01789 (CGM)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re<br><br>BERNARD L. MADOFF,<br><br>　　　　Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>　　　　Plaintiff,<br><br>v.<br><br>KEN-WEN FAMILY LIMITED PARTNERSHIP; KENNETH W. BROWN, in his capacity as a General Partner of the Ken-Wen Family Limited Partnership; and | Adv. Pro. No. 10-04468 (CGM) |

| |
|---|
| WENDY BROWN, in her capacity as a General Partner of the Ken-Wen Family Limited Partnership, |
|       Defendants. |

**TRUSTEE'S MEMORANDUM OF LAW IN OPPOSITION TO
KENNETH W. BROWN'S MOTION AFTER JUDGMENT TO PETITION
<u>FOR REHEARING TO OPEN, AMEND, OR ALTER A JUDGMENT</u>**

29242822

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ...................................................................................................1

RELEVANT FACTS .......................................................................................................................3

ARGUMENT ...................................................................................................................................4

    I.    Mr. Brown Cannot Meet the Standard for Rule 59(e) or Rule 60(b). .................................4

        A.    The Motion Fails Whether the Court Applies Rule 59(e) or Rule 60(b). .................4

        B.    Reconsideration Is Not Appropriate. .........................................................................5

    II.    Mr. Brown Cannot Meet the Standard for Rule 59(a)(2). ....................................................7

    III.    Rule 50(a) Is Not Applicable. ..............................................................................................8

    IV.    Bankruptcy Rule 3008 Is Not Applicable. ..........................................................................8

    V.    Mr. Brown's Constitutional Arguments Are Unavailing. ....................................................9

        A.    Mr. Brown's Seventh Amendment Argument Must Fail. ........................................9

            1.    Granting Summary Judgment Does Not Violate the Seventh Amendment. ...................................................................................................9

            2.    Mr. Brown Cannot Rely on Ken-Wen and Wendy Werner's Jury Demand. .....................................................................................................10

            3.    Mr. Brown Cannot Introduce Argument Regarding the Seventh Amendment For the First Time in a Motion for Reconsideration. .............11

        B.    The Sixth Amendment Does Not Apply. ................................................................11

    VI.    Remittitur Is Not Warranted. ..............................................................................................12

CONCLUSION ..............................................................................................................................12

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*4 Pillar Dynasty LLC v. New York & Co., Inc.*,
  933 F.3d 202 (2d Cir. 2019) ..........................................................................................8

*In re AMR Corp.*,
  No. 11-15463 (SHL), 2021 WL 5016606 (Bankr. S.D.N.Y. Oct. 28, 2021) ...........................7

*Bailey v. New York Law School*,
  No. 19-3473, 2021 WL 5500078 (2d Cir. Nov. 24, 2021) ......................................................2, 9

*Brooks v. Educational Bus Transp.*,
  No. 14-CV-3237 (SJF) (ARL), 2016 WL 3676417 (E.D.N.Y. July 6, 2016) ..........................9

*Calvi v. Knox Cnty.*,
  470 F.3d 422 (1st Cir. 2006) ............................................................................................9

*Cieszkowska v. Grayline N.Y.*,
  No. 01 CIV. 0128 (LAP), 2001 WL 1512620 (S.D.N.Y. Nov. 28, 2001) .............................7

*In re: Big Apple Energy, LLC Debtor, In re: Clear Choice Energy, LLC Debtor.*,
  No. 18-75807-AST, No. 18-75808-AST, slip op., 2022 WL 997284 (Bankr.
  E.D.N.Y. Apr. 1, 2022) ..................................................................................................6

*Concepcion v. City of New York*,
  No. 15-CV-4844 (AMD) (LB), 2019 WL 3252749 (E.D.N.Y. July 18, 2019) .......................5

*Davidson Pipe Co., Inc. v. Laventhold & Horwath*,
  125 F.R.D. 363 (S.D.N.Y. 1989) ....................................................................................10

*Edmondson v. RCI Hospitality Holdings, Inc.*,
  No. 16-CV-2242 (VEC), slip op., 2021 WL 4499031 (S.D.N.Y. Oct. 1, 2021) .....................5

*In re Enron Corp.*,
  352 B.R. 363 (Bankr. S.D.N.Y. 2006) ..............................................................................8

*Favourite v. 55 Halley Street, Inc.*,
  No. 16-cv-4285 (NSR), slip op., 2020 WL 1165777 (S.D.N.Y. Mar. 10, 2020) ....................5

*Felix v. New York State Dep't. of Corr. and Community Supervision*,
  No. 16-CV-7978 (CS), 2018 WL 8967292 (S.D.N.Y. Oct. 2, 2018) ....................................11

*Goldstein v. State*,
  No. 00 CV 7463 (LTS), 2001 WL 893867 (S.D.N.Y. Aug. 7, 2001) ....................................7

*Griffin Indus. Inc. v. Petrojam, Ltd.*,
    72 F. Supp. 2d 365 (S.D.N.Y. 1999)...................................................................................6

*In re Hassan*,
    527 B.R. 97 (Bankr. E.D.N.Y. 2015) ..................................................................................4

*Interstate Brands Corp.*,
    348 F.3d 761, 762 (8th Cir. 2003) .......................................................................................9

*Janvier v. United States*,
    793 F.2d 449 (2d Cir. 1986)...............................................................................................11

*Jones v. UNUM Life Ins. Co. of Am.*,
    223 F.3d 130 (2d. Cir. 2000)................................................................................................5

*Kennedy v. New York Presbyterian Hosp.*,
    No. 09 Civ. 6256 (RMB), 2011 WL 2847839 (S.D.N.Y. July 6, 2011) ..............................9

*Knox v. John Varvatos Enterprises Inc.*,
    512 F. Supp. 3d 470 (S.D.N.Y. 2021)................................................................................12

*Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*,
    729 F.3d 99 (2d Cir. 2013)...................................................................................................6

*Lichtenberg v. Besicorp Group Inc.*,
    204 F.3d 397 (2d Cir. 2000).................................................................................................5

*McClamrock v. Eli Lilly & Co.*,
    504 F. App'x. 3 (2d Cir. Nov. 29, 2012) .............................................................................9

*Michael v. General Motors*,
    790 F. App'x. 275 (2d. Cir. Oct. 29, 2019).......................................................................10

*Mikulec v. Town of Cheektowaga*,
    302 F.R.D. 25 (W.D.N.Y. 2014).....................................................................................4, 6

*O'Neill v. Krzeminski*,
    839 F.2d 9 (2d Cir. 1988) ..................................................................................................12

*In re Oi Brasil Holding Coöperatief U.A.*,
    582 B.R. 358 (Bankr. S.D.N.Y. 2018)................................................................................7

*Parklane Hosiery v. Shore*,
    439 U.S. 322 (1979)............................................................................................................9

*Parrish v. Sollecito*,
    253 F. Supp. 2d 713 (S.D.N.Y. 2003).................................................................................6

*Rafter v. Liddle*,
   288 F. App'x 768 (2d Cir. 2008) ...................................................................................6

*Russo v. Keough's Turn of the River Hardware, LLC*,
   529 F. App'x. 50 (2d Cir. July 10, 2013)........................................................................9

*Securities Investor Protection Corp. v. Bernard L. Madoff Investment Securities LLC*,
   No. 08-01789 (SMB), slip op., 2019 WL 3436542 (Bankr. S.D.N.Y. 2019)..................6

*Shapiro v. Kronfeld*,
   No. 00 Civ. 6286 (RWS), 2005 WL 183137 (S.D.N.Y. Jan. 27, 2005) ........................5

*Shore v. Parklane Hosiery*,
   565 F.2d 815 (2d Cir. 1977)......................................................................................2, 9

*Shrader v. CSX Transp., Inc.*,
   70 F.3d 255 (2d Cir. 1995).............................................................................................6

*Sorenson v. Wolfson*,
   No. 10 CV. 4596, 2015 WL 4095197 (S.D.N.Y. July 7, 2015)......................................7

*In re Taub*,
   421 B.R. 37 (Bankr. E.D.N.Y. 2009).............................................................................5

*Trademark Research Corp. v. Maxwell Online, Inc.*,
   995 F.2d 326 (2d Cir. 1993).........................................................................................12

*U.S. v. Vilar*,
   979 F. Supp. 2d 443 (S.D.N.Y. 2013)..........................................................................11

*United States v. Clark*,
   984 F.2d 31 (2d. Cir. 1993)............................................................................................5

*USA Certified Merchants, LLC v. Koebel*,
   273 F. Supp. 2d 501 (S.D.N.Y. 2003)............................................................................6

*Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*,
   956 F.2d 1245 (2d Cir. 1992).........................................................................................6

*Watson v. U.S.*,
   Nos. 90 CR. 653 (RWS), 04 Civ. 2222 (RWS), 2005 WL 2560375 (S.D.N.Y. Oct. 12, 2005) ...............................................................................................................5

*Wechsler v. Hunt Health Sys., Ltd.*,
   186 F. Supp. 2d 402 (S.D.N.Y. 2002)......................................................................6, 11

*Williams v. New York City Dep't of Corr.*,
   219 F.R.D. 78 (S.D.N.Y. 2003) ................................................................................6, 11

*In re Windstream Holdings, Inc.*,
   Adv. Pro. No. 19-08246, slip op., 2020 WL 1304147 (Bankr. S.D.N.Y. Mar. 17, 2020) ...................................................................................................................... 10

**STATUTES**

11 U.S.C. § 550(a) ........................................................................................................................ 3

11 U.S.C. § 548(a)(1)(A) .............................................................................................................. 3

15 U.S.C. §§ 78aaa–lll .................................................................................................................. 1

**RULES**

Fed. R. Bankr. P. 3008 .......................................................................................................... 2, 4, 8

Fed. R. Bankr. P. 9023 .................................................................................................................. 5

Fed. R. Civ. P. 50 ...................................................................................................................... 2, 8

Fed. R. Civ. P. 50(a) .............................................................................................................. 2, 4, 8

Fed. R. Civ. P. 59 ................................................................................................................. 2, 5, 7

Fed. R. Civ. P. 59(a)(2) ........................................................................................................ 4, 7, 8

Fed. R. Civ. P. 59(e) ......................................................................................................... 4, 5, 6, 11

Fed. R. Civ. P. 60 ............................................................................................................... 2, 4, 5, 7

Fed. R. Civ. P. 60(b) ..................................................................................................................... 4

Fed. R.Civ. P. 60(b)(6) ................................................................................................................. 5

**OTHER AUTHORITIES**

Wright & Miller, 9B Fed. Prac. & Proc. Civ. § 2523 (3d ed.) ..................................................... 8

Irving H. Picard, as trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa–lll, and the chapter 7 estate of Bernard L. Madoff, respectfully submits this memorandum of law in opposition to Defendant Kenneth W. Brown's motion [Docket No. 220][1] (the "Motion") to amend or alter the Court's *Judgment* [Docket No. 219] (the "Judgment"),[2] memorializing the findings in the *Memorandum Decision Granting Summary Judgment in Favor of the Trustee, Determining Funds Transferred to Defendant, Ken-Wen Family Limited Partnership, are Customer Property, and That Defendant, Kenneth Brown, is Liable for the Debts of Ken-Wen* [Docket No. 213] (the "Decision").

## PRELIMINARY STATEMENT

Mr. Brown's Motion merely rehashes the arguments presented to the Court during summary judgment briefing and oral argument, providing no basis for reconsidering the Judgment. In finding against Mr. Brown, the Court, among other things, held that (1) BLMIS was in fact a Ponzi scheme, (2) BLMIS acted with actual intent to defraud its creditors, (3) Ken-Wen was the initial transferee of the Two-Year Transfers, (4) Mr. Brown was a general partner of Ken-Wen until his dissociation on February 29, 2008—a fact Mr. Brown admitted in his papers and during oral argument—making him liable under Florida state law for the debts of Ken-Wen, and (5) Mr. Brown's 2013 personal bankruptcy did not discharge the debt owed with respect to the Two-Year Transfers. Mr. Brown presents no new evidence and does not (because he cannot) show any clear legal error in the Decision or Judgment. The Motion simply expresses

---

[1] Unless otherwise noted, all Docket references will refer to the above-captioned adversary proceeding (10-04468).

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Judgment.

29242822

Mr. Brown's disagreement with the Judgment, which is not a basis to grant reconsideration under Rule 59 or Rule 60 of the Federal Rules of Civil Procedure (the "Rules").

In addition, much of the relief requested in the Motion is not available to Mr. Brown. For example, Rule 50(a) is not applicable here because Mr. Brown is not requesting judgment of a particular issue before it is presented to a sitting jury. Instead, Mr. Brown is objecting to the Court's grant of summary judgment—an argument not contemplated by Rule 50. Mr. Brown's argument pursuant to Bankruptcy Rule 3008 is also inapplicable because that rule is reserved for challenging the allowance or disallowance of a claim against a debtor's estate.

With respect to Mr. Brown's Seventh Amendment argument, the Court's grant of summary judgment in the Trustee's favor does not violate Mr. Brown's Seventh Amendment right to a jury trial. In fact, courts across the country have consistently held that summary judgment may be entered even if the right to a jury trial on those claims would otherwise exist.[3] The Court duly considered Mr. Brown's and the Trustee's arguments, holding that no genuine issues of material fact exist, making summary judgment in favor of the Trustee appropriate. Thus, Mr. Brown's Seventh Amendment rights have not been violated. Mr. Brown's reliance on the Sixth Amendment is also misguided, as the Sixth Amendment only applies in criminal proceedings.

Finally, with respect to Mr. Brown's request for conditional remittitur, Mr. Brown fails to identify any discernible error in the Court's calculation of damages that warrants this extraordinary relief and he does not explain how the damages award "shocks the conscious" or results in manifest injustice.

---

[3] *See e.g., Bailey v. New York Law School*, No. 19-3473, 2021 WL 5500078, at *3 (2d Cir. Nov. 24, 2021) (affirming district court's grant of summary judgment and holding that the district court did not violate the plaintiff's Seventh Amendment right to a jury by granting defendant's motion for summary judgment "[w]here no genuine issues of material fact exists…" (quoting *Shore v. Parklane Hosiery*, 565 F.2d 815, 819 (2d Cir. 1977)).

2

For all of these reasons, the Court should deny the Motion.

## RELEVANT FACTS

The Court considered voluminous briefing on summary judgment, held oral argument, and granted judgment in favor of the Trustee. The Court found that the Trustee satisfied the burden of proof on the claims for the avoidance and recovery of the four Two-Year Transfers made to Ken-Wen and awarded prejudgment interest for a total judgment of $5,890,500 in favor of the Trustee. *See* Decision, *generally*; Judgment, *generally*. Specifically, the Court held, among other things, that: (1) BLMIS operated as a Ponzi scheme[4] and that the Two-Year Transfers were made with the actual intent to hinder, delay, or defraud its creditors within the meaning of 11 U.S.C. § 548(a)(1)(A) and 550(a);[5] (2) Ken-Wen was the initial transferee of the Two-Year Transfers;[6] (3) Mr. Brown was a general partner of Ken-Wen until his dissociation in February 2008[7]—a fact Mr. Brown admitted in his papers and during oral argument[8]—making him liable under Florida state law for the debts of Ken-Wen;[9] (4) Mr. Brown's 2013 personal bankruptcy filing did not discharge the debt Mr. Brown owes with respect to the Two-Year Transfers;[10] and (5) the Trustee is entitled to prejudgment interest at the rate of four percent (4%) per annum from the SIPA Filing Date through the date of the Judgment.[11]

---

[4] *See* Judgment, ¶ 1(c).

[5] *Id.*, ¶ 1(f).

[6] *Id.*, ¶ 1(g).

[7] *Id.*, ¶ 1(k).

[8] *See* Apr. 13, 2022 Decl. of Christopher M. Lambe, filed contemporaneously herewith, Ex. 1 (Tr. of Feb. 16, 2022 Oral Argument), at 41:20-42:3, 47:16-22; *see also* Mr. Brown's *Reply to the Trustee's Response in Opposition to His Motion for Summary Judgment and Response to Trustee's Cross Motion for Summary Judgment* [Docket No. 203] (the "Brown Response"), ¶ 19; *Defendant Kenneth W. Brown's Motion for Summary Judgment* [Docket No. 174], ¶ 6.

[9] *See* Judgment, ¶¶ 1(m)-(n).

[10] *Id.*, ¶ 1(o).

[11] *Id.*, ¶ 1(p); ¶ 3.

3

Expressing dissatisfaction with the Judgment, Mr. Brown filed the Motion, which advances identical arguments asserted during briefing and oral argument on the motions for summary judgment. No reason for reconsideration of the Judgment exists. Indeed, the issues raised by Mr. Brown in the Motion largely go to enforcement, not granting of summary judgment in favor of the Trustee and the resulting entry of the Judgment.

## ARGUMENT

The Motion should be denied for several reasons. Specifically: (1) the strict standards for reconsideration and/or alteration of a judgment pursuant to Rule 59(e) and Rule 60(b) are not satisfied; (2) Mr. Brown is not entitled to a rehearing of the merits under Rule 59(a)(2); (3) Rule 50(a) is not applicable; (4) Bankruptcy Rule 3008 is not applicable; (5) Mr. Brown's constitutional arguments are unavailing because the Court properly entered summary judgment in favor of the Trustee notwithstanding Mr. Brown's purported right to a jury trial and the Sixth Amendment does not apply to this civil action; and (6) Mr. Brown is not entitled to remittitur because the Judgment does not shock the judicial conscious. Because Mr. Brown cannot carry the heavy burden for any of the extraordinary relief requested, the Motion must be denied.

**I.     Mr. Brown Cannot Meet the Standard for Rule 59(e) or Rule 60(b).**

    **A.     The Motion Fails Whether the Court Applies Rule 59(e) or Rule 60(b).**

The strict standards imposed by either Rule 59(e) or Rule 60(b) cannot be satisfied here. A "motion for reconsideration" is typically construed as either a Rule 59(e) motion to alter or amend the judgment or a Rule 60(b) motion for relief from judgment. *See* Fed. R. Civ. P. 59(e) & 60(b); *Mikulec v. Town of Cheektowaga*, 302 F.R.D. 25, 28 (W.D.N.Y. 2014) (citing cases). A motion to reconsider, regardless of the title, if filed within the time specified by Rule 59(e), is treated as a motion under Rule 59(e). *See In re Hassan*, 527 B.R. 97, 101-02 (Bankr. E.D.N.Y.

4

2015) (holding that because the motion sought relief under both Rule 59 and Rule 60, but was filed within fourteen (14) days of the judgment, the motion should be considered as one made under Rule 59(e)).[12]

Because Mr. Brown filed the Motion within fourteen (14) days of the Judgment, the Court should construe the Motion as one under Rule 59(e).  Regardless, even if the Court were to construe the Motion as one under Rule 60, the decision would be of no moment because the standards applied under Rule 59(e) and Rule 60(b) are the same.  *See Edmondson v. RCI Hospitality Holdings, Inc.*, No. 16-CV-2242 (VEC), slip op., 2021 WL 4499031, at *1-2 (S.D.N.Y. Oct. 1, 2021) (identifying the same factors a court must consider when determining a motion under Rule 59(e) as when determining a motion under Rule 60(b)(6)); *Shapiro v. Kronfeld*, No. 00 Civ. 6286 (RWS), 2005 WL 183137, at *2 (S.D.N.Y. Jan. 27, 2005).  Similar to Rule 59(e), the threshold for granting a motion under Rule 60(b)(6) is high, and "courts consistently deny Rule 60(b)(6) motions from movants who received unfavorable summary judgment decisions and fail to meet the standard." *Favourite v. 55 Halley Street, Inc.*, No. 16-cv-4285 (NSR), slip op., 2020 WL 1165777, at *2 (S.D.N.Y. Mar. 10, 2020) (quoting *Concepcion v. City of New York*, No. 15-CV-4844 (AMD) (LB), 2019 WL 3252749, at *1 (E.D.N.Y. July 18, 2019)).

B.    **Reconsideration Is Not Appropriate.**

The standard for granting reconsideration is strict, and reconsideration will generally be denied unless a defendant identifies "an intervening change of controlling law, the availability of

---

[12] Prior to the 2009 amendment to Fed. R. Bankr. P. 9023, which enlarged the time for moving under Rule 59(e) from ten (10) days to fourteen (14) days, New York Bankruptcy, District, and Circuit Courts routinely held that motions made within ten (10) days of judgment, regardless of heading, should be considered under Rule 59(e). *See In re Taub*, 421 B.R. 37, 43 (Bankr. E.D.N.Y. 2009); *Watson v. U.S.*, Nos. 90 CR. 653 (RWS), 04 Civ 2222 (RWS), 2005 WL 2560375, at *1 (S.D.N.Y. Oct. 12, 2005) (citing *United States v. Clark*, 984 F.2d 31, 32 (2d. Cir. 1993); *Jones v. UNUM Life Ins. Co. of Am.*, 223 F.3d 130, 136-37 (2d. Cir. 2000); *see also Lichtenberg v. Besicorp Group Inc.*, 204 F.3d 397, 401 (2d Cir. 2000).

5

Pg 13 of 20

new evidence, or the need to correct a clear error or prevent manifest injustice." *See Securities Investor Protection Corp. v. Bernard L. Madoff Investment Securities LLC*, No. 08-01789 (SMB), slip op., 2019 WL 3436542, at *4 (Bankr. S.D.N.Y. 2019); *see also Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)); *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (noting such motions will be granted only where the "moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court"). Rule 59(e) was not designed to allow a party "dissatisfied with a court's ruling to secure a rehearing on the merits with respect to issues already decided." *See USA Certified Merchants, LLC v. Koebel*, 273 F. Supp. 2d 501, 503 (S.D.N.Y. 2003); *see also Parrish v. Sollecito*, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003); *Griffin Indus. Inc. v. Petrojam, Ltd.*, 72 F. Supp. 2d 365, 368 (S.D.N.Y. 1999)). Rule 59(e) is not meant to "advance new facts, issues or arguments not previously presented to the court." *See Williams v. New York City Dep't of Corr.*, 219 F.R.D. 78, 83 (S.D.N.Y. 2003) (quoting *Wechsler v. Hunt Health Sys., Ltd.*, 186 F. Supp. 2d 402, 410 (S.D.N.Y. 2002)).

"These criteria are strictly construed against the moving party so as to avoid repetitive arguments on issues that have been considered fully by the court," *Mikulec*, 302 F.R.D. at 28, because a motion for reconsideration is not a vehicle for "taking a second bite at the apple." *Rafter v. Liddle*, 288 F. App'x 768, 769 (2d Cir. 2008) (internal quotation marks and citation omitted). And arguments raised for the first time on a motion for reconsideration are likewise not appropriate because the arguments have not been previously presented to the court, and therefore, could not have been overlooked. *See In re: Big Apple Energy, LLC Debtor, In re: Clear Choice Energy, LLC Debtor.*, No. 18-75807-AST, No. 18-75808-AST, slip op., 2022 WL

6

997284, at *4 (Bankr. E.D.N.Y. Apr. 1, 2022) (citing *In re AMR Corp.*, No. 11-15463 (SHL), 2021 WL 5016606, at *3 (Bankr. S.D.N.Y. Oct. 28, 2021)). In other words, a motion for reconsideration should not relitigate already-resolved issues or assert new arguments that could have been asserted on the first go around. *See Cieszkowska v. Grayline N.Y.*, No. 01 CIV. 0128 (LAP), 2001 WL 1512620, at *1 (S.D.N.Y. Nov. 28, 2001) (quoting *Goldstein v. State*, No. 00 CV 7463 (LTS), 2001 WL 893867, at *1 (S.D.N.Y. Aug. 7, 2001)).

Here, Mr. Brown cannot satisfy the exacting standards under Rule 59 or Rule 60. Mr. Brown does not point to controlling law or any factual matter that the Court overlooked or that could reasonably result in an alteration to the Judgment. Mr. Brown also fails to (1) identify evidence not previously available, (2) point to any authority that would correct a clear error, or (3) demonstrate how reconsideration would prevent manifest injustice. Instead, Mr. Brown merely asks the Court to take another look—to reconsider the identical issues already considered and decided by this Court because Mr. Brown is dissatisfied with the outcome. In fact, Mr. Brown attaches the identical declaration submitted in support of his motion for summary judgment and in opposition to the Trustee's cross-motion for summary judgment. This is the exact type of repetition the Second Circuit has repeatedly held to be inappropriate for reconsideration under Rule 59 and Rule 60.

**II.     Mr. Brown Cannot Meet the Standard for Rule 59(a)(2).**

Mr. Brown's request for a rehearing under Rule 59(a)(2) also must fail. A court may grant a motion for a rehearing pursuant to Rule 59(a)(2) only if (1) the court made a manifest error of law, (2) the court made a manifest error of fact, or (3) newly discovered evidence exists. *See In re Oi Brasil Holding Coöperatief U.A.*, 582 B.R. 358, 370 (Bankr. S.D.N.Y. 2018) (quoting *Sorenson v. Wolfson*, No. 10 CV. 4596 (JGK), 2015 WL 4095197, at *3 (S.D.N.Y. July 7, 2015) (internal citations omitted)). As explained above, Mr. Brown does not introduce

7

previously unavailable evidence or point to any controlling law to establish a manifest error of law that would warrant a rehearing. Similarly, he does not credibly suggest that the Court made a manifest error of fact. Because Mr. Brown cannot satisfy any of the above standards, the Court should deny the Motion for rehearing under Rule 59(a)(2).

### III.    Rule 50(a) Is Not Applicable.

To the extent Mr. Brown seeks relief under Rule 50(a),[13] that relief is unavailable because motions under Rule 50 are available only in cases tried to a jury that has the power to return a binding verdict. *See* Wright & Miller, 9B Fed. Prac. & Proc. Civ. § 2523 (3d ed.) (noting that this point "seems too obvious to merit comment"); *see also 4 Pillar Dynasty LLC v. New York & Co., Inc.*, 933 F.3d 202, 209 n.6 (2d Cir. 2019) (holding that Rule 50 motion was improper because it did not challenge a jury's binding verdict, but instead objected to the district court's independent decision to accept advisory findings). Similar to *Pillar Dynasty*, Mr. Brown is objecting to the Court's independent decision to grant summary judgment—an argument not contemplated by Rule 50.

### IV.    Bankruptcy Rule 3008 Is Not Applicable.

To the extent Mr. Brown moves under Bankruptcy Rule 3008,[14] such argument must fail. The threshold issue of moving for reconsideration pursuant to Bankruptcy Rule 3008 is that the rule is limited to reconsideration "of an order allowing or disallowing a claim." *See In re Enron Corp.*, 352 B.R. 363, 366 (Bankr. S.D.N.Y. 2006). Because the Judgment does not contemplate the allowance or disallowance of a claim against the estate, Bankruptcy Rule 3008 provides no relief to Mr. Brown.

---

[13] *See* Motion, p. 2.

[14] The Trustee includes this argument here in an abundance of caution. Although Mr. Brown does not expressly cite to Bankruptcy Rule 3008, the docket text for the Notice appearing on the Court's docket [Docket No. 222], references Bankruptcy Rule 3008.

8

**V.    Mr. Brown's Constitutional Arguments Are Unavailing.**

Mr. Brown's constitutional arguments must also fail. As explained below, the Court's grant of summary judgment did not run afoul of the Sixth or Seventh Amendments to the United States Constitution.

**A.    Mr. Brown's Seventh Amendment Argument Must Fail.**

**1.    Granting Summary Judgment Does Not Violate the Seventh Amendment.**

The Court properly entered summary judgment in favor of the Trustee. It is black letter law that summary judgment is not inconsistent with the Seventh Amendment. *See Bailey*, 2021 WL 5500078 at *3 (affirming district court's grant of summary judgment and holding that the district court did not violate the plaintiff's Seventh Amendment right to a jury by granting defendant's motion for summary judgment "[w]here no genuine issues of material fact exists…" (quoting *Parklane Hosiery*, 565 F.2d at 819); *see also Brooks v. Educational Bus Transp.*, No. 14-CV-3237 (SJF) (ARL), 2016 WL 3676417, at *2 (E.D.N.Y. July 6, 2016) (citing *Russo v. Keough's Turn of the River Hardware, LLC*, 529 F. App'x. 50, 52 (2d Cir. July 10, 2013) (quoting *Parklane Hosiery v. Shore*, 439 U.S. 322, 336 (1979)); *McClamrock v. Eli Lilly & Co.*, 504 F. App'x. 3, 4 (2d Cir. Nov. 29, 2012) (holding that an award of summary judgment does not violate the Seventh Amendment where there are no disputed issues of material fact)). Indeed, courts across the country have held that "a grant of summary judgment does not compromise the Seventh Amendment's jury trial right because that right exists only with respect to genuinely disputed issues of material fact." *Kennedy v. New York Presbyterian Hosp.*, No. 09 Civ. 6256 (RMB), 2011 WL 2847839, at *4 (S.D.N.Y. July 6, 2011) (finding a Seventh Amendment argument regarding the right to a jury trial unpersuasive) (quoting *Calvi v. Knox Cnty.*, 470 F.3d 422, 427 (1st Cir. 2006); *Interstate Brands Corp.*, 348 F.3d 761, 762 (8th Cir. 2003)); *see also*

9

*Michael v. General Motors*, 790 F. App'x. 275, 276 (2d Cir. Oct. 29, 2019) (same); *In re Windstream Holdings, Inc.*, Adv. Pro. No. 19-08246, slip op., 2020 WL 1304147, at *8 n.13 (Bankr. S.D.N.Y. Mar. 17, 2020) (collecting cases).

Here, the Court entered summary judgment in favor of the Trustee and against Mr. Brown, holding that no genuine issues of material fact exist so as to preclude judgment as a matter of law. *See* Decision, at pp. 11, 13, 16; Judgment, *generally*. Because no genuine issues of material fact exist, Mr. Brown's putative right to a jury trial has not been violated. And in the same vein, the Court cannot now grant his belated demand for a jury trial because no triable issues remain.

### 2. Mr. Brown Cannot Rely on Ken-Wen and Wendy Werner's Jury Demand.

Even if triable issues remain, Mr. Brown never asserted a demand for a jury trial. *See Defendant Kenneth W. Brown's Answer to First Amended Complaint* [Docket No. 122]; *see also* Docket, *generally*. Mr. Brown's alleged reliance on Ken-Wen and Wendy Werner's jury trial demand[15] is misplaced because the issues raised and actually litigated by Mr. Brown—that (1) he is a mere conduit, (2) he was never a general partner of Ken-Wen, or in the alternative, he was a general partner but dissociated in 2006, and (3) his personal bankruptcy discharged his debt liability—are not germane or "embraced by" the issues raised in the Answer filed by Ken-Wen and Wendy Werner. *See Davidson Pipe Co., Inc. v. Laventhold & Horwath*, 125 F.R.D. 363, 366-67 (S.D.N.Y. 1989) (holding that a party may rely on another party's jury demand only if the issues to be decided by a jury are germane and embraced by the original jury demand). Where Mr. Brown freely admitted that Ken-Wen received the Two-Year Transfers and that BLMIS was a Ponzi scheme, *see* Brown Response, ¶¶ 98, 104, Ken-Wen and Wendy Werner

---

[15] *See* Motion, p. 14 n.8 (referencing Docket No. 89).

10

disputed those issues. *See Answer* [of Ken-Wen and Wendy Brown (Werner)] [Docket No. 89], ¶¶ 2, 94, 108, 109, 110. Because Mr. Brown never asserted a jury trial demand and because he cannot rely on the demand made by Ken-Wen and Wendy Werner, his purported right to a jury trial has been waived.

### 3. Mr. Brown Cannot Introduce Argument Regarding the Seventh Amendment For the First Time in a Motion for Reconsideration.

Finally, and as explained above, a motion to amend or reopen a judgment pursuant to Rule 59(e) does not permit a party to raise new arguments for the first time in a motion for reconsideration. *See Williams*, 219 F.R.D. at 83 (quoting *Wechsler*, 186 F. Supp. 2d at 410). The Motion presents the first instance of Mr. Brown's argument regarding his purported right to a jury trial. He had ample opportunity to assert a jury demand in his Answer, brief the issue during summary judgment, and present it to the Court during oral argument. Mr. Brown failed to do so. For each of the reasons cited above, the Court should disregard Mr. Brown's Seventh Amendment argument.

### B. The Sixth Amendment Does Not Apply.

The Sixth Amendment to the United States Constitution provides, in relevant part, that all criminal defendants are afforded the right to be represented by counsel. The Sixth Amendment, by its terms, is limited to criminal prosecutions and does not apply in civil cases. *See U.S. v. Vilar*, 979 F. Supp. 2d 443, 445 (S.D.N.Y. 2013); *Felix v. New York State Dep't. of Corr. and Community Supervision*, No. 16-CV-7978 (CS), 2018 WL 8967292, at *1 (S.D.N.Y. Oct. 2, 2018) (citing *Janvier v. United States*, 793 F.2d 449, 451 (2d Cir. 1986)). This adversary proceeding is obviously a civil action and Mr. Brown's Sixth Amendment argument must therefore fail.

11

## VI. Remittitur Is Not Warranted.

There is no discernible error in the calculation of the damages amount provided in the Judgment that would warrant remittitur. Generally, a court may enter a conditional order of remittitur where (1) "the court can identify an error that caused the jury to include in the verdict a quantifiable amount that should be stricken" and (2) "the award is intrinsically excessive in the sense of being greater than the amount a reasonably jury could have awarded." *See Knox v. John Varvatos Enterprises Inc.*, 512 F. Supp. 3d 470, 491-92 (S.D.N.Y. 2021) (quoting *Trademark Research Corp. v. Maxwell Online, Inc.*, 995 F.2d 326, 337 (2d Cir. 1993)). If a court cannot identify any discernible error, it will not upset a jury verdict unless "the award is so high as to shock the judicial conscience and constitute a denial of justice." *Id.* (quoting *O'Neill v. Krzeminski*, 839 F.2d 9, 13 (2d Cir. 1988)).

Mr. Brown does not point to a discernible error in the Court's award, or explain how the Judgment is intrinsically excessive to the point that it shocks the judicial conscience or constitutes a denial of justice. Nor can he. The Trustee did not seek punitive or consequential damages that were difficult to calculate. The Trustee sought damages only in the total amount of the four Two-Year Transfers received by Ken-Wen, plus prejudgment interest—a simple mathematical calculation. The Judgment is not excessive and should not be set aside or reduced.

## CONCLUSION

There are no grounds to warrant reconsideration or alteration of the Judgment. Indeed, Mr. Brown does not (1) identify a change in controlling law, (2) introduce evidence not previously available, or (3) point to a clearly erroneous legal or factual finding. Mr. Brown's constitutional arguments also fail because granting summary judgment is not inconsistent with the Seventh Amendment where, as here, there are no genuine issues of material fact to be tried to a jury and the Sixth Amendment is not applicable.

Finally, Mr. Brown does not identify a miscalculation of damages or an excessive reward that would warrant conditional remittitur. For all of the foregoing reasons, the Court should deny the Motion.

| | |
|---|---|
| Dated: April 13, 2022<br>New York, New York | YOUNG CONAWAY STARGATT &<br>TAYLOR, LLP<br><br>*/s/ Christopher M. Lambe*<br>Matthew B. Lunn<br>Michael S. Neiburg (admitted *pro hac vice*)<br>Justin P. Duda<br>Christopher M. Lambe (admitted *pro hac vice*)<br>Rockefeller Center<br>1270 Avenue of the Americas, Suite 2210<br>New York, New York 10020<br>Telephone: (212) 332-8840<br>Facsimile: (212) 332-8855<br>Email:  mlunn@ycst.com<br>           mneiburg@ycst.com<br>           jduda@ycst.com<br>           clambe@ycst.com<br><br>*Attorneys for Plaintiff Irving H. Picard,*<br>*Trustee for the Liquidation of Bernard L. Madoff*<br>*Investment Securities LLC* |

13