**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>    Plaintiff-Applicant,<br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>    Defendant. | Adv. Pro. No. 08-01789 (CGM)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>    Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff,<br><br>    Plaintiff,<br>v.<br><br>ASB BANK CORP.,<br><br>    Defendant. | Adv. Pro. No. 11-02730 (CGM) |

## STIPULATION AND ORDER TO DISMISS ALLEGED TRANSFER

Plaintiff Irving H. Picard (the "Trustee"), as trustee for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities and the estate of Bernard L. Madoff, and Defendant ASB Bank Corp. ("ASB," and with the Trustee, the "Parties"), by and through their respective, undersigned counsel, stipulate as follows:

**WHEREAS**, on September 22, 2011, the Trustee commenced the above-captioned adversary proceeding by filing a complaint (the "Complaint") against ASB, *f.k.a.* Atlantic Security Bank, to recover certain alleged subsequent transfers allegedly received by ASB from Fairfield Sentry Limited ("Fairfield Sentry"), as alleged and identified by the Trustee on Exhibit D to the Complaint in the amount of $120,168,691, ECF No. 1,

**WHEREAS**, on March 25, 2022, ASB moved to dismiss the Complaint, ECF Nos. 104 to 108; and

**WHEREAS**, the Trustee has determined that a single alleged subsequent transfer allegedly received by ASB on April 14, 2003, in the amount of $513,267 (the "April 2003 Transfer") should be dismissed;

**IT IS HEREBY STIPULATED AND AGREED**, by and between the Parties, and **SO ORDERED**, by the Court:

1. Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, as incorporated by Rule 7105 of the Federal Rules of Bankruptcy Procedure, the Trustee amends his Complaint to dismiss with prejudice that part of his alleged claim seeking to recover the April 2003 Transfer. Except as set forth herein, this stipulation and order has no effect on the remaining allegations in the Complaint, including the Trustee's alleged claim under Section 550(a) to recover the other transfers ASB allegedly received from Fairfield Sentry, which the Trustee alleges total $119,655,424.

2. By entering into this stipulation, Defendant does not waive or forfeit their defense that they are not subject to personal jurisdiction in this adversary proceeding, and the Parties

reserve all of their respective rights, arguments, objections, and defenses, including without limitation, in the case of Defendant, that the Court lacks personal jurisdiction over them.

Dated:  April 12, 2022
      New York, New York

| **BAKER & HOSTETLER LLP** | **ARNOLD & PORTER KAYE SCHOLER LLP** |
|---|---|
| By: */s/ Torello H. Calvani* <br> 45 Rockefeller Plaza <br> New York, New York 10111 <br> Telephone:  212.589.4200 <br> Facsimile: 212.589.4201 <br> David J. Sheehan <br> Email: dsheehan@bakerlaw.com <br> Torello H. Calvani <br> Email: tcalvani@bakerlaw.com <br> Joanna F. Wasick <br> Email: jwasick@bakerlaw.com <br> Heather R. Wlodek <br> Email: hwlodek@bakerlaw.com <br><br> *Attorneys for Plaintiff Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff* | By: */s/ Rosa J. Evergreen* <br> 601 Massachusetts Ave., NW <br> Washington, DC 20001-3743 <br> Telephone: 202.942.5000 <br> Facsimile: 202.942.5999 <br> Scott B. Schreiber <br> Email: scott.schreiber@arnoldporter.com <br> Rosa J. Evergreen <br> Email: rosa.evergreen@arnoldporter.com <br><br> *Attorneys for ASB Bank Corp.* |



**Dated: April 13, 2022**
**Poughkeepsie, New York**

**/s/ Cecelia G. Morris**
_____
**Hon. Cecelia G. Morris**
**U.S. Bankruptcy Judge**