RECEIVED

APR 1 9 2022

U.S. BANKRUPTCY COURT
POUGHKEEPSIE, NY

**DEFENDANT'S KENNETH W. BROWN REPLY IN SUPPORT OF
DEFENDANT'S MOTION FOR A HEARING TO REOPEN, AMEND, 0R
ALTER A JUDGMENT THAT NO LONGER SERVES THE TRUSTEE'S
ORIGINAL PURPOSE OF FAIRNESS AND EQUITY, AND, (I) RESPOND
TO TRUSTEE'S OBJECTIONS, RESPONSES, AND
COUNTERSTATEMENT OF MATERIAL FACTS, (II) OPPOSITION TO
MATERIAL FACTS MISREPRESENTED IN TRUSTEE'S CROSS-
MOTION TO GRANT SUMMARY JUDGMENT**

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

In re:
SECURITIES INVESTOR PROTECTION
CORPORATION, Adv. Pro. No. 08-01789 (SMB.)
Plaintiff-Applicant, SIPA Liquidation
vs.
(Substantively Consolidated)
BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,
Defendant

_____/

BERNARD L. MADOFF,
Debtor.

_____/

IRVING H. PICARD, Trustee for the    Adv. Pro. No. 10-04468 (SMB.)
Liquidation of Bernard L. Madoff,
Investment Securities, LLC.
Plaintiff,
vs.
KEN-WEN FAMILY LIMITED PARTNERSHIP;
KENNETH W. BROWN, in his capacity as a
General Partner of the Ken-Wen Family Limited
Partnership; WENDY BROWN, a/k/a WENDY WERNER
Defendants.

_____/

RECEIVED

APR 1 9 2022

U.S. BANKRUPTCY COURT
POUGHKEEPSIE, NY

**DEFENDANT'S KENNETH W. BROWN REPLY IN SUPPORT OF
DEFENDANT'S MOTION FOR A HEARING TO REOPEN, AMEND, 0R
ALTER A JUDGMENT THAT NO LONGER SERVES THE TRUSTEE'S
ORIGINAL PURPOSE OF FAIRNESS AND EQUITY, AND (I) RESPOND
IN OPPOSITION TO TRUSTEE'S MEMORANDUM OF LAW TO
OPPOSE DEFENDANT'S MOTION FOR HEARING, (II) OPPOSITION TO
MATERIAL FACTS MISREPRESENTED IN TRUSTEE'S CROSS-
MOTION TO MOTION TO GRANT SUMMARY JUDGMENT**

Defendant Kenneth W. Brown, pro se, respectfully submits this memorandum of law in rebuttal to Plaintiff's memorandum of law [Docket No. 229] in opposition to Defendant Brown's Motion [Docket No. 220] to amend, to alter the Court's Judgment [Docket 219](the "Judgment"), memorializing the findings in the Memorandum Decision Granting Summary Judgment in Favor of the Trustee, Determining Funds Transferred to Defendant, Ken-Wen FLP, are Customer Property, and That Defendant Kenneth Brown is liable for the Debts of Ken-Wen[Docket No. 213] (the "Decision")

## PRELIMINARY STATEMENT

Defendant Kenneth W. Brown ("Defendant Brown"), pro se, states this Hearing is to request the Court for the leave to have a Rehearing on a motion to reconsider upon the evidence to alter, amend, reopen, or dismiss the Judgment. To laud preferentially Honorable Judge Cecelia G. Morris, the findings and opinion arrived for orders in DE 213, and 219 are commonplace decisions of human nature at a time when truth and logic are rare and disruptive. The Motion opposes the Judgment to cite the disputed issues of material fact and discernible error with particularity. Affirming this decision to grant Trustee Picard summary judgment is misapprehended on factual error(s), misstatements of fact, and misrepresentations to bully pulpit the proceeding with grandiloquent and arrogant persuasion to recklessly achieve an unjust Judgment. The Judgment denotes the material mistake(s) of law that fail to acknowledge Defendant's disputed material facts admissible as evidence of affirmative defenses outside the four corners of the Amended Complaint. A Judgment that no longer serves the singular purpose of fairness and equity be more ratably distributed between Madoff's victims of "net winners and Net losers." This Judgment to prevail **"shocks the judicial conscience and constitutes a denial of justice."**

2

A defendant had a death sentence carried out. Prosecutorial hubris is often the cause to promote a persuasive version of circumstantial evidence to prevail over other admissible evidence left unchallenged and unwilfully omitted from the trial. Later, DNA evidence is submitted by Project Innocence to unequivocally reveal that an innocent man was executed for a crime; he did not commit. A wrongful execution of irreversible harm shocks the judicial conscience to distrust American justice. This Judgment commutes a financial death sentence upon Defendant Brown. The Trustee falsely claims Defendant Brown is a "net winner." The evidence is clear and convincingly that Defendant Brown is neither a net winner nor a net loser. He is a nonparty railroaded into nonparty litigation.

The Trustee trumpets the typical "boilerplate" arguments of numerous cases about BLMIS being a Ponzi scheme, bringing net winner Defendant are liable for the clawback transfers, and the omnipotence of law supporting the Trustee collecting over $15 billion in judgments. Meanwhile, the Trustee arrogantly protests that Defendant Brown was given all opportunity to have defenses in this matter heard, but he was a general partner subject to Florida Law for being liable to all partnership debts. In this general partner role, Defendant Brown is responsible for the four transfers to Ken-Wen for the clawback period. The Trustee completely ignores and omits to the Court why this case is distinguishable from the boilerplate cases already tried. First, by being abandoned by fair play and substantial justice, this Defendant was denied the American system of due process. Secondly, by being bootstrapped to the capacity of general partner when as an individual, he lacked the *de facto* elements argued effectively by the Trustee in other cases of factors that comprise a limited partnership.

In contrast, Defendant Brown lacked these similar *de facto* arguments to be an individual accountable to partnership law. Defendant Brown had early 2006, a

3

life-changing event. His wife of thirty years filed for Divorce. This Divorce had moved the Defendant Brown from the family residence into a *de facto* dissociation from Ken-Wen FLP. And in addition, Defendant Brown filed two Court mandated financial affidavits. The financial Affidavit submitted in this action shows none of the Ken-Wen FLP assets or Rule 551 property sought by the Judgment belonging to the Defendant. The Trustee Picard Orwellian hubris soddens an abuse of prosecutorial power as Orwell equates to being perched atop the Empire State Building to see below the diminutive average American on the street. In reality, the manifest injustice of this Judgment is an act of cruelty, making Defendant Brown a more tragic person than the "net loser" basis of the original purpose of fairness; this litigation is sanctioned to benefit. Logically, significant enough to recommend the Trustee to air in an episode on the acclaimed American Greed.

## RELEVANT FACTS

1. On March 15, 2022, the Court ruled in favor of granting a Judgment to the Trustee.

2. The award for the Judgment was: a. Avoidable Transfers $3,850,000.00 b. Prejudgment interest on the Avoidable Transfers $2,040,500.00 at the rate of 4% from December 11, 2008, through March 14, 2022. For Judgment totaling $5,890,500.00.

3. The Two-Year Transfers were made with the actual intent to hinder, delay, or defraud its creditors within the meaning of 11 U.S.C. § 548(a)(1)(A) and 550(a)(b), 551

4. Ken-Wen FLP was the initial transferee of the Two-Year Transfers, but was dissolved by Wendy Brown before June 30, 2010

5. The Court found Mr. Brown, a general partner of Ken-Wen FLP, making him liable under Florida Statute 620.1404 responsible for the debts of Ken-Wen

6. The Court found that Mr. Brown admitted in papers and during oral argument a dissociation occurred February 29, 2008, in contrast to the pleadings, the record, and by Affidavit contained herein

7. The Court found that Mr. Brown's 2013 personal bankruptcy filing did not discharge the debt Mr. Brown owes with respect to the Two-Year Transfers, but mitigates the Trustee failing to notice the Court upon discovery in October 2015 about this claim

8. The Trustee is entitled to prejudgment interest at the rate of four percent (4%) per annum from the SIPA Filing Date through the date of the Judgment for the time value of money given the Defendant, who was not the ultimate transferee who had none the money process the time. The Trustee has willful blindness to not "follow the money."

9. Oral testimony was heard for the initial showing for summary judgment. Attorney Mark Roher argued a narrow legal issue of Florida Statue 620.1607(1), A persons dissociation as a general partner does not of itself discharge a person's liability as a general partner for an obligation of the limited partnership incurred before dissociation to support the Defendant's summary judgment. However, No obligation existed at all times material supported by Florida law regarding Kenneth Brown's dissociation occurred before the transaction became an obligation by Ken-Wen FLP. This narrow legal argument is unfairly limited to overlooking the material facts referenced in prior pleadings, including [Docket No. 203, 204, and Affidavit].

5

10. Trustee motion for summary judgment appeared on the simplicity of 1) four undisputed cash withdrawals by Ken-Wen FLP from 2006 to 2008, the clawback period; 2) Florida Statute 620.1404(1) "[U]nder Florida law (1)Except as otherwise provided in subsections (2) and (3), all general partners are liable jointly and severally for all obligations of the limited partnership unless otherwise agreed by the claimant or **provided by law**", 3) Kenneth Brown dissociated on February 29, 2008, as a general partner falls within the petition date two years of filing; and 4) Florida Statute 620.1607(3) Less than two years had passed from Brown's dissociation when the SIPA case was filed and, as such, Brown is liable, pursuant to § 620.1607(3) of Florida's Revised Uniform Limited Partnership Act, for these debts incurred by Ken-Wen.

11. Defendant Brown executed an Affidavit on February 4, 2022 [Docket No.203] p3 line 16, 17, 18 that explicitly states, I expressly [1]resigned any, general partner's interests and official capacity of a general partner in early 2006 after Wendy Brown filed for Divorce. [Case No. 50-2006-DR-001321-SB

12. Defendant Brown, sworn by Affidavit, at no time received process service, summons, personal service, or notice to be heard or defend this litigation in violation of the American system of due process. The Court had an incorrect address until DE 62 Default Judgment.

---

[1] **620.1603  Dissociation as general partner.**—A person is dissociated from a limited partnership as a general partner upon the occurrence of any of the following events:

(1)  The limited partnership's having notice of the person's express will to withdraw as a general partner or on a later date specified by the person;

13. By Affidavit, at no time during this litigation did I have notice or be provided informed consent for Bernfeld, DeMatteo & Bernfeld to represent Defendant Brown in the capacity of general partner.

14. By Affidavit, I attest that all correspondence, Court papers, and Attorney communications went to Wendy Brown's address and Doris Shaw, registered agent, with no contact with me.

15. I attested by Affidavit that 100% of Ken-Wen FLP assets and the four subject transfers went to Ken-Wen FLP and subsequently and ultimately from dissolution to Wendy Brown. "I did not receive any of so-called transfers, withdrawals, or distributions, the Trustee's claims personally. I am not an avoidable "initial transferee" or the "ultimate transferee". Rule 550(a)(1)(2) (b)(2)[2] 551[3]

16. On January 9,2021, Trustee granted a voluntary dismissal for Defendant Wendy Brown with prejudice the terms of which were not disclosed.[4]The Trustee leveraged a separate settlement[5], which satisfies debt in the

---

[2] the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from—

(1) the initial transferee of such transfer or the **entity for whose benefit such transfer was made**; or

(2**) any immediate or mediate transferee of such initial transferee**.

**(b)** The trustee may not recover under section (a)(2) of this section from—

 (2**) any immediate or mediate good faith transferee of such transferee**.

[3] Any transfer avoided under section 522, 544, 545, 547, 548, 549, or 724(a) of this title, or any lien void under section 506(d) of this title, is preserved for the benefit of the **estate but only with respect to property of the estate.**

[4] Section 550 – Liability of transferee of avoided transfer **(d)** The trustee is entitled to only a single satisfaction under subsection

[5] Wendy Werner fka Wendy Brown obstenibly agreed to settlement Case No. 10-04361

matter by an offset in negotiation. Trustee released a joint and severally liability at its discretion to the detriment of Defendant Brown. The Trustee, in good faith, does not get two bites at the apple to leverage Wendy Brown in one case in favor of another.

## ARGUMENT

17. However, this narrow oral argument of an initial hearing on February 24, 2022 is insufficient and premature for justice to prevail when [Docket No. 203, 204] had enumerated to point to Defendant Brown's multiple issues of genuine matters in the record of disputed material fact. The evidence in [Docket No. 203, 204] causes the summary judgment was made premature to adequately show genuine disputes of material fact to find a Judgment. Especially, when the evidence is sufficiently admissible that **no reasonable jury could find for the Trustee's Judgment**.

18. Summary Judgment is appropriate only if there is no genuine dispute of material fact to be decided. All reasonable inferences the Court is to make in favor of the opposing party to view the evidence in the light most favorable to that party. The Court may not choose between two versions of events and grant summary judgment to the party whose version is more persuasive. *The Supreme Court held that when a party will bear a heightened burden of proof at trial, the Court should use a higher standard in scrutinizing the evidence at the summary judgment stage. And the entry of Judgment is the same at the summary-judgment stage as at Judgment as a matter of law.* [Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 377 (1986)

19. The Trustee alleges *"There are no grounds to warrant reconsideration or alteration of the Judgment"* is a false statement. Clearly, the Court moves *"to correct a clear error or prevent manifest injustice."* Fed.R.Civ.P.

8

59(a)(2) *Further Action After a Nonjury Trial.* After a nonjury trial, the Court may, on a motion for a new trial, open the Judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment.

a. By Affidavit, Defendant Brown denies the *de facto* capacity of general partner. This is a factual matter for weighing the evidence and creditability of a witness. The fact remains that Defendant Brown was a mere agent after the Divorce was filed without the requisite "dominion and control" given a general partner, and the record supports was not the *initial transferee*. Defendant Kenneth Brown was not, in fact, an initial transferee. Defendant Kenneth Brown, in fact, in the final analysis was not an ultimate transferee, either. Albeit defined in "writing for the Court of Appeals, Judge Easterbrook held that a bank holding a third-party investor's note of $200,000 was not an initial transferee. Id. He commented that the third party-investor was free to invest his money "in lottery tickets or uranium stocks." Id. The Bonded Financial "dominion" and "control" test is followed by a majority of the Circuits. See Bowers v. Atlanta Motor Speedway, Inc. (In re Southeast Hotel Prop. Ltd P'ship), 99 F.3d 151, 156 (4th Cir. 1996); First Nat'l Bank v. Brunson (In re Coutee), 984 F.2d 138, 141 (5th Cir. 1993); Martinez v. Hutton (In re Harwell), 628 F.3d 1312 (11th Cir. 2010). 13. In In re Finley, 130 F.3d 52, 58 (2d Cir. 1997), the Court of Appeals for the Second Circuit adopted the "mere conduit" test—an extension of the Bonded Financial test. Under the "mere conduit" test, one who merely facilitates the transfer of funds from the debtor to a third party does not exercise sufficient dominion and control and is not an "initial transferee."

b. The Court has the Federal Rules of Evidence on deposition testimony coupled with FRCP Title VI Rule 28(b) and 32(b) to discuss depositions to be admissible for a jury to decide the facts of Defendant Brown's deposition testimony on dissociation from general partner. Defendant Brown, after years of being unsettled about the Divorce left

the Divorce effects from the questioning. Often unpleasant past matters are put behind oneself; the divorce petition in 2006 was a life-altering event for a triable issue of fact.

c. The dissociation in early 2006 and the "mere conduit test" combine in the light most favorable to the nonmoving party, the Defendant to determine a genuine issue of material fact to be tried and prevent summary judgment. Hence, the Court has grounds to warrant reconsideration to avoid manifest injustice of the Trustee's Judgment.

20. The Trustee states, *"Rule 59(e) is not meant to advance new facts, issues or arguments not previously presented to the Court",* is another misrepresentation of facts in the record. First of all, Rule 59(e) says "(e) **Motion to Alter or Amend a Judgment.** A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the Judgment." And secondly, the record is replete with material facts outside the four corners of FAC for the Court to make reasonable inferences in favor of the opposing party. For the Court's reason to view the evidence in the light most favorable to that party. To escape the Trustee's boilerplate opposition [Docket No. 203 and Affidavit] show that the material facts not contained in the four corners of the Complaint are misstated. Where Judge Bernstein stated Defendant should plead by summary judgment. On April 22, 2019,[ DE 134 p24], Judge Bernstein remarked, "Don't provide me with affidavits and witnesses about whether Mr. Brown was or was not a partner because the complaint alleges that he was or you can make a motion for Summary Judgment and raise the same issues and then you can submit material outside the pleadings." [Docket 203, 204 and Affidavit] p. 13 prgh 39. To prevail, a claim requires proof of a causal link of liability. (11 U.S.C. § 101 (54)) Ken-Wen FLP, the initial transferee, at all times material had sufficient assets to satisfy this recovery sought by

the Trustee in this litigation. 40. Defendant lacked the GP capacity in early February 2006 and again, February 29, 2008, more than two years and nine months from the Original Complaint DE November 30, 2010 filing. 41. Ken-Wen FLP had sufficient assets at all times material until Wendy Brown, sole general partner, and ultimate transferee, distributed the assets claimed in relief to herself with none to Defendant Brown." In fact, Defendant Brown has filed three financial Affidavits attesting to having none of 551 property under this Judgment. Two Affidavits to Florida Courts and one submitted for Mediation in this matter all inclusively none of the Ken-Wen FLP assets were transferred, withdrawn, or distributed to Defendant Brown. At the same time, at the time of dissolution, the Ken-Wen Assets exceeded $5,000,000 on June 30, 2010. And then, on February 1, 2019, Violet Werner, Wendy's mother, passed with two life insurance Beneficiary payments of $6.900,000 were paid from the defunct Ken-Wen FLP estate beneficiary, Wendy Werner fka Wendy Brown.

21. The Trustee berates a Rule 60 relief stating, "Regardless, even if the Court were to construe the Motion as one under Rule 60, the decision would be of no moment because the standards under Rule 59(e) and Rule 60(b) are the same." p 5 [6] When in fact Rule 60. Relief from a Judgment or Order states, (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. *On Motion and just terms, the Court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the Judgment is void; Violation and defects of due process makes a Judgment void. (5) the Judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.*

---

[6] References made in this pleading refer to Trustee's pleading file [Docket entry 229].

11

The statement is a false characterization of the Rule 59(e) and 60(b) which certainly apply different reliefs. For instance, 60(b)(3) extrinsic fraud is a moment to determine if the Rule 11 abuse and conspiracy to frame the label of general partner upon Defendant Brown from the conflict of interests by Attorney Bernfeld qualifies. 60(b)(4), the Constitutional due process defects remain unsettled in Federal law and Florida Statue 1.070 Process. And finally, 60(b)(6) *any other reason* that justifies relief can be reviewed in the light of an abuse of discretion to refuse to modify a decree that no longer fairly serves its original purpose qualifies. Defendant Brown, an outsider who was neither a "net winner nor a net loser" from Madoff's frauds, imbues a manifest injustice.

22. The Trustee's rigorous boilerplate hubris calls it black letter law to deprive the Defendant of the rights provided in the Constitution of the Sixth Amendment, Seventh Amendment, and perhaps the Fourteenth Amendment. The Trustee abuses the discretion to be forthright with the Defendant's litigation deficiencies outside the four corners of the FAC to misrepresent the law to obfuscate the fairness sought by Defendant to reach fairness in this matter. Misquoting Parklane Hosiery, the Trustee states p 9, quoting Parklane Hosiery, 565 F.2d at 819... (quoting Parklane Hosiery v. Shore, 439 U.S. 322, 336 (1979)); McClamrock v. Eli Lilly & Co., 504 F. App'x. 3, 4 (2d Cir. November 29, 2012) (holding that an award of summary judgment does not violate the Seventh Amendment where there are no disputed issues of material fact). This case is a separate SEC regulatory 10b-5 fraud action. The Defendant Brown's request for a jury was made by joinder to the same action by existing Co-Defendants depending on the same Complaint with very much germane defenses purported in the record represented by the same defense attorney, Attorney Bernfeld. Citing DE 95 and DE 122 are pleadings

entered before DE 162 where the Trustee dismisses Wendy Brown with prejudice. At the same time, Defendant did not know whether Attorney Bernfeld would appear to defend Ken-Wen FLP at the summary judgment hearing on February 24, 2022. The Trustee again uses repeatedly boilerplate hubris to misstate no disputed issues when disputed issues exist to be heard formally in this leave request for a rehearing.

23. The Trustee states, "the Sixth Amendment does not apply" by not being a criminal matter; the right to counsel "does not apply in civil cases." Defendant finds this again to be overzealous ambition of prosecutorial greed for political posturing over the pursuit of justice. It's been imbued in the judicial conscience that good prosecutors win cases, but great prosecutors seek justice. There is the right to expect a fair trial with a jury of my peers after enduring the cruelty of this experience of a wanton financial death sentence. This Judgment shocks the judicial conscience to levy nearly $6,000,000 upon a nonparty's life savings for making four phone calls. Phone calls to time the market to withdraw from stocks before the financial crisis to benefit his divorcing spouse after 30 years of marriage. A conscious effort to secure her inheritances for her future better. In earnest, it's not contrary to the law or at odds with the facts.

24. Just "follow the money" it was a Werner account that went to the Werners' that's where the justice rests to alter, amend, or reopen this matter from the erroneous finding of facts and the misapprehending of the law. Common sense and a prospect of fairness argue sufficiently that 4% interest for a litigation protracted period during a 1 to 2% market is demanding and blatantly belligerent while none of the $3,850,000 was

held by Defendant Brown, who had no use of the money. Rightfully, 4% of zero is zero, hardly not $2,040,500.

25. A fact of law meticulously overlooked by the FAC is the other Florida Partnership law that is distinguishable in this matter beyond the misapplying Florida Statute 620.1404 to be controlling is Florida Statutes

a. 620.1405(2). A judgment against a limited partnership is not by itself a judgment against a general partner. A judgment against a limited partnership may not be satisfied from a general partner s assets unless there is also a judgment against the general partner. Defendant Brown was sued in the capacity of a general partner and not individually. Factually stated, Defendant dissociated in early 2006.

b. 620.1603(1) **The limited partnership's having notice of the person's express will to withdraw as a general partner or on a later date specified by the person;** 4(b)There has been a transfer of all or substantially all of the person's transferable interest in the limited partnership, other than a transfer for security purposes, or a court order charging the person's interest, which has not been foreclosed;5(c) The person engaged in conduct relating to the limited partnership's activities which makes it not reasonably practicable to carry on the activities of the limited partnership with the person as a general partner; **This effectively eliminates the needed elements of a *de facto* partnership to quality Defendant Brown, the capacity of general partner, as according to Section 1505 below.**

c. 620.1505 **SECTION 1505 No distribution on account of dissociation by a general partner.**

d. 620.1807 **Unkown Claims against a dissolved limited partnership** (4) A claim may be enforced under this section:

(a)  Against the dissolved limited partnership, to the extent of its undistributed assets; or

(b)  If the assets have been distributed in liquidation, against a partner or transferee of the dissolved limited partnership to the extent of such partner's or transferee's pro rata share of the claim or the limited partnership assets distributed to such partner or transferee in liquidation, **whichever is less,** provided the aggregate liability of any person for all claims against the dissolved limited partnership arising under this section or s. 620.1806, or, with respect to a limited partner, otherwise, may not exceed the amount distributed to the person in liquidation; or

25. Defendant Brown requests the leave of the Court to file a Crossclaim against Wendy Werner for reimbursement, contribution, and indemnification according to Florida Statutes 620.1406(6) and 768.31. A limited partnership shall reimburse a general partner for payments made and indemnify a general partner for liabilities incurred by the general partner in the ordinary course of the activities of the partnership or for the preservation of its activities or property if such payments were made or such liabilities were incurred in good faith and either in the furtherance of the limited partnership's purposes or the ordinary scope of its activities.

Florida Statute 768.31 Right of Contribution

(a)  Except as otherwise provided in this act, when two or more persons become jointly or severally liable in tort for the same injury to person or property, or for the same wrongful death, there is a right of contribution among them even though Judgment has not been recovered against all or any of them.

b. Defendant requests to stay the execution judgment pending the Adversary Crossclaim for Contribution is decided.

26. In a Footnote, Judge Morris inquired in 11 DE 213, "The Court reviewed the legislative history and various secondary sources, but none discussed how this subsection should be interpreted." The intent of the Florida Legislature adopted Limited Liability codes for general partners after 2005 which aids the Court's inquiry on intent as Wendy Brown as general partner, did not opt for General Partner's Limited Liability for Limited Partnership's Liabilities. To qualify as a Limited Liability Partnership as intended by the Florida Legislature. Under FRULPA 1986, FRULPA 2005 provides a simple mechanism whereby a limited partnership may elect "limited liability limited partnership" status to provide general partners with a liability shield. Thus, there is no risk in opting into FRULPA 2005 that a general partner of a limited liability limited partnership could be subjected to liability for the debts and obligations of the limited liability limited partnership. To apply another step into the Florida Legislature intention to shield General Partner liablility is shown in part 3 of **620.1404   General partner's liability where the General Partner is not personally liable.**

(1)   Except as otherwise provided in subsections (2) and (3), all general partners are liable jointly and severally for all obligations of the limited partnership unless otherwise agreed by the claimant or provided by law.

(2)   A person that becomes a general partner of an existing limited partnership is not personally liable for an obligation of a limited partnership incurred before the person became a general partner.

(3)   An obligation of a limited partnership incurred while the limited partnership is a limited liability limited partnership, whether arising in contract, tort, or otherwise, is solely the obligation of the limited partnership. ***A general partner is not personally liable, directly or indirectly, by way of contribution or otherwise, for such an obligation solely by reason of being or acting as a general partner.*** This subsection applies despite anything inconsistent in the partnership agreement that existed immediately before the consent required to become a limited liability limited partnership under s. **620.1406**.

**History.**—s. 17, ch. 2005-267.

16

c.Florida Statute provides a legal necessity to be properly served due process as follows: According to Fla. Stat. 1.070 or Constitutional due process service for a valid judgment. Trustee attorneys made no reasonably calculated effort to provide actual notice or perfect proper service process. Service due process failed to provide sufficient notice to appear or be heard. By Affidavit DE 3,4,5, 11, on to DE 61 notice was unknown, and by FRCP Rule 4.

27. The Trustee forwards the opposition to the Motion by expressing Defendant's pleading goes to opposing the Motion for summary judgment leading to Judgment stating, p. 4 "No reason for reconsideration of the Judgment exists. Indeed, the issues raised by Mr. Brown in the Motion largely go to enforcement, not granting of summary judgment in favor of the Trustee and the resulting entry of the Judgment." The reply looks to the truth of the matter. To determine whether there is a genuine issue for trial. There is no such issue unless there is sufficient evidence favoring the nonmoving party where a reasonable jury would return a verdict for that party. Florida Statute 1.510(c) Florida Rules of Civil Procedure allows a summary Judgment to be entered whenever the pleadings, plus affidavits, depositions,or other factual showings, reveal that there exists no genuine issue of material fact and that the movant is entitled to Judgment as a matter of law. *Horton v Gulf Power Co., 401.2d 1384 (Fla 1st DCA)* The movant must show conclusively the absence of any genuine issue of materialfact. *Wills v Sears, Roebuck Co., 351 So 2d 29(Florida 1977)* Once the movant tenders competent tenders competent evidence to support the Motion, the opposing party must come forward with counter-evidence sufficient to reveal a genuine issue. *Landers v Milton, 370 So2d 368 (Fla 1979)* It is not sufficient for opposing party merely to assert that an issue does not, *Harvey Building, Inc., v Haley, 175 So 2d 780 (Fla 1965)*. When the material facts are undisputed, they form a question of law which the trial court is empowered to

decide on a motion for summary judgment. *Richmon v Florida Power light Co., 58 so 2d 687 (1952)*

27. [Docket No. 203] defendant Brown stated, The Trustee argued successfully in United States Bankruptcy Court, S.D. New York The Trustee alleges that: "Adequately alleging a partnership requires showing four elements: (1) the parties' sharing of profits and losses; (2) the parties' joint control and management of the business; (3) the contribution by each party of property, financial resources, effort, skill, or knowledge to the business; and (4) the parties' intention to be partners." 22 Anwar v. Fairfield Greenwich Ltd., 728 F. Supp. 2d 372, 403-04 (S.D.N.Y. 2010) (citing Kidz Cloz, Inc. v. Officially for Kids. Inc., 320 F. Supp. 2d 164, 171 (S.D.N.Y.2004)).

108. While federal courts refer to "elements" when determining whether a partnership exists, the New York Appellate Division, Second Department, has stated that a court should consider "a series of factors" to determine whether or not a partnership. SECURITIES INVESTOR PROTECTION CORPORATION, Plaintiff-Applicant, v. BERNARD L. MADOFF INVESTMENT SECURITIES LLC, Defendant.In re: Bernard L. Madoff, Debtor. Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, Plaintiff, v.Fairfield Investment Fund Limited, Stable Fund, Fairfield Greenwich Limited, Fairfield Greenwich (Bermuda), Ltd., Fairfield Greenwich Advisors LLC, Fairfield International Managers, Inc., Walter Noel, Jeffrey Tucker, Andres Piedrahita, Amit Vijayvergiya, Philip Toub, Corina Noel Piedrahita, Fairfield Greenwich Capital Partners and Share Management LLC, Defendants. No. 08-01789 (CGM)Adv. Pro. No. 09-01239 (CGM) signed August 6, 2021 exists, including, but not limited to, "(1) sharing of profits, (2) sharing of losses, (3) ownership of partnership assets, (4) joint management and control, (5) joint liability to creditors, (6) intention of the parties, (7) compensation, (8) contribution of capital, and (9) loans to the organization." Brodsky v. Stadlen, 138 A.D.2d 662, 663 (N.Y. App. Div. 2d Dep't 1988) (emphasis added); see also DeCristofaro v. Nest Seekers E. End, LLC, No. 35876–11, 2017 WL 350803, at *6 (N.Y. Sup Ct. Jan. 11, 2017) (same); Hammond v. Smith, No. 2008/02441, 2016 WL 1708522, at *3 (N.Y. Sup. Ct. Apr. 22, 2016) ("No one factor is determinative; it is necessary to examine the parties' relationship as a whole.") (quoting Kyle v. Brenton, 184 A.D.2d 1036, 1036 (N.Y. App. Div. 4th Dep't 1992) (citing Martin v. Peyton, 246 N.Y. 213 (N.Y. Ct. App. 1927) (stating that to determine if a partnership exists, facts should be weighed "in connection with all the rest" ))).

109. As set forth in his affidavit in support of this Response and Reply, clearly and convincingly Defendant Brown had none of the elements present to share the distinction of a general partner.

18

110. General partners are not viewed as creditors of the debtor partnership. In re Riverside–Linden Inv.
Co., 85 B.R. 107 (Bankr.S.D.Cal.1988). In fact, it has long been held that any payments received by the
general partners from the partnership's estate should only come after all partnership creditors have
been paid in full. See In re Rice, 164 F. 509 (E.D.Pa.1908); In re N.S. Garrott & Sons, 48 B.R. 13 (Bankr.
E.D. Ark. 1984); In re Bell & Beckwith, 44 B.R. 664 (Bankr. N.D. Ohio 1984).

111. Therefore, unless the partnership debtor is solvent, the general partner receives no distribution.
Florida Partnership statute 620.1508 Limitations on distribution constitutes the partnership relief sought
by the Trustee in this litigation. This merits a crossclaim on Wendy Werner.

112. As such, the Trustee's claims against Defendant Brown in his alleged capacity of general partner
must fail. Defendant Brown suspects that the Trustee's persuasion works to prove that
when none of the elements exist, an individual is not a party to a limited
partnership that does not meet the required elements. Consequently, it is fitting that
Defendant Brown be judged as a mere agent and not a *de facto* general partner.
The Judgment should be dismissed because FAC [Docket No. 82] lacks subject
matter jurisdiction and this is not waivable.

a. Due Process is clearly absent when in DE 62, "Counsel Young Conaway Stargatt & Taylor.
LLC respectfully requests that the Clerk of the Court issue a Certificate of Default against Defendant
Kenneth W. Brown, in his capacity as General Partner of the Ken-Wen Family Limited Partnership,
pursuant to Rule 55(a) of the Federal Rules of Civil Procedure made applicable to this adversary
proceeding by Rule 7055 of the Federal Rules of Bankruptcy Procedure. Local Bankruptcy Rule 7055- 1
for failure to plead or otherwise defend the above-captioned action as it fully appears from the Court
file and explained in *the attached Affidavit." [DE 3, 4, 5, 6,6, 7, 8, 9, 10, 11]* Repeats the incorrect
address of DE1 forward and Trustee Picard falsely attests: 45. Paragraph 4 DE 62,

b. "On January 20, 2011, the Trustee, in accordance with Bankruptcy Rule 7004(b) of the Federal Rules
of Bankruptcy Procedure, timely served the summons and Complaint upon Mr. Brown. An Affidavit of
Service evidencing proper and timely Service was filed with the Court. [DE 4]. A true and correct copy of
the Affidavit of Service is attached hereto as Exhibit 11." Although looks official, it factually did not
happen. Kenneth Brown did not live in Lantana; instead resided in Manalapan. Wendy Brown did it not
live in Lake Worth. Defendant did not receive this first notice of this litigation; thus, DE 62 paragraph 4

19

**falsely declares Service of process**. A service that was DE 62 Affidavit of Service falsely affirms service, but service again to an incorrect address not served upon the Defendant by Defendant's Affidavit. c. As such, the burden of proof lies with Plaintiff. Furthermore, DE 62 cites Paragraphs 5 thru 15 as pleadings issued and entered in the record. **Docket entries DE 5, 7, 10, 15, 19, 21, 22, 23, 24, 25, 27, 29, 38, 41, 56, and 59 represents pleading in the record not received by Defendant but was recklessly acknowledged in court dockets by the officers of the Court that Schedule A identified the Defendant's appearance before the Court per Bernfeld, DeMatteo & Bernfeld, LLC. and dully accepted by Plaintiff attorneys**. The Trustee wists away the undeniable reality that Defendant Brown was denied the American system of due process. The Court has an example of irreversible prejudice in this bully pulpit litigation by the Trustee.

28. Defendant Brown looks in horror how experienced litigators eviscerate their opponent's legal rights from a layman's view of the judicial conscience where procedural form suppresses substantive reality. This becomes the Orwellian daunting view from the street to the perch atop the Empire State Building. Unwillfully and unknowingly, a defendant expects justice instead of the financial death sentence. He would behold that insufficiencies of "minimum contacts, purposeful availment, personal jurisdiction, due process, adequate representation without a conflict of interest representation, exculpatory evidence, and a jury of one's peers are not rights wistfully waved by court procedure when seen as form over the substance of justice. Defendant Brown, fearing financial destitution, diligently looked for mitigating factors to request Judge's leave to invoke a fair review of his rights and the insufficiencies preceding this Judgment. Causes the Defendant to ask Does a broad view of giving just leave invoke relief found in the form over substance **Rule 83. Rules by District Courts; Judge's Directives** (a) Local Rules. (2) *Requirement of Form.* A local rule imposing a requirement of form **must not be enforced in a way that causes a party to lose any right because of a nonwillful failure to comply.** (b) Procedure When There Is No Controlling Law. A judge may regulate practice in any manner consistent with federal law, rules adopted under 28 U.S.C. §§2072 and 2075, and the district's

local rules. No sanction or other disadvantage may be imposed for non-compliance with any requirement not in federal law, federal rules, or the local rules unless the alleged violator has been furnished in the particular case with actual notice of the requirement.

## Conclusion

Defendant Brown submits the above in support of Defendant's Motion to grant his Motion for a hearing to reconsider the evidence and sufficient material fact to overturn the Trustee's summary judgment. And to alter, amend, or reopen the case to remedy a misapprehended Judgment [DE 213, 219] as a manifest injustice and grant him leave to file a crossclaim on Wendy Werner and to postpone the execution of the Judgment for Contribution and Indemnification from the crossclaim.

Respectfully submitted,

/s/ Kenneth W. Brown, pro se

Defendant

561-542 6669 kenwbrown@comcast.net

5975 S. Highway A1A

Melbourne Beach, FL 32951

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18 day of April, 2022, a true and correct copy of the foregoing was served by CM/ECF on all parties listed below.

/s/ Kenneth W. Brown

Matthew B. Lunn, Esq. Michael S. Neiburg, Esq. Justin P. Duda, Esq. Young Conaway Stargatt & Taylor, LLP 1270 Avenue of the Americas Suite 2210 New York, NY 10020 212-332-8840 Fax : 212-332-8855 Email: mlunn@ycst.com; mneiburg@ycst.com; jduda@ycst.com