**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (CGM) |
| Plaintiff-Applicant, | |
| v. | SIPA LIQUIDATION |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | (Substantively Consolidated) |
| Defendant. | |
| In re | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, | |
| Plaintiff, | |
| v. | Adv. Pro. No. 10-05169 (CGM) |
| FAIRFIELD PAGMA ASSOCIATES, LP, a New York limited partnership, SEYMOUR KLEINMAN, ESTATE OF MARJORIE KLEINMAN A/K/A MARJORIE HELENE KLEINMAN, BONNIE JOYCE KANSLER, as executor, FAIRFOX, LLC, a New York limited liability company, and SEYFAIR, LLC, a New York limited liability company, | |
| Defendants. | |

## JUDGMENT

**WHEREAS,** Irving H. Picard (the "Trustee") is the trustee for the liquidation of the

business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities

Investor Protection Act ("SIPA"), 15 U.S.C. §§ 78aaa–*lll*, substantively consolidated with the

liquidation under chapter 7 of 11 U.S.C. §§ 101–1532, of the estate of Bernard L. Madoff

("Madoff"), currently pending in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") as Adv. Pro. No. 08-01789 (CGM);

**WHEREAS**, the Trustee is duly qualified to serve and act on behalf of the consolidated estate of BLMIS and Madoff;

**WHEREAS**, on or about December 3, 2010, the Trustee commenced the above-captioned adversary proceeding (the "Adversary Proceeding") in the Bankruptcy Court, alleging, *inter alia*, that Fairfield Pagma Associates, LP, Seymour Kleinman, Estate of Marjorie Kleinman a/k/a Marjorie Helene Kleinman, Bonnie Joyce Kansler, as executor, Fairfox, LLC, and Seyfair, LLC received avoidable transfers in an amount aggregating $1,247,929 in connection with BLMIS Account No. 1ZA994 within two years of December 11, 2008;

**WHEREAS**, on February 16, 2022, during a hearing on, among other motions, the Trustee's motion for summary judgment, the Court granted summary judgment in favor of the Trustee and against Fairfield Pagma Associates, LP, Fairfox, LLC, and Seyfair, LLC under Federal Rule of Civil Procedure 56(a); and

**WHEREAS**, on April 13, 2022, the Court issued a memorandum decision, *Picard v. Fairfield Pagma Associates, LP*, Adv. Pro. No. 10-05169 (CGM), 2022 WL 1110560 (Bankr. S.D.N.Y. Apr. 13, 2022), ECF No. 137 (the "Decision"), granting summary judgment in favor of the Trustee and against Seymour Kleinman and Bonnie Joyce Kansler, as executor of the Estate of Marjorie Helene Kleinman.

**NOW THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED THAT:**

1.  As set forth in the Decision, the Court made the following findings and conclusions:

    a.  The Court has subject matter jurisdiction over this Adversary Proceeding under SIPA § 78eee(b)(4), 28 U.S.C. §1334, 157(a) & (b), and Order No.

M10-450 (S.D.N.Y. July 10, 1984), as amended by Amended Standing Order

of Reference No. M10-468, 12 Misc. 00032 (S.D.N.Y. Jan. 31, 2012);

b.   Madoff operated BLMIS as a Ponzi scheme;

c.   Fairfield Pagma Associates LP received $1,247,929.00 in fictitious profits that

BLMIS transferred to Fairfield Pagma Associates LP within two years of

December 11, 2008 (the "Two-Year Transfers");

d.   The Two-Year Transfers were transfers of an interest of the debtor because the

Two-Year Transfers originated from BLMIS's JPMorgan Accounts, and are

"customer property" within the meaning of SIPA 78lll(4). The Two-Year

Transfers must be returned to the Trustee pursuant to SIPA § 78fff-2(c)(3);

e.   The Trustee is entitled to rely on the Ponzi scheme presumption and has

demonstrated that the Two-Year Transfers were made with the actual intent to

hinder, delay, or defraud creditors within the meaning of 11 U.S.C. §§

548(a)(1)(A) and 550(a);

f.   The Two-Year Transfers are avoided under 11 U.S.C. § 548(a)(1)(A) and

recoverable from Fairfield Pagma Associates LP under 11 U.S.C. § 550;

g.   Seyfair, LLC, Fairfox, LLC, Seymour Kleinman, and Marjorie Kleinman were

general partners of Fairfield Pagma Associates LP;

h.   As general partners, Seyfair, LLC, Fairfox, LLC, Seymour Kleinman, and

Bonnie Joyce Kansler, as executor of the Estate of Marjorie Kleinman a/k/a

Marjorie Helene Kleinman, are jointly and severally liable for Fairfield Pagma

Associates LP's debts;

    i.   Under New York law, Defendant Estate of Marjorie Kleinman a/k/a Marjorie Helene Kleinman is not a proper party and is dismissed;

    j.   The Trustee is entitled to prejudgment interest from December 11, 2008 (the "SIPA Filing Date") through the date of this Judgment because the Trustee has spent approximately ten years prosecuting this case and cannot be made whole without an award of prejudgment interest.

2.   The Trustee is awarded prejudgment interest on the Two-Year Transfers pursuant to 28 U.S.C. § 1961(b), at the rate of 4% from the SIPA Filing Date through April 19, 2022.

3.   Judgment is hereby entered in favor of the Trustee to recover from Fairfield Pagma Associates, LP, Seymour Kleinman, Bonnie Joyce Kansler, as executor of Estate of Marjorie Kleinman a/k/a Marjorie Helene Kleinman, Fairfox, LLC, and Seyfair, LLC, jointly and severally, the total amount of $$1,914,323.09 (the "Judgment Amount"), representing the sum of:

Account No. 1ZA994 – Fairfield Pagma Associates, LP, Fairfox LLC, and Seyfair LLC

| | | |
|---|---|---|
| a. | Avoidable Transfers | $1,247,929.00 |
| b. | Pre-judgment interest on the Avoidable Transfers at the rate of 4%, from Dec. 11, 2008 through Apr. 19, 2022 | $666,394.09 |
| | Total: | $1,914,323.09 |

4.  The Clerk of Court shall enter this Judgment in favor of the Trustee and against Fairfield Pagma Associates, LP, Seymour Kleinman, Bonnie Joyce Kansler, as executor of Estate of Marjorie Kleinman a/k/a Marjorie Helene Kleinman, Fairfox, LLC, and Seyfair, LLC for the Judgment Amount.