# Mandate of Conducting Person

This mandate is made on August 12, 2008

**Between:**

- Access Management Luxembourg, a limited liability company, incorporated in the form of a *société anonyme* under the laws of the Grand Duchy of Luxembourg, having its registered office at 12 rue Eugène Ruppert, L-2453 Luxembourg (hereinafter referred to as the "**Company**")

- Alain Léonard, professionally domiciled in Luxembourg (the "**Conducting Person**")

**Whereas:**

The Company is registered under the Chapter 13 of the Luxembourg law of December 20, 2002 on undertakings for collective investment, as amended (the "Law").

3) The Company wishes to appoint two conducting persons pursuant to Article 78 (1) b) of the Law and meeting the required conditions of honorability and experience;

4) In this context, the Company wishes to appoint Mr Alain Leonard as a conducting person;

5) The Company has also appointed Mr Stéphane Cremer and Mr Patrick Littaye as conducting persons pursuant to a board of directors meeting held on August 12, 2008 to assume collectively the responsibilities of the conducting persons.

The Conducting Person are being collectively referred to herein as the "**Conducting Persons**".

**Now it is hereby agreed:**

1. **Appointment**

   The Company hereby appoints Alain Leonard as Conducting Person, in addition to Stéphane Cremer and Patrick Littaye. The Conducting Person hereby accepts its mandate.

2. **Functions**

   The Conducting Person will be in charge of the execution of the decisions taken by the Board and of the management of the Company. The Conducting Person shall carry out his duties jointly with the Other Conducting Person.

**The duties of the Conducting Persons will be more particularly:**

a. To carry out the current matters linked to the proper management and to report periodically to the Board.

b. To carry out the relations with the clients of the Company

c. To carry out the matters in connection with the proper administration of the Company.

d. To carry out the relations with the CSSF and the Service Providers.

e. To alert the Board of events which may place the Company in a situation of unauthorized material risk and to assist the Board in respect of any situation involving unauthorized material risk in order to protect the interests of the Company and the shareholders of the Company and to ensure that adequate measures required to remedy to such situation are duly taken

The responsibilities of the Conducting Person and of the Other Conducting Person are collective. During his mandates, the Conducting Person shall carry out his duties jointly and in full coordination with the Other Conducting Person while complying with the rules and procedures agreed between them. Each Conducting Person shall report on the achievement of his particular tasks to the other Conducting Person in order for the latter to be able to make himself completely acquainted with such tasks in order to be able to exercise his duties collectively with the Other Conducting Person.

During the performance of his duties, the Conducting Person shall act as diligent professional.

In the exercise of their duties, the Conducting Person shall report to the Board. It is agreed that upon request of any Conducting Person, the Chairman will convene a Board Meeting with the agenda as suggested by the concerned Conducting Person.

A Conducting Person cannot bind the Company by his sole signature, except if a special mandate has been granted to him by the Board.

3. **Conflicts of interest**

The Conducting Person undertakes to carry out his functions with loyalty and integrity. The Conducting Person shall, pursuant to the Law, use his best judgment in order to avoid or resolve any potential conflicts of interest.

4. **Non delegation**

The Conducting Person may not delegate his functions.

5. **Responsibility**

The Conducting Person is jointly and severally liable vis-à-vis the Company with the Other Conducting Person for the performance of his duties as described hereunder. He shall be discharged from such liability in the case where he can prove that no misconduct is attributable to him and he has reported such misconduct to the first Board meeting after he has acquired knowledge thereof.

The Conducting Person shall not incur any responsibility in case of losses directly or indirectly caused to the Company or its shareholders as a result of his acts or omissions, except in case of fraud or gross negligence.

## 6. Indemnification

The Company shall indemnify and hold harmless the Conducting Person his heirs, executors and administrators for any damages, compensations and costs to be paid by him and any expenses reasonably incurred by him as a consequence of, or in connection with any action, suit or proceeding to which he may be a party by reason of him being or having been a Conducting Person of the Company, except in relation to matters as to which he is finally judged in such action, suit or proceeding to be liable for gross negligence or willful misconduct; in the event of a settlement, indemnification shall be provided only in connection with such matters covered by the settlement as to which the Company is advised by its legal counsel that the person to be indemnified did not commit such breach of duty. The foregoing right of indemnification shall not exclude other rights to which he may be entitled.

## 7. Terms and termination

This agreement shall enter into force upon signing. This agreement has been concluded for an unlimited duration. Each party may terminate this agreement by way of registered mail with a prior notice period of six months.

## 8. Termination

However, this agreement will terminate automatically if:

- The Company enters into a collective procedure or receivership or any other similar proceeding.

- The Conducting Person looses fully or partially his civil capacity as defined by the Luxembourg civil code.

- The Conducting Person ceases to satisfy the conditions required by the CSSF to carry out his duties as Conducting Person;

- The Conducting Person is victim of an illness that is of such a nature and/or type that puts serious doubts on his/her capacity to continue to carry out his services under this agreement.

- Either party to this agreement violates one or more of its duties of the present agreement and does not remedy such violation within two weeks after having received notice by registered mail urging it to comply with his duties.

The termination of the appointment of the Other Conducting Person will not entail, as such, the termination of the Mandate. In such case, the Company will ensure that his replacement will have comparable qualifications and competences and that he/she will be bound by similar conditions.

This Agreement shall further automatically terminate if in the absence of resources at least equivalent to those as are described in the "Présentation" of the Company approved by the CSSF.

The parties undertake to do whatever is reasonable and within their means to avoid that any termination of this agreement cause legal incapacity or regulatory non-compliance of the Company or ultimately prejudice the shareholders of the Company. Should a termination notice expose the Company to such risks, it is accepted that the Conducting Person will, as far as is reasonable, keep exercising diligently his activities until a proper alternative solution will have been found and approved by the CSSF.

The parties undertake to inform the CSSF as soon as reasonably practicable of any event that is likely to prevent the normal continuity of business of the Company or the contractual relationships pursuant to this agreement.

## 9. Confidentiality

The contracting parties to this agreement agree to keep confidential the content of this agreement. The contracting parties undertake not to disclose the existence and the content of this agreement to third parties, except prior written approval of the other contracting party or if such disclosure is requested by a legal, administrative or regulatory requirement. This obligation survives termination of this agreement.

## 10. Relationship

The Conducting Person is not an employee of the Company.

## 11. Right to seek advice

Should the Conducting Person be at any time in doubt as to any action to be taken or omitted by him, he may from time to time request and receive advice, at the expenses of the Company and may, but shall not be required to, act thereon.

## 12. Fees and expenses

The Conducting Person shall be paid by an annual amount of EUR 50.000 for the services rendered by the Conducting Person payable quarterly in arrears to Degroof Gestion Institutionnelle Luxembourg in the context of the overall report agreements. In addition, the Conducting Person shall be paid for the reasonable out-of-pocket expenses incurred by the Conducting Person in the performance of his duties thereunder.

## 13. Miscellaneous

This agreement may only be amended by a written document signed by the contracting parties.

The illegality, invalidity or unenforceability of any provision of this agreement decided by the law of another jurisdiction does not affect the legality, validity or enforceability under the law of another jurisdiction nor the legality, validity or enforceability of another provision of this agreement.

## 14. Applicable law

This Agreement is governed by the laws of the Grand Duchy of Luxembourg and notably by Article 60 of the law of 10 August 1915 on commercial companies (as amended) and by articles 1984 and ff. of the Luxembourg Civil code. The contracting parties hereby agree that the courts of Luxembourg-City shall have exclusive jurisdiction to settle any disputes arising out of or in connection with this agreement.

The parties have executed this agreement the day and year first above written and in several originals of which one for each party.

- The Company

  Represented by: ........................

  Date: ........................

- The Conducting Person

  Date: ........................