DATED June 30, 2003

GROUPEMENT FINANCIER LIMITED

and

ACCESS INTERNATIONAL ADVISORS LIMITED

INVESTMENT MANAGEMENT AGREEMENT

ACCSAC00853834

**THIS AGREEMENT** is dated on June 30, 2003.

**BETWEEN**

(1) **GROUPEMENT FINANCIER LIMITED** a Company incorporated in the British Virgin Islands whose registered office is at Kingston Chambers, P.O. Box 173, Road Town, Tortola, British Virgin Islands (the "Fund");

**AND**

(2) **ACCESS INTERNATIONAL ADVISORS LIMITED** a Company incorporated in Bahamas who registered office is at suite 61, Grosvenor Close, Shirley Street, P.O Box N-7321 Nassau, Bahamas (the "Investment Manager"); and

**WHEREAS**

a. The Fund has been set up as an Investment Fund in the form of a private mutual fund pursuant to the law of the British Virgin Island.

b. The Fund desires to avail itself of the experience, recommendation and assistance of the Investment Manager, as described hereunder.

c. The Investment Manager is willing to furnish such recommendation and other services in accordance with terms hereof.

ACCSAC00853834_00002

**WHEREBY IT IS AGREED AND DECLARED** as follows:

1. INTERPRETATION

Unless the context otherwise requires, words and expressions contained in this Agreement shall bear the same meaning as in the Articles of Association (hereinafter designated as the "Articles") and in the private placement memorandum of the Fund (hereinafter designated as the "Private Placement Memorandum") PROVIDED THAT any alteration or amendment of the above mentioned Articles or Private Placement Memorandum shall not be effective for the purposes of this Agreement unless the party hereto affected (to the extent that its rights or duties hereunder are affected by such alteration or amendment) shall, by endorsement hereon or otherwise, have consented thereto.

2. APPOINTMENT OF THE INVESTMENT MANAGER

The Fund hereby appoints the Investment Manager as the Investment Manager to provide investment management services to the Fund (herein collectively referred to as the "Investment Assets"). The Investment Manager shall act in accordance with the Applicable Laws and the Private Placement Memorandum until its appointment shall be terminated as hereinafter provided. The Investment Manager hereby accepts such appointment and agrees to assume the obligations set forth herein, subject to the actual notice of any changes in the Applicable Laws, the Private Placement Memorandum and the investment policy of the Fund.

3. FUNCTIONS, POWERS AND OBLIGATIONS OF THE INVESTMENT MANAGER

(A) Functions

The Investment Manager will arrange for the asset management of the Fund with respect to the asset allocation of the Investment Assets in accordance with the investment objectives and policies of the Fund set forth in the Private Placement Memorandum, including the transactions in the instruments described in the Private Placement Memorandum. This duty specifically includes the recommendations with respect to the manner in which the assets of the Fund might be traded, cleared and invested, the monitoring of the performance of the trading, clearing and investment as well as the limited power and authority to act as attorney-in-fact for and on behalf of the Fund necessary to carry out the intent and purposes of this Agreement.

ACCSAC00853834_00003

(B) Further obligations of the Investment Manager

During the continuance of its appointment, the Investment Manager shall, within the limits of the investment objectives, strategies, policies and restrictions provided in the Private Placement Memorandum:

(a) make recommendations on the ongoing asset allocation activities of the Fund;

(b) keep the net assets of the Fund under surveillance and constant review; carry out reviews and controls of the portfolio, whenever the Investment Manager shall deem necessary or the Fund shall reasonably require including submitting periodical reports to the Fund;

(c) make recommendations to the Fund concerning all actions which appear to the Investment Manager to be, or which would be, advantageous to the Fund in implementing the investment objectives, strategies and policies of the Fund;

(e) if required by the Fund, prepare material for inclusion in reports of the Fund;

(f) provide or arrange to provide such information and assistance as may be required by the Fund in connection with the Fund;

4. FEES AND EXPENSES OF THE INVESTMENT MANAGER

The fees of the Investment Manager shall be provided in an appendix to this Agreement and be agreed from time to time between the parties hereto.

In case of the appointment of an investment advisor, in consideration of the services rendered by the investment advisor, the Investment Manager will assign such proportion of the fees as will be on a basis agreed between them and defined in an appendix attached to the investment advisory agreement, and the Fund agrees to pay the fees according to such appendix.

All expenses incurred in connection with the Investment Manager's exercise of its duties hereunder shall be paid by the Investment Manager.

5. ASSISTANCE

The Investment Manager may, under its responsibility, be assisted by professional service providers in the performance of its duties hereunder. The costs of such service providers shall be borne by the Investment Manager, unless otherwise agreed upon by the Fund.

- 4 -



ACCSAC00853834_00004

6. LIABILITY AND INDEMNIFICATION

The Investment Manager shall not be liable to the Fund for any loss suffered directly or indirectly by the Fund in connection with the subject matter of this Agreement howsoever any such loss may have occurred unless such loss arises from either recklessness, fraud, bad faith, wilful default or gross negligence on the part of the Investment Manager in the performance or non-performance of its duties and obligations hereunder (together the "Investment Manager's Default").

The Investment Manager hereby undertakes to hold harmless and indemnify the Fund, its members, shareholders, directors, employees, officers, or agents against all actions, proceedings, claims, costs, damages which may be brought against, suffered or incurred by reason of the Investment Manager's Default.

7. NOTICES

All notices and other written communications specified herein shall be deemed duly given if transmitted by first class mail or faxed:

  (a) to the Fund, at Kingston Chambers, P.O. Box 173, Road Town, Tortola, British Virgin Islands

  (b) to the Investment Manager, at ACCESS INTERNATIONAL ADVISORS LIMITED at suite 61, Grosvenor Close, Shirley Street, P.O Box N-7521 Nassau, Bahamas.

8. CONFIDENTIALITY

Each of the parties hereto shall maintain in strict confidentiality any information or documentation it may obtain regarding any of the other parties including but not limited to their business activities or financial condition, with the exception of reports or disclosures required to be made, or other actions required to be taken, under applicable laws and regulations or the order of a court of competent jurisdiction and/or any other governmental authority or agency or by this Agreement.

The confidentiality provisions of this Section shall not apply to any information generally available to the public or which is otherwise acquired from some other source than a party hereto on a non-confidential basis. In the event that any party hereto becomes legally compelled to disclose any of the information that it would otherwise be required to maintain as confidential pursuant to the provisions of this Section 14 hereof, it may do so as long as it promptly notifies the other party hereto of such pending disclosure and consults with it prior to such disclosure as to the advisability of seeking a protective order or other means of preserving the confidentiality of the confidential information.

- 5 -

9. <u>APPLICABLE LAW</u>

This Agreement shall be construed and enforced according to the laws of the British Virgin Island.

10. <u>TERMINATION</u>

This Agreement shall continue to remain in force the same period as the Fund

1) This Agreement may however be terminated by a party giving 15 days written notice to the other party upon the occurrence of any of the following events:

   a) the Fund or the Investment Manager going into liquidation (except a voluntary liquidation for the purposes of reconstruction or amalgamation upon terms previously approved in writing by the other party) or at any time being declared bankrupt or made subject to insolvency proceedings or a receiver being appointed of any material portion of the assets of any of the parties hereto;

   b) any party committing any material breach of its obligations under this Agreement and (if such breach shall be capable of remedy) shall fail to remedy the breach within 30 days of receipt of notice requiring it to cure such breach.

2) Termination will not affect accrued rights, existing commitments or any contractual provision intended to survive termination and will be without penalty or other additional payment except that the Fund will pay (i) the fees of the Investment Manager pro rata to the date of termination and (ii) any additional expenses necessarily incurred by the Investment Manager in terminating the Agreement which are mutually agreed to by the parties hereto.

3) In the event of the termination of this Agreement, the fee shall be computed by treating the effective date of termination as if it were the last day of the applicable quarter or year, respectively.

11. <u>SEVERABILITY</u>

If any provision of this Agreement is determined by a court of competent jurisdiction to be invalid or unenforceable, such finding shall not affect the validity or enforceability of the remaining provisions of this Agreement.

12. <u>AMENDMENT</u>

No part of this Agreement may be amended, changed, modified or altered except by a written instrument signed by the parties hereto.

13. ASSIGNABILITY

No party to this Agreement may assign this Agreement without first obtaining the written consent of the other party hereto which shall not be unreasonably withheld.

14. COUNTERPARTS

This Agreement may be executed in any number of counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

**IN WITNESS** whereof this Agreement has been entered into the day and year first above written.

SIGNED by
**GROUPEMENT FINANCIER LIMITED**

name : ...............
title : Director

name : ...............
title : Director

SIGNED by
**ACCESS INTERNATIONAL ADVISORS LIMITED**

name : ...............
title : ...............

name : ...............
title : ...............

# APPENDIX N° 1
## TO THE INVESTMENT MANAGEMENT AGREEMENT DATED AS OF June 30, 2003

AN APPENDIX dated as of June 30, 2003

Between

(1) **GROUPEMENT FINANCIER LIMITED** a Company incorporated in the British Virgin Islands whose registered office is at Kingston Chambers, P.O. Box 173, Road Town, Tortola, British Virgin Islands (the "Fund");

AND

(2) **ACCESS INTERNATIONAL ADVISORS LIMITED** a Company incorporated in Bahamas who registered office is at suite 61, Grosvenor Close, Shirley Street, P.O Box N-7521 Nassau, Bahamas (the "Investment Manager"); and

**WHEREAS:**

- The Investment Manager has been appointed as Investment Manager of GROUPEMENT FINANCIER LIMITED (hereinafter designated as the "Fund") following an Investment Management Agreement dated June 30, 2003;

- According to the Investment Management Agreement "The fees of the Investment Manager shall be provided in an appendix to this Agreement and be agreed from time to time between the parties hereto."

- According to the Private Placement Memorandum and as provided in the Investment Management Agreement:

    - The Investment Manager will receive from the Fund a management fee on the first day of each month at an annual rate of 1% of the average monthly Net Asset Value of the Fund

    - The Investment Manager will received from the Fund a performance fee equal to 15% of the appreciation in the Net Asset Value per Share, on a quarterly basis, subject to a high water mark.

    - In case of the appointment of an investment advisor, in consideration of the services rendered by the investment advisor, the Investment Manager will assign such proportion of the fees as will be on a basis agreed between them and defined in an appendix attached to the investment advisory agreement, and the Fund agrees to pay the fees according to such appendix.



## IT HAS BEEN AGREED AS FOLLOWS:

- The Investment Manager shall receive the following fees, as set forth in the Private Placement Memorandum:

**Management Fee:**

- The Investment Manager will receive from the Fund a management fee on the first day of each quarter at an annual rate of 1% of the average monthly Net Asset Value of the Fund

**Performance Fee:**

- The Investment Manager will receive from the Fund a performance fee equal to 15% of the appreciation in the Net Asset Value per Share, on a quarterly basis, subject to a high water mark.

- In case of the appointment of an investment advisor, in consideration of the services rendered by the investment advisor, the Investment Manager will assign such proportion of the fees as will be on a basis agreed between them and defined in an appendix attached to the investment advisory agreement, and the Fund agrees to pay the fees according to such appendix.

**IN WITNESS** whereof this Exhibit has been entered into the day and year first above written.

*This Appendix forms integral part of the captioned Agreement.*

SIGNED by
**GROUPEMENT FINANCIER LIMITED**

name: [signature]
title: Director

name: [signature]
title: Director

SIGNED by
**ACCESS INTERNATIONAL ADVISORS LIMITED**

name: [signature]
title: Director

name: ................
title: ................

ACCSAC00853834_00009