UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                       Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                       Defendant, | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation<br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>                       Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff,<br><br>                       Plaintiff,<br><br>v.<br><br>SOCIETE GENERALE PRIVATE BANKING (SUISSE) S.A. (*f/k/a* SG Private Banking Suisse S.A.); SOCIETE GENERALE PRIVATE BANKING (LUGANO-SVIZZERA) S.A. (*f/k/a* SG Private Banking (Lugano-Svizzera) S.A.); SOCGEN NOMINEES (UK) LIMITED; LYXOR ASSET MANAGEMENT S.A., as Successor in Interest to Barep Asset Management S.A.; SOCIETE GENERALE HOLDING DE PARTICIPATIONS S.A., as Successor in Interest to Barep Asset Management S.A.; SG AM AI PREMIUM FUND L.P. (*f/k/a* SG AM Alternative Diversified U.S. L.P.); LYXOR ASSET MANAGEMENT INC. (*f/k/a* SGAM Asset Management, Inc.), as General Partner of SG AM AI Premium Fund L.P.; SG AUDACE ALTERNATIF (*f/k/a* SGAM AI Audace Alternatif); SGAM AI EQUILIBRIUM FUND (*f/k/a* SGAM Alternative Multi Manager Diversified Fund); LYXOR PREMIUM FUND (*f/k/a* SGAM Alternative Diversified Premium Fund); SOCIETE GENERALE S.A., as Trustee | Adv. Pro. No. 12-01677 (BRL) |

|  |  |
|---|---|
| for Lyxor Premium Fund; SOCIETE GENERALE BANK & TRUST S.A.; OFI MGA ALPHA PALMARES (*f/k/a* Oval Alpha Palmares); OVAL PALMARES EUROPLUS; UMR SELECT ALTERNATIF; and BANK AUDI S.A.M.- AUDI SARADAR GROUP (*f/k/a* Dresdner Bank Monaco S.A.M.); | |
| Defendants. | |

## DECLARATION OF HERVÉ LECUYER

HERVE LECUYER declares that the following is true and correct:

1. I am a professor of law at University Panthéon-Assas (Paris 2).

2. I have been asked on behalf of defendants, OFI MGA Alpha Palmares (f/k/a/ Oval Alpha Palmarès ("OFI"), Oval Palmarès Europlus ("Palmarès") and UMR Select Alternatif ("UMR") (collectively the "OFI Funds"), to provide an opinion regarding the legal status and structure of the OFI Funds under French law.

3. I have been advised that the OFI Funds are making a motion to dismiss the Plaintiff's claims against them, in part, on the basis that the OFI Funds have no legal personality or legal existence under French law.

**PROFESSIONAL QUALIFICATIONS**

4. I am currently a Professor of private law, in charge of teaching civil law as well as business law, both applicable in the present case. Since I have been employed by University Panthéon-Assas (Paris 2), I have taught the course of civil law of persons several times and therefore have extensively studied the theory of legal personality, which is essential to analyze the status of an FCP (or "*fonds commun de placement*" as defined in paragraph 11 below). The

French Monetary and Financial Code is the basis of my teachings of economic procedural law in Master 2 (fifth year of studies) at University Pantheon-Assas (Paris 2). I have also taught collective management since 2002 to the French speaking section of Lebanese University. Finally, I am a member of the scientific committee of the Revue Bulletin Joly Bourse (Editions Lextenso), a French legal magazine specialized in capital market law. Attached as **Exhibit** A is my curriculum vitae and an English translation of my curriculum vitae.

**FONDS COMMUN DE PLACEMENT ORGANIZED UNDER FRENCH LAW**

5. OFI was authorized as an FCP by the Autorité des Marches Financiers ("AMF"), formerly the Commission des Opérations de Bourse ("COB"), which is the public authority in France established to oversee and regulate the French investment markets and investment vehicles, on July 16, 2002.

6. Palmares was authorized as an FCP by the AMF on January 11, 1990 and liquidated by a termination of mandate issued by the AMF on December 29, 2012.

7. UMR was authorized as an FCP by the AMF on October 25, 2004.

8. The French Monetary and Financial Code is the statute which governs French investment funds.

9. Article L. 214-1 of the French Monetary and Financial Code contains a list of investment fund types that can be established in France.

10. A collective investment scheme, which is called an Organisme de Placement *Collectif en Valeures Mobilières* (OPCVM), is one of the investment fund types listed in Article L. 214-1.

11. Article L. 214-4 of the Monetary and Financial Code states that OPCVMs can take the form of either : a *Société d'Investissement à Capital Variable* (SICAV); or a *Fonds*

*Commun de Placement* ("FCP").

12. In France, SICAVs and FCPs were introduced into law on June 26, 1957. After several successive reforms, SICAVs and FCPs are currently governed by the French Monetary and Financial Code, Chapter IV ("Collective investments"), Title 1 ("financial instruments"), Book II ("Products").

13. SICAVs are commercial companies which are either limited companies *(sociétés anonymes)* or simplified limited companies *(societés par actions simplifiées)*. As such, they have legal personality. Their purpose is to manage portfolios of financial instruments and deposits. SICAVs are governed by provisions of the French Monetary and Financial Code, through common provisions applicable to every OPCVM and provisions applicable to SICAV only, and provisions of the AMF General Regulation (AMF, art. 411-1 et seq.). As SICAVs are commercial companies, they are also governed by the general company law (contained in the French Civil Code) and by specific provisions applicable to limited companies or simplified limited companies (contained in the French Commercial Code), which are not contrary to the applicable provisions of the French Monetary and Financial Code. These provisions are found in Articles L 214-7-2 and L 214-7-3 of the French Monetary and Financial Code.

14. An SICAV is usually managed by its own governing body (self-managed SICAV). In such a case, the management of an SICAV is identical to that of a limited or simplified limited company. However, an SICAV can also outsource the management of its portfolio of financial instruments and deposits and decide to delegate the entire management of its portfolio to a management company.

15. In contrast to an SICAV, an FCP has no legal personality under French Law. Monetary and Financial Code Art. L. 214-8.

16. An FCP is a co-ownership of financial instruments and is a unique form of investment vehicle.

17. An FCP is different from a corporation, partnership, association or other form of business entity.

18. Being deprived of legal personality, an FCP is not a subject of law. Case law has had numerous occasions to insist on the lack of legal personality of the FCP and to draw the consequences[1]. This situation is only a particular application of a general solution according to which any joint ownership (the FCP is a special joint ownership not subject to the common law regime of joint ownership) is devoid of legal personality[2].

19. What defines a subject of law is its ability to act (legal acts, legal actions), to have a will and interests, and therefore to hold rights and be the subject of obligations.

20. An FCP, which is not a subject of law, has no rights or obligations; it cannot act.

21. Therefore, and as a result, an FCP has no officers or employees of its own.

22. An FCP lacks the ability to enter into contracts.

23. An FCP cannot be plaintiff or defendant in litigation.

24. Indeed, article 30 of the French Code of Civil Procedure provides that, *"The action is the right of the plaintiff of a claim to bring an action to be heard on the merits of his claim so that the Judge may declare it founded or unfounded. For the adversary, the action is the right to contest the merits of this claim"*.

25. Article 32 of the said Code adds that: *"Any claim raised by or against a person deprived of the right of action is inadmissible"*.

---

[1] Cass. Crim. 30 mai 1996, n° 95-82.487 ; CA Lyon, 2 juill. 2015, n° 14/04220 ; CA Paris, 3e ch. Sect. B, 27 nov. 2008, n° 07/09689 ; CE 9e et 10e sous-sect. 23 avr. 2008, n° 271853
[2] Cass. 2e civ., 9 juin 2011, n° 10-19.241 ; Cass. 1re civ., 25 oct. 2005, n° 03-20.382 ; Cass. 3e civ., 3 oct. 2007,, n° 06-16.716 ; Cass. 3e civ., 11 juill. 2007, n° 06-12.210 ; Cass. 3e civ., 3 nov. 2005, n° 04-15.381 ; CA Aix-en-Provence, 1re ch. B, 7 juin 2012, n° 11/12437

26. Under said Code, only a person can hold the right to act, in demand or in defense.

27. Because an FCP is not a person, an FCP does not hold the right to act.

28. Because an FCP does not hold the right to act, it cannot be a plaintiff or a defendant to a legal action or proceeding. A claim against an FCP would be inadmissible under Article 32 of the French Code of Civil Procedure.

29. As a consequence, a clawback action in France could not be maintained against an FCP directly because of the unique status of the FCP. No such case has ever existed in France.

30. An FCP is an undivided pool of assets exclusively managed by a management company on behalf of investors who purchase redeemable non-voting units in the FCP. Those investors are generally referred to as "unit holders."

31. The purchase by an investor of units in an FCP constitutes acceptance by the investor of the FCP's regulations. Monetary and Financial Code, Art L. 214-8-1.

32. The assets of the FCP must be kept in a custodian bank account which is separate and apart from management company accounts. Monetary and Financial Code, Art L. 214-9.

33. The FCP can be simply described as an investment strategy where the investors deposit funds into an account with the custodian and the management company manages those funds in the manner prescribed by the FCP's regulations and investment strategy.

34. The FCP units acquired by an investor represent that investor's pro rata right in the undivided collection of assets held by the custodian bank.

35. The unit holders are liable for the FCP's debts only to the extent of the FCP's assets and in proportion to their own pro-rata share. Monetary and Financial Code, Art L. 214-8-5. The liability of the unit holders is several, not joint, and each unit holder is only liable for the amount of his individual share of the pooled assets.

36. FCPs are governed by the provisions of the French Monetary and Financial Code that are applicable to every OPCVM (Monetary and Financial Code, Art. L 214-1 et scq.) and by the

provisions applicable to FCPs only (Monetary and Financial Code, Art. L 214-8 et seq.).

37. An FCP's lack of legal personality is a crucial element of the definition of an FCP as: *"...a common fund (fonds commun de placement), which does not have legal personality, is a co-ownership of financial instruments and deposits..."* (Monetary and Financial Code Art. L. 214-8).

38. French law expressly denies legal personality to FCPs. As such, FCPs have no legal personality. The lack of legal personality of FCPs explains the role and functions of (i) the portfolio management company which creates the FCP (art. L 214-8-1) and (ii) the custodian of the assets that is appointed by the management company.

39. An FCP is established by a contract between the management company and the custodian bank, both of which create the fund's regulations. Monetary and Financial Code, Art L. 214-8-1.

40. The management company has the exclusive right to manage the FCP. Monetary and Financial Code, Art L. 214-8-8. The management company manages the portfolio pursuant to the management objectives and the FCP's regulations and investment strategy. The management company has no interest in the assets of the FCP. With regards to the custodian, an OPCVM must entrust its assets under custody to a sole custodian (art. L 214-10).

41. In France, the activity of UCITS depositary is reserved for certain entities:

   a. The Bank of France;
   b. The Deposit and Consignment Fund;
   c. Credit institutions having their registered office in France;
   d. Credit institutions having their registered office in a Member State of the European Union, through their branches established in France; or
   e. Investment firms having their registered office in France, subject to holding a certain amount of equity (CMF, art. L 214-10-1).

42. In practice, custodians are usually financial institutions.

43. In conclusion, an FCP is deprived of legal personality. It is not a subject of law. As it is not a subject of law, it does not hold any rights or obligations. In particular, it has no right of action, its demand or in defense. Therefore, an FCP cannot be a party to a legal action or proceeding, as plaintiff or defendant.

44. Attached hereto as **Exhibit B** are the applicable provisions of the Monetary and Financial Code referred to herein.

45. Attached hereto as **Exhibit C** is an official translation of the provisions of the Monetary and Financial Code referred to herein.

46. Included in Exhibit B are the applicable provisions of the AMF General Regulation referred to herein.

47. Included in Exhibit C is an official translation of the provisions of the AMF General Regulation referred to herein.

48. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on 21 February 2022
Paris, France

PROFESSOR HERVE LECUYER