UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                          Plaintiff-Applicant,<br><br>    v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                              Defendant, | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation<br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>                              Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff,<br><br>                            Plaintiff,<br><br>    v.<br><br>SOCIETE GENERALE PRIVATE BANKING (SUISSE) S.A. (*f/k/a* SG Private Banking Suisse S.A.); SOCIETE GENERALE PRIVATE BANKING (LUGANO-SVIZZERA) S.A. (*f/k/a* SG Private Banking (Lugano-Svizzera) S.A.); SOCGEN NOMINEES (UK) LIMITED; LYXOR ASSET MANAGEMENT S.A., as Successor in Interest to Barep Asset Management S.A.; SOCIETE GENERALE HOLDING DE PARTICIPATIONS S.A., as Successor in Interest to Barep Asset Management S.A.; SG AM AI PREMIUM FUND L.P. (*f/k/a* SG AM Alternative Diversified U.S. L.P.); LYXOR ASSET MANAGEMENT INC. (*f/k/a* SGAM Asset Management, Inc.), as General Partner of SG AM AI Premium Fund L.P.; SG AUDACE ALTERNATIF (*f/k/a* SGAM AI Audace Alternatif); SGAM AI EQUILIBRIUM FUND | Adv. Pro. No. 12-01677 (BRL) |

|   |   |
|---|---|
| (f/k/a SGAM Alternative Multi Manager Diversified Fund); LYXOR PREMIUM FUND (f/k/a SGAM Alternative Diversified Premium Fund); SOCIETE GENERALE S.A., as Trustee for Lyxor Premium Fund; SOCIETE GENERALE BANK & TRUST S.A.; OFI MGA ALPHA PALMARES (f/k/a Oval Alpha Palmares); OVAL PALMARES EUROPLUS; UMR SELECT ALTERNATIF; and BANK AUDI S.A.M.- AUDI SARADAR GROUP (f/k/a Dresdner Bank Monaco S.A.M.); | |
| Defendants. | |

## DECLARATION OF JEAN-PIERRE GRIMAUD

JEAN-PIERRE GRIMAUD declares that the following is true and correct:

1. I am the Chief Executive Officer for OFI Asset Management Company, a management company organized under the laws of France.

2. I make this declaration in support of the motions to dismiss Plaintiff's complaint by OFI MGA Alpha Palmares (f/k/a/ Oval Alpha Palmares ("OFI"), Oval Palmares Europlus ("Palmares") and UMR Select Alternatif ("UMR") (collectively the "OFI Funds").

3. OFI Asset Management Company was the manager of OFI and UMR from December 31, 2006 to December 1, 2009 and was the manager of Palmares from December 31, 2006 to the date of its dissolution and liquidation. Accordingly, I make this declaration based upon my personal knowledge of the structure and management of the OFI Funds and a review of business records maintained by OFI Asset Management Company relating to the OFI Funds.

4. The Autorité des Marchés Financiers ("AMF"), formerly Commission des Opérations de Bourse ("COB"), authorized OFI as a *Fonds Commun de Placement* ("FCP") on July 16, 2002.

5. The AMF authorized Palmares as an FCP on January 11, 1990. Palmares was

2

dissolved and liquidated on December 29, 2008. Attached as **Exhibit A** is the December 22, 2008 letter from the AMF with the termination of mandate evidencing the dissolution of Palmares as an FCP as of December 29, 2008.

6. The AMF authorized UMR as an FCP on October 25, 2004. Attached as **Exhibit B** is the certificate evidencing the authorization of UMR as an FCP and the English translation of that certificate.

7. As FCPs, the OFI Funds have no officers or employees of their own. The management of OFI and UMR (as well as the management of Palmares before liquidation) is and has always been conducted by a management company organized under the laws of France.

8. The (i) custody of the assets and (ii) keeping of the unitholders registers of OFI and UMR (as well as the custody of Palmares' assets and the keeping of Palmares' unit holders register before liquidation) are and have always been performed by a financial institution organized under the laws of France. The financial institution who maintains custody of the assets and keeps the registry of the unit holders is commonly referred to as a *Custodian*.

9. To the best of my knowledge, as the OFI Funds do not keep their unit holders' registers, the unit holders of OFI are all French residents; the unit holders of UMR are all French residents; and, until its liquidation, the unit holders of Palmares were all French residents.

10. With respect to the shares in Fairfield Sentry Limited, it is the Custodian that signed the subscription agreements for the Fairfield Sentry Limited shares purchased between 2002 and 2008 and provided the funds for the purchase of those shares.

11. It is my understanding that Fairfield Sentry Limited is a company organized under the laws of the Territory of the British Virgin Islands.

12. The OFI Funds themselves have no contacts and have engaged in no purposeful activities in New York, or the United States as    is set forth further below.

3

13. Each witness with information relating to the transfers from Fairfield Sentry to the Custodian of the OFI Funds is located outside of the United States.

14. In addition, documents relating to the transfers from Fairfield Sentry to the OFI Funds' Custodian are also located outside of the United States. Furthermore, most of those documents are written in French.

**OFI MGA Alpha Palmares (f/k/a/ Oval Alpha Palmares ("OFI"))**

15. OFI is not licensed or otherwise authorized to conduct business in the United States.

16. OFI does not have any offices in the United States.

17. OFI does not have any employees in the United States.

18. OFI does not own or lease any real property in the United States.

19. OFI does not pay any taxes in the United States.

20. OFI does not maintain any bank accounts in the United States.

21. OFI does not maintain any mailing addresses in the United States and it does not have any telephone number listings in the United States.

22. OFI does not direct any marketing activities, and is prohibited by French law from doing so, in the United States or to residents of the United States.

23. OFI does not have a registered agent for service of process in the United States.

24. In sum, OFI has not engaged in any activities or maintained any presence in the United States, has no contacts with the United States, and has not engaged in any conduct expressly targeting the United States or its residents.

**Oval Palmares Europlus ("Palmares")**

25. Palmares was not licensed or otherwise authorized to conduct business in the United States.

4

26. Palmares did not have any offices in the United States.

27. Palmares did not have any employees in the United States.

28. Palmares did not own or lease any real property in the United States.

29. Palmares did not pay any taxes in the United States.

30. Palmares did not maintain any bank accounts in the United States.

31. Palmares did not maintain any mailing addresses in the United States and it did not have any telephone number listings in the United States.

32. Palmares did not direct any marketing activities, and was prohibited by French law from doing so, in the United States or to residents of the United States.

33. Palmares did not have a registered agent for service of process in the United States.

34. In sum, Palmares did not engage in any activities or maintain any presence in the United States, had no contacts with the United States, and did not engage in any conduct expressly targeting the United States or its residents.

**UMR Select Alternatif ("UMR")**

35. UMR is not licensed or otherwise authorized to conduct business in the United States.

36. UMR does not have any offices in the United States.

37. UMR does not have any employees in the United States.

38. UMR does not own or lease any real property in the United States.

39. UMR does not pay any taxes in the United States.

40. UMR does not maintain any bank accounts in the United States.

41. UMR does not maintain any mailing addresses in the United States and it does not have any telephone number listings in the            United States.

5

42. UMR does not direct any marketing activities, and is prohibited by French law from doing so, in the United States or to residents of the United States.

43. UMR does not have a registered agent for service of process in the United States.

44. In sum, UMR has not engaged in any activities or maintained any presence in the United States, has no contacts with the United States, and has not engaged in any conduct expressly targeting the United States or its residents.

45. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 23, 2022
Paris, France

Jean-Pierre Grimaud
Chief Executive Officer
OFI Asset Management

6