**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (CGM)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff,<br><br>Plaintiff,<br><br>v.<br><br>JOHN FUJIWARA *et al.*,<br><br>Defendants. | Adv. Pro. No. 10-04289 (CGM) |

## TRUSTEE'S MOTION TO ENFORCE SETTLEMENT AGREEMENT

Irving H. Picard (the "Trustee"), as trustee for the substantively consolidated liquidation

1

of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq., and the Chapter 7 estate of Bernard L. Madoff, respectfully moves to enforce the payment terms of the settlement agreement (the "Settlement Agreement" or the "Agreement") into which the parties entered to resolve the above-captioned adversary proceeding (the "Adversary Proceeding").

Defendant John Fujiwara ("Mr. Fujiwara") is in default of his payment obligations under the Settlement Agreement. Specifically, he failed to make a $1.4 million payment to the Trustee on January 13, 2022. This failure, in turn, has triggered the acceleration of Mr. Fujiwara's obligation to make a final payment to the Trustee in the amount $2.2 million pursuant to a promissory note (the "Note") that he executed in the Trustee's favor, and also has given rise to his obligation to pay interest on the Note running from the date of his execution of the Note in June 2019.

As of the date of this filing, Mr. Fujiwara is required to pay the Trustee a total of $4,141,230.14, which represents the aggregate principal amount of $3.6 million due under the Agreement plus interest based on the extant default. Since all of Mr. Fujiwara's payment obligations are now payable and due, the Trustee respectfully asks that this Court issue an order, as well as enter judgment, against Mr. Fujiwara and in favor of the Trustee for the total amount owed.

BACKGROUND

On November 26, 2010, the Trustee commenced the Adversary Proceeding against Mr. Fujiwara and his late wife, Gladys Fujiwara (together with Mr. Fujiwara, the "Fujiwaras"). (ECF No. 1.) The Trustee alleged that the Fujiwaras received certain avoidable transfers (the "Avoidable Transfers") from BLMIS in the two-year period prior to its collapse. (*Id.*) During the pendency of these proceedings, Gladys Fujiwara died and in June 2017, Mr. Fujiwara was

substituted as a defendant in her stead as the executor of her estate. (ECF No. 65.)

In or about June 2019, the Trustee and Mr. Fujiwara entered into the Settlement Agreement[1] resolving any and all claims and disputes with respect to the Avoidable Transfers and the Adversary Proceeding. (Declaration of James H. Rollinson ("Rollinson Decl.") ¶ 3.) As part of the settlement, Mr. Fujiwara agreed to pay the Trustee a certain total amount (the "Settlement Amount") in three installments. (*Id.*) The Settlement Agreement became effective on January 13, 2020.[2] (*Id.*) On January 16, 2020, the parties filed a stipulation and voluntary dismissal without prejudice (the "Dismissal Order") wherein the Trustee retained the right to re-open the Adversary Proceeding in the event of an uncured default under the parties' Settlement Agreement or the Note or the Mortgage attached thereto. (ECF 100, ¶ 6). Later that same day, the Court so entered the Dismissal Order. (*Id.*)

Although Mr. Fujiwara paid the first installment toward the Settlement Amount, he failed to pay the second installment in the amount of $1.4 million on or before January 13, 2022. (Rollinson Decl. ¶ 5). As a result of this failure, Mr. Fujiwara is in default under the terms of the Note and therefore is required to pay the third installment in the amount of $2.2 million at this time as well.[3] The Trustee has neither heard from Mr. Fujiwara, either directly or through counsel, nor received any further payment from him.

Accordingly, Mr. Fujiwara is currently obligated to pay the Trustee the balance of the

---

[1] Although the parties agreed to keep the terms of the Settlement Agreement confidential, they reserved the right to disclose its terms in any litigation over the Agreement. (*Id.* at ¶ 3 n.2.) The Trustee nevertheless will disclose only those terms necessary for the Court to determine this Motion. In the event the Court may require further detail regarding the Agreement and/or the accompanying Note, the Trustee can provide them to the Court under seal.

[2] The Settlement Agreement became effective on the date on which the last of the following four conditions was satisfied: (i) the Settlement Agreement was fully executed; (ii) a certain Escrow Agreement was fully executed; (iii) a certain Note and Mortgage, which secured payment of the third installment, were executed by Mr. Fujiwara; and (iv) the Mortgage was recorded by the Trustee. The last of the parties executed the Settlement Agreement on January 6, 2020. The last of the parties executed the Escrow Agreement on January 6, 2020; Mr. Fujiwara executed the Note and Mortgage on June 24, 2019; and the mortgage was recorded on January 13, 2020. (*Id.* at ¶ 3 n.4.)

[3] Mr. Fujiwara's default also gave rise to an obligation to pay interest (at the rate of the prime rate + 5%) on the Note running from June 24, 2019, the date on which he executed the Note. (*Id.* at ¶ 5.)

Settlement Amount, a total of $3.6 million, as well as interest which has accrued under the Note. As to the date of this filing, the interest owed by Mr. Fujiwara under the Note totals $541,230.14. (Rollinson Decl. ¶ 6 & Ex. 1.)

## DISCUSSION

"A motion to enforce a settlement agreement is fundamentally 'claim for breach of contract, part of the consideration of which was dismissal of an earlier federal suit,'" *Kokkonen* [*v. Guardian Life Ins. Co.*], 511 U.S. [375,] 381 [(1994)], and therefore 'requires its own basis of jurisdiction,' *id.* at 378." *Hendrickson v. U.S.*, 791 F.3d 354, 358 (2d Cir. 2015). One basis on which a federal court may have jurisdiction to enforce such an agreement is through its ancillary jurisdiction. A court enjoys ancillary jurisdiction when, in dismissing an action, the court either expressly retained jurisdiction over the settlement or incorporated its terms into an order. *Hendrickson* at 358 (citing *Kokkonen* at 381); *see also Kaplan v. Reed Smith LLP*, 919 F.3d 154, 157 (2d Cir. 2019). Here, when originally dismissing the Adversary Proceeding without prejudice, this Court expressly retained jurisdiction by granting the Trustee the right to re-open the Adversary Proceeding in the event of an uncured default under the Settlement Agreement or the Note. (ECF 100, ¶ 6). Accordingly, this Court has jurisdiction to entertain the instant Motion.

The record before this Court establishes that the Trustee is entitled to enforce the payment terms of the Settlement Agreement at this time. Mr. Fujiwara has breached his obligations under the Settlement Agreement. He failed to pay the Trustee the second installment of $1.4 million as required by the Settlement Agreement, and has given no indication that he plans to do so. Moreover, his failure to pay the second installment constituted an event of default under the Note, triggering an acceleration of his obligation to pay the third installment of $2.2 million, the face amount of the Note, as well as interest on the Note running from the date

4

of his execution of the Note on June 24, 2019. At this time, Mr. Fujiwara therefore is obligated to pay the Trustee a total of $4,141,230.14.[4]

## CONCLUSION

For the reasons set forth herein, the Trustee respectfully requests that the Court enter judgment against Mr. Fujiwara and in favor of the Trustee. In support of this Motion, the Trustee submits the Declaration of James H. Rollinson, Esq., attached hereto as Exhibit A. For the Court's convenience, the Trustee also attaches, respectively as Exhibits B and C, a proposed order and judgment.

Date: April 29, 2022
      New York, New York

Of Counsel:

| | |
|---|---|
| **BAKER HOSTETLER LLP**<br>James H. Rollinson<br>127 Public Square<br>Cleveland, Ohio 44114<br>Telephone: 216.621-0200<br>Facsimile: 216.696.0740<br>James H. Rollinson<br>Email: jrollinson@bakerlaw.com | **BAKER & HOSTETLER LLP**<br><br>By: *s/ Nicholas J. Cremona*<br>45 Rockefeller Plaza<br>New York, New York 10111<br>Telephone: 212.589.4200<br>Facsimile: 212.589.4201<br>David J. Sheehan<br>Email: dsheehan@bakerlaw.com<br>Nicholas J. Cremona<br>Email: ncremona@bakerlaw.com<br><br>*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff* |

---

[4] This Motion is scheduled to be heard on May 18, 2022. At that time, assuming that he has not cured his default, Mr. Fujiwara will owe the Trustee a total of $4,150,964.38. (Rollinson Decl. ¶ 6 & Ex. 1.) In the event that the Court grants this Motion, the Trustee respectfully requests that judgment be entered in the Trustee's favor and against Mr. Fujiwara in that amount.

5