UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

SECURITIES INVESTOR PROTECTION : 
CORPORATION, :          SIPA LIQUIDATION
:
        Plaintiff-Applicant, :          No. 08-01789 (CGM)
:
    v. :
:
BERNARD L. MADOFF INVESTMENT :
SECURITIES, LLC, :
:
        Defendant. :

------------------------------------------------------------------------X

In re: :
:
BERNARD L. MADOFF, :
:
        Debtor. :

------------------------------------------------------------------------X

IRVING H. PICARD, Trustee for the Substantively :
Consolidated SIPA Liquidation of Bernard L. Madoff :
Investment Securities LLC and Bernard L. Madoff :
:
        Plaintiff, :
:
    v. :          Adv. Pro. No. 10-05169
:
FAIRFIELD PAGMA ASSOCIATES, LP, a New York :
York limited partnership, SEYMOUR KLEINMAN, :
ESTATE OF MARJORIE KLEINMAN aka MARJORIE :
HELENE KLEINMAN, BONNIE JOYCE KLEINMAN, :
as executor, FAIRFOX, LLC, a New York limited liability :
company, and SEYFAIR, LLC, a New York limited :
liability company, :
:
        Defendants. :

------------------------------------------------------------------------X

## NOTICE OF APPEAL

**PLEASE TAKE NOTICE** that Defendants Bonnie Joyce Kansler, as Executor of the

Estate of Marjorie Kleinman, and Seymour Kleinman hereby appeal to the United States District

Court for the Southern District of New York pursuant to 28 U.S.C. § 158(a)(1), from each and

every aspect of the final judgment annexed hereto as Exhibit 1 (the "Final Judgment") of the

Honorable Cecilia G. Morris of the United States Bankruptcy Court for the Southern District of

New York, entered in the above-captioned adversary proceeding (the "Adversary Proceeding"),

*Picard v. Fairfield Pagma Associates, LP, et al.*, Adv. Pro. No. 10-05169 (CGM) (Bankr. S.D.N.Y.

Apr. 25, 2022), ECF No. 144, and in the main adversary proceeding, *Securities Investor Protection*

*Corp. v. Bernard L. Madoff Investment Securities LLC (In re BLMIS)*, Adv. Pro. No. 08-01789

(SMB) (Bankr. S.D.N.Y. Apr. 26, 2022), ECF No. 21439), resulting in a judgment in favor of

Plaintiff, Irving H. Picard, as trustee ("Trustee"), for the substantively consolidated liquidation of

Bernard L. Madoff Investment Securities LLC ("BLMIS") and the estate of Bernard L. Madoff,

against Defendants Fairfield Pagma Associates, LP, Seymour Kleinman, Bonnie Joyce Kansler, as

Executor of the Estate of Marjorie Kleinman, Fairfox, LLC and Seyfair, LLC, in this Adversary

Proceeding, including without limitation the Memorandum Decision Granting Summary Judgment

in Favor of the Trustee (annexed hereto as Exhibit 2). *Picard v. Fairfield Pagma Associates, LP,*

*et al.*, Adv. Pro. No. 10-05169 (CGM) (Bankr. S.D.N.Y. Apr. 13, 2022), ECF No. 137.

The names of the relevant parties to the Final Judgment appealed and the contact

information of their attorneys are as follows:

| Defendant / Appellant | Counsel for Defendant / Appellant |
|---|---|
| Bonnie Joyce Kansler, as Executor of the Estate of Marjorie Kleinman, and Seymour Kleinman | LAX & NEVILLE LLP<br>350 Fifth Avenue, Suite 4640<br>New York, New York 10018<br>Telephone: (212) 696-1999<br>Facsimile: (212) 566-4531<br>Barry R. Lax<br>Email: blax@laxneville.com<br>Robert Miller<br>Email: rmiller@laxneville.com<br>Robert J. Grand<br>Email: rgrand@laxneville.com |

| Plaintiff / Appellee | Counsel for Plaintiff / Appellee |
|---|---|
| Irving H. Picard, as Trustee, for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") and the estate of Bernard L. Madoff | BAKER & HOSTETLER LLP<br>45 Rockefeller Plaza<br>New York, New York 10111<br>Telephone: (212) 589-4200<br>Facsimile: (212) 589-4201<br>David J. Sheehan<br>Email: dsheehan@bakerlaw.com<br>Nicholas J. Cremona<br>Email: ncremona@bakerlaw.com<br>Maximillian Shifrin<br>Email:mshifrin@bakerlaw.com |

Dated: New York, New York
     May 3, 2022

By:/s/ *Barry R. Lax*
**LAX & NEVILLE LLP**
350 Fifth Avenue, Suite 4640
New York, NY 10018
Telephone: (212) 696-1999
Facsimile: (212) 566-4531
Barry R. Lax
Email: blax@laxneville.com
Robert Miller
Email: rmiller@laxneville.com
Robert J. Grand
Email: rgrand@laxneville.com

*Attorneys for Bonnie Kansler, as*
*Executor of the Estate of Marjorie*
*Kleinman, and Seymour Kleinman*

# EXHIBIT 1

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (CGM) |
| Plaintiff-Applicant, | |
| v. | SIPA LIQUIDATION |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | (Substantively Consolidated) |
| Defendant. | |
| In re | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, | |
| Plaintiff, | |
| v. | Adv. Pro. No. 10-05169 (CGM) |
| FAIRFIELD PAGMA ASSOCIATES, LP, a New York limited partnership, SEYMOUR KLEINMAN, ESTATE OF MARJORIE KLEINMAN A/K/A MARJORIE HELENE KLEINMAN, BONNIE JOYCE KANSLER, as executor, FAIRFOX, LLC, a New York limited liability company, and SEYFAIR, LLC, a New York limited liability company, | BC 22,0009 |
| Defendants. | |

## JUDGMENT

**WHEREAS,** Irving H. Picard (the "Trustee") is the trustee for the liquidation of the

business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities

Investor Protection Act ("SIPA"), 15 U.S.C. §§ 78aaa–*lll*, substantively consolidated with the

liquidation under chapter 7 of 11 U.S.C. §§ 101–1532, of the estate of Bernard L. Madoff

("Madoff"), currently pending in the United States Bankruptcy Court for the Southern

District of New York (the "Bankruptcy Court") as Adv. Pro. No. 08-01789 (CGM);

WHEREAS, the Trustee is duly qualified to serve and act on behalf of the

consolidated estate of BLMIS and Madoff;

WHEREAS, on or about December 3, 2010, the Trustee commenced the above-

captioned adversary proceeding (the "Adversary Proceeding") in the Bankruptcy Court,

alleging, *inter alia*, that Fairfield Pagma Associates, LP, Seymour Kleinman, Estate of

Marjorie Kleinman a/k/a Marjorie Helene Kleinman, Bonnie Joyce Kansler, as executor,

Fairfox, LLC, and Seyfair, LLC received avoidable transfers in an amount aggregating

$1,247,929 in connection with BLMIS Account No. 1ZA994 within two years of December

11, 2008;

WHEREAS, on February 16, 2022, during a hearing on, among other motions, the

Trustee's motion for summary judgment, the Court granted summary judgment in favor of the

Trustee and against Fairfield Pagma Associates, LP, Fairfox, LLC, and Seyfair, LLC under

Federal Rule of Civil Procedure 56(a); and

WHEREAS, on April 13, 2022, the Court issued a memorandum decision, *Picard v.*

*Fairfield Pagma Associates, LP*, Adv. Pro. No. 10-05169 (CGM), 2022 WL 1110560

(Bankr. S.D.N.Y. Apr. 13, 2022), ECF No. 137 (the "Decision"), granting summary

judgment in favor of the Trustee and against Seymour Kleinman and Bonnie Joyce Kansler,

as executor of the Estate of Marjorie Helene Kleinman; and

WHEREAS, on April 19, 2022, the Trustee filed a notice of presentment

implementing this Court's Decision, (ECF No. 139), and on April 21, 2022, opposition and a

counter-proposed judgment was submitted by Fairfield Pagma Associates, (ECF No. 141),

and the Court having considered the opposition, and after due deliberation;

**NOW THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED THAT:**

1. As set forth in the Decision, the Court made the following findings and conclusions:

    a.  The Court has subject matter jurisdiction over this Adversary Proceeding under SIPA § 78eee(b)(4), 28 U.S.C. §1334, 157(a) & (b), and Order No. M10-450 (S.D.N.Y. July 10, 1984), as amended by Amended Standing Order of Reference No. M10-468, 12 Misc. 00032 (S.D.N.Y. Jan. 31, 2012);

    b.  Madoff operated BLMIS as a Ponzi scheme;

    c.  Fairfield Pagma Associates LP received $1,247,929.00 in fictitious profits that BLMIS transferred to Fairfield Pagma Associates LP within two years of December 11, 2008 (the "Two-Year Transfers");

    d.  The Two-Year Transfers were transfers of an interest of the debtor because the Two-Year Transfers originated from BLMIS's JPMorgan Accounts, and are "customer property" within the meaning of SIPA 78lll(4). The Two-Year Transfers must be returned to the Trustee pursuant to SIPA § 78fff-2(c)(3);

    e.  The Trustee is entitled to rely on the Ponzi scheme presumption and has demonstrated that the Two-Year Transfers were made with the actual intent to hinder, delay, or defraud creditors within the meaning of 11 U.S.C. §§ 548(a)(1)(A) and 550(a);

    f.  The Two-Year Transfers are avoided under 11 U.S.C. § 548(a)(1)(A) and recoverable from Fairfield Pagma Associates LP under 11 U.S.C. § 550;

    g.  Seyfair, LLC, Fairfox, LLC, Seymour Kleinman, and Marjorie Kleinman were general partners of Fairfield Pagma Associates LP;

    h.  As general partners, Seyfair, LLC, Fairfox, LLC, Seymour Kleinman, and Bonnie Joyce Kansler, as executor of the Estate of Marjorie Kleinman a/k/a Marjorie Helene Kleinman, are jointly and severally liable for Fairfield Pagma Associates LP's debts;

    i.  Under New York law, Defendant Estate of Marjorie Kleinman a/k/a Marjorie Helene Kleinman is not a proper party and is dismissed;

    j.  The Trustee is entitled to prejudgment interest from December 11, 2008 (the "SIPA Filing Date") through the date of this Judgment because the Trustee has spent approximately ten years prosecuting this case and cannot be made whole without an award of prejudgment interest.

2.  The Trustee is awarded prejudgment interest on the Two-Year Transfers pursuant to 28 U.S.C. § 1961(b), at the rate of 4% from the SIPA Filing Date through April 19, 2022.

3.  Judgment is hereby entered in favor of the Trustee to recover from Fairfield Pagma Associates, LP, Seymour Kleinman, Bonnie Joyce Kansler, as executor of Estate of Marjorie Kleinman a/k/a Marjorie Helene Kleinman, Fairfox, LLC, and Seyfair, LLC, jointly and severally, the total amount of $$1,914,323.09 (the "Judgment Amount"), representing the sum of:

Account No. 1ZA994 – Fairfield Pagma Associates, LP, Fairfox LLC, and Seyfair LLC

   a.  Avoidable Transfers                            $1,247,929.00

   b.  Pre-judgment interest on the Avoidable Transfers at the rate of 4%, from Dec. 11, 2008 through Apr. 19, 2022       $666,394.09

                                        Total:     $1,914,323.09

4.  The Clerk of Court shall enter this Judgment in favor of the Trustee and against Fairfield Pagma Associates, LP, Seymour Kleinman, Bonnie Joyce Kansler, as executor of Estate of Marjorie Kleinman a/k/a Marjorie Helene Kleinman, Fairfox, LLC, and Seyfair, LLC for the Judgment Amount.



Dated: April 25, 2022
Poughkeepsie, New York

/s/ Cecelia G. Morris
_____
Hon. Cecelia G. Morris
U.S. Bankruptcy Judge

# EXHIBIT 2

**FOR PUBLICATION**

| | |
|---|---|
| Securities Investor Protection Corporation,<br><br>　　　　　　Plaintiff-Applicant,<br><br>v.<br><br>Bernard L. Madoff Investment Securities LLC<br><br>　　　　　　Defendant. | No. 08-01789 (CGM)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>Bernard L. Madoff<br><br>　　　　　　Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Fairfield Pagma Associates, LP; Fairfox LLC; Seyfair, LLC; Estate of Marjorie Kleinman; Bonnie J. Kansler, as Executor of estate of Marjorie Kleinman; Seymour Kleinman<br><br>　　　　　　Defendants. | Adv. Pro. No. 10-05169 (CGM) |

## MEMORANDUM DECISION GRANTING SUMMARY JUDGMENT IN FAVOR OF THE TRUSTEE

### A P P E A R A N C E S:

MAXIMILLIAN S. SHIFRIN (via Zoom)
Baker & Hostetler LLP
45 Rockefeller Plaza,
New York, NY 10111
Attorneys for the Trustee, Irving Picard

BARRY R. LAX (via Zoom)

Lax & Neville LLP
1412 Broadway
Suite 1407
New York, NY 10018
Attorneys for the Defendants

**CECELIA G. MORRIS**
**UNITED STATES BANKRUPTCY JUDGE**

## Jurisdiction

This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1334(b) and 157(a),

the District Court's Standing Order of Reference dated July 10, 1984, and the Amended Standing

Order of Reference dated January 31, 2012. In addition, the District Court removed the SIPA

liquidation to this Court pursuant to SIPA § 78eee(b)(4), (*see* Order, Civ. 08– 01789 (Bankr.

S.D.N.Y. Dec. 15, 2008) ("Main Case"), at ¶ IX (ECF No. 1)), and this Court has jurisdiction

under the latter provision. The Court has authority to enter a final order in these cases.[1] To the

extent that it does not, the Court asks the District Court to construe this decision as proposed

findings of fact and conclusions of law, pursuant to the Amended Standing Order of Reference

dated January 31, 2012.

## Background

For background of these SIPA cases and the Bernard L. Madoff Investment Securities

LLC ("BLMIS") Ponzi scheme, please refer to the findings of fact in *Picard v. Nelson* (*In re*

*BLMIS*), 610 B.R. 197, 206–14 (Bankr. S.D.N.Y. 2019).

---

[1] Defendants have implicitly consented to the entry of a final order by this Court by failing to
raise the issue. *In re Bernard L. Madoff Inv. Sec. LLC*, No. 1:21-CV-02334-CM, 2022 WL
493734, at *10 (S.D.N.Y. Feb. 17, 2022).

Undisputed Facts

    Fairfield Pagma Associates ("Fairfield Pagma") was a New York limited partnership that

opened an account with BLMIS on January 22, 1993.  Trustee's Stmt. ¶ 128, ECF No. 96.[2]

Marjorie Kleinman ("Marjorie") and Seymour Kleinman ("Seymour") were the initial general

partners of Fairfield Pagma at the time of its formation.  *Id.* ¶ 110.  Defendant Seyfair, LLC

("Seyfair") and defendant Fairfox, LLC ("Fairfox") were limited liability companies formed on

December 13, 2004.  Def's Stmt. ¶ 2, ECF No. 111.  Following the death of Marjorie, the Court

signed a stipulation on April 7, 2015, ordering the substitution of Estate of Marjorie Kleinman

a/k/a Marjorie Helene Kleinman and Bonnie Joyce Kansler ("Bonnie Kansler") as executor of

Marjorie's Estate in place of Marjorie.  ECF No. 43.[3]  The Trustee has moved for summary

judgment under count one of the complaint against Fairfield Pagma, Bonnie Kansler, Seymour,

Seyfair, and Fairfox ("Defendants").[4]

    Defendants do not dispute the Trustee's statement of material fact ("Statement of

Material Fact") in paragraphs numbered 1–107 and 113–134.  Def's Stmt. at 2, ECF No. 111.  It

is undisputed that BLMIS operated a Ponzi scheme, the plea allocutions of Bernie Madoff and

other defendants are admitted, BLMIS records are admitted, the Trustee's experts' reports are

admitted, and it is not disputed that BLMIS made the transfers at issue to Fairfield Pagma.

---

[2] Unless otherwise specified, references to this Court's electronic docket ("ECF") are to the
docket of adversary proceeding, 10-05169-cgm.

[3] An action for or against the estate must be made by or against the executor in his representative
capacity. *Wilmington Tr., Nat'l Ass'n v. Estate of McClendon*, 287 F. Supp. 3d 353, 373
(S.D.N.Y. 2018) (cleaned up).  In this case, the Trustee has sued Bonnie Kansler in her
representative capacity as the executor of Marjorie's estate.  Marjorie is no longer a named
defendant.

[4] Count One alleges that each of the transfers made during the Two-Year Period "constitutes a
fraudulent transfer avoidable by the [SIPA] Trustee pursuant to section 548(a)(1)(A) of the
Bankruptcy Code and recoverable from Defendants pursuant to section 550(a) of the Bankruptcy
Code and section 78fff-2(c)(3) of SIPA." Compl., ECF No. 1.

Fairfield Pagma was a customer of BLMIS's investment advisory business ("IA Business") and

held Account No. 1ZA994. Def's Stmt. ¶ 111. It is undisputed that within the two-year period

prior to December 11, 2008, Fairfield Pagma withdrew $1,247,929 in fictitious profits. SIPA

Trustee Stmt., ¶ 134, ECF No. 96. The issue this Court must resolve is whether Seymour and

Marjorie[5] are liable as general partners for Fairfield Pagma's debts.

Fairfield Pagma dissolved following the collapse of BLMIS. Def's Stmt. ¶ 108. There

is a dispute as to whether Seyfair and Fairfox replaced Seymour and Marjorie as general partners

of Fairfield Pagma. Id. ¶ 3. This is the heart of Seymour and Marjorie's opposition. They argue

that they ceased being general partners of Fairfield Pagma and that only Seyfair and Fairfox—as

replacement general partners—should be liable for Fairfield Pagma's debts. The Defendants'

opposition to summary judgment also states that Seymour died in 2015. Def's Opp'n. at 6, ECF

No. 110. The Defendants argue that the motion for summary judgment should be denied against

Seymour as no representative has been substituted in place of Seymour.

## Discussion

Under Rule 56(a) of the Federal Rules of Civil Procedure, as applied by Rule 7056(c) of

the Federal Rules of Bankruptcy Procedure: "The court shall grant summary judgment if the

movant shows that there is no genuine dispute as to any material fact and the movant is entitled

to judgment as a matter of law." The materiality of facts must be determined with reference to

the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "A

fact is material only if it affects the result of the proceeding and a fact is in dispute only when the

---

[5] The Court reemphasizes that in this adversary proceeding Marjorie was replaced by her executor, Bonnie Kansler. Because Kansler is also a witness in this case, for ease of readability, the Court will refer to Marjorie when discussing the liability of Marjorie's estate.

opposing party submits evidence such that a trial would be required to resolve the differences."

*In re CIS Corp.*, 214 B.R. 108, 118 (Bankr. S.D.N.Y. 1997).

A movant has the initial burden of establishing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). A moving party may obtain summary judgment by showing that little or no evidence may be found in support of the nonmoving party's case. *Gallo v. Prudential Residential Servs. Ltd. P'ship*, 22 F.3d 1219, 1223–24 (2d Cir. 1994). The nonmoving party "must do more than simply show that there is some metaphysical doubt as to material facts." *Repp v. Webber*, 132 F.3d 882, 889 (2d Cir. 1997). The nonmoving party should oppose the motion for summary judgment with evidence that is admissible at trial. *See* Fed. R. Civ. P. 56(e)(1); *Crawford v. Dep't of Investigation*, 324 F. App'x 139, 143 (2d Cir. 2009) (affirming award of summary judgment in favor of defendant, where plaintiff presented testimony from uncorroborated source, as well as "speculation, hearsay and other inadmissible rumor, and conclusory allegations").

At oral argument, counsel for Fairfield Pagma, Seyfair, and Fairfox consented to have summary judgment entered against them. Tr. at 12:8–13, ECF No. 135. The Court will briefly examine Fairfield Pagma's liability as it relates to Seymour and Marjorie's liability.

I. The Trustee Satisfies 11 U.S.C. § 548(a)(1)(A)

The Trustee seeks to avoid and recover transfers of fictitious profits to Fairfield Pagma under 11 U.S.C. § 548(a)(1)(A). The elements of this claim are: (i) a transfer of an interest of the debtor in property (ii) made within two years of the petition date (iii) with "actual intent to hinder, delay, or defraud" a creditor. *Adelphia Recovery Tr. v. Bank of Am., N.A.*, 2011 WL 141967, at *2 (S.D.N.Y. Apr. 7, 2011), *aff'd* 748 F.3d 110 (2d Cir. 2014). SIPA § 78fff-2(c)(3) allows the SIPA Trustee to "invoke the fraudulent transfer provisions in the Bankruptcy Code to

recover customer property." *Picard v. Gettinger* (*In re BLMIS*), 976 F.3d 184, 199 (2d Cir. 2020).

      i.      Transfer of an Interest of the Debtor in Property

      The Trustee must prove that the property he is seeking to recover was "customer property" prior to the transfer. All monies transferred from the 509 Account or the 703 Account[6] are "customer property" for purposes of these SIPA cases. *Picard v. BAM, L.P.* (*In re BLMIS*), 624 B.R. 55, 61 (Bankr. S.D.N.Y. 2020) ("When the Defendants invested their money into the IA Business, the deposits were placed into the Bank Accounts and commingled with all of the Ponzi scheme victims' deposits. The funds held in the Bank Accounts were meant to be invested legitimately through BLMIS but never were. Thus, they were 'customer property.'"); *see also Picard v. Nelson, (In re BLMIS)*, 610 B.R. 197, 233 (Bankr. S.D.N.Y. 2019) ("All of the transfers were made from the 509 Account held by BLMIS and consisted entirely of fictitious profits. Under SIPA, the customer deposits are deemed to have been BLMIS's property for the purposes of these adversary proceedings.").

      In this case, it is undisputed that the Trustee seeks to recover customer property. Def's Opp'n at 1, ECF No. 110. "Fairfield Pagma received the transfers the Trustee is seeking to avoid and recover between March 2007 and July 2008." *Id.*; Def's Counter Stmt. at 2, ECF No. 111 ("Defendants do not dispute the Trustee's Statements of Material Fact Nos. 1–107 and 113–134.").

---

[6] BLMIS primarily used three bank accounts for the IA Business: JP Morgan Chase Bank, N.A. ("Chase") account #xxxxx1703 (the "703 Account"); Chase account #xxxxxxxxx1509 (the "509 Account"); and the Bankers Trust account #xx-xx0-599 (the "599 Account" or the "BT Account").

ii.    Made Within Two Years of the Petition Date

The Trustee seeks to recover the fictitious profits that BLMIS transferred to Defendant

within the two-year period between December 11, 2006 and December 11, 2008.  The Trustee's

expert, Michael Greenblatt, has provided evidence that shows that the Fairfield Pagma account

consisted of $3,499,668 in principal and an additional $1,247,929 of fictitious profits.  Trustee's

Stmt. ¶¶ 131–134; Def's Counter Stmt. at 2, ECF No. 104 ("Defendants do not dispute the

Trustee's Statements of Material Fact Nos. 1–107 and 113–134.").

iii.   Actual Intent to Hinder, Delay, or Defraud

Intent to defraud is established as BLMIS operated a Ponzi scheme. *Picard v. Cohen*,

Adv. Pro. No. 10-04311 (SMB), 2016 WL 1695296, at *5 (Bankr. S.D.N.Y. Apr. 25, 2016)

(citing *SIPC v. BLMIS* (*In re BLMIS*), 531 B.R. 439, 471 (Bankr. S.D.N.Y. 2015)) ("[T]he

Trustee is entitled to rely on the Ponzi scheme presumption pursuant to which all transfers are

deemed to have been made with actual fraudulent intent."); *Picard v. Cohmad Sec. Corp.*, 454

B.R. 317, 330 (Bankr. S.D.N.Y. 2011) ("[T]he fraudulent intent on the part of the

debtor/transferor . . . is established as a matter of law by virtue of the 'Ponzi scheme

presumption' . . . .").  That BLMIS operated as a Ponzi scheme is well-established, and the Court

relies on earlier findings of same and holds that the Trustee has met its burden of proof for

summary judgment on this issue. *See Picard v. Legacy Capital Ltd.*, 603 B.R. 682, 688–93

(Bankr. S.D.N.Y. 2019) (discussing in detail that BLMIS was a Ponzi scheme and why the

Trustee is permitted to rely on the Ponzi scheme presumption to prove intent as a matter of law);

*see also Bear Stearns Secs. Corp. v. Gredd* (*In re Manhattan Inv. Fund Ltd.*), 397 B.R. 1, 11

(S.D.N.Y. 2007) ("[T]he Ponzi scheme presumption remains the law of this Circuit.").

The Trustee has met his burden on every element of his prima facie case. Fairfield

Pagma did not rebut any of the SIPA Trustee's experts' opinions, and the unrebutted reports are

admissible. There is no genuine dispute regarding BLMIS's (i) interest in the transferred funds;

(ii) payment of fictitious profits within the two-year period to or for the benefit of Fairfield

Pagma; and (iii) actual intent to hinder, delay, or defraud its creditors. As Fairfield Pagma's

liability has been determined, the only issue that remains is whether Seymour and Marjorie are

liable as general partners for Fairfield Pagma's debts. For the reasons stated below, the Court

holds that Seymour and Marjorie are liable for Fairfield Pagma's debts under New York

Partnership law and that their defenses fail.

II.   Seymour and Marjorie are Liable for Fairfield Pagma's Debts

The Trustee argues that Seymour and Marjorie, as general partners of Fairfield Pagma,

are liable for Fairfield Pagma's debts. Mot. Summ. J. 37, ECF No. 95; *Picard v. Jaba Associates

L.P (In re BLMIS)*, No. 120 CV. 3836, 2021 WL 1112342, at *7 (S.D.N.Y. Mar. 24, 2021)

(holding that general partners are jointly liable for the obligations of the limited partnership);

N.Y. P'ship L. § 26(a). Seymour and Marjorie argue that they cannot be liable for the transfers

made between 2006 and 2008 because they withdrew their capital from Fairfield Pagma in 2005.

Seymour and Marjorie argue that in 2005, Fairfox and Seyfair replaced them as general partners

of Fairfield Pagma. Thus, they argue that during the relevant transfer period, they were not

general partners of Fairfield Pagma and cannot be liable for its debts.

The Trustee contends that Seymour and Marjorie fail to provide any evidence that shows

they ceased being general partners of Fairfield Pagma. The Trustee also argues that the recently

submitted evidence provided by the Defendants in their Opposition to Summary Judgment

should be precluded. The Trustee states that the witnesses and documents were never disclosed

nor produced in response to the Trustee's discovery requests. *See* Federal Rule of Civil

Procedure 37(c) ("If a party fails to provide information or identify a witness as required by Rule

26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a

motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless.");

*Elliot v. Google, Inc.*, 860 F.3d 1151 (9th Cir. 2017) (precluding new evidence offered at

summary judgment as it was not disclosed during discovery and proponent of the evidence did

not show that the delay was substantially justified or harmless); *Gibbs v. City of New York*, 87 F.

Supp. 3d 482 (S.D.N.Y. 2015) (refusing to consider a statement from a witness when ruling on

summary judgment because the witness had not been identified during discovery).

 In opposition to summary judgment, the Defendants provide declarations from Adam

Kansler (Adam Decl., ECF No. 112), Bonnie (Bonnie Decl., ECF No. 113), and Ronni Leo

(Ronni Decl., ECF No. 115).

<u>Adam Kansler</u>

 Adam Kansler ("Adam") is the son of Bonnie Kansler and a former partner at the law

firm of Proskauer Rose, LLP. Adam Decl., ¶ 2, ECF No. 112. In 2003, Adam allegedly

reviewed the limited partnership agreement of Fairfield Pagma and drafted the Articles of

Organization and operating agreements for Seyfair and Fairfox. *Id.* at ¶ 4–5. Attached to

Adam's Declaration are:

 1)  Fairfox LLC's Articles of Organization;

 2)  Seyfair LLC's Articles of Organization;

 3)  FoxFair[7] LLC's Amended Articles of Organization; and

 4)  Seyfair LLC's Amended Articles of Organization.

---

[7] It is unclear why Fairfox LLC's name changed to FoxFair LLC in the Amended Articles of
Organization.

Adam Decl., ECF No. 112. Adam's Declaration and exhibits are offered to show that Seyfair

and Fairfox became general partners of Fairfield Pagma in place of Seymour and Marjorie. The

Trustee states that Adam was not identified in Defendants' initial disclosures and that

Defendants never supplemented these disclosures or otherwise disclosed Adam as a potential

witness. Trustee's Reply at 6, ECF No. 116; Maximillian Shifrin Decl., ECF No. 118. The

Trustee has provided this Court with the Defendants' initial disclosures. Shifrin Decl., Ex. 3,

ECF No. 118. The only individual named as having discoverable information was Bonnie

Kansler. *Id.* Adam is not listed. *Id.* The exhibits included with Adam's Declaration were also

not provided to the Trustee and were not listed in the Defendants' initial disclosures. Trustee's

Reply at 6, ECF No. 116; Maximillian Shifrin Decl., ECF No. 118. The Trustee argues that

Adam's Declaration and exhibits should be precluded.

      The Defendants argue that the Trustee never served Seymour, Fairfox, or Seyfair with

any discovery requests and "they remain perfectly free to introduce evidence on this Motion and

at Trial." Def's Opp'n at 15, ECF No. 110. The Court disagrees. That is not how the Federal

Rules of Civil Procedure operate. Rule 26(a) of the Federal Rules of Civil Procedure, which is

made applicable in adversary proceedings by Federal Rule of Bankruptcy Procedure 7027,

requires a party to affirmatively provide initial disclosures. 10 Collier on Bankruptcy § 7026.02

(16th 2021). Federal Rule of Civil Procedure 26(a)(1)(A)(i) requires:

> (i) the name and, if known, the address and telephone number of each individual
> likely to have discoverable information--along with the subjects of that
> information--that the disclosing party may use to support its claims or defenses,
> unless the use would be solely for impeachment

Fed. R. Civ. P. 26. The Defendants each had a duty to provide initial disclosures detailing any

individuals likely to have discoverable information. Failure to disclose under Rule 26(a) may

lead to preclusion of any new information or witnesses. *See* Fed. R. Civ. P. 37(c)(1). When

precluding evidence, the Court should consider "the party's explanation for the failure to comply

with the [disclosure requirement]; (2) importance of the . . . precluded [evidence]; (3) the

prejudice suffered by the opposing party as a result of having to prepare to meet the new

[evidence] and (4) possibility of continuance." *Gym Door Repairs, Inc. v. Young Equip. Sales,*

*Inc.*, 331 F. Supp. 3d 221, 237 (S.D.N.Y. 2018) (quoting *Design Strategy, Inc. v. Davis*, 469 F.3d

284, 297 (2d Cir. 2006)).

 Defendants have not shown that their failure to disclose Adam was substantially justified

or harmless. *See* Fed. R. Civ. P. 37(c) ("If a party fails to provide information or identify a

witness as required by Rule 26(a) or (e), the party is not allowed to use that information or

witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was

substantially justified or is harmless."). Adam is a key family witness who should have been

disclosed to the Trustee along with the relevant documents in his possession. The documents

were at the Defendants' fingertips from the inception of this case. The Court will preclude the

declarations provided by Adam and strike the exhibits provided in his declaration.

Ronni Leo

 Ronni Leo is the son of defendant Seymour and a certified public accountant who

prepared the tax returns of Fairfield Pagma from 2003–2005. Ronni Decl., ¶ 2–3. Attached to

Ronni Leo's Declaration, are the Schedule K-1s of Fairfield Pagma from tax year 2005. The

Schedule K-1s are offered to show that Seymour and Marjorie each withdrew their capital

investments in Fairfield Pagma and ceased to be general partners. Ronni Decl., ¶ 7, ECF No.

115. The Schedule K-1s attached to Ronni Leo's Declaration were never disclosed to the

Trustee. Trustee's Reply at 13, ECF No. 116.

At oral argument, the Defendants stated that the Trustee's own initial disclosures identified Ronni Leo. Thus, the Defendants argue that there is no unfair surprise to the Trustee as he was already aware of Ronni Leo. The Court has reviewed the Trustee's initial disclosures and Ronni is listed as potential witness with discoverable information. As Ronni Leo was a witness known to the Trustee, the Court believes that the Defendants' failure to disclose him is harmless and preclusion inappropriate. For purposes of summary judgment, the Court has also considered the Schedule K-1s attached to Ronni Leo's Declaration.

Bonnie Kansler[8]

Bonnie Kansler is a named defendant in this case as the executor of her mother Marjorie's estate. Bonnie Decl. ¶ 1, ECF No. 113. Bonnie Kansler is a certified public accountant who prepared the tax returns of Fairfield Pagma from tax years 2007 to 2008. *Id.* at ¶ 2. Attached to Bonnie Kansler's Declaration are Fairfield Pagma's tax returns from 2007 to 2008 and Schedule K-1s for Seyfair and Fairfox from 2007 to 2008. Bonnie Decl., Ex. A, ECF No 113. The Court agrees with the Trustee that Fairfield Pagma's tax returns do not show that Seymour and Marjorie ceased to be general partners of Fairfield Pagma. The Schedule K-1s are also not helpful. They only show that Seyfair and Fairfox were general partners of Fairfield Pagma during the two-year transfer period. Trustee's Reply at 14, ECF No. 116. They do not show that Seymour and Marjorie ceased being general partners.

In support of his Motion, the Trustee provides the BLMIS partnership account agreement ("Partnership Agreement")with Fairfield Pagma. Cremona Decl., Ex. 16, ECF No 97. The Partnership Agreement lists Seymour and Marjorie as the general partners of Fairfield Pagma. *Id.* By signing the agreement, each general partner "confirm[ed] that such person has unlimited

---

[8] For purposes of this motion, the Court has considered all documents provided by Bonnie Kansler.

liability for the obligations of the Partnership and each and every General Partner shall have

authority on behalf of the Partnership to establish and maintain one or more accounts with

Bernard L. Madoff Investment Securities." *Id.* The Partnership Agreement states that it will

remain in effect until BLMIS receives written notice. *Id.*

None of the parties have provided the Court with letters sent to BLMIS reflecting a

change in the general partners, and the evidence shows otherwise. The Trustee has provided a

letter from Seymour that states the following:

> May 27, 2008
> Bernard L. Madoff Investment Securities
> 885 Third Avenue
> New York, NY, 10022
> RE: A/C 1-AZ9943-0
> Dear Sirs:
>
> We would like to withdraw the sum of Fifty Thousand Dollars ($50,000).
>
> Sincerely,
> Signed, Seymour Kleinman

Collura Decl., Ex. 8, ECF No. 98. Thus, it appears that Seymour continued to hold

himself out as a general partner of Fairfield Pagma well into 2008. The letter does not

detail that Seymour was acting on behalf of Seyfair or Fairfox.

  i.  The New Evidence Does Not Create a Genuine Issue of Material Fact.

Even if this Court were to accept Adam's declaration and accompanying documents, they

do not create a genuine issue of material fact. The articles of organization of Seyfair and Fairfox

provided by Adam do not show that Marjorie and Seymour ceased being general partners of

Fairfield Pagma. The same holds true for the Schedule K-1s of Fairfield Pagma provided by

Ronni Leo. Only a written notice to other partners shows an effective withdrawal. *See* N.Y.

P'ship Law § 121–602 ("A general partner may withdraw from a limited partnership at any time

by giving written notice to the other partners."). Defendants have not provided the written notice required under New York Partnership law. Rather, the Court has been presented with previously undisclosed documents purporting to show Marjorie and Seymour's withdrawal as general partners from Fairfield Pagma. As the Trustee noted in his reply, the undated and unsigned LCC agreements of Seyfair and Fairfox do not show the structure of the Fairfield Pagma partnership. These unsigned and undated documents do no more than raise "some metaphysical doubt" as to whether Seymour and Marjorie were general partners during the relevant time. *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011) (explaining that the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts"). The lack of a written notice detailing Seymour and Marjorie's withdrawal from the limited partnership dooms their case.

ii.   The Estate of Marjorie is Not a Proper Party

The Court, *sua sponte*, must address an important issue. The Estate of Marjorie was improperly substituted as a defendant in this case. Under Rule 17(b)(3) of the Federal Rules of Civil Procedure, the law of the state where the court is located governs whether the Estate of Marjorie can be sued. Under New York law, "[a]n estate is not a legal entity and any action for or against the estate must be by or against the executor or administrator in his or her representative capacity." *Wilmington Tr., Nat'l Ass'n v. Estate of McClendon*, 287 F. Supp. 3d 353, 373 (S.D.N.Y. 2018) (dismissing all claims against the estate). The Court dismisses the Estate of Marjorie as a defendant. Bonnie, as the executor of the Estate of Marjorie, is the proper defendant.

iii.   Seymour Kleinman Will Not be Dismissed at This Time

The Defendants argue that the Trustee's motion for summary judgment should be denied as to Seymour, who allegedly died in 2015. The Defendants state that they notified the Trustee and that the Trustee did not amend the complaint within ninety days of this notice. The Trustee counters that the Defendants failed to formally notify him of Seymour's death by filing a suggestion of death on the docket and serving it on him.

Rule 25(a)(1) of the Federal Rules of Civil procedure provides:

> If a party dies . . . the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Defendants have not filed a formal suggestion of death on the record, and the ninety-day window has not been triggered. *Picard v. Miller (In re BLMIS)*, 634 B.R. 39, 48–49 (Bankr. S.D.N.Y. 2021) (requiring a formal suggestion of death upon the record to trigger the 90-day substitution period). The Court declines to dismiss Seymour at this time.

iv.    Prejudgment Interest is Warranted.

The Trustee has requested prejudgment interest from December 11, 2008 through the date of the entry of judgment at the rate of 4%. This Court has considered this issue on multiple occasions. *See, e.g.*, *Picard v. BAM L.P. (In re BLMIS)*, 624 B.R. 55, 62–66 (Bankr. S.D.N.Y. 2020).

To determine whether prejudgment interest should be awarded, the Court must consider "(i) the need to fully compensate the wronged party for actual damages suffered, (ii) considerations of fairness and the relative equities of the award, (iii) the remedial purpose of the statute involved, and/or (iv) such other general principles as are deemed relevant by the court." *Wickham Contracting Co. v. Local Union No. 3, Int'l Brotherhood of Elec. Workers,*

*AFL-CIO*, 955 F.2d 831, 834 (2d Cir. 1992). The purpose of prejudgment interest is to make the Plaintiff whole rather than to punish Defendants or to provide Plaintiff with a windfall. *Jones v. UNUM Life Ins. Co. of Am.*, 223 F.3d 130, 139 (2d Cir. 2000) (citations and quotations omitted). "Courts in the Second Circuit and in this district have recognized that the award of prejudgment interest is discretionary, and absent a sound reason to deny prejudgment interest, such interest should be awarded." *McHale v. Boulder Capital LLC* (*In re 1031 Tax Grp., LLC*), 439 B.R. 84, 87 (Bankr. S.D.N.Y. 2010) (citations omitted). "The court must, however, explain and articulate its reasons for any decision regarding prejudgment interest." *Henry v. Champlain Enter., Inc.*, 445 F.3d 610, 623 (2d Cir. 2006).

Prejudgment interest is "normally" awarded in avoided transfer cases "to compensate for the value over time of the amount recovered." *Geltzer v. Artists Mktg. Corp.* (*In re Cassandra Grp.*), 338 B.R. 583, 599 (S.D.N.Y. 2006) ("To fully and fairly compensate Cassandra's creditors for their loss—not only of $300,000 that was fraudulently conveyed to the Defendants, but of the use of that money since the date of the demand—the Trustee should be permitted to recover prejudgment interest."); *see also Messer v. McGee* (*In re FKF 3, LLC*), 2018 WL 5292131, at *13 (S.D.N.Y. Oct. 24, 2018) (awarding prejudgment interest to compensate for "loss of interest, the diminished value of the damages award due to the passage of time, and Plaintiff's lost opportunity to make use of the lost funds").

Prejudgment interest is warranted in this case. The Trustee is charged with collecting fictious profits from net winners so that net losers in BLMIS's Ponzi scheme can be adequately compensated for their losses. He has spent approximately ten years prosecuting this case and cannot be made whole without an award of prejudgment interest. Prejudgment interest is awarded at 4% from the SIPA filing date.

Page **16** of 17

## Conclusion

For the foregoing reasons, the Estate of Marjorie is dismissed as a defendant, and summary judgment is granted in favor of the Trustee as to Fairfield Pagma, Seyfair, Fairfox, Bonnie Joyce Kansler, as executor of Estate of Marjorie Kleinman, and Seymour.  The Trustee shall submit proposed orders within fourteen days of the issuance of this decision, directly to chambers (via E-Orders), upon not less than two days' notice to all parties, as required by Local Bankruptcy Rule 9074-1(a).



/s/ Cecelia G. Morris
_____

Dated: April 13, 2022
Poughkeepsie, New York

Hon. Cecelia G. Morris
U.S. Bankruptcy Judge

JS 44C/SDNY
REV.
10/01/2020

08-01789-cgm   Doc 21503   Filed 05/04/22   Entered 05/04/22 13:45:47   Main Document
Pg 28 of 29

CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

**PLAINTIFFS**
Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,

**DEFENDANTS**
Fairfield Pagma Associates, LP, Seymour Kleinman, Bonnie Joyce Kansler, as Executor of the Estate of Marjorie Kleinman, Fairfox, LLC and Seyfair, LLC

**ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER**
Nicholas J. Cremona
Baker & Hostetler LLP, 45 Rockefeller Plaza
New York, NY 10111 - (212) 589-4200

**ATTORNEYS (IF KNOWN)**
Barry R. Lax
Lax & Neville LLP, 350 Fifth Avenue, Suite 4640
New York, NY 10018 - (212) 696-1999

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
(DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)
Appeal pursuant to 28 U.S.C. 158(a)(1) of Judgment dated April 25, 2022, based on Memorandum Decision dated April 13, 2022

Has this action, case, or proceeding, or one essentially the same been previously filed in SDNY at any time? No[ ] Yes[x]   Judge Previously Assigned

If yes, was this case Vol.[ ] Invol.[ ] Dismissed. No[ ] Yes[ ]   If yes, give date _____ & Case No. _____

Is this an International arbitration case?   No [x]   Yes [ ]

*(PLACE AN [x] IN ONE BOX ONLY)*   NATURE OF SUIT

**TORTS**

**ACTIONS UNDER STATUTES**

| CONTRACT | PERSONAL INJURY | PERSONAL INJURY | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110  INSURANCE | [ ] 310 AIRPLANE | [ ] 367 HEALTHCARE/ PHARMACEUTICAL PERSONAL INJURY/PRODUCT LIABILITY | [ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881 | [x] 422 APPEAL 28 USC 158 | [ ] 375 FALSE CLAIMS |
| [ ] 120  MARINE | [ ] 315 AIRPLANE PRODUCT LIABILITY | | | [ ] 423 WITHDRAWAL 28 USC 157 | [ ] 376 QUI TAM |
| [ ] 130  MILLER ACT | [ ] 320 ASSAULT, LIBEL & SLANDER | [ ] 365 PERSONAL INJURY PRODUCT LIABILITY | [ ] 690 OTHER | | [ ] 400 STATE REAPPORTIONMENT |
| [ ] 140  NEGOTIABLE INSTRUMENT | [ ] 330 FEDERAL EMPLOYERS' LIABILITY | [ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY | | | [ ] 410 ANTITRUST |
| [ ] 150  RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT | [ ] 340 MARINE | **PERSONAL PROPERTY** | **PROPERTY RIGHTS** | | [ ] 430 BANKS & BANKING [ ] 450 COMMERCE |
| [ ] 151  MEDICARE ACT | [ ] 345 MARINE PRODUCT LIABILITY | [ ] 370 OTHER FRAUD | [ ] 820 COPYRIGHTS   [ ] 880 DEFEND TRADE SECRETS ACT | | [ ] 460 DEPORTATION |
| [ ] 152  RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS) | [ ] 350 MOTOR VEHICLE | [ ] 371 TRUTH IN LENDING | [ ] 830 PATENT [ ] 835 PATENT-ABBREVIATED NEW DRUG APPLICATION | | [ ] 470 RACKETEER INFLU- ENCED & CORRUPT ORGANIZATION ACT (RICO) |
| | [ ] 355 MOTOR VEHICLE PRODUCT LIABILITY | | [ ] 840 TRADEMARK | | [ ] 480 CONSUMER CREDIT |
| [ ] 153  RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS | [ ] 360 OTHER PERSONAL INJURY | [ ] 380 OTHER PERSONAL PROPERTY DAMAGE | **LABOR** | **SOCIAL SECURITY** | [ ] 485 TELEPHONE CONSUMER PROTECTION ACT |
| [ ] 160  STOCKHOLDERS SUITS | [ ] 362 PERSONAL INJURY - MED MALPRACTICE | [ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY | [ ] 710 FAIR LABOR STANDARDS ACT | [ ] 861 HIA (1395ff) [ ] 862 BLACK LUNG (923) [ ] 863 DIWC/DIWW (405(g)) | [ ] 490 CABLE/SATELLITE TV [ ] 850 SECURITIES/ COMMODITIES/ EXCHANGE |
| [ ] 190  OTHER CONTRACT | | **PRISONER PETITIONS** | [ ] 720 LABOR/MGMT RELATIONS | [ ] 864 SSID TITLE XVI [ ] 865 RSI (405(g)) | |
| [ ] 195  CONTRACT PRODUCT LIABILITY | **ACTIONS UNDER STATUTES** | [ ] 463 ALIEN DETAINEE [ ] 510 MOTIONS TO VACATE SENTENCE 28 USC 2255 | [ ] 740 RAILWAY LABOR ACT [ ] 751 FAMILY MEDICAL LEAVE ACT (FMLA) | **FEDERAL TAX SUITS** | [ ] 890 OTHER STATUTORY ACTIONS |
| [ ] 196  FRANCHISE | **CIVIL RIGHTS** | [ ] 530 HABEAS CORPUS | [ ] 790 OTHER LABOR LITIGATION | [ ] 870 TAXES (U.S. Plaintiff or Defendant) | [ ] 891 AGRICULTURAL ACTS |
| | | [ ] 535 DEATH PENALTY [ ] 540 MANDAMUS & OTHER | [ ] 791 EMPL RET INC SECURITY ACT (ERISA) | [ ] 871 IRS-THIRD PARTY 26 USC 7609 | [ ] 893 ENVIRONMENTAL MATTERS |
| **REAL PROPERTY** | [ ] 440 OTHER CIVIL RIGHTS (Non-Prisoner) | | | | [ ] 895 FREEDOM OF INFORMATION ACT |
| [ ] 210  LAND CONDEMNATION | [ ] 441 VOTING [ ] 442 EMPLOYMENT | **PRISONER CIVIL RIGHTS** | **IMMIGRATION** | | [ ] 896 ARBITRATION [ ] 899 ADMINISTRATIVE PROCEDURE ACT/REVIEW OR APPEAL OF AGENCY DECISION |
| [ ] 220  FORECLOSURE | [ ] 443 HOUSING/ ACCOMMODATIONS | [ ] 550 CIVIL RIGHTS | [ ] 462 NATURALIZATION APPLICATION | | |
| [ ] 230  RENT LEASE & EJECTMENT | [ ] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT | [ ] 555 PRISON CONDITION [ ] 560 CIVIL DETAINEE CONDITIONS OF CONFINEMENT | [ ] 465 OTHER IMMIGRATION ACTIONS | | [ ] 950 CONSTITUTIONALITY OF STATE STATUTES |
| [ ] 240  TORTS TO LAND | [ ] 446 AMERICANS WITH DISABILITIES -OTHER | | | | |
| [ ] 245  TORT PRODUCT LIABILITY | [ ] 448 EDUCATION | | | | |
| [ ] 290  ALL OTHER REAL PROPERTY | | | | | |

Check if demanded in complaint:

[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____   OTHER _____

*Check YES only if demanded in complaint*
JURY DEMAND: [ ] YES [ ] NO

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y. AS DEFINED BY LOCAL RULE FOR DIVISION OF BUSINESS 13?
IF SO, STATE:

JUDGE _____   DOCKET NUMBER_____

NOTE: You must also submit at the time of filing the Statement of Relatedness form (Form IH-32).

(PLACE AN x IN ONE BOX ONLY)

[x] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from (Specify District)
[ ] 6 Multidistrict Litigation (Transferred)
[ ] 7 Appeal to District Judge from Magistrate Judge

[ ] a. all parties represented

[ ] b. At least one party is pro se.

[ ] 8 Multidistrict Litigation (Direct File)

(PLACE AN x IN ONE BOX ONLY)

**BASIS OF JURISDICTION**

[ ] 1 U.S. PLAINTIFF   [ ] 2 U.S. DEFENDANT   [x] 3 FEDERAL QUESTION   [ ] 4 DIVERSITY
(U.S. NOT A PARTY)

*IF DIVERSITY, INDICATE CITIZENSHIP BELOW.*

CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)

(Place an [X] in one box for Plaintiff and one box for Defendant)

|  | PTF | DEF |  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ] 1 | [ ] 1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ] 3 | [ ] 3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ] 5 | [ ] 5 |
| CITIZEN OF ANOTHER STATE | [ ] 2 | [ ] 2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ] 4 | [ ] 4 | FOREIGN NATION | [ ] 6 | [ ] 6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)

Irving Picard, Trustee
c/o Baker & Hostetler
45 Rockefeller Plaza
New York, NY 100111
New York County

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)

Fairfield Pagma Associates, LP, Seymour Kleinman, Bonnie Joyce Kansler, as Executor of the Estate of Marjorie Kleinman, Fairfox, LLC and Seyfair, LLC
c/o Lax & Neville LLP
350 Fifth Avenue, Suite 4640
New York, NY 10018 - New York County

DEFENDANT(S) ADDRESS UNKNOWN
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

**COURTHOUSE ASSIGNMENT**

I hereby certify that this case should be assigned to the courthouse indicated below pursuant to Local Rule for Division of Business 18, 20 or 21.

Check one:   THIS ACTION SHOULD BE ASSIGNED TO:   [ ] WHITE PLAINS   [x] MANHATTAN

DATE 05/03/2022

/s/ Barry R. Lax

SIGNATURE OF ATTORNEY OF RECORD

RECEIPT #

ADMITTED TO PRACTICE IN THIS DISTRICT
[ ] NO
[x] YES (DATE ADMITTED Mo. 11      Yr. 1997      )
Attorney Bar Code # 2624229

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated.

Ruby J. Krajick, Clerk of Court by _____ Deputy Clerk, DATED _____ .

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)