# BakerHostetler

Baker & Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

Nicholas J. Cremona
direct dial: 212.589.4682
ncremona@bakerlaw.com

May 5, 2022

**VIA ECF**

The Honorable Cecelia G. Morris
United States Bankruptcy Court
Poughkeepsie Chambers
355 Main Street
Poughkeepsie, NY 12601-3315

Re:   *Picard v. Banque Syz & Co., S.A.*, No. 11-02149

Dear Judge Morris:

      We are counsel to Irving H. Picard, trustee (the "Trustee") for the substantively consolidated liquidation proceedings of Bernard L. Madoff Investment Securities LLC and the chapter 7 estate of Bernard L. Madoff under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa–lll.  We write to submit a recent District Court decision in this liquidation proceeding, *Picard v. ABN AMRO Bank (Ireland) Ltd., (f/k/a Fortis Prime Fund Solutions Bank (Ireland) Limited), et al.*, 20 Civ. 2586 (S.D.N.Y. May 2, 2022), ECF No. 35 (the "Decision and Order," attached as Exhibit A), that bears directly upon Banque Syz SA's (the "Defendant") Motion to Dismiss (the "Motion," ECF Nos. 150 & 156) in this case.

      In that case, as here, the appellees asked the Bankruptcy Court to determine that the affirmative "good faith" defense appeared on the face of the complaint and rendered the Trustee's claims subject to dismissal.  Judge McMahon vacated the Bankruptcy Court's decision, which applied a now-overruled "good faith" standard, and remanded the case for further proceedings before this Court in accordance with *Picard v. Citibank, N.A. (In re BLMIS)*, 12 F.4th 171 (2d Cir. 2021), *cert. denied* No. 21-1059 (Feb. 28, 2022).  In doing so, Judge McMahon stated as follows:

> Appellees argue that the Trustee's complaint shows that [Appellees] acted in good faith in accordance with the standard set forth in *Citibank* and that affirmative defense "suffices to affirm the dismissal of this case." (citation omitted) …. The Court does not agree with this argument. Frankly, [Appellees'] good faith is not apparent from the face of the Proposed Amended Complaint.

Atlanta    Chicago    Cincinnati    Cleveland    Columbus    Costa Mesa    Dallas    Denver    Houston
Los Angeles    New York    Orlando    Philadelphia    San Francisco    Seattle    Washington, DC    Wilmington

May 5, 2022
Page 2

>Moreover, good faith is an affirmative defense that Appell[ees] bear the burden of proving. The Second Circuit made clear in its decision in *Citibank* that the inquiry notice standard requires "a fact-intensive inquiry to be determined on a case-by-case basis, which naturally takes into account the disparate circumstances of differently-situated transferees." *Citibank*, 12 F.4th at 195. The Trustee rightfully points out that such a fact-based determination "can only be made based on the entirety of the factual record after discovery (which has not occurred here), not from isolated documents cherry-picked by Appellees and factual inferences Appellees improperly seek to have drawn in their favor." The Trustee points out that the good faith "inquiry notice" standard "is difficult to resolve even at the summary judgment stage" – much less at the pleading stage. Indeed, Appellees do not cite to any case where a court has dismissed a complaint at the pleading stage based on the good faith defense. *And even if it wanted to, the Court on this appeal simply does not have the requisite record to make the fact-intensive inquiry that the Second Circuit requires before a court can make a finding of lack of good faith*. Decision and Order at 6-7 (internal citations omitted) (emphasis added).

For the reasons articulated in Judge McMahon's Decision and Order, and as outlined in the Trustee's Opposition (ECF No. 153) submitted to this Court, the Trustee respectfully submits that the Defendant's arguments that the Trustee's complaint establishes Defendant's "good faith" (*see* ECF 150 at pp. 26-29, ECF 156 at p. 9) should likewise be denied as moot.

We thank the Court for consideration of this matter.

Respectfully submitted,

*/s/ Nicholas J. Cremona*

Nicholas J. Cremona
Partner

Enclosure