# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

In Re: Bernard L. Madoff Investment Securities LLC,

No. 20-cv-02586 (CM)

------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/2/2022

# DECISION AND ORDER

McMahon, J.:

This is an appeal from an order and judgment of the United States Bankruptcy Court for the Southern District of New York ("Bankruptcy Court") (Bernstein, B.J.) denying Appellant Irving H. Picard's ("Appellant" or the "Trustee") motion for leave to file a Second Amended Complaint on the basis that amendment would be futile.

Judge Bernstein denied the Trustee's motion to amend on the basis that amendment would be futile because the Trustee's proposed pleading failed to allege a lack of good faith plausibly, as required by Section 550(b)(1) of the Bankruptcy Code. However, Judge Bernstein applied a "good faith" standard that has since been overruled by the Second Circuit in *Picard v. Citibank, N.A. (In re BLMIS)*, 12 F.4th 171 (2d Cir. 2021), *cert. denied* No. 21-1059 (Feb. 28, 2022).

Accordingly and for the reasons that follow, this Court vacates the judgment of the Bankruptcy Court and remands for further proceedings consistent with the *Citibank* opinion.

## BACKGROUND[1]

### A. Parties

Appellant Irving H. Picard is trustee for the estate of Bernard L. Madoff Investment

---

[1] Unless indicated otherwise, the facts in this section are drawn from the appendices of the Trustee (Dkt. No. 27-1) and ABN Ireland (Dkt. No. 32-1).

1

Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa-lll ("SIPA") and the substantively consolidated chapter 7 estate of Bernard L. Madoff ("Madoff").

Appellees ABN AMRO Bank (Ireland) Ltd. and ABN AMRO Custodial Services (Ireland) Ltd. (together, "ABN Ireland") are Irish financial institutions within the ABN AMRO corporate family that provided services to hedge funds and other investment managers.

### B. The "Clawback" Litigation and the District Court's "Good Faith Decision"

This case is but one of many in a long line of "clawback" litigations brought by the Trustee in the decade following the collapse of Bernard L. Madoff's ("Madoff") Ponzi scheme. The Trustee seeks to recover proceeds from the illegitimate scheme that were distributed to ABN Ireland pursuant to Section 550 of the Bankruptcy Code. *See* 11 U.S.C. §550. Appellant seeks to claw back subsequent transfers totaling $265.5 million.

However, under Section 550(b)(1), a trustee "may not recover" from a subsequent transferee of a debtor who received funds "for value," "*in good faith*," and "without knowledge of the voidability of the [initial] transfer avoided." 11 U.S.C. § 550(b)(1) (emphasis added). Historically, good faith was considered to be an affirmative defense, as to which the defendant bears the burden of proof. However, in 2014, my colleague The Hon. Jed S. Rakoff withdrew the reference to the bankruptcy court for this case (and others) in order to decide certain threshold issues about the good faith standard under Section 550(b)(1). In an omnibus "Good Faith Decision," he held that good faith was not an affirmative defense, and that the Trustee bears the burden of pleading a lack of good faith. Moreover, Judge Rakoff concluded that, in order to discharge his pleading burden, the Trustee had to plausibly allege that the transferee either (1) had actual knowledge of the fraud, or (2) was "willfully blind" to the fraud. *See SIPC v. BLMIS* (*In re BLMIS*), 516 B.R. 18, 21-24 (S.D.N.Y. 2014) ("Good Faith Decision"). Judge Rakoff held that the

2

transferee could obtain dismissal of a clawback complaint on motion if the complaint did not plausibly allege a lack of good faith (*i.e.*, actual knowledge or willful blindness) in accordance with this standard. *Id.*

### C. The Bankruptcy Court's Decision

Following Judge Rakoff's Good Faith Decision, the Trustee sought leave to file an amended complaint in this action pursuant to Fed. R. Civ. P. 15(a)(2). He attached to the motion a 350-paragraph Proposed Second Amended Complaint ("PSAC"). The Trustee argued that leave to amend should be granted because the bolstered PSAC now met the more rigorous pleading requirements set forth in the Good Faith Decision. (*See* Dkt. No. 27-1, at TA689). ABN Ireland opposed on the ground that amendment was futile because the PSAC failed to plead willful blindness and so could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

Judge Bernstein agreed with ABN Ireland and denied the Trustee's motion. Applying the standard set forth in Judge Rakoff's Good Faith Decision, Judge Bernstein determined that the Trustee failed, "To satisfy his burden of pleading a lack of good faith" because "the Trustee . . . failed to plead that the Defendants turned a blind eye to Madoff's fraud." (*Id.* at TA696, TA719). While Judge Bernstein acknowledged that the Trustee's PSAC "relies on the existence of red flags" and other facts (such as "Madoff's lack of transparency and his opacity, his exceptionally stable returns that were inconsistent with the SSC Strategy, [and] BLMIS's multiple roles . . .") to show that ABN Ireland had "an awareness of Madoff's fraud," he concluded that the Trustee's theory of willful blindness was "implausible" because the defendants conducted "due diligence" in connection with the transactions at issue and invested their own funds in the scam (essentially, "put[ting their] money where [their] mouth was"). (*Id.* at TA704, TA710, TA719). "[I]nvesting in

3

the face of a known risk or deliberate indifference to that risk is not willful blindness," he explained. (*Id.* at TA719).

Having found that the Trustee failed to plead willful blindness, Judge Bernstein denied the Trustee's motion to amend the complaint on the ground that amendment would be futile

In order to facilitate the filing of an appeal, the parties stipulated and "consent[ed] to the Bankruptcy Court's entry of final orders and judgments as it relates to the operative Amended Complaint consistent with Decision Denying Leave to Amend in this adversary proceeding" and "for the reasons set forth in the Decision Denying Leave to Amend," Judge Bernstein entered a final judgment dismissing the amended complaint with prejudice. (*Id.* at TA680-681).

### D. This Appeal

The Trustee appealed the Bankruptcy Court's decision denying leave to amend as futile, and ABN Ireland moved for leave to take a direct appeal to the Second Circuit, pursuant to 28 U.S.C. § 158(d)(2). This Court granted ABN Ireland's motion. (Dkt. No. 24). The Second Circuit, however, did not take the case on direct appeal. Instead, it issued a decision in yet another case raising the same issue, the *Citibank* case.

### E. The Intervening *Citibank* Case

In August 2021, the Second Circuit decided *Picard v. Citibank, N.A. (In re BLMIS)*, 12 F.4th 171, 195-96 (2d Cir. 2021). In *Citibank*, the Circuit reversed a decision of Judge Bernstein in which Judge Bernstein applied Judge Rakoff's Good Faith Decision, dismissed the Trustee's action against certain initial and subsequent transferees, and denied the Trustee's request for leave to amend as futile.

In reversing Judge Bernstein's decision, the Second Circuit held that the Trustee does not bear the burden of pleading a transferee's lack of good faith. Rather, the Court held that good faith

4

is an affirmative defense that must be raised by the transferee, who bears the burden of proof thereon. *Picard v. Citibank, N.A. (In re BLMIS)*, 12 F.4th 171, 195-96 (2d Cir. 2021). The Circuit held that the Trustee discharged his pleading burden as long as he alleged the elements of a *prima facie* claim to recover subsequent transfers pursuant to Section 550 of the Bankruptcy Code. *Id.* at 196-197. Those elements are "that the transfer was avoided, and that the defendant is an initial or subsequent transferee." *Id.* at 197.

Additionally, the Circuit rejected Judge Rakoff's "good faith" standard; it held that the standard for determining a lack of good faith is not "willful blindness," but "inquiry notice." *Id.* at 186. The Court set for a three-step test for assessing inquiry notice: (1) a court must examine the facts the transferee knew, (2), the court must determine "whether the facts the transferee knew would have led a reasonable person in the transferee's position to conduct further inquiry into a debtor-transferor's possible fraud," and (3) if a court determines a transferee had been put on inquiry notice, the court must also then determine "whether diligent inquiry [by the transferee] would have discovered the fraudulent purpose of the transfer." *Id.* at 191-192. The Second Circuit observed that inquiry notice has both subjective and objective elements. The first step is a subjective inquiry into what the transferee knew. *Id.* at 191. The second and third steps are an objective "reasonable person" or "reasonableness" inquiry into whether "(1) the suspicious facts were such that they would have put a reasonable person in the transferee's position on inquiry notice; and (2) the transferee conducted a reasonably diligent investigation after being put on inquiry notice." *Id.* at 192. The Court further noted that the adequacy of an investigation is "a fact-intensive inquiry to be determined on a case-by-case basis, which naturally takes into account the disparate circumstances of differently-situated transferees." *Id.* at 195

The Second Circuit remanded the *Citibank* case to the Bankruptcy Court (Bernstein, J.) for

5

further proceedings in accordance with the opinion.

Now, the Appellant asks that this Court also remand this appeal to the Bankruptcy Court for further proceedings in accordance with *Citibank*.

## STANDARD OF REVIEW

The Court has jurisdiction to hear bankruptcy appeals pursuant to 28 U.S.C. § 158(a). A district court reviews a bankruptcy court's order denying leave to amend based on futility *de novo*. *Smith v. Hogan*, 794 F.3d 249, 253 (2d Cir. 2015).

## DISCUSSION

The two questions on this appeal are (1) whether the Bankruptcy Court erred in requiring the Trustee to plead a lack of good faith as part of his *prima facie* case; and (2) whether the Bankruptcy Court erred in applying a willful blindness standard rather than an inquiry notice standard to determine what constitutes a lack of good faith. The answer to both of these questions under *Citibank* is yes. It is indisputable that the *Citibank* decision resolves the issues on appeal in the Trustee's favor.

It follows that the Bankruptcy Court's decision – which applied a now-overruled standard – must be vacated and the case remanded for further proceedings in accordance with the *Citibank* decision.

In opposition, Appellees ask that this Court "finally resolve this case" and "decide now" that "the Trustee has pleaded himself out of court." (Dkt. No. 32, at 13). Appellees ask that the Court determine that the affirmative "good faith" defense appears on the face of the complaint and renders the Trustee's claims subject to dismissal; they ask that this Court "affirm[] the bankruptcy court's judgment on [this] alternative basis supported by the record." (*Id.* at 14-17). Appellees argue that the Trustee's complaint shows that ABN Ireland acted in good faith in accordance with the standard set forth in *Citibank* and that affirmative defense "suffices to affirm the dismissal of

6

this case." (*Id.* at 22). The Court notes that Appellees' argument that the Court can "affirm the dismissal of this case" is mistaken – the Court's task here is to affirm or vacate the denial of the motion for leave to amend as futile.

The Court does not agree with this argument. Frankly, ABN Ireland's good faith is not apparent from the face of the Proposed Amended Complaint. Moreover, good faith is an affirmative defense that Appellants bear the burden of proving. The Second Circuit made clear in its decision in *Citibank* that the inquiry notice standard requires "a fact-intensive inquiry to be determined on a case-by-case basis, which naturally takes into account the disparate circumstances of differently-situated transferees." *Citibank*, 12 F.4th at 195. The Trustee rightfully points out that such a fact-based determination "can only be made based on the entirety of the factual record after discovery (which has not occurred here), not from isolated documents cherry-picked by Appellees and factual inferences Appellees improperly seek to have drawn in their favor." (Dkt. No. 33, at 2). The Trustee points out that the good faith "inquiry notice" standard "is difficult to resolve even at the summary judgment stage" – much less at the pleading stage. (*Id.* at 5 (citing *In re Agric. Research and Tech. Grp. Inc.*, 916 F.2d 528, 539 (9th Cir. 1990)). Indeed, Appellees do not cite to any case where a court has dismissed a complaint at the pleading stage based on the good faith defense. And even if it wanted to, the Court on this appeal simply does not have the requisite record to make the fact-intensive inquiry that the Second Circuit requires before a court can make a finding of lack of good faith. (*See* Dkt. No. 33, at 4-6).

Instead, vacatur and remand is appropriate for several reasons. First, the Trustee explains that the record developed in the lower court lacks findings on relevant issues because of the incorrect application of the law. Accordingly, the Trustee argues that the Bankruptcy Court's judgment – which was based on superseded law – is "'not appropriately framed'" for appellate

7

review. (Dkt. No. 27, at 10 (quoting *Tully v. Mobil Oil Corp.*, 455 U.S. 245, 248 (1982)). The Court agrees. Citibank makes it clear that the Trustee was being held to the wrong standard all along. As Judge Bernstein's decision was based on a now-overruled standard of law, remand is appropriate to permit the record to be developed, and the lower court to make findings, in accordance with the *Citibank* decision. *See Pullman-Standard v. Swint*, 456 U.S. 273, 291 (1982) ("When an appellate court discerns that a [lower] court has failed to make a finding because of an erroneous view of the law, the usual rule is that there should be a remand for further proceedings to permit the [lower] court to make the missing findings").

Second, judicial economy also favors remand. (*See* Dkt. No. 33, at 3). The Bankruptcy Court is familiar with the legal issues and facts relevant to this case and is currently entertaining at least two other cases like this one, both of which involve similar issues of a financial institution's asserted good faith defense. *See* Stip. and Order, *Picard v. ABN AMRO Bank, N.V.*, No. 20-cv-03684 (S.D.N.Y. Oct. 26, 2021), ECF Nos. 26, 27; Mandate, *Picard v. ABN AMRO Bank (Ireland) Ltd. et al*, No. 20-1898 (2d Cir. Feb. 3, 2022), ECF No. 84. Remanding the case to the Bankruptcy Court would ensure that the issues are decided in one court, avoid piecemeal and inconsistent results, and ensure that the issues are appropriately framed for later appellate review. Judge Bernstein is certainly best situated to proceed in adjudicating this case.

## CONCLUSION

For the foregoing reasons, the Bankruptcy Court's decision denying the Trustee's motion to amend is vacated and remanded for further proceedings in accordance with the *Citibank* decision.

The clerk is directed to close this appeal.

This constitutes the decision and order of the court. This is a written opinion.

Dated: May 2, 2022

_____
U.S.D.J.

BY ECF TO ALL PARTIES

9