# EXHIBIT 1

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Bankruptcy Case No. 08-01789 (BRL) |
| Plaintiff-Applicant, | |
| v. | SIPA LIQUIDATION |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | (Substantively Consolidated) |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | |
| Plaintiff, | Adv. Pro. No. 10-04285 (BRL) |
| v. | |
| UBS AG, UBS (LUXEMBOURG) SA, UBS FUND SERVICES (LUXEMBOURG) SA, UBS THIRD PARTY MANAGEMENT COMPANY SA, ACCESS INTERNATIONAL ADVISORS LLC, ACCESS INTERNATIONAL ADVISORS EUROPE LIMITED, ACCESS INTERNATIONAL ADVISORS LTD., ACCESS PARTNERS (SUISSE) SA, ACCESS MANAGEMENT LUXEMBOURG SA (f/k/a ACCESS INTERNATIONAL ADVISORS (LUXEMBOURG) SA) as represented by its Liquidator MAITRE FERNAND ENTRINGER, ACCESS PARTNERS SA as represented by its Liquidator MAITRE FERNAND ENTRINGER, PATRICK LITTAYE, CLAUDINE MAGON DE LA VILLEHUCHET (a/k/a CLAUDINE DE LA VILLEHUCHET) in her capacity as Executrix under the Will of THIERRY MAGON DE LA VILLEHUCHET (a/k/a RENE THIERRY DE LA VILLEHUCHET), CLAUDINE MAGON DE LA VILLEHUCHET (a/k/a CLAUDINE DE LA | |

VILLEHUCHET) individually as the sole beneficiary under the Will of THIERRY MAGON DE LA VILLEHUCHET (a/k/a RENE THIERRY DE LA VILLEHUCHET), PIERRE DELANDMETER, THEODORE DUMBAULD, LUXALPHA SICAV as represented by its Liquidators MAITRE ALAIN RUKAVINA and PAUL LAPLUME, MAITRE ALAIN RUKAVINA AND PAUL LAPLUME, in their capacities as liquidators and representatives of LUXALPHA SICAV, ROGER HARTMANN, RALF SCHROETER, RENE EGGER, ALAIN HONDEQUIN, HERMANN KRANZ, BERND (a/k/a, BERNARD) STIEHL, GROUPEMENT FINANCIER LTD.,

Defendants.

IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,

Third-Party Plaintiff,

v.

UBS AG, UBS (LUXEMBOURG) SA, UBS FUND SERVICES (LUXEMBOURG) SA, UBS THIRD PARTY MANAGEMENT COMPANY SA, ACCESS INTERNATIONAL ADVISORS LLC, ACCESS INTERNATIONAL ADVISORS EUROPE LIMITED, ACCESS INTERNATIONAL ADVISORS LTD., ACCESS PARTNERS (SUISSE) SA, ACCESS MANAGEMENT LUXEMBOURG SA (f/k/a ACCESS INTERNATIONAL ADVISORS (LUXEMBOURG) SA) as represented by its Liquidator MAITRE FERNAND ENTRINGER, ACCESS PARTNERS SA as represented by its Liquidator MAITRE FERNAND ENTRINGER, PATRICK LITTAYE, CLAUDINE MAGON DE LA VILLEHUCHET (a/k/a CLAUDINE DE LA VILLEHUCHET) in her capacity as Executrix under the Will of THIERRY MAGON DE LA VILLEHUCHET (a/k/a RENE THIERRY DE LA VILLEHUCHET), CLAUDINE MAGON DE LA VILLEHUCHET (a/k/a CLAUDINE DE LA VILLEHUCHET) individually as the sole beneficiary under the Will of THIERRY MAGON DE LA VILLEHUCHET (a/k/a RENE THIERRY DE LA VILLEHUCHET), PIERRE DELANDMETER, THEODORE DUMBAULD, LUXALPHA SICAV as represented by its Liquidators MAITRE ALAIN

2

| | |
|---|---|
| RUKAVINA and PAUL LAPLUME, MAITRE ALAIN RUKAVINA AND PAUL LAPLUME, in their capacities as liquidators and representatives of LUXALPHA SICAV, ROGER HARTMANN, RALF SCHROETER, RENE EGGER, ALAIN HONDEQUIN, HERMANN KRANZ, BERND (a/k/a, BERNARD) STIEHL, GROUPEMENT FINANCIER LTD., | |
| Third-Party Defendants. | |

**STIPULATION AND ORDER CONCERNING UBS (LUXEMBOURG) S.A.'S WITHDRAWAL OF ITS MOTION TO DISMISS, AND DISMISSAL WITHOUT PREJUDICE OF CERTAIN DEFENDANTS**

WHEREAS, on November 23, 2010, plaintiff Irving H. Picard, the trustee (the "Trustee") for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC, under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq., and the estate of Bernard L. Madoff, filed a complaint in this action, naming (1) UBS (Luxembourg) S.A. ("UBSL"), (2) Ralf Schroeter, Rene Egger, Alain Hondequin, and Hermann Kranz (collectively, the "Moving Luxalpha Director Defendants"), and (3) Roger Hartmann, among others, as defendants;

WHEREAS, on July 11, 2011, the Trustee and certain defendants in this action stipulated to the withdrawal of the reference from this Court to proceed before the United States District Court for the Southern District of New York (the "District Court");

WHEREAS, on August 1, 2011, defendants UBSL and the Moving Luxalpha Director Defendants, among others, moved before the District Court to dismiss certain causes of action set forth in the Complaint filed in the above-captioned action;

WHEREAS, on August 17, 2011, the Trustee filed an amended complaint (the "Amended Complaint") in the above-captioned action;

3

WHEREAS, by Order entered by the District Court on September 7, 2011, the motions to dismiss filed by the UBS Defendants and the Moving Luxalpha Director Defendants (collectively, the "Motions to Dismiss") were deemed directed to certain causes of action set forth in the Amended Complaint;

WHEREAS, on November 1, 2011, the District Court issued a Decision and Order (the "November 1 Order") granting the Motions to Dismiss as to causes of action twelve through twenty-eight of the Amended Complaint (the "Common Law Claims");

WHEREAS, in the November 1 Order, the District Court directed that causes of action one through eleven of the Amended Complaint (the "Bankruptcy Claims") be returned to this Court;

WHEREAS, on December 2, 2011, the District Court directed the Clerk of the Court to enter a judgment as to the Common Law Claims under Rule 54(b) in the above-captioned action, and on December 7, 2011, the Clerk of the Court entered a judgment dismissing these claims;

WHEREAS, on December 2, 2011, the Trustee filed a Notice of Appeal to the United States Court of Appeals for the Second Circuit, appealing the November 1 Order dismissing the Common Law Claims (the "Appeal");

WHEREAS, on April 26, 2012, the parties completed the briefing of the Appeal;

WHEREAS, on April 27, 2012, UBSL and the Moving Luxalpha Director Defendants filed a motion to dismiss the Amended Complaint for lack of personal jurisdiction (the "Motion to Dismiss");

WHEREAS, on April 27, 2012, each of the Moving Luxalpha Director Defendants filed along with the Motion to Dismiss a declaration declaring under penalty of perjury that: (1) he did not receive any compensation whatsoever for serving as a director of Defendant Luxalpha

4

SICAV ("Luxalpha"), and (2) his employment compensation has never in any manner been tied to the performance of Luxalpha. *See* Declaration of Rene Egger, dated April 26, 2012, ¶ 16; Declaration of Ralf Schroeter, dated April 26, 2012, ¶ 16; Declaration of Hermann Kranz, dated April 26, 2012, ¶ 15; Declaration of Alain Hondequin, dated April 26, 2012, ¶ 16 [Bankr. S.D.N.Y. ECF Nos. 109, 110, 113, 115, respectively.];

WHEREAS, Defendant Roger Hartmann has since provided the Trustee with a declaration making the same representations under penalty of perjury;

WHEREAS, each of the Moving Luxalpha Director Defendants and Defendant Roger Hartmann represents through his undersigned counsel that (a) his employment compensation has never in any manner been tied to the performance of Defendant Groupement Financier Ltd. ("Groupement"), and (b) he never invested any of his personal assets with Luxalpha or Groupement, and never withdrew any of his personal assets from Luxalpha or Groupement (together, with the representations by Messrs. Egger, Schroeter, Kranz, Hondequin, and Hartmann referenced in the preceding two paragraphs, the "Directors' Representations");

WHEREAS, the Motion to Dismiss has been fully briefed, with the Trustee having filed his consolidated opposition on August 17, 2012, and UBSL and the Moving Luxalpha Director Defendants having filed a reply in further support of their Motion to Dismiss on October 26, 2012;

WHEREAS, in lieu of oral argument on the Motion to Dismiss and other defendants' motions to dismiss for lack of personal jurisdiction before the Court, the Court conducted a Rule 16 conference on December 19, 2012, and directed the moving parties and the Trustee to meet and confer to attempt to resolve certain issues raised by the Motion to Dismiss and the other motions to dismiss for lack of personal jurisdiction;

5

WHEREAS, counsel for the Trustee and for UBSL and the Moving Luxalpha Director Defendants met and conferred with respect to the Motion to Dismiss.

IT IS HEREBY STIPULATED AND AGREED, by the undersigned counsel, that:

1. UBSL hereby withdraws its motion to dismiss for lack of personal jurisdiction and agrees that it will not raise a personal jurisdiction defense in this action.

2. Subject to the provisions of this Stipulation, the Trustee, pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding through Rule 7041 of the Federal Rules of Bankruptcy Procedure, hereby dismisses from this action all claims against Hartmann and the Moving Luxalpha Director Defendants without prejudice to reinstatement under the circumstances set forth in Paragraphs 3, 4, 5, and 6, below. The Trustee shall not be permitted to reinstate, refile, or recommence the Common Law Claims and Bankruptcy Claims against any of Hartmann or the Moving Luxalpha Director Defendants in any action or proceeding, except under the circumstances set forth in Paragraphs 3, 4, 5, and 6, below.

3. The Trustee shall be permitted to reinstate the Common Law Claims asserted in the Amended Complaint against any of Hartmann or the Moving Luxalpha Director Defendants, at any time within the later of:

    a) ninety days of any final decision, order, or other disposition by the United States Court of Appeals for the Second Circuit no longer subject to appeal or certiorari, reinstating, in whole or in part, the Common Law Claims, or;

6

b) ninety days of any final decision, order, or other disposition by the Supreme Court of the United States reinstating, in whole or in part, the Common Law Claims.

4. In the event that the Trustee discovers information that any of Hartmann or the Moving Luxalpha Director Defendants (1) received compensation for serving as a director of Luxalpha, (2) received employment compensation tied in any manner to the performance of Luxalpha or Groupement, or (3) invested personal assets with Luxalpha or Groupement or withdrew personal assets from Luxalpha or Groupement, in contravention of the Directors' Representations, the Trustee, at any time up to and including 60 days after the close of discovery in this action, shall be permitted to reinstate the Bankruptcy Claims asserted in the Amended Complaint against any of Hartmann or the Moving Luxalpha Director Defendants as to whom the Trustee discovers such information. At least ten days before doing so, the Trustee shall inform counsel for such Defendant or Defendants of the nature of the information that the Trustee believes permits reinstatement of the Bankruptcy Claims pursuant to this paragraph, and shall engage in good faith discussions with respect to any disagreement on that subject.

5. This Stipulation and Order shall operate as, and is, a tolling agreement with respect to the Common Law Claims and the Bankruptcy Claims asserted against Hartmann and the Moving Luxalpha Director Defendants. In the event the Trustee, pursuant to Paragraphs 3 and/or 4, above, should re-file or reassert the Common Law Claims and/or the Bankruptcy Claims against Hartmann and/or the Moving Luxalpha Director Defendants:

a) Hartmann and the Moving Luxalpha Director Defendants hereby expressly agree that the time from the date of the filing of the Trustee's original complaint

7

in this action through the date of reinstatement of the Common Law Claims or the Bankruptcy Claims against Hartmann and/or the Moving Luxalpha Director Defendants shall be excluded from the calculation of any time-based defenses or time-based rights due to the passage of time applicable to such reinstated Common Law Claims or Bankruptcy Claims, including but not limited to, those defenses and rights related to statutes of limitation, statutes of repose, laches, waiver, or estoppel; and

b) Hartmann and the Moving Luxalpha Director Defendants agree to accept service of any new summons and complaint that asserts such reinstated Common Law Claims and/or Bankruptcy Claims through their undersigned counsel and to waive any defenses based on insufficiency of process or service of process with respect thereto. Nothing in this paragraph constitutes an agreement by Hartmann and the Moving Luxalpha Director Defendants to accept service of, or waive any defenses to, any summons and complaint asserting any claims other than the Common Law Claims and/or Bankruptcy Claims; however, nothing in this stipulation impairs the right of the Trustee to file any action or actions against Hartmann and/or the Moving Luxalpha Director Defendants asserting claims other than the Common Law Claims and Bankruptcy Claims.

c) The Trustee shall be permitted to include any additional facts learned in support of the reinstated Common Law Claims and/or Bankruptcy Claims against Hartmann and/or the Moving Luxalpha Director Defendants in his amended complaint in any reinstated action.

8

6.      The tolling provided for in Paragraph 5 shall terminate upon entry of final judgment no longer subject to appeal or certiorari in this action in respect of all of the Trustee's claims, including the Common Law Claims, against all of UBS AG, UBSL, UBS Fund Services (Luxembourg) SA, and UBS Third Party Management Company SA.

7.      Other than as addressed herein, this Stipulation is without prejudice to, or waiver of, any other rights, arguments, or defenses that are otherwise available to the Trustee, Hartmann and/or the Moving Luxalpha Director Defendants in a re-filed action.

8.      This Stipulation may be signed by the parties in any number of counterparts, each of which when so signed shall be an original, but all of which shall together constitute one and the same instrument. A signed facsimile, photostatic or electronic copy of this Stipulation shall be deemed an original.

9.      The caption of the adversary proceeding is hereby amended to delete Hartmann and the Moving Luxalpha Director Defendants. The amended caption is attached herewith as Exhibit A.

9

Dated: June 18, 2013
New York, New York

BAKER & HOSTETLER LLP

By: /s/ Karin Scholz Jenson
Karin Scholz Jenson
kjenson@bakerlaw.com
Benjamin D. Pergament
bpergament@bakerlaw.com
Keith R. Murphy
kmurphy@bakerlaw.com
Samir K. Ranade
sranade@bakerlaw.com

45 Rockefeller Plaza
New York, New York 10111
Telephone: 212.589.4200
Facsimile: 212.589.4201

*Attorneys for Plaintiff Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

GIBSON, DUNN & CRUTCHER LLP


By: /s/ Marshall R. King
    Marshall R. King
    mking@gibsondunn.com
    Gabriel Herrmann
    gherrmann@gibsondunn.com

    200 Park Avenue
    New York, New York 10166
    Telephone: 212.351.4000
    Facsimile: 212.351.4035

*Attorneys for Defendants UBS AG, UBS (Luxembourg) SA, UBS Fund Services (Luxembourg) SA, UBS Third Party Management Company SA, Roger Hartmann, Rene Egger, Alain Hondequin, Hermann Kranz, and Ralf Schroeter*

SO ORDERED:

/s/Burton R. Lifland_____    DATED    June 18, 2013
United States Bankruptcy Judge                    New York, New York

11

**EXHIBIT A: AMENDED CAPTION**

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Bankruptcy Case No. 08-01789 (BRL)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>Plaintiff,<br><br>v.<br><br>UBS AG, UBS (LUXEMBOURG) SA, UBS FUND SERVICES (LUXEMBOURG) SA, UBS THIRD PARTY MANAGEMENT COMPANY SA, ACCESS INTERNATIONAL ADVISORS LLC, ACCESS INTERNATIONAL ADVISORS EUROPE LIMITED, ACCESS INTERNATIONAL ADVISORS LTD., ACCESS PARTNERS (SUISSE) SA, ACCESS MANAGEMENT LUXEMBOURG SA (f/k/a ACCESS INTERNATIONAL ADVISORS (LUXEMBOURG) SA) as represented by its Liquidator MAITRE FERNAND ENTRINGER, ACCESS PARTNERS SA as represented by its Liquidator MAITRE FERNAND ENTRINGER, PATRICK LITTAYE, CLAUDINE MAGON DE LA VILLEHUCHET (a/k/a CLAUDINE DE LA VILLEHUCHET) in her capacity as Executrix under the Will of THIERRY MAGON DE LA | Adv. Pro. No. 10-04285 (BRL) |

12

VILLEHUCHET (a/k/a RENE THIERRY DE LA VILLEHUCHET), CLAUDINE MAGON DE LA VILLEHUCHET (a/k/a CLAUDINE DE LA VILLEHUCHET) individually as the sole beneficiary under the Will of THIERRY MAGON DE LA VILLEHUCHET (a/k/a RENE THIERRY DE LA VILLEHUCHET), PIERRE DELANDMETER, THEODORE DUMBAULD, LUXALPHA SICAV as represented by its Liquidators MAITRE ALAIN RUKAVINA and PAUL LAPLUME, MAITRE ALAIN RUKAVINA AND PAUL LAPLUME, in their capacities as liquidators and representatives of LUXALPHA SICAV, BERND (a/k/a, BERNARD) STIEHL, GROUPEMENT FINANCIER LTD.,

Defendants.

IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,

Third-Party Plaintiff,

v.

UBS AG, UBS (LUXEMBOURG) SA, UBS FUND SERVICES (LUXEMBOURG) SA, UBS THIRD PARTY MANAGEMENT COMPANY SA, ACCESS INTERNATIONAL ADVISORS LLC, ACCESS INTERNATIONAL ADVISORS EUROPE LIMITED, ACCESS INTERNATIONAL ADVISORS LTD., ACCESS PARTNERS (SUISSE) SA, ACCESS MANAGEMENT LUXEMBOURG SA (f/k/a ACCESS INTERNATIONAL ADVISORS (LUXEMBOURG) SA) as represented by its Liquidator MAITRE FERNAND ENTRINGER, ACCESS PARTNERS SA as represented by its Liquidator MAITRE FERNAND ENTRINGER, PATRICK LITTAYE, CLAUDINE MAGON DE LA VILLEHUCHET (a/k/a CLAUDINE DE LA VILLEHUCHET) in her capacity as Executrix under the Will of THIERRY MAGON DE LA VILLEHUCHET (a/k/a RENE THIERRY DE LA VILLEHUCHET), CLAUDINE MAGON DE LA VILLEHUCHET (a/k/a CLAUDINE DE LA VILLEHUCHET) individually as the sole beneficiary under the Will of THIERRY MAGON DE LA VILLEHUCHET (a/k/a RENE THIERRY DE LA VILLEHUCHET), PIERRE DELANDMETER, THEODORE DUMBAULD, LUXALPHA SICAV as

13

represented by its Liquidators MAITRE ALAIN RUKAVINA and PAUL LAPLUME, MAITRE ALAIN RUKAVINA AND PAUL LAPLUME, in their capacities as liquidators and representatives of LUXALPHA SICAV, BERND (a/k/a, BERNARD) STIEHL, GROUPEMENT FINANCIER LTD.,

                Third-Party Defendants.