INDIRECT INVESTOR
**CUSTOMER CLAIM**

Bernard L. Madoff Investment Securities LLC
Case No 08-01789-BRL

U.S. Bankruptcy Court for the Southern District of New York

Claim Number          **015071**

Date Received **RECEIVED**

## BERNARD L. MADOFF INVESTMENT SECURITIES LLC    JUL 0 2 2009

In Liquidation

### DECEMBER 11, 2008

(Please print or type)

Name of Customer: Korea Exchange Bank, on behalf of Tams Rainbow Trust
Mailing Address: KEB 181-2ga, Euljiro, Chung-gu
City:        SEOUL                State:   South Korea      Zip:
Account No.: Invested through Fairfield Sentry Limited (Feeder Fund) Acc ID : 05063122 Holder ID : 00370802
Taxpayer I.D. Number (Social Security No.):

NOTE:    BEFORE COMPLETING THIS CLAIM FORM, BE SURE TO READ CAREFULLY
THE ACCOMPANYING INSTRUCTION SHEET.  A SEPARATE CLAIM FORM
SHOULD BE FILED FOR EACH ACCOUNT AND, TO RECEIVE THE FULL
PROTECTION AFFORDED UNDER SIPA, ALL CUSTOMER CLAIMS MUST BE
RECEIVED BY THE TRUSTEE ON OR BEFORE March 4, 2009.   CLAIMS
RECEIVED AFTER THAT DATE, BUT ON OR BEFORE July 2, 2009, WILL BE
SUBJECT TO DELAYED PROCESSING AND TO BEING SATISFIED ON TERMS
LESS FAVORABLE TO THE CLAIMANT. PLEASE SEND YOUR CLAIM FORM BY
CERTIFIED MAIL - RETURN RECEIPT REQUESTED.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

1.    Claim for money balances as of **December 11, 2008**:

a.    The Broker owes me a Credit (Cr.) Balance of        $        0

b.    I owe the Broker a Debit (Dr.) Balance of        $        0

c.    If you wish to repay the Debit Balance,
please insert the amount you wish to repay and
attach a check payable to "Irving H. Picard, Esq.,
Trustee for Bernard L. Madoff Investment Securities LLC."
If you wish to make a payment, **it must be enclosed**
with this claim form.                        $        NA

d.    If balance is zero, insert "None."                NOTE

2.        Claim for securities as of **December 11, 2008**:

**PLEASE DO NOT CLAIM ANY SECURITIES YOU HAVE IN YOUR POSSESSION.**

|  | | YES | NO |
|---|---|---|---|
| a. | The Broker owes me securities | YES | |
| b. | I owe the Broker securities | | NO |
| c. | If yes to either, please list below: *, + | | |

*See attached CITCO "Fund" statement dated November 14, 2008, showing account balance of $9,963,189.37 (we have no information on amount allocated to Madoff) + see Fund Subscription Agreement showing initial investment of $6,000,000 and other documents evidencing additional investment of $3,000,000 (net principal of $9 mil).

| Date of Transaction (trade date) | Name of Security | The Broker Owes Me (Long) | I Owe the Broker (Short) |
|---|---|---|---|
| | | | Number of Shares or Face Amount of Bonds |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |

**Proper documentation can speed the review, allowance and satisfaction of your claim and shorten the time required to deliver your securities and cash to you. Please enclose, if possible, copies of your last account statement and purchase or sale confirmations and checks which relate to the securities or cash you claim, and any other documentation, such as correspondence, which you believe will be of assistance in processing your claim. In particular, you should provide all documentation (such as cancelled checks, receipts from the Debtor, proof of wire transfers, etc.) of your deposits of cash or securities with the Debtor from as far back as you have documentation. You should also provide all documentation or information regarding any withdrawals you have ever made or payments received from the Debtor.**

Please explain any differences between the securities or cash claimed and the cash balance and securities positions on your last account statement. If, at any time, you complained in writing about the handling of your account to any person or entity or regulatory authority, and the complaint relates to the cash and/or securities that you are now seeking, please be sure to provide with your claim copies of the complaint and all related correspondence, as well as copies of any replies that you received.

**PLEASE CHECK THE APPROPRIATE ANSWER FOR ITEMS 3 THROUGH 9.**

**NOTE:   IF "YES" IS MARKED ON ANY ITEM, PROVIDE A DETAILED EXPLANATION ON A SIGNED ATTACHMENT.   IF SUFFICIENT DETAILS ARE NOT PROVIDED, THIS CLAIM FORM WILL BE RETURNED FOR YOUR COMPLETION.**

|  |  | <u>YES</u> | <u>NO</u> |
|---|---|---|---|
| 3. | Has there been any change in your account since December 11, 2008?  If so, please explain. |  | NO |
| 4. | Are you or were you a director, officer, partner, shareholder, lender to or capital contributor of the broker? |  | NO |
| 5. | Are or were you a person who, directly or indirectly and through agreement or otherwise, exercised or had the power to exercise a controlling influence over the management or policies of the broker? |  | NO |
| 6. | Are you related to, or do you have any business venture with, any of the persons specified in "4" above, or any employee or other person associated in any way with the broker?  If so, give name(s) |  | NO |
| 7. | Is this claim being filed by or on behalf of a broker or dealer or a bank?  If so, provide documentation with respect to each public customer on whose behalf you are claiming. |  | NO |
| 8. | Have you ever given any discretionary authority to any person to execute securities transactions with or through the broker on your behalf?  Give names, addresses and phone numbers. | YES* |  |

*See attached Fairfield Fund Directory

|  |  |  |  |
|---|---|---|---|
| 9. | Have you or any member of your family ever filed a claim under the Securities Investor Protection Act of 1970?  if so, give name of that broker. |  |  |

Please list the full name and address of anyone assisting you in the preparation of this claim form:  Mr. Stuart Singer & Keith J. Blum,
Boies, Schiller & Flexner LLP 401 E Las Olas Blvd., 12th Floor., Ft. Lauderdale, FL 33301

(Keith J. Blum 305.539.8400)

If you cannot compute the amount of your claim, you may file an estimated claim. In that case, please indicate your claim is an estimated claim.

**IT IS A VIOLATION OF FEDERAL LAW TO FILE A FRAUDULENT CLAIM. CONVICTION CAN RESULT IN A FINE OF NOT MORE THAN $50,000 OR IMPRISONMENT FOR NOT MORE THAN FIVE YEARS OR BOTH.**

**THE FOREGOING CLAIM IS TRUE AND ACCURATE TO THE BEST OF MY INFORMATION AND BELIEF.**

Date _June 29th, 2008_    Signature_____

Date _____    Signature_____

(If ownership of the account is shared, all must sign above. Give each owner's name, address, phone number, and extent of ownership on a signed separate sheet. If other than a personal account, *e.g.*, corporate, trustee, custodian, etc., also state your capacity and authority. Please supply the trust agreement or other proof of authority.)

**This customer claim form must be completed and mailed promptly, together with supporting documentation, etc. to:**

Irving H. Picard, Esq.,
Trustee for Bernard L. Madoff Investment Securities LLC
Claims Processing Center
2100 McKinney Ave., Suite 800
Dallas, TX 75201

502180406                4

If you cannot compute the amount of your claim, you may file an estimated claim. In that case, please indicate your claim is an estimated claim.

**IT IS A VIOLATION OF FEDERAL LAW TO FILE A FRAUDULENT CLAIM. CONVICTION CAN RESULT IN A FINE OF NOT MORE THAN $50,000 OR IMPRISONMENT FOR NOT MORE THAN FIVE YEARS OR BOTH.**

**THE FOREGOING CLAIM IS TRUE AND ACCURATE TO THE BEST OF MY INFORMATION AND BELIEF.**

Date _____    Signature_____

Date _____    _____
                                BY Authorized Representative

(If ownership of the account is shared, all must sign above. Give each owner's name, address, phone number, and extent of ownership on a signed separate sheet. If other than a personal account, *e.g.*, corporate, trustee, custodian, etc., also state your capacity and authority. Please supply the trust agreement or other proof of authority.)

**This customer claim form must be completed and mailed promptly, together with supporting documentation, etc. to:**

Irving H. Picard, Esq.,
Trustee for Bernard L. Madoff Investment Securities LLC
Claims Processing Center
2100 McKinney Ave., Suite 800
Dallas, TX 75201

<u>Reason for Claim Filing</u>

This claim is being filed by <u>Korea Exchange Bank as Trustee of TAMS Rainbow Trust III</u> which invested in Fairfield Sentry Limited ("Fund"), which had accounts with Bernard L. Madoff Investment Securities (BMIS").

The address of the Fund is as follows:

c/o Citco Fund Services (Europe) B.V.
Telestone 8 – Teleport
Naritaweg 165
1043 BW Amsterdam
The Netherlands

It is understood that BMIS was also the sub-custodian for the Fund and implemented the Fund's investment strategy.    It is understood that most of the Fund's assets may have been held in custody by BMIS.

Considering the above circumstances, and that <u>KEB as Trustee of TAMS Rainbow Trust III</u>'s tremendous loss was caused directly by the fraud alleged to have been perpetrated at BMIS, we respectfully requests that it's claim be afforded the full protection under the Securities Investor Protection Act.

Please kindly note that <u>KEB as Trustee of TAMS Rainbow Trust III</u> has never received any distributions or returns from its investments in the Fund.

(Signature Page Follows)

Page 1

<u>Reason for Claim Filing</u>
<u>(Signature Page)</u>

[*]

By: Ki Soo, Jung / Korea Exchange Bank

# CITCO

*Citco Fund Services
(Europe) B.V.*

KOREA EXCHANGE BANK
SECURITIES SERVICE DIVISION
CHUNG-KU SEOUL 100-7939
CHUNG-KU SEOUL 100-793
KOREA

| | |
|---|---|
| Date | : Nov-14-2008 |
| Valuation date | : Oct-31-2008 |
| Fund Id | : |
| Holder Id | : |
| Account Id | : |
| Currency | : US DOLLAR |
| Email | : KEB2903@KEB.CO.KR |
| FAX Number | : 00822 776 9307 |

SECURITIES SERVICE DIVISION
Account: KOREA EXCHANGE BANK AS TAMS RAINBOW TRUST III

## FAIRFIELD SENTRY LIMITED

## FUND NET ASSET VALUES

| | | Net Asset Value |
|---|---|---|
| Opening Price | Sep-30-2008 | 1,350.6040 |
| Closing Price | Oct-31-2008 | 1,349.7782 |

## ACCOUNT VALUE

| | NAV Date | voting shares | Net Asset Value | Change in Account |
|---|---|---|---|---|
| Opening Market Value of Account | Sep-30-2008 | 7,381.3530 | 1,350.6040 | 9,969,284.89 |
| Add: Additions | | 0.0000 | | 0.00 |
| Less: Subtractions | No transactions in period | 0.0000 | | 0.00 |
| Closing Market Value of Account | Oct-31-2008 | 7,381.3530 | 1,349.7782 | 9,963,189.37 |
| Increase or decrease in market value due to change in the price in the period | | | | -6,095.52 |

Note: All trade orders must be submitted in writing. In the event of non-receipt of confirmation within 5 days, please contact Citco immediately.

For more information or any inquiries, please contact Citco Investor Relations Group
Tel: (31-20) 572 2850 Fax: (31-20) 572 2610  E-mail: amsterdamweb@citco.com

*Citco Building
Telestone - Teleport
Naritaweg 165
1043 BW Amsterdam
The Netherlands*

*www.citco.com*

*Phone: (31-20) 5722100
Fax:   (31-20) 5722610
Chamber of Commerce 33205112*



181, 2ka, Euljiro, Chung-ku, Seoul (100-793), Republic of Korea
Tel (82 2) 729 0623, Fax (82 2) 776 9307, keb2903@keb.co.kr

October 18, 2007

Fairfield Sentry Limited
Citco Fund Services(Europe)B.V.,
Telestone 8-Teleport,
Naritaweg 165,
1043 BW Amsterdam, The Netherlands

Tel:31 20 572 2850
Fax:31 20 572 2610

### Re: FAIRFIELD SENTRY LIMITED

- Type of Order : Subscription
- Purchase Fund: FAIRFIELD SENTRY LIMITED
- Account ██████████        Fund ████████
- Account Name : Korea Exchange Bank as Trustee of TAMS Rainbow Trust III
- Subscription Amount : **USD 3,000,000.–**

Should you have any queries, please feel free to contact me at Tel (+82 2) 729 0469,
Fax (+822) 776 9307 or e-mail **keb2903@keb.co.kr**

Yours faithfully,

Name: Ki Uk, Oh
Title: Senior Manager of Securities Services Division
      Korea Exchange Bank

**CITCO**

*Citco Fund Services*
*(Europe) B.V.*

KOREA EXCHANGE BANK
SECURITIES SERVICE DIVISION
CHUNG-KU SEOUL 100-7939
CHUNG-KU SEOUL 100-793
KOREA

| | |
|---|---|
| Fund ID | : ███████ |
| Holder ID | : ███████ |
| Account ID | : ███████ |
| Contract No. | : 63828002 |
| Date | : Nov-15-2007 |
| Order No. | : 27581502 |
| FAX Number | : 00822 776 9307 |
| Email | : KEB2903@KEB.CO.KR |

SECURITIES SERVICE DIVISION
Account name: KOREA EXCHANGE BANK AS TAMS RAINBOW TRUST III

## FAIRFIELD SENTRY LIMITED

In accordance with your instructions we confirm having ISSUED the following voting shares in FAIRFIELD SENTRY LIMITED

| | | |
|---|---|---|
| Valuation/NAV Date | | Oct-31-2007 |
| Trade Date | | Nov-01-2007 |
| Value/Cash Date | | Oct-29-2007 |
| Total Consideration | USD | 3,000,000.00 |
| | | |
| Net Proceeds | USD | 3,000,000.00 |
| Subscription Price | | 1,275.3893 |
| No. of voting shares Issued | | 2,352.2230 |
| Total Consideration Received to Date | USD | 3,000,000.00 |

Your balance following this transaction will be 7,381.3530 voting shares.

For more information or any inquiries, please contact Citco Investor Relations Group
Tel: (31-20) 572 2850 Fax: (31-20) 572 2610 E-mail: amsterdamweb@citco.com

*Citco Building*
*Telestone - Teleport*
*Naritaweg 165*
*1043 BW Amsterdam*
*The Netherlands*

*www.citco.com*

*Phone: (31-20) 5722100*
*Fax:   (31-20) 5722610*
*Chamber of Commerce 33253773*

# CITCO
*Citco Fund Services*
*(Europe) B.V.*

## Confirmation of Cash Received

|  |  |
|---|---|
| KOREA EXCHANGE BANK | Date : Nov-16-2007 |
| SECURITIES SERVICE DIVISION | Fund Id : |
| CHUNG-KU SEOUL 100-7939 | Holder Id : |
| CHUNG-KU SEOUL 100-793 | Account Id : |
| KOREA | CFI Cash Id : |
|  | Order Id : 27581502 |
|  | Transact Id : 63828002 |
|  | FAX Number : 00822 776 9307 |
| SECURITIES SERVICE DIVISION | Email: KEB2903@KEB.CO.KR |

Account name: KOREA EXCHANGE BANK AS TAMS RAINBOW TRUST III

## FAIRFIELD SENTRY LIMITED

| We confirm the following receipt in respect of: |
|---|
| FAIRFIELD SENTRY LIMITED |

| Date Received |  | Oct-29-2007 |
|---|---|---|
| Amount Received | USD | 3,000,000.00 |

The above funds were received by the following account:

| | |
|---|---|
| Bank Name: | HSBC BANK USA |
| Bank Address 1: | NEW YORK |
| Bank Address 2: | USA |
| ABA Ref.: | 021001088 |
| SWIFT Ref.: | MRMDUS33 |
| Further Cr. Num: | 000306487 |
| Further Cr. Name: | CITCO BANK NEDERLAND NV DUBLIN BRANCH |
| Further Cr. SWIFT Ref.: | |
| Beneficiary Acct No: | |
| Beneficiary Name: | FAIRFIELD SENTRY LIMITED |

Note : 302380674

For more information or any inquiries, please contact Citco Investor Relations Group
Tel: (31-20) 572 2850 Fax: (31-20) 572 2610

*Citco Building*
*Telestone - Teleport*
*Naritaweg 165*
*1043 BW Amsterdam*
*The Netherlands*

*www.citco.com*

*Phone: (31-20) 5722100*
*Fax:   (31-20) 5722610*
*Chamber of Commerce 33253773*

## CITCO
*Citco Fund Services*
*(Europe) B.V.*

# Confirmation of Order Received

KOREA EXCHANGE BANK
SECURITIES SERVICE DIVISION
CHUNG-KU SEOUL 100-7939
CHUNG-KU SEOUL 100-793
KOREA

| | |
|---|---|
| Date | : Oct-25-2007 |
| Fund ID | : |
| Holder ID | : |
| Account ID | : |
| Order No. | : 2758 1502 |
| Email | : KEB2903@KEB.CO.KR |
| FAX Number | : 0082 2 776 9307 |

SECURITIES SERVICE DIVISION
Account: KOREA EXCHANGE BANK AS TAMS RAINBOW TRUST III

### FAIRFIELD SENTRY LIMITED

We confirm receipt of your instruction to SUBSCRIBE to
FAIRFIELD SENTRY LIMITED at the next dealing date

| | |
|---|---|
| Trade Date | Nov-01-2007 |
| Settlement Date | Oct-29-2007 |
| Valuation/NAV Date | Oct-31-2007 |
| Type of transaction | Subscription |

| | | |
|---|---|---|
| Amount | USD | 3,000,000.00 |

| | |
|---|---|
| Bank Name: | HSBC BANK USA |
| Bank Address 1: | NEW YORK |
| Bank Address 2: | USA |
| ABA Ref.: | 021001088 |
| SWIFT Ref.: | MRMDUS33 |
| Further Cr. Num: | |
| Further Cr. Name: | CITCO BANK NEDERLAND NV DUBLIN BRANCH |
| Further Cr. SWIFT Ref.: | |
| Beneficiary Acct No: | |
| Beneficiary Name: | FAIRFIELD SENTRY LIMITED |

For more information or any inquiries, please contact Citco Investor Relations Group
Tel: (31-20) 572 2850 Fax: (31-20) 572 2610 E-mail: amsterdamweb@citco.com

*Citco Building*
*Telestone - Teleport*
*Naritaweg 165*
*1043 BW Amsterdam*
*The Netherlands*

*www.citco.com*

*Phone: (31-20) 5722100*
*Fax: (31-20) 5722610*
*Chamber of Commerce 33253773*

# Short Form Subscription Agreement
## For Existing Shareholders

**FAIRFIELD SENTRY LIMITED**
c/o Citco Fund Services (Europe) B.V
Telestone 8 - Teleport
Naritaweg 165
1043 BW Amsterdam
The Netherlands
Telephone: (31-20) 572-2100
Facsimile: (31-20) 572-2610



181, 2ka, Euljiro, Chung-ku, Seoul (100-793), Republic of Korea
Tel (82 2) 729 0623. Fax (82 2) 776 9307, keb2903@keb.co.kr

November 24, 2006

Attn : Marianne van den Oever

Fairfield Sentry Limited,
Citco Fund Services(Europe) B.V.,
Telestone 8-Teleport,
Naritaweg 165,
1043 BW Amsterdam,
The Neteherlands,

Phone : (31 20) 572 2100
Fax : (31 20) 572 2610      CC. 65  6533  9040

(Total  i 3 pages incl. this cover page)

## Re : Subscription to Fairfield Sentry Limited(the "FUND")

U$ 6,000,000

Dear Sirs

Please find attached **subscription agreement** , which origins of which shall be sent to
you by courier.

(Should you have any queries, please feel free to contact me at Tel(+82 2) 729 0623,
Fax(+82 2) 776 9307 or email **keb2903@keb.co.kr**

Yours faithfully,

Name: Ki Uk. O
Title: Senior Manager of Securities Services Division
       Korea Exchange Bank



181, 2ka, Eubjiro, Chung-ku, Seoul (100-793), Republic of Korea
Tel (82 2) 729 0623, Fax (82 2) 776 9307, keb2903@keb.co.kr

November 24, 2006

Attn : Marianne van den Oever

Fairfield Sentry Limited,
Citco Fund Services(Europe) B.V.,
Telestone 8-Teleport,
Naritaweg 165,
1043 BW Amsterdam,
The Neteherlands.

Phone : (31 20) 572 2100
Fax : (31 20) 572 2610

Dear Sirs,

Re : Fairfield Sentry Limited

## **Attestation Letter**

We, Korea Exchange Bank as Trustee of the fund stated below, which is approved and
registered by Financial Supervisory Service of Korea as contractual unit trust that may
invest in offshore funds outside Korea.

| Name of fund | TAMS Rainbow Trust III |
| Trustee | Korea Exchange Bank |
| Investment Manager | Korea Investment Trust Management Company |

Yours faithfully,

Name: Ki Uk. O
Title: Senior Manager of Securities Services Division
        Korea Exchange Bank

4040   Name of Subscriber: _Korea Exchange Bank as FAMS Rainbow Trust III_

Amount of Subscription: $ _6,000,000_

## SUBSCRIPTION AGREEMENT

### (NON-UNITED STATES OF AMERICA SUBSCRIBERS ONLY)

### FAIRFIELD SENTRY LIMITED

Fairfield Sentry Limited
c/o Citco Fund Services (Europe) B.V.
Telestone 8 - Teleport
Naritaweg 165
1043 BW Amsterdam
The Netherlands
Telephone: (31-20) 572-2100
Facsimile: (31-20) 572-2610

Dear Sirs:

1.    Subscription. The undersigned ("Subscriber") hereby subscribes for voting, participating shares, each with a par value U.S. $0.01 per share (the "Shares") of Fairfield Sentry Limited (the "Fund"), an international business company organized under the laws of the Territory of the British Virgin Islands ("BVI"). The Shares will be offered at the net asset value ("Net Asset Value") per Share as of the opening of business on the effective date of purchase. The Shares have identical rights and privileges in all respects (including the right to one vote per Share). All capitalized terms used in this Subscription Agreement (the "Agreement") that are not defined herein have the meanings set forth in the Fund's Confidential Private Placement Memorandum dated October 1, 2004 (as amended from time to time, the "Memorandum"). Subscriber subscribes for that number of Shares that can be purchased for the subscription amount above. Subscriber subscribes for the Shares pursuant to the terms herein, the Memorandum, and the Fund's Memorandum of Association and Articles of Association (collectively, the "Fund Documents"). All references herein to "dollars" or "$" are to U.S. dollars.

2.    Acceptance or Rejection. If the Fund accepts this subscription, Subscriber shall become a shareholder of the Fund and be bound by the Fund Documents. The minimum initial subscription is $100,000. The Board of Directors, in consultation with Fairfield Greenwich (Bermuda) Ltd. (the "Investment Manager"), may reject a subscription for any reason or no reason. Subscriptions shall become irrevocable to the subscriber on the third to the last business day of the month in which such subscription is received by the Fund. If rejected, the Fund shall promptly return the subscription funds, with any interest actually earned thereon, and this Agreement shall be void.

3.    Payment of Subscription Funds. Subscription funds should be wired to the Fund at the following account, concurrently with the delivery of this Agreement to the Fund. In order to comply with anti-money laundering regulations applicable to the Fund and Citco Fund Services (Europe) B.V. (the "Administrator"), the sample bank letter attached hereto as Schedule A MUST be completed by the financial institution which will be remitting the subscription moneys on behalf of the subscriber.

1

***Intermediary Bank - Field 56***
HSBC Bank, New York
BIC: MRMDUS33
Fed Wire: ▮▮▮▮▮▮▮

***Account with Institution - Field 57***
Account Name: Citco Bank Nederland N.V. Dublin Branch
Account Number ▮▮▮▮▮▮
BIC: CITCIE2D

***Beneficiary Customer - Field 59***
Beneficiary Account Name: Fairfield Sentry Limited
Beneficiary International Account Number (IBAN):
▮▮▮▮▮▮▮▮▮▮▮▮▮

***Reference – SWIFT Field 70***:  Name and Full Address of Subscriber

4.    Delivery of Subscription Agreement.    Subscriber should fax and mail an executed, completed copy of this Agreement to the Administrator at the above facsimile number and address, with a copy to the Manager at Fairfield Greenwich (Bermuda) Ltd., 12 Church Street, Suite 606, Hamilton, Bermuda, fax (441) 292-5413.

5.    Status Representations.

a.    SEC Regulation S.    Subscriber is not a "U.S. Person" under Regulation S of the U.S. Securities and Exchange Commission (adopted under the U.S. Securities Act of 1933, as amended (the "1933 Act")) because (a) if an individual, Subscriber is not a resident of the United States of America or its territories or possessions (the "U.S.") or "resident alien" as defined under the U.S. income tax laws, and (b) if an entity, Subscriber is not any of the following: (i) a partnership or corporation organized or incorporated under U.S. law; (ii) an estate of which any executor or administrator is a U.S. Person; (iii) a trust of which a trustee is a U.S. Person; (iv) any agency or branch of a foreign entity located in the U.S.; (v) a partnership or corporation organized under non-U.S. law but formed by a U.S. Person principally for the purpose of investing in securities not registered under the 1933 Act (unless organized and incorporated, and owned, by accredited investors as defined in Rule 501 under the 1933 Act who are not natural persons, estates or trusts); (vi) a non-discretionary or similar account (other than an estate or trust) held by a dealer or other fiduciary for a U.S. Person; or (vii) a discretionary or similar account (other than an estate or trust) held by a dealer or other fiduciary organized, incorporated or (if an individual) resident in the U.S.

Subscriber acknowledges that, except with the consent of the Fund, the Shares may not be owned by a U.S. Person, that the Shares will not at any time be held for the account or benefit, directly or indirectly, of any U.S. Person, and that, except with the consent of the Fund, the Subscriber will not resell, reoffer or transfer any Shares or any interest therein to any person, including a U.S. Person or any non-U.S. Person subject to the above restrictions.  Subscriber acknowledges that reoffers, resales or any transfer of the Shares is subject to the limitations imposed by the Fund's Articles of Association and may be made only in compliance with applicable securities laws and only with the prior written consent of the Board of Directors which may, in its sole discretion, decline to issue any Shares to, or register Shares in the name of, any person, and the Subscriber will not transfer any of its Shares except on the books of the Fund and acknowledges that the Shares shall be transferable only to investors who are eligible to purchase Shares in

2

the Fund as described above and in the Memorandum. Subscriber understands that the Fund may compulsorily repurchase such Shares in accordance with the Fund Documents.

      b.      <u>CFTC Regulations</u>. Subscriber is not a "U.S. Person" under Regulation 4.7 of the U.S. Commodity Futures Trading Commission (adopted under the U.S. Commodity and Exchange Act of 1974, as amended) ("Rule 4.7") because (a) if an individual, Subscriber is not a resident of the U.S., and (b) if an entity, Subscriber is not (i) a partnership, corporation or other entity (other than an entity organized principally for passive investment) organized under U.S. law or with its principal place of business in the U.S.; (ii) an entity (whether organized under U.S. or non-U.S. law) that is organized principally for passive investment and that is beneficially owned 10% or more by U.S. Persons or persons who are not otherwise "qualified eligible persons", as defined in Rule 4.7; (iii) an estate or trust the income of which is subject to U.S. income taxation regardless of source; or (iv) a pension plan for the employees, officers or principals of an entity organized or with its principal place of business in the U.S.

      c.      <u>Professional Investor Status</u>. Subscriber is a "Professional Investor" within the meaning of the BVI Mutual Funds Act of 1996 of the BVI and the Irish Stock Exchange, because Subscriber's net worth (in the case of a natural person, either individually or jointly with spouse) exceeds US$1,000,000 or, (in the case of an institution) $5,000,000, and Subscriber consents to being treated as a Professional Investor for the purpose of investing in the Fund, and Subscriber warrants that he has such knowledge and expertise in financial matters sufficient to evaluate the risks involved in an investment in the Fund, that he is aware of the risks and can bear the loss of the entire investment in the Fund.

      d.      <u>Employee Benefit Plans</u>. Investment in the Fund by "Employee Benefit Plans", as defined under the U.S. Employee Retirement Income Security Act of 1974, as amended ("ERISA"), may be limited to less than 25% of the total capital of the Fund (excluding investments by the Investor). To help determine whether investment by Subscriber is included in the 25% limitation, Subscriber has initialed here (_____) if it is an Employee Benefit Plan (such as a retirement account, corporate pension or profit sharing plan, or governmental retirement plan). If the Subscriber at any time becomes an Employee Benefit Plan, the Subscriber shall forthwith inform this to the Fund.

If the Subscriber is an insurance company investing the assets of its general account in the Fund, less than 25% of the Subscriber's general account constitutes assets of an Employee Benefit Plan (as determined under Section 401(c) of ERISA). If the Subscriber is such an entity and at any time 25% or more of its general account constitute assets of an Employee Benefit Plan, the Subscriber shall forthwith disclose to the Fund the amount of Employee Benefit Plan assets held in its general account. By signing this Subscription Agreement, the Subscriber expressly acknowledges that the Fund may require that the Subscriber redeem its Shares and withdraw from the Fund if 25% or more of the Subscriber's general account constitutes assets of an Employee Benefit Plan.

      6.      <u>Related Professionals</u>.
            (Subscriptions cannot be accepted if this section is not completed)

Please indicate the name of the person at the Fairfield Greenwich Group with whom this subscription is associated.
Name: _____

Please indicate the name, if applicable, of the person and/or entity who acts as an advisor with respect to this subscription.

Name of Advisor: _____

3

Name of Advisor's firm or organization:

_____

Not Applicable: _____

    7.    Receipt of Fund Documents and Other Documents. Subscriber has received and read a copy of the Memorandum. Subscriber acknowledges that in making a decision to subscribe for Shares, Subscriber has relied solely upon the Fund Documents and independent investigations made by Subscriber and has not relied on any representation inconsistent with the information in the Fund Documents. Subscriber is not relying on the Fund, the Fund's Board of Directors, administrator, the Investment Manager, or any other person or entity with respect to the legal, tax and other economic considerations involved in this investment other than the Subscriber's own advisers. The Subscriber's investment in the Shares is consistent with the investment purposes, objectives and cash flow requirements of the Subscriber and will not adversely affect the Subscriber's overall need for diversification and liquidity.

    8.    Subscriber Sophistication and Financial Condition. Subscriber has such knowledge and experience in financial and business matters that it is capable of evaluating the risks of this investment. Subscriber has obtained sufficient information from the Fund or its authorized representatives to evaluate such risks and has consulted with the Subscriber's own advisors and is fully informed as to the legal and tax requirements within the Subscriber's own country (countries) regarding a purchase of the Shares. Subscriber is not relying on the Fund or the Board of Directors, or any other person or entity with respect to the legal, tax and other economic considerations involved in this investment other than the Subscriber's own advisers. Subscriber has not relied on any person as a purchaser representative in connection with that evaluation. Subscriber has evaluated the risks of investing in the Fund, understands there are substantial risks of loss incidental to the purchase of Shares and has determined that the Shares are a suitable investment for the Subscriber. Subscriber's investment is consistent with its investment purposes and objectives and cash flow requirements, and will not adversely affect Subscriber's overall need for diversification and liquidity.

Subscriber understands that (a) the Fund's operating history is not a prediction of its future success; (b) no governmental agency has passed upon the Shares or made any findings or determination as to the fairness of this investment; and (c) the representations, warranties, agreements, undertakings and acknowledgments made by the Subscriber in this Agreement will be relied upon by the Fund, the Board of Directors, the Investment Manager and the Administrator in determining the Subscriber's suitability as a purchaser of Shares and the Fund's compliance with various securities laws, and shall survive the Subscriber's becoming a shareholder of the Fund.

All information which the Subscriber has provided to the Fund or the Administrator concerning the Subscriber, the Subscriber's status, financial position and knowledge and experience of financial, tax and business matters, or, in the case of a Subscriber that is an entity, the knowledge and experience of financial, tax and business matters of the person making the investment decision on behalf of such entity, is correct and complete as of the date set forth herein.

The Subscriber irrevocably authorizes the Fund and/or the Administrator to disclose, at any time, any information held by the Fund or the Administrator in relation to the Subscriber or his investment in the Fund to the Investment Manager or any affiliate of the Investment Manager or the Administrator.

9.      Redemptions. Subscriber is aware of the limited provisions for redemptions and has read the section in the Memorandum entitled "Transfers, Redemptions and Termination." Subscriber has no need for liquidity in this investment, can afford a complete loss of the investment in the Shares and can afford to hold the Shares for an indefinite period of time. Subscriber understands that the Fund will generally redeem Shares as of the last day of each month (the "Redemption Date"); provided that the redemption request is received by the Administrator in proper form no later than 5:00 p.m. Amsterdam time on a date that is at least 15 calendar days prior to the Redemption Date.

10.     Valuations. Subscriber understands that the value of its Shares and redemptions thereof, and the performance of the Fund, may be based on unaudited and in some cases, estimated, valuations of the Fund's investments and that any valuation provided in Subscriber's account statement may be an unaudited, estimated value.

11.     Beneficial Owner. Subscriber acknowledges, or if the Subscriber is acting as agent, representative or nominee for a subscriber (a "Beneficial Owner"), the Subscriber has advised the Beneficial Owner that (a) the Investment Manager, on behalf of the Fund, may enter into agreements with placement agents or other sales relationships to market the Fund providing for a payment from the Investment Manager to the particular placement agent for the introduction, out of the fees the Investment Manager receives from the Fund.

12.     Investment Intent. Subscriber is buying the Shares solely for investment purposes and not with a view to distribute, subdivide or resell the Shares.

13.     Subsequent Subscriptions. If Subscriber subscribes for additional Shares at a later date, Subscriber shall be deemed to have re-executed this Agreement in subscribing for those Shares.

14.     Registration of Shares; Certificates. The Shares issued to Subscriber will be registered on the Fund's books in the name of Subscriber and not any nominee. Shares will be issued in registered, book-entry form.

15.     Binding Nature of Agreement. This Agreement shall be binding upon Subscriber and its heirs, representatives, successors and permitted assigns, and shall inure to the benefit of the Fund's successors and assigns. The Agreement shall survive the acceptance of the subscription. If Subscriber consists of more than one person, the Agreement shall be the joint and several obligation of each person.

16.     Governing Law. This Agreement shall be governed and enforced in accordance with the laws of New York, without giving effect to its conflict of laws provisions.

17.     Legal Representation. Subscriber understands that the Law Offices of Andrew E. Goldstein acts as U.S. counsel to the Fund, and as counsel to the Investment Manager and its affiliates. Subscriber also understands that, in connection with this offering of Shares and subsequent advice to the Fund, the Law Offices of Andrew E. Goldstein will not be representing the shareholder, and no independent counsel has been engaged by the Fund to represent the shareholders.

18.     Authority. Subscriber's execution, delivery and performance of this Agreement are within its powers, have been duly authorized and will not constitute or result in a breach or default under or conflict with any order, ruling or regulation of any court or other tribunal or of any governmental commission or agency, or any agreement or other undertaking, to which Subscriber is a party or by which it is bound, and, if Subscriber is not an individual, will not violate any provision of the incorporation papers, by-laws, indenture of trust or partnership agreement, as may be applicable, of the Subscriber. The signature on this Agreement is genuine, and the signatory, if Subscriber is an individual, has legal

competence and capacity to execute the Agreement, or, if Subscriber is not an individual, the signatory has been duly authorized to execute the Agreement, and the Agreement constitutes a legal, valid and binding obligation of Subscriber, enforceable in accordance with its terms.

19.    New York Courts. Subscriber agrees that any suit, action or proceeding ("Proceeding") with respect to this Agreement and the Fund may be brought in New York.  Subscriber irrevocably submits to the jurisdiction of theNew York courts with respect to any Proceeding and consents that service of process as provided by New York law may be made upon Subscriber in such Proceeding, and may not claim that a Proceeding has been brought in an inconvenient forum.  Subscriber consents to the service of process out of any New York court in any such Proceeding by the mailing of copies thereof, by certified or registered mail, return receipt requested, addressed to Subscriber at the address of Subscriber then appearing on the Fund's records.  Nothing herein shall affect the Fund's right to commence any Proceeding or otherwise to proceed against Subscriber in any other jurisdiction or to serve process upon Subscriber in any manner permitted by any applicable law in any relevant jurisdiction.

20.    Office of Foreign Assets Control. (A)    Subscriber understands and agrees that the Fund prohibits the investment of funds by any persons or entities that are acting, directly or indirectly, (i) in contravention of any applicable laws and regulations, including anti-money laundering regulations or conventions, (ii) on behalf of terrorists or terrorist organizations, including those persons or entities that are included on the List of Specially Designated Nationals and Blocked Persons maintained by the U.S. Treasury Department's Office of Foreign Assets Control[1] ("OFAC"), as such list may be amended from time to time, (iii) for a senior foreign political figure, any member of a senior foreign political figure's immediate family or any close associate of a senior foreign political figure[2], unless the Fund, after being specifically notified by Subscriber in writing that it is such a person, conducts further due diligence, and determines that such investment shall be permitted, or (iv) for a foreign shell bank[3] (such persons or entities in (i) – (iv) are collectively referred to as "Prohibited Persons").

(B)    Subscriber represents, warrants and covenants that: (i) it is not, nor is any person or entity controlling, controlled by or under common control with Subscriber, a Prohibited Person, and (ii) to the extent Subscriber has any beneficial owners[4] or is acting as agent or nominee in connection with this investment, (a) it has carried out thorough due diligence to establish the identities of such

---

[1]    The OFAC list may be accessed on the web at http://www.treas.gov/ofac.

[2]    Senior foreign political figure means a senior official in the executive, legislative, administrative, military or judicial branches of a foreign government (whether elected or not), a senior official of a major foreign political party, or a senior executive of a foreign government-owned corporation.  In addition, a senior foreign political figure includes any corporation, business or other entity that has been formed by, or for the benefit of, a senior foreign political figure.  The immediate family of a senior foreign political figure typically includes the political figure's parents, siblings, spouse, children and in-laws.  A close associate of a senior foreign political figure is a person who is widely and publicly known internationally to maintain an unusually close relationship with the senior foreign political figure, and includes a person who is in a position to conduct substantial domestic and international financial transactions on behalf of the senior foreign political figure.

[3]    Foreign shell bank means a foreign bank without a physical presence in any country, but does not include a regulated affiliate.  A post office box or electronic address would not be considered a physical presence.  A regulated affiliate means a foreign shell bank that: (1) is an affiliate of a depository institution, credit union, or foreign bank that maintains a physical presence in the United States or a foreign country, as applicable; and (2) is subject to supervision by a banking authority in the country regulating such affiliated depository institution, credit union, or foreign bank.

[4]    Beneficial owners will include, but shall not be limited to: (i) shareholders of a corporation; (ii) partners of a partnership; (iii) members of a limited liability company; (iv) investors in a fund of funds; (v) the grantor of a revocable or grantor trust (vi) the beneficiaries of an irrevocable trust; (vii) the individual who established an IRA; (viii) the participant in a self-directed pension plan; (ix) the sponsor of any other pension plan; and (x) any person being represented by the Subscriber in an agent, representative, intermediary, nominee or similar capacity.  If the beneficial owner is itself an entity, the information and representations set forth herein must also be given with respect to its individual beneficial owners.  If Subscriber is a publicly-traded company, it need not conduct due diligence as to its beneficial owners.

beneficial owners, (b) based on such due diligence, Subscriber reasonably believes that no such beneficial owners are Prohibited Persons, (c) it holds the evidence of such identities and status and will maintain all such evidence for at least five years from the date of Subscriber's complete redemption from the Fund, and (d) it will make available such information and any additional information requested by the Fund that is required under applicable regulations.

(C)     If any of the foregoing representations, warranties or covenants ceases to be true or if the Fund no longer reasonably believes that it has satisfactory evidence as to their truth, notwithstanding any other agreement to the contrary, the Fund may, in accordance with applicable regulations, freeze Subscriber's investment, either by prohibiting additional investments, declining or suspending any redemption requests and/or segregating the assets constituting the investment, or Subscriber's investment may immediately be redeemed by the Fund, and the Fund may also be required to report such action and to disclose Subscriber's identity to OFAC or other authority. In the event that the Fund is required to take any of the foregoing actions, Subscriber understands and agrees that it shall have no claim against the Fund, the Investment Manager, the Administrator, and their respective affiliates, directors, members, partners, shareholders, officers, employees and agents for any form of damages as a result of any of the aforementioned actions.

(D)     Subscriber understands and agrees that any redemption proceeds paid to it will be paid to the same account from which Subscriber's investment in the Fund was originally remitted, unless the Fund, in its sole discretion, agrees otherwise.

(E)     If any of the foregoing representations cease to be true, Subscriber will promptly notify the Fund of the facts pertaining to such changed circumstances.

21.     Anti-Money Laundering. Subscriber represents that the subscription funds are not the direct or indirect proceeds of drug trafficking or other such criminal conduct or activity. Subscriber understands that, as part of the responsibility of the Fund and Administrator for protection against money laundering, the Administrator may require a detailed verification of Subscriber's identity. Depending on the circumstances of each application, a detailed verification might not be required where Subscriber makes the payment from an account held in Subscriber's name at a recognized financial institution; or the application is made through a recognized intermediary. These exceptions will only apply if the financial institution or intermediary referred to above is within a country recognized as having sufficient anti-money laundering regulations. For example, an individual may be required to produce a copy of a passport or identification card duly certified by a notary public, together with evidence of his/her address such as a utility bill or bank statement and date of birth. In the case of entity subscribers, this may require production of a certified copy of the certificate of incorporation (and any change of name), memorandum and articles of association (or the equivalent), and the names, occupations, dates of birth and residential and business addresses of all directors. The Administrator and the Fund reserve the right to request such information as is necessary to verify the identity of Subscriber. In the event of delay or failure by Subscriber to produce any information required for verification purposes, the Administrator may refuse to accept the subscription and the subscription monies relating thereto or in the case where the Shares have already been issued, the Subscriber acknowledges and agrees that it will not be able to redeem any Shares so issued until proper identification information has been provided. Subscriber further agrees that the Fund and any other service provider shall be held harmless and indemnified against any loss arising as a result of a failure to process the subscription or redemption or Subscriber's rejection if such information as has been required by the parties referred to has not been provided by Subscriber.

7

22.    Confidentiality.   The Fund may disclose the information about Subscriber that is contained herein as the Fund deems necessary to comply with applicable law or as required in any suit, action, or proceeding.

23.    Indemnification.   Subscriber agrees to indemnify and hold harmless the Fund and any of its service providers, and any partner, manager, officer, director, shareholder, agent, employee or affiliate thereof, against any loss, liability or expense relating to (a) any misrepresentation or breach of covenant by Subscriber herein or in any other document furnished by Subscriber in connection with its subscription or (b) any action for securities law violations instituted by Subscriber which is finally resolved by judgment against Subscriber.

Subscriber acknowledges that each director and officer of the Fund is entitled to be indemnified out of the assets of the Fund against all costs, losses or expenses arising from mistakes of judgement or any action or inaction that the person reasonably believed to be within the scope of the authority granted to him, provided that such actions or inactions did not constitute gross negligence, willful misconduct or breach of fiduciary duty.

24.    Enforceability.   If any provision hereof is invalid or unenforceable under any applicable law, it shall be deemed inoperable to that extent (and modified to the extent necessary to comply with that law) and its invalidity or unenforceability shall not affect any other provision hereof.

25.    Currencies.   If Subscriber subscribes in a currency other than U.S. Dollars, Subscriber agrees that the Fund may sell such subscription funds at the market rate for that currency and that the Shares will be issued to the value of the proceeds, minus the reasonable costs relating to the sale.

26.    Appointment of Revocable Proxy.   Subscriber hereby designates and appoints the Administrator, with full power of substitution, as its true and lawful proxy and attorney-in-fact for the purpose of voting the Shares subscribed for herein or otherwise acquired as said proxy may determine on any and all matters which may arise at any meeting of shareholders and upon which such Shares could be voted by shareholders present in person at that meeting.  This proxy may be revoked by the owner of record of the Shares hereby subscribed for, either personally or by presentation of a subsequently executed proxy at any meeting of Shareholders, or by written notice to the Administrator at the above address (or such other address as the Fund or the Administrator shall furnish in writing to a shareholder) received before the meeting.

27.    If Subscriber is acting as a Representative.   If Subscriber is subscribing as trustee, agent, representative, or nominee for another person (the "Beneficial Shareholder"), Subscriber agrees that the representations and agreements herein are made by Subscriber with respect to itself and the Beneficial Shareholder.  Subscriber has all requisite authority from the Beneficial Shareholder to execute and perform the obligations hereunder.  Subscriber also agrees to indemnify the Fund, the Investment Manager and the Administrator and their respective directors, members, partners, officers and agents for any and all costs, fees and expenses (including legal fees and disbursements, fines and amounts paid in settlement) in connection with any damages resulting from Subscriber's misrepresentation or misstatement contained herein, or the assertion of Subscriber's lack of proper authorization from the Beneficial Shareholder to enter into this Agreement or perform the obligations hereof.

If the Subscriber enters into a swap, structured note or other derivative instrument, the return from which is based in whole or in part on the return of the Fund (the "Swap") with a third party (a "Third Party"), the Subscriber represents and warrants that with respect to a Third Party entering into a Swap:  (a) the Third Party is authorized under its constitutional documents (e.g., certificate of incorporation, by-laws,

8

partnership agreement or trust agreement) and applicable law to enter into the Swap and would also be so authorized to invest directly into the Fund; (b) the Third Party has received and reviewed a copy of the Memorandum and the Agreement; (c) the Third Party acknowledges that the Fund and its affiliates are not responsible for the legality, suitability or tax consequences of the Swap and that the Subscriber is not an agent of the Fund; and (d) the Third Party is an "eligible swap participant" and a "qualified eligible person" under Commodity Futures Trading Commission rules, and an "accredited investor" under Regulation D promulgated under the 1933 Act and a "qualified purchaser" under the Investment Company Act of 1940. Subscriber also agrees to indemnify the Fund, the Investment Manager and their respective officers and agents for any and all costs, fees and expenses (including legal fees and disbursements, fines, and amounts paid in settlement) in connection with any damages resulting from the Subscriber's misrepresentation or misstatement contained herein. Nothing herein constitutes an agreement or statement by the Fund as to the legality of a Swap or the suitability of a Swap for the Third Party.

28.    Country-Specific Disclosures.  Subscriber has reviewed the country-specific disclosures in the Memorandum.

29.    Additional Information.  The Fund may request from the Subscriber such additional information as it may deem necessary to evaluate the eligibility of the Subscriber to acquire Shares, and may request from time to time such information as it may deem necessary to determine the eligibility of the Subscriber to hold Shares or to enable the Fund to determine its compliance with applicable regulatory requirements or its tax status, and the Subscriber agrees to provide such information as may reasonably be requested.

Subscriber agrees to notify the Fund promptly if there is any change with respect to any of the information or representations made herein and to provide the Fund with such further information as the Fund may reasonably require.

This Agreement may be executed through the use of separate signature pages or in any number of counterparts. Each counterpart shall, for all purposes, constitute one agreement binding on all the parties, notwithstanding that all parties do not execute the same counterpart.

30.    Subscriber Information and Execution.

a.    Amount of Subscription.  U.S. $ _____.

b.    Registration of Shares.  The Shares issued to Subscriber are to be registered in the Fund's books in the name of (insert name and address):

_Korea Exchange Bank as Trustee of TAMS Rainbow Trust II_

_____

9

c.    _Written Communications_.    All written communications from the Fund to Subscriber should be sent to Subscriber at the following address (insert address):

_[handwritten]_

d.    _Telephone, Fax and Email_.  Telephone: _[handwritten]_

Fax: _[handwritten]_    Email: _[handwritten]_

e.    _Domicile, Etc_.    Subscriber, if an individual, is a citizen of _____

_____ and a resident of _____.  Subscriber, if an entity, is

organized under the laws of _____ _korea_ _____ and has its principal place of business in

_Seoul, korea._

f.    _Authorized Persons (for Subscribers that are not corporate entities)_.  The names of the persons authorized by Subscriber to give and receive instructions between the Fund and Subscriber, together with their signatures, are set forth below.  Such persons are the only persons so authorized by Subscriber until further notice to the Fund by any one of such persons:

| Print Name | Signature |
|---|---|
| 1. _[handwritten]_ | _[handwritten]_ |
| 2. _[handwritten]_ | _[handwritten]_ |
| 3. | |
| 4. | |
| 5. | |
| 6. | |
| 7. | |
| 8. | |
| 9. | |
| 10. | |

The Administrator and the Fund are each hereby authorized and instructed to accept and execute any instructions in respect of the Shares to which this Agreement relates given by Subscriber in written form or by facsimile.  If instructions are given by Subscriber by facsimile, Subscriber undertakes to send the original letter of instructions to the Administrator and the Fund, and Subscriber agrees to keep each of them indemnified against any loss of any nature whatsoever arising as to any of them as a result of any of them acting upon facsimile instructions.  The Administrator and the Fund may rely conclusively upon and shall incur no liability in respect of any action taken upon any notice, consent, request, instructions or other instrument believed in good faith to be genuine or to be signed by properly authorized persons.

For corporate entities, please provide an authorized signatory list which must include the name(s) and specimen signature(s) of the person(s) who are authorized by Subscriber to give and receive instructions between the Fund and Subscriber.

10

g.  <u>Redemption Payments</u>.  Until further notice from Subscriber to the Fund, signed by any authorized person listed above, redemption or other payments by the Fund to Subscriber should be wired only to Subscriber and only as follows (please print or type):

Bank name: _Deutsche Bank Trust co., America, _____

Bank address: _New York_

ABA/ CHIPS/ BIC Codes: _SWIFT ADDRESS_

Account name: _Korea Exchange Bank Seoul_

Account number: _███████████_

For further credit: _Securities Services Division_

h.  <u>Financial Institution Wiring/Paying Subscription Monies</u>.

Name: _Korea Exchange Bank Seoul_

Address: _81, 2-Ka, Eulji-ro, Choong-ku, Seoul, Korea_

Name of account at financial institution being debited for subscription payment: _Korea Exchange Bank_

Number of such account: _N/A_

i.  <u>Execution</u>.  In witness whereof, Subscriber has executed this Agreement on the date set forth below:

Date: _November 24_ , 200_

<u>For individuals</u>

Print name: _____

Signature: _____

<u>For entities</u>

Print name: _Korea Exchange Bank_

Print name of authorized signatory: _KI UK O_

Print title of authorized signatory: _Senior Manager_

Signature: _____

11

## SCHEDULE A

PLEASE GIVE THIS LETTER TO YOUR FINANCIAL INSTITUTION AND HAVE THEM RETURN IT TO THE ADMINISTRATOR AT THE SAME TIME THAT THE SUBSCRIPTION MONIES ARE WIRED.

### SAMPLE LETTER

[to be placed on letterhead of the financial institution remitting payment]

Date

**Via mail and facsimile:** (31-20) 572-2610
Fairfield Sentry Limited
Citco Fund Services (Europe) B.V.
Telestone 8 - Teleport
Naritaweg 165
1043 BW Amsterdam
The Netherlands

Dear Sirs

<u>RE:</u>    **FAIRFIELD SENTRY LIMITED (the "Fund")**

1.    Name of Remitting Financial Institution:
2.    Address of Remitting Financial Institution:
3.    Name of Customer:
4.    Address of Customer:
5.    We have credited your account at [Bank], Account Number [number] for [amount] by order of [subscriber] on [date].

The above information is given in strictest confidence for your own use only and without any guarantee, responsibility or liability on the part of this institution or its officials.

Yours faithfully,

Signed:          _____

Full Name:     _____

Position:         _____

**For additional information, please contact the Administrator at Citco Fund Services (Europe) B.V., Telestone 8 – Teleport, Naritaweg 165, 1043 BW Amsterdam, The Netherlands, Telephone: (31-20) 572-2100, Facsimile: (31-20) 572-2610.**



**CITCO**

*Citco Fund Services*
*(Europe) B.V.*

#4402

## Confirmation of Order Received

KOREA EXCHANGE BANK
SECURITIES SERVICE DIVISION
CHUNG-KU SEOUL 100-7939
CHUNG-KU SEOUL 100-793
KOREA

| | |
|---|---|
| Date | : Nov-27-2006 |
| Fund ID | ▓▓▓ |
| Holder ID | ▓▓▓▓ |
| Account ID | ▓▓▓▓ |
| Order No. | : 22074701 |
| Email | : KEB2903@KEB.CO.KR |
| FAX Number | : 00822 776 9307 |

SECURITIES SERVICE DIVISION
Account: KOREA EXCHANGE BANK AS TAMS RAINBOW TRUST III

### FAIRFIELD SENTRY LIMITED

We confirm receipt of your instruction to SUBSCRIBE to
FAIRFIELD SENTRY LIMITED at the next dealing date

| | | |
|---|---|---|
| Trade Date | | Dec-01-2006 |
| Settlement Date | | Nov-28-2006 |
| Valuation/NAV Date | | Nov-30-2006 |
| Type of transaction | | Subscription |
| Amount | USD | 6,000,000.00 |

| | |
|---|---|
| Bank Name: | HSBC BANK USA |
| Bank Address 1: | NEW YORK |
| Bank Address 2: | USA |
| ABA Ref.: | 021001088 |
| SWIFT Ref.: | MRMDUS33 |
| Further Cr. Num: | ▓▓▓ |
| Further Cr. Name: | CITCO BANK NEDERLAND NV DUBLIN BRANCH |
| Further Cr. SWIFT Ref.: | |
| Beneficiary Acct No: | ▓▓▓ |
| Beneficiary Name: | FAIRFIELD SENTRY LIMITED |

**Note 1: == PLEASE PAY AT THE LATEST ON 11-28-2006 ==**
For more information or any inquiries, please contact Citco Investor Relations Group
Tel: (31-20) 572 2850 Fax: (31-20) 572 2610 E-mail: amsterdamweb@citco.com

*Citco Building*          *www.citco.com*          *Phone: (31-20) 5722100*
*Telestone - Teleport*                              *Fax:   (31-20) 5722610*
*Naritaweg 165*                                     *Chamber of Commerce 33253773*
*1043 BW Amsterdam*
*The Netherlands*

### CITCO
*Citco Fund Services*
*(Europe) B.V.*

## Confirmation of Cash Received

|  |  |
|---|---|
| KOREA EXCHANGE BANK | Date : Dec-07-2006 |
| SECURITIES SERVICE DIVISION | Fund Id : ███ |
| CHUNG-KU SEOUL 100-7939 | Holder Id : ███ |
| CHUNG-KU SEOUL 100-793 | Account Id : ███ |
| KOREA | CFI Cash Id : 38945002 |
|  | Order Id : 22074702 |

FAX Number : 00822 776 9307

SECURITIES SERVICE DIVISION     Email: KEB2903@KEB.CO.KR
Account name: KOREA EXCHANGE BANK AS TAMS RAINBOW TRUST III

### FAIRFIELD SENTRY LIMITED

We confirm the following receipt in respect of:
FAIRFIELD SENTRY LIMITED

| Date Received | Nov-27-2006 |
|---|---|
| Amount Received | USD     6,000,000.00 |

The above funds were received by the following account:

| | |
|---|---|
| Bank Name: | HSBC BANK USA |
| Bank Address 1: | NEW YORK |
| Bank Address 2: | USA |
| ABA Ref.: | 021001088 |
| SWIFT Ref.: | MRMDUS33 |
| Further Cr. Num: | ███ |
| Further Cr. Name: | CITCO BANK NEDERLAND NV DUBLIN BRANCH |
| Further Cr. SWIFT Ref.: | |
| Beneficiary Acct No: | ███ |
| Beneficiary Name: | FAIRFIELD SENTRY LIMITED |

Note : 331085490
Upon finalization of the NAV the trade confirmation will be forwarded to you.

For more information or any inquiries, please contact Citco Investor Relations Group
Tel: (31-20) 572 2850 Fax: (31-20) 572 2610

*Citco Building*
*Telestone - Teleport*
*Naritaweg 165*
*1043 BW Amsterdam*
*The Netherlands*

*www.citco.com*

*Phone: (31-20) 5722100*
*Fax:   (31-20) 5722610*
*Chamber of Commerce 33253773*

#4402

## CITCO
### Citco Fund Services
### (Europe) B.V.

KOREA EXCHANGE BANK
SECURITIES SERVICE DIVISION
CHUNG-KU SEOUL 100-7939
CHUNG-KU SEOUL 100-793
KOREA

Fund ID      : ▄▄▄
Holder ID    ▄▄▄▄▄▄
Account ID  : ▄▄▄▄
Contract No. : 57844902
Date         : Dec-13-2006
Order No.   : 22074702
FAX Number : 00822 776 9307
Email        : KEB2903@KEB.CO.KR

SECURITIES SERVICE DIVISION
Account name: KOREA EXCHANGE BANK AS TAMS RAINBOW TRUST III

### FAIRFIELD SENTRY LIMITED

In accordance with your instructions we confirm having ISSUED the following voting shares in FAIRFIELD
SENTRY LIMITED

| | | |
|---|---|---|
| Valuation/NAV Date | | Nov-30-2006 |
| Trade Date | | Dec-01-2006 |
| Value/Cash Date | | Nov-27-2006 |
| Total Consideration | USD | 6,000,000.00 |
| Net Proceeds | USD | 6,000,000.00 |
| Subscription Price | | 1,193.0482 |
| No. of voting shares Issued | | 5,029.13 |
| Total Consideration Received to Date | USD | 6,000,000.00 |

Your balance following this transaction will be 5,029.13 voting shares.

For more information or any inquiries, please contact Citco Investor Relations Group
Tel: (31-20) 572 2850 Fax: (31-20) 572 2610 E-mail: amsterdamweb@citco.com

*Citco Building*
*Telestone - Teleport*
*Naritaweg 165*
*1043 BW Amsterdam*
*The Netherlands*

*www.citco.com*

*Phone: (31-20) 5722100*
*Fax:  (31-20) 5722610*
*Chamber of Commerce 33253773*



181, 2ka, Euljiro, Chung-ku, Seoul (100-793), Republic of Korea
Tel (82 2) 729 0623, Fax (82 2) 776 9307, keb2903@keb.co.kr

November 10, 2008

Fairfield Sentry Limited
**Citco Fund Services (Europe) B.V.,**
Telestone 8- Teleport
Naritaweg 165,
1043 BW Amsterdam
The Netherlands

Telephone: 31 20 572 2850
Facsimile: 31 20 572 2610

## RE: Redemption to Fairfield Sentry Limited

- Type of Order : Redemption
- Redeeming Fund: Fairfield Sentry Limited
- Account Name : Korea Exchange Bank as Trustee of TAMS Rainbow Trust III
- Account ID: ▮▮▮▮▮    Fund ID▮▮▮
- Redemption Shares : **4,920 shrs.-**

The cash proceeds of the redemption should be paid and forwarded to the Shareholder
as follows :

Bank Name : Deutsche Bank Trust Co., Americas, New York
SWIFT & ABA No : BKTRUS33 & 021 001 033
Account Name : Korea Exchange Bank, Seoul (KOEXKRSE)
Account Number : ▮▮▮▮▮▮

Should you have any queries, please feel free to contact me at Tel (+82 2) 729 0623,
Fax (+822) 776 9307 or e-mail **keb2903@keb.co.kr**

Yours faithfully,

Name: Ki Soo, Jung
Title: Senior Manager of Securities Services Div
        Korea Exchange Bank

4040                     REDEMPTION REQUEST FORM
                              INSTRUCTIONS

This form should be saved and may be used by a shareholder wishing to redeem shares in the Fund.
Redeeming shareholders should complete and return this form, including the information on page RR-3.

> FAIRFIELD SENTRY LIMITED
> c/o Citco Fund Services (Europe) B.V.
> Telestone 8 – Teleport
> Naritaweg 165
> 1043 BW Amsterdam
> The Netherlands
> Telephone: (31-20) 572-2100
> Fax: (31-20) 572-2610
> Dated (month, day, year): _Nov, 10 th, 2008_

Dear Sirs:

I hereby request redemption, as defined in and subject to all of the terms and conditions
of the Confidential Private Placement Memorandum, as it may be amended from time to time (the
"Memorandum"), of Fairfield Sentry Limited (the "Fund"), of _4,920_ shares, (the "Shares") representing
[part/all] of my Shares in the Fund. I understand that redemption will only be effective as of the close of
business on the last day of any calendar month, upon at least fifteen (15) calendar days' prior written
notice. Except as otherwise provided in the Memorandum, payment of the redemption proceeds will be
made within thirty (30) days after the effective date of redemption.

I hereby represent and warrant that (i) I am the true, lawful and beneficial owner of the
Shares of the Fund to which this Request relates, with full power and authority to request redemption of
such Shares; and (ii) I am not a "U.S. Person" (as that term is defined in the Memorandum). These Shares
are not subject to any pledge or otherwise encumbered in any fashion. My signature has been guaranteed
by a commercial bank acceptable to the Fund.

**Wire Transfer Instructions (to be completed by redeeming shareholder):**

_Deutsche Bank Trust Co, Americas, New York_
Bank Name

_New York, USA_
Bank Address

_BKTRUS33_
ABA /CHIPS/ BIC Codes

_Korea Exchange Bank, Seoul (KOEXKRSZ)_
Account Name

Account Number

RR-1

**SIGNATURES MUST BE IDENTICAL TO NAME(S) IN WHICH SHARES ARE REGISTERED**

| ENTITY SHAREHOLDER (OR ASSIGNEE) | INDIVIDUAL SHAREHOLDER(S) PARTNERSHIP, CORPORATION (OR ASSIGNEE) OR TRUST |
|---|---|

*Korea Exchange Bank as Trustee*
*of TAMS Rainbow Trust VII*
_____
Name of Registered Owner of Shares

_____
Name of Subscriber

*181, 2Ka, Euljiro, Chung-Ku*
*Seoul, Korea*
_____
Address

_____
Address

*(signature)*
_____
Signature (of individual or assignee)

_____
Signature (of partner, authorized corporate officer or trustee)

*Ki Soo, Jung / Senior Manager*
_____
Name and Title

_____
Please Print Name and Title

*Nov 10th 2008*
_____
Date

_____
Date


_____
Signature (of individual or assignee)

_____
Signature (of partner, authorized corporate officer or trustee)

_____
Name and Title

_____
Please Print Name and Title

_____
Date

_____
Date

_____
Signatures guaranteed by:

RR-2





# CITCO
## Citco Fund Services
### (Europe) B.V.

## Confirmation of Order Received

KOREA EXCHANGE BANK
SECURITIES SERVICE DIVISION
CHUNG-KU SEOUL 100-7939
CHUNG-KU SEOUL 100-793
KOREA

| | |
|---|---|
| Date | : Nov-12-2008 |
| Fund ID | : |
| Holder ID | : |
| Account ID | : |
| Order No. | : 3417517 |
| Email | : KEB2903@KEB.CO.KR |
| FAX Number | : 00822 776 9307 |

SECURITIES SERVICE DIVISION
Account: KOREA EXCHANGE BANK AS TAMS RAINBOW TRUST III

## FAIRFIELD SENTRY LIMITED

We confirm receipt of your instruction to REDEEM from
FAIRFIELD SENTRY LIMITED at the next dealing date

| | |
|---|---|
| Trade Date | Dec-01-2008 |
| Settlement Date | Dec-31-2008 |
| Valuation/NAV Date | Nov-30-2008 |
| Type of transaction | Redemption |
| Fund Currency | USD |
| voting shares | 4,920.0000 |

| | |
|---|---|
| Bank Name: | DEUTSCHE BANK TRUST CO AMERICAS |
| Bank Address 1: | NEW YORK |
| Bank Address 2: | USA |
| ABA Ref.: | 021001033 |
| SWIFT Ref.: | BKTRUS33 |
| Beneficiary Acct No: | |
| Beneficiary Name: | KOREA EXCHANGE BANK |
| Ben Swift Ref: | |

For more information or any inquiries, please contact Citco Investor Relations Group
Tel: (31-20) 572 2850 Fax: (31-20) 572 2610 E-mail: amsterdamweb@citco.com

*Citco Building*
*Telestone - Teleport*
*Naritaweg 165*
*1043 BW Amsterdam*
*The Netherlands*

*www.citco.com*

*Phone: (31-20) 5722100*
*Fax:   (31-20) 5722610*
*Chamber of Commerce 33205112*

## REDEMPTION INFORMATION

**SHARE REGISTRATION**

Korea Exchange Bank as Trustee
of ~~AMS Agimbow Trust III~~
_____ Name

18l, 2ka, Euljiro , Chung-ku Seoul
Address

Korea
Country of Residence

82 2 776 0623
Telephone

_____
Telephone (Evenings)

82 2 776 9309
Fax

**MAILING (POST) INFORMATION**
(if other than address of registration)

_____
Name

_____
Address

_____
Country of Residence

_____
Telephone

_____
Telephone (Evenings)

_____
Fax

**BANK FOR TRANSFER OF REDEMPTION**

_____
Name

_____
Address

_____
Country of Residence

_____
Telephone

_____
Telephone (Evenings)

_____
Fax

RR-3



181, 2ka, Euljiro, Chung-ku, Seoul (100-793), Republic of Korea
Tel (82 2) 729 0623, Fax (82 2) 776 9307, keb2903@keb.co.kr

December 15, 2008

Fairfield Sentry Limited
Citco Fund Services (Europe) B.V.,
Telestone 8- Teleport
Naritaweg 165,
1043 BW Amsterdam
The Netherlands

Telephone: 31 20 572 2850
Facsimile: 31 20 572 2610

## RE: Redemption to Fairfield Sentry Limited

- Type of Order : Redemption
- Redeeming Fund: Fairfield Sentry Limited
- Account Name : Korea Exchange Bank as Trustee of TAMS Rainbow Trust III
- Account ID: ▮▮▮▮▮        Fund ID: ▮▮▮▮
- Redemption Shares :    **Total shares.-**

The cash proceeds of the redemption should be paid and forwarded to the Shareholder
as follows :

Bank Name : Deutsche Bank Trust Co., Americas, New York
SWIFT & ABA No : BKTRUS33 & 021 001 033
Account Name : Korea Exchange Bank, Seoul (KOEXKRSE)
Account Number : ▮▮▮▮▮▮▮

Should you have any queries, please feel free to contact me at Tel (+82 2) 729 0623,
Fax (+822) 776 9307 or e-mail **keb2903@keb.co.kr**

Yours faithfully,

Name: Ki Soo. Jung
Title: Senior Manager of Securities Services Div
        Korea Exchange Bank

**SIGNATURES MUST BE IDENTICAL TO NAME(S) IN WHICH SHARES ARE REGISTERED**

| ENTITY SHAREHOLDER (OR ASSIGNEE) | INDIVIDUAL SHAREHOLDER(S) PARTNERSHIP, CORPORATION (OR ASSIGNEE) OR TRUST |
|---|---|

Korea _Exchange_ Bank as Trustee
of  TMS Rainbow Trust III
_____
Name of Registered Owner of Shares

181 2ga, Eljing, Chung-gu
Seoul, Korea
_____
Address

_____
Name of Subscriber

_____
Address

_____
Signature (of individual or assignee)

Kim, Jung (Senior Manager)
_____
Name and Title

Dec. 16th, 2008
_____
Date

_____
Signature (of partner, authorized corporate officer or trustee)

_____
Please Print Name and Title

_____
Date

_____
Signature (of individual or assignee)

_____
Name and Title

_____
Date

_____
Signature (of partner, authorized corporate officer or trustee)

_____
Please Print Name and Title

_____
Date

_____
Signatures guaranteed by:

RR-2

4040                         **REDEMPTION REQUEST FORM**
                                     INSTRUCTIONS

This form should be saved and may be used by a shareholder wishing to redeem shares in the Fund.
Redeeming shareholders should complete and return this form, including the information on page RR-3.

> FAIRFIELD SENTRY LIMITED
> c/o Citco Fund Services (Europe) B.V.
> Telestone 8 - Teleport
> Naritaweg 165
> 1043 BW Amsterdam
> The Netherlands
> Telephone: (31-20) 572-2100
> Fax: (31-20) 572-2610
> **Dated (month, day, year):** _Dec , 14 th, 2008_

Dear Sirs:

I hereby request redemption, as defined in and subject to all of the terms and conditions
of the Confidential Private Placement Memorandum, as it may be amended from time to time (the
"Memorandum"), of Fairfield Sentry Limited (the "Fund"), of _25 _ shares, (the "Shares") representing
[part/all] of my Shares in the Fund. I understand that redemption will only be effective as of the close of
business on the last day of any calendar month, upon at least fifteen (15) calendar days' prior written
notice. Except as otherwise provided in the Memorandum, payment of the redemption proceeds will be
made within thirty (30) days after the effective date of redemption.

I hereby represent and warrant that (i) I am the true, lawful and beneficial owner of the
Shares of the Fund to which this Request relates, with full power and authority to request redemption of
such Shares; and (ii) I am not a "U.S. Person" (as that term is defined in the Memorandum). These Shares
are not subject to any pledge or otherwise encumbered in any fashion. My signature has been guaranteed
by a commercial bank acceptable to the Fund.

**Wire Transfer Instructions (to be completed by redeeming shareholder):**

_Deutsche Bank Trust Co., Americas, New York_
Bank Name

_New York , USA_
Bank Address

_BKTRUS33_
ABA /CHIPS/ BIC Codes

_Korea Exchange Bank, Seoul (KOEXKRSE)_
Account Name

██████████████████
Account Number

RR-1

## REDEMPTION INFORMATION

**SHARE REGISTRATION**

Korea Exchange Bank as Trustee
of JMS Rainbow Trust III
_____
Name

181 2-ga Ulljin, Chung-ku. Seoul
_____
Address

Korea
_____
Country of Residence

82 2 729 of 23
_____
Telephone

_____
Telephone (Evenings)

82 2 776 9367
_____
Fax

**MAILING (POST) INFORMATION**
(if other than address of registration)

_____
Name

_____
Address

_____
Country of Residence

_____
Telephone

_____
Telephone (Evenings)

_____
Fax

**BANK FOR TRANSFER OF REDEMPTION**

_____
Name

_____
Address

_____
Country of Residence

_____
Telephone

_____
Telephone (Evenings)

_____
Fax

RR-3



# FedEx

### Express



ORIGIN ID: MQ
BOIES, SCHILLER & FLEXNER LLP
BOIES, SCHILLER & FLEXNER LLP
100 SE 2ND STREET
2800
MIAMI, FL 33131
UNITED STATES US

TO IRVING H. PICARD, ESQ.
CLAIMS PROCESSING CENTER
2100 MCKINNEY AVE
SUITE 800
DALLAS, TX 75201

Ref: 5553.001/KJB

STANDARD OVERNIGHT

TRK# 9598 4674 5472    Form
0201

75201    -TX-US

XH    RBDA

THU
02JUL09
DFW    A1

Deliver By:

BILL SENDER

(888) 727-8695    FedEx
Express

Ship Date: 01JUL09
ActWgt: 1.0 LB MAN
System# 2226577CAFE2360
Account: S 910842021

For FedEx Express® Shipments Only

Align bottom of Peel and Stick Airbill here.