# EXHIBIT 18

DANIEL C. MAROTTA (DM 2581)
**GABOR & MAROTTA LLC**
1878 Victory Boulevard
Staten Island, New York 10314
(718) 390-0555

Attorneys for Stuart Leventhal 2001 Irrevocable Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

――――――――――――――――――――――――x

SECURITIES INVESTOR PROTECTION

      Plaintiff-Applicant,                  Adv. Pro. No. 08-01789 (BRL)

      v.                                SIPA LIQUIDATION

BERNARD L. MADOFF INVESTMENT       (Substantively Consolidated)
SECURITIES LLC,

      Defendant.

――――――――――――――――――――――――x

 In re:

BERNARD L. MADOFF,

      Debtor,

――――――――――――――――――――――――x

IRVING H. PICARD, Trustee for the Liquidation
of Bernard L. Madoff Investment Securities LLC,

      Plaintiff,                   Adv. Pro. No. 10-04492 (BRL)

v.

STUART LEVENTHAL 2001 IRREVOCABLE
TRUST and STUART LEVENTHAL, individually
And in his capacity as trustee of the Stuart
Leventhal 2001 Irrevocable Trust,

                                     **DEFENDANTS' RESPONSE**
                                     **TO PLAINTIFF'S**
                                     **INTERROGATORIES**

      Defendants.

――――――――――――――――――――――――x

Defendants, STUART LEVENTHAL 2001 IRREVOCABLE TRUST and STUART LEVENTHAL, individually, by their attorneys, GABOR & MAROTTA LLC, hereby respond to the Interrogatories of the Plaintiff as follows:

1.      Defendants' response to any request is not an admission or acknowledgment that any document or thing produced is relevant to the subject matter of this action. Defendants do not waive, and hereby expressly reserve, any objection they may have in any subsequent proceeding, or in the trial of this or any other action, with respect to the relevance, competence, materiality or admissibility of any document or think requested or provided.

2.      Defendants object to the Requests to the extent that they seek production of documents and things in the possession, custody, or control of Plaintiff or of third parties. Also note that many responsive documents have been produced through automatic disclosure pursuant to Rule 26 of the Federal Rules of Civil Procedure.

3.      Defendants object to the Requests to the extent that they seek documents and/or information that are not material or necessary to the prosecution or defense of this litigation and are not reasonably calculated to lead to discovery of admissible evidence.

4.      Defendants object to the Requests to the extent they are vague, ambiguous, overly broad, unduly burdensome, oppressive, or seek cumulative or duplicative documents and/or information.

5.      The responses set forth herein are subject to further discovery and investigation by Defendants.  Such discovery and investigation may develop further or different information with respect to certain of the requests, and Defendants fully reserve the right to correct, clarify, amend or supplement their responses to these Requests. Defendants

reserve the right to amend this response should new information or documents be discovered.

## INTERROGATORIES

1. Identify each person who was involved in answering these discovery requests and explain each person's role in answering these discovery requests.

**ANSWER:**

Defendants and their counsel, Daniel C. Marotta and Ilyssa G. Gabor.

2. Provide the official name of SL Trust, the type of entity SL Trust is, the date on which SL Trust was established as that type of entity, the state or country under whose laws SL Trust was formed, the names and addresses of SL Trust's trustees and beneficiaries, the percent of beneficial interest in the Account of each of the beneficiaries, and SL Trust's official address.

**ANSWER:**

The official name of the Stuart Leventhal Trust is "The Stuart Leventhal 2001 Irrevocable Trust". Said entity is an irrevocable trust, which was created on March 29, 2001, under the laws of the state of New York. Stuart Leventhal is the sole Trustee and beneficiary of The Stuart Leventhal Irrevocable Trust, owning a one-hundred (100%) percent beneficial interest in the account. Stuart Leventhal has an address at 110 East 59th Street - 25th Floor, New York, NY 10022.

3. For each BLMIS account in which You hold or have ever held an interest, describe the circumstances of establishing the account.

**ANSWER:**

Account I-CM940-3 was established with a principal balance of $2,691,646, as an initial investment by The Stuart Leventhal 2001 Irrevocable Trust

4. For each Two Year Transfer and/or Six Year Transfer set forth in Exhibit B to the Complaint, identify (a) the reason for such Transfer and (b) all persons or entities that benefitted directly or indirectly by such Transfer.

**ANSWER:**

Each of the alleged transfers was for investment purposes and for working capital by The Stuart Leventhal 2001 Irrevocable Trust.

5. Identify each person with knowledge of any Two Year Transfer and/or Six Year Transfer and the circumstances relating thereto.

**ANSWER:**

Stuart Leventhal, Stanley Berman, and Frank Dipiscali of Bernie Madoff Investment Securities LLC are the only persons with knowledge of any of the alleged Two Year and Six Year Transfers.

6. Identify (a) each Person who ever received funds from Your Account, whether directly or indirectly, (b) the amount of money that each received, and (c) the date(s) that Person received such money.

**ANSWER:**

The Stuart Leventhal 2001 Irrevocable Trust is the sole person who ever received funds from account 1-CM940-3. Stuart Leventhal received the following amounts of money on the following dates:

    a.  $500,000.00 on May 10, 2005
    b.  $100,000.00 on October 31, 2005
    c.  $100,000.00 on December 6, 2005
    d.  $100,000.00 on February 8, 2006
    e.  $100,000.00 on April 6, 2006
    f.  $150,000.00 on September 13, 2006
    g.  $150,000.00 on November 9, 2006
    h.  $150,000.00 on December 11, 2006
    i.  $200,000.00 on April 9, 2007
    j.  $150,000.00 on May 30, 2007
    k.  $100,000.00 on August 15, 2007
    l.  $150,000.00 on October 1, 2007
    m.  $75,000.00 on November 27, 2007
    n.  $60,000.00 on January 2, 2008
    o.  $125,000.00 on January 28, 2008
    p.  $25,000.00 on April 8, 2008
    q.  $35,000.00 on August 11, 2008
    r.  $5,000.00 on December 8, 2008 (check was returned unpaid)

7. Identify all Persons who indirectly benefitted from the Transfers, including but not limited to Persons who received or enjoyed the benefit of anything paid for with any funds that were part of any Transfer, and describe how these Persons so benefitted.

**ANSWER:**

No person indirectly benefitted from the alleged Transfers.

6. To the extent not already provided in the preceding interrogatories, state how You used the money it received in the Transfers.

**ANSWER:**

The money received from the alleged transfers was used for investment purposes and for working capital.

9. Identify each denial of a material allegation and each affirmative defense in Your pleadings and state all facts upon which You base the denial or affirmative defense.

**ANSWER:**

Defendants object to this Interrogatory as overbroad, lacking in specificity, vague and unduly burdensome.

10. For each denial of a material allegation and each affirmative defense You identified in Interrogatory No. 9, state the names, addresses, and telephone numbers of all Persons who have knowledge of the facts upon which You base the denial or affirmative defense.

**ANSWER:**

Defendants object to this Interrogatory as overbroad, lacking in specificity, vague and unduly burdensome.

11. For each denial of a material allegation and each affirmative defense You identified in Interrogatory No. 9, identify all documents and other tangible things which support Your denial or affirmative defense, and state the name, address, and telephone number of the Person who has each Document.

**ANSWER:**

Defendants object to this Interrogatory as overbroad, lacking in specificity, vague and unduly burdensome.

12. Identify the Persons to whom You paid any management and/or performance fees in connection with accounts held with or managed by BLMIS. For each Person so identified, identify on a monthly basis the amount of such fees paid, setting forth separately the amount attributable to management fees and the amount attributable to performance fees.

**ANSWER:**

No Persons were paid any management and/or performance fees in connection with accounts held with or managed by BLMIS.

INDIVIDUAL VERIFICATION

STATE OF NEW YORK          )
                           ) ss.:
COUNTY OF NEW YORK         )

STUART LEVENTHAL, being duly sworn, deposes and says:

1.      I the Defendant in the within action.

2.      That I have read the annexed Responses to Interrogatories and know of the

contents thereof, and the same is true to my knowledge, except those

matters therein which are stated to be alleged on information and belief,

and as to those matters I believe them to be true.

Stuart Leventhal

Sworn to before me this

22  day of February, 2012

NOTARY PUBLIC

DANIEL C. MAROTTA
Notary Public, State of New York
No. 02MA5071948
Qualified in Richmond County
Commission Expires Jan. 21, 2015

6

DANIEL C. MAROTTA (DM 2581)
**GABOR & MAROTTA LLC**
1878 Victory Boulevard
Staten Island, New York 10314
(718) 390-0555

Attorneys for Stuart Leventhal 2001 Irrevocable Trust

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____x
SECURITIES INVESTOR PROTECTION

      Plaintiff-Applicant,                    Adv. Pro. No. 08-01789 (BRL)

     v.                                          SIPA LIQUIDATION

BERNARD L. MADOFF INVESTMENT            (Substantively Consolidated)
SECURITIES LLC,

      Defendant.
_____x
In re:

BERNARD L. MADOFF,

      Debtor,
_____x
IRVING H. PICARD, Trustee for the Liquidation
of Bernard L. Madoff Investment Securities LLC,

      Plaintiff,                              Adv. Pro. No. 10-04492 (BRL)
v.

STUART LEVENTHAL 2001 IRREVOCABLE
TRUST and STUART LEVENTHAL, individually
And in his capacity as trustee of the Stuart
Leventhal 2001 Irrevocable Trust,

                          **DEFENDANT STUART**
                          **LEVENTHAL 2001**
                          **IRREVOCABLE TRUST'S**
                          **RESPONSE TO**
                          **PLAINTIFF'S REQUESTS**
                          **FOR ADMISSIONS**

      Defendants.
_____x

# GENERAL OBJECTIONS

1.      By responding to these Requests for Admission, Defendant does not waive its right to object to the use of the discovery responses at any time or on any ground in this or any other proceeding.  In addition, discovery in this action is still proceeding and, therefore, Defendant reserves the right to amend any response in light of later discovered facts in support of its position at trial.

2.      Defendant objects to these Requests for Admission to the extent they seek information that is neither relevant to the subject matter of the pending action nor appear reasonably calculated to lead to the discovery of admissible evidence.

3.      By responding to these Requests for Admission, Defendant does not in any way adopt Plaintiff's purported definitions of words and phrases contained in Defendants' requests.  Defendant objects to these definitions to the extent they are inconsistent with either (a) the definitions set forth by Defendant in its answers, or (b) the ordinary and customary meaning of such words and phrases.  Similarly, Defendant objects to Defendants' purported definitions to the extent they attempt to impose upon Defendant any obligations broader than, or inconsistent with, applicable discovery rules or common law.

4.      Defendant objects to these Requests for Admission to the extent they seek information protected by the attorney-client privilege, the work product doctrine or any other applicable privilege.  Any inadvertent disclosure of material protected by any such applicable privilege or discovery immunity is not intended to, and should not be construed to constitute a waiver of such privilege or immunity.

5.      Defendant objects to these Requests for Admission insofar as they seek discovery of any material that constitutes the mental impressions, conclusions, opinions or legal theories of Defendant's counsel.

6.      Defendant objects to these Requests for Admission insofar as they seek discovery of opinions of law which are beyond the scope of permissible discovery.

7.      Defendant does not hereby admit, adopt or acquiesce in any factual or legal contention, presumption, assertion or characterization contained in these Requests for Admission.

8.      Defendant objects to these Requests for Admission to the extent they purport to impose obligations beyond those imposed by the New York Rules of Civil Procedure and the Local Rules of this Court.

9.      Defendant objects to these Requests for Admission to the extent they are unreasonably cumulative or duplicative, vague, ambiguous, overly broad, unduly burdensome, or do not specify the information sought with sufficient particularity.

10.     Defendant objects to these Requests for Admission to the extent they seek information that is publicly available, or that may be obtained from another source that is more convenient, less burdensome, or less expensive, or that is solely in the possession, custody, or control of third-parties.

11.     Defendant submits these answers without conceding the relevancy or materiality of the subject matter of any Request for Admission, and without prejudice to Defendant's right to object to further discovery or to object to the admissibility of any answer at the time of hearing or trial.

12.     Defendant reserves the right to amend or supplement these answers and objections.

13.     These general objections are incorporated by reference into each specific answer made by Defendant to Plaintiff's Requests for Admission.

Without waiver of its general objections, Defendant responds, as follows:

1.     Deny.

2.     Deny.

3.     Deny. Defendant claims that the initial deposit of $2,691,646 used to fund the account should be reflected as a deposit in Column 4 of Exhibit B, and cannot verify the accuracy of that number.

4.     Admits. Defendant affirmative states that the total of withdrawals within the applicable time period is approximately 1,290,000.

5.     Admits only that Exhibit B of the Complaint shows that $3,140,000 was withdrawn from the Account.

6.     Admits only that Exhibit B of the Complaint shows that $3,140,000 was withdrawn from the Account. Denies that only $525,000 consisted of principal.

7.     Admits only that Exhibit B of the Complaint shows that $3,140,000 was withdrawn from the Account. Denies that $2,615,000 was in excess of principal.

8.     Deny.

9.     Deny.

10.     Defendant objects to this Request for Admission as any alleged Six-Year Transfers are no longer the subject of this action, as the Second Circuit affirmed the dismissal of Six-Year Transfer and Preference Claims. *See In re Bernard L. Madoff Inv.*

*Sec. LLC*, No. 12-2557 (L) (2d Cir. Dec. 8, 2014). Notwithstanding the foregoing objection, Defendant has made reasonable inquiry and that the information Defendant knows or can readily obtain is insufficient to enable him to admit or deny.

11.    Admit.

Dated: May 28, 2015
      Staten Island, New York


**STUART LEVENTHAL**


TO:    BAKER & HOSTETLER LLP
       45 Rockefeller Plaza
       New York, New York 10111
       (212) 589-4200

5

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | No. 08-01789 (SMB) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, | Adv. Pro. No. 10-04492 (SMB) |
| Plaintiff, | |
| v. | |
| STUART LEVENTHAL 2001 IRREVOCABLE TRUST and, STUART LEVENTHAL, individually and in his capacity as trustee of the Stuart Leventhal 2001 Irrevocable Trust, | |
| Defendants. | |

**TRUSTEE'S FIRST SET OF REQUESTS FOR ADMISSION TO DEFENDANT STUART LEVENTHAL 2001 IRREVOCABLE TRUST**

**PLEASE TAKE NOTICE** that pursuant to Rules 26 and 36 of the Federal Rules of

Civil Procedure (the "Federal Rules") and Rules 7026 and 7036 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Civil Rules of the United States

District Court for the Southern District of New York and this Court (the "Local Rules"), Irving

H. Picard, Trustee (the "Trustee") for the Liquidation of Bernard L. Madoff Investment

Securities LLC ("BLMIS") pursuant to the Securities Investor Protection Act ("SIPA"), and the

Estate of Bernard L. Madoff, hereby requests that Stuart Leventhal 2001 Irrevocable Trust

respond in writing to the requests for admission ("Request" or "Requests") set forth herein and

deliver the same to the offices of Baker & Hostetler LLP, c/o Dominic A., Gentile, 45

Rockefeller Plaza, New York, New York 10111 within 30 days of the date set forth below.

## DEFINITIONS

1.      The rules of construction and definitions in Local Rule 26.3, as adopted in Rule

7026 of the Bankruptcy Rules, are hereby incorporated by reference.   All defined terms,

including those defined in Local Rule 26.3, are capitalized herein.

2.      "Account" means BLMIS Account No. 1CM940, as set forth on Exhibit A to the

Complaint and any other BLMIS account in which any Defendant had any interest in any

capacity, whether individually, collectively, or as a fiduciary.

3.      "Applicable Period" means the period from May 2, 2005 to the present.

4.      "BLMIS" means Bernard L. Madoff Investment Securities LLC, Madoff

Securities International Ltd., Madoff Securities International LLC, Bernard L. Madoff, Ruth

Madoff, and all affiliated Persons and entities, including, but not limited to, any officers,

directors, agents, representatives, employees, partners, parent companies, subsidiaries,

predecessor or successor and related entities, and affiliates of the above specifically identified

Persons and entities.

5.      "Complaint" means the complaint and any amended complaint filed by the

Trustee in this adversary proceeding.

6.      "Defendants" mean Stuart Leventhal 2001 Irrevocable Trust and Stuart Leventhal.

7.      "Subsequent Transfer" means any transfer of Customer Property (as defined in SIPA §78*lll*(4)) conveyed, transmitted, paid, and/or remitted by or on behalf of any Defendant to another Person, or any transfer conveyed, transmitted, paid, and/or remitted to another Person or entity prior to being transferred to or on behalf of any Defendant.

8.      "Transfer(s)" means any conveyance, transmittal, disposition, remittance, payment, or payments made by BLMIS during the Applicable Period to or on behalf of Defendants by any means including, but not limited to, cash, funds, property, or other value conveyed by check, wire transfer, debit, credit to an account, the return of property, withdrawal from the Account, or by any other manner as set forth under section 101(54) of the Bankruptcy Code or section 270 of the New York Debtor & Creditor Law. *See* 11 U.S.C. § 101(54); N.Y. DEBT. & CRED. Law § 270. "Transfer" also includes, but is not limited to, payments or conveyances of value by BLMIS to any third parties, including intermediaries for the benefit of Defendants.

9.      "You" or "Your" means Stuart Leventhal 2001 Irrevocable Trust in any capacity, and/or anyone acting on behalf or for the benefit of Stuart Leventhal 2001 Irrevocable Trust, including any predecessor(s)-in-interest.

10.     For all purposes herein, spelling, grammar, syntax, abbreviations, idioms, and proper nouns shall be construed and interpreted according to their context to give proper meaning and consistency to these Requests.

11.     Reference to any Person that is not a natural Person and is not otherwise defined herein refers to and includes, but is not limited to, any parent, subsidiary, affiliate, division, branch, agency, representative office, predecessor, successor, principal, member, director,

3

officer, shareholder, manager, employee, attorney-in-fact, attorney, nominee, agent, or representative of such Person.

## REQUESTS FOR ADMISSION

1.      Admit that Exhibit B to the Trustee's Complaint accurately reflects the complete history of the transactions affecting the principal balance calculation of the Account.

2.      Admit that Exhibit B to the Trustee's Complaint accurately reflects the complete history of the transactions concerning the Account.

3.      Admit that Column 4 of Exhibit B to the Complaint accurately reflects the deposits made into the Account.

4.      Admit that Column 5 of Exhibit B to the Complaint accurately reflects the withdrawals from the Account.

5.      Admit that over the life of the Account, $3,140,000 was withdrawn from the Account.

6.      Admit that, of the $3,140,000 that was withdrawn from the Account, $525,000 consisted of principal.

7.      Admit that, of the $3,140,000 that was withdrawn from the Account, $2,615,000 was in excess of principal.

8.      Admit that $2,615,000 more was withdrawn from the Account than was deposited into the Account.

9.      Admit that between December 11, 2006 and December 11, 2008, $1,290,000 was withdrawn from the Account in excess of principal.

10.      Admit that between December 11, 2002 and December 11, 2008, $2,615,000 was withdrawn from the Account in excess of principal.

11.     Admit that the Account was initially funded by an inter-account transfer from BLMIS account number 1CM113.


Dated:   April 10, 2015


                                        /s/ Dominic A. Gentile
                                        David J. Sheehan
                                        Email: dsheehan@bakerlaw.com
                                        Oren J. Warshavsky
                                        Email: owarshavsky@bakerlaw.com
                                        Nicholas J. Cremona
                                        Email: ncremona@bakerlaw.com
                                        Marc H. Hirschfield
                                        Email: mhirschfield@bakerlaw.com
                                        Dominic A. Gentile
                                        Email: dgentile@bakerlaw.com

                                        **BAKER & HOSTETLER LLP**
                                        45 Rockefeller Plaza
                                        New York, New York 10111
                                        Telephone: (212) 589-4200
                                        Facsimile: (212) 589-4201

                                        *Attorneys for Irving H. Picard, Trustee for the*
                                        *Substantively Consolidated SIPA Liquidation*
                                        *of Bernard L. Madoff Investment Securities*
                                        *LLC and the Estate of Bernard L. Madoff*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the following was served this 10th day of

April, 2015 by electronic mail and First Class mail upon the following:


Daniel C. Marotta, Esq.
Daniel@gabormarottalaw.com
Ilyssa Gabor-Florio, Esq.
Ilyssa@gabormarottalaw.com
1878 Victory Boulevard
Staten Island, New York 10314


        /s/ Dominic A. Gentile
*Attorneys for Irving H. Picard, Trustee for*
*the Substantively Consolidated SIPA*
*Liquidation of Bernard L. Madoff*
*Investment Securities LLC and the Estate of*
*Bernard L. Madoff*