Hearing Date: July 13, 2022 at 10:00 a.m. (ET)
Response Deadline: June 17, 2022
Reply Deadline: July 1, 2022

Leo Muchnik
**GREENBERG TRAURIG, LLP**
One Vanderbilt Avenue
New York, New York 10017
Telephone: (212) 801-9200
Facsimile: (212) 801-6400
Email: muchnikl@gtlaw.com

Joseph P. Davis (admitted *pro hac vice*)
Alison T. Holdway (admitted *pro hac vice*)
**GREENBERG TRAURIG, LLP**
One International Place, Suite 2000
Boston, Massachusetts 02110
Telephone: (617) 310-6000
Facsimile: (617) 310-6001
Email: davisjo@gtlaw.com
Email: holdwaya@gtlaw.com

*Attorneys for Defendant The Public Institution for Social Security*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | |
| Plaintiff-Applicant, | Adv. Pro. No. 08-01789 (CGM) |
| v. | SIPA Liquidation |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | (Substantively Consolidated) |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

| | |
|---|---|
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, and Bernard L. Madoff,<br><br>               Plaintiff,<br><br>    v.<br><br>THE PUBLIC INSTITUTION FOR SOCIAL SECURITY,<br><br>               Defendant. | Adv. Pro. No. 12-01002 (CGM)<br><br>**ORAL ARGUMENT REQUESTED** |

**MEMORANDUM OF LAW IN SUPPORT OF
THE PUBLIC INSTITUTION FOR SOCIAL SECURITY'S MOTION TO STRIKE
DECLARATION OF BRIAN W. SONG AND SONG EXHIBITS 1–13**

## INTRODUCTION

The Public Institution for Social Security ("PIFSS") moves to strike the Declaration of Brian W. Song ("Song Declaration" or "Song Decl.") and its 13 exhibits ("Song Exhibit(s)" or "Song Ex(s).") (Dkt. 123) filed in opposition to PIFSS' motion to dismiss the complaint of Plaintiff Irving H. Picard ("Trustee"), as trustee for the liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") and the substantively consolidated estate of Bernard L. Madoff, individually, under the Securities Investor Protection Act.[1] The Song Declaration—signed by counsel of record (Song Decl. ¶ 1)—contains factual assertions that are not based on personal knowledge. All 13 Song Exhibits are irrelevant to Trustee's sole claim against PIFSS for recovery of a purported subsequent transfer that occurred on January 21, 2004 ("2004 Transfer"), are inadmissible hearsay, lack foundation, and have not been authenticated. Accordingly, the Song Declaration and Exhibits are inadmissible, unreliable, and should be stricken in their entirety.

## ARGUMENT

The Song Declaration is an inappropriate use of an attorney declaration because it is not based on Attorney Song's personal knowledge and seeks to introduce inadmissible evidence. Courts have long held that an attorney declaration not based on personal knowledge is improper and cannot be used as a vehicle to introduce evidence. *See Wyler v. U.S.*, 725 F.2d 156, 160 (2d Cir. 1983) ("An affidavit of the opposing party's attorney which does not contain specific facts or is not based on first-hand knowledge is not entitled to any weight."); *Degelman Indus. v. Pro-Tech Welding & Fabrication, Inc.*, No. 06-CV-6346T, 2011 U.S. Dist. LEXIS 147953, at *10 (W.D.N.Y. Dec. 23, 2011) ("[C]ourts will strike attorney affidavits or declarations where the

---

[1] The Motion to Dismiss, supporting Declaration of Leo Muchnik and exhibits, supporting Memorandum of Law ("Moving Brief" or "Br."), and Reply are at Dkts. 116, 117, 118, and 128 respectively. This Motion to Strike uses the same abbreviations as PIFSS' Moving Brief and Reply.

documents are rife with argument, seek to introduce inadmissible evidence, or contain unsubstantiated factual averments." (citation omitted)); *New York v. Mountain Tobacco Co.*, 55 F. Supp. 3d 301, 313 (E.D.N.Y. 2014) ("disregard[ing]" attorney declaration in support of asserting personal jurisdiction over defendant that "attested to facts to which [the attorney] does not have personal knowledge" and conceded that the averments in the declaration were "'based upon information and belief'"). As described in detail below, the Song Declaration includes averments that are not based on Attorney Song's personal knowledge and seeks to introduce inadmissible evidence. As a result, the Song Declaration and its Exhibits are an improper use for an attorney declaration and should be stricken.

**I.      Song Declaration Paragraph 2 Is Not Based on Personal Knowledge.**

The contents of paragraph 2 of the Song Declaration are not based on personal knowledge and, as a result, must be stricken. It is blackletter law that when a witness presents evidence, he must have personal knowledge of the matter. *See* Fed. R. Evid. 602; *Nationsbank, N.A. v. Macoil (In re Med-Atl. Petroleum Corp.)*, 233 B.R. 644, 662 (Bankr. S.D.N.Y. 1999) ("Assertions in the motion signed by counsel, without factual support and not based upon counsel's personal knowledge of the facts, have no probative value."); *cf.* Fed. R. Civ. P. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."). "A court may therefore strike portions of an affidavit that are not based upon the affiant's personal knowledge, contain inadmissible hearsay or make generalized and conclusory statements." *Hollander v. Am. Cyanamid Co.*, 172 F.3d 192, 198 (2d Cir. 1999), *abrogated in part on other grounds by Schnabel v. Abramson*, 232 F.3d 83 (2d Cir. 2000); *see also Pacenza v. IBM Corp.*, No. 04 Civ. 5831, 2007 U.S. Dist. LEXIS 118380, at *4 (S.D.N.Y. July 26, 2007), *aff'd*, 363 F. App'x 128 (2d Cir. 2010) ("It is certainly not uncommon for courts in this

2

district to strike portions of affidavits when they are not based on personal knowledge." (citation omitted)).

In paragraph 2, Attorney Song states:

> Wafra Investment Advisory Group ("Wafra") is a global investment advisory firm and was founded in 1985 to manage PIFSS's investments in the U.S.. [sic] Upon information and belief, Wafra did so on behalf of PIFSS by conducting investment research on Sentry, and otherwise acting on its behalf as its U.S. agent and investment adviser.

Attorney Song has not provided any basis for his supposed knowledge of the contents of paragraph 2. In particular, Attorney Song, without explanation of his "information and belief," testified that Wafra conducted investment research on Sentry for PIFSS, and implies that in doing so, Wafra was acting on PIFSS' "behalf as its U.S. agent and investment adviser." Paragraph 2 cites no evidence—admissible or otherwise—in support of these claims, and no other portion of the Song Declaration provides support for paragraph 2. By including the qualifier "[u]pon information and belief," Attorney Song concedes that he does not have the personal knowledge necessary to support paragraph 2. *See Mountain Tobacco*, 55 F. Supp. 3d at 313.

Anything that Attorney Song may have learned about Wafra during his representation of Trustee does not qualify as Attorney Song's personal knowledge. If it did, "all parties in all cases would be able to present such 'factual' assertions by their attorneys to supplement all motions submitted to this Court." *Pacenza*, 2007 U.S. Dist. LEXIS 118380 at *5 (striking portions of attorney declaration and rejecting argument that attorney gained personal "knowledge through his representation of Plaintiff in this case"). The attorney in *Pacenza* submitted a declaration in which he "g[a]ve his own interpretation of [a proffered exhibit]." *Id*. Here, Attorney Song's unsubstantiated interpretation of Wafra's relationship with PIFSS in connection with the only transfer at issue in this case is outside the bounds of an appropriate attorney declaration.

3

In short, there is no basis for believing that Attorney Song has any personal knowledge of the contents of paragraph 2 and, as a result, all testimony in paragraph 2 is unreliable and inadmissible. *Flaherty v. Filardi*, No. 03 Civ. 2167, 2007 U.S. Dist. LEXIS 4595, at *12 (S.D.N.Y. Jan. 24, 2007) ("The test for admissibility is whether a reasonable trier of fact could believe the witness had personal knowledge." (quotation marks and citation omitted)). Accordingly, paragraph 2 should be stricken.[2]

## II.  All 13 Song Exhibits Are Irrelevant, Are Inadmissible Hearsay, Lack Foundation, and Have Not Been Authenticated.

### A.  The Song Exhibits Are Irrelevant.

None of the Song Exhibits is relevant to the Trustee's claim against PIFSS. As a result, they are inadmissible and must be stricken. *See* Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."). Trustee offers the Song Exhibits as evidence of specific, not general (Opp. at 15 n.24), personal jurisdiction over PIFSS and to show that PIFSS caused a direct effect in the U.S. to satisfy the commercial activity exception to the Foreign Sovereign Immunities Act. Only documents reflecting conduct directly related to the 2004 Transfer would be relevant. However, none of the Song Exhibits is related to the 2004 Transfer.

**Song Ex. 1** purports to be a draft Sentry Information Memorandum ("IM") dated January 1, 1998. The face of the document shows it is a draft: the footers state "{PAGE} OF {NUMPAGES}"; Appendix A is missing (there is no substantive information following the "Appendix – A" slip sheet, and pages labeled A-1 – A-6, which might be part of Appendix A, actually appear after the

---

[2]  Paragraphs 3–15 purport to identify each Song Exhibit. As described below, Attorney Song lacks the knowledge necessary to lay the foundation for or authenticate any exhibit, and Trustee and Attorney Song failed to put forth any information establishing the Exhibits' admissibility. As a result, these paragraphs of the Song Declaration should also be stricken.

4

"Appendix – B" slip sheet); and the last page reflects editing metadata. Nothing in the IM or the Song Declaration demonstrates that PIFSS received the IM or otherwise connects the IM to PIFSS.

**Song Ex. 2** is an unsigned Citco Fund Services (Europe) B.V. form dated September 22, 2000. **Song Exs. 3 and 4** are unsigned Sentry Subscription Forms. Ex. 3 states that it is for a dealing date of July 1, 1999, but the bottom of the document is dated "29-Sep-11." Ex. 4 states that it is for a dealing date of March 1, 1999, but the bottom of the document is undated. **Song Exs. 5 and 6** are Requests for Wire Transfer Payment on Citco letterhead dated April 11, 2003 and January 20, 2004, respectively. Nothing on the face of **Song Exs. 2–6** or in the Song Declaration connects these documents to Trustee's claim against PIFSS to recover the 2004 Transfer. Trustee seeks to use these documents to establish the required minimum contacts between PIFSS and the U.S. for this Court to exercise of specific personal jurisdiction over PIFSS. For the reasons set forth in PIFSS' Reply (Dkt. 128 at 6–9), these documents do not actually establish any contact between PIFSS and the forum.

**Song Exs. 7–13** are emails irrelevant to this case for several reasons. First, none of the emails appears to be to or from any PIFSS personnel and Trustee has not claimed that these emails involved PIFSS. Instead, they are either internal FGG emails or emails exchanged between FGG and Wafra. Second, Exs. 7 and 9 discuss meetings between Sentry and/or FGG personnel and PIFSS *in Kuwait*. Third, Exs. 8, 9, and 11 are all dated years after the 2004 Transfer. Exs. 8 and 11 are from 2006, and Ex. 9 is from 2008. Any email from after the date of the 2004 Transfer is irrelevant to whether the 2004 Transfer is recoverable under § 550. Further, Trustee has not demonstrated why emails dated long after the events giving rise to the instant action have any bearing on whether PIFSS had sufficient minimum contacts with the U.S. to establish specific jurisdiction for a claim arising out of the 2004 Transfer. Fourth, Exs. 10–13 relate to Wafra and

5

Sentry's/FGG's relationship with Wafra. As discussed in PIFSS' Reply (Dkt. 128 at 11–12), Wafra is a third party not even mentioned on the Complaint. These emails (and the unsubstantiated assertions about Wafra in Song Declaration paragraph 2) do not and cannot reliably establish a relevant relationship between Wafra and PIFSS concerning the 2004 Transfer. In sum, the contents of the emails at Song Exs. 7–13—even if taken as true—do not reflect any jurisdictionally-relevant contact between PIFSS and the U.S. related to the 2004 Transfer.

B. <u>The Song Exhibits Are Inadmissible Hearsay.</u>

Trustee is offering the Song Exhibits for the truth of their contents. (*See, e.g.*, Opp. at 17 nn.25–27, 20–22 nn.30–45.) But each of the Song Exhibits is hearsay and none qualifies as an exclusion or exception to the hearsay rule. *See* Fed. R. Evid. 801, 803, 804.

**Song Exs. 1–6** are Sentry or Citco documents. None is from PIFSS or contains any statement by or to attributed to PIFSS. Consequently, none is an opposing party's statement that may be admissible under Fed. R. Evid. 801(d)(2). Trustee may argue that these exhibits are admissible as business records. But Trustee has not shown that any of the elements of the business record exception is met here. *See id*. at 803(6). In any event, Trustee and his counsel have not offered evidence that they possess the knowledge necessary to establish that a Sentry or Citco document is a business record of either of those entities, and Trustee has not put forth a proper certification that any of the documents is a business record. *See Stryker v. HSBC Secs. (USA)*, No. 16-cv-9424, 2021 U.S. Dist. LEXIS 219103, at *2 (S.D.N.Y. Nov. 11, 2021) ("[The business records] exception requires the testimony of a custodian or another qualified witness, or a proper certification.") (citing Fed. R. Evid. 803(6)(D)).

Moreover, "[i]n all cases, the principal precondition to admission of documents as business records pursuant to Fed. R. Evid. 803(6) is that the records have sufficient indicia of trustworthiness to be considered reliable." *Potamkin Cadillac Corp. v. B.R.I. Coverage Corp.*, 38

6

F.3d 627, 633–34 (2d Cir. 1994) (quotation marks and citation omitted). None of the documents at Song Exs. 1–6 has sufficient indicia of trustworthiness. Song Ex. 1, as noted above, appears to be a draft IM. Song Ex. 2 has a signature line but is unsigned. Song Ex. 3 was "filled in by Judith," and Song Ex. 4 was "filled in by Wendy," without any further identifying information for Judith or Wendy attested to or included. Song Exs. 3 and 4 also are unsigned. In addition, as noted above, Song Ex. 3 states that it is for a dealing date of July 1, 1999, but the date at the bottom of the document is "29-Sept-11." Song Ex. 4 states that it is for a dealing date of March 1, 1999, but the bottom of the document is undated. Song Exs. 5 and 6 were each signed by two signatories, but the signatories' names are not printed on the documents and their names are difficult if not impossible to ascertain from the signatures.

**Song Exs. 7–13** are emails that are either internal Sentry/FGG emails or emails with Wafra personnel. These emails too do not include PIFSS personnel and are not admissible as opposing party statements. *See* Fed. R. Evid. 801(d)(2). The documents also are not admissible as business records. *See id*. at 803(6). They suffer from the same evidentiary infirmities as Exs. 1–6. Trustee and his counsel cannot establish that any of the elements of Rule 803(6) were met, and they have not put forth the proper certification. More so, emails sent to and received by corporate email addresses are not necessarily business records. *See Morisseau v. DLA Piper*, 523 F. Supp. 2d 595, 621 n.163 (S.D.N.Y. 2008) ("An e-mail created within a business entity alone does not, for that reason alone, satisfy the business records exception of the hearsay rule."); *accord U.S. v. Cone*, 714 F.3d 197, 220 (4th Cir. 2013) ("While properly authenticated e-mails may be admitted into evidence under the business records exception, it would be insufficient to survive a hearsay challenge simply to say that since a business keeps and receives e-mails, then *ergo* all of those e-mails are business records falling within the ambit of Rule 803(6)(B)."). Trustee must establish

7

that each email meets the requirements of Rule 803(6). *See Weisfelner v. Blavatnick (In re Lyondell Chem. Co.)*, No. 09-10023, 2016 U.S. Dist. LEXIS 3768, at *5 (Bankr. S.D.N.Y. Oct. 19, 2016 ("[E]ach email must satisfy each element of the Rule 803(6) test."). He has failed to do so.

    C.    <u>The Song Exhibits Lack Foundation.</u>

Trustee and Attorney Song have not and cannot lay the foundation necessary for the admissibility of any Song Exhibit. *See Davis v. Yin*, No. 06-CV-6401, 2009 U.S. Dist. LEXIS 142760, at *14 (W.D.N.Y. Aug. 31, 2009) (striking attachments to affidavit where attachments did not appear to have been made on affiant's personal knowledge, and affidavit did not qualify the attachments under Federal Rules of Evidence for admission). All Song Exhibits are Sentry or Citco documents. Attorney Song has not testified to any personal knowledge concerning any Exhibit and, as explained above, does not have the required institutional knowledge of Sentry's or Citco's inner workings to qualify the Exhibits as business records.

"[F]actual contentions [must] have evidentiary support;" in the alternative, it may be "specifically so identified" that factual contentions "will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3). Trustee put forth the Song Exhibits in opposition to PIFSS' Motion to Dismiss and Trustee's Opposition relies extensively on them. Trustee did not identify the provenance of any Song Exhibit or submit an affidavit from a witness with knowledge to lay a proper evidentiary foundation. As a result, the Song Exhibits are inadmissible, do not provide evidentiary support for Trustee's Opposition, and must be stricken.

    D.    <u>The Song Exhibits Have Not Been Authenticated.</u>

Song Declaration paragraphs 3–15 attempt to authenticate the Song Exhibits by identifying each exhibit and stating that the exhibit "is a true and correct copy" of what it purports to be. This is not sufficient to authenticate evidence. "To satisfy the requirement of authenticating or

8

identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). Rule 901(b) sets forth a non-exhaustive list of examples of how to authenticate evidence. The most relevant examples are (1) by offering "[t]estimony of a [w]itness with [k]nowledge . . . that an item is what it is claimed to be" (*id*. at 901(b)(1)) and (2) by identifying "[t]he appearance, contents, substance, internal patterns, or other distinctive characteristics of the item, taken together with all the circumstances" that indicate that the document is authentic (*id*. at 901(b)(4)).

Other than claiming that the Song Exhibits are true and correct copies, Attorney Song did nothing to authenticate the Exhibits. The Song Declaration includes no testimony from a competent witness with actual knowledge of the attested to facts. For the reasons explained above, Attorney Song does not have the knowledge necessary to authenticate any of the Song Exhibits. Trustee and Attorney Song did not identify where any Song Exhibit came from, explain why Trustee has them in his possession, or provide any information from which the documents could be authenticated, including a certification from a document custodian or other witness to authenticate any Song Exhibit. Trustee has offered nothing to support a finding that each document is what he and declarant claim they are. As a result, the Song Exhibits are unauthenticated and are unreliable, and must be stricken.

## **CONCLUSION**

The failure of Trustee to comply with the most basic rules of evidence is fatal to the proffer of evidence through the Song Declaration. As a result, PIFSS respectfully requests that the Court strike the Song Declaration and the 13 Song Exhibits in their entirety.

9

<table>
<tr><td>Dated: May 26, 2022<br>New York, New York</td><td>**GREENBERG TRAURIG, LLP**<br><br>By: /s/ Leo Muchnik<br>Leo Muchnik<br>One Vanderbilt Avenue<br>New York, New York 10017<br>Telephone:  (212) 801-9200<br>Facsimile:  (212) 801-6400<br>Email:  muchnikl@gtlaw.com<br><br>Joseph P. Davis III (admitted *pro hac vice*)<br>Alison T. Holdway (admitted *pro hac vice*)<br>One International Place, Suite 2000<br>Boston, Massachusetts 02110<br>Telephone:  (617) 310-6000<br>Facsimile:  (617) 310-6001<br>Email:  davisjo@gtlaw.com<br>Email:  holdwaya@gtlaw.com<br><br>*Attorneys for Defendant The Public Institution for Social Security*</td></tr>
</table>