# EXHIBIT 2

# Exhibit 2(a)

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone:  (212) 589-4200
Facsimile:  (212) 589-4201
David J. Sheehan
Thomas L. Long
Mark A. Kornfeld
Deborah A. Kaplan
Michelle R. Kaplan
Torello H. Calvani

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | No. 08-01789 (BRL) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, and Bernard L. Madoff, | Adv. Pro. No. _____ (BRL) |
| Plaintiff, | **COMPLAINT** |
| v. | |
| QUILVEST FINANCE LTD., | |
| Defendant. | |

$3,054,000,000.  Fairfield Sentry is obligated to pay $70,000,000 to the Trustee under the terms of the Settlement Agreement.

**B.    Subsequent Transfers From Fairfield Sentry To Defendant Quilvest**

40.    Based on the Trustee's investigation to date, approximately $37,800,115 of the money transferred from BLMIS to Fairfield Sentry was subsequently transferred by Fairfield Sentry to Defendant Quilvest (the "Fairfield Sentry Subsequent Transfers").  A chart setting forth the presently known Fairfield Sentry Subsequent Transfers is attached as Exhibit D.

41.    As set forth in paragraph 40, a portion of the Fairfield Sentry Initial Transfers was subsequently transferred either directly or indirectly to, or for the benefit of, Defendant Quilvest and is recoverable from Defendant Quilvest pursuant to section 550 of the Bankruptcy Code.

42.    The Trustee's investigation is on-going and the Trustee reserves the right to: (i) supplement the information on the Fairfield Sentry Initial Transfers, Fairfield Sentry Subsequent Transfers, and any additional transfers, and (ii) seek recovery of such additional transfers.

<u>**COUNT ONE**</u>
<u>**RECOVERY OF SUBSEQUENT TRANSFERS –**</u>
<u>**11 U.S.C. §§ 550 AND 551**</u>

43.    The Trustee incorporates by reference the allegations contained in the previous paragraphs of this Complaint as if fully rewritten herein.

44.    Defendant Quilvest received the Fairfield Sentry Subsequent Transfers, totaling approximately $37,800,115, which are recoverable pursuant to Section 550 of the Bankruptcy Code.

45.    Each of the Fairfield Sentry Subsequent Transfers was made directly or indirectly to, or for the benefit of, Defendant Quilvest.

# Exhibit 2(b)

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York  10111
Telephone:  (212) 589-4200
Facsimile:  (212) 589-4201
David J. Sheehan
Thomas L. Long
Mark A. Kornfeld
Deborah A. Kaplan
Michelle R. Kaplan
Torello H. Calvani

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | No. 08-01789 (BRL) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, and Bernard L. Madoff, | Adv. Pro. No. _____ (BRL) |
| Plaintiff, | |
| v. | **COMPLAINT** |
| DELTA NATIONAL BANK AND TRUST COMPANY, | |
| Defendant. | |

§ 78*lll*(4), are avoidable, and recoverable under sections 547, 550, and 551 of the Bankruptcy Code, and applicable provisions of SIPA, particularly SIPA § 78fff-2(c)(3).

37.    The Fairfield Sentry Six Year Initial Transfers, Fairfield Sentry Two Year Initial Transfers, and the Fairfield Sentry Preference Period Initial Transfers are collectively defined as the "Fairfield Sentry Initial Transfers."  Charts setting forth these transfers are included as Exhibits B and C.

38.    Pursuant to the Bankruptcy Court's June 7 and June 10, 2011 orders, the Bankruptcy Court approved a settlement among the Trustee, Fairfield Sentry, and others (the "Settlement Agreement").  As part of the Settlement Agreement, on July 13, 2011, the Bankruptcy Court entered a consent judgment granting the Trustee a judgment against Fairfield Sentry in the amount of $3,054,000,000.  Fairfield Sentry is obligated to pay $70,000,000 to the Trustee under the terms of the Settlement Agreement.

**B.    Subsequent Transfers From Fairfield Sentry To Defendant Delta Bank**

39.    A portion of the Fairfield Sentry Initial Transfers was subsequently transferred either directly or indirectly to, or for the benefit of, Defendant Delta Bank and is recoverable from Defendant Delta Bank pursuant to section 550 of the Bankruptcy Code. Based on the Trustee's investigation to date, approximately $20,634,958 of the money transferred from BLMIS to Fairfield Sentry was subsequently transferred by Fairfield Sentry to Defendant Delta Bank (the "Fairfield Sentry Subsequent Transfers").  A chart setting forth the presently known Fairfield Sentry Subsequent Transfers is attached as Exhibit D.

40.    The Trustee's investigation is on-going and the Trustee reserves the right to: (i) supplement the information on the Fairfield Sentry Initial Transfers, Fairfield Sentry Subsequent Transfers, and any additional transfers, and (ii) seek recovery of such additional transfers.

10

# Exhibit 2(c)

**Baker & Hostetler LLP**

45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Thomas L. Long
Mark A. Kornfeld
Deborah A. Kaplan
Michelle R. Kaplan
Torello H. Calvani

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and Bernard L. Madoff*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (BRL) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, and Bernard L. Madoff, | Adv. Pro. No. _____ (BRL) |
| Plaintiff, | |
| v. | **COMPLAINT** |
| MERRILL LYNCH BANK (SUISSE) SA, | |
| Defendant. | |

41.    Pursuant to the Bankruptcy Court's June 7 and June 10, 2011 orders, the Bankruptcy Court approved a settlement among the Trustee, Fairfield Sentry, and others (the "Settlement Agreement").    As part of the Settlement Agreement, on July 13, 2011, the Bankruptcy Court entered a consent judgment granting the Trustee a judgment against Fairfield Sentry in the amount of $3,054,000,000.  Fairfield Sentry is obliged to pay $70,000,000 to the Trustee under the terms of the Settlement Agreement.

### B.    Subsequent Transfers From Fairfield Sentry To Defendant MLBS

42.    A portion of the Fairfield Sentry Initial Transfers was subsequently transferred either directly or indirectly to, or for the benefit of, Defendant MLBS and is recoverable from Defendant MLBS pursuant to section 550 of the Bankruptcy Code and § 278 of the NYDCL. Based on the Trustee's investigation to date, approximately $44,127,785 of the money transferred from BLMIS to Fairfield Sentry was subsequently transferred by Fairfield Sentry to Defendant MLBS (the "Fairfield Sentry Subsequent Transfers").    A chart setting forth the presently known Fairfield Sentry Subsequent Transfers is attached as Exhibit C.

43.    The Trustee's investigation is ongoing and the Trustee reserves the right to: (i) supplement the information on the Fairfield Sentry Initial Transfers, Fairfield Sentry Subsequent Transfers, and any additional transfers, and (ii) seek recovery of such additional transfers.

### C.    Subsequent Transfers From Fairfield Sentry To Fairfield Sigma And Subsequently To Defendant MLBS

44.    A portion of the Fairfield Sentry Initial Transfers was subsequently transferred either directly or indirectly to, or for the benefit of, Defendant MLBS through Fairfield Sigma and is recoverable from Defendant MLBS pursuant to section 550 of the Bankruptcy Code and § 278 of the NYDCL.  Based on the Trustee's investigation to date, approximately $752,273,917

of the money transferred from BLMIS to Fairfield Sentry was subsequently transferred by Fairfield Sentry to Fairfield Sigma. Thereafter, the equivalent of approximately $1,906,620 was transferred by Fairfield Sigma to Defendant MLBS (the "Fairfield Sigma Subsequent Transfers"). Charts setting forth the presently known Fairfield Sigma Subsequent Transfers are attached as Exhibits D and E.

45.     The Trustee's investigation is ongoing and the Trustee reserves the right to: (i) supplement the information on the Fairfield Sentry Initial Transfers, Fairfield Sigma Subsequent Transfers, and any additional transfers, and (ii) seek recovery of such additional transfers.

46.     The Fairfield Sentry Subsequent Transfers and the Fairfield Sigma Subsequent Transfers are collectively defined as the "Fairfield Subsequent Transfers."

## COUNT ONE
## RECOVERY OF SUBSEQUENT TRANSFERS –
## 11 U.S.C. §§ 550 AND 551 AND NYDCL § 278

47.     The Trustee incorporates by reference the allegations contained in the previous paragraphs of this Complaint as if fully rewritten herein.

48.     Defendant MLBS received the Fairfield Subsequent Transfers, totaling approximately $46,034,405, which are recoverable pursuant to section 550(a) of the Bankruptcy Code and § 278 of the NYDCL.

49.     Each of the Fairfield Subsequent Transfers was made directly or indirectly to, or for the benefit of, Defendant MLBS.

50.     Defendant MLBS is an immediate or mediate transferee of the Fairfield Initial Transfers.

51.     As a result of the foregoing, pursuant to sections 550(a) and 551 of the Bankruptcy Code, § 278 of the NYDCL, and SIPA § 78fff-2(c)(3), the Trustee is entitled to a

# Exhibit 2(d)

**WINDELS MARX LANE & MITTENDORF, LLP**
156 West 56th Street
New York, New York 10019
Tel: (212) 237-1000
Fax: (212) 262-1215
Howard L. Simon
Antonio J. Casas
Brian W. Kreutter

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (BRL) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | Adv. Pro. No. _____ (BRL) |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, | |
| Plaintiff, | |
| v. | |
| Credit Suisse AG; Credit Suisse AG, Nassau Branch; Credit Suisse AG, Nassau Branch Wealth Management; Credit Suisse AG, Nassau Branch LATAM Investment Banking; Credit Suisse Wealth Management Limited; Credit Suisse (Luxembourg) SA; Credit Suisse International Limited; Credit Suisse Nominees (Guernsey) Limited; Credit Suisse London Nominees Limited; Credit Suisse (UK) Limited; and Credit Suisse Securities (USA) LLC; | **COMPLAINT** |
| Defendants. | |

Exhibit E.

### Subsequent Transfers from Fairfield Sentry to Fairfield Sigma and then to Defendants CS AG, CS Luxembourg, CS International, CS Guernsey, CS London or CS UK

62.     A portion of the Fairfield Sentry Initial Transfers was subsequently transferred through Fairfield Sigma to, or for the benefit of, CS AG, CS Luxembourg, CS International, CS Guernsey, CS London or CS UK (the "CS Sigma Transferees") and is recoverable from them pursuant to Section 550 of the Bankruptcy Code and § 278 of the NYDCL.   Based on the Trustee's investigation to date, $752,273,917 of the money transferred from BLMIS to Fairfield Sentry was subsequently transferred by Fairfield Sentry to Fairfield Sigma.   A chart setting forth those transfers is attached here as Exhibit F.   Fairfield Sigma, in turn, transferred the equivalent of $73,182,103 of the money it received from Fairfield Sentry to, or for the benefit of, the CS Sigma Transferees (the "Fairfield Sigma Subsequent Transfers").   A chart setting forth the presently known Fairfield Sigma Subsequent Transfers is attached here as Exhibit G.

### Subsequent Transfers from Fairfield Sentry to Fairfield Lambda and then to Defendants CS AG, CS Nassau, CS Guernsey, CS London or CS UK

63.     A portion of the Fairfield Sentry Initial Transfers was subsequently transferred through Fairfield Lambda to, or for the benefit of, CS AG, CS Nassau, CS Guernsey, CS London or CS UK (the "CS Lambda Transferees") and is recoverable from them pursuant to Section 550 of the Bankruptcy Code and § 278 of the NYDCL.   Based on the Trustee's investigation to date, $52,935,000 of the money transferred from BLMIS to Fairfield Sentry was subsequently transferred by Fairfield Sentry to Fairfield Lambda.   A chart setting forth those transfers is attached here as Exhibit H.   Fairfield Lambda, in turn, transferred the equivalent of $3,485,823 of the money it received from Fairfield Sentry to, or for the benefit of, the CS Lambda Transferees (the "Fairfield Lambda Subsequent Transfers").   A chart setting forth the presently known Fairfield Lambda Subsequent Transfers is attached as Exhibit I.

64.     The Trustee's investigation is ongoing, and he reserves the right to: (i) supplement the information on the Fairfield Sentry Initial Transfers, Fairfield Sentry

# Exhibit 2(e)

**Baker & Hostetler LLP**

45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Thomas L. Long
Mark A. Kornfeld
Deborah A. Kaplan
Michelle R. Kaplan
Torello H. Calvani

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (BRL) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, and Bernard L. Madoff, | Adv. Pro. No. _____ (BRL) |
| Plaintiff, | |
| v. | |
| LGT BANK IN LIECHTENSTEIN LTD., | **COMPLAINT** |
| Defendant. | |

39.     The Fairfield Sentry Six Year Initial Transfers, the Fairfield Sentry Two Year Initial Transfers, and the Fairfield Sentry Preference Period Initial Transfers are collectively defined as the "Fairfield Sentry Initial Transfers."  Charts setting forth these transfers are attached as Exhibits A and B.

40.     Pursuant to the Bankruptcy Court's June 7 and June 10, 2011 orders, the Bankruptcy Court approved a settlement among the Trustee, Fairfield Sentry, and others (the "Settlement Agreement").  As part of the Settlement Agreement, on July 13, 2011, the Bankruptcy Court entered a consent judgment granting the Trustee a judgment in the amount of $3,054,000,000.  Under the terms of the Settlement Agreement, Fairfield Sentry is obligated to pay $70,000,000 to the Trustee for the benefit of the consolidated BLMIS estate.

**B.      Subsequent Transfers from Fairfield Sentry to Defendant LGT Liechtenstein**

41.     A portion of the Fairfield Sentry Initial Transfers was subsequently transferred either directly or indirectly to, or for the benefit of, Defendant LGT Liechtenstein and is recoverable from Defendant LGT Liechtenstein pursuant to section 550 of the Bankruptcy Code and § 278 of the NYDCL.  Based on the Trustee's investigation to date, approximately $10,350,118 of the money transferred from BLMIS to Fairfield Sentry was subsequently transferred by Fairfield Sentry to Defendant LGT Liechtenstein (the "Fairfield Sentry Subsequent Transfers").  A chart setting forth the presently known Fairfield Sentry Subsequent Transfers is attached as Exhibit C.

42.     The Trustee's investigation is on-going, and the Trustee reserves the right to: (i) supplement the information on the Fairfield Sentry Initial Transfers, the Fairfield Sentry Subsequent Transfers, and any additional transfers, and (ii) seek recovery of such additional transfers.

# Exhibit 2(f)

**Baker & Hostetler LLP**

45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Thomas L. Long
Mark A. Kornfeld
Michelle R. Kaplan
Torello H. Calvani

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and Bernard L. Madoff*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (BRL) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. _____ (BRL) |
| Plaintiff, | |
| v. | **COMPLAINT** |
| BANK VONTOBEL AG f/k/a BANK J. VONTOBEL & CO. AG, VONTOBEL ABSOLUTE RETURN FUND, in liquidation, and VONTOBEL ASSET MANAGEMENT INC., | |
| Defendants. | |

(the "Fairfield Sentry Preference Period Initial Transfers"). The Fairfield Sentry Preference Period Initial Transfers were and continue to be Customer Property within the meaning of SIPA § 78*lll*(4), and are avoidable and recoverable under sections 547, 550, and 551 of the Bankruptcy Code, and applicable provisions of SIPA, particularly SIPA § 78fff-2(c)(3).

56.    The Fairfield Sentry Six Year Initial Transfers, the Fairfield Sentry Two Year Initial Transfers, and the Fairfield Sentry Preference Period Initial Transfers are collectively defined as the "Fairfield Sentry Initial Transfers." Charts setting forth these transfers are attached as Exhibits G and H.

57.    Pursuant to the Bankruptcy Court's June 7 and June 10, 2011 orders, the Bankruptcy Court approved a settlement among the Trustee, Fairfield Sentry, and others (the "Settlement Agreement"). As part of the Settlement Agreement, on July 13, 2011, the Bankruptcy Court entered a consent judgment granting the Trustee a judgment against Fairfield Sentry in the amount of $3,054,000,000. Fairfield Sentry is obliged to pay $70,000,000 to the Trustee under the terms of the Settlement Agreement.

### 2.    Subsequent Transfers From Fairfield Sentry To Bank Vontobel

58.    A portion of the Fairfield Sentry Initial Transfers was subsequently transferred either directly or indirectly to, or for the benefit of, Bank Vontobel and is recoverable from Bank Vontobel pursuant to section 550 of the Bankruptcy Code and § 278 of the NYDCL. Based on the Trustee's investigation to date, approximately $8,470,371 of the money transferred from BLMIS to Fairfield Sentry was subsequently transferred by Fairfield Sentry to Bank Vontobel (the "Fairfield Sentry-Bank Vontobel Subsequent Transfers"). A chart setting forth the presently known Fairfield Sentry-Bank Vontobel Subsequent Transfers is attached as Exhibit I.

59.    The Trustee's investigation is ongoing, and the Trustee reserves the right to: (i) supplement the information on the Fairfield Sentry Initial Transfers, the Fairfield Sentry-Bank

Vontobel Subsequent Transfers, and any additional transfers, and (ii) seek recovery of such additional transfers.

### 3. Subsequent Transfers From Fairfield Sentry To Vontobel Fund and/or Vontobel Management

60.     A portion of the Fairfield Sentry Initial Transfers was subsequently transferred either directly or indirectly to, or for the benefit of, Vontobel Fund and/or Vontobel Management and is recoverable from Vontobel Fund and/or Vontobel Management pursuant to section 550 of the Bankruptcy Code and § 278 of the NYDCL.  Based on the Trustee's investigation to date, approximately $17,922,008 of the money transferred from BLMIS to Fairfield Sentry was subsequently transferred by Fairfield Sentry to Vontobel Fund and/or Vontobel Management (the "Fairfield Sentry-Vontobel Fund Subsequent Transfers").  A chart setting forth the presently known Fairfield Sentry-Vontobel Fund Subsequent Transfers is attached as Exhibit J.

61.     The Trustee's investigation is ongoing, and the Trustee reserves the right to: (i) supplement the information on the Fairfield Sentry Initial Transfers, the Fairfield Sentry-Vontobel Fund Subsequent Transfers, and any additional transfers, and (ii) seek recovery of such additional transfers.

### 4. Subsequent Transfers From Fairfield Sentry To Fairfield Sigma and Subsequently to Bank Vontobel

62.     A portion of the Fairfield Sentry Initial Transfers was subsequently transferred either directly or indirectly to, or for the benefit of, Bank Vontobel through Fairfield Sigma and is recoverable from the Bank Vontobel pursuant to section 550 of the Bankruptcy Code and § 278 of the NYDCL.  Based on the Trustee's investigation to date, approximately $752,273,917 of the money transferred from BLMIS to Fairfield Sentry was subsequently transferred by Fairfield Sentry to Fairfield Sigma.  Thereafter, the equivalent of at least $1,163,932 was transferred by Fairfield Sigma to Bank Vontobel (the "Fairfield Sigma Subsequent Transfers").

# Exhibit 2(g)

**Baker & Hostetler LLP**

45 Rockefeller Plaza
New York, New York 10111
Telephone:  (212) 589-4200
Facsimile:  (212) 589-4201
David J. Sheehan
Thomas L. Long
Mark A. Kornfeld
Michelle R. Kaplan
Torello H. Calvani

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and Bernard L. Madoff*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>               Plaintiff-Applicant,<br><br>    v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>               Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>               Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>               Plaintiff,<br><br>    v.<br><br>LLOYDS TSB BANK PLC,<br><br>               Defendant. | Adv. Pro. No. _____ (BRL)<br><br>**COMPLAINT** |

§ 78*lll*(4), and are avoidable and recoverable under sections 547, 550, and 551 of the Bankruptcy Code, and applicable provisions of SIPA, particularly SIPA § 78fff-2(c)(3).

40.    The Fairfield Sentry Six Year Initial Transfers, the Fairfield Sentry Two Year Initial Transfers, and the Fairfield Sentry Preference Period Initial Transfers are collectively defined as the "Fairfield Sentry Initial Transfers."   Charts setting forth these transfers are attached as Exhibits A and B.

41.    Pursuant to the Bankruptcy Court's June 7 and June 10, 2011 orders, the Bankruptcy Court approved a settlement among the Trustee, Fairfield Sentry, and others (the "Settlement Agreement").   As part of the Settlement Agreement, on July 13, 2011, the Bankruptcy Court entered a consent judgment granting the Trustee a judgment against Fairfield Sentry in the amount of $3,054,000,000.  Fairfield Sentry is obliged to pay $70,000,000 to the Trustee under the terms of the Settlement Agreement

## B.    SUBSEQUENT TRANSFERS FROM FAIRFIELD SENTRY TO DEFENDANT LLOYDS

42.    A portion of the Fairfield Sentry Initial Transfers was subsequently transferred either directly or indirectly to, or for the benefit of, Defendant Lloyds and is recoverable from Defendant Lloyds pursuant to section 550 of the Bankruptcy Code and § 278 of the NYDCL. Based on the Trustee's investigation to date, approximately $11,134,574 of the money transferred from BLMIS to Fairfield Sentry was subsequently transferred by Fairfield Sentry to Defendant Lloyds (the "Fairfield Sentry Subsequent Transfers").   A chart setting forth the presently known Fairfield Sentry Subsequent Transfers is attached as Exhibit C.

43.    The Trustee's investigation is ongoing, and the Trustee reserves the right to: (i) supplement the information on the Fairfield Sentry Initial Transfers, the Fairfield Sentry

Subsequent Transfers, and any additional transfers, and (ii) seek recovery of such additional transfers.

### C. SUBSEQUENT TRANSFERS FROM FAIRFIELD SENTRY TO FAIRFIELD SIGMA AND SUBSEQUENTLY TO DEFENDANT LLOYDS

44.    A portion of the Fairfield Sentry Initial Transfers was subsequently transferred either directly or indirectly to, or for the benefit of, Defendant Lloyds through Fairfield Sigma and is recoverable from Defendant Lloyds pursuant to section 550 of the Bankruptcy Code and § 278 of the NYDCL. Based on the Trustee's investigation to date, approximately $752,273,917 of the money transferred from BLMIS to Fairfield Sentry was subsequently transferred by Fairfield Sentry to Fairfield Sigma. Thereafter, the equivalent of at least $48,836 was transferred by Fairfield Sigma to Defendant Lloyds (the "Fairfield Sigma Subsequent Transfers"). Charts setting forth the presently known Fairfield Sigma Subsequent Transfers are attached as Exhibits D and E.

45.    The Trustee's investigation is ongoing, and the Trustee reserves the right to: (i) supplement the information on the Fairfield Sentry Initial Transfers, the Fairfield Sigma Subsequent Transfers, and any additional transfers, and (ii) seek recovery of such additional transfers.

46.    The Fairfield Sentry Subsequent Transfers and the Fairfield Sigma Subsequent Transfers are collectively defined as the "Fairfield Subsequent Transfers."

### COUNT ONE
### RECOVERY OF SUBSEQUENT TRANSFERS –
### 11 U.S.C. §§ 550 AND 551 AND NYDCL § 278

47.    The Trustee incorporates by reference the allegations contained in the previous paragraphs of this Complaint as if fully rewritten herein.

48.    Defendant Lloyds received the Fairfield Sentry Subsequent Transfers, totaling

# Exhibit 2(h)

**Baker & Hostetler LLP**

45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Thomas L. Long
Mark A. Kornfeld
Michelle R. Kaplan
Torello H. Calvani

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (BRL) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. _____ (BRL) |
| Plaintiff, | |
| v. | **COMPLAINT** |
| ZCM ASSET HOLDING COMPANY (BERMUDA) LLC, | |
| Defendant. | |

Bankruptcy Court entered a consent judgment granting the Trustee a judgment against Fairfield Sentry in the amount of $3,054,000,000. Fairfield Sentry is obliged to pay $70,000,000 to the Trustee under the terms of the Settlement Agreement.

### 2.    Subsequent Transfers From Fairfield Sentry To Defendant ZCM

49.    A portion of the Fairfield Sentry Initial Transfers was subsequently transferred either directly or indirectly to, or for the benefit of, Defendant ZCM and is recoverable from Defendant ZCM pursuant to section 550 of the Bankruptcy Code and § 278 of the NYDCL. Based on the Trustee's investigation to date, approximately $24,491,791 of the money transferred from BLMIS to Fairfield Sentry was subsequently transferred by Fairfield Sentry to Defendant ZCM (the "Fairfield Sentry Subsequent Transfers"). A chart setting forth the presently known Fairfield Sentry Subsequent Transfers is attached as Exhibit F.

50.    The Trustee's investigation is ongoing, and the Trustee reserves the right to: (i) supplement the information on the Fairfield Sentry Initial Transfers, the Fairfield Sentry Subsequent Transfers, and any additional transfers, and (ii) seek recovery of such additional transfers.

### COUNT ONE
### RECOVERY OF KINGATE GLOBAL SUBSEQUENT TRANSFERS –
### 11 U.S.C. §§ 550 AND 551 AND NYDCL § 278

51.    The Trustee incorporates by reference the allegations contained in the previous paragraphs of this Complaint as if fully rewritten herein.

52.    Defendant ZCM received the Kingate Global Subsequent Transfers, totaling approximately $26,328,425, which are recoverable pursuant to section 550(a) of the Bankruptcy Code and § 278 of the NYDCL.

53.    Each of the Kingate Global Subsequent Transfers was made directly or indirectly to, or for the benefit of, Defendant ZCM.

# Exhibit 2(i)

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Thomas L. Long
Mark A. Kornfeld
Michelle R. Kaplan
Torello H. Calvani

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (BRL) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, and Bernard L. Madoff, | Adv. Pro. No. _____ (BRL) |
| Plaintiff, | |
| v. | **COMPLAINT** |
| UKFP (ASIA) NOMINEES LIMITED, | |
| Defendant. | |

were and continue to be Customer Property within the meaning of SIPA § 78*lll*(4), and are avoidable and recoverable under sections 544, 548, 550, and 551 of the Bankruptcy Code, §§ 273-279 of the NYDCL, and applicable provisions of SIPA, particularly SIPA § 78fff-2(c)(3).

38.    The Fairfield Sentry Two Year Initial Transfers include approximately $1.1 billion which BLMIS transferred to Fairfield Sentry during the 90 days preceding the Filing Date (the "Fairfield Sentry Preference Period Initial Transfers").  The Fairfield Sentry Preference Period Initial Transfers were and continue to be Customer Property within the meaning of SIPA § 78*lll*(4), and are avoidable and recoverable under sections 547, 550, and 551 of the Bankruptcy Code, and applicable provisions of SIPA, particularly SIPA § 78fff-2(c)(3).

39.    The Fairfield Sentry Six Year Initial Transfers, the Fairfield Sentry Two Year Initial Transfers, and the Fairfield Sentry Preference Period Initial Transfers are collectively defined as the "Fairfield Sentry Initial Transfers."  Charts setting forth these transfers are attached as Exhibits A and B.

40.    Pursuant to the Bankruptcy Court's June 7 and June 10, 2011 orders, the Bankruptcy Court approved a settlement among the Trustee, Fairfield Sentry, and others (the "Settlement Agreement").  As part of the Settlement Agreement, on July 13, 2011, the Bankruptcy Court entered a consent judgment granting the Trustee a judgment in the amount of $3,054,000,000.  Under the terms of the Settlement Agreement, Fairfield Sentry is obligated to pay $70,000,000 to the Trustee for the benefit of the consolidated BLMIS estate.

**B.    Subsequent Transfers from Fairfield Sentry to Defendant UKFP**

41.    A portion of the Fairfield Sentry Initial Transfers was subsequently transferred either directly or indirectly to, or for the benefit of, Defendant UKFP and is recoverable from Defendant UKFP pursuant to section 550 of the Bankruptcy Code and § 278 of the NYDCL. Based on the Trustee's investigation to date, approximately $8,012,183 of the money transferred

10

from BLMIS to Fairfield Sentry was subsequently transferred by Fairfield Sentry to Defendant UKFP (the "Fairfield Sentry Subsequent Transfers"). A chart setting forth the presently known Fairfield Sentry Subsequent Transfers is attached as Exhibit C.

42.    The Trustee's investigation is on-going, and the Trustee reserves the right to: (i) supplement the information on the Fairfield Sentry Initial Transfers, the Fairfield Sentry Subsequent Transfers, and any additional transfers, and (ii) seek recovery of such additional transfers.

## COUNT ONE
## RECOVERY OF SUBSEQUENT TRANSFERS –
## 11 U.S.C. §§ 550 AND 551 AND NYDCL § 278

43.    The Trustee incorporates by reference the allegations contained in the previous paragraphs of this Complaint as if fully rewritten herein.

44.    Defendant UKFP received the Fairfield Sentry Subsequent Transfers, totaling approximately $8,012,183, which are recoverable pursuant to section 550(a) of the Bankruptcy Code and § 278 of the NYDCL.

45.    Each of the Fairfield Sentry Subsequent Transfers was made directly or indirectly to, or for the benefit of, Defendant UKFP.

46.    Defendant UKFP is an immediate or mediate transferee of the Fairfield Sentry Initial Transfers.

47.    As a result of the foregoing, pursuant to sections 550(a) and 551 of the Bankruptcy Code, § 278 of the NYDCL, and SIPA § 78fff-2(c)(3), the Trustee is entitled to a judgment against Defendant UKFP recovering the Fairfield Sentry Subsequent Transfers, or the value thereof, for the benefit of the estate of BLMIS.

# Exhibit 2(j)

**WINDELS MARX LANE & MITTENDORF, LLP**
156 West 56th Street
New York, New York 10019
Tel: (212) 237-1000
Fax: (212) 262-1215
Howard L. Simon (hsimon@windelsmarx.com)
Antonio J. Casas (acasas@windelsmarx.com)
Brian W. Kreutter (bkreutter@windelsmarx.com)

*Special Counsel for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and Bernard L. Madoff*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (BRL) |
| Plaintiff-Applicant, | SIPA Liquidation (Substantively Consolidated) |
| v. | |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant, | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, | Adv. Pro. No. 12-01676 (BRL) |
| Plaintiff, | **FIRST AMENDED COMPLAINT** |
| v. | |
| CREDIT SUISSE AG, as successor-in-interest to Clariden Leu AG and Bank Leu AG; | |
| Defendant. | |

{10774457:1}

Two Year Initial Transfers"). The Fairfield Sentry Two Year Initial Transfers were and continue to be Customer Property within the meaning of SIPA § 78*lll*(4), and are avoidable and recoverable under Sections 548, 550 and 551 of the Bankruptcy Code; §§ 273-279 of the NYDCL; and applicable provisions of SIPA, particularly SIPA § 78fff-2(c)(3).

56.    The Fairfield Sentry Two Year Initial Transfers include $1,134,628,244 that BLMIS transferred to Fairfield Sentry during the 90 days preceding the Filing Date (the "Fairfield Sentry Preference Period Initial Transfers"). The Fairfield Sentry Preference Period Initial Transfers were and continue to be Customer Property within the meaning of SIPA § 78*lll*(4), and are avoidable and recoverable under Sections 547, 550 and 551 of the Bankruptcy Code and applicable provisions of SIPA, particularly SIPA § 78fff-2(c)(3).

57.    The Fairfield Sentry Six Year Initial Transfers, Fairfield Sentry Two Year Initial Transfers and Fairfield Sentry Preference Period Initial Transfers are collectively defined as the "Fairfield Sentry Initial Transfers." A chart setting forth the BLMIS accounts from which the Fairfield Sentry Initial Transfers were made is attached here as Exhibit C. A chart setting forth the transfers is attached here as Exhibit D.

### Subsequent Transfers from Fairfield Sentry to the Defendant

58.    A portion of the Fairfield Sentry Initial Transfers was subsequently transferred to, or for the benefit of, the Defendant. The subsequent transfers are recoverable from the Defendant pursuant to Section 550 of the Bankruptcy Code and § 278 of the NYDCL. Based on the Trustee's investigation to date, $35,838,401 of the money transferred from BLMIS to Fairfield Sentry was subsequently transferred by Fairfield Sentry to, or for the benefit of, the Defendant (the "Fairfield Sentry Subsequent Transfers"). A chart setting forth the presently known Fairfield Sentry Subsequent Transfers is attached here as Exhibit E.

### *Subsequent Transfers from Fairfield Sentry to Fairfield Sigma and then to the Defendant*

59.    A portion of the Fairfield Sentry Initial Transfers was subsequently transferred through Fairfield Sigma to, or for the benefit of, the Defendant.    The subsequent transfers are recoverable from the Defendant pursuant to Section 550 of the Bankruptcy Code and § 278 of the NYDCL.  Based on the Trustee's investigation to date, $752,273,917 of the money transferred from BLMIS to Fairfield Sentry was subsequently transferred by Fairfield Sentry to Fairfield Sigma.  A chart setting forth those transfers is attached here as Exhibit F.  Fairfield Sigma, in turn, transferred the equivalent of $10,992,932 of the money it received from Fairfield Sentry to, or for the benefit of, the Defendant (the "Fairfield Sigma Subsequent Transfers").  A chart setting forth the presently known Fairfield Sigma Subsequent Transfers is attached here as Exhibit G.

### *Subsequent Transfer from Fairfield Sentry to Fairfield Lambda and then to the Defendant*

60.    A portion of the Fairfield Sentry Initial Transfers was subsequently transferred through Fairfield Lambda to, or for the benefit of, the Defendant.    The subsequent transfer is recoverable from the Defendant pursuant to Section 550 of the Bankruptcy Code and § 278 of the NYDCL.  Based on the Trustee's investigation to date, $52,935,000 of the money transferred from BLMIS to Fairfield Sentry was subsequently transferred by Fairfield Sentry to Fairfield Lambda.  A chart setting forth those transfers is attached here as Exhibit H.  Fairfield Lambda, in turn, transferred the equivalent of $68,983 it received from Fairfield Sentry to, or for the benefit of, the Defendant (the "Fairfield Lambda Subsequent Transfer").  A chart setting forth the presently known Fairfield Lambda Subsequent Transfer is attached here as Exhibit I.

61.    The Trustee's investigation is ongoing, and he reserves the right to: (i) supplement the information on the Fairfield Sentry Initial Transfers, Fairfield Sentry Subsequent Transfers,

# Exhibit 2(k)

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone:  (212) 589-4200
Facsimile:  (212) 589-4201
David J. Sheehan
Thomas L. Long
Mark A. Kornfeld

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and Bernard L. Madoff*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (BRL) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. _____ (BRL) |
| Plaintiff, | |
| v. | **COMPLAINT** |
| EFG BANK S.A., f/k/a EFG Private Bank S.A., EFG BANK (MONACO) S.A.M., f/k/a EFG Eurofinancière d'Investissements S.A.M., and EFG BANK & TRUST (BAHAMAS) LIMITED, as successor-in-interest to Banco Atlantico (Bahamas) Bank & Trust Limited, | |
| Defendants. | |

Period Initial Transfers were and continue to be Customer Property within the meaning of SIPA § 78*lll*(4), and are avoidable and recoverable under sections 547, 550, and 551 of the Bankruptcy Code, and applicable provisions of SIPA, particularly SIPA § 78fff-2(c)(3).

57.      The Fairfield Sentry Six Year Initial Transfers, the Fairfield Sentry Two Year Initial Transfers, and the Fairfield Sentry Preference Period Initial Transfers are collectively defined as the "Fairfield Sentry Initial Transfers."    Charts setting forth these transfers are included as Exhibits E and F.

58.      Pursuant to the Bankruptcy Court's June 7 and June 10, 2011 orders, the Bankruptcy Court approved a settlement among the Trustee, Fairfield Sentry, and others (the "Settlement Agreement").    As part of the Settlement Agreement, on July 13, 2011, the Bankruptcy Court entered a consent judgment granting the Trustee a judgment against Fairfield Sentry in the amount of $3,054,000,000.    Fairfield Sentry is obligated to pay $70,000,000 to the Trustee under the terms of the Settlement Agreement.

### 2.      Subsequent Transfers From Fairfield Sentry To Defendant EFG Bank

59.      A portion of the Fairfield Sentry Initial Transfers was subsequently transferred either directly or indirectly to, or for the benefit of, Defendant EFG Bank (the "Fairfield Sentry-EFG Bank Subsequent Transfers").    Based on the Trustee's investigation to date, the Fairfield Sentry-EFG Bank Subsequent Transfers total approximately $201,594,824 and are recoverable from Defendant EFG Bank pursuant to section 550 of the Bankruptcy Code and § 278 of the NYDCL.    A chart setting forth the presently known Fairfield Sentry-EFG Bank Subsequent Transfers is attached as Exhibit G.

60.      The Trustee's investigation is on-going, and the Trustee reserves the right to: (i) supplement the information on the Fairfield Sentry Initial Transfers, the Fairfield Sentry-EFG

Bank Subsequent Transfers, and any additional transfers, and (ii) seek recovery of such additional transfers.

### 3.    Subsequent Transfers from Fairfield Sentry to Fairfield Sigma and Subsequently to Defendant EFG Bank

61.    A portion of the Fairfield Sentry Initial Transfers was subsequently transferred either directly or indirectly to, or for the benefit of, Defendant EFG Bank through Fairfield Sigma and is recoverable from Defendant EFG Bank pursuant to section 550 of the Bankruptcy Code and § 278 of the NYDCL.  Based on the Trustee's investigation to date, approximately $752,273,917 of the money transferred from BLMIS to Fairfield Sentry was subsequently transferred by Fairfield Sentry to Fairfield Sigma.  Thereafter, the equivalent of approximately $8,813,221 was transferred by Fairfield Sigma to Defendant EFG Bank (the "Fairfield Sigma-EFG Bank Subsequent Transfers").  Charts setting forth the presently known Fairfield Sigma-EFG Bank Subsequent Transfers are attached as Exhibits H and I.

62.    The Trustee's investigation is ongoing, and the Trustee reserves the right to: (i) supplement the information on the Fairfield Sentry Initial Transfers, the Fairfield Sigma-EFG Bank Subsequent Transfers, and any additional transfers, and (ii) seek recovery of such additional transfers.

### 4.    Subsequent Transfers from Fairfield Sentry to Fairfield Lambda and Subsequently to Defendant EFG Bank

63.    A portion of the Fairfield Sentry Initial Transfers was subsequently transferred either directly or indirectly to, or for the benefit of, Defendant EFG Bank through Fairfield Lambda and is recoverable from Defendant EFG Bank pursuant to section 550 of the Bankruptcy Code and § 278 of the NYDCL.  Based on the Trustee's investigation to date, approximately $52,935,000 of the money transferred from BLMIS to Fairfield Sentry was subsequently transferred by Fairfield Sentry to Fairfield Lambda.  Thereafter, the equivalent of approximately

17

$653,820 was transferred by Fairfield Lambda to Defendant EFG Bank (the "Fairfield Lambda-EFG Bank Subsequent Transfers").  Charts setting forth the presently known Fairfield Lambda-EFG Bank Subsequent Transfers are attached as Exhibits J and K.

64.    The Trustee's investigation is ongoing, and the Trustee reserves the right to: (i) supplement the information on the Fairfield Sentry Initial Transfers, the Fairfield Lambda-EFG Bank Subsequent Transfers, and any additional transfers, and (ii) seek recovery of such additional transfers.

### 5.    Subsequent Transfers From Fairfield Sentry To Defendant EFG Bank Monaco

65.    A portion of the Fairfield Sentry Initial Transfers was subsequently transferred either directly or indirectly to, or for the benefit of, Defendant EFG Bank Monaco (the "Fairfield Sentry-EFG Bank Monaco Subsequent Transfers").  Based on the Trustee's investigation to date, the Fairfield Sentry-EFG Bank Monaco Subsequent Transfers total approximately $5,045,022 and are recoverable from Defendant EFG Bank Monaco pursuant to section 550 of the Bankruptcy Code and § 278 of the NYDCL.  A chart setting forth the presently known Fairfield-EFG Bank Monaco Subsequent Transfers is attached as Exhibit L.

66.    The Trustee's investigation is on-going, and the Trustee reserves the right to: (i) supplement the information on the Fairfield Sentry Initial Transfers, the Fairfield-Sentry EFG Bank Monaco Subsequent Transfers, and any additional transfers, and (ii) seek recovery of such additional transfers.

### 6.    Subsequent Transfers From Fairfield Sentry To Defendant EFG Bank Bahamas

67.    A portion of the Fairfield Sentry Initial Transfers was subsequently transferred either directly or indirectly to, or for the benefit of, Defendant EFG Bank Bahamas (the "Fairfield Sentry-EFG Bank Bahamas Subsequent Transfers").  Based on the Trustee's

18

investigation to date, the Fairfield Sentry-EFG Bank Bahamas Subsequent Transfers total approximately $95,912,772 and are recoverable from Defendant EFG Bank Bahamas pursuant to section 550 of the Bankruptcy Code and § 278 of the NYDCL. A chart setting forth the presently known Fairfield-EFG Bank Bahamas Subsequent Transfers is attached as Exhibit M.

68.    The Trustee's investigation is on-going, and the Trustee reserves the right to: (i) supplement the information on the Fairfield Sentry Initial Transfers, the Fairfield-Sentry EFG Bank Bahamas Subsequent Transfers, and any additional transfers, and (ii) seek recovery of such additional transfers.

69.    The Fairfield Sentry-EFG Bank Subsequent Transfers, the Fairfield Sigma-EFG Bank Subsequent Transfers, the Fairfield Lambda-EFG Bank Subsequent Transfers, the Fairfield Sentry-EFG Bank Monaco Subsequent Transfers, and the Fairfield Sentry-EFG Bank Bahamas Subsequent Transfers are collectively defined as the "Fairfield Subsequent Transfers."

**COUNT ONE**
**RECOVERY OF KINGATE GLOBAL SUBSEQUENT TRANSFERS –**
**11 U.S.C. §§ 550 AND 551 AND NYDCL § 278**

70.    The Trustee incorporates by reference the allegations contained in the previous paragraphs of this Complaint as if fully rewritten herein.

71.    Defendant EFG Bank received the Kingate Global-EFG Bank Subsequent Transfers, totaling approximately $35,807,216, and Defendant EFG Bank Monaco received the Kingate Global-EFG Bank Monaco Subsequent Transfers, totaling approximately $7,041,386 (collectively, and as previously defined, the "Kingate Global Subsequent Transfers"). The Kingate Global Subsequent Transfers, totaling approximately $42,848,602, are recoverable pursuant to section 550(a) of the Bankruptcy Code and § 278 of the NYDCL.

72.    Each of the Kingate Global Subsequent Transfers was made directly or indirectly to, or for the benefit of, Defendants EFG Bank or EFG Bank Monaco.

# Exhibit 2(l)

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Thomas L. Long
Mark A. Kornfeld
Deborah A. Kaplan
Michelle R. Kaplan
Torello H. Calvani

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and Bernard L. Madoff*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                     Plaintiff-Applicant,<br><br>    v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>                Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, and Bernard L. Madoff,<br><br>             Plaintiff,<br><br>    v.<br><br>INTELIGO BANK LTD. PANAMA BRANCH, f/k/a BLUBANK LTD. PANAMA BRANCH<br><br>               Defendant. | Adv. Pro. No. _____ (BRL)<br><br><br><br>**<u>COMPLAINT</u>** |

40.    Pursuant to the Bankruptcy Court's June 7 and June 10, 2011 orders, the Bankruptcy Court approved a settlement among the Trustee, Fairfield Sentry, and others (the "Settlement Agreement").    As part of the Settlement Agreement, on July 13, 2011, the Bankruptcy Court entered a consent judgment granting the Trustee a judgment against Fairfield Sentry in the amount of $3,054,000,000.  Fairfield Sentry is obligated to pay $70,000,000 to the Trustee under the terms of the Settlement Agreement.

**B.    Subsequent Transfers From Fairfield Sentry To Defendant Inteligo**

41.    A portion of the Fairfield Initial Transfers was subsequently transferred either directly or indirectly to, or for the benefit of, Defendant Inteligo, and is recoverable from Defendant Inteligo pursuant to section 550 of the Bankruptcy Code and § 278 of the NYDCL. Based on the Trustee's investigation to date, approximately $10,745,161 of the money transferred from BLMIS to Fairfield Sentry was subsequently transferred by Fairfield Sentry to Defendant Inteligo (the "Fairfield Sentry Subsequent Transfers").    A chart setting forth the presently known Fairfield Sentry Subsequent Transfers is attached as Exhibit D.

42.    The Trustee's investigation is on-going and the Trustee reserves the right to: (i) supplement the information on the Fairfield Initial Transfers, Fairfield Sentry Subsequent Transfers, and any additional transfers, and (ii) seek recovery of such additional transfers.

**C.    Subsequent Transfers From Fairfield Sentry To Fairfield Sigma And Subsequently To Defendant Inteligo**

43.    A portion of the Fairfield Initial Transfers was subsequently transferred either directly or indirectly to, or for the benefit of, Defendant Inteligo through Fairfield Sigma and is recoverable from Defendant Inteligo pursuant to section 550 of the Bankruptcy Code and § 278 of the NYDCL.  Based on the Trustee's investigation to date, approximately $752,273,917 of the money transferred from BLMIS to Fairfield Sentry was subsequently transferred by Fairfield

11

Sentry to Fairfield Sigma.  Thereafter, the equivalent of at least $72,944 was transferred by Fairfield Sigma to Defendant Inteligo (the "Fairfield Sigma Subsequent Transfers").  Charts setting forth the presently known Fairfield Sigma Subsequent Transfers are attached as Exhibits E and F.

44.     The Trustee's investigation is on-going and the Trustee reserves the right to: (i) supplement the information on the Fairfield Initial Transfers, Fairfield Sigma Subsequent Transfers, and any additional transfers, and (ii) seek recovery of such additional transfers.

45.     The Fairfield Sentry Subsequent Transfers and the Fairfield Sigma Subsequent Transfers are collectively defined as the "Fairfield Subsequent Transfers."

**COUNT ONE**
**RECOVERY OF SUBSEQUENT TRANSFERS –**
**11 U.S.C. §§ 550(a) AND 551 AND NYDCL § 278**

46.     The Trustee incorporates by reference the allegations contained in the previous paragraphs of this Complaint as if fully rewritten herein.

47.     Defendant Inteligo received the Fairfield Subsequent Transfers, totaling approximately $10,818,105, which are recoverable pursuant to section 550(a) of the Bankruptcy Code and § 278 of the NYDCL.

48.     Each of the Fairfield Subsequent Transfers was made directly or indirectly to, or for the benefit of, Defendant Inteligo.

49.     Defendant Inteligo is an immediate or mediate transferee of the Fairfield Initial Transfers.

50.     As a result of the foregoing, pursuant to sections 550(a) and 551 of the Bankruptcy Code, § 278 of the NYDCL, and SIPA § 78fff-2(c)(3), the Trustee is entitled to a judgment against Defendant Inteligo recovering the Fairfield Subsequent Transfers, or the value thereof, for the benefit of the estate of BLMIS.

# Exhibit 2(m)

**Baker & Hostetler LLP**

45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Thomas L. Long
Mark A. Kornfeld
Deborah A. Kaplan
Michelle R. Kaplan
Torello H. Calvani

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | No. 08-01789 (BRL) |
| Plaintiff-Applicant, | SIPA Liquidation (Substantively Consolidated) |
| v. | |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, and Bernard L. Madoff, | Adv. Pro. No. _____ (BRL) |
| Plaintiff, | **COMPLAINT** |
| v. | |
| NAIDOT & CO., | |
| Defendant. | |

Sentry in the amount of $3,054,000,000. Fairfield Sentry is obligated to pay $70,000,000 to the Trustee under the terms of the Settlement Agreement.

**B.    Subsequent Transfers From Fairfield Sentry To Defendant Naidot**

40.    A portion of the Fairfield Sentry Initial Transfers was subsequently transferred either directly or indirectly to, or for the benefit of, Defendant Naidot and is recoverable from Defendant Naidot pursuant to section 550 of the Bankruptcy Code. Based on the Trustee's investigation to date, approximately $13,654,907 of the money transferred from BLMIS to Fairfield Sentry was subsequently transferred by Fairfield Sentry to Defendant Naidot (the "Fairfield Sentry Subsequent Transfers"). A chart setting forth the presently known Fairfield Sentry Subsequent Transfers is attached as Exhibit C.

41.    The Trustee's investigation is on-going and the Trustee reserves the right to: (i) supplement the information on the Fairfield Sentry Initial Transfers, Fairfield Sentry Subsequent Transfers, and any additional transfers, and (ii) seek recovery of such additional transfers.

<u>**COUNT ONE**</u>
<u>**RECOVERY OF SUBSEQUENT TRANSFERS –**</u>
<u>**11 U.S.C. §§ 550(a) AND 551**</u>

42.    The Trustee incorporates by reference the allegations contained in the previous paragraphs of this Complaint as if fully rewritten herein.

43.    Defendant Naidot received the Fairfield Sentry Subsequent Transfers, totaling approximately $13,654,907, which are recoverable pursuant to section 550(a) of the Bankruptcy Code.

44.    Each of the Fairfield Sentry Subsequent Transfers was made directly or indirectly to, or for the benefit of, Defendant Naidot.

# Exhibit 2(n)

**Baker & Hostetler LLP**

45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Thomas L. Long
Mark A. Kornfeld
Deborah A. Kaplan
Michelle R. Kaplan
Torello H. Calvani

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and Bernard L. Madoff*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (BRL) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, and Bernard L. Madoff, | Adv. Pro. No. _____ (BRL) |
| Plaintiff, | |
| v. | **COMPLAINT** |
| CRÉDIT AGRICOLE (SUISSE) S.A., and CRÉDIT AGRICOLE S.A., a/k/a BANQUE DU CRÉDIT AGRICOLE, | |
| Defendants. | |

Period Initial Transfers were and continue to be Customer Property within the meaning of SIPA § 78*lll*(4), and are avoidable and recoverable under sections 547, 550, and 551 of the Bankruptcy Code, and applicable provisions of SIPA, particularly SIPA § 78fff-2(c)(3).

61.    The Fairfield Sentry Six Year Initial Transfers, the Fairfield Sentry Two Year Initial Transfers, and the Fairfield Sentry Preference Period Initial Transfers are collectively defined as the "Fairfield Sentry Initial Transfers."   Charts setting forth these transfers are attached as Exhibits H and I.

62.    Pursuant to the Bankruptcy Court's June 7 and June 10, 2011 orders, the Bankruptcy Court approved a settlement among the Trustee, Fairfield Sentry, and others (the "Settlement Agreement").   As part of the Settlement Agreement, on July 13, 2011, the Bankruptcy Court entered a consent judgment granting the Trustee a judgment against Fairfield Sentry in the amount of $3,054,000,000.  Fairfield Sentry is obliged to pay $70,000,000 to the Trustee under the terms of the Settlement Agreement.

### 2.    Subsequent Transfers From Fairfield Sentry To Defendant Agricole Suisse

63.    A portion of the Fairfield Sentry Initial Transfers was subsequently transferred either directly or indirectly to, or for the benefit of, Defendant Agricole Suisse and is recoverable from Defendant Agricole Suisse pursuant to section 550 of the Bankruptcy Code and § 278 of the NYDCL.   Based on the Trustee's investigation to date, approximately $15,654,127 of the money transferred from BLMIS to Fairfield Sentry was subsequently transferred by Fairfield Sentry to Defendant Agricole Suisse (the "Fairfield Sentry Subsequent Transfers").   A chart setting forth the presently known Fairfield Sentry Subsequent Transfers is attached as Exhibit J.

64.    The Trustee's investigation is ongoing, and the Trustee reserves the right to: (i) supplement the information on the Fairfield Sentry Initial Transfers, the Fairfield Sentry

Subsequent Transfers, and any additional transfers, and (ii) seek recovery of such additional transfers.

### 3. Subsequent Transfers From Fairfield Sentry To Fairfield Sigma And Subsequently To Defendant Agricole Suisse

65. A portion of the Fairfield Sentry Initial Transfers was subsequently transferred either directly or indirectly to, or for the benefit of, Defendant Agricole Suisse through Fairfield Sigma and is recoverable from Defendant Agricole Suisse pursuant to section 550 of the Bankruptcy Code and § 278 of the NYDCL. Based on the Trustee's investigation to date, approximately $752,273,917 of the money transferred from BLMIS to Fairfield Sentry was subsequently transferred by Fairfield Sentry to Fairfield Sigma. Thereafter, the equivalent of approximately $597,664 was transferred by Fairfield Sigma to Defendant Agricole Suisse (the "Fairfield Sigma Subsequent Transfers"). Charts setting forth the presently known Fairfield Sigma Subsequent Transfers are attached as Exhibits K and L.

66. The Trustee's investigation is ongoing, and the Trustee reserves the right to: (i) supplement the information on the Fairfield Sentry Initial Transfers, the Fairfield Sigma Subsequent Transfers, and any additional transfers, and (ii) seek recovery of such additional transfers.

67. The Fairfield Sentry Subsequent Transfers and the Fairfield Sigma Subsequent Transfers are collectively defined as the "Fairfield Subsequent Transfers."

### COUNT ONE
### RECOVERY OF KINGATE SUBSEQUENT TRANSFERS –
### 11 U.S.C. §§ 550 AND 551 AND NYDCL § 278

68. The Trustee incorporates by reference the allegations contained in the previous paragraphs of this Complaint as if fully rewritten herein.

# Exhibit 2(o)

**Baker & Hostetler LLP**

45 Rockefeller Plaza
New York, New York 10111
Telephone:  (212) 589-4200
Facsimile:  (212) 589-4201
David J. Sheehan
Thomas L. Long
Mark A. Kornfeld
Michelle R. Kaplan
Torello H. Calvani

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and Bernard L. Madoff*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>　　　　　　Plaintiff-Applicant,<br><br>　　v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>　　　　　　　　Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>　　　　　　　　Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, and Bernard L. Madoff,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>SNS BANK N.V., and SNS GLOBAL CUSTODY B.V.,<br><br>　　　　　　　　Defendants. | Adv. Pro. No. _____ (BRL)<br><br><br><br>**COMPLAINT** |

41.    Pursuant to the Bankruptcy Court's June 7 and June 10, 2011 orders, the Bankruptcy Court approved a settlement among the Trustee, Fairfield Sentry, and others (the "Settlement Agreement").   As part of the Settlement Agreement, on July 13, 2011, the Bankruptcy Court entered a consent judgment granting the Trustee a judgment in the amount of $3,054,000,000.   Under the terms of the Settlement Agreement, Fairfield Sentry is obligated to pay $70,000,000 to the Trustee for the benefit of the consolidated BLMIS estate.

### B.    Subsequent Transfers from Fairfield Sentry to the SNS Defendants

42.    A portion of the Fairfield Sentry Initial Transfers was subsequently transferred either directly or indirectly to, or for the benefit of, the SNS Defendants and is recoverable from the SNS Defendants pursuant to section 550 of the Bankruptcy Code and § 278 of the NYDCL. Based on the Trustee's investigation to date, approximately $21,060,551 of the money transferred from BLMIS to Fairfield Sentry was subsequently transferred by Fairfield Sentry to the SNS Defendants (the "Fairfield Sentry Subsequent Transfers").   Upon information and belief, Defendant SNS Global Custody received the Fairfield Sentry Subsequent Transfers for its own benefit and/or as custodian and agent for Defendant SNS Bank.   A chart setting forth the presently known Fairfield Sentry Subsequent Transfers is attached as Exhibit C.

43.    The Trustee's investigation is on-going, and the Trustee reserves the right to: (i) supplement the information on the Fairfield Sentry Initial Transfers, the Fairfield Sentry Subsequent Transfers, and any additional transfers, and (ii) seek recovery of such additional transfers.

### C.    Subsequent Transfers from Fairfield Sentry to Fairfield Sigma and Subsequently to the SNS Defendants

44.    A portion of the Fairfield Sentry Initial Transfers was subsequently transferred either directly or indirectly to, or for the benefit of, the SNS Defendants through Fairfield Sigma

11

and is recoverable from the SNS Defendants pursuant to section 550 of the Bankruptcy Code and § 278 of the NYDCL. Based on the Trustee's investigation to date, approximately $752,273,917 of the money transferred from BLMIS to Fairfield Sentry was subsequently transferred by Fairfield Sentry to Fairfield Sigma. Thereafter, the equivalent of approximately $41,540,842 was transferred by Fairfield Sigma to the SNS Defendants (the "Fairfield Sigma Subsequent Transfers"). Upon information and belief, Defendant SNS Global Custody received the Fairfield Sigma Subsequent Transfers for its own benefit and/or as custodian and agent for Defendant SNS Bank. Charts setting forth the presently known Fairfield Sigma Subsequent Transfers are attached as Exhibits D and E.

45.     The Trustee's investigation is ongoing, and the Trustee reserves the right to: (i) supplement the information on the Fairfield Sentry Initial Transfers, the Fairfield Sigma Subsequent Transfers, and any additional transfers, and (ii) seek recovery of such additional transfers.

**D.    Subsequent Transfers from Fairfield Sentry to Fairfield Lambda and Subsequently to the SNS Defendants**

46.     A portion of the Fairfield Sentry Initial Transfers was subsequently transferred either directly or indirectly to, or for the benefit of, the SNS Defendants through Fairfield Lambda and is recoverable from the SNS Defendants pursuant to section 550 of the Bankruptcy Code and § 278 of the NYDCL. Based on the Trustee's investigation to date, approximately $52,935,000 of the money transferred from BLMIS to Fairfield Sentry was subsequently transferred by Fairfield Sentry to Fairfield Lambda. Thereafter, the equivalent of approximately $11,867,009 was transferred by Fairfield Lambda to the SNS Defendants (the "Fairfield Lambda Subsequent Transfers"). Upon information and belief, Defendant SNS Global Custody received the Fairfield Lambda Subsequent Transfers for its own benefit and/or as custodian and agent for

12

# Exhibit 2(p)

**Young Conaway Stargatt & Taylor, LLP**
Rockefeller Center
1270 Avenue of the Americas
Suite 2210
New York, NY 10020
Telephone: (212) 332-8840
Facsimile: (212) 332-8855
Matthew B. Lunn
Justin P. Duda

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation of*
*Bernard L. Madoff Investment Securities LLC*
*and Bernard L. Madoff*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                    Plaintiff-Applicant,<br><br>          v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                    Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>                    Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, and Bernard L. Madoff,<br><br>                    Plaintiff,<br><br>          v.<br><br>INTESA SANPAOLO SPA (AS SUCCESSOR IN INTEREST TO BANCA INTESA SPA), EURIZON CAPITAL SGR SPA (AS SUCCESSOR IN INTEREST TO EURIZON INVESTIMENTI SGR SPA, F/K/A NEXTRA INVESTMENT MANAGEMENT SGR SPA, | Adv. Pro. No. _____ (BRL)<br><br><br><br><br>**COMPLAINT** |

§ 78*lll*(4), and are avoidable and recoverable under sections 544, 548, 550, and 551 of the Bankruptcy Code, §§ 273-279 of the NYDCL, and applicable provisions of SIPA, particularly SIPA § 78fff-2(c)(3).

47.    The Fairfield Sentry Two Year Initial Transfers include approximately $1,134,628,244 which BLMIS transferred to Fairfield Sentry during the 90 days preceding the Filing Date (the "Fairfield Sentry Preference Period Initial Transfers").  The Fairfield Sentry Preference Period Initial Transfers were and continue to be Customer Property within the meaning of SIPA § 78*lll*(4), and are avoidable and recoverable under sections 547, 550, and 551 of the Bankruptcy Code, and applicable provisions of SIPA, particularly SIPA § 78fff-2(c)(3).

48.    The Fairfield Sentry Six Year Initial Transfers, the Fairfield Sentry Two Year Initial Transfers, and the Fairfield Sentry Preference Period Initial Transfers are collectively defined as the "Fairfield Sentry Initial Transfers."  Charts setting forth these transfers are attached as **Exhibits A and B**.

49.    Pursuant to the Bankruptcy Court's June 7 and June 10, 2011 orders, the Bankruptcy Court approved a settlement among the Trustee, Fairfield Sentry, and others (the "Settlement Agreement").  As part of the Settlement Agreement, on July 13, 2011, the Bankruptcy Court entered a consent judgment granting the Trustee a judgment in the amount of $3,054,000,000.  Under the terms of the Settlement Agreement, Fairfield Sentry is obligated to pay $70,000,000 to the Trustee for the benefit of the consolidated BLMIS estate.

### 2.    Subsequent Transfers from Fairfield Sentry to Low Volatility

50.    A portion of the Fairfield Sentry Initial Transfers was subsequently transferred either directly or indirectly to, or for the benefit of, Defendant Low Volatility and is recoverable from Defendant Low Volatility pursuant to section 550 of the Bankruptcy Code and § 278 of the NYDCL.  Based on the Trustee's investigation to date, approximately $7,913,079 of the money

transferred from BLMIS to Fairfield Sentry was subsequently transferred by Fairfield Sentry to Defendant Low Volatility (the "Fairfield Sentry Low Volatility Subsequent Transfers"). A chart setting forth the presently known Fairfield Sentry Low Volatility Subsequent Transfers is attached as **Exhibit C**.

### 3.    Subsequent Transfers from Fairfield Sentry to Medium Volatility

51.    A portion of the Fairfield Sentry Initial Transfers was subsequently transferred either directly or indirectly to, or for the benefit of, Defendant Medium Volatility and is recoverable from Defendant Medium Volatility pursuant to section 550 of the Bankruptcy Code and § 278 of the NYDCL. Based on the Trustee's investigation to date, approximately $3,740,436 of the money transferred from BLMIS to Fairfield Sentry was subsequently transferred by Fairfield Sentry to Defendant Medium Volatility (the "Fairfield Sentry Medium Volatility Subsequent Transfers," together with the Fairfield Sentry Low Volatility Subsequent Transfers, the "Fairfield Sentry Subsequent Transfers"). A chart setting forth the presently known Fairfield Sentry Medium Volatility Subsequent Transfers is attached as **Exhibit D**.

52.    The Trustee's investigation is on-going, and the Trustee reserves the right to: (i) supplement the information on the Fairfield Sentry Initial Transfers, Fairfield Sentry Subsequent Transfers, and any additional transfers, and (ii) seek recovery of such additional transfers.

### B.    KINGATE GLOBAL

### 1.    Initial Transfers from BLMIS to Kingate Global

53.    The Trustee has filed an adversary proceeding against Kingate Global, Kingate Euro, and other defendants in the Bankruptcy Court under the caption *Picard v. Kingate Global Fund, et al.,* Adv. Pro. No. 10-05310 (BRL), in which, in part, the Trustee sought to avoid and recover initial transfers of Customer Property from BLMIS to Kingate Global in the amount of

# Exhibit 2(q)

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Thomas L. Long
Mark A. Kornfeld
Michelle R. Kaplan
Torello H. Calvani

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and Bernard L. Madoff*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (BRL) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | Adv. Pro. No. _____ (BRL) |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | **COMPLAINT** |
| Plaintiff, | |
| v. | |
| BORDIER & CIE, | |
| Defendant. | |

38.     The Fairfield Sentry Two Year Initial Transfers include approximately $1.1 billion which BLMIS transferred to Fairfield Sentry during the 90 days preceding the Filing Date (the "Fairfield Sentry Preference Period Initial Transfers").  The Fairfield Sentry Preference Period Initial Transfers were and continue to be Customer Property within the meaning of SIPA § 78*lll*(4), and are avoidable and recoverable under sections 547, 550, and 551 of the Bankruptcy Code, and applicable provisions of SIPA, particularly SIPA § 78fff-2(c)(3).

39.     The Fairfield Sentry Six Year Initial Transfers, the Fairfield Sentry Two Year Initial Transfers, and the Fairfield Sentry Preference Period Initial Transfers are collectively defined as the "Fairfield Sentry Initial Transfers."  Charts setting forth these transfers are included as Exhibits A and B.

40.     Pursuant to the Bankruptcy Court's June 7 and June 10, 2011 orders, the Bankruptcy Court approved a settlement among the Trustee, Fairfield Sentry, and others (the "Settlement Agreement").  As part of the Settlement Agreement, on July 13, 2011, the Bankruptcy Court entered a consent judgment granting the Trustee a judgment against Fairfield Sentry in the amount of $3,054,000,000.  Fairfield Sentry is obligateed to pay $70,000,000 to the Trustee under the terms of the Settlement Agreement.

### 2.     Subsequent Transfers From Fairfield Sentry To Defendant Bordier

41.     A portion of the Fairfield Sentry Initial Transfers was subsequently transferred either directly or indirectly to, or for the benefit of, Defendant Bordier and is recoverable from Defendant Bordier pursuant to section 550 of the Bankruptcy Code and § 278 of the NYDCL. Based on the Trustee's investigation to date, approximately $7,928,454 of the money transferred from BLMIS to Fairfield Sentry was subsequently transferred by Fairfield Sentry to Defendant Bordier (the "Fairfield Sentry Subsequent Transfers").  A chart setting forth the presently known Fairfield Sentry Subsequent Transfers is attached as Exhibit C.

# Exhibit 2(r)

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Thomas L. Long
Mark A. Kornfeld
Torello H. Calvani

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (BRL) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 12-01005 (BRL) |
| Plaintiff, | |
| v. | **FIRST AMENDED COMPLAINT** |
| SICO LIMITED, | |
| Defendant. | |

avoidable and recoverable under sections 544, 548, 550, and 551 of the Bankruptcy Code, §§ 273-279 of the NYDCL, and applicable provisions of SIPA, particularly SIPA § 78fff-2(c)(3).

45.    The Fairfield Sentry Two Year Initial Transfers include approximately $1.1 billion which BLMIS transferred to Fairfield Sentry during the 90 days preceding the Filing Date (the "Fairfield Sentry Preference Period Initial Transfers").  The Fairfield Sentry Preference Period Initial Transfers were and continue to be Customer Property within the meaning of SIPA § 78*lll*(4), and are avoidable and recoverable under sections 547, 550, and 551 of the Bankruptcy Code, and applicable provisions of SIPA, particularly SIPA § 78fff-2(c)(3).

46.    The Fairfield Sentry Six Year Initial Transfers, the Fairfield Sentry Two Year Initial Transfers, and the Fairfield Sentry Preference Period Initial Transfers are collectively defined as the "Fairfield Sentry Initial Transfers."  Charts setting forth these transfers are attached as Exhibits D and E.

47.    Pursuant to the Bankruptcy Court's June 7 and June 10, 2011 orders, the Bankruptcy Court approved a settlement among the Trustee, Fairfield Sentry, and others (the "Settlement Agreement").  As part of the Settlement Agreement, on July 13, 2011, the Bankruptcy Court entered a consent judgment granting the Trustee a judgment against Fairfield Sentry in the amount of $3,054,000,000.  Fairfield Sentry is obliged to pay $70,000,000 to the Trustee under the terms of the Settlement Agreement.

### 2.    Subsequent Transfers From Fairfield Sentry To Defendant SICO

48.    A portion of the Fairfield Sentry Initial Transfers was subsequently transferred either directly or indirectly to, or for the benefit of, Defendant SICO and is recoverable from Defendant SICO pursuant to section 550 of the Bankruptcy Code and § 278 of the NYDCL. Based on the Trustee's investigation to date, approximately $14,544,621 of the money transferred from BLMIS to Fairfield Sentry was subsequently transferred by Fairfield Sentry to

Defendant SICO (the "Fairfield Sentry Subsequent Transfers"). A chart setting forth the presently known Fairfield Sentry Subsequent Transfers is attached as Exhibit F.

49. The Trustee's investigation is ongoing, and the Trustee reserves the right to: (i) supplement the information on the Fairfield Sentry Initial Transfers, the Fairfield Sentry Subsequent Transfers, and any additional transfers, and (ii) seek recovery of such additional transfers.

**COUNT ONE**
**RECOVERY OF KINGATE GLOBAL SUBSEQUENT TRANSFERS –**
**11 U.S.C. §§ 550 AND 551 AND NYDCL § 278**

50. The Trustee incorporates by reference the allegations contained in the previous paragraphs of this First Amended Complaint as if fully rewritten herein.

51. Defendant SICO received the Kingate Global Subsequent Transfers, totaling approximately $1,070,796, which are recoverable pursuant to section 550(a) of the Bankruptcy Code and § 278 of the NYDCL.

52. Each of the Kingate Global Subsequent Transfers was made directly or indirectly to, or for the benefit of, Defendant SICO.

53. Defendant SICO is an immediate or mediate transferee of the Kingate Global Initial Transfers.

54. As a result of the foregoing, pursuant to sections 550(a) and 551 of the Bankruptcy Code, § 278 of the NYDCL, and SIPA § 78fff-2(c)(3), the Trustee is entitled to a judgment against Defendant SICO recovering the Kingate Global Subsequent Transfers, or the value thereof, for the benefit of the estate of BLMIS.

# Exhibit 2(s)

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone:  (212) 589-4200
Facsimile:  (212) 589-4201
David J. Sheehan
Thomas L. Long
Mark A. Kornfeld
Deborah A. Kaplan
Michelle R. Kaplan
Torello H. Calvani

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and Bernard L. Madoff*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | No. 08-01789 (BRL) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, and Bernard L. Madoff, | Adv. Pro. No. _____ (BRL) |
| Plaintiff, | |
| v. | **COMPLAINT** |
| BARCLAYS BANK (SUISSE) S.A., BARCLAYS BANK S.A., and BARCLAYS PRIVATE BANK & TRUST LIMITED, | |
| Defendants. | |

were and continue to be Customer Property within the meaning of SIPA § 78*lll*(4), are avoidable, and recoverable under sections 548(a), 550, and 551 of the Bankruptcy Code, and applicable provisions of SIPA, particularly SIPA § 78fff-2(c)(3).

40.     The Fairfield Sentry Two Year Initial Transfers include approximately $1.1 billion which BLMIS transferred to Fairfield Sentry during the 90 days preceding the Filing Date (the "Fairfield Sentry Preference Period Initial Transfers").  The Fairfield Sentry Preference Period Initial Transfers were and continue to be Customer Property within the meaning of SIPA § 78*lll*(4), are avoidable, and recoverable under sections 547, 550, and 551 of the Bankruptcy Code, and applicable provisions of SIPA, particularly SIPA § 78fff-2(c)(3).

41.     The Fairfield Sentry Six Year Initial Transfers, the Fairfield Sentry Two Year Initial Transfers, and the Fairfield Sentry Preference Period Initial Transfers are collectively defined as the "Fairfield Sentry Initial Transfers."  Charts setting forth these transfers are attached as Exhibits B and C.

42.     Pursuant to the Bankruptcy Court's June 7 and June 10, 2011 orders, the Bankruptcy Court approved a settlement among the Trustee, Fairfield Sentry, and others (the "Settlement Agreement").  As part of the Settlement Agreement, on July 13, 2011, the Bankruptcy Court entered a consent judgment granting the Trustee a judgment in the amount of $3,054,000,000.  Fairfield Sentry is obligated to pay $70,000,000 to the Trustee under the terms of the Settlement Agreement.

### B.     Subsequent Transfers From Fairfield Sentry To Defendant Barclays Spain

43.     A portion of the Fairfield Sentry Initial Transfers was subsequently transferred either directly or indirectly to, or for the benefit of, Defendant Barclays Spain and is recoverable pursuant to section 550 of the Bankruptcy Code.  Based on the Trustee's investigation to date, approximately $4,719,252 of the money transferred from BLMIS to Fairfield Sentry was

subsequently transferred by Fairfield Sentry to Defendant Barclays Spain (the "Fairfield Sentry-Barclays Spain Subsequent Transfers").  A chart setting forth the presently known Fairfield Sentry-Barclays Spain Subsequent Transfers is attached as Exhibit D.

44.     The Trustee's investigation is on-going and the Trustee reserves the right to: (i) supplement the information on the Fairfield Sentry Initial Transfers, the Fairfield Sentry-Barclays Spain Subsequent Transfers, and any additional transfers, and (ii) seek recovery of such additional transfers.

> **C.      Subsequent Transfers From Fairfield Sentry To Fairfield Sigma And Subsequently To Defendant Barclays Spain**

45.     A portion of the Fairfield Sentry Initial Transfers was subsequently transferred either directly or indirectly to, or for the benefit of, Defendant Barclays Spain through Fairfield Sigma and is recoverable pursuant to section 550 of the Bankruptcy Code.  Based on the Trustee's investigation to date, approximately $752,273,917 of the money transferred from BLMIS to Fairfield Sentry was subsequently transferred by Fairfield Sentry to Fairfield Sigma, which in turn transferred the equivalent of approximately $16,105,498 to Defendant Barclays Spain (the "Fairfield Sigma-Barclays Spain Subsequent Transfers").  Charts setting forth the presently known Fairfield Sigma-Barclays Spain Subsequent Transfers are attached as Exhibits E and F.

46.     The Trustee's investigation is on-going and the Trustee reserves the right to: (i) supplement the information on the Fairfield Sentry Initial Transfers, the Fairfield Sigma-Barclays Spain Subsequent Transfers, and any additional transfers, and (ii) seek recovery of such additional transfers.

47. The Fairfield Sentry-Barclays Spain Subsequent Transfers and the Fairfield Sigma-Barclays Spain Subsequent Transfers are collectively defined as the "Barclays Spain Subsequent Transfers."

### D. Subsequent Transfers From Fairfield Sentry To Defendant Barclays Suisse

48. A portion of the Fairfield Sentry Initial Transfers was subsequently transferred either directly or indirectly to, or for the benefit of, Defendant Barclays Suisse and is recoverable pursuant to section 550 of the Bankruptcy Code. Based on the Trustee's investigation to date, approximately $37,973,175 of the money transferred from BLMIS to Fairfield Sentry was subsequently transferred by Fairfield Sentry to Defendant Barclays Suisse (the "Fairfield Sentry-Barclays Suisse Subsequent Transfers"). A chart setting forth the presently known Fairfield Sentry-Barclays Suisse Subsequent Transfers is attached as Exhibit G.

49. The Trustee's investigation is on-going and the Trustee reserves the right to: (i) supplement the information on the Fairfield Sentry Initial Transfers, the Fairfield Sentry-Barclays Suisse Subsequent Transfers, and any additional transfers, and (ii) seek recovery of such additional transfers.

### E. Subsequent Transfers From Fairfield Sentry To Fairfield Sigma And Subsequently To Defendant Barclays Suisse

50. A portion of the Fairfield Sentry Initial Transfers was subsequently transferred either directly or indirectly to, or for the benefit of, Defendant Barclays Suisse through Fairfield Sigma and is recoverable pursuant to section 550 of the Bankruptcy Code. Based on the Trustee's investigation to date, approximately $752,273,917 of the money transferred from BLMIS to Fairfield Sentry was subsequently transferred by Fairfield Sentry to Fairfield Sigma, which in turn transferred the equivalent of approximately $7,704,754 to Defendant Barclays Suisse (the "Fairfield Sigma-Barclays Suisse Subsequent Transfers"). Charts setting forth the

presently known Fairfield Sigma-Barclays Suisse Subsequent Transfers are attached as Exhibits E and H.

51.     The Trustee's investigation is on-going and the Trustee reserves the right to: (i) supplement the information on the Fairfield Sentry Initial Transfers, the Fairfield Sigma-Barclays Suisse Subsequent Transfers, and any additional transfers, and (ii) seek recovery of such additional transfers.

52.     The Fairfield Sentry-Barclays Suisse Subsequent Transfers and the Fairfield Sigma-Barclays Suisse Subsequent Transfers are collectively defined as the "Barclays Suisse Subsequent Transfers."

**F.      Subsequent Transfers From Fairfield Sentry To Defendant Barclays Private Bank**

53.     A portion of the Fairfield Sentry Initial Transfers was subsequently transferred either directly or indirectly to, or for the benefit of, Defendant Barclays Private Bank and is recoverable pursuant to section 550 of the Bankruptcy Code.  Based on the Trustee's investigation to date, approximately $893,988 of the money transferred from BLMIS to Fairfield Sentry was subsequently transferred by Fairfield Sentry to Defendant Barclays Private Bank (the "Barclays Private Bank Subsequent Transfers").  A chart setting forth the presently known Barclays Private Bank Subsequent Transfers is attached as Exhibit I.

54.     The Trustee's investigation is on-going and the Trustee reserves the right to: (i) supplement the information on the Fairfield Sentry Initial Transfers, the Barclays Private Bank Subsequent Transfers, and any additional transfers, and (ii) seek recovery of such additional transfers.

# Exhibit 2(t)

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York  10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Thomas L. Long
Mark A. Kornfeld

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and Bernard L. Madoff*


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | No. 08-01789 (BRL) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | **<u>COMPLAINT</u>** |
| BERNARD L. MADOFF, | |
| Debtor. | |

<table>
<tr>
<td>
IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, and Bernard L. Madoff,

        Plaintiff,

        v.

SAFRA NATIONAL BANK OF NEW YORK,

        Defendant.
</td>
<td>
Adv. Pro. No. _____ (BRL)
</td>
</tr>
</table>

Irving H. Picard (the "Trustee"), as trustee for the liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS"), and the substantively consolidated estate of Bernard L. Madoff, individually, under the Securities Investor Protection Act ("SIPA"), 15 U.S.C. §§ 78aaa *et seq.*, for this Complaint against Safra National Bank of New York ("Safra New York"), alleges the following:

## I.    <u>NATURE OF THE ACTION</u>

1.    This adversary proceeding is part of the Trustee's continuing efforts to avoid transfers of and recover BLMIS Customer Property[1] that was stolen as part of the massive Ponzi scheme perpetrated by Bernard L. Madoff ("Madoff") and others.

2.    With this Complaint, the Trustee seeks to recover the equivalent of at least $111,651,326 in subsequent transfers made to Defendant Safra New York. The subsequent transfers were derived from investments with BLMIS made by Madoff Feeder Funds. As used herein, the term "Madoff Feeder Fund" refers to an investment vehicle that opened direct

---

[1]    SIPA § 78*lll*(4) defines "Customer Property" as cash and securities at any time received, acquired, or held by, or for the account of, a debtor from or, for, the securities accounts of a customer, and the proceeds of any such property transferred by the debtor, including property unlawfully converted.

78*lll*(4) and are avoidable, should be avoided, and are recoverable under sections 544, 550, and

551 of the Bankruptcy Code, sections 273-279 of the New York Debtor and Creditor Law, and

applicable provisions of SIPA, particularly SIPA § 78fff-2(c)(3).

36.    The Fairfield Six Year Initial Transfers include approximately $1.6 billion that

BLMIS transferred to Sentry during the two years preceding the Filing Date (the "Fairfield Two

Year Initial Transfers").  The Fairfield Two Year Initial Transfers were and continue to be

Customer Property within the meaning of SIPA § 78*lll*(4) and are avoidable, should be avoided,

and are recoverable under sections 548(a), 550, and 551 of the Bankruptcy Code, and applicable

provisions of SIPA, particularly SIPA § 78fff-2(c)(3).

37.    The Fairfield Two Year Initial Transfers include approximately $1.1 billion that

BLMIS transferred to Sentry during the 90 days preceding the Filing Date (the "Fairfield

Preference Period Initial Transfers").  The Fairfield Preference Period Initial Transfers were and

are Customer Property within the meaning of SIPA § 78*lll*(4) and are avoidable, should be

avoided, and are recoverable under sections 547, 550, and 551 of the Bankruptcy Code, and

applicable provisions of SIPA, particularly SIPA § 78fff-2(c)(3).

38.    The Fairfield Six Year Initial Transfers, the Fairfield Two Year Initial Transfers,

and the Fairfield Preference Period Initial Transfers are collectively defined as the "Fairfield

Initial Transfers."  Charts detailing these transactions are included as Exhibits A and B.

**2.    SUBSEQUENT TRANSFERS FROM SENTRY TO DEFENDANT
SAFRA NEW YORK**

39.    Based on the Trustee's investigation to date, approximately $95,853,575 of the

money transferred from BLMIS to Sentry was subsequently transferred by Sentry to Defendant

Safra New York (the "Sentry Subsequent Transfers").  A chart setting forth the presently known

Sentry Subsequent Transfers is attached as Exhibit C.

40.    The Fairfield Complaint seeks to avoid and recover the Fairfield Initial Transfers pursuant to sections 544, 547, 548, 550, and 551 of the Bankruptcy Code, sections 273-279 of the New York Debtor and Creditor Law, and applicable provisions of SIPA, particularly SIPA § 78fff-2(c)(3).

41.    As set forth in paragraph 39 of this Complaint, a portion of the Fairfield Initial Transfers was subsequently transferred either directly or indirectly to, or for the benefit of, Defendant Safra New York and is recoverable from Defendant Safra New York pursuant to section 550 of the Bankruptcy Code.

42.    The Trustee's investigation is on-going and the Trustee reserves the right to: (i) supplement the information on the Fairfield Initial Transfers, Sentry Subsequent Transfers, and any additional transfers, and (ii) seek recovery of such additional transfers.

### 3.    SUBSEQUENT TRANSFERS FROM SENTRY TO SIGMA AND SUBSEQUENTLY TO DEFENDANT SAFRA NEW YORK

43.    Based on the Trustee's investigation to date, approximately $752,273,917 of money transferred from BLMIS to Sentry was subsequently transferred by Sentry to Sigma. Thereafter, the equivalent of approximately $5,701,407 was transferred by Sigma to Defendant Safra New York (the "Sentry-Sigma Subsequent Transfers"). Charts setting forth the presently known Sentry-Sigma Subsequent Transfers are attached as Exhibits D and E.

44.    The Fairfield Complaint seeks to avoid and recover the Fairfield Initial Transfers pursuant to sections 544, 547, 548, 550, and 551 of the Bankruptcy Code, sections 273-279 of the New York Debtor and Creditor Law, and applicable provisions of SIPA, particularly SIPA § 78fff-2(c)(3).

45.    As set forth in paragraph 43 of this Complaint, a portion of the Sentry-Sigma Subsequent Transfers was subsequently transferred either directly or indirectly to, or for the

13

# Exhibit 2(u)

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Thomas L. Long
Mark A. Kornfeld
Michelle R. Kaplan
Torello H. Calvani

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (BRL) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. _____ (BRL) |
| Plaintiff, | |
| v. | |
| CITIVIC NOMINEES LTD., | **COMPLAINT** |
| Defendant. | |

### 2.    Subsequent Transfers from Fairfield Sentry to Defendant Citivic

41.    A portion of the Fairfield Sentry Initial Transfers was subsequently transferred either directly or indirectly to, or for the benefit of, Defendant Citivic and is recoverable from Defendant Citivic pursuant to section 550 of the Bankruptcy Code and § 278 of the NYDCL. Based on the Trustee's investigation to date, approximately $59,479,232 of the money transferred from BLMIS to Fairfield Sentry was subsequently transferred by Fairfield Sentry to Defendant Citivic (the "Fairfield Sentry Subsequent Transfers").   A chart setting forth the presently known Fairfield Sentry Subsequent Transfers is attached as Exhibit C.

42.    The Trustee's investigation is on-going, and the Trustee reserves the right to: (i) supplement the information on the Fairfield Sentry Initial Transfers, the Fairfield Sentry Subsequent Transfers, and any additional transfers, and (ii) seek recovery of such additional transfers.

### B.    KINGATE GLOBAL

### 1.    Initial Transfers from BLMIS to Kingate Global

43.    The Trustee has filed an adversary proceeding against Kingate Global and other defendants in the Bankruptcy Court under the caption *Picard v. Kingate Global Fund, et al.*, Adv. Pro. No. 09-01161 (BRL), in which, in part, the Trustee sought to avoid and recover initial transfers of Customer Property from BLMIS to Kingate Global in the amount of approximately $437,501,112 (the "Kingate Global Complaint").   The Trustee incorporates by reference the allegations contained in the Kingate Global Complaint as if fully set forth herein.

44.    Over the lifetime of Kingate Global's account with BLMIS, from its inception to the Filing Date, BLMIS made transfers to Kingate Global of approximately $437,501,112 (the "Kingate Global Lifetime Initial Transfers").  The Kingate Global Lifetime Initial Transfers were and continue to be Customer Property within the meaning of SIPA § 78*lll*(4), and are avoidable

# Exhibit 2(v)

**WINDELS MARX LANE & MITTENDORF, LLP**
156 West 56th Street
New York, New York 10019
Tel: (212) 237-1000
Fax: (212) 262-1215
Howard L. Simon

*Special Counsel for Irving H. Picard, Trustee for the Substantively*
*Consolidated SIPA Liquidation of Bernard L. Madoff Investment*
*Securities LLC and the Chapter 7 Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (CGM) |
| Plaintiff-Applicant, | SIPA Liquidation (Substantively Consolidated) |
| v. | |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant, | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff, | Adv. Pro. No. 12-01699 (CGM) |
| Plaintiff, | |
| v. | **AMENDED COMPLAINT** |
| ROYAL BANK OF CANADA, individually and as successor in interest to Royal Bank of Canada (Asia) Limited; GUERNROY LIMITED; RBC TRUST COMPANY (JERSEY) LIMITED; BANQUE SYZ S.A., as successor in interest to Royal Bank of Canada (Suisse) S.A.; RBC DOMINION SECURITIES INC.; and RBC ALTERNATIVE ASSETS, L.P., | |
| Defendants. | |

{12033337:1}

and applicable provisions of the N.Y. Debt. & Cred. Law (the "NYDCL"), particularly §§ 273-279, and of SIPA, particularly § 78fff-2(c)(3).

159.    Of the Fairfield Sentry Six Year Transfers, $1,580,000,000 was transferred to Fairfield Sentry during the two years preceding the Filing Date (the "Fairfield Sentry Two Year Transfers").  Each of the Fairfield Sentry Two Year Transfers is avoidable under section 548 of the Bankruptcy Code and applicable provisions of SIPA, particularly § 78fff-2(c)(3).

2.    <u>Subsequent Transfers From Fairfield Sentry to the Fairfield Sentry Transferee Defendants</u>

160.    Prior to the Filing Date, Fairfield Sentry subsequently transferred a portion of the Fairfield Sentry Initial Transfers to the Fairfield Sentry Transferee Defendants.  Based on the Trustee's investigation to date, the subsequent transfers to the Fairfield Sentry Transferee Defendants total at least $38,019,770 (the "Fairfield Sentry Subsequent Transfers").  A chart setting forth the presently known Fairfield Sentry Subsequent Transfers is attached as Exhibit C.

161.    On June 6, 2012, the Trustee filed this action seeking recovery of subsequent transfers from Fairfield Sentry.

162.    The Fairfield Sentry Subsequent Transfers are recoverable from the Fairfield Sentry Transferee Defendants under section 550(a) of the Bankruptcy Code and applicable provisions of SIPA, particularly § 78fff-2(c)(3).

163.    The Fairfield Sentry Subsequent Transfers represent redemptions of equity interests by the Fairfield Sentry Transferee Defendants as shareholders in Fairfield Sentry.  Because Fairfield Sentry invested all or substantially all of its assets into the BLMIS Ponzi scheme, Fairfield Sentry was insolvent when it made the Fairfield Sentry Subsequent Transfers to the Fairfield Sentry Transferee Defendants upon redemption of their interests.

# Exhibit 2(w)

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Thomas L. Long
Mark A. Kornfeld
Deborah A. Kaplan
Michelle R. Kaplan
Torello H. Calvani

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | No. 08-01789 (BRL) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, and Bernard L. Madoff, | Adv. Pro. No. _____ (BRL) |
| Plaintiff, | **COMPLAINT** |
| v. | |
| ATLANTIC SECURITY BANK, | |
| Defendant. | |

39.     Pursuant to the Bankruptcy Court's June 7 and June 10, 2011 orders, the Bankruptcy Court approved a settlement among the Trustee, Fairfield Sentry, and others (the "Settlement Agreement").   As part of the Settlement Agreement, on July 13, 2011, the Bankruptcy Court entered a consent judgment granting the Trustee a judgment against Fairfield Sentry in the amount of $3,054,000,000.  Fairfield Sentry is obligated to pay $70,000,000 to the Trustee under the terms of the Settlement Agreement.

**B.      Subsequent Transfers From Fairfield Sentry To Defendant ASB**

40.     A portion of the Fairfield Sentry Initial Transfers was subsequently transferred either directly or indirectly to, or for the benefit of, Defendant ASB and is recoverable from Defendant ASB pursuant to section 550 of the Bankruptcy Code. Based on the Trustee's investigation to date, approximately $120,168,691 of the money transferred from BLMIS to Fairfield Sentry was subsequently transferred by Fairfield Sentry to Defendant ASB (the "Fairfield Sentry Subsequent Transfers").  A chart setting forth the presently known Fairfield Sentry Subsequent Transfers is attached as Exhibit D.

41.     The Trustee's investigation is on-going and the Trustee reserves the right to: (i) supplement the information on the Fairfield Sentry Initial Transfers, Fairfield Sentry Subsequent Transfers, and any additional transfers, and (ii) seek recovery of such additional transfers.

**COUNT ONE**
**RECOVERY OF SUBSEQUENT TRANSFERS –**
**11 U.S.C. §§ 550 AND 551**

42.     The Trustee incorporates by reference the allegations contained in the previous paragraphs of this Complaint as if fully rewritten herein.

# Exhibit 2(x)

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and the Chapter 7 Estate of Bernard L. Madoff*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (CGM) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff, | Adv. Pro. No. 12-01209 (CGM) |
| Plaintiff, | **AMENDED COMPLAINT** |
| v. | |
| BSI AG, individually and as successor in interest to BANCO DEL GOTTARDO AG, | |
| Defendant. | |

75.     Lastly, both BSI's and BDG's primary contacts at FGG were New York-based FGG executives.

76.     BSI and BDG each transacted business within New York, and the Trustee's claims against BSI arise from those business activities.  BSI and BDG each derived significant revenue from New York and maintained minimum contacts and/or general business contacts with the United States and New York in connection with the claims alleged herein.

77.     BSI (individually and as successor in interest to BDG) should reasonably expect to be subject to New York jurisdiction and is subject to personal jurisdiction pursuant to NYCPLR § 302 (McKinney 2001) and Bankruptcy Rule 7004.

## VII.     RECOVERY OF TRANSFERS TO BSI AND BDG

### A.     INITIAL TRANSFERS FROM BLMIS TO FAIRFIELD SENTRY

78.     The Trustee commenced a separate adversary proceeding against Fairfield Sentry and other defendants in this Court under the caption, *Picard v. Fairfield Investment Fund Limited, et al.*, Adv. Pro. No. 09-01239, seeking to avoid and recover initial transfers of customer property from BLMIS to Fairfield Sentry in the approximate amount of $3,000,000,000 (the "Fairfield Sentry Initial Transfers").

79.     By orders dated June 7 and June 10, 2011, this Court approved a settlement among the Trustee, Fairfield Sentry, and others, and on July 13, 2011, entered a consent judgment in favor of the Trustee and against Fairfield Sentry in the amount of $3,054,000,000 ("Judgment Amount") [ECF No. 109].

80.     The Fairfield Sentry Initial Transfers are set forth in the attached Exhibits A and B.  The Fairfield Sentry Initial Transfers were and continue to be customer property within the meaning of SIPA § 78lll(4).

19

## B. SUBSEQUENT TRANSFERS FROM FAIRFIELD SENTRY TO BSI AND BDG

### 1. Transfers to BSI

85. Prior to the Filing Date, Fairfield Sentry subsequently transferred a portion of the Fairfield Sentry Initial Transfers to BSI (the "Fairfield Sentry-BSI Subsequent Transfers"). Based on the Trustee's investigation to date, the Fairfield Sentry-BSI Subsequent Transfers total at least $27,315,638. A chart setting forth the presently known Fairfield Sentry-BSI Subsequent Transfers by date and amount is attached as Exhibit C.

86. On March 23, 2012, the Trustee filed this action seeking recovery of subsequent transfers.

87. The Fairfield Sentry-BSI Subsequent Transfers are recoverable from BSI under section 550(a) of the Bankruptcy Code and applicable provisions of SIPA, particularly § 78fff-2(c)(3).

88. The Fairfield Sentry-BSI Subsequent Transfers represent a redemption of equity interests by BSI as a shareholder in Fairfield Sentry. Because Fairfield Sentry invested all or substantially all of its assets into the BLMIS Ponzi scheme, Fairfield Sentry was insolvent when it made the Fairfield Sentry-BSI Subsequent Transfers upon redemption of BSI's interests.

### 2. Transfers to BDG

89. Prior to the Filing Date, Fairfield Sentry subsequently transferred a portion of the Fairfield Sentry Initial Transfers to BDG (the "Fairfield Sentry-BDG Subsequent Transfers"). Based on the Trustee's investigation to date, the Subsequent Transfers total at least $20,270,860. A chart setting forth the presently known Fairfield Sentry-BDG Subsequent Transfers by date and amount is attached as Exhibit D.

21

90.     The Fairfield Sentry-BDG Subsequent Transfers are recoverable from BSI, as the successor to BDG, under section 550(a) of the Bankruptcy Code and applicable provisions of SIPA, particularly § 78fff-2(c)(3).

91.     The Fairfield Sentry-BDG Subsequent Transfers represent a redemption of equity interests by BDG as a shareholder in Fairfield Sentry. Because Fairfield Sentry invested all or substantially all of its assets into the BLMIS Ponzi scheme, Fairfield Sentry was insolvent when it made the Fairfield Sentry-BDG Subsequent Transfers upon redemption of BDG's interests.

### C.    SUBSEQUENT TRANSFERS FROM FAIRFIELD SENTRY TO FAIRFIELD SIGMA AND SUBSEQUENTLY TO BSI AND BDG

#### 1.    Transfers to BSI

92.     Prior to the Filing Date, Fairfield Sentry subsequently transferred at least $772,690,257 of the Fairfield Sentry Initial Transfers directly to Fairfield Sigma. A chart setting forth the presently known such transfers by date and amount is attached as Exhibit E.

93.     Thereafter, Fairfield Sigma transferred at least $8,695,673 to BSI (the "Sigma-BSI Subsequent Transfers"). A chart setting forth the presently known Sigma-BSI Subsequent Transfers is attached as Exhibit F.

94.     The Sigma-BSI Subsequent Transfers are recoverable from BSI under section 550(a) of the Bankruptcy Code and applicable provisions of SIPA, particularly § 78fff-2(c)(3).

95.     The Sigma-BSI Subsequent Transfers represent a redemption of equity interests by BSI as a shareholder in Fairfield Sigma. Because Fairfield Sigma invested all or substantially all of its assets into the BLMIS Ponzi scheme via Fairfield Sentry, Fairfield Sigma was insolvent when it made the Sigma-BSI Subsequent Transfers upon redemption of BSI's interests.

## 2.      Transfers to BDG

96.      Fairfield Sigma transferred at least $4,622,074 of the Fairfield Sigma Subsequent Transfers to BDG (the "Sigma-BDG Subsequent Transfers").[3]  A chart setting forth the presently known Sigma-BDG Subsequent Transfers is attached as Exhibit G.

97.      The Sigma-BDG Subsequent Transfers are recoverable from BSI under section 550(a) of the Bankruptcy Code and applicable provisions of SIPA, particularly § 78fff-2(c)(3).

98.      The Sigma-BDG Subsequent Transfers represent a redemption of equity interests by BDG as a shareholder in Fairfield Sigma. Because Fairfield Sigma invested all or substantially all of its assets into the BLMIS Ponzi scheme via Fairfield Sentry, Fairfield Sigma was insolvent when it made the Sigma-BDG Subsequent Transfers upon redemption of BDG's interests.

## COUNT ONE

## RECOVERY OF SUBSEQUENT TRANSFERS
## 11 U.S.C. §§ 105(a) AND 550(a)

99.      The Trustee incorporates by reference the allegations contained in the previous paragraphs of this Amended Complaint as if fully rewritten herein.

100.    The Transfers are recoverable from BSI under section 550(a) of the Bankruptcy Code and SIPA § 78fff-2(c)(3).

101.    BSI and BDG are immediate or mediate transferees of the Transfers.

102.    As a result of the foregoing, pursuant to sections 105(a) and 550(a) of the Bankruptcy Code, and SIPA § 78fff-2(c)(3), the Trustee is entitled to a judgment against BSI: (a)

---

[3] The Fairfield Sentry-BSI Subsequent Transfers, the Fairfield Sentry-BDG Subsequent Transfers, the Sigma-BSI Subsequent Transfers and the Sigma-BDG Subsequent Transfers are collectively, and as defined above, the "Transfers".

23

# Exhibit 2(y)

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Keith R. Murphy
Ferve E. Khan
Eric B. Hiatt

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and the Chapter 7 Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (CGM) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff, | Adv. Pro. No. 11-02922 (CGM) |
| Plaintiff, | |
| v. | |
| BANK JULIUS BAER & CO. LTD., | **AMENDED COMPLAINT** |
| Defendant. | |

BLMIS fraud.  The Trustee incorporates by reference the allegations contained in the Second Amended Complaint as if fully set forth herein, including but not limited to paragraphs 1-10, 79-313, 315-16.

77.     Of the Judgment Amount, $2,895,000,000 was transferred to Fairfield Sentry during the six years preceding the Filing Date (the "Fairfield Sentry Six Year Transfers").  Each of the Fairfield Sentry Six Year Transfers is avoidable under section 544 of the Bankruptcy Code and applicable provisions of the N.Y. Debt. & Cred. Law (the "NYDCL"), particularly §§ 273-279, and of SIPA, particularly § 78fff-2(c)(3).

78.     Of the Fairfield Sentry Six Year Transfers, $1,580,000,000 was transferred to Fairfield Sentry during the two years preceding the Filing Date (the "Fairfield Sentry Two Year Transfers").  Each of the Fairfield Sentry Two Year Transfers is avoidable under section 548 of the Bankruptcy Code and applicable provisions of SIPA, particularly § 78fff-2(c)(3).

## B.     Subsequent Transfers From Fairfield Sentry To BJB

79.     Prior to the Filing Date, Fairfield Sentry subsequently transferred a portion of the Fairfield Sentry Initial Transfers to BJB.  Based on the Trustee's investigation to date, the subsequent transfers to BJB total at least $52,949,944 (the "Fairfield Sentry-BJB Subsequent Transfers").  A chart setting forth the presently known Fairfield Sentry-BJB Subsequent Transfers is attached as **Exhibit C**.

80.     On December 8, 2011, the Trustee filed this action against BJB seeking recovery of subsequent transfers from Fairfield Sentry.

81.     The Fairfield Sentry-BJB Subsequent Transfers are recoverable from BJB under section 550(a) of the Bankruptcy Code and applicable provisions of SIPA, particularly § 78fff-2(c)(3).

82.     The Fairfield Sentry-BJB Subsequent Transfers represent redemptions of equity

interests by BJB as a shareholder in Fairfield Sentry. Because Fairfield Sentry invested all or substantially all of its assets into the BLMIS Ponzi scheme, Fairfield Sentry was insolvent when it made the Fairfield Sentry-BJB Subsequent Transfers upon redemption of BJB's interests.

**C.    Subsequent Transfers From Fairfield Sentry To Fairfield Sigma And Subsequently To BJB**

83.    Based on the Trustee's investigation to date, prior to the Filing Date, Fairfield Sentry subsequently transferred at least $772,690,257 of the Fairfield Sentry Initial Transfers directly to Fairfield Sigma (the "Fairfield Sigma Subsequent Transfers"). A chart setting forth the presently known Fairfield Sigma Subsequent Transfers by is attached as **Exhibit D**.

84.    Thereafter, Fairfield Sigma transferred at least $11,262,340 to BJB (the "Fairfield Sigma-BJB Subsequent Transfers"). A chart setting forth the presently known Fairfield Sigma-BJB Subsequent Transfers is attached as **Exhibit E**.

85.    The Fairfield Sigma-BJB Subsequent Transfers are recoverable from BJB under section 550(a) of the Bankruptcy Code, and applicable provisions of SIPA, particularly § 78fff-2(c)(3).

86.    The Fairfield Sigma-BJB Subsequent Transfers represent redemptions of equity interests by BJB as a shareholder in Fairfield Sigma. Because Fairfield Sigma invested all of its assets in Fairfield Sentry, and Fairfield Sentry, in turn, invested all or substantially all of its assets into the BLMIS Ponzi scheme, Fairfield Sigma was insolvent when it made the Fairfield Sigma-BJB Subsequent Transfers upon redemption of BJB's interests.

**D.    Subsequent Transfers From Fairfield Sentry To Fairfield Lambda And Subsequently To BJB**

87.    Based on the Trustee's investigation to date, prior to the Filing Date, Fairfield Sentry subsequently transferred at least $51,991,017 of the Fairfield Sentry Initial Transfers

directly to Fairfield Lambda (the "Fairfield Lambda Subsequent Transfers"). A chart setting forth the presently known Fairfield Lambda Subsequent Transfers by is attached as **Exhibit F**.

88.    Thereafter, Fairfield Lambda transferred at least $363,949 to BJB (the "Fairfield Lambda-BJB Subsequent Transfers"). A chart setting forth the presently known Fairfield Lambda-BJB Subsequent Transfers is attached as **Exhibit G**.

89.    The Fairfield Lambda-BJB Subsequent Transfers are recoverable from BJB under section 550(a) of the Bankruptcy Code, and applicable provisions of SIPA, particularly § 78fff-2(c)(3).

90.    The Fairfield Lambda-BJB Subsequent Transfers represent redemptions of equity interests by BJB as a shareholder in Fairfield Lambda. Because Fairfield Lambda invested all of its assets in Fairfield Sentry, and Fairfield Sentry, in turn, invested all or substantially all of its assets into the BLMIS Ponzi scheme, Fairfield Lambda was insolvent when it made the Fairfield Lambda-BJB Subsequent Transfers upon redemption of BJB's interests.

91.    The Fairfield Sentry-BJB Subsequent Transfers, Fairfield Sigma-BJB Subsequent Transfers, and Fairfield Lambda-BJB Subsequent Transfers together constitute the Transfers, as defined above.

92.    The Trustee's discovery and investigation is ongoing and the Trustee reserves the right to: (i) supplement the information on the initial and subsequent transfers discussed above, and any additional transfers; and (ii) seek avoidance and recovery of such transfers.

## COUNT ONE

### RECOVERY OF THE TRANSFERS
### 11 U.S.C. §§ 105(a) AND 550

93.    The Trustee incorporates by reference the allegations contained in the previous paragraphs of this Amended Complaint as if fully rewritten herein.

# Exhibit 2(z)

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and the Chapter 7 Estate of Bernard L. Madoff*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (CGM) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff, | Adv. Pro. No. 10-05345 (CGM) |
| Plaintiff, | |
| v. | |
| Citibank N.A., Citicorp North America, Inc., and Citigroup Global Markets Limited, | **AMENDED COMPLAINT** |
| Defendants. | |

to Tremont. *See Picard v. Ceretti (In re BLMIS)*, Adv. Pro. No. 09-1161 (CGM), 2015 WL 4734749, at *13-15 (Bankr. S.D.N.Y. Aug. 11, 2015).

## VII.    RECOVERY OF SUBSEQUENT TRANSFER TO DEFENDANTS

### A.    Fairfield Sentry

#### 1.    Initial Transfers from BLMIS to Fairfield Sentry

162.    The Trustee commenced a separate adversary proceeding against Fairfield Sentry and other defendants in this Court under the caption, *Picard v. Fairfield Sentry Ltd., et al.*, Adv. Pro. No. 09-01239 (CGM), seeking to avoid and recover initial transfers of customer property from BLMIS to Fairfield Sentry in the approximate amount of $3,000,000,000 (the "Fairfield Sentry Initial Transfers").

163.    By orders dated June 7 and June 10, 2011, this Court approved a settlement among the Trustee, Fairfield Sentry, and others, and on July 13, 2011, entered a consent judgment in favor of the Trustee and against Fairfield Sentry in the amount of $3,054,000,000 ("Judgment Amount") [ECF No. 109].

164.    The Fairfield Sentry Initial Transfers are set forth in the attached Exhibits A and B. The Fairfield Sentry Initial Transfers were and continue to be customer property within the meaning of SIPA § 78*lll*(4).

165.    On August 28, 2020, the Trustee filed a second amended complaint in the *Fairfield Sentry Ltd.* proceeding (the "Second Amended Complaint") [ECF No. 286] seeking in part recovery of the Fairfield Sentry Initial Transfers in satisfaction of the Judgment Amount and entry of a declaratory judgment that the Fairfield Sentry Initial Transfers comprising the Judgment Amount are avoided.

166.    As alleged in the Second Amended Complaint, Fairfield Sentry received each of the Fairfield Sentry Initial Transfers with actual knowledge of fraud at BLMIS, or, at a

minimum, while aware of suspicious facts that should have led Fairfield Sentry to inquire further into the BLMIS fraud. The Trustee incorporates by reference the allegations contained in the Second Amended Complaint as if fully set forth herein, including but not limited to paragraphs 1-10, 79-313, 315-16.

167. Of the Judgment Amount, $2,895,000,000 was transferred to Fairfield Sentry during the six years preceding the Filing Date (the "Fairfield Sentry Six Year Transfers"). Each of the Fairfield Sentry Six Year Transfers is avoidable under section 544 of the Bankruptcy Code and applicable provisions of the N.Y. Debt. & Cred. Law, particularly §§ 273-279, and of SIPA, particularly § 78fff-2(c)(3).

168. Of the Fairfield Sentry Six Year Transfers, approximately $1,600,000,000 was transferred to Fairfield Sentry during the two years preceding the Filing Date (the "Fairfield Sentry Two Year Transfers"). Each of the Fairfield Sentry Two Year Transfers is avoidable under section 548 of the Bankruptcy Code and applicable provisions of SIPA, particularly § 78fff-2(c)(3).

### 2. Subsequent Transfers from Fairfield Sentry to CGML

169. Prior to the Filing Date, Fairfield Sentry subsequently transferred a portion of the Fairfield Sentry Initial Transfers to CGML. Based on the Trustee's investigation to date, the subsequent transfers to CGML total at least $130,000,000, of which the Trustee seeks to recover $100,000,000 (the "Fairfield Sentry Subsequent Transfers"). A chart setting forth the presently known Fairfield Sentry Subsequent Transfers is attached as Exhibit C.

170. The Trustee commenced this proceeding on December 8, 2010.

171. The Fairfield Sentry Subsequent Transfers are recoverable from CGML under section 550(a) of the Bankruptcy Code and applicable provisions of SIPA, particularly § 78fff-2(c)(3).

38

177.    Charts setting forth the Prime Fund Initial Transfers are included as Exhibits D and E.  The Prime Fund Initial Transfers were and continue to be customer property within the meaning of 15 U.S.C. § 78*lll*(4).

### 2.    Subsequent Transfers from Prime Fund to Defendants Citibank and Citicorp

178.    Prior to the Filing Date, Prime Fund subsequently transferred a portion of the Prime Fund Initial Transfers to Defendants Citibank and Citicorp.  Based on the Trustee's investigation to date, the subsequent transfers from Prime Fund to Citibank and Citicorp total $343,084,590 (the "Prime Fund Subsequent Transfers").  A chart setting forth the presently known Prime Fund Subsequent Transfers is attached as Exhibit F.

179.    The Trustee commenced this proceeding on December 8, 2010.

180.    The Prime Fund Subsequent Transfers are recoverable under section 550(a) of the Bankruptcy Code, and applicable provisions of SIPA, particularly 15 U.S.C. § 78fff-2(c)(3).

181.    Because Prime Fund invested all or substantially all of its assets into the BLMIS Ponzi scheme, Prime Fund was insolvent when it made the Prime Fund Subsequent Transfers.

182.    The Trustee's discovery and investigation is ongoing, and the Trustee reserves the right to:  (i) supplement the information on the Prime Fund Initial and Subsequent Transfers discussed above, and any additional subsequent transfers; and (ii) seek avoidance and recovery of such transfers.

<u>COUNT ONE</u>
### RECOVERY OF THE SUBSEQUENT TRANSFERS - 11 U.S.C. §§ 105(a) AND 550(a) - CGML

183.    The Trustee incorporates by reference the allegations contained in the previous paragraphs of this Amended Complaint as if fully rewritten herein.

# Exhibit 2(aa)

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York  10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Ryan P. Farley
Mark A. Kornfeld
Keith R. Murphy
Marc Skapof
Thomas L. Long
Catherine E. Woltering

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and Bernard L. Madoff*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (BRL) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | **COMPLAINT** |
| BERNARD L. MADOFF, | **FILE UNDER SEAL** |
| Debtor. | |

IRVING H. PICARD, Trustee for the
Liquidation of Bernard L. Madoff Investment
Securities LLC, and Bernard L. Madoff,

           Plaintiff,

           v.

MERRILL LYNCH INTERNATIONAL &
CO. C.V.,

           Defendant.

Adv. Pro. No. _____ (BRL)

Irving H. Picard (the "Trustee"), as trustee for the liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS"), and the substantially consolidated estate of Bernard L. Madoff, individually, under the Securities Investor Protection Act ("SIPA"), 15 U.S.C. §§ 78aaa *et seq.*, for this Complaint against Merrill Lynch International & Co. C.V. ("MLI"), alleges the following:

## I.    <u>NATURE OF THE ACTION</u>

1.    This adversary proceeding is part of the Trustee's continuing efforts to avoid transfers of and recover BLMIS Customer Property[1] that was stolen as part of the massive Ponzi scheme perpetrated by Bernard L. Madoff ("Madoff") and others.

2.    With this Complaint, the Trustee seeks to recover subsequent transfers to MLI originating from BLMIS, which resulted from MLI's investments in Madoff Feeder Funds[2] used to hedge MLI's risk exposure arising from derivative investment products created and sold by

---

[1]    SIPA § 78*lll*(4) defines "Customer Property" as cash and securities at any time received, acquired or held by or for the account of a debtor from or for the securities accounts of a customer, and the proceeds of any such property transferred by the debtor, including property unlawfully converted.

[2]    As used herein, and in other similar actions brought by the Trustee, a Madoff (or BLMIS) Feeder Fund is an investment vehicle which invested assets through BLMIS via direct customer accounts with BLMIS's IA Business.

include $1.1 billion which BLMIS transferred to Sentry during the 90 days preceding the Filing

Date (the "Sentry Preference Period Initial Transfers"). See Exhibits A and B. The Sentry

Preference Period Initial Transfers were and are Customer Property within the meaning of SIPA

§ 78*lll*(4) and are avoidable, should be avoided, and are recoverable under sections 547, 550(a),

and 551 of the Bankruptcy Code, and applicable provisions of SIPA, particularly SIPA § 78fff-

2(c)(3).

**B.    SUBSEQUENT TRANSFERS FROM SENTRY TO MLI**

133.    A sizeable portion of the money transferred from BLMIS to Sentry was

subsequently transferred by Sentry to MLI, in an amount equal to approximately $14.2 million.

134.    The Trustee has filed the Fairfield Amended Complaint against Sentry to avoid

and recover the Sentry Preference Period Initial Transfers, the Sentry Two Year Initial Transfers

and the Sentry Six Year Initial Transfers (collectively, the "Sentry Initial Transfers") pursuant to

sections 544, 547, 548, 550 and 551 of the Bankruptcy Code and sections 273-279 of the New

York Debtor and Creditor Law.

135.    A portion of the Sentry Initial Transfers, or the value thereof, were subsequently

transferred either directly or indirectly to, or for the benefit of, MLI (collectively, the "MLI

Subsequent Transfers").

136.    The MLI Subsequent Transfers, or the value thereof, are recoverable from MLI

pursuant to section 550 of the Bankruptcy Code.

137.    The portion of the Sentry Six Year Initial Transfers, or the value thereof, that

Sentry subsequently transferred to MLI will be referred to as the "MLI Six Year Subsequent

Transfers." A chart setting forth the presently known MLI Six Year Subsequent Transfers is

below.

140.     To the extent that any of the recovery counts may be inconsistent with each other, they are to be treated as being pled in the alternative.

141.     The Trustee's investigation is on-going and the Trustee reserves the right to (i) supplement the information on the Sentry Initial Transfers, MLI Preference Period, MLI Two Year and MLI Six Year Subsequent Transfers and any additional transfers, and (ii) seek recovery of such additional transfers.

### C.     SUBSEQUENT TRANSFERS FROM SIGMA TO MLI

142.     A sizeable portion constituting at least EUR 1.5 million of the money transferred from BLMIS to Sentry was subsequently transferred by Sentry to Sigma, and then by Sigma to MLI.

143.      The Trustee has filed the Fairfield Amended Complaint against Sigma to recover the Sigma Preference Period Subsequent Transfers, the Sigma Two Year Subsequent Transfers and the Sigma Six Year Subsequent Transfers or the collective value thereof (collectively, the "Sigma Subsequent Transfers") pursuant to sections 544 and 550 of the Bankruptcy Code and sections  278 and 279 of the New York Debtor and Creditor law.

144.     A portion of the Sigma Subsequent Transfers, or the value thereof, were subsequently transferred either directly or indirectly to, or for the benefit of, MLI (collectively, the "MLI-Sigma Subsequent Transfers").

145.     The Sigma Subsequent Transfers, or the value thereof, are recoverable from Sigma pursuant to section 550 of the Bankruptcy Code.  Similarly, the MLI-Sigma Subsequent Transfers, or the value thereof, are recoverable from MLI pursuant to section 550 of the Bankruptcy Code.

146.     The portion of the Sentry Six Year Initial Transfers, or the value thereof, that Sigma subsequently transferred to MLI will be referred to as the "MLI-Sigma Six Year

44

# Exhibit 2(bb)

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Mark A. Kornfeld
Thomas L. Long
Regina L. Griffin
Stacey A. Bell
Catherine E. Woltering

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (BRL) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | **AMENDED COMPLAINT** |
| Plaintiff, | |
| v. | Adv. Pro. No. 10-05348 (BRL) |
| NOMURA BANK INTERNATIONAL PLC and NOMURA INTERNATIONAL PLC, | |
| Defendants. | |

Customer Property within the meaning of SIPA § 78*lll*(4) and are avoidable and recoverable under sections 547, 550(a), and 551 of the Bankruptcy Code, and applicable provisions of SIPA, particularly SIPA § 78fff-2(c)(3).

**B.      Subsequent Transfers from Sentry to Nomura International**

127.     A sizeable portion of the money transferred from BLMIS to Sentry was subsequently transferred by Sentry to Nomura International, in an amount equal to approximately $20 million.

128.     The Trustee filed the Fairfield Amended Complaint against Sentry to avoid and recover the Sentry Preference Period Initial Transfers, the Sentry Two Year Initial Transfers and the Sentry Six Year Initial Transfers (collectively, the "Sentry Initial Transfers") pursuant to sections 544, 547, 548, 550 and 551 of the Bankruptcy Code and sections 273-279 of the New York Debtor and Creditor Law.  As part of the Settlement Agreement between Sentry, Sigma and others, on July 13, 2011, the Bankruptcy Court entered a consent judgment granting the Trustee a judgment against Fairfield Sentry in the amount of $3,054,000,000.

129.     Some or all of the Sentry Initial Transfers were subsequently transferred either directly or indirectly to, or for the benefit of, Nomura International (collectively, the "Nomura International Subsequent Transfers").

130.     The Nomura International Subsequent Transfers, or the value thereof, are recoverable from Nomura International pursuant to section 550(a) of the Bankruptcy Code.

131.     The portion of the Sentry Six Year Initial Transfers that Sentry subsequently transferred to Nomura will be referred to as the "Nomura International Six Year Subsequent Transfers."  The presently known Nomura International Six Year Subsequent Transfers are set forth below and in Exhibit D attached hereto.

135.    The Trustee's investigation is on-going and the Trustee reserves the right to (i) supplement the information on the Sentry Initial Transfers, Nomura International Preference Period Subsequent Transfers, Nomura International Two Year Subsequent Transfers, and Nomura International Six Year Subsequent Transfers and any additional transfers, and (ii) seek recovery of such additional transfers.

### C.       Subsequent Transfers from Sigma to Nomura

136.    A sizeable portion constituting at least EUR 9.7 million of the money transferred from BLMIS to Sentry was subsequently transferred by Sentry to Sigma, and then by Sigma to Nomura International.

137.    The Trustee filed the Fairfield Amended Complaint against Sigma to recover the portion of the Sentry Preference Period Initial Transfers that Sentry subsequently transferred to Sigma (the "Sigma Preference Period Transfers"), the portion of the Sentry Two Year Initial Transfers that Sentry subsequently transferred to Sigma (the "Sigma Two Year Transfers"), and the portion of the Sentry Six Year Initial Transfers that Sentry subsequently transferred to Sigma (the "Sigma Six Year Subsequent Transfers") (collectively, the "Sigma Subsequent Transfers"), or the value thereof, pursuant to sections 544 and 550 of the Bankruptcy Code and sections 278 and 279 of the New York Debtor and Creditor law.  The Sigma Subsequent Transfers are set forth on Exhibit C attached hereto.

138.    The Sigma Subsequent Transfers were subsequently transferred either directly or indirectly to, or for the benefit of, Nomura International (collectively, the "Nomura International-Sigma Subsequent Transfers").

139.    The Sigma Subsequent Transfers, or the value thereof, are recoverable from Sigma pursuant to section 550 of the Bankruptcy Code.  Similarly, the Nomura International-

# Exhibit 2(cc)

**Baker & Hostetler LLP**

45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Ryan P. Farley
Mark A. Kornfeld
Keith R. Murphy
Marc Skapof
Thomas L. Long
Catherine E. Woltering

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and Bernard L. Madoff*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (BRL) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | **COMPLAINT** |
| Debtor. | **FILE UNDER SEAL** |

<table>
<tr><td>
IRVING H. PICARD, Trustee for the
Liquidation of Bernard L. Madoff Investment
Securities LLC,

        Plaintiff,

v.

BANCO BILBAO VIZCAYA
ARGENTARIA, S.A.,

        Defendant.
</td>
<td>Adv. Pro. No. _____ (BRL)</td>
</tr>
</table>

Irving H. Picard (the "Trustee"), as trustee for the liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS"), and the substantively consolidated estate of Bernard L. Madoff, individually, under the Securities Investor Protection Act ("SIPA"), 15 U.S.C. §§ 78aaa *et seq.*, for this Complaint against Banco Bilbao Vizcaya Argentaria, S.A. ("BBVA"), alleges the following:

## I.    NATURE OF THE ACTION

1.    This adversary proceeding is part of the Trustee's continuing efforts to avoid transfers of and recover BLMIS Customer Property[1] that was lost as part of the massive Ponzi scheme perpetrated by Bernard L. Madoff ("Madoff") and others.

2.    Specifically, this subsequent transferee action seeks to recover approximately $45 million in transfers made to BBVA, which originated from BLMIS. These transfers resulted from BBVA's investments in Madoff Feeder Funds[2] to hedge BBVA's risk exposure arising from structured notes issued by BBVA and related entities.

---

[1] SIPA §78*lll*(4) defines "Customer Property" as cash and securities at any time received, acquired or held by or for the account of a debtor from or for the securities accounts of a customer, and the proceeds of any such property transferred by the debtor, including property unlawfully converted.

Sentry of approximately $3 billion (the "Sentry Six Year Initial Transfers"). *See* Exhibits A and B. The Sentry Six Year Initial Transfers were and continue to be Customer Property within the meaning of SIPA § 78*lll*(4) and are avoidable, should be avoided, and are recoverable under sections 544, 550, and 551 of the Bankruptcy Code, applicable provisions of SIPA, particularly SIPA § 78fff-2(c)(3), and sections 273-279 of New York Debtor and Creditor Law.

139. The Sentry Six Year Initial Transfers include approximately $1.6 billion that BLMIS transferred to Fairfield Sentry during the two years preceding the Filing Date (the "Sentry Two-Year Initial Transfers"). *See* Exhibits A and B. The Sentry Two Year Initial Transfers were and continue to be Customer Property within the meaning of SIPA § 78*lll*(4) and are avoidable, should be avoided, and are recoverable under sections 548(a), 550, and 551 of the Bankruptcy Code, and applicable provisions of SIPA, particularly SIPA § 78fff-2(c)(3).

140. The Sentry Six Year Initial Transfers and Sentry Two Year Initial Transfers include $1.1 billion which BLMIS transferred to Fairfield Sentry during the 90 days preceding the Filing Date (the "Sentry Preference Period Initial Transfers"). *See* Exhibits A and B. The Sentry Preference Period Initial Transfers were and are Customer Property within the meaning of SIPA § 78*lll*(4) and are avoidable, should be avoided, and are recoverable under sections 547, 550(a), and 551 of the Bankruptcy Code, and applicable provisions of SIPA, particularly SIPA § 78fff-2(c)(3).

### B.  SUBSEQUENT TRANSFERS FROM FAIRFIELD SENTRY TO BBVA

141. A sizeable portion of the money transferred from BLMIS to Fairfield Sentry was subsequently transferred by Fairfield Sentry to BBVA, in an amount equal to approximately $45 million.

142. The Trustee has filed the Fairfield Amended Complaint against Fairfield Sentry to avoid and recover the Sentry Preference Period Initial Transfers, the Sentry Two Year Initial

# Exhibit 2(dd)

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York  10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Oren J. Warshavsky
Thomas L. Long
Timothy S. Pfeifer
Michelle R. Kaplan


*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and Bernard L. Madoff*


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | No. 08-01789 (BRL) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | **COMPLAINT** |
| BERNARD L. MADOFF, | |
| Debtor. | |

<table>
<tr><td>

IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, and Bernard L. Madoff,

Plaintiff,

v.

Banque SYZ & Co., SA,

Defendant.

</td><td>

Adv. Pro. No. _____ (BRL)

</td></tr>
</table>

Irving H. Picard (the "Trustee"), as trustee for the liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS"), and the substantively consolidated estate of Bernard L. Madoff, individually, under the Securities Investor Protection Act ("SIPA"), 15 U.S.C. §§ 78aaa *et seq.*, for this Complaint against Banque SYZ & CO, SA ("Banque Syz"), alleges the following:

## I.    NATURE OF THE ACTION

1.    This adversary proceeding is part of the Trustee's continuing efforts to avoid and recover transfers of BLMIS Customer Property[1] that was stolen as part of the massive Ponzi scheme perpetrated by Bernard L. Madoff ("Madoff") and others.

2.    With this Complaint, the Trustee seeks to recover approximately $73,266,724 in subsequent transfers made to Banque Syz. The subsequent transfers were derived from investments with BLMIS made by Madoff Feeder Funds. A Madoff (or BLMIS) Feeder Fund refers to an investment vehicle that opened customer accounts with BLMIS's investment advisory business ("IA Business") for the purpose of investing assets.

3.    When Banque Syz received the subsequent transfers of BLMIS Customer

---

[1]    SIPA § 78*lll*(4) defines "Customer Property" as cash and securities at any time received, acquired, or held by, or for the account of, a debtor from, or for, the securities accounts of a customer, and the proceeds of any such

2

## 2.    SUBSEQUENT TRANSFERS FROM FAIRFIELD SENTRY TO BANQUE SYZ

67.    Based on the Trustee's investigation to date, approximately $15,449,241 of the money transferred from BLMIS to Fairfield Sentry was subsequently transferred by Fairfield Sentry to Banque Syz (the "Sentry-Syz Subsequent Transfers").   A chart setting forth the presently known Sentry-Syz Subsequent Transfers is attached as Exhibit K.

68.    The Fairfield Amended Complaint seeks to avoid and recover the Fairfield Sentry Initial Transfers pursuant to sections 544, 547, 548, 550, and 551 of the Bankruptcy Code, sections 273-279 of the New York Debtor and Creditor Law, and applicable provisions of SIPA, particularly SIPA § 78fff-2(c)(3).

69.    As set forth in paragraph 67 of this Complaint, a portion of the Fairfield Sentry Initial Transfers was subsequently transferred either directly or indirectly to, or for the benefit of, Banque Syz and is recoverable from Banque Syz pursuant to section 550 of the Bankruptcy Code.

70.    The Trustee's investigation is on-going and the Trustee reserves the right to:  (i) supplement the information on the Fairfield Initial Transfers, Sentry-Syz Subsequent Transfers, and any additional transfers, and (ii) seek recovery of such additional transfers.

## 3.    SUBSEQUENT TRANSFERS FROM FAIRFIELD SENTRY TO FAIRFIELD SIGMA AND SUBSEQUENTLY TO BANQUE SYZ

71.    Based on the Trustee's investigation to date, approximately $752,273,917 of money transferred from BLMIS to Fairfield Sentry was subsequently transferred by Fairfield Sentry to Fairfield Sigma.  Thereafter, the equivalent of approximately $404,558 was transferred by Fairfield Sigma to Banque Syz (the "Sentry-Sigma Subsequent Transfers").  Charts setting forth the presently known Sentry-Sigma Subsequent Transfers are attached as Exhibits L and M.

72.    The Fairfield Amended Complaint seeks to avoid and recover the Fairfield Initial

# Exhibit 2(ee)

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Thomas L. Long
Mark A. Kornfeld
Deborah A. Kaplan
Michelle R. Kaplan
Torello H. Calvani

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | No. 08-01789 (BRL) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, and Bernard L. Madoff, | Adv. Pro. No. _____ (BRL) |
| Plaintiff, | **COMPLAINT** |
| v. | |
| ABU DHABI INVESTMENT AUTHORITY, | |
| Defendant. | |

the "Fairfield Sentry Initial Transfers." Charts setting forth these transfers are included as Exhibits C and D.

40.    Pursuant to the Bankruptcy Court's June 7 and June 10, 2011 orders, the Bankruptcy Court approved a settlement among the Trustee, Fairfield Sentry, and others (the "Settlement Agreement"). As part of the Settlement Agreement, on July 13, 2011, a consent judgment was entered by the Bankruptcy Court granting the Trustee a judgment against Fairfield Sentry in the amount of $3,054,000,000, equal in amount to the initial transfers between BLMIS and Fairfield Sentry. Fairfield Sentry is obligated to pay $70,000,000 to the Trustee under the terms of the Settlement Agreement.

**B.    Subsequent Transfers From Fairfield Sentry To Defendant ADIA**

41.    Based on the Trustee's investigation to date, approximately $300,000,000 of the money transferred from BLMIS to Fairfield Sentry was subsequently transferred by Fairfield Sentry to Defendant ADIA (the "Fairfield Sentry Subsequent Transfers"). A chart setting forth the presently known Fairfield Sentry Subsequent Transfers is attached as Exhibit E.

42.    As set forth above, a portion of the Fairfield Sentry Initial Transfers was subsequently transferred either directly or indirectly to, or for the benefit of, Defendant ADIA and is recoverable from Defendant ADIA pursuant to section 550 of the Bankruptcy Code.

43.    The Trustee's investigation is on-going and the Trustee reserves the right to: (i) supplement the information on the Fairfield Sentry Initial Transfers, Fairfield Sentry Subsequent Transfers, and any additional transfers, and (ii) seek recovery of such additional transfers.

# Exhibit 2(ff)

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Thomas L. Long
Mark A. Kornfeld
Deborah A. Kaplan
Michelle R. Kaplan
Torello H. Calvani

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | No. 08-01789 (BRL) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, and Bernard L. Madoff, | Adv. Pro. No. _____ (BRL) |
| Plaintiff, | **COMPLAINT** |
| v. | |
| ORBITA CAPITAL RETURN STRATEGY LIMITED, | |
| Defendant. | |

Sentry in the amount of $3,054,000,000. Fairfield Sentry is obligated to pay $70,000,000 to the Trustee under the terms of the Settlement Agreement.

**B.    Subsequent Transfers From Fairfield Sentry To Defendant Orbita**

40.    Based on the Trustee's investigation to date, approximately $30,662,226 of the money transferred from BLMIS to Fairfield Sentry was subsequently transferred by Fairfield Sentry to Defendant Orbita (the "Fairfield Sentry Subsequent Transfers"). A chart setting forth the presently known Fairfield Sentry Subsequent Transfers is attached as Exhibit C.

41.    As set above in paragraph 40, a portion of the Fairfield Sentry Initial Transfers was subsequently transferred either directly or indirectly to, or for the benefit of, Defendant Orbita and is recoverable from Defendant Orbita pursuant to section 550 of the Bankruptcy Code.

42.    The Trustee's investigation is on-going and the Trustee reserves the right to: (i) supplement the information on the Fairfield Sentry Initial Transfers, Fairfield Sentry Subsequent Transfers, and any additional transfers, and (ii) seek recovery of such additional transfers.

<u>COUNT ONE</u>
<u>RECOVERY OF SUBSEQUENT TRANSFERS –</u>
<u>11 U.S.C. §§ 550 AND 551</u>

43.    The Trustee incorporates by reference the allegations contained in the previous paragraphs of this Complaint as if fully rewritten herein.

44.    Defendant Orbita received the Fairfield Sentry Subsequent Transfers, totaling approximately $30,662,226 which are recoverable pursuant to Section 550 of the Bankruptcy Code.

45.    Each of the Fairfield Sentry Subsequent Transfers was made directly or indirectly to, or for the benefit of, Defendant Orbita.

# Exhibit 2(gg)

**Baker & Hostetler LLP**

45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Thomas L. Long
Mark A. Kornfeld
Deborah A. Kaplan
Michelle R. Kaplan
Torello H. Calvani

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and Bernard L. Madoff*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | No. 08-01789 (BRL) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, and Bernard L. Madoff, | Adv. Pro. No. _____ (BRL) |
| Plaintiff, | |
| v. | **COMPLAINT** |
| MERITZ FIRE & MARINE INSURANCE CO. LTD., | |
| Defendant. | |

$3,054,000,000.  Fairfield Sentry is obligated to pay $70,000,000 to the Trustee under the terms of the Settlement Agreement.

### B.    Subsequent Transfers From Fairfield Sentry To Defendant Meritz

40.    Based on the Trustee's investigation to date, approximately $21,855,898 of the money transferred from BLMIS to Fairfield Sentry was subsequently transferred by Fairfield Sentry to Defendant Meritz (the "Fairfield Sentry Subsequent Transfers").  A chart setting forth the presently known Fairfield Sentry Subsequent Transfers is attached as Exhibit C.

41.    As set forth in paragraph 40, a portion of the Fairfield Sentry Initial Transfers was subsequently transferred either directly or indirectly to, or for the benefit of, Defendant Meritz and is recoverable from Defendant Meritz pursuant to section 550 of the Bankruptcy Code.

42.    The Trustee's investigation is on-going and the Trustee reserves the right to: (i) supplement the information on the Fairfield Sentry Initial Transfers, Fairfield Sentry Subsequent Transfers, and any additional transfers, and (ii) seek recovery of such additional transfers.

**COUNT ONE**
**RECOVERY OF SUBSEQUENT TRANSFERS –**
**11 U.S.C. §§ 550(a) AND 551**

43.    The Trustee incorporates by reference the allegations contained in the previous paragraphs of this Complaint as if fully rewritten herein.

44.    Defendant Meritz received the Fairfield Sentry Subsequent Transfers, totaling approximately $21,855,898, which are recoverable pursuant to section 550(a) of the Bankruptcy Code.

45.    Each of the Fairfield Sentry Subsequent Transfers was made directly or indirectly to, or for the benefit of, Defendant Meritz.

# Exhibit 2(hh)

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York  10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Thomas L. Long
Mark A. Kornfeld
Deborah A. Kaplan
Michelle R. Kaplan
Torello H. Calvani

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br>            Plaintiff-Applicant, <br><br>    v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br>            Defendant. | No. 08-01789 (BRL) <br><br> SIPA Liquidation <br> (Substantively Consolidated) |
| In re: <br><br> BERNARD L. MADOFF, <br><br>            Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, and Bernard L. Madoff, <br><br>            Plaintiff, <br><br>    v. <br><br> LION GLOBAL INVESTORS LIMITED, <br><br>            Defendant. | Adv. Pro. No. _____ (BRL) <br><br><br> **COMPLAINT** |

defined as the "Fairfield Sentry Initial Transfers." Charts detailing these transactions are included as Exhibits B and C.

40.     Pursuant to the Bankruptcy Court's June 7 and June 10, 2011 orders, the Bankruptcy Court approved a settlement among the Trustee, Fairfield Sentry, and other (the "Settlement Agreement"). As part of the Settlement Agreement, on July 13, 2011, the Bankruptcy Court entered a consent judgment granting the Trustee a judgment against Fairfield Sentry in the amount of $3,054,000,000. Fairfield Sentry is obligated to pay $70,000,000 to the Trustee under the terms of the Settlement Agreement.

## B.    Subsequent Transfers From Fairfield Sentry To Defendant Lion Global

41.     Based on the Trustee's investigation to date, approximately $50,583,443 of the money transferred from BLMIS to Fairfield Sentry was subsequently transferred by Fairfield Sentry to Defendant Lion Global (the "Fairfield Sentry Subsequent Transfers"). A chart setting forth the presently known Fairfield Sentry Subsequent Transfers is attached as Exhibit D.

42.     As set forth above in paragraph 41, a portion of the Fairfield Sentry Initial Transfers was subsequently transferred either directly or indirectly to, or for the benefit of, Defendant Lion Global and is recoverable from Defendant Lion Global pursuant to section 550 of the Bankruptcy Code.

43.     The Trustee's investigation is on-going and the Trustee reserves the right to: (i) supplement the information on the Fairfield Sentry Initial Transfers, Fairfield Sentry Subsequent Transfers, and any additional transfers, and (ii) seek recovery of such additional transfers.

# Exhibit 2(ii)

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone:  (212) 589-4200
Facsimile:  (212) 589-4201
David J. Sheehan
Thomas L. Long
Mark A. Kornfeld
Deborah A. Kaplan
Michelle R. Kaplan
Torello H. Calvani

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | No. 08-01789 (BRL) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, and Bernard L. Madoff, | Adv. Pro. No. _____ (BRL) |
| Plaintiff, | |
| v. | **COMPLAINT** |
| FIRST GULF BANK, | |
| Defendant. | |

Sentry in the amount of $3,054,000,000.  Fairfield Sentry is obligated to pay $70,000,000 to the Trustee under the terms of the Settlement Agreement.

**B.      Subsequent Transfers From Fairfield Sentry To Defendant First Gulf**

40.      Based on the Trustee's investigation to date, approximately $11,532,393 of the money transferred from BLMIS to Fairfield Sentry was subsequently transferred by Fairfield Sentry to Defendant First Gulf (the "Fairfield Sentry Subsequent Transfers").  A chart setting forth the presently known Fairfield Sentry Subsequent Transfers is attached as Exhibit D.

41.      As set forth in paragraph 40, a portion of the Fairfield Sentry Initial Transfers was subsequently transferred either directly or indirectly to, or for the benefit of, Defendant First Gulf and is recoverable from Defendant First Gulf pursuant to section 550 of the Bankruptcy Code.

42.      The Trustee's investigation is on-going and the Trustee reserves the right to: (i) supplement the information on the Fairfield Sentry Initial Transfers, Fairfield Sentry Subsequent Transfers, and any additional transfers, and (ii) seek recovery of such additional transfers.

<u>**COUNT ONE**</u>
<u>**RECOVERY OF SUBSEQUENT TRANSFERS –**</u>
<u>**11 U.S.C. §§ 550(a) AND 551**</u>

43.      The Trustee incorporates by reference the allegations contained in the previous paragraphs of this Complaint as if fully rewritten herein.

44.      Defendant First Gulf received the Fairfield Sentry Subsequent Transfers, totaling approximately $11,532,393, which are recoverable pursuant to section 550 of the Bankruptcy Code.

45.      Each of the Fairfield Sentry Subsequent Transfers was made directly or indirectly to, or for the benefit of, Defendant First Gulf.

# Exhibit 2(jj)

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Thomas L. Long
Mark A. Kornfeld
Deborah A. Kaplan
Michelle R. Kaplan
Torello H. Calvani

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | No. 08-01789 (BRL) |
| Plaintiff-Applicant, | SIPA Liquidation (Substantively Consolidated) |
| v. | |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, and Bernard L. Madoff, | Adv. Pro. No. _____ (BRL) |
| Plaintiff, | **COMPLAINT** |
| v. | |
| PARSON FINANCE PANAMA S.A., | |
| Defendant. | |

36.    The Fairfield Sentry Two Year Initial Transfers include approximately $1.1 billion which BLMIS transferred to Fairfield Sentry during the 90 days preceding the Filing Date (the "Fairfield Sentry Preference Period Initial Transfers").   The Fairfield Sentry Preference Period Initial Transfers were and continue to be Customer Property within the meaning of SIPA § 78*lll*(4), are avoidable, and recoverable under sections 547, 550, and 551 of the Bankruptcy Code, and applicable provisions of SIPA, particularly SIPA § 78fff-2(c)(3).

37.    The Fairfield Sentry Six Year Initial Transfers, Fairfield Sentry Two Year Initial Transfers, and the Fairfield Sentry Preference Period Initial Transfers are collectively defined as the "Fairfield Sentry Initial Transfers."   Charts setting forth these transfers are included as Exhibits A and B.

38.    Pursuant to the Bankruptcy Court's June 7 and June 10, 2011 orders, the Bankruptcy Court approved a settlement among the Trustee, Fairfield Sentry, and others (the "Settlement Agreement").   As part of the Settlement Agreement, on July 13, 2011, the Bankruptcy Court entered a consent judgment granting the Trustee a judgment against Fairfield Sentry in the amount of $3,054,000,000.  Fairfield Sentry is obligated to pay $70,000,000 to the Trustee under the terms of the Settlement Agreement.

**B.    Subsequent Transfers From Fairfield Sentry To Defendant Parson**

39.    Based on the Trustee's investigation to date, approximately $11,089,081 of the money transferred from BLMIS to Fairfield Sentry was subsequently transferred by Fairfield Sentry to Defendant Parson (the "Fairfield Sentry Subsequent Transfers").  A chart setting forth the presently known Fairfield Sentry Subsequent Transfers is attached as Exhibit C.

40.    As set forth in paragraph 39, a portion of the Fairfield Sentry Initial Transfers was subsequently transferred either directly or indirectly to, or for the benefit of, Defendant Parson and is recoverable from Defendant Parson pursuant to section 550 of the Bankruptcy Code.

10

# Exhibit 2(kk)

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York  10111
Telephone: (212) 589-4200
Facsimile:  (212) 589-4201
David J. Sheehan
Thomas L. Long
Mark A. Kornfeld
Torello H. Calvani
Deborah A. Kaplan
Michelle R. Kaplan

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | No. 08-01789 (BRL) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, and Bernard L. Madoff, | Adv. Pro. No. _____ (BRL) |
| Plaintiff, | |
| v. | |
| UNIFORTUNE ASSET MANAGEMENT SGR SPA, and UNIFORTUNE CONSERVATIVE FUND, | **COMPLAINT** |
| Defendants. | |

40.    The Fairfield Sentry Six Year Initial Transfers, Fairfield Sentry Two Year Initial Transfers, and the Fairfield Sentry Preference Period Initial Transfers are collectively defined as the "Fairfield Sentry Initial Transfers." Charts setting forth these transfers are included as Exhibits A and B.

41.    Pursuant to the Bankruptcy Court's June 7 and June 10, 2011 orders, the Bankruptcy Court approved a settlement among the Trustee, Fairfield Sentry, and others (the "Settlement Agreement"). As part of the Settlement Agreement, on July 13, 2011, the Bankruptcy Court entered a consent judgment granting the Trustee a judgment against Fairfield Sentry in the amount of $3,054,000,000. Fairfield Sentry is obligated to pay $70,000,000 to the Trustee under the terms of the Settlement Agreement.

**B.    Subsequent Transfers From Fairfield Sentry To The Unifortune Defendants**

42.    A portion of the Fairfield Sentry Initial Transfers was subsequently transferred either directly or indirectly to, or for the benefit of, the Unifortune Defendants and is recoverable from the Unifortune Defendants pursuant to section 550 of the Bankruptcy Code. Based on the Trustee's investigation to date, approximately $16,355,651 of the money transferred from BLMIS to Fairfield Sentry was subsequently transferred by Fairfield Sentry to the Unifortune Defendants (the "Fairfield Sentry Subsequent Transfers"). A chart setting forth the presently known Fairfield Sentry Subsequent Transfers is attached as Exhibit C.

43.    The Trustee's investigation is on-going and the Trustee reserves the right to: (i) supplement the information on the Fairfield Sentry Initial Transfers, Fairfield Sentry Subsequent Transfers, and any additional transfers, and (ii) seek recovery of such additional transfers.

**C.    Subsequent Transfers From Fairfield Sentry To Fairfield Sigma And Subsequently To The Unifortune Defendants**

44.    A portion of the Fairfield Initial Transfers was subsequently transferred either directly or indirectly to, or for the benefit of, the Unifortune Defendants and is recoverable from the Unifortune Defendants pursuant to section 550 of the Bankruptcy Code.  Based on the Trustee's investigation to date, approximately $752,273,917 of the money transferred from BLMIS to Fairfield Sentry was subsequently transferred by Fairfield Sentry to Fairfield Sigma. Thereafter, the equivalent of at least $10,417,327 was transferred by Fairfield Sigma to the Unifortune Defendants (the "Fairfield Sigma Subsequent Transfers").  Charts setting forth the presently known Fairfield Sigma Subsequent Transfers are attached as Exhibits D and E.

45.    The Trustee's investigation is on-going and the Trustee reserves the right to: (i) supplement the information on the Fairfield Initial Transfers, Fairfield Sigma Subsequent Transfers, and any additional transfers, and (ii) seek recovery of such additional transfers.

46.    The Fairfield Sentry Subsequent Transfers and the Fairfield Sigma Subsequent Transfers are collectively defined as the "Fairfield Subsequent Transfers.

**COUNT ONE**
**RECOVERY OF SUBSEQUENT TRANSFERS –**
**11 U.S.C. §§ 550 AND 551**

47.    The Trustee incorporates by reference the allegations contained in the previous paragraphs of this Complaint as if fully rewritten herein.

48.    The Unifortune Defendants received the Fairfield Subsequent Transfers, totaling the equivalent of at least $26,772,978, which are recoverable pursuant to Section 550(a) of the Bankruptcy Code.

49.    Each of the Fairfield Subsequent Transfers was made directly or indirectly to, or for the benefit of,  the Unifortune Defendants.

12

# Exhibit 2(ll)

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Thomas L. Long
Mark A. Kornfeld
Deborah A. Kaplan
Michelle R. Kaplan
Torello H. Calvani

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | No. 08-01789 (BRL) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |

| | |
|---|---|
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

| | |
|---|---|
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, and Bernard L. Madoff, | Adv. Pro. No. _____ (BRL) |
| Plaintiff, | |
| v. | |
| NATIONAL BANK OF KUWAIT S.A.K., | **COMPLAINT** |
| Defendant. | |

defined as the "Fairfield Sentry Initial Transfers." Charts detailing these transfers are attached as Exhibits B and C.

40.    Pursuant to the Bankruptcy Court's June 7 and June 10, 2011 orders, the Bankruptcy Court approved a settlement among the Trustee, Fairfield Sentry, and others (the "Settlement Agreement").    As part of the Settlement Agreement, on July 13, 2011, the Bankruptcy Court entered a consent judgment granting the Trustee a judgment against Fairfield Sentry in the amount of $3,054,000,000.  Fairfield Sentry is obligated to pay $70,000,000 to the Trustee under the terms of the Settlement Agreement.

**B.    Subsequent Transfers From Fairfield Sentry To Defendant NBK**

41.    A portion of the Fairfield Sentry Initial Transfers was subsequently transferred either directly or indirectly to, or for the benefit of, Defendant NBK and is recoverable from Defendant NBK pursuant to section 550 of the Bankruptcy Code.   Based on the Trustee's investigation to date, approximately $18,724,399 of the money transferred from BLMIS to Fairfield Sentry was subsequently transferred by Fairfield Sentry to Defendant NBK (the "Fairfield Sentry Subsequent Transfers").   A chart setting forth the presently known Fairfield Sentry Subsequent Transfers is attached as Exhibit D.

42.    The Trustee's investigation is on-going and the Trustee reserves the right to: (i) supplement the information on the Fairfield Sentry Initial Transfers, Fairfield Sentry Subsequent Transfers, and any additional transfers, and (ii) seek recovery of such additional transfers.

<u>**COUNT ONE**</u>
<u>**RECOVERY OF SUBSEQUENT TRANSFERS –**</u>
<u>**11 U.S.C. §§ 550 AND 551**</u>

43.    The Trustee incorporates by reference the allegations contained in the previous paragraphs of this Complaint as if fully rewritten herein.

# Exhibit 2(mm)

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Thomas L. Long
Mark A. Kornfeld
Deborah A. Kaplan
Michelle R. Kaplan
Torello H. Calvani

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and Bernard L. Madoff*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br> Plaintiff-Applicant, <br><br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br> Defendant. | No. 08-01789 (BRL) <br><br> SIPA Liquidation <br><br> (Substantively Consolidated) |
| In re: <br><br> BERNARD L. MADOFF, <br><br> Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, and Bernard L. Madoff, <br><br> Plaintiff, <br><br> v. <br><br> CATHAY LIFE INSURANCE CO. LTD., and CATHAY UNITED BANK LTD., <br><br> Defendants. | Adv. Pro. No. _____ (BRL) <br><br><br> **COMPLAINT** |

§ 78*lll*(4), are avoidable, and recoverable under sections 547, 550, and 551 of the Bankruptcy Code, and applicable provisions of SIPA, particularly SIPA § 78fff-2(c)(3).

40.    The Fairfield Sentry Six Year Initial Transfers, Fairfield Sentry Two Year Initial Transfers, and the Fairfield Sentry Preference Period Initial Transfers are collectively defined as the "Fairfield Sentry Initial Transfers."   Charts setting forth these transfers are included as Exhibits B and C.

41.    Pursuant to the Bankruptcy Court's June 7 and June 10, 2011 orders, the Bankruptcy Court approved a settlement among the Trustee, Fairfield Sentry, and others (the "Settlement Agreement").   As part of the Settlement Agreement, on July 13, 2011, the Bankruptcy Court entered a consent judgment granting the Trustee a judgment in the amount of $3,054,000,000.  Fairfield Sentry is obligated to pay $70,000,000 to the Trustee under the terms of the Settlement Agreement.

**B.    Subsequent Transfers From Fairfield Sentry To Defendant Cathay Insurance**

42.    A portion of the Fairfield Sentry Initial Transfers was subsequently transferred either directly or indirectly to, or for the benefit of, Defendant Cathay Insurance and is recoverable pursuant to section 550 of the Bankruptcy Code.   Based on the Trustee's investigation to date, approximately $24,496,799 of the money transferred from BLMIS to Fairfield Sentry was subsequently transferred by Fairfield Sentry to Defendant Cathay Insurance (the "Fairfield Sentry-Cathay Insurance Subsequent Transfers").   A chart setting forth the presently known Fairfield Sentry-Cathay Insurance Subsequent Transfers is attached as Exhibit D.

43.    The Trustee's investigation is on-going and the Trustee reserves the right to: (i) supplement the information on the Fairfield Sentry Initial Transfers, Fairfield Sentry-Cathay

Insurance Subsequent Transfers, and any additional transfers, and (ii) seek recovery of such additional transfers.

**C.    Subsequent Transfers From Fairfield Sentry To Defendant Cathay Bank**

44.    A portion of the Fairfield Sentry Initial Transfers was subsequently transferred either directly or indirectly to, or for the benefit of, Defendant Cathay Bank and is recoverable pursuant to section 550 of the Bankruptcy Code.  Based on the Trustee's investigation to date, approximately $17,206,126 of the money transferred from BLMIS to Fairfield Sentry was subsequently transferred by Fairfield Sentry to Defendant Cathay Bank (the "Fairfield Sentry-Cathay Bank Subsequent Transfers").  A chart setting forth the presently known Fairfield Sentry-Cathay Bank Subsequent Transfers is attached as Exhibit E.

45.    The Trustee's investigation is on-going and the Trustee reserves the right to: (i) supplement the information on the Fairfield Sentry Initial Transfers, Fairfield Sentry-Cathay Bank Subsequent Transfers, and any additional transfers, and (ii) seek recovery of such additional transfers.

46.    The Fairfield Sentry-Cathay Insurance Subsequent Transfers and the Fairfield Sentry-Cathay Bank Subsequent Transfers collectively defined as the "Fairfield Sentry Subsequent Transfers."

<u>**COUNT ONE**</u>
<u>**RECOVERY OF SUBSEQUENT TRANSFERS –**</u>
<u>**11 U.S.C. §§ 550 AND 551**</u>

47.    The Trustee incorporates by reference the allegations contained in the previous paragraphs of this Complaint as if fully rewritten herein.

48.    Defendant Cathay Insurance received the Fairfield Sentry-Cathay Insurance Subsequent Transfers, totaling approximately $24,496,799, and Defendant Cathay Bank received the Fairfield Sentry-Cathay Bank Subsequent Transfers, totaling approximately $17,206,126.

# Exhibit 2(nn)

**Baker & Hostetler LLP**

45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Thomas L. Long
Mark A. Kornfeld
Deborah A. Kaplan
Michelle R. Kaplan
Torello H. Calvani

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and Bernard L. Madoff*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>      Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>      Defendant. | No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>      Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, and Bernard L. Madoff,<br><br>      Plaintiff,<br><br>v.<br><br>BANCA CARIGE S.P.A.,<br><br>      Defendant. | Adv. Pro. No. _____ (BRL)<br><br><br><br>**COMPLAINT** |

and recoverable under sections 548(a), 550, and 551 of the Bankruptcy Code, and applicable provisions of SIPA, particularly SIPA § 78fff-2(c)(3).

37.     The Fairfield Sentry Two Year Initial Transfers include approximately $1.1 billion which BLMIS transferred to Fairfield Sentry during the 90 days preceding the Filing Date (the "Fairfield Sentry Preference Period Initial Transfers").  The Fairfield Sentry Preference Period Initial Transfers were and continue to be Customer Property within the meaning of SIPA § 78*lll*(4), are avoidable, and are recoverable under sections 547, 550, and 551 of the Bankruptcy Code, and applicable provisions of SIPA, particularly SIPA § 78fff-2(c)(3).

38.     The Fairfield Sentry Six Year Initial Transfers, Fairfield Sentry Two Year Initial Transfers, and the Fairfield Sentry Preference Period Initial Transfers are collectively defined as the "Fairfield Sentry Initial Transfers."  Charts setting forth these transfers are attached as Exhibits A and B.

39.     Pursuant to the Bankruptcy Court's June 7 and June 10, 2011 orders, the Bankruptcy Court approved a settlement among the Trustee, Fairfield Sentry, and others (the "Settlement Agreement").  As part of the Settlement Agreement, on July 13, 2011, the Bankruptcy Court entered a consent judgment granting the Trustee a judgment in the amount of $3,054,000,000.  Fairfield Sentry is obligated to pay $70,000,000 to the Trustee under the terms of the Settlement Agreement.

**B.      Subsequent Transfers From Fairfield Sentry To Defendant Carige**

40.     A portion of the Fairfield Sentry Initial Transfers was subsequently transferred either directly or indirectly to, or for the benefit of, Defendant Carige and is recoverable from Defendant Carige pursuant to section 550 of the Bankruptcy Code.  Based on the Trustee's investigation to date, approximately $10,532,489 of the money transferred from BLMIS to Fairfield Sentry was subsequently transferred by Fairfield Sentry to Defendant Carige (the

10

"Fairfield Sentry Subsequent Transfers").  A chart setting forth the presently known Fairfield Sentry Subsequent Transfers is attached as Exhibit C.

41.    The Trustee's investigation is on-going and the Trustee reserves the right to: (i) supplement the information on the Fairfield Sentry Initial Transfers, Fairfield Sentry Subsequent Transfers, and any additional transfers, and (ii) seek recovery of such additional transfers.

## COUNT ONE
## RECOVERY OF SUBSEQUENT TRANSFERS –
## 11 U.S.C. §§ 550(a) AND 551

42.    The Trustee incorporates by reference the allegations contained in the previous paragraphs of this Complaint as if fully rewritten herein.

43.    Defendant Carige received the Fairfield Sentry Subsequent Transfers, totaling approximately $10,532,489, which are recoverable pursuant to section 550(a) of the Bankruptcy Code.

44.    Each of the Fairfield Sentry Subsequent Transfers was made directly or indirectly to, or for the benefit of, Defendant Carige.

45.    Defendant Carige is an immediate or mediate transferee of the Fairfield Sentry Initial Transfers.

46.    As a result of the foregoing, pursuant to sections 550(a) and 551 of the Bankruptcy Code, and SIPA § 78fff-2(c)(3), the Trustee is entitled to a judgment against the Defendant Carige recovering the Fairfield Sentry Subsequent Transfers, or the value thereof, for the benefit of the estate of BLMIS.


**WHEREFORE**, the Trustee respectfully requests that this Court enter judgment in favor of the Trustee and against Defendant Carige as follows:

# Exhibit 2(oo)

**Baker & Hostetler LLP**

45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Thomas L. Long
Mark A. Kornfeld
Deborah A. Kaplan
Michelle R. Kaplan
Torello H. Calvani

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and Bernard L. Madoff*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | No. 08-01789 (BRL) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, and Bernard L. Madoff, | Adv. Pro. No. _____ (BRL) |
| Plaintiff, | |
| v. | |
| BANQUE PRIVÉE ESPIRITO SANTO S.A., f/k/a COMPAGNIE BANCAIRE ESPIRITO SANTO S.A., | **COMPLAINT** |
| Defendant. | |

$3,054,000,000.  Fairfield Sentry is obligated to pay $70,000,000 to the Trustee under the terms of the Settlement Agreement.

**B.    Subsequent Transfers From Fairfield Sentry To Defendant BPES**

40.    A portion of the Fairfield Sentry Initial Transfers was subsequently transferred either directly or indirectly to, or for the benefit of, Defendant BPES and is recoverable from Defendant BPES pursuant to section 550 of the Bankruptcy Code.  Based on the Trustee's investigation to date, approximately $11,426,745 of the money transferred from BLMIS to Fairfield Sentry was subsequently transferred by Fairfield Sentry to Defendant BPES (the "Fairfield Sentry Subsequent Transfers").  A chart setting forth the presently known Fairfield Sentry Subsequent Transfers is attached as Exhibit D.

41.    The Trustee's investigation is on-going and the Trustee reserves the right to: (i) supplement the information on the Fairfield Sentry Initial Transfers, Fairfield Sentry Subsequent Transfers, and any additional transfers, and (ii) seek recovery of such additional transfers.

<u>**COUNT ONE**</u>
<u>**RECOVERY OF SUBSEQUENT TRANSFERS –**</u>
<u>**11 U.S.C. §§ 550(a) AND 551**</u>

42.    The Trustee incorporates by reference the allegations contained in the previous paragraphs of this Complaint as if fully rewritten herein.

43.    Defendant BPES received the Fairfield Sentry Subsequent Transfers, totaling approximately $11,426,745, which are recoverable pursuant to section 550(a) of the Bankruptcy Code.

44.    Each of the Fairfield Sentry Subsequent Transfers was made directly or indirectly to, or for the benefit of, Defendant BPES.

11

# Exhibit 2(pp)

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Thomas L. Long
Mark A. Kornfeld
Michelle R. Kaplan
Torello H. Calvani

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and Bernard L. Madoff*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br> Plaintiff-Applicant, <br><br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br> Defendant. | No. 08-01789 (BRL) <br><br> SIPA Liquidation <br><br> (Substantively Consolidated) |
| In re: <br><br> BERNARD L. MADOFF, <br><br> Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, and Bernard L. Madoff, <br><br> Plaintiff, <br><br> v. <br><br> KOREA EXCHANGE BANK, individually and as Trustee for Korea Global All Asset Trust I-1, and as Trustee for Tams Rainbow Trust III, and KOREA INVESTMENT TRUST MANAGEMENT COMPANY, <br><br> Defendants. | Adv. Pro. No. _ 11-02572  (BRL) <br><br><br> **FIRST AMENDED COMPLAINT** |

Irving H. Picard (the "Trustee"), as trustee for the liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS"), and the substantively consolidated estate of Bernard L. Madoff, individually, under the Securities Investor Protection Act ("SIPA"), 15 U.S.C. §§ 78aaa *et seq.*, for this Complaint against Korea Exchange Bank ("KEB"), individually and as Trustee for Korea Global All Asset Trust I-1 and TAMS Rainbow Trust III, and Korea Investment Trust Management Company ("KITMC") (collectively, "Defendants") alleges the following:

## I.    NATURE OF THE ACTION

1.    This adversary proceeding is part of the Trustee's continuing efforts to recover BLMIS Customer Property[1] that was stolen as part of the massive Ponzi scheme perpetrated by Bernard L. Madoff ("Madoff") and others.

2.    With this Complaint, the Trustee seeks to recover at least $33,593,108 in subsequent transfers of Customer Property made to Defendants. The subsequent transfers were derived from investments with BLMIS made by Fairfield Sentry Limited ("Fairfield Sentry"), which was a Madoff feeder fund. Fairfield Sentry is currently in liquidation in the British Virgin Islands ("BVI"). It was a BVI company that had direct customer accounts with BLMIS's investment advisory business ("IA Business") for the purpose of investing assets with BLMIS. Fairfield Sentry maintained in excess of 95% of its assets in its BLMIS customer accounts.

## II.    JURISDICTION AND VENUE

3.    The Trustee brings this adversary proceeding pursuant to his statutory authority under SIPA §§ 78fff(b), 78fff-1(a), and 78fff-2(c)(3); sections 105(a), 544, 550(a), and 551 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et. seq.* (the "Bankruptcy Code"); and the

---

[1] SIPA § 78*lll*(4) defines "Customer Property" as cash and securities at any time received, acquired, or held by, or for the account of, a debtor from, or for, the securities accounts of a customer, and the proceeds of any such property transferred by the debtor, including property unlawfully converted.

Sentry in the amount of $3,054,000,000. Fairfield Sentry is obligated to pay $70,000,000 to the Trustee under the terms of the Settlement Agreement.

### B.   Subsequent Transfers From Fairfield Sentry To Defendants

41.    A portion of the Fairfield Sentry Initial Transfers was subsequently transferred either directly or indirectly to, or for the benefit of, Defendants and is recoverable from Defendants pursuant to section 550 of the Bankruptcy Code. Based on the Trustee's investigation to date, approximately $33,593,108 of the money transferred from BLMIS to Fairfield Sentry was subsequently transferred by Fairfield Sentry to Defendants (the "Fairfield Sentry Subsequent Transfers"). A chart setting forth the presently known Fairfield Sentry Subsequent Transfers is attached as Exhibit C.

42.    The Trustee's investigation is on-going and the Trustee reserves the right to: (i) supplement the information on the Fairfield Sentry Initial Transfers, Fairfield Sentry Subsequent Transfers, and any additional transfers, and (ii) seek recovery of such additional transfers.

### COUNT ONE
### RECOVERY OF SUBSEQUENT TRANSFERS –
### 11 U.S.C. §§ 550 AND 551

43.    The Trustee incorporates by reference the allegations contained in the previous paragraphs of this Complaint as if fully rewritten herein.

44.    Defendants received the Fairfield Sentry Subsequent Transfers totaling approximately $33,593,108, which are recoverable pursuant to Section 550 of the Bankruptcy Code.

45.    Each of the Fairfield Sentry Subsequent Transfers was made directly or indirectly to, or for the benefit of, Defendants.

# Exhibit 2(qq)

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone:  (212) 589-4200
Facsimile:  (212) 589-4201
David J. Sheehan
Thomas L. Long
Mark A. Kornfeld
Deborah A. Kaplan
Michelle R. Kaplan
Torello H. Calvani

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and Bernard L. Madoff*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | No. 08-01789 (BRL) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, and Bernard L. Madoff, | Adv. Pro. No. 11-02573    (BRL) |
| Plaintiff, | |
| v. | **AMENDED COMPLAINT** |
| THE SUMITOMO TRUST AND BANKING CO., LTD, | |
| Defendant. | |

"Fairfield Sentry Two Year Initial Transfers"). The Fairfield Sentry Two Year Initial Transfers were and continue to be Customer Property within the meaning of SIPA § 78*lll*(4), are avoidable, and recoverable under sections 548(a), 550, and 551 of the Bankruptcy Code, and applicable provisions of SIPA, particularly SIPA § 78fff-2(c)(3).

37.     The Fairfield Sentry Two Year Initial Transfers include approximately $1.1 billion which BLMIS transferred to Fairfield Sentry during the 90 days preceding the Filing Date (the "Fairfield Sentry Preference Period Initial Transfers"). The Fairfield Sentry Preference Period Initial Transfers were and continue to be Customer Property within the meaning of SIPA § 78*lll*(4), are avoidable, and recoverable under sections 547, 550, and 551 of the Bankruptcy Code, and applicable provisions of SIPA, particularly SIPA § 78fff-2(c)(3).

38.     The Fairfield Sentry Six Year Initial Transfers, the Fairfield Sentry Two Year Initial Transfers, and the Fairfield Sentry Preference Period Initial Transfers are collectively defined as the "Fairfield Sentry Initial Transfers." Charts detailing these transactions are included as Exhibits B and C.

39.     Pursuant to the Bankruptcy Court's June 7 and June 10, 2011 orders, the Bankruptcy Court approved a settlement among the Trustee, Fairfield Sentry, and others (the "Settlement Agreement"). As part of the Settlement Agreement, on July 13, 2011, the Bankruptcy Court entered a consent judgment granting the Trustee a judgment against Fairfield Sentry in the amount of $3,054,000,000. Fairfield Sentry is obligated to pay $70,000,000 to the Trustee under the terms of the Settlement Agreement.

**B.    Subsequent Transfers From Fairfield Sentry To Defendant Sumitomo**

40.     A portion of the Fairfield Sentry Initial Transfers was subsequently transferred either directly or indirectly to, or for the benefit of, Defendant Sumitomo and is recoverable from Defendant Sumitomo pursuant to section 550 of the Bankruptcy Code. Based on the Trustee's

investigation to date, approximately $54,253,642 of the money transferred from BLMIS to Fairfield Sentry was subsequently transferred by Fairfield Sentry to Defendant Sumitomo (the "Fairfield Sentry Subsequent Transfers"). A chart setting forth the presently known Fairfield Sentry Subsequent Transfers is attached as Exhibit D.

41. The Trustee's investigation is on-going and the Trustee reserves the right to: (i) supplement the information on the Fairfield Sentry Initial Transfers, Fairfield Sentry Subsequent Transfers, and any additional transfers, and (ii) seek recovery of such additional transfers.

## COUNT ONE
## RECOVERY OF SUBSEQUENT TRANSFERS –
## 11 U.S.C. §§ 550 AND 551

42. The Trustee incorporates by reference the allegations contained in the previous paragraphs of this Amended Complaint as if fully rewritten herein.

43. Defendant Sumitomo received the Fairfield Sentry Subsequent Transfers, totaling approximately $54,253,642, which are recoverable pursuant to section 550 of the Bankruptcy Code.

44. Each of the Fairfield Sentry Subsequent Transfers was made directly or indirectly to, or for the benefit of, Defendant Sumitomo.

45. Defendant Sumitomo is an immediate or mediate transferee of the Fairfield Sentry Initial Transfers.

46. As a result of the foregoing, pursuant to sections 550(a) and 551 of the Bankruptcy Code, and SIPA § 78fff-2(c)(3), the Trustee is entitled to a judgment against Defendant Sumitomo recovering the Fairfield Sentry Subsequent Transfers, or the value thereof, for the benefit of the estate of BLMIS.

11

# Exhibit 2(rr)

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Thomas L. Long
Mark A. Kornfeld
Deborah A. Kaplan
Michelle R. Kaplan
Torello H. Calvani

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                    Plaintiff-Applicant,<br>          v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                    Defendant. | No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>                    Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, and Bernard L. Madoff,<br><br>                    Plaintiff,<br>          v.<br><br>TRINCASTER CORPORATION,<br><br>                    Defendant. | Adv. Pro. No. _____ (BRL)<br><br><br><br>**COMPLAINT** |

36.    The Fairfield Sentry Two Year Initial Transfers include approximately $1.1 billion which BLMIS transferred to Fairfield Sentry during the 90 days preceding the Filing Date (the "Fairfield Sentry Preference Period Initial Transfers"). The Fairfield Sentry Preference Period Initial Transfers were and continue to be Customer Property within the meaning of SIPA § 78*lll*(4), are avoidable and recoverable under sections 547, 550, and 551 of the Bankruptcy Code, and applicable provisions of SIPA, particularly SIPA § 78fff-2(c)(3).

37.    The Fairfield Sentry Six Year Initial Transfers, the Fairfield Sentry Two Year Initial Transfers, and the Fairfield Sentry Preference Period Initial Transfers are collectively defined as the "Fairfield Sentry Initial Transfers." Chart detailing these transfers are attached as Exhibits A and B.

38.    Pursuant to the Bankruptcy Court's June 7 and June 10, 2011 orders, the Bankruptcy Court approved a settlement among the Trustee, Fairfield Sentry, and others (the "Settlement Agreement"). As part of the Settlement Agreement, on July 13, 2011, the Bankruptcy Court entered a consent judgment granting the Trustee a judgment against Fairfield Sentry in the amount of $3,054,000,000. Fairfield Sentry is obligated to pay $70,000,000 to the Trustee under the terms of the Settlement Agreement.

**B.    Subsequent Transfers From Fairfield Sentry To Defendant Trincaster**

39.    A portion of the Fairfield Sentry Initial Transfers was subsequently transferred either directly or indirectly to, or for the benefit of, Defendant Trincaster and is recoverable from Defendant Trincaster pursuant to section 550 of the Bankruptcy Code. Based on the Trustee's investigation to date, approximately $13,311,800 of the money transferred from BLMIS to Fairfield Sentry was subsequently transferred by Fairfield Sentry to Defendant Trincaster (the "Fairfield Sentry Subsequent Transfers"). A chart setting forth the presently known Fairfield Sentry Subsequent Transfers is attached as Exhibit C.

10

# Exhibit 2(ss)

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Thomas L. Long
Mark A. Kornfeld
Deborah A. Kaplan
Michelle R. Kaplan
Torello H. Calvani

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and Bernard L. Madoff*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | No. 08-01789 (BRL) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, and Bernard L. Madoff, | Adv. Pro. No. _____ (BRL) |
| Plaintiff, | |
| v. | **COMPLAINT** |
| BUREAU OF LABOR INSURANCE, | |
| Defendant. | |

Sentry in the amount of $3,054,000,000.  Fairfield Sentry is obligated to pay $70,000,000 to the Trustee under the terms of the Settlement Agreement.

**B.      Subsequent Transfers From Fairfield Sentry To Defendant BLI**

41.      A portion of the Fairfield Sentry Initial Transfers was subsequently transferred either directly or indirectly to, or for the benefit of, Defendant BLI and is recoverable from Defendant BLI pursuant to section 550 of the Bankruptcy Code.  Based on the Trustee's investigation to date, approximately $42,123,406 of the money transferred from BLMIS to Fairfield Sentry was subsequently transferred by Fairfield Sentry to Defendant BLI (the "Fairfield Sentry Subsequent Transfers").  A chart setting forth the presently known Fairfield Sentry Subsequent Transfers is attached as Exhibit C.

42.      The Trustee's investigation is on-going and the Trustee reserves the right to: (i) supplement the information on the Fairfield Sentry Initial Transfers, Fairfield Sentry Subsequent Transfers, and any additional transfers, and (ii) seek recovery of such additional transfers.

<u>**COUNT ONE**</u>
<u>**RECOVERY OF SUBSEQUENT TRANSFERS –**</u>
<u>**11 U.S.C. §§ 550 AND 551**</u>

43.      The Trustee incorporates by reference the allegations contained in the previous paragraphs of this Complaint as if fully rewritten herein.

44.      Defendant BLI received the Fairfield Sentry Subsequent Transfers, totaling approximately $42,123,406, which are recoverable pursuant to section 550 of the Bankruptcy Code.

45.      Each of the Fairfield Sentry Subsequent Transfers was made directly or indirectly to, or for the benefit of, Defendant BLI.

# Exhibit 2(tt)

**Baker & Hostetler LLP**

45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Thomas L. Long
Mark A. Kornfeld
Elizabeth A. Scully
Deborah A. Kaplan
Michelle R. Kaplan
Torello H. Calvani

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (BRL) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, and Bernard L. Madoff, | Adv. Pro. No. _____ (BRL) |
| Plaintiff, | |
| v. | |
| CACEIS BANK LUXEMBOURG and CACEIS BANK, | **COMPLAINT** |
| Defendants. | |

avoidable and recoverable under sections 548, 550, and 551 of the Bankruptcy Code, §§ 273-279

of the NYDCL, and applicable provisions of SIPA, particularly SIPA § 78fff-2(c)(3).

41.    The Fairfield Sentry Two Year Initial Transfers include approximately $1.1

billion which BLMIS transferred to Fairfield Sentry during the 90 days preceding the Filing Date

(the "Fairfield Sentry Preference Period Initial Transfers").   The Fairfield Sentry Preference

Period Initial Transfers were and continue to be Customer Property within the meaning of SIPA

§ 78*lll*(4), and are avoidable and recoverable under sections 547, 550, and 551 of the Bankruptcy

Code, and applicable provisions of SIPA, particularly SIPA § 78fff-2(c)(3).

42.    The Fairfield Sentry Six Year Initial Transfers, the Fairfield Sentry Two Year

Initial Transfers, and the Fairfield Sentry Preference Period Initial Transfers are collectively

defined as the "Fairfield Sentry Initial Transfers."   Charts setting forth these transfers are

attached as Exhibits B and C.

43.    Pursuant to the Bankruptcy Court's June 7 and June 10, 2011 orders, the

Bankruptcy Court approved a settlement among the Trustee, Fairfield Sentry, and others (the

"Settlement Agreement").    As part of the Settlement Agreement, on July 13, 2011, the

Bankruptcy Court entered a consent judgment granting the Trustee a judgment in the amount of

$3,054,000,000.  Under the terms of the Settlement Agreement, Fairfield Sentry is obligated to

pay $70,000,000 to the Trustee for the benefit of the consolidated BLMIS estate.

## 2.    Subsequent Transfers From Fairfield Sentry To Defendant CACEIS Bank

44.    A portion of the Fairfield Sentry Initial Transfers was subsequently transferred

either directly or indirectly to, or for the benefit of, Defendant CACEIS Bank and is recoverable

from Defendant CACEIS Bank pursuant to section 550 of the Bankruptcy Code and § 278 of the

NYDCL.  Based on the Trustee's investigation to date, approximately $24,052,229 of the money

11

transferred from BLMIS to Fairfield Sentry was subsequently transferred by Fairfield Sentry to Defendant CACEIS Bank (the "Fairfield Sentry-CACEIS Bank Subsequent Transfers"). A chart setting forth the presently known Fairfield Sentry-CACEIS Bank Subsequent Transfers is attached as Exhibit D.

45. The Trustee's investigation is on-going and the Trustee reserves the right to: (i) supplement the information on the Fairfield Sentry Initial Transfers, Fairfield Sentry-CACEIS Bank Subsequent Transfers, and any additional transfers, and (ii) seek recovery of such additional transfers.

### 3. Subsequent Transfers From Fairfield Sentry To Defendant CACEIS Bank Luxembourg

46. A portion of the Fairfield Sentry Initial Transfers was subsequently transferred either directly or indirectly to, or for the benefit of, Defendant CACEIS Bank Luxembourg and is recoverable from Defendant CACEIS Bank Luxembourg pursuant to section 550 of the Bankruptcy Code and § 278 of the NYDCL. Based on the Trustee's investigation to date, approximately $627,991 of the money transferred from BLMIS to Fairfield Sentry was subsequently transferred by Fairfield Sentry to Defendant CACEIS Bank Luxembourg (the "Fairfield Sentry-CACEIS Bank Luxembourg Subsequent Transfers"). A chart setting forth the presently known Fairfield Sentry-CACEIS Bank Luxembourg Subsequent Transfers is attached as Exhibit E.

47. The Trustee's investigation is on-going and the Trustee reserves the right to: (i) supplement the information on the Fairfield Sentry Initial Transfers, Fairfield Sentry-CACEIS Bank Luxembourg Subsequent Transfers, and any additional transfers, and (ii) seek recovery of such additional transfers.

12

48.    The Fairfield Sentry-CACEIS Bank Subsequent Transfers and the Fairfield Sentry-CACEIS Bank Luxembourg Subsequent Transfers are collectively defined as the "Fairfield Sentry Subsequent Transfers."

**4.    Subsequent Transfers From Fairfield Sentry To Fairfield Sigma And Subsequently To Defendant CACEIS Bank Luxembourg**

49.    A portion of the Fairfield Initial Transfers was subsequently transferred either directly or indirectly to, or for the benefit of, Defendant CACEIS Bank Luxembourg and is recoverable from Defendant CACEIS Bank Luxembourg pursuant to section 550 of the Bankruptcy Code. Based on the Trustee's investigation to date, approximately $752,273,917 of the money transferred from BLMIS to Fairfield Sentry was subsequently transferred by Fairfield Sentry to Fairfield Sigma. Thereafter, the equivalent of at least $19,352,471 was transferred by Fairfield Sigma to Defendant CACEIS Bank Luxembourg (the "Fairfield Sigma Subsequent Transfers"). Charts setting forth the presently known Fairfield Sigma Subsequent Transfers are attached as Exhibits F and G.

50.    The Trustee's investigation is on-going and the Trustee reserves the right to: (i) supplement the information on the Fairfield Initial Transfers, Fairfield Sigma Subsequent Transfers, and any additional transfers, and (ii) seek recovery of such additional transfers.

51.    The Fairfield Sentry Subsequent Transfers and the Fairfield Sigma Subsequent Transfers are collectively defined as the "Fairfield Subsequent Transfers."

**B.    HARLEY**

**1.    Initial Transfers From BLMIS To Harley**

52.    The Trustee filed an adversary proceeding against Harley in the Bankruptcy Court under the caption *Picard v. Harley Int'l (Cayman) Ltd.,* Adv. Pro. No. 09-01187 (BRL), in which, in part, the Trustee sought to avoid and recover initial transfers of Customer Property

13

# Exhibit 2(uu)

**Baker & Hostetler LLP**

45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and the Chapter 7 Estate of Bernard L. Madoff*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                    Plaintiff-Applicant,<br><br>          v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                    Defendant. | Adv. Pro. No. 08-01789 (CGM)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>                    Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>                    Plaintiff,<br><br>          v.<br><br>ABN AMRO BANK N.V. (presently known as NATWEST MARKETS N.V.),<br><br>                    Defendant. | Adv. Pro. No. 10-05354 (CGM)<br>Adv. Pro. No. 11-02760 (CGM)<br><br><br><br>**CONSOLIDATED SECOND AMENDED COMPLAINT** |

LDC Six Year Transfers"). Exhibit M. The Rye Insurance LDC Six Year Transfers are avoidable under section 544 of the Bankruptcy Code, applicable provisions of the N.Y. Debt. & Cred. Law, particularly §§ 273-279, and of SIPA, particularly § 78fff-2(c)(3).

197.     Of the Rye Insurance LDC Six Year Transfers, $48,750,000 was transferred to Rye Insurance LDC during the two years preceding the Filing Date (the "Rye Portfolio Limited Two Year Transfers"). Exhibit M. The Rye Insurance LDC Two Year Transfers are avoidable under section 548 of the Bankruptcy Code and applicable provisions of SIPA, particularly § 78fff-2(c)(3).

198.     The Rye Insurance LDC Six Year Transfers and the Rye Insurance LDC Two Year Transfers are collectively defined as the "Rye Insurance LDC Initial Transfers."

### F.     The 2006 Tremont Transaction: Subsequent Transfers of Collateral Payments and Redemption Payments

199.     The Trustee seeks to recover at least $189,080,573 in subsequent transfers of customer property to Defendant in connection with the 2006 Tremont Transaction.

200.     During the six years prior to the Filing Date, from the Rye Portfolio Limited Initial Transfers, Rye Portfolio Limited transferred at least $74,298,573 to XL Portfolio Limited. *See* Exhibit K.

201.     During the six years prior to the Filing Date, from the Rye Insurance LDC Initial Transfers, Rye Insurance LDC transferred at least $10,318,000 to XL Portfolio Limited. *See* Exhibit N.

202.     XL Portfolio Limited transferred to Defendant at least $217,000,000 in collateral pursuant to the 2006 Tremont Transaction. *See* Exhibit P. XL Portfolio Limited received at least $84,616,573 in customer property from Rye Portfolio Limited and Rye Insurance LDC (the "XL

47

Portfolio Limited Subsequent Transfers"), as well as additional transfers from other Tremont-related entities.[1]

203.    Defendant hedged its obligations to XL Portfolio Limited pursuant to the 2006 Tremont Transaction by investing in Rye Portfolio Limited. Because it purchased shares of Rye Portfolio Limited, Defendant was entitled to redeem from the fund. From September 2007 until the Filing Date, Defendant redeemed from Rye Portfolio Limited at least $104,464,000 (the "Rye Portfolio Limited Subsequent Transfers"). *See* Exhibit J. This is a portion of the $609 million of customer property that Rye Portfolio Limited received from BLMIS during the six years preceding the Filing Date.

### G.    The 2007 Tremont Transaction: Subsequent Transfers of Collateral Payments and Redemption Payments

204.    The Trustee seeks to recover at least $97,233,333 in subsequent transfers of customer property to Defendant in connection with the 2007 Tremont Transaction.

205.    During the six years before the Filing Date, from the Rye Broad Market Initial Transfers, Rye Broad Market subsequently transferred at least $48,387,616 to XL Broad Market. *See* Exhibit D.

206.    During the six years before the Filing Date, from the Rye Prime Fund Initial Transfers, Rye Prime Fund subsequently transferred at least $292,472,765 to XL Broad Market. *See* Exhibit G.

207.    Using the funds received from Rye Broad Market and Rye Prime Fund, XL Broad Market transferred to Defendant at least $95,833,333 in collateral pursuant to the 2007

---

[1] The Trustee's investigation is ongoing. Upon complete discovery and review of comprehensive bank records of XL Portfolio Limited, which are not currently available to the Trustee, additional transfers of customer property to XL Portfolio Limited, and/or from XL Portfolio Limited to Defendant, may be identified.

Transaction, *see* Exhibit O, all of which constituted customer property that XL Broad Market received from Rye Broad Market and Rye Prime Fund (the "XL Broad Market Subsequent Transfers").

208.    Defendant hedged its obligations to XL Broad Market pursuant to the 2007 Tremont Transaction by investing in Rye Broad Market. Because it purchased shares of Rye Broad Market, Defendant was entitled to redeem from the fund. On November 3, 2008, Defendant received from Rye Broad Market a subsequent transfer of customer property totaling at least $1,400,000 (the "Rye Broad Market Subsequent Transfers"). *See* Exhibit C. This is a portion of the $252 million of customer property that Rye Broad Market received from BLMIS during the six years preceding the Filing Date.

* * *

209.    The XL Portfolio Limited Subsequent Transfers, Rye Portfolio Limited Subsequent Transfers, XL Broad Market Subsequent Transfers, and Rye Broad Market Subsequent Transfers (collectively, the "Tremont Subsequent Transfers") collectively total at least $286,313,906.

210.    The Tremont Subsequent Transfers are recoverable from Defendant under section 550(a) of the Bankruptcy Code and applicable provisions of SIPA, particularly § 78fff-2(c)(3).

211.    The Trustee's investigation is ongoing, and the Trustee reserves his right to: (i) supplement the information on the initial and subsequent transfers discussed and any additional transfers; and (ii) seek recovery of such subsequent transfers of BLMIS customer property to Defendant.

## IX.     RECOVERY OF THE HARLEY SUBSEQUENT TRANSFERS

### A.     Initial Transfers from BLMIS to Harley

212.    The Trustee filed an adversary proceeding against Harley in the Bankruptcy Court

under the caption *Picard v. Harley Int'l (Cayman) Ltd.*, Adv. Pro. No. 09-01187 (BRL) (the

"Harley Avoidance Action"), in which, in part, the Trustee sought to avoid and recover initial

transfers of customer property from BLMIS to Harley in the amount of approximately

$1,072,800,000. The Trustee incorporates by reference the allegations contained in the Harley

Avoidance Action complaint as if fully set forth herein.

213.    On November 10, 2010, the Bankruptcy Court entered a default judgment against

Harley in the amount of $1,072,820,000 (ECF No. 15). Of this amount, $1,066,800,000 was

awarded in a default summary judgment against Harley. The Trustee has not recovered any

monies as a result of the November 10, 2010 judgment.

214.    During the six years preceding the Filing Date, $1,072,800,000 was transferred to

Harley, Account Number 1FN094 (the "Harley Six Year Initial Transfers"). Exhibit R. The

Harley Six Year Initial Transfers are avoidable and recoverable under section 544 of the

Bankruptcy Code, applicable provisions of the N.Y. Debt. & Cred. Law, particularly §§ 273-279,

and of SIPA, particularly § 78fff-2(c)(3).

215.    Of the Harley Six Year Initial Transfers, approximately $1,066,800,000 was

transferred to Harley during the two years preceding the Filing Date (the "Harley Two Year

Initial Transfers"). Exhibit R. The Harley Two Year Initial Transfers are avoidable under section

548 of the Bankruptcy Code and applicable provisions of SIPA, particularly § 78fff-2(c)(3).

216.    The Harley Six Year Initial Transfers and Harley Two Year Initial Transfers are

collectively defined as the "Harley Initial Transfers."

### B.    Subsequent Transfers from Harley to Defendant

217.    Prior to the Filing Date, a portion of the Harley Initial Transfers was subsequently transferred either directly or indirectly to, or for the benefit of, Defendant. Based on the Trustee's investigation to date, the subsequent transfer to, or for the benefit of, Defendant total $21,799,920 (the "Harley Subsequent Transfers"). A chart setting forth the presently known Harley Subsequent Transfers is attached as Exhibit S.

218.    The Harley Subsequent Transfers are recoverable from Defendant under section 550(a) of the Bankruptcy Code and applicable provisions of SIPA, particularly § 78fff-2(c)(3).

219.    The Trustee's discovery and investigation is ongoing, and the Trustee reserves the right to: (i) supplement the information on the Harley Initial Transfers, Harley Subsequent Transfers, and any additional subsequent transfers, and (ii) seek recovery of such transfers.

## COUNT ONE

## RECOVERY OF RYE PORTFOLIO LIMITED SUBSEQUENT TRANSFERS

## 11 U.S.C. §§ 105(a) AND 550(a)

220.    The Trustee incorporates by reference the allegations contained in the previous paragraphs of this Consolidated Second Amended Complaint as if fully rewritten herein.

221.    Defendant received the Rye Portfolio Limited Subsequent Transfers totaling at least $104,464,000. The Rye Portfolio Limited Subsequent Transfers are recoverable pursuant to section 550(a) of the Bankruptcy Code and 15 U.S.C. § 78fff-2(c)(3).

222.    Defendant is an immediate or mediate transferee of the Rye Portfolio Limited Subsequent Transfers.

223.    As a result of the foregoing, pursuant to sections 105(a) and 550(a) of the Bankruptcy Code, and 15 U.S.C. § 78fff-2(c)(3), the Trustee is entitled to a judgment against Defendant: (a) recovering the Rye Portfolio Limited Subsequent Transfers, or the value thereof,

# Exhibit 2(vv)

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone:  (212) 589-4200
Facsimile:  (212) 589-4201
David J. Sheehan
Thomas L. Long
Mark A. Kornfeld
Deborah A. Kaplan
Michelle R. Kaplan
Torello H. Calvani

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (BRL) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, and Bernard L. Madoff, | Adv. Pro. No. _____ (BRL) |
| Plaintiff, | |
| v. | **COMPLAINT** |
| LIGHTHOUSE INVESTMENT PARTNERS LLC, d/b/a LIGHTHOUSE PARTNERS, LIGHTHOUSE SUPERCASH FUND LIMITED, and LIGHTHOUSE DIVERSIFIED FUND LIMITED, | |
| Defendant. | |

41.    The Fairfield Sentry Two Year Initial Transfers include approximately $1.1 billion which BLMIS transferred to Fairfield Sentry during the 90 days preceding the Filing Date (the "Fairfield Sentry Preference Period Initial Transfers").   The Fairfield Sentry Preference Period Initial Transfers were and continue to be Customer Property within the meaning of SIPA § 78*lll*(4), and are avoidable and recoverable under sections 547, 550, and 551 of the Bankruptcy Code, and applicable provisions of SIPA, particularly SIPA § 78fff-2(c)(3).

42.    The Fairfield Sentry Six Year Initial Transfers, Fairfield Sentry Two Year Initial Transfers, and the Fairfield Sentry Preference Period Initial Transfers are collectively defined as the "Fairfield Sentry Initial Transfers."   Charts setting forth these transfers are included as Exhibits B and C.

43.    Pursuant to the Bankruptcy Court's June 7 and June 10, 2011 orders, the Bankruptcy Court approved a settlement among the Trustee, Fairfield Sentry, and others (the "Settlement Agreement").   As part of the Settlement Agreement on July 13, 2011, the Bankruptcy Court entered a consent judgment granting the Trustee a judgment against Fairfield Sentry in the amount of $3,054,000,000.   Fairfield Sentry is obligated to pay $70,000,000 to the Trustee under the terms of the Settlement Agreement.

**B.    Subsequent Transfers From Fairfield Sentry To Defendant Lighthouse Diversified and Subsequently to Defendant Lighthouse Partners**

44.    A portion of the Fairfield Sentry Initial Transfers was subsequently transferred either directly or indirectly to, or for the benefit of, Defendant Lighthouse Diversified and is recoverable from Defendant Lighthouse Diversified pursuant to section 550 of the Bankruptcy Code and § 278 of the NYDCL.   Based on the Trustee's investigation to date, approximately $7,913,873 of the money transferred from BLMIS to Fairfield Sentry was subsequently transferred by Fairfield Sentry to Defendant Lighthouse Diversified (the "Fairfield Sentry-

Lighthouse Diversified Subsequent Transfers"). Upon information and belief, some or all of the Fairfield Sentry Lighthouse Diversified Subsequent Transfers were subsequently transferred directly or indirectly to Defendant Lighthouse Partners. A chart setting forth the presently known Fairfield Sentry-Lighthouse Diversified Subsequent Transfers is attached as Exhibit D.

45.     The Trustee's investigation is on-going and the Trustee reserves the right to: (i) supplement the information on the Fairfield Sentry Initial Transfers, Fairfield Sentry-Lighthouse Diversified Subsequent Transfers, and any additional transfers, and (ii) seek recovery of such additional transfers.

### C.      Subsequent Transfers From Fairfield Sentry To Defendant Lighthouse Supercash and Subsequently to Defendant Lighthouse Partners

46.     A portion of the Fairfield Sentry Initial Transfers was subsequently transferred either directly or indirectly to, or for the benefit of, Defendant Lighthouse Supercash and is recoverable from Defendant Lighthouse Supercash pursuant to section 550 of the Bankruptcy Code and § 278 of the NYDCL. Based on the Trustee's investigation to date, approximately $3,251,378 of the money transferred from BLMIS to Fairfield Sentry was subsequently transferred by Fairfield Sentry to Defendant Lighthouse Supercash (the "Fairfield Sentry-Lighthouse Supercash Subsequent Transfers"). Upon information and belief, some or all of the Fairfield Sentry Lighthouse Supercash Subsequent Transfers were subsequently transferred directly or indirectly to Defendant Lighthouse Partners. A chart setting forth the presently known Fairfield Sentry-Lighthouse Supercash Subsequent Transfers is attached as Exhibit E.

47.     The Trustee's investigation is on-going and the Trustee reserves the right to: (i) supplement the information on the Fairfield Sentry Initial Transfers, Fairfield Sentry-Lighthouse Supercash Subsequent Transfers, and any additional transfers, and (ii) seek recovery of such additional transfers.

# Exhibit 2(ww)

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Thomas L. Long
Oren J. Warshavsky
Elizabeth A. Scully
Deborah A. Kaplan
Michelle R. Kaplan
Torello H. Calvani

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Proc. No. 08-01789 (BRL) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, and Bernard L. Madoff, | Adv. Pro. No. _____ (BRL) |
| Plaintiff, | |
| v. | |
| SOMERS DUBLIN LIMITED, and SOMERS NOMINEES (FAR EAST) LIMITED, | **COMPLAINT** |
| Defendants. | |

42.     The Fairfield Sentry Six Year Initial Transfers, the Fairfield Sentry Two Year Initial Transfers, and the Fairfield Sentry Preference Period Initial Transfers are collectively defined as the "Fairfield Sentry Initial Transfers."  Charts setting forth these transfers are attached as Exhibits A and B.

43.     Pursuant to the Bankruptcy Court's June 7 and June 10, 2011 orders, the Bankruptcy Court approved a settlement among the Trustee, Fairfield Sentry, and others (the "Settlement Agreement").  As part of the Settlement Agreement, on July 13, 2011, the Bankruptcy Court entered a consent judgment granting the Trustee a judgment in the amount of $3,054,000,000.  Under the terms of the Settlement Agreement, Fairfield Sentry is obligated to pay $70,000,000 to the Trustee for the benefit of the consolidated BLMIS estate.

### 2.     Subsequent Transfers From Fairfield Sentry To Defendant Somers Dublin

44.     A portion of the Fairfield Sentry Initial Transfers was subsequently transferred either directly or indirectly to, or for the benefit of, Defendant Somers Dublin and is recoverable from Defendant Somers Dublin pursuant to section 550 of the Bankruptcy Code and § 278 of the NYDCL.  Based on the Trustee's investigation to date, approximately $1,985,648 of the money transferred from BLMIS to Fairfield Sentry was subsequently transferred by Fairfield Sentry to Defendant Somers Dublin (the "Fairfield Sentry-Somers Dublin Subsequent Transfers").  A chart setting forth the presently known Fairfield Sentry-Somers Dublin Subsequent Transfers is attached as Exhibit C.

45.     The Trustee's investigation is on-going and the Trustee reserves the right to: (i) supplement the information on the Fairfield Sentry Initial Transfers, Fairfield Sentry-Somers Dublin Subsequent Transfers, and any additional transfers, and (ii) seek recovery of such additional transfers.

11

### 3. Subsequent Transfers From Fairfield Sentry To Defendant Somers Nominees

46.    A portion of the Fairfield Sentry Initial Transfers was subsequently transferred either directly or indirectly to, or for the benefit of, Defendant Somers Nominees and is recoverable from Defendant Somers Nominees pursuant to section 550 of the Bankruptcy Code and § 278 of the NYDCL.    Based on the Trustee's investigation to date, approximately $4,454,242 of the money transferred from BLMIS to Fairfield Sentry was subsequently transferred by Fairfield Sentry to Defendant Nominees Nominees (the "Fairfield Sentry-Somers Nominees Subsequent Transfers").    A chart setting forth the presently known Fairfield Sentry-Somers Nominees Subsequent Transfers is attached as Exhibit D.

47.    The Trustee's investigation is on-going and the Trustee reserves the right to: (i) supplement the information on the Fairfield Sentry Initial Transfers, Fairfield Sentry-Somers Nominees Subsequent Transfers, and any additional transfers, and (ii) seek recovery of such additional transfers.

48.    The Fairfield Sentry-Somers Dublin Subsequent Transfers and the Fairfield Sentry-Somers Nominees Subsequent Transfers are collectively defined as the "Fairfield Sentry Subsequent Transfers."

### B.    HARLEY

### 1.    Initial Transfers From BLMIS To Harley

49.    The Trustee filed an adversary proceeding against Harley in the Bankruptcy Court under the caption *Picard v. Harley Int'l (Cayman) Ltd.,* Adv. Pro. No. 09-01187 (BRL), in which, in part, the Trustee sought to avoid and recover initial transfers of Customer Property from BLMIS to Harley in the amount of approximately $1,072,800,000 (the "Harley

# Exhibit 2(xx)

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone:  (212) 589-4200
Facsimile:  (212) 589-4201
David J. Sheehan
Thomas L. Long
Mark A. Kornfeld
Deborah A. Kaplan
Michelle R. Kaplan
Torello Calvani
Emilie Walgenbach

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (BRL) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, and Bernard L. Madoff, | Adv. Pro. No. _____ (BRL) |
| Plaintiff, | |
| v. | **COMPLAINT** |
| FALCON PRIVATE BANK LTD. (f/k/a AIG Private Bank AG), | |
| Defendant. | |

avoidable and recoverable under sections 544, 548, 550, and 551 of the Bankruptcy Code, §§ 273-279 of the NYDCL, and applicable provisions of SIPA, particularly SIPA § 78fff-2(c)(3).

38.     The Fairfield Sentry Two Year Initial Transfers include approximately $1.1 billion which BLMIS transferred to Fairfield Sentry during the 90 days preceding the Filing Date (the "Fairfield Sentry Preference Period Initial Transfers").  The Fairfield Sentry Preference Period Initial Transfers were and continue to be Customer Property within the meaning of SIPA § 78*lll*(4), and are avoidable and recoverable under sections 547, 550, and 551 of the Bankruptcy Code, and applicable provisions of SIPA, particularly SIPA § 78fff-2(c)(3).

39.     The Fairfield Sentry Six Year Initial Transfers, the Fairfield Sentry Two Year Initial Transfers, and the Fairfield Sentry Preference Period Initial Transfers are collectively defined as the "Fairfield Sentry Initial Transfers."  Charts setting forth these transfers are attached as Exhibits A and B.

40.     Pursuant to the Bankruptcy Court's June 7 and June 10, 2011 orders, the Bankruptcy Court approved a settlement among the Trustee, Fairfield Sentry, and others (the "Settlement Agreement").  As part of the Settlement Agreement, on July 13, 2011, the Bankruptcy Court entered a consent judgment granting the Trustee a judgment against Fairfield Sentry in the amount of $3,054,000,000.  Fairfield Sentry is obliged to pay $70,000,000 to the Trustee under the terms of the Settlement Agreement.

##### 2.     Subsequent Transfers From Fairfield Sentry To Defendant Falcon

41.     A portion of the Fairfield Sentry Initial Transfers was subsequently transferred either directly or indirectly to, or for the benefit of, Defendant Falcon and is recoverable from Defendant Falcon pursuant to section 550 of the Bankruptcy Code and § 278 of the NYDCL. Based on the Trustee's investigation to date, approximately $38,675,129 of the money transferred from BLMIS to Fairfield Sentry was subsequently transferred by Fairfield Sentry to

Defendant Falcon (the "Fairfield Sentry Subsequent Transfers").   A chart setting forth the presently known Fairfield Sentry Subsequent Transfers is attached as Exhibit C.

42.    The Trustee's investigation is ongoing, and the Trustee reserves the right to: (i) supplement the information on the Fairfield Sentry Initial Transfers, the Fairfield Sentry Subsequent Transfers, and any additional transfers, and (ii) seek recovery of such additional transfers.

### 3.    Subsequent Transfers From Fairfield Sentry To Fairfield Sigma And Subsequently To Defendant Falcon

43.    A portion of the Fairfield Sentry Initial Transfers was subsequently transferred either directly or indirectly to, or for the benefit of, Defendant Falcon through Fairfield Sigma and is recoverable from Defendant Falcon pursuant to section 550 of the Bankruptcy Code and § 278 of the NYDCL.   Based on the Trustee's investigation to date, approximately $752,273,917 of the money transferred from BLMIS to Fairfield Sentry was subsequently transferred by Fairfield Sentry to Fairfield Sigma.   Thereafter, the equivalent of at least $70,288 was transferred by Fairfield Sigma to Defendant Falcon (the "Fairfield Sigma Subsequent Transfers").   Charts setting forth the presently known Fairfield Sigma Subsequent Transfers are attached as Exhibits D and E.

44.    The Trustee's investigation is ongoing, and the Trustee reserves the right to: (i) supplement the information on the Fairfield Sentry Initial Transfers, the Fairfield Sigma Subsequent Transfers, and any additional transfers, and (ii) seek recovery of such additional transfers.

45.    The Fairfield Sentry Subsequent Transfers and the Fairfield Sigma Subsequent Transfers are collectively defined as the "Fairfield Subsequent Transfers."

11

# Exhibit 2(yy)

**Baker & Hostetler LLP**

45 Rockefeller Plaza
New York, New York 10111
Telephone:  (212) 589-4200
Facsimile:  (212) 589-4201
David J. Sheehan
Thomas L. Long
Mark A. Kornfeld
Deborah A. Kaplan
Michelle R. Kaplan
Torello H. Calvani

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and Bernard L. Madoff*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (BRL) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, and Bernard L. Madoff, | Adv. Pro. No. _____ (BRL) |
| Plaintiff, | |
| v. | |
| THE PUBLIC INSTITUTION FOR SOCIAL SECURITY, | **COMPLAINT** |
| Defendant. | |

$3,054,000,000.  Under the terms of the Settlement Agreement, Fairfield Sentry is obligated to pay $70,000,000 to the Trustee for the benefit of the consolidated BLMIS estate.

**B.     Subsequent Transfers from Fairfield Sentry to Defendant PIFSS**

41.     A portion of the Fairfield Sentry Initial Transfers was subsequently transferred either directly or indirectly to, or for the benefit of, Defendant PIFSS and is recoverable from Defendant PIFSS pursuant to section 550 of the Bankruptcy Code and § 278 of the NYDCL. Based on the Trustee's investigation to date, approximately $30,000,000 of the money transferred from BLMIS to Fairfield Sentry was subsequently transferred by Fairfield Sentry to Defendant PIFSS (the "Fairfield Sentry Subsequent Transfers").  A chart setting forth the presently known Fairfield Sentry Subsequent Transfers is attached as Exhibit C.

42.     The Trustee's investigation is on-going, and the Trustee reserves the right to: (i) supplement the information on the Fairfield Sentry Initial Transfers, the Fairfield Sentry Subsequent Transfers, and any additional transfers, and (ii) seek recovery of such additional transfers.

**COUNT ONE**
**RECOVERY OF FAIRFIELD SENTRY SUBSEQUENT TRANSFERS–**
**11 U.S.C. §§ 550 AND 551 AND NYDCL § 278**

43.     The Trustee incorporates by reference the allegations contained in the previous paragraphs of this Complaint as if fully rewritten herein.

44.     Defendant PIFSS received the Fairfield Sentry Subsequent Transfers, totaling approximately $30,000,000, which are recoverable pursuant to section 550(a) of the Bankruptcy Code and § 278 of the NYDCL.

45.     Each of the Fairfield Sentry Subsequent Transfers was made directly or indirectly to, or for the benefit of, Defendant PIFSS.

# Exhibit 2(zz)

**Baker & Hostetler LLP**

45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Thomas L. Long
Mark A. Kornfeld
Deborah A. Kaplan
Michelle R. Kaplan
Torello H. Calvani

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and Bernard L. Madoff*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (BRL) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, and Bernard L. Madoff, | Adv. Pro. No. _____ (BRL) |
| Plaintiff, | |
| v. | |
| FULLERTON CAPITAL PTE LTD., | **COMPLAINT** |
| Defendant. | |

were and continue to be Customer Property within the meaning of SIPA § 78*lll*(4), and are

avoidable and recoverable under sections 544, 548, 550, and 551 of the Bankruptcy Code,

§§ 273-279 of the NYDCL, and applicable provisions of SIPA, particularly SIPA § 78fff-2(c)(3).

38.     The Fairfield Sentry Two Year Initial Transfers include approximately $1.1

billion which BLMIS transferred to Fairfield Sentry during the 90 days preceding the Filing Date

(the "Fairfield Sentry Preference Period Initial Transfers").   The Fairfield Sentry Preference

Period Initial Transfers were and continue to be Customer Property within the meaning of SIPA

§ 78*lll*(4), and are avoidable and recoverable under sections 547, 550, and 551 of the Bankruptcy

Code, and applicable provisions of SIPA, particularly SIPA § 78fff-2(c)(3).

39.     The Fairfield Sentry Six Year Initial Transfers, the Fairfield Sentry Two Year

Initial Transfers, and the Fairfield Sentry Preference Period Initial Transfers are collectively

defined as the "Fairfield Sentry Initial Transfers."   Charts setting forth these transfers are

attached as Exhibits A and B.

40.     Pursuant to the Bankruptcy Court's June 7 and June 10, 2011 orders, the

Bankruptcy Court approved a settlement among the Trustee, Fairfield Sentry, and others (the

"Settlement Agreement").   As part of the Settlement Agreement, on July 13, 2011, the

Bankruptcy Court entered a consent judgment granting the Trustee a judgment in the amount of

$3,054,000,000.  Under the terms of the Settlement Agreement, Fairfield Sentry is obligated to

pay $70,000,000 to the Trustee for the benefit of the consolidated BLMIS estate.

**B.     Subsequent Transfers from Fairfield Sentry to Defendant Fullerton**

41.     A portion of the Fairfield Sentry Initial Transfers was subsequently transferred

either directly or indirectly to, or for the benefit of, Defendant Fullerton and is recoverable from

Defendant Fullerton pursuant to section 550 of the Bankruptcy Code and § 278 of the NYDCL.

Based on the Trustee's investigation to date, approximately $10,290,445 of the money

transferred from BLMIS to Fairfield Sentry was subsequently transferred by Fairfield Sentry to Defendant Fullerton (the "Fairfield Sentry Subsequent Transfers"). A chart setting forth the presently known Fairfield Sentry Subsequent Transfers is attached as Exhibit C.

42.    The Trustee's investigation is on-going, and the Trustee reserves the right to: (i) supplement the information on the Fairfield Sentry Initial Transfers, the Fairfield Sentry Subsequent Transfers, and any additional transfers, and (ii) seek recovery of such additional transfers.

## COUNT ONE
## RECOVERY OF SUBSEQUENT TRANSFERS–
## 11 U.S.C. §§ 550 AND 551 AND NYDCL § 278

43.    The Trustee incorporates by reference the allegations contained in the previous paragraphs of this Complaint as if fully rewritten herein.

44.    Defendant Fullerton received the Fairfield Sentry Subsequent Transfers, totaling approximately $10,290,445, which are recoverable pursuant to section 550(a) of the Bankruptcy Code and § 278 of the NYDCL.

45.    Each of the Fairfield Sentry Subsequent Transfers was made directly or indirectly to, or for the benefit of, Defendant Fullerton.

46.    Defendant Fullerton is immediate or mediate transferee of the Fairfield Sentry Initial Transfers.

47.    As a result of the foregoing, pursuant to sections 550(a) and 551 of the Bankruptcy Code, § 278 of the NYDCL, and SIPA § 78fff-2(c)(3), the Trustee is entitled to a judgment against Defendant Fullerton recovering the Fairfield Sentry Subsequent Transfers, or the value thereof, for the benefit of the estate of BLMIS.

11

# Exhibit 2(aaa)

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Thomas L. Long
Mark A. Kornfeld
Deborah A. Kaplan
Michelle R. Kaplan
Torello H. Calvani

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and Bernard L. Madoff*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (BRL) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, and Bernard L. Madoff, | Adv. Pro. No. _____ (BRL) |
| Plaintiff, | |
| v. | **COMPLAINT** |
| BANCO ITAÚ EUROPA LUXEMBOURG S.A., and BANCO ITAÚ EUROPA INTERNATIONAL, | |
| Defendants. | |

### 2.    Subsequent Transfers From Fairfield Sentry To Defendant Banco Itaú

51.    A portion of the Fairfield Sentry Initial Transfers was subsequently transferred either directly or indirectly to, or for the benefit of, Defendant Banco Itaú and is recoverable from Defendant Banco Itaú pursuant to section 550 of the Bankruptcy Code and § 278 of the NYDCL.  Based on the Trustee's investigation to date, approximately $60,595,069 of the money transferred from BLMIS to Fairfield Sentry was subsequently transferred by Fairfield Sentry to Defendant Banco Itaú (the "Fairfield Sentry-Banco Itaú Subsequent Transfers").  A chart setting forth the presently known Fairfield Sentry-Banco Itaú Subsequent Transfers is attached as Exhibit F.

52.    The Trustee's investigation is ongoing, and the Trustee reserves the right to: (i) supplement the information on the Fairfield Sentry Initial Transfers, the Fairfield Sentry-Banco Itaú Subsequent Transfers, and any additional transfers, and (ii) seek recovery of such additional transfers.

### 3.    Subsequent Transfers From Fairfield Sentry To Defendant Itaú International

53.    A portion of the Fairfield Sentry Initial Transfers was subsequently transferred either directly or indirectly to, or for the benefit of, Defendant Itaú International and is recoverable from Defendant Itaú International pursuant to section 550 of the Bankruptcy Code and § 278 of the NYDCL.  Based on the Trustee's investigation to date, approximately $9,969,942 of the money transferred from BLMIS to Fairfield Sentry was subsequently transferred by Fairfield Sentry to Defendant Itaú International (the "Fairfield Sentry-Itaú International Subsequent Transfers").  A chart setting forth the presently known Fairfield Sentry-Itaú International Subsequent Transfers is attached as Exhibit G.

08-01789-cgm    Doc 21650-2    Filed 05/27/22    Entered 05/27/22 14:27    Exhibit 2
Pg 206 of 278

54.     The Trustee's investigation is ongoing, and the Trustee reserves the right to: (i) supplement the information on the Fairfield Sentry Initial Transfers, the Fairfield Sentry-Itaú International Subsequent Transfers, and any additional transfers, and (ii) seek recovery of such additional transfers.

55.     The Fairfield Sentry-Banco Itaú Subsequent Transfers and the Fairfield Sentry-Itaú International Subsequent Transfers are collectively defined as the "Fairfield Sentry Subsequent Transfers."

### 4. Subsequent Transfers From Fairfield Sentry To Fairfield Sigma And Subsequently To Defendant Banco Itaú

56.     A portion of the Fairfield Sentry Initial Transfers was subsequently transferred either directly or indirectly to, or for the benefit of, Defendant Banco Itaú through Fairfield Sigma and is recoverable from Defendant Banco Itaú pursuant to section 550 of the Bankruptcy Code and § 278 of the NYDCL.  Based on the Trustee's investigation to date, approximately $752,273,917 of the money transferred from BLMIS to Fairfield Sentry was subsequently transferred by Fairfield Sentry to Fairfield Sigma.  Thereafter, approximately $3,140,261 was transferred by Fairfield Sigma to Defendant Banco Itaú (the "Fairfield Sigma Subsequent Transfers").  Charts setting forth the presently known Fairfield Sigma Subsequent Transfers are attached as Exhibits H and I.

57.     The Trustee's investigation is ongoing, and the Trustee reserves the right to: (i) supplement the information on the Fairfield Sentry Initial Transfers, the Fairfield Sigma Subsequent Transfers, and any additional transfers, and (ii) seek recovery of such additional transfers.

58.     The Fairfield Sentry Subsequent Transfers and the Fairfield Sigma Subsequent Transfers are collectively defined as the "Fairfield Subsequent Transfers."

15

# Exhibit 2(bbb)

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Thomas L. Long
Mark A. Kornfeld
Deborah A. Kaplan
Michelle R. Kaplan
Torello H. Calvani

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and Bernard L. Madoff*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (BRL) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, and Bernard L. Madoff, | Adv. Pro. No. _____ (BRL) |
| Plaintiff, | |
| v. | **COMPLAINT** |
| GROSVENOR INVESTMENT MANAGEMENT LTD., GROSVENOR PRIVATE RESERVE FUND LIMITED, GROSVENOR BALANCED GROWTH FUND LIMITED, AND GROSVENOR AGGRESSIVE GROWTH FUND LIMITED, | |
| Defendants. | |

42.    The Fairfield Sentry Six Year Initial Transfers, the Fairfield Sentry Two Year Initial Transfers, and the Fairfield Sentry Preference Period Initial Transfers are collectively defined as the "Fairfield Sentry Initial Transfers."  Charts setting forth these transfers are attached as Exhibits A and B.

43.    Pursuant to the Bankruptcy Court's June 7 and June 10, 2011 orders, the Bankruptcy Court approved a settlement among the Trustee, Fairfield Sentry, and others (the "Settlement Agreement").  As part of the Settlement Agreement, on July 13, 2011, the Bankruptcy Court entered a consent judgment granting the Trustee a judgment in the amount of $3,054,000,000.  Under the terms of the Settlement Agreement, Fairfield Sentry is obligated to pay $70,000,000 to the Trustee for the benefit of the consolidated BLMIS estate.

### 2.    Subsequent Transfers From Fairfield Sentry To Grosvenor Aggressive

44.    A portion of the Fairfield Sentry Initial Transfers was subsequently transferred either directly or indirectly to, or for the benefit of, Grosvenor Aggressive and Grosvenor Management, as fund manager, and is recoverable from Grosvenor Aggressive and Grosvenor Management pursuant to section 550 of the Bankruptcy Code and § 278 of the NYDCL.  Based on the Trustee's investigation to date, approximately $4,191,288 of the money transferred from BLMIS to Fairfield Sentry was subsequently transferred by Fairfield Sentry to Grosvenor Aggressive and/or Grosvenor Management (the "Fairfield Sentry-Aggressive Subsequent Transfers").  A chart setting forth the presently known Fairfield Sentry-Aggressive Subsequent Transfers is attached as Exhibit C.

45.    The Trustee's investigation is on-going, and the Trustee reserves the right to: (i) supplement the information on the Fairfield Sentry Initial Transfers, the Fairfield Sentry-

Aggressive Subsequent Transfers, and any additional transfers, and (ii) seek recovery of such additional transfers.

### 3.    Subsequent Transfers From Fairfield Sentry To Grosvenor Balanced

46.    A portion of the Fairfield Sentry Initial Transfers was subsequently transferred either directly or indirectly to, or for the benefit of, Grosvenor Balanced and Grosvenor Management, as fund manager, and is recoverable from Grosvenor Balanced and Grosvenor Management pursuant to section 550 of the Bankruptcy Code and § 278 of the NYDCL.  Based on the Trustee's investigation to date, approximately $13,000,000 of the money transferred from BLMIS to Fairfield Sentry was subsequently transferred by Fairfield Sentry to Grosvenor Balanced and/or Grosvenor Management (the "Fairfield Sentry-Balanced Subsequent Transfers").  A chart setting forth the presently known Fairfield Sentry-Balanced Subsequent Transfers is attached as Exhibit D.

47.    The Trustee's investigation is on-going, and the Trustee reserves the right to: (i) supplement the information on the Fairfield Sentry Initial Transfers, the Fairfield Sentry-Balanced Subsequent Transfers, and any additional transfers, and (ii) seek recovery of such additional transfers.

### 4.    Subsequent Transfers From Fairfield Sentry To Grosvenor Private

48.    A portion of the Fairfield Sentry Initial Transfers was subsequently transferred either directly or indirectly to, or for the benefit of, Grosvenor Private and Grosvenor Management, as fund manager, and is recoverable from Grosvenor Private and/or Grosvenor Management pursuant to section 550 of the Bankruptcy Code and § 278 of the NYDCL.  Based on the Trustee's investigation to date, approximately $14,315,101 of the money transferred from BLMIS to Fairfield Sentry was subsequently transferred by Fairfield Sentry to Grosvenor Private and Grosvenor Management (the "Fairfield Sentry-Private Subsequent Transfers").  A chart

12

# Exhibit 2(ccc)

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Thomas L. Long
Mark A. Kornfeld
Deborah A. Kaplan
Michelle R. Kaplan
Torello H. Calvani

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and Bernard L. Madoff*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br> Plaintiff-Applicant, <br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br> Defendant. | Adv. Pro. No. 08-01789 (BRL) <br><br> SIPA Liquidation <br><br> (Substantively Consolidated) |
| In re: <br><br> BERNARD L. MADOFF, <br><br> Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, and Bernard L. Madoff, <br><br> Plaintiff, <br> v. <br><br> ARDEN ASSET MANAGEMENT INC., ARDEN ASSET MANAGEMENT LLC, ARDEN ENDOWMENT ADVISERS, LTD., AND ARDEN PACIFIC PARTNERS LIMITED, <br><br> Defendants. | Adv. Pro. No. _____ (BRL) <br><br><br> **COMPLAINT** |

43.    The Fairfield Sentry Two Year Initial Transfers include approximately $1.1 billion which BLMIS transferred to Fairfield Sentry during the 90 days preceding the Filing Date (the "Fairfield Sentry Preference Period Initial Transfers").  The Fairfield Sentry Preference Period Initial Transfers were and continue to be Customer Property within the meaning of SIPA § 78*lll*(4), and are avoidable and recoverable under sections 547, 550, and 551 of the Bankruptcy Code, and applicable provisions of SIPA, particularly SIPA § 78fff-2(c)(3).

44.    The Fairfield Sentry Six Year Initial Transfers, the Fairfield Sentry Two Year Initial Transfers, and the Fairfield Sentry Preference Period Initial Transfers are collectively defined as the "Fairfield Sentry Initial Transfers."  Charts setting forth these transfers are attached as Exhibits A and B.

45.    Pursuant to the Bankruptcy Court's June 7 and June 10, 2011 orders, the Bankruptcy Court approved a settlement among the Trustee, Fairfield Sentry, and others (the "Settlement Agreement").  As part of the Settlement Agreement, on July 13, 2011, the Bankruptcy Court entered a consent judgment granting the Trustee a judgment in the amount of $3,054,000,000.  Under the terms of the Settlement Agreement, Fairfield Sentry is obligated to pay $70,000,000 to the Trustee for the benefit of the consolidated BLMIS estate.

### 2.    Subsequent Transfers From Fairfield Sentry To Arden Management

46.    A portion of the Fairfield Sentry Initial Transfers was subsequently transferred either directly or indirectly to, or for the benefit of, Arden Management and/or Arden Inc. and is recoverable from Arden Management and/or Arden Inc. pursuant to section 550 of the Bankruptcy Code and § 278 of the NYDCL.  Based on the Trustee's investigation to date, approximately $12,586,659 of the money transferred from BLMIS to Fairfield Sentry was subsequently transferred by Fairfield Sentry to Arden Management and/or Arden Inc. (the

# Exhibit 2(ddd)

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Thomas L. Long
Mark A. Kornfeld
Michelle R. Kaplan
Torello H. Calvani

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and Bernard L. Madoff*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (BRL) |
| Plaintiff-Applicant, | SIPA Liquidation (Substantively Consolidated) |
| v. | |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, and Bernard L. Madoff, | Adv. Pro. No. _____ (BRL) |
| Plaintiff, | **COMPLAINT** |
| v. | |
| KOCH INDUSTRIES, INC., as successor in interest to Koch Investment (UK) Company, | |
| Defendant. | |

§ 78*lll*(4), are avoidable, and recoverable under sections 547, 550, and 551 of the Bankruptcy Code, and applicable provisions of SIPA, particularly SIPA § 78fff-2(c)(3).

37.     The Fairfield Sentry Six Year Initial Transfers, the Fairfield Sentry Two Year Initial Transfers, and the Fairfield Sentry Preference Period Initial Transfers are collectively defined as the "Fairfield Sentry Initial Transfers."   Charts setting forth these transfers are included as Exhibits A and B.

38.     Pursuant to the Bankruptcy Court's June 7 and June 10, 2011 orders, the Bankruptcy Court approved a settlement among the Trustee, Fairfield Sentry, and others (the "Settlement Agreement").   As part of the Settlement Agreement, on July 13, 2011, the Bankruptcy Court entered a consent judgment granting the Trustee a judgment against Fairfield Sentry in the amount of $3,054,000,000.  Fairfield Sentry is obligated to pay $70,000,000 to the Trustee under the terms of the Settlement Agreement.

### B.     Subsequent Transfers From Fairfield Sentry To Koch Investment and Defendant Koch

39.     A portion of the Fairfield Sentry Initial Transfers was subsequently transferred either directly or indirectly to, or for the benefit of, Koch Investment and Defendant Koch and is recoverable from Defendant Koch pursuant to section 550 of the Bankruptcy Code.  Based on the Trustee's investigation to date, approximately $21,533,871 of the money transferred from BLMIS to Fairfield Sentry was subsequently transferred by Fairfield Sentry to Koch Investment (the "Fairfield Sentry Subsequent Transfers").   A chart setting forth the presently known Fairfield Sentry Subsequent Transfers is attached as Exhibit C.  Upon information and belief, funds derived from these subsequent transfers were transferred to Koch Investment's ultimate parent company, Defendant Koch.

10

# Exhibit 2(eee)

**Baker & Hostetler LLP**

45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Thomas L. Long
Mark A. Kornfeld
Michelle R. Kaplan
Torello H. Calvani

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and Bernard L. Madoff*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (BRL) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, and Bernard L. Madoff, | Adv. Pro. No. _____ (BRL) |
| Plaintiff, | |
| v. | **COMPLAINT** |
| BANCO GENERAL S.A., and BG VALORES, S.A., f/k/a WALL STREET SECURITIES S.A., | |
| Defendants. | |

defined as the "Fairfield Sentry Initial Transfers."  Charts setting forth these transfers are included as Exhibits A and B.

42.    Pursuant to the Bankruptcy Court's June 7 and June 10, 2011 orders, the Bankruptcy Court approved a settlement among the Trustee, Fairfield Sentry, and others (the "Settlement Agreement").  As part of the Settlement Agreement, on July 13, 2011, the Bankruptcy Court entered a consent judgment granting the Trustee a judgment against Fairfield Sentry in the amount of $3,054,000,000.  Fairfield Sentry is obligated to pay $70,000,000 to the Trustee under the terms of the Settlement Agreement.

## B.    SUBSEQUENT TRANSFERS FROM FAIRFIELD SENTRY TO DEFENDANT BG VALORES

43.    A portion of the Fairfield Sentry Initial Transfers was subsequently transferred either directly or indirectly to, or for the benefit of, Defendant BG Valores and is recoverable from Defendant BG Valores  pursuant to section 550 of the Bankruptcy Code and § 278 of the NYDCL.  Based on the Trustee's investigation to date, approximately $8,240,499 of the money transferred from BLMIS to Fairfield Sentry was subsequently transferred by Fairfield Sentry to Defendant BG Valores (the "Fairfield Sentry-BG Valores Subsequent Transfers").  A chart setting forth the presently known Fairfield Sentry-BG Valores Subsequent Transfers is attached as Exhibit C.

44.    The Trustee's investigation is on-going and the Trustee reserves the right to: (i) supplement the information on the Fairfield Sentry Initial Transfers, the Fairfield Sentry-BG Valores Subsequent Transfers, and any additional transfers, and (ii) seek recovery of such additional transfers.

### C.    SUBSEQUENT TRANSFERS FROM FAIRFIELD SENTRY TO DEFENDANT BANCO GENERAL

45.    A portion of the Fairfield Sentry Initial Transfers was subsequently transferred either directly or indirectly to, or for the benefit of, Defendant Banco General and is recoverable from Defendant Banco General  pursuant to section 550 of the Bankruptcy Code and § 278 of the NYDCL.  Based on the Trustee's investigation to date, approximately $1,182,457 of the money transferred from BLMIS to Fairfield Sentry was subsequently transferred by Fairfield Sentry to Defendant Banco General (the "Fairfield Sentry-Banco General Subsequent Transfers").  A chart setting forth the presently known Fairfield Sentry-Banco General Subsequent Transfers is attached as Exhibit D.

46.    The Trustee's investigation is on-going and the Trustee reserves the right to: (i) supplement the information on the Fairfield Sentry Initial Transfers, the Fairfield Sentry-Banco General Subsequent Transfers, and any additional transfers, and (ii) seek recovery of such additional transfers.

47.    The Fairfield Sentry-BG Valores Subsequent Transfers and the Fairfield Sentry-Banco General Subsequent Transfers are collectively defined as the "Fairfield Sentry Subsequent Transfers."

**COUNT ONE**
**RECOVERY OF SUBSEQUENT TRANSFERS –**
**11 U.S.C. §§ 550 AND 551 AND NYDCL § 278**

48.    The Trustee incorporates by reference the allegations contained in the previous paragraphs of this Complaint as if fully rewritten herein.

49.    Defendant BG Valores received the Fairfield Sentry-BG Valores Subsequent Transfers, totaling approximately $8,240,499, and Defendant Banco General received the Fairfield Sentry-Banco General Subsequent Transfers, totaling approximately $1,182,457

12

# Exhibit 2(fff)

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Thomas L. Long
Mark A. Kornfeld
Michelle R. Kaplan
Torello H. Calvani

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br> Plaintiff-Applicant, <br><br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br> Defendant. | Adv. Pro. No. 08-01789 (BRL) <br><br> SIPA Liquidation <br><br> (Substantively Consolidated) |
| In re: <br><br> BERNARD L. MADOFF, <br><br> Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, <br><br> Plaintiff, <br><br> v. <br><br> KOOKMIN BANK, <br><br> Defendant. | Adv. Pro. No. _____ (BRL) <br><br><br><br> **COMPLAINT** |

NYDCL.  Based on the Trustee's investigation to date, approximately $42,010,303 of the money transferred from BLMIS to Fairfield Sentry was subsequently transferred by Fairfield Sentry to Defendant Kookmin Bank (the "Fairfield Sentry Subsequent Transfers").  A chart setting forth the presently known Fairfield Sentry Subsequent Transfers is attached as Exhibit C.

42.    The Trustee's investigation is on-going, and the Trustee reserves the right to: (i) supplement the information on the Fairfield Sentry Initial Transfers, the Fairfield Sentry Subsequent Transfers, and any additional transfers, and (ii) seek recovery of such additional transfers.

**COUNT ONE
RECOVERY OF  SUBSEQUENT TRANSFERS –
11 U.S.C. §§ 550 AND 551 AND NYDCL § 278**

43.    The Trustee incorporates by reference the allegations contained in the previous paragraphs of this Complaint as if fully rewritten herein.

44.    Defendant Kookmin Bank received the Fairfield Sentry Subsequent Transfers, totaling approximately $42,010,303, which are recoverable pursuant to section 550(a) of the Bankruptcy Code and § 278 of the NYDCL.

45.    Each of the Fairfield Sentry Subsequent Transfers was made directly or indirectly to, or for the benefit of, Defendant Kookmin Bank.

46.    Defendant Kookmin Bank is an immediate or mediate transferee of the Fairfield Sentry Initial Transfers.

47.    As a result of the foregoing, pursuant to sections 550(a) and 551 of the Bankruptcy Code, § 278 of the NYDCL, and SIPA § 78fff-2(c)(3), the Trustee is entitled to a judgment against Defendant Kookmin Bank recovering the Fairfield Sentry Subsequent Transfers, or the value thereof, for the benefit of the estate of BLMIS.

# Exhibit 2(ggg)

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and the Chapter 7 Estate of Bernard L. Madoff*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (CGM) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff, | Adv. Pro. No. 12-01195 (CGM) |
| Plaintiff, | |
| v. | **AMENDED COMPLAINT** |
| SIX SIS AG, | |
| Defendant. | |

entry of a declaratory judgment that the Fairfield Sentry Initial Transfers comprising the Judgment Amount are avoided.

64.     As alleged in the Second Amended Complaint, Fairfield Sentry received each of the Fairfield Sentry Initial Transfers with actual knowledge of fraud at BLMIS, or, at a minimum, while aware of suspicious facts that would have led Fairfield Sentry to inquire further into the BLMIS fraud.  The Trustee incorporates by reference the allegations contained in the Second Amended Complaint as if fully set forth herein, including but not limited to paragraphs 1-10, 79-313, 315-16.

65.     Of the Judgment Amount, $2,895,000,000 was transferred to Fairfield Sentry during the six years preceding the Filing Date (the "Fairfield Sentry Six Year Transfers").  Each of the Fairfield Sentry Six Year Transfers is avoidable under section 544 of the Bankruptcy Code and applicable provisions of the N.Y. Debt. & Cred. Law, particularly §§ 273-279, and of SIPA, particularly § 78fff-2(c)(3).

66.     Of the Fairfield Sentry Six Year Transfers, $1,580,000,000 was transferred to Fairfield Sentry during the two years preceding the Filing Date (the "Fairfield Sentry Two Year Transfers").  Each of the Fairfield Sentry Two Year Transfers is avoidable under section 548 of the Bankruptcy Code and applicable provisions of SIPA, particularly § 78fff-2(c)(3).

**B.      Subsequent Transfers From Fairfield Sentry To SIX SIS**

67.     Prior to the Filing Date, Fairfield Sentry subsequently transferred a portion of the Fairfield Sentry Initial Transfers to SIX SIS.  Based on the Trustee's investigation to date, the subsequent transfers to SIX SIS total $18,754,162 (as defined above, the "Sentry Subsequent Transfers").  A chart setting forth the presently known Sentry Subsequent Transfers is attached as **Exhibit C**.

16

68.     On March 22, 2012, the Trustee filed this action seeking recovery of subsequent transfers from the Fairfield Funds.

69.     The Sentry Subsequent Transfers are recoverable from SIX SIS under section 550(a) of the Bankruptcy Code and applicable provisions of SIPA, particularly § 78fff-2(c)(3).

70.     The Sentry Subsequent Transfers represent redemptions of equity interests by SIX SIS as a shareholder in Fairfield Sentry. Because Fairfield Sentry invested all or substantially all of its assets into the BLMIS Ponzi scheme, Fairfield Sentry was insolvent when it made the Sentry Subsequent Transfers to SIX SIS upon redemptions of its interests.

### C.     Subsequent Transfers From Fairfield Sentry To Sigma And Subsequently To SIX SIS

71.     Based on the Trustee's investigation to date, prior to the Filing Date, Fairfield Sentry subsequently transferred at least $772,690,257 of the Fairfield Sentry Initial Transfers directly to Sigma. A chart setting forth the presently known such transfers is attached as **Exhibit D**.

72.     Thereafter, Sigma transferred at least $899,747 to SIX SIS (the "Sigma Subsequent Transfers"). A chart setting forth the presently known Sigma Subsequent Transfers is attached as **Exhibit E**.

73.     The Sigma Subsequent Transfers are recoverable from SIX SIS under section 550(a) of the Bankruptcy Code, and applicable provisions of SIPA, particularly 15 U.S.C. § 78fff-2(c)(3).

74.     The Sigma Subsequent Transfers represent redemptions of equity interests by SIX SIS as a shareholder in Sigma. Because Sigma invested all or substantially all of its assets into the BLMIS Ponzi scheme, Sigma was insolvent when it made the Sigma Subsequent Transfers to SIX SIS upon redemptions of its interests.

17

# Exhibit 2(hhh)

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone:  (212) 589-4200
Facsimile:  (212) 589-4201

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and the Chapter 7 Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (CGM) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff, | Adv. Pro. No. 12-01205 (CGM) |
| Plaintiff, | |
| v. | **AMENDED COMPLAINT** |
| MULTI-STRATEGY FUND LIMITED, | |
| Defendant. | |

112.    Defendant derived significant revenue from New York and maintained minimum contacts and general business contacts with the United States and New York in connection with the claims alleged herein.

113.    Defendant, as a result, should reasonably expect to be and is subject to personal jurisdiction pursuant to New York Civil Practice Law and Rules 301 and 302 (McKinney 2003) and Rule 7004 of the Federal Rules of Bankruptcy Procedure.

## VIII.  RECOVERY OF SUBSEQUENT TRANSFER FROM FAIRFIELD SENTRY TO DEFENDANT

### A.    Initial Transfers from BLMIS to Fairfield Sentry

114.    The Trustee commenced a separate adversary proceeding against Fairfield Sentry and other defendants in this Court under the caption, *Picard v. Fairfield Sentry Ltd. et al.*, Adv. Pro. No. 09-01239 (CGM), seeking to avoid and recover initial transfers of customer property from BLMIS to Fairfield Sentry in the approximate amount of $3,000,000,000 (the "Fairfield Sentry Initial Transfers").

115.    By orders dated June 7 and June 10, 2011, this Court approved a settlement among the Trustee, Fairfield Sentry, and others, and on July 13, 2011, entered a consent judgment in favor of the Trustee and against Fairfield Sentry in the amount of $3,054,000,000 ("Judgment Amount") [ECF No. 109].

116.    The Fairfield Sentry Initial Transfers are set forth in the attached Exhibits A and B. The Fairfield Sentry Initial Transfers were and continue to be customer property within the meaning of SIPA § 78*lll*(4).

117.    On August 28, 2020, the Trustee filed a second amended complaint in the *Fairfield Sentry Ltd.* proceeding ("Second Amended Complaint") [ECF No. 286] seeking in part recovery of the Fairfield Sentry Initial Transfers in satisfaction of the Judgment Amount and entry of a

declaratory judgment that the Fairfield Sentry Initial Transfers comprising the Judgment Amount
are avoided.

118.    As alleged in the Second Amended Complaint, Fairfield Sentry received each of
the Fairfield Sentry Initial Transfers with actual knowledge of fraud at BLMIS.  The Trustee
incorporates by reference the allegations contained in the Second Amended Complaint as if fully
set forth herein, including but not limited to paragraphs 1-10, 79-313, and 315-16.

119.    Of the Judgment Amount, $2,895,000,000 was transferred to Fairfield Sentry
during the six years preceding the Filing Date (the "Fairfield Sentry Six Year Transfers").  Each
of the Fairfield Sentry Six Year Transfers is avoidable under section 544 of the Bankruptcy Code
and applicable provisions of the N.Y. Debt. & Cred. Law, particularly §§ 273-279, and of SIPA,
particularly § 78fff-2(c)(3).

**B.      Subsequent Transfer from Fairfield Sentry to Defendant**

120.    Prior to the Filing Date, Fairfield Sentry subsequently transferred a portion of the
Fairfield Sentry Initial Transfers to Defendant (the "Fairfield Sentry Subsequent Transfer").  Based
on the Trustee's investigation to date, the Fairfield Sentry Subsequent Transfer totaled
$25,763,374.  A chart setting forth the presently known Fairfield Sentry Subsequent Transfer is
attached as Exhibit C.

121.    On March 22, 2012, the Trustee filed this action seeking recovery of the Fairfield
Sentry Subsequent Transfer.

122.    The Fairfield Sentry Subsequent Transfer is recoverable from Defendant under
section 550(a) of the Bankruptcy Code and applicable provisions of SIPA, particularly § 78fff-
2(c)(3).

123.    The Fairfield Sentry Subsequent Transfer represents a redemption of equity interest
by Defendant as a shareholder in Fairfield Sentry.  Because Fairfield Sentry invested all or

# Exhibit 2(iii)

**Baker & Hostetler LLP**

45 Rockefeller Plaza
New York, New York 10111
Telephone:  (212) 589-4200
Facsimile:  (212) 589-4201
David J. Sheehan
Thomas L. Long
Mark A. Kornfeld
Michelle R. Kaplan
Torello H. Calvani

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (BRL) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. _____ (BRL) |
| Plaintiff, | |
| v. | |
| SCHRODER & CO. BANK AG, | **COMPLAINT** |
| Defendant. | |

Bankruptcy Court entered a consent judgment granting the Trustee a judgment in the amount of $3,054,000,000. Under the terms of the Settlement Agreement, Fairfield Sentry is obligated to pay $70,000,000 to the Trustee for the benefit of the consolidated BLMIS estate.

**2.     Subsequent Transfers from Fairfield Sentry to Defendant Schroder**

41.     A portion of the Fairfield Sentry Initial Transfers was subsequently transferred either directly or indirectly to, or for the benefit of, Defendant Schroder and is recoverable from Defendant Schroder pursuant to section 550 of the Bankruptcy Code and § 278 of the NYDCL. Based on the Trustee's investigation to date, approximately $25,143,816 of the money transferred from BLMIS to Fairfield Sentry was subsequently transferred by Fairfield Sentry to Defendant Schroder (the "Fairfield Sentry Subsequent Transfers"). A chart setting forth the presently known Fairfield Sentry Subsequent Transfers is attached as Exhibit C.

42.     The Trustee's investigation is on-going, and the Trustee reserves the right to: (i) supplement the information on the Fairfield Sentry Initial Transfers, the Fairfield Sentry Subsequent Transfers, and any additional transfers, and (ii) seek recovery of such additional transfers.

**3.     Subsequent Transfers from Fairfield Sentry to Fairfield Sigma and Subsequently to Defendant Schroder**

43.     A portion of the Fairfield Sentry Initial Transfers was subsequently transferred either directly or indirectly to, or for the benefit of, Defendant Schroder through Fairfield Sigma and is recoverable from Defendant Schroder pursuant to section 550 of the Bankruptcy Code and § 278 of the NYDCL. Based on the Trustee's investigation to date, approximately $752,273,917 of the money transferred from BLMIS to Fairfield Sentry was subsequently transferred by Fairfield Sentry to Fairfield Sigma. Thereafter, the equivalent of at least $3,419,198 was transferred by Fairfield Sigma to Defendant Schroder (the "Fairfield Sigma Subsequent

11

# Exhibit 2(jjj)

**Baker & Hostetler LLP**

45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Thomas L. Long
Mark A. Kornfeld
Michelle R. Kaplan
Torello H. Calvani

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (BRL) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. _____ (BRL) |
| Plaintiff, | |
| v. | **COMPLAINT** |
| BANK HAPOALIM B.M. and BANK HAPOALIM (SWITZERLAND) LTD., | |
| Defendants. | |

### 3.    Subsequent Transfers From Fairfield Sentry To Hapoalim B.M.

52.    A portion of the Fairfield Sentry Initial Transfers was subsequently transferred either directly or indirectly to, or for the benefit of, Hapoalim B.M. and is recoverable from Hapoalim B.M. pursuant to section 550 of the Bankruptcy Code and § 278 of the NYDCL. Based on the Trustee's investigation to date, approximately $1,712,100 of the money transferred from BLMIS to Fairfield Sentry was subsequently transferred by Fairfield Sentry to Hapoalim B.M. (the "Fairfield Sentry-B.M. Subsequent Transfers").    A chart setting forth the presently known Fairfield Sentry-B.M. Subsequent Transfers is attached as Exhibit G.

53.    The Trustee's investigation is ongoing, and the Trustee reserves the right to: (i) supplement the information on the Fairfield Sentry Initial Transfers, the Fairfield Sentry-B.M. Subsequent Transfers, and any additional transfers, and (ii) seek recovery of such additional transfers.

54.    The Fairfield Sentry-Switzerland Subsequent Transfers and the Fairfield Sentry-BM Subsequent Transfers are collectively defined as the "Fairfield Subsequent Transfers."

### COUNT ONE
### RECOVERY OF KINGATE GLOBAL SUBSEQUENT TRANSFERS –
### 11 U.S.C. §§ 550 AND 551 AND NYDCL § 278

55.    The Trustee incorporates by reference the allegations contained in the previous paragraphs of this Complaint as if fully rewritten herein.

56.    Hapoalim Switzerland received the Kingate Global Subsequent Transfers, totaling approximately $5,878,675, which are recoverable pursuant to section 550(a) of the Bankruptcy Code and § 278 of the NYDCL.

57.    Each of the Kingate Global Subsequent Transfers was made directly or indirectly to, or for the benefit of, Hapoalim Switzerland.

14

# Exhibit 2(kkk)

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and the Chapter 7 Estate of Bernard L. Madoff*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (CGM) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff, | Adv. Pro. No. 12-01565 (CGM) |
| Plaintiff, | |
| v. | **AMENDED COMPLAINT** |
| STANDARD CHARTERED FINANCIAL SERVICES (LUXEMBOURG) S.A. (f/k/a AMERICAN EXPRESS FINANCIAL SERVICES (LUXEMBOURG) S.A. and f/k/a AMERICAN EXPRESS BANK (LUXEMBOURG) S.A.), as represented by its Liquidator HANSPETER KRÄMER, HANSPETER KRÄMER, in his capacities as liquidator and representative of STANDARD | |

1

101.    On April 15, 2008, Friedman and two other members of the Global Investment Group met with Madoff and two FGG partners at BLMIS's office in New York.  Previously FGG told Perruchoud that the volume of SSC accounts was affecting returns.  Although BLMIS's Form ADV as of December 2007 reported that it had $17.1 billion in assets under management, Madoff told AEB during their meeting that he managed between $20 and $50 billion, and in contrast to what FGG had said, Madoff claimed the outsized amount of assets under management was not causing diminished returns.

## VIII.   RECOVERY OF SUBSEQUENT TRANSFERS TO DEFENDANTS

### A.    Initial Transfers from BLMIS to Fairfield Sentry

102.    The Trustee commenced a separate adversary proceeding against Fairfield Sentry and other defendants in this Court under the caption, *Picard v. Fairfield Sentry Ltd., et al.*, Adv. Pro. No. 09-01239 (CGM), seeking to avoid and recover initial transfers of customer property from BLMIS to Fairfield Sentry in the approximate amount of $3,000,000,000 (the "Fairfield Sentry Initial Transfers").  The Trustee incorporates by reference the allegations contained in the Second Amended Complaint as if fully set forth herein, including but not limited to paragraphs 1-10, 79-313, 315-16.

103.    By orders dated June 7 and June 10, 2011, this Court approved a settlement among the Trustee, Fairfield Sentry, and others, and on July 13, 2011, entered a consent judgment in favor of the Trustee and against Fairfield Sentry in the amount of $3,054,000,000 ("Judgment Amount") [ECF No. 109]. The Trustee's litigation against the entities and certain individuals responsible for the management and operation of the Fairfield Funds is ongoing.

104.    The Fairfield Sentry Initial Transfers are set forth in the attached Exhibits A and B. The Fairfield Sentry Initial Transfers were and continue to be customer property within the meaning of SIPA § 78*lll*(4).

105.     On August 28, 2020, the Trustee filed a second amended complaint in the *Fairfield Sentry Ltd.* proceeding ("Second Amended Complaint") [ECF No. 286] seeking in part recovery of the Fairfield Sentry Initial Transfers in satisfaction of the Judgment Amount and entry of a declaratory judgment that the Fairfield Sentry Initial Transfers comprising the Judgment Amount are avoided.

106.     As alleged in the Second Amended Complaint, Fairfield Sentry received each of the Fairfield Sentry Initial Transfers with actual knowledge of fraud at BLMIS, or, at a minimum, while aware of suspicious facts that would have led Fairfield Sentry to inquire further into the BLMIS fraud.

107.     Of the Judgment Amount, approximately $2,895,000,000 was transferred to Fairfield Sentry during the six years preceding the Filing Date (the "Fairfield Sentry Six Year Transfers"). Each of the Fairfield Sentry Six Year Transfers is avoidable under section 544 of the Bankruptcy Code and applicable provisions of the N.Y. Debt. & Cred. Law, particularly §§ 273-279, and of SIPA, particularly § 78fff-2(c)(3).

108.     Of the Fairfield Sentry Six Year Transfers, at least $1,667,125,000 was transferred to Fairfield Sentry during the two years preceding the Filing Date (the "Fairfield Sentry Two Year Transfers"). Each of the Fairfield Sentry Two Year Transfers is avoidable under section 548 of the Bankruptcy Code and applicable provisions of SIPA, particularly § 78fff-2(c)(3).

**B.     Subsequent Transfers from Fairfield Sentry to Defendants**

109.     Prior to the Filing Date, Fairfield Sentry subsequently transferred a portion of the Fairfield Sentry Initial Transfers to Defendants. Based on the Trustee's investigation to date, the subsequent transfers to AEB Lux, which received those transfers collectively for all the Defendants, total $274,029,164 ("Subsequent Transfers"). A chart setting forth the presently known Subsequent Transfers is attached as Exhibit C.

110.    On April 26, 2012, the Trustee filed this action seeking recovery of the Subsequent

Transfers.

111.    The Subsequent Transfers are recoverable from Defendants under section 550(a) of

the Bankruptcy Code and applicable provisions of SIPA, particularly § 78fff-2(c)(3).

112.    The Subsequent Transfers represent a redemption of equity interests by AEB Lux

on behalf of Defendants as a shareholder in Fairfield Sentry.  Because Fairfield Sentry invested all

or substantially all of its assets into the BLMIS Ponzi scheme, Fairfield Sentry was insolvent when

it made the Subsequent Transfers to Defendants upon redemption of their interests.

### C.    Subsequent Transfers from Fairfield Sentry to Fairfield Sigma and Subsequently to Defendants

113.    Based on the Trustee's investigation to date, prior to the Filing Date, Fairfield

Sentry subsequently transferred at least $772,690,257 of the Fairfield Sentry Six Year Transfers

directly to Fairfield Sigma ("Fairfield Sentry-Fairfield Sigma Subsequent Transfers"). A chart

setting forth the presently known Fairfield Sentry-Fairfield Sigma Subsequent Transfers by date

and amount is attached as Exhibit D.

114.    Thereafter, Fairfield Sigma transferred at least $15,203,270 to AEB Lux, which

received those transfers on behalf of the other Defendants (the "Fairfield Sigma Subsequent

Transfers").  A chart setting forth the presently known Fairfield Sigma Subsequent Transfers by

date and amount is attached as Exhibit E.

115.    The Fairfield Sigma Subsequent Transfers are recoverable from Defendants under

section 550(a) of the Bankruptcy Code and applicable provisions of SIPA, particularly § 78fff-

2(c)(3).

116.    The Fairfield Sigma Subsequent Transfers represent a redemption of equity

interests by AEB Lux on behalf of Defendants as a shareholder in Fairfield Sigma.  Because

# Exhibit 2(lll)

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone:  (212) 589-4200
Facsimile:  (212) 589-4201
David J. Sheehan
Thomas L. Long
Mark A. Kornfeld
Michelle R. Kaplan
Torello H. Calvani

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (BRL) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. _____ (BRL) |
| Plaintiff, | |
| v. | **COMPLAINT** |
| UBS DEUTSCHLAND AG as successor in interest to Dresdner Bank LateinAmerika AG, and LGT BANK (SWITZERLAND) LTD. as successor in interest to Dresdner Bank (Schweiz) AG, | |
| Defendants. | |

avoidable and recoverable under sections 544, 548, 550, and 551 of the Bankruptcy Code, §§ 273-279 of the NYDCL, and applicable provisions of SIPA, particularly SIPA § 78fff-2(c)(3).

39.     The Fairfield Sentry Two Year Initial Transfers include approximately $1.1 billion which BLMIS transferred to Fairfield Sentry during the 90 days preceding the Filing Date (the "Fairfield Sentry Preference Period Initial Transfers").   The Fairfield Sentry Preference Period Initial Transfers were and continue to be Customer Property within the meaning of SIPA § 78*lll*(4), and are avoidable and recoverable under sections 547, 550, and 551 of the Bankruptcy Code, and applicable provisions of SIPA, particularly SIPA § 78fff-2(c)(3).

40.     The Fairfield Sentry Six Year Initial Transfers, the Fairfield Sentry Two Year Initial Transfers, and the Fairfield Sentry Preference Period Initial Transfers are collectively defined as the "Fairfield Sentry Initial Transfers."   Charts setting forth these transfers are attached as Exhibit A and B.

41.     Pursuant to the Bankruptcy Court's June 7 and June 10, 2011 orders, the Bankruptcy Court approved a settlement among the Trustee, Fairfield Sentry, and others (the "Settlement Agreement").   As part of the Settlement Agreement, on July 13, 2011, the Bankruptcy Court entered a consent judgment granting the Trustee a judgment in the amount of $3,054,000,000.  Under the terms of the Settlement Agreement, Fairfield Sentry is obligated to pay $70,000,000 to the Trustee for the benefit of the consolidated BLMIS estate.

## 2.     Subsequent Transfers from Fairfield Sentry to Defendant UBS Deutschland

42.     A portion of the Fairfield Sentry Initial Transfers was subsequently transferred either directly or indirectly to, or for the benefit of, Defendant UBS Deutschland and is recoverable from Defendant UBS Deutschland pursuant to section 550 of the Bankruptcy Code and § 278 of the NYDCL.   Based on the Trustee's investigation to date, approximately

$7,230,511 of the money transferred from BLMIS to Fairfield Sentry was subsequently transferred by Fairfield Sentry to Defendant UBS Deutschland (the "Fairfield Sentry-UBS Subsequent Transfers"). A chart setting forth the presently known Fairfield Sentry-UBS Subsequent Transfers is attached as Exhibit C.

43.    The Trustee's investigation is on-going, and the Trustee reserves the right to: (i) supplement the information on the Fairfield Sentry Initial Transfers, the Fairfield Sentry-UBS Subsequent Transfers, and any additional transfers, and (ii) seek recovery of such additional transfers.

### 3.    Subsequent Transfers from Fairfield Sentry to Defendant LGT Switzerland

44.    A portion of the Fairfield Sentry Initial Transfers was subsequently transferred either directly or indirectly to, or for the benefit of, Defendant LGT Switzerland and is recoverable from Defendant LGT Switzerland pursuant to section 550 of the Bankruptcy Code and § 278 of the NYDCL. Based on the Trustee's investigation to date, approximately $522,826 of the money transferred from BLMIS to Fairfield Sentry was subsequently transferred by Fairfield Sentry to Defendant LGT Switzerland (the "Fairfield Sentry-LGT Subsequent Transfers"). A chart setting forth the presently known Fairfield Sentry-LGT Subsequent Transfers is attached as Exhibit D.

45.    The Trustee's investigation is on-going, and the Trustee reserves the right to: (i) supplement the information on the Fairfield Sentry Initial Transfers, the Fairfield Sentry-LGT Subsequent Transfers, and any additional transfers, and (ii) seek recovery of such additional transfers.

**4.    Subsequent Transfers from Fairfield Sentry to Fairfield Sigma and Subsequently to Defendant UBS Deutschland**

46.    A portion of the Fairfield Sentry Initial Transfers was subsequently transferred either directly or indirectly to, or for the benefit of, Defendant UBS Deutschland through Fairfield Sigma and is recoverable from Defendant UBS Deutschland pursuant to section 550 of the Bankruptcy Code and § 278 of the NYDCL.  Based on the Trustee's investigation to date, approximately $752,273,917 of the money transferred from BLMIS to Fairfield Sentry was subsequently transferred by Fairfield Sentry to Fairfield Sigma.  Thereafter, the equivalent of at least $1,860,228 was transferred by Fairfield Sigma to Defendant UBS Deutschland (the "Fairfield Sigma Subsequent Transfers").  Charts setting forth the presently known Fairfield Sigma Subsequent Transfers are attached as Exhibits E and F.

47.    The Trustee's investigation is ongoing, and the Trustee reserves the right to: (i) supplement the information on the Fairfield Sentry Initial Transfers, the Fairfield Sigma Subsequent Transfers, and any additional transfers, and (ii) seek recovery of such additional transfers.

48.    The Fairfield Sentry-UBS Subsequent Transfers, the Fairfield Sentry-LGT Subsequent Transfers, and the Fairfield Sigma Subsequent Transfers are collectively defined as the "Fairfield Subsequent Transfers."

**B.    KINGATE EURO**

**1.    Initial Transfers from BLMIS to Kingate Euro**

49.    The Trustee has filed an adversary proceeding against Kingate Euro and other defendants in the Bankruptcy Court under the caption *Picard v. Kingate Global Fund, et al.*, Adv. Pro. No. 09-01161 (BRL), in which, in part, the Trustee sought to avoid and recover initial transfers of Customer Property from BLMIS to Kingate Euro in the amount of approximately

13

# Exhibit 2(mmm)

**Young Conaway Stargatt & Taylor, LLP**
Rockefeller Center
1270 Avenue of the Americas
Suite 2210
New York, NY 10020
Telephone: (212) 332-8840
Facsimile: (212) 332-8855
Matthew B. Lunn

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation of*
*Bernard L. Madoff Investment Securities LLC*
*and Bernard L. Madoff*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (BRL) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, and Bernard L. Madoff, | Adv. Pro. No. _____ (BRL) |
| Plaintiff, | |
| v. | |
| BARFIELD NOMINEES LIMITED, and NORTHERN TRUST CORPORATION, | **COMPLAINT** |
| Defendants. | |

01:11953903.2

42.     The Fairfield Sentry Six Year Initial Transfers, the Fairfield Sentry Two Year Initial Transfers, and the Fairfield Sentry Preference Period Initial Transfers are collectively defined as the "Fairfield Sentry Initial Transfers."  Charts setting forth these transfers are attached as Exhibits A and B.

43.     Pursuant to the Bankruptcy Court's June 7 and June 10, 2011 orders, the Bankruptcy Court approved a settlement among the Trustee, Fairfield Sentry, and others (the "Settlement Agreement").  As part of the Settlement Agreement, on July 13, 2011, the Bankruptcy Court entered a consent judgment granting the Trustee a judgment in the amount of $3,054,000,000.  Under the terms of the Settlement Agreement, Fairfield Sentry is obligated to pay $70,000,000 to the Trustee for the benefit of the consolidated BLMIS estate.

### 2.     Subsequent Transfers from Fairfield Sentry to the Barfield Defendants

44.     A portion of the Fairfield Sentry Initial Transfers was subsequently transferred either directly or indirectly to, or for the benefit of, the Barfield Defendants and is recoverable from the Barfield Defendants pursuant to section 550 of the Bankruptcy Code and § 278 of the NYDCL.  Based on the Trustee's investigation to date, approximately $16,178,329 of the money transferred from BLMIS to Fairfield Sentry was subsequently transferred by Fairfield Sentry to the Barfield Defendants (the "Fairfield Sentry Subsequent Transfers").  A chart setting forth the presently known Fairfield Sentry Subsequent Transfers is attached as Exhibit C.

45.     The Trustee's investigation is on-going, and the Trustee reserves the right to: (i) supplement the information on the Fairfield Sentry Initial Transfers, Fairfield Sentry Subsequent Transfers, and any additional transfers, and (ii) seek recovery of such additional transfers.

# Exhibit 2(nnn)

**Young Conaway Stargatt & Taylor, LLP**
Rockefeller Center
1270 Avenue of the Americas
Suite 2210
New York, NY 10020
Telephone: (212) 332-8840
Facsimile: (212) 332-8855
Matthew B. Lunn

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation of*
*Bernard L. Madoff Investment Securities LLC*
*and Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (BRL) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |

In re:

BERNARD L. MADOFF,

Debtor.

| | |
|---|---|
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, and Bernard L. Madoff, | Adv. Pro. No. _____ (BRL) |
| Plaintiff, | |
| v. | |
| CRÉDIT AGRICOLE CORPORATE AND INVESTMENT BANK D/B/A CRÉDIT AGRICOLE PRIVATE BANKING MIAMI, F/K/A CALYON S.A. D/B/A CRÉDIT AGRICOLE MIAMI PRIVATE BANK, SUCCESSOR IN INTEREST TO CREDIT LYONNAIS S.A. | **COMPLAINT** |
| Defendant. | |

"Settlement Agreement"). As part of the Settlement Agreement, on July 13, 2011, the Bankruptcy Court entered a consent judgment granting the Trustee a judgment in the amount of $3,054,000,000. Under the terms of the Settlement Agreement, Fairfield Sentry is obligated to pay $70,000,000 to the Trustee for the benefit of the consolidated BLMIS estate.

### B.    Subsequent Transfers from Fairfield Sentry to BBH

41.    A portion of the Fairfield Sentry Initial Transfers was subsequently transferred either directly or indirectly to, or for the benefit of, BBH. Based on the Trustee's investigation to date, approximately $26,121,583 of the money transferred from BLMIS to Fairfield Sentry was subsequently transferred either directly by Fairfield Sentry to BBH or indirectly from Fairfield Sentry to BBH through Six Sis AG, a corporate entity functioning as a securities depository and specializing in securities settlement and custody services (the "Fairfield Sentry BBH Subsequent Transfers"). A chart setting forth the presently known Fairfield Sentry BBH Subsequent Transfers is attached as **Exhibit C**.

### C.    Subsequent Transfers from BBH to Credit Agricole Miami

42.    A portion of the Fairfield Sentry BBH Subsequent Transfers was subsequently transferred either directly or indirectly to, or for the benefit of, Defendant Credit Agricole Miami and is recoverable from Defendant Credit Agricole Miami pursuant to section 550 of the Bankruptcy Code and § 278 of the NYDCL. Based on the Trustee's investigation to date, approximately $6,741,013 of the money transferred from BLMIS to Fairfield Sentry and from Fairfield Sentry to BBH was subsequently transferred to Defendant Credit Agricole Miami (the "Fairfield Sentry Credit Agricole Miami Subsequent Transfers," together with the Fairfield Sentry BBH Subsequent Transfers, the "Fairfield Sentry Subsequent Transfers"). A chart setting forth the presently known Fairfield Sentry Credit Agricole Miami Subsequent Transfers is attached as **Exhibit D**.

# Exhibit 2(ooo)

**WINDELS MARX LANE & MITTENDORF, LLP**
156 West 56th Street
New York, New York 10019
Tel: (212) 237-1000
Fax: (212) 262-1215
Howard L. Simon (hsimon@windelsmarx.com)
Antonio J. Casas (acasas@windelsmarx.com)
Brian W. Kreutter (bkreutter@windelsmarx.com)

*Special Counsel for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and Bernard L. Madoff*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (BRL) |
| Plaintiff-Applicant, | SIPA Liquidation (Substantively Consolidated) |
| v. | |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant, | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, | Adv. Pro. No. _____(BRL) |
| Plaintiff, | **COMPLAINT** |
| v. | |
| SOCIETE GENERALE PRIVATE BANKING (SUISSE) S.A. (*f/k/a* SG Private Banking Suisse S.A.); SOCIETE GENERALE PRIVATE BANKING (LUGANO-SVIZZERA) S.A. (*f/k/a* SG Private Banking (Lugano-Svizzera) S.A.); SOCGEN NOMINEES (UK) LIMITED; LYXOR ASSET MANAGEMENT S.A., as | |

{10758058:1}

***Subsequent Transfers from Fairfield Sentry to Defendants SG Suisse, SG Lugano, SG UK, Lyxor SA, SG Holding, SG Premium, Lyxor Asset, SG Audace, SG Equilibrium, Lyxor Premium, SG, SGBT, OFI, Palmares and UMR***

73.    A portion of the Fairfield Sentry Initial Transfers was subsequently transferred to, or for the benefit of, Defendants SG Suisse; SG Lugano; SG UK; Lyxor SA and SG Holding through their predecessor Barep; SG Premium; Lyxor Asset as the general partner of SG Premium; SG Audace; SG Equilibrium; Lyxor Premium; SG as trustee for Lyxor Premium; SGBT; OFI; Palmares; and UMR.  These parties are referred to below as the "SG Sentry Defendants."  The subsequent transfers are recoverable from the SG Sentry Defendants pursuant to Section 550 of the Bankruptcy Code and § 278 of the NYDCL.  Based on the Trustee's investigation to date, $128,678,138 of the money transferred from BLMIS to Fairfield Sentry was subsequently transferred by Fairfield Sentry to, or for the benefit of, the SG Sentry Defendants (the "Fairfield Sentry Subsequent Transfers").  A chart setting forth the presently known Fairfield Sentry Subsequent Transfers is attached here as Exhibit E.

***Subsequent Transfers from Fairfield Sentry to Fairfield Sigma and then to Defendants SG Suisse, SG Lugano and SGBT***

74.    A portion of the Fairfield Sentry Initial Transfers was subsequently transferred through Fairfield Sigma to, or for the benefit of, Defendants SG Suisse, SG Lugano and SGBT (the "SG Sigma Defendants"), and is recoverable from them pursuant to Section 550 of the Bankruptcy Code and § 278 of the NYDCL.  Based on the Trustee's investigation to date, $752,273,917 of the money transferred from BLMIS to Fairfield Sentry was subsequently transferred by Fairfield Sentry to Fairfield Sigma.  A chart setting forth those transfers is attached here as Exhibit F.  Fairfield Sigma, in turn, transferred the equivalent of $2,090,254 of the money it received from Fairfield Sentry to, or for the benefit of, the SG Sigma Defendants (the "Fairfield Sigma Subsequent Transfers").  A chart setting forth the presently known Fairfield Sigma Subsequent Transfers is

attached here as Exhibit G.

*Subsequent Transfers from Fairfield Sentry to Fairfield Lambda and then to Defendant SG Suisse*

75.     A portion of the Fairfield Sentry Initial Transfers was subsequently transferred through Fairfield Lambda to, or for the benefit of, Defendant SG Suisse and is recoverable from SG Suisse pursuant to Section 550 of the Bankruptcy Code and § 278 of the NYDCL.  Based on the Trustee's investigation to date, $52,935,000 of the money transferred from BLMIS to Fairfield Sentry was subsequently transferred by Fairfield Sentry to Fairfield Lambda.  A chart setting forth those transfers is attached here as Exhibit H.  Fairfield Lambda, in turn, transferred the equivalent of $6,287,866 of the money it received from Fairfield Sentry to, or for the benefit of, Defendant SG Suisse (the "Fairfield Lambda Subsequent Transfers").  A chart setting forth the presently known Fairfield Lambda Subsequent Transfers is attached here as Exhibit I.

76.     The Trustee's investigation is ongoing, and he reserves the right to: (i) supplement the information on the Fairfield Sentry Initial Transfers, Fairfield Sentry Subsequent Transfers, Fairfield Sigma Subsequent Transfers and Fairfield Lambda Subsequent Transfers; and (ii) seek the recovery of any additional transfers.

**B.      KINGATE**

*The Kingate Action*

77.     The Trustee filed a complaint in which he sought to avoid and recover initial transfers of Customer Property from BLMIS to Kingate and others.  See *Picard v. Kingate Global Fund, Ltd., et al.*, Adv. Pro. No. 09-01161 (BRL) (the "Kingate Action"); see also District Court Case Nos. 11-CV-07256 (JSR) and 11-CV-07134 (JSR).  The Trustee incorporates by reference the allegations in the Kingate complaint as if fully set forth in this Complaint.  A copy of the Kingate Third Amended Complaint (without exhibits) is attached here as Exhibit J.  The Kingate Action is

# Exhibit 2(ppp)

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br> Plaintiff-Applicant, <br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br> Defendant. | Adv. Pro. No. 08-01789 (BRL) <br><br> SIPA Liquidation <br><br> (Substantively Consolidated) |
| In re: <br><br> BERNARD L. MADOFF, <br><br> Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, and Bernard L. Madoff, <br><br> Plaintiff, <br> v. <br><br> BANQUE DEGROOF SA/NV (a/k/a BANQUE DEGROOF BRUXELLES a/k/a BANK DEGROOF SA/NV), BANQUE DEGROOF LUXEMBOURG SA, BANQUE DEGROOF FRANCE SA (f/k/a BANQUE DEGROOF ET PHILLIPE SA), DEGROOF GESTION INSTITUTIONNELLE LUXEMBOURG SA, ELITE-STABILITY FUND SICAV AND ELITE-STABILITY FUND SICAV STABLEROCK COMPARTMENT, as represented by their Liquidator PIERRE DELANDMETER, PIERRE DELANDMETER in his capacity as Liquidator of ELITE-STABILITY FUND SICAV AND ELITE- | Adv. Pro. No. _____ (BRL) <br><br><br><br><br> **COMPLAINT** |

66.     Pursuant to the Bankruptcy Court's June 7 and June 10, 2011 orders, the Bankruptcy Court conditionally approved a settlement among the Trustee, Fairfield Sentry, and others (the "Settlement Agreement").  On July 13, 2011, the settlement became effective and the Bankruptcy Court entered a consent judgment granting the Trustee a judgment in the amount of $3.05 billion.  Under the terms of the Settlement Agreement, Fairfield Sentry is obligated to pay $70 million to the Trustee for the benefit of the consolidated BLMIS estate.  Through this Settlement Agreement, the Trustee has successfully avoided the Fairfield Sentry Initial Transfers.

**2.      Subsequent Transfers from Fairfield Sentry to Defendant Degroof**

67.     A portion of the Fairfield Sentry Initial Transfers was subsequently transferred either directly or indirectly to, or for the benefit of, Defendant Degroof and is recoverable from Defendant Degroof pursuant to section 550 of the Bankruptcy Code and § 278 of the NYDCL. Based on the Trustee's investigation to date, at least $58,473 of the money transferred from BLMIS to Fairfield Sentry was subsequently transferred by Fairfield Sentry to Degroof (the "Fairfield Sentry Degroof Subsequent Transfers").  A chart setting forth the Fairfield Sentry Degroof Subsequent Transfers is attached as Exhibit C.

68.     The Trustee's investigation is on-going, and the Trustee reserves the right to: (i) supplement the information on the Fairfield Sentry Initial Transfers, the Fairfield Sentry Degroof Subsequent Transfers, and any additional transfers, and (ii) seek recovery of such additional transfers.

**3.      Subsequent Transfers from Fairfield Sentry to Defendant BD Lux**

69.     A portion of the Fairfield Sentry Initial Transfers was subsequently transferred either directly or indirectly to, or for the benefit of, Defendant BD Lux and is recoverable from Defendant BD Lux pursuant to section 550 of the Bankruptcy Code and § 278 of the NYDCL.

Based on the Trustee's investigation to date, at least $1,303,203 of the money transferred from BLMIS to Fairfield Sentry was subsequently transferred by Fairfield Sentry to Defendant BD Lux (the "Fairfield Sentry BD Lux Subsequent Transfers").  A chart setting forth the Fairfield Sentry BD Lux Subsequent Transfers is attached as Exhibit D.

70.    The Trustee's investigation is on-going, and the Trustee reserves the right to: (i) supplement the information on the Fairfield Sentry Initial Transfers, the Fairfield Sentry BD Lux Subsequent Transfers, and any additional transfers, and (ii) seek recovery of such additional transfers.

### 4.    Subsequent Transfers from Fairfield Sentry to Fairfield Sigma and Subsequently to Defendant Degroof

71.    A portion of the Fairfield Sentry Initial Transfers was subsequently transferred either directly or indirectly to, or for the benefit of, Defendant Degroof and is recoverable from Defendant Degroof pursuant to section 550 of the Bankruptcy Code and § 278 of the NYDCL. Based on the Trustee's investigation to date, approximately $752,273,917 of the money transferred from BLMIS to Fairfield Sentry was subsequently transferred by Fairfield Sentry to Fairfield Sigma.  Thereafter, at least $1,686,846 was transferred by Fairfield Sigma to Defendant Degroof (the "Fairfield Sigma Degroof Subsequent Transfers").  Charts setting forth the Fairfield Sigma Degroof Subsequent Transfers are attached as Exhibits E and F.

72.    The Trustee's investigation is on-going, and the Trustee reserves the right to: (i) supplement the information on the Fairfield Sentry Initial Transfers, the Fairfield Sigma Degroof Subsequent Transfers, and any additional transfers, and (ii) seek recovery of such additional transfers.

### 5. Subsequent Transfers from Fairfield Sentry to Fairfield Sigma and Subsequently to Defendant BD Lux

73.    A portion of the Fairfield Sentry Initial Transfers was subsequently transferred either directly or indirectly to, or for the benefit of, Defendant BD Lux and is recoverable from Defendant BD Lux pursuant to section 550 of the Bankruptcy Code and § 278 of the NYDCL. Based on the Trustee's investigation to date, approximately $752,273,917 of the money transferred from BLMIS to Fairfield Sentry was subsequently transferred by Fairfield Sentry to Fairfield Sigma. Thereafter, at least $305,308 was transferred by Fairfield Sigma to Defendant BD Lux (the "Fairfield Sigma BD Lux Subsequent Transfers"). Charts setting forth the Fairfield Sigma BD Lux Subsequent Transfers are attached as Exhibits E and G.

74.    The Trustee's investigation is on-going, and the Trustee reserves the right to: (i) supplement the information on the Fairfield Sentry Initial Transfers, the Fairfield Sigma BD Lux Subsequent Transfers, and any additional transfers, and (ii) seek recovery of such additional transfers.

75.    The Fairfield Sentry Degroof Subsequent Transfers, the Fairfield Sentry BD Lux Subsequent Transfers, the Fairfield Sigma Degroof Subsequent Transfers, and the Fairfield Sigma BD Lux Subsequent are collectively defined as the "Fairfield Subsequent Transfers."

### B.    Luxalpha

### 1.    Initial Transfers from BLMIS to Luxalpha

76.    The Trustee filed an adversary proceeding against Luxalpha and other defendants in the Bankruptcy Court under the caption *Picard v. UBS AG, et al.*, Adv. Pro. No. 10-04285 (BRL), in which, in part, the Trustee sought to avoid and recover initial transfers of Customer Property from BLMIS to Luxalpha in the amount of approximately $766 million (the "Luxalpha

# Exhibit 2(qqq)

**Baker & Hostetler LLP**

45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Thomas L. Long
Mark A. Kornfeld
Michelle R. Kaplan
Torello H. Calvani

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and Bernard L. Madoff*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>Plaintiff,<br><br>v.<br><br>LOMBARD ODIER DARIER HENTSCH & CIE,<br><br>Defendant. | Adv. Pro. No. _____ (BRL)<br><br><br><br>**COMPLAINT** |

Bankruptcy Court entered a consent judgment granting the Trustee a judgment against Fairfield Sentry in the amount of $3,054,000,000. Fairfield Sentry is obligated to pay $70,000,000 to the Trustee under the terms of the Settlement Agreement.

### 2.    Subsequent Transfers from Fairfield Sentry to Defendant Lombard Odier

41.    A portion of the Fairfield Sentry Initial Transfers was subsequently transferred either directly or indirectly to, or for the benefit of, Defendant Lombard Odier and is recoverable from Defendant Lombard Odier pursuant to section 550 of the Bankruptcy Code and § 278 of the NYDCL. Based on the Trustee's investigation to date, approximately $95,595,385 of the money transferred from BLMIS to Fairfield Sentry was subsequently transferred by Fairfield Sentry to Defendant Lombard Odier (the "Fairfield Sentry Subsequent Transfers"). A chart setting forth the presently known Fairfield Sentry Subsequent Transfers is attached as Exhibit C.

42.    The Trustee's investigation is on-going, and the Trustee reserves the right to: (i) supplement the information on the Fairfield Sentry Initial Transfers, the Fairfield Sentry Subsequent Transfers, and any additional transfers, and (ii) seek recovery of such additional transfers.

### 3.    Subsequent Transfers from Fairfield Sentry to Fairfield Sigma and Subsequently to Defendant Lombard Odier

43.    A portion of the Fairfield Sentry Initial Transfers was subsequently transferred either directly or indirectly to, or for the benefit of, Defendant Lombard Odier through Fairfield Sigma and is recoverable from Defendant Lombard Odier pursuant to section 550 of the Bankruptcy Code and § 278 of the NYDCL. Based on the Trustee's investigation to date, approximately $752,273,917 of the money transferred from BLMIS to Fairfield Sentry was subsequently transferred by Fairfield Sentry to Fairfield Sigma. Thereafter, the equivalent of approximately $1,279,986 was transferred by Fairfield Sigma to Defendant Lombard Odier (the

11

"Fairfield Sigma Subsequent Transfers").  Charts setting forth the presently known Fairfield Sigma Subsequent Transfers are attached as Exhibits D and E.

44.     The Trustee's investigation is ongoing, and the Trustee reserves the right to: (i) supplement the information on the Fairfield Sentry Initial Transfers, the Fairfield Sigma Subsequent Transfers, and any additional transfers, and (ii) seek recovery of such additional transfers.

45.     The Fairfield Sentry Subsequent Transfers and the Fairfield Sigma Subsequent Transfers are collectively defined as the "Fairfield Subsequent Transfers."

**B.     KINGATE GLOBAL**

**1.     Initial Transfers from BLMIS to Kingate Global**

46.     The Trustee has filed an adversary proceeding against Kingate Global and other defendants in the Bankruptcy Court under the caption *Picard v. Kingate Global Fund Ltd., et al.*, Adv. Pro. No. 09-01161 (BRL), in which, in part, the Trustee sought to avoid and recover initial transfers of Customer Property from BLMIS to Kingate Global in the amount of approximately $437,501,112 (the "Kingate Global Complaint").  The Trustee incorporates by reference the allegations contained in the Kingate Global Complaint as if fully set forth herein.

47.     Over the lifetime of Kingate Global's account with BLMIS, from its inception to the Filing Date, BLMIS made transfers to Kingate Global of approximately $437,501,112 (the "Kingate Global Lifetime Initial Transfers").  The Kingate Global Lifetime Initial Transfers were and continue to be Customer Property within the meaning of SIPA § 78*lll*(4), and are avoidable and recoverable under sections 544, 550, and 551 of the Bankruptcy Code, §§ 273-279 of the NYDCL, and applicable provisions of SIPA, particularly SIPA § 78fff-2(c)(3).

48.     The Kingate Global Lifetime Initial Transfers include approximately $398,704,065 which BLMIS transferred to Kingate Global during the six years preceding the

# Exhibit 2(rrr)

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Thomas L. Long
Mark A. Kornfeld
Michelle R. Kaplan
Torello H. Calvani

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and Bernard L. Madoff*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br>                  Plaintiff-Applicant, <br><br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br>                  Defendant. | Adv. Pro. No. 08-01789 (BRL) <br><br> SIPA Liquidation <br><br> (Substantively Consolidated) |
| In re: <br><br> BERNARD L. MADOFF, <br><br>                  Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, <br><br>                  Plaintiff, <br><br> v. <br><br> BANQUE CANTONALE VAUDOISE, <br><br>                  Defendant. | Adv. Pro. No. _____ (BRL) <br><br><br> **COMPLAINT** |

38.      The Fairfield Sentry Two Year Initial Transfers include approximately $1.1 billion which BLMIS transferred to Fairfield Sentry during the 90 days preceding the Filing Date (the "Fairfield Sentry Preference Period Initial Transfers").   The Fairfield Sentry Preference Period Initial Transfers were and continue to be Customer Property within the meaning of SIPA § 78*lll*(4), and are avoidable and recoverable under sections 547, 550, and 551 of the Bankruptcy Code, and applicable provisions of SIPA, particularly SIPA § 78fff-2(c)(3).

39.      The Fairfield Sentry Six Year Initial Transfers, the Fairfield Sentry Two Year Initial Transfers, and the Fairfield Sentry Preference Period Initial Transfers are collectively defined as the "Fairfield Sentry Initial Transfers."   Charts setting forth these transfers are attached as Exhibits A and B.

40.      Pursuant to the Bankruptcy Court's June 7 and June 10, 2011 orders, the Bankruptcy Court approved a settlement among the Trustee, Fairfield Sentry, and others (the "Settlement Agreement").   As part of the Settlement Agreement, on July 13, 2011, the Bankruptcy Court entered a consent judgment granting the Trustee a judgment against Fairfield Sentry in the amount of $3,054,000,000.  Fairfield Sentry is obligated to pay $70,000,000 to the Trustee under the terms of the Settlement Agreement.

**B.      Subsequent Transfers From Fairfield Sentry To Defendant BCV**

41.      A portion of the Fairfield Sentry Initial Transfers was subsequently transferred either directly or indirectly to, or for the benefit of, Defendant BCV, and is recoverable from Defendant BCV pursuant to section 550 of the Bankruptcy Code and § 278 of the NYDCL. Based on the Trustee's investigation to date, approximately $9,769,927 of the money transferred from BLMIS to Fairfield Sentry was subsequently transferred by Fairfield Sentry to Defendant BCV (the "Fairfield Sentry Subsequent Transfers").   A chart setting forth the presently known Fairfield Sentry Subsequent Transfers is attached as Exhibit C.

# Exhibit 2(sss)

**Baker & Hostetler LLP**

45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Thomas L. Long
Mark A. Kornfeld
Michelle R. Kaplan
Torello H. Calvani

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (BRL) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. _____ (BRL) |
| Plaintiff, | |
| v. | **COMPLAINT** |
| ABN AMRO FUND SERVICES (ISLE OF MAN) NOMINEES LIMITED, f/k/a Fortis (Isle Of Man) Nominees Limited, PLATINUM ALL WEATHER FUND LIMITED, and ODYSSEY, | |
| Defendants. | |

*Sentry Ltd., et al.*, Adv. Pro. No. 09-01239 (BRL), in which, in part, the Trustee sought to avoid and recover initial transfers of Customer Property from BLMIS to Fairfield Sentry in the amount of approximately $3 billion (the "Fairfield Amended Complaint"). The Trustee incorporates by reference the allegations contained in the Fairfield Amended Complaint as if fully set forth herein.

37.    During the six years preceding the Filing Date, BLMIS made transfers to Fairfield Sentry of approximately $3 billion (the "Fairfield Sentry Six Year Initial Transfers"). The Fairfield Sentry Six Year Initial Transfers were and continue to be Customer Property within the meaning of SIPA § 78*lll*(4), and are avoidable and recoverable under sections 544, 550, and 551 of the Bankruptcy Code, §§ 273-279 of the NYDCL, and applicable provisions of SIPA, particularly SIPA § 78fff-2(c)(3).

38.    The Fairfield Sentry Six Year Initial Transfers include approximately $1.6 billion which BLMIS transferred to Fairfield Sentry during the two years preceding the Filing Date (the "Fairfield Sentry Two Year Initial Transfers"). The Fairfield Sentry Two Year Initial Transfers were and continue to be Customer Property within the meaning of SIPA § 78*lll*(4), and are avoidable and recoverable under sections 544, 548, 550, and 551 of the Bankruptcy Code, §§ 273-279 of the NYDCL, and applicable provisions of SIPA, particularly SIPA § 78fff-2(c)(3).

39.    The Fairfield Sentry Two Year Initial Transfers include approximately $1.1 billion which BLMIS transferred to Fairfield Sentry during the 90 days preceding the Filing Date (the "Fairfield Sentry Preference Period Initial Transfers"). The Fairfield Sentry Preference Period Initial Transfers were and continue to be Customer Property within the meaning of SIPA § 78*lll*(4), and are avoidable and recoverable under sections 547, 550, and 551 of the Bankruptcy Code, and applicable provisions of SIPA, particularly SIPA § 78fff-2(c)(3).

40.     The Fairfield Sentry Six Year Initial Transfers, the Fairfield Sentry Two Year Initial Transfers, and the Fairfield Sentry Preference Period Initial Transfers are collectively defined as the "Fairfield Sentry Initial Transfers."   Charts setting forth these transfers are included as Exhibits A and B.

41.     Pursuant to the Bankruptcy Court's June 7 and June 10, 2011 orders, the Bankruptcy Court approved a settlement among the Trustee, Fairfield Sentry, and others (the "Settlement Agreement").   As part of the Settlement Agreement, on July 13, 2011, the Bankruptcy Court entered a consent judgment granting the Trustee a judgment against Fairfield Sentry in the amount of $3,054,000,000.  Fairfield Sentry is obligated to pay $70,000,000 to the Trustee under the terms of the Settlement Agreement.

### 2.     Subsequent Transfers From Fairfield Sentry To The ABN AMRO Defendants

42.     A portion of the Fairfield Sentry Initial Transfers was subsequently transferred either directly or indirectly to, or for the benefit of, the ABN AMRO Defendants (the "Fairfield Sentry Subsequent Transfers").  Based on the Trustee's investigation to date, the Fairfield Sentry Subsequent Transfers total approximately $122,001,935 and are recoverable from Defendant ABN AMRO Isle of Man pursuant to section 550 of the Bankruptcy Code and § 278 of the NYDCL.   Based on the Trustee's investigation to date, approximately $103,541,099 of the money transferred to, or for the benefit of, Defendant ABN AMRO Isle of Man may have been transferred by Defendant ABN AMRO Isle of Man to Defendant Platinum.   In addition, approximately $17,396,883 of the money transferred to, or for the benefit of, Defendant ABN AMRO Isle of Man may have been transferred by Defendant ABN AMRO Isle of Man to Defendant Odyssey.   A chart setting forth the presently known Fairfield Sentry Subsequent Transfers is attached as Exhibit C.

43.    The Trustee's investigation is on-going, and the Trustee reserves the right to: (i) supplement the information on the Fairfield Sentry Initial Transfers, the Fairfield Sentry Subsequent Transfers, and any additional transfers, and (ii) seek recovery of such additional transfers.

### 3.    Subsequent Transfers from Fairfield Sentry to Fairfield Sigma and Subsequently to Defendant ABN AMRO Isle of Man

44.    A portion of the Fairfield Sentry Initial Transfers was subsequently transferred either directly or indirectly to, or for the benefit of, Defendant ABN AMRO Isle of Man through Fairfield Sigma and is recoverable from Defendant ABN AMRO Isle of Man pursuant to section 550 of the Bankruptcy Code and § 278 of the NYDCL.  Based on the Trustee's investigation to date, approximately $752,273,917 of the money transferred from BLMIS to Fairfield Sentry was subsequently transferred by Fairfield Sentry to Fairfield Sigma.  Thereafter, the equivalent of approximately $214,813 was transferred by Fairfield Sigma to Defendant ABN AMRO Isle of Man (the "Fairfield Sigma Subsequent Transfers").  Charts setting forth the presently known Fairfield Sigma Subsequent Transfers are attached as Exhibits D and E.

45.    The Trustee's investigation is ongoing, and the Trustee reserves the right to: (i) supplement the information on the Fairfield Sentry Initial Transfers, the Fairfield Sigma Subsequent Transfers, and any additional transfers, and (ii) seek recovery of such additional transfers.

46.    The Fairfield Sentry Subsequent Transfers and the Fairfield Sigma Subsequent Transfers are collectively defined as the "Fairfield Subsequent Transfers."

# Exhibit 2(ttt)

**WINDELS MARX LANE & MITTENDORF, LLP**
156 West 56th Street
New York, New York 10019
Tel: (212) 237-1000
Fax: (212) 262-1215
Howard L. Simon (hsimon@windelsmarx.com)
Antonio J. Casas (acasas@windelsmarx.com)
John J. Tepedino (jtepedino@windelsmarx.com)

*Special Counsel for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and Bernard L. Madoff*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (BRL) |
| Plaintiff-Applicant, | SIPA Liquidation (Substantively Consolidated) |
| v. | |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant, | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, | Adv. Pro. No. _____(BRL) |
| Plaintiff, | **COMPLAINT** |
| v. | |
| BANQUE INTERNATIONALE À LUXEMBOURG S.A. (*f/k/a* Dexia Banque Internationale à Luxembourg S.A.), individually and as successor in interest to Dexia Nordic Private Bank S.A.; RBC DEXIA INVESTOR SERVICES BANK S.A.; RBC DEXIA INVESTOR SERVICES TRUST; RBC DEXIA | |

Code; §§ 273-279 of the NYDCL; and applicable provisions of SIPA, particularly SIPA § 78fff-2(c)(3).

62.    The Fairfield Sentry Six Year Initial Transfers include $1,614,067,088 that BLMIS transferred to Fairfield Sentry during the two years preceding the Filing Date (the "Fairfield Sentry Two Year Initial Transfers").  The Fairfield Sentry Two Year Initial Transfers were and continue to be Customer Property within the meaning of SIPA § 78*lll*(4), and are avoidable and recoverable under Sections 548, 550 and 551 of the Bankruptcy Code; §§ 273-279 of the NYDCL; and applicable provisions of SIPA, particularly SIPA § 78fff-2(c)(3).

63.    The Fairfield Sentry Two Year Initial Transfers include $1,134,628,244 that BLMIS transferred to Fairfield Sentry during the 90 days preceding the Filing Date (the "Fairfield Sentry Preference Period Initial Transfers").  The Fairfield Sentry Preference Period Initial Transfers were and continue to be Customer Property within the meaning of SIPA § 78*lll*(4), and are avoidable and recoverable under Sections 547, 550 and 551 of the Bankruptcy Code, and applicable provisions of SIPA, particularly SIPA § 78fff-2(c)(3).

64.    The Fairfield Sentry Six Year Initial Transfers, Fairfield Sentry Two Year Initial Transfers and Fairfield Sentry Preference Period Initial Transfers are collectively defined as the "Fairfield Sentry Initial Transfers."   A chart identifying the BLMIS accounts from which the Fairfield Sentry Initial Transfers were made is attached here as Exhibit C.  A chart detailing the transfers is attached here as Exhibit D.

### Subsequent Transfers from Fairfield Sentry to Defendants Dexia Banque, RBC-Dexia, RBC-Dexia España and Dexia Banque Suisse

65.    A portion of the Fairfield Sentry Initial Transfers was subsequently transferred directly or indirectly to, or for the benefit of, Defendants Dexia Banque, RBC-Dexia, RBC-Dexia España and Dexia Banque Suisse.  These parties are referred to below as the "Dexia Fairfield Sentry

16

Defendants" in connection with these subsequent transfers.  The subsequent transfers are recoverable from the Dexia Fairfield Sentry Defendants pursuant to Section 550 of the Bankruptcy Code and § 278 of the NYDCL.  Based on the Trustee's investigation to date, $61,515,524 of the money transferred from BLMIS to Fairfield Sentry was subsequently transferred by Fairfield Sentry directly or indirectly to, or for the benefit of, the Dexia Fairfield Sentry Defendants (the "Fairfield Sentry Subsequent Transfers").  A chart setting forth the presently known Fairfield Sentry Subsequent Transfers is attached here as Exhibit E.

> *Subsequent Transfers from Fairfield Sentry to Fairfield Sigma and then to Defendants Dexia Banque, RBC-Dexia España and Dexia Banque Suisse*

66.    A portion of the Fairfield Sentry Initial Transfers was subsequently transferred through Fairfield Sigma to, or for the benefit of, Defendants Dexia Banque, RBC-Dexia España and Dexia Banque Suisse. These parties are referred to below as the "Dexia Fairfield Sigma Defendants" in connection with these subsequent transfers.  The subsequent transfers are recoverable from the Dexia Fairfield Sigma Defendants pursuant to Section 550 of the Bankruptcy Code and § 278 of the NYDCL.  Based on the Trustee's investigation to date, $752,273,917 of the money transferred from BLMIS to Fairfield Sentry was subsequently transferred by Fairfield Sentry to Fairfield Sigma.  A chart setting forth those transfers is attached here as Exhibit F.  Fairfield Sigma, in turn, transferred the equivalent of $2,051,538 of the money it received from Fairfield Sentry to, or for the benefit of, the Dexia Fairfield Sigma Defendants (the "Fairfield Sigma Subsequent Transfers").  A chart setting forth the presently known Fairfield Sigma Subsequent Transfers is attached here as Exhibit G.

67.    The Trustee's investigation is ongoing, and he reserves the right to:  (i) supplement the information on the Fairfield Sentry Initial Transfers, Fairfield Sentry Subsequent Transfers and Fairfield Sigma Subsequent Transfers, and (ii) seek recovery of any additional transfers.