**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (CGM) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff, | Adv. Pro. No. 11-02910 (CGM) |
| Plaintiff, | |
| v. | |
| MERRILL LYNCH BANK (SUISSE) SA | |
| Defendant. | |

## AMENDED STIPULATION AND ORDER

Plaintiff Irving H. Picard (the "Trustee"), trustee for the substantively consolidated liquidation proceeding of Bernard L. Madoff Investment Securities LLC under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa–*lll* ("SIPA"), and the chapter 7 estate of Bernard L. Madoff, and defendant Merrill Lynch Bank (Suisse) SA ("Defendant," and with the Trustee, the "Parties"), by and through their respective and undersigned counsel, state as follows:

**WHEREAS**, on November 22, 2011, the Trustee commenced adversary proceeding number 11-02910 (the "Action") against Defendant to, among other things, recover transfers allegedly received from Fairfield Sentry Limited, pursuant to 11 U.S.C. § 550;

**WHEREAS**, on July 6, 2014, the District Court entered an Opinion and Order ruling on extraterritoriality and international comity issues (the "District Court ET Decision") and returned certain matters to the Bankruptcy Court for further proceedings consistent with the District Court ET Decision. *See SIPC v. BLMIS (In re Madoff)*, 513 B.R. 222 (S.D.N.Y. 2014);

**WHEREAS**, on November 22, 2016, the Bankruptcy Court issued a Memorandum Decision Regarding Claims to Recover Foreign Subsequent Transfers (the "Bankruptcy Court ET Decision") dismissing certain claims to recover transfers allegedly received from Fairfield Sentry Limited (among other transferees) pursuant to 11 U.S.C. § 550 on grounds of international comity. *See Picard v. Bureau of Labor Ins. (SIPC v. BLMIS)*, Adv. Pro. No. 08-01789 (SMB), 2016 WL 6900689 (Bankr. S.D.N.Y. Nov. 22, 2016);

**WHEREAS**, the Bankruptcy Court ET Decision dismissed the claim against Defendant;

**WHEREAS**, on February 25, 2019, the Court of Appeals for the Second Circuit issued an order, *In re Picard*, 917 F.3d 85 (2d Cir. 2019) (the "ET and Comity Decision") which, *inter alia*, vacated the Bankruptcy Court ET Decision;

**WHEREAS**, on August 29, 2019, Defendant and defendants in other adversary proceedings whose actions were dismissed by the Bankruptcy Court ET Decision filed a Petition for a Writ of Certiorari in the Supreme Court, which sought review of the ET and Comity Decision and which extended the stay of the Second Circuit's mandate until the Supreme Court's final disposition. *See* Petition for Writ of Certiorari, *HSBC Holdings PLC v. Picard*, No. 19-277 (Aug. 29, 2019), 2019 WL 4190391;

**WHEREAS**, on December 20, 2019, in adversary proceedings that are unrelated to the Action, the Trustee filed unopposed petitions for permission to appeal pursuant to 28 U.S.C. § 158(d)(2)(A), which respectively sought (i) a direct appeal to the Second Circuit of the Bankruptcy Court's memorandum decision denying the Trustee's motion for leave to file amended complaint in one adversary proceeding, *Picard v. Citibank, N.A.*, 608 B.R. 181 (Bankr. S.D.N.Y. 2019), and (ii) a direct appeal to the Second Circuit of the Bankruptcy Court's memorandum decision granting, in part, the motion to dismiss the Trustee's amended complaint in another adversary proceeding, *Picard v. Legacy Capital Ltd.*, 548 B.R. 13 (Bankr. S.D.N.Y. 2016) (together, the "Good Faith Appeals");

**WHEREAS**, on April 23, 2020, the Court of Appeals for the Second Circuit granted the Trustee's petitions for the Good Faith Appeals. *See In re BLMIS LLC*, Case No. 19-4282 (2d Cir. Apr. 23, 2020), ECF No. 29; *In re BLMIS LLC*, Case No. 19-4283 (2d Cir. Apr. 23, 2020), ECF No. 25;

**WHEREAS**, on June 1, 2020, the Supreme Court denied Defendants' Petition for a Writ of Certiorari concerning the Second Circuit's ET and Comity Decision. *See* Order, *HSBC Holdings PLC v. Picard*, No. 19-277 (2020), 2020 WL 2814770;

**WHEREAS**, also on June 1, 2020, the Court of Appeals for the Second Circuit issued the mandate in respect of the ET and Comity Decision, *In re Picard*, No. 17-2992 (2d Cir. June 1, 2010), ECF Doc No. 1582, vacating the judgments of the Bankruptcy Court in connection with the Bankruptcy Court ET Decision and remanding the matters for further proceedings consistent with the ET and Comity Decision;

**WHEREAS**, on August 30, 2021, the Second Circuit issued a consolidated decision in the Good Faith Appeals. *In re BLMIS LLC*, 12 F.4th 171 (2d Cir. 2021) (the "Good Faith Decision");

**WHEREAS**, on October 13, 2021, the Court of Appeals for the Second Circuit issued the mandate in respect of the Good Faith Decision, vacating the District Court's consolidated good faith decision, *SIPC v. BLMIS*, 516 B.R. 18 (S.D.N.Y. 2014), as well as the Bankruptcy Court's decisions dismissing *Picard v. Citibank, N.A.*, Adv. Pro. No. 10-05345 (CGM) and *Picard v. Legacy Capital Ltd.*, Adv. Pro. No. 10-05286 (CGM). *See* Mandate, Case No. 20-1333 (2d Cir. Oct. 13, 2021), ECF No. 197; Mandate, Case No. 20-1334 (2d Cir. Oct 13, 2021), ECF No. 187; (CGM)]; and;

**WHEREAS**, on February 23, 2022 the parties filed a Stipulation and Order setting a June 16, 2022 deadline for the Defendant to respond to the complaint in the Action, an August 15, 2022 deadline for the Trustee to respond to the motion, and a September 14, 2022 deadline for the Defendant to file a reply to the motion. *See* ECF No. 108.

**IT IS HEREBY STIPULATED AND AGREED**, that, the deadline for the Defendant to respond to the complaint in the Action shall be extended to July 28, 2022. If Defendant files a motion to dismiss the complaint, such motion shall set forth any and all grounds for dismissal required to be asserted at the pleading stage. The deadline for the Trustee to respond to the motion shall be September 26, 2022, and the deadline for the Defendant to file a reply shall be October 26, 2022.

4

**IT IS HEREBY STIPULATED AND AGREED**, that if Defendant files a motion to dismiss the complaint, then the parties shall request oral argument on the motion at the Court's first available convenience.

Dated:       May 25, 2022
             New York, New York

By: */s/ David J. Sheehan*                          By: */s/ Pamela A. Miller*
**BAKER & HOSTETLER LLP**                           **O'MELVENY & MYERS LLP**
45 Rockefeller Plaza                                7 Times Square
New York, New York 10111                            New York, NY 10036
Telephone: (212) 589-4200                           Telephone: (212) 326-2000
Facsimile: (212) 589-4201                           Facsimile: (212) 326-2061
David J. Sheehan                                    Pamela A. Miller
Email: dsheehan@bakerlaw.com                        Email: pmiller@omm.com
Carrie Longstaff
Email: clongstaff@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for*        *Attorney for Defendant Merrill Lynch*
*the Substantively Consolidated SIPA*                *Bank (Suisse) SA*
*Liquidation of Bernard L. Madoff*
*Investment Securities LLC and the Chapter 7*
*Estate of Bernard L. Madoff*

**SO ORDERED.**



**Dated: May 27, 2022**                             **/s/ Cecelia G. Morris**
**Poughkeepsie, New York**                          _____
                                                    **Hon. Cecelia G. Morris**
                                                    **U.S. Bankruptcy Judge**