UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (CGM)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff,<br><br>Plaintiff,<br><br>v.<br><br>BUREAU OF LABOR INSURANCE, BUREAU OF LABOR FUNDS,<br><br>Defendants. | Adv. Pro. No. 11-02732 (CGM) |

## STIPULATION AND ORDER

Plaintiff Irving H. Picard, as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa-lll and the substantively consolidated estate of Bernard L. Madoff ("Plaintiff"), and together with Defendant Bureau of Labor Insurance ("Defendant"), by and through their respective counsel, state as follows:

**WHEREAS**, on September 22, 2011, pursuant to sections 550(a) and 551 of the Bankruptcy Code, and SIPA § 78fff-2(c)(3), Plaintiff filed a complaint (the "Complaint") against Defendant in the United States Bankruptcy Court for the Southern District of New York to recover $42,123,406 allegedly received by BLI as a subsequent transferee of funds initially transferred from BLMIS to Fairfield Sentry during the two-year period preceding the Petition Date on December 11, 2008 (the "Subsequent Transfer Action");

**WHEREAS**, on February 28, 2013, the Defendant filed an Answer and Affirmative Defenses;

**WHEREAS,** pursuant to the Organization Act of the Ministry of Labor and the Organization Act for the Bureau of Labor Funds of the Ministry of Labor, each dated January 29, 2014, the Ministry of Labor established the Bureau of Labor Funds for the purpose of managing the business of all types of labor funds and investments, including the fund that subscribed shares in Fairfield Sentry (the "Fund"). Additionally, the Bureau of Labor Funds has custody of the Fund, and the investment management personnel from the Bureau of Labor Insurance have been merged into the Bureau of Labor Funds.  As a result of this change, the parties agree that the Bureau of Labor Funds is now a necessary party to the action, and further agree to the addition of the Bureau of Labor Funds as a party.

**WHEREAS**, the Parties hereby seek entry of this Stipulation and Order;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** that:

1. The Clerk of the Court is hereby directed to amend the caption in the Adversary Proceeding to add Bureau of Labor Funds as an additional defendant as reflected on Exhibit A to this stipulation;

2. Undersigned counsel for Bureau of Labor Funds (i) expressly represents that he has the authority to accept service of the Complaint on behalf of Bureau of Labor Funds; (ii) waives service of the summons and Complaint on behalf of Bureau of Labor Funds; and (iii) hereby waives any defenses based on insufficiency of process or insufficiency of service of process of the summons and Complaint on behalf of Bureau of Labor Funds;

3. Except as set forth herein, this Stipulation has no effect on any other claims in the Complaint;

4. That this Stipulation is without prejudice to (1) the Trustee's right to seek leave to amend the Complaint pursuant to FRCP Rule 15(a)(2) to assert claims to avoid and/or recover any additional or other transfers to Bureau of Labor Insurance and Bureau of Labor Funds ("Defendants"), as may be determined through the Trustee's continuing investigation and through discovery and (2) Defendants' or any proposed additional defendants' rights to oppose any such amendment(s) and/or defend against such claim(s).

5. The Trustee consents to Defendants filing an Amended Answer and Affirmative Defenses, a copy of which is attached hereto as Exhibit B;

6. Defendants shall file the Amended Answer and Affirmative Defenses within seven [7] days of entry of this Order;

7. The Trustee and Defendants reserve all rights, arguments, objections, and defenses they may have and entry into this Stipulation and Order shall not impair or otherwise affect any such rights, arguments, objections, and defenses, including, without limitation, Defendants' ability to challenge the avoidability of the Fairfield Sentry Initial Transfers (as defined in *Picard v. Bureau of Labor Insurance*, Adv. Pro. No. 11-02732 (CGM), *Compl.* at ¶ 41).

Dated:   June 1, 2022
         New York, New York

**Baker & Hostetler LLP**                                **Lowenstein Sandler LLP**

*/s/ Nicholas J. Cremona*                                */s/ Michael B. Himmel*
Nicholas J. Cremona                                      Michael B. Himmel
Email: ncremona@bakerlaw.com                             Email: mhimmel@lowenstein.com
Robyn Feldstein                                          Jennifer Fiorica Delgado
Email: rfeldstein@bakerlaw.com                           Email: jdelgado@lowenstein.com
Alexa T. Bordner                                         1251 Avenue of the Americas
Email: abordner@bakerlaw.com                             New York, NY 10022
45 Rockefeller Plaza, 11th Floor                         Telephone: (212) 262-6700
New York, New York 10111                                 Facsimile: (212) 262-7402

Telephone: (212) 589-4200  
Facsimile: (212) 589-4201  

*Attorneys for Plaintiff Irving H. Picard, trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff*

Nicole Fulfree  
Email: nfulfree@lowenstein.com  
One Lowenstein Drive  
Roseland, New Jersey 07068  
Telephone: (973) 597-2500  
Facsimile: 973) 597-2400  

*Attorneys for Defendants Bureau of Labor Insurance and Bureau of Labor Funds*

**SO ORDERED.**



**Dated: June 6, 2022**
**Poughkeepsie, New York**

**/s/ Cecelia G. Morris**
_____  
**Hon. Cecelia G. Morris**  
**U.S. Bankruptcy Judge**