# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                      Plaintiff-Applicant,<br><br>      v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                      Defendant. | Adv. Pro. No. 08-01789 (CGM)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>                      Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff,<br><br>                      Plaintiff,<br><br>      v.<br><br>BUREAU OF LABOR INSURANCE, BUREAU OF LABOR FUNDS,<br><br>                      Defendants. | Adv. Pro. No. 11-02732 (CGM) |

# EXHIBIT B

LOWENSTEIN SANDLER LLP
Michael B. Himmel
Jennifer Fiorica Delgado
Nicole Fulfree
1251 Avenue of the Americas
New York, New York 10022
Tel: 212.262.6700
Fax: 212.262.7402
*Attorneys for Defendant Bureau of Labor Insurance*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>               Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>               Defendant. | Adv. Pro. No. 08-01789 (CGM)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>               Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, and Bernard L. Madoff,<br><br>               Plaintiff,<br><br>v.<br><br>BUREAU OF LABOR INSURANCE, BUREAU OF LABOR FUNDS | Adv. Pro. No. 11-02732 (CGM)<br><br>**[PROPOSED] AMENDED ANSWER AND JURY DEMAND** |

-2-

|  Defendants. |  |
|---|---|

Defendants Bureau of Labor Insurance and Bureau of Labor Funds (collectively, "BLI"), by its undersigned counsel, as and for its Amended Answer to the Complaint of plaintiff Irving H. Picard (the "Trustee" or "Plaintiff"), Trustee for the liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS"), respectfully avers as follows:

1.   BLI states that the allegations of paragraph 1 of the Complaint set forth legal conclusions to which no response is required. To the extent a response is required, BLI denies the allegations of paragraph 1 of the Complaint, except admits that Plaintiff purports to bring this action as trustee for the liquidation of BLMIS and the substantively consolidated estate of Bernard L. Madoff ("Madoff") pursuant to the Securities Investor Protection Act ("SIPA"), 15 U.S.C. §§ 78aaa *et seq*.

## I. NATURE OF THE ACTION

2.   BLI denies knowledge or information sufficient to form a belief as to the allegations of paragraph 2 of the Complaint.

3.   BLI denies knowledge or information sufficient to form a belief as to the allegations of paragraph 3 of the Complaint, except admits that the Complaint purports to recover approximately $42,123,406 in alleged subsequent transfers from BLI.

4.   BLI denies the allegations of paragraph 4 of the Complaint, except admits that it is an agency of the government of the Republic of China with responsibility for, among other things, labor insurance matters and services related to social insurance, labor protection, and social welfare allowances.

## II.    JURISDICTION AND VENUE

5. BLI states that the allegations of paragraph 5 of the Complaint set forth legal conclusions to which no response is required.  To the extent that a response is required, BLI denies the allegations of paragraph 5 of the Complaint.

6. BLI states that the allegations of paragraph 6 set forth legal conclusions to which no response is required.  To the extent that a response is required, BLI denies the allegations of paragraph 6 of the Complaint, except admits that a substantively consolidated SIPA case (No. 08-01789 (BRL)) is pending, and denies knowledge or information sufficient to form a belief as to where that case was originally brought.

7. BLI states that the allegations of paragraph 7 set forth legal conclusions to which no response is required.  To the extent that a response is required, BLI denies the allegations of paragraph 7 of the Complaint, except denies knowledge or information sufficient to form a belief as to the Trustee's "investigation" and admits that it: (i) entered into a subscription agreement, and refers to that agreement for its contents, and (ii) wired funds that passed through a bank in New York.

8. BLI denies the allegations of paragraph 8 of the Complaint.

9. BLI states that the allegations of paragraph 9 of the Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, BLI denies the allegations of paragraph 9 of the Complaint, and states that to the extent this proceeding is determined to be a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (F), or (G), the Bankruptcy Court lacks power to enter a final judgment.  *See Secs. Investor Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC,* 490 B.R. 46, 49, 55, 58 (S.D.N.Y. 2013).

10. BLI states that the allegations of paragraph 10 of the Complaint set forth legal conclusions to which no response is required. To the extent a response is required, BLI denies the allegations of paragraph 10 of the Complaint.

### III. BACKGROUND

11. BLI denies knowledge or information sufficient to form a belief as to the allegations of paragraph 11 of the Complaint, and refers to the Amended Complaint filed by the Securities and Exchange Commission ("SEC") for its complete and accurate contents.

12. BLI denies knowledge or information sufficient to form a belief as to the allegations of paragraph 12 of the Complaint, and refers to the order issued by the Honorable Louis L. Stanton for its complete and accurate contents.

13. BLI denies knowledge or information sufficient to form a belief as to the allegations of paragraph 13 of the Complaint, and refers to the application filed by the Securities Investor Protection Corporation ("SIPC") for its complete and accurate contents.

14. BLI denies knowledge or information sufficient to form a belief as to the allegations of paragraph 14 of the Complaint, and refers to the order issued by Judge Stanton for its complete and accurate contents.

15. BLI denies knowledge or information sufficient to form a belief as to the allegations of paragraph 15 of the Complaint, and refers to the orders issued by the Bankruptcy Court for their complete and accurate contents.

16. BLI denies knowledge or information sufficient to form a belief as to the allegations of paragraph 16 of the Complaint, and refers to the transcript of the March 12, 2009 hearing for its complete and accurate contents.

17. BLI denies knowledge or information sufficient to form a belief as to the allegations of paragraph 17 of the Complaint, and refers to the plea allocution of Frank DiPascali for its complete and accurate contents.

### IV. TRUSTEE'S POWERS AND STANDING

18. BLI denies knowledge or information sufficient to form a belief as to the allegations of paragraph 18 of the Complaint, and states that the allegations concerning the Trustee's authority under SIPA and the Bankruptcy Code set forth legal conclusions to which no response is required. To the extent a response is required as to such allegations, BLI denies such allegations.

19. BLI states that the allegations of paragraph 19 set forth legal conclusions to which no response is required. To the extent a response is required, BLI denies the allegations of paragraph 19 of the Complaint.

20. BLI states that the allegations of paragraph 20 set forth legal conclusions to which no response is required. To the extent a response is required, BLI denies the allegations of paragraph 20 of the Complaint.

21. BLI states that the allegations of paragraph 21 set forth legal conclusions to which no response is required. To the extent a response is required, BLI denies the allegations of paragraph 21 of the Complaint.

### V. THE DEFENDANT

22. BLI admits the allegations of paragraph 22 of the Complaint.

### VI. THE PONZI SCHEME

23. BLI denies knowledge or information sufficient to form a belief as to the allegations of paragraph 23 of the Complaint.

24. BLI denies knowledge or information sufficient to form a belief as to the allegations of paragraph 24 of the Complaint.

25. BLI denies knowledge or information sufficient to form a belief as to the allegations of paragraph 25 of the Complaint.

26. BLI denies knowledge or information sufficient to form a belief as to the allegations of paragraph 26 of the Complaint, and refers to the plea allocution of Madoff and the corresponding plea hearing transcript for their complete and accurate contents.

27. BLI denies knowledge or information sufficient to form a belief as to the allegations of paragraph 27 of the Complaint.

28. BLI denies knowledge or information sufficient to form a belief as to the allegations of paragraph 28 of the Complaint.

29. BLI denies knowledge or information sufficient to form a belief as to the allegations of paragraph 29 of the Complaint.

30. BLI denies knowledge or information sufficient to form a belief as to the allegations of paragraph 30 of the Complaint.

31. BLI denies knowledge or information sufficient to form a belief as to the allegations of paragraph 31 of the Complaint.

32. BLI denies knowledge or information sufficient to form a belief as to the allegations of paragraph 32 of the Complaint.

33. BLI denies knowledge or information sufficient to form a belief as to the allegations of paragraph 33 of the Complaint.

4862-1957-7889.1

## VII. THE TRANSFERS

34. BLI denies the allegations of paragraph 34 of the Complaint, except admits that it received a transfer from Fairfield Sentry Limited ("Fairfield") and denies knowledge or information sufficient to form a belief as to whether Fairfield maintained customer accounts with BLMIS.

### A. Initial Transfers from BLMIS to Fairfield Sentry

35. BLI denies knowledge or information sufficient to form a belief as to the allegations of paragraph 35 of the Complaint, and refers to the docket in *Picard v. Fairfield Sentry, Ltd., et al.*, Adv. Pro No. 09-1239 (BRL) and to all documents filed therein for their complete and accurate contents.

36. BLI denies knowledge or information sufficient to form a belief as to the allegations of paragraph 36 of the Complaint, except states that the allegations concerning whether certain transfers are "Customer Property" under SIPA, and whether certain transfers are avoidable or recoverable, set forth legal conclusions to which no response is required. To the extent a response is required as to such allegations, BLI denies such allegations.

37. BLI denies knowledge or information sufficient to form a belief as to the allegations of paragraph 37 of the Complaint, and states that the allegations concerning whether certain transfers are "Customer Property" under SIPA, and whether certain transfers are avoidable or recoverable, set forth legal conclusions to which no response is required. To the extent a response is required as to such allegations, BLI denies such allegations.

38. BLI denies knowledge or information sufficient to form a belief as to the allegations of paragraph 38 of the Complaint, and states that the allegations concerning whether certain

-8-

transfers are "Customer Property" under SIPA, and whether certain transfers are avoidable or recoverable, set forth legal conclusions to which no response is required. To the extent a response is required as to such allegations, BLI denies such allegations.

39. BLI denies the allegations of paragraph 39 of the Complaint, except admits that Exhibits A and B are attached to the Complaint and refers to those exhibits for their complete and accurate contents.

40. BLI denies knowledge or information sufficient to form a belief as to the allegations of paragraph 40 of the Complaint, and refers to the "Settlement Agreement" and July 13, 2011 order referenced in this paragraph for their complete and accurate contents.

**B.    Subsequent Transfers from Fairfield sentry to Defendant BLI**

41. BLI states that the allegations of paragraph 41 of the Complaint set forth legal conclusions to which no response is required. To the extent a response is required, BLI denies the allegations of paragraph 41 of the Complaint, except admits that it received approximately $42,123,406 from Fairfield.

42. BLI denies knowledge or information sufficient to form a belief as to the allegations of paragraph 42 of the Complaint.

**AS TO COUNT ONE**

43. BLI incorporates and reasserts its responses to the allegations of all of the previous paragraphs of the Complaint as though set forth fully herein.

44. BLI denies the allegations of paragraph 44 of the Complaint, except admits that it received approximately $42,123,406 from Fairfield.

45. BLI denies the allegations of paragraph 45 of the Complaint.

46. BLI denies the allegations of paragraph 46 of the Complaint.

47. BLI denies the allegations of paragraph 47 of the Complaint.

## AFFIRMATIVE DEFENSES

In the event that subsequent legal developments change the availability or nature of claims asserted by Plaintiff, BLI hereby preserves each and every defense at law, in equity, or otherwise, available under federal and state law, including common law. Further, BLI reserves the right to amend this Answer to assert other and further defenses, cross-claims, and/or third party claims when and if, in the course of investigation, discovery, or preparation for trial, it becomes appropriate to do so.

## FIRST AFFIRMATIVE DEFENSE

Under prior decisions applicable to this case, all of the claims alleged in the Complaint are barred but for those claims asserted under Section 548(a)(1)(A) and Section 550(a) of the Bankruptcy Code.

## SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

The Complaint fails to state a claim on which relief can be granted, and violates Fed. R. Civ. P. 10(c), because instead of properly pleading the elements required for the avoidance the Fairfield Sentry Initial Transfers, the Complaint: (1) improperly incorporates by reference a pleading from another action; (2) improperly incorporates an entire pleading, not the statements in a pleading; (3) improperly fails to specify the relevant allegations that are being incorporated, and; (4) improperly incorporates a pleading that has been superseded by a further amended complaint

which removes numerous allegations and claims and has rendered the incorporated earlier pleading inoperative.

## FOURTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim on which relief can be granted, and violates Fed. R. of Civ. P. Rule 8(a)(2), and principles enumerated in the United States Supreme Court's decisions in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), because, given its improper incorporation by reference of an entire pleading that has been superseded, and even if the incorporation by reference is found to be proper, it fails to identify the avoidable Fairfield Sentry Initial Transfers that form the basis for the Trustee's claim under 11 U.S.C. §§ 550 and 551, and/or fails to adequately allege the avoidability of such transfers.

## FIFTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim on which relief can be granted, and violates Fed. R. Civ. P. 9(b), because it fails to plead each element of fraudulent transfer under 11 U.S.C. § 548(a) with sufficient particularity, as Plaintiff has not identified the avoidable initial transfers, or alleged facts sufficient to demonstrate that the Fairfield Sentry Initial Transfers were made with actual intent to hinder, delay or defraud creditors or customers of BLMIS. *See Sharp Int'l Corp. v. State St. Bank & Trust Co. (In re Sharp Int'l Corp.)*, 403 F.3d 43, 56 (2d Cir. 2005) (Because "'actual intent to hinder, delay or defraud' constitutes fraud, it must be pled with specificity, as required by Fed. R. Civ. P. 9(b)") (citation omitted).

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims based on alleged "subsequent transfers" are barred because Plaintiff has not avoided, or adequately plead the avoidability of, any initial transfer within the meaning of 11 U.S.C. § 550(a).

**SEVENTH AFFIRMATIVE DEFENSE**

Even if any of the Fairfield Sentry Initial Transfers are avoided, none of the Fairfield Sentry Initial Transfers may be recovered from BLI under 11 U.S.C. 550(a), because BLI is not (a) an initial transferee of the Fairfield Sentry Initial Transfers, (b) an entity for whose benefit the Fairfield Sentry Initial Transfers were made, or (c) a mediate or immediate transferee of the Fairfield Sentry Initial Transfers.

**EIGHTH AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim for recovery under 15 U.S.C. § 78fff-2(c)(3) because Plaintiff has not plausibly alleged that BLI received transfers of BLMIS customer property, as the transfer from Fairfield to BLI is not traceable to the customer property transferred from BLMIS to Fairfield.

**NINTH AFFIRMATIVE DEFENSE**

The Trustee's claims are barred, in whole or in part, because none of the Fairfield Sentry Initial Transfers may be avoided, or recovered from BLI, under Sections 544, 548 and 550 of the Bankruptcy Code because Fairfield took the alleged transfers for value and in good faith, as provided by 11 U.S.C. § 548(c).

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part by 11 U.S.C. § 550(b), because BLI received the transfer from Fairfield: for value, including but not limited to in satisfaction of the

-12-

Fairfield shares BLI purchased on January 4, 2007 and December 1, 2007; without knowledge of the voidability of the Fairfield Sentry Initial Transfers; and in good faith, with no knowledge of facts that would have put BLI on inquiry notice of any fraudulent purpose behind the Fairfield Sentry Initial Transfers.  Moreover, in the event BLI is found to have had inquiry notice, a diligent inquiry would not have led BLI to discover a fraudulent purpose behind the transfers.

### ELEVENTH AFFIRMATIVE DEFENSE

The Fairfield Sentry Initial Transfers may not be avoided, in whole or in part, because they were margin payments or settlement payments made by or to, or for the benefit of, a commodity broker, forward contract merchant, stockbroker, financial institution, financial participant, or securities clearing agency, in connection with a securities contract, commodity contract or forward contract made before the commencement of the action and were therefore not avoidable by the Trustee by reason of 11 U.S.C. § 546(e).

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the Fairfield Sentry Initial Transfers were taken without actual fraudulent intent and for fair consideration, as provided by section 278(2) of the New York Debtor and Creditor Law.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the Fairfield Sentry Initial Transfers were taken for fair consideration and without knowledge of the fraud, as provided by section 278(1) of the New York Debtor and Creditor Law.

### FOURTEENTH AFFIRMATIVE DEFENSE

The claims against BLI are barred, in whole or in part, because the Trustee failed to plead all of the elements of fraudulent transfer under section 544 of the Bankruptcy Code and sections

-13-

273, 274, 275, 276, 276-a, 278 and/or 279 of the New York Debtor and Creditor Law with sufficient particularity and factual support.

### FIFTEENTH AFFIRMATIVE DEFENSE

The alleged transfers are not avoidable as against Fairfield, or recoverable from BLI, under the single satisfaction rule set forth in 11 U.S.C. § 550(d) because the Trustee has, on information and belief, recovered funds from other individuals and entities of funds purportedly transferred by Fairfield.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent Plaintiff lacks standing and/or capacity to assert claims against BLI.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that any damages allegedly suffered were caused by the intervening act(s) or omission(s) of persons or entities other than BLI, and said act(s) or omission(s) superseded any act or omission by BLI for which it might be considered liable.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because BLI's alleged conduct was not the cause of Plaintiff's injuries.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by any applicable statutes of limitation.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of waiver, equitable estoppel, unclean hands, laches, and other equitable defenses that may appear upon further discovery and investigation.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims should be dismissed if Plaintiff has recovered, or during the pendency of this action recovers, sufficient funds to reimburse SIPC for all payments that SIPC has made to satisfy allowed claims of BLMIS customers.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff and Fairfield failed to mitigate, minimize or avoid damages, if any.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred on the grounds that BLI reasonably and justifiably relied on the activities of industry groups, including SIPC, and governmental agencies and regulatory bodies, including the SEC and FINRA, to monitor and oversee the activities of BLMIS.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

The enforcement of relief against BLI, a victim of Madoff's fraud, is unconscionable and a violation of public policy.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, based upon rulings, judgments, orders, or decisions entered in the liquidation proceedings of Fairfield pending before the Commercial Division of the Eastern Caribbean High Court of Justice, British Virgin Islands, including any related appellate rulings, judgments, orders, or decisions.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because they are preempted by the Securities Litigation Uniform Standards Act, 15 U.S.C. § 78bb(f)(1).

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Any enforcement of relief against BLI, a victim of Madoff's fraud, is subject to the right of setoff under Section 502(h) of the Bankruptcy Code.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to an award of interest under 11 U.S.C. § 548.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

BLI adopts and incorporates by reference any and all other defenses asserted or to be asserted by any other defendant or party-in-interest to the extent that BLI may share in such defenses.

### JURY DEMAND

BLI demands a trial by jury on all issues that may be tried by a jury.

WHEREFORE, BLI demands judgment dismissing the Complaint, together with costs, disbursements, and such other relief as the Court shall determine.

Dated: New York, NY
       May __, 2022

                                              LOWENSTEIN SANDLER LLP

By: /s/ Michael B. Himmel
Michael B. Himmel
Email: mhimmel@lowenstein.com
Jennifer Fiorica Delgado
Email: jdelgado@lowenstein.com
1251 Avenue of the Americas
New York, NY 10022
Telephone: (212) 262-6700
Facsimile: (212) 262-7402

Nicole Fulfree
Email: nfulfree@lowenstein.com
One Lowenstein Drive
Roseland, New Jersey 07068
Telephone: 973-597-2500
Facsimile: 973-597-2400

*Attorneys for Defendants Bureau of Labor Insurance and Bureau of Labor Funds*

4862-1957-7889.1

## CERTIFICATE OF SERVICE

I, Michael B. Himmel, Esq., hereby certify that I caused a true and correct copy of the foregoing Amended Answer and Jury Demand to be served upon the parties in this action who receive electronic service through the United States Bankruptcy Court Court's ECF system.  I certify under penalty of perjury that the foregoing is true and correct.

Dated: New York, NY
      May __, 2022

                                      /s/ Michael B. Himmel
                                      Michael B. Himmel, Esq.