UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (CGM)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff,<br><br>Plaintiff,<br><br>v.<br><br>LEGACY CAPITAL LTD. and KHRONOS LLC,<br><br>Defendants. | Adv. Pro. No. 10-05286 (CGM) |

## SECOND AMENDED STIPULATED CASE MANAGEMENT ORDER

Plaintiff Irving H. Picard, as trustee (the "Trustee") for the substantively consolidated

liquidation of the business of Bernard L. Madoff Investment Securities LLC, under the Securities

Investor Protection Act, 15 U.S.C. § 78aaa–*lll*, and the chapter 7 estate of Bernard L. Madoff,

and defendant Legacy Capital Ltd. ("Legacy Capital" or the "Defendant," and together with the

Trustee, the "Parties"), by and through its undersigned counsel, hereby submit the following

stipulation and proposed second amended case management order pursuant to Rules 16 and 26 of

the Federal Rules of Civil Procedure, applicable under Rules 7016 and 7026 of the Federal Rules

of Bankruptcy Procedure.

1.    **Case Status.**

a.    On August 30, 2021, the Second Circuit issued a decision, among other

things, remanding this case to the Bankruptcy Court for further proceedings on the Trustee's

claim against Legacy Capital seeking to recover the principal amounts alleged to have been

received by Legacy Capital within two years of the BLMIS filing date (the "Two-Year Principal

Transfers").  Avoidance and recovery of the Two-Year Principal Transfers to Legacy Capital are

the only issues in dispute in this proceeding.

b.    On February 24, 2022, the Trustee filed a Motion to Consolidate this

adversary proceeding (this "Action") and *Picard v. Mayer et al. (In re BLMIS)*, Adv. Pro. No.

20-01316 (CGM) (Bankr. S.D.N.Y.) (the "Subsequent Transferee Action," and together with this

Action, the "Legacy Adversary Proceedings") for all pre-trial matters.

c.    On April 7, 2022, the Trustee's Motion to Consolidate was heard and the

Court ruled from the bench granting in part and denying in part the Motion to Consolidate.  On

April 25, 2022, Judge Morris entered an order (the "Consolidation Order") granting

consolidation for all pre-trial matters in the Legacy Adversary Proceedings solely on the issue of

Legacy Capital's good faith, without prejudice to consolidation on other issues at a later date.

2.    **Pleadings.**

a.    Legacy Capital plans to amend its Answer to the Amended Complaint and

will share a draft of the Amended Answer with the Trustee on or before June 15, 2022.  The

Trustee will notify Legacy on or before June 24, 2022, whether the Trustee consents to the filing

of the Amended Answer.  If the Trustee does not consent to the filing of the Amended Answer,

then Legacy shall file a motion for leave to amend its Answer on or before July 20, 2022, with

the Trustee's Opposition Brief, if any, due on August 24, 2022, and Legacy's Reply, if any, due

on  September 9, 2022, with the hearing on the motion to be held on September 14, 2022.  The

Parties agree that any motion to join or add additional parties shall be filed on or before July 20,

2022.

       3.      **Discovery Plan.**

       a.      All parties shall comply with the Local Bankruptcy Rules for the Southern

District of New York and the Individual Rules of United States Bankruptcy Judge Cecelia Morris

with respect to any disputes concerning discovery matters.

       b.      The Parties anticipate the need for discovery from various third parties

located outside of the United States.  To obtain discovery from these third parties, the Parties

may need to proceed under the Hague Convention on the Taking of Evidence Abroad in Civil or

Commercial Matters or other internationally recognized means of obtaining cross-border

discovery, including, but not limited to, letters rogatory (collectively, "International Discovery").

To the extent that the Parties avail themselves of International Discovery procedures, they will

not be deemed to have waived, prejudiced, or otherwise altered their rights to conduct discovery

under the applicable federal rules.  To the extent that responses to International Discovery are not

received by the Fact Discovery Cut-Off Date (defined below), the Parties may seek extensions of

the deadlines set forth herein.

       c.      <u>Fact Discovery Cut-Off</u>.  All fact discovery is to be completed by

December 22, 2023 (the "Fact Discovery Cut-Off Date").

d.      Expert Discovery Cut-Off.  All expert discovery is to be completed by

September 30, 2024 (the "Expert Discovery Cut-Off Date").

e.      Initial Disclosures.  The Parties do not propose any changes in the form or

requirements for disclosures under Federal Rule 26(a).  On November 13, 2015, the Parties

served and exchanged initial disclosures.

f.      Inadvertent Production.  The Parties acknowledge that the inadvertent

production of privileged or work product protected documents is not a waiver of the privilege or

protection from discovery in this case or in any other federal or state proceeding.  This Order

shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence

502(d).  Nothing contained in this paragraph is intended to or shall serve to limit a party's right

to conduct a review of documents, including electronically stored information, for relevance,

responsiveness, and/or privileged and/or protected.

g.      Document Requests.  The Parties may serve requests for documents and

third-party document subpoenas, provided they are served at least 90 days before the Fact

Discovery Cut-Off Date.

h.      Interrogatories.

(i)    The Parties may serve interrogatories in accordance with Local

Bankruptcy Rule 7033-1(a), until 45 days before the Fact Discovery

Cut-Off Date.

(ii)   The Parties may serve interrogatories in accordance with Local

Bankruptcy Rule 7033-1(b), until 45 days before the Fact Discovery

Cut-Off Date, provided the interrogatories are (i) a more practical

method of obtaining the information sought than a request for

production of documents or a deposition, or (b) ordered by the Court.

(iii)   The Parties may serve contention-based interrogatories in accordance

with Local Bankruptcy Rule 7033-1(c).

i.   <u>Requests for Admission</u>.  The Parties may serve Requests for Admission as

needed, provided they are served at least 45 days before the Fact Discovery Cut-Off Date.

j.   <u>Depositions</u>.  All depositions (excluding any expert depositions) must be

completed by the Fact Discovery Cut-Off Date.  Depositions shall proceed concurrently, with no

party having priority.  The Parties will endeavor to conclude the majority of depositions within

the seven hours provided by Federal Rule 30(d)(1). The Parties will attempt in good faith to

agree to reasonable extensions of the time limits as appropriate, and failing agreement, any party

may make application for an extension of those time limits.

(i)   The Parties agree that they will meet and confer in good faith to identify

an agreed-upon number of depositions.

(ii)   All depositions of the Trustee's witnesses shall be conducted at the

offices of Baker & Hostetler LLP, 45 Rockefeller Plaza, New York, NY

10111, or such other location as the Parties may agree.  Depositions of

the Defendant's witnesses shall be conducted at a location agreed upon

by the Parties.

k.   <u>Consolidation of Discovery on Good Faith</u>.  Pursuant to the Consolidation

Order, the Court consolidated discovery in this Action on the issue of Legacy Capital's good

faith with the Subsequent Transferee Action.  All documents and other information produced in

this Action shall also be produced to the defendants in the Subsequent Transferee Action.  Notice

5

of all depositions to be taken in this Action shall be provided to the defendants in the Subsequent

Transferee Action, and the defendants in the Subsequent Transferee Action shall have the right

to attend and participate as parties in those depositions.

l.   Experts.  Each Party that intends to offer expert testimony must make the

disclosures required by Federal Rule 26(a)(2) on or before March 22, 2024.  Each Party that

intends to offer expert testimony in opposition to such disclosures must make the disclosures

required by Federal Rule 26(a)(2) on or before May 31, 2024.  No expert testimony (whether

designated as "rebuttal" or otherwise) will be permitted (i) by an expert that has not been

disclosed in accordance with the Rules, and (ii) on any issue that is beyond the scope of the

opinion covered by the disclosures except on prior express permission of the Court, upon

application made no later than May 31, 2024.  Given the volume of documentation that may be

subject to expert disclosure in this matter, the Parties may produce a summary expert report, and

provide access to the underlying documentation on which the summary report relies in an

electronic data room or other medium for review by the Parties. The Parties reserve all rights

with regard to the admissibility of any such summary reports. All experts may be deposed, but

such depositions must occur on or before the Expert Discovery Cut-Off Date.  The deadline for

expert depositions will not affect the Parties' duty to supplement expert disclosures as required

by Federal Rule 26.

m.  Manner of Production of Discovery Materials.  The Parties may produce

discovery, including initial disclosures, on a USB flash drive, CD-ROM, in an electronic data

room, encrypted FTP link, or other similar electronic format.  The Parties intend to enter into a

protocol for the production of electronically stored information (ESI).  Information and

documents produced or made available electronically shall:

6

(i)   be text searchable;

(ii)  provide data and image load files necessary to review the documents on

search platforms (i.e., Summation, Concordance, Relativity) upon

request of a Party;

(iii) provide any system-created or non-privileged captured objective

metadata, such as date fields, author fields, custodian fields, path to

native file, etc.;

(iv)  be organized, such as by date, custodian, or subject matter, as

maintained in the ordinary course of business or as organized by the

Trustee;

(v)   provide additional formats of production, metadata, or native documents

if requested by a Party.

4.     **Confidentiality**. The Litigation Protective Order (ECF No. 4137) (the "LPO")

entered in *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec,. LLC (In re Bernard L. Madoff*

*Inv. Sec., LLC)*, Adv. Pro. No. 08-01789 (CGM) on June 6, 2011 is attached as Exhibit A to this

Stipulation and Case Management Plan and shall govern the disclosure of confidential

information in this proceeding.

5.     **Proposed Modifications of Standard Pretrial Proceedings Due to the Special**

**Nature of the Action**.  The Parties do not presently believe that any such modifications are

appropriate or necessary, and will contact the Court if their belief in this regard changes.

6.     **Prospects for Settlement, Including Whether a Settlement Conference**

**Should Be Scheduled and Whether the Parties Will Stipulate to the Trial Judge Acting as**

**Settlement Judge**.  The Parties will notify the Court if they believe a settlement conference or

mediation would be productive, and the Parties do not hereby stipulate to the presiding

bankruptcy judge conducting a settlement conference in this case.

7.      **Motion Practice.**  All motions and applications shall be governed by the Federal

Rules of Civil Procedure, Bankruptcy Rules and Local Bankruptcy Rules, including pre-motion

conference requirements.

8.      **Discovery Arbitrator.**  On October 4, 2016, the Court entered an Order

Appointing a Discovery Arbitrator Pursuant to Bankruptcy Rule 9019(c) and General Order M-

390. See 08-01789, ECF No. 14227. The parties agree to referral of all discovery disputes to the

Honorable Frank Maas (ret.) as the Discovery Arbitrator, including disputes related to

electronically stored information, questions of privilege, confidentiality, work product,

relevance, scope, and burden.

9.      **Pre-Motion Conference**.  A party seeking to move for summary judgment must

first request a pre-motion conference.  The date and time of the pre-motion conference must be

obtained from Chambers.  Notice of the date and time of the pre-motion conference may take the

form of a letter setting forth the issues in general terms and must be served upon all parties

bound by this scheduling order or as otherwise required in the Bankruptcy Code and Federal

Rules of Bankruptcy Procedure.

10.     **Summary Judgment Motions**. A briefing and hearing schedule for summary

judgment motions or other dispositive motions must be set by the Court at the pre-motion

conference.  Compliance with Local Bankruptcy Rule 7056-1 is mandatory and shall include a

joint statement of undisputed facts.  Pursuant to the authority provided by Federal Rule 16(b)(2),

a motion for summary judgment will be deemed untimely unless a request for a pre-motion

conference relating thereto (see Local Bankruptcy Rule 7056-1) is made in writing within

fourteen (14) days after the close of all discovery.

11.    **Modifications of This Order**. The deadlines set out herein cannot be changed

unless so directed by the Court.  The Parties should not wait for deadlines to expire before

seeking an amended scheduling order.  Modifications to the Scheduling Order may be made only

upon a showing of good cause with joint application to the Court, or a party may request an

informal status conference.

Failure to comply with this Order may result in sanctions being imposed.

12.    **Parties and Counsel**.  The following Parties join in this stipulation and proposed

case management order through their counsel.

*[Remainder of Page Intentionally Left Blank]*

Date:   New York, New York
        June 10, 2022

*/s/ David J. Sheehan*
**Baker & Hostetler LLP**
45 Rockefeller Plaza, 11th Floor
New York, New York 10111
Telephone: (212) 589-4200
David J. Sheehan
Email: dsheehan@bakerlaw.com
Oren J. Warshavsky
Email: owarshavsky@bakerlaw.com
Jason S. Oliver
Email: joliver@bakerlaw.com
Tatiana Markel
Email: tmarkel@bakerlaw.com
Carrie Longstaff
Email: clongstaff@bakerlaw.com
Peter B. Shapiro
Email: pshapiro@bakerlaw.com

*Attorneys for Plaintiff Irving H. Picard, trustee for*
*the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and the Chapter 7 Estate of Bernard L. Madoff8*

*/s/ Eric B. Fisher*
**Binder & Schwartz LLP**
366 Madison Avenue, 6th Floor
New York, New York 10017
Telephone: (212) 510-7008
Eric B. Fisher
Email: efisher@binderschwartz.com
Lindsay A. Bush
Email: lbush@binderschwartz.com

*Attorneys for Defendant Legacy Capital,*
*Ltd.*

**SO ORDERED.**



**Dated: June 13, 2022**
**Poughkeepsie, New York**

*/s/ Cecelia G. Morris*
_____
**Hon. Cecelia G. Morris**
**U.S. Bankruptcy Judge**