**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (CGM) |
| Plaintiff-Applicant, | |
| v. | SIPA LIQUIDATION |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | (Substantively Consolidated) |
| Defendant. | |
| In re | |
| BERNARD L. MADOFF, | |
| Debtor. | |

|  |  |
|---|---|
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff,<br><br>        Plaintiff,<br><br>v.<br><br>JACOB M. DICK REV LIVING TRUST DTD 4/6/01, individually and as tenant in common,<br><br>ESTATE OF JACOB M. DICK, as grantor of the Jacob M. Dick Rev Living Trust Dtd 4/6/01,<br><br>ANDREA J. MARKS, as trustee and beneficiary of the Jacob M. Dick Rev Living Trust Dtd 4/6/01, as executor and beneficiary of the Estate of Jacob M. Dick, and as trustee of the Article 8.1 Trust created under the Jacob M. Dick Rev Living Trust Dtd 4/6/01,<br><br>REID DORAL ASHLEY, as beneficiary of the Article 8.1 Trust created under the Jacob M. Dick Rev Living Trust Dtd 4/6/01,<br><br>RIO JOCELYN BREEN, as beneficiary of the Article 8.1 Trust created under the Jacob M. Dick Rev Living Trust Dtd 4/6/01,<br><br>ARTICLE 8.1 TRUST,<br><br>SUZANNE BREEN, as beneficiary of the Estate of Jacob M. Dick and the Jacob M. Dick Rev Living Trust Dtd 4/6/01, and<br><br>DOUGLAS J. STURLINGH, as beneficiary of the Estate of Jacob M. Dick and the Jacob M. Dick Rev Living Trust Dtd 4/6/01,<br><br>        Defendants. | Adv. Pro. No. 10-04570 (CGM) |

## JUDGMENT

**WHEREAS,** Irving H. Picard (the "Trustee") is the trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act ("SIPA"), 15 U.S.C. §§ 78aaa–*lll*, substantively consolidated with the liquidation under chapter 7 of 11 U.S.C. §§ 101–1532, of the estate of Bernard L. Madoff

2

("Madoff"), currently pending in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") as Adv. Pro. No. 08-01789 (CGM);

**WHEREAS**, the Trustee is duly qualified to serve and act on behalf of the consolidated estate of BLMIS and Madoff;

**WHEREAS**, on or about December 1, 2010, the Trustee commenced the above-captioned adversary proceeding (the "Adversary Proceeding") in the Bankruptcy Court, alleging, *inter alia*, that Jacob M. Dick Rev Living Trust Dtd 4/6/01 (the "Living Trust"), Estate of Jacob M. Dick (the "Estate"), as grantor of the Living Trust, Article 8.1 Trust created under the Living Trust, and Andrea J. Marks, as trustee of the Living Trust, as executor of the Estate, and as trustee of the Article 8.1 Trust created under the Living Trust (collectively, the "Defendants") received avoidable transfers in an amount aggregating $1,681,299 in connection with BLMIS Account No. 1CM883 within two years of December 11, 2008;

**WHEREAS**, on June 6, 2022, the Court issued a memorandum decision, *Picard v. Jacob M. Dick Rev Living Trust Dtd 4/6/01, et al.*, Adv. Pro. No. 10-04570 (CGM) (Bankr. S.D.N.Y. June 6, 2022), ECF No. 141 (the "Decision"), granting summary judgment in favor of the Trustee and against Defendants.

**NOW THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED THAT:**

1. As set forth in the Decision, the Court made the following findings and conclusions:

    a. The Court has subject matter jurisdiction over this Adversary Proceeding under SIPA § 78eee(b)(4), 28 U.S.C. §1334, 157(a) & (b), and Order No. M10-450 (S.D.N.Y. July 10, 1984), as amended by Amended Standing Order of Reference No. M10-468, 12 Misc. 00032 (S.D.N.Y. Jan. 31, 2012);

    b. Madoff operated BLMIS as a Ponzi scheme;

    c. The transfers of $1,681,299 to or for the benefit of the Living Trust within two years of December 11, 2008 (the "Two-Year Transfers") consisted of fictitious profits because they were in excess of the principal Defendants' deposited with BLMIS;

    d. The Two-Year Transfers were transfers of an interest of the debtor because the Two-Year Transfers originated from BLMIS's JPMorgan Accounts, and are "customer property" within the meaning of SIPA 78lll(4). The Two-Year Transfers must be returned to the Trustee pursuant to SIPA § 78fff-2(c)(3);

    e. The Trustee is entitled to rely on the Ponzi scheme presumption and has demonstrated that the Two-Year Transfers were made with the actual intent to hinder, delay, or defraud creditors within the meaning of 11 U.S.C. §§ 548(a)(1)(A) and 550(a);

    f. The Two-Year Transfers are avoided under 11 U.S.C. § 548(a)(1)(A) and recoverable from Defendants under 11 U.S.C. § 550;

    g. The Trustee has standing to recover the Two-Year Transfers; and

    h. The Trustee is entitled to prejudgment interest from December 1, 2010 through the date of this Judgment because the Trustee has spent approximately ten years prosecuting this case and cannot be made whole without an award of prejudgment interest.

2. The Trustee is awarded prejudgment interest on the Two-Year Transfers pursuant to 28 U.S.C. § 1961(b), at the rate of 4% from December 1, 2010 through June 8, 2022.

3. Judgment is hereby entered in favor of the Trustee to recover from Defendants the total amount of $2,456,041.58 (the "Judgment Amount"), representing the sum of:

Account No. 1CM883 – Living Trust

    a.  Avoidable Transfers                                                             $1,681,299.00

    b.  Pre-judgment interest on the Avoidable Transfers at the rate of 4%, from Dec. 1, 2010 through June 8, 2022     $774,742.58

                                                      Total:    $2,456,041.58

4. The Clerk of Court shall enter this Judgment in favor of the Trustee and against Defendants for the Judgment Amount.



**Dated: June 13, 2022**
**Poughkeepsie, New York**

/s/ Cecelia G. Morris
_____
**Hon. Cecelia G. Morris**
**U.S. Bankruptcy Judge**