**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and the Chapter 7 Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>    Plaintiff-Applicant,<br> v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>    Defendant. | Adv. Pro. No. 08-01789 (CGM)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>    Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff,<br><br>    Plaintiff,<br> v.<br><br>GROSVENOR INVESTMENT MANAGEMENT LTD., GROSVENOR PRIVATE RESERVE FUND LIMITED, GROSVENOR BALANCED GROWTH FUND LIMITED, AND GROSVENOR AGGRESSIVE GROWTH FUND LIMITED,<br><br>    Defendants. | Adv. Pro. No. 12-01021 (CGM) |

**DECLARATION OF DEAN D. HUNT IN SUPPORT OF TRUSTEE'S**
**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

I, Dean D. Hunt, declare the following:

1. I am a member in good standing with the bars in which I am admitted, I have been admitted to this Court *pro hac vice* and am a partner with the law firm of Baker & Hostetler LLP, counsel to Irving H. Picard (the "Trustee"), as trustee for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa–lll, and the chapter 7 estate of Bernard L. Madoff.

2. I submit this Declaration in support of the Trustee's Memorandum of Law in Opposition to Defendants' Grosvenor Investment Management Ltd. ("Grosvenor Management"), Grosvenor Private Reserve Fund Limited ("Grosvenor Reserve"), Grosvenor Balanced Growth Fund Limited ("Grosvenor Balanced") and Grosvenor Aggressive Growth Fund Limited ("Grosvenor Aggressive" and with Grosvenor Reserve and Grosvenor Balanced, "Grosvenor Funds," and together with Grosvenor Management, "Defendants") Motion to Dismiss the Complaint ("Motion").

3. Although several documents attached to this Declaration are stamped confidential, the Trustee's records indicate that the producing parties have de-designated the documents as not confidential under the Litigation Protective Order entered in this liquidation. *See SIPC v. BLMIS (In re BLMIS)*, Adv. Pro. No. 08-01789 (CGM) (Bankr. S.D.N.Y. June 6, 2011 & Sept. 17, 2003), ECF Nos. 4137 & 5474. In addition, all personal identifying information has been redacted.

4. Attached as Exhibit 1 in redacted form is a true and correct copy of the Fairfield Sentry Limited ("Sentry") Information Memorandum dated January 1, 1998 (SECSEV3381092-SECSEV3381126).

2

5. Attached as Exhibit 2 in redacted form is an excerpt from a spreadsheet of Sentry trades created by Citco Fund Services (Europe) B.V. containing only Defendant-related trades (ANWAR-CFSE-00000003).[1]

6. Attached as Exhibit 3 is a true and correct copy of the Sentry Short Form Subscription Agreement signed by William Dolan ("Dolan") on behalf of Grosvenor Reserve on December 31, 2003 (BRRVAA0000351).

7. Attached as Exhibit 4 in redacted form is a true and correct copy of a Share Application Form signed by Dolan on behalf of Grosvenor Balanced on March 6, 2000 (ANWAR-CFSE-00707979-ANWAR-CFSE-00707992).

8. Attached as Exhibit 5 in redacted form is a true and correct copy of Grosvenor Balanced's Redemption Request Form Instructions, confirming that its redemptions were "defined in and subject to all of the terms and conditions of the [IM]" and dated February 5, 1998 (ANWAR-CFSE-00708045-ANWAR-CFSE-00708059).

9. Attached as Exhibit 6 in redacted form is a true and correct copy of the Sentry Confidential Private Placement Memorandum dated July 1, 2002 (FGGSAC0016131-FGGSAC0016183).

10. Attached as Exhibit 7 is a true and correct copy of the *Trustee's Proffered Allegations Pertaining to the Extraterritoriality Issue as to Grosvenor Defendants*, filed by the Trustee in this matter on June 29, 2015, ECF No. 70.

11. Attached as Exhibit 8 in redacted form is a true and correct copy of Letters of Understanding executed on April 28, 2003, by Dolan on behalf of the Grosvenor Funds. (ANWAR-CFSE-00490966-ANWAR-CFSE-00490985).

---

[1] The excerpt attached as Exhibit 2 reflects references to the Defendants as detailed in the pdf file. The native file, in its entirety, is available upon request, subject to the terms and conditions of the LPO.

12. Attached as Exhibit 9 in redacted form is a true and correct copy of a fax from Dolan of Grosvenor Management giving Sentry the "authority and instruction to REDEEM" $5,000,000 in shares "in accordance with the following wire payment instructions" and pay them to Deutsche Bank Trust Company America in New York dated May 23, 2007, with a payment date of June 30, 2007. (CFSSAM0000346).

13. Attached as Exhibit 10 is a true and correct copy of a fax from Sentry to Grosvenor Management's Gordon Howard confirming a redemption of $4,000,000 and a transfer from Sentry "in accordance with [Gordon's] instructions" to an account held with another New York bank, Citibank N.A. New York, dated August 12, 1997. (ANWAR-CFSE-00708070).

14. Attached as Exhibit 11 is a true and correct copy of email correspondence between Fairfield Greenwich Group's ("FGG") Andrew Smith ("Smith") and Dolan regarding scheduling a presentation in New York to consider additional investments the week of December 5, 2005, dated November 21, 2005. (SECSEV0707224).

15. Attached as Exhibit 12 in redacted form is a true and correct copy of email correspondence between FGG's Cheryl Neal ("Neal") and Jeffrey Tucker ("Tucker") and Dolan, dated March 31-April 14, 2003, wherein Dolan requests copies of Sentry rebate agreements signed by the Defendants. (SECSEV0666654-SECSEV0666656).

16. Attached as Exhibit 13 is a true and correct copy of email correspondence from FGG's Tucker dated November 18, 2005, stating that he had "talked [Grosvenor] into staying with [Sentry]" a few years ago and had "left a call for" them that morning. (SECSEV2409105-SECSEV2409109).

17. Attached as Exhibit 14 is a true and correct copy of email correspondence between FGG's Amit Vijayvergiya ("Vijayvergiya") and Grosvenor Managements' Fred Brunson dated July 14-

4

15, 2003, wherein Vijayvergiya attaches the June 30, 2003, Fairfield Sentry tear sheets and final NAVs and says that "it was a pleasure speaking with [him] today". (FGGSAC0037244-FGGSAC0037246).

18. Attached as Exhibit 15 in redacted form is a true and correct copy of a Confirmation of Order Received dated May 25, 2007, confirming Grosvenor Private's instructions to redeem $5,000,000 on trade date July 1, 2007. (CFSSAM0000344).

19. Attached as Exhibit 16 is a true and correct copy of email correspondence between Dolan and FGG's Vijajvergiya, regarding confirmation of the $5,000,000 redemption scheduled for November 30, 2005, dated October 24-November 2, 2005. (ANWAR-CFSE-00746301-ANWAR-CFSE00746302).

20. Attached as Exhibit 17 is a true and correct copy of email correspondence between FGG agents including Vijayvergiya, Tucker, Smith and Charles Murphy, dated October 12, 2008, wherein Murphy stated that Dolan called Tucker at FGG's New York office to discuss insurance amounts for put options. (SECSEV2236127-SECSEV2236128).

Pursuant to 28 U.S.C. § 1746, I hereby declare under penalty of perjury that the foregoing statements are true and correct

Dated: June 15, 2022    By: /s/ *Dean D. Hunt*
Houston, Texas    Dean D. Hunt