**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (CGM) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, and Bernard L. Madoff, | |
| Plaintiff, | Adv. Pro. No. 12-01002 (CGM) |
| v. | |
| THE PUBLIC INSTITUTION FOR SOCIAL SECURITY, | |
| Defendant. | |

**TRUSTEE'S MEMORANDUM OF LAW IN OPPOSITION TO THE PUBLIC INSTITUTION FOR SOCIAL SECURITY'S MOTION TO STRIKE THE DECLARATION OF BRIAN SONG AND SONG EXHIBITS 1-13**

**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff*

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ...................................................................................1

ARGUMENT.............................................................................................................2

I.  PERSONAL JURISDICTION ALLEGATIONS ARE SUFFICIENT AT THIS
    STAGE OF THE LITIGATION ........................................................................2

II.  PARAGRAPH 2 OF THE SONG DECLARATION NEED NOT BE BASED ON
     PERSONAL KNOWLEDGE.............................................................................2

III.  ALL THE SONG EXHIBITS ARE RELEVANT TO THE TRUSTEE'S
      CLAIMS ......................................................................................................5

      A.  Relevance of the Song Exhibits...........................................................6

      B.  Wafra Is Relevant Despite Not Being Referenced in the Complaint.....................7

IV.  REQUIREMENTS FOR THE ADMISSIBILITY OF EVIDENCE NEED NOT
     BE DETERMINED ON A MOTION TO DISMISS ...........................................7

V.  OBJECTIONS TO FOUNDATION ARE PREMATURE AT THIS STAGE OF
    THE LITIGATION ........................................................................................9

VI.  THE SONG EXHIBITS ARE NOT REQUIRED TO BE AUTHENTICATED
     BEFORE DISCOVERY ................................................................................10

VII.  AT MINIMUM, THE TRUSTEE SHOULD BE PERMITTED TO CONDUCT
      JURISDICTIONAL DISCOVERY..............................................................12

CONCLUSION........................................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am. Gen. Life Ins. Co. v. Diana Spira 2005 Irrevocable Life Ins. Tr.*,
No. 08 Civ. 06843 (NSR), 2014 WL 6694502 (S.D.N.Y. Nov. 25, 2014) .........................6, 8

*Arista Recs. LLC v. Doe 3*,
604 F.3d 110 (2d Cir. 2010) ...............................................................................................3

*Ball v. Metallurgie Hoboken-Overpelt, S.A.*,
902 F.2d 194 (2d Cir. 1990) ............................................................................................2, 7

*Ball v. Soundview Composite Ltd. (In re Soundview Elite Ltd.)*,
543 B.R. 78 (Bankr. S.D.N.Y. 2016) .................................................... 2, 3, 10, 11

*Beverly Hills Fan Co. v. Royal Sovereign Corp.*,
21 F.3d 1558 (Fed. Cir. 1994)...........................................................................................8

*Bus. Comput. Applications, Inc. v. Betty Jean Kerr-People's Health Ctrs.*,
No. 09 Civ. 1447 (MHS), 2009 WL 10670181 (N.D. Ga. July 30, 2009) ..............................3

*Cantu v. TitleMax, Inc.*,
No. 14 Civ. 628 (RP), 2015 WL 4526987 (W.D. Tex. July 23, 2015) ...................................9

*Capitol Recs., LLC v. Escape Media Grp., Inc.*,
No. 12 Civ. 6646 (AJN), 2015 WL 1402049 (S.D.N.Y. Mar. 25, 2015)................................8

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986) ...........................................................................................................8

*Century Pac., Inc. v. Hilton Hotels Corp.*,
528 F. Supp. 2d 206 (S.D.N.Y. 2007), *aff'd*, 354 F. App'x 496 (2d Cir. 2009).....................9

*Citizens United v. Schneiderman*,
882 F.3d 374 (2d Cir. 2018) ...............................................................................................3

*Dairy Health Prods., Inc. v. IBA, Inc.*,
No. 07 Civ. 75 (DAK), 2008 WL 345846 (D. Utah Feb. 6, 2008) ....................................7, 8

*Degelman Indus. Ltd. v. Pro-Tech Welding & Fabrication, Inc.*,
No. 06 Civ. 6346T, 2011 WL 6752565 (W.D.N.Y. Dec. 23, 2011)................................4, 14

*Delgado v. Ocwen Loan Servicing*,
No. 13 Civ. 4427 (NGG) (ST), 2016 WL 4617159 (E.D.N.Y. Sept. 2, 2016)........................8

*Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*,
   722 F.3d 81 (2d Cir. 2013) ............................................................................11

*Flaherty v. Filardi*,
   No. 03 Civ. 2167(LTS)(HBP), 2007 WL 163112 (S.D.N.Y. Jan. 24, 2007) ..........................5

*Head v. Las Vegas Sands, LLC*,
   298 F. Supp. 3d 963 (S.D. Tex. 2018)...................................................................7

*Hollander v. Am. Cyanamid Co.*,
   172 F.3d 192 (2d Cir. 1999), *abrogated in part on other grounds by Schnabel
   v. Abramson*, 232 F.3d 83 (2d Cir. 2000) .........................................................4, 14

*Hypefortype Ltd. v. Universal Music Grp., Inc.*,
   No. 17 Civ. 4468 (BMC), 2017 WL 11537717 (E.D.N.Y. Sept. 17, 2017)...........................7

*Kiobel v. Royal Dutch Petroleum Co.*,
   No. 02 Civ. 7618(KMW)(HBP), 2009 WL 3817590 (S.D.N.Y. Nov. 16, 2009).................15

*Lebewohl v. Heart Attack Grill LLC*,
   890 F. Supp. 2d 278 (S.D.N.Y. 2012) .................................................................11

*Leon v. Shmukler*,
   992 F. Supp. 2d 179 (E.D.N.Y. 2014)..................................................................12

*Milford Power Ltd. P'ship by Milford Power Assocs. Inc. v. New England Power
   Co.*,
   918 F. Supp. 471 (D. Mass. 1996) .......................................................................3

*Morisseau v. DLA Piper*,
   532 F. Supp. 2d 595 (S.D.N.Y. 2008) .................................................................14

*Nationsbank, N.A. v. Macoil (In re Med-Atl. Petroleum Corp.)*,
   233 B.R. 644 (Bankr. S.D.N.Y. 1999) ..............................................................5, 14

*New World Sols., Inc. v. Namemedia Inc.*,
   150 F. Supp. 3d 287 (S.D.N.Y. 2015).................................................................6

*New York v. Mountain Tobacco Co.*,
   55 F. Supp. 3d 301 (E.D.N.Y. 2014)................................................................5, 14

*Pacenza v. IBM Corp.*,
   No. 04 Civ. 5831 (SCR), 2007 WL 9817926 (S.D.N.Y. July 26, 2007), *aff'd*,
   363 F. App'x 128 (2d Cir. 2010) ....................................................................5, 14

*Philips Med. Sys. (Cleveland), Inc. v. Buan*,
   No. 19 Civ. 2648, 2021 WL 83736 (N.D. Ill. Jan. 11, 2021), *reconsideration
   denied*, No. 19 Civ. 02648, 2021 WL 1531622 (N.D. Ill. Apr. 19, 2021) ...........................10

*Picard v. Magnify Inc. (In re Bernard L. Madoff Inv. Sec. LLC)*,
    Adv. No. 10-05279 (BRL), 2012 WL 2254995 (Bankr. S.D.N.Y. June 15,
    2012) .................................................................................................................. 12

*Potamkin Cadillac Corp. v. B.R.I. Coverage Corp.*,
    38 F.3d 627 (2d Cir. 1994) ................................................................................. 14

*Stryker v. HSBC Sec. (USA)*,
    No. 16 Civ. 9424 (JGK), 2021 U.S. Dist. LEXIS 219103 (S.D.N.Y. Nov. 11,
    2021) .................................................................................................................. 14

*Theunussen v. Matthews*,
    935 F.2d 1454 (6th Cir. 1991) ............................................................................. 8

*United States v. Cone*,
    714 F.3d 197 (4th Cir. 2013) .............................................................................. 14

*United States v. Gagliardi*,
    506 F.3d 140 (2d Cir. 2007) ............................................................................... 11

*United States v. Pluta*,
    176 F.3d 43 (2d Cir. 1999) ................................................................................. 11

*United States v. Tin Yat Chin*,
    371 F.3d 31 (2d Cir. 2004) ................................................................................. 12

*Vasquez v. Hong Kong & Shanghai Banking Corp., Ltd.*,
    477 F. Supp. 3d 241 (S.D.N.Y. 2020) .................................................................. 9

*Weisfelner v. Blavatnick (In re Lyondell Chem. Co.)*,
    No. 09-10023 (GCM), 2016 Bankr. LEXIS 3768 (Bankr. S.D.N.Y. Oct. 19,
    2016) .................................................................................................................. 14

*Wolo Mfg. Corp. v. ABC Corp.*,
    349 F. Supp. 3d 176 (E.D.N.Y. 2018) ................................................................. 11

*Wyler v. United States*,
    725 F.2d 156 (2d Cir. 1983) ................................................................................. 4

**Rules**

Fed. R. Civ. P. 11 .......................................................................................................... 2

Fed. R. Civ. P. 11(b)(3) ........................................................................................... 9, 10

Fed. R. Civ. P. 12(b) ..................................................................................................... 8

Fed. R. Civ. P. 12(b)(2) ................................................................................. 7, 8, 11, 14

iv

Fed. R. Civ. P. 56................................................................................................8

Fed. R. Civ. P. 56(c)(2)......................................................................................10

Fed. R. Civ. P. 56(e)....................................................................................4, 5, 8

Fed. R. Civ. P. 56(f)............................................................................................4

Fed. R. Evid. 401 ................................................................................................6

Fed. R. Evid. 803(24)..........................................................................................8

Fed. R. Evid. 901(a)......................................................................................11, 12

Fed. R. Evid. 901(b)..........................................................................................10

**Other Authorities**

10 Collier on Bankruptcy ¶ 7056.05 (16th ed. 2015)................................................10

Irving H. Picard, as trustee ("Trustee") for the substantively consolidated liquidation of

Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor

Protection Act, 15 U.S.C. §§ 78aaa–*lll* ("SIPA"), and the chapter 7 estate of Bernard L. Madoff,

respectfully submits this memorandum of law in opposition to the Public Institution for Social

Security's ("PIFSS") Motion to Strike the Declaration of Brian Song ("Song Declaration" or

"Song Decl.") and Song Exhibits ("Song Exhibit(s)" or "Song Ex(s).") 1-13.

## **PRELIMINARY STATEMENT**

In its motion to dismiss the Trustee's complaint, and now in its motion to strike the Song

Declaration and Song Exhibits, PIFSS seeks to have the Court require the Trustee to overcome

procedural and evidentiary hurdles that are completely improper at this stage of the litigation,

especially in a bankruptcy or SIPA Liquidation Proceeding context where the Trustee is a

stranger to the transactions at issue.  Specifically, PIFSS claims that all of the Song Exhibits (i)

are irrelevant to the Trustee's subsequent transfer claim; (ii) are hearsay without an applicable

exception; (iii) lack foundation; and (iv) have not been authenticated.  PIFSS further claims that

paragraph 2 of the Song Declaration is not based on personal knowledge.  (Motion to Strike

("Mot.") at 1).  As explained below, each of these claims should be rejected.

Contrary to PIFSS's position, at this early stage of litigation, the Song Declaration need

not be based on personal knowledge; and the Song Exhibits, which are clearly relevant to the

Trustee's claims, need not fall under a hearsay exception, require foundation, or be

authenticated.[1]  After the Trustee has had an opportunity to conduct discovery, it is likely that

these documents will be authenticated and admissible, and thus the motion to strike is premature

---

[1] In its *Banque Syz* decision denying defendant Banque Syz & Co., SA's motion to dismiss, this Court accepted and cited to the Declaration of Nicholas J. Cremona, which also attached as exhibits documents produced by Fairfield Greenwich Group ("FGG") in discovery, in support of personal jurisdiction allegations.  Memorandum Decision Denying Defendant's Motion to Dismiss at 6, 7 n.3, *Picard v. Banque Syz & Co., SA*, Adv. Pro. No. 11-02149 (CGM) (Bankr. S.D.N.Y. June 14, 2022), ECF No. 167.

and should be denied.  In the alternative, PIFSS's motion to strike has only highlighted that the

Trustee has made a sufficient start toward establishing personal jurisdiction and the Court

should, therefore, grant jurisdictional discovery.

## ARGUMENT

### I.    PERSONAL JURISDICTION ALLEGATIONS ARE SUFFICIENT AT THIS STAGE OF THE LITIGATION

Prior to discovery, good-faith allegations alone establish jurisdiction.  *Ball v. Metallurgie*

*Hoboken-Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir. 1990).  "Prior to discovery, a plaintiff

challenged by a jurisdiction testing motion may defeat the motion by pleading in good faith, *see*

Fed. R. Civ. P. 11, legally sufficient allegations of jurisdiction.  At that preliminary stage, the

plaintiff's *prima facie* showing may be established solely by allegations."  *Id.*  Contrary to

PIFSS's arguments, factual support is not required until after discovery.  "After discovery, . . .

the *prima facie* showing must be factually supported."  *Id.*  Thus, the Trustee's standard shifts

from allegations before discovery to factual support after discovery.

Here, the Trustee has made legally sufficient personal jurisdiction allegations in his

complaint and opposition to the motion to dismiss, in order to establish that this Court has

personal jurisdiction over PIFSS.  The Trustee supported his allegations with the Song

Declaration and the Song Exhibits, which are credible documents obtained in discovery with

FGG.

### II.    PARAGRAPH 2 OF THE SONG DECLARATION NEED NOT BE BASED ON PERSONAL KNOWLEDGE

This Court has ruled that exhibits to a declaration are not required to be based on personal

knowledge, and certainly not at this preliminary stage of litigation.  *Ball v. Soundview Composite*

*Ltd. (In re Soundview Elite Ltd.)*, 543 B.R. 78, 100 (Bankr. S.D.N.Y. 2016).  In *Soundview*, the

Court rejected the argument "that in order to be considered on this motion, each of the

documents upon which the Trustee relies had to be authenticated through an affidavit or declaration made upon personal knowledge." *Id.* Furthermore, *Soundview* was at a more advanced stage of litigation – summary judgment – whereas here, the Trustee is still in the pleading stage and has yet to engage in any discovery.

Other courts have similarly ruled that declarations need not be based on personal knowledge before discovery. *Bus. Comput. Applications, Inc. v. Betty Jean Kerr-People's Health Ctrs.*, No. 09 Civ. 1447 (MHS), 2009 WL 10670181, at *3 (N.D. Ga. July 30, 2009) ("[C]ourts in the Eleventh Circuit have distinguished between the requirements of affidavits used in preliminary motions and those used in post-discovery motions for summary judgment."); *Milford Power Ltd. P'ship by Milford Power Assocs. Inc. v. New England Power Co.*, 918 F. Supp. 471, 478 (D. Mass. 1996) (denying motion to strike and accepting affidavit "at this stage in the litigation" and "for what it is worth" on personal jurisdiction issues, even though portions of the affidavit were not based on personal knowledge) (cleaned up). Accordingly, "in the context of a motion to dismiss for lack of personal jurisdiction . . . , a court should only disregard an affidavit based on information and belief where it directly conflicts with an affidavit based on personal knowledge." *Bus. Comput. Applications, Inc.*, 2009 WL 10670181, at *3.

PIFSS takes issue with the portion of the Song Declaration based "upon information and belief," but its argument is misguided. (Mot. at 3). The Trustee may rely on the investment documents he received within productions of discovery from FGG, and the Trustee is entitled to discovery of the investment documents that are in the possession of PIFSS. *See Arista Recs. LLC v. Doe 3*, 604 F.3d 110, 121 (2d Cir. 2010) (finding allegations based on information and belief to have been appropriate because most of them were supported by factual assertions in the exhibits); *Citizens United v. Schneiderman*, 882 F.3d 374, 384-85 (2d Cir. 2018) (quoting *Arista Recs. LLC*, 604 F.3d at 120) ("[U]pon information and belief" is appropriate where "the facts are

3

peculiarly within the possession and control of the defendant or where the belief is based on

factual information that makes the inference of culpability plausible.").

    The facts about the extent of the relationship between Wafra and PIFSS are "peculiarly

within the possession and control" of PIFSS, and the Trustee has alleged facts (and provided

reliable documents from FGG's production of discovery supporting those facts) to make the

inference that Wafra acted as an agent and investment adviser to PIFSS plausible.  (Song Decl. at

2).

    Here, for example, an executed subscription agreement between FGG and PIFSS is a

document that would be found directly in the possession of PIFSS.  In his litigation with FGG,

the Trustee has received hundreds of subscription agreements, including ones from the same time

period that PIFSS was invested.  Adding an "upon information and belief" that PIFSS too would

have executed the same or similar investment documents is reasonable, plausibly setting forth a

legally sound basis for the Trustee's allegations.

    The cases cited by PIFSS are unavailing because the vast majority of the cases occur at a

later stage of litigation, after parties had an opportunity to engage in discovery.  *See, e.g.*, *Wyler*

*v. United States*, 725 F.2d 156, 160 (2d Cir. 1983) (summary judgment stage; finding that "[i]f

facts essential to support such opposition are not available, the plaintiff may obtain a continuance

under Rule 56(f) to permit affidavits to be obtained or discovery to be had"); *Degelman Indus.*

*Ltd. v. Pro-Tech Welding & Fabrication, Inc.*, No. 06 Civ. 6346T, 2011 WL 6752565, at *3

(W.D.N.Y. Dec. 23, 2011) (summary judgment stage; noting that "declarations often do not rest

entirely on personal knowledge, and it is expected that some advocacy will appear in an attorney

declaration"); *Hollander v. Am. Cyanamid Co.*, 172 F.3d 192, 198 (2d Cir. 1999), *abrogated in*

*part on other grounds by Schnabel v. Abramson*, 232 F.3d 83 (2d Cir. 2000) (summary judgment

stage; affirming the striking down of an affidavit for not complying with Fed. R. Civ. P. 56(e)

because it "more resemble[d] an adversarial memorandum than a *bona fide* affidavit"); *Pacenza v. IBM Corp.*, No. 04 Civ. 5831 (SCR), 2007 WL 9817926, at *2-4 (S.D.N.Y. July 26, 2007), *aff'd*, 363 F. App'x 128 (2d Cir. 2010) (summary judgment stage; striking some of the declarations for not complying with Fed. R. Civ. P. 56(e)); *Flaherty v. Filardi*, No. 03 Civ. 2167(LTS)(HBP), 2007 WL 163112, at *4-5 (S.D.N.Y. Jan. 24, 2007) (summary judgment stage; disregarding portions of an affirmation that were inadmissible under Fed. R. Civ. P. 56(e)).

The cases cited by PIFSS at the motion to dismiss stage are also unpersuasive because they either allowed jurisdictional discovery or had engaged in some discovery.  *See, e.g.*, *New York v. Mountain Tobacco Co.*, 55 F. Supp. 3d 301, 313-14 (E.D.N.Y. 2014) (striking attorney declaration that made "assorted statements" without any supporting documents, but granting jurisdictional discovery based on amended complaint); *Nationsbank, N.A. v. Macoil (In re Med-Atl. Petroleum Corp.)*, 233 B.R. 644, 658, 662 (Bankr. S.D.N.Y. 1999) (noting that the district court had authorized some discovery, and striking down assertions in the motion that did not have any factual support).

Here, the Trustee has not yet had an opportunity to conduct discovery on PIFSS.  Nonetheless, the Song Exhibits lend credible support to the assertions in the Song Declaration by including emails illustrating PIFSS's connection to Wafra.  Moreover, the Song Exhibits are more reliable than any of the exhibits struck in the cases cited by PIFSS because they were produced by FGG in formal discovery, a reliability that PIFSS neither rebuts nor contests.  As discussed *infra*, at a minimum, the Trustee should be afforded the opportunity to conduct jurisdictional discovery to resolve any doubt related to these documents.

III.    **ALL THE SONG EXHIBITS ARE RELEVANT TO THE TRUSTEE'S CLAIMS**

The Song Exhibits are relevant to the Trustee's claims.  "Evidence is relevant if: (a) it has

any tendency to make a fact more or less probable than it would be without the evidence; and (b)

the fact is of consequence in determining the action." Fed. R. Evid. 401.

Fed. R. Evid. 401 is interpreted liberally by courts in the Second Circuit. *See, e.g.*, *New*

*World Sols., Inc. v. Namemedia Inc.*, 150 F. Supp. 3d 287, 309 n.11 (S.D.N.Y. 2015) (although

exhibits were not relevant to the determinative issue, they were still relevant to other elements of

the plaintiff's claims); *Am. Gen. Life Ins. Co. v. Diana Spira 2005 Irrevocable Life Ins. Tr.*, No.

08 Civ. 06843 (NSR), 2014 WL 6694502, at *2 (S.D.N.Y. Nov. 25, 2014) (denying motion to

strike certain exhibits on relevance grounds because that is "an objection that, at this stage,

largely goes to the weight accorded any particular document").

### A.    Relevance of the Song Exhibits

In this case, the Song Exhibits include:

- Exhibit 1:  A Fairfield Sentry Limited ("Sentry") Information Memorandum, which is relevant because it shows the types of information that an investor in Sentry would be privy to, including the major role that BLMIS would play in any Sentry investments.  (Song Decl. at 2).  This knowledge that PIFSS's investments would be managed and custodied in New York is relevant to the reasonableness of New York jurisdiction for a dispute arising from that investment.

- Exhibits 2-6: FGG records of Sentry subscriptions and redemptions made by PIFSS, which are relevant to the heart of the Trustee's claim to recover Sentry's subsequent transfer to PIFSS and demonstrate PIFSS's utilization of New York banks to accomplish its Sentry/BLMIS investment.  (Song Decl. at 2).  Exhibit 6 is a wire transfer request from PIFSS in 2004 for $20,000,000, which is the transfer the Trustee seeks to recover, so it is disingenuous for PIFSS to claim that "none of the Song Exhibits is related to the 2004 Transfer."  (Song Ex. 6; Mot. at 4).

- Exhibits 7-9: Emails documenting PIFSS meeting with FGG, which are relevant to show purposeful availment of the benefits and privileges of the New York jurisdiction by PIFSS through its regular contact with New York-based FGG and discussions with FGG about Madoff.  (Song Decl. at 2).  PIFSS claims that the transfer in question is in 2004, so emails dated after 2004 (including Song Exs. 8, 9, and 11) must be irrelevant.  (Mot. at 5).  PIFSS is incorrect.  Regardless of their dates, Song Exhibits 8-9 are relevant because they demonstrate the regular contacts PIFSS had with New York-

based FGG even after its redemptions, while Song Exhibit 11 illustrates that
New York-based Wafra was a subsidiary of PIFSS.  (Song Exs. 8, 9, and 11).
Together, these documents help establish that the Court has personal
jurisdiction over PIFSS.

- Exhibits 10-13: Emails regarding meetings between Wafra and FGG, as well
  as Wafra's investment in Sentry/BLMIS.  (Song Decl. at 2-3).  These are
  relevant to show Wafra's relationship with PIFSS, the research New York-
  based Wafra did on Sentry/BLMIS, and thus more indications that PIFSS
  recognized its investment in Sentry was actually an investment into BLMIS.
  (*Id.*)  Exhibit 11 is an email that expressly states that Wafra is an offshore
  subsidiary of PIFSS.  (Song Ex. 11).

## B.      <u>Wafra Is Relevant Despite Not Being Referenced in the Complaint</u>

It is also of no import that Wafra is not referenced in the Trustee's complaint.  (Mot. at

6).  It is well-established that personal jurisdiction allegations may go beyond the complaint.

> *Ball* simply holds that a plaintiff may satisfy its burden of showing a *prima
> facie* case of personal jurisdiction by alleging facts in a complaint – not that the
> plaintiff has to do so.  In fact, *Ball* was decided on a full evidentiary record, and the
> Second Circuit did not limit its review to the face of the complaint; instead, it
> referred to a plaintiff's "averment[s] of jurisdictional facts."  Thus, a plaintiff can
> solely rely on factual assertions supporting jurisdiction as demonstrated by proof
> submitted in opposition to a motion to dismiss.

*Hypefortype Ltd. v. Universal Music Grp., Inc.*, No. 17 Civ. 4468 (BMC), 2017 WL 11537717,

at *2 (E.D.N.Y. Sept. 17, 2017) (citation omitted).

## IV.    <u>REQUIREMENTS FOR THE ADMISSIBILITY OF EVIDENCE NEED NOT BE
DETERMINED ON A MOTION TO DISMISS</u>

At this early juncture, the Song Exhibits do not need to fall under a hearsay exception.

Courts routinely rule that hearsay requirements do not apply at the motion to dismiss stage.

Courts in other jurisdictions have found that strict application of the rules of evidence

concerning hearsay or admissibility is improper at the motion to dismiss stage.  *See Head v. Las

Vegas Sands, LLC*, 298 F. Supp. 3d 963, 968 (S.D. Tex. 2018) ("[T]he general rules of evidence

concerning admissibility (*e.g.*, the rule against hearsay etc.) do not apply in the Rule 12(b)(2)

context."); *Dairy Health Prods., Inc. v. IBA, Inc.*, No. 07 Civ. 75 (DAK), 2008 WL 345846, at

*6 (D. Utah Feb. 6, 2008) (noting that "[t]he law is clear in patent cases that hearsay evidence

may be admitted for purposes of determining . . . personal jurisdiction," and adding that "[t]his

rule is actually not unique to patent cases") (internal quotation mark omitted) (citing *Theunussen*

*v. Matthews*, 935 F.2d 1454 (6th Cir. 1991) (allowing consideration of hearsay evidence in

conjunction with a Rule 12(b)(2) motion)).  Moreover, a rule that precludes consideration of a

declaration based on hearsay is "particularly inappropriate" where "the evidence bears

circumstantial indicia of reliability so that it very well could be admissible at trial

notwithstanding its hearsay nature." *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d

1558, 1562 (Fed. Cir. 1994) (citing Fed. R. Evid. 803(24)).[2]

PIFSS's case law, all of which involved challenges to documents as hearsay at the

summary judgment stage or at trial, is inapplicable.  (Mot. at 6-8); *see, e.g.*, *Dairy Health Prods.*,

2008 WL 345846, at *6 ("[Defendant] improperly relies on Rule 56(e) and summary judgment

case law to attack the suitability of [Plaintiff's] jurisdictional evidence.  These evidentiary

standards are not applicable to a Rule 12(b)(2) motion.").  Moreover, at the summary judgment

stage, courts have considered hearsay evidence that could later be admissible at trial.  *Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 324 (1986) ("We do not mean that the nonmoving party must

produce evidence in a form that would be admissible at trial in order to avoid summary

judgment."); *Delgado v. Ocwen Loan Servicing*, No. 13 Civ. 4427 (NGG) (ST), 2016 WL

4617159, at *7 (E.D.N.Y. Sept. 2, 2016) (Even "[a]t the summary judgment stage, district courts

have discretion to consider evidence in inadmissible form, so long as the content would be

admissible at trial.") (quoting *Capitol Recs., LLC v. Escape Media Grp., Inc.*, No. 12 Civ. 6646

(AJN), 2015 WL 1402049, at *20 (S.D.N.Y. Mar. 25, 2015)); *Am. Gen. Life Ins. Co.*, 2014 WL

---

[2] The Federal Circuit in *Beverly Hills Fan* noted the differing evidentiary standards between Rule 12(b) and Rule 56,
in that Rule 12(b) contains no admissibility requirement whereas Rule 56 does.  *Id.* at 1562 n.7.

6694502, at *1 ("Hearsay evidence is admissible at the summary judgment stage if the contents

would otherwise be admissible at trial.") (quoting *Century Pac., Inc. v. Hilton Hotels Corp.*, 528

F. Supp. 2d 206, 215 (S.D.N.Y. 2007), *aff'd*, 354 F. App'x 496 (2d Cir. 2009)).

## V.    OBJECTIONS TO FOUNDATION ARE PREMATURE AT THIS STAGE OF THE LITIGATION

The Song Declaration and Song Exhibits demonstrate precisely what Fed. R. Civ. P.

11(b)(3) requires, which is that the factual contentions "will likely have evidentiary support after

a reasonable opportunity for further investigation or discovery."  Fed. R. Civ. P. 11(b)(3).  The

documents produced by FGG contain facts that are likely to find evidentiary support when the

Trustee conducts discovery on investment records and emails from PIFSS.  These documents

from FGG include transaction records, emails regarding meetings with FGG about Madoff, and

emails about the connection between PIFSS and Wafra, which demonstrate that those same

records/communications are likely within the possession of PIFSS, and which PIFSS should be

required to produce in discovery.  *Cf. Vasquez v. Hong Kong & Shanghai Banking Corp., Ltd*.,

477 F. Supp. 3d 241, 250 (S.D.N.Y. 2020) (discussing that before jurisdictional discovery, a

plaintiff's *prima facie* showing of jurisdiction may be established solely by allegations but where

jurisdictional discovery has been conducted, a plaintiff's *prima facie* showing must be factually

supported).[3]

Courts in other jurisdictions have recognized more lenient standards for documents

introduced before discovery.  *Cantu v. TitleMax, Inc.*, No. 14 Civ. 628 (RP), 2015 WL 4526987,

at *2 (W.D. Tex. July 23, 2015) ("Whether the evidence submitted . . . will ultimately be

---

[3] While the *Vasquez* court rejected exhibits attached to plaintiffs' counsel's declaration as inadmissible, the court did so because such documents were website printouts that counsel himself printed.  *Id.* at 259-60.  The court noted that if plaintiffs "wished to attempt to use such materials . . . , they were at liberty in jurisdictional discovery to attempt to authenticate these, whether through targeted document requests, requests for admission, testimony from a competent witness, or other discovery tools."  *Id.* at 261.  Thus, the court in *Vasquez* would have accepted the Song Exhibits, which were obtained through discovery from FGG.

admissible at trial is not relevant at this stage of the proceedings [for a Rule 12(b)(2) motion].");

*Philips Med. Sys. (Cleveland), Inc. v. Buan*, No. 19 Civ. 2648, 2021 WL 83736, at *4 (N.D. Ill.

Jan. 11, 2021), *reconsideration denied*, No. 19 Civ. 02648, 2021 WL 1531622 (N.D. Ill. Apr. 19,

2021) ("[T]his court does not adopt a strict view of what evidence may be considered at this

[motion to dismiss] stage and rejects the proposition that courts evaluating the existence of a

*prima facie* showing of personal jurisdiction must exclude potentially inadmissible evidence

even if such evidence is competent and reliable.").  These cases and Fed. R. Civ. P. 11(b)(3)

demonstrate that PIFSS's lack of foundation arguments are premature at this stage in the

litigation.

## VI.    THE SONG EXHIBITS ARE NOT REQUIRED TO BE AUTHENTICATED BEFORE DISCOVERY

The Trustee is not required to authenticate exhibits pre-discovery.

It has been held, properly, that authentication of a document is not required at the summary judgment stage, and that is particularly proper in bankruptcy litigation. A different rule would result in often unnecessary expense for creditors and other stakeholders, and impose requirements inconsistent with efficient bankruptcy administration, in which relevant contractual documents are frequently submitted with no more than an attorney's affidavit or declaration attaching them to present them to the court.  But other evidentiary objections (such as those that a document cannot *ever* be authenticated or is hearsay, and could not, under any circumstances, be admissible) can provide bases for a court's determination not to consider them under Civil Rule 56(c)(2).

*Soundview*, 543 B.R. at 100-101 (quoting 10 Collier on Bankruptcy ¶ 7056.05 (16th ed. 2015)).

The Court continued, "the fact that documents were attached to an attorney declaration

without a supplemental affidavit by a document custodian or another with knowledge does not

make them inadmissible for that reason." *Id.* at 101.  The Court recognized, "even at trial, under

Federal Rule of Evidence 901(b), a document may be authenticated based on its 'appearance,

contents, substance, internal patterns, or other distinctive characteristics of the item, taken

together with all the circumstances,' the issue being whether a reasonable juror could find the

evidence in question authentic." *Id.*

In particular, documents need not be authenticated at the motion to dismiss stage of

litigation as well.  Indeed, the Second Circuit has required, within a Rule 12(b)(2) context, that

even where defendant had credible reason to "question the authenticity" of an exhibit and other

evidence submitted "tend[ed] to show that the . . . documents upon which [Plaintiff] relied were

forgeries[,] . . . it was error for the district court to resolve that factual dispute in [Defendant's]

favor" without an evidentiary hearing.  *Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d

81, 86 (2d Cir. 2013).  In *Dorchester*, the Second Circuit ultimately ruled that the district court

"[erred] in resolving the parties' dispute over the authenticity of [Plaintiff's] evidence rather than

evaluating, whether [Plaintiff] had, through its pleadings and affidavits, made a *prima facie*

showing of personal jurisdiction 'notwithstanding any controverting presentation by'

[Defendant]." *Id.*; *see also Wolo Mfg. Corp. v. ABC Corp.*, 349 F. Supp. 3d 176, 194 (E.D.N.Y.

2018) (when considering Rule 12(b)(2) motions, courts must "'assume[] the truth of the

plaintiff's factual allegations,' and avoid resolving any 'dispute[s] over the authenticity of [the

plaintiff's] evidence[.]'") (citations omitted) (quoting *Dorchester*, 722 F.3d at 86).

Authentication standards are further lenient when documents appear credible and reliable.

*Lebewohl v. Heart Attack Grill LLC*, 890 F. Supp. 2d 278, 297-99 (S.D.N.Y. 2012) (admitting

documents downloaded from the internet without authentication from the custodian; "[u]nder

Rule 901(a), '[t]he bar for authentication of evidence is not particularly high.'") (quoting *United

States v. Gagliardi*, 506 F.3d 140, 151 (2d Cir. 2007)).  Moreover, "[t]he proponent need not

'rule out all possibilities inconsistent with authenticity, or to prove beyond any doubt that the

evidence is what it purports to be.'"  *Gagliardi*, 506 F.3d at 151 (quoting *United States v. Pluta*,

176 F.3d 43, 49 (2d Cir. 1999)) (noting that the standard for authentication is one of "reasonable

likelihood"); *see also United States v. Tin Yat Chin*, 371 F.3d 31, 38 (2d Cir. 2004) ("[D]oubts

about the ultimate reliability of the [documents] . . . do not justify their exclusion under Rule

901's minimal standards for authentication.").

Here, PIFSS does not point to any argument that would suggest the Song Exhibits –

produced to the Trustee by FGG – are not credible or that they are not what they appear to be.

*See* Fed. R. Evid. 901(a). Striking the documents as PIFSS suggests would tip the scales against

bankruptcy trustees even more, preventing them from obtaining discovery and proving valid

recoveries.

**VII.    AT MINIMUM, THE TRUSTEE SHOULD BE PERMITTED TO CONDUCT
           JURISDICTIONAL DISCOVERY**

PIFSS's arguments at most demonstrate why the Trustee requires jurisdictional discovery

at this stage. "It is well settled under Second Circuit law that, even where plaintiff has not made

a *prima facie* showing of personal jurisdiction, a court may still order discovery, in its discretion,

when it concludes that the plaintiff may be able to establish jurisdiction if given the opportunity

to develop a full factual record." *Leon v. Shmukler*, 992 F. Supp. 2d 179, 194 (E.D.N.Y. 2014).

If the Court determines that the Trustee has not yet made a *prima facie* showing of jurisdiction,

all the Trustee must show is that he has made a "sufficient start" toward establishing jurisdiction

over PIFSS. *See Picard v. Magnify Inc. (In re Bernard L. Madoff Inv. Sec. LLC)*, Adv. No. 10-

05279 (BRL), 2012 WL 2254995, at *7-9 (Bankr. S.D.N.Y. June 15, 2012) ("Such discovery is

appropriate where the plaintiff has made a *sufficient start* toward establishing jurisdiction and

where it would not be a fishing expedition when little more exists than plaintiff's bare assertions

that jurisdiction is proper.") (internal quotation marks omitted). The allegations made by the

Trustee in his complaint independently and together with the various documents submitted with

the Trustee's opposition to the motion to dismiss the complaint show that the Trustee has, at a

minimum, demonstrated a sufficient start toward establishing jurisdiction over PIFSS. *See*

*generally* Complaint, *Picard v. The Public Institution For Social Security*, Adv. Pro. No. 12-

01002 (Bankr. S.D.N.Y. Jan. 5, 2012), ECF No. 1.  *See* Trustee's Memorandum of Law in

Opposition to Defendant's Motion to Dismiss the Complaint at 17-26, *Picard v. The Public*

*Institution For Social Security*, Adv. Pro. No. 12-01002 (Bankr. S.D.N.Y. Apr. 26, 2022), ECF

No. 122.

   In fact, PIFSS's motion to strike further demonstrates why jurisdictional discovery is

necessary at this time.  For example, PIFSS questions the Song Exhibits' relevance to the

Trustee's claims, pointing out minute details such as a missing signature on a subscription form,

a wire transfer payment on a nonparty's letterhead, and the fact that the dates on the email

correspondence were after the transfer at issue.  (Mot. at 4-7).  However, the compilation of

documents is sufficient to show that there is a more than shallow connection between Sentry,

FGG, and PIFSS.  The unsigned subscription forms still show that PIFSS designated and used a

New York-based bank account to send at least one subscription payment to Sentry.[4]  The

requests for wire transfer payment on the nonparty's letterhead also show that PIFSS used a New

York correspondent account to receive the subsequent transfer at issue.[5]  The email

correspondence shows that officials from FGG and PIFSS met to discuss expanding PIFSS's

investments.[6]  And if granted an opportunity to conduct jurisdictional discovery, the Trustee

would in part seek any and all correspondence PIFSS had with Sentry and FGG, correspondence

PIFSS had with Wafra, and financial documents showing subscription payments made to and

redemptions made from Sentry.  Against these facts, the Trustee should be provided with the

opportunity to fully develop a factual record that would undoubtedly uncover PIFSS's New York

jurisdictional contacts.

---

[4] Song Ex. 3 (July 1999 Subscription Form) at ANWAR-CCI-00084102.
[5] Song Ex. 6 (Jan. 2004 Redemption) at ANWAR-CFSE-00319437.
[6] Song Ex. 8 (Email dated December 2006 regarding meeting with FGG) at FG-00230052.

Moreover, PIFSS fails to cite any cases where an attorney declaration and exhibits accompanying a party's memorandum of law in opposition to a Rule 12(b)(2) motion to dismiss were stricken without an opportunity to conduct jurisdictional discovery.  (*See* Mot. at 1-8). Instead, in each case cited by PIFSS in support of its arguments, the parties involved were at a more advanced stage of the litigation, explicitly stating, or at least suggesting, that the parties had an opportunity to engage in discovery.[7]  Of the cases cited by PIFSS where the court actually determined a Rule 12(b)(2) motion to dismiss, the court granted the plaintiff an opportunity to conduct jurisdictional discovery.  *See Mountain Tobacco Co.*, 55 F. Supp. 3d at 313-14 (granting jurisdictional discovery where the plaintiff's allegations made a sufficient start toward establishing jurisdiction even after disregarding the attorney declaration); *In re Med-Atl. Petroleum Corp.*, 233 B.R. at 658 (noting that the parties had an opportunity to engage in some discovery prior to filing a second amended complaint).

Despite coming to this case as an outsider, at this early stage of the litigation, the Trustee has been able to advance allegations and arguments demonstrating, at a minimum, a sufficient start toward establishing jurisdiction over PIFSS.  Therefore, if there is any doubt as to the sufficiency of the Trustee's jurisdictional allegations, the Trustee respectfully requests jurisdictional discovery to further ferret out the pertinent jurisdictional facts that are solely within

---

[7] *See, e.g.*, *United States v. Cone*, 714 F.3d 197, 201 (4th Cir. 2013) (addressing a criminal conviction on appeal, suggesting the parties engaged in discovery before trial); *Hollander*, 172 F.3d at 195, 197 (noting on appeal from a grant of summary judgment that the plaintiff had several opportunities to engage in discovery over the course of the litigation); *Potamkin Cadillac Corp. v. B.R.I. Coverage Corp.*, 38 F.3d 627, 629-30 (2d Cir. 1994) (noting on appeal from a judgment entered by the district court that the parties engaged in "four years of discovery"); *Stryker v. HSBC Sec. (USA)*, No. 16 Civ. 9424 (JGK), 2021 U.S. Dist. LEXIS 219103, at *2 (S.D.N.Y. Nov. 11, 2021) (addressing whether exhibits proffered by the plaintiff are hearsay in a case that is at the trial stage); *Degelman Indus.*, 2011 WL 6752565, at *4  (noting that initial and supplemental discovery disclosures had been made by at least one of the parties on a motion for summary judgment); *Morisseau v. DLA Piper*, 532 F. Supp. 2d 595, 597 (S.D.N.Y. 2008) (noting that, on a motion for reconsideration of the order granting summary judgment, the parties were almost at the "scheduled conclusion of the discovery period" when the plaintiff decided to represent herself); *Pacenza*, 2007 WL 9817926, at *1 (determining a motion for summary judgment where depositions were included in the dispute); *Weisfelner v. Blavatnick (In re Lyondell Chem. Co.)*, No. 09-10023 (GCM), 2016 Bankr. LEXIS 3768, at *2-6 (Bankr. S.D.N.Y. Oct. 19, 2016) (determining whether defendants' objections to exhibits presented by the trustee at trial were hearsay).

PIFSS's control.  *See Kiobel v. Royal Dutch Petroleum Co.*, No. 02 Civ. 7618(KMW)(HBP),

2009 WL 3817590, at *4 (S.D.N.Y. Nov. 16, 2009).

## **CONCLUSION**

For the foregoing reasons, the Trustee respectfully requests that the Court deny PIFSS's

Motion.

Dated: June 17, 2022
     New York, New York

/s/ Brian W. Song
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
Brian W. Song
bsong@bakerlaw.com
Ganesh Krishna
gkrishna@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee
for the Substantively Consolidated SIPA
Liquidation of Bernard L. Madoff Investment
Securities LLC and the Chapter 7 Estate of
Bernard L. Madoff*