UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                       Plaintiff-Applicant,<br><br>     v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                       Defendant, | Adv. Pro. No. 08-01789 (CGM)<br><br>SIPA Liquidation<br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>                       Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff,<br><br>                       Plaintiff,<br><br>     v.<br><br>SOCIETE GENERALE PRIVATE BANKING (SUISSE) S.A. (*f/k/a* SG Private Banking Suisse S.A.), individually and as successor in interest to Societe Generale Private Banking (Lugano-Svizzera) S.A.; SOCGEN NOMINEES (UK) LIMITED; LYXOR ASSET MANAGEMENT INC. (*f/k/a* SG Asset Management, Inc.), as General Partner of SG AM AI Premium Fund L.P.; SG AUDACE ALTERNATIF (*f/k/a* SGAM AI Audace Alternatif), now acting by and through its manager, Lyxor Asset Management S.A.S.; SGAM AI EQUILIBRIUM FUND (*f/k/a* SGAM Alternative Diversified Fund), now acting by and through its liquidator, KPMG Advisory Sarl; LYXOR PREMIUM FUND (*f/k/a* SGAM Alternative Multi Manager Diversified Fund), now acting by and through its trustee, Societe Generale S.A.; SOCIETE GENERALE S.A., as Trustee for Lyxor | Adv. Pro. No. 12-01677 (CGM) |

Premium Fund and Successor in Interest to Banque de Reescompte et de Placement a/k/a Barep and to Societe Generale Asset Management Banque d/b/a Barep; SOCIETE GENERALE LUXEMBOURG (f/k/a Societe Generale Bank & Trust S.A.); OFI MGA ALPHA PALMARES (f/k/a Oval Alpha Palmares); OVAL PALMARES EUROPLUS; and UMR SELECT ALTERNATIF;

Defendants.

## DECLARATION OF OLIVIER MORICEAU

1. In my capacity as a qualified French attorney, I was asked by Special Counsel for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff to address certain French legal issues, as set forth below.

2. I am a Partner and the head of Banking & Finance department of the law firm UGGC Avocats and a licensed attorney in France. I have PHD degrees in business law from Panthéon-Assas (Paris II) and a Master of Laws (LLM) from the University of Pennsylvania, Law School. A complete copy of my resume is attached hereto as Exhibit B. I have extensive knowledge of acquisition finance, project finance, bond issues (plain-vanilla, Euro PP, covered bonds and project bonds) and financing in the area of general banking law as well as in the areas of structured finance, real estate finance, factoring, and securitization. I am highly familiar with the French legal issues discussed in this declaration and address these and similar questions regularly in my practice.

3. For the preparation of this declaration, I was provided with the complaint, dated May 30, 2012 against SOCIETE GENERALE PRIVATE BANKING (SUISSE) S.A. (f/k/a SG Private Banking Suisse S.A.); SOCIETE GENERALE PRIVATE BANKING (LUGANO-SVIZZERA) S.A. (f/k/a SG Private Banking (Lugano-Svizzera) S.A.); SOCGEN

2

NOMINEES (UK) LIMITED; LYXOR ASSET MANAGEMENT S.A., as Successor in Interest to Barep Asset Management S.A.; SOCIETE GENERALE HOLDING DE PARTICIPATIONS S.A., as Successor in Interest to Barep Asset Management S.A.; SG AM AI PREMIUM FUND L.P. (f/k/a SG AM Alternative Diversified U.S. L.P.); LYXOR ASSET MANAGEMENT INC. (f/k/a SGAM Asset Management, Inc.), as General Partner of SG AM AI Premium Fund L.P.; SG AUDACE ALTERNATIF (f/k/a SGAM AI Audace Alternatif); SGAM AI EQUILIBRIUM FUND (f/k/a SGAM Alternative Multi Manager Diversified Fund); LYXOR PREMIUM FUND (f/k/a SGAM Alternative Diversified Premium Fund); SOCIETE GENERALE S.A., as Trustee for Lyxor Premium Fund; SOCIETE GENERALE BANK & TRUST S.A.; OFI MGA ALPHA PALMARES (f/k/a Oval Alpha Palmares); OVAL PALMARES EUROPLUS; UMR SELECT ALTERNATIF; and BANK AUDI S.A.M.- AUDI SARADAR GROUP (f/k/a Dresdner Bank Monaco S.A.M.) (the "**Complaint**"), the Memorandum in Support of OFI MGA Alpha Palmares, Oval Palmares Europlus and UMR Select Alternatif (together, the "**OFI Funds**") to dismiss the complaint, dated as of April 29, 2022 (the "**April 29, 2022 Memorandum to Dismiss**"), the Declaration of Jean-Pierre Grimaud In Support of Motion of OFI Funds to dismiss the complaint, dated February 23, 2022 (the "**Grimaud Declaration**"), the Declaration of Hervé Lecuyer In Support of Motion of the OFI Funds to dismiss the complaint, dated February 21, 2022 ("**Lecuyer Declaration**") and the "*Reply Declaration of DAVID J. MARGULES in Support of the Motion of OFI ASSET MANAGEMENT and TIMBER HILL LLC For Appointment as Lead Plaintiff and Approval of Their Selection of Lead Counsel, and In Opposition To Competing Motion, dated April 14, 2014*" attached as Exhibit A hereto (the "**Other OFI Funds Case Reply to Declaration**").

4. We refer to the Lecuyer Declaration and confirm that the OFI Funds were established as *fonds communs de placement* ("**FCP**") managed by its management company, OFI Asset Management, as correctly stated in the Grimaud Declaration. As stated in the Lecuyer Declaration, an FCP is indeed a co-ownership of transferable securities which does not have legal personality. However, we did not find in the Lecuyer Declaration any reference on the authority to bring claims and litigation of an FCP, which is the main issue of the

3

Complaint. Pursuant to article L.214-8-8 of the French *Code monétaire et financier*[1], the FCP vests its management company with a legal mandate to take, or defend, legal action on its behalf.

5. Pursuant to the principles of the legal representation of an FCP by its management company, expressly set out by such article L. 214-8-8 of the French *Code monétaire et financier*, it has been upheld that the proceeding must be carried out only by the management company acting as representative of the FCP[2]. Conversely, and although the text of such legal provision does not expressly provide for it, holders of FCP's units cannot act individually to defend or assert their rights or interests without being represented by the company management, except, indeed, to question the responsibility of the management company, or that of the custodian, or that of the auditors of the FCP.

6. We noted from the April 29, 2022 Memorandum to Dismiss that it was purported that, given an FCP not having legal personality, a FCP does not have the capacity to act and cannot be sued as a counterparty owing a sum of money or claw back money. This statement is incomplete and misleading, since article L. 214-8-8 of the French *Code monétaire et financier* expressly vests the management company of the FCP with the authority (through a legal mandate) to act in court in representation of the FCP and the holders of FCP's units. In compliance with the aforementioned article L.214-8-8, a claim issued against an FCP duly represented by its management company would be the appropriate means to sue an FCP.

7. In addition to the above, we have been able to review the Other OFI Funds Case Reply to Declaration pursuant to which two French law FCPs (e.g OFI RISK ARBITRAGES and OFI RISK ARB ABSOLU acting as plaintiffs under a class action relating to a complaint for violations of the federal securities laws) managed by OFI Asset Management introduced a motion for appointment as lead plaintiff and approval of their selection of lead

---

[1] Please see the text of article L.214-8-8 of the French *Code monétaire et financier* in Exhibit B of the Lecuyer Declaration and its sworn translation in Exhibit C of the Lecuyer Declaration.

[2] Please see decision of *Cour d'Appel de Paris*, 9th chamber, pole 5, September 16th, 2021, number 20/07397.

counsel. We noted from the Other OFI Funds Case Reply to Declaration that OFI Asset Management's French legal counsel concur with our statement hereunder[3] stating that article L. 214-8-8 of the French *Code monétaire et financier* "*confers to the management company of the FCP the authority, a legal mandate, to act in court in representation of the unit holders of the FCP.* **This authority is conferred by the law and is both active (i.e. acting in representation of unit holders in capacity of plaintiffs) and passive (acting in representation of unit holders in capacity of defendant).** *From a French law perspective, the management company, i.e. OFI Asset Management has standing to bring the legal action seeking compensation for losses suffered in connection with the purchase of Cooper common stock*". Therefore, such two FCPs, represented by their management company OFI Asset Management, were duly entitled to carry out a class action and seek damages. This is also the same rationale pursuant to which the OFI Funds could be sued and be duly represented by its management company, OFI Asset Management, in respect of the dispute set out in the Complaint.

8. I declare under penalty of perjury under the law of the United States of America that the foregoing is true and correct and accurately sets forth my opinion on the matters discussed.

Executed In Paris, this June 27th, 2022

**Olivier Moriceau**
Partner
**UGGC Avocats**

---

[3] See Exhibit A to the Other OFI Fund Case Reply to Declaration