**EXHIBIT A - OTHER OFI FUNDS CASE REPLY TO DECLARATION**

6

# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| OFI RISK ARBITRAGES, OFI RISK ARB ABSOLU and TIMBER HILL LLC, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>COOPER TIRE & RUBBER COMPANY, ROY ARMES and BRADLEY HUGHES,<br><br>    Defendants. | Civ. A. No. 1:14-cv-00068-LPS<br><br>CLASS ACTION<br><br>JURY TRIAL DEMANDED<br><br>ECF CASE |

## REPLY DECLARATION OF DAVID J. MARGULES IN SUPPORT OF MOTION OF OFI ASSET MANAGEMENT AND TIMBER HILL LLC FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF THEIR SELECTION OF LEAD COUNSEL, AND IN OPPOSITION TO COMPETING MOTION

David J. Margules (Bar I.D. No. 2254)
Albert J. Carroll (Bar I.D. No. 5316)
**BOUCHARD MARGULES & FRIEDLANDER, P.A.**
222 Delaware Avenue, Suite 1400
Wilmington, Delaware 19801
Telephone: (302) 573-3500
Facsimile: (302) 573-3501

*Liaison Counsel for Proposed Lead Plaintiff OFI Asset Management and Timber Hill LLC*

Vincent R. Cappucci
Andrew J Entwistle
Robert N. Cappucci
Alexander Broche
**ENTWISTLE & CAPPUCCI LLP**
280 Park Avenue, 26th Floor
New York, New York 10017
Telephone: (212) 894-7200
Facsimile: (212) 894-7272

Gerald H. Silk
Avi Josefson
Michael Blatchley
**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 554 1400
Facsimile: (212) 554 1444

*Counsel for Proposed Lead Plaintiff OFI Asset Management and Timber Hill LLC and Proposed Lead Counsel for the Class*

Dated: April 14, 2014

I, David J. Margules, declare as follows:

1. I am a member in good standing of the bars of the State of Delaware and of this Court. I am a partner in the law firm of Bouchard Margules & Friedlander, P.A. I submit this reply declaration in support of the Motion filed by OFI Asset Management and Timber Hill LLC for: (1) appointment as Lead Plaintiff; (2) approval of their selection of Bernstein Litowitz Berger & Grossmann LLP and Entwistle & Cappucci LLP to serve as Lead Counsel for the Class; and (3) any such further relief as the Court may deem just and proper, and in opposition to the competing motion.

2. Attached as Exhibits A through D are true and correct copies of the following documents:

> EXHIBIT A: Declaration of Dr. Andrea Pinna;
>
> EXHIBIT B: Thompson Financial report reflecting institutional investor holdings of Cooper Tire & Rubber Company common stock as reported on Forms 13F filed with the Securities and Exchange Commission as of March 31, 2013, June 30, 2013, September 30, 2013, and December 31, 2013;
>
> EXHIBIT C: Order, *In re UnitedHealth Grp. Inc. PSLRA Litig.*, No. 06-cv-01691, D.I. 93 (D. Minn. Sept. 14, 2006); and
>
> EXHIBIT D: Hearing Transcript at 7:20-21, *In re UnitedHealth Grp. Inc. PSLRA Litig.*, No. 06-cv-01691 (D. Minn.), dated August 7, 2006.

I declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge.

Executed this 14th day of April, 2014.

                                                     */s/ David J. Margules*
                                                    David J. Margules (Bar I.D. No. 2254)
                                                    **BOUCHARD MARGULES**
                                                    **& FRIEDLANDER, P.A.**
                                                    222 Delaware Avenue, Suite 1400
                                                    Wilmington, Delaware 19801
                                                    Telephone: (302) 573-3500
                                                    Facsimile: (302) 573-3501

# EXHIBIT A

# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| OFI RISK ARBITRAGES, OFI RISK ARB ABSOLU and TIMBER HILL LLC, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COOPER TIRE & RUBBER COMPANY, ROY ARMES and BRADLEY HUGHES,<br><br>Defendants. | Civ. A. No. 1:14-cv-00068-LPS<br><br>CLASS ACTION<br><br>JURY TRIAL DEMANDED<br><br>ECF CASE |

## DECLARATION OF DR. ANDREA PINNA

1. In my capacity as a qualified French attorney, I was asked by counsel for OFI ASSET MANAGEMENT and TIMBER HILL LLC to address certain French legal issues, as set forth below.

2. I am a Partner in the firm de Gaulle Fleurance & Associés and a licensed attorney in France. I have PhD degrees in law from Paris-II University and University of Tilburg (the Netherlands). A complete copy of my CV is attached hereto. I practice in the area of international and domestic arbitration and litigation, representing parties in disputes concerning mergers and acquisitions and joint-venture agreements, among other subject matters. I also frequently advise French multinational corporations in the framework of class action proceedings in the US courts. I have written articles concerning the multinational

1

impact of US class actions. I am highly familiar with the French legal issues discussed in this declaration and address these and similar questions regularly in my practice.

3. For the preparation of this declaration, I was provided with the Complaint, dated January 17, 2014 (the "Complaint"), the complete current prospectuses of the OFI FCPs, both dated as of April 4, 2014, the Declaration of JEAN-LUC MALAFOSSE In Support of Motion of OFI ASSET MANAGEMENT and TIMBER HILL LLC For Appointment as Lead Plaintiff and Approval of Their Selection of Lead Counsel, dated April 3, 2014 (the "Malafosse Declaration"), and the Memorandum in Further Support of the Motion of Zhi Sun and Xiaoyan Jia to Be Appointed Lead Plaintiffs dated April 4, 2014 (the "April 4 Memorandum").

A. **The management company of a *Fonds Communs de Placement* ("FCP") organized under French law has the authority to act in court to pursue the rights and interests of the unit holders of a FCP.**

4. There is a legal framework under French law that provides for the management of investment portfolios. The French Monetary and Financial Code [*Code Monétaire et Financier*] recognizes mainly two types of structures for Undertakings for Collective Investments in Transferable Securities (UCITS): FCPs and SICAVs (*Société d'investissement à capital variable*). The two structures that are involved in this litigation, OFI RISK ARBITRAGES and OFI RISK ARB ABSOLU are French FCPs (the "OFI FCPs"). The investment manager of the OFI FCPs is OFI ASSET MANAGEMENT (collectively, with the OFI FCPs, referred to as "OFI"). It is my understanding that OFI ASSET MANAGEMENT is seeking to be appointed as lead plaintiff in this action.

5. Pursuant to French law the FCP does not have a legal personality.

6. An FCP has no authority to act in court either in its name or on the behalf of the investors. The authority to bring claims and litigation is explicitly conferred by French law

2

to the management company of the FCP. Section L.214-8-8 of the French Monetary and Financial Code provides that "[i]n respect of third parties, the FCP is represented by the company in charge of its management. Said company can act in court to defend or pursue the rights or interests of the unit holders." ["*Le fonds commun de placement est représenté à l'égard des tiers par la société chargée de sa gestion. Cette société peut agir en justice pour défendre ou faire valoir les droits ou intérêts des porteurs de parts.*"]

7. This French legal provision confers to the management company of the FCP the authority, a legal mandate, to act in court in representation of the unit holders of the FCP. This authority is conferred by the law and is both active (i.e. acting in representation of unit holders in capacity of plaintiffs) and passive (acting in representation of unit holders in capacity of defendant). From a French law perspective, the management company, i.e. OFI ASSET MANAGEMENT has standing to bring the legal action seeking compensation for losses suffered in connection with the purchase of Cooper common stock.

8. This legal mandate is both discretionary and fiduciary. It is discretionary because the management company of the FCP does not have to follow instructions given by unit holders. This is confirmed and specifically provided by the prospectuses of OFI RISK ARBITRAGES and OFI RISK ARB ABSOLU that I was provided with. Thus, the investment decisions and management of the portfolios of the OFI FCPs are entirely within the discretion of OFI ASSET MANAGEMENT in accordance with the stated objectives of the FCP.

9. For portfolios that are structured as UCITS accredited under section L.214-2 et seq. of the French Monetary and Financial Code, the legal mandate is fiduciary and, as per the provisions of section L.214-9 of the French Monetary and Financial Code "(…) the management company ha[s] the obligation to act independently and in the sole interest of the unit holders or the shareholders (…)". ["*(…) la société de gestion doi[t] agir de façon*

3

*indépendante et dans le seul intérêt des porteurs de parts ou actionnaires. (…)*"]. This provision applies to the management company, OFI ASSET MANAGEMENT, in connection with its management of the OFI FCPs.

10. I have also reviewed the April 4 Memorandum (page 5-7), where the competing applicants argue that OFI ASSET MANAGEMENT has not suffered any loss. As stated herein, French law explicitly gives the management company of the FCP the power to act in court for seeking compensation of the losses suffered.

11. Under French law, OFI ASSET MANAGEMENT has the authority and ability to bring the claims asserted in the Complaint related to the OFI FCPs' investments in Cooper common stock.

**B.  A US judgment in this action, where OFI is a party, will have Res Judicata effect in France with regard to OFI and investors in the OFI FCPs.**

12. A US judgment in this Action would prevent OFI ASSET MANAGEMENT, as legal representative of the OFI FCPs, and their unit holders from bringing a claim before French courts against the same defendants for the compensation of the same losses suffered. The preclusive effect in France is certain for the reasons stated below.

13. In particular, the fact that OFI Asset Management is organized under French law and is a French resident does not render the recognition in France more uncertain. In fact, as a principle, French citizens and residents can initiate proceedings abroad.

14. I have reviewed the April 3, 2014 Declaration submitted by Jean-Luc Malafosse of OFI Asset Management. That declaration states that "OFI Asset Management understands that, by initiating this action on behalf of the OFI Funds in this Court and serving as Lead Plaintiff therein, it consents to the jurisdiction of this Court and is subject to and

4

bound by all rulings, judgments, or orders issued by the Court in this action." Malafosse Decl. ¶ 3.

15. Most importantly, and as indicated by Mr. Malafosse, in these proceedings OFI is seeking to act in the role of lead plaintiff and will not be treated as an absent class member that is not a "party" to the litigation. Thus, the issue of whether the opt-out rule of US class action proceedings is compatible with the French conception of international public policy *is not at stake*, as OFI is actively participating in the proceeding as plaintiff. Given this distinction, I have no doubt that a judgment against OFI in this litigation will have Res Judicata effect in France with regard to OFI and investors in the OFI FCPs.

16. I note that in the April 4 Memorandum (page 7-10) the competing applicants discuss in detail the issue of recognition and Res Judicata in France of US opt-out class action judgments. Without discussing whether the conclusions on French law reached by the competing applicants are correct, the starting point of the competing applicants' reasoning is incorrect as OFI and the investors in the OFI FCPs would not, from a French law perspective, be qualified as absent class members, but as parties participating in the proceedings as claimants.[1]

17. A US judgment has Res Judicata effect in France on the condition that it is recognized in the French legal order. In absence of a specific regulation existing for some countries, the common conditions for recognition of a foreign court judgment, such as a US court judgment, in the French legal order have been determined by the case law of the French Supreme Court (*Cour de cassation*). The last and most important case concerning the

---

[1] The conclusion would be the same for other types of active participation in US proceedings such as giving a release in exchange for remuneration.

5

recognition of foreign court judgments was rendered on February 20, 2007 (*Cornellissen*, no. 05.14082, Recueil Dalloz 2007, p. 1115 with annotation L. d'Avout and S. Bollé) setting the following three conditions for recognition in France:

    1.     The jurisdiction of the foreign court was based on a link between the court and the dispute;

    2.     The absence of fraud to the law; and

    3.     The conformity of the judgment with the French conception of international public policy.

18.     A judgment rendered in these proceedings against COOPER TIRE & RUBBER COMPANY, Messrs. ROY ARMES and BRADLEY HUGHES would meet these three conditions for recognition in France.

19.     First, the condition of a link between the court and the dispute is certainly fulfilled as the claim is brought before a US District Court against US defendants for alleged violations of US Federal law concerning shares traded in the US stock market (the New York Stock Exchange) and for acts that allegedly occurred in the US.

20.     Second, I am not aware of any facts or circumstances, and the April 4 Memorandum does not raise any, that would indicate a fraud to the law. Under the French legal order, a "fraud to the law" essentially means that an action is being brought in the US (or elsewhere outside France) with the intent of circumventing the normally applicable rules of French law on the merits of this claim. I do not believe that it could be reasonably argued that bringing this case, with the numerous connections to the United States mentioned above, is an attempt to avoid adjudication pursuant to French law.

21.     Third, I am not aware of French rules of international public policy that could prevent the recognition of a judgment in these proceedings. There is no basis to believe that these claims, which seek redress for alleged misrepresentations or omissions, are contrary to

6

French rules of international public policy. As above, the fact that OFI is bringing these claims as a party/plaintiff does not raise any specific issue of French interpretation of international public policy.

I declare under penalty of perjury under the law of the United States of America that the foregoing is true and correct and accurately sets forth my opinion on the matters discussed.

Dated: 11 April 2014

Andrea PINNA

7