Hearing Date: July 13, 2022 at 10:00 a.m. (ET)

Leo Muchnik
**GREENBERG TRAURIG, LLP**
One Vanderbilt Avenue
New York, New York 10017
Telephone: (212) 801-9200
Facsimile: (212) 801-6400
Email: muchnikl@gtlaw.com

Joseph P. Davis (admitted *pro hac vice*)
Alison T. Holdway (admitted *pro hac vice*)
**GREENBERG TRAURIG, LLP**
One International Place, Suite 2000
Boston, Massachusetts 02110
Telephone: (617) 310-6000
Facsimile: (617) 310-6001
Email: davisjo@gtlaw.com
Email: holdwaya@gtlaw.com

*Attorneys for Defendant The Public Institution for Social Security*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | |
| Plaintiff-Applicant, | Adv. Pro. No. 08-01789 (CGM) |
| v. | SIPA Liquidation |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | (Substantively Consolidated) |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

| | |
|---|---|
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, and Bernard L. Madoff,<br><br>              Plaintiff,<br><br>     v.<br><br>THE PUBLIC INSTITUTION FOR SOCIAL SECURITY,<br><br>              Defendant. | Adv. Pro. No. 12-01002 (CGM)<br><br>**ORAL ARGUMENT REQUESTED** |

# REPLY IN SUPPORT OF
# THE PUBLIC INSTITUTION FOR SOCIAL SECURITY'S MOTION TO STRIKE
# DECLARATION OF BRIAN W. SONG AND SONG EXHIBITS 1–13

PIFSS respectfully submits this reply memorandum in support of its Motion to Strike the Song Declaration and Song Exhibits.[1]

## ARGUMENT

### I.    Trustee Has Not Established the Propriety of Song Declaration Paragraph 2.

Paragraph 2 of the Song Declaration contains two sentences making factual claims about Wafra and its relationship with PIFSS. These sentences do not cite any Song Exhibit or other document and plainly are not based on Attorney Song's personal knowledge. Trustee's Opposition does not address these infirmities. Instead, Trustee claims that the paragraph "need not be based on personal knowledge" (Dkt. 133 at 2) without citing any authority for the proposition, and he ignores the substance attested to in paragraph 2. Trustee refers to documents that are neither referenced in nor have anything to do with the testimony offered in paragraph 2.

First, none of the cases Trustee cited support his argument that Attorney Song's assertions in paragraph 2 need not be based on the declarant's personal knowledge. *Ball v. Soundview Composite Ltd. (In re Soundview Elite Ltd.)*, 543 B.R. 78, 100 (Bankr. S.D.N.Y. 2016) is about whether documents relied on at the summary judgment stage must be authenticated through an affidavit or declaration based on personal knowledge, but paragraph 2 does not purport to authenticate any document. In *Bus. Comput. Applications, Inc. v. Betty Jean Kerr-People's Health Ctrs.*, No. 1:09-CV-1447-MHS, 2009 WL 10670181, at *3–*4 (N.D. Ga. July 20, 2009), the court considered the propriety of a declaration from the defendant's CEO that was made on the CEO's "'information and belief' and defendant's 'knowledge, information and belief as . . . is maintained in the ordinary course of [defendant's] business, relying upon such persons ordinarily possessing

---

[1] This Reply uses the same abbreviations as PIFSS' Memorandum of Law in Support of its Motion to Dismiss ("MTD") (Dkt. 118) and in PIFSS' Memorandum of Law in Support of its Motion to Strike (Dkt. 130). The Song Declaration and its exhibits are at Dkt. 123.

knowledge of and records ordinarily reflecting the subject matters addressed.'" The fact witness's declaration in *Bus. Comput. Applications*, which identified the bases of the corporate defendant's knowledge, information and belief, bears no resemblance to Song Declaration paragraph 2, which fails to give any explanation of Attorney Song's supposed information and belief. And in *Milford Power Ltd. P'ship by Milford Power Assocs. Inc. v. New England Power Co.*, 918 F. Supp. 471, 478 (D. Mass. 1996), the court explained that that it could "consider affidavits submitted in support of" a motion to dismiss for lack of subject matter jurisdiction if, like affidavits in the summary judgment context, "they are based on the ***personal knowledge of a competent affiant***." *Id*. (declining to strike two paragraphs of a fact witness's declaration that were not based on his personal knowledge, choosing instead to accept them "for 'what [they were] worth'" (citation omitted) (emphasis added). That is not the case here.

Second, Trustee wholly ignores the substance of paragraph 2 and, as a result, cites to inapposite cases about allegations that are supported by exhibits or based on facts peculiarly within the defendant's knowledge. Paragraph 2 purports to identify what Wafra is, when and why it was founded, and what it allegedly did for PIFSS. None of this information is supported by facts in the Song Exhibits. Song Ex. 11 is the only Song Exhibit that mentions both PIFSS and Wafra, and, at most, it establishes that as of December 12, 2006, an FGG representative understood that Wafra was "an offshore subsidiary of PIFSS." The substance of paragraph 2 goes far beyond the limited information contained in Song Ex. 11, making *Arista Recs., LLC v. DOE 3*, 604 F.3d 110, 121 (2d Cir. 2010)—where "virtually all" allegations made on information and belief were "supported by factual assertions in" an exhibit to the complaint—irrelevant. Similarly, the language from *Citizens United v. Schneiderman*, 882 F.3d 374, 384–85 (2d Cir. 2018), cited by Trustee does not apply. There, the court explained that "[a] litigant cannot merely plop 'upon

2

information and belief' in front of a conclusory allegation and thereby render it non-conclusory. Those magic words will only make otherwise unsupported claims plausible when 'the facts are peculiarly within the possession and control of the defendant or where the belief is based on factual information that makes the inference of culpability plausible." *Id*. (quoting *Arista Recs.*, 604 F.3d at 120). Here, Trustee has access to FGG's books and records,[2] is relying on FGG's documents, and has repeatedly mentioned that he received documents from FGG in discovery.[3] (Opp. at 1 n.1, 3–7, 9, 9 n.3, 12.) Trustee's possession and use of FGG's documents show that information related to PIFSS' investment and redemption are not peculiarly within PIFSS' knowledge. Even if FGG's documents were the basis of Attorney Song's purported information and belief, that does not amount to his personal knowledge. *See Pacenza v. IBM Corp.*, No. 04 Civ. 5831, 2007 U.S. Dist. LEXIS 118380, at *4–*5 (S.D.N.Y. July 26, 2007), *aff'd*, 363 F. App'x 128 (2d Cir. 2010). (Motion to Strike at 3.) Moreover, if the basis of Attorney Song's supposed knowledge is a page from Wafra's website dated April 4, 2018,[4] that webpage is dated 14 years after the sole transfer

---

[2] *See* PIFSS' MTD Memorandum of Law (Dkt. 118) at 7, 19–20.

[3] While Trustee claims that all Song Exhibits were produced by FGG in discovery, Trustee has not identified the case(s) or proceeding(s) in which FGG produced any of these documents or the FGG entities from which they came. The Song Exhibits have a variety of Bates prefixes, and, while Trustee or Attorney Song could have identified the meaning of the prefixes, they did not:

- Ex. 1's prefixes: FGGE and SECSEV
- Ex. 2's prefix: ANWAR-CFSE
- Ex. 3's prefix: ANWAR-CCI
- Ex. 4's prefix: ANWAR-CCI
- Ex. 5's prefix: ANWAR-CFSE
- Ex. 6's prefix: ANWAR-CFSE
- Ex. 7's prefixes: NYAG-E and FG
- Ex. 8's prefixes: NYAG-E and FG
- Ex. 9's prefixes: NYAG-E and FG
- Ex. 10's prefixes: FGANW and FG
- Ex. 11's prefixes: NYAG-E and FG
- Ex. 12's prefixes: NYAG-E and FG
- Ex. 13's prefixes: NYAG-E and FG

[4] That website is cited in Trustee's MTD Opposition (at 5) but not in the Song Declaration.

3

at issue in this case, does not support the contentions made in paragraph 2, and does not reference PIFSS, Sentry or BLMIS.

Further, Trustee's argument that he alleged facts and cited FGG documents "to make the inference that Wafra acted as an agent and investment adviser to PIFSS plausible" (Opp. at 4) ignores the allegations in the Complaint and the contents of the Song Exhibits. The Complaint contains no allegation about Wafra (Motion to Strike at 6) and none of the Song Exhibits even hints that Wafra was acting as PIFSS' agent or investment adviser in connection with the disputed transfer.

Third, Trustee advances a strained argument that it is reasonable and plausible to add "upon information and belief" to a factual allegation that PIFSS would have executed a similar subscription agreement as the attached draft form because any executed subscription agreement between PIFSS and FGG would be in the possession of PIFSS and Trustee has in his possession "hundreds of subscription agreements"—although he apparently cannot find the one executed by PIFSS. (Opp. at 4.) But paragraph 2 has nothing to do with any subscription agreement that PIFSS may have signed,[5] and "upon information and belief" as used in paragraph 2 refers to an allegation that Wafra researched Sentry and acted as PIFSS' U.S. agent and investment adviser. Trustee has not established how a hypothetical subscription agreement saves paragraph 2 from being stricken.

Finally, Trustee contends that he should be entitled to jurisdictional discovery, and, accordingly, any cases concerning faulty attorney affidavits in the summary judgment context or in the motion to dismiss context where discovery was allowed are unpersuasive. This argument ignores that Trustee has had 10 years to seek jurisdictional discovery and did not do so. Moreover,

---

[5] Trustee did not attach to the Complaint or the Song Declaration a subscription agreement signed by PIFSS or allegedly provided to PIFSS.

4

the information about Wafra contained in Song Declaration paragraph 2 is not tied to the single redemption payment at issue in this case and hence is irrelevant to whether the Court has specific personal jurisdiction over PIFSS.[6] In sum, Trustee has not established that Song Declaration paragraph 2 survives this Motion because Attorney Song has no personal knowledge of the facts he is asserting. As a result, paragraph 2 should be stricken.

## II. Trustee Has Not Established That Any Song Exhibit Should Survive.

### A. Trustee Did Not Respond Meaningfully to PIFSS' Argument That the Song Exhibits Are Irrelevant.

**Song Ex. 1**: While Trustee seems to acknowledge that this IM was not signed by PIFSS, Trustee failed to address PIFSS' arguments that (i) Song Ex. 1 is an incomplete draft document from 1998, and (ii) there is no indication PIFSS received this IM or is otherwise connected to it. Trustee contends that Song Ex. 1 generally "shows the types of information that an investor in Sentry would be privy to, including the major role that BLMIS would play in any Sentry investments," and extrapolates that—without factual support—that PIFSS must have had knowledge that its "investments would be managed and custodied in New York." (Opp. at 6.) The incomplete, draft IM does not support this unreasonable inference and leap of logic.

**Song Exs. 2–6**: Trustee lumps these exhibits together and offers one conclusory sentence that they are relevant because they supposedly "demonstrate PIFSS's utilization of New York banks to accomplish its Sentry/BLMIS investment." (Opp. at 6.) But, as explained in the Motion to Strike (at 5), Ex. 2 is from 2000, Exs. 3 and 4 are from 1999, Ex. 5 is from 2003, and Exs. 2–6 are all Citco or Sentry documents that do not show that PIFSS had sufficient minimum contacts with the U.S. concerning the 2004 Transfer to establish specific personal jurisdiction. As to Ex. 6,

---

[6] Trustee conceded that the Court does not have general jurisdiction. (MTD Opp. (Dkt. 122) at 15 n.24.)

5

Trustee identifies it as being a wire transfer request from PIFSS that resulted in the 2004 Transfer that Trustee seeks to recover. Even if true, Ex. 6 does not show that **PIFSS** had any contact with the U.S. Instead, Ex. 6 lists a JP Morgan Chase Account in New York as the account to be credited without tying that New York account to PIFSS. Ex. 6 then specifically states that the funds were to be credited to a bank account in London (AHLI United Bank (UK) PLC London), with PIFSS listed as the beneficiary of that London account. (MTD Reply at 8.) At most, Ex. 6 shows the mere use of a correspondent bank account by a foreign entity—without establishing that the foreign entity chose the New York bank account or had any control over it—which, for the reasons set forth in PIFSS' MTD papers, is insufficient to establish personal jurisdiction.

**Song Exs. 7–9**: Trustee summarily concludes that these exhibits show purposeful availment through PIFSS' contact with "New York-based FGG and discussions with FGG about Madoff." (Opp. at 6.) This argument fails for three reasons. First, the Supreme Court has been clear that the "'minimum contacts' analysis looks to the defendant's contacts with the forum State itself, ***not the defendant's contacts with persons who reside there***." *Walden v. Fiore*, 571 U.S. 277, 285 (2014) (emphasis added). Any discussions that may have occurred between PIFSS and FGG personnel do not become jurisdictional contacts in the U.S. simply because FGG was based in the U.S. Second, Trustee ignores that to the extent Exs. 7 and 8 show contacts between PIFSS and FGG, they reflect meetings ***in Kuwait***, not any contact between PIFSS and the U.S. Third, Trustee acknowledges that Exs. 8 and 9 (along with Ex. 11, addressed more below) were from after 2004 but proclaims that PIFSS is "incorrect" that the dates of these emails render them irrelevant to the question of specific jurisdiction. Trustee provides no analysis as to why these late emails show that PIFSS had sufficient minimum contacts with the U.S. concerning the 2004 Transfer. Trustee fails to explain how emails from 2006 (Exs. 8 and 11) and 2008 (Ex. 9) relate

6

in any way to the 2004 Transfer such that they establish specific jurisdiction over PIFSS. Even considering the substance of the emails at Exs. 8 and 11, they do not mention BLMIS at all and instead relate to investments of PIFSS unrelated to Madoff (Ex. 8 refers to meeting with FGG in Kuwait in 2006 over a proposed new investment, and Ex. 11 is a 2006 email discussing the same new investment).

**Song Exs. 10–13**: Trustee claims these emails show Wafra's relationship with PIFSS. Not so. Exs. 10 and 12–13 mention PIFSS *or* Wafra, but none mentions PIFSS *and* Wafra. The substance of these three exhibits does not show that Wafra did any relevant investment research, advising, or other work for or on behalf of PIFSS concerning BLMIS or the 2004 Transfer. As a result, these exhibits do not support the exercise of jurisdiction over PIFSS based on any of Wafra's conduct reflected in the exhibits. As for Ex. 11, as noted above, it is an email chain from 2006 that does not and cannot show any relationship between PIFSS and Wafra relevant to the 2004 Transfer.

B.  The Song Exhibits' Inadmissibility Cannot Be Swept Aside.

Rather than address the substance of PIFSS' argument that the Song Exhibits are inadmissible hearsay, Trustee argues that their inadmissibility does not matter. Trustee relies on out-of-circuit cases because it has long been the rule in S.D.N.Y. that when jurisdictional discovery has not been conducted, "hearsay evidence submitted by a plaintiff is not sufficient to defeat a motion to dismiss for lack of personal jurisdiction." *Gosain v. State Bank of India*, 689 F. Supp. 2d 571, 582 (S.D.N.Y. 2010), *aff'd in part, vacated in part on other grounds, and remanded*, 414 F. App'x 311 (2d Cir. 2011); *Ariel Maritime Grp. v. Pellerin Milnor Corp.*, No. 88 Civ. 6447 (PKL), 1989 WL 31665, at *2 n.4 (S.D.N.Y. Mar. 29, 1989) (same); *Standard Enters., Inc. v. Bag-It, Inc.*, 673 F. Supp. 1216, 1219 (S.D.N.Y. 1987) (rejecting plaintiff's affidavit attempting to establish personal jurisdiction because, *inter alia*, it was "entirely hearsay"). Further, S.D.N.Y.

7

has rejected Trustee's argument that the evidentiary standards for Civil Rule 56 should be disregarded in the context of personal jurisdiction. *See Gosain*, 689 F. Supp. 2d at 582 ("As a general matter, Federal Rule of Civil Procedure 56(e) . . . offers guidance when considering evidence outside the pleadings.") (citation omitted). These cases soundly reject attempts to establish personal jurisdiction based on inadmissible hearsay, and the Song Exhibits should be stricken.

      C.    Trustee's Arguments Concerning Foundation and Authentication
           <u>Do Not Save the Song Exhibits</u>.

Trustee relies on various legal arguments that at the Civil Rule 12(b)(2) stage, a plaintiff need not lay a proper foundation or authenticate evidence. Trustee repeats that he obtained the Song Exhibits from FGG and, thus, the Court should accept them. But, as noted above (*supra* at 3 n.3), the Song Exhibits have a variety of Bates prefixes—some of which do not include "FGG" or "FG"—and their provenance is not immediately identifiable from the faces of the documents. For example, the Citco forms at Song Exs. 2, 5, and 6 bear ANWAR-CFSE Bates stamps, which calls into question whether they were actually produced by FGG.

Trustee tries to diminish *Vasquez v. Hong Kong & Shanghai Banking Corp, Ltd.*, 477 F. Supp. 3d 241, 259–60 (S.D.N.Y. 2020), where the court concluded that documents the plaintiffs' counsel found online were "entirely unauthenticated," inadmissible, and "may not be considered as support of plaintiffs' claim of specific jurisdiction." Trustee claims the *Vasquez* court would have accepted the Song Exhibits (Opp. at 9 n.3) because that court noted that the plaintiff could have sought to obtain copies of the documents at issue from the defendant during jurisdictional discovery. Here, Trustee relies on documents apparently obtained by a third party without providing any information about the circumstances under which FGG (or its various entities) allegedly produced them. Trustee also posits that the documents he received from FGG are likely

8

within PIFSS' possession.  (Opp. at 9.)  But the Song Exhibits themselves undercut this contention: they consist of a draft Sentry IM, Citco documents, internal Sentry forms, and FGG emails among FGG and/or Wafra personnel are not likely to be in PIFSS' possession.

Attorney Song could have included information identifying the source of the Song Exhibits, but he did not.  His inability to lay a proper foundation or authenticate these documents compounds the evidentiary issues identified above, and the Song Exhibits should be stricken.

### III.  Trustee Has Not Met the Threshold Necessary for Jurisdictional Discovery.

Trustee devotes nearly three pages arguing he should be entitled to conduct jurisdictional discovery, but his argument vacillates between conflicting contentions that the Song Exhibits are sufficient to support personal jurisdiction and that discovery would "uncover PIFSS's New York jurisdictional contacts."  (Opp. at 13.)  Trustee criticizes PIFSS for focusing on the contents of each particular Song Exhibit to show that they do not support the exercise of specific personal jurisdiction in connection with the 2004 Transfer before making sweeping and unsupported generalizations about the Song Exhibits in an attempt to justify the exercise of jurisdiction.  Trustee specifically identifies three Song Exhibits, but none (even when taken together) supports specific jurisdiction over PIFSS:

- **Song Ex. 3**: Citing Ex. 3, Trustee contends that "unsigned subscription forms . . . show that PIFSS designated and used a New York-based bank account to send at least one subscription payment to Sentry."  Ex. 3 does no such thing.  It reflects a transaction dealing date of July 1, 1999, is wholly unrelated to the 2004 Transfer, and does not establish that PIFSS designated a New York bank account.  (Motion to Strike at 5, 7; MTD Reply at 7.)  The remitting bank listed in Ex. 3 is Northern Trust Int'l Banking Corp. New York, USA, a correspondent bank for United Bank of Kuwait in London (which is referred to as "UBK Plc London" in Ex. 3)—where PIFSS is listed as having an account—and Trustee has not connected Ex. 3 or the payment allegedly reflected therein to the 2004 Transfer.  (MTD Reply at 7.)

- **Song Ex. 6**: Trustee claims Ex. 6 shows that "PIFSS used a New York correspondent account to receive the subsequent transfer at issue."  (Opp. at 13.)  This framing ignores both the information contained in Ex. 6 and the law concerning the mere receipt of funds from a correspondent account.  First, Ex. 6 is a "Request for Wire Transfer

9

Payment" from a Citco entity located in Amsterdam to Citco Bank Nederland N.V. Dublin Branch in Ireland. (MTD Reply at 8.) As described above (*supra* at 5–6), Ex. 6 lists a New York account as the account to be credited (without linking that account to PIFSS) and then states that the funds are to be further credited to an account at AHLI United Bank in London of which PIFSS is listed as the beneficiary.[7] Further, the law is clear that the transfer of funds *from* a United States bank to Sentry and then onto PIFSS is not a jurisdictional contact between PIFSS and the U.S. (MTD at 18–19).

- **Song Ex. 8**: Trustee cites Ex. 8 as an email showing that FGG and PIFSS met and discussed expanding PIFSS' investments. As described above (*supra* at 6–7), Ex. 8 is not related at all to the 2004 Transfer and does not show any U.S. connection. It is an email from 2006 reflecting a meeting between FGG and PIFSS "in Kuwait." Trustee has not and cannot show that Ex. 8 reflects communication between PIFSS and FGG related to the 2004 Transfer that would support specific jurisdiction.

The Song Exhibits, individually and when taken together, do not justify the exercise of jurisdiction. Instead they show that Trustee has not left the starting blocks in his attempt to establish a *prima facie* showing of personal jurisdiction. Despite Trustee's protestations otherwise, this case has been pending for a decade, and he is not an "outsider": Trustee initiated this case in early 2012; has litigated dozens of similar cases; has access to FGG's books and records, which would show communications between PIFSS and FGG entities; and, despite having had ample time to request jurisdictional discovery, did not ask PIFSS or the Court for it until he included it in one short paragraph in his MTD Opposition and again in his Motion to Strike Opposition.

That courts allow jurisdictional discovery in some cases does not mean that it should be allowed here. This case is not similar to *Picard v. Magnify, Inc. (In re Bernard L. Madoff Inv. Secs. LLC)*, No. 10-AP-05279 (BRL), 2012 WL 2254995 (Bankr. S.D.N.Y. June 15, 2012), cited by Trustee. There, the court found that Trustee had "made a sufficient start toward establishing jurisdiction" where he alleged that an individual defendant founded and controlled entities for the sole purpose of investing with BLMIS, the entities had accounts with BLMIS starting in the 1990s,

---

[7] AHLI United Bank in London is a successor to the United Bank of Kuwait. *See* About, Ahli United Bank, https://www.ahliunited.com/about/ (last visited on July 1, 2022).

10

he executed a transfer to fund one entity's first BLMIS account, he managed and supervised the entity's BLMIS accounts, and he served as the entity's BLMIS account contact for more than 10 years. *Id*. at *7. Here, there are no analogous allegations concerning PIFSS' contacts with BLMIS or the U.S. At most, Trustee has alleged that as part of its general investment strategy, PIFSS invested with Sentry, which in turn invested with BLMIS. This is insufficient to establish even the building blocks of a *prima facie* showing of specific jurisdiction, and none of the Song Exhibits points to any contact between PIFSS and the U.S. *See Lear v. Royal Caribbean Cruises LTD*, No. 1:20-CV-4660-GHW, 2021 WL 1299489, at *11 (S.D.N.Y. Apr. 7, 2021) ("[T]he Second Circuit has repeatedly affirmed denials of jurisdictional discovery where the plaintiffs failed to demonstrate a prima facia case for personal jurisdiction over the defendants.").

Trustee has failed "to articulate a colorable basis for personal jurisdiction, which could be established with further development of the factual record." *New York v. Mountain Tobacco Co.*, 55 F. Supp. 3d 301, 314 (E.D.N.Y. 2014) (quotation marks and citation omitted). Further, the topics Trustee plans to seek discovery on, if allowed—PIFSS' correspondence with Sentry, FGG, and Wafra and financial documents showing payments to and redemptions from Sentry (Opp. at 13)—are far broader than PIFSS' supposed contacts with the U.S. related to the 2004 Transfer. These topics amount to an improper fishing expedition, and Trustee has failed identify particular facts he hopes to uncover that would support the exercise of jurisdiction. *See Lear*, 2021 WL 1299489 at *12 (denying plaintiff's request for jurisdictional discovery where he "offer[ed] no guidance whatsoever on what 'particular facts' he hope[d] to develop that would establish the Court's jurisdiction over Defendants"); *SPV Osus Ltd. v. UniCredit Bank Austria*, No. 18-CV-3497 (AJN), 2019 WL 1438163, at *12 (S.D.N.Y. Mar. 30, 2019) (same). Because Trustee has not made "a threshold showing that there is some basis for the assertion of jurisdiction," *Mountain*

11

*Tobacco*, 55 F. Supp. 3d at 314 (quotation marks and citation omitted), he should not be granted leave to conduct jurisdictional discovery.

## CONCLUSION

For the reasons set forth above and in PIFSS' Motion to Strike, PIFSS respectfully requests that the Court strike the Song Declaration and the 13 Song Exhibits in their entirety.

Dated: July 1, 2022
New York, New York

**GREENBERG TRAURIG, LLP**

By: */s/ Leo Muchnik*
Leo Muchnik
One Vanderbilt Avenue
New York, New York 10017
Telephone:    (212) 801-9200
Facsimile:    (212) 801-6400
Email:          muchnikl@gtlaw.com

Joseph P. Davis III (admitted *pro hac vice*)
Alison T. Holdway (admitted *pro hac vice*)
One International Place, Suite 2000
Boston, Massachusetts 02110
Telephone:    (617) 310-6000
Facsimile:    (617) 310-6001
Email:          davisjo@gtlaw.com
Email:          holdwaya@gtlaw.com

*Attorneys for Defendant The Public Institution for Social Security*