**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (CGM) |
| Plaintiff-Applicant, | |
| v. | SIPA LIQUIDATION |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | (Substantively Consolidated) |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 12-01195 (CGM) |
| Plaintiff, | |
| v. | |
| SIX SIS AG, | **ORAL ARGUMENT REQUESTED** |
| Defendant. | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT SIX SIS AG'S**
**MOTION TO DISMISS THE AMENDED COMPLAINT**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................. II

PRELIMINARY STATEMENT ............................................................................. 1

NATURE OF THE CASE ...................................................................................... 3

ARGUMENT ............................................................................................................ 3

I.    THE COURT LACKS PERSONAL JURISDICTION OVER SIX SIS ...................... 3

    A.    Personal Jurisdiction Legal Framework ................................................. 3

    B.    This Court's Opinions in *Multi-Strategy Fund* and *Banque Syz* Do Not Control this Case ........................................................................................ 5

    C.    The Amended Complaint Fails to Allege Sufficient Minimum Contacts with New York or the United States ..................................................... 7

    D.    The Exercise of Jurisdiction Over SIX SIS is Not Reasonable ............ 11

II.   THE AMENDED COMPLAINT ESTABLISHES THAT SIX SIS IS ENTITLED TO THE GOOD-FAITH DEFENSE ........................................................ 13

    A.    SIX SIS Received the Redemptions for Value ..................................... 14

    B.    It is Clear From the Allegations of the Complaint that SIX SIS Acted in Good Faith and Could Not Have Discovered Madoff's Fraud Where Others Better Situated to do so did not ......................................... 15

CONCLUSION ...................................................................................................... 17

1264275.1

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Asahi Metal Indus. Co., Ltd. v. Superior Court*,
480 U.S. 102 (1987)..........................................................................................9, 12

*In re Bernard L. Madoff Inv. Sec. LLC*,
12 F.4th 171 (2d Cir. 2021) .......................................................................................15

*BLD Prods., LLC v. Viacom, Inc.*,
2011 WL 1327340 (S.D.N.Y. Mar. 31, 2011), *aff'd in relevant part*, vacated
in part, remanded sub nom, *BLD Prods., LLC v. Remote Prods., Inc.*, 509 F.
App'x 81 (2d Cir. 2013)..............................................................................................16

*Burger King Corp. v. Rudzewicz*,
471 U.S. 462 (1985).......................................................................................................4

*Chirag v. MT Marida Marguerite Schiffahrts*,
604 F. App'x 16 (2d Cir. 2015) ...................................................................................5

*In re CIL Lmtd.*,
582 B.R. 46 (S.D.N.Y. 2016).................................................................................12, 13

*Citibank, N.A. v. Picard*,
142 S. Ct. 1209, 212 L. Ed. 2d 217 (2022) ...............................................................15

*Cohen v. Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*,
No. 08-01789, 2016 WL 1695296 (Bankr. S.D.N.Y. Apr. 25, 2016).....................14

*Daimler AG v. Bauman*,
517 U.S. 117 (2014).......................................................................................................4

*Fairfield Sentry Ltd. v. Migani*,
UKPC 9 [2014] .....................................................................................................11, 14

*Fairfield Sentry Ltd. v. Theodoor GGC Amsterdam*,
No. 10-13164, Adv. No. 10-03496, 2020 Bankr. LEXIS 2324 (Bankr.
S.D.N.Y. Aug. 6, 2018) ........................................................................................11, 14

*Ferrante Equip. Co. v. Lasker-Goldman Corp.*,
31 A.D.2d 355 (1969), *aff'd*, 26 N.Y.2d 280 (1970) ..................................................9

ii

*Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*,
141 S. Ct. 1017 (2021) ............................................................................................4

*Gilmore v. Rivera*,
2014 WL 1998227 (S.D.N.Y. May 14, 2014) ........................................................17

*Hanson v. Denckla*,
357 U.S. 235 (1958) ................................................................................................4

*Hau Yin To v. HSBC Holdings PLC*,
No. 15-CV-3590 (LTS), 2017 WL 816136 (S.D.N.Y. Mar. 1, 2017) ...................10

*Hau Yin To v. HSBC Holdings, PLC*,
No. 15CV3590, 2017 U.S. Dist. LEXIS 28931 (S.D.N.Y. Mar. 1, 2017), *aff'd*,
700 F. App'x 66 (2d Cir. 2017) ...............................................................................9

*Hill v. HSBC Bank plc*,
207 F. Supp. 3d 333, 339–40 (S.D.N.Y. 2016)........................................................9

*In re Hoosick Falls PFOA Cases*,
431 F.Supp.3d 69 (N.D.N.Y. 2020) .........................................................................7

*Jones v. Bock*,
549 U.S. 199 (2007)...............................................................................................17

*Leema Enters., Inc. v. Willi*,
575 F. Supp. 1533 (S.D.N.Y. 1983)........................................................................10

*In re Leff*,
631 B.R. 106 (E.D.N.Y. 2021) ...............................................................................15

*In re Lehman Bros. Holdings Inc.*,
535 B.R. 608 (Bankr. S.D.N.Y. 2015)......................................................................4

*Letom Mgmt. Inc. v. Centaur Gaming, LLC*,
No. 17-CV-3793 (PAE), 2017 WL 4877426 (S.D.N.Y. Oct. 27, 2017).................10

*In re Lyondell Chemical Co.*,
543 B.R. 127 (S.D.N.Y. 2016).................................................................................7

*Picard v. ABN Amro Bank N.A. (Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv.*
*Sec. LLC)*,
No. AP 08-01789, 2020 WL 1584491 (Bankr. S.D.N.Y. Mar. 31, 2020)..............14

*Picard v. Banque SYZ & Co., SA*,
No. AP 11-02149, 2022 WL 2135019 (Bankr. S.D.N.Y. June 14, 2022) ............2, 5

iii

*Picard v. Multi-Strategy Fund Ltd.*,
   No. AP 12-01205, 2022 WL 2137073 (Bankr. S.D.N.Y. June 13, 2022) ............................2, 5

*Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*,
   No. 08-01789, 2021 WL 3477479 (Bankr. S.D.N.Y. Aug. 6, 2021)......................................14

*In re Sledziejowski*,
   2016 WL 6155929 (Bankr. S.D.N.Y. Oct. 21, 2016) ...........................................................10

*Tamam v. Fransabank Sal*,
   677 F. Supp. 2d 720 (S.D.N.Y. 2010)...................................................................................10

*Walden v. Fiore*,
   571 U.S. 277 (2014)...........................................................................................................4, 9

*Waldman v. Palestine Liberation Org.*,
   835 F.3d 317 (2d Cir. 2016).....................................................................................................8

*World-Wide Volkswagen Corp. v. Woodson*,
   444 U.S. 286 (1980).........................................................................................................4, 12

## Statutes

11 U.S.C. § 550(a) ............................................................................................................................1

11 U.S.C. § 550(b) ...........................................................................................................2, 13, 14, 15

## Other Authorities

Federal Rules of Bankruptcy Procedure Rule 7012(b) ....................................................................1

Federal Rules of Civil Procedure 12(b) ............................................................................1, 4, 7, 15

Swiss Financial Market Infrastructures Act...................................................................................12

Defendant, SIX SIS AG ("SIX SIS"),  pursuant to the Federal Rules of Civil Procedure

12(b)(2) and 12(b)(6), made applicable by Rule 7012(b) of the Federal Rules of Bankruptcy

Procedure, hereby submits this Memorandum of Law, and accompanying declarations of Erin

Valentine and Stephan Hänseler in support of its Motion to Dismiss the Amended Complaint (the

"Amended Complaint", "Am Compl.", ECF No. 115) filed by Irving H. Picard (the "Trustee"),

trustee for the liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS").

## PRELIMINARY STATEMENT

SIX SIS, a Swiss corporation, is the national Central Securities Depository ("CSD") of

the Swiss financial market.  It provides transaction settlement and custody of securities for

independently regulated, financial institution clients.  In other words, SIX SIS provides security

settlement and acts as a custodian for banks and financial institutions; it does not trade securities

for its own account.

At the instruction of its financial institution clients, SIX SIS invested their funds in two

British Virgin Islands investment funds – Fairfield Sentry Limited ("Sentry") and Fairfield

Sigma Limited ("Sigma", together with Sentry, the "Fairfield Funds").  As SIX SIS's role was

purely administrative, it charged its clients a nominal fee of $125 to process transactions.

 The Amended Complaint alleges that SIX SIS redeemed shares in the Fairfield Funds

61 times between October 2007 and November 2008, in the amount of $19,653,909.  By way of

a single count in the Amended Complaint, the Trustee seeks to recover that amount under 11

U.S.C. § 550(a) as comprising subsequent transfers of alleged fraudulent conveyances from

BLMIS to Sentry.  The Amended Complaint does not allege that SIX SIS knew or could have

known that BLMIS was a Ponzi scheme or that SIX SIS acted with bad faith when it redeemed

its clients' shares on their behalf.

1

1264275.1

The Amended Complaint should be dismissed for at least two reasons. *First*, this court does not have personal jurisdiction over SIX SIS. SIX SIS is a Swiss company that did no business in New York or the United States at the relevant times. SIX SIS did not invest its own money in the Fairfield Funds; it merely executed investments in the BVI funds on behalf of its Swiss clients. Because these entirely foreign, administrative activities did not require or cause SIX SIS to avail itself of the privileges and benefits of this forum, the Trustee has not and cannot allege that SIX SIS has sufficient minimum contacts with New York or the United States to support jurisdiction. And even the Trustee could meet the minimum threshold for jurisdiction, the undisputed facts regarding SIX SIS's limited operations put it in a fundamentally different position from the many defendants who traded as principals and make the assertion of jurisdiction unreasonable here.

*Second*, the Amended Complaint, by its terms, establishes that SIX SIS is entitled to the "good faith for value defense" under Section 550 of the Code. Specifically, it is clear from the face of the Amended Complaint that SIX SIS took for value, in good faith, and without knowledge of the voidability of the transfer. *See* 11 U.S.C. § 550(b).

SIX SIS acknowledges that this Court recently denied motions to dismiss filed by other defendants who invoked defenses based on personal jurisdiction, pleading deficiency, customer property, section 546(e), and good-faith. *See Picard v. Multi-Strategy Fund Ltd.*, Adv. Pro. No. 12-01205 (Bankr. S.D.N.Y. June 13, 2022) ("*Multi-Strategy*"), ECF No. 122; *Picard v. Banque SYZ & Co.*, SA, Adv. Pro. No. 11-02149 (Bankr. S.D.N.Y. June 14, 2022) ("*Banque SYZ*"), ECF No. 167. While this motion SIX SIS resets on two of those grounds, it rests on facts that are unique to SIX SIS and the allegations made against it. These facts place SIX SIS's motion beyond the reasoning that supported denial of those prior motions and require the opposite result.

1264275.1

Accordingly, SIX SIS respectfully requests that this Court dismiss the Amended Complaint with prejudice.

## NATURE OF THE CASE

SIX SIS is the Swiss national Central Securities Depository, which, at all relevant times, operated only in Switzerland.  (Declaration of Stephan Hänseler in Support of Defendant's Motion to Dismiss the Amended Complaint, dated July 8, 2022 ("Hänseler Decl."), at ¶¶ 2, 9). On behalf of its financial institution clients, SIX SIS placed and held custody of investments in the two BVI Fairfield Funds.  (*Id.* at ¶¶ 9–17).

The Trustee now seeks to recover the redemption payments made from those BVI funds to SIX SIS.

## ARGUMENT

## I.    THE COURT LACKS PERSONAL JURISDICTION OVER SIX SIS

The Amended Complaint's unsupported and conclusory allegations fail to support jurisdiction over SIX SIS as a matter of law.  Rather, as further established by the Hänseler Declaration, SIX SIS has had no substantial connections with New York.  Simply put, SIX SIS did not avail itself of the benefits and protections of New York (or the United States) and the exercise of jurisdiction is not reasonable here.  Accordingly, the Amended Complaint should be dismissed with prejudice for lack of personal jurisdiction.

### A.    Personal Jurisdiction Legal Framework

The Supreme Court has set clear limits on a U.S. court's ability to exercise its judicial power over a foreign defendant.  There are two bases for personal jurisdiction – "general jurisdiction" and "specific jurisdiction."  General jurisdiction applies when the defendant is "at home" in the jurisdiction where the plaintiff has sued, based on the defendant's place of

incorporation and principal place of business.  *Daimler AG v. Bauman,* 517 U.S. 117, 136–37

(2014).  This case does not present such circumstances.

In the absence of general jurisdiction, the Trustee must plead facts supporting the

exercise of specific jurisdiction.  Specific jurisdiction requires the plaintiff to demonstrate *prima*

*facie* that: (1) the defendant "purposefully availed itself of the privilege of conducting activities

within the forum State, thus invoking the benefits and protections of its laws," *Hanson v.*

*Denckla*, 357 U.S. 235, 253 (1958);  (2) the plaintiff's claim arises out of the foreign defendant's

activities in the forum State, *Walden v. Fiore*, 571 U.S. 277, 284 (2014);  and (3) the exercise of

jurisdiction is reasonable under the circumstances, *Burger King Corp. v. Rudzewicz*, 471 U.S.

462, 477–78 (1985).  This inquiry focuses on "the relationship among the defendant, the forum,

and the litigation." *Walden*, 571 U.S. at 284.  A foreign defendant can only be "haled into court

in a forum State based on his own affiliation with the State."  *Walden*, 571 U.S. at 286; *see also*

*World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980) ("[T]he foreseeability that

is critical to due process analysis . . . is that the defendant's conduct and connection with the

forum . . . are such that he should reasonably anticipate being hauled into court there.").  This

allows a defendant to "'structure [its] primary conduct' to lessen or avoid exposure to a given

State's courts." *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1025 (2021)

(*quoting Volkswagen*, 444 U.S. at 297).

To survive a motion to dismiss for lack of jurisdiction under Rule 12(b)(2), "the plaintiff

bears the burden to make a prima facie showing that jurisdiction exists."  *In re Lehman Bros.*

*Holdings Inc.*, 535 B.R. 608, 618 (Bankr. S.D.N.Y. 2015).  "A *prima facie* case requires non-

conclusory fact-specific allegations or evidence showing that activity that constitutes the basis of

4

jurisdiction has taken place." *Chirag v. MT Marida Marguerite Schiffahrts*, 604 F. App'x 16, 19 (2d Cir. 2015).

### B.    This Court's Opinions in *Multi-Strategy Fund* and *Banque Syz* Do Not Control this Case

In *Multi-Strategy Fund Ltd.*, 2022 WL 2137073, at *5 and *Banque Syz & Co., SA*, 2022 WL 2135019 at *5, this Court rejected jurisdictional challenges by other entities that received redemptions from the Fairfield Funds.  In those cases, the Court found that specific facts alleged against those defendants established "a *prima facie* showing of personal jurisdiction with respect to the Fairfield Funds subsequent transfers at issue."  Here, in contrast, the Amended Complaint against SIX SIS does not allege several of the jurisdictional contacts that this court relied upon in finding jurisdiction over Multi-Strategy Fund and Banque Syz.  The absence of these critical allegations requires a different outcome in this case.

Specifically, the Court's finding of jurisdiction over Multi-Strategy Fund and Banque Syz, relied principally on that the allegations that both of those defendants knowingly directed money towards New York with the intent to profit from those investments – including by maintaining their own accounts with BLMIS, soliciting their clients to invest in the Fairfield Funds and then enticing customers to increase their investments by offering loans to fund the investments. *Multi-Strategy Fund Ltd.*, 2022 WL 2137073, at *3–4 (quoting *Picard v. Bureau of Labor Ins.* (*In re BLMIS*), 480 B.R. 501, 504 (Bankr. S.D.N.Y. 2012)); *Banque Syz & Co., SA*, 2022 WL 2137073, at *6–7.

However, unlike the defendants in those cases, SIX SIS is an execution-only custodian. (Hänseler Decl. at ¶¶ 2, 8, 10, 17).  This means it had no such profit motive, as it did not own of the money it transferred to the Fairfield Funds.  (*Id.* at ¶ 15)  Nor, in further contrast to other defendants held to be subject to jurisdiction, did SIX SIS conduct due diligence or give

5

investment advice to its clients. (*Id.* at ¶¶ 11–14). Thus, this case presents none of the following specific allegations that the Court considered to be important to its finding of jurisdiction in *Multi-Strategy Fund* and *Bank Syz*:

- "Defendant, through its president, director and authorized signatory, asked about additional capacity for Fairfield Sentry on at least seven occasions." *Multi-Strategy Fund Ltd.*, 2022 WL 2137073 at *3

- "Defendant's knowledge and intention that its investments in Fairfield Sentry . . . were investments with BLMIS are reflected in Defendant's total redemption of its investments in both BLMIS Feeder Funds after [Defendant's president] discussed 'Madoff and the potential ponzi [sic] scheme.'" *Id.* at *4.

- "[I]n connection with Defendant's Fairfield Sentry investments, persons associated with the Defendant asked for 'info that you've got on Madoff,' including asking 'how Maddoff [sic] made money' and for help 'understand[ing] when Maddoff [sic] was invested.'" *Banque Syz & Co., SA*, 2022 WL 2135019 at *3.

- "Banque Syz solicited its own clients to invest in Madoff Feeder Funds' and enticed those customers to increase their investments by offering them loans to fund the investments." *Id.* at *4.

- Banque SYZ "maintained its own account with BLMIS in New York and used New York bank to transfer funds into and receive funds from BLMIS, and filed a customer claim in this SIPA proceeding." *Id.*

Such allegations were critical to the finding of jurisdiction in *Multi-Strategy Fund Ltd.* and *Bank Syz*. As we show in the next section, their absence here requires the opposite conclusion.

1264275.1

**C.    The Amended Complaint Fails to Allege Sufficient Minimum Contacts with New York or the United States**

As a preliminary matter, the Amended Complaint does not allege that SIX SIS is subject to general jurisdiction – nor could it. SIX SIS is incorporated and maintains its principal place of business in Switzerland.  (Am. Compl. ¶ 61).

Instead, the Trustee conclusorily asserts that SIX SIS purposefully availed itself of the laws and protections of the United States and New York by transacting business within New York and maintaining "general business contacts" within the forum.  (Am. Compl. ¶¶ 8–9). However, the Amended Complaint is devoid of specific factual allegations to support those broad-brush conclusions and meaningfully tie SIX SIS to New York or the United States.

Importantly, the absence of specific jurisdictional allegations supports dismissal under Rule 12(b)(2).  *See In re Lyondell Chemical Co.*, 543 B.R. 127, 136 (S.D.N.Y. 2016) ("On a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of showing that the court has jurisdiction over the defendant.") (citations omitted);  *In re Hoosick Falls PFOA Cases*, 431 F.Supp.3d 69, 76 (N.D.N.Y. 2020) ("[P]laintiff must plead facts which, if true, are sufficient in themselves to establish jurisdiction.  Pleadings that assert only conclusory non-fact-specific jurisdictional allegations or state a legal conclusion couched as a factual allegation do not meet this burden.") (internal quotation marks and citations omitted).  In addition, here, the indisputable facts set forth in the accompanying Hänseler Declaration establish that SIX SIS had no "general business contacts" in New York and did not "derive[] significant revenue" there because:

- SIX SIS had no offices or employees in New York.  (Hänseler Decl. at ¶ 9);

- SIX SIS did not invest on its own behalf.  (*Id.* at ¶¶ 15, 17);

7

- SIX SIS did not solicit clients to invest in the Fairfield Funds or BLMIS. (*Id.* at ¶¶ 12, 16);

- SIX SIS executed transactions solely at the direction of its financial institution clients. (*Id.* at ¶ 17).

- SIX SIS did not conduct due diligence, have investment discretion, or provide advice concerning its clients' investments. (*Id.* at ¶¶ 11–14);

- SIX SIS provided custody and execution services only, none of which activities occurred in the United States. (Id. at ¶¶ 2, 9, 10, 17).

- SIX SIS did not seek and had no ability to profit from funds invested in the Funds; it received only a nominal administrative fee for each transaction. (*Id.* at ¶¶ 15–19).

These facts preclude as a matter of law any finding that SIX SIS "project[ed]" itself into the ongoing commerce in New York.

> **i.     The Fairfield Funds' Contacts with New York Do Not Provide a Basis for this Court to Assert Jurisdiction over SIX SIS**

None of the Trustee's attempts to plead around these conclusive jurisdictional facts has merit. The Trustee first attempts to rely on the Fairfield Funds' (rather than SIX SIS's) contacts with BLMIS in New York – arguing that SIX SIS's knowledge of the Funds' New York contacts is sufficient to support jurisdiction over SIX SIS. This is not correct because third-party contacts cannot support jurisdiction. Rather, jurisdiction can rest only on contacts "the Defendant himself creates." *Waldman v. Palestine Liberation Org.*, 835 F.3d 317, 335 (2d Cir. 2016). Thus, the Funds' contacts with BLMIS provide no support for the Amended Complaint's allegation that SIX SIS "accepted the rights, benefits, privileges, and responsibilities of conducting business and transactions in the United States and New York." (Am. Compl. ¶ 1).

Moreover, as a matter of law, mere knowledge on the part of SIX SIS that Fairfield

Sentry would invest money it raised in the BVI with BLMIS is insufficient to support

jurisdiction.  Settled Supreme Court precedent has "consistently rejected attempts to satisfy the

defendant-focused 'minimum contacts' inquiry by demonstrating contacts between … third

parties and the forum State."  *Walden*, 571 U.S. at 284;  *see also Asahi Metal Indus. Co., Ltd. v.

Superior Court*, 480 U.S. 102, 112 (1987) ("The 'substantial connection' … [for] minimum

contacts must come about by an action of the defendant purposefully directed toward the forum

State.");  *see also Ferrante Equip. Co. v. Lasker-Goldman Corp.*, 31 A.D.2d 355, 356 (1969),

*aff'd*, 26 N.Y.2d 280 (1970) ("The mere receipt by a nonresident of benefit or profit from a

contract performed by others in New York is clearly not an act by the recipient in this State

sufficient to confer jurisdiction under our long arm statute.").

The Trustee then attempts to rely on Fairfield Sentry's use of a correspondent bank

account in New York.  (Am. Compl. ¶ 13).  Even if Fairfield Sentry's banking arrangements

could be attributed to SIX SIS for jurisdictional purposes – which they cannot for the reasons just

stated – this would be insufficient to establish personal jurisdiction over SIX SIS.  As a matter of

law, the mere use of a correspondent account by a foreign entity to clear transfers under a foreign

contract does not confer jurisdiction in the U.S. over the foreign entity.  *See Hau Yin To v. HSBC

Holdings, PLC*, No. 15CV3590, 2017 U.S. Dist. LEXIS 28931, at *6 (S.D.N.Y. Mar. 1, 2017),

*aff'd*, 700 F. App'x 66 (2d Cir. 2017) (rejecting personal jurisdiction over foreign defendants

because their alleged connection to the forum was the transmission of information and funds "to

and from BLMIS . . . [as an] incidental consequence[] of fulfilling a foreign contract");  *Hill v.

HSBC Bank plc*, 207 F. Supp. 3d 333, 339–40 (S.D.N.Y. 2016) (finding transmission of

information and funds to and from BLMIS to be "incidental consequences of fulfilling a foreign

contract . . . insufficient to 'project' the Foreign Defendants into New York" and "not

amount[ing] to 'purposeful availment' of the laws of" the forum); *Tamam v. Fransabank Sal*,

677 F. Supp. 2d 720, 726–27 (S.D.N.Y. 2010) ("[C]ourts in this district have routinely held that

merely maintaining a New York correspondent bank account is insufficient to subject a foreign

bank to personal jurisdiction." (collecting cases)).  It is also settled that sending "payments to

New York merely to ensure compliance with contract terms negotiated and executed outside of

New York does not 'project' a defendant into the state sufficiently to confer personal

jurisdiction." *Letom Mgmt. Inc. v. Centaur Gaming, LLC*, No. 17-CV-3793 (PAE), 2017 WL

4877426, at *7 (S.D.N.Y. Oct. 27, 2017) (fact that contract required payments to New York bank

account did not establish specific jurisdiction).

> ii.    *The Alleged Use of a Bank Account for Routine Transfers in a Lawful,*
> *Commercial Transaction is Not a Basis for Personal Jurisdiction*

Third, the Amended Complaint alleges that SIX SIS designated and used a bank account

in New York to transfer investor funds and receive redemption payments made by the Fairfield

Funds.  (Am. Compl. ¶ 15).   However, the "mere maintenance" of a U.S. bank account, and the

"knowing receipt of funds" through the account does not establish personal jurisdiction.  *See,*

*e.g.*, *In re Sledziejowski*, 2016 WL 6155929, at *7 (Bankr. S.D.N.Y. Oct. 21, 2016);  *Leema*

*Enters., Inc. v. Willi*, 575 F. Supp. 1533, 1537 (S.D.N.Y. 1983).  To the extent SIX SIS used a

New York bank for some of the transfers, such use was incidental to foreign investment contracts

between SIX SIS (on behalf of its foreign investors) and the BVI Fairfield Funds.  *See Hau Yin*

*To v. HSBC Holdings PLC*, No. 15-CV-3590 (LTS), 2017 WL 816136, at *6–7 (S.D.N.Y. Mar.

1, 2017) (contact with U.S. banking system pursuant to foreign feeder fund service contracts

does not support jurisdiction);  *Hill*, 207 F. Supp. 3d at 339–40 (same).

      *iii.*    *Subscription Agreements between SIX SIS and the Fairfield Funds do not Support the Claim that SIX SIS Consented to Jurisdiction in this Dispute*

Finally, the Trustee alleges that "SIX SIS voluntarily executed a subscription agreement each time it invested in Fairfield Sentry or Sigma." (Am. Compl. ¶ 12). In essence, he contends that because those subscription agreements included New York choice of law and choice of forum clauses in the event of a dispute between SIX SIS and the Funds, SIX SIS consented to this Court's jurisdiction over the claims brought against SIX SIS by the Trustee. This argument is a non-sequitur and foreclosed by controlling precedent. Specifically, before this issue came before this Court, the UK Privy Council held in *In Fairfield Sentry Ltd. v. Migani*, that the Subscription Agreement does not govern redemptions from Fairfield Sentry, and that therefore, New York law was inapplicable to redemptions. [2014] UKPC 9, ¶¶ 10, 17, 20. (*See* Ex. 1 to Declaration of Erin Valentine in Support of Defendant's Motion for Summary Judgment, dated July 8, 2022 ("Valentine Decl."). Thereafter, and in light of *Migani*, this Court rejected the Fairfield liquidators' jurisdictional argument based on New York choice of law and forum selection clauses in the subscription agreements. *See Fairfield Sentry Ltd. v. Theodoor GGC Amsterdam (In re Fairfield Sentry Ltd.)*, Ch. 15 Case No. 10-13164, Adv. No. 10-03496, 2020 Bankr. LEXIS 2324, at *31 (Bankr. S.D.N.Y. Aug. 6, 2018) ("*Fairfield I*") (holding "Defendants' consent to the Subscription Agreement does not constitute consent to personal jurisdiction"). Accordingly, choice of law and forum provisions in the Fairfield Funds' subscription agreements, to which neither BLMIS nor Trustee is a party, do not establish jurisdiction for this dispute over SIX SIS by consent.

## D.    The Exercise of Jurisdiction Over SIX SIS is Not Reasonable

Even if the Trustee established that SIX SIS had sufficient contacts to enable this Court to exercise jurisdiction, which it has not, this Court would still have to find the exercise of

11

jurisdiction to be reasonable under the circumstances for it to be consistent with due process. *Volkswagen*, 444 U.S. at 297 ("The Due Process Clause . . . gives a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit.") (citation omitted). When evaluating reasonableness of exercising jurisdiction, the court considers the burden on the defendant, the interests of the forum and the plaintiff's interest in obtaining convenient and effective relief. *In re CIL Lmtd.*, 582 B.R. 46, 79 (S.D.N.Y. 2016); *Asahi Metal Indus. Co.*, 480 U.S. at 113. Where, as here, a defendant's connections with the forum are weak, the bar for showing reasonableness is high. *In re CIL Lmtd.*, 582 B.R. at 79 ("the weaker the plaintiff's showing on minimum contacts, the less a defendant needs to show in terms of unreasonableness to defeat jurisdiction"). Therefore, because the Trustee relies on the most incidental of contacts to establish jurisdiction (*see supra* Sec. II.C), he must make a *stronger showing* that exercise of jurisdiction would be reasonable.

Yet all relevant factors weigh against the exercise of jurisdiction here being reasonable. *First,* the burden of forcing SIX SIS to defend a suit in the United States would be disproportionate to the nominal administrative fees it earned processing its clients' transactions. This is particularly so considering that none of the activities potentially relevant for discovery involved U.S.-based entities or occurred in the United States. All evidence would be located in foreign jurisdictions and would implicate foreign law. In particular, because SIX SIS is a Swiss CSD subject to the Swiss Financial Market Infrastructures Act ("FMIA"), Swiss Data Protection Act, and the Swiss Criminal Code, each of which regulates disclosure. The FMIA provides heightened secrecy and data protection obligations and allows for criminal prosecution for any

violations. (*See e.g.,* Valentine Decl. Ex. 2, Art. 147). These restrictions will limit most cross-border discovery and will require significant legal costs on all parties.

*Finally*, and of equal importance to all of these considerations, effective relief is available to the Trustee in Switzerland. Given the foreign law concerns with litigating here and potential for SIX SIS to face criminal sanctions in Switzerland arising out of cross-border discovery, Switzerland is a more sensible forum for the Trustee.

For all of these reasons, SIX SIS could never reasonably have anticipated that its purely administrative, non-substantive interactions with the Fairfield Funds would provide a basis for it to be haled into court in New York. Therefore, forcing SIX SIS to litigate here is unreasonable. *See e.g.*, *In re CIL Lmtd.*, *supra*, 582 B.R at 80 (finding jurisdiction unreasonable where litigation involved "mostly foreign defendants over a transaction that took place almost entirely outside of the United States").

## II.    THE AMENDED COMPLAINT ESTABLISHES THAT SIX SIS IS ENTITLED TO THE GOOD-FAITH DEFENSE

Under section 550(b), a trustee may not recover from a subsequent transferee who took "for value, including satisfaction or securing of a present or antecedent debt, in good faith, and without knowledge of the voidability of the transfer avoided." 11 U.S.C. § 550(b). Even if the Court had jurisdiction over SIX SIS, it should nonetheless grant this motion to dismiss for the independent reason that the Amended Complaint, on its face, establishes SIX SIS's "good faith" as a matter of law. Specifically, it is clear from the face of the Amended Complaint that SIX SIS took for value, in good faith, and without knowledge of the voidability of the transfer. *See* 11 U.S.C. § 550(b).

## A.  SIX SIS Received the Redemptions for Value

To establish "value" the Code simply requires that a redemption is "sufficient to support a simple contract, analogous to the 'value' required under state law to achieve the status of a bona fide purchaser for value." *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, No. 08-01789, 2021 WL 3477479, at *9 (Bankr. S.D.N.Y. Aug. 6, 2021).  "Value" under section 550(b) is "merely consideration sufficient to support a simple contract, analogous to the 'value' required under state law to achieve the status of a bona fide purchaser for value." *Picard v. ABN Amro Bank N.A. (Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC)*, No. AP 08-01789, 2020 WL 1584491, at *8 (Bankr. S.D.N.Y. Mar. 31, 2020) (*citing* 5 Collier on Bankruptcy ¶ 550.03[1] at 550-25 (Richard Levin & Henry J. Sommer eds., 16th ed. 2019)).

Here, the complaint clearly shows the redemption payments were in exchange for SIX SIS's "redemptions of equity interests," (Am. Comp. ¶¶ 8–16, 70, 74), which "constitutes value for purposes of section 550(b)." *ABN Amro Bank N.A.*, 2020 WL 1584491, at *8 ("Surrendering equity interests constitutes value for purposes of section 550(b) because it is consideration sufficient to support a simple contract."); *Cohen v. (Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC)*, No. 08-01789, 2016 WL 1695296, at *10, *14 (Bankr. S.D.N.Y. Apr. 25, 2016) ("transferee does not give value beyond his deposits of principal" and "[i]n all Ponzi scheme fraudulent transfer litigation, a transferee must return transfers in excess of his principal deposits"); *see also Fairfield Sentry Ltd. v. Migani,* [2014] UKPC 9.  (Valentine Decl. Ex. 1).

14

**B.  It is Clear From the Allegations of the Complaint That SIX SIS Acted in Good Faith and Could Not Have Discovered Madoff's Fraud Where Others Better Situated to do so did not**

The Second Circuit recently held that, in evaluating a claim of good faith in the context of the Trustee's SIPA litigation against subsequent transferees of alleged fraudulent conveyances of BLMIS customer property, courts must examine three factors:

- *First*, what facts the transferee defendant actually knew;

- *Second*, whether these facts put the transferee on inquiry notice of the fraudulent purpose behind a transaction – that is, whether the facts the transferee knew would have led a reasonable person in the transferee's position to conduct further inquiry into a debtor-transferor's possible fraud; and

- *Third*, whether diligent inquiry by the transferee would have discovered the fraudulent purpose of the transfer.

*In re Bernard L. Madoff Inv. Sec. LLC,* 12 F.4th 171, 191 (2d Cir. 2021), cert. denied sub nom. *Citibank, N.A. v. Picard,* 142 S. Ct. 1209, 212 L. Ed. 2d 217 (2022).  An objective, "reasonable person" standard controls in the second and third steps.  *Id.*

Here, the Amended Complaint does not allege any, specific, non-conclusory fact to support an inference that SIX SIS had a basis to suspect fraud.  The reasons for this are obvious: as a central securities depository, SIX SIS merely holds securities on behalf of its clients and administers the settlement of securities transactions.  (Hänseler Decl. at ¶¶ 2–10, 17–18).[1]  SIX

---

[1]  SIX SIS submits the Hänseler Declaration in support of its motion to dismiss for lack of personal jurisdiction.  To the extent that the undisputable facts in the Hänseler Declaration may also be relevant to establish SIX SIS's qualification as a matter of law for the good faith defense created by 11 U.S.C. § 550(b), Rule 12(d) authorizes the Court to treat this motion as one for summary judgment.

1264275.1

SIS executes trades, not on its own behalf, but at the direction of, and for the benefit of, its customers, all of which are financial institutions. (*Id.* at ¶¶ 7, 10, 17). SIX does not exercise any discretion or engage in any due diligence, as it does not recommend trades or make any investment decisions. (*Id.* at ¶¶ 11–14). *See In re Leff*, 631 B.R. 106, 127 (E.D.N.Y. 2021) (dismissing complaint in part based on Section 550(b) good-faith because there was "nothing in the record to suggest that the Defendants were aware of any adverse financial situation the Debtor may have been in during the relevant time periods nor does the record indicate the Defendants had knowledge of such facts that could have put them on notice").

Moreover, the Fairfield Amended Complaint itself demonstrates that a purely ministerial business like SIX SIS could never have been on notice of Madoff's fraud. Specifically, it asserts that Fairfield defendants "misled the SEC," *id.* ¶ 9, "misled ratings agencies," *id.* ¶¶ 263–66, and misled third-party consultants, *id.* ¶ 267. It also asserts that these tactics worked and a host of entities were misled. *id.* ¶¶ 235–262 (alleging that Fairfield "strategized with Madoff to mislead the SEC," "misled third parties," "downplayed investor concerns to induce them to ignore" that "the misappropriation of assets [by BLMIS] was a real threat," and that the SEC "closed its investigation into BLMIS and [Fairfield] in November 2007" without "intend[ing] to recommend any enforcement action against [Fairfield]"). *A priori,* if the Fairfield Defendants successfully concealed the Madoff fraud from regulators and sophisticated market participants, all of whose business was to look for and guard against fraud, there is no possibility that a purely ministerial actor such as SIX SIS, with neither the responsibility nor capability to evaluate securities transactions, could have known of any impropriety. The Amended Complaint's conclusory assertions to the contrary cannot survive a motion to dismiss. *BLD Prods., LLC v. Viacom, Inc.*, 2011 WL 1327340, at *10 (S.D.N.Y. Mar. 31, 2011), *aff'd in relevant part*, vacated in part,

16

remanded sub nom, *BLD Prods., LLC v. Remote Prods., Inc.*, 509 F. App'x 81 (2d Cir. 2013)

(this "Court need not accept factual allegations that are conclusory, implausible, or contradicted

by exhibits to a complaint").

In short, the allegations of the Fairfield Amended Complaint itself establish that a diligent

inquiry would not have uncovered the Madoff fraud, mandating dismissal as a matter of law.

*Jones v. Bock*, 549 U.S. 199, 215 (2007) ("Whether a particular ground for opposing a claim may

be the basis for dismissal for failure to state a claim depends on whether the allegations in the

complaint suffice to establish that ground");  *Gilmore v. Rivera*, 2014 WL 1998227, at *2

(S.D.N.Y. May 14, 2014) ("Dismissal under Fed. R. Civ. P. (12)(b)(6) is also proper if an

affirmative defense, or other bar to relief, is apparent from the face of the complaint.").

## CONCLUSION

For the foregoing reasons, the Amended Complaint should be dismissed with prejudice.

17

1264275.1

Dated: New York, New York
      July 8, 2022

CHAFFETZ LINDSEY LLP

By:     /s/  Andreas Frischknecht
        Andreas Frischknecht
        Erin Valentine

1700 Broadway, 33rd Floor
New York, New York 10019
Tel. (212) 257-6960
Fax (212) 257-6950
Andreas.Frischknecht@chaffetzlindsey.com
Erin.Valentine@chaffetzlindsey.com

Attorneys for SIX SIS AG

18