# EXHIBIT B

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>    Plaintiff-Applicant,<br> v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>    Defendant. | Adv. Pro. No. 08-01789 (CGM)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>    Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff,<br><br>    Plaintiff,<br> v.<br><br>BANK VONTOBEL AG f/k/a BANK J. VONTOBEL & CO. AG and VONTOBEL ASSET MANAGEMENT INC.,<br><br>    Defendants. | Adv. Pro. No. 12-01202 (CGM) |

## STIPULATION AND ORDER

  Irving H. Picard, as trustee (the "Trustee") for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa-lll, and the estate of Bernard L. Madoff, and the defendants in this action Bank Vontobel AG f/k/a Bank J. Vontobel & Co. AG ("Bank Vontobel") and Vontobel Asset Management ("Vontobel Management," and together with Bank Vontobel, the "Defendants,") by and through their respective undersigned counsel, hereby stipulate and agree as follows:

1

**WHEREAS**, on March 22, 2012, the Trustee filed his original complaint ("Complaint") in the above-captioned adversary proceeding against Defendants (together with the Trustee, the "Parties") to recover subsequent transfers Defendants allegedly received from Fairfield Sentry Limited ("Fairfield Sentry"), Fairfield Sigma Limited ("Fairfield Sigma"), Kingate Global Fund Ltd. ("Kingate Global") and Kingate Euro Fund Ltd. ("Kingate Euro," together with Kingate Global, "Kingate Funds") ECF No. 1; and

**WHEREAS**, on August 6, 2019, the Court entered an Order Pursuant to Section 105(a) of the Bankruptcy Code and Rules 2002 and 9019 of the Federal Rules of Bankruptcy Procedure approving a settlement agreement ("Settlement Agreement") by and among the Trustee and the Kingate Funds. *Picard v. Ceretti*, Adv. Pro. No. 09-01161 (CGM) (Bankr. S.D.N.Y. Aug. 6, 2019), ECF No. 417. The Settlement Agreement was a full and final settlement and satisfaction of the Trustee's claims against the Kingate Funds. *Picard v. Ceretti*, Adv. Pro. No. 09-01161 (CGM) (Bankr. S.D.N.Y. July 17, 2019), ECF No. 413-2. The release granted by the Trustee in the Settlement Agreement extended to the Kingate Funds' shareholders to the extent that any such shareholders, like Bank Vontobel, received transfers of money from the Kingate Funds but did not include a release of claims that the Trustee may bring that are unrelated to the Kingate Funds' investments in or withdrawals from BLMIS. *Id.*;

**IT IS HEREBY STIPULATED AND AGREED**, that:

1.  Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, as incorporated by Rule 7015 of the Federal Rules of Bankruptcy Procedure, and Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, as incorporated by Rule 7041 of the Federal Rules of Bankruptcy Procedure, the Trustee amends his Complaint to dismiss Count One against Bank Vontobel. Specifically, the Trustee's claims to recover subsequent transfers that Bank Vontobel allegedly received from Kingate Global, totaling approximately $1,889,529, are hereby dismissed with prejudice.

2. Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, as incorporated by Rule 7015 of the Federal Rules of Bankruptcy Procedure, and Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, as incorporated by Rule 7041 of the Federal Rules of Bankruptcy Procedure, the Trustee amends his Complaint to dismiss Count Two against Bank Vontobel. Specifically, the Trustee's claims to recover subsequent transfers that Bank Vontobel allegedly received from Kingate Euro, totaling approximately $306,373, are hereby dismissed with prejudice.

3. Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, as incorporated by Rule 7015 of the Federal Rules of Bankruptcy Procedure, and Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, as incorporated by Rule 7041 of the Federal Rules of Bankruptcy Procedure, the Trustee amends his Complaint to dismiss with prejudice Count Three of the Complaint solely as to the Trustee's claims to recover subsequent transfers that Defendants allegedly received from Fairfield Sentry on or about March 14, 2003 and April 14, 2003, in the amounts of $325,000 and $330,000, respectively, as identified on Exhibit J to the Complaint.

4. Except as expressly set forth herein, this Stipulation has no effect on Count Three of the Complaint as to any other alleged transfers identified in the Complaint, including the other alleged transfers identified on Exhibits G, H, I, J, K and L to the Complaint. Accordingly, the Trustee continues to seek recovery of the remaining subsequent transfers that Defendants allegedly received from Fairfield Sentry totaling $25,737,379 and from Fairfield Sigma totaling $1,163,932.

5. Defendants will answer, move or otherwise respond to the Complaint, as amended pursuant to paragraphs 1 through 4, above, on or before June 24, 2022. If Defendants file a motion to dismiss the Complaint, such motion shall set forth any and all grounds for dismissal at the pleading stage.

6. The Trustee will file any opposition to Defendants' motion on or before August 23, 2022.

7. Defendants will file any reply brief in support of their motion on or before September 22, 2022.

8. If Defendants file such a motion to dismiss the Complaint, then the parties shall seek oral argument on the motion at the Court's first available convenience.

9. Except as expressly set forth herein, the Parties reserve all rights and defenses they may have, and entry into this Stipulation shall not impair or otherwise affect such rights and defenses, including without limitation any defenses based on lack of jurisdiction.

10. The above deadlines granted by this Stipulation are without prejudice to either party seeking future extensions of time.

11. This Stipulation may be signed by the Parties in any number of counterparts, each of which when so signed shall be an original, but all of which shall together constitute one and the same instrument. A signed facsimile, photocopy, or electronic copy of this Stipulation shall be deemed an original.

Dated: April 22, 2022
      New York, New York

/s/ *Chardaie Charlemagne*
**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: 212.589.4200
Facsimile: 212.589.4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Chardaie C. Charlemagne
Email: ccharlemagne@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff*

/s/ *Gregory Hauser*
**Wuersch & Gering LLP**
100 Wall Street, 10th Floor
New York, New York 10005
Telephone: (212) 509-4717
Facsimile: (212) 509-5050
Gregory Hauser
Email: gregory.hauser@wg-law.com

*Attorneys for Defendants Bank Vontobel AG f//a Bank J. Vontobel & Co. AG and Vontobel Asset Management*

4

**Windels Marx Lane & Mittendorf, LLP**
156 West 56th Street
New York, New York 10019
Telephone: (212) 237-1000
Facsimile: (212) 262-1215
Howard L. Simon
Email: hsimon@windelsmarx.com
John J. Tepedino
Email: jtepedino@windelsmarx.com

*Special Counsel for Irving H. Picard,
Trustee for the Substantively Consolidated
SIPA Liquidation of Bernard L. Madoff
Investment Securities LLC and the Chapter
7 Estate of Bernard L. Madoff*

**SO ORDERED.**



**Dated: April 25, 2022
Poughkeepsie, New York**

/s/ Cecelia G. Morris
_____
**Hon. Cecelia G. Morris
U.S. Bankruptcy Judge**