BEFORE THE
HONORABLE CECELIA G. MORRIS, JUDGE OF
THE UNITED STATES BANKRUPTCY COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

───────────────────────

Adv. Pro. No. 12-01565 (CGM)

───────────────────────

**IRVING H. PICARD *v.* STANDARD CHARTERED FINANCIAL SERVICES**, *et al*

───────────────────────

# FINN DECLARATION EXHIBIT D

# NOVATION AGREEMENT BETWEEN FAIRFIELD GREENWICH LIMITED AND AMERICAN EXPRESS BANK LTD. AND CHARTERED BANK, DATED JULY 14, 2008

THIS **NOVATION AGREEMENT** is made the 14th day of July 2008

BETWEEN:

1. **FAIRFIELD GREENWICH LIMITED** ("**Fairfield**") which acts as the placement agent to certain offshore hedge funds, with its principal office located at 919 Third Avenue, 39th Floor, New York, NY 10022, USA

2. **AMERICAN EXPRESS BANK LTD.**, a company incorporated under the laws of the State of Connecticut, having its registered office at World Financial Center, 200 Vesey Street, New York, NY 10285 (the "**Distributor**")

AND

3. **STANDARD CHARTERED BANK**, a company incorporated in England by Royal Charter 1853, whose principal office is at 1 Aldermanbury Square, London EC2V 7SB and having an office at 51 Bras Basah Road, Plaza ByThe Park #09-00, Singapore 189554, contracting on behalf of its branches and subsidiaries (the "**Bank**")

WHEREAS:

(A) By a Private Distribution Agreement dated 7 September 2006 and made between Fairfield and the Distributor (the "Agreement"), Fairfield appointed the Distributor as a distributor of the Shares in its Funds on the terms thereof

(B) Effective 29 February 2008, the Bank completed its acquisition of the Distributor

(C) The Bank wishes to distribute the Shares to its clients, as well as to clients of the Distributor's offices

(D) The Distributor wishes to be released and discharged from the Agreement and Fairfield has agreed to release and discharge the Distributor from the Agreement upon the terms of the Bank's undertaking to perform the Agreement and be bound by its terms in the place of the Distributor

NOW IT IS AGREED as follows:-

1. **INTERPRETATION**

1.1 In this Novation Agreement, unless otherwise specified:

(A) terms defined in the Agreement shall have the same meanings herein; and

(B) headings to clauses and schedules are for convenience only and do not affect the interpretation of this Novation Agreement.

2.  **BANK'S UNDERTAKING**

    With effect from 1 July, 2008 ("Effective Date") and in consideration of the undertakings given by Fairfield in <u>Clause 3</u>, the Bank hereby undertakes to observe, perform, discharge and be bound by the Agreement as if the Bank were a party to the Agreement in the place of the Distributor. Notwithstanding this undertaking, nothing in this Novation Agreement shall:

    (A)   require the Bank to perform any obligation created by or arising under the Agreement falling due for performance, or which should have been performed, before the Effective Date or to pay for any product or service delivered or supplied to the Distributor before the Effective Date;

    (B)   make the Bank liable for any act, neglect, default or omission in respect of the Agreement committed by the Distributor or occurring before the Effective Date; or

    (C)   impose any obligation on the Bank for or in respect of any product delivered by the Distributor or any service performed by the Distributor before the Effective Date.

3.  **FAIRFIELD'S UNDERTAKING AND RELEASE OF DISTRIBUTOR**

    3.1   With effect from the Effective Date and in consideration of the undertakings given by the Bank in <u>Clause 2</u> and the Distributor in <u>Clause 4</u>, Fairfield hereby:

    (A)   releases and discharges the Distributor from all obligations to observe, perform, discharge and be bound by the Agreement

    (B)   accepts the Bank's undertaking to observe, perform, discharge and be bound by the Agreement (such undertaking being set out in <u>Clause 2</u>); and

    (C)   agrees to observe, perform, discharge and be bound by the Agreement as if the Bank were a party to the Agreement in the place of the Distributor.

    3.2   Notwithstanding the provisions of <u>sub-clause 3.1(A)</u>, nothing in this Novation Agreement shall affect or prejudice any claim or demand whatsoever which Fairfield may have against the Distributor in relation to the Agreement and arising out of matters prior to the Effective Date.

4.  **DISTRIBUTOR'S UNDERTAKING AND RELEASE OF FAIRFIELD**

    With effect from the Effective Date and in consideration of the undertakings given by Fairfield in <u>Clause 3</u>, the Distributor hereby releases and discharges Fairfield from all obligations to observe, perform, discharge and be bound by the Agreement. Notwithstanding this undertaking and release, nothing in this Novation Agreement shall affect or prejudice any claim or demand whatsoever which the Distributor may have

against Fairfield in relation to the Agreement and arising out of matters prior to the Effective Date.

5. **INDEMNITY**

    The Distributor hereby undertakes to indemnify the Bank in respect of all liabilities, losses, charges, costs, claims or demands incurred or made by the Bank in relation to the Agreement and arising from acts or omissions of the Distributor prior to the Effective Date.

6. **VARIATION**

    With effect from the Effective Date, Fairfield and the Bank agree that the Agreement shall be read and construed as though Clause 11 were deleted.

7. **NOTICES**

    For the purposes of all provisions in the Agreement concerning the service of notices, the address of the Bank is its office as shown above.

8. **LAW AND JURISDICTION**

    This Novation Agreement shall be governed by and construed in accordance with English law.

**IN WITNESS** whereof this Novation Agreement has been signed the day and year first above written

SIGNED by
for and on behalf of
**FAIRFIELD GREENWICH LIMITED**
in the presence of:-

*[signature]*, Mark McKeefry, Executive Director

SIGNED by
for and on behalf of
**AMERICAN EXPRESS BANK LTD.**
In the presence of:-

Joe Hardiman

THOMAS ROGERS
Notary Public, State of New York
No. 01RO6134625
Qualified in New York County
Commission Expires Oct. 3, 2009
July 14, 2008

SIGNED by
for and on behalf of
**STANDARD CHARTERED BANK**
in the presence of:-

Bryan Henning
Global Product Head, Wealth Management
Consumer Banking

THIS **NOVATION AGREEMENT** is made the 14th day of July 2008

BETWEEN:

1.  **FAIRFIELD GREENWICH LIMITED** ("**Fairfield**") which acts as the placement agent to certain offshore hedge funds, with its principal office located at 919 Third Avenue, 39th Floor, New York, NY 10022, USA

2.  **AMERICAN EXPRESS BANK LTD.**, a company incorporated under the laws of the State of Connecticut, having its registered office at World Financial Center, 200 Vesey Street, New York, NY 10285 (the "**Distributor**")

AND

3.  **STANDARD CHARTERED BANK**, a company incorporated in England by Royal Charter 1853, whose principal office is at 1 Aldermanbury Square, London EC2V 7SB and having an office at 51 Bras Basah Road, Plaza ByThe Park #09-00, Singapore 189554, contracting on behalf of its branches and subsidiaries (the "**Bank**")

WHEREAS:

(A) By a Private Distribution Agreement dated 7 September 2006 and made between Fairfield and the Distributor (the "Agreement"), Fairfield appointed the Distributor as a distributor of the Shares in its Funds on the terms thereof

(B) Effective 29 February 2008, the Bank completed its acquisition of the Distributor

(C) The Bank wishes to distribute the Shares to its clients, as well as to clients of the Distributor's offices

(D) The Distributor wishes to be released and discharged from the Agreement and Fairfield has agreed to release and discharge the Distributor from the Agreement upon the terms of the Bank's undertaking to perform the Agreement and be bound by its terms in the place of the Distributor

NOW IT IS AGREED as follows:-

1.  **INTERPRETATION**

1.1 In this Novation Agreement, unless otherwise specified:

(A) terms defined in the Agreement shall have the same meanings herein; and

(B) headings to clauses and schedules are for convenience only and do not affect the interpretation of this Novation Agreement.

2. **BANK'S UNDERTAKING**

With effect from 1 July, 2008 ("Effective Date") and in consideration of the undertakings given by Fairfield in Clause 3, the Bank hereby undertakes to observe, perform, discharge and be bound by the Agreement as if the Bank were a party to the Agreement in the place of the Distributor. Notwithstanding this undertaking, nothing in this Novation Agreement shall:

(A) require the Bank to perform any obligation created by or arising under the Agreement falling due for performance, or which should have been performed, before the Effective Date or to pay for any product or service delivered or supplied to the Distributor before the Effective Date;

(B) make the Bank liable for any act, neglect, default or omission in respect of the Agreement committed by the Distributor or occurring before the Effective Date; or

(C) impose any obligation on the Bank for or in respect of any product delivered by the Distributor or any service performed by the Distributor before the Effective Date.

3. **FAIRFIELD'S UNDERTAKING AND RELEASE OF DISTRIBUTOR**

3.1 With effect from the Effective Date and in consideration of the undertakings given by the Bank in Clause 2 and the Distributor in Clause 4, Fairfield hereby:

(A) releases and discharges the Distributor from all obligations to observe, perform, discharge and be bound by the Agreement

(B) accepts the Bank's undertaking to observe, perform, discharge and be bound by the Agreement (such undertaking being set out in Clause 2); and

(C) agrees to observe, perform, discharge and be bound by the Agreement as if the Bank were a party to the Agreement in the place of the Distributor.

3.2 Notwithstanding the provisions of sub-clause 3.1(A), nothing in this Novation Agreement shall affect or prejudice any claim or demand whatsoever which Fairfield may have against the Distributor in relation to the Agreement and arising out of matters prior to the Effective Date.

4. **DISTRIBUTOR'S UNDERTAKING AND RELEASE OF FAIRFIELD**

With effect from the Effective Date and in consideration of the undertakings given by Fairfield in Clause 3, the Distributor hereby releases and discharges Fairfield from all obligations to observe, perform, discharge and be bound by the Agreement. Notwithstanding this undertaking and release, nothing in this Novation Agreement shall affect or prejudice any claim or demand whatsoever which the Distributor may have

against Fairfield in relation to the Agreement and arising out of matters prior to the Effective Date.

5. **INDEMNITY**

The Distributor hereby undertakes to indemnify the Bank in respect of all liabilities, losses, charges, costs, claims or demands incurred or made by the Bank in relation to the Agreement and arising from acts or omissions of the Distributor prior to the Effective Date.

6. **VARIATION**

With effect from the Effective Date, Fairfield and the Bank agree that the Agreement shall be read and construed as though Clause 11 were deleted.

7. **NOTICES**

For the purposes of all provisions in the Agreement concerning the service of notices, the address of the Bank is its office as shown above.

8. **LAW AND JURISDICTION**

This Novation Agreement shall be governed by and construed in accordance with English law.

**IN WITNESS** whereof this Novation Agreement has been signed the day and year first above written

SIGNED by
for and on behalf of        *[signature]*, Mark McKeefry, Executive Director
**FAIRFIELD GREENWICH LIMITED**
in the presence of:-

*[signature]*
THOMAS ROGERS
Notary Public, State of New York
No. 01RO6134625
Qualified in New York County
Commission Expires Oct. 3, 2009
July 14, 2008

SIGNED by
for and on behalf of        Joe Hardiman
**AMERICAN EXPRESS BANK LTD.**
In the presence of:-

SIGNED by
for and on behalf of        *[signature]*    Bryan Henning
**STANDARD CHARTERED BANK**                 Global Product Head, Wealth Management
in the presence of:-                        Consumer Banking