**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>　　　　Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>　　　　Defendant. | Adv. Pro. No. 08-01789 (CGM)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>　　　　Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff,<br><br>　　　　Plaintiff,<br><br>v.<br><br>BARFIELD NOMINEES LIMITED, and NORTHERN TRUST CORPORATION,<br><br>　　　　Defendant. | Adv. Pro. No. 12-01669 (CGM) |

**STIPULATION AND ORDER TO DISMISS DEFENDANT**
**NORTHERN TRUST CORPORATION WITHOUT PREJUDICE**

Plaintiff Irving H. Picard (the "Trustee"), as trustee for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities ("BLMIS") and the estate of Bernard L. Madoff, and defendants Barfield Nominees Limited ("Barfield") and Northern Trust Corporation

("Northern Trust") (and together with the Trustee, the "Parties" and each a "Party"), by and through their respective, undersigned counsel, stipulate (the "Stipulation and Order") as follows:

**WHEREAS**, on May 25, 2012, the Trustee commenced the above-captioned adversary proceeding (the "Adversary Proceeding") by filing a complaint (the "Complaint") against Barfield and Northern Trust to recover subsequent transfers allegedly received from Fairfield Sentry Limited ("Fairfield Sentry"), and Kingate Global Fund, Ltd. ("Kingate Global"). ECF No. 1;

**WHEREAS**, on March 8, 2022, as a result of a settlement by and among the Trustee and Kingate Global and Kingate Euro Fund, Ltd. (the "Kingate Funds"), the Trustee dismissed Count Two of his Complaint against Barfield and Northern Trust (ECF No. 85) regarding the Trustee's claims against the Kingate Funds. *Picard v. Ceretti*, Adv. Pro. No. 09-01161 (CGM) (Bankr. S.D.N.Y. Aug. 6, 2019), ECF Nos. 413-2, 417;

**WHEREAS**, on April 28, 2022, Barfield and Northern Trust filed a motion to dismiss (the "Motion") the Trustee's Complaint. ECF No. 88;

**WHEREAS**, on June 27, 2022, the Trustee filed a memorandum of law in opposition to the Motion (the "Opposition"). ECF No. 93;

**WHEREAS**, Northern Trust represents and warrants that it is not a mediate or intermediate transferee, as those terms are used in 11 U.S.C. § 550(a), of BLMIS customer property, as defined by 15 U.S.C. § 78*lll*(4) ("BLMIS Customer Property");

**WHEREAS**, Barfield represents and warrants that, in the event the Trustee obtains a judgment to recover all or some of the Fairfield Sentry Subsequent Transfers, as defined in the Complaint and listed on Exhibit C thereof, or the value of said transfers, Barfield has the wherewithal to satisfy such a potential judgment; and

29545175

2

**WHEREAS**, on July 8, 2022, the Parties conferred, and as set forth below, have agreed to dismiss Northern Trust from the Adversary Proceeding without prejudice.

**IT IS HEREBY STIPULATED AND AGREED**, by and between the Parties, and **SO ORDERED**, by the Court:

1. In the event the Trustee seeks to amend the Complaint after learning through discovery that Northern Trust received transfers alleged in the Complaint, Barfield and Northern Trust hereby stipulate and agree that such amended complaint will relate back to the date of the Trustee's Complaint pursuant to Rule 15(c)(1) of the Federal Rules of Civil Procedure, to the extent the amendment concerns the transfers alleged in the Complaint.

2. In the event the Trustee seeks to amend the Complaint after learning through discovery that Northern Trust received BLMIS Customer Property other than transfers alleged in the Complaint ("Newly Discovered Transfers"), Barfield and Northern Trust hereby stipulate and agree to toll claims by the Trustee to recover the amount of the Newly Discovered Transfers as of the date of this Stipulation and Order through the earlier of, (i) the entry of a final, non-appealable order regarding a motion for leave to amend the Complaint to add the Newly Discovered Transfers, or (ii) the filing of an amendment to the Complaint.

3. Except as provided in paragraphs 1 and 2 above, nothing in this Stipulation and Order shall limit or impact any rights, objections and/or affirmative defenses that Barfield or Northern Trust may otherwise have with respect to the claims asserted against them by the Trustee. For the avoidance of doubt, except as expressly set forth herein, the Parties reserve all rights, claims, and/or defenses they may have, and entry into this Stipulation and Order shall not impair or otherwise affect any such rights, claims, and/or defenses.

4. Northern Trust authorizes its undersigned counsel, and Northern Trust's undersigned counsel agrees, to accept service of any discovery subpoena the Trustee issues to Northern Trust in the Adversary Proceeding. Nothing in this Stipulation and Order shall limit Northern Trust's defenses and objections with respect to responding to any such discovery subpoena.

5. Northern Trust agrees to maintain its litigation hold over any and all documents related to or associated with the facts and allegations referenced in and/or asserted by the Parties in the Complaint, Motion, or Opposition.

6. Based on the foregoing and pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, as incorporated by Rule 7041 of the Federal Rules of Bankruptcy Procedure, and subject to this Stipulation and Order, the Trustee hereby dismisses Northern Trust from the Adversary Proceeding without prejudice.

7. The Clerk of the Court is hereby directed to amend the caption to remove Northern Trust Corporation as a defendant, as reflected in Exhibit A to this Stipulation.

8. The Parties may sign this Stipulation and Order in any number of counterparts, each of which when so signed shall be an original, but all of which shall together constitute one and the same instrument. A signed facsimile, photostatic, or electronic copy of this stipulation shall be deemed an original.

[*Signature Page Follows*]

Dated: July 21, 2022
      New York, New York

| **YOUNG CONAWAY STARGATT & TAYLOR, LLP** | **KATTEN MUCHIN ROSENMAN LLP** |
|---|---|
| By: /s/ *Matthew B. Lunn* | By: /s/ *Mark T. Ciani* |
| Rockefeller Center | 575 Madison Avenue |
| 1270 Avenue of the Americas, Suite 2210 | New York, New York 10022 |
| New York, New York 10020 | Telephone: (212) 940-8800 |
| Telephone: (212) 332-8840 | Facsimile: (212) 940-6649 |
| Facsimile: (212) 332-8855 | Mark T. Ciani |
| Matthew B. Lunn | mark.ciani@katten.com |
| Email: mlunn@ycst.com | Anthony L. Paccione |
| Justin P. Duda | anthony.paccione@katten.com |
| Email: jduda@ycst.com | |
| Roxanne M. Eastes | *Attorneys for Defendants Barfield Nominees Limited and Northern Trust Corporation* |
| Email: reastes@ycst.com | |
| | |
| *Attorneys for Plaintiff Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff* | |

**Dated: July 22, 2022**
**Poughkeepsie, New York**



**/s/ Cecelia G. Morris**
_____
**Hon. Cecelia G. Morris**
**U.S. Bankruptcy Judge**

29545175

5