# EXHIBIT 15

**CHAITMAN LLP**
Helen Davis Chaitman
hchaitman@chaitmanllp.com
465 Park Avenue
New York, New York 10022
Phone & Fax: 888-759-1114

*Attorneys for Barbara L. Savin as the legal representative of Robert S. Savin*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br> Plaintiff-Applicant, <br><br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br> Defendant. | No. 08-1789 (SMB) <br><br> SIPA LIQUIDATION <br><br> (Substantively Consolidated) |
| In re: <br><br> BERNARD L. MADOFF, <br><br> Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, <br><br> Plaintiff, <br><br> v. <br><br> ROBERT S. AVIN, <br><br> Defendant. | Adv. Pro. No. 10-04889 (SMB) |

{00022948 1 }

# AMENDED RESPONSES AND OBJECTIONS OF DEFENDANT ROBERT S. SAVIN TO TRUSTEE'S FIRST SET OF INTERROGATORIES

Barbara L. Savin, as the legal representative of Robert S. Savin ("Responding Party"), by and through her attorneys, and pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Rules 7026 and 7033 of the Federal Rules of Bankruptcy Procedure, and the Local Rules of this Court, hereby responds and objects to the First Set of Interrogatories (the "Requests") of trustee Irving H. Picard (the "Trustee") as follows:

## GENERAL OBJECTIONS

1. Responding Party objects to each instruction, definition, and Request to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2. Responding Party objects to each instruction, definition, and Request to the extent it is vague, ambiguous, overly broad and unduly burdensome, or requests the production of documents that are not relevant to any parties' claims or defenses.

3. Responding Party objects to the Requests to the extent they request disclosure of (i) legal theories, legal opinions, mental impressions or other information of Responding Parties' counsel, (ii) any information protected by any privilege, including, without limitation, the attorney-client privilege or the privilege afforded to settlements or settlement negotiations, or (iii) any other available and valid grounds for withholding information or documents from production, including, without limitation, the attorney work product doctrine. Nothing contained in these responses should be interpreted as a waiver of any such privilege or doctrine.

4. Responding Party objects to the Requests to the extent they require production of documents not within the possession, custody, or control of the Responding Party.

5. Responding Party objects to the Requests to the extent they call for legal conclusions.

6. Responding Party objects to the Requests to the extent they seek disclosure of proprietary and/or confidential information.

7. Responding Party objects to each definition, instruction, and Request as overbroad and unduly burdensome to the extent it seeks documents that are readily or more accessible to the Propounding Party from its own files or documents, which the Propounding Party previously produced to the Responding Party.

8. Responding Party reserves all objections as to the competence, relevance, materiality, admissibility, or privileged status of any information provided in response to these Requests, unless the Responding Party specifically states otherwise.

9. Responding Party's responses to the Requests are based upon information presently available. Responding Party has not completed discovery. Accordingly, these responses are made without prejudice to Responding Party's right to present additional evidence based upon information subsequently obtained or evaluated.

10. Responding Party expressly reserves the right to supplement, clarify, revise, or correct any responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

11. Responding Party's response to each of the Requests is made subject to these General Objections and limitations. Responding Party sets them out here to avoid repeating them in response to each individual Request. Responding Party's failure to specifically set forth an objection in response to a particular Request shall not be construed as a waiver of said objection.

12. Responding Party objects to the Requests to the extent that they seek disclosure of information or production of documents which are outside of the "Applicable Period" or for a time

period that has no relevance to the issues in the complaint and answer.

## RESPONSES AND OBJECTIONS

1. Identify each Person who was involved in answering these discovery requests and explain each Person's role in answering these discovery requests.

**ANSWER:** **Barbara L. Savin as the legal representative of Robert S. Savin.**

2. Identify the reasons for each Transfer.

**ANSWER:** **Withdrawals were taken to pay applicable taxes on the reported short term capital gains in the Account and for the living expenses of Robert S. Savin.**

3. Identify the reasons for each Subsequent Transfer.

**ANSWER:** **Responding Party refuses to answer this interrogatory because it is improper and it is unethical for the Trustee to be seeking information concerning subsequent transfers in order to frame a complaint against subsequent transferees.**

4. Identify each deposit into the Account.

**ANSWER:** **Responding Party is unable to do so. Responding Party did not keep records of deposits and withdrawals. To the extent that the Trustee has reliable third party documents proving a deposit (such as Madoff's bank records), Responding Party will acknowledge that deposit. However, as the Trustee has admitted, Madoff's records are permeated with fraud and, therefore, they cannot be relied upon to prove any withdrawals.**

5. Identify each Person with knowledge of any Transfer, the circumstances under which each Person obtained such knowledge, and the substance of that Person's knowledge.

**ANSWER:** **Annette Bongiorno; Bernard L. Madoff and possibly other Madoff employees. To the extent this interrogatory seeks information about subsequent transferees, the interrogatory is improper and it is unethical for the Trustee to be seeking this information in order to frame a complaint.**

{00022948 1 }                                      4

6. Identify: (a) each Person or entity that ever received funds withdrawn from the Account, whether directly or indirectly; (b) the amount of money that each such Person or entity received; and (c) the date(s) on which each Person or entity received such money.

**ANSWER: Responding Party is unable to do so. To the extent this interrogatory seeks information about subsequent transferees, the interrogatory is improper, seeks information which is irrelevant, and it is unethical for the Trustee to be seeking this information in order to frame a complaint against subsequent transferees.**

7. Identify all Persons who benefited from any Transfer, including, but not limited to, Persons who received or enjoyed the benefit of anything paid for with any funds that were part of any Transfer, and describe how these Persons benefited.

**ANSWER: Withdrawals from the Account benefited the Account holder, Robert S. Savin, and the taxing authorities. To the extent the Trustee seeks information about subsequent transferees, it is unethical for him to do so in order to frame a complaint and the information is irrelevant to any of the issues in the case.**

8. To the extent not already provided in Your responses to the preceding Interrogatories, state how You used any money You received from the Transfers.

**ANSWER: Robert S. Savin paid taxes on the reported short term capital gains in the Account. The balance of the funds were used for Robert S. Savin's living expenses.**

9. Identify any and all banks and/or financial institutions where You hold or have held accounts during the Applicable Period, and for each account, give the account number, the date the account was opened, and the date the account was closed.

**ANSWER: Responding Party admits the deposits and withdrawals reflected on Exhibit B to the complaint for the period from December 11, 2006 on. Thus the Trustee has no right to any bank information covering that period and beyond that seeks such information**

{00022948 1 }    5

**for the improper purpose of taking discovery as to subsequent transferees in order to frame a complaint.**

10.     Identify any instance when You communicated to BLMIS any disagreement with respect to the accuracy of the withdrawals reflected on the customer statements.

**ANSWER:    Responding Party cannot recall.**

11.     For each denial of a material allegation and each affirmative defense in Your answer to the Complaint:

      a.     state all facts upon which You base the denial or affirmative defense;

      b.     state the names, addresses, and telephone numbers of all Persons who have knowledge of those facts; and

      c.     Identify all Documents and other tangible things that support Your denial or affirmative defense, and state the name, address, and telephone number of the Person who has each Document.

**ANSWER:    Most of the affirmative defenses are based on legal arguments. However:**

**(a)    The defense concerning payment of short term capital gains taxes is based upon Responding Party's testimony as to the payment of taxes at the applicable tax rates for each year of the Account and the reported income as reflected in Madoff's statements which are in the Trustee's possession.**

**(b)    The defense concerning Madoff not being a Ponzi scheme is based upon the non-investment advisory activities of Madoff as reflected in documents in the Trustee's possession and upon the testimony of Bernard L. Madoff and various employees (yet to be identified) who worked in the propriety trading and market-making operations.**

**(c)** The defense concerning the denial of the Trustee's determination of "net equity" is based upon the Trustee's dishonest treatment of profit withdrawals and his admission that Madoff's records are "permeated with fraud."

**(d)** The defense concerning the Trustee's due process violations is based upon the Trustee's compensation structure with Baker & Hostetler, LLP which the Trustee is obligated to disclose.

**(e)** The defense concerning the "value" bestowed on Madoff by Defendants is based, in part, upon expert testimony that Defendants intend to develop.

August 11, 2016

        **CHAITMAN LLP**
        By: /s/ *Helen Davis Chaitman*
        465 Park Avenue
        New York, New York 10022
        Phone & Fax: 888-759-1114
        hchaitman@chaitmanllp.com

        *Attorneys for Barbara L. as the legal representative of Robert S. Savin*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>          Plaintiff-Applicant,<br>v.<br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>          Defendant. | No. 08-1789 (SMB)<br>SIPA LIQUIDATION<br>(Substantively Consolidated) |
| In re:<br>BERNARD L. MADOFF,<br>          Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff,<br><br>          Plaintiff,<br>v.<br>ROBERT S. SAVIN,<br><br>          Defendants. | Adv. Pro. No. 10-04889 (SMB)<br><br>VERIFICATION |

  I, BARBARA L. SAVIN, as the legal representative of ROBERT S. SAVIN, declare pursuant to 28 U.S.C. § 1746, that I have read the foregoing amended interrogatory answers and that the responses contained therein are true and correct to the best of my knowledge, information and belief. I understand that if any of these responses is found to be willfully false, I am subject to punishment.

8/11, 2016

                          /s/ Barbara L. Savin
                          Barbara L. Savin

{N0047184 }              1

# CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served this 31st day of August, 2016 by electronic and U.S. First Class Mail upon the following:

**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone:  (212) 589-4200
Facsimile:  (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Keith R. Murphy
Email:  kmurphy@bakerlaw.com
Elyssa S. Kates
Email:  ekates@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

        **CHAITMAN LLP**
        By:  /s/  *Helen Davis Chaitman*
        465 Park Avenue
        New York, New York 10022
        Phone & Fax: 888-759-1114
        hchaitman@chaitmanllp.com

        *Attorneys for Barbara L. Savin as the legal representative of Robert S. Savin*

**CHAITMAN LLP**
Helen Davis Chaitman
hchaitman@chaitmanllp.com
465 Park Avenue
New York, New York 10022
Phone & Fax: 888-759-1114

*Attorneys for Barbara L. Savin as the legal representative of Robert S. Savin*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>        Plaintiff-Applicant,<br><br>      v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>        Defendant. | No. 08-1789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>        Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff,<br><br>        Plaintiff,<br><br>      v.<br><br>ROBERT S. SAVIN,<br><br>        Defendant. | Adv. Pro. No. 10-04889 (SMB) |

**AMENDED RESPONSES AND OBJECTIONS OF DEFENDANT ROBERT S. SAVIN TO TRUSTEE'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Barbara L. Savin, as the legal representative of Robert S. Savin ("Responding Party"), by and through her attorneys, and pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Rules 7026 and 7034 of the Federal Rules of Bankruptcy Procedure, and the Local Rules of this Court, hereby responds and objects to the First Set of Requests for Production of Documents and Things (the "Requests") of Trustee Irving H. Picard (the "Trustee") as follows:

**GENERAL OBJECTIONS**

1. Responding Party objects to each instruction, definition, and Request to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2. Responding Party objects to each instruction, definition, and Request to the extent it is vague, ambiguous, overly broad and unduly burdensome, or requests the production of documents that are not relevant to any parties' claims or defenses.

3. Responding Party objects to the Requests to the extent they request disclosure of (i) legal theories, legal opinions, mental impressions or other information of Responding Parties' counsel, (ii) any information protected by any privilege, including, without limitation, the attorney-client privilege or the privilege afforded to settlements or settlement negotiations, or (iii) any other available and valid grounds for withholding information or documents from production, including, without limitation, the attorney work product doctrine. Nothing contained in these responses should be interpreted as a waiver of any such privilege or doctrine.

4. Responding Party objects to the Requests to the extent they require production of documents not within the possession, custody, or control of the Responding Party.

5. Responding Party objects to the Requests to the extent they call for legal conclusions.

6. Responding Party objects to the Requests to the extent they seek disclosure of proprietary and/or confidential information.

7. Responding Party objects to each definition, instruction, and Request as overbroad and unduly burdensome to the extent it seeks documents that are readily or more accessible to the Propounding Party from its own files or documents, which the Propounding Party previously produced to the Responding Party.

8. Responding Party reserves all objections as to the competence, relevance, materiality, admissibility, or privileged status of any information provided in response to these Requests, unless the Responding Party specifically states otherwise.

9. Responding Party's responses to the Requests are based upon information presently available. Responding Party has not completed discovery. Accordingly, these responses are made without prejudice to Responding Party's right to present additional evidence based upon information subsequently obtained or evaluated.

10. Responding Party expressly reserves the right to supplement, clarify, revise, or correct any responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

11. Responding Party's response to each of the Requests is made subject to these General Objections and limitations. Responding Party sets them out here to avoid repeating them in response to each individual Request. Responding Party's failure to specifically set forth an objection in response to a particular Request shall not be construed as a waiver of said objection.

12. Responding Party objects to the Requests to the extent that they seek disclosure of information or production of documents which are outside of the "Applicable Period"

{00022946 1 }                                                     3

or for a time period that has no relevance to the issues in the complaint and answer.

## RESPONSES AND OBJECTIONS

1. Monthly Account statements.

    **Response:    Any such documents shall be produced.**

2. All Communications between Defendant and BLMIS Concerning the Account, including Transfers to and from the Account.

    **Response:    Any such documents shall be produced.**

3. Defendant's bank and/or brokerage account records, for the period between and including December 11, 2006 and December 31, 2009, for any accounts that received Initial Transfers, including monthly statements, cancelled checks, and incoming/outgoing wire transfer

    **Response:    Responding Party does not dispute the deposits and withdrawals listed on Exhibit B in the period from December 11, 2006 on. Therefore, the Trustee has no legitimate interest in bank records covering this period.**

4. Documents and Communications sufficient to identify any Subsequent Transfer, in whole or in part, of any Initial Transfer from the Account, including the amount, date, and recipient of any Subsequent Transfer.

    **Response:    The Trustee is not entitled to any such documents and it is improper and unethical for him to ask for them to seek information to frame a complaint against subsequent transferees.**

5. Documents sufficient to identify any money, property, and/or anything else of value provided by Defendant to BLMIS in exchange for any Initial Transfer.

    **Response:    Any such documents shall be produced.**

6. Documents sufficient to identify any money, property, and/or anything else of value provided by any Person or entity/subsequent transferee to Defendant in exchange for any

Subsequent Transfer.

> **Response:** See response #4.

7. Documents sufficient to Identify any refund(s) requested or received by You of any state or federal taxes paid in connection with the Account.

> **Response: Any such documents shall be produced.**

8. Documents Defendant contends support any denials of fact or affirmative defenses asserted in Defendant's answer to the Complaint.

> **Response: Any such documents shall be produced.**

9. Documents Defendant intends to rely upon in connection with the defense of the claims asserted in the Complaint.

> **Response: Any such documents shall be produced.**

10. Documents Defendant identified, reviewed, prepared, or consulted in responding to discovery in this matter.

> **Response: Any such documents shall be produced.**

August 11, 2016

           **CHAITMAN LLP**
           By: /s/ *Helen Davis Chaitman*
           465 Park Avenue
           New York, New York 10022
           Phone & Fax: 888-759-1114
           hchaitman@chaitmanllp.com

           *Attorneys for Barbara L. Savin as the legal representative of Robert S. Savin*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served this 31st day of August, 2016 by electronic and U.S. First Class Mail upon the following:

**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone:  (212) 589-4200
Facsimile:  (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Keith R. Murphy
Email:  kmurphy@bakerlaw.com
Elyssa S. Kates
Email:  ekates@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*


**CHAITMAN LLP**
By:  /s/  *Helen Davis Chaitman*
465 Park Avenue
New York, New York 10022
Phone & Fax: 888-759-1114
hchaitman@chaitmanllp.com

*Attorneys for Barbara L. Savin as the legal representative of Robert S. Savin*

{00022946 1 }                              6