# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>　　　　　　Defendant. | Adv. Pro. No. 08-01789 (CGM)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>　　　　　　Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>FRANK J. AVELLINO, *et al.*,<br><br>　　　　　　Defendants. | Adv. Pro. No. 10-05421 (CGM) |

**[PROPOSED] ORDER GRANTING PARTIAL**
**SUMMARY JUDGMENT IN FAVOR OF THE TRUSTEE**

**WHEREAS,** Irving H. Picard (the "Trustee") is the trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act ("SIPA"), 15 U.S.C. §§ 78aaa–*lll*, substantively consolidated with the liquidation under chapter 7 of 11 U.S.C. §§ 101–1532, of the estate of Bernard L. Madoff

("Madoff"), currently pending in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") as Adv. Pro. No. 08-01789 (CGM);

**WHEREAS**, the Trustee is duly qualified to serve and act on behalf of the consolidated estate of BLMIS and Madoff;

**WHEREAS**, on or about December 10, 2010, the Trustee commenced the above-captioned adversary proceeding (the "Adversary Proceeding") in the Bankruptcy Court, against numerous defendants, including Mayfair Ventures G.P. ("Mayfair Ventures"), Grosvenor Partners Ltd. ("Grosvenor Partners"), Aster Associates, and St. James Associates, and their general partners for, *inter alia*, the receipt of avoidable transfers from BLMIS in connection with BLMIS Account Nos. 1ZB032, 1ZB046, 1ZB509, and 1ZB510, including avoidable transfers made within two years of December 11, 2008;

**WHEREAS**, on February 3, 2022, the Trustee filed a motion for partial summary judgment (the "Motion"), under Federal Rule of Civil Procedure 56 and Federal Rule of Bankruptcy Procedure 7056, against Mayfair Ventures, Grosvenor Partners, Aster Associates, and St. James Associates (collectively, the "Entity Defendants") and general partners of the Entity Defendants (the "General Partner Defendants") pursuant to Counts I and XIII of the Amended Complaint, to avoid and recover the $17.2 million in fictitious profits fraudulently transferred to the Entity Defendants by BLMIS between December 11, 2006, and December 11, 2008 (the "Two-Year Period"); and

**WHEREAS**, on July 15, 2022, the Court issued a memorandum decision [ECF No. 268] (the "Decision") granting the Trustee's Motion as to Count I of the Amended Complaint against the Entity Defendants to avoid and recover $17.2 million in fictitious profits fraudulently

2

transferred in the Two-Year Period, and Count XIII of the Amended Complaint against the General

Partner Defendants who are liable for the debts of the Entity Defendants.

**NOW THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED THAT:**

1. As set forth in the Decision, the Court made the following findings and conclusions:

    a. The Court has subject matter jurisdiction over this Adversary Proceeding under SIPA § 78eee(b)(4), 28 U.S.C. §1334, 157(a) and Order No. M10-450 (S.D.N.Y. July 10, 1984), as amended by Amended Standing Order of Reference No. M10-468, 12 Misc. 00032 (S.D.N.Y. Jan. 31, 2012);

    b. The Court has authority to enter a final order because the Defendants filed customer claims in this case.  Thus, Defendants have impliedly consented to a final adjudication.  To the extent that it does not, the Court asks the District Court to construe the Decision as proposed findings of fact and conclusions of law, pursuant to the Amended Standing Order of Reference dated January 31, 2012;

    c. BLMIS operated a Ponzi scheme;

    d. There is no genuine issue of material fact that Defendants were customers of the IA Business;

    e. The Entity Defendants received fictitious profits of $17.2 million from BLMIS within the Two-Year Period as follows: (i) $2,500,000 in fictitious profits was withdrawn from Mayfair Ventures' BLMIS Account No. 1ZB032; (ii) $2,500,000 in fictitious profits was withdrawn from Grosvenor Partners' BLMIS Account No. 1ZB046; (iii) $3,500,000 in fictious profits was withdrawn from Aster Associates' BLMIS Account No. 1ZB509; and

  (iv) 8,700,000 in fictitious profits was withdrawn from St. James Associates' BLMIS Account No. 1ZB510 (collectively, the "Two-Year Fictitious Profits Transfers");

f. All monies transferred from the JPMorgan Chase bank account #xxxxxxxxx1509 (the "509 Account") or account #xxxxx1703 (the "703 Account") are "customer property" for the purposes of these SIPA cases;

g. The Two-Year Fictitious Profits Transfers were transfers of an interest of the debtor and constitute "customer property" within the meaning of SIPA 78lll(4). The Two-Year Fictitious Profits Transfers must be returned to the Trustee pursuant to SIPA §78fff-2(c)(3);

h. The Trustee has established through the Ponzi scheme presumption that the Two-Year Fictitious Profits Transfers were made with the actual intent to hinder, delay, or defraud creditors within the meaning of 11 U.S.C. §§548(a)(1)(A) and 550(a);

i. The Two-Year Fictitious Profits Transfers are avoided under 11 U.S.C. §548(a)(1)(A) and recoverable under 11 U.S.C. § 550;

j. Defendants Frank Avellino, Nancy Avellino, Michael Bienes, and Dianne Bienes were general partners of Mayfair Ventures; Defendants Frank Avellino and Mayfair Ventures were general partners of Grosvenor Partners; Defendants Frank Avellino, Nancy Avellino, Rachel A. Rosenthal, Rachel Anne Rosenthal Trust U/A dated June 29, 1990, and Rachel Anne Rosenthal Trust Number 2 U/A dated June 24, 1992 were general partners of Aster Associates; Defendants Michael Bienes and Dianne Bienes were general

4

      partners of St. James Associates, and collectively, these General Partner Defendants are liable for the debts of their respective Entity Defendants;

   k. The Trustee is entitled to recover the Two-Year Fictitious Profits from the Entity Defendants and their respective General Partner Defendants under 11 U.S.C. § 550 and applicable state partnership law; and

   l. The Trustee is entitled to prejudgment interest on the Two-Year Fictitious Profits Transfers at the rate of 4% commencing on the filing date of December 10, 2010, through the date of an entry of judgment because, *inter alia*, the Trustee has spent approximately ten years prosecuting this case, and cannot be made whole without an award of prejudgment interest.

2. The Trustee is granted judgment under Counts I and XIII of the Amended Complaint to avoid the Two-Year Fictitious Profits Transfers received by Mayfair Ventures totaling $2,500,000 and recover those transfers from Mayfair Ventures, and/or its general partners Frank Avellino, Nancy Avellino, the estate of Michael Bienes, and Dianne Bienes, individually, and/or in her capacity as personal representative of the estate of Michael Bienes, together with prejudgment interest at a rate of 4% commencing December 10, 2010, through the date of an entry of judgment.

3. The Trustee is granted judgment under Counts I and XIII of the Amended Complaint to avoid the Two-Year Fictitious Profits Transfers received by Grosvenor Partners totaling $2,500,000 and recover those transfers from Grosvenor Partners, and/or its general partners Frank Avellino, Mayfair Ventures, and/or the general partners of Mayfair Ventures, Frank Avellino, Nancy Avellino, the estate of Michael Bienes, and Dianne Bienes, individually, and/or in her capacity as personal representative of the

estate of Michael Bienes, together with prejudgment interest at a rate of 4% commencing December 10, 2010, through the date of an entry of judgment.

4. The Trustee is granted judgment under Counts I and XIII of the Amended Complaint to avoid the Two-Year Fictitious Profits Transfers received by Aster Associates totaling $3,500,000 and recover those transfers from Aster Associates, and/or its general partners Frank Avellino, Nancy Avellino, Rachel A. Rosenthal, Rachel Anne Rosenthal Trust U/A dated June 29, 1990, and Rachel Anne Rosenthal Trust Number 2 U/A dated June 24, 1992, together with prejudgment interest at a rate of 4% commencing December 10, 2010, through the date of an entry of judgment.

5. The Trustee is granted judgment under Counts I and XIII of the Amended Complaint to avoid the Two-Year Fictitious Profits Transfers received by St. James Associates totaling $8,700,000 and recover those transfers from St. James Associates, and/or its general partners the estate of Michael Bienes, and Dianne Bienes, individually, and/or in her capacity as personal representative of the estate of Michael Bienes, together with prejudgment interest at a rate of 4% commencing December 10, 2010, through the date of an entry of judgment.

6. This Adversary Proceeding shall continue as to the remaining causes of action under Count I through Count XIII of the Amended Complaint.

7. The Court shall retain jurisdiction over this Adversary Proceeding and implementation and enforcement of this Order.