NASON YEAGER GERSON HARRIS & FUMERO, P.A.
3001 PGA Boulevard, Suite 305
Palm Beach Gardens, FL 33410
Tel: (561) 686-3307
Fax: (561) 686-5442

*Attorneys for Frank Avellino, et al.*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br> Plaintiff-Applicant, <br><br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br> Defendant. | ADV. PRO. NO. 08-01789 (CGM) <br><br> SIPA LIQUIDATION <br><br> (Substantively Consolidated) |
| In re: <br><br> BERNARD L. MADOFF, <br><br> Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, <br><br> Plaintiff, <br><br> v. <br><br> FRANK J. AVELLINO, *et al.*, <br><br> Defendants. | ADV. PRO. NO. 10-05421 (CGM) |

**DEFENDANTS' MOTION TO AMEND FINDINGS OF THE MEMORANDUM
DECISION AND OBJECTION TO PROPOSED ORDER**

A435.001-1/00938433 v3

# TABLE OF CONTENTS

**Page(s)**

I. Preliminary Statement ................................................................................................ 1
II. Background ................................................................................................................ 2
III. Argument .................................................................................................................... 3
IV. Conclusion .................................................................................................................. 4

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re FKF 3 LLC,*
  510 B.R. 491 (Bankr. S.D.N.Y. 2013) ........................................................................... 3

*In re Lyondell Chemical Co.*
  467 B.R. 712 (Bankr. S.D.N.Y. 2012) ........................................................................... 3

*In re Madison Bentley Associates, LLC*
  474 B.R. 430 (Bankr. S.D.N.Y. 2012) ........................................................................... 3

*Picard v. Bam LP (In re BLMIS),*
  612 B.R. 257 (Bankr. S.D.N.Y. 2020) ........................................................................... 3

*Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*
  490 B.R. 46 (Bankr. S.D.N.Y. 2013) ............................................................................. 3

*Stern v. Marshall*
  131 S. Ct. 2594 (2011) .................................................................................................. 3

**Statutes**

11 U.S.C. § 548(a)(1)(1) .................................................................................................... 1

**Rules**

Local Rule 9033-1 ............................................................................................................. 1

Rule 52(b), Federal Rules of Civil Procedure .................................................................. 1

Rule 7052, Federal Rules of Bankruptcy Procedure ........................................................ 1

Defendants respectfully file this motion, pursuant to Rule 52(b), Federal Rules of Civil Procedure, made applicable by Rule 7052, Federal Rules of Bankruptcy Procedure and Local Rule 9033-1, for an order amending this Court's finding that it had jurisdiction to enter a final order as to certain individual defendants (and two trusts) who have not consented to the Court's jurisdiction and Defendants' objection to the proposed order submitted by the Trustee.

### I.  Preliminary Statement

On February 3, 2022, Irving H. Picard, as trustee (the "Trustee") for the substantially consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS"), filed a Motion for Partial Summary Judgment in this adversary proceeding against four entities (Mayfair Ventures, G.P., Grosvenor Partners, Ltd., Aster Associates and St. James Associates), which the Trustee identified as the "Summary Judgment Entity Defendants" on Count One of the Amended Complaint (two year fraudulent transfers under 11 U.S.C. § 548(a)(1)(A)) and against certain individual defendants and two trusts which the Trustee identified as Summary Judgment General Partner Defendants[1] on Count Thirteen of the Amended Complaint (general partner liability). ECF 237.

On July 15, 2022, this Court entered its Memorandum Decision Granting Summary Judgment in Favor of the Trustee (the "Decision"). ECF 268.  In its Decision the Court rejected Defendants' argument that the Court lacked authority to enter a final order in this case finding that "… the Defendants filed customer claims in this case." *Id.* at 3.

On July 26, 2022, the Trustee filed a Notice of Presentment of Order Granting Partial Summary Judgment with a proposed order attached (the "Proposed Order").  ECF 269-1.

---

[1] The individual defendants and two trusts for which the Trustee seeks adjudication are Frank Avellino, Nancy Carroll, Dianne Bienes, individually and as the Personal Representative of the Estate of Michael Bienes, Rachel Rosenthal, the Rachel Anne Rosenthal Trust U/A dated June 29, 1990, and the Rachel Rosenthal Trust Number 3 (the "Individual Defendants").

Paragraph 1 b. of the Proposed Order provides that the Court has jurisdiction to enter a final order because the Defendants filed customer claims. It further provides that to the extent the Court does not have the ability to enter a final order it provides that the Court ask the District Court to construe the Decision as proposed findings of fact and conclusions of law, pursuant to the Amended Standing Order of Reference dated January 31, 2012. (the "Standing Order"). The Proposed Order seeks entry of judgments against the Individual Defendants who did not file customer claims or otherwise consent to this Court's jurisdiction. ECF 269-1, Ex. A, ¶¶ 2-5.

## II.  Background

The Court's determination that it had jurisdiction to enter a final order as to all defendants was premised upon the erroneous belief that all defendants had filed customer claims and, thus, "impliedly consented to a final adjudication." ECF 268, at 3. In arriving at this determination, the Court relied on Exhibit P to the Complaint in this adversary proceeding which identified eight customer claims filed by certain of the defendants. A copy of Exhibit P is attached hereto. It identifies customer claims filed on eight BLMIS accounts which, except the claim filed by defendant, Dianne Bienes, were filed on behalf of the five Summary Judgment Entity Defendants, as well as additional entities for which the Trustee did not seek relief in his Motion for Partial Summary Judgment. Except for Dianne Bienes, none of these customer claims were filed on behalf of the Individual Defendants.

Defendants raised this jurisdictional issue in their opposition to the Trustee's motion for partial summary judgment. ECF 247, p. 40, fn. 13. In his reply, the Trustee responded that the Court had jurisdiction to enter a final judgment "…because the Summary Judgment <u>Entity Defendants</u> filed customer claims, which subjected them to the bankruptcy court's equitable power." ECF 254, p. 2, fn. 5. (Emphasis added). Thus, the Trustee implicitly acknowledged that the Individual Defendants did not file customer claims.

### III. Argument

In light of the Supreme Court's decision in *Stern v. Marshall,* 131 S. Ct. 2594 (2011), there is consensus in this district that without a defendant's consent a bankruptcy court may not enter a final adjudication on avoidance claims, but rather may make recommendations of proposed findings of fact and conclusions of law, except in limited circumstances, none of which are applicable here. *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC,* 490 B.R. 46, 49 (Bankr. S.D.N.Y. 2013). A bankruptcy court may make final adjudications if a defendant consents to the court's jurisdiction. Both the Court and the Trustee cited to *Picard v. Bam LP (In re BLMIS),* 612 B.R. 257 (Bankr. S.D.N.Y. 2020) for support that filing a customer claim constitutes a consent to the court's ability to enter a final adjudication. Decision ECF 268, at 3; Reply, ECF 254, at 2, fn. 5. Defendants agree that those defendants that filed customer claims subjected themselves to the Court's jurisdiction. However, the Individual Defendants (other than Dianne Bienes) did not file customer claims and, thus, did not subject themselves to the Court's jurisdiction.

There is nothing in the record in this proceeding that the Individual Defendants consented to this court's jurisdiction, which consent may not be lightly inferred. *See, e.g., In re Lyondell Chemical Co.,* 467 B.R. 712 (Bankr. S.D.N.Y. 2012); *In re Madison Bentley Associates, LLC,* 474 B.R. 430, 436 (Bankr. S.D.N.Y. 2012); *In re FKF 3 LLC,* 510 B.R. 491, 499-500 (Bankr. S.D.N.Y. 2013).

Accordingly, judgment should not be entered against the Individual Defendants but rather, the Court should make proposed findings of fact and conclusions of law as to such defendants. The Standing Order does not provide otherwise. It is undisputed that the Individual Defendants (except Dianne Bienes) did not file customer claims and did not consent to this Court's jurisdiction. There can be no conclusion other than this Court determining that entering a final order or judgment against the Individual Defendants would not be consistent with Article III of the United

States Constitution. Thus, as the Standing Order provides, this Court <u>shall</u> submit proposed findings and conclusions of law as to the Individual Defendants.

## IV. Conclusion

Defendants request that this Court enter an order amending its finding made in the Decision that the Individual Defendants did not consent to this Court's jurisdiction, acknowledge that the Court lacks the ability to enter a final adjudication as to the Individual Defendants, make proposed findings of fact and conclusions of law as to such defendants and modify the Proposed Order accordingly.

Dated: July 27, 2022

                                                NASON YEAGER GERSON
                                                HARRIS & FUMERO, P.A.

By:  */s/ Gary A. Woodfield*
     Gary A. Woodfield
     gwoodfield@nasonyeager.com
     3001 PGA Boulevard, Suite 305
     Palm Beach Gardens, FL 33410
     Tel: (561) 686-3307
     Fax: (561) 686-5442
     *Attorneys for Frank Avellino, et al.*

Exhibit P

CUSTOMER CLAIMS, DETERMINATIONS AND OBJECTIONS

| Account Number | Date of Claim | Claim Number | Account Name | Date of Determination Letter | Objection Filed | 502(d) |
|---|---|---|---|---|---|---|
| 1B0018 | 1/21/2009 | 000810 | DIANE K BIENES | 4/26/2010 | No | N/A |
| 1ZA879 | 6/29/2009 | 012840 | KENN JORDAN ASSOCIATES C/O FRANK AVELLINO | Not Yet Determined | N/A | Yes |
| 1ZB032 | 6/29/2009 | 012841 | MAYFAIR VENTURES | 9/14/2010 | No | N/A |
| 1ZB046 | 6/29/2009 | 012842 | GROSVENOR PARTNERS LTD | 9/15/2010 | No | N/A |
| 1ZB249 | 6/29/2009 | 012824 | MAYFAIR BOOKKEEPING SERV INC MAYFAIR PENSION PLAN C/O FRANK AVELLINO | Not Yet Determined | N/A | Yes |
| 1ZB262 | 3/2/2009 | 005410 | STRATTHAM C/O THOMAS G AVELLINO | Not Yet Determined | N/A | Yes |
| 1ZB509 | 6/29/2009 | 012830 | ASTER ASSOCIATES FRANK AVELLINO, NANCY CARROLL AVELLINO GENERAL PARTNERS | 9/14/2010 | No | N/A |
| 1ZB510 | 2/27/2009 | 003865 | ST JAMES ASSOCIATES MICHAEL BIENES, DIANE BIENES GENERAL PARTNERS | 9/15/2010 | No | N/A |

MADC0309_00000254