JENNER & BLOCK LLP
Richard Levin
Carl Wedoff
1155 Avenue of the Americas
New York, NY 10036
(212) 891-1600

Vincent E. Lazar
353 N. Clark Street
Chicago, IL 60654
(312) 222-9350

*Counsel for Defendant Trincastar Corporation*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>     *Plaintiff-Applicant*,<br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br>     *Defendant*. | Adv. Proc. No. 08-01789 (CGM)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re<br><br>BERNARD L. MADOFF,<br>     *Debtor*. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>     *Plaintiff*,<br>v.<br><br>TRINCASTAR CORPORATION,<br>     *Defendant*. | Adv. Proc. No. 11-2731 (CGM)<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT TRINCASTAR CORPORATION'S MOTION TO DISMISS THE COMPLAINT; DECLARATION OF RICHARD LEVIN** |

Under Federal Rule of Evidence 201(c)(2), Defendant Trincastar Corporation ("**Trincastar**") requests that this Court take judicial notice of the following documents, listed in paragraphs 1 through 3 below and attached as exhibits, to supply the necessary information in support of the request, in support of its concurrently filed *Motion To Dismiss The Complaint*:

1. **Exhibit A** is a true and correct copy of the Fairfield Amended Complaint,[1] *Picard v. Fairfield Sentry Ltd.*, Adv. Proc. No. 09-1239 (Bankr. S.D.N.Y. July 20, 2010), ECF 23 (without exhibits).

2. **Exhibit B** is a true and correct copy of the Fairfield Settlement Agreement, *Picard v. Fairfield Sentry Ltd.*, Adv. Proc. No. 09-1239 (Bankr. S.D.N.Y. May 9, 2011), ECF 69-2. The Fairfield Settlement Agreement was approved by this Court. Adv. Proc. No. 09-1239 (Bankr. S.D.N.Y. June 7, 2011), ECF 92.

3. **Exhibit C** is a true and correct copy of an excerpt from the Declaration of William Hare, counsel for the Fairfield Liquidators, attaching the Memorandum of Association and Articles of Association of Fairfield Sentry Limited, as filed with the Court in *Fairfield Sentry Ltd. v. Banque Syz SA*, Adv. Proc. No. 10-3513 (Bankr. S.D.N.Y. Oct. 24, 2016), ECF 24 and 24-6.

4. In addition, attached for the Court's convenience as **Exhibit D** is a true and correct copy of the United Kingdom Privy Council's judgment in *Fairfield Sentry Ltd. v. Migani*, [2014] UKPC 9, available at https://www.jcpc.uk/cases/docs/jcpc-2012-0061-judgment.pdf.

---

[1] Capitalized terms not defined in this Request for Judicial Notice have the meaning provided in the concurrently filed *Memorandum of Law in Support of Trincastar's Motion to Dismiss the Complaint*.

## DISCUSSION

In deciding a motion to dismiss, a court may take judicial notice of facts outside the pleading before it. *Flaxer v. Gifford (In re Lehr Contr. Corp.)*, 528 B.R. 598, 606 (Bankr. S.D.N.Y. 2015). As the District Court for this District held:

> In considering a motion to dismiss, the Court may consider documents attached as an exhibit thereto or incorporated by reference, and documents that are "integral" to plaintiff's claims, even if not explicitly incorporated by reference. In addition, the Court may take judicial notice of admissions in pleadings and other documents in the public record filed by a party in other judicial proceedings that contradict the party's factual assertions in a subsequent action.

*Harris v. N.Y. State Dept. of Health*, 202 F. Supp. 2d 143, 173 n.13 (S.D.N.Y. 2002) (citations omitted); *see Nastasi & Assoc. v. Bloomberg, L.P.*, 2021 U.S. Dist. LEXIS 151101, *16–18 (S.D.N.Y. Aug. 11, 2021) (judicial notice on a motion to dismiss of admissions made in pleadings in other cases). On a motion to dismiss, the court may take judicial notice of documents "integral to or explicitly relied upon in the complaint," because "lack of notice to the plaintiff is dissipated 'where the plaintiff has actual notice … and had relied upon these documents in framing the complaint.'" *Friedman v. Wellspring Capital (In re Sportco Holdings, Inc.)*, 2021 Bankr. LEXIS 2848, *27 (Bankr. D. Del. Oct. 14, 2021).

A bankruptcy court may take judicial notice of all the documents and pleadings filed in a related bankruptcy case or adversary proceeding, as well as those filed in the underlying bankruptcy case, and of the contents of those documents if not subject to dispute. *In re Extended Stay, Inc.*, 2020 Bankr. LEXIS 2128, at *16 (Bankr. S.D.N.Y. Aug. 8, 2020) (taking judicial notice on a motion to dismiss of public records, including documents in a related bankruptcy proceedings, an adversary proceeding and the underlying bankruptcy case, including of the documents' contents "where it is 'clear on the record that no dispute exists regarding the authenticity or accuracy of the document,' and it is 'clear that there exists no material disputed issues of fact regarding the relevance of the document.'").

A court may also take judicial notice of matters of a public record in deciding a motion to dismiss under Rule 12(b)(6). *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 75 (2d Cir. 1998); *Lopez v. Wells Fargo Bank, N.A. (Ajasa)*, 2020 WL 4778152, at *7 (Bankr. E.D.N.Y. Aug. 14, 2020). Courts "routinely take judicial notice of documents retrieved from official government websites." *Volpe v. Am. Language Commc'n Ctr., Inc.*, 200 F. Supp. 3d 428, 431 (S.D.N.Y. 2016), *aff'd,* 692 F. App'x 51 (2d Cir. 2017); s*ee also Wells Fargo Bank, N.A. v. Wrights Mill Holdings, LLC*, 127 F. Supp. 3d 156, 166 (S.D.N.Y. 2015) ("As to the seven documents retrieved from official government websites … it is clearly proper to take judicial notice.").

In deciding a motion to dismiss, a court must consider the complaint in its entirety. *Picard v. Avellino (In re Bernard L. Madoff Inv. Sec. LLC)*, 557 B.R. 89, 111 (Bankr. S.D.N.Y. 2016) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). The "complaint" includes any written documents attached to it as an exhibit, documents incorporated in it by reference, and other documents integral to the complaint. *Id.* (citing *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002)). A document is deemed to be integral to the complaint "where the complaint relies heavily upon its terms and effect." *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016). *See also Madison Equities, LLC v. Condren*, 385 B.R. 511, 520 (Bankr. S.D.N.Y. 2008) (stating that the court can take note of the contents of various undisputed pleadings).

When a party requests a court to take judicial notice of documents and information that are "not subject to reasonable dispute" or that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned" and "supplies the necessary information," the court must take judicial notice. *Richardson v. New York City Bd. of Educ.*,

3

711 Fed. Appx. 11 (2d Cir. 2017); Fed. R. Evid. 201(b), (c)(2). The attached Exhibits meet these requirements of Rule 201(b).

Accordingly, this Court should take judicial notice of the following:

**Exhibit A**, the Fairfield Amended Complaint, which is filed by the trustee in Adversary Proceeding No. 09-02139 in this SIPA case, and referred to in the Complaint. The Court should take judicial notice of the allegations in this Exhibit because it is filed by the plaintiff in this adversary proceeding, the allegations are incorporated by reference into the Complaint (subject to objection noted in the defendant's motion to dismiss), and allegations in a complaint or incorporated by reference in a complaint are assumed to be true for purposes of a motion to dismiss under Rule 12(b)(6).

**Exhibit B**, the Fairfield Settlement Agreement, which is filed by the trustee in Adversary Proceeding No. 09-02139 in this SIPA case. The Court should take judicial notice of the provisions of the Fairfield Settlement Agreement because the plaintiff is a party, it was filed with and approved by this Court, and there is no basis on which its accuracy could be questioned.

**Exhibit C**, an excerpt from the Declaration of William Hare attaching the Memorandum of Association and Articles of Association of Fairfield Sentry Limited, which was filed in an adversary proceeding in this Court. *Fairfield Sentry Ltd. v. Banque Syz SA*, Adv. Proc. No. 10-3513 (Bankr. S.D.N.Y. Oct. 24, 2016), ECF 24 and 24-6. The Court should take judicial notice of this Exhibit for the nature of the relationship between the defendant and Fairfield Sentry Ltd.

4

## CONCLUSION

For the foregoing reasons, Defendant Trincastar respectfully requests that this Court grant its request for judicial notice.

| | |
|---|---|
| Dated: July 29, 2022 | By: /s/ Richard Levin |
| | JENNER & BLOCK LLP<br>Richard Levin<br>Carl Wedoff<br>1155 Avenue of the Americas<br>New York, NY 10036<br>(212) 891-1600<br>rlevin@jennner.com<br>cwedoff@jenner.com |
| | Vincent E. Lazar<br>353 N. Clark Street<br>Chicago, IL 60654<br>(312) 222-9350<br>vlazar@jenner.com |
| | *Counsel for Defendant Trincastar Corporation* |

## DECLARATION OF RICHARD LEVIN

I, RICHARD LEVIN, under penalty of perjury, declares:

I am a member of the bar of the State of New York and of this Court and a member of Jenner & Block LLP, counsel for defendant Trincastar Corporation ("**Trincastar**") in this adversary proceeding. I submit this declaration in support of Trincastar's Motion to Dismiss the Complaint in this adversary proceeding.

The statements in paragraphs 1 through 4 above are true and correct according to the best of my knowledge, information, and belief.

Executed on July 29, 2022.

*/s/ Richard Levin*
Richard Levin

5