# Exhibit D

*Related Case Statement*

# United States District Court
for the
## Southern District of New York
### Related Case Statement

---

### Full Caption of Later Filed Case:

IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,

| Plaintiff | Case Number |
|---|---|
| vs. | Bankruptcy Court Adv. Proc. No. 11-2149 |
| Banque Syz & Co. SA, | |
| Defendant | |

**- and -**

Securities Investor Protection Corporation,

| Plaintiff | Case Number |
|---|---|
| vs. | SIPA Proceeding No. 08-1789 |
| Bernard L. Madoff Investment Securities LLC, | |
| Defendant | |

### Full Caption of Earlier Filed Cases:

(including in bankruptcy appeals the relevant adversary proceeding)

IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,

| Plaintiff | Case Number |
|---|---|
| vs. | 12-CV-2489 (JSR) |
| Banque Syz & Co. SA, | |
| Defendants | |

**- and -**

IH–32                                                                                                                                  Rev: 2014–1

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff<br><br>vs.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant | Case Number<br><br>12-MC-115 (JSR) |

Status of Earlier Filed Case:

☐ Closed    (If so, set forth the procedure which resulted in closure, e.g., voluntary dismissal, settlement, court decision. Also, state whether there is an appeal pending.)

☑ Open    (If so, set forth procedural status and summarize any court rulings.)

The earlier filed cases originated from the withdrawal of the reference to the Bankruptcy Court of this adversary proceeding and numerous others brought by Irving Picard as trustee for the liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") against customers of BLMIS and investors in customers of BLMIS.

In 2012, this adversary proceeding was withdrawn from the Bankruptcy Court and assigned to Hon. Jed S. Rakoff under No. 12-CV-2489 (JSR) and then consolidated with other withdrawn Madoff adversary proceedings under No. 12-MC-115 (JSR). Judge Rakoff issued several decisions mandating legal rules to be applied by the Bankruptcy Court in the Madoff adversary proceedings, including his opinion in *SIPC v. BLMIS*, No. 12-MC-115 (JSR) (SDNY Apr. 15, 2013) (ECF No. 460).

In 2014, this and the other Madoff adversary proceedings were returned to the Bankruptcy Court, and the District Court proceedings (12-CV-2489 (JSR) and 12-MC-115 (JSR)) were closed, but the SIPA proceeding (08-01789) and the adversary proceeding (11-02149) remain open.

**Explain in detail the reasons for your position that the newly filed case is related to the earlier filed case.**

The newly filed case is an appeal from a June 2022 decision of the Bankruptcy Court in one of the Madoff adversary proceedings for which the reference to the Bankruptcy Court was previously withdrawn, then assigned to Judge Rakoff in the District Court, and then returned to the Bankruptcy Court with instructions from Judge Rakoff.

This appeal directly relates to Judge Rakoff's prior April 15, 2013 decision in this adversary proceeding when it was in this Court. This appeal argues that, in the June 2022 Bankruptcy Court order that defendant Banque Syz SA is appealing from, the Bankruptcy Court misinterpreted and misapplied Judge Rakoff's April 15, 2013 decision. The question presented is:

> Did the Bankruptcy Court err in interpreting this Court's opinion in [*SIPC v. Bernard L. Madoff Inv. Sec. LLC (In re Madoff Sec.)*, 2013 WL 1609154 (S.D.N.Y. Apr. 15, 2013) (Rakoff, J.)] to bar a subsequent transferee from asserting a section 546(e) defense if

IH–32                                                                                                              Rev: 2014–1

      the initial transferee is alleged to have had actual knowledge of BLMIS's fraud, even though the subsequent transferee is *not* alleged to have had such knowledge?

This appeal requires a district court judge to interpret Judge Rakoff's April 15, 2013 decision in this adversary proceeding. Judge Rakoff should therefore be assigned to this adversary proceeding again, because Judge Rakoff is in the best position to clarify what he meant in his April 15, 2013 decision.

Signature: s/ Richard Levin    Date: August 1, 2022

Firm: Jenner & Block LLP