**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>        Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>        Defendant. | Adv. Pro. No. 08-01789 (CGM)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re<br><br>BERNARD L. MADOFF,<br><br>        Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff,<br><br>        Plaintiff,<br><br>v.<br><br>THE ESTATE OF ROBERT SHERVYN SAVIN, and BARBARA L. SAVIN, in her capacity as Personal Representative of the Estate of Robert Shervyn Savin,<br><br>        Defendants. | Adv. Pro. No. 10-04889 (CGM) |

**TRUSTEE'S LIMITED REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT**
<u>**OF MOTION FOR SUMMARY JUDGMENT**</u>

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ..................................................................................................1

ARGUMENT ...................................................................................................................................2

I.  DEFENDANTS DO NOT OPPOSE THE TRUSTEE'S MOTION AND WAIVE
    ALL OTHER DEFENSES..................................................................................................2

CONCLUSION ................................................................................................................................3

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Amaker v. Foley*,
   274 F.3d 677 (2d Cir. 2001)..................................................................................................2

*Gubitosi v. Kapica*,
   154 F.3d 30 (2d Cir. 1998)....................................................................................................3

*Palmieri v. Lynch*,
   392 F.3d 73 (2d Cir. 2004)....................................................................................................3

*Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*,
   373 F.3d 241 (2d Cir. 2004)..................................................................................................2

**Rules**

Fed. R. Civ. P. 56......................................................................................................................1

Fed. R. Civ. P. 56(c) .................................................................................................................2

Fed. R. Civ. P. 56(e) .................................................................................................................2

Local Rule 7056-1.....................................................................................................................2

Local Rule 7056-1(c) ............................................................................................................1, 3

Local Rule 7056-1(d) ...........................................................................................................1, 3

**PRELIMINARY STATEMENT**

In opposition to the Trustee's Motion in this case, Defendants'[1] counsel submitted a one-page declaration[2] stating that "any judgment entered by this Court is limited to a judgment against [Barbara] Savin as 'Personal Representative of the Estate of Robert Shervyn Savin.'"[3] Chaitman Decl. ¶ 3. Defendants otherwise fail to respond to the Trustee's Motion, as required by Fed. R. Civ. P. 56. Similarly, Defendants fail to provide their own statement of facts, as required by Local Rule 7056-1(c). Failure to do so renders the Trustee's statements "deemed admitted for purposes of the motion," and without any facts in dispute, Defendants cannot raise a genuine issue of material fact. Local Rule 7056-1(d). On this basis alone, this Court should grant summary judgment to the Trustee.

To the extent the Court considers the Defendants' declaration as properly raising any argument or fact, which it does not, the Trustee relies on all arguments in his Motion as if restated in this reply. The Trustee's Motion demonstrates his *prima facie* case that Defendants received $450,500 of fictitious profits from BLMIS in the Two-Year Period, made with the intent to hinder, delay, or defraud BLMIS's creditors. Further, the Trustee is entitled to prejudgment interest at the rate of 4% from the Filing Date (December 11, 2008) through the date of entry of judgment.

---

[1] Capitalized terms not otherwise defined herein shall have the same meaning ascribed in the Trustee's Memorandum of Law in Support of Motion for Summary Judgment (the "Motion"), ECF No. 113.

[2] *See* Decl. of Helen Davis Chaitman in Opp. to the Trustee's Mot. for Summary Judgment ("Chaitman Decl."), ECF No. 120.

[3] The Trustee does not dispute that he is only seeking a judgment against defendant Barbara L. Savin in her capacity as personal representative of the Savin Estate.

# ARGUMENT

## I. DEFENDANTS DO NOT OPPOSE THE TRUSTEE'S MOTION AND WAIVE ALL OTHER DEFENSES

Defendants did not respond to the Trustee's Motion or any of the arguments contained therein. Fed. R. Civ. P. 56(e) provides that "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it." Fed. R. Civ. P. 56(e); *see also Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004) (finding where the non-moving party "chooses the perilous path of failing to submit a response to a summary judgment motion, the [] court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial" (quoting *Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001)). The Trustee is plainly entitled to summary judgment in this case.

The Trustee's Motion demonstrates that BLMIS transferred $450,500 to Defendants with actual fraudulent intent in furtherance of Madoff's Ponzi Scheme. *See* Motion at II.C.1.a.–e. Further, the transfers to Defendants were made within the Two-Year Period which Defendants admitted in their discovery responses. *Id.* at II.C.2; *see also* Cremona Decl., Ex. 15, ECF No. 115. The Two-Year Transfers were an interest of the debtor in property, which was also supported by Defendants' BLMIS customer statements and customer agreement. *See* Motion at III.C.3.; *see also* Cremona Decl., Exs. 16–17. The Trustee has more than met his burden on summary judgment.

Further, Local Rule 7056-1 requires:

> Papers opposing a motion for summary judgment shall include a correspondingly numbered paragraph responding to each numbered

2

>   paragraph in the statement of the moving party, and if necessary, additional paragraphs containing a separate, short, and concise statement of additional material facts as to which it is contended that there is a genuine issue to be tried.

Local Rule 7056-1(c). Defendants fail to submit a response to the Trustee's Statement of Material Facts, ECF No. 114, or submit their own statement of material facts identifying a genuine issue to be tried. As such, all of the Trustee's facts submitted in the Trustee's Statement are deemed admitted and thus, there are no facts in dispute. *See* Local Rule 7056-1(d); *see also Gubitosi v. Kapica*, 154 F.3d 30, n.1 (2d Cir. 1998) (finding "because plaintiff failed to respond to his Local Rule [7056-1] statement, the material facts contained in [defendant's] statement are deemed to be admitted as a matter of law").

Defendants further waive all other defenses and arguments. *See Palmieri v. Lynch*, 392 F.3d 73, 87 (2d Cir. 2004) (finding party waived argument when it failed to "raise this argument in opposition to summary judgement").

## **CONCLUSION**

For the foregoing reasons, the Trustee respectfully requests that the Court grant summary judgment in the Trustee's favor on Count One of the Trustee's Complaint against Defendants and enter an order: (1) avoiding $450,500 in transfers of fictitious profits that BLMIS made to Defendants within the Two-Year Period; (2) awarding the Trustee prejudgment interest from the Filing Date through the date of entry of judgment at the rate of 4%; and (3) requiring Defendants to return such transfers or the value thereof.

3

Dated: August 5, 2022
      New York, New York

*/s/ Nicholas J. Cremona*
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
Seanna R. Brown
Email: sbrown@bakerlaw.com
Lan Hoang
Email: lhoang@bakerlaw.com
Amy E. Vanderwal
Email: avanderwal@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff*

4