# United States District Court
## for the
## Southern District of New York
### Related Case Statement

---

Full Caption of Later Filed Case:

IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC

| Plaintiff | Case Number |
|---|---|
| vs. | Bankruptcy Court Adv. Pro. No. 12-01695 |
| BORDIER & CIE | |
| Defendant | |

Full Caption of Earlier Filed Case:

(including in bankruptcy appeals the relevant adversary proceeding)

Securities Investor Protection Corporation

| Plaintiff | Case Number |
|---|---|
| vs. | 12-mc-115; 22-cv-06512; 22-cv-6502 |
| Bernard L. Madoff Investment Securities LLC | |
| Defendant | |

**Status of Earlier Filed Case:**

☐ Closed    (If so, set forth the procedure which resulted in closure, e.g., voluntary dismissal, settlement, court decision. Also, state whether there is an appeal pending.)

☑ Open    (If so, set forth procedural status and summarize any court rulings.)

The earliest filed case originated from the withdrawal of the reference to the Bankruptcy Court of this adversary proceeding and numerous others brought by Irving Picard as trustee for the liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") against customers of BLMIS and investors in customers of BLMIS. In 2012, the Madoff adversary proceedings withdrawn from the Bankruptcy Court were assigned to Hon. Jed S. Rakoff and consolidated under No. 12-mc-115 in this Court. In 2014, the Madoff adversary proceedings (including this one) were then returned to the Bankruptcy Court. As described below, on August 1, 2022, Banque Syz & Co. SA (22-cv-06512) and Multi-Strategy Fund Ltd. (22-cv-6502) filed motions for leave to appeal from decisions in the same consolidated adversary proceeding presenting overlapping alleged facts and legal arguments and filed related case statements indicating their cases were also related to Case No. 12-mc-115. Both cases are now before Judge Rakoff.

**Explain in detail the reasons for your position that the newly filed case is related to the earlier filed case.**

The newly filed case is an appeal from a July 2022 Order of the Bankruptcy Court in one of the Madoff adversary proceedings for which the reference to the Bankruptcy Court was previously withdrawn, then assigned to Judge Rakoff in the District Court, and then returned to the Bankruptcy Court with instructions from Judge Rakoff.

This appeal directly relates to Judge Rakoff's prior April 15, 2013 decision in this adversary proceeding when it was in this Court. This appeal argues that, in the July 2022 Bankruptcy Court order that defendant Bordier & Cie SCmA (sued as Bordier & Cie) ("Bordier") is appealing from, the Bankruptcy Court misinterpreted and misapplied Judge Rakoff's April 15, 2013 decision ("Cohmad"). The questions presented are:  1. Did the Bankruptcy Court err in interpreting this Court's opinion in Cohmad to bar a subsequent transferee from asserting a section 546(e) defense if the initial transferee is alleged to have had actual knowledge of BLMIS's fraud, even though the subsequent transferee is not alleged to have had such knowledge? 2. Did the Bankruptcy Court err by failing to apply Cohmad's additional holding that Section 546(e) separately applies by virtue of securities contracts between an initial transferee investment fund and defendants, independent of the initial transferee's securities contracts with BLMIS, where the Trustee alleged that the initial transferee withdrew money from BLMIS to fulfill its payment obligations to Bordier, which was redeeming shares in the investment fund? This appeal thus requires a district court judge to interpret Judge Rakoff's April 15, 2013 decision in this adversary proceeding. Judge Rakoff should therefore be assigned to this adversary proceeding again, because Judge Rakoff is in the best position to clarify what he meant in his April 15, 2013 decision.

The appeal should also be heard by the same district court judge as the appeals filed on August 1, 2022 by Banque Syz & Co. SA (22-cv-06512) and Multi-Strategy Fund Ltd. (22-cv-6502), both of which are now before Judge Rakoff, because the motions for leave to appeal filed by those defendants present the same questions of interpretation of Cohmad, and arise from the same consolidated adversary proceeding. Given the overlapping alleged facts and legal arguments, there would be a substantial duplication of effort and expense if two district court judges heard these inter-connected appeals.

Signature: /s/ John F. Zulack            Date: 08/16/22

Firm: Allegaert Berger & Vogel LLP