UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>   Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>   Defendant. | Adv. Pro. No. 08-01789 (CGM)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re<br><br>BERNARD L. MADOFF,<br><br>   Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff,<br><br>   Plaintiff,<br><br>v.<br><br>KUNTZMAN FAMILY LLC; JACQUELINE D. GREEN, in her capacity as a Managing Member of the Kuntzman Family L.L.C. and as Trustee of the Irrevocable Trust FBO Jennifer Gattegno and the Irrevocable Trust FBO Ethan Siegel, both members of the Kuntzman Family L.L.C, WAYNE D. GREEN, in his capacity as a Managing Member of the Kuntzman Family L.L.C.; JUDITH GATTEGNO, in her capacity as a Member of the Kuntzman Family L.L.C.; IRREVOCABLE TRUST FBO JENNIFER GATTEGNO, in its capacity as a Member of the Kuntzman Family LLC; AND IRREVOCABLE TRUST FBO ETHAN SIEGEL, in its capacity as a Member of the Kuntzman Family L.L.C.,<br><br>   Defendants. | Adv. Pro. No. 10-04752 (CGM) |

## JUDGMENT

  **WHEREAS,** Irving H. Picard (the "Trustee") is the trustee for the liquidation of the

business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act ("SIPA"), 15 U.S.C. §§ 78aaa–*lll*, substantively consolidated with the liquidation under chapter 7 of 11 U.S.C. §§ 101–1532, of the estate of Bernard L. Madoff ("Madoff"), currently pending in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") as Adv. Pro. No. 08-01789 (CGM);

**WHEREAS**, the Trustee is duly qualified to serve and act on behalf of the consolidated estate of BLMIS and Madoff;

**WHEREAS**, on or about December 1, 2010, the Trustee commenced the above-captioned adversary proceeding (the "Adversary Proceeding") in the Bankruptcy Court, alleging, *inter alia*, that the Kuntzman Family LLC ("Defendant") received avoidable transfers in an amount aggregating $762,075 in connection with BLMIS Account No. 1ZA539 within two years of December 11, 2008;

**WHEREAS**, on August 10, 2022, during a hearing on, among other motions, the Trustee's motion for summary judgment, the Court granted summary judgment in favor of the Trustee and against Defendant under Federal Rule of Civil Procedure 56.

**NOW THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED THAT:**

1. The Court has subject matter jurisdiction over this Adversary Proceeding under SIPA § 78eee(b)(4), 28 U.S.C. §1334, 157(a) & (b), and Order No. M10-450 (S.D.N.Y. July 10, 1984), as amended by Amended Standing Order of Reference No. M10-468, 12 Misc. 00032 (S.D.N.Y. Jan. 31, 2012);

2. Madoff operated BLMIS as a Ponzi scheme;

3. The transfers of $762,075 to Defendant within two years of December 11, 2008 (the "Two-Year Transfers") consisted of fictitious profits because they were in excess of the principal Defendant deposited with BLMIS;

2

4. The Two-Year Transfers were transfers of an interest of the debtor because the Two-Year Transfers originated from BLMIS's JPMorgan Accounts, and are "customer property" within the meaning of SIPA 78lll(4). The Two-Year Transfers must be returned to the Trustee pursuant to SIPA § 78fff-2(c)(3);

5. The Trustee is entitled to rely on the Ponzi scheme presumption and has demonstrated that the Two-Year Transfers were made with the actual intent to hinder, delay, or defraud creditors within the meaning of 11 U.S.C. §§ 548(a)(1)(A) and 550(a);

6. The Two-Year Transfers are avoided under 11 U.S.C. § 548(a)(1)(A) and recoverable from Defendants under 11 U.S.C. § 550;

7. The Trustee has standing to recover the Two-Year Transfers; and

8. The Trustee is entitled to prejudgment interest from December 11, 2008 through the date of this Judgment because the Trustee has spent more than a decade prosecuting this case and cannot be made whole without an award of prejudgment interest.

9. The Trustee is awarded prejudgment interest on the Two-Year Transfers pursuant to 28 U.S.C. § 1961(b), at the rate of 4% from December 11, 2008 through August 12, 2022.

10. Judgment is hereby entered in favor of the Trustee to recover from Defendant the total amount of $1,178,777.61 (the "Judgment Amount"), representing the sum of:

Account No. 1ZA539 – Kuntzman Family LLC

| | |
|---|---|
| Avoidable Transfers | $762,075.00 |
| Pre-judgment interest on the Avoidable Transfers at the rate of 4%, from Dec. 11, 2008 through August 12, 2022 | $416,702.61 |
| Total: | $1,178,777.61 |

11. The Clerk of Court shall enter this Judgment in favor of the Trustee and against Defendant for the Judgment Amount.



**Dated: August 12, 2022**
**Poughkeepsie, New York**

/s/ Cecelia G. Morris
_____
**Hon. Cecelia G. Morris**
**U.S. Bankruptcy Judge**