KATTEN MUCHIN ROSENMAN LLP
50 Rockefeller Plaza
New York, New York 10020
(212) 940-8800

*Attorneys for Defendant*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES, LLC,<br>Defendant. | **Adv. Pro. No. 08-01789 (CGM)**<br><br>**SIPA Liquidation**<br>**(Substantively Consolidated)** |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>Plaintiff,<br><br>v.<br><br>LLOYDS TSB BANK PLC,<br><br>Defendant. | **Adv. Pro. No. 12-01207 (CGM)** |

**DECLARATION OF ANTHONY PACCIONE**
**IN SUPPORT OF DEFENDANT LLOYDS BANK PLC'S**
**MOTION FOR LEAVE TO APPEAL PURSUANT TO 28 U.S.C. § 158(a)(3)**

ANTHONY L. PACCIONE, under penalty of perjury, declares:

1. I am a member of the bar of the State of New York and of this Court and a member of Katten Muchin Rosenman LLP, counsel for defendant Lloyds TSB Bank PLC, now known as Lloyds Bank plc ("Lloyds" or "Defendant") in this adversary proceeding. I submit this Declaration in support of Lloyds's memorandum of law in support of its motion, pursuant to 28 U.S.C. § 158(a)(3) and Fed. R. Bankr. P. 8004, for leave to appeal from an order of the United States Bankruptcy Court of the Southern District of New York (the "Bankruptcy Court") (Hon. Cecelia G. Morris, Bankruptcy Judge), denying its motion to dismiss the Complaint (the "Complaint"), of plaintiff Irving H. Picard, Trustee (the "Trustee") for the Liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS").

2. **Exhibit A** is a true and correct copy of the Bankruptcy Court's July 12, 2022 Order Denying Defendant's Motion to Dismiss the Complaint Under Bankruptcy Rule 7012(b) and Federal Rule of Civil Procedure 12(b)(6), Adv. Pro. No. 12-01207 (ECF No. 106).

3. **Exhibit B** is a true and correct copy of the Bankruptcy Court's June 30, 2022 Memorandum Decision Denying Defendant's Motion to Dismiss the Complaint, Adv. Pro. No. 12-01207 (ECF No. 105).

4. **Exhibit C** contains two charts. The first chart shows the 17 currently pending subsequent transferee proceedings (including this one) by the Trustee against the innocent Fairfield Sentry investors, with claims totaling more than $700 million, in which all the alleged initial transfers were made more than two years before the BLMIS petition date and thus outside of Section 546(e)'s express exception for claims under Section 548(a)(1)(A). The second chart displays the 41 adversary proceedings that are pending against other innocent Fairfield Sentry investors where many of the alleged initial transfers—totaling more than $1.1 billion—occurred

outside the two-year lookback period for Section 548(a)(1)(A) claims. Claims based on those transfers also would be dismissed under Section 546(e) safe harbor if the Bankruptcy Court's decision is overturned on appeal.

I declare under penalty of Perjury that the foregoing is true and correct.

Executed on August 16, 2022

*s/ Anthony L. Paccione*

Anthony L. Paccione