# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (CGM)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff,<br><br>Plaintiff,<br><br>v.<br><br>FRANK J. AVELLINO, *et al.*,<br><br>Defendants. | Adv. Pro. No. 10-05421 (CGM) |

**[PROPOSED] ORDER GRANTING PARTIAL SUMMARY JUDGMENT IN FAVOR OF THE TRUSTEE AND DENYING DEFENDANTS' MOTION TO AMEND THE DECISION AND OBJECTION TO PROPOSED ORDER**

**WHEREAS,** Irving H. Picard (the "Trustee") is the trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act ("SIPA"), 15 U.S.C. §§ 78aaa–*lll*, substantively consolidated with the liquidation under chapter 7 of 11 U.S.C. §§ 101–1532, of the estate of Bernard L. Madoff

("Madoff"), currently pending in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") as Adv. Pro. No. 08-01789 (CGM);

WHEREAS, the Trustee is duly qualified to serve and act on behalf of the consolidated estate of BLMIS and Madoff;

WHEREAS, on or about December 10, 2010, the Trustee commenced the above-captioned adversary proceeding (the "Adversary Proceeding") in the Bankruptcy Court, against numerous defendants, including Mayfair Ventures G.P. ("Mayfair Ventures"), Grosvenor Partners Ltd. ("Grosvenor Partners"), Aster Associates, and St. James Associates, and their general partners for, *inter alia*, the receipt of avoidable transfers from BLMIS in connection with BLMIS Account Nos. 1ZB032, 1ZB046, 1ZB509, and 1ZB510, including avoidable transfers made within two years of December 11, 2008;

WHEREAS, on February 3, 2022, the Trustee filed a motion for partial summary judgment (the "Summary Judgment Motion"), under Federal Rule of Civil Procedure 56 and Federal Rule of Bankruptcy Procedure 7056, against Mayfair Ventures, Grosvenor Partners, Aster Associates, and St. James Associates (collectively, the "Entity Defendants") and general partners of the Entity Defendants (the "General Partner Defendants," and together with the Entity Defendants, the "Defendants") pursuant to Counts I and XIII of the Amended Complaint, to avoid and recover the $17.2 million in fictitious profits fraudulently transferred to the Entity Defendants by BLMIS between December 11, 2006, and December 11, 2008 (the "Two-Year Period");

WHEREAS, on July 15, 2022, the Court issued a memorandum decision [ECF No. 268] (the "Decision") granting the Trustee's Summary Judgment Motion as to Count I of the Amended Complaint against the Entity Defendants to avoid and recover $17.2 million in fictitious profits fraudulently transferred in the Two-Year Period, and Count XIII of the Amended Complaint

2

against the General Partner Defendants who are liable for the debts of the Entity Defendants. The Court also directed the Trustee to submit a proposed order. Decision at 17;

**WHEREAS**, on July 26, 2022, the Trustee submitted a proposed order (the "Proposed Order"), the contents of which were consistent with the Court's Decision;

**WHEREAS**, on July 27, 2022, defendants filed a motion seeking to amend the Decision under Rule 52(b) of the Federal Rules of Civil Procedure ("Rule 52(b)") and objecting to the Trustee's Proposed Order on the single basis that the Court erred in finding it had jurisdiction to enter a final order as to the General Partner Defendants (ECF Nos. 271, 276) (the "Motion to Amend");

**WHEREAS**, on August 3, 2022, the Trustee filed a memorandum of law opposing the Motion to Amend;

**WHEREAS**, the Court held a hearing on this matter on August 10, 2022, which included oral argument (the "August 10 Hearing"); and

**WHEREAS**, at the August 10 Hearing, the Court denied defendants' Motion to Amend.

**NOW THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED THAT:**

1. As set forth in the Decision granting the Trustee's Summary Judgment Motion, the Court made the following findings and conclusions:

    a. The Court has subject matter jurisdiction over this Adversary Proceeding under SIPA § 78eee(b)(4), 28 U.S.C. §1334, 157(a) and Order No. M10-450 (S.D.N.Y. July 10, 1984), as amended by Amended Standing Order of Reference No. M10-468, 12 Misc. 00032 (S.D.N.Y. Jan. 31, 2012);

3

b. The Court has authority to enter a final order because the Defendants filed customer claims in this case. Thus, Defendants have impliedly consented to a final adjudication;

c. BLMIS operated a Ponzi scheme;

d. There is no genuine issue of material fact that Defendants were customers of the IA Business;

e. The Entity Defendants received fictitious profits of $17.2 million from BLMIS within the Two-Year Period as follows: (i) $2,500,000 in fictitious profits was withdrawn from Mayfair Ventures' BLMIS Account No. 1ZB032; (ii) $2,500,000 in fictitious profits was withdrawn from Grosvenor Partners' BLMIS Account No. 1ZB046; (iii) $3,500,000 in fictious profits was withdrawn from Aster Associates' BLMIS Account No. 1ZB509; and (iv) 8,700,000 in fictitious profits was withdrawn from St. James Associates' BLMIS Account No. 1ZB510 (collectively, the "Two-Year Fictitious Profits Transfers");

f. All monies transferred from the JPMorgan Chase bank account #xxxxxxxxx1509 (the "509 Account") or account #xxxxx1703 (the "703 Account") are "customer property" for the purposes of these SIPA cases;

g. The Two-Year Fictitious Profits Transfers were transfers of an interest of the debtor and constitute "customer property" within the meaning of SIPA 78lll(4). The Two-Year Fictitious Profits Transfers must be returned to the Trustee pursuant to SIPA §78fff-2(c)(3);

4

h. The Trustee has established through the Ponzi scheme presumption that the Two-Year Fictitious Profits Transfers were made with the actual intent to hinder, delay, or defraud creditors within the meaning of 11 U.S.C. §§548(a)(1)(A) and 550(a);

i. The Two-Year Fictitious Profits Transfers are avoided under 11 U.S.C. §548(a)(1)(A) and recoverable under 11 U.S.C. § 550;

j. Defendants Frank Avellino, Nancy Avellino, Michael Bienes, and Dianne Bienes were general partners of Mayfair Ventures; Defendants Frank Avellino and Mayfair Ventures were general partners of Grosvenor Partners; Defendants Frank Avellino, Nancy Avellino, Rachel A. Rosenthal, Rachel Anne Rosenthal Trust U/A dated June 29, 1990, and Rachel Anne Rosenthal Trust Number 2 U/A dated June 24, 1992 were general partners of Aster Associates; Defendants Michael Bienes and Dianne Bienes were general partners of St. James Associates, and collectively, these General Partner Defendants are liable for the debts of their respective Entity Defendants;

k. The Trustee is entitled to recover the Two-Year Fictitious Profits from the Entity Defendants and their respective General Partner Defendants under 11 U.S.C. § 550 and applicable state partnership law; and

l. The Trustee is entitled to prejudgment interest on the Two-Year Fictitious Profits Transfers at the rate of 4% commencing on the filing date of December 10, 2010, through the date of an entry of judgment because, *inter alia*, the Trustee has spent more than a decade prosecuting this case, and cannot be made whole without an award of prejudgment interest.

2. The Trustee is granted judgment under Counts I and XIII of the Amended Complaint to avoid the Two-Year Fictitious Profits Transfers received by Mayfair Ventures totaling $2,500,000 and recover those transfers from Mayfair Ventures, and/or its general partners Frank Avellino, Nancy Avellino, the estate of Michael Bienes, and Dianne Bienes, individually, and/or in her capacity as personal representative of the estate of Michael Bienes, together with prejudgment interest at a rate of 4% commencing December 10, 2010, through the date of an entry of judgment.

3. The Trustee is granted judgment under Counts I and XIII of the Amended Complaint to avoid the Two-Year Fictitious Profits Transfers received by Grosvenor Partners totaling $2,500,000 and recover those transfers from Grosvenor Partners, and/or its general partners Frank Avellino, Mayfair Ventures, and/or the general partners of Mayfair Ventures, Frank Avellino, Nancy Avellino, the estate of Michael Bienes, and Dianne Bienes, individually, and/or in her capacity as personal representative of the estate of Michael Bienes, together with prejudgment interest at a rate of 4% commencing December 10, 2010, through the date of an entry of judgment.

4. The Trustee is granted judgment under Counts I and XIII of the Amended Complaint to avoid the Two-Year Fictitious Profits Transfers received by Aster Associates totaling $3,500,000 and recover those transfers from Aster Associates, and/or its general partners Frank Avellino, Nancy Avellino, Rachel A. Rosenthal, Rachel Anne Rosenthal Trust U/A dated June 29, 1990, and Rachel Anne Rosenthal Trust Number 2 U/A dated June 24, 1992, together with prejudgment interest at a rate of 4% commencing December 10, 2010, through the date of an entry of judgment.

5. The Trustee is granted judgment under Counts I and XIII of the Amended Complaint to avoid the Two-Year Fictitious Profits Transfers received by St. James Associates totaling $8,700,000 and recover those transfers from St. James Associates, and/or its general partners the estate of Michael Bienes, and Dianne Bienes, individually, and/or in her capacity as personal representative of the estate of Michael Bienes, together with prejudgment interest at a rate of 4% commencing December 10, 2010, through the date of an entry of judgment.

6. At the August 10 Hearing with respect to Defendants' Motion to Amend, the Court held the following:

   a. Fairness dictates that if the General Partner Defendants are in a position to acquire substantial benefits from the asserted Entity Defendants' claims, the General Partner Defendants should be prepared to accept the burdens of being general partners, including becoming parties to proceedings wherein the Entity Defendants' claims and the claims against these partnerships will be determined in one lawsuit. *See In re Care Enterprises, Inc.*, 114 B.R. 234 (Bankr. C.D. Cal. 1990);

   b. The General Partner Defendants cannot seek to acquire benefits from their partnerships (the Entity Defendants), including by the Entity Defendants' filing customer claims, without accepting any burdens;

   c. The General Partner Defendants are deemed to have filed the Entity Defendants' customer claims;

    d. The Court has authority to enter a final order as to the General Partner Defendants because they filed customer claims and, thus, have impliedly consented to the Court's jurisdiction; and

    e. Defendants' Motion to Amend is denied.

7. This Adversary Proceeding shall continue as to the remaining causes of action under Count I through Count XIII of the Amended Complaint.

8. The Court shall retain jurisdiction over this Adversary Proceeding and implementation and enforcement of this Order.