UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                    Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                    Defendant. | No. 08-01789 (CGM)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>                    Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>                    Plaintiff,<br><br>v.<br><br>SOCIETE GENERALE PRIVATE BANKING (SUISSE) S.A. et al,<br><br>                    Defendant(s). | Adv. Pro. No. 12-01677 (CGM) |

**ORDER DIRECTING BOND, SCHOENECK & KING, PLLC TO APPEAR AND SHOW CAUSE WHY DEFAULT JUDGMENT SHOULD NOT BE ENTERED AGAINST THE OFI FUNDS AND WHY THEY SHOULD NOT BE REPORTED FOR VIOLATING THE NEW YORK RULES OF PROFESSIONAL CONDUCT**

On April 29, 2022, Brian Butler of the firm Bond, Schoeneck & King, PLLC, located in Syracuse, N.Y., filed a memorandum of law on behalf of "Defendants OFI MGA Alpha Palmares ("OFI"), Oval Palmares Europlus ("Palmares") and UMR Select Alternatif ("UMR") (collectively, the "OFI Funds")". Memo. L. at 1, ECF No. 142. That memorandum of law states that the OFI Funds have "no legal personality or existence," Memo. L. at 5, and have "no officers or employees of [their] own." Memo. L at 3.

As is stated in comment 1 to Rule 1.13 of the New York Rules of Professional Conduct, "An organizational client is a legal entity, but it cannot act except through its officers, directors, employees, members, shareholders and other constituents." As Bond, Schoeneck & King, PLLC has asserted in its memorandum of law, that the OFI Funds have "no legal existence" and "no officers or employees," it is hereby **ORDERED** that Bond, Schoeneck, & King, PLLC appear *in person* at the hearing held before the Court on September 19, 2022 at 10:00 am at the United States Bankruptcy Court located at 355 Main Street, Poughkeepsie N.Y. 12601, and **SHOW CAUSE** why they should not be prohibited from appearing on behalf of an entity with no legal existence.

And it is further **ORDERED** that, considering that under the New York Rules of Professional Conduct, a lawyer is required to "abide by a client's decisions concerning the objectives of representation and, as required by Rule 1.4, shall consult with the client as to the means by which they are to be pursued," N.Y. R. Prof'l C. 1.2(a); a lawyer is also required to "communicate to a client the scope of the representation and the basis or rate of the fee and expenses for which the client will be responsible," N.Y. R. Prof'l C. 1.5(b); and a lawyer may not represent concurrent clients without informed consent of the client, N.Y. R. Prof'l C. 1.7, Bond, Schoeneck, & King, PLLC, shall advise the Court how it is able to communicate with an entity that has no legal existence and no officers or employees.

And it is further **ORDERED** that Bond, Schoeneck, & King, PLLC, shall be prepared to show the Court its retention agreement with these legally non-existent entities, its fee arrangement with these legally non-existent entities, any documents purporting to give informed consent on behalf of these legally non-existent entities, and its authority for having filed this brief on behalf of these legally non-existent entities.

And it is further **ORDERED** that Bond, Schoeneck, & King, PLLC **SHOW CAUSE** why it's filings should not be struck, and a default judgment be entered on behalf of the OFI Funds.

And it is further **ORDERED** that the motion to dismiss filed by the OFI Funds shall be adjourned to run with this Order.



**Dated: August 19, 2022**
**Poughkeepsie, New York**

/s/ Cecelia G. Morris
_____
**Hon. Cecelia G. Morris**
**U.S. Bankruptcy Judge**