**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (CGM) |
| Plaintiff, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff, | Adv. Pro. No. 20-01316 (CGM) |
| Plaintiff, | |
| v. | |
| RAFAEL MAYER, DAVID MAYER, MONTPELLIER INTERNATIONAL LTD., PRINCE ASSETS LTD. (F/K/A PRINCE ASSETS LDC), KHRONOS GROUP LTD. (F/K/A MONTPELLIER RESOURCES LTD.), PRINCE RESOURCES LDC, MONTPELLIER USA HOLDINGS LLC, PRINCE CAPITAL PARTNERS LLC, AND KHRONOS LIQUID OPPORTUNITIES FUND LTD., | |
| Defendants. | |

**STIPULATED CASE MANAGEMENT ORDER**

Plaintiff Irving H. Picard, as trustee (the "Trustee") for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC, under the Securities Investor Protection Act, 15 U.S.C. § 78aaa–*lll*, and the chapter 7 estate of Bernard L. Madoff, and Defendants Rafael Mayer, David Mayer, Prince Resources, LDC, Prince Capital Resources, LLC, and Khronos Liquid Opportunities Fund, Ltd. (the "Defendants"), by and through their undersigned counsel (together with the Trustee, the "Parties"), hereby submit the following stipulation and case management order pursuant to Rules 16 and 26 of the Federal Rules of Civil Procedure as made applicable under Rules 7016 and 7026 of the Federal Rules of Bankruptcy Procedure.

1.    **Case Status**

a.    On November 11, 2020, the Trustee filed a complaint (the "Complaint") against Rafael Mayer, David Mayer, Montpellier International Ltd., Prince Assets, Ltd. (f/k/a Prince Assets, LDC), Khronos Group Ltd. (f/k/a Montpellier Resources, Ltd.), Prince Resources, LDC, Montpellier USA Holdings, LLC, Prince Capital Partners, LLC, and Khronos Liquid Opportunities Fund Ltd.

b.    On March 2, 2021, the Defendants moved to dismiss the Complaint.  On July 27, 2021, the Bankruptcy Court so-ordered a stipulation withdrawing without prejudice the motions to dismiss of Prince Assets, Ltd. and Prince Resources, LDC, and the remaining motions were heard on September 15, 2021.  On October 27, 2021, the Bankruptcy Court issued its memorandum decision denying the remaining motions to dismiss the Complaint.

c.    On January 10, 2022, Defendants filed their answers to the Trustee's Complaint (the "Answers").

d.    On January 25, 2022, Defendants filed a Motion to Withdraw the Reference from the Bankruptcy Court in the Southern District of New York. *Picard v. Mayer*,

No. 22-cv-00769 (DLC) (S.D.N.Y. March 17, 2022), ECF No. 1. On March 17, 2022, Judge

Cote denied the Defendants' Motion to Withdraw the Reference without prejudice. *Picard v.*

*Mayer*, No. 22-cv-00769 (DLC) (S.D.N.Y. March 17, 2022), ECF No. 25.

       e.      On February 24, 2022, the Trustee filed a Motion to Consolidate this

adversary proceeding (this "Action") and *Picard v. Legacy Capital Ltd.* (In re BLMIS), Adv.

Pro. No. 10-05286 (CGM) (Bankr. S.D.N.Y.) (the "Legacy Capital Action," collectively,

"Legacy Adversary Proceedings") for all pre-trial matters. On April 7, 2022, the Trustee's

Motion to Consolidate was heard and the Court ruled from the bench granting in part and

denying in part the Motion to Consolidate. On April 25, 2022, Judge Morris entered an order

("the Consolidation Order") granting consolidation for all pre-trial matters in the Legacy

Adversary Proceedings solely on the issue of Legacy Capital Ltd.'s good faith, without prejudice

to consolidation on other issues at a later date.

      **2.**     **<u>Discovery Plan</u>**

       a.      All parties shall comply with the Local Bankruptcy Rules for the Southern

District of New York and the Individual Rules of United States Bankruptcy Judge Cecelia Morris

with respect to any disputes concerning discovery matters.

       b.      The Parties anticipate the need for discovery, including document requests

and oral testimony, from various third parties located outside of the United States.  To obtain

discovery from these third parties, the Parties may need to proceed under the Hague Convention

on the Taking of Evidence Abroad in Civil or Commercial Matters or other internationally

recognized means of obtaining cross-border discovery, including without limitation, letters

rogatory (collectively, "International Discovery").  To the extent that the Parties avail themselves

of International Discovery procedures, they will not be deemed to have waived, prejudiced, or

otherwise altered their rights to conduct discovery under the applicable federal rules.  To the

extent that responses to International Discovery are not received by the Fact Discovery Cut-Off

Date (defined below), the Parties may seek extensions of the deadlines set forth herein.

        c.     <u>Fact Discovery Cut-Off</u>.  All fact discovery is to be completed by

December 22, 2023 (the "Fact Discovery Cut-Off Date").

        d.     <u>Expert Discovery Cut-Off</u>.  All expert discovery is to be completed by

September 30, 2024 (the "Expert Discovery Cut-Off Date").

        e.     <u>Initial Disclosures</u>. The Parties do not propose any changes in the form or

requirements for disclosures under Federal Rule 26(a).  The Parties agree that they shall serve

Initial Disclosures 45 days after the Bankruptcy Court enters this Order unless a different time is

set by stipulation or court order.

        f.     <u>Inadvertent Production</u>.  The Parties acknowledge that the inadvertent

production of privileged or work product protected documents is not a waiver of the privilege or

protection from discovery in this case or in any other federal or state proceeding.  This Order

shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence

502(d).  Nothing contained in this paragraph is intended to or shall serve to limit a party's right

to conduct a review of documents, including electronically stored information, for relevance,

responsiveness, and/or privileged and/or protected.

        g.     <u>Document Requests</u>. The Parties may serve requests for documents and

third-party document subpoenas, provided they are served at least 90 days before the Fact

Discovery Cut-Off Date.

        h.     <u>Interrogatories</u>.

           (i)    The Parties may serve interrogatories in accordance with Local

                   Bankruptcy Rule 7033-1(a), until 45 days before the Fact Discovery

                   Cut-Off Date.

(ii)  The Parties may serve interrogatories in accordance with Local

Bankruptcy Rule 7033-1(b), until 45 days before the Fact Discovery

Cut-Off Date, provided the interrogatories are (i) a more practical

method of obtaining the information sought than a request for

production of documents or a deposition, or (b) ordered by the Court.

(iii)  The Parties may serve contention-based interrogatories in accordance

with Local Bankruptcy Rule 7033-1(c).

i.  <u>Requests for Admission</u>.  The Parties may serve Requests for Admission

as needed, provided they are served at least 45 days before the Fact Discovery Cut-Off Date.

j.  <u>Depositions</u>.  All depositions (excluding any expert depositions) must be

completed by the Fact Discovery Cut-Off Date.  Depositions shall proceed concurrently, with no

party having priority.  The Parties will endeavor to conclude the majority of depositions within

the seven hours provided by Federal Rule 30(d)(1). The Parties will attempt in good faith to

agree to reasonable extensions of the time limits as appropriate, and failing agreement, any party

may make application for an extension of those time limits.

(i)  The Parties agree that they will meet and confer in good faith to identify

an agreed-upon number of depositions.

(ii)  All depositions of the Trustee's witnesses shall be conducted at the

offices of Baker & Hostetler LLP, 45 Rockefeller Plaza, New York, NY

10111, or such other location as the Parties may agree.  Depositions of

the Defendant's witnesses shall be conducted at a location agreed upon

by the Parties.

k.  <u>Consolidation of Discovery on Good Faith</u>.  Pursuant to the Consolidation

Order, the Court consolidated discovery in this Action on the issue of Legacy Capital's good

faith with the Legacy Capital Action.  All documents and other information produced in this

Action shall also be produced to the defendants in the Legacy Capital Action.  Notice of all

depositions to be taken in this Action shall be provided to the defendants in the Legacy Capital

Action, and the defendants in the Legacy Capital Action shall have the right to attend and

participate as parties in those depositions.

    l. <u>Experts</u>.  Each party that intends to offer expert testimony must make the

disclosures required by Federal Rule 26(a)(2) on or before March 22, 2024.  Each party that

intends to offer expert testimony in opposition to such disclosures must make the disclosures

required by Federal Rule 26(a)(2) on or before May 31, 2024.  No expert testimony (whether

designated as "rebuttal" or otherwise) will be permitted (i) by an expert that has not been

disclosed in accordance with the Federal Rules of Civil Procedure, or (ii) on any issue that is

beyond the scope of the opinion covered by the disclosures except on prior express permission of

the Court, upon application made no later than May 31, 2024.  Given the volume of

documentation that may be subject to expert disclosure in this matter, the Parties may produce a

summary expert report, and provide access to the underlying documentation on which the

summary report relies in an electronic data room or other medium for review by the Parties. The

Parties reserve all rights with regard to the admissibility of any such summary reports. All

experts may be deposed, but such depositions must occur on or before the Expert Discovery Cut-

Off Date.  The deadline for expert depositions will not affect the Parties' duty to supplement

expert disclosures as required by Federal Rule 26.

    m. <u>Manner of Production of Discovery Materials</u>.  The Parties may produce

discovery, including initial disclosures, on a USB flash drive, CD-ROM, in an electronic data

room, encrypted FTP link, or other similar electronic format. The Parties intend to enter into a

protocol for the production of electronically stored information (ESI).  Information and

documents produced or made available electronically shall:

    (i)    be text searchable;

    (ii)    provide data and image load files necessary to review the documents on

        search platforms (i.e., Summation, Concordance, Relativity) upon

        request of a Party;

    (iii)    provide any system-created or non-privileged captured objective

        metadata, such as date fields, author fields, custodian fields, path to

        native file, etc.;

    (iv)    be organized, such as by date, custodian, or subject matter, as

        maintained in the ordinary course of business or as organized by the

        Trustee;

    (v)    provide additional formats of production, metadata, or native documents

        if requested by a Party.

    3.    **Confidentiality.** The Litigation Protective Order (ECF No. 4137) (the "LPO")

entered in *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec., LLC (In re Bernard L. Madoff*

*Inv. Sec., LLC)*, Adv. Pro. No. 08-01789 (CGM) on June 6, 2011 is attached as Exhibit A to this

Stipulated Case Management Order and shall govern the disclosure of confidential information

in this proceeding.

    4.    **Proposed Modifications of Standard Pretrial Proceedings Due to the Special**

**Nature of the Action.**  The Parties do not presently believe that any such modifications are

appropriate or necessary, and will contact the Court if their belief in this regard changes.

    5.    **Prospects for Settlement, Including Whether a Settlement Conference**

**Should Be Scheduled and Whether the Parties Will Stipulate to the Trial Judge Acting as**

**Settlement Judge.**  The Parties will notify the Court if they believe a settlement conference or mediation would be productive, and the Parties do not hereby stipulate to the presiding bankruptcy judge conducting a settlement conference in this case.

6.        **Motion Practice.**  All motions and applications shall be governed by the Federal Rules of Civil Procedure, Bankruptcy Rules and Local Bankruptcy Rules, including pre-motion conference requirements.

7.        **Discovery Arbitrator.**  On October 4, 2016, the Court entered an Order Appointing a Discovery Arbitrator Pursuant to Bankruptcy Rule 9019(c) and General Order M-390. *See* 08-01789, ECF No. 14227. The parties agree to referral of all discovery disputes to the Honorable Frank Maas (ret.) as the Discovery Arbitrator, including disputes related to electronically stored information, questions of privilege, confidentiality, work product, relevance, scope, and burden.

8.        **Pre-Motion Conference.**  A party seeking to move for summary judgment must first request a pre-motion conference.  The date and time of the pre-motion conference must be obtained from Chambers.  Notice of the date and time of the pre-motion conference may take the form of a letter setting forth the issues in general terms and must be served upon all parties bound by this scheduling order or as otherwise required in the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules for the Southern District of New York.

9.        **Summary Judgment Motions.**  A briefing and hearing schedule for summary judgment motions or other dispositive motions must be set by the Court at the pre-motion conference. Compliance with S.D.N.Y. Local Bankruptcy Rule 7056-1 is mandatory and shall include a joint statement of undisputed facts. Pursuant to the authority provided by Federal Rule 16(b)(2), a motion for summary judgment will be deemed untimely unless a request for a pre-

motion conference relating thereto (*see* Local Bankruptcy Rule 7056-1) is made in writing within fourteen (14) days after the close of all discovery.

10.    **Modifications of this Order.** The deadlines set out herein cannot be changed unless so directed by the Court. The Parties should not wait for deadlines to expire before seeking an amended scheduling order. Modifications to the Scheduling Order may be made only upon a showing of good cause with joint application to the Court, or a party may request an informal status conference.

Failure to comply with this Order may result in sanctions being imposed.

11.    **Parties and Counsel.**  The following Parties join in this stipulation and proposed case management order through their counsel.

*[Remainder of Page Intentionally Left Blank]*

Date:  New York, New York
       August 22, 2022

*/s/ David J. Sheehan*
**Baker & Hostetler LLP**
45 Rockefeller Plaza, 11th Floor
New York, New York 10111
Telephone: (212) 589-4200
David J. Sheehan
Email: dsheehan@bakerlaw.com
Oren J. Warshavsky
Email: owarshavsky@bakerlaw.com
Jason S. Oliver
Email: joliver@bakerlaw.com
Tatiana Markel
Email: tmarkel@bakerlaw.com
Carrie Longstaff
Email: clongstaff@bakerlaw.com
Peter B. Shapiro
Email: pshapiro@bakerlaw.com

*Attorneys for Plaintiff Irving H. Picard, trustee for*
*the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and the Chapter 7 Estate of Bernard L. Madoff*

*/s/ Eric B. Fisher*
**Binder & Schwartz LLP**
366 Madison Avenue, 6th Floor
New York, New York 10017
Telephone: (212) 510-7008
Eric B. Fisher
Email: efisher@binderschwartz.com
Lindsay A. Bush
Email: lbush@binderschwartz.com
*Attorneys for Defendant Rafael Mayer*


*/s/ Daniel H. Tabak*
**Cohen & Gresser LLP**
800 Third Avenue
New York, New York 10022
Telephone: (212) 957-7606
Daniel H. Tabak
Email: dtabak@conhengresser.com

*Attorneys for Defendants Prince Resources*
*LDC and Prince Capital Partners LLC*

*/s/ Eugene E. Stearns*

**Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A.**
Museum Tower, Suite 2200
150 West Flagler Street
Miami, Florida 33130
Telephone: 305-789-3200
Eugene E. Stearns
Email: estearns@stearnsweaver.com
Carlos J. Canino
Email: ccanino@stearnsweaver.com
Matthew M. Graham
Email: mgraham@stearnsweaver.com

*Attorneys for Defendant David Mayer*

*/s/ Daniel S. Alter*

**Abrams Fensterman LLP**
81 Main Street
Suite 400
White Plains, New York 10601
Telephone: (914) 607-7010
Daniel S. Alter
Email: DAlter@Abramslaw.com

*Attorneys for Defendant Khronos Liquid Opportunities Fund Ltd.*

**SO ORDERED.**



**Dated: August 23, 2022**
**Poughkeepsie, New York**

/s/ Cecelia G. Morris

_____
**Hon. Cecelia G. Morris**
**U.S. Bankruptcy Judge**