**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the chapter 7 estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (CGM)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br>BERNARD L. MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>Plaintiff,<br>v.<br><br>INTELIGO BANK LTD., f/k/a BLUBANK LTD.,<br><br>Defendant. | Adv. Pro. No. 11-02763 (CGM) |

**DECLARATION OF AMY E. VANDERWAL IN SUPPORT OF THE**
**TRUSTEE'S OPPOSITION TO DEFENDANT INTELIGO'S MOTION TO DISMISS**

I, Amy E. Vanderwal, pursuant to 28 U.S.C. § 1746, declare as follows:

1.   I am a member of the New York Bar and a partner at Baker & Hostetler LLP, counsel for plaintiff Irving H. Picard, as trustee (the "Trustee") for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.*, and the chapter 7 estate of Bernard L. Madoff.

2.   I submit this declaration in support of the Trustee's Memorandum of Law in Opposition to Inteligo LTD f/k/a Blubank LTD ("Defendant")'s Motion to Dismiss the Complaint ("Motion").

3.   Although several documents attached to this Declaration are stamped confidential, the Trustee's records indicate that the producing parties have de-designated the documents as not confidential under the Litigation Protective Order entered in this liquidation. *See SIPC v. BLMIS (In re BLMIS)*, Adv. Pro. No. 08-01789 (CGM) (Bankr. S.D.N.Y. June 6, 2011 & Sept. 17, 2003), ECF Nos. 4137 & 5474. In addition, all personal identifying information has been redacted.

4.   For a number of the below Exhibits, the subscription, redemption and other documents attached hereto are exemplars, and the Trustee is in possession of additional similar documents, which have not been included due to size and volume considerations. These additional documents can be provided to the Court upon request.

5.   Attached as **Exhibit 1** is a true and correct copy of Fairfield Greenwich Group's ("FGG") annual employee census for the years 2000 through 2007. (SECSEV0897773)

6. Attached as **Exhibit 2** is a true and correct copy of Resolution S.B.P. No. 001-2010 issued by the Republic of Panama Superintendency of Banks authorizing the change of Blubank Ltd.'s name to Inteligo Bank Ltd. (PUBLIC0693588)

7. Attached hereto as **Exhibit 3** in redacted form is a true and correct copy of the Fairfield Sentry Limited ("Sentry") subscription agreement signed by Defendant on February 25, 2004. (PUBLIC0680566)

8. Attached hereto as **Exhibit 4** is a certified translation of a true and correct copy of an email dated January 20, 2005, from Defendant to FGG New York requesting the Fairfield Sigma Limited ("Sigma") subscription agreement and the subsequent transmission of the Sigma subscription agreement to Defendant the same day. (FG-05478169.0001)

9. Attached hereto as **Exhibit 5** in redacted form is a true and correct copy of the Sigma subscription agreement which was attached to Exhibit 4. (FG-05478171)

10. Attached as **Exhibit 6** is a certified translation of a true and correct copy of an email dated June 16, 2005, between Defendant and FGG New York regarding a Sigma subscription request. (FG-00195941.0001)

11. Attached hereto as **Exhibit 7** in redacted form is a true and correct copy of the Sentry subscription agreement signed by Defendant on October 30, 2006. (CFSSAO0023314)

12. Attached hereto as **Exhibit 8** is a true and correct copy of the Sentry subscription agreement dated June 25, 2008. (CFSSAJ0014661)

13. Attached as **Exhibit 9** in redacted form is a true and correct copy of Sentry's Private Placement Memorandum, dated June 15, 2002. (FGGSAC0016079)

14. Attached as **Exhibit 10** in redacted form is a true and correct copy of Sentry's Private Placement Memorandum, dated July 1, 2003. (SECSEV2137283)

15. Attached as **Exhibit 11** is a true and correct copy of an email dated December 6, 2006, between FGG New York and Defendant conveying Sentry's Private Placement Memorandum dated August 14, 2006 to Defendant. (FG-05070411)

16. Attached as **Exhibit 12** in redacted form is a true and correct copy of Sentry's Private Placement Memorandum, dated August 14, 2006, which was attached to Exhibit 11. (FG-05070434)

17. Attached as **Exhibit 13** in redacted form is a true and correct copy of Sigma's Private Placement Memorandum, dated October 1, 2004. (FG-05478186)

18. Attached as **Exhibit 14** in redacted form is a true and correct copy of Sigma's Private Placement Memorandum, dated December 1, 2008. (SECSEV3127908)

19. Attached hereto as **Exhibit 15** is a true and correct copy of Defendant's Letter of Understanding dated April 22, 2004. (ANWAR-CFSE-00501450)

20. Attached hereto as **Exhibit 16** is a certified translation of a true and correct copy of an email dated August 5, 2004, from FGG New York to Defendant and the attached breakdown of fees wired to Defendant in conjunction with Defendant's fee arrangement with FGG. (ANWAR-C-ESI-00406563.0001)

21. Attached hereto as **Exhibit 17** is a true and correct copy of the 2007 Amendment to Defendant's Letter of Understanding dated April 22, 2004. (ANWAR-CFSE-00808757)

22. Attached hereto as **Exhibit 18** in redacted form is a true and correct copy of a Sentry subscription payment confirmation for Defendant, dated January 1, 200,1 in the amount of $1,000,000. (ANWAR-CCI-00171287)

4

23.     Attached as **Exhibit 19** in redacted form is a true and correct copy of a Sentry subscription payment confirmation and related documents for Defendant, dated November 13, 2006, in the amount of $300,000. (ANWAR-CFSE-00022923)

24.     Attached as **Exhibit 20** in redacted form is a true and correct copy of a Sentry subscription request confirmation and related documents for Defendant, dated April 25, 2008, in the amount of $95,000. (ANWAR-CFSE-00028240)

25.     Attached as **Exhibit 21** in redacted form are true and correct copies of documents related to Defendant's November 19, 2007, redemption from Sentry in the amount of $46,978.96:

   a. Defendant's redemption request form, dated October 2, 2007 (CFSSAM0025234); and

   b. Defendant's request for wire transfer payment, dated November 16, 2007. (CFSSAM0025228)

26.     Attached as **Exhibit 22** in redacted form are true and correct copies of documents related to Defendant's July 16, 2003 redemption from Sentry in the amount of $2,336,174.77:

   a. Confirmation of Defendant's redemption request, dated June 29, 2003 (CFSSAD0002528); and

   b. Defendant's request for wire transfer payment, dated July 15, 2003. (ANWAR-CFSE-00028725)

27.     Attached as **Exhibit 23** in redacted form are true and correct copies of documents related to Defendant's December 19, 2007 redemption from Sentry in the amount of $53,075.47:

   a. Defendant's redemption request form, dated November 7, 2007 (CFSSAM0028720); and

5

    b. Defendant's request for wire transfer payment, dated December 18, 2007. (CFSSAM0028715)

28. Attached as **Exhibit 24** in redacted form are true and correct copies of documents related to Defendant's November 16, 2006 redemption from Sigma and corresponding reinvestment of those Sigma shares into Sentry including:

    a. Defendant's redemption request form, dated November 16, 2006 (ANWAR-CFSE-00422411); and

    b. Defendant's Sentry subscription agreement, dated November 30, 2006, reflecting reinvestment of Defendant's Sigma redemption into Sentry. (ANWAR-CFSE-00422415)

29. Attached as **Exhibit 25** is a true and correct copy of an email exchange dated February 18, 2004, between Ms. Lourdes Barreneche and Mr. Jeffrey Tucker of FGG New York regarding a February 19, 2004 meeting between Defendant and FGG representatives in New York. (SECSEV1774324)

30. Attached as **Exhibit 26** is a true and correct copy of a meeting summary prepared by FGG New York detailing the February 19, 2004 meeting with Defendant's personnel in New York. (SECSEV1774509)

31. Attached as **Exhibit 27** is a true and correct copy of an email exchange dated April 29, 2005, between Ms. Veronica Barco of FGG New York and Mr. Amit Vijayvergiya regarding a meeting with Defendant on May 16, 2005. (SECSEV0612338)

32. Attached as **Exhibit 28** is a true and correct copy of an email dated August 25, 2005, between Ms. Veronica Barco of FGG New York and Mr. Amit Vijayvergiya providing background information on Defendant. (SECSEV0636632)

6

33. Attached as **Exhibit 29** is a true and correct copy of an email exchange, dated October 14, 2005, between Ms. Veronica Barco of FGG New York and Mr. Amit Vijayvergiya regarding scheduling a potential discussion with Defendant in November 2005. (SECSEV0641338)

34. Attached as **Exhibit 30** is a true and correct copy of a document detailing Sentry client meetings in 2007 and 2008, including a December 2008 conference call with Defendant. (SECSEV0090573)

35. Attached as **Exhibit 31** is a certified translation of a true and correct copy of an email exchange dated December 15, 2003, between FGG New York and Defendant regarding the Fairfield Funds' returns. (FG-05564543.0001)

36. Attached as **Exhibit 32** is a certified translation of a true and correct copy of an email exchange dated May 14, 2004, between FGG New York and Defendant regarding Sentry returns. (FG-05562193.0001)

37. Attached as **Exhibit 33** is a certified translation of a true and correct copy of an email dated September 7, 2005, between FGG New York and Defendant regarding the Fairfield Funds' returns. (FG-05559917.0001)

38. Attached as **Exhibit 34** is a certified translation of a true and correct copy of an email dated September 8, 2005, between FGG New York and Defendant regarding the Fairfield Funds' returns. (FG-05559893.0001)

Pursuant to 28 U.S.C. § 1746, I hereby declare under penalty of perjury that the foregoing statements are true and correct.

Dated: August 25, 2022　　　　　　　　　　　　　　　By: */s/Amy E. Vanderwal*
New York, NY