**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------X

SECURITIES INVESTOR PROTECTION
CORPORATION,

    Plaintiff-Applicant,

    v.

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

    Defendant.

------------------------------------------------------------X

In re:

BERNARD L. MADOFF,

    Debtor.

------------------------------------------------------------X

IRVING PICARD, Trustee for the
Liquidation of Bernard L. Madoff Investment
Securities LLC,

    Plaintiff,

    v.

SOCIÉTÉ GÉNÉRALE PRIVATE BANKING
(SUISSE) S.A. (f/k/a SG Private Banking Suisse
S.A.), et al.,

    Defendants.

------------------------------------------------------------X

No. 08-01789 (BRL)

SIPA Liquidation

(Substantively Consolidated)

Adv. Pro. No. 12-01677 (BRL)

**REPLY MEMORANDUM OF LAW IN FURTHER**
**SUPPORT OF THE MOTION OF THE**
<u>**OFI FUNDS TO DISMISS THE COMPLAINT**</u>

14731227

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT.................................................................................................................................. 1

    POINT I:    THE COMPLAINT MUST BE DISMISSED AGAINST THE OFI FUNDS BECAUSE THEY HAVE NO LEGAL EXISTENCE AND LACK THE CAPACITY TO BE SUED ....................................................................................................... 1

        A.  It is Undisputed that the OFI Funds Lack Legal Existence................................ 1
        B.  The Trustee did not Oppose the OFI Funds' Argument that they do not have the Capacity to Be Sued under Rule 17(b) of the FRCP. ................................. 6

    POINT II:    THE COURT LACKS PERSONAL JURISDICTION OVER THE OFI FUNDS ........................................................................................................................ 7

    POINT III:    THE COMPLAINT SHOULD BE DISMISSED BASED ON THE APPLICATION OF 11 U.S.C. § 546(e) ...................................................................... 12

CONCLUSION ............................................................................................................................ 15

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Adelsberger v. United States*,
   58 Fed. Cl. 616 (Fed. Cir. 2003) ............................................................................................. 2

*Alki Partners, L.P. v. Vatas Holding GmbH*,
   769 F.Supp.2d 478 (S.D.N.Y.2011) ......................................................................................... 9

*Berdeauz v. OneCoin Ltd.*,
   561 F. Supp. 3d 379 (S.D.N.Y. 2021) .................................................................................... 10

*Bristol-Myers Squibb Co. v. Superior Court of California.*,
   137 S. Ct. 1773 (2017) .............................................................................................................. 9

*Brown v. Fifth Judicial District Drug Task Force*,
   255 F.3d 475 (8th Cir. 2001) .................................................................................................... 2

*Charles Schwab Corp. v. Bank of Am. Corp.*,
   883 F.3d 68 (2d Cir. 2018) ....................................................................................................... 7

*Clark v. N.Y.C.D.O.C*,
   16 Civ. 5547 (AMD), 2016 WL 6581227 (E.D.N.Y. November 4, 2016) ............................... 2

*Daimler AG v. Bauman*,
   571 U.S. 117 (2014) ................................................................................................................. 8

*Darby v. Pasadena Police Dept.*,
   939 F.2d 311 (5th Cir. 1991) .................................................................................................... 2

*Ellul v. Congregation of Christian Bros.*,
   No. 09 Civ. 10590 (PAC), 2011 WL 1085325 (S.D.N.Y. Mar. 23, 2011) ........................... 2, 5

*Fund Liquidation Holdings LLC v. Bank of America Corp.*,
   991 F.3d 370 (2d Cir. 2021) ................................................................................................. 2, 3

*Investor Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC* (*In re Madoff*),
   594 B.R. 167 (Bankr. S.D.N.Y. 2018) ................................................................................... 14

*Jazini v. Nissan Motor Co., Ltd*,
   148 F.3d 181 (2d Cir.1998) ...................................................................................................... 9

*Kao v. British Airways, PLC*,
   17 Civ. 0232 (LGS), 2018 WL 501609 (S.D.N.Y. January 19, 2018) ..................................... 6

14731227

*Keeton v. Hustler Magazine, Inc.*,
   465 U.S. 770 (1984) .................................................................................................. 8

*Law v. Siegel*,
   571 U.S. 415 (2014) ................................................................................................ 13

*In re Lyondell Chemical Company*,
   543 B.R. 127 (Bankr. S.D.N.Y. 2016) ...................................................................... 9

*Metro. Life Ins. Co. v. Robertson-Ceco Corp.*,
   84 F.3d 560 (2d Cir. 1996) ....................................................................................... 7

*Museum Boutique Intercontinental, Ltd. v. Picasso*,
   886 F. Supp. 1155 (S.D.N.Y. 1995) ......................................................................... 2

*Picard v. Greiff*,
   476 B.R. 715 (S.D.N.Y. 2012) ............................................................................... 15

*Rivera v. City of New York*,
   1:20-cv-9968-GHW, 2022 WL 1523165 (S.D.N.Y. May 13, 2022) .......................... 7

*Roby v. The Corporation of Lloyd's, et al.*,
   796 F. Supp. 103 (S.D.N.Y. 1992), *aff'd on other grounds*, 996 F.2d
   1353 (2d Cir. 1993) ........................................................................................ 2, 5, 6

*Rose v. City of New York*,
   19 Civ. 3968, 2019 WL 3531703 (E.D.N.Y. August 2, 2019) ............................. 2, 7

*Rose v. Willoby*,
   21 CV 769, 2021 WL 5360046 (S.D.N.Y. November 17, 2021) .............................. 7

*Securities Investor Protection Corp. v. Bernard L. Madoff Investment
   Securities LLC* (*In re Madoff Securities*),
   No. 12 MC 115 (JSR), 2013 WL 1609154 (S.D.N.Y. Apr. 15, 2013) ............ 12, 13, 14

*Sevits v. McKiernan-Terry Corp. (N. J.)*,
   264 F. Supp. 810 (S.D.N.Y. 1966) ........................................................................... 7

*In re UBS AG Sec. Litig.*,
   No. 07 Civ. 11225 (RJS), 2012 WL 4471265 (S.D.N.Y. Sept. 28, 2012),
   *aff'd sub nom. City of Pontiac Policemen's & Firemen's Ret. Sys. v.
   UBS AG*, 752 F.3d 173 (2d Cir. 2014) ................................................................... 12

*Univ. Trading & Inv. Co. v. Tymoshenko*,
   No. 11 Civ. 7877 (PAC), 2012 WL 6186471 (S.D.N.Y. Dec. 12, 2012) ................. 11

*Walden v. Fiore*,
   571 U.S. 277 (2014) .............................................................................................. 8, 9

14731227

*Washington v. U.S. Tennis Ass'n, Inc.*,
   290 F. Supp. 2d 323 (E.D.N.Y. 2003) .................................................................. 2

**Statutes**

11 U.S.C. § 546(e) ............................................................................................. 12, 13, 14, 15

**Other Authorities**

59 Am. Jur. 2d Parties § 44 ................................................................................................ 2

Fed. R. Bankr. P. 7012 ....................................................................................................... 5

Fed. R. Civ. P. 12 ............................................................................................................... 5

Fed.R.Civ.P. 12(b)(2) ....................................................................................................... 11

Federal Rules of Bankruptcy Procedure Rule 7012(b) ..................................................... 1

Federal Rules of Civil Procedure Rules 12(b)(2) and 12(b)(6) ........................................ 1

FRCP Rule 17(b) ................................................................................................................ 6

Rule 8 .................................................................................................................................. 1

Rule 12(b)(2)-(5) ................................................................................................................ 1

**PRELIMINARY STATEMENT**

Defendants OFI MGA Alpha Palmares ("OFI"), Oval Palmares Europlus ("Palmares") and UMR Select Alternatif ("UMR") (collectively, the "OFI Funds" or "Defendants") respectfully submit this reply memorandum of law, along with the Reply Declaration of Hervé Lecuyer, in further support of their motion, pursuant to Rule 7012(b) of the Federal Rules of Bankruptcy Procedure, and Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure[1], for an order dismissing the claims asserted in the complaint (the "Complaint") filed in the above-captioned action against the OFI Funds by Irving Picard, as Trustee (the "Trustee") for the Liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS").

**ARGUMENT**

**POINT I:    THE COMPLAINT MUST BE DISMISSED AGAINST THE OFI FUNDS BECAUSE THEY HAVE NO LEGAL EXISTENCE AND LACK THE CAPACITY TO BE SUED**

**A. It is Undisputed that the OFI Funds Lack Legal Existence**

In opposition to the motion to dismiss by the OFI Funds based on their lack of legal personality and existence under French law, the Trustee submitted the Declaration of Oliver Moriceau, an attorney who practices with a private law firm in France. Mr. Moriceau unequivocally agrees that the OFI Funds lack legal existence stating: "As stated in the Lecuyer Declaration, an FCP is indeed a co-ownership of transferable securities which does not have a legal personality." Moriceau Dec., ¶ 4.

---

[1] In footnote 2 of his Memorandum of Law in Opposition to Defendants' Motion to Dismiss, the Trustee asserts that by not arguing otherwise, the OFI Defendants have conceded that they received transfers of customer property and that the Trustee provided sufficient notice of its claim. The only defenses that are ever waived by failing to include them in a motion or responsive pleading are those listed in Rule 12(b)(2)-(5). The Trustee's failure to adequately plead that the OFI Funds received transfers of customer property or whether the Trustee has satisfied the requirements of Rule 8 are not waivable defenses. As such, the Trustee's assertion is both factually and legally incorrect. The OFI Funds have conceded nothing.

1

14731227

The agreement of the parties that the OFI Funds lack of legal personality and existence should end the Court's inquiry as it is black letter law that "[a]ctions may be brought only against legal entities." 59 Am. Jur. 2d Parties § 44; *see also Washington v. U.S. Tennis Ass'n, Inc.*, 290 F. Supp. 2d 323, 324 n.1 (E.D.N.Y. 2003). A party must have a legal existence as a prerequisite to having the capacity to be sued. *Fund Liquidation Holdings LLC v. Bank of America Corp.*, 991 F.3d 370, 383 (2d Cir. 2021); *Roby v. The Corporation of Lloyd's, et al.*, 796 F. Supp. 103, 110 (S.D.N.Y. 1992), *aff'd on other grounds*, 996 F.2d 1353 (2d Cir. 1993); *Museum Boutique Intercontinental, Ltd. v. Picasso*, 886 F. Supp. 1155, 1159 (S.D.N.Y. 1995); *Beom Su Lee v. Karaoke* City, 18 Civ. 3895 (PAE) (SDA), 2020 WL 2036706, *2 (S.D.N.Y. April 28, 2020) ("[b]oth capacity to be sued and legal existence are prerequisites to the suability of an entity") (internal quotations omitted); *Rose v. City of New York*, 19 Civ. 3968, 2019 WL 3531703, * 3 (E.D.N.Y. August 2, 2019) ([b]ecause the DOC lacks an independent legal existence and is not a suable entity, the plaintiff's claim against the DOC is dismissed") *Clark v. N.Y.C.D.O.C*, 16 Civ. 5547 (AMD), 2016 WL 6581227, *2 (E.D.N.Y. November 4, 2016) (same); *Ellul v. Congregation of Christian Bros.*, No. 09 Civ. 10590 (PAC), 2011 WL 1085325, at *3 (S.D.N.Y. Mar. 23, 2011); *Brown v. Fifth Judicial District Drug Task Force*, 255 F.3d 475, 477 (8th Cir. 2001); *Adelsberger v. United States*, 58 Fed. Cl. 616, 618 (Fed. Cir. 2003); *Darby v. Pasadena Police Dept.*, 939 F.2d 311, 314 (5th Cir. 1991).

Here, it is undisputed that the OFI Funds do not have legal existence.[2] Therefore, the claims against them must be dismissed.

The Trustee's opposition to the motion to dismiss relies on the flawed analysis of Mr. Moriceau that the management company for the OFI Funds has the legal authority to take action on behalf of or defend legal action against the OFI Funds.  As set forth in the reply declaration of Professor Herve Lecuyer, "Article L 214-8-8 of the Monetary and Financial Code clearly does not give the management company any power to take legal action in the name and on behalf of the FCP."  Lecuyer Reply Dec. ¶ 9.  Under the terms of Article L 214-8-8 of the CMF, "The mutual fund is represented with respect to third parties by the company responsible for its management. The company may take legal action to defend or assert the rights or interests of <u>unitholders</u>."  Lecuyer Reply Dec. ¶ 10 (emphasis added).  Contrary to the statement by Mr. Moriceau in his declaration, the Monetary and Financial Code "does not state that the management company may take legal action 'to defend or assert the rights or interests of the FCP.' Instead, it expressly states that the management company may take legal action 'to defend or assert the rights or interests of <u>unitholders</u>.' The legal action initiated by the management company is taken on behalf of the unitholders (the co-owners) and not on behalf of the FCP."  Lecuyer Reply Dec. ¶ 12.

The statement of the law by Professor Lecuyer that the authority of the management company is to initiate action on behalf of the unitholders is not inconsistent

---

[2] In *Fund Liquidation Holdings LLC*, 991 F.3d 370, the Second Circuit stated: "While Fund Liquidation submitted its own affidavit on the status of dissolved Cayman Islands entities, *see* ECF No. 250-4, Dkt. No. 16-cv-5263, that affidavit did not contradict the core components of the Harris affidavit that are relevant here – namely, that the Dissolved Funds have no legal existence. . . And without legal existence, the Dissolved Funds lacked standing to sue. After all, '[t]he most elemental requirement of adversary litigation is that there be two or more parties,' meaning that '[a]bsent a plaintiff with legal existence, there can be no Article III case or controversy.'" *Id.* at 384.

3

14731227

with the statement of the law by Dr. Andrea Pina in the *OFI Risk Arbitrages v. Cooper Tire & Rubber Company* case. Moriceau Dec., Ex. A. In Dr. Pina's declaration, he states "[t]his French legal provision confers to the management company of the FCP the authority, a legal mandate, to act in court in representation of the unit holders of the FCP." Moriceau Dec., Ex. A, Pina Dec., ¶ 7.

Further, as explained by Professor Lecuyer, "[t]he word 'defend' in Article L 214-8-8 of the CMF is used in the second sentence, and only in the context of legal action taken by the management company on behalf of the unitholders. The word 'defend' in this sentence means simply that the management company can commence a legal action to defend the rights of the unitholders. It cannot be read out of context to provide an alternative route to legal personhood for the FCP. An FCP cannot be a defendant in a lawsuit through the management company, and the management company cannot step in to defend an action taken against an FCP. Such a reading of Article L 214-8-8 of the CMF would not only be in contradiction to the plain reading of the CMF, it would be inconsistent with the fundamental concept of French monetary law that an FCP has no legal personhood." Lecuyer Reply Dec. ¶ 13.[3]

The completely unsupported argument in the Trustee's memorandum of law that "the OFI defendants cannot have it both ways – free to litigate offensively as plaintiffs suing for damages in the United States, but never having to defend against claims when U.S. parties seek relief" should be given no credit. First, there is no evidence that any

---

[3] Professor Lecuyer's statement of the law does conflict with the general statement in Dr. Pina's declaration where Dr. Pina asserted that the management company has the passive authority to act in representation of the unit holders in capacity as a defendant. Moriceau Dec., Ex. A, Pina Dec., ¶ 7. However, in the *OFI Risk Arbitrages v. Cooper Tire & Rubber Company*, the management company was initiating the action on behalf of the unit holders, it was not appearing in defense of claims against the unit holders. That action is consistent with French law as stated in Professor Lecuyer's reply declaration.

4

14731227

of the OFI Funds engaged offensively as plaintiffs suing for damages in the United States. Second, as has been established by Professor Lecuyer, French law permits the management company to initiate action on behalf of the unitholders of an FCP, but the management company does not have the authority to be a representative party for the FCP itself, either as a plaintiff or a defendant.

The Court should also disregard the Trustee's assertion that the OFI Defendants' lack of legal existence is belied by the fact that counsel has been engaged to represent them. Unless a court acts *sua sponte* to dismiss a claim against a party who lacks legal existence, those parties are represented by counsel and counsel moves to dismiss on behalf of those parties. *See e.g. Roby*, 796 F. Supp. at 103 (Cahill Gordon & Reindal represented the Syndicate defendants who lacked legal existence); *see e.g. Ellul,* 2011 WL 4085325, No. 09 Civ. 10590 (PAC) (non-legal entity The Order Of The Sisters Of Mercy represented by Bryan Cave Leighton Paisner LLP). The stipulation extending response time referenced by the Trustee specifically reserves all rights and defenses of the parties. ECF No. 18, p. 3. Further, with respect to the motion to dismiss based on extraterritoriality, this Court's Order Concerning Further Proceedings on Extraterritoriality Motion and Trustee's Omnibus Motion for Leave to Replead and for Limited Discovery explicitly states that "nothing in this Order, the exhibits hereto, or the proceedings pursuant to this Order shall limit, restrict, or impair any defense, right, or argument that has been raised or could be raised by any defendant in a motion to dismiss under Fed. R. Civ. P. 12 or Fed. R. Bankr. P. 7012." ECF No. 79, ¶ 17. The motion to dismiss based on extraterritoriality was made explicitly pursuant to the Court's order. ECF No. 82, p. 1. To suggest that the activities of counsel for the OFI Funds in

5

14731227

this proceeding has any bearing on their lack of legal existence is disingenuous and exemplifies the weakness of the Trustee's position.[4]

Based upon the foregoing, because the OFI Funds have no legal personality or existence, the Trustee cannot maintain this action against the OFI Funds and his claims against the OFI Funds must be dismissed.

### B. The Trustee did not Oppose the OFI Funds' Argument that they do not have the Capacity to Be Sued under Rule 17(b) of the FRCP.

In their motion to dismiss, the OFI Funds argued that they did not have the capacity to be sued under Rule 17(b) of the Federal Rules of Civil Procedure ("FRCP"). *See* ECF No. 142, p. 6 - 8. In its opposition to the motion, the Trustee did not argue that the OFI Funds have the capacity to be sued under Rule 17(b) of the FRCP. "Both capacity to be sued and legal existence are prerequisites to the suability of an entity, but Rule 17(b) speaks only to capacity to sue or be sued." *Roby*, 796 F. Supp. at 110. The Trustee's failure to oppose the OFI Funds' specific argument in their motion to dismiss is deemed waiver of that issue. *See Kao v. British Airways, PLC*, 17 Civ. 0232 (LGS), 2018 WL 501609, *5 (S.D.N.Y. January 19, 2018) ("Plaintiffs' failure to oppose Defendants' specific argument in a motion to dismiss is deemed waiver of that issue"). As such, in addition to the lack of legal existence, the Court should dismiss the complaint against the OFI Funds because they do not have the capacity to be sued under Rule 17(b) of the FRCP.

---

[4] The Court has issued an Order to Show Cause (ECF Dkt. No. 160) in this proceeding ordering Bond, Schoeneck & King, PLLC to show cause on September 19, 2022 why it should not be prohibited from appearing on behalf of an entity with no legal existence. We understand the Court's concern as it was not apparent in the OFI Funds' moving papers as to how Bond, Schoeneck & King, PLLC was retained to represent the OFI Funds. Bond, Schoeneck & King, PLLC was retained by OFI Asset Management Company, a management company organized under the laws of France, who manages OFI and UMR and managed Palmares prior to its dissolution.

6

14731227

**POINT II:  THE COURT LACKS PERSONAL JURISDICTION OVER THE OFI FUNDS**

Prior to discovery, the Trustee is required to plead "legally sufficient allegations of jurisdiction." *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 566 (2d Cir. 1996). At the motion to dismiss stage, the Trustee has the pleading burden and "must make a prima facie showing that jurisdiction exists" over the OFI Funds consistent with due process. *Charles Schwab Corp. v. Bank of Am. Corp.*, 883 F.3d 68, 81 (2d Cir. 2018) (internal quotations omitted).

As set forth above, the parties agree that the OFI Funds do not have a legal existence. Because the OFI Funds lack legal existence, the Court cannot maintain personal jurisdiction over the OFI Funds. *See Rose v. Willoby*, 21 CV 769 (KMK), 2021 WL 5360046 *3 (S.D.N.Y. November 17, 2021) *citing Del Medical Imaging Corp. v. CR Tech USA, Inc.*, No. 08 civ. 8556 (LAP)(DFE), 2010 WL 1487994, at *4 (S.D.N.Y. Apr. 13, 2010) (the Court lacks personal jurisdiction over Defendant Carib Fish Market & Grill, LLC which is closed and ceased to exist as of January 2021); *see also Rivera v. City of New York*, 1:20-cv-9968-GHW, 2022 WL 1523165, at *3 (S.D.N.Y. May 13, 2022) (the Court lacks personal jurisdiction over the City of New York Housing Police because it merged with the NYPD in 1995 and no longer exists); *Sevits v. McKiernan-Terry Corp. (N. J.)*, 264 F. Supp. 810, 812 (S.D.N.Y. 1966) (when the existence of an entity ceases, the court cannot "have in personam jurisdiction over them") *citing* Fed.R.Civ.P. 12(b)(2). Contrary to the Trustee's contention in footnote 11 of its memorandum of law, this rule is not limited to cases where a plaintiff improperly names a defendant as exemplified in *Rose* v. *Willoby* and *Rivera v. City of New York*.

7

In addition, Palmares was dissolved as of December 29, 2008 (Grimaud Dec., ¶ 5). Because the OFI Funds lack legal existence and in the case of Palmares, is dissolved, the Court cannot maintain personal jurisdiction over the OFI Funds.

Even if the Court could maintain personal jurisdiction over an entity that lacks legal existence, which it legally and logically cannot, the Trustee has failed to meet its prima facie showing that jurisdiction exists over the OFI Funds. In support of the OFI Funds' Motion, Jean-Pierre Grimaud declared that the OFI Funds (1) are not licensed or otherwise authorized to conduct business in the United States; (2) do not have any offices in the United States; (3) do not have any employees in the United States; (4) do not own or lease any real property in the United States; (5) do not pay any taxes in the United States; (6) do not maintain any bank accounts in the United States; (7) do not maintain any mailing addresses in the United States and do not have any telephone number listings in the United States; (7) do not direct any marketing activities, and are prohibited by French law from doing so, in the United States or to residents of the United States; and (8) do not have a registered agent for service of process in the United States. (Grimaud Dec., ¶¶ 15–23, 25-33, 35-43). The Trustee does not attempt to refute any of these facts.

Instead, the Trustee lumps the OFI Funds in with the other "PJ Defendants" arguing that the PJ Defendants' investments in BLMIS through Sentry is sufficient to establish minimum contacts. However, personal jurisdiction must be established as to each defendant, *see Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 n.13 (1984), based on that defendant's own forum contacts, *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014); *Walden v. Fiore*, 571 U.S. 277, 283-84 (2014). "[G]eneral connections with

8

14731227

the forum are not enough" to establish specific jurisdiction, *Bristol-Myers Squibb Co. v. Superior Court of California.*, 137 S. Ct. 1773, 1781 (2017), because it is a "defendant's suit-related conduct [that] must create a substantial connection with the forum State," *Walden*, 571 U.S. at 284.

The principal argument made by the Trustee is that the PJ Defendants executed subscription agreements and affirmed that they received and read the Fairfield Funds' PPMs which disclosed that the Sentry assets would be invested with BLMIS and that the forum selection and choice of law clauses in those agreements constitute jurisdictional contacts. However, the Trustee does not dispute that the OFI Funds did not sign the Sentry subscription agreement as set forth in the Grimaud Declaration. (Grimaud Dec., ¶ 10). The Trustee merely asserts that this factual assertion is counter to the Trustee's allegations in the Complaint which state in conclusory fashion that the OFI Funds "entered into one or more subscription agreements." Compl. ¶¶ 22-24. It is telling that the Trustee attached six subscription agreements to the Declaration of Kim M. Longo in opposition to the defendants' motions (Longo Dec., Exs. 2, 3, 4, 8, 9 and 10), but has to rely on the conclusory allegation in the Complaint to refute the fact, as set forth in the Grimaud Declaration, that the OFI Funds did not sign a Sentry subscription agreement. The Trustee's conclusory allegations, which are contradicted by an uncontroverted sworn declaration, cannot be credited. "[C]onclusory allegations are not enough to establish personal jurisdiction." *In re Lyondell Chemical Company*, 543 B.R. 127, 137 (Bankr. S.D.N.Y. 2016) *citing DirecTV Latin America, LLC v. Park 610, LLC*, 691 F.Supp.2d 405, 417 (S.D.N.Y. 2010); *see also Jazini v. Nissan Motor Co., Ltd*, 148 F.3d 181, 185 (2d Cir.1998); *Alki Partners, L.P. v. Vatas Holding GmbH*,

9

14731227

769 F.Supp.2d 478, 487 (S.D.N.Y.2011) ("Conclusory allegations lacking factual specificity ... do not satisfy plaintiff's burden" of showing a prima facie case for exercising personal jurisdiction).

Beyond its flawed argument that the OFI Funds are subject to personal jurisdiction through the Sentry subscription agreements, the Trustee argues that the PJ Defendants are subject to personal jurisdiction based on communications with FGG in New York. None of those communications are attributed to the OFI Funds.

The Trustee also argues that the use of New York bank accounts for subscriptions and redemptions is sufficient to confer jurisdiction. However, the Trustee submits no evidence that the OFI Funds used any New York bank accounts for any transaction relating to Sentry. In support of its argument, the Trustee submits Citco records that contain the name of both SG Luxembourg and the particular OFI Fund in opposition to the Motion. (*see* Longo Dec., Exs. 23-25). However, each of those Citco documents identifies SGBT Luxembourg as the beneficiary, not any of the OFI Funds. (Longo Dec., Exs. 23-25). These documents do not support the assertion that the OFI Funds used any New York bank accounts. Further, the OFI Funds were not in custody of any assets that could be transferred through New York bank accounts as the Custodian maintained custody of all assets. (*see* Grimaud Dec., ¶ 8). In any event, "[t]he vast majority of cases in which the issue is whether the use of a correspondent bank account constitutes the transaction of business under Section 302(a)(1) involve non-domiciliary bank defendant's use of a correspondent account, not an individual's wiring of funds that incidentally pass through a New York-based correspondent account." *Berdeauz v. OneCoin Ltd.*, 561 F. Supp. 3d 379, 404 (S.D.N.Y. 2021); *see*

10

14731227

*also Univ. Trading & Inv. Co. v. Tymoshenko*, No. 11 Civ. 7877 (PAC), 2012 WL 6186471, at *3 (S.D.N.Y. Dec. 12, 2012) ("Nor has the Court's research revealed any cases in which a foreign individual holding foreign accounts has been found to be subject to jurisdiction in New York because their bank moved money through New York via a correspondent account. Rather, it appears that courts have only found the banks themselves to be subject to jurisdiction where they have moved money through New York.").

The OFI Funds are not banks, they are French FCPs with no legal existence. The Trustee has failed to meet his prima facie burden to prove that this Court has personal jurisdiction over the OFI Funds and the motion pursuant to Rule 12(b)(2), therefore, must be granted.

Finally, asserting jurisdiction over the OFI Funds would not comply with due process. Again, the Trustee attempts to lump the OFI Funds in with the PJ Defendants in arguing that the exercise of personal jurisdiction over the OFI Funds is reasonable. However, the OFI funds did not irrevocably submit to the jurisdiction of New York courts because they did not sign any subscription agreements. The OFI Funds are not legal entities and have no officers or employees. Grimaud Dec., ¶ 7. The OFI Funds have no presence in the United States. Grimaud Dec., ¶ 12. In addition, each and every witness and document related to the transactions at issue are located outside of the United States. Grimaud Dec., ¶¶ 13, 14. Furthermore, the Trustee cannot show that New York is more reasonable than other available fora, including France. Because the alleged contacts between the OFI Funds and the forum are insignificant and all of the reasonableness factors weigh against jurisdiction, exercising personal jurisdiction over

11

14731227

OFI Funds under these circumstances is unreasonable and does not comport with due process. Accordingly, the Court should dismiss the Trustee's claims against the OFI Funds for lack of personal jurisdiction.

### POINT III:  THE COMPLAINT SHOULD BE DISMISSED BASED ON THE APPLICATION OF 11 U.S.C. § 546(e)

The Complaint filed by the Trustee is barred by the statutory safe harbor set forth in Section 546(e) of the Bankruptcy Code because all of the Fairfield Sentry Subsequent Transfers were "covered payments" as settlement payments and payments made in connection with securities contracts.

The OFI Funds established all the required elements of a 546(e) defense in their motion to dismiss. The Trustee does not even attempt to challenge the facts presented by the OFI Funds, including the lack of actual knowledge by the OFI Funds of the underlying fraud, thereby conceding that the alleged transfers to the OFI Funds satisfy Section 546(e)'s requirements and thus are unavoidable as a matter of law. *See In re UBS AG Sec. Litig.*, No. 07 Civ. 11225 (RJS), 2012 WL 4471265, at *11 (S.D.N.Y. Sept. 28, 2012), *aff'd sub nom. City of Pontiac Policemen's & Firemen's Ret. Sys. v. UBS AG*, 752 F.3d 173 (2d Cir. 2014) (plaintiff "concede[d] through silence" defendant's assertion by failing to respond to it in opposition brief).

The Trustee instead attempts to invoke the knowledge exception to section 546(e) based, not on the knowledge of the OFI Funds, but through the knowledge of Sentry as initial transferee. The knowledge exception is set forth in Judge Rakoff's 2013 decision in *Securities Investor Protection Corp. v. Bernard L. Madoff Investment Securities LLC* (*In re Madoff Securities*), No. 12 MC 115 (JSR), 2013 WL 1609154

12

14731227

(S.D.N.Y. Apr. 15, 2013) ("*Cohmad*").  The knowledge exception appears to be the Trustee's only argument against the OFI Funds' entitlement to the Section 546(e) safe harbor.  The knowledge exception is not found in the language of 546(e) and attempts to create an exception to a statutory right contrary to the explicit text of 546(e), which has been deemed impermissible.  *See, e.g. Law v. Siegel*, 571 U.S. 415, 424 (2014) ("The Code's meticulous … enumeration of exemptions and exceptions to those exemptions confirms that courts are not authorized to create additional exceptions.").

However, even assuming the applicability of the knowledge exception, the Trustee's interpretation seems inconsistent with Judge Rakoff's stated purpose of providing for a knowledge exception to the safe harbor.  In *Cohmad*, Judge Rakoff provided that the purpose of Section 546(e) is to minimize "displacement caused by the commodities and securities markets in the event of a major bankruptcy affecting those industries", which "goal is best achieved by protecting the reasonable expectations of investors who believed they were signing a securities contract. *Cohmad* at *3.  Judge Rakoff went on to set up the knowledge exception, stating that "a transferee who had actual knowledge of the Madoff 'Ponzi' scheme did not have such expectations, but was simply obtaining moneys while he could." *Id.*

Thus, the knowledge exception the Trustee relies upon to attempt to deny the OFI Funds the benefit of the 546(e) safe harbor was created by Judge Rakoff to prevent <u>those defendants who knew of the fraud</u> from taking advantage of the safe harbor.  The Trustee has not alleged that the OFI Funds had actual knowledge, nor has he refuted the OFI Funds' representations that the OFI Funds had no actual knowledge of the fraud.  There is no support for the Trustee's position that the initial transferee's

13

14731227

knowledge would prevent an innocent subsequent transferee <u>without knowledge</u> from asserting the statutory defense.

*Cohmad* was not silent on whether subsequent transferee could utilize the 546(e) defense independently. The Court held that "even if the initial (or mediate) transferee failed to raise a Section 546(e) defense, the subsequent transferee is nonetheless entitled to raise a Section 546(e) defense against recovery of those funds." *Id.* at *7. Further, Judge Rakoff constructed a knowledge exception to the safe harbor based on the particular transferee, and not, as the Trustee incorrectly construes, the transaction: "if the Trustee sufficiently alleges that the transferee against whom he seeks to recover a fraudulent transfer knew of Madoff's Securities fraud, that transferee cannot claim the protections of Section 546(e)'s safe harbor." *Id.*

The Trustee also attempts to rely on the decision in *BNP Paribas* for the contention that a subsequent transferee is prohibited from raising a 546(e) defense. Opposition at p. 44, citing *Investor Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC* (*In re Madoff*), 594 B.R. 167 (Bankr. S.D.N.Y. 2018) ("*BNP Paribas*"). This reading of *BNP Paribas* is incorrect. In that case, subsequent transferees were attempting to gain protection through the 546(e) safe harbor where they did not otherwise meet the criteria by relying on the initial transferee's ability to claim the defense. *Id.* at 196-97. In fact, *BNP Paribas* supports the OFI Funds' contention that each transferee must meet the 546(e) criteria (with or without the knowledge exception) independently. Furthermore, in *BNP Paribas*, the trustee alleged that the subsequent transferees did, in fact, have knowledge of the fraud. This case is inapplicable here, where the Trustee has never alleged that the OFI Funds had knowledge of the fraud.

14

The Trustee's reading of the knowledge exception would effectively prevent any recipient of a transfer related to a fraud of Ponzi scheme from utilizing Section 546(e). Courts have specifically declined to apply a blanket fraud or Ponzi scheme exception to the application of the safe harbor, citing the purpose of Section 546(e): *See In re Bernard L. Madoff Inv. Sec. LLC* (Picard v. Ida Fishman Recoverable Tr.), 773 F.3d 411, 421-22 (2d Cir. 2014) ("*Fishman*") and *Picard v. Greiff*, 476 B.R. 715, 722 (S.D.N.Y. 2012) ("Nothing in the express language of § 546(e) suggests that it is not designed to protect the legitimate expectations of customers, as well as the securities market in general, even when the stockbroker is engaged in fraud.").

## CONCLUSION

For all of the foregoing reasons, the OFI Funds' motion to dismiss should be granted.

Dated: August 26, 2022

                          BOND, SCHOENECK & KING, PLLC

                          BY:  *s/Brian J. Butler*
                                  Brian J. Butler
                                  Sara C. Temes
                        One Lincoln Center
                        Syracuse, New York  13202
                        Telephone:  315-218-8000
                        Facsimile:  315-218-8100
                        Email:  bbutler@bsk.com
                        Email:  temess@bsk.com

                        *Attorneys for Defendants Ofi MGA Alpha*
                        *Palmares (f/k/a Oval Alpha Palmares)*
                        *Oval Palmares Europlus and UMR Select*
                        *Alternatif*

14731227