**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (BRL) |
| Plaintiff-Applicant, | SIPA Liquidation (Substantively Consolidated) |
| v. | |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant, | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, | Adv. Pro. No. 12-01677 (BRL) |
| Plaintiff, | |
| v. | |
| SOCIETE GENERALE PRIVATE BANKING (SUISSE) S.A. (f/k/a SG Private Banking Suisse S.A.); SOCIETE GENERALE PRIVATE BANKING (LUGANO-SVIZZERA) S.A. (f/k/a SG Private Banking (Lugano-Svizzera) S.A.); SOCGEN NOMINEES (UK) LIMITED; LYXOR ASSET MANAGEMENT S.A., as Successor in Interest to Barep Asset Management S.A.; SOCIETE GENERALE HOLDING DE PARTICIPATIONS S.A., as Successor in Interest to Barep Asset Management S.A.; SG AM AI PREMIUM FUND L.P. (f/k/a SG AM Alternative Diversified U.S. L.P.); LYXOR ASSET MANAGEMENT INC. (f/k/a SGAM Asset Management, Inc.), as General Partner of SG AM AI Premium Fund L.P.; SG AUDACE ALTERNATIF (f/k/a SGAM AI Audace Alternatif); SGAM AI EQUILIBRIUM FUND (f/k/a SGAM Alternative Multi Manager Diversified Fund); LYXOR PREMIUM FUND (f/k/a SGAM Alternative Diversified Premium Fund); SOCIETE GENERALE S.A., as Trustee | |

for Lyxor Premium Fund; SOCIETE
GENERALE BANK & TRUST S.A.; OFI
MGA ALPHA PALMARES (*f/k/a* Oval Alpha
Palmares); OVAL PALMARES EUROPLUS;
UMR SELECT ALTERNATIF; and BANK
AUDI S.A.M.- AUDI SARADAR GROUP
(*f/k/a* Dresdner Bank Monaco S.A.M.);

Defendants.

### REPLY DECLARATION OF
### HERVÉ LECUYER

HERVE LECUYER declares that the following is true and correct:

1.      I am a professor of law at University Panthéon-Assas (Paris 2).

2.      I have been asked on behalf of defendants, OFI MGA Alpha Palmares

(f/k/a/ OvalAlpha Palmarès ("OFI"), Oval Palmarès Europlus ("Palmarès") and UMR Select

Alternatif ("UMR") (collectively the "OFI Funds"), to provide an opinion regarding the legal

status and structure of the OFI Funds under French law.

3.      I have reviewed the declaration of Oliver Moriceau and submit this

declaration in response.

4.      The undersigned delivered an analysis on February 21, 2022 in a declaration

that concluded as follows: "An FCP is deprived of legal personality. It is not a subject of

law. As it is not a subject of law, it does not hold any rights or obligations. In particular, it

has no right of action, its demand or in defense. Therefore, an FCP cannot be a party to a

legal action or proceeding, either as plaintiff or defendant."

5.      The undersigned has subsequently been provided with the analysis of Mr.

Olivier Moriceau.

6.      Although the two analyses are similar on several points, they differ on a

fundamental point.

7.      According to Mr. Moriceau, Article L 214-8-8 of the Monetary and

Financial Code (French "Code Monétaire et Financier - CMF") gives the management company the legal power to institute and start legal proceedings, or defend, on behalf of the FCP.

8.      This analysis differs radically from the one I have provided, which I hereby maintain for the following reasons.

9.      Article L 214-8-8 of the Monetary and Financial Code clearly does not give the management company any power to take legal action in the name and on behalf of the FCP.

10.      Under the terms of Article L 214-8-8 of the CMF, "The mutual fund is represented with respect to third parties by the company responsible for its management. The company may take legal action to defend or assert the rights or interests of unitholders."

11.      The article under review contains two provisions.

12.      The second provision is specific to the right to take legal action. Yet, it does not state that the management company may take legal action "to defend or assert the rights or interests of the FCP." Instead, it expressly states that the management company may take legal action "to defend or assert the rights or interests of unitholders." (emphasis supplied). The legal action initiated by the management company is taken on behalf of the unitholders (the co-owners) and not on behalf of the FCP.

13.      The word "defend" in Article L 214-8-8 of the CMF is used in the second sentence, and only in the context of legal action taken by the management company on behalf of the unitholders. The word "defend" in this sentence means simply that the management company can commence a legal action to defend the rights of the unitholders. It cannot be read out of context to provide an alternative route to legal personhood for the FCP. An FCP cannot be a defendant in a lawsuit through the management company, and the management company cannot step in to defend an action taken against an FCP. Such a reading of Article

L 214-8-8 of the CMF would not only be in contradiction to the plan reading of the CMF, it would be inconsistent with the fundamental concept of French monetary law that an FCP has no legal personhood.

14.    In this proceeding, the management company did not take legal action to defend or assert the rights of the unitholders.  The Trustee, Irving Picard, took action against the FCPs.  Mr. Moriceau did not reference any case where a party took legal action against an FCP and that legal action was sustained and I am unaware of any such case.

15.    As I stated in my prior Declaration, because an FCP does not hold the right to act, it cannot be a plaintiff or a defendant to a legal action or proceeding. A claim against an FCP would be inadmissible under Article 32 of the French Code of Civil Procedure.

16.    Indeed, it could not be otherwise. The assertion that the management company can act in the name of and on behalf of the fund is based on a twofold flaw.

17.    First, the representative cannot be given more powers than the principal.  In the case of an FCP, the management company, as representative, does not have the ability to take legal action which the common fund, as principal, does not have. The powers of the representative are naturally and inevitably modelled on the rights of the principal and limited to them. An agent, in its representative mission, is never entrusted with more powers than the principal and cannot, logically, be.

18.    In the present case, the principal cannot act in court (CA Paris, 30 Nov. 1993, BJB 1994, 379); the representative cannot either.

19.    Second, representation is a legal transaction consisting of replacing one person by another to act for the interest of the former, so that the effects of the act apply to the latter, as if she/he had actually been a party to it.

20.    In other words, legal representation is a mechanism whereby the act performed by the agent creates rights and obligations not for the agent (the acting party) but

for the principal (the interested party), so that the latter becomes a direct creditor or debtor of the third party with whom the agent has dealt. Thus, there is no legal representation without a legal subject (the requirement applies to both the agent and the principal) and without assets for the principal (since the rights and obligations are included in the assets and liabilities of these assets). The management company cannot therefore take legal action in the name and on behalf of the FCP, since the latter is not a subject of law and has no assets. It has neither rights nor obligations. This is also the reason why Article L 214-8-8 of the CMF only provides for legal action initiated by the management company for the benefit of the unitholders, who are legal persons with rights and obligations.

21.      The first sentence of Article L 214-8-8, which states that the fund is represented vis-à-vis third parties by the company responsible for its management, cannot change this analysis.

22.      First, this general sentence is overtaken by the second proposition of the article, specific to the right to take legal action, which does not retain the right for the management company to act in the name and on behalf of the FCP.

23.      Second, the representation in the first proposition does not have the technical meaning which would have been necessary to allow the recognition, at the benefit of the management company, of the right to act in the name and on behalf of the FCP. The term represent is used here in its common sense, which is an extremely common procedure in legislation. In this sense, to represent is to make something perceptible, sensitive by a figure, a symbol, a sign: the management company makes the mutual fund perceptible to third parties.

24.      In conclusion, the undersigned states, once again, that: An FCP has no legal personality. It is not a subject of law. Because it is not a subject of law, it has no rights or obligations. In particular, it has no right of action, either as plaintiff or defendant.

Consequently, an FCP cannot be a party to a lawsuit, either as plaintiff or defendant.

25.     The undersigned would add that the management company cannot therefore act in the name and on behalf of the fund, which is confirmed by the letter of Article L 214-8-8 of the Monetary and Financial Code.

26.     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _August 9th, 2022_
Paris, France

_____
PROFESSOR HERVE LECUYER