| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**SOUTHERN DISTRICT OF NEW YORK** | |
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                      Plaintiff,<br><br>      v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                      Defendant. | Adv. Proc. No. 08-01789 (CGM)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br>BERNARD L. MADOFF,<br>                      Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff,<br><br>                      Plaintiff,<br><br>      v.<br><br>BANQUE INTERNATIONALE À LUXEMBOURG, S.A. (*f/k/a* Dexia Banque Internationale a Luxembourg S.A.); RBC INVESTOR SERVICES BANK S.A. (*f/k/a/* RBC Dexia Investor Services Bank S.A.); RBC INVESTOR SERVICES TRUST (*f/k/a* RBC Dexia Investor Services Trust); BANCO INVERSIS, S.A., as successor in interest to RBC Dexia Investor Services España S.A.; and BANQUE INTERNATIONALE À LUXEMBOURG (SUISSE) S.A. (*f/k/a* Dexia Private Bank (Switzerland) Ltd.),<br><br>                      Defendants | Adv. Pro. No. 12-01698 (CGM) |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS BY BANQUE INTERNATIONALE À LUXEMBOURG, S.A. AND BANQUE <u>INTERNATIONALE À LUXEMBOURG (SUISSE) S.A.</u>**

**TABLE OF CONTENTS**

Preliminary Statement .................................................................................................................. 1

Relevant Factual Background ..................................................................................................... 2

Argument ..................................................................................................................................... 3

I.     THE AMENDED COMPLAINT DOES NOT ALLEGE A BASIS FOR PERSONAL
JURISDICTION OVER BIL or BIL SUISSE ................................................................... 3

          A.     BIL and BIL Suisse Did Not Consent to the Exercise of Personal Jurisdiction
for Purposes of This Case ................................................................................... 4

          B.     There is No Basis for General Jurisdiction over BIL or BIL Suisse ...................... 5

          C.     The Trustee's Claim Does Not Arise from Alleged Conduct in the United States  5

          D.     Alleged Knowledge of the Fairfield Funds' Investments in BLMIS Does Not
Establish Personal Jurisdiction over BIL or BIL Suisse ........................................ 6

          E.     Alleged Use of Correspondent Accounts Does Not Establish Personal
Jurisdiction Over BIL or BIL Suisse ..................................................................... 8

          F.     The Exercise of Personal Jurisdiction over BIL and BIL Suisse Would Not
Comport with Due Process. .................................................................................. 9

Conclusion ................................................................................................................................. 10

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Al Rushaid v. Pictet & Cie*,
  28 N.Y.3d 316 (2016) ................................................................................................................ 9

*Asahi Metal Indus. Co., Ltd. v. Superior Ct. of Cal., Solano Cnty.*,
  480 U.S. 102 (1987) .................................................................................................................. 7

*Burger King v. Rudzewicz*,
  471 U.S. 462 (1985) ................................................................................................................ 10

*Daimler AG v. Bauman*,
  134 S.Ct. 746 (2014) ................................................................................................................. 5

*DiStefano v. Carozzi N. Am., Inc.*,
  286 F.3d 81 (2d Cir. 2001) ....................................................................................................... 3

*Fairfield Sentry Ltd. v. Citibank, N.A. London*,
  No. 19-CV-3911, 2022 WL 3644436 (S.D.N.Y. Aug. 24, 2022) ............................................. 4

*Hau Yin To v. HSBC Holdings PLC*,
  700 Fed. App'x, 66 (2d Cir. 2017) ........................................................................................... 9

*Hill v. HSBC Bank plc*,
  207 F. Supp. 3d 333 (S.D.N.Y. 2016) ...................................................................................... 9

*Homeschool Buyers Club, Inc. v. Brave Writer, LLC*,
  No. 19-cv-6046 (VSB), 2020 WL 1166053 (S.D.N.Y. Mar. 11, 2020) ................................... 6

*In re Banco Santander Sec.-Optimal Litig.*,
  732 F. Supp. 2d 1305 (S.D. Fla. 2010) ..................................................................................... 9

*In re Bernard L. Madoff Inv. Sec. LLC (Picard v. Chais*,
  440 B.R. 274 (Bankr. S.D.N.Y. 2010) ..................................................................................... 3

*In re Fairfield Sentry Ltd.*,
  No. 10-13164 (SMB), 2018 WL 3756343 (Bankr. S.D.N.Y. Aug. 6, 2018) ............................ 4

*In re Lehman Bros. Holdings Inc.*,
  535 B.R. 608 (Bankr. S.D.N.Y. 2015) ...................................................................................... 3

*Int'l Shoe Co. v. Washington*,
  326 U.S. 310 (1945) ................................................................................................................ 10

*Jazini v. Nissan Motor Co., Ltd.*,
   148 F.3d 181 (2d Cir. 1998) .................................................................................................. 5

*JCorps Int'l, Inc. v. Charles & Lynn Schusterman Fam. Found.*,
   828 F.App'x 740 (2d Cir. 2020) ............................................................................................. 3

*Lavazza Premium Coffees Corp. v. Prime Line Distribs. Inc.*,
   575 F. Supp. 3d 445 (S.D.N.Y. 2021) .................................................................................... 4

*M. Shanken Commc'ns, Inc. v. Variant Events, LLC*,
   2010 WL 4159476 (S.D.N.Y. Oct. 7, 2010) ........................................................................... 5

*Metro. Life Ins. Co. v. Robertson-Ceco Corp.*,
   84 F.3d 560 (2d Cir. 1996) .................................................................................................... 9

*Picard v. BNP Paribas S.A.* (*In re BLMIS*),
   594 B.R. 167 (Bankr. S.D.N.Y. 2018) ................................................................................ 5-6

*Roper Starch Worldwide, Inc. v. Reymer & Assocs.*,
   2 F. Supp. 2d 470 (S.D.N.Y. 1998) ....................................................................................... 9

*Rosenblatt v. Coutts & Co. AG*,
   No. 17-cv-3528 (AKH), 2017 WL 3493245 (S.D.N.Y. Aug. 14, 2017) ................................ 9

*Shaffer v. Heitner*,
   433 U.S. 186 (1977) .............................................................................................................. 3

*SPV OSUS Ltd. v. UBS AG*,
   114 F. Supp. 3d 161 (S.D.N.Y. 2015) .................................................................................... 9

*SPV Osus Ltd. v. UBS AG*,
   882 F.3d 333 (2d Cir. 2018) .................................................................................................. 3

*Walden v. Fiore*,
   571 U.S. 277 (2014) ..................................................................................................... 3, 7, 10

*Waldman v. Palestine Liberation Org.*,
   835 F.3d 317 (2d Cir. 2016) .................................................................................................. 7

*Zim Integrated Shipping Servs. Ltd. v. Bellwether Design Techs. LLC*,
   No. 19-cv-3444 (VSB), 2020 WL 5503557 (S.D.N.Y. Sept. 10, 2020) ................................. 4

**Rules and Statutes**

CPLR § 302(a)(1) ................................................................................................................. 6

Federal Rule of Civil Procedure 12(b)(2) ...................................................................... 1, 3

Federal Rules of Bankruptcy Procedure 7004(f) ............................................................... 3

Federal Rules of Bankruptcy Procedure 7012(b) .............................................................. 1

Section 550 of the Bankruptcy Code ................................................................................. 1

Defendants Dexia Banque Internationale à Luxembourg SA, now known as Banque Internationale à Luxembourg SA ("BIL") and Dexia Private Bank (Switzerland) Ltd., now known as Banque Internationale à Luxembourg (Suisse) S.A. ("BIL Suisse"), by their undersigned counsel, respectfully submit this Memorandum of Law in support of their Motion to Dismiss the Amended Complaint filed by Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS"), pursuant to Federal Rule of Civil Procedure 12(b)(2), made applicable here by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure.

## Preliminary Statement

Defendants BIL and BIL Suisse are foreign banks located respectively in Luxembourg and Switzerland. The Amended Complaint alleges that, in the years prior to the collapse of BLMIS, each of these banks made redemptions from Fairfield Sentry Limited ("Fairfield Sentry") and Fairfield Sigma Limited ("Fairfield Sigma") (together, the "Fairfield Funds"). In this action, the Trustee for the liquidation of BLMIS seeks to recover the funds associated with those redemptions pursuant to Section 550 of the Bankruptcy Code.

The claims against BIL and BIL Suisse should be dismissed because the Amended Complaint fails to allege a *prima facie* basis for personal jurisdiction over these two foreign entities. The conduct alleged in the United States by BIL is sparse, and the claims in this case do not arise out of that conduct. The conduct alleged in the United States by BIL Suisse is non-existent. For these reasons, even at the pleading stage, the Trustee has not made a prima facie case for the exercise of personal jurisdiction over BIL or BIL Suisse.

1

**Relevant Factual Background**

BIL is a company organized under the laws of Luxembourg and based in Luxembourg. (Am. Compl. ¶ 51.) BIL Suisse is a company organized under the laws of Switzerland and based in Switzerland (*Id.* ¶ 52.) BIL Suisse is a wholly-owned subsidiary of BIL. (*Id.*)

The Amended Complaint alleges that BIL made seven individual redemptions from Fairfield Sentry during the six-year time period between February 2003 and November 2008. (*See* Am. Compl. Ex. C.) It is also alleged that BIL made three redemptions from Fairfield Sigma between April 2007 and August 2008. (*Id.* Ex. E.) As for BIL Suisse, the Amended Complaint alleges ten redemptions from Fairfield Sentry between March 2005 and April 2008, and one redemption from Fairfield Sigma in January 2008. (*Id.* Exs. C & E.) The Amended Complaint does not allege any redemptions by BIL or BIL Suisse from Rye Portfolio Limited. (*See id.* Ex. H.)

To support the existence of personal jurisdiction over BIL and/or BIL Suisse with respect to claims arising from these redemptions, the Amended Complaint alleges only a handful of facts. First, the Amended Complaint refers to "Fairfield Sentry subscription agreements" in which BIL and BIL Suisse allegedly "submitted to New York jurisdiction." (*Id.* ¶ 63.) Second, the Amended Complaint alleges that, beginning in 2005, unnamed BIL representatives met on "multiple occasions" in New York with Fairfield Greenwich Group ("FGG") personnel. (*Id.* ¶ 65.) According to the Amended Complaint, Fairfield Sentry and Fairfield Sigma were "owned, managed and operated" by FGG. (*Id.* ¶ 67.) Third, it is alleged that BIL also engaged in "numerous communications" with FGG personnel in New York. (*Id.* ¶ 65.) Fourth, the Amended Complaint alleges that BIL and BIL Suisse knew that Fairfield Sentry and Fairfield Sigma were, directly or indirectly, investing in BLMIS, which was based in New York and had

2

many other connections to New York. (*Id.* ¶ 69.) Finally, it is alleged that BIL and BIL Suisse used New York correspondent accounts in connection with some of the alleged redemptions.

There are no other allegations in the Amended Complaint linking BIL or BIL Suisse to the United States in connection with the alleged redemptions from the Fairfield Funds.

## Argument

### I. THE AMENDED COMPLAINT DOES NOT ALLEGE A BASIS FOR PERSONAL JURISDICTION OVER BIL OR BIL SUISSE.

To survive a motion to dismiss under Rule 12(b)(2), "the plaintiff bears the burden to make a *prima facie* showing that jurisdiction exists." *In re Lehman Bros. Holdings Inc.*, 535 B.R. 608, 618 (Bankr. S.D.N.Y. 2015). A bankruptcy court may exercise personal jurisdiction over a defendant in a proceeding arising in or related to a case under the Bankruptcy Code if the exercise is consistent with the U.S. Constitution. Fed. R. Bankr. P. 7004(f); *In re Bernard L. Madoff Inv. Sec. LLC (Picard v. Chais)*, 440 B.R. 274, 278 (Bankr. S.D.N.Y. 2010). The Trustee bears the burden of establishing that this Court has personal jurisdiction over each Defendant. *See JCorps Int'l, Inc. v. Charles & Lynn Schusterman Fam. Found.*, 828 F.App'x 740, 742 (2d Cir. 2020) (citing *DiStefano v. Carozzi N. Am., Inc.*, 286 F.3d 81, 84 (2d Cir. 2001)).

Due process requires allegations "(1) that a defendant has certain minimum contacts with the relevant forum, and (2) that the exercise of jurisdiction is reasonable in the circumstances." *SPV Osus Ltd. v. UBS AG*, 882 F.3d 333, 343 (2d Cir. 2018) (citation omitted). The minimum contacts sufficient to support jurisdiction focus on "the relationship among the defendant, the forum, and the litigation," *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977), a relationship that "must arise out of contacts that the defendant himself creates with the forum State," *Walden v. Fiore*, 571 U.S. 277, 284 (2014) (quotations omitted). The Trustee must also demonstrate that the exercise of personal jurisdiction over BIL and BIL Suisse "would comport with due process."

3

*Zim Integrated Shipping Servs. Ltd. v. Bellwether Design Techs. LLC*, No. 19-cv-3444 (VSB), 2020 WL 5503557, at *3 (S.D.N.Y. Sept. 10, 2020) (internal citation omitted). Applying these standards, the Amended Complaint does not set forth a basis for the exercise of personal jurisdiction over BIL or BIL Suisse.

      **A.**      **BIL and BIL Suisse Did Not Consent to the Exercise of Personal Jurisdiction for Purposes of This Case.**

The Amended Complaint suggests that BIL and BIL Suisse may have consented to personal jurisdiction in this case through the subscription agreements they signed with the Fairfield Funds. (*See* Am. Compl. ¶ 63.) The subscription agreements, however, do not provide any basis for personal jurisdiction with respect to the claims in this case. As an initial matter, the Trustee was not a party to the Fairfield subscription agreements, and therefore cannot invoke any rights under those agreements. *See Lavazza Premium Coffees Corp. v. Prime Line Distribs. Inc.*, 575 F. Supp. 3d 445, 459-60 (S.D.N.Y. 2021) (rejecting enforcement of forum selection clause for a non-party plaintiff). In addition, Judge Bernstein has rejected this theory of personal jurisdiction even for the Fairfield Funds, which were proper parties to the subscription agreements. Specifically, Judge Bernstein held that the consent to jurisdiction in the Fairfield subscription agreement applies only to claims with respect to the subscription agreement, and claims arising from fund redemptions do not relate to the subscription agreement. *See In re Fairfield Sentry Ltd.*, No. 10-13164 (SMB), 2018 WL 3756343, at *10-12 (Bankr. S.D.N.Y. Aug. 6, 2018) ("*Fairfield I*"). This ruling was recently affirmed on appeal to the District Court. *See Fairfield Sentry Ltd. v. Citibank, N.A. London*, No. 19-CV-3911, 2022 WL 3644436, at *11 (S.D.N.Y. Aug. 24, 2022). These rulings preclude any argument that the subscription agreements imply consent to jurisdiction for purposes of this case, which is also based solely on redemptions from the Fairfield Funds.

4

### B. There is No Basis for General Jurisdiction over BIL or BIL Suisse.

For the Court to exercise general jurisdiction over BIL or BIL Suisse, they must be "at home" in New York. *See Daimler AG v. Bauman*, 134 S.Ct. 746, 760-61 (2014) (the "paradigm" forums for general jurisdiction are a corporation's place of incorporation and principal place of business, and only in an "exceptional case" will contacts with a forum otherwise be sufficient to establish general jurisdiction). The Trustee does not allege that the Defendants have a place of business in New York or that they are otherwise "at home" in New York. Accordingly, there is no general jurisdiction over BIL or BIL Suisse.

### C. The Trustee's Claim Does Not Arise from Alleged Conduct in the United States.

The Amended Complaint contains one sentence alleging that BIL representatives met on "multiple occasions" with FGG executives in New York. (Am. Compl. ¶ 65.) There is no detail provided, however, concerning the timing of any alleged meeting or the substance of discussions at any meeting. Such a general and conclusory allegation of conduct in the United States is not sufficient to establish personal jurisdiction. *See Jazini v. Nissan Motor Co., Ltd.*, 148 F.3d 181, 185 (2d Cir. 1998) (finding that "conclusory non-fact-specific jurisdictional allegations" were insufficient to satisfy requirements of personal jurisdiction); *M. Shanken Commc'ns, Inc. v. Variant Events, LLC*, 2010 WL 4159476, at *3 (S.D.N.Y. Oct. 7, 2010) ("conclusory allegations are not enough to establish personal jurisdiction").

In addition, this isolated and conclusory allegation does not provide a basis to conclude that any of the Trustee's claims—which are based on numerous individual redemptions that occurred over a six-year period—arise from or relate to any alleged meeting in New York.[1] A

---

[1] Each alleged transfer represents a separate claim in this case. Therefore, the Trustee must establish personal jurisdiction with respect to each individual transfer. *See Picard v. BNP Paribas S.A.* (*In re BLMIS*), 594 B.R. 167,

5

*prima facie* case for personal jurisdiction cannot arise from forum contacts that are unconnected to the claims at issue. *See Homeschool Buyers Club, Inc. v. Brave Writer, LLC*, No. 19-cv-6046 (VSB), 2020 WL 1166053, at *5 (S.D.N.Y. Mar. 11, 2020) (plaintiff failed to make a *prima facie* showing under CPLR § 302(a)(1) because plaintiff did not allege "the existence of a single act directed at New York out of which these claims arise").

The same arguments apply to a second sentence alleging that BIL had "numerous communications" with FGG. (Am. Compl. ¶ 65.) Again, without some context or information about the substance of the communications, this allegation is merely conclusory and it is impossible to link the alleged communications to the redemptions at issue in this case.

It should be noted that the two sentences alleging "meetings" and "communications" in the United States apply only to BIL. There is no allegation in the Amended Complaint that representatives of BIL Suisse attended any meeting in the United States, or engaged in any communication with FGG in New York. Indeed, there is no specific action by BIL Suisse that is alleged to have taken place in the United States.

### D. Alleged Knowledge of the Fairfield Funds' Investments in BLMIS Does Not Establish Personal Jurisdiction over BIL or BIL Suisse.

The Amended Complaint alleges that BIL and BIL Suisse knew that Fairfield Sentry invested most of its assets with BLMIS in New York, implying that such knowledge is sufficient to show that BIL and BIL Suisse "purposefully availed" themselves of New York law. (Am. Compl. ¶ 69.) This alleged mental connection with New York is not the type of contact deemed sufficient to establish of personal jurisdiction.

---

190 (Bankr. S.D.N.Y. 2018) ("Each transfer is a separate claim, and the Trustee must establish the court's jurisdiction with respect to each claim asserted." (internal quotations and citations omitted)).

Normally, personal jurisdiction is not measured by the actions of third parties, but on contacts "the defendant *himself* creates." *Waldman v. Palestine Liberation Org.*, 835 F.3d 317, 335 (2d Cir. 2016) (emphasis in original). Thus, Fairfield Sentry's contacts with BLMIS do not imply that BIL or BIL Suisse had the same or similar contacts.[2] Indeed, the Supreme Court has "consistently rejected attempts to satisfy the defendant-focused 'minimum contacts' inquiry by demonstrating contacts between the plaintiff (or third parties) and the forum State." *Walden v. Fiore*, 571 U.S. 277, 284 (2014); *see also Asahi Metal Indus. Co., Ltd. v. Superior Ct. of Cal., Solano Cnty.*, 480 U.S. 102, 112 (1987) ("The 'substantial connection' . . . [for] minimum contacts must come about by *an action of the defendant purposefully directed toward the forum State*." (emphasis in original)). As the Supreme Court explained in *Walden*, tying personal jurisdiction to foreseeability "impermissibly allows a plaintiff's contacts with the defendant and the forum to drive the jurisdictional analysis." *Id.* at 289.

The Trustee's "knowledge" argument also improperly ignores the corporate forms separating BIL, BIL Suisse, Fairfield Sentry and Fairfield Sigma from each other. For example, when Fairfield Sentry invests money with BLMIS, it is investing its own property, not property owned by its shareholders. To suggest otherwise would be to ignore the important differences between a corporate entity and its shareholders. Thus, investments made by Fairfield Sentry in BLMIS must be viewed as legally distinct acts from purchases of Fairfield Sentry shares by BIL or BIL Suisse. These distinct legal acts may not be conflated to establish personal jurisdiction over BIL or BIL Suisse.

In addition, the Trustee's claims in this case in no way arise from the knowledge that Fairfield Sentry invested its assets in BLMIS. The Trustee's claims arise from relatively small

---

[2] Fairfield Sigma's contacts were one step further removed from New York, as Fairfield Sigma invested its assets mainly in Fairfield Sentry which, in turn, invested most of its assets in BLMIS.

7

*redemptions* from the Fairfield Sentry and Fairfield Sigma funds, the funding for which is not alleged to have come from Fairfield Sentry's BLMIS account.  Put differently, the Amended Complaint may allege that Fairfield Sentry invested 95% of its assets in BLMIS, but the Amended Complaint does not say anything about how Fairfield Sentry funded modest-sized redemptions like the ones at issue in this case.  Consistent with this, there is no allegation that BIL or BIL Suisse had actual knowledge that their redemptions would be funded from Fairfield Sentry's account with BLMIS in New York.

> E. **Alleged Use of Correspondent Accounts Does Not Establish Personal Jurisdiction Over BIL or BIL Suisse.**

The Amended Complaint alleges that BIL "designated and used" an account at Citibank in New York for redemptions from Fairfield Sentry.  (Am. Compl. ¶ 73.)  With respect to BIL Suisse, the Amended Complaint alleges that BIL Suisse "designated and used" an account at Citibank without connecting such use to any redemption.  (*Id.*)  These allegations concerning the use of U.S. Dollar correspondent account are not sufficient to establish personal jurisdiction.

As an initial matter, it should be noted that the Amended Complaint does not allege that BIL or BIL Suisse used an account in New York for the alleged redemptions from Fairfield Sigma, which are shown in Exhibit E of the Amended Complaint.  This makes sense because investments in Fairfield Sigma were denominated in Europe.  Accordingly, there would have been no need for BIL or BIL Suisse to use a U.S. Dollar correspondent account for redemptions from Fairfield Sigma.  This means that the Trustee's "correspondent account" argument for the exercise of personal jurisdiction does not apply to the alleged transfers from Fairfield Sigma.

With respect to redemptions from Fairfield Sentry, which are alleged to have involved New York correspondent accounts, it is well-established that the use of a New York correspondent account, standing alone, is not sufficient establish personal jurisdiction in New

8

York. *See Hau Yin To v. HSBC Holdings PLC*, 700 Fed. App'x, 66, 67 (2d Cir. 2017); *see also Rosenblatt v. Coutts & Co. AG*, No. 17-cv-3528 (AKH), 2017 WL 3493245, at *4 (S.D.N.Y. Aug. 14, 2017) (foreign defendant's act of sending payment to plaintiff's New York bank account pursuant to agreement negotiated and executed outside the United States was not purposeful availment); *Hill v. HSBC Bank plc*, 207 F. Supp. 3d 333, 339-40 (S.D.N.Y. 2016) (allegations that "Foreign Defendants communicated with and transmitted . . . funds to and from BLMIS located in New York" failed to demonstrate purposeful availment because these "communications and payments were incidental consequences of fulfilling a foreign contract"); *Roper Starch Worldwide, Inc. v. Reymer & Assocs.*, 2 F. Supp. 2d 470, 474-75 (S.D.N.Y. 1998) ("merely sending payment to New York" pursuant to contract negotiated and executed in Illinois or Michigan "is not sufficient to establish personal jurisdiction"). To satisfy minimum contacts, the use of a correspondent account must be integral to the claim at issue. *See Al Rushaid v. Pictet & Cie*, 28 N.Y.3d 316, 328-29 (2016); *SPV OSUS Ltd. v. UBS AG*, 114 F. Supp. 3d 161, 166, 169–70 (S.D.N.Y. 2015) (rejecting personal jurisdiction claim where one bank defendant for Madoff "feeder fund" had a New York correspondent account), aff'd, 882 F.3d 333, 345 (2d Cir. 2018); *In re Banco Santander Sec.-Optimal Litig.*, 732 F. Supp. 2d 1305, 1323-24 (S.D. Fla. 2010) (finding no personal jurisdiction where intermediary bank, not defendant bank, designated the New York correspondent account to receive funds related to the Madoff scheme). Here, there is no allegation that use of a New York correspondent account was anything other than incidental to the alleged transfers at issue.

  **F. The Exercise of Personal Jurisdiction over BIL and BIL Suisse Would Not Comport with Due Process.**

  The Court's exercise of jurisdiction over Defendants would be unreasonable and contrary to "traditional notions of fair play and substantial justice." *Metro. Life Ins. Co. v. Robertson-*

9

*Ceco Corp.*, 84 F.3d 560, 568 (2d Cir. 1996) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). As demonstrated above, the Amended Complaint does not allege that BIL or BIL Suisse had any contacts with the United States related to the redemptions at issue. Accordingly, the exercise of personal jurisdiction over these Defendants would not comport with due process. *See Walden*, 571 U.S. at 286 ("Due Process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with other persons affiliated with the State.") (quoting *Burger King v. Rudzewicz*, 471 U.S. 462, 475 (1985)).

### Conclusion

For the foregoing reasons, the Amended Complaint should be dismissed with prejudice under Rule 12(b)(2) as to BIL and BIL Suisse for failure to allege a sufficient basis for the exercise of personal jurisdiction.

Dated:  September 2, 2022
        New York, New York

Respectfully Submitted,

CLIFFORD CHANCE US LLP

By: /s/ Jeff E. Butler

Jeff E. Butler
Meredith K. George
31 West 52nd Street
New York, NY 10019
Telephone: (212) 878-8000
Email: jeff.butler@cliffordchance.com
Email: meredith.george@cliffordchance.com

*Counsel for Defendants Banque Internationale à Luxembourg SA (f/k/a Dexia Banque Internationale a Luxembourg SA) and Banque Internationale à Luxembourg (Suisse) SA (f/k/a Dexia Private Bank (Switzerland) Ltd.)*

10