# EXHIBIT 3

FOR TRANSFER PURPOSES ONLY

## FAIRFIELD SENTRY LIMITED SUBSCRIPTION DOCUMENTS

Instructions

A. **All subscribers.** Provide all information requested in the Subscription Agreement and execute in the appropriate place on the signature page.

B. **Items to be delivered by All Subscribers.**

(i) Completed and signed Subscription Agreement.

(ii) U.S. dollar denominated funds in the amount of the full purchase price for Shares. Wire transfer funds for the full amount of the subscription to the Fund's escrow account at:

> HSBC Bank USA
> 452 Fifth Avenue
> New York, NY 10018
> U.S.A.
> SWIFT: MRMDUS33
> ABA: 021 001 088

For Account and under Swift advice to:
> Citco Bank Nederland, N.V.
> SWIFT: CITCNL2A
> P.O. Box 7241
> Amsterdam, The Netherlands

Account No.: Redacted 4212
Reference: Fairfield Sentry Limited
Account No. Redacted 3.787
By Order of: (Name of Subscriber)

(iii) Subscription documents should be delivered or sent by courier to Fairfield Sentry Limited, c/o Citco Fund Services (Europe) B.V., Telestone 8 –Teleport, Naritaweg 165 1043 BW Amsterdam, P.O. Box 7241, 1007 JE Amsterdam, The Netherlands; fax no.: (31-20) 572-2476.

320478.1

FJLVAA0000027

FOR TRANSFER PURPOSES ONLY

Name of Subscriber: _____

Amount of Subscription: $ __39.08_____

## SUBSCRIPTION AGREEMENT
## FAIRFIELD SENTRY LIMITED

Fairfield Sentry Limited
c/o Citco Fund Services (Europe) B.V.
Telestone 8 –Teleport,
Naritaweg 165
1043 BW Amsterdam
P.O. Box 7241  1007 JE Amsterdam
The Netherlands
Telephone: (31-20) 572-2100
Facsimile: (31-20) 572-2476

Dear Sirs:

   1.   **Subscription.** The undersigned ("Subscriber") hereby subscribes for redeemable, voting shares, par value U.S. $0.01 per share (the "Shares"), of Fairfield Sentry Limited (the "Fund"), an international business company organized under the laws of the British Virgin Islands (the "BVI"), at a subscription price per Share equal to the Fund's Net Asset Value per Share as of the effective date of purchase. All capitalized terms used in this Agreement that are not defined herein have the meanings set forth in the Fund's confidential private placement memorandum dated July 1, 2002 (the "Memorandum"). Subscriber subscribes for that number of Shares that can be purchased for the subscription amount above. Subscriber subscribes for the Shares pursuant to the terms herein, the Memorandum, and the Fund's Memorandum of Association and Articles of Association (collectively, the "Fund Documents").

   2.   **Acceptance or Rejection.** If the Fund accepts this Subscription, Subscriber shall become a Shareholder of the Fund and bound by the Fund Documents. The Fund may reject this subscription, in whole or in part, for any reason. If rejected, the Fund will promptly return the subscription funds, with any interest actually earned thereon, and this Agreement will be void.

   3.   **Payment of Subscription Funds.** Subscription funds should be wired to the Fund at the following account, concurrently with the delivery of this Agreement to the Fund.

| For Account and under Swift advice to: | HSBC Bank USA<br>452 Fifth Avenue<br>New York, New York 10018<br>U.S.A.<br>SWIFT: MRMDUS33<br>ABA: 021 001 088 |
|---|---|
| | Citco Bank Nederland, N.V.<br>Telestone 8 –Teleport,<br>Naritaweg 165 |

320478.1

A-1

FOR TRANSFER PURPOSES ONLY

|  |  |
|---|---|
|  | 1043 BW Amsterdam<br>The Netherlands<br>SWIFT: CITCOL2A |
| Account No.: | Reda0304 |
| Reference: | Fairfield Sentry Limited<br>Account No. Redacted3,797 |
| By Order of: | (Name of Subscriber) |

4. **Delivery of Subscription Agreement.** Subscriber should fax and mail an executed, completed copy of this Agreement to the Fund at the above facsimile number and address, with a copy to the Investment Manager at the following address: Fairfield Greenwich Limited, 399 Park Avenue, 36th Floor, New York, New York 10022-4690.

5. **Status Representations.**

   a. **Non-U.S. Person.** The Shares hereby subscribed for are not being (i) acquired directly or indirectly by, and (ii) will not be transferred directly or indirectly to, (A) a natural person who is a citizen, national or resident of, or an institution or other entity organized, created, formed, chartered or resident in, the United States of America ("U.S. Person"), (B) an entity as to which any person or entity described in (A) above is, directly or indirectly, a beneficiary, fiduciary, grantor or decedent, or (C) institutions or other entities owned, in whole or in part, directly or indirectly, by the persons or entities described in (A) or (B) above.

   b. **Professional Investor Status.** Subscriber is a "Professional Investor" within the meaning of the BVI Mutual Funds Act of 1996 of the BVI, because Subscriber's net worth (in the case of a natural person, either individually or jointly with spouse) exceeds US$1,000,000, and Subscriber consents to being treated as a Professional Investor for the purpose of investing in the Fund.

6. **Related Professionals.**
   (Subscriptions cannot be accepted if this section is not completed)

   (i) Please indicate the name of the person at the Fairfield Greenwich Group with whom this subscription is associated.

   Name: _____

   (ii) Please indicate the name, if applicable, of the person and/or entity who acts as an advisor with respect to this subscription.

   Name of Advisor: _____

   Name of Advisor's firm or organization:

   _____

   Not Applicable: _____

7. **Receipt of Memorandum.** Subscriber has received and read a copy of the Memorandum. Subscriber has relied solely on the Memorandum, the other Fund Documents, and any independent

A-2

J2067K.1

FJLVAA0000029

FOR TRANSFER PURPOSES ONLY

investigation it has conducted. (Subscriber has had an opportunity to obtain any additional information about the Fund that it has requested.) Subscriber has not relied on any representation inconsistent with the information in the Fund Documents.

8. <u>Subscriber Sophistication and Financial Condition</u>. Subscriber has such knowledge and experience in financial and business matters that it is capable of evaluating the risks of this investment. Subscriber has obtained sufficient information from the Fund or its authorized representatives to evaluate such risks. Subscriber has not relied on any person as a purchaser representative in connection with that evaluation. Subscriber has determined that the Shares are a suitable investment for it. Subscriber's investment is consistent with its investment purposes and objectives and cash flow requirements, and will not adversely affect Subscriber's overall need for diversification and liquidity. Subscriber can afford a complete loss of this investment, and can afford to hold the Shares for an indefinite time.

9. <u>Investment Intent</u>. Subscriber is buying the Shares solely for investment purposes and not with a view to distribute, subdivide or resell the Shares.

10. <u>Subsequent Subscriptions</u>. If Subscriber subscribes for additional Shares at a later date, Subscriber shall be deemed to have re-executed this Agreement in subscribing for those Shares.

11. <u>Registration of Shares; Certificates</u>. The Shares issued to Subscriber will be registered on the Fund's books in the name of Subscriber and not any nominee. Share certificates will not be issued to Subscriber unless it so requests in writing.

12. <u>Binding Nature of Agreement</u>. This Agreement shall be binding upon Subscriber and its heirs, representatives, successors and permitted assigns, and shall inure to the benefit of the Fund's successors and assigns. The Agreement shall survive the acceptance of the subscription. If Subscriber consists of more than one person, the Agreement shall be the joint and several obligation of each person.

13. <u>Governing Law</u>. This Agreement shall be governed and enforced in accordance with New York law, without giving effect to its conflict of laws provisions.

14. <u>Authority</u>. Subscriber's execution, delivery and performance of this Agreement are within its powers, have been duly authorized and will not constitute or result in a breach or default under or conflict with any order, ruling or regulation of any court or other tribunal or of any governmental commission or agency, or any agreement or other undertaking, to which Subscriber is a party or by which it is bound, and, if Subscriber is not an individual, will not violate any provision of the incorporation papers, by-laws, indenture of trust or partnership agreement, as may be applicable, of the Subscriber. The signature on this Agreement is genuine, and the signatory, if Subscriber is an individual, has legal competence and capacity to execute the Agreement, or, if Subscriber is not an individual, the signatory has been duly authorized to execute the Agreement, and the Agreement constitutes a legal, valid and binding obligation of Subscriber, enforceable in accordance with its terms.

15. <u>New York Courts</u>. Subscriber agrees that any suit, action or proceeding ("Proceeding") with respect to this Agreement and the Fund may be brought in New York. Subscriber irrevocably submits to the jurisdiction of New York courts with respect to any Proceeding and consents that service of process as provided by New York law may be made upon Subscriber in such Proceeding, and may not claim that Proceeding has been brought in an inconvenient forum. Subscriber consents to the service of process out of any New York court in any such Proceeding, by the mailing of copies thereof, by certified or registered mail, return receipt requested, addressed to Subscriber at the address of Subscriber then appearing on the Fund's records. Nothing herein shall affect the Fund's right to commence any Proceeding or otherwise to proceed against Subscriber in any other jurisdiction or to serve process upon

A-3

320478.1

FJLVAA0000030

FOR TRANSFER PURPOSES ONLY

Subscriber in any manner permitted by any applicable law in any relevant jurisdiction.

16. **Anti Money-Laundering.** Subscriber represents that the subscription funds are not the direct or indirect proceeds of drug trafficking or other criminal activity, including activities that contravene the anti-money laundering laws and regulations of any country. Subscriber understands that, as part of the responsibility of the Fund and the Administrator for protection against money-laundering, the Administrator may require a detailed verification of Subscriber's identity. Depending on the circumstances of each application, a detailed verification might not be required where Subscriber makes the payment from an account held in Subscriber's name at a recognized financial institution; or the application is made through a recognized intermediary. These exceptions will only apply if the financial institution or intermediary referred to above is within a country recognized as having sufficient anti-money laundering regulations. For example, an individual may be required to produce a copy of a passport or identification card duly certified by a notary public, together with evidence of his/her address such as a utility bill or bank statement and date of birth. In the case of entity subscribers, this may require production of a certified copy of the certificate of incorporation (and any change of name), memorandum and articles of association (or the equivalent), the names, occupations, dates of birth and residential and business addresses of all directors. The Administrator and the Fund reserve the right to request such information as is necessary to verify the identity of Subscriber. In the event of delay or failure by Subscriber to produce any information required for verification purposes, the Administrator may refuse to accept the subscription and the subscription monies relating thereto or may refuse to process a redemption request until proper information has been provided. Subscriber further agrees that the Fund and any other service provider shall be held harmless and indemnified against any loss arising as a result of a failure to process the subscription or redemption if such information as has been required by the parties referred to has not been provided by Subscriber.

18. **Confidentiality.** The Fund may disclose the information about Subscriber that is contained herein as the Fund deems necessary to comply with applicable law or as required in any suit, action, or proceeding.

19. **Indemnification.** Subscriber agrees to indemnify and hold harmless the Fund and any other service provider to it, and any partner, manager, officer, director, shareholder, agent, employee or affiliate thereof, against any loss, liability or expense relating to any misrepresentation or breach of covenant by Subscriber herein or in any other document furnished by Subscriber in connection with its subscription.

20. **Enforceability.** If any provision hereof is invalid or unenforceable under any applicable law, it shall be deemed inoperable to that extent (and modified to the extent necessary to comply with that law) and its invalidity or unenforceability shall not affect any other provision hereof.

21. **Non-U.S. Currencies.** If Subscriber subscribes in a currency other than that of the U.S., Subscriber agrees that the Fund may sell such subscription funds at the market rate for that currency and that the Shares will be issued to the value of the proceeds, minus the reasonable costs relating to the sale.

22. **Appointment of Revocable Proxy.** Subscriber hereby designates and appoints the Administrator with full power of substitution, as its true and lawful proxy and attorney-in-fact for the purpose of voting the Shares subscribed for herein or otherwise acquired as said proxy may determine on any and all matters which may arise at any meeting of shareholders and upon which such Shares could be voted by Shareholders present in person at that meeting. This proxy may be revoked by the owner of record of the Shares hereby subscribed for, either personally or by presentation of a subsequently executed proxy at any meeting of Shareholders, or by written notice to the Administrator at the above

FJLVAA0000031

FOR TRANSFER PURPOSES ONLY

address (or such other address as the Fund or the Administrator shall furnish in writing to a Shareholder) received before the meeting.

23. *If Subscriber is acting as a Representative.* If Subscriber is subscribing as trustee, agent, representative, or nominee for another person (the "Beneficial Shareholder"), Subscriber agrees that the representations and agreements herein are made by Subscriber with respect to itself and the Beneficial Shareholder. Subscriber has all requisite authority from the Beneficial Shareholder to execute and perform the obligations hereunder.

24. *Country-Specific Disclosures.* Subscriber has reviewed the country-specific disclosures in the Memorandum.

25. *Subscriber Information and Execution.*

   a. *Amount of Subscription.* U.S. $ _____ 541 39.08 _____ .

   b. *Registration of Shares.* The Shares issued to Subscriber are to be registered in the Fund's books in the name of (insert name, address, fax and email, if applicable):

   _____
   _____
   _____

   Additional copies of such communications should be sent to (insert name, address, fax and email, if you desire an additional copy to be sent to any party):

   _____
   _____
   _____

   c. *Written Communications.* All written communications from the Fund to Subscriber should be sent to Subscriber at the following address (insert address):

   _____
   Bank Vontobel AG
   Bahnhofstrasse 3
   CH-8022 Zürich
   _____

   d. *Telephone, Fax and Email.* Telephone: _____

   Fax: _____ Email _____

   e. *Domicile, Etc.* Subscriber, if an individual, is a citizen of _____ _____ and a resident of _____. Subscriber, if an entity, is organized under the laws of _____ and has its principal place of business in

A-5

320478.1

FJLVAA0000032

*Citco Fund Services*
*(Europe) B.V.*

FOR TRANSFER PURPOSES ONLY

f. **Authorized Persons.** The names of the persons authorized by Subscriber to give and receive instructions between the Fund and Subscriber, together with their signatures, are set forth below. Such persons are the only persons so authorized by Subscriber until further notice to the Fund by any one of such persons:

| Print Name | Signature |
|---|---|
| 1. Mark Stefan | ~~~~~~ |
| 2. Alder Rojas | N. P Alder |
| 3. | |
| 4. | |
| 5. | |
| 6. | |
| 7. | |
| 8. | |
| 9. | |
| 10. | |

The Administrator and the Fund are each hereby authorized and instructed to accept and execute any instructions in respect of the Shares to which this Agreement relates given by Subscriber in written form or by facsimile. If instructions are given by Subscriber by facsimile, Subscriber undertakes to send the original letter of instructions to the Administrator and the Fund, and Subscriber agrees to keep each of them indemnified against any loss of any nature whatsoever arising to any of them as a result of any of them acting upon facsimile instructions. The Administrator and the Fund may rely conclusively upon and shall incur no liability in respect of any action taken upon any notice, consent, request, instructions or other instrument believed in good faith to be genuine or to be signed by properly authorized persons.

g. **Redemption Payments.** Until further notice from Subscriber to the Fund, signed by any authorized person listed above, redemption or other payments by the Fund to Subscriber should be wired only to Subscriber and only as follows (please print or type):

Bank name: _____

Bank address: _____

ABA or CHIPS number: _____

Account name: _____

Account number: _____

For further credit: _____

A-6

32047A.1

Telestone 8 - Teleport           amsterdam-fund@citco.com         Phone: +31 (0)20 572 2100
Naritaweg 165                    www.citco.com                    Fax: +31 (0)20 572 2600
P.O. Box 7241                                                     Chamber of Commerce: 33253773
1007 JE Amsterdam
The Netherlands

*Citco Fund Services (Europe) B.V.*

FOR TRANSFER PURPOSES ONLY

    h. <u>Financial Institution Wiring/Paying Subscription Monies.</u>

Name: _____

Address: _____

Name of account at financial institution being debited for subscription

Payment: _____

Number of such account: _____

    i. <u>Execution.</u> In witness whereof, Subscriber has executed this Agreement on the date set forth below:

Date: _____, 20___

<u>For individuals</u>

Print name: _____

Signature: _____

<u>For entities</u>

Print name: _____

Print name of authorized signatory: _____

Print title of authorized signatory: _____

Signature: _____

A-7

320478.1

Telestone 8 - Teleport          amsterdam-fund@citco.com     Phone: +31 (0)20 572 2100
Naritaweg 165                   www.citco.com                Fax: +31 (0)20 572 2600
P.O. Box 7241                                                Chamber of Commerce: 33253773
1007 JE Amsterdam
The Netherlands

FJLVAA0000034

**CITCO**

*Citco Fund Services
(Europe) B.V.*

FOR TRANSFER PURPOSES ONLY

[To be completed by the Fund]

THIS SUBSCRIPTION APPLICATION IS HEREBY ACCEPTED BY
FAIRFIELD SENTRY LIMTIED

Date: _____, 20\_\_

Name of authorized signatory: _____

Title of authorized signatory: _____

Signature: _____

Subscriber's name: _____

A-8

120478.1

*Telestone 8 - Teleport
Naritaweg 165
P.O. Box 7241
1007 JE Amsterdam
The Netherlands*

amsterdam-fund@citco.com
www.citco.com

Phone: +31 (0)20 572 2100
Fax: +31 (0)20 572 2600
Chamber of Commerce: 33253773

FJLVAA0000035