**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (CGM)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE HEBREW UNIVERSITY OF JERUSALEM, YISSUM RESEARCH DEVELOPMENT COMPANY OF THE HEBREW UNIVERSITY OF JERUSALEM LTD., BEN-GURION UNIVERSITY OF THE NEGEV, B.G. NEGEV TECHNOLOGIES AND APPLICATIONS LTD., THE WEIZMANN INSTITUTE OF SCIENCE, and BAR ILAN UNIVERSITY,<br><br>Defendants. | Adv. Pro. No. 21-01190 (CGM) |

**DECLARATION OF MICHAL NAVEH IN SUPPORT OF**
**MOTION TO DISMISS COMPLAINT**

I, Adv. Michal Naveh, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct:

1.      I am the General Counsel of the Weizmann Institute of Science ("Weizmann Institute"). The facts contained in this Declaration are known to me personally, by virtue of my position, from review of documents relating to the matter and from inquiries I have made.

**Weizmann Institute**

2.      Weizmann Institute is a public (non-for-profit) research institution and a university accredited as a higher education institution located in Rehovot, Israel. Weizmann Institute is chartered in Israel, in accordance with the Companies Ordinance 1929, as a company limited by guarantee with no share capital. Weizmann Institute's two principal governing documents are its Memorandum of Association and its Articles of Association. As set forth in the Memorandum of Association, Weizmann Institute was established for the purpose of furthering research in the fields of pure and applied science. (Attached as **Exhibit 1** is a true and correct copy of the version of Weizmann Institute's Memorandum of Association, in English, that was applicable during the relevant time period.)

3.      Weizmann Institute's Articles of Association define, among other things, the powers and authorities of its governing bodies, the process by which members are elected to serve, and the number of members that may serve in each body. (Attached as **Exhibit 2** is a true and correct copy of Weizmann Institute's Articles of Association, in English, that was applicable during the relevant time period.)

4.      Weizmann Institute's two main governing bodies are the Executive Board (during the relevant time period known as the Executive Council), and the International Board (during the relevant time period known as the Board of Governors). The Executive Council had, during the relevant time period, the power and authority to determine Weizmann Institute's budget (subject to final approval of the Board of Governors) and approve its financial statements;

2

control Weizmann Institute's financial operations; and make decisions relating to Weizmann Institute's property and investments (*See* Exhibit 2, ¶¶ 27-28).

5. The Board of Governors was entitled to review the activities of Weizmann Institute; review Weizmann Institute's approved financial statements; approve amendments to Weizmann Institute's Memorandum and Articles of Association; elect various chairs and board and committee members; appoint auditors; and appoint ad hoc committees. (*See* Exhibit 2, ¶ 13.) The Board of Governors had up to 200 members (*See* Exhibit 2, ¶ 2).

6. The division of powers and authorities between the Executive Council (which convened a few times during the year) and the Board of Governors (which convened only once a year) makes clear that it is the Executive Council (and its Executive Committee) and not the Board of Governors that managed the business and affairs of Weizmann Institute. The allegation in Paragraph 66 of the Complaint that the Board of Governors "is responsible for controlling the business of Weizmann" is misleading.

7. In any event, during the relevant time period, Weizmann Institute's organic documents did not confer upon the individual members of the Board of Governors, or on any other individual, the authority to act on Weizmann Institute's behalf, unless the Executive Council (or the Executive Committee) has expressly conferred upon that individual the power to bind Weizmann Institute. (*See* Exhibit 2, ¶ 50.)

8. The Complaint, in Paragraph 66, alleges that Mr. Yair Green was appointed to Weizmann Institute's Board of Governors in 2007. (In fact, he was appointed in November 2007). As an individual member of the Board of Governors, Mr. Green had no power to bind Weizmann Institute or (absent delegated authority) to act on Weizmann Institute's behalf. To

3

the best of my knowledge, Weizmann did not delegate to Mr. Green authority to take any actions on its behalf with respect to Yeshaya Horowitz Association ("Yeshaya") or in any other matter.

9.     The Complaint further alleges that Irun Cohen and Shimon Ullman were professors at Weizmann Institute and members of Yeshaya in the period before 2008. As individual professors, Prof. Cohen and Prof. Ullman did not have the authority to act on Weizmann Institute's behalf or to bind Weizmann Institute with regard to Yeshaya. Moreover, to the best of my knowledge, Prof. Cohen and Prof. Ullman were not appointed to Yeshaya by Weizmann Institute, and did not serve at Yeshaya as Weizmann Institute's representatives or agents.

**ACWIS**

10.     Weizmann Institute, which is organized in Israel, is a separate legal entity from the American Committee for the Weizmann Institute of Science ("ACWIS"), a nonprofit organization in New York. The purpose of ACWIS is to support and raise money for the benefit of Weizmann Institute. ACWIS has its own governing board.

Executed on February 9, 2022
Rehovot, Israel

_____
Michal Naveh

4