**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>          Plaintiff-Applicant,<br><br>          v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>          Defendant. | Adv. Pro. No. 08-01789 (CGM)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>          Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff,<br><br>          Plaintiff,<br><br>          v.<br><br>KOCH INDUSTRIES, INC., as successor in Interest to Koch Investment (UK) Company,<br><br>          Defendant. | Adv. Pro. No. 12-01047 (CGM) |

**TRUSTEE'S MEMORANDUM OF LAW IN OPPOSITION TO**
**DEFENDANT KOCH INDUSTRIES, INC.'S MOTION TO DISMISS**

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS ........................................................................................................... 3

    I.    THE BLMIS PONZI SCHEME.............................................................................. 3

    II.    THE INITIAL TRANSFEREE ACTION AND SETTLEMENT .......................... 3

    III.    KOCH AND ITS INVESTMENTS IN SENTRY .................................................. 4

ARGUMENT .................................................................................................................................. 4

    I.    LEGAL STANDARD............................................................................................. 4

    II.    SECTION 546(e) DOES NOT BAR RECOVERY FROM DEFENDANT .......... 5

        A.    Sentry Had Actual Knowledge of Madoff's Fraud..................................... 5

        B.    Koch Is Precluded from Relitigating *Cohmad* and the Actual Knowledge Exception ................................................................................ 6

    III.    THE 550(b) GOOD FAITH DEFENSE IS AN AFFIRMATIVE DEFENSE AND THUS INAPPROPRIATE AT THE MOTION TO DISMISS STAGE ...................................................................................................... 8

    IV.    THE TRUSTEE'S ACTION AGAINST KOCH IS NOT BARRED BY THE STATUTE OF LIMITATIONS ..................................................................... 11

CONCLUSION............................................................................................................................. 14

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)..................................................................................................4, 5

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007).......................................................................................................4

*Bernard L. Madoff Inv. Secs. LLC (In re Consolidated Proceedings on 11 U.S.C. §546(e))*, No. 12 MC 115(JSR), 2013 WL 1609154 (S.D.N.Y. Apr. 15, 2013)....................2, 5

*Cargo Partner AG v Albatrans, Inc.*,
  352 F.3d 41 (2d Cir. 2003)............................................................................................4

*Delaney v. Farley*,
  623 F. App'x 14 (2d Cir. 2015)....................................................................................2

*In re Dreier LLP*,
  452 B.R. 391 (Bankr. S.D.N.Y. 2011)......................................................................10

*Geltzer v. Salzman (In re ContinuityX, Inc.)*,
  582 B.R. 124 (Bankr. S.D.N.Y. 2018)......................................................................12

*In re J.P. Jeanneret Assoc., Inc.*,
  769 F. Supp. 2d 340 (S.D.N.Y. 2011)..........................................................................4

*Kelley v. Safe Harbor Managed Acct. 101, Ltd.*,
  31 F.4th 1058 (8th Cir. 2022) .....................................................................................8

*McKenna v. Wright*,
  386 F.3d 432 (2d Cir. 2004).......................................................................................10

*Picard v. Banque SYZ & Co. SA*,
  Adv. Pro. No. 11-02149 (CGM), 2022 WL 2135019 (Bankr. S.D.N.Y. June 14, 2022) ...........................................................................................................1, 6, 7, 9

*Picard v. BNP Paribas, S.A.*,
  594 B.R. 167 (Bankr. S.D.N.Y. 2018).................................................................8, 13

*Picard v. Bureau of Labor Ins.*,
  480 B.R. 501 (Bankr. S.D.N.Y. 2012)......................................................................13

*Picard. v. Citibank, N.A. (In re BLMIS)*,
  12 F.4th 171 (2d. Cir. 2021) ...............................................................................3, 9, 11

*Picard v. Cohen*,
　Adv. Pro. No. 10-04311, 2016 WL 1695296 (Bankr. S.D.N.Y. Apr. 25, 2016) ........................7

*Picard v. The Estate of Steven Mendelow*,
　560 B.R. 208 (Bankr. S.D.N.Y. 2016) ..................................................................................7

*Picard v. Fairfield Investment Fund Ltd. (In re BLMIS)*,
　Adv. Pro. No. 09-01239 (CGM), 2021 WL 3477479 (Bankr. S.D.N.Y. Aug. 6,
　2021) ...........................................................................................................................2, 5, 7, 11

*Picard v. First Gulf Bank*,
　Adv. Pro. No. 11-02541 (CGM), 2022 WL 3354955 (Bankr. S.D.N.Y. July
　18, 2022) .................................................................................................................1, 9, 11

*Picard v. Ida Fishman Revocable Trust (In re BLMIS)*,
　773 F.3d 411 (2d Cir. 2014) ..............................................................................................5, 7

*Picard v. Magnify Inc.*,
　583 B.R. 829 (Bankr. S.D.N.Y. 2018) ..................................................................................7

*Picard v. Merkin (In re BLMIS)*,
　440 B.R. 243 (Bankr. S.D.N.Y. 2010) ................................................................................10

*Picard v. Multi-Strategy Fund Ltd.*,
　641 B.R. 78 (Bankr. S.D.N.Y. 2022) ............................................................................. *passim*

*In re Picard*,
　917 F.3d 85 (2d Cir. 2019) ..................................................................................................8

*Roth v. Jennings*,
　489 F.3d 499 (2d Cir. 2007) ..................................................................................................4

*Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*,
　531 B.R. 439 (Bankr. S.D.N.Y. 2015) ..................................................................................7

*Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Madoff Secs.)*,
　501 B.R. 26 (S.D.N.Y. 2013) ...........................................................................................8, 12

*Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Madoff Secs.)*,
　No. 20-CV-02586 (CM), 2022 WL 1304589 (S.D.N.Y. May 2, 2022) ..................................9

*Weslowski v. Zugibe*,
　96 F. Supp. 3d 308 (S.D.N.Y. 2015) ....................................................................................2

**Statutes**

11 U.S.C. § 546(a) .................................................................................................2, 12, 13

11 U.S.C. § 546(e) ............................................................................................................ *passim*


08-01789-cgm    Doc 22360    Filed 09/30/22    Entered 09/30/22 16:41:02    Main Document
Pg 5 of 19

11 U.S.C. § 548(a) ...........................................................................................................5, 8

11 U.S.C. § 550..............................................................................................................1, 8, 12

11 U.S.C. § 550(a) ..............................................................................................................8, 13

11 U.S.C. § 550(b) ............................................................................................................2, 8, 11

11 U.S.C. § 550(f) ............................................................................................................2, 12, 13

15 U.S.C. §§ 78aaa-*lll* ..............................................................................................................1

**Rules**

Fed. R. Bankr. P. 7012 ...............................................................................................................4

Fed. R. Civ. P. 8(a)(2)................................................................................................................4

Fed. R. Civ. P. 12(b)(6)................................................................................................1, 4, 6, 10

Plaintiff Irving H. Picard (the "Trustee"), as trustee for the liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa-*lll* ("SIPA"), and the substantively consolidated chapter 7 estate of Bernard L. Madoff ("Madoff"), by and through the Trustee's undersigned counsel, respectfully submits this memorandum of law in opposition to Defendant Koch Industries, Inc.'s ("Koch") motion to dismiss the Complaint ("Motion" or Mot.").

## PRELIMINARY STATEMENT

This adversary proceeding is part of the Trustee's continuing efforts in this SIPA liquidation proceeding to recover BLMIS customer property that was stolen as part of Madoff's Ponzi scheme. In this action, the Trustee seeks to recover at least $21,533,871 in subsequent transfers that Koch (as successor in interest to Koch Investment (UK) Company ("KIUK"))[1] received from Fairfield Sentry Limited ("Sentry"), the largest of BLMIS's feeder funds. Koch's Motion is misguided but straightforward: Koch argues that the Trustee's Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because the safe harbor under Section 546(e) bars recovery and the Complaint establishes Koch's good faith pursuant to Section 550. This Court has previously rejected these arguments in numerous subsequent transfer cases before it.[2] Additionally, Koch makes the curious argument that the Trustee's action against it is time-barred. All of Koch's arguments are without merit and should be rejected.[3]

---

[1] KIUK dissolved in 2009. Compl. ¶ 32. Funds derived by KIUK from the transfers it received from Sentry are alleged to have been transferred to its parent company, Koch, KIUK's successor in interest. *Id.* Unless otherwise noted, references to "Koch" shall mean both Koch and KIUK.

[2] *See, e.g.*, *Picard v. Multi-Strategy Fund Ltd.*, 641 B.R. 78 (Bankr. S.D.N.Y. 2022) ("*Multi-Strategy*"); *Picard v. Banque SYZ & Co. SA*, Adv. Pro. No. 11-02149 (CGM), 2022 WL 2135019 (Bankr. S.D.N.Y. June 14, 2022) ("*SYZ*"); *Picard v. First Gulf Bank*, Adv. Pro. No. 11-02541 (CGM), 2022 WL 3354955 (Bankr. S.D.N.Y. July 18, 2022) ("*First Gulf*"); *Picard v. Korea Exchange Bank*, Adv. Pro. No. 11-02572 (CGM), 2022 WL 4371908 (Bankr. S.D.N.Y. Sept. 21, 2022) (*"KEB"*).

[3] Koch also asserts in a footnote (but not elsewhere) that the Trustee improperly incorporates the initial transfer complaint against Sentry. *See* Mot. at 3 n.7. The Court should reject this assertion as it has previously. *See, e.g.*, *KEB*, 2022 WL 4371908, at *8 ("Through the adoption of the Fairfield Complaint, the Trustee has adequately

1

*First*, the Trustee plausibly alleges the avoidability of the initial transfers based on Sentry's actual knowledge of fraud, and therefore the safe harbor for securities payments pursuant to securities contracts under Section 546(e) is inapplicable and does not bar the avoidance of the initial transfers from BLMIS to Sentry or the recovery of those transfers here. Koch attempts to relitigate Judge Rakoff's decision in *Bernard L. Madoff Inv. Secs. LLC (In re Consolidated Proceedings on 11 U.S.C. §546(e))*, No. 12 MC 115(JSR), 2013 WL 1609154 (S.D.N.Y. Apr. 15, 2013) ("*Cohmad*"), arguing that Judge Rakoff was wrong in holding that the safe harbor does not apply where an initial transferee has actual knowledge of Madoff's fraud. But *Cohmad* is binding precedent in this SIPA liquidation proceeding that makes the Section 546(e) safe harbor inapplicable to the Trustee's claims against Koch.

*Second*, the Section 550(b) "good faith" defense available to subsequent transferees is a fact-intensive affirmative defense that is premature and plainly inappropriate on a motion to dismiss. As this Court has recently held, it is a defendant's burden to plead this affirmative defense in an answer and prove it with evidence; it cannot be established from the face of a complaint.

*Third*, the Trustee timely commenced his avoidance action against Sentry pursuant to Section 546(a). This action was commenced less than one year after approval of the Trustee's settlement with Sentry and is therefore timely pursuant to Section 550(f).

For these reasons and for the reasons set forth below, the Trustee respectfully requests that the Court deny Koch's Motion.

---

pleaded, with particularity, the avoidability of the initial transfer. . . .") Moreover, this Court may take judicial notice of the operative complaint—the Fairfield Second Amended Complaint—and its opinion in *Picard v. Fairfield Investment Fund Ltd. (In re BLMIS)*, Adv. Pro. No. 09-01239 (CGM), 2021 WL 3477479 (Bankr. S.D.N.Y. Aug. 6, 2021) ("*Fairfield Inv. Fund*"), in which this Court held that the Trustee plausibly alleged the avoidability of the initial transfers. In any event, arguments raised solely in footnotes should be disregarded. *See Delaney v. Farley*, 623 F. App'x 14, 17 (2d Cir. 2015) ("Generally, we do not consider arguments raised only in footnotes."); *Weslowski v. Zugibe*, 96 F. Supp. 3d 308, 314 (S.D.N.Y. 2015) (disregarding arguments raised in a footnote because they were not properly raised).

2

## STATEMENT OF FACTS

### I. THE BLMIS PONZI SCHEME

Madoff founded and operated BLMIS in New York until its collapse in 2008. *See* Complaint ("Compl.") ¶¶ 29, 30, ECF No. 1. BLMIS was registered with the U.S. Securities and Exchange Commission ("SEC") as a securities broker-dealer under Section 15(b) of the Securities Exchange Act of 1934. *Id.* ¶ 21. BLMIS had three principal business units: (i) a proprietary trading business; (ii) a market-making business; and (iii) an investment advisory business (the "IA Business"). *Id*. For its IA Business customers, BLMIS purportedly executed a split-strike conversion strategy, which involved (a) investing in a basket of common stocks from the Standard & Poor's 100 Index; (b) buying put options and selling call options to hedge against price changes in the underlying basket of stocks; and (c) purchasing U.S. treasury bills when the money was out of the market. *Id*. ¶¶ 22–23. In reality, BLMIS operated a Ponzi scheme through its IA Business. *Id*. ¶¶ 14–15, 24, 26, 29–30. On December 11, 2008, Madoff's fraud was publicly revealed, and he was arrested for criminal violations of federal securities laws, including securities fraud, investment adviser fraud, and mail and wire fraud. *Id.* ¶ 9.

The extent of damage Madoff caused was made possible by BLMIS "feeder funds"—large investment funds created for the express purpose of funneling investors' funds into BLMIS. *See Picard. v. Citibank, N.A. (In re BLMIS)*, 12 F.4th 171, 179 (2d. Cir. 2021). Koch invested in one of these feeder funds, Sentry, a fund operated by Fairfield Greenwich Group ("FGG") in New York that invested more than 95% of its assets with BLMIS. *See* Compl. ¶ 2.

### II. THE INITIAL TRANSFEREE ACTION AND SETTLEMENT

Following BLMIS's collapse and the commencement of the SIPA liquidation proceeding, the Trustee filed an adversary proceeding against Sentry and related defendants to avoid and recover fraudulent transfers of stolen customer property in the amount of approximately $3 billion.

3

*Id.* ¶ 33. In 2011, the Trustee settled with Sentry and others. *Id.* ¶ 38. As part of the settlement, Sentry consented to a judgment in the amount of $3.054 billion but repaid only $70 million to the BLMIS estate. *Id.* The Trustee then commenced a number of adversary proceedings against defendants like Koch to recover the approximately $3 billion in missing customer property.

### III. KOCH AND ITS INVESTMENTS IN SENTRY

Koch, a well-known multinational conglomerate, invested substantial sums with Sentry through its subsidiary, KIUK. *Id.* ¶¶ 2, 3, 20. Sentry, in turn, invested nearly all its funds with BLMIS. *Id.* ¶ 2. In May and September 2005, Koch, through KIUK, received two transfers from Sentry totaling at least $21.5 million. *Id.* ¶¶ 39, 42, Ex. C. For each transfer, the Trustee's Complaint sets forth the subsequent transferor (Sentry), the subsequent transferee (Koch), the date of the subsequent transfer, and the amount of the subsequent transfer. *Id.*, Ex. C.

## ARGUMENT

### I. LEGAL STANDARD

When considering motions to dismiss under Rule 12(b)(6), applicable to an adversary proceeding under Fed. R. Bankr. P. 7012, "the Court must liberally construe all claims, accept all factual allegations in the complaint as true, and draw all reasonable inferences" in the Trustee's favor. *In re J.P. Jeanneret Assoc., Inc.*, 769 F. Supp. 2d 340, 353 (S.D.N.Y. 2011) (citing *Cargo Partner AG v Albatrans, Inc.*, 352 F.3d 41, 44 (2d Cir. 2003); *Roth v. Jennings*, 489 F.3d 499, 510 (2d Cir. 2007)). To survive a motion to dismiss, the pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). At the pleading stage, the allegations need only meet the "plausibility" standard, such that they "'nudge[] [the] claims' … 'across the line from conceivable to plausible.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible where "the plaintiff pleads factual content that allows the court to draw the

4

reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted).

The Complaint here sets forth in full the elements of the Trustee's claims, pleading Koch's receipt of subsequent transfers of customer property and the grounds upon which the Trustee seeks to recover such transfers. Dismissal of the Complaint at this juncture is thus inappropriate.

## II.    SECTION 546(e) DOES NOT BAR RECOVERY FROM DEFENDANT

Section 546(e) provides a safe harbor for the avoidance of certain initial transfers made outside the two-year period referenced in Section 548(a)(1)(A). *See* 11 U.S.C. § 546(e) ("Notwithstanding sections 544, 545, 547, 548(a)(1)(B), and 548(b) of this title, the trustee may not *avoid a transfer* . . . except under section 548(a)(1)(A) of this title.") (emphasis added). However, in *Cohmad*, the District Court held that an initial transferee's actual knowledge of Madoff's fraud precluded application of the Section 546(e) safe harbor, thereby allowing the Trustee to avoid transfers made by BLMIS prior to the two-year period referenced in Section 548(a)(1)(A). 2013 WL 1609154, at *1. Despite the fact that the Trustee has pled Fairfield's actual knowledge, Koch asserts that Section 546(e) bars the Trustee's claims.

### A.    Sentry Had Actual Knowledge of Madoff's Fraud

Koch sets forth the requirements of Section 546(e), how they are presumably met in this case with respect to the initial transfers to Sentry, and the applicability of *Picard v. Ida Fishman Revocable Trust (In re BLMIS)*, 773 F.3d 411 (2d Cir. 2014) ("*Ida Fishman*"). *See* Mot. at 6–8. But Koch's discussion of the applicability of the statute is irrelevant because this Court has previously found that the Trustee has sufficiently pled that Sentry, the initial transferee, had actual knowledge of Madoff's fraud in accordance with *Cohmad* and that such initial transfers are avoidable. *Fairfield Inv. Fund*, 2021 WL 3477479, at *4–6; *Multi-Strategy*, 641 B.R. at 92 ("This Court has already determined that the Fairfield [Second Amended] Complaint contains sufficient

5

allegations of Fairfield Sentry's actual knowledge to defeat the safe harbor defense on a Rule 12(b)(6) motion."); *SYZ*, 2022 WL 2135019, at *9. As such, Section 546(e) does not bar recovery of those transfers from Koch, regardless of whether Sentry or Koch qualify as financial institutions, their agreements qualify as securities contracts, or their transfers qualify as settlement payments.[4]

Despite this Court's determination that the Fairfield Complaint sufficiently alleges actual knowledge on the part of the initial transferee that BLMIS was not trading securities, Koch asserts that the Trustee's allegations regarding Sentry's knowledge postdates the executions of Sentry's customer agreements. Mot. at 10. The Court in *Fairfield Inv. Fund*, however, did not so limit its holding and has since ruled numerous times that the Trustee's allegations in that case sufficiently allege actual knowledge on the part of the initial transferee for the purpose of recovering against subsequent transferees like Koch. *See, e.g.*, *Multi-Strategy*, 641 B.R. at 93 ("This Court determined that the Fairfield Complaint is replete with allegations demonstrating that Fairfield Sentry had actual knowledge that BLMIS was not trading securities."); *SYZ*, 2022 WL 2135019, at *9 ("This Court has already determined that the [Sentry] Complaint contains sufficient allegations of Fairfield Sentry's actual knowledge to defeat the safe harbor defense on a Rule 12(b)(6) motion."). Koch thus may not avail itself of the Section 546(e) safe harbor defense.

### B.    Koch Is Precluded from Relitigating *Cohmad* and the Actual Knowledge Exception

Koch's argument regarding the applicability of the Section 546(e) safe harbor is premised on the assumption that the District Court wrongly decided *Cohmad* in that Judge Rakoff "rewrote Section 546(e) to create an extra-statutory exception to Section 546(e)" that "is irreconcilable with

---

[4] The Trustee does not concede that any agreements or transfers between Sentry and Koch activate the safe harbor under Section 546(e). *See* Mot. at 8 n.12. Sentry's agreements with and transfers to Koch are simply not relevant, because whether the initial transfers are avoidable turns on Sentry's actual knowledge of fraud. Among other things, the Trustee does not concede—by alleging that the subsequent transfers were customer property—that the initial transfers were "in connection with" the subscription agreements with Koch.

6

the plain text of Section 546(e)." *See* Mot. at 9. Koch, however, is precluded from arguing that *Cohmad* is wrong. *Cohmad* was issued in connection with consolidated proceedings before the District Court as to the application of Section 546(e). The District Court then remanded to this Court, and this Court has since applied the actual knowledge exception to the Section 546(e) safe harbor on numerous occasions.[5] Koch participated in the District Court proceedings and did not appeal the decision.[6] Koch is thus bound by *Cohmad*, which is law of the case. *See, e.g.*, *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 531 B.R. 439, 466 (Bankr. S.D.N.Y. 2015) ("Those moving defendants that participated in the withdrawal of the reference of the antecedent debt/value issue have had their day in court and Judge Rakoff's decisions are law of the case.").

The Second Circuit's decision in *Ida Fishman*, upon which Koch relies heavily, does not warrant reconsideration of *Cohmad's* actual knowledge exception. *Ida Fishman* involved only good faith initial transferees and, as this Court has recognized, *Ida Fishman* did not address the actual knowledge exception. *See Picard v. Cohen*, Adv. Pro. No. 10-04311 (SMB), 2016 WL 1695296, at *10 n.16 (Bankr. S.D.N.Y. Apr. 25, 2016). This Court also has noted that it "is powerless to reconsider this issue, agrees with the district court's reasoning, and finds its holding consistent with *dicta* set forth by [*Ida Fishman*]." *Multi-Strategy*, 641 B.R. at 93; *SYZ*, 2022 WL 2135019, at *9.

Moreover, although Koch argues in a footnote that there is no allegation that neither it nor KIUK had knowledge of Madoff's fraud, (Mot. at 10–11 n.15), this is merely a repackaging of the

---

[5] *See, e.g., Fairfield Inv. Fund*, 2021 WL 3477479, at *4 (applying actual knowledge exception); *Picard v. Magnify Inc.*, 583 B.R. 829, 841 (Bankr. S.D.N.Y. 2018) (same); *Picard v. The Estate of Steven Mendelow*, 560 B.R. 208, 225-226 (Bankr. S.D.N.Y. 2016) (same).

[6] *See* Mem. of Law in Supp. of Motion of Koch Industries, Inc. to Withdraw the Reference (April 2, 2012), ECF No. 6 (moving to withdraw the reference to address, *inter alia*, Section 546(e)); Section 546(e) Briefing Order, *In re Madoff Securities*, 12-MC-115 (S.D.N.Y. filed May 16, 2012), ECF No. 119 (listing *Picard v. Koch Industries Inc.*, 12-cv-03033, as pertaining to the consolidated proceedings on Section 546(e) issues).
7

already-rejected argument that the Section 546(e) safe harbor should independently apply to recovery actions under Section 550. *See Multi-Strategy*, 641 B.R. at 94-95. By its plain language, Section 546(e) applies to the avoidance of initial transfers, not the recovery of subsequent transfers under Section 550. *See* 11 U.S.C. § 546(e) ("[T]he trustee may not *avoid a transfer* . . . except under section 548(a)(1)(A) of this title." (emphasis added)); *see also Picard v. BNP Paribas, S.A.*, 594 B.R. 167, 197 (Bankr. S.D.N.Y. 2018) ("*BNP*") ("The Trustee does not . . . 'avoid' the subsequent transfer; he recovers the value of the avoided initial transfer from the subsequent transferee under 11 U.S.C. § 550(a), and the safe harbor does not refer to the recovery claims under section 550."); *Kelley v. Safe Harbor Managed Acct. 101, Ltd.*, 31 F.4th 1058, 1064 n.5 (8th Cir. 2022) ("*SHMA*") (citing *BNP*). This limitation on the safe harbor to avoidance actions is consistent with the well-established principle that "the concepts of avoidance and recovery are separate and distinct." *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Madoff Secs.)*, 501 B.R. 26, 30 (S.D.N.Y. 2013) (Rakoff, J.) (citation omitted). It is also consistent with the understanding that the Code's avoidance provisions protect against depletion of a debtor's estate, while Section 550(a) is merely a "utility provision," intended to help execute on that purpose by "tracing the fraudulent transfer to its ultimate resting place." *See In re Picard*, 917 F.3d 85, 98 (2d Cir. 2019) (internal quotation marks and citation omitted).

Koch's arguments for the application of the Section 546(e) safe harbor therefore fail.

### III.   THE 550(b) GOOD FAITH DEFENSE IS AN AFFIRMATIVE DEFENSE AND THUS INAPPROPRIATE AT THE MOTION TO DISMISS STAGE

Koch next argues that the allegations in the Complaint establish a defense under Section 550(b). Specifically, Koch contends that (1) KIUK received the transfers in good faith and without knowledge of the voidability of the initial transfers; (2) KIUK received the transfers from Sentry "for value"; and (3) Koch is a good faith transferee of KIUK. *See* Mot. at 12–15. The Court

8

should reject Koch's improper attempt to raise the "good faith" affirmative defense on a motion to dismiss, just as this Court and the District Court recently have ruled in multiple decisions. *See Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Madoff Secs.),* No. 20-CV-02586 (CM), 2022 WL 1304589, at *3 (S.D.N.Y. May 2, 2022) ("*ABN Ireland*"); *SYZ*, 2022 WL 2135019, at *11; *First Gulf*, 2022 WL 3354955, at *11.

By their nature, affirmative defenses are fact-driven, requiring factual analyses and the presentation of evidence. Although Koch argues that the Complaint contains no allegations about what facts Koch knew through KIUK and that "there is no basis to find that KIUK was put on inquiry notice," (Mot. at 13), this is irrelevant. The Trustee need not allege a lack of good faith or facts that placed a defendant on inquiry notice of fraud, and such a factual analysis is inappropriate at this stage of the litigation. *See Citibank*, 12 F.4th at 200 ("Nothing in SIPA compels departure from the well-established rule that the defendant bears the burden of pleading an affirmative defense.") Indeed, in its rejection of the same argument defendants made in *ABN Ireland*, the District Court highlighted that the good faith inquiry notice standard is "a fact-intensive inquiry to be determined on a case-by-case basis, which naturally takes into account the disparate circumstances of differently-situated transferees." *ABN Ireland*, 2022 WL 1304589, at *3 (quoting *Citibank*, 12 F.4th at 195); *see also SYZ*, 2022 WL 2135019, at *11 (same); *First Gulf*, 2022 WL 3354955, at *11 (same). The burden of proving its good faith thus "falls squarely on" Koch and "[d]iscovery is required on this issue." *First Gulf*, 2022 WL 3354955, at *11.

Even if this Court were to consider Koch's fact-intensive affirmative defense, there are several unknown facts critical to opposing a good faith defense that the Trustee must be given the opportunity to uncover through discovery. *See ABN Ireland*, 2022 WL 1304589, at *3 ("The Trustee rightfully points out that such a fact-based determination 'can only be made based on the

9

entirety of the factual record after discovery (which has not occurred here), not from isolated documents cherry-picked by Appellees and factual inferences Appellees improperly seek to have drawn in their favor.'"); *Picard v. Merkin (In re BLMIS)*, 440 B.R. 243, 257 (Bankr. S.D.N.Y. 2010) ("[W]hether the Moving Defendants acted in good faith when they allegedly accepted hundreds of millions of dollars in transfers of BLMIS funds is a disputed issue that this Court can properly determine only upon consideration of all of the relevant evidence obtained through the discovery process."); *In re Dreier LLP*, 452 B.R. 391, 426 (Bankr. S.D.N.Y. 2011) ("Determining the Defendants' good faith is an indisputably factual inquiry to be undertaken by the Court after the close of discovery and need not be resolved at the motion to dismiss stage.").

Koch does not cite a single case in which a court has granted a motion to dismiss at the pleading stage based on a good faith defense. Moreover, to prevail under this limited exception on a Rule 12(b)(6) motion, Koch must meet a "more stringent standard" and show not only that "the facts supporting the defense appear on the face of the complaint," but also that "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *McKenna v. Wright*, 386 F.3d 432, 436 (2d Cir. 2004); *see also Dreier*, 452 B.R. at 426. Koch comes nowhere near meeting such a standard. Instead, it argues that the purported absence of allegations in the Complaint concerning Koch's subjective knowledge is somehow dispositive of its good faith. Mot. at 13. But this is a purely conclusory assertion unrelated to the Complaint allegations.[7] In any event, Koch is a known sophisticated corporate entity and the details of its purported good faith, or lack thereof, in investing with Sentry and BLMIS require discovery.

---

[7] Also, the SEC's failure to detect Madoff's fraud is not, as Koch argues (Mot. at 14), dispositive as to a defendant's good faith. *See Picard v. Avellino (In re BLMIS)*, 557 B.R. 89, 120 (Bankr. S.D.N.Y. 2016) (finding no inconsistency between the Trustee's allegations regarding defendants' knowledge of Madoff's fraud and failure by others—including the SEC—to detect the Ponzi scheme).

10

Koch also argues that KIUK gave "value" in exchange for any payments received from Sentry and that Koch itself was "good faith transferee" of KIUK because it was a "passive recipient" of funds from a third-party liquidator following KIUK's insolvency proceeding. Mot. at 15; Guy Decl., Ex. B ¶¶ 3–6. With respect to "value," the Complaint contains no mention of Koch exchanging shares for consideration, and thus the "value" defense cannot be asserted on the face of the Complaint. *See First Gulf*, 2022 WL 3354955, at *10. Therefore, "value" is Koch's burden to plead and prove, as "[w]hether the Defendants gave value is a question of fact to be resolved either at the summary judgment stage or at trial." *Fairfield Inv. Fund*, 2021 WL 3477479, at *9; *First Gulf*, 2022 WL 3354955, at *11 (same).

The additional facts regarding Koch as a purported "good faith transferee" from KIUK fall squarely outside of the four corners of the Trustee's Complaint and should be ignored. Although Koch baldly contends "there is no plausible basis to find that Defendant was anything other than a good faith transferee of KIUK," (Mot. at 15), there is nothing on the face of the Complaint supporting this self-serving proclamation. As noted above, "[t]he District Court recently explained that good faith is a fact-intensive inquiry that almost always requires a trial." *First Gulf*, 2022 WL 3354955, at *11 (citing *Citibank*, 12 F.4th at 195). Although Koch submits an affidavit wherein its counsel testifies to his review of documents in relation to the dissolution of KIUK under laws of the United Kingdom, (Mot. at 15, Guy Decl., Ex. B), such testimony is inappropriate before any discovery takes place and is irrelevant to the issue of good faith. Koch's arguments regarding its Section 550(b) defense thus fail.

## IV. THE TRUSTEE'S ACTION AGAINST KOCH IS NOT BARRED BY THE STATUTE OF LIMITATIONS

Finally, Koch posits that the Trustee is time-barred from avoiding the initial transfers from BLMIS to Sentry and thus cannot bring a recovery action against Koch. Conceding that the

11

District Court previously rejected this argument, Koch nevertheless asserts it "for preservation purposes." Mot. at 2 n.4. Regardless of why Koch asserts this argument, it should be summarily rejected.

First, there is no doubt that the Trustee timely brought his action against the initial transferee Sentry. The Trustee filed his complaint against Sentry on May 18, 2009. *See Picard v. Fairfield Sentry Ltd.,* Adv. Pro. No. 09-01239, ECF No. 1. This was well within two years of the filing date of this SIPA liquidation proceeding and the two-year statute of limitations under 11 U.S.C. § 546(a). The fact that the Trustee references and incorporates his amended complaint against Sentry in this action does not change the limitations period or create a new one under Section 546(a). As the District Court has held, "a subsequent-transferee defendant is entitled to bring a statute-of-limitations defense to avoidance *only* if the Trustee failed to bring any avoidance action with respect to the initial transfer . . . within section 546(a)'s two-year limitations period." *See In re Madoff Secs.,* 501 B.R. at 35 (emphasis added).

Second, there is no doubt that this recovery action was timely filed. A recovery action under Section 550 is governed by Section 550(f) of the Bankruptcy Code. *Geltzer v. Salzman (In re ContinuityX, Inc.),* 582 B.R. 124, 130–31 (Bankr. S.D.N.Y. 2018). Section 550(f) provides that an action may be commenced "after the earlier of": (1) one year after the avoidance of the transfer on account of which recovery is sought; or (2) the time the case is closed or dismissed. 11 U.S.C. § 550(f). As Koch concedes, the District Court has already ruled that "[f]or subsequent transferees of [Sentry], the Trustee must have brought recovery actions against [Sentry's] subsequent transferees within one year of the June 2011 approval of the Trustee's settlement with [Sentry], as that disposed of the case against [Sentry]." *See In re Madoff Secs.,* 501 B.R. at 36. Here, the

12

Trustee commenced his action against Koch on February 9, 2012, which is within one year after approval of the Trustee's settlement with Sentry.

Third, Koch participated in the District Court proceedings that challenged the timeliness of the Trustee's subsequent transfer actions under Sections 546(a) and 550(f) and did not appeal.[8] The District Court's decision on the applicable statute of limitations is thus law of the case, cannot be revisited, and is otherwise consistent with other decisions. *See, e.g.*, *BNP*, 594 B.R. at 207 (noting the settlement of an avoidance claim represents finality and triggers the one-year period set forth in §550(f) for subsequent transferee action); *Picard v. Bureau of Labor Ins.*, 480 B.R. 501, 522 (Bankr. S.D.N.Y. 2012) (holding that the Trustee is permitted, pursuant to section 550(f), to bring a recovery action against Sentry's investors within one year of the Bankruptcy Court's approval of the Sentry settlement).

In summary, the Trustee commenced his action against Sentry within the two-year limitations period under Section 546(a) and commenced his action against Koch within the one-year limitations period under Section 550(f). As such, Koch's timeliness arguments are specious and fail as a matter of law.

---

[8] *See* Mem. of Law in Supp. of Motion of Koch Industries, Inc. to Withdraw the Reference (April 2, 2012), ECF No. 6 (moving to withdraw the reference to address, *inter alia*, statute of limitations under section 546(a)); Section 550(a) Briefing Order, *In re Madoff Secs.*, 12-MC-115 (S.D.N.Y. filed Aug. 22, 2012), ECF No. 314 (listing *Picard v. Koch Industries Inc.*, 12-cv-03033-JSR, as pertaining to the consolidated proceedings on section 550(a) issues).

13

## **CONCLUSION**

For the foregoing reasons, the Trustee respectfully requests that the Court deny Koch's Motion.

Dated: September 30, 2022  
      New York, New York

Respectfully submitted,

/s/ *Eric R. Fish*
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Eric R. Fish
Email: efish@bakerlaw.com
Brian F. Allen
Email: ballen@bakerlaw.com
Michelle N. Tanney
Email: mtanney@bakerlaw.com

*Attorneys for Irving H. Picard,*
*Trustee for the Substantively Consolidated*
*SIPA Liquidation of Bernard L. Madoff*
*Investment Securities LLC and the Chapter 7*
*Estate of Bernard L. Madoff*