**République et canton de Genève**
**POUVOIR JUDICIAIRE**
Tribunal civil



Tribunal de première instance
Rue de l'Athénée 6-8
Case postale 3736
1211 GENEVE 3

Réf : CR/36/2022 - XCR - 12
à rappeler lors de toute communication

US ref : Adv. Pro. No 10-04330 (CGM)

Me KLEIN Yves
Monfrini Bitton Klein
Place du Molard 3
1204 Genève

Marco MOLINA, Esq.
Baker & Hostetler LLP
45 Rockefeller Plaza
10111 New York, NY
USA

Richard LEVIN, Esq.
Jenner & Block LP
919 Third Avenue
10022 New York, NY
USA

## DECISION DU MERCREDI 21 SEPTEMBRE 2022

Rendue dans le cadre de l'entraide judiciaire internationale CR/36/2022

requise par le United States Bankruptcy Court Southern District of New York.

Vu la procédure entre IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff, et SQUARE ONE FUND LTD (ci-après Picard v. Square One Fund), introduite le 29 novembre 2010 devant le United States Bankruptcy Court Southern District of New York.

Vu la requête d'entraide judiciaire internationale en matière civile formée par la Cour précitée le 2 août 2022, reçue par le Tribunal de Première Instance le 11 août 2022, demandant l'audition, de Timothée HENRY, domicilié à Genève, en qualité de témoin.

Que, brièvement résumé, il ressort de la requête d'entraide judicaire que *Picard*, qui agit dans le but de recouvrer des fonds versés par Bernard L. Madoff Investment Securities (BLMIS), allègue que *Square One Fund* aurait reçu de mauvaise foi des montants d'au moins USD 6'410'000 avant la faillite de BLMIS. *Square One Fund* aurait reçu des informations de

Tribunal de première instance



République et canton de Genève
**POUVOIR JUDICIAIRE**
Tribunal civil

2

Partners Advisers SA mettant en doute la nature des investissements et les rendements de BLMIS. Timothée HENRY était directeur des opérations chez Partners Advisers SA pendant la période litigieuse, de sorte que son témoignage permettrait d'éclaircir notamment la question de savoir si Partners Advisers peut être considéré ou non comme un auxiliaire de *Square One Fund*.

Considérant que l'entraide judiciaire demandée en l'espèce est régie par la Convention de La Haye du 18 mars 1970 sur l'obtention de preuves à l'étranger en matière civile ou commerciale (CLaH 70), à laquelle la Suisse et les Etats-Unis ont adhéré.

Que, selon l'article 3 lettre d CLaH70, une commission rogatoire doit contenir une description des actes d'instruction à accomplir.

Que cette description doit être claire et précise et qu'il est recommandé d'indiquer le lien entre l'acte d'instruction et le litige en cours dans l'Etat requérant (Manuel pratique sur le fonctionnement de la Convention Preuves, Conférence de la Haye de droit international privé, 2020, p. 58, nos 120 et 121).

Que l'autorité judiciaire qui procède à l'exécution d'une commission rogatoire applique les lois de son pays en ce qui concerne les formes à suivre (art. 9 al. 1 CLaH 70).

Qu'il est déféré à la demande de l'autorité requérante tendant à ce qu'il soit procédé suivant une forme spéciale, à moins que celle-ci ne soit incompatible avec la loi de l'État requis, ou que son application ne soit pas possible, soit en raison des usages judiciaires de l'État requis, soit de difficultés pratiques (art. 9 al. 2 CLaH 70).

Qu'en l'espèce, l'autorité requérante sollicite que des mesures particulières soient mises en œuvre, soit notamment :

- que l'audition du témoin soit sténographiée;
- que l'audition du témoin soit filmée;
- que les avocats américains et suisses des parties soient présents pendant toute l'audition et puissent poser des questions additionnelles ou complémentaires.

Que l'autorité requérante a formulé pas moins de 245 questions extrêmement précises et produit plusieurs documents à soumettre au témoin.

Que compte tenu de la longueur prévisible de l'audition, le tribunal autorisera la prise du procès-verbal par un(e) sténographe professionnel(le), mandaté(e) par l'avocat genevois de *Picard*, qui a déjà écrit au Tribunal en ce sens, avocat qui se chargera de s'acquitter de l'entier des honoraires du sténographe à la complète décharge du Tribunal.

Tribunal de première instance

Qu'en revanche, il est exclu que l'audience, et en particulier l'audition du témoin, soit filmée (ni enregistrée d'une quelconque manière), une telle mesure n'étant pas prévue par le Code de procédure civile suisse.

Qu'il sera rappelé à cet égard si le Tribunal peut, selon l'article 2 al. 2 de l'Ordonnance instaurant des mesures en lien avec le coronavirus dans le domaine de la justice et du droit procédural (RS 272.81), dont la validité a été prolongée jusqu'au 31 décembre 2022, procéder à l'audition de témoins par vidéoconférence et en dérogation aux art. 171, 174, 176 et 187 CPC, cela ne veut pas encore dire qu'il en a l'obligation.

Que seule l'assistance des avocats des parties à la procédure est admissible lors de l'audition de témoins sur commissions rogatoires en Suisse, à l'exclusion de leur participation.

Qu'en effet, l'administration des preuves en procédure suisse est régie par le principe d'un cadre de faits allégués avec précision dont le juge ne peut pas s'écarter, ce qui s'oppose à l'admission de questions supplémentaires à un témoin par rapport à celles qui ont été formulées par le juge requérant, seul à même de déterminer la pertinence des questions posées.

Qu'ainsi, il est exclu que les avocats puissent librement poser des questions additionnelles ou complémentaires, ce d'autant que la requête comporte d'ores et déjà un nombre a priori disproportionné de questions en relation avec la problématique factuelle invoquée.

Que finalement, selon une décision du US Bankruptcy Court Southern District of New York du 13 mai 2022, les parties disposeraient d'un délai au 30 décembre 2022 pour obtenir toutes les dépositions de témoins.

Que ce délai ne ressort toutefois pas de la requête d'entraide judiciaire du 2 août 2022.

Que par ailleurs, à teneur même de la décision du 13 mai 2022, les parties ont déjà convenu par le passé d'une extension des délais de la procédure newyorkaise.

Que le Tribunal de céans n'est pas tenu par les délais d'un Tribunal étranger et les parties doivent d'ores et déjà compter avec le fait que la commission rogatoire ne sera pas exécutée d'ici au 30 décembre 2022.

Que par ailleurs, le Tribunal siégeant par demi-journées, les parties seront invitées à effectuer le tri des questions strictement nécessaires de telle sorte que l'audition de Timothée HENRY n'excède pas deux demi-journées.

**République et canton de Genève**
**POUVOIR JUDICIAIRE**
**Tribunal civil**

**Par ces motifs**
Le Tribunal :

- Admet la requête d'entraide judicaire du 2 août 2022.

- Autorise la retranscription sténographique de l'audition de Timothée HENRY.

- Dit qu'il appartiendra à Me Yves KLEIN de mandater et rémunérer le ou la sténographe, à l'entière décharge du Tribunal.

- Refuse que l'audition de Timothée HENRY soit filmée, ni enregistrée d'une quelconque manière.

- Autorise la présence à l'audience des avocats suisses et américains des parties, dans la mesure de leur disponibilité.

- Dit que le rôle desdits avocats se limitera à leur présence à l'audience à l'exclusion de toute participation active et en particulier de toute question au témoin.

- Invite les parties à confirmer au Tribunal que l'audition de Timothée HENRY n'excèdera pas deux demi-journées.

- Réserve la suite de la procédure.



Pierre-Yves MAURON
Juge

**Indication des voies de recours :**

*Conformément aux articles 308 ss du Code de procédure civile (CPC), la présente décision peut faire l'objet d'un recours par devant la Cour de justice, Place du Bourg-de-Four, case postale 3108, 1211 Genève 3, dans les 10 jours qui suivent sa notification.*

La présente décision est communiquée pour notification à Mes Yves KLEIN, Marco MOLINA et Richard LEVIN par le greffe le    26 SEP. 2022

---

civ_MEM_004
Recommandé avec accus. récept. A5
Tribunal de première instance - Tél : +41 22 327 66 30
kvm

**RECEIVED**

OCT - 3 2022

U.S. BANKRUPTCY COURT
POUGHKEEPSIE, NY

Réf : CR/36/2022 12 PYM XCR
à rappeler lors de toute communication

UNITED STATES BANKRUPTCY COURT
For the Southern district of NY
The Honorable Cecelia G. Morris
355 Main Street
12601-3315 Poughkeepsie, NY
ÉTATS-UNIS



A-PRIORITY
Avis de réception

R P371 62936 7 CH

laposte
Please scan - Signature required
Veuillez scanner - Remise contre
signature

Tribunal de première instance
Rue de l'Athénée 6-8
Case postale 3736
CH - 1211 GENÈVE 3

CR/36/2022 12 PYM XCR

Genève, date du timbre postal

République et canton de Genève
**POUVOIR JUDICIAIRE**
Tribunal civil