**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (CGM) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff, | Adv. Pro. No. 10-04457 (CGM) |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | |
| EQUITY TRADING PORTFOLIO LIMITED, | |
| Defendant. | |

**EQUITY TRADING PORTFOLIO LIMITED'S**
**ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Equity Trading Portfolio Limited ("Equity Trading"), by and through its undersigned counsel, for its answer and affirmative defenses to the Complaint of Plaintiff Irving H. Picard (the "Trustee"), as trustee for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities ("BLMIS") and the chapter 7 estate of Bernard L. Madoff, states:

1.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint.

2.      Denies the allegations in paragraph 2 of the Complaint, except admits that Equity Trading was incorporated in approximately November 2005, had a customer account with BLMIS in which it invested substantially all of its assets, and made a withdrawal of $15 million from its BLMIS account on or about November 11, 2008.

3.      Denies the allegations in paragraph 3 of the Complaint.

4.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint.

5.      States that paragraph 5 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5.

6.      States that paragraph 6 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6.

7.      States that paragraph 7 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7.

8.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint.

9.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint.

10.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint.

11.     Admits that Equity Trading was at all relevant times an international business company organized under the laws of the British Virgin Islands, with its principal place of business in the British Virgin Islands.

12.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint, except admits that at relevant times Equity Trading Fund was incorporated under the laws of the Cayman Islands and was a shareholder of Equity Trading.

13.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint.

14.     Denies the allegations in paragraph 14 of the Complaint with respect to Equity Trading and states that the other defendants have been dismissed from the Complaint.

15.     Denies the allegations in paragraph 15 of the Complaint except admits that Equity Trading was a customer of BLMIS and that BLMIS had its principal place of business in New York.

16.     Denies the allegations in paragraph 16 of the Complaint except admits that Equity Trading was a customer of BLMIS, that Equity Trading invested funds in an account at BLMIS and made one withdrawal from that account, and that BLMIS had its principal place of business in New York.

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint.

18.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint, except admits that BLMIS had its principal place of business in New York, was registered with the Securities and Exchange Commission and was a member of SIPC.

19.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint.

20.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint, except admits that BLMIS had certain discretion with respect to the investment of funds in Equity Trading's account with BLMIS and was a custodian of the securities held in Equity Trading's account.

21.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint, except admits that Madoff represented that Madoff purported to follow a split strike conversion strategy.

22.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint, except admits that the split strike conversion strategy purported to involve options on the S&P 100 index.

23.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint.

24.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint.

25.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint.

26.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint.

27.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint.

28.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint.

29.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Complaint.

30.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Complaint.

31.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Complaint.

32.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Complaint, except admits that Madoff was arrested on December 11, 2008.

33.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the Complaint.

34.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the Complaint.

35.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Complaint.

36.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 of the Complaint.

37.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 of the Complaint, except admits that Madoff pled guilty and admitted to operating a Ponzi scheme.

38.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 of the Complaint.

39.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 of the Complaint.

40.    Denies the allegations in paragraph 40 of the Complaint.

41.    Denies the allegations in paragraph 41 of the Complaint.

42.    Denies the allegations in paragraph 42 of the Complaint.

43.    Denies the allegations in paragraph 43 of the Complaint.

44.    Denies the allegations in paragraph 44 of the Complaint.

45.    Denies the allegations in paragraph 45 of the Complaint.

46.    Denies the allegations in paragraph 46 of the Complaint.

47.    Denies the allegations in paragraph 47 of the Complaint.

48.    Denies the allegations in paragraph 48 of the Complaint.

49.    Denies the allegations in paragraph 49 of the Complaint.

50.    Denies the allegations in paragraph 50 of the Complaint.

51.    Denies the allegations in paragraph 51 of the Complaint.

52.    Denies the allegations in paragraph 52 of the Complaint, except admits that BNP had a sophisticated global due diligence operation and that Equity Trading fulfilled its responsibilities to its investors and believed the trades reflected in its BLMIS account were legitimate.

53.     Denies the allegations in paragraph 53 of the Complaint, except admits that Equity Trading had experienced investment professionals.

54.     Denies the allegations in paragraph 54 of the Complaint.

55.     Denies the allegations in paragraph 55 of the Complaint, except admits that BLMIS employed several members of the Madoff family.

56.     Denies the allegations in paragraph 56 of the Complaint.

57.     Denies knowledge or information sufficient to form a belief as to the trust of the allegations in paragraph 57 of the Complaint.

58.     Denies knowledge or information sufficient to form a belief as to the trust of the allegations in paragraph 58 of the Complaint.

59.     Denies the allegations in paragraph 59 of the Complaint.

60.     Denies the allegations in paragraph 60 of the Complaint.

61.     Denies knowledge or information sufficient to form a belief as to the trust of the allegations in paragraph 61 of the Complaint.

62.     Denies the allegations in paragraph 62 of the Complaint.

63.     Denies the allegations in paragraph 63 of the Complaint.

64.     Denies the allegations in paragraph 64 of the Complaint.

65.     Denies the allegations in paragraph 65 of the Complaint.

66.     Denies the allegations in paragraph 66 of the Complaint.

67.     Denies the allegations in paragraph 67 of the Complaint.

68.     Denies the allegations in paragraph 68 of the Complaint, except admits that BLMIS sent paper trade confirmations and account statements to Equity Trading.

69.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69 of the Complaint.

70.     Denies the allegations in paragraph 70 of the Complaint.

71.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71 of the Complaint.

72.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72 of the Complaint.

73.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73 of the Complaint.

74.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74 of the Complaint.

75.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75 of the Complaint.

76.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76 of the Complaint.

77.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77 of the Complaint.

78.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78 of the Complaint.

79.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79 of the Complaint.

80.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80 of the Complaint.

81.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81 of the Complaint.

82.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82 of the Complaint.

83.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83 of the Complaint.

84.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84 of the Complaint.

85.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85 of the Complaint.

86.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 86 of the Complaint.

87.     Denies the allegations in paragraph 87 of the Complaint.

88.     Admits that Equity Trading opened an account with BLMIS in or about December 2005 and executed the Account Agreements with BLMIS and otherwise denies the allegations in paragraph 88 of the Complaint.

89.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 89 of the Complaint, except admits that BLMIS maintained its principal place of business in New York and Equity Trading transferred funds into its BLMIS account for BLMIS to conduct trading activities in accordance with the Account Agreements.

90.     Denies the allegations in paragraph 90 of the Complaint.

91.     Denies the allegations in paragraph 91 of the Complaint.

92.     Denies the allegations in paragraph 92 of the Complaint.

93.    Denies the allegations in paragraph 93 of the Complaint.

94.    Denies the allegations in paragraph 94 of the Complaint.

95.    Denies the allegations in paragraph 95 of the Complaint.

96.    Denies the allegations in paragraph 96 of the Complaint.

97.    Denies the allegations in paragraph 97 of the Complaint.

98.    Denies the allegations in paragraph 98 of the Complaint.

99.    Denies the allegations in paragraph 99 of the Complaint.

100.    Admits the allegations in paragraph 100 of the Complaint.

101.    Denies the allegations in paragraph 101 of the Complaint.

102.    Denies the allegations in paragraph 102 of the Complaint.

103.    Denies the allegations in paragraph 103 of the Complaint.

104.    Denies the allegations in paragraph 104 of the Complaint.

105.    Incorporates by reference its responses to the allegations in paragraphs 1 through 104 above as if fully set forth herein.

106.    States that paragraph 106 of the Complaint requires no response because Count One has been dismissed.

107.    States that paragraph 107 of the Complaint requires no response because Count One has been dismissed.

108.    States that paragraph 108 of the Complaint requires no response because Count One has been dismissed.

109.    States that paragraph 109 of the Complaint requires no response because Count One has been dismissed.

110.    States that paragraph 110 of the Complaint requires no response because Count One has been dismissed.

111.    States that paragraph 111 of the Complaint requires no response because Count One has been dismissed.

112.    States that paragraph 112 of the Complaint requires no response because Count One has been dismissed.

113.    States that paragraph 113 of the Complaint requires no response because Count One has been dismissed.

114.    States that paragraph 114 of the Complaint requires no response because Count One has been dismissed.

115.    Incorporates by reference its responses to the allegations in paragraphs 1 through 114 above as if fully set forth herein.

116.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 116 of the Complaint.

117.    Denies the allegations in paragraph 117 of the Complaint.

118.    Denies the allegations in paragraph 118 of the Complaint.

119.    Denies the allegations in paragraph 119 of the Complaint.

120.    Denies the allegations in paragraph 120 of the Complaint.

121.    Incorporates by reference its responses to the allegations in paragraphs 1 through 120 above as if fully set forth herein.

122.    States that paragraph 122 of the Complaint requires no response because Count Three has been dismissed.

123.    States that paragraph 123 of the Complaint requires no response because Count Three has been dismissed.

124.    States that paragraph 124 of the Complaint requires no response because Count Three has been dismissed.

125.    States that paragraph 125 of the Complaint requires no response because Count Three has been dismissed.

126.    States that paragraph 126 of the Complaint requires no response because Count Three has been dismissed.

127.    States that paragraph 127 of the Complaint requires no response because Count Three has been dismissed.

128.    States that paragraph 128 of the Complaint requires no response because Count Three has been dismissed.

129.    States that paragraph 129 of the Complaint requires no response because Count Three has been dismissed.

130.    Incorporates by reference its responses to the allegations in paragraphs 1 through 129 above as if fully set forth herein.

131.    States that paragraph 131 of the Complaint requires no response because Count Four has been dismissed.

132.    States that paragraph 132 of the Complaint requires no response because Count Four has been dismissed.

133.    States that paragraph 133 of the Complaint requires no response because Count Four has been dismissed.

134.    States that paragraph 134 of the Complaint requires no response because Count Four has been dismissed.

135.    States that paragraph 135 of the Complaint requires no response because Count Four has been dismissed.

136.    Incorporates by reference its responses to the allegations in paragraphs 1 through 135 above as if fully set forth herein.

137.    States that paragraph 137 of the Complaint requires no response because Count Five has been dismissed.

138.    States that paragraph 138 of the Complaint requires no response because Count Five has been dismissed.

139.    States that paragraph 139 of the Complaint requires no response because Count Five has been dismissed.

140.    States that paragraph 140 of the Complaint requires no response because Count Five has been dismissed.

141.    States that paragraph 141 of the Complaint requires no response because Count Five has been dismissed.

142.    Incorporates by reference its responses to the allegations in paragraphs 1 through 141 above as if fully set forth herein.

143.    States that paragraph 143 of the Complaint requires no response because Count Six has been dismissed.

144.    States that paragraph 144 of the Complaint requires no response because Count Six has been dismissed.

145.    States that paragraph 145 of the Complaint requires no response because Count Six has been dismissed.

146.    States that paragraph 146 of the Complaint requires no response because Count Six has been dismissed.

147.    States that paragraph 147 of the Complaint requires no response because Count Six has been dismissed.

148.    Incorporates by reference its responses to the allegations in paragraphs 1 through 147 above as if fully set forth herein.

149.    States that paragraph 149 of the Complaint requires no response because Count Seven has been dismissed.

150.    States that paragraph 150 of the Complaint requires no response because Count Seven has been dismissed.

151.    States that paragraph 151 of the Complaint requires no response because Count Seven has been dismissed.

152.    States that paragraph 152 of the Complaint requires no response because Count Seven has been dismissed.

153.    States that paragraph 153 of the Complaint requires no response because Count Seven has been dismissed.

154.    Incorporates by reference its responses to the allegations in paragraphs 1 through 153 above as if fully set forth herein.

155.    States that paragraph 155 of the Complaint requires no response because Count Eight has been dismissed.

156.    States that paragraph 156 of the Complaint requires no response because Count Eight has been dismissed.

157.    States that paragraph 157 of the Complaint requires no response because Count Eight has been dismissed.

158.    States that paragraph 158 of the Complaint requires no response because Count Eight has been dismissed.

159.    Incorporates by reference its responses to the allegations in paragraphs 1 through 158 above as if fully set forth herein.

160.    States that paragraph 160 of the Complaint requires no response because Count Nine has been dismissed.

161.    States that paragraph 161 of the Complaint requires no response because Count Nine has been dismissed.

162.    States that paragraph 162 of the Complaint requires no response because Count Nine has been dismissed.

163.    States that paragraph 163 of the Complaint requires no response because Count Nine has been dismissed.

164.    States that paragraph 164 of the Complaint requires no response because Count Nine has been dismissed.

165.    Incorporates by reference its responses to the allegations in paragraphs 1 through 164 above as if fully set forth herein.

166.    States that paragraph 166 of the Complaint requires no response because Count Ten has been dismissed.

167.    States that paragraph 167 of the Complaint requires no response because Count Ten has been dismissed.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

The claims are barred, in whole or in part, or Equity Trading is entitled to a reduction of any judgment based on the doctrines of setoff and/or recoupment because the Complaint admits that Equity Trading was a net loser as a result of Madoff's fraud and had a balance of principal of more than $256 million in its BLMIS account at the time this SIPC proceeding was commenced.

### Third Affirmative Defense

None of the Transfers may be avoided against or recovered from Equity Trading under Sections 548, 550 and 551 of the Bankruptcy Code because Equity Trading took any Transfers for value and in good faith, as provided by Section 548(c) of the Bankruptcy Code.

### Fourth Affirmative Defense

None of the Transfers may be avoided against or recovered from Equity Trading under Sections 544 and 550 of the Bankruptcy Code because the Equity Trading took any Transfers without actual fraudulent intent and for fair consideration.

### Fifth Affirmative Defense

None of the Transfers may be avoided against or recovered from Equity Trading under Sections 544 and 550 of the Bankruptcy Code because Equity Trading took any Transfers for fair consideration and without knowledge of the fraud.

### Sixth Affirmative Defense

The claims are barred by the applicable statute of limitations.

### Seventh Affirmative Defense

The claims are barred as untimely under Section 546(a) of the Bankruptcy Code.

### Eighth Affirmative Defense

The claims are barred by the unclean hands of the Debtor and/or Trustee.

### Ninth Affirmative Defense

The claims under Section 544(b) of the Bankruptcy Code are barred by the unclean hands of any creditor who held or hold matured or unmatured unsecured claims against BLMIS that were and are allowable under Section 502 of the Bankruptcy Code or that were and are not allowable only under Section 502(e).

### Tenth Affirmative Defense

The Transfers each constitute a transfer made by or to, or for the benefit of, a commodity broker, forward contract merchant, stockbroker, financial institution, financial participant, or securities clearing agency, in connection with a securities contract, commodity contract or forward contract made before the commencement of the case, and thus are exempt from avoidance under Section 546(e) of the Bankruptcy Code.

### Eleventh Affirmative Defense

The Transfers each constitute a settlement payment made by or to, or for the benefit of, a commodity broker, forward contract merchant, stockbroker, financial institution, financial participant, or securities clearing agency, and thus are exempt from avoidance under Section 546(e) of the Bankruptcy Code.

### Twelfth Affirmative Defense

The Transfers are not avoidable as against or recoverable from Equity Trading under the single satisfaction rule set forth in Section 550(d) of the Bankruptcy Code and/or under New York law.

### Thirteenth Affirmative Defense

The claims are barred by equitable estoppel.

### Fourteenth Affirmative Defense

The claims are barred by judicial estoppel.

### Fifteenth Affirmative Defense

The claims are barred by the doctrine of *in pari delicto*.

### Sixteenth Affirmative Defense

The claims are barred by waiver.

### Seventeenth Affirmative Defense

The claims are barred by laches.

### Eighteenth Affirmative Defense

Avoidance of the Transfers as against or recovery from Equity Trading would be inequitable as compared to the Trustee's treatment of transfers received by similarly situated investors and creditors.

### Nineteenth Affirmative Defense

The Trustee may not recover attorney's fees from Equity Trading under Sections 544 and 550 of the Bankruptcy Code because such attorneys' fees are not a "transfer" as provided in Section 544 or 550 of the Bankruptcy Code.

## JURY TRIAL DEMANDED

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rule 9015 of the Federal Rules of Bankruptcy Procedure, Defendant Equity Trading hereby demands a jury trial on all claims and issues.

WHEREFORE, Defendant Equity Trading Portfolio Limited requests that this Court dismiss the Complaint with prejudice, award Equity Trading its costs, including attorneys' fees, incurred in connection with this action, and grant such other and further relief as the Court deems just and proper.

Dated:  New York, New York
       September 30, 2022

**DECHERT LLP**

By: */s/ Neil A. Steiner*
       Neil A. Steiner
       1095 Ave. of the Americas
       New York, New York 10036
       Telephone: 212.698.3822
       Facsimile: 212.698.3599
       Email: neil.steiner@dechert.com

       *Attorneys for Defendant Equity Trading
       Portfolio Limited*