UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (CGM)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, and Bernard L. Madoff,<br><br>Plaintiff,<br>v.<br><br>THE PUBLIC INSTITUTION FOR SOCIAL SECURITY,<br><br>Defendant. | Adv. Pro. No. 12-01002 (CGM) |

**STIPULATION AND ORDER STAYING
BANKRUPTCY COURT PROCEEDINGS PENDING APPEAL**

Pursuant to Federal Rule of Bankruptcy Procedure 8007(a)(1)(D), this Stipulation and Order is entered into by and between Plaintiff Irving H. Picard, as trustee for the liquidation of Bernard L. Madoff Investment Securities LLC, ("Trustee") and Defendant The Public Institution for Social Security ("PIFSS"), by and through their respective undersigned counsel.[1]

## RECITALS

A.  On February 25, 2022, PIFSS moved to dismiss the Trustee's complaint ("Motion to Dismiss"). ECF Nos. 116–118.

B.  On April 26, 2022, the Trustee filed an opposition to PIFSS' motion to dismiss. ECF Nos. 122–123.

C.  On August 17, 2022, this Court denied PIFSS' Motion to Dismiss ("Decision"). ECF No. 149.

D.  On September 1, 2022, this Court entered an order denying PIFSS' motion to dismiss ("Order"). ECF No. 150.

E.  On September 12, 2022, this Court entered an order extending PIFSS' time to file a notice of appeal and any motion required under 28 U.S.C. § 158 to October 6, 2022. ECF No. 153.

F.  On October 6, 2022, PIFSS timely filed a notice of appeal and a motion for leave to appeal the Decision and Order. ECF Nos. 154 and 155.

---

[1] The Trustee and PIFSS are jointly referred to as the "Parties."

1

G.   As set forth in PIFSS' motion for leave to appeal, PIFSS is seeking to appeal the denial of its motion to dismiss concerning whether it is immune from suit under the Foreign Sovereign Immunities Act ("FSIA"), whether PIFSS may be subjected to this Court's exercise of personal jurisdiction, and whether the Trustee sufficiently alleged a claim against PIFSS despite Section 546(e) of the Bankruptcy Code.

H.   PIFSS' answer to the complaint is due on October 14, 2022. ECF No. 150 at 2.

I.   There are no other deadlines scheduled in this adversary proceeding.

J.   PIFSS seeks to stay the proceedings in this Court pending the resolution of its appeal of the Order that PIFSS was not immune from suit in the United States pursuant to the FSIA.

K.   The denial of PIFSS' claim to sovereign immunity under the FISA is immediately appealable under the collateral order doctrine. *See Kensington Int'l Ltd. v. Republic of Congo*, 461 F.3d 238, 240 (2d Cir. 2006) ("A denial of the claim of FSIA immunity from suit is immediately appealable because any ultimate success [on appeal from a final judgment] would not redress the erroneous denial of an immunity from the trial itself" (quotation marks and citation omitted) (alteration in original)).

L. This right to immediate appeal under the FSIA sets PIFSS' appeal apart from appeals brought by defendants in other adversary proceedings filed by the Trustee who are seeking interlocutory review of this Court's orders denying motions to dismiss in those cases.

M. Under the FSIA, "foreign sovereigns and their 'agenc[ies] or instrumentalit[ies]' enjoy immunity from suit in United States Courts." *Kato v. Ishihara*, 360 F.3d 106, 107–08 (2d Cir. 2004) (quoting 28 U.S.C. § 1603); *see also Foremost-McKesson, Inc. v. Islamic Republic of Iran*, 905 F.2d 438, 443 (D.C. Cir. 1990) ("[S]overeign immunity is an immunity from trial and the attendant burdens of litigation, and not just a defense to liability on the merits.") (quotation marks and citation omitted). Accordingly, the right of a foreign state to be immune from suit in the United States is "irretrievably lost" if the foreign state is forced to litigate. *Richardson-Merrill, Inc. v. Koller*, 472 U.S. 424, 431 (1985); *see also Rein v. Socialist People's Libyan Arab Jamahiriya*, 162 F.3d 748, 756 (2d Cir. 1998) ("A sovereign that is required to litigate a case on the merits before it can appeal the assertion of jurisdiction over it has not been afforded the benefit of the immunity to which it is entitled.").

N. That reasoning applies here. PIFSS' right to sovereign immunity will be lost if it is forced to defend the adversary proceeding before this Court while the

3

appeal is pending and the District Court subsequently determines that PIFSS is entitled to sovereign immunity under the FSIA.

O.  The Trustee consents to a stay of the proceedings in this Court pending resolution of PIFSS' appeal.

**IT IS THEREFORE STIPULATED THAT**:

1.  For purposes of Bankruptcy Rule 8007(a)(1)(D), this Stipulation and Order shall be deemed a motion by PIFSS to stay the proceedings in this Court pending resolution of PIFSS' appeal.

2.  The Trustee consents to PIFSS' motion, and this Court hereby grants it pursuant to Bankruptcy Rules 8007(a)(1)(D) and 8007(e)(1).

Dated: October 13, 2022
New York, New York

| **BAKER & HOSTETLER LLP** | **GREENBERG TRAURIG, LLP** |
|---|---|
| By: /s/ *Brian W. Song* | By: /s/ *Leo Muchnik* |
| David J. Sheehan | Leo Muchnik |
| Brian W. Song | One Vanderbilt Avenue |
| 45 Rockefeller Plaza | New York, New York 10017 |
| New York, New York 10111 | Telephone: (212) 801-6826 |
| Telephone: (212) 589-4200 | Facsimile: (212) 801-6400 |
| Facsimile: (212) 589-4201 | muchnikl@gtlaw.com |
| dsheehan@bakerlaw.com | |
| bsong@bakerlaw.com | Joseph P. Davis |
| | (admitted *pro hac vice*) |
| *Attorneys for Irving H. Picard, Trustee* | Alison T. Holdway |
| *for the Substantively Consolidated* | (admitted *pro hac vice*) |
| *SIPA Liquidation of Bernard L. Madoff* | One International Place, Suite 2000 |
| *Investment Securities LLC and the* | Boston, Massachusetts 02110 |
| *Chapter 7 Estate of Bernard L. Madoff* | Telephone: (617) 310-6000 |
| | Facsimile: (617) 310-6001 |
| | davisjo@gtlaw.com |
| | Alison.Holdway@gtlaw.com |
| | |
| | *Attorneys for Defendant The Public* |
| | *Institution for Social Security* |

**IT IS SO ORDERED.**



**/s/ Cecelia G. Morris**
_____
**Hon. Cecelia G. Morris**
**U.S. Bankruptcy Judge**

**Dated: October 14, 2022**
**Poughkeepsie, New York**

5