**WINDELS MARX LANE & MITTENDORF, LLP**
156 West 56th Street
New York, New York 10019
Tel: (212) 237-1000
Fax: (212) 262-1215

*Special Counsel for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and the Chapter 7 Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>    Plaintiff-Applicant,<br>  v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>    Defendant. | Adv. Pro. No. 08-01789 (CGM)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>    Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff,<br><br>    Plaintiff,<br>  v.<br><br>MISTRAL (SPC),<br><br>    Defendant. | Adv. Pro. No. 12-01273 (CGM) |

**TRUSTEE'S MEMORANDUM OF LAW IN OPPOSITION TO**
**DEFENDANT'S MOTION TO DISMISS**

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ...................................................................................................1

STATEMENT OF FACTS ..............................................................................................................2

    I.    THE BLMIS PONZI SCHEME AND ITS FEEDER FUNDS ...............................2

    II.    DEFENDANT AND ITS INVESTMENTS IN RYE PORTFOLIO ......................3

ARGUMENT ...................................................................................................................................5

    I.    THE AMENDED COMPLAINT PLAUSIBLY PLEADS THAT
DEFENDANT RECEIVED BLMIS CUSTOMER PROPERTY UNDER
SECTION 550(A) ..................................................................................................5

        A.    The Trustee Has Plausibly Alleged That the Subsequent Transfers
Defendant Received Contained Stolen BLMIS Customer Property ............6

        B.    Defendant Misstates the Trustee's Pleading Burden ...................................6

    II.    THE SECTION 550(B) GOOD FAITH AFFIRMATIVE DEFENSE
CANNOT BE RESOLVED AT THE MOTION TO DISMISS STAGE ................8

CONCLUSION ..............................................................................................................................12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*45 John Lofts, LLC v. Meridian Cap. Grp. LLC (In re 45 John Lofts, LLC)*,
   599 B.R. 730 (Bankr. S.D.N.Y. 2019) ............................................................................. 5, 7

*In re Beacon Assocs. Litig.*, 745 F. Supp. 2d 386 (S.D.N.Y. 2010) ............................................. 11

*In re Dreier LLP*, 452 B.R. 391 (Bankr. S.D.N.Y. 2011) ............................................................. 10

*Kelley v. Westford Special Situations Master Fund, L.P.*, No. 19-cv-1073 (ECT/KMM),
   2020 WL 3077151 (D. Minn. June 10, 2020) ...................................................................... 8

*Kelly-Brown v. Winfrey*, 717 F.3d 295 (2d Cir. 2013) ............................................................. 9-10

*Pension Benefit Guar. Corp. v. Morgan Stanley Inv. Mgmt. Inc.*,
   712 F.3d 705 (2d Cir. 2013) ................................................................................................. 8

*Picard v. Avellino (In re BLMIS)*, 557 B.R. 89 (Bankr. S.D.N.Y. 2016) ..................................... 11

*Picard v. Banque SYZ & Co., SA*, Adv. Pro. No. 11-02149 (CGM),
   2022 WL 2135019 (Bankr. S.D.N.Y. June 14, 2022) ................................................. passim

*Picard v. BNP Paribas S.A. (In re BLMIS)*, 594 B.R. 167 (Bankr. S.D.N.Y. 2018) .................. 5-6

*Picard v. Charles Ellerin Rev. Tr. (In re BLMIS)*, Adv. Pro. Nos. 10-04398 (BRL),
   2012 WL 892514 (Bankr. S.D.N.Y. Mar. 14, 2012) ............................................................ 5

*Picard v. Citibank, N.A. (In re BLMIS)*, 12 F.4th 171 (2d Cir. 2021),
   cert. denied sub nom. Citibank, N.A. v. Picard, 142 S. Ct. 1209 (2022) ...................... 3, 10

*Picard v. Cohmad Sec. Corp. (In re BLMIS)*, 454 B.R. 317 (Bankr. S.D.N.Y. 2011) ................... 8

*Picard v. Delta Nat'l Bank and Trust Co.*, Adv. Pro. No. 11-02551 (CGM),
   2022 WL 3365256 (Bankr. S.D.N.Y. Aug. 12, 2022) ..................................................... 2, 9

*Picard v. Fairfield Inv. Fund Ltd. (In re BLMIS)*, Adv. Pro. No. 09-01239 (CGM),
   2021 WL 3477479 (Bankr. S.D.N.Y. Aug. 6, 2021) ........................................................... 11

*Picard v. First Gulf Bank*, Adv. Pro. No. 11-02541 (CGM),
   2022 WL 3354955 (Bankr. S.D.N.Y. July 18, 2022) .............................................. 2, 9, 11-12

*Picard v. Korea Exchange Bank*, Adv. Pro. No. 11-02572 (CGM),
   2022 WL 4371908 (Bankr. S.D.N.Y. Sep. 21, 2022) ....................................................... 2, 8

*Picard v. Mayer (In re BLMIS)*, Adv. Pro. No. 20-01316 (CGM),
      2021 WL 4994435 (Bankr. S.D.N.Y. Oct. 27, 2021) ...................................................... 6

*Picard v. Merkin (In re BLMIS)*, 440 B.R. 243 (Bankr. S.D.N.Y. 2010) ............................... 10, 12

*Picard v. Merkin (In re BLMIS)*, 515 B.R. 117 (Bankr. S.D.N.Y. 2014) ................................... 5-8

*Picard v. Merkin (In re BLMIS)*, 581 B.R. 370 (Bankr. S.D.N.Y. 2017) ..................................... 8

*Picard v. Multi-Strategy Fund Ltd.*, 641 B.R. 78 (Bankr. S.D.N.Y. 2022) ............................. 2, 5-6

*Picard v. Shapiro (In re BLMIS)*, 542 B.R. 100 (Bankr. S.D.N.Y. 2015) .................................... 7

*Sapia v. Home Box Off., Inc.*, No. 20-cv-02586 (CM),
      2018 WL 6985223 (S.D.N.Y. Dec. 17, 2018) ................................................................... 8

*Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Madoff Sec.)*,
      No. 20-CV-02586 (CM), 2022 WL 1304589 (S.D.N.Y. May 2, 2022) ................. 9-10, 12

*Silverman v. K.E.R.U. Realty Corp. (In re Allou Distribs., Inc.)*,
      379 B.R. 5 (Bankr. E.D.N.Y. 2007) .................................................................................. 7

*United Teamster Fund v. MagnaCare Admin. Servs., LLC*,
      39 F. Supp. 3d 461 (S.D.N.Y. 2014) ............................................................................ 9-10

*Williams v. Time Warner Inc.*, 440 F. App'x 7 (2d Cir. 2011) ..................................................... 8

**Statutes**

11 U.S.C. § 548(c) ...................................................................................................................... 10

11 U.S.C. § 550(a) ............................................................................................................... 2, 5, 7

11 U.S.C. § 550(b) ................................................................................................................ passim

15 U.S.C. §§ 78aaa–*lll* .................................................................................................................. 1

**Rules**

Fed. R. Civ. P. 12(b)(6) ............................................................................................................ 1, 8

Irving H. Picard (the "Trustee"), as trustee for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa–lll ("SIPA"), and the chapter 7 estate of Bernard L. Madoff ("Madoff"), respectfully submits this memorandum of law in opposition to the motion to dismiss the Trustee's Amended Complaint (ECF No. 113, the "Amended Complaint" or "AC")[1] pursuant to Federal Rule of Civil Procedure (collectively, the "Rules") 12(b)(6) of defendant Mistral (SPC) ("Defendant").

## PRELIMINARY STATEMENT

As part of the Trustee's continuing efforts in this SIPA liquidation proceeding to recover BLMIS customer property that was stolen as part of Madoff's Ponzi scheme, this action seeks to recover $3.2 million in subsequent transfers that Defendant received from Rye Select Broad Market Portfolio Limited (*f/k/a* American Masters Broad Market Fund II Limited) ("Rye Portfolio"). Defendant purposefully invested in BLMIS through Rye Portfolio—an investment fund created for the express purpose of funneling its investors' money into BLMIS in New York. Defendant now moves to dismiss the Amended Complaint, arguing that (i) the Trustee insufficiently alleges that Defendant received transfers of customer property; and (ii) the Amended Complaint and the Trustee's Complaint against Rye Portfolio (the "Tremont Complaint" or "TC")[2] establish Defendant's affirmative defense under Section 550(b). However, as acknowledged by Defendant in its moving papers,[3] the foregoing arguments are substantially the same as those recently rejected

---

[1] Unless otherwise indicated, all ECF references herein refer to the case captioned *Picard v. Mistral (SPC)*, Adv. Pro. No. 12-01273 (CGM) (Bankr. S.D.N.Y.).

[2] *Picard v. Tremont Group Holdings, Inc., et al.*, Adv. Pro. No. 10-05310 (CGM), ECF No. 1 (Bankr. S.D.N.Y. Dec. 7, 2010).

[3] Defendant's Memorandum of Law in Support of its Motion to Dismiss is referred to herein as the "Motion."

by this Court in other subsequent transfer cases.[4]  For the reasons set forth below, Defendant's arguments fail.

First, the Trustee has plausibly alleged that Defendant received customer property under Section 550(a) by outlining the relevant pathways through which customer property was transferred from BLMIS to Rye Portfolio and subsequently to Defendant.  The Trustee has also alleged the necessary vital statistics (*i.e.*, the "who, when, and how much") for each subsequent transfer received by Defendant.  Nothing more is required at this stage of the litigation.

Second, the Section 550(b) defense available to subsequent transferees is a fact-intensive affirmative defense that is premature and plainly inappropriate on a motion to dismiss.  Consistent with this Court's recent decisions, it is Defendant's burden to plead the defense in an answer and prove it with evidence; it cannot be established from the face of a complaint.  *Banque* Syz, 2022 WL 2135019, at *10; *First Gulf*, 2022 WL 3354955, at *10.

For these reasons, the Trustee respectfully requests that the Court deny Defendant's motion.

## STATEMENT OF FACTS

**I.    THE BLMIS PONZI SCHEME AND ITS FEEDER FUNDS**

Madoff founded and operated BLMIS from New York until its collapse in 2008.  AC ¶¶ 18, 20, 47.  BLMIS was a securities broker-dealer registered with the U.S. Securities and Exchange Commission (the "SEC") beginning in January 1960.  *Id.* ¶¶ 18-19.  BLMIS purported to operate

---

[4] *See, e.g., Picard v. Multi-Strategy Fund Ltd.*, 641 B.R. 78 (Bankr. S.D.N.Y. 2022) ("*Multi-Strategy*"); *Picard v. Banque SYZ & Co., SA*, Adv. Pro. No. 11-02149 (CGM), 2022 WL 2135019 (Bankr. S.D.N.Y. June 14, 2022) ("*Banque Syz*"); *Picard v. First Gulf Bank*, Adv. Pro. No. 11-02541 (CGM), 2022 WL 3354955 (Bankr. S.D.N.Y. July 18, 2022) ("*First Gulf*"); *Picard v. Delta Nat'l Bank and Trust Co.*, Adv. Pro. No. 11-02551 (CGM), 2022 WL 3365256 (Bankr. S.D.N.Y. Aug. 12, 2022) ("*Delta*"); *Picard v. Korea Exchange Bank*, Adv. Pro. No. 11-02572 (CGM), 2022 WL 4371908 (Bankr. S.D.N.Y. Sep. 21, 2022) ("*KEB*").  To avoid repetition and long string cites, the Trustee has not listed here, and will avoid citing to, all of this Court's recent decisions, but these and the other similar decisions recently entered by the Court all support denial of Defendant's Motion.

2

three principal business units: (i) a proprietary trading business; (ii) a market-making business; and (iii) an investment advisory business (the "IA Business"). *Id.* ¶ 20.  For its IA Business customers, BLMIS purportedly executed a split-strike conversion strategy (the "SSC Strategy"), which involved (a) investing in a basket of common stocks from the Standard & Poor's 100 Index, (b) buying put options and selling call options to hedge against price changes in the underlying basket of stocks, and (c) purchasing U.S. Treasury bills when the money was out of the market. *Id.* ¶¶ 33-36, 41.  In reality, BLMIS operated a Ponzi scheme through its IA Business.  *Id.* ¶¶ 10, 12-14, 24-25, 45-46, 48.  On December 11, 2008, Madoff's fraud was publicly revealed, and he was arrested for criminal violations of federal securities laws, including securities fraud, investment adviser fraud, and mail and wire fraud. *Id.* ¶ 5.

The extent of damage Madoff caused was made possible by BLMIS "feeder funds"—large investment funds created to funnel investors' monies into BLMIS.  *See Picard v. Citibank, N.A. (In re BLMIS)*, 12 F.4th 171, 179 (2d Cir. 2021), *cert. denied sub nom. Citibank, N.A. v. Picard*, 142 S. Ct. 1209 (2022) ("*Citibank*").  Defendant invested in Rye Portfolio, which it knew was a BLMIS feeder fund.  AC ¶¶ 2, 52, 66.  Defendant knowingly invested in BLMIS through at least one other feeder fund as well, Kingate Global Fund, Ltd. ("Kingate Global").  *Id.* ¶ 67.

**II.    DEFENDANT AND ITS INVESTMENTS IN RYE PORTFOLIO**

Defendant—a wholly-owned, indirect subsidiary of Credit Suisse Group AG (together with its affiliated companies, "Credit Suisse")—was formed in 2004 as a proprietary investment product by the global Credit Suisse enterprise, a highly sophisticated financial organization.  AC ¶¶ 4, 51. Credit Suisse invested hundreds of millions of dollars with numerous BLMIS feeder funds; this

3

recovery action is one of several commenced by the Trustee for transfers received in connection with those investments.[5] *Id.* ¶ 4 fn. 2.

At all relevant times, Credit Suisse personnel operated Defendant out of Credit Suisse's New York offices. *Id.* ¶¶ 4, 51. Defendant's only operations were its investments in BLMIS feeder funds, such as Rye Portfolio, and other hedge funds tracked by a prominent hedge fund index known as the Credit Suisse/Tremont Hedge Fund Index (the "CS/Tremont Index"). *Id.* ¶ 52. The CS/Tremont Index was launched in 1999 as a joint venture between Credit Suisse and Tremont. *Id.* ¶ 53. Credit Suisse created funds such as Defendant and Zephyros Limited to provide investors with vehicles through which to invest in hedge funds tracked by the CS/Tremont Index.[6] *Id.* ¶ 54.

Rye Portfolio was owned, managed, and operated by New York-based Tremont Group Holdings, Inc. (together with predecessors and affiliates, "Tremont"). AC ¶ 66; TC ¶¶ 8, 42, 46-51. Rye Portfolio was at all relevant times managed and operated out of Tremont's principal office in New York. AC ¶ 66; TC ¶ 39. Rye Portfolio invested all or substantially all of its assets with BLMIS. AC ¶¶ 2, 159; TC ¶¶ 36, 38-39.

Following BLMIS's collapse, the Trustee filed an adversary proceeding against Rye Portfolio and related feeder funds and other defendants to avoid and recover fraudulent transfers of customer property in the amount of approximately $2.1 billion. *Id.* ¶¶ 78, 150. In 2011, the Trustee settled that action, and the settlement (i) required the settling defendants to pay the Trustee

---

[5] Other recovery actions commenced by the Trustee against Credit Suisse entities invested with BLMIS feeder funds include *Picard v. Credit Suisse AG, et al.* (Adv. Pro. No. 11-02925); *Picard v. Credit Suisse AG (as successor in interest to Clariden Leu AG and Bank Leu AG)* (Adv. Pro. No. 12-01676); *Picard v. Zephyros Ltd.* (Adv. Pro. No. 12-01278); *Picard v. Trincastar Corp.* (Adv. Pro. No. 11-02731); and *Picard v. Solon Capital, Ltd.* (Adv. Pro. No. 12-01025) (since dismissed (ECF No. 81), as that matter only sought transfers received from Kingate Global).

[6] Zephyros Limited—another proprietary investment product owned and operated by Credit Suisse—raises a number of identical arguments in its motion to dismiss the Trustee's action. *See* Mem. of Law, *Picard v. Zephyros Ltd.*, Adv. Pro. No. 12-01278 (CGM) (Bankr. S.D.N.Y. filed Aug. 15, 2022), ECF No. 130. Motion to dismiss briefing in the Mistral (SPC) and Zephyros Limited cases are occurring simultaneously.

$1.025 billion, (ii) provided that the initial transfers to Rye Portfolio and other Tremont funds were "deemed avoided," and (iii) stated that transfers to subsequent transferee defendants were not recovered with the partial payment by the settling defendants. *Id.* ¶¶ 80, 151.

The Trustee then commenced a number of adversary proceedings against Defendant and others to recover the outstanding stolen customer property of more than $1 billion. On June 9, 2022, with Defendant's consent, the Trustee filed the Amended Complaint.

## ARGUMENT

**I.    THE AMENDED COMPLAINT PLAUSIBLY PLEADS THAT DEFENDANT RECEIVED BLMIS CUSTOMER PROPERTY UNDER SECTION 550(A)**

The Amended Complaint plausibly alleges that Defendant received subsequent transfers of BLMIS customer property. To plead a subsequent transfer claim, the Trustee must allege facts that support an inference "that the funds at issue originated with the debtor." *Picard v. Merkin (In re BLMIS)*, 515 B.R. 117, 149-150 (Bankr. S.D.N.Y. 2014) ("*Merkin II*"). As this Court recently held, the Trustee is not required at this stage to perform a tracing analysis, or to present a "dollar-for-dollar accounting of the exact funds at issue." *Multi-Strategy*, 641 B.R. at 90 (quoting *Picard v. BNP Paribas S.A. (In re BLMIS)*, 594 B.R. 167, 195 (Bankr. S.D.N.Y. 2018) ("*BNP*")); *Banque Syz*, 2022 WL 2135019, at *7 (same); *see also Merkin II*, 515 B.R. at 149-150 (quoting *Picard v. Charles Ellerin Rev. Tr. (In re BLMIS)*, Adv. Pro. Nos. 10-04398 (BRL), 2012 WL 892514, at *3 (Bankr. S.D.N.Y. Mar. 14, 2012)). Rather, "the Trustee need only allege sufficient facts to show the relevant pathways through which the funds were transferred from BLMIS to [the subsequent transferee]." *Charles Ellerin Rev. Tr.*, 2012 WL 892514, at *3; *see also 45 John Lofts, LLC v. Meridian Cap. Grp. LLC (In re 45 John Lofts, LLC)*, 599 B.R. 730, 747 (Bankr. S.D.N.Y. 2019). In addition, the Trustee must allege "'the necessary vital statistics—the who, when, and how much' of the purported transfers to establish an entity as a subsequent transferee of the funds." *Multi-

5

*Strategy*, 641 B.R. at 90 (quoting *BNP*, 594 B.R. at 195).  The Amended Complaint clearly meets these requirements.

      A.      **The Trustee Has Plausibly Alleged That the Subsequent Transfers Defendant Received Contained Stolen BLMIS Customer Property**

The Amended Complaint alleges that Defendant received transfers, identified by date and amount in an accompanying exhibit, from Rye Portfolio, and that Rye Portfolio invested all or substantially all of its funds with BLMIS.  AC ¶¶ 2, 65-66, 75, 152-156, Ex. C.  Thus, the Amended Complaint plausibly alleges that Defendant received subsequent transfers of customer property by (a) outlining the relevant pathway through which stolen customer property was transferred from BLMIS to Rye Portfolio and subsequently to Defendant and (b) providing the necessary vital statistics (*i.e.*, the "who, when, and how much") for each subsequent transfer.  Nothing more is required.  *See, e.g.*, *Picard v. Mayer (In re BLMIS)*, Adv. Pro. No. 20-01316 (CGM), 2021 WL 4994435, at *5 (Bankr. S.D.N.Y. Oct. 27, 2021) (rejecting argument that subsequent transfer claim was not pled "with enough specificity as to how and what [defendant] received" and holding complaint "contains sufficient information regarding which transfers the Trustee is seeking to recover").  As this Court recently held in a number of decisions, these "exhibit[s] provide[] [Defendant] with the 'who, when, and how much' of each transfer." *See, e.g., Multi-Strategy*, 641 B.R. at 95; *Banque Syz,* 2022 WL 2135019, at *12.

      B.      **Defendant Misstates the Trustee's Pleading Burden**

Unable to argue that the Trustee fails to meet the relevant pleading burden, Defendant attempts to argue for a new one, asserting that the Trustee must tie each subsequent transfer received by Defendant to a specific initial transfer from BLMIS.  Motion at 4-5, 7.  However, the Court already rejected this argument in *Merkin II*, where the Court refused to dismiss subsequent transfer claims even though the complaint did "not connect each of the subsequent transfers with

6

an initial, voidable transfer emanating from BLMIS." 515 B.R. at 150; *see also In re 45 John Lofts, LLC*, 599 B.R. at 747 (finding no "requirement to trace individual dollar amounts from the transferor to the transferees to survive a motion to dismiss"). Likewise, the Court has already rejected the argument that the Trustee must detail which, and what portion of each, subsequent transfer comprises stolen customer property. *Merkin II*, 515 B.R. at 152-53 (refusing to dismiss complaint where "at least some of the subsequent transfers . . . may be recoverable"); *see also Silverman v. K.E.R.U. Realty Corp. (In re Allou Distribs., Inc.)*, 379 B.R. 5, 30 (Bankr. E.D.N.Y. 2007) (finding "if dollar-for-dollar accounting is not required at the proof stage, then surely it is not required at the pleading stage either").

Defendant's reliance on *Picard v. Shapiro* is misplaced because *Shapiro* did not change the pleading burden for recovery under Section 550(a). In *Shapiro*, the Trustee alleged that certain trusts and members of the Shapiro family received approximately $54 million in fraudulent transfers from BLMIS, and that "upon information and belief" these defendants subsequently transferred this same amount to other defendants. *Picard v. Shapiro (In re BLMIS)*, 542 B.R. 100, 104, 109, 119 (Bankr. S.D.N.Y. 2015). However, that complaint *did not detail any* of the necessary vital statistics of the subsequent transfers. *Id*. at 119. There were no allegations regarding the subsequent transferors, the subsequent transferees, or the dates or amounts of the subsequent transfers, and consequently this Court granted defendants' motion to dismiss the subsequent transfer claim. *Id*. Here, where the Trustee has alleged the vital statistics of each transfer Defendant received and set out the investment relationship between Defendant and Rye Portfolio, *Shapiro* supports denying the motion to dismiss.

Furthermore, without discovery, Defendant's arguments are premature. "[I]n a case such as this one, where 'the Trustee's lack of personal knowledge is compounded with complicated

7

issues and transactions [that] extend over lengthy periods of time, the trustee's handicap increases,' and 'even greater latitude' should be afforded." *Picard v. Cohmad Sec. Corp. (In re BLMIS)*, 454 B.R. 317, 329 (Bankr. S.D.N.Y. 2011).

This is one reason why this Court in *Merkin II* denied defendants' motion to dismiss, finding "[t]he subsequent transfer claim must ultimately be proved through the books and records of the defendants." 515 B.R. at 151.[7] And even after fact discovery, expert opinion is necessary to determine what portion of the subsequent transfer stemmed from the initial transfer where the subsequent transfers originated from commingled accounts. *Picard v. Merkin (In re BLMIS)*, 581 B.R. 370, 386 (Bankr. S.D.N.Y. 2017); *see also Kelley v. Westford Special Situations Master Fund, L.P.*, No. 19-cv-1073 (ECT/KMM), 2020 WL 3077151, at *5 (D. Minn. June 10, 2020) (denying summary judgment because trustee introduced expert report and associated documents from which a jury could infer that defendants received subsequent transfers of customer property).

## II. THE SECTION 550(B) GOOD FAITH AFFIRMATIVE DEFENSE CANNOT BE RESOLVED AT THE MOTION TO DISMISS STAGE

Defendant argues that the Court should dismiss the Amended Complaint as a matter of law because its purported good faith is clear on the face of the Amended Complaint and the Tremont Complaint, and is further supported by the Trustee's Amended Complaint against Fairfield Sentry Limited and other defendants (collectively, "Fairfield").[8] Motion at 2, 7-10. This Court has

---

[7] Defendant cites cases that dismissed claims for being inadequately pled where all of the necessary underlying facts were already in plaintiffs' possession, without the need for discovery. *See* Motion at 7 n.9 (citing *Pension Benefit Guar. Corp. v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705 (2d Cir. 2013); *Sapia v. Home Box Off., Inc.*, No. 20-cv-02586 (CM), 2018 WL 6985223 (S.D.N.Y. Dec. 17, 2018)). These cases are inapposite, because (i) as set forth herein, the Trustee has sufficiently alleged that Defendant received customer property, and (ii) the Trustee is a stranger to the transactions between Rye Portfolio and Defendant, and does not have access to all of the information relevant to his claims at the pre-discovery stage of this litigation.

[8] *Picard v. Fairfield Sentry Limited, et al.*, No. 08-01789 (CGM), Adv. Pro. No. 09-01239, ECF No. 23 (the "Fairfield AC"). The Amended Complaint does not refer to, incorporate, or otherwise rely on the Fairfield AC, and the Court need not consider the allegations therein. *See, e.g., KEB*, 2022 WL 4371908, at *11 (quoting *Williams v. Time Warner Inc.*, 440 F. App'x 7, 9 (2d Cir. 2011) ("A district court, in deciding whether to dismiss a complaint under Rule 12(b)(6), is generally limited to the facts as presented within the four corners of the complaint, to documents attached

8

already rejected the "good faith" affirmative defense as inappropriate and untimely on a motion to dismiss, and should similarly reject Defendant's efforts here to recycle the same arguments. *See, e.g., Banque Syz*, 2022 WL 2135019, at *10-11 (it is defendant's burden to plead value, good faith, and lack of knowledge "in an answer, and prove it with evidence; it cannot be established in a complaint"); *First Gulf*, 2022 WL 3354955, at *10 (same); *see also Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Madoff Sec.)*, No. 20-CV-02586 (CM), 2022 WL 1304589, at *1 (S.D.N.Y. May 2, 2022) ("*ABN Ireland*"); *Delta*, 2022 WL 3365256, at *6. Like Defendant here, the defendants in *Banque Syz*, *First Gulf*, *Delta*, and *ABN Ireland* argued that their good faith defense was established on the face of the complaint. *Banque Syz*, 2022 WL 2135019, at *10; *First Gulf*, 2022 WL 3354955, at *10; *Delta*, 2022 WL 3365256, at *6; *ABN Ireland*, 2022 WL 1304589, at *3. The Court in those cases concluded that the affirmative defense could not be resolved at the pleading stage (*id.*), and the same result is warranted here.

Affirmative defenses are fact-driven. They require factual analyses and a presentation of evidence. *ABN Ireland*, 2022 WL 1304589, at *3 ("The Trustee rightfully points out that such a fact-based determination can only be made based on the entirety of the factual record after discovery (which has not occurred here), not from isolated documents cherry-picked by Appellees and factual inferences Appellees improperly seek to have drawn in their favor."); *see also United Teamster Fund v. MagnaCare Admin. Servs., LLC*, 39 F. Supp. 3d 461, 475 (S.D.N.Y. 2014) ("Affirmative defenses 'often require[ ] consideration of facts outside of the complaint and thus [are] inappropriate to resolve on a motion to dismiss.'") (quoting *Kelly-Brown v. Winfrey*, 717 F.3d 295, 308 (2d Cir. 2013)). That sort of factual analysis is not appropriate at this stage, particularly

---

to the complaint, or to documents incorporated within the complaint by reference.")); *see also id.* at *6. However, the Court need not reach the issue, because it should reject as a matter of law Defendant's attempt to raise the Section 550(b) affirmative defense at the pleading stage.

9

with respect to a good faith defense. *See, e.g., Picard v. Merkin (In re BLMIS)*, 440 B.R. 243, 257 (Bankr. S.D.N.Y. 2010) ("*Merkin I*") ("[W]hether the Moving Defendants acted in good faith . . . is a disputed issue that this Court can properly determine only upon consideration of all of the relevant evidence obtained through the discovery process."); *In re Dreier LLP*, 452 B.R. 391, 426 (Bankr. S.D.N.Y. 2011) ("Determining the Defendants' good faith is an indisputably factual inquiry to be undertaken by the Court after the close of discovery and need not be resolved at the motion to dismiss stage.").

Ignoring the fact that the good faith pleading burden is no longer on the Trustee, Defendant makes an unsupportable argument that its good faith has been established as a matter of law on the face of the aforementioned complaints. Motion at 7-10. But, as recognized in *Merkin I*, such an argument applies only as a "limited exception to the general rule" that good faith cannot be established on a motion to dismiss. 440 B.R. at 256. To prevail under this limited exception, Defendant must show there is an "insuperable bar to securing relief" set forth on the face of the Amended Complaint. *Dreier*, 452 B.R. at 426. Defendant's argument that a diligent inquiry into BLMIS would have been futile is pure conjecture that is easily disputed and fails this standard.

Defendant cannot rely on an assortment of cherry-picked allegations as to BLMIS's, Tremont's, and Fairfield's secrecy, and factual inferences it wishes this Court to draw from same in its favor.[9] *ABN Ireland*, 2022 WL 1304589, at *3. Even were it appropriate to consider such arguments at this stage, the SEC's failure to detect Madoff's fraud is not dispositive as to a defendant's good faith. *See Picard v. Avellino (In re BLMIS)*, 557 B.R. 89, 120 (Bankr. S.D.N.Y.

---

[9] Furthermore, contrary to Defendant's assertions (Motion at 5, 10), the Trustee does not seek to allege in Paragraph 154 (which alleges Rye Portfolio's actual knowledge, not Defendant's) or otherwise in the Amended Complaint that Defendant had actual knowledge, nor is he required to. The good faith defense provided by Bankruptcy Code sections 548(c) and 550(b) is governed by an inquiry notice standard, and the Trustee does not bear the burden of pleading a subsequent transferee's lack of good faith, much less actual knowledge. *Citibank*, 12 F.4th at 185-86, 195-96. Whether Defendant had actual knowledge is not at issue, and Defendant's contention that "it is not plausible that [Defendant], a subsequent transferee, could have had actual knowledge" (Motion at 5) should be disregarded.

10

2016) (finding no inconsistency between the Trustee's allegations regarding defendants' knowledge of Madoff's fraud and failure by others—including the SEC—to detect the Ponzi scheme).[10] Defendant's suggestion that it lacked sufficient resources to detect Madoff's fraud—despite being a part of the Credit Suisse global enterprise, which invested hundreds of millions of dollars in BLMIS feeder funds and operated the prominent CS/Tremont Index (*see* AC ¶¶ 4, 51-54)—is dubious on its face. Defendant was a hedge fund managed by sophisticated parties capable of performing their own investigations and diligence on their BLMIS investments—facts which can only be developed in discovery.

Defendant makes similar arguments with regard to value and knowledge of voidability. Motion at 7-8. However, these are also fact-driven affirmative defenses to be addressed later in the litigation. *See, e.g., Picard v. Fairfield Inv. Fund Ltd. (In re BLMIS)*, Adv. Pro. No. 09-01239 (CGM), 2021 WL 3477479, at *9 (Bankr. S.D.N.Y. Aug. 6, 2021) ("*Fairfield Inv. Fund*") (stating that "[w]hether the Defendants gave value is a question of fact to be resolved either at the summary judgment stage or at trial"). To the extent Defendant argues value exists because the payments it received were given in exchange for its redemption of shares from Rye Portfolio (Motion at 1 n.2 & 8), this too cannot be decided on a motion to dismiss. *Banque Syz*, 2022 WL 2135019, at *11; *First Gulf*, 2022 WL 3354955, at *10; *see also Fairfield Inv. Fund*, 2021 WL 3477479, at *9 (a determination as to whether subsequent transfer defendants "'gave value' in the form of surrendering shares in the Fairfield Funds . . . cannot be made as a matter of law or fact at this stage.").

---

[10] *See also In re Beacon Assocs. Litig.*, 745 F. Supp. 2d 386, 403 (S.D.N.Y. 2010) (observing that the SEC, in the context of investigating its own failure to detect Madoff's fraud, found "numerous private entities conducted basic due diligence of Madoff's operations and, without regulatory authority to compel information, came to the conclusion that an investment with Madoff was unwise").

11

Even if this Court were to consider Defendant's fact-intensive affirmative defense, the Trustee must be given the opportunity to pursue discovery of those facts. *ABN Ireland*, 2022 WL 1304589, at *3 (finding that such a fact-based defense must be based on the entirety of the factual record after discovery); *Merkin I*, 440 B.R. at 257 ("[W]hether the Moving Defendants acted in good faith when they allegedly accepted hundreds of millions of dollars in transfers of BLMIS funds is a disputed issue that this Court can properly determine only upon consideration of all of the relevant evidence obtained through the discovery process."); *see also Banque Syz*, 2022 WL 2135019, at *11; *First Gulf*, 2022 WL 3354955, at *11.

## CONCLUSION

The Trustee respectfully requests that the Court deny Defendant's motion.

Dated: October 14, 2022
New York, New York

*/s/ Howard L. Simon*
**WINDELS MARX LANE & MITTENDORF, LLP**
156 West 56th Street
New York, New York 10019
Tel: (212) 237-1000
Fax: (212) 262-1215
Howard L. Simon
Email: hsimon@windelsmarx.com
Robert J. Luddy
Email: rluddy@windelsmarx.com
Kim M. Longo
Email: klongo@windelsmarx.com
Alex Jonatowski
Email: ajonatowski@windelsmarx.com

*Special Counsel for Irving H. Picard, Trustee
for the Substantively Consolidated SIPA Liquidation
of Bernard L. Madoff Investment Securities LLC and
the Chapter 7 Estate of Bernard L. Madoff*

12