UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>       Plaintiff,<br><br>    v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>       Defendant. | Adv. Pro. No. 08-01789 (CGM)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>       Debtor. | |

**APPLICATION OF MONFRINI BITTON KLEIN AS SPECIAL COUNSEL TO THE TRUSTEE FOR ALLOWANCE OF INTERIM COMPENSATION FOR SERVICES FROM APRIL 1, 2022 THROUGH JULY 31, 2022**

Monfrini Bitton Klein ("MBK"), special counsel for Irving H. Picard (the "Trustee"), trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act of 1970, 15 U.S.C. §§ 78aaa *et seq*. ("SIPA"), and Bernard L. Madoff, submits this Application for interim compensation of legal fees in the amount of $32,590.57 (of which 20% is to be deferred until the conclusion of the liquidation period) for the period from April 1, 2022 through July 31, 2022 (the "Compensation Period"). In support of the Application, MBK respectfully submits as follows:

**I. BACKGROUND**

1. On December 15, 2008, Judge Stanton of the United States District Court for the Southern District of New York, upon application filed on the same date by the Securities Investor

Protection Corporation ("SIPC"), entered an order calling for the liquidation of BLMIS in accordance with SIPA and appointing the Trustee as BLMIS's trustee.

2. BLMIS's liquidation proceeding was removed to this Court pursuant to SIPA § 78eee(b)(4), and, pursuant to SIPA § 78fff(b), is being conducted as though it were a case under chapters 1, 3, and 5 and subchapters I and II of chapter 7 of title 11 of the United States Code.

3. On April 14, 2020, this Court entered an order approving the Trustee's motion to retain MBK as special counsel to the Trustee in Geneva, Switzerland.

4. The Trustee's motion to retain MBK established a fee arrangement pursuant to which MBK agreed to a fee reduction in the amount of 10%. MBK also agreed to an additional holdback of fees in the amount of 20%, which will remain in effect until the conclusion of the liquidation period.

## II. SERVICES RENDERED BY MBK

5. The legal services performed by MBK on behalf of the Trustee during the time period covered by this Application are as follows:

6. MBK has continued to provide legal advice pertaining to issues of Swiss law.

## III. COMPENSATION REQUESTED

7. MBK's Application demonstrates how MBK has both added value to BLMIS's estate and advanced BLMIS's SIPA liquidation proceeding.

8. MBK has been mindful of the need to avoid undue legal fees in this case and has taken all reasonable steps to provide cost-effective representation while rendering services with the highest degree of skill and professionalism.

9. From April 1, 2022 through July 31, 2022, MBK provided a total of 73.30 hours of legal services to the Trustee in this case. Prior to the 10% discount, the total amount of fees incurred in this time period was $36,211.74 and the total blended rate for professional services was

2

$494.02/hour. After the 10% discount, the total amount of fees incurred is $32,590.57 and the total blended rate is $444.62/hour. MBK has agreed to a further 20% holdback of fees in the amount of $6,518.11 resulting in the present request for compensation in the amount of $26,072.45.

10. A breakdown of the total number of hours performed by each MBK timekeeper is provided in **Exhibit A** attached hereto.

## IV. GENERAL MATTERS

11. All of the professional services for which compensation is requested herein were performed by MBK for and on behalf of the Trustee and not on behalf of any other person or entity.

12. No agreement or understanding exists between MBK and any other person for sharing compensation received in connection with this case, nor has any other person or entity agreed to provide MBK with compensation for the legal services described herein.

13. SIPA § 78eee(b)(5)(A) provides in pertinent part that, upon appropriate application and after a hearing, "[t]he court shall grant reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred . . . by a trustee, and by the attorney for such a trustee." SIPA § 78eee(b)(5)(C) specifically establishes SIPC's role in connection with applications for compensation and the consideration the Court should give to SIPC's recommendation concerning fees, providing as follows:

> In any case in which such allowances are to be paid by SIPC without reasonable expectation of recoupment thereof as provided in this chapter and there is no difference between the amounts requested and the amounts recommended by SIPC, the court shall award the amounts recommended by SIPC. In determining the amount of allowances in all other cases, the court shall give due consideration to the nature, extent, and value of the services rendered, and shall place considerable reliance on the recommendation of SIPC.

SIPA § 78eee(b)(5)(C).

3

14. To the extent the general estate is insufficient to pay such allowances as an expense of administration, SIPA § 78eee(b)(5)(E) requires SIPC to advance the funds necessary to pay the compensation of MBK. *See* also SIPA § 78fff-3(b)(2).

15. The Trustee has determined, at this time, that he has no reasonable expectation that the general estate will be sufficient to make a distribution to general creditors or pay administrative expenses. SIPC has advised the Trustee that it concurs with this determination. Accordingly, any fees and expenses allowed by this Court will be paid from advances by SIPC without any reasonable expectation by SIPC of recoupment thereof.

16. Therefore, with respect to this Application, MBK requests that consistent with section 78eee(b)(5)(C) of SIPA, the Court "shall award the amounts recommended by SIPC." *See McGraw v. Betz (In re Bell & Beckwith)*, 112 B.R. 876 (Bankr. N.D. Ohio 1990). MBK expects that SIPC's recommendation in support of the relief sought by this Application will be filed with this Court separately.

**WHEREFORE**, MBK respectfully requests that this Court enter an Order:

a. Granting this Application; and

b. Allowing and awarding $32,590.57, of which $26,072.45 is to be paid currently and $6,518.11 is to be held back through the conclusion of the liquidation period or until further order of the Court, as an interim payment for professional services rendered by MBK to the Trustee from April 1, 2022 through July 31, 2022; and

    c.    Granting MBK such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: October 31, 2022            Monfrini Bitton Klein

By: */s/ Yves Klein*
Yves Klein
Place du Molard 3
CH 0 1204 Geneva
Switzerland
Telephone: +4122 310 2266

5

## EXHIBIT A

### SUMMARY OF INTERIM FEE APPLICATION
### OF MONFRINI BITTON KLEIN FOR SERVICES RENDERED
### FOR THE PERIOD OF APRIL 1, 2022 THROUGH JULY 31, 2022

|  | **HOURLY RATE** | **TOTAL HOURS BILLED** | **TOTAL COMPENSATION** |
|---|---|---|---|
| Yves Klein | $771.69 | 7.80 | $6,019.18 |
| Natalia Hidalgo | $515.73 | 15.50 | $7,993.82 |
| Elisa Branca | $465.15 | 8.50 | $3,953.78 |
| Evin Durmaz | $460.97 | 37.20 | $17,148.08 |
| Lucile Cuccodoro | $255.09 | 4.30 | $1,096.89 |
|  |  |  |  |
| **Total:** | **$494.02** | **73.30** | **$36,211.74** |
| **Total minus 10% Discount** | **$444.62** |  | **$32,590.57** |
| **Total Net of 20% Holdback:** |  |  | **$26,072.45** |

6