WINDELS MARX LANE & MITTENDORF, LLP     Hearing Date: December 14, 2022
156 West 56th Street                                          Hearing Time: 10:00 a.m. EST
New York, New York 10019                                 Objection Deadline: November 30, 2022
Tel: (212) 237-1000                                            Time: 4:00 p.m. EST
Howard L. Simon
Alan Nisselson
Email: hsimon@windelsmarx.com
            anisselson@windelsmarx.com

*Special Counsel to Irving H. Picard, Esq., Trustee for the*
*Substantively Consolidated SIPA Liquidation of*
*Bernard L. Madoff Investment Securities LLC and*
*Alan Nisselson, the Chapter 7 Trustee of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (CGM) |
| Plaintiff-Applicant, | SIPA Liquidation |
| | (Substantively Consolidated) |
| v. | |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

**THIRTY-NINTH APPLICATION OF WINDELS MARX LANE & MITTENDORF,**
**LLP FOR ALLOWANCE OF INTERIM COMPENSATION FOR SERVICES**
**RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY**
**EXPENSES INCURRED FROM APRIL 1, 2022 THROUGH JULY 31, 2022**

Windels Marx Lane & Mittendorf, LLP ("Windels Marx" or the "Firm") as special

counsel to Irving H. Picard as trustee (the "Trustee") for the substantively consolidated

liquidation proceeding of Bernard L. Madoff Investment Securities LLC ("BLMIS" or

"Debtor"), and to Alan Nisselson as trustee (the "Chapter 7 Trustee") for the Chapter 7

estate of Bernard L. Madoff ("Madoff"), pursuant to the Orders of the Court dated July 16,

{12094181:1}

2009 [Docket No. 327] and November 23, 2011 [Docket No. 4547], respectfully submits this application (the "Thirty-Ninth Application") for an order pursuant to section 78eee(b)(5) of the Securities Investor Protection Act ("SIPA"), 15 U.S.C.§ 78eee(b)(5), sections 330 and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101 et. seq. (the "Bankruptcy Code"), and Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), allowing and awarding interim compensation for services performed by Windels Marx for the period commencing April 1, 2022 through and including July 31, 2022 (the "Compensation Period") in the amount of $3,110,956.00 of which 80%, or $2,488,764.80 is to be paid currently and 20%, or $622,191.20, is to be deferred through the conclusion of the liquidation proceeding or further order of the Court, and reimbursement of Windels Marx's actual and necessary expenses incurred during the Thirty-Ninth Compensation Period in the amount of $24,818.91, and in support thereof, respectfully represents as follows:

## I.   <u>PRELIMINARY STATEMENT</u>

1.      During this Thirty-Ninth Compensation Period, Windels Marx continued to assist the Trustee and his counsel, Baker & Hostetler LLP ("Baker"), in their efforts to recover customer property for the victims of Madoff's fraud.

2.      Among other things, Windels Marx spent significant time during the Compensation Period on the Trustee's active and soon-to-be active individual subsequent transfer cases, including drafting and revising amended subsequent transfer complaints and motion papers, related document reviews and factual investigations, drafting and arguing oppositions to motions to dismiss, and researching specific legal issues raised or anticipated to be raised by defendants in motion practice.

3.      Windels Marx also expended considerable time during the Compensation Period on matters common to all subsequent transfer cases, including comprehensive review of recent document productions, preparation for oral arguments for motions to dismiss in several cases, assisting with the review and drafting of various subsequent transfer amended complaints and motion to dismiss/motion to amend briefing, and updating research memoranda on legal issues affecting subsequent transfer cases globally.

4.      The following discussion and the materials attached to this Thirty-Ninth Application cover the major categories of services for which allowance of compensation is sought.

## II.      PROCEDURAL BACKGROUND

The SIPA Liquidation

5.      On December 11, 2008, the United States Securities and Exchange Commission (the "SEC") filed a complaint in the United States District Court for the Southern District of New York (the "District Court") against defendants Madoff and BLMIS (Case No. 08 CV 10791) (the "SEC Action"). The SEC complaint alleged that Madoff and BLMIS engaged in fraud through the investment advisory activities of BLMIS.

6.      In the SEC Action, the SEC consented to a combination of its own action with an application of the Securities Investor Protection Corporation ("SIPC"). Thereafter, pursuant to section 78eee(a)(3) of the SIPA, SIPC filed an application in the District Court alleging, inter alia, that BLMIS was not able to meet its obligations to securities customers as they came due and, accordingly, its customers needed the protection afforded by SIPA.

7.      On December 15, 2008, District Judge Stanton granted the SIPC application, which among other things:

- appointed Irving H. Picard as the SIPA Trustee for the liquidation of the business of BLMIS pursuant to 15 U.S.C. § 78eee(b)(3);

- appointed Baker as counsel to the SIPA Trustee pursuant to 15 U.S.C. § 78eee(b)(3); and

- removed the liquidation proceeding (the "BLMIS Liquidation") to this Court pursuant to 15 U.S.C. § 78eee(b)(4).

The Bernard L. Madoff Chapter 7 Case

8.      On April 13, 2009, Blumenthal & Associates Florida General Partnership, Martin Rappaport Charitable Remainder Unitrust, Martin Rappaport, Marc Cherno and Steven Morganstern (collectively, the "Petitioning Creditors"), through their attorneys, Milberg LLP, filed an involuntary petition for relief under Chapter 7 of the Bankruptcy Code against Madoff.

9.      On April 16, 2009, the Petitioning Creditors filed a motion to appoint a trustee in Madoff's case, and on that same date, the Court entered an Order to Show Cause Why the Court Should Not Enter an Order Directing the United States Trustee to Appoint an Interim Trustee.

10.     On April 20, 2009, the Court entered an Order directing the Office of the United States Trustee for the Southern District of New York (the "UST") to appoint an interim trustee to perform the duties of trustee as set forth in Bankruptcy Code §§ 701 and 704, pursuant to which the UST appointed Alan Nisselson as the Chapter 7 Trustee on April 21, 2009.

11.     On April 24, 2009, the Court entered an Order authorizing and empowering the Chapter 7 Trustee to retain Windels Marx to represent him in the Madoff case, effective as of April 21, 2009.

12.     On May 5, 2009, the SIPA Trustee and SIPC filed a joint motion for entry of an order pursuant to section 105(a) of the Bankruptcy Code substantively consolidating the Madoff estate into the BLMIS Liquidation (the "Substantive Consolidation Motion").

13.     On June 9, 2009, after the Chapter 7 Trustee filed a Response to the Substantive Consolidation Motion, the Court entered a Consent Order ("Consent Order") [Docket No. 252] which, among other things, approved the Substantive Consolidation Motion, nunc pro tunc to December 11, 2008.

14.     On July 16, 2009, this Court entered an Order granting the Trustee's motion to retain Windels Marx as special counsel on behalf of the consolidated estate, *nunc pro tunc* as of June 9, 2009 [Docket No. 327], finding that Windels Marx is disinterested pursuant to section 78eee(b)(6) of SIPA, section 327(a) of the Bankruptcy Code, and Bankruptcy Rule 2014(a) and is therefore in compliance with the disinterestedness requirement in section 78eee(b)(3) of SIPA, section 327(a) of the Bankruptcy Code, and Bankruptcy Rule 2014(a).

15.     On November 23, 2011, this Court entered an Order [Docket No. 4547] making certain provisions of this Court's Order Establishing Procedures Governing Interim Monthly Compensation of the Trustee and Baker & Hostetler LLP, amended and superseded in its entirety on June 1, 2011, applicable to Windels Marx, *nunc pro tunc* as of June 1, 2011.

### III.    SPECIAL COUNSEL'S EXPERIENCE

16.     Windels Marx engages in the general practice of law, and has substantial expertise in such areas as bankruptcy, commercial litigation, securities, tax and corporate law.

17.     In particular, the senior Windels Marx attorneys in charge of this matter specialize in advising Chapter 7 and Chapter 11 bankruptcy trustees in connection with complex bankruptcy litigation related to, among other things, asset analysis and recovery.

## IV.    <u>SUMMARY OF SERVICES</u>

18.     The services rendered by Windels Marx during the four-month Thirty-Ninth Compensation Period are described below.  In rendering professional services to the Trustee and the Chapter 7 Trustee, Windels Marx's legal team has been composed of professionals with extensive experience in bankruptcy and complex commercial litigation, securities, tax, and corporate law.

19.     Windels Marx professionals have worked closely with the Trustee, his counsel at Baker, and the Trustee's other retained professionals to coordinate their efforts in order to maximize efficiency and to avoid any duplication of effort.

20.     This Thirty-Ninth Application is intended to serve as a summary description of the more significant services rendered by Windels Marx during the Thirty-Ninth Compensation Period.  The following section provides an overview of those services, sorted by the matter and task codes used by Windels Marx for specific categories of work.

21.     Matter Number 02 is the general matter number used for tasks that affect all proceedings commenced by Windels Marx on behalf of the Trustee, and task numbers have been assigned for specific categories of work to permit a more detailed analysis of the fees incurred.[1]

22.     Matter Numbers 03-24 relate to specific projects, adversary proceedings, or groups of adversary proceedings commenced, being handled, and/or being supervised by

---

[1] Matter 01 is reserved for certain non-billable time entries.

Windels Marx on behalf of the Trustee. Common tasks conducted by Windels Marx in these projects, adversary proceedings, or groups of adversary proceedings include the drafting of reports, analyses, and internal memoranda; the filing of papers and the scheduling of matters with the Bankruptcy and/or District Courts; on-going coordination with Baker regarding investigation and litigation strategy; and/or discussions with opposing counsel regarding representation, service, and appearance issues, extensions of time to respond, adjournments of pre-trial conferences, discovery, and settlement. For the sake of brevity, the descriptions of specific projects, adversary proceedings, or groups of adversary proceedings in paragraphs 23 through 48 below will not repeat these common tasks, but will be limited to matter-specific tasks and case activity that occurred during the Compensation Period.

A.      **MADOFF GENERAL (MATTER 02)**

        **Task Code 004: Case Administration (4.10 hours)**

23.     This category relates to various tasks across cases, including (i) research projects and memoranda of general applicability for use by Windels Marx and/or Baker, (ii) the on-going review and reporting internally and to SIPC and Baker on the status of cases and case-wide issues, (iii) the on-going review, organizing, and docketing of case-related information into Baker's and Windels Marx's central databases for use across all Windels Marx and Baker teams, (iv) coordinated tasks affecting or related to one or more Windels Marx and/or Baker cases, and (v) general administrative tasks.

24.     Time entries during this Compensation Period were *de minimis* and related to, among other things, (i) updating weekly case status reports and (ii) reviewing settlement compliance obligations and deadlines in a resolved good faith case.

### Task Code 007: Fee Applications (155.70 hours)

25.     This category relates to the Firm's preparation of Windels Marx's monthly billing statements to SIPC and the Trustee, as well as Windels Marx's Applications for Interim Compensation, and the time spent by attorneys and paraprofessionals in reviewing the Windels Marx billing statements before they are submitted to SIPC and the Trustee, to (i) ensure that time was properly billed, (ii) correct any errors in time entries, (iii) write off certain time and expenses as agreed to by Windels Marx for the benefit of SIPC, and (iv) respond to certain adjustments requested or questions raised by SIPC and/or the Trustee after their review of the monthly billing statements and draft fee application.

### Task Code 020: Internal Office Meetings (69.70 hours)

26.     This category covers internal Windels Marx strategy and case management sessions related to the Firm's pending adversary proceedings. Through these internal meetings and discussions, Windels Marx seeks to ensure the effective use of the time of all timekeepers working on matters, to avoid duplicative efforts, and to provide a consistent approach to the adversary proceedings outstanding during this period and other case-related legal matters being handled by the Firm.

### B.     CREDIT SUISSE (MATTER 12) (1,401.10 hours)

27.     This category relates to an avoidance action filed on December 12, 2011 to recover subsequent transfers of BLMIS Customer Property from certain BLMIS feeder funds to Defendants totaling over $375 million. *Picard v. Credit Suisse AG, et al.,* Adv. Pro. No. 11-02925 (Bankr. S.D.N.Y.) (CGM). This case was dismissed by virtue of this Court's November 2016 Order regarding extraterritoriality and comity (the "ET Order") and has now been returned to this Court based on the Second Circuit's reversal of that dismissal

and the U.S. Supreme Court's denial of defendants' petition for a writ of certiorari in June 2020 (the "ET Appeal"). Thereafter, this and the other subsequent transfer cases named herein were awaiting disposition of the Second Circuit appeal as to the good faith standard and burden for subsequent transfer cases. On August 30, 2021, the Second Circuit held that the standard for good faith was inquiry notice and that the burden of pleading good faith rested with the defendants (the "Good Faith Decision"). As a result, this case is now moving forward.

28.    In addition to the tasks outlined in ¶ 22, time entries during this Compensation Period related to (i) the detailed review and analysis of documents supporting personal jurisdiction and other allegations within the complaint and preparations for motion to dismiss on same, (ii) finalizing, filing, and communicating with opposing counsel as to a motion to dismiss briefing schedule, (iii) reviewing and analyzing defendants' as-filed motion to dismiss, as well as recent filings and oppositions in other cases, and (iv) attending to various on-going tasks and open issues, including working to streamline review of recent document productions in support of complaints and memoranda of law across Credit Suisse-related cases.

### C.    ZEPHYROS (MATTER 14) (55.30 hours)

29.    This category relates to an avoidance action filed on April 5, 2012 to recover subsequent transfers of Customer Property from certain BLMIS feeder funds to Defendant totaling over $114 million. *Picard v. Zephyros Limited*, Adv Pro. No. 12-01278 (Bankr. S.D.N.Y.) (CGM). This case was dismissed in part by virtue of the ET Order and then restored in full based on the ET Appeal. As a result of the Good Faith Decision, this case is now proceeding.

30.     In addition to the tasks outlined in ¶ 22, time entries during this Compensation Period related to (i) revising, finalizing, and filing an amended complaint, including research on issues raised generally by the Trustee's expert and amended complaint committees, (ii) drafting a memorandum of law in support of a motion to amend the complaint, and (iii) finalizing and filing a stipulation setting forth a briefing schedule.

**D.     MISTRAL (MATTER 15) (<u>52.80 hours</u>)**

31.     This category relates to an avoidance action filed on April 5, 2012 to recover subsequent transfers of Customer Property from certain BLMIS feeder funds to Defendant totaling approximately $3.4 million.  *Picard v. Mistral (SPC)*, Adv Pro. No. 12-01273 (Bankr. S.D.N.Y.) (CGM). This case was dismissed in part by virtue of the ET Order.  As a result of the Good Faith Decision, this case is now proceeding.

32.     In addition to the tasks outlined in ¶ 22, time entries during this Compensation Period related to (i) revising, finalizing, and filing an amended complaint, including research on issues raised generally by the Trustee's expert and amended complaint committees, (ii) drafting a memorandum of law in support of a motion to amend the complaint, and (iii) finalizing and filing a stipulation setting forth a briefing schedule.

**E.     SOCIETE GENERALE (MATTER 16) (<u>944.40 hours</u>)**

33.     This category relates to an avoidance action filed on May 30, 2012 to recover subsequent transfers of Customer Property from certain BLMIS feeder funds to Defendants totaling over $162 million. *Picard v. Societe Generale Private Banking (Suisse) S.A. (f/k/a SG Private Banking Suisse S.A.), et al.,* Adv. Pro. No. 12-01677 (Bankr. S.D.N.Y.) (CGM). This case was dismissed by virtue of the ET Order and then returned to

this Court based on the ET Appeal. As a result of the Good Faith Decision, this case is now proceeding.

34.    In addition to the tasks outlined in ¶ 22, time entries during this Compensation Period primarily related to (i) revising, finalizing, and filing stipulations addressing the motion to dismiss briefing schedule and changes to the defendant and caption, including certain entity-related research and communications with opposing counsel, (ii) drafting, revising, and filing oppositions to the motions to dismiss filed by the Societe Generale and "OFI fund" defendants, (iii) analyzing personal jurisdiction, relevant case law, and supporting documents, (iv) in connection with response to OFI defendants, research on fonds commun de placement and capacity to sue in the United States, as well as communications with French local counsel on same, and (v) reviewing and analyzing recent case-wide document productions for use in support of allegations as to jurisdiction and otherwise.

F.    **ROYAL BANK OF CANADA (MATTER 17) (1,128.60 hours)**

35.    This category contains entries related to two avoidance actions. The first action relates to an avoidance action filed on June 6, 2012 to recover subsequent transfers of Customer Property from certain BLMIS feeder funds to Defendants totaling over $100 million. *Picard v. Royal Bank of Canada*, Adv. Pro. No. 12-01699 (Bankr. S.D.N.Y.) (CGM).

36.    The second action under Matter 17 relates to an avoidance action filed on June 6, 2012 to recover subsequent transfers of Customer Property from certain BLMIS feeder funds to Defendants affiliated with Royal Bank of Canada, totaling over $80 million.

*Picard v. Banque Internationale a Luxembourg S.A. (f/k/a Dexia Banque Internationale a Luxembourg S.A.)*, Adv. Pro. No. 12-01698 (Bankr. S.D.N.Y.) (CGM).

37.    These cases were dismissed in part by virtue of the ET Order and then restored in full based on the ET Appeal.  As a result of the Good Faith Decision, these cases are now proceeding.

38.    In addition to the tasks outlined in ¶ 22, time entries during this Compensation Period related to (i) revising, finalizing, and filing amended complaints for both matters, including document review and related research, analysis of case law and other documents supporting personal jurisdiction allegations, and incorporation of template changes and internal comments, (ii) finalizing and filing memoranda of law in support of motions to amend the complaints, (iii) drafting and revising an opposition to the motion to dismiss filed by the Royal Bank of Canada defendants, including research on unique issues raised therein, and (iv) comprehensive review and analysis of recent document productions supporting allegations within the complaints.

### G.    CREDIT SUISSE (AS SUCCESSOR-IN-INTEREST TO CLARIDEN LEU) (MATTER 18) (277.10 hours)

39.    This category relates to an avoidance action filed on May 30, 2012, amended July 30, 2012, to recover subsequent transfers of Customer Property from certain BLMIS feeder funds to Defendant totaling over $49 million. *Picard v. Credit Suisse AG., as successor-in-interest to Clariden Leu AG and Bank Leu AG*, Adv. Pro. No. 12-01676 (Bankr. S.D.N.Y.) (CGM).  This case was dismissed by virtue of the ET Order and then returned to this Court based on the ET Appeal.  As a result of the Good Faith Decision, this case is now proceeding.

40.    In addition to the tasks outlined in ¶ 22, time entries during this Compensation Period primarily related to (i) comprehensive review and analysis of recent document productions, (ii) finalizing and filing a stipulation as to the motion to dismiss briefing schedule, (iii) detailed research in support of potential personal jurisdiction allegations, and (iv) drafting and revising an opposition to the as-filed motion to dismiss.

## H.    TRINCASTAR (MATTER 19) (<u>141.60 hours</u>)

41.    This category relates to an avoidance action filed on September 22, 2011 to recover subsequent transfers of Customer Property from a BLMIS feeder fund to Defendant totaling approximately $13.3 million. *Picard v. Trincastar Corp.*, 11-02731 (Bankr. S.D.N.Y.) (CGM). This case was dismissed by virtue of the ET Order and then returned to this Court based on the ET Appeal.  As a result of the Good Faith Decision, this case is now proceeding.

42.    In addition to the tasks outlined in ¶ 22, time entries during this Compensation Period primarily related to (i) review and analysis of recent document productions, (ii) finalizing and filing stipulations on the briefing schedule and amending the defendant and caption, (iii) investigation into personal jurisdiction information, and (iv) reviewing and analyzing the as-filed motion to dismiss.

## I.    COORDINATED CASES (MATTER 20) (<u>843.90 hours</u>)

43.    This category relates to a group of ten subsequent transferee cases, filed by Baker and staffed with Baker attorneys, which Howard Simon and Kim Longo are supervising, with supporting work by other Windels attorneys, to facilitate the coordination of common information, issues, and documents between the firms and take advantage of staffing efficiencies.  These "Coordinated Cases" were dismissed by virtue of the ET Order

and then returned to this Court based on the ET Appeal.  As a result of the Good Faith Decision, these cases are now proceeding.

44.     This category also relates to work performed at Baker Hostetler's request in connection with (i) the Tremont group of Madoff feeder funds, and application of same to all Windels Marx and Baker subsequent transferee cases, (ii) additional, specific subsequent transfer matters for which Baker needs assistance, and (iii) participation on the supervisory review committee responsible for reviewing all of the Trustee's amended subsequent transfer complaints.

45.     Time entries during this Compensation Period related largely to working on the Coordinated Cases, including (i) conducting document reviews to identify support for allegations in draft amended complaints, (ii) revising draft amended complaints and motions to amend, (iii) drafting and revising briefing schedule stipulations, (iv) reviewing filed motions to dismiss in connection with drafting oppositions and supporting declarations to same, (v) incorporating review committee comments and conforming to template language, (vi) reviewing documents and research supporting personal jurisdiction and other allegations, and (vii) preparation for and participation in court hearings on motions to dismiss filed by several defendants.

46.     Time entries also involved (i) as members of the supervisory review committee, reviewing and commenting on draft amended complaints; (ii) in connection with a Baker leverage case, comprehensive review of documents, background, and case law; and (iii) working internally and with Baker across cases on the review and revising of common language for briefing and on strategies for addressing common issues and case developments.

### J.    CASE-WIDE SUBSEQUENT TRANSFER LITIGATION (MATTER 23) (1,760.50 hours)

47.    This category relates to any and all omnibus-style decisions, motion practice, research, or other tasks related to Windels Marx's subsequent transfer cases globally or case-wide tasks needed by the Trustee with respect to subsequent transfer cases. Time entries during this Compensation Period related to (i) research and analysis of updated personal jurisdiction case law, facts, and documents relevant to subsequent transfer cases and drafting common language for use in briefs across cases, (ii) review and analysis of recent document productions and relevant motion practice and decisions in other cases; (iii) incorporating internal comments and updating template language for briefing; (iii) assisting with preparation for oral arguments for motions to dismiss in various cases; (iv) research and drafting language for anticipated briefing as to bankruptcy safe harbors, (v) updating and revising research memoranda on various issues affecting Windels' cases globally, (vi) preparation for and participation in various subsequent transfer-related team leader meetings both with Baker and internally, and (vii) on-going analyses and communications as to status and next steps in preparation for upcoming filings in subsequent transfer cases.

### K.    NAIDOT (MATTER 24) (60.20 hours)

48.    This category relates to an avoidance action filed in September 2011 to recover subsequent transfers from Fairfield Sentry totaling approximately $13.65 million. *Picard v. Naidot & Co.*, Adv. Pro. No. 11-02733 (Bankr. S.D.N.Y.) (CGM). Windels Marx has provided support to Baker on this action since February 2016, and in June 2021 was formally substituted in as counsel. This case was dismissed by virtue of the ET Order, and it was returned to this Court based on the ET Appeal. As a result of the Good Faith Decision, this case is now proceeding.

49.     Time entries during this Compensation Period related to (i) drafting and revising a draft amended complaint, including analysis of recent document productions, applicable case law, and other relevant information, communications with opposing counsel, and incorporating template language and internal comments; (ii) drafting and revising a motion to amend the complaint; (iii) internal and external communications on the the briefing schedule, draft amended complaint, and investigations into potential witnesses; and (iv) revising, finalizing, and filing a briefing schedule stipulation.

## V.    <u>COMPENSATION REQUESTED</u>

50.     During the Thirty-Ninth Compensation Period, Windels Marx expended 6,895.00 hours in the rendition of professional and paraprofessional services on behalf of the Trustee and the Chapter 7 Trustee, resulting in a blended attorney hourly rate of $458.88 for fees incurred.  The blended rate for all professionals was $451.19.

51.     Prior to filing this Thirty-Ninth Application, Windels Marx provided to SIPC and the Trustee (i) its April 1, 2022 through July 31, 2022 monthly statements setting forth the Firm's total fees for services rendered and expenses incurred on behalf of the consolidated estate for each month during the period April 1, 2022 through July 31, 2022 in the aggregate amount of $3,643,963.64 and $26,688.83, respectively, and (ii) a draft of this Thirty-Ninth Application.  The Firm wrote off certain unbilled and billed time, and SIPC's staff made certain additional adjustments and suggestions, which were adopted by Windels Marx.  After such write-offs and adjustments (and the 10% discount), Windels Marx's April 1, 2022 through July 31, 2022 monthly statements reflected total fees and expenses of $3,110,956.00 and $24,818.91, respectively.

52.    Specifically, Windels Marx's total fees and expenses for this Thirty-Ninth Compensation Period were $3,643,963.64 and $26,688.83, respectively.  In connection with preparing each of the four monthly statements and this Thirty-Ninth Application, Windels Marx voluntarily (i) wrote off unbilled time of $120,289.20, (ii) wrote off billed time of $67,056.67 and (iii) reduced its total remaining fees of $3,456,617.77 to $3,110,956.00 by discounting the Firm's rates by 10% at SIPC's request (resulting in a voluntary reduction of $533,007.64 or approximately 14.63% of Windels Marx's total fees).  Windels Marx also agreed to write off expenses customarily charged to other clients in the amount of $1,869.92, resulting in $24,818.91 of remaining expenses.  Such fees and expenses are reasonable based on the customary compensation charged by comparably skilled practitioners in the Chapter 7 and 11 Cases and comparable bankruptcy and non-bankruptcy cases in a competitive national legal market. Total hours expended after all reductions equal 6,895.00.

53.    There is no agreement or understanding among the Trustee, Windels Marx or any other person, other than members of Windels Marx, for sharing of compensation to be received for services rendered in this case.

54.    This Thirty-Ninth Application has been prepared in accordance with the Amended Guidelines for Fees and Disbursements of Professionals in Southern District of New York Bankruptcy Cases adopted by the Court on February 5, 2013 (the "Local Guidelines").  Pursuant to the Local Guidelines, the certification of Howard L. Simon, Esq. regarding compliance with the same is attached hereto as Exhibit A.

55.    Exhibit B annexed hereto provides a schedule of Windels Marx professionals and paraprofessionals who have provided services during the Thirty-Ninth

Compensation Period, the capacity in which each individual is employed by the Firm, the year in which each attorney was licensed to practice law in New York, the hourly billing rate charged by Windels Marx for services provided by each individual and the aggregate number of hours billed by each individual. The 10% discount (as described above) is already reflected in the total amount billed.

56.     Exhibit C annexed hereto provides a schedule of the expenses for which reimbursement is requested. The requested expenses are customarily charged to and paid by Windels Marx's bankruptcy and non-bankruptcy clients. At SIPC's request, Windels Marx has not charged for local travel expenses and overtime meals, which categories of expenses are regularly charged to and paid by Windels Marx's clients.

57.     Exhibit D annexed hereto is a summary by matter and task code of services performed by Windels Marx from April 1, 2022 through July 31, 2022.

58.     To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Thirty-Ninth Compensation Period, but were not classified or processed prior to the preparation of this Thirty-Ninth Application, Windels Marx reserves the right to request additional compensation for such services and reimbursement of such expenses in a future application.

## VI.     WINDELS MARX'S REQUEST FOR INTERIM COMPENSATION SHOULD BE GRANTED

59.     Section 78eee(b)(5)(A) of SIPA provides in pertinent part that, upon appropriate application and after a hearing, "[t]he court shall grant reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred ... by a trustee ..." Section 78eee(b)(5)(C) of SIPA specifically establishes SIPC's role in

connection with applications for compensation and the consideration the Court should give to SIPC's recommendation concerning fees. That section provides as follows:

> In any case in which such allowances are to be paid by SIPC without reasonable expectation of recoupment thereof as provided in this Chapter and there is no difference between the amounts requested and the amounts recommended by SIPC, the court shall award the amounts recommended by SIPC. In determining the amount of allowances in all other cases, the court shall give due consideration to the nature, extent, and value of the services rendered, and shall place considerable reliance on the recommendations of SIPC.

60.     To the extent the general estate is insufficient to pay such allowances as an expense of administration, section 78eee(b)(5)(E) of SIPA requires SIPC to advance the funds necessary to pay the compensation of Windels Marx (*see* section 78fff-3(b)(2) of SIPA).

61.     Based on the allocation process set forth in SIPA, the Trustee has determined at this time that he has no reasonable expectation that the general estate will be sufficient to make any distribution to general creditors or pay any administrative expenses. That is, the Trustee believes that any assets allocated to the BLMIS general estate will be exhausted prior to his being able to reimburse SIPC fully. The Trustee has been advised by SIPC that it concurs with this belief of the Trustee. Accordingly, any fees and expenses allowed by this Court will be paid from advances by SIPC without any reasonable expectation by SIPC of recoupment thereof.

62.     Therefore, with respect to this Thirty-Ninth Application, Windels Marx requests that consistent with section 78eee(b)(5)(C) of SIPA, the Court "award the amounts recommended by SIPC." *See In re Bell & Beckwith*, 112 B.R. 876 (Bankr. N.D. Ohio 1990). Windels Marx expects that SIPC will file its recommendation to the Court with

respect to this Thirty-Ninth Application prior to the hearing, currently scheduled for December 14, 2022.

63.     Windels Marx submits that the request for interim allowance of compensation made through this Thirty-Ninth Application is reasonable and complies with the provisions of the Bankruptcy Code governing applications for compensation and reimbursement of expenses, pursuant to section 78eee(b)(5) of SIPA.

## VII.   CONCLUSION

64.     Windels Marx respectfully submits that the services rendered during the Thirty-Ninth Compensation Period merit the approval of the fees and disbursements requested herein, and respectfully requests that the Court enter an Order: (i) allowing and awarding $3,110,956.00 (of which 80%, or $2,488,764.80 is to be paid currently, and 20%, or $622,191.20 is to be deferred through the conclusion of the liquidation proceeding or further order of the Court) as an interim payment for professional services rendered by Windels Marx during the Thirty-Ninth Compensation Period, and $24,818.91 as reimbursement of the actual and necessary costs and expenses incurred by the Firm in connection with the rendition of such services, and (ii) granting such other and further relief as the Court may deem just and proper.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

Dated:  New York, New York
       October 31, 2022                Respectfully submitted,

WINDELS MARX LANE & MITTENDORF, LLP
*Special Counsel for Irving H. Picard, Trustee for
the SIPA Liquidation of Bernard L. Madoff
Investment Securities LLC and Alan Nisselson, the
Chapter 7 Trustee of Bernard L. Madoff*

/s/  Howard L. Simon
Howard L. Simon (hsimon@windelsmarx.com)
156 West 56th Street
New York, New York 10019
Telephone: (212) 237-1000
Facsimile: (212) 262-1215