BOND, SCHOENECK & KING, PLLC
Brian J. Butler, Esq.
Sara C. Temes, Esq.
One Lincoln Center
Syracuse, New York  13202
Telephone:  (315) 218-8000
Facsimile:  (315) 218-8100
bbutler@bsk.com
stemes@bsk.com
*Attorneys for OFI MGA ALPHA PALMARES,*
*OVAL PALMARES EUROPLUS, and*
*UMR SELECT ALTERNATIF*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                Plaintiff-Applicant,<br><br>     v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>               Defendant, | **ANSWER with JURY DEMAND**<br><br>Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation<br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>               Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff,<br><br>              Plaintiff,<br><br>     v.<br><br>SOCIETE GENERALE PRIVATE BANKING (SUISSE) S.A. (*f/k/a* SG Private Banking Suisse S.A.); SOCIETE GENERALE PRIVATE BANKING (LUGANO-SVIZZERA) S.A. (*f/k/a* SG Private Banking (Lugano- | Adv. Pro. No. 12-01677 (BRL) |

Svizzera) S.A.); SOCGEN NOMINEES (UK) LIMITED; LYXOR ASSET MANAGEMENT S.A., as Successor in Interest to Barep Asset Management S.A.; SOCIETE GENERALE HOLDING DE PARTICIPATIONS S.A., as Successor in Interest to Barep Asset Management S.A.; SG AM AI PREMIUM FUND L.P. (*f/k/a* SG AM Alternative Diversified U.S. L.P.); LYXOR ASSET MANAGEMENT INC. (*f/k/a* SGAM Asset Management, Inc.), as General Partner of SG AM AI Premium Fund L.P.; SG AUDACE ALTERNATIF (*f/k/a* SGAM AI Audace Alternatif); SGAM AI EQUILIBRIUM FUND (*f/k/a* SGAM Alternative Multi Manager Diversified Fund); LYXOR PREMIUM FUND (*f/k/a* SGAM Alternative Diversified Premium Fund); SOCIETE GENERALE S.A., as Trustee for Lyxor Premium Fund; SOCIETE GENERALE BANK & TRUST S.A.; OFI MGA ALPHA PALMARES (*f/k/a* Oval Alpha Palmares); OVAL PALMARES EUROPLUS; UMR SELECT ALTERNATIF; and BANK AUDI S.A.M.- AUDI SARADAR GROUP (*f/k/a* Dresdner Bank Monaco S.A.M.);

Defendants.

Defendants, OFI MGA ALPHA PALMARES, OVAL PALMARES EUROPLUS, and UMR SELECT ALTERNATIF ("Answering Defendants" or the "OFI Funds")), as and for their Answer to the Amended Complaint (the "Complaint") filed by plaintiff, IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, ("Plaintiff" or the "Trustee"), states as follows:[1]

---

[1] Capitalized terms not defined herein have the meaning set forth in the Complaint.

## **GENERAL DENIAL**

Except as otherwise expressly admitted herein, Answering Defendants deny each and every allegation in the Complaint.  Answering Defendants state that the headings and sub-headings throughout the Complaint do not constitute well-pleaded allegations of fact and therefore require no response.  To the extent a response is required, the allegations in the headings and subheadings in the Complaint are denied. In answering the allegations in the Complaint, Answering Defendant does not intend to waive, and does not waive, any and all applicable objections to the relevance, admissibility, or prejudicial effect of any of the allegations in the Complaint.  To the extent that it is later determined that a response is required to any allegation Answering Defendants aver has been mooted by a prior dismissal of the Trustee's claims, Answering Defendants deny any such allegation.  Answering Defendants expressly reserve the right to amend and/or supplement the Answer.

1.      The allegations of Paragraph 1 contain legal conclusions to which no response is required.  To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint.

2.      The allegations of Paragraph 2 contain legal conclusions to which no response is required.  To the extent a response is required, Answering Defendants DENY the allegations in Paragraph 2 of the Complaint.

3.      LACK KNOWLEDGE AND INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint.

4.     LACK KNOWLEDGE AND INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint.

5.     LACK KNOWLEDGE AND INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint.

6.     LACK KNOWLEDGE AND INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint.

7.     LACK KNOWLEDGE AND INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint.

8.     LACK KNOWLEDGE AND INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint.

9.     LACK KNOWLEDGE AND INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.

10.     LACK KNOWLEDGE AND INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.

11.     LACK KNOWLEDGE AND INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.

12.     LACK KNOWLEDGE AND INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint.

13.     LACK KNOWLEDGE AND INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

14.     LACK KNOWLEDGE AND INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint.

15.    LACK KNOWLEDGE AND INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint.

16.    LACK KNOWLEDGE AND INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint.

17.    LACK KNOWLEDGE AND INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint.

18.    LACK KNOWLEDGE AND INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint.

19.    LACK KNOWLEDGE AND INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint.

20.    LACK KNOWLEDGE AND INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint.

21.    LACK KNOWLEDGE AND INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint.

22.    DENY the allegations in Paragraph 22 of the Complaint except admit that OFI is a *fonds commun de placement* organized under the laws of France and that its address is c/o OFI Asset Management at 1 rue Vernier, 75017 Paris, France.

23.    DENY the allegations in Paragraph 23 of the Complaint except admit that Palmares is a *fonds commun de placement* organized under the laws of France and that its address is c/o OFI Asset Management at 1 rue Vernier, 75017 Paris, France.

24.    DENY the allegations in Paragraph 24 of the Complaint.

25.    LACK KNOWLEDGE AND INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint.

26.    The allegations of Paragraph 26 contain legal conclusions to which no response is required.  To the extent a response is required, Answering Defendants deny the allegations of Paragraph 26 of the Complaint.

27.    The allegations of Paragraph 27 contain legal conclusions to which no response is required.  To the extent a response is required, Answering Defendants deny the allegations of Paragraph 27 of the Complaint, except admits that the main substantively-consolidated SIPA case is pending in this Court, and lacks knowledge or information sufficient to form a belief as to where that case was originally brought.

28.    The allegations of Paragraph 28 contain legal conclusions to which no response is required.  To the extent a response is required, Answering Defendants deny the allegations of Paragraph 28 of the Complaint.

29.    DENY the allegations in Paragraph 29 of the Complaint.

30.    DENY the allegations in Paragraph 30 of the Complaint.

31.    DENY the allegations in Paragraph 31 of the Complaint.

32.    DENY the allegations in Paragraph 32 of the Complaint.

33.    With respect to the allegations in Paragraph 33 of the Complaint against Answering Defendants, DENY the allegations in Paragraph 33 of the Complaint.  With respect to the allegations against the remaining defendants, LACK KNOWLEDGE AND INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint.

34.    With respect to the allegations in Paragraph 34 of the Complaint against Answering Defendants, DENY the allegations in Paragraph 34 of the Complaint.  With respect to the allegations against the remaining defendants, LACK KNOWLEDGE AND

6

INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint.

35.     LACK KNOWLEDGE AND INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint.

36.     LACK KNOWLEDGE AND INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint.

37.     LACK KNOWLEDGE AND INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint.

38.     With respect to the allegations in Paragraph 38 of the Complaint against Answering Defendants, DENY the allegations in Paragraph 38 of the Complaint.  With respect to the allegations against the remaining defendants, LACK KNOWLEDGE AND INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint.

39.     The allegations of Paragraph 39 contain legal conclusions to which no response is required.  To the extent a response is required, Answering Defendants deny the allegations of Paragraph 39 of the Complaint.

40.     The allegations of Paragraph 40 contain legal conclusions to which no response is required.  To the extent a response is required, Answering Defendants deny the allegations of Paragraph 40 of the Complaint.

41.     The allegations of Paragraph 41 contain legal conclusions to which no response is required.  To the extent a response is required, Answering Defendants deny the allegations of Paragraph 41 of the Complaint.

42.    LACK KNOWLEDGE AND INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Complaint.

43.    LACK KNOWLEDGE AND INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Complaint.

44.    LACK KNOWLEDGE AND INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the Complaint

45.    LACK KNOWLEDGE AND INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Complaint

46.    LACK KNOWLEDGE AND INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of the Complaint.

47.    LACK KNOWLEDGE AND INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the Complaint.

48.    LACK KNOWLEDGE AND INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of the Complaint.

49.    LACK KNOWLEDGE AND INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of the Complaint.

50.    LACK KNOWLEDGE AND INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of the Complaint.

51.    The allegations of Paragraph 51 contain legal conclusions to which no response is required.  To the extent a response is required, Answering Defendants deny the allegations of Paragraph 51 of the Complaint.

52.    The allegations of Paragraph 52 contain legal conclusions to which no response is required.  To the extent a response is required, Answering Defendants deny the allegations of Paragraph 52 of the Complaint.

53.    The allegations of Paragraph 53 contain legal conclusions to which no response is required.  To the extent a response is required, Answering Defendants deny the allegations of Paragraph 53 of the Complaint.

54.    LACK KNOWLEDGE AND INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 of the Complaint.

55.    LACK KNOWLEDGE AND INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 of the Complaint.

56.    LACK KNOWLEDGE AND INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 of the Complaint.

57.    LACK KNOWLEDGE AND INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 of the Complaint.

58.    LACK KNOWLEDGE AND INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 of the Complaint.

59.    LACK KNOWLEDGE AND INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 of the Complaint.

60.    LACK KNOWLEDGE AND INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of the Complaint.

61.    LACK KNOWLEDGE AND INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 of the Complaint.

62.     LACK KNOWLEDGE AND INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 of the Complaint.

63.     LACK KNOWLEDGE AND INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 of the Complaint.

64.     LACK KNOWLEDGE AND INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 of the Complaint.

65.     LACK KNOWLEDGE AND INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 65 of the Complaint.

66.     LACK KNOWLEDGE AND INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 of the Complaint.

67.     The allegations of Paragraph 67 of the Complaint refer to proceedings in another litigation to which the Answering Defendants are not parties.  Answering Defendants respectfully refer the Court to the docket and filings in that action for their contents.  Answering Defendants object to the purported wholesale incorporation by reference of a pleading from another litigation as a violation of Rule 8 of the Federal Rules of Civil Procedure as incorporated by Rule 7008 of the Federal Rules of Bankruptcy Procedure.  To the extent a further response is required, Answering Defendants LACK KNOWLEDGE AND INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 of the Complaint.

68.     The allegations of Paragraph 68 of the Complaint refer to a settlement of another litigation to which the Answering Defendants are not parties.  Answering Defendants LACK KNOWLEDGE AND INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 of the Complaint.

69.    LACK KNOWLEDGE AND INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 of the Complaint.

70.    LACK KNOWLEDGE AND INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 of the Complaint.

71.    LACK KNOWLEDGE AND INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 of the Complaint.

72.    LACK KNOWLEDGE AND INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 of the Complaint.

73.    With respect to the allegations in Paragraph 73 of the Complaint against Answering Defendants, DENY the allegations in Paragraph 73 of the Complaint.  With respect to the allegations against the remaining defendants, LACK KNOWLEDGE AND INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 73 of the Complaint.

74.    LACK KNOWLEDGE AND INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 of the Complaint.

75.    LACK KNOWLEDGE AND INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 75 of the Complaint.

76.    LACK KNOWLEDGE AND INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 of the Complaint.

77.    LACK KNOWLEDGE AND INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 77 of the Complaint.

78.    LACK KNOWLEDGE AND INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 78 of the Complaint.

79.     LACK KNOWLEDGE AND INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 79 of the Complaint.

80.     LACK KNOWLEDGE AND INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 80 of the Complaint.

81.     LACK KNOWLEDGE AND INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 81 of the Complaint.

82.     LACK KNOWLEDGE AND INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 82 of the Complaint.

83.     LACK KNOWLEDGE AND INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 83 of the Complaint.

84.     LACK KNOWLEDGE AND INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 84 of the Complaint.

85.     In response to Paragraph 85 of the Complaint, Answering Defendants incorporate and reassert their responses to the allegations contained in the previous paragraphs of this Complaint as though set forth fully herein.

86.     DENY the allegations in Paragraph 86 of the Complaint.

87.     DENY the allegations in Paragraph 87 of the Complaint.

88.     DENY the allegations in Paragraph 88 of the Complaint.

89.     DENY the allegations in Paragraph 89 of the Complaint.

90.     In response to Paragraph 90 of the Complaint, Answering Defendants incorporate and reassert their responses to the allegations contained in the previous paragraphs of this Complaint as though set forth fully herein.

91.     LACK KNOWLEDGE AND INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 91 of the Complaint.

92.     LACK KNOWLEDGE AND INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 92 of the Complaint.

93.     LACK KNOWLEDGE AND INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 93 of the Complaint.

94.     LACK KNOWLEDGE AND INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 94 of the Complaint.

95.     In response to Paragraph 95 of the Complaint, Answering Defendants incorporate and reassert their responses to the allegations contained in the previous paragraphs of this Complaint as though set forth fully herein.

96.     LACK KNOWLEDGE AND INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 96 of the Complaint.

97.     LACK KNOWLEDGE AND INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 97 of the Complaint.

98.     LACK KNOWLEDGE AND INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 98 of the Complaint.

99.     LACK KNOWLEDGE AND INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 99 of the Complaint.

100.    In response to Paragraph 100 of the Complaint, Answering Defendants incorporate and reassert their responses to the allegations contained in the previous paragraphs of this Complaint as though set forth fully herein.

101.    LACK KNOWLEDGE AND INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 101 of the Complaint.

102.    LACK KNOWLEDGE AND INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 102 of the Complaint.

103.    LACK KNOWLEDGE AND INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 103 of the Complaint.

104.    LACK KNOWLEDGE AND INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 104 of the Complaint.

105.    DENY the allegations in Paragraph 105 of the Complaint.

## RESPONSE TO PLAINTIFF'S REQUEST FOR RELIEF

The OFI Funds deny that the Trustee is entitled to his requested judgment in favor of the Trustee and against the OFI Funds or to any of the relief described herein.

## AFFIRMATIVE DEFENSES

Answering Defendants assert the following defenses without assuming the burden of proof or any other burden if such burdens would otherwise be on Plaintiff. Answering Defendants reserve the right to assert any other defenses as discovery in this litigation proceeds or any counterclaims of which it may become aware through discovery or other investigation as may be appropriate at a later time.  Further, Answering Defendants reserve the right to amend this Answer to assert other and further defenses, cross-claims, and/or third party claims when and if, in the course of investigation, discovery, or preparation for trial, it becomes appropriate to do so.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted, including without limitation for the reasons stated in the Answering Defendants' motion to dismiss this adversary proceeding.

## SECOND AFFIRMATIVE DEFENSE

The Answering Defendants are *fonds commun de placement* ("FCP") organized under the laws of France and have no legal personality or existence and, as a result, the claims against the Answering Defendants must be dismissed.  In addition, Defendant OVAL PALMARES EUROPLUS has been dissolved and has no legal existence and the claims against it must be dismissed.

## THIRD AFFIRMATIVE DEFENSE

The Answering Defendants are *fonds commun de placement* ("FCP") organized under the laws of France and have no legal personality or existence and, as a result, lack the capacity to be sued under Rule 17(b) of the Federal Rules of Civil Procedure. In addition, Defendant OVAL PALMARES EUROPLUS has been dissolved and lacks the capacity to be sued under Rule 17(b) of the Federal Rules of Civil Procedure.

## FOURTH AFFIRMATIVE DEFENSE

This Court lacks personal jurisdiction over the Answering Defendants.

## FIFTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred by the statutory safe harbor set forth in 11 U.S.C. § 546(e) because all of the Fairfield Sentry Subsequent Transfers were "covered payments" as settlement payments and payments made in connection with securities contracts.  Furthermore, the Fairfield Sentry Initial Transfers were payments made by a

stockbroker (here, BLMIS), to financial institutions (Fairfield Sentry), for the benefit of financial institutions, including SGBT.  Furthermore, the payments to SGBT were not made with actual intent to defraud.

To the extent that transfers were made to the OFI Funds, section 546(e) prevents the Trustee from avoiding the transfers as a matter of law, because (i) section 546(e) applies to both initial and subsequent transfers alleged by the Trustee; (ii) where section 546(e) applies to mediate transfers, it also bars recovery by the Trustee of any subsequent transfer pursuant to section 550 of the Bankruptcy Code; (iii) subsequent transferees may invoke section 546(e) even if the initial or mediate transferee did not invoke it; and (iv) the Trustee has not alleged that the OFI Funds had actual knowledge of the BLMIS fraud.

## SIXTH AFFIRMATIVE DEFENSE

Under 11 U.S.C. § 550(a), the Trustee may recover transferred Customer Property only "to the extent that the transfer is avoided" under specified provisions of the Bankruptcy Code.  As a result, before the Trustee may recover any property or funds from any Defendant, he must first avoid BLMIS's transfers.  The Trustee has not avoided any of the alleged Fairfield Sentry Initial Transfers, and therefore may not now recover from any of the OFI Funds.

## SEVENTH AFFIRMATIVE DEFENSE

To the extent the OFI funds received any Fairfield Sentry Subsequent Transfers, or any proceeds thereof, the Trustee may not recover such transfers or proceeds because the OFI Funds took for value, in good faith, and without knowledge of the

voidability of the alleged Fairfield Sentry Initial Transfers within the meaning of 11 U.S.C. § 550(b).

### EIGHTH AFFIRMATIVE DEFENSE

Under 11 U.S.C. § 550(d), the Trustee "is entitled to only a single satisfaction under [11 U.S.C. 550(a)]". To the extent that the Trustee has recovered, or will recover, from Fairfield Sentry or from any other immediate or mediate transferee the amount of any avoid initial transfer that includes Customer Property that the Trustee alleges any of the OFI Funds received, the Trustee is barred from recovering any such alleged transfer (or its proceeds) from the OFI Funds.

### NINTH AFFIRMATIVE DEFENSE

The Trustee's recovery from the OFI Funds of any transfer that may have been made from Fairfield Sentry would constitute an impermissible extraterritorial application of U.S. law.

### TENTH AFFIRMATIVE DEFENSE

The Trustee's claims to recover from the OFI Funds the transfers allegedly made to them by Fairfield Sentry violate principals of international comity.

### ELEVENTH AFFIRMATIVE DEFENSE

The Trustee's claims are barred in whole or in part, because the Fairfield Sentry Initial Transfers were taken without actual fraudulent intent and for fair consideration, as provided by New York Debtor and Creditor Law § 278(2).

Plaintiff's claims are barred in whole or in part, because the Fairfield Sentry Initial Transfers were taken for fair consideration and without knowledge of the fraud, as provided by New York Debtor and Creditor Law § 278(1).

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to rely on a "Ponzi scheme presumption" to prove that the Fairfield Sentry Initial Transfers that he seeks to recover from the OFI Funds were made with actual intent to hinder, delay or defraud any BLMIS creditor.

## THIRTEENTH AFFIRMATIVE DEFENSE

To the extent the Trustee recovers from the OFI Funds, the OFI Funds reserve their right to assert claims arising from such recovery under 11 U.S.C. § 502(h).

## FOURTEENTH AFFIRMATIVE DEFENSE

The Trustee's claims are barred to the extent they have been or may in the future be dismissed by the Court, are based on allegations that have been or may in the future be dismissed or stricken by the Court, or are based on theories or allegations that have been or may in the future be rejected by this Court or by another court on appeal from any orders of this Court.

## JURY TRIAL DEMANDED

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rule 9015 of the Federal Rules of Bankruptcy Procedure, the OFI Funds hereby demand a jury trial on all claims and issues that may be tried by a jury.

## FINAL ORDER

The OFI Funds object to the entry of a final order or Judgment against the OFI Funds by the Bankruptcy Court.

**WHEREFORE**, The Answering Defendants request that this Court dismiss the Complaint with prejudice, award the Answering Defendants their costs incurred in connection with this action, and grant such other and further relief as the Court deems just and proper.

Dated:   November 1, 2022                          BOND, SCHOENECK & KING, PLLC

By:_____

     Brian J. Butler, Esq.
     Sara C. Temes, Esq.
*Attorneys for OFI MGA ALPHA PALMARES, OVAL PALMARES EUROPLUS, and UMR SELECT ALTERNATIF*
One Lincoln Center
Syracuse, New York  13202
Telephone:  (315) 218-8000
Facsimile:  (315) 218-8100
bbutler@bsk.com
stemes@bsk.com