**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                            :
SECURITIES INVESTOR PROTECTION                              :
CORPORATION,                                                :
                    Plaintiff-Applicant,                    :
          v.                                                :
                                                            :   SIPA Liquidation
BERNARD L. MADOFF INVESTMENT                                :   No. 08-01789 (CGM)
SECURITIES LLC,                                             :   (Substantively Consolidated)
                    Defendant.                              :
                                                            :
                                                            :
                                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                                            :
In re                                                       :
                                                            :
BERNARD L. MADOFF,                                          :
                                                            :
                    Debtor.                                 :
                                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
IRVING H. PICARD, Trustee for the Liquidation               :
of Bernard L. Madoff Investment Securities LLC,             :
                                                            :   Adv. Pro. No. 10-05345 (CGM)
                    Plaintiff,                               :
                                                            :   **DEMAND FOR JURY TRIAL**
          v.                                                :
                                                            :
CITIBANK, N.A., CITICORP NORTH                              :
AMERICA, INC., AND CITIGROUP GLOBAL                         :
MARKETS LIMITED,                                            :
                    Defendants.                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - :
                                                            x

## THE CITI DEFENDANTS' ANSWER TO THE AMENDED COMPLAINT

Defendants Citicorp North America, Inc. ("Citicorp"), Citibank, N.A. ("Citibank"), and

Citigroup Global Markets Limited ("CGML") (collectively, the "Citi Defendants") answer the

Amended Complaint (D.I. 214) of Plaintiff Irving H. Picard (the "Trustee"), as trustee for the

liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS"), as follows:[1]

## I.    NATURE OF THE PROCEEDING

1.    Paragraph 1 states legal conclusions to which no response is required.  To the

extent a response is required, the Citi Defendants deny the allegations in Paragraph 1.

2.    The Citi Defendants deny the allegations in Paragraph 2.

3.    The Citi Defendants deny the allegations asserted in Paragraph 3.  To the extent

the allegations in Paragraph 3 purport to characterize the contents of the referenced credit

agreement, the Citi Defendants refer the Court to that document for its true and correct contents.

4.    The Citi deny the allegations asserted in Paragraph 4, except the Citi Defendants

admit the allegations asserted in Footnote 1 to Paragraph 4.

5.    The Citi Defendants lack knowledge or information sufficient to form a belief as

to the truth of the allegations in Paragraph 5 and therefore deny the allegations in Paragraph 5.

## II.    SUBJECT MATTER JURISDICTION AND VENUE

6.    The Citi Defendants admit the first two sentences of Paragraph 6.  The third

sentence of Paragraph 6 states legal conclusions to which no response is required.  To the extent

a response is required, the Citi Defendants deny the third sentence of Paragraph 6.

7.    Paragraph 7 states legal conclusions to which no response is required.  To the

extent a response is required, the Citi Defendants deny the allegations asserted in Paragraph 7.

8.    Paragraph 8 states legal conclusions to which no response is required.  To the

extent a response is required, the Citi Defendants deny the allegations asserted in Paragraph 8.

---

[1] Capitalized terms used herein but not defined shall have the meaning ascribed to them in the Amended Complaint. The Citi Defendants' use of such terms is not an admission of their accuracy.

9.      Paragraph 9 states legal conclusions to which no response is required.  To the extent a response is required, the Citi Defendants deny the allegations asserted in Paragraph 9.

## III.    BACKGROUND, THE TRUSTEE, AND STANDING

10.      The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and therefore deny the allegations in Paragraph 10.

11.      The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and therefore deny the allegations in Paragraph 11. Paragraph 11 also purports to characterize the contents of documents, and the Citi Defendants refer the Court to those documents for their true and correct contents.

12.      The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and therefore deny the allegations in Paragraph 12. Paragraph 12 also purports to characterize the contents of documents, and the Citi Defendants refer the Court to those documents for their true and correct contents.

13.      The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 13 and therefore deny the allegations in the first sentence of Paragraph 13.  The remaining allegations in Paragraph 13 state legal conclusions to which no response is required.  To the extent a response is required, the Citi Defendants deny the remaining allegations asserted in Paragraph 13.  Paragraph 13 also purports to characterize the contents of documents, and the Citi Defendants refer the Court to those documents for their true and correct contents.

14.      The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and therefore deny the allegations in Paragraph 14.

Paragraph 14 also purports to characterize the contents of documents, and the Citi Defendants refer the Court to those documents for their true and correct contents.

15.     The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and therefore deny the allegations in Paragraph 15. To the extent Paragraph 15 also purports to characterize the contents of documents, the Citi Defendants refer the Court to those documents for their true and correct contents.  To the extent Paragraph 15 purports to characterize occurrences at a court hearing, the Citi Defendants refer the Court to the hearing transcript, if any.

16.     The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and therefore deny the allegations in Paragraph 16. Paragraph 16 also purports to characterize the contents of documents, and the Citi Defendants refer the Court to those documents.  To the extent Paragraph 16 purports to characterize occurrences at a court hearing, the Citi Defendants refer the Court to the hearing transcript, if any.

17.     The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and therefore deny the allegations in Paragraph 17. Paragraph 17 also purports to characterize the contents of documents, and the Citi Defendants refer the Court to those documents.  To the extent Paragraph 17 purports to characterize occurrences at a court hearing, the Citi Defendants refer the Court to the hearing transcript, if any.

18.     The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and therefore deny the allegations in Paragraph 18.

To the extent Paragraph 18 purports to characterize occurrences at a court hearing, the Citi

Defendants refer the Court to the hearing transcript, if any.

19.     The first sentence of Paragraph 19 states legal conclusions to which no response

is required.  To the extent a response is required, the Citi Defendants deny the allegations

asserted in the first sentence of Paragraph 19.  The Citi Defendants lack knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19

and therefore deny the remaining allegations in Paragraph 19.

20.     Paragraph 20 states legal conclusions to which no response is required.  To the

extent a response is required, the Citi Defendants deny the allegations asserted in Paragraph 20.

21.     Paragraph 21 states legal conclusions to which no response is required.  To the

extent a response is required, the Citi Defendants deny the allegations asserted in Paragraph 21.

## IV.    DEFENDANTS AND NON-PARTIES

### A.    Defendant Citibank N.A.

22.     The Citi Defendants admit that Citigroup Inc.'s 2021 10-K states that Citibank is

a commercial bank.  The Citi Defendants further admit that Citibank's principal place of

business is in New York, but deny that Citibank's principal place of business is at 399 Park

Avenue, New York, NY 10022.

23.     The Citi Defendants admit that Citigroup Inc.'s 2005 10-K states that: (1)

Citibank's "U.S. Retail Distribution provides banking, lending, investment and insurance

products and services to customers through 896 Citibank branches" and (2) "Citibank had net

income for 2005 amounting to $8.8 billion."  The Citi Defendants deny the remaining allegations

in Paragraph 23.

24.     The Citi Defendants admit that Citibank's principal place of business is in New

York, but the remainder of Paragraph 24 states legal conclusions to which no response is

-5-

required.  To the extent a response is required, the Citi Defendants deny the allegations asserted in the remainder of Paragraph 24.

25.    Paragraph 25 states legal conclusions to which no response is required.  To the extent a response is required, the Citi Defendants deny the allegations asserted in Paragraph 25.

26.    Paragraph 26 states legal conclusions to which no response is required.  To the extent a response is required, the Citi Defendants deny the allegations asserted in Paragraph 26.

27.    The Citi Defendants admit that in their corporate ownership statement filed in this adversary proceeding on April 22, 2022 (ECF 221), the Citi Defendants stated that "Citibank, N.A. is a wholly owned subsidiary of Citicorp LLC, which is a wholly owned subsidiary of Citigroup Inc."  The Citi Defendants further admit that Citigroup Inc. is the ultimate beneficial owner of Citibank, Citicorp, and CGMI.  The Citi Defendants further admit that CGML's 2021 Annual Report and Financial Statements reports that CGML is a "wholly owned subsidiary of the ultimate parent, Citigroup Inc."  The Citi Defendants deny the remaining allegations in Paragraph 27.

**B.    Defendant Citicorp North America, Inc.**

28.    The Citi Defendants admit that Citicorp is a Delaware corporation with its principal place of business at 388 Greenwich Street, New York, NY 100013 and that Citicorp is a non-bank commercial lending and leasing company.  The Citi Defendants further admit that in their corporate ownership statement filed in this adversary proceeding on April 22, 2022 (ECF 221), the Citi Defendants stated "Citicorp North America, Inc. is a subsidiary of Citicorp Banking Corporation, which is a subsidiary of Citigroup Inc."  The Citi Defendants deny the remaining allegations in Paragraph 28.

29.    The Citi Defendants admit that Citicorp has its principal place of business in New York, but the remainder of Paragraph 29 states legal conclusions to which no response is required.  To the extent a response is required, the Citi Defendants deny the allegations asserted in the remainder of Paragraph 29.

30.    Paragraph 30 states legal conclusions to which no response is required.  To the extent a response is required, the Citi Defendants deny the allegations asserted in Paragraph 30.

31.    Paragraph 31 states legal conclusions to which no response is required.  To the extent a response is required, the Citi Defendants deny the allegations asserted in Paragraph 31.

### C.    Defendant Citigroup Global Markets Limited

32.    The Citi Defendants admit that CGML's 2021 Annual Report and Financial Statements report that CGML's registered office is Citigroup Centre, Canada Square, Canary Wharf, London E14 5LB, United Kingdom, that CGML is an "international broker dealer," and that "as at 31 December 2021, [CGML] had five branch offices," two in the European Union and three outside the European Union.  The European Union Branches were reported as being in Italy and Czech Republic.  The Italy branch was reported as being "in liquidation" and the Czech Republic branch was reported as having "no activity."  CGML also reported having a branch in Switzerland.  The Citi Defendants deny the remaining allegations in Paragraph 32.

33.    The Citi Defendants admit that in their corporate ownership statement filed in this adversary proceeding on April 22, 2022 (ECF 221), the Citi Defendants stated that "Citigroup Global Markets Limited is a wholly owned subsidiary of Citigroup Global Markets Holdings Bahamas Limited. Citigroup Global Markets Holdings Bahamas Limited is partially owned by Citigroup Global Markets (International) Finance GmbH, Citigroup Global Markets Switzerland Holding GmbH, and Citigroup Financial Products Inc. Citigroup Global Markets (International)

Finance GmbH and Citigroup Global Markets Switzerland Holding GmbH are wholly owned

subsidiaries of Citigroup Global Markets Europe Finance Limited. Citigroup Global Markets

Europe Finance Limited is a wholly owned subsidiary of Citigroup Financial Products Inc.

Citigroup Financial Products Inc. is a wholly owned subsidiary of Citigroup Global Markets

Holdings Inc. Citigroup Global Markets Holdings Inc. is a wholly owned subsidiary of Citigroup

Inc." The Citi Defendants further admit that CGML's 2021 Annual Report and Financial

Statements state that it is Citigroup Inc.'s "international broker-dealer." The Citi Defendants

deny the remaining allegations in Paragraph 33.

34.     The Citi Defendants admit that CGML's 2021 Annual Report and Financial

Statements state that CGML is Citigroup's "international broker dealer" and that CGML is a

"market maker in equity, fixed income and commodity products across cash, over-the-counter

(OTC) derivatives and exchange-traded markets, as well as a provider of investment banking,

capital markets, and advisory services." The Citi Defendants deny the remaining allegations in

Paragraph 34.

35.     Paragraph 35 states legal conclusions to which no response is required. To the

extent a response is required, the Citi Defendants deny the allegations asserted in Paragraph 35.

36.     The Citi Defendants lack knowledge or information sufficient to form a belief as

to the truth of the allegations in Paragraph 36 and therefore deny the allegations in Paragraph 36.

37.     The Citi Defendants lack knowledge or information sufficient to form a belief as

to the truth of the allegations in Paragraph 37 and therefore deny the allegations in Paragraph 37.

38.     The Citi Defendants lack knowledge or information sufficient to form a belief as

to the truth of the allegations in Paragraph 38 and therefore deny the allegations in Paragraph 38.

To the extent that Paragraph 38 purports to characterize the contents of documents, the Citi

Defendants refer the Court to those documents for their true and correct contents.

39.    The first sentence of Paragraph 39 states legal conclusions to which no response

is required.  To the extent a response is required, the Citi Defendants deny the first sentence of

Paragraph 39.  The Citi Defendants lack knowledge or information sufficient to form a belief as

to the truth of the second sentence of Paragraph 39 and therefore deny the allegations in the

second sentence of Paragraph 39.

40.    The Citi Defendants lack knowledge or information sufficient to form a belief as

to the truth of the allegations in Paragraph 40 and therefore deny the allegations in Paragraph 40.

Paragraph 40 also purports to characterize the contents of documents, and the Citi Defendants

refer the Court to those documents for their true and correct contents.

41.    The Citi Defendants lack knowledge or information sufficient to form a belief as

to the truth of the allegations in Paragraph 41 and therefore deny the allegations in Paragraph 41.

42.    The Citi Defendants lack knowledge or information sufficient to form a belief as

to the truth of the allegations in Paragraph 42 and therefore deny the allegations in Paragraph 42.

43.    The Citi Defendants lack knowledge or information sufficient to form a belief as

to the truth of the allegations in Paragraph 43 and therefore deny the allegations in Paragraph 43.

44.    The Citi Defendants lack knowledge or information sufficient to form a belief as

to the truth of the allegations in the first clause of Paragraph 44 and therefore deny the

allegations in the first clause of Paragraph 44.  The Citi Defendants deny the remaining

allegations asserted in Paragraph 44.

45.    The Citi Defendants lack knowledge or information sufficient to form a belief as

to the truth of the allegations in the first sentence of Paragraph 45 and therefore deny the

allegations in the first sentence of Paragraph 45. The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first clause of the second sentence of Paragraph 45 and therefore deny the allegations in the first clause of the second sentence of Paragraph 45. The Citi Defendants deny the remaining allegations asserted in Paragraph 45.

46. Paragraph 46 states legal conclusions to which no response is required. To the extent a response is required, the Citi Defendants deny the allegations asserted in Paragraph 46.

47. Paragraph 47 states legal conclusions to which no response is required. To the extent a response is required, the Citi Defendants deny the allegations asserted in Paragraph 47.

**D.    Non-Party Citigroup Global Markets, Inc.**

48. The Citi Defendants admit that Citigroup Inc.'s 2021 10-K states that CGMI is a "U.S. broker-dealer" and is Citigroup Inc.'s "primary broker-dealer." The Citi Defendants further admit that CGMI is incorporated in New York and that its principal executive office address is 388 Greenwich Street, New York, NY 10013. The Citi Defendants further admit that Citigroup Inc.'s 2021 10-K states that CGMI "is an indirect wholly owned subsidiary" of Citigroup Inc. and that Citigroup Global Markets Holdings, Inc. is a "wholly owned subsidiary" of Citigroup Inc. The Citi Defendants further admit that CGMI is wholly owned by Citigroup Financial Products, Inc, which is a subsidiary of Citigroup Global Markets Holdings, Inc. The Citi Defendants deny the remaining allegations in Paragraph 48.

49. The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 and therefore deny the allegations in Paragraph 49. The allegation that CGMI was "acting as agent for Defendants" states a legal conclusion to

which no response is required.  To the extent a response is required, the Citi Defendants deny the allegation.

50.    The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 and therefore deny the allegations in Paragraph 50. To the extent Paragraph 50 purports to characterize the contents of documents, the Citi Defendants refer the Court to those documents for their true and correct contents.

51.    The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 and therefore deny the allegations in Paragraph 51. Paragraph 51 also states legal conclusions to which no response is required.  To the extent a response is required, the Citi Defendants deny the allegations asserted in Paragraph 51.

**E.    Non-Party Tremont Partners, Inc.**

52.    The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 and therefore deny the allegations in Paragraph 52.

**F.    Non-Party Prime Fund**

53.    The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 and therefore deny the allegations in Paragraph 53. The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Footnote 2 to Paragraph 53 and therefore deny the allegations in Footnote 2 to Paragraph 53.

**G.    Non-Party Fairfield Greenwich Group**

54.    The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 and therefore deny the allegations in Paragraph 54.

-11-

### H.    Non-Party Fairfield Sentry

55.     The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 and therefore deny the allegations in Paragraph 55. To the extent Paragraph 55 purports to characterize the contents of documents, the Citi Defendants refer the Court to those documents for their true and correct contents.

## V.    BLMIS, THE PONZI SCHEME, AND MADOFF'S INVESTMENT STRATEGY

### A.    BLMIS

56.     The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 and therefore deny the allegations in Paragraph 56.

57.     The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 and therefore deny the allegations in Paragraph 57. To the extent Paragraph 57 purports to characterize the contents of documents, the Citi Defendants refer the Court to those documents for their true and correct contents.

58.     The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 and therefore deny the allegations in Paragraph 58.

59.     The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 and therefore deny the allegations in Paragraph 59.

60.     The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 and therefore deny the allegations in Paragraph 60. To the extent Paragraph 60 purports to characterize the contents of documents, the Citi Defendants refer the Court to those documents for their true and correct contents.

61.     The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 and therefore deny the allegations in Paragraph 61.

To the extent Paragraph 61 purports to characterize the contents of documents, the Citi Defendants refer the Court to those documents for their true and correct contents.

### B.        The Ponzi Scheme

62.        The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 and therefore deny the allegations in Paragraph 62.

63.        The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 and therefore deny the allegations in Paragraph 63. To the extent Paragraph 63 purports to characterize the contents of documents, the Citi Defendants refer the Court to those documents for their true and correct contents.

64.        The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 and therefore deny the allegations in Paragraph 64.

65.        The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 and therefore deny the allegations in Paragraph 65. To the extent Paragraph 65 purports to characterize the contents of documents, the Citi Defendants refer the Court to those documents for their true and correct contents.  To the extent Paragraph 65 purports to characterize occurrences at a court hearing, the Citi Defendants refer the Court to the hearing transcript, if any.

<u>Madoff's Investment Strategy</u>

66.        The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 and therefore deny the allegations in Paragraph 66.

67.        The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 and therefore deny the allegations in Paragraph 67.

68.        The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 and therefore deny the allegations in Paragraph 68.

69.     The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 and therefore deny the allegations in Paragraph 69.

70.     The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 and therefore deny the allegations in Paragraph 70. To the extent Paragraph 70 purports to characterize the contents of documents, the Citi Defendants refer the Court to those documents for their true and correct contents.

71.     The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 and therefore deny the allegations in Paragraph 71.

72.     The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 and therefore deny the allegations in Paragraph 72.

73.     The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 and therefore deny the allegations in Paragraph 73.

74.     The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 and therefore deny the allegations in Paragraph 74.

75.     The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 and therefore deny the allegations in Paragraph 75.

76.     The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 and therefore deny the allegations in Paragraph 76.

77.     The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 and therefore deny the allegations in Paragraph 77.

<u>BLMIS's Fee Structure</u>

78.     The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 and therefore deny the allegations in Paragraph 78.

-14-

BLMIS's Market Timing

79.    The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 and therefore deny the allegations in Paragraph 79.

80.    The first sentence of Paragraph 80 states legal conclusions to which no response is required.  To the extent a response is required, the Citi Defendants deny the allegations in Paragraph 80.  The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 80 and therefore deny the remaining allegations in Paragraph 80.

81.    The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81 and therefore deny the allegations in Paragraph 81.

BLMIS Execution

82.    The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82 and therefore deny the allegations in Paragraph 82.

No Evidence of BLMIS Trading

83.    The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83 and therefore deny the allegations in Paragraph 83.

84.    The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84 and therefore deny the allegations in Paragraph 84.

The Collapse of The Ponzi Scheme

85.    The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85 and therefore deny the allegations in Paragraph 85.

86.    The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86 and therefore deny the allegations in Paragraph 86.

To the extent Paragraph 86 purports to characterize occurrences at a court hearing, the Citi Defendants refer the Court to the hearing transcript, if any.

87.    Paragraph 87 states legal conclusions to which no response is required. To the extent a response is required, the Citi Defendants deny the allegations in Paragraph 87.

## VI.    TREMONT KNEW THAT BLMIS'S IA BUSINESS WAS A FRAUD

88.    The allegation that any funds constitute "Customer Property under SIPA" states a legal conclusion to which no response is required. To the extent a response is required, the Citi Defendants deny that allegation. The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence of Paragraph 88 and therefore deny the remaining allegations in the first sentence of Paragraph 88. The second sentence of Paragraph 88, including footnote 3 to Paragraph 88, states legal conclusions to which no response is required. To the extent a response is required, the Citi Defendants deny the allegations in the second sentence of Paragraph 88.

89.    The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89 and therefore deny the allegations in Paragraph 89.

90.    The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90 and therefore deny the allegations in Paragraph 90. Paragraph 90 also purports to characterize the contents of documents, and the Citi Defendants refer the Court to those documents for their true and correct contents.

### A.    Tremont's Senior Executives Had a Close Relationship with Madoff

91.    The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91 and therefore deny the allegations in Paragraph 91.

92.    The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92 and therefore deny the allegations in Paragraph 92.

-16-

To the extent Paragraph 90 purports to characterize the contents of documents, the Citi

Defendants refer the Court to those documents for their true and correct contents

93.    The Citi Defendants lack knowledge or information sufficient to form a belief as

to the truth of the allegations in Paragraph 93 and therefore deny the allegations in Paragraph 93.

**B.    Tremont Received Repeated, Direct Fraud Warnings About BLMIS's Investment Advisory Business**

94.    The Citi Defendants lack knowledge or information sufficient to form a belief as

to the truth of the allegations in Paragraph 94 and therefore deny the allegations in Paragraph 94.

Paragraph 94 also purports to characterize the contents of documents, and the Citi Defendants

refer the Court to those documents for their true and correct contents.

95.    The Citi Defendants lack knowledge or information sufficient to form a belief as

to the truth of the allegations in Paragraph 95 and therefore deny the allegations in Paragraph 95.

Paragraph 95 also purports to characterize the contents of documents, and the Citi Defendants

refer the Court to those documents for their true and correct contents.

96.    The Citi Defendants lack knowledge or information sufficient to form a belief as

to the truth of the allegations in Paragraph 96 and therefore deny the allegations in Paragraph 96.

Paragraph 96 also purports to characterize the contents of documents, and the Citi Defendants

refer the Court to those documents for their true and correct contents.

97.    The Citi Defendants lack knowledge or information sufficient to form a belief as

to the truth of the allegations in Paragraph 97 and therefore deny the allegations in Paragraph 97.

Paragraph 97 also purports to characterize the contents of documents, and the Citi Defendants

refer the Court to those documents for their true and correct contents.

98.    The Citi Defendants lack knowledge or information sufficient to form a belief as

to the truth of the allegations in Paragraph 98 and therefore deny the allegations in Paragraph 98.

Paragraph 98 also purports to characterize the contents of documents, and the Citi Defendants refer the Court to those documents for their true and correct contents.

99.     The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99 and therefore deny the allegations in Paragraph 99. Paragraph 99 also purports to characterize the contents of documents, and the Citi Defendants refer the Court to those documents for their true and correct contents.

100.    The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100 and therefore deny the allegations in Paragraph 100. Paragraph 100 also purports to characterize the contents of documents, and the Citi Defendants refer the Court to those documents for their true and correct contents.

101.    The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101 and therefore deny the allegations in Paragraph 101. Paragraph 101 also purports to characterize the contents of documents, and the Citi Defendants refer the Court to those documents for their true and correct contents.

102.    The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 102 and therefore deny the allegations in Paragraph 102. Paragraph 102 also purports to characterize the contents of documents, and the Citi Defendants refer the Court to those documents for their true and correct contents.

103.    The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 103 and therefore deny the allegations in Paragraph 103. Paragraph 103 also purports to characterize the contents of documents, and the Citi Defendants refer the Court to those documents for their true and correct contents.

104.    The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 104 and therefore deny the allegations in Paragraph 104.  To the extent Paragraph 104 also purports to characterize the contents of documents, the Citi Defendants refer the Court to those documents for their true and correct contents.

105.    The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 105 and therefore deny the allegations in Paragraph 105.

106.    The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 106 and therefore deny the allegations in Paragraph 106.

107.    The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107 and therefore deny the allegations in Paragraph 107.  To the extent Paragraph 107 also purports to characterize the contents of documents, the Citi Defendants refer the Court to those documents for their true and correct contents.

**C.    Tremont's Own Reporting Showed that BLMIS's Purported Trades Were Impossible**

108.    The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 108 and therefore deny the allegations in Paragraph 108.  Paragraph 108 also purports to characterize the contents of documents, and the Citi Defendants refer the Court to those documents for their true and correct contents.

109.    The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 109 and therefore deny the allegations in Paragraph 109.  To the extent Paragraph 109 also purports to characterize the contents of documents, the Citi Defendants refer the Court to those documents for their true and correct contents.

-19-

**D.    Tremont Exempted BLMIS From Its High Due Diligence Standards**

110.    The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 110 and therefore deny the allegations in Paragraph 110.

111.    The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 111 and therefore deny the allegations in Paragraph 111.

112.    The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 112 and therefore deny the allegations in Paragraph 112.  Paragraph 112 also purports to characterize the contents of documents, and the Citi Defendants refer the Court to those documents for their true and correct contents.

113.    The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 113 and therefore deny the allegations in Paragraph 113.  To the extent Paragraph 113 also purports to characterize the contents of documents, the Citi Defendants refer the Court to those documents for their true and correct contents.

114.    The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114 and therefore deny the allegations in Paragraph 114.  To the extent Paragraph 114 also purports to characterize the contents of documents, the Citi Defendants refer the Court to those documents for their true and correct contents.

115.    The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 115 and therefore deny the allegations in Paragraph 115.  To the extent Paragraph 115 also purports to characterize the contents of documents, the Citi Defendants refer the Court to those documents for their true and correct contents.

E.    **BLMIS Failed Tremont's Requirements for Third-Party Oversight Yet Tremont Made an Exception for Madoff**

116.    The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 116 and therefore deny the allegations in Paragraph 116.

117.    The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 117 and therefore deny the allegations in Paragraph 117. Paragraph 117 also purports to characterize the contents of documents, and the Citi Defendants refer the Court to those documents for their true and correct contents.

118.    The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 118 and therefore deny the allegations in Paragraph 118. To the extent Paragraph 118 also purports to characterize the contents of documents, the Citi Defendants refer the Court to those documents for their true and correct contents.

119.    The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 119 and therefore deny the allegations in Paragraph 119. Paragraph 119 also purports to characterize the contents of documents, and the Citi Defendants refer the Court to those documents for their true and correct contents.

120.    The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 120 and therefore deny the allegations in Paragraph 120. Paragraph 120 also purports to characterize the contents of documents, and the Citi Defendants refer the Court to those documents for their true and correct contents.

121.    The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 121 and therefore deny the allegations in Paragraph

121.  Paragraph 121 also purports to characterize the contents of documents, and the Citi Defendants refer the Court to those documents for their true and correct contents.

### F.    Tremont Consistently Shielded Madoff From Third-Party Due Diligence

122.    The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 122 and therefore deny the allegations in Paragraph 122.  Paragraph 122 also purports to characterize the contents of documents, and the Citi Defendants refer the Court to those documents for their true and correct contents.

123.    The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 123 and therefore deny the allegations in Paragraph 123.  Paragraph 123 also purports to characterize the contents of documents, and the Citi Defendants refer the Court to those documents for their true and correct contents.

124.    The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 124 and therefore deny the allegations in Paragraph 124.  Paragraph 124 also purports to characterize the contents of documents, and the Citi Defendants refer the Court to those documents for their true and correct contents.

125.    The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 125 and therefore deny the allegations in Paragraph 125.  Paragraph 125 also purports to characterize the contents of documents, and the Citi Defendants refer the Court to those documents for their true and correct contents.

126.    The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 126 and therefore deny the allegations in Paragraph 126.  To the extent Paragraph 126 also purports to characterize the contents of documents, the Citi Defendants refer the Court to those documents for their true and correct contents.

127.    The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 127 and therefore deny the allegations in Paragraph 127.  To the extent Paragraph 127 also purports to characterize the contents of documents, the Citi Defendants refer the Court to those documents for their true and correct contents.

128.    The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 128 and therefore deny the allegations in Paragraph 128.  Paragraph 128 also purports to characterize the contents of documents, and the Citi Defendants refer the Court to those documents for their true and correct contents.

129.    The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 129 and therefore deny the allegations in Paragraph 129.  Paragraph 129 also purports to characterize the contents of documents, and the Citi Defendants refer the Court to those documents for their true and correct contents.

130.    The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 130 and therefore deny the allegations in Paragraph 130.  To the extent Paragraph 130 also purports to characterize the contents of documents, the Citi Defendants refer the Court to those documents for their true and correct contents.

131.    The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 131 and therefore deny the allegations in Paragraph 131.  Paragraph 131 also purports to characterize the contents of documents, and the Citi Defendants refer the Court to those documents for their true and correct contents.

G.      **Tremont Avoided Questions and Fabricated Answers About BLMIS's Purported Options Trading**

132.    The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 132 and therefore deny the allegations in Paragraph 132.

1.      **Divergent Answers on Over-the-Counter/Listed Trading Questions**

133.    The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 133 and therefore deny the allegations in Paragraph 133. Paragraph 133 also purports to characterize the contents of documents, and the Citi Defendants refer the Court to those documents for their true and correct contents.

134.    The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 134 and therefore deny the allegations in Paragraph 134.

135.    The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 135 and therefore deny the allegations in Paragraph 135.

136.    The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 136 and therefore deny the allegations in Paragraph 136. Paragraph 136 also purports to characterize the contents of documents, and the Citi Defendants refer the Court to those documents for their true and correct contents.

137.    The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 137 and therefore deny the allegations in Paragraph 137. Paragraph 137 also purports to characterize the contents of documents, and the Citi Defendants refer the Court to those documents for their true and correct contents.

### 2. Failure to Conduct Any Diligence on Purported Options Counterparties and Covering up the Truth With Fabrications

138.    The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 138 and therefore deny the allegations in Paragraph 138.

139.    The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 139 and therefore deny the allegations in Paragraph 139.

140.    The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 140 and therefore deny the allegations in Paragraph 140

141.    The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 141 and therefore deny the allegations in Paragraph 141.  Paragraph 141 also purports to characterize the contents of documents, and the Citi Defendants refer the Court to those documents for their true and correct contents.

142.    The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 142 and therefore deny the allegations in Paragraph 142.  Paragraph 142 also purports to characterize the contents of documents, and the Citi Defendants refer the Court to those documents for their true and correct contents.

143.    The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 143 and therefore deny the allegations in Paragraph 143.  Paragraph 143 also purports to characterize the contents of documents, and the Citi Defendants refer the Court to those documents for their true and correct contents.

144.     The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 144 and therefore deny the allegations in Paragraph 144.  To the extent Paragraph 144 also purports to characterize the contents of documents, the Citi Defendants refer the Court to those documents for their true and correct contents.

145.     The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 145 and therefore deny the allegations in Paragraph 145.  Paragraph 145 also purports to characterize the contents of documents, and the Citi Defendants refer the Court to those documents for their true and correct contents.

146.     The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 146 and therefore deny the allegations in Paragraph 146.

147.     The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 147 and therefore deny the allegations in Paragraph 147.  To the extent Paragraph 147 also purports to characterize the contents of documents, the Citi Defendants refer the Court to those documents for their true and correct contents.

148.     The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 148 and therefore deny the allegations in Paragraph 148.  To the extent Paragraph 148 also purports to characterize the contents of documents, the Citi Defendants refer the Court to those documents for their true and correct contents.

149.     The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 149 and therefore deny the allegations in Paragraph 149.  To the extent Paragraph 149 also purports to characterize the contents of documents, the Citi Defendants refer the Court to those documents for their true and correct contents.

150.     The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 150 and therefore deny the allegations in Paragraph 150.

**H.     Tremont's Executives Had a Powerful Motive to Hide What They Knew About BLMIS and Madoff**

151.     The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 151 and therefore deny the allegations in Paragraph 151.

152.     The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 152 and therefore deny the allegations in Paragraph 152.

153.     The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 153 and therefore deny the allegations in Paragraph 153.  To the extent Paragraph 153 also purports to characterize the contents of documents, the Citi Defendants refer the Court to those documents for their true and correct contents.

154.     The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 154 and therefore deny the allegations in Paragraph 154.  To the extent Paragraph 154 also purports to characterize the contents of documents, the Citi Defendants refer the Court to those documents for their true and correct contents.

155.     The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 155 and therefore deny the allegations in Paragraph 155  To the extent Paragraph 155 also purports to characterize the contents of documents, the Citi Defendants refer the Court to those documents for their true and correct contents.

I.    **Tremont Co-Managed Kingate Global**

156.    The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 156 and therefore deny the allegations in Paragraph 156.

157.    The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 157 and therefore deny the allegations in Paragraph 157.

158.    The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 158 and therefore deny the allegations in Paragraph 158.

159.    The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 159 and therefore deny the allegations in Paragraph 159.  Paragraph 159 also purports to characterize the contents of documents, and the Citi Defendants refer the Court to those documents for their true and correct contents.

160.    The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 160 and therefore deny the allegations in Paragraph 160.

161.    Paragraph 161 states legal conclusions to which no response is required.  To the extent a response is required, the Citi Defendants deny the allegations in Paragraph 161.

## VII.    RECOVERY OF SUBSEQUENT TRANSFER TO DEFENDANTS

### A.    Fairfield Sentry

#### 1.    Initial Transfers from BLMIS to Fairfield Sentry

162.    The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 162 and therefore deny the allegations in Paragraph 162.

163.    The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 163 and therefore deny the allegations in Paragraph 163.  Paragraph 163 also purports to characterize the contents of documents, and the Citi Defendants refer the Court to those documents for their true and correct contents.

164.    The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 164, and therefore deny the allegations set forth in the first sentence of Paragraph 164.  The allegations in the second sentence of Paragraph 164 state legal conclusions to which no response is required.  To the extent a response is required, the Citi Defendants deny the allegations in the second sentence of Paragraph 164.

165.    The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 165 and therefore deny the allegations in Paragraph 165.  Paragraph 165 also purports to characterize the contents of documents, and the Citi Defendants refer the Court to those documents for their true and correct contents.

166.    The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 166 and therefore deny the allegations in the first sentence of Paragraph 166.  The second sentence of Paragraph 166 states

legal conclusions to which no response is required.  To the extent a response is required, the Citi

Defendants deny the allegations in the second sentence of Paragraph 166.

167.    The Citi Defendants lack knowledge or information sufficient to form a belief as

to the truth of the allegations in the first sentence of Paragraph 167 and therefore deny the

allegations in the first sentence of Paragraph 167.  The remaining allegations in Paragraph 167

state legal conclusions to which no response is required.  To the extent a response is required, the

Citi Defendants deny the remaining allegations in Paragraph 167.

168.    The Citi Defendants lack knowledge or information sufficient to form a belief as

to the truth of the allegations in Paragraph 168 and therefore deny the allegations in Paragraph

168.  The remaining allegations in Paragraph 168 state legal conclusions to which no response is

required.  To the extent a response is required, the Citi Defendants deny the remaining

allegations in Paragraph 168.

### 2.    Subsequent Transfers from Fairfield Sentry to CGML

169.    The Citi Defendants deny the allegations in Paragraph 169.

170.    The Citi Defendants lack knowledge or information as to when the Trustee

"commenced this proceeding," but the Citi Defendants admit that the Trustee filed its original

complaint against Citibank, CGML, and Citibank North America, Inc. on December 8, 2010.

171.    Paragraph 171 states legal conclusions to which no response is required.  To the

extent a response is required, the Citi Defendants deny the allegations asserted in Paragraph 171.

172.    To the extent the allegations in Paragraph 172 characterize the Fairfield Sentry

Subsequent Transfers and Fairfield Sentry's solvency status, the allegations state legal

conclusions to which no response is required.  To the extent a response is required, the Citi

Defendants deny the allegations.  The Citi Defendants lack knowledge or information sufficient

to form a belief as to the truth of the remaining allegations in Paragraph 172 and therefore deny the remaining allegations in Paragraph 172.

173.    The Citi Defendants deny the allegations in Paragraph 173.

**B.    Prime Fund**

**1.    Initial Transfers from BLMIS to Prime Fund**

174.    The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 174 and therefore deny the allegations in Paragraph 174.

175.    The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 175 and therefore deny the allegations in Paragraph 175.  The remaining allegations in Paragraph 175 state legal conclusions to which no response is required.  To the extent a response is required, the Citi Defendants deny the remaining allegations in Paragraph 175.

176.    The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 176 and therefore deny the allegations in the first sentence of Paragraph 176.  The remaining allegations in Paragraph 176 state legal conclusions to which no response is required.  To the extent a response is required, the Citi Defendants deny the remaining allegations in Paragraph 176.

177.    The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 177 and therefore deny the allegations set forth in the first sentence of Paragraph 177.  The allegations in the second sentence of Paragraph 177 state legal conclusions to which no response is required.  To the extent a response is required, the Citi Defendants deny the allegations in the second sentence of Paragraph 177

2.      **Subsequent Transfers from Prime Fund to Defendants Citibank and Citicorp**

178.    The Citi Defendants deny the allegations in Paragraph 178.

179.    The Citi Defendants lack knowledge or information as to when the Trustee "commenced this proceeding," but the Citi Defendants admit that the Trustee filed its original complaint against Citibank, CGML, and Citibank North America, Inc. on December 8, 2010.

180.    Paragraph 180 states legal conclusions to which no response is required. To the extent a response is required, the Citi Defendants deny the allegations asserted in Paragraph 180.

181.    Paragraph 181 states legal conclusions to which no response is required. To the extent a response is required, the Citi Defendants deny the allegations in Paragraphs 181.

182.    The Citi Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first clause of Paragraph 182 and therefore deny the allegations in the first clause of Paragraph 182. The remaining allegations in Paragraph 182 state legal conclusions to which no response is required. To the extent a response is required, the Citi Defendants deny the remaining allegations in Paragraph 182.

## <u>COUNT ONE</u>
### RECOVERY OF THE SUBSEQUENT TRANSFERS - 11 U.S.C. §§ 105(a) AND 550(a) CGML

183.    The Citi Defendants incorporate by reference all preceding and succeeding responses to the allegations as though fully set forth herein.

184.    Paragraph 184 states legal conclusions to which no response is required. To the extent a response is required, the Citi Defendants deny the allegations asserted in Paragraph 184.

185.    Paragraph 185 states legal conclusions to which no response is required. To the extent a response is required, the Citi Defendants deny the allegations asserted in Paragraph 185.

186.    Paragraph 186 states legal conclusions to which no response is required.  To the extent a response is required, the Citi Defendants deny the allegations asserted in Paragraph 186.

## COUNT TWO
### RECOVERY OF THE SUBSEQUENT TRANSFERS - 11 U.S.C. §§ 105(a) AND 550(a) - CITIBANK AND CITICORP

187.    The Citi Defendants incorporate by reference all preceding and succeeding responses to the allegations as though fully set forth herein.

188.    Paragraph 188 states legal conclusions to which no response is required.  To the extent a response is required, the Citi Defendants deny the allegations asserted in Paragraph 188.

189.    Paragraph 189 states legal conclusions to which no response is required.  To the extent a response is required, the Citi Defendants deny the allegations asserted in Paragraph 189.

190.    Paragraph 190 states legal conclusions to which no response is required.  To the extent a response is required, the Citi Defendants deny the allegations asserted in Paragraph 190.

## AFFIRMATIVE DEFENSES

The Citi Defendants assert the following affirmative defenses and reserve the right to amend this answer to assert other and further defenses when and if, in the course of its investigation, discovery, or preparation for trial, it becomes appropriate.  By designating these matters "defenses," the Citi Defendants do not intend to suggest either that the Trustee does not bear the burden of proof as to such matters or that such matters are not elements of the Trustee's *prima facie* case against the Citi Defendants.

### FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The allegations of actual fraudulent transfer as to the Prime Fund and Fairfield Sentry Initial Transfers do not comply with Rule 9(b) and are not pled with sufficient particularity.

## THIRD AFFIRMATIVE DEFENSE

This Court lacks jurisdiction under Article III of the U.S. Constitution to enter final orders or judgment in this proceeding.

## FOURTH AFFIRMATIVE DEFENSE

The Prime Fund Two Year Transfers and Fairfield Sentry Two Year Transfers are not avoidable under section 548(a)(1)(A) of the Bankruptcy Code because such transfers were not made with actual intent to hinder, delay, or defraud creditors. The Trustee may not rely on a "Ponzi scheme presumption" to prove that the alleged initial transfers from BLMIS to Fairfield Sentry or Prime Fund that he seeks to recover from the Citi Defendants were made with actual intent to hinder, delay, or defraud creditors, and the Trustee has not otherwise sufficiently pleaded the requisite level of intent. The Ponzi scheme presumption itself is extra-statutory and improper, but even if that were not the case, the presumption cannot apply to the alleged initial transfers from BLMIS to Fairfield Sentry and Prime Fund to the extent the initial transfers were repayments of Fairfield Sentry's and Prime Fund's principal investments. The repayment of a customer's investment principal constitutes the repayment of a valid contractual antecedent debt, not a payment made in furtherance of the Ponzi scheme. To the extent, if any, that the Citi Defendants received subsequent transfers arising from the unavoidable Prime Fund Two Year Transfers and Fairfield Sentry Two Year Transfers, such subsequent transfers are not recoverable under section 550(a) of the Bankruptcy Code or 15 U.S.C. § 78fff-2(c)(3).

## FIFTH AFFIRMATIVE DEFENSE

The alleged initial transfers from BLMIS to Fairfield Sentry that allegedly underly the alleged subsequent transfers from Fairfield Sentry to CGML, if any, are subject to the safe harbor provisions in section 546(g) of the Bankruptcy Code because they were made (i) by or to (or for the benefit of) a swap participant (CGML) and (ii) in connection with a swap agreement

-34-

between CGML and Auriga International Ltd. *See Sec. Inv. Protection Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 505 B.R. 135, 150 (S.D.N.Y. 2013) (holding that section 546(g) of the Bankruptcy Code protects redemption payments made in connection with the swap agreement between CGML and Auriga International Ltd.).  Pursuant to section 546(g) of the Bankruptcy Code, the alleged initial transfers from BLMIS to Fairfield Sentry are not avoidable under section 544 of the Bankruptcy Code, certain applicable provisions of the N.Y. Debt. & Cred. Law, including §§ 273-279,[2] or 15 U.S.C. § 78fff-2(c)(3).  To the extent, if any, that CGML received any subsequent transfers originating from the unavoidable initial transfers to Fairfield Sentry, such subsequent transfers are not recoverable under section 550(a) of the Bankruptcy Code or 15 U.S.C. § 78fff-2(c)(3).

## SIXTH AFFIRMATIVE DEFENSE

The Prime Fund Six Year Transfers and Fairfield Sentry Six Year Transfers are subject to the safe harbor provision in section 546(e) of the Bankruptcy Code because such alleged initial transfers were (i) made by or to (or for the benefit of) a stockbroker (BLMIS), financial institution, financial participant, or other covered entity; and (ii) settlement payments and/or transfers made in connection with a securities contract. *C.f. Picard v. Ida Fishman Revocable Trust (In re Bernard L. Madoff Inv. Sec. LLC)*, 773 F.3d 414, 422 (2d Cir. 2014) (affirming that section 546(e) of the Bankruptcy Code applies to payments BLMIS made to its customers).

Pursuant to section 546(e) of the Bankruptcy Code, the Prime Fund Six Year Transfers and Fairfield Sentry Six Year Transfers are not avoidable under section 544 of the Bankruptcy Code, certain applicable provisions of the N.Y. Debt. & Cred. Law, including §§ 273-279, or 15 U.S.C. § 78fff-2(c)(3).  To the extent, if any, that Citibank, Citicorp, or CGML received any

---

[2] Unless otherwise stated, references to the N.Y. Debt. & Cred. Law are to the prior version of the law that existed before passage of the Uniform Voidable Transactions Act, which became effective on April 4, 2020.

subsequent transfers originating from the unavoidable Prime Fund Six Year Transfers or

Fairfield Sentry Six Year Transfers, such subsequent transfers are not recoverable under section

550(a) of the Bankruptcy Code or 15 U.S.C. § 78fff-2(c)(3).  In addition, at the time of the

alleged transfers from Prime Fund to Citibank and Citicorp and from Fairfield Sentry to CGML,

the Citi Defendants had no actual knowledge that Madoff or BLMIS were perpetrating a Ponzi

scheme or that they were not trading in securities.

<u>SEVENTH AFFIRMATIVE DEFENSE</u>

To the extent, if any, that CGML received Fairfield Sentry Subsequent Transfers, such

transfers are not recoverable because CGML took such transfers for value and in good faith, and

therefore without knowledge of the voidability of the transfer avoided within the meaning of

section 550(b) of the Bankruptcy Code.

CGML took for value any transfers received from Fairfield Sentry, if any, because any

such transfers were made in exchange for CGML's surrender of its shares in Fairfield Sentry,

which were originally purchased in connection with a swap agreement with Auriga International

Ltd ("Auriga").

CGML received transfers from Fairfield Sentry, if any, in good faith.  CGML did not

have actual knowledge of the BLMIS fraud.  Before entering into the swap transaction with

Auriga and purchasing Fairfield Sentry shares, CGML conducted reasonable due

diligence.  CGML's due diligence process did not uncover fraud at Fairfield Sentry or at

BLMIS.  CGML had no reason to know or suspect that transfers from Fairfield Sentry would be

or were proceeds from a Ponzi scheme.  Madoff and his fellow conspirators actively concealed

the existence of their fraud, including from customers and government regulators, apparently for

decades.  Other entities, including the United States Securities and Exchange Commission, with

greater investigatory tools and resources than CGML, and with more access to BLMIS personnel

and documentation than CGML, repeatedly examined and investigated BLMIS but failed to

uncover Madoff's fraud before December 2008.

CGML did not have knowledge of the voidability of any alleged transfers from BLMIS to

Fairfield Sentry when it received the alleged subsequent transfers, if any.

<u>EIGHTH AFFIRMATIVE DEFENSE</u>

To the extent, if any, that Citibank and/or Citicorp received transfers from Prime Fund,

such transfers are not recoverable because Citibank and/or Citicorp took such transfers for value,

including satisfaction or securing of a present or antecedent debt, in good faith, and without

knowledge of the voidability of the transfer avoided within the meaning of section 550(b) of the

Bankruptcy Code.

Any transfers received by Citibank and/or Citicorp from Prime Fund were repayments of

a loan that Citibank and/or Citicorp provided to Prime Fund, pursuant to a credit agreement,

which constitutes a transfer taken for value.  *See, e.g.*, *Sharp Int'l Corp. v. State St. Bank & Tr.*

*Co. (In re Sharp Int'l Corp.)*, 403 F.3d 43, 53-54 (2d Cir. 2005) (repayment of a loan constitutes

"fair consideration" under the New York Debtor Creditor Law); *see also Picard v. Citibank, N.A.*

*(In re Bernard L. Madoff Inv. Sec. LLC)*, 608 B.R. 181, 195 (S.D.N.Y. 2019) (holding repayment

of loan at issue, including payments of principal, fees and interest, are transfers for "value" under

section 550(b) of the Bankruptcy Code), *rev'd on other grounds, Picard v. Citibank, N.A. (In re*

*Bernard L. Madoff Inv. Sec. LLC)*, 12 F.4th 171, 200 (2d Cir. 2021).

Citibank and/or Citicorp received transfers from Prime Fund, if any, in good faith.

Citibank and/or Citicorp did not have actual knowledge of the BLMIS fraud.  Citibank and/or

Citicorp conducted reasonable due diligence regarding the transaction with Prime Fund.  This

diligent inquiry did not reveal any fraud at BLMIS or Prime Fund.  Citibank and/or Citicorp had

no reason to know or suspect that transfers from Prime Fund would be or were proceeds from a

Ponzi scheme.  Madoff and his fellow conspirators actively concealed the existence of their

fraud, including from customers and government regulators, apparently for decades.  Other

entities, including the United States Securities and Exchange Commission, with greater

investigatory tools and resources than Citibank and/or Citicorp, and with more access to BLMIS

personnel and documentation than Citibank and/or Citicorp, repeatedly examined and

investigated BLMIS but failed to uncover Madoff's fraud before December 2008.

Citibank and/or Citicorp did not have knowledge of the voidability of any alleged

transfers from BLMIS to Prime Fund when it received the alleged subsequent transfers, if any.

## NINTH AFFIRMATIVE DEFENSE

To the extent, if any, that the Citi Defendants received subsequent transfers of property

from Fairfield Sentry or Prime Fund that did not contain BLMIS customer property, such

subsequent transfers are not recoverable under section 550(a) of the Bankruptcy Code or 15

U.S.C. § 78fff-2(c)(3).

## TENTH AFFIRMATIVE DEFENSE

Pursuant to section 550(d) of the Bankruptcy Code, the Trustee may not recover any

subsequent transfer received by the Citi Defendants, if any, to the extent he has recovered from

Prime Fund, Fairfield Sentry, or any other immediate or mediate transferee the amount of the

relevant initial transfer that the Trustee alleges the Citi Defendants received.  Any such recovery

by the Trustee includes, but is not limited to, any funds received in connection with the

settlement agreements the Trustee entered into with Tremont and the Liquidators of Fairfield

Sentry and other Fairfield funds.  *See* Form of Agreement Between the Trustee and the Fairfield

Liquidators, *Picard v. Fairfield Sentry Ltd.*, No. 09-1239, (Bankr. S.D.N.Y. May 9, 2011), Dkt.

-38-

No. 69-2 (the "Fairfield Settlement Agreement"), and the Settlement Agreement Between

Trustee and Settling Parties, *Picard v. Tremont Grp. Hldgs., Inc.*, No. 10-5310 (Bankr. S.D.N.Y.

July 28, 2011), Dkt. No. 17-1 (the "Tremont Settlement Agreement").

## ELEVENTH AFFIRMATIVE DEFENSE

To the extent the Trustee recovers from the Citi Defendants, the Citi Defendants reserve

the right to assert a claim arising from such recovery under section 502(h) of the Bankruptcy

Code.

## TWELFTH AFFIRMATIVE DEFENSE

The Trustee's claim is barred by the applicable statutes of limitations, including but not

limited to 11 U.S.C. §§ 546(a), 548(a), 550(f), N.Y.C.P.L.R. §§ 203, 213, or N.Y. Debt. & Cred.

Law § 278 (eff. April 4, 2020).

## THIRTEENTH AFFIRMATIVE DEFENSE

The claims against the Citi Defendants are barred, in whole or in part, because the

Trustee failed to plead all of the elements of fraudulent transfer under section 544 of the

Bankruptcy Code and sections 273, 273-a, 274, 275, 276, 276-a, 278 and/or 279 of the New

York Debtor and Creditor Law with sufficient particularity and factual support.

## FOURTEENTH AFFIRMATIVE DEFENSE

The Trustee's claims are barred, in whole or in part, because the alleged Fairfield Sentry

Six Year Transfers and Prime Fund Six Year Transfers were taken, if at all, for fair consideration

and without knowledge of the fraud, as provided by N.Y. Debt. & Cred. Law § 278(1).

## FIFTEENTH AFFIRMATIVE DEFENSE

The Trustee's claims should be dismissed if Plaintiff has recovered, or during the

pendency of this action recovers, sufficient funds to reimburse SIPC for all payments that SIPC

has made to satisfy allowed claims of BLMIS customers.

-39-

<u>SIXTEENTH AFFIRMATIVE DEFENSE</u>

The Trustee's claims are barred, in whole or in part, because the Trustee or Plaintiff has failed to mitigate, minimize or avoid damages, if any.

<u>SEVENTEENTH AFFIRMATIVE DEFENSE</u>

The Trustee is not entitled to an award of interest under 11 U.S.C. § 548.

<u>EIGHTEENTH AFFIRMATIVE DEFENSE</u>

The use of the doctrine of law of the case to apply to the Citi Defendants rulings made in other adversary proceedings to which it was not a party and in which it did not participate violates the Citi Defendants' rights to due process of law as guaranteed by the Fifth Amendment to the U.S. Constitution.

<u>NINETEENTH AFFIRMATIVE DEFENSE</u>

On May 9, 2011, the Trustee entered into the Fairfield Settlement Agreement with the Liquidators of Fairfield Sentry Limited and other Fairfield funds. This Court approved the Fairfield Settlement Agreement on June 7, 2011, *see* Bench Memorandum and Order, *Picard v. Fairfield Sentry Ltd.*, No. 09-1239 (Bankr. S.D.N.Y. June 7, 2011), Dkt. No. 92, and it was incorporated into the consent judgment entered against Fairfield Sentry on July 13, 2011, *see* Consent Judgment, *Picard v. Fairfield Sentry Ltd.*, No. 09-1239 (Bankr. S.D.N.Y. July 13, 2011), Dkt. No. 109 (the "Consent Judgment"). The Fairfield Settlement Agreement provides for the sharing of recoveries on the Trustee's and the Liquidators' claims for recovery of property that Fairfield Sentry transferred. To the extent that the Liquidators recover from the Citi Defendants in settlement or otherwise, the Trustee is barred from recovering the same funds from the Citi Defendants on the ground that he is not entitled to double recovery. Nor should the Citi Defendants be subject to recovery of identical funds from two separate entities.

-40-

<u>TWENTIETH AFFIRMATIVE DEFENSE</u>

The Trustee's claims against the Citi Defendants are barred by the doctrine of laches. The Trustee's unreasonable delay in bringing and prosecuting his claims, which were brought more than a decade ago, remained inactive for years, and concern transfers allegedly made more than 15 years ago, has unreasonably and unfairly prejudiced the Citi Defendants' abilities to defend themselves.

<u>TWENTY-FIRST AFFIRMATIVE DEFENSE</u>

The Trustee's claims against the Citi Defendants are barred by the doctrines of *in pari delicto* and unclean hands, because a trustee, standing in the shoes of the debtor, cannot recover for a wrong that the debtor himself took part in.

<u>TWENTY-SECOND AFFIRMATIVE DEFENSE</u>

The Trustee may not recover the alleged Fairfield Sentry Subsequent Transfers or Prime Fund Subsequent Transfers, if any, because he has not avoided the alleged initial transfers from BLMIS to Fairfield Sentry or from BLMIS to Prime Fund.

<u>TWENTY-THIRD AFFIRMATIVE DEFENSE</u>

The Trustee's claims against the Citi Defendants are barred to the extent that they have been dismissed or released by the Trustee or the Court or are based on allegations that have been dismissed by the Trustee or the Court, including any claims released or dismissed in the Fairfield Settlement Agreement and the Tremont Settlement Agreement.

<u>TWENTY-FOURTH AFFIRMATIVE DEFENSE</u>

To the extent, if any, that Citibank and/or Citicorp received subsequent transfers from Prime Fund resulting from Prime Fund's repayment of a loan that did not deplete the BLMIS estate, such subsequent transfers are not recoverable under section 550(a) of the Bankruptcy Code or 15 U.S.C. § 78fff-2(c)(3).

**STATEMENT PURSUANT TO FED. R. BANKR. P. 7012(b)**

The Citi Defendants do not consent to entry of final orders or judgment by the

Bankruptcy Court.

**DEMAND FOR JURY TRIAL**

The Citi Defendants hereby demand a trial by jury for all claims as to which it is entitled

to such and does not consent to a jury trial conducted by the Bankruptcy Court.

*[The remainder of the page is intentionally left blank.]*

**PRAYER FOR RELIEF**

WHEREFORE, the Citi Defendants respectfully request that the Court dismiss the

Amended Complaint and enter judgment against the Trustee and in favor of the Citi Defendants.

Dated:  November 10, 2022
　　　　New York, New York

CLEARY GOTTLIEB STEEN & HAMILTON LLP

*/s/ Carmine D. Boccuzzi, Jr.*
Carmine D. Boccuzzi, Jr.
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Fax:  (212) 225-3999
Email: cboccuzzi@cgsh.com

*Counsel for Citibank, N.A., Citicorp North America, Inc.,
and Citigroup Global Markets Limited*