JENNER & BLOCK LLP
Richard Levin
Carl Wedoff
1155 Avenue of the Americas
New York, NY 10036
(212) 891-1600

Vincent E. Lazar
353 N. Clark Street
Chicago, IL 60654
(312) 222-9350

*Counsel for Defendant Trincastar Corporation*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>      *Plaintiff-Applicant*,<br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br>      *Defendant.* | Adv. Proc. No. 08-01789 (CGM)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re<br><br>BERNARD L. MADOFF,<br>      *Debtor.* | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>      *Plaintiff*,<br>v.<br><br>TRINCASTAR CORPORATION,<br>      *Defendant.* | Adv. Proc. No. 11-2731 (CGM)<br><br>**TRINCASTAR CORPORATION'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT** |

The *Trustee's Memorandum of Law in Opposition to Defendant's Motion to Dismiss* [ECF 107] ("**Opposition**"), responding to *Trincastar Corporation's Memorandum of Law in Support of Its Motion To Dismiss The Complaint* [ECF 104] ("**Memorandum**"), fails to address the shortcomings in the Complaint, relies on allegations outside of the Complaint, and misinterprets key precedents.[1] As such, this Court should grant Trincastar's Motion to Dismiss.[2]

## I. The Complaint Alleges Insufficient Facts To Support Personal Jurisdiction.

The Complaint contains only two non-conclusory fact allegations regarding the Court's personal jurisdiction over Trincastar—(i) that Trincastar knowingly directed funds to be invested with BLMIS through Sentry, and (ii) that Trincastar entered into a subscription agreement with Sentry under which it submitted to New York jurisdiction. Neither allegation establishes the Court's personal jurisdiction.[3]

### A. Trincastar Did Not Purposefully Avail Itself of the Privilege of Conducting Business in the United States Through Its Investment in Sentry.

The Trustee has failed to adequately allege that Trincastar purposefully availed itself of the laws of the United States. Contrary to the trustee's arguments, Trincastar did not "knowingly and intentionally" invest in BLMIS. Trincastar invested in Sentry, a non-U.S. fund invested in U.S. securities. Moreover, Trincastar did not direct or control Sentry's investments in U.S. securities, including Sentry's use of BLMIS as its broker-dealer and *de facto* investment manager. *Aozora Bank Ltd. v. SIPC*, 480 B.R. 117, 125 (S.D.N.Y. 2012) ("It

---

[1] Undefined capitalized terms have the meaning provided in the Memorandum.

[2] To the extent Trincastar does not specifically reply to an argument in the Opposition, Trincastar relies on, and does not waive, its argument in the Memorandum addressing the issue.

[3] Trincastar is cognizant of the Court's rejection of similar personal jurisdiction arguments and presents these arguments to preserve its appellate rights.

was the Feeder Funds who entrusted assets to BLMIS, and not the appellants [feeder fund investors]."). Accordingly, Trincastar did not take "some act by which [it] purposefully avail[ed] itself of the privilege of conducting activities within the forum State." *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021).

It is no answer to say that all matters relate in some fashion to BLMIS. *BNP Paribas* makes clear that Second Circuit law requires jurisdiction be established "with respect to each claim asserted." 594 B.R. 167, 190 (Bankr. S.D.N.Y. 2018) (quoting *Charles Schwab Corp. v. Bank of Am. Corp.*, 883 F.3d 68, 83 (2d Cir. 2018)).[4] The trustee's claims are based on Trincastar's *redemption* transactions—Trincastar's *investment* transactions are not the basis for the trustee's claims and do not establish personal jurisdiction.

### B. Trincastar's Incidental Use of the New York Banking System Does Not Subject It to Personal Jurisdiction Here.

The trustee also argues that Trincastar's use of "the New York banking system" subjects it to personal jurisdiction. (Opp. 13.) Here, the Complaint merely alleges that Trincastar "wired funds to Fairfield Sentry through a bank in New York." (Compl. ¶ 5.) Tacitly recognizing this generic allegation is inadequate to support specific personal jurisdiction, the trustee attempts to enhance his Complaint by submitting with his Opposition numerous additional documents to show Trincastar's affiliation with Credit Suisse (Longo Decl. Exs. 1-6) and use of a correspondent account in New York to send and receive payments from Sentry (Longo Decl. Ex. 5-6, 15-21). Because these documents go beyond the allegations in the Complaint, the Court should disregard them as improper attempted amendments. *See, e.g., Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir.

---

[4] The trustee relies on this Court's rejection of similar personal jurisdiction arguments in several pending BLMIS adversary proceedings. (Opp. 10-11.) As previously stated, to the extent the Court has ruled on these or any other arguments raised in the Memorandum, Trincastar respectfully raises them to preserve its appellate rights.

2

1998) (plaintiff may not add allegations in opposition to motion to dismiss); *see also Farooq v. City of New York*, 2022 WL 793117, at *4 (2d Cir. Mar. 16, 2022) ("Our review of [plaintiff's] claim is . . . limited to what he pleaded in his complaint."); *Ivanov v. New York City Transit Auth.*, 2014 WL 2600230, at *1 (S.D.N.Y. June 5, 2014) (plaintiff's allegations added in a reply memorandum not considered on motion to dismiss); *Schwartz v. York Coll.*, 2011 WL 3667740, at *11 n.11 (E.D.N.Y. Aug. 22, 2011) (refusing to consider allegations that were absent from complaint).

In any event, these additional allegations, if true, do not establish personal jurisdiction. As the trustee concedes, a defendant's mere use of a correspondent account does not create jurisdiction under New York law—the use must be "purposeful." (Opp. 14.) The court must "closely examine the defendant's contacts for their quality." *Licci v. Lebanese Canadian Bank*, 20 N.Y.3d 327, 338 (2012). Finding a "purposeful" use of New York correspondent bank accounts in a preference action against foreign banks, the court in *Official Committee of Unsecured Creditors of Arcapita v. Bahrain Islamic Bank*, 549 B.R. 56, 66 (S.D.N.Y. 2016), explained that (1) the defendants, not the debtor, set the terms of each transaction, and then presented those terms to the debtor; and (2) the defendants, not the debtor, selected U.S. dollars as the transaction currency. By contrast, there is no "purposeful" contact in a "standard correspondent banking relationship" where the defendant does set the terms of the relevant transactions. *See Spetner v. Palestine Inv. Bank*, 495 F. Supp. 3d 96, 113 (E.D.N.Y. 2020). Nor is jurisdiction created if a defendant simply effects a wire transfer through New York banks. *See id.* at 116.

The trustee argues that Trincastar invested with Sentry through U.S. correspondent accounts to comply with Sentry's subscription agreement. (*See* Opp. 5, 9, 16 n.8; Longo Decl. Exs. 3-5.) But Sentry—not Trincastar—set the terms of the transactions and selected U.S.

3

dollars to execute the transactions. Moreover, this allegation implicitly acknowledges that the subscription agreement was executed by Trincastar outside of the United States, and the trustee does not allege the contract between Sentry and Trincastar—two foreign entities—was formed inside the United States. *See Kimco Exch. Place Corp. v. Thomas Benz, Inc.,* 34 A.D.3d 433, 434 (2d Dep't 2006) ("The defendants' acts of faxing the executed contracts to New York … do not qualify as purposeful acts constituting the transacting of business."). This allegation does not show "purposeful" contacts with New York and is insufficient to serve as a basis for specific personal jurisdiction. *See Spetner*, 495 F. Supp. at 113-14, 116, 117.

### C. Trincastar's Alleged "Significant Other Contacts" Are Outside of the Complaint and Must Be Disregarded.

The trustee also argues that personal jurisdiction is established through several exhibits—emails between Trincastar personnel and Fairfield personnel about various investment opportunities—that are untethered from any allegation in the Complaint. (*See* Longo Decl. Ex. 7-12.) The Court should not consider these arguments. *See Wright* 152 F.3d at 178; *Farooq*, 2022 WL 793117, at *4. But if the Court did so, the arguments nevertheless fail because the exhibits do not show that Trincastar purposefully targeted conduct at the United States.

### II. The Complaint's Allegations Establish Trincastar's Affirmative Defense Under Section 546(e) of the Bankruptcy Code.

In Trincastar's moving brief, it argued that the Court should dismiss the complaint under section 546(e) because the Trustee failed to allege Trincastar's knowledge of the BLMIS fraud, and under the District Court's *Cohmad* decision, *SIPC v. BLMIS*, 2013 WL 1609154 (S.D.N.Y. Apr. 15, 2013), an innocent subsequent transferee could invoke section 546(e)'s safe harbor.

On November 3, 2022, District Judge Jed Rakoff denied consolidated motions for leave to appeal that sought interlocutory review of this Court's denial of motions to dismiss on

4

section 546(e) grounds. *Picard v. Multi-Strategy Fund Ltd.*, 2022 WL 16647767 (S.D.N.Y. Nov. 3, 2022). *First*, Judge Rakoff rejected defendants' argument that, under *Cohmad*, "the Trustee's failure to allege [defendants'] knowledge of the fraud is fatal to his claims at the pleading stage." *Id.* at *7. *Second*, Judge Rakoff concluded that subsequent transferees might be able to invoke the section 546(e) safe harbor defense by showing that the initial BLMIS-Sentry transfers were made in connection with securities contracts between Sentry and the subsequent transferees. However, the court determined that this defense is fact-specific and not answerable on the pleadings. *Id.* at *7-9.

Trincastar nevertheless maintains that section 546(e) mandates dismissal: section 546(e) is absolute, without exception, and even if it does not apply to an initial transferee with knowledge of the fraud, an innocent subsequent transferee is within the class of persons that Congress sought to protect.[5] Trincastar also expressly reserves its right to invoke the section 546(e) safe harbor on the grounds that the initial BLMIS-Sentry transfers were made in connection with the securities contracts between Sentry and Trincastar. *See Multi-Strategy*, 2022 WL 16647767, at *7-9.

(*Signature page follows.*)

---

[5] Trincastar is cognizant of the Court's rejection of similar section 546(e) arguments and presents this argument to preserve its appellate rights.

5

**Conclusion**

For the foregoing reasons, this Court should dismiss the Complaint.

Dated: November 11, 2022          /s/ *Richard Levin*

                                          JENNER & BLOCK LLP
                                        Richard Levin
                                        Carl Wedoff
                                        1155 Avenue of the Americas
                                        New York, NY 10036
                                        (212) 891-1600
                                        rlevin@jenner.com
                                        cwedoff@jenner.com

                                        Vincent E. Lazar
                                        353 N. Clark Street
                                        Chicago, IL 60654
                                        (312) 222-9350
                                        vlazar@jenner.com

                                        *Counsel for Defendant Trincastar Corporation*