**Return Date: November 16, 2022**

**ORRICK, HERRINGTON & SUTCLIFFE LLP**
Jonathan P. Guy
James W. Burke (admitted *pro hac vice*)
1152 15th Street, N.W.
Washington, D.C. 20005
Telephone: (202) 339-8400
Facsimile: (202) 339-8500

*Attorneys for Koch Industries, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, and Bernard L. Madoff,<br><br>Plaintiff,<br><br>v.<br><br>KOCH INDUSTRIES, INC., as successor in interest to Koch Investment (UK) Company,<br><br>Defendant. | Adv. Pro. No. 12-01047 (BRL) |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION**
**OF KOCH INDUSTRIES, INC. TO DISMISS THE COMPLAINT**

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .................................................................................................................................. 3

I. DEFENDANT'S SECTION 546(**e**) DEFENSE IS APPARENT ON THE FACE
OF THE COMPLAINT ................................................................................................... 3

II. THE ALLEGATIONS IN THE COMPLAINT ALSO ESTABLISH
DEFENDANT'S SECTION 550(b) DEFENSE .............................................................. 6

CONCLUSION ............................................................................................................................... 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Fairfield Sentry Limited (in Liquidation) v. Theodoor CGC Amsterdam*
*(In re Fairfield Sentry Limited)*,
   No. 10-03496, 2018 WL 3756343 (Bankr. S.D.N.Y. Aug. 6, 2018) .........................................8

*Gowan v. The Patriot Group, LLC (In re Dreier LLP)*,
   452 B.R. 391, 427 (Bankr. S.D.N.Y. 2011) ...............................................................................7

*Manville Personal Injury Settlement Trust v. Mandelbrot*
*(In re Johns-Manville Corp.)*,
   No. 15-01296, 2016 WL 8808177 (Bankr. S.D.N.Y. Mar. 23, 2016) .......................................8

*Meridian Horizon Fund, LP v. KPMG (Cayman)*,
   487 Fed. Appx. 636 (2d Cir. July 10, 2012) ..............................................................................2

*Picard v. Avellino (In re BLMIS)*,
   557 B.R. 89 (Bankr. S.D.N.Y. 2016) .........................................................................................7

*Picard v. Banque SYZ & Co. SA*,
   No. 11-02149, 2022 WL 2135019 (Bankr. S.D.N.Y. June 14, 2022) .......................................7

*Picard v. Citibank, N.A. (In re Bernard L. Madoff Inv. Secs. LLC)*,
   12 F.4th 171 (2d Cir. 2021) ...................................................................................................2, 6

*Picard v. First Gulf Bank*,
   No. 11-02541, 2022 WL 3354955 (Bankr. S.D.N.Y. July 18, 2022) .......................................7

*Picard v. Ida Fishman Revocable Trust (In re Bernard L. Madoff Inv. Secs. LLC)*,
   773 F.3d 411 (2d Cir. 2014) ...........................................................................................1, 3, 4, 5

*Picard v. Merkin (In re BLMIS)*,
   440 B.R. 243 (Bankr. S.D.N.Y. 2010) .......................................................................................7

*Picard v. Multi-Strategy Fund Limited*,
   No. 22-cv-06502, 2022 WL 16647767 (S.D.N.Y. Nov. 3, 2022) .................................1, 4, 5, 7

*Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Madoff Secs.)*,
   No. 10-05355, 2020 WL 401822 (Bankr. S.D.N.Y. Jan. 23, 2020), *vacated by*
   *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Madoff Secs.)*,
   No. 20-CV-02586 (CM), 2022 WL 1304589 (S.D.N.Y. May 2, 2022) ...................................7

*Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Madoff Secs.)*,
   No. 20-CV-02586 (CM), 2022 WL 1304589 (S.D.N.Y. May 2, 2022) ...................................7

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Secs. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC*
　*(In re Consolidated Proceedings on 11 U.S.C. 546(e)),*
　　No. 12 MC 115(JSR), 2013 WL 1609154 (S.D.N.Y. Apr. 15, 2013) ..........................1, 3, 4, 5

**Statutes**

11 U.S.C. § 546(e) ................................................................................................................ *passim*

11 U.S.C. § 550(b) ................................................................................................................ *passim*

**Other Authorities**

22 N.Y. Jur. 2d Contracts § 28 (2d ed. May 2022 update) ............................................................5

**PRELIMINARY STATEMENT**

The Trustee's perfunctory responses to Defendant's motion are insufficient to overcome either of Defendant's two primary arguments for dismissal of the Complaint: (1) that Section 546(e) bars the Trustee from avoiding the initial transfers from BLMIS to Fairfield Sentry and is thus fatal to the Trustee's recovery claim against Defendant; and (2) that the Complaint's own allegations establish each element of the "good faith" defense provided by Section 550(b).[1]

The Trustee's response to Defendant's Section 546(e) argument boils down to a single word—*Cohmad*. But *Cohmad* was abrogated by the Second Circuit's subsequent decision in *Ida Fishman* and, thus, contrary to the Trustee's argument, it is no longer the law of this case. Tellingly, the Trustee makes no attempt to reconcile *Cohmad* with *Ida Fishman*. *Cohmad* held that a BLMIS customer withdrawal is not made in connection with a securities contract for purposes of Section 546(e) if the initial transferee (here, Fairfield Sentry) had "actual knowledge" at any time that Madoff was not completing securities transactions. That holding is in direct conflict with *Ida Fishman*, which held that BLMIS customer withdrawals are made in connection with securities contracts because, at the inception of the customer agreements, the parties manifested their intent that Madoff would engage in securities transactions. *Ida Fishman*, 773 F.3d at 417, 421-22. The Trustee also does not attempt to reconcile the "actual knowledge" holding in *Cohmad* with the plain language of Section 546(e). It is that statutory language and the Second Circuit's decision in *Ida Fishman* that control here, not *Cohmad*.[2]

---

[1] For the avoidance of doubt, Defendant also maintains, and reserves all rights in respect of, its statute of limitations argument, which Defendant reasserted in its motion to dismiss for preservation purposes. *See* Def. Memo. at 2 n.4, 16.

[2] The requests for interlocutory appeals that the District Court recently denied in *Picard v. Multi-Strategy Fund Limited*, No. 22-cv-06502, 2022 WL 16647767 (S.D.N.Y. Nov. 3, 2022), did not raise whether *Cohmad* was abrogated by *Ida Fishman*. Rather, they argued that *Cohmad*

The Trustee's response to Defendant's Section 550(b) argument also conflicts with Second Circuit precedent—*Citibank*. In that decision, the Second Circuit held that good faith is established where diligent inquiry by an objective, reasonable person would not have discovered the fraudulent purpose of the transfer at issue. Here, the Complaint forthrightly acknowledges that the SEC—an indisputably objective, reasonable party—actually did conduct a diligent inquiry into BLMIS, but despite its regulatory authority over the fund and broad investigatory powers, it was not able to discover Madoff's fraud. The Trustee's flight of fancy that KIUK— an investor in Fairfield Sentry, without the SEC's access to BLMIS or its investigative powers— could have succeeded where the SEC failed is not sufficient to sustain the facially defective Complaint.[3] Neither is the Trustee's "hide the ball" argument that, notwithstanding the acknowledgment in Fairfield Sentry's own public complaint that all its payments to KIUK were investor redemption payments,[4] the Trustee's failure to refer to the transfers as such in this Complaint precludes the Court from concluding that KIUK received the payments "for value."

---

permits subsequent transferees to "assert a defense to the avoidance of the initial transfer that would have been unavailable to the initial transferee." *Id.* at *6; *see also* 10/13/22 Hr'g Tr. at 34:4-12, ECF No. 17, *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec.*, No. 22-CV-06502 (S.D.N.Y.) (Trustee acknowledging that "the defendants argue below that there is no actual knowledge exception" to Section 546(e) but "they don't make that argument here today").

[3]     *Cf. Meridian Horizon Fund, LP v. KPMG (Cayman)*, 487 Fed. Appx. 636, 640-41 (2d Cir. July 10, 2012) (affirming dismissal of federal securities claims that alleged the auditors of a BLMIS feeder fund (Tremont) acted with scienter as the "archetypical example of impermissible 'allegations of fraud by hindsight'" and agreeing that "the more compelling inference as to why Madoff's fraud went undetected for two decades was his proficiency in covering up his scheme and deceiving the SEC and other financial professionals") (citation omitted).

[4]     *See* First Amended Complaint ¶ 9, ECF No. 7, *Fairfield Sentry Limited (In Liquidation) v. Koch Investment (UK) Company (In re Fairfield Sentry Limited)*, No. 11-01606 (Bankr. S.D.N.Y. Oct. 4, 2012) (now dismissed).

Because the factual allegations on the face of the Complaint conclusively establish Defendant's defenses under Section 546(e) and Section 550(b), this case should be dismissed.

## ARGUMENT

### I. DEFENDANT'S SECTION 546(e) DEFENSE IS APPARENT ON THE FACE OF THE COMPLAINT

The Trustee's response to Defendant's Section 546(e) argument does not directly join issue with any of the following points: (i) that *Ida Fishman* held BLMIS account opening agreements are "securities contracts" (Def. Memo. at 7, 10); (ii) that Fairfield Sentry and BLMIS entered into account opening agreements substantially similar to those in *Ida Fishman* (*id.* at 3, 7-8); (iii) that *Ida Fishman* held withdrawals from BLMIS customer accounts were made "in connection with" BLMIS account opening agreements (*id.* at 7, 11); (iv) that the alleged initial transfers from BLMIS to Fairfield Sentry that are the predicate for the recovery claims in this case were withdrawals from BLMIS customer accounts (*id.* at 4, 7-8); (v) that those predicate initial transfers occurred more than two years before the commencement of the SIPA liquidation proceedings for BLMIS (*id.* at 4, 6); and (vi) that there is no statutory exception to Section 546(e) based on an initial transferee's "actual knowledge" of a transfer's allegedly fraudulent purpose (*id.* at 9). In combination, these uncontested points compel dismissal of the Complaint.

The Trustee brushes aside Defendant's discussion of "the requirements of Section 546(e), how they are presumably met in this case with respect to the initial transfers to [Fairfield] Sentry, and the applicability of [*Ida Fishman*]" as "*irrelevant* because this Court has previously found that the Trustee has sufficiently pled that [Fairfield] Sentry, the initial transferee, had actual knowledge of Madoff's fraud in accordance with *Cohmad*." Tr. Opp. at 5 (emphasis added). Contrary to the Trustee's mischaracterization, however, *Cohmad* is not "binding precedent" that Defendant is "precluded" from challenging, nor is this Court "powerless" to reconsider *Cohmad*

- 3 -

in light of the later decision in *Ida Fishman*. *Cf.* Tr. Opp. at 2, 7.  *Cohmad* was decided on withdrawal of reference, not on review by an appellate court, and the discretionary law of the case doctrine provides no impediment to this Court revisiting a decision on withdrawal of reference that is abrogated based on an intervening change in law.  Def. Memo. at 9, n.4.[5]

Here, *Cohmad* is incompatible with, and thus abrogated by, the Second Circuit's later decision in *Ida Fishman*.  Def. Memo. at 9-10.  The District Court's holding in *Cohmad* is that BLMIS's payments to a customer "could not have been made in connection with an actual 'securities contract'" where the customer (here, Fairfield Sentry) had actual knowledge of Madoff's fraud.  *Cohmad*, 2013 WL 1609154, at *3; *see also Multi-Strategy Fund Limited*, 2022 WL 16647767, at *7.  That holding is in direct conflict with the Second Circuit's holdings in *Ida Fishman* that customers' account opening agreements were established as actual securities contracts at their inception when the customers and BLMIS "'manifest[ed] their mutual assent' that BLMIS would conduct securities transactions" in the agreements themselves (773 F.3d at 421), and that customer withdrawals from BLMIS accounts were made "in connection with" those agreements (*id.* at 419, 422).  The Trustee makes no attempt to reconcile this conflict.[6]

---

[5]   That Defendant "did not appeal" *Cohmad* (Tr. Opp. at 7), an interlocutory decision, has no bearing on whether *Cohmad* remains law of the case after *Ida Fishman*.  For the avoidance of doubt, Defendant reserves all of its appellate rights.

[6]   The Trustee also cannot defend the District Court's subsequent description of *Cohmad* as having reasoned that Section 546(e) does not protect "any transferee who knew the transfers it received from Madoff Securities contained only stolen proceeds" because any such transferee "also knew those transfers were [not] . . . transfers in connection with a security agreement." *Multi-Strategy Fund Limited*, 2022 WL 16647767, at *7; *id.* at *6 ("Section 546(e) could not be read to protect payments received by persons or entities who knew they were not . . . transfers made in connection with a securities contract.").  That reasoning conflicts with the holding in *Ida Fishman* that payments can be made "in connection with securities contracts" notwithstanding that they "were also 'made in connection' with a Ponzi scheme." *Ida Fishman*, 773 F.3d at 419, 422.  It also assumes its own conclusion—restated, the District Court reasons

- 4 -

The Trustee's argument that *Cohmad* and its actual knowledge exception were not on appeal in *Ida Fishman* (Tr. Opp. at 7) disregards that the holding of *Ida Fishman* forecloses such an exception. Consistent with applicable law (22 N.Y. Jur. 2d Contracts § 28 (2d ed. May 2022 update)), the Second Circuit held that the characterization of the BLMIS account opening agreements in *Ida Fishman* was determined by the customers' and BLMIS's objective manifestations in their contracts, not the customers' actual knowledge.[7] The Trustee's proffered distinction that *Ida Fishman* "involved only good faith initial transferees" (Tr. Opp. at 7) fails for the same reason—the holding of *Ida Fishman* is not based on customers' subjective *mens rea*.

Under both *Ida Fishman* and the statute's plain language, Fairfield Sentry's alleged actual knowledge of Madoff's fraud is irrelevant to Defendant's Section 546(e) defense. Because the Trustee has no other response to Defendant's Section 546(e) argument, this case should be dismissed.[8]

---

that transfers were not made in connection with a securities contract when the transferee knew the transfers were not made in connection with a securities contract.

[7]   Moreover, the Second Circuit's characterization of the BLMIS account opening agreements in *Ida Fishman* focused on the time when the agreements were formed. 773 F.3d at 418, 421. The Trustee does not dispute that all its allegations about Fairfield Sentry's supposed actual knowledge postdate the execution of its agreements with BLMIS. *Cf.* Tr. Opp. at 6.

[8]   Insofar as Fairfield Sentry withdrew funds from its BLMIS customer accounts to make redemption payments to KIUK, the separate account agreements and redemption agreements between Fairfield Sentry and KIUK provide an additional basis for application of Section 546(e) because BLMIS's payments to Fairfield Sentry also would be made "in connection with" those other securities contracts. Def. Memo. at 8 n.12. In *Multi-Strategy Fund Limited*, the District Court found "not entirely convincing" the Trustee's suggestion that under *Cohmad*, Fairfield Sentry's alleged "actual knowledge" of Madoff's fraud would render securities contracts between Fairfield Sentry and its investors "not relevant" (Tr. Opp. at 6 n.4), noting that "it is hard to see why the initial transferee's knowledge of Madoff's fraud would render a Section 546(e) defense based on a securities contract between the initial and subsequent transferee unavailable." *See Multi-Strategy Fund Limited*, 2022 WL 16647767, at *7-9 & n.7.

## II. THE ALLEGATIONS IN THE COMPLAINT ALSO ESTABLISH DEFENDANT'S SECTION 550(b) DEFENSE

The Trustee's absolutist position that a Section 550(b) defense cannot be resolved without discovery finds no support in *Citibank* and is contrary to longstanding Second Circuit precedent that a complaint is subject to dismissal where a case dispositive defense is established on the face of the complaint. *See* Def. Memo. at 5. Here, the Complaint's own allegations establish each of the three elements of the "good faith defense" provided by Section 550(b).

First, the allegations on the face of the Complaint show that KIUK received its redemption payments from Fairfield Sentry in May and September of 2005, in good faith and without knowledge of the voidability of the initial transfers. In *Citibank*, the Second Circuit made clear that the final step in the "three-step inquiry" for assessing good faith is an examination of "whether 'diligent inquiry [by the transferee] would have discovered the fraudulent purpose' of the transfer," and that "[a]n objective 'reasonable person' standard applies" to this step. *Citibank*, 12 F.4th at 191-92. Thus, if the allegations on the face of a complaint show that no objective, reasonable person could have discovered the fraudulent purpose of the transfer at issue, then the good faith element of a Section 550(b) defense is conclusively established. That is the case here.

As discussed above, the allegations on the face of the Complaint show that an objective, reasonable person with direct access to BLMIS and broad investigative powers—the SEC— actually did investigate BLMIS in 2006 but was unable to uncover Madoff's fraudulent purpose until shortly before Madoff was arrested in December 2008. Def. Memo. at 14. Absent any factual allegation that plausibly suggests KIUK could have discovered (from a distance removed)

what the SEC could not, these allegations alone establish KIUK's good faith.[9] Judge Bernstein's decision in *Picard v. Avellino (In re BLMIS)*, 557 B.R. 89 (Bankr. S.D.N.Y. 2016), is not to the contrary because the complaint in that case included allegations about the specific defendants' knowledge of Madoff's fraud that made the defendants there "[u]nlike the vast majority of creditors." *Id.* at 120. The Trustee does not dispute that the Complaint in this case contains no such allegations that KIUK had any knowledge or red flags that would have given it any better prospects for discovering Madoff's fraud than the SEC had. *Cf.* Tr. Opp. at 7-8, 9.[10]

Second, the allegations on the face of the Complaint show that KIUK received its redemption payments from Fairfield Sentry for value. Indeed, redemption payments are *necessarily* received for value—the surrender of the redeemed securities. Def. Memo. at 14-15. The Trustee's dissembling response that the value element of the Section 550(b) defense here cannot be resolved on a motion to dismiss because "the Complaint contains no mention of

---

[9]    *Cf. Multi-Strategy Fund Limited*, 2022 WL 16647767, at *3 n.3 (reasoning that although Section 546(e) is an affirmative defense, where the Trustee pleads facts such that Section 546(e) otherwise would apply based on the face of the complaint, to overcome a motion to dismiss, the Trustee is required to affirmatively allege countervailing "circumstances demonstrating why the facially applicable defense" does not preclude his suit).

[10]   This case is distinguishable from each of *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Madoff Secs.)*, No. 20-CV-02586 (CM), 2022 WL 1304589 (S.D.N.Y. May 2, 2022) ("*ABN Ireland*"), *Picard v. First Gulf Bank*, No. 11-02541, 2022 WL 3354955 (Bankr. S.D.N.Y. July 18, 2022), *Picard v. Banque SYZ & Co. SA*, No. 11-02149, 2022 WL 2135019 (Bankr. S.D.N.Y. June 14, 2022), and *Picard v. Merkin (In re BLMIS)*, 440 B.R. 243 (Bankr. S.D.N.Y. 2010), for the same reason that it is distinguishable from *Avellino*—the Trustee's complaints in those cases included defendant-specific allegations of actual knowledge of, or red flags regarding, Madoff's fraud. *See Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Madoff Secs.)*, No. 10-05355, 2020 WL 401822, at *7-12 (Bankr. S.D.N.Y. Jan. 23, 2020), *vacated by ABN Ireland*, 2022 WL 1304589, at *3; *First Gulf*, 2022 WL 3354955, at *11; *Banque SYZ*, 2022 WL 2135019, at *11; *Merkin*, 440 B.R. at 258-59; *see also Gowan v. The Patriot Group, LLC (In re Dreier LLP)*, 452 B.R. 391, 427 (Bankr. S.D.N.Y. 2011).

[KIUK] exchanging shares for consideration" ignores the Trustee's acknowledgment that KIUK was an investor in Fairfield Sentry (Trustee Opp. at 4) and that the Fairfield Amended Complaint, incorporated into the Complaint, repeatedly states that Fairfield Sentry's payments to its other investors were redemptions (*see, e.g.*, Fairfield Amended Complaint ¶¶ 53, 58). That Fairfield Sentry's payments to its investors were redemptions is also well established in the separate chapter 15 proceedings for Fairfield Sentry that this Court administers. *See, e.g.*, *Fairfield Sentry Limited (in Liquidation) v. Theodoor CGC Amsterdam (In re Fairfield Sentry Limited)*, No. 10-03496, 2018 WL 3756343, at *3 (Bankr. S.D.N.Y. Aug. 6, 2018). And, as discussed above, Fairfield Sentry has itself acknowledged that all the payments it made to KIUK were "Redemption Payments." The Trustee offers no alternative explanation for Fairfield Sentry's payments to KIUK and, thus, no basis for the Court to reach any conclusion other than that KIUK received the payments for value.

Third, the allegations on the face of the Complaint show that Defendant is a good-faith transferee of KIUK—specifically, that any transfers Defendant received were payments made on account of KIUK's dissolution. Def. Memo at 15. Although that allegation alone is dispositive, Defendant's motion also is supported by publicly available records that demonstrate KIUK's dissolution was conducted in accordance with United Kingdom law, which Defendant filed as an attachment to a counsel declaration. The Trustee dismisses these materials as "outside the four corners" of the Complaint and merely "an affidavit wherein [Defendant's] counsel testifies," but the law is clear that this Court may take judicial notice of such public records. *See Manville Personal Injury Settlement Trust v. Mandelbrot (In re Johns-Manville Corp.)*, No. 15-01296, 2016 WL 8808177, at *3 (Bankr. S.D.N.Y. Mar. 23, 2016) (Morris, J.) (taking judicial notice of public court records attached to counsel declarations and excluding the actual declarations).

In sum, if the Trustee's own factual allegations on the face of the Complaint are assumed to be true, the Trustee cannot rebut *any* of the elements of Defendant's Section 550(b) defense. The Complaint should therefore be dismissed.

## CONCLUSION

For the foregoing reasons and those set forth in Defendant's opening memorandum of law, Defendant respectfully requests that the Court dismiss the Complaint with prejudice.

Dated: November 11, 2022
      Washington, D.C.

Respectfully submitted,

*/s/ Jonathan P. Guy*
Jonathan P. Guy
James W. Burke (admitted *pro hac vice*)
ORRICK, HERRINGTON & SUTCLIFFE LLP
1152 15th Street, N.W.
Washington, D.C. 20005
Telephone: (202) 339-8400
Facsimile: (202) 339-8500
Email: jguy@orrick.com; jburke@orrick.com

*Attorneys for Koch Industries, Inc.*