# EXHIBIT 11

1BLMKUGP1                    Plea

```
 1    UNITED STATES DISTRICT COURT
      SOUTHERN DISTRICT OF NEW YORK
 2    ------------------------------x

 3    UNITED STATES OF AMERICA,

 4              v.                        10 Cr. 228  (LTS)

 5    DAVID KUGEL,

 6                    Defendant.

 7    ------------------------------x

 8                                       New York, N.Y.
                                         November 21, 2011
 9                                       12:45 p.m.

10
      Before:
11
                    HON. LAURA TAYLOR SWAIN,
12
                                         District Judge
13

14                    APPEARANCES

15    PREET BHARARA
           United States Attorney for the
16         Southern District of New York
      JULIAN MOORE
17    LISA A. BARONI
      MATTHEW SCHWARTZ
18         Assistant United States Attorneys

19    MARTIN ADELMAN
      DANIEL ZELENKO
20    MICHAEL BLUMENTHAL
           Attorneys for Defendant
21

22    ALSO PRESENT:  GREG HAGARTY, FBI
                      PAUL TAKLA, FBI
23                    JEFFREY STEIMEL, Pretrial Services

24

25
```

1BLMKUGP1                          Plea

 1          (Case called)

 2          MR. MOORE:  Good afternoon, your Honor, Julian Moore

 3    for the government.  With me at counsel table are my colleagues

 4    of the USA, Lisa Baroni and Matthew Schwartz.  Also present are

 5    Special Agents Greg Hagarty and Paul Takla of the FBI.  Jeff

 6    Steimel of U.S. Pretrial Services is also with us.

 7          THE COURT:  Good afternoon, Mr. Moore, Ms. Baroni,

 8    Mr. Schwartz, Agent Hagarty, Agent Takla, Officer Steimiel.

 9          MR. ADELMAN:  Good afternoon, your Honor, Martin

10    Adelman for Mr. Kugel.  The other gentlemen will introduce

11    themselves.

12          THE COURT:  Good afternoon, Mr. Adelman, and good

13    afternoon, Mr. Kugel.

14          MR. ZELEKNO:  Good afternoon, your Honor.  Daniel

15    Zelenko and Michael Blumenthal, also appearing on behalf of

16    Mr. Kugel.

17          THE COURT:  Good afternoon Mr. Zelenko and good

18    afternoon, Mr. Blumenthal, and good afternoon, everyone in

19    attendance.

20          I would just like to say, I understand there was a

21    little bit of a miscommunication with respect to the door

22    signage.  I was conducting a trial in here this morning.  As

23    you can see, it is a fairly small courtroom.  The sign should

24    have said:  Kugel on at 12:30, trial in progress, not abandon

25    hope ye who entered here.  Forgive us.  It was just a matter of

1BLMKUGP1                    Plea

 1    not wanting to have a lot of unnecessarily disruptive activity

 2    going on while the trial was going on.  But I also assumed that

 3    anyone who would have come in while the trial was going on

 4    would not have been disruptive.  Again, my apologies.  There

 5    was no meaning to offend.  And I hope that none was taken.

 6            It is my understanding that Mr. Kugel has an

 7    application to waive indictment and enter a guilty plea to a

 8    six-count superseding information which is labeled S4 10 Cr.

 9    228.

10            Now, Mr. Adelman, would you be the principal one I

11    should speak to, or should it be Mr. Zelenko?

12            MR. ADELMAN:  That's fine, yes, your Honor.

13            THE COURT:  Mr. Adelman, is that correct?

14            MR. ADELMAN:  Yes, ma'am, it is.

15            THE COURT:  And the plea is pursuant to the agreement

16    that has been marked as Government Exhibit 1 and has been

17    executed and is at defense table.  Is that correct?

18            MR. ADELMAN:  Yes, it is, ma'am.

19            THE COURT:  And an advice of rights form has also been

20    reviewed and executed and marked as Court Exhibit 1.  Is that

21    correct?

22            MR. ADELMAN:  Yes.

23            THE COURT:  Now, I have a question for the government.

24            Mr. Moore, are you the principal one today?

25            MR. MOORE:  Yes, today, your Honor.

1BLMKUGP1                    Plea

 1              THE COURT:  Would you make a statement regarding

 2     victim notification in connection with this proceeding?

 3              MR. MOORE:  Yes, your Honor.  As the Court is aware,

 4     last week we reached out via a letter to the Court requesting

 5     that today's proceeding be publicized.  Your Honor so kindly

 6     issued that order.  And as of that date, which I believe was

 7     Wednesday, December 16, we published on the U.S. Attorney's

 8     Madoff website that today's proceeding would be conducted and

 9     that Mr. Kugel, the defendant present in court today, would be

10     pleading pursuant to the S4 superseding indictment to the

11     counts that we will go through today.

12              THE COURT:  Mr. Kugel, before I accept your waiver of

13     indictment and your guilty plea, there are a number of

14     questions that I must ask you while you are under oath to

15     assure that it is a valid waiver and plea.  At times I may

16     cover a point more than once and I may cover matters that were

17     also addressed in the advice of rights form that you have seen.

18     But if I do so, that will be because it is very important that

19     you understand what is happening here today.

20              In that connection, if you don't understand something

21     that I ask you, please say so and I will reword the question or

22     you may speak with your attorney.

23              Do you understand that?

24              THE DEFENDANT:  Yes, your Honor.

25              THE COURT:  Ms. Ng, would you please administer the

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

1    oath or affirmation.

2            (Defendant sworn)

3            THE COURT:  Would you please state your full name for

4    the record.

5            THE DEFENDANT:  David Louis Kugel.

6            THE COURT:  Mr. Kugel, do you understand that you have

7    solemnly promised to tell the truth and that if you answer any

8    of my questions falsely, your false or untrue answers may later

9    be used against you in another prosecution for perjury or

10   making a false statement?

11           THE DEFENDANT:  Yes, your Honor.

12           THE COURT:  You can be seated for the next portion of

13   the proceeding.

14           THE DEFENDANT:  Thank you.

15           THE COURT:  How old are you, sir?

16           THE DEFENDANT:  66.

17           THE COURT:  And how far did you go in school?

18           THE DEFENDANT:  I have a graduate -- undergraduate

19   degree.

20           THE COURT:  In this particular field?

21           THE DEFENDANT:  BBA in accounting, business

22   administration.

23           THE COURT:  Since you finished your formal schooling,

24   what types of work have you done?

25           THE DEFENDANT:  Brokerage firms, security work.

1BLMKUGP1                    Plea

1           THE COURT:  Are you able to read, speak, and

2    understand English well?

3           THE DEFENDANT:  Yes, your Honor.

4           THE COURT:  Are you a citizen of the United States?

5           THE DEFENDANT:  Yes, your Honor.

6           THE COURT:  Are you now or have you recently been

7    under the care of a doctor or psychiatrist?

8           THE DEFENDANT:  Yes, your Honor.

9           THE COURT:  Are you under care for any condition that

10   affects your ability to think clearly?

11          THE DEFENDANT:  I don't know, your Honor.

12          THE COURT:  You don't know?

13          THE DEFENDANT:  No, your Honor.

14          THE COURT:  Are you taking any medication that affects

15   your ability to think clearly?

16          THE DEFENDANT:  No, your Honor.

17          THE COURT:  Are you under treatment for any condition

18   or taking any medication that affects your judgment in terms of

19   making important decisions for yourself?

20          THE DEFENDANT:  No, your Honor.

21          THE COURT:  In the past 24 hours have you taken any

22   drugs, medicine or pills or have you drunk any alcohol?

23          THE DEFENDANT:  I have taken medicine, prescribed

24   medicine.  No alcohol.

25          THE COURT:  And have you taken the prescription

1BLMKUGP1                    Plea

1    medicine on the schedule prescribed and in the amount

2    prescribed?

3            THE DEFENDANT:  Yes, your Honor.

4            THE COURT:  Is your mind clear today?

5            THE DEFENDANT:  Yes, your Honor.

6            THE COURT:  Are you feeling well physically today?

7            THE DEFENDANT:  Yes, your Honor.

8            THE COURT:  Are you represented by counsel here today?

9            THE DEFENDANT:  Yes, your Honor.

10           THE COURT:  And who are your lawyers?

11           THE DEFENDANT:  Martin Adelman, Dan Zelenko, and

12   Michael Blumenthal.

13           THE COURT:  Messrs. Adelman, Zelenko and Blumenthal

14   and Mr. Moore, does any of you have any doubt as to Mr. Kugel's

15   competence to waive indictment and plead guilty at this time?

16           MR. MOORE:  No, your Honor.  And the government is

17   aware of Mr. Kugel's prescribed medication that he takes, as

18   indicated on page 3 of the pretrial services report.

19           THE COURT:  Defense counsel.

20           MR. ADELMAN:  The same answer, your Honor.

21           MR. ZELEKNO:  Same, your Honor.

22           MR. BLUMENTHAL:  Same also, your Honor.

23           THE COURT:  Mr. Kugel, your attorneys have informed me

24   that you wish to waive indictment and enter a guilty plea to an

25   information.

1        Do you wish to waive indictment and plead guilty?

2        THE DEFENDANT:  Yes, your Honor.

3        THE COURT:  Have you fully discussed your case with

4    your attorneys, including the charges to which you intend to

5    plead guilty and any possible defenses to those charges?

6        THE DEFENDANT:  Yes, your Honor.

7        THE COURT:  Have you and your attorneys also discussed

8    the consequences of entering a guilty plea?

9        THE DEFENDANT:  Yes, your Honor.

10       THE COURT:  Are you satisfied with your attorneys and

11   their representation of you?

12       THE DEFENDANT:  Yes, your Honor.

13       THE COURT:  On the basis of Mr. Kugel's responses to

14   my questions and my observations of his demeanor, I find that

15   he is fully competent to waive indictment and enter an informed

16   plea at this time.

17       Before I accept your plea, sir, I am going to ask you

18   some more questions.  These questions are intended to satisfy

19   the Court that you wish to plead guilty because you are in fact

20   guilty and that you fully understand your rights and the

21   consequences of your plea.

22       Now, I will describe to you certain rights that you

23   have under the Constitution and laws of the United States.  You

24   will be giving up these rights if you enter a guilty plea.

25   Please listen carefully.  If you do not understand something

1BLMKUGP1                         Plea

 1    that I'm saying or describing, stop me and I or your attorney

 2    will explain it more fully.

 3          Under the Constitution and laws of the United States,

 4    you have the right to a speedy and public trial by a jury on

 5    the charges against you that are in the information.

 6          Do you understand that?

 7          THE DEFENDANT:  Yes, your Honor.

 8          THE COURT:  Do you understand that you have the right

 9    to plead not guilty and to continue to plead not guilty?

10          THE DEFENDANT:  Yes, your Honor.

11          THE COURT:  If there were a trial, you would be

12    presumed innocent and the government would be required to prove

13    you guilty by competent evidence and beyond a reasonable doubt.

14    You would not have to prove that you were innocent at trial.

15          Do you understand that?

16          THE DEFENDANT:  Yes, your Honor.

17          THE COURT:  If there were a trial, a jury composed of

18    12 people selected from this district would have to agree

19    unanimously in order to find you guilty.

20          Do you understand that?

21          THE DEFENDANT:  Yes, your Honor.

22          THE COURT:  If there were a trial and at all stages

23    leading up to it, you would have the right to be represented by

24    an attorney.  And if you could not afford one, an attorney

25    would be provided to you free of cost.

1BLMKUGP1                    Plea

1          Do you understand that?

2          THE DEFENDANT:  Yes, your Honor.

3          THE COURT:  If there were a trial, you would have the

4     right to see and hear all of the witnesses against you and your

5     attorney could cross-examine them.  You would have the right to

6     have your attorney object to the government's evidence and

7     offer evidence on your behalf, if you so desired.  You would

8     also have the right to have witnesses required to come to court

9     to testify in your defense, and you would have the right to

10    testify yourself, but you would not be required to testify.

11         Do you understand all that?

12         THE DEFENDANT:  Yes, your Honor.

13         THE COURT:  Do you understand that if there were a

14    trial and you decided not to testify, no adverse inference

15    could be drawn against you based on your decision not to

16    testify?

17         THE DEFENDANT:  Yes, your Honor.

18         THE COURT:  Do you understand that if you were

19    convicted at a trial, you would have the right to appeal that

20    verdict?

21         THE DEFENDANT:  Yes, your Honor.

22         THE COURT:  Do you understand each and every one of

23    these rights that I have questioned you about?

24         THE DEFENDANT:  Yes, your Honor.

25         THE COURT:  Do you have any questions about any of

1BLMKUGP1                          Plea

1    these rights?

2             THE DEFENDANT:  No, your Honor.

3             THE COURT:  Do you understand that by pleading guilty

4    today you will be giving up each and every one of these rights,

5    that you will be waiving these rights?

6             THE DEFENDANT:  Yes, your Honor.

7             THE COURT:  Do you also understand that you will be

8    waiving any possible claim that your constitutional rights may

9    have been violated and that you will have no trial?

10            THE DEFENDANT:  Yes, your Honor.

11            THE COURT:  One moment.

12            Ms. Baroni, do you need water?

13            MS. BARONI:  That would be great, your Honor.

14            THE COURT:  Ms. Ng.

15            MS. BARONI:  Thank you, your Honor.

16            THE COURT:  Mr. Kugel, do you understand that by

17   entering a plea of guilty you will also have to give up your

18   right not to incriminate yourself because I will ask you

19   questions about what you did in order to satisfy myself that

20   you are guilty as charged and you will have to admit and

21   acknowledge your guilt?

22            THE DEFENDANT:  Yes, your Honor.

23            THE COURT:  Do you understand that you can change your

24   mind right now and refuse to enter a guilty plea.  You do not

25   have to enter this plea if you do not want to, for any reason.

1BLMKUGP1                    Plea

1           Do you understand this fully?

2           THE DEFENDANT:  Yes, your Honor.

3           THE COURT:  And do you still wish to plead guilty?

4           THE DEFENDANT:  Yes, your Honor.

5           THE COURT:  The document that contains the charges to

6    which you've indicated you wish to plead guilty is called an

7    information.  It has been issued by the United States Attorney.

8    You have a constitutional right to be charged by an indictment

9    rather than an information.  An indictment would be a charge

10   issued from a grand jury.

11          Do you understand that?

12          THE DEFENDANT:  Yes, your Honor.

13          THE COURT:  Mr. Adelman, would you please show

14   Mr. Kugel the waiver of indictment form.

15          MR. ADELMAN:  I have done so, your Honor.

16          THE COURT:  Thank you.

17          Mr. Kugel, have you signed this waiver of indictment

18   form?

19          THE DEFENDANT:  Yes, your Honor.

20          THE COURT:  Did you read it before you signed it?

21          THE DEFENDANT:  Yes, your Honor.

22          THE COURT:  Did you discuss it with your attorney

23   before you signed it?

24          THE DEFENDANT:  Yes, your Honor.

25          THE COURT:  Did you fully understand it before you

1BLMKUGP1                    Plea

1    signed it?

2              THE DEFENDANT:  Yes, your Honor.

3              THE COURT:  Do you understand that if you do not waive

4    indictment, if the government wanted to prosecute you on these

5    particular charges that are in the information, the government

6    would have to present the charges to a grand jury, which might

7    or might not indict you on them?

8              THE DEFENDANT:  Yes, your Honor.

9              THE COURT:  Do you understand that you are under no

10   obligation to waive indictment?

11             THE DEFENDANT:  Yes, your Honor.

12             THE COURT:  Do you understand that by waiving

13   indictment you are giving up your right to have the case

14   presented to a grand jury?

15             THE DEFENDANT:  Yes, your Honor.

16             THE COURT:  Do you understand what a grand jury is?

17             THE DEFENDANT:  Yes, your Honor.

18             THE COURT:  Did anyone promise you anything or

19   threaten you to get you to waive indictment?

20             THE DEFENDANT:  No, your Honor.

21             THE COURT:  Have you seen a copy of the fourth

22   superseding information?  That's the charging instrument that

23   says S4 10 Cr. 228 at the top.

24             THE DEFENDANT:  Yes, your Honor.

25             THE COURT:  Have you read it?

1BLMKUGP1                        Plea

1          THE DEFENDANT:  Yes.

2          THE COURT:  Have you discussed it with your attorney?

3          THE DEFENDANT:  Yes.

4          THE COURT:  Do you understand the charges against you

5     that are detailed in the information?

6          THE DEFENDANT:  Yes, your Honor.

7          THE COURT:  If you want me to, I'll read the

8     information out loud now here in court.  Do you want me to read

9     it to you out loud?

10         THE DEFENDANT:  No, your Honor.

11         THE COURT:  I find that Mr. Kugel's waiver of

12    indictment is knowing and voluntary.  I accept it and I so

13    order it.

14         Mr. Kugel, do you understand that Count One of the

15    superseding information charges you with participating in a

16    conspiracy in violation of Title 18 of the United States Code,

17    Section 371 to commit securities fraud in violation of Title

18    15, Sections 78jb and 77ff, and 17, Code of Federal

19    Regulations, Section 250 10B-5.  Also to falsify books and

20    records of a broker dealer in violation of Title 15, Sections

21    78qa and 78ff, and 17, Code of Federal Regulations, Section

22    240.17A-3, and also to falsify books and records of an

23    investment advisor, in violation of Title 15, United States

24    Code, Sections 80b-4 and 80b-17, and 17, Code of Federal

25    Regulations, Section 275.204-2?

1BLMKUGP1                      Plea

1          THE DEFENDANT:  Yes, your Honor.

2          THE COURT:  Do you understand that Count Two of the

3    superseding information charges you with conspiracy in

4    violation of Title 18, Section 371 to commit bank fraud in

5    violation of Title 18, Section 1344?

6          THE DEFENDANT:  Yes, your Honor.

7          THE COURT:  Do you understand that Count Three of the

8    superseding information charges you with securities fraud in

9    violation of Title 15 Sections 78jb and 77ff, as well as 17,

10   CFR, Section 240.10B-5, and Title 18, U.S. Code, Section 2?

11         THE DEFENDANT:  Yes, your Honor.

12         THE COURT:  Do you understand that Count Four of the

13   superseding information charges you with falsifying books and

14   records of a broker dealer in violation of Title 15, Sections

15   78qa and 78ff, 17, Code of Federal Regulations, Section

16   240.17A-3, and Title 18, Section 2?

17         THE DEFENDANT:  Yes, your Honor.

18         THE COURT:  Do you understand that Count Five of the

19   superseding information charges you with falsifying books and

20   records of an investment advisor in violation of Title 15, U.S.

21   Code, Sections 80b-4 and 80b-17, 17, CFR, Section 275.204-2 and

22   Title 18, U.S. Code, Section 2?

23         THE DEFENDANT:  Yes, your Honor.

24         THE COURT:  Do you understand that Count Six of the

25   superseding information charges you with committing bank fraud

1    in violation of Title 18, United States Code, Sections 1344 and

2    Title 18, United States Code, Section 2?

3             THE DEFENDANT:  Yes, your Honor.

4             THE COURT:  Do you understand that the government

5    would have to prove each and every part or element of each of

6    these charges beyond a reasonable doubt at trial if you did not

7    plead guilty?

8             THE DEFENDANT:  Yes, your Honor.

9             THE COURT:  Mr. Moore, would you please explain the

10   matters that the government would have to prove if we were to

11   go to trial on the charges in the fourth superseding

12   information?

13            MR. MOORE:  Yes, your Honor.

14            With regard to Counts One and Two, the conspiracy

15   counts, in order to prove the crime of conspiracy, the

16   government must establish each of the following elements beyond

17   a reasonable doubt:  First, that the conspiracy charged in the

18   information existed, in other words, that there was in fact an

19   agreement or understanding to violate the laws of the United

20   States; second, that the defendant knowingly, willingly and

21   voluntarily became a member of the conspiracy charged; and,

22   third, your Honor, that any one of the conspirators, not

23   necessarily the defendant, knowingly committed at least one

24   overt act in the Southern District of New York in furtherance

25   of the conspiracy during the life of the conspiracy.

1BLMKUGP1                    Plea

 1          With regard to Count Three, your Honor, the securities

 2     fraud count, to establish a violation of Section 10B as charged

 3     in Count Three of the information, the government must prove

 4     each of the following elements:

 5          First, that in connection with the purchase or sale of

 6     securities, the defendant did any one or more of the following:

 7     One, employed a device, scheme, or artifice to defraud; or,

 8     two, made an untrue statement of a material fact or omitted to

 9     state a material fact which made what was said under the

10     circumstances misleading; or, three, engaged in an act,

11     practice, or course of business that operated or would operate

12     as a fraud or deceit upon a purchaser or seller.

13          Second, your Honor, that the defendant you are

14     considering acted knowingly, willfully, and with the intent to

15     defraud.

16          And, third, that the defendant used or caused to be

17     used any means or instruments of transportation or

18     communication in interstate commerce or the use of the mails in

19     furtherance of the fraudulent conduct.

20          With regard to Count Four, falsifying books and

21     records of a broker dealer:  First, the government must prove

22     beyond a reasonable doubt that at the time of the alleged

23     offense, Bernard L. Madoff Investment Securities, which I'll

24     refer to during the rest of these proceedings as BLMIS, was a

25     registered broker dealer; second, that BLMIS failed to make and

1BLMKUGP1                    Plea

```
 1    keep certain accurate records as required under the SEC's rules

 2    and regulations; third, that the defendant aided and abetted

 3    BLMIS' failure to make and keep accurate records; and, fourth,

 4    that the defendant acted knowingly and willfully.

 5              With regard to Count Five, falsifying books and

 6    records of an investment advisor, in order to prove this crime

 7    beyond a reasonable doubt the government must:  First, prove

 8    that at the time of the alleged offense, BLMIS was in fact an

 9    investment advisor; second, that BLMIS failed to make and keep

10    certain accurate records as required under the SEC's rules and

11    regulations; third, that the defendant aided and abetted BLMIS'

12    failure to make and keep accurate records; fourth, that the

13    defendant acted knowingly and willfully; and, fifth, the

14    offense involved the use of the mails and means of

15    instrumentalities of interstate commerce.

16              Finally, with regard, your Honor, with regard to Count

17    Six, the bank fraud count, the government must prove beyond a

18    reasonable doubt that:  First, that at the time of the alleged

19    offense, the defendant executed or attempted to execute a

20    scheme or artifice to defraud a bank or that the defendant

21    executed or attempted to execute a scheme or artifice to obtain

22    money owned by or under the control or custody of that bank by

23    means of false or fraudulent pretenses, representations, or

24    promises; second, that the defendant engaged in the scheme or

25    artifice knowingly and willfully and with the specific intent
```

1BLMKUGP1                    Plea

1    to defraud the bank; and, third, and finally, your Honor, that

2    the bank involved was a federally-insured chartered

3    institution.

4            THE COURT:  Thank you, Mr. Moore.

5            Mr. Kugel, do you understand the matters that the

6    government would have to prove if you did not plead guilty?

7            THE DEFENDANT:  Yes, your Honor.

8            THE COURT:  Do you understand that the maximum

9    possible penalty for the crime charged in Count One of the

10   superseding information is five years of imprisonment, plus a

11   fine of the greatest of $250,000, twice the gain resulting from

12   the offense or twice the loss to other people resulting from

13   the offense, plus a $100 special assessment, plus full

14   restitution to all persons injured as a result of your criminal

15   conduct, plus three years of supervised release after your term

16   of imprisonment?

17           THE DEFENDANT:  Yes, your Honor.

18           THE COURT:  Do you understand that the maximum

19   possible penalty for the crime charged in Count Two is five

20   years of imprisonment, plus a fine of the greatest of $250,000,

21   twice the gain resulting from the offense, or twice the loss to

22   other people resulting from the offense, plus a $100 special

23   assessment, plus full restitution to all persons injured as a

24   result of your criminal conduct, plus three years of supervised

25   release after your term of imprisonment?

1BLMKUGP1                    Plea

1          THE DEFENDANT:  Yes, your Honor.

2          THE COURT:  Do you understand that the maximum

3    possible penalty for the crime charged in Count Three is 20

4    years of imprisonment, plus a fine of the greatest of $5

5    million, twice the gain resulting from the offense, or twice

6    the loss to other people resulting from the offense, plus a

7    $100 special assessment, plus full restitution to all persons

8    injured as a result of your criminal conduct, plus three years

9    of supervised release after your term of imprisonment?

10         THE DEFENDANT:  Yes, your Honor.

11         THE COURT:  Do you understand that the maximum

12   possible penalty for the crime charged in Count Four is 20

13   years of imprisonment, plus a fine of the greatest of $5

14   million, twice the gain resulting from the offense, or twice

15   the loss to other people resulting from the offense, plus a

16   $100 special assessment, plus full restitution to all persons

17   injured as a result of your criminal conduct, plus three years

18   of supervised release after your term of imprisonment?

19         THE DEFENDANT:  Yes, your Honor.

20         THE COURT:  Do you understand that the maximum

21   possible penalty for the crime charged in Count Five is five

22   years of imprisonment, plus a fine of the greatest of $250,000,

23   twice the gain resulting from the offense or twice the loss to

24   other people resulting from the offense, plus a $100 special

25   assessment, plus full restitution to all persons injured as a

1BLMKUGP1                    Plea

1    result of your criminal conduct, plus three years of supervised

2    release after your terms of imprisonment?

3              THE DEFENDANT:  Yes, your Honor.

4              THE COURT:  Do you understand that the maximum

5    possible penalty for the crime charged in Count Six is 30 years

6    of imprisonment, plus a fine of the greatest of $1 million,

7    twice the gain resulting from the offense, or twice the loss to

8    other people resulting from the offense, plus a $100 special

9    assessment, plus full restitution to all persons injured as a

10   result of your criminal conduct, plus five years of supervised

11   release after your term of imprisonment?

12             THE DEFENDANT:  Yes, your Honor.

13             THE COURT:  And do you understand that the maximum

14   possible combined penalty for the six crimes to which you

15   propose to plead guilty is 85 years of imprisonment, plus a

16   fine of $11,750,000 or, if greater, the sums of the relevant

17   gains, losses, and statutory amounts relating to your offenses,

18   plus full restitution to all persons injured by your criminal

19   conduct, plus a $600 mandatory special assessment, plus

20   supervised release for five years after your term of

21   imprisonment?

22             THE DEFENDANT:  Yes, your Honor.

23             THE COURT:  I will now give you some information and

24   verify your understanding of the supervised release aspect of

25   the potential penalty.  Supervised release means that you will

1BLMKUGP1                      Plea

1     be subject to monitoring when you are released from prison.

2     Terms and conditions will be imposed.  If you violate any of

3     the set terms and conditions, you can be reimprisoned without a

4     jury trial.  If you are on supervised release and you do not

5     comply with any of the set terms or conditions, you can be

6     returned to prison for the remainder of the term of supervised

7     release.  You will be given no credit for the time that you

8     served in prison as a result of your sentence and no credit for

9     any time spent on postrelease supervision.  For example, if you

10    received a prison term and then a three-year term of supervised

11    release and after you left prison you lived up to the terms of

12    supervised release for two years, but then you violated some

13    term of the supervised release, you could be returned to prison

14    for three whole years.

15              Do you understand that?

16              THE DEFENDANT:  Yes, your Honor.

17              THE COURT:  Do you also understand that if I accept

18    your guilty plea and adjudge you guilty, that adjudication may

19    deprive you of valuable civil rights, such as the right to

20    vote, the right to hold public office, the right to serve on a

21    jury, and the right to possess any kind of firearm if you

22    currently have or otherwise contain such rights?

23              THE DEFENDANT:  Yes, your Honor.

24              THE COURT:  Do you understand that there are

25    sentencing guidelines that the Court must consider in

1   determining your sentence?

2           THE DEFENDANT:  Yes, your Honor.

3           THE COURT:  Has your attorney discussed the sentencing

4   guidelines with you?

5           THE DEFENDANT:  Yes, your Honor.

6           THE COURT:  Do you understand that in determining your

7   sentence the Court has an obligation to calculate the

8   applicable sentencing guideline range and must consider that

9   range, possible departures under the sentencing guidelines, and

10  other sentencing factors under the statute we referred to as

11  Section 3553(a)?

12          THE DEFENDANT:  Yes, your Honor.

13          THE COURT:  Do you understand that if your attorney or

14  anyone else has attempted to estimate or predict what your

15  sentence will be, their estimate or prediction could be wrong?

16          THE DEFENDANT:  Yes, your Honor.

17          THE COURT:  Do you also fully understand that even if

18  your sentence is different from what your attorney or anyone

19  else told you it might be, or if it is different from what you

20  expect, you will still be bound to your guilty plea and you

21  will not be allowed to withdraw your guilty plea?

22          THE DEFENDANT:  Yes, your Honor.

23          THE COURT:  Do you understand that the sentence to be

24  imposed will be determined solely by the Court and that I can

25  only determine the sentence to be imposed after the probation

1BLMKUGP1                          Plea

1   department prepares a presentence report?

2               THE DEFENDANT:  Yes, your Honor.

3               THE COURT:  Do you understand that the Court has

4   discretion while taking into account the specific provisions

5   and policy statements in the guidelines to sentence you to any

6   number of years of imprisonment between zero and the combined

7   statutory maximums of 85 years?

8               THE DEFENDANT:  Yes, your Honor.

9               THE COURT:  Are you now serving any state or federal

10  sentence or are you being prosecuted for any other crime?

11              THE DEFENDANT:  No, your Honor.

12              THE COURT:  Do you understand that the superseding

13  information also includes a forfeiture allegation in which the

14  government asserts that you are required to forfeit to the

15  United States any and all property constituting or derived from

16  any proceeds that you obtained as a result of the crimes

17  charged in Counts One, Two, Three, Four, and Six, as well as

18  any and all property traceable to such property, including but

19  not limited to a sum of money representing the amount of

20  proceeds obtained as a result of said offenses, totaling

21  approximately $3,585,000 as to each of Counts Two and Six, and

22  $170 billion as to Counts one, Three, and Four?

23              THE DEFENDANT:  Yes, your Honor.

24              THE COURT:  Mr. Adelman, would you please show

25  Mr. Kugel the agreement which has been marked as Government

1BLMKUGP1                    Plea

1    Exhibit 1.

2              MR. ADELMAN:  I have done so, your Honor.

3              THE COURT:  Thank you.

4              Mr. Kugel, have you signed this agreement?

5              THE DEFENDANT:  Yes, your Honor.

6              THE COURT:  Did you read it before you signed it?

7              THE DEFENDANT:  Yes, your Honor.

8              THE COURT:  Did you discuss it with your attorney

9    before you signed it?

10             THE DEFENDANT:  Yes, your Honor.

11             THE COURT:  Did you fully understand the agreement

12   before you signed it?

13             THE DEFENDANT:  Yes, your Honor.

14             THE COURT:  Does the agreement reflect accurately your

15   complete and total understanding of the entire agreement

16   between the government, your attorney, and you?

17             THE DEFENDANT:  Yes, your Honor.

18             THE COURT:  Is everything that you understand about

19   your plea, cooperation, and sentence covered in this agreement?

20             THE DEFENDANT:  Yes, your Honor.

21             THE COURT:  Has anything been left out?

22             THE DEFENDANT:  No, your Honor.

23             THE COURT:  Has anyone made any promises to you other

24   than what's written in that agreement or threatened you or

25   forced you to plead guilty or to enter into the cooperation

1BLMKUGP1                    Plea

1    agreement?

2              THE DEFENDANT:  No, your Honor.

3              THE COURT:  Do you understand that even if the

4    government does not oppose or take a position on what your

5    attorney will ask as a sentence, I am free to impose whatever

6    sentence I believe is appropriate under the circumstances and

7    the applicable law, and you will have no right to withdraw your

8    plea?

9              THE DEFENDANT:  Yes, your Honor.

10             (Continued on next page)

1bldkug2                    Plea

1        THE COURT:  Do you understand that the agreement

2    provides that you must cooperate fully with the office of the

3    United States Attorney, the Federal Bureau of Investigation,

4    and any other law enforcement agency designated by the United

5    States Attorney?

6        THE DEFENDANT:  Yes, your Honor.

7        THE COURT:  Do you understand that the agreement does

8    not bind any federal, state, or local prosecuting authority

9    other than the United States Attorney?

10       THE DEFENDANT:  Yes, your Honor.

11       THE COURT:  Do you understand that the agreement

12   provides that if the United States Attorney determines that you

13   have provided substantial assistance in the investigation or

14   prosecution and if you have fully complied with the

15   understandings specified in the agreement, the United States

16   Attorney will file a motion, pursuant to Section 5K1.1 of the

17   Sentencing Guidelines, requesting that the Court sentence in

18   light of the factors set forth in Section 5K5.1(a)?

19       THE DEFENDANT:  Yes, your Honor.

20       THE COURT:  Do you understand that the factors that

21   the Court may consider in this connection include the

22   significance and usefulness of your assistance, taking into

23   account the government's evaluation of your assistance, the

24   truthfulness, completeness and reliability of any information

25   or testimony you provided, the nature and extent of your

1bldkug2                      Plea

1    assistance, any injuries suffered or any danger or risk of

2    injury to you or to your family as a result of your assistance,

3    and the timeliness of your assistance?  Do you understand that?

4          THE DEFENDANT:  Yes, your Honor.

5          THE COURT:  Do you understand that even if the United

6    States Attorney files such a motion, the sentence to be imposed

7    on you remains within the sole discretion of the Court?

8          THE DEFENDANT:  Yes, your Honor.

9          THE COURT:  Do you understand that you will not be

10   entitled to withdraw your guilty plea even if the Court denies

11   the government's motion?

12         THE DEFENDANT:  Yes, your Honor.

13         THE COURT:  Do you understand that if the United

14   States Attorney determines that you have not provided

15   substantial assistance in an investigation or prosecution, or

16   that you have violated any provision of the agreement, the

17   United States Attorney is not obliged to file a motion under

18   Section 5K1.1 of the Sentencing Guidelines?

19         THE DEFENDANT:  Yes, your Honor.

20         THE COURT:  Do you understand that you will not be

21   entitled to withdraw your guilty plea even if the United States

22   Attorney does not file the motion?

23         THE DEFENDANT:  Yes, your Honor.

24         THE COURT:  Do you understand that your agreement

25   provides that if you commit any further crimes, or if it is

1bldkug2                    Plea

1    determined that you gave false, incomplete, or misleading

2    testimony or information, or otherwise violated any provision

3    of the agreement, you will be subject to prosecution for any

4    federal violations of which the United States Attorney has

5    knowledge, including perjury and obstruction of justice?

6              THE DEFENDANT:  Yes, your Honor.

7              THE COURT:  Do you understand that your agreement

8    provides that if you commit any further crimes, or if it is

9    determined that you gave false, incomplete or misleading

10   testimony or information, or otherwise violated any provision

11   of the cooperation agreement, all statements made by you to the

12   United States Attorney or other designated law enforcement

13   agents and any testimony given by you before a grand jury or

14   other tribunal may be admissible in evidence in any criminal

15   proceedings against you?

16             THE DEFENDANT:  Yes, your Honor.

17             THE COURT:  Do you understand that your agreement also

18   provides that you may not assert a claim that such statements

19   should be suppressed from evidence and that you have waived

20   your right to claim that such statements should be suppressed?

21             THE DEFENDANT:  Yes, your Honor.

22             THE COURT:  Do you understand that page 3 of the plea

23   agreement includes your agreement to forfeit to the United

24   States any and all property constituting and derived from any

25   proceeds that you obtained as a result of the unlawful

1   activities charged in Counts One, Three and Four of the

2   Superseding Information, including, but not limited to, a sum

3   equal to $170 billion, and also to forfeit any and all property

4   constituting and derived from any proceeds that you obtained as

5   a result of the unlawful activities charged in Counts Two and

6   Six of the Information, including, but not limited to, a sum of

7   money equal to $3,585,000 as to each count, as well as your

8   right, title and interest in the specific property identified

9   in the agreement?

10          THE DEFENDANT:  Yes, your Honor.

11          THE COURT:  Do you understand that you are

12   specifically agreeing that the amount to be forfeited includes,

13   but is not limited to, a sum of money equal to $170,007,175,000

14   in United States currency as well as the specific property and

15   that a judgment will be entered against you for at least that

16   amount?

17          THE DEFENDANT:  Yes, your Honor.

18          THE COURT:  Do you understand that you are not

19   obligated to admit the forfeiture allegation?

20          THE DEFENDANT:  Yes, your Honor.

21          THE COURT:  Do you understand that you are not obliged

22   to agree to the forfeiture amount with the government?

23          THE DEFENDANT:  Yes, your Honor.

24          THE COURT:  And do you understand that it is up to the

25   Court to make a final determination as to forfeiture?

1bldkug2                              Plea

1              THE DEFENDANT:  Yes, your Honor.

2              THE COURT:  Do you understand that any amount that you

3       do forfeit will not be credited toward any fines, restitution,

4       cost of imprisonment, or other additional penalty that the

5       court may impose on you?

6              THE DEFENDANT:  Yes, your Honor.

7              THE COURT:  Do you still wish to plead guilty pursuant

8       to this agreement?

9              THE DEFENDANT:  Yes, your Honor.

10             THE COURT:  Mr. Adelman, do you know of any valid

11      reason why Mr. Kugel would prevail at trial?

12             MR. ADELMAN:  I do not, your Honor.

13             THE COURT:  Do you know of any reason why he should

14      not be permitted to plead guilty?

15             MR. ADELMAN:  I do not.

16             THE COURT:  Mr. Kugel, would you please stand now and

17      tell me what you did that makes you guilty of the six crimes

18      charged in the Fourth Superseding Information?

19             THE DEFENDANT:  Yes, your Honor.

20             Your Honor, I stand before you ready to plead guilty

21      to the six counts in the Information filed against me, and to

22      accept responsibility for what I have done.  I am deeply sorry

23      for my actions and the harm suffered by the victims.  I want

24      the Court and everyone to know that I will do all I can to

25      cooperate with the government.

1bldkug2                    Plea

1          As to Counts One, Three, Four and Five, I provided

2   historical trade information to other BLMIS employees, which

3   was used to create false, profitable trades in the Investment

4   Advisory clients' accounts at BLMIS.  Specifically, beginning

5   the early '70s, until the collapse of BLMIS in December 2008, I

6   helped create fake, backdated trades.  I provided historical

7   trade information -- sorry --first to Annette Bongiorno, and

8   later to Joanne Crupi, and others which enabled them to create

9   fake trades that, when included on the account statements and

10  trade confirmations of Investment Advisory clients, gave the

11  appearance of profitable trading when in fact no trading had

12  actually occurred.  I helped Bongiorno, Crupi and others create

13  these fake, backdated trades based on historical stock prices

14  and were executed only on paper.

15         Many of these false trades were based on trades that

16  previously had been used in the Proprietary Trading operations

17  at BLMIS.  I was aware that the trades would be reported to

18  BLMIS customers on their monthly statements and trade

19  confirmations, and that the information was false.

20         I did this at the Madoff offices in Manhattan and

21  known that many of the account statements and trade

22  confirmations were mailed to clients from the offices in

23  Manhattan.

24         I therefore plead guilty to the crimes alleged against

25  me in Count One, Three, Four and Five.  I did conspire with

1bldkug2                         Plea

1   other BLMIS employees to commit these crimes and, in fact, they

2   were committed, in violation of the law.

3           Finally, as to Count Two and Six, I acknowledge that

4   from at least from 2002 through 2007, on several occasions, I

5   caused false financial information to be submitted to various

6   financial institutions on my behalf and on behalf of other

7   potential borrowers.  The false financial information was

8   submitted in connection for applications for mortgage loans.

9           I asked Joann Crupi to prepare documents that did not

10  accurately reflect my assets and the assets of others at BLMIS

11  and she did so.  Those documents overstated the total value of

12  my own and the other potential borrowers' holdings in accounts

13  at BLMIS.  These fake documents were submitted to financial

14  institutions on my behalf and on behalf of other potential

15  borrowers.

16          The false documents were prepared at BLMIS offices in

17  Manhattan and submitted to federally-insured lenders by U.S.

18  mail or wire transmissions.

19          THE COURT:  Thank you.  I have a couple of questions

20  for you.

21          You used the term "conspired" in relation to Counts

22  One, Three, Four and Five.  What do you mean by that?

23          THE DEFENDANT:  When I conspired, I worked together

24  with them to create the false trades that appeared on the

25  Investment Advisory clients' statements and confirmations,

1bldkug2                        Plea

1    pursuant to agreement and understanding.

2            THE COURT:  You had an agreement and understanding

3    with the other individuals you mentioned in order to create the

4    false trades?

5            THE DEFENDANT:  That applied to historical

6    information, yes.

7            THE COURT:  And you said that the customer information

8    regarding the false trades was mailed in the regular Postal

9    system, is that correct?

10           THE DEFENDANT:  To the best of my knowledge, yes.

11           THE COURT:  And the financial institutions to which

12   the false mortgage information, application information, was

13   given were banks; is that your understanding?

14           THE DEFENDANT:  Yes, your Honor.

15           THE COURT:  Is it your understanding that they were

16   federally-insured banks?

17           THE DEFENDANT:  Yes, your Honor.

18           THE COURT:  And when you were dealing with the false

19   trading history information and the false financial

20   information, did you know that that information was false?

21           THE DEFENDANT:  Yes, your Honor.

22           THE COURT:  And did you know that what you were doing

23   was wrong and unlawful?

24           THE DEFENDANT:  Yes, your Honor.

25           THE COURT:  Does the government have any further

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

1bldkug2                          Plea

1    requests for factual matters to be addressed in Mr. Kugel's

2    plea allocution?

3              MR. MOORE:  No.  Thank you, your Honor.

4              THE COURT:  Mr. Adelman -- actually, before we do

5    that, Mr. Moore, would you please summarize the government's

6    evidence against Mr. Kugel?

7              MR. MOORE:  Certainly, your Honor.

8              Had this case proceeded to trial --

9              THE COURT:  You will have to get up again in a minute

10   but it is your choice.

11             MR. MOORE:  My apologies, your Honor.

12             Had this case proceeded to trial, the government would

13   have proven through testimony and evidence beyond a reasonable

14   doubt the facts set forth in the Superseding Information.

15             Specifically, the government would have proven, with

16   respect to Counts One, Three, Four and Five of the Information,

17   that Mr. Kugel was employed at the Bernard L. Madoff Investment

18   Securities LLC, or "BLMIS," from in or about 1970 through at

19   least on or about December 11, 2008.  BLMIS was both an

20   investment advisor and a market maker, your Honor.

21             Beginning in or about the 1970s, Kugel was a trader in

22   BLMIS's Proprietary Trading and Market Making operations.  In

23   or about the late 1990s, your Honor, Mr. Kugel assumed a

24   managerial position on the trading floor and later took on the

25   role of Trading Floor Compliance Analyst.  Beginning in or

1bldkug2                        Plea

1    about the early 1970s until the collapse of BLMIS in 2008,

2    Mr. Kugel helped create fake, backdated trades for Mr. Madoff's

3    Investment Advisory, or the "IA," business with his

4    codefendants, Annette Bongiorno, Joann Crupi, as well as other

5    individuals, your Honor.  These fake, backdated trades -- many

6    of which mimicked actual trades executed in connection with the

7    Proprietary Trading operation -- were used to deceive the

8    clients of the IA business and to give the appearance that

9    actual trading occurred when, as Mr. Kugel and others well

10   knew, no trading occurred at all in the IA account.

11              Beginning in or about the early 1970s, Bongiorno

12   requested from Kugel backdated arbitrage trades to be used in

13   Investment Advisory clients' accounts.  On a regular basis,

14   when the IA business had received money that was to be

15   invested, Bongiorno told Kugel the amount of funds that she had

16   available to purportedly invest on behalf of IA clients, which

17   was typically in the millions of dollars.  In response,

18   Mr. Kugel provided Bongiorno historical information from which

19   she created the fake trades.  Specifically, Mr. Kugel, using

20   historical stock prices from the Wall Street Journal and other

21   sources, he provided Bongiorno with the name of the stocks, the

22   buy and sell dates of potential trades, as well as the

23   historical price ranges of those stocks of the respective dates

24   that she could use to make a profit.  Often, this information

25   mimicked trades previously executed in connection with limited

1bldkug2                    Plea

1    Proprietary Trading operation.

2           Mr. Kugel also gave Ms. Bongiorno the total volume of

3    shares traded in particular stocks on certain dates so she

4    would not exceed a particular stock's daily trading volume when

5    creating the fake trades.  Using the information provide to her

6    by Kugel, Bongiorno then selected the particular stocks and

7    historical purchase prices from the price ranges given to her

8    by Mr. Kugel.  Bongiorno selected different stocks and purchase

9    prices to be used for each IA client in order to meet the rate

10   of return predetermined by Madoff for that client.  In doing

11   so, Ms. Bongiorno calculated the number of shares that would

12   have to be used in each IA client's account, based on both the

13   amount of money the client had available to invest and the

14   predetermined rate of return for each client as determined by

15   Madoff.

16          Beginning in or about the early 1990s, Mr. Kugel

17   similarly provided Ms. Crupi with historical price information

18   to enable Crupi to create false, backdated arbitrage trades for

19   IA clients.  Using the information provide by Kugel, Crupi then

20   selected the particular stock and historical purchase prices to

21   be used for each IA client in order to meet the rate of return

22   predetermined by Madoff for that client.  In doing so, Crupi

23   calculated the number of shares that would have to be used in

24   each IA client's account based on both the amount of money the

25   client had to invest and the rate of return predetermined by

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

1bldkug2                    Plea

 1 | Madoff.

 2 |         In or about the mid-1990s, your Honor, Crupi took over

 3 | the role of Kugel in selecting the historical information

 4 | needed for the fake arbitrage deals.  In doing so, Crupi

 5 | selected the name of the stocks, the buy and sell date of a

 6 | potential trade, as well as the historical price range for that

 7 | date that she could use to make a profit.  Crupi then created

 8 | fake, backdated arbitrage trades that were executed on paper

 9 | only in the IA clients' accounts.

10 |         With respect to Counts Two and Six, your Honor, the

11 | government would have proven that, separate and apart from the

12 | fake trades that Kugel, Bongiorno, Crupi, and others created at

13 | BLMIS, Kugel, with the assistance of Ms. Crupi and others, also

14 | defrauded numerous financial institutions in order to obtain

15 | loans using artificially-inflated financial information.  On

16 | multiple occasions, Mr. Kugel and Crupi submitted false and

17 | misleading information concerning Kugel's assets and the assets

18 | of others to financial institutions in order to obtain loans

19 | for the purchase and construction of homes for Kugel and

20 | others.  With the assistance of Crupi and others, Kugel and

21 | others obtained multiple million-dollar loans based on the

22 | submission of this fraudulent information.

23 |         THE COURT:  Thank you.

24 |         Mr. Kugel, how do you now plead to the charge against

25 | you in Count One of the Fourth Superseding Information, not

1bldkug2                    Plea

1    guilty or guilty?

2              THE DEFENDANT:  Guilty, your Honor.

3              THE COURT:  How do you now plead to the charge against

4    you in Count Two, not guilty or guilty?

5              THE DEFENDANT:  Guilty, your Honor.

6              THE COURT:  How do you now plead to the charge against

7    you in Count Three, not guilty or guilty?

8              THE DEFENDANT:  Guilty, your Honor.

9              THE COURT:  How do you now plead to the charge against

10   you in Count Four, not guilty or guilty?

11             THE DEFENDANT:  Guilty, your Honor.

12             THE COURT:  How do you now plead to the charge against

13   you in Count Five, not guilty or guilty?

14             THE DEFENDANT:  Guilty, your Honor.

15             THE COURT:  And how do you now plead to the charge

16   against you in Count Six, not guilty or guilty?

17             THE DEFENDANT:  Guilty, your Honor.

18             THE COURT:  Are you pleading guilty to each of these

19   charges because you are in fact guilty of each of these

20   charges?

21             THE DEFENDANT:  Yes, your Honor.

22             THE COURT:  Are you pleading guilty voluntarily and of

23   your own free will?

24             THE DEFENDANT:  Yes, your Honor.

25             THE COURT:  Mr. Adelman, would you please show

1bldkug2                              Plea

1    Mr. Kugel Court Exhibit 1, the advice of rights form.

2                   MR. ADELMAN:  I have done so, your Honor.

3                   THE COURT:  Thank you.

4                   Mr. Kugel, have you signed this form?

5                   THE DEFENDANT:  Yes, your Honor.

6                   THE COURT:  Did you read it before you signed it?

7                   THE DEFENDANT:  Yes, your Honor.

8                   THE COURT:  Did you understand it before you signed

9    it?

10                  THE DEFENDANT:  Yes, your Honor.

11                  THE COURT:  Did you discuss it with your attorney

12   before you signed it?

13                  THE DEFENDANT:  Yes, your Honor.

14                  THE COURT:  Mr. Adelman, did you also review and sign

15   Court Exhibit 1?

16                  MR. ADELMAN:  Yes, your Honor.

17                  THE COURT:  Mr. Adelman, are there any other questions

18   that you believe I should ask Mr. Kugel in connection with his

19   plea?

20                  MR. ADELMAN:  No, ma'am.

21                  THE COURT:  Mr. Moore, are there any other questions

22   that you believe I should ask Mr. Kugel in connection with his

23   plea?

24                  MR. MOORE:  No.  Thank you, your Honor.

25                  THE COURT:  Mr. Kugel, you have acknowledged that you

1bldkug2                          Plea

 1 │ are guilty as charged in the Information.  I find that you know

 2 │ your rights and that you are waiving them voluntarily.

 3 │         Because your plea is entered knowingly and voluntarily

 4 │ and is supported by an independent basis in fact, containing

 5 │ each of the essential elements of each of the offenses, I

 6 │ accept your guilty plea and I adjudge you guilty of the

 7 │ offenses charged in Counts One, Two, Three, Four, Five and Six

 8 │ of the Fourth Superseding Information, to which you have pled

 9 │ guilty.

10 │         You can be seated now.  Thank you.

11 │         Mr. Adelman, do you wish to be present for any

12 │ interview of Mr. Kugel in connection with the preparation of

13 │ the presentence report?

14 │         MR. ADELMAN:  Yes, ma'am.

15 │         THE COURT:  I will make that direction.

16 │         MR. ADELMAN:  Thank you.

17 │         THE COURT:  Do the parties have a particular request

18 │ with respect to the setting of a sentencing date?

19 │         MR. MOORE:  Your Honor, the government requests a

20 │ sentencing control date for six months from now and that a

21 │ presentence report not be ordered at this time.

22 │         THE COURT:  Ms. Ng, may I have a date, please?

23 │         THE CLERK:  Friday, May 4th, 2012, at 11 a.m.

24 │         THE COURT:  May 4th at 11 a.m.?

25 │         THE CLERK:  Yes.

1bldkug2                    Plea

1          THE COURT:  The sentencing control date is set for

2    May 4th at 11 a.m.

3          Will the government inform the Court and the defense

4    at such time that it believes that it is appropriate to prepare

5    a presentence report?

6          MR. MOORE:  We will, your Honor.

7          THE COURT:  Thank you.

8          Counsel, when it does come time for sentencing, please

9    be certain to give any comments or objections promptly to the

10   Probation Office, and to make your sentencing submissions in a

11   manner consistent with my sentencing submission procedures,

12   which are posted on the court's website and they are also

13   available here in hard copy.

14         Mr. Kugel, at some point the Probation Office will be

15   preparing a presentence report to assist me in sentencing you.

16   You will be interviewed by the Probation Office.  It is

17   important that the information that you give to the probation

18   officer be truthful and accurate.  The report is important in

19   what my decision is as to what your sentence will be.

20         You and your attorney have the right and will have an

21   opportunity to examine the report, to challenge or comment on

22   it, and to speak on your behalf before sentencing.  Failing to

23   be truthful with the Probation Office and the Court may have an

24   adverse effect on your sentence and may subject you to

25   prosecution.

1bldkug2                          Plea

1          Do you understand that?

2          THE DEFENDANT:  Yes, your Honor.

3          THE COURT:  Now, I understand that there is a --

4    actually, we need to deal with bail conditions, and we also

5    need to deal with the documents that I have been given relating

6    to forfeiture.

7          Is it the parties' request that I sign today the

8    Preliminary Order of Forfeiture and also the Stipulation and

9    Order relating to forfeiture issues?

10         MR. MOORE:  Yes, your Honor.  Thank you.

11         THE COURT:  Any objection from the defense?

12         MR. BLUMENTHAL:  No, your Honor.

13         THE COURT:  And am I to sign the full and redacted

14   copy?

15         MR. SCHWARTZ:  Yes, your Honor.  Of course, we ask

16   that only the redacted versions be docketed.

17         THE COURT:  Yes.  And that the full version be filed

18   under seal?

19         MR. SCHWARTZ:  Please, yes.  The redactions are in

20   accordance with the court's local rules.

21         THE COURT:  So relating to the privacy rules.

22         MR. SCHWARTZ:  Correct.  It is financial accountant

23   information and the names of minors.

24         THE COURT:  Thank you.

25         (Pause)

1bldkug2                      Plea

1            Ms. Ng will take care of the entry of those orders.

2            I have reviewed the Pretrial Services' report.  Do the

3    parties have a joint application and recommendation with

4    respect to bail pending sentencing?

5            MR. MOORE:  Yes, your Honor.

6            In light of Mr. Kugel's cooperation, his full

7    disclosure of his financial assets and his dealings that limits

8    to the government, we are satisfied that he will follow the

9    rules set forth by Pretrial Services in accordance with the

10   proposed bail package we are prepared to present to the Court

11   at this time.

12           Namely, we respectfully submit to you, your Honor,

13   that the defendant's ball be set at a $3 million personal

14   recognizance bond to be secured by six financially-responsible

15   persons and $900,000 in cash or property.  This property will,

16   of course, have to be clean assets, wholly unaffiliated with

17   BLMIS.

18           We further request that the defendant be subject to

19   strict pretrial supervision, and that his travel be restricted

20   to the Southern District of New York, the Eastern District of

21   New York and the District of New Jersey.

22           We further request that he surrender all of his travel

23   documents and make no new travel applications.  We ask that

24   this restriction also apply to his wife.  In light of the

25   holiday this week, your Honor, we request that the defendant

1bldkug2                          Plea

1    have until Thursday, December 1st, to meet these conditions.

2              To date, the government has already met with a number

3    of the defendant's proposed suriters and has been satisfied

4    with their financial and personal qualifications.  These

5    persons include close family members and friends of the

6    defendant who have known him for decades and present strong

7    moral suasion over the defendant to follow the conditions of

8    his release.

9              The defendant has been working with our office and the

10   FBI for quite some time now, your Honor.  During this time he

11   has been both been reliable, timely in making his appointments,

12   and flexible with his schedule when the government requested

13   meetings with him.

14             The defendant is a long-time resident on Long Island,

15   and his family resides in that district, in the Southern

16   District of New York and the District of New Jersey.  Moreover,

17   your Honor, the defendant currently helps assist his elderly

18   mother with her care, and that includes bringing her to visit

19   his brother, who resides in the District of New Jersey.

20   Currently, this is his primary job responsibility.

21             As part of the cooperation process, your Honor, the

22   defendant has filled out financial affidavits and worked with

23   our Asset Forfeiture Unit at the U.S. Attorney's Office,

24   detailing the amounts and whereabouts of all of his assets.  He

25   has worked closely with Mr. Schwartz in that regard, and has

1bldkug2                    Plea

1    fully accepted the fact that he must forfeit the vast majority

2    of his assets.

3            As your Honor is aware, and I believe as the Court has

4    issued today or will be issuing shortly, our Asset Forfeiture

5    unit has presented forfeiture papers for your review in which

6    the defendant has agreed to a forfeiture amount of over $170

7    billion.  And as part of that forfeiture, your Honor, the

8    defendant has agreed to give up his home, luxury vehicle,

9    monies maintained in several financial institutions, and other

10   specific assets detailed in the papers before your Honor.

11           The government does not believe the defendant is a

12   danger to the community.

13           For all of these reasons, your Honor, the government

14   believes that the proposed bail package is reasonable and

15   appropriate in this case for this individual defendant.

16           THE COURT:  And the government believes, I take it,

17   based on its thorough review of the financial situation and its

18   dealings with Mr. Kugel over a lengthy period of time, that the

19   evidence is clear and convincing that the package that has been

20   proposed, including the delayed satisfaction of all of the

21   particulars of the package, is sufficient to address the

22   societal interests in proper appearance for proceedings in this

23   case and protection of the public?

24           MR. MOORE:  We do, your Honor.

25           THE COURT:  Thank you.

1bldkug2                        Plea

1          Did Pretrial Services wish to be heard further on

2     this?

3          MR. STEIMEL:  No, your Honor.  We stand by our report.

4          THE COURT:  Thank you.

5          And the defense has no objection to the set of

6     conditions?

7          MR. ADELMAN:  No, ma'am.  I was just going to endorse

8     them by pointing out that Mr. Kugel, aside from these financial

9     considerations, is closely tied to his family, all of whom are

10    here in New York.  His brother and sister are going to be

11    suriters.  The brother is a dentist in New Jersey.

12         He is in contact with his aged mother on a frequent

13    basis.  His goal is to help her when she needs help.  His

14    daughter and son are here.  His grandchildren are here.  He has

15    no connections anywhere else in the world.  I have the

16    passports of Mr. and Mrs. Kugel with me to surrender to the

17    court.  And I endorse the proposal that has been made.

18         Your Honor doesn't have to hear this now, and I

19    apologize.  At some point in time I will be requesting travel

20    permission for Mr. Kugel to go to Florida.  He has a piece of

21    real estate, a house there, that he is obliged to sell to raise

22    funds for the forfeiture.  He is going to be the one selling

23    it, not the government, and he has his personal property there.

24    So I will be in communication with your Honor to ask for such a

25    trip, and I expect you will remember what I just told you today

1bldkug2                          Plea

1    in ruling on the application.

2            THE COURT:  I have listened carefully to what you just

3    told me.  I would simply ask that you speak -- before you make

4    the communication to my chambers, that you verify that there is

5    no objection to it from the government, from the Probation

6    Department, and that you write a letter reciting those

7    communications and the positions of those two aspects of the

8    institution.

9            MR. ADELMAN:  Yes, your Honor.

10           THE COURT:  All right, then.

11           I am going to prepare a bail disposition sheet.  I'm

12   sorry.

13           MR. STEIMEL:  Your Honor, I'm sorry --

14           THE COURT:  It is Pretrial Services, not Probation?

15           MR. STEIMEL:  Yes, your Honor.

16           Just one clarification.  I know that defense counsel

17   indicated that the wife's passport was also going to be ordered

18   seized or surrendered to Pretrial Services.  I was not clear

19   actually -- I'm not sure if I heard you say whether the wife's

20   passport was also supposed to be surrendered.  Did you order

21   that?

22           THE COURT:  I am going to.  It was in the list of

23   conditions that -- I'm sorry, am I interrupting you?

24           MR. MOORE:  No.  I'm just saying you hadn't issued

25   your decision yet.

1bldkug2                          Plea

 1          THE COURT:  It was part of the package as described by

 2    Mr. Moore.

 3          And so what I was about to say was that I find, based

 4    on the review of the Pretrial Services' report and all of the

 5    representations that have been made to the Court, that the

 6    package as proposed is appropriate and sufficient to address

 7    the statutory concerns of appearance and protection of the

 8    community.  Accordingly, I will approve release pending

 9    sentencing on the basis of these conditions.

10          Now I am going to prepare a bail disposition sheet on

11    which I will summarize the conditions.  I will read out to make

12    sure that everyone agrees that I have reflected the appropriate

13    conditions.  So if you will bear with me, I will do that.

14          MR. ADELMAN:  Your Honor, may I have a moment to

15    consult with my brother and sister here?

16          THE COURT:  Yes, you may.

17          MR. ADELMAN:  Thank you.

18          (Pause)

19          THE COURT:  This is what I have written.

20          $3 million PRB with six FRPs; 900,000 security in cash

21    and property (not derived from BLMIS or any activity that is

22    the subject of the charges); strict supervision; travel

23    restricted to S.D.N.Y., EDNY, DNJ; surrender passports of

24    defendant and spouse, and no new applications.  All conditions

25    must be met by December 1, 2011.

1bldkug2                        Plea

1         Does that cover it?

2              MR. MOORE:  Yes, your Honor.

3              MR. ADELMAN:  Yes, your Honor.  The only -- I don't

4    anticipate him not being compliant by December 1, but if there

5    is one piece that is missing or it will come in the next day, I

6    will come back to your Honor and advise.

7              THE COURT:  Yes.  If you need to, you can make an

8    application for an extension of the deadline, but this is the

9    deadline that I am putting in today.

10             MR. ADELMAN:  Yes.

11             THE COURT:  All right.  Let me print the copies.

12             (Pause)

13             THE COURT:  Mr. Kugel.

14             THE DEFENDANT:  Yes, your Honor.

15             THE COURT:  Did you hear the conditions that I had set

16   for your bail?

17             THE DEFENDANT:  Yes, your Honor.

18             THE COURT:  Do you understand that you must comply

19   strictly with all of those conditions, and that the violation

20   of any of those conditions may result in the issuance of a

21   warrant for your arrest, the revocation of your release, or

22   other sanctions?

23             THE DEFENDANT:  Yes, your Honor.

24             THE COURT:  The Pretrial Services Department will be

25   going over the details of all of the conditions with you.

1bldkug2                    Plea

1          Counsel, is there anything further that we need to

2   address together this afternoon?

3          MR. MOORE:  Nothing from the government, your Honor.

4          MR. ADELMAN:  Nor from the defense.

5          THE COURT:  All right.  Thank you.  We are all

6   adjourned.

7          MR. MOORE:  Thank you, your Honor.

8          MS. BARONI:  Thank you, your Honor.

9          THE CLERK:  All rise.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

I (We) hereby certify that the foregoing is a true and accurate transcript, to the best of my (our) skill and ability, from my (our) stenographic notes of this proceeding.

_____
Official Court Reporter
U.S. District Court