# EXHIBIT 16

COLE SCHOTZ P.C.
900 Third Avenue, 16th Floor
New York, NY 10022
(212) 752-8000
(212)) 752-8393 Facsimile
Laurence May, Esq.
*Attorneys for Defendants, 151797 Canada Inc.*
*Judith Pencer and Samuel Pencer*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>Plaintiff,<br><br>v.<br><br>151797 CANADA INC.; JUDITH PENCER; and SAMUEL PENCER,<br><br>Defendants. | Adv. Pro. No. 10-04631 (SMB) |

49589/0001-11741628v1

RECEIVED
APR 28 2015
BAKER & HOSTETLER LLP

## RESPONSE OF 151797 CANADA INC. TO TRUSTEE'S
## FIRST SET OF INTERROGATORIES

Defendant 151797 Canada Inc. ("151" or "Defendant") for its Responses ("the Responses") to the Trustee's First Set of Interrogatories dated March 2, 2015 (the "Interrogatories") and its attorneys, Cole Schotz P.C., for the objections thereto, state as follows:

### RESPONSE TO DEFINITIONS

1. 151 objects to the definition of "identify" "identity" and "identification" to the extent that the definitions are different from the definitions provided in Local Rule 26.3 of the Local Rules of the United States District Court for the Southern District of New York, as adopted by the United States Bankruptcy Court for the Southern District of New York.

2. Defendant objects to the "Instructions for Interrogatories" to the extent that these instructions vary from or impose obligations not required by the Federal Rules of Civil Procedure, as made applicable to this adversary proceeding by the Federal Rules of Bankruptcy Procedure, including but not limited to Rule 7033. Further, the United States Court of Appeals for the Second Circuit has ruled that the Trustee's claims for fraudulent conveyances are limited to transfers made by Bernard L. Madoff Securities LLC ("BLMIS") within two years from the date that the Security Investor Protection Acts liquidation of BLMIS commenced on December 11, 2008. ("Filing Date"). See Picard v. Fishman, 773 F.3d 411 (2d Cir. 2014). Accordingly, the Defendant objects to the definition of "Applicable Period" and disputes that she has any obligation to provide information with respect to transfers which took place more than two years from the commencement date.

3. Defendant objects to the Instructions to the extent that they seek to impose obligations on Defendant to interpret or guess as to what the Plaintiff intended in his Interrogatories.

2

Defendant expressly reserves all objections, even if not expressly set forth in response to a specific interrogatory, including objections as to relevance, undue burden, oppression, expense, that the interrogatories are unreasonably cumulative or duplicative of other discovery and that the information sought can be obtained in a more convenient, less burdensome way, that the burden or expense of the purported discovery outweighs its likely benefits considering the needs of the case, the amount in controversy, the Defendant's resources, the importance of the issues at stake and the importance of the discovery in resolving the action.

## RESPONSES TO FIRST SET OF INTERROGATORIES

INTERROGATORY NO. 1: Identify all meetings in which any Person acting on behalf of the Company or another Defendant attended, where an employee or representative of BLMIS or any Person purporting to act on behalf of BLMIS was present, and describe the substance of the communications that occurred during each meeting.

RESPONSE TO INTERROGATORY NO. 1: Defendant hereby incorporates its General Objections. Without waiving the foregoing objections, Defendant states that it is unaware of any in person meeting with any representative or employee of BLMIS.

INTERROGATORY NO. 2: Provide the Company's legal name, the type of entity You are, the date on which You were established and whether You were formed out of a predecessor entity, the state or country under whose laws You were formed, the names and addresses of Your current and former officers, members and/or owners, the percent of beneficial interest in the Account of each of the current and former officers, members and/or owners, Your current and former business addresses, and Your current and former principal places of business.

RESPONSE TO INTERROGATORY NO. 2: Defendant hereby incorporates its General Objections. Without waiving the foregoing objections, Defendant incorporates by reference the response of Defendant Judith Pencer to Interrogatory No. 11 of the separate Interrogatories dated March 2, 2015 addressed to her by Plaintiff. ("the Pencer Response"). 151 is a Canadian corporation, incorporated under the laws of the Province of Ontario.

INTERROGATORY NO. 3: For each BLMIS Account in which the Company ever held an interest, describe the reasons for opening or investing in the Account and the circumstances of establishing the Account or continuing to maintain the Account.

RESPONSE TO INTERROGATORY NO. 3: Defendant hereby incorporates its General Objections. In addition Defendant contends that in this action based upon a fraudulent conveyance, it is immaterial and irrelevant as to why an account was opened with BLMIS more than eighteen years in the past or for that matter the "circumstances" under which the account was opened or maintained. Since BLMIS was an investment firm, it should be readily apparent as to the purpose for the account.

INTERROGATORY NO. 4: Identify each Transfer from the Account.

RESPONSE TO INTERROGATORY NO. 4: Defendant hereby incorporates the response to Interrogatory No. 1 of the Pencer Response as if fully set forth herein.

INTERROGATORY NO. 5: Identify any deposits into the Account.

INTERROGATORY NO. 5: Defendant hereby incorporates the response to Interrogatory No. 3 of the Pencer Response as if fully set forth herein.

49589/0001-11741628v1

INTERROGATORY NO. 6: Identify any Transfers from other BLMIS accounts into the Account.

RESPONSE TO INTERROGATORY NO. 6: Defendant hereby incorporates the response to Interrogatory No.3 of the Pencer Response as if fully set forth herein.

INTERROGATORY NO. 7: Identify each Person with knowledge or information relevant to this adversary proceeding or that may be in possession of any Documents or other information relating to any Transfers, deposits, or Subsequent Transfers, including, but not limited to, Barry Rashkovan, Nathan Feiner, and/or any banks, financial advisors, accountants, auditors, securities brokers, and/or other financial professionals. For each Person You Identify, provide his/her name, address, telephone number, the circumstances under which each Person obtained such knowledge, and the substance of that Person's knowledge.

RESPONSE TO INTERROGATORY NO. 7: Defendant hereby incorporates the response to Interrogatory No.3 of the Pencer Response as if fully set forth herein.

INTERROGATORY NO. 8: Identify: (a) each Person or entity, including but not limited to, any Defendant, who ever received money from the Account, whether directly or indirectly, including each Transfer, any property purchased with money from the Account, or any other benefits derived from a Transfer; (b) the amount of money, property, or other benefit that such Person received; and (c) the date(s) on which that Person received such money.

RESPONSE TO INTERROGATORY NO. 8: Defendant hereby incorporates the response to Interrogatory No.6 of the Pencer Response as if fully set forth herein .

49589/0001-11741628v1

INTERROGATORY NO. 9: To the extent not included in Your response to Interrogatory No. 8 above, state how the Company used or distributed any money received, directly or indirectly, from the Account. In doing so, Identify all Persons who received such money from the Company, including but not limited to, Persons who received anything of value purchased with any money from the accounts.

RESPONSE TO INTERROGATORY NO. 9: Defendant hereby incorporates the response to Interrogatory No.7 of the Pencer Response as if fully set forth herein.

INTERROGATORY NO. 10: Identify any and all banks and/or financial institutions, including, but not limited to Royal Trust Corporation of Canada and/or TD Canada Trust Bank, where You hold or have held an account during the Applicable Period, including, but not limited to, any location where any of the Transfers set forth in Exhibit B to the Trustee's Complaint were deposited. For each such account, provide the account number, the date the account was opened, and the date the account was closed.

RESPONSE TO INTERROGATORY NO. 10: Defendant hereby incorporates the response to Interrogatory No.8 of the Pencer Response as if fully set forth herein.

INTERROGATORY NO. 11: For each denial of a material allegation and each affirmative defense in Your answer to the Complaint:

    a. state all facts upon which You base the denial or affirmative defense;

    b. state the names, addresses, and telephone numbers of all Persons who have knowledge of those facts; and

   c.  Identify all Documents and other tangible things that support Your denial or affirmative defense, and state the name, address, and telephone number of the Person who has each Document

RESPONSE TO INTERROGATORY NO. 11: Defendant hereby incorporates the response to Interrogatory No. 9 of the Pencer Response as if fully set forth herein.

INTERROGATORY NO. 12: Identify any Persons to whom the Company paid any management fees, performance fees, or any other fees in connection with the Account. For each Person so identified, Identify the amount of such fees paid on a monthly basis, setting forth separately the amount attributable to each type of fee.

RESPONSE TO INTERROGATORY NO. 12: Defendant hereby incorporates the response to Interrogatory No. 10 of the Pencer Response as if fully set forth herein.

INTERROGATORY NO. 13: Identify all current and former directors of the Company. For each Person so identified, Identify the dates such Person served as director, the amount of any fees received by such Person in connection with their service as a director, the dates and amounts of any Transfers received by the Company while such Person served as director, and state whether such Person personally received or benefited from any portion of any such Transfers.

RESPONSE TO INTERROGATORY NO. 13: Defendant hereby incorporates the response to Interrogatory No. 11 of the Pencer Response as if fully set forth herein.

49589/0001-11741628v1

INTERROGATORY NO. 14: Identify all current and former shareholders of the Company. For each Person so identified, Identify the date(s) and amount(s) of any Transfer(s) received while such Person was a shareholder, and state whether such Person personally received any portion of any such Transfer(s).

RESPONSE TO INTERROGATORY NO. 14: Defendant hereby incorporates the response to Interrogatory No. 12 of the Pencer Response as if fully set forth herein.

INTERROGATORY NO. 15: To the extent not already provided in Your responses to the preceding Interrogatories, Identify by category, general description, custodian and location, all relevant Documents, electronically stored information and other physical evidence in Your possession, custody or control.

RESPONSE TO INTERROGATORY NO. 15 Defendant hereby incorporates the response to Interrogatory No. 13 of the Pencer Response as if fully set forth herein.

DATED:    New York, New York
          April 20, 2015

COLE SCHOTZ P.C.

By: _____
    Laurence May, Esq. (LM-9714)
    900 Third Avenue, 16th Floor
    New York, NY 10022
    Tel: 212-752-8000
    Fax: 212-752-8393

*Attorneys for Defendants, 151797 Canada Inc.
Judith Pencer and Samuel Pencer*

8

49589/0001-11741628v1

04/11/01 01:08PM  HPFAX 6474774954  Page 1

Judith Pencer declares pursuant to 28 U.S.C. § 1746 under penalty of perjury under the Laws of the United States that the foregoing Responses to Interrogatories are true and correct to the best of her knowledge. I am authorized to act on behalf of 151797 Canada Inc. with respect to responding to the foregoing Interrogatories.

_Judy Pencer_

Executed at TORONTO, ONTARIO ~~Quebec~~ J.P.
This 21st day of April, 2015

9

49589/0001-11741628v1

**COLE SCHOTZ P.C.**
900 Third Avenue, 16th Floor
New York, NY 10022
(212) 752-8000
(212)) 752-8393 Facsimile
Laurence May, Esq.
*Attorneys for Defendants, 151797 Canada Inc.*
*Judith Pencer and Samuel Pencer*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>        Plaintiff-Applicant,<br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>        Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>        Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>        Plaintiff,<br>v.<br><br>151797 CANADA INC.; JUDITH PENCER; and SAMUEL PENCER,<br><br>        Defendants. | Adv. Pro. No. 10-04631 (SMB) |

49589/0001-11734355v1

RECEIVED
APR 28 2015
BAKER & HOSTETLER LLP

## RESPONSES OF JUDITH PENCER TO TRUSTEE'S FIRST SET OF INTERROGATORIES

Judith Pencer ("Pencer" or "Defendant") for her Responses ("the Responses") to the Trustee's First Set of Interrogatories dated March 2, 2015 (the "Interrogatories") and her attorneys, Cole Schotz, P.C., for the objections thereto, state as follows:

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS ("GENERAL OBJECTIONS")

1. Pencer objects to the definition of "identify" "identity" and "identification" to the extent that the definitions are different from the definitions provided in Local Rule 26.3 of the Local Rules of the United States District Court for the Southern District of New York, as adopted by the United States Bankruptcy Court for the Southern District of New York.

2. Defendant objects to the "Instructions for Interrogatories" to the extent that these instructions vary from or impose obligations not required by the Federal Rules of Civil Procedure, as made applicable to this adversary proceeding by the Federal Rules of Bankruptcy Procedure, including but not limited to Rule 7033. Further, the United States Court of Appeals for the Second Circuit has ruled that the Trustee's claims for fraudulent conveyances are limited to transfers made by Bernard L. Madoff Securities LLC ("BLMIS") within two years from the date that the Security Investor Protection Acts liquidation of BLMIS commenced on December 11, 2008. ("Filing Date"). See Picard v. Fishman, 773 F.3d 411 (2d Cir. 2014). Accordingly, the Defendant objects to the definition of "Applicable Period" and disputes that she has any obligation to provide information with respect to transfers which took place more than two years from the commencement date.

3. Defendant objects to the Instructions to the extent that they seek to impose obligations on Defendant to interpret or guess as to what the Plaintiff intended in his Interrogatories.

2

49589/0001-11734355v1

4.   Defendant expressly reserves all objections, even if not expressly set forth in response to a specific interrogatory, including objections as to relevance, undue burden, oppression, expense, that the interrogatories are unreasonably cumulative or duplicative of other discovery and that the information sought can be obtained in a more convenient, less burdensome way, that the burden or expense of the purported discovery outweighs its likely benefits considering the needs of the case, the amount in controversy, the Defendant's resources, the importance of the issues at stake and the importance of the discovery in resolving the action.

## RESPONSES TO INTERROGATORIES

INTERROGATORY NO. 1: Identify each Transfer from the Account.

RESPONSE TO INTERROGATORY NO. 1: Defendant hereby incorporates her General Objections and without waving those objections, states that within two years of the Filing Date Defendant 151797 Canada Inc. ("151") received $1 million from a BLMIS account on or about October 29, 2008 and an additional $1 million on or about November 28, 2008.

INTERROGATORY NO. 2: Identify each Transfer to You and/or the Company, directly or indirectly, from the Account.

RESPONSE TO INTERROGATORY NO. 2: Defendant repeats her response to Interrogatory No. 1, including the objections thereto, as if fully set forth herein.

INTERROGATORY NO. 3: Identify each deposit into the Account.

RESPONSE TO INTERROGATORY NO. 3: The sums were deposited into the Account (as defined in the Interrogatories), on or about August 6, 1997 and August 7, 1997.

49589/0001-11734355v1

INTERROGATORY NO. 4: Identify any Transfers from other BLMIS accounts into the Account.

RESPONSE TO INTERROGATORY NO. 4: Defendant repeats her response to Interrogatory No. 3 as if fully set forth herein.

INTERROGATORY NO. 5: Identify each Person with knowledge or information relevant to this adversary proceeding or that may be in possession of any Documents or other information relating to any Transfers, deposits, or Subsequent Transfers, including, but not limited to, Barry Rashkovan, Nathan Feiner, and/or any banks, financial advisors, accountants, auditors, securities brokers, and/or other financial professionals. For each Person You Identify, provide his/her name, address, telephone number, the circumstances under which each Person obtained such knowledge, and the substance of that Person's knowledge.

RESPONSE TO INTERROGATORY NO. 5: Defendant hereby incorporates her General Objections and without waiving those objections states that employees of BLMIS as well as agents, attorneys and representatives of the Trustee have knowledge or information relevant to this adversary proceeding. In addition, Mr. Barry Rashkovan has information and documents relevant to the adversary proceeding. Mr. Rashkovan is employed by Stein Jacobs Krolik, Chartered Professional Accountants, 100 Boulevard Alexis Nihon, Suite 290, Saint Laurent, Quebec, Canada H4M 2N7 (Tel.) 514-747-7571.

INTERROGATORY NO. 6: Identify: (a) each Person or entity, including but not limited to, any Defendant, who ever received money from the Account, whether directly or indirectly, including each Transfer, any property purchased with money from the Account, or any other benefits

4

derived from a Transfer; (b) the amount of money, property, or other benefit that such Person received; and (c) the date(s) on which that Person received such money.

RESPONSE TO INTERROGATORY NO. 6: Defendant hereby incorporates her General Objections. Defendant also objects to identifying every "person" who received money from the Account on account of services rendered to, or in payment of obligations owed by 151. Payments to third parties for services rendered or goods sold are not relevant to this adversary proceeding. Defendant further objects to this Interrogatory to the extent that it calls for information relating to "extra-territorial" transfers of monies by 151 to other Canadian entities. Recovery of any such transfers from the transferees is barred by Opinion and Order of the United States District Court dated July 6, 2014 in SIPC v. Bernard L. Madoff Investment Securities LLC (In re Madoff Securities), 12 MC-115 (JSR). Without waiving the foregoing objections, 151 transferred monies it received to 4488504 Canada Inc., a Canadian corporation.

INTERROGATORY NO. 7: To the extent not included in Your response to Interrogatory No. 6 above, state how You and/or the Company used or distributed any money received, directly or indirectly, from the Account. In doing so, Identify all Persons who received such money, including, but not limited to, Persons who received anything of value purchased with any money from the accounts.

RESPONSE TO INTERROGATORY NO. 7: Defendant hereby incorporates her Response to Interrogatory No. 6, including the objections thereto, as if fully set forth herein. In addition, Defendant objects to this Interrogatory because it demands to know, with respect to every dollar received from BLMIS, who Defendant might have paid, for example, for services rendered, every bill that the Defendants might have paid from the return of monies given to BLMIS (which

5

also presumes that the Defendant could even trace the funds returned from BLMIS and presumes that such funds were not co-mingled with other funds of the Defendant ) and therefore asks for information wholly irrelevant to this adversary proceeding. Moreover, the cost and difficulty of attempting such an analysis covering a period of approximately eighteen years is not warranted given that the Plaintiff has no legal right to recover any such funds from the recipients.

INTERROGATORY NO. 8: Identify any and all banks and/or financial institutions, including, but not limited to Royal Trust Corporation of Canada and/or TD Canada Trust Bank, where You and/or the Company hold or have held an account, during the Applicable Period, including, but not limited to, any location where any of the Transfers set forth in Exhibit B to the Trustee's Complaint were deposited. For each such account, provide the account number, the date the account was opened, and the date the account was closed.

RESPONSE TO INTERROGATORY NO. 8: Defendant hereby incorporates her General Objections. The Interrogatory asks the Defendant to "identify any and all banks and/or financial institutions ... where [she] or 151 had bank accounts at any time from 1997 through 2015. The Interrogatory suggests that the Trustee already has a judgment against the Defendant. This is simply an attempt to obtain post-judgment discovery. It demands that the Defendant provide detailed information as to every bank account she maintained for the past eighteen years. Plaintiff is not entitled to this information.

INTERROGATORY NO. 9: For each denial of a material allegation and each affirmative defense in Your answer to the Complaint: (a) state all facts upon which You base the denial or affirmative defense; (b) state the names, addresses, and telephone numbers of all Persons who

6

have knowledge of those facts; and (c) Identify all Documents and other tangible things that support Your denial or affirmative defense, and state the name, address, and telephone number of the Person who has each Document.

RESPONSE TO INTERROGATORY NO. 9: The Defendant hereby incorporates her General Objections. The Interrogatory demands for "each denial of a material allegation and each affirmative defense" to "state all facts" upon which the denial is based or affirmative defense is based." As an initial matter, the Interrogatory does not define what Plaintiff contends is a "material fact." Moreover, this Interrogatory is objectionable because this case is, after all, one to recover alleged fraudulent conveyances with a limited number of factual issues in disputes and most of the material facts are known to, or possessed by the Plaintiff. Under the circumstances of this case, the burden and expense of responding to the Interrogatory which demands explanations to responses to many of the eighty-six paragraphs in the complaint, would not materially advance this case. Notwithstanding the foregoing objection, and without waiving the objection, Defendant repeats her response to Interrogatory No. 5 and states that as to the subsection of the request to "identify documents" Plaintiff has served a separate document request and so this subsection is duplicative and unnecessary.

INTERROGATORY NO. 10: Identify any Persons to whom You and/or the Company paid any management fees, performance fees, or any other fees in connection with the Account. For each Person so identified, Identify the amount of such fees paid on a monthly basis, setting forth separately the amount attributable to each type of fee.

RESPONSE TO INTERROGATORY NO. 10: Defendant hereby incorporates her General Objections. As Defendant understands this Interrogatory, no management, performance or other

fees were paid with respect to the Account except to the extent fees might have been paid to BLMIS.

INTERROGATORY NO. 11: Identify all current and former directors of the Company. For each Person so identified, Identify the dates such Person served as director, the amount of any fees received by such Person in connection with their service as a director, the dates and amounts of any Transfers received by the Company while such Person served as director, and state whether such Person personally received or benefited from any portion of any such Transfers.

RESPONSE TO INTERROGATORY NO. 11: Defendant hereby incorporates her General Objections. Without waiving the foregoing objections, the officers and/or directors of 151 were at the relevant times, Judith Pencer, Naomi Pencer and Jeffrey Pencer.

INTERROGATORY NO. 12: Identify all current and former shareholders of the Company. For each Person so identified, Identify the date(s) and amount(s) of any Transfer(s) received while such Person was a shareholder, and state whether such Person personally received any portion of any such Transfer(s).

RESPONSE TO INTERROGATORY NO. 12: Defendant hereby incorporates her General Objections. Without waiving the foregoing objections, the shareholder of 151 is 4488504 Canada, Inc.

INTERROGATORY NO. 13: To the extent not already provided in Your responses to the preceding Interrogatories, Identify by category, general description, custodian and location, all

relevant Documents, electronically stored information and other physical evidence in Your possession, custody or control.

RESPONSE TO INTERROGATORY NO. 13: Defendant hereby incorporates her General Objections. Without waiving the foregoing objections all documents, which to the Defendant's understanding are relevant, are in the custody, possession or control of Mr. Barry Rashkovan.

DATED:    New York, New York
          April 20, 2015

                                      FOR THE OBJECTIONS:

                                      COLE SCHOTZ P.C.

                                      By: _____
                                          Laurence May, Esq. (LM-9714)
                                          900 Third Avenue, 16th Floor
                                          New York, NY 10022
                                          Tel: 212-752-8000
                                          Fax: 212-752-8393

                                      *Attorneys for Defendants, 151797 Canada Inc.*
                                      *Judith Pencer and Samuel Pencer*

Judith Pencer declares pursuant to 28 U.S.C. § 1746 under penalty of perjury under the Laws of the United States that the foregoing Responses to Interrogatories are true and correct to the best of her knowledge.

_____

Executed at TORONTO, ONTARIO ~~Quebec~~ J.P.
This  21st  day of April, 2015



**FIRST CLASS MAIL**

Laurence May
Cole Schotz P.C.
900 THIRD AVENUE, 16TH FLOOR
NEW YORK, NY 10022-4728

TO: Dean D. Hunt, Esq.
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, NY 10111