**BECKER, GLYNN, MUFFLY,
CHASSIN & HOSINSKI LLP**
*Attorneys for Defendant*
299 Park Avenue
New York, New York 10171
Telephone: 212-888-3033
Facsimile:  212-888-0255
Zeb Landsman
zlandsman@beckerglynn.com

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | |
| Plaintiff-Applicant, | Adv. Pro. No. 08-01789 (CGM) |
| v. | SIPA Liquidation |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | (Substantively Consolidated) |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC, and Bernard L. Madoff, | |
| Plaintiff, | Adv. Pro. No. 11-02573 (CGM) |
| v. | |
| THE SUMITOMO TRUST AND BANKING CO., LTD, | |
| Defendant. | |

## THE SUMITOMO TRUST AND BANKING CO., LTD.'S ANSWER TO TRUSTEE IRVING H. PICARD'S AMENDED COMPLAINT

The Sumitomo Trust and Banking Co., Ltd. ("Sumitomo"), by and through its counsel, Becker, Glynn, Muffly, Chassin & Hosinski LLP, as and for its answer to the Amended Complaint of Irving H. Picard, Trustee for the liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") and the Chapter 7 Estate of Bernard L. Madoff ("Madoff"), hereby asserts as follows:

### I.   NATURE OF THE ACTION

1. Sumitomo denies each and every allegation of paragraph 1 of the Amended Complaint, except lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Madoff perpetrated a Ponzi scheme and admits that the Trustee purports to bring this adversary proceeding as part of the Trustee's efforts to recover BLMIS customer property within the meaning of 15 U.S.C. § 78*lll*(4).

2. Sumitomo denies each and every allegation of paragraph 2 of the Amended Complaint, except Sumitomo admits that the Trustee purports to recover approximately $54,253,642 in alleged subsequent transfers to Sumitomo, and that, on information and belief, Fairfield Sentry Limited ("Fairfield Sentry") was a Madoff feeder fund and a British Virgin Islands ("BVI") company that had direct customer accounts with BLMIS's investment advisory business.

3. Sumitomo denies each and every allegation of paragraph 3 of the Amended Complaint, except admits that Sumitomo is a trust bank in Japan and became a subsidiary of Sumitomo Mitsui Trust Holdings, Inc. on April 1, 2011.

2

## II. JURISDICTION AND VENUE

4. Sumitomo states that the allegations of paragraph 4 of the Amended Complaint set forth legal conclusions to which no response is required. To the extent that a response is required, Sumitomo denies each and every allegation of paragraph 4 of the Amended Complaint, except admits that the Trustee has brought this adversary proceeding.

5. Sumitomo denies each and every allegation of paragraph 5 of the Amended Complaint, except admits the allegations of the first sentence, lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the second sentence, and states that the third sentence of paragraph 5 sets forth legal conclusions to which no response is required. To the extent that a response is required, Sumitomo denies that this Court has jurisdiction to enter a final order or judgment in this proceeding.

6. Sumitomo states that the allegations of paragraph 6 of the Amended Complaint set forth legal conclusions to which no response is required. To the extent that a response is required, Sumitomo denies each and every allegation of paragraph 6 of the Amended Complaint.

7. Sumitomo states that the allegations of paragraph 7 of the Amended Complaint set forth legal conclusions to which no response is required. To the extent that a response is required, Sumitomo denies each and every allegation of paragraph 7 of the Amended Complaint.

8. Sumitomo states that the allegations of paragraph 8 of the Amended Complaint set forth legal conclusions to which no response is required. To the extent a response is required, Sumitomo denies each and every allegation of paragraph 8 of the Amended Complaint. Sumitomo does not consent to issuance or entry of final orders or judgments by the Bankruptcy Court.

9. Sumitomo lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the Amended Complaint.

### III. BACKGROUND

10. Sumitomo admits on information and belief that Madoff was arrested on or around the Filing Date as alleged in the first sentence and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

11. Sumitomo lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and otherwise refers the Court to the order issued by the Honorable Louis L. Stanton for its complete and accurate contents.

12. Sumitomo lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and otherwise refers the Court to the application filed by SIPC alleged in paragraph 12 for its complete and accurate contents.

13. Sumitomo lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and otherwise refers the Court to the order issued by Judge Stanton alleged in paragraph 13 for its complete and accurate contents.

14. Sumitomo lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and otherwise refers the Court to the order issued by the Court alleged in paragraph 14 for its complete and accurate contents.

15. Sumitomo lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and otherwise refers the Court to the transcript of the plea hearing alleged in paragraph 15 for its complete and accurate contents.

16. Sumitomo lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and otherwise refers the Court to the alleged indictment and transcript of the referenced plea hearing for their complete and accurate contents.

IV. TRUSTEE'S POWERS AND STANDING

17. Sumitomo lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and states that the allegations concerning the Trustee's authority under SIPA and the Bankruptcy Code set forth legal conclusions to which no response is required.

18. Sumitomo states that the allegations of paragraph 18 of the Amended Complaint set forth legal conclusions to which no response is required. To the extent a response is required, Sumitomo lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

19. Sumitomo states that the allegations of paragraph 19 of the Amended Complaint set forth legal conclusions to which no response is required. To the

extent a response is required, Sumitomo denies each and every allegation of paragraph 19.

20. Sumitomo states that the allegations of paragraph 20 of the Amended Complaint set forth legal conclusions to which no response is required. To the extent a response is required, Sumitomo denies each and every allegation of paragraph 20.

## V. THE DEFENDANT

21. Sumitomo denies each and every allegation of paragraph 21 of the Amended Complaint, except that at all times relevant to the Amended Complaint, Sumitomo admits that it was located at 5-33 Kitahama 4-chrome, Chuo-ku, Osaka.

## VI. THE PONZI SCHEME

22. Sumitomo lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

23. Sumitomo lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

24. Sumitomo lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

25. Sumitomo lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and otherwise refers to the plea allocution of Madoff and the corresponding plea hearing transcript for their complete and accurate contents.

26. Sumitomo lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

27. Sumitomo denies each and every allegation of paragraph 27 of the Amended Complaint, except admits upon information and belief that BLMIS claimed to invest money deposited by customers in securities and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

28. Sumitomo lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

29. Sumitomo lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

30. Sumitomo lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 of the Amended Complaint, except admits upon information and belief that Madoff's business continued until December 2008.

31. Sumitomo lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

32. Sumitomo lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

VII. THE TRANSFERS

33. Sumitomo denies each and every allegation of paragraph 33 of the Amended Complaint, except admits that it received funds from Fairfield Sentry.

A. Initial Transfers From BLMIS To Fairfield Sentry

34. Sumitomo denies each and every allegation of paragraph 34 of the Amended Complaint, except (i) admits that the Trustee filed an action styled as *Picard v. Fairfield Sentry, Ltd., et al.*, Adv. Pro No. 09-1239 (BRL) (the "Sentry Action"), (ii) lacks knowledge and information sufficient to form a belief as to the truth of the allegation of the amounts of the alleged transfers; (iii) lacks knowledge sufficient to form a belief as to which of the three complaints filed in the Sentry Action the Trustee purports to incorporate by reference in the Amended Complaint in this action, (iv) lacks of knowledge sufficient to form a belief as to the truth of the allegations, in each and every paragraph of each of the three complaints filed in the Sentry Action that supports the claim that any initial transfers of Customer Property to Sentry are or were avoided or avoidable, and (v) objects to the incorporation by reference of, and therefore does not answer, each and every other paragraph and allegation in the three complaints in the Sentry Action and to the inclusion in this adversary proceeding of any issue implicated by any of the three complaints in the Sentry Action other than the issue of the avoidance or avoidability of the initial transfers of Customer Property, but reserves the right to rely on and introduce any allegations in the referenced "Fairfield Amended Complaint" or its exhibits as opposing party admissions admissible for the truth of their contents. To

8

the extent any further response is required, Sumitomo lacks knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 34 of the Amended Complaint.

35. Sumitomo lacks knowledge or information sufficient to form a belief as to the truth of the allegation of the timing and amounts of the alleged transfers and states that the remaining allegations set forth legal conclusions to which no response is required.

36. Sumitomo lacks knowledge or information sufficient to form a belief as to the truth of the allegation of the timing and amounts of the alleged transfers and states that the remaining allegations set forth legal conclusions to which no response is required.

37. Sumitomo lacks knowledge or information sufficient to form a belief as to the truth of the allegation of the timing and amounts of the alleged transfers and states that the remaining allegations set forth legal conclusions to which no response is required.

38. Sumitomo lacks knowledge or information sufficient to form a belief as to the truth of the allegation of the timing and amounts of the alleged transfers.

39. Sumitomo denies each and every allegation of paragraph 39 of the Amended Complaint, except admits upon information and belief that the Court approved the settlement described in paragraph 39 and entered a judgment as described in paragraph 39 on or about the dates alleged therein and refers to the

referenced settlement agreement and the referenced judgment for their complete and accurate contents.

### B. Subsequent Transfers From Fairfield Sentry to Defendant Sumitomo

40. Sumitomo denies each and every allegation of paragraph 40 of the Amended Complaint, except admits that it received funds from Fairfield Sentry and states that the first sentence of paragraph 40 sets forth legal conclusions to which no response is required.

41. Sumitomo lacks knowledge or information sufficient to form a belief as to the truth of the allegation of the timing and amounts of the alleged transfers.

### AS TO COUNT ONE

42. Sumitomo incorporates and reasserts its responses to the allegations contained in each of the previous paragraphs of this Amended Complaint as though set forth fully herein.

43. Sumitomo states that the allegations in paragraph 43 of the Amended Complaint state legal conclusions to which no response is required. To the extent any further response is required, Sumitomo denies each and every allegation of paragraph 43 of the Amended Complaint.

44. Sumitomo denies each and every allegation of paragraph 44 of the Amended Complaint.

45. Sumitomo denies each and every allegation of paragraph 45 of the Amended Complaint.

46. Sumitomo states that the allegations in paragraph 46 of the Amended Complaint state legal conclusions to which no response is required. To the extent any further response is required, Sumitomo denies each and every allegation of paragraph 46 of the Amended Complaint.

## RESPONSE TO TRUSTEE'S REQUEST FOR RELIEF

Sumitomo denies that the Trustee is entitled to his requested judgment in favor of the Trustee and against Sumitomo or to any of the relief described herein.

## AFFIRMATIVE DEFENSES

In the event that subsequent legal developments change the availability or nature of claims asserted by the Trustee, Sumitomo hereby preserves each and every defense at law, in equity, or otherwise, available under federal and state law, including common law. Further, Sumitomo reserves the right to amend this Answer to assert other and further defenses, crossclaims, and/or third-party claims when and if, in the course of investigation, discovery, or preparation for trial, it becomes appropriate to do so. In asserting the following defenses, Sumitomo does not intend to suggest that matters designated herein as "defenses" are not elements of the Trustee's prima face case on the Trustee's purported claims or that they are not matters as to which the Trustee bears the burden of proof. These defenses are set forth cumulatively and in the alternative.

## FIRST DEFENSE

Bankruptcy Code Safe Harbor (11 U.S.C. § 546(e))

The alleged subsequent transfers to Sumitomo may not be recovered because the alleged initial transfers are subject to the safe harbor in Section 546(e) of the Bankruptcy Code, 11 U.S.C. § 546(e), in that the alleged initial transfers were (i) made by or to (or for the benefit of) a stockbroker (BLMIS), financial institution (Fairfield Sentry or Sumitomo), financial participant (Sumitomo), or other covered entity; (ii) settlement payments and/or transfers made in connection with a securities contract (between BLMIS and Fairfield Sentry and/or between Fairfield Sentry and Sumitomo); and (iii) made more than two years before the petition date and are thus not recoverable under 11 U.S.C. § 548(a)(1)(A). Because the Fairfield Six-Year Transfers are not avoidable, property received by Sumitomo as part of the Fairfield Six-Year Transfers is not recoverable from Sumitomo. In addition, at the time of the transfers (if any) from Fairfield Sentry to Sumitomo, neither of Fairfield Sentry nor Sumitomo had actual knowledge that Madoff or BLMIS were not trading securities or that they were perpetrating a Ponzi scheme.

## SECOND DEFENSE

### No Customer Property (15 U.S.C. § 78fff-2(c)(3))

The transfers Sumitomo received from Fairfield Sentry did not constitute BLMIS customer property. Upon information and belief, the redemption payments Sumitomo received from Fairfield Sentry were sourced from subscription payments made to Fairfield Sentry by its investors, among other places. Sumitomo's redemption payment could not have come from BLMIS because prior avoidable transfers from BLMIS to Fairfield Sentry had been distributed by Fairfield Sentry

to other investors or Fairfield Sentry affiliates before Fairfield Sentry made multiple of its transfers to Sumitomo.

Specifically, the allegations of the Fairfield Sentry Amended Complaint, including the exhibits thereto that are incorporated by reference into this Amended Complaint at paragraph 34, and the allegations of the second amended complaint in *Picard v. Fairfield Sentry Ltd., et al.,* Adv. Pro. No. 09-01239 (Bankr. S.D.N.Y. 2009) establish that any avoidable transfers from BLMIS received by Fairfield Sentry prior to Sumitomo's redemptions were transferred by Fairfield Sentry to persons other than Sumitomo prior to the redemptions, and that many of the redemption payments Sumitomo received from Fairfield Sentry thus could not have included any BLMIS customer property.

## THIRD DEFENSE

### For Value, in Good Faith, and Without Knowledge of the Voidability (11 U.S.C. § 550(b))

Sumitomo took the transfers from Fairfield Sentry for value, in good faith, and without knowledge of the voidability of the transfers from BLMIS to Fairfield Sentry, and thus the transfers to Sumitomo may not be recovered pursuant to 11 U.S.C. § 550(b).

Sumitomo took for value because the transfers from Fairfield Sentry were made in exchange for Sumitomo's surrender of its shares in those funds.

Sumitomo did not have actual knowledge of any fraudulent purpose behind the transfers it received. Sumitomo did not know facts that would have prompted a

13

reasonable person in Sumitomo's position to conduct further inquiry into whether there was any fraudulent purpose behind the transfers.

Even if Sumitomo had been on inquiry notice of a possible fraudulent purpose behind the transfers it received, a diligent inquiry by Sumitomo would not have discovered such a fraudulent purpose. Other entities, including the United States Securities and Exchange Commission, with greater investigatory tools and resources than Sumitomo, and with more access to BLMIS personnel and documentation than Sumitomo, repeatedly examined and investigated BLMIS but failed to uncover Madoff's fraud before December 2008. Sumitomo did not have the ability to compel the production of information from third parties that would have been necessary to establish that BLMIS was committing fraud. Diligent inquiry by Sumitomo would not have discovered the fraudulent purpose of the transfers. Sumitomo did not have knowledge of the voidability of the transfers from BLMIS to Fairfield Sentry when it received the alleged subsequent transfers (if any).

## FOURTH DEFENSE

### Lack of Subject Matter Jurisdiction

### (U.S. Const. art. III; Fed. R. Civ. P. 12(b)(1); Fed. R. Bankr. P. 7012(b))

This Court lacks jurisdiction under Article III of the U.S. Constitution to enter final orders or judgment in this proceeding.

## FIFTH DEFENSE

### Initial Transfer Not Avoided (11 U.S.C. § 550(a))

The Trustee may not recover the transfers from Fairfield Sentry to Sumitomo because he has not avoided the initial transfers from BLMIS to Fairfield Sentry.

## SIXTH DEFENSE

### No Ponzi Scheme Presumption

The Trustee may not rely on a "Ponzi scheme presumption" to prove that the initial transfers from BLMIS to Fairfield Sentry that he seeks to recover from Sumitomo were made with actual intent to hinder, delay, or defraud any BLMIS creditor.

## SEVENTH DEFENSE

### Sumitomo as Initial Transferee – Mere Conduit Defense

In the alternative, Fairfield Sentry was a mere conduit, and consequently, the claimed transfers were initial transfers from BLMIS to Sumitomo. As the Trustee stated in *Picard v. Grosvenor Investment Management Ltd.*, No. 12-1021 (Bankr. S.D.N.Y. June 15, 2022), Fairfield Sentry's "sole purpose was to funnel money to BLMIS" and "no arm's length relationship exist[ed] between [Sentry] and BLMIS" (internal quotation marks and citation omitted). 12-1021 ECF 115, at 3, 6. As a result, the redemptions received by Sumitomo were initial transfers from BLMIS to Sumitomo that are subject to the safe harbor under 11 U.S.C. § 546(e); any Trustee proceeding to avoid the transfers is untimely; and Sumitomo may

15

retain the amount it received pursuant to 11 U.S.C. § 548(c) and 11 U.S.C. § 548(d)(2)(B) because it took the transfers for value and in good faith.

## EIGHTH DEFENSE

### New York Debtor and Creditor Law

The claims against Sumitomo are barred, in whole or in part, because the Trustee failed to plead all the elements of fraudulent transfer under section 544 of the Bankruptcy Code and sections 273, 274, 275, 276, 276-a, 278 and/or 279 of the New York Debtor and Creditor Law with sufficient particularity and factual support.

## NINETH DEFENSE

### Section 278(1) of New York Debtor and Creditor Law

The Trustee's claims are barred, in whole or in part, because the Fairfield Sentry Initial Transfers were taken for fair consideration and without knowledge of the fraud, as provided by section 278(1) of the New York Debtor and Creditor Law.

## TENTH DEFENSE

### Section 278(2) of New York Debtor and Creditor Law

The Trustee's claims are barred, in whole or in part, because the Fairfield Sentry Initial Transfers were taken without actual fraudulent intent and for fair consideration, as provided by section 278(2) of the New York Debtor and Creditor Law.

## ELEVENTH DEFENSE

### Sufficient SIPC Funds

Trustee's claims should be dismissed if Plaintiff has recovered, or during the pendency of this action recovers, sufficient funds to reimburse SIPC for all payments that SIPC has made to satisfy allowed claims of BLMIS customers.

## TWELFTH DEFENSE

### Failure to Mitigate

The Trustee's claims are barred, in whole or part, because the Trustee or Plaintiff has failed to mitigate, minimize, or avoid damages, if any.

## THIRTEENTH DEFENSE

### British Virgin Island Proceedings

The Trustee's claims are barred, in whole or in part, based upon rulings, judgments, orders, or decisions entered in the liquidation proceedings of Fairfield Sentry before the Commercial Division of the Eastern Caribbean High Court of Justice, British Virgin Islands, including any related appellate rulings, judgments, orders, or decisions.

## FOURTEENTH DEFENSE

### No Interest

The Trustee is not entitled to an award of interest under 11 U.S.C. § 548.

## FIFTEENTH DEFENSE

### Statute of Limitations

The Trustee's claim is barred by the statute of limitations.

### SIXTEENTH DEFENSE

### Estoppel

The Trustee's claim is barred by estoppel.

### SEVENTEENTH DEFENSE

### Unreasonable Delay

The Trustee's delay in bringing and prosecuting his claim, which was brought more than a decade ago and concerns transfers made more than 15 years ago, is unreasonable and unfairly prejudices Sumitomo's ability to defend itself.

### EIGHTEENTH DEFENSE

### Extraterritoriality

The Trustee's recovery of the transfers to Sumitomo would constitute an impermissible extraterritorial application of U.S. law.

### NINETEENTH DEFENSE

### Comity

The Trustee's recovery of the transfers to Sumitomo would violate principles of comity.

### TWENTIETH DEFENSE

### Violation of Due Process (U.S. Const. amend. V)

The use of the doctrine of law of the case to apply to Sumitomo rulings made in other adversary proceedings to which it was not a party and in which it did not participate violates Sumitomo's right to due process of law as guaranteed by the Fifth Amendment to the U.S. Constitution.

## TWENTY-FIRST DEFENSE

### Single Satisfaction (11 U.S.C. § 550(d))

Pursuant to 11 U.S.C. § 550(d), the Trustee may not recover any subsequent transfer from Sumitomo to the extent he has recovered the amount of the initial transfers from Fairfield Sentry or any other immediate or mediate transferee the amount of the avoided initial transfers that included the customer property that the Trustee alleges Sumitomo received.

## TWENTY-SECOND DEFENSE

### Preservation of Rights (11 U.S.C. § 502(h))

To the extent the Trustee recovers from Sumitomo, Sumitomo reserves its right to assert a claim arising from such recovery under 11 U.S.C. § 502(h).

## TWENTY-THIRD DEFENSE

### Double Recovery

On May 9, 2011, the Trustee entered into a Settlement Agreement (the "Fairfield Settlement Agreement") with the Liquidators of Fairfield Sentry Limited and other Fairfield funds. This Court approved the Fairfield Settlement Agreement on June 7, 2011, and it was incorporated into the consent judgment entered against Fairfield Sentry on July 13, 2011 (the "Consent Judgment"). The Fairfield Settlement Agreement provides for the sharing of recoveries on the Trustee's and the Liquidators' claims for recovery of property that Fairfield Sentry transferred. To the extent that the Liquidators recover from Sumitomo in settlement or otherwise, the Trustee is barred from recovering on the ground that he is not entitled to double

recovery, nor should Sumitomo be subject to recovery of identical funds from two separate entities.

## JURY DEMAND

Sumitomo demands a trial by jury on all issues that may be tried by a jury.

## STATEMENT PURSUANT TO FED. R. BANKR. P. 7012(b)

Sumitomo does not consent to entry of final orders or judgment by the Bankruptcy Court.

## DEFENDANT'S REQUEST FOR RELIEF

WHEREFORE, Sumitomo demands judgment dismissing the Amended Complaint with prejudice, together with an award of attorneys' fees, costs, disbursements, and such other relief as the Court deems just and appropriate.

Dated:    New York, New York
            November 21, 2022

    Respectfully submitted,
    BECKER, GLYNN, MUFFLY, CHASSIN
    & HOSINSKI LLP

By:  */s/ Zeb Landsman*
      Zeb Landsman
      299 Park Avenue
      New York, NY 10171
      (212) 888-3033
      zlandsman@beckerglynn.com

*Attorneys for Defendant*