UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (CGM)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, and Bernard L. Madoff,<br><br>Plaintiff,<br><br>v.<br><br>HSBC BANK PLC *et al.*,<br><br>Defendants. | Adv. Pro. No. 09-01364 (CGM) |

**DECLARATION OF LAUREN K. HANDELSMAN PURSUANT TO
LOCAL BANKRUPTCY RULE 7007-1 SEEKING
CONFERENCE REGARDING DISCOVERY DISPUTE**

I, Lauren K. Handelsman, declare as follows:

1. I am a partner at Binder & Schwartz LLP, counsel for nonparties Nigel Fielding, Saverio Fiorino, and Brian Pettitt (the "Individual Nonparties")[1] in this proceeding, and I am familiar with the matters discussed herein. I submit this declaration to inform the Court of a

---

[1] The Individual Nonparties expressly reserve all rights, defenses, and objections, including, without limitation, any defense based on personal jurisdiction.

discovery dispute between the Trustee and the Individual Nonparties and to respectfully request a conference so that it may be addressed. Pursuant to Local Bankruptcy Rule 7007-1 and your Honor's Individual Rules of Practice, I certify that the parties met and conferred in good faith to resolve this dispute, but were unable to reach agreement. The nature of the discovery dispute is briefly described below.

2.      As the Court is aware, the Trustee brought an action against Alpha Prime Ltd. ("Alpha Prime"), as well as (among others) HSBC Bank PLC and HSBC Securities Services (Luxembourg) S.A. On July 20, 2022, the Court approved a second settlement agreement between the Trustee and Alpha Prime (the "Settlement Agreement"), Dkts. 710 Ex. A & 715, which resolved all but one set of claims against Alpha Prime—the "Six Year Transfer Recovery Claims." Alpha Prime and the Trustee agreed that these remaining claims would not be resolved by this Court, but instead would be resolved either by agreement of the parties or by a "one-day binding mediation by an approved mediator." Settlement Agreement ¶ 5. The Settlement Agreement also provides that "Alpha Prime and its agents" agree to "continue to participate in discovery in [the] Adversary Proceeding . . . until the Six-Year Transfer Recovery Claims are resolved." *Id.* ¶ 6. The Settlement Agreement does not require nonparties to participate in discovery to resolve the Six Year Transfer Recovery Claims.

3.      The Individual Nonparties are not employees or agents of Alpha Prime. They are not parties to the litigation and are not signatories of the Settlement Agreement. Additionally, all three of the Individual Nonparties reside outside of the United States.

4.      Before entering into the Settlement Agreement, the Trustee obtained authorization to depose the Individual Nonparties in connection with his claims against Alpha Prime via two Letters of Request issued pursuant to the Hague Convention, Dkt. 544 (Fielding), Dkt. 681

2

(Fiorino), and one stipulation, Dkt. 645 (Pettitt). Mr. Fielding is the only Individual Nonparty whose deposition occurred: he sat for 11 days of testimony before the Luxembourg court, with the final day of testimony completed on October 27, 2022. On information and belief, the Luxembourg authorities have not yet transferred the record of his examination to the United States. Mr. Fiorino's and Mr. Pettitt's depositions have not been scheduled.

5.  It is the Individual Nonparties' position that the Trustee is no longer entitled to discovery from them in aid of the Six Year Transfer Recovery Claims because these claims will be resolved by a private, binding process and not by the Court. When the Individual Nonparties sought to confirm with the Trustee that he would no longer pursue their depositions, the Trustee maintained that he is still entitled to discovery from the Individual Nonparties in connection with his Six Year Transfer Recovery Claims against Alpha Prime.

6.  The Trustee maintains that the fact that parties to the Settlement Agreement have agreed to mediate is no different than in any other litigation where mediation may be used as a method of dispute resolution. However, the term "binding mediation" has been interpreted by courts in New York to mean "an agreement to settle by *arbitration*."[2] Neither the Hague Convention nor the Federal Rules of Civil Procedure authorize discovery in aid of claims that are subject to private resolution. *See* Hague Convention on the Taking of Evidence Abroad in Civil and Commercial Matters art. I, Mar. 18, 1970, 23 U.S.T. 2555, 847 U.N.T.S. 231 ("A Letter [of Request] shall not be used to obtain evidence which is not intended for use in *judicial*

---

[2] *See Cummings v. Consumer Budget Counseling, Inc.*, No. 11-CV-3989 (SJF) (ETB), 2012 WL 4328637, at *4 (E.D.N.Y. Sept. 19, 2012) (internal quotation marks omitted) (emphasis added); *see also Galantowicz v. Rhino Room Inc.*, No. 12-CV-00971 (JJM), 2015 WL 3604672, at *1 (W.D.N.Y. June 8, 2015) (analyzing binding mediation under the FAA); *Kafka Constr., Inc. v. N.Y.C. Sch. Constr. Auth.*, 40 A.D.3d 1038, 1040 (2d Dep't 2007); *Seneca Ins. Co. v. Ruday Realty Corp.*, 26 Misc. 3d 1215(A) (Sup. Ct. Queens Cnty. 2010), *aff'd*, 87 A.D.3d 579 (2d Dep't 2011).

3

*proceedings*, commenced or contemplated." (emphasis added)); Fed. R. Civ. P. 26(b)(1) (discovery limited to that "relevant to any party's claim or defense" before the federal court).

7. The Trustee also maintains that discovery from the Individual Nonparties is allowed pursuant to Paragraph 6(v) of the Settlement Agreement, which requires "Alpha Prime [to] endeavor to use its best efforts to request that its affiliates and other third-parties familiar with the claims against Alpha Prime, participate voluntarily as third parties in discovery." But the plain language of Paragraph 6(v) makes clear that only Alpha Prime is obligated by its terms and that participation in further discovery by third parties is "voluntar[y]."

8. The Trustee further claims that he and Alpha Prime will seek an Order of the Court to finally adjudicate the Adversary Proceeding against Alpha Prime and therefore Court-sanctioned discovery is proper. The Settlement Agreement provides otherwise. It states that following settlement or binding mediation, "the Parties shall submit to the Bankruptcy Court *a stipulation requesting the dismissal* of the Six-Year Transfer Claims . . . with prejudice, as against Alpha Prime." Settlement Agreement ¶ 10 (emphasis added).

9. The Individual Nonparties maintain that the previously entered orders and stipulation authorizing their testimony are moot and should be vacated, and respectfully request a conference to discuss their contemplated discovery motion.

4

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated:  November 21, 2022

/s/ Lauren K. Handelsman
Lauren K. Handelsman