Kevin H. Bell
Senior Associate General Counsel
SECURITIES INVESTOR PROTECTION
 CORPORATION
1667 K Street, N.W., Suite 1000
Washington, DC  20006
Telephone: 202-371-8300
E-mail: kbell@sipc.org

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| _____ | ) | |
| SECURITIES INVESTOR PROTECTION | ) | |
|   CORPORATION, | ) | Adv. Pro. No. 08-01789 (CGM) |
| | ) | |
| Plaintiff-Applicant, | ) | SIPA Liquidation |
| | ) | |
| v. | ) | (Substantively Consolidated) |
| | ) | |
| BERNARD L. MADOFF INVESTMENT | ) | |
| SECURITIES LLC, | ) | |
| | ) | |
| Defendant | ) | |
| _____ | ) | |
| | ) | |
| IN RE: | ) | |
| | ) | |
| BERNARD L. MADOFF, | ) | |
| | ) | |
| Debtor | ) | |
| | ) | |
| _____ | ) | |

## RECOMMENDATION OF THE
## SECURITIES INVESTOR PROTECTION CORPORATION
## IN SUPPORT OF THE THIRD APPLICATION OF
## LUKINS & ANNIS P.S. FOR INTERIM COMPENSATION

Lukins & Annis P.S. ("Lukins" or "Counsel"), Special Counsel to Irving H. Picard,

Esquire, as trustee ("Trustee") for the substantively consolidated liquidation proceeding of

Bernard L. Madoff Investment Securities LLC ("BLMIS" or "Debtor") and Bernard L. Madoff ("Madoff"), has filed its First Application ("Application") for allowance of interim compensation under the Securities Investor Protection Act, 15 U.S.C. section 78aaa et seq. ("SIPA"). Pursuant to section 5(b)(5)(C) of SIPA, 15 U.S.C. §78eee(b)(5)(C), SIPC submits this recommendation in support of the Application.

The grounds for this recommendation are as follows:

1.      The Application involves the period from April 1, 2022 through July 31, 2022 ("Compensation Period"). As detailed in the Application, Lukins rendered substantial services to the administration of the estate during this time. The liquidation proceeding has progressed to a point where the Trustee has reviewed and issued determinations for almost all of the filed customer claims. The completion of administration will require Lukins to assist the Trustee in (1) continuing with the marshaling and distribution of the assets of the estate; and (2) dealing with such other matters as it may be called upon to resolve.

2.      SIPC, by its staff, has carefully evaluated the Application for compensation. This has included analyzing the detailed report of time spent and services rendered as set forth in the application and the exhibit thereto. The detailed report of services reflects a total of 5.80 hours expended by Counsel in the performance of its duties. In reviewing the Application, SIPC considered the requirements and standards for an application set forth in 15 U.S.C. §78eee (b)(5), the relevant sections of the Bankruptcy Code, and the Administration Order re Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases. SIPC believes that the Application substantially complies with the applicable law and this District's Administrative Order.

3.      Based upon an average discounted hourly rate of $258.36, Counsel asserts the discounted reasonable value of its services is $1,498.50.  To reach this discounted amount, Counsel had agreed with SIPC to discount its normal billing rates by 10% which resulted in a voluntary reduction during the Compensation Period of $166.50.  Counsel requests an allowance of 80% of the asserted discounted value, or a total of $1,198.80.  Counsel does not seek reimbursement of expenses.

4.      Generally, SIPC has no objection to the allowance of such interim compensation as the Court may deem appropriate once the liquidation proceeding has progressed to a point where operational and significant work has been performed, and upon consideration of the potential hardship to the applicant.  In this liquidation proceeding, Lukins has performed significant work in the claims and liquidation processes, and substantial progress has been achieved.

5.      Section 5(b)(5)(A) of SIPA, 15 U.S.C. §78eee(b)(5)(A), provides that the Court shall "grant reasonable compensation for services rendered… by a trustee, and by the attorney for such a trustee, in connection with a liquidation proceeding."  SIPA §5(b)(5)(C), 15 U.S.C. §78eee(b)(5)(C), sets forth the standard for the Court's determination of applications for allowances of compensation and reimbursement in SIPA cases.  The section provides:

> Whenever an application for allowances is filed pursuant to subparagraph (B), SIPC shall file its recommendation with respect to such allowances with the court prior to the hearing on such application and shall, if it so requests, be allowed a reasonable time after such hearing within which to file a further recommendation. In any case in which such allowances are to be paid by SIPC without reasonable expectation of recoupment thereof as provided in this chapter and there is no difference between the amounts requested and the amounts recommended by SIPC, the court shall award the amounts recommended by SIPC.  In determining the amount of allowances in all other cases, the court shall give due consideration to the nature, extent, and value of the services rendered, and shall place considerable reliance on the recommendation of SIPC. [emphasis added].

6.      In a SIPA proceeding, administrative costs and expenses, which include trustee and counsel fees and expenses, are to be borne by the general estate.  SIPA §5(b)(5)(E), 15 U.S.C. §78eee(b)(5)(E).  To the extent the estate is not sufficient, SIPC advances funds for their payment.  SIPA §§5(b)(5)(E), 6(e), and 9(b)(2), 15 U.S.C. §§ 78eee(b)(5)(E), 78fff(e), and 78fff-3(b)(2).

7.      In this case, the Court has been advised that the Trustee has "no reasonable expectation that the general estate will be sufficient to make any distribution to general creditors or pay any administrative expenses."  (Fortieth Application of Trustee and Baker and Hostetler LLP at 76, ¶297.)  Thus, any allowances for fees and expenses of Counsel will be paid by SIPC without any recoupment by SIPC.  Furthermore, there is no difference between the amounts requested by Counsel and the amounts recommended by SIPC.  Consequently, SIPA provides that this Court shall award Counsel the amounts recommended by SIPC.

8.      Resolution of the matters set forth in paragraph 1 above will delay the completion of this proceeding.  SIPC respectfully submits that an allowance of interim compensation is appropriate at this time in order to avoid undue hardship.  An interim allowance does not involve a determination as to the actual reasonable value of the services in question.  It is merely a payment on account of the final allowance and does not imply that the Court or SIPC has approved the value which Lukins has placed on its services.  The amounts sought do not exceed the sums the Court might reasonably award as final compensation for the services rendered. Accordingly, SIPC supports the Application.

WHEREFORE, SIPC respectfully recommends that interim compensation in the amount

of $1,198.80, as sought by Counsel, be allowed.

.

Respectfully submitted,


__*s/Kevin H. Bell*_____
KEVIN H. BELL
Senior Associate General Counsel
SECURITIES INVESTOR
 PROTECTION CORPORATION
1667 K Street, N.W., Suite 1000
Washington, D.C.  20006
Telephone: (202) 371-8300
Facsimile:  (202) 223-1679
E-mail: kbell@sipc.org

November 28, 2022
Washington, D.C.