UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (CGM)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff,<br><br>Plaintiff,<br><br>v.<br><br>BANQUE SYZ & CO., SA,<br><br>Defendant. | Adv. Pro. No. 11-02149 (CGM) |

## CASE MANAGEMENT PLAN

Plaintiff Irving H. Picard, as trustee (the "Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC under the Securities Investor Protection Act, 15 U.S.C. § 78aaa-*lll*, and the chapter 7 estate of Bernard L. Madoff individually, and defendant Banque Syz & Co., SA ("Defendant" and, together with the Trustee, the "Parties," and each individually, a "Party"), by and through their respective undersigned counsel, hereby

submit the following Case Management Plan pursuant to Rules 16 and 26 of the Federal Rules of Civil Procedure (the "Federal Rules"), applicable under Rules 7016 and 7026 of the Federal Rules of Bankruptcy Procedure.

1. <u>Relevant Procedural History</u>.

    a. On May 20, 2011, the Trustee commenced the above-captioned adversary proceeding in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") by filing a complaint against Defendant. *Picard v. Banque Syz & Co., SA*, Adv. Pro. No. 11- 02149, ECF No. 1.

    b. On December 7, 2021, the Bankruptcy Court entered a Stipulation and Order amending the complaint to dismiss without prejudice any claim to recover the Kingate Subsequent Transfers (as defined in the complaint). *Id.*, ECF No. 147.

    c. On August 15, 2022, Defendant filed an answer and affirmative defenses. *Id.*, ECF No. 181.

2. <u>Fact Discovery Plan</u>.

    a. <u>Fact Discovery Cut-Off</u>. Unless otherwise agreed to by the Parties or ordered by the Bankruptcy Court, all fact discovery is to be completed by November 8, 2024 (the "Fact Discovery Cut-Off Date").

    b. <u>Initial Disclosures</u>. The Parties do not propose any changes in initial disclosures required under Federal Rule 26(a)(1)(A) (the "Initial Disclosures"). The Parties agree that they shall serve such Initial Disclosures as required under Federal Rule 26 on or before 30 days after the filing of this Case Management Plan.

    c. <u>Subjects On Which Discovery May Be Needed</u>. The Parties contemplate that fact and expert discovery will be needed on asserted claims and defenses.

    d. <u>Foreign Discovery</u>. The Trustee anticipates the need for discovery located outside of the United States, including from individuals and entities that may have been affiliated

with Defendant. To obtain discovery from these individuals and entities, the Trustee will comply with the relevant discovery rules of the applicable jurisdiction, the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, and/or any other internationally recognized means of obtaining cross-border discovery, including but not limited to, letters rogatory (collectively, "International Discovery"). To the extent the Parties avail themselves of International Discovery procedures, they will not be deemed to have waived, prejudiced, or otherwise altered their rights to conduct discovery under the Federal Rules, the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules"), or other applicable domestic rules. To the extent that responses to International Discovery are not received by the Fact Discovery Cut-Off Date, the parties agree to seek reasonable extensions of the deadlines set forth herein.

   e. <u>Form Of Certain Discovery</u>. The Trustee intends to utilize one or more electronic data rooms to affirmatively make available millions of documents related to the Trustee's claims. The Trustee's use of such data rooms will be governed by all applicable orders and rules.

   f. <u>Document Requests</u>. The Parties may serve requests for documents on or before September 9, 2024.

   g. <u>Interrogatories</u>. The Parties may serve Interrogatories in accordance with the rules and limitations articulated in Local Bankruptcy Rule 7033-1.

   h. <u>Requests For Admission</u>. The Parties may serve Requests for Admission on or before September 9, 2024.

   i. <u>Limitations On Discovery</u>. Limitations on written discovery will be governed by the Federal Rules made applicable to this adversary proceeding by the Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules. The Parties may agree on certain limitations on discovery or may file an application with the Court for good cause.

j. <u>Production Of Privileged Materials</u>.  The Parties acknowledge that the production of privileged or work product protected documents is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.  This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).  Nothing contained in this paragraph is intended to or shall serve to limit a Party's right to conduct a review of documents, including electronically stored information, for relevance, responsiveness, and/or privileged and/or protected status.

k. <u>Depositions</u>.  All depositions of fact witnesses must be completed by the Fact Discovery Cut-Off Date. Depositions shall proceed concurrently, with no Party having priority. The Parties will endeavor to conclude the majority of depositions within the seven (7) hours provided by Federal Rule 30(d)(1), although the Parties acknowledge that there may be certain depositions of fact witnesses with knowledge of issues common to multiple Avoidance Actions (as defined below) that cannot be concluded within this time limit.  For any such witness, the Parties will attempt in good faith to agree to reasonable expansions of the seven (7) hour time limit as appropriate, and failing agreement either Party may apply to the Court for an expansion of this time limit.

To the extent the deposition of any fact witness raises common issues relevant to another avoidance action related to the above-captioned case (Adv. Pro. No. 08-01789) (the "Avoidance Action(s)"), in which fact discovery has not closed, the Parties shall coordinate such depositions with the witness and defendants in such Avoidance Actions to maximize efficiency and use of resources to the extent reasonably practicable.  The Parties shall confer in good faith and provide notice of such depositions under the Federal Rules, including the date, time, and location of any such depositions, to all relevant parties.  In a coordinated deposition, the limitations set forth in Federal Rule 30(d)(1) shall not necessarily apply, and the parties shall agree on an appropriate duration for the deposition.  Such depositions shall not prejudice or preclude the Trustee from

4

additional depositions of such witness in Avoidance Actions in which initial disclosures have not been made and discovery is not open. The Parties agree that they will work in good faith to identify the requisite number of each Party's deponents and depositions. Depositions of Irving H. Picard himself are prohibited absent an order issued by this Court upon a showing of good cause.

All depositions of the Trustee's own party and non-party witnesses shall be conducted at the offices of Baker & Hostetler LLP, 45 Rockefeller Plaza, New York, New York 10111, or such other location as the Parties may agree.

    3.    Expert Discovery Plan.

        a.    Expert Discovery Cut-Off. All expert discovery is to be completed by September 5, 2025 (the "Expert Discovery Cut-Off Date").

        b.    Experts. Each Party that intends to offer expert testimony must make the disclosures required by Federal Rule 26(a)(2) on or before March 7, 2025. Each Party that intends to offer expert testimony to rebut such disclosures must make the rebuttal disclosures required by Federal Rule 26(a)(2) on or before May 21, 2025. No expert testimony (whether designated as "rebuttal" or otherwise) will be permitted (i) by an expert that has not been disclosed in accordance with the Federal Rules, or (ii) on any issue that is beyond the scope of the opinion covered by the disclosures except on prior express permission of the Court, upon application made no later than June 27, 2025.

        c.    Deposition Of Expert Witnesses. All experts may be deposed, but such depositions must occur on or before the Expert Discovery Cut-Off Date. The deadline for expert depositions will not affect the Parties' duties to supplement expert disclosures as required by Federal Rule 26. If any Party proffers an expert witness on an issue that is common to more than one Avoidance Action, then such Party may coordinate the expert's deposition in those Avoidance Actions in which the expert witness was disclosed to maximize efficiency and use of resources to the extent reasonably practicable. Such Party shall notify all interested parties of the proposed

5

date, time and location of any such coordinated expert depositions. In a coordinated deposition, the limitations set forth in Federal Rule 30(d)(1) shall not necessarily apply, and the parties shall agree on an appropriate duration for the deposition. Unless otherwise agreed by the Parties, defendants may not participate in a coordinated expert deposition unless the discovery period is open.

    d. All depositions of the Trustee's expert witnesses shall occur at the offices of Baker & Hostetler LLP, 45 Rockefeller Plaza, New York, New York 10111, or such other location as the Parties may agree. Depositions of Defendant's expert witnesses shall occur at the offices of Jenner & Block LLP, 1155 Avenue of the Americas, New York, New York 10036, or such other location as the Parties may agree.

  4. <u>Manner Of Production Of Discovery Materials</u>. The Parties may produce discovery on a CD-ROM, flash drive, portable hard drive, in an electronic data room, or other similar electronic format. Given the volume of documentation that may be subject to disclosure in this matter, the Parties may produce a summary report, such as an expert report, and provide access to the underlying documentation on which the summary report relies in an electronic data room or other medium for review by the Parties. Information and documents produced or made available electronically shall, to the extent reasonably feasible:

    (i) be text searchable;

    (ii) provide data and image load files necessary to review the documents on search platforms (*e.g.*, Summation, Concordance, Relativity) upon request of either Party;

    (iii) provide any system-created or non-privileged captured objective metadata, such as date fields, author fields, custodian fields, path to native file, etc.;

    (iv) be organized, such as by date, custodian, or subject matter, as maintained in the ordinary course of business or (in the case of information obtained by the Trustee from third parties) as organized by the Trustee;

    (v)  provide additional formats of production, metadata, or native documents if requested by either Party.

The Parties shall meet and confer first in a good faith attempt to resolve any dispute, or thereafter comply with Local Bankruptcy Rule 7007-1 to resolve the dispute.

  5.  <u>Confidentiality</u>. The Litigation Protective Order (ECF No. 4137) (the "LPO") entered in *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Bernard L. Madoff Inv. Sec., LLC)*, Adv. Pro. No. 08-01789, on June 6, 2011 is attached as Exhibit A to this Case Management Plan and shall govern the disclosure of confidential information in this proceeding.

  6.  <u>Proposed Modifications of Standard Pretrial Proceedings Due to the Special Nature of the Action</u>. The Parties do not presently believe that any such modifications are yet appropriate or necessary, and will contact the Court if their belief in this regard changes.

  7.  <u>Prospects For Settlement, Including Whether A Settlement Conference Should Be Scheduled</u>. The Parties believe that it would be premature to schedule a settlement conference at this time.

  8.  <u>Trial</u>. The Parties propose that they will confer with each other and the Court at the conclusion of all discovery to schedule a final pretrial conference and trial date.

[*Signatures on following page*]

Dated: November 23, 2022
      New York, New York

| | |
|---|---|
| By: */s/ Nicholas J. Cremona*<br>**Baker & Hostetler LLP**<br>45 Rockefeller Plaza<br>New York, New York 10111<br>Telephone: (212) 589-4200<br>Facsimile: (212) 589-4201<br>Nicholas J. Cremona<br>Email: ncremona@bakerlaw.com<br>Robyn M. Feldstein<br>Email: rfeldstein@bakerlaw.com<br>Jessica H. Fernandez<br>Email: jfernandez@bakerlaw.com<br>Alexa T. Bordner<br>Email: abordner@bakerlaw.com<br><br>*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff* | By: */s/ Richard Levin*<br>**Jenner & Block LLP**<br>1155 Avenue of the Americas<br>New York, New York 10036<br>Telephone: (212) 891-1600<br>Richard Levin<br>Email: rlevin@jenner.com<br>Carl Wedoff<br>Email: cwedoff@jenner.com<br><br>353 N. Clark Street<br>Chicago, IL 60654<br>Telephone: (312) 222-9350<br>Vincent E. Lazar<br>Email: vlazar@jenner.com<br><br>*Attorneys for the Defendant Banque Syz & Co., SA* |

**Dated: November 28, 2022**
**Poughkeepsie, New York**



**/s/ Cecelia G. Morris**
_____
**Hon. Cecelia G. Morris**
**U.S. Bankruptcy Judge**