**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (CGM) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, and Bernard L. Madoff, | Adv. Pro. No. 11-02493 (CGM) |
| Plaintiff, | |
| v. | |
| ABU DHABI INVESTMENT AUTHORITY, | |
| Defendant. | |

**STIPULATION AND ORDER STAYING**
**BANKRUPTCY COURT PROCEEDINGS PENDING APPEAL**

Pursuant to Federal Rule of Bankruptcy Procedure 8007(a)(1)(D), this Stipulation and Order is entered into by and between Plaintiff Irving H. Picard, as trustee for the liquidation of Bernard L. Madoff Investment Securities LLC, ("Trustee") and Defendant Abu Dhabi Investment Authority ("ADIA"), by and through their respective undersigned counsel.

## RECITALS

A.  On May 11, 2022, ADIA moved to dismiss the Trustee's complaint ("Motion to Dismiss"). ECF Nos. 109-112.

B.  On July 11, 2022, the Trustee filed an opposition to ADIA's motion to dismiss. ECF Nos. 114-115.

C.  On October 28, 2022, this Court denied ADIA's Motion to Dismiss ("Decision"). ECF No. 126.

D.  On November 3, 2022, this Court entered an order denying ADIA's motion to dismiss ("Order"). ECF No. 130.

E.  On November 16, 2022, ADIA timely noticed its appeal of the Decision and Order with respect to ADIA's claim to sovereign immunity under the Foreign Sovereign Immunities Act ("FSIA"). ECF No. 132.

F.  ADIA's answer to the complaint is due on December 12, 2022. ECF No. 130 at 2.

G.  There are no other deadlines scheduled in this adversary proceeding.

1

    H.    ADIA seeks to stay the proceedings in this Court pending the resolution of its appeal of the Order that ADIA was not immune from suit in the United States pursuant to the FSIA.

    I.    The denial of ADIA's claim to sovereign immunity under the FSIA is immediately appealable under the collateral order doctrine. *See Kensington Int'l Ltd. v. Republic of Congo*, 461 F.3d 238, 240 (2d Cir. 2006) ("A denial of the claim of FSIA immunity from suit is immediately appealable because any ultimate success [on appeal from a final judgment] would not redress the erroneous denial of an immunity from the trial itself" (quotation marks and citation omitted) (alteration in original)).

    J.    This right to immediate appeal under the FSIA sets ADIA's appeal apart from appeals brought by defendants in other adversary proceedings filed by the Trustee who are seeking interlocutory review of this Court's orders denying motions to dismiss in those cases.

    K.    Under the FSIA, "foreign sovereigns and their 'agenc[ies] or instrumentalit[ies]' enjoy immunity from suit in United States Courts." *Kato v. Ishihara*, 360 F.3d 106, 107–08 (2d Cir. 2004) (quoting 28 U.S.C. § 1603); *see also Foremost-McKesson, Inc. v. Islamic Republic of Iran*, 905 F.2d 438, 443 (D.C. Cir. 1990) ("[S]overeign immunity is an immunity from trial and the attendant burdens of litigation, and not just a defense to liability on the merits.") (quotation marks and

2

citation omitted). Accordingly, the right of a foreign state to be immune from suit in the United States is "irretrievably lost" if the foreign state is forced to litigate. *Richardson-Merrill, Inc. v. Koller*, 472 U.S. 424, 431 (1985); *see also Rein v. Socialist People's Libyan Arab Jamahiriya*, 162 F.3d 748, 756 (2d Cir. 1998) ("A sovereign that is required to litigate a case on the merits before it can appeal the assertion of jurisdiction over it has not been afforded the benefit of the immunity to which it is entitled.").

L. That reasoning applies here. ADIA's claim to sovereign immunity will be lost if it is forced to defend the adversary proceeding before this Court while the appeal is pending and if the District Court subsequently determines that ADIA is entitled to sovereign immunity under the FSIA.

M. The Trustee consents to a stay of the proceedings in this Court pending resolution of ADIA's appeal.

**IT IS THEREFORE STIPULATED THAT**:

1. For purposes of Bankruptcy Rule 8007(a)(1)(D), this Stipulation and Order shall be deemed a motion by ADIA to stay the proceedings in this Court pending resolution of ADIA's appeal.

2. The Trustee consents to ADIA's motion, and this Court hereby grants it pursuant to Bankruptcy Rules 8007(a)(1)(D) and 8007(e)(1).

3

Dated: November 30, 2022
     New York, New York

**BAKER & HOSTETLER LLP**

By: /s/ *David J. Sheehan*
David J. Sheehan
Keith R. Murphy
Eric B. Hiatt
Anat Maytal
Alexa D'Angelo
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
dsheehan@bakerlaw.com
kmurphy@bakerlaw.com
ehiatt@bakerlaw.com
amaytal@bakerlaw.com
adangelo@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff*

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

By: /s/ *Marc L. Greenwald* 
Marc L. Greenwald
Eric M. Kay
Daniel M. Kelly
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
marcgreenwald@quinnemanuel.com
erickay@quinnemanuel.com
danielkelly@quinnemanuel.com

*Attorneys for Defendant Abu Dhabi Investment Authority*

**IT IS SO ORDERED.**



**Dated: December 1, 2022**
**Poughkeepsie, New York**

/s/ Cecelia G. Morris
_____
**Hon. Cecelia G. Morris**
**U.S. Bankruptcy Judge**

4