KATTEN MUCHIN ROSENMAN LLP
50 Rockefeller Plaza
New York, New York 10020
(212) 940-8800
*Attorneys for RBC Investor Services S.A., RBC Investor Services Trust, and Banco Inversis, S.A.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br>  Plaintiff-Applicant,<br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES, LLC,<br><br>  Defendant. | **Adv. Pro. No. 08-01789 (CGM)**<br><br>**SIPA Liquidation**<br>**(Substantively Consolidated)** |
| In re:<br><br>BERNARD L. MADOFF,<br><br>  Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff<br><br>  Plaintiff,<br>v.<br><br>BANQUE INTERNATIONALE À LUXEMBOURG S.A. (*f/k/a* Dexia Banque Internationale à Luxembourg S.A.); RBC INVESTOR SERVICES BANK S.A (*f/k/a* RBC Dexia Investor Services Bank S.A.); RBC INVESTOR SERVICES TRUST (*f/k/a* RBC Dexia Investor Services Trust); BANCO INVERSIS, S.A., as successor in interest to RBC Dexia Investor Services España S.A.; and BANQUE INTERNATIONALE À LUXEMBOURG (SUISSE) S.A. (*f/k/a* Dexia Private Bank (Switzerland) Ltd.),<br><br>  Defendants. | **Adv. Pro. No. 12-01698 (CGM)**<br><br>**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE TRUSTEE'S AMENDED COMPLAINT** |

# **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .................................................................................................................................. 2

I. THE AMENDED COMPLAINT FAILS TO ALLEGE SUFFICIENT FACTS TO SUPPORT PERSONAL JURISDICTION OVER THE RBC-DEXIA DEFENDANTS...... 2

    A. The RBC-Dexia Defendants Did Not Purposefully Avail Themselves of U.S. Jurisdiction ................................................................................................................... 2

    B. The Forum Selection and Choice of Law Clauses in the Subscription Agreements Are Irrelevant and Not Sufficiently Related to the At-Issue Redemptions ......................... 3

    C. RBC-Dexia España's Customer Claims Do Not Establish Jurisdiction ....................... 4

    D. The RBC-Dexia Defendants' Purported and Incidental Use of a New York Correspondent Bank Account Does Not Establish Personal Jurisdiction ..................... 4

    E. The Trustee's Claims against the RBC-Dexia Defendants Do Not "Arise Out of" Their Alleged Contacts with the Forum ................................................................................. 6

    F. The Trustee's Proffered Contacts Do Not Establish Jurisdiction over the RBC-Dexia Defendants under *BNP*, and *BLI* Is Distinguishable if It Even Applies ...................... 7

    G. The Exercise of Personal Jurisdiction over the RBC-Dexia Defendants Would Be Unreasonable and Violate Due Process ........................................................................ 8

II. THE TRUSTEE'S AMENDED COMPLAINT DOES NOT COMPLY WITH RULES 8(a) AND 10(c) ................................................................................................................................. 8

III. THE TRUSTEE SHOULD NOT BE GRANTED LEAVE TO REPLEAD ....................... 9

CONCLUSION ............................................................................................................................. 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Al Rushaid v. Pictet & Cie*,
  28 N.Y.3d 316 (2016)...................................................................................................................6

*Berdeaux v. OneCoin Ltd.*,
  561 F. Supp. 3d 379 (S.D.N.Y. 2021) ..........................................................................................5

*Brecht v. Abrahamson*,
  507 U.S. 619 (1993) ......................................................................................................................3

*Bristol-Myers Squibb Co. v. Super. Ct. of Calif., San Francisco Cnty.*,
  137 S. Ct. 1773 (2017) .................................................................................................................2

*Charles Schwab Corp. v. Bank of Am. Corp.*,
  883 F.3d 68 (2d Cir. 2018) ...........................................................................................................6

*Chew v. Dietrich*,
  143 F.3d 24 (2d Cir. 1998) ...........................................................................................................6

*Chloe v. Queen Bee of Beverly Hills, LLC*,
  616 F.3d 158 (2d Cir. 2010) .........................................................................................................8

*Esso Expl. & Prod. Nigeria Ltd. v. Nigerian Nat'l Petroleum Corp.*,
  397 F. Supp. 3d 323 (S.D.N.Y. 2019) ..........................................................................................5

*Fairfield Sentry Ltd. v. Amsterdam (In re Fairfield Sentry Ltd.)*,
  No. 10-13164 (SMB), 2018 WL 3756343 (Bankr. S.D.N.Y., Aug. 6, 2018).........................4

*Ford Motor Co. v. Mont. Eighth Judicial Dist. Ct.*,
  141 S. Ct. 1017 (2021) ............................................................................................................6, 7

*Hau Yin To v. HSBC Holdings PLC*,
  No. 15-CV-3590 (LTS) (SN), 2017 WL 816136 (S.D.N.Y. Mar. 1, 2017) ............................5

*J. McIntyre Mach., Ltd v. Nicastro*,
  564 U.S. 873 (2011) ......................................................................................................................3

*Licci v. Lebanese Can. Bank, SAL*,
  20 N.Y.3d 327 (2012)...................................................................................................................5

*In re Mexican Gov't Bonds Antitrust Litig.*,
  No. 18-CV-2830 (JPO), 2022 WL 950955 (S.D.N.Y. Mar. 30, 2022) ..................................6

*Miller v. Mercuria Energy Trading, Inc.*,
  291 F. Supp. 3d 509 (S.D.N.Y. 2018) .........................................................................................4

*Official Comm. of Unsecured Creditors of Arcapita Bank B.S.C. v. Bahrain Islamic Bank*,
    549 B.R. 56 (S.D.N.Y. 2016) ................................................................................................ 5

*Picard v. Abu Dhabi Inv. Auth.*,
    Adv. Pro. No. 11-02493 (CGM), 2022 WL 16558049 (Bankr. S.D.N.Y. Oct. 31,
    2022) .................................................................................................................................... 3

*Picard v. Banque Syz & Co., SA (In re Madoff)*,
    Adv. Pro. No. 08-01789 (CGM), 2022 WL 2135019 (Bankr. S.D.N.Y. June 14, 2022) ....... 3

*Picard v. Bureau of Labor Ins. (In re BLMIS)*,
    480 B.R. 501 (Bankr. S.D.N.Y. 2012) ............................................................................. 3, 7

*Picard v. Fairfield Inv. Fund Ltd. (In re BLMIS),* Adv. Pro. No. 09-01239 (CGM),
    2021 WL 3477479 (Bankr. S.D.N.Y. Aug. 6, 2021) ............................................................ 9

*Picard v. Multi-Strategy Fund Ltd. (In re Madoff)*,
    641 B.R. 78 (Bankr. S.D.N.Y. 2022) .................................................................................... 3

*Picard v. Public Ins. for Soc. Sec.*, Adv. Pro. No. 12-01002 (CGM), 2022 WL 3458962
    (Bankr. S.D.N.Y. Aug. 17, 2022) ......................................................................................... 3

*Picard v. Quilvest*,
    Adv. Pro. No. 11-02538 (CGM), 2022 WL 4493184 (Bankr. S.D.N.Y. Sept. 27,
    2022) .................................................................................................................................... 3

*Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*,
    594 B.R. 167 (Bankr. S.D.N.Y. 2018) .................................................................................. 7

*SPV Osus Ltd. v. UBS AG*,
    882 F.3d 333 (2d Cir. 2018) ............................................................................................ 7, 8

*Tamam v. Fransabank Sal*,
    677 F. Supp. 2d 720 (S.D.N.Y. 2010) .................................................................................. 4

*U.S. Bank Nat'l Ass'n v. Bank of Am. N.A.*,
    916 F.3d 143 (2d Cir. 2019) ................................................................................................. 6

*United States v. Int'l Longshoremen's Ass'n*,
    518 F. Supp. 2d 422 (E.D.N.Y. 2007) .................................................................................. 8

*Universal Trading & Inv. Co. v. Tymoshenko*,
    No. 11-CV-7877 (PAC), 2012 WL 6186471 (S.D.N.Y. Dec. 12, 2012) ............................... 5

*Vasquez v. Hong Kong & Shanghai Banking Corp.*,
    477 F. Supp. 3d 241 (S.D.N.Y. 2020) .................................................................................. 5

*Walden v. Fiore*,
    571 U.S. 277 (2014) .................................................................................................... 2, 3, 7

*Waldman v. Palestine Liberation Org.*,
    835 F.3d 317 (2d Cir. 2016) ................................................................................................. 2

*World-Wide Volkswagen Corp. v. Woodson*,
    444 U.S. 286 (1980) ................................................................................................................ 8

**Rules**

Fed. R. Civ. P. 8(a) ................................................................................................................ 1, 8, 9

Fed. R. Civ. P. 10(c) ................................................................................................................. 1, 8

Defendants RBC Investor Services Bank S.A. ("RBC-Dexia Bank"); RBC Investor Services Trust ("RBC-Dexia Trust"); and Banco Inversis, S.A. ("Banco Inversis") (as successor in interest to RBC Dexia Investor Services España S.A.) ("RBC-Dexia España") (collectively, the "RBC-Dexia Defendants" or "Defendants") by their undersigned counsel, respectfully submit this reply memorandum of law (the "Reply") in further support of their motion to dismiss the Amended Complaint (ECF No. 134).

## PRELIMINARY STATEMENT

The arguments presented in the Trustee's Opposition[1] fail as a matter of law. The RBC-Dexia Defendants—all organized and conducting business abroad—entered into contracts with international foreign feeder funds, and the transfers at issue in this case were made pursuant to those purely foreign relationships. Yet, the Trustee asks this Court to impose personal jurisdiction over the RBC-Dexia Defendants on the basis of those *feeder funds'* U.S. activities. The Trustee alleges that the RBC-Dexia Defendants used correspondent bank accounts in connection with their investments in the feeder funds, but that allegation alone is not sufficient to establish jurisdiction over the RBC-Dexia Defendants. *See* Section I, *infra*.

The Trustee also attempts to argue that his incorporation of complaints against Fairfield Sentry Limited ("Sentry") and Rye Portfolio Limited ("Rye") is appropriate, even though the result is an inconsistent, bloated document, rife with allegations and claims that have nothing to do with the RBC-Dexia Defendants. The pleading violates Federal Rules of Civil Procedure 10(c) and 8(a). *See* Section II, *infra*. Consequently, the Trustee should be prohibited from repleading. *See* Section

---

[1] "Opposition" or "Opp." refers to the Trustee's Memorandum of Law in Opposition to Defendants' Motion to Dismiss the Amended Complaint (ECF No. 147). "Moving Brief" or "Mov. Br." refers to Defendants' Memorandum of Law in Support of Their Motion to Dismiss (ECF No. 138). Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in Defendants' Moving Brief. Unless otherwise noted, all ECF citations refer to Adv. Proc. No. 12-01698 (CGM).

1

III, *infra*. For these reasons and those stated in Defendants' Moving Brief, the Trustee's Amended Complaint should be dismissed in its entirety, with prejudice.

## ARGUMENT

I. **THE AMENDED COMPLAINT FAILS TO ALLEGE SUFFICIENT FACTS TO SUPPORT PERSONAL JURISDICTION OVER THE RBC-DEXIA DEFENDANTS**

    A. **The RBC-Dexia Defendants Did Not Purposefully Avail Themselves of U.S. Jurisdiction**

The Trustee argues that the RBC-Dexia Defendants "availed themselves of the benefits and protections of New York laws" by investing in Sentry and Rye. Opp. 13. As amplified in the Moving Brief, the Supreme Court held in *Walden* that a non-party's contacts with a forum cannot support the imposition of jurisdiction over a defendant without meaningful contact with that jurisdiction. Mov. Br. 10; *see generally Walden v. Fiore*, 571 U.S. 277 (2014). "For a State to exercise jurisdiction consistent with due process … [t]he relationship between the defendant and the forum 'must arise out of contacts that the 'defendant *himself*' creates with the forum.'" *Waldman v. Palestine Liberation Org.*, 835 F.3d 317, 335 (2d Cir. 2016) (quoting *Walden*, 571 U.S. at 284); *see Bristol-Myers Squibb Co. v. Super. Ct. of Calif., San Francisco Cnty.*, 137 S. Ct. 1773, 1781 (2017) ("[A] defendant's relationship with a … third party, standing alone, is an insufficient basis for jurisdiction.") (quoting *Walden*, 571 U.S. at 286). "[I]t is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." *Walden*, 571 U.S. at 285.

The Amended Complaint contains no plausible allegation, as required by *Walden,* that the RBC-Dexia Defendants had any meaningful "physical entry into the State—either by the defendant in person or through an agent, goods, mail, or some other means." *Walden*, 571 U.S. at

2

08-01789-cgm    Doc 22664    Filed 12/01/22    Entered 12/01/22 17:02:13    Main Document
                                                     Pg 8 of 15

285.² Indeed, it is not disputed that the RBC-Dexia Defendants effected investments on behalf of clients in Fairfield Sentry, Fairfield Sigma Limited ("Sigma") (together, the "Fairfield Funds"), and Rye—not in BLMIS—and that it was Sentry or Rye that directly or indirectly invested substantially all of its assets into BLMIS.³ Opp. 5-6. This is nothing more than a variation on the "stream of commerce" theory of personal jurisdiction that the courts have consistently rejected. *See J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 882, 886 (2011) (plurality opinion) ("[I]t is not enough that [a] defendant might have predicted that its goods will reach the forum," but rather the defendant must "engage[] in conduct purposefully directed at [the forum].").⁴

B.  **The Forum Selection and Choice of Law Clauses in the Subscription Agreements Are Irrelevant and Not Sufficiently Related to the At-Issue Redemptions**

The Trustee points to New York choice of law and choice of forum provisions included in the Fairfield Funds subscription agreements between the RBC-Dexia Defendants and Sentry. *See*

---

² The Trustee argues that Dexia Banque's attendance of meetings in New York is a relevant contact of the RBC-Dexia Defendants. *See* Opp. n. 11. It is not. There is no allegation that the RBC-Dexia Defendants ever participated in meetings in New York, nor is there any allegation to suggest that Dexia Banque's meeting in New York was at the request, or for the benefit of, the RBC-Dexia Defendants.

³ This case is readily distinguishable from the Court's recent opinions in the Trustee's cases against Public Institute for Social Security, Quilvest Banque SYZ, Multi-Strategy Fund, and Abu Dhabi Investment Authority. *See Picard v. Banque Syz & Co., SA (In re Madoff)*, Adv. Pro. No. 08-01789 (CGM), 2022 WL 2135019 at *3 (Bankr. S.D.N.Y. June 14, 2022) (among other things, the Trustee made an allegation that defendant Banque Syz solicited its own clients to invest in Madoff Feeder Funds); *see also Picard v. Multi-Strategy Fund Ltd. (In re Madoff)*, 641 B.R. 78, 86 (Bankr. S.D.N.Y. 2022) (among other things, the Trustee alleged that defendant was a "Madoff addict"); *Picard v. Public Institute for Social Security*, Adv. Pro. No. 12-01002 (CGM), 2022 WL 3458962 at *6 (Bankr. S.D.N.Y. Aug. 17, 2022) (among other things, the Trustee asserted that subsidiary of defendant attended in-person meetings with Sentry representatives in New York and included details about the relationship between subsidiary and defendant); *Picard v. Quilvest*, Adv. Pro. No. 11-02538 (CGM), 2022 WL 4493184 at *3 (Bankr. S.D.N.Y., Sept. 27, 2022) (similar); *Picard v. Abu Dhabi Investment Authority*, ("ADIA"), Adv. Pro. No. 11-02493 (CGM) 2022 WL 16558049 at *6 (among other things, the defendant requested a meeting with Madoff.)

⁴ The Trustee relies on *Picard v. Bureau of Labor Insurance (In re BLMIS)*, 480 B.R. 501 (Bankr. S.D.N.Y. 2012) ("*BLI*") to support his argument that the RBC-Dexia Defendants' investment into the Fairfield Funds or Rye, with knowledge that the investment would end up with BLMIS, is sufficient to establish jurisdiction. Opp. 12-14. *BLI* is not controlling law and the court did not decide on this issue. *See Brecht v. Abrahamson*, 507 U.S. 619, 630-31 (1993) (decision not precedent for issues not "squarely addressed"). Second, *BLI* predates and is inconsistent with *Walden*. *Walden* clarifies that knowing of or intending a consequence in the forum state cannot give rise to personal jurisdiction. Mov. Br. 9. If the Trustee's theory were upheld, any investment that foreseeably found its way into a U.S. asset would confer personal jurisdiction.

3

Opp. 21. But those provisions in the subscription agreements fail to establish personal jurisdiction over Defendants for any of the claims here, and the Trustee concedes that such clauses alone cannot establish jurisdiction. Opp. 21-22.

The subscription agreements concern the RBC-Dexia Defendants' acts of subscribing, and investing in, the Fairfield Funds. Judge Bernstein held in *Fairfield Sentry Ltd. v. Amsterdam (In re Fairfield Sentry Ltd.)* that the Fairfield Sentry subscription agreements are "irrelevant" to claims, like the Trustee's claims, to recover redemption payments. *See* No. 10-13164 (SMB), 2018 WL 3756343, at *11-12 (Bankr. S.D.N.Y., Aug. 6, 2018) ("*Fairfield I*"); *see also* Mov. Br. 14, n.10. The subscription agreements' relevance to this proceeding is even more attenuated because neither BLMIS nor the Trustee is a party to them. *See Miller v. Mercuria Energy Trading, Inc.*, 291 F. Supp. 3d 509, 523 (S.D.N.Y. 2018) (declining to consider forum selection clause in jurisdictional analysis concerning claim by non-party to the contract when forum selection clause does not govern the claim).

### C. RBC-Dexia España's Customer Claims Do Not Establish Jurisdiction

As explained in the Moving Brief, the alleged filing of customer claims unrelated to the transfers at issue in this proceeding does not bear on the jurisdictional analysis. Mov. Br. at 15.

### D. The RBC-Dexia Defendants' Purported and Incidental Use of a New York Correspondent Bank Account Does Not Establish Personal Jurisdiction

The Trustee alleges in a conclusory manner that it was each "Defendants' practice to use New York bank accounts in either its own or its affiliate's name…to send subscriptions to and receive redemptions" and subscription payments "sent by Defendants to the Feeder Funds were deposited into BLMIS's account at JPMorgan Chase Bank in New York." Opp. 7; Am. Compl. ¶ 73. But "courts in this district have routinely held that merely maintaining a New York correspondent bank account is insufficient to subject a foreign bank to personal jurisdiction."

4

*Tamam v. Fransabank Sal*, 677 F. Supp. 2d 720, 727 (S.D.N.Y. 2010) (citing cases); *see also* Mov. Br. 9-13. That is so even where funds relevant to the claims passed through those accounts. *See, e.g.*, *Vasquez v. Hong Kong & Shanghai Banking Corp.*, 477 F. Supp. 3d 241, 262 (S.D.N.Y. 2020) (no specific jurisdiction over foreign bank defendant where use of correspondent bank account was not essential to the Ponzi scheme); Mov. Br. 10-11.

The Trustee concedes that a defendant's mere use of a correspondent account does not create jurisdiction under New York law—the use must be "purposeful." Opp. 17-18. *See Hau Yin To v. HSBC Holdings PLC*, No. 15-CV-3590 (LTS) (SN), 2017 WL 816136, at *7 n.6 (S.D.N.Y. Mar. 1, 2017). Here, there is no allegation that the correspondent accounts were anything more than an intermediate step in the redemption of shares in the Fairfield Funds and Rye. Opp. 17-21. *See Berdeaux v. OneCoin Ltd.*, 561 F. Supp. 3d 379, 403 (S.D.N.Y. 2021) (finding that a transfer at issue passing through a New York correspondent account did not show a non-bank defendant's "purposeful" use of the account where he did not maintain the account and the money only passed through it en route to a foreign bank account.); *see also Universal Trading & Inv. Co. v. Tymoshenko*, No. 11-CV-7877 (PAC), 2012 WL 6186471, at *3 (S.D.N.Y. Dec. 12, 2012) (finding no personal jurisdiction where "a foreign individual holding foreign accounts . . . moved money through New York via a correspondent account.").[5]

Here, there is no allegation that the RBC-Dexia Defendants' use of a correspondent bank account was purposeful. Opp. at 17-21; *cf. Licci v. Lebanese Can. Bank, SAL*, 20 N.Y.3d 327, 338-39 (2012) (finding defendant's repeated use of New York correspondent bank account was purposeful, not incidental); *Official Comm. of Unsecured Creditors of Arcapita Bank B.S.C. v.*

---

[5] The Trustee's reliance on *Esso Expl. & Prod. Nigeria Ltd. v. Nigerian Nat'l Petroleum Corp.*, 397 F. Supp. 3d 323 (S.D.N.Y. 2019) (Opp. 19) is misplaced. In that case, the defendant maintained three relevant U.S. bank accounts and deliberately directed transfers to and from those accounts. *Id.* at 338-39, 345.

5

*Bahrain Islamic Bank*, 549 B.R. 56, 67-71 (S.D.N.Y. 2016) (jurisdiction existed over Bahrain bank using correspondent bank account where bank set terms of transaction and selected dollars as currency of transaction); *Al Rushaid v. Pictet & Cie*, 28 N.Y.3d 316, 327-28 (2016) (purposeful use of correspondent account where defendants allegedly aided groups through money laundering by giving them access to a New York correspondent account).

Without citing any law for the proposition, the Trustee argues that any correspondent bank account in a defendant or an affiliate's own name is purposeful availment *ipso facto*. Opp. 19. Courts repeatedly have held that correspondent accounts held in a defendant's name are *insufficient* to impose personal jurisdiction, if the use of such account is *incidental* to foreign investment contracts negotiated and performed entirely abroad. *See* Mov. Br. 10-11, n.7 (collecting cases). The Trustee has not alleged any purposeful use of the bank accounts to deviate from this settled law.

### E. The Trustee's Claims against the RBC-Dexia Defendants Do Not "Arise Out of" Their Alleged Contacts with the Forum

To establish personal jurisdiction over the RBC-Dexia Defendants, the Trustee must show that, *inter alia*, the underlying causes of action "arise out of or relate to" the defendant's contact with the United States. *U.S. Bank Nat'l Ass'n v. Bank of Am. N.A.*, 916 F.3d 143, 150 (2d Cir. 2019). Contrary to the Trustee's assertion, the Second Circuit has made clear that where, as here, "the defendant has had only limited contacts with the state it may be appropriate to say that he will be subject to suit in that state only if the plaintiff's injury was proximately caused by those contacts." *Chew v. Dietrich*, 143 F.3d 24, 29 (2d Cir. 1998) (internal citations omitted).[6]

---

[6] The Trustee's attempt to rely on *Ford Motor Co. v. Mont. Eighth Judicial Dist. Ct.*, 141 S. Ct. 1017 (2021) (Opp. 24) to avoid New York's "causal" requirement has already been rejected by the Southern District. *See In re Mexican Gov't Bonds Antitrust Litig.*, No. 18-CV-2830 (JPO), 2022 WL 950955, at *3 (S.D.N.Y. Mar. 30, 2022) (holding that *Ford Motor Co.*, by its terms, does not compel the conclusion that there is specific jurisdiction over foreign misconduct that occurs in the United States). Indeed, in New York, claims alleging fraud or concerning financial instruments

6

Accordingly, the instant claims do not "arise out of" the minimal contacts the RBC-Dexia Defendants had with the Forum.

F. **The Trustee's Proffered Contacts Do Not Establish Jurisdiction over the RBC-Dexia Defendants under *BNP*, and *BLI* Is Distinguishable if It Even Applies**

The contacts proffered by the Trustee fail to establish personal jurisdiction under *BNP*, which supersedes *BLI* and controls. In *BNP*, Judge Bernstein cited the Second Circuit requirement of a proximate cause connection between the defendant's jurisdictional contacts and the underlying claim. *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 594 B.R. 167, 190 (Bankr. S.D.N.Y. 2018) ("*BNP*"), (quoting *SPV Osus Ltd. v. UBS AG*, 882 F.3d 333, 344 (2d Cir. 2018)). Disregarding *BLI* and instead relying upon *SPV Osus* and *Walden*, Judge Bernstein held that the Trustee is required to establish jurisdiction with respect to *each* of the redemptions he sought to avoid based on the *defendant's* own contacts with the forum. *See BNP,* 594 B.R. at 189-90. Although *BNP* found jurisdiction, it did so based on numerous, extensive, direct New York contacts related to the redemptions at issue. *Id*. at 190-91.

But even if *BLI* retains vitality after *BNP*, it is nonetheless distinguishable based on the Trustee's own concession that *BLI* involved a defendant that, unlike the RBC-Dexia Defendants, invested its *own* money in the Fairfield Funds. *BLI,* 480 B.R. at 517 (emphasis added). Here, in marked contrast, the Trustee does not allege that the RBC-Dexia Defendants invested their own funds in the Fairfield Funds or Rye, or were seeking a profit from a New York investment.

The Trustee attempts to cast doubt on the applicability of this framework by citing *Ford Motor Co. See* Opp. 24. Although the Trustee correctly notes that *Ford* held that no proximate cause requirement exists when there are sufficient related contacts, the Court emphasized that "[i]n

---

require U.S. contacts to give rise to the claim. *See id.* (citing *Charles Schwab Corp. v. Bank of Am. Corp.*, 883 F.3d 68 (2d Cir. 2018)).

7

the sphere of specific jurisdiction, the phrase 'relate to' incorporates real limits, as it must to adequately protect defendants foreign to a forum." *Ford,* 141 S. Ct. at 1026. That limitation is critical in this case, where the Trustee has alleged almost no contacts that relate to each of the redemptions at issue. *See SPV Osus*, 882 F.3d at 344.

### G. The Exercise of Personal Jurisdiction over the RBC-Dexia Defendants Would Be Unreasonable and Violate Due Process

Even if the Trustee had alleged sufficient contacts between the RBC-Dexia Defendants and New York, the Court's exercise of jurisdiction must be reasonable under the circumstances for it to be consistent with due process. *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 292, 297 (1980). The Trustee suggests that once the plaintiff shows bare minimum contacts, the burden shifts to the defendant to present a "compelling case" that jurisdiction is unreasonable (Opp. 10), but his own cited case holds that jurisdiction is merely "favored" when minimum contacts are shown. *Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 165 (2d Cir. 2010). It is not reasonable to impose personal jurisdiction over foreign defendants in a case about completely foreign investments where the only allegation of direct contact with New York relevant to those investments is the use of a correspondent bank account.

## II. THE TRUSTEE'S AMENDED COMPLAINT DOES NOT COMPLY WITH RULES 8(a) AND 10(c)

The RBC-Dexia Defendants demonstrated in their Moving Brief that the Trustee's attempt to incorporate the 217-page Fairfield Second Amended Complaint ("SAC") and the 136-page Tremont Complaint into the Amended Complaint does not comply with Rule 8(a)'s "short and plain statement" requirement or Rule 10(c)'s limitations on incorporation by reference. Moreover, the Trustee's effort to incorporate two entire pleadings—without specifying the relevant allegations he wishes to incorporate—flies in the face of well-established statutory and case law limiting incorporation by reference for this very purpose. *See United States v. Int'l*

8

*Longshoremen's Ass'n,* 518 F. Supp. 2d 422, 461 (E.D.N.Y. 2007) (citation omitted) ("references to prior allegations must be direct and explicit, in order to enable the responding party to ascertain the nature and extent of the incorporation."); *see also* Mov. Br. 17-23.

By incorporating the entirety of the Fairfield SAC and Tremont Complaint, the Trustee puts at issue all claims he asserted against Sentry, the other Fairfield defendants, and Rye and its co-defendants, including a plethora of irrelevant allegations and exhibits that have nothing to do with avoidability. It is no answer to say that the Defendants may respond only to those allegations in the two separate complaints that address avoidability. A defendant should not be required to guess which of the plaintiff's allegations apply and which do not: the plaintiff must state a claim in a short and plain statement of facts entitling the plaintiff to relief, to which the defendant can respond. Fed. R. Civ. P. 8(a); *see also* Mov. Br. 17-23.

The Trustee contends the Court may take judicial notice of the pleading in *Fairfield Investment Fund* and its decision in that case. *See* Adv. Pro. No. 09-01239 (CGM), 2021 WL 3477479 (Bankr. S.D.N.Y. Aug. 6, 2021); *see also* Opp. 30. However, judicial notice does not relieve the Trustee of his burden to align with the Federal Rules of Civil Procedure pleading requirements and applicable case law concerning incorporation by reference. Because he has not fulfilled these pleading requirements, the Court should dismiss the Amended Complaint.

### III. THE TRUSTEE SHOULD NOT BE GRANTED LEAVE TO REPLEAD

The Trustee purports to "request[] the opportunity to replead" the Amended Complaint if the Court determines that the incorporation by reference of the Fairfield SAC or the Tremont Complaint is improper. Opp. 32. The Trustee had ten years to investigate, and then amend and file his Amended Complaint. He should not be permitted another opportunity to protract this proceeding any longer.

9

**CONCLUSION**

For the foregoing reasons and the reasons set forth in the Defendants' Moving Brief, the RBC-Dexia Defendants respectfully request that the Court dismiss the Amended Complaint in its entirety.

Dated: December 1, 2022
      New York, New York

**KATTEN MUCHIN ROSENMAN LLP**

/s/ Anthony L. Paccione
Anthony L. Paccione
Mark T. Ciani
Zachary S. Beal
50 Rockefeller Plaza
New York, New York 10020
Telephone: (212) 940-8800
anthony.paccione@katten.com
mark.ciani@katten.com
zachary.beal@katten.com

*Attorneys for RBC Investor Services S.A., RBC Investor Services Trust, and Banco Inversis, S.A.*