**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (CGM) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 09-01364 (CGM) |
| Plaintiff, | |
| v. | |
| HSBC BANK PLC, et al., | |
| Defendants. | |

**DECLARATION OF PETER B. SHAPIRO IN OPPOSITION TO NON-PARTIES'**
**REQUEST FOR CONFERENCE REGARDING DISCOVERY DISPUTE**

I, Peter B. Shapiro, declare the following:

1.  I am counsel with the law firm of Baker & Hostetler LLP, counsel to Irving H. Picard, as trustee ("Trustee") for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa–*lll*, and the chapter 7 estate of Bernard L. Madoff. I am familiar with the matters discussed herein.

2. I respectfully submit this Declaration in opposition to non-parties Nigel Fielding's, Saverio Fiorino's, and Brian Pettitt's (together, the "Non-Parties") request under Local Bankruptcy Rule 7007-1 for a conference to address a discovery dispute and in response to the Declaration of Lauren K. Handelsman (ECF No. 720) (the "Handelsman Dec.").

3. The Non-Parties seek to avoid their obligation to provide testimony as ordered by the Court in 2019 (Order Issuing a Request for International Judicial Assistance to the Appropriate Judicial Authority in Luxembourg, ECF No. 544) and 2020 (*see* Transcript Regarding Hearing Held on June 24, 2020 re: Trustee's Motions for Issuance of Letters of Request for the Examination of Saverio Fiorino and Brian Pettitt, ECF No. 643, the "Transcript") on the basis of their interpretation of the settlement agreement between the Trustee and Alpha Prime Fund Ltd. ("Alpha Prime") (ECF No. 710, Ex. A, the "Settlement Agreement").

4. The Settlement Agreement was publicly filed in June 2022 as part of the Trustee's Rule 9019 motion and was approved by the Court on July 20, 2022 (ECF No. 715), with no objection.

5. The Settlement Agreement resolved all but one of the Trustee's claims against Alpha Prime: recovery of the Six-Year Transfers from BLMIS to Alpha Prime. (Settlement Agreement ¶ 5.)

6. Under the Settlement Agreement, "recovery of the Six-Year Transfers is contingent on discovery in this Adversary Proceeding concerning Alpha Prime's knowledge and state of mind." (*Id.*)

7. The Settlement Agreement further provides, "At the completion of such [discovery], the Parties shall determine how recovery of the Six-Year Transfers will be effected.

2

If the Parties cannot reach an agreement on the recovery of the Six-Year Transfers, the Parties will submit to a one-day binding mediation by an approved mediator." (*Id.*)

8. The Non-Parties' characterization of the Settlement Agreement—that "Alpha Prime and the Trustee agreed" that this claim "would not be resolved by this Court, but instead would be resolved either by agreement of the parties or by a 'one-day binding mediation by an approved mediator'" (Handelsman Dec. ¶ 2)—is therefore contradicted by the Settlement Agreement's plain terms, which make clear that mediation would occur only if the Trustee and Alpha Prime could not agree on the recovery of the Six-Year Transfers after the completion of discovery.

9. Discovery concerning Alpha Prime's knowledge and state of mind is ongoing; the parties have not concluded negotiations regarding recovery of the Six-Year Transfers; and the recovery claim has not been submitted to mediation. Under the terms of the Settlement Agreement, the Six-Year Transfer claims will be dismissed only once they have been resolved. (Settlement Agreement ¶¶ 5, 10.) As the parties acknowledged, until the Six-Year Transfer claims are resolved, this Court will continue to have jurisdiction over the Adversary Proceeding.

10. The Non-Parties also claim that they "are not employees or agents of Alpha Prime." (*Id.* ¶ 3.) This simply is not true. As alleged in the Second Amended Complaint, Mr. Fielding was a director of Alpha Prime (Second Amend. Compl., ¶¶ 46-47, ECF No. 567), Mr. Fiorino was an officer of Alpha Prime's custodian and administrator who analyzed BLMIS's trading activities at the behest of one of Alpha Prime's principals (*id.* ¶¶ 82, 168), and Mr. Pettitt was coached by Mr. Fielding on how to not upset Madoff when conducting a diligence visit to BLMIS (*id.* ¶¶ 174-75). The Court, moreover, already has found that the Non-Parties' testimony on the topics covered by the letters of request issued in 2019 and 2020 is "highly relevant" to the

3

Trustee's claims against Alpha Prime. (Transcript at 44:15.) The Non-Parties' after-the-fact mischaracterization of their roles does not change that finding.

11. Finally, it should be noted that the Non-Parties' application does not arrive on a blank slate. Though these witnesses have evidence relevant to both the Trustee's claim against Alpha Prime and his claims against the various HSBC defendants, both they and HSBC have, even before this application, attempted to prevent the discovery required by the letters of request this Court issued. For example, in Luxembourg, counsel for HSBC and Mr. Fielding have continued to argue that, notwithstanding the protective order in this case and the GDPR's clear exceptions for litigation, the Luxembourg Judge's decision to have a verbatim transcript violates the GDPR. In the United States, Mr. Fiorino, represented by the same counsel as HSBC and Mr. Fielding, has argued that he should not be subject to the Luxembourg examination procedure because it would require him to appear for too long of an examination. But when the Trustee offered a U.S.-style deposition of seven hours, counsel rejected that offer, indicating that Mr. Fiorino would prefer to use the Luxembourg procedure. This application—arguing that the Trustee and Alpha Prime's settlement agreement should be interpreted differently than its plain language *and* differently than intended—is another attempt to stifle discovery that is proper and that is required under the letters of request. Worse still, though the settlement agreement is clear that the parties will finish the outstanding discovery, and counsel for Messrs. Fielding, Fiorino, and Pettitt (which prior to the current application was Cleary Gottlieb) received notice of the settlement, this objection was raised months later.

12. The Settlement Agreement speaks for itself. The Trustee maintains that the Non-Parties fail to demonstrate any circumstances warranting a conference much less give the Court any reason to vacate its prior orders concerning their "highly relevant" testimony.

4

Pursuant to 28 U.S.C. § 1746, I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: New York, New York
December 15, 2022

Respectfully submitted,

BAKER & HOSTETLER LLP

By:   *s/ Peter B. Shapiro*
Peter B. Shapiro
45 Rockefeller Plaza
New York, New York 10111
Telephone: 212-589-4200
Facsimile: 212 589-4201
pshapiro@bakerlaw.com