**WUERSCH & GERING LLP**
Gregory F. Hauser
Jascha D. Preuss
100 Wall Street, 10th Floor
New York, New York 10005
Telephone: (212) 509-5050
gregory.hauser@wg-law.com
jascha.preuss@wg-law.com
*Counsel for Defendant LGT Bank (Switzerland) Ltd.*
*as successor in interest to Dresdner Bank (Schweiz) AG*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>*Plaintiff-Applicant*,<br><br>-v-<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>*Defendant.* | **Adv. Pro. No. 08-01789 (CGM)**<br><br>**SIPA Liquidation**<br><br>**(Substantively Consolidated)** |
| In re:<br><br>BERNARD L. MADOFF,<br><br>*Debtor.* | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities and the Chapter 7 Estate of Bernard L. Madoff,<br><br>*Plaintiff*,<br><br>-v-<br><br>UBS EUROPE SE, formerly known as UBS Deutschland AG, as successor in interest to Dresdner Bank Lateinamerika AG, and LGT BANK (SWITZERLAND) LTD. as successor in interest to Dresdner Bank (Schweiz) AG,<br><br>*Defendants*. | **Adv. Pro. No. 12-01577 (CGM)**<br><br>**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT LGT BANK (SWITZERLAND) LTD.'S MOTION TO DISMISS THE AMENDED COMPLAINT** |

# **TABLE OF CONTENTS**

REPLY PRELIMINARY STATEMENT...................................................................................... 1

REPLY ARGUMENT .................................................................................................................. 3

   I.   This Court Lacks Jurisdiction Over LGT Switzerland as the Trustee Has Failed to Establish that LGT Switzerland Has Sufficient Contacts With New York....................... 3

   II.  The Amended Complaint Fails to Satisfactorily Plead the Avoidability of the Initial Transfers, and the Trustee Cannot Cure Its Fatal Pleading Defects Through Wholesale Incorporation by Reference of a Superseded Complaint................................................. 10

   III. The Amended Complaint Fails to Plausibly Allege That the Subsequent Transfers Were of BLMIS Customer Property. ....................................................................................... 13

   IV. The Good Faith Defense Provides for Dismissal of This Action, As the Applicability of the Defense is Apparent on the Face of the Amended Complaint .................................. 15

   V.  LGT Switzerland Reserves Its § 546(e) Safe Harbor Defenses ...................................... 18

CONCLUSION............................................................................................................................ 18

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Ayyash v. Bank Al-Madina*,
No. 04-cv-920, 2006 WL 587342 (S.D.N.Y. March 9, 2006) .................................................. 10

*Brecht v. Abrahamson*,
507 U.S. 619 (1993) ................................................................................................................ 6

*Charles Schwab Corp. v. Bank of Am. Corp.*,
883 F.3d 68 (2d Cir. 2018) ....................................................................................................... 5

*Comm. Of Unsecured Creditor of Arcapita v. Bahrain Islamic Bank*,
549 B.R. 56 (S.D.N.Y. 2016) .................................................................................................... 8

*Cooper v. Parsky*,
1997 WL 242534 (S.D.N.Y. Jan. 8, 1997) ........................................................................... 4, 5

*DeMasi v. Benefico*,
567 F. Supp. 2d 449 (S.D.N.Y. 2008) ................................................................................... 12

*Fairfield Sentry Ltd. v. HSBC Sec. Servs. (Luxembourg) S.A.*,
No. 21-CV-10316 (LAP), 2022 WL 3910679 (S.D.N.Y. Aug. 31, 2022) ............................... 10

*Ferrari v. Cnty. of Suffolk*,
790 F. Supp. 2d 34 (E.D.N.Y. 2011) ..................................................................................... 12

*Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*,
141 S. Ct. 1017 (2021) ............................................................................................................ 6

*Gilmore v. Rivera*,
2014 WL 1998227 (S.D.N.Y. May 14, 2014) ................................................................... 15, 18

*Gym Door Repairs, Inc. v. Young Equip. Sales, Inc.*,
206 F. Supp. 3d 869 (S.D.N.Y. 2016) ................................................................................... 15

*Hau Yin To v. HSBC Holdings, PLC*,
2017 WL 816136. (S.D.N.Y. Mar. 1, 2017) ............................................................................ 7

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
466 U.S. 408 (1984) ................................................................................................................ 4

*Hill v. HSBC Bank plc*,
207 F. Supp. 3d 333 (S.D.N.Y. 2016) ..................................................................................... 8

*Hillel v. Obvio Health USA, Inc.*,
  No. 20-CV-4647 (LAP), 2021 WL 229967 (S.D.N.Y. Jan. 21, 2021) ....................................... 7

*Hitachi Data Sys. Credit Corp. v. Precision Discovery, Inc.*,
  331 F. Supp. 3d 130 (S.D.N.Y. 2018)....................................................................................... 10

*In re 680 Fifth Ave. Assocs.*,
  209 B.R. 314 (Bankr. S.D.N.Y. 1997) ...................................................................................... 11

*In re Amaranth Natural Gas Commodities Litigation*,
  587 F. Supp. 2d .......................................................................................................................... 4

*In re Bernard L. Madoff Inv. Sec. LLC*,
  12 F. 4th 171(2d Cir. 2021)....................................................................................................... 14

*In re Bernard L. Madoff Inv. Sec., LLC*,
  440 B.R. 243 (Bankr. S.D.N.Y. 2010) ................................................................................ 15, 18

*In re Bernard L. Madoff Inv. Sec. LLC*,
  525 B.R. 871 (Bankr. S.D.N.Y. 2015) ........................................................................................ 9

*In re Dreier LLP*,
  452 B.R. 391 (Bankr. S.D.N.Y. 2011) ...................................................................................... 17

*In re Fairfield Sentry Ltd.*,
  2018 WL 3756343 (Bankr. S.D.N.Y. Aug. 6, 2018) ................................................................... 8

*In re Geiger*,
  446 B.R. 670 (Bankr. E.D. Pa. 2010)........................................................................................ 12

*In re Lehman Bros. Holdings Inc.*,
  544 B.R. 16 (Bankr. S.D.N.Y. 2015) .......................................................................................... 9

*In re Palm Beach Fin. Partners, L.P.*,
  488 B.R. 758 (Bankr. S.D. Fla. 2013)....................................................................................... 14

*Int'l Controls Corp. v. Vesco*,
  556 F.2d 665 (2d Cir. 1977)...................................................................................................... 11

*Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*,
  No. 08-01789 (CGM), 2022 WL 3094092 (Bankr. S.D.N.Y. Aug. 3, 2022) .............................. 7

*Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*,
  No. 08-01789 (CGM), 2022 WL 3354955 (Bankr. S.D.N.Y. July 18, 2022)........................... 17

*Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*,
  No. 08-01789 (CGM), 2022 WL 3273044 (Bankr. S.D.N.Y. Aug. 10, 2022) ........................... 7

iv

*Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC, No. AP*,
08-01789 (SMB), 2020 WL 1584491 (Bankr. S.D.N.Y. Mar. 31, 2020) ................................. 16

*Isaiah v. JPMorgan Chase Bank*,
960 F.3d 1296 (11th Cir. 2020)................................................................................................ 14

*Licci v. Lebanese Canadian Bank*,
(732 F.3d 161 (2d Cir. 2013)...................................................................................................... 8

*Nycomed U.S. Inc. v. Glenmark Generics Ltd.*,
2010 WL 1257803 (E.D.N.Y. Mar. 26, 2010) ......................................................................... 11

*Ocean Units LLC v. Illinois Union Ins. Co.*,
528 F. Supp. 3d 99 (E.D.N.Y. 2021)........................................................................................ 10

*Pension Ben. Guar. Corp. v. Morgan Stanley Inv. Mgmt. Inc.*,
712 F.3d 705 (2d Cir. 2013)...................................................................................................... 14

*Picard v. ABN Ireland*,
2022 WL 1304589 (S.D.N.Y. May 2, 2022)............................................................................. 17

*Picard v. Bureau of Labor Insurance (In re BLMIS)*,
480 B.R. 501 (Bankr. S.D.N.Y. 2012) ....................................................................................... 5

*Picard v. Multi-Strategy Fund Ltd.*,
No. 22-cv-06502, 2022 WL 16647767 (S.D.N.Y. Nov. 3, 2022)............................................. 18

*Picard v. Multi-Strategy*,
641 B.R. 78 (Bankr. S.D.N.Y. 2022) ....................................................................................... 12

*Picard v. Stanley Shapiro (In re Bernard L. Madoff Inv. Secs. LLC)*,
542 B.R. 100 (Bankr. S.D.N.Y. 2015) ................................................................................ 13, 14

*Rothman v. Gregor*,
220 F.3d 81 (2d Cir. 2000)........................................................................................................ 12

*Sapia v. Home Box Off., Inc.*,
2018 WL 6985223 (S.D.N.Y. Dec. 17, 2018)........................................................................... 14

*SPV Osus Ltd. v. UBS AG*,
882 F.3d 333 (2d Cir. 2018)........................................................................................................ 7

*Steinberg v. A, Analyst Ltd.*,
2009 WL 838989 (S.D. Fla., Mar. 26, 2009) ............................................................................. 4

*Suber v. VVP Servs., LLC*,
2021 WL 4429237 (S.D.N.Y. Sept. 27, 2021)............................................................................ 4

*Tymoshenko v. Firtash*,
  2013 WL 1234943 (S.D.N.Y. Mar. 27, 2013) ............................................................................ 4

*United States v. Int'l Longshoremen's Ass'n*,
  518 F. Supp. 2d 422 (E.D.N.Y. 2007).................................................................................... 11

*Walden v. Fiore*,
  571 U.S. 277 (2014) ................................................................................................................. 6

*World-Wide Volkswagen Corp. v. Woodson*,
  444 U.S. 286............................................................................................................................. 6

## Statutes

11 U.S.C. § 546(e) ........................................................................................................................ 18

11 U.S.C. § 550............................................................................................................................. 2, 13

11 U.S.C. § 550(a) ........................................................................................................................ 2, 15

11 U.S.C. § 550(b) ........................................................................................................................ 16

15 U.S.C. § 78fff........................................................................................................................... 2, 15

## Rules

Fed. R. Civ. P. 12(b)(2)................................................................................................................. 1

Fed. R. Civ. P. 12(b)(6)................................................................................................................. 1

This Reply Memorandum of Law is respectfully submitted on behalf of Defendant LGT Bank (Switzerland) Ltd., as successor in interest to Dresdner Bank (Schweiz) AG ("LGT Switzerland") by counsel, in further support of its Motion to Dismiss the Amended Complaint (the "Amended Complaint" or "Am. Compl.") of Plaintiff Irving H. Picard, Trustee (the "Trustee") for the Liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS"), pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P." or "FRCP").

For the foregoing reasons and those set forth in LGT Switzerland's initial moving submission, the Amended Complaint should be dismissed in its entirety and with prejudice.[1]

## Reply Preliminary Statement

The Trustee's Opposition ("Opp.") is comprised of references to inapposite and unpersuasive case law and, at bottom, only reiterates the conclusory and flawed allegations in the Amended Complaint. Ultimately, the Amended Complaint fails to state a cognizable claim for several reasons:

*First,* as against LGT Switzerland, the Trustee fails to allege sufficient facts to demonstrate that LGT Switzerland "purposefully availed" itself in the forum state. In fact, the peripheral contacts alleged in the Amended Complaint do not establish that LGT Switzerland availed itself of jurisdiction in New York as it has been previously established that neither the forum selection clause in the subscription agreements, mere telecommunications with individuals in New York and/or the use of a New York bank account are sufficient to establish jurisdiction. Seemingly recognizing this damning reality, the Trustee doubles-down on his attempt to impart the contacts of a foreign third-party to establish jurisdiction over LGT Switzerland. Here too, however, the

---

[1]    All defined terms herein shall be ascribed the same meaning as in LGT Switzerland's initial moving submission (hereafter referred to as the "Moving Br.") [Dkt. 110].

Trustee's argument fails as a matter of law, as there is no plausible legal theory upon which this Court may find jurisdiction exists over LGT Switzerland based on a foreign third-party's contacts.

*Second,* the Trustee's Opp. does little to explain the failure to meet the pleading standards set forth in Rules 8(a) and 9(b). While the Trustee acknowledges that a pleading must contain a "short and plain statement" of relief, and that allegations of fraud require compliance with a heightened pleading standard, he nevertheless insists that the Amended Complaint, as pled, meets the requisite standards. As set forth in greater detail below, however, that is simply not the case, as the Trustee asks this Court for numerous leniencies to which is not entitled, such as: (i) permitting the improper wholesale incorporation of the Fairfield Amended Complaint, without specifying the relevant excerpts; (ii) accepting the incorporation of a pleading that has been superseded and thus rendered moot, and; (iii) taking judicial notice of a pleading that was not referenced in the original Complaint (*i.e.* the Fairfield Second Amended Complaint), without explaining why judicial notice is warranted or how the allegations contained therein can be squared with those in the Fairfield Amended Complaint. The Trustee has had over a decade to cure these pleadings defects, yet deliberately chose not to do so – instead, improperly placing the burden of sifting through all of its referenced allegations on both this Court and LGT Switzerland.

*Third,* rather than explain how the allegations in the Amended Complaint are sufficient to establish that the subsequent transfers were of customer property, the Trustee argues instead that it need not do so under the requisite pleading standard. Yet, as set forth in the Moving Br. and further explained below, the Trustee's conclusory allegations listing the transfers from BLMIS to Sentry, without any explanation as to the relevance of those transfers, is wholly insufficient to state a claim under 11 U.S.C. § 550. Without such necessary facts, the Trustee fails to state a claim under § 550(a) or § 78fff.

*Lastly,* the Amended Complaint must be dismissed as LGT Switzerland is protected by the good-faith defense. The Trustee does not contest that an affirmative defense, such as the good-faith defense, may provide the basis for dismissal where the facts establishing such a defense are apparent on the face of the pleading. Here, there are no allegations (nor could there be) that LGT Switzerland had knowledge of Madoff's scheme. Simply put, the Trustee may not conjure issues of fact to escape dismissal at the motion to dismiss stage where no such issues exist.

In light of the foregoing, the Amended Complaint should be dismissed in its entirety and with prejudice.

## Reply Argument

### I. This Court Lacks Jurisdiction Over LGT Switzerland as the Trustee Has Failed to Establish that LGT Switzerland Has Sufficient Contacts With New York.

In opposing LGT Switzerland's motion to dismiss for lack of personal jurisdiction, the Trustee contends that specific personal jurisdiction exists over LGT Switzerland because Dresdner Bank (Schwiez) AG's (LGT Switzerland's predecessor-in-interest)[2] investments in, and communications with, the Fairfield Funds constitute "purposeful availment" in New York.[3] *See* Opp., pp. 8-19. In support of this theory, the Trustee asserts that jurisdiction here is warranted because LGT Switzerland maintained the following contacts with the forum state: "(i) invested in Sentry with the knowledge and intention that its funds would be invested, managed, and custodied by BLMIS in New York; (ii) met and communicated with FGG personnel in New York regarding

---

[2]     As set forth in the Moving Br., Dresdner Schweiz and LGT Switzerland are, at times, referred to interchangeably. Defendant does not concede that any of the alleged facts support personal jurisdiction over LGT Switzerland or its predecessor, Dresdner Schweiz.

[3]     The Trustee does not contest the argument that this Court lacks general jurisdiction over LGT Switzerland. Accordingly, that point has been conceded. *See* Moving Br., p. 9; *see* Opp., *generally.*

its investments with New York based BLMIS through Sentry; (iii) agreed to New York jurisdiction, forum selection, service of process, and choice of law provisions related to its Sentry investments; and (iv) used the New York banking system to transact its investments with Sentry." *Id*. The foregoing allegations, however, are wholly insufficient to establish personal jurisdiction over LGT Switzerland for numerous, equally fatal, reasons.

*First*, the allegation that LGT Switzerland knew the funds it invested with Fairfield Sentry were being directed to New York, as pled, is plainly inadequate to establish personal jurisdiction over LGT Switzerland because it concerns Fairfield Sentry's contacts in the forum state with BLMIS, not LGT Switzerland's. The contacts of a third party cannot be attributed to a defendant as the basis to establish jurisdiction, as it is well settled that the "unilateral activity of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum . . . to justify an assertion of jurisdiction." *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417 (1984). In fact, this Court, and others similarly situated, have held that the investment of funds in New York is not a sufficient basis to establish jurisdiction. *See Steinberg v. A, Analyst Ltd.,2009 WL 838989 (S.D. Fla., Mar. 26, 2009)*, at *5 (finding lack of personal jurisdiction where the investor's sole contact with New York was to route money via wire transfer through New York bank); *In re Amaranth Natural Gas Commodities Litigation*, 587 F. Supp. 2d at 536-37 (finding lack of personal jurisdiction where company's sole contact with the forum was investment in foreign hedge fund managed by members in the forum state); *Suber v. VVP Servs., LLC,* 2021 WL 4429237, at *9 (S.D.N.Y. Sept. 27, 2021). Furthermore, a court may only attribute the jurisdictional contacts of an entity to its shareholder(s) under an alter ego or agency theory. *See Tymoshenko v. Firtash*, 2013 WL 1234943, at *4 (S.D.N.Y. Mar. 27, 2013)*; Cooper v. Parsky*, 1997 WL 242534, at *14 (S.D.N.Y.

4

Jan. 8, 1997) (internal citation omitted) ("Even a controlling shareholder will not be subject to personal jurisdiction unless the record justifies piercing the corporate veil").

Here, the Amended Complaint does not plead facts sufficient to find jurisdiction under an alter ego theory, as there are no facts to support a piercing of the corporate veil, a necessary component of such a theory. *See Cooper*, 1997 WL 242534, at \*14 (mere status as "a New York corporation's shareholder[]… does not justify piercing the corporate veil"). Nor are there any allegations suggesting facts that LGT Switzerland had any control at all over the investment activities of Fairfield Sentry or BLMIS, a necessary element of an agency theory. *See Charles Schwab Corp. v. Bank of Am. Corp.*, 883 F.3d 68, 85 (2d Cir. 2018) (requiring the alleged agent in New York to have acted "for the benefit of, with the knowledge and consent of, and under some control by, the nonresident principal"). In fact, the allegations in the Amended Complaint are clear that LGT Switzerland, as mere shareholders, did not control or direct Sentry's actions, nor could it LGT Switzerland's knowledge, therefore, is irrelevant as Fairfield Sentry actively directed the investments to New York, not LGT Switzerland. The Trustee's argument that LGT Switzerland bought shares in Sentry knowing that Sentry was investing in the New York-based BLMIS and, therefore, purposefully availed itself in the forum state fails as a matter of law as the Trustee does not, and cannot, establish that the investment of funds with a foreign third-party who directs those funds into New York results in the original investor's "purposeful availment" of the privileges of doing business in New York.

In an attempt to give some credence to an otherwise hollow argument, the Trustee relies on *Picard v. Bureau of Labor Insurance (In re BLMIS)*, 480 B.R. 501 (Bankr. S.D.N.Y. 2012) ("*BLI*") for the proposition that a subsequent transferee's investment in Sentry is sufficient to establish personal jurisdiction. Yet, the Trustee vastly overstates the relevance and effect of *BLI*

5

on this case, as the issues currently before this court were not directly briefed or decided in *BLI,* meaning *BLI* is not controlling law here. *See Brecht v. Abrahamson*, 507 U.S. 619, 630-31 (1993) (decision not precedent for issues not 'squarely addressed'). Furthermore, *BLI* has been superseded by the Supreme Court's decision in *Walden v. Fiore*, 571 U.S. 277 (2014), which clearly holds that mere knowledge or intent of a consequence in a forum state cannot, by itself, give rise to personal jurisdiction. Consistent with *Walden*, exerting personal jurisdiction over LGT Switzerland simply because of where Fairfield Sentry funds were ultimately invested would incorrectly shift the personal jurisdiction focus away from the place of defendant's "primary conduct" to wherever the effects of that conduct could conceivably be felt. *See id*. at 284 (rejecting "attempts to satisfy the defendant-focused 'minimum contacts' inquiry by demonstrating contacts between the plaintiff (or third parties) and the forum State."). Such a shift would undermine a defendant's ability to "'structure [its] primary conduct' to lessen or avoid exposure to a given State's courts." *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1025 (2021) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297. If the Trustee's theory of jurisdiction based upon its improper application of *BLI* were upheld, any investment that foreseeably found its way into a U.S. asset would confer personal jurisdiction. The Supreme Court has squarely rejected this idea, and there is no other precedent in support of the Trustee's argument.

*Second,* the Trustee's allegation that LGT Switzerland's communications with FGG personnel in New York with respect to their investments is similarly insufficient to establish jurisdiction as it is little more than an acknowledgement that LGT Switzerland does not have physical presence within the forum state. Instead, the Trustee insists that the email communications of three Dresdner Schweiz employees with FGG personnel are sufficient contacts to establish jurisdiction. It is well-settled, however, that a "handful of communications…are insufficient to

6

allow the exercise of specific personal jurisdiction" over a foreign defendant. *SPV Osus Ltd. v. UBS AG*, 882 F.3d 333, 345 (2d Cir. 2018); *see also* Moving Br., pp. 14-16 (collecting cases). Notably, the Trustee does not cite to any case that would support its position. By contrast, this Court has recently held that jurisdiction existed where the defendant maintained significantly more contacts with the forum state than alleged here. *See, e.g., Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, No. 08-01789 (CGM), 2022 WL 3094092, at *3 (Bankr. S.D.N.Y. Aug. 3, 2022) ("*Parson*") (wherein the Trustee alleged that the defendant maintained more than 95% of its fund in New York and conducted *regular* in-person meetings in New York with both FGG management and Madoff himself); *see also Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, No. 08-01789 (CGM), 2022 WL 3273044, at *4 (Bankr. S.D.N.Y. Aug. 10, 2022) ("*Meritz"*) (wherein the Court found minimum contacts existed to establish jurisdiction only after submission of additional evidence that the defendant "traveled to New York City to meet with Fairfield Sentry insiders about the investments that ultimately led to the subsequent transfers in question here."). Here, there are no such allegations, and the Trustee has failed to demonstrate how any of LGT Swtizerland's peripheral contacts with New York are sufficient to establish jurisdiction. *See Hillel v. Obvio Health USA, Inc.*, No. 20-CV-4647 (LAP), 2021 WL 229967, at *8 (S.D.N.Y. Jan. 21, 2021) (holding to establish personal jurisdiction, a plaintiff must allege "something more" than mere e-mail, phone calls, and online video communications with persons in the forum state).

*Third,* the use of a New York correspondent bank account is similarly insufficient to establish jurisdiction. In support of its argument, the Trustee alleges that a handful of redemption payments and requests for wire transfers from LGT Switzerland were made through Citco's New York HSBC account. Contrary to the Trustee's assertion, however, the mere use of a bank account by a foreign entity under a foreign contract does not confer jurisdiction. *See Hau Yin To v. HSBC*

7

*Holdings, PLC*, 2017 WL 816136, at \*6. (S.D.N.Y. Mar. 1, 2017), *aff'd*, 700 F. App'x 66 (2d Cir.

2017) (holding the court lacked personal jurisdiction over foreign defendants based solely on the

transmission of information and funds "to and from BLMIS . . . [as an] incidental consequence[] of

fulfilling a foreign contract"); *see also Hill v. HSBC Bank plc*, 207 F. Supp. 3d 333, 339-40

(S.D.N.Y. 2016) (finding transmission of information and funds to and from BLMIS to be

"incidental consequences of fulfilling a foreign contract...insufficient to 'project' the Foreign

Defendants into New York" and not amounting "to 'purposeful availment' of the laws of [the

forum]").[4]

    *Fourth,* the Trustee's reliance on the subscription agreements to establish jurisdiction, is

no more availing.  As previously set forth in the Moving Br., in *Fairfield I* this Court considered

– and rejected - the very argument made by the Trustee here. *In re Fairfield Sentry Ltd*., 2018 WL

3756343, at \*11-12 (Bankr. S.D.N.Y. Aug. 6, 2018) ("*Fairfield I*").   Specifically, in *Fairfield I*,

the Court held that the forum selection clause in the Fairfield subscription agreements did not apply

to recover a redemption payment from Fairfield Sentry on the basis that such a suit is not one "with

respect to" the subscription agreements, but rather related to Fairfield Sentry's Articles of

Association.  Notably, the Trustee does not address the Court's holding in *Fairfield I* in his Opp.

The reason for this is simple – *Fairfield I* plainly forecloses the Trustee from relying on the

Subscription Agreements a basis for jurisdiction.

---

[4]    The Trustee's reliance on *Licci v. Lebanese Canadian Bank*, (732 F.3d 161 (2d Cir. 2013) and *Off. Comm. Of Unsecured Creditor of Arcapita v. Bahrain Islamic Bank*, 549 B.R. 56, 69 (S.D.N.Y. 2016) is easily distinguishable because both of those cases involve banks that used accounts located in New York in furtherance of illegal activity. *See* Opp., pp. 12-13.  Here, there is no allegation that LGT Switzerland had knowledge of any illegal activity at the time of the subsequent transfers or that the use of the accounts was conducted in furtherance of any illegal activity.

*Fifth*, LGT Switzerland's filing of customer claims in the BLMIS Liquidation is wholly irrelevant to the jurisdictional issues at bar, as the customer claims could never have been adjudicated in this same action.  Moreover, as the Trustee's own evidence demonstrates, LGT Switzerland's customer claims did not concern any holding of shares of Fairfield Sentry or any other Fairfield Fund; rather the customer claims all relate to transactions for securities in Nomura International Plc and Rytz International Ltd SA. *See* Hunt Decl., Ex. 1.  While it is true that "[a]s a rule, filing a claim subjects the creditor to the equitable power of the bankruptcy court because it triggers the process of allowance and disallowance of claims," the Court has clarified that "the submission to personal jurisdiction is limited to litigation concerning the claims allowance process." *In re Bernard L. Madoff Inv. Sec. LLC*, 525 B.R. 871, 881 (Bankr. S.D.N.Y. 2015). Following this logic, in *In re Lehman Bros. Holdings Inc.*, 544 B.R. 16, 34 (Bankr. S.D.N.Y. 2015), the Court recently examined this same issue and held that because the defendant's "customer claims have been finally denied by the Trustee, and the disposition of the adversary proceeding will not affect their disallowed claims… the adversary proceeding does not implicate the claims allowance process;" therefore, the defendants "did not submit themselves to personal jurisdiction with respect to the Trustee's fraudulent transfer action by filing SIPA claims." Here, too, the customer claims at issue have no bearing on this proceeding. Accordingly, the Trustee's attempt to use the customer claims as a basis for personal jurisdiction is yet another red herring.

*Lastly,* the Trustee's request for jurisdictional discovery to cure its defective pleadings should not be granted, as the Trustee has had ample time and access to relevant records; yet has failed to do so.  This case has been going on for more than a decade, during which the Trustee has had full access to Madoff's records, the discovery produced from the Fairfield Funds, as well as

from many other parties.  As is evident from the exhibits attached to the Hunt Declaration, the

Trustee is already in possession of all of the records needed to assert its claim for jurisdiction.[5]

Permitting the Trustee to engage in jurisdictional discovery will only further delay this decade-old

proceeding and is highly unlikely to produce any further relevant information.

## II. The Amended Complaint Fails to Satisfactorily Plead the Avoidability of the Initial Transfers, and the Trustee Cannot Cure Its Fatal Pleading Defects Through Wholesale Incorporation by Reference of a Superseded Complaint.

The Trustee does not dispute that the allegations set forth in the Amended Complaint,

standing alone, are insufficient to state a claim for fraud under the heightened pleading standard

imposed by Rule 9(b).  Instead, the Trustee insists the Court must accept and incorporate the full

217-page complaint (the "Fairfield Amended Complaint") filed in *Picard v. Fairfield Sentry Ltd.*,

Adv. Pro. No. 09-01239 as if plead herein.  *See* Opp., pp. 19-21.  Yet, even if permitted, the

Trustee's wholesale incorporation of the Fairfield Amended Complaint is of no consequence, as

that pleading has been superseded by a second amended pleading and thus, rendered moot.

Furthermore, even if incorporation were permitted here to fill in the glaring holes of the Trustee's

Complaint, the manner in which the Trustee seeks to incorporate the Fairfield Amended Complaint

is wholly improper and cannot be permitted, as the Trustee makes no true attempt to designate the

---

[5]      In contrast with the Court's holding in *Fairfield Sentry Ltd. v. HSBC Sec. Servs. (Luxembourg) S.A.*, No. 21-CV-10316 (LAP), 2022 WL 3910679, at \*1 (S.D.N.Y. Aug. 31, 2022), wherein the Court granted jurisdictional discovery because it found the defendants likely possessed additional facts to establish jurisdiction, here, there is no allegation that LGT Switzerland is in possession of any additional facts that could give rise to personal jurisdiction. *See also Hitachi Data Sys. Credit Corp. v. Precision Discovery, Inc.,* 331 F. Supp. 3d 130, 147 (S.D.N.Y. 2018) (distinguishing *Kiobel*, and denying request for jurisdictional discovery because, in part, the party requesting discovery failed to explain "how discovery would permit it to support any such theory."); *see also Ocean Units LLC v. Illinois Union Ins. Co.*, 528 F. Supp. 3d 99, 103 (E.D.N.Y. 2021) (challenging *Ayyash* v. *Bank Al-Madina*, No. 04-cv-920, 2006 WL 587342 (S.D.N.Y. March 9, 2006)*,* in holding that jurisdictional discovery should be limited, as "discovery is not a substitute for a guess, or a hope, or the absence of knowledge…").

specific portions of the pleading that he wishes to incorporate, as required by both the Federal Rules and Second Circuit precedent.

As an initial matter, the Trustee does not contest that the Fairfield Amended Complaint – the pleading he seeks to incorporate in the Amended Complaint - has been superseded and thus, rendered moot. *See In re 680 Fifth Ave. Assocs.*, 209 B.R. 314, 323 (Bankr. S.D.N.Y. 1997) citing *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977) ("an amended complaint, after it has been properly served, supersedes the original and renders it of no legal effect."). The Trustee offers no explanation as to why it has failed to cure this fatal pleading defect, despite the fact that it has had more than a decade to do so. Rather, the Trustee cites a slew of cases for the proposition that incorporation of the Fairfield Amended Complaint is proper because it was filed in a related adversary proceeding (a point that LGT Switzerland does not contest) and not a "separate action." *See* Opp., pp. 19-21; *see also* Moving Br., p. 19.

In addition to the foregoing, the Trustee's failure to specify which portions of the Fairfield Amended Complaint it seeks to incorporate creates an undue burden on LGT Switzerland and this Court. In *United States v. Int'l Longshoremen's Ass'n*, 518 F. Supp. 2d 422, 461 (E.D.N.Y. 2007), the Court held that "references to prior allegations must be direct and explicit, in order to enable the responding party to ascertain the nature and extent of the incorporation." *See also Nycomed U.S. Inc. v. Glenmark Generics Ltd.*, 2010 WL 1257803, at *4 (E.D.N.Y. Mar. 26, 2010) ("[a]lthough there is no prescribed procedure for referring to incorporated matter, the references to prior allegations must be direct and explicit, in order to enable the responding party to ascertain the nature and extent of the incorporation.").

The cases cited by the Trustee further support LGT Switzerland's position. For example, in *In re Geiger* the court dismissed a complaint for improperly incorporating by reference other

11

pleadings and leaving "the Defendant and the Court—to sift through many pages of attached material trying to figure out which fact goes with which allegation." *In re Geiger*, 446 B.R. 670, 679–80 (Bankr. E.D. Pa. 2010). Similarly, in *Multi-Strategy,* incorporation by reference was permitted because the operative pleading specified which excerpts from the other complaint it wished to incorporate. *See Picard v. Multi-Strategy*, 641 B.R. 78, 91 (Bankr. S.D.N.Y. 2022); *see* Opp., p. 20. By contrast, here, the Trustee failed to specify which portions of the vast Fairfield Amended Complaint it seeks to incorporate, leaving both the Defendants and this Court to "sift through" to try to determine which allegations are relevant.

Further confusing the issue, the Trustee argues that the Court may take judicial notice of the Fairfield Second Amended Complaint. This argument, however, should be given no credence. The Trustee has failed to explain whether it now seeks to incorporate both the Fairfield Amended Complaint and the Fairfield Second Amended Complaint, or just the latter, creating additional headaches for both the Court and LGT Switzerland.[6] Judicial notice is not a cure-all for a litigant's failure to comply with the pleading requirements set forth in the FRCP. None of the cases upon which the Trustee relies support a finding to the contrary.[7]

---

[6]      In fact, in its Opp., the Trustee vacillates between references to the Fairfield Amended Complaint and the Second Fairfield Amended Complaint ("SAC"), leaving it entirely unclear which pleading he actually seeks to incorporate. *See* Opp., pp. 19-21.

[7]      In support of its argument that the Court should take judicial notice of the Second Amended Complaint, the Trustee relies upon *Fairfield Investment Fund.* However, there, the Court did not address whether wholesale incorporation of a superseded pleading comports with Rules 8(a) and/or 10(c). In fact, the Court cautioned that "[l]imited quotation from or reference to documents that may constitute relevant evidence in a case is not enough to incorporate those documents, wholesale, into the complaint." *DeMasi v. Benefico*, 567 F. Supp. 2d 449, 453 (S.D.N.Y. 2008) is irrelevant as the Trustee is seeking to incorporate a superseded pleading, not a decision in a prior lawsuit. Similarly, *Ferrari v. Cnty. of Suffolk*, 790 F. Supp. 2d 34, 38 n.4 (E.D.N.Y. 2011) bears no weight here because the "prior pleading" sought to be incorporated has been superseded and thus, rendered moot. Lastly, the Trustee's reliance on *Rothman v. Gregor*, 220 F.3d 81, 91–92 (2d Cir. 2000) is misplaced as, unlike in that case, here, the Trustee has not submitted a copy of the later-filed complaint to properly request that judicial notice be taken.

12

**III.     The Amended Complaint Fails to Plausibly Allege That the Subsequent Transfers Were of BLMIS Customer Property.**

The Trustee agrees that to successfully plead a claim under either § 550(a) or § 78fff, a plaintiff must ***plausibly*** plead facts showing that the subsequent transfer being challenged was estate property. While a "tracing analysis" or "dollar-for-dollar accounting" is not required, "barebones allegations" will not suffice.

In opposing LGT Switzerland's Motion, the Trustee simply reiterates the scarce, conclusory, allegations of the Amended Complaint and insists that the details alleged therein are sufficient to meet its pleading burden. Rather than attempt to explain how the calculations contained in the Amended Complaint are mathematically plausible, the Trustee, instead, shifts the focus away from its insufficient allegations by arguing that LGT Switzerland somehow seeks to change the Trustee's pleading burden. That is simply not the case.

In the Moving Br., LGT Switzerland relies upon *Shapiro* for the applicable legal standard. *See* Moving Br., pp. 30-31; *Picard v. Stanley Shapiro* (*In re Bernard L. Madoff Inv. Secs. LLC*), 542 B.R. 100, 119 (Bankr. S.D.N.Y. 2015) (to state a claim under 11 U.S.C. § 550, the Trustee "must allege facts that support the inference that the funds at issue originated with the BLMIS, and contain the 'necessary vital statistics'—the 'who, when, and how much' of the transfers to establish that an entity was a subsequent transferee of the funds"). While the Trustee's Opp. does not address the *Shapiro* standard, he nonetheless argues that LGT somehow attempted to improperly shift the pleading burden. Yet, LGT Switzerland never claimed that the pleading standard was changed, nor did LGT Switzerland argue that an exact accounting was necessary at this stage of the litigation, or that any commingling of funds would defeat the Trustee's claim. In fact, LGT Switzerland relied upon *Shapiro* because there, the court found that the Trustee's pleading "lack[ed] the vital statistics necessary to support a subsequent transfer

13

claim" because it failed to "tie any initial transfer to any subsequent transfer or Subsequent Transferee," and failed to "plausibly imply that the initial transferees even made subsequent transfers to the Subsequent Transferees as opposed to third parties, or that they made the subsequent transfers rather than simply keep the initial transfers for themselves." *Shapiro,* 542 B.R. 100 at119.  The *Shapiro* standard is echoed in both *Pension Ben. Guar. Corp. v. Morgan Stanley Inv. Mgmt. Inc*., 712 F.3d 705, 709, 723 (2d Cir. 2013) and *Sapia v. Home Box Off., Inc*., 2018 WL 6985223, at \*8 (S.D.N.Y. Dec. 17, 2018) which clarify the burden already in place – namely, that the Trustee must allege sufficient facts to state a claim and that it may not create issues of fact to avoid dismissal where the necessary facts to resolve such issues are all within its possession.  Tellingly, the Trustee does not address any of the foregoing cases. Instead, the Trustee relies primarily upon *Citibank*, 12 F. 4th 171, for the proposition that "the party seeking the protection of an affirmative defense has the burden to plead that defense." Opp., p. 27.  However, in that case, the Court held that while ordinarily "the defendant bears the burden of pleading this affirmative defense… The district court nevertheless concluded that "SIPA ... affects the burden of pleading good faith or its absence" ***and alters the traditional framework such that, in a SIPA liquidation, the trustee bears the burden of pleading the defendant's lack of good faith." In re Bernard L. Madoff Inv. Sec. LLC***, 12 F.4th 171, 184 (2d Cir. 2021), cert. denied sub nom. *Citibank, N.A. v. Picard*, 212 L. Ed. 2d 217, 142 S. Ct. 1209 (2022) (emphasis added).[8]

---

[8]     The remaining cases cited by the Trustee are irrelevant, as they are both out-of-circuit and merely reiterate the same inapposite position proffered by *Citibank*. *See* Opp., p. 27 citing *Isaiah v. JPMorgan Chase Bank*, 960 F.3d 1296 (11th Cir. 2020) and *In re Palm Beach Fin. Partners, L.P.*, 488 B.R. 758 (Bankr. S.D. Fla. 2013).

At bottom, the Amended Complaint fails to sufficiently tie the alleged initial transfers "to any subsequent transfer or Subsequent Transferee," as it merely lists transfers from BLMIS to Sentry without explaining how those transfers are related to the payment of any redemption request from LGT Switzerland.  Such conclusory allegations are wholly insufficient to survive dismissal.

In light of the Trustee's failure to plausibly allege the transfer of BLMIS property to the subsequent transferee, the Amended Complaint fails to state a claim under § 550(a) or §78fff and should therefore be dismissed in its entirety.

## IV.    The Good Faith Defense Provides for Dismissal of This Action, As the Applicability of the Defense is Apparent on the Face of the Amended Complaint.

The Trustee does not dispute that the good faith defense, if proven successful, would bar recovery of the subsequent transfers from LGT Switzerland.  Instead, the Trustee claims only that the assessment of such a defense is not warranted at this stage of the litigation because it is a "fact-driven" defense, requiring "factual analyses and a presentation of evidence."  Opp., pp. 31-33. Contrary to the Trustee's position, however, this Court has previously held that a litigant can "plead itself out of court by unintentionally alleging facts (taken as true) that establish an affirmative defense." *See In re Bernard L. Madoff Inv. Sec., LLC*, 440 B.R. 243, 255 (Bankr. S.D.N.Y. 2010).   That is precisely the case here.

Where, as here, the affirmative defense of good faith can be ascertained from the face of the pleadings, the complaint must be dismissed.  *See Gym Door Repairs, Inc. v. Young Equip. Sales, Inc.*, 206 F. Supp. 3d 869, 890 (S.D.N.Y. 2016) ("a complaint is subject to dismissal for failure to state a claim when an affirmative defense clearly appears on the face of the complaint."); *see also Gilmore v. Rivera*, 2014 WL 1998227, at *2 (S.D.N.Y. May 14, 2014) ("Dismissal under Fed. R. Civ. P. (12)(b)(6) is also proper if an affirmative defense, or other bar to relief, is apparent

15

from the face of the complaint."). As set forth in the Moving Br., the Trustee's allegations in the Fairfield Second Amended Complaint plainly establish that LGT Switzerland was a subsequent transferee who took (i) for value, (ii) in good faith, and (iii) without knowledge of the voidability of the transfer.

Regarding the first element, that the subsequent transferees take "for value," there is no question that the surrender of shares in exchange for cash constitutes an exchange "for value." *See Quilvest Finance Ltd. v. Fairfield Sentry ltd.*, Case Nos. HCVAP 2011/041-062; *see also Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, No. AP 08-01789 (SMB), 2020 WL 1584491, at *9 (Bankr. S.D.N.Y. Mar. 31, 2020) ("Surrendering equity interests constitutes value for purposes of section 550(b) because it is consideration sufficient to support a simple contract."). In opposing LGT Switzerland's motion, the Trustee argues that the determination of whether LGT Switzerland took for value is "inappropriate for a motion to dismiss barring highly unusual circumstances." *See* Opp., p. 33. This argument, however, is unavailing, as the Amended Complaint clearly alleges that the Trustee seeks recovery of transfers received by LGT Switzerland in exchange for the redemption of their equity interests as shareholders in the Fairfield Funds. Those allegations are sufficient to meet the "for value" requirement of 550(b). Furthermore, the question of whether the redemption of those shares is sufficient to meet the "value" requirement is a legal one that has already been resolved, not a factual one. *See Migani*, [2014] UKPC 9, ¶ 7 (holding an investor's surrender of Sentry shares upon redemption for cash gives good consideration to support the exchange).

Turning to the "good faith" and "without knowledge" elements, the Trustee again argues that those are factual issues which cannot be decided on a motion to dismiss and, further, that that the good-faith defense may only be granted at this stage in certain, limited, exceptions. Here, too,

the Trustee's argument is unavailing as the allegations in the Amended Complaint plainly establish that LGT Switzerland took in good faith and without knowledge of the underlying fraud.

The cases cited by the Trustee do not support a finding in his favor.  For example, in *Picard v. ABN Ireland*, 2022 WL 1304589, at *3–4 (S.D.N.Y. May 2, 2022) ("*ABN Ireland*") the Court simply held that the bankruptcy court's decision should be reversed because it was based on an outdated good-faith standard, and not because the good-faith defense, in general, could not be established on a motion to dismiss.[9]  Similarly, the Trustee relies on the opinions in *Banque Syz, First Gulf, Delta, ABN Ireland,* and *Merkin I* for the proposition that the affirmative defense of good faith could not be established at the motion to dismiss stage of the litigation; however, none of those cases are applicable here, as each such case involved pleadings with far more extensive allegations concerning the likelihood that the defendant had knowledge.  *See* Opp., pp. 31-33.  By way of specific example, in both *Banque Syz* and *First Gulf,* the Trustee argued that "[the defendant's] expertise in private banking and institutional asset management, as well as its substantial investments in the Madoff Feeder Funds, provided it access to information about the operations of BLMIS, and therefore [the defendant] knew or should have known of numerous irregularities concerning investing through BLMIS." *Picard v. Banque SYZ & Co., SA*, 2022 WL 2135019, at *11 (Bankr. S.D.N.Y. June 14, 2022); *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC,* No. 08-01789 (CGM), 2022 WL 3354955, at *11 (Bankr. S.D.N.Y. July 18, 2022)

---

[9]     In *In re Dreier LLP,* another case relied upon by the Trustee in similar cases, the court denied the defendant's motion to dismiss pursuant to good faith defense because the complaint there did not "contain allegations establishing good faith as a matter of law." *In re Dreier LLP*, 452 B.R. 391, 427 (Bankr. S.D.N.Y. 2011).  By contrast, here, the Trustee's own allegations in the Fairfield Second Amended Complaint, on its face, establish LGT Switzerland's good faith, as the allegations make clear that LGT Switzerland did not and could not have reasonably discovered the fraudulent purpose of the transfers. *See* Moving Br., p. 37.  The *In re Dreier* court acknowledged that "a complaint may be subject to dismissal under Rule 12(b)(6) when an affirmative defense ... appears on its face." *Id.*

("*First Gulf*").  Similarly, in *Merkin I*, the Trustee alleged far more specific facts demonstrating the defendant's likely knowledge of the underlying fraud, including, in particular, the defendant's "unusually close business and social relationship with Madoff" and possession of account statements that "reflected hundreds of trades exercised at prices outside the daily range possible for those securities" *Picard v. Merkin*, 440 B.R. 243, 252–53 (Bankr. S.D.N.Y. 2010).  Here, by contrast, there is no allegation suggesting that LGT Switzerland had, or could have had, any knowledge of the Madoff fraud.  *See* Am. Compl., *generally.* The Trustee seemingly recognizes this fact by arguing that discovery is necessary before the Court may dismiss the Complaint. However, as previously established, discovery is not warranted or justified where, as here, the pleading is subject to dismissal because the affirmative defense is present on the face of the pleadings.  *See Gilmore*, 2014 WL 1998227, at *2, *supra.*

## V.    LGT Switzerland Reserves Its § 546(e) Safe Harbor Defenses.

On November 3, 2022, Judge Rakoff entered an Opinion and Order denying interlocutory review of the Court's decisions on seven (7) similarly situated defendants' motions to dismiss based on the Bankruptcy Code § 546(e) safe harbor defense.  *See Picard v. Multi-Strategy Fund Ltd.,* No. 22-cv-06502, 2022 WL 16647767 (S.D.N.Y. Nov. 3, 2022).  While LGT Switzerland maintains its position that the bulk of the Trustee's claims are barred by the Safe Harbor defense, considering the foregoing, LGT Switzerland reserves its right to more fully assert this defense at a later date.

## Conclusion

For the foregoing reasons, the Court should dismiss the Amended Complaint in its entirety, and with prejudice.

Dated: December 21, 2022               Respectfully submitted,

**WUERSCH & GERING LLP**

*/s/ Gregory F. Hauser*
Gregory F. Hauser
Jascha D. Preuss
100 Wall Street, 10th Floor
New York, New York 10005
Telephone: (212) 509-5050
Gregory.Hauser@WG-Law.com
Jascha.Preuss@WG-Law.com
***Counsel for Defendant LGT Bank (Switzerland)***
***Ltd., as successor in interest to Dresdner Bank***
***(Schweiz) AG***