**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>        Plaintiff,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>        Defendant. | Adv. Pro. No. 08-01789 (CGM)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>        Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>        Plaintiff,<br><br>v.<br><br>FIRST GULF BANK,<br><br>        Defendant. | Adv. Pro. No. 11-02541 (CGM) |

## CASE MANAGEMENT PLAN

Plaintiff Irving H. Picard, as trustee (the "Trustee") for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC under the Securities Investor Protection Act, 15 U.S.C. § 78aaa-lll, and the estate of Bernard L. Madoff individually, by and through his undersigned counsel, and defendant First Gulf Bank, by and through its undersigned counsel ("Defendant" together with the Trustee, the "Parties," and each individually,

a "Party"), hereby submit the following Case Management Plan ("Plan") pursuant to Rules 16 and 26 of the Federal Rules of Civil Procedure (the "Federal Rules"), applicable under Rules 7016 and 7026 of the Federal Rules of Bankruptcy Procedure.

1. Relevant Procedural History.

    a. On August 18, 2011, the Trustee initiated the above-captioned adversary proceeding in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") by filing a complaint against First Gulf Bank. *Picard v. First Gulf Bank*, Adv. Pro. No. 11-02541, ECF No. 1.

    b. On March 17, 2022, First Gulf Bank filed a Motion to Dismiss. *Picard v. First Gulf Bank*, Adv. Pro. No. 11-02541, ECF No. 89.

    c. On June 18, 2022 the Motion to Dismiss was denied. *Picard v. First Gulf Bank*, Adv. Pro. No. 11-02541, ECF No. 99.

    d. On September 30, 2022, First Gulf Bank filed its Answer and Affirmative Defenses. *Picard v. First Gulf Bank*, Adv. Pro. No. 11-02541, ECF No. 103.

2. Fact Discovery Plan.

    a. Fact Discovery Cut-Off. All fact discovery is to be completed by January 31, 2025 (the "Discovery Cut-Off Date").

    b. Initial Disclosures. The Parties do not propose any changes in the form or requirements for disclosures under Federal Rule 26(a). The Parties agree that they shall serve Initial Disclosures as required under Federal Rule 26 on or before 45 days after the filing of this Plan.

    c. Subjects on Which Discovery May Be Needed. The Parties contemplate that fact and expert discovery will be needed on all asserted claims and defenses.

d. <u>Foreign Discovery</u>.  The Trustee anticipates the need for discovery located outside of the United States, including individuals and entities that may have been affiliated with Defendant. To obtain discovery from these individuals and entities, the Trustee will comply with the relevant discovery rules of the applicable jurisdiction, which may include the Hague Convention ("Convention") on the Taking of Evidence Abroad in Civil or Commercial Matters if such discovery is sought from an individual or entity resident in a country that is a signatory to the Convention, and/or any other internationally recognized means of obtaining cross-border discovery, including but not limited to, letters rogatory (collectively, "International Discovery"). To the extent the Parties avail themselves of International Discovery procedures, they will not be deemed to have waived, prejudiced, or otherwise altered their rights to conduct discovery under the Federal Rules, the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), or other applicable domestic rules.  To the extent that responses to International Discovery are not received by the Discovery Cut-Off Date, the Parties may seek intervention from the Court to seek reasonable extensions of the deadlines set forth herein.

e. <u>Form of Certain Discovery</u>.  The Trustee intends to utilize one or more electronic data rooms to affirmatively make available millions of documents related to the Trustee's claims. Consistent with previous orders entered by the Court, the Trustee may utilize these data rooms to discharge his obligations under Fed. R. Civ. P. 26, 33, and/or 34.

f. <u>Document Requests</u>.  Requests for documents may be served as required, provided they are served at least 60 days before the Fact Discovery Cut-Off Date.

g. <u>Interrogatories</u>.  The Parties may serve Interrogatories in accordance with the rules and limitations articulated in Local Rule 7033-1, provided they are served at least 60 days before the Fact Discovery Cut-Off Date.

h. <u>Requests for Admission</u>. The Parties may serve Requests for Admission as needed, provided they are served at least 60 days before the Fact Discovery Cut-Off Date.

i. <u>Limitations on Discovery</u>. Limitations on written discovery will be governed by the Federal Rules made applicable to this adversary proceeding by the Federal Rules of Bankruptcy Procedure, and the Local Rules. The Parties may agree on certain limitations or expansions on discovery or may file an application with the Court for good cause.

j. <u>Production of Privileged Materials</u>. The Parties acknowledge that the production of privileged or work product protected documents is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained in this paragraph is intended to or shall serve to limit a party's right to conduct a review of documents, including electronically stored information, for relevance, responsiveness, and/or privileged and/or protected status.

k. <u>Depositions</u>. All depositions of fact witnesses must be completed by the Discovery Cut-Off Date. Depositions shall proceed concurrently, with no party having priority. The Parties will endeavor to conclude the majority of depositions within the seven (7) hours provided by Federal Rule 30(d)(1), although the Parties (i) acknowledge that there may be certain depositions that cannot be concluded within this time limit and (ii) agree to extend the time limit to accommodate for the use of interpreters for witnesses that require them. The Parties will attempt in good faith to agree to reasonable extensions of the seven (7) hour time limit as appropriate and failing agreement either party may apply to the Court for an extension of this time limit.

To the extent the deposition of any fact witness raises common issues relevant to another avoidance or recovery action related to the above-captioned case (Adv. Pro. No. 08-01789 (CMG))

(the "Avoidance/Recovery Action(s)"), in which initial disclosures have been made and discovery is open, the Trustee shall coordinate such depositions with the witness and defendants in such Avoidance/Recovery Actions to maximize efficiency to the extent reasonably practicable. The Parties shall confer in good faith and shall provide notice of such depositions under the Federal Rules and provide notice of the date, time and location of any such depositions, to all relevant parties through the ECF system or other approved means which provide appropriate notice. Such depositions shall not prejudice or preclude the Trustee from additional depositions of such witness in Avoidance/Recovery Actions in which initial disclosures have not been made and discovery is not open and shall not reduce the number of depositions allowed under Federal Rule of Civil Procedure 30(a)(2)(A)(i). The Parties acknowledge that the number of people with knowledge may result in the need to conduct depositions that exceed the number set out in Federal Rule of Civil Procedure 30(a)(2)(A)(i). The Parties will attempt in good faith to agree to a number of additional depositions if a Party believes such additional depositions are needed and, failing agreement, either Party may apply to the Court for an adjustment to the number of depositions. Depositions of the Trustee are prohibited absent an order issued by this Court upon a showing of good cause.

All depositions of witnesses shall be conducted at the offices of Baker & Hostetler LLP, 45 Rockefeller Plaza, New York, NY 10111, the offices of Chalos & Co, P.C., 55 Hamilton Avenue, Oyster Bay, New York, 11771, or such other location as the Parties may agree and/or which is permitted or required under the Federal Rules of Bankruptcy Procedure, the Local Rules, and/or Foreign Discovery rules as outlined in Paragraph 2(d) above.

3. <u>Expert Discovery</u>. Within 30 days of the Fact Discovery Cut-Off Date, the Parties agree to meet and confer in good faith on the timing for completion of expert discovery. The Parties

further agree to submit a proposed Amended Case Management Plan that addresses Expert Discovery in this action prior to the Fact Discovery Cut-Off Date.

4. <u>Manner of Production of Discovery Materials</u>. The Parties may produce discovery, including initial disclosures, on a CD-ROM, in an electronic data room, or other similar electronic format. Given the volume of documentation that may be subject to disclosure in this matter, the Parties may produce a summary report, such as an expert report, and provide access to the underlying documentation on which the summary report relies in an electronic data room or other medium for review by the Parties. Information and documents produced or made available electronically shall:

    a. be text searchable;

    b. provide data and image load files necessary to review the documents on search platforms (e.g., Summation, Concordance, Relativity) upon request of either Party;

    c. provide any system-created or non-privileged captured objective metadata, such as date fields, author fields, custodian fields, path to native file, etc.;

    d. be organized, such as by date, custodian, or subject matter, as maintained in the ordinary course of business or (in the case of information obtained by the Trustee from third parties) as organized by the Trustee;

    e. provide additional formats of production, metadata, or native documents if requested by either Party.

The Parties shall meet and confer first in a good faith attempt to resolve any dispute, or thereafter comply with Local Rule 7007-1 to resolve the dispute.

5. <u>Confidentiality</u>. The Litigation Protective Order (ECF No. 4137) (the "LPO") entered in *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec., LLC (In re Bernard L. Madoff Inv. Sec., LLC)*,

Adv. Pro. No. 08-01789 (CGM) on June 6, 2011 is attached as Exhibit A to this Stipulation and Case Management Plan and shall govern the disclosure of confidential information in this proceeding.

6. <u>Proposed Modifications of Standard Pretrial Proceedings Due to the Special Nature of the Action</u>. Subject to the Parties' agreement to work cooperatively on discovery issues as set forth herein, the Parties do not presently believe that any such modifications are appropriate or necessary and will contact the Court if their belief in this regard changes.

7. <u>Prospects for Settlement, Including Whether a Settlement Conference Should Be Scheduled</u>. The Parties are willing to discuss settlement and will do so as this proceeding moves forward. They believe that it would be premature to schedule a settlement conference at this time.

8. <u>Discovery Arbitrator</u>. The Parties agree to the use of Discovery Arbitrator, Frank Maas, Esq., to resolve discovery disputes that they are unable to resolve by meeting and conferring, as referenced in the Order Appointing A Discovery Arbitrator Pursuant to Bankruptcy Rule 9019(c) and General Order M-390 (ECF No. 14227) entered in *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec., LLC (In re Bernard L. Madoff Inv. Sec., LLC)*, Adv. Pro. No. 08-01789 (CGM) on October 4, 2016.

9. <u>Trial</u>. The Parties propose that they will confer with each other and the Court at the conclusion of all discovery to schedule a final pretrial conference and trial date.[1]

10. <u>Parties and Counsel</u>. The following Parties join in this case management plan through their counsel.

---

[1] First Gulf Bank demands a trial by jury on all issues that may be tried by a jury and does not consent to entry of final orders or judgment by the Bankruptcy Court. The Trustee opposes the jury demand or any alteration of the Bankruptcy Court's authority.

Dated: December 27, 2022

Of Counsel:

**BAKER & HOSTETLER LLP**
811 Main Street, Suite 1100
Houston, Texas 77002-5018
Telephone: 713.751.1600
Facsimile: 713.751.1717
Dean D. Hunt Email:
dhunt@bakerlaw.com
Farrell A. Hochmuth Email:
fhochmuth@bakerlaw.com

**BAKER & HOSTETLER LLP**

*/s/ Dean D. Hunt*
45 Rockefeller Plaza
New York, New York 10111
Telephone: 212.589.4200
Facsimile: 212.589.4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Torello Calvani
Email: tcalvani@bakerlaw.com

*Attorney for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff*


*/s/ Briton P. Sparkman*
George M. Chalos, Esq.
Briton P. Sparkman, Esq.
55 Hamilton Avenue
Oyster Bay, New York 11771
Tel. No.: 516-714-4300
Email: bsparkman@chaloslaw.com

*Counsel for Defendant First Gulf Bank*


**Dated: December 28, 2022**
**Poughkeepsie, New York**



**/s/ Cecelia G. Morris**
_____
**Hon. Cecelia G. Morris**
**U.S. Bankruptcy Judge**