**CHALOS & CO., P.C.**
George M. Chalos
Briton P. Sparkman
55 Hamilton Avenue
Oyster Bay, NY 11771
Tel: 516-714-4300
Fax: 516-750-9051

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>    Plaintiff-Applicant,<br><br> v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>    Defendant. | Adv. Pro. No. 08-01789 (CGM)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>    Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff,<br><br>    Plaintiff,<br><br> v.<br><br>FIRST GULF BANK,<br><br>    Defendant. | Adv. Pro. No. 11-02541 (CGM) |

1

Defendant First Gulf Bank[1] ("FGB"), by its undersigned counsel, as and for its Answer to the Complaint of plaintiff Irving H. Picard (the "Trustee" or "Plaintiff"), Trustee for the liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS"), respectfully avers as follows:

## I.     NATURE OF THE ACTION[2]

1.     FGB states that the allegations of paragraph 1 of the Complaint set forth legal conclusions to which no response is required. To the extent a response is required, FGB denies the allegations of paragraph 1 of the Complaint, except admits that Plaintiff purports to bring this action as trustee for the liquidation of BLMIS and the substantively consolidated estate of Bernard L. Madoff ("Madoff") pursuant to the Securities Investor Protection Act ("SIPA"), 15 U.S.C. §§ 78aaa *et seq*.

2.     FGB denies knowledge or information sufficient to form a belief as to the allegations of paragraph 2 of the Complaint, except admits that the Complaint purports to recover approximately $11,532,393 in alleged subsequent transfers from FGB.

3.     FGB denies the allegations of paragraph 3 of the Complaint, except that it admits that it was established in 1979, headquartered in the Emirate of Abu Dhabi and that as part of its business is engaged in global market trading and activity.

---

[1] On March 30, 2017, pursuant to United Arab Emirates Commercial Companies Law, National Bank of Abu Dhabi PJSC ("NBAD") and First Gulf Bank PJSC ("FGB") merged and became First Abu Dhabi Bank PJSC ("FADB"). Pursuant to the merger, all rights, obligations, assets, and liabilities of FGB were assumed by FADB. For consistency, Defendant will continue to use "FGB" in this matter as that was the name of the Defendant at all relevant times of the allegations giving rise to this Complaint.

[2] FGB deems the section headings in the Complaint not to constitute allegations and therefore does not admit or deny any statements contained in any section heading.

## II. JURISDICTION AND VENUE

4. FGB states that the allegations of paragraph 4 of the Complaint set forth legal conclusions to which no response is required. To the extent that a response is required, FGB denies the allegations of paragraph 4 of the Complaint.

5. FGB states that the allegations of paragraph 5 of the Complaint set forth legal conclusions to which no response is required. To the extent that a response is required, FGB denies the allegations of paragraph 5 of the Complaint, except admits that a substantively consolidated SIPA case (No. 08-01789) is pending, and otherwise denies knowledge or information sufficient to form a belief as to where that case was originally brought.

6. FGB states that the allegations of paragraph 6 of the Complaint set forth legal conclusions to which no response is required. To the extent that a response is required, FGB denies the allegations of paragraph 6 of the Complaint, and further denies knowledge or information sufficient to form a belief as to the Trustee's "investigation", except that it admits that FGB: (i) entered into a subscription agreement, and refers to that agreement for its contents, and (ii) wired funds that passed through a bank in New York.

7. FGB denies the allegations of paragraph 7 of the Complaint.

8. FGB states that the allegations of paragraph 8 of the Complaint set forth legal conclusions to which no response is required. To the extent a response is required, FGB denies the allegations of paragraph 8 of the Complaint, and states that to the extent this proceeding is determined to be a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (F), or (G), the Bankruptcy Court lacks power to enter a final judgment. *See Secs. Investor Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC,* 490 B.R. 46, 49, 55, 58 (S.D.N.Y. 2013).

9. FGB states that the allegations of paragraph 9 of the Complaint set forth legal conclusions to which no response is required. To the extent a response is required, FGB denies the allegations of paragraph 9 of the Complaint.

### III. BACKGROUND

10. FGB denies knowledge or information sufficient to form a belief as to the allegations of paragraph 10 of the Complaint, and refers to the Amended Complaint filed by the Securities and Exchange Commission ("SEC") for its complete and accurate contents.

11. FGB denies knowledge or information sufficient to form a belief as to the allegations of paragraph 11 of the Complaint, and refers to the December 12, 2008 order issued by the Honorable Louis L. Stanton for its complete and accurate contents.

12. FGB denies knowledge or information sufficient to form a belief as to the allegations of paragraph 12 of the Complaint, and refers to the application filed by the Securities Investor Protection Corporation ("SIPC") for its complete and accurate contents.

13. FGB denies knowledge or information sufficient to form a belief as to the allegations of paragraph 13 of the Complaint, and refers to the order (and/or "Protective Decree") issued by Judge Stanton for its complete and accurate contents.

14. FGB denies knowledge or information sufficient to form a belief as to the allegations of paragraph 14 of the Complaint, and refers to the orders issued by the Bankruptcy Court on December 23, 2008 and February 4, 2009 for their complete and accurate contents.

15. FGB denies knowledge or information sufficient to form a belief as to the allegations of paragraph 15 of the Complaint, and refers to the transcript of the March 12, 2009 hearing for its complete and accurate contents.

16. FGB denies knowledge or information sufficient to form a belief as to the allegations of paragraph 16 of the Complaint, and refers to the plea allocution of Frank DiPascali for its complete and accurate contents.

## IV. TRUSTEE'S POWERS AND STANDING

17. FGB denies knowledge or information sufficient to form a belief as to the allegations of paragraph 17 of the Complaint, and states that the allegations concerning the Trustee's authority under SIPA and the Bankruptcy Code set forth legal conclusions to which no response is required. To the extent a response is required as to such allegations, FGB denies such allegations.

18. FGB states that the allegations of paragraph 18 of the Complaint set forth legal conclusions to which no response is required. To the extent a response is required, FGB denies the allegations of paragraph 18 of the Complaint.

19. FGB states that the allegations of paragraph 19 of the Complaint set forth legal conclusions to which no response is required. To the extent a response is required, FGB denies the allegations of paragraph 19 of the Complaint.

20. FGB states that the allegations of paragraph 20 of the Complaint set forth legal conclusions to which no response is required. To the extent a response is required, FGB denies the allegations of paragraph 20 of the Complaint.

## V. DEFENDANT

21. FGB admits the allegations of paragraph 21 of the Complaint, except that the bank is now First Abu Dhabi Bank PJSC, as set out in footnote 1, and the permanent corporate business address is FAB Building, Khalifa Business Park, Al Qurm District.

5

## VI. THE PONZI SCHEME

22. FGB denies knowledge or information sufficient to form a belief as to the allegations of paragraph 22 of the Complaint.

23. FGB denies knowledge or information sufficient to form a belief as to the allegations of paragraph 23 of the Complaint.

24. FGB denies knowledge or information sufficient to form a belief as to the allegations of paragraph 24 of the Complaint.

25. FGB denies knowledge or information sufficient to form a belief as to the allegations of paragraph 25 of the Complaint, and refers to the plea allocution of Madoff and the corresponding plea hearing transcript for their complete and accurate contents.

26. FGB denies knowledge or information sufficient to form a belief as to the allegations of paragraph 26 of the Complaint.

27. FGB denies knowledge or information sufficient to form a belief as to the allegations of paragraph 27 of the Complaint.

28. FGB denies knowledge or information sufficient to form a belief as to the allegations of paragraph 28 of the Complaint.

29. FGB denies knowledge or information sufficient to form a belief as to the allegations of paragraph 29 of the Complaint.

30. FGB denies knowledge or information sufficient to form a belief as to the allegations of paragraph 30 of the Complaint.

31. FGB denies knowledge or information sufficient to form a belief as to the allegations of paragraph 31 of the Complaint.

32.     FGB denies knowledge or information sufficient to form a belief as to the allegations of paragraph 32 of the Complaint.

## VII. THE TRANSFERS

33.     FGB denies the allegations of paragraph 33 of the Complaint, except admits that it received a transfer(s) from Fairfield Sentry Limited ("Fairfield Sentry") and denies knowledge or information sufficient to form a belief as to whether Fairfield Sentry maintained customer accounts with BLMIS.

### A. Initial Transfers from BLIMS to Fairfield Sentry

34.     FGB denies knowledge or information sufficient to form a belief as to the allegations of paragraph 34 of the Complaint, and refers to the docket in *Picard v. Fairfield Sentry, Ltd., et al.*, Adv. Pro No. 09-1239 (BRL) and to all documents filed therein for their complete and accurate contents.

35.     FGB denies knowledge or information sufficient to form a belief as to the allegations of paragraph 35 of the Complaint, except states that the allegations concerning whether certain transfers are "Customer Property" under SIPA, and whether certain transfers are avoidable or recoverable, set forth legal conclusions to which no response is required. To the extent a response is required as to such allegations, FGB denies such allegations.

36.     FGB denies knowledge or information sufficient to form a belief as to the allegations of paragraph 36 of the Complaint, and states that the allegations concerning whether certain transfers are "Customer Property" under SIPA, and whether certain transfers are avoidable or recoverable, set forth legal conclusions to which no response is required. To the extent a response is required as to such allegations, FGB denies such allegations.

7

37.     FGB denies knowledge or information sufficient to form a belief as to the allegations of paragraph 37 of the Complaint, and states that the allegations concerning whether certain transfers are "Customer Property" under SIPA, and whether certain transfers are avoidable or recoverable, set forth legal conclusions to which no response is required. To the extent a response is required as to such allegations, BLI denies such allegations.

38.     FGB denies the allegations of paragraph 38 of the Complaint, except admits that Exhibits B and C are attached to the Complaint and refers to those exhibits for their complete and accurate contents.

39.     FGB denies knowledge or information sufficient to form a belief as to the allegations of paragraph 39 of the Complaint, and refers to the "Settlement Agreement" and July 13, 2011 order referenced in this paragraph for their complete and accurate contents.

**B. Subsequent Transfers from Fairfield Sentry to Defendant FGB.**

40.     FGB states that the allegations of paragraph 40 of the Complaint set forth legal conclusions to which no response is required. To the extent a response is required, FGB denies the allegations of paragraph 40 of the Complaint, except admits that it received approximately $11,532,393 from Fairfield Sentry.

41.     FGB states that the allegations of paragraph 41 of the Complaint set forth legal conclusions to which no response is required. To the extent a response is required, FGB denies the allegations of paragraph 41 of the Complaint.

42.     FGB states that the allegations of paragraph 42 of the Complaint set forth legal and procedural conclusions to which no response is required. To the extent a response is required, FGB denies the allegations of paragraph 42 of the Complaint.

**COUNT ONE**
**RECOVERY OF SUBSEQUENT TRANSFERS –**
**11 U.S.C. §§550(a) AND 551**

43.     FGB incorporates and reasserts its responses to the allegations of all of the previous paragraphs of the Complaint as though set forth fully herein.

44.     FGB denies the allegations of paragraph 44 of the Complaint, except admits that it received approximately $11,532,393 from Fairfield Sentry.

45.     FGB denies the allegations of paragraph 45 of the Complaint.

46.     FGB denies the allegations of paragraph 46 of the Complaint.

47.     FGB denies the allegations of paragraph 47 of the Complaint.

**RESPONSE TO REQUEST FOR RELIEF**

FGB denies that the Trustee is entitled to his requested judgement in favor of the Trustee and against FGB.

**AFFIRMATIVE DEFENSES**

In the event that subsequent legal developments change the availability or nature of claims asserted by Plaintiff, FGB hereby preserves each and every defense at law, in equity, or otherwise, available under federal and state law, including common law. Further, FGB reserves the right to amend this Answer to assert other and further defenses, cross-claims, and/or third party claims when and if, in the course of investigation, discovery, or preparation for trial, it becomes appropriate to do so.

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim on which relief can be granted, and violates Fed. R.

9

Civ. P. 10(c), because instead of properly pleading the elements required for the avoidance of the Fairfield Sentry Initial Transfers, the Complaint: (1) improperly incorporates by reference a pleading from another action; (2) improperly incorporates an entire pleading, not the statements in a pleading; (3) improperly fails to specify the relevant allegations that are being incorporated, and; (4) improperly incorporates a pleading that has been superseded by a further amended complaint which removes numerous allegations and claims and has rendered the incorporated earlier pleading inoperative.

### THIRD AFFIRMATIVE DEFENSE

The Complaint fails to state a claim on which relief can be granted, and violates Fed. R. of Civ. P. Rule 8(a)(2), and principles enumerated in the United States Supreme Court's decisions in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), because, given its improper incorporation by reference of an entire pleading that has been superseded, and even if the incorporation by reference is found to be proper, it fails to identify the avoidable Fairfield Sentry Initial Transfers that form the basis for the Trustee's claim under 11 U.S.C. §§ 550 and 551, and/or fails to adequately allege the avoidability of such transfers.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims based on alleged "subsequent transfers" are barred because Plaintiff has not avoided, or adequately plead the avoidability of, any initial transfer within the meaning of 11 U.S.C. § 550(a).

### FIFTH AFFIRMATIVE DEFENSE

Even if any of the Fairfield Sentry Initial Transfers are avoided, none of the Fairfield Sentry Initial Transfers may be recovered from FGB under 11 U.S.C. 550(a), because FGB is not (a) an initial transferee of the Fairfield Sentry Initial Transfers, (b) an entity for whose benefit the

Fairfield Sentry Initial Transfers were made, or (c) a mediate or immediate transferee of the Fairfield Sentry Initial Transfers.

## SIXTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim for recovery under 15 U.S.C. § 78fff-2(c)(3) because Plaintiff has not plausibly alleged that FGB received transfers of BLMIS customer property, as the transfer from Fairfield Sentry to FGB is not traceable to the customer property transferred from BLMIS to Fairfield Sentry. Upon information and belief, the redemption payment FGB received from Fairfield Sentry was sourced from subscription payments made to Fairfield Sentry by Fairfield Sentry investors. FGB's redemption payment could not have come from BLMIS because any prior avoidable transfers from BLMIS to Fairfield Sentry had been distributed by Fairfield Sentry to other investors or Fairfield Sentry affiliates before the transfer to FGB.

## SEVENTH AFFIRMATIVE DEFENSE

The Trustee's claims are barred, in whole or in part, because none of the Fairfield Sentry Initial Transfers may be avoided, or recovered from FGB, under Sections 544, 548 and 550 of the Bankruptcy Code because Fairfield took the alleged transfers for value and in good faith, as provided by 11 U.S.C. § 548(c).

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by 11 U.S.C. § 550(b), because FGB received the transfer from Fairfield Sentry: for value, including but not limited to in satisfaction of the Fairfield Sentry shares FGB purchased; without knowledge of the voidability of the Fairfield Sentry Initial Transfers; and in good faith, with no knowledge of facts that would have put FGB on inquiry notice of any fraudulent purpose behind the Fairfield Sentry Initial Transfers. Moreover, in the event FGB is found to have had inquiry notice, a

11

diligent inquiry would not have led FGB to discover a fraudulent purpose behind the transfers. Other entities, including the United States Securities and Exchange Commission, with greater investigatory tools and resources than FGB, and with more access to BLMIS personnel and documentation than FGB, repeatedly examined and investigated BLMIS but failed to uncover Madoff's fraud before December 2008. FGB did not have the ability to compel the production of information from third parties that would have been necessary to establish that BLMIS was committing fraud. Diligent inquiry by FGB would not have discovered the fraudulent purpose of the transfer.

FGB did not have knowledge of the voidability of the transfers from BLMIS to Fairfield Sentry.

## NINTH AFFIRMATIVE DEFENSE

The Fairfield Sentry Initial Transfers may not be avoided, in whole or in part, because they were margin payments or settlement payments made by or to, or for the benefit of, a commodity broker, forward contract merchant, stockbroker, financial institution, financial participant, or securities clearing agency, in connection with a securities contract, commodity contract or forward contract made before the commencement of the action and were therefore not avoidable by the Trustee by reason of 11 U.S.C. § 546(e).

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the Fairfield Sentry Initial Transfers were taken without actual fraudulent intent and for fair consideration, as provided by section 278(2) of the New York Debtor and Creditor Law.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the Fairfield Sentry Initial Transfers were taken for fair consideration and without knowledge of the fraud, as provided by

section 278(1) of the New York Debtor and Creditor Law.

## TWELFTH AFFIRMATIVE DEFENSE

The claims against FGB are barred, in whole or in part, because the Trustee failed to plead all of the elements of fraudulent transfer under section 544 of the Bankruptcy Code and sections 273, 274, 275, 276, 276-a, 278 and/or 279 of the New York Debtor and Creditor Law with sufficient particularity and factual support.

## THIRTEENTH AFFIRMATIVE DEFENSE

The alleged transfers are not avoidable as against Fairfield, or recoverable from FGB, under the single satisfaction rule set forth in 11 U.S.C. § 550(d) because the Trustee has, on information and belief, recovered funds from other individuals and entities of funds purportedly transferred by Fairfield Sentry.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent Plaintiff lacks standing and/or capacity to assert claims against FGB.

## FIFTHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that any damages allegedly suffered were caused by the intervening act(s) or omission(s) of persons or entities other than FGB and said act(s) or omission(s) superseded any act or omission by FGB for which it might be considered liable.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because FGB's alleged conduct was not the cause of Plaintiff's injuries.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by any applicable statutes of limitation.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of waiver, equitable estoppel, unclean hands, laches, and other equitable defenses that may appear upon further discovery and investigation.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims should be dismissed if Plaintiff has recovered, or during the pendency of this action recovers, sufficient funds to reimburse SIPC for all payments that SIPC has made to satisfy allowed claims of BLMIS customers.

### TWENTIETH AFFIRMATIVE DEFENSE

The Trustee may not recover the transfer from Fairfield Sentry to FGB because he has not avoided the initial transfer from BLMIS to Fairfield Sentry, 11 U.S.C. §550(a)).

### TWENTY-FIRST AFFIRMATIVE DEFENSE

The Trustee may not rely on a "Ponzi scheme presumption" to prove that the initial transfer from BLMIS to Fairfield Sentry that he seeks to recover from FGB was made with actual intent to hinder, delay, or defraud any BLMIS creditor.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

The enforcement of relief against FGB, a victim of Madoff's fraud, is unconscionable and a violation of public policy.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, based upon rulings, judgments, orders, or decisions entered in the liquidation proceedings of Fairfield Sentry pending before the Commercial Division of the Eastern Caribbean High Court of Justice, British Virgin Islands, including any related appellate rulings, judgments, orders, or decisions.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because they are preempted by the Securities Litigation Uniform Standards Act, 15 U.S.C. § 78bb(f)(1).

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Any enforcement of relief against FGB, a victim of Madoff's fraud, is subject to the right of setoff under Section 502(h) of the Bankruptcy Code.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to an award of interest under 11 U.S.C. § 548.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

FGB adopts and incorporates by reference any and all other defenses asserted or to be asserted by any other defendant or party-in-interest to the extent that FGB may share in such defenses.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

The use of the doctrine of law of the case to apply to FGB rulings made in other adversary proceedings to which it was not a party and in which it did not participate violates FGB's right to due process of law as guaranteed by the Fifth Amendment to the U.S. Constitution.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred on the grounds that FGB reasonably and justifiably relied on the activities of industry groups, including SIPC, and governmental agencies and regulatory bodies, including the SEC and FINRA, to monitor and oversee the activities of BLMIS.

## THIRTEETH AFFIRMATIVE DEFENSE

FGB reserves the right to amend and/or supplement this Answer and/or the Affirmative Defenses herein.

## JURY DEMAND

FGB demands a trial by jury on all issues that may be tried by a jury.

## STATEMENT PURSUANT TO FED. R. BANKR. P. 7012(b)

FGB does not consent to entry of final orders or judgment by the Bankruptcy Court.

## REQUEST FOR RELIEF

WHEREFORE, FGB demands judgment dismissing the Complaint with prejudice, together with an award of attorneys' fees, costs, disbursements, and such other relief as the Court deems just and appropriate.

Dated: September 30, 2022
       New York, New York

Respectfully Submitted,

CHALOS & CO, P.C.

By: */s/ Briton P. Sparkman*
George M. Chalos, Esq.
Briton P. Sparkman, Esq.
55 Hamilton Avenue
Oyster Bay, New York 10006
Tel. No.: 516-714-4300
Email: bsparkman@chaloslaw.com

*Counsel for Defendant First Gulf Bank*