UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>        Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>        Defendant. | Adv. Pro. No. 08-01789 (CGM)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re<br><br>BERNARD L. MADOFF,<br><br>        Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff,<br><br>        Plaintiff,<br><br>v.<br><br>151797 CANADA INC.,<br><br>        Defendant. | Adv. Pro. No. 10-04631 (CGM) |

## JUDGMENT

**WHEREAS,** Irving H. Picard (the "Trustee") is the trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act ("SIPA"), 15 U.S.C. §§ 78aaa–*lll*, substantively consolidated with the liquidation under chapter 7 of 11 U.S.C. §§ 101–1532, of the estate of Bernard L. Madoff ("Madoff"), currently pending in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") as Adv. Pro. No. 08-01789 (CGM);

**WHEREAS**, the Trustee is duly qualified to serve and act on behalf of the consolidated estate of BLMIS and Madoff;

**WHEREAS**, on or about December 1, 2010, the Trustee commenced the above-captioned adversary proceeding (the "Adversary Proceeding") in the Bankruptcy Court, alleging, *inter alia*, that 151797 Canada Inc. (the "Defendant") received avoidable transfers in an amount aggregating $2,000,000 in connection with BLMIS Account No. 1FR028 within two years of December 11, 2008;

**WHEREAS**, on November 18, 2022, the Trustee filed a motion for summary judgment (the "Motion") against Defendant to recover the $2,000,000 in avoidable transfers, ECF Nos. 55–61;

**WHEREAS**, on November 30, 2022, the Trustee and Defendant agreed to extend Defendant's response deadline to the Motion from December 2, 2022 to December 16, 2022, with hearing on the Motion adjourned from December 14, 2022 to January 18, 2023, ECF No. 63;

**WHEREAS**, as of January 5, 2023, Defendant failed to respond to the Trustee's Motion.

**NOW THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED THAT:**

1. The Court has subject matter jurisdiction over this Adversary Proceeding under SIPA § 78eee(b)(4), 28 U.S.C. §1334, 157(a) & (b), and Order No. M10-450 (S.D.N.Y. July 10, 1984), as amended by Amended Standing Order of Reference No. M10-468, 12 Misc. 00032 (S.D.N.Y. Jan. 31, 2012);

2. The Court has personal jurisdiction over Defendant;

3. Madoff operated BLMIS as a Ponzi scheme;

4. The transfers of $2,000,000 to Defendant within two years of December 11, 2008 (the "Two-Year Transfers") consisted of fictitious profits because they were in

2

excess of the principal Defendant deposited with BLMIS;

5. The Two-Year Transfers were transfers of an interest of the debtor because the Two-Year Transfers originated from BLMIS's JPMorgan Accounts, and are "customer property" within the meaning of SIPA 78lll(4). The Two-Year Transfers must be returned to the Trustee pursuant to SIPA § 78fff-2(c)(3);

6. The Trustee is entitled to rely on the Ponzi scheme presumption and has demonstrated that the Two-Year Transfers were made with the actual intent to hinder, delay, or defraud creditors within the meaning of 11 U.S.C. §§ 548(a)(1)(A) and 550(a);

7. The Two-Year Transfers are avoided under 11 U.S.C. § 548(a)(1)(A) and recoverable from Defendant under 11 U.S.C. § 550;

8. The Trustee has standing to recover the Two-Year Transfers; and

9. The Trustee is entitled to prejudgment interest from December 11, 2008 through the date of this Judgment because the Trustee has spent over twelve years prosecuting this case and cannot be made whole without an award of prejudgment interest.

10. The Trustee is awarded prejudgment interest on the Two-Year Transfers pursuant to 28 U.S.C. § 1961(b), at the rate of 4% from December 11, 2008 through January 5, 2023.

11. Judgment is hereby entered in favor of the Trustee to recover from Defendant the total amount of $3,125,600.00 (the "Judgment Amount"), representing the sum of:

Account No. 1FR028 – 151797 Canada Inc.

| | |
|---|---|
| Avoidable Transfers | $2,000,000.00 |
| Pre-judgment interest on the Avoidable Transfers at the rate of 4%, from Dec. 11, 2008 through Jan. 5, 2023 | $1,125,600.00 |
| Total: | $3,125,600.00 |

12. The Clerk of Court shall enter this Judgment in favor of the Trustee and against Defendant for the Judgment Amount.



**Dated: January 9, 2023**
**Poughkeepsie, New York**

/s/ Cecelia G. Morris
_____
Hon. Cecelia G. Morris
U.S. Bankruptcy Judge