**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, New York 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864

*Attorneys for* ABN AMRO RETAINED NOMINEES (IOM) LIMITED, f/k/a ABN AMRO Fund Services (Isle of Man) Nominees, and f/k/a Fortis (Isle of Man) Nominees Limited

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br>Plaintiff-Applicant,<br>v.<br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br>Defendant. | Adv. Pro. No. 08-01789 (CGM)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br>BERNARD L. MADOFF,<br>Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff,<br>Plaintiff,<br>v.<br>ABN AMRO RETAINED NOMINEES (IOM) LIMITED, f/k/a ABN AMRO Fund Services (Isle of Man) Nominees, and f/k/a Fortis (Isle of Man) Nominees Limited, and PLATINUM ALL WEATHER FUND LIMITED,<br>Defendants. | Adv. Pro. No. 12-01697 (CGM) |

**DECLARATION OF BRYAN MICHAEL DARROCH IN SUPPORT OF ABN AMRO RETAINED NOMINEES (IOM) LIMITED'S MOTION TO DISMISS THE AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION**

I, Bryan Michael Darroch, hereby declare, pursuant to 28 U.S.C. § 1746:

1. I am a solicitor (now non-practising), qualified and enrolled in Scotland. I presently reside and work in the Isle of Man, and am the owner of a financial consultancy firm named Rroch Limited.

2. Between 2001 and 2011, I was employed within the Fortis Prime Fund Solutions group of companies. From 2004 through 2011, I held the position of Global Head of Legal Affairs at Fortis Prime Fund Solutions (IOM) Limited ("Fortis PFS IOM"), the latter being the parent entity to Fortis (Isle of Man) Nominees Limited ("IOM Nominees"). I am authorized to make this declaration on behalf of IOM Nominees and submit this declaration in support of its motion to dismiss the above-captioned action for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. The facts stated herein are true based on my own personal knowledge and my review of records maintained in the regular course of business by IOM Nominees.

3. Prior to 2010, Fortis PFS IOM was wholly and indirectly owned by Fortis Bank Nederland N.V. ("Fortis Bank"). In 2010, Fortis Bank merged with ABN AMRO Bank N.V., a Dutch bank. As a result of the merger, Fortis PFS IOM was renamed ABN AMRO Fund Services (IOM) Limited. IOM Nominees was renamed ABN AMRO Fund Services (Isle of Man) Nominees Limited. It is now named ABN AMRO Retained Nominees (IOM) Limited.

4. At the time of the events at issue in this litigation, IOM Nominees was a limited liability company that provided certain investor services, including custodial and nominee services, to international clients such as investment funds. IOM Nominees was, and in its present form continues to be, organized under the laws of the Isle of Man. At the time of the events at issue, its registered office was located at 18-20 North Quay, Douglas, Isle of Man IM99 1NR. Its current

registered office is located at First Floor, Jubilee Building, Victoria Street, Douglas, Isle of Man IM1 2SH.

5. IOM Nominees' operations are, and have always been, exclusively concentrated in the Isle of Man. It has never operated any branches or subsidiaries, nor had any other operations, anywhere in the United States.

6. At the time of the events at issue, IOM Nominees had no employees of its own; rather, it shared employees with Fortis PFS IOM. Fortis PFS IOM employed approximately 50 employees at this time, all of whom were based on the Isle of Man. Neither Fortis PFS IOM nor IOM Nominees had any employees in the United States at that time, neither has any employees in the United States now, and neither has ever had any employees in the United States. IOM Nominees earned nearly all of its revenue in 2007 and 2008 from sources outside of the United States.

7. With respect to the transfers at issue here, IOM Nominees merely acted in the role of a nominee in connection with investments made by certain customers: the Platinum All Weather Fund Limited; Seven Seas International Fund, Ltd.; and ABZ assetX World Selection Ltd. It also acted as the custodian to the ABZ fund at the time that fund redeemed its shares in Fairfield Sigma.

8. Each of those customers was the beneficial owner of the relevant shares in Fairfield Sentry and Fairfield Sigma. Accordingly, IOM Nominees had no power or authority to use any payments it received as the result of redemptions from Fairfield Sentry or Fairfield Sigma for its own purposes; rather, it received all such funds directly into segregated customer bank accounts and thereafter transferred them directly to those customers.

9. All actions taken by IOM Nominees with respect to the instant litigation occurred outside the United States. No employee of Fortis PFS IOM or IOM Nominees ever traveled to, or entered, the United States in connection with IOM Nominees' customers' investments in the Fairfield

3

Sentry or Fairfield Sigma funds.

10. The Subscription Agreements between Fairfield Sentry and IOM Nominees, on behalf of Platinum All Weather Fund Ltd., were executed by IOM Nominees within its offices in the Isle of Man.

11. Similarly, requests for redemptions were transmitted via fax from IOM Nominees' offices in the Isle of Man to the attention of the Dublin Branch of Citco Fund Services (Europe) BV, which I believe and aver acted as administrator of Fairfield Sentry.

12. IOM Nominees does not maintain, and has never maintained, any documents in the United States.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 10th day of January, 2023 in the Isle of Man.

Bryan Michael Darroch

4