**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue
New York, New York 10166
Tel.: (212) 351-4000
Marshall R. King
Gabriel Herrmann
Keith R. Martorana

*Attorneys for the UBS Defendants*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br> Plaintiff-Applicant, <br><br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br> Defendant. | Adv. Pro. No. 08-01789 (CGM) <br><br> SIPA Liquidation <br><br> (Substantively Consolidated) |
| In re: <br><br> BERNARD L. MADOFF, <br><br> Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff, <br><br> Plaintiff, <br><br> v. <br><br> UBS AG, UBS EUROPE SE (f/k/a UBS (LUXEMBOURG) SA), UBS FUND SERVICES (LUXEMBOURG) SA, UBS THIRD PARTY MANAGEMENT COMPANY SA, ACCESS INTERNATIONAL ADVISORS LLC, ACCESS INTERNATIONAL ADVISORS LTD., ACCESS MANAGEMENT LUXEMBOURG SA (f/k/a ACCESS INTERNATIONAL ADVISORS (LUXEMBOURG) SA) as represented by its Liquidator MAÎTRE FERNAND ENTRINGER, ACCESS PARTNERS SA as represented by its | Adv. Proc. No. 10-04285 (CGM) |

Liquidator MAÎTRE FERNAND ENTRINGER, PATRICK LITTAYE, CLAUDINE MAGON DE LA VILLEHUCHET (a/k/a CLAUDINE DE LA VILLEHUCHET) in her capacity as Executrix under the Will of THIERRY MAGON DE LA VILLEHUCHET (a/k/a RENE THIERRY DE LA VILLEHUCHET), CLAUDINE MAGON DE LA VILLEHUCHET (a/k/a CLAUDINE DE LA VILLEHUCHET) individually as the sole beneficiary under the Will of THIERRY MAGON DE LA VILLEHUCHET (a/k/a RENE THIERRY DE LA VILLEHUCHET), PIERRE DELANDMETER, THEODORE DUMBAULD, LUXALPHA SICAV as represented by its Liquidators MAÎTRE ALAIN RUKAVINA and PAUL LAPLUME, MAÎTRE ALAIN RUKAVINA AND PAUL LAPLUME, in their capacities as liquidators and representatives of LUXALPHA, GROUPEMENT FINANCIER LTD.,

Defendants.

**NOTICE OF UBS DEFENDANTS' MOTION FOR PARTIAL REARGUMENT OR RECONSIDERATION OF ORDER DENYING THEIR MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

PLEASE TAKE NOTICE that, upon Defendants UBS AG, UBS Europe (f/k/a UBS (Luxembourg) S.A.) ("*UBS Lux*" or "*UBS SA*"), UBS Fund Services (Luxembourg) S.A. ("*UBSFSL*"), and UBS Third Party Management Company S.A.'s ("*UBSTPM*") (collectively, "*UBS*" or the "*UBS Defendants*") *Motion for Partial Reargument or Reconsideration of the Order Denying Their Motion to Dismiss the Second Amended Complaint* (the "*Motion*"), and all prior pleadings and proceedings herein, the UBS Defendants hereby move this Court for an order, pursuant to Rules 59 and 60 of the Federal Rules of Civil Procedure, Rules 9023 and 9024 of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rule 9023-1, for partial reargument or reconsideration of the Court's *Order Denying the UBS Defendants' Motion to Dismiss the Second Amended Complaint*, entered on January 5, 2023, ECF No. 349, which

1

incorporated the Court's *Memorandum Decision Denying the UBS Defendants' Motion to Dismiss*, dated December 27, 2022, ECF No. 347.

PLEASE TAKE FURTHER NOTICE that, pursuant to Local Bankruptcy Rule 9023-1, no oral argument shall be heard unless the Court grants the motion and specifically orders that the matter be reargued orally.

PLEASE TAKE FURTHER NOTICE that, pursuant to Local Bankruptcy Rule 9006-1(b), any papers in opposition to the Motion must be filed on or before fourteen days from the date hereof.

PLEASE TAKE FURTHER NOTICE that, pursuant to Rule 7012(b) of the Federal Rules of Bankruptcy Procedure, the UBS Defendants do not consent to the entry of final orders or judgment by this Court.

Dated: January 19, 2023           Respectfully Submitted,
       New York, New York

**GIBSON, DUNN & CRUTCHER LLP**

*/s/ Marshall R. King*
Marshall R. King
Gabriel Herrmann
Keith R. Martorana

200 Park Avenue
New York, New York 10166
Tel.: (212) 351-4000
mking@gibsondunn.com
gherrmann@gibsondunn.com
kmartorana@gibsondunn.com

*Attorneys for the UBS Defendants*

106031179.1

2

**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue
New York, New York 10166
Tel.: (212) 351-4000
Marshall R. King
Gabriel Herrmann
Keith R. Martorana

*Attorneys for the UBS Defendants*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br> Plaintiff-Applicant, <br><br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br> Defendant. | Adv. Pro. No. 08-01789 (CGM) <br><br> SIPA Liquidation <br><br> (Substantively Consolidated) |
| In re: <br><br> BERNARD L. MADOFF, <br><br> Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff, <br><br> Plaintiff, <br><br> v. <br><br> UBS AG, UBS EUROPE SE (f/k/a UBS (LUXEMBOURG) SA), UBS FUND SERVICES (LUXEMBOURG) SA, UBS THIRD PARTY MANAGEMENT COMPANY SA, ACCESS INTERNATIONAL ADVISORS LLC, ACCESS INTERNATIONAL ADVISORS LTD., ACCESS MANAGEMENT LUXEMBOURG SA (f/k/a ACCESS INTERNATIONAL ADVISORS (LUXEMBOURG) SA) as represented by its Liquidator MAÎTRE FERNAND ENTRINGER, ACCESS PARTNERS SA as represented by its | Adv. Proc. No. 10-04285 (CGM) |

Liquidator MAÎTRE FERNAND ENTRINGER,
PATRICK LITTAYE, CLAUDINE MAGON DE
LA VILLEHUCHET (a/k/a CLAUDINE DE LA
VILLEHUCHET) in her capacity as Executrix
under the Will of THIERRY MAGON DE LA
VILLEHUCHET (a/k/a RENE THIERRY DE LA
VILLEHUCHET), CLAUDINE MAGON DE LA
VILLEHUCHET (a/k/a CLAUDINE DE LA
VILLEHUCHET) individually as the sole
beneficiary under the Will of THIERRY MAGON
DE LA VILLEHUCHET (a/k/a RENE THIERRY
DE LA VILLEHUCHET), PIERRE
DELANDMETER, THEODORE DUMBAULD,
LUXALPHA SICAV as represented by its
Liquidators MAÎTRE ALAIN RUKAVINA and
PAUL LAPLUME, MAÎTRE ALAIN RUKAVINA
AND PAUL LAPLUME, in their capacities as
liquidators and representatives of LUXALPHA,
GROUPEMENT FINANCIER LTD.,

Defendants.

**UBS DEFENDANTS' MOTION FOR PARTIAL REARGUMENT OR
RECONSIDERATION OF ORDER DENYING THEIR
MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

Defendants UBS AG, UBS Europe SE (f/k/a UBS (Luxembourg) S.A.) ("*UBS Lux*" or

"*UBS SA*"), UBS Fund Services (Luxembourg) S.A. ("*UBSFSL*"), and UBS Third Party

Management Company S.A. ("*UBSTPM*") (collectively, the "*UBS Defendants*") hereby move,

pursuant to Rules 59 and 60 of the Federal Rules of Civil Procedure (the "*Civil Rules*"), Rules

9023 and 9024 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), and Local

Bankruptcy Rule 9023-1, for partial reargument or reconsideration of the Court's *Order Denying*

*the UBS Defendants' Motion to Dismiss the Second Amended Complaint*, entered on January 5,

2023, ECF No. 349 (the "*Order*"), which incorporated the Court's *Memorandum Decision*

*Denying the UBS Defendants' Motion to Dismiss*, dated December 27, 2022, ECF No. 347 (the

"*Decision*").[1]  In support of their motion, the UBS Defendants respectfully represent as follows:

## PRELIMINARY STATEMENT

The UBS Defendants seek partial reargument or reconsideration of the Order based on two

discrete, narrow grounds:  the Court failed to consider the UBS Defendants' arguments that (1) the

Second Amended Complaint does not allege that UBS AG received *any* of the alleged subsequent

transfers, and (2) the allegations in the Second Amended Complaint regarding the existence of

certain alleged subsequent transfers of BLMIS customer property to the UBS Defendants are

mathematically *impossible*.  The Order and Decision lack any indication that the Court considered

these issues, despite their prominence in the UBS Defendants' briefs and at Oral Argument on the

motion to dismiss.  Accordingly, the UBS Defendants respectfully request that the Court grant

reargument or reconsideration of the Order, dismiss UBS AG as a defendant, and dismiss the

---

[1]  "*ECF No. __*" refers to Adv. Pro. No. 10-4285.  Defined terms in the UBS Defendants' moving brief, ECF No.
286 (cited here as "*Mem.*") are incorporated herein.  "*Opp.*" refers to the Trustee's opposition, ECF No. 307;
"*Reply*" refers to the UBS Defendants' reply brief, ECF No. 314; and "*Oral Arg. Tr.*" refers to the transcript of
the oral argument on the UBS Defendants' motion to dismiss, held on September 14, 2022 (the "*Oral Argument*"),
ECF No. 326.

Second Amended Complaint to the extent it seeks to recover alleged subsequent transfers in amounts that could not possibly have derived from any initial fraudulent transfer of customer property.

## **LEGAL STANDARD**

Civil Rule 59(e) (made applicable hereto by Bankruptcy Rule 9023) "does not provide specific grounds for amending or reconsidering" a bankruptcy court order, but "[t]he major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or *the need to correct a clear error or prevent manifest injustice*." *In re K.G. IM, LLC*, 620 B.R. 469, 477 (Bankr. S.D.N.Y. 2020) (emphasis added) (citation omitted). Reconsideration is warranted if "the court overlooked controlling decisions or factual matters that might materially have influenced its earlier decision." *In re Asia Glob. Crossing, Ltd.*, 332 B.R. 520, 524 (Bankr. S.D.N.Y. 2005) (citing *Anglo Am. Ins. Grp., P.L.C. v. CalFed Inc.*, 940 F. Supp. 554, 557 (S.D.N.Y. 1996)) (cleaned up).

Civil Rule 60(b) (made applicable hereto by Bankruptcy Rule 9024) provides for relief from a bankruptcy court order under a number of grounds, including "mistake, inadvertence, surprise, excusable neglect" or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (6).[2] "[A]ll orders of the bankruptcy court are subject to Rule 60." Fed. R. Bankr. P. 9024, advisory committee note. In particular, "the bankruptcy court has broad discretion to grant relief under subpart (6) when appropriate to accomplish justice." *In re K.G. IM, LLC*, 620 B.R. at 478 (citing *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004)) (cleaned up).

---

[2] "In the Second Circuit, the reference to 'mistake' in Rule 60(b)(1) has been held to include mistakes made by the court." *In re Old Carco LLC*, 423 B.R. 40, 45 (Bankr. S.D.N.Y. 2010), *aff'd*, 2010 WL 3566908 (S.D.N.Y. Sept. 14, 2010), *aff'd*, 420 F. App'x 89 (2d Cir. 2011) (citing *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 670 (2d Cir. 1977)).

Pursuant to Local Bankruptcy Rule 9023-1, a motion for reargument "must set forth concisely the matters or controlling decisions which counsel believes the Court has not considered." LBR 9023-1. "[T]he standards [of Civil Rules 59(e) and 60(b)] are the same as the local reargument rule." *In re Ampal-Am. Israel Corp.*, 2020 WL 5242956, at *2 n.1 (Bankr. S.D.N.Y. Sept. 1, 2020) (citing *In re Facebook, Inc. IPO Sec. & Derivative Litig.*, 43 F. Supp. 3d 369, 373 (S.D.N.Y. 2014) (discussing analogous Local District Court Rule 6.3), *aff'd*, 841 F.3d 122 (2d Cir. 2016)).

Reargument or reconsideration is warranted here to correct the Court's clear error in failing to consider that the Second Amended Complaint (1) contains no allegations that UBS AG received any subsequent transfers and (2) seeks to recover subsequent transfers of funds that, by the Trustee's own admission, could not possibly have derived from any allegedly fraudulent initial transfer.

**ARGUMENT**

I.  **The Court Did Not Consider the Trustee's Failure to Allege that UBS AG Received a Single Subsequent Transfer**

The Second Amended Complaint asserts a single count against the UBS Defendants: Count Seven for recovery of subsequent transfers. The Trustee must plead "the 'necessary vital statistics'—the 'who, when, and how much' of the transfers to establish that an entity was a subsequent transferee of the funds." *Picard v. Shapiro (In re Bernard L. Madoff Inv. Sec. LLC)*, 542 B.R. 100, 119 (Bankr. S.D.N.Y. 2015); *see* Reply at 18. Moreover, to establish specific personal jurisdiction, the Trustee must show that his claims "arise out of or relate to" each defendant's contacts with the United States, *Picard v. Multi-Strategy Fund Ltd. (In re Bernard L. Madoff Inv. Sec. LLC)*, 641 B.R. 78, 88–89 (Bankr. S.D.N.Y. 2022) (Morris, J.) (citation omitted), a showing that must be made "as to each claim"—i.e., each subsequent transfer—based on "suit-

related conduct that creates a substantial connection with" the forum. *Knight v. Standard Chartered Bank*, 531 F. Supp. 3d 755, 768 (S.D.N.Y. 2021) (citation omitted); *see* Reply at 2. As against UBS AG, however, the Trustee fails to allege that UBS AG ever received even a *single* subsequent transfer. Therefore, "[w]ithout such an allegation, the Trustee can neither state a claim to recover any subsequent transfers from UBS AG nor explain how any such non-existent transfers arise out of or relate to any jurisdictional contacts UBS AG had with the United States." Reply at 5.

In their moving papers, the UBS Defendants repeatedly identified the Trustee's failure to allege any transfer to UBS AG. *See*, *e.g.*, Mem. at 4 ("The SAC does not allege that UBS AG received any of these transfers."); *id.* at 14 ("Finally, and perhaps most critically, the SAC does not allege that UBS AG received even a *single* subsequent transfer at all . . . Surely, a subsequent-transfer claim must 'arise out of or relate to' the receipt by the defendant of a subsequent transfer— and, here, the Trustee does not allege that UBS AG received any subsequent transfers, let alone that it received such transfers as a result of activity directed at the United States."); *id.* at 37; Reply at 1, 5, 18–19. The UBS Defendants also focused on this pleading deficiency at Oral Argument. *See*, *e.g.*, Oral Arg. Tr. 43:22–25 ("[T]he claim that is being brought here is to recover subsequent transfers and there is no allegation that UBS AG ever received a subsequent transfer of money that originated at BLMIS."); *id.* 53:12–55:13; *id.* 121:20–122:4; *see also id.* 39:24–40:4 ("[T]he law requires that we focus on each of the Defendants individually to assess whether they have purposely availed themselves of the privilege of doing business in the United States and whether the claims in this case arise out of or relate to those contacts.").

Despite these arguments, the Order and Decision lack any indication that the Court considered the Trustee's failure to allege that UBS AG received a single subsequent transfer. At

page 33 of the Decision, the Court acknowledged the Trustee's obligation to "apprise[] [each defendant] of the subsequent transfers that the Trustee seeks to recover," and it then cited paragraph 333 of the SAC as supplying "the 'who, when, and how much' of the purported transfers."  Dec. at 33 (citing *Picard v. Cohmad Sec. Corp. (In re BLMIS)*, 454 B.R. 317, 340 (Bankr. S.D.N.Y. 2011)).  But the Court overlooked the fact that paragraph 333 **does not even mention UBS AG**, much less allege any date or amount of any alleged transfer to UBS AG.[3]

The Court's failure to address this issue in the Order and Decision is even more puzzling in light of the Court's focus on the pleading deficiency during Oral Argument:  "I need a question answered . . . and that is when, what, where of the money to UBS? . . .  And that's UBS AG that I'm asking . . .  I need you to clarify."  Oral Arg. Tr. 69:4–24.  The response from the Trustee's counsel failed to identify any "when, what, where" relating to UBS AG, and instead referenced only a conclusory allegation that the "UBS Defendants," collectively, received some transfers, without any specifics whatsoever about "when, what, where" UBS AG allegedly received.  *Id.* 70:6–15; SAC ¶ 332.  Such conclusory allegations fail to meet the pleading standard for apprising UBS AG of the subsequent transfers at issue.  *See* Reply at 18; Oral Arg. Tr. 71:13–21.

Accordingly, the UBS Defendants respectfully request that the Court grant reargument or reconsideration of the Order and dismiss the claims against UBS AG.

---

[3]   This omission is even more glaring because, in an earlier proposed complaint, the Trustee had included a specific allegation that "UBS AG received at least $4.2 million in recoverable Subsequent Transfers from 2004 through 2008," yet he deliberately *omitted* that allegation or anything similar in the SAC.  *Compare* Proposed Second Amended Complaint, ECF No. 210, ¶ 289(d), *with* SAC ¶ 333; *see* Reply at 18–19; Oral Arg. Tr. 54:5–55:8.

Elsewhere, the Decision states that "the Trustee alleges that UBS AG received a $4,000,000 wire from BLMIS, on behalf of Luxalpha," Dec. at 16 (citing SAC ¶ 294), but that mischaracterizes the Trustee's allegation.  The SAC in fact alleges that "BLMIS issued a $4,000,000 wire *to Luxalpha's account at UBS AG*," SAC ¶ 294 (emphasis added).  The allegation that *Luxalpha* received funds into its bank account at UBS AG does nothing to cure the Trustee's failure to allege that *UBS AG* received any subsequent transfers.  And the $4,000,000 wire plainly would not qualify as a subsequent transfer because it is, at best, an *initial* transfer directly from BLMIS, which is not the basis of the Trustee's claim against UBS AG.

**II.**  **The Court Did Not Consider that the Allegations in the
       Second Amended Complaint are Mathematically *Impossible***

The Court also failed to consider the UBS Defendants' argument that the allegations in the

SAC are mathematically *impossible*, not merely *implausible*.  *See*, *e.g.*, Mem. at 2, 36–40; Reply

at 16–18; Oral Arg. Tr. 53:4–11; 55:14–56:25; 121:7–17.[4]  Namely, the SAC alleges that UBS

Lux received "at least $32.8 million" in Subsequent Transfers for its services as Luxalpha's

custodian "from February 2004 to August 2006," SAC ¶ 333(a), yet according to Exhibit B of the

SAC, prior to August 2006, only $16.2 million was transferred to Luxalpha by BLMIS.  SAC Ex.

B at 1–6.  Therefore, even accepting the allegations of the SAC as true, UBS Lux *could not possibly*

*have received* any subsequent transfers of BLMIS customer property from Luxalpha totaling any

amount greater than $16.2 million during this period—meaning that at least $16.6 million of the

fees allegedly received by UBS Lux during that period—which the Trustee seeks to recover as

alleged subsequent transfers—cannot possibly be subsequent transfers of customer property

emanating from BLMIS.  Similarly, while the SAC alleges that the first initial transfer from

BLMIS to Luxalpha was made on April 1, 2004, *see* SAC Ex. B at 1, the SAC also alleges that

UBSFSL received "at least $2.5 million" from Luxalpha "from *February* 2004 to August 2006,"

SAC ¶ 333(b) (emphasis added); *see* Mem. at 39; Reply at 17 n.8.  By definition, no subsequent

transfers could have been made before the first alleged initial transfer (i.e., April 1, 2004).

However, the Court wrongly construed this as an argument that the Trustee should be required to

provide more detailed allegations about the subsequent transfers, *see* Dec. at 34 ("These allegations

---

[4]  To be clear, unlike in many of the Fairfield subsequent-transferee cases pending before this Court, the UBS
     Defendants are not asserting that the Trustee is impermissibly seeking to recover the value of initial transfers from
     multiple subsequent transferees, which will be remedied by limiting the Trustee to "a single satisfaction."  *See*,
     *e.g.*, *Picard v. Fairfield Inv. Fund Ltd. (In re Bernard L. Madoff Inv. Sec. LLC)*, 2021 WL 3477479, at *12 (Bankr.
     S.D.N.Y. Aug. 6, 2021) (Morris, J.).  Rather, the SAC establishes on its face that at least $16.6 million in alleged
     subsequent transfers to UBS Lux *cannot* be comprised of customer property.  *See* Reply at 17 n.9.

6

provide more than enough detail to apprise the Access Defendants [sic] of the subsequent transfers

the Trustee is seeking to collect."), and so failed even to engage with the argument that the

allegations in the SAC are mathematically impossible.    Therefore, the UBS Defendants

respectfully request that the Court grant reargument or reconsideration of the Order and dismiss

the Second Amended Complaint to the extent it seeks to recover (1) $16.6 million in subsequent

transfers that, by the Trustee's own admission, could not possibly constitute subsequent transfers

of funds derived from any allegedly fraudulent initial transfer of BLMIS customer property to

Luxalpha, and (2) any alleged "subsequent" transfers that preceded the first initial transfer to

Luxalpha.

## CONCLUSION

For all of the foregoing reasons, the UBS Defendants respectfully request that the Court

grant partial reargument or reconsideration of the Order denying their motion to dismiss the

Second Amended Complaint.


Dated: January 19, 2023                       Respectfully Submitted,
       New York, New York
                                              **GIBSON, DUNN & CRUTCHER LLP**

                                              _/s/ Marshall R. King_
                                              Marshall R. King
                                              Gabriel Herrmann
                                              Keith R. Martorana

                                              200 Park Avenue
                                              New York, New York 10166
                                              Tel.: (212) 351-4000
                                              mking@gibsondunn.com
                                              gherrmann@gibsondunn.com
                                              kmartorana@gibsondunn.com

                                              _Attorneys for the UBS Defendants_

106025571.5