**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and the Chapter 7 Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (CGM) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff, | Adv. Pro. No. 12-01048 (CGM) |
| Plaintiff, | |
| v. | |
| BANCO GENERAL S.A. and BG VALORES, S.A., f/k/a WALL STREET SECURITIES, S.A., | |
| Defendants. | |

**TRUSTEE'S MEMORANDUM OF LAW IN**
**OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................. 1

STATEMENT OF FACTS ...................................................................................................... 2

I.     THE PONZI SCHEME ................................................................................................. 2

II.    SENTRY ...................................................................................................................... 3

III.   DEFENDANTS' INVESTMENTS IN AND REDEMPTIONS FROM SENTRY .......... 3

IV.    THE FAIRFIELD SETTLEMENT ................................................................................ 4

ARGUMENT ........................................................................................................................ 4

I.     SECTION 546(E) DOES NOT BAR RECOVERY FROM DEFENDANTS .................. 4

A.     The Trustee Has Alleged Sentry's Actual Knowledge of Madoff's Fraud ....................... 5

B.     Section 546(e) Does Not Apply Independently to Recovery Actions ............................... 5

II.    THE TRUSTEE ADEQUATELY ALLEGES THAT DEFENDANTS
       RECEIVED BLMIS CUSTOMER PROPERTY UNDER SECTION 550(A) .................. 7

A.     The Trustee Plausibly Alleges that All of the Subsequent Transfers Defendants
       Received Contained Stolen BLMIS Customer Property ...................................................... 8

B.     Defendants' Tracing Arguments Fail at the Pleading Stage ............................................... 9

CONCLUSION .................................................................................................................... 14

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*45 John Lofts, LLC v. Meridian Cap. Grp. LLC (In re 45 John Lofts, LLC)*,
    599 B.R. 730 (Bankr. S.D.N.Y. 2019)............................................................8, 10, 11

*CNB Int'l, Inc. v. Kelleher (In re CNB Int'l, Inc.)*,
    393 B.R. 306 (Bankr. W.D.N.Y. 2008) ..........................................................9

*Dery v. United States (In re Bridge)*,
    90 B.R. 839 (E.D. Mich. 1988)........................................................................13

*Gowan v. Amaranth Advisors, LLC (In re Dreier LLP)*,
    Adv. Pro. Nos. 10-03493 (SMB) & 10-05447 (SMB), 2014 WL 47774
    (Bankr. S.D.N.Y. Jan. 3, 2014) .....................................................................12

*IBT Int'l, Inc. v. Northern (In re Int'l Admin. Servs., Inc.)*,
    408 F.3d 689 (11th Cir. 2005) .......................................................................13

*Kelley v. Westford Special Situations Master Fund, L.P.*,
    No. 19-Civ.-1073 (ECT) (KMM), 2020 WL 3077151 (D. Minn. June 10,
    2020) ...............................................................................................................10, 13

*Picard v. Banca Carige S.P.A.*,
    Adv. Pro. No. 11-02570 (CGM), 2022 WL 2387522 (Bankr. S.D.N.Y. June
    30, 2022) .........................................................................................................1, 7

*Picard v. Bank Julius Baer & Co.*,
    Adv. Pro. No. 11-02922 (CGM), 2022 WL 17726520 (Bankr. S.D.N.Y. Dec.
    15, 2022) .........................................................................................................2

*Picard v. Bank Vontobel AG*,
    Adv. Pro. No. 12-01202 (CGM), 2022 WL 17087560 (Bankr. S.D.N.Y. Nov.
    18, 2022) .........................................................................................................1, 5

*Picard v. Banque Cantonale Vaudoise*,
    Adv. Pro. No. 12-01694 (CGM), 2022 WL 2761044 (Bankr. S.D.N.Y. July
    14, 2022) .........................................................................................................7

*Picard v. Banque SYZ & Co.*,
    Adv. Pro. No. 11-02149 (CGM), 2022 WL 2135019 (Bankr. S.D.N.Y. June
    14, 2022) .........................................................................................................1, 7, 9

ii

*Picard v. Barclays Bank (Suisse) S.A.*,
    Adv. Pro. No. 11-02569 (CGM), 2022 WL 2799924 (Bankr. S.D.N.Y. July
    15, 2022) ....................................................................................................................7

*Picard v. BNP Paribas S.A.*,
    594 B.R. 167 (Bankr. S.D.N.Y. 2018) ....................................................................6

*Picard v. Bordier & Cie*,
    Adv. Pro. No. 12-01695 (CGM), 2022 WL 2390556 (Bankr. S.D.N.Y. June
    30, 2022) ....................................................................................................................7

*Picard v. Cathay Life Ins. Co.*,
    Adv. Pro. No. 11-02568 (CGM), 2022 WL 16626325 (Bankr. S.D.N.Y. Nov.
    1, 2022) ..........................................................................................................1, 6, 11

*Picard v. Charles Ellerin Rev. Tr.*,
    Adv. Pro. Nos. 10-04398 (BRL) & 10-05219 (BRL), 2012 WL 892514
    (Bankr. S.D.N.Y. Mar. 14, 2012).................................................................8, 10, 12

*Picard v. Citibank, N.A.*,
    12 F.4th 171 (2d Cir. 2021) ......................................................................................3

*Picard v. Cohmad Sec. Corp.*,
    454 B.R. 317 (Bankr. S.D.N.Y. 2011) ..................................................................13

*Picard v. Credit Suisse AG*
    Adv. Pro. No. 11-02925 (CGM), 2022 WL 17098676 (Bankr. S.D.N.Y. Nov.
    21, 2022) ................................................................................................................1, 2

*Picard v. Credit Suisse AG, as successor-in-interest to Clariden Leu AG and Bank
Leu AG*,
    Adv. Pro. No. 12-01676 (CGM), 2022 WL 17098739 (Bankr. S.D.N.Y. Nov.
    21, 2022) ....................................................................................................................2

*Picard v. Delta Nat'l Bank & Tr. Co.*,
    Adv. Pro. No. 11-02551 (CGM), 2022 WL 3365256 (Bankr. S.D.N.Y. Aug.
    12, 2022) ....................................................................................................................1

*Picard v. First Gulf Bank*,
    Adv. Pro. No. 11-02541 (CGM), 2022 WL 3354955 (Bankr. S.D.N.Y. July
    18, 2022) ................................................................................................................1, 7

*Picard v. Korea Exch. Bank*,
    Adv. Pro. No. 11-02572 (CGM), 2022 WL 4371908 (Bankr. S.D.N.Y. Sept.
    21, 2022) ..........................................................................................................1, 7, 11

*Picard v. Lloyds TSB Bank PLC*,
   Adv. Pro. No. 12-01207 (CGM), 2022 WL 2390551 (Bankr. S.D.N.Y. June
   30, 2022) ...................................................................................................................7

*Picard v. Lombard Odier & Cie SA*,
   Adv. Pro. No. 12-01693 (CGM), 2022 WL 2387523 (Bankr. S.D.N.Y. June
   30, 2022) ................................................................................................................1, 7

*Picard v. Meritz Fire & Marine Ins. Co.*,
   Adv. Pro. No. 11-02539 (CGM), 2022 WL 3273044 (Bankr. S.D.N.Y. Aug.
   10, 2022) ...................................................................................................................1

*Picard v. Merkin*,
   515 B.R. 117 (Bankr. S.D.N.Y. 2014)........................................................8, 11, 13

*Picard v. Merkin*,
   581 B.R. 370 (Bankr. S.D.N.Y. 2017) ...................................................................13

*Picard v. Multi-Strategy Fund Ltd.*,
   641 B.R. 78 (Bankr. S.D.N.Y. 2022) ............................................................. *passim*

*Picard v. Multi-Strategy Fund Ltd.*,
   No. 22-CV-06502 (JSR), 2022 WL 16647767 (S.D.N.Y. Nov. 3, 2022).........4, 6, 7

*Picard v. Parson Fin. Panama S.A.*,
   Adv. Pro. No. 11-02542 (CGM), 2022 WL 3094092 (Bankr. S.D.N.Y. Aug. 3,
   2022) ...................................................................................................................1, 10

*Picard v. Pub. Inst. for Soc. Sec.*,
   Adv. Pro. No. 12-01002 (CGM), 2022 WL 3458962 (Bankr. S.D.N.Y. Aug.
   17, 2022) ...................................................................................................................1

*Picard v. Shapiro*,
   542 B.R. 100 (Bankr. S.D.N.Y. 2015)....................................................................11

*Picard v. Standard Chartered Fin. Serv. (Lux.) S.A.*,
   Adv. Pro. No. 12-01565 (CGM), 2023 WL 118787 (Bankr. S.D.N.Y. Jan. 6,
   2023) .....................................................................................................................2, 6

*Picard v. UBS AG*,
   Adv. Pro. No. 10-04285 (CGM), 2022 WL 17968924 (Bankr. S.D.N.Y. Dec.
   27, 2022) ...................................................................................................................2

*Picard v. Union Sec. Inv. Tr. Co.*,
   Adv. Pro. No. 12-01211 (CGM), 2022 WL 3572509 (Bankr. S.D.N.Y. Aug.
   18, 2022) (amended) .................................................................................................1

*Sapia v. Home Box Off., Inc.*,
   No. 20-cv-02586 (CM), 2018 WL 6985223 (S.D.N.Y. Dec. 17, 2018) ................................11

*Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Madoff Sec.)*,
   No. 12-MC-115 (JSR), 2013 WL 1609154 (S.D.N.Y. Apr. 15, 2013)....................................6

*Silverman v. K.E.R.U. Realty Corp. (In re Allou Distribs., Inc.)*,
   379 B.R. 5 (Bankr. E.D.N.Y. 2007)......................................................................................8

*Southmark Corp. v. Schulte Roth & Zabel (In re Southmark Corp.)*,
   239 F.3d 365, 2000 WL 1741550 (5th Cir. Dec. 11, 2000)....................................................12

*Pension Benefit Guar. Corp. ex rel. St. Vincent Catholic Med. Ctrs. Ret. Plan v.
   Morgan Stanley Inv. Mgmt. Inc.*,
   712 F.3d 705 (2d Cir. 2013)................................................................................................11

*United States v. Henshaw*,
   388 F.3d 738 (10th Cir. 2004) .....................................................................................10, 12

**Statutes**

11 U.S.C. § 546(e) ....................................................................................... *passim*

11 U.S.C. § 548(a)(1)(A) ......................................................................................6

11 U.S.C. § 550(a) ......................................................................................2, 6, 7, 9

11 U.S.C. § 550(d) ......................................................................................9

15 U.S.C. §§ 78aaa-*lll*..............................................................................1

**Rules**

Federal Rule of Civil Procedure 8(a) .........................................................8

Federal Rule of Civil Procedure 12(b)(6) ..................................................6

Irving H. Picard, as trustee (the "Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa-*lll* ("SIPA"), and the chapter 7 estate of Bernard L. Madoff ("Madoff"), respectfully submits this memorandum of law in opposition to the motion to dismiss the complaint (the "Motion") filed by Defendants Banco General S.A. ("Banco General") and BG Valores S.A. ("BG Valores," and together with Banco General, the "Defendants").

## PRELIMINARY STATEMENT

As part of the Trustee's continuing efforts in this SIPA liquidation proceeding to recover BLMIS customer property that was stolen as part of Madoff's Ponzi scheme, this action seeks to recover at least $9,422,956 in subsequent transfers that Defendants received from Fairfield Sentry Limited ("Sentry"). For years, Defendants invested with and received transfers from BLMIS through Sentry—an investment fund created for the express purpose of funneling investors' money to BLMIS. Defendants argue that the Trustee's Complaint should be dismissed because the Section 546(e) safe harbor bars avoidance of the initial transfers from BLMIS to Sentry and because the Trustee fails to plausibly allege that Defendants received transfers of customer property. This Court has already rejected these arguments in numerous other subsequent transfer cases,[1] and for the reasons set forth below, Defendants' arguments likewise fail.

---

[1] *See, e.g., Picard v. Multi-Strategy Fund Ltd.*, 641 B.R. 78 (Bankr. S.D.N.Y. 2022) ("*Multi-Strategy I*"); *Picard v. Banque SYZ & Co.*, Adv. Pro. No. 11-02149 (CGM), 2022 WL 2135019 (Bankr. S.D.N.Y. June 14, 2022); *Picard v. Banca Carige S.P.A.*, Adv. Pro. No. 11-02570 (CGM), 2022 WL 2387522 (Bankr. S.D.N.Y. June 30, 2022); *Picard v. Lombard Odier & Cie SA*, Adv. Pro. No. 12-01693 (CGM), 2022 WL 2387523 (Bankr. S.D.N.Y. June 30, 2022); *Picard v. First Gulf Bank*, Adv. Pro. No. 11-02541 (CGM), 2022 WL 3354955 (Bankr. S.D.N.Y. July 18, 2022); *Picard v. Parson Fin. Panama S.A.*, Adv. Pro. No. 11-02542 (CGM), 2022 WL 3094092 (Bankr. S.D.N.Y. Aug. 3, 2022); *Picard v. Meritz Fire & Marine Ins. Co.*, Adv. Pro. No. 11-02539 (CGM), 2022 WL 3273044 (Bankr. S.D.N.Y. Aug. 10, 2022); *Picard v. Delta Nat'l Bank & Tr. Co.*, Adv. Pro. No. 11-02551 (CGM), 2022 WL 3365256 (Bankr. S.D.N.Y. Aug. 12, 2022); *Picard v. Pub. Inst. for Soc. Sec.*, Adv. Pro. No. 12-01002 (CGM), 2022 WL 3458962 (Bankr. S.D.N.Y. Aug. 17, 2022); *Picard v. Union Sec. Inv. Tr. Co.*, Adv. Pro. No. 12-01211 (CGM), 2022 WL 3572509 (Bankr. S.D.N.Y. Aug. 18, 2022) (amended); *Picard v. Korea Exch. Bank*, Adv. Pro. No. 11-02572 (CGM), 2022 WL 4371908 (Bankr. S.D.N.Y. Sept. 21, 2022); *Picard v. Cathay Life Ins. Co.*, Adv. Pro. No. 11-02568 (CGM), 2022 WL 16626325 (Bankr. S.D.N.Y. Nov. 1, 2022); *Picard v. Bank Vontobel AG*, Adv. Pro. No. 12-01202 (CGM), 2022 WL 17087560 (Bankr. S.D.N.Y. Nov. 18, 2022); *Picard v. Credit Suisse AG,* Adv. Pro. No. 11-02925 (CGM),

*First*, the Trustee has plausibly alleged Sentry's actual knowledge of Madoff's fraud. Therefore, under controlling law, the safe harbor for qualifying securities transactions under Section 546(e) is inapplicable and does not bar recovery from Defendants. Additionally, this Court and the District Court have held that subsequent transferees may not raise the Section 546(e) safe harbor on their own behalf.

*Second*, the Trustee has plausibly alleged that Defendants received customer property under Section 550(a) by outlining the relevant pathways through which customer property was transferred from BLMIS to Sentry and subsequently to Defendants. The Trustee has also alleged the necessary vital statistics (*i.e.*, the "who, when, and how much") for each subsequent transfer received by Defendants. Contrary to Defendants' argument, nothing more is required at this stage of the litigation.

For these reasons, as further detailed below, the Trustee respectfully requests that this Court deny Defendants' Motion.

## STATEMENT OF FACTS

### I.    THE PONZI SCHEME

Madoff founded and operated BLMIS until its collapse in 2008. Compl., *Picard v. Banco General S.A.*, Adv. Pro. No. 12-01048 (Bankr. S.D.N.Y. Feb. 9, 2012), ECF No. 1, ¶¶ 25, 33. BLMIS purportedly operated three principal business units: (i) a proprietary trading desk; (ii) a broker-dealer operation; and (iii) an investment advisory business (the "IA Business"). *Id.* ¶ 25. For its IA Business customers, BLMIS purportedly executed a split-strike conversion strategy,

---

2022 WL 17098676 (Bankr. S.D.N.Y. Nov. 21, 2022); *Picard v. Credit Suisse AG, as successor-in-interest to Clariden Leu AG and Bank Leu AG*, Adv. Pro. No. 12-01676 (CGM), 2022 WL 17098739 (Bankr. S.D.N.Y. Nov. 21, 2022); *Picard v. Bank Julius Baer & Co.*, Adv. Pro. No. 11-02922 (CGM), 2022 WL 17726520 (Bankr. S.D.N.Y. Dec. 15, 2022); *Picard v. UBS AG*, Adv. Pro. No. 10-04285 (CGM), 2022 WL 17968924 (Bankr. S.D.N.Y. Dec. 27, 2022); *Picard v. Standard Chartered Fin. Serv. (Lux.) S.A.*, Adv. Pro. No. 12-01565 (CGM), 2023 WL 118787 (Bankr. S.D.N.Y. Jan. 6, 2023).

which involved: (i) investing in a basket of common stocks from the S&P 100 Index; (ii) buying put options and selling call options to hedge against price changes in the underlying basket of stocks; and (iii) purchasing U.S. Treasury bills when the money was out of the market. *Id.* ¶¶ 26, 27. In reality, BLMIS operated a Ponzi scheme through its IA Business. *Id.* ¶ 30. On December 11, 2008, Madoff's fraud was publicly revealed, and he was arrested for criminal violations of federal securities laws, including securities fraud, investment adviser fraud, and mail and wire fraud. *Id.* ¶ 12.

## II.    SENTRY

The extensive financial damage Madoff caused was made possible by BLMIS "feeder funds"—large investment funds created for the express purpose of funneling investors' funds into BLMIS. *See Picard v. Citibank, N.A.*, 12 F.4th 171, 179 (2d Cir. 2021). Sentry was one such feeder fund, investing substantially all of its assets with BLMIS. Compl. ¶ 2; Am. Compl., *Picard v. Fairfield Sentry Ltd.*, Adv. Pro. No. 09-01239 (Bankr. S.D.N.Y. July 20, 2010), ECF No. 23 ("Fairfield Am. Compl."), ¶¶ 52, 318. Sentry was created, managed, and controlled by Fairfield Greenwich Group ("FGG"), a *de facto* partnership. Compl. ¶ 33; Fairfield Am. Compl. ¶¶ 35, 334-35, 338; Second Am. Compl., *Picard v. Fairfield Inv. Fund Ltd.*, Adv. Pro. No. 09-01239 (Bankr. S.D.N.Y. Aug. 28, 2020), ECF No. 286 ("Fairfield Second Am. Compl."), ¶¶ 11, 118-20.

## III.    DEFENDANTS' INVESTMENTS IN AND REDEMPTIONS FROM SENTRY

Defendant BG Valores invested with BLMIS through Sentry and received a total of $8,240,499 in redemption payments from Sentry. Compl. ¶ 43 & Ex. C. Defendant Banco General invested with BLMIS through Sentry and received a total of $1,182,457 in redemption payments from Sentry. *Id*. ¶ 45 & Ex. D.

## IV.    THE FAIRFIELD SETTLEMENT

Following BLMIS's collapse, the Trustee filed an adversary proceeding against Sentry and related defendants to avoid and recover fraudulent transfers of customer property in the amount of approximately $3 billion.  *See* Compl. ¶ 37; Fairfield Am. Compl. ¶¶ 28, 33, 536; Fairfield Second Am. Compl. ¶¶ 12-26.  In 2011, the Trustee settled with Sentry and others.  Compl. ¶ 42.  As part of the settlement, Sentry consented to a judgment in the amount of $3.054 billion but repaid only $70 million to the BLMIS customer property estate.  *Id.*  The Trustee then commenced a number of adversary proceedings against subsequent transferees like Defendants to recover the approximately $3 billion in stolen customer property.

## **ARGUMENT**

## I.    SECTION 546(E) DOES NOT BAR RECOVERY FROM DEFENDANTS

Defendants argue that the Complaint must be dismissed because the safe harbor in Section 546(e) bars the Trustee from avoiding initial transfers from BLMIS to Sentry made more than two years before the filing date in this SIPA liquidation proceeding.  Motion at 5-8.[2]  This argument has been repeatedly rejected by this Court, *see, e.g.*, *Multi-Strategy I*, 641 B.R. at 92-95, and now by the District Court.  On November 3, 2022, Judge Rakoff issued a decision denying interlocutory appeal of this Court's decisions denying seven motions to dismiss on the Section 546(e) issue, finding no reasonable grounds for disagreement as to the Bankruptcy Court's orders.  *Picard v. Multi-Strategy Fund Ltd.*, No. 22-CV-06502 (JSR), 2022 WL 16647767 (S.D.N.Y. Nov. 3, 2022) ("*Multi-Strategy II*").  These decisions are controlling here.  Defendants cannot distinguish them, nor do they even try.

---

[2] Defendants received many of the subsequent transfers at issue less than two years before the filing date, so even if Defendants were correct about the applicability of Section 546(e) (which they are not), the Complaint would not be dismissed in its entirety.  *See* Compl., Exs. C & D.

### A.    The Trustee Has Alleged Sentry's Actual Knowledge of Madoff's Fraud

Defendants mention some of the elements to establish the safe harbor affirmative defense under Section 546(e) and how they are allegedly met in this case with respect to initial transfers from BLMIS.[3]  Motion at 7-8.  But Defendants ignore the fact that these elements are irrelevant at the pleading stage because, as Defendants fail to address, this Court has previously held that the Trustee has sufficiently pleaded Sentry's actual knowledge of Madoff's fraud.  *See Picard v. Fairfield Inv. Fund Ltd.*, Adv. Pro. No. 09-01239 (CGM), 2021 WL 3477479, at *4-5, *7 (Bankr. S.D.N.Y. Aug. 6, 2021); *see also, e.g.*, *Multi-Strategy I*, 641 B.R. at 92-93 (citing *Fairfield Inv. Fund*, 2021 WL 3477479, at *4).  As such, Section 546(e) does not bar the avoidance of initial transfers made to Sentry, and those transfers may be recovered from Defendants regardless of whether Sentry or either Defendant qualifies as financial institutions, their agreements qualify as securities contracts, or their transfers qualify as settlement payments.

### B.    Section 546(e) Does Not Apply Independently to Recovery Actions

Defendants also fail to address this Court's and the District Court's holdings precluding subsequent transferees from raising the Section 546(e) safe harbor on their own behalf.  As this Court recently held, defendants "[are] not permitted to raise the safe harbor defense on [their] own behalf as . . . subsequent transferee[s]" and the Section 546(e) "safe harbor is not applicable to subsequent transfers."  *Multi-Strategy I*, 641 B.R. at 94-95; *see also, e.g.*, *Bank Vontobel*, 2022 WL 17087560, at *9-10 (same).

---

[3] In particular, Defendants do not argue that any transfer involved a qualifying participant for purposes of Section 546(e).  *See* Motion at 1, 5-8.  To the extent that Defendants make this argument on reply, the Trustee does not concede that any transferor or transferee is a qualifying financial institution or participant.  In addition, the Trustee does not concede that any agreements or transfers between Sentry and Defendants are relevant for purposes of Section 546(e), or that the initial transfers were "in connection with" the subscription agreements with Defendants or "for the benefit of" Defendants.

By its plain language, Section 546(e) applies to the avoidance of initial transfers, not the recovery of subsequent transfers under Section 550. *See* 11 U.S.C. § 546(e) ("Notwithstanding sections 544, 545, 547, 548(a)(1)(B), and 548(b) of this title, the trustee may not avoid a transfer . . . except under section 548(a)(1)(A) of this title."). This statutory reading has been confirmed repeatedly by this Court as well as the District Court. *See, e.g.*, *Picard v. BNP Paribas S.A.*, 594 B.R. 167, 197 (Bankr. S.D.N.Y. 2018) ("The Trustee does not . . . 'avoid' the subsequent transfer; he recovers the value of the avoided initial transfer from the subsequent transferee under 11 U.S.C. § 550(a), and the safe harbor does not refer to the recovery claims under section 550."); *see also Multi-Strategy II*, 2022 WL 16647767, at *5 (confirming this Court's finding that "by its terms, the Section 546(e) safe harbor is a defense to the avoidance of the <u>initial</u> transfer") (cleaned up).

In *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Madoff Sec.)*, No. 12-MC-115 (JSR), 2013 WL 1609154, at *10 (S.D.N.Y. Apr. 15, 2013) ("*Cohmad*"), the District Court held that an initial transferee's actual knowledge of Madoff's fraud precludes application of the safe harbor, thereby allowing the Trustee to avoid transfers made by BLMIS prior to the two-year period referenced in Section 548(a)(1)(A). In *Multi-Strategy II*, the District Court confirmed this holding, explaining that the Section 546(e) safe harbor "did not apply to transfers from Madoff Securities to customers that were in on the fraud" and that "*Cohmad*'s holding in this respect concerned Madoff Securities' 'initial transferees.'" 2022 WL 16647767, at *3 (citing *Cohmad*, 2013 WL 1609154, at *3-6). Subsequent decisions of this Court have applied this rule. *See, e.g.*, *Standard Chartered*, 2023 WL 118787, at *9 ("This Court has already determined that the Fairfield Complaint contains sufficient allegations of Fairfield Sentry's actual knowledge to defeat the safe harbor defense on a Rule 12(b)(6) motion.") (citing *Fairfield Inv. Fund*, 2021 WL 3477479, at *4); *Cathay Life*, 2022 WL 16626325, at *9-10 (holding that allegations of Sentry's actual knowledge

6

of BLMIS's fraud defeated the subsequent transferee's invocation of the Section 546(e) safe

harbor).

Defendants ignore the *Cohmad* and *Multi-Strategy II* decisions, and do not even attempt to

reconcile their argument with this Court's numerous applications of these decisions. In any event,

subsequent transferees like Defendants cannot assert Section 546(e) protections where the Trustee

has adequately pleaded Sentry's actual knowledge, as here. *See Multi-Strategy II*, 2022 WL

16647767, at *6 (Defendants' "lack of knowledge of Madoff's fraud cannot render unavoidable

the otherwise avoidable initial transfer from Madoff Securities to Fairfield.").

## II.    THE TRUSTEE ADEQUATELY ALLEGES THAT DEFENDANTS RECEIVED BLMIS CUSTOMER PROPERTY UNDER SECTION 550(A)

The Trustee's Complaint states a claim for recovery under Section 550(a)(2) by plausibly

alleging that Defendants received subsequent transfers of stolen BLMIS customer property from

Sentry. Defendants argue that the Complaint falls short because the Trustee's aggregated claims

to recover subsequent transfers made by Sentry across all adversary proceedings exceed the total

amount Sentry received in initial transfers and because the Complaint does not tie or link the

subsequent transfers to specific initial transfers. Motion at 9-11. But this Court has repeatedly

rejected these arguments, finding that the Trustee has alleged the "vital statistics" of the subsequent

transfers and Defendants' fact-based tracing arguments were premature.[4]

---

[4] *See, e.g.*, *Multi-Strategy I*, 641 B.R. at 90-91; *First Gulf Bank*, 2022 WL 3354955, at *6; *Picard v. Barclays Bank (Suisse) S.A.,* Adv. Pro. No. 11-02569 (CGM), 2022 WL 2799924, at *3-5 (Bankr. S.D.N.Y. July 15, 2022); *Picard v. Banque Cantonale Vaudoise*, Adv. Pro. No. 12-01694 (CGM), 2022 WL 2761044, at *3, *6 (Bankr. S.D.N.Y. July 14, 2022); *Lombard Odier*, 2022 WL 2387523, at *6, *10-11; *Picard v. Bordier & Cie*, Adv. Pro. No. 12-01695 (CGM), 2022 WL 2390556, at *3, *6-7 (Bankr. S.D.N.Y. June 30, 2022); *Banca Carige*, 2022 WL 2387522, at *6-8; *Picard v. Lloyds TSB Bank PLC*, Adv. Pro. No. 12-01207 (CGM), 2022 WL 2390551, at *3, *6-7 (Bankr. S.D.N.Y. June 30, 2022); *Banque SYZ*, 2022 WL 2135019, at *7, *11-12; *Korea Exch. Bank*, 2022 WL 4371908, at *6-7, *10-11.

A.     **The Trustee Plausibly Alleges that All of the Subsequent Transfers Defendants Received Contained Stolen BLMIS Customer Property**

To meet his pleading burden under Rule 8(a) for a subsequent transfer claim, the Trustee must allege facts that support an inference "that the funds at issue originated with the debtor." *Picard v. Merkin*, 515 B.R. 117, 149-50 (Bankr. S.D.N.Y. 2014) ("*Merkin II*") (quoting *Silverman v. K.E.R.U. Realty Corp.* (*In re Allou Distribs., Inc.*), 379 B.R. 5, 32 (Bankr. E.D.N.Y. 2007)). No tracing analysis is required, as the pleading burden "is not so onerous as to require 'dollar-for-dollar accounting' of 'the exact funds' at issue." *See id.* at 150 (quoting *Picard v. Charles Ellerin Rev. Tr.*, Adv. Pro. Nos. 10-04398 (BRL) & 10-05219 (BRL), 2012 WL 892514, at *3 (Bankr. S.D.N.Y. Mar. 14, 2012)). Rather, "the Trustee need only allege sufficient facts to show the relevant pathways through which the funds were transferred from BLMIS to [the subsequent transferee]." *Charles Ellerin Rev. Tr.*, 2012 WL 892514, at *3; *accord 45 John Lofts, LLC v. Meridian Cap. Grp. LLC (In re 45 John Lofts, LLC)*, 599 B.R. 730, 747 (Bankr. S.D.N.Y. 2019) (same). In addition, the Trustee must allege "the 'necessary vital statistics—the who, when, and how much' of the purported transfers to establish an entity as a subsequent transferee of the funds." *Merkin II*, 515 B.R. at 150 (quoting *Silverman*, 379 B.R. at 32).

The Trustee's Complaint meets those requirements. It alleges that Defendants received transfers, identified by date and amount, from Sentry, and that Sentry invested substantially all of its funds with BLMIS and received initial transfers from BLMIS. Compl. ¶¶ 2, 43-47, Exs. A, B, C, D. It therefore plausibly alleges that Defendants' subsequent transfers originated with BLMIS by: (i) providing the necessary "vital statistics" of the transfers received by Defendants; and (ii) outlining the relevant pathways through which customer property was transferred from BLMIS to Sentry and subsequently to Defendants. Nothing more is required. *See, e.g.*, *Multi-Strategy I*, 641 B.R. at 78, 95 (finding that the Trustee's complaint, which identified the date and amount of

8

the relevant transfer from Sentry to the defendant, was sufficient to survive a motion to dismiss); *Banque SYZ*, 2022 WL 2135019, at *12 (finding that the exhibits to the complaint "provide [defendant] with the 'who, when, and how much' of each transfer").

**B.     Defendants' Tracing Arguments Fail at the Pleading Stage**

Defendants argue that the subsequent transfers they received from Sentry cannot plausibly have consisted of any BLMIS customer property.  Motion at 9-10.  But Defendants' fact-based tracing arguments are inappropriate for a motion to dismiss and their efforts to create new burdens for the Trustee at the pleading stage fail.

First, Defendants argue that it is implausible that the transfers to Defendants contained BLMIS customer property because the Trustee's claims are "mathematically impossible," as the Trustee is seeking more money from all of Sentry's subsequent transferees than the fund withdrew from BLMIS.  Motion at 9-10.  But as this Court has stated, "[t]here is no dispute that the Trustee is limited to 'a single satisfaction' under § 550(a)."  *Multi-Strategy I*, 641 B.R. at 95 (citing § 550(d)).  "He may nevertheless pursue any and all subsequent transferees in order to achieve that satisfaction."  *Id*. at 95-96 (citing § 550(a)(2)).  And, under Section 550(a), "a trustee may recover [an avoided] transfer from a subsequent transferee of those funds, without the necessity for allocation among all [the] subsequent transferees."  *CNB Int'l, Inc. v. Kelleher (In re CNB Int'l, Inc.)*, 393 B.R. 306, 333 (Bankr. W.D.N.Y. 2008).  Thus, until the Trustee recovers the full amount of the approximately $3 billion in fraudulent transfers received by Sentry, the Trustee may simultaneously seek recovery from Defendants in this action and from defendants in other actions in this SIPA liquidation proceeding, even in an aggregate amount that exceeds initial transfers.  *See Fairfield Inv. Fund*, 2021 WL 3477479, at *12.  "Calculation of whether the Trustee is fully satisfied is a factual finding to be made by this Court at a later stage of litigation."  *Multi-Strategy I*, 641 B.R. at 96.

9

Second, Defendants claim that there is an alternative source for the subsequent transfers they received from Sentry (Motion at 10),[5] and that the Trustee has accordingly "failed to actually trace the transfers he alleges from BLMIS" (Motion at 2).  But Defendants do not disclose the tracing methodology on which they base their conclusion that they did not receive any BLMIS customer property.  There is a good reason for that:  it is for this Court to decide—after fact and expert discovery—the appropriate tracing methodology under the circumstances.  *See Charles Ellerin Rev. Tr.*, 2012 WL 892514, at *3 n.7 ("Courts have broad discretion to determine which monies of comingled funds derive from fraudulent sources.") (citing *United States v. Henshaw*, 388 F.3d 738, 741 (10th Cir. 2004) ("There are several alternative methods, none of which is optimal for all commingling cases; courts exercise case-specific judgment to select the method best suited to achieve a fair and equitable result on the facts before them.")).

Third, the Trustee is not required to plead, much less establish, that an alleged subsequent transfer is comprised solely of customer property.  *See Parson Fin. Panama*, 2022 WL 3094092, at *11 ("The calculation of Fairfield Sentry's customer property and what funds it used to make redemption payments are issues of fact better resolved at a later stage of litigation."); *Kelley v. Westford Special Situations Master Fund, L.P.*, No. 19-Civ.-1073 (ECT) (KMM), 2020 WL 3077151, at *4 (D. Minn. June 10, 2020) (holding that where debtors' funds are commingled with "cash from new subscribing investors," a trustee is not required to establish that the transfers "originated solely" with the debtor or even to account for "the exact funds at issue" on summary judgment); *In re 45 John Lofts*, 599 B.R. at 746-47 (rejecting defendant's argument "that Plaintiff

---

[5] Defendants' only support for their assertion that Sentry "used subscription payments from other investors" to "make redemption payments" to Defendants are allegations in a complaint filed by the Fairfield Liquidators, not the Trustee. *See* Motion at 10 (citing First Am. Compl., *Fairfield Sentry Ltd. v. Citco Glob. Cust. NV*, Adv. Pro. No. 19-01122 (Bankr. S.D.N.Y. Nov. 26, 2019), ECF No. 19, ¶ 63).  There is no basis to impute the Fairfield Liquidators' allegations to the Trustee, so these allegations may not be considered on this motion to dismiss.

generically, and without factual support, alleged that every transfer out of" the initial transferee's commingled account was made with debtor property because the plaintiff is not required "to trace individual dollar amounts from the transferor to the transferees to survive a motion to dismiss") (cleaned up).

Fourth, Defendants cite *Picard v. Shapiro*, 542 B.R. 100 (Bankr. S.D.N.Y. 2015), to create a new pleading burden, that the Trustee must plausibly allege "precisely what transfers contained customer property traceable to BLMIS, and from which initial transfer that transfer originates." *See* Motion at 9-11. But that is not the Trustee's pleading burden. *See Cathay Life*, 2022 WL 16626325, at *7 ("The Trustee need not prove the path that each transfer took from BLMIS to Fairfield Sentry and subsequently to each redeeming shareholder."); *Merkin II*, 515 B.R. at 150 (refusing to dismiss subsequent transfer claims where the complaint "[did] not connect each of the subsequent transfers with an initial, voidable transfer emanating from BLMIS"); *In re 45 John Lofts*, 599 B.R. at 747 (finding no "requirement to trace individual dollar amounts from the transferor to the transferees to survive a motion to dismiss"). The Court has already rejected the argument that the Trustee must detail which and what portion of each subsequent transfer comprises customer property. *See Merkin II*, 515 B.R. at 152-53 (refusing to dismiss complaint where "at least some of the subsequent transfers . . . may be recoverable"); *see also Korea Exch. Bank*, 2022 WL 4371908, at *11 (refusing to "hold a pre-discovery trial on all of the subsequent transfers actions to determine which transfers were made from the $3 billion of BLMIS customer property and which were not").[6]

---

[6] Defendants also suggest, obliquely, through citation to *Pension Benefit Guar. Corp. ex rel. St. Vincent Catholic Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705 (2d Cir. 2013), and *Sapia v. Home Box Off., Inc.*, No. 20-cv-02586 (CM), 2018 WL 6985223 (S.D.N.Y. Dec. 17, 2018), that the Trustee has a heightened pleading burden due to his access to information without the need for discovery. Motion at 10-11. Defendants do not specify what this information is or why the Trustee has sufficient access, but to the extent Defendants mean to say something about Sentry, the contention is untrue. The Trustee does not have all of Sentry's books and records, and discovery in the Trustee's actions against the Fairfield management defendants is ongoing. *See, e.g.*, Stipulated Am. Case Mgmt.

Fifth, Defendants' tracing arguments are not only wrong, they are also premature. Courts in this District and in this SIPA liquidation proceeding have denied *summary judgment* where only an undetermined or small portion of the subsequent transfer was conceivably traceable to the estate. *See Charles Ellerin Rev. Tr.*, 2012 WL 892514, at *3 (holding that even at summary judgment, "it is not necessary for the Trustee to specify what portion of the Subsequent Transfers to [the subsequent transferee] was derived from BLMIS"); *see also Gowan v. Amaranth Advisors, LLC (In re Dreier LLP)*, Adv. Pro. Nos. 10-03493 (SMB) & 10-05447 (SMB), 2014 WL 47774, at *14-16 (Bankr. S.D.N.Y. Jan. 3, 2014) (allowing the trustee to proceed to trial where at most 3.5% of the transfers at issue could be traced to the debtor's Ponzi scheme). And where, as here, the Trustee "has not been afforded the opportunity to conduct discovery," courts only dismiss such claims "in the rarest of cases." *Charles Ellerin Rev. Tr.*, 2012 WL 892514, at *2.

Finally, this is not a case where the Court should prematurely cut off the Trustee's ability to trace the subsequent transfers at the pleading stage. The circumstances of the transfers, including the purposes of the transfers and the parties' intent, are relevant to the equitable principles applied to tracing. *See Southmark Corp. v. Schulte Roth & Zabel (In re Southmark Corp.)*, 239 F.3d 365, 2000 WL 1741550, at *5 (5th Cir. Dec. 11, 2000) (the court's "task here is to look beyond the particular transfers in question to the entire circumstance of the transactions") (cleaned up). Because money is fungible, "[t]he goal of tracing is not to trace anything at all in many cases, but rather to serve as an equitable substitute for the impossibility of specific identification." *Henshaw*, 388 F.3d at 741 (cleaned up). And "[i]t is undeniable that equity will follow a fund through any number of transmutations, and preserve it for the owner as long as it

_____

Order, *Picard v. Fairfield Inv. Fund Ltd.*, Adv. Pro. No. 09-01239 (CGM) (Bankr. S.D.N.Y. May 17, 2022), ECF No. 355 (setting November 22, 2023 deadline for fact discovery and August 23, 2024 deadline for expert discovery). For this reason, *Pension Benefit Guaranty Corp.* and *Sapia* do not support Defendants' position.

can be identified." *IBT Int'l, Inc. v. Northern (In re Int'l Admin. Servs., Inc.)*, 408 F.3d 689, 709 (11th Cir. 2005) (quoting *Dery v. United States (In re Bridge)*, 90 B.R. 839, 848 (E.D. Mich. 1988)).

"In a case such as this one, where the Trustee's lack of personal knowledge is compounded with complicated issues and transactions that extend over lengthy periods of time, the trustee's handicap increases, and even greater latitude should be afforded." *Picard v. Cohmad Sec. Corp.*, 454 B.R. 317, 329 (Bankr. S.D.N.Y. 2011) (cleaned up). This is one reason why this Court in *Merkin II* denied defendants' motion to dismiss, finding "[t]he subsequent transfer claim must ultimately be proved through the books and records of the defendants." 515 B.R. at 151. And even after fact discovery, expert opinion is necessary to determine what portion of the subsequent transfer stemmed from the initial transfer where the subsequent transfers originated from commingled accounts. *Picard v. Merkin*, 581 B.R. 370, 386 (Bankr. S.D.N.Y. 2017); *see also Kelley*, 2020 WL 3077151, at *5 (denying summary judgment because trustee introduced expert report and associated documents from which a jury could infer that defendants received subsequent transfers of customer property). Accordingly, equity weighs against cutting the Trustee off at the pleading stage.

## CONCLUSION

For the foregoing reasons, the Court should deny Defendants' Motion.

Dated: January 20, 2023
New York, New York

*/s/ David J. Sheehan*
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: 212.589.4200
Facsimile: 212.589.4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Matthew D. Feil
Email: mfeil@bakerlaw.com
Matthew B. Friedman
Email: mfriedman@bakerlaw.com


*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and the Chapter 7 Estate of Bernard L. Madoff*