ORRICK, HERRINGTON & SUTCLIFFE LLP
Jonathan P. Guy
James W. Burke (admitted *pro hac vice*)
1152 15th Street, N.W.
Washington, D.C. 20005
Telephone: (202) 339-8400
Facsimile: (202) 339-8500

*Attorneys for Koch Industries, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br> Plaintiff-Applicant, <br><br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br> Defendant. | Adv. Pro. No. 08-01789 (CGM) <br><br> SIPA LIQUIDATION <br><br> (Substantively Consolidated) |
| In re: <br><br> BERNARD L. MADOFF, <br><br> Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff, <br><br> Plaintiff, <br><br> v. <br><br> KOCH INDUSTRIES, INC., as successor in interest of Koch Investment (UK) Company, <br><br> Defendant. | Adv. Pro. No. 12-01047 (CGM) |

**DEFENDANT KOCH INDUSTRIES, INC.'S**
**REQUEST FOR CERTIFICATION OF DIRECT APPEAL**

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................ ii

PRELIMINARY STATEMENT ........................................................................ 1

STATEMENT OF TIMELINESS AND JURISDICTION ................................... 4

BACKGROUND ............................................................................................... 5

QUESTION PRESENTED ON APPEAL AND RELIEF REQUESTED .............. 8

ARGUMENT ................................................................................................... 8

    I.     There Is No Controlling Second Circuit Or Supreme Court Decision Addressing Whether *Cohmad* Correctly Imposed An "Actual Knowledge" Limitation On Section 546(e) Safe Harbor ........................................................................................ 11

    II.    Defining The Parameters Of The Section 546(e) Safe Harbor Is An Issue Of Public Importance. ......................................................... 15

    III.   Certification Will Materially Advance The Progress Of This Case .................................................................................................. 18

CONCLUSION ............................................................................................... 20

Exhibit A:  Order Denying Defendant's Motion to Dismiss, *Picard v. Koch Industries, Inc.*, Adv. Pro. No. 12-01047 (Bankr. S.D.N.Y. Nov. 30, 2022), ECF No. 122

Exhibit B:  Memorandum Decision Denying Defendant's Motion to Dismiss, *Picard v. Koch Industries, Inc.*, Adv. Pro. No. 12-01047 (Bankr. S.D.N.Y. Nov. 21, 2022), ECF No. 118

Exhibit C:  Trustee's Interim Report, *SIPC v. BLMIS LLC*, No. 08-1789 (Bankr. S.D.N.Y. Apr. 29, 2022), ECF No. 21473-4, Ex. D

Exhibit D:  Transcript, *Picard v. Multi-Strategy Fund Ltd.*, No. 22-cv-6502-JSR (S.D.N.Y. Aug. 1, 2022), ECF No. 17

Exhibit E:  [Proposed] Order Certifying Direct Appeal to the United States Court of Appeals for the Second Circuit Pursuant to 28 U.S.C. § 158(d)(2) and Fed. R. Bankr. P. 8006(f)

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bullard v. Blue Hills Bank*,
    575 U.S. 496 (2015)..........................................................................................10

*Citigroup Inc. v. Bruce (In re Bruce)*,
    No. 21-cv-7455, 2021 WL 6111925 (S.D.N.Y. Dec. 27, 2021)..............9, 10, 14

*Gredd v. Bear, Stearns Secs. Corp.* (*In re Manhattan Inv. Fund Ltd.*),
    310 B.R. 500 (Bankr. S.D.N.Y. 2002)................................................16

*Homaidan v. Sallie Mae, Inc.*,
    No. 19-cv-935, 2020 WL 5668972 (E.D.N.Y. Feb. 25, 2020)......................9, 15

*Jaffe v. Samsung Elecs. Co. (In re Qimonda AG)*,
    470 B.R. 374 (E.D.V.A. 2012) ............................................................7

*Katz v. Kerski Assocs., L.P. (In re Ressler)*,
    No. 17-cv-666, 2018 WL 10246961 (D. Conn. Jan. 31, 2018)..........................15

*In re Millenium Lab Holdings II, LLC*,
    543 B.R. 703 (Bankr. D. Del. 2016)................................................11

*In re Nortel Networks Corp.*,
    No. 09-10138, 2010 WL 1172642 (Bankr. D. Del. Mar. 18, 2010)...................15

*Pac. Operators Offshore, LLP v. Valladolid*,
    565 U.S. 207 (2012)................................................................17

*Picard v. ABN AMRO Bank N.V.*,
    No. 1:20-cv-03684-VEC (S.D.N.Y. July, 16, 2020), ECF No. 22 .......................9

*Picard v. Cohen*,
    Adv. Pro. No. 10-04311, 2016 WL 1695296 (Bankr. S.D.N.Y.
    Apr. 25, 2016)....................................................................13

*Picard v. Ida Fishman Revocable Trust (In re Bernard L. Madoff Inv.
    Secs. LLC)*,
    773 F.3d 411 (2d Cir. 2014) .............................................3, 13, 16, 18

*Picard v. Merkin (In re BLMIS LLC)*,
  Adv. Pro. No. 08-01789, 2014 WL 6879064 (Bankr. S.D.N.Y.
  Dec. 4, 2014) ................................................................................................11

*Picard v. Multi-Strategy Fund Ltd. (In re BLMIS)*,
  No. 22-CV-06502, 2022 WL 16647767 (S.D.N.Y. Nov. 3, 2022) ...............2, 14

*SIPC v. Bernard L. Madoff Inv. Secs. LLC (In re Consolidated
  Proceedings on 11 U.S.C. § 546(e))*,
  No. 12 MC 115, 2013 WL 1609154 (S.D.N.Y. Apr. 15, 2013) .................2, 7, 11

*SIPC v. BLMIS, LLC*,
  Adv. Pro. No. 11-02760, 2017 Bankr. LEXIS 2016 (Bankr.
  S.D.N.Y. July 19, 2017) ................................................................................4

*Springfield Hosp., Inc. v. Carranza (In re Springfield Hosp., Inc.)*,
  618 B.R. 109 (Bankr. D. Vt. 2020) ..............................................................11

*Tantaros v. Fox News Network, LLC.*,
  465 F. Supp. 3d 385 (S.D.N.Y. 2020) ..........................................................18

*Troisio v. Erickson (In re IMMC Corp.)*,
  Civ. No. 15-1043, 2016 WL 356026 (D. Del. Jan. 28, 2016) ..........................15

*Weber v. U.S. Tr.*,
  484 F.3d 154 (2d Cir. 2007) .............................................................8, 10, 15, 18

**Statutes**

11 U.S.C. § 523(a)(3) ..........................................................................................17

11 U.S.C. § 542(c) ...............................................................................................17

11 U.S.C. § 546(e) ........................................................................................*passim*

11 U.S.C. § 548 ...................................................................................................17

11 U.S.C § 550(b) ...............................................................................................17

11 U.S.C. § 726(a)(2)(C)(i) ..................................................................................17

11 U.S.C. § 741(7) .........................................................................................14, 16

11 U.S.C. § 944(c)(2) ...........................................................................................17

28 U.S.C. § 157(d) ..............................................................................7

28 U.S.C. § 158.......................... 1, 2, 7, 8, 9, 10, 11, 12, 13, 10, 15, 18

28 U.S.C. § 1292(b) ..........................................................................10

**Rules**

Fed. R. Bankr. P. 8006 ......................................................................1, 4

Fed. R. Bankr. P. 9006 ........................................................................4

**Other Authorities**

Brief for Plaintiff-Appellant, *Picard v. Ida Fishman Revocable Tr. (In re Bernard L. Madoff Inv. Secs. LLC)*, No. 12-2557 (2d Cir. May 15, 2013), ECF No. 145 ..........................................................12

H.R. Rep. No. 97-420 (1982), *reprinted in* 1982 U.S.C.C.A.N. 583 .....................16

H.R. Rep. No. 109-31 (2005), *reprinted in* 2005 U.S.C.C.A.N. 88 ......................10

Incorporated Complaint, *Picard v. Fairfield Sentry Limited*, Adv. Pro. No. 09-01239 (Bankr. S.D.N.Y. filed July 20, 2010), ECF No. 23 ......................................................................5, 6

*Picard v. Multi-Strategy Fund Ltd.*, No. 22-cv-6502 (S.D.N.Y. Aug. 1, 2022), ECF No. 4, Ex. C...............................................3, 19

Transcript, *Picard v. Multi-Strategy Fund Ltd.*, No. 22-cv-6502-JSR (S.D.N.Y. Aug. 1, 2022), ECF No. 17........................................19, 20

Trustee's Interim Report, *SIPC v. BLMIS LLC*, No. 08-1789 (Bankr. S.D.N.Y. Apr. 29, 2022) (ECF No. 21473-4, Ex. D) ..........................5

Trustee's Memorandum of Law in Opposition to Greiff's Motion to Dismiss, *Picard v. Greiff (In re Bernard L. Madoff Inv. Secs. LLC)*, No. 11-cv-3775 (S.D.N.Y. Oct. 26, 2011), ECF No. 33 ...................12

Trustee's Memorandum of Law in Support of Motion to Direct Entry of Final Judgment Under Federal Rule of Civil Procedure 54(b) and to Certify Judgment for Immediate Appeal Under 28 U.S.C. § 158(d), *Picard v. Merkin*, Adv. Pro. No. 09-1182 (Bankr. S.D.N.Y. Sept. 5, 2014), ECF No. 227.............................................12

iv

Trustee's Opposition to Defendant Multi-Strategy Fund Limited's
    Motion for Leave to Appeal Under 28 U.S.C. § 158(a)(3), *Picard
    v. Multi-Strategy Fund Ltd.*, No. 22-cv-6502 (S.D.N.Y. Sept. 6,
    2022), ECF No. 10 ............................................................................................13

Pursuant to 28 U.S.C. § 158(d)(2) and Federal Rule of Bankruptcy

Procedure 8006(f), Defendant Koch Industries, Inc. ("Defendant") hereby requests

a certification enabling the United States Court of Appeals for the Second Circuit

to consider a petition for a direct appeal from the Order entered on November 30,

2022 (the "Order"), ECF No. 122, attached here as Exhibit A, following the

November 21, 2022 Memorandum Decision Denying Defendant's Motion to

Dismiss (the "Decision"), ECF No. 118, attached here as Exhibit B.[1]

## PRELIMINARY STATEMENT

Subject to the instant request, Defendant intends to petition the Court of

Appeals to hear a direct appeal from the Order.  Although the ultimate decision

whether to accept the appeal is reserved for the Court of Appeals, this Court must

first certify that the appeal satisfies one of the grounds enumerated in 28 U.S.C.

§ 158(d)(2)(A).

Under 28 U.S.C. § 158(d)(2)(B), the Court "shall" certify a direct appeal if

the appeal satisfies any of the statutorily enumerated grounds, including that:

(1) the appeal raises a question of law on which there is no controlling decision

from the Court of Appeals for this Circuit or from the Supreme Court; (2) the

appeal involves a matter of public importance; or (3) an immediate appeal may

---

[1] Unless otherwise noted, "ECF No." refers to filings on the bankruptcy court
docket in Adv. Pro. No. 12-01047.

1

materially advance the litigation.  *See* 28 U.S.C. § 158(d)(2)(A)(i), (iii).

Defendant's appeal satisfies each of these grounds and thus certification is

required.

First, Defendant's appeal involves no fact issues and solely raises a question

of law on which there undisputedly is no controlling decision from the Court of

Appeals or the Supreme Court—namely, whether the Bankruptcy Code's statutory

safe harbor under 11 U.S.C. § 546(e) ("Section 546(e)") is inapplicable where the

initial transferee of a claimed fraudulent transfer is alleged to have "actual

knowledge" of fraud.  On this question, the Decision treats as controlling a 2013

decision of Judge Rakoff, *see SIPC v. Bernard L. Madoff Inv. Secs. LLC (In re

Consolidated Proceedings on 11 U.S.C. § 546(e))*, No. 12 MC 115, 2013 WL

1609154 (S.D.N.Y. Apr. 15, 2013) ("*Cohmad*"), and a 2022 opinion of Judge

Rakoff reaffirming his 2013 decision, *see Picard v. Multi-Strategy Fund Ltd. (In re

BLMIS)*, No. 22-CV-06502, 2022 WL 16647767 (S.D.N.Y. Nov. 3, 2022)—not

any Court of Appeals or Supreme Court decision.  Indeed, Plaintiff Irving H.

Picard, Trustee (the "Trustee") for the Liquidation of Bernard L. Madoff

Investment Securities LLC ("BLMIS"), for his part, has repeatedly acknowledged

there is no Second Circuit decision on the question presented by Defendant's

appeal.  *See infra* 13.

Second, Defendant's appeal involves a matter of public importance. Congress designed the Section 546(e) safe harbor to strike a balance, embodied in the plain language of Section 546(e), between the public policy goals of pursuing equity for bankruptcy debtors and their creditors and of respecting the finality of certain financial transactions to protect the broader public interest in the steady operation of the financial markets. *See Picard v. Ida Fishman Revocable Trust (In re Bernard L. Madoff Inv. Secs. LLC)*, 773 F.3d 411, 420 (2d Cir. 2014). The insertion of an "actual knowledge" limitation in Section 546(e) pursuant to the district court decision in *Cohmad* alters that public policy balance and implicates the public interest in protecting stable market operations.

Third, a direct appeal to the Second Circuit will materially advance the progress of this case by expediting resolution of a case-dispositive legal question. The question presented in Defendant's appeal also affects numerous other BLMIS adversary proceedings and, thus, expedited review by the Second Circuit would contribute to the efficient resolution of those cases as well.[2]

As certification is required when any one of these three grounds is present, Defendant respectfully requests that the Court certify a direct appeal of the Order.

---

[2] As of August 2022, there were 17 BLMIS adversary proceedings subject to complete dismissal based on a Section 546(e) defense. *Picard v. Multi-Strategy Fund Ltd.*, No. 22-cv-6502-JSR (S.D.N.Y. Aug. 1, 2022), ECF No. 4, Ex. C.

## STATEMENT OF TIMELINESS AND JURISDICTION

This request for certification of a direct appeal is timely as it was filed

within 60 days of the entry of the Order on November 30, 2022. *See* Fed. R.

Bankr. P. 8006(f)(1); Fed. R. Bankr. P. 9006(a)(1)(C) (when the last day of a time

period is not a business day, the period runs until the next business day).

Bankruptcy Rule 8006 provides that a request for certification shall be filed

in the court "where the matter is pending," and further specifies that "a matter

remains pending in the bankruptcy court for 30 days after the effective date under

Rule 8002 of the first notice of appeal from the … order … for which direct

review is sought." Defendant timely filed a notice of appeal and motion for leave

to appeal on January 4, 2023.[3] ECF Nos. 124, 125, 126. Because the effective

date of Defendant's notice of appeal is January 4, 2023, this appeal matter will

remain pending in the bankruptcy court through February 3, 2023. *See* Fed. R.

Bankr. P. 9006(a)(1). Beginning on February 4, 2023, the matter will be pending

in the district court, *see* Fed. R. Bankr. P. 8006(b), and, as a result, the bankruptcy

court will no longer have jurisdiction to rule on this request for certification. *See*

Fed. R. Bankr. P. 8006(d) ("Only the court where the matter is pending … may

certify a direct review on request of parties or on its own motion."); *accord SIPC v.*

---

[3] Defendant's motion for leave to appeal has now been docketed at *Koch Industries, Inc. v. Picard*, No. 23-cv-00294-VEC (S.D.N.Y.).

4

*BLMIS, LLC*, Adv. Pro. No. 11-02760, 2017 Bankr. LEXIS 2016 (Bankr. S.D.N.Y.

July 19, 2017) ("After thirty days from the filing of the notice of appeal, the

Bankruptcy Court loses jurisdiction, and the matter is deemed pending in the

District Court.").

## BACKGROUND

On February 9, 2012, the Trustee commenced the above-captioned adversary

proceeding against Defendant, seeking to avoid transfers BLMIS allegedly made to

Fairfield Sentry Limited ("Fairfield Sentry") and recover the amount of those

transfers from Defendant as a "subsequent transferee" of Fairfield Sentry.[4]  The

Trustee has filed numerous, substantively similar complaints.  *See, e.g.*, Trustee's

Interim Report, *SIPC v. BLMIS LLC*, No. 08-1789 (Bankr. S.D.N.Y. Apr. 29,

2022) (ECF No. 21473-4, Ex. D) (Attached here as Exhibit C).

Fairfield Sentry maintained customer accounts with BLMIS for the purpose

of investing assets with BLMIS and received payments from BLMIS through

withdrawals from those customer accounts, which it in turn transferred to its

investors.  Complaint ¶¶ 2, 34-37 & Exs. A, B; *see also* Incorporated Complaint ¶¶

20, 33 & Ex. 2.  Fairfield Sentry opened its first account at BLMIS in November

---

[4] The following background relies upon the allegations in the Complaint and the
Amended Complaint filed in *Picard v. Fairfield Sentry Limited*, Adv. Pro. No. 09-
01239 (Bankr. S.D.N.Y. filed July 20, 2010) (ECF No. 23) ("Incorporated
Complaint"), which the Complaint incorporates by reference, *see* Complaint ¶ 33.

1990 and a second account in October 1992, executing account opening

agreements with BLMIS when it did so.  Incorporated Complaint ¶ 33 & Ex. 1.

Koch Investment (UK) Company ("KIUK"), a former affiliate of Defendant,

was an investor in Fairfield Sentry and received redemption payments from

Fairfield Sentry on May 11, 2005, and September 20, 2005—each more than three

years before the filing date of BLMIS's SIPA liquidation proceeding (December

15, 2008).  Complaint ¶ 39 & Ex. C.  The Complaint alleges Defendant received

these same funds when KIUK was later dissolved.  *Id.* ¶¶ 2, 32, 39.

Defendant moved to dismiss the Complaint, arguing that the at-issue

transfers from BLMIS to Fairfield Sentry are shielded from avoidance by Section

546(e).  *See* ECF No. 106.  The Trustee argued that the transfers did not qualify for

the Section 546(e) safe harbor based on the Trustee's allegations that Fairfield

Sentry ultimately acquired knowledge of BLMIS's fraud.  *See* ECF No. 110.[5]

On November 21 and November 30, 2022, the Court issued the Order and

Decision denying Defendant's motion to dismiss, considering itself bound by

Judge Rakoff's interpretation of Section 546(e) in *Cohmad* to foreclose application

of the safe harbor where the initial transferee (here, Fairfield Sentry) had actual

---

[5] The Trustee does <u>not</u> allege that either KIUK or Defendant themselves had any
knowledge of the fraud when KIUK received the two redemption payments from
Fairfield Sentry in 2005.

knowledge of fraud. *See* ECF No. 118 at 7.[6]  In *Cohmad*, Judge Rakoff reasoned,

as a matter of first impression, that a defendant "will not be able to prevail on a

motion to dismiss some or all of the Trustee's avoidance claims simply on the

basis of the Section 546(e) 'safe harbor' *if* the Trustee has alleged that the initial

transferee [here, Fairfield Sentry] had actual knowledge of [BLMIS's] fraud," even

if avoidance of the transfers "would otherwise be barred by Section 546(e)."  2013

WL 1609154, at *1 (emphasis in original).  The Court viewed Judge Rakoff's

conclusion as "consistent with dicta set forth by the Court of Appeals for the

Second Circuit" in *Ida Fishman*.  ECF No. 118 at 8.  Relying on a prior holding

"that the Fairfield Complaint contains sufficient allegations of Fairfield Sentry's

actual knowledge" of BLMIS's fraud, the Court concluded that the Complaint

could not be dismissed under Section 546(e).  *Id.* at 9.

---

[6] *Cohmad* was issued in a consolidated proceeding for BLMIS-related adversary proceedings, including this case, in which the district court withdrew the reference pursuant to 28 U.S.C. § 157(d) for the limited purpose of issuing preliminary legal rulings.  After those rulings, proceedings resumed before the bankruptcy court. That the district court issued preliminary legal rulings on withdrawal of the reference has no bearing on whether this request satisfies the grounds for certification of direct appeals set forth in 28 U.S.C. § 158(d)(2)(A).  *Cf. Jaffe v. Samsung Elecs. Co. (In re Qimonda AG)*, 470 B.R. 374, 389 (E.D.V.A. 2012) ("[N]othing in the statutory language or legislative history of § 158(d)(2) suggests that a matter's procedural posture has, or should have, any impact whatever on whether certification is appropriate or conditions the requirement that a district court certify an order where the statutory triggers are met on whether or not that order is the result of a remand.").

## QUESTION PRESENTED ON APPEAL AND RELIEF REQUESTED

Section 546(e) of the Bankruptcy Code provides in relevant part that a
trustee "may not avoid" transfers made by a stockbroker "in connection with a
securities contract." 11 U.S.C. § 546(e). The question presented is: Whether
Section 546(e) excludes from its statutory safe harbor all transfers where the initial
transferee allegedly had "actual knowledge" of the transferor's fraud, despite the
lack of any such limitation in the statutory text.

Defendant respectfully requests that this Court certify a direct appeal of the
Order so it can petition the United States Court of Appeals for the Second Circuit
to expedite resolution of this important, open, and recurring question of law.

## ARGUMENT

Congress assigned to the Courts of Appeals the ultimate responsibility for
deciding whether a direct appeal from a bankruptcy court order is warranted. 28
U.S.C. § 158(d)(2)(A) (direct appeal permitted "if the court of appeals authorizes
the direct appeal"); *see Weber v. U.S. Tr.*, 484 F.3d 154, 161 (2d Cir. 2007) (noting
that "Congress has explicitly granted [the court of appeals] plenary authority to
grant or deny leave to file a direct appeal"); *see also* 1 Collier on Bankruptcy
¶ 5.06[4][e] ("[I]t is apparent that the courts of appeals are intended to be the
gatekeepers here.").

8

Under 28 U.S.C. § 158(d)(2), the role of a bankruptcy or district court with jurisdiction over an appeal matter is limited to determining whether any of the statutorily enumerated grounds for a direct appeal exists. *See Citigroup Inc. v. Bruce (In re Bruce)*, No. 21-cv-7455, 2021 WL 6111925, at *5 (S.D.N.Y. Dec. 27, 2021) (declining to address arguments that "can be made before the Second Circuit" about the "propriety" of allowing appeal); *Homaidan v. Sallie Mae*, *Inc.*, No. 19-cv-935, 2020 WL 5668972, at *2 (E.D.N.Y. Feb. 25, 2020) (the Second Circuit is the "proper forum" for arguments about the merits of the appeal and whether an immediate direct appeal is warranted as a matter of discretion).

On request, a bankruptcy or district court with jurisdiction over a matter "shall" certify a direct appeal to the Court of Appeals when the order appealed:

(i)     involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or the Supreme Court of the United States, or involves a matter of public importance;

(ii)    involves a question of law requiring resolution of conflicting decisions; or

(iii)   [where] an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken.

28 U.S.C. § 158(d)(2)(A); § 158(d)(2)(B)(i); *see also* Order, ECF No. 22, *Picard v. ABN AMRO Bank N.V.*, No. 1:20-cv-03684-VEC (S.D.N.Y. July 16, 2020).

Congress enacted 28 U.S.C. § 158(d)(2)(A) to *promote* Circuit-level review of bankruptcy orders and, thereby, development of binding bankruptcy precedent.

9

*Weber*, 484 F.3d at 158 (Congress designed Section 158 to remedy "the paucity of settled bankruptcy-law precedent" created by the fact that "'decisions rendered by a district court as well as a bankruptcy appellate panel are generally not binding and lack stare decisis value'") (quoting H.R. Rep. No. 109-31, at 148 (2005), *reprinted in* 2005 U.S.C.C.A.N. 88, 206).  In keeping with that purpose, Section 158(d)(2) is both disjunctive and mandatory.  If "any one of [the listed] factors exists" for a direct appeal, the Court shall grant certification.  *Bullard v. Blue Hills Bank*, 575 U.S. 496, 508 (2015) (noting that Section 158(d)(2) "allows a broader range of interlocutory decisions to make their way to the court of appeals" than 28 U.S.C. § 1292(b) does); *In re Bruce*, 2021 WL 6111925, at *5 (if one factor satisfied, certification is mandatory).

Here, three grounds independently require certifying a direct appeal of the Order.  First, there is no controlling decision addressing the question whether there is an "actual knowledge" limitation on Section 546(e)'s safe harbor.  *See* 28 U.S.C. § 158(d)(2)(A)(i).  Second, this question is a matter of public importance, affecting the stability of the financial markets.  *See id.*  Third, a direct appeal would materially advance the resolution of this proceeding and many other BLMIS-related adversary proceedings.  *See id.* § 158(d)(2)(A)(iii).

10

I.    **There Is No Controlling Second Circuit Or Supreme Court Decision Addressing Whether *Cohmad* Correctly Imposed An "Actual Knowledge" Limitation On Section 546(e) Safe Harbor.**

Neither the Second Circuit nor the Supreme Court has issued a controlling decision on the specific question of whether the Section 546(e) safe harbor excludes transfers where the initial transferee had "actual knowledge" of fraud. "Controlling law for the purposes of section 158(d)(2)(A)(i) is that which admits of no ambiguity in resolving the issue." *Springfield Hosp., Inc. v. Carranza (In re Springfield Hosp., Inc.)*, 618 B.R. 109, 115-16 (Bankr. D. Vt. 2020) (quoting *In re Millenium Lab Holdings II, LLC*, 543 B.R. 703, 711 (Bankr. D. Del. 2016)).

The absence of definitive precedential guidance on the question presented is apparent from the district court decision in *Cohmad* that the Decision relies upon. *Cohmad* held as a matter of first impression that "actual knowledge" precludes resort to Section 546(e)'s safe harbor. *See Cohmad*, 2013 WL 1609154, at *10. It does not cite any Second Circuit or Supreme Court decision as support for imposing an "actual knowledge" limitation on the Section 546(e) safe harbor.

When the bankruptcy court thereafter applied *Cohmad* to dismiss a complaint because the Trustee failed to allege the initial transferee's actual knowledge of fraud, the Trustee himself sought a direct appeal. *See Picard v. Merkin (In re BLMIS LLC)*, Adv. Pro. No. 08-01789, 2014 WL 6879064 (Bankr. S.D.N.Y. Dec. 4, 2014). Although that request was deemed moot, the Trustee

11

argued there, as Defendant does here, that whether the initial transferee's actual

knowledge of fraud affects the application of Section 546(e)'s safe harbor "is a

question to which there is no controlling decision of the Second Circuit or Supreme

Court." Trustee's Memorandum of Law in Support of Motion to Direct Entry of

Final Judgment Under Federal Rule of Civil Procedure 54(b) and to Certify

Judgment for Immediate Appeal Under 28 U.S.C. § 158(d) at 20, *Picard v. Merkin*,

Adv. Pro. No. 09-1182 (Bankr. S.D.N.Y. Sept. 5, 2014), ECF No. 227.[7]

The Second Circuit decided *Ida Fishman* after the district court's decision in

*Cohmad*, but that subsequent decision does not squarely address *Cohmad* or its

actual knowledge limitation, as there were no allegations that the transferees in *Ida*

---

[7] At the time *Cohmad* was decided (and even after), the Trustee argued that
Section 546(e) is inapplicable to *any* transfers BLMIS made, regardless of the
initial transferee's knowledge or mental state—a position the Second Circuit later
rejected in *Ida Fishman*. In fact, before *Cohmad*, the Trustee argued all BLMIS
transfers should be excluded from Section 546(e) safe harbor to avoid "injustice"
because "[S]ection 546(e) does not differentiate between good faith and bad faith
investors." Trustee's Memorandum of Law in Opposition to Greiff's Motion to
Dismiss at 2, 30-31, *Picard v. Greiff (In re Bernard L. Madoff Inv. Secs. LLC)*, No.
11-cv-3775 (S.D.N.Y. Oct. 26, 2011), ECF No. 33 (emphasis added). And in his
Second Circuit briefing in *Ida Fishman*, the Trustee continued to question the
soundness of an "actual knowledge" exception, stating that "the district court [in
*Cohmad*] created an entire statutory construct out of whole cloth" in adding a lack
of knowledge prerequisite to Section 546(e), "rewr[iting] both the Bankruptcy
Code and SIPA in order to reach a result it preferred to the one Congress chose,"
and that it "serves neither reason nor the statute to base application of the safe
harbor on the subjective beliefs of customers and the legitimacy of their
expectations." Brief for Plaintiff-Appellant at 57, 58, *Picard v. Ida Fishman
Revocable Tr. (In re Bernard L. Madoff Inv. Secs. LLC)*, No. 12-2557 (2d Cir. May
15, 2013), ECF No. 145.

*Fishman* had "actual knowledge" of fraud. *See* 773 F.3d at 420; Decision at 8

(referring to *Ida Fishman* as "dicta" on the question); *Picard v. Cohen*, Adv. Pro.

No. 10-04311, 2016 WL 1695296, at *10 n.16 (Bankr. S.D.N.Y. Apr. 25, 2016)

(noting that *Ida Fishman* did not address the application of Section 546(e) to

"investors who had actual knowledge that BLMIS was not trading securities").

The Trustee has also acknowledged, on separate occasions, that "*Ida Fishman* did

not address the actual knowledge exception." Trustee's Memorandum of Law in

Opposition to Defendant Koch Industries, Inc.'s Motion to Dismiss, ECF No. 12 at

7; *see also* Trustee's Opposition to Defendant Multi-Strategy Fund Limited's

Motion for Leave to Appeal Under 28 U.S.C. § 158(a)(3) at 14-15, *Picard v. Multi-

Strategy Fund Ltd.*, No. 22-cv-6502 (S.D.N.Y. Sept. 6, 2022), ECF No. 10

("*Fishman* did not address the safe harbor's application as set forth in *Cohmad*

where the Trustee has alleged that an initial transferee actually knew of Madoff's

fraud").

    While *Ida Fishman* did not address the question of "actual knowledge," *Ida

Fishman*'s reasoning conflicts with the district court's reasoning in *Cohmad*,

introducing further uncertainty in the absence of a precedential decision. In *Ida

Fishman*, the Second Circuit rejected the Trustee's invitation to read into Section

546(e) another unwritten limitation—that the safe harbor excludes agreements that

would otherwise qualify as "securities contracts" if no securities transactions were

13

ultimately executed—and adopted an objective test to determine whether an agreement qualified as a securities contract. *Id*. at 418, 420, 422. The Second Circuit concluded that it could not "construct[] a requirement [for claiming Section 546(e) safe harbor] that the law does not contain" and the account opening documents executed by the BLMIS investors concerned in that litigation "satis[fied] the broad definition of 'securities contracts' under § 741(7)(A)." *Id*. at 418, 420. The Second Circuit also emphasized that "Section 546(e) is a very broadly-worded safe-harbor provision," which, given the "extraordinary breadth" of its language, must be interpreted to provide expansive coverage. *Id*. at 416-17.

The Decision here reflects the continued absence of precedential guidance from the Second Circuit or the Supreme Court. In determining that the transfers from BLMIS to Fairfield Sentry did not qualify for Section 546(e)'s safe harbor, the Court relied solely on *Cohmad* and Judge Rakoff's 2022 decision reaffirming *Multi-Strategy Fund Ltd.*, 2022 WL 16647767. *See* Decision at 7-8. The Decision identified no controlling Second Circuit or Supreme Court decision.

Although the Court characterized its Decision as "consistent with *dicta* set forth by the Court of Appeals for the Second Circuit" in *Ida Fishman* (*id.* at 8 (emphasis in original)), a characterization Defendant disputes, *see* ECF No. 106 at 11-12, necessarily, Circuit-level dicta, without more, does not qualify as controlling law. *See, e.g.*, *In re Bruce*, 2021 WL 6111925, at *3 (bankruptcy

14

court's references to dicta "demonstrate that there is a lack of controlling authority"); *Troisio v. Erickson (In re IMMC Corp.)*, Civ. No. 15-1043, 2016 WL 356026, at *5 (D. Del. Jan. 28, 2016) ("[D]icta … does not render the case a controlling decision of the … Circuit."); *see also Katz v. Kerski Assocs., L.P. (In re Ressler)*, No. 17-cv-666, 2018 WL 10246961, at *4 (D. Conn. Jan. 31, 2018) (certifying appeal where "Second Circuit has not addressed th[e] question directly" and had simply "considered a related, but different, question").

In short, nearly ten years later, the Second Circuit has yet to review any order applying Judge Rakoff's decision in *Cohmad*, and thus there remains no precedential decision on whether there is an actual knowledge limitation on the Section 546(e) safe harbor.  This case presents the exact situation 28 U.S.C. § 158 was intended to address.  *See Weber*, 484 F.3d at 158.  Under Section 158(d)(2)(A)(i), the absence of Supreme Court or Second Circuit precedent alone compels certification.  *See id.* at 159; *Homaidan*, 2020 WL 5668972, at *2.

## II.    Defining The Parameters Of The Section 546(e) Safe Harbor Is An Issue Of Public Importance.

Certification also is required for the independent reason that this appeal concerns a matter of public importance; that is, "the issue on appeal … transcend[s] the litigants and involve[s] a legal question, the resolution of which will advance the cause of jurisprudence to a degree that is usually not the case" and will impact "the public at large." *In re Nortel Networks Corp.*, No. 09-

15

10138, 2010 WL 1172642, at *2 (Bankr. D. Del. Mar. 18, 2010). Defining the

parameters of Section 546(e) is of immense public importance and has a

widespread impact on the public at large, as the numerous BLMIS adversary

proceedings themselves demonstrate. *See supra* 3.

In enacting Section 546(e), Congress was striking a "careful balance[ ]

between the need for an equitable result for the debtor and its creditors[ ] and the

need for finality" to protect the public interest in the smooth operation of the

financial markets. *Ida Fishman*, 773 F.3d at 423; *see also Gredd v. Bear, Stearns*

*Secs. Corp.* (*In re Manhattan Inv. Fund Ltd.*), 310 B.R. 500, 513 (Bankr. S.D.N.Y.

2002) (The goal of providing a safe harbor in Section 546(e) is "to minimize the

displacement caused in the commodities and securities markets in the event of a

major bankruptcy affecting those industries." (quoting H.R. Rep. No. 97-420

(1982), *reprinted in* 1982 U.S.C.C.A.N. 583, 583)). Congress was of course aware

that, as an equitable matter, broadening the safe harbor would benefit the

transferees who received fraudulent transfers. Nonetheless, Congress declined to

include in Section 546(e) any explicit exclusion based on the "actual knowledge"

or mental state of the transferee. As relevant here, Section 546(e) provides that a

trustee "may not avoid a transfer" if the transfer is "made by … a … stockbroker

… in connection with a securities contract, as defined in section 741(7)." 11

U.S.C. § 546(e). It lists only one exception to this avoidance bar—transfers that

16

are avoidable "under section 548(a)(1)(A)" of the Bankruptcy Code, which, in turn, authorizes the avoidance of transfers made with "actual intent to hinder, delay, or defraud" *if* the transfer was made within the two years of the bankruptcy petition (or, as relevant here, the filing date of the Securities and Investor Protection Act liquidation proceeding). *See* 11 U.S.C. § 548(a)(1).[8]

Requiring a fact-intensive inquiry into the "actual knowledge" of transferees, rather than basing application of the safe harbor on a straightforward identification of the type of financial transaction concerned, shifts the "careful balance" Congress struck in Section 546(e) away from market finality. Thus, until the Second Circuit authoritatively resolves whether the Decision erred by imposing an actual knowledge limitation in Section 546(e), participants in the financial

---

[8] As further discussed in Defendant's motion for leave to appeal (ECF No. 126), Congress's omission of a "actual knowledge" exclusion in Section 546(e) was not inadvertent. Congress knows how to condition a Bankruptcy Code section on a party's knowledge or state of mind when it intends to. Indeed, several provisions of the Bankruptcy Code expressly impose an "actual knowledge" standard. *See* 11 U.S.C. §§ 523(a)(3), 542(c), 726(a)(2)(C)(i), 944(c)(2). In the specific context of a trustee's avoidance and recovery powers, Congress has also provided other defenses to transferees who can demonstrate their "good faith." *See id.* §§ 548(c), 550(b). Section 546(e), in contrast, does not mention the transferee's state of mind and binding Supreme Court precedent tells us that "[w]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Pac. Operators Offshore, LLP v. Valladolid*, 565 U.S. 207, 216 (2012) (quotation marks omitted).

17

markets will be left without clear guidance and predictability as to the parameters

of Section 546(e) and when their transactions are reliably final.

The public importance of this matter independently justifies certification.

## III.    Certification Will Materially Advance The Progress Of This Case

Finally, the Court must certify a direct appeal of the Order because it will

"materially advance the progress of th[is] case." 28 U.S.C. § 158(d)(2)(A)(iii).

This appeal presents the controlling legal question of whether Section 546(e) bars

avoidance of the transfers on which the recovery claim in this action is predicated.

If Section 546(e) applies without the *Cohmad* "actual knowledge" exception, the

transfers upon which the Trustee's recovery claim against Defendant is predicated

are shielded from avoidance and therefore unrecoverable.  In short, reversal would

result in a dismissal of this single-count adversary proceeding, *see, e.g.*, *Ida

Fishman*, 773 F.3d at 415 (affirming Rule 12(b)(6) dismissal based on application

of Section 546(e)), and "might avoid needless litigation," *Weber*, 484 F.3d at 158.

As a pure question of law involving statutory interpretation, the question

presented is ripe for resolution by the Second Circuit.  *See Tantaros v. Fox News

Network, LLC.*, 465 F. Supp. 3d 385, 390 (S.D.N.Y. 2020) ("statutory

interpretation" is "a quintessentially legal determination") (quotation marks

omitted).  Addressing the question would not require any factual development or

addressing any factual disputes.  *See Weber*, 484 F.3d at 158 (describing direct

18

appeal under Section 546(e) as "most appropriate where we are called upon to resolve a question of law not heavily dependent on the particular facts of a case").

There is no benefit to delaying appeal to the Second Circuit for further intermediate appellate proceedings in the district court. At most, another district court appeal would result in another non-precedential decision disagreeing with *Cohmad*, and the Trustee presumably would seek Second Circuit review.

The progress of other recovery actions initiated by the Trustee would also be advanced by appeal, as numerous defendants in other actions have "argue[d] … that there is no actual knowledge exception." Transcript, *Picard v. Multi-Strategy Fund Ltd.*, No. 22-cv-6502-JSR (S.D.N.Y. Aug. 1, 2022), ECF No. 17, at 34 (attached here as Exhibit D). Indeed, as of August 2022, there were 17 BLMIS adversary proceedings subject to complete dismissal based on a Section 546(e) defense and another 41 proceedings subject to partial dismissal. *Picard v. Multi-Strategy Fund Ltd.*, No. 22-cv-6502 (S.D.N.Y. Aug. 1, 2022), ECF No. 4, Ex. C. While the bankruptcy court has consistently denied motions to dismiss in these cases based on Section 546(e), defendants' arguments are preserved for later appeals post-judgment.

Indeed, the Trustee has anticipated that resolution by the Second Circuit is inevitable. In arguing against motions for leave to appeal that challenged different aspects of Judge Rakoff's *Cohmad* holding but did not take issue with the premise

19

that the 546(e) safe harbor is inapplicable when the transferee has "actual

knowledge," the Trustee suggested that interlocutory appellate resolution of that

threshold question could be appropriate.  In particular, the Trustee noted that, to

avoid "piecemeal appeals on section 546(e)," appeal of subsidiary questions as to

the exception's applicability should be delayed for resolution of the foundational

question of the exception's existence.  Transcript, *Picard v. Multi-Strategy Fund

Ltd.*, No. 22-cv-6502-JSR (S.D.N.Y. Aug. 1, 2022), ECF No. 17, at 34 (attached

here as Exhibit D).  Defendant's appeal presents that foundational question.

Accordingly, this factor independently favors certification.

## CONCLUSION

For the reasons set forth above, Defendant respectfully requests that this

Court certify a direct appeal of the Order to the Second Circuit.

Respectfully submitted,

*/s/ Jonathan P. Guy*
Jonathan P. Guy
James W. Burke (admitted *pro hac vice*)
ORRICK, HERRINGTON & SUTCLIFFE LLP
1152 15th Street, N.W.
Washington, D.C. 20005
Telephone:  (202) 339-8400
Facsimile:  (202) 339-8500
Email:  jguy@orrick.com; jburke@orrick.com

*Attorneys for Koch Industries, Inc.*

January 29, 2023