**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (CGM)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff,<br><br>Plaintiff,<br><br>v.<br><br>SNS BANK N.V. and SNS GLOBAL CUSTODY B.V.,<br><br>Defendants. | Adv. Pro. No. 12-01046 (CGM) |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS SNS BANK N.V. AND SNS GLOBAL CUSTODY B.V.'S MOTION TO DISMISS THE COMPLAINT**

## <u>TABLE OF CONTENTS</u>

**Page**

REPLY PRELIMINARY STATEMENT......................................................................................1

REPLY ARGUMENT ..........................................................................................................3

I.      The Trustee Has Failed to Establish that Defendants Have Sufficient Contacts
        With New York to Subject Them to Personal Jurisdiction in This Court. ..............3

II.     The Complaint Fails to Satisfactorily Plead the Avoidability of the Initial
        Transfers, and the Trustee Cannot Cure Its Fatal Pleading Defects Through
        Wholesale Incorporation by Reference of a Superseded Complaint. ......................9

III.    The Bulk of the Trustee's Claims are Barred by 546(e)'s Safe Harbor................11

IV.     The Complaint Fails to Plausibly Allege That the Subsequent Transfers Were of
        BLMIS Customer Property. ..................................................................................13

V.      The Good Faith Defense Provides for Dismissal of This Action, As the
        Applicability of the Defense is Apparent on the Face of the Complaint. ..............15

CONCLUSION................................................................................................................18

i

## <u>TABLE OF AUTHORITIES</u>

Page(s)

### CASES

*680 Fifth Ave. Assocs. v. EGI Co. Servs. Inc. (In re 680 Fifth Ave. Assocs.),*
  209 B.R. 314 (Bankr. S.D.N.Y. 1997).................................................................9

*Am. Casein Co. v. Geiger (In re Geiger),*
  446 B.R. 670 (Bankr. E.D. Pa. 2010) .............................................................10

*Ayyash* v. *Bank Al-Madina,*
  No. 04-cv-920, 2006 WL 587342 (S.D.N.Y. Mar. 9, 2006)...........................8-9

*Charles Schwab Corp. v. Bank of Am. Corp.,*
  883 F.3d 68 (2d Cir. 2018)...............................................................................5

*Cooper v. Parsky,*
  No. 95-10543, 1997 WL 242534 (S.D.N.Y. Jan. 8, 1997), *aff'd in part,*
  *vacated in part on other grounds,* 140 F.3d 433 (2d Cir. 1998)........................5

*DeMasi v. Benefico,*
  567 F. Supp. 2d 449 (S.D.N.Y. 2008)..............................................................11

*Fairfield Sentry Ltd. v. HSBC Sec. Servs. (Luxembourg) S.A.,*
  No. 21-CV-10316 (LAP), 2022 WL 3910679 (S.D.N.Y. Aug. 31, 2022)..........8

*Fairfield Sentry Ltd. v. Theodoor GGC Amsterdam (In re Fairfield Sentry Ltd.),*
  No. 10-03496, 2018 WL 3756343 (Bankr. S.D.N.Y. Aug. 6, 2018)
  ("*Fairfield I*")..................................................................................................6

*Ferrari v. Cnty. of Suffolk,*
  790 F. Supp. 2d 34 (E.D.N.Y. 2011) ...............................................................11

*Gilmore v. Rivera,*
  No. 13 Civ. 6955, 2014 WL 1998227 (S.D.N.Y. May 14, 2014)...............15, 18

*Golden Archer Invs., LLC v. Skynet Fin. Sys.,*
  No. 11 CIV. 3673 (RJS), 2012 WL 123989 (S.D.N.Y. Jan. 3, 2012)................7

*Gowan v. Patriot Grp., LLC (In re Dreier LLP),*
  452 B.R. 391 (Bankr. S.D.N.Y. 2011).......................................................16, 17

*Gym Door Repairs, Inc. v. Young Equip. Sales, Inc.,*
  206 F. Supp. 3d 869 (S.D.N.Y. 2016)..............................................................15

*Helicopteros Nacionales de Colombia, S.A. v. Hall,*
  466 U.S. 408 (1984)..........................................................................................4

*Hill v. HSBC Bank plc*,
　　207 F. Supp. 3d 333 (S.D.N.Y. 2016)..................................................................8

*Hillel v. Obvio Health USA, Inc*,
　　No. 20-CV-4647 (LAP), 2021 WL 229967 (S.D.N.Y. Jan. 21, 2021), *aff'd
　　in part, vacated in part sub nom. Hillel v. IQVIA, Inc.*, No. 21-666, 2022
　　WL 905852 (2d Cir. Mar. 29, 2022).................................................................7

*Hitachi Data Sys. Credit Corp. v. Precision Discovery, Inc.*,
　　331 F. Supp. 3d 130 (S.D.N.Y. 2018)..............................................................8

*In re Amaranth Nat. Gas Commodities Litig.*,
　　587 F. Supp. 2d 5137 (S.D.N.Y. 2008), *aff'd sub nom. Gracey v. J.P.
　　Morgan Chase & Co. (In re Amaranth Nat. Gas Commodities Litig.)*, 730
　　F.3d 170 (2d Cir. 2013)................................................................................4-5

*In re Bernard L. Madoff Inv. Sec. LLC*,
　　No. 20-cv-02586, 2022 WL 1304589 (S.D.N.Y. May 2, 2022) ("*ABN
　　Ireland*").....................................................................................................17

*Int'l Controls Corp. v. Vesco*,
　　556 F.2d 665 (2d Cir. 1977)...........................................................................9

*Kiobel v. Royal Dutch Petroleum Co.*,
　　No. 02 Civ. 7618, 2009 WL 3817590 (S.D.N.Y. Nov. 16, 2009) ......................8

*Licci v. Lebanese Canadian Bank*,
　　732 F.3d 161 (2d Cir. 2013)............................................................................8

*Nycomed U.S. Inc. v. Glenmark Generics Ltd.*,
　　No. 08-CV-5023, 2010 WL 1257803 (E.D.N.Y. Mar. 26, 2010).....................10

*Ocean Units LLC v. Ill. Union Ins. Co.*,
　　528 F. Supp. 3d 99 (E.D.N.Y. 2021) ...............................................................8

*Off. Comm. of Unsecured Creditor of Arcapita v. Bahrain Islamic Bank*,
　　549 B.R. 56 (S.D.N.Y. 2016)..........................................................................8

*Pension Benefit Guar. Corp. ex rel. St. Vincent Cath. Med. Ctrs. Ret. Plan v.
　　Morgan Stanley Inv. Mgmt. Inc.*,
　　712 F.3d 705 (2d Cir. 2013)..........................................................................14

*Picard v. Ida Fishman Revocable Tr. (In re Bernard L. Madoff Inv. Sec. LLC)*,
　　773 F.3d 411 (2d Cir. 2014) ("*Fishman*") ...................................................11, 12

*Picard v. Merkin (In re Bernard L. Madoff Inv. Sec., LLC)*,
　　440 B.R. 243 (Bankr. S.D.N.Y. 2010).....................................................15, 17, 18

*Picard v. Multi-Strategy Fund Ltd.*,
    No. 22-CV-06502 (JSR), 2022 WL 16647767 (S.D.N.Y. Nov. 3, 2022)
    ("*Multi-Strategy II*")...........................................................................................12

*Picard v. Shapiro* (*In re Bernard L. Madoff Inv. Sec. LLC*),
    542 B.R. 100 (Bankr. S.D.N.Y. 2015)..........................................................13, 14

*Quilvest Fin. Ltd. v. Fairfield Sentry Ltd.*,
    Nos. HCVAP 2011/041-062 (E.C.S.C. BVI Ct. App. June 13, 2012)..............................16

*Rothman v. Gregor*,
    220 F.3d 81 (2d Cir. 2000).............................................................................11

*Sapia v. Home Box Off., Inc.*,
    No. 18 Civ. 1317, 2018 WL 6985223 (S.D.N.Y. Dec. 17, 2018).....................................14

*Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*,
    505 B.R. 135 (S.D.N.Y. 2013) ("*ABN AMRO*").......................................... 11-12

*Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*,
    641 B.R. 78 (Bankr. S.D.N.Y. 2022) ("*Multi-Strategy I*")................................10

*Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Madoff)*,
    No. 08-01789 (CGM), 2021 WL 3477479 (Bankr. S.D.N.Y. Aug. 6, 2021)...................13

*Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*,
    No. 08-01789, 2022 WL 2135019 (Bankr. S.D.N.Y. June 14, 2022)
    ("*Banque Syz*")..........................................................................................17, 18

*Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*,
    No. 08-01789 (CGM), 2022 WL 3094092 (Bankr. S.D.N.Y. Aug. 3, 2022)
    ("*Parson*").......................................................................................................7

*Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC,*
    No. 08-01789 (CGM), 2022 WL 3354955 (Bankr. S.D.N.Y. July 18,
    2022) ("*First Gulf*")......................................................................................17, 18

*Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC,*
    No. 08-01789 (SMB), 2020 WL 1584491 (Bankr. S.D.N.Y. Mar. 31,
    2020) ..............................................................................................................16

*Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC,*
    No. 12 MC 115 JSR, 2013 WL 1609154 (S.D.N.Y. Apr. 15, 2013)
    ("*Cohmad II*") ..............................................................................................11

*SPV Osus Ltd. v. UBS AG*,
    882 F.3d 333 (2d Cir. 2018)...........................................................................7

*Steinberg v. A Analyst Ltd.,*
   No. 04-60898, 2009 WL 838989 (S.D. Fla. Mar. 25, 2009)................................4

*Suber v. VVP Servs., LLC,*
   No. 20-cv-08177, 2021 WL 4429237 (S.D.N.Y. Sept. 27, 2021), *aff'd in
   part, vacated in part on other grounds,* No. 21-2649, 2023 WL 115631
   (2d Cir. Jan. 10, 2023) ........................................................................5

*To v. HSBC Holdings PLC,*
   No. 15CV3590, 2017 WL 816136 (S.D.N.Y. Mar. 1, 2017), *aff'd*, 700 F.
   App'x 66 (2d Cir. 2017)........................................................................8

*Tymoshenko v. Firtash,*
   No. 11-CV-2794, 2013 WL 1234943 (S.D.N.Y. Mar. 27, 2013) ........................5

*United States v. Int'l Longshoremen's Ass'n,*
   518 F. Supp. 2d 422 (E.D.N.Y. 2007) ..........................................................10

## STATUTES

11 U.S.C. § 546.................................................................................2, 11, 12, 13

11 U.S.C. § 550............................................................................3, 13, 14, 15, 16

15 U.S.C. § 78fff.............................................................................3, 13, 14-15

## RULES

Fed. R. Civ. P. 8...........................................................................................2, 11

Fed. R. Civ. P. 9...........................................................................................2, 9

Fed. R. Civ. P. 10...........................................................................................11

Fed. R. Civ. P. 12....................................................................................1, 15, 17

v

This Reply Memorandum of Law is respectfully submitted on behalf of Defendants SNS

Bank N.V. ("SNS Bank") and SNS Global Custody B.V. ("SNS Global Custody," and together

with SNS Bank, "Defendants"),[1] by counsel, in further support of their Motion to Dismiss the

Complaint (the "Complaint" or "Compl.")[2] of Plaintiff Irving H. Picard, Trustee (the "Trustee")

for the Liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS"), pursuant to

Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P." or "FRCP").

For the foregoing reasons and those set forth in Defendants' initial moving submission, the

Complaint should be dismissed in its entirety and with prejudice.[3]

## REPLY PRELIMINARY STATEMENT

The Trustee's Opposition ("Opp."), Dkt. 116, is comprised of references to inapposite and

unpersuasive case law and, at bottom, only reiterates the conclusory and flawed allegations in the

Complaint. Ultimately, the Complaint fails to state a cognizable claim for several reasons.

*First*, the Trustee fails to allege sufficient facts to demonstrate that Defendants

"purposefully availed" themselves in the forum state. The peripheral contacts alleged in the

Complaint do not establish that Defendants availed themselves of jurisdiction in New York. It has

been previously established that neither the forum selection clause in the subscription agreements

or mere email and phone communications with individuals in New York and/or the use of a New

York bank account are sufficient to establish jurisdiction. Seemingly recognizing these fatal

deficiencies, the Trustee doubles down on his attempt to attribute the contacts of a third-party to

---

[1] SNS Bank N.V. has been renamed de Volksbank N.V. since January 1, 2017, but all matters relevant to Defendants' Motion to Dismiss relate to the time period before such date.

[2] The Complaint, attached as Ex. A to the Shuster Decl., was filed on February 9, 2012. *See* Dkt. 1. Unless otherwise specified, all citations to "Dkt. __" refer to the docket in this adversary proceeding, Adv. Pro. No. 12-01046.

[3] All defined terms herein shall be ascribed the same meaning as in the Defendants' initial moving submission (hereafter referred to as the "Moving Br.") [Dkt. 112].

establish jurisdiction over Defendants. Here too, however, the Trustee's argument fails as a matter

of law, as there is no plausible legal theory upon which this Court may find jurisdiction exists over

Defendants based on a third-party's contacts.

*Second*, the Trustee's Opp. does little to explain the Complaint's failure to meet the

pleading standards set forth in Rules 8(a) and 9(b). While the Trustee acknowledges that a pleading

must contain a "short and plain statement" of relief, and that allegations of fraud require

compliance with a heightened pleading standard, he nevertheless insists that the Complaint, as

pled, meets the requisite standards. As set forth in greater detail below, however, that is simply not

the case, as the Trustee asks this Court for numerous leniencies to which he is not entitled (and of

a type which the Court has specifically directed parties in related actions not to indulge), such as:

(i) permitting the improper wholesale incorporation of the Fairfield Amended Complaint, without

specifying the relevant excerpts; (ii) accepting the incorporation of a pleading that has been

superseded and thus rendered moot, and; (iii) taking judicial notice of a pleading that was not

referenced in the original Complaint (*i.e.* the Fairfield Second Amended Complaint), without

explaining why judicial notice is warranted or how the allegations contained therein can be squared

with those in the Fairfield Amended Complaint. The Trustee has had over a decade to cure these

pleadings defects, yet deliberately chose not to do so, choosing instead to place the burden of

sifting through all of its referenced allegations on both this Court and Defendants.

*Third*, the Trustee's opposition to Defendants' use of the section 546(e) defense fails as a

matter of law. Contrary to the Trustee's position, as set forth more fully below, both Second Circuit

precedent and Congressional intent weigh in favor of permitting innocent subsequent transferees

to utilize the safe harbor defense. Accordingly, the bulk of the Trustee's claims should be

dismissed.

*Fourth*, rather than explain how the allegations in the Complaint are sufficient to establish that the subsequent transfers consisted of customer property, the Trustee argues instead that it need not do so under the requisite pleading standard. Yet, as set forth in the Moving Br. and further explained below, the Trustee's conclusory allegations listing the transfers from BLMIS to Fairfield Sentry, without any explanation as to the relevance of those transfers, is wholly insufficient to state a claim under 11 U.S.C. § 550. There is simply no way for the Defendants to determine whether the funds referred to in the Complaint were received by the Defendants, which undermines the very premise of a notice-style complaint. Without such necessary facts, the Trustee fails to state a claim under 11 U.S.C. § 550(a) or 15 U.S.C. § 78fff.

*Lastly*, the Complaint must be dismissed because Defendants are protected by the good-faith defense. The Trustee does not contest that an affirmative defense, such as the good-faith defense, may provide the basis for dismissal where the facts establishing such a defense are apparent on the face of the pleading. Here, there are no allegations (nor could there be) that Defendants had knowledge of Madoff's scheme. The Trustee may not conjure issues of fact to escape dismissal at the motion to dismiss stage where no such issues exist.

In light of the foregoing, the Complaint should be dismissed in its entirety and with prejudice.

## **REPLY ARGUMENT**

### I.    **The Trustee Has Failed to Establish that Defendants Have Sufficient Contacts With New York to Subject Them to Personal Jurisdiction in This Court.**

In opposing Defendants' motion to dismiss for lack of personal jurisdiction, the Trustee contends that specific personal jurisdiction exists over Defendants because Defendants' investments in, and communications with, the Fairfield Funds constitute "purposeful availment"

in New York.[4] *See* Opp., p. 8-9. In support of this theory, the Trustee asserts that jurisdiction is warranted because Defendants maintained the following contacts with the forum state: "(i) targeted the New York securities market by investing with BLMIS through the Fairfield Funds, knowing that their assets were managed and custodied by BLMIS in New York; (ii) directed communications regarding their investments with BLMIS through the Fairfield Funds to New York; (iii) used New York banks to transact with Fairfield Sentry; and (iv) agreed to New York jurisdiction, forum selection, service of process, and choice of law provisions related to their investments." *Id*. The foregoing allegations, however, are wholly insufficient to establish personal jurisdiction over Defendants for numerous, equally fatal, reasons.

*First*, the allegation that Defendants knew the funds they invested with Fairfield Sentry were being directed to New York, as pled, is plainly inadequate to establish personal jurisdiction over Defendants because it concerns Fairfield Sentry's, not Defendants', contacts in the forum state with BLMIS. The contacts of a third party cannot be attributed to a defendant as the basis to establish jurisdiction, as it is well settled that the "unilateral activity of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum . . . to justify an assertion of jurisdiction." *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417 (1984). In fact, this Court, and others similarly situated, have held that the investment of funds in New York is not a sufficient basis to establish jurisdiction. *See Steinberg v. A Analyst Ltd.,* No. 04-60898, 2009 WL 838989, at *5 (S.D. Fla. Mar. 25, 2009) (finding lack of personal jurisdiction where the investor's sole contact with New York was to route money via wire transfer through New York bank); *In re Amaranth Nat. Gas Commodities Litig.*,

---

[4] The Trustee does not contest the argument that this Court lacks general jurisdiction over Defendants. Accordingly, that point has been conceded. *See* Moving Br., pp. 7-8; *see* Opp., *generally*.

587 F. Supp. 2d 513, 536-37 (S.D.N.Y. 2008) (finding lack of personal jurisdiction where company's sole contact with the forum was investment in foreign hedge fund managed by members in the forum state), *aff'd sub nom. Gracey v. J.P. Morgan Chase & Co. (In re Amaranth Nat. Gas Commodities Litig.),* 730 F.3d 170 (2d Cir. 2013); *Suber v. VVP Servs., LLC,* No. 20-cv-08177, 2021 WL 4429237, at *9 (S.D.N.Y. Sept. 27, 2021), *aff'd in part, vacated in part on other grounds,* No. 21-2649, 2023 WL 115631 (2d Cir. Jan. 10, 2023).

Despite the contentions of the Trustee,, a court may only attribute the jurisdictional contacts of an entity to its shareholder(s) under an alter ego or agency theory. *See Tymoshenko v. Firtash*, No. 11-CV-2794, 2013 WL 1234943, at *4 (S.D.N.Y. Mar. 27, 2013)*; Cooper v. Parsky*, No. 95-10543, 1997 WL 242534, at *14 (S.D.N.Y. Jan. 8, 1997) (internal citation omitted) ("Even a controlling shareholder will not be subject to personal jurisdiction unless the record justifies piercing the corporate veil"), *aff'd in part, vacated in part on other grounds,* 140 F.3d 433 (2d Cir. 1998). Here, the Complaint does not plead facts that would, if correct, be sufficient to find jurisdiction under an alter ego or similar theory as between Fairfield Sentry and Defendants, as there are no facts to support a piercing of the corporate veil, which is a necessary component of such a theory. *See Cooper*, 1997 WL 242534, at *14 (mere status as "a New York corporation's shareholder[] . . . does not justify piercing the corporate veil"). Nor are there any allegations suggesting facts that Defendants had any control at all over the investment activities of Fairfield Sentry or BLMIS, a necessary element of an agency theory. *See Charles Schwab Corp. v. Bank of Am. Corp.*, 883 F.3d 68, 85 (2d Cir. 2018) (requiring the alleged agent in New York to have acted "for the benefit of, with the knowledge and consent of, and under some control by, the nonresident principal"). In fact, the allegations in the Complaint are clear that Defendants, as mere shareholders, did not control or direct Fairfield Sentry's actions, nor could they.

5

The Trustee's allegations neither sufficiently connect Defendants directly to New York nor allow the imputation of Fairfield Sentry's connections to New York to Defendants. The Trustee's argument that Defendants bought shares in Fairfield Sentry knowing that Fairfield Sentry was investing in the New York-based BLMIS and, therefore, purposefully availed themselves in the forum state fails as a matter of law as the Trustee does not, and cannot, establish that the investment of funds with a third-party who directs those funds into New York results in the original investor's "purposeful availment" of the privileges of doing business in New York.

*Second,* the Trustee's reliance on the subscription agreements to establish jurisdiction is no more availing. As previously set forth in the Moving Br., in *Fairfield I* this Court considered - and rejected - the very argument made by the Trustee here. *Fairfield Sentry Ltd. v. Theodoor GGC Amsterdam (In re Fairfield Sentry Ltd.),* No. 10-03496, 2018 WL 3756343, at *11-*12 (Bankr. S.D.N.Y. Aug. 6, 2018) ("*Fairfield I*"). Specifically, in *Fairfield I,* the Court held that the forum selection clause in the Fairfield subscription agreements did not apply to claims to recover a redemption payment from Fairfield Sentry on the basis that such a suit is not one "with respect to" the subscription agreements, but rather related to Fairfield Sentry's Articles of Association. Notably, the Trustee does not address the Court's holding in *Fairfield I* in his Opposition. The reason for this is simple - *Fairfield I* plainly forecloses the Trustee from relying on the Subscription Agreements as a basis for jurisdiction.

*Third,* the Trustee's allegation that Defendants "directed communications regarding their investments with BLMIS through the Fairfield Funds to New York" is similarly insufficient to establish jurisdiction. In his Opposition, the Trustee acknowledges that Defendants did not have physical presence within the forum state. Instead, the Trustee insists that Defendants' email and telephone communications with FGG and a pair of alleged in-person meetings with FGG personnel

and Madoff himself are sufficient "contributing factors" to find jurisdiction. As to Defendants' purported communications with FGG alone, the Trustee fails to plead sufficient facts to establish a nexus between FGG and BLMIS with respect to the Trustee's claims. Even with respect to the limited contacts alleged between Defendants and BLMIS directly, it is well settled that a "handful of communications . . . are insufficient to allow the exercise of specific personal jurisdiction" over a foreign defendant. *SPV Osus Ltd. v. UBS AG*, 882 F.3d 333, 345 (2d Cir. 2018); *see also* Moving Br., pp. 13-14 (collecting cases). The cases upon which the Trustee relies for a finding to the contrary are inapposite or otherwise irrelevant. For example, in *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, No. 08-01789 (CGM), 2022 WL 3094092, at *3 (Bankr. S.D.N.Y. Aug. 3, 2022) ("*Parson*"), the Trustee alleged that the defendant maintained significantly more contacts with the forum state, including but not limited to maintaining more than 95% of its fund in New York and *regular* in-person meetings in New York with both FGG management and Madoff himself. Here, the Trustee alleges nothing more than two isolated, incidental in-person contacts with New York, which the Trustee attempts to highlight in a way that is completely inconsistent with the immateriality of those alleged contacts to the business of Defendants as a whole. The Trustee has failed to demonstrate how any of Defendants' peripheral contacts with New York are sufficient to establish jurisdiction.[5]

*Fourth,* the Trustee's last alleged contact - namely, Defendants' use of New York banks - is similarly insufficient to establish jurisdiction. In support of its argument, the Trustee alleges that a handful of redemption payments and requests for wire transfers from Defendants through

---

[5] The Trustee's reliance on *Golden Archer Invs., LLC v. Skynet Fin. Sys.*, No. 11 CIV. 3673 (RJS), 2012 WL 123989, at *1 (S.D.N.Y. Jan. 3, 2012) is similarly unavailing, as the proposition upon which the Trustee relies has since been rejected. *See Hillel v. Obvio Health USA, Inc,* No. 20-CV-4647 (LAP), 2021 WL 229967, at *8 (S.D.N.Y. Jan. 21, 2021) (distinguishing *Golden Archer*, finding that to establish personal jurisdiction, a plaintiff must allege "something more" than mere e-mail, phone calls, and online video communications with persons in the forum state), *aff'd in part, vacated in part sub nom. Hillel v. IQVIA, Inc.,* No. 21-666, 2022 WL 905852 (2d Cir. Mar. 29, 2022).

Citibank NA and Deutsche Bank Trust Company Americas, each a New York bank, is sufficient

to establish jurisdiction. Contrary to the Trustee's assertion. But it is well-settled that the mere use

of a bank account by a foreign entity under a foreign contract does not confer jurisdiction. *See To

v. HSBC Holdings PLC*, No. 15CV3590, 2017 WL 816136, at *6 (S.D.N.Y. Mar. 1, 2017), *aff'd*,

700 F. App'x 66 (2d Cir. 2017) (holding the court lacked personal jurisdiction over foreign

defendants based solely on the transmission of information and funds "to and from BLMIS . . . [as

an] incidental consequence[] of fulfilling a foreign contract"); *see also Hill v. HSBC Bank plc*, 207

F. Supp. 3d 333, 339-40 (S.D.N.Y. 2016) (finding transmission of information and funds to and

from BLMIS to be "incidental consequences of fulfilling a foreign contract . . . insufficient to

'project' the Foreign Defendants into New York" and not amounting "to 'purposeful availment'

of the laws of [the forum]").[6]

   *Lastly,* the Trustee's request for jurisdictional discovery to cure his defective pleadings

should not be granted, as the Trustee has had ample time and access to relevant records; yet has

failed to do so. This case has been pending for more than a decade, during which the Trustee has

had full access to BLMIS's records, the discovery produced from the Fairfield Funds, as well as

from many other parties. To the extent the Trustee will be able to show Defendants' contacts with

New York, he is already in possession of all he needs to do so.[7] Jurisdictional discovery here will

---

[6] The Trustee's reliance on *Licci v. Lebanese Canadian Bank*, 732 F.3d 161 (2d Cir. 2013) and *Off. Comm. of Unsecured Creditor of Arcapita v. Bahrain Islamic Bank*, 549 B.R. 56, 69 (S.D.N.Y. 2016) is easily distinguishable because both of those cases involve banks that used accounts located in New York in furtherance of illegal activity. *See* Opp., p. 17. Here, there is no allegation that Defendants had knowledge of any illegal activity at the time of the subsequent transfers or that the use of the accounts was conducted in furtherance of any illegal activity.

[7] Unlike in *Fairfield Sentry Ltd. v. HSBC Sec. Servs. (Luxembourg) S.A.,* No. 21-CV-10316 (LAP), 2022 WL 3910679, at *1 (S.D.N.Y. Aug. 31, 2022), where the Court granted jurisdiction discovery because it found the defendants likely possessed additional facts to establish jurisdiction, here, there is no allegation that Defendants are in possession of any additional facts that could give rise to personal jurisdiction. *See Hitachi Data Sys. Credit Corp. v. Precision Discovery, Inc.,* 331 F. Supp. 3d 130, 147 n.3 (S.D.N.Y. 2018) (distinguishing *Kiobel v. Royal Dutch Petroleum Co.,* No. 02 Civ. 7618, 2009 WL 3817590 (S.D.N.Y. Nov. 16, 2009)*,* and denying request for jurisdictional discovery because, in part, the party requesting discovery failed to explain "how discovery would permit it to support any such theory."); *see also Ocean Units LLC v. Ill. Union Ins. Co.,* 528 F. Supp. 3d 99, 103 (E.D.N.Y. 2021) (challenging *Ayyash* v. *Bank Al-*

only further delay this decade-old proceeding and is highly unlikely to produce any further relevant

information.

## II.     The Complaint Fails to Satisfactorily Plead the Avoidability of the Initial Transfers, and the Trustee Cannot Cure Its Fatal Pleading Defects Through Wholesale Incorporation by Reference of a Superseded Complaint.

The Trustee does not dispute that the allegations set forth in the Complaint, standing alone,

are insufficient to state a claim for fraud under the heightened pleading standard imposed by Rule

9(b). Instead, the Trustee insists the Court must accept and incorporate the full 217-page complaint

(the "Fairfield Amended Complaint") filed in *Picard v. Fairfield Sentry Ltd*., Adv. Pro. No. 09-

01239 as if pled herein. This Court has directed parties in these related actions to treat each action

on a stand-alone basis, which is inconsistent with the Trustee's incorporation by reference of

filings in other actions. Yet, even if permitted, the Trustee's wholesale incorporation of the

Fairfield Amended Complaint is of no consequence, as that pleading has been superseded by a

second amended pleading and thus, rendered moot. Furthermore, even if incorporation were

permitted here to fill in the holes in the Trustee's Complaint, the manner in which the Trustee

seeks to incorporate the Fairfield Amended Complaint is improper and should not be permitted, as

the Trustee makes no attempt to designate the specific portions of the complaint he wishes to

incorporate, as required by both the Federal Rules and Second Circuit precedent.

As an initial matter, the Trustee does not contest that the Fairfield Amended Complaint -

the pleading he seeks to incorporate - has been superseded and thus, rendered moot. *See 680 Fifth*

*Ave. Assocs. v. EGI Co. Servs. Inc. (In re 680 Fifth Ave. Assocs.),* 209 B.R. 314, 323 (Bankr.

S.D.N.Y. 1997) citing *Int'l Controls Corp. v. Vesco,* 556 F.2d 665, 668-69 (2d Cir. 1977) ("an

---

*Madina,* No. 04-cv-920, 2006 WL 587342 (S.D.N.Y. Mar. 9, 2006), in holding that jurisdictional discovery should be limited, as "[d]iscovery is not a substitute for a guess, or a hope, or the absence of knowledge . . .").

amended complaint, after it has been properly served, supersedes the original and renders it of no legal effect."). The Trustee offers no explanation as to why he has failed to cure this fatal pleading defect, despite the fact that he has had more than a decade to do so. Rather, the Trustee cites a slew of cases for the proposition that incorporation of the Fairfield Amended Complaint is proper because it was filed in a related adversary proceeding and not a "separate action" - a point that Defendants do not contest. *See* Opp., pp. 23-25; *see also* Moving Br., p. 2.

In addition to the foregoing, the Trustee's failure to specify which portions of the Fairfield Amended Complaint he seeks to incorporate creates an undue burden on Defendants and this Court. In *United States v. Int'l Longshoremen's Ass'n*, 518 F. Supp. 2d 422, 461 (E.D.N.Y. 2007), the Court held that "references to prior allegations must be direct and explicit, in order to enable the responding party to ascertain the nature and extent of the incorporation." *see also Nycomed U.S. Inc. v. Glenmark Generics Ltd.*, No. 08-CV-5023, 2010 WL 1257803, at *4 (E.D.N.Y. Mar. 26, 2010) ("[a]lthough there is no prescribed procedure for referring to incorporated matter, the references to prior allegations must be direct and explicit, in order to enable the responding party to ascertain the nature and extent of the incorporation."). The cases cited by the Trustee further support Defendants' position. For example, in *In re Geiger* the court dismissed a complaint for improperly incorporating by reference other pleadings and leaving "the Defendant and the Court— to sift through many pages of attached material trying to figure out which fact goes with which allegation." *Am. Casein Co. v. Geiger (In re Geiger),* 446 B.R. 670, 679-80 (Bankr. E.D. Pa. 2010). Similarly, in *Multi-Strategy* incorporation by reference was permitted because the operative pleading specified which excerpts from the other complaint it wished to incorporate. *See Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 641 B.R. 78, 91 (Bankr. S.D.N.Y. 2022) ("*Multi-Strategy I*"); *see* Opp., p. 24. By contrast, here, the Trustee failed to specify which portions of the

10

vast Fairfield Amended Complaint he seeks to incorporate, leaving both Defendants and this Court

to "sift through" to try to determine which allegations are relevant.

Further confusing the issue, the Trustee argues that the Court may take judicial notice of

the Fairfield Second Amended Complaint. This argument, however, should be given no credence

because the Trustee has not even attempted to incorporate the Fairfield *Second* Amended

Complaint in this action. *See* Compl. [Dkt. 1, 113-1] ¶ 36 (incorporating by reference the Fairfield

Amended Complaint, only). Furthermore, the Trustee has failed to explain whether he now seeks

to incorporate both the Fairfield Amended Complaint and the Fairfield Second Amended

Complaint, or just the latter, creating additional headaches for both the Court and Defendants.

Judicial notice is not a cure-all for a litigant's failure to comply with the pleading requirements set

forth in the FRCP. None of the cases upon which the Trustee relies support a finding to the

contrary.[8]

### III.    The Bulk of the Trustee's Claims are Barred by 546(e)'s Safe Harbor.

The Trustee does not contest the fact that (with the exception of those transfers made within

two years of the Filing Date) the initial transfers from BLMIS to Fairfield Sentry satisfy Section

546(e). *See Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, No. 12 MC 115 JSR, 2013

WL 1609154, at *9 (S.D.N.Y. Apr. 15, 2013) ("*Cohmad II*") (holding BLMIS transfers meet the

criteria of Section 546(e)); *see also Picard v. Ida Fishman Revocable Tr. (In re Bernard L. Madoff

Inv. Sec. LLC)*, 773 F.3d 411, 420 (2d Cir. 2014) ("*Fishman*"); *Sec. Inv. Prot. Corp. v. Bernard L.*

---

[8] In support of its argument that the Court should take judicial notice of the Second Amended Complaint, the Trustee relies upon *Fairfield Investment Fund*. However, there, the Court did not address whether wholesale incorporation of a superseded pleading comports with Rules 8(a) and/or 10(c). In fact, the Court cautioned that "[l]imited quotation of a document in a complaint is insufficient" as the Trustee is seeking to incorporate a superseded pleading, not a decision in a prior lawsuit. *DeMasi v. Benefico*, 567 F. Supp. 2d 449, 453 (S.D.N.Y. 2008) (quotation marks and citation omitted). Similarly, *Ferrari v. Cnty. of Suffolk*, 790 F. Supp. 2d 34, 38 n.4 (E.D.N.Y. 2011) bears no weight here because the "prior pleading" sought to be incorporated has been superseded and thus, rendered moot. Lastly, the Trustee's reliance on *Rothman v. Gregor*, 220 F.3d 81, 91-92 (2d Cir. 2000) is misplaced as, unlike in that case, here, the Trustee has not submitted a copy of the later-filed complaint to request judicial notice be taken.

*Madoff Inv. Sec. LLC*, 505 B.R. 135, 140 (S.D.N.Y. 2013) ("*ABN AMRO*"). Specifically, there is

no dispute that (i) the initial transfers are settlement payments made in connection with multiple

securities contracts, and (ii) were made by a stockbroker, to, and for the benefit of, multiple

financial institutions. *See* Opp. pp. 27-31.

In challenging Defendants' use of the safe harbor, the Trustee relies upon the district

court's recent ruling in *Multi-Strategy*, which was issued after Defendants filed their Opening Br.

*Picard v. Multi-Strategy Fund Ltd.*, No. 22-CV-06502 (JSR), 2022 WL 16647767 (S.D.N.Y. Nov.

3, 2022) ("*Multi-Strategy II*"). Defendants recognize that *Multi-Strategy II* endorsed this Court's

view that the Section 546(e) safe harbor is available to subsequent transferees only if it would be

available to the relevant initial transferee, and respectfully submit that *Multi-Strategy II* was

decided in error.

Defendants maintain that a subsequent transferee is entitled to raise a Section 546(e) safe

harbor defense irrespective of the initial transferee's actual knowledge of the fraud. This reading

is consistent with Second Circuit precedent and Congressional intent. In enacting the safe harbor

protection, Congress clearly intended to protect the stability of the securities market by enacting

protections for innocent transferees—both initial and subsequent— from liability. The Second

Circuit noted as much in *Fishman*, where it held that "[p]ermitting the clawback of millions, if not

billions, of dollars from BLMIS clients—many of whom are institutional investors and feeder

funds—would likely cause the very 'displacement' that Congress hoped to minimize in enacting

§ 546(e)." *Fishman*, 773 F.3d at 420.

Permitting the Trustee to recover from Defendants here, based solely on the initial

transferees' knowledge, would create an exception to § 546(e) such that would undermine its very

purpose, as Defendants believed BLMIS was "actually engaged in the business of effecting

securities transactions," and, therefore, "have every right to avail themselves of all the protections afforded to the clients of stockbrokers, including the protection offered by § 546(e)." *Id.* Furthermore, a subsequent transferee is entitled to raise a 546(e) defense on its own behalf, regardless of whether such defense was raised by the initial transferee. *See* Moving Br. p. 20, quoting *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Madoff)*, No. 08-01789 (CGM), 2021 WL 3477479, at *3 (Bankr. S.D.N.Y. Aug. 6, 2021) (". . . the subsequent transferee is [] entitled to raise a § 546(e) defense against recovery of those funds.").

## IV. The Complaint Fails to Plausibly Allege That the Subsequent Transfers Were of BLMIS Customer Property.

The Trustee agrees that to successfully plead a claim under either 11 U.S.C. § 550(a) or 15 U.S.C. § 78fff, a plaintiff must *plausibly* plead facts showing that the subsequent transfer being challenged was estate property. While a "tracing analysis" or "dollar-for-dollar accounting" is not required, "barebones allegations" will not suffice.

In opposing Defendants' Motion, the Trustee simply reiterates the scarce, conclusory, allegations of the Complaint and insists that the details alleged therein are sufficient to meet its pleading burden. Rather than attempt to explain how the calculations contained in the Complaint are mathematically plausible, the Trustee, instead, shifts the focus away from its insufficient allegations by arguing that Defendants somehow seek to change the Trustee's pleading burden. That is simply not the case. In the Moving Brief, Defendants rely upon *Shapiro* for the applicable legal standard. *See* Moving Br., p. 23; *Picard v. Shapiro* (*In re Bernard L. Madoff Inv. Sec. LLC*), 542 B.R. 100, 119 (Bankr. S.D.N.Y. 2015) (to state a claim under 11 U.S.C. § 550, the Trustee "must allege facts that support the inference that the funds at issue originated with the BLMIS, and contain the 'necessary vital statistics'—the 'who, when, and how much' of the transfers to establish that an entity was a subsequent transferee of the funds"). Contrary to the Trustee's

assertion, Defendants never claimed that *Shapiro* changed the pleading standard, nor did Defendants argue that an exact accounting was necessary at this stage of the litigation, or that any commingling of funds would defeat the Trustee's claim. In fact, Defendants rely upon *Shapiro* because there, the court found that the Trustee's pleading "lack[ed] the vital statistics necessary to support a subsequent transfer claim" because it failed to "tie any initial transfer to any subsequent transfer or Subsequent Transferee," and failed to "plausibly imply that the initial transferees even made subsequent transfers to the Subsequent Transferees as opposed to third parties, or that they made the subsequent transfers rather than simply keep the initial transfers for themselves." *Shapiro,* 542 B.R. 100 at 119. While the Trustee attempts to distinguish *Shapiro* by claiming that the Complaint here meets the *Shapiro* requirements, he does not elaborate as to how. At bottom, the Complaint fails to sufficiently tie the alleged initial transfers "to any subsequent transfer or Subsequent Transferee," as it merely lists transfers from BLMIS to Fairfield Sentry without explaining how those transfers are related to the payment of any redemption request from Defendants. Such conclusory allegations are wholly insufficient to survive dismissal.

Similarly, the Trustee mischaracterizes Defendants' argument concerning any alleged "heightened" pleading burden. Defendants cite to *Pension Benefit Guar. Corp. ex rel. St. Vincent Cath. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc*., 712 F.3d 705, 709, 723 (2d Cir. 2013) and *Sapia v. Home Box Off., Inc*., No. 18 Civ. 1317, 2018 WL 6985223, at *8 (S.D.N.Y. Dec. 17, 2018) to clarify the burden already in place - namely, that the Trustee must allege sufficient facts to state a claim and that it may not create issues of fact to avoid dismissal where the necessary facts to resolve such issues are all within its possession.

In light of the Trustee's failure to plausibly allege the transfer of BLMIS property to the subsequent transferee, the Complaint fails to state a claim under 11 U.S.C. § 550(a) or 15 U.S.C.

§ 78fff and should therefore be dismissed in its entirety. Proceeding to discovery to test the

Trustee's allegations, as he suggests, would be inappropriate, as the Complaint itself is defective.

## V. The Good Faith Defense Provides for Dismissal of This Action, As the Applicability of the Defense is Apparent on the Face of the Complaint.

Section 550(b) of the Bankruptcy Code bars a trustee from recovering from a subsequent

transferee who took for value, in good faith, and without knowledge of the voidability of the

transfer. *See* 11 U.S.C. § 550(b). The Trustee does not dispute that the good faith defense, if

successfully asserted, would bar recovery of the subsequent transfers from Defendants. Instead,

the Trustee claims only that the assessment of such a defense is not warranted at this stage of the

litigation because it is a "fact-driven" defense, requiring "factual analyses and a presentation of

evidence." Opp., p. 35.

This Court has previously stated that a litigant can "plead itself out of court by

unintentionally alleging facts (taken as true) that establish an affirmative defense." *See Picard v.*

*Merkin (In re Bernard L. Madoff Inv. Sec., LLC),* 440 B.R. 243, 256 (Bankr. S.D.N.Y. 2010)

("*Merkin*"). That is precisely the case here. Where, as here, the affirmative defense of good faith

can be ascertained from the face of the pleadings, the complaint must be dismissed. *See Gym Door*

*Repairs, Inc. v. Young Equip. Sales, Inc.,* 206 F. Supp. 3d 869, 890 (S.D.N.Y. 2016) ("a complaint

is subject to dismissal for failure to state a claim when an affirmative defense clearly appears on

the face of the complaint."); *see also Gilmore v. Rivera,* No. 13 Civ. 6955, 2014 WL 1998227, at

*2 (S.D.N.Y. May 14, 2014) ("Dismissal under Fed. R. Civ. P. (12)(b)(6) is also proper if an

affirmative defense, or other bar to relief, is apparent from the face of the complaint."). The

allegations set forth in the Fairfield Second Amended Complaint plainly establish that Defendants

were subsequent transferees who took (i) for value, (ii) in good faith, and (iii) without knowledge

of the voidability of the transfer.

Regarding the first element, that the subsequent transferees take "for value," there is no question that the surrender of shares in exchange for cash constitutes an exchange "for value." *See Quilvest Fin. Ltd. v. Fairfield Sentry Ltd.,* Nos. HCVAP 2011/041-062 (E.C.S.C. BVI Ct. App. June 13, 2012)[9]; *see also Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC,* No. 08-01789 (SMB), 2020 WL 1584491, at *9 (Bankr. S.D.N.Y. Mar. 31, 2020) ("Surrendering equity interests constitutes value for purposes of section 550(b) because it is consideration sufficient to support a simple contract."). In opposing Defendants' motion, the Trustee argues (at 37) that the determination of whether Defendants took for value is a "fact-driven element," which cannot be decided at this stage of the litigation because "the Complaint does not mention Defendants exchanging shares for consideration." This argument, however, is unavailing, as the Complaint clearly alleges that the Trustee seeks recovery of transfers received by Defendants in exchange for the redemption of their equity interests as shareholders in the Fairfield Funds. Those allegations are sufficient to meet the "for value" requirement of 550(b).

Turning to the "good faith" and "without knowledge" elements, the Trustee again argues that those are factual issues which cannot be decided on a motion to dismiss and, further, that that the good-faith defense may only be granted at this stage in certain, limited, exceptions. Here, too, the Trustee's argument is unavailing as the allegations in the Complaint plainly establish that Defendants took in good faith and without knowledge of the underlying fraud.

The cases cited by the Trustee do not support a finding in his favor. In *In re Dreier LLP,* for example, the court denied the defendant's motion to dismiss pursuant to good faith defense because the complaint there did not "contain allegations establishing good faith as a matter of law." *Gowan v. Patriot Grp., LLC (In re Dreier LLP)*, 452 B.R. 391, 425 (Bankr. S.D.N.Y. 2011). By

---

[9] *See* https://www.eccourts.org/quilvest-finance-ltd-and-others-v-fairfield-sentry-ltd/.

contrast, here, the Trustee's own allegations in the Fairfield Second Amended Complaint, on its face, establish Defendants' good faith, as the allegations make clear that Defendants did not and could not have reasonably discovered the fraudulent purpose of the transfers. *See* Moving Br., p. 26-27. The *In re Dreier* court acknowledged that "a complaint may be subject to dismissal under Rule 12(b)(6) when an affirmative defense . . . appears on its face." *Id.* at 427.[10]

In a further attempt to distract the Court from the applicability of the good faith defense, the Trustee argues that Defendants inappropriately "cherry-picked" allegations and factual inferences from the Fairfield Second Amended Complaint that demonstrate Defendants' taking "for value" and in good faith, so as to draw the Court to a conclusion in their favor. As an initial matter, the allegations upon which Defendants rely were not "cherry- picked" or taken at random. Rather, Defendants cite to more than twenty statements in the operative pleading wherein the Trustee himself alleged that BLMIS operated under a cloak of secrecy, such that even the SEC was unaware of the ongoing scheme. *See* Moving Br., p. 27-28.

Additionally, while the Trustee relies on the opinions in *Banque Syz*, *First Gulf, Delta, ABN Ireland,* and *Merkin I* for the proposition that the affirmative defense of good faith could not be established at the motion to dismiss stage of the litigation, none of those cases are applicable here as each such case involved pleadings with far more extensive allegations concerning the likelihood that the defendant had knowledge. *See* Opp., pp. 34-35. By way of specific example, in both *Banque Syz* and *First Gulf,* the Trustee argued that "[the defendant's] expertise in private banking and institutional asset management, as well as its substantial investments in the Madoff Feeder Funds, provided it access to information about the operations of BLMIS, and therefore [the

---

[10] The Trustee's reliance on *In re Bernard L. Madoff Inv. Sec. LLC,* No. 20-cv-02586, 2022 WL 1304589, at *3-4 (S.D.N.Y. May 2, 2022) ("*ABN Ireland*") is similarly misplaced as there, the Court simply held that the bankruptcy court's decision should be reversed because it was based on an outdated good-faith standard.

defendant] knew or should have known of numerous irregularities concerning investing through BLMIS." *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, No. 08-01789, 2022 WL 2135019, at *11 (Bankr. S.D.N.Y. June 14, 2022) ("*Banque Syz*"); *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC,* No. 08-01789 (CGM), 2022 WL 3354955, at *11 (Bankr. S.D.N.Y. July 18, 2022) ("*First Gulf*"). Similarly, in *Merkin I*, the Trustee alleged far more specific facts demonstrating the defendant's likely knowledge of the underlying fraud, including, in particular, the defendant's "unusually close business and social relationship with Madoff" and possession of account statements that "reflected hundreds of trades exercised at prices outside the daily range possible for those securities" *Merkin,* 440 B.R. at 252-53.

Here, by contrast, there is no allegation suggesting that Defendants had, or could have had, any knowledge of the Madoff fraud. The Trustee seemingly recognizes this fact by arguing that discovery is necessary before the Court may dismiss the Complaint. However, as previously established, discovery is not warranted or justified where, as here, the pleading is subject to dismissal because the affirmative defense is present on the face of the pleadings. *See Gilmore*, 2014 WL 1998227, at *2, *supra.*

## **CONCLUSION**

For the foregoing reasons and those set forth in Defendants' Moving Brief, the Court should dismiss the Complaint in its entirety, and with prejudice.

18

Dated: January 30, 2023
      New York, New York

Respectfully Submitted,

WILMER CUTLER PICKERING HALE AND
DORR LLP

By: */s/* George W. Shuster, Jr.
George W. Shuster, Jr.
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Telephone: (212) 230-8800
Facsimile:  (212) 230-8888
Email: george.shuster@wilmerhale.com

*Counsel for Defendants SNS Bank N.V. and SNS*
*Global Custody B.V.*