**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | |
| Plaintiff-Applicant, | Adv. Pro. No. 08-01789 (CGM) |
| v. | SIPA Liquidation |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | (Substantively Consolidated) |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, | |
| Plaintiff, | Adv. Pro. No. 12-01019 (CGM) |
| v. | |
| BANCO ITAÚ EUROPA LUXEMBOURG S.A., and BANCO ITAÚ EUROPA INTERNATIONAL, | **THE ITAU DEFENDANTS' ANSWER TO THE COMPLAINT; DEMAND FOR JURY TRIAL** |
| Defendants. | |

# ANSWER

Defendants Itaú BBA International (Cayman) Ltd. (f/k/a Itaú Europa Luxembourg, S.A., f/k/a Banco Itaú Europa Luxembourg, S.A.) and Banco Itaú International (f/k/a Banco Itaú Europa International) (collectively, the "Itaú Defendants"), by and through their undersigned counsel, hereby answer the Complaint of the Trustee,[1] dated January 12, 2012 (the "Complaint"), as follows:[2]

## I. NATURE OF THE ACTION[3]

1. The Itaú Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 1.

2. The Itaú Defendants deny the allegations in Paragraph 2, except admit that the Trustee is seeking to recover funds from the Itaú Defendants and that the Fairfield funds are in liquidation proceedings in the BVI.

3. The allegations in Paragraph 3 purport to state legal conclusions to which no response is required. To the extent a response is required, the Itaú Defendants deny the allegations in Paragraph 3, except admit that the entity formerly known as Banco Itaú was a société anonyme and that Itaú International was an Edge Act corporation.[4]

## II. JURISDICTION AND VENUE

4. The allegations in Paragraph 4 purport to state legal conclusions to which no response is required. To the extent a response is required, the Itaú Defendants deny the allegations in Paragraph 4.

---

[1] Capitalized terms used in this Answer shall have the meaning ascribed to them in the Complaint unless otherwise defined herein.

[2] Responses to numbered paragraphs of the Complaint include responses to any footnotes to the particular numbered paragraph and to any exhibits or appendices cited therein.

[3] The Itaú Defendants deem the section headings in the Complaint not to constitute allegations of the Complaint. To the extent any section headings are allegations, the Itaú Defendants admit or deny them consistent with their responses to the allegations contained in the numbered paragraphs of the Complaint.

[4] The entity formerly known and sued as Banco Itaú Europa Luxembourg, S.A. (defined in the Complaint as Defendant Banco Itaú) was a predecessor entity to Itaú BBA International (Cayman) Ltd.. All responses in this Answer that relate to the entity formerly known as Banco Itaú Europa Luxembourg, S.A. are made on behalf of Itaú BBA International (Cayman) Ltd. but relate to facts and allegations concerning Banco Itaú Europa Luxembourg, S.A. at the time of any specific allegation or at the time of the Complaint, unless otherwise specified herein.

5.  The allegations in Paragraph 5 purport to state legal conclusions to which no response is required. To the extent a response is required, the Itaú Defendants deny the allegations in Paragraph 5.

6.  The Itaú Defendants deny the allegations in Paragraph 6.

7.  The allegations in Paragraph 7 purport to state legal conclusions to which no response is required. To the extent a response is required, the Itaú Defendants deny the allegations in Paragraph 7, except admit that Itaú International maintains a place of business in Miami, Florida.

8.  The allegations in Paragraph 8 purport to state legal conclusions to which no response is required. To the extent a response is required, the Itaú Defendants deny the allegations in Paragraph 8.

9.  The allegations in Paragraph 9 purport to state legal conclusions to which no response is required. To the extent a response is required, the Itaú Defendants deny the allegations in Paragraph 9.

10. The allegations in Paragraph 10 state legal conclusions to which no response is required. To the extent a response is required, the Itaú Defendants deny the allegations in Paragraph 10. The Itaú Defendants do not consent to issuance or entry of final orders or judgments by the Bankruptcy Court and demands trial by jury of all issues that may be tried by a jury.

11. The allegations in Paragraph 11 state a legal conclusion to which no response is required. To the extent a response is required, the Itaú Defendants deny the allegations in Paragraph 11.

### III.  BACKGROUND

12. The Itaú Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 12.

13. The Itaú Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 13.

14. The allegations in Paragraph 14 purport to state legal conclusions to which no response is required. To the extent a response is required, the Itaú Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 14.

15. The allegations in Paragraph 15 purport to state legal conclusions to which no response is required. To the extent a response is required, the Itaú Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 15.

16. The allegations in Paragraph 16 purport to state legal conclusions to which no response is required. To the extent a response is required, the Itaú Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 16.

17. The allegations in Paragraph 17 purport to state legal conclusions to which no response is required. To the extent a response is required, the Itaú Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 17.

18. The allegations in Paragraph 18 purport to state legal conclusions to which no response is required. To the extent a response is required, the Itaú Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 18.

## IV. TRUSTEE'S POWERS AND STANDING

19. The allegations in Paragraph 19 purport to state legal conclusions to which no response is required. To the extent a response is required, the Itaú Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 19.

20. The allegations in Paragraph 20 purport to state legal conclusions to which no response is required. To the extent a response is required, the Itaú Defendants deny the allegations in Paragraph 20.

21. The allegations in Paragraph 21 purport to state legal conclusions to which no response is required. To the extent a response is required, the Itaú Defendants deny the allegations in Paragraph 21.

22. The allegations in Paragraph 22 purport to state legal conclusions to which no response is required. To the extent any further response is required, the Itaú Defendants deny the allegations in Paragraph 22.

## V. THE DEFENDANTS

23. The Itaú Defendants deny the allegations in Paragraph 23, except they admit that Defendant Banco Itaú was a Luxembourg société anonyme at the time the Complaint was filed and that it maintained a place of business at 29 Avenue de la Porte Neuve L2227, Luxembourg at that time.

24. The Itaú Defendants admit the allegations of Paragraph 24.

## VI. THE PONZI SCHEME

25. The Itaú Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 25.

26. The Itaú Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 26.

27. The Itaú Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 27.

28. The Itaú Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 28.

3

29. The Itaú Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 29.

30. The Itaú Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 30.

31. The Itaú Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 31.

32. The Itaú Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 32.

33. The Itaú Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 33.

34. The Itaú Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 34.

35. The Itaú Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 35.

## VII. THE TRANSFERS

36. The Itaú Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 36.

### A. KINGATE GLOBAL

#### 1. Initial Transfers From BLMIS To Kingate Global

37. The allegations in Paragraph 37 purport to state legal conclusions to which no response is required. To the extent that a response is required, the Itaú Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 37, except admit that the Trustee filed lawsuits against Kingate Global and other defendants.

38. The allegations in Paragraph 38 purport to state legal conclusions to which no response is required. To the extent that a response is required, the Itaú Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 38.

39. The allegations in Paragraph 39 purport to state legal conclusions to which no response is required. To the extent that a response is required, the Itaú Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 39.

40. The allegations in Paragraph 40 purport to state legal conclusions to which no response is required. To the extent that a response is required, the Itaú Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 40.

4

41. The allegations in Paragraph 41 purport to state legal conclusions to which no response is required. To the extent that a response is required, the Itaú Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 41.

42. The allegations in Paragraph 42 purport to state legal conclusions to which no response is required. To the extent that a response is required, the Itaú Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 42 (and in Exhibits A and B).

### 2. Subsequent Transfers From Kingate Global To Defendant Banco Itaú

43. The allegations in Paragraph 43 purport to state legal conclusions to which no response is required. To the extent that a response is required, the Itaú Defendants deny the allegations in Paragraph 43.

44. The Itaú Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 44. The Itaú Defendants object to, and do not consent to, any reservation of rights by the Trustee to add new claims or transfers or to increase the amount to be recovered by the Trustee.

### B. FAIRFIELD SENTRY

### 1. Initial Transfers From BLMIS To Fairfield Sentry

45. The Itaú Defendants (a) admit that the Trustee filed an action styled as *Picard* v. *Fairfield Sentry Ltd., et al.*, Adv. Pro. No. 09-01239 (BRL) (the "Sentry Action"), (b) deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the three complaints filed in the Sentry Action that the Trustee purports to incorporate by reference in the Complaint, (c) deny that the initial transfers of Customer Property to Sentry the Trustee seeks to avoid and recover in the Sentry Action were avoided or are avoidable, (d) to the extent necessary to support such denial, deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the three complaints filed in the Sentry Action that purport to support the claim that any initial transfers of Customer Property to Sentry are or were avoided or avoidable, and (e) object to the incorporation by reference of each and every paragraph and allegation in the three complaints in the Sentry Action, but reserve the right to rely on and introduce any allegations in the referenced "Fairfield Amended Complaint" or its exhibits as opposing party admissions admissible for the truth of their contents.

46. The allegations in Paragraph 46 purport to state legal conclusions to which no response is required. To the extent that a response is required, the Itaú Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 46.

47. The allegations in Paragraph 47 purport to state legal conclusions to which no response is required. To the extent that a response is required, the Itaú Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 47.

48.     The allegations in Paragraph 48 purport to state legal conclusions to which no response is required.  To the extent that a response is required, the Itaú Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 48.

49.     The allegations in Paragraph 49 purport to state legal conclusions to which no response is required.  To the extent that a response is required, the Itaú Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 49 (and in Exhibits D and E).

50.     The allegations in Paragraph 50 purport to state legal conclusions to which no response is required.  To the extent that a response is required, the Itaú Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 50.

### 2. Subsequent Transfers From Fairfield Sentry To Defendant Banco Itaú

51.     The Itaú Defendants deny the allegations in Paragraph 51 (and in Exhibit F).

52.     The Itaú Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 52.  The Itaú Defendants object to, and do not consent to, any reservation of rights by the Trustee to add new claims or transfers or to increase the amount to be recovered by the Trustee.

### 3. Subsequent Transfers From Fairfield Sentry To Defendant Itaú International

53.     The Itaú Defendants deny the allegations in Paragraph 53 (and Exhibit G).

54.     The Itaú Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 54.  The Itaú Defendants object to, and do not consent to, any reservation of rights by the Trustee to supplement the complaint, add new claims or transfers, or to increase the amount to be recovered by the Trustee.

55.     Paragraph 55 does not contain any factual allegations that can be admitted or denied.  To the extent that a response is required, the Itaú Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 55.

### 4. Subsequent Transfers From Fairfield Sentry To Fairfield Sigma And Subsequently To Defendant Banco Itaú

56.     The Itaú Defendants deny the allegations in Paragraph 56 (and Exhibits H and I).

57.     The Itaú Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 57.  The Itaú Defendants object to, and do not consent to, any reservation of rights by the Trustee to supplement the complaint, add new claims or transfers, or to increase the amount to be recovered by the Trustee.

58.     Paragraph 58 does not contain any factual allegations that can be admitted or denied. To the extent that a response is required, the Itaú Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 58.

## COUNT ONE
## RECOVERY OF KINGATE GLOBAL SUBSEQUENT TRANSFERS –
## 11 U.S.C. §§ 550 AND 551 AND NYDCL § 278

59.     The Itaú Defendants incorporate by reference their responses to the allegations contained in each of the previous paragraphs of this Complaint as if fully rewritten in this paragraph.

60.     The Itaú Defendants deny the allegations in Paragraph 60.

61.     The Itaú Defendants deny the allegations in Paragraph 61.

62.     The Itaú Defendants deny the allegations in Paragraph 62.

63.     The Itaú Defendants deny the allegations in Paragraph 63.

## COUNT TWO
## RECOVERY OF FAIRFIELD SUBSEQUENT TRANSFERS –
## 11 U.S.C. §§ 550 AND 551 AND NYDCL § 278

64.     The Itaú Defendants incorporate by reference their responses to the allegations contained in each of the previous paragraphs of this Complaint as if fully rewritten in this paragraph.

65.     The Itaú Defendants deny the allegations in Paragraph 65.

66.     The Itaú Defendants deny the allegations in Paragraph 66.

67.     The Itaú Defendants deny the allegations in Paragraph 67.

68.     The Itaú Defendants deny the allegations in Paragraph 68.

## RESPONSE TO REQUEST FOR RELIEF

The Request for Relief sets forth legal conclusions to which no response is required. To the extent a response is required, the Itaú Defendants deny that the Trustee is entitled to the requested relief or to any other relief.

## AFFIRMATIVE DEFENSES[5]

The Itaú Defendants assert the following defenses without assuming the burden of proof or persuasion as to any element of the Trustee's claims.

### FIRST DEFENSE

### Bankruptcy Code Safe Harbor (11 U.S.C. § 546(e))

The alleged transfers to the Itaú Defendants, if any, may not be recovered because some or all of the alleged transfers (if any), are subject to the safe harbor in Section 546(e) of the Bankruptcy Code, 11 U.S.C. § 546(e). Any such alleged transfers were (i) made by or to (or for the benefit of) a stockbroker, financial institution(s), financial participant(s), or other covered entity or entities; (ii) settlement payments and/or transfers made in connection with a securities contract (including any between BLMIS and Fairfield Sentry or Fairfield Sigma, and/or between Fairfield Sentry or Fairfield Sigma and the Itaú Defendants); and (iii) made more than two years before the petition date and are thus not recoverable under 11 U.S.C. § 548(a)(1)(A). Because the alleged transfers are not avoidable, property received by the Itaú Defendants as part of the alleged transfers, if any, is not recoverable from the Itaú Defendants. In addition, at the time of the alleged transfers from Fairfield Sentry or Fairfield Sigma to the Itaú Defendants, the Itaú Defendants took any funds received from Fairfield Sentry or Fairfield Sigma for value and in good faith, and the Itaú Defendants had no actual knowledge that Madoff or BLMIS were not trading securities or that they were perpetrating a Ponzi scheme.

---

[5] The Itaú Defendants are not articulating any defenses related to the alleged transfers from Kingate Global Fund Ltd. as the Trustee has dismissed those claims.

**SECOND DEFENSE**

**No Customer Property (15 U.S.C. § 78fff-2(c)(3))**

The alleged transfers the Itaú Defendants received from Fairfield Sentry or Fairfield Sigma did not constitute BLMIS customer property and therefore may not be recovered. On information and belief, and as set forth in the Itaú Defendants' March 14, 2022 Memorandum of Law on Support of the Itaú Defendants Motion to Dismiss the Complaint (the "Motion to Dismiss"), some or all of the redemption payments the Itaú Defendants received could not have been sourced from BLMIS customer property because prior allegedly avoidable transfers from BLMIS to Fairfield Sentry had been distributed by Fairfield Sentry or Fairfield Sigma to their affiliates or other institutions or individuals prior to any transfers to the Itaú Defendants.

**THIRD DEFENSE**

**Proceeds Not Recoverable**

In the alternative, to the extent that the property, if any, that the Itaú Defendants received from Fairfield Sentry or Fairfield Sigma was proceeds of Customer Property that BLMIS transferred to Fairfield Sentry or Fairfield Sigma, it is not recoverable by the Trustee from the Itaú Defendants under section 550(a)(2) of the Bankruptcy Code.

**FOURTH DEFENSE**

**For Value, in Good Faith, and Without Knowledge of Voidability (11 U.S.C. § 550(b))**

The Itaú Defendants took any funds they received from Fairfield Sentry or Fairfield Sigma for value, in good faith, and without knowledge of the voidability of any alleged initial transfers from BLMIS to Fairfield Sentry or Fairfield Sigma, and thus the alleged transfers to the Itaú Defendants, if any, may not be recovered pursuant to 11 U.S.C. § 550(b).

The Itaú Defendants took for value because the alleged transfers they received from Fairfield Sentry or Fairfield Sigma, if any, were made in exchange for the Itaú Defendants' surrender of their shares in Fairfield Sentry or Fairfield Sigma.

The Itaú Defendants did not have actual knowledge of any fraudulent purpose behind the alleged transfers they received, if any. The Itaú Defendants did not know facts that would have prompted a reasonable person or entity in their position to conduct further inquiry into whether there was any fraudulent purpose behind any alleged transfers, whether Madoff was engaged in a Ponzi scheme, or any other subject. Even if the Itaú Defendants had been on inquiry notice of a Ponzi scheme or some other possible fraudulent purpose behind any alleged transfers they received, a diligent inquiry by the Itaú Defendants would not have discovered such facts. Other entities, including the United States Securities and Exchange Commission, with greater investigatory tools and resources than the Itaú Defendants, and with more access to BLMIS personnel and documentation than the Itaú Defendants, repeatedly examined and investigated BLMIS but failed to uncover Madoff's fraud before December 2008. The Itaú Defendants did not have the ability to compel the production of information from third parties that would have been necessary to establish that BLMIS was committing fraud. Diligent inquiry by the Itaú Defendants would not have discovered the fraudulent purpose of any alleged transfers.

The Itaú Defendants did not have knowledge of the voidability of any alleged transfers from BLMIS to Fairfield Sentry or Fairfield Sigma when they received the alleged subsequent transfers, if any.

10

## FIFTH DEFENSE

### Lack of Subject Matter Jurisdiction
### (U.S. Const. art. III; Fed. R. Civ. P. 12(b)(1); Fed. R. Bankr. P. 7012(b))

This Court lacks jurisdiction under Article III of the U.S. Constitution to enter final orders or judgment in this proceeding.

## SIXTH DEFENSE

### Lack of Personal Jurisdiction
### (Fed. R. Civ. P. 12(b)(2); Fed. R. Bankr. P. 7012(b))

This Court lacks personal jurisdiction over the Itaú Defendants, including for each of the reasons stated in the Itaú Defendants' Memorandum of Law in Support of its Motion to Dismiss the Complaint, filed on March 14, 2022 in this adversary proceeding, ECF 117, and proceedings thereon, and the Itaú Defendants have not consented to a decision by this Court or this Court's authority to hear and determine the action.

## SEVENTH DEFENSE

### Failure to State a Claim (Fed. R. Civ. P. 12(b)(6); Fed. R. Bankr. P. 7012(b))

The Complaint fails to state a claim upon which relief can be granted, including for each of the reasons stated in the Itaú Defendants' Motion to Dismiss the Complaint, filed on March 14, 2022 in this adversary proceeding, ECF 117, and proceedings thereon.

## EIGHTH DEFENSE

### Initial Transfer Not Avoided (11 U.S.C. § 550(a))

The Trustee may not recover the alleged transfers from Fairfield Sentry or Fairfield Sigma to the Itaú Defendants, if any, to the extent that he has not avoided the alleged initial transfers from BLMIS to Fairfield Sentry or Fairfield Sigma.

**NINTH DEFENSE**

**No Ponzi Scheme Presumption**

The Trustee may not rely on a "Ponzi scheme presumption" to prove that the alleged initial transfers from BLMIS to Fairfield Sentry or Fairfield Sigma that he seeks to recover from the Itaú Defendants were made with actual intent to hinder, delay, or defraud any BLMIS creditor.

**TENTH DEFENSE**

**Mere Conduit Defense**

To the extent that Fairfield Sentry or Fairfield Sigma were mere conduits any claimed transfers were initial transfers from BLMIS to the Itaú Defendants, and some or all of the redemptions received by the Itaú Defendants were initial transfers from BLMIS to the Itaú Defendants that are subject to the safe harbor under 11 U.S.C. § 546(e); any Trustee proceeding to avoid the alleged transfers is untimely; and the Itaú Defendants may retain the amount they received, if any, pursuant to 11 U.S.C. § 548(c) and 11 U.S.C. § 548(d)(2)(B) because they took any alleged transfers for value and in good faith. Furthermore, the Itaú Defendants were mere conduits for transfers made by BLMIS, Fairfield Sentry, or Fairfield Sigma, with the real beneficiaries and entities controlling the proceeds of such transfers being customers or clients of the Itaú Defendants, and the Itaú Defendants therefore cannot be compelled to return such transfers (if any).

**ELEVENTH DEFENSE**

**New York Debtor and Creditor Law**

The Trustee's claims are barred, in whole or in part, because the Trustee failed to plead all of the elements of fraudulent transfer under section 544 of the Bankruptcy Code and

12

sections 273, 274, 275, 276, 276-a, 278 and/or 279 of the New York Debtor and Creditor Law with sufficient particularity and factual support.

## TWELFTH DEFENSE

### Section 278(1) of New York Debtor and Creditor Law

The Trustee's claims are barred, in whole or in part, because the alleged Fairfield Sentry or Fairfield Sigma Initial Transfers were taken, if at all, for fair consideration and without knowledge of the fraud, as provided by section 278(1) of the New York Debtor and Creditor Law.

## THIRTEENTH DEFENSE

### Section 278(2) of New York Debtor and Creditor Law

The Trustee's claims are barred, in whole or in part, because the alleged Fairfield Sentry or Fairfield Sigma Initial Transfers were taken, if at all, without actual fraudulent intent and for fair consideration, as provided by section 278(2) of the New York Debtor and Creditor Law.

## FOURTEENTH DEFENSE

### Sufficient SIPC Funds

The Trustee's claims should be dismissed if Plaintiff has recovered, or during the pendency of this action recovers, sufficient funds to reimburse SIPC for all payments that SIPC has made to satisfy allowed claims of BLMIS customers.

## FIFTEENTH DEFENSE

### Failure to Mitigate

The Trustee's claims are barred, in whole or part, because Plaintiff has failed to mitigate, minimize or avoid damages, if any.

13

## SIXTEENTH DEFENSE

**British Virgin Island Proceedings**

The Trustee's claims are barred, in whole or in part, based upon rulings, judgments, orders, or decisions entered in the liquidation proceedings of Fairfield Sentry or Fairfield Sigma before the Commercial Division of the Eastern Caribbean High Court of Justice, British Virgin Islands, including any related appellate rulings, judgments, orders, or decisions.

## SEVENTEENTH DEFENSE

**No Interest**

The Trustee is not entitled to an award of interest.

## EIGHTEENTH DEFENSE

**Statute of Limitations**

The Trustee's claims are barred by the statute of limitations.

## NINETEENTH DEFENSE

**Estoppel**

The Trustee's claims are barred by estoppel.

## TWENTIETH DEFENSE

**Unreasonable Delay/Laches**

The Trustee's delay in bringing and prosecuting his claims, which were brought more than a decade ago, lay dormant for years and concern alleged transfers made nearly 20 years ago, is unreasonable and unfairly prejudices the Itaú Defendants' abilities to defend themselves, including, without limit, with respect to any claim by the Trustee for interest accruing from and after the date of the filing of the Complaint.

## TWENTY-FIRST DEFENSE

**Violation of Due Process (U.S. Const. Amend. V)**

The use of the doctrine of law of the case to apply to the Itaú Defendants' rulings made in other adversary proceedings to which it was not a party and in which it did not participate violate the Itaú Defendants' right to due process of law as guaranteed by the Fifth Amendment to the U.S. Constitution.

## TWENTY-SECOND DEFENSE

**Single Satisfaction (11 U.S.C. § 550(d))**

Pursuant to 11 U.S.C. § 550(d), the Trustee may not recover any alleged subsequent transfer from the Itaú Defendants to the extent he has recovered the amount or value of the initial transfers from Fairfield Sentry or Fairfield Sigma or any other immediate or mediate transferee, including if the amount of the avoided initial transfers is included in the alleged Customer Property that the Trustee alleges the Itaú Defendants received.

## TWENTY-THIRD DEFENSE

**Preservation of Rights (11 U.S.C. § 502(h))**

To the extent the Trustee recovers from the Itaú Defendants, the Itaú Defendants reserve their right to assert a claim arising from such recovery under 11 U.S.C. § 502(h).

## TWENTY-FOURTH DEFENSE

**Double Recovery**

On May 9, 2011, the Trustee entered into a Settlement Agreement (the "Fairfield Settlement Agreement") with the Liquidators of Fairfield Sentry or Fairfield Sigma Limited and other Fairfield funds.

This Court approved the Fairfield Settlement Agreement on June 7, 2011 and it was incorporated into the consent judgment entered against Fairfield Sentry or Fairfield Sigma

15

on July 13, 2011 (the "Consent Judgment"). The Fairfield Settlement Agreement provides for the sharing of recoveries on the Trustee's and the Liquidators' claims for recovery of property that Fairfield Sentry or Fairfield Sigma transferred. To the extent that the Liquidators recover from the Itaú Defendants in settlement or otherwise, the Trustee is barred from recovering on the ground that he is not entitled to double recovery, nor should the Itaú Defendants be subject to recovery of identical funds from two separate entities.

## TWENTY-FIFTH DEFENSE

### Extraterritoriality

The Trustee's recovery from the Itaú Defendants of any transfer from Fairfield Sentry or Fairfield Sigma would constitute an impermissible extraterritorial application of U.S. law.

## TWENTY-SIXTH DEFENSE

### Comity

The Trustee's recovery from the Itaú Defendants of any transfer from Fairfield Sentry or Fairfield Sigma would violate principles of comity.

## JURY DEMAND

The Itaú Defendants demand a trial by jury on all issues that may be tried by a jury.

## RESERVATION OF RIGHTS

The Itau Defendants have not knowingly or intentionally waived any applicable defenses. The Itau Defendants expressly reserve the right to amend or supplement this Answer and Affirmative Defenses. The Itau Defendants reserve the right to assert other and additional defenses, cross-claims, and third-party claims not asserted herein for which they become aware through discovery or other investigation as may be appropriate at a later time.

**STATEMENT PURSUANT TO FED. R. BANKR. P. 7012(B)**

The Itaú Defendants do not consent to entry of final orders or judgment by the Bankruptcy Court.

**DEFENDANTS' REQUEST FOR RELIEF**

WHEREFORE, the Itaú Defendants request judgment dismissing the Complaint with prejudice, together with an award of attorneys' fees, costs, disbursements, and such other relief as the Court deems just and appropriate.

| | |
|---|---|
| Dated:  January 30, 2023<br>New York, New York | SHEARMAN & STERLING LLP<br><br>By: */s/ Jeffrey Resetarits*<br>    Jeffrey Resetarits<br>    Randall Martin<br>    599 Lexington Avenue<br>    New York, NY 10022-6069<br>    Telephone:  (212) 848-4000<br>    Facsimile:  (646) 848-7174<br><br>*Attorneys for Itaú BBA International (Cayman) Ltd. (f/k/a Itaú Europa Luxembourg, S.A., f/k/a Banco Itaú Europa Luxembourg, S.A.) and Banco Itaú International (f/k/a Banco Itaú Europa International)* |