UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>   Plaintiff-Applicant,<br><br>   v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>   Defendant. | Adv. Pro. No. 08-01789 (CGM)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>   Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff,<br><br>   Plaintiff,<br><br>   v.<br><br>KBC INVESTMENTS LIMITED,<br><br>   Defendant. | Adv. Pro. No. 11-02761 (CGM) |

**DECLARATION OF ERIC R. FISH IN SUPPORT OF THE TRUSTEE'S OPPOSITION
TO DEFENDANT KBC INVESTMENTS LIMITED'S
<u>MOTION TO DISMISS THE AMENDED COMPLAINT</u>**

   I, Eric R. Fish, pursuant to 28 U.S.C. § 1746, declare the following:

   1.  I am a partner with the law firm of Baker & Hostetler LLP, counsel to Irving H. Picard (the "Trustee"), as trustee for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa–*lll*, and the chapter 7 estate of Bernard L. Madoff. I submit this

Declaration in support of the Trustee's Opposition to Defendant KBC Investments Limited's ("KBC") Motion to Dismiss the Amended Complaint.

2.      With his Amended Complaint, the Trustee seeks to recover subsequent transfers that KBC received from investments with BLMIS through Harley International (Cayman) Ltd. ("Harley"). As alleged in the Amended Complaint, the Trustee filed an adversary proceeding against Harley to avoid and recover fraudulent transfers of stolen customer property. Harley did not appear in that proceeding, nor did Harley respond to a Rule 2004 subpoena served beforehand. As a result, the Trustee is not in possession of documents from Harley. The Trustee is in possession of documents related to Harley and KBC from other sources, including those referenced herein.

3.      Attached hereto as Exhibit A in redacted form is a true and correct copy of a document purporting to be an unsigned Harley Confidential Explanatory Memorandum dated January 2006. (NATSAA00000068.1–NATSAA00000121.1).

4.      Attached hereto as Exhibit B is a true and correct copy of a document purporting to be the Memorandum of Association of Harley (Adopted by special resolution passed on 12 November 2003), along with the Articles of Association of Harley (Adopted by special resolution passed on 12 November 2003). (NATSAA00001491.1–NATSAA00001550.1).

5.      Attached hereto as Exhibit C is a true and correct copy of a document purporting to be the Harley Report and Financial Statements for the periods ending December 31, 2004 and 2005. (NATSAA00001712.1–NATSAA00001733.1).

6.      Attached hereto as Exhibit D is a true and correct copy of a document purporting to be the Harley Report and Financial Statements for the period ending December 31, 2006. (NATSAA00001691.1–NATSAA00001711.1).

7. Attached hereto as Exhibit E is a true and correct copy of a document purporting to be the Harley Report and Financial Statements for the period ending December 31, 2007. (NATSAA00001669.1–NATSAA00001690.1).

8. Attached hereto as Exhibit F in redacted form are true and correct copies of a CitcoFundsNet Trade Notification, Redemption Order, and Redemption Note, referencing KBC and a redemption from Harley in the amount of $30,000,000. (CGCSAF0000021–CGCSAF0000027).

9. Attached hereto as Exhibit G in redacted form are true and correct copies of a CitcoFundsNet Trade Notification, Harley Request for Redemption, Redemption Order, "New Issue" Questionnaire, and ERISA Questionnaire, referencing KBC and a redemption from Harley in the amount of $110,000,000. (CGCSAF0000001–CGCSAF0000016).

10. Attached hereto as Exhibit H in redacted form are true and correct copies of a CitcoFundsNet Trade Notification and Redemption Order, referencing KBC and a redemption from Harley in the amount of $6,000,000. (CGCSAF0000017–CGCSAF0000020).

11. Attached hereto as Exhibit I in redacted form is a true and correct copy of a Subscription Agreement for Fairfield Sentry Limited in the name of "Citco Custody (NA) NV as Custodian For KBC Investments Limited re: Karasel Enhanced Portfolio," dated December 29, 2006. (CFSSAL0008414–CFSSAL0008425).

12. Attached hereto as Exhibit J in redacted form are true and correct copies of two Citco Confirmations of Order Received, both dated September 25, 2007, both with the account name "Citco Global Custody (NA) NV As Custodian For KBC Inv Ref Karasel Enh," and both referencing a redemption from Fairfield Sentry Limited. (ANWAR-CFSE-00196122–ANWAR-CFSE-00196124).

13. Attached hereto as Exhibit K in redacted form are true and correct copies of two Citco documents, both dated December 19, 2007, both with the account name "Citco Global Custody (NA) NV As Custodian For KBC Inv Ref Karasel Enh," and both referencing a redemption from Fairfield Sentry Limited for $732,517.99. (ANWAR-CFSE-00193938–ANWAR-CFSE-00193941).

14. Attached hereto as Exhibit L is a true and correct copy of correspondence from Citco Banking Corporation N.V. dated February 2, 2007. (TGH-EMAIL-00151319).

15. Attached hereto as Exhibit M is a true and correct copy of email correspondence that appears to be between representatives of Rye Investment Management ("A Division of Tremont Group Holdings, Inc.") and a representative of KBC Financial Products in New York ("KBC USA" as alleged in the Amended Complaint), dated July 17, 2008, with the subject line "AUM Request." (TGH-EMAIL-00231995–TGH-EMAIL-00231996).

16. Attached hereto as Exhibit N is a true and correct copy of an email and attachments that appear to be from Mark Rinaldo of KBC Financial Products in New York to a representative of AIA Capital Markets, dated October 25, 2007, with the subject line "Follow Up." (ACCSAC00779576–ACCSAC00779578).

17. Attached hereto as Exhibit O is a true and correct copy of email correspondence that appears to be between Fairfield Greenwich Group personnel, dated February 6, 2004, with the subject line "KBC NY - $20mm investment in Sentry/Arlington? – please advise coverage." (SECSEV0686482–SECSEV0686485).

18. Attached hereto as Exhibit P is a true and correct copy of email correspondence that appears to be between personnel for Fairfield Greenwich Group and individuals with email domains of "kbcfp.com", dated February 11, 2004, with the subject line "Thank you – Fairfield

Greenwich Group." (SECSEV0980292–SECSEV0980293). The email domain "kbcfp.com" matches the email domain utilized by KBC employees, including declarant Jatin Tosar, as indicated in the exhibits to Mr. Tosar's Declaration. *See* Declaration of Jatin Tosar, ECF No. 111, Exs. 4, 9, 10, 14.

19. Although several of the foregoing documents attached as exhibits are stamped confidential, the Trustee's records indicate that the producing parties have de-designated the documents as not confidential under the Litigation Protective Order entered in this liquidation. *See SIPC v. BLMIS (In re BLMIS)*, Adv. Pro. No. 08-01789 (CGM) (Bankr. S.D.N.Y. June 6, 2011 & Sept. 17, 2003), ECF Nos. 4137 & 5474. In addition, all personal identifying information has been redacted.

I declare under penalty of perjury that the foregoing is true and correct. Executed on February 3, 2023 in New York, New York.

                                        */s/ Eric R. Fish*
                                        Eric R. Fish