# Exhibit B

NOT FOR PUBLICATION

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>    Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>    Defendant. | No. 08-01789 (CGM)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>    Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>    Plaintiff,<br><br>v.<br><br>KOCH INDUSTRIES, INC., as successor in interest to Koch Investment (UK) Company,<br><br>    Defendants. | Adv. Pro. No. 12-01047 (CGM) |

**MEMORANDUM DECISION DENYING DEFENDANT'S MOTION TO DISMISS**

**A P P E A R A N C E S :**

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff*
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, NY 10111
By: Eric Fish, Esq. (on the papers)

*Attorneys for Koch Industries, Inc.*

ORRICK, HERRINGTON & SUTCLIFFE LLP
1152 15th Street, N.W.
Washington, D.C. 20005
By: Jonathan P. Guy, Esq. (on the papers)
James W. Burke, Esq. (on the papers)

**CECELIA G. MORRIS**
**UNITED STATES BANKRUPTCY JUDGE**

Pending before the Court is Defendant's, Koch Industries, Inc., as successor in interest to Koch Investment (UK) Company ("Koch"), motion to dismiss the complaint of Irving Picard, the trustee ("Trustee") for the liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") seeking to recover subsequent transfers allegedly consisting of BLMIS customer property. Defendant seeks dismissal for failure to state a claim due to the safe harbor provision of the Bankruptcy Code; because its affirmative defenses appear on the face of the complaint; and based on the statute of limitations. For the reasons set forth herein, the motion to dismiss is denied in its entirety.

## Jurisdiction

This is an adversary proceeding commenced in this Court, in which the main underlying SIPA proceeding, Adv. Pro. No. 08-01789 (CGM) (the "SIPA Proceeding"), is pending. The SIPA Proceeding was originally brought in the United States District Court for the Southern District of New York (the "District Court") as *Securities Exchange Commission v. Bernard L. Madoff Investment Securities LLC et al.*, No. 08-CV-10791, and has been referred to this Court. This Court has jurisdiction over this adversary proceeding under 28 U.S.C. § 1334(b) and (e)(1), and 15 U.S.C. § 78eee(b)(2)(A) and (b)(4).

This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (F), (H) and (O). This Court has subject matter jurisdiction over these adversary proceedings pursuant to 28 U.S.C. §§ 1334(b) and 157(a), the District Court's Standing Order of Reference, dated July 10, 1984, and

Page **2** of **15**

the Amended Standing Order of Reference, dated January 31, 2012. In addition, the District Court removed the SIPA liquidation to this Court pursuant to SIPA § 78eee(b)(4), (*see* Order, Civ. 08– 01789 (Bankr. S.D.N.Y. Dec. 15, 2008) ("Main Case"), at ¶ IX (ECF No. 1)), and this Court has jurisdiction under the latter provision. Personal jurisdiction has not been contested by this Defendant.

## **Background**

The Court assumes familiarity with the background of the BLMIS Ponzi scheme and its SIPA proceeding. *See Picard v. Citibank, N.A.* (*In re BLMIS*), 12 F.4th 171, 178–83 (2d Cir. 2021), *cert. denied sub nom. Citibank, N.A. v. Picard*, 142 S. Ct. 1209, 212 L. Ed. 2d 217 (2022).

This adversary proceeding was filed on February 9, 2012. (Compl., ECF[1] No. 1). Via the complaint ("Complaint"), the Trustee seeks to recover subsequent transfers made to the Defendant. (*Id.* ¶ 44).

The subsequent transfers were derived from investments with BLMIS made by Fairfield Sentry Limited ("Fairfield Sentry"). (*Id.* ¶ 44). Fairfield Sentry is considered a "feeder fund" of BLMIS because the intention of the fund was to invest in BLMIS. (*Id.* ¶ 2).

Following BLMIS's collapse, the Trustee filed an adversary proceeding against Fairfield Sentry and related defendants to avoid and recover fraudulent transfers of customer property in the amount of approximately $3 billion. (*Id.* ¶ 38). In 2011, the Trustee settled with Fairfield Sentry. (*Id.* ¶ 43). As part of the settlement, Fairfield Sentry consented to a judgment in the amount of $3.054 billion (Consent J., 09-01239-cgm, ECF No. 109) but repaid only $70 million to the BLMIS customer property estate. The Trustee then commenced a number of adversary

---

[1] Unless otherwise indicated, all references to "ECF" are references to this Court's electronic docket in adversary proceeding 12-01021-cgm.

proceedings against subsequent transferees, like Defendant, to recover the approximately $3 billion in missing customer property.

In its motion to dismiss, Defendant seeks dismissal for failure to state a claim due to the safe harbor provision of the Bankruptcy Code; because its affirmative defenses appear on the face of the complaint; and based on the statute of limitations. The Trustee opposes the motion to dismiss.

## Discussion

**12(b)(6) standard**

"To survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). The claim is facially plausible when a plaintiff pleads facts that allow the Court to draw a "reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) ("Asking for plausible grounds to infer an agreement does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal agreement."). In deciding a motion to dismiss, the Court should assume the factual allegations are true and determine whether, when read together, they plausibly give rise to an entitlement of relief. *Iqbal*, 556 U.S. at 679. "And, of course, a well-pl[ed] complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556.

In deciding the motion, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). A complaint is "deemed to include any written instrument attached to it as an exhibit[,] . . . documents incorporated in it by reference[,]" and other documents "integral" to the complaint. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152–53 (2d Cir. 2002) (citations omitted). A document is "integral" to a complaint when the plaintiff has "actual notice" of the extraneous information and relied on it in framing the complaint. *DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 60 (S.D.N.Y. 2010) (citing *Chambers*, 282 F.3d at 153).

The Trustee is seeking to recover subsequent transfers made to Defendants by Fairfield Sentry.

**Recovery of Subsequent Transfers**

Pursuant to § 550(a) of the Bankruptcy Code, a trustee is entitled to recover avoided transfers of customer property from initial transferees as well as from "any immediate or mediate transferee of such initial transferee." 11 U.S.C. § 550(a). "To plead a subsequent transfer claim, the Trustee must plead that the initial transfer is avoidable, and the defendant is a subsequent transferee of that initial transferee, that is, that the funds at issue originated with the debtor." *Picard v. BNP Paribas S.A. (In re BLMIS),* 594 B.R. 167, 195 (Bankr. S.D.N.Y. 2018); *see also SIPC v. BLMIS (In re Consol. Proc. On 11 U.S.C. § 546(e))*, No. 12 MC 115, 2013 WL 1609154, at *7 (S.D.N.Y. Apr. 15, 2013). "Federal Civil Rule 9(b) governs the portion of a claim to avoid an initial intentional fraudulent transfer and Rule 8(a) governs the portion of a

Page **5** of **15**

claim to recover the subsequent transfer." *BNP Paribas*, 594 B.R. at 195 (*citing Sharp Int'l Corp. v. State St. Bank & Trust Co., (In re Sharp Int'l Corp.)*, 403 F.3d 43, 56 (2d Cir. 2005).

The Trustee only needs to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The plaintiff's burden at the pleading stage does not require exact accounting of the funds at issue. *BNP Paribas*, 594 B.R. at 195. Rather "[t]he plaintiff must allege the necessary vital statistics – the who, when, and how much – of the purported transfers to establish an entity as a subsequent transferee of the funds." *Id.* However, the plaintiff's burden at the pleading stage does not require dollar-for-dollar accounting of the exact funds at issue." *Picard v. BNP Paribas S.A.* (*In re BLMIS*), 594 B.R. 167, 195 (Bankr. S.D.N.Y. 2018).

While the Trustee must allege that the initial transfer from BLMIS to Fairfield Sentry is avoidable, he is not required to avoid the transfer received by the initial transferee before asserting an action against subsequent transferees. *IBT Int'l Inc. v. Northern (In re Int'l Admin Servs., Inc.)*, 408 F.3d 689, 706-07 (11th Cir. 2005). The Trustee is free to pursue any of the immediate or mediate transferees, and nothing in the statute requires a different result. *IBT Int'l, Inc. v. Northern* (*In re Int'l Admin. Servs., Inc.*), 408 F.3d 689, 706-07 (11th Cir. 2005).

The Trustee pleaded the avoidability of the initial transfer (from BLMIS to Fairfield Sentry) by adopting by reference the entirety of the complaint filed against Fairfield Sentry in adversary proceeding 09-1239 ("Fairfield Complaint"). (Am. Compl. ¶ 35). Whether the Fairfield Complaint properly pleads the avoidability of the initial transfer, is governed by Rule 9(b). Rule 9(b) states: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

Page **6** of **15**

> Where the actual fraudulent transfer claim is asserted by a bankruptcy trustee, applicable Second Circuit precedent instructs courts to adopt a more liberal view since a trustee is an outsider to the transaction who must plead fraud from second-hand knowledge. Moreover, in a case such as this one, where the Trustee's lack of personal knowledge is compounded with complicated issues and transactions that extend over lengthy periods of time, the trustee's handicap increases, and even greater latitude should be afforded.

*Picard v. Cohmad Secs. Corp.,* (*In re BLMIS*), 454 B.R. 317, 329 (Bankr. S.D.N.Y. 2011) (cleaned up).

**The Safe Harbor does not bar the avoidance of the Fairfield Initial Transfers**

Defendants have raised the "safe harbor" defense, found in § 546(e), to the Trustee's allegations. Section 546(e) is referred to as the safe harbor because it protects a transfer that is a "settlement payment ... made by or to (or for the benefit of) a ... financial institution [or] financial participant," or that is "made by or to (or for the benefit of) a ... financial institution [or] financial participant ... in connection with a securities contract." 11 U.S.C. § 546(e). "By its terms, the safe harbor is a defense to the avoidance of the *initial* transfer." *Picard v. BNP Paribas S.A.* (*In re BLMIS*), 594 B.R. 167, 197 (Bankr. S.D.N.Y. 2018) (emphasis in original). Where the initial transferee fails to raise a § 546(e) defense against the Trustee's avoidance of certain transfers, as is the case here, the subsequent transferee is entitled to raise a § 546(e) defense against recovery of those funds. *Picard v. Fairfield Inv. Fund* (*In re BLMIS*), No. 08-01789 (CGM), Adv. No. 09-01239 (CGM), 2021 WL 3477479, at *3 (Bankr. S.D.N.Y. Aug. 6, 2021).

On the issue of the safe harbor, the Court adopts the district court's reasoning in: *Picard v. Multi-Strategy Fund Ltd.* (*In re BLMIS*), No. 22-CV-06502 (JSR), 2022 WL 16647767 (S.D.N.Y. Nov. 3, 2022).

The Trustee has alleged that Fairfield Sentry knew the payments it received from BLMIS were neither settlement payments nor payments in connection with a securities contract. "The

Page 7 of 15

safe harbor was intended, among other things, to promote the reasonable expectations of legitimate investors. If an investor knew that BLMIS was not actually trading securities, he had no reasonable expectation that he was signing a contract with BLMIS for the purpose of trading securities for his account. In that event, the Trustee can avoid and recover preferences and actual and constructive fraudulent transfers to the full extent permitted under state and federal law." *Picard v. Legacy Capital Ltd. (In re BLMIS)*, 548 B.R. 13, 28 (Bankr. S.D.N.Y. 2016) (internal citations omitted), *vacated and remanded on other grounds, Picard v. Citibank, N.A.* (*In re BLMIS*), 12 F.4th 171 (2d Cir. 2021)).

The district court determined that "those defendants who claim the protections of Section 546(e) through a Madoff Securities account agreement but who actually knew that Madoff Securities was a Ponzi scheme are not entitled to the protections of the Section 546(e) safe harbor, and their motions to dismiss the Trustee's claims on this ground must be denied." *SIPC v. BLMIS* (*In re Consolidated Proceedings on 11 U.S.C. § 546(e)*), No. 12 MC 115(JSR), 2013 WL 1609154, at *10 (S.D.N.Y. Apr. 15, 2013); *see also Picard v. Multi-Strategy Fund Ltd.* (*In re BLMIS*), No. 22-CV-06502 (JSR), 2022 WL 16647767, at *7 (S.D.N.Y. Nov. 3, 2022) ("[I]n circumstances in which a transferee was complicit in Madoff Securities' fraud, Section 546(e) d[oes] not apply as a matter of its express terms.").

This Court is powerless to reconsider this issue, agrees with the district court's reasoning, and finds its holding consistent with *dicta* set forth by the Court of Appeals for the Second Circuit. *See Picard v. Ida Fishman Revocable Trust* (*In re Bernard L. Madoff Inv. Sec. LLC*), 773 F.3d 411, 420 (2d Cir. 2014) ("The clawback defendants, having every reason to believe that BLMIS was actually engaged in the business of effecting securities transactions, have every right

to avail themselves of all the protections afforded to the clients of stockbrokers, including the protection offered by § 546(e).").

This Court has already determined that the Fairfield Complaint[2] contains sufficient allegations of Fairfield Sentry's actual knowledge to defeat the safe harbor defense on a Rule 12(b)(6) motion. *See Picard v. Fairfield Inv. Fund* (*In re BLMIS*), No. 08-01789 (CGM), Adv. No. 09-01239 (CGM), 2021 WL 3477479, at *4 (Bankr. S.D.N.Y. Aug. 6, 2021) ("[T]he Trustee has alleged that the agents and principals of the Fairfield Funds had actual knowledge of Madoff's fraud"). In that adversary proceeding, the Court held that "[t]he Trustee has pled [actual] knowledge in two ways: 1) that certain individuals had actual knowledge of Madoff's fraud, which is imputed to the Fairfield Funds; and 2) that actual knowledge is imputed to the Fairfield Funds through 'FGG,' an alleged 'de facto' partnership." *Id.* at *4; *see also* Fairfield Compl. ¶ 320 ("Fairfield Sentry had actual knowledge of the fraud at BLMIS"); Fairfield Compl. ¶ 321 ("Greenwich Sentry and Greenwich Sentry Partners had actual knowledge of the fraud at BLMIS"); Fairfield Compl. ¶ 322 ("FIFL had actual knowledge of the fraud at BLMIS"); Fairfield Compl. ¶ 323 ("Stable Fund had actual knowledge of the fraud at BLMIS"); Fairfield Compl. ¶ 324 ("FG Limited had actual knowledge of the fraud at BLMIS"); Fairfield Compl. ¶ 325 ("FG Bermuda had actual knowledge of the fraud at BLMIS"); ¶ 326 ("FG Advisors had actual knowledge of the fraud at BLMIS"); Fairfield Compl. ¶ 327 ("Fairfield International Managers had actual knowledge of the fraud at BLMIS"); Fairfield Compl. ¶ 328 ("FG Capital had actual knowledge of the fraud at BLMIS"); Fairfield Compl. ¶ 329 ("Share Management had actual knowledge of the fraud at BLMIS"); Fairfield Compl. ¶ 9 ("It is inescapable that FGG partners knew BLMIS was not trading securities. They knew BLMIS's returns could not be the result of the split strike conversion strategy (the "SSC Strategy"). They knew BLMIS's equities

---

[2] The Fairfield Complaint can be found on the docket of adversary number 09-01239-cgm, ECF No. 286.

and options trading volumes were impossible. They knew that BLMIS reported impossible, out-of-range trades, which almost always were in Madoff's favor. They knew Madoff's auditor was not certified and lacked the ability to audit BLMIS. They knew BLMIS did not use an independent broker or custodian. They knew Madoff refused to identify any of BLMIS's options counterparties. They knew their clients and potential clients raised numerous due diligence questions they would not and could not satisfactorily answer. They knew Madoff would refuse to provide them with honest answers to due diligence questions because it would confirm the details of his fraud. They knew Madoff lied about whether he traded options over the counter or through the exchange. They knew they lied to clients about BLMIS's practices in order to keep the money flowing and their fees growing. And they knowingly misled the SEC at Madoff's direction.").

"In sum, if the Trustee sufficiently alleges that the [initial] transferee from whom he seeks to recover a fraudulent transfer knew of [BLMIS ]'[s] fraud, that transferee cannot claim the protections of Section 546(e)'s safe harbor." *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, No. 08-01789 (CGM), 2021 WL 3477479, at *4 (Bankr. S.D.N.Y. Aug. 6, 2021). This Court determined that the Fairfield Complaint is replete with allegations demonstrating that Fairfield Sentry had actual knowledge that BLMIS was not trading securities. *See Picard v. Fairfield Inv. Fund* (*In re BLMIS*), No. 08-01789(CGM), Adv. No. 09-01239 (CGM), 2021 WL 3477479, at *3–*7 (Bankr. S.D.N.Y. Aug. 6, 2021). Where § 546(e) does not "embrace the initial transfer, the subjective knowledge of a subsequent transferee cannot retroactively render it applicable." *Picard v. Multi-Strategy Fund Ltd.* (*In re BLMIS*), No. 22-CV-06502 (JSR), 2022 WL 16647767, at *7 (S.D.N.Y. Nov. 3, 2022). The Trustee's allegations in the Fairfield Complaint are sufficient to survive a Rule 12(b)(6) motion on this issue.

Page **10** of 15

Whether the safe harbor applies to the initial transfers under the theory that BLMIS' transfers to Fairfield Sentry were made in connection with Fairfield Sentry's contracts with Koch (rather than Fairfield Sentry's contract with BLMIS) is not answerable on the pleadings. If such a fact-specific determination is needed, the Court will make it with the benefit of a "full factual record." *Picard v. Multi-Strategy Fund Ltd.* (*In re BLMIS*), No. 22-CV-06502 (JSR), 2022 WL 16647767, at *9 (S.D.N.Y. Nov. 3, 2022).

**The Safe Harbor cannot be used to defeat a subsequent transfer**

The safe harbor cannot be used to prevent the Trustee from avoiding the subsequent transfer between Fairfield Sentry and Defendants on account of the securities contracts between Fairfield and Defendants.

The safe harbor is not applicable to subsequent transfers. "By its terms, the safe harbor is a defense to the avoidance of the *initial* transfer." *Picard v. BNP Paribas S.A. (In re BLMIS)*, 594 B.R. 167, 197 (Bankr. S.D.N.Y. 2018) (emphasis in original); *see also* 11 U.S.C. § 546(e) (failing to include § 550 in its protections). Since there must be an initial transfer in order for the Trustee to collect against a subsequent transferee, a subsequent transferee may raise the safe harbor as a defense—but only in so far as the avoidance of the initial transfer is concerned. The safe harbor cannot be used as a defense by the subsequent transferee because the Trustee is not "avoiding" a subsequent transfer, "he recovers the value of the avoided initial transfer from the subsequent transferee under 11 U.S.C. § 550(a), and the safe harbor does not refer to the recovery claims under section 550." *Picard v. BNP Paribas S.A. (In re BLMIS)*, 594 B.R. 167, 197 (Bankr. S.D.N.Y. 2018).

**Affirmative Defenses**

*For Value*

Page **11** of **15**

The "value" that a subsequent transferee must provide is "merely consideration sufficient to support a simple contract, analogous to the 'value' required under state law to achieve the status of a bona fide purchaser for value." *Picard v. Legacy Capital Ltd.* (*In re BLMIS*), 548 B.R. 13, 37 (Bankr. S.D.N.Y. 2016) (citation omitted); *accord Enron Corp. v. Ave. Special Situations Fund II, L.P.* (*In re Enron Corp.*), 333 B.R. 205, 236 (Bankr. S.D.N.Y. 2005). In addition, the "value" element under § 550(b)(1) looks to what the transferee gave up rather than what the transferor received. The Complaint contains no mention of Koch's exchanging shares for consideration. (Compl. ¶¶ 39–45). Therefore, the "value" defense is not asserted on the face of the Complaint.

Defendant argues that the payments it received from Fairfield Sentry were given in exchange for the redemption of shares in the Fairfield Sentry fund. If Defendant knew at the time it redeemed its shares that the shares were worthless, then it did not receive the subsequent transfer funds "for value" as is required under § 550. *See Fairfield Sentry Ltd. v. Theodoor GGC Amsterdam (In re Fairfield Sentry Ltd.)*, 596 B.R. 275, 301 (Bankr. S.D.N.Y. 2018), *aff'd sub nom. Fairfield Sentry Lt*d. v. Citibank, N.A. London, No. 19-CV-3911 (VSB), 2022 WL 4391023 (S.D.N.Y. Sept. 22, 2022) ("The only exception concerns the Knowledge Defendants that received redemption payments with the knowledge that the NAV was wrong. In those circumstances, the Liquidators may seek to impose a constructive trust."). It has not yet been determined whether Defendant knew if the shares it redeemed from Fairfield Sentry had value.

"Value" is Defendant's burden to plead and prove. *Picard v. BNP Paribas S.A.* (*In re BLMIS*), 594 B.R. 167, 198 (Bankr. S.D.N.Y. 2018). Whether the Defendant gave value is a question of fact to be resolved either at the summary judgment stage or at trial. *Picard v.*

*Fairfield Inv. Fund* (*In re BLMIS*), No. 08-01789 (CGM), Adv. No. 09-01239 (CGM), 2021 WL 3477479, at *9 (Bankr. S.D.N.Y. Aug. 6, 2021).

***Good Faith***

The District Court recently explained that good faith is a fact-intensive inquiry that almost always requires a trial: "The Second Circuit made clear in its decision in [*Picard v.*] *Citibank*[*, N.A. (In re BLMIS)*, 12 F.4th 171 (2d Cir. 2021), *cert. denied* No. 21-1059 (Feb. 28, 2022)] that the inquiry notice standard requires a 'fact-intensive inquiry to be determined on a case-by-case basis, which naturally takes into account the disparate circumstances of differently-situated transferees.'" *In re BLMIS, LLC*, Dec. & Order, 20-cv-02586(CM) (May 2, 2022). And that "such a fact-based determination can only be made based on the entirety of the factual record after discovery . . . ." *Id.* (internal quotation omitted).

The burden of proving good faith falls squarely on Defendant and this Court cannot make a determination on Defendant's affirmative defense until after a fact-intensive inquiry. Discovery is required on this issue.

**Whether the Action is Untimely**

Section 546(a) provides that the Trustee's "initial transfer" avoidance actions must be brought within two years of the filing of the order of relief in this SIPA case. 11 U.S.C. § 546(a)(1)(A). The Trustee filed his complaint against Fairfield Sentry on May 18, 2009. *See Picard v. Fairfield Sentry Ltd.*, Adv. Pro. No. 09-01239, ECF No. 1. This was well within two years of the filing date of this SIPA liquidation proceeding, which was filed on December 11, 2008. This is also well withing the two-year statute of limitations set by 11 U.S.C. § 546(a). As the District Court has held, "a subsequent-transferee defendant is entitled to bring a statute-of-limitations defense to avoidance only if the Trustee failed to bring any avoidance action with

Page **13** of 15

respect to the initial transfer . . . within section 546(a)'s two-year limitations period." *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 501 B.R. 26, 35 (S.D.N.Y. 2013) (Pertains to: Consolidated proceedings on 11 U.S.C. § 550(a)). The Trustee's amended complaint against Fairfield Sentry relates back to the original date of the pleading because "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B).

Section 550(f) provides the relevant statute of limitations for the Trustee's subsequent transfer actions. That section provides that an action may be commenced "after the earlier of": (1) one year after the avoidance of the transfer on account of which recovery is sought; or (2) the time the case is closed or dismissed. 11 U.S.C. § 550(f). The District Court has already ruled that "[f]or subsequent transferees of Fairfield [Sentry], the Trustee must have brought recovery actions against Fairfield[ Sentry]'s subsequent transferees within one year of the June 2011 approval of the Trustee's settlement with Fairfield [Sentry], as that disposed of the case against Fairfield [Sentry]." *Sec. Inv. Prot. Corp. v. BLMIS (In re BLMIS)*, 501 B.R. 26, 36 (S.D.N.Y. 2013) (Pertains to: Consolidated proceedings on 11 U.S.C. § 550(a)). Here, the Trustee commenced his action against Koch on February 9, 2012, which is well within one year after approval of the Trustee's settlement with Sentry.

Koch participated in the District Court proceedings that challenged the timeliness of the Trustee's subsequent transfer actions under Sections 546(a) and 550(f) and did not appeal. *See* Mem. of Law in Supp. of Motion of Koch Industries, Inc. to Withdraw the Reference (April 2, 2012), ECF No. 6 (moving to withdraw the reference to address, inter alia, statute of limitations under section 546(a)); Section 550(a) Briefing Order, *In re Madoff Secs.*, 12-MC-115 (S.D.N.Y. filed Aug. 22, 2012), ECF No. 314 (listing *Picard v. Koch Industries Inc.*, 12-cv-

Page **14** of 15

03033-JSR, as pertaining to the consolidated proceedings on section 550(a) issues). The District Court's decision on the applicable statute of limitations cannot be revisited, and is otherwise consistent with other decisions. *See, e.g., Picard v. BNP Paribas S.A.* (*In re BLMIS*), 594 B.R. 167, 207 (S.D.N.Y. 2018) ("A settlement of an avoidance claim represents finality and triggers the one-year period set forth in § 550(f)."); *Picard v. Bureau of Labor Ins.* (*In re BLMIS*), 480 B.R. 501, 522 (Bankr. S.D.N.Y. 2012) ("Although the Settlement does not constitute a formal avoidance of the initial transfer from BLMIS to Fairfield, it presents the Court with finality with respect to Fairfield Sentry. This finality triggers the relevant one-year statute of limitations under section 550(f) of the Code.").

The Trustee commenced his action against Fairfield Sentry within the two-year limitations period under Section 546(a) and commenced his action against Koch within the one-year limitations period under Section 550(f). As such, Koch's timeliness arguments are specious and fail as a matter of law.

## Conclusion

For the foregoing reasons, the Defendant's motion to dismiss is denied. The Trustee shall submit a proposed order within fourteen days of the issuance of this decision, directly to chambers (via E-Orders), upon not less than two days' notice to all parties, as required by Local Bankruptcy Rule 9074-1(a).

Dated: November 21, 2022
Poughkeepsie, New York

/s/ Cecelia G. Morris
_____
Hon. Cecelia G. Morris
U.S. Bankruptcy Judge

Page **15** of 15