**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (CGM)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff,<br><br>Plaintiff,<br><br>v.<br><br>BANK HAPOALIM B.M. and BANK HAPOALIM (SWITZERLAND) LTD.,<br><br>Defendants. | Adv. Pro. No. 12-01216 (CGM) |

## CASE MANAGEMENT PLAN

Plaintiff Irving H. Picard, as trustee (the "Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC under the Securities Investor Protection Act, 15 U.S.C. § 78aaa-*lll*, and the chapter 7 estate of Bernard L. Madoff individually, and defendants Bank Hapoalim B.M. ("Hapoalim B.M.") and Bank Hapoalim (Switzerland) Ltd.

("Hapoalim Switzerland") (together, the "Hapoalim Defendants"), by and through their respective undersigned counsel, hereby submit the following Case Management Plan pursuant to Rules 16 and 26 of the Federal Rules of Civil Procedure (the "Federal Rules"), applicable under Rules 7016 and 7026 of the Federal Rules of Bankruptcy Procedure.

1. <u>Relevant Procedural History</u>.

    a. On March 29, 2012, the Trustee commenced the above-captioned adversary proceeding in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") by filing a complaint against Bank Hapoalim B.M. and Bank Hapoalim (Switzerland) Ltd. *Picard v. Bank Hapoalim B.M. et al.*, Adv. Pro. No. 12-01216, ECF No. 1.

    b. On February 7, 2022, the Bankruptcy Court entered a Stipulation and Order amending the complaint to dismiss with prejudice certain transfers identified in the Stipulation and Order. *Id*., ECF No. 113.

    c. On November 21, 2022, Defendants filed an Answer to Complaint and Jury Demand, which included affirmative defenses. *Id.,* ECF No. 132.

2. <u>Fact Discovery Plan</u>.

    a. <u>Fact Discovery Cut-Off</u>. Unless otherwise agreed to by the Parties or ordered by the Bankruptcy Court, all fact discovery is to be completed by **July 14, 2025** (the "Fact Discovery Cut-Off Date").

    b. <u>Initial Disclosures</u>. The Parties do not propose any changes in initial disclosures required under Federal Rule 26(a)(1)(A) (the "Initial Disclosures"). The Parties agree that they shall serve such Initial Disclosures as required under Federal Rule 26 on or before 60

days after the date on which this Case Management Plan is entered as an order of the Bankruptcy Court.

   c. <u>Subjects On Which Discovery May Be Needed</u>.  The Parties contemplate that fact and expert discovery will be needed on asserted claims and defenses.

   d. <u>Foreign Discovery</u>. The Trustee anticipates the need for discovery located outside of the United States, including from individuals and entities that may have been affiliated with Defendants.  To obtain discovery from these individuals and entities, the Trustee will comply with the relevant discovery rules of the applicable jurisdiction, the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, and/or any other internationally recognized means of obtaining cross-border discovery, including but not limited to, letters rogatory (collectively, "International Discovery").  To the extent the Parties avail themselves of International Discovery procedures, they will not be deemed to have waived, prejudiced, or otherwise altered their rights to conduct discovery under the Federal Rules, the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules"), or other applicable domestic rules.  To the extent that responses sought or the occurrence of depositions/examinations requested, pursuant to timely requested International Discovery, are not received or do not occur by the Fact Discovery Cut-Off Date, the parties may individually or jointly seek reasonable extensions of the deadlines set forth herein, without prejudice to the rights of any Party to oppose such a request made by an adverse Party.

   e. <u>Form Of Certain Discovery</u>.  Nothing in this Case Management Order modifies the provisions of this Court's orders addressing the use of electronic data rooms (ECF

Nos. 5474 and 5475-1) entered on September 17, 2013 in *Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities LLC*, No. 08-01789 (CGM) and any applicable amendments.

      f.  <u>Document Requests</u>.  The Parties may serve requests for documents on or before **May 15, 2025.**

      g.  <u>Interrogatories.</u>   The Parties may serve Interrogatories in accordance with the rules and limitations articulated in Local Bankruptcy Rule 7033-1.

      h.  <u>Requests For Admission</u>.  The Parties may serve Requests for Admission on or before **May 15, 2025**.

      i.  <u>Inadvertent Production Of Privileged Materials</u>.  The Parties acknowledge that the inadvertent production of privileged or work product protected documents is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.  This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).  Nothing contained in this paragraph is intended to or shall serve to limit a Party's right to conduct a review of its own documents, including electronically stored information, for relevance, responsiveness, and/or privileged and/or protected status.

      j.  <u>Depositions</u>.  All depositions of fact witnesses must be completed by the Fact Discovery Cut-Off Date. Depositions shall proceed concurrently, with no Party having priority. The Parties will endeavor to conclude depositions within the seven (7) hours provided by Federal Rule 30(d)(1), although the Parties acknowledge that there may be certain depositions of fact witnesses with knowledge of issues common to multiple Avoidance Actions (as defined below) that cannot be concluded within this time limit.  For any such witness, the Parties will attempt in good faith to agree to a reasonable expansion of the seven (7) hour time limit as

appropriate, and failing agreement either Party may apply to the Court for an expansion of this time limit.

To the extent the deposition of any fact witness raises common issues relevant to another avoidance action related to the above-captioned case (Adv. Pro. No. 08-01789) (the "Avoidance Action(s)"), in which fact discovery has not closed, the Parties shall coordinate such depositions with the witness and defendants in such Avoidance Actions to maximize efficiency and use of resources to the extent reasonably practicable. The Parties shall confer in good faith and provide notice of such depositions under the Federal Rules, including the date, time, and location of any such depositions, to all relevant parties. In a coordinated deposition, the limitations set forth in Federal Rule 30(d)(1) shall not necessarily apply, and the parties shall agree on an appropriate duration for the deposition. Such depositions shall not prejudice or preclude the Trustee from additional depositions of such witness in Avoidance Actions in which initial disclosures have not been made and discovery is not open. The Parties agree that they will work in good faith to identify the requisite number of each Party's deponents and depositions. Depositions of Irving H. Picard himself are prohibited absent an order issued by this Court upon a showing of good cause. This Case Management Plan shall not be deemed to waive any party's rights to object to any particular deposition.

    3.    <u>Expert Discovery Plan</u>.

        a.    <u>Expert Discovery Cut-Off</u>. Within 30 days before the Fact Discovery Cut-Off Date, the parties agree to meet and confer in good faith on the need for and timing of expert discovery. The Parties further agree to submit a proposed Amended Case Management Plan that addresses expert discovery in this action prior to the Fact Discovery Cut-off Date.

4. <u>Manner of Production of Discovery Materials</u>. The Parties may produce discovery on a CD-ROM, flash drive, portable hard drive, in an electronic data room, or other similar electronic format. Given the volume of documentation that may be subject to disclosure, the Parties may, in connection with their service of expert reports, provide access to the underlying documentation on which the expert report relies in an electronic data room or other medium for review by the Parties. Information and documents produced or made available electronically shall, to the extent reasonably feasible:

    (i)    be text searchable;

    (ii)    provide data and image load files necessary to review the documents on search platforms (*e.g.*, Summation, Concordance, Relativity) upon request of either Party;

    (iii)    provide any system-created or non-privileged captured objective metadata, such as date fields, author fields, custodian fields, path to native file, etc.;

    (iv)    be organized, such as by date, custodian, or subject matter, as maintained in the ordinary course of business or (in the case of information obtained by the Trustee from third parties) as organized by the Trustee;

    (v)    provide additional formats of production, metadata, or native documents if requested by either Party.

The Parties shall meet and confer first in a good faith attempt to resolve any dispute, or thereafter comply with Local Bankruptcy Rule 7007-1 to resolve the dispute.

5. <u>Confidentiality</u>. The Litigation Protective Order (ECF No. 4137) entered in *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Bernard L. Madoff Inv. Sec., LLC)*, Adv. Pro. No. 08-01789, on June 6, 2011, as modified by the Order Modifying the June 6, 2011 Litigation Protective Order (ECF No. 5474) (the "LPO"), shall govern the disclosure of confidential information in this proceeding.

6.  <u>Discovery Arbitrator.</u>  The Parties agree to the use of Frank Maas, Esq. as Discovery Arbitrator to resolve discovery disputes that they are unable to resolve by meeting and conferring, as referenced in the Order Appointing a Discovery Arbitrator Pursuant to Bankruptcy Rule 9019(c) and General Order M-390 (Doc. No. 14227) entered on October 4, 2016 in Adv. Pro. No. 08-01789 (CGM).

7.  <u>Prospects For Settlement, Including Whether A Settlement Conference Should Be Scheduled.</u>  The Parties believe that it would be premature to schedule a settlement conference at this time.

8.  <u>Trial.</u>  The Parties propose that they will confer with each other at the conclusion of all discovery to schedule a final pretrial conference and trial date.  Each Party reserves the right to argue the appropriate forum for trial at the appropriate time.[1]

---

[1] Defendants have demanded a trial by jury on all issues that may be tried by a jury and do not consent to the entry of final orders or judgments by the Bankruptcy Court.  Nothing contained herein shall be construed to be a waiver of those positions.

Date: February 8, 2023
New York, New York

| | |
|---|---|
| By: /s/ *David J. Sheehan*<br>**Baker & Hostetler LLP**<br>45 Rockefeller Plaza<br>New York, New York 10111<br>Telephone: (212) 589-4200<br>David J. Sheehan<br>Email: dsheehan@bakerlaw.com<br>Keith R. Murphy<br>Email: kmurphy@bakerlaw.com<br>Ferve E. Khan<br>Email: fkhan@bakerlaw.com<br><br>*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff* | By: /s/ *Jonathan C. Cross*<br>**Herbert Smith Freehills LLP**<br>450 Lexington Avenue<br>New York, New York 10017<br>Telephone: (917) 542-7600<br>Scott S. Balber<br>Jonathan C. Cross<br>scott.balber@hsf.com<br>jonathan.cross@hsf.com<br><br>*Attorneys for Defendants Bank Hapoalim B.M. and Bank Hapoalim (Switzerland) Ltd.* |

**Windels Marx Lane & Mittendorf, LLP**
156 West 56th Street
New York, New York 10019
Telephone: (212) 237-1000
Facsimile: (212) 262-1215
Kim M. Longo
Email: klongo@windelsmarx.com

*Special Counsel for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff*



**Dated: February 10, 2023**
**Poughkeepsie, New York**

**/s/ Cecelia G. Morris**
_____
**Hon. Cecelia G. Morris**
**U.S. Bankruptcy Judge**