UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (CGM)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff,<br><br>Plaintiff,<br><br>v.<br><br>BARCLAYS BANK (SUISSE) S.A., CAIXABANK S.A., AS SUCCESSOR IN INTEREST TO BARCLAYS BANK S.A., AND ZEDRA TRUST COMPANY (JERSEY) LIMITED (F/K/A BARCLAYS PRIVATE BANK & TRUST LIMITED),<br><br>Defendants. | Adv. Pro. No. 11-02569 (CGM) |

**CASE MANAGEMENT PLAN**

Plaintiff Irving H. Picard, as trustee (the "Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC under the Securities Investor

Protection Act, 15 U.S.C. § 78aaa-*lll*, and the chapter 7 estate of Bernard L. Madoff individually, and defendants Barclays Bank (Suisse) S.A., Caixabank S.A., as successor by merger to Barclays Bank S.A., and Zedra Trust Company (Jersey) Limited (f/k/a Barclays Private Bank & Trust Limited) ("Defendants," together with the Trustee, the "Parties," and each individually, a "Party"), by and through their respective undersigned counsel, hereby submit the following Case Management Plan pursuant to Rules 16 and 26 of the Federal Rules of Civil Procedure (the "Federal Rules"), applicable under Rules 7016 and 7026 of the Federal Rules of Bankruptcy Procedure.

1. <u>Relevant Procedural History</u>.

   a. On September 1, 2011, the Trustee commenced the above-captioned adversary proceeding in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") by filing a complaint against Barclays Bank (Suisse) S.A., Barclays Bank S.A., and Barclays Private Bank & Trust Limited. *Picard v. Barclays Bank (Suisse) S.A. et al.*, Adv. Pro. No. 11-02569, ECF No. 1.

   b. On December 15, 2021, the Bankruptcy Court entered a Stipulation and Order amending the complaint to substitute Caixabank S.A. as a defendant in its capacity as a successor by merger to Barclays Bank S.A., and amending the caption to remove Barclays Private Bank & Trust Limited (in light of its intervening name change) and replace it with Zedra Trust Company (Jersey) Limited. *Id.*, ECF No. 119.

   c. On February 14, 2022, the Bankruptcy Court entered a Stipulation and Order amending the complaint to dismiss with prejudice certain transfers identified in the Stipulation and Order. *Id.*, ECF No. 122.

2

    d. On October 31, 2022, Defendants filed an Answer and Jury Demand which included affirmative defenses. *Id.*, ECF No. 151.

  2. <u>Fact Discovery Plan</u>.

    a. <u>Fact Discovery Cut-Off</u>. Unless otherwise agreed to by the Parties or ordered by the Bankruptcy Court, all fact discovery is to be completed by January 31, 2025 (the "Fact Discovery Cut-Off Date").

    b. <u>Initial Disclosures</u>. The Parties do not propose any changes in initial disclosures required under Federal Rule 26(a)(1)(A) (the "Initial Disclosures"). The Parties agree that they shall serve such Initial Disclosures as required under Federal Rule 26 on or before 60 days after this Case Management Plan is entered as an order of the Court.

    c. <u>Subjects On Which Discovery May Be Needed</u>. The Parties contemplate that fact and expert discovery will be needed on asserted claims and defenses.

    d. <u>Foreign Discovery</u>. The Trustee anticipates the need for discovery located outside of the United States, including from individuals and entities that may have been affiliated with Defendants. To obtain discovery from these individuals and entities, the Trustee will comply with the relevant discovery rules of the applicable jurisdiction, the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, and/or any other internationally recognized means of obtaining cross-border discovery, including but not limited to, letters rogatory (collectively, "International Discovery"). To the extent the Parties avail themselves of International Discovery procedures, they will not be deemed to have waived, prejudiced, or otherwise altered their rights to conduct discovery under the Federal Rules, the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules"), or other applicable domestic rules. To the extent that responses sought or the occurrence of depositions/examinations

requested, pursuant to timely requested International Discovery, are not received or do not occur by the Fact Discovery Cut-Off Date, one or more Parties may individually or jointly seek reasonable extensions of the deadlines set forth herein, without prejudice to the rights of any Party to oppose such a request made by an adverse Party.

      e. <u>Document Requests</u>. The Parties may serve requests for documents on or before November 29, 2024.

      f. <u>Interrogatories</u>. The Parties may serve Interrogatories in accordance with the rules and limitations articulated in Local Bankruptcy Rule 7033-1.

      g. <u>Requests For Admission</u>. The Parties may serve Requests for Admission on or before November 29, 2024.

      h. <u>Production Of Privileged Materials</u>. The Parties acknowledge that the production of privileged or work product protected documents is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained in this paragraph is intended to or shall serve to limit a Party's right to conduct a review of its own documents, including electronically stored information, for relevance, responsiveness, and/or privileged and/or protected status.

      i. <u>Depositions</u>. (i) All depositions of fact witnesses must be completed by the Fact Discovery Cut-Off Date. Depositions shall proceed concurrently, with no Party having priority. The Parties will endeavor to conclude depositions within the seven (7) hours provided by Federal Rule 30(d)(1), provided that there may be certain depositions of fact witnesses with knowledge of issues common to one or more Avoidance Actions (as defined in subsection (ii) below) that cannot be concluded within this time limit. With respect to the deposition of any

witness described in the preceding sentence, the Parties will attempt in good faith to agree to a reasonable expansion of the seven (7) hour time limit as appropriate, and failing agreement any of the parties may apply to the Court for an expansion of this time limit.

(ii) To the extent the deposition of any fact witness in the action raises common issues also relevant to one or more other avoidance actions related to the above-captioned case (Adv. Pro. No. 08-01789) (together, the "Avoidance Action(s)"), in which fact discovery has not closed, the Parties shall coordinate such depositions with the witness and defendants (or their respective counsel, as appropriate) in such Avoidance Actions to maximize efficiency and use of resources to the extent reasonably practicable. The Parties shall confer in good faith and provide notice of such depositions under the Federal Rules, including the date, time, and location of any such depositions, to all relevant parties. Such depositions shall not prejudice or preclude the Trustee from additional depositions of such witness in Avoidance Actions in which initial disclosures have not been made and discovery is not open.

(iii) The Parties agree that they will work in good faith to identify the requisite number of each Party's deponents and depositions, and the date, time, and location of such depositions, including as to any non-party fact witnesses. Depositions of Irving H. Picard himself are prohibited absent an order issued by this Court upon a showing of good cause.

(iv) To the extent there are depositions noticed in this adversary proceeding (Adv. Pro. 11-02569), as to which the witnesses are cross-noticed for deposition by the opposing Party, and no Party has objected to the cross-noticed deposition (or any objection has been resolved in favor of the cross-noticing Party), and the depositions do not require coordination with other Avoidance Actions under subsection (ii) above, the Parties will attempt in good faith to agree to a reasonable expansion of the seven (7) hour time limit, as appropriate, and failing agreement any of the Parties

5

may apply to the Court for an expansion of this time limit, provided that the original noticing Party will not object to an additional four (4) hours for the cross-noticed deposition. For the avoidance of doubt: (a) the cross-noticed deposition may not exceed seven (7) hours in length; and (b) the seven (7) hour limit applicable to the originally noticed deposition under Federal Rule 30(d)(1) shall not be affected by the time for the cross-noticed deposition. As to any such deposition, the Parties shall have all rights provided to them under the Federal Rules of Civil Procedure, including Rule 30.

(v) Nothing contained in this Case Management Plan shall be deemed or construed to be a waiver of any Party's right to object to the taking of the deposition of a particular witness, or abridge, limit or modify any rights that a foreign witness has under the applicable law of the relevant foreign jurisdiction.

3. <u>Expert Discovery</u>. Within 30 days before the Fact Discovery Cut-Off Date, the parties agree to meet and confer in good faith on the need for and timing of expert discovery. The Parties further agree to submit a proposed Amended Case Management Plan that addresses expert discovery in this action prior to the Fact Discovery Cut-off Date.

4. <u>Manner Of Production Of Discovery Materials</u>. The Parties may produce discovery on a CD-ROM, flash drive, portable hard drive, by secure file transfer, in an electronic data room, or other similar electronic format. Given the volume of documentation that may be subject to disclosure, the Parties may, in connection with their service of expert reports, provide access to the underlying documentation on which the expert report relies in an electronic data room or other medium for review by the Parties. Information and documents produced or made available electronically shall, to the extent reasonably feasible:

(i) be text searchable;

  (ii) provide data and image load files necessary to review the documents on search platforms (*e.g.*, Summation, Concordance, Relativity) upon request of either Party;

  (iii) provide any system-created or non-privileged captured objective metadata, such as date fields, author fields, custodian fields, path to native file, etc.;

  (iv) be organized, such as by date, custodian, or subject matter, as maintained in the ordinary course of business or (in the case of information obtained by the Trustee from third parties) as organized by the Trustee;

  (v) provide additional formats of production, metadata, or native documents if requested by either Party.

The Parties shall meet and confer first in a good faith attempt to resolve any dispute, including to the extent Defendants determine they are unable to comply with the foregoing requirements based on the age and condition of the electronically stored information, the systems on which such information was created, stored and/or maintained, or otherwise. If the Parties cannot resolve any such dispute consensually, they shall refer the dispute to the Discovery Arbitrator (as defined in Section 6 below) pursuant to the Discovery Arbitration Order (as defined in Section 6 below).

5. <u>Confidentiality</u>. The Litigation Protective Order (ECF No. 4137) entered in *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Bernard L. Madoff Inv. Sec., LLC)*, Adv. Pro. No. 08-01789, on June 6, 2011, as modified by the Order Modifying the June 6, 2011 Litigation Protective Order (ECF No. 5474) (the "LPO"), shall govern the disclosure of confidential information in this proceeding.

6. <u>Discovery Arbitrator.</u> The Parties agree to the use of Frank Maas, Esq. as Discovery Arbitrator to resolve discovery disputes that they are unable to resolve by meeting and conferring, as referenced in the Order Appointing a Discovery Arbitrator Pursuant to Bankruptcy

Rule 9019(c) and General Order M-390 (Doc. No. 14227) entered on October 4, 2016 in Adv. Pro. No. 08-01789 (CGM) (the "Discovery Arbitration Order").

7. <u>Prospects For Settlement, Including Whether A Settlement Conference Should Be Scheduled</u>.  The Parties believe that it would be premature to schedule a settlement conference at this time.

8. <u>Trial</u>.  The Parties propose that they will confer with each other at the conclusion of all discovery to schedule a final pretrial conference and trial date.  Each Party reserves the right to argue the appropriate forum for trial at the appropriate time.[1]

[*Signatures on following page*]

---

[1] Defendants have demanded a trial by jury on all issues that may be tried by a jury and do not consent to the entry of final orders or judgments by the Bankruptcy Court.  Nothing contained herein shall be construed to be a waiver of those positions.

Date:   February 21, 2023
        New York, New York

By: _/s/ David J. Sheehan_  
**Baker & Hostetler LLP**  
45 Rockefeller Plaza  
New York, New York 10111  
Telephone: (212) 589-4200  
David J. Sheehan  
Email: dsheehan@bakerlaw.com  
Keith R. Murphy  
Email: kmurphy@bakerlaw.com  
Ferve E. Khan  
Email: fkhan@bakerlaw.com  

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff*

By: __/s/ Marc J. Gottridge_____  
**Herbert Smith Freehills New York LLP**  
450 Lexington Avenue  
New York, New York 10017  
Telephone: (917) 542-7600  
Facsimile: (212) 212-7601  
Marc J. Gottridge  
Email: marc.gottridge@hsf.com  

*Attorneys for Defendants*

**Windels Marx Lane & Mittendorf, LLP**  
156 West 56th Street  
New York, New York 10019  
Telephone: (212) 237-1000  
Facsimile: (212) 262-1215  
Kim M. Longo  
Email: klongo@windelsmarx.com  

*Special Counsel for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff*

**Dated: February 22, 2023**  
**Poughkeepsie, New York**

**/s/ Cecelia G. Morris**  
_____  
**Hon. Cecelia G. Morris**  
**U.S. Bankruptcy Judge**