GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166
Tel.: (212) 351-4000
Marshall R. King
Gabriel Herrmann
Keith R. Martorana

*Attorneys for the UBS Defendants*

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>V.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (CGM)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated)<br><br>Adv. Pro. No. 10-04285 (CGM) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>Plaintiff,<br><br>v.<br><br>UBS AG, UBS EUROPE SE (f/k/a UBS (LUXEMBOURG) SA), UBS FUND SERVICES (LUXEMBOURG) SA, UBS THIRD PARTY MANAGEMENT COMPANY SA, ACCESS INTERNATIONAL ADVISORS LLC, ACCESS INTERNATIONAL ADVISORS LTD., ACCESS MANAGEMENT LUXEMBOURG SA (f/k/a | **ANSWER OF DEFENDANTS UBS AG, UBS EUROPE SE, LUXEMBOURG BRANCH (f/k/a UBS (LUXEMBOURG) SA), UBS FUND SERVICES (LUXEMBOURG) SA, AND UBS THIRD PARTY MANAGEMENT COMPANY SA TO PLAINTIFF'S SECOND AMENDED COMPLAINT AND JURY DEMAND** |

ACCESS INTERNATIONAL ADVISORS
(LUXEMBOURG) SA) as represented by its
Liquidator MAÎTRE FERNAND ENTRINGER,
ACCESS PARTNERS SA as represented by its
Liquidator MAÎTRE FERNAND ENTRINGER,
PATRICK LITTAYE, CLAUDINE MAGON DE
LA VILLEHUCHET (a/k/a CLAUDINE DE LA
VILLEHUCHET) in her capacity as Executrix
under the Will of THIERRY MAGON DE LA
VILLEHUCHET (a/k/a RENE THIERRY DE LA
VILLEHUCHET), CLAUDINE MAGON DE LA
VILLEHUCHET (a/k/a CLAUDINE DE LA
VILLEHUCHET) individually as the sole
beneficiary under the Will of THIERRY MAGON
DE LA VILLEHUCHET (a/k/a RENE THIERRY
DE LA VILLEHUCHET), PIERRE
DELANDMETER, THEODORE DUMBAULD,
LUXALPHA SICAV as represented by its
Liquidators MAÎTRE ALAIN RUKAVINA and
PAUL LAPLUME, MAÎTRE ALAIN RUKAVINA
AND PAUL LAPLUME, in their capacities as
liquidators and representatives of LUXALPHA,
GROUPEMENT FINANCIER LTD.,

Defendants.

Defendants UBS AG, UBS Europe SE (f/k/a UBS (Luxembourg) SA) ("UBS Lux"),

UBS Fund Services (Luxembourg) SA ("UBS FSL"), and UBS Third Party Management

Company SA ("UBS TPM" and, collectively with UBS AG, UBS Lux, and UBS FSL, the "UBS

Defendants"), by their undersigned attorneys, hereby answer the Second Amended Complaint

(the "Complaint") filed on February 28, 2022 by Plaintiff Irving H. Picard ("Plaintiff" or the

"Trustee"), as trustee for the liquidation of the business of Bernard L. Madoff Investment

Securities LLC ("BLMIS") and the substantively consolidated chapter 7 estate of Bernard L.

Madoff ("Madoff").[1]  In responding to the allegations below, the UBS Defendants (i) incorporate

into each such response a denial of all allegations in the Complaint to the extent they assert or

suggest that the UBS Defendants are in any respect liable to Plaintiff for the recovery of any

sums identified in the Complaint; and (ii) deny any averments in any introductory paragraphs,

cover pages, headings, subheadings, footnotes, appendices, tables, and exhibits of the Complaint.

Defendants further respond to the specific allegations in the Amended Complaint as follows:

1.      The UBS Defendants lack knowledge or information sufficient to form a belief as

to the truth of the allegations in Paragraph 1 of the Complaint, and on that basis deny the same.

2.      The UBS Defendants lack knowledge or information sufficient to form a belief as

to the truth of the allegations in Paragraph 2 of the Complaint, and on that basis deny the same.

3.      The UBS Defendants lack knowledge or information sufficient to form a belief as

to the truth of the allegations in Paragraph 3 of the Complaint, and on that basis deny the same.

4.      The UBS Defendants deny that Luxalpha "took . . . care" to "shield UBS from

potential liability," and in all other respects lack knowledge or information sufficient to form a

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Complaint.

belief as to the truth of the allegations in Paragraph 4 of the Complaint, and on that basis deny the same.

5.      Paragraph 5 of the Complaint states a legal conclusion as to which no responsive pleading is required.  To the extent that a response is required, the UBS Defendants deny the allegations contained in Paragraph 5 of the Complaint.

6.      The UBS Defendants admit that certain of the UBS Defendants at times provided services to Groupement Financier, admit that certain of the UBS Defendants at times exchanged with certain of the Access Defendants information relating to the administration of Luxalpha and Groupement Financier, and in all other respects deny the allegations in Paragraph 6 of the Complaint.

7.      The UBS Defendants deny that any person or entity affiliated with the UBS Defendants knew prior to December 11, 2008 that "Madoff could not be executing all the securities transactions reported therein because it was impossible to do so," and in all other respects lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint, and on that basis deny the same.

8.      The UBS Defendants deny that any person or entity affiliated with the UBS Defendants had knowledge prior to December 11, 2008 of any of the matters alleged in Paragraph 8 of the Complaint, and in all other respects lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint, and on that basis deny the same.

9.      The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint, and on that basis deny the same.

10.     The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint regarding the purported knowledge, understanding, or beliefs of any parties other than the UBS Defendants, and on that basis deny the same, and in all other respects deny the allegations in Paragraph 10 of the Complaint.

11.     The UBS Defendants deny that any person or entity affiliated with the UBS Defendants was aware, prior to December 11, 2008, of any signs of fraud at BLMIS, and in all other respects lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint, and on that basis deny the same.

12.     The UBS Defendants deny the allegations in Paragraph 12 of the Complaint.

13.     Paragraph 13 of the Complaint states legal conclusions as to which no responsive pleading is required.  To the extent that any response is required, the UBS Defendants deny the allegations in Paragraph 13 of the Complaint.

14.     The UBS Defendants admit that Luxalpha and Groupement Financier made certain withdrawals from BLMIS, and in all other respects lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 14 of the Complaint.  The UBS Defendants admit that the Trustee seeks in this action the forms of relief referenced in the second sentence of Paragraph 14 of the Complaint, but deny that the Trustee is entitled to any such relief.

15.     The UBS Defendants deny the allegations in Paragraph 15 of the Complaint.

16.     The UBS Defendants admit that Luxalpha and Groupement Financier made certain transfers to BLMIS for investment via BLMIS, and in all other respects lack knowledge

or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the
Complaint, and on that basis deny the same.

17.    The UBS Defendants deny the allegations in Paragraph 17 of the Complaint.

18.    The UBS Defendants admit the allegations in the first and second sentences of
Paragraph 18 of the Complaint.  The allegations in the third sentence of Paragraph 18 of the
Complaint state conclusions of law as to which no response is required.

19.    The allegations in the first sentence of Paragraph 19 of the Complaint state
conclusions of law as to which no response is required.  The UBS Defendants admit that the
Trustee has provided the consent described in the second sentence of Paragraph 19 of the
Complaint, but the UBS Defendants do not so consent to the entry of final orders or judgment by
this Court.

20.    Paragraph 20 of the Complaint states a legal conclusion as to which no responsive
pleading is required.

21.    Paragraph 21 of the Complaint states a legal conclusion as to which no responsive
pleading is required.  To the extent that any response is required, the UBS Defendants admit that
the Trustee invokes the statutes and provisions referenced in Paragraph 21 of the Complaint.

22.    The first and second sentences of Paragraph 22 of the Complaint state legal
conclusions as to which no responsive pleading is required.  The UBS Defendants lack
knowledge or information sufficient to form a belief as to the truth of the allegations contained in
Paragraph 22 regarding the purported activities, knowledge, understanding, or beliefs of any
parties other than the UBS Defendants, and on that basis deny the same.  The UBS Defendants
admit that UBS AG has an office in New York, that Luxalpha and Groupement Financier held
accounts with BLMIS, that certain of the UBS Defendants delivered agreements in New York,

that customer claims were filed in the SIPA Proceeding on behalf of Luxalpha, and that

employees of certain of the UBS Defendants communicated at times with employees of BLMIS

in relation to Luxalpha and Groupement Financier. The UBS Defendants otherwise deny the

allegations contained in Paragraph 22 of the Complaint.

23.    The UBS Defendants admit the allegations in Paragraph 23 of the Complaint.

24.    Paragraph 24 of the Complaint states legal conclusions as to which no responsive

pleading is required. To the extent that any response is required, the UBS Defendants

respectfully refer the Court to the documents referenced in Paragraph 24 of the Complaint for the

complete and accurate contents of those documents, and otherwise lack knowledge or

information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the

Complaint, and on that basis deny the same.

25.    Paragraph 25 of the Complaint states legal conclusions as to which no responsive

pleading is required. To the extent that any response is required, the UBS Defendants

respectfully refer the Court to the document referenced in Paragraph 25 of the Complaint for the

complete and accurate contents of that document, and otherwise lack knowledge or information

sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint, and

on that basis deny the same.

26.    Paragraph 26 of the Complaint states legal conclusions as to which no responsive

pleading is required. To the extent that any response is required, the UBS Defendants

respectfully refer the Court to the documents referenced in Paragraph 26 of the Complaint for the

complete and accurate contents of those documents, and otherwise lack knowledge or

information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the

Complaint, and on that basis deny the same.

27.     The UBS Defendants respectfully refer the Court to the documents referenced in Paragraph 27 of the Complaint for the complete and accurate contents of those documents, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint, and on that basis deny the same.

28.     The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint, and on that basis deny the same.

29.     The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint, and on that basis deny the same.

30.     The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint, and on that basis deny the same.

31.     The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint, and on that basis deny the same.

32.     Paragraph 32 of the Complaint states legal conclusions as to which no responsive pleading is required.  To the extent that any response is required, the UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the Complaint, and on that basis deny the same.

33.     Paragraph 33 of the Complaint states legal conclusions as to which no responsive pleading is required.

34.     Paragraph 34 of the Complaint states a legal conclusion as to which no responsive pleading is required.

35.     Paragraph 35 of the Complaint states legal conclusions as to which no responsive pleading is required.

36.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the Complaint, and on that basis deny the same.

37.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Complaint, and on that basis deny the same.

38.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the Complaint, and on that basis deny the same.

39.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 of the Complaint, and on that basis deny the same.

40.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 of the Complaint, and on that basis deny the same.

41.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 of the Complaint, and on that basis deny the same.

42.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of the Complaint, and on that basis deny the same.

43.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 of the Complaint, and on that basis deny the same.

44.    The UBS Defendants admit that BLMIS employed Friehling & Horowitz, and in all other respects lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 of the Complaint, and on that basis deny the same.

45.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 of the Complaint, and on that basis deny the same.

46.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 of the Complaint, and on that basis deny the same.

47.     The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 of the Complaint, and on that basis deny the same.

48.     The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 of the Complaint, and on that basis deny the same.

49.     The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 of the Complaint, and on that basis deny the same.

50.     The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 of the Complaint, and on that basis deny the same.

51.     The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 of the Complaint, and on that basis deny the same.

52.     The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 of the Complaint, and on that basis deny the same.

53.     The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 of the Complaint, and on that basis deny the same.

54.     The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 of the Complaint, and on that basis deny the same.

55.     The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 of the Complaint, and on that basis deny the same.

56.     The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 of the Complaint, and on that basis deny the same.

57.     The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 of the Complaint, and on that basis deny the same.

58.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 of the Complaint, and on that basis deny the same.

59.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 of the Complaint, and on that basis deny the same.

60.    The UBS Defendants admit that Bernard L. Madoff was arrested by federal authorities, and the District Court Proceeding seeking to liquidate BLMIS was commenced, on December 11, 2008, and in all other respects lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 of the Complaint, and on that basis deny the same.

61.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 of the Complaint, and on that basis deny the same.

62.    Paragraph 62 of the Complaint states legal conclusions as to which no responsive pleading is required.  To the extent that any response is required, the UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 of the Complaint, and on that basis deny the same.

63.    The UBS Defendants admit the allegations in the first sentence of Paragraph 63 of the Complaint.  The UBS Defendants admit that UBS AG has offices in New York, NY, and that it conducts business activities elsewhere in the United States, and in all other respects deny the allegations in the second and third sentences of Paragraph 63 of the Complaint.

64.    The UBS Defendants admit the allegations in the Paragraph 64 of the Complaint.

65.    The UBS Defendants admit that UBSFSL is an indirect subsidiary of UBS AG and is a Luxembourg limited liability company incorporated as a *société anonyme* with its registered office at 33a, Avenue John F. Kennedy, L-1855 Luxembourg.

66.     The UBS Defendants admit that UBSTPM is an indirect subsidiary of UBS AG and is a Luxembourg limited liability company incorporated as a *société anonyme* with its registered office at 33a, Avenue John F. Kennedy, L-1855 Luxembourg.

67.     The UBS Defendants respectfully refer the Court to the documents purportedly quoted in Paragraph 67 of the Complaint for the complete and accurate contents of those documents, and otherwise deny the allegations contained in Paragraph 67 of the Complaint.

68.     The UBS Defendants admit that certain of the UBS Defendants at times provided services to Luxalpha and Groupement Financier, admit that certain of the UBS Defendants at times communicated with certain of the Access Defendants in relation to the administration of Luxalpha and Groupement Financier, and in all other respects deny the allegations in Paragraph 68 of the Complaint.

69.     The UBS Defendants admit that certain of the UBS Defendants at times provided services to LIF, Plaza Investments International Limited, and certain of the Thybo funds. The UBS Defendants admit that a sub-fund of LIF, US Equity Plus, invested approximately $759 million via BLMIS and that Plaza Investments International Limited and certain of the Thybo funds also made investments via BLMIS from time to time. In all other respects, the UBS Defendants deny the allegations in Paragraph 69 of the Complaint.

70.     The UBS Defendants admit that employees of certain of the UBS Defendants communicated with Frank DiPascali from time to time in relation to Luxalpha's investments via BLMIS and Luxalpha's withdrawals from BLMIS. The UBS Defendants admit that Luxalpha's withdrawals from BLMIS were paid by BLMIS to UBS Lux's U.S. Dollar-denominated account, held at UBS AG's Stamford, Connecticut branch. In all other respects, the UBS Defendants deny the allegations in Paragraph 70 of the Complaint.

71.    The UBS Defendants admit that Roger Hartmann, Ralf Schroeter, Bernd Stiehl, René Egger, Alain Hondequin, and Hermann Kranz all served at times as directors of Luxalpha, and at times were also all employees of UBS Lux.

72.    The UBS Defendants admit the allegations in the first and second sentences of Paragraph 72 of the Complaint.  The third and fourth sentences of Paragraph 72 of the Complaint state conclusions of law as to which no response is required.

73.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 of the Complaint, and on that basis deny the same.

74.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 of the Complaint, and on that basis deny the same.

75.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 of the Complaint, and on that basis deny the same.

76.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 of the Complaint, and on that basis deny the same.

77.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 of the Complaint, and on that basis deny the same.

78.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 of the Complaint, and on that basis deny the same.

79.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 of the Complaint, and on that basis deny the same.

80.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80 of the Complaint, and on that basis deny the same.

81.     The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81 of the Complaint, and on that basis deny the same.

82.     The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82 of the Complaint, and on that basis deny the same.

83.     The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83 of the Complaint, and on that basis deny the same.

84.     The UBS Defendants admit that Pierre Delandmeter was a Director of Luxalpha, and invoiced Luxalpha, Groupement Financier and Groupement Levered from time to time for legal services purportedly provided to those funds.  In all other respects, the UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84 of the Complaint, and on that basis deny the same.

85.     The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85 of the Complaint, and on that basis deny the same.

86.     The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86 of the Complaint, and on that basis deny the same.

87.     The UBS Defendants admit that AIA LLC was Luxalpha's portfolio advisor from August 11, 2004 until August 1, 2006, and in all other respects deny the allegations in Paragraph 87 of the Complaint.

88.     The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88 of the Complaint, and on that basis deny the same.

89.     The UBS Defendants admit that AIA Ltd. at times provided services to Groupement Financier and Groupement Levered, respectfully refer the Court to the document

purportedly quoted in Paragraph 89 of the Complaint for the complete and accurate contents of that document, and otherwise deny the allegations contained in Paragraph 89 of the Complaint.

90.     The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90 of the Complaint, and on that basis deny the same.

91.     The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91 of the Complaint, and on that basis deny the same.

92.     The UBS Defendants admit that Access Management Luxembourg S.A. is a Luxembourg limited liability company incorporated as a *société anonyme* with its registered office at 34B, rue Philippe II, L2340 Luxembourg, and that Access Management Luxembourg S.A. is in liquidation.  The UBS Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 92 of the Complaint, and on that basis deny the same.

93.     The UBS Defendants admit that AML at times provided services to Luxalpha, Groupement Financier and Groupement Levered. The UBS Defendants otherwise deny the allegations contained in Paragraph 93 of the Complaint.

94.     The UBS Defendants respectfully refer the Court to the document purportedly quoted in Paragraph 94 of the Complaint for the complete and accurate contents of that document, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94 of the Complaint, and on that basis deny the same.

95.     The UBS Defendants admit that Access Partners S.A. is a Luxembourg limited liability company incorporated as a *société anonyme* with its registered office at 34B, rue Philippe II, L-2340 Luxembourg, and that Access Partners S.A. is in liquidation.  The UBS

Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 95 of the Complaint, and on that basis deny the same.

96.    The UBS Defendants admit that AP (Lux) at times provided services to Luxalpha, Groupement Financier and Groupement Levered.  The UBS Defendants otherwise deny the allegations contained in Paragraph 96 of the Complaint.

97.    The UBS Defendants respectfully refer the Court to the document purportedly quoted in Paragraph 97 of the Complaint for the complete and accurate contents of that document, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97 of the Complaint, and on that basis deny the same.

98.    The UBS Defendants admit the allegations in Paragraph 98 of the Complaint.

99.    The allegations in the first sentence of Paragraph 99 of the Complaint state a conclusion of law as to which no responsive pleading is required.  The UBS Defendants admit the allegations in the second sentence of Paragraph 99 of the Complaint.

100.    The allegations in Paragraph 100 of the Complaint state conclusions of law as to which no responsive pleading is required.

101.    The UBS Defendants admit that Patrick Littaye was a Director of Luxalpha, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101 of the Complaint, and on that basis deny the same.

102.    The UBS Defendants admit that Pierre Delandmeter was a Director of Luxalpha, and invoiced Luxalpha from time to time for legal services purportedly provided to the funds. The UBS Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 102 of the Complaint, and on that basis deny the same.

103.    Paragraph 103 of the Complaint states a legal conclusion as to which no responsive pleading is required.

104.    The UBS Defendants admit that Groupement Financier is a BVI investment fund with its registered address at P.O. Box 173, Road Town, Tortola VG 1110, BVI.  In all other respects, the UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 104 of the Complaint, and on that basis deny the same.

105.    The UBS Defendants admit that Groupement Levered was a BVI investment fund which later changed its name to Groupement II Limited.  In all other respects, the UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 105 of the Complaint, and on that basis deny the same.

106.    The UBS Defendants admit that Littaye and Villehuchet served as directors of Groupement Financier and Groupement Levered.

107.    The UBS Defendants admit that Delandmeter invoiced Groupement Financier and Groupement Levered from time to time for legal services purportedly provided to those funds, and in all other respects lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107 of the Complaint, and on that basis deny the same.

108.    Paragraph 108 of the Complaint states a legal conclusion as to which no responsive pleading is required.

109.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 109 of the Complaint, and on that basis deny the same.

110.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 110 of the Complaint, and on that basis deny the same.

111.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 111 of the Complaint, and on that basis deny the same.

112.    The UBS Defendants admit that BNP Paribas provided services to Oreades from time to time, and that Luxalpha was formed, at least in part, because Oreades' operations were closed.  In all other respects, the UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 112 of the Complaint, and on that basis deny the same.

113.    The UBS Defendants respectfully refer the Court to the documents referenced in Paragraph 113 of the Complaint for the complete and accurate contents of those documents, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 113 of the Complaint, and on that basis deny the same.

114.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114 of the Complaint, and on that basis deny the same.

115.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 115 of the Complaint, and on that basis deny the same.

116.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 116 of the Complaint, and on that basis deny the same.

117.    The UBS Defendants respectfully refer the Court to the documents referenced in Paragraph 117 of the Complaint for the complete and accurate contents of those documents, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 117 of the Complaint, and on that basis deny the same.

118.    The UBS Defendants respectfully refer the Court to the document referenced in Paragraph 118 of the Complaint for the complete and accurate contents of the document, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 118 of the Complaint, and on that basis deny the same.

119.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 119 of the Complaint, and on that basis deny the same.

120.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 120 of the Complaint, and on that basis deny the same.

121.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 121 of the Complaint, and on that basis deny the same.

122.    The UBS Defendants respectfully refer the Court to the document referenced in Paragraph 122 of the Complaint for the complete and accurate contents of the document, and

otherwise lack knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 122 of the Complaint, and on that basis deny the same.

123.    The UBS Defendants lack knowledge or information sufficient to form a belief as

to the truth of the allegations in Paragraph 123 of the Complaint, and on that basis deny the

same.

124.    The UBS Defendants lack knowledge or information sufficient to form a belief as

to the truth of the allegations in Paragraph 124 of the Complaint, and on that basis deny the

same.

125.    The UBS Defendants lack knowledge or information sufficient to form a belief as

to the truth of the allegation that "UBS SA opened BLMIS Account 1FR108 and executed the

BLMIS account opening documents" referenced in Paragraph 125 of the Complaint "just one

week after Oreades was closed," and on that basis deny the same, and otherwise admit the

allegations in Paragraph 125 of the Complaint.

126.    The UBS Defendants admit that UBS Lux served as Luxalpha's custodian and

that UBS Lux entered into a sub-custodian agreement with BLMIS.  In all other respects, the

UBS Defendants deny the allegations in Paragraph 126 of the Complaint.

127.    The UBS Defendants admit the allegations in Paragraph 127 of the Complaint.

128.    The UBS Defendants lack knowledge or information sufficient to form a belief as

to the truth of the allegations in Paragraph 128 of the Complaint, and on that basis deny the

same.

129.    The UBS Defendants respectfully refer the Court to the documents purportedly

quoted in Paragraph 129 of the Complaint for the complete and accurate contents of those

documents.  The UBS Defendants otherwise lack knowledge or information sufficient to form a

belief as to the truth of the allegations in Paragraph 129 of the Complaint, and on that basis deny the same.

130.    The UBS Defendants deny the allegations in Paragraph 130 of the Complaint.

131.    The UBS Defendants respectfully refer the Court to the document purportedly quoted in Paragraph 131 of the Complaint for the complete and accurate contents of that document, and otherwise deny the allegations contained in Paragraph 131 of the Complaint.

132.    The UBS Defendants respectfully refer the Court to the document purportedly quoted in Paragraph 132 of the Complaint for the complete and accurate contents of that document, and otherwise deny the allegations contained in Paragraph 132 of the Complaint.

133.    The UBS Defendants respectfully refer the Court to the document purportedly quoted in Paragraph 133 of the Complaint for the complete and accurate contents of that document, and otherwise deny the allegations contained in Paragraph 133 of the Complaint.

134.    The UBS Defendants admit that certain personnel affiliated with one or more of the UBS Defendants or with one or more of the Access Defendants served on Luxalpha's board of directors from time to time, admit that certain of the UBS Defendants and certain of the Access Defendants provided certain services to Luxalpha from time to time, and in all other respects deny the allegations in Paragraph 134 of the Complaint.

135.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 135 of the Complaint, and on that basis deny the same.

136.    The UBS Defendants admit that UBS Lux and UBSFSL from time to time provided services to Groupement Financier and Groupement Levered.  The UBS Defendants lack knowledge or information sufficient to form a belief as the level of authority delegated by

Groupement Financier to BLMIS, and on that basis deny the allegation that "custodial authority
over the money invested with Groupement Financier . . . was contractually delegated to BLMIS."

137.    The UBS Defendants respectfully refer the Court to the document purportedly
quoted in Paragraph 137 of the Complaint for the complete and accurate contents of that
document, and otherwise deny the allegations contained in Paragraph 137 of the Complaint.

138.    The UBS Defendants admit that certain of the Access Defendants from time to
time provided services to Groupement Financier and Groupement Levered, and in all other
respects deny the allegations in Paragraph 138 of the Complaint.

139.    The UBS Defendants admit that certain personnel affiliated with one or more of
the Access Defendants served on Groupement Financier's and Groupement Levered's board of
directors from time to time, admit that certain of the UBS Defendants and certain of the Access
Defendants provided certain services to Groupement Financier and Groupement Levered from
time to time, and in all other respects deny the allegations in Paragraph 139 of the Complaint.

140.    The UBS Defendants deny the allegations contained in Paragraph 140 of the
Complaint.

141.    The UBS Defendants respectfully refer the Court to the documents purportedly
quoted in Paragraph 141 of the Complaint for the complete and accurate contents of those
documents, and otherwise deny the allegations contained in Paragraph 141 of the Complaint.

142.    The UBS Defendants deny the allegations contained in Paragraph 142 of the
Complaint.

143.    The UBS Defendants respectfully refer the Court to the documents purportedly
quoted in Paragraph 143 of the Complaint for the complete and accurate contents of those
documents, and otherwise deny the allegations contained in Paragraph 143 of the Complaint.

144.    The UBS Defendants respectfully refer the Court to the documents purportedly quoted in Paragraph 144 of the Complaint for the complete and accurate contents of those documents, and otherwise deny the allegations contained in Paragraph 144 of the Complaint.

145.    The UBS Defendants respectfully refer the Court to the documents purportedly quoted in Paragraph 145 of the Complaint for the complete and accurate contents of those documents, and otherwise deny the allegations contained in Paragraph 145 of the Complaint.

146.    The UBS Defendants respectfully refer the Court to the documents purportedly quoted in Paragraph 146 of the Complaint for the complete and accurate contents of those documents, and otherwise deny the allegations contained in Paragraph 146 of the Complaint.

147.    In respect of the first sentence of Paragraph 147 of the Complaint, the UBS Defendants respectfully refer the Court to the documents purportedly quoted for the complete and accurate contents of those documents, and otherwise deny the allegations contained in the first sentence of Paragraph 147 of the Complaint.  The UBS Defendants admit that Viviane de Angelis signed the fax which UBS Lux sent to BLMIS enclosing Luxalpha's account opening documents on or about March 18, 2004, and otherwise deny the allegations in the second sentence of Paragraph 147 of the Complaint.

148.    The UBS Defendants deny the allegations contained in Paragraph 148 of the Complaint.

149.    The UBS Defendants respectfully refer the Court to the documents purportedly quoted in Paragraph 149 of the Complaint for the complete and accurate contents of those documents, and otherwise deny the allegations contained in Paragraph 149 of the Complaint.

150.    The UBS Defendants respectfully refer the Court to the documents purportedly quoted in Paragraph 150 of the Complaint for the complete and accurate contents of those documents, and otherwise deny the allegations contained in Paragraph 150 of the Complaint.

151.    The UBS Defendants respectfully refer the Court to the documents purportedly quoted in Paragraph 151 of the Complaint for the complete and accurate contents of those documents, and otherwise deny the allegations contained in Paragraph 151 of the Complaint.

152.    The UBS Defendants deny the allegations contained in Paragraph 152 of the Complaint.

153.    The UBS Defendants respectfully refer the Court to the documents referenced and purportedly quoted in Paragraph 153 of the Complaint for the complete and accurate contents of those documents, and otherwise deny the allegations contained in Paragraph 153 of the Complaint.

154.    The UBS Defendants respectfully refer the Court to the document purportedly quoted in Paragraph 154 of the Complaint for the complete and accurate contents of that document, and otherwise deny the allegations contained in Paragraph 154 of the Complaint.

155.    The UBS Defendants respectfully refer the Court to the document purportedly quoted in Paragraph 155 of the Complaint for the complete and accurate contents of that document, and otherwise deny the allegations contained in Paragraph 155 of the Complaint.

156.    The UBS Defendants admit that indemnity letters were issued by certain of the Access Defendants to UBS Lux, and in all other respects deny the allegations contained in Paragraph 156 of the Complaint.

157.    The UBS Defendants respectfully refer the Court to the document purportedly quoted in Paragraph 157 of the Complaint for the complete and accurate contents of that document, and otherwise deny the allegations contained in Paragraph 157 of the Complaint.

158.    The UBS Defendants admit that indemnity letters were issued by certain of the Access Defendants to the former directors of Luxalpha, respectfully refer the Court to the documents referenced in Paragraph 158 of the Complaint for the complete and accurate contents of those documents, and otherwise deny the allegations contained in Paragraph 158 of the Complaint.

159.    The UBS Defendants respectfully refer the Court to the document purportedly quoted in Paragraph 159 of the Complaint for the complete and accurate contents of that document, and otherwise deny the allegations contained in Paragraph 159 of the Complaint.

160.    The UBS Defendants respectfully refer the Court to the documents referenced in Paragraph 160 of the Complaint for the complete and accurate contents of those documents, and otherwise deny the allegations contained in Paragraph 160 of the Complaint.

161.    The UBS Defendants admit that indemnity letters were issued by AML to the former directors of Luxalpha and to UBS Lux.  The UBS Defendants respectfully refer the Court to the documents referenced in Paragraph 161 of the Complaint for the complete and accurate contents of those documents, and otherwise deny the allegations in Paragraph 161 of the Complaint.

162.    The allegations in Paragraph 162 of the Complaint state a conclusion of law as to which no responsive pleading is required.

163.    The allegations in Paragraph 163 of the Complaint state conclusions of law as to which no responsive pleading is required.

164.    The UBS Defendants respectfully refer the Court to the document purportedly quoted in Paragraph 164 of the Complaint for the complete and accurate contents of that document, and otherwise deny the allegations contained in Paragraph 164 of the Complaint.

165.    The allegations in the first sentence of Paragraph 165 of the Complaint state conclusions of law as to which no responsive pleading is required.  To the extent that any response is required, the UBS Defendants deny the allegations contained in the first sentence of Paragraph 165 of the Complaint.  The UBS Defendants respectfully refer the Court to the document purportedly quoted in the second sentence of Paragraph 165 of the Complaint for the complete and accurate contents of that document, and otherwise deny the allegations contained in the second sentence of Paragraph 165 of the Complaint.

166.    The allegations in Paragraph 166 of the Complaint state conclusions of law as to which no responsive pleading is required.  To the extent that any response is required, the UBS Defendants deny the allegations contained in Paragraph 166 of the Complaint.

167.    The allegations in Paragraph 167 of the Complaint state conclusions of law as to which no responsive pleading is required.

168.    The UBS Defendants deny the allegations contained in Paragraph 168 of the Complaint.

169.    The UBS Defendants respectfully refer the Court to the documents purportedly quoted in Paragraph 169 of the Complaint for the complete and accurate contents of those documents, deny that any UBS entity ever had or performed any "role as a 'front' for Luxalpha," and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 169 of the Complaint, and on that basis deny the same.

170.    The UBS Defendants respectfully refer the Court to the document purportedly quoted in Paragraph 170 of the Complaint for the complete and accurate contents of the document, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 170 of the Complaint, and on that basis deny the same.

171.    The UBS Defendants deny the allegations contained in Paragraph 171 of the Complaint.

172.    The UBS Defendants respectfully refer the Court to the document purportedly quoted in Paragraph 172 of the Complaint for the complete and accurate contents of the document, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 172 of the Complaint, and on that basis deny the same.

173.    The UBS Defendants respectfully refer the Court to the documents purportedly quoted in Paragraph 173 of the Complaint for the complete and accurate contents of those documents, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 173 of the Complaint, and on that basis deny the same.

174.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 174 of the Complaint, and on that basis deny the same.

175.    The UBS Defendants respectfully refer the Court to the documents referenced in Paragraph 175 of the Complaint for the complete and accurate contents of those documents, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 175 of the Complaint, and on that basis deny the same.

176.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 176 of the Complaint, and on that basis deny the same.

177.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 177 of the Complaint, and on that basis deny the same.

178.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 178 of the Complaint, and on that basis deny the same.

179.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 179 of the Complaint, and on that basis deny the same.

180.    The first sentence of paragraph 180 of the Complaint states a legal conclusion as to which no responsive pleading is required.  To the extent that any response is required, the UBS Defendants deny the allegations contained in that sentence.  In all other respects, the UBS Defendants deny the allegations in Paragraph 180 of the Complaint.

181.    Paragraph 181 of the Complaint states legal conclusions as to which no responsive pleading is required.  To the extent that any response is required, the UBS Defendants deny the allegations in Paragraph 181 of the Complaint.

182.    The first sentence of paragraph 182 of the Complaint states a legal conclusion as to which no responsive pleading is required.  To the extent that any response is required, the UBS Defendants deny that BLMIS was appointed as both custodian and investment manager of Luxalpha.  The UBS Defendants respectfully refer the Court to the documents purportedly

quoted in the second and third sentences of Paragraph 182 of the Complaint for the complete and accurate contents of the documents, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences of Paragraph 182 of the Complaint, and on that basis deny the same.

183.    The UBS Defendants deny the allegations in Paragraph 183 of the Complaint.

184.    The UBS Defendants deny the allegations in Paragraph 184 of the Complaint.

185.    The first sentence of Paragraph 185 of the Complaint states a legal conclusion as to which no responsive pleading is required.  To the extent that any response is required, the UBS Defendants deny the allegations in that sentence.  The UBS Defendants deny the allegations in the second sentence of Paragraph 185 of the Complaint.  The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 185 of the Complaint, and on that basis deny the same.

186.    The UBS Defendants admit that UBS Lux was Luxalpha's portfolio manager from February 2004 until August 2006, and otherwise deny the allegations in Paragraph 186 of the Complaint.

187.    The UBS Defendants respectfully refer the Court to the documents purportedly quoted in Paragraph 187 of the Complaint for the complete and accurate contents of those documents, and otherwise deny the allegations contained in Paragraph 187 of the Complaint.

188.    The UBS Defendants respectfully refer the Court to the documents purportedly quoted in the first sentence of Paragraph 188 of the Complaint for the complete and accurate contents of those documents, and otherwise deny the allegations contained in that sentence.  The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 188 of the Complaint, and on that basis deny the

same, and further deny that there was any obligation for UBS to disclose the Sub-Custodian

Agreement to the CSSF, or for Luxalpha to disclose it in its prospectus.

189.    The UBS Defendants deny the allegations in Paragraph 189 of the Complaint.

190.    The UBS Defendants deny the allegations in the first sentence of Paragraph 190

of the Complaint.  The UBS Defendants respectfully refer the Court to the document purportedly

quoted in the second sentence of Paragraph 190 of the Complaint for the complete and accurate

contents of the document, and otherwise lack knowledge or information sufficient to form a

belief as to the truth of the allegations in the second sentence of Paragraph 190 of the Complaint,

and on that basis deny the same.

191.    The UBS Defendants respectfully refer the Court to the documents referenced in

Paragraph 191 of the Complaint for the complete and accurate contents of those documents, and

otherwise deny the allegations contained in Paragraph 191 of the Complaint.

192.    The UBS Defendants respectfully refer the Court to the documents purportedly

quoted in Paragraph 192 of the Complaint for the complete and accurate contents of those

documents, and otherwise deny the allegations contained in Paragraph 192 of the Complaint.

193.    The UBS Defendants respectfully refer the Court to the documents referenced in

Paragraph 193 of the Complaint for the complete and accurate contents of those documents, and

otherwise deny the allegations contained in Paragraph 193 of the Complaint.

194.    The UBS Defendants deny the allegations in the first sentence of Paragraph 194

of the Complaint.  The UBS Defendants admit that they did not pay fees to BLMIS for the

services it provided to Luxalpha, and in all other respects deny the allegations contained in the

second sentence of Paragraph 194 of the Complaint.

195.    The UBS Defendants respectfully refer the Court to the documents referenced in Paragraph 195 of the Complaint for the complete and accurate contents of those documents, and otherwise deny the allegations contained in Paragraph 195 of the Complaint.

196.    The UBS Defendants respectfully refer the Court to the documents purportedly quoted in Paragraph 196 of the Complaint for the complete and accurate contents of those documents, and otherwise deny the allegations contained in Paragraph 196 of the Complaint.

197.    The UBS Defendants respectfully refer the Court to the documents purportedly quoted in Paragraph 197 of the Complaint for the complete and accurate contents of those documents, and otherwise deny the allegations contained in Paragraph 197 of the Complaint.

198.    The UBS Defendants admit that BLMIS sent trade confirmations and account statements pertaining to Luxalpha to UBS Lux, and that employees of UBS Lux at times communicated with employees of BLMIS, respectfully refer the Court to the documents referenced in Paragraph 198 of the Complaint for the complete and accurate contents of those documents, and in all other respects deny the allegations contained in Paragraph 198 of the Complaint.

199.    The UBS Defendants admit the allegations in the first sentence of Paragraph 199 of the Complaint.  The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 199 of the Complaint, and on that basis deny the same.

200.    The UBS Defendants admit the allegations in the first and second sentences of Paragraph 200 of the Complaint. The UBS Defendants deny the allegations contained in the third sentence of Paragraph 200 of the Complaint.

201.    The UBS Defendants deny the allegations contained in Paragraph 201 of the Complaint.

202.    The UBS Defendants respectfully refer the Court to the documents purportedly quoted in Paragraph 202 of the Complaint for the complete and accurate contents of those documents, and otherwise deny the allegations contained in Paragraph 202 of the Complaint.

203.    The UBS Defendants respectfully refer the Court to the documents purportedly quoted in Paragraph 203 of the Complaint for the complete and accurate contents of those documents, and otherwise deny the allegations contained in Paragraph 203 of the Complaint.

204.    The UBS Defendants deny the allegations contained in Paragraph 204 of the Complaint.

205.    The UBS Defendants admit that UBSTPM replaced UBS Lux as Luxalpha's portfolio manager in August 2006. The UBS Defendants respectfully refer the Court to the documents referenced in Paragraph 205 of the Complaint for the complete and accurate contents of those documents, and otherwise deny the allegations contained in Paragraph 205 of the Complaint.

206.    The UBS Defendants respectfully refer the Court to the documents referenced in Paragraph 206 of the Complaint for the complete and accurate contents of those documents, and otherwise deny the allegations contained in Paragraph 206 of the Complaint.

207.    The UBS Defendants deny the allegations contained in Paragraph 207 of the Complaint.

208.    The UBS Defendants respectfully refer the Court to the documents purportedly quoted in Paragraph 208 of the Complaint for the complete and accurate contents of those documents, and otherwise deny the allegations contained in Paragraph 208 of the Complaint.

209. The UBS Defendants deny the allegations contained in the first sentence of Paragraph 209 of the Complaint. The UBS Defendants admit that UBSFSL calculated the NAV for Groupement Financier from September 2005, and otherwise deny the allegations contained in the second and third sentences of Paragraph 209 of the Complaint. In respect of the fourth sentence of Paragraph 209, the UBS Defendants respectfully refer the Court to the document purportedly quoted in that sentence for the complete and accurate contents of the document, and otherwise deny the allegations contained in that sentence. In respect of the fifth sentence of Paragraph 209, the UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in that sentence, and on that basis deny the same. In respect of the final sentence of Paragraph 209, the UBS Defendants admit that the Access Defendants provided Groupement Financier's account statements and trade confirmations to UBS Lux, and otherwise deny the allegations in the final sentence of Paragraph 209 of the Complaint.

210. The UBS Defendants respectfully refer the Court to the documents referenced in Paragraph 210 of the Complaint for the complete and accurate contents of those documents, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 210 of the Complaint, and on that basis deny the same.

211. The UBS Defendants respectfully refer the Court to the documents purportedly quoted in Paragraph 211 of the Complaint for the complete and accurate contents of those documents, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 211 of the Complaint, and on that basis deny the same.

212. The UBS Defendants respectfully refer the Court to the documents purportedly quoted in Paragraph 212 of the Complaint for the complete and accurate contents of those

documents, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 212 of the Complaint, and on that basis deny the same.

213.    The first sentence of Paragraph 213 of the Complaint states a legal conclusion as to which no responsive pleading is required.  The UBS Defendants respectfully refer the Court to the documents purportedly quoted in the second sentence of Paragraph 213 of the Complaint for the complete and accurate contents of those documents, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in that sentence, and on that basis deny the same.

214.    The UBS Defendants deny the allegations in Paragraph 214 of the Complaint.

215.    With respect to the first sentence of Paragraph 215 of the Complaint, the UBS Defendants respectfully refer the Court to the document referenced in that sentence for the complete and accurate contents of that document, and otherwise deny the allegations in the first sentence of Paragraph 215 of the Complaint.  The UBS Defendants admit that certain of the UBS Defendants provided services to LIF at times, and otherwise deny the allegations contained in the second sentence of Paragraph 215 of the Complaint.

216.    The UBS Defendants respectfully refer the Court to the documents purportedly quoted in Paragraph 216 of the Complaint for the complete and accurate contents of those documents.  The UBS Defendants deny the allegations in the second and third sentence of Paragraph 216 of the Complaint.

217.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 217 of the Complaint, and on that basis deny the same.

218.     The UBS Defendants deny that Luxalpha created a false appearance of regulatory compliance, and in all other respects lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 218 of the Complaint, and on that basis deny the same.

219.     The UBS Defendants deny that they "quickly became aware of" any "trading impossibilities" concerning Luxalpha or Groupement Financier, or any "quantitative evidence that Luxalpha's" or "Groupement Financier's customer statements and trade confirmations reported non-existent securities transactions," and in all other respects lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 219 of the Complaint, and on that basis deny the same.

220.     The UBS Defendants admit that Madoff's alleged SSC strategy purportedly involved the purchase and sale of options, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 220 of the Complaint, and on that basis deny the same.

221.     The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 221 of the Complaint, and on that basis deny the same.

222.     The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 222 of the Complaint, and on that basis deny the same.

223.     The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 223 of the Complaint, and on that basis deny the same.

224.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 224 of the Complaint, and on that basis deny the same.

225.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 225 of the Complaint, and on that basis deny the same.

226.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 226 of the Complaint, and on that basis deny the same.

227.    The UBS Defendants admit that Littaye and Delandmeter sat on Luxalpha's Board of Directors, and in all other respects lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 227 of the Complaint, and on that basis deny the same.

228.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 228 of the Complaint, and on that basis deny the same.

229.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 229 of the Complaint, and on that basis deny the same.

230.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 230 of the Complaint, and on that basis deny the same.

231.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 231 of the Complaint, and on that basis deny the same.

232.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 232 of the Complaint, and on that basis deny the same.

233.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 233 of the Complaint, and on that basis deny the same.

234.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 234 of the Complaint, and on that basis deny the same.

235.    The UBS Defendants respectfully refer the Court to the document purportedly quoted in Paragraph 235 of the Complaint for the complete and accurate contents of the document, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 235 of the Complaint, and on that basis deny the same.

236.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 236 of the Complaint, and on that basis deny the same.

237.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 237 of the Complaint, and on that basis deny the same.

238.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 238 of the Complaint, and on that basis deny the same.

239.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 239 of the Complaint, and on that basis deny the same.

240.    The UBS Defendants respectfully refer the Court to the document purportedly quoted in Paragraph 240 of the Complaint for the complete and accurate contents of the document, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 240 of the Complaint, and on that basis deny the same.

241.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 241 of the Complaint, and on that basis deny the same.

242.    The UBS Defendants respectfully refer the Court to the document referenced in Paragraph 242 of the Complaint for the complete and accurate contents of the document, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 242 of the Complaint, and on that basis deny the same.

243.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 243 of the Complaint, and on that basis deny the same.

244.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 244 of the Complaint, and on that basis deny the same.

245.    The UBS Defendants respectfully refer the Court to the document purportedly quoted in Paragraph 245 of the Complaint for the complete and accurate contents of the document, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 245 of the Complaint, and on that basis deny the same.

246.    The UBS Defendants deny that they "possessed clear evidence that the frequency with which BLMIS purported to trade at the optimal price point was statistically impossible," and in all other respects lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 246 of the Complaint, and on that basis deny the same.

247.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 247 of the Complaint, and on that basis deny the same.

248.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 248 of the Complaint, and on that basis deny the same.

249.    The UBS Defendants respectfully refer the Court to the document purportedly quoted in Paragraph 249 of the Complaint for the complete and accurate contents of that document, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 249 of the Complaint, and on that basis deny the same.

250.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 247 of the Complaint, and on that basis deny the same.

251.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 251 of the Complaint, and on that basis deny the same.

252.    The UBS Defendants respectfully refer the Court to the document purportedly quoted in Paragraph 252 of the Complaint for the complete and accurate contents of that document, aver that the document referenced in Paragraph 252 of the Complaint was provided to one or more of the UBS Defendants in December 2003, and in all other respects lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 252 of the Complaint, and on that basis deny the same.

253.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 253 of the Complaint, and on that basis deny the same.

254.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 254 of the Complaint, and on that basis deny the same.

255.    The UBS Defendants admit that UBS Lux received a copy of the December 2006 and December 2007 Forms ADV prepared by BLMIS, respectfully refer the Court to the documents referenced in Paragraph 255 of the Complaint for the complete and accurate contents of those documents, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 255 of the Complaint, and on that basis deny the same.

256.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 256 of the Complaint, and on that basis deny the same.

257.    The UBS Defendants respectfully refer the Court to the document purportedly quoted in Paragraph 257 of the Complaint for the complete and accurate contents of that document, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 257 of the Complaint, and on that basis deny the same.

258.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 258 of the Complaint, and on that basis deny the same.

259.    The UBS Defendants admit that BLMIS purported to enter into options contracts on behalf of Luxalpha and Groupement Financier, and in all other respects lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 259 of the Complaint, and on that basis deny the same.

260.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 260 of the Complaint, and on that basis deny the same.

261.    The UBS Defendants respectfully refer the Court to the documents purportedly quoted in Paragraph 261 of the Complaint for the complete and accurate contents of those documents, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 261 of the Complaint, and on that basis deny the same.

262.    The UBS Defendants respectfully refer the Court to the documents purportedly quoted in Paragraph 262 of the Complaint for the complete and accurate contents of those

documents, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 262 of the Complaint, and on that basis deny the same.

263.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 262 of the Complaint, and on that basis deny the same.  In respect of the second and third sentences of Paragraph 263 of the Complaint, the UBS Defendants admit that they did not review any of BLMIS's counterparty agreements or OTC confirmations and did not know the identity of BLMIS's purported options counterparties, and in all other respects lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences of Paragraph 262 of the Complaint, and on that basis deny the same.

264.    The UBS Defendants admit that the SEC requested documents from a United States-based affiliate of the UBS Defendants on or about June 16, 2006, and aver that the affiliate provided the SEC with responsive documents in its possession, custody, and control.  In all other respects, the UBS Defendants deny the allegations in Paragraph 264 of the Complaint.

265.    The UBS Defendants respectfully refer the Court to the documents referenced in Paragraph 265 of the Complaint for the complete and accurate contents of those documents, and otherwise deny the allegations in Paragraph 265 of the Complaint.

266.    The UBS Defendants respectfully refer the Court to the document purportedly quoted in Paragraph 266 of the Complaint for the complete and accurate contents of that document, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 266 of the Complaint, and on that basis deny the same.

267.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 267 of the Complaint, and on that basis deny the same.

268.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 268 of the Complaint, and on that basis deny the same.

269.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 269 of the Complaint, and on that basis deny the same.

270.    The UBS Defendants respectfully refer the Court to the documents purportedly quoted in Paragraph 270 of the Complaint for the complete and accurate contents of those documents, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 270 of the Complaint, and on that basis deny the same.

271.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 271 of the Complaint, and on that basis deny the same.

272.    The UBS Defendants respectfully refer the Court to the documents purportedly quoted in Paragraph 272 of the Complaint for the complete and accurate contents of those documents, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 272 of the Complaint, and on that basis deny the same.

273.    The UBS Defendants respectfully refer the Court to the document purportedly quoted in Paragraph 273 of the Complaint for the complete and accurate contents of the

document, and otherwise lack knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 273 of the Complaint, and on that basis deny the same.

274.    The UBS Defendants admit that Luxalpha and Groupement Financier did not pay

a management or performance fee to BLMIS, respectfully refer the Court to the document

purportedly quoted in Paragraph 274 of the Complaint for the complete and accurate contents of

the document, and otherwise lack knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 274 of the Complaint, and on that basis deny the same.

275.    The UBS Defendants lack knowledge or information sufficient to form a belief as

to the truth of the allegations in Paragraph 275 of the Complaint, and on that basis deny the

same.

276.    The UBS Defendants respectfully refer the Court to the documents referenced in

Paragraph 276 of the Complaint for the complete and accurate contents of those documents, and

otherwise lack knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 276 of the Complaint, and on that basis deny the same.

277.    The UBS Defendants respectfully refer the Court to the documents referenced in

Paragraph 277 of the Complaint for the complete and accurate contents of those documents, and

otherwise deny the allegations in Paragraph 277 of the Complaint.

278.    The UBS Defendants respectfully refer the Court to the documents purportedly

quoted in Paragraph 278 of the Complaint for the complete and accurate contents of those

documents, and otherwise lack knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 278 of the Complaint, and on that basis deny the same.

279.    The UBS Defendants respectfully refer the Court to the document purportedly

quoted in Paragraph 279 of the Complaint for the complete and accurate contents of the

document, and otherwise lack knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 279 of the Complaint, and on that basis deny the same.

280.    The UBS Defendants respectfully refer the Court to the documents purportedly

quoted in Paragraph 280 of the Complaint for the complete and accurate contents of those

documents, and otherwise deny the allegations in Paragraph 280 of the Complaint.

281.    The UBS Defendants deny the allegations contained in Paragraph 281 of the

Complaint.

282.    The UBS Defendants admit that BLMIS employed Friehling & Horowitz as its

auditor, but otherwise lack knowledge or information sufficient to form a belief as to the truth of

the allegations in Paragraph 282 of the Complaint, and on that basis deny the same.

283.    The UBS Defendants respectfully refer the Court to the document purportedly

quoted in Paragraph 283 of the Complaint for the complete and accurate contents of the

document, and otherwise lack knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 283 of the Complaint, and on that basis deny the same.

284.    The UBS Defendants lack knowledge or information sufficient to form a belief as

to the truth of the allegations in Paragraph 284 of the Complaint, and on that basis deny the

same.

285.    The UBS Defendants lack knowledge or information sufficient to form a belief as

to the truth of the allegations in Paragraph 285 of the Complaint, and on that basis deny the

same.

286.    The UBS Defendants respectfully refer the Court to the documents referenced in

Paragraph 286 of the Complaint for the complete and accurate contents of those documents, and

otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 286 of the Complaint, and on that basis deny the same.

287.     The UBS Defendants admit that certain of the UBS Defendants reviewed BLMIS's trade confirmations for Luxalpha and Groupement Financier during the time periods in which they provided services to those funds, respectfully refer the Court to the document purportedly quoted in Paragraph 287 of the Complaint for the complete and accurate contents of the document, and otherwise deny the allegations in Paragraph 287 of the Complaint.

288.     The UBS Defendants respectfully refer the Court to the documents referenced in Paragraph 288 of the Complaint for the complete and accurate contents of those documents, deny that the BLMIS December 2006 account statements for Luxalpha and Groupement Financier reflect any sales of Merck shares on December 22, 2006 for $44.61 or any other price, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 288 of the Complaint, and on that basis deny the same.

289.     The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 289 of the Complaint, and on that basis deny the same.

290.     The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 290 of the Complaint, and on that basis deny the same.

291.     The UBS Defendants admit that Littaye sent a fax to BLMIS on March 3, 2006 to request that BLMIS redeem securities totaling $16,000,000 from Groupement Financier's account at BLMIS, and wire $16,000,000 to Groupement Financier's account at Bank of Bermuda, admit that BLMIS made a payment of $16,000,000 to Groupement Financier's

account at Bank of Bermuda on March 8, 2006, respectfully refer the Court to the document referenced in Paragraph 291 of the Complaint for the complete and accurate contents of the document, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 291 of the Complaint, and on that basis deny the same.

292.    The UBS Defendants respectfully refer the Court to the document referenced in Paragraph 292 of the Complaint for the complete and accurate contents of the document, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 291 of the Complaint, and on that basis deny the same.

293.    The UBS Defendants admit that UBSFSL served as administrator to Luxalpha, Groupement Financier and LIF.  In all other respects, the UBS Defendants respectfully refer the Court to the documents purportedly quoted in Paragraph 293 of the Complaint for the complete and accurate contents of those documents, and otherwise deny the remaining allegations in Paragraph 293 of the Complaint.

294.    The UBS Defendants respectfully refer the Court to the documents referenced in Paragraph 294 of the Complaint for the complete and accurate contents of those documents, admit the allegations in the first and second sentences of Paragraph 294 of the Complaint, and in all other respects deny the allegations in Paragraph 294 of the Complaint.

295.    The UBS Defendants admit that Luxalpha and Groupement Financier did not have margin accounts with BLMIS, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 295 of the Complaint, and on that basis deny the same.

296.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 296 of the Complaint, and on that basis deny the same.

297.    The UBS Defendants respectfully refer the Court to the documents referenced in Paragraph 297 of the Complaint for the complete and accurate contents of those documents, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 297 of the Complaint, and on that basis deny the same.

298.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 298 of the Complaint, and on that basis deny the same.

299.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first three sentences of Paragraph 298 of the Complaint, and on that basis deny the same.  As to the remainder of Paragraph 298 of the Complaint, the UBS Defendants respectfully refer the Court to the documents referenced in Paragraph 298 of the Complaint for the complete and accurate contents of those documents.  The UBS Defendants admit that on several dates in April 2007, BLMIS purported to purchase on behalf of Luxalpha shares in 3M Company and CVS Caremark Corp, and that on May 21, 2007, BLMIS purported to sell on behalf of Luxalpha shares in 3M Company and CVS Caremark Corp, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth through seventh sentences of Paragraph 298 of the Complaint, and on that basis deny the same.

300.    The UBS Defendants admit that certain of the UBS Defendants regularly reviewed BLMIS's account statements and trade confirmations for Luxalpha and Groupement

Financier, deny that it was known to any of the UBS Defendants that either of the referenced

purported BLMIS trading activities contradicted the SSC strategy, and in all other respects lack

knowledge or information sufficient to form a belief as to the truth of the allegations in

Paragraph 300 of the Complaint, and on that basis deny the same.

301.    The UBS Defendants lack knowledge or information sufficient to form a belief as

to the truth of the allegations in Paragraph 301 of the Complaint, and on that basis deny the

same.

302.    The UBS Defendants lack knowledge or information sufficient to form a belief as

to the truth of the allegations in Paragraph 302 of the Complaint, and on that basis deny the

same.

303.    The UBS Defendants deny the allegations in Paragraph 303 of the Complaint.

304.    The UBS Defendants lack knowledge or information sufficient to form a belief as

to the truth of the allegations in Paragraph 304 of the Complaint, and on that basis deny the

same.

305.    The UBS Defendants lack knowledge or information sufficient to form a belief as

to the truth of the allegations in Paragraph 305 of the Complaint, and on that basis deny the

same.

306.    The UBS Defendants lack knowledge or information sufficient to form a belief as

to the truth of the allegations in Paragraph 304 of the Complaint, and on that basis deny the

same.

307.    The first sentence of Paragraph 307 of the Complaint states a legal conclusion as

to which no responsive pleading is required.  The UBS Defendants admit that Madoff purported

to liquidate investments at times on behalf of Luxalpha and Groupement Financier, and

purported to invest in Treasury Bills at times, and in all other respects lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 307 of the Complaint, and on that basis deny the same.

308.    The UBS Defendants respectfully refer the Court to the documents referenced in Paragraph 308 of the Complaint for the complete and accurate contents of those documents, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 308 of the Complaint, and on that basis deny the same.

309.    The UBS Defendants deny that they knew that Madoff's purported practice referenced in Paragraph 309 of the Complaint contravened the SSC strategy, and in all other respects lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 309 of the Complaint, and on that basis deny the same.

310.    The UBS Defendants respectfully refer the Court to the document purportedly quoted in Paragraph 310 of the Complaint for the complete and accurate contents of the document, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 310 of the Complaint, and on that basis deny the same.

311.    The UBS Defendants respectfully refer the Court to the document purportedly quoted in Paragraph 311 of the Complaint for the complete and accurate contents of the document, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 311 of the Complaint, and on that basis deny the same.

312.    The UBS Defendants respectfully refer the Court to the document purportedly quoted in Paragraph 312 of the Complaint for the complete and accurate contents of the document, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 312 of the Complaint, and on that basis deny the same.

313.    The UBS Defendants respectfully refer the Court to the document purportedly quoted in Paragraph 313 of the Complaint for the complete and accurate contents of the document, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 313 of the Complaint, and on that basis deny the same.

314.    The UBS Defendants respectfully refer the Court to the document purportedly quoted in the first sentence of Paragraph 314 of the Complaint for the complete and accurate contents of the document, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 314 of the Complaint (including without limitation the language purportedly quoted therein), and on that basis deny the same.  The UBS Defendants deny the allegations in the last sentence of Paragraph 314 of the Complaint.

315.    The UBS Defendants deny the allegations in Paragraph 315 of the Complaint.

316.    The UBS Defendants admit that neither Luxalpha nor Groupement Financier had any employees or office space, and otherwise deny the allegations contained in Paragraph 316 of the Complaint.

317.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 317 of the Complaint, and on that basis deny the same.

318.    The UBS Defendants admit that certain of the Access Defendants and certain of the UBS Defendants worked with Pierre Delandmeter to create Luxalpha, that certain of the UBS Defendants and certain of the Access Defendants at times provided services to Luxalpha, and that certain of the UBS Defendants received account statements and trade confirmations for Luxalpha from BLMIS, and otherwise lack knowledge or information sufficient to form a belief

as to the truth of the allegations in Paragraph 318 of the Complaint, and on that basis deny the same.

319.    The UBS Defendants admit the allegations in the first sentence of Paragraph 319 of the Complaint.  The second sentence of paragraph 319 of the Complaint states a legal conclusion as to which no responsive pleading is required.  To the extent that any response is required, the UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 319 of the Complaint, and on that basis deny the same.

320.    The UBS Defendants admit that UBS Lux became Groupement Financier's prime bank and UBSFSL became Groupement Financier's administrator in 2005, admit that Access passed copies of Groupement Financier's BLMIS account statements and trade confirmations to UBS Lux after UBS Lux began providing services to Groupement Financier, in all other respects deny the allegations in Paragraph 320 of the Complaint.

321.    With respect to the first sentence of Paragraph 321 of the Complaint, the UBS Defendants admit that Littaye and Villehuchet were at times directors of Groupement Financier.  The second sentence of paragraph 321 of the Complaint states a legal conclusion as to which no responsive pleading is required.  To the extent that any response is required, the UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 321 of the Complaint, and on that basis deny the same.

322.    Paragraph 322 of the Complaint states a legal conclusion as to which no responsive pleading is required.  To the extent that any response is required, the UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 322 of the Complaint, and on that basis deny the same.

323.    Paragraph 323 of the Complaint states a legal conclusion as to which no responsive pleading is required.  To the extent that any response is required, the UBS Defendants deny the allegations in Paragraph 323 of the Complaint.  For the avoidance of doubt, and without limitation as to the scope of the foregoing sentence, the UBS Defendants deny that any of the UBS Defendants had knowledge of fraud at BLMIS at any time prior to December 12, 2008.

324.    The UBS Defendants admit the allegations in Paragraph 324 of the Complaint.

325.    The UBS Defendants deny that the BLMIS Account Opening Agreements called for any performance in New York, or were to be performed in New York, by any party other than BLMIS, and otherwise admit the allegations in Paragraph 325 of the Complaint.

326.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 326 of the Complaint, and on that basis deny the same.

327.    In respect of the first two sentences of Paragraph 327 of the Complaint, the UBS Defendants admit that Luxalpha received transfers of approximately $752 million from BLMIS in the six years preceding the Filing Date, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences of Paragraph 327 of the Complaint, and on that basis deny the same.  The final sentence of Paragraph 327 of the Complaint states a legal conclusion as to which no responsive pleading is required.  To the extent that any response is required, the UBS Defendants deny the allegations contained in the final sentence of Paragraph 327 of the Complaint.

328.    In respect of the first two sentences of Paragraph 328 of the Complaint, the UBS Defendants admit that Luxalpha received transfers of approximately $735 million from BLMIS in the two years preceding the Filing Date, and otherwise lack knowledge or information

sufficient to form a belief as to the truth of the allegations in the first two sentences of Paragraph 328 of the Complaint, and on that basis deny the same. The final sentence of Paragraph 328 of the Complaint states a legal conclusion as to which no responsive pleading is required. To the extent that any response is required, the UBS Defendants deny the allegations contained in the final sentence of Paragraph 328 of the Complaint.

329.    The UBS Defendants deny that any person or entity affiliated with the UBS Defendants was aware, prior to December 11, 2008, of any indicia of fraud at BLMIS, and in all other respects lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 329 of the Complaint, and on that basis deny the same.

330.    The UBS Defendants deny that any person or entity affiliated with the UBS Defendants was aware, prior to December 11, 2008, of any signs of fraud at BLMIS, that BLMIS was insolvent, and/or that any transfers were made with a fraudulent purpose, and in all other respects lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 330 of the Complaint, and on that basis deny the same.

331.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 331 of the Complaint, and on that basis deny the same. The second sentence of Paragraph 331 of the Complaint states a legal conclusion as to which no responsive pleading is required. To the extent that any response is required, the UBS Defendants deny the allegations contained in the second sentence of Paragraph 331 of the Complaint.

332.    In respect of the first three sentences of Paragraph 332 of the Complaint, the UBS Defendants admit that UBS Lux, UBSFSL, and UBSTPM received certain payments for providing services to Luxalpha, and that UBS Lux and UBSFSL received payment for providing

services to Groupement Financier, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first three sentences of Paragraph 332 of the Complaint, and on that basis deny the same. The last two sentences of Paragraph 332 of the Complaint state legal conclusions as to which no responsive pleading is required. To the extent that any response is required, the UBS Defendants deny the allegations contained in the last two sentences of Paragraph 332 of the Complaint.

333. The UBS Defendants admit that UBS Lux, UBSFSL, and UBSTPM received certain payments for providing services to the Feeder Fund Defendants, but deny that the amounts alleged in Paragraph 333 of the Complaint are accurate, and otherwise deny the allegations in Paragraph 333 of the Complaint.

334. The UBS Defendants admit that certain of the UBS Defendants passed on approximately $71.9 million from Luxalpha to certain of the Access Defendants by way of payment by Luxalpha for services purportedly provided to Luxalpha. The UBS Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 334 of the Complaint, and on that basis deny the same.

335. The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 335 of the Complaint, and on that basis deny the same.

336. The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 336 of the Complaint, and on that basis deny the same.

337.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 337 of the Complaint, and on that basis deny the same.

338.    Paragraph 338 of the Complaint states a legal conclusion as to which no responsive pleading is required.  To the extent that any response is required, the UBS Defendants deny the allegations contained in Paragraph 338 of the Complaint.

339.    Paragraph 339 of the Complaint states a legal conclusion as to which no responsive pleading is required.  To the extent that any response is required, the UBS Defendants deny the allegations contained in Paragraph 339 of the Complaint.

340.    The chart in Paragraph 340 of the Complaint purports to summarize the allegations made by the Trustee in Paragraphs 327-337 of the Complaint.  To the extent that Paragraph 340 of the Complaint requires a response, the UBS Defendants repeat and reallege each and every one of their foregoing responses to Paragraphs 327-337 of the Complaint as if fully set forth herein, and deny that any transfers of funds originating at BLMIS were made to UBS AG.

341.    The UBS Defendants admit that customer claims were filed with the Trustee on behalf of Luxalpha, and respectfully refer the Court to the documents referenced in Paragraph 341 of the Complaint for the complete and accurate contents of those documents.

342.    The UBS Defendants admit the allegations contained in Paragraph 342 of the Complaint.

343.    The UBS Defendants admit that Luxalpha has made the assertions set out in Paragraph 343 of the Complaint, and in all other respects deny the allegations contained in Paragraph 343 of the Complaint.

344.    The UBS Defendants admit that Luxalpha has made the assertions set out in Paragraph 344 of the Complaint, and in all other respects deny the allegations contained in Paragraph 344 of the Complaint.

345.    The UBS Defendants admit the allegations contained in Paragraph 345 of the Complaint.

346.    The UBS Defendants admit that Luxalpha has made the assertions set out in Paragraph 346 of the Complaint.

347.    The UBS Defendants admit that Luxalpha has made the assertions set out in Paragraph 347 of the Complaint.

348.    The UBS Defendants repeat and reallege each and every response set forth in the foregoing Paragraphs as if fully set forth herein.

349.    Paragraph 349 of the Complaint is directed at parties other than the UBS Defendants, and states a legal conclusion as to which no responsive pleading by the UBS Defendants is required.  To the extent that any response is required, the UBS Defendants deny the allegations in Paragraph 349 of the Complaint.

350.    Paragraph 350 of the Complaint is directed at parties other than the UBS Defendants, and states a legal conclusion as to which no responsive pleading by the UBS Defendants is required.  To the extent that any response is required, the UBS Defendants deny the allegations in Paragraph 350 of the Complaint.

351.    Paragraph 351 of the Complaint is directed at parties other than the UBS Defendants, and states a legal conclusion as to which no responsive pleading by the UBS Defendants is required.  To the extent that any response is required, the UBS Defendants deny the allegations in Paragraph 351 of the Complaint.

352.    Paragraph 352 of the Complaint is directed at parties other than the UBS Defendants, and states a legal conclusion as to which no responsive pleading by the UBS Defendants is required.  To the extent that any response is required, the UBS Defendants deny the allegations in Paragraph 352 of the Complaint.

353.    Paragraph 353 of the Complaint is directed at parties other than the UBS Defendants, and states a legal conclusion as to which no responsive pleading by the UBS Defendants is required.  To the extent that any response is required, the UBS Defendants deny the allegations in Paragraph 353 of the Complaint.

354.    Paragraph 354 of the Complaint is directed at parties other than the UBS Defendants, and states a legal conclusion as to which no responsive pleading by the UBS Defendants is required.  To the extent that any response is required, the UBS Defendants deny the allegations in Paragraph 354 of the Complaint.

355.    Paragraph 355 of the Complaint is directed at parties other than the UBS Defendants, and states a legal conclusion as to which no responsive pleading by the UBS Defendants is required.  To the extent that any response is required, the UBS Defendants deny the allegations in Paragraph 355 of the Complaint.

356.    The UBS Defendants repeat and reallege each and every response set forth in the foregoing Paragraphs as if fully set forth herein.

357.    Paragraph 357 of the Complaint states a legal conclusion as to which no responsive pleading is required.  To the extent that any response is required, the UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 357 of the Complaint, and on that basis deny the same.

358.    Paragraph 358 of the Complaint states a legal conclusion as to which no responsive pleading is required.

359.    Paragraph 359 of the Complaint states a legal conclusion as to which no responsive pleading is required.  To the extent that any response is required, the UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 359 of the Complaint, and on that basis deny the same.

360.    Paragraph 360 of the Complaint states a legal conclusion as to which no responsive pleading is required.  To the extent that any response is required, the UBS Defendants deny the allegations in Paragraph 360 of the Complaint.

361.    Paragraph 361 of the Complaint states a legal conclusion as to which no responsive pleading is required.  To the extent that any response is required, the UBS Defendants deny the allegations in Paragraph 361 of the Complaint.

362.    The UBS Defendants repeat and reallege each and every response set forth in the foregoing Paragraphs as if fully set forth herein.

363.    Paragraph 363 of the Complaint states a legal conclusion as to which no responsive pleading is required.  To the extent that any response is required, the UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 363 of the Complaint, and on that basis deny the same.

364.    Paragraph 364 of the Complaint states a legal conclusion as to which no responsive pleading is required.

365.    Paragraph 365 of the Complaint states a legal conclusion as to which no responsive pleading is required.  To the extent that any response is required, the UBS Defendants

lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 365 of the Complaint, and on that basis deny the same.

366.    Paragraph 366 of the Complaint states a legal conclusion as to which no responsive pleading is required.  To the extent that any response is required, the UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 366 of the Complaint, and on that basis deny the same.

367.    Paragraph 367 of the Complaint states a legal conclusion as to which no responsive pleading is required.  To the extent that any response is required, the UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 367 of the Complaint, and on that basis deny the same.

368.    Paragraph 368 of the Complaint states a legal conclusion as to which no responsive pleading is required.  To the extent that any response is required, the UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 368 of the Complaint, and on that basis deny the same.

369.    Paragraph 369 of the Complaint states a legal conclusion as to which no responsive pleading is required.  To the extent that any response is required, the UBS Defendants deny the allegations in Paragraph 369 of the Complaint.

370.    Paragraph 370 of the Complaint states a legal conclusion as to which no responsive pleading is required.  To the extent that any response is required, the UBS Defendants deny the allegations in Paragraph 370 of the Complaint.

371.    The UBS Defendants repeat and reallege each and every response set forth in the foregoing Paragraphs as if fully set forth herein.

372.    Paragraph 372 of the Complaint states a legal conclusion as to which no responsive pleading is required.  To the extent that any response is required, the UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 372 of the Complaint, and on that basis deny the same.

373.    Paragraph 373 of the Complaint states a legal conclusion as to which no responsive pleading is required.

374.    Paragraph 374 of the Complaint states a legal conclusion as to which no responsive pleading is required.  To the extent that any response is required, the UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 374 of the Complaint, and on that basis deny the same.

375.    Paragraph 375 of the Complaint states a legal conclusion as to which no responsive pleading is required.  To the extent that any response is required, the UBS Defendants deny the allegations in Paragraph 375 of the Complaint.

376.    Paragraph 376 of the Complaint states a legal conclusion as to which no responsive pleading is required.  To the extent that any response is required, the UBS Defendants deny the allegations in Paragraph 376 of the Complaint.

377.    The UBS Defendants repeat and reallege each and every response set forth in the foregoing Paragraphs as if fully set forth herein.

378.    Paragraph 378 of the Complaint states a legal conclusion as to which no responsive pleading is required.  To the extent that any response is required, the UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 378 of the Complaint, and on that basis deny the same.

379.    Paragraph 379 of the Complaint states a legal conclusion as to which no responsive pleading is required.

380.    Paragraph 380 of the Complaint states a legal conclusion as to which no responsive pleading is required.  To the extent that any response is required, the UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 380 of the Complaint, and on that basis deny the same.

381.    Paragraph 381 of the Complaint states a legal conclusion as to which no responsive pleading is required.  To the extent that any response is required, the UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 381 of the Complaint, and on that basis deny the same.

382.    Paragraph 382 of the Complaint states a legal conclusion as to which no responsive pleading is required.  To the extent that any response is required, the UBS Defendants deny the allegations in Paragraph 382 of the Complaint.

383.    The UBS Defendants repeat and reallege each and every response set forth in the foregoing Paragraphs as if fully set forth herein.

384.    Paragraph 384 of the Complaint states a legal conclusion as to which no responsive pleading is required.  To the extent that any response is required, the UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 384 of the Complaint, and on that basis deny the same.

385.    Paragraph 385 of the Complaint states a legal conclusion as to which no responsive pleading is required.

386.    Paragraph 386 of the Complaint states a legal conclusion as to which no responsive pleading is required.  To the extent that any response is required, the UBS Defendants

lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 386 of the Complaint, and on that basis deny the same.

387.    Paragraph 387 of the Complaint states a legal conclusion as to which no responsive pleading is required.  To the extent that any response is required, the UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 387 of the Complaint, and on that basis deny the same.

388.    Paragraph 388 of the Complaint states a legal conclusion as to which no responsive pleading is required.  To the extent that any response is required, the UBS Defendants deny the allegations in Paragraph 388 of the Complaint.

389.    The UBS Defendants repeat and reallege each and every response set forth in the foregoing Paragraphs as if fully set forth herein.

390.    Paragraph 390 of the Complaint states a legal conclusion as to which no responsive pleading is required.  To the extent that any response is required, the UBS Defendants deny the allegations in Paragraph 390 of the Complaint.

391.    Paragraph 391 of the Complaint states a legal conclusion as to which no responsive pleading is required.  To the extent that any response is required, the UBS Defendants deny the allegations in Paragraph 391 of the Complaint.

392.    Paragraph 392 of the Complaint states a legal conclusion as to which no responsive pleading is required.  To the extent that any response is required, the UBS Defendants deny the allegations in Paragraph 392 of the Complaint.

393.    The UBS Defendants repeat and reallege each and every response set forth in the foregoing Paragraphs as if fully set forth herein.

394.    Paragraph 394 of the Complaint is directed at parties other than the UBS Defendants, and states a legal conclusion as to which no responsive pleading by the UBS Defendants is required.  To the extent that any response is required, the UBS Defendants deny the allegations in Paragraph 394 of the Complaint.

395.    Paragraph 395 of the Complaint is directed at parties other than the UBS Defendants, and states a legal conclusion as to which no responsive pleading by the UBS Defendants is required.  To the extent that any response is required, the UBS Defendants deny the allegations in Paragraph 395 of the Complaint.

396.    Paragraph 396 of the Complaint is directed at parties other than the UBS Defendants, and states a legal conclusion as to which no responsive pleading by the UBS Defendants is required.  To the extent that any response is required, the UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 396 of the Complaint, and on that basis deny the same.

397.    Paragraph 397 of the Complaint is directed at parties other than the UBS Defendants, and states a legal conclusion as to which no responsive pleading by the UBS Defendants is required.  To the extent that any response is required, the UBS Defendants deny the allegations in Paragraph 397 of the Complaint.

398.    Paragraph 398 of the Complaint is directed at parties other than the UBS Defendants, and states a legal conclusion as to which no responsive pleading by the UBS Defendants is required.  To the extent that any response is required, the UBS Defendants deny the allegations in Paragraph 398 of the Complaint.

399.    Paragraph 399 of the Complaint is directed at parties other than the UBS Defendants, and states a legal conclusion as to which no responsive pleading by the UBS

Defendants is required.  To the extent that any response is required, the UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 399 of the Complaint, and on that basis deny the same.

400.    The UBS Defendants deny that the Trustee is entitled to entry of any judgment or to any recovery or award or relief sought as against any of the UBS Defendants in the Complaint's prayer for relief.

## SEPARATE AND ADDITIONAL DEFENSES

The UBS Defendants assert the following defenses without assuming any burden of proof, persuasion, or production not otherwise legally assigned to them as to any element of Plaintiff's claims.  The UBS Defendants reserve the right to assert any other defenses as discovery in this litigation proceeds or any counterclaims that they become aware of through discovery or other investigation as may be appropriate at a later time.  Further, the UBS Defendants also reserve the right to amend this Answer to assert cross-claims and/or third-party claims when and if, in the course of investigation, discovery, or preparation for trial, it becomes appropriate to do so.  These defenses are set forth cumulatively and in the alternative.

## FIRST DEFENSE
### Failure to State a Claim

Plaintiff's claims are barred, in whole or in part, because the Complaint fails to state a claim upon which relief can be granted, including, without limitation, for each of the reasons set forth in the *Memorandum of Law in Support of the UBS Defendants' Motion to Dismiss the Second Amended Complaint*, filed on April 22, 2022, in this adversary proceeding, ECF No. 286 (the "UBS Motion to Dismiss"), and the proceedings thereon.

## SECOND DEFENSE
### Lack of Personal Jurisdiction

Plaintiff is barred from asserting any claims in this action against Defendants UBS AG, UBS Fund Services (Luxembourg) SA, and UBS Third Party Management Company because this Court lacks personal jurisdiction over Defendants UBS AG, UBS Fund Services (Luxembourg) SA, and UBS Third Party Management Company, including, without limitation, for each of the reasons stated in the UBS Motion to Dismiss and the proceedings thereon, and the UBS Defendants have not consented to the exercise of jurisdiction over them by this Court, to entry of any decision by this Court as against them, or to this Court's authority to hear and determine any claims asserted as against them in this action.

## THIRD DEFENSE
### Dismissed Claims

Plaintiff's claims are barred to the extent that they and/or any allegations on which they are based have been or may in the future be dismissed or stricken by the Court, or are based on theories or allegations that may in the future be rejected by this Court or by another court on appeal from any orders of this Court.

## FOURTH DEFENSE
### Value, Good Faith, and Without Knowledge of Voidability
### (11 U.S.C. § 550(b))

To the extent that any of the UBS Defendants received any alleged Subsequent Transfers or any proceeds thereof, such property or funds may not be recovered because the UBS Defendants took such Subsequent Transfers for value, in good faith, and without knowledge of the voidability of the alleged Initial Transfers within the meaning of 11 U.S.C. § 550(b).

*Value*.  To the extent that any of the UBS Defendants received any alleged Subsequent Transfers, the UBS Defendants took those transfers for value because any transfers, to the extent they occurred, were made in exchange for the UBS Defendants' performance of services, and

payment received for services is equivalent to "satisfaction or securing of a present or antecedent debt" pursuant to 11 U.S.C. § 548(d)(2)(A).

*Good faith*.  To the extent that any of the UBS Defendants received any alleged Subsequent Transfers, at the time each of the Subsequent Transfers was made, the UBS Defendants did not have knowledge of any fraudulent purpose behind any transfers they received, nor were any of the UBS Defendants aware that BLMIS was not trading securities or was a fraud or a Ponzi scheme.

The Subsequent Transfers, if any, did not have a fraudulent purpose but were routine transfers in exchange for performance of professional services.  A reasonable person with the facts in each of the UBS Defendants' possession when each of the Subsequent Transfers, if any, occurred would not have been on inquiry notice of any fraudulent purpose behind such Subsequent Transfers, nor would those facts have led such a person to conduct further inquiry into whether there was a fraudulent purpose to such Subsequent Transfers or the Initial Transfers or whether BLMIS was trading securities or was a fraud or a Ponzi scheme.

A diligent inquiry by the UBS Defendants would not have discovered that BLMIS was not trading securities or was a fraud or a Ponzi scheme.  Other entities with greater investigatory tools and resources than the UBS Defendants, and with greater access to BLMIS personnel and documentation than the UBS Defendants, investigated BLMIS but failed to uncover that it was a Ponzi scheme at any time before Madoff confessed in December 2008, including the U.S. Securities and Exchange Commission, which began an investigation into BLMIS in 2006 but could not determine BLMIS's fraudulent purpose.  The UBS Defendants did not have the capability of discovering what United States government regulators could not and would not have discovered as the fraudulent purpose of the Initial Transfers or, if there were any fraudulent

purpose of the Subsequent Transfers, if any, of such fraudulent purpose, and as entities without privity with BLMIS or Madoff, did not have any reasonable ability to conduct a diligent investigation into BLMIS that could have led to a discovery of the fraudulent purpose of the Initial Transfers.

*Without Knowledge of Voidability*.  The UBS Defendants did not have knowledge of the voidability, if any, of the Initial Transfers when the UBS Defendants received each of the Subsequent Transfers, if any.

**FIFTH DEFENSE**
**Securities Safe Harbor**
**(11 U.S.C. § 546(e))**

Pursuant to 11 U.S.C. § 546(e) ("Section 546(e)"), Plaintiff may not avoid any alleged Initial Transfers, or pursue under 11 U.S.C. § 550(a) any recovery claims against the UBS Defendants premised upon the alleged avoidance or avoidability of any alleged Initial Transfers, except to the extent (if at all) Plaintiff can establish that each such transfer was made with actual intent to defraud, within two years before the Filing Date, and is avoidable under 11 U.S.C. § 548(a)(1)(A).

Except to such extent, the alleged Initial Transfers are subject to the Section 546(e) safe harbor.  Therefore, Plaintiff may neither avoid such Initial Transfers nor maintain claims for recovery against the UBS Defendants.  In particular: (a) any such transfers were made "in connection with securities contracts," including (i) BLMIS Account Opening Agreements and (ii) other agreements (including each Feeder Fund Defendant's respective agreements with its own investors governing redemptions of shares); (b) additionally or alternatively, any such transfers were "settlement payments" made by BLMIS in response to the Feeder Fund Defendants' requests for withdrawals; and (c) the alleged Initial Transfers were made by, to, and for the benefit of entities covered by Section 546(e), namely, (i) BLMIS, which was at all

relevant times a "stockbroker"; (ii) the Feeder Fund Defendants, each of which was at all

relevant times a "financial institution" or a "financial participant"; (iii) the Feeder Fund

Defendants' respective investors, each of which was at all relevant times a "financial institution"

or a "financial participant"; and, alternatively, (iv) the UBS Defendants, each of which was at all

relevant times a "financial institution" or a "financial participant." In addition, at the time of the

alleged Subsequent Transfers, the UBS Defendants had no actual knowledge that BLMIS was

not trading securities or was a fraud or a Ponzi scheme and, on information and belief, the Feeder

Fund Defendants had no actual knowledge that BLMIS was not trading securities or was a fraud

or a Ponzi scheme.

### SIXTH DEFENSE
**Not BLMIS Customer Property**

The claims against the UBS Defendants are barred to the extent that the alleged

Subsequent Transfers did not constitute BLMIS customer property under 15 U.S.C. § 78fff-

2(c)(3) or any other applicable law, for a number of reasons, including, without limitation, those

stated in the UBS Motion to Dismiss and the proceedings thereon, and therefore the property is

not recoverable by Plaintiff from the UBS Defendants.

### SEVENTH DEFENSE
**New York Debtor and Creditor Law**

The claims against the UBS Defendants are barred, in whole or in part, because Plaintiff

failed to plead all of the elements of fraudulent transfer under section 544 of the Bankruptcy

Code and sections 273, 274, 275, 276, 276-a, 278 and/or 279 of the New York Debtor & Creditor

Law ("NYDCL") with sufficient particularity and factual support, and Plaintiff cannot prove

such elements at trial.

## EIGHTH DEFENSE
### Fair Consideration Without Knowledge of Fraud
### (NYDCL § 278(1))

Plaintiff's claims are barred, in whole or in part, because any transfers from the Feeder

Fund Defendants were taken for fair consideration and without knowledge of the fraud, as

provided by NYDCL § 278(1).

## NINTH DEFENSE
### No Actual Fraudulent Intent and For Fair Consideration
### (NYDCL § 278(2))

Plaintiff's claims are barred, in whole or in part, because any transfers from the Feeder

Fund Defendants were taken without actual fraudulent intent and for fair consideration, as

provided by NYDCL § 278(2).

## TENTH DEFENSE
### Single Satisfaction
### (11 U.S.C. § 550(d); NYDCL § 278(1)(a))

Under 11 U.S.C. § 550(d), Plaintiff "is entitled to only a single satisfaction under" 11

U.S.C. § 550(a).  Under NYDCL § 278(1)(a), Plaintiff may only set aside a conveyance "to the

extent necessary to satisfy his claim."  Accordingly, Plaintiff may not recover any Subsequent

Transfer from any of the UBS Defendants to the extent Plaintiff has recovered from the Feeder

Fund Defendants or any other immediate or mediate transferee the amount of the avoided Initial

Transfer that included the Customer Property that Plaintiff alleges any of the UBS Defendants

received.

## ELEVENTH DEFENSE
### Failure to Avoid Initial Transfers
### (11 U.S.C. § 550(a))

Under 11 U.S.C. § 550(a), Plaintiff may recover transferred Customer Property only "to

the extent that a transfer is avoided" under specified provisions of the Bankruptcy Code.  As a

result, before Plaintiff may recover any property or funds from any of the UBS Defendants,

Plaintiff must first avoid the alleged Initial Transfers.  Plaintiff has not avoided any of the

alleged Initial Transfers, and therefore may not now recover from any of the UBS Defendants.

### TWELFTH DEFENSE
**No Ponzi Scheme Presumption**

Plaintiff may not rely on a "Ponzi scheme presumption" to prove that the Initial Transfers

from BLMIS to the Feeder Fund Defendants, the value of which Plaintiff seeks to recover from

the UBS Defendants, were made with actual intent to hinder, delay, or defraud any BLMIS

creditor.

### THIRTEENTH DEFENSE
**Extraterritoriality**

Plaintiff's recovery from the UBS Defendants of any transfer from the Feeder Fund

Defendants would constitute an impermissible extraterritorial application of U.S. law.

### FOURTEENTH DEFENSE
**No Standing**

Plaintiff's claims are barred, in whole or in part, because Plaintiff and/or the Debtor lacks

standing to assert the claims alleged in this action.

### FIFTEENTH DEFENSE
**Laches, Equitable Estoppel, Waiver, Etc.**

Plaintiff's claims are barred, in whole or in part, by laches, equitable estoppel, waiver, or

other related equitable doctrines.

### SIXTEENTH DEFENSE
**Rights Reserved**

Answers to each Paragraph of the Complaint are made by the UBS Defendants without

waiving, but expressly reserving, all rights they may have to seek relief by appropriate motions

directed to the allegations in the Complaint.

## SEVENTEENTH DEFENSE
**Additional Defenses**

The UBS Defendants have insufficient knowledge or information upon which to form a belief as to whether they may have additional yet unstated defenses. The UBS Defendants reserve the right to assert any additional defenses as may be discovered during the conduct of this litigation.

## EIGHTEENTH DEFENSE
**Lack of Subject Matter Jurisdiction**

This Court lacks jurisdiction under Article III of the U.S. Constitution to enter final orders or judgments in this proceeding, including because this Court is not established under Article III of the United States Constitution and does not have authority, under the Constitution, to enter final judgments on causes of actions seeking to avoid or recover fraudulent transfers.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Rule 9015 of the Federal Rules of Bankruptcy Procedure, the UBS Defendants hereby demand a jury trial before the U.S. District Court for the Southern District of New York on all claims and issues that may be tried to a jury. The UBS Defendants do not consent, but instead object, to the U.S. Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") conducting any jury trial under Rule 9015(b) of the Federal Rules of Bankruptcy Procedure.

## STATEMENT PURSUANT TO FED. R. BANKR. P. 7012(b)

Pursuant to Rule 7012(b) of the Federal Rules of Bankruptcy Procedure, the UBS Defendants do not consent, but instead object, to the entry of a final order or judgment against them by the Bankruptcy Court.

WHEREFORE the UBS Defendants respectfully request that the Court dismiss with prejudice all claims asserted against the UBS Defendants in this action, enter judgment against Plaintiffs in favor of the UBS Defendants as to all issues and matters set forth in the Complaint, award costs, disbursements, and attorneys' fees to the UBS Defendants, and grant such other and further relief as the Court deems just and proper.

Dated: February 28, 2023
      New York, New York

Respectfully Submitted,
GIBSON, DUNN & CRUTCHER LLP

*Marshall R. King*
Marshall R. King
Gabriel Herrmann
Keith R. Martorana

200 Park Avenue
New York, New York 10166
Tel.: (212) 351-4000
mking@gibsondunn.com
gherrmann@gibsondunn.com
kmartorana@gibsondunn.com

*Attorneys for Defendants UBS AG, UBS Europe SE, Luxembourg Branch (f/k/a UBS (Luxembourg) SA), UBS Fund Services (Luxembourg) SA, and UBS Third Party Management Company SA*

106167846.2