# EXHIBIT 1

# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

Bik Cheema
direct dial: 212.589.4613
bcheema@bakerlaw.com

September 5, 2014

Matthew Gluck, Brad N. Friedman, Sanford P. Dumain, and Jennifer L. Young
Milberg LLP
One Pennsylvania Plaza, 48th Floor
New York, NY 10119

Stephen A. Weiss, Christopher M. Van DeKieft, and Parvin Aminolroaya
Seeger Weiss LLP
One William Street
New York, NY 10004

Re:    *Securities Investor Protection Corporation v. Bernard L. Madoff Investment
Securities LLC ("BLMIS")*, 08-1789 (SMB)

Dear Messrs. Gluck and Weiss,

We are counsel to Irving H. Picard, Trustee for the substantively consolidated Securities
Investor Protection Act ("SIPA") liquidation proceedings of Bernard L. Madoff
Investment Securities LLC and the estate of Bernard L. Madoff. We are writing to you
regarding the objection filed on December 17, 2010 (Docket Number 3536) in the
aforementioned case in response to the Trustee's determination of claim number 009483
on behalf of Richard Laratro.

On June 28, 2011, the Bankruptcy Court for the Southern District of New York issued a
decision affirming the Trustee's denial of in excess of 1,400 claims that did not have
accounts with BLMIS, but instead invested in certain funds (referred to as "feeder
funds"). *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 454 B.R. 285,
292 (Bankr. S.D.N.Y. 2011), *aff'd sub nom, Aozora Bank Ltd. v. Sec. Investor Prot.
Corp.*, 480 B.R. 117 (S.D.N.Y. 2012), *aff'd sub nom, Kruse v. Sec. Investor Prot. Corp.
(In re Bernard L. Madoff Inv. Sec. LLC)*, 708 F.3d 422 (2d Cir. 2013). There were no
petitions for *certiorari* to the Supreme Court of the United States. Copies of those final
decisions are enclosed herewith for your information.

*Atlanta    Chicago    Cincinnati    Cleveland    Columbus    Costa Mesa    Denver
Houston    Los Angeles    New York    Orlando    Philadelphia    Seattle    Washington, DC*

Matthew Gluck
Stephen A. Weiss
September 5, 2014
Page 2

The Trustee's representatives have reviewed the database of claims to determine which claims and related objections also did not invest directly with BLMIS and did not maintain a BLMIS account. In that regard, we have issued this discovery tailored to these prior decisions in an effort to resolve additional claims and objections for claimants, including the aforementioned claimants, who did not have accounts in their names with BLMIS.

The discovery is commenced pursuant to Federal Rules of Bankruptcy Procedure, Rules 7026, 7033, 7034, and 7036. In the event that claimants participate in this discovery, staff for the Trustee will review all information received and the Trustee intends to initiate proceedings, where necessary, to resolve any remaining issues as to whether his denial of customer status should be affirmed. The Trustee has not obtained hearing dates for such future proceedings and such proceedings may take a significant amount of time given the review of voluminous discovery.  These proceedings are dependent on requesting such dates from the Bankruptcy Court. You will be notified in advance of any objection to the aforementioned claimant's claim. In anticipation of scheduling the claimant's objections for hearing in the U.S. Bankruptcy Court for the Southern District of New York, please see enclosed for the following:

- The Trustee's First Set of Requests for Production of Documents.

- The Trustee's First Set of Interrogatories.

- The Trustee's First Set of Requests for Admission.

To the extent that claimants do not participate in discovery, the Trustee intends to take the position that such failure to participate is a bar to participation in such future claims proceedings. This matter, however, will be left to the sound discretion of the Bankruptcy Court. In order for the aforementioned claimant's objection to be processed, it is imperative that we receive the claimant's responses. Please send your responses to me at the address contained herein, within thirty-five (35) days of the date of this letter, by October 10, 2014.

If the claimant intends to withdraw the objection, please contact me. For all other questions, please email madoffclaimsdiscovery@bakerlaw.com. Any communication should include the question, the claim number and the email or U.S. mail address for the response. Someone will respond as promptly as possible.

Sincerely,

Bik Cheema

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Jorian L. Rose
Email: jrose@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
Bik Cheema
Email: bcheema@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation of*
*Bernard L. Madoff Investment Securities LLC and*
*the Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>          Debtor. | SIPA LIQUIDATION<br><br>Case No.  08-01789 (SMB)<br><br>(Substantively Consolidated) |
| SECURITIES INVESTOR PROTECTION CORPORATION<br><br>          Plaintiff,<br><br>          v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>          Defendant. | |

## TRUSTEE'S FIRST SET OF INTERROGATORIES TO CLAIMANT

PLEASE TAKE NOTICE that pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure (the "Federal Rules") and Rule 7033 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Civil Rules of the United States Court for the Southern District of New York (the "Local Rules") and this Court (the "Local Bankruptcy Rules"), Irving H. Picard, Trustee (the "Trustee") for the Liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") pursuant to the Securities Investor Protection Act ("SIPA"), and the estate of Bernard L. Madoff, hereby requests that Richard Laratro respond in writing to the interrogatories (the "Interrogatories") set forth herein to the offices of Baker & Hostetler LLP, c/o Mr. Bik Cheema, 45 Rockefeller Plaza, New York, New York 10111 within 35 days of the date set forth below.

### DEFINITIONS

1.    The definitions and rules of construction in Local Rule 26.3, as adopted in Rule 7026-1 of the Local Bankruptcy Rules, are hereby incorporated by reference. All defined terms, including those defined in Local Rule 26.3, are capitalized herein.

2.    "Account" means BLMIS account 1G0386.

3.    "Accountholder" means Gettinger Management LLC Profit Sharing Plan.

4.    "Applicable Period" means the period from and including the date on which Accountholder first opened an Account with, or managed by, BLMIS, through the present.

5.    "BLMIS" means Bernard L. Madoff Investment Securities LLC, Madoff Securities International Ltd. ("MSIL"), Madoff Securities International LLC, Bernard L. Madoff, Ruth Madoff, and all affiliated Persons and entities, including, but not limited to, any officers,

directors, agents, representatives, employees, partners, parent companies, subsidiaries, predecessor or successor and related entities, and affiliates of the above specifically identified Persons and entities.

6.      "Claim" means claim number 009483.

7.      "Claimant" means Richard Laratro.

8.      "Concerning" means relating to, referring to, describing, evidencing, embodying, constituting, or referencing.

9.      "Identify," "Identity," and "Identification," when used with reference to an occasion or instance on which an event, act, or omission occurred, mean to state the date and place of such occasion or instance, to describe the nature of the event, act, or omission and to provide the identification of such Person involved in any way in such event, act, or omission.

10.     "Identify," "Identity," and "Identification" when used in reference to a payment or to a transfer of property, mean to set forth:

    a.      the date, or dates, of the payment or transfer;

    b.      the amount of the payment or transfer;

    c.      the method of payment or other transfer (*i.e.*, check, cash, cashier's check, wire transfer, etc.);

    d.      the payor and payee of the payment or transfer;

    e.      if the payment or other transfer was by negotiable instrument, such as by check, state the indorser of the instrument and the date the instrument was cashed or deposited.

11.     "Objection" means the objection filed at docket number 3536.

12.     "You" or "Your" means Richard Laratro and/or anyone acting on Richard Laratro's behalf. "You" or "Your" does not include Richard Laratro acting in any way on behalf of, for the benefit of, or in any capacity as a representative of Accountholder.

13.     For all purposes herein, spelling, grammar, syntax, abbreviations, idioms, and proper nouns shall be construed and interpreted according to their context to give proper meaning and consistency to the Interrogatories.

14.     Reference to any Person that is not a natural Person and is not otherwise defined herein refers to and includes any parent, subsidiary, affiliate, division, branch, agency, representative office, predecessor, successor, principal, member, director, officer, shareholder, manager, employee, attorney-in-fact, attorney, nominee, agent, or representative of such Person.

## INSTRUCTIONS FOR INTERROGATORIES

Federal Rules 26–37, made applicable to this proceeding pursuant to Bankruptcy Rules 7026–7037, and the Local Bankruptcy Rules, are hereby incorporated by reference and apply to each of the following instructions:

1.     If a response to an Interrogatory is based upon information and belief, set forth the source of the information and the grounds for the belief.

2.     If You object on the basis of ambiguity or vagueness to an Interrogatory, or to any related definition or instruction, You must respond to the Interrogatory and set forth Your interpretation of the language You claim is vague or ambiguous.

3.     If You refuse to provide a response to an Interrogatory due to an assertion of attorney-client privilege, the work product doctrine, or any other privilege, Your response should include a statement of the basis for the claim sufficient for the Trustee to evaluate the claimed privilege or protection.

4.     If You cannot provide, or object to providing, a complete answer to a particular Interrogatory, the Interrogatory should be answered to the extent possible and an explanation should be provided as to why only a partial answer is given.

5.     If You discover that a response is incomplete or incorrect, You must, in a timely manner, supplement, or correct such response in accordance with Rule 7026 of the Bankruptcy Rules and Rule 26(e) of the Federal Rules.

## INTERROGATORIES

1.     Identify each Person who was involved in answering these Interrogatories and Identify each Document that was referred to in answering these Interrogatories.

**ANSWER:**

2.     Identify each Person who was involved in Your introduction to BLMIS.

**ANSWER:**

3.      Identify all Accountholder formation Documents and all Documents Concerning one or more of the following: Your legal name, the type of entity You are, the date on which You were established and whether You were formed out of a predecessor entity, the state or country under whose laws You were formed, the names and addresses of Your current and former officers, members and/or owners, the percent of beneficial interest in the Account(s) of each of the current and former officers, members and/or owners, Your current and former business addresses, and Your current and former principal places of business, where Claimant is not a natural person.

**ANSWER:**

4.      Identify all Documents Concerning how You came to invest in Accountholder, including how You learned of or became aware of Accountholder.

**ANSWER:**

5.      Identify all Documents Concerning the facts upon which You base Your Claim, and Identify each Person with knowledge of the facts upon which You base Your Claim.

**ANSWER:**

6.      Identify all Documents Concerning the facts upon which You base Your Objection, and Identify each Person with knowledge of the facts upon which You base Your Objection.

**ANSWER:**

7.      Identify each Person whom You assert was reflected in BLMIS's books and records in connection with the Account.

**ANSWER:**

8.     Identify all Documents Concerning the facts upon which You base Your

contention that You are a customer of BLMIS, including specifically all Documents that support

any contention that You are reflected in BLMIS's books and records, and Identify each Person

with knowledge of the facts upon which You base Your contention that You are a customer of

BLMIS.

**ANSWER:**

9.     Identify all Documents Concerning investments or deposits that You made that

were credited to the Account.

**ANSWER:**

10.    Identify all Documents that describe how You made investments or deposits in connection with the Account, including, but not limited to, the process for making such investments or deposits, the Person and/or entity to whom such investments or deposits were sent, and the method for making such investments or deposits.

**ANSWER:**

11.    Identify all Documents Concerning payments that were made to You in connection with the Account.

**ANSWER:**

12.    Identify all Documents that describe how payments were made to You in connection with the Account, including, but not limited to, the process for requesting or receiving such payments and the Person and/or entity to whom such requests were made or from whom such payments were received, and the method of receipt.

**ANSWER:**

13.    Identify all Documents Concerning Your investment in any BLMIS account other than the Account.  For each BLMIS account in which You invested, Identify all Person(s) who performed any due diligence or provided any advice, opinion, commentary, or analysis of BLMIS to You or on Your behalf, and Identify all Documents that You reviewed before opening and investing in the account.

**ANSWER:**

14.    Identify all Persons at BLMIS with whom You had any Communications, and Identify all Documents Concerning the substance of those Communications, including which (if any) BLMIS account such Communications related to.

**ANSWER:**

15.    Identify all Documents Concerning any investment You made in BLMIS, including, but not limited to, check copies, trade confirmation slips, account statements, correspondence, contracts or agreements, and/or tax forms or statements.

**ANSWER:**

16.    Identify all Documents You ever received from BLMIS.

**ANSWER:**

17.    Identify all Documents Concerning Accountholder and/or the Account, including, but not limited to, check copies, trade confirmation slips, account statements, correspondence, contracts or agreements, operating Documents, marketing materials, and/or tax forms or statements.

**ANSWER:**

18.    Identify each Person who had any Communications with BLMIS on behalf of or in connection with Accountholder.

**ANSWER:**

19.    Identify each Person who had control over Accountholder and/or authority to exercise discretion with respect to the assets or investments of Accountholder.

**ANSWER:**

20.    Identify each Person who received payments directly from BLMIS in connection with the Account, and Identify all Documents Concerning the method(s) by which such payments were made, including from whom such payments were sent.

**ANSWER:**

21.    Identify each Person associated with Accountholder who had a direct understanding or agreement with BLMIS with respect to the assets or investments of Accountholder.

**ANSWER:**

22.    Identify all Documents Concerning meetings You attended where an employee or representative of BLMIS was present, and Identify all Documents that describe the substance of the Communications that occurred during each meeting.

**ANSWER:**

23.    Identify all Documents describing the circumstances surrounding the creation of Accountholder, including each Person involved, the reasons for creating Accountholder, whether or not Accountholder was created at the suggestion of BLMIS, and when Accountholder was created.

**ANSWER:**

24.    Identify any and all banks where You hold or have held accounts from the beginning of the Applicable Period through the present, and for each account, Identify all Documents evidencing the account number, the name on the account, the date the account was opened, and the date the account was closed.

**ANSWER:**

25.    Identify any and all banks where Accountholder holds or has held accounts from the beginning of the Applicable Period through the present, and for each account, Identify all Documents evidencing the account number, the name on the account, the date the account was opened, and the date the account was closed.

**ANSWER:**

Dated:   September 5, 2014

David J. Sheehan
Jorian L. Rose
Nicholas J. Cremona
Bik Cheema
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Fax: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation of*
*Bernard L. Madoff Investment Securities LLC and*
*the Estate of Bernard L. Madoff*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing Interrogatories and

accompanying letter relating to the objection to the Trustee's determination of claim number

009483 (Case No. 08-01789, Docket No. 3536) was served this 5th day of September, 2014 by

First Class Certified Mail upon the following:


Matthew Gluck, Brad N. Friedman, Sanford P. Dumain, and Jennifer L. Young
Milberg LLP
One Pennsylvania Plaza, 48th Floor
New York, NY 10119


Stephen A. Weiss, Christopher M. Van DeKieft, and Parvin Aminolroaya
Seeger Weiss LLP
One William Street
New York, NY 10004


*An Attorney for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation of*
*Bernard L. Madoff Investment Securities LLC and*
*the Estate of Bernard L. Madoff*

300331552

15

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Jorian L. Rose
Email: jrose@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
Bik Cheema
Email: bcheema@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation of Bernard*
*L. Madoff Investment Securities LLC and*
*the Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>   Debtor. | SIPA LIQUIDATION<br><br>Case No.  08-01789 (SMB)<br><br>(Substantively Consolidated) |
| SECURITIES INVESTOR PROTECTION CORPORATION<br><br>   Plaintiff,<br><br>   v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>   Defendant. | |

## TRUSTEE'S FIRST SET OF REQUESTS FOR ADMISSION TO CLAIM

PLEASE TAKE NOTICE that pursuant to Rules 26 and 36 of the Federal Rules of Civil

Procedure (the "Federal Rules") and Rules 7026 and 7036 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules") and the Local Civil Rules of the United States District Court

for the Southern District of New York (the "Local Rules") and this Court (the "Local Bankruptcy

Rules"), Irving H. Picard, Trustee (the "Trustee") for the Liquidation of Bernard L. Madoff

Investment Securities LLC ("BLMIS") pursuant to the Securities Investor Protection Act

("SIPA"), and the estate of Bernard L. Madoff, hereby requests that Richard Laratro respond in

writing to the requests for admission ("Requests") set forth herein and deliver the same to the

offices of Baker & Hostetler LLP, c/o Mr. Bik Cheema, 45 Rockefeller Plaza, New York, New

York 10111 within 35 days of the date set forth below.

### DEFINITIONS

1.      The rules of construction and definitions in Local Rule 26.3, as adopted in Rule

7026-1 of the Local Bankruptcy Rules, are hereby incorporated by reference. All defined terms,

including those defined in Local Rule 26.3, are capitalized herein.

2.      "Account" means BLMIS account 1G0386.

3.      "Accountholder" means Gettinger Management LLC Profit Sharing Plan.

4.      "BLMIS" means Bernard L. Madoff Investment Securities LLC, Madoff

Securities International Ltd. ("MSIL"), Madoff Securities International LLC, Bernard L. Madoff,

Ruth Madoff, and all affiliated Persons and entities, including, but not limited to, any officers,

directors, agents, representatives, employees, partners, parent companies, subsidiaries,

predecessor or successor and related entities, and affiliates of the above specifically identified Persons and entities.

5.    "Claim" means claim number 009483.

6.    "Claimant" means Richard Laratro.

7.    "Objection" means the objection filed at docket number 3536.

8.    "You" or "Your" means Richard Laratro and/or anyone acting on Richard Laratro's behalf. "You" or "Your" does not include Richard Laratro acting in any way on behalf of, for the benefit of, or in any capacity as a representative of Accountholder.

9.    For all purposes herein, spelling, grammar, syntax, abbreviations, idioms, and proper nouns shall be construed and interpreted according to their context to give proper meaning and consistency to these Requests.

10.    Reference to any Person that is not a natural Person and is not otherwise defined herein refers to and includes, but is not limited to, any parent, subsidiary, affiliate, division, branch, agency, representative office, predecessor, successor, principal, member, director, officer, shareholder, manager, employee, attorney-in-fact, attorney, nominee, agent, or representative of such Person.

## REQUESTS FOR ADMISSION

1.    Admit the Account was not titled in Your name.

2.    Admit You did not have an account in Your name at BLMIS.

3.    Admit You never received correspondence directly from BLMIS.

4.      Admit You never made a payment of cash directly to BLMIS for credit to an account in Your name.

5.      Admit You never deposited securities directly with BLMIS.

6.      Admit You never withdrew funds directly from BLMIS.

7.      Admit that any funds You received were transmitted to You from Accountholder.

8.      Admit You did not receive investment statements from BLMIS in Your name.

9.      Admit You did not receive tax statements from BLMIS in Your name.

10.     Admit You never entered into any contracts in Your name with BLMIS.

11.     Admit Your only relationship to BLMIS existed by way of Your relationship to Accountholder.

12.     Admit You did not have any control or investment discretion over any investment assets at BLMIS.

13.     Admit that Accountholder had its own bank account and kept its funds separate from Your personal funds.

14.     Admit that all property acquired by the Accountholder, including the assets at BLMIS, were owned by and in the name of the Accountholder.

15.     Admit that there was an agreement that restricted management rights of participants giving exclusive management and control of the Accountholder to the trustee.

Dated:   September 5, 2014

David J. Sheehan
Jorian L. Rose
Nicholas J. Cremona
Bik Cheema
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee for the
Substantively Consolidated SIPA Liquidation
of Bernard L. Madoff Investment Securities
LLC and the Estate of Bernard L. Madoff*

### CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing Requests for Admission and accompanying letter relating to the objection to the Trustee's determination of claim number 009483 (Case No. 08-01789, Docket No. 3536) was served this 5th day of September, 2014 by First Class Certified Mail upon the following:

Matthew Gluck, Brad N. Friedman, Sanford P. Dumain, and Jennifer L. Young
Milberg LLP
One Pennsylvania Plaza, 48th Floor
New York, NY 10119


Stephen A. Weiss, Christopher M. Van DeKieft, and Parvin Aminolroaya
Seeger Weiss LLP
One William Street
New York, NY 10004


_____
*An Attorney for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation of*
*Bernard L. Madoff Investment Securities LLC*
*and the Estate of Bernard L. Madoff*

300331699

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Jorian L. Rose
Email: jrose@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
Bik Cheema
Email: bcheema@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation of*
*Bernard L. Madoff Investment Securities LLC*
*and the Estate of Bernard L. Madoff*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>BERNARD L. MADOFF INVESTMENT<br>SECURITIES LLC,<br><br>               Debtor. | SIPA LIQUIDATION<br><br>Case No.  08-01789 (SMB)<br><br>(Substantively Consolidated) |
| SECURITIES INVESTOR PROTECTION<br>CORPORATION<br><br>               Plaintiff,<br><br>               v.<br><br>BERNARD L. MADOFF INVESTMENT<br>SECURITIES LLC,<br><br>               Defendant. | |

## TRUSTEE'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO CLAIMANT

PLEASE TAKE NOTICE that pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "Federal Rules") and Rule 7034 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Civil Rules of the United States District Court for the Southern District of New York (the "Local Rules") and this Court (the "Local Bankruptcy Rules"), Irving H. Picard, Trustee (the "Trustee") for the Liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") pursuant to the Securities Investor Protection Act ("SIPA"), and the estate of Bernard L. Madoff, hereby requests that Richard Laratro produce Documents responsive to the document requests (the "Document Requests") set forth herein to the offices of Baker & Hostetler LLP, c/o Mr. Bik Cheema, 45 Rockefeller Plaza, New York, New York 10111 within 35 days of the date set forth below.

### DEFINITIONS

1. The rules of construction and definitions in Local Rule 26.3, as adopted in Rule 7026-1 of the Local Bankruptcy Rules, are hereby incorporated by reference. All defined terms, including those defined in Local Rule 26.3, are capitalized herein.

2. "Account" means BLMIS account 1G0386.

3. "Accountholder" means Gettinger Management LLC Profit Sharing Plan.

4. "BLMIS" means Bernard L. Madoff Investment Securities LLC, Madoff Securities International Ltd. ("MSIL"), Madoff Securities International LLC, Bernard L. Madoff, Ruth Madoff, and all affiliated Persons and entities, including, but not limited to, any officers, directors, agents, representatives, employees, partners, parent companies, subsidiaries,

predecessor or successor and related entities, and affiliates of the above specifically identified

Persons and entities.

5.    "Claim" means claim number 009483.

6.    "Claimant" means Richard Laratro.

7.    "Concerning" means relating to, referring to, describing, evidencing, embodying,

constituting, or referencing.

8.    "Objection" means the objection filed at docket number 3536.

9.    "You" or "Your" means Richard Laratro and/or anyone acting on Richard

Laratro's behalf. "You" or "Your" does not include Richard Laratro acting in any way on behalf

of, for the benefit of, or in any capacity as a representative of Accountholder.

10.    For all purposes herein, spelling, grammar, syntax, abbreviations, idioms, and

proper nouns shall be construed and interpreted according to their context to give proper

meaning and consistency to the Document Requests.

11.    Reference to any Person that is not a natural person and is not otherwise defined

herein refers to and includes any parent, subsidiary, affiliate, division, branch, agency,

representative office, predecessor, successor, principal, member, director, officer, shareholder,

manager, employee, attorney-in-fact, attorney, nominee, agent, or representative of such Person.

## INSTRUCTIONS

Federal Rules 26–37, made applicable to this proceeding pursuant to Bankruptcy Rules

7026–7037, and the Local Bankruptcy Rules, are hereby incorporated by reference and apply to

each of the following instructions:

1.    All Documents shall be identified by the request(s) to which they are primarily

responsive or be produced as they are maintained in the usual course of business.

2.      Produce all Documents and all other materials described below in Your actual or constructive possession, custody, or control, including in the possession, custody, or control of a current or former employee, wherever those Documents and materials are maintained, including on personal computers, PDAs, wireless devices, or web-based emails systems such as Gmail, Yahoo, etc.

3.      You must produce all Documents in Your possession, custody, or control, whether maintained in electronic or paper form and whether located on hardware owned and maintained by You or hardware owned and/or maintained by a third party that stores data on Your behalf.  You must produce all such Documents even if they were deleted or in draft form. Without limitation, hardware where such data may be stored includes: servers; desktop, laptop, or tablet computers; cell and smart phones; PDA devices; scanners, fax machines, and copying machines; and mobile storage devices, such as thumb or external hard drives.  Electronically stored Documents include any computerized data or content stored on electromagnetic media. Without limitation, types of electronically stored Documents include email, voicemail, instant messages, intranet and internet system data, telephone and cellular telephone calling records, data compilations, spreadsheets, word processing Documents, images, databases, digital photocopier memory, and any other information stored in memory storage devices.

4.      Produce the original or duplicate, as such terms are defined by Rule 1001 of the Federal Rules of Evidence, of each Document requested together with all non-identical copies and drafts of that Document.  If a duplicate is produced, it should be legible and bound or stapled in the same manner as the original.

5.      Documents not otherwise responsive to these Requests should be produced: (i) if such Documents mention, discuss, refer to, explain, or concern one or more Documents that are

called for by these Requests; (ii) if such Documents are attached to, enclosed with, or accompany Documents called for by these Requests; or (iii) if such Documents constitute routing slips, transmittal memoranda or letters, comments, evaluations, or similar materials.

6.    Documents attached to each other should not be separated; separate Documents should not be attached to each other.

7.    Documents should include all exhibits, appendices, linked Documents, or otherwise appended Documents that are referenced in, attached to, included with, or are a part of the requested Documents.

8.    If a request calls for information Concerning a withdrawal from a BLMIS account, You must include Documents that reflect the account name and number for the account the funds were transferred from and to, method of transfer (i.e., wire, check, etc.), date of, amount and the reason for the withdrawal.

9.    If any Document, or any part thereof, is not produced based on a claim of attorney-client privilege, work-product protection, or any other privilege, then in answer to such request or part thereof, for each such Document, You must:

    a.    Identify the type, title and subject matter of the Document;

    b.    state the place, date, and manner of preparation of the Document;

    c.    Identify all authors, addressees, and recipients of the Document, including information about such Persons to assess the privilege asserted; and

    d.    Identify the legal privilege(s) and the factual basis for the claim.

10.    Documents should not contain redactions unless such redactions are made to protect information subject to the attorney-client privilege and/or work product doctrine.  In the event any Documents are produced with redactions, a log setting forth the information requested in Instruction 9 above must be provided.

11.    To the extent a Document sought herein was at one time, but is no longer, in Your actual or constructive possession, custody, or control, state whether it: (i) is missing or lost; (ii) has been destroyed; (iii) has been transferred to others; and/or (iv) has been otherwise disposed of. In each instance, Identify the Document, state the time period during which it was maintained, state the circumstance and date surrounding authorization for such disposition, Identify each Person having knowledge of the circumstances of the disposition, and Identify each Person who had possession, custody, or control of the Document. Documents prepared prior to, but which relate or refer to, the time period covered by these Document Requests are to be identified and produced.

## **MANNER OF PRODUCTION**

1.    All Documents produced to the Trustee shall be provided in either native file ("native") or single-page 300 dpi-resolution group IV TIF format ("tiff") format as specified below, along with appropriately formatted industry-standard database load files, and accompanied by true and correct copies or representations of unaltered attendant metadata. Where Documents are produced in tiff format, each Document shall be produced along with a multi-page, Document-level searchable text file ("searchable text") as rendered by an industry-standard text extraction program in the case of electronic originals, or by an industry-standard Optical Character Recognition ("ocr") program in the case of scanned paper Documents. Searchable text of Documents shall not be produced as fielded data within the ".dat file" as described below.

2.    <u>Database load files and production media structure</u>: Database load files shall consist of: (i) a comma-delimited values (".dat") file containing: production Document identifier information, data designed to preserve "parent and child" relationships within Document "families," reasonably accessible and properly preserved metadata (or bibliographic coding in

the case of paper Documents), custodian or Document source information; and (ii) an Opticon (".opt") file to facilitate the loading of tiff images. Load files should be provided in a root-level folder named "Data," images shall be provided within a root level "Images" folder containing reasonably structured subfolders, and searchable text files shall be provided in a single root-level "Text" folder. If any of the Documents produced in response to these requests are designated as confidential pursuant to the Litigation Protective Order, in addition to marking the Documents with the brand "CONFIDENTIAL" or branding the media with the word "CONFIDENTIAL," also include a Confidential field within the load file, with a "yes" or "no" indicating whether the Document has been designated as confidential, as well as native file loading/linking information (where applicable).

    3.   <u>Electronic Documents and data, generally</u>:  Documents and other responsive data or materials created, stored, or displayed on electronic or electro-magnetic media shall be produced in the order in which the Documents are or were stored in the ordinary course of business, including all reasonably accessible metadata, custodian or Document source information, and searchable text as to allow the Trustee, through a reasonable and modest effort, to fairly, accurately, and completely access, search, display, comprehend, and assess the Documents' true and original content.

    4.   <u>Emails and attachments, and other email account-related Documents</u>:  All Documents and accompanying metadata created and/or stored in the ordinary course of business within commercial, off-the-shelf email systems including but not limited to Microsoft Exchange™, Lotus Notes™, or Novell Groupwise™ shall be produced in tiff format, accompanying metadata, and searchable text files or, alternately, in a format that fairly,

accurately, and completely represents each Document in such a manner as to make the

Document(s) reasonably useable, manageable, and comprehendible by the Trustee.

5.      <u>Documents and data created or stored in or by structured electronic databases</u>:

With the exclusion of email and email account-related Documents and data, all Documents and

accompanying metadata created and/or stored in structured electronic databases or files shall be

produced in a format that enables the Trustee to reasonably manage and import those Documents

into a useable, coherent database.  Documents must be accompanied by reasonably detailed

documentation explaining the Documents' content and format including but not limited to data

dictionaries and diagrams.  Some acceptable formats, if and only if provided with definitive

file(s), table(s), and field level schemas include:

      a.      XML format file(s);

      b.      Microsoft SQL database(s);

      c.      Access database(s); and/or

      d.      Fixed or variable length ASCII delimited files.

6.      <u>Spreadsheets, multimedia, and non-standard file types</u>:  All Documents generated

or stored in software such as Microsoft Excel or other commercially available spreadsheet

programs, as well as any multimedia files such as audio or video, shall be produced in their

native format, along with an accompanying placeholder image in tiff format indicating a native

file has been produced.  A "Nativelink" entry shall be included in the .dat load file indicating the

relative file path to each native file on the production media.  To the extent the party has other

file types that do not readily or easily and accurately convert to tiff and searchable text, the party

may elect to produce those files in native format subject to the other requirements listed herein.

Native files may be produced within a separate root-level folder structure on deliverable media

entitled "Natives."

7.    "Other" electronic Documents:  All other Documents and accompanying metadata and embedded data created or stored in unstructured files generated by commercially available software systems (excluding emails, structured electronic databases, spreadsheets, or multimedia) such as, but not limited to, word processing files (such as Microsoft Word), image files (such as Adobe .pdf files and other formats), and text files shall be produced in tiff and searchable text format in the order the files are or were stored in the ordinary course of business.

8.    Paper Documents:  Documents originally created or stored on paper shall be produced in tiff format.  Relationships between Documents shall be identified within the Relativity .dat file utilizing Document identifier numbers to express parent Document/child attachment boundaries, folder boundaries, and other groupings.  In addition, the searchable text of each Document shall be provided as a multi-page text file as provided for by these requests.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.    All Documents Concerning BLMIS, including, but not limited to correspondence to, from, or Concerning BLMIS; any contracts or agreements with or relating to BLMIS; any customer or other statements of account; and/or any marketing or promotional materials.

2.    Any Documents other than those requested in question 1 above, which evidence that You had an account in your name at BLMIS.

3.    All Documents that evidence that You were identified or otherwise reflected in BLMIS's books and records.

4.    All Documents Concerning any relationship between You and BLMIS.

5.    All Documents Concerning Your entrustment of securities and/or funds to BLMIS.

6.    All Documents Concerning Your withdrawal of funds from BLMIS.

7.      All Documents Concerning any BLMIS account in which You invested, including the Account.

8.      All Documents that evidence you had control or discretion over investment assets at BLMIS.

9.      All Documents Concerning Accountholder, including, but not limited to, Documents Concerning the formation of Accountholder; Your rights and interests as it relates to Accountholder; the management of Accountholder; any marketing,h promotional, or other informational materials; and all financial records Concerning Your relationship with Accountholder, such as checks, account statements, bank account records, and tax Documents.

10.     All Documents You intend to rely upon to support Your claim to "customer" status as such term is defined in 15 U.S.C. § 78*lll*(2).

11.     All Documents disputing that the investment assets at BLMIS were owned by and in the name of the Accountholder.

12.     All Documents that support Your Objection.

13.     All Documents You identified, reviewed, prepared, or consulted in responding to discovery in this matter.

14.     All organizational Documents relating to You or any entity that is affiliated with or otherwise related to You through common or affiliated management or otherwise, including, but not limited to, articles of incorporation; limited partnership, limited liability company or trust agreements; memoranda of association and articles of association; or any Document with an equivalent function, each as originally constituted and as amended or otherwise modified through the date of your response, where Claimant is not a natural person.

Dated:  September 5, 2014

David J. Sheehan
Jorian L. Rose
Nicholas J. Cremona
Bik Cheema
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities*
*LLC and the Estate of Bernard L. Madoff*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing Request for Production of

Documents and accompanying letter relating to the objection to the Trustee's determination of

claim number 009483 (Case No. 08-01789, Docket No. 3536) was served this 5th day of

September, 2014 by First Class Certified Mail upon the following:


Matthew Gluck, Brad N. Friedman, Sanford P. Dumain, and Jennifer L. Young
Milberg LLP
One Pennsylvania Plaza, 48th Floor
New York, NY 10119


Stephen A. Weiss, Christopher M. Van DeKieft, and Parvin Aminolroaya
Seeger Weiss LLP
One William Street
New York, NY 10004


*An Attorney for Irving H. Picard, Trustee for the
Substantively Consolidated SIPA Liquidation of
Bernard L. Madoff Investment Securities LLC and
the Estate of Bernard L. Madoff*


7013 1090 0000 9215 4509

300331656