UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant.<br>In re:<br>BERNARD L. MADOFF,<br><br>Debtor. | Adv. Pro. No. 08-01789 (CGM)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |

**DECLARATION OF VINEET SEHGAL IN SUPPORT OF THE TRUSTEE'S MOTION AND MEMORANDUM OF LAW TO AFFIRM HIS DETERMINATIONS DENYING CLAIMS OF CLAIMANTS HOLDING INTERESTS IN PEERSTATE EQUITY FUND LP, GETTINGER MANAGEMENT LLC PROFIT SHARING PLAN, AND SMT INVESTORS LLC**

I, Vineet Sehgal, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am a Managing Director at AlixPartners LLP ("AlixPartners"), a consultant to, and claims agent for, Irving H. Picard as trustee (the "Trustee") for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities ("BLMIS") and Bernard L. Madoff ("Madoff").

2. In December 2008, AlixPartners was retained by the Trustee as the Trustee's claims agent. As the claims agent, AlixPartners was responsible for both mailing the notice of the liquidation and claim forms to potential claimants and causing the notice of the liquidation to be published. AlixPartners has also been responsible for processing all claims submitted to the Trustee and assisting the Trustee in reviewing each customer claim filed to determine whether

the asserted claim amount agrees with the "net equity" for that account. In addition, as the accountants for the BLMIS estate, AlixPartners has assisted and continues to assist the Trustee in accounting for the assets of the BLMIS estate, including the cash and cash equivalents available to the Trustee.

3. I have been actively involved in the liquidation of BLMIS and the claims process since December 2008 and have personal knowledge of the matters set forth herein.

4. I submit this declaration based upon the information and knowledge acquired during the course of my retention and in support of the Trustee's Motion and Memorandum to Affirm His Determinations Denying Claims of Claimants Holding Interests in Peerstate Equity Fund LP, Gettinger Management LLC Profit Sharing Plan, and SMT Investors, LLC (the "Motion").[1]

5. At the Trustee's direction, my colleagues at AlixPartners and I have reviewed the books and records of BLMIS. During the course of my involvement in this matter, I have personally reviewed thousands of documents, as well as schedules prepared and information collected by my colleagues, relating to the books and records of BLMIS, third party records, bank records and other documentation relevant to BLMIS and its customer accounts and information systems. I have reviewed the books and records of BLMIS and the customer claims filed, analyzing the cash deposit activity, cash withdrawal activity, and transfers between accounts.

6. For purposes of the Motion, the Trustee selected three BLMIS accounts held by the following: 1ZB295 held by Peerstate Equity Fund LP ("Peerstate"), 1G0386 held by Gettinger Management LLC Profit Sharing Plan ("Gettinger Profit Sharing Plan"), and 1CM827 held by SMT Investors, LLC ("SMT"), which accounts (the "Accounts") are listed on Exhibit 1.

---

[1] Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Motion. Certain exhibits attached to this Declaration have been partially redacted to remove sensitive personal information.

7. At the request of the Trustee, my colleagues at AlixPartners and I engaged in a review of the claims and other information provided by the Objecting Claimants to determine the account of which the Objecting Claimants were claiming to have invested.

8. If an Objecting Claimant failed to provide a BLMIS account number, my colleagues at AlixPartners and I reviewed the claim and any supplemental information attached to the claim form. The supplemental information may have included account statements, corporate formation documents, or other Objecting Claimants' explanations concerning their exposure to BLMIS. The objections filed by Objecting Claimants generally also mention one of the Accountholders. The results of that review are set out on Exhibits 2 and 3.

9. Each of the Objecting Claimants bases its customer claim on the Objecting Claimant's relationship to one of the Accountholders and its Account. Each Objecting Claimant's claim seeks a portion of the same account money that was also claimed by the Accountholder.

10. On the attached Exhibit 1, the fifth column displays the number of docketed objections filed by Objecting Claimants that AlixPartners was able to correlate to one of the Accounts.

11. Exhibit 2 provides a list of the three claims and three objections filed by Objecting Claimants who claim to hold an interest in one or more of the Accounts and that have outstanding objections to the Trustee's determination of their claims. Exhibit 2 also identifies the Objecting Claimants' claim numbers, the docket numbers of the objections as filed with the Court, the lawyers originally representing the Objecting Claimants, the Account-holding entity to which the Objecting Claimants claim a right, and the entity Account number. With the exception of SMT, each of the claims identified on Exhibit 2 was denied by the Trustee on the grounds that the Objecting Claimants lacked accounts with BLMIS and were not customers of BLMIS.

12. Exhibit 3 provides additional information for the same claims set out in Exhibit 2, including the date and results of the Trustee's claim determinations, and the date each objection was filed.

13. Peerstate, Gettinger Profit Sharing Plan, and SMT each filed a direct claim related to its Account seeking a distribution from the fund of customer property for its Account.

14. A letter of determination allowing SMT's original claim was sent to SMT. SMT submitted a subsequent claim with the indirect claims SMT filed on behalf of its members. The Trustee denied SMT's subsequent direct claim.

15. Letters of determination were also sent to Peerstate and Gettinger Profit Sharing Plan and denying their claims on the grounds that they were net winners, *i.e.*, that they had withdrawn more money from their BLMIS Accounts than had been deposited.

16. Attached hereto as Exhibit 4 is a true and correct copy of the BLMIS customer file for Peerstate, Account 1ZB295.

17. Attached hereto as Exhibit 5 is a true and accurate copy of claim 006311, filed with the Trustee by Peerstate.

18. Attached hereto as Exhibit 6 is a true and accurate copy of claim 004559, filed with the Trustee by James & Barbara Prochilo.

19. Attached hereto as Exhibit 7 is a true and correct copy of the BLMIS customer file for Gettinger Profit Sharing Plan, Account 1G0386.

20. Attached hereto as Exhibit 8 is a true and accurate copy of claim 005403, filed with the Trustee by Gettinger Profit Sharing Plan.

21. Attached hereto as Exhibit 9 is a true and correct copy of claim 009483, filed with the Trustee by Richard Laratro.

4

22. Attached hereto as Exhibit 10 is a true and accurate copy of the BLMIS customer file for SMT, Account 1CM827.

23. Attached hereto as Exhibit 11 is a true and accurate correct copy of claim 003139, filed with the Trustee by Lary S. Wolf on behalf of SMT.

24. Attached hereto as Exhibit 12 is a true and accurate copy of a determination letter allowing claim number 003139 in the amount of $5,742,997.27 sent to SMT on June 23, 2009.

25. Attached hereto as Exhibit 13 is a true and accurate copy of claim 013083, an indirect claim filed with the trustee by Lary S. Wolf on behalf of SMT and its members.

26. Attached hereto as Exhibit 14 is a true and accurate copy of claim 015843, filed with the Trustee by Lary S. Wolf on behalf of SMT and its members.

27. The Accounts were in the name of Peerstate, Gettinger Profit Sharing Plan, or SMT, as detailed on Exhibit 1 attached hereto. The books and records of BLMIS do not reflect individual deposits or withdrawals by the Peerstate and Gettinger Profit Sharing Plan Objecting Claimants or the SMT members associated the SMT objection. The amounts that the Objecting Claimants allege are owed to them or the SMT members are not discernable from the books and records of BLMIS.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 9, 2023
New York, New York

_____
Vineet Sehgal
Managing Director
AlixPartners, LLP
909 Third Avenue
New York, New York 10022