UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>　　　　Plaintiff-Applicant,<br><br>　　　　v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>　　　　Defendant. | Adv. Pro. No. 08-01789 (CGM)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>　　　　Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>BNP PARIBAS S.A., *et al.*,<br><br>　　　　Defendants. | Adv. Pro. No. 12-01576 (CGM) |

**STIPULATION AND ORDER CONCERNING LEAVE FOR
TRUSTEE TO FILE SECOND AMENDED COMPLAINT**

　　　　Plaintiff Irving H. Picard (the "Trustee"), as trustee of the substantively consolidated liquidation proceeding of Bernard L. Madoff Investment Securities LLC under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa *et seq*. ("SIPA"), and the chapter 7 estate of Bernard L. Madoff, and BGL BNP Paribas Luxembourg S.A., as successor in interest to BNP Paribas Luxembourg S.A. ("BGL BNP Paribas"), BNP Paribas (Suisse) S.A., individually and as successor in interest to BNP Paribas Private Bank (Switzerland) S.A. and as successor in interest

to United European Bank ("BNP Paribas Suisse"), BNP Paribas S.A. ("BNP Paribas"), as successor in interest to BNP Paribas Securities Services S.A. ("BNP Paribas Securities"), BNP Paribas Arbitrage SNC ("BNP Paribas Arbitrage"), BNP Paribas Bank & Trust (Cayman) Limited ("BNP Paribas Cayman") (collectively, "Defendants" and, together with the Trustee, the "Parties"), by and through their respective undersigned counsel, state as follows:

**WHEREAS**, on May 4, 2012, the Trustee commenced adversary proceeding no. 12-01576 (CGM) (the "Action") against Defendants and certain affiliates to recover certain alleged subsequent transfers, including alleged transfers from: (1) Kingate Global Fund Ltd. and/or Kingate Euro Fund Ltd. (the "Kingate Transfers") to BGL BNP Paribas, BNP Paribas Arbitrage, BNP Paribas Cayman, BNP Paribas, BNP Paribas Securities, BNP Paribas Suisse, and BNP Paribas Securities Services—Succursale de Luxembourg; (2) Fairfield Sentry Limited (the "Fairfield Transfers") to BNP Paribas and BNP Paribas Suisse; (3) Rye Select Broad Market XL Fund, L. P. (the "First Round XL LP Transfers") to BNP Paribas Cayman and BNP Paribas BNP Paribas Bank & Trust (Canada) ("BNP Paribas Canada"); (4) Rye Select Broad Market Portfolio Limited (the "First Round Portfolio Limited Transfers") to BNP Paribas Cayman, BNP Paribas Canada, and BNP Paribas Securities; and (5) Rye Select Broad Market XL Portfolio Ltd. (the "First Round XL Portfolio Transfers") to BNP Paribas Arbitrage and BNP Paribas Cayman. The First Round XL LP Transfers, together with the First Round Portfolio Limited Transfers and the First Round XL Portfolio Transfers, constitute the "First Round Tremont Transfers;"

**WHEREAS**, on November 22, 2016, the Bankruptcy Court issued a Memorandum Decision Regarding Claims to Recover Foreign Subsequent Transfers dismissing, *inter alia*, the Trustee's claims in the Action concerning the Fairfield Transfers and the Kingate Transfers, on

2

grounds of international comity. *See Picard v. Bureau of Labor Ins. (SIPC v. BLMIS)*, Adv. Pro. No. 08-0179 (CGM), 2016 WL 6900689 (Bankr. S.D.N.Y. Nov. 22, 2016);

**WHEREAS**, on August 30, 2017, the Trustee filed an amended complaint (the "Amended Complaint") seeking to recover certain alleged subsequent transfers, including alleged transfers from: (1) Ascot Partners, L.P. (the "Ascot Transfers") to BNP Paribas Cayman; (2) Rye Select Broad Market Insurance Portfolio LDC (the "Insurance Portfolio Transfers") to BNP Paribas Arbitrage and BNP Paribas; (3) Rye Select Broad Market XL Fund, L.P. (the "Second Round XL LP Transfers") to BNP Paribas Cayman; (4) Rye Select Broad Market Portfolio Limited (the "Second Round Portfolio Limited Transfers") to BNP Paribas Cayman and BNP Paribas Securities; and (5) Rye Select Broad Market XL Portfolio Ltd. (the "Second Round XL Portfolio Transfers") to BNP Paribas Arbitrage and BNP Paribas Cayman. Adv. Pro. No. 12-01576 (CGM), ECF No. 100. The Insurance Portfolio Transfers, together with the Second Round XL LP Transfers, the Second Round Portfolio Limited Transfers, and the Second Round XL Portfolio Transfers, constitute the "Second Round Tremont Transfers;"

**WHEREAS**, on October 25, 2017, Defendants filed a motion to dismiss ("Motion to Dismiss") the Amended Complaint; on December 20, 2017, the Trustee filed an opposition to the Motion to Dismiss; and on January 19, 2018, Defendants filed a reply in support of the Motion to Dismiss. *Id.*, ECF Nos. 107, 110, 116;

**WHEREAS**, on September 13, 2018, the Bankruptcy Court, pursuant to a stipulation by the Parties, dismissed the Trustee's claims to recover the Ascot Transfers in light of the Trustee's settlements with Ascot Partners, L.P. in a related adversary proceeding. *Id.*, ECF No. 145;

**WHEREAS**, on October 3, 2018, the Bankruptcy Court issued a decision (the "October 2018 Decision") holding that it would treat the matter before it as a motion by the Trustee for

3

leave to amend his existing complaint, and finding that the Amended Complaint failed to meet the pleading standard set out in *SIPC v. BLMIS*, 516 B.R. 18, 21-24 (S.D.N.Y. 2014) (the "Good Faith Decision") with respect to the Trustee's allegation that Defendants lacked good faith at the time they received each of the alleged transfers at issue in the Amended Complaint. *See* ECF No. 148 at 44-60;

**WHEREAS**, the Bankruptcy Court also held that the Trustee's claims in respect of the Second Round Tremont Transfers (as identified in the October 2018 Decision) were barred by the applicable statute of limitations. *See id.* at 62-69.

**WHEREAS**, on October 18, 2018, the Bankruptcy Court entered an order that, *inter alia*, (1) denied the Motion to Dismiss for lack of personal jurisdiction and (2) granted the Trustee leave to amend, provided that the Amended Complaint's claims were limited to the First Round Tremont Transfers. *Id.*, ECF Doc. No. 150;

**WHEREAS**, on January 17, 2019, Defendants answered the Amended Complaint. *Id.*, ECF Doc. No. 152;

**WHEREAS**, the Parties subsequently agreed to stay the Action until the resolution of the then-pending appeals in the United States Court of Appeals for the Second Circuit concerning the Good Faith Decision. *Id.*, ECF Doc. Nos. 156, 162, 163; and

**WHEREAS**, on August 30, 2021, the Second Circuit issued a decision in the appeals concerning the Good Faith Decision, *In re Bernard L. Madoff Inv. Sec. LLC*, 12 F.4th 171 (2d Cir. 2021);

**IT IS HEREBY STIPULATED AND AGREED**, by and among the Parties, and **SO ORDERED** by the Court that:

1. The Trustee will provide a proposed Second Amended Complaint to Defendants within 30 days of the entry of this stipulation;

2. Defendants will indicate whether they consent to the Trustee filing the proposed Second Amended Complaint within 30 days of the date that the Trustee provides the proposed Second Amended Complaint;

3. If Defendants consent to the Trustee filing the proposed Second Amended Complaint, the Trustee and Defendants will file a further stipulation memorializing that consent, attaching to such stipulation the proposed Second Amended Complaint;

    a. Defendants will answer, move, or otherwise respond to the Second Amended Complaint within 60 days of its filing.

    b. To the extent Defendants' response takes the form of a motion to dismiss, the Trustee shall respond to the motion within 60 days, and Defendants will file any reply brief in support of the motion within 30 days thereafter.

4. If Defendants do not consent to the Trustee filing the proposed Second Amended Complaint, the Trustee will file his motion for leave to file the Second Amended Complaint within 30 days from the date that the Defendants inform the Trustee that they do not consent;

    a. Defendants will file any opposition to the Trustee's motion for leave to file the Second Amended Complaint within 30 days of the filing of the Trustee's motion, and the Trustee will file any reply brief in support of this motion within 14 days thereafter;

5. The deadlines established herein are without prejudice to either Party seeking further extensions of time; and

6. For the avoidance of doubt, all Parties' rights, arguments, objections, and defenses including, without limitation, in respect of personal jurisdiction and any attempted service of the Second Amended Complaint, are not modified, impaired, or otherwise affected in any way by this stipulation and are expressly preserved.

Dated: March 14, 2023
      New York, New York

| | |
|---|---|
| By: /s/ *Torello H. Calvani* <br> **BAKER & HOSTETLER LLP** <br> 45 Rockefeller Plaza <br> New York, New York 10111 <br> Telephone: (212) 589-4200 <br> Facsimile: (212) 589-4201 <br> David J. Sheehan <br> Email: dsheehan@bakerlaw.com <br> Torello H. Calvani <br> Email: tcalvani@bakerlaw.com <br> Joanna F. Wasick <br> Email: jwasick@bakerlaw.com <br><br> *Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff* | By: /s/ *Ari D. MacKinnon* <br> **CLEARY GOTTLIEB STEEN & HAMILTON LLP** <br> One Liberty Plaza <br> New York, New York 10006 <br> Telephone: (212) 225-2000 <br> Facsimile: (212) 225-3999 <br> Lisa M. Schweitzer <br> Email: lschweitzer@cgsh.com <br> Ari D. MacKinnon <br> Email: amackinnon@cgsh.com <br> Thomas S. Kessler <br> Email: tkessler@cgsh.com <br><br> *Attorneys for Defendants* |



**Dated: March 14, 2023**
**Poughkeepsie, New York**

**/s/ Cecelia G. Morris**
_____
**Hon. Cecelia G. Morris**
**U.S. Bankruptcy Judge**