**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br>　　　　　　　　　　Defendant. | Adv. Pro. No. 08-01789 (CGM)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>　　　　　　　　　　Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>BANCO ITAÚ EUROPA LUXEMBOURG S.A., and BANCO ITAÚ EUROPA INTERNATIONAL,<br><br>　　　　　　　　　　Defendants. | Adv. Pro. No. 12-01019 (CGM) |

## CASE MANAGEMENT PLAN

Plaintiff Irving H. Picard, as trustee (the "Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa–*lll*, and the chapter 7 estate of Bernard L. Madoff individually, and defendants Itaú BBA International (Cayman) Ltd. (f/k/a Itaú Europa

Luxembourg, S.A., f/k/a Banco Itaú Europa Luxembourg, S.A.) and Banco Itaú International (f/k/a Banco Itaú Europa International) (collectively, the "Defendants," and together with the Trustee, the "Parties"), by and through their respective undersigned counsel, hereby submit the following Case Management Plan pursuant to Rules 16 and 26 of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable under Rules 7016 and 7026 of the Federal Rules of Bankruptcy Procedure (the "Federal Bankruptcy Rules").

1.    <u>Relevant Procedural History</u>.  On January 12, 2012, the Trustee commenced the above-captioned adversary proceeding in the United States Bankruptcy Court for the Southern District of New York by filing a complaint against Defendants.  *Picard v. Banco Itaú Europa Luxembourg S.A.*, Adv. Pro. No. 12-01019 (Bankr. S.D.N.Y. Jan. 12, 2012), ECF No. 1.  On January 30, 2023, Defendants answered the Trustee's complaint.  *Id.*, ECF No. 147.

2.    <u>Fact Discovery Plan</u>.

a.    <u>Fact Discovery Cut-Off</u>.  All fact discovery is to be completed by May 31, 2025 (the "Fact Discovery Cut-Off Date").

b.    <u>Initial Disclosures</u>.  The Parties agree that they shall serve initial disclosures as required under Federal Rule 26 on or before 60 days after the filing of this Case Management Plan.

c.    <u>Subjects on Which Discovery May Be Needed</u>.  The Parties contemplate that fact and expert discovery will be needed on asserted claims and defenses.

d.    <u>Foreign Discovery</u>.  The Trustee anticipates the need for discovery located outside of the United States, including from individuals and entities that may have been affiliated with Defendants.  To obtain discovery outside of the United States, the Trustee may proceed under the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters

and/or, for those jurisdictions not party to the Hague Convention, any other internationally recognized means of obtaining cross-border discovery, including but not limited to, letters rogatory (collectively, "International Discovery"). To the extent the Parties avail themselves of International Discovery procedures, they will not be deemed to have waived, prejudiced, or otherwise altered their rights to conduct discovery under the Federal Rules, the Federal Bankruptcy Rules, the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules"), or other applicable domestic rules. To the extent that responses to International Discovery are not received by the Fact Discovery Cut-Off Date, the Parties may seek reasonable extensions of the deadlines set forth herein.

   e. <u>Form of Certain Discovery</u>. The Trustee intends to utilize one or more electronic data rooms to affirmatively make available millions of documents related to the Trustee's claims. The Trustee's use of such data rooms will be governed by all applicable rules (including the Federal Rules of Civil Procedure), and all applicable orders, including the Litigation Protective Order, *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec., LLC (In re Bernard L. Madoff Inv. Sec., LLC)*, Adv. Pro. No. 08-01789 (Bankr. S.D.N.Y. June 6, 2011), ECF No. 4137, the Order Modifying the June 6, 2011 Litigation Protective Order, *id.*, ECF No. 5474, the Order Establishing Procedures for Third-Party Data Rooms, *id.*, ECF No. 5475-1, the Order Establishing Litigation Case Management Procedures for Avoidance Actions and Amending the February 16, 2010 Protective Order, *id.*, ECF No. 3141, and the Order Establishing Expanded Access to Electronic Data Room 1, *id.*, ECF No. 4624. Defendants reserve all rights relating to the Trustee's reliance on the availability of documents in electronic data rooms to comply with the Trustee's discovery obligations in this proceeding, including, without limitation, the right to seek to require the Trustee to specifically identify the location of

specific documents responsive to specific document requests.  Nothing in this paragraph shall impair or alter any Parties' rights and obligations under the Federal Rules of Civil Procedure.

f.   <u>Document Requests.</u>   The parties may serve requests for documents on or before 120 days of the Fact Discovery Cut-Off Date.

g.   <u>Interrogatories.</u>   The Parties may serve interrogatories in accordance with the rules and limitations articulated in Local Rule 7033-1.

h.   <u>Requests for Admission.</u>   The Parties may serve requests for admission on or before 60 days of the Fact Discovery Cut-Off Date.

i.   <u>Limitations on Discovery.</u>   Limitations on written discovery will be governed by the Federal Rules made applicable to this adversary proceeding by the Federal Bankruptcy Rules, and the Local Bankruptcy Rules.   The Parties may agree on certain limitations on discovery or may file an application with the Court for good cause.

j.   <u>Production of Privileged Materials.</u>   The Parties acknowledge that the inadvertent production of privileged or work product protected documents is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).  Nothing contained in this paragraph is intended to or shall serve to limit a Party's right to conduct a review of documents, including electronically stored information, for relevance, responsiveness, and/or privileged and/or protected status.

k.   <u>Depositions.</u>

i.   All depositions of fact witnesses must be completed by the Fact Discovery Cut-Off Date.  Depositions shall proceed concurrently, with no Party having priority.

ii.    The Parties will endeavor to conclude the majority of depositions within the seven hours provided by Federal Rule 30(d)(1), although the Parties acknowledge that there may be certain depositions of fact witnesses with knowledge of issues common to more than one avoidance action related to Adv. Pro. No. 08-01789 (CGM) (the "Avoidance Action(s)") that cannot be concluded within this time limit. For any such witness, the Parties will attempt in good faith to agree to reasonable extensions of the seven hour time limit as appropriate, and failing agreement either Party may apply to the Court for an extension of this time limit.

iii.    To the extent the deposition of any fact witness raises common issues relevant to more than one Avoidance Action in which fact discovery has not closed, the Parties shall make a good faith effort to coordinate such depositions with the witness and defendants in such Avoidance Actions to maximize efficiency and use of resources to the extent reasonably practicable. The Parties shall confer in good faith and provide notice of such depositions under the Federal Rules, including the date, time, and location of any such depositions, to all relevant parties through appropriate means.

iv.    In a coordinated deposition, the limitations set forth in Federal Rule 30(d)(1) shall not necessarily apply, and the Parties shall agree on an appropriate duration for the deposition. Such depositions shall not prejudice or preclude the Trustee from

additional depositions of such witness in Avoidance Actions in which initial disclosures have not been made and discovery is not open.

v.   The Parties agree that they will work in good faith to identify the requisite number of each Party's deponents and depositions.

vi.   Depositions of the Trustee are prohibited absent an order issued by this Court upon a showing of good cause.

vii.   Absent an agreement among the Parties, all depositions of the Parties' respective expert witnesses shall be conducted at the New York offices of the party that has retained such expert, or such other location as the Parties may agree.  Absent a showing of good cause or an agreement among the Parties, depositions of current or former employees and agents of Defendants shall be taken in a location convenient to the witness.

3.   <u>Expert Discovery Plan</u>.  Within 30 days prior to the Fact Discovery Cut-Off Date, the Parties agree to meet and confer in good faith on the need for and timing of expert discovery. The parties further agree to submit a proposed Amended Case Management Plan that addresses expert discovery in this action prior to the Fact Discovery Cut-Off Date.

4.   <u>Manner of Production of Discovery Materials</u>.   The Parties may produce discovery, including initial disclosures, on a CD-ROM, in an electronic data room, or other similar electronic format.  Given the volume of documentation that may be subject to disclosure in this matter, the Parties may produce a summary report, such as an expert report, and provide access to the underlying documentation on which the summary report relies in an electronic data

room or other medium for review by the Parties. The Parties intend to enter into a protocol for

the production of electronically stored information (ESI). Information and documents produced

or made available electronically shall, to the extent reasonable and practicable:

    a.    be text searchable;

    b.    provide data and image load files necessary to review the documents on search platforms (*e.g.*, Summation, Concordance, Relativity) upon request of either Party;

    c.    provide any system-created or non-privileged captured objective metadata, such as date fields, author fields, custodian fields, path to native file, etc.;

    d.    be organized, such as by date, custodian, or subject matter, as maintained in the ordinary course of business or as organized by the Parties;

    e.    provide additional formats of production, metadata, or native documents agreed or reasonably requested by the Parties prior to the making of their respective productions, or, to the extent reasonably requested after a production has already been made (in compliance with the above), to the extent reasonable and not unduly burdensome.

The Parties shall meet and confer first in a good faith attempt to resolve any dispute, or

thereafter comply with Local Rule 7007-1 to resolve the dispute.

5.    <u>Confidentiality</u>. The Litigation Protective Order, *Sec. Inv. Prot. Corp. v. Bernard

L. Madoff Inv. Sec. LLC*, Adv. Pro. No. 08-01789 (Bankr. S.D.N.Y. June 6, 2011), ECF No.

4137, as modified by the Order Modifying the June 6, 2011 Litigation Protective Order, *id.*, ECF

No. 5474, shall govern the disclosure of confidential information in this proceeding.

6.    <u>Proposed Modifications Of Standard Pretrial Proceedings Due To The Special

Nature Of The Action</u>. Subject to the Parties' agreement to work cooperatively on discovery

issues as set forth herein, the Parties do not presently believe that any such modifications are

appropriate or necessary, and will contact the Court if their belief in this regard changes.

7.    <u>Prospects For Settlement, Including Whether A Settlement Conference Should Be

Scheduled</u>. The Parties believe that it would be premature to schedule a settlement conference

with the Court at this time.

8.      <u>Any Other Matter That May Add To The Just And Expeditious Disposition Of This Matter</u>.  The Parties may agree to the use of Discovery Arbitrator, Frank Maas, Esq., to resolve discovery disputes that they are unable to resolve by meeting and conferring, as referenced in the Order Appointing A Discovery Arbitrator Pursuant to Bankruptcy Rule 9019(c) and General Order M-390, *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, Adv. Pro. No. 08-01789 (CGM) (Bankr. S.D.N.Y. Oct. 4, 2016), ECF No. 14227.

9.      <u>Trial</u>.  The Parties propose that they will confer with each other and the Court at the conclusion of all discovery to schedule a final pretrial conference and trial date.

[*Signatures on following page*]

Date:   March 23, 2023
New York, New York

**BAKER & HOSTETLER LLP**

By: */s/ Tara E. Turner*
45 Rockefeller Plaza
New York, New York 10111
Telephone:  212.589.4200
Facsimile:  212.589.4201
David J. Sheehan
Email:  dsheehan@bakerlaw.com
Torello H. Calvani
Email:  tcalvani@bakerlaw.com
Maximillian S. Shifrin
Email:  mshifrin@bakerlaw.com
Tara E. Turner
Email:  tturner@bakerlaw.com

*Attorneys for Plaintiff Irving H. Picard,*
*Trustee for the Substantively Consolidated*
*SIPA Liquidation of Bernard L. Madoff*
*Investment Securities LLC and the Chapter 7*
*Estate of Bernard L. Madoff*

**SHEARMAN & STERLING LLP**

By: */s/ Randall Martin*
599 Lexington Avenue
New York, New York 10022
Telephone:  212.848.4000
Facsimile:  646.848.7174
Jeffrey Resetarits
Email: jeffrey.resetarits@shearman.com
Randall Martin
Email:  randall.martin@shearman.com

*Attorneys for Defendants*



/s/ Cecelia G. Morris

**Dated: March 27, 2023**
**Poughkeepsie, New York**

_____
**Hon. Cecelia G. Morris**
**U.S. Bankruptcy Judge**