**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Plaintiff Irving H. Picard, Trustee for
the Substantively Consolidated SIPA Liquidation
of Bernard L. Madoff Investment Securities LLC
and the Chapter 7 Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br> Defendant. | Adv. Pro. No. 08-01789 (CGM) <br><br> SIPA LIQUIDATION <br><br> (Substantively Consolidated) |
| In re: <br><br> BERNARD L. MADOFF, <br><br> Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff, <br><br> Plaintiff, <br><br> v. <br><br> SQUARE ONE FUND LTD., <br><br> Defendant. | Adv. Pro. No. 10-04330 (CGM) |

**DECLARATION OF MARCO MOLINA REQUESTING
CONFERENCE PURSUANT TO LOCAL BANKRUPTCY RULE 7007-1**

I, Marco Molina, declare as follows:

1. I am a partner at Baker & Hostetler LLP, counsel for Plaintiff Irving H. Picard, as trustee ("Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa *et seq.*, and the chapter 7 estate of Bernard L. Madoff.

2. I submit this declaration to respectfully request a conference with the Court to address a dispute between the Trustee and Defendant Square One Fund Ltd. ("Square One"). Pursuant to Local Bankruptcy Rule 7007-1 and your Honor's Chambers' Rules, I certify that the parties met and conferred in good faith to resolve this dispute but were unable to reach an agreement. The nature of the dispute is described below.

3. On November 29, 2010, the Trustee filed a complaint against Square One to avoid and recover fraudulent transfers from BLMIS. ECF No. 1. On December 21, 2018, the Trustee filed an Amended Complaint. ECF No. 167. On May 29, 2019, the Court issued an oral decision denying, in part, Square One's motion to dismiss the Amended Complaint. ECF No. 181. On July 16, 2019, the Court entered the Case Management Plan (ECF No. 178), and the parties have since been engaged in fact discovery. Under the most recent amendment to the Case Management Plan, fact discovery closes on March 31, 2023. ECF No. 260.

4. During discovery, the Trustee learned that Square One has spoliated evidence and committed serious discovery violations. Among other things, Square One destroyed backup tapes containing Square One's documents and data, causing the destruction of documents that Square One has not produced to the Trustee, as well as the loss of metadata for documents that Square One has produced to the Trustee. Square One destroyed these backup tapes in 2017, more than eight years after BLMIS's collapse when Square One's duty to preserve electronic data attached. Square One did not disclose this fact to the Trustee until September 2021—four years after

2

destroying the documents, two years into discovery, and months after opposing the extension of fact discovery before this Court in July 2021.

5. The Trustee has exhausted the discovery tools available under the Federal Rules of Civil Procedure to uncover the circumstances of Square One's spoliation of evidence. The Trustee has served two sets of interrogatories, one set of document requests, and one set of requests for admission, met and conferred with Square One on numerous occasions, and exchanged countless letters with Square One. Additionally, over Square One's objections, the Trustee has taken two depositions of Square One under Federal Rule of Civil Procedure 30(b)(6)—one of Square One's founder, Luc Estenne, and another of Square One's lead counsel, Richard Levin. Mr. Levin testified as Square One's designated witness after it became clear that Mr. Estenne was unprepared to testify regarding Square One's document issues.

6. Square One has repeatedly failed to meet its discovery obligations and has spoliated evidence. Square One's actions have prejudiced the Trustee such that documents and information relevant to the Trustee's claims and Square One's defenses are lost and not recoverable. Additionally, Square One's discovery failures and spoliation of evidence demonstrate an intent to deprive the Trustee of evidence and a conscious dereliction of Square One's known duty to preserve electronic data. Accordingly, the Trustee seeks relief in the form of sanctions provided under Federal Rule of Civil Procedure 37(e)(1) and (e)(2).

7. The parties have met and conferred numerous times on this issue since the commencement of discovery in July 2019. Most recently, the parties met and conferred on March 29, 2023. As stated above, the parties have been unable to resolve this issue.

4

8.      Accordingly, the Trustee respectfully requests a conference with the Court under Local Rule 7007-1(b) regarding the Trustee's contemplated motion for sanctions under Rule 37(e).

9.      I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 31st day of March 2023, at New York, New York.

*/s/ Marco Molina*
Marco Molina