**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (CGM)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff,<br><br>Plaintiff,<br><br>v.<br><br>BORDIER & CIE,<br><br>Defendant. | Adv. Pro. No. 12-01695 (CGM) |

## CASE MANAGEMENT PLAN

Plaintiff Irving H. Picard, as trustee (the "Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa–*lll*, and the estate of Bernard L. Madoff individually, and defendant Bordier & Cie SCmA (f/k/a Bordier & Cie) ("Bordier," and together with the Trustee, the "Parties," and each individually, a "Party"), by and through their respective

1

undersigned counsel, hereby submit the following Case Management Plan pursuant to Rules 16 and 26 of the Federal Rules of Civil Procedure (the "Federal Rules"), applicable under Rules 7016 and 7026 of the Federal Rules of Bankruptcy Procedure.

1. Relevant Procedural History.

   a. On June 6, 2012, the Trustee commenced the above-captioned adversary proceeding in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") by filing a complaint against Bordier. *Picard v. Bordier & Cie*, Adv. Pro. No. 12-01695 (Bankr. S.D.N.Y. June 6, 2012), ECF No. 1. On September 12, 2022, Bordier answered the Trustee's complaint. *Id.* ECF No. 116.

2. Fact Discovery Plan.

   a. Fact Discovery Cut-Off. Unless otherwise agreed to by the Parties and ordered by the Bankruptcy Court, all fact discovery is to be completed by March 28, 2025 (the "Fact Discovery Cut-Off Date").

   b. Initial Disclosures. The Parties agree that they shall serve initial disclosures as required under Federal Rule 26 on or before 60 days after the filing of this Case Management Plan.

   c. Subjects on Which Discovery May Be Needed. The Parties contemplate that fact and expert discovery will be needed on asserted claims and defenses.

   d. Foreign Discovery. The Trustee anticipates the need for discovery located outside of the United States, including from individuals and entities that may have been affiliated with Bordier. To obtain discovery from these individuals and entities, the Trustee will comply with the relevant discovery rules of the applicable jurisdiction, the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, and/or, for those jurisdictions not party to the Hague Convention, any other internationally recognized means of obtaining cross-

2

border discovery, including but not limited to, letters rogatory (collectively, "International Discovery"). To the extent the Parties avail themselves of International Discovery procedures, they will not be deemed to have waived, prejudiced, or otherwise altered their rights to conduct discovery under the Federal Rules, the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules"), or other applicable domestic rules. To the extent that responses to International Discovery are not received by the Fact Discovery Cut-Off Date, the Parties agree to seek reasonable extensions of the deadlines set forth herein. Bordier reserves all rights and does not waive any arguments as to how discovery should be conducted with respect to current Bordier employees.

  e. <u>Document Requests</u>. The Parties may serve requests for documents on or before 60 days before the Fact Discovery Cut-Off Date.

  f. <u>Interrogatories</u>. The Parties may serve Interrogatories in accordance with the rules and limitations articulated in Local Bankruptcy Rule 7033-1.

  g. <u>Requests for Admission</u>. The Parties may serve Requests for Admission on or before 30 days before the Fact Discovery Cut-Off Date.

  h. <u>Limitations on Discovery</u>. Limitations on written discovery will be governed by the Federal Rules made applicable to this adversary proceeding by the Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules. The Parties may agree on certain limitations on discovery or may file an application with the Court for good cause.

  i. <u>Swiss Redaction Protocol</u>. Bordier, as a Swiss bank, is subject to Swiss law, various provisions of which may limit or prohibit unilateral disclosure of certain information in discovery that otherwise would be discoverable under U.S. law. As such, Bordier maintains that, to avoid potentially resolvable clashes of Swiss and U.S. law, the Parties should agree to a Swiss

3

Redaction Protocol. The Trustee maintains that the Federal Rules provide a sufficient mechanism for addressing discovery disputes in this proceeding and that entry into a redaction protocol is premature in that it assumes such redactions are appropriate without any context under which to address such questions.

    j. <u>Inadvertent Production of Privileged Materials</u>. The Parties acknowledge that the inadvertent production of privileged or work product protected documents is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained in this paragraph is intended to or shall serve to limit a Party's right to conduct a review of documents, including electronically stored information, for relevance, responsiveness, and/or privileged and/or protected status.

    k. <u>Depositions</u>.

        i. All depositions of fact witnesses must be completed by the Fact Discovery Cut-Off Date. Depositions shall proceed concurrently, with no Party having priority.

        ii. The Parties will endeavor to conclude the majority of depositions within the seven hours provided by Federal Rule 30(d)(1), although the Parties acknowledge that there may be certain depositions of fact witnesses with knowledge of issues common to more than one avoidance action related to Adv. Pro. No. 08-01789 (CGM) (the "Avoidance Action(s)") that cannot be concluded within this time limit. For any such witness, the Parties will attempt in good faith to agree to reasonable extensions of the seven hour time limit as

      appropriate, and failing agreement either Party may apply to the Court for an extension of this time limit.

iii. To the extent the deposition of any fact witness raises common issues relevant to more than one Avoidance Action in which fact discovery has not closed, the Parties shall make a good faith effort to coordinate such depositions with the witness and defendants in such Avoidance Actions to maximize efficiency and use of resources to the extent reasonably practicable. The Parties shall confer in good faith and provide notice of such depositions under the Federal Rules, including the date, time, and location of any such depositions, to all relevant parties through appropriate means.

iv. In a coordinated deposition, the limitations set forth in Federal Rule 30(d)(1) shall not necessarily apply, and the Parties shall agree on an appropriate duration for the deposition. Such depositions shall not prejudice or preclude the Trustee from additional depositions of such witness in Avoidance Actions in which initial disclosures have not been made and discovery is not open.

v. The Parties agree that they will work in good faith to identify the requisite number of each Party's deponents and depositions.

vi. Depositions of Irving H. Picard himself are prohibited absent an order issued by this Court upon a showing of good cause.

       vii.    Nothing contained in this Case Management Plan shall be deemed or construed to be a waiver of any Party's right to object to the taking of the deposition of a particular witness.

3.    Expert Discovery Plan.

    a.    Expert Discovery Cut-Off. All expert discovery is to be completed by January 16, 2026 (the "Expert Discovery Cut-Off Date").

    b.    Experts. Each Party that intends to offer expert testimony must make the disclosures required by Federal Rule 26(a)(2) on or before September 17, 2025. Each Party that intends to offer expert testimony to rebut such disclosures must make the rebuttal disclosures required by Federal Rule 26(a)(2) on or before November 17, 2025.

    c.    Additional Expert Testimony. No expert testimony (whether designated as "rebuttal" or otherwise) will be permitted (i) by an expert that has not been disclosed in accordance with the Federal Rules, or (ii) on any issue that is beyond the scope of the opinion covered by the disclosures except on prior express permission of the Court, upon application made no later than December 2, 2025.

    d.    Deposition of Expert Witnesses. All experts may be deposed, but all such depositions, except as to any additional expert opinions allowed pursuant to Paragraph 3(c), must occur on or before December 17, 2025. The deadline for expert depositions will not affect the Parties' duties to supplement expert disclosures as required by Federal Rule 26. If any Party proffers an expert witness on an issue that is common to more than one Avoidance Action, then such Party may coordinate the expert's deposition in those Avoidance Actions in which the expert witness was disclosed to maximize efficiency and use of resources to the extent reasonably practicable. Such Party shall notify all interested parties of the proposed date, time, and location

of any such coordinated expert depositions through appropriate means. In a coordinated deposition, the limitations set forth in Federal Rule 30(d)(1) shall not necessarily apply, and the parties shall agree on an appropriate duration for the deposition. Unless otherwise agreed by the Parties, defendants may not participate in a coordinated expert deposition unless the discovery period is open. All depositions of expert witnesses proffered by the Trustee shall occur at the offices of Baker & Hostetler LLP, 45 Rockefeller Plaza, New York, NY 10111, or such other location agreed upon by the Parties. All depositions of expert witnesses proffered by Bordier shall occur at the offices of Allegaert Berger & Vogel LLP, 111 Broadway, New York, NY 10006 or such other location agreed upon by the Parties.

4. <u>Manner of Production of Discovery Materials</u>. The Parties may produce discovery on a CD-ROM, flash drive, portable hard drive, in an electronic data room, secure or encrypted file transfer, or other similar electronic format. Given the volume of documentation that may be subject to disclosure in this matter, the Parties may produce a summary report, such as an expert report, and provide access to the underlying documentation on which the summary report relies in an electronic data room or other medium for review by the Parties. Information and documents produced or made available electronically shall, to the extent reasonably feasible:

  a. be text-searchable;
  b. provide data and image load files necessary to review the documents on search platforms (*e.g.*, Summation, Concordance, Relativity) upon request of either Party;
  c. provide any system-created or non-privileged captured objective metadata, such as date fields, author fields, custodian fields, path to native file, etc.;
  d. be organized, such as by date, custodian, or subject matter, as maintained in the ordinary course of business, or, in the case of documents contained in E-Data Room 1 or the Third-Party Data Rooms, as organized by the Trustee; and
  e. provide additional formats of production, metadata, or native documents if requested by either Party.

The Parties shall meet and confer first in a good faith attempt to resolve any dispute, or thereafter comply with Local Bankruptcy Rule 7007-1 to resolve the dispute.

5. <u>Confidentiality</u>. The Litigation Protective Order (Doc. No. 4137) entered on June 6, 2011 in Adv. Pro. No. 08-01789 (CGM) shall govern the disclosure of confidential information in this proceeding, except to the extent that the same has been modified by subsequent orders of the Bankruptcy Court.

6. <u>Prospects for Settlement, Including Whether A Settlement Conference Should Be Scheduled</u>. The Parties believe that it would be premature to schedule a settlement conference at this time.

7. <u>Discovery Arbitrator</u>. The Parties may agree to the use of Frank Maas, Esq. as Discovery Arbitrator to resolve discovery disputes that they are unable to resolve by meeting and conferring, as referenced in the Order Appointing a Discovery Arbitrator Pursuant to Bankruptcy Rule 9019(c) and General Order M-390 (Doc. No. 14227) entered on October 4, 2016 in Adv. Pro. No. 08-01789 (CGM).

8. <u>Trial</u>. The Parties propose that they will confer with each other and the Court at the conclusion of all discovery to schedule a final pretrial conference and trial date.[1]

---

[1] Bordier demands a trial by jury on all issues that may be tried by a jury and does not consent to entry of final orders or judgment by the Bankruptcy Court.

Date: March 30, 2023
New York, New York

| **BAKER & HOSTETLER LLP** | **ALLEGAERT BERGER & VOGEL LLP** |
|---|---|
| By: /s/ *Torello H. Calvani*  <br>45 Rockefeller Plaza  <br>New York, New York 10111  <br>Telephone: 212.589.4200  <br>Facsimile: 212.589.4201  <br>David J. Sheehan  <br>Email: dsheehan@bakerlaw.com  <br>Torello H. Calvani  <br>Email: tcalvani@bakerlaw.com  <br>Joanna F. Wasick  <br>Email: jwasick@bakerlaw.com  <br>Heather R. Wlodek  <br>Email: hwlodek@bakerlaw.com  <br>J'Naia L. Boyd  <br>Email: jlboyd@bakerlaw.com | By: /s/ *John F. Zulack*  <br>111 Broadway, 20th Floor  <br>New York, New York 10006  <br>Telephone: 212.571.0550  <br>Facsimile: 212.571.0555  <br>John F. Zulack  <br>Email: jzulack@abv.com  <br>Lauren J. Pincus  <br>Email: lpincus@abv.com  <br>David A. Shaiman  <br>Email: dshaiman@abv.com |
| *Attorneys for Plaintiff Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff* | *Attorneys for Defendant Bordier & Cie SCmA* |



**Dated: March 31, 2023**
**Poughkeepsie, New York**

**/s/ Cecelia G. Morris**
_____
**Hon. Cecelia G. Morris**
**U.S. Bankruptcy Judge**