Brian J. Fischer
JENNER & BLOCK LLP
1155 Avenue of the Americas
New York, New York 10036
Telephone: (212) 891-1600
Facsimile: (212) 891-1699
Email: bfischer@jenner.com

*Attorneys for Square One Fund, Ltd.*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>        *Plaintiff-Applicant*,<br>    v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>        *Defendant*. | Adv. Proc. No. 08-01789 (CGM)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re<br><br>BERNARD L. MADOFF,<br><br>        *Debtor*. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff,<br><br>        *Plaintiff*,<br>    v.<br><br>SQUARE ONE FUND LTD.,<br><br>        *Defendant*. | Adv. Proc. No. 10-04330 (CGM)<br><br>**SQUARE ONE'S RESPONSE TO DECLARATION OF MARCO MOLINA REQUESTING CONFERENCE PURSUANT TO LOCAL RULE 7007-1** |

Defendant Square One Fund Ltd. welcomes the Chambers conference requested by Plaintiff Irving Picard, trustee, by the Declaration of Marco Molina, but not for the purpose or for the reasons or on the grounds requested by Plaintiff.

1. The Declaration "requests a conference … regarding the Trustee's contemplated motion for sanctions under Rule 37(e)." Decl. ¶ 8. In the Case Management Plan, ECF 178, ¶ 8, which this Court "So Ordered," the "Parties agree[d] to the use of a discovery arbitrator to resolve discovery disputes that they are unable to resolve by meeting and conferring." Accordingly, Plaintiff's requested conference should concern one—and only one—matter: requiring Plaintiff to abide by the Court-ordered Case Management Plan.

2. In a meet-and-confer preceding Plaintiff's submission, Plaintiff argued that he need not abide by the Case Management Plan because he previously brought a different discovery dispute—over an extension of the discovery deadline—to this Court, and Defendant did not object. *Letter to Chief Judge Morris re: extension of discovery deadlines*, ECF 205; *Letter to Chief Judge Morris Re: Response to Trustee's Request for Extension of Discovery Deadlines*, ECF 218. Nothing in the Case Management Plan states or suggests that a waiver of an objection to one discovery dispute constitutes a permanent waiver as to all future discovery disputes.[1]

3. In any event, the argument proves nothing. Plaintiff (not Defendant) brought the motion to extend the deadline, and because the deadline was set by the Court-ordered Case Management Plan, a discovery arbitrator could not have extended it.

4. This matter should be sent to a discovery arbitrator, as the parties agreed and the Court ordered. Defendant has already notified Plaintiff that Defendant is willing to

---

[1] Plaintiff has also argued that Defendant challenged Plaintiff's motions for letters of request in this Court and thereby permitted that dispute to proceed here without objection based on Plaintiff's agreement to use of a discovery arbitrator. *See e.g.*, ECF 197, 210, 211, 213, 215. However, since only the Court, not a discovery arbitrator, has authority to issue a letter of request to a foreign court, Plaintiff's example in wholly inapposite.

2

proceed before retired Magistrate Judge Frank Maas, who has heard numerous other discovery issues in the SIPA proceeding and its related adversary proceedings.

5.  To the extent the Court considers any issue at the conference other than the appropriate forum, Defendant requests a reasonable opportunity to respond to the accusatory statements in the Declaration for which there is no evidentiary support anywhere in the discovery record or that state matters without context or background, making them seriously misleading. To be clear, Square One has upheld its evidence preservation, collection, and production obligations; it has not spoliated anything. Therefore, as the Court considers the sole proper issue before it—whether Plaintiff must abide by the Court-ordered Case Management Plan—it should disregard the Declaration's numerous demonstratively false allegations of evidence mishandling.

| | |
|---|---|
| Dated: New York, New York<br>April 3, 2023 | Respectfully submitted,<br><br>By: */s/ Brian J. Fischer*<br>Brian J. Fischer<br>JENNER & BLOCK LLP<br>1155 Avenue of the Americas<br>New York, New York 10036<br>Telephone: (212) 891-1600<br>Facsimile: (212) 891-1699<br>Email: bfischer@jenner.com<br><br>*Attorneys for Square One Fund, Ltd.* |