**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                       Plaintiff-Applicant,<br><br>   v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                       Defendant, | Adv. Pro. No. 08-01789 (CGM)<br><br>SIPA Liquidation<br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>                       Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff,<br><br>                       Plaintiff,<br><br>   v.<br><br>SOCIETE GENERALE PRIVATE BANKING (SUISSE) S.A. (*f/k/a* SG Private Banking Suisse S.A.), individually and as successor in interest to Societe Generale Private Banking (Lugano-Svizzera) S.A.; SOCGEN NOMINEES (UK) LIMITED; LYXOR ASSET MANAGEMENT INC. (*f/k/a* SG Asset Management, Inc.), as General Partner of SG AM AI Premium Fund L.P.; SG AUDACE ALTERNATIF (*f/k/a* SGAM AI Audace Alternatif), now acting by and through its manager, Lyxor Asset Management S.A.S.; SGAM AI EQUILIBRIUM FUND (*f/k/a* SGAM Alternative Diversified Fund), now acting by and through its liquidator, KPMG Advisory Sarl; LYXOR PREMIUM FUND (*f/k/a* SGAM Alternative Multi Manager Diversified Fund), now acting by and through its trustee, Societe Generale S.A.; SOCIETE GENERALE S.A., as Trustee for Lyxor | Adv. Pro. No. 12-01677 (CGM) |

| | |
|---|---|
| Premium Fund and Successor in Interest to Banque de Reescompte et de Placement a/k/a Barep and to Societe Generale Asset Management Banque d/b/a Barep; SOCIETE GENERALE LUXEMBOURG (*f/k/a* Societe Generale Bank & Trust S.A.); OFI MGA ALPHA PALMARES (*f/k/a* Oval Alpha Palmares); OVAL PALMARES EUROPLUS; and UMR SELECT ALTERNATIF;<br><br>  Defendants. | |

## CASE MANAGEMENT PLAN

Plaintiff Irving H. Picard, as trustee (the "Trustee") for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa–*lll*, and the Chapter 7 estate of Bernard L. Madoff individually, and defendants Societe Generale Private Banking (Suisse) S.A. (*f/k/a* SG Private Banking Suisse S.A.), individually and as successor in interest to Societe Generale Private Banking (Lugano-Svizzera) S.A.; Socgen Nominees (UK) Limited; Lyxor Asset Management Inc. (*f/k/a* SG Asset Management, Inc.), as General Partner of SG AM AI Premium Fund L.P.; SG Audace Alternatif (*f/k/a* SGAM AI Audace Alternatif), now acting by and through its manager, Lyxor Asset Management S.A.S.; SGAM AI Equilibrium Fund (*f/k/a* SGAM Alternative Diversified Fund), now acting by and through its liquidator, KPMG Advisory Sarl; Lyxor Premium Fund (*f/k/a* SGAM Alternative Multi Manager Diversified Fund), now acting by and through its trustee, Societe Generale S.A.; Societe Generale S.A., as Trustee for Lyxor Premium Fund and Successor in Interest to Banque de Reescompte et de Placement a/k/a Barep and to Societe Generale Asset Management Banque d/b/a Barep; and Societe Generale Luxembourg (*f/k/a* Societe Generale Bank & Trust S.A.) (collectively, the "SG Defendants"), and defendants OFI MGA Alpha Palmares (*f/k/a* Oval Alpha Palmares); Oval Palmares Europlus; and UMR Select Alternatif (collectively,

2

the "OFI Defendants," and together with the SG Defendants, the "Defendants," and the OFI Defendants and SG Defendants together with the Trustee, the "Parties," and each individually, a "Party"), by and through their respective undersigned counsel, hereby submit the following Case Management Plan pursuant to Rules 16 and 26 of the Federal Rules of Civil Procedure (the "Federal Rules"), applicable under Rules 7016 and 7026 of the Federal Rules of Bankruptcy Procedure.

1. Relevant Procedural History.

   a. On May 30, 2012, the Trustee commenced the above-captioned adversary proceeding in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") by filing a complaint against Defendants. *Picard v. Societe Generale Private Banking (Suisse) S.A., et al.*, Adv. Pro. No. 12-01677, ECF No. 1.

   b. On April 18, 2022, the Bankruptcy Court entered a Stipulation and Order amending the complaint to dismiss without prejudice any claim to recover the Kingate Subsequent Transfers (as defined in the complaint) and to change the names of or dismiss certain defendants named in the original complaint. *Id.*, ECF No. 133.

   c. On November 1, 2022, the OFI Defendants filed an answer and affirmative defenses. *Id.*, ECF No. 205.

   d. On December 21, 2022, the SG Defendants filed answers and affirmative defenses. *Id.*, ECF Nos. 208-212.

2. Fact Discovery Plan.

   a. Fact Discovery Cut-Off. Unless otherwise agreed to by the Parties or ordered by the Bankruptcy Court, all fact discovery is to be completed by June 30, 2025 (the "Fact Discovery Cut-Off Date").

3

b. <u>Initial Disclosures</u>. The Parties do not propose any changes in initial disclosures required under Federal Rule 26(a)(1)(A) (the "Initial Disclosures"). The Parties agree that they shall serve such Initial Disclosures as required under Federal Rule 26 on or before 60 days after the filing of this Case Management Plan.

c. <u>Subjects On Which Discovery May Be Needed</u>. The Parties contemplate that fact and expert discovery will be needed on asserted claims and defenses.

d. <u>Foreign Discovery</u>. The Trustee anticipates the need for discovery located outside of the United States, including from individuals and entities that may have been affiliated with the Defendants. To obtain discovery from these individuals and entities, the Trustee will comply with the relevant discovery rules of the applicable jurisdiction, the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Convention"), and/or, for those jurisdictions not party to the Hague Convention, any other internationally recognized means of obtaining cross-border discovery, including but not limited to, letters rogatory (collectively, "International Discovery"). To the extent the Parties avail themselves of International Discovery procedures, they will not be deemed to have waived, prejudiced, or otherwise altered their rights to conduct discovery under the Federal Rules, the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules"), or other applicable domestic rules. To the extent that responses to International Discovery are not received by the Fact Discovery Cut-Off Date, the Parties agree to seek reasonable extensions of the deadlines set forth herein. Defendants reserve all rights and do not waive any arguments as to how discovery should be conducted with respect to current employees of the Defendants.

e. <u>Form of Certain Discovery</u>. The Trustee intends to utilize one or more electronic data rooms to affirmatively make available millions of documents related to the

4

Trustee's claims. The Trustee's use of such data rooms will be governed by all applicable orders and rules.

  f. <u>Document Requests</u>. The Parties may serve requests for documents on or before 60 days before the Fact Discovery Cut-Off Date.

  g. <u>Interrogatories</u>. The Parties may serve Interrogatories in accordance with the rules and limitations articulated in Local Bankruptcy Rule 7033-1.

  h. <u>Requests For Admission</u>. The Parties may serve Requests for Admission on or before 30 days before the Fact Discovery Cut-Off Date.

  i. <u>Limitations On Discovery</u>. Limitations on written discovery will be governed by the Federal Rules made applicable to this adversary proceeding by the Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules. The Parties may agree on certain limitations on discovery or may file an application with the Court for good cause.

  j. <u>Redaction Protocol</u>. Certain SG Defendants are subject to the laws of foreign jurisdictions (in particular, banking secrecy and data privacy laws), various provisions of which may limit or prohibit unilateral disclosure of certain information in discovery that otherwise would be discoverable under U.S. law. As such, SG Defendants maintain that, to avoid potentially resolvable clashes of U.S. and foreign law, the Parties should agree to a redaction protocol. The Trustee maintains that the Federal Rules provide a sufficient mechanism for addressing discovery disputes in this proceeding and that the entry into a redaction protocol is premature in that it assumes such redactions are appropriate without any context under which to address such questions.

  k. <u>Inadvertent Production Of Privileged Materials</u>. The Parties acknowledge that the inadvertent production of privileged or work product protected documents is not a waiver

5

of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained in this paragraph is intended to or shall serve to limit a Party's right to conduct a review of documents, including electronically stored information, for relevance, responsiveness, and/or privileged and/or protected status.

l. <u>Depositions</u>. All depositions of fact witnesses must be completed by the Fact Discovery Cut-Off Date. Depositions shall proceed concurrently, with no Party having priority. The Parties will endeavor to conclude the majority of depositions within the seven (7) hours provided by Federal Rule 30(d)(1), although the Parties acknowledge that there may be certain depositions of fact witnesses with knowledge of issues common to multiple Avoidance Actions (as defined below) that cannot be concluded within this time limit. For any such witness, the Parties will attempt in good faith to agree to reasonable extensions of the seven (7) hour time limit as appropriate, and failing agreement either Party may apply to the Court for an extension of this time limit.

To the extent the deposition of any fact witness raises common issues relevant to another avoidance action related to the above-captioned case (Adv. Pro. No. 08-01789 (CGM)) (the "Avoidance Action(s)"), in which fact discovery has not closed, the Parties shall coordinate such depositions with the witness and defendants in such Avoidance Actions to maximize efficiency and use of resources to the extent reasonably practicable. The Parties shall confer in good faith and provide notice of such depositions under the Federal Rules, including the date, time, and location of any such depositions, to all relevant parties. In a coordinated deposition, the limitations set forth in Federal Rule 30(d)(1) shall not necessarily apply, and the parties shall agree on an appropriate duration for the deposition. Such depositions shall not prejudice or preclude the

Trustee from additional depositions of such witness in Avoidance Actions in which initial disclosures have not been made and discovery is not open. The Parties agree that they will work in good faith to identify the requisite number of each Party's deponents and depositions. Depositions of Irving H. Picard himself are prohibited absent an order issued by this Court upon a showing of good cause. Nothing contained in this Case Management Plan shall be deemed or construed to be a waiver of any Party's right to object to the taking of the deposition of a particular witness.

        3.    <u>Expert Discovery</u>. Within 30 days before the Fact Discovery Cut-Off Date, the Parties agree to meet and confer in good faith on the need for and timing of expert discovery. The Parties further agree to submit a proposed Amended Case Management Plan that addresses expert discovery in this action prior to the Fact Discovery Cut-Off Date.

        4.    <u>Manner Of Production Of Discovery Materials</u>. The Parties may produce discovery on a CD-ROM, flash drive, portable hard drive, in an electronic data room, or other similar electronic format. Given the volume of documentation that may be subject to disclosure in this matter, the Parties may produce a summary report, such as an expert report, and provide access to the underlying documentation on which the summary report relies in an electronic data room or other medium for review by the Parties. Information and documents produced or made available electronically shall, to the extent reasonably feasible:

    (i)    be text searchable;

    (ii)    provide data and image load files necessary to review the documents on search platforms (*e.g.*, Summation, Concordance, Relativity) upon request of any Party;

    (iii)    provide any system-created or non-privileged captured objective metadata, such as date fields, author fields, custodian fields, path to native file, etc.;

7

    (iv) be organized, such as by date, custodian, or subject matter, as maintained in the ordinary course of business or (in the case of information obtained by the Trustee from third parties) as organized by the Trustee;

    (v) provide additional formats of production, metadata, or native documents if requested by any Party.

  The Parties shall meet and confer first in a good faith attempt to resolve any dispute, or thereafter comply with Local Bankruptcy Rule 7007-1 to resolve the dispute.

  5. <u>Confidentiality</u>. The Litigation Protective Order (ECF No. 4137) (the "LPO") entered in *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Bernard L. Madoff Inv. Sec., LLC)*, Adv. Pro. No. 08-01789, on June 6, 2011, as modified via Order dated September 17, 2013 (ECF No. 5474), shall govern the disclosure of confidential information in this proceeding.

  6. <u>Proposed Modifications Of Standard Pretrial Proceedings Due To The Special Nature Of The Action</u>. The Parties do not presently believe that any such modifications are yet appropriate or necessary, and will contact the Court if their belief in this regard changes.

  7. <u>Prospects For Settlement, Including Whether A Settlement Conference Should Be Scheduled</u>. The Parties believe that it would be premature to schedule a settlement conference at this time.

  8. <u>Discovery Arbitrator</u>. The Parties agree to the use of Frank Maas, Esq. as Discovery Arbitrator to resolve discovery disputes that they are unable to resolve by meeting and conferring, as referenced in the Order Appointing A Discovery Arbitrator Pursuant to Bankruptcy Rule 9019(c) and General Order M-390 (ECF No. 14227) entered in *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec., LLC (In re Bernard L. Madoff Inv. Sec., LLC)*, Adv. Pro. No. 08-01789, on October 4, 2016.

9. <u>Trial</u>.  The Parties propose that they will confer with each other and the Court at the conclusion of all discovery to schedule a final pretrial conference and trial date.[1]

Dated:   April 12, 2023
         New York, New York

| | |
|---|---|
| **WINDELS MARX LANE & MITTENDORF, LLP** | **ALLEGAERT BERGER & VOGEL LLP** |
| By: /s/ *Howard L. Simon* <br> 156 West 56th Street <br> New York, New York 10019 <br> Telephone: (212) 237-1000 <br> Facsimile: (212) 262-1215 <br> Howard L. Simon <br> Email: hsimon@windelsmarx.com <br> Kim M. Longo <br> Email: klongo@windelsmarx.com <br> John J. Tepedino <br> Email: jtepedino@windelsmarx.com <br><br> *Special Counsel for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and for the Chapter 7 Estate of Bernard L. Madoff* | By: /s/ *John F. Zulack* <br> 111 Broadway, 20th Floor <br> New York, New York 10006 <br> Telephone: 212.571.0550 <br> Facsimile: 212.571.0555 <br> John F. Zulack <br> Email: jzulack@abv.com <br> David A. Shaiman <br> Email: dshaiman@abv.com <br><br> *Attorneys for the SG Defendants* <br><br> **MAYER BROWN LLP** <br><br> By: /s/ *Christopher J. Houpt* <br> 1221 Avenue of the Americas <br> New York, New York 10020 <br> Telephone.: (212) 506-2500 <br> Steven Wolowitz <br> Email: swolowitz@mayerbrown.com <br> Christopher J. Houpt <br> Email: choupt@mayerbrown.com <br> Bradley A. Cohen <br> Email: bacohen@mayerbrown.com <br><br> *Attorneys for the SG Defendants* |

---

[1] The SG Defendants demand a trial by jury on all issues that may be tried by a jury and do not consent to entry of final orders or judgment by the Bankruptcy Court.

9

**BOND, SCHOENECK & KING, PLLC**

By: /s/ Brian J. Butler
Brian J. Butler (bbutler@bsk.com)
One Lincoln Center
110 West Fayette Street
Syracuse, NY 13202-1355
Tel: (315) 218-8000
Fax: (315) 218-8100

*Attorneys for the OFI Defendants*



**Dated: April 17, 2023**
**Poughkeepsie, New York**

**/s/ Cecelia G. Morris**
_____
**Hon. Cecelia G. Morris**
**U.S. Bankruptcy Judge**