**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>  Plaintiff-Applicant,<br>  v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>  Defendant. | Adv. Pro. No. 08-01789 (CGM)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>  Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff,<br>  Plaintiff,<br>  v.<br><br>GROSVENOR INVESTMENT MANAGEMENT LTD., GROSVENOR PRIVATE RESERVE FUND LIMITED, and GROSVENOR BALANCED GROWTH FUND LIMITED,<br><br>  Defendants. | Adv. Pro. No. 12-01021 (CGM) |

**CASE MANAGEMENT PLAN**

Plaintiff Irving H. Picard, as trustee (the "Trustee") for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC under the Securities Investor Protection Act, 15 U.S.C. § 78aaa-lll, and the estate of Bernard L. Madoff individually, by and through his undersigned counsel, and defendants, Grosvenor Investment Management Ltd., Grosvenor Private Reserve Fund Limited, and Grosvenor Balanced Growth Fund Limited, by and

through their undersigned counsel ("Defendants" together with the Trustee, the "Parties," and each individually, a "Party"), hereby submit the following Case Management Plan ("Plan") pursuant to Rules 16 and 26 of the Federal Rules of Civil Procedure (the "Federal Rules"), applicable under Rules 7016 and 7026 of the Federal Rules of Bankruptcy Procedure.

1. Relevant Procedural History.

    a. On January 12, 2012, the Trustee initiated the above-captioned adversary proceeding in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") by filing a complaint against Defendants. *Picard v. Grosvenor Investment Management Ltd., et al*, Adv. Pro. No. 12-01021, ECF No. 1.

    b. On January 11, 2022, the Bankruptcy Court entered a Stipulation and Order dismissing with prejudice claims to recover the Kingate Global-Balanced Subsequent Transfers and Kingate Global-Private Subsequent Transfers, as defined in the Complaint. *Picard v. Grosvenor Investment Management Ltd., et al*, Adv. Pro. No. 12-01021, ECF No. 105.

    c. On July 8, 2022, the Bankruptcy Court entered a Stipulation and Order dismissing without prejudice defendant Grosvenor Aggressive and with prejudice claims to recover the Fairfield Sentry-Private Subsequent Transfer on or about April 14, 2003, and the Fairfield Sentry-Aggressive Subsequent Transfer on or about April 14, 2003, each as defined in the Complaint. *Id.*, ECF No. 118.

    d. On February 3, 2023, Defendants filed their Answer and Affirmative Defenses. *Id.*, ECF No. 134.

2. <u>Fact Discovery Plan</u>.

a. <u>Fact Discovery Cut-Off</u>. Unless otherwise agreed to by the Parties or ordered by the Bankruptcy Court, all fact discovery is to be completed by August 1, 2025 (the "Fact Discovery Cut-Off Date").

b. <u>Initial Disclosures</u>. The Parties do not propose any changes in initial disclosures required under Federal Rule 26(a)(1)(A) (the "Initial Disclosures"). The Parties agree that they shall serve such Initial Disclosures as required under Federal Rule 26 on or before 45 days after the filing of this Plan.

c. <u>Subjects on Which Discovery May Be Needed</u>. The Parties contemplate that fact and expert discovery will be needed on asserted claims and defenses.

d. <u>Foreign Discovery</u>. The Trustee anticipates the need for discovery located outside of the United States, including from individuals and entities that may have been affiliated with Defendants. To obtain discovery from these individuals and entities, the Trustee will comply with the relevant discovery rules of the applicable jurisdiction, which may include applicable provisions of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, and any other internationally recognized means of obtaining cross-border discovery, including but not limited to, letters rogatory (collectively, "International Discovery"). To the extent the Parties avail themselves of International Discovery procedures, they will not be deemed to have waived, prejudiced, or otherwise altered their rights (if any are applicable) to conduct or object to discovery under the Federal Rules, the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules"), or other domestic rules. To the extent that responses to International Discovery are not received by the Fact Discovery Cut-Off Date, the Parties agree to seek

reasonable extensions of the deadlines set forth herein or seek intervention of the Court if they are unable to agree.

    e.    <u>Document Requests</u>. The Parties may serve requests for documents on or before 60 days before the Fact Discovery Cut-Off Date.

    f.    <u>Interrogatories</u>. The Parties may serve Interrogatories on or before 60 days before the Fact Discovery Cut-Off Date.

    g.    <u>Requests for Admission</u>. The Parties may serve Requests for Admission on or before 60 days before the Fact Discovery Cut-Off Date.

    h.    <u>Limitations on Discovery</u>. Unless International Discovery governs, limitations on written discovery will be governed by the Federal Rules made applicable to this adversary proceeding by the Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules. The Parties may agree on certain limitations on discovery or may file an application with the Court for good cause.

    i.    <u>Production of Privileged Materials</u>. The Parties acknowledge that the production of privileged or work product protected documents is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained in this paragraph is intended to or shall serve to limit a Party's right to conduct a review of documents, including electronically stored information, for relevance, responsiveness, and/or privileged and/or protected status.

    j.    <u>Depositions</u>. (i) All depositions of fact witnesses must be completed by the Fact Discovery Cut-Off Date. Depositions shall proceed concurrently, with no Party having priority. The Parties will endeavor to conclude the majority of depositions within the seven hours provided

by Federal Rule 30(d)(1), although the Parties acknowledge that there may be certain depositions that cannot be concluded within this time limit and agree to extend the time limit to accommodate for the use of interpreters for witnesses that require them. For any such witness, the Parties will attempt in good faith to agree to reasonable extensions of the seven-hour time limit as appropriate and failing agreement either Party may apply to the Court for an extension of this time limit.

(ii) To the extent the deposition of any fact witness raises common issues relevant to more than one Avoidance Action, including the above-captioned case (Adv. Pro. No. 08-01789 (CGM)) (the "Avoidance/Recovery Action(s)"), in which initial disclosures have been made and discovery is open, the Trustee will coordinate such depositions with the witness and defendants (or their respective counsel, as appropriate) in such Avoidance/Recovery Actions to maximize efficiency and use of resources to the extent reasonably practicable; provided however, that there will be no prejudice of the Parties' rights with respect thereto.

The Parties will confer in good faith and provide notice of such depositions under the Federal Rules or applicable law, including the date, time, and location of such depositions. Such depositions will not prejudice or preclude either Party from seeking additional depositions of such witness in Avoidance/Recovery Actions in which initial disclosures have not been made and discovery is not open upon a showing of good cause.

(iii) The Parties agree that they will work in good faith to identify the requisite number of each Party's deponents and depositions. The Parties will first confer if they believe additional depositions are needed and thereafter, failing agreement, either Party may apply to the Court for an adjustment to the number of depositions.

(iv) Depositions of the Trustee Irving Picard are prohibited absent an order issued by this Court upon a showing of good cause.

3.      <u>Expert Discovery</u>. Within 30 days before the Fact Discovery Cut-Off Date, the Parties agree to meet and confer in good faith on the timing of expert discovery. The Parties further agree to submit a proposed Amended Case Management Plan that addresses expert discovery in this action prior to the Fact Discovery Cut-Off Date.

4.      <u>Manner of Production of Discovery Materials</u>. The Parties may produce discovery on a CD-ROM, flash drive, portable hard drive, in an electronic data room, or other similar electronic format. The Trustee intends to utilize one or more electronic data rooms to make available documents related to the Trustee's claims.

The Grosvenor Defendants, which are currently in liquidation in Bermuda, reserve the right to challenge the Trustee's utilization of electronic data rooms, and the Trustee reserves the right to object to any such challenge. The Trustee's use of such data rooms, if permitted, will be governed by all applicable orders and rules. The Grosvenor Defendants reserve the right to challenge and/or seek modification of any orders and rules currently applicable to the Trustee's use of such data rooms.

Given the volume of documentation that may be subject to disclosure in this matter, the Parties may produce a summary report, such as an expert report, and provide access to the underlying documentation on which the summary report relies in an electronic data room or other medium for review by the Parties. The Grosvenor Defendants, which are currently in liquidation in Bermuda, reserve the right to challenge the Trustee's utilization of such electronic data room or other medium for review by the parties, and the Trustee reserves the right to object to any such challenge.

Information and documents produced or made available electronically shall, to the extent reasonably feasible:

(i)  be text searchable;

(ii) provide data and image load files necessary to review the documents on search platforms (e.g., Summation, Concordance, Relativity) upon request of either Party;

(iii) provide any system-created or non-privileged captured objective metadata, such as date fields, author fields, custodian fields, path to native file, etc.;

(iv) be organized, such as by date, custodian, or subject matter, as maintained in the ordinary course of business or in the case of documents contained in E-Data Room 1 or the Third-Party Data Rooms as organized by the Trustee, if permitted; and

(v) provide additional formats of production, metadata, or native documents if requested by either Party.

The Parties shall meet and confer first in a good faith attempt to resolve any dispute, or thereafter comply with Local Bankruptcy Rule 7007-1 to resolve the dispute.

5. <u>Confidentiality</u>. The Litigation Protective Order (ECF No. 4137) (the "LPO") entered on June 6, 2011, in Adv. Pro. No. 08-01789 (CGM) is attached as Exhibit A to this Stipulation and Case Management Plan and shall govern the disclosure of confidential information in this proceeding, except to the extent that the same has been modified by subsequent orders of the Bankruptcy Court.

6. <u>Prospects for Settlement, Including Whether a Settlement Conference Should Be Scheduled</u>. The Parties are willing to discuss settlement and will do so as this proceeding moves forward.

7. <u>Discovery Arbitrator</u>. The Parties agree to the use of Frank Maas, Esq. as Discovery Arbitrator to resolve discovery disputes that they are unable to resolve by meeting and conferring, as referenced in and pursuant to the terms of the Order Appointing A Discovery Arbitrator Pursuant to Bankruptcy Rule 9019(c) and General Order M-390 (ECF No. 14227) entered on October 4, 2016, in Adv. Pro. No. 08-01789 (CGM). The Grosvenor Defendants, all of which are

currently in liquidation in Bermuda, reserve the right to seek relief regarding the utilization of the Discovery Arbitrator to resolve discovery disputes, including but not limited to costs associated with the Discovery Arbitrator, and the Trustee reserves the right to object to any such relief the Grosvenor Defendants might seek.

8. <u>Trial</u>. The Parties propose that they will first confer with each other at the conclusion of all discovery regarding a final pretrial conference and trial date, and thereafter will confer with the Court to schedule the final pretrial conference and trial date.[1]

---

[1] By entering into this Case Management Plan, the Parties do not intend to and do not waive, and expressly preserve, any all rights, claims, remedies and defenses available under domestic and/or foreign laws, including those of Bermuda. Separately, Defendants have demanded a trial by jury on all issues that may be tried by a jury and do not consent to entry of final orders or judgments by the Bankruptcy Court. The Trustee reserves the right to object to a jury trial. Nothing contained herein shall be construed as a waiver of those positions.

Date: April 14, 2023

Of Counsel:

**BAKER & HOSTETLER LLP**

811 Main Street, Suite 1100
Houston, Texas 77002-5018
Telephone: 713.751.1600
Facsimile: 713.751.1717
Dean D. Hunt Email:
dhunt@bakerlaw.com
Farrell A. Hochmuth
Email: fhochmuth@bakerlaw.com

**BAKER & HOSTETLER LLP**

/s/ *Dean D. Hunt*
45 Rockefeller Plaza
New York, New York 10111
Telephone: 212.589.4200
Facsimile: 212.589.4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Torello Calvani
Email: tcalvani@bakerlaw.com

*Attorney for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff*


/s/ *Ehud Barak*
Eleven Times Square
New York, New York 10036-8299
Telephone: (212) 969-3000
Facsimile: (212) 969-2900
Ehud Barak
Email: ebarak@proskauer.com
Russell T. Gorkin
Email: rgorkin@proskauer.com

*Attorneys for Defendants Grosvenor Investment Management, Ltd., Grosvenor Private Reserve Fund Limited, and Grosvenor Balanced Growth Fund Limited.*



**Dated: April 17, 2023**
**Poughkeepsie, New York**

**/s/ Cecelia G. Morris**
_____
**Hon. Cecelia G. Morris**
**U.S. Bankruptcy Judge**