UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>　　　　Plaintiff-Applicant,<br><br>　　　　v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>　　　　Defendant. | Adv. Pro. No. 08-01789 (CGM)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>　　　　Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>EQUITY TRADING PORTFOLIO LIMITED,<br><br>　　　　Defendant. | Adv. Pro. No. 10-04457 (CGM) |

## CASE MANAGEMENT PLAN

　　Plaintiff Irving H. Picard, as trustee ("Trustee") for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. § 78aaa *et seq.* ("SIPA"), and the estate of Bernard L. Madoff individually ("Madoff"), by and through his undersigned counsel, and defendant Equity Trading Portfolio Limited ("Equity Trading"), by and through its undersigned counsel (the Trustee and Equity Trading will be referred to collectively as the "Parties," and each individually, a

"Party"), hereby submit the following Case Management Plan pursuant to Rules 16 and 26 of the Federal Rules of Civil Procedure (the "Federal Rules"), applicable under Rules 7016 and 7026 of the Federal Rules of Bankruptcy Procedure.

1. Relevant Procedural History

   a. On November 30, 2010, the Trustee commenced the above-captioned adversary proceeding in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") by filing a complaint against defendants Equity Trading, Equity Trading Fund, Ltd., and BNP Paribas Arbitrage, SNC.

   b. On July 15, 2022, the Parties entered into a joint stipulation agreeing that the Trustee would amend his complaint to dismiss the counts asserted against BNP Paribas Arbitrage, SNC without prejudice.

   c. On August 18, 2022, the Trustee dismissed Equity Trading Fund, Ltd. from the Complaint without prejudice and dismissed certain claims against Equity Trading.

   d. On September 30, 2022, Equity Trading filed an affirmative answer and affirmative defenses to the Trustee's Complaint.

2. Fact Discovery Plan

   a. Fact Discovery Cut-Off. Unless otherwise agreed to by the Parties or ordered by the Bankruptcy Court, all fact discovery is to be completed by April 30, 2024 (the "Fact Discovery Cut-Off Date").

   b. Initial Disclosures. The Parties do not propose any changes in the form or requirements for disclosures under Federal Rule 26(a)(1) (the "Initial Disclosures"). On or before 30 days after the filing of this Case Management Plan, the Parties shall serve such Initial Disclosures as required under Federal Rule 26.

      c.    <u>Subjects On Which Discovery May Be Needed</u>.  The Parties contemplate that fact and expert discovery will be needed on asserted claims and defenses.

      d.    <u>Foreign Discovery</u>.  The Trustee anticipates the need for discovery from various third parties located outside of the United States, including individuals and entities that were affiliated with Equity Trading.  To obtain discovery from these entities and individuals, the Trustee anticipates the need to proceed under the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters or other internationally recognized means of obtaining cross-border discovery, including but not limited to, letters rogatory (collectively, "International Discovery").  To the extent the Parties avail themselves of International Discovery procedures, they will not be deemed to have waived, prejudiced, or otherwise altered their rights to conduct discovery under the Federal Rules, the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), or other applicable domestic rules.  To the extent that responses to International Discovery are not received by the Fact Discovery Cut-Off Date, the deadlines set forth herein will need to be extended accordingly.

      e.    <u>Document Requests</u>.  The Parties may serve requests for documents on or before 45 days before the Fact Discovery Cut-Off Date.

      f.    <u>Interrogatories</u>.  The Parties may serve Interrogatories in accordance with Local Rule 7033-1 and on or before 45 days before the Fact Discovery Cut-Off Date.

      g.    <u>Requests for Admission</u>.  The Parties may serve Requests for Admission on or before 45 days before the Fact Discovery Cut-Off date.

      h.    <u>Limitations on Discovery</u>.  Limitations on written discovery will be governed by the Federal Rules and this Court's Local Rules, subject to amendment by agreement of the Parties or application to the Court for good cause.  The Parties agree that they will work in

3

good faith to identify the requisite number of deponents and depositions necessary following service of the Parties' Initial Disclosures.

      i. <u>Inadvertent Production of Privileged Materials</u>.  The Parties acknowledge that the inadvertent production of privileged or work product protected documents is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).  Nothing contained in this paragraph is intended to or shall serve to limit a Party's right to conduct a review of documents, including electronically stored information, for relevance, responsiveness, and/or privileged and/or protected status.

      j. <u>Depositions</u>.

          (i)    All depositions of fact witnesses must be completed by the Fact Discovery Cut-Off Date.  Depositions shall proceed concurrently, with no party having priority.

          (ii)    The Parties agree that they will work in good faith to identify the requisite number of each Party's deponents and depositions.

          (iii)    Depositions of Irving H. Picard himself are prohibited absent an order issued by this Court upon a showing of good cause.

3.    <u>Expert Discovery Plan</u>

    a. <u>Experts</u>.  Within 30 days before the Fact Discovery Cut-Off Date, the Parties agree to meet and confer in good faith on the need for and timing of expert discovery.  The Parties further agree to submit a proposed Amended Case Management Plan that addresses expert discovery in this action prior to the Fact Discovery Cut-Off Date.

4.    <u>Manner of Production of Discovery Materials</u>.  The Parties may produce discovery on a CD-ROM, flash drive, portable hard drive, in an electronic data room, or other similar

4

electronic format. Given the volume of documentation that may be subject to disclosure in this matter, the Parties may produce a summary report and provide access to the underlying documentation on which the summary report relies in an electronic data room or other medium for review by the Parties.

    a. be text-searchable;

    b. provide data and image load files necessary to review the documents on search platforms (e.g., Summation, Concordance, Relativity) upon request of either Party;

    c. provide any system-created or non-privileged captured objective metadata, such as date fields, author fields, custodian fields, path to native file, etc.;

    d. be organized, such as by date, custodian, or subject matter, as maintained in the ordinary course of business, or, in the case of documents contained in E-Data Room 1 or the Third-Party Data Rooms, as organized by the Trustee; and

    e. provide additional formats of production, metadata, or native documents if requested by either Party.

The Parties shall meet and confer in a good faith attempt to resolve any dispute, or thereafter comply with Local Bankruptcy Rule 7007-1 to resolve the dispute.

    5.    <u>Proposed Modifications Of Standard Pretrial Proceedings Due To The Special Nature Of The Action</u>. The Parties do not presently believe that any such modifications are appropriate or necessary, and will contact the Court if their belief in this regard changes.

    6.    <u>Confidentiality</u>. The Litigation Protective Order (Doc. No. 4137) entered on June 6, 2011 in Adv. Pro. No. 08-01789 (CGM) shall govern the disclosure of confidential information in this proceeding, except to the extent that the same has been modified by subsequent orders of the Bankruptcy Court.

7.  **Prospects for Settlement, Including Whether a Settlement Conference Should Be Scheduled.**  Equity Trading believes a settlement conference would be beneficial, but the Trustee believes a settlement conference would be futile.

8.  **Dispositive Motions.**  The Parties have agreed that they will not file any dispositive motion prior to the Discovery Cut-Off Date.

9.  **Trial.**  The Parties propose that they will confer with each other and the Court at the conclusion of all discovery to schedule a final pretrial conference and trial date.

10. **Parties and Counsel.**  The following Parties join in this case management plan through their counsel.

Date:  April 18, 2023
       New York, New York

By: */s/ Torello H. Calvani*
**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Torello H. Calvani
Email: tcalvani@bakerlaw.com
Marco Molina
Email: mmolina@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff*

By: */s/ Neil A. Steiner*
**DECHERT LLP**
Neil A. Steiner
1095 Avenue of the Americas
New York, New York 10036
Telephone:  212.698.3822
Facsimile:  212.698.3599
Email: neil.steiner@dechert.com

*Attorneys for Defendants Equity Trading Portfolio Limited*

**Dated: April 19, 2023**
**Poughkeepsie, New York**



**/s/ Cecelia G. Morris**
_____
**Hon. Cecelia G. Morris**
**U.S. Bankruptcy Judge**