**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (CGM) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |

| | |
|---|---|
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

| | |
|---|---|
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 12-01566 (CGM) |
| Plaintiff, | |
| v. | |
| UKFP (ASIA) NOMINEES LIMITED, | |
| Defendant. | |

## CASE MANAGEMENT PLAN

Plaintiff Irving H. Picard, as trustee (the "Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa–*lll*, and the chapter 7 estate of Bernard L. Madoff individually, and defendant UKFP (Asia) Nominees Limited ("Defendant" and, together with the Trustee, the "Parties," and each individually, a "Party"), by and through their respective undersigned counsel, hereby submit the following Case Management Plan pursuant to Rules 16 and 26 of the Federal

Rules of Civil Procedure (the "Federal Rules"), applicable under Rules 7016 and 7026 of the Federal Rules of Bankruptcy Procedure.

1.     Relevant Procedural History

a.   On April 26, 2012, the Trustee commenced the above-captioned adversary proceeding in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") by filing a complaint against Defendant. *Picard v. UKFP (Asia) Nominees Limited*, Adv. Pro. No. 12-01566, ECF No. 1.

b.   On March 15, 2022, the Bankruptcy Court entered a Stipulation and Order amending the complaint to dismiss with prejudice certain transfers identified in the Stipulation and Order.  *Id.*, ECF No. 79.

c.   On February 15, 2023, Defendant filed an answer and affirmative defenses. *Id.*, ECF No. 105.

2.     Fact Discovery Plan

a.   Fact Discovery Cut-Off. Unless otherwise agreed to by the Parties or ordered by the Bankruptcy Court, all fact discovery is to be completed by April 1, 2025 (the "Fact Discovery Cut-Off Date").

b.   Initial Disclosures. The Parties do not propose any changes in initial disclosures required under Federal Rule 26(a)(1)(A) (the "Initial Disclosures"). The Parties agree that they shall serve such Initial Disclosures as required under Federal Rule 26 on or before sixty (60) days after this Case Management Plan is entered as an order of the Court.

c.   Subjects On Which Discovery May Be Needed. The Parties contemplate that fact and expert discovery will be needed on asserted claims and defenses.

d.   Foreign Discovery. The Trustee anticipates the need for discovery located outside of the United States, including from individuals and entities that may have been affiliated

2

with Defendant. To obtain discovery from these individuals and entities, the Trustee will comply with the relevant discovery rules of the applicable jurisdiction, the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, and/or any other internationally recognized means of obtaining cross-border discovery, including but not limited to, letters rogatory (collectively, "International Discovery"). To the extent the Parties avail themselves of International Discovery procedures, they will not be deemed to have waived, prejudiced, or otherwise altered their rights to conduct discovery under the Federal Rules, the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules"), or other applicable domestic rules. To the extent that responses to International Discovery are not received by the Fact Discovery Cut-Off Date, the Parties agree to seek reasonable extensions of the deadlines set forth herein.

e. <u>Form Of Certain Discovery</u>. The Trustee intends to utilize one or more electronic data rooms to affirmatively make available millions of documents related to the Trustee's claims. The Trustee's use of such data rooms will be governed by all applicable orders and rules.

f. <u>Document Requests</u>. The Parties may serve requests for documents on or before February 1, 2025.

g. <u>Interrogatories</u>. The Parties may serve Interrogatories in accordance with the rules and limitations articulated in Local Bankruptcy Rule 7033-1.

h. <u>Requests For Admission</u>. The Parties may serve Requests for Admission on or before March 1, 2025.

i. <u>Limitations On Discovery</u>. Limitations on written discovery will be governed by the Federal Rules made applicable to this adversary proceeding by the Federal Rules

of Bankruptcy Procedure, and the Local Bankruptcy Rules. The Parties may agree on certain

limitations on discovery or may file an application with the Court for good cause.

        j.    <u>Inadvertent Production Of Privileged Materials</u>. The Parties acknowledge

that the inadvertent production of privileged or work product protected documents is not a waiver

of the privilege or protection from discovery in this case or in any other federal or state proceeding.

This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of

Evidence 502(d). Nothing contained in this paragraph is intended to or shall serve to limit a Party's

right to conduct a review of documents, including electronically stored information, for relevance,

responsiveness, and/or privileged and/or protected status.

        k.    <u>Depositions</u>. All depositions of fact witnesses must be completed by the

Fact Discovery Cut-Off Date. Depositions shall proceed concurrently, with no Party having

priority. The Parties will endeavor to conclude the majority of depositions within the seven (7)

hours provided by Federal Rule 30(d)(1), although the Parties acknowledge that there may be

certain depositions of fact witnesses with knowledge of issues common to multiple Avoidance

Actions (as defined below) that cannot be concluded within this time limit. For any such witness,

the Parties will attempt in good faith to agree to reasonable extensions of the seven-hour time limit

as appropriate, and failing agreement either Party may apply to the Court for an extension of this

time limit.

    To the extent the deposition of any fact witness raises common issues relevant to another

avoidance action related to the above-captioned case (Adv. Pro. No. 08-01789 (CGM)) (the

"Avoidance Action(s)") in which fact discovery has not closed, the Parties shall coordinate such

depositions with the witness and defendants in such Avoidance Actions to maximize efficiency

and use of resources to the extent reasonably practicable. The Parties shall confer in good faith and

provide notice of such depositions under the Federal Rules, including the date, time, and location

of any such depositions, to all relevant parties.      In a coordinated deposition, the limitations

set forth in Federal Rule 30(d)(1) shall not necessarily apply, and the parties shall agree on an

appropriate duration for the deposition. Such depositions shall not prejudice or preclude the

Trustee from additional depositions of such witness in Avoidance Actions in which initial

disclosures have not been made and discovery is not open. The Parties agree that they will work

in good faith to identify the requisite number of each Party's deponents and depositions.

Depositions of Irving H. Picard himself are prohibited absent an order issued by this Court upon a

showing of good cause.

        3.      Expert Discovery. Within 30 days before the Fact Discovery Cut-Off Date, the

Parties agree to meet and confer in good faith on the need for and timing of expert discovery.  The

Parties further agree to submit a proposed Amended Case Management Plan that addresses expert

discovery in this action prior to the Fact Discovery Cut-Off Date.

        4.      Manner Of Production Of Discovery Materials. The Parties may produce discovery

on a CD-ROM, flash drive, portable hard drive, in an electronic data room, or other similar

electronic format. Given the volume of documentation that may be subject to disclosure in this

matter, the Parties may produce a summary report, such as an expert report, and provide access to

the underlying documentation on which the summary report relies in an electronic data room or

other medium for review by the Parties. Information and documents produced or made available

electronically shall, to the extent reasonably feasible:

      (i)      be text searchable;

      (ii)      provide data and image load files necessary to review the documents on search platforms (*e.g.*, Summation, Concordance, Relativity) upon request of either Party;

      (iii)      provide any system-created or non-privileged captured objective metadata, such as date fields, author fields, custodian fields, path to native file, etc.;

      (iv)      be organized, such as by date, custodian, or subject matter, as maintained in the ordinary course of business, or, in the case of

documents contained in E-Data Room 1 or the Third-Party Data Rooms, as organized by the Trustee;

(v)    provide additional formats of production, metadata, or native documents if requested by either Party.

The Parties shall meet and confer first in a good faith attempt to resolve any dispute, or thereafter comply with Local Bankruptcy Rule 7007-1 to resolve the dispute.

5.    <u>Confidentiality</u>. The Litigation Protective Order (ECF No. 4137) (the "LPO") entered in *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Bernard L. Madoff Inv. Sec. LLC)*, Adv. Pro. No. 08-01789, on June 6, 2011 shall govern the disclosure of confidential information in this proceeding, except to the extent that the same has been modified by subsequent orders of the Bankruptcy Court.

6.    <u>Proposed Modifications Of Standard Pretrial Proceedings Due To The Special Nature Of The Action</u>. The Parties do not presently believe that any such modifications are yet appropriate or necessary, and will contact the Court if their belief in this regard changes.

7.    <u>Prospects For Settlement, Including Whether A Settlement Conference Should Be Scheduled</u>. The Parties believe that it would be premature to schedule a settlement conference at this time.

8.    <u>Discovery Arbitrator</u>. The Parties agree to the use of Discovery Arbitrator, Frank Maas, Esq., to resolve discovery disputes that they are unable to resolve by meeting and conferring, as referenced in the Order Appointing A Discovery Arbitrator Pursuant to Bankruptcy Rule 9019(c) and General Order M-390 (ECF No. 14227) entered in *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Bernard L. Madoff Inv. Sec. LLC)*, Adv. Pro. No. 08-01789, on October 4, 2016.

9.    <u>Trial</u>. The Parties propose that they will confer with each other and the Court at the conclusion of all discovery to schedule a final pretrial conference and trial date.

Dated:      New York, New York
            April 26, 2023

**BAKER & HOSTETLER LLP**

By: */s/ David J. Sheehan*
45 Rockefeller Plaza
New York, New York 10111
Telephone: 212-589-4200
Facsimile: 212-589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Amy E. Vanderwal
Email: avanderwal@bakerlaw.com
Matthew K. Cowherd
Email: mcowherd@bakerlaw.com


*Attorneys for Plaintiff Irving H. Picard,*
*Trustee for the Substantively Consolidated*
*SIPA Liquidation of Bernard L. Madoff*
*Investment Securities LLC and the Chapter 7*
*Estate of Bernard L. Madoff*

**WINDELS MARX LANE &**
**MITTENDORF, LLP**

By: */s/ Howard L. Simon*
156 West 56th Street
New York, New York 10019
Telephone:  212.237.1000
Howard L. Simon
Email:  hsimon@windelsmarx.com
John J. Tepedino
Email:  jtepedino@windelsmarx.com

*Special Counsel to Irving H. Picard,*
*Trustee for the Substantively Consolidated*
*SIPA Liquidation of Bernard L. Madoff*
*Investment Securities LLC and the Chapter*
*7 Estate of Bernard L. Madoff*

**MAYER BROWN LLP**

By: */s/ Joaquin M. C de Baca*
Joaquin M. C de Baca
1221 Avenue of the Americas
New York, New York 10020
Tel: (212) 506-2500
Email: jcdebaca@mayerbrown.com


*Counsel for Defendant UKFP (Asia)*
*Nominees Limited*



/s/ Cecelia G. Morris
_____

**Dated: April 26, 2023**
**Poughkeepsie, New York**

**Hon. Cecelia G. Morris**
**U.S. Bankruptcy Judge**