**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>       *Plaintiff-Applicant*,<br>  v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br>       *Defendant*. | Adv. Proc. No. 08-01789 (CGM)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re<br><br>BERNARD L. MADOFF,<br><br>       *Debtor*. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>       *Plaintiff*,<br>  v.<br><br>ABN AMRO RETAINED NOMINEES (IOM) LIMITED, f/k/a ABN AMRO Fund Services (Isle of Man) Nominees, and f/k/a Fortis (Isle of Man) Nominees Limited, and PLATINUM ALL WEATHER FUND LIMITED,<br><br>       *Defendants*. | Adv. Proc. No. 12-01697 (CGM) |

**PLATINUM ALL WEATHER FUND LIMITED'S REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF ITS MOTION TO DISMISS THE
<u>AMENDED COMPLAINT</u>**

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .................................................................................................................................. 2

    I.    THE SAFE HARBOR IN SECTION 546(E) BARS THE TRUSTEE'S CLAIMS AGAINST PAWFL, AN INNOCENT SUBSEQUENT TRANSFEREE ............................................................................................................. 2

    II.    THE TRUSTEE HAS NOT JUSTIFIED HIS FAILURE TO PLAUSIBLY ALLEGE THAT PAWFL RECEIVED BLMIS CUSTOMER PROPERTY ......... 4

    III.    THE AMENDED COMPLAINT DOES NOT COMPLY WITH RULE 8(A)(2) ............................................................................................................................ 6

    IV.    THE TRUSTEE FAILS TO ESTABLISH PERSONAL JURISDICTION ........... 6

    V.    THE TRUSTEE'S OWN PLEADINGS ESTABLISH PAWFL'S GOOD-FAITH DEFENSE ................................................................................................... 9

CONCLUSION ............................................................................................................................... 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*45 John Lofts, LLC v. Meridian Cap. Grp. LLC (In re 45 John Lofts, LLC)*,
 599 B.R. 730 (Bankr. S.D.N.Y. 2019) ............................................................................................5

*Arizona v. California*,
 460 U.S. 605 (1983) ........................................................................................................................3

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) ........................................................................................................................5

*Bell Atlantic Corp. v. Twombly*,
 550 U.S. 544 (2007) ........................................................................................................................5

*Gilmore v. Rivera*,
 2014 WL 1998227 (S.D.N.Y. May 14, 2014) ................................................................................9

*Hau Yin To v. HSBC Holdings, PLC*,
 No. 15CV3590-LTS-SN, 2017 WL 816136 (S.D.N.Y. Mar. 1, 2017), *aff'd*,
 700 F. App'x 66 (2d Cir. 2017) ......................................................................................................7

*In re Geiger*,
 446 B.R. 670 (Bankr. E.D. Pa. 2010) .............................................................................................6

*In re Morrison*,
 375 B.R. 179 (Bankr. W.D. Pa. 2007) ............................................................................................6

*Jones v. Bock*,
 549 U.S. 199 (2007) ........................................................................................................................9

*McKee Elec. Co. v. Rauland-Borg Corp.*,
 20 N.Y.2d 377 (1967) .....................................................................................................................7

*Official Comm. of Unsecured Creditors of Verestar, Inc. v. Am. Tower Corp. (In re Verestar, Inc.)*,
 343 B.R. 444 (Bankr. S.D.N.Y. 2006) ............................................................................................4

*Picard v. Banca Carige S.P.A.*,
 11-ap-02570 (CGM) (Bankr. S.D.N.Y. June 30, 2022) .............................................................1, 6

*Picard v. Banque Lombard Odier & Cie SA*,
 12-ap-1693 (CGM) (Bankr. S.D.N.Y. June 30, 2022) ...................................................................1

*Picard v. Banque Syz & Co. SA*,
 11-ap-02149 (CGM) (Bankr. S.D.N.Y. June 14, 2022) .................................................................1

*Picard v. Bordier & Cie*,
   12-ap-01695 (CGM) (Bankr. S.D.N.Y. June 30, 2022)......................................................1

*Picard v. Citibank, N.A. (In re BLMIS)*,
   12 F.4th 171 (2d Cir. 2021) ................................................................................................3

*Picard v. Cohmad Sec. Corp. (In re BLMIS)*,
   454 B.R. 317 (Bankr. S.D.N.Y. 2011)................................................................................5

*Picard v. Lloyds TSB Bank PLC*,
   12-ap-01207 (CGM) (Bankr. S.D.N.Y. June 30, 2022)......................................................1

*Picard v. Merkin (In re BLMIS)*,
   515 B.R. 117 (Bankr. S.D.N.Y. 2014)................................................................................5

*Picard v. Multi-Strategy Fund Limited*,
   12-ap-01205 (CGM) (Bankr. S.D.N.Y. June 13, 2022)......................................................1

*Picard v. Multi-Strategy Fund Ltd. (In re BLMIS)*,
   No. 22-CV-06502 (JSR), 2022 WL 16647767 (S.D.N.Y. Nov. 3, 2022)................................2

*Picard v. Shapiro (In re BLMIS)*,
   542 B.R. 100 (Bankr. S.D.N.Y. 2015)................................................................................4

*Securities Investor Protection Corp. v. Bernard L. Madoff Investment Securities LLC (In re BLMIS)*,
   No. 12 MC 115 (JSR), 2013 WL 1609154 (S.D.N.Y. Apr. 15, 2013) .................................2, 3

*Silverman v. K.E.R.U. Realty Corp. (In re Allou Distrib. Inc.)*,
   379 B.R. 5 (Bankr. E.D.N.Y. 2007).....................................................................................5

*SPV OSUS Ltd. v. UBS AG*,
   114 F. Supp. 3d 161 (S.D.N.Y. 2015), *aff'd*, 882 F.3d 333 (2d Cir. 2018) ..............................7

*Walden v. Fiore*,
   571 U.S. 277 (2014)............................................................................................................7

*Waldman v. Palestine Liberation Org.*,
   835 F.3d 317 (2d Cir. 2016)................................................................................................8

**Statutes**

11 U.S.C. § 548(a)(1)(A) ..........................................................................................................2, 3, 4

11 U.S.C. § 550(b) .........................................................................................................................9

**Other Authorities**

CPLR § 302(a)(1) ...........................................................................................................................7

FRCP Rule 8(a)(2) .........................................................................................................................6

FRCP Rule 10(c) ............................................................................................................................6

## PRELIMINARY STATEMENT

Defendant Platinum All Weather Fund Limited ("PAWFL") respectfully submits this reply memorandum of law in further support of its motion to dismiss the Amended Complaint.

PAWFL has reviewed the Court's decisions denying various motions to dismiss brought by other subsequent-transferee defendants and acknowledges that the Court has rejected arguments similar to those raised by PAWFL.[1] PAWFL continues to advance its motion to dismiss to preserve its arguments on appeal and asks the Court to give consideration to the arguments in PAWFL's opening memorandum.

Nothing in the Trustee's response to PAWFL's motion can salvage his barebones pleading. The Trustee does not dispute that PAWFL is a Cayman Islands defendant that invested in foreign feeder funds and allegedly received transfers from foreign entities pursuant to legitimate securities contracts. PAWFL is not alleged to have had any knowledge of Madoff's fraud. Nor is PAWFL alleged to have breached any duty to anyone. The Trustee has had more than a decade to plead sufficient facts to survive a motion to dismiss but has failed to do so. Accordingly, the Amended Complaint against PAWFL should be dismissed.[2]

---

[1] *See, e.g., Picard v. Multi-Strategy Fund Limited*, 12-ap-01205 (CGM), ECF 122 (Bankr. S.D.N.Y. June 13, 2022); *Picard v. Banque Syz & Co. SA*, 11-ap-02149 (CGM), ECF 167 (Bankr. S.D.N.Y. June 14, 2022); *Picard v. Banque Lombard Odier & Cie SA*, 12-ap-1693 (CGM), ECF 115 (Bankr. S.D.N.Y. June 30, 2022); *Picard v. Banca Carige S.P.A.*, 11-ap-02570 (CGM), ECF 123 (Bankr. S.D.N.Y. June 30, 2022); *Picard v. Lloyds TSB Bank PLC,* 12-ap-01207 (CGM), ECF 105 (Bankr. S.D.N.Y. June 30, 2022); *Picard v. Bordier & Cie,* 12-ap-01695 (CGM), ECF 105 (Bankr. S.D.N.Y. June 30, 2022).

[2] Unless otherwise specified, citations to "ECF No." refer to Adv. Pro. No. 12-01697. Capitalized terms not defined herein have the meanings ascribed to them in PAWFL's initial memorandum of law in support of its motion to dismiss, ECF No. 150. PAWFL's initial memorandum is cited herein as the "opening memorandum" or "Mem." The Trustee's opposition memorandum in response to PAWFL's motion, ECF No. 154, is cited herein as "Opp."

1

## ARGUMENT

### I. THE SAFE HARBOR IN SECTION 546(E) BARS THE TRUSTEE'S CLAIMS AGAINST PAWFL, AN INNOCENT SUBSEQUENT TRANSFEREE

As explained in its opening memorandum, PAWFL is entitled to protection under the Bankruptcy Code's Section 546(e) safe harbor for the alleged subsequent transfers the Trustee seeks to recover from it. This is because the Court's avoidance powers are unavailable to unwind securities settlement payments, except in cases controlled by Section 548(a)(1)(A) for actual fraud.

As support for his argument that Section 546(e) does not bar the Trustee's claims against PAWFL, the Trustee cites to *Securities Investor Protection Corp. v. Bernard L. Madoff Investment Securities LLC (In re BLMIS)*, No. 12 MC 115 (JSR), 2013 WL 1609154 (S.D.N.Y. Apr. 15, 2013) ("*Cohmad*"), and *Picard v. Multi-Strategy Fund Ltd. (In re BLMIS),* No. 22-CV-06502 (JSR), 2022 WL 16647767 (S.D.N.Y. Nov. 3, 2022). But the fact remains that the statutory elements of the safe harbor provision of Section 546(e) have been met here. The alleged Initial Transfers were made by, to, or for the benefit of a covered entity (a stockbroker, financial institution, or financial participant) in connection with a securities contract or were comprised of settlement payments. *See* Mem. at 12–13. PAWFL is therefore entitled to assert the Section 546(e) defense.[3]

Furthermore, the statutory exception to the safe harbor defense for transfers made in the two years before the filing date does not apply, because the Amended Complaint fails to plead specific facts that BLMIS acted with the actual intent to "hinder, delay or defraud" creditors at the

---

[3] PAWFL maintains that Section 546(e) does not contain an exception based on a transferee's knowledge, and even if it did, the Trustee has not sufficiently alleged "actual knowledge." *See* Mem. at 13–14. PAWFL is aware that on November 3, 2022, Judge Rakoff entered an Opinion and Order denying interlocutory review of the Court's decisions on certain other defendants' motions to dismiss that were based on*, inter alia*, the argument that the "Trustee's failure to allege their knowledge of fraud is fatal to his claims at the pleading stage." *See Picard v. Multi-Strategy Fund Ltd.*, No. 22-cv-06502, 2022 WL 16647767, at *7 (S.D.N.Y. Nov. 3, 2022). Nevertheless, PAWFL reserves all rights and arguments regarding the applicability of Section 546(e) and what the Trustee is required to establish in order to avoid the safe harbor's application.

time it made each and every one of the alleged Initial Transfers that the Trustee seeks to recover from PAWFL. 11 U.S.C. § 548(a)(1)(A). In the absence of such allegations, the Trustee seeks to rely on the "Ponzi scheme presumption." *See* Opp. at 22–23. Contrary to the Trustee's assertions in his opposition memorandum, however, the Ponzi scheme presumption is not the established "law of this Circuit." Opp. at 22–23. Judge Menashi's thoughtful concurring opinion in *Picard v. Citibank, N.A. (In re BLMIS)*, 12 F.4th 171 (2d Cir. 2021) ("*Citibank*") suggests that this issue is not settled at the Circuit level.[4] Judge Menashi offered several cogent reasons why the Ponzi scheme presumption represents a "questionable" application of fraudulent transfer statutes. *Id*. at 202 (Menashi, J., concurring).[5] Without the "Ponzi scheme presumption," the Amended Complaint fails to adequately plead that the relevant alleged Initial Transfers were made with the requisite actual fraudulent intent.

The Trustee also argues that he can rely on "badges of fraud" to satisfy his pleading requirements, Opp. at 23, but the Amended Complaint contains only generic and conclusory allegations of such fraud. Generic and conclusory allegations are not sufficient to satisfy the Trustee's

---

[4] Although the Second Circuit has on occasion applied the presumption "when its application was uncontested," *Citibank*, 12 F.4th at 202 n.7 (Menashi, J., concurring), it has not sanctioned use of the presumption in any case where the issue was actually litigated. Nor has the Supreme Court recognized the presumption. While the Trustee argues that the "Ponzi scheme presumption" is the "law of the case" because it has been applied in other adversary proceedings within the BLMIS liquidation, the "law of the case" doctrine does not create an absolute bar to reconsideration of the issue—particularly now that a Second Circuit judge has questioned the viability of the "presumption." *See generally Arizona v. California*, 460 U.S. 605, 618 (1983) ("[L]aw of the case is an amorphous concept" that "does not limit the tribunal's power.").

[5] PAWFL is aware that this Court has noted in a recent opinion that it finds Judge Menashi's argument "unpersuasive." *See Picard v. UBS Europe SE (In re BLMIS)*, Adv. Pro. No. 12-01577 (CGM), 2023 WL 2290822, at *12 (Bankr. S.D.N.Y. Feb. 28, 2023). Upon information and belief, the Ponzi scheme presumption is currently the subject of a request for an interlocutory appeal, *Picard v. Citibank, N.A., et al. (In re BLMIS)*, Adv. Pro. No. 10-05345, ECF No. 248 (Bankr. S.D.N.Y. Nov. 2, 2022), on appeal, No. 22-CV-09597, ECF No. 1 (S.D.N.Y. Nov. 9, 2022). PAWFL reserves all rights and arguments, including the right to address the presumption further upon the determination of that appeal or any other appeals.

pleading burden. *See Official Comm. of Unsecured Creditors of Verestar, Inc. v. Am. Tower Corp. (In re Verestar, Inc.)*, 343 B.R. 444, 468 (Bankr. S.D.N.Y. 2006) (finding that "conclusory allegations that do not evidence fraudulent intent with respect to the specific transfers challenged do not suffice," even if "combined with . . . allegations [about] an alleged overall 'pattern of inappropriate transfers'"). Because the Trustee has not adequately pleaded the requisite fraudulent intent, the Section 548(a)(1)(A) claims must fail. Accordingly, the Amended Complaint should be dismissed.

## II. THE TRUSTEE HAS NOT JUSTIFIED HIS FAILURE TO PLAUSIBLY ALLEGE THAT PAWFL RECEIVED BLMIS CUSTOMER PROPERTY

The Amended Complaint should also be dismissed because it fails to plausibly allege that PAWFL is the subsequent transferee of BLMIS customer property. Rather than plead facts connecting the alleged Initial Transfers to the alleged subsequent transfers, as is required to state a claim to recover customer property, *see Picard v. Shapiro (In re BLMIS)*, 542 B.R. 100, 119 (Bankr. S.D.N.Y. 2015), the Trustee instead relies on the allegations that BLMIS transferred approximately $2.9 billion to Fairfield Sentry Limited ("Fairfield Sentry") in the six years preceding the Petition. Am. Compl. ¶ 97. Yet, at the same time, the Trustee alleges that Fairfield Sentry made approximately $5 billion in subsequent transfers of alleged BLMIS customer property. *See* Fairfield Second Am. Compl. Exs. 5, 6, 8, 10, 12, 13, 14, and 21. The Trustee thus has alleged billions of dollars more in subsequent transfers of BLMIS customer property from Fairfield Sentry than he alleges was ever transferred from BLMIS to Fairfield Sentry. In other words, the Trustee here seeks to recover any money a defendant may have received from Fairfield Sentry, without regard to whether, as to the payment in question, the defendant was a "transferee" of BLMIS.

This is not a matter of requiring "dollar-for-dollar accounting" or expert opinion but rather a *legal* question to be resolved on a motion to dismiss, before the parties and Court bear the burden

4

of further litigating claims not plausibly related to the recovery of customer property. The mere "possibility" that the Trustee may have a claim against PAWFL is not enough. Supreme Court precedent imposes a higher pleading standard. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (explaining that to survive a motion to dismiss a claimant's allegations "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" not merely possible).

The cases cited by the Trustee demonstrate the "linkage" necessary to sufficiently state a claim against a subsequent transferee. In the cases cited by the Trustee, the alleged initial and subsequent transfers were connected both by amount and time. *See, e.g., 45 John Lofts, LLC v. Meridian Cap. Grp. LLC (In re 45 John Lofts, LLC)*, 599 B.R. 730, 736–37, 747 (Bankr. S.D.N.Y. 2019) (payments totaling $29.4 million deposited into an account; $29.4 million withdrawn by the next business day); *Picard v. Merkin (In re BLMIS)*, 515 B.R. 117, 150 (Bankr. S.D.N.Y. 2014) ("[S]everal subsequent transfers took place contemporaneously or shortly after an initial transfer . . . , implying linkage."); *Picard v. Cohmad Sec. Corp. (In re BLMIS)*, 454 B.R. 317, 341 (Bankr. S.D.N.Y. 2011) ("*Cohmad I*") (pleading of subsequent transfers held sufficient where they "correspond[ed] to" initial transfers from BLMIS); *Silverman v. K.E.R.U. Realty Corp. (In re Allou Distrib. Inc.)*, 379 B.R. 5, 13, 30 (Bankr. E.D.N.Y. 2007) (alleged subsequent transfers "were preceded by fraudulent transfers" from debtor "in amounts sufficient to cover the [subsequent] transfers," all within 13 days). Here, however, there is no such linkage. The Trustee's Amended Complaint lacks factual allegations supporting the assertion that subsequent transfers to PAWFL actually contained BLMIS customer property. As a result, the Trustee has failed to meet his pleading burden, and the Amended Complaint should be dismissed.

### III. THE AMENDED COMPLAINT DOES NOT COMPLY WITH RULE 8(A)(2)

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." The Trustee cannot excuse his failure to provide such a statement by simply pointing to Rule 10(c)'s provision that "[a] statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion." The Trustee does not seek to incorporate a "statement" but rather 406 paragraphs from a document filed in a separate action.

Where incorporation by reference is permitted, it is "always accompanied by the requirement that it be done with a degree of specificity and clarity which would enable a responding party to easily determine the nature and extent of the incorporation." *In re Morrison*, 375 B.R. 179, 193 (Bankr. W.D. Pa. 2007). By contrast, where a complaint incorporates voluminous pleadings by reference without adequate specificity, the court has the authority to dismiss the complaint for violating Rule 8. *See In re Geiger*, 446 B.R. 670, 679–80 (Bankr. E.D. Pa. 2010). The Trustee's attempt to incorporate a voluminous pleading here fails to comply with Rules 8(a) and 10(c). Without proper incorporation of another pleading, the Amended Complaint is bereft of essential allegations regarding the avoidability—let alone actual avoidance—of the alleged Initial Transfers. For this reason too, the Amended Complaint should be dismissed.

### IV. THE TRUSTEE FAILS TO ESTABLISH PERSONAL JURISDICTION

PAWFL recognizes that this Court recently held that a *prima facie* case of personal jurisdiction can be based on the allegation that a defendant knowingly directed funds to be invested in New York-based BLMIS through Fairfield Sentry. *See, e.g.*, *Picard v. Banca Carige S.P.A.*, 11-ap-02570 (CGM), ECF 123. For reasons set forth in its opening memorandum, PAWFL respectfully disagrees that such an allegation alone can support jurisdiction over a foreign defendant like

6

PAWFL, particularly in light of *Walden v. Fiore*, 571 U.S. 277, 284 (2014). *See* Mem. at 6–10. PAWFL is a Cayman Islands entity that invested in foreign feeder funds and did not consent to jurisdiction in New York for disputes such as this.

Although the Trustee's opposition memorandum points to certain attenuated contacts that PAWFL allegedly had with the forum, these allegations are insufficient to create jurisdiction. The Trustee alleges that "representatives" of Platinum ***Capital Management Ltd.***—a different entity from PAWFL—acted as agents for PAWFL during a meeting in New York with representatives of foreign feeder funds in the Fairfield Greenwich Group. *See* Opp. at 11 n.5. But an alleged meeting in New York attended by such "representatives" does not establish that PAWFL purposefully availed itself of the privilege of doing business in New York. *See, e.g., SPV OSUS Ltd. v. UBS AG*, 114 F. Supp. 3d 161, 170–71 (S.D.N.Y. 2015) (no personal jurisdiction where defendants had only "sporadic or indirect contacts with the United States"), *aff'd*, 882 F.3d 333 (2d Cir. 2018); *McKee Elec. Co. v. Rauland-Borg Corp.,* 20 N.Y.2d 377, 380, 382 (1967) (fact that Illinois corporation's representatives traveled to New York and spent one day there conferring with plaintiff over contract dispute did not rise to purposeful availment under CPLR § 302(a)(1)).

Furthermore, while PAWFL is alleged to have used New York's correspondent banking system, *see* Opp. at 14–17, the incidental use of a bank account in the United States to facilitate U.S. dollar-denominated payments to settle a foreign securities transaction does not, as a matter of controlling law, give rise to personal jurisdiction. *See Hau Yin To v. HSBC Holdings, PLC*, No. 15CV3590-LTS-SN, 2017 WL 816136, at *6 (S.D.N.Y. Mar. 1, 2017), *aff'd*, 700 F. App'x 66 (2d Cir. 2017) (rejecting personal jurisdiction over foreign defendants because their alleged connection to the forum was the transmission of information and funds "to and from BLMIS . . . [as an] incidental consequence[] of fulfilling a foreign contract…."); *Hill v. HSBC Bank plc*, 207 F. Supp.

7

3d 333, 339–40 (S.D.N.Y. 2016) (finding transmission of information and funds to and from BLMIS to be "incidental consequences of fulfilling a foreign contract . . . insufficient to 'project' the Foreign Defendants into New York" and not amounting "to 'purposeful availment' of the laws of [the forum]"). *See* Mem. at 10.

Nor do the forum-selection clauses in certain subscription agreements provide relevant jurisdictional contacts, even assuming the truth of the allegation that Fortis IOM entered into such agreements with "Fairfield Funds" on both its own behalf and PAWFL's behalf. *See* Opp. at 5. In a well-reasoned opinion in *Fairfield Sentry Ltd. v. Theodoor GGC Amsterdam*, Judge Bernstein expressly held that a forum selection clause was "irrelevant" to claims to recover redemption payments because "consent to the Subscription Agreement does not constitute consent to personal jurisdiction in the U.S. Redeemer Actions." No. 10-13164 (SMB), 2018 WL 3756343, at *12 (Bankr. S.D.N.Y. Aug. 6, 2018). *See also* Mem. at 8–9.

Finally, even if, *arguendo*, the Trustee has alleged sufficient minimum contacts with the forum, exercising personal jurisdiction over PAWFL still would be unreasonable. Ultimately, as the Trustee concedes, "[t]he reasonableness inquiry requires the court to determine whether the assertion of personal jurisdiction over the defendant comports with traditional notions of fair play and substantial justice under the circumstances of the particular case." *Waldman v. Palestine Liberation Org.*, 835 F.3d 317, 331 (2d Cir. 2016) (internal quotation marks and citations omitted); Opp. at 18. The exercise of personal jurisdiction over PAWFL, a foreign entity that invested through foreign feeder funds, fails to meet this basic test and would be unreasonable for the reasons articulated above and in PAWFL's opening brief.

8

## V. THE TRUSTEE'S OWN PLEADINGS ESTABLISH PAWFL'S GOOD-FAITH DEFENSE

The Trustee's claims also fail in their entirety for the independent reason that PAWFL's "good faith" defense under Bankruptcy Code Section 550(b)—that PAWFL took in good faith, and without knowledge of the voidability of the transfer—is evident from the face of the Amended Complaint itself. Because the Fairfield Second Amended Complaint affirmatively pleads facts showing that a diligent inquiry would not have uncovered the transfers' fraudulent purpose, *see* Mem. at 18, the allegations themselves provide PAWFL with a good-faith defense, and dismissal of the Amended Complaint against PAWFL is warranted as a matter of law. *See Jones v. Bock*, 549 U.S. 199, 215 (2007) (explaining that "a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim" where "the allegations in the complaint suffice to establish that ground."); *Gilmore v. Rivera*, 2014 WL 1998227, at *2 (S.D.N.Y. May 14, 2014) ("Dismissal under Fed. R. Civ. P. (12)(b)(6) is also proper if an affirmative defense, or other bar to relief, is apparent from the face of the complaint.").

## CONCLUSION

For the reasons set forth herein and its moving papers, PAWFL respectfully requests that the Court dismiss the Amended Complaint in its entirety, with prejudice, and grant such other relief as is appropriate under the circumstances.

Dated: New York, New York

April 27, 2023

                                          /s/ Scott B. Schreiber

Scott B. Schreiber
Rosa J. Evergreen (admitted *pro hac vice*)
Daniel R. Bernstein
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, D.C. 20001
Telephone: (202) 942-5000
Facsimile: (202) 942-5999

       - and -

Kent A. Yalowitz
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019
Telephone: (212) 836-8000
Facsimile: (212) 836-8689

*Attorneys for Defendant Platinum All Weather Fund Limited*