08-01789-cgm    Doc 23162    Filed 05/02/23    Entered 05/02/23 11:26:27    Main Document
Pg 1 of 24

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>        Plaintiff-Applicant,<br><br>    v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>        Defendant, | Adv. Pro. No. 08-01789 (CGM)<br><br>SIPA Liquidation<br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>        Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff,<br><br>        Plaintiff,<br><br>    v.<br><br>BANQUE INTERNATIONALE À LUXEMBOURG S.A. (f/k/a Dexia Banque Internationale à Luxembourg S.A.); RBC INVESTOR SERVICESBANK S.A (f/k/a RBC Dexia Investor Services Bank S.A.); RBC INVESTOR SERVICES TRUST (f/k/a RBC Dexia Investor Services Trust); BANCO INVERSIS, S.A., as successor in interest to RBC Dexia Investor Services España S.A.; and BANQUE INTERNATIONALE À LUXEMBOURG (SUISSE) S.A. (f/k/a Dexia Private Bank (Switzerland) Ltd.),<br><br>        Defendants. | Adv. Pro. No. 12-01698 (CGM)<br><br><br><br>**ANSWER TO AMENDED COMPLAINT** |

Defendant Dexia Private Bank (Switzerland) Ltd., now known as Banque Internationale à Luxembourg (Suisse) S.A. ("BIL Suisse"), by its undersigned counsel, respectfully submits this Answer to the Amended Complaint of plaintiff Irving H. Picard (the "Trustee" or "Plaintiff"), Trustee for the liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS"), filed on June 30, 2022.

## **GENERAL DENIAL**

Except as otherwise expressly admitted herein, BIL Suisse denies each and every

allegation in the Amended Complaint. BIL Suisse states that the headings and sub-headings

throughout the Amended Complaint do not constitute well-pleaded allegations of fact and

therefore require no response. To the extent a response is required, the allegations in the

headings and subheadings in the Amended Complaint are denied. In answering the allegations in

the Amended Complaint, BIL Suisse does not intend to waive, and does not waive, any and all

applicable objections to the relevance, admissibility, or prejudicial effect of any of the

allegations in the Amended Complaint.

## **RESPONSES TO SPECIFIC ALLEGATIONS**

1.      BIL Suisse denies knowledge or information sufficient to form a belief about the

truth of the allegations in paragraph 1, except admits that Trustee purports to bring this adversary

proceeding to recover BLMIS customer property.

2.      BIL Suisse denies knowledge or information sufficient to form a belief about the

truth of the allegations in paragraph 2, except admits that BIL Suisse received certain transfers

from Fairfield Sentry and Fairfield Sigma.

3.      BIL Suisse denies knowledge or information sufficient to form a belief about the

truth of the allegations in paragraph 3.

4.      BIL Suisse denies knowledge or information sufficient to form a belief about the

truth of the allegations in paragraph 4, except admits that: BIL Suisse is a 100%-owned

subsidiary of BIL; both BIL and BIL Suisse were formerly owned by Dexia S.A.; and BIL was

part of a joint venture with non-party Royal Bank of Canada.

5.      BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 5, except admits upon information and belief that Madoff was arrested on or about December 11, 2008 and that the SEC commenced a District Court proceeding around the same time.

6.      BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 6, except admits that the SEC combined its action with an application by SIPC and that SIPC filed an application in the District Court, and refers to that filing for its full and accurate contents.

7.      BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 7, except admits that Judge Stanton entered an order on or about December 15, 2008, and refers to that order for its full and accurate contents.

8.      BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 8, except admits that the Court entered orders on December 23, 2008 and February 4, 2009, and refers to those orders for their full and accurate contents.

9.      BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 9, except admits that an involuntary bankruptcy petition was filed against Madoff on or about April 13, 2009 and admits that the Court entered a consolidation order on June 9, 2009 and refers to that order for its full and accurate contents.

10.      BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 10, except admits that Madoff pled guilty to a criminal information on or about March 12, 2009.

11.     BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 11, except admits that the Court entered an order on July 16, 2009 and refers to that order for its full and accurate contents.

12.     BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 12, except admits that Frank DiPascali pled guilty to a criminal information on or about August 11, 2009.

13.     BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13, except admits that David Kugel pled guilty to a criminal information on or about November 21, 2011.

14.     BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14.

15.     BIL Suisse denies the allegations in paragraph 15 of the Complaint, except admits that the Trustee has certain responsibilities and powers under SIPA and refers to SIPA for its full and accurate contents.

16.     BIL Suisse denies the allegations in paragraph 16 of the Complaint, except admits that the Trustee has certain responsibilities and powers under SIPA and refers to SIPA for its full and accurate contents.

17.     BIL Suisse denies the allegations in paragraph 17 of the Complaint, except admits that the Trustee has certain responsibilities and powers under SIPA and refers to SIPA for its full and accurate contents.

18.     BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 18.

19.     BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 19.

20.     BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 20.

21.     BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 21.

22.     BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 22.

23.     BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 23.

24.     BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 24.

25.     BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 25.

26.     BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 26.

27.     BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 27.

28.     BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 28.

29.     BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 29.

30.     BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 30.

31.     BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 31.

32.     BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 32.

33.     BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 33.

34.     BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 34.

35.     BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 35.

36.     BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 36.

37.     BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 37.

38.     BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 38.

39.     BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 39.

40.     BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 40.

41.     BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 41.

42.     BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 42.

43.     BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 43.

44.     BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 44.

45.     BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 45.

46.     BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 46.

47.     BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 47.

48.     BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 48.

49.     BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 49.

50.     BIL Suisse denies the allegations in paragraph 50, except admits that the diagram illustrates relationships between BIL Suisse, BIL and Dexia S.A. in 2008.

51.     BIL Suisse admits the allegations in paragraph 51 of the Complaint.

Pg 8 of 24

52.    BIL Suisse admits the allegations in paragraph 52 of the Complaint, except denies that the principal office of BIL Suisse is located at Beethovenstrasse 48, CH-8002 Zurich, Switzerland.

53.    BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 53.

54.    BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 54.

55.    BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 55.

56.    BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 56.

57.    BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 57, except admits that this is an adversary proceeding commenced in this Court.

58.    BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 58.

59.    BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 59.

60.    BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 60, except admits that this adversary proceeding is brought under SIPA and other applicable law.

61.    BIL Suisse denies the allegations in paragraph 61.

62.    BIL Suisse denies the allegations in paragraph 62.

63.     BIL Suisse denies the allegations in paragraph 63.

64.     BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 64.

65.     BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 65.

66.     BIL Suisse denies the allegations in paragraph 66.

67.     BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 67.

68.     BIL Suisse denies the allegations in paragraph 68, except admits that BIL Suisse signed a subscription agreement and refers to that document for its full and accurate contents.

69.     BIL Suisse denies the allegations in paragraph 69.

70.     BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 70.

71.     BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 71.

72.     BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 72.

73.     BIL Suisse denies the allegations in paragraph 73, except denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 73 concerning Defendants other than BIL Suisse and admits that BIL Suisse received payments from Fairfield Sentry through a correspondent account in BIL Suisse's name at Citibank in New York.

74.    BIL Suisse denies the allegations in paragraph 74, except denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 74 concerning Defendants other than BIL Suisse and admits that BIL Suisse made subscription payments to Fairfield Sentry through a U.S. correspondent account of Fairfield Sentry or its agents.

75.    BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 75.

76.    BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 76.

77.    BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 77.

78.    BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 78.

79.    BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 79.

80.    BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 80.

81.    BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 81.

82.    BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 82.

83.    BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 83.

84.     BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 84.

85.     BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 85.

86.     BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 86.

87.     BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 87.

88.     BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 88.

89.     BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 89.

90.     BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 90.

91.     BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 91.

92.     BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 92.

93.     BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 93.

94.     BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 94.

95.    BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 95.

96.    BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 96.

97.    BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 97.

98.    BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 98.

99.    BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 99.

100.    BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 100.

101.    BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 101.

102.    BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 102.

103.    BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 103.

104.    BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 104.

105.    BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 105.

106.    BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 106.

107.    BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 107.

108.    BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 108.

109.    BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 109.

110.    BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 110.

111.    BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 111.

112.    BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 112.

113.    BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 113.

114.    BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 114.

115.    BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 115.

116.    BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 116.

117.    BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 117.

118.    BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 118.

119.    BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 119.

120.    BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 120.

121.    BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 121.

122.    BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 122.

123.    BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 123.

124.    BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 124.

125.    BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 125.

126.    BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 126.

127.    BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 127.

128.    BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 128.

129.    BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 129.

130.    BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 130.

131.    BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 131.

132.    BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 132.

133.    BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 133.

134.    BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 134.

135.    BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 135.

136.    BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 136.

137.    BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 137.

138.    BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 138.

139.    BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 139.

140.    BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 140.

141.    BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 141.

142.    BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 142.

143.    BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 143.

144.    BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 144.

145.    BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 145.

146.    BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 146.

147.    BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 147.

148.    BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 148.

149.    BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 149, except admits that the Trustee commenced an adversary

proceeding against Fairfield Sentry in this Court, and refers to the filings in that proceeding for their full and accurate contents.

150.    BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 150, except admits that this Court entered an order and a consent judgment in the Fairfield Sentry matter and refers to those documents for their full and accurate contents.

151.    BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 151.

152.    BIL Suisse admits the allegations in paragraph 152.

153.    BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 153, including those allegations purportedly incorporated by reference.

154.    BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 154.

155.    BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 155.

156.    BIL Suisse denies the allegations in paragraph 156, except denies knowledge or information sufficient to form a belief about the truth of the allegations concerning Defendants other than BIL Suisse and admits that it received the below transfers from Fairfield Sentry, on or about the dates listed.

| Date | Amount of Transfer |
|---|---|
| 3/15/2005 | $7,408 |
| 4/14/2005 | $22,225 |
| 12/19/2005 | $315,311 |

| 12/19/2005 | $109,419 |
|------------|----------|
| 1/19/2006  | $911,138 |
| 3/17/2006  | $4,440   |
| 5/15/2006  | $70,169  |
| 11/19/2007 | $183,656 |
| 12/19/2007 | $246,003 |
| 4/14/2008  | $130,298 |

157.    BIL Suisse admits the allegations in paragraph 157.

158.    BIL Suisse denies the allegations in paragraph 158.

159.    BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 159, except admits that transfers from Fairfield Sentry to BIL Suisse were from redemptions of equity interests in Fairfield Sentry.

160.    BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 160.

161.    BIL Suisse denies the allegations in paragraph 161, except denies knowledge or information sufficient to form a belief about the truth of the allegations concerning Defendants other than BIL Suisse and admits that it received a transfer from Fairfield Sigma on or about January 23, 2008.

162.    BIL Suisse denies the allegations in paragraph 162.

163.    BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 163, except admits that transfers from Fairfield Sigma to BIL Suisse were from redemptions of equity interests in Fairfield Sigma.

164.    BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 164, except admits that the Trustee commenced an adversary

proceeding against Rye Portfolio Limited and refers to the findings in that proceeding for their full and accurate contents.

165.    BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 165, except admits that the Court entered an order in the Rye Portfolio matter on or about September 22, 2011 and refers to that document for its full and accurate contents.

166.    BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 166.

167.    BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 167.

168.    BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 168.

169.    BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 169.

170.    BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 170.

171.    BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 171.

172.    BIL Suisse admits the allegations in paragraph 172.

173.    BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 173.

174.    BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 174.

175.    BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 175.

176.    BIL Suisse denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 176.

177.    BIL Suisse incorporates and reasserts its responses to the allegations of all of the previous paragraphs of the Amended Complaint as if set forth fully herein.

178.    BIL Suisse denies the allegations in paragraph 178.

179.    BIL Suisse denies the allegations in paragraph 179.

180.    BIL Suisse denies the allegations in paragraph 180.

## AFFIRMATIVE DEFENSES

BIL Suisse asserts the following defenses without assuming the burden of proof or any other burden if such burdens would otherwise be on Plaintiff. BIL Suisse reserves the right to amend this Answer to assert any additional defenses, as well as any counterclaims or claims against third parties based on discovery in this adversary proceeding or otherwise. These defenses are set forth cumulatively and in the alternative.

## FIRST DEFENSE

## (Personal Jurisdiction)

The Court lacks personal jurisdiction over BIL Suisse because the claims in this action do not arise from contacts between BIL Suisse and the United States, including for the reasons stated in BIL Suisse's Memorandum of Law in Support of its Motion to Dismiss the Complaint filed in this action on September 2, 2022 (ECF No. 141).

**SECOND DEFENSE**

**(Section 546(e) Safe Harbor)**

The alleged subsequent transfers to BIL Suisse may not be recovered because the alleged

initial transfers are subject to the safe harbor in Section 546(e) of the Bankruptcy Code, 11

U.S.C. § 546(e). The alleged initial transfers were (i) made by or to (or for the benefit of) a

stockbroker (BLMIS), financial institution (Fairfield Sentry or Fairfield Sigma), financial

participant (BIL Suisse), or other covered entity; (ii) settlement payments and/or transfers made

in connection with a securities contract (between BLMIS and Fairfield Sentry or Sigma, and/or

between Fairfield Sentry or Sigma and BIL); and (iii) made more than two years before the

petition date. Because the alleged initial transfers are not avoidable, alleged subsequent transfers

to BIL Suisse are not recoverable from BIL Suisse.

**THIRD DEFENSE**

**(No Customer Property)**

The transfers BIL Suisse received from Fairfield Sentry and Fairfield Sigma did not

constitute BLMIS customer property and therefore may not be recovered. On information and

belief, the redemption payments BIL Suisse received were not sourced from BLMIS customer

property because, among other reasons, alleged initial transferred from BLMIS to Fairfield

Sentry and Fairfield Sigma had been distributed by Fairfield Sentry and Fairfield Sigma to their

affiliates or other institutions prior to the transfer to BIL Suisse.

**FOURTH DEFENSE**

**(Good Faith)**

BIL Suisse took any funds it received from Fairfield Sentry and Fairfield Sigma for

value, in good faith, and without knowledge of the voidability of any alleged initial transfers

from BLMIS, and thus the alleged transfers to BIL Suisse may not be recovered pursuant to 11 U.S.C. § 550(b).

*Value.* BIL Suisse took for value because the alleged transfers it received from Fairfield Sentry and Fairfield Sigma were made in exchange for BIL Suisse's surrender of its shares in Fairfield Sentry and Fairfield Sigma. In addition, the total value of redemptions from Fairfield Sentry and Fairfield Sigma made by BIL Suisse was less than the total value of prior subscriptions in those funds.

*Good Faith.* To the extent that BIL Suisse received any Fairfield Sentry or Fairfield Sigma transfers, at the time each Fairfield Sentry or Fairfield Sigma transfer was made, BIL Suisse was aware only of publicly available information about Fairfield Sentry, Fairfield Sigma, and BLMIS. On or before the date of the last of the Fairfield Sentry or Fairfield Sigma transfers, BIL Suisse did not have access to non-public information regarding BLMIS. BIL Suisse handled its Fairfield Sentry and Fairfield Sigma accounts consistently with other industry professionals based on publicly known information about Fairfield Sentry, Fairfield Sigma, and BLMIS. To the best of its knowledge, none of the communications BIL Suisse had with Fairfield Sentry and Fairfield Sigma or their directors, officers, or employees or with BLMIS or any of its officers or employees on or before the date of the last of the Fairfield Sentry or Fairfield Sigma transfers revealed or suggested that BLMIS was not trading securities or was a fraud or Ponzi scheme, or that Fairfield Sentry or Fairfield Sigma or their directors, officers, or employees suspected that BLMIS was not trading securities or was a fraud or Ponzi scheme. Even if BIL Suisse had been on inquiry notice of a possible fraudulent purpose behind any alleged transfers it received, a diligent inquiry would not have discovered such a fraudulent purpose. BIL Suisse did not have

the ability to compel the production of information from third parties that would have been

necessary to establish that BLMIS was committing fraud.

    *Knowledge.* BIL Suisse did not have knowledge of the voidability of any alleged transfers

from BLMIS to Fairfield Sentry or Fairfield Sigma when it received the alleged subsequent

transfers.

**FIFTH DEFENSE**

**(Single Satisfaction)**

    Pursuant to 11 U.S.C. § 550(d), the Trustee may not recover any alleged subsequent

transfer from BIL Suisse to the extent he has recovered the amount of the initial transfers from

Fairfield Sentry, Fairfield Sigma, or any other immediate or mediate transferee, and the amount

of the avoided initial transfers is included in the alleged Customer Property that the Trustee

alleges BIL Suisse received.

    On May 9, 2011, the Trustee entered into a Settlement Agreement with the Liquidators of

Fairfield Sentry Limited and other Fairfield funds. This Court approved the Settlement

Agreement on June 7, 2011, and it was incorporated into the consent judgment entered against

Fairfield Sentry on July 13, 2011. The Settlement Agreement provides for the sharing of

recoveries on the Trustee's and the Liquidators' claims for recovery of property that Fairfield

Sentry transferred. To the extent that the Liquidators recover from BIL in settlement or

otherwise, the Trustee is barred from recovering on the ground that he is not entitled to double

recovery.

**SIXTH DEFENSE**

**(Statute of Limitations)**

To the extent the Trustee seeks a declaratory judgment that the Fairfield Sentry Initial Transfers are avoided, such relief is barred, at least in part, by the applicable statute of limitations. For example, some of the Fairfield Sentry Initial Transfers occurred more than six years before the filing date of the SIPA proceeding. Accordingly, any action by the Trustee to avoid such transfers pursuant to sections 544 of the Bankruptcy Code would be time-barred.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Rule 9015 of the Federal Rules of Bankruptcy Procedure, BIL hereby demands a jury trial on all claims and issues that may be tried to a jury.

## STATEMENT PURSUANT TO BANKRUPTCY RULE 7012(b)

BIL does not consent to the entry of final orders or judgment by the Bankruptcy Court.


Dated: May 1, 2023                    Respectfully Submitted,
      New York, New York.

                                       CLIFFORD CHANCE US LLP

                                       s/ Jeff E. Butler
                                       Jeff E. Butler (jeff.butler@cliffordchance.com)
                                       Meredith George (meredith.george@cliffordchance.com)
                                       31 West 52nd Street
                                       New York, New York 10019
                                       Telephone: (212) 878-8000


                                       *Counsel for Defendants Banque Internationale à
                                       Luxembourg SA (f/k/a Dexia Banque Internationale a
                                       Luxembourg SA) and Banque Internationale à Luxembourg
                                       (Suisse) SA (f/k/a Dexia Private Bank (Switzerland) Ltd.)*