**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (CGM) |
| Plaintiff-Applicant, | SIPA Liquidation (Substantively Consolidated) |
| v. | |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant, | |

| | |
|---|---|
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

| | |
|---|---|
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff, | Adv. Pro. No. 12-01698 (CGM) |
| Plaintiff, | |
| v. | **ANSWER TO AMENDED COMPLAINT** |
| BANQUE INTERNATIONALE À LUXEMBOURG S.A. (f/k/a Dexia Banque Internationale à Luxembourg S.A.); RBC INVESTOR SERVICESBANK S.A (f/k/a RBC Dexia Investor Services Bank S.A.); RBC INVESTOR SERVICES TRUST (f/k/a RBC Dexia Investor Services Trust); BANCO INVERSIS, S.A., as successor in interest to RBC Dexia Investor Services España S.A.; and BANQUE INTERNATIONALE À LUXEMBOURG (SUISSE) S.A. (f/k/a Dexia Private Bank (Switzerland) Ltd.), | |
| Defendants. | |

Defendant Dexia Banque Internationale à Luxembourg SA, now known as Banque Internationale à Luxembourg SA ("BIL"), by its undersigned counsel, respectfully submits this Answer to the Amended Complaint of plaintiff Irving H. Picard (the "Trustee" or "Plaintiff"), Trustee for the liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS"), filed on June 30, 2022.

## **GENERAL DENIAL**

Except as otherwise expressly admitted herein, BIL denies each and every allegation in the Amended Complaint. BIL states that the headings and sub-headings throughout the Amended Complaint do not constitute well-pleaded allegations of fact and therefore require no response. To the extent a response is required, the allegations in the headings and subheadings in the Amended Complaint are denied. In answering the allegations in the Amended Complaint, BIL does not intend to waive, and does not waive, any and all applicable objections to the relevance, admissibility, or prejudicial effect of any of the allegations in the Amended Complaint.

## **RESPONSES TO SPECIFIC ALLEGATIONS**

1.      BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 1, except admits that Trustee purports to bring this adversary proceeding to recover BLMIS customer property.

2.      BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2, except admits that BIL received certain transfers from Fairfield Sentry and Fairfield Sigma.

3.      BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 3.

4.      BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 4, except admits that: BIL Suisse is a 100%-owned subsidiary of BIL; both BIL and BIL Suisse were formerly owned by Dexia S.A.; and BIL was part of a joint venture with non-party Royal Bank of Canada.

5.      BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 5, except admits upon information and belief that Madoff was

arrested on or about December 11, 2008 and that the SEC commenced a District Court

proceeding around the same time.

6.       BIL denies knowledge or information sufficient to form a belief about the truth of

the allegations in paragraph 6, except admits that the SEC combined its action with an

application by SIPC and that SIPC filed an application in the District Court, and refers to that

filing for its full and accurate contents.

7.       BIL denies knowledge or information sufficient to form a belief about the truth of

the allegations in paragraph 7, except admits that Judge Stanton entered an order on or about

December 15, 2008, and refers to that order for its full and accurate contents.

8.       BIL denies knowledge or information sufficient to form a belief about the truth of

the allegations in paragraph 8, except admits that the Court entered orders on December 23, 2008

and February 4, 2009, and refers to those orders for their full and accurate contents.

9.       BIL denies knowledge or information sufficient to form a belief about the truth of

the allegations in paragraph 9, except admits that an involuntary bankruptcy petition was filed

against Madoff on or about April 13, 2009 and admits that the Court entered a consolidation

order on June 9, 2009 and refers to that order for its full and accurate contents.

10.      BIL denies knowledge or information sufficient to form a belief about the truth of

the allegations in paragraph 10, except admits that Madoff pled guilty to a criminal information

on or about March 12, 2009.

11.      BIL denies knowledge or information sufficient to form a belief about the truth of

the allegations in paragraph 11, except admits that the Court entered an order on July 16, 2009

and refers to that order for its full and accurate contents.

12.     BIL denies knowledge or information sufficient to form a belief about the truth of
the allegations in paragraph 12, except admits that Frank DiPascali pled guilty to a criminal
information on or about August 11, 2009.

13.     BIL denies knowledge or information sufficient to form a belief about the truth of
the allegations in paragraph 13, except admits that David Kugel pled guilty to a criminal
information on or about November 21, 2011.

14.     BIL denies knowledge or information sufficient to form a belief about the truth of
the allegations in paragraph 14.

15.     BIL denies the allegations in paragraph 15 of the Complaint, except admits that
the Trustee has certain responsibilities and powers under SIPA and refers to SIPA for its full and
accurate contents.

16.     BIL denies the allegations in paragraph 16 of the Complaint, except admits that
the Trustee has certain responsibilities and powers under SIPA and refers to SIPA for its full and
accurate contents.

17.     BIL denies the allegations in paragraph 17 of the Complaint, except admits that
the Trustee has certain responsibilities and powers under SIPA and refers to SIPA for its full and
accurate contents.

18.     BIL denies knowledge or information sufficient to form a belief about the truth of
the allegations in paragraph 18.

19.     BIL denies knowledge or information sufficient to form a belief about the truth of
the allegations in paragraph 19.

20.     BIL denies knowledge or information sufficient to form a belief about the truth of
the allegations in paragraph 20.

21.    BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 21.

22.    BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 22.

23.    BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 23.

24.    BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 24.

25.    BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 25.

26.    BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 26.

27.    BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 27.

28.    BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 28.

29.    BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 29.

30.    BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 30.

31.    BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 31.

32.    BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 32.

33.    BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 33.

34.    BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 34.

35.    BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 35.

36.    BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 36.

37.    BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 37.

38.    BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 38.

39.    BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 39.

40.    BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 40.

41.    BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 41.

42.    BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 42.

43.    BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 43.

44.    BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 44.

45.    BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 45.

46.    BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 46.

47.    BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 47.

48.    BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 48.

49.    BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 49.

50.    BIL denies the allegations in paragraph 50, except admits that the diagram roughly illustrates relationships between BIL Suisse, BIL and Dexia S.A in 2008.

51.    BIL admits the allegations in paragraph 51 of the Complaint.

52.    BIL admits the allegations in paragraph 52 of the Complaint, except denies that the principal office of BIL Suisse is located at Beethovenstrasse 48, CH-8002 Zurich, Switzerland.

53.    BIL denies the allegations in paragraph 53, except admits that Royal Bank of Canada and BIL entered into a joint venture and refers to Royal Bank of Canada's 2006 Annual Report for its full and accurate contents.

54.     BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 54, except admits that the predecessor of RBC-Dexia Bank was a wholly-owned subsidiary of BIL; admits that the predecessor of RBC-Dexia Bank was transferred to the joint venture; and admits that on or about July 2012, Royal Bank of Canada acquired BIL's 50% interest in the JV.

55.     BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 55, except admits that RBC Dexia Investor Services Trust was transferred to the joint venture and that, in July 2012, Royal Bank of Canada acquired BIL's 50% interest in the joint venture.

56.     BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 56, except admits that RBC Dexia Investor Services España S.A. was transferred to the joint venture.

57.     BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 57, except admits that this is an adversary proceeding commenced in this Court.

58.     BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 58.

59.     BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 59.

60.     BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 60, except admits that this adversary proceeding is brought under SIPA and other applicable law.

61.     BIL denies the allegations in paragraph 61.

62.      BIL denies the allegations in paragraph 62.

63.      BIL denies the allegations in paragraph 63.

64.      BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 64.

65.      BIL denies the allegations of paragraph 65.

66.      BIL denies the allegations in paragraph 66.

67.      BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 67.

68.      BIL denies the allegations in paragraph 68, except admits that BIL signed a subscription agreement and refers to that document for its full and accurate contents.

69.      BIL denies the allegations in paragraph 69.

70.      BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 70.

71.      BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 71.

72.      BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 72.

73.      BIL denies the allegations in paragraph 73, except denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 73 concerning Defendants other than BIL and admits that BIL received payments from Fairfield Sentry through a correspondent account in BIL's name at Citibank in New York.

74.      BIL denies the allegations in paragraph 74, except denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 74

concerning Defendants other than BIL and admits that BIL made subscription payments to

Fairfield Sentry through a U.S. correspondent account.

75.    BIL denies knowledge or information sufficient to form a belief about the truth of

the allegations in paragraph 75.

76.    BIL denies knowledge or information sufficient to form a belief about the truth of

the allegations in paragraph 76.

77.    BIL denies knowledge or information sufficient to form a belief about the truth of

the allegations in paragraph 77.

78.    BIL denies knowledge or information sufficient to form a belief about the truth of

the allegations in paragraph 78.

79.    BIL denies knowledge or information sufficient to form a belief about the truth of

the allegations in paragraph 79.

80.    BIL denies knowledge or information sufficient to form a belief about the truth of

the allegations in paragraph 80.

81.    BIL denies knowledge or information sufficient to form a belief about the truth of

the allegations in paragraph 81.

82.    BIL denies knowledge or information sufficient to form a belief about the truth of

the allegations in paragraph 82.

83.    BIL denies knowledge or information sufficient to form a belief about the truth of

the allegations in paragraph 83.

84.    BIL denies knowledge or information sufficient to form a belief about the truth of

the allegations in paragraph 84.

85.    BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 85.

86.    BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 86.

87.    BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 87.

88.    BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 88.

89.    BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 89.

90.    BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 90.

91.    BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 91.

92.    BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 92.

93.    BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 93.

94.    BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 94.

95.    BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 95.

96.     BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 96.

97.     BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 97.

98.     BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 98.

99.     BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 99.

100.     BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 100.

101.     BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 101.

102.     BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 102.

103.     BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 103.

104.     BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 104.

105.     BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 105.

106.     BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 106.

107.    BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 107.

108.    BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 108.

109.    BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 109.

110.    BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 110.

111.    BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 111.

112.    BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 112.

113.    BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 113.

114.    BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 114.

115.    BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 115.

116.    BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 116.

117.    BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 117.

118.    BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 118.

119.    BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 119.

120.    BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 120.

121.    BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 121.

122.    BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 122.

123.    BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 123.

124.    BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 124.

125.    BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 125.

126.    BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 126.

127.    BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 127.

128.    BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 128.

129.    BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 129.

130.    BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 130.

131.    BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 131.

132.    BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 132.

133.    BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 133.

134.    BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 134.

135.    BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 135.

136.    BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 136.

137.    BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 137.

138.    BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 138.

139.    BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 139.

140.    BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 140.

141.    BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 141.

142.    BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 142.

143.    BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 143.

144.    BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 144.

145.    BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 145.

146.    BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 146.

147.    BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 147.

148.    BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 148.

149.    BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 149, except admits that the Trustee commenced an adversary proceeding against Fairfield Sentry in this Court, and refers to the filings in that proceeding for their full and accurate contents.

150.    BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 150, except admits that this Court entered an order and a consent judgment in the Fairfield Sentry matter and refers to those documents for their full and accurate contents.

151.    BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 151.

152.    BIL admits the allegations in paragraph 152.

153.    BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 153, including those allegations purportedly incorporated by reference.

154.    BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 154.

155.    BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 155.

156.    BIL denies the allegations in paragraph 156, except denies knowledge or information sufficient to form a belief about the truth of the allegations concerning Defendants other than BIL and admits that it received the below transfers from Fairfield Sentry, on or about the dates listed.

| Date | Amount |
| --- | --- |
| 2/14/2003 | $1,997,638 |
| 11/16/2004 | $46,627 |
| 11/17/2005 | $6,331,569 |
| 8/17/2007 | $3,964,353 |
| 8/18/2008 | $15,532 |

157.    BIL admits the allegations in paragraph 157.

158.    BIL denies the allegations in paragraph 158.

159.    BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 159, except admits that transfers from Fairfield Sentry to BIL were from redemptions of equity interests in Fairfield Sentry.

160.    BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 160.

161.    BIL denies the allegations in paragraph 161, except denies knowledge or information sufficient to form a belief about the truth of the allegations concerning Defendants other than BIL and admits that it received transfers from Fairfield Sigma, on or about April 17, 2007, December 18, 2007, and August 15, 2008.

162.    BIL denies the allegations in paragraph 162.

163.    BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 163, except admits that transfers from Fairfield Sigma to BIL were from redemptions of equity interests in Fairfield Sigma.

164.    BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 164, except admits that the Trustee commenced an adversary proceeding against Rye Portfolio Limited and refers to the findings in that proceeding for their full and accurate contents.

165.    BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 165, except admits that the Court entered an order in the Rye Portfolio matter on or about September 22, 2011 and refers to that document for its full and accurate contents.

166.    BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 166.

167.    BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 167.

168.    BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 168.

169.    BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 169.

170.    BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 170.

171.    BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 171.

172.    BIL admits the allegations in paragraph 172.

173.    BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 173.

174.    BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 174.

175.    BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 175.

176.    BIL denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 176.

177.    BIL incorporates and reasserts its responses to the allegations of all of the previous paragraphs of the Amended Complaint as if set forth fully herein.

178.    BIL denies the allegations in paragraph 178.

179.    BIL denies the allegations in paragraph 179.

180.    BIL denies the allegations in paragraph 180.

## AFFIRMATIVE DEFENSES

BIL asserts the following defenses without assuming the burden of proof or any other burden if such burdens would otherwise be on Plaintiff. BIL reserves the right to amend this Answer to assert any additional defenses, as well as any counterclaims or claims against third parties based on discovery in this adversary proceeding or otherwise. These defenses are set forth cumulatively and in the alternative.

### FIRST DEFENSE

### (Personal Jurisdiction)

The Court lacks personal jurisdiction over BIL because the claims in this action do not arise from contacts between BIL and the United States, including for the reasons stated in BIL's Memorandum of Law in Support of its Motion to Dismiss the Complaint filed in this action on September 2, 2022 (ECF No. 141).

### SECOND DEFENSE

### (Section 546(e) Safe Harbor)

The alleged subsequent transfers to BIL may not be recovered because the alleged initial transfers are subject to the safe harbor in Section 546(e) of the Bankruptcy Code, 11 U.S.C. § 546(e). The alleged initial transfers were (i) made by or to (or for the benefit of) a stockbroker (BLMIS), financial institution (Fairfield Sentry or Fairfield Sigma), financial participant (BIL), or other covered entity; (ii) settlement payments and/or transfers made in connection with a securities contract (between BLMIS and Fairfield Sentry or Sigma, and/or between Fairfield

Sentry or Sigma and BIL); and (iii) made more than two years before the petition date. Because

the alleged initial transfers are not avoidable, alleged subsequent transfers to BIL are not

recoverable from BIL.

## THIRD DEFENSE

### (No Customer Property)

The transfers BIL received from Fairfield Sentry and Fairfield Sigma did not constitute

BLMIS customer property and therefore may not be recovered. On information and belief, the

redemption payments BIL received were not sourced from BLMIS customer property because,

among other reasons, alleged initial transfers from BLMIS to Fairfield Sentry and Fairfield

Sigma had been distributed by Fairfield Sentry and Fairfield Sigma to their affiliates or other

institutions prior to the transfer to BIL.

## FOURTH DEFENSE

### (Good Faith)

BIL took any funds it received from Fairfield Sentry and Fairfield Sigma for value, in

good faith, and without knowledge of the voidability of any alleged initial transfers from

BLMIS, and thus the alleged transfers to BIL may not be recovered pursuant to 11 U.S.C.

§ 550(b).

*Value.* BIL took for value because the alleged transfers it received from Fairfield Sentry

and Fairfield Sigma were made in exchange for BIL's surrender of its shares in Fairfield Sentry

and Fairfield Sigma. In addition, the total value of redemptions from Fairfield Sentry and

Fairfield Sigma made by BIL was less than the total value of prior subscriptions in those funds.

*Good Faith.* To the extent that BIL received any Fairfield Sentry or Fairfield Sigma

transfers, at the time each Fairfield Sentry or Fairfield Sigma transfer was made, BIL was aware

only of publicly available information about Fairfield Sentry, Fairfield Sigma, and BLMIS. On or before the date of the last of the Fairfield Sentry or Fairfield Sigma transfers, BIL did not have access to non-public information regarding BLMIS. BIL handled its Fairfield Sentry and Fairfield Sigma accounts consistently with other industry professionals based on publicly known information about Fairfield Sentry, Fairfield Sigma, and BLMIS. To the best of its knowledge, none of the communications BIL had with Fairfield Sentry and Fairfield Sigma or their directors, officers, or employees or with BLMIS or any of its officers or employees on or before the date of the last of the Fairfield Sentry or Fairfield Sigma transfers revealed or suggested that BLMIS was not trading securities or was a fraud or Ponzi scheme, or that Fairfield Sentry or Fairfield Sigma or their directors, officers, or employees suspected that BLMIS was not trading securities or was a fraud or Ponzi scheme. Even if BIL had been on inquiry notice of a possible fraudulent purpose behind any alleged transfers it received, a diligent inquiry would not have discovered such a fraudulent purpose. BIL did not have the ability to compel the production of information from third parties that would have been necessary to establish that BLMIS was committing fraud.

*Knowledge.* BIL did not have knowledge of the voidability of any alleged transfers from BLMIS to Fairfield Sentry or Fairfield Sigma when it received the alleged subsequent transfers.

## FIFTH DEFENSE

### (Single Satisfaction)

Pursuant to 11 U.S.C. § 550(d), the Trustee may not recover any alleged subsequent transfer from BIL to the extent he has recovered the amount of the initial transfers from Fairfield Sentry, Fairfield Sigma, or any other immediate or mediate transferee, and the amount of the

avoided initial transfers is included in the alleged Customer Property that the Trustee alleges BIL received.

On May 9, 2011, the Trustee entered into a Settlement Agreement with the Liquidators of Fairfield Sentry Limited and other Fairfield funds. This Court approved the Settlement Agreement on June 7, 2011, and it was incorporated into the consent judgment entered against Fairfield Sentry on July 13, 2011. The Settlement Agreement provides for the sharing of recoveries on the Trustee's and the Liquidators' claims for recovery of property that Fairfield Sentry transferred. To the extent that the Liquidators recover from BIL in settlement or otherwise, the Trustee is barred from recovering on the ground that he is not entitled to double recovery.

## SIXTH DEFENSE

### (Statute of Limitations)

To the extent the Trustee seeks a declaratory judgment that the Fairfield Sentry Initial Transfers are avoided, such relief is barred, at least in part, by the applicable statute of limitations.  For example, some of the Fairfield Sentry Initial Transfers occurred more than six years before the filing date of the SIPA proceeding.  Accordingly, any action by the Trustee to avoid such transfers pursuant to sections 544 of the Bankruptcy Code would be time-barred.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Rule 9015 of the Federal Rules of Bankruptcy Procedure, BIL hereby demands a jury trial on all claims and issues that may be tried to a jury.

## STATEMENT PURSUANT TO BANKRUPTCY RULE 7012(b)

BIL does not consent to the entry of final orders or judgment by the Bankruptcy Court.


Dated: May 1, 2023            Respectfully Submitted,
New York, New York.

                            CLIFFORD CHANCE US LLP

                            s/ Jeff E. Butler
                            Jeff E. Butler (jeff.butler@cliffordchance.com)
                            Meredith George (meredith.george@cliffordchance.com)
                            31 West 52nd Street
                            New York, New York 10019
                            Telephone: (212) 878-8000

                            *Counsel for Defendants Banque Internationale à
                            Luxembourg SA (f/k/a Dexia Banque Internationale a
                            Luxembourg SA) and Banque Internationale à Luxembourg
                            (Suisse) SA (f/k/a Dexia Private Bank (Switzerland) Ltd.)*