**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                        *Plaintiff-Applicant*,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                        *Defendant*. | Adv. Proc. No. 08-01789 (CGM)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                        *Debtor*. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>                        *Plaintiff*,<br><br>v.<br><br>UBS EUROPE SE (f/k/a UBS (LUXEMBOURG) S.A.), UBS FUND SERVICES (LUXEMBOURG) S.A., UBS THIRD PARTY MANAGEMENT COMPANY S.A., M&B CAPITAL ADVISERS SOCIEDAD DE VALORES, S.A., RELIANCE INTERNATIONAL RESEARCH LLC, LUXEMBOURG INVESTMENT FUND AND LUXEMBOURG INVESTMENT FUND U.S. EQUITY PLUS, as represented by their Liquidators MAÎTRE ALAIN RUKAVINA and PAUL LAPLUME, MAÎTRE ALAIN RUKAVINA and PAUL LAPLUME, in their capacities as liquidators and representatives of LUXEMBOURG INVESTMENT FUND AND LUXEMBOURG INVESTMENT FUND U.S. EQUITY PLUS,<br><br>                        *Defendants*. | Adv. Proc. No. 10-5311 (CGM)<br><br>**DECLARATION OF JUAN CARLOS RODRIGUEZ HERGUETA IN SUPPORT OF M&B CAPITAL ADVISERS SOCIEDAD DE VALORES, S.A.'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT** |

In accordance with 28 U.S.C. § 1746, I, Juan Carlos Rodriguez Hergueta, declare under penalty of perjury as follows:

1. I was a managing director of M&B Capital Advisers Sociedad De Valores, S.A. ("**M&B SA**") until 2012. M&B SA was a diversified investment services firm incorporated and always located in Spain. It ceased activity as an investment adviser in 2012 and as a result changed its name to M&B Capital Advisers SA. In 2020, it changed its name to Nikala 2021 SA. Its office is currently located at Calle del Henares, n° 7, 28002, Madrid, Spain. I make this Declaration on behalf of M&B (as defined below) in that capacity.

2. M&B Capital Advisers Gestion SGIIC ("**M&B SGIIC**" and, together with M&B SA, "**M&B**") was an investment manager incorporated and located in Spain. Its offices were located at Plaza Manuel Gomez Moreno, No. 2 Edificio Alfredo Mahou, 28020 Madrid, Spain. In January 2010, M&B SGIIC was merged into M&B SA.

3. Neither M&B SA nor M&B SGIIC ever had a place of business or maintained an office or employees in the United States.

4. Neither M&B SA nor M&B SGIIC has ever had a postal address or telephone listing in the United States.

5. Neither M&B SA nor M&B SGIIC ever owned, leased, or possessed any real property in the United States.

6. Neither M&B SA nor M&B SGIIC ever maintained a bank account or paid taxes in the United States.

7. Neither M&B SA nor M&B SGIIC was ever authorized, qualified, or registered to conduct business in the United States, conducted business or any transactions in the United States, or advertised for or pursued business in the United States.

8. Neither M&B SA nor M&B SGIIC ever derived any revenue from services performed in the United States, only in Europe.

9. Neither M&B SA nor M&B SGIIC ever had an agent for service of process in the United States.

10. Neither M&B SA nor M&B SGIIC ever had a client who was a United States citizen or United States resident.

11. Neither M&B SA nor M&B SGIIC ever intended to invoke the protections or benefits of New York or federal law in any of its business activities nor intended to avail itself of any of the benefits of transacting business anywhere in the United States.

12. From 2005 through 2008, M&B SA acted as the exclusive distributor in Spain and Portugal of Luxembourg Investment Fund U.S. Equity Plus (the "**LIF-USEP**"), which was M&B SA's sole role with respect to LIF-USEP. As distributor, M&B SA distributed LIF-USEP investments to clients through third party nominees. M&B SA's sole role with respect to LIF-USEP was as distributor and, in connection with that role, to discuss with LIF-USEP's service providers the matters described in paragraph 14 below. M&B SGIIC had no role with respect to LIF-USEP.

13. M&B SA and M&B SGIIC did not create, run, or operate LIF-USEP, either alone or as a common enterprise with any other entity. M&B SA and M&B SGIIC were not advisors to LIF-USEP.

14. M&B SA consulted with LIF-USEP and UBS, which acted as promotor, administrator, custodian, portfolio manager and payment agent of LIF-USEP, on the types and liquidity of LIF-USEP's shares and on the amount and allocation among share classes of management fees, but did not have the ability to approve and had no role or involvement in the design of the fund's legal structure, in approving the procedures and prospectus of the fund, in selection of the fund's service providers, or in the fund's corporate governance or daily operations.

15. Neither M&B SA nor M&B SGIIC was an agent of LIF-USEP. There was no written or oral agency agreement between LIF-USEP and either M&B SA or M&B SGIIC. M&B SA and M&B SGIIC also had no corporate authority over, had no authority to act on behalf of, exercised no domination or control over or access to management of, did not operate, and participated in no trading or custody activities related to LIF-USEP.

16. Neither M&B SA nor M&B SGIIC, nor any of their employees, served on the board of directors of LIF-USEP.

17. Although Manuel Echeverría transmitted communications for M&B SA from time to time with respect to matters related to LIF-USEP, he had no authority to act on behalf of M&B SA or M&B SGIIC, other than to communicate messages, and was not an agent of either of them. There was no written or oral agreement between Echeverría and either M&B SA or M&B SGIIC, regarding agency or any other topic. Echeverría did not receive any compensation, remuneration , or other form of payment from M&B SA or M&B SGIIC, either for acting as an agent or for any other reason.

18. In M&B SA's capacity as investment adviser of the then newly created Landmark Ireland Fund, two representatives of M&B SA met with Frank Di Pascali of

Bernard L. Madoff Investment Securities ("**BLMIS**") in November 2007 relating to Landmark for HSBC, which acted as Landmark's administrator: (i) to get confirmation that all operational and communication procedures with the custodian of Landmark were in place, and (ii) to request duplicates be sent to them of trading tickets and account statements sent to the Landmark custodian. In that meeting, Mr. Di Pascali explained the implementation of the Landmark trading agreement, insisting on the importance of the execution of the strategy and the timing; he diminished the importance of stock picking and emphasized timing. The M&B representatives asked Mr. Di Pascali about the information and models used for the timing strategy. Mr. Di Pascali answered that it was proprietary information based on simple models and market information. These communications had no relation to LIF-USEP or its BLMIS account. To the best of my knowledge, information, and belief, M&B's chairman met Bernard L. Madoff once in 2007 because, as a leader in the Spanish financial industry, M&B's chairman wanted to get to know Mr. Madoff, who was a leader in the financial world with the highest reputation at the time, personally, and once in 2008 to discuss, as market leaders, market and industry environment, not to discuss any accounts at BLMIS.

19.  M&B SA communicated with individuals at Reliance International Research LLC, which was the investment adviser to and a distributor of shares in LIF-USEP, solely for the purposes of carrying out M&B's obligations as the Iberian distributor of LIF-USEP shares under its foreign distribution agreement with LIF-USEP, including discussion of share classes, subscriptions, redemptions, volumes at each class, fund growth, and similar topics.

20.  Except as stated in paragraph 19 above, neither M&B SA nor M&B SGIIC, nor any of their employees, has ever communicated regularly with anyone in the United States regarding BLMIS or LIF-USEP.

5

21. Neither M&B SA nor M&B SGIIC ever entered into an agreement with Madoff or BLMIS. Neither M&B SA nor M&B SGIIC ever entered into an agreement with a U.S.-based person or entity related to BLMIS or LIF-USEP. M&B and M&B SGIIC never delivered, or caused to be delivered, agreements related to BLMIS or LIF-USEP in the United States.

22. Neither M&B SA nor M&B SGIIC ever sent funds to BLMIS in New York for the purchase of securities in the United States, nor have they ever received funds from BLMIS.

23. M&B has never been a party, as plaintiff or defendant, to any litigation in the United States, let alone been found to be subject to personal jurisdiction in a U.S. court. M&B has no U.S. counsel other than the counsel retained to defend this action.

24. Aside from Landmark Ireland and LIF-USEP and except for arranging for its clients' purchase of shares in Optimal Strategic U.S. Equity Limited, Plaza Investment International Ltd. and Defender, neither M&B SA nor M&B SGIIC had any material relationship with any other hedge fund, fund of hedge funds or similar investment fund, trust, pool or other vehicle for the joint investment of investor money assets, wherever and however organized, related to Madoff or BLMIS.

*[Signature page follows]*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: May 4, 2023, Madrid, SPAIN.

_____
Juan Carlos Rodriguez Hergueta