**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and the Chapter 7 Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>    Plaintiff-Applicant,<br><br>    v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>    Defendant. | Adv. Pro. No. 08-01789 (CGM)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>    Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>UBS AG, UBS EUROPE SE (f/k/a UBS (LUXEMBOURG) SA), UBS FUND SERVICES (LUXEMBOURG) SA, UBS THIRD PARTY MANAGEMENT COMPANY SA, ACCESS INTERNATIONAL ADVISORS LLC, ACCESS INTERNATIONAL ADVISORS LTD., ACCESS MANAGEMENT LUXEMBOURG SA (f/k/a ACCESS INTERNATIONAL ADVISORS (LUXEMBOURG) SA) as represented by its Liquidator MAÎTRE FERNAND ENTRINGER, | Adv. Pro. No. 10-04285 (CGM) |

> ACCESS PARTNERS SA as represented by its Liquidator MAÎTRE FERNAND ENTRINGER, PATRICK LITTAYE, CLAUDINE MAGON DE LA VILLEHUCHET (a/k/a CLAUDINE DE LA VILLEHUCHET) in her capacity as Executrix under the Will of THIERRY MAGON DE LA VILLEHUCHET (a/k/a RENE THIERRY DE LA VILLEHUCHET), CLAUDINE MAGON DE LA VILLEHUCHET (a/k/a CLAUDINE DE LA VILLEHUCHET) individually as the sole beneficiary under the Will of THIERRY MAGON DE LA VILLEHUCHET (a/k/a RENE THIERRY DE LA VILLEHUCHET), PIERRE DELANDMETER, THEODORE DUMBAULD, LUXALPHA SICAV as represented by its Liquidators MAÎTRE ALAIN RUKAVINA and PAUL LAPLUME, MAÎTRE ALAIN RUKAVINA AND PAUL LAPLUME, in their capacities as liquidators and representatives of LUXALPHA, GROUPEMENT FINANCIER LTD.,
>                       Defendants.

**DECLARATION OF GONZALO S. ZEBALLOS REQUESTING
CONFERENCE PURSUANT TO LOCAL BANKRUPTCY RULE 7007-1**

I, Gonzalo S. Zeballos, pursuant to 28 U.S.C. § 1746, declare as follows:

      1.      I am a partner with the law firm of Baker & Hostetler LLP, counsel for plaintiff Irving H. Picard, as trustee (the "Trustee") for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa–*lll* and the chapter 7 estate of Bernard L. Madoff.

      2.      I submit this declaration to respectfully request a conference with the Court to address a dispute between the Trustee and Defendants UBS Europe SE (f/k/a UBS (Luxembourg) S.A.) ("UBS SA"), UBS Fund Services (Luxembourg) S.A. ("UBSFSL"), and UBS Third Party Management Company S.A. ("UBSTPM") (collectively, the "UBS Defendants") concerning the Trustee's position that the Hague Requests, as defined below and issued by this Court in 2016, should be withdrawn in favor of proceeding with party discovery

under the Federal Rules of Civil Procedure. Pursuant to Local Bankruptcy Rule 7007-1 and Your Honor's Chambers Rules, I certify that the Trustee and the UBS Defendants met and conferred in good faith to resolve this dispute but were unable to reach an agreement. The nature of the dispute is detailed below.

3. On April 27, 2016, the parties participated in a status conference before the Court regarding the commencement of discovery in these proceedings. The Trustee sought the Court's intervention in order to be able to immediately start party-discovery while motions to dismiss were pending. The Trustee was concerned that, because the events underlying this case occurred more than a decade before he commenced this action in 2010, evidence would be lost as witnesses' memories faded. Any further delay to the start of party-discovery, the Trustee argued, would risk undue prejudice to the Trustee's ability to prosecute his claims. *See* ECF No. 224 (Letter from the Trustee to Judge Bernstein dated April 18, 2016 at 1, a true and correct copy of which is attached hereto as Exhibit A).

4. The Trustee further maintained that the Federal Rules of Civil Procedure permitted discovery to proceed concurrently with the UBS Defendants' pending motions to dismiss for extraterritoriality, lack of personal jurisdiction, and *forum non conveniens*, in order to avoid undue prejudice from the already long period of time that had elapsed between the events that gave rise to these proceedings and the prosecution of this action. *Id.* at 1-2.

5. The UBS Defendants took the position that discovery at that time was premature and should be held in abeyance pending resolution of the extant motions to dismiss, and that discovery should proceed through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Evidence Convention") while the motions were pending. *Id.* at 2.

6. During the April 27, 2016 status conference, the UBS Defendants made clear that their primary objection to commencing discovery at that time was their (as it turns out incorrect) belief that they would soon be dismissed from this case, would not have to participate in party discovery, and would be subject to discovery only under the Hague Evidence Convention as foreign third-parties. *See* ECF No. 227 *(*Transcript of April 27, 2016 Status Conference, a true and correct copy of which is attached hereto as Exhibit B, at 39:23-40:6).

7. During the status conference, the Trustee argued in favor of immediately initiating party discovery under the Federal Rules of Civil Procedure. The Trustee expressed skepticism at moving forward under the Hague Evidence Convention, noting that it "allows defenses under local law that [the UBS Defendants] would not get under the Federal Rules of Civil Procedure" and further noting that the UBS Defendants could refuse to produce documents on the basis of Luxembourg Bank Secrecy "without the balancing test that [the Trustee] would get here." Exhibit B at 42:12-18.

8. The Court ruled that the parties could proceed with international discovery immediately via the Hague Evidence Convention, but warned that "if it turns out [the UBS Defendants] remain parties, and they assert bank secrecy or something like that…that may be [the UBS Defendants'] problem." Exhibit B at 45:9-12.

9. The parties thus entered into a stipulation and order authorizing international discovery "under the Hague [Evidence] Convention or through any other internationally recognized means of obtaining cross-border discovery" and staying all other discovery, while expressly acknowledging that "Any party that avails itself under this Order of International Discovery Procedures will not be deemed to have waived, prejudiced, or otherwise altered its right to conduct discovery under the Federal Rules." *See* ECF No. 228 (So Ordered Stipulation

and Order Authorizing International Discovery dated May 18, 2016, at ¶¶ 1-3, a true and correct copy of which is attached hereto as Exhibit C).

10. On or around December 1, 2016, at the Trustee's request, this Court issued three letters of request to the Luxembourg Courts pursuant to the Hague Evidence Convention to UBS SA, UBSFL, and UBSTPM (the "Hague Requests"). These Hague Requests have been pending for approximately six years. The process has resulted in multiple hearings before the Luxembourg Courts at significant expense for all parties involved. While materials have been produced, the process is far from complete, and at least from the Trustee's perspective, only very limited production of substance has taken place. Yet another hearing before the Luxembourg Courts is scheduled for June 5, 2023. Among the matters to be addressed at the June 5 hearing is whether the UBS Defendants are entitled to redact material protected by, *inter alia*, Luxembourg Bank Secrecy laws.

11. The Trustee's position is that the pending Hague Requests are no longer necessary. They are cumbersome and expensive proceedings that were instituted as a stop-gap measure to address the Trustee's concerns about the preservation of evidence and the UBS Defendants' concern that they should not be subject to party-discovery until after the resolution of their motions to dismiss.

12. The Court denied the UBS Defendants' Motion to Dismiss on December 27, 2022 [ECF No. 347], and their Motion for Partial Reargument or Reconsideration on January 24, 2023 [ECF No. 356]. The UBS Defendants are therefore, notwithstanding their expectations to the contrary, parties to this case, and are subject to discovery under the Federal Rules of Civil Procedure.

13. The Trustee wrote to counsel for the UBS Defendants on April 28, 2023 asking if they would have any objection to the withdrawal of the pending Hague Requests. Counsel for the UBS Defendants responded that "the UBS entities located in Luxembourg stand ready—and have been for some time—to make a final production of documents pursuant to the letters of request, we believe we should see that process through." *See* email from Marshall King to Geoffrey North dated May 4, 2023, a true and correct copy of which is attached hereto as Exhibit D.

14. It is no surprise that the UBS Defendants now claim they "stand ready" to make a "final production" at this stage, notwithstanding that the international discovery process has been pending for six years and remains woefully incomplete. Their sudden urgency to complete the international discovery process is nothing more than an attempt to take advantage of the protections of local law that the UBS Defendants would not have under the Federal Rules of Civil Procedure and avoid discovery in this Court.

15. Because the UBS Defendants are now, unequivocally, parties to this case, the Hague Requests are moot. Moving forward with the Hague Requests would serve only to cause the parties to incur additional, unnecessary costs and expenses for no identifiable purpose. If the UBS Defendants "stand ready," as they claim, to make a production, they should make that production under the Federal Rules of Civil Procedure. But to the extent that they are seeking leave to withhold documents or information through, for example, the redaction of information pursuant to Luxembourg law, the appropriate arbiter of those issues is this Court, which will balance any such objections against their obligations under the Federal Rules of Civil Procedure.

16. The parties met and conferred via a series of emails sent between April 28, 2023 and May 4, 2023, and are at an impasse. The Trustee would like to resolve this issue prior to the

June 5, 2023 hearing before the Luxembourg Courts in order to avoid the unnecessary expense of participating in those proceedings. The Trustee's position is that issues concerning party-discovery in these proceedings should be adjudicated by this Court and this Court only.

17.     Accordingly, the Trustee respectfully requests a conference with the court under Local Rule 7007-1(b) regarding the resolution of this discovery dispute.

18.     I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 9th day of May, 2023, at New York, New York.

*/s/ Gonzalo S. Zeballos*
Gonzalo S. Zeballos