# EXHIBIT A

# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

April 18, 2016

Karin S. Jenson
direct dial: 212.589.4266
kjenson@bakerlaw.com

**VIA FEDERAL EXPRESS, ECF AND ELECTRONIC MAIL TO**
bernstein.chambers@nysb.uscourts.gov

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 723
New York, New York  10004-1408

Re:  *Picard v. UBS AG, et al.*, Adv. Pro. No. 10-04285 (SMB) (the "Luxalpha Action")
   *Picard v. UBS AG, et al.*, Adv. Pro. No. 10-05311 (SMB) (the "LIF Action")

Dear Judge Bernstein:

We represent Irving Picard (the "Trustee"), as trustee for the liquidation of the business Bernard L. Madoff Investment Securities LLC under the Securities Investor Protection Act ("SIPA"), 15 U.S.C. § 78aaa *et seq.*, and the substantively consolidated estate of Bernard L. Madoff.  We write on behalf of all parties to the Luxalpha and LIF Actions, which the parties have agreed should be coordinated for scheduling purposes, and which are scheduled for initial pre-trial conferences before Your Honor on April 27, 2016, at 10:00 a.m.

The parties have met and conferred in accordance with Fed. R. Bankr. P. 7026 and Fed. R. Civ. P. 26(f), and are unable to agree about the course of proceedings in these actions.  Accordingly, the parties would like to keep the appearance before Your Honor on April 27, 2016, but for a status conference instead of the initial pre-trial conference.  The parties will elaborate on their positions at the status conference, but the essence of the disagreement is as follows.

The Trustee believes that it is appropriate to move the Luxalpha and LIF Actions forward by setting a schedule for and commencing discovery at this time.  The cases have been pending since late 2010.  Many of the events underlying the claims and defenses took place more than ten years ago.  The Trustee believes that further delaying the commencement of discovery would unduly prejudice his ability to prosecute his claims: with the passage of time, there is the threat that evidence of those underlying events will be lost.  The Federal Rules of Civil Procedure permit discovery to proceed now while the defendants' motions to dismiss for extraterritoriality, lack of personal jurisdiction, and *forum non conveniens* are pending in order to avoid such undue

Page 2

prejudice. None of the motions provide a basis for discovery to be held in abeyance and none will dispose of all of the Trustee's claims. Accordingly, the Trustee believes that discovery is necessary.

The defendants believe that it is premature and wasteful to commence discovery at present, given the pendency of the extraterritoriality motion, the unresolved nature of the Trustee's motion for leave to amend his complaints, and numerous jurisdictional and merits-based grounds for dismissal that the defendants have raised and/or intend to raise in anticipated motion practice on the pleadings, following the resolution of the extraterritoriality motion. They believe that the rationale for holding discovery in abeyance pending resolution of those issues is equally applicable, if not more so, now than it was when the parties agreed on numerous occasions that discovery should await resolution of those issues. If there is a desire to make progress while we await Your Honor's decision on extraterritoriality, the defendants have proposed that (a) the parties move forward now with briefing on the other Rule 12 motions that have been deferred pending resolution of the extraterritoriality motion and motion to amend, or (b) in the alternative, the parties be permitted to pursue document discovery overseas by letters of request pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

Notwithstanding the parties' disagreement on this fundamental issue, they have discussed and agreed upon the form of a Case Management Plan for each case at such time as its entry becomes appropriate.[1] Copies of the proposed plans are enclosed. The parties' agreement to the form of these plans is without prejudice to any objections they might have to any particular discovery that may be propounded (including some defendants' position that any discovery from overseas sources should proceed first via the Hague Convention, rather than the Federal Rules), and without waiver of any jurisdictional or other defenses they may have.

Respectfully submitted,

*/s/ Karin S. Jenson*

Karin S. Jenson

cc:

Marshall R. King
Gibson Dunn & Crutcher LLP
Email: mking@gibsondunn.com

Brett S. Moore
Porzio Bromberg & Newman P.C.
Email: bsmoore@pbnlaw.com

---

[1] As of this writing, two defense counsel are awaiting client approval on this point.

08-01789-cgm Doc 23180-1 Filed 05/09/23 Entered 05/09/23 16:31:53 Exhibit A
10-04285-smb Doc 224 Filed 04/28/16 Entered 04/28/16 17:59:07 Main Document
Pg 4 of 17
Pg 9 of 73

Page 3

Anthony Paccione
Brian Muldrew
Katten Muchin Rosenman LLP
Email: anthony.paccione@kattenlaw.com
Email: brian.muldrew@kattenlaw.com

Scott M. Berman
Friedman Kaplan Seiler & Adelman LLP
Email: sberman@fklaw.com

Robert Knuts
Sher Tremonte LLP
Email: rknuts@shertremonte.com

Richard Levin
Carl N. Wedoff
Jenner & Block LLP
Email: rlevin@jenner.com
Email: cwedoff@jenner.com

Mark J. Hyland
Michael B. Weitman
Seward & Kissel LLP
Email: hyland@sewkis.com
Email: weitman@sewkis.com

Thomas J. Hall
Stacey Trimmer
Chadbourne & Parke LLP
Email: thall@chadbourne.com
Email: strimmer@chadbourne.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>Plaintiff,<br><br>v.<br><br>UBS AG, UBS (LUXEMBOURG) SA, UBS FUND SERVICES (LUXEMBOURG) SA, UBS THIRD PARTY MANAGEMENT COMPANY SA, ACCESS INTERNATIONAL ADVISORS LLC, ACCESS INTERNATIONAL ADVISORS LTD., ACCESS MANAGEMENT LUXEMBOURG SA (f/k/a ACCESS INTERNATIONAL ADVISORS (LUXEMBOURG) SA) as represented by its Liquidator MAÎTRE FERNAND ENTRINGER, ACCESS PARTNERS SA as represented by its Liquidator MAÎTRE FERNAND ENTRINGER, PATRICK LITTAYE, CLAUDINE MAGON DE LA VILLEHUCHET (a/k/a CLAUDINE DE LA VILLEHUCHET) in her capacity as Executrix under the Will of THIERRY MAGON DE LA VILLEHUCHET (a/k/a RENE THIERRY DE LA VILLEHUCHET), CLAUDINE MAGON DE LA VILLEHUCHET (a/k/a CLAUDINE DE LA VILLEHUCHET) individually as the sole | **CASE MANAGEMENT PLAN**<br><br>Adv. Pro. No. 10-04285 (SMB) |

> beneficiary under the Will of THIERRY MAGON DE LA VILLEHUCHET (a/k/a RENE THIERRY DE LA VILLEHUCHET), PIERRE DELANDMETER, THEODORE DUMBAULD, LUXALPHA SICAV as represented by its Liquidators MAÎTRE ALAIN RUKAVINA and PAUL LAPLUME, MAÎTRE ALAIN RUKAVINA AND PAUL LAPLUME, in their capacities as liquidators and representatives of LUXALPHA SICAV, GROUPEMENT FINANCIER LTD.,
>
> Defendants.

Plaintiff Irving H. Picard, as trustee ("Trustee") for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. § 78aaa *et seq.* ("SIPA"), and the estate of Bernard L. Madoff individually ("Madoff"), by and through his undersigned counsel, and Luxalpha SICAV, Groupement Financier Ltd., UBS AG, UBS (Luxembourg) S.A., UBS Fund Services (Luxembourg) S.A., UBS Third Party Management Company S.A., Access International Advisors LLC, Access International Advisors Ltd., Access Management Luxembourg SA f/k/a Access International Advisors (Luxembourg) SA, Access Partners SA, Patrick Littaye, Claudine Magon de la Villehuchet, Theodore Dumbauld and Pierre Delandmeter, by and through their undersigned counsel (the Trustee and the defendants will be referred to collectively as the "Parties"), hereby submit the following proposed Case Management Plan, pursuant to Federal Rules of Civil Procedure 16 and 26, as incorporated into the Federal Rules of Bankruptcy Procedure 7016 and 7026.

1. Status of Pleadings.

    a. On November 23, 2010, the Trustee filed a Complaint in this adversary proceeding.

2

b. On June 17, 2011, Defendants UBS AG, UBS (Luxembourg) S.A., UBS Fund Services (Luxembourg) S.A., and UBS Third Party Management Company S.A.(the "UBS Defendants") filed a motion pursuant to 28 U.S.C. § 157(d) and Federal Rule of Bankruptcy Procedure 5011 to withdraw the reference of this action to the Bankruptcy Court. Defendants Access International Advisors Europe Limited, Access International Advisors LLC, Access International Advisors Ltd., Access Management Luxembourg SA, Access Partners (Suisse) SA, Access Partners SA, Pierre Delandmeter, Groupement Financier Ltd., Patrick Littaye, Claudine Magon de la Villehuchet (individually as the sole beneficiary under the Will of Thierry Magon de la Villehuchet (a/k/a Rene Thierry de la Villehuchet)), Theodore Dumbauld, and Luxalpha SICAV joined the UBS Defendants' motion to withdraw the reference.

c. On July 11, 2011, the Trustee consented to withdrawal of the reference of this action.

d. On August 1, 2011, the UBS Defendants and Defendant Theodore Dumbauld filed with the district court to which this action was assigned following withdrawal of the reference, *Picard v. UBS AG*, 11 Civ. 4212 (CM) (S.D.N.Y.) (the "District Court"), motions to dismiss certain common-law claims asserted in the Complaint, and Defendants Access International Advisors Europe Limited, Access International Advisors LLC, Access International Advisors Ltd., Access Management Luxembourg SA, Access Partners (Suisse) SA, Access Partners SA, Pierre Delandmeter, Groupement Financier Ltd., Patrick Littaye, Claudine Magon de la Villehuchet (individually as the sole beneficiary under the Will of Thierry Magon de la Villehuchet (a/k/a Rene Thierry de la Villehuchet)) (together with the UBS Defendants and Defendant Dumbauld, the "Common-Law Motion Defendants") filed a Joinder to the UBS Defendants' motion to dismiss.

3

e. On August 17, 2011, the Trustee filed an Amended Complaint with the District Court (ECF Doc. No. 23 in Case No. 11 Civ. 4212 (CM) (S.D.N.Y.)).

f. By order entered on September 7, 2011, the District Court deemed the Common-Law Motion Defendants' motions to dismiss to be directed to the Trustee's Amended Complaint.

g. On November 1, 2011, the District Court issued a Decision and Order that granted the Common-Law Motion Defendants' motions, dismissed Counts 12 through 28 of the Amended Complaint, and directed that the remaining claims at issue in the Amended Complaint be returned to the Bankruptcy Court for further proceedings.[1]

h. On April 27, 2012, defendants Luxalpha SICAV, UBS (Luxembourg) S.A., UBS Fund Services (Luxembourg) S.A., UBS Third Party Management Company S.A., Access International Advisors Ltd., Access International Advisors Europe Limited., Access Management Luxembourg SA f/k/a Access International Advisors (Luxembourg) SA, Access Partners SA, Access Partners (Suisse) SA, Pierre Delandmeter, Ralf Schroeter, Rene Egger, Alain Hondequin and Hermann Kranz moved to dismiss the Trustee's claims based on lack of personal jurisdiction. Luxalpha SICAV also moved to dismiss on the basis of *forum non conveniens*. The motions were fully briefed and the parties appeared for a hearing before the Bankruptcy Court on December 19, 2012. The Bankruptcy Court converted the hearing to a

---

[1] On December 1, 2011, the Trustee filed a notice of appeal from the November 1, 2011 Decision and Order. On December 5, 2011, the District Court directed the Clerk of Court to enter, and on December 7, 2011 the Clerk of Court entered, a final judgment pursuant to Federal Rule of Civil Procedure 54(b) dismissing Counts 12 through 28 of the Amended Complaint. On June 20, 2013, the United States Court of Appeals for the Second Circuit (the "Second Circuit") issued a Decision affirming the District Court's November 1, 2011 Decision and Order. On October 9, 2013, the Trustee filed with the Supreme Court of the United States a Petition for a writ of certiorari to the Second Circuit seeking review of the Second Circuit's Decision affirming the District Court's November 1, 2011 Decision and Order. On June 30, 2014, the Supreme Court issued an Order denying the Trustee's Petition for a writ of certiorari.

4

Rule 16 conference, at which the Court directed the parties to meet and confer to narrow the issues presented by the motions.

        i. Through the meet and confer process, defendant UBS (Luxembourg) SA withdrew its motion to dismiss for lack of personal jurisdiction, and the Trustee agreed to voluntarily dismiss his claims against certain of the moving defendants, including Access Partners (Suisse) SA, Access International Advisors Europe Limited, Ralf Schroeter, Rene Egger, Alain Hondequin, and Hermann Kranz. The remaining moving defendants' motions to dismiss for lack of personal jurisdiction and *forum non conveniens* were not resolved through the meet and confer process. Those motions remain pending.

        j. The Trustee also voluntarily dismissed his claims against defendants Roger Hartmann and Bernd Stiehl, neither of whom had moved to dismiss.

        k. In 2014, defendants UBS AG, UBS (Luxembourg) S.A., UBS Fund Services (Luxembourg) S.A., UBS Third Party Management Company S.A., Access International Advisors Ltd., Access Management Luxembourg SA f/k/a Access International Advisors (Luxembourg) SA, Access Partners SA, Patrick Littaye and Pierre Delandmeter joined in a consolidated motion to dismiss the Trustee's claims under section 550 of the Bankruptcy Code, based on extraterritoriality. On August 28, 2014, the Trustee moved for leave to amend the Amended Complaint, and on June 26, 2015 he submitted a proposed Second Amended Complaint in this action. Briefing on the extraterritoriality motion was completed on September 30, 2015 and the Bankruptcy Court conducted a hearing on the motions on December 16, 2015. The Bankruptcy Court has not yet issued a ruling on the Trustee's application to file the proposed Second Amended Complaint in this action.

5

l. Pursuant to the Bankruptcy Court's Order Concerning Further Proceedings on Extraterritoriality Motion and Trustee's Omnibus Motion for Leave to Replead and for Limited Discovery, dated December 10, 2014, the Bankruptcy Court will schedule further proceedings on the Trustee's motion for leave to amend following its decision on the extraterritoriality motion. The Defendants' time to respond to the Amended Complaint in this action has been extended until 30 days after the earlier of the filing of a Second Amended Complaint or an order denying the Trustee leave to file a Second Amended Complaint.

2. Discovery Plan

a. Initial Disclosures. The Parties do not propose any changes in the form or requirements for disclosures under Federal Rule 26(a)(1). The Parties agree that they shall serve initial disclosures no later than **forty-five days** after entry of this Case Management Plan.

b. Amendment of Pleadings and Joinder of Parties. The Trustee moved for leave to amend his complaint on August 28, 2014 and submitted a proposed Second Amended Complaint on June 26, 2015. The proposed amendment seeks to clarify and supplement the allegations concerning the fraudulent transfers defendants received.

c. Subjects On Which Discovery May Be Needed. The Parties contemplate that discovery will be needed on all liability and damages issues with respect to the Trustee's claims and the Parties' defenses. The Parties further contemplate that fact and expert discovery will be required.

d. Document Demands. Requests for documents may be served as required and to the extent consistent with Federal Rule of Civil Procedure 26(b), until **sixty days** prior to the Discovery Cut-Off date identified in paragraph 2(i).

6

e.  <u>Interrogatories</u>.  Interrogatories pursuant to Local Rule 7033-1 may be served at any time, but not later than **sixty days** prior to the Discovery Cut-Off date.

f.  <u>Requests To Admit</u>.  Requests to Admit, if any, must be served no later than **sixty days** prior to the Discovery Cut-Off date.

g.  <u>Experts</u>.  Every party-proponent of a claim (including any counterclaim, cross-claim, or third-party claim) that intends to offer expert testimony in respect of such claim must make the disclosures required by Fed. R. Civ. P. 26(a)(2) within **sixty days** after the Discovery Cut-Off date.  Any party adverse to the party-proponent of a claim that intends to offer expert testimony in response to the expert testimony disclosed by the party-proponent of the claim, or otherwise in defense of a claim, must make the disclosures required by Fed. R. Civ. P. 26(a)(2) within **one hundred twenty days** after the Discovery Cut-Off date.  No expert testimony (whether designated as "rebuttal" or otherwise) will be permitted by other experts or beyond the scope of the opinions covered by the aforesaid disclosures except upon prior express permission of the Court, application for which must be made no later than **one hundred fifty days** after the Discovery Cut-Off date.  All experts may be deposed, but such depositions must occur within **one hundred eighty days** after the Discovery Cut-Off date.  The foregoing restriction shall not include amendments to expert reports in light of new evidence as required by Fed. R. Civ. P. 26.

h.  <u>Depositions</u>.  All depositions (excluding any expert depositions) must be completed by the Discovery Cut-Off date.  Depositions shall proceed concurrently, with no party having priority.  To the extent the deposition of any fact witness noticed by the Trustee raises common issues relevant to other avoidance actions in the underlying bankruptcy proceeding in which initial disclosures have been made and discovery is open, the Trustee shall coordinate

7

such depositions with the witness and defendants in such avoidance actions. The Trustee shall provide notice of such depositions under the Federal Rules of Civil Procedure and notify defendants of the date, time and location of any such depositions. Such depositions shall not prejudice or preclude the Trustee from additional depositions of such witness in avoidance actions in which initial disclosures have not been made and discovery is not open.

   i. Discovery Cut-Off. All fact discovery is to be completed **two hundred ten** days after the last-issued decision by this Court on: (1) whether SIPA and/or the Bankruptcy Code as incorporated by SIPA applies extraterritorially (see generally Order Concerning Further Proceedings on Extraterritoriality Motion and Trustee's Omnibus Motion for Leave to Plead and for Limited Discovery, Adv. Pro. No. 08-01789 (SMB), ECF No. 8800 (Dec. 10, 2014); and (2) any other motions to dismiss pursuant to Fed. R. Civ. P. 12. The parties acknowledge that because they may undertake discovery pursuant to international treaties and conventions, and that the timing for such discovery can be unpredictable, the discovery schedule may be extended as necessary.

   j. Limitations on Discovery Imposed Under Federal Rules and/or Local Rules. Limitations on written discovery will be governed by the Federal Rules of Civil Procedure and this Court's Local Rules, subject to amendment by agreement of the Parties or application to the Court for good cause. The Parties agree that they will work in good faith to identify the requisite number of deponents and depositions necessary following service of the Parties' Initial Disclosures.

   k. Manner of Production of Discovery Materials. The Parties may produce discovery, including initial disclosures, on a CD-ROM, in an electronic data room, or other similar electronic format. Given the volume of documentation that may be subject to disclosure

8

in this matter, the Parties may produce a summary report, such as an expert report, and provide access to the underlying documentation on which the summary report relies in an electronic data room or other medium for review by the Parties.

l.  Privilege and Work Product:  The Parties do not, at this time, anticipate any issues regarding claims of privilege or work product protection as trial-preparation materials. Nothing in this Case Management Plan is meant to supersede the protective order in this action governing inadvertent production and related issues.

3.  Proposed Modifications of Standard Pretrial Proceedings Due to the Special Nature of the Action.  The parties do not presently believe that any such modifications are appropriate or necessary, and will contact the Court if their belief in this regard changes.

4.  Prospects for Settlement, Including Whether a Settlement Conference Should Be Scheduled and Whether the Parties Will Stipulate to the Trial Judge Acting as Settlement Judge. Some of the Parties have engaged in some settlement discussions, but have been unable to reach agreement thus far.  The Parties will notify the Court if they believe a settlement conference would be productive.

5.  Any Other Matter That May Add to the Just and Expeditious Disposition of This Matter.  The Parties are not aware of any other matter that may add to the just and expeditious disposition of this matter.

6.  Trial.  The Parties propose that they will confer with each other and the Court at the conclusion of all discovery to schedule additional proceedings, including motions for summary judgment, a final pre-trial conference and trial date.

7.  Next Conference.  The Parties will contact the Court to schedule the next conference as necessary.

9

8.  <u>Parties and Counsel</u>.  The following parties join in this case management plan through their counsel.


Date:   New York, New York
        April ___, 2016


                    BAKER & HOSTETLER LLP

                    By:   _____

                        David J. Sheehan
                        dsheehan@bakerlaw.com
                        Oren J. Warshavsky
                        owarshavsky@bakerlaw.com

                    45 Rockefeller Plaza
                    New York, New York 10111
                    Telephone: 212.589.4200
                    Facsimile: 212.589.4201

                    *Attorneys for Plaintiff Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

GIBSON, DUNN & CRUTCHER LLP

By: _____
     Marshall R. King
     mking@gibsondunn.com
     Gabriel Herrmann
     gherrmann@gibsondunn.com

200 Park Avenue, 48th Floor
New York, New York 10166
Telephone: 212.351.4000
Facsimile: 212.351.4035

*Attorneys for Defendants UBS AG, UBS (Luxembourg) SA, UBS Fund Services (Luxembourg) SA, and UBS Third Party Management Company SA*


KATTEN MUCHIN ROSENMAN LLP

By: _____
     Anthony Paccione
     anthony.paccione@kattenlaw.com
     Brian Muldrew
     brian.muldrew@kattenlaw.com

575 Madison Avenue
New York, New York 10022-2585
Telephone: 212.940.8800
Facsimile: 212.940.8774

*Attorneys for Defendants Access International Advisors LLC, Access International Advisors Ltd., Access Management Luxembourg SA, Access Partners SA, Patrick Littaye, Claudine Magon de la Villehuchet, and Groupement Financier Ltd.*

11

PORZIO BROMBERG & NEWMAN P.C.

By: _____
     Brett S. Moore
     bsmoore@pbnlaw.com

156 West 56th Street, Suite 803
New York, New York 10019-3800
Telephone: 212.265.6888
Facsimile: 212.957.3983

*Attorneys for Defendants Luxalpha SICAV as represented by its Liquidators Maître Alain Rukavina and Paul Laplume, Maître Alain Rukavina and Paul Laplume, in their capacities as liquidators and representatives of Luxalpha SICAV*


SHER TREMONTE LLP

By: _____
     Robert Knuts
     rknuts@shertremonte.com

80 Broad Street, Suite 1301
New York, New York 10004
Telephone: 212.202.2638
Facsimile: 212.202.4156

*Attorneys for Defendant Theodore Dumbauld*


FRIEDMAN, KAPLAN, SEILER & ADELMAN LLP

By: _____
     Scott Berman
     sberman@fklaw.com
     Chris McCall
     cmccall@fklaw.com

7 Times Square
New York, New York 10036
Telephone: 212.833.1120
Facsimile: 212.373.7920

*Attorneys for Defendant Pierre Delandmeter*

12

So Ordered This _____ Day of _____, 2016

                                                _____
Honorable Stuart M. Bernstein
United States Bankruptcy Judge

13