**Hearing Date: September 20, 2023, at 10:00 a.m. (ET)**
**Objection Deadline: July 14, 2023**
**Reply Deadline: August 18, 2023**

**SEWARD & KISSEL LLP**
One Battery Park Plaza
New York, NY 10004
Tel: (212) 574-1200
Fax: (212) 480-8421
Mark J. Hyland
Carmella R. O'Hanlon

*Attorneys for Defendant Reliance International Research LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>        Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>        Defendant. | Adv. Pro. No. 08-01789 (CGM)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>        Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff,<br><br>        Plaintiff,<br><br>v.<br><br>UBS EUROPE SE (f/k/a UBS (LUXEMBOURG) S.A.), UBS FUND SERVICES (LUXEMBOURG) S.A., UBS THIRD PARTY MANAGEMENT COMPANY S.A., M&B CAPITAL ADVISERS SOCIEDAD DE VALORES, S.A., RELIANCE INTERNATIONAL RESEARCH LLC, LUXEMBOURG INVESTMENT FUND AND LUXEMBOURG INVESTMENT FUND U.S. EQUITY PLUS, as represented by their Liquidators MAÎTRE ALAIN RUKAVINA and PAUL | Adv. Proc. No. 10-05311 (CGM)<br><br>**ORAL ARGUMENT REQUESTED** |

> LAPLUME, MAÎTRE ALAIN RUKAVINA and
> PAUL LAPLUME, in their capacities as liquidators
> and representatives of LUXEMBOURG
> INVESTMENT FUND AND LUXEMBOURG
> INVESTMENT FUND U.S. EQUITY PLUS,
>
>                               Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF RELIANCE INTERNATIONAL RESEARCH LLC'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

Defendant Reliance International Research LLC ("RIR") respectfully submits this memorandum of law in support of its motion, pursuant to Federal Rule of Civil Procedure 12(b)(6) (made applicable by Fed. R. Bankr. P. 7012), to dismiss the Second Amended Complaint (No. 10-5311, ECF No. 284) (the "SAC") filed on February 24, 2023, by Plaintiff Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") and the chapter 7 Estate of Bernard L. Madoff (the "Trustee"). In support of its motion, RIR respectfully represents as follows:

**Preliminary Statement**

In the SAC, the Trustee brings only one claim against RIR, namely Count Three, in which the Trustee seeks to recover subsequent transfers allegedly made to RIR pursuant to Bankruptcy Code sections 105(a) and 550(a) and SIPA section 78fff-2(c)(3). It is undisputed that RIR, a defunct company that has not had business operations in more than 10 years, did not: (i) have an account with BLMIS; (ii) act as an investment manager to any BLMIS feeder fund; (iii) have any agreement to manage any investment fund with any exposure to BLMIS; and (iv) never received any monies from LIF-USEP.

Contrary to the allegation in the SAC that RIR is part of a legal entity comprised of RIR, Reliance Management (Gibraltar) Limited ("RMGL"), and Reliance Management (BVI)

2

("RMBVI" and collectively referred to as the "Reliance Group"), RIR is a separate and distinct legal entity. It is undisputed that: (i) each company was incorporated under the laws of different jurisdictions (New York for RIR, British Virgin Islands for RMBVI, and Gibraltar for RMGL); (ii) RIR maintained separate offices, employees, telephone numbers, and computer servers from RMBVI and RMGL and maintained its own independent bank accounts; and (iii) RIR filed its own independent tax returns and there was no commingling of funds between and among RIR, RMBVI, and RMGL.

RIR had a contractual arrangement with RMBVI and RMGL whereby it provided a range of services to them pursuant to a May 24, 2005 Research Services Agreement, as amended by the September 15, 2008 Research and Administrative Services Agreement. *See* Declaration of Mark J. Hyland, dated May 5, 2023 (the "Hyland Dec.") at ¶¶ 2-3 and Exs. 1-2. Pursuant to these agreements, RIR earned fees from RMBVI and RMGL in consideration for advisory services and research performed for many different hedge fund managers, only one of which included LIF-USEP. Neither RMBVI nor RMGL are parties to this action. Further, it is undisputed that RIR had no agreement with LIF-USEP, and that it did not have any contractual relationship with or receive any compensation from any party to this action.

The SAC alleges that LIF-USEP received initial transfers from BLMIS and then later transferred some of those transfers to the UBS Defendants, M&B, and RIR. *See* SAC ¶ 270. But the Trustee knows that is not the case as RIR did not receive anything from LIF-USEP—a fact made clear by the Trustee's own chart, where it represents a money flow from BLMIS to LIF-USEP, from LIF-USEP to UBS Europe SE (f/k/a UBS (Luxembourg) SA) ("UBS SA") and UBS Third Party Management Company S.A. ("UBSTPM") and then to RMGL, and finally to RIR. *See* SAC at p. 66. RIR's research contract was with RMGL, and it was paid by RMGL.

3

*See* Hyland Decl. ¶¶2-3 and Exs. 1-2. The Trustee simply fails to plausibly identify even a single specific transfer received by RIR that is connected in any way to a payment by LIF-USEP. As such, the Trustee cannot assert colorable claims against RIR.

**Argument**

Defendants UBS SA, UBS Fund Services (Luxembourg) S.A. ("UBSFSL"), and UBSTPM (collectively, "UBS" or the "UBS Defendants") are also named in Count Three of the SAC and RIR's arguments are similar to theirs. Accordingly, for the convenience of the Court, RIR joins in and incorporates by reference, the arguments made in Sections III, IV, V, and VI of the UBS Defendants' motion to dismiss the Second Amended Complaint (ECF No. 289) as if they were fully set forth herein. Specifically, RIR joins the UBS Defendants' arguments that (i) the Section 546(e) safe harbor shields all of the alleged subsequent transfers to RIR because the alleged Initial Transfers were made by or to a Covered Entity and were made in connection with securities contracts; (ii) the Section 548(a)(1)(A) exception to the Section 546(e) safe harbor does not apply because the Trustee has failed to allege the requisite actual fraudulent intent; (iii) the SAC establishes RIR's good-faith defense because RIR performed services to a non-party, RMGL, and was paid for such services by RMGL; and (iv) the SAC does not plausibly allege that RIR received BLMIS customer property.

Further, in order to satisfy the pleading requirements under Fed. R. Civ. P. 9(b), the Trustee must identify specific transfers from the debtor to the subsequent transferees. *See Silverman v. K.E.R.U. Realty Corp. (In re Allou Distribs.)*, 379 B.R. 5, 31-32 (Bankr. E.D.N.Y. 2007) (granting motion to dismiss by individuals where trustee failed to identify any specific transfer from the debtor to the controlled entity and then to the controlling individuals). Indeed, vague and conclusory allegations that "all of the [alleged subsequent transfers] represent

4

proceeds derived from [fraudulent transfers]" do not "set forth the necessary vital statistics—the who, when, and how much—of the transfers" to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Id.* at 32; *see also In re M. Fabrikant & Sons, Inc.*, 394 B.R. 721, 733-734 (Bankr. S.D.N.Y. 2008) (dismissing actual fraudulent transfer claims). The SAC fails to do so and cannot do so.

It is undisputed that RIR had no agreement with LIF-USEP under which RIR was entitled to any compensation from LIF-USEP and that RIR did not receive compensation or payment from LIF-USEP. Thus, even assuming *arguendo* that any subsequent transfer from LIF-USEP to RMBVI or RMGL could be avoided against them as immediate or mediate transferees, there was no additional subsequent transfer that may be recovered from RIR because RIR was not an immediate or mediate transferee of any transfer originating from LIF-USEP's account with BLMIS. Simply put, the Trustee can no more recover from RIR than he can from the dry cleaner or auto service shop that performed services for anyone alleged to have been paid with money related to an investment from in BLMIS.

## Conclusion

For the foregoing reasons, RIR respectfully requests that this Court grant its motion to dismiss the SAC.

New York, New York  
May 5, 2023

Respectfully submitted,

SEWARD & KISSEL LLP

By:      */s/ Mark J. Hyland*  
        Mark J. Hyland  
        Carmella R. O'Hanlon

5

One Battery Park Plaza
New York, NY 10004

Tel: (212) 574-1200
Fax: (212) 480-8421
hyland@sewkis.com

ohanlon@sewkis.com

*Attorneys for Defendant Reliance International Research LLC*