**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
gibsondunn.com

Marshall R. King
Direct: +1 212.351.3905
Fax: +1 212.351.5243
MKing@gibsondunn.com

Client: 93292-00083

May 15, 2023

VIA ECF

Hon. Cecilia G. Morris
United States Bankruptcy Judge
Southern District of New York
355 Main Street
Poughkeepsie, NY 12601-3315

Re:   *Picard v. UBS AG, et al.*, Adv. Pro. No. 10-04285 (CGM)

Dear Judge Morris:

I write on behalf of Defendants UBS Europe SE, Luxembourg Branch, UBS Fund Services (Luxembourg) S.A., and UBS Third Party Management Company S.A. (collectively the "UBS Luxembourg Defendants") in connection with the informal discovery conference requested under Local Bankruptcy Rule 7007-1(b) and Your Honor's Chambers Rules by Plaintiff Irving H. Picard (the "Trustee"),[1] which is scheduled for Wednesday, May 17, 2023, at 10:00 a.m. The Trustee seeks a conference to request that this Court withdraw letters of request previously issued by Judge Bernstein pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Convention" and the "Hague Requests"). That request is both premature and unwarranted, and therefore should be rejected on both procedural and substantive grounds.

The Hague Requests, issued by the Court at the request of the Trustee, sought the assistance of the judicial authorities in Luxembourg in obtaining documents from each of the UBS Luxembourg Defendants.[2] After passing through the appropriate diplomatic channels, the Luxembourg courts issued an *ex parte* order on or around March 26, 2019, and, upon the

---

[1] *See* Declaration of Gonzalo S. Zeballos Requesting Conference Pursuant to Local Bankruptcy Rule 7007-1, dated May 9, 2023 (ECF No. 371) ("Zeballos Declaration").

[2] The Trustee erroneously asserts that the Hague Requests were issued "[o]n or around December 1, 2016," Zeballos Decl. ¶ 10, but that is incorrect; the operative Hague Requests were issued pursuant to an Order signed by Judge Bernstein on March 6, 2018. *See* ECF No. 242. The Trustee had previously obtained letters of request from Judge Bernstein without giving the UBS Luxembourg Defendants notice or an opportunity to be heard. When the UBS Luxembourg Defendants later discovered what the Trustee had done and raised an objection, the Trustee was forced to withdraw the earlier requests and seek new letters of request from the Court. *See* Exs. A (letter from M. King to B. Pergament, dated October 23, 2017) & B (email from B. Pergament to M. King, dated November 8, 2017); ECF No. 240 (Trustee's Application for the Issuance of Letters of Request, dated February 21, 2018).

**GIBSON DUNN**

Hon. Cecilia G. Morris
May 15, 2023
Page 2

UBS Luxembourg Defendants' appeal, an amended order on or around June 28, 2019, requiring the UBS Luxembourg Defendants to produce documents in response several hundred separate requests. Since that time, the UBS Luxembourg Defendants have produced more than 20,000 documents in response to the Hague Requests. A final batch of approximately 5,700 documents is awaiting production, subject only to approval of the Luxembourg court regarding redactions to be made in compliance with Luxembourg law.

1. **The Trustee Failed to Comply with Local Bankruptcy Rule 7007-1 and This Court's Chambers Rules**

As a procedural matter, we were quite surprised to see the Trustee's request for a discovery conference, because prior to the filing of the Zeballos Declaration, the Trustee had not met and conferred with the UBS Luxembourg Defendants about the issue, had not indicated that the parties had a "dispute," and had not indicated his intention to seek relief from the Court. For this reason alone, the relief sought by the Trustee should be denied.

The Trustee claims to have satisfied his meet-and-confer obligations "via a series of emails," which left the parties "at an impasse." Zeballos Decl. ¶ 16. But the "series of emails" consisted entirely of one email by each party. In the Trustee's email, his counsel claimed that proceeding further with the Hague Requests was "not necessary" because the Court had denied the UBS Luxembourg Defendants' motion to dismiss, and therefore they had become "subject to party discovery under the Federal Rules of Civil Procedure." *Id.*, Ex. D. In response, I told the Trustee's counsel that, since the UBS Luxembourg Defendants are ready to make their final production pursuant to the Hague Requests, the UBS Luxembourg Defendants "believe we should see that process through." *Id.*

That was the entirety of what the Trustee claims was a good faith effort to resolve the dispute. The Local Rules and Your Honor's Chambers Rules plainly require more. *See, e.g., PRescient Partners, L.P. v. Fieldcrest Cannon, Inc.*, 1998 WL 67672, at *2 (S.D.N.Y. Feb. 18, 1998) (meet-and-confer requires a "live exchange of ideas and opinions") (citation omitted). At no point in the "series of emails" did the Trustee even respond to the UBS Luxembourg Defendants' position, much less articulate the reason that he now proffers for seeking to withdraw the Hague Requests – namely, the alleged "unnecessary expense" that the Trustee might incur through further proceedings in Luxembourg, including a hearing scheduled on June 5, 2023. Zeballos Decl. ¶ 16. While that purported reason, as explained below, does not justify the relief sought, the Trustee should have discussed it with counsel for the UBS Luxembourg Defendants *before* imposing on the Court, and thereby creating "unnecessary expense" for the UBS Luxembourg Defendants in needing to respond to the request for discovery conference.

**GIBSON DUNN**

Hon. Cecilia G. Morris
May 15, 2023
Page 3

The Trustee and his counsel continued to disdain any effort to meet and confer even after prematurely submitting the conference request to Your Honor. On the evening of May 9, 2023, shortly after the Trustee's filing, I wrote to the Trustee's counsel and, after complaining about their failure to meet and confer, asked them to "explain to us what possible harm you face from receiving the documents that the UBS entities are ready to produce in Luxembourg." Ex. C (email from M. King to G. Zeballos, dated May 9, 2023). As of this submission, we have received no response from the Trustee.

The obligation to meet and confer in good faith about discovery disputes is not a check-the-box exercise, nor one that can be satisfied by a perfunctory, incomplete articulation of a party's position. *PRescient Partners*, 1998 WL 67672, at *3 (parties must "make a genuine effort to resolve the dispute by determining … what the requesting party is actually seeking; what the discovering party is reasonably capable of producing that is responsive to the request; and what specific genuine issues, if any, cannot be resolved without judicial intervention") (citation omitted). Lest the Local Bankruptcy Rules and Your Honor's Chambers Rules be rendered entirely toothless, there should be a consequence to the Trustee's patent disregard for his obligations: The Trustee's request to withdraw the Hague Requests should be rejected. *See id.* ("the failure to meet and confer mandates denial of a motion to compel"); *Tri-Star Pictures, Inc. v. Unger*, 171 F.R.D. 94, 100 (S.D.N.Y. 1997) (denying motion to compel document production for failure to meet and confer as required by Fed. R. Civ. P. 37, Local Rules, and judge's individual rules).

2. **The Trustee Offers No Good Reason to Withdraw the Hague Requests**

Even on its merits, the Trustee's request to withdraw the Hague Requests should be denied. Indeed, his request makes no sense at all.

At the Trustee's insistence, the UBS Luxembourg Defendants have incurred significant expense in collecting, reviewing, and producing documents in Luxembourg pursuant to the Hague Requests and the related orders of the Luxembourg court. That process is near its completion. Subject only to final approval from the Luxembourg court, the UBS Luxembourg Defendants are ready to complete their production to the Luxembourg authorities with a final batch of approximately 5,700 documents.

The Trustee cites no conceivable prejudice to him from allowing that process to play out. It would, in fact, be preposterous to claim that his receipt of 5,700 additional documents is somehow prejudicial, since the Hague Requests were drafted by the Trustee and presumably constitute the documents that he believes to be of core relevance to his claims. The Trustee seems to believe that the UBS Luxembourg Defendants may make redactions to the documents pursuant to Luxembourg law, but surely, the Trustee is better off having 5,700

**GIBSON DUNN**

Hon. Cecilia G. Morris
May 15, 2023
Page 4

additional documents, even in a partially redacted state, than having no additional documents at all.

As the Trustee acknowledges, *see* Zeballos Decl. ¶ 9, the parties have stipulated, and the Court has ordered, that "[a]ny Party that avails itself under this Order of International Discovery procedures will not be deemed to have waived, prejudiced, or otherwise altered its right to conduct discovery under the Federal Rules," *id.*, Ex. C (ECF No. 228, ¶ 3). Thus, the Trustee will retain his right to argue, at the appropriate time, that any redacted documents must be reproduced, under the Federal Rules, with fewer redactions. But it is presumptuous for the Trustee to assume that the Luxembourg court will direct that the documents be overly redacted, and it will surely benefit all parties to have the documents in front of them when assessing the appropriateness of any such redactions. Allowing the Hague Convention process to proceed to completion is the most efficient way to ensure that occurs.[3]

The Trustee further concedes that, at some point in time, this Court may be asked to conduct a comity analysis to assess whether documents located in Luxembourg should be produced pursuant to the Federal Rules, or whether deference should be given to Luxembourg law and Hague Convention procedures. *See* Zeballos Decl. ¶ 15. That analysis is premature at this point in time, when the parties have not yet had a Rule 26(f) conference, no discovery requests have been served or objected to, and no dispute is ripe. Nevertheless, if and when that time comes, one of the factors that the Court will have to consider in the balancing test is "the availability of alternative means of securing the information." *Société Nationale Industrielle Aérospatiale v. U.S. Dist. Ct.*, 482 U.S. 522, 544 n.28 (1987) (quoting Restatement of Foreign Relations Law of the United States (Revised) § 437(1)(c) (Tent. Draft No. 7, 1986) (approved May 14, 1986)). In light of this factor, the Trustee has, not surprisingly, cited no authority for his contention that the Hague Requests are "moot." Zeballos Decl. ¶ 15. To the contrary, it makes eminent sense for the production in response to the Hague Requests – on the cusp of completion – to be permitted to continue, so that the Court will be able to assess the adequacy of that "alternative means" of securing documents.

---

[3] Nothing obligates the Trustee to have his Luxembourg counsel participate in the scheduled June 5 hearing in Luxembourg or to "incur additional, unnecessary costs and expenses" in connection therewith. Zeballos Decl. ¶ 15. At worst, the Luxembourg court will not have the Trustee's input with respect to the final batch of documents, and might order redactions that the Trustee might think are improper; but as noted above, the alternative of withdrawing the Hague Requests means that the Trustee will receive no additional documents at this time, so the prejudice is nonexistent. And in his effort to avoid the "expense" of the Luxembourg hearing, the Trustee instead is incurring, and causing the UBS Luxembourg Defendants to incur, the expense of participating in the forthcoming discovery conference with Your Honor, and, perhaps, of briefing and arguing a formal motion to withdraw the Hague Requests.

**GIBSON DUNN**

Hon. Cecilia G. Morris
May 15, 2023
Page 5

Allowing the production to be completed will also enable the Trustee to better refine any future discovery requests in light of the documents produced to date, thus potentially alleviating further discovery burdens on the parties.

\* \* \*

We look forward to discussing these issues at Wednesday's conference with Your Honor.

Respectfully,

Marshall R. King

cc:     All Counsel (via ECF)

106320050.3