UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>        Plaintiff-Applicant,<br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>        Defendant. | Adv. Pro. No. 08-01789 (CGM)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>        Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff,<br><br>        Plaintiff,<br>v.<br><br>UNIFORTUNE ASSET MANAGEMENT SGR SPA, on behalf of itself, Unifortune Conservative Fund, and Unifortune Conservative Fund–Side Pocket, and UNIFORTUNE CONSERVATIVE FUND,<br><br>        Defendants. | Adv. Pro. No. 11-02553 (CGM) |

## CASE MANAGEMENT PLAN

        Plaintiff Irving H. Picard, as trustee (the "Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC under the Securities Investor Protection Act, 15 U.S.C. § 78aaa-*lll*, and the chapter 7 estate of Bernard L. Madoff individually, and defendants Unifortune Asset Management SGR SPA, now known as Unifortune S.r.l. and Unifortune Conservative Fund ("Defendants" and, together with the Trustee, the "Parties," and each individually,

a "Party"), by and through their respective undersigned counsel, hereby submit the following Case Management Plan pursuant to Rules 16 and 26 of the Federal Rules of Civil Procedure (the "Federal Rules"), applicable under Rules 7016 and 7026 of the Federal Rules of Bankruptcy Procedure.

1. <u>Relevant Procedural History</u>.

   a. On August 25, 2011, the Trustee commenced the above-captioned adversary proceeding in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). *Picard v. Unifortune Asset Management SGR SPA, et al.*, Adv. Pro. No. 11-02553, ECF No. 1.

   b. On February 6, 2023, the Trustee filed his Amended Complaint against Defendants. ECF No. 114.

   c. On March 31, 2023, Defendants filed their Answer to the Amended Complaint. ECF No. 116.

2. <u>Fact Discovery Plan</u>.

   a. <u>Fact Discovery Cut-Off</u>. Unless otherwise agreed by the Parties or ordered by the Bankruptcy Court, all fact discovery is to be completed by May 9, 2025 (the "Fact Discovery Cut-Off Date").

   b. <u>Initial Disclosures</u>. The Parties do not propose any changes in initial disclosures required under Federal Rule 26(a)(1)(A) (the "Initial Disclosures"). The Parties agree that they shall serve such Initial Disclosures as required under Federal Rule 26 on or before 60 days after the filing of this Case Management Plan.

   c. <u>Subjects On Which Discovery May Be Needed</u>. The Parties contemplate that fact and expert discovery will be needed on asserted claims and defenses.

d. <u>Foreign Discovery</u>. The Trustee anticipates the need for discovery located outside of the United States, including from individuals and entities that may have been affiliated with Defendants. To obtain discovery from these individuals and entities, the Trustee will comply with the relevant discovery rules of the applicable jurisdiction, which may include the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters ("Convention") if such discovery is sought from an individual or entity resident in a country that is a signatory to the Convention, and/or any other internationally recognized means of obtaining cross-border discovery, including but not limited to, letters rogatory (collectively, "International Discovery"). To the extent the Parties avail themselves of International Discovery procedures, they will not be deemed to have waived, prejudiced, or otherwise altered their rights to conduct discovery under the Federal Rules, the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules"), or other applicable domestic rules. To the extent that responses to International Discovery are not received by the Fact Discovery Cut-Off Date, the parties may seek intervention from the Court to seek reasonable extensions of the deadlines set forth herein. The Parties reserve all rights and do not waive arguments concerning the manner in which discovery should be conducted with respect to any current employees, agents or representatives of the Defendants.

e. <u>Form Of Certain Discovery</u>. The Trustee intends to utilize one or more electronic data rooms to affirmatively make available millions of documents related to the Trustee's claims. The Trustee's utilization of these rooms to discharge certain of his obligations under Federal Rule of Civil Procedure 26, 33 and/or 34 shall be governed by all orders entered by the Court with respect thereto.

f. <u>Document Requests</u>. The Parties may serve requests for documents on or before 60 days before the Fact Discovery Cut-Off Date.

  g. <u>Interrogatories</u>.  The Parties may serve Interrogatories in accordance with the rules and limitations articulated in Local Bankruptcy Rule 7033-1, provided they are served at least 60 days before the Fact Discovery Cut-Off Date.

  h. <u>Requests For Admission</u>.  The Parties may serve Requests for Admission on or before 60 days before the Fact Discovery Cut-Off Date.

  i. <u>Limitations On Discovery</u>.  Limitations on written discovery will be governed by the Federal Rules made applicable to this adversary proceeding by the Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules.  The Parties may agree on certain limitations on discovery or may file an application with the Court for good cause.

  j. <u>Production Of Privileged Materials</u>.  The Parties acknowledge that the production of privileged or work product protected documents is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.  This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).  Nothing contained in this paragraph is intended to or shall serve to limit a Party's right to conduct a review of documents, including electronically stored information, for relevance, responsiveness, and/or privileged and/or protected status.

  k. <u>Depositions</u>.  (i) All depositions of fact witnesses must be completed by the Fact Discovery Cut-Off Date. Depositions shall proceed concurrently, with no Party having priority. The Parties will endeavor to conclude depositions within the seven (7) hours provided by Federal Rule 30(d)(1), although the Parties (a) acknowledge that there may be certain depositions that cannot be concluded within this time limit and (b) agree to extend this time limit to accommodate for the use of interpreters for witnesses that require them.  The Parties will attempt in good faith to agree to

reasonable extensions of the seven (7) hour time limit as appropriate and failing agreement either Party may apply to the Discovery Arbitrator or Court, as applicable, for an extension of this time limit.

(ii) To the extent the deposition of any fact witness raises common issues relevant to another avoidance action arising under the above-captioned case (Adv. Pro. No. 08-01789 (CMG)) (the "Avoidance/Recovery Action(s)"), in which initial disclosures have been made and discovery is open, the Parties shall coordinate such depositions with the witness and defendants in such Avoidance/Recovery Actions to maximize efficiency and use of resources to the extent reasonably practicable. The Parties shall confer in good faith and provide notice of such depositions under the Federal Rules, including the date, time, and location of any such depositions, to all relevant parties. In a coordinated deposition, the limitations set forth in Federal Rule 30(d)(1) shall not necessarily apply, and the parties shall agree on an appropriate duration for the deposition. Such depositions shall not prejudice or preclude the Trustee from additional depositions of such witness in Avoidance/Recovery Actions in which initial disclosures have not been made and discovery is not open.

(iii) The Parties agree that they will work in good faith to identify the requisite number of each Party's deponents and depositions. The Parties will first confer if they believe additional depositions are needed and thereafter, failing agreement, either Party may apply to the Discovery Arbitrator or Court, as applicable, for an adjustment to the number of depositions.

(iv) Depositions of Irving H. Picard himself are prohibited absent an order issued by this Court upon a showing of good cause.

3.  <u>Expert Discovery</u>. Within 30 days before the Fact Discovery Cut-Off Date, the Parties agree to meet and confer in good faith on the timing for completion of expert discovery. The Parties

further agree to submit a proposed Amended Case Management Plan that addresses expert discovery in this action prior to the Fact Discovery Cut-Off Date

4. <u>Manner of Production of Discovery Materials</u>. The Parties may produce discovery on a CD-ROM, flash drive, portable hard drive, in an electronic data room, or other similar electronic format. Given the volume of documentation that may be subject to disclosure in this matter, the Parties may produce a summary report, such as an expert report, and provide access to the underlying documentation on which the summary report relies in an electronic data room or other medium for review by the Parties. Information and documents produced or made available electronically shall, to the extent reasonably feasible:

(i) be text searchable;

(ii) provide data and image load files necessary to review the documents on search platforms (*e.g.*, Summation, Concordance, Relativity) upon request of either Party;

(iii) provide any system-created or non-privileged captured objective metadata, such as date fields, author fields, custodian fields, path to native file, etc.;

(iv) be organized, such as by date, custodian, or subject matter, as maintained in the ordinary course of business or (in the case of information obtained by the Trustee from third parties) as organized by the Trustee;

(v) provide additional formats of production, metadata, or native documents if requested by either Party.

The Parties shall meet and confer first in a good faith attempt to resolve any dispute, or thereafter comply with Local Bankruptcy Rule 7007-1 to resolve the dispute.

5. <u>Confidentiality</u>. The Litigation Protective Order (ECF No. 4137) (the "LPO") entered in *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Bernard L. Madoff Inv. Sec., LLC)*,

Adv. Pro. No. 08-01789, on June 6, 2011 is attached as Exhibit A to this Case Management Plan and shall govern the disclosure of confidential information in this proceeding.

6. <u>Proposed Modifications of Standard Pretrial Proceedings Due to The Special Nature of The Action</u>. The Parties do not presently believe that any such modifications are yet appropriate or necessary and will contact the Court if their belief in this regard changes.

7. <u>Prospects For Settlement, Including Whether a Settlement Conference Should Be Scheduled</u>. The Parties are willing to discuss settlement and will do so as this proceeding moves forward. They believe that it would be premature to schedule a settlement conference at this time.

8. <u>Discovery Arbitrator</u>. The Parties agree to the use of Discovery Arbitrator, Frank Mass, Esq., to resolve discovery disputes that they are unable to resolve by meeting and conferring, as referenced in the Order Appointing a Discovery Arbitrator Pursuant to Bankruptcy Rule 9019(c) and General Order M-390 (ECF No. 14227) entered in *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec., LLC (In re Bernard L. Madoff Inv. Sec., LLC)*, Adv. Pro. No. 08-01789 (CGM) on October 4, 2016.

9. <u>Trial</u>. The Parties propose to confer with each other and the Court at the conclusion of all discovery to schedule a final pretrial conference and trial date.

Dated: May 22, 2023
      New York, New York

Of Counsel:

**Baker & Hostetler LLP**
811 Main Street, Suite 1100
Houston, Texas 77002
Telephone: (713) 751-1600
Facsimile: (713) 751-1717
Dean D. Hunt
Email: dhunt@bakerlaw.com
Farrell A. Hochmuth
Email: fhochmuth@bakerlaw.com
Sarah M. Hayes
Email: shayes@bakerlaw.com

/s/ *David J. Sheehan*
**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Torello Calvani
Email: tcalvani@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff*

/s/ *Vince E. Lazar*
**Jenner & Block LLP**
919 Third Avenue
New York, New York 10022-3908
Telephone: (212) 891-1601
Facsimile: (212) 909-0801
Richard Levin
Email: RLevin@jenner.com
Carl Wedoff
Email: CWedoff@jenner.com

354 N. Clark Street
Chicago, Illinois 60654
Telephone: (312) 222-9350
Vincent E. Lazar
Email: VLazar@jenner.com

*Attorneys for Defendants Unifortune Asset Management SGR SpA and Unifortune Conservative Fund*

**Dated: May 22, 2023**
**Poughkeepsie, New York**

**/s/ Cecelia G. Morris**
_____
**Hon. Cecelia G. Morris**
**U.S. Bankruptcy Judge**