Pamela A. Miller
Amber Covucci
O'MELVENY & MYERS LLP
Seven Times Square
New York, New York 10036
Telephone: (212) 326-2000
E-mail: pmiller@omm.com

*Attorneys for Merrill Lynch International*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br> Plaintiff-Applicant, <br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br> Defendant. | Adv. Pro. No. 08-01789 (CGM) <br><br> SIPA Liquidation <br><br> (Substantively Consolidated) |
| In re: <br><br> BERNARD L. MADOFF, <br><br> Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, and Bernard L. Madoff, <br><br> Plaintiff, <br> v. <br><br> MERRILL LYNCH INTERNATIONAL, <br><br> Defendant. | Adv. Pro. No. 10-05346 (CGM) |

**MERRILL LYNCH INTERNATIONAL'S ANSWER AND JURY DEMAND**

Merrill Lynch International ("MLI"), by its undersigned counsel, respectfully submits this Answer to the Amended Complaint (ECF No. 137).[1] This Answer is based on information reasonably known to MLI as of May 22, 2023.

## GENERAL DENIAL

Except as otherwise expressly stated herein, MLI denies each and every allegation in the Amended Complaint, including, without limitation, any allegations contained in the Amended Complaint's preamble, headings, subheadings, or footnotes, and denies any liability to Plaintiff and to any party on whose behalf Plaintiff seeks recovery. Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, averments in the Amended Complaint to which no responsive pleading is required shall be deemed as denied.

MLI's investigation is ongoing, and as such, MLI reserves the right to amend this Answer as may be necessary.

## RESPONSES TO SPECIFIC ALLEGATIONS

### I.  NATURE OF ACTION

1. MLI denies the allegations in Paragraph 1.

2. MLI denies the allegations in Paragraph 2.

3. MLI denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3, and on that basis denies them, except admits that Fairfield Sentry and Fairfield Sigma are British Virgin Island companies that are in liquidation in the British Virgin Islands.

---

[1] As used herein, (i) "Fairfield Sentry" means Fairfield Sentry Limited; (ii) "Fairfield Sigma" means Fairfield Sigma Ltd.; (iii) the "Funds" means Fairfield Sentry and Fairfield Sigma; (iv) "PPM" means private placement memorandum; and (v) BLMIS means Bernard L. Madoff Investment Securities LLC.

4. MLI denies the allegations in Paragraph 4, except admits that at all relevant times, Merrill Lynch & Co, Inc. was the ultimate parent corporation of MLI. MLI denies knowledge or information sufficient to form a belief as to the truth of the allegations related to "Merrill Lynch" to the extent Merrill Lynch is defined to include unnamed entities and entities other than MLI.

5. MLI denies the allegations in Paragraph 5, except MLI denies knowledge or information sufficient to form a belief as to the truth of the allegations related to "Merrill Lynch" to the extent Merrill Lynch is defined to include unnamed entities and entities other than MLI.

6. MLI denies the allegations in Paragraph 6, except MLI denies knowledge or information sufficient to form a belief as to the truth of the allegations related to "Merrill Lynch" to the extent Merrill Lynch is defined to include unnamed entities and entities other than MLI. To the extent this paragraph selectively quotes unidentified documents, MLI refers the Court to the complete contents of those documents.

7. MLI denies the allegations in Paragraph 7, except admits that MLI sold notes and warrants indexed against a basket of funds, labelled the "Absolute Alpha" index, which included 10% of either Fairfield Sentry or Fairfield Sigma as component funds. MLI denies knowledge or information sufficient to form a belief as to the truth of the allegations related to "Merrill Lynch" to the extent Merrill Lynch is defined to include unnamed entities and entities other than MLI.

8. MLI denies the allegations in Paragraph 8, except MLI denies knowledge or information sufficient to form a belief as to the truth of the allegations related to "Merrill Lynch" to the extent Merrill Lynch is defined to include unnamed entities and entities other than MLI.

9. MLI denies the allegations in Paragraph 9, except MLI denies knowledge or information sufficient to form a belief as to the truth of the allegations related to "Merrill Lynch" to the extent Merrill Lynch is defined to include unnamed entities and entities other than MLI.

10. MLI denies the allegations in Paragraph 10, except MLI denies knowledge or information sufficient to form a belief as to the truth of the allegations related to "Merrill Lynch" to the extent Merrill Lynch is defined to include unnamed entities and entities other than MLI.

11. MLI denies the allegations in Paragraph 11, except MLI denies knowledge or information sufficient to form a belief as to the truth of the allegations related to "Merrill Lynch" to the extent Merrill Lynch is defined to include unnamed entities and entities other than MLI. To the extent this paragraph selectively quotes unidentified documents, MLI refers the Court to the complete contents of those documents.

12. MLI denies the allegations in Paragraph 12, except MLI denies knowledge or information sufficient to form a belief as to the truth of the allegations related to "Merrill Lynch" to the extent Merrill Lynch is defined to include unnamed entities and entities other than MLI. To the extent this paragraph selectively quotes an unidentified document, MLI refers the Court to the complete contents of that document.

13. MLI denies the allegations in Paragraph 13, except admits that the Trustee seeks to recover funds through this adversary proceeding.

## II. SUBJECT MATTER JURISDICTION AND VENUE

14. MLI avers that the allegations in Paragraph 14 contain argument, legal conclusions, or legal principles to which no response is required. To the extent a response is required, MLI denies the allegations in Paragraph 14, except admits that this adversary proceeding is connected to the underlying SIPA proceeding, which was commenced in the District Court and referred to this Court.

15. MLI avers that the allegations in Paragraph 15 contain argument, legal conclusions, or legal principles to which no response is required. To the extent a response is

required, MLI denies the allegations in Paragraph 15, and states that MLI does not consent to entry of final orders or judgments by the Bankruptcy Court.

16. MLI avers that the allegations in Paragraph 16 contain argument, legal conclusions, or legal principles to which no response is required. To the extent a response is required, MLI denies the allegations in Paragraph 16.

17. MLI avers that the allegations in Paragraph 17 contain argument, legal conclusions, or legal principles to which no response is required. To the extent a response is required, MLI admits that the Trustee purports to bring this adversary proceeding under SIPA §§ 78fff(b) and 78fff-2(c)(3), 11 U.S.C. §§ 105(a), and 550(a), and other applicable law.

### III. DEFENDANT AND RELEVANT NON-PARTIES

18. MLI denies the allegations in paragraph 18, except admits that: (1) MLI is incorporated under the laws of England and Wales, (2) MLI's registered office is 2 King Edward Street, London EC1A 1HQ, (3) MLI's principal activity is to act as a broker-dealer in financial instruments and to provide corporate finance advisory services, (4) at all relevant times, Merrill Lynch & Co., Inc. was the parent corporation of MLI and (5) MLI is currently a wholly-owned subsidiary of Bank of America Corporation. To the extent this paragraph selectively quotes an unidentified document, MLI refers the Court to the complete contents of that document.

19. Upon information and belief, MLI admits the allegations in paragraph 19.

20. MLI denies the allegations in Paragraph 20, except MLI denies knowledge or information sufficient to form a belief as to the truth of the allegations related to "Merrill Lynch" to the extent Merrill Lynch is defined to include unnamed entities and entities other than MLI. To the extent this paragraph selectively quotes an unidentified document, MLI refers the Court to the complete contents of that document.

## IV.  PERSONAL JURISDICTION

21. MLI denies the allegations in Paragraph 21.

22. MLI denies the allegations in Paragraph 22.

23. MLI denies the allegations in Paragraph 23, except admits that MLI sold notes and warrants indexed against a basket of funds, labelled the "Absolute Alpha" index, which included 10% of either Fairfield Sentry or Fairfield Sigma as component funds. MLI denies knowledge or information sufficient to form a belief as to the truth of the allegations related to "Merrill Lynch" to the extent Merrill Lynch is defined to include unnamed entities and entities other than MLI.

24. MLI denies the allegations in Paragraph 24, except admits that MLI entered into subscription agreements as a requirement of investing with the Fairfield Funds and refers the Court to the full contents of those subscription agreements.

25. MLI denies the allegations in Paragraph 25, except admits that (i) under the subscription agreements, MLI was required to make subscription payments to Fairfield Sentry in U.S. dollars; and (ii) MLI sent subscription payments to Fairfield Sentry's HSBC bank account, located in New York. MLI refers the Court to the complete contents of the subscription agreements.

26. MLI denies the allegations in Paragraph 26, except admits that MLI maintained a bank account in New York.

27. MLI denies the allegations in Paragraph 27, except admits that the Fairfield Sentry subscription agreements refer to the operable PPM. MLI refers the Court to the complete contents of the subscription agreements and the PPMs.

28.   MLI denies the allegations in Paragraph 28, except admits that MLI received certain Sentry PPMs. To the extent this paragraph selectively quotes from unidentified PPMs, MLI refers the Court to the complete contents of those PPMs.

29.   MLI denies the allegations in Paragraph 29. To the extent this paragraph selectively quotes from unidentified tear sheets and unidentified Semi-Annual Update letters, MLI refers the Court to the complete contents of those documents.

30.   MLI denies the allegations in Paragraph 30.

31.   MLI denies the allegations in Paragraph 31, except admits that it received certain Fairfield Sigma PPMs. To the extent this paragraph selectively quotes from an unidentified Fairfield Sigma PPM, MLI refers the Court to the complete contents of that document.

32.   MLI denies the allegations in Paragraph 32, except MLI denies knowledge or information sufficient to form a belief as to the truth of the allegations related to "Merrill Lynch" to the extent Merrill Lynch is defined to include unnamed entities and entities other than MLI. To the extent this paragraph selectively quotes from an unidentified document, MLI refers the Court to the complete contents of the document.

33.   MLI denies the allegations in Paragraph 33, except admits that MLI had e-mail communication with Lauren Ross and that Lauren Ross is listed on some of MLI's subscription agreements. To the extent this paragraph selectively refers to unidentified communications or subscription agreements, MLI refers the Court to the complete contents of those documents.

34.   MLI denies the allegations in Paragraph 34, except admits that it received (1) historical NAVs for Fairfield Sentry and Fairfield Sigma, (2) documents detailing Fairfield Sentry's performance from 1990–2008, (3) documents detailing Fairfield Sigma's performance from 2000–2007, (4) PPMs for Fairfield Sentry, and (5) PPMs for Fairfield Sigma. To the extent

this paragraph selectively refers to unidentified documents, MLI refers the Court to the complete contents of those documents.

35. MLI denies the allegations in Paragraph 35. To the extent this paragraph selectively refers to unidentified documents, MLI refers the Court to the complete contents of those documents.

36. MLI denies the allegations in Paragraph 36.

37. MLI avers that the allegations in Paragraph 37 contain argument, legal conclusions, or legal principles to which no response is required. To the extent a response is required, MLI denies those allegations.

## V.  BLMIS, THE PONZI SCHEME, AND MADOFF'S INVESTMENT STRATEGY

### A.  BLMIS

38. MLI denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38.

39. MLI denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39. To the extent this paragraph selectively refers to unidentified documents, MLI refers the Court to the complete contents of those documents.

40. MLI denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40.

41. MLI denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41.

42. MLI denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42. To the extent this paragraph refers to financial reports BLMIS filed with the SEC, MLI refers the Court to the complete contents of those reports.

    **B.**    **THE PONZI SCHEME**

    43.    MLI denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43. To the extent this paragraph refers to documents filed with the SEC, MLI refers the Court to the complete contents of those documents.

    44.    MLI denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44.

    45.    MLI denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45.

    46.    MLI denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46.

    47.    MLI denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47.

    48.    MLI denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48.

    49.    MLI denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49.

    50.    MLI denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50.

    51.    MLI denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51.

    52.    MLI denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52.

    53.    MLI denies knowledge or information sufficient to form a belief as to the truth of the allegatons in Paragraph 53.

54. MLI denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54.

55. MLI denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55.

56. MLI denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56.

57. MLI denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57.

58. MLI denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58.

59. MLI denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59.

60. MLI denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60.

61. MLI denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61.

62. MLI avers that the allegations in Paragraph 62 contain argument, legal conclusions or legal principles to which no response is required.  To the extent a response is required, MLI denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62.

63. MLI denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63.

64. MLI denies the allegations in Paragraph 64, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding BLMIS's execution showing a consistent ability to buy low and sell high.

65. MLI denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65.

66. MLI denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66.

67. MLI denies knowledge or information sufficient to form a belief as to the truth of the allegations in in Paragraph 67, except admits that, upon information and belief, BLMIS's Ponzi scheme collapsed in December, 2008.

68. MLI denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68.

69. MLI denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69.

## VI. RECOVERY OF SUBSEQUENT TRANSFERS TO MLI

### A. INITIAL TRANSFERS FROM BLMIS TO FAIRFIELD SENTRY

70. MLI denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70, except admits, upon information and belief, that the Trustee commenced a separate adversary proceeding against Fairfield Sentry and other defendants in this Court and refers the Court to the pleadings in *Picard v. Fairfield Sentry Ltd., et al.*, Adv. Pro. No. 09-01239 for their complete contents.

71. Upon information and belief, MLI admits the allegations in paragraph 71.

72. MLI avers the allegations in Paragraph 72 contain argument, legal conclusions or legal principles to which no response is required. To the extent a response is required, MLI denies knowledge or information sufficient to form a belief as to the truth of the allegations.

73. MLI denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 except, upon information and belief, MLI admits that The Trustee field a second amended complaint in *Picard v. Fairfield Sentry Ltd., et al.*, Adv. Pro. No. 09-01239 and refers the Court to the complete contents of that document.

74. MLI denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74.

75. MLI avers that the allegations in Paragraph 75 contain argument, legal conclusions, or legal principles to which no response is required. To the extent a response is required, MLI denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 and on that basis, denies them.

76. MLI avers the allegations in Paragraph 76 contain argument, legal conclusion, or legal principles to which no response is required. To the extent a response is required, MLI denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 and on that basis, denies them.

**B.     SUBSEQUENT TRANSFERS FROM FAIRFIELD SENTRY TO MLI**

77. MLI denies the allegations in Paragraph 77, except (i) admits that MLI received some funds from Fairfield Sentry, (ii) denies knowledge or information sufficient to form a belief about the Trustee's investigations to date, and (iii) admits that Exhibit C purports to list transfers from Fairfield Sentry to MLI.

78. MLI denies the allegations in Paragraph 78, except admits that the Trustee filed this action on December 8, 2010.

79. MLI avers the allegations in Paragraph 79 contain argument, legal conclusion, or legal principles to which no response is required. To the extent a response is required, MLI denies the allegations in Paragraph 79.

80. MLI denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80, except admits that MLI received redemption payments from Fairfield Sentry in exchange for shares of Fairfield Sentry.

### C. SUBSEQUENT TRANSFERS FROM FAIRFIELD SENTRY TO FAIRFIELD SIGMA AND SUBSEQUENTLY TO MLI

81. MLI denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81.

82. MLI denies the allegations in Paragraph 82, except admits that (i) MLI received some funds from Fairfield Sigma, and (ii) Exhibit E purports to list transfers from Fairfield Sigma to MLI.

83. MLI avers the allegations in Paragraph 83 contain argument, legal conclusion, or legal principles to which no response is required. To the extent a response is required, MLI denies the allegations in Paragraph 83.

84. MLI denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84, except admits that MLI received certain redemption payments from Fairfield Sigma in exchange for shares of Fairfield Sigma.

85. The allegations in Paragraph 85 set forth defined terms for purposes of the Amended Complaint to which no response is required. To the extent a response is required, MLI admits that the Trustee defines the Fairfield Sentry-MLI Subsequent Transfers and the Fairfield Sigma-MLI Subsequent Transfers as the "Fairfield Subsequent Transfers."

86. MLI avers that the allegations in Paragraph 86 contain legal conclusions to which no response is required. To the extent a response is required, MLI denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86.

## COUNT ONE
## RECOVERY OF FAIRFIELD SUBSEQUENT TRANSFERS
## 11 U.S.C. §§ 105(a) AND 550(a)

87. MLI reasserts its responses to Paragraphs 1 through 86 as if fully set forth herein.

88. MLI avers that the allegations in Paragraph 88 contain legal conclusions to which no response is required. To the extent a response is required, MLI denies the allegations in Paragraph 88.

89. MLI avers that the allegations in Paragraph 89 contain legal conclusions to which no response is required. To the extent a response is required, MLI denies the allegations in Paragraph 89.

90. MLI avers that the allegations in Paragraph 90 contain legal conclusions to which no response is required. To the extent a response is required, MLI denies the allegations in Paragraph 90.

## RESPONSE TO REQUEST FOR RELIEF

The allegations contained in Plaintiff's request for relief are legal conclusions to which no response is required. To the extent a response is required, MLI denies the allegations and denies that Plaintiff is entitled to the relief requested.

## DEFENSES

### First Defense
### (Failure to State A Claim for Relief)

The Trustee fails to state a claim upon which relief can be granted, including for each of the reasons stated in the Memorandum of Law in Support of MLI's Motion to Dismiss, ECF No. 141, and related briefing.

### Second Defense
### (Section 550(b) – Value, Good Faith, Without Knowledge of Voidability)

The Trustee's claims are barred, in whole or in part, because to the extent MLI received any of the alleged transfers from BLMIS to the Funds, or proceeds thereof, the Trustee may not recover such transfers or proceeds under 11 U.S.C. § 550(b) because MLI took any funds it received for value, in good faith, and without knowledge of the avoidability of the alleged initial transfers from BLMIS.

Any alleged transfers received by MLI were receive for value, as they were made in exchange for MLI's surrender of its shares in the Funds.

MLI did not know that BLMIS was engaged in fraud and the facts known to MLI were insufficient to put MLI on inquiry notice that BLMIS was a Ponzi scheme. Any transfers to MLI were not made for a fraudulent purpose, but were routine transfers in exchange for redemption of shares in the Funds. A reasonable person with the facts in MLI's possession would not have been on inquiry notice of any fraudulent purpose behind such transfers from the Funds to MLI, nor would those facts have led such a person to conduct further inquiry into whether there was a fraudulent purpose to such transfers or whether BLMIS was trading securities, was a fraud, or was a Ponzi scheme.

Even if MLI was on inquiry notice of a possible fraudulent purpose behind any alleged transfers it received, a diligent inquiry by MLI would not have led to the discovery that BLMIS

was not trading securities, was a fraud, or was a Ponzi scheme. Other entities with greater investigatory tools and resources than MLI, and with more access to BLMIS personnel and documentation than MLI, including the Securities and Exchange Commission, repeatedly investigated BLMIS but failed to uncover BLMIS's fraud before December 2008. Moreover, BLMIS was highly secretive and the fraud it perpetrated was unprecedented. It is inconceivable that MLI could have discovered such a secretive, longstanding scheme, while thousands of other market participants and the SEC could not.

MLI did not have knowledge of the voidability of the transfers from BLMIS to Sentry, when it received transfers from the Funds, if any.

### Third Defense
### (Not BLMIS Customer Property)

The property, if any, that MLI received from the Funds was not BLMIS customer property under 15 U.S.C. § 78fff2(c)(3) or any other applicable law, or the proceeds thereof. Therefore the property is not recoverable by the Trustee from MLI.

### Fourth Defense
### (Proceeds Not Recoverable)

In the alternative, to the extent that the property, if any, that MLI received from the Funds was BLMIS customer property or the proceeds thereof, it is not recoverable by the Trustee from MLI under 11 U.S.C. § 550(a)(2).

### Fifth Defense
### (11 U.S.C. § 550(d); N.Y. Debtor and Creditor Law § 278(1)(a) – Single Satisfaction)

Under 11 U.S.C. § 550(d), the Trustee may not recover any alleged subsequent transfer from MLI to the extent the Trustee has recovered from the Funds or any other immediate or mediate transferee the amount of the initial transfer that included the customer property that the

Trustee alleges MLI received. Under NYDCL § 278(a)(a), the Trustee is entitled to set aside a conveyance only to the extent necessary to satisfy his claim.

### Sixth Defense
### (Extraterritoriality)

The Trustee's recovery from MLI of any transfer from the Funds constitutes an impermissible extraterritorial application of U.S. law.

### Seventh Defense
### (Comity)

The Trustee's recovery from MLI of any transfer from the Funds would violate principles of comity.

### Eighth Defense
### (Bankruptcy Code Safe Harbor – 11 U.S.C. § 546(e))

The Trustee's claim is barred, in whole or in part, because the alleged subsequent transfers to MLI, if any, may not be recovered because they are subject to the safe harbor in 11 U.S.C. § 546(e). The alleged transfers were (i) made by, or to, or for the benefit of a, stockbroker (BLMIS), financial institution (Fairfield Sentry or Fairfield Sigma), financial participant (MLI), or other covered entity, and (ii) a settlement payment and/or a transfer made in connection with a securities contract (between BLMIS and Sentry or between Sentry or Sigma and MLI).

### Ninth Defense
### (Laches/Unreasonable Delay)

The Trustee's claim is barred, in whole or in part, because of the delay in bringing and prosecuting his claim. The complaint, which was brought more than a decade ago, lay dormant for years and concerns alleged transfers made 15 to 20 years ago, is unreasonable and unfairly prejudices MLI's ability to defend itself, including with respect to any claim by the Trustee for interest.

### Tenth Defense
### (Personal Jurisdiction)

The Court lacks personal jurisdiction over MLI because the claims in this action do not arise from contacts between MLI and the United States, including for the reasons stated in Memorandum of Law in Support of MLI's Motion to Dismiss, ECF No. 141, and related briefing.

### Eleventh Defense
### (Statute of Limitations)

The Trustee's claims are barred, in whole or in part, by the applicable statute of limitations.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Rule 9015 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), MLI hereby demands a jury trial on all claims and issues that may be tried by a jury.

### STATEMENT PURSUANT TO BANKRUPTCY RULE 7012(b)

MLI does not consent to the entry of final orders or judgment by the Bankruptcy Court.

Dated: April 22, 2023
New York, New York

Respectfully submitted,

By: /s/ *Pamela A. Miller*
Pamela A. Miller
Amber Covucci
O'MELVENY & MYERS LLP
Seven Times Square
New York, New York 10036
Telephone: (212) 326-2000
E-mail: pmiller@omm.com

*Attorneys for Merrill Lynch International*