| | |
|---|---|
| **OLSHAN FROME WOLOSKY LLP**<br>Thomas J. Fleming Esq.<br>Jonathan T. Koevary, Esq.<br>1325 Avenue of the Americas<br>New York, New York 10019<br>(212) 451-2300<br>*Counsel to Defendants* | Hearing Date: June 22, 2023 at 9:00 a.m.<br>Objection Deadline: June 15, 2023 at 4:00 p.m. |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>            Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>            Defendant. | Case No. 08-01789 (CGM)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated)<br><br><br><br>**NOTICE OF MOTION OF DEFENDANTS TO EXTEND TIME TO ANSWER OR OTHERWISE RESPOND TO COMPLAINT** |
| In re:<br><br>BERNARD L. MADOFF,<br><br>            Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff,<br><br>            Plaintiff,<br><br>v.<br><br>MALCOLM SAGE and LYNNE FLORIO,<br><br>            Defendants. | Adv. Pro No. 23-01099 (CGM) |

12089143-1

**PLEASE TAKE NOTICE**, that defendants Malcolm Sage and Lynne Florio, by and through counsel, will move (the "Motion") before the Honorable Cecelia G. Morris, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), One Bowling Green, Courtroom 621, New York, NY 10004, on **June 22, 2023 at 9:00 a.m. (ET)**, or as soon thereafter as Counsel may be heard, for the entry of an Order granting the accompanying Motion to extend the time for Defendants to answer or otherwise respond to the Complaint.

**PLEASE TAKE FURTHER NOTICE**, that objections if any, shall be in writing, shall conform to the Bankruptcy Code, the Bankruptcy Rules and Local Rules of the United States Bankruptcy Court for the Southern District of New York and shall be filed and served as follows, so as to be received no later than **June 15, 2023 at 4:00 p.m. (ET)** and such objections shall further (i) be filed with the Clerk of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004; (ii) be submitted in hard-copy form directly to the chambers of the Honorable Cecelia G. Morris, United States Bankruptcy Judge, at the Bankruptcy Court, One Bowling Green, New York, New York 10004 in accordance with Local Bankruptcy Rule 9070-1; and (iii) be served upon counsel to Defendants, Olshan Frome Wolosky LLP, 1325 Avenue of Americas, New York, New York 10019 Attn: Thomas J. Fleming (tfleming@olshanlaw.com) and Jonathan T. Koevary Esq (jkoevary@olshanlaw.com).

**PLEASE TAKE FURTHER NOTICE,** that the Hearing before Bankruptcy Judge Morris will be held via Zoom for Government. Any party that wishes to appear at the Zoom Hearing, whether making a "live" or "listen only" appearance before the Court, needs to register by **June 20, 2023 at 4:00 p.m. (ET)** an electronic appearance by going to Judge Morris's chambers page on the Court website, https://www.nysb.uscourts.gov/content/chief-judge-cecelia-g-morris, and

2

clicking on the "eCourtAppearances" tab. The Hearing may be adjourned, from time to time, by announcement in open Court without any further or other notice thereof.

Dated: New York, New York
      May 23, 2023

OLSHAN FROME WOLOSKY LLP

By:   /s/ Jonathan Koevary
Thomas J. Fleming Esq.
Jonathan T. Koevary, Esq.
1325 Avenue of the Americas
New York, New York 10019
(212) 451-2300
*Counsel to Defendants*

12089143-1

| | |
|---|---|
| **OLSHAN FROME WOLOSKY LLP**<br>Thomas J. Fleming Esq.<br>Jonathan T. Koevary, Esq.<br>1325 Avenue of the Americas<br>New York, New York 10019<br>(212) 451-2300<br>*Counsel to Defendants* | Hearing Date: June 22, 2023 at 9:00 a.m.<br>Objection Deadline: June 15, 2023 at 4:00 p.m. |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>    Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>    Defendant. | Case No. 08-01789 (CGM)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated)<br><br><br>**DEFENDANTS' MOTION TO EXTEND TIME TO ANSWER OR OTHERWISE RESPOND TO COMPLAINT** |
| In re:<br><br>BERNARD L. MADOFF,<br><br>    Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff,<br><br>    Plaintiff,<br><br>v.<br><br>MALCOLM SAGE and LYNNE FLORIO,<br><br>    Defendants. | Adv. Pro No. 23-01099 (CGM) |

12089314-1

Table of Contents

Page

I.    Jurisdiction, Venue, and Statutory Predicates ................................................................. 1
II.    Background ..................................................................................................................... 1
III.    Relief Requested ............................................................................................................ 3
IV.    Legal Standard ............................................................................................................... 3
V.    Conclusion ..................................................................................................................... 5

## Table of Authorities

Page

CASES

*Alexander v. Saul*,
  5 F.4th 139 (2d Cir. 2021) ............................................................................................................4

*Garcia v. Goord*,
  No. 01CIV797RCCMHD, 2002 WL 272418 (S.D.N.Y. Feb. 26, 2002) ....................................4

*Manigault v. ABC Inc.*,
  796 F. App'x 13 (2d Cir. 2019) ...................................................................................................4

*Picard v. Sage Associates*,
  No. 20-cv-10057 ..........................................................................................................................2

*Picard v. Sage Realty*,
  No. 20-cv-10109 ..........................................................................................................................2

*Stern v. Marshall*,
  564 U.S. 462 (2011) .....................................................................................................................1

STATUTES

11 U.S.C. § 105(a) .............................................................................................................................3

11 U.S.C. § 550 .................................................................................................................................2

28 U.S.C. § 157(b) ............................................................................................................................1

28 U.S.C. § 1334 ...............................................................................................................................1

28 U.S.C. § 1367 ...............................................................................................................................2

28 U.S.C. § 1409 ...............................................................................................................................1

OTHER AUTHORITIES

United States Constitution Article III ...............................................................................................1

Fed R. Bankr. P. 9006 ................................................................................................................ 1, 3-5

Fed R. Civ. P. 6 .................................................................................................................................4

S.D.N.Y. Local Bankruptcy Rule 9006-2 ......................................................................................1, 5

Defendants Malcolm Sage and Lynne Florio, by and through counsel, hereby submit this motion (the "Motion") pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Bankruptcy Rule 9006-2 requesting an extension through and including June 30, 2023 to answer or respond to the Complaint filed in the above captioned adversary proceeding that was commenced on April 19, 2023. In support of this Motion, Defendants respectfully state as follows.

I.    **Jurisdiction, Venue, and Statutory Predicates**

1.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. The Complaint raises claims that are both core and non-core as defined in 28 U.S.C. § 157(b), but none of the claims are core within the meaning of Article III of the United States Constitution as they address private rights. *Stern v. Marshall*, 564 U.S. 462 (2011). Defendants do not consent to final orders or judgment by the Bankruptcy Court. Venue of this Motion is proper under 28 U.S.C. § 1409.

2.    The statutory predicates for the relief requested herein are Bankruptcy Code section 105(a), Bankruptcy Rule 9006, and Local Bankruptcy Rule 9006-2.

II.    **Background**

3.    Plaintiff has been the SIPA Trustee of Bernard L Madoff Investment Securities LLC ("BLMIS") for nearly fifteen years. Plaintiff commenced this adversary proceeding through the filing of the Complaint on April 19, 2023. The summonses were generated 29 days ago on April 24, 2023.

4.    The Complaint involves complex issues over facts that arose prior to 2008. The Complaint heavily relies upon an April 2022 judgment of the District Court avoiding over $16 million of transfers to entities called Sage Associates and Sage Realty in favor of the Trustee. This

12089314-1

judgment was entered in consolidated proceedings: *Picard v. Sage Realty*, No. 20-cv-10109 and *Picard v. Sage Associates,* No. 20-cv-10057 (the "Prior Proceedings"). The Prior Proceedings were first brought in the Bankruptcy Court in 2010, prior to withdrawal of the reference. The Prior Proceedings held Defendant Sage, an individual, jointly and severally liable for those transfers to the Sage entities.

5.      Defendants in this adversary proceeding are husband and wife. Defendant Florio was not a party to the Prior Proceedings and as such, none of the findings can be res judicata as to her. Nevertheless, among other things, the Complaint alleges that Sage Realty, now a judgment debtor on account of the Prior Proceedings, was a general partnership under New York law and that Defendant Florio was a general partner of Sage Realty, based on conduct alleged to have occurred prior to 2008. As such, Count Two of the Complaint now seeks to hold Defendant Florio jointly and severally liable for a $3,370,000 judgment entered against Sage Realty in the Prior Proceedings, even though she was not a party.

6.      The Complaint further seeks to hold Defendant Florio liable for a series of mediate transfers that occurred within 2006 through 2008 through novel theories. Among these theories are that Defendant Florio should be liable under Bankruptcy Code section 550 for tax refunds on payments that were originally made to U.S. Treasury on account of factitious profits paid to Defendant Sage from the Sage entities' investments in BLMIS, on the theory that joint tax filing creates independent exposure.

7.      The Complaint invokes the original jurisdiction of the Bankruptcy Court and does not allege supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

8.      The Complaint was timely and properly served and tomorrow, May 24, 2023, is 30 days after the summons was issued and the deadline to answer or respond.

12089314-1

9. Defendants retained Olshan Frome Wolosky LLP ("Olshan") on May 14, 2023. Olshan did not represent the Defendants or any other party to the Prior Proceedings. On May 16, 2023, Olshan reached out to Trustee's counsel to arrange a call. Due to scheduling issues, counsel did not speak until the afternoon of May 18, 2023. At that time, Defendants asked for an extension to June 30 as a customary courtesy.

10. This morning, Plaintiff's counsel countered Defendant's courtesy request by offering a one-week extension to May 31, 2023. Given the upcoming Memorial Day weekend, the extension amounted to four business days. A four business day extension over a holiday weekend for an initial request to extend is not reasonable and is untenable.

11. Defendants' counsel reviewed the Court's available Manhattan hearing calendar today and determined that June 22, 2023 is the first return date available for the Court to entertain this Motion.

### III. Relief Requested

12. By this Motion, Defendants seek entry of an order granting Defendants until June 30, 2023 to answer or otherwise respond to the Complaint.

### IV. Legal Standard

13. This Court derives its equitable power through Bankruptcy Code section 105(a), which authorizes the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Bankruptcy Rule 9006(b), subject to inapplicable exceptions, authorizes the Court "for cause shown [ ] at any time in its discretion (1) with or without motion or notice order [a] period enlarged if the request therefore is made before the expiration of the period originally prescribed. . . . ."

3

12089314-1

14. Local Bankruptcy Rule 9006-(2) provides:

> Unless otherwise provided in the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, or order of the Court, when a motion to extend the time to take any action is filed before the expiration of the period prescribed by the Bankruptcy Code, Bankruptcy Rules, Local Bankruptcy Rules, or order of the Court, with a return date that is no later than fourteen (14) days after the date of such filing or, if the Court is unable to schedule a return date within such period, as soon thereafter as the return date may be scheduled by the Court, the time shall automatically be extended until the Court resolves the motion to extend the time. An automatic extension under this rule shall not require the issuance or entry of an order extending the time.

15. Requests to answer or respond are liberally granted in this Circuit. *See e.g., Manigault v. ABC Inc.*, 796 F. App'x 13, 15 (2d Cir. 2019) (affirming extension of time to answer for good cause under Rule 6 (the equivalent to Bankruptcy Rule 9006) because "extensions requested before the deadline should generally be granted absent bad faith or prejudice to another party"); *Alexander v. Saul*, 5 F.4th 139, 154 (2d Cir. 2021) ("[a]ccordingly, an application for extension of time under Rule 6(b)(1)(A) normally will be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adversary.") (internal quotations marks omitted); *Garcia v. Goord*, No. 01CIV797RCCMHD, 2002 WL 272418, at *1 (S.D.N.Y. Feb. 26, 2002) (granting an extension of time to answer a complaint because the court "has wide discretion in granting extensions to litigants" and finding that the first extension was warranted where the defendant needed more time to review a lengthy complaint and investigate the facts alleged).

16. Defendants submit that they have met the standards for good cause for an extension under Bankruptcy Rule 9006. The request to extend the time until June 30 to respond is a customary request liberally granted and there is no bad faith or prejudice here and such request is made prior to the deadline.

17. The Prior Proceedings date to 2010, but Plaintiff has waited thirteen years to sue Defendant Florio and now demands her response 37 days after issuance of the summonses. The

4

12089314-1

allegations are novel. The facts are stale. Plaintiff and his counsel may have been living with these issues for well over a decade, but Defendant Florio has not. Nor has her new counsel.

18.     Olshan has existing professional obligations and needs to research the allegations, confer with its clients, analyze the legal theories, and, if appropriate, draft motion papers. Defendants submit that the Trustee's offer this morning for a four business day extension that runs through the Memorial Day weekend is insufficient. The proposal is also inconsistent with equity and the Second Circuit's admonition that requests to extend generally be granted. Defendants have good cause for an extension and the result of not having an extension would be unduly burdensome and prejudicial.

19.     Finally, by filing this Motion, and given the Court's first available hearing date, Defendants respectfully submit that Defendants' time to answer or otherwise respond to the Complaint has been automatically extended to the June 22, 2023 return date by operation of Local Bankruptcy Rule 9006-2.

**V.     Conclusion**

WHEREFORE, for the foregoing reasons, the Defendants respectfully request that the Court enter an order granting the Defendants' request to extend the deadline to answer or otherwise respond to the Complaint to through and including June 30, 2023.

Dated: May 23, 2023
      New York, New York

**OLSHAN FROME WOLOSKY LLP**

By: /s/ Jonathan Koevary
    Thomas J. Fleming, Esq.
    Jonathan T. Koevary, Esq.
    1325 Avenue of the Americas
    New York, New York 10019
    (212) 451-2300
    *Counsel to Defendants*

6

12089314-1