**JENNER & BLOCK LLP**
1155 Avenue of the Americas
New York, New York 10036
Telephone: 212.891.1600
Facsimile: 212.891.1699
Richard Levin, rlevin@jenner.com
Brian Fischer, bfischer@jenner.com

*Attorneys for Defendant Square One Fund Ltd.*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                    Plaintiff,<br><br>        v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                    Defendant. | Adv. Pro. No. 08-01789 (CGM)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>                    Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff,<br><br>                    Plaintiff,<br><br>        v.<br><br>SQUARE ONE FUND LTD.,<br><br>                    Defendant. | Adv. Pro. No. 10-04330 (CGM) |

**OBJECTION OF DEFENDANT SQUARE ONE FUND LTD TO FORM OF
PROPOSED ORDER APPOINTING A DISCOVERY ARBITRATOR
PURSUANT TO BANKRUPTCY RULE 9019(c) AND GENERAL ORDER
M-390 SUBMITTED BY PLAINTIFF IRVING H. PICARD, TRUSTEE**

Defendant Square One Fund Ltd. objects to the proposed form of order appointing a discovery arbitrator, submitted by Plaintiff Irving H. Picard, Trustee, under the Trustee's Notice of Presentment dated May 25, 2023. Square One proposes the form of order attached to this Objection as Exhibit A. Square One's proposed form of order makes only the following changes from the Plaintiff's proposed form, in paragraphs (i), (ii), and (iii) as follows:

(i) The Parties are to appear before The Honorable Frank Maas (ret.), c/o JAMS, Inc., (the "Discovery Arbitrator") regarding the Dispute in accordance with the Order Appointing a Discovery Arbitrator Pursuant to Bankruptcy Rule 9019(c) and General Order M-390, *Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities LLC (In re Bernard L. Madoff Investment Securities LLC)*, No. 08-01789 (CGM) (Bankr. S.D.N.Y.), ECF No. 14227 (the "Discovery Arbitrator Order").

~~(ii) The Parties are to hold an initial conference with the Discovery Arbitrator to establish procedures for the resolution of the dispute.~~

~~(iii) The costs of the Discovery Arbitrator shall be shared equally by the Trustee and Square One.~~

(ii) Except to the extent, if any, inconsistent with this Order, all terms and conditions of the Discovery Arbitrator Order shall apply to the arbitration of the Dispute.

(iii) The Trustee is permitted to submit his contemplated motion for sanctions, to be heard by the Honorable Frank Maas.

The new paragraph (ii) of the proposed order reflects this Court's ruling that the Discovery Arbitrator Order governs the arbitration. At the hearing on the Declaration of Marco Molina Requesting Conference (ECF 265) regarding Plaintiff's contemplated motion

2

for sanctions, this Court "grant[ed] the trustee's request to file the motion. And the motion shall be heard by the discovery arbitrator in accordance with the procedures outlined in the order appointing a discovery arbitrator, which can be found in Electronic Case Filing 14227 of the main case." Transcript of Hr'g, May 17, 2023, at 48:12–16, a copy of which (relevant pages only) is attached as Exhibit B. A copy of the order appointing discovery arbitrator is attached as Exhibit C.

Plaintiff's proposed order does not address several issues covered by the Discovery Arbitrator Order, which should apply, as this Court intended, to the arbitration. These include immunities and protections of the arbitrator (para. 2), *ex parte* communications (para. 3), preservation of records (para. 4), the arbitrator's fees (para. 5), the fee split between the parties (para. 6), the procedure for commencing an arbitration (paras. 7, 8), confidentiality (para. 9), and review of the arbitrator's rulings (para. 10).

Paragraph (ii) of the trustee's proposed Order is moot and should be deleted because the initial conference has already been held.

Paragraph (iii) of the trustee's proposed Order should be deleted because it is inconsistent with the Discovery Arbitration Order.

The trustee has argued that the Discovery Arbitrator Order was intended to apply to only a limited category of adversary proceedings in this SIPA case. However, the language of the Order, which this Court entered on the trustee's request and in the form submitted by the trustee [Adv. Proc. 08-01789, ECF 13975], provides that the appointment is "to resolve various discovery disputes in any of the Trustee's adversary proceedings, whether such dispute is currently pending before he Court or in the future." Discovery Arbitrator Order at 2.

3

This Court should require the trustee to abide by the Orders he obtains, including the Discovery Arbitrator Order, just as this Court required compliance with the Case Management Order in ruling on this matter.

Finally, this Court should add proposed paragraph (iii) above. In its bench ruling, this Court expressly authorized the trustee to file the motion before the Discovery Arbitrator. The sentence appeared in earlier drafts of the trustee's proposed order but appears to have been inadvertently omitted from the version submitted to the Court.

Dated: May 26, 2023.        Respectfully submitted,

**JENNER & BLOCK LLP**

By: */s/ Richard Levin*
1155 Avenue of the Americas
New York, New York 10036
Telephone: 212.891.1600
Facsimile: 212.891.1699
Richard Levin
rlevin@jenner.com

*Attorneys for Defendant Square One Fund Ltd.*