# EXHIBIT B

                                                                    Page 1

1    UNITED STATES BANKRUPTCY COURT

2    SOUTHERN DISTRICT OF NEW YORK

3    Case No. 08-01789

4    - - - - - - - - - - - - - - - - - - - - - - - - - - - x

5    In the Matter of:

6

7    BERNARD L. MADOFF INVESTMENT SECURITIES LLC,

8

9            Debtor.

10   - - - - - - - - - - - - - - - - - - - - - - - - - - - x

11   Adv. Case No. 10-04285-cgm

12   - - - - - - - - - - - - - - - - - - - - - - - - - - - x

13   IRVING H. PICARD, TRUSTEE FOR THE LIQUIDATION OF BERNARD L.

14   MADOFF INVESTMENT SECURITIES LLC,

15                  Plaintiff,

16           v.

17   UBS AG, UBS (LUXEMBOURG) SA et al.,

18                  Defendants.

19   - - - - - - - - - - - - - - - - - - - - - - - - - - - x

20

21

22

23

24

25

Page 2

1    Adv. Case No. 10-04330-cgm

2    - - - - - - - - - - - - - - - - - - - - - - - - - - - x

3    IRVING H. PICARD, TRUSTEE FOR THE LIQUIDATION OF BERNARD L.

4    MADOFF INVESTMENT SECURITIES LLC,

5                    Plaintiff,

6            v.

7    SQUARE ONE FUND LTD.,

8                    Defendants.

9    - - - - - - - - - - - - - - - - - - - - - - - - - - - x

10   Adv. Case No.

11   - - - - - - - - - - - - - - - - - - - - - - - - - - - x

12   IRVING H. PICARD, TRUSTEE FOR THE LIQUIDATION OF BERNARD L.

13   MADOFF INVESTMENT SECURITIES LLC,

14                    Plaintiff,

15           v.

16   PLATINUM ALL WEATHER FUND LIMITED et al.,

17                    Defendants.

18   - - - - - - - - - - - - - - - - - - - - - - - - - - - x

19                    United States Bankruptcy Court

20                    355 Main Street

21                    Poughkeepsie, NY 12601

22

23                    May 17, 2023

24                    2:01 PM

25

1    B E F O R E :

2    HON CECELIA G. MORRIS

3    U.S. BANKRUPTCY JUDGE

4

5    ECRO:   UNKNOWN

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1    HEARING re 10-04285-cgm Doc# 372 Notice of Hearing to

2    consider the Declaration of Gonzalo S. Zeballos

3    Requesting Conference Pursuant to Local Bankruptcy Rule

4    7007-1 filed by David J. Sheehan on behalf of Irving H.

5    Picard, Trustee for the Liquidation of Bernard L.

6    Madoff Investment Securities LLC, and Bernard L. Madoff

7    (related document(s)371) filed by Clerk of Court, United

8    States Bankruptcy Court, SDNY. with hearing to be held on

9    5/17/2023 at 10:00 AM at Videoconference (ZoomGov) (CGM)

10

11   HEARING re 10-04285-cgm Doc# 372Doc. #371 Declaration of

12   Gonzalo S. Zeballos Requesting Conference Pursuant to

13   Local Bankruptcy Rule 7007-1 filed by David J. Sheehan on

14   behalf of Irving H. Picard, Trustee for the Liquidation of

15   Bernard L. Madoff Investment Securities LLC, and Bernard L.

16   Madoff. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3

17   Exhibit C # 4 Exhibit D) (Sheehan, David)

18

19   HEARING re 10-04330-cgm Doc# 268 Notice of Hearing to

20   consider the Declaration of Marco Molina Requesting

21   Conference Pursuant to Local Bankruptcy Rule 7007-1 filed by

22   David J. Sheehan on behalf of Irving Picard, as Trustee for

23   the Liquidation of Bernard L. Madoff Investment

24   Securities and Response to Declaration of Marco Molina

25   Requesting Conference Pursuant to Local Rule 7007-1 (related

Page 5

1   document(s)23065) filed by Brian J. Fischer on

2   behalf of Square One Fund Ltd. (related document(s)265)

3   filed by Clerk of Court, United States Bankruptcy Court,

4   SDNY. with hearing to be held on 5/17/2023 at 10:00

5   AM at Videoconference (ZoomGov) (CGM) Doc. #23065

6

7   HEARING re 12-01697-cgm Doc# 143 Motion to Dismiss Adversary

8   Proceeding filed by Christopher Harris on behalf of ABN AMRO

9   Retained Nominees (IOM) Limited, f/k/a/ ABN AMRO Fund

10  Services (Isle of Man) Nominees, and f/k/a Fortis (Isle of

11  Man) Nominees Limited. with hearing to be held on 5/17/2023

12  at 10:00 AM at Courtroom 621 (CGM - NYC)

13  Responses due by 3/13/2023,

14

15  HEARING re 12-01697-cgm Doc# 149 Motion to Dismiss Adversary

16  Proceeding filed by Scott Schreiber on behalf of Platinum

17  All Weather Fund Limited. with hearing to be held on

18  5/17/2023 at 10:00 AM at Courtroom 621 (CGM - NYC)

19

20

21

22

23

24

25

1   HEARING re 12-01697-cgm Doc# 154 Opposition /Trustee's

2   Memorandum of Law in Opposition to Platinum All Weather Fund

3   Limited's Motion to Dismiss the Amended Complaint (related

4   document(s)149) filed by David J. Sheehan on behalf of

5   Irving H. Picard, Trustee for the Substantively Consolidated

6   SIPA Liquidation of Bernard L. Madoff Investment

7   Securities LLC and Bernard L. Madoff.

8

9   HEARING re 12-01697-cgm Doc# 156 Opposition /Trustee's

10  Memorandum of Law in Opposition to Defendant ABN AMRO

11  Retained Nominees (IOM) Limited's Motion to Dismiss the

12  Amended Complaint (related document(s)143) filed by Regina

13  Griffin on behalf of Irving H. Picard, Trustee for the

14  Substantively Consolidated SIPA Liquidation of Bernard L.

15  Madoff Investment Securities LLC and Bernard L.

16

17  HEARING re 12-01697-cgm Doc# 160 Reply Memorandum of Law in

18  Further Support of Defendant Platinum All Weather Fund

19  Limited's Motion To Dismiss The Trustee's Amended Complaint

20  (related document(s)149) filed by Scott Schreiber on behalf

21  of Platinum All Weather Fund Limited.

22

23

24

25

Page 7

1    HEARING re 12-01697-cgm Doc# 162 Memorandum of Law / Reply

2    Memorandum of Law in Further Support of ABN AMRO Retained

3    Nominees (IOM) Limited's Motion to Dismiss the Amended

4    Complaint (related document(s)143, 141) filed by Christopher

5    Harris on behalf of ABN AMRO Retained Nominees (IOM)

6    Limited, f/k/a/ ABN AMRO Fund Services (Isle of Man)

7    Nominees, and f/k/a Fortis (Isle of Man) Nominees Limited.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25    Transcribed by:  Sonya Ledanski Hyde

Page 8

1   A P P E A R A N C E S :

2

3   BAKER HOSTETLER LLP

4        Attorneys for Irving H. Picard, Trustee

5        45 Rockefeller Plaza

6        New York, NY 10111

7

8   BY:  GONZALO S. ZEBALLOS

9

10   GIBSON, DUNN & CRUTCHER, LLP

11        Attorneys for UBS Defendants

12        200 Park Avenue

13        New York, NY 10166

14

15   BY:  MARSHALL R. KING

16

17   ALSO PRESENT TELEPHONICALLY:

18   RICHARD A. CIRILLO

19   DAVID SCHWARTZ

20   ALEX WALSDORF

21   STEVEN FROOT

22   GABRIEL HERMANN

23   DOUGLAS A. KELLNER

24   BRETT S. MOORE

25   GEORFFREY A. NORTH

Page 9

1   JENNA C. SMITH

2   RICHARD LEVIN

3   MARCO MOLINA

4   GARY A. WOODFIELD

5   COREY CALABRESE

6   JOHN S. CRAIG

7   ROSA EVERGREEN

8   THOMAS J. GIBLIN

9   REGINA GRIFFIN

10   CHRISTOPHER HARRIS

11   BIANCA LIN

12   ELIZABETH G. MCCURRACH

13   KATHERINE MUELLER

14   LAUREN J. PINCUS

15   DAVID A. SHAIMAN

16   ALEX WALSDORF

17   CHARLES WELCOME

18   JOHN F. ZULACK

19   NOWELL BAMBERGER

20   CHRISTINE ALEXANDRA DEVITO

21   UDAY GORREPATI

22   ABIGAIL GOTTER-NUGENT

23   JOSEPH M. KAY

24   ADAM M. LEVY

25   MARK MCKEEFRY

1  JEFFREY A. ROSENTHAL

2  CHRISTIAN VANDERGEEST

3  DONNA XU

4  DEANDRA FIKE

5  UDAY GORREPATI

6  GAITANA JARAMILLO

7  KEVIN C. KELLY

8  MARCELLA OLIVER

9  DANIEL BERNSTEIN

10  JONATHAN CROSS

11  RANDY LEWIS MARTIN

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Page 35

1    better Internet than I have --

2              MR. ZEBALLOS:  I hope so.

3              THE COURT:  -- in in Brazil.

4              MR. ZEBALLOS:  Actually, I'll be at a business

5    hotel, so I should be fine.

6              THE COURT:  All right.  Yeah.  Yeah, you actually

7    will be up a couple of hours before we will then.  Okay.  I

8    want you all to meet and confer Tuesday of next week.

9    Wednesday you report to me.

10             MR. KING:  Fine, Your Honor.  Thank you.

11             THE COURT:  As I say, I know I'm kicking the can

12   down the road, but you both basically told me that you're

13   doing duplicate work.  So, I hear it.  I hear it.  And I --

14   I have -- you now know I've lived with this case for a

15   little while.  And we're 12 years in and we're not -- and

16   we're just now talking about discovery.  But that's the way

17   life is.  I'll see you all next week.

18             MR. KING:  Thank you, Your Honor.

19             MR. ZEBALLOS:  Thank you, Your Honor.

20             THE COURT:  Very good.  10-04330 in Picard v.

21   Square One Fund Ltd.  08-01789 BLMIS.  State your name and

22   affiliation.

23             MR. MOLINA:  Good morning, Your Honor.  This is

24   Marco Molina, from Baker Hostetler, representing the Trustee

25   in this matter.

1           MR. LEVIN:  Good morning, Your Honor.  Richard

2     Levin, Jenner Block LLP, representing Defendant Square One

3     Fund Ltd.

4           THE COURT:  Very good.  This is your request, Mr.

5     Molina, for a discovery conference?

6           MR. MOLINA:  Yes, Your Honor.  Thank you.  We're

7     seeking leave under Local Rule 7007-1B to bring a motion for

8     sanctions under Rule 37(e) of the Federal Rules of Civil

9     Procedure, due to Square One's (indiscernible) conduct.

10          Now, Your Honor, we do not take these motions

11    lightly.  We're here as a last resort and only after having

12    exhausted all the discovery tools available to the Trustee

13    and after having conferred with Square One's counsel for a

14    period of years on this matter; most recently on March 29th

15    of this year.

16          Now, Your Honor, I'll be happy -- I'll be happy to

17    answer any questions Your Honor may have about the substance

18    of the motion we're about to bring.  But I want to cover the

19    basics here briefly.

20          THE COURT:  Okay.

21          MR. MOLINA:  At the outset of discovery in August

22    of 2019, we served on Square One document requests that

23    asked for a bevy of documents, but specifically some

24    diligence-related documents that we knew Square One had in

25    its custody, possession or control.

1          The productions that Square One made under those

2     requests are plainly deficient.  They lacked metadata, they

3     lacked -- they were missing email attachments.  And more

4     importantly, there were -- some of the key diligence-related

5     documents that Square One had in its custody, possession or

6     control at one time were missing.

7          We conferred with Square One's counsel for over a

8     year about these deficiencies, and we finally agreed after

9     much discussion to hire a third-party vendor to go search

10    for the missing ESI in the repositories where that ESI

11    should have been preserved.

12         Now, after several months, the search came back

13    and it turned out that ESI was missing.  When we demanded

14    answers from Square One's counsel -- and this was in

15    September of 2021 -- so more than two years into fact

16    discovery, they revealed to us for the first time, Your

17    Honor, that in 2017, Square One had caused the repositories

18    of this ESI to be destroyed.

19         Now, after getting that bombshell, we exhausted

20    all discovery tools available to us at that time to try to

21    get our arms around what happened in 2017, and more

22    importantly, the ESI that was supposedly destroyed to be

23    recovered.  We served -- we had two Rule 30(b)(6)

24    depositions.  We served numerous interrogatories and

25    additional discovery requests.  And also, we met and

Page 38

1    conferred with Square One's counsel on numerous occasions.

2            Well, we -- after all of that, what we understand

3    and what the parties agree is that this ESI is gone.  It's

4    irretrievable.  And given that fact discovery closed two

5    months ago, and there's nothing else that the trustee can do

6    to try to obtain the ESI, we felt it was ripe and

7    unfortunate that we have to come before Your Honor to bring

8    a motion for exfoliation under Rule 37(e).

9            Now, if I may, Your Honor, I would like to respond

10   to an argument that my colleague has made with respect to

11   the procedural aspect here.  And that is my understanding is

12   Square One's counsel is taking the position that this motion

13   is should be best brought to Judge Moss, the discovery

14   arbitrator in this action.  And I don't know if I've lost,

15   if I've lost Your Honor, but I think your image -- I was

16   going to stop because I think that you might have signed

17   off.

18           CLERK:  Please stand by for the Judge.  Thank you.

19   Judge Morris apologizes.  She has a small technical problem.

20   She will be on shortly.  Please stand by.  Thank you.

21           MR. ZEBALLOS:  Thank you.

22           THE COURT:  Mr. Molina, I apologize and Mr. Levin,

23   I apologize.  My computer decided to do an update in the

24   middle of all this.  And I have to admit that we've been

25   doing this long enough.  My entire staff came running in

Page 39

1   here to make sure I was okay.  Is everything ok?  No.  And

2   we were right at the point where you wanted to respond to

3   counsel's argument, Mr. Molina.  And that was my last

4   hearing before I went away from y'all.  So if you don't

5   mind, step your, put yourself back there.

6           MR. MOLINA:  Thank you, Your Honor.  As Your Honor

7   mentioned, I was starting to get into I think the principal

8   argument that my colleague on the other side raised in his

9   declaration, which is that Square One is taking the position

10  that this motion should be brought to Judge Moss, the

11  discovery arbitrator in this case.  And they cite to

12  Paragraph 8 of the case management plan, which notes that

13  the parties could bring discovery disputes to Judge Moss.

14          Now, Your Honor, we disagree with Square One's

15  position and for two reasons.  And the first issue, the

16  first reason is this is not, this is not a typical discovery

17  dispute, Your Honor.  We're not asking Your Honor to compel

18  a witness to testify.  We're not asking Your Honor to issue

19  a protective order or to, you know, resolve an issue an

20  issue about privilege log.  Fact discovery closed two months

21  ago.  The reason we're bringing this motion is because we're

22  asking for sanctions that could have case-wide implications

23  in this case.  And for that reason, Your Honor, we think

24  this motion is better brought before you, for this Court,

25  the trial court rather than refer to the discovery

Page 40

1    arbitrator.  And I will add, Your Honor, that this is

2    something that other courts have ruled is the proper course

3    of action.  And I'm happy to read some of this case law into

4    the record if Your Honor wishes.  But the courts have found

5    that because motions for exfoliation under the Rule 37(e)

6    had case-wide implications, those should best be brought

7    before the trial court.

8           THE COURT:  Would you please give me some of that

9    case law, read some of that into the record?

10          MR. MOLINA:  Absolutely.

11          THE COURT:  And tell me, tell me which case, which

12   court, and if you can by which court, I'd like to know which

13   judge, if possible.

14          MR. MOLINA:  I will rely on my team to come up

15   with the name of the judge.  But there's a decision from the

16   Central District of California from January 5th of this

17   year.  The case is MGA Entertainment Inc versus Clifford TI

18   Harris.  And the quote in that, the relevant quote in that

19   decision, which I will now read to the record is "District

20   judges have the authority to decide exfoliation motions even

21   though the magistrate judge typically handles a majority of

22   discovery issues.  The remedies that a moving party seeks in

23   an exfoliation motion can be case dispositive and,

24   therefore, involves substantive questions of litigation

25   misconduct to be resolved by a district judge."  Like I

Page 41

```
1    said, I'll wait for my team to give me the name of the

2    judge.  I don't have the specific name.

3              THE COURT:  But that's a district court opinion?

4              MR. MOLINA:  That's correct.  That's a district

5    court opinion, Your Honor.

6              THE COURT:  Okay.

7              MR. MOLINA:  But the point, the relevant point I

8    think applies here, which is that -- and by, and by the way,

9    we think the world of Judge Moss.  We've -- the trustee

10   regularly encourages our counterparties to bring discovery

11   disputes in front of Judge Moss because we think he's very

12   effective and sharp.

13             THE COURT:  Let me ask you one question.  I've

14   seen it.  Isn't it also possible to appeal to me if you

15   disagree with Judge Moss's ruling?

16             MR. MOLINA:  Absolutely.  Absolutely, Your Honor.

17   And again, we're not, this is not about Judge Moss or any

18   trepidation we have.  It's simply about bringing the,

19   bringing what we believe are -- again, this is not a typical

20   discovery dispute.  And the remedies that we're going to be

21   seeking under this motion, we think are best decided by Your

22   Honor directly.

23             THE COURT:  I hear you.

24             MR. MOLINA:  And then, and then the second, the

25   second point that I wanted to make on that is that, you
```

Page 42

1   know, this is not the first time that we've come before Your

2   Honor on an issue that's arisen from the discovery period.

3   Your Honor may remember two years ago we were, were before

4   Your Honor on a motion seeking approval to issue letters of

5   request to Swiss authorities to compel Swiss witnesses to

6   testify in this case.

7          Now Square One in that case opposed that motion

8   and we brought that dispute directly before Your Honor.  And

9   that dispute could have been, could have been delegated to

10  Judge Moss, who could have issued a recommendation report

11  for Your Honor to adopt.  But we brought it before Your

12  Honor and Score One didn't contest or didn't have any issues

13  with that at that time, which is why, frankly, we're a

14  little bit surprised that my colleagues have taken the

15  staunch position that this matter should not be before,

16  should not be brought directly to Your Honor.

17         So again, we disagree with their interpretation of

18  the case management plan as it being sort of a black and

19  white, you know, always go to Judge Moss.  We feel that it's

20  ultimately up to the parties, but also it's, it's dependent

21  on some of these, some of these unique issues that we think

22  are present in this particular dispute.

23         THE COURT:  Thank you.

24         MR. MOLINA:  So with that, with that, Your Honor,

25  I'll cede my time.

Page 43

1          THE COURT:  Yes.  Mr. Levin.

2          MR. LEVIN:  Thank you, Your Honor.  Excuse me.

3   The declaration that Mr. Melina file concludes with the

4   following language: "The trustee respectfully requests a

5   conference regarding the trustee's contemplated motion for

6   sanctions."  In the hearing today, he said he is requesting

7   leave to file a motion for sanctions.  It would have been

8   helpful had the motion been -- his declaration been teed up

9   for what he intended rather than what he said.

10          He made a lot of comments about supposed

11   exfoliation.  Much of what he said is not true and the

12   discovery record shows that it's not true.  Some data was

13   lost.  I'm not going to dispute that.  But what's behind

14   that and what he said, there's a lot of, a lot of history

15   here and a lot of facts that his request today did not put

16   in issue.  And therefore, I do not intend, unless Your Honor

17   requests to respond to the factual allegations that he

18   makes.  Rather, he requested a conference.  We agreed that a

19   conference should be held.

20          Our position is that the discovery order, the case

21   management order, which is an order of this Court, and which

22   says the parties agreed to go before a discovery arbitrator

23   if there are any disputes is binding.  You can't just say,

24   well, we changed our mind.  We like this one better before,

25   before the Court.  And we're simply asking that he comply

Page 44

1    with this Court's orders.

2         Now, Mr. Molina says that this is ultimately going

3    to have to come before this Court.  Well, we don't know

4    that.  And we don't know that for two reasons.  One reason

5    is despite our specific request to him during the meet and

6    confer that he tell us what sanctions he was seeking and

7    whether they would be case dispositive, he refused to do so.

8    He simply responded, we're seeking sanctions that are

9    authorized under Rule 37(e).  So if they're not case

10   positive sanctions, they might not need to come before this

11   Court.

12         The other reason they might not need to come

13   before this Court is because we think the record is very

14   clear that there was no actionable exfoliation.  There was

15   no exfoliation at all.  And if you look at the case that Mr.

16   Molina has just cited, MGA, the MGA case in the Central

17   District of California, the judge there found on far less

18   egregious facts that there was -- you know, how do I say

19   this -- on facts that suggested less care than was applied

20   by Square One here that there was no exfoliation and no

21   sanctions were warranted.  So that is an issue we think is

22   best heard by Judge Moss as to whether there was

23   exfoliation.  If Judge Moss determines that there is, and if

24   Mr. Molina then reveals to us what sanctions he's seeking,

25   that finding could well come before this Court for a

1    determination of whether case dispositive sanctions are

2    appropriate.  But since this Court has ordered, and he has

3    agreed to go before a discovery arbitrator, we are, although

4    the order didn't specify which discovery arbitrator, we're

5    comfortable with the one we have used before.  We think

6    that's what this conference should direct him to do if he

7    wishes to file that motion, file it and it should go before

8    Judge Moss.

9              THE COURT:  Very good.

10             MR. LEVIN:  One other point, Your Honor.

11             THE COURT:  I'm so sorry.

12             MR. LEVIN:  Mr. Molina has said that we waived

13   Paragraph 8.  In fact, that's not true.  And we pointed that

14   out in the response to his papers.  Judge Moss cannot issue

15   a hay**45:05 request.  It has to come from the Court.  So

16   it's no waiver for us to acknowledge that that issue has to

17   be heard by this Court.  And any amendments to the case

18   management order have to be done by this Court.  There have

19   been a number of extensions of the deadlines in the case

20   management order, and all of those came to this Court

21   because it's a court order and the discovery arbitrator

22   cannot amend the court order, but we have waived nothing.

23   And even if we did, there's nothing that suggests that a

24   waiver one time is a permanent waiver.  That that's all I

25   have, Your Honor.  Thank you.

1          THE COURT:  Very good.  Mr. Molina, any quick

2     rebuttal?

3          MR. MOLINA:  Yes, Your Honor.  I just want to

4     point out that I'm --

5          THE COURT:  Make sure it's rebuttal, not new.

6          MR. MOLINA:  That's right.  No, it's a rebuttal,

7     Your Honor.  Thank you.  I just want to correct the record

8     on something.  We did tell in the meet and confer on March

9     29th of this year, we did tell Square One's counsel that we

10    would be seeking all the available remedies under Rule 37(e)

11    without limitation.  And then when we filed this declaration

12    that prompted the conference that we're having today, Your

13    Honor, we specifically noted that one of those, one of those

14    remedies would be the entry of an adverse inference, which

15    again, is exactly the type of remedy that would have case-

16    wide implications.

17         So this idea, Your Honor, that we need to first

18    find out with Judge Moss what the remedies could be before

19    we, before we can, before Your Honor can decide whether to

20    take this issue, we've already put it on the record.  And

21    just to piggyback of what happened in the proceeding before

22    this proceeding, you know, we don't want to kick the can

23    down the road.  We don't want to prolong this any further.

24    We're ready and willing to bring this motion before Your

25    Honor, so Your Honor can decide these case-wide issues.  So

1    with that, Your Honor, that's all I have.

2         THE COURT:  I have a lot of respect for Judge

3    Moss.  So just so you know that going into my ruling and so

4    you'll hear.

5         On October 4th, 2016, the Court issued **46:57

6    reporting, Frank Moss, esquire now, JAMS, as the discovery

7    arbitrator in connection with the trustee's adversary

8    proceedings.  That order states "Whereas in the interest of

9    judicial economy, the Court appoints a discovery arbitrator

10   pursuant to Rule 9019(c) of the Federal Rules of Bankruptcy

11   Procedure and General Order M390 to resolve various

12   discovery disputes in any of the trustee's adversary

13   proceedings, whether such dispute is currently pending

14   before the Court or in the future."

15        It goes onto state "Whereas the parties in any

16   given adversary proceeding who consent to the use of the

17   discovery arbitrator must enter into a stipulated order

18   consenting to submit the dispute to the discovery arbitrator

19   and the procedures outlined in this order.  But for the

20   avoidance of doubt, nothing herein shall compel a party to

21   consent to arbitration or prohibit a request for a

22   different, for a different discovery arbitrator."

23        In this case, the parties have agreed to resolve

24   this dispute in front of a discovery arbitrator in their

25   case management plan.  The ruling of the discovery

Page 48

1    arbitrator shall be binding on all relevant parties.  Any

2    party may request an appeal of any ruling of the discovery

3    arbitrator by submitting a letter to the Court and copying

4    the relevant parties and the discovery arbitrator setting

5    forth the request and the specific issues to be reviewed

6    within the 14 days from the date such ruling is issued.

7            At the discretion of the Court, the discovery

8    arbitrator's ruling will be reviewed as following.  Finding

9    of facts will be reviewed de novo.  Legal conclusions will

10   be reviewed de novo.  And rulings on procedural matters will

11   be re reviewed for abuse of discretion.

12           I'm granting the trustee's request to file the

13   motion. And the motion shall be heard by the discovery

14   arbitrator in accordance with the procedures outlined in the

15   order appointing a discovery arbitrator, which can be found

16   in Electronic Case Filing 14227 of the main case.  Submit

17   orders in compliance with that, please.  Why don't y'all

18   just work on an order and submit it together?

19           MR. MOLINA:  Thank you, Your Honor.

20           MR. LEVIN:  Thank you, Your Honor.

21           THE COURT:  And would you please thank Judge Moss?

22           MR. MOLINA:  We will, Your Honor.

23           MR. LEVIN:  Will do.  May we'd be excused from

24   hearing Your Honor?

25           THE COURT:  Yes, you may.  Thank you very much.