**LATHAM & WATKINS LLP**
Christopher R. Harris
Thomas J. Giblin
1271 Avenue of the Americas
New York, New York 10020
Telephone:  (212) 906-1200
Facsimile:  (212) 751-4864

*Attorneys for the ABN Ireland Defendants*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (CGM) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, | Adv. Pro. No. 10-05355 (CGM) |
| Plaintiff, | |
| v. | |
| ABN AMRO BANK (IRELAND), LTD, (f/k/a FORTIS PRIME FUND SOLUTIONS BANK (IRELAND) LIMITED) and | |
| ABN AMRO CUSTODIAL SERVICES (IRELAND), LTD (f/k/a FORTIS PRIME FUND SOLUTIONS CUSTODIAL SERVICES (IRELAND) LTD.), | |
| Defendants. | |

## THE ABN IRELAND DEFENDANTS' ANSWER TO THE SECOND AMENDED COMPLAINT

Defendants ABN AMRO Bank (Ireland) Ltd. (f/k/a Fortis Prime Fund Solutions Bank (Ireland) Ltd.) (n/k/a ABN AMRO Retained Custodial Services (Ireland) Limited) ("ABN Bank") and ABN AMRO Custodial Services (Ireland) Limited (f/k/a Fortis Prime Fund Solutions Custodial Services (Ireland) Ltd.) ("ABN Custodial" and together with ABN Bank, the "ABN Ireland Defendants"), by and through their undersigned counsel, hereby answer the Second Amended Complaint of plaintiff Irving H. Picard (the "Trustee"), Trustee for the liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") and the Chapter 7 Estate of Bernard L. Madoff, ECF No. 205 ("Second Amended Complaint" or "SAC").

The ABN Ireland Defendants make this Answer only on behalf of themselves and not on behalf of any other entity, whether related or otherwise. The ABN Ireland Defendants expressly reserve the right to amend this Answer, or seek leave to amend, to modify and/or assert all claims and defenses permitted by law. To the extent that any footnote in the Second Amended Complaint requires a response separate from the ABN Ireland Defendants' response to the paragraph containing the footnote, the ABN Ireland Defendants deny each and every footnote unless expressly admitted. In addition, allegations that purport to state a legal conclusion do not require a response; however, to the extent that a response is required, such allegations are denied. The ABN Ireland Defendants deny any averments in the headings and subheadings of the Second Amended Complaint. For the avoidance of doubt, the ABN Ireland Defendants do not admit any allegations or characterizations contained within any of the headings or subheadings in the Second Amended Complaint. The ABN Ireland Defendants deny that the Trustee is entitled to any relief. The ABN Ireland Defendants repeat, reallege, and incorporate this statement in each paragraph contained in this Answer as if fully set forth therein.

1

With respect to specific paragraphs of the Second Amended Complaint, the ABN Ireland Defendants respond as follows:

1.      Paragraph 1 consists of characterizations of the Trustee's claims and legal conclusions, to which no response is required.  To the extent a response is required, the ABN Ireland Defendants deny the allegation in Paragraph 1.

2.      The ABN Ireland Defendants admit that they entered into a transaction with Rye XL Fund (the "Swap Transaction").  The ABN Ireland Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 2, except to admit the ABN Ireland Defendants received certain payments from Broad Market Fund and Rye XL Fund.  The ABN Ireland Defendants otherwise deny the allegations in Paragraph 2 to the extent they purport to characterize the terms of the Swap Transaction or of any transfers to the ABN Ireland Defendants.

3.      The ABN Ireland Defendants admit that ABN Bank and ABN Custodial were entities within the Fortis Bank (Nederland) N.V. corporate structure until that entity entered into a legal merger under Dutch law with ABN AMRO Bank N.V. in 2010, but deny that the distinct corporate entities within the Fortis Bank (Nederland) N.V. corporate structure formed "one unified entity" and deny any of the allegations in Paragraph 3 (or elsewhere in the Second Amended Complaint) that purport to apply to the ABN Ireland Defendants based on that premise.

4.      To the extent the allegations in Paragraph 4 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity (whether under the name "Fortis" or otherwise), they are denied.  The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of

the allegations in Paragraph 4.  To the extent a response is necessary, the ABN Ireland Defendants deny the allegations in Paragraph 4.

5.      To the extent the allegations in Paragraph 5 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity (whether under the name "Fortis" or otherwise), they are denied.  To the extent Paragraph 5 refers to "contracts" or "agreements," the ABN Ireland Defendants respectfully refer this Court to the relevant documents for a complete and accurate statement of their terms, and deny any allegations inconsistent therewith.  The ABN Ireland Defendants admit that Fortis Fund Bahamas provided administrator services to Harley, but deny the Trustee's characterization of Harley as a "BLMIS Feeder Fund," and its characterization of the relationship between Fortis Fund Bahamas, Harley, and the "various Fortis entities," and otherwise deny the allegations in Paragraph 5.

6.      To the extent the allegations in Paragraph 6 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity (whether under the name "Fortis" or otherwise), they are denied.  The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6.  To the extent a response is necessary, the ABN Ireland Defendants deny the allegations in Paragraph 6.

7.      To the extent the allegations in Paragraph 7 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity (whether under the name "Fortis" or otherwise), they are denied.  The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of

the allegations in Paragraph 7. To the extent a response is necessary, the ABN Ireland Defendants deny the allegations in Paragraph 7.

8.      To the extent the allegations in Paragraph 8 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity (whether under the name "Fortis" or otherwise), they are denied. To the extent the allegations in Paragraph 8 consist of legal conclusions, no response is required. To the extent Paragraph 8 refers to documents or communications, those documents speak for themselves and only provide as stated therein. The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8. To the extent a response is necessary, the ABN Ireland Defendants deny the allegations in Paragraph 8.

9.      To the extent the allegations in Paragraph 9 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity (whether under the name "Fortis" or otherwise), they are denied. To the extent Paragraph 9 refers to documents or communications, those documents speak for themselves and only provide as stated therein. The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9. To the extent a response is necessary, the ABN Ireland Defendants deny the allegations in Paragraph 9.

10.     To the extent the allegations in Paragraph 10 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity (whether under the name "Fortis" or otherwise), they are denied. To the extent the allegations in Paragraph 10 consist of legal conclusions, no response is required. The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of

the allegations in Paragraph 10. To the extent a response is necessary, the ABN Ireland Defendants deny the allegations in Paragraph 10.

11.    To the extent the allegations in Paragraph 11 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity (whether under the name "Fortis" or otherwise), they are denied. To the extent the allegations in Paragraph 11 consist of legal conclusions, no response is required. The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11. To the extent a response is necessary, the ABN Ireland Defendants deny the allegations in Paragraph 11.

12.    To the extent the allegations in Paragraph 12 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity (whether under the name "Fortis" or otherwise), they are denied. To the extent the allegations in Paragraph 12 consist of legal conclusions, no response is required. The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12. To the extent a response is necessary, the ABN Ireland Defendants deny the allegations in Paragraph 12.

13.    To the extent the allegations in Paragraph 13 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity (whether under the name "Fortis" or otherwise), they are denied. To the extent the allegations in Paragraph 13 consist of legal conclusions, no response is required. The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13. To the extent a response is necessary, the ABN Ireland Defendants deny the allegations in Paragraph 13.

14.     To the extent the allegations in Paragraph 14 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity (whether under the name "Fortis" or otherwise), they are denied.  To the extent the allegations in Paragraph 14 purport to describe or selectively quote written communications, those documents speak for themselves and only provide as stated therein.  The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14.  To the extent a response is necessary, the ABN Ireland Defendants deny the allegations in Paragraph 14.

15.     To the extent the allegations in Paragraph 15 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity (whether under the name "Fortis" or otherwise), they are denied.  To the extent the allegations in Paragraph 15 purport to describe or selectively quote written communications, those documents speak for themselves and only provide as stated therein.  The ABN Ireland Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15.  To the extent a response is necessary, the ABN Ireland Defendants deny the allegations in Paragraph 15.

16.     To the extent the allegations in Paragraph 16 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity (whether under the name "Fortis" or otherwise), they are denied.  To the extent the allegations in Paragraph 16 consist of legal conclusions, no response is required.  To the extent the allegations in Paragraph 16 purport to describe or selectively quote written communications, those documents speak for themselves and only provide as stated therein.  The ABN Ireland Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in

Paragraph 16.   To the extent a response is necessary, the ABN Ireland Defendants deny the allegations in Paragraph 16.

17.     To the extent the allegations in Paragraph 17 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity (whether under the name "Fortis" or otherwise), they are denied.  To the extent the allegations in Paragraph 17 consist of legal conclusions, no response is required.  The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17.  To the extent a response is necessary, the ABN Ireland Defendants deny the allegations in Paragraph 17.

18.     To the extent the allegations in Paragraph 18 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity (whether under the name "Fortis" or otherwise), they are denied.  To the extent the allegations in Paragraph 18 purport to characterize and selectively quote marketing materials and public filings, those documents speak for themselves and only provide as stated therein.  To the extent a further response is required, the ABN Ireland Defendants deny the allegations in Paragraph 18.

19.     To the extent the allegations in Paragraph 19 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity (whether under the name "Fortis" or otherwise), they are denied.  The ABN Ireland Defendants state that Paragraph 19 does not contain sufficient detail to enable the ABN Ireland Defendants to verify or dispute the truth of the allegations contained therein.  To the extent a response is required, the ABN Ireland Defendants deny that any employees of entities affiliated

with the ABN Ireland Defendants learned of or warned of the risk of malfeasance by Madoff and

otherwise deny the remaining allegations in Paragraph 19.

20.     To the extent the allegations in Paragraph 20 purport to apply to ABN Bank and

ABN Custodial on the basis that they, along with various other corporate entities, operated as one

unified entity (whether under the name "Fortis" or otherwise), they are denied.  To the extent

Paragraph 20 refers to documents or communications, those documents speak for themselves and

only provide as stated therein.  The ABN Ireland Defendants lack knowledge or information

sufficient to form a belief as to the truth of the allegations in Paragraph 20.  To the extent a response

is necessary, the ABN Ireland Defendants deny the allegations in Paragraph 20.

21.     To the extent the allegations in Paragraph 21 purport to apply to ABN Bank and

ABN Custodial on the basis that they, along with various other corporate entities, operated as one

unified entity (whether under the name "Fortis" or otherwise), they are denied.  To the extent the

allegations in Paragraph 21 purport to characterize the terms of the Swap Transaction, the ABN

Ireland Defendants respectfully refer this Court to the relevant swap agreements for a complete

and accurate statement of their terms, and deny any allegations inconsistent therewith.  The ABN

Ireland Defendants otherwise deny the remaining allegations in Paragraph 21.

22.     To the extent the allegations in Paragraph 22 consist of legal conclusions, no

response is required.  To the extent the allegations in Paragraph 22 purport to characterize the

terms of the Swap Transaction, the ABN Ireland Defendants respectfully refer this Court to the

relevant swap agreements for a complete and accurate statement of their terms, and deny any

allegations inconsistent therewith.  To the extent the allegations in Paragraph 22 purport to describe

the terms of Tremont's agreements with its other investors, the ABN Ireland Defendants lack

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in

Paragraph 22.  To the extent a further response is required, the ABN Ireland Defendants deny the remaining allegations in Paragraph 22.

23.    To the extent the allegations in Paragraph 23 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity (whether under the name "Fortis" or otherwise), they are denied.  To the extent the allegations in Paragraph 23 purport to characterize pleadings in another legal proceeding, those documents speak for themselves and only provide as stated therein.  The ABN Ireland Defendants otherwise deny the allegations in Paragraph 23.

24.    To the extent the allegation in Paragraph 24 purports to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity (whether under the name "Fortis" or otherwise), they are denied.  The ABN Ireland Defendants otherwise deny the allegation in Paragraph 24.

25.    The ABN Ireland Defendants admit the allegations in the first two sentences of Paragraph 25.  The third sentence of Paragraph 25 consists of legal conclusions to which no response is required.  To the extent a response is required, the ABN Ireland Defendants deny that this Court has jurisdiction to enter a final order or judgment in this proceeding.

26.    Paragraph 26 consists of legal conclusions to which no response is required.  To the extent a response is required, the ABN Ireland Defendants deny the allegation in the first sentence of Paragraph 26.  The ABN Ireland Defendants admit that the Trustee consents to entry of final orders or judgments by this Court if it is determined that the consent of the parties is required for this Court to enter final orders or judgments consistent with Article III of the U.S. Constitution, but state that the ABN Ireland Defendants do not so consent.

27.     Paragraph 27 consists of legal conclusions to which no response is required.  To the extent a response is required, and without conceding the propriety of jurisdiction, the ABN Ireland Defendants admit venue in this judicial district is proper under 28 U.S.C. § 1409.

28.     Paragraph 28 consists of characterizations of the Trustee's claims and legal conclusions to which no response is required.  To the extent a response is required, the ABN Ireland Defendants admit that the Trustee purports to bring this proceeding pursuant to the statutory provisions referenced in Paragraph 28, but otherwise deny the allegations in Paragraph 28.

29.     The allegations in Paragraph 29 consist of legal conclusions to which no response is required.  To the extent a response is required, the ABN Ireland Defendants deny that that they are subject to personal jurisdiction in this judicial district.

30.     To the extent the allegations in Paragraph 30 purport to characterize and selectively quote the documents governing the Swap Transaction, the ABN Ireland Defendants respectfully refer the Court to those documents for a complete and accurate statement of their contents, and deny any allegations inconsistent therewith.  The remaining allegations in Paragraph 30 consist of legal conclusions to which no response is required.

31.     The allegation in Paragraph 31 consists of legal conclusions to which no response is required.  To the extent a response is required, the ABN Ireland Defendants admit that they received certain payments from Broad Market Fund and Rye XL Fund, but deny the remaining allegations in Paragraph 31.

32.     The ABN Ireland Defendants lack knowledge or information sufficient to form a belief as to the allegation in the first sentence of Paragraph 32 and therefore deny that allegations. The ABN Ireland Defendants otherwise deny the remaining allegations in Paragraph 32.

33.     To the extent the allegations in Paragraph 33 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity under the name "Fortis," or acted through "Fortis' New York entities," they are denied.  The ABN Ireland Defendants otherwise deny the remaining allegations in Paragraph 33.

34.     The ABN Ireland Defendants admit that they filed a claim in the Tremont Class Action, but refer the Court to the filings in the Tremont Class Action for a complete and accurate statement of its claim.

35.     The allegations in Paragraph 35 appear to be based on publicly available information regarding certain investigations by law enforcement and regulatory bodies; however, the ABN Ireland Defendants lack independent knowledge sufficient to verify or dispute the truth of these allegations.

36.     The allegations in Paragraph 36 appear to be based on publicly available information regarding certain investigations by regulatory bodies; however, the ABN Ireland Defendants lack independent knowledge sufficient to verify or dispute the truth of these allegations.

37.     The allegations in Paragraph 37 purport to characterize an order by Judge Stanton; the order speaks for itself and only provides as stated therein.

38.     The allegations in Paragraph 38 purport to characterize certain orders by this Court; those orders speak for themselves and only provide as stated therein.

39.     The allegation in Paragraph 39 purports to characterize events in certain legal proceedings; however, the ABN Ireland Defendants lack independent knowledge sufficient to verify or dispute the truth of these allegations.

40.     The allegation in Paragraph 40 purports to characterize events in certain legal proceedings; however, the ABN Ireland Defendants lack independent knowledge sufficient to verify or dispute the truth of these allegations.

41.     The allegations in Paragraph 41 purport to characterize events in certain legal proceedings; however, the ABN Ireland Defendants lack independent knowledge sufficient to verify or dispute the truth of these allegations.

42.     The allegations in Paragraph 42 purport to characterize events in certain legal proceedings; however, the ABN Ireland Defendants lack independent knowledge sufficient to verify or dispute the truth of these allegations.

43.     The allegation in Paragraph 43 purports to characterize events in certain legal proceedings; however, the ABN Ireland Defendants lack independent knowledge sufficient to verify or dispute the truth of these allegations.

44.     The allegations in Paragraph 44 consist of legal conclusions to which no response is required.  The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44.

45.     The allegations in Paragraph 45 consist of legal conclusions to which no response is required.

46.     The allegations in Paragraph 46 consist of legal conclusions to which no response is required.

47.     The ABN Ireland Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47.

48.     To the extent the allegations in Paragraph 48 purport to characterize certain documents filed with the Financial Industry Regulatory Authority Inc., those documents speak for

themselves and only provide as stated therein.  To the extent the allegations in Paragraph 48 consist of legal conclusions, no response is required.  The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48.

49.    The ABN Ireland Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49.

50.    The ABN Ireland Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50.

51.    To the extent the allegations in Paragraph 51 purport to characterize certain documents filed with the SEC, those documents speak for themselves and only provide as stated therein.  The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51.

52.    To the extent the allegations in Paragraph 52 purport to characterize certain documents filed with the SEC, those documents speak for themselves and only provide as stated therein.  The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52.

53.    The ABN Ireland Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53.

54.    The ABN Ireland Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54.

55.    The ABN Ireland Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55.

56.     To the extent the allegations in Paragraph 56 purport to characterize SEC filings, those filings speak for themselves and only provide as stated therein.  The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56.

57.     The ABN Ireland Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57.

58.     The ABN Ireland Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58.

59.     The ABN Ireland Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59.

60.     The ABN Ireland Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60.

61.     The ABN Ireland Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61.

62.     The ABN Ireland Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62.

63.     The ABN Ireland Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63.

64.     The ABN Ireland Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64.

65.     The ABN Ireland Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65.

66.     The ABN Ireland Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66.

67.     The ABN Ireland Defendants deny the allegations in the first sentence of Paragraph 67.  The ABN Ireland Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences of Paragraph 67.

68.     The ABN Ireland Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68.

69.     The ABN Ireland Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69.

70.     The ABN Ireland Defendants deny the allegations in the first sentence of Paragraph 70.  The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 70.

71.     The ABN Ireland Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71.

72.     The ABN Ireland Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72.

73.     The ABN Ireland Defendants lack knowledge or information sufficient to verify or dispute the truth of the allegations in Paragraph 73.

74.     The ABN Ireland Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74.

75.     The ABN Ireland Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75.

76.    The ABN Ireland Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76.

77.    The allegations in Paragraph 77 consist of legal conclusions to which no response is required.  To the extent a response is required, the ABN Ireland Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77.

78.    ABN Bank admits that (i) it was incorporated in 2003 with its principal place of business at Fortis House Park Lane, Spencer Dock, Dublin, Ireland; (ii) it was named "Fortis Prime Fund Solutions Bank (Ireland) Limited" until July 5, 2010, at which point it became "ABN AMRO Bank (Ireland) Limited"; (iii) on July 28, 2011, it changed its name from "ABN AMRO Bank (Ireland) Limited" to "ABN AMRO Retained Custodial Services (Ireland) Limited"; and (iv) it is an indirect subsidiary of ABN AMRO Bank N.V.; but otherwise denies the remaining allegations in Paragraph 78.

79.    ABN Custodial admits that (i) it was incorporated in 1995 with its principal place of business at Fortis House Park Lane, Spencer Dock, Dublin, Ireland; (ii) it was named "Fortis Prime Fund Solutions Custodial Services (Ireland) Limited" until July 5, 2010, at which point it became "ABN AMRO Custodial Services (Ireland) Limited"; and (iii) it is an indirect subsidiary of ABN AMRO Bank N.V.; but otherwise denies the remaining allegations in Paragraph 79.

80.    The ABN Ireland Defendants admit that ABN Bank and ABN Custodial were entities within the Fortis Bank (Nederland) N.V. corporate structure until that entity merged with ABN AMRO Bank N.V. in 2010 but deny that the distinct corporate entities within that corporate structure operated as "one unified entity," and therefore deny the remaining allegations in Paragraph 80 on that basis.

81.    To the extent the allegations in Paragraph 81 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity (whether under the name "Fortis" or otherwise), they are denied.  The ABN Ireland Defendants admit that Fortis Bank SA/N.V. purchased MeesPierson N.V. and that MeesPierson N.V. became an indirect, wholly owned subsidiary of Fortis Bank SA/N.V.  The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 81.

82.    To the extent the allegations in Paragraph 82 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity (whether under the name "Fortis" or otherwise), they are denied.  The ABN Ireland Defendants admit that in 2003 ABN Bank was incorporated with the name Fortis Prime Fund Solutions Bank (Ireland) Limited, and in 2004 ABN Custodial was renamed Fortis Prime Fund Solutions Custodial Services (Ireland) Limited, but otherwise deny the allegations in the second sentence of Paragraph 82.  The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 82.  To the extent a further response is necessary, the ABN Ireland Defendants deny the remaining allegations in Paragraph 82.

83.    To the extent the allegations in Paragraph 83 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity under the name "Fortis,"  "Fortis Fund Solutions," or "Prime Fund Solutions," they are denied.  To the extent the allegations in Paragraph 83 purport to characterize and selectively quote a public announcement, that announcement speaks for itself and only provides as stated therein.  The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form

a belief as to the truth of the remaining allegations in Paragraph 83. To the extent a further response is necessary, the ABN Ireland Defendants deny the remaining allegations in Paragraph 83.

84.    To the extent the allegations in Paragraph 84 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity (whether under the name "Fortis" or otherwise), they are denied. The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 84.

85.    To the extent the allegations in Paragraph 85 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity (whether under the name "Fortis" or otherwise), they are denied. To the extent a further response is required, the ABN Ireland Defendants deny the allegations in Paragraph 85.

86.    The ABN Ireland Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86.

87.    The ABN Ireland Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87.

88.    The ABN Ireland Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88.

89.    The ABN Ireland Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89.

90.    The ABN Ireland Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90.

91.    To the extent the allegations in Paragraph 91 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one

unified entity (whether under the name "Fortis" or otherwise), they are denied. The ABN Ireland Defendants admit that certain affiliates of the ABN Ireland Defendants provided administrator and custodian services and financing to the hedge fund industry. The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91.

92.     The allegations in Paragraph 92 purport to describe the terms of an agreement between Fortis Fund Bahamas and Harley; the ABN Ireland Defendants respectfully refer the Court to that agreement for a complete and accurate statement of its contents and deny any allegations inconsistent therewith. The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92.

93.     The ABN Ireland Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93.

94.     To the extent the allegations in Paragraph 94 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity (whether under the name "Fortis" or otherwise), they are denied. The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94. To the extent a further response is required, the ABN Ireland Defendants deny the allegations in Paragraph 94.

95.     To the extent the allegations in Paragraph 95 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity (whether under the name "Fortis" or otherwise), they are denied. The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of

the allegations in Paragraph 95.  To the extent a further response is required, the ABN Ireland Defendants deny the allegations in Paragraph 95.

96.     To the extent the allegations in Paragraph 96 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity (whether under the name "Fortis" or otherwise), they are denied.  To the extent the allegations in Paragraph 96 purport to describe any written communications, those documents speak for themselves and only provide as stated therein.  The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96.  The ABN Ireland Defendants deny the remaining allegations in Paragraph 96.

97.     To the extent the allegations in Paragraph 97 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity (whether under the name "Fortis" or otherwise), they are denied.  To the extent the allegations in Paragraph 97 purport to describe any documents, those documents speak for themselves and only provide as stated therein.  The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97.  The ABN Ireland Defendants deny the remaining allegations in Paragraph 97.

98.     The allegations in Paragraph 98 consist of legal conclusions to which no response is required.  To the extent a response is required, the ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98.

99.     To the extent the allegations in Paragraph 99 purport to refer to specific regulations, those regulations speak for themselves and only provide as stated therein.  The allegations in Paragraph 99 otherwise consist of legal conclusions to which no response is required.  To the

extent a response is required, the ABN Ireland Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99. The ABN Ireland Defendants deny the remaining allegations in Paragraph 99.

100. To the extent the allegations in Paragraph 100 purport to refer to specific regulations, those regulations speak for themselves and only provide as stated therein. The allegations in Paragraph 100 otherwise consist of legal conclusions to which no response is required.

101. To the extent the allegations in Paragraph 101 purport to refer to specific regulations, those regulations speak for themselves and only provide as stated therein. The allegations in Paragraph 101 otherwise consist of legal conclusions to which no response is required.

102. To the extent the allegations in Paragraph 102 purport to refer to specific regulations, those regulations speak for themselves and only provide as stated therein. The allegations in Paragraph 102 otherwise consist of legal conclusions to which no response is required.

103. To the extent the allegations in Paragraph 103 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity (whether under the name "Fortis" or otherwise), they are denied. To the extent the allegations in Paragraph 103 characterize and selectively quote written communications, those documents speak for themselves and only provide as stated therein. The ABN Ireland Defendants deny the remaining allegations in Paragraph 103.

104. To the extent the allegations in Paragraph 104 purport to characterize and selectively quote written communications, those documents speak for themselves and only provide

as stated therein.  To the extent the allegations in Paragraph 104 consist of legal conclusions, no response is required.  The ABN Ireland Defendants deny the remaining allegations in Paragraph 104.

105.    To the extent the allegations in Paragraph 105 purport to characterize and selectively quote written communications, those documents speak for themselves and only provide as stated therein.  To the extent the allegations in Paragraph 105 consist of legal conclusions, no response is required.  The ABN Ireland Defendants deny the remaining allegations in Paragraph 105.

106.    To the extent the allegations in Paragraph 106 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity (whether under the name "Fortis" or otherwise), they are denied.  To the extent the allegations in Paragraph 106 purport to characterize and selectively quote written communications, those documents speak for themselves and only provide as stated therein.  To the extent the allegations in Paragraph 106 consist of legal conclusions, no response is required.  The ABN Ireland Defendants deny the remaining allegations in Paragraph 106.

107.    To the extent the allegations in Paragraph 107 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity (whether under the name "Fortis" or otherwise), they are denied.  To the extent the allegations in Paragraph 107 purport to characterize a written communication, that communication speaks for itself and only provide as stated therein.  To the extent a further response is required, the ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107.  The ABN Ireland Defendants deny the remaining allegations in Paragraph 107.

108.    To the extent the allegations in Paragraph 108 purport to characterize and selectively quote written communications, those documents speak for themselves and only provide as stated therein.  To the extent the allegations in Paragraph 108 purport to describe industry custom, no response is required.  The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 108.  To the extent a further response is required, the ABN Ireland Defendants deny the remaining allegations in Paragraph 108.

109.    To the extent the allegations in Paragraph 109 purport to characterize and selectively quote written communications, those documents speak for themselves and only provide as stated therein.  The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 109.  To the extent a further response is required, the ABN Ireland Defendants deny the remaining allegations in Paragraph 109.

110.    To the extent the allegations in Paragraph 110 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity (whether under the name "Fortis" or otherwise), they are denied.  To the extent the allegations in Paragraph 110 purport to characterize and selectively quote written communications, those documents speak for themselves and only provide as stated therein.  The ABN Ireland Defendants deny the remaining allegations in Paragraph 110.

111.    To the extent the allegations in Paragraph 111 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity (whether under the name "Fortis" or otherwise), they are denied.  The allegations in Paragraph 111 purport to characterize and selectively quote written communications, those

23

documents speak for themselves and only provide as stated therein.  The ABN Ireland Defendants

deny the remaining allegations in Paragraph 111.

112.    To the extent the allegations in Paragraph 112 purport to apply to ABN Bank and

ABN Custodial on the basis that they, along with various other corporate entities, operated as one

unified entity (whether under the name "Fortis" or otherwise), they are denied.  The allegations in

Paragraph 112 purport to characterize and selectively quote written communications, those

documents speak for themselves and only provide as stated therein.  To the extent the allegations

in Paragraph 112 consist of legal conclusions, no response is required.  The ABN Ireland

Defendants deny the remaining allegations in Paragraph 112.

113.    To the extent the allegations in Paragraph 113 purport to apply to ABN Bank and

ABN Custodial on the basis that they, along with various other corporate entities, operated as one

unified entity (whether under the name "Fortis" or otherwise), they are denied.  The allegations in

Paragraph 113 purport to characterize a written communication, that communication speaks for

itself and only provides as stated therein.  The ABN Ireland Defendants deny the remaining

allegations in Paragraph 113.

114.    To the extent the allegations in Paragraph 114 purport to apply to ABN Bank and

ABN Custodial on the basis that they, along with various other corporate entities, operated as one

unified entity (whether under the name "Fortis" or otherwise), they are denied.  The allegations in

Paragraph 114 purport to characterize a written communication, that communication speaks for

itself and only provides as stated therein.  The ABN Ireland Defendants deny the remaining

allegations in Paragraph 114.

115.    To the extent the allegations in Paragraph 115 purport to apply to ABN Bank and

ABN Custodial on the basis that they, along with various other corporate entities, operated as one

unified entity (whether under the name "Fortis" or otherwise), they are denied. The allegations in Paragraph 115 purport to characterize a written communication, that communication speaks for itself and only provides as stated therein. The ABN Ireland Defendants deny the remaining allegations in Paragraph 115.

116. To the extent the allegations in Paragraph 116 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity (whether under the name "Fortis" or otherwise), they are denied. The allegation in Paragraph 116 purports to characterize a written communication, that communication speaks for itself and only provides as stated therein.

117. To the extent the allegations in Paragraph 117 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity (whether under the name "Fortis" or otherwise), they are denied. To the extent the allegations in Paragraph 117 consist of legal conclusions, no response is required. The ABN Ireland Defendants deny the remaining allegations in Paragraph 117.

118. To the extent the allegations in Paragraph 118 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity (whether under the name "Fortis" or otherwise), they are denied. To the extent the allegations in Paragraph 118 consist of legal conclusions, no response is required. The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 118. To the extent a further response is required, the ABN Ireland Defendants admit that administration duties for Harley were moved to Fortis Fund Cayman, but otherwise deny the remaining allegations in Paragraph 118.

119.    To the extent the allegations in Paragraph 119 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity (whether under the name "Fortis" or otherwise), they are denied.  To the extent the allegations in Paragraph 119 consist of legal conclusions, no response is required.  The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 119.  To the extent a further response is required, the ABN Ireland Defendants admit that administration duties for Harley were moved to Fortis Fund Cayman but otherwise deny the remaining allegations in Paragraph 119.

120.    To the extent the allegations in Paragraph 120 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity (whether under the name "Fortis" or otherwise), they are denied.  To the extent Paragraph 120 refers to "contracts" or "agreements," ABN Ireland Defendants respectfully refer this Court to the relevant documents for a complete and accurate statement of their terms, and deny any allegations inconsistent therewith.  The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 120.  To the extent a further response is required, the ABN Ireland Defendants deny the remaining allegations in Paragraph 120.

121.    To the extent the allegations in Paragraph 121 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity (whether under the name "Fortis" or otherwise), they are denied.  The ABN Ireland Defendants admit that Fortis Fund Services (Cayman) Ltd. provided administrator services to Harley beginning in or around October 2003, but otherwise deny the allegations in Paragraph 121.

122.    To the extent the allegations in Paragraph 122 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity (whether under the name "Fortis" or otherwise), they are denied.  The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 122.  To the extent a further response is required, the ABN Ireland Defendants deny the remaining allegations in Paragraph 122.

123.    To the extent the allegations in Paragraph 123 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity (whether under the name "Fortis" or otherwise), they are denied.  The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 123.  To the extent a further response is required, the ABN Ireland Defendants deny the remaining allegations in Paragraph 123.

124.    To the extent the allegations in Paragraph 124 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity (whether under the name "Fortis" or otherwise), they are denied.  The ABN Ireland Defendants deny the remaining allegations in Paragraph 124.

125.    To the extent the allegations in Paragraph 125 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity (whether under the name "Fortis" or otherwise), they are denied.  Paragraph 125 purports to characterize unspecified emails; any such emails speak for themselves and only provide as stated therein.  The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 125.  To the extent a further response is required, the ABN Ireland Defendants deny the remaining allegations in Paragraph 125.

126.    To the extent the allegations in Paragraph 126 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity (whether under the name "Fortis" or otherwise), they are denied.  The allegations in Paragraph 126 purport to characterize and selectively quote an email and other written communications; those documents speak for themselves and only provide as stated therein.

127.    To the extent the allegations in Paragraph 127 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity (whether under the name "Fortis" or otherwise), they are denied.  To the extent Paragraph 127 purports to summarize unspecified documents, any such documents speak for themselves and only provide as stated therein.  To the extent a further response is required, the ABN Ireland Defendants deny the remaining allegations in Paragraph 127.

128.    To the extent the allegations in Paragraph 128 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity (whether under the name "Fortis" or otherwise), they are denied.  To the extent Paragraph 128 purports to summarize unspecified documents, any such documents speak for themselves and only provide as stated therein.  To the extent a further response is required, the ABN Ireland Defendants deny the remaining allegations in Paragraph 128.

129.    To the extent the allegations in Paragraph 129 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity (whether under the name "Fortis" or otherwise), they are denied.  The ABN Ireland Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 129.  To the extent a further response is required, the ABN Ireland Defendants deny the remaining allegations in Paragraph 129.

130.    To the extent the allegations in Paragraph 130 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity (whether under the name "Fortis" or otherwise), they are denied.  The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 130.  To the extent a further response is required, the ABN Ireland Defendants deny the remaining allegations in Paragraph 130.

131.    To the extent the allegations in Paragraph 131 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity (whether under the name "Fortis" or otherwise), they are denied.  The remaining allegations in Paragraph 131 consist of legal conclusions to which no response is required.  The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 131.  To the extent a further response is required, the ABN Ireland Defendants deny the remaining allegations in Paragraph 131.

132.    To the extent the allegations in Paragraph 132 purport to characterize and selectively quote the an internal memorandum, that memorandum speaks for itself and only provides as stated therein.  The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 132.  To the extent a further response is required, the ABN Ireland Defendants deny the remaining allegations in Paragraph 132.

133.    To the extent the allegations in Paragraph 133 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity (whether under the name "Fortis" or otherwise), they are denied.  To the extent the allegations in Paragraph 133 purport to quote a press release, that press release speaks for itself

and only provides as stated therein. The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 133. To the extent a further response is required, the ABN Ireland Defendants deny the remaining allegations in Paragraph 133.

134.    The allegations in Paragraph 134 purport to characterize written communications; those documents speak for themselves and only provide as stated therein. To the extent the allegations in Paragraph 134 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity (whether under the name "Fortis" or otherwise), they are denied. The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 134. To the extent a further response is required, the ABN Ireland Defendants deny the remaining allegations in Paragraph 134.

135.    To the extent the allegations in Paragraph 135 purport to characterize certain documents, those documents speak for themselves and only provide as stated therein. To the extent the allegations in Paragraph 135 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity (whether under the name "Fortis" or otherwise), they are denied. The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 135. To the extent a further response is required, the ABN Ireland Defendants deny the remaining allegations in Paragraph 135.

136.    To the extent the allegations in Paragraph 136 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity (whether under the name "Fortis" or otherwise), they are denied. The ABN Ireland

Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 136. To the extent a further response is required, the ABN Ireland Defendants deny the remaining allegations in Paragraph 136.

137.    To the extent the allegations in Paragraph 137 purport to characterize written communications, those documents speak for themselves and only provide as stated therein. To the extent the allegations in Paragraph 137 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity (whether under the name "Fortis" or otherwise), they are denied. The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 137. To the extent a further response is required, the ABN Ireland Defendants deny the characterizations of the communications contained in Paragraph 137.

138.    To the extent the allegations in Paragraph 138 purport to characterize written communications, those documents speak for themselves and only provide as stated therein. To the extent the allegations in Paragraph 138 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity (whether under the name "Fortis" or otherwise), they are denied. The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 138. To the extent a further response is required, the ABN Ireland Defendants deny the characterizations of the communications contained in Paragraph 138.

139.    To the extent the allegations in Paragraph 139 purport to characterize written communications, those documents speak for themselves and only provide as stated therein. To the extent the allegations in Paragraph 139 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity (whether

under the name "Fortis" or otherwise), they are denied.  The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 139.  To the extent a further response is required, the ABN Ireland Defendants deny the remaining allegations in Paragraph 139.

140.    The allegations in Paragraph 140 purport to describe the functioning of OTC options trades, the ABN Ireland Defendants deny that this simplified description provides a complete picture of the mechanism of such trades.

141.    The ABN Ireland Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 141.  To the extent a further response is required, the ABN Ireland Defendants deny the allegations in Paragraph 141.

142.    To the extent the allegations in Paragraph 142 purport to characterize written communications, those documents speak for themselves and only provide as stated therein.  To the extent the allegations in Paragraph 142 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity (whether under the name "Fortis" or otherwise), they are denied.  The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 142.  To the extent a further response is required, the ABN Ireland Defendants deny the characterizations of the communication contained in Paragraph 142.

143.    The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 143.  To the extent a further response is required, the ABN Ireland Defendants deny the allegations in Paragraph 143.

144.    To the extent the allegations in Paragraph 144 purport to characterize written communications, those documents speak for themselves and only provide as stated therein.  To the

extent the allegations in Paragraph 144 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity (whether under the name "Fortis" or otherwise), they are denied. The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 144. To the extent a further response is required, the ABN Ireland Defendants deny the characterizations of the communication contained in Paragraph 144.

145.    The allegations in Paragraph 145 purport to describe the nature of ISDA agreements used for OTC options transactions; the ABN Ireland Defendants deny that the generalized and simplified description provided herein fully captures all the elements of such agreements.

146.    To the extent the allegations in Paragraph 146 purport to characterize written communications, those documents speak for themselves and only provide as stated therein. To the extent the allegations in Paragraph 146 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity (whether under the name "Fortis" or otherwise), they are denied. The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 146. To the extent a further response is required, the ABN Ireland Defendants deny the allegations in Paragraph 146.

147.    To the extent the allegations in Paragraph 147 purport to characterize written communications, those documents speak for themselves and only provide as stated therein. To the extent the allegations in Paragraph 147 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity (whether under the name "Fortis" or otherwise), they are denied. The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in

Paragraph 147. To the extent a further response is required, the ABN Ireland Defendants deny the characterizations of the communication contained in Paragraph 147.

148. To the extent the allegations in Paragraph 148 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity (whether under the name "Fortis" or otherwise), they are denied. The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 148. To the extent a further response is required, the ABN Ireland Defendants deny the allegations in Paragraph 148.

149. To the extent the allegations in Paragraph 149 purport to characterize written communications, those documents speak for themselves and only provide as stated therein. To the extent the allegations in Paragraph 149 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity (whether under the name "Fortis" or otherwise), they are denied. The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 149. To the extent a further response is required, the ABN Ireland Defendants deny the characterizations of the communication contained in Paragraph 149.

150. To the extent the allegations in Paragraph 150 purport to characterize written communications, those documents speak for themselves and only provide as stated therein. To the extent the allegations in Paragraph 150 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity (whether under the name "Fortis" or otherwise), they are denied. The ABN Ireland Defendants otherwise knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph

150.   To the extent a further response is required, the ABN Ireland Defendants deny the characterizations of the communication contained in Paragraph 150.

151.   To the extent the allegations in Paragraph 151 purport to characterize written communications, those documents speak for themselves and only provide as stated therein.  To the extent the allegations in Paragraph 151 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity (whether under the name "Fortis" or otherwise), they are denied.  The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 151.  To the extent a further response is required, the ABN Ireland Defendants deny the characterizations of the communication contained in Paragraph 151.

152.   To the extent the allegations in Paragraph 152 purport to describe the purpose and nature of due diligence questionnaires, the ABN Ireland Defendants state that the simplified description herein does not fully capture the nature and purpose of such questionnaires.  To the extent the allegations in Paragraph 152 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity (whether under the name "Fortis" or otherwise), they are denied.  The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 152.  To the extent a further response is required, the ABN Ireland Defendants deny the allegations in Paragraph 152.

153.   To the extent the allegations in Paragraph 153 purport to characterize written communications, those documents speak for themselves and only provide as stated therein.  To the extent the allegations in Paragraph 153 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity (whether

under the name "Fortis" or otherwise), they are denied. The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 153. To the extent a further response is required, the ABN Ireland Defendants deny the characterizations of the communication contained in Paragraph 153.

154.    To the extent the allegations in Paragraph 154 purport to characterize written communications, those documents speak for themselves and only provide as stated therein. To the extent the allegations in Paragraph 154 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity (whether under the name "Fortis" or otherwise), they are denied. The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 154. To the extent a further response is required, the ABN Ireland Defendants deny the allegations in Paragraph 154.

155.    To the extent the allegations in Paragraph 155 purport to characterize and selectively quote certain documents, those documents speak for themselves and only provide as stated therein. To the extent the allegations in Paragraph 155 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity (whether under the name "Fortis" or otherwise), they are denied. The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 155. To the extent a further response is required, the ABN Ireland Defendants deny the remaining allegations in Paragraph 155.

156.    To the extent the allegations in Paragraph 156 purport to characterize and selectively quote written communications, those documents speak for themselves and only provide as stated therein. To the extent the allegations in Paragraph 156 purport to apply to ABN Bank and

ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity (whether under the name "Fortis" or otherwise), they are denied. The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 156. To the extent a further response is required, the ABN Ireland Defendants deny the characterizations of the communication contained in Paragraph 156.

157.    To the extent the allegations in Paragraph 157 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity (whether under the name "Fortis" or otherwise), they are denied. The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 157. To the extent a further response is required, the ABN Ireland Defendants deny the remaining allegations in Paragraph 157.

158.    To the extent the allegations in Paragraph 158 purport to characterize and selectively quote written communications, those documents speak for themselves and only provide as stated therein. To the extent the allegations in Paragraph 158 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity (whether under the name "Fortis" or otherwise), they are denied. The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 158. To the extent a further response is required, the ABN Ireland Defendants deny the characterizations of the communication contained in Paragraph 158.

159.    To the extent the allegations in Paragraph 159 purport to characterize and selectively quote written communications, those documents speak for themselves and only provide as stated therein. To the extent the allegations in Paragraph 159 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as

37

one unified entity (whether under the name "Fortis" or otherwise), they are denied.  The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 159.

160.    To the extent the allegations in Paragraph 160 purport to characterize written communications, those documents speak for themselves and only provide as stated therein.  To the extent the allegations in Paragraph 160 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity (whether under the name "Fortis" or otherwise), they are denied.  The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 160.  To the extent a further response is required, the ABN Ireland Defendants deny the remaining allegations in Paragraph 160.

161.    To the extent the allegations in Paragraph 161 purport to characterize and selectively quote written communications, those documents speak for themselves and only provide as stated therein.  The ABN Ireland Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 161.

162.    To the extent the allegations in Paragraph 162 purport to characterize and selectively quote written communications, those documents speak for themselves and only provide as stated therein.  To the extent the allegations in Paragraph 162 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity (whether under the name "Fortis" or otherwise), they are denied.  The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 162.  To the extent a further response is required, the ABN Ireland Defendants deny the characterizations of the communication contained in Paragraph 162.

163.   To the extent the allegations in Paragraph 163 purport to characterize and selectively quote written communications, those documents speak for themselves and only provide as stated therein.  To the extent the allegations in Paragraph 163 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity (whether under the name "Fortis" or otherwise), they are denied.  The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 163.  To the extent a further response is required, the ABN Ireland Defendants deny the remaining allegations in Paragraph 163.

164.   The allegations in Paragraph 164 consist of legal conclusions, no response is required.  To the extent the allegations in Paragraph 164 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity (whether under the name "Fortis" or otherwise), they are denied.  The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 164.  To the extent a further response is required, the ABN Ireland Defendants deny the remaining allegations in Paragraph 164.

165.   To the extent the allegations in Paragraph 165 purport to characterize and selectively quote marketing materials and public filings, those documents speak for themselves and only provide as stated therein.  The ABN Ireland Defendants deny the allegations in Paragraph 165.

166.   The allegations in Paragraph 166 purport to describe the terms of the Swap Transaction; the ABN Ireland Defendants respectfully refer the Court to those documents for a complete and accurate statement of their contents and deny any allegations inconsistent therewith.  The ABN Ireland Defendants further deny the characterization of its internal due diligence

procedures set forth in Paragraph 166. To the extent a further response is required, the ABN Ireland Defendants deny the remaining allegations in Paragraph 166.

167. To the extent the allegations in Paragraph 167 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity (whether under the name "Fortis" or otherwise), they are denied. The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 167. To the extent a further response is required, the ABN Ireland Defendants deny the allegations in Paragraph 167.

168. To the extent the allegations in Paragraph 168 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity (whether under the name "Fortis" or otherwise), they are denied. The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 168. To the extent a further response is required, the ABN Ireland Defendants deny the allegations in Paragraph 168.

169. To the extent the allegations in Paragraph 169 purport to characterize any documents or written communications, those documents speak for themselves and provide only as stated therein. To the extent the allegations in Paragraph 169 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity (whether under the name "Fortis" or otherwise), they are denied. The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 169. To the extent a further response is required, the ABN Ireland Defendants deny the allegations in Paragraph 169.

170.     To the extent the allegations in Paragraph 170 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity (whether under the name "Fortis" or otherwise), they are denied.  The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 170.  To the extent a further response is required, the ABN Ireland Defendants deny the allegations in Paragraph 170.

171.     To the extent the allegations in Paragraph 171 purport to characterize and selectively quote written communications, those documents speak for themselves and provide only as stated therein.  To the extent the allegations in Paragraph 171 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity (whether under the name "Fortis" or otherwise), they are denied.  The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 171.  To the extent a further response is required, the ABN Ireland Defendants deny the characterizations of the communication contained in Paragraph 171.

172.     To the extent the allegations in Paragraph 172 purport to characterize and selectively quote written communications, those documents speak for themselves and provide only as stated therein.  To the extent the allegations in Paragraph 172 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity (whether under the name "Fortis" or otherwise), they are denied.  The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 172.  To the extent a further response is required, the ABN Ireland Defendants deny the characterizations of the communication contained in Paragraph 172.

173.    To the extent the allegations in Paragraph 173 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity (whether under the name "Fortis" or otherwise), they are denied.  To the extent the allegations in Paragraph 173 purport to characterize Tremont's private placement memoranda, those documents speak for themselves and only provide as stated therein.  The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 173.  To the extent a further response is required, the ABN Ireland Defendants deny the allegations in Paragraph 173.

174.    To the extent the allegations in Paragraph 174 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity (whether under the name "Fortis" or otherwise), they are denied.  To the extent the allegations in Paragraph 174 purport to characterize Tremont's private placement memoranda, those documents speak for themselves and only provide as stated therein.  The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 174.  To the extent a further response is required, the ABN Ireland Defendants deny the allegations in Paragraph 174.

175.    To the extent the allegations in Paragraph 175 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity (whether under the name "Fortis" or otherwise), they are denied.  To the extent the allegations in Paragraph 175 purport to characterize certain documents, those documents speak for themselves and only provide as stated therein.  The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph

175.    To the extent a further response is required, the ABN Ireland Defendants deny the characterizations of the communication contained in Paragraph 175.

176.    To the extent the allegations in Paragraph 176 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity (whether under the name "Fortis" or otherwise), they are denied.  The ABN Ireland Defendants admit a credit proposal application was drafted, but otherwise deny the remaining allegations in Paragraph 176.

177.    To the extent the allegations in Paragraph 177 purport to characterize certain documents, those documents speak for themselves and only provide as stated therein.  The ABN Ireland Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 177.  The ABN Ireland Defendants otherwise deny the remaining allegations in Paragraph 177.

178.    To the extent the allegations in Paragraph 178 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity (whether under the name "Fortis" or otherwise), they are denied.  To the extent the allegations in Paragraph 178 purport to characterize certain credit applications, those documents speak for themselves and only provide as stated therein.  The ABN Ireland Defendants admit that a credit application was prepared in January 2007, but otherwise deny the remaining allegations in Paragraph 178.

179.    To the extent the allegations in Paragraph 179 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity (whether under the name "Fortis" or otherwise), they are denied.  To the extent the allegations in Paragraph 179 purport to characterize certain documents, those documents speak for

themselves and only provide as stated therein. The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 179. To the extent a further response is required, the ABN Ireland Defendants deny the allegations in Paragraph 179.

180.    To the extent the allegations in Paragraph 180 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity (whether under the name "Fortis" or otherwise), they are denied. To the extent the allegations in Paragraph 180 purport to describe the terms of the Swap Transaction, the ABN Ireland Defendants respectfully refer the Court to the agreements governing the Swap Transaction for a complete and accurate statement of their terms, and deny any allegations inconsistent therewith.

181.    To the extent the allegations in Paragraph 181 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity (whether under the name "Fortis" or otherwise), they are denied. To the extent the allegations in Paragraph 181 purport to characterize and selectively quote written communications, those documents speak for themselves and only provide as stated therein. The ABN Ireland Defendants admit that in the fall of 2007, certain Fortis entities considered a credit default swap transaction with AIG, but the ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 181. To the extent a further response is required, the ABN Ireland Defendants deny the allegations in Paragraph 181.

182.    The ABN Ireland Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 182.

183.    To the extent the allegations in Paragraph 183 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity (whether under the name "Fortis" or otherwise), they are denied.  To the extent the allegations in Paragraph 183 purport to characterize and selectively quote written communications, those documents speak for themselves and only provide as stated therein.  The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 183.  To the extent a further response is required, the ABN Ireland Defendants deny the characterizations of the communication contained in Paragraph 183.

184.    To the extent the allegations in Paragraph 184 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity (whether under the name "Fortis" or otherwise), they are denied.  To the extent the allegations in Paragraph 184 purport to characterize and selectively quote written communications, those documents speak for themselves and only provide as stated therein.  The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 184.  To the extent a further response is required, the ABN Ireland Defendants deny the characterizations of the communication contained in Paragraph 184.

185.    To the extent the allegations in Paragraph 185 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity (whether under the name "Fortis" or otherwise), they are denied.  To the extent the allegations in Paragraph 185 purport to characterize written communications, those documents speak for themselves and only provide as stated therein.  The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in

Paragraph 185. To the extent a further response is required, the ABN Ireland Defendants deny the allegations in Paragraph 185.

186.    To the extent the allegations in Paragraph 186 purport to describe market conditions in or around 2007, the ABN Ireland Defendants state that they are too generalized and simplified to provide a complete picture of such market conditions. The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 186. To the extent a further response is required, the ABN Ireland Defendants deny the allegations in Paragraph 186.

187.    To the extent the allegations in Paragraph 187 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity (whether under the name "Fortis" or otherwise), they are denied. The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 187.

188.    To the extent the allegations in Paragraph 188 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity (whether under the name "Fortis" or otherwise), they are denied. The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 188.

189.    To the extent the allegations in Paragraph 189 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity (whether under the name "Fortis" or otherwise), they are denied. To the extent the allegations in Paragraph 189 consist of legal conclusions, no response is required. To the extent a further response is required, the ABN Ireland Defendants deny the allegations in Paragraph 189.

190.    To the extent the allegations in Paragraph 190 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity (whether under the name "Fortis" or otherwise), they are denied.  The ABN Ireland Defendants admit that the affiliate of the ABN Ireland Defendants that had been serving as administrator of the Harley Fund changed from Fortis Fund Bahamas to Fortis Fund Cayman Islands, but otherwise deny the remaining allegations in Paragraph 190.

191.    To the extent the allegations in Paragraph 191 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity (whether under the name "Fortis" or otherwise), they are denied.  The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 191.  To the extent a further response is required, the ABN Ireland Defendants deny the allegations in Paragraph 191.

192.    To the extent the allegations in Paragraph 192 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity (whether under the name "Fortis" or otherwise), they are denied.  To the extent the allegations in Paragraph 192 purport to describe the terms of the Swap Transaction, the ABN Ireland Defendants respectfully refer the Court to the agreements governing the Swap Transaction for a complete and accurate statement of their terms, and deny any allegations inconsistent therewith.  The ABN Ireland Defendants otherwise deny the remaining allegations in Paragraph 192.

193.    The ABN Ireland Defendants admit that on May 2, 2007, ABN Bank entered into an agreement with Broad Market XL Fund.  The remaining allegations in Paragraph 193 purport to describe the terms of the Swap Transaction; the ABN Ireland Defendants respectfully refer the

Court to the agreements governing the Swap Transaction for a complete and accurate statement of their terms, and deny any allegations inconsistent therewith.

194.    The allegations in Paragraph 194 purport to describe the terms of the Swap Transaction; the ABN Ireland Defendants respectfully refer the Court to the agreements governing the Swap Transaction for a complete and accurate statement of their terms, and deny any allegations inconsistent therewith.

195.    The allegations in Paragraph 195 purport to describe the terms of the Swap Transaction; the ABN Ireland Defendants respectfully refer the Court to the agreements governing the Swap Transaction for a complete and accurate statement of their terms, and deny any allegations inconsistent therewith.

196.    The allegation in Paragraph 196 purports to represent the Swap Transaction in the form of a diagram; the ABN Ireland Defendants respectfully refer the Court to the agreements governing the Swap Transaction for a complete and accurate statement of their terms, and deny any allegations inconsistent therewith.

197.    The allegation in the first sentence of Paragraph 197 purports to describe the terms of the Swap Transaction; the ABN Ireland Defendants respectfully refer the Court to the agreements governing the Swap Transaction for a complete and accurate statement of their terms, and deny any allegations inconsistent therewith.  The ABN Ireland Defendants admit the allegation in the second sentence of Paragraph 197.  The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 197.

198.    To the extent the allegations in Paragraph 198 purport to describe the terms of the Swap Transaction, the ABN Ireland Defendants respectfully refer the Court to the agreements governing the Swap Transaction for a complete and accurate statement of their terms, and deny

any allegations inconsistent therewith. The ABN Ireland Defendants admit that Broad Market XL Fund transferred additional collateral to the ABN Ireland Defendants in 2007 and 2008, and that the ABN Ireland Defendants increased their hedge position accordingly. The ABN Ireland Defendants otherwise deny the remaining allegations in Paragraph 198.

199. The allegations in Paragraph 199 purport to describe the terms of the Swap Transaction; the ABN Ireland Defendants respectfully refer the Court to the agreements governing the Swap Transaction for a complete and accurate statement of their terms, and deny any allegations inconsistent therewith. The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 199.

200. The allegations in Paragraph 200 purport to describe the terms of the Swap Transaction; the ABN Ireland Defendants respectfully refer the Court to the agreements governing the Swap Transaction for a complete and accurate statement of their terms, and deny any allegations inconsistent therewith. The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of Paragraph 200.

201. The allegations in Paragraph 201 purport to describe the terms of the agreements governing the Swap Transaction; the ABN Ireland Defendants respectfully refer the Court to those agreements for a complete and accurate statement of their contents and deny any allegations inconsistent therewith.

202. The allegations in Paragraph 202 purport to characterize and selectively quote the agreements governing the Swap Transaction; the ABN Ireland Defendants respectfully refer the

Court to those agreements for a complete and accurate statement of their contents and deny any allegations inconsistent therewith.

203.    The ABN Ireland Defendants admit that the agreements governing the Swap Transaction were amended in January 2008.  The remaining allegations in Paragraph 203 purport to describe the terms of the agreements governing the Swap Transaction; the ABN Ireland Defendants respectfully refer the Court to those agreements for a complete and accurate statement of their contents and deny any allegations inconsistent therewith.

204.    The allegations in Paragraph 204 purport to describe the terms of the agreements governing the Swap Transaction; the ABN Ireland Defendants respectfully refer the Court to those agreements for a complete and accurate statement of their contents and deny any allegations inconsistent therewith.

205.    To the extent the allegation in Paragraph 205 purports to describe the terms of documents executed in connection with the Swap Transaction, the ABN Ireland Defendants respectfully refer the Court to those documents for a complete and accurate statement of their contents and deny any allegations inconsistent therewith.  To the extent the allegations in Paragraph 205 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity (whether under the name "Fortis" or otherwise), they are denied.  The ABN Ireland Defendants otherwise deny the allegations in Paragraph 205.

206.    The allegation in Paragraph 206 purports to describe the terms of a document executed in connection with the Swap Transaction; the ABN Ireland Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

207.    The allegation in Paragraph 207 purports to describe the terms of a document executed in connection with the Swap Transaction; the ABN Ireland Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

208.    To the extent the allegations in Paragraph 208 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity (whether under the name "Fortis" or otherwise), they are denied.  To the extent the allegations in Paragraph 208 pertain to Tremont, the ABN Ireland Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations in Paragraph 208.  The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 208.  To the extent a further response is required, the ABN Ireland Defendants deny the allegations in Paragraph 208.

209.    The allegation in Paragraph 209 purports to describe the terms of a document executed in connection with the Swap Transaction; the ABN Ireland Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents and deny any allegations

210.    The ABN Ireland Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 210.

211.    The ABN Ireland Defendants admit that ABN Bank signed a letter agreement with Broad Market Fund dated May 2, 2007.  The allegations in Paragraph 211 otherwise purport to describe the terms of this letter; the ABN Ireland Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

212.    The allegations in Paragraph 212 purport to describe the terms of a letter agreement executed in connection with the Swap Transaction; the ABN Ireland Defendants respectfully refer the Court to that letter agreement for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.   The ABN Ireland Defendants lack knowledge or information sufficient to form a belief as to "all other individual Tremont investors' right to redemption." The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 212.

213.    The ABN Ireland Defendants admit that they signed a letter agreement with Broad Market Fund dated January 30, 2008.  The allegations in Paragraph 213 otherwise purport to describe the terms of this letter; the ABN Ireland Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

214.    The allegations in Paragraph 214 consist of legal conclusions to which no response is required.  To the extent a response is required, the ABN Ireland Defendants deny the allegations in Paragraph 214.

215.    To the extent the allegations in Paragraph 215 purport to describe the terms of the agreements governing the Swap Transaction; the ABN Ireland Defendants respectfully refer the Court to those agreements for a complete and accurate statement of their contents and deny any allegations inconsistent therewith.  The ABN Ireland Defendants otherwise deny the remaining allegations in Paragraph 215.

216.    The allegations in Paragraph 216 purport to describe the terms of the agreements governing the Swap Transaction; the ABN Ireland Defendants respectfully refer the Court to those agreements for a complete and accurate statement of their contents and deny any allegations

inconsistent therewith. The ABN Ireland Defendants admit that they were in possession of collateral from Rye XL Fund at the time that BLMIS collapsed but otherwise deny the remaining allegations in Paragraph 216.

217.   The allegations in Paragraph 217 purport to characterize and summarize information from publicly available documents; the ABN Ireland Defendants respectfully refer the Court to those documents for a complete and accurate statement of their contents and deny any allegations inconsistent therewith.

218.   To the extent the allegations in Paragraph 218 purport to characterize and summarize information from publicly available documents, the ABN Ireland Defendants respectfully refer the Court to those documents for a complete and accurate statement of their contents and deny any allegations inconsistent therewith. The ABN Ireland Defendants otherwise deny the remaining allegations in Paragraph 218.

219.   To the extent the allegations in Paragraph 219 purport to describe the terms of the agreements governing the Swap Transaction, the ABN Ireland Defendants respectfully refer the Court to those agreements for a complete and accurate statement of their contents and deny any allegations inconsistent therewith. The ABN Ireland Defendants otherwise deny the remaining allegations in Paragraph 219.

220.   To the extent the allegations in Paragraph 220 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity (whether under the name "Fortis" or otherwise), they are denied. The ABN Ireland Defendants otherwise deny the allegations in Paragraph 220.

221.   To the extent the allegations in Paragraph 221 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one

unified entity (whether under the name "Fortis" or otherwise), they are denied. To the extent the allegations in Paragraph 221 purport to characterize the claims in another legal proceeding, the ABN Ireland Defendants state that the pleadings in that proceeding speak for themselves and only provide as stated therein. The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 221. To the extent a further response is required, the ABN Ireland Defendants deny the allegations in Paragraph 221.

222.    To the extent the allegations in Paragraph 222 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity (whether under the name "Fortis" or otherwise), they are denied. The allegations in Paragraph 222 appear to draw from publicly available information regarding legal proceedings and investigations in the Netherlands; the ABN Ireland Defendants state that the pleadings in that proceeding speak for themselves and only provide as stated therein.

223.    To the extent the allegations in Paragraph 223 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity (whether under the name "Fortis" or otherwise), they are denied. The ABN Ireland Defendants otherwise deny the allegations in Paragraph 223.

224.    To the extent the allegations in Paragraph 224 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity (whether under the name "Fortis" or otherwise), they are denied. The allegations in Paragraph 224 appear to draw from marketing materials or other publicly available documents; the ABN Ireland Defendants state that those documents speak for themselves and only provide as stated therein. To the extent a further response is required, the ABN Ireland Defendants deny the allegations in Paragraph 224.

225.     To the extent the allegations in Paragraph 225 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity under the name "Fortis Fund Solutions," they are denied.  To the extent the allegations in Paragraph 225 purport to describe a public announcement, the text of the announcement speaks for itself and only provides as stated therein.  The ABN Ireland Defendants admit that Fortis Fund Solutions operated in several jurisdictions and provided services to the hedge fund industry but otherwise deny the remaining allegations in Paragraph 225.

226.     To the extent the allegations in Paragraph 226 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity under the name "Fortis Fund Solutions," they are denied.  The ABN Ireland Defendants otherwise deny the allegations in Paragraph 226.

227.     To the extent the allegations in Paragraph 227 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity (whether under the name "Fortis" or otherwise), they are denied.  To the extent the allegations in Paragraph 227 purport to describe a press release, the text of the release speaks for itself and only provides as stated therein.  The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 227.

228.     To the extent the allegations in Paragraph 228 purport to characterize and selectively quote public filings and Fortis' 2005 Annual Review and Financial Statement, those documents speak for themselves and only provide as stated therein.  The ABN Ireland Defendants otherwise deny the allegations in Paragraph 228.

229.     To the extent the allegations in Paragraph 229 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one

unified entity (whether under the name "Fortis" or otherwise), they are denied. To the extent the allegations in Paragraph 229 purport to characterize or selectively quote marketing materials or other publicly available documents, the ABN Ireland Defendants state that those documents speak for themselves and only provide as stated therein. The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 229. The ABN Ireland Defendants otherwise deny the allegations in Paragraph 229.

230.    To the extent the allegations in Paragraph 230 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity (whether under the name "Fortis" or otherwise), they are denied. The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 230. To the extent a further response is required, the ABN Ireland Defendants deny the allegations in Paragraph 230.

231.    To the extent the allegations in Paragraph 231 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity (whether under the name "Fortis" or otherwise), they are denied. The ABN Ireland Defendants otherwise deny the allegations in Paragraph 231.

232.    To the extent the allegations in Paragraph 232 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity (whether under the name "Fortis" or otherwise), they are denied. To the extent the allegations in Paragraph 232 purport to characterize certain risk policies, the ABN Ireland Defendants respectfully refer the Court to those policies for a complete and accurate statement of their contents and deny any allegations inconsistent therewith. The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations

in Paragraph 232.  To the extent a further response is required, the ABN Ireland Defendants deny the allegations in Paragraph 232.

233.    To the extent the allegations in Paragraph 233 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity (whether under the name "Fortis" or otherwise), they are denied.  The ABN Ireland Defendants otherwise deny the allegations in Paragraph 233.

234.    The allegations in Paragraph 234 purport to describe certain documents; those documents speak for themselves and only provide as stated therein.  The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 234.  The ABN Ireland Defendants deny the remaining allegations in Paragraph 234.

235.    To the extent the allegations in Paragraph 235 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity (whether under the name "Fortis" or otherwise), they are denied.  The ABN Ireland Defendants state that Paragraph 235 does not contain sufficient detail to enable the ABN Ireland Defendants to verify or dispute the truth of the allegations contained therein.  To the extent a response is required, the ABN Ireland Defendants deny that any employees of Fortis entities affiliated with the ABN Ireland Defendants learned of or shared concerns about BLMIS and otherwise deny the remaining allegations in Paragraph 235.

236.    The ABN Ireland Defendants admit that employees of several distinct corporate entities advised on the Swap Transaction in their capacity as members of inter-business risk and credit committees, but otherwise deny that the allegations in Paragraph 236 accurately characterize the nature of the work performed by these employees.

237.    To the extent the allegations in Paragraph 237 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity (whether under the name "Fortis" or otherwise), they are denied.  The ABN Ireland Defendants admit that several credit committees within affiliates of the ABN Ireland Defendants evaluated the Swap Transaction and that Brenda Buckley was a member of the Dublin Credit Committee, but otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 237.

238.    The ABN Ireland Defendants deny the allegations in Paragraph 238.

239.    To the extent the allegations in Paragraph 239 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity under the name "Fortis Fund Services" or "Fortis Fund Solutions," they are denied. The ABN Ireland Defendants deny that Fortis Luxembourg was a member of Fortis Fund Services, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 239.

240.    To the extent the allegations in Paragraph 240 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity (whether under the name "Fortis" or otherwise), they are denied.  To the extent the allegations in Paragraph 240 purport to characterize and selectively quote written communications, those documents speak for themselves and only provide as stated therein.  The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 240.  To the extent a further response is required, the ABN Ireland Defendants deny the characterizations of the communication contained in Paragraph 240.

241.    To the extent the allegations in Paragraph 241 purport to characterize and selectively quote written communications, those documents speak for themselves and only provide as stated therein.  The ABN Ireland Defendants deny the allegations in the first sentence of Paragraph 241.  The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 241.

242.    To the extent the allegations in Paragraph 242 purport to characterize agreements governing the Swap Transaction, the ABN Ireland Defendants respectfully refer the Court to those agreements for a complete and accurate statement of their contents, and deny any allegations inconsistent therewith.  To the extent the allegations in Paragraph 242 consist of legal conclusions, no response is required.  To the extent the allegations in Paragraph 242 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity (whether under the name "Fortis" or otherwise), they are denied. The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 242. To the extent a further response is required, the ABN Ireland Defendants deny the characterizations of the communication contained in Paragraph 242.

243.    The ABN Ireland Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 243.

244.    The ABN Ireland Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 244.

245.    The ABN Ireland Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 245.

246.    To the extent the allegations in Paragraph 246 consist of legal conclusions, no response is required.  The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 246.

247.    The ABN Ireland Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 247.

248.    To the extent the allegations in Paragraph 248 consist of legal conclusions, no response is required.  The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 248.

249.    To the extent the allegations in Paragraph 249 consist of legal conclusions, no response is required.  The ABN Ireland Defendants otherwise state that they would oppose any further amendments to the Second Amended Complaint.

250.    The ABN Ireland Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 250.

251.    The ABN Ireland Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 251.

252.    The ABN Ireland Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 252.

253.    To the extent the allegations in Paragraph 253 consist of legal conclusions, no response is required.  The ABN Ireland Defendants otherwise state that they would oppose any further amendments to the Second Amended Complaint.

254.    The ABN Ireland Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 254.

255.    The ABN Ireland Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 255.

256.    To the extent the allegations in Paragraph 256 consist of legal conclusions, no response is required.  The ABN Ireland Defendants otherwise state that they would oppose any further amendments to the Second Amended Complaint.

257.    To the extent the allegations in Paragraph 257 purport to characterize the Swap Transaction agreements, the ABN Ireland Defendants respectfully refer the Court to those agreements for a complete and accurate statement of their contents, and deny any allegations inconsistent therewith.  The ABN Ireland Defendants deny the remaining allegations in Paragraph 257.

258.    To the extent the allegations in Paragraph 258 purport to characterize a subscription agreement or refer to account statements, the ABN Ireland Defendants respectfully refer the Court to that agreement and those account statements for a complete and accurate statement of their contents, and deny any allegations inconsistent therewith.  To the extent a further response is required, the ABN Ireland Defendants deny the allegations contained in Paragraph 258.

259.    To the extent the allegations in Paragraph 259 consist of legal conclusions, no response is required.  To the extent a response is required, the ABN Ireland Defendants deny such allegations in Paragraph 259.  The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 259.

260.    The ABN Ireland Defendants admit that they redeemed $30 million from Broad Market Fund on July 1, 2008, but otherwise deny the allegation in the first sentence of Paragraph 260.  To the extent the allegations in Paragraph 260 consist of legal conclusions, no response is

required.  The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 260.

261.   To the extent the allegations in Paragraph 261 consist of legal conclusions, no response is required.  The ABN Ireland Defendants otherwise state that they would oppose any further amendments to the Second Amended Complaint.

262.   The ABN Ireland Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 262.

263.   The allegation in Paragraph 263 purports to characterize the terms of the Swap Transaction; the ABN Ireland Defendants respectfully refer this Court to the relevant swap agreements for a complete and accurate statement of their terms, and deny any allegations inconsistent therewith.

264.   To the extent the allegations in Paragraph 264 contain legal conclusions, no response is required.  The ABN Ireland Defendants admit that they received certain payments from the Rye XL Fund in 2007 and 2008.  The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 264.

265.   To the extent the allegations in Paragraph 265 consist of legal conclusions, no response is required.  The ABN Ireland Defendants admit that they received certain payments from the Rye XL Fund in 2007 and 2008.  The ABN Ireland Defendants otherwise deny the allegations in Paragraph 265.

266.   To the extent the allegations in Paragraph 266 consist of legal conclusions, no response is required.  The ABN Ireland Defendants otherwise state that they would oppose any further amendments to the Second Amended Complaint

267.    The allegations in Paragraph 267 purport to characterize the Swap Transaction and certain account statements, and the ABN Ireland Defendants respectfully refer the Court to the documents governing the Swap Transaction and the relevant account statements for a complete and accurate statement of their contents.  To the extent that the allegations in Paragraph 267 are drawn from documents or information maintained by Tremont or the Rye Funds, the ABN Ireland Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 267.  The ABN Ireland Defendants otherwise deny any characterizations and/or legal conclusions regarding the transfers in the exhibits or in Paragraph 267.

268.    The allegation that any funds constitute "customer property under SIPA" states a legal conclusion to which no response is required. To the extent a response is required, the ABN Ireland Defendants deny that allegation.  To the extent the remaining allegations purport to characterize the Tremont Complaint, the ABN Ireland Defendants state that the Tremont Complaint speaks for itself and only provides as stated therein.  The ABN Ireland Defendants otherwise state that it is improper to incorporate the Tremont Complaint by reference, deny the allegations in Paragraph 268, and deny the allegations in the Tremont Complaint.

269.    The allegations in Paragraph 269 purport to characterize and selectively quote the Tremont Settlement; the ABN Ireland Defendants state that the Tremont Settlement speaks for itself and only provides as stated therein.  The ABN Ireland Defendants deny that the transfers made to the Tremont BLMIS Feeder Funds were properly avoided.  The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 269.

270.    The ABN Ireland Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 270.

271.    To the extent the allegations in Paragraph 271 purport to characterize and selectively quote any documents, those documents speak for themselves and only provide as stated therein. The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 271.

272.    To the extent the allegations in Paragraph 272 purport to characterize and selectively quote any documents, those documents speak for themselves and only provide as stated therein. The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 272.

273.    To the extent the allegations in Paragraph 273 purport to characterize and selectively quote any documents, those documents speak for themselves and only provide as stated therein. The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 273.

274.    To the extent the allegations in Paragraph 274 purport to characterize and selectively quote any documents, those documents speak for themselves and only provide as stated therein. The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 274.

275.    To the extent the allegations in Paragraph 275 purport to characterize and selectively quote any documents, those documents speak for themselves and only provide as stated therein. The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 275.

276.    To the extent the allegations in Paragraph 276 purport to characterize and selectively quote written communications, those documents speak for themselves and only provide

as stated therein. The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 276.

277. To the extent the allegations in Paragraph 277 purport to characterize and selectively quote written communications, those documents speak for themselves and only provide as stated therein. The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 277.

278. To the extent the allegations in Paragraph 278 purport to characterize and selectively quote any documents, those documents speak for themselves and only provide as stated therein. The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 278.

279. To the extent the allegations in Paragraph 279 purport to characterize and selectively quote any documents, those documents speak for themselves and only provide as stated therein. The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 279.

280. To the extent the allegations in Paragraph 280 purport to characterize and selectively quote any documents, those documents speak for themselves and only provide as stated therein. The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 280.

281. To the extent the allegations in Paragraph 281 purport to characterize and selectively quote any documents, those documents speak for themselves and only provide as stated therein. The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 281.

282.    To the extent the allegations in Paragraph 282 purport to characterize and selectively quote any documents, those documents speak for themselves and only provide as stated therein. The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 282.

283.    To the extent the allegations in Paragraph 283 purport to characterize and selectively quote any documents, those documents speak for themselves and only provide as stated therein. The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 283.

284.    To the extent the allegations in Paragraph 284 purport to characterize and selectively quote various documents, those documents speak for themselves and only provide as stated therein. To the extent the allegations in Paragraph 284 purport to apply to ABN Bank and ABN Custodial on the basis that they, along with various other corporate entities, operated as one unified entity under the name "ABN AMRO Bank N.V.," they are denied. The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 284. The ABN Ireland Defendants deny the remaining allegations in Paragraph 284.

285.    To the extent the allegations in Paragraph 285 purport to characterize and selectively quote any documents, those documents speak for themselves and only provide as stated therein. The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 285.

286.    To the extent the allegations in Paragraph 286 purport to characterize the Tremont Complaint, the ABN Ireland Defendants state that that document speaks for itself and only provides as stated therein. The ABN Ireland Defendants otherwise state that it is improper to

incorporate the Tremont Complaint by reference, deny the allegations in Paragraph 286, and deny

the allegations in the Tremont Complaint.  The ABN Ireland Defendants otherwise lack knowledge

or information sufficient to form a belief as to the truth of the allegations in Paragraph 286.

287.    To the extent the allegations in Paragraph 287 purport to characterize reports

prepared by Tremont, the ABN Ireland Defendants state that those reports speak for themselves

and only provide as stated therein.  The ABN Ireland Defendants otherwise lack knowledge or

information sufficient to form a belief as to the truth of the allegations in Paragraph 287.

288.    To the extent the allegations in Paragraph 288 purport to characterize and

selectively quote written communications, those documents speak for themselves and only provide

as stated therein.  The ABN Ireland Defendants lack knowledge or information sufficient to form

a belief as to the truth of the allegations in Paragraph 288.

289.    The ABN Ireland Defendants lack knowledge or information sufficient to form a

belief as to the truth of the allegations in Paragraph 289.

290.    To the extent the allegations in Paragraph 290 purport to characterize and

selectively quote any documents, those documents speak for themselves and only provide as stated

therein.  The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form

a belief as to the truth of the allegations in Paragraph 290.

291.    The ABN Ireland Defendants lack knowledge or information sufficient to form a

belief as to the truth of the allegations in Paragraph 291.

292.    The ABN Ireland Defendants lack knowledge or information sufficient to form a

belief as to the truth of the allegations in Paragraph 292.

293.    The ABN Ireland Defendants lack knowledge or information sufficient to form a

belief as to the truth of the allegations in Paragraph 293.

294.    To the extent the allegations in Paragraph 294 purport to characterize written communications, those documents speak for themselves and only provide as stated therein.  The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 294.

295.    To the extent the allegations in Paragraph 295 purport to characterize and selectively quote statements by the SEC or notes by a non-party, those documents speak for themselves and only provide as stated therein.  The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 295.

296.    To the extent the allegations in Paragraph 296 purport to characterize and selectively quote internal Tremont documents, those documents speak for themselves and only provide as stated therein.  The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 296.

297.    To the extent the allegations in Paragraph 297 purport to characterize and selectively quote any written communications, those documents speak for themselves and only provide as stated therein.  The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 297.

298.    To the extent the allegations in Paragraph 298 purport to characterize and selectively quote any written communications, those documents speak for themselves and only provide as stated therein.  The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 298.

299.    To the extent the allegations in Paragraph 299 purport to characterize and selectively quote any written communications, those documents speak for themselves and only

provide as stated therein.  The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 299.

300.    The ABN Ireland Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 300.

301.    To the extent the allegations in Paragraph 301 purport to characterize and selectively quote internal Tremont documents, those documents speak for themselves and only provide as stated therein.  The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 301.

302.    The allegations in Paragraph 302 refer to or purport to characterize investigations by SEC; the ABN Ireland Defendants lack knowledge or information regarding the precise nature of these investigations sufficient to verify or dispute the truth of the allegations in Paragraph 302.

303.    The ABN Ireland Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 303.

304.    To the extent the allegations in Paragraph 304 purport to characterize and selectively quote written communications, those documents speak for themselves and only provide as stated therein.  The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 304.

305.    To the extent the allegations in Paragraph 305 purport to characterize and selectively quote written communications, those documents speak for themselves and only provide as stated therein.  The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 305.

306.    To the extent the allegations in Paragraph 306 purport to characterize and selectively quote any documents, those documents speak for themselves and only provide as stated

therein.  The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 306.

307.    To the extent the allegations in Paragraph 307 purport to characterize and selectively quote any documents, those documents speak for themselves and only provide as stated therein.  The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 307.

308.    To the extent the allegations in Paragraph 308 purport to characterize and selectively quote any documents, those documents speak for themselves and only provide as stated therein.  The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 308.

309.    To the extent the allegations in Paragraph 309 purport to characterize and selectively quote written communications, those documents speak for themselves and only provide as stated therein.  The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 309.

310.    To the extent the allegations in Paragraph 310 purport to characterize and selectively quote written communications, those documents speak for themselves and only provide as stated therein.  The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 310.

311.    To the extent the allegations in Paragraph 311 purport to characterize and selectively quote written communications, those documents speak for themselves and only provide as stated therein.  The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 311.

312.    The ABN Ireland Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 312.

313.    The ABN Ireland Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 313.  The ABN Ireland Defendants otherwise state that it is improper to incorporate the Tremont Complaint by reference, deny the allegations in Paragraph 313, and deny the allegations in the Tremont Complaint.

314.    The ABN Ireland Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 314.

315.    To the extent the allegations in Paragraph 315 purport to characterize and selectively quote any documents, those documents speak for themselves and only provide as stated therein.  The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 315.

316.    The ABN Ireland Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 316.

317.    The ABN Ireland Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 317.

318.    The ABN Ireland Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 318.

319.    To the extent the allegations in Paragraph 319 purport to characterize and selectively quote written communications, those documents speak for themselves and only provide as stated therein.  The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 319.

320.    To the extent the allegations in Paragraph 320 purport to characterize and selectively quote written communications, those documents speak for themselves and only provide as stated therein.  The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 320.

321.    To the extent the allegations in Paragraph 321 purport to characterize and selectively quote written communications, those documents speak for themselves and only provide as stated therein.  The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 321.

322.    To the extent the allegations in Paragraph 322 purport to characterize and selectively quote written communications, those documents speak for themselves and only provide as stated therein.  The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 322.

323.    To the extent the allegations in Paragraph 323 purport to characterize and selectively quote written communications, those documents speak for themselves and only provide as stated therein.  The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 323.

324.    The ABN Ireland Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 324.

325.    To the extent the allegations in Paragraph 325 purport to characterize and selectively quote written communications, those documents speak for themselves and only provide as stated therein.  The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 325.

326.    To the extent the allegations in Paragraph 326 purport to characterize and selectively quote written communications, those documents speak for themselves and only provide as stated therein.  The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 326.

327.    To the extent the allegations in Paragraph 327 purport to characterize and selectively quote written communications, those documents speak for themselves and only provide as stated therein.  The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 327.

328.    To the extent the allegations in Paragraph 328 consist of legal conclusions, no response is required.  The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 328.

329.    The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 329.

330.    The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 330.

331.    To the extent the allegations in Paragraph 331 purport to characterize and selectively quote written communications, those documents speak for themselves and only provide as stated therein.  The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 331.

332.    To the extent the allegations in Paragraph 332 purport to characterize and selectively quote written communications, those documents speak for themselves and only provide as stated therein.  The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 332.

333.    The ABN Ireland Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 333.  The ABN Ireland Defendants otherwise state that it is improper to incorporate the Trustee's complaint against Kingate Management Limited by reference, deny the allegations in Paragraph 333, and deny the allegations in the Kingate Management Complaint.

334.    The ABN Ireland Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 334.

335.    To the extent the allegations in Paragraph 335 purport to characterize and selectively quote certain agreements, those agreements speak for themselves and only provide as stated therein.  The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 335.

336.    The ABN Ireland Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 336.

337.    To the extent the allegations in Paragraph 337 consist of legal conclusions, no response is required.  The ABN Ireland Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 337.

### <u>COUNT ONE</u>

**RECOVERY OF SUBSEQUENT TRANSFERS - 11 U.S.C. §§ 105(a) AND 550(a)
FORTIS FUND BANK AND/OR FORTIS FUND SERVICES**

338.    The ABN Ireland Defendants incorporates by reference its responses to the allegations in all previous paragraphs of the Second Amended Complaint as though fully set forth herein**.**

339.     The ABN Ireland Defendants state that Paragraph 339 consists of legal conclusions to which no response is required.  To the extent a further response is required, the ABN Ireland Defendants deny the allegations in Paragraph 339.

340.     The ABN Ireland Defendants state that Paragraph 340 consists of legal conclusions to which no response is required.  To the extent a further response is required, the ABN Ireland Defendants deny the allegations in Paragraph 340.

341.     The ABN Ireland Defendants state that Paragraph 341 consists of legal conclusions to which no response is required.  To the extent a further response is required, the ABN Ireland Defendants deny the allegations in Paragraph 341.

342.     The ABN Ireland Defendants deny the allegations in Paragraph 342.

343.     The ABN Ireland Defendants state that Paragraph 343 consists of legal conclusions to which no response is required.  To the extent a further response is required, the ABN Ireland Defendants deny the allegations in Paragraph 343 and deny that the Trustee is entitled to any relief from the ABN Ireland Defendants.

## COUNT TWO

### RECOVERY OF SUBSEQUENT TRANSFERS - 11 U.S.C. §§ 105(a) AND 550(a) FORTIS FUND BANK

344.     The ABN Ireland Defendants incorporate by reference their responses to the allegations in all previous paragraphs of the Second Amended Complaint as though fully set forth herein.

345.     The ABN Ireland Defendants state that Paragraph 345 consists of legal conclusions to which no response is required.  To the extent a further response is required, the ABN Ireland Defendants deny the allegations in Paragraph 345.

346.     The ABN Ireland Defendants state that Paragraph 346 consists of legal conclusions to which no response is required.  To the extent a further response is required, the ABN Ireland Defendants deny the allegations in Paragraph 346.

347.     The ABN Ireland Defendants state that Paragraph 347 consists of legal conclusions to which no response is required.  To the extent a further response is required, the ABN Ireland Defendants deny the allegations in Paragraph 347.

348.     The ABN Ireland Defendants state that Paragraph 348 consists of legal conclusions to which no response is required.  To the extent a further response is required, the ABN Ireland Defendants deny the allegations in Paragraph 348.

349.     The ABN Ireland Defendants state that Paragraph 349 consists of legal conclusions to which no response is required.  To the extent a further response is required, the ABN Ireland Defendants deny the allegations in Paragraph 349.

350.     The ABN Ireland Defendants state that Paragraph 350 consists of legal conclusions to which no response is required.  To the extent a further response is required, the ABN Ireland Defendants deny the allegations in Paragraph 350 and deny that the Trustee is entitled to any relief from the ABN Ireland Defendants.

## AFFIRMATIVE AND OTHER DEFENSES

The ABN Ireland Defendants assert the following affirmative and other defenses and reserve the right to amend this Answer to assert other and further defenses when and if, in the course of their investigation, discovery, or preparation for trial, it becomes appropriate.  By designating these matters "defenses," the ABN Ireland Defendants do not intend to suggest either that the Trustee does not bear the burden of proof as to such matters or that such matters are not elements of the Trustee's *prima facie* case against the ABN Ireland Defendants.

### FIRST DEFENSE
*Failure to State a Claim*

The Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE
*Failure to Plead Fraud*

The allegations of actual fraudulent transfer as to the Prime Fund and Broad Market Fund Initial Transfers do not comply with Rule 9(b) and are not pled with sufficient particularity.

### THIRD DEFENSE
*Lack of Subject Matter Jurisdiction*

This Court lacks jurisdiction under Article III of the U.S. Constitution to enter final orders or judgment in this proceeding.

### FOURTH DEFENSE
*Safe Harbor*

The alleged subsequent transfers to the ABN Ireland Defendants may not be recovered because the alleged initial transfers are subject to the safe harbors set forth in 11 U.S.C. §§ 546(e) and (g), in that the alleged initial transfers were (i) made by or to (or for the benefit of) a swap participant or financial participant (i.e., Rye Select Broad Market XL Fund Rye, Rye Select Broad Market L.P., or Rye Select Broad Market Prime Fund (together, the "Rye Funds"), or other covered entity; (ii) a settlement payment and/or a transfer made in connection with a swap agreement or securities contract (the BLMIS-Tremont contracts); and (iii) not made with "actual intent" to defraud, and thus not recoverable under 11 U.S.C. §§ 548(a)(1)(A) or (B). In addition, at the time of the alleged initial transfers, the Rye Funds did not have actual knowledge that Madoff or BLMIS were not trading securities or that they were perpetuating a Ponzi scheme, as is relevant to the safe harbor analysis under 11 U.S.C. § 546(e). The alleged initial transfers are also not avoidable under

11 U.S.C. §§ 544, 550, and 551, certain applicable provisions of the N.Y. Debt. & Cred. Law, including §§ 273-279, or 15 U.S.C. § 78fff-2(c)(3).

To the extent, if any, that the ABN Ireland Defendants received any subsequent transfers originating from the unavoidable alleged initial transfers, such subsequent transfers are not recoverable under 11 U.S.C. §§ 105(a) and 550(a) or 15 U.S.C. § 78fff-2(c)(3).  In addition, at the time of the alleged transfers from the Rye Funds to the ABN Ireland Defendants, the ABN Ireland Defendants did not have actual knowledge that Madoff or BLMIS were not trading securities or that they were perpetrating a Ponzi scheme.

## FIFTH DEFENSE
### *No Ponzi Scheme Presumption*

The Trustee may not rely on a "Ponzi scheme presumption" to prove that the alleged initial transfers from BLMIS to the Rye Funds that he seeks to recover from the ABN Ireland Defendants were made with actual intent to hinder, delay, or defraud creditors, and the transfers were not made with actual intent to hinder, delay, or defraud creditors.  The Ponzi scheme presumption is extra-statutory and improper, but even if that were not the case, the presumption cannot apply to the alleged initial transfers from BLMIS to the Rye Funds to the extent the initial transfers were repayments of the Rye Funds' principal investments. The repayment of a customer's investment principal constitutes the repayment of a valid contractual antecedent debt, not a payment made in furtherance of the Ponzi scheme. To the extent, if any, that the ABN Ireland Defendants received subsequent transfers arising from the unavoidable initial transfers to the Rye Funds, such subsequent transfers are not recoverable under 11 U.S.C. § 550(a) or 15 U.S.C. § 78fff-2(c)(3).

## SIXTH DEFENSE
### *For Value And In Good Faith*

The ABN Ireland Defendants received the transfers at issue for value, in good faith, and without knowledge of the voidability of the transfers from BLMIS to the Rye Funds, and thus the transfers to the ABN Ireland Defendants may not be recovered pursuant to 11 U.S.C. § 550(b).

The ABN Ireland Defendants provided value in exchange for the transfers at issue. Judge Bernstein has already held that both sets of transfers—the $30 million redemption and the $235.5 million in collateral—were for value. *Picard v. ABN AMRO Bank (Ireland) Ltd. et al.*, 2020 WL 401822, at *12 (S.D.N.Y. Jan. 23, 2020). In exchange for the $30 million redemption, the ABN Ireland Defendants surrendered an equivalent portion of their equity interest in the Broad Market Fund. In exchange for the $235.5 million collateral transfer, the ABN Ireland Defendants gave value by satisfying their contractual obligations to provide leveraged returns in the Swap Transaction.

The ABN Ireland Defendants also received the transfers in good faith. The ABN Ireland Defendants did not have actual knowledge of the BLMIS fraud. The ABN Ireland Defendants conducted reasonable due diligence regarding the Swap Transaction. This diligent inquiry did not reveal any fraud at BLMIS or the Rye Funds. The ABN Ireland Defendants had no reason to know or suspect that transfers from the Rye Funds would be or were proceeds from a Ponzi scheme. The ABN Ireland Defendants did not know facts that would have prompted a reasonable person in the ABN Ireland Defendants' position to conduct further inquiry into whether there was any fraudulent purpose behind the transfer.

Madoff and his fellow conspirators actively concealed the existence of their fraud, including from customers and government regulators, apparently for decades. Other entities, including the United States Securities and Exchange Commission, with greater investigatory tools

79

and resources than the ABN Ireland Defendants, and with more access to BLMIS personnel and documentation than the ABN Ireland Defendants, repeatedly examined and investigated BLMIS but failed to uncover Madoff's fraud before December 2008.  The ABN Ireland Defendants did not have the ability to compel the production of information from third parties that would have been necessary to establish that BLMIS was committing fraud.

The ABN Ireland Defendants did not have knowledge of the voidability of any alleged transfers from BLMIS to the Rye Funds when it received the alleged subsequent transfers, if any.

### **SEVENTH DEFENSE**
*Initial Transfer Not Avoided*

The Trustee may not recover the transfers to the ABN Ireland Defendants because he has not avoided the initial transfer from BLMIS to Broad Market Fund or Prime Fund.  *See* 11 U.S.C. § 550(a).

## EIGHTH DEFENSE
*Nonavoidability of Initial Transfers: Two-Year Lookback*

The Trustee's claims against the ABN Ireland Defendants are barred to the extent that they

did not derive from initial transfers within the two-year lookback period set forth in 11 U.S.C.

§ 548(a)(1)(A).

## NINTH DEFENSE
*Unclean Hands*

The Trustee's claims against the ABN Ireland Defendants are barred by the doctrine of

unclean hands, because a trustee, standing in the shoes of the debtor, cannot recover for a wrong

that the debtor himself took part in.

## TENTH DEFENSE
*In Pari Delicto*

The Trustee's claims against the ABN Ireland Defendants are barred by the doctrine of *in

pari delicto*, because a trustee, standing in the shoes of the debtor, cannot recover for a wrong that

the debtor himself took part in.

## ELEVENTH DEFENSE
*Dismissed Claims*

The Trustee's claims against the ABN Ireland Defendants are barred to the extent that they

have been dismissed or released by the Trustee or the Court or are based on allegations that have

been dismissed by the Trustee or the Court, including any claims released or dismissed in the

Fairfield Settlement Agreement and the Tremont Settlement Agreement.

## TWELFTH DEFENSE
*Res Judicata*

The Trustee's claims against the ABN Ireland Defendants are barred to the extent that they

have been previously adjudicated by orders from the District Court for the Southern District of

New York on appeals arising from this action, including from the order in *Picard v. ABN AMRO Bank (Ireland) Ltd. et al.*, 505 B.R. 135 (Bankr. S.D.N.Y. 2013), or any other competent court.

### THIRTEENTH DEFENSE
*Statute of Limitations*

The Trustee's claim is barred by the applicable statute of limitations.

### FOURTEENTH DEFENSE
*Estoppel*

The Trustee's claim is barred by estoppel.

### FIFTEENTH DEFENSE
*Laches*

The Trustee's claims against the ABN Ireland Defendants are barred by the doctrine of laches.

### SIXTEENTH DEFENSE
*Failure to Mitigate*

The Trustee's claims are barred, in whole or in part, because the Trustee has failed to mitigate, minimize or avoid damages, if any.

### SEVENTEENTH DEFENSE
*No Interest*

The Trustee is not entitled to an award of interest under applicable law.

### EIGHTEENTH DEFENSE
*Extraterritoriality*

The Trustee's recovery of the transfer to the ABN Ireland Defendants would constitute an impermissible extraterritorial application of U.S. law.

### NINETEENTH DEFENSE
*Comity*

The Trustee's recovery of the alleged transfers to the ABN Ireland Defendants would violate principles of comity.

## TWENTIETH DEFENSE
*Violation of Due Process*

The use of the doctrine of law of the case to apply rulings made in other adversary proceedings to the ABN Ireland Defendants, to the extent that the ABN Ireland Defendants were not parties to and did not participate in those proceedings, violates the ABN Ireland Defendants' right to due process of law as guaranteed by the Fifth Amendment to the U.S. Constitution.

## TWENTY-FIRST DEFENSE
*Single Satisfaction*

Pursuant to 11 U.S.C. § 550(d), the Trustee may not recover any subsequent transfer from the ABN Ireland Defendants to the extent he has recovered from Broad Market Fund or Prime Fund or any other immediate or mediate transferee the amount of the avoided initial transfer that included the customer property that the Trustee alleges the ABN Ireland Defendants received.

## TWENTY-SECOND DEFENSE
*Preservation of Rights*

To the extent the Trustee recovers from the ABN Ireland Defendants, the ABN Ireland Defendants reserve their right to assert a claim arising from such recovery under 11 U.S.C. § 502(h).

## STATEMENT PURSUANT TO FED. R. BANKR. P. 7012(b)

The ABN Ireland Defendants do not consent to entry of final orders or judgment by the Bankruptcy Court.

## DEMAND FOR JURY TRIAL

The ABN Ireland Defendants hereby demand a trial by jury for all claims as to which they are entitled to such trial and do not consent to a jury trial conducted by the Bankruptcy Judge.

## PRAYER FOR RELIEF

WHEREFORE, the ABN Ireland Defendants respectfully request that the Court enter

judgment:

a) in the ABN Ireland Defendants' favor and against the Trustee;

b) dismissing the Trustee's claims against the ABN Ireland Defendants in their entirety
   and with prejudice;

c) awarding the ABN Ireland Defendants their reasonable costs and expenses, including
   reasonable attorneys' fees, incurred in defending this action; and

d) granting the ABN Ireland Defendants such other and further relief as the Court deems
   just and proper.


Dated: May 26, 2023                    Respectfully submitted,
       New York, New York
                                       **LATHAM & WATKINS LLP**

                                By:
                                       _/s/ Christopher R. Harris_

                                       Christopher R. Harris
                                       Thomas J. Giblin
                                       1271 Avenue of the Americas
                                       New York, New York 10020
                                       Telephone: (212) 906-1200
                                       Facsimile: (212) 751-4864
                                       Email: christopher.harris@lw.com
                                       Email: thomas.giblin@lw.com


                                       *Attorneys for the ABN Ireland
                                       Defendants*