UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>　　　　　Plaintiff-Applicant,<br>　v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>　　　　　Defendant. | Adv. Pro. No. 08-01789 (CGM)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>　　　　　Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff,<br><br>　　　　　Plaintiff,<br>　v.<br><br>CREDIT SUISSE AG; CREDIT SUISSE AG, NASSAU BRANCH; CREDIT SUISSE (LUXEMBOURG) SA; CREDIT SUISSE INTERNATIONAL; CREDIT SUISSE NOMINEES (GUERNSEY) LIMITED; CREDIT SUISSE LONDON NOMINEES LIMITED; AND CREDIT SUISSE (UK) LIMITED,<br><br>　　　　　Defendants. | Adv. Pro. No. 11-02925 (CGM) |

## CASE MANAGEMENT PLAN

　　Plaintiff Irving H. Picard, as trustee (the "Trustee") for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa–*lll*, and the chapter 7 estate of Bernard L. Madoff individually, and defendants Credit Suisse AG; Credit Suisse AG, Nassau Branch; Credit Suisse

(Luxembourg) SA; Credit Suisse International; Credit Suisse Nominees (Guernsey) Limited; Credit Suisse London Nominees Limited; and Credit Suisse (UK) Limited (collectively, the "Defendants," and together with the Trustee, the "Parties," and each individually, a "Party"), by and through their respective undersigned counsel, hereby submit the following Case Management Plan pursuant to Rules 16 and 26 of the Federal Rules of Civil Procedure (the "Federal Rules"), applicable under Rules 7016 and 7026 of the Federal Rules of Bankruptcy Procedure.

1. Relevant Procedural History.

   a. On December 12, 2011, the Trustee commenced the above-captioned adversary proceeding in the United States Bankruptcy Court for the Southern District of New York (the "Court") by filing a Complaint against the original defendants in this adversary proceeding. *Picard v. Credit Suisse AG, et al.*, Adv. Pro. No. 11-02925, ECF No. 1.

   b. On March 29, 2022, the Court entered a stipulation between the Trustee and the original defendants (i) providing that the Complaint is deemed amended to reflect that the Defendants, and not certain defendants as originally named, are the defendants in this adversary proceeding, and (ii) dismissing Counts Four and Five of the Complaint, which sought to recover transfers allegedly received by certain defendants from Kingate Global Fund Ltd. and Kingate Euro Fund Ltd. *Id.*, ECF No. 101.

   c. On January 20, 2023, the Defendants filed answers and affirmative defenses. *Id.*, ECF No.129.

2. Fact Discovery Plan.

   a. Fact Discovery Cut-Off. Unless otherwise agreed to by the Parties or ordered by the Court, all fact discovery is to be completed by August 29, 2025 (the "Fact Discovery Cut-Off Date").

2

  b. <u>Initial Disclosures</u>.  The Parties agree that they shall serve initial disclosures as required under Federal Rule 26 on or before 60 days after the Court's entry of this Case Management Plan.

  c. <u>Subjects on Which Discovery May Be Needed</u>.  The Parties contemplate that fact and expert discovery will be needed on asserted claims and defenses.

  d. <u>Foreign Discovery</u>.  The Trustee anticipates the need for discovery located outside of the United States, including from individuals and entities that may have been affiliated with Defendants.  To obtain discovery from these individuals and entities, the Trustee will comply with the relevant discovery rules of the applicable jurisdiction, the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, and/or, for those jurisdictions not party to the Hague Convention, any other internationally recognized means of obtaining cross-border discovery, including but not limited to, letters rogatory (collectively, "International Discovery").  To the extent the Parties avail themselves of International Discovery procedures, they will not be deemed to have waived, prejudiced, or otherwise altered their rights to conduct discovery under the Federal Rules, the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules"), or other applicable domestic rules.  To the extent that responses to International Discovery are not received by the Fact Discovery Cut-Off Date, the Parties agree to seek reasonable extensions of the deadlines set forth herein.  Defendants reserve all rights and do not waive any arguments as to how discovery should be conducted with respect to current or former employees of Defendants.

  e. <u>Form of Certain Discovery</u>.  The Trustee intends to utilize one or more electronic data rooms to affirmatively make available millions of documents related to the

3

Trustee's claims. The Trustee's use of such data rooms will be governed by all applicable orders and rules.

   f. <u>Document Requests</u>. The Parties may serve requests for documents on or before 60 days before the Fact Discovery Cut-Off Date.

   g. <u>Interrogatories</u>. The Parties may serve Interrogatories in accordance with the rules and limitations articulated in Local Bankruptcy Rule 7033-1.

   h. <u>Requests for Admission</u>. The Parties may serve Requests for Admission on or before 60 days before the Fact Discovery Cut-Off Date.

   i. <u>Redaction Protocol</u>. Defendant Credit Suisse AG, as a Swiss bank, is subject to Swiss law, various provisions of which may limit or prohibit unilateral disclosure of certain information in discovery that otherwise would be discoverable under U.S. law. As such, Credit Suisse AG maintains that, to avoid potentially resolvable clashes of Swiss and U.S. law, the Parties should agree to a Swiss Redaction Protocol. Defendants Credit Suisse AG, Nassau Branch (subject to Bahamian law); Credit Suisse (Luxembourg) SA (subject to Luxembourgish law); Credit Suisse Nominees (Guernsey) Limited (subject to Channel Islands law); and Credit Suisse International, Credit Suisse London Nominees Limited, and Credit Suisse (UK) Limited (each subject to UK law) may similarly be limited by the laws in their respective jurisdictions. As such, Defendants maintain that the Parties should agree to additional jurisdiction-specific redaction protocols where appropriate and necessary to avoid potentially resolvable conflicts of law. The Trustee maintains that the Federal Rules provide a sufficient mechanism for addressing discovery disputes in this proceeding and that entry into a redaction protocol is premature in that it assumes such redactions are appropriate without any context under which to address such questions.

4

  j. <u>Inadvertent Production of Privileged Materials</u>.  The Parties acknowledge that the inadvertent production of privileged or work product protected documents is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.  This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).  Nothing contained in this paragraph is intended to or shall serve to limit a Party's right to conduct a review of documents, including electronically stored information, for relevance, responsiveness, and/or privileged and/or protected status.

  k. <u>Depositions</u>.

    (i) All depositions of fact witnesses must be completed by the Fact Discovery Cut-Off Date.  Depositions shall proceed concurrently, with no Party having priority.

    (ii) The Parties will endeavor to conclude the majority of depositions within the seven (7) hours provided by Federal Rule 30(d)(1), although the Parties acknowledge that there may be certain depositions of fact witnesses with knowledge of issues common to more than one avoidance action related to Adv. Pro. No. 08-01789 (CGM) (the "Avoidance Actions") that cannot be concluded within this time limit.  For any such witness, the Parties will attempt in good faith to agree to reasonable extensions of the seven (7) hour time limit as appropriate, and failing agreement either Party may apply to the Court for an extension of this time limit.

    (iii) To the extent the deposition of any fact witness raises common issues relevant to more than one Avoidance Action, in which fact

discovery has not closed, the Parties shall make a good faith effort to coordinate such depositions with the witness and defendants in such Avoidance Actions to maximize efficiency and use of resources to the extent reasonably practicable. The Parties shall confer in good faith and provide notice of such depositions under the Federal Rules, including the date, time, and location of any such depositions, to all relevant parties through appropriate means.

(iv) In a coordinated deposition, the limitations set forth in Federal Rule 30(d)(1) shall not necessarily apply, and the parties shall agree on an appropriate duration for the deposition. Such depositions shall not prejudice or preclude the Trustee from seeking additional depositions of such witness in Avoidance Actions in which initial disclosures have not been made and discovery is not open.

(v) The Parties agree that they will work in good faith to identify the requisite number of each Party's deponents and depositions.

(vi) Depositions of Irving H. Picard himself are prohibited absent an order issued by this Court upon a showing of good cause.

3. <u>Expert Discovery</u>. Within 30 days before the Fact Discovery Cut-Off Date, the Parties agree to meet and confer in good faith on the need for and timing of expert discovery. The Parties further agree to submit a proposed Amended Case Management Plan prior to the Fact Discovery Cut-Off Date that addresses expert discovery in this action.

4. <u>Manner of Production of Discovery Materials</u>. The Parties may produce discovery on a CD-ROM, flash drive, portable hard drive, in an electronic data room, secure or encrypted

6

file transfer, or other similar electronic format. Given the volume of documentation that may be subject to disclosure in this matter, the Parties may produce a summary report, such as an expert report, and provide access to the underlying documentation on which the summary report relies in an electronic data room or other medium for review by the Parties. Information and documents produced or made available electronically shall, to the extent reasonably feasible:

   a. be text searchable;

   b. provide data and image load files necessary to review the documents on search platforms (*e.g.*, Summation, Concordance, Relativity) upon request of any Party;

   c. provide any system-created or non-privileged captured objective metadata, such as date fields, author fields, custodian fields, path to native file, etc.;

   d. be organized, such as by date, custodian, or subject matter, as maintained in the ordinary course of business or, in the case of documents contained in E-Data Room 1 or the Third-Party Data Rooms, as organized by the Trustee; and

   e. provide additional formats of production, metadata, or native documents if requested by any Party.

The Parties shall meet and confer first in a good faith attempt to resolve any dispute, or thereafter comply with Local Bankruptcy Rule 7007-1 to resolve the dispute.

5. <u>Confidentiality</u>. The Litigation Protective Order entered in Adv. Pro. No. 08-01789 (CGM) on June 6, 2011 (ECF No. 4137), as modified via Order dated September 17, 2013 (ECF No. 5474), and as may be further amended or modified, shall govern the disclosure of confidential information in this proceeding.

6. <u>Prospects for Settlement, Including Whether a Settlement Conference Should Be Scheduled</u>. The Parties believe that it would be premature to schedule a settlement conference at this time.

7. <u>Discovery Arbitrator</u>.  The Parties may agree to the use of Frank Maas, Esq. as Discovery Arbitrator to resolve discovery disputes that they are unable to resolve by meeting and conferring, as referenced in the Order Appointing a Discovery Arbitrator Pursuant to Bankruptcy Rule 9019(c) and General Order M-390 (ECF No. 14227) entered on October 4, 2016 in Adv. Pro. No. 08-01789 (CGM).

8. <u>Trial</u>.  The Parties propose that they will confer with each other and the Court at the conclusion of all discovery to schedule a final pretrial conference and trial date.

[*Signatures appear on the following page.*]

Dated: May 26, 2023
      New York, New York

| **WINDELS MARX LANE & MITTENDORF, LLP** | **O'MELVENY & MYERS LLP** |
|---|---|
| By: /s/ Kim M. Longo | By: /s/ Daniel S. Shamah |
| 156 West 56th Street | 7 Times Square |
| New York, New York 10019 | New York, New York 10036 |
| Telephone: (212) 237-1000 | Telephone: (212) 326-2000 |
| Kim M. Longo | William J. Sushon |
| Email: klongo@windelsmarx.com | Email: wsushon@omm.com |
| Robert J. Luddy | Daniel S. Shamah |
| Email: rluddy@windelsmarx.com | Email: dshamah@omm.com |
| Alex Jonatowski | Kayla Haran |
| Email: ajonatowski@windelsmarx.com | Email: kharan@omm.com |
| *Special Counsel to Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff* | *Attorneys for Defendants Credit Suisse AG; Credit Suisse AG, Nassau Branch; Credit Suisse (Luxembourg) SA; Credit Suisse International; Credit Suisse Nominees (Guernsey) Limited; Credit Suisse London Nominees Limited; and Credit Suisse (UK) Limited* |



**Dated: May 31, 2023**
**Poughkeepsie, New York**

**/s/ Cecelia G. Morris**
_____
**Hon. Cecelia G. Morris**
**U.S. Bankruptcy Judge**