**OLSHAN FROME WOLOSKY LLP**
Thomas J. Fleming Esq.
Jonathan T. Koevary, Esq.
1325 Avenue of the Americas
New York, New York 10019
(212) 451-2300
*Counsel to Defendants*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>    Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>    Defendant. | Case No. 08-01789 (CGM)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated)<br><br>**NOTICE OF MOTION AND MOTION TO WITHDRAW THE REFERENCE** |
| In re:<br><br>BERNARD L. MADOFF,<br><br>    Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff,<br><br>    Plaintiff,<br><br>v.<br><br>MALCOLM SAGE and LYNNE FLORIO,<br><br>    Defendants. | Adv. Pro No. 23-01099 (CGM) |

**PLEASE TAKE NOTICE**, that Defendants Malcolm Sage and Lynne Florio (the "Defendants"), by their undersigned counsel, respectfully move the United States District Court for the Southern District of New York at the United States Courthouse, 500 Pearl Street, New York, NY 10007, on a date to be determined by the Court, pursuant to 28 U.S.C. § 157(d), Rule 5011 of the Federal Rules of Bankruptcy Procedure, and Rule 5011-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), for an Order withdrawing the reference of the above captioned adversary proceeding from the  Bankruptcy Court for the reasons set forth in the Memorandum of Law filed herewith.

WHEREFORE, Defendants respectfully request that the Court enter an Order granting the relief requested herein, and such other and further relief as the Court deems just and proper.

Dated: June 1, 2023
     New York, New York

                                **OLSHAN FROME WOLOSKY LLP**

                                By:   */s/* Jonathan Koevary
                                      Thomas J. Fleming, Esq.
                                      Jonathan T. Koevary, Esq.
                                      1325 Avenue of the Americas
                                      New York, New York 10019
                                      (212) 451-2300
                                      *Counsel to Defendants*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>   Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>   Defendant. | Case No. 08-01789 (CGM)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>   Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff,<br><br>   Plaintiff,<br><br>v.<br><br>MALCOLM SAGE and LYNNE FLORIO,<br><br>   Defendants. | Adv. Pro No. 23-01099 (CGM) |

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS' MOTION TO WITHDRAW THE REFERENCE

12094768-1

Table of Contents

Page

PRELIMINARY STATEMENT ........................................................................................1

BACKGROUND ..........................................................................................................1

     A.     The Complaint in this Subsequent Proceeding ...........................................2

     B.     Current Posture of Subsequent Proceeding...................................................3

     C.     The District Court Withdraws the Reference on Mandatory
           Grounds in the Primary Case .......................................................................3

     D.     The District Court Engaged in Substantial and Material
           Interpretation of SIPA to Avoid the Initial Transfers .................................5

     E.     Defendants Have Cause to Withdraw the Reference on Permissive
           Grounds.........................................................................................................7

ARGUMENT ..............................................................................................................7

I.     SUBSTANTIAL AND MATERIAL INTERPRETATION OF SIPA
      MANDATES WITHDRAWAL OF THE REFERENCE UNDER 28
      U.S.C. § 157(d) ............................................................................................7

II.    PERMISSIVE WITHDRAWAL IS INDEPENDANTLY WARRANTED
      AT THE OUTSET OF THIS SUBSEQUENT PROCEEDING AND
      SHOULD NOT WAIT UNTIL THE PROCEEDING IS TRIAL-READY ...........9

     A.     Judicial Economy and Uniformity of Bankruptcy Administration
           Warrant Immediate Withdrawal ...................................................................9

     B.     Withdrawal is Appropriate Because the Issues Are Private Rights
           that Are Not Constitutionally Core and Count Two is Not
           Statutorily Core...........................................................................................12

     C.     Withdrawal is Appropriate Where a Jury Trial Right Is Preserved...........14

     D.     Defendants Are Not Forum Shopping .......................................................16

CONCLUSION...........................................................................................................16

12094768-1

Table of Authorities

Page

CASES

*1800Postcards, Inc. v. Morel*,
  153 F. Supp. 2d 359 (S.D.N.Y. 2001)..................................................................14

*Adelphia Recovery Tr. v. FLP Grp., Inc.*,
  No. 11-Civ.-6847, 2012 WL 264180 (S.D.N.Y. Jan. 30, 2012) .............................13

*Buchwald v. Renco Grp.*,
  539 B.R. 31 (S.D.N.Y. 2015)...............................................................................9

*City of New York v. Exxon Corp.*,
  932 F.2d 1020 (2d Cir.1991).................................................................................8

*Dev. Specialists, Inc. v. Akin Gump Strauss Hauer & Feld LLP*,
  462 B.R. 457 (S.D.N.Y. 2011)......................................................................13, 15

*Dynegy Danskammer, L.L.C. v. Peabody COALTRADE Int'l Ltd.*,
  905 F. Supp. 2d 526 (S.D.N.Y. 2012)..................................................................15

*Eastern Airlines, Inc. v. Air Line Pilots Ass'n Int'l (In re Ionosphere Clubs, Inc.)*,
  No. 89 Civ. 8250 (MBM), 1990 WL 5203 (S.D.N.Y. Jan. 24, 1990) .......................8

*Enron Power Mktg. v. Cal. Power Exch. (In re Enron)*,
  No. 04-cv-8177, 2004 WL 2711101 (S.D.N.Y. Nov 23, 2004)................................8

*Granfinanciera, S.A. v. Nordberg*,
  492 U.S. 33 (1989)..............................................................................................14

*In re Ames Dep't Stores Inc.*,
  512 B.R. 736 (S.D.N.Y. 2014)..............................................................................8

*In re Bernard L. Madoff Investment Securities LLC*,
  654 F.3d 229 (2d Cir. 2011)...............................................................................4, 5

*In re Ionosphere Clubs, Inc.*,
  922 F.2d 984 (2d Cir. 1990)..................................................................................8

*In re Joe's Friendly Serv. & Son Inc.*,
  No. 14-bk-70001(REG), 2019 WL 6307468 (E.D.N.Y. Nov. 25, 2019) .................5

*In re Johns-Manville Corp.*,
  63 B.R. 600 (S.D.N.Y. 1986)................................................................................8

Table of Authorities
(continued)

Page

*Kirschner v. Agoglia*,
  476 B.R. 75 (S.D.N.Y. 2012)..................................................................................14

*McCrory Corp. v. 99¢ Only Stores (In re McCrory Corp.)*,
  160 B.R. 502 (S.D.N.Y.1993)...................................................................................9

*Messer v. Magee (In re FKF3, LLC)*,
  No. 13-CV-3601, 2016 WL 4540842 (S.D.N.Y. Aug. 30, 2016)..................................9, 14, 15

*N.Y. Skyline, Inc. v. Empire State Bldg. Tr. Co. (In re N.Y. Skyline, Inc.)*,
  512 B.R. 159 (S.D.N.Y. 2014), *aff'd,* 601 F. App'x 52 (2d Cir. 2015)....................................13

*Official Comm. of Unsecured Creditors of FMI Forwarding Co. v Union Transp.
  (In re FMI Forwarding Co.)*,
  No. 00 B 41815, 2004 WL 1348956 (S.D.N.Y. June 16, 2004)........................................15, 16

*Official Comm. of Unsecured Creditors of the VWE Group, Inc. v. Amlicke (In re
  VWE Grp.)*,
  359 B.R. 441 (S.D.N.Y. 2007)..............................................................................15, 16

*Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*,
  4 F.3d 1095 (2d Cir. 1993)....................................................................................10

*Picard v. Sage Realty*,
  No. 20 Civ. 10057 (JFK), 2022 WL 1125643 (S.D.N.Y. Apr. 15, 2022)...........................2, 6

*Picard v. Sage Realty*,
  No. 20-cv-10109 (AJN), 2021 WL 1987994 (S.D.N.Y. May 18, 2021) ......................3, 4, 5, 6

*Retired Partners of Coudert Bros. Tr. v. Baker & McKenzie LLP (In re Coudert
  Bros. LLP)*,
  App. C. No. 11-2785................................................................................................13

*Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*,
  501 B.R. 26 (S.D.N.Y. 2013).................................................................................11

*Stern v. Marshall*,
  564 U.S. 462 (2011)..................................................................................10, 12, 13

STATUTES

11 U.S.C. § 105...........................................................................................................2

11 U.S.C. § 548.......................................................................................................2, 6

iii

Table of Authorities
(continued)

Page

11 U.S.C. § 550.................................................................................................2, 7, 10, 11, 14

15 U.S.C. § 78lll(11)...........................................................................................................4

28 U.S.C. § 157(b)(2) ..................................................................................................10, 13

28 U.S.C. § 157(d) ...................................................................................................... passim

28 U.S.C. § 2201(a) ...........................................................................................................3

Comprehensive Environmental Response, Compensation, and Liability Act.................8

Federal Power Act...............................................................................................................8

Lanham Act..........................................................................................................................9

McCarran–Ferguson Act....................................................................................................8

Securities Investor Protection Act ............................................................................ passim


OTHER AUTHORITIES

Federal R. Bankr. P. 5011....................................................................................................1

Fed. R. Civ. P. 57.................................................................................................................3

U.S. Const., Article III................................................................................................ passim

U.S. Const., Amendment VII.........................................................................................9, 14

Defendants Malcom Sage and Lynne Florio (the "Defendants") in the above-captioned adversary proceeding (the "Subsequent Proceeding") respectfully submit this memorandum of law in support of their motion to withdraw the reference of this Subsequent Proceeding pursuant to 28 U.S.C. § 157(d) and Rule 5011 of the Federal Rules of Bankruptcy Procedure.

## PRELIMINARY STATEMENT

The Complaint in the Subsequent Proceeding is premised upon and intertwined with a decision entered by the District Court in two other consolidated adversary proceedings after the District Court withdrew the reference in those cases on mandatory grounds. Because the same issues are present here as in the earlier adversary proceedings and this Subsequent Proceeding stems from a common nucleus of facts, withdrawal of the reference is mandatory for the same reasons here as they were in the earlier adversary proceedings: substantial and material interpretation of non-bankruptcy federal law.  In addition, Defendants show cause for permissive withdrawal for several reasons, including judicial economy, uniformity in bankruptcy administration, determination of non-core matters, and Defendants' right to a jury trial before an Article III Court.

## BACKGROUND

On April 19, 2023, plaintiff Irving Picard ("Plaintiff" or the "Trustee") brought this Subsequent Proceeding. The Subsequent Proceeding seeks (i) to hold the Defendants partially liable as mediate or immediate transferees of a series of initial transfers from Bernard L. Madoff Investment Securities LLC ("BLMIS") and (ii) hold Defendant Florio liable for a portion of those initial transfers on a theory of joint and several liability. These initial transfers were avoided in two consolidated earlier filed adversary proceedings captioned *Picard v. Sage Realty*, No. 20-cv-10109 (the "Sage Realty Proceeding") and *Picard v. Sage Associates*, No. 20-cv-10057 (the "Sage Associates Proceeding" and together with the Sage Realty Proceeding, the

"Primary Case"). The decision and corresponding judgment in the Primary Case are on appeal to

the United States Court of Appeals for the Second Circuit docketed at Nos. 22-1107 (2d Cir.)

(lead case).

As to Defendant Sage, the Subsequent Proceeding is duplicative in its entirety: the

Trustee seeks judgment from Defendant Sage on alternate theories of liability for portions of the

amounts for which he has already been found liable by the District Court. Defendant Florio is not

party to the Primary Case.

Following a bench trial in the Primary Case, on April 15, 2022, under 11 U.S.C. §

548(a)(1)(A), the District Court found Sage Associates liable for $13,510,000 of fraudulent

transfers received from BLMIS (the "Sage Associates Initial Transfers") and Sage Realty liable

for $3,370,000 of fraudulent transfers received from BLMIS (the "Sage Realty Initial Transfers"

and together with the Sage Associates Initial Transfers, the "Initial Transfers").  *See Picard v.*

*Sage Realty*, No. 20 Civ. 10057 (JFK), 2022 WL 1125643 (S.D.N.Y. Apr. 15, 2022) (the

"Avoidance Decision"). The Avoidance Decision further found that the individual defendants in

the Primary Case, including Defendant Sage, were general partners of Sage Associates and of

Sage Realty and as such, those individual defendants, including Defendant Sage, were jointly

and severally liable for the Initial Transfers.

A.    The Complaint in this Subsequent Proceeding

All theories of liability raised in the Subsequent Proceeding must flow from a finding that

the Initial Transfers were avoidable. The Complaint in this Subsequent Proceeding contains two

counts:

- Count One: Recovery of Subsequent Transfers under 11 U.S.C. §§ 105(a) &

  550(a) (seeking to find Defendants liable under multiple theories as mediate or

  immediate transferees of the Initial Transfers). Compl. at 21.

2

- Count Two: Declaratory Judgment against Defendant Florio under 28 U.S.C. § 2201(a) and Fed. R. Civ. P. 57 (seeking a finding that Defendant Florio is a general partner of Sage Realty and thus jointly and severally liable for the Sage Realty Initial Transfers). Compl. at 22.

B.    Current Posture of Subsequent Proceeding

Plaintiff filed the Subsequent Proceeding on April 19, 2023. May 24, 2023 was the Defendants' initial deadline to answer or otherwise respond to the Complaint. On May 23, 2023, Defendants filed their *Motion to Extend Time to Answer or Otherwise Respond to the Complaint* [Adv. Pro. Dkt. No. 5] (the "Extension Motion").  The Extension Motion seeks to move the answer or respond deadline to June 30, 2023 and the return date, pursuant to a subsequently filed amended notice of motion, is June 21, 2023. By operation of Local Bankruptcy Rule 9006-2, Defendants' time to answer or respond was automatically extended to the June 21 return date without order of the Bankruptcy Court. This Motion is filed prior to the June 21 return date and Defendants have not yet answered or otherwise responded to the Complaint.

C.    The District Court Withdraws the Reference on Mandatory Grounds in the Primary Case

On May 18, 2021, the District Court in the Primary Case entered a Memorandum Opinion and Order withdrawing the reference on ***mandatory*** grounds under 28 U.S.C. § 157(d) to the Bankruptcy Court captioned *Picard v. Sage Realty,* No. 20-cv-10109 (AJN), 2021 WL 1987994 (S.D.N.Y. May 18, 2021) (the "Withdrawal Opinion").[1]

The genesis of the mandatory withdrawal ruling comes from atypical facts concerning the Trustee's claims in the Primary Case, which required applications of the Securities Investor

---

[1] Then District (and now Circuit) Judge Alison J. Nathan authored the Withdrawal Opinion. Later, District Judge John F. Keenen presided over the bench trial and authored the Avoidance Decision.

12094768-1

Protection Act ("SIPA") that had not previously been considered by the Second Circuit. Like

countless other adversary proceedings brought by the Trustee, in the Primary Case, the Trustee

sought to recover transfers received from BLMIS in the two years prior to the SIPA liquidation

proceedings to the extent they were in excess of "net equity" (based on amounts "owed by the

debtor") of Defendants who received these transfers in good faith.[2] However, the Primary Case

presented novel questions concerning methodology to determine net equity. In most other cases,

BLMIS customers deferred to Madoff to make investment decisions and understood their

investments to be made in accordance with Madoff's fraudulent "split-strike conversion"

investment strategy, which in reality was an entirely bogus strategy. Withdrawal Opinion at *4.

In a small group of cases, BLMIS did not purport to engage in this strategy, but rather through

special trades. *Id*. But for a minority of a minority, BLMIS made trades at the customers'

direction. *Id*.

    Sage Associates alleged that it fell into the minority of the minority. That is that Sage

Associates' "'account statements' allegedly 'contained the securities that they authorized and

directed Madoff to purchase and their accounts tracked the returns of the securities in which they

instructed Madoff to invest" and as such the defendants alleged that "their account statements

'mirrored what would have happened had the given transaction[s] been executed.'"

    SIPA does not provide a clear methodology to determine what is "owed by the debtor" in

order to determine net equity.  In *In re Bernard L. Madoff Investment Securities LLC*, 654 F.3d

229 (2d Cir. 2011), the Second Circuit approved of the Trustee's choice of the "Net Investment

Method" as applied to the split-strike strategy. "Under this method, net equity is the amount of

---

[2] Under SIPA, "net equity is the dollar amount of the accounts or accounts of a customer," which is determined by "calculating the sum which would have been owed by the debtor to such customer if the debtor had liquidated, by sale or purchase on the filing date . . . all securities positions of such customer . . . " minus "any indebtedness of such customer to the debtor." 15 U.S.C. § 78lll(11).

cash deposits that any given customer made to BLMIS subtracted by the amount of any cash withdrawals they received from BLMIS." *Withdrawal Opinion* at *2. Split-strike customers argued for the "Last Statement Balance" Method "under which a customer would be entitled to recover the market value of the securities, as reflected on their last customer statement that had been issued to them by BLMIS." *Id. Citing Madoff*, 654 F.3d at 233-34. Because the split-strike statements were "devoid of any connection to market prices, volumes, or other realities," (*Id.* at *3), the Circuit held the Trustee's Net Investment Method was appropriate. However, the Circuit limited its opinion. Noting that "the extraordinary facts of this case make the Net Investment Method appropriate" but that there are "many instances [ ] [where] it would not be." *Withdrawal Opinion* at *3 (*quoting Madoff*, 654 F.3d at 238) (internal marks omitted) and that "in more conventional cases," the "last account statement will likely be the most appropriate means of calculating net equity." *Id.* (internal marks and citation omitted).

The District Court then found withdrawal ***mandatory*** because, determination of novel issues concerning "net equity" required a "substantial and material consideration" of non-bankruptcy federal law, in this case, SIPA, that "squarely involves 'a matter of first impression, undecided by the Second Circuit." *Id.* at *7 (quoting *In re Joe's Friendly Serv. & Son Inc.*, No. 14-bk-70001(REG), 2019 WL 6307468, at *6 (E.D.N.Y. Nov. 25, 2019).

The Primary Case defendants had also sought withdrawal of the reference on permissive grounds. The District Court declined to reach decision on the permissive grounds sought as it held withdrawal was mandatory. *Id*. at *2.

> D.    The District Court Engaged in Substantial and Material Interpretation of SIPA to Avoid the Initial Transfers

Later, after a bench trial, the District Court engaged in a substantial and material interpretation of SIPA, finding that the net investment method was consistent with the plain

language of SIPA (Avoidance Decision at *19-20) and further found that the Net Investment

Method is consistent with the SIPA's purpose (*Id.* at *20-21). The District Court interpreted what

it determined to be dicta from the Second Circuit's New Equity decision to say that the dicta

supports the Net Investment Method in this decision. (*Id.* at *22). After application of the Net

Investment Method, on April 15, 2022, the District Court avoided the Initial Transfers pursuant

to the Bankruptcy Code's intentional fraudulent transfer provision: 11 U.S.C. § 548(a)(1)(A).

These issues are on appeal as to Sage Associates.[3]

      Notwithstanding ruling on the merits against the Defendants, the District Court in the

Avoidance Decision acknowledged the novelty of its application of SIPA. In declining to award

the Trustee prejudgment interest, the District Court, now by Judge Keenen having replaced

Judge Nathan, re-affirmed that the issues were hardly settled:

> The Sages' arguments, although ultimately unsuccessful, were made in
> good faith and created a legitimate dispute over liability. As Judge Nathan noted
> in her opinion withdrawing the reference, "resolution of this proceeding involves
> much more than routine application of settled law. The proceeding raises the
> issues of whether the Net Investment Method is permissible if a customer has
> directed and authorized trades but those trades were not executed, and also
> whether the Trustee has the discretion to choose between competing methods of
> calculating net equity generally." *Sage Realty*, 2021 WL 1987994, at *6. Judge
> Nathan further noted that "contrary to the Trustee's contention, it may be the case
> that the most appropriate method for calculating the Defendants' net equity under
> SIPA is the Last Statement Balance method." *Id.* at *4. As Judge Nathan made
> clear, prior to the instant trial, the ultimate outcome of this case was far from
> certain.

Avoidance Decision *at* *31. These decisions are on appeal to the Second Circuit.

---

[3] Defendant Sage appealed the District Court's findings concerning the Sage Associates Initial Transfers and his
partnership liability, but did not appeal the finding that Sage Realty was liable for the Sage Realty Initial Transfers.

12094768-1

    E.    <u>Defendants Have Cause to Withdraw the Reference on Permissive Grounds</u>

Independently, the Defendants have cause for permissive withdrawal of the reference. As determination of liability here necessarily requires determination of facts and law already decided by the District Court, this Subsequent Proceeding is not simply related to the Primary Case, but it is completely intertwined with the Primary Case. Furthermore, this Subsequent Proceeding is premised upon a private right and is not constitutionally core – or statutorily core with respect to Count Two – and Defendants have not and will not consent to entry of final order of the Bankruptcy Court, meaning that a District Court will ultimately rule on dispositive matters. Finally, Defendants have not waived their entitlement to a jury trial before an Article III Court in this Subsequent Proceeding.

## ARGUMENT

**I.**    **SUBSTANTIAL AND MATERIAL INTERPRETATION OF SIPA MANDATES WITHDRAWAL OF THE REFERENCE UNDER 28 U.S.C. § 157(d)**

28 U.S.C. § 157(d) provides:

> The district court *may* withdraw, in whole or in part, any case or proceeding referred under this section, *on its own motion or on timely motion of any party, for cause shown*. The district court *shall*, on timely motion of a party, *so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce*.

28 U.S.C. § 157(d) (emphasis added). The first sentence's "may withdraw" contemplates permissive withdrawal for cause shown.  Defendants address permissive withdrawal alternatively below. The second sentence's "shall . . . so withdraw" addresses mandatory withdrawal. Under the plain language of Section 157(d), withdrawal is mandatory where resolution "consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce."

7

Mandatory withdrawal is "reserved for cases where substantial and material consideration of non-Bankruptcy Code federal statutes is necessary for the resolution of the proceeding." *In re Ionosphere Clubs, Inc.*, 922 F.2d 984, 995 (2d Cir. 1990) (routine interpretation of federal law does did not require withdrawal). Withdrawal is mandatory in cases "that would otherwise require a bankruptcy court judge to engage in significant interpretation, as opposed to simple application, of federal laws apart from the bankruptcy statutes." *City of New York v. Exxon Corp.,* 932 F.2d 1020, 1026 (2d Cir.1991) (mandatory reference withdrawal would be required if the court would have to substantially determine the Comprehensive Environmental Response, Compensation, and Liability Act).

The mandatory provision assures "that an Article III judge decides issues calling for more than a routine application of [federal laws] outside the Bankruptcy Code. *Enron Power Mktg. v. Cal. Power Exch. (In re Enron)*, No. 04-cv-8177, 2004 WL 2711101, at *2 (S.D.N.Y. Nov 23, 2004) (alteration in original) quoting *Eastern Airlines, Inc. v. Air Line Pilots Ass'n Int'l (In re Ionosphere Clubs, Inc.),* No. 89 Civ. 8250 (MBM), 1990 WL 5203, at *5 (S.D.N.Y. Jan. 24, 1990) (interpretation of Federal Power Act to determine if the Federal Energy Regulatory Commission had jurisdiction to determine rights to letter of credit proceeds mandated withdrawal of the reference).

The "'substantial and material consideration' element for mandatory withdrawal is satisfied where resolving the action would require the bankruptcy court to 'engage itself in the intricacies' of non-bankruptcy law . . . ." *In re Ames Dep't Stores Inc.*, 512 B.R. 736, 741 (S.D.N.Y. 2014) (withdrawal mandated to consider jurisdictional issue regarding interpretation of McCarran–Ferguson Act). Although the provision is to be "construed narrowly" *In re Johns-Manville Corp.*, 63 B.R. 600, 603 (S.D.N.Y. 1986), "the issues of non-bankruptcy law raised by

8

the proceeding need not be unsettled or involve matters of "first impression." *McCrory Corp. v. 99¢ Only Stores (In re McCrory Corp.),* 160 B.R. 502, 505 (S.D.N.Y.1993) (withdrawal mandatory to interpret Lanham Act).

Here withdrawal is mandatory. A finding of liability under both counts of the complaint necessarily requires determination that the Initial Transfers were avoidable. As was held in the Primary Case, because of the unusual facts concerning the initial transfers, i.e., that Sage Associates was in the "minority of the minority" who directed Madoff to purchase securities – an issue the Second Circuit left open when issuing its split-strike decision – cannot be done without substantial and material interpretation of SIPA. There has been one district court decision – the decision in the Primary Case – and that has not yet been reviewed or otherwise considered by the Second Circuit *(see Withdrawal Op.* at *7)*. Unless and until the Second Circuit applies clear guidance to interpretation of "net equity" under SIPA to the "minority of the minority" of defendants, 28 U.S.C. § 157(d) requires that the District Court and not the Bankruptcy Court consider the proper calculation of net equity under SIPA.

## II.    PERMISSIVE WITHDRAWAL IS INDEPENDANTLY WARRANTED AT THE OUTSET OF THIS SUBSEQUENT PROCEEDING AND SHOULD NOT WAIT UNTIL THE PROCEEDING IS TRIAL-READY

### A.    Judicial Economy and Uniformity of Bankruptcy Administration Warrant Immediate Withdrawal

It is well established within this Circuit that where a jury trial right is preserved, and Defendants do not consent to the Bankruptcy Court's core jurisdiction, cause exists to withdraw the reference when the case is trial-ready. *See Messer v. Magee (In re FKF3, LLC)*, No. 13-CV-3601, 2016 WL 4540842 (S.D.N.Y. Aug. 30, 2016) (withdrawing reference because the Bankruptcy Court lacked constitutional authority to finally adjudicate the trustee's claims against the defendant and the Seventh Amendment required a jury trial on those claims); *Buchwald v.*

9

*Renco Grp.*, 539 B.R. 31, 36 (S.D.N.Y. 2015) (withdrawing reference for jury trial on adversary proceeding asserting claims of fraudulent conveyance).

As discussed below, it is also well established that fraudulent conveyance claims are akin to private rights of action and are not-constitutionally core and that Bankruptcy Court's cannot enter final orders without consent. In addition, Count Two, seeking to find Defendant Florio liable under New York partnership law is not a statutorily core matter. *See* 28 U.S.C. § 157(b)(2) (providing non-exhaustive list of core proceedings).

As such, the only real question concerning permissive withdrawal is the timing. Defendants, seek withdrawal now at the outset of the case on judicial economy and uniformity in administration grounds.

In deciding whether to withdraw the reference "for cause" under 28 U.S.C. § 157(d), a court should consider: (1) whether the action is non-core; (2) efficient use of judicial resources; (3) delay and costs to the parties; (4) uniformity of bankruptcy administration; (5) the prevention of forum shopping; and (6) other related factors. *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095 (2d Cir. 1993). The Supreme Court later addressed and refined the "core" versus "non-core" distinction in *Stern v. Marshall*, 564 U.S. 462 (2011).

Here, the efficient use of resources and the uniformity of bankruptcy administration give rise to immediate withdrawal. This Subsequent Proceeding is completely intertwined with the Primary Case. Count 1 seeks to find a Defendants liable as immediate or mediate transferees of the Initial Transfers under section 550(a) of title 11 of the United States Code (the "Bankruptcy Code" and Count Two seeks to find Defendant Florio – a non-party in the Primary Case – jointly severally liable for the Sage Realty Initial Transfers.

10

Bankruptcy Code section 550(a) provides, subject to certain defenses, including statutory

defenses set forth in subsections 550(b) and (f):

> Except as otherwise provided in this section, to the extent that a transfer is
> avoided under section 544, 545, 547, 548, 549, 553(b), or 724(a) of this title, the
> trustee may recover, for the benefit of the estate, the property transferred, or, if the
> court so orders, the value of such property, from—
> (1)
> the initial transferee of such transfer or the entity for whose benefit such transfer
> was made; or
> (2)
> any immediate or mediate transferee of such initial transferee.

11 U.S.C. § 550(a).

"Section 550(a) requires that the Trustee show that the transfer he seeks to recover is

avoidable in each recovery action, and the subsequent transferee in possession of that transfer

may raise any defenses to avoidance available to the initial transferee, as well as any defenses to

recovery it may have." *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 501 B.R. 26,

29 (S.D.N.Y. 2013). In other words, there can be no liability under Bankruptcy Code section

550(a) without a finding *in this proceeding* that the Initial Transfers are avoidable.

Here, the Complaint is dependent upon the Initial Transfers addressed by the District

Court in the Primary Case that are on appeal, but which have to be proved independently in this

Subsequent Proceeding. Moreover, Count Two requires a finding that Sage Realty was a

partnership and that Defendant Florio was its general partner.

Defendant Florio was not party to the Primary Case and the District Court's finding that

Sage Realty was a partnership is not res judicata as to her. Because these issues arise out of the

same nucleus of facts, judicial economy warrants that any dispositive motion be heard by the

District Court in the first instance and should not wait until the case is trial-ready, as does

uniformity in bankruptcy administration, as it would hardly be uniform to have the Bankruptcy

Court rule on the same nucleus of facts in one case where the District Court previously ruled in another case.

Along these lines, this Court must further take into account the possibility that the Second Circuit might reverse and remand the Avoidance Decision to the District Court for further consideration. Defendants assert that neither judicial economy nor uniformity of administration would be served by having the District Court consider these issues concerning the Initial Transfers in the Primary Case while the Bankruptcy Court considers the same Initial Transfers in the Subsequent Proceeding as a prerequisite to liability. Such a circumstance would be untenable.

B.    Withdrawal is Appropriate Because the Issues Are Private Rights that Are Not Constitutionally Core and Count Two is Not Statutorily Core

Because Defendants do not consent to entry of final orders, any final order must be entered by the District Court in the Subsequent Proceeding.  The Supreme Court's decision in *Stern v. Marshall* shifted the analysis of whether to withdraw the reference of a case for trial in the district court from the core/non-core consideration in *Orion* to whether the claim to be adjudicated involves a "public" or a "private" right. If the claim involves private rights, Congress cannot vest final adjudicative power over it in the bankruptcy court consistent with Article III, whether the claim is "core" or "non-core." The Supreme Court held that the bankruptcy court did not have the constitutional authority to issue a final judgment on the counterclaim because the debtor had "failed to demonstrate that her counterclaim falls within one of the 'limited circumstances' covered by the public rights exception," despite the fact that such a claim is characterized by the Bankruptcy Code as a "core" claim. *Stern*, 564 U.S. at 499. The Court, following *Granfinanciera*, compared fraudulent conveyance claims to the counterclaims and because both involved private rights of action and determined that "Congress could not

12

constitutionally assign resolution of the fraudulent conveyance action to a non-Article III court."
*Id.* at 492 n.7.

Under *Stern* that the Bankruptcy Court may not enter final judgment on the Trustee's claims for recovery of fraudulent transfer, even though these claims are characterized as "core" under 28 U.S.C. § 157(b)(2). *See, e.g., N.Y. Skyline, Inc. v. Empire State Bldg. Tr. Co. (In re N.Y. Skyline, Inc.)*, 512 B.R. 159, 177 (S.D.N.Y. 2014) ("Fraudulent conveyance actions 'arise under' section 548 of the Bankruptcy Code and are listed as core in section 157(b)(2), but following *Stern*, courts have held that bankruptcy judges may not enter final judgments in such cases absent the consent of the parties."), *aff'd*, 601 F. App'x 52 (2d Cir. 2015); *Adelphia Recovery Tr. v. FLP Grp., Inc.*, No. 11-Civ.-6847, 2012 WL 264180, at*4 (S.D.N.Y. Jan. 30, 2012) ("Supreme Court precedents demonstrate that a fraudulent transfer claim involves a private right."); *Dev. Specialists, Inc. v. Akin Gump Strauss Hauer & Feld LLP*, 462 B.R. 457, 469 (S.D.N.Y. 2011) ("DSI") (withdrawing the reference based on finding that "DSI's fraudulent conveyance counterclaim against Dechert is precisely the kind of claim found to involve only private rights in *Granfinanciera*"); *Retired Partners of Coudert Bros. Tr. v. Baker & McKenzie LLP (In re Coudert Bros. LLP)*, App. C. No. 11-2785, Adv. Proc. No. 08-1472, 2011 WL 5593147, at *8 (S.D.N.Y. Sept. 23, 2011) (vacating final order of bankruptcy court entered prior to *Stern* with respect to fraudulent conveyance claim because "a claim of fraudulent conveyance implicates private rather than public rights"). Moreover, Count Two – seeking to hold Defendant Florio jointly and severally liable as a partner of Sage Realty – is not a statutorily core matter under 28 U.S.C. § 157(b)(2). Therefore, withdrawal is appropriate here and judicial economy is further served because a Bankruptcy Court may not enter a final order without consent.

C.      Withdrawal is Appropriate Where a Jury Trial Right Is Preserved

The Seventh Amendment to the United States Constitution provides "in Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved " U.S. Const., Amend. VII. Fraudulent transfer actions are actions at law as to which a defendant is entitled to a jury trial under the Seventh Amendment. *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33 (1989). The Supreme Court in *Granfinanciera* held that a fraudulent conveyance claim under title 11 is not a matter of "public right" for purposes of Article III, and that the defendant to such a claim is entitled to a jury trial under the Seventh Amendment.

The Defendants intend to timely assert, and not waive, their right to a jury trial. They do not consent to the entry of a final order by the Bankruptcy Court. Key issues of fact in the Subsequent Proceeding will be in dispute including but not limited to (1) facts underlying the Initial Transfers; (2) did the subsequent transfers flow as alleged by the Trustee; (3) was there value received and were the subsequent transfers in good faith (*see* Bankruptcy Code section 550(b) (providing defenses); and (4) was Defendant Florio a general partner of Sage Realty? Under these circumstances, the appropriate and recognized procedure for the determination of the disputed facts is withdrawal of the reference for jury trial in the District Court.

Reference withdrawal for jury trial purposes is typically done when the case is trial-ready. *See, e.g., FKF 3*, 2016 WL 4540842, at *20 (withdrawing reference in case notwithstanding trustee's assertion that the Bankruptcy Court was "fully familiar with the case and prepared to move forward with a trial expeditiously"); *Kirschner v. Agoglia*, 476 B.R. 75, 83 (S.D.N.Y. 2012) ("[T]he Court may withdraw the reference if and when a trial is necessary."); *1800Postcards, Inc. v. Morel*, 153 F. Supp. 2d 359, 367 (S.D.N.Y. 2001) ("Both have requested a jury trial and neither has consented to final resolution of the non-core matter by the Bankruptcy Court. Withdrawal of the reference thus would solve the constitutional problems that would arise

were the adversary action to proceed to trial."); *Official Comm. of Unsecured Creditors of FMI Forwarding Co. v Union Transp. (In re FMI Forwarding Co.)*, No. 00 B 41815, 2004 WL 1348956, at *6 (S.D.N.Y. June 16, 2004) ("[T]he fact that the bankruptcy court would be better able than this Court to oversee discovery and other pretrial activities . . . is no longer a relevant consideration at this stage of the present adversary proceeding where . . . there is very little discovery left, and this case is on the eve of trial.") (internal quotations and citations omitted).

In *FKF 3*, Judge Karas held that an individual defendant was entitled to a jury trial on a trustee's alter ego claim. Because the trustee was seeking "to hold Magee and the other Principals individually, jointly and severally, responsible for satisfying any and all debts of the Debtor . . . in an effort to ultimately obtain money damages from the Principals, Magee has a right to a jury trial with respect to the claim[.]" *FKF 3*, 2016 WL 4540842, at *17 (internal quotations and citations omitted).

Other judges in this District regularly withdraw the reference when a defendant has a jury trial right. *See, e.g., DSI*, 462 B.R. at 472 ("In addition, Defendant DLA Piper has demanded a jury trial of all issues so triable. Therefore, its action must be finally adjudicated here."); *Official Comm. of Unsecured Creditors of the VWE Group, Inc. v. Amlicke (In re VWE Grp.)*, 359 B.R. 441, 451 (S.D.N.Y. 2007) ("[T]he [district] court's finding that the claim is non-core coupled with defendants' jury demand is sufficient cause to withdraw the reference."); *Dynegy Danskammer, L.L.C. v. Peabody COALTRADE Int'l Ltd.*, 905 F. Supp. 2d 526, 534 n.3 (S.D.N.Y. 2012) ("If a jury trial were required, this could counsel for withdrawal of the reference.").

12094768-1

Although withdrawal to honor jury trial rights in this Circuit typically occurs when the case is trial-ready, Defendants submit that taken together with the other reasons cited above, withdrawal at the outset is more appropriate here.

D.      Defendants Are Not Forum Shopping

Finally, Defendants are not forum shopping, particularly given their jury trial right before an Article III Court. *VWE Grp.*, 359 B.R. at 451 (holding that withdrawal of the reference "will not result in forum-shopping because, due to defendants' demand for a jury trial on this non-core claim, the parties have no choice but to try the case in this Court."); *FMI Forwarding*, 2004 WL 1348956, at *7 ("Moreover, withdrawing the reference does not promote forum- shopping because, since Marcus has a right to a jury trial on the claim, absent consent by Marcus to a trial in bankruptcy court, the parties have no choice but to try the case in this Court.").

Defendants are seeking merely to return to the District Court. They are seeking this even though it was the District Court that held the Initial Transfers were avoidable on April 15, 2022, found Sage Realty and Sage Associates to be general partnerships, and held Defendant Sage jointly and severally liable for the Initial Transfers. If Defendants' goal was to forum shop, it stands to reason that if anything they would prefer not return to same Court that made these holdings. What the Defendants seek, however, is uniform application of justice and their rights under the Seventh Amendment and Article III of the United States Constitution.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court withdraw the reference of the Subsequent Proceeding.

12094768-1

Dated: June 1, 2023
      New York, New York

                            **OLSHAN FROME WOLOSKY LLP**

By:  <u>/s/ Jonathan Koevary</u>
       Thomas J. Fleming, Esq.
       Jonathan T. Koevary, Esq.
       1325 Avenue of the Americas
       New York, New York 10019
       (212) 451-2300
       *Counsel to Defendants*

12094768-1