# United States District Court
for the
## Southern District of New York
### Related Case Statement

---

#### Full Caption of Later Filed Case:

IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff,

| Plaintiff | Case Number |
|---|---|
| vs. | |
| MALCOLM SAGE and LYNNE FLORIO | |
| Defendant | |

#### Full Caption of Earlier Filed Case:

(including in bankruptcy appeals the relevant adversary proceeding)

IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff,

| Plaintiff | Case Number |
|---|---|
| vs. | 20-cv-10109 & 20-cv10057 (JFK) (Consl). |
| Sage Associates, Malcolm H. Sage et al. | |
| & | |
| Sage Realty, Malcolm H. Sage et al. | |
| Defendant | |

Status of Earlier Filed Case:

☑ Closed    (If so, set forth the procedure which resulted in closure, e.g., voluntary dismissal, settlement, court decision. Also, state whether there is an appeal pending.)

☐ Open    (If so, set forth procedural status and summarize any court rulings.)

Appeal pending. The two earlier cases were consolidated. In April 2022, the District Court entered judgment against all Defendants in both earlier cases. Those judgments are on appeal to the United States Court of Appeals for the Second Circuit.

Explain in detail the reasons for your position that the newly filed case is related to the earlier filed case.

Irving Picard is the sole plaintiff in the earlier cases and in the newly filed case. Defendant Malcolm Sage was a defendant in both earlier cases and in the newly filed case. Defendant Lynne Florio was not a party to either of the earlier cases. Following a bench trial, the District Court in the earlier filed cases found (1) Sage Associates and Sage Partners liable for avoidable transfers under the Bankruptcy Code; (2) Sage Associates and Sage Partners were general partnerships under New York law; & (3) Malcolm Sage and others were jointly & severally liable for the avoidable transfers as general partners.

The newly filed case contains common allegations: the Complaint alleges and relies upon a finding that the very same transfers were avoidable and that Sage Realty was a general partnership. The newly filed case contains two counts. Count 1 seeks hold Lynne Florio liable for a subset of the same transfers as a subsequent transferee under the Bankruptcy Code and it seeks to hold Defendant Malcolm Sage liable under the subsequent transferee theory for a subset of amounts for which he has been found liable. Count 1 relies upon a finding that the transfers to Sage Realty and Sage Associates were avoidable, which the District Court found in the earlier cases. Count 2 seeks to hold Defendant Florio jointly & severally liable with Sage Realty based on allegations that Sage Realty was a general partnership and that Defendant Florio was one of its general partners. Count 2 requires a determination whether Sage Realty was a general partnership and the identity of its general partners, both of which were addressed and resolved in the earlier cases.

Signature: /s/ Jonathan Koevary    Date: 6/1/2023

Firm: Olshan Frome Wolosky LLP