**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>      Plaintiff-Applicant,<br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>      Defendant. | Adv. Pro. No. 08-01789 (CGM)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>      Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff,<br><br>      Plaintiff,<br>v.<br><br>CREDIT SUISSE AG, as successor-in-interest to Clariden Leu AG and Bank Leu AG,<br><br>      Defendant. | Adv. Pro. No. 12-01676 (CGM) |

## CASE MANAGEMENT PLAN

  Plaintiff Irving H. Picard, as trustee (the "Trustee") for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa–*lll*, and the chapter 7 estate of Bernard L. Madoff individually, and defendant Credit Suisse AG, as successor-in-interest to Clariden Leu AG and Bank Leu AG ("Defendant," and together with the Trustee, the "Parties," and each individually, a "Party"), by and through their respective undersigned counsel, hereby submit the following Case

Management Plan pursuant to Rules 16 and 26 of the Federal Rules of Civil Procedure (the "Federal Rules"), applicable under Rules 7016 and 7026 of the Federal Rules of Bankruptcy Procedure.

1.  Relevant Procedural History.

    a.  On May 30, 2012, the Trustee commenced the above-captioned adversary proceeding in the United States Bankruptcy Court for the Southern District of New York (the "Court") by filing a Complaint against Defendant and Clariden Leu AG (f/k/a Clariden Bank AG) ("Clariden Leu") individually and as successor in interest to Bank Leu AG. *Picard v. Credit Suisse AG, as successor-in-interest to Clariden Leu AG and Bank Leu AG*, Adv. Pro. No. 12-01676, ECF No. 1.

    b.  On July 27, 2012, the Court entered a stipulation and order whereby the Trustee agreed to amend the Complaint and remove Clariden Leu as a separate defendant based on Defendant's representations that: (i) Defendant is the successor-in-interest to Clariden Leu by virtue of their *de jure* merger on April 2, 2012, (ii) Defendant had acquired liabilities of Clariden Leu through the merger including those alleged in the Complaint, and (iii) Clariden Leu had ceased to exist by virtue of the merger. *Id.*, ECF No. 11.

    c.  On July 30, 2012, the Trustee filed his Amended Complaint against Defendant. *Id.*, ECF No. 12.

    d.  On April 14, 2022, the Court entered a Stipulation and Order that, *inter alia*, dismissed Count Four of the Amended Complaint, which sought to recover transfers allegedly received by Defendant's predecessors-in-interest from Kingate Global Fund Ltd. *Id.*, ECF No. 84.

    e.  On January 20, 2023, Defendant filed its answer and affirmative defenses. *Id.*, ECF No. 107.

2.  Fact Discovery Plan.

a.  Fact Discovery Cut-Off. Unless otherwise agreed to by the Parties or ordered by the Court, all fact discovery is to be completed by August 29, 2025 (the "Fact Discovery Cut-Off Date").

b.  Initial Disclosures. The Parties agree that they shall serve initial disclosures as required under Federal Rule 26 on or before 60 days after the Court's entry of this Case Management Plan.

c.  Subjects on Which Discovery May Be Needed. The Parties contemplate that fact and expert discovery will be needed on asserted claims and defenses.

d.  Foreign Discovery. The Trustee anticipates the need for discovery located outside of the United States, including from individuals and entities that may have been affiliated with Defendant. To obtain discovery from these individuals and entities, the Trustee will comply with the relevant discovery rules of the applicable jurisdiction, the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, and/or, for those jurisdictions not party to the Hague Convention, any other internationally recognized means of obtaining cross-border discovery, including but not limited to, letters rogatory (collectively, "International Discovery"). To the extent the Parties avail themselves of International Discovery procedures, they will not be deemed to have waived, prejudiced, or otherwise altered their rights to conduct discovery under the Federal Rules, the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules"), or other applicable domestic rules. To the extent that responses to International Discovery are not received by the Fact Discovery Cut-Off Date, the Parties agree to seek reasonable extensions of the deadlines set forth herein. Defendant reserves

all rights and does not waive any arguments as to how discovery should be conducted with respect to current or former employees of Defendant.

   e. <u>Form of Certain Discovery</u>.  The Trustee intends to utilize one or more electronic data rooms to affirmatively make available millions of documents related to the Trustee's claims.  The Trustee's use of such data rooms will be governed by all applicable orders and rules.

   f. <u>Document Requests</u>.  The Parties may serve requests for documents on or before 60 days before the Fact Discovery Cut-Off Date.

   g. <u>Interrogatories</u>.  The Parties may serve Interrogatories in accordance with the rules and limitations articulated in Local Bankruptcy Rule 7033-1.

   h. <u>Requests for Admission</u>.  The Parties may serve Requests for Admission on or before 60 days before the Fact Discovery Cut-Off Date.

   i. <u>Redaction Protocol</u>.  Defendant, as a Swiss bank, is subject to Swiss law, various provisions of which may limit or prohibit unilateral disclosure of certain information in discovery that otherwise would be discoverable under U.S. law.  As such, Defendant maintains that, to avoid potentially resolvable clashes of Swiss and U.S. law, the Parties should agree to a Swiss Redaction Protocol.  The Trustee maintains that the Federal Rules provide a sufficient mechanism for addressing discovery disputes in this proceeding and that entry into a redaction protocol is premature in that it assumes such redactions are appropriate without any context under which to address such questions.

   j. <u>Inadvertent Production of Privileged Materials</u>.  The Parties acknowledge that the inadvertent production of privileged or work product protected documents is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.

This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained in this paragraph is intended to or shall serve to limit a Party's right to conduct a review of documents, including electronically stored information, for relevance, responsiveness, and/or privileged and/or protected status.

k. <u>Depositions</u>.

(i) All depositions of fact witnesses must be completed by the Fact Discovery Cut-Off Date. Depositions shall proceed concurrently, with no Party having priority.

(ii) The Parties will endeavor to conclude the majority of depositions within the seven (7) hours provided by Federal Rule 30(d)(1), although the Parties acknowledge that there may be certain depositions of fact witnesses with knowledge of issues common to more than one avoidance action related to Adv. Pro. No. 08-01789 (CGM) (the "Avoidance Actions") that cannot be concluded within this time limit. For any such witness, the Parties will attempt in good faith to agree to reasonable extensions of the seven (7) hour time limit as appropriate, and failing agreement either Party may apply to the Court for an extension of this time limit.

(iii) To the extent the deposition of any fact witness raises common issues relevant to more than one Avoidance Action, in which fact discovery has not closed, the Parties shall make a good faith effort to coordinate such depositions with the witness and defendants in such Avoidance Actions to maximize efficiency and use of

          resources to the extent reasonably practicable. The Parties shall confer in good faith and provide notice of such depositions under the Federal Rules, including the date, time, and location of any such depositions, to all relevant parties through appropriate means.

    (iv)    In a coordinated deposition, the limitations set forth in Federal Rule 30(d)(1) shall not necessarily apply, and the parties shall agree on an appropriate duration for the deposition. Such depositions shall not prejudice or preclude the Trustee from seeking additional depositions of such witness in Avoidance Actions in which initial disclosures have not been made and discovery is not open.

    (v)    The Parties agree that they will work in good faith to identify the requisite number of each Party's deponents and depositions.

    (vi)    Depositions of Irving H. Picard himself are prohibited absent an order issued by this Court upon a showing of good cause.

3.    <u>Expert Discovery</u>. Within 30 days before the Fact Discovery Cut-Off Date, the Parties agree to meet and confer in good faith on the need for and timing of expert discovery. The Parties further agree to submit a proposed Amended Case Management Plan prior to the Fact Discovery Cut-Off Date that addresses expert discovery in this action.

4.    <u>Manner of Production of Discovery Materials</u>. The Parties may produce discovery on a CD-ROM, flash drive, portable hard drive, in an electronic data room, secure or encrypted file transfer, or other similar electronic format. Given the volume of documentation that may be subject to disclosure in this matter, the Parties may produce a summary report, such as an expert report, and provide access to the underlying documentation on which the summary report relies in

an electronic data room or other medium for review by the Parties. Information and documents produced or made available electronically shall, to the extent reasonably feasible:

- a. be text searchable;
- b. provide data and image load files necessary to review the documents on search platforms (*e.g.*, Summation, Concordance, Relativity) upon request of any Party;
- c. provide any system-created or non-privileged captured objective metadata, such as date fields, author fields, custodian fields, path to native file, etc.;
- d. be organized, such as by date, custodian, or subject matter, as maintained in the ordinary course of business or, in the case of documents contained in E-Data Room 1 or the Third-Party Data Rooms, as organized by the Trustee; and
- e. provide additional formats of production, metadata, or native documents if requested by any Party.

The Parties shall meet and confer first in a good faith attempt to resolve any dispute, or thereafter comply with Local Bankruptcy Rule 7007-1 to resolve the dispute.

5. <u>Confidentiality</u>. The Litigation Protective Order entered in Adv. Pro. No. 08-01789 (CGM) on June 6, 2011 (ECF No. 4137), as modified via Order dated September 17, 2013 (ECF No. 5474), and as may be further amended or modified, shall govern the disclosure of confidential information in this proceeding.

6. <u>Prospects for Settlement, Including Whether a Settlement Conference Should Be Scheduled</u>. The Parties believe that it would be premature to schedule a settlement conference at this time.

7. <u>Discovery Arbitrator</u>. The Parties may agree to the use of Frank Maas, Esq. as Discovery Arbitrator to resolve discovery disputes that they are unable to resolve by meeting and conferring, as referenced in the Order Appointing a Discovery Arbitrator Pursuant to Bankruptcy

Rule 9019(c) and General Order M-390 (ECF No. 14227) entered on October 4, 2016 in Adv. Pro. No. 08-01789 (CGM).

8. <u>Trial</u>. The Parties propose that they will confer with each other and the Court at the conclusion of all discovery to schedule a final pretrial conference and trial date.

[*Signatures appear on the following page.*]

Dated: June 1, 2023
      New York, New York

| **WINDELS MARX LANE & MITTENDORF, LLP** | **O'MELVENY & MYERS LLP** |
|---|---|
| By: */s/ Kim M. Longo* | By: */s/ Daniel S. Shamah* |
| 156 West 56th Street | 7 Times Square |
| New York, New York 10019 | New York, New York 10036 |
| Telephone: (212) 237-1000 | Telephone: (212) 326-2000 |
| Kim M. Longo | William J. Sushon |
| Email: klongo@windelsmarx.com | Email: wsushon@omm.com |
| Robert J. Luddy | Daniel S. Shamah |
| Email: rluddy@windelsmarx.com | Email: dshamah@omm.com |
| Alex Jonatowski | Kayla Haran |
| Email: ajonatowski@windelsmarx.com | Email: kharan@omm.com |
| *Special Counsel to Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff* | *Attorneys for Defendant Credit Suisse AG, as successor-in-interest to Clariden Leu AG and Bank Leu AG* |



**/s/ Cecelia G. Morris**

**Dated: June 5, 2023**
**Poughkeepsie, New York**

_____
**Hon. Cecelia G. Morris**
**U.S. Bankruptcy Judge**