**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue
New York, New York 10166
Tel.: (212) 351-4000
Marshall R. King
Gabriel Herrmann
Keith R. Martorana

*Attorneys for Defendant UBS Europe SE*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | No. 08-01789 (CGM) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff, | Adv. Pro. No. 12-01577 (CGM) |
| Plaintiff, | |
| v. | |
| UBS EUROPE SE, formerly known as UBS Deutschland AG, as successor in interest to Dresdner Bank Lateinamerika AG, and LGT BANK (SWITZERLAND) LTD. as successor in interest to Dresdner Bank (Schweiz) AG, | **DEFENDANT UBS EUROPE SE'S ANSWER TO AMENDED COMPLAINT** |
| Defendants. | |

Defendant UBS Europe SE ("UBS Europe"), formerly known as UBS Deutschland AG ("UBS Deutschland"), as alleged successor in interest to Dresdner Bank Lateinamerika AG ("DBLA"), hereby answers the Amended Complaint (the "Complaint") filed on July 14, 2022 by Plaintiff Irving H. Picard ("Plaintiff" or the "Trustee"), as trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") and the substantively consolidated chapter 7 estate of Bernard L. Madoff ("Madoff").[1]  In responding to the allegations below, UBS Europe (i) incorporates into each such response a denial of all allegations in the Complaint to the extent they assert or suggest that UBS Europe is in any respect liable to Plaintiff for the recovery of any sums identified in the Complaint; and (ii) denies any averments in any introductory paragraphs, cover pages, headings, subheadings, footnotes, appendices, tables, and exhibits of the Complaint.  Defendant further responds to the specific allegations in the Complaint as follows:

1.      Paragraph 1 of the Complaint states a legal conclusion as to which no responsive pleading is required.  To the extent that any response is required, UBS Europe denies the allegations in Paragraph 1 of the Complaint.

2.      UBS Europe admits the allegations in the second sentence of Paragraph 2, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint, and on that basis denies the same.

3.      UBS Europe lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint, and on that basis denies the same.

4.      UBS Europe lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint, and on that basis denies the same.

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Complaint.

5.      UBS Europe lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint, and on that basis denies the same.

6.      The chart in Paragraph 6 of the Complaint purports to summarize the allegations made by the Trustee in Paragraphs 2-5 of the Complaint.  To the extent that Paragraph 6 requires a response, UBS Europe repeats and realleges each and every one of its foregoing responses to Paragraphs 2-5 of the Complaint as if fully set forth herein, and denies that any transfers of funds originating at BLMIS were made to UBS Europe.

7.      UBS Europe lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint, and on that basis denies the same, and respectfully refers the Court to the alleged documents referenced in Paragraph 7 of the Complaint for the complete and accurate contents of those documents.

8.      UBS Europe lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint, and on that basis denies the same.

9.      UBS Europe lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint, and on that basis denies the same.

10.      UBS Europe lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint, and on that basis denies the same.

11.      UBS Europe admits the allegations in the first and second sentences of Paragraph 11 of the Complaint.  The allegations in the third sentence of Paragraph 11 of the Complaint state conclusions of law as to which no response is required.

12.      The allegations in the first sentence of Paragraph 12 of the Complaint state conclusions of law as to which no response is required.  UBS Europe admits that the Trustee has

provided the consent described in the second sentence of Paragraph 12 of the Complaint, but UBS Europe does not so consent to the entry of final orders or judgment by this Court.

13.     Paragraph 13 of the Complaint states a legal conclusion as to which no responsive pleading is required.

14.     Paragraph 14 of the Complaint states a legal conclusion as to which no responsive pleading is required.  To the extent that any response is required, UBS Europe admits that the Trustee purports to invoke the statutes and provisions referenced in Paragraph 14 of the Complaint but denies the existence of any valid claim actionable under any such statutes and provisions.

15.     Paragraph 15 of the Complaint states a legal conclusion as to which no responsive pleading is required.  To the extent that any response is required, UBS Europe denies the allegations in the first sentence of Paragraph 15 of the Complaint, and states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 15 of the Complaint, and on that basis denies the same.

16.     UBS Europe lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint, and on that basis denies the same, and respectfully refers the Court to the alleged documents referenced in Paragraph 16 of the Complaint for the complete and accurate contents of those documents.

17.     UBS Europe lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint, and on that basis denies the same.

18.     UBS Europe lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint, and on that basis denies the same.

19.     Paragraph 19 of the Complaint states legal conclusions as to which no responsive pleading is required.  To the extent any response is required, UBS Europe lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint, and on that basis denies the same, and respectfully refers the Court to the alleged documents referenced in Paragraph 19 of the Complaint for the complete and accurate contents of those documents.

20.     UBS Europe lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint, and on that basis denies the same, and respectfully refers the Court to the alleged documents referenced in Paragraph 20 of the Complaint for the complete and accurate contents of those documents.

21.     UBS Europe lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint, and on that basis denies the same.

22.     UBS Europe lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint, and on that basis denies the same, and respectfully refers the Court to the alleged documents referenced in Paragraph 22 of the Complaint for the complete and accurate contents of those documents.

23.     UBS Europe lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint, and on that basis denies the same.

24.     UBS Europe lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint, and on that basis denies the same.

25.     UBS Europe lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint, and on that basis denies the same, and

respectfully refers the Court to the alleged documents referenced in Paragraph 25 of the
Complaint for the complete and accurate contents of those documents.

26.    Paragraph 26 of the Complaint states legal conclusions as to which no responsive
pleading is required.  To the extent any response is required, UBS Europe lacks knowledge or
information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the
Complaint, and on that basis denies the same.

27.    Paragraph 27 of the Complaint states legal conclusions as to which no responsive
pleading is required.  To the extent any response is required, UBS Europe denies the allegations
contained in Paragraph 27 of the Complaint.

28.    Paragraph 28 of the Complaint is directed at a party other than UBS Europe, and
states legal conclusions as to which no responsive pleading is required.  To the extent any
response is required, UBS Europe lacks knowledge or information sufficient to form a belief as
to the truth of the allegations in Paragraph 28 of the Complaint, and on that basis denies the
same.

29.    Paragraph 29 of the Complaint is directed at a party other than UBS Europe and
states legal conclusions as to which no responsive pleading is required.  To the extent any
response is required, UBS Europe lacks knowledge or information sufficient to form a belief as
to the truth of the allegations in Paragraph 29 of the Complaint, and on that basis denies the
same.

30.    Paragraph 30 of the Complaint is directed at a party other than UBS Europe.  To
the extent any response is required, UBS Europe lacks knowledge or information sufficient to
form a belief as to the truth of the allegations in Paragraph 30 of the Complaint, and on that basis
denies the same.

31.     Paragraph 31 of the Complaint is directed at a party other than UBS Europe and states legal conclusions as to which no responsive pleading is required.  To the extent any response is required, UBS Europe lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint, and on that basis denies the same.

32.     Paragraph 32 of the Complaint is directed at a party other than UBS Europe.  To the extent any response is required, UBS Europe lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the Complaint, and on that basis denies the same.

33.     Paragraph 33 of the Complaint is directed at a party other than UBS Europe.  To the extent any response is required, UBS Europe lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of the Complaint, and on that basis denies the same.

34.     Paragraph 34 of the Complaint is directed at a party other than UBS Europe.  To the extent any response is required, UBS Europe lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the Complaint, and on that basis denies the same.

35.     Paragraph 35 of the Complaint is directed at a party other than UBS Europe.  To the extent any response is required, UBS Europe lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the Complaint, and on that basis denies the same.

36.     Paragraph 36 of the Complaint is directed at a party other than UBS Europe.  To the extent any response is required, UBS Europe lacks knowledge or information sufficient to

form a belief as to the truth of the allegations in Paragraph 36 of the Complaint, and on that basis

denies the same.

37.    Paragraph 37 of the Complaint is directed at a party other than UBS Europe and

states legal conclusions as to which no responsive pleading is required.  To the extent any

response is required, UBS Europe lacks knowledge or information sufficient to form a belief as

to the truth of the allegations in Paragraph 37 of the Complaint, and on that basis denies the

same.

38.    Paragraph 38 of the Complaint is directed at a party other than UBS Europe and

states legal conclusions as to which no responsive pleading is required.  To the extent any

response is required, UBS Europe lacks knowledge or information sufficient to form a belief as

to the truth of the allegations in Paragraph 38 of the Complaint, and on that basis denies the

same.

39.    Paragraph 39 of the Complaint is directed at a party other than UBS Europe, and

states legal conclusions as to which no responsive pleading is required.  To the extent any

response is required, UBS Europe lacks knowledge or information sufficient to form a belief as

to the truth of the allegations in Paragraph 39 of the Complaint, and on that basis denies the

same.

40.    UBS Europe admits the allegations contained in Paragraph 40 of the Complaint.

41.    Paragraph 41 of the Complaint states legal conclusions as to which no responsive

pleading is required.  To the extent that any response is required, UBS Europe respectfully refers

the Court to the documents referenced in Paragraph 41 of the Complaint for the complete and

accurate contents of those documents, and otherwise lacks knowledge or information sufficient

to form a belief as to the truth of the allegations in Paragraph 41 of the Complaint, and on that

basis denies the same.

42.      Paragraph 42 of the Complaint states legal conclusions as to which no responsive

pleading is required.  To the extent that any response is required, UBS Europe respectfully refers

the Court to the document referenced in Paragraph 42 of the Complaint for the complete and

accurate contents of that document, and otherwise lacks knowledge or information sufficient to

form a belief as to the truth of the allegations in Paragraph 42 of the Complaint, and on that basis

denies the same.

43.      Paragraph 43 of the Complaint states legal conclusions as to which no responsive

pleading is required.  To the extent that any response is required, UBS Europe respectfully refers

the Court to the documents referenced in Paragraph 43 of the Complaint for the complete and

accurate contents of those documents, and otherwise lacks knowledge or information sufficient

to form a belief as to the truth of the allegations in Paragraph 43 of the Complaint, and on that

basis denies the same.

44.      UBS Europe respectfully refers the Court to the documents referenced in

Paragraph 44 of the Complaint for the complete and accurate contents of those documents, and

otherwise lacks knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 44 of the Complaint, and on that basis denies the same.

45.      UBS Europe lacks knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 45 of the Complaint, and on that basis denies the same.

46.      UBS Europe lacks knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 46 of the Complaint, and on that basis denies the same.

47.    UBS Europe lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 of the Complaint, and on that basis denies the same.

48.    UBS Europe lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 of the Complaint, and on that basis denies the same.

49.    Paragraph 49 of the Complaint states legal conclusions as to which no responsive pleading is required.  To the extent that any response is required, UBS Europe lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 of the Complaint, and on that basis denies the same.

50.    Paragraph 50 of the Complaint states legal conclusions as to which no responsive pleading is required.

51.    Paragraph 51 of the Complaint states a legal conclusion as to which no responsive pleading is required.

52.    Paragraph 52 of the Complaint states a legal conclusion as to which no responsive pleading is required.

53.    UBS Europe lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 of the Complaint, and on that basis denies the same.

54.    UBS Europe lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 54 of the Complaint, and on that basis denies the same.  UBS Europe denies the allegations in the second sentence of Paragraph 54 of the Complaint.  UBS Europe admits the allegations in the third sentence of Paragraph 54 of the Complaint.  In respect of the allegations in the fourth sentence of Paragraph 54 of the Complaint, UBS Europe admits that it "is a wholly owned subsidiary of UBS, and maintains its headquarters at Bockenheimer Landstrasse 2-4, D-60306 Frankfurt am Main, Germany," but the allegation

that "Defendant UBS Europe is the successor in interest to DBLA" states a legal conclusion as to which no responsive pleading is required, and UBS Europe denies such allegation to the extent that any response is required. UBS Europe admits the allegations in the fifth sentence of Paragraph 54 of the Complaint.

55.    Paragraph 55 of the Complaint is directed at a party other than UBS Europe and states legal conclusions as to which no responsive pleading is required. To the extent any response is required, UBS Europe lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 of the Complaint, and on that basis denies the same.

56.    UBS Europe lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 of the Complaint, and on that basis denies the same.

57.    UBS Europe lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 of the Complaint, and on that basis denies the same.

58.    UBS Europe lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 of the Complaint, and on that basis denies the same.

59.    UBS Europe lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 of the Complaint, and on that basis denies the same.

60.    UBS Europe lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 of the Complaint, and on that basis denies the same.

61.    UBS Europe lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 of the Complaint, and on that basis denies the same.

62.    UBS Europe lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 of the Complaint, and on that basis denies the same.

63.    UBS Europe lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 of the Complaint, and on that basis denies the same.

64.    UBS Europe lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 of the Complaint, and on that basis denies the same.

65.    UBS Europe lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 of the Complaint, and on that basis denies the same.

66.    UBS Europe lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 of the Complaint, and on that basis denies the same.

67.    UBS Europe lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 of the Complaint, and on that basis denies the same.

68.    UBS Europe lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 of the Complaint, and on that basis denies the same.

69.    UBS Europe lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 of the Complaint, and on that basis denies the same.

70.    UBS Europe lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 of the Complaint, and on that basis denies the same.

71.    UBS Europe lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 of the Complaint, and on that basis denies the same.

72.    UBS Europe lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 of the Complaint, and on that basis denies the same.

73.    UBS Europe lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 of the Complaint, and on that basis denies the same.

74.     UBS Europe lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 of the Complaint, and on that basis denies the same.

75.     UBS Europe lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 of the Complaint, and on that basis denies the same.

76.     UBS Europe lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 of the Complaint, and on that basis denies the same.

77.     UBS Europe lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 of the Complaint, and on that basis denies the same.

78.     UBS Europe lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 of the Complaint, and on that basis denies the same.

79.     UBS Europe lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 of the Complaint, and on that basis denies the same.

80.     UBS Europe lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80 of the Complaint, and on that basis denies the same.

81.     UBS Europe lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81 of the Complaint, and on that basis denies the same.

82.     UBS Europe lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82 of the Complaint, and on that basis denies the same.

83.     UBS Europe admits that Bernard L. Madoff was arrested by federal authorities, and the District Court Proceeding seeking to liquidate BLMIS was commenced, on December 11, 2008, and in all other respects lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83 of the Complaint, and on that basis denies the same.

84.     UBS Europe lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84 of the Complaint, and on that basis denies the same.

85.     UBS Europe lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85 of the Complaint, and on that basis denies the same.

86.     Paragraph 86 of the Complaint states legal conclusions as to which no responsive pleading is required.  To the extent that any response is required, UBS Europe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 86 of the Complaint, and on that basis denies the same.

87.     UBS Europe admits that it has been active in the global financial services industry.  In all other respects, UBS Europe lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87 of the Complaint, and on that basis denies the same.

88.     UBS Europe lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88 of the Complaint, and on that basis denies the same, and respectfully refers the Court to the alleged document referenced in Paragraph 88 of the Complaint for the complete and accurate contents of that document.

89.     Paragraph 89 of the Complaint is directed at a party other than UBS Europe.  To the extent any response is required, UBS Europe lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89 of the Complaint, and on that basis denies the same, and respectfully refers the Court to the alleged document referenced in Paragraph 89 of the Complaint for the complete and accurate contents of that document.

90.     UBS Europe lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90 of the Complaint, and on that basis denies the same.

91.    UBS Europe lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 91 of the Complaint, and on that basis denies the same.  UBS Europe denies that any "initial transfers were subsequently transferred directly or indirectly to" UBS Europe, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 91 of the Complaint, and on that basis denies the same.

92.    UBS Europe admits that the Trustee commenced a separate adversary proceeding against the Fairfield Funds and other defendants in the Bankruptcy Court under the caption, *Picard v. Fairfield Investment Fund, Ltd., et al.*, Adv. Pro. No. 09-01239 (CGM).  In all other respects, UBS Europe lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92 of the Complaint, and on that basis denies the same.

93.    UBS Europe lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93 of the Complaint, and on that basis denies the same, and respectfully refers the Court to the alleged documents referenced in Paragraph 93 for the complete and accurate contents of those documents.

94.    UBS Europe lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 94 of the Complaint, and on that basis denies the same.  The second sentence of Paragraph 94 states a legal conclusion as to which no responsive pleading is required.  To the extent that any response is required, UBS Europe denies the allegations contained in the second sentence of Paragraph 94 of the Complaint.

95.    UBS Europe admits that on August 28, 2020, the Trustee filed a second amended complaint in the *Fairfield Sentry Ltd.* proceeding ("Second Amended Complaint") [ECF No. 286].  In all other respects, UBS Europe lacks knowledge or information sufficient to form a

belief as to the truth of the allegations in Paragraph 95 of the Complaint, and on that basis denies

the same, and respectfully refers the Court to the alleged document referenced therein for the

complete and accurate contents of that document.

96.      UBS Europe lacks knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 96 of the Complaint, and on that basis denies the same.

UBS Europe objects to the Trustee's purported incorporation by reference of all or substantially

all of the allegations of the *Fairfield Sentry Ltd.* Second Amended Complaint referenced in

Paragraph 96 of the Complaint and therefore does not answer each of the allegations purportedly

incorporated.  To the extent an answer is required, UBS Europe lacks knowledge or information

sufficient to form a belief as to the truth of the *Fairfield Sentry Ltd.* Second Amended

Complaint's allegations that purportedly are incorporated herein, and on that basis denies all of

the same.

97.      UBS Europe lacks knowledge or information sufficient to form a belief as to the

truth of the allegations in the first sentence of Paragraph 97 of the Complaint, and on that basis

denies the same.  The second sentence of Paragraph 97 of the Complaint states a legal conclusion

as to which no responsive pleading is required.  To the extent that any response is required, UBS

Europe denies the allegations contained in the second sentence of Paragraph 97 of the

Complaint.

98.      UBS Europe lacks knowledge or information sufficient to form a belief as to the

truth of the allegations in the first sentence of Paragraph 98 of the Complaint, and on that basis

denies the same.  The second sentence of Paragraph 98 of the Complaint states a legal conclusion

as to which no responsive pleading is required.  To the extent that any response is required, UBS

Europe denies the allegations contained in the second sentence of Paragraph 98 of the

Complaint.

99.    UBS Europe denies the allegations in Paragraph 99 of the Complaint.

100.    Paragraph 100 of the Complaint states a legal conclusion as to which no

responsive pleading is required.  To the extent that any response is required, UBS Europe denies

the allegations in Paragraph 100 of the Complaint.

101.    UBS Europe denies the allegations in Paragraph 101 of the Complaint.

102.    Paragraph 102 of the Complaint states a legal conclusion as to which no

responsive pleading is required.  To the extent that any response is required, UBS Europe denies

the allegations in Paragraph 102 of the Complaint.

103.    UBS Europe lacks knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 103 of the Complaint, and on that basis denies the same.

104.    UBS Europe denies the allegations in Paragraph 104 of the Complaint.

105.    Paragraph 105 of the Complaint states a legal conclusion as to which no

responsive pleading is required.  To the extent that any response is required, UBS Europe denies

the allegations in Paragraph 105 of the Complaint.

106.    Paragraph 106 of the Complaint states a legal conclusion as to which no

responsive pleading is required.  To the extent that any response is required, UBS Europe denies

the allegations in Paragraph 106 of the Complaint.

107.    Paragraph 107 of the Complaint is directed at a party other than UBS Europe.  To

the extent any response is required, UBS Europe lacks knowledge or information sufficient to

form a belief as to the truth of the allegations in Paragraph 107 of the Complaint, and on that

basis denies the same.

108.    Paragraph 108 of the Complaint is directed at a party other than UBS Europe, and states legal conclusions as to which no responsive pleading is required.  To the extent any response is required, UBS Europe lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 108 of the Complaint, and on that basis denies the same.

109.    Paragraph 109 of the Complaint is directed at a party other than UBS Europe.  To the extent any response is required, UBS Europe lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 109 of the Complaint, and on that basis denies the same.

110.    Paragraph 110 of the Complaint is directed at a party other than UBS Europe, and states legal conclusions as to which no responsive pleading is required.  To the extent that any response is required, UBS Europe denies the allegations in Paragraph 110 of the Complaint.

111.    UBS Europe repeats and realleges each and every response set forth in the foregoing Paragraphs as if fully set forth herein.

112.    UBS Europe denies the allegations in Paragraph 112 of the Complaint.

113.    Paragraph 113 of the Complaint states a legal conclusion as to which no responsive pleading is required.  To the extent that any response is required, UBS Europe denies the allegations in Paragraph 113 of the Complaint.

114.    UBS Europe denies the allegations in Paragraph 114 of the Complaint.

115.    Paragraph 115 of the Complaint states a legal conclusion as to which no responsive pleading is required.  To the extent that any response is required, UBS Europe denies the allegations in Paragraph 115 of the Complaint.

116.    UBS Europe repeats and realleges each and every response set forth in the foregoing Paragraphs as if fully set forth herein.

117.    Paragraph 117 of the Complaint is directed at a party other than UBS Europe.  To the extent any response is required, UBS Europe lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 117 of the Complaint, and on that basis denies the same.

118.    Paragraph 118 of the Complaint is directed at a party other than UBS Europe, and states legal conclusions as to which no responsive pleading is required.  To the extent any response is required, UBS Europe lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 118 of the Complaint, and on that basis denies the same.

119.    Paragraph 119 of the Complaint is directed at a party other than UBS Europe.  To the extent any response is required, UBS Europe lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 119 of the Complaint, and on that basis denies the same.

120.    Paragraph 120 of the Complaint is directed at a party other than UBS Europe.  To the extent any response is required, UBS Europe lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 120 of the Complaint, and on that basis denies the same.

121.    Paragraph 121 of the Complaint is directed at a party other than UBS Europe, and states legal conclusions as to which no responsive pleading is required.  To the extent any response is required, UBS Europe lacks knowledge or information sufficient to form a belief as

to the truth of the allegations in Paragraph 121 of the Complaint, and on that basis denies the

same.

## SEPARATE AND ADDITIONAL DEFENSES

UBS Europe asserts the following defenses without assuming any burden of proof,

persuasion, or production not otherwise legally assigned to it as to any element of Plaintiff's

claims.  UBS Europe reserves the right to assert any other defenses as discovery in this litigation

proceeds or any counterclaims that they become aware of through discovery or other

investigation as may be appropriate at a later time.  Further, UBS Europe also reserves the right

to amend this Answer to assert cross-claims and/or third-party claims when and if, in the course

of investigation, discovery, or preparation for trial, it becomes appropriate to do so.  These

defenses are set forth cumulatively and in the alternative.

## FIRST DEFENSE
### Failure to State a Claim

Plaintiff's claims are barred, in whole or in part, because the Complaint fails to state a

claim upon which relief can be granted, including, without limitation, for each of the reasons

stated in the *Memorandum of Law in Support of Defendant UBS Europe SE's Motion to Dismiss

the Amended Complaint*, filed on September 15, 2022, in this adversary proceeding, ECF No.

115 (the "UBS Europe Motion to Dismiss"), and the proceedings thereon.

## SECOND DEFENSE
### Lack of Personal Jurisdiction

Plaintiff is barred from asserting any claims in this action against UBS Europe because

this Court lacks personal jurisdiction over UBS Europe, including, without limitation, for each of

the reasons stated in the UBS Europe Motion to Dismiss and the proceedings thereon, and UBS

Europe has not consented to the exercise of jurisdiction over it by this Court, to entry of any

decision by this Court as against it, or to this Court's authority to hear and determine any claims

asserted as against it in this action.

### THIRD DEFENSE
**Value, Good Faith, and Without Knowledge of Voidability**
**(11 U.S.C. § 550(b))**

To the extent that UBS Europe received any alleged UBS Subsequent Transfers or any

proceeds thereof, such property or funds may not be recovered because UBS Europe took such

UBS Subsequent Transfers for value, in good faith, and without knowledge of the voidability of

the alleged Fairfield Sentry Initial Transfers within the meaning of 11 U.S.C. § 550(b).

*Value.*  To the extent that UBS Europe received any alleged UBS Subsequent Transfers,

such transfers were taken for value because any transfers, to the extent they occurred, were made

in exchange for the redemption of shares, and payment received for such shares is equivalent to

"satisfaction or securing of a present or antecedent debt" pursuant to 11 U.S.C. § 548(d)(2)(A).

*Good faith.*  To the extent that UBS Europe received any alleged UBS Subsequent

Transfers, at the time each of the UBS Subsequent Transfers was made, UBS Europe did not

have knowledge of any fraudulent purpose behind any transfers they received, nor was UBS

Europe aware that BLMIS was not trading securities or was a fraud or a Ponzi scheme.

The UBS Subsequent Transfers, if any, did not have a fraudulent purpose but were

routine transfers in exchange for redemption of shares.  A reasonable person with the facts in

UBS Europe's possession when each of the UBS Subsequent Transfers, if any, occurred would

not have been on inquiry notice of any fraudulent purpose behind such UBS Subsequent

Transfers, nor would those facts have led such a person to conduct further inquiry into whether

there was a fraudulent purpose to such UBS Subsequent Transfers or the Fairfield Sentry Initial

Transfers or whether BLMIS was trading securities or was a fraud or a Ponzi scheme.

A diligent inquiry by UBS Europe would not have discovered that BLMIS was not

trading securities or was a fraud or a Ponzi scheme.  Other entities with greater investigatory

tools and resources than UBS Europe, and with greater access to BLMIS personnel and

documentation than UBS Europe, investigated BLMIS but failed to uncover that it was a Ponzi

scheme at any time before Madoff confessed in December 2008, including the U.S. Securities

and Exchange Commission, which began an investigation into BLMIS in 2006 but could not

determine BLMIS's fraudulent purpose.  UBS Europe did not have the capability of discovering

what United States government regulators could not and would not have discovered as the

fraudulent purpose of the Fairfield Sentry Initial Transfers or, if there were any fraudulent

purpose of the UBS Subsequent Transfers, if any, of such fraudulent purpose, and as an entity

without privity with BLMIS or Madoff, did not have any reasonable ability to conduct a diligent

investigation into BLMIS that could have led to a discovery of the fraudulent purpose of the

Fairfield Sentry Initial Transfers.

*Without Knowledge of Voidability*.  UBS Europe did not have knowledge of the

voidability, if any, of the Fairfield Sentry Initial Transfers when UBS Europe received each of

the UBS Subsequent Transfers, if any.

**FOURTH DEFENSE**
**Securities Safe Harbor**
**(11 U.S.C. § 546(e))**

Pursuant to 11 U.S.C. § 546(e) ("Section 546(e)"), Plaintiff may not avoid any alleged

Fairfield Sentry Initial Transfers, or pursue under 11 U.S.C. § 550(a) any recovery claims against

UBS Europe premised upon the alleged avoidance or avoidability of any alleged Fairfield Sentry

Initial Transfers, except to the extent Plaintiff can establish (if at all) that each such transfer was

made with actual intent to defraud, within two years before the Filing Date, and is avoidable

under 11 U.S.C. § 548(a)(1)(A).

Except to such extent, the alleged Fairfield Sentry Initial Transfers are subject to the

Section 546(e) safe harbor.  Therefore, Plaintiff may neither avoid such Fairfield Sentry Initial

Transfers nor maintain claims for recovery against UBS Europe.  In particular: (a) any such

transfers were made "in connection with securities contracts," including (i) BLMIS Account

Opening Agreements and (ii) other agreements (including each of the Fairfield Funds'

respective agreements with its own investors governing redemptions of shares); (b) additionally

or alternatively, any such transfers were "settlement payments" made by BLMIS in response to

the Fairfield Funds' requests for withdrawals; and (c) the alleged Fairfield Sentry Initial

Transfers were made by, to, and for the benefit of entities covered by Section 546(e), namely, (i)

BLMIS, which was at all relevant times a "stockbroker"; (ii) the Fairfield Funds, each of which

was at all relevant times a "financial institution" or a "financial participant"; (iii) the Fairfield

Funds' respective investors, each of which was at all relevant times a "financial institution" or a

"financial participant"; and, alternatively, (iv) UBS Europe, which was at all relevant times a

"financial institution" or a "financial participant."  In addition, at the time of the alleged UBS

Subsequent Transfers, UBS Europe had no actual knowledge that BLMIS was not trading

securities or was a fraud or a Ponzi scheme and, on information and belief, the Fairfield Funds

had no actual knowledge that BLMIS was not trading securities or was a fraud or a Ponzi

scheme.

### FIFTH DEFENSE
### Not BLMIS Customer Property

The claims against UBS Europe are barred to the extent that the alleged UBS Subsequent

Transfers did not constitute BLMIS customer property under 15 U.S.C. § 78fff-2(c)(3) or any

other applicable law, for a number of reasons, including, without limitation, those stated in the

UBS Europe Motion to Dismiss and the proceedings thereon, and therefore the property is not

recoverable by Plaintiff from UBS Europe.

## SIXTH DEFENSE
### New York Debtor and Creditor Law

The claims against UBS Europe are barred, in whole or in part, because Plaintiff failed to

plead all of the elements of fraudulent transfer under section 544 of the Bankruptcy Code and

sections 273, 274, 275, 276, 276-a, 278 and/or 279 of the New York Debtor & Creditor Law

("NYDCL") with sufficient particularity and factual support, and because Plaintiff cannot prove

such elements at trial.

## SEVENTH DEFENSE
### Fair Consideration Without Knowledge of Fraud
### (NYDCL § 278(1))

Plaintiff's claims are barred, in whole or in part, because any transfers from the Fairfield

Funds were taken for fair consideration and without knowledge of the fraud, as provided by

NYDCL § 278(1).

## EIGHTH DEFENSE
### No Actual Fraudulent Intent and For Fair Consideration
### (NYDCL § 278(2))

Plaintiff's claims are barred, in whole or in part, because any transfers from the Fairfield

Funds were taken without actual fraudulent intent and for fair consideration, as provided by

NYDCL § 278(2).

## NINTH DEFENSE
### Single Satisfaction
### (11 U.S.C. § 550(d); NYDCL § 278(1)(a))

Under 11 U.S.C. § 550(d), Plaintiff "is entitled to only a single satisfaction under" 11

U.S.C. § 550(a).  Under NYDCL § 278(1)(a), Plaintiff may only set aside a conveyance "to the

extent necessary to satisfy his claim."  Accordingly, Plaintiff may not recover any UBS Subsequent Transfer from UBS Europe to the extent Plaintiff has recovered from the Fairfield Funds or any other immediate or mediate transferee the amount of the avoided Fairfield Sentry Initial Transfer that included the Customer Property that Plaintiff alleges UBS Europe received.

## TENTH DEFENSE
### Failure to Avoid Initial Transfers
### (11 U.S.C. § 550(a))

Under 11 U.S.C. § 550(a), Plaintiff may recover transferred Customer Property only "to the extent that a transfer is avoided" under specified provisions of the Bankruptcy Code.  As a result, before Plaintiff may recover any property or funds from UBS Europe, Plaintiff must first avoid the alleged Fairfield Sentry Initial Transfers.  Plaintiff has not avoided any of the alleged Fairfield Sentry Initial Transfers, and therefore may not now recover from UBS Europe.

## ELEVENTH DEFENSE
### No Ponzi Scheme Presumption

Plaintiff may not rely on a "Ponzi scheme presumption" to prove that the Fairfield Sentry Initial Transfers from BLMIS to the Fairfield Funds, the value of which Plaintiff seeks to recover from UBS Europe, were made with actual intent to hinder, delay, or defraud any BLMIS creditor.

## TWELFTH DEFENSE
### Extraterritoriality

Plaintiff's recovery from UBS Europe of any transfer from the Fairfield Funds would constitute an impermissible extraterritorial application of U.S. law.

## THIRTEENTH DEFENSE
### Laches, Equitable Estoppel, Waiver, Etc.

Plaintiff's claims are barred, in whole or in part, by laches, equitable estoppel, waiver, or other related equitable doctrines.

### FOURTEENTH DEFENSE
**Lack of Subject Matter Jurisdiction**

This Court lacks jurisdiction under Article III of the U.S. Constitution to enter final

orders or judgments in this proceeding, including because this Court is not established under

Article III of the United States Constitution and does not have authority, under the Constitution,

to enter final judgments on causes of actions seeking to avoid or recover fraudulent transfers.

### FIFTEENTH DEFENSE
**Rights Reserved**

Answers to each Paragraph of the Complaint are made by UBS Europe without waiving,

but expressly reserving, all rights it may have to seek relief by appropriate motions directed to

the allegations in the Complaint.

### SIXTEENTH DEFENSE
**Additional Defenses**

UBS Europe has insufficient knowledge or information upon which to form a belief as to

whether it may have additional yet unstated defenses.  UBS Europe reserves the right to assert

any additional defenses as may be discovered during the conduct of this litigation.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, made applicable to this

adversary proceeding by Rule 9015 of the Federal Rules of Bankruptcy Procedure, UBS Europe

hereby demands a jury trial before the U.S. District Court for the Southern District of

New York on all claims and issues that may be tried to a jury.  UBS Europe does not

consent, but instead objects, to the U.S. Bankruptcy Court for the Southern District of New York

(the "Bankruptcy Court") conducting any jury trial under Rule 9015(b) of the Federal Rules of

Bankruptcy Procedure.

## STATEMENT PURSUANT TO FED. R. BANKR. P. 7012(b)

Pursuant to Rule 7012(b) of the Federal Rules of Bankruptcy Procedure, UBS Europe does not consent, but instead objects, to the entry of a final order or judgment against it by the Bankruptcy Court.

WHEREFORE UBS Europe respectfully requests that the Court dismiss with prejudice all claims asserted against UBS Europe in this action, enter judgment against Plaintiffs in favor of UBS Europe as to all issues and matters set forth in the Complaint, award costs, disbursements, and attorneys' fees to UBS Europe, and grant such other and further relief as the Court deems just and proper.

Dated: June 9, 2023
    New York, New York

Respectfully Submitted,
GIBSON, DUNN & CRUTCHER LLP

  *Marshall R. King*
Marshall R. King
Gabriel Herrmann
Keith R. Martorana

200 Park Avenue
New York, New York 10166
Tel.: (212) 351-4000
mking@gibsondunn.com
gherrmann@gibsondunn.com
kmartorana@gibsondunn.com

*Attorneys for Defendant UBS Europe SE*