UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br>                     Plaintiff-Applicant, <br><br>     v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br>                     Defendant. | Adv. Pro. No. 08-01789 (CGM) <br><br> SIPA Liquidation <br><br> (Substantively Consolidated) |
| In re: <br><br> BERNARD L. MADOFF, <br><br>                     Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madof, <br><br>                     Plaintiff, <br><br>     v. <br><br> STANDARD CHARTERED FINANCIAL SERVICES (LUXEMBOURG) S.A. (f/k/a AMERICAN EXPRESS FINANCIAL SERVICES (LUXEMBOURG) S.A. and f/k/a AMERICAN EXPRESS BANK (LUXEMBOURG) S.A.), as represented by its Liquidator HANSPETER KRÄMER, HANSPETER KRÄMER, in his capacities as liquidator and representative of STANDARD CHARTERED FINANCIAL SERVICES (LUXEMBOURG) S.A., STANDARD CHARTERED BANK INTERNATIONAL (AMERICAS) LTD., f/k/a AMERICAN EXPRESS BANK INTERNATIONAL, and STANDARD CHARTERED HOLDINGS INC. (as successor in interest to STANDARD | Adv. Pro. No. 12-01565 (CGM) |

| | |
|---|---|
| CHARTERED INTERNATIONAL (USA) LTD., f/k/a AMERICAN EXPRESS BANK LTD.), | |
| Defendants. | |

## CASE MANAGEMENT PLAN

Plaintiff Irving H. Picard, as trustee (the "Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC under the Securities Investor Protection Act, 15 U.S.C. § 78aaa–*lll*, and the Chapter 7 estate of Bernard L. Madoff individually, and defendants Standard Chartered Financial Services (Luxembourg) S.A. (f/k/a American Express Financial Services (Luxembourg) S.A.), Standard Chartered Bank International (Americas) Ltd. (f/k/a American Express Bank International), and Standard Chartered Holdings Inc. (as successor in interest to Standard Chartered International (USA) Ltd., f/k/a American Express Bank Ltd.) (collectively, "Defendants" and, together with the Trustee, the "Parties", and each individually, a "Party"), by and through their respective undersigned counsel, hereby submit the following Case Management Plan pursuant to Rules 16 and 26 of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable under Rules 7016 and 7026 of the Federal Rules of Bankruptcy Procedure.

1. Relevant Procedural History.

    a. On April 26, 2012, the Trustee commenced the above-captioned adversary proceeding in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") by filing a complaint against Defendants. *Picard v. Standard Chartered Fin. Servs. (Luxembourg) S.A. (In re BLMIS)*, Adv. Pro. No. 12-01565, ECF No. 1.

    b. On May 17, 2022, the Trustee filed an Amended Complaint against all Defendants. *Id.*, ECF No. 148.

  c. On March 7, 2023, Defendants filed an answer and affirmative defenses. *Id.*, ECF No. 181.

 2. <u>Fact Discovery Plan</u>.

  a. <u>Fact Discovery Cut-Off</u>. Unless otherwise agreed to by the Parties or ordered by the Bankruptcy Court, all fact discovery is to be completed by July 2, 2025 (the "Fact Discovery Cut-Off Date").

  b. <u>Initial Disclosures</u>. The Parties do not propose any changes in the initial disclosures required under Federal Rule 26(a)(1)(A) (the "Initial Disclosures"). The Parties agree that they shall serve such Initial Disclosures as required under Federal Rule 26 on or before 60 days after the filing of this Case Management Plan.

  c. <u>Subjects on Which Discovery May Be Needed</u>. The Parties contemplate that fact and expert discovery will be needed on asserted claims and defenses.

  d. <u>Foreign Discovery</u>. The Trustee anticipates the need for discovery located outside of the United States, including from individuals and entities that may have been affiliated with Defendants. To obtain discovery from these individuals and entities, the Trustee will comply with the relevant discovery rules of the applicable jurisdiction, the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Convention"), and/or, for those jurisdictions not party to the Hague Convention, any other internationally recognized means of obtaining cross-border discovery, including but not limited to, letters rogatory (collectively, "International Discovery"). To the extent the Parties avail themselves of International Discovery procedures, they will not be deemed to have waived, prejudiced, or otherwise altered their rights to conduct discovery under the Federal Rules, the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules"), or other applicable domestic rules. To the extent that responses to timely requested International Discovery are not

received by the Fact Discovery Cut-Off Date, the Parties agree to seek reasonable extensions of the deadlines set forth herein. Defendants reserve all rights and do not waive any arguments as to how discovery should be conducted with respect to current employees of the Defendants.

      e. <u>Form of Certain Discovery</u>. The Trustee intends to utilize one or more electronic data rooms to affirmatively make available millions of documents related to the Trustee's claims. Defendants reserve all rights relating to the Trustee's reliance on the availability of documents in electronic data rooms to comply with the Trustee's discovery obligations in this proceeding, including to challenge the Trustee's reliance on electronic data rooms. The Trustee's use of such data rooms, to the extent permitted, will be governed by all applicable orders and rules.

      f. <u>Document Requests</u>. The Parties may serve requests for documents on or before May 2, 2025.

      g. <u>Interrogatories</u>. The Parties may serve Interrogatories in accordance with the rules and limitations articulated in Local Bankruptcy Rule 7033-1.

      h. <u>Requests For Admission</u>. The Parties may serve Requests for Admission on or before May 2, 2025.

      i. <u>Limitations on Discovery</u>. Limitations on written discovery will be governed by the Federal Rules made applicable to this adversary proceeding by the Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules. The Parties may agree on certain limitations on discovery or may file an application with the Court for good cause.

      j. <u>Redaction Protocol</u>. Certain Defendants are subject to the laws of foreign jurisdictions (in particular, banking secrecy and data privacy laws), various provisions of which may limit or prohibit unilateral disclosure of certain information in discovery that otherwise would be discoverable under U.S. law. As such, Defendants maintain that, to avoid potentially resolvable clashes of U.S. and foreign law, the Parties should agree to a redaction protocol. The Trustee

maintains that the Federal Rules provide a sufficient mechanism for addressing discovery disputes in this proceeding and that entry into a redaction protocol is premature in that it assumes such redactions are appropriate without any context under which to address such questions.

k. <u>Inadvertent Production of Privileged Materials</u>.  The Parties acknowledge that the inadvertent production of privileged or work product protected documents is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).  Nothing contained in this paragraph is intended to or shall serve to limit a Party's right to conduct a review of documents, including electronically stored information, for relevance, responsiveness, and/or privileged and/or protected status.

l. <u>Depositions</u>.  All depositions of fact witnesses must be completed by the Fact Discovery Cut-Off Date.

To the extent the deposition of any fact witness raises common issues relevant to another avoidance action related to the above-captioned case (Adv. Pro. No. 08-01789) (the "Avoidance Action(s)"), in which fact discovery has not closed, the Parties shall coordinate such depositions with the witness and defendants in such Avoidance Actions to maximize efficiency and use of resources to the extent reasonably practicable.  The Parties shall confer in good faith and provide notice of such depositions under the Federal Rules, including the date, time, and location of any such depositions, to all relevant parties through the ECF system or other appropriate means.  In a coordinated deposition, the limitations set forth in Federal Rule 30(d)(1) shall not necessarily apply, and the parties shall agree on an appropriate duration for the deposition.  Such depositions shall not prejudice or preclude the Trustee from additional depositions of such witness in Avoidance Actions in which initial disclosures have not been made and discovery is not open.  The Parties agree that they will work in good faith to identify the requisite number of each Party's

deponents and depositions. Depositions of Irving H. Picard himself are prohibited absent an order issued by this Court upon a showing of good cause.

All depositions of the Trustee's own party and non-party witnesses shall be conducted at the offices of Baker & Hostetler LLP, 45 Rockefeller Plaza, New York, New York 10111, or such other location as the Parties may agree. All depositions of Defendants' own party and non-party witnesses shall be conducted at the offices of Sullivan & Cromwell LLP, 125 Broad Street, New York, New York 10004, or such other location that may be convenient for the witness or as the Parties otherwise agree. Nothing contained in this Case Management Plan shall be deemed or construed to be a waiver of any Party's right to object to the taking of the deposition of a particular witness.

3. <u>Expert Discovery Plan</u>. Within 30 days prior to the Fact Discovery Cut-Off Date, the Parties agree to meet and confer in good faith on the need for and timing of expert discovery. The parties further agree to submit a proposed Amended Case Management Plan that addresses expert discovery in this action prior to the Fact Discovery Cut-Off Date.

4. <u>Manner of Production of Discovery Materials</u>. The Parties may produce discovery on a CD-ROM, flash drive, portable hard drive, in an electronic data room, through an electronic file transfer, or other similar electronic format. Given the volume of documentation that may be subject to disclosure in this matter, the Parties may produce a summary report, such as an expert report, and provide access to the underlying documentation on which the summary report relies in an electronic data room or other medium for review by the Parties. Information and documents produced or made available electronically shall, to the extent reasonably feasible:

(i) be text searchable;

(ii) provide data and image load files necessary to review the documents on search platforms (*e.g.*, Summation, Concordance, Relativity) upon request of either Party;

  (iii) provide any system-created or non-privileged captured objective metadata, such as date fields, author fields, custodian fields, path to native file, etc.;

  (iv) be organized, such as by date, custodian, or subject matter, as maintained in the ordinary course of business or (in the case of information obtained by the Trustee from third parties) as organized by the Trustee;

  (v) provide additional formats of production, metadata, or native documents if requested by either Party.

The Parties shall meet and confer first in a good faith attempt to resolve any dispute, or thereafter comply with Local Bankruptcy Rule 7007-1 to resolve the dispute.

5. <u>Confidentiality</u>. The Litigation Protective Order (ECF No. 4137) entered in *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Bernard L. Madoff Inv. Sec., LLC)*, Adv. Pro. No. 08-01789, on June 6, 2011, as modified by the Order Modifying the June 6, 2011 Litigation Protective Order (ECF No. 5474), shall govern the disclosure of confidential information in this proceeding, including to the extent that the Litigation Protective Order is further modified by subsequent orders of the Bankruptcy Court.

6. <u>Proposed Modifications of Standard Pretrial Proceedings Due To The Special Nature Of The Action</u>. The Parties do not presently believe that any such modifications are yet appropriate or necessary, and will contact the Court if their belief in this regard changes. Defendants reserve the right to make an application for a summary proceeding to address the status of any alleged transfers in the operative complaint, over which Defendants maintain they lacked dominion and control. The Trustee maintains that such a proceeding would be improper and reserves his right to oppose any such application.

7. <u>Prospects For Settlement, Including Whether A Settlement Conference Should Be Scheduled</u>. The Parties believe that it would be premature to schedule a settlement conference at this time.

8.    <u>Any Other Matter That May Add To The Just And Expeditious Disposition Of This Matter</u>.  The Parties agree to the use of Discovery Arbitrator, Frank Maas, Esq., to resolve discovery disputes that they are unable to resolve by meeting and conferring, as referenced in the Order Appointing A Discovery Arbitrator Pursuant to Bankruptcy Rule 9019(c) and General Order M-390 (ECF No. 14227) entered in *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec., LLC (In re Bernard L. Madoff Inv. Sec., LLC)*, Adv. Pro. No. 08-01789, on October 4, 2016.

9.    <u>Trial</u>.  The Parties propose that they will confer with each other and the Court at the conclusion of all discovery to schedule a final pretrial conference and trial date.[1]

*[Signatures on following page]*

---

[1] Defendants have demanded a trial by jury on all issues that may be tried by a jury and do not consent to entry of final orders or judgments by the Bankruptcy Court.

Date:   June 9, 2023
        New York, New York

| **BAKER & HOSTETLER LLP** | **SULLIVAN & CROMWELL LLP** |
|---|---|
| By: /s/ *Robertson D. Beckerlegge* | By: /s/ *Andrew J. Finn* |
| 45 Rockefeller Plaza | 125 Broad Street |
| New York, New York 10111 | New York, New York 10004 |
| Telephone: (212) 589-4200 | Telephone: (212) 558-4000 |
| Facsimile: (212) 589-4201 | Facsimile: (212) 558-3588 |
| David J. Sheehan | Andrew J. Finn |
| Email: dsheehan@bakerlaw.com | Email: finna@sullcrom.com |
| Robertson D. Beckerlegge | Mark A. Makar |
| Email: rbeckerlegge@bakerlaw.com | Email: makarm@sullcrom.com |
| | |
| *Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Chapter 7 Estate of Bernard L. Madoff* | Diane L. McGimsey (*pro hac vice*) |
| | 1888 Century Park East |
| | Los Angeles, California 90067 |
| | Telephone: (310) 712-6600 |
| | Facsimile: (310) 712-8800 |
| | Email: mcgimseyd@sullcrom.com |
| | |
| | *Attorneys for Defendants* |



**Dated: June 9, 2023**
**Poughkeepsie, New York**

**/s/ Cecelia G. Morris**
_____
**Hon. Cecelia G. Morris**
**U.S. Bankruptcy Judge**