# EXHIBIT A

# SETTLEMENT AGREEMENT AND RELEASE

**THIS SETTLEMENT AGREEMENT AND RELEASE** (this "Agreement") is entered into as of June 13, 2023 between Irving H. Picard, in his capacity as the trustee (the "Trustee") for the liquidation proceedings (the "SIPA Proceedings") under the Securities Investor Protection Act ("SIPA") of Bernard L. Madoff Investment Securities LLC ("BLMIS") and the substantively consolidated chapter 7 estate of Bernard L. Madoff ("Madoff") pending before the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), and Delta National Bank and Trust Company (the "Defendant"). The Trustee and the Defendant collectively shall be referred to herein as the "Parties" and each as a "Party."

## R E C I T A L S

**WHEREAS,** on August 25, 2011, the Trustee commenced an adversary proceeding in the Bankruptcy Court against the Defendant in an action captioned *Picard v. Delta National Bank and Trust Company,* Adv. Pro. No. 11-02551 (CGM) (the "Adversary Proceeding"), to recover subsequent transfers from BLMIS under the Bankruptcy Code, the New York Debtor and Creditor Law, and other applicable laws;

**WHEREAS,** the Trustee alleges that the Defendant received subsequent transfers of customer property (as defined in SIPA section 78*lll*(4)) in the amount of $20,634,958.00 (the "Subsequent Transfers") from BLMIS through Fairfield Sentry Limited (the "Fairfield Sentry");

**WHEREAS,** the Defendant denies the Trustee's allegations in the Adversary Proceeding; and

**WHEREAS,** the Parties wish to compromise and resolve their disputes on the terms set forth herein, without admission of liability, alleged wrongdoing, or any issue of fact or law; and

**NOW THEREFORE,** for the good and valuable consideration set forth herein, the adequacy and sufficiency of which is acknowledged by the Parties, the Parties agree as follows:

1. <u>Settlement Payment and Dismissal of the Adversary Proceeding</u>.

    (a)  As soon as practicable after the execution of this Agreement, and in no event later than ten (10) days after execution of this Agreement, the Trustee shall file a motion under Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Rule 9019 Motion") in the Adversary Proceeding seeking the Bankruptcy Court's entry of an order approving this Agreement (the "Settlement Order"). The Rule 9019 Motion shall be filed within 30 Days' notice of hearing and 15 days for filing of any objections unless otherwise directed by the Bankruptcy Court.

    (b)  Within five (5) days of the Settlement Order becoming a final, non-appealable order (the "Effective Date"), the Defendant or Defendant's affiliate (as defined in 17 C.F.R. § 230.405) shall pay to Trustee Eleven Million United States Dollars ($11,000,000.00) (the "<u>Settlement Payment</u>") by wire transfer of immediately available funds to the account specified on <u>Schedule 1</u> attached hereto. Satisfaction of Trustee's obligations hereunder shall be conditioned on the receipt of the Settlement Payment by Trustee.

    (c)  Within three (3) business days of the Effective Date, counsel for Trustee and Defendant shall respectively execute, and Trustee shall promptly file, a Stipulation of Dismissal dismissing the Adversary Proceeding with prejudice and without costs to either Party, substantially in the form attached hereto as <u>Exhibit 1</u>.

(d)    If the Settlement Order is not entered by the Bankruptcy Court in the Adversary Proceeding within ninety (90) days after the Trustee files the Rule 9019 Motion, or within such additional time as mutually agreed upon by the Parties: (i) this Agreement shall become void *ab initio*; and (ii) the Parties may not use or rely on any portion hereof or any statement herein for any purpose.

2.    <u>Releases</u>.

(a)    In consideration for the covenants and agreements in this Agreement and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged for purposes of this settlement only, the Trustee hereby releases and forever discharges the Defendant and its affiliates (as defined in 17 C.F.R. § 230.405), including their officers, trustees, directors, principals, managers, members, affiliates, representatives, employees, consultants, attorneys, agents, successors and assigns ("Defendant Released Parties"), from any and all past, present, or future claims or causes of action (including any suit, petition, demand, or other claim in law, equity or arbitration) and from any and all allegations of liability or damages (including any allegation of duties, debts, reckonings, contracts, controversies, agreements, promises, damages, responsibilities, covenants, or accounts) of whatever kind, nature or description, direct or indirect, in law, equity or arbitration, absolute or contingent, in tort, contract, statutory liability or otherwise, based on strict liability, negligence, gross negligence, fraud, breach of fiduciary duty or otherwise (including attorneys' fees, costs, or disbursements) known or unknown (including Unknown Claims, as defined in Section 3 herein), that are, have been, could have been, or might in the future be, asserted by the Trustee on behalf of BLMIS, and/or the consolidated BLMIS/Madoff estate, against the Defendant Released Parties based on, arising out of, or relating in any way to BLMIS, Madoff, the consolidated BLMIS/Madoff estate, the

3

Subsequent Transfers, the Adversary Proceeding, or any investment with or transfers made from Fairfield Sentry (the "Trustee's Released Claims").

(b)     Notwithstanding and except for the Trustee's Released Claims, the Defendant Released Parties are not released from liability for any other claims that the Trustee may bring.  The Trustee is not aware of any unreleased claims against the Defendant Released Parties.

(c)     In consideration for the covenants and agreements in this Agreement and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Defendant, on behalf of itself and its executors, administrators, and assigns, hereby releases and forever discharges: (i) the Trustee; (ii) the Trustee's attorneys, professionals, agents and consultants; and (iii) BLMIS and its consolidated estate from any and all past, present, or future claims or causes of action (including any suit, petition, demand, or other claim in law, equity, or arbitration) and from any and all allegations of liability or damages (including any allegation of duties, debts, reckonings, contracts, controversies, agreements, promises, damages, responsibilities, covenants, or accounts) of whatever kind, nature or description, direct or indirect, in law, equity or arbitration, absolute or contingent, in tort, contract, statutory liability, or otherwise, based on strict liability, negligence, gross negligence, fraud, breach of fiduciary duty, or otherwise (including attorneys' fees, costs, or disbursements) known or unknown (including Unknown Claims, as defined in Section 3 herein), that are, have been, could have been, or might in the future be, asserted by the Defendant against the Trustee based on, arising out of, or relating in any way to BLMIS, Madoff, the consolidated BLMIS/Madoff estate, the Subsequent Transfers, the Adversary Proceeding, or any investment with or transfers made from Fairfield Sentry Ltd.

4

3.  <u>Unknown Claims</u>.

"<u>Unknown Claims</u>" shall mean any claim released under Section 2 of this Agreement (the "<u>Released Claims</u>") that a Party does not know of or suspect to exist as of the Effective Date of this Agreement. With respect to any and all Released Claims, the Parties hereby expressly waive the provisions, rights, and benefits of California Civil Code section 1542 (to the extent it applies herein), which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS
> THAT THE CREDITOR OR RELEASING PARTY DOES
> NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER
> FAVOR AT THE TIME OF EXECUTING THE RELEASE
> AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE
> MATERIALLY AFFECTED HIS OR HER SETTLEMENT
> WITH THE DEBTOR OR RELEASED PARTY.

The Parties also hereby waive any and all provisions, rights, and benefits conferred by any law of any domestic or foreign jurisdiction that would have the effect of limiting the application of the terms of the releases set forth herein at Section 2 of this Agreement.

4.  <u>No Admissions</u>.

In connection with this Agreement, the Defendant does not admit or concede, and expressly denies, any liability or wrongdoing and further expressly denies the factual basis and legal validity of the claims in the Adversary Proceeding.

5.  <u>General Representations and Warranties</u>.

(a) The Trustee represents and warrants that, as of the date hereof, he has the full power, authority, and legal right to execute and deliver this Agreement and to perform his obligations hereunder, subject to the Bankruptcy Court's entry of the Settlement Order.

(b) The Defendant represents and warrants that, as of the date hereof: (i) it has the full power, authority, and legal right to execute and deliver this Agreement and to perform its obligations hereunder; (ii) this Agreement has been duly authorized, executed, and

5

delivered by the Defendant and constitutes the valid and binding agreement of the Defendant, enforceable against the Defendant in accordance with its terms; (iii) the Defendant has executed this Agreement with the full knowledge of any and all rights that the Defendant may have with respect to the controversies herein compromised, and the Defendant has received independent legal advice from its counsel with regard to the facts relating to said controversies and with respect to the rights arising out of said facts; and (iv) no other person or entity, other than those specifically identified herein, has any interest in the matters that the Defendant releases herein, and the Defendant has not assigned or transferred or purported to assign or transfer to any such third person or party all or any portion of the matters that the Defendant release herein.

6.  Additional Representations and Warranties by the Defendant.

The Defendant represents and warrants that for the six-year period prior to the commencement of the SIPA Proceedings, and other than the Subsequent Transfers, to the Defendant's knowledge and reasonable belief, it: (1) has not received any money, funds, loans, transfers, assets, financial assistance, or financial accommodation from Madoff, BLMIS, or any other company or entity owned or controlled by Madoff or BLMIS; (2) is not an immediate, mediate, or subsequent transferee of any funds or property originating from Madoff or BLMIS to an initial transferee; and (3) is not aware of any claims against the Defendant by Madoff, BLMIS or any other company or entity owned or controlled by Madoff or BLMIS other than the claims referenced in this Agreement.

7.  Further Assurances.

Each Party shall execute and deliver any document or instrument reasonably requested by the other Party after the date of this Agreement to effectuate the intent of this Agreement.

8.    <u>Entire Agreement</u>.

This Agreement constitutes the entire agreement and understanding between the Parties pertaining to the subject matter hereof and supersedes any and all prior or contemporaneous agreements, representations, and understandings of the Parties concerning the subject matter hereof.

9.    <u>Amendment; Waiver</u>.

This Agreement may not be terminated, amended, or modified in any way except by written instrument signed by all Parties. No waiver of any provision of this Agreement shall be deemed to constitute a waiver of any other provision hereof; nor shall any such waiver constitute a continuing waiver.

10.    <u>Successors</u>.

This Agreement shall be binding upon, inure to the benefit of and be enforceable against the Parties and their respective estates, personal representatives, executors, successors, and permitted assigns.

11.    <u>Negotiated Agreement</u>.

This Agreement has been fully negotiated by the Parties.  Each Party acknowledges and agrees that this Agreement has been drafted jointly, and the rule that ambiguities in an agreement or contract may be construed against the drafter shall not apply in the construction or interpretation of this Agreement.

12.    <u>Severability</u>.

In the event that any term or provision of this Agreement or any application thereof is deemed to be invalid or unenforceable, the remainder of this Agreement and any other application of such term or provision shall not be affected thereby.

13.     Counterparts; Electronic Copy of Signatures.

This Agreement may be executed and delivered in any number of counterparts, each of which so executed and delivered shall be deemed to be an original and all of which, taken together, shall constitute one and the same document. Each Party may evidence its execution of this Agreement by delivery to the other Party of scanned or faxed copies of its signature, or by use of DocuSign, with the same effect as the delivery of an original signature.

14.     Governing Law.

This Agreement and any claim related directly or indirectly to this Agreement shall be governed by and construed in accordance with the laws of the State of New York (without regard to the principles of conflicts of law thereof), the Bankruptcy Code, and SIPA. Each Party hereby waives on behalf of itself and its successors and assigns any and all right to argue that the choice of New York law provision is or has become unreasonable in any legal proceeding.

15.     JURISDICTION; WAIVER OF JURY TRIAL.

(a)     THE BANKRUPTCY COURT SHALL HAVE EXCLUSIVE JURISDICTION OVER ANY AND ALL DISPUTES BETWEEN OR AMONG THE PARTIES, WHETHER IN LAW OR EQUITY, ARISING OUT OF OR RELATING TO THIS AGREEMENT. IN THE EVENT THE SIPA PROCEEDINGS ARE CLOSED BY A FINAL DECREE AND NOT REOPENED, THE PARTIES AGREE THAT ANY DISPUTE ARISING OUT OF THIS AGREEMENT MAY BE BROUGHT IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK OR THE SUPREME COURT OF THE STATE OF NEW YORK IN NEW YORK COUNTY.

(b)     EACH PARTY HEREBY IRREVOCABLY WAIVES, TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, ANY AND ALL RIGHT TO TRIAL

BY JURY IN ANY LEGAL PROCEEDING ARISING OUT OF OR RELATED TO THIS AGREEMENT OR THE TRANSACTIONS CONTEMPLATED HEREBY.

16. <u>Expenses</u>.

Each Party shall bear its respective expenses relating to or arising out of the Adversary Proceeding and this Agreement, including, but not limited to, fees for attorneys, experts, consultants, accountants and other advisors.

17. <u>Notices</u>.

All notices or communications hereunder shall be in writing and delivered by hand or sent by registered or certified mail, return receipt requested, by overnight mail with confirmation, by facsimile (receipt confirmed) or by electronic means (receipt confirmed), in each case addressed and copied as set forth on the applicable signature page hereto. A Party may change its address for receiving notice by giving notice of a new address in the manner provided herein.

18. <u>No Third-Party Beneficiaries</u>.

Except as expressly provided in Section 2, the Parties do not intend to confer any benefit by or under this Agreement upon any person or entity other than the Parties hereto and their respective successors and permitted assigns.

19. <u>Captions and Rules of Construction</u>.

The captions in this Agreement are inserted for convenience and reference and neither define nor limit the scope or content of any of the provisions herein. The Parties acknowledge that no Party shall be deemed to be the principal drafter of this agreement, and no ambiguities herein may be construed against any Party.

**IN WITNESS WHEREOF**, each Party has caused this Agreement to be duly executed and delivered as of the date set forth above.

**TRUSTEE**

                                **IRVING H. PICARD, AS TRUSTEE FOR THE LIQUIDATION PROCEEDINGS OF BERNARD L. MADOFF INVESTMENT SECURITIES LLC AND THE SUBSTANTIVELY CONSOLIDATED BANKRUPTCY CASE OF BERNARD L. MADOFF**

By: *Irving H. Picard* (DocuSigned: 18D9B48D03B54B1...)

                                  Irving H. Picard, Trustee

Address:
Irving H. Picard
c/o Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111
Facsimile: (212) 589-4201

With copies to:
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111
Attention: Nicholas J. Cremona

Sworn and subscribed before me this
13th day of June, 2023.

*Mary S. Lee* (DocuSigned: 2FAD7787555D439...)

Notary Public

**MARY S. LEE**
Notary ID 11405696
My Commission Expires 11/4/2026
(STATE OF TEXAS, NOTARY PUBLIC seal)

**DEFENDANT**

DELTA NATIONAL BANK AND TRUST COMPANY

By: _____

Address:
650 5th Avenue
New York, NY 10019

With copies to:
Sullivan & Cromwell LLP
125 Broad Street
New York, NY 10004
Attention: James L. Bromley

State of New York
County of New York
Sworn and subscribed before me this
13th day of June, 2023 by
Guillermo Jafain and Imran Poerzada

Notary Public /s/ Halina T. Pavel

HALINA T PAVELS
NOTARY PUBLIC-STATE OF NEW YORK
No. 01PA6186110
Qualified in New York County
My Commission Expires April 07, 2024

11

# SCHEDULE 1

Citi Private Bank
153 East 53rd Street, 23rd Fl
New York, NY 10022

ABA No.: ███████

Swift Code: ███████

Account Name: Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff
Investment Securities LLC
Account No.: ███████

# EXHIBIT 1

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (CGM) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff, | Adv. Pro. No. 11-02551 (CGM) |
| Plaintiff, | |
| v. | |
| DELTA NATIONAL BANK AND TRUST COMPANY, | |
| Defendant. | |

**STIPULATION AND ORDER FOR VOLUNTARY DISMISSAL**
**OF ADVERSARY PROCEEDING WITH PREJUDICE**

Plaintiff Irving H. Picard (the "Trustee"), as trustee of the substantively consolidated liquidation proceeding of Bernard L. Madoff Investment Securities LLC under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa–*lll*, and the chapter 7 estate of Bernard L. Madoff, and defendant Delta National Bank and Trust Company ("Defendant," and with the Trustee, the "Parties"), hereby stipulate and agree to the following:

1. On August 25, 2011, the Trustee filed and served the Complaint against the Defendant.

2. On October 13, 2022, Defendant served an answer to the Complaint.

3. On June 13, 2023, the Parties entered into a settlement agreement which was approved by order of this Court on _____, 2023 [Dkt. No. _____].

4. In accordance with Federal Rule of Bankruptcy Procedure 7041, and Federal Rule of Civil Procedure 41(a)(1), the Parties hereby stipulate to a dismissal with prejudice of the Trustee's claims against Defendant in the above-captioned adversary proceeding, and dismissal of the adversary proceeding.

5. The provisions of this Stipulation shall be binding upon and shall inure to the benefit of the Parties and their respective successors and assigns and upon all creditors and parties of interest.

6. This Stipulation may be signed by the Parties in any number of counterparts, each of which when so signed shall be an original, but all of which shall together constitute one and the same instrument. A signed facsimile, photostatic, or electronic copy of this Stipulation shall be deemed an original.

[*Signatures on following page*]

Date:  July __, 2023
       New York, New York

By: _____     By: _____
**Baker & Hostetler LLP**     **Sullivan & Cromwell LLP**
45 Rockefeller Plaza     125 Broad Street
New York, New York 10111     New York, New York 10004
Telephone: (212) 589-4200     Telephone: (212) 558-4000
Facsimile: (212) 589-4201     James L. Bromley
David J. Sheehan     Email: bromleyj@sullcrom.com
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff*     *Attorneys for Defendant Delta National Bank and Trust Company*