**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Nicholas J. Cremona
Jorian L. Rose
Amy E. Vanderwal
Stephanie A. Ackerman

*Attorneys for Irving H. Picard, Trustee
for the Substantively Consolidated SIPA Liquidation
of Bernard L. Madoff Investment Securities LLC
and the chapter 7 estate of Bernard L. Madoff*

Hearing Date: July 19, 2023
Hearing Time: 10:00 a.m. (EST)
Objections Due: July 10, 2023
Objection Time: 4:00 p.m. (EST)

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant.<br><br>In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | Adv. Pro. No. 08-01789 (CGM)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |

**TRUSTEE'S FIFTY-THIRD OMNIBUS MOTION
FOR AN ORDER RESOLVING CLERICAL ERRORS AND
<u>OMISSIONS RELATED TO PREVIOUSLY RESOLVED OBJECTIONS</u>**

Irving H. Picard, trustee ("Trustee") for the liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa–*lll* ("SIPA"),[1] and the substantively consolidated chapter 7 estate of Bernard L. Madoff, by this combined motion and memorandum of law (the "Motion"), respectfully asks this Court to enter an order pursuant to the Order Approving Form and Manner of Publication and Mailing of Notices, Specifying Procedures for Filing, Determination, and Adjudication of Claims; and Providing Other Relief entered on December 23, 2008 (the "Claims Procedure Order"), 11 U.S.C. § 105(a), and as consistent with Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 3007, to the extent applicable to this liquidation proceeding under SIPA §§ 78fff(b) and 78fff-1(a), correcting the errors and omissions related to the withdrawal or resolution of 25 objections ("Objections") to the Trustee's determinations of the customer claims ("Claims") detailed on Exhibits A through D to the Declaration of Vineet Sehgal in Support of the Motion (the "Sehgal Declaration"), affirming the Trustee's determination of the Claims and prior resolution of the Objections.

## PRELIMINARY STATEMENT

This Motion is intended to "clean up" the record by resolving typographical and similar errors related to Objections that have been filed in the last fourteen years of this SIPA liquidation proceeding. Notwithstanding these errors, the Objections listed on Exhibit A to the Sehgal Declaration have been either withdrawn by the objecting claimant or overruled by this Court in connection with one of the Trustee's many omnibus claims motions. Thereafter, a Notice of Withdrawal of Objection or order was entered withdrawing or overruling the Objections. The errors the Trustee seeks to correct appear in the Notice of Withdrawal of Objection or the related order and are described in detail on Exhibits B through D to the Sehgal Declaration.

---

[1] Subsequent references to SIPA shall omit "15 U.S.C."

2

The Trustee brings the Motion pursuant to the Claims Procedures Order, 11 U.S.C. § 105(a), and Bankruptcy Rule 3007 to resolve errors or omissions identified on Exhibits B through D to the Sehgal Declaration. Specifically, the various pleadings: (1) omit necessary information such as the Claim or Objection docket number ("Objection Docket Number"); and/or (2) include a typographical error in relevant information such as the BLMIS account number, Claim number, or Objection Docket Number.

Because the Objections and their related Claims have been fully and finally resolved via withdrawal or order of this Court and no issues of fact or law remain, the Trustee respectfully requests that the Court enter an order correcting the errors and omissions detailed below and on Sehgal Declaration Exhibits B through D and affirming the Trustee's determination of the Claims and prior resolution of the Objections listed on Sehgal Declaration Exhibit A. Entry of an order granting the Motion will assist with the efficient and orderly administration of this SIPA liquidation proceeding and ensure the Court's docket accurately reflects the resolution of Claims and Objections.

## JURISDICTION

This Court has jurisdiction to consider this matter pursuant to SIPA §§ 78eee(b)(2) and 78eee(b)(4) and 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## BACKGROUND

### 1. The Commencement of the SIPA Liquidation Proceeding

The basic facts of the BLMIS fraud are widely known and have been recounted in numerous decisions. *See, e.g., In re Bernard L. Madoff Inv. Sec*. LLC, 654 F.3d 229, 231 (2d Cir. 2011); *In re Beacon Assocs. Litig.*, 745 F. Supp. 2d 386, 393–94 (S.D.N.Y. 2010). On December 11, 2008, the Securities and Exchange Commission ("SEC") filed a complaint in the District Court

3

against Madoff and BLMIS, captioned SEC v. Madoff, No. 1:08-cv-10791-LLS, 2008 WL 5197070 (S.D.N.Y. Dec. 11, 2008), alleging fraud through the investment advisor activities of BLMIS. The SEC consented to the consolidation of its case with an application of the Securities Investor Protection Corporation ("SIPC"). Thereafter, SIPC filed an application under SIPA § 78eee(a)(4) alleging that because of BLMIS's insolvency, its customers needed SIPA protection. The District Court appointed the Trustee under SIPA § 78eee(b)(3) and removed the SIPA liquidation proceeding to this Court under SIPA § 78eee(b)(4).

2. **The Trustee's Role under SIPA**

Under SIPA, the Trustee is responsible for, among other things, recovering and distributing customer property to a broker's customers, assessing claims, and liquidating other assets of the firm for the benefit of the estate and its creditors. A SIPA trustee has the general powers of a bankruptcy trustee in addition to the powers granted by SIPA. SIPA § 78fff-1(a). In satisfying customer claims, the Trustee evaluates whether claimants are "customers," as defined in SIPA § 78*lll*(2), who are entitled to share pro rata in "customer property," defined in SIPA § 78lll(4), to the extent of their "net equity," defined in SIPA § 78lll(11). For each customer with a valid net equity claim, SIPC advances funds to the SIPA trustee up to the amount of the customer's net equity, not to exceed $500,000 (the amount applicable to this case), if the customer's share of customer property does not make her whole. SIPA § 78fff-3(a).

3. **The Claims Process in the BLMIS Liquidation Proceeding**

The Claims Procedure Order (i) approved the form and manner of publication of the notice of the commencement of the SIPA liquidation proceeding and (ii) specified the procedures for filing, determining and adjudicating customer claims. *See* ECF No. 12.[2] BLMIS customers were

---

[2] All references to the electronic docket denoted as "ECF No." will refer to the main case, *In re Bernard L. Madoff Inv. Secs.*, No. 08-01789(CMG), unless otherwise noted.

4

directed to file their claims with the Trustee no later than six (6) months from the date the Trustee published notice of the commencement of the liquidation proceeding. *See* SIPA § 78fff-2(a)(3). After receiving a claim, the Trustee issued a determination letter to the claimant regarding the allowed amount of net equity if any. Claimants were permitted to object to the Trustee's determination of a claim by timely filing an objection in this Court, following which the Trustee requested a hearing date for the objection and notified the objecting claimant thereof.

In accordance with Claims Procedure Order, the Trustee has brought, and this Court has granted, numerous omnibus claims motions to affirm his claims determinations and overrule related objections based on legal issues previously decided in his favor including his determinations that certain claimants should not be treated as "customers"[3] under SIPA.

### RELIEF REQUESTED

The Objections to the Trustee's determination of the Claims have been fully resolved—no legal or factual questions appear to remain. The relevant Notices of Withdrawal of Objection,[4] however, each contain one or more clerical errors which the Trustee believes should be corrected. The Motion seeks to correct typographical errors and omissions of relevant information from the pleadings filed in this SIPA liquidation proceeding. None of these errors or omissions alter the prior resolution of the Claims and Objections, and the purpose of the Motion is to correct these issues to avoid potential confusion as to the status of the Objections and Claims.

By this Motion, the Trustee respectfully seeks the entry of an order pursuant to the Claims Procedures Order, 11 U.S.C. § 105(a) and consistent with Bankruptcy Rule 3007, to the extent

---

[3] *See* Trustee's Motion and Memorandum of Law to Affirm His Determinations Denying Claims of Claimants Holding Interests in Peerstate Equity Fund LP, Gettinger Management LLC Profit Sharing Plan, and SMT Investors LLC at 11n.6 (ECF No. 23003), for a complete list of the Trustee's customer motions.

[4] The Objections were withdrawn via Notices of Withdrawal of Objection or an amended objection. For ease of reference, the withdrawal documents will be collectively referred to as a "Notice of Withdrawal of Objection." The details of each document are listed on Exhibits A through D of the Sehgal Declaration.

5

applicable to this proceeding under SIPA §§ 78fff(b) and 78fff-1(a), substantially in the form annexed hereto as Exhibit A, correcting the errors or omissions detailed on Sehgal Declaration Exhibits B through D.

### 1. Withdrawal Document Omits Claims or Objections

Sixteen Objections associated with thirty Claims were withdrawn via ten Notices of Withdrawal of Objection and one order. *See* Sehgal Decl. Ex. B. These Notices of Withdrawal excluded necessary Claims and/or Objections. For example, the Notice of Withdrawal of Objection filed at ECF No. 19850 withdraws four Objections to the Trustee's determination of Claims 000980, **100119**, 100120, **100134**, **100135**, and 000141. Sehgal Decl. Ex. B. Notice of Withdrawal of Objection 19850 inadvertently omits Claims **100119**, **100134**, and **100135** which were included in the objection. The details of the omitted items are provided in Exhibit B to the Sehgal Declaration.

Additionally, the Trustee's Twenty-Second Omnibus Motion to Disallow Claims and Overrule Objections of Claimants Who Have No Net Equity inadvertently excluded one of two claims associated with Objection Docket Number 2145. Sehgal Decl. Ex. B. The Trustee's motion and Exhibit A to the Court's Order omitted Claim 010278. *See* ECF No. 18131, Ex. A (Oct. 29, 2018); Sehgal Decl. Ex. B. Claim 010278 was not excluded from the Trustee's motion or Exhibit A for any substantive, legal or factual reason, but rather because of an inadvertent omission.

### 2. Notices of Withdrawal of Objection Contains Typographical Errors

Five Notices of Withdrawal of Objection contain typographical errors related to the Claim or the Objection Docket Number. Sehgal Decl. Ex. C. For example, Notice of Withdrawal of Objection Docket Number 16754 references Claim 005**0**43 instead of 005**4**03. Sehgal Decl. Ex. C. Similarly, Notice of Withdrawal of Objection Docket Number 12819 references Claim "10**0**54" instead of Claim 10**0**154. And Notice of Withdrawal of Objection Docket Number 20889

6

references Objection Docket Number 703 instead of 704. The details of the remaining typographical errors, which are similar to these examples, are listed on Sehgal Declaration Exhibit C.

### 3. Notices of Withdrawal of Objection Contain a Typographical Error and Omit a Relevant Objections

Objecting claimant Jeffrey Schaffer filed one objection to the Trustee's determination of his customer claims associated with BLMIS account number 1ZA339. Sehgal Decl. Ex. D (Objection Docket Number 3189). Jeffrey and Donna Schaffer jointly filed three objections to the Trustee's determination of their customer claims associated with BLMIS account number 1ZA401. *Id.* (Objection Docket Numbers 1027, 2138, 3188).

On December 8, 2020, Jeffrey and Donna Schaffer filed two Notices of Withdrawal of Objection withdrawing their objections to the Trustee's determinations of their claims as part of a settlement of the Trustee's adversary proceeding, *Picard v. Schaffer*, Adv. No. 10-05435 (CGM). ECF Nos. 20062, 20063 ("Notice of Withdrawal 20062" and "Notice of Withdrawal 20063"). Consistent with the settlement agreement, Notices of Withdrawal of Objection 20062 and 20063 were intended to resolve all objections to all claims filed by Jeffrey and Donna Schaffer. Notice of Withdrawal 20062, however, inadvertently omitted Objection Docket Number 3189.[5] Similarly, Notice of Withdrawal 20063 inadvertently omitted Objection Docket Number 3188. Sehgal Decl. Ex. D. In addition, Notice of Withdrawal 20063 contains a typographical error whereby Claim number 011**773** is listed as "011**733**." *Id.*

The Trustee submits the Motion to resolve the foregoing errors and omissions that do not raise any legal or factual arguments.

---

[5] A portion of Objection 3189 was resolved by the Order Approving Trustee's Motion to Affirm His Determinations Denying Claims of Claimants Holding Interests in Judy L. Kaufman et al. Tenancy in Common, Keith Schaffer, Jeffrey Schaffer, Carla R. Hirschhorn Tenancy in Common, ECF Nos. 15819, 15824, 15825 (Apr. 13, 2017).

**BASIS FOR RELIEF**

All issues of fact and law associated with the Claims and Objections have been resolved by prior decisions or through mutual consent of the Trustee and the objecting claimants in a manner consistent with the Claims Procedures Order and Bankruptcy Rule 3007, but for specific typographical errors or inadvertent omissions.

Granting an order resolving these errors and affirming the Trustee's determination of the Claims and prior resolution of the Objections is well within this Court's powers. Section 105(a) of the Bankruptcy Code provides, in relevant part, that a bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

Under section 105(a), bankruptcy courts have the equitable power to fashion orders that are appropriate or necessary to carry out the provisions of the Bankruptcy Code and to facilitate the efficient administration of bankruptcy cases. *See Adelphia Bus. Solutions, Inc. v. Abnos*, 482 F.3d 602, 609 (2d Cir. 2007) ("Section 105(a) grants broad equitable power to the bankruptcy courts to carry out the provisions of the Bankruptcy Code so long as that power is exercised within the confines of the Bankruptcy Code."). "Bankruptcy courts, both through their inherent powers as courts, and through the general grant of power in [§] 105, are able to police their dockets and afford appropriate relief." *In re Miszko*, 627 B.R. 809, 816–17 (Bankr. S.D.N.Y. 2021) (quoting *In re Casse*, 198 F.3d 327, 336 (2d Cir. 1999). Bankruptcy courts "have used these provisions of section 105 to resolve issues regarding the ability to detect and punish contempt, to regulate the practice of lawyers, to administer the assets under its control and the claims related to them and to monitor and supervise all bankruptcy estates." 2 Collier on Bankruptcy ¶ 105.02 (16th ed. 2021); *see also Comm. Of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1069 (2d Cir. 1983) ("[A] bankruptcy judge must have substantial freedom to tailor his orders to meet

08-01789-cgm    Doc 23289    Filed 06/16/23    Entered 06/16/23 17:20:33    Main Document
Pg 9 of 11

differing circumstances."); *In re Keene Corp.*, 168 B.R. 285, 292 (Bankr. S.D.N.Y. 1994) (stating that a bankruptcy court can, pursuant to section 105(a) "use its equitable powers to assure the orderly conduct of the reorganization proceedings").

Section 105(a) of the Bankruptcy Code applies in this SIPA liquidation proceeding and gives this Court the authority to correct the noted errors or omissions to allow the expeditious resolution of the proceeding. *See, e.g.*, *Lautenberg Found. V. Picard (In re Bernard L. Madoff Inv. Sec., LLC)*, 512 F. App'x 18, 20 (2d Cir. 2013) ("We apply § 105(a) in SIPA liquidations."); *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 474 B.R. 76, 85 (S.D.N.Y. 2012) ("[B]ankruptcy courts are empowered to utilize their equitable powers under section 105 where appropriate 'to facilitate the implementation of other Bankruptcy Code provisions.'").

In addition, Bankruptcy Rule 3007(d)(5)[6] grants this Court the authority to confirm the prior resolution of the Claims and Objections that were resolved via withdrawal or order of this Court. Bankruptcy Rule 3007(d) establishes the categories of claims that may be joined in an omnibus manner which include those that "have been satisfied or released during the case in accordance with the Code, applicable rules, or a court order."

Taken together, the Claims Procedures Order, Section 105(a), and Bankruptcy Rule 3007 provide this Court with the authority to correct the typographical errors on its docket. The alternative to the resolution sought by the Motion would be to seek to resolve these issues with each individual objecting party and by submitting amended filings for each of the 43 Claims and 25 Objections on Exhibit A to the Sehgal Declaration, which, the Trustee respectfully submits, would be a costly and time-consuming process, the administration of which would be an inefficient use of limited judicial resources. The Objections have been adjudicated consistent with the Claims

---

[6] Whether Bankruptcy Rule 3007 applies to SIPA proceedings is unclear but the Trustee believes the relief requested herein complies with Bankruptcy Rule 3007.

9

Procedure Order and Bankruptcy Rule 3007 or withdrawn by the Objecting Claimants. Thus, no further adjudication is necessary, all rights of the Objecting Claimants have been preserved and the Motion should be granted.

## NOTICE

Notice of this Motion has been provided by U.S. mail, postage prepaid, or email to the following: (i) all Claimants listed on Exhibit A to the Sehgal Declaration (and their counsel) whose Objections are subject to this Motion; (ii) all parties included in the Master Service List as defined in the Order Establishing Notice Procedures (ECF No. 4560); (iii) all parties that have filed a notice of appearance in this case; (iv) the SEC; (v) the IRS; (vi) the United States Attorney for the Southern District of New York; and (vii) SIPC, pursuant to the Order Establishing Notice Procedures (ECF No. 4560). The Trustee submits that no other or further notice is required. In addition, the Motion and related pleadings will be posted to the Trustee's website www.madofftrustee.com and are accessible, without charge, from that site.

No previous request for the relief sought herein has been made by the Trustee to this or any other Court.

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*

## CONCLUSION

For the reasons stated above, the Trustee respectfully requests that the Court enter an order resolving the errors or omissions related to the Claims and Objections detailed on Sehgal Declaration Exhibits A through D, affirm the Trustee's determination of the Claims and prior resolution of the Objections.

Dated: New York, New York
      June 16, 2023

Respectfully submitted,

  */s/ David J. Sheehan*
**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Tel: (212) 589-4200
Fax: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com
Jorian L. Rose
Email: jrose@bakerlaw.com
Amy E. Vanderwal
Email: avanderwal@bakerlaw.com
Stephanie A. Ackerman
Email : sackerman@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the chapter 7 estate of Bernard L. Madoff*