**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>　　　　　Plaintiff-Applicant,<br><br>　　　　　v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>　　　　　Defendant.<br>In re:<br><br>BERNARD L. MADOFF,<br><br>　　　　　Debtor. | Adv. Pro. No. 08-01789 (CGM)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |

**DECLARATION OF VINEET SEHGAL IN SUPPORT**
**OF THE TRUSTEE'S FIFTY-THIRD OMNIBUS MOTION**
**FOR AN ORDER RESOLVING CLERICAL ERRORS AND**
**OMISSIONS RELATED TO PREVIOUSLY RESOLVED OBJECTIONS**

I, Vineet Sehgal, pursuant to 28 U.S.C. § 1746, declare as follows:

　　　1.　　I am a Managing Director at AlixPartners LLP ("AlixPartners"), a consultant to, and claims agent for, Irving H. Picard as trustee (the "Trustee") for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") and the chapter 7 estate of Bernard L. Madoff.

　　　2.　　In December 2008, AlixPartners was retained by the Trustee as the Trustee's claims agent. As the claims agent, AlixPartners was responsible for both mailing the notice of the liquidation and claim forms to potential claimants and causing the notice of the liquidation to be published. AlixPartners has also been responsible for processing all claims submitted to the Trustee and assisting the Trustee in reviewing each filed customer claim to determine whether the asserted claim amount agrees with the "net equity" for that account. In addition, as the

accountants for the BLMIS estate, AlixPartners has assisted and continues to assist the Trustee in accounting for the assets of the BLMIS estate, including the cash and cash equivalents available to the Trustee.

3. I have been actively involved in the liquidation of BLMIS and the claims process since December 2008 and have personal knowledge of the matters set forth herein.

4. I submit this Declaration based upon the information and knowledge acquired during the course of my retention and in support of the Motion.[1]

5. At the Trustee's direction, my colleagues at AlixPartners and I have reviewed the books and records of BLMIS. During the course of my involvement in this matter, I have personally reviewed thousands of documents, as well as schedules prepared and information collected by my colleagues, relating to the books and records of BLMIS, third party records, bank records, and other documentation relevant to BLMIS and its customer accounts and information systems. I have reviewed the books and records of BLMIS and the filed customer claims, analyzing the cash deposit activity, cash withdrawal activity, and transfers between accounts.

6. I make this Declaration to verify to the Court that, as consultant to the Trustee and claims agent in the above-captioned case, after conducting a diligent review of BLMIS's books and records, we have identified 25 Objections, which have been resolved through mutual agreement of the claimant(s) and Trustee or order of this Court for which the Notices of Withdrawal of Objection appear to omit necessary information such as the Claim or Objection docket number ("Objection Docket Number"); and/or (2) include a typographical error in relevant information such as the BLMIS account number, Claim number, or Objection Docket Number.

---

[1] Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Motion.

7. For purposes of the Motion, my colleagues at AlixPartners and I performed a detailed review of the resolved objection population consisting of 2,395 resolved docketed objections related to 4,449 claims. Specifically, my colleagues at AlixPartners and I reviewed motions to affirm the Trustee's claims determinations and notices of withdrawal documentation to confirm claim, docket and account details were captured correctly and are consistent with the objection register. In addition, we reviewed the docket for additional objections using an automated process to identify objections through searches using keyword analysis of docket text.

8. This review resulted in the identification of 25 docketed objections associated with 43 claims for which the related withdrawal documentation contains an error or omission.

9. **Exhibit A** identifies all Claims and Objections at issue in the Motion listed in alphabetical order by the Claimant's first name and includes the docket numbers for the objection and the Notice of Withdrawal of the Objection.

10. **Exhibit B** identifies all Claims and Objections at issue in the Motion where the Objection was withdrawn or overruled but the Notice of Withdrawal of Objection and/or the order omits relevant Claim numbers or Objections.

11. **Exhibit C** identifies all Claims and Objections at issue in the Motion where the Objection was withdrawn but the Notice of Withdrawal of Objection contains a typographical error in a relevant Claim number or Objection.

12. **Exhibit D** identifies all Claims and Objections at issue in the Motion where the Objection was withdrawn but the Notice of Withdrawal of Objection omits a relevant Objection Docket Number and/or contains a typographical error in a relevant Claim number.

13. On the attached **Exhibit A**, the second to last column displays the docket entry ("ECF No.") associated with the withdrawal of the objection or this Court's order overruling the objection associated with the respective Claim.

14. The second to last column on the attached **Exhibits B** through **D** displays the description of the reason for the inclusion of the Objection and/or Claim in the Motion.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 16, 2023

_____
Vineet Sehgal
Managing Director
AlixPartners, LLP
909 Third Avenue
New York, New York 10022