**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                      Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                      Defendant. | Adv. Pro. No. 08-01789 (CGM)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br>BERNARD L. MADOFF,<br>                      Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff,<br><br>                      Plaintiff,<br><br>v.<br><br>NATIXIS S.A. and TENSYR LTD.,<br><br>                      Defendants. | Adv. Pro. No. 10-05353 (CGM)<br><br>**DECLARATION OF PETER FISCHER IN SUPPORT OF THE TRUSTEE'S OPPOSITION TO NATIXIS S.A.'S MOTION TO DISMISS THE AMENDED COMPLAINT** |

I, Peter Fischer, pursuant to 28 U.S.C. § 1746, declare the following:

1.     I am a director of Alpha Prime Fund, Ltd., one of the entities that was sued by the Trustee in adversary proceeding no. 09-01364.

2.     I submit this Declaration in support of the Trustee's opposition to Natixis S.A.'s motion to dismiss the amended complaint in the above-captioned proceeding.

3.     I participated directly in the negotiation of the settlement agreement between the Trustee and Alpha Prime Fund Limited ("Alpha Prime" and, with the Trustee, the "Parties") in *Picard v. HSBC Bank PLC*, Adv. Pro. No. 09-01364 (Bankr. S.D.N.Y. June 23, 2022), ECF No.

710-2 (the "Settlement Agreement"). I was authorized to, and I did, sign the Settlement Agreement on behalf of Alpha Prime.

4. The Settlement Agreement was the second of two partial settlement agreements between the Parties. The first partial settlement agreement, which the Parties entered into in 2018, resolved certain of the Trustee's claims against Alpha Prime. It left unresolved certain "Disputed Issues"—the Trustee's Six Year Transfer Avoidance Claims against Alpha Prime, the treatment of Alpha Prime's customer claim, and Alpha Prime's claim under Bankruptcy Code section 502(h).

5. The Settlement Agreement settled the Disputed Issues. The Parties intended it to do no more than that.

6. To be clear, the Settlement Agreement was neither intended to, nor did it, resolve any claim outside of the Disputed Issues, and that intent is reflected in the Settlement Agreement's recital paragraphs, which expressly refer to the Disputed Issues. The only transfers of customer property the Parties intended to address in the agreement were those from BLMIS to Alpha Prime. The Parties did not intend to settle, dispose of, or otherwise affect any other claims relating to transfers of BLMIS customer property, nor were such other claims part of the parties' negotiations when drafting the agreement.

7. The Settlement Agreement's intended scope is also reflected in the consideration exchanged between the Parties pursuant to the agreement. That consideration related solely to the Disputed Issues. It was not based on, nor did it account for, the Trustee's claims to recover BLMIS customer property from any party other than Alpha Prime.

8. In light of the foregoing, the Parties intended the Settlement Agreement only to release claims related to transfers of BLMIS customer property to Alpha Prime. Specifically, the Parties intended paragraph 7 of the Settlement Agreement to release only claims related to transfers

of customer property to Alpha Prime and subsequent transfers of customer property from Alpha Prime.

9. The Parties never intended the release contained in the Settlement Agreement to extend to claims concerning transfers of BLMIS customer property to any party other than Alpha Prime or subsequent transfers of BLMIS customer property from any party other than Alpha Prime. The Parties had no incentive or reason to release such claims, and did not do so.

10. The Settlement Agreement was not intended to—and does not—release Natixis S.A., Natixis Financial Products LLC, Bloom Asset Holdings Fund, or any of their affiliates, predecessors in interest, or successors in interest from the Trustee's claims arising from transfers those entities received from Fairfield Sentry Limited or Groupement Financier Limited.

11. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: June 12, 2023
Austria, Vienna

_____
Peter Fischer

3