**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>      Plaintiff-Applicant,<br><br>  v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>      Defendant. | Adv. Pro. No. 08-01789 (CGM)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>      Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff,<br><br>      Plaintiff,<br><br>  v.<br><br>NOMURA INTERNATIONAL PLC,<br><br>      Defendants. | Adv. Pro. No. 11-02759 (CGM)<br><br>**NOMURA'S ANSWER TO THE COMPLAINT; DEMAND FOR JURY TRIAL** |

# ANSWER

Defendant Nomura International plc ("Nomura"), by and through its undersigned counsel, hereby answers the Complaint of the Trustee,[1] dated June 13, 2022 (the "Complaint"), as follows:[2]

## I. NATURE OF THE ACTION[3]

1. Nomura denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 1.

2. Nomura denies the allegations in Paragraph 2, except admits that the Trustee is seeking to recover funds from Nomura.

3. The allegations in Paragraph 3 purport to state legal conclusions to which no response is required. To the extent a response is required, Nomura denies the allegations in Paragraph 3, except admits that Harley, Sentry, and Sigma were among the investment vehicles that invested some of their assets with BLMIS.

4. The allegations in Paragraph 4 purport to state legal conclusions to which no response is required. To the extent a response is required, Nomura denies the allegations in Paragraph 4, except admits that the Trustee is seeking to recover funds from Nomura in a separate action.

## II. SUBJECT MATTER JURISDICTION AND VENUE

5. The allegations in Paragraph 5 purport to state legal conclusions to which no response is required. To the extent a response is required, Nomura denies the allegations in Paragraph 5, except admits that the Trustee has commenced adversary proceedings in this Court.

6. The allegations in Paragraph 6 state legal conclusions to which no response is required. To the extent a response is required, Nomura denies the allegations in Paragraph 6. Nomura does not consent to issuance or entry of final orders or judgments by the Bankruptcy Court and demands trial by jury of all issues that may be tried by a jury.

7. The allegations in Paragraph 7 purport to state legal conclusions to which no response is required. To the extent a response is required, Nomura denies the allegations in Paragraph 7.

---

[1] Capitalized terms used in this Answer shall have the meaning ascribed to them in the Complaint unless otherwise defined herein.

[2] Responses to numbered paragraphs of the Complaint include responses to any footnotes to the particular numbered paragraph and to any exhibits or appendices cited therein.

[3] Nomura deems the section headings in the Complaint not to constitute allegations of the Complaint. To the extent any section headings are allegations, Nomura admits or denies them consistent with their responses to the allegations contained in the numbered paragraphs of the Complaint.

8. The allegations in Paragraph 8 purport to state legal conclusions to which no response is required. To the extent a response is required, Nomura denies the allegations in Paragraph 8, except admits that the adversary proceeding is brought under various laws.

### III. BACKGROUND, THE TRUSTEE, AND STANDING

9. Nomura denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 9.

10. The allegations in Paragraph 10 purport to state legal conclusions to which no response is required. To the extent a response is required, Nomura denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 10.

11. The allegations in Paragraph 11 purport to state legal conclusions to which no response is required. To the extent a response is required, Nomura denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 11.

12. The allegations in Paragraph 12 purport to state legal conclusions to which no response is required. To the extent a response is required, Nomura denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 12.

13. The allegations in Paragraph 13 purport to state legal conclusions to which no response is required. To the extent a response is required, Nomura denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 13.

14. The allegations in Paragraph 14 purport to state legal conclusions to which no response is required. To the extent a response is required, Nomura denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 14.

15. The allegations in Paragraph 15 purport to state legal conclusions to which no response is required. To the extent a response is required, Nomura denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 15.

16. The allegations in Paragraph 16 purport to state legal conclusions to which no response is required. To the extent a response is required, Nomura denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 16.

17. The allegations in Paragraph 17 purport to state legal conclusions to which no response is required. To the extent a response is required, Nomura denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 17.

18. The allegations in Paragraph 18 purport to state legal conclusions to which no response is required. To the extent a response is required, Nomura denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 18.

19. The allegations in Paragraph 19 purport to state legal conclusions to which no response is required. To the extent a response is required, Nomura denies the allegations in Paragraph 19.

20. The allegations in Paragraph 20 purport to state legal conclusions to which no response is required. To the extent any further response is required, Nomura denies the allegations in Paragraph 20.

## IV. THE DEFENDANT AND NON-PARTIES

21. Nomura denies the allegations in Paragraph 21, except admits that Nomura was incorporated under the laws of England and Wales at the time the Complaint was filed and at one time it maintained a place of business at Nomura House, 1 St. Martin's-le- Grand, London EC1A 4NP, United Kingdom.

22. Nomura denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 22.

23. Nomura denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 23.

24. Nomura denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 24.

25. Nomura denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 25.

26. Nomura denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 26.

## V. PERSONAL JURISDICTION

27. The allegations in Paragraph 27 purport to state legal conclusions to which no response is required. To the extent a response is required, Nomura denies the allegations in Paragraph 27.

28. Nomura admits the allegations in Paragraph 28.

29. Nomura denies the allegations in Paragraph 29.

30. Nomura denies the allegations in Paragraph 30.

31. Nomura denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 31 and respectfully refers the Court to the document cited therein for its true and complete contents.

32. Nomura denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 32 and respectfully refers the Court to the documents cited therein for their true and complete contents.

33. Nomura denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 33 and respectfully refers the Court to the document cited therein for its true and complete contents.

34. Nomura denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 34 and respectfully refers the Court to the document cited therein for its true and complete contents.

35. Nomura denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 35 and respectfully refers the Court to the documents cited therein for their true and complete contents.

36. Nomura denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 36.

37. Nomura denies the allegations in Paragraph 37.

38. Nomura denies the allegations in Paragraph 38.

39. Nomura denies the allegations in Paragraph 39.

40. Nomura denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 40 and respectfully refers the Court to the documents cited therein for their true and complete contents.

41. Nomura denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 41 and respectfully refers the Court to the documents cited therein for their true and complete contents.

42. Nomura denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 42 and respectfully refers the Court to the documents cited therein for their true and complete contents.

43. Nomura denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 43.

44. Nomura denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 44.

45. Nomura denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 45.

46. Nomura denies the allegations in Paragraph 46.

47. Nomura denies the allegations in Paragraph 47.

48. Nomura denies the allegations in Paragraph 48.

49. Nomura denies the allegations in Paragraph 49.

50. Nomura denies the allegations in Paragraph 50.

51. Nomura denies the allegations in Paragraph 51 and respectfully refers the Court to the documents cited therein for their true and complete contents.

52. The allegations in Paragraph 52 purport to state legal conclusions to which no response is required. To the extent a response is required, Nomura denies the allegations in Paragraph 52.

## VI. BLMIS, THE PONZI SCHEME, AND MADOFF'S INVESTMENT STRATEGY

### A. BLMIS

53. Nomura denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 53.

54. The allegations in Paragraph 54 purport to state legal conclusions to which no response is required. To the extent a response is required, Nomura denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 54.

55. Nomura denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 55.

56. Nomura denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 56.

57. Nomura denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 57.

58. Nomura denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 58.

### B. The Ponzi Scheme

59. Nomura denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 59.

60. Nomura denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 60.

61. Nomura denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 61.

62. Nomura denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 62.

Madoff's Investment Strategy

63. Nomura denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 63.

64.     Nomura denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 64.

65.     Nomura denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 65.

66.     Nomura denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 66.

67.     Nomura denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 67.

68.     Nomura denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 68.

69.     Nomura denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 69.

70.     Nomura denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 70.

71.     Nomura denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 71.

72.     Nomura denies the allegations in Paragraph 72.

### BLMIS's Fee Structure

73.     Nomura denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 73.

### BLMIS's Market Timing

74.     Nomura denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 74.

75.     Nomura denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 75.

76.     Nomura denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 76.

### BLMIS Execution

77.     Nomura denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 77.

          <u>No Evidence of BLMIS Trading</u>

78. Nomura denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 78.

79. Nomura denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 79.

          <u>The Collapse of The Ponzi Scheme</u>

80. Nomura denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 80.

81. Nomura denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 81.

82. Nomura denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 82.

## VII.   <u>RECOVERY OF SUBSEQUENT TRANSFERS TO NOMURA</u>

### A.   Initial Transfers from BLMIS to Harley

83. Nomura denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 83 and respectfully refers the Court to the document cited therein for its true and complete contents.

84. Nomura denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 84 and respectfully refers the Court to the document cited therein for its true and complete contents.

85. The allegations in Paragraph 85 purport to state legal conclusions to which no response is required. To the extent a response is required, Nomura denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 85.

86. The allegations in Paragraph 86 purport to state legal conclusions to which no response is required. To the extent a response is required, Nomura denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 86.

87. The allegations in Paragraph 87 purport to state legal conclusions to which no response is required. To the extent a response is required, Nomura denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 87.

88. The allegations in Paragraph 88 purport to state legal conclusions to which no response is required. To the extent a response is required, Nomura denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 88.

89. The allegations in Paragraph 89 purport to state legal conclusions to which no response is required. To the extent a response is required, Nomura denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 89.

90. Nomura denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 90.

91. Nomura denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 91.

### B. Subsequent Transfers from Harley to Nomura

92. The allegations in Paragraph 92 purport to state legal conclusions to which no response is required. To the extent that a response is required, Nomura denies the allegations in Paragraph 92 and respectfully refers the Court to the document cited therein for its true and complete contents.

93. Nomura admits the allegations in Paragraph 93.

94. The allegations in Paragraph 94 purport to state legal conclusions to which no response is required. To the extent a response is required, Nomura denies the allegations in Paragraph 94.

95. Nomura denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 95.

96. Nomura denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 96.

### COUNT ONE:
### RECOVERY OF SUBSEQUENT TRANSFERS - 11 U.S.C. §§ 105(a) AND 550(a)

97. Nomura incorporates by reference their responses to the allegations contained in each of the previous paragraphs of this Complaint as if fully rewritten in this paragraph.

98. Nomura denies the allegations in Paragraph 98.

99. Nomura denies the allegations in Paragraph 99.

100. Nomura denies the allegations in Paragraph 100.

### RESPONSE TO REQUEST FOR RELIEF

The Request for Relief sets forth legal conclusions to which no response is required. To the extent a response is required, Nomura denies that the Trustee is entitled to the requested relief or to any other relief.

## AFFIRMATIVE DEFENSES

Nomura assert the following defenses without assuming the burden of proof or persuasion as to any element of the Trustee's claims.

### FIRST DEFENSE

### Bankruptcy Code Safe Harbor (11 U.S.C. § 546(e))

The alleged subsequent transfers to Nomura, if any, may not be recovered because some or all of the alleged initial transfers (if any), are subject to the safe harbor in Section 546(e) of the Bankruptcy Code, 11 U.S.C. § 546(e).  Any such alleged initial transfers were (i) made by or to (or for the benefit of) a stockbroker, financial institution(s), financial participant(s), or other covered entity or entities; (ii) settlement payments and/or transfers made in connection with a securities contract (including any between BLMIS and Harley, Fairfield Sentry, or Fairfield Sigma, and/or between Harley, Fairfield Sentry, or Fairfield Sigma, and Nomura); and (iii) made more than two years before the petition date and are thus not recoverable under 11 U.S.C. § 548(a)(1)(A).  Because the alleged transfers are not avoidable, property received by Nomura as part of the alleged Fairfield Six-Year Transfers or Harley Six-Year Transfers, if any, is not recoverable from Nomura.  In addition, at the time of the alleged transfers from Harley, Fairfield Sentry, or Fairfield Sigma to Nomura, which are alleged to have been made more than two years before the petition date, Nomura took any funds received from Harley, Fairfield Sentry, or Fairfield Sigma for value and in good faith, and Nomura had no actual knowledge that Madoff or BLMIS were not trading securities or that they were perpetrating a Ponzi scheme.

### SECOND DEFENSE

### No Customer Property (15 U.S.C. § 78fff-2(c)(3))

The alleged transfers Nomura received from Harley, Fairfield Sentry, or Fairfield Sigma did not constitute BLMIS customer property and therefore may not be recovered.  On

information and belief, and as set forth in Nomura's August 26, 2022 Memorandum of Law in Support of Nomura International PLC's Motion to Dismiss (the "Motion to Dismiss"), Dkt. 95, some or all of the redemption payments Nomura received could not have been sourced from BLMIS customer property because prior allegedly avoidable transfers from BLMIS to Fairfield Sentry had been distributed by Fairfield Sentry or Fairfield Sigma to their affiliates or other institutions or individuals prior to any transfers to Nomura.

### THIRD DEFENSE

### Proceeds Not Recoverable

In the alternative, to the extent that the property, if any, that Nomura received from Fairfield Sentry or Fairfield Sigma was proceeds of Customer Property that BLMIS transferred to Harley, Fairfield Sentry, or Fairfield Sigma, it is not recoverable by the Trustee from Nomura under section 550(a)(2) of the Bankruptcy Code.

### FOURTH DEFENSE

### For Value, in Good Faith, and Without Knowledge of Voidability (11 U.S.C. § 550(b))

Nomura took any funds they received from Harley, Fairfield Sentry, or Fairfield Sigma for value, in good faith, and without knowledge of the voidability of any alleged initial transfers from BLMIS to Harley, Fairfield Sentry, or Fairfield Sigma, and thus the alleged transfers to Nomura, if any, may not be recovered pursuant to 11 U.S.C. § 550(b).

Nomura took for value because the alleged transfers they received from Harley, Fairfield Sentry, or Fairfield Sigma, if any, were made in exchange for Nomura' surrender of their shares in Harley, Fairfield Sentry, or Fairfield Sigma.

Nomura did not have actual knowledge of any fraudulent purpose behind the alleged transfers they received, if any. Nomura did not know facts that would have prompted a reasonable person or entity in their position to conduct further inquiry into whether there was any

10

fraudulent purpose behind any alleged transfers, whether Madoff was engaged in a Ponzi scheme, or any other subject. Even if Nomura had been on inquiry notice of a Ponzi scheme or some other possible fraudulent purpose behind any alleged transfers they received, a diligent inquiry by Nomura would not have discovered such facts. Other entities, including the United States Securities and Exchange Commission, with greater investigatory tools and resources than Nomura, and with more access to BLMIS personnel and documentation than Nomura, repeatedly examined and investigated BLMIS but failed to uncover Madoff's fraud before December 2008. Nomura did not have the ability to compel the production of information from third parties that would have been necessary to establish that BLMIS was committing fraud. Diligent inquiry by Nomura would not have discovered the fraudulent purpose of any alleged transfers.

Nomura did not have knowledge of the voidability of any alleged transfers from BLMIS to Harley, Fairfield Sentry, or Fairfield Sigma when they received the alleged subsequent transfers, if any.

**FIFTH DEFENSE**

**Lack of Subject Matter Jurisdiction**
**(U.S. Const. art. III; Fed. R. Civ. P. 12(b)(1); Fed. R. Bankr. P. 7012(b))**

This Court lacks jurisdiction under Article III of the U.S. Constitution to enter final orders or judgment in this proceeding.

**SIXTH DEFENSE**

**Lack of Personal Jurisdiction**
**(Fed. R. Civ. P. 12(b)(2); Fed. R. Bankr. P. 7012(b))**

This Court lacks personal jurisdiction over Nomura, including for each of the reasons stated in the Motion to Dismiss, and proceedings thereon, and Nomura has not consented to a decision by this Court or this Court's authority to hear and determine the action.

11

## SEVENTH DEFENSE

**Failure to State a Claim (Fed. R. Civ. P. 12(b)(6); Fed. R. Bankr. P. 7012(b))**

The Complaint fails to state a claim upon which relief can be granted, including for each of the reasons stated in the Motion to Dismiss, and proceedings thereon.

## EIGHTH DEFENSE

**Initial Transfer Not Avoided (11 U.S.C. § 550(a))**

The Trustee may not recover the alleged transfers from Fairfield Sentry or Fairfield Sigma to Nomura, if any, to the extent that he has not avoided the alleged initial transfers from BLMIS to Harley, Fairfield Sentry, or Fairfield Sigma.

## NINTH DEFENSE

**No Ponzi Scheme Presumption**

The Trustee may not rely on a "Ponzi scheme presumption" to prove that the alleged initial transfers from BLMIS to Harley, Fairfield Sentry, or Fairfield Sigma that he seeks to recover from Nomura were made with actual intent to hinder, delay, or defraud any BLMIS creditor.

## TENTH DEFENSE

**Harley, Fairfield Sentry, or Fairfield Sigma as Initial Transferee—Mere Conduit Defense**

To the extent that Harley, Fairfield Sentry, or Fairfield Sigma were mere conduits any claimed transfers were initial transfers from BLMIS to Nomura, and some or all of the redemptions received by Nomura were initial transfers from BLMIS to Nomura that are subject to the safe harbor under 11 U.S.C. § 546(e); any Trustee proceeding to avoid the alleged transfers is untimely; and Nomura may retain the amount they received, if any, pursuant to 11 U.S.C. § 548(c) and 11 U.S.C. § 548(d)(2)(B) because they took any alleged transfers for value and in good faith. Furthermore, Nomura were mere conduits for transfers made by BLMIS,

12

Harley, Fairfield Sentry, or Fairfield Sigma, with the real beneficiaries and entities controlling the proceeds of such transfers being customers or clients of Nomura, and Nomura therefore cannot be compelled to return such transfers (if any).

## ELEVENTH DEFENSE

### New York Debtor and Creditor Law

The Trustee's claims are barred, in whole or in part, because the Trustee failed to plead all of the elements of fraudulent transfer under section 544 of the Bankruptcy Code and sections 273, 274, 275, 276, 276-a, 278 and/or 279 of the New York Debtor and Creditor Law with sufficient particularity and factual support.

## TWELFTH DEFENSE

### Section 278(1) of New York Debtor and Creditor Law

The Trustee's claims are barred, in whole or in part, because the alleged Harley, Fairfield Sentry, or Fairfield Sigma Initial Transfers were taken, if at all, for fair consideration and without knowledge of the fraud, as provided by section 278(1) of the New York Debtor and Creditor Law.

## THIRTEENTH DEFENSE

### Section 278(2) of New York Debtor and Creditor Law

The Trustee's claims are barred, in whole or in part, because the alleged Harley, Fairfield Sentry, or Fairfield Sigma Initial Transfers were taken, if at all, without actual fraudulent intent and for fair consideration, as provided by section 278(2) of the New York Debtor and Creditor Law.

13

## FOURTEENTH DEFENSE

### Sufficient SIPC Funds

The Trustee's claims should be dismissed if Plaintiff has recovered, or during the pendency of this action recovers, sufficient funds to reimburse SIPC for all payments that SIPC has made to satisfy allowed claims of BLMIS customers.

## FIFTEENTH DEFENSE

### Failure to Mitigate

The Trustee's claims are barred, in whole or part, because Plaintiff has failed to mitigate, minimize or avoid damages, if any.

## SIXTEENTH DEFENSE

### British Virgin Island Proceedings

The Trustee's claims are barred, in whole or in part, based upon rulings, judgments, orders, or decisions entered in the liquidation proceedings of Harley, Fairfield Sentry, or Fairfield Sigma before the Commercial Division of the Eastern Caribbean High Court of Justice, British Virgin Islands, including any related appellate rulings, judgments, orders, or decisions.

## SEVENTEENTH DEFENSE

### No Interest

The Trustee is not entitled to an award of interest.

## EIGHTEENTH DEFENSE

### Statute of Limitations

The Trustee's claim is barred by the statute of limitations.

### NINETEENTH DEFENSE

### Estoppel

The Trustee's claim is barred by estoppel.

### TWENTIETH DEFENSE

### Unreasonable Delay/Laches

The Trustee's delay in bringing and prosecuting his claim, which was brought more than a decade ago, lay dormant for years and concerns alleged transfers made nearly 20 years ago, is unreasonable and unfairly prejudices Nomura' abilities to defend themselves, including, without limit, with respect to any claim by the Trustee for interest accruing from and after the date of the filing of the Complaint.

### TWENTY-FIRST DEFENSE

### Violation of Due Process (U.S. Const. Amend. V)

The use of the doctrine of law of the case to apply to Nomura' rulings made in other adversary proceedings to which it was not a party and in which it did not participate violate Nomura' right to due process of law as guaranteed by the Fifth Amendment to the U.S. Constitution.

### TWENTY-SECOND DEFENSE

### Single Satisfaction (11 U.S.C. § 550(d))

Pursuant to 11 U.S.C. § 550(d), the Trustee may not recover any alleged subsequent transfer from Nomura to the extent he has recovered the amount or value of the initial transfers from Harley, Fairfield Sentry, or Fairfield Sigma or any other immediate or mediate transferee, including if the amount of the avoided initial transfers is included in the alleged Customer Property that the Trustee alleges Nomura received.

15

## TWENTY-THIRD DEFENSE

### Preservation of Rights (11 U.S.C. § 502(h))

To the extent the Trustee recovers from Nomura, Nomura reserve their right to assert a claim arising from such recovery under 11 U.S.C. § 502(h).

## TWENTY-FOURTH DEFENSE

### Double Recovery

On May 9, 2011, the Trustee entered into a Settlement Agreement (the "Fairfield Settlement Agreement") with the Liquidators of Fairfield Sentry or Fairfield Sigma Limited and other Fairfield funds.

This Court approved the Fairfield Settlement Agreement on June 7, 2011 and it was incorporated into the consent judgment entered against Fairfield Sentry or Fairfield Sigma on July 13, 2011. The Fairfield Settlement Agreement provides for the sharing of recoveries on the Trustee's and the Liquidators' claims for recovery of property that Fairfield Sentry or Fairfield Sigma transferred. To the extent that the Liquidators recover from Nomura in settlement or otherwise, the Trustee is barred from recovering on the ground that he is not entitled to double recovery, nor should Nomura be subject to recovery of identical funds from two separate entities.

## TWENTY-FIFTH DEFENSE

### Extraterritoriality

The Trustee's recovery from Nomura of any transfer from Harley, Fairfield Sentry, or Fairfield Sigma would constitute an impermissible extraterritorial application of U.S. law.

16

### TWENTY-SIXTH DEFENSE

### Comity

The Trustee's recovery from Nomura of any transfer from Harley, Fairfield Sentry, or Fairfield Sigma would violate principles of comity.

### JURY DEMAND

Nomura demands a trial by jury on all issues that may be tried by a jury.

### RESERVATION OF RIGHTS

Nomura has not knowingly or intentionally waived any applicable defenses. Nomura expressly reserves the right to amend or supplement this Answer and Affirmative Defenses. Nomura reserves the right to assert other and additional defenses, cross-claims, and third-party claims not asserted herein for which they become aware through discovery or other investigation as may be appropriate at a later time.

### STATEMENT PURSUANT TO FED. R. BANKR. P. 7012(B)

Nomura does not consent to entry of final orders or judgment by the Bankruptcy Court.

### DEFENDANTS' REQUEST FOR RELIEF

WHEREFORE, Nomura requests judgment dismissing the Complaint with prejudice, together with an award of attorneys' fees, costs, disbursements, and such other relief as the Court deems just and appropriate.

| | |
|---|---|
| Dated:  June 19, 2023<br>New York, New York | SHEARMAN & STERLING LLP<br><br>By: */s/ Jeffrey Resetarits*<br>    Jeffrey Resetarits<br>    Randall Martin<br>    599 Lexington Avenue<br>    New York, NY 10022-6069<br>    Telephone:  (212) 848-4000<br>    Facsimile:  (646) 848-7174<br><br>*Attorneys for Nomura International plc* |