UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                Defendant. | Adv. Pro. No. 08-01789 (CGM)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>                Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff,<br><br>                Plaintiff,<br><br>v.<br><br>LION GLOBAL INVESTORS LIMITED,<br><br>                Defendant. | Adv. Pro. No. 11-02540 (CGM) |

**MOTION FOR THE ISSUANCE OF LETTER OF REQUEST**

1. Irving H. Picard (the "Trustee"), trustee for the liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS"), under the Securities Investor Protection Act ("SIPA"), substantively consolidated with the Chapter 7 estate of Bernard L. Madoff, through the Trustee's attorneys, Baker & Hostetler, respectfully submits this Motion for Issuance of a Letter of Request for International Judicial Assistance to the judicial authorities of Singapore for the examination of Peter Michael Heng, a resident of Singapore.

2. This application is made pursuant to 28 U.S.C. §1781, this Court's inherent authority, and in light of the comity between the United States and Singapore. Service will be effected pursuant to the *Hague Convention of 18 March 1970 of the Taking of Evidence Abroad in Civil or Commercial Matters*, to which the United States and Singapore are signatories.

3. The Hague Convention authorizes this Court to issue the Letter of Request. *See Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct. for S. Dist. of Iowa*, 482 U.S. 522, 535, (1987) (stating that "a judicial authority in one contracting state 'may' forward a letter of request to the competent authority in another contracting state for the purpose of obtaining evidence"); 28 U.S.C. § 1781(b)(2) (permitting "the transmittal of a letter rogatory or request directly from a tribunal in the United States to the foreign or international tribunal, officer, or agency to whom it is addressed and its return in the same manner"). Also, an "application for a letter of request to take testimony pursuant to the Hague Convention is an appropriate mechanism for obtaining discovery of a non-party witness in a foreign country." *Elliott Assocs. v. Republic of Peru*, No. 96 CIV. 7916 (RWS), 1997 WL 436493, at *2 (S.D.N.Y. Aug. 1, 1997).

4. Mr. Heng is a foreign citizen and a non-party. Thus, the Letter of Request provides the only means of compelling testimony from him.

**Factual Background**

5. This adversary proceeding arises from the infamous Ponzi scheme orchestrated by Bernard L. Madoff ("Madoff"). Madoff was the sole owner, founder, chairman, and chief executive officer of BLMIS. Madoff, through the investment advisory business of BLMIS, conducted a decades-long Ponzi scheme of breathtaking scale. *See* Trustee's Complaint filed on August 18, 2011, ¶¶ 23-33 (ECF No.1).

6. Lion Global Investors Limited ("Lion Global") is a Singapore public limited company operating as a manager of investment funds with its principal place of business in Singapore. *Id*. at ¶ 22.

7. Lion Global is a member of the Oversea-Chinese Banking Corporation Limited Group ("OCBC"), one of the largest asset management companies in Southeast Asia. Lion Global has evolved from several predecessor entities. An explanation of the evolution follows.

8. In 1986, OCBC established an asset management division called OCBC-SIMBL Investment Management Limited, which was then renamed OCBC Asset Management Limited in 1989.

9. In 1996, Great Eastern Holdings, a subsidiary of OCBC, formed an asset management division named Straits Lion Asset Management Limited ("Straits Lion").

10. Related to this action, in 2003, Fairfield Greenwich Group ("FGG") and Straits Lion, formed a joint venture named Fairfield Straits Lion Asset Management Limited (the "Joint Venture"), a hedge fund management and distribution platform in Asia for FGG-managed funds including Fairfield Sentry Limited, a BLMIS feeder fund that placed virtually all of its funds with BLMIS. FGG owned 35% of the Joint Venture and Straits Lion owned 65%. FGG served as the investment manager for the Joint Venture, and Straits Lion as the investment adviser. In 2006, the Joint Venture was renamed Lion Fairfield Capital Management Limited.

11. In 2005, OCBC Asset Management Limited acquired Straits Lion and later changed its name to Lion Capital Management Limited ("Lion Capital"). In 2008, Lion Capital was renamed Lion Global.

12. In 2007, Straits Lion began the process of voluntary liquidation, which concluded in September 2008 following its sale to OCBC Asset Management Limited.

13. In March and April 2005, $50 million was subscribed into Fairfield Sentry.

14. The Trustee alleges that in July 2005, the entire investment in Fairfield Sentry was redeemed and $50,583,443 in subsequent transfers of BLMIS customer property was transferred from Fairfield Sentry to Defendant. *Id.* at ¶¶ 41-43.

15. The Trustee asserts claims under SIPA and the United States Bankruptcy Code to recover these transfers for their equitable distribution to Madoff's customers. *Id.* at ¶¶ 44-48.

**Mr. Heng Has Relevant Knowledge**

16. Mr. Heng was previously employed by Lion Global's predecessor, Straits Lion as the Chief Investment Officer from August 1999 through June 2006. Mr. Heng was employed at Straits Lion when the subscriptions into and the redemptions from Fairfield Sentry were made.

17. Mr. Heng also served as a Director for the Joint Venture. Through jurisdictional discovery, the Trustee has learned that the Joint Venture was involved in the investment activity relevant to the claims asserted in this action.

18. Mr. Heng's testimony is directly relevant to Straits Lion's Fairfield Sentry investment activities at issue in this action. He was integrally involved with the subscription process. Defendant produced documents to the Trustee which showed that Mr. Heng signed subscription agreements for the relevant subscriptions in Fairfield Sentry. He also regularly engaged in communications concerning investments.

19. Mr. Heng's testimony is expected to provide critical evidence concerning the continuing nature of the corporate transitions of Straits Lion to Lion Global. His testimony is also

4

expected provide evidence on the resulting impact of the entities' obligations and liabilities through the entities' evolution. Due to Mr. Heng's experience and involvement, he possesses sufficient knowledge to provide evidence relating to these specific issues.

20. Mr. Heng's testimony is expected to support the ongoing jurisdictional analysis that includes Straits Lion's various contacts with Fairfield Sentry, FGG, and the United States.

21. The Letter of Request is part of the Trustee's efforts to obtain testimony regarding personal jurisdiction. The testimony sought is directly relevant to the Trustee's allegations in the ongoing proceedings and is expected to support the Trustee's assertion of personal jurisdiction as well as his claims to avoid and recover fraudulent transfers received from BLMIS. This evidence is essential for the Trustee to fulfill his statutory mandate to maximize recovery of customer property for the ultimate benefit of all of Madoff's defrauded victims.

22. For the above reasons, the Trustee believes that the Proposed Letter of Request (Exhibit A) is just and appropriate and respectfully requests that the Court issue the Letter of Request to the indicated Judicial Authority.

Date:   June 23, 2023
        New York, New York

By: */s/ Robertson D. Beckerlegge*
**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY  10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Robertson D. Beckerlegge
Email: rbeckerlegge@bakerlaw.com
Eric R. Fish
Email: efish@bakerlaw.com

Alexa A. D'Angelo
Email: adangelo@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff*