UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                    Plaintiff,<br><br>                    v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                    Defendant.<br><br>In re:<br><br>BERNARD L. MADOFF,<br><br>                  Debtor. | Adv. Pro. No. 08-01789 (CGM)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |

**FINAL APPLICATION OF LUKINS & ANNIS P.S. AS SPECIAL COUNSEL TO THE TRUSTEE FOR ALLOWANCE OF INTERIM COMPENSATION FOR SERVICES RENDERED FROM AUGUST 1, 2022 THROUGH MARCH 31, 2023 AND FOR <u>RELEASE OF FEES HELD BACK</u>**

Lukins & Anis P.S. ("Lukins"), special counsel for Irving H. Picard (the "Trustee"), Trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act of 1970, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA"), and Bernard L. Madoff, submits this Application for interim compensation of legal fees in the amount of $102.00 for the period from August 1, 2022 through March 31, 2023 (the "Compensation Period"). Moreover, because Lukins has ceased to act as special counsel to the Trustee, it seeks release of fees previously held back ("Holdback") in the amount of $1,461.87. In support of the Application, Lukins respectfully submits as follows:

## I. BACKGROUND

1.   On December 15, 2008, Judge Stanton of the United States District Court for the Southern District of New York, upon application filed on the same date by the Securities Investor Protection Corporation ("SIPC"), entered an order calling for the liquidation of BLMIS in accordance with SIPA and appointing the Trustee as BLMIS's trustee.

2.   BLMIS's liquidation proceeding was removed to this Court pursuant to SIPA § 78eee(b)(4), and, pursuant to SIPA § 78fff(b), is being conducted as though it were a case under chapters 1, 3, and 5 and subchapters I and II of chapter 7 of title 11 of the United States Code.

3.   On October 12, 2021, this Court entered an order approving the Trustee's motion to retain Lukins, *nunc pro tunc* as of September 26, 2021, as special counsel to the Trustee.

4.   The Trustee's motion to retain Lukins established a fee arrangement pursuant to which Lukins agreed to a fee reduction in the amount of 10%. Lukins also agreed to an additional holdback of fees in the amount of 20%, which will remain in effect until the conclusion of the liquidation period or the completion of Lukins' service to the Trustee.

## II. SERVICES RENDERED BY LUKINS

5.   The legal services performed by Lukins on behalf of the Trustee during the time period covered by this Application are as follows:

6.   Lukins has assisted the Trustee in matters related to the laws of Idaho.

## III. COMPENSATION REQUESTED

7.   The Application demonstrates how Lukins has both added value to BLMIS's estate and advanced BLMIS's liquidation proceeding.

8. Lukins has been mindful of the need to avoid undue legal fees in this case and has taken all reasonable steps to provide cost-effective representation while rendering services with the highest degree of skill and professionalism.

9. From August 1, 2022 through March 31, 2023, Lukins provided a total of 0.40 hours of legal services to the Trustee in this case. Prior to the 10% discount, the total amount of fees incurred in this time period was $113.33 and the total blended rate for professional services was $283.32/hour. After the 10% discount, the total amount of fees incurred is $102.00 and the total blended rate is $254.99/hour.

10. A breakdown of the total number of hours performed by each Lukins timekeeper is provided in **Exhibit A** attached hereto.

### IV. RELEASE OF THE HOLDBACK

11. The Trustee's motion to retain Lukins established a Holdback fee arrangement in which 20% of the approved compensation is deferred until further order of the Court.

12. Since Lukins will no longer act as special counsel for the Trustee following the determination of this application, Lukins seeks a release of the entire Holdback upon the consent and approval of SIPC.

13. SIPC has advised Lukins that it will file a recommendation in support of the fees and expenses in this Application and the release of the Holdback in the amount of $1,461.87 for Lukins.

14. Lukins respectfully requests that this Court authorize the release of the Holdback payment to Lukins in the amount of $1,461.87, as supported by SIPC.

3

## V. GENERAL MATTERS

15. All of the professional services for which compensation is requested herein were performed by Lukins for and on behalf of the Trustee, and not on behalf of any other person or entity.

16. No agreement or understanding exists between Lukins and any other person for sharing compensation received in connection with this case, nor has any other person or entity agreed to provide Lukins with compensation for the legal services described herein.

17. SIPA § 78eee(b)(5)(A) provides in pertinent part that, upon appropriate application and after a hearing, "[t]he court shall grant reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred . . . by a trustee, and by the attorney for such a trustee." SIPA § 78eee(b)(5)(C) specifically establishes SIPC's role in connection with applications for compensation and the consideration the Court should give to SIPC's recommendation concerning fees, providing as follows:

> In any case in which such allowances are to be paid by SIPC without reasonable expectation of recoupment thereof as provided in this chapter and there is no difference between the amounts requested and the amounts recommended by SIPC, the court shall award the amounts recommended by SIPC. In determining the amount of allowances in all other cases, the court shall give due consideration to the nature, extent, and value of the services rendered, and shall place considerable reliance on the recommendation of SIPC.

SIPA § 78eee(b)(5)(C).

18. To the extent the general estate is insufficient to pay such allowances as an expense of administration, SIPA § 78eee(b)(5)(E) requires SIPC to advance the funds necessary to pay the compensation of Lukins. *See also* SIPA § 78fff-3(b)(2).

19. At this time, the Trustee has determined that he has no reasonable expectation that the general estate will be sufficient to make a distribution to general creditors or pay administrative expenses. SIPC has advised the Trustee that it concurs with this determination.

4

Accordingly, any fees and expenses allowed by this Court will be paid from advances by SIPC without any reasonable expectation by SIPC of recoupment thereof.

20. Therefore, with respect to this Application, Lukins requests that, consistent with SIPA § 78eee(b)(5)(C), the Court "shall award the amounts recommended by SIPC." *See McGraw v. Betz (In re Bell & Beckwith)*, 112 B.R. 876 (Bankr. N.D. Ohio 1990). Lukins expects that SIPC's recommendation in support of the relief sought by this Application will be filed with this Court separately.

**WHEREFORE**, Lukins respectfully requests that this Court enter an Order:

a. Granting this Application; and

b. Allowing and awarding $102.00 for professional services rendered by Lukins to the Trustee from August 1, 2022 through March 31, 2023; and

c. Releasing $1,461.87 to Lukins from the Holdback for prior compensation periods; and

d. Granting Lukins such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: June 28, 2023

Lukins & Annis, P.S.

By: */s/ Michael Schmidt*

Lukins & Annis, P.S.
601 E Front Ave, Suite 303
Coeur d'Alene, ID 83814
Telephone: (208) 666-4102

5

## EXHIBIT A

### SUMMARY OF INTERIM FEE APPLICATION
### OF LUKINS FOR SERVICES RENDERED
### FOR THE PERIOD AUGUST 1, 2022 THROUGH MARCH 31, 2023

|  | **HOURLY RATE** | **TOTAL HOURS BILLED** | **TOTAL COMPENSATION** |
|---|---|---|---|
| Jonathon D. Hallin | $283.32 | 0.40 | $113.33 |
|  |  |  |  |
| Total: | $283.32 | 0.40 | $113.33 |
| Total minus 10% Discount | $254.99 |  | $102.00 |
| Release of the Holdback |  |  | $1,461.87 |
| **Total Compensation to be Paid** |  |  | **$1,563.87** |