**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>　　　　　　　　Defendant.<br><br>In re:<br><br>BERNARD L. MADOFF,<br><br>　　　　　　　　Debtor. | Adv. Pro. No. 08-01789 (CGM)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |

**APPLICATION OF WERDER VIGANO AS SPECIAL COUNSEL TO THE TRUSTEE FOR ALLOWANCE OF INTERIM COMPENSATION FOR SERVICES RENDERED FROM DECEMBER 1, 2022 THROUGH MARCH 31, 2023 AND FOR <u>RELEASE OF A PORTION OF FEES HELD BACK</u>**

Sven Luescher, together with other members and associates at the law firm of Werder Vigano (collectively, "Werder Vigano"), special counsel for Irving H. Picard (the "Trustee"), Trustee for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS" or "Debtor") under the Securities Investor Protection Act of 1970, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA"), and Bernard L. Madoff, submits this Application for interim compensation of legal fees in the amount of $2,086.28 (of which 20% is to be deferred until the conclusion of the liquidation period) for the period from December 1, 2022 through March 31, 2023 (the "Compensation Period") and the release of $1,211.97 (which represents a portion of fees held back). In support of the Application, Werder Vigano respectfully submits as follows:

## I. BACKGROUND

1.     On December 15, 2008, Judge Stanton of the United States District Court for the Southern District of New York, upon application filed on the same date by the Securities Investor Protection Corporation ("SIPC"), entered an order calling for the liquidation of BLMIS in accordance with SIPA and appointing the Trustee as BLMIS's trustee.

2.     BLMIS's liquidation proceeding was removed to this Court pursuant to SIPA § 78eee(b)(4), and, pursuant to SIPA § 78fff(b), is being conducted as though it were a case under chapters 1, 3, and 5 and subchapters I and II of chapter 7 of title 11 of the United States Code.

3.     Beginning on March 11, 2010, Werder Vigano has served as special counsel for the Trustee.

4.     On September 13, 2010, this Court entered an order approving the Trustee's motion for authority to retain Werder Vigano, *nunc pro tunc* as of March 11, 2010, as special counsel to the Trustee in all matters pertaining to Swiss law.

5.     The Trustee's motion to retain Werder Vigano established a fee arrangement pursuant to which Werder Vigano agreed to a fee reduction in the amount of 10% as well as an additional holdback of fees in the amount of 20% ("Holdback").

## II. SERVICES RENDERED BY WERDER VIGANO

6.     The legal services performed by Werder Vigano on behalf of the Trustee during the time period covered by this Application are as follows:

7.     Werder Vigano represented the Trustee in BLMIS-related legal proceedings in Switzerland.

## III. COMPENSATION REQUESTED

8.     The Application demonstrates how Werder Vigano has both added value to BLMIS's estate and advanced BLMIS's SIPA liquidation proceeding.

9. Werder Vigano has been mindful of the need to avoid undue legal fees in this case and has taken all reasonable steps to provide cost-effective representation while rendering services with the highest degree of skill and professionalism. To that end, Werder Vigano has staffed this matter leanly and endeavored to eliminate duplication of efforts by giving primary responsibility of the case to one partner, Sven Luescher.

10. From December 1, 2022 through March 31, 2023, Werder Vigano provided a total of 4.50 hours of legal services to the Trustee in this case. Prior to the 10% discount, the total amount of fees incurred in this time period was $2,318.09 and the total blended rate for professional services was $515.13/hour. After the 10% discount, the total amount of fees incurred is $2,086.28 and the total blended rate is $463.62/hour. Werder Vigano has agreed to a further holdback of 20% of its fees in the amount of $417.26, resulting in the present request for compensation in the amount of $1,669.02.

11. A breakdown of the total number of hours performed by each Werder Vigano timekeeper is provided on **Exhibit A** annexed hereto.

### IV. WERDER RELEASE OF THE HOLDBACK

12. For prior compensation periods, the amount of the Holdback for Werder Vigano's fees is $2,423.95. Werder Vigano seeks a release of the Holdback in the amount of $1,211.97 upon the support of SIPC.

13. SIPC has advised that it will file a recommendation in support of the fees and expenses in this Application and the release of the Holdback in the amount of $1,211.97 for Werder Vigano.

14. Hence, Werder Vigano respectfully requests that this Court authorize the release of the Holdback payment to Werder Vigano in the amount of $1,211.97, as supported by SIPC.

## V. GENERAL MATTERS

15. All of the professional services for which compensation is requested herein were performed by Werder Vigano for and on behalf of the Trustee and not on behalf of any other person or entity.

16. No agreement or understanding exists between Werder Vigano and any other person for sharing compensation received in connection with this case nor has any other person or entity agreed to provide Werder Vigano with compensation for the legal services described herein.

17. Section 78eee(b)(5)(A) of SIPA provides in pertinent part that, upon appropriate application and after a hearing, "[t]he court shall grant reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred . . . by a trustee, and by the attorney for such a trustee." Section 78eee(b)(5)(C) of SIPA specifically establishes SIPC's role in connection with applications for compensation and the consideration the Court should give to SIPC's recommendation concerning fees. That section provides as follows:

> In any case in which such allowances are to be paid by SIPC without reasonable expectation of recoupment thereof as provided in this chapter and there is no difference between the amounts requested and the amounts recommended by SIPC, the court shall award the amounts recommended by SIPC. In determining the amount of allowances in all other cases, the court shall give due consideration to the nature, extent, and value of the services rendered, and shall place considerable reliance on the recommendation of SIPC.

SIPA § 78eee(b)(5)(C).

18. To the extent the general estate is insufficient to pay such allowances as an expense of administration, SIPA § 78eee(b)(5)(E) requires SIPC to advance the funds necessary to pay the compensation of Werder Vigano (*see* SIPA § 78fff-3(b)(2)).

19. The Trustee has determined, at this time, that he has no reasonable expectation that the general estate will be sufficient to make a distribution to general creditors or pay

4

administrative expenses. The Trustee has been advised by SIPC that it concurs in this belief of the Trustee. Accordingly, any fees and expenses allowed by this Court will be paid from advances by SIPC without any reasonable expectation by SIPC of recoupment thereof.

20. Therefore, with respect to this Application, Werder Vigano requests that consistent with section 78eee(b)(5)(C) of SIPA, the Court "shall award the amounts recommended by SIPC." *See In re Bell & Beckwith*, 112 B.R. 876 (Bankr. N.D. Ohio 1990). Werder Vigano expects that SIPC's recommendation shall be filed with this Court separately.

**WHEREFORE**, Werder Vigano respectfully requests that this Court enter an Order:

a. Granting this Application; and

b. Allowing and awarding $2,086.28, of which $1,669.02 is to be paid currently and $417.26 is to be held back through the conclusion of the liquidation period or until further order of the Court, as an interim payment for professional services rendered by Werder Vigano to the Trustee from December 1, 2022 through March 31, 2023; and

c. Releasing $1,211.97 to Werder Vigano from the Holdback for prior compensation periods; and

5

    d.    Granting Werder Vigano such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: June 28, 2023

Werder Vigano

By: */s/ Sven Luescher*
Sven Luescher
Bahnhofstrasse 64
8001 Zurich
Switzerland
Telephone: +41 44 208 2000
Fax:  +41 44 208 2008

**EXHIBIT A**
**SUMMARY OF INTERIM COMPENSATION FOR WERDER VIGANO OF MBK FOR SERVICES RENDERED FOR THE PERIOD FROM DECEMBER 1, 2022 THROUGH MARCH 31, 2023**

|  | **HOURLY RATE** | **TOTAL HOURS BILLED** | **TOTAL COMPENSATION** |
|---|---|---|---|
| Andreas Mikos | $515.13 | 3.30 | $1,699.93 |
| Sven Luscher | $515.13 | 1.20 | $618.16 |
|  |  |  |  |
| Total: | $515.13 | 4.50 | $2,318.09 |
| Total minus 10% Discount | $463.62 |  | $2,086.28 |
| Total Net of 20% Holdback: |  |  | $1,669.02 |
| Holdback for Prior and Current Compensation Periods |  |  | $2,423.95 |
| Release of the Holdback |  |  | $1,211.97 |
| **Total Compensation to be Paid** |  |  | **$2,880.99** |

7