**OLSHAN FROME WOLOSKY LLP**
Thomas J. Fleming Esq.
Jonathan T. Koevary, Esq.
1325 Avenue of the Americas
New York, New York 10019
(212) 451-2300
*Counsel to Defendants*

**Hearing Date: September 20, 2023 at 10:00 a.m.**
**Objection Deadline: August 16, 2023**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>        Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>        Defendant. | Case No. 08-01789 (CGM)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated)<br><br>**NOTICE OF DEFENDANTS' MOTION TO DISMISS COMPLAINT PURSUANT TO RULE 7012(b) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE** |
| In re:<br><br>BERNARD L. MADOFF,<br><br>        Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff,<br><br>        Plaintiff,<br><br>v.<br><br>MALCOLM SAGE and LYNNE FLORIO,<br><br>        Defendants. | Adv. Pro No. 23-01099 (CGM) |

**PLEASE TAKE NOTICE**, that defendants Malcolm Sage and Lynne Florio, by and through counsel, will move (the "Motion") to dismiss the complaint in the above-captioned adversary proceeding (No. 23-01099 (CGM)) before the Honorable Cecelia G. Morris, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), One Bowling Green, Courtroom 621, New York, NY 10004, on **September 20, 2023 at 10:00 a.m. (ET)** or as soon thereafter as Counsel may be heard.

**PLEASE TAKE FURTHER NOTICE**, that objections if any, shall be in writing, shall conform to the Bankruptcy Code, the Bankruptcy Rules and Local Rules of the United States Bankruptcy Court for the Southern District of New York and shall be filed and served as follows, so as to be received no later than **August 16, 2023** and such objections shall further  (i) be filed with the Clerk of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004; (ii) be submitted in hard-copy form directly to the chambers of the Honorable Cecelia G. Morris, United States Bankruptcy Judge, at the Bankruptcy Court, One Bowling Green, New York, New York 10004 in accordance with Local Bankruptcy Rule 9070-1; and (iii) be served upon counsel to Defendants, Olshan Frome Wolosky LLP, 1325 Avenue of Americas, New York, New York 10019 Attn: Thomas J. Fleming (tfleming@olshanlaw.com) and Jonathan T. Koevary Esq (jkoevary@olshanlaw.com).

**PLEASE TAKE FURTHER NOTICE,** that the Hearing before Bankruptcy Judge Morris will be held via Zoom for Government. Any party that wishes to appear at the Zoom Hearing, whether making a "live" or "listen only" appearance before the Court, needs to register by **September 18, 2023 at 4:00 p.m. (ET)** an electronic appearance by going to Judge Morris's chambers page on the Court website, https://www.nysb.uscourts.gov/content/chief-judge-cecelia-

g-morris, and clicking on the "eCourtAppearances" tab. The Hearing may be adjourned, from time to time, by announcement in open Court without any further or other notice thereof.

      **PLEASE TAKE FURTHER NOTICE,** that pursuant to Rule 7012(b) of the Federal Rules of Bankruptcy Procedure, the Defendants do not consent to entry of final orders or judgment by the Bankruptcy Court.

Dated: New York, New York
      June 30, 2023

                      OLSHAN FROME WOLOSKY LLP

                    By:  /s/ Jonathan T. Koevary
                        Thomas J. Fleming Esq.
                        Jonathan T. Koevary, Esq.
                        1325 Avenue of the Americas
                        New York, New York 10019
                        (212) 451-2300
                        *Counsel to Defendants*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORP., | Adv. Pro. No. 08-01789 (CGM) |
| Plaintiff | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INV. SEC. LLC, | |
| Defendant. | |
| Irving Picard, Trustee, | Adv. Pro No. 23-01099 (CGM) |
| Plaintiff, | |
| v. | |
| Malcom Sage and Lynne Florio, | |
| Defendants. | |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT

OLSHAN FROME WOLOSKY LLP
1325 Avenue of the Americas
New York, New York 10019
(212) 451-2300

*Attorneys for Defendants Malcolm Sage and Lynne Florio*

Table of Contents

Page

Preliminary Statement.......................................................................................................1

Statement Pursuant to Fed R. Bankr. P. 7012(b) ..............................................................2

Statement of the Case........................................................................................................2

The Prior Proceedings.......................................................................................................2

The Complaint ...................................................................................................................4

Standard of Review...........................................................................................................5

Argument ...........................................................................................................................6

    I.    COUNT I IS UNTIMELY AND DOES NOT STATE A CLAIM
        AGAINST EITHER DEFENDANT ........................................................................6

        A.    The Statute of Limitations Has Run...........................................................6

            1.    The Statute of Limitations Under Section 550(F)(1) Begins
                to Run Once the Court Enters a Decision Avoiding a
                Transfer—Not When it Enters a Separate Money Judgment..........6

            2.    The Courts in this District Interpret Avoidance and
                Recovery as Distinct Remedies, and Interpret the Section
                550(F)(1) Limitations Provision as Mandating "Finality" on
                the Merits for Purposes of Providing Notice and Certainty
                to a Trustee....................................................................................9

        B.    The Tax Refund Claim Against Lynne Florio Fails as a Matter of
            Law ...........................................................................................................11

        C.    Count I Fails as to Malcolm Sage as the Trustee is Only Entitled to
            a Single Satisfaction.................................................................................14

    II.    COUNT II FAILS TO STATE A CLAIM AGAINST LYNNE FLORIO
        AND IS BARRED BY RES JUDICATA...............................................................15

Conclusion ......................................................................................................................18

Table of Authorities

CASES

*ASARCO LLC v. Shore Terminals LLC*,
    No. C 11–01384 WHA, 2012 WL 2050253 (N.D. Cal. June 6, 2012) .................................. 11

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ........................................................................................................... 5

*Bell Atlantic Corp. v. Twombly*,
    550 U.S 544 (2007) ............................................................................................................ 5

*Burberry Ltd. v. Horowitz*,
    534 F. App'x 41 (2d Cir. Aug. 28, 2013) .......................................................................... 17

*Caitlin v United States*,
    324 U.S 229 (1945) ............................................................................................................ 8

*Callaway v. C.I.R.*,
    231 F.3d 106 (2nd Cir. 2000) ........................................................................................... 13

*Central Hudson Gas & Elec. Corp. v. Empresa Naviera Santa S.A.*,
    56 F.3d 359 (2nd Cir. 1995) ............................................................................................. 17

*Corv Associates v. Division of Housing and Community Renewal*,
    254 A.D.2d 286, 678 N.Y.S.2d 386 (2d Dep't 1998) .................................................. 15-16

*CSX Transp., Inc. v. Island Rail Terminal, Inc.*,
    879 F.3d 462 (2d Cir. 2018) ............................................................................................. 16

*Ford v. Union Bank (In re San Joaquin Roast Beef)*,
    7 F.3d 1413 (9th Cir. 1993) ............................................................................................ 8, 9

*Galiano v. Fidelity Nat'l Title Ins. Co.*,
    684 F.3d 309 (2d Cir. 2012) ............................................................................................... 5

*Harvey v. Mazal Am. Partners*,
    179 A.D.2d 1 (1st Dep't 1992) ......................................................................................... 15

*In re Century Brass Products, Inc.*,
    22 F.3d 37 (2d Cir. 1994) ................................................................................................... 8

*In re Crowson*,
    431 B.R. 484 (B.A.P. 10th Cir. 2010) ......................................................................... 12, 13

Table of Authorities
(continued)

Page

*In re Custom Contractors, LLC,*
    745 F.3d 1342 (11th Cir. 2014) ............................................................12

*In re DeBerry,*
    945 F.3d 943 (5th Cir. 2019) ...............................................................14

*In re Duarte,*
    492 B.R. 100 (Bankr. E.D.N.Y. 2011)...................................................13

*In re Evans,*
    449 B.R. 827 (Bankr. N.D.Ga. 2010) ....................................................12

*In re Extended Stay, Inc. (O'Connor v. DL-DW Holdings, L.L.C.),*
    Adv. Pro. No. 11-02254-JLG, 2020 WL 10762310
    (Bankr. S.D.N.Y. Aug. 8, 2020) ........................................................9, 10

*In re Lee,*
    508 B.R. 399 (S.D. Ind. 2014) ..............................................................12

*In re Malewicz,*
    457 B.R. 1 (Bankr. E.D.N.Y. 2010).......................................................13

*In re Nevins,*
    564 B.R. 151 (Bankr. D.N.H. 2016) ......................................................12

*In re Serrato (Decker v. Voisenat),*
    233 B.R. 833 (Bankr. N.D. Cal. 1999) ...............................................7, 8, 9

*Inv. Prop. Assocs. v. Massoud & Massoud,*
    No. 570167/07, 2007 WL 1558719 (1st Dep't May 31, 2007)..................15

*Martinof v. Triboro Roofing Co.,*
    228 N.Y.S.2d 139 (Sup. Ct. 1962).........................................................16

*McClelland v. Massinga,*
    786 F.2d 1205 (4th Cir. 1986) ..............................................................13

*Monahan v. N.Y.C. Dep't of Corr.,*
    214 F.3d 275 (2d Cir. 2000)..................................................................16

*Nykcool A.B. v. Pacific Fruit Inc.,* No. 10-3867(LAK)(AJP),
    No. 10 Civ. 3867, 2012 WL 1255019 (S.D.N.Y. Apr. 16, 2012)...............16

*118 East 60th Owners, Inc. v. Bonner Properties, Inc.,*
    677 F.2d 200 (2d Cir. 1982)..................................................................18

Table of Authorities
(continued)

*Picard v. BNP Paribas, S.A. (In re BLMIS)*,
    594 B.R. 167 (Bankr. S.D.N.Y. 2018) .....................................................................11

*Picard v. Bureau of Labor Ins. (In re BLMIS)*,
    480 B.R. 501 (Bankr. S.D.N.Y. 2012) ................................................................10, 11

*Picard v. Koch Industries, Inc. (In re Madoff)*,
    No. 08-01789 (CGM), 2022 WL 17098698 (Bankr. S.D.N.Y. Nov. 21, 2022) ......11

*Picard v. Sage Realty et al.*,
    No. 20 Civ. 10109 (JFK), No. 20 Civ. 10057 (JFK), 2022 WL 1125643
    (S.D.N.Y. Apr. 15, 2022) .............................................................................4, 6, 7

*Picard v. Sage Realty et al.*,
    No. 20-cv-10109 (AJN), 20-cv-10057 (AJN), 2021 WL 1987994
    (S.D.N.Y. May 18, 2021) ..........................................................................................3

*Romer v. Leary*,
    425 F.2d 186 (2d Cir. 1970) ....................................................................................18

*Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*,
    568 B.R. 481 (Bankr. S.D.N.Y. 2017) .....................................................................14

*Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC
(In re Bernard L. Madoff Inv. Secs.)*,
    501 B.R. 26 (S.D.N.Y. 2013) ...................................................................................10

*Tally v. 885 Real Est. Assocs.*,
    No. 115923/02, 2003 WL 25668617 (N.Y. Sup. Ct. Sept. 29, 2003) ......................15

*Tally v. 885 Real Estate Associates*,
    11 A.D.3d 242 (1st Dep't 2004) ..............................................................................15

*U.S. v. F. & M. Schaefer Brewing Co.*,
    356 U.S. 227 (1958) ...................................................................................................8

*Vets North. Inc. v. Libutti*,
    278 A.D.2d 406, 717 N.Y.S.2d 656 (2d Dep't 2000) ..............................................15

*Wang v. Ren*,
    No. 20-4216, 2023 WL 197723 (2d Cir. Feb. 14, 2023) .........................................17

*Wilmington Tr. Co. v. Hellas Telecomm'cns, S.a.r.l.*,
    No. 12-8686 (JPO), 2016 WL 7339112 (S.D.N.Y. Aug. 4, 2016) ..........................16

Table of Authorities
(continued)

Page

STATUTES

11 U.S.C.
§ 105(a) ...................................................................................................4
§ 544 .....................................................................................................10
§ 548 .......................................................................................................1
§ 550.........................................................................................4, 6, 10, 14

OTHER AUTHORITIES

Fed. R. Civ. P.
8(a)(2) .....................................................................................................5
12(b)(6) ...................................................................................................5
57.............................................................................................................4
69(a)(1) ..................................................................................................16

N.Y. C.P.L.R. 5201(b) ...............................................................................15

<u>Preliminary Statement</u>

The claims in the case trace their origin to Complaints filed by the Trustee in 2010 asserting claims under Bankruptcy Code section 548 against Sage Associates and Sage Realty and their alleged general partners, which included Malcolm Sage and his siblings. The Trustee prevailed in those cases in 2022, receiving judgments against each of Sage Associates and Sage Realty as well as Malcolm Sage and his siblings whom the Court found to be general partners of each.

In Count I, the Trustee now seeks to recover a series of alleged transfers under Bankruptcy Code section 550(a)(2). The Trustee seeks to recover from Lynne Florio a transfer allegedly received from Sage Associates by virtue of Malcolm's payment of federal and state taxes, which was followed by a tax refund on their joint return. As set forth below, Count I is time barred and the claim against Lynne Florio fails under the Separate Filing Rule, which rejects the concept of joint ownership of a tax refund. The Trustee's claims against Malcolm Sage are barred by section 550(d).

In Count II, the Trustee seeks a declaration that Lynne Florio is liable for the judgment obtained in 2022 against Sage Realty as an alleged general partner. The Trustee had one trial on the composition of the general partnership of Sage Realty and therefore has no right to a second one. More important, under established New York law, the Trustee cannot enforce his judgment against an individual partner who was not named in the original proceeding. Of course, the underlying claim against Ms. Florio is also time barred. The original case was filed in 2010 and could have included Lynne Florio along with the other four alleged general partners. The fact that the Trustee has structured his claim as one for declaratory relief does not permit him to avoid the bar imposed by the statute of limitations.

12132024-1

<u>Statement Pursuant to Fed R. Bankr. P. 7012(b)</u>

The Defendants do not consent to final orders or judgment by the Bankruptcy Court.

<u>Statement of the Case</u>

The facts set forth below are based on the prior proceedings commenced by the Trustee against Sage Associates, Sage Realty, and Malcolm Sage and his siblings as well as the Complaint in this proceeding.

Defendants Malcolm Sage and Lynne Florio are married and have been for all times relevant.

<u>The Prior Proceedings</u>

On November 30, 2010, the Trustee filed complaints against two Sage family investment vehicles, Sage Associates and Sage Realty, in this court. Each complaint named as defendants Malcom Sage, his siblings (Ann Sage Passer and Martin Sage), and his mother (Lillian Sage, who passed away during the proceedings). *See Picard v. Sage Assocs.*, 10-AP-04362, and *Picard v. Sage Realty*, 10-AP-04400. As discussed herein, after multiple trips to the district court, the district court ultimately withdrew the reference of both proceedings and the proceedings were assigned district court docket numbers 20-cv-10057 ("*Sage Associates*") and 20-cv-10109 ("*Sage Realty*"), respectively.[1]

Sage Associates and Sage Realty were account holders at Bernard L. Madoff Investment Securities, LLC ("BLMIS"). Each complaint sought to avoid and recover certain initial transfers made from BLMIS to Sage Associates and Sage Realty and sought to hold the individual defendants liable for the transfers in their alleged capacity as general partners of each entity. The

---

[1] Unless otherwise noted, cites to "*Sage Associates*" and "*Sage Realty*" ECF Dkt. Nos. shall be to these district court docket numbers.

Trustee filed amended complaints on January 25, 2012. Citations in this Memorandum are to each of those amended complaints.[2]

The *Sage Associates* amended complaint sought to avoid and recover transfers received by Sage Associates that totaled $13,510,000. Consolidated Case No. 11-cv-04936 (JSR), ECF Dkt. No. 28. The *Sage Realty* amended complaint sought to avoid and recover transfers received by Sage Realty that totaled $5,245,000. *Id.* at 36. It also sought a determination that each entity was a general partnership and that the individual defendants were liable as general partners. *Id.* Lynne Florio is not named in either complaint, and no claim was asserted against her in the prior proceedings.

Discovery in *Sage Associates* and *Sage Realty* took almost four years and was not completed until 2019. *Sage Associates*, ECF Dkt. No. 83. The Trustee thus had ample time and opportunity to investigate any possible claims in detail.

On May 18, 2021, then District and now Circuit Judge Nathan withdraw the reference of each case. *Picard v. Sage Realty et al.*, No. 20-cv-10109 (AJN), 20-cv-10057 (AJN), 2021 WL 1987994 (S.D.N.Y. May 18, 2021). The district court then consolidated the cases and scheduled the trial for January 17, 2022. *Sage Associates*, ECF Dkt. No. 25, 27; *Sage Realty*, ECF Dkt. No. 27. Following trial, District Judge Keenan, having replaced Judge Nathan, issued an opinion on April 15, 2022 finding that: 1) the Trustee could recover in his fraudulent transfer claims against Sage Associates and Sage Realty in the aggregate and final amount of $16,880,000; 2) Sage Associates and Sage Realty were general partnerships and Malcom, Martin, and Ann were general partners of both entities; and 3) as general partners, Malcolm, Martin, and Ann were each

---

[2] The Amended Complaints do not appear on the clerk's docket of the prior adversary proceedings before the bankruptcy court. Rather, the Amended Complaints were apparently filed in consolidated proceedings before Judge Rakoff in 2012 under the docket Consolidated Case No. 11-cv-04936 (JSR).

jointly and severally liable for the Initial Transfers. *Picard v. Sage Realty et al*., No. 20 Civ.

10109 (JFK), No. 20 Civ. 10057 (JFK), 2022 WL 1125643, at *28-31 (S.D.N.Y. Apr. 15, 2022);

(*see also* Compl. ¶ 14). Specifically, the court on April 15, 2022, ruled in favor of the Trustee

"[a]s for the Trustee's avoidance actions." *Picard*, 2022 WL 1125643 at *31. The court officially

entered judgment on April 20, 2022. *Sage Associates*, ECF Dkt. No. 114. The judgment issued

an amount of $13,510,000 against Sage Associates (the "Sage Associates Transfers") and

$3,370,000 against Sage Realty (the "Sage Realty Transfers," and together with the Sage

Associates Transfers, the "Initial Transfers"). *Id.*

<u>The Complaint</u>

The Trustee filed his complaint in this adversary proceeding on April 19, 2023 (the

"Complaint").  The Complaint contains two counts:

- Count I: Recovery of Subsequent Transfers under 11 U.S.C. §§ 105(a) & 550(a)
  (seeking to find Defendants liable under multiple theories as mediate or
  immediate transferees of the Initial Transfers). (Compl. ¶ 21).

- Count II: Declaratory Judgment against Lynne Florio under 28 U.S.C. § 2201(a)
  and Fed. R. Civ. P. 57 (seeking a finding that Lynne Florio is jointly and severally
  liable for the judgment against Sage Realty). (*Id.* ¶ 22).

With respect to Count I, the Complaint alleges that Malcolm Sage received $4,503,367

from Sage Associates and $185,000 from Sage Realty as profits that were subsequent transfers of

the Initial Transfers and are avoidable under section 550 of title 11 of the United States Code

(the "Bankruptcy Code"). (Compl. ¶¶ 58, 72; *id.* at Exs. C, D). The Complaint further alleges

that Malcolm Sage paid a portion of these profits flowing from the Initial Transfers to various

taxing authorities after completing joint tax returns with his wife, Lynne Florio. *Id.* ¶¶ 59-63. The

4

Complaint alleges that thereafter, following the collapse of BLMIS and the arrest of Madoff, the

Defendants filed joint tax returns seeking return of the taxes paid on fictitious profits and

ultimately received $3,710,708 on account of those returns. (Compl. ¶¶ 65-70). The Complaint

asserts that these amounts are also avoidable as subsequent transfers under Bankruptcy Code

section 550, and that, on account of the joint tax returns, Malcolm Sage and Lynne Florio are

jointly liable. (*Id.* ¶¶ 65-70, 74-80). Finally, Count I seeks to hold Lynne Florio liable for

$70,000 of subsequent transfers from Sage Realty to Lynne Florio. (*Id.* ¶ 72; *id.* at Ex. D).

The Complaint alleges that Sage Realty is a general partnership and that Lynne Florio is a

general partner of Sage Realty. (*Id.* ¶¶ 81-87). Count II seeks to hold Lynne Florio jointly and

severally liable on the judgment against Sage Realty. *Id.*

<u>Standard of Review</u>

Defendants seek to dismiss all counts of the Complaint pursuant to Rule 12(b)(6) of the

Federal Rules of Civil Procedure, made applicable to this adversary proceeding pursuant to Rule

7012(b) of the Federal Rules of Bankruptcy Procedure. "To survive a motion to dismiss, a

complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is

plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks

omitted); *Bell Atlantic Corp. v. Twombly*, 550 U.S 544, 570 (2007). "The plausibility standard ...

asks for more than a sheer possibility that a defendant has acted unlawfully." *Galiano v. Fidelity

Nat'l Title Ins. Co.*, 684 F.3d 309, 313 (2d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Dismissal

is warranted "where the well-pleaded facts do not permit the court to infer more than the mere

possibility of misconduct, [and] the complaint has alleged—but it has not 'show[n]'—'that the

pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). In this

case, dismissal is warranted on all counts.

<u>Argument</u>

I.      COUNT I IS UNTIMELY AND DOES NOT STATE A CLAIM AGAINST EITHER
<u>DEFENDANT</u>

A.      <u>The Statute of Limitations Has Run</u>

The operative statute at issue is Bankruptcy Code section 550, which provides:

(f)      An action or proceeding under this section may not be commenced after the
earlier of--

(1)      one year after the avoidance of the transfer on account of which recovery
under this section is sought; or

(2)      the time the case is closed or dismissed.

11 U.S.C. § 550(f).

Both the language of the statute itself and interpretive case law suggest that the "one

year" statute of limitations contemplated in subsection (f)(1) begins to run upon a final ruling of

avoidance, typically via issuance of a court opinion. Trustee's Complaint, filed on April 19,

2023, was too late.

1.      The Statute of Limitations Under Section 550(F)(1) Begins to Run Once
the Court Enters a Decision Avoiding a Transfer—Not When it Enters a
<u>Separate Money Judgment</u>

The precise language of section 550(f)(1) sets the date of "*avoidance* of the transfer" as

the statute of limitations trigger. *Id.* (emphasis added). In his opinion dated April 15, 2022, Judge

Keenan repeatedly describes the Trustee's allegations as seeking to "avoid and recover" the

alleged fraudulent transfers. *Picard v. Sage Realty et al.*, No. 20 Civ. 10109 (JFK), No. 20 Civ.

10057 (JFK), 2022 WL 1125643, at *26-28 (S.D.N.Y. Apr. 15, 2022). In this respect, the District

Court was acknowledging the bifurcated relief sought by the Trustee in his amended complaints:

both avoidance and recovery. Accordingly, in his conclusion, the District Court separated out the

avoidance decision from the recovery. As set forth in its April 15th opinion, the District Court

ruled:

> *As for the Trustee's avoidance actions*, judgment is entered in favor of the Trustee and against the Defendants, Sage Associates, Sage Realty, Malcolm Sage, Martin Sage, and Ann Sage Prasser, jointly and severally, in the amount of $16,880,000.

*Id.* at \*31. The Complaint confirms that in the prior *Sage Associates* and *Sage Realty* proceedings, the Trustee "sought, among other relief, to [both] avoid and recover" the initial transfers to Sage Associates and Sage Realty. (Compl. ¶¶ 54, 55). The Complaint also acknowledges that in the April 15, 2022 opinion, the district court "found" that the Trustee had met his prima facie burden of "avoidance" and had overcome defenses asserted, "resulting in the avoidance of the SA Initial Transfers and the SR Initial Transfers." (*Id.* ¶ 57). The Complaint, dated April 19, 2023, was therefore filed in an untimely fashion, more than "one year after the avoidance of the transfer on account of which recovery is sought." 11. U.S.C. § 550(f)(1). It is irrelevant that the clerk entered judgment for the *recovery* on April 20, 2022, because the court had already decided the "avoidance actions" on April 15. *Sage Associates*, ECF Dkt. No. 114.

Case law also supports this conclusion. In *In re Serrato (Decker v. Voisenat)*, a bankruptcy trustee had sought to recover a subsequent transfer made by the initial transferee. 233 B.R. 833, 834 (Bankr. N.D. Cal. 1999). The court, faced with a question about the operative date, found that "avoidance of the transfer" in section 550(f) refers to a ruling of avoidance "on the merits [that] leaves nothing for the court to do but execute the judgment." *Id.* at 835-37. It therefore held that the *opinion* issued over one year prior, which constituted a "final decision avoiding the transfer"—rather than the judgment subsequently entered less than a year prior—triggered the statute of limitations. *Id.* at 837 (dismissing the bankruptcy trustee's subsequent transferee action as untimely under section 550(f)(1) since over one year had passed since the decision date).

In fixing the date of avoidance, the *Serrato* court relied on the principles of finality as set out in Supreme Court precedent: "A final decision generally is one that ends the litigation on the

7

merits and leaves nothing for the court to do but execute the judgment." *Id.* at 835 (citing *Caitlin v. United States*, 324 U.S 229, 233 (1945), and *U.S. v. F. & M. Schaefer Brewing Co.*, 356 U.S. 227, 232-33 (1958)). The *Serrato* court's finality reasoning is based in part on the purpose of statutes of limitations, which is to "provid[e] notice to claimants that a cause of action has accrued." *Serrato*, 233 B.R. at 836. Particularly in the bankruptcy context statutes of limitations are important because they provide trustees with notice of the need to protect the estate by taking action to recover a subsequent transfer. The court reasoned:

> [T]he execution of a written order adequately promotes the policy of providing certainty to parties in bankruptcy proceedings as to the limitations period during which claims can be filed. The date the order is signed also is the event that triggers action by trustees to protect the interests of the estate and thus adequately gives notice that the statute of limitations has started running.

*Id.* (quoting *Ford v. Union Bank (In re San Joaquin Roast Beef)*, 7 F.3d 1413, 1417-18 (9th Cir. 1993)). The underlying *San Joaquin* case considered whether Bankruptcy Code section 546(a)(1)'s statute of limitations began running from the date the court *signed* the appointment *order* of the trustee or the date when the order *was entered* on the docket. *In re San Joaquin Roast Beef*, 7 F.3d 1413 (9th Cir. 1993). The court agreed with other courts that the date of the signing of the appointment order was the operative date. *Id.* at 1416.

The Second Circuit expressly acknowledged the *San Joaquin* decision in *In re Century Brass Products, Inc.*, 22 F.3d 37, 41 (2d Cir. 1994). The *Serrato* court read the section 550(f) statute of limitations as running from a written opinion in which the court approved the avoidance, just as the court in *San Joaquin* interpreted the section 546(a)(1) statute of limitations as running from the date of a written order appointing a trustee.[3] As explained by both the *San*

---

[3] Notably, the time limits language of the limitations period found in Section 546(a)(1) is very similar to the time limits language of the limitations period found in Section 550(f)(1). Both statutes frame the timing as to the commencing of the statute of limitations based on a prior action of a court.

12132024-1

*Joaquin* court and the *Serrato* court, the operative date for such a statute is driven by the need to provide notice and certainty to the trustee in light of the nature of his or her duties as a fiduciary to the estate. *San Joaquin*, 7 F.3d at 1417-18; *Serrato*, 233 B.R. at 836-37 ("Generally a statute of limitations commences running upon the happening of an event providing notice to claimants that a cause of action has accrued."). "[T]he written opinion issued in the underlying fraudulent transfer proceeding is a triggering event that affords certainty and puts the trustee on notice that further action may be required to protect the interests of the estate." *Serrato*, 233 B.R. at 836.

The statutory interpretation question at issue in this case is nearly identical to the one presented in *Serrato* and similar to the one presented in *San Joaquin*. The written opinion in the *Sage Associates* and *Sage Realty* cases, dated April 15, 2022, constituted a final ruling on the question of avoidance of the alleged fraudulent transfers. The written opinion was the triggering event that afforded certainty and put this Trustee on notice as to what may be required to protect the interests of the estate, including potentially filing additional actions against subsequent transferees. Any claim under section 550 filed more than one year after the April 15, 2022, decision is therefore time-barred under section 550(f)(1)'s one-year statute of limitation, as it is this written opinion that constitutes the operative date, and not the later date of the entry of judgment.

      2.       The Courts in this District Interpret Avoidance and Recovery as Distinct Remedies, and Interpret the Section 550(F)(1) Limitations Provision as Mandating "Finality" on the Merits for Purposes of Providing Notice and <u>Certainty to a Trustee</u>

Courts within the Second Circuit, including this Court, have interpreted the operative language of section 550(f)(1) as requiring finality, and have even extended that concept to avoidance cases that have settled. In doing so, courts in this district have focused on the distinct nature of the remedies of avoidance and recovery. *See In re Extended Stay, Inc. (O'Connor v.*

*DL-DW Holdings, L.L.C.)*, Adv. Pro. No. 11-02254-JLG, 2020 WL 10762310, at *69 (Bankr.

S.D.N.Y. Aug. 8, 2020) ("In fraudulent transfer actions, 'avoidance and recovery are distinct

concepts and processes … [that] are addressed in two separate sections of the code, 11 U.S.C. §

544 and § 550, respectively.'"); *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re*

*Bernard L. Madoff Inv. Secs.)*, 501 B.R. 26, at *34 n.5 (S.D.N.Y. 2013) ("*SIPC v. Bernard"*)

("Avoidance is a separate remedy that a Trustee may seek without recourse to recovery where,

for example, the Trustee need only rescind the granting of a right in property (as opposed to

where a debtor transferred the property at issue).").

A judgment of avoidance "rescind[s] the granting of a right in property." *SIPC v.*

*Bernard*, 501 B.R. at *34 n.5. It stands to reason, therefore, that in fixing the date for the running

of the statute of limitations, Congress would expect a court to treat the remedy of avoidance

distinct from the remedy of recovery, and it is for that reason that the courts in this district have

read section 550(f)(1) as focused on the separate remedies. Once the court enters a judgment of

avoidance, the statute of limitations begins to run.

One of the first decisions in this district to recognize this distinction in the context of a

statute of limitations dispute was in *Picard v. Bureau of Labor Ins. (In re BLMIS)*, 480 B.R. 501,

522 (Bankr. S.D.N.Y. 2012). There, the court construed section 550(f)(1)'s statute of limitations

trigger date following a settlement by the Trustee with Fairfield Sentry in which there was no

judicially litigated order of avoidance. The court reasoned that the best interpretation of the

statute was to focus on the finality of the action against Fairfield Sentry:

> Although the Settlement does not constitute a formal avoidance of the initial
> transfer from BLMIS to Fairfield, it presents the Court with finality with respect to
> Fairfield Sentry. This finality triggers the relevant one-year statute of limitations
> under section 550(f) of the Code. Without such a trigger, the Trustee would be
> permitted to bring suit against a subsequent transferee for an indefinite amount of
> time, a highly inequitable result.

*Id.* at 522; *see also Picard v. Koch Industries, Inc. (In re Madoff)*, No. 08-01789 (CGM), 2022 WL 17098698, at \*7 (Bankr. S.D.N.Y. Nov. 21, 2022) (citing *Picard v. Bureau of Labor Ins.*, 480 B.R. at 522); *Picard v. BNP Paribas, S.A. (In re BLMIS)*, 594 B.R. 167, 207 (Bankr. S.D.N.Y. 2018) ("A settlement of an avoidance claim represents finality and triggers the one-year period set forth in § 550(f)." (citing *Picard v. Bureau of Labor Ins.*, 480 B.R. at 522)). Other courts interpreting other federal statutes with similar language have followed suit. *See, e.g.*, *ASARCO LLC v. Shore Terminals LLC*, No. C 11–01384 WHA, 2012 WL 2050253, at \*8 (N.D. Cal. June 6, 2012) (applying the date of settlement to trigger the statute of limitations for contribution claims under CERCLA).

Since settlement is a proper mechanism by which to trigger the statute of limitations clock under section 550(f) and similar statutes, clearly entry of judgment is not the triggering event when finality is reached some other way. Here, the court's April 15, 2022 opinion served as a final decision with respect to the issue of avoidance. Case law does not support measuring back the one-year statute of limitations set out in section 550 from the time of the April 20, 2022 entry of judgment, which constituted merely a subsequent formality after the court had already directed the clerk to enter judgment in its written opinion five days prior, specifically on the issue of avoidance. The Trustee's section 550 claim is therefore untimely as a matter of law.

B.    The Tax Refund Claim Against Lynne Florio Fails as a Matter of Law

The Trustee's tax refund allegations fail to state a claim. Trustee alleges that Malcolm Sage received distributions from Sage Associates ("SA"), which he used to pay federal and state income taxes on phantom Madoff profits derived from his interest in SA. (Compl. ¶¶ 58-71). Several years later, Malcolm filed amended tax returns to obtain refunds. The original tax return was filed jointly with his wife Lynne Florio and so the amended return was a joint return. The Trustee now claims that Lynne Florio is "jointly liable" for the tax refunds obtained in 2013

11

when the Madoff profits were reversed, but no claim is made that Ms. Florio had any interest in SA or that she received any distributions from that entity.

Moreover, the Trustee's tax refund claim under section 550(a) rests on the premise that Ms. Florio received tax refunds as the "immediate or mediate transferee" from the federal government. A tax refund, however, is not a transfer covered by section 550. Courts have recognized that the when the federal government collects and returns tax money, it is a "mere conduit" and therefore that the IRS cannot be an "initial transferee" under Bankruptcy Code section 550(a)(1). *In re Custom Contractors, LLC*, 745 F.3d 1342, 1349-51 (11th Cir. 2014) ("[T]he IRS, like the bank holding a deposit, cannot be held liable as an initial transferee."). Accordingly, when the government refunds tax payments, the result is simply a restoration of the status quo. *A fortiori*, neither Ms. Florio or even Mr. Sage, who himself was solely responsible for filing tax forms reflecting the money at issue in the first place, can be an "immediate or mediate transferee" under section 550(a)(2).

The status of the federal government as a "mere conduit" is also consistent with the "Separate Filing Rule," adopted by many courts to determine spousal rights in refunds from joint tax returns. Under the Separate Filing Rule, Courts have recognized that a joint refund, standing alone, creates no rights in either spouse. Consistent with the tax code, a refund under the rule must be allocated between the joint filers as if they had filed separately. *In re Crowson*, 431 B.R. 484, 491 (B.A.P. 10th Cir. 2010); *In re Lee*, 508 B.R. 399 (S.D. Ind. 2014); *In re Nevins*, 564 B.R. 151 (Bankr. D.N.H. 2016); *In re Evans*, 449 B.R. 827 (Bankr. N.D.Ga. 2010).

The court in *In re Crowson* considered "the vexing question of how bankruptcy courts address the division of income tax refunds between debtors and their non-debtor spouses." 431 B.R. at 487. The court observed:

> In Revenue Ruling 74-611, the IRS ruled that when a husband and wife file a joint return, each spouse has a separate interest in the jointly reported income and a separate interest in any overpayment. Revenue Ruling 80-7 applies those principles in the context of determining what portion of a married couple's current-year joint income tax refund the IRS may retain and offset against one spouse's prior-year individual tax liability. In creating a formula for determining each spouse's rights in a joint refund for the purposes of offset, the IRS borrowed its previously established method of determining a decedent's separate tax liability (or refund) generated by a joint return with the surviving spouse.

*Id.* at 491. In adopting the Separate Filing Rule, the *Crowson* Court applied the IRS analysis to resolve the parties' rights under the Bankruptcy Code, holding that the IRS analysis "is analogous to allocating the tax liabilities and refunds between a bankruptcy estate and a non-filing spouse." *Id.*

Courts within the Second Circuit have followed suit. In *In re Duarte*, 492 B.R. 100, 101 (Bankr. E.D.N.Y. 2011), a husband and wife filed taxes jointly in the same year that the husband filed for chapter 13 bankruptcy. The debtor-husband's estate trustee sought to recover 100% of the 2010 tax refund, reasoning that because only the debtor-husband had taxes withheld during the year, the full refund should be turned over to the estate. *Id.* at 102. The debtor-husband argued for the application of the "50/50 Rule" under which each spouse would receive one-half of the refund. *Id.* The Court rejected the 50/50 Rule as contrary to "the Bankruptcy Code and the overall goals of bankruptcy," squarely holding that the proper method for determining the allocation of a tax refund among spouses was the Separate Filing Rule. *Id.* at 106, 109 (analyzing *Crowson*); *see In re Malewicz*, 457 B.R. 1, 3, 8 (Bankr. E.D.N.Y. 2010) (non-debtor spouse need not turnover her share of joint tax refund to the estate); *see also Callaway v. C.I.R.*, 231 F.3d 106, 117 (2nd Cir. 2000) (quoting *McClelland v. Massinga*, 786 F.2d 1205, 1210 (4th Cir. 1986) ("[T]he mere filing of a joint tax return by a husband and wife does not render the property taxed or the tax paid joint property")).

13

The Complaint makes clear that the tax liability that gave rise to the refund was derived

from the phantom Madoff profits of SA. The refund claim submitted by the IRS advised, "All

income and gains from Bernard L Madoff are being eliminated from taxable income due to the

arrest of Mr. Madoff and the announcement that any income reported from the investments with

Mr. Madoff are fictitious." (Compl. ¶ 68). The Complaint is equally clear that Malcom Sage

received the subsequent transfers from SA, which he used to pay the taxes that were due with the

original tax return. (*Id.* ¶ 58). No claim is made that Lynne Florio had any interest in SA and the

Complaint acknowledges that the alleged subsequent transfers from SA went to Malcolm Sage's

bank account. The Complaint nonetheless alleges that Lynn Florio received the tax refunds

"jointly" and seeks to recover from her the "SA Subsequent Transfers, which . . . were returned

jointly to Malcom Sage and Lynne Florio." (*Id.* ¶ 77). Under the Separate Filing Rule, Ms. Florio

had no interest in those refunds and cannot become liable for them by virtue of a joint tax return.

    C.    Count I Fails as to Malcolm Sage as the Trustee is Only Entitled to a Single
            <u>Satisfaction</u>

Count I should be dismissed as Trustee here cannot recover anything under this section as

against Malcolm Sage, since he was already found liable jointly and severally for the Initial

Transfers (Compl. at 2) and thus further recovery of money from that same amount would

exceed the "single satisfaction" requirement. *See* 11 U.S.C. § 550(d) ("The trustee is entitled to

only a single satisfaction under subsection (a) of this section."); *In re DeBerry*, 945 F.3d 943,

950 (5th Cir. 2019) ("The single-satisfaction rule allows the trustee to recover only once, even if

multiple transferees could be liable."); *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*,

568 B.R. 481, 489 (Bankr. S.D.N.Y. 2017) ("The single satisfaction rule is a limitation on

recovery rather than a defense to the avoidance of the fraudulent transfer, but the effect is the

same.").

II.    COUNT II FAILS TO STATE A CLAIM AGAINST LYNNE FLORIO AND IS
       <u>BARRED BY RES JUDICATA</u>

The Trustee inappropriately seeks a declaration that Ms. Florio is liable for the judgment

against Sage Realty, allegedly as a general partner. New York Courts have consistently rejected

efforts to enforce judgments against alleged individual partners who were not parties to the

proceeding that lead to the judgment against the partnership, including upon res judicata

principles. In *Tally v. 885 Real Estate Associates*, 11 A.D.3d 242, 242 (1st Dep't 2004), the First

Department affirmed the established rule: "The individual partners . . . were never named or

served with process in the proceedings which resulted in the judgment, and, accordingly,

enforcement of the underlying order and judgment may not be had against them personally." The

trial court had addressed the issue in depth:

> The preliminary issue to be resolved is whether plaintiff can base an action against
> defendants on a judgment and order establishing the liability of their partner,
> WEAA, to plaintiff. . . . [resort] to the personal assets of individual partners is
> possible only as to those general partners who were named individually as
> defendants and personally served with process in the proceeding which resulted in
> the judgment. *Vets North. Inc. v. Libutti*, 278 A.D.2d 406, 407, 717 N.Y.S.2d 656
> (2d Dept 2000); *see also*, CPLR 5201(b) . . . .
>
> Thus, it has been held that where, as here, partners are not parties to an underlying
> proceeding . . . any judgment resulting from such proceeding can not 'be executed
> against [the partners] personally.' *Corv Associates v. Division of Housing and
> Community Renewal*, 254 A.D.2d 286, 678 N.Y.S.2d 386 (2d Dept 1998) . . . .

*Tally v. 885 Real Est. Assocs.*, No. 115923/02, 2003 WL 25668617 (N.Y. Sup. Ct. Sept. 29,

2003); *see also Inv. Prop. Assocs. v. Massoud & Massoud*, No. 570167/07, 2007 WL 1558719

(1st Dep't May 31, 2007) (denying motion to amend judgment to add alleged individual

partners); *Harvey v. Mazal Am. Partners*, 179 A.D.2d 1, 10 (1st Dep't 1992) ("[W]e find it was

error to enter judgment against defendant Assay Partners' individual partners . . . since these

parties were never served with process, nor did any of the individual partners appear in this

action."); *Corv Assocs. v. Division of Housing & Comm. Renewal*, 254 A.D.2d 286, 286 (2d

12132024-1

Dep't 1998) ("[A]ny resulting judgment could not be executed against [individual partners] personally since they were not parties to the [original] proceedings."); *Martinof v. Triboro Roofing Co.*, 228 N.Y.S.2d 139, 143 (Sup. Ct. 1962).

Federal Courts have recognized the soundness of *Tally* and its progeny. In *Nykcool A.B. v. Pacific Fruit Inc.*, for example, the Court denied Nykcool's motion to amend a judgement to add new judgment debtors because "[n]one of [the newly added defendants were] named defendants in this action." No. 10 Civ. 3867(LAK)(AJP), 2012 WL 1255019, at *5 (S.D.N.Y. Apr. 16, 2012); *see also Wilmington Tr. Co. v. Hellas Telecomm'cns, S.a.r.l.*, No. 12-8686 (JPO), 2016 WL 7339112, at *11 (S.D.N.Y. Aug. 4, 2016) ("[I]f the plaintiff would have the judgment good against the personal assets of an individual partner [] he must see to it that partner is also named in the caption and is individually served."); Fed. R. Civ. P. 69(a)(1); *CSX Transp., Inc. v. Island Rail Terminal, Inc.*, 879 F.3d 462 (2d Cir. 2018) (applying Rule 69(a)).

Under established precedent, the Trustee is also barred from a second bite at the apple under res judicata principles, having already litigated to judgment whether Sage Realty was a partnership and the composition of its partners. The doctrine of res judicata bars claims from being re-litigated when: (1) there was a final adjudication on the merits in a previous action; (2) the same parties were involved in the previous action, or those in privity with those same parties; and (3) the claims asserted in the subsequent action were already raised, or could have been raised, in the previous action. *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000). Res judicata thus not only applies to the claims that were actually litigated, but also applies to claims that *should* have been raised in the first action.

Here, the Trustee brings claims arising from a common nucleus of operative facts and there are no new claims involving conduct occurring after the complaint was filed in the previous

12132024-1

action. The Trustee alleges a privity-like relationship between Lynne Florio and Malcolm Sage. The Trustee was well aware of the Complaint's allegation when he litigated the earlier case and presumably chose not to name Ms. Florio for strategic reasons. He cannot now do so. *Central Hudson Gas & Elec. Corp. v. Empresa Naviera Santa S.A.*, 56 F.3d 359, 367-68 (2nd Cir. 1995) (explaining that "the principle of privity bars re-litigation of the same cause of action against a new defendant known by a plaintiff at the time of the first suit where the new defendant has a sufficiently close relationship to the original defendant to justify preclusion"); *Burberry Ltd. v. Horowitz*, 534 F. App'x 41, 43 (2d Cir. Aug. 28, 2013) (reasoning that "[c]laim preclusion also bars a plaintiff who prevails in an earlier action from bringing new claims[] based on the facts of the first action, against the same defendant or those in privity with the defendant"); *Wang v. Ren*, No. 20-4216, 2023 WL 197723, at *2 (2d Cir. Feb. 14, 2023) (barring a second suit from being brought against a different defendant because the newly added defendant had a "sufficiently close relationship" with the defendants named in the previous lawsuit to satisfy the privity requirement).

Any claim against Ms. Florio as an individual partner accrued at the latest in 2010, when the other individual partners were sued. There is no conceivable statute of limitations that runs 13 years to allow the much delayed claim now asserted. The Trustee may argue that by presenting his claim as one for declaratory relief, he may avoid the time bar. But the law provides otherwise:

> When the declaratory judgment sought by a plaintiff would declare his entitlement to some affirmative relief, his suit is time-barred if the applicable limitations period has run on a direct claim to obtain such relief. What determines the applicable limitations period is "the basic nature of the suit in which the issues involved would have been litigated if the Declaratory Judgment Act had not been adopted."

12132024-1

*118 East 60th Owners, Inc. v. Bonner Properties, Inc.*, 677 F.2d 200 (2d Cir. 1982) (quoting

*Romer v. Leary*, 425 F.2d 186, 188 (2d Cir. 1970)).

<u>Conclusion</u>

For the foregoing reasons, the Complaint should be dismissed.

Dated: June 30, 2023
    New York, New York

**OLSHAN FROME WOLOSKY LLP**

By:  /s/ Jonathan T. Koevary
        Thomas J. Fleming, Esq.
        Jonathan T. Koevary, Esq.
        1325 Avenue of the Americas
        New York, New York 10019
        (212) 451-2300

        *Attorneys for Defendants Malcolm Sage and
        Lynne Florio*

12132024-1