**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (CGM) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff, | Adv. Pro. No. 12-01698 (CGM) |
| Plaintiff, | |
| v. | |
| BANQUE INTERNATIONALE À LUXEMBOURG S.A. (*f/k/a* Dexia Banque Internationale à Luxembourg S.A.); RBC INVESTOR SERVICES BANK S.A (*f/k/a* RBC Dexia Investor Services Bank S.A.); RBC INVESTOR SERVICES TRUST (*f/k/a* RBC Dexia Investor Services Trust); BANCO INVERSIS, S.A., as successor in interest to RBC Dexia Investor Services España S.A.; and BANQUE INTERNATIONALE À LUXEMBOURG (SUISSE) S.A. (*f/k/a* Dexia Private Bank (Switzerland) Ltd.), | |
| Defendants. | |

**CASE MANAGEMENT PLAN**

{12195024:1}

Plaintiff Irving H. Picard, as trustee (the "Trustee") for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa–*lll*, and the Chapter 7 estate of Bernard L. Madoff individually, and defendants (i) Banque Internationale à Luxembourg S.A. (*f/k/a* Dexia Banque Internationale à Luxembourg S.A.), (ii) Banque Internationale à Luxembourg (Suisse) S.A. (*f/k/a* Dexia Private Bank (Switzerland) Ltd.), (iii) RBC Investor Services Bank S.A. (*f/k/a* RBC Dexia Investor Services Bank S.A.), (iv) RBC Investor Services Trust (*f/k/a* RBC Dexia Investor Services Trust), and (v) Banco Inversis, S.A. (as successor in interest to RBC Dexia Investor Services España S.A.) ("Defendants," and together with the Trustee, the "Parties," and each individually, a "Party"), by and through their respective undersigned counsel, hereby submit the following Case Management Plan pursuant to Rules 16 and 26 of the Federal Rules of Civil Procedure (the "Federal Rules"), applicable under Rules 7016 and 7026 of the Federal Rules of Bankruptcy Procedure.

1. <u>Relevant Procedural History</u>.

    a. On June 6, 2012, the Trustee commenced the above-captioned adversary proceeding in the United States Bankruptcy Court for the Southern District of New York (the "Court") by filing a Complaint against Defendants. *Picard v. Banque Internationale À Luxembourg S.A., et al.,* Adv. Pro. No. 12-01698, ECF No. 1.

    b. On April 4, 2022, the Court entered a Stipulation and Order Regarding Changes to Defendants that dismissed one defendant, changed the names of two defendants, and substituted one defendant. *Id*., ECF No. 128.

   c. On April 12, 2022, the Court entered a Stipulation and Order setting a schedule for the Trustee to file his motion to amend the Complaint and for briefing on the Trustee's motion to amend and Defendants' motion to dismiss the Amended Complaint. *Id.*, ECF No. 129.

   d. On June 30, 2022, in accordance with the foregoing stipulation, the Trustee filed the Amended Complaint. *Id.*, ECF No. 134.

   e. On March 20, 2023, the Court issued orders denying Defendants' motions to dismiss the Amended Complaint and setting Defendants' deadlines to answer the Amended Complaint. *Id.*, ECF Nos. 179 and 180.

   f. On May 1, 2023, Defendants Banque Internationale à Luxembourg S.A. and Banque Internationale à Luxembourg (Suisse) S.A. filed answers and affirmative defenses. *Id.*, ECF Nos. 184 and 185.

   g. On May 15, 2023, Defendants RBC Investor Services Bank S.A., RBC Investor Services Trust, and Banco Inversis, S.A. (as successor in interest to RBC Dexia Investor Services España S.A.) filed answers and affirmative defenses. *Id.*, ECF No. 186.

  2. <u>Fact Discovery Plan</u>.

   a. <u>Fact Discovery Cut-Off</u>. Unless otherwise agreed to by the Parties or ordered by the Court, all fact discovery is to be completed by September 29, 2025 (the "Fact Discovery Cut-Off Date").

   b. <u>Initial Disclosures</u>. The Parties do not propose any changes in initial disclosures required under Federal Rule 26(a)(1)(A) (the "Initial Disclosures"). The Parties agree that they shall serve such Initial Disclosures as required under Federal Rule 26 on or before 60 days after the entry of this Case Management Plan.

c.  <u>Subjects On Which Discovery May Be Needed</u>.  The Parties contemplate that fact and expert discovery will be needed on asserted claims and defenses.

d.  <u>Foreign Discovery</u>.  The Trustee anticipates the need for discovery located outside of the United States, including from individuals and entities that may have been affiliated with Defendants.  To obtain discovery from these individuals and entities, the Trustee will comply with the relevant discovery rules of the applicable jurisdiction, the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, and/or any other internationally recognized means of obtaining cross-border discovery, including but not limited to, letters rogatory (collectively, "International Discovery").  To the extent the Parties avail themselves of International Discovery procedures, they will not be deemed to have waived, prejudiced, or otherwise altered their rights to conduct discovery under the Federal Rules, the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules"), or other applicable domestic rules.  To the extent that responses sought or the occurrence of depositions/examinations requested, pursuant to timely requested International Discovery are not received or do not occur by the Fact Discovery Cut-Off Date, one or more Parties may individually or jointly seek reasonable extensions of the deadlines set forth herein without prejudice to the rights of any Party to oppose such a request made by another Party.

e.  <u>Form of Certain Discovery</u>.  The Trustee intends to utilize one or more electronic data rooms to affirmatively make available millions of documents related to the Parties' claims and defenses.  The Trustee's use of such data rooms will be governed by all applicable orders and rules.

f.  <u>Document Requests</u>. The Parties may serve requests for documents on or before 60 days before the Fact Discovery Cut-Off Date.

g. <u>Interrogatories</u>.  The Parties may serve Interrogatories in accordance with the rules and limitations articulated in Local Bankruptcy Rule 7033-1.

h. <u>Requests For Admission</u>.  The Parties may serve Requests for Admission on or before 60 days before the Fact Discovery Cut-Off Date.

i. <u>Limitations On Discovery</u>.  Limitations on written discovery will be governed by the Federal Rules made applicable to this adversary proceeding by the Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules.  The Parties may agree on certain limitations on discovery or may file an application with the Court for good cause.

j. <u>Production Of Privileged Materials</u>.  The Parties acknowledge that the inadvertent production of privileged or work product protected documents is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.  This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).  Nothing contained in this paragraph is intended to or shall serve to limit a Party's right to conduct a review of its own documents, including electronically stored information, for relevance, responsiveness, and/or privileged and/or protected status.

k. <u>Depositions</u>.  All depositions of fact witnesses must be completed by the Fact Discovery Cut-Off Date. Depositions shall proceed concurrently, with no Party having priority. The Parties will endeavor to conclude the majority of depositions within the seven (7) hours provided by Federal Rule 30(d)(1), although the Parties acknowledge that there may be certain depositions of fact witnesses with knowledge of issues common to multiple Avoidance Actions (as defined below) that cannot be concluded within this time limit.  For any such witness, the Parties will attempt in good faith to agree to reasonable extensions of the seven (7) hour time

limit as appropriate, and failing agreement, any of the Parties may apply to the Court for an extension of this time limit.

To the extent the deposition of any fact witness raises common issues relevant to another avoidance action related to the above-captioned case (Adv. Pro. No. 08-01789 (CGM)) (the "Avoidance Action(s)"), in which fact discovery has not closed, the Parties shall make reasonable efforts to coordinate such depositions with the witness and defendants in such Avoidance Actions to maximize efficiency and use of resources to the extent reasonably practicable. The Parties shall confer in good faith and provide notice of such depositions under the Federal Rules, including the date, time, and location of any such depositions, to all relevant parties. The occurrence of a coordinated deposition shall not prejudice or preclude the Trustee from additional depositions of such witness in Avoidance Actions in which initial disclosures have not been made and discovery is not open. The Parties agree that they will work in good faith to identify the requisite number of each Party's deponents and depositions. Depositions of Irving H. Picard himself are prohibited absent an order issued by this Court upon a showing of good cause.

All depositions of the Trustee's own party and non-party witnesses shall be conducted at the offices of Windels Marx Lane & Mittendorf, LLP, 156 West 56th Street, New York, New York 10019, or such other location as the Parties may agree.

Nothing contained in this Case Management Plan shall be deemed or construed to be a waiver of any Party's right to object to the taking of the deposition of a particular witness, or abridge, limit, or modify any rights that a foreign witness has under the applicable law of the relevant foreign jurisdiction.

3. <u>Expert Discovery</u>. Within 60 days before the Fact Discovery Cut-Off Date, the Parties agree to meet and confer in good faith on the expected subjects of expert testimony and the

{12195024:1}                                    6

timing of expert discovery. The Parties further agree to submit a proposed Amended Case Management Plan that addresses the timing of expert discovery in this action prior to the Fact Discovery Cut-Off Date.

4.    <u>Manner Of Production Of Discovery Materials</u>. The Parties may produce discovery on a CD-ROM, flash drive, portable hard drive, in an electronic data room, by secure file transfer, or other similar electronic format. Given the volume of documentation that may be subject to disclosure in this matter, the Parties may produce a summary report, such as an expert report, and provide access to the underlying documentation on which the summary report relies in an electronic data room or other medium for review by the Parties. Information and documents produced or made available electronically shall, to the extent reasonably feasible:

(i)    be text searchable;

(ii)   provide data and image load files necessary to review the documents on search platforms (*e.g.*, Summation, Concordance, Relativity) upon request of any Party;

(iii)  provide any system-created or non-privileged captured objective metadata, such as date fields, author fields, custodian fields, path to native file, etc.;

(iv)   be organized, such as by date, custodian, or subject matter, as maintained in the ordinary course of business or (in the case of information obtained by the Trustee from third parties) as organized by the Trustee;

(v)    provide additional formats of production, metadata, or native documents if requested by any Party.

The Parties shall meet and confer first in a good faith attempt to resolve any dispute, or thereafter comply with Local Bankruptcy Rule 7007-1 to resolve the dispute.

5.    <u>Confidentiality</u>. The Litigation Protective Order (ECF No. 4137) (the "LPO") entered in *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Bernard L. Madoff Inv. Sec., LLC)*, Adv. Pro. No. 08-01789, on June 6, 2011, as modified via Order dated September 17,

{12195024:1}    7

2013 (ECF No. 5474), shall govern the disclosure of confidential information in this proceeding, except to the extent that the same has been modified by subsequent orders of the Court.

6. <u>Proposed Modifications Of Standard Pretrial Proceedings Due To The Special Nature Of The Action</u>. The Parties do not presently believe that any such modifications are yet appropriate or necessary, and will contact the Court if their belief in this regard changes.

7. <u>Prospects For Settlement, Including Whether A Settlement Conference Should Be Scheduled</u>. The Parties believe that it would be premature to schedule a settlement conference at this time.

8. <u>Discovery Arbitrator</u>. The Parties may agree to the use of Frank Maas, Esq. as Discovery Arbitrator to resolve discovery disputes that they are unable to resolve by meeting and conferring, as referenced in the Order Appointing A Discovery Arbitrator Pursuant to Bankruptcy Rule 9019(c) and General Order M-390 (ECF No. 14227) entered in *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec., LLC (In re Bernard L. Madoff Inv. Sec., LLC)*, Adv. Pro. No. 08-01789, on October 4, 2016.

9. <u>Trial</u>. The Parties propose that they will confer with each other and the Court at the conclusion of all discovery to schedule a final pretrial conference and trial date.

[*Signatures appear on the following page.*]

{12195024:1}    8

Dated: June 27, 2023
      New York, New York

| | |
|---|---|
| */s/ Howard L. Simon* | */s/ Mark T. Ciani* |
| **Windels Marx Lane & Mittendorf, LLP** | **Katten Muchin Rosenman LLP** |
| | |
| Howard L. Simon | Anthony L. Paccione |
| hsimon@windelsmarx.com | anthony.paccione@katten.com |
| Kim M. Longo | Mark T. Ciani |
| klongo@windelsmarx.com | mark.ciani@katten.com |
| Alan D. Lawn | 50 Rockefeller Plaza |
| alawn@windelsmarx.com | New York, New York 10020 |
| 156 West 56th Street | Telephone: (212) 940-8800 |
| New York, New York 10019 | |
| Telephone: (212) 237-1000 | *Attorney for Defendants RBC Investor Services Bank S.A., RBC Investor Services Trust, and Banco Inversis, S.A. (as successor in interest to RBC-Dexia España S.A.)* |
| Facsimile: (212) 262-1215 | |

*Special Counsel for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff*

*/s/ Jeff E. Butler*
**Clifford Chance US LLP**

Jeff E. Butler
jeff.butler@cliffordchance.com
31 West 52nd Street
New York, New York 10019
Telephone: (212) 878-8000

*Attorney for Defendants Banque Internationale à Luxembourg S.A. (f/k/a Dexia Banque Internationale à Luxembourg S.A.) and Banque Internationale à Luxembourg (Suisse) S.A. (f/k/a Dexia Private Bank (Switzerland) Ltd.)*

**SO ORDERED.**



**/s/ Cecelia G. Morris**
_____

**Dated: June 30, 2023**
**Poughkeepsie, New York**

**Hon. Cecelia G. Morris**
**U.S. Bankruptcy Judge**