# EXHIBIT 2

# CONSULTANCY AND EXCLUSIVE INTRODUCING AGREEMENT

Between

**UBS (Luxembourg) S.A.**
36-38, Grand-Rue,
L-1660 Luxembourg
(hereinafter called "UBS")

and

**M&B Capital Advisers, Sociedad de Valores, S.A.**
Plaza Manuel Gómez Moreno n° 2
28020 Madrid, Spain
(hereinafter called the "Principal Agent")

1/3

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER.

UBSL003979
UBSVAA0003066

**THIS AGREEMENT** is made the 1st of September 2005.

IT IS HEREBY AGREED as follows:

1. **APPOINTMENT AND SCOPE**

    1.1 UBS, acting as Portfolio Manager and Distributor of the Luxembourg Investment Fund – U.S. Equity Plus (hereinafter the "Sub-fund"), hereby appoints the Principal Agent as consultant and exclusive introducing agent for the Sub-fund.

    1.2 The Principal Agent shall provide UBS with consultancy services with respect to trader's performance; and shall use its best efforts to provide information on potential investors ("Prospects") to the Sub-fund; and to procure Prospects/Investors to the Sub-fund.

2. **PROSPECTS IDENTIFICATION**

    Prospects/Investors to be proposed by the Principal Agent shall be in accordance with prospect/investor qualification (the "investor identification") set forth in the Prospectus of the Sub-fund.

3. **OFFERING AND REDEMPTION OF SHARES**

    Subscription & Redemption of shares shall be performed in compliance with the Prospectus and the Principal Agent may not act on intermediary therein.

4. **REMUNERATION AND EXPENSES**

    4.1 The Principal Agent shall be entitled to receive from UBS a trailing fee, which is part of the portfolio manager fee, with respect to the net assets held by shareholders procured to the Sub-fund.

    4.2 The Principal Agent shall moreover be entitled to receive from UBS the subscription fee provided in the prospectus of the Sub-fund and has the discretion to determine the amount within the limits of the subscription fee.

5. **OFFERING LAWS AND ANTI-MONEY LAUNDERING**

    5.1 The Principal Agent shall comply with the standard duty of care and the offering laws and anti-money laundering in the performance of his services.

    5.2 The Principal Agent shall perform such checks and obtain such information about Prospects/Investors as UBS may request.

6. **DURATION AND TERMINATION**

    This Agreement is concluded for an indeterminate period of time and may be terminated by either party at any time as per the end of any month by giving three months' written notice.

7. **PROVISION OF IMMEDIATE TERMINATION OF THE CONTRACTUAL RELATIONSHIP**

    7.1 Where compelling reasons exist, the present Agreement may be terminated by either party without notice.

/LCP    2/3

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER.    UBSL003980
UBSVAA0003067

7.2 A compelling reason includes intentional and gross negligence in respect of any duty assigned in this Agreement.

8. GOVERNING LAW

This Agreement shall be governed and construed in accordance with the laws of the Grand Duchy of Luxembourg.

IN WITNESS whereof the parties hereto have caused this Agreement to be executed as of the day and year first above written, in two counterparts, one such counterpart to be retained by the Principal Agent and the other by UBS.

Luxembourg, September 1, 2005
................................................
Place / Date

................................................
UBS (Luxembourg) S.A.

Madrid, September 1, 2005
................................................
Place / Date

................................................
M&B Capital Advisers

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER.

UBSL003981
UBSVAA0003068