# EXHIBIT 37

# AGREEMENT OF UNDERSTANDING AND INDEMNIFICATION

This agreement is made on May 2, 2006

BETWEEN

**UBS Third Party Management Company S.A.**, a company incorporated under the laws of Luxembourg and having its registered office at 291, route d'Arlon, L-1150 Luxembourg and being authorised as a management company under Chapter 13 of the Luxembourg law of 20 December 2002 regarding undertakings for collective investment (the "Law")

(hereinafter referred to as the "**Management Company**")

AND

**UBS (Luxembourg) S.A.**, a company organised under the laws of Luxembourg and having its registered office at 36-38 Grand-Rue, L-1660 Luxembourg

(hereinafter referred to as the "**Promoter**")

WHEREAS the Promoter intends to entrust the Management Company to manage the assets of **Luxembourg Investment Fund**, an undertaking for collective investment in the form of an investment company with variable share capital under Part I of the Law (the "Fund").

WHEREAS the Management Company has been authorised by the Commission de Surveillance du Secteur Financier ("CSSF") as a management company under Chapter 13 of the Law.

WHEREAS the Promoter would like to use the services of the Management Company in relation to the management of the Fund.

WHEREAS the Promoter would like the Management Company to delegate certain of its functions in relation to the Fund to third parties in accordance with the terms described in this agreement.

WHEREAS the Management Company would like to be indemnified by the Promoter in respect of losses/liabilities which the Management Company may incur directly and indirectly in relation to the management of the Fund as a result of having, at the request of the Promoter, delegated certain of its functions to third parties.

The following has now been agreed amongst the parties:

1. Appointment of the Management Company

   The Management Company accepts to act as management company to the Fund in accordance with the Law and under the terms of a Management Company Services Agreement to be agreed amongst the parties.

2. Delegation of Functions by the Management Company

   The Management Company and the Promoter agree that the Management Company will, in compliance with article 85 of the Law, delegate its investment management, administration and marketing functions to third parties as follows:

(a) at the specific request of the Promoter, the Management Company will delegate its investment management functions for some of it sub-funds to Third Avenue Management LLC, NY, USA and Pimco Europe Limited, London, UK. These companies are organised under the laws of their respective countries of incorporation and authorised or registered for the purpose of asset management and subject to prudential supervision in their home country (together the "Investment Managers"); and

(b) the Management Company will delegate its administration functions to UBS Fund Services (Luxembourg) S.A., a company organised under the laws of Luxembourg and authorised to provide administration services to Luxembourg undertakings for collective investment; and

(c) at the specific request of the Promoter, the Management Company will delegate its marketing functions in Luxembourg to UBS (Luxembourg) S.A., (the "Distributor") and the Promoter confirms that, after having made all necessary investigations, that the Distributor qualified and capable and duly authorised in its jurisdiction for performing these marketing functions.

3. Fund Documentation

The Management Company and the Promoter will cooperate in good faith for the preparation of the Fund documentation (the "Fund Documents"). In this context, the Promoter will have sole responsibility for the drafting of investment policy and risk factor sections including any specific description of the markets or countries in which the Fund will invest.

4. Liability of the Management Company

The Management Company shall not be liable for any loss, damage, claim, demand or penalty suffered by the Promoter while performing its functions as Management Company unless such loss, damage, claim, demand or penalty results directly from the gross negligence, fraud or wilful default of the Management Company.

5. Indemnification of the Management Company

The Promoter shall indemnify and hold harmless the Management Company in respect of all claims, demands, liabilities, obligations, losses, damages, penalties, actions, judgements, suits, costs, expenses or disbursements of any kind or nature ("Liabilities and Costs") whatsoever which may be imposed on, incurred by or asserted against the Management Company arising directly or indirectly out of or directly or indirectly in connection with:

(i) the negligence, fraud or wilful default of the Promoter or its representatives (comprising, without limitation, representatives of the Promoter being members of the board of directors of the Fund, or any advisory committee or being the appointed day-to-day managers of the Management Company)

(ii) the non-compliance by the Investment Managers with any provisions comprised in the Fund Documents and the Law and, more specifically, the breaching of any provisions of the investment policies and investment restrictions set forth in the Fund Documents and the Law, as well as the inaccurate reporting to the day-to-day managers

(iii) the non-compliance by the Distributor or any sub-distributor(s) appointed by it, with any provisions comprised in the Fund Documents and the Law and, more specifically, the non-compliance by the Distributor, or any sub-distributor appointed by it, with any marketing rules in any jurisdiction where the Distributor, or any sub-distributor(s) appointed by it, sells the Fund's shares.

3

For the avoidance of any doubt, the indemnification of the Management Company under the foregoing clauses shall comprise any payments which the Management Company may have to make to the Fund or its shareholders upon a decision of the CSSF as a result of the non-compliance with investment rules in accordance with CSSF circular 02/77.

More generally, the Promoter shall indemnify and hold harmless the Management Company in respect of all Liabilities and Costs which may be imposed, incurred by or asserted against the Management Company as a result of the Management Company acting as management company of the Fund except for the Liabilities and Costs incurred by the Management Company as a result of the negligence of directors, managers, officers or other staff of the Management Company who are employees or representatives of the UBS Group.

The indemnification of the Management Company as contemplated herein shall extend to its directors, officers and employees.

6. Term of Agreement

This agreement shall remain in force for as long as the Fund exists and, in case of its liquidation, until the closure of the liquidation provided however that any indemnification provisions contained herein shall remain applicable for as long as the prescription period for any liability of the Management Company waives the Fund for any action taken by the Management Company in relation to the Fund has not elapsed.

7. Governing Law and Jurisdiction

This agreement shall be governed by and interpreted in accordance with the laws of the Grand-Duchy of Luxembourg and in case of dispute, the Luxembourg courts shall have exclusive jurisdiction, except that the Management Company has the right to act against the Promoter in any other court.

Luxembourg, May 2, 2006
**UBS Third Party Management Company S.A.**

Luxembourg, May 2, 2006
**UBS (Luxembourg) S.A.**