Pamela A. Miller
Amber Covucci
O'MELVENY & MYERS LLP
Seven Times Square
New York, New York 10036
Telephone: (212) 326-2000
E-mail: pmiller@omm.com
*Attorneys for Merrill Lynch Bank (Suisse) SA*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (CGM) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, and Bernard L. Madoff, | Adv. Pro. No. 11-02910 (CGM) |
| Plaintiff, | |
| v. | |
| MERRILL LYNCH BANK (SUISSE) SA, | |
| Defendant. | |

**MERRILL LYNCH BANK (SUISSE) SA'S ANSWER AND JURY DEMAND**

Merrill Lynch Bank (Suisse) SA ("MLBS"), by its undersigned counsel, respectfully submits this Answer to the Amended Complaint (ECF No. 115).[1] This Answer is based on information reasonably known to MLBS as of June 30, 2023.

## GENERAL DENIAL

Except as otherwise expressly stated herein, MLBS denies each and every allegation in the Amended Complaint, including, without limitation, any allegations contained in the Amended Complaint's preamble, headings, subheadings, or footnotes, and denies any liability to Plaintiff and to any party on whose behalf Plaintiff seeks recovery. Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, averments in the Amended Complaint to which no responsive pleading is required shall be deemed as denied.

MLBS's investigation is ongoing, and as such, MLBS expressly reserves the right to seek to amend this Answer as may be necessary.

## RESPONSES TO SPECIFIC ALLEGATIONS

### I.    NATURE OF ACTION

1.    MLBS denies the allegations in Paragraph 1.

2.    MLBS denies the allegations in Paragraph 2.

3.    MLBS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3, and on that basis denies them, except admits that Fairfield Sentry and Fairfield Sigma are British Virgin Island companies that are in liquidation in the British Virgin Islands.

---

[1] As used herein, (i) "Fairfield Sentry" means Fairfield Sentry Limited; (ii) "Fairfield Sigma" means Fairfield Sigma Ltd.; (iii) the "Funds" means Fairfield Sentry and Fairfield Sigma; (iv) "PPM" means private placement memorandum; and (v) BLMIS means Bernard L. Madoff Investment Securities LLC.

4.      MLBS denies the allegations in Paragraph 4, except admits that at all relevant

times, ML & Co. was the ultimate parent corporation of MLBS. MLBS denies knowledge or

information sufficient to form a belief as to the truth of the allegations related to "Merrill Lynch"

to the extent Merrill Lynch is defined to include unnamed entities and entities other than MLBS.

5.      MLBS denies the allegations in Paragraph 5, except MLBS denies knowledge or

information sufficient to form a belief as to the truth of the allegations related to "Merrill Lynch"

to the extent Merrill Lynch is defined to include unnamed entities and entities other than MLBS.

6.      MLBS denies the allegations in Paragraph 6, except MLBS denies knowledge or

information sufficient to form a belief as to the truth of the allegations related to "Merrill Lynch"

to the extent Merrill Lynch is defined to include unnamed entities and entities other than MLBS.

To the extent this paragraph selectively quotes unidentified documents, MLBS refers the Court

to the complete contents of those documents.

7.      MLBS denies the allegations in Paragraph 7, except MLBS admits that it made

certain investments in the Fairfield Funds. MLBS denies knowledge or information sufficient to

form a belief as to the truth of the allegations related to "Merrill Lynch" to the extent Merrill

Lynch is defined to include unnamed entities and entities other than MLBS.

## II.     <u>SUBJECT MATTER JURISDICTION AND VENUE</u>

8.      MLBS avers that the allegations in Paragraph 8 contain argument, legal

conclusions, or legal principles to which no response is required. To the extent a response is

required, MLBS denies the allegations in Paragraph 8, except admits that this adversary

proceeding is connected to the underlying SIPA proceeding, which was commenced in the

District Court and referred to this Court.

9.      MLBS avers that the allegations in Paragraph 9 contain argument, legal

conclusions, or legal principles to which no response is required. To the extent a response is

required, MLBS denies the allegations in Paragraph 9, and states that MLBS does not consent to entry of final orders or judgments by the Bankruptcy Court.

10.     MLBS avers that the allegations in Paragraph 10 contain argument, legal conclusions, or legal principles to which no response is required. To the extent a response is required, MLBS denies the allegations in Paragraph 10.

11.     MLBS avers that the allegations in Paragraph 11 contain argument, legal conclusions, or legal principles to which no response is required. To the extent a response is required, MLBS admits the allegations in Paragraph 11 that the Trustee purports to bring this adversary proceeding under SIPA §§ 78fff(b) and 78fff-2(c)(3), 11 U.S.C. §§ 105(a), and 550(a).

## III.   DEFENDANT AND RELEVANT NON-PARTIES

12.     MLBS admits the allegations in Paragraph 12 that (1) MLBS was a Swiss société anonyme, headquartered at route de Florissant 13, Geneva, Switzerland, (2) MLBS operated a bank, (3) MLBS was a wholly owned subsidiary of Merrill Lynch International Bank Limited, (4) Merrill Lynch International Bank Limited was a subsidiary of ML & Co., and (5) MLBS was a wholly owned indirect subsidiary of the Bank of America Corporation.

13.     MLBS admits that (1) MLBS was merged into Bank Julius Baer & Co. Ltd. ("BJB") on May 31, 2013 and MLBS was dissolved, following the merger, and (2) BJB is a private bank headquartered at Bahnhofstrasse 36, 8001 Zurich, Switzerland.

14.     MLBS admits that it has been participating in this action as MLBS and that it stated in its *Memorandum of Law in Support of Merrill Lynch Bank (Suisse) SA's Motion to Dismiss*, "MLBS was merged into Bank Julius Baer & Co. Ltd ("BJB") on May 31, 2013." ECF No. 121 at 4.

15.     Upon information and belief, MLBS admits the allegations in Paragraph 15.

16.     MLBS denies the allegations in Paragraph 16, except MLBS denies knowledge or information sufficient to form a belief as to the truth of the allegations related to "Merrill Lynch" to the extent Merrill Lynch is defined to include unnamed entities and entities other than MLBS. To the extent this paragraph selectively quotes an unidentified document, MLBS refers the Court to the complete contents of that document.

## IV.    **PERSONAL JURISDICTION**

17.     MLBS avers that the allegations in Paragraph 17 contain argument, legal conclusions, or legal principles to which no response is required. To the extent a response is required, MLBS denies the allegations in Paragraph 17.

18.     MLBS denies the allegations in Paragraph 18.

19.     MLBS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19, except admits that MLBS entered into certain subscription agreements with Fairfield Sentry as agent for its customers and refers the Court to the full contents of those subscription agreements.

20.     MLBS denies the allegations in Paragraph 20, except admits that (i) Sentry's subscription agreements required subscription payments to Sentry to be made in U.S. dollars and (ii) MLBS sent certain funds to Sentry's HSBC bank account in New York.

21.     MLBS denies the allegations in Paragraph 21, except admits that MLBS maintained a bank account in New York.

22.     MLBS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 related to "Merrill Lynch" to the extent Merrill Lynch is defined to include unnamed entities and entities other than MLBS and on that basis, denies them.

23.     MLBS denies the allegations in Paragraph 23, except admits that the Fairfield

Sentry subscription agreements refer to the operable PPM. MLBS refers the Court to the

complete contents of the subscription agreements and the private placement memoranda.

24.     MLBS denies the allegations in Paragraph 24, except admits that MLBS received

a Fairfield Sentry PPM. To the extent this paragraph selectively quotes from unidentified PPMs,

MLBS refers the Court to the complete contents of those PPMs.

25.     MLBS denies the allegations in Paragraph 25. To the extent this paragraph

selectively quotes from unidentified tear sheets, MLBS refers the Court to the complete contents

of those documents.

26.     MLBS denies the allegations in Paragraph 26.

27.     MLBS denies knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 27. To the extent this paragraph refers to an unidentified PPM,

MLBS refers to the contents of that PPM.

28.     MLBS denies the allegations in Paragraph 28.

29.     MLBS denies the allegations in Paragraph 29, except admits that MLBS

employees had email communication with representatives of Fairfield Greenwich Group. To the

extent this paragraph refers to unidentified communications, MLBS refers the Court to the

complete contents of those communications.

30.     MLBS denies the allegations in Paragraph 30, except admits that it received (1)

documents detailing Fairfield Sentry's performance from 1990-2008, (2) documents detailing

Fairfield Sigma's performance from 2000-2004, (3) certain weekly and monthly fund reports for

Fairfield Sigma and Fairfield Sentry, and (4) a PPM for Fairfield Sentry. To the extent this

paragraph selectively refers to unidentified documents, MLBS refers the Court to the complete

contents of those documents.

31.    MLBS denies the allegations in Paragraph 31. To the extent this paragraph

selectively refers to unidentified documents, MLBS refers the Court to the complete contents of

those documents.

32.    MLBS denies the allegations in Paragraph 32, except admits that an employee of

MLBS had email correspondence with Fairfield Greenwich Group about retrocession payments

under an agreement between MLBS and Fairfield Greenwich Limited.

33.    MLBS admits the allegation in Paragraph 33 that it entered into a Customer

Agency and Shareholder Services Agreement Relating to the Private Placement of Funds with

Fairfield Greenwich Limited and refers the Court to the complete contents of that agreement.

34.    MLBS denies the allegations in Paragraph 34.

35.    MLBS denies the allegations in Paragraph 35.

36.    MLBS denies the allegations in Paragraph 36.

37.    MLBS avers that the allegations in Paragraph 37 contain argument, legal

conclusions, or legal principles to which no response is required. To the extent a response is

required, MLBS denies the allegations in Paragraph 37.

38.    MLBS avers that the allegations in Paragraph 38 contain argument, legal

conclusions, or legal principles to which no response is required. To the extent a response is

required, MLBS denies knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 38.

## V.    BLMIS, THE PONZI SCHEME, AND MADOFF'S INVESTMENT STRATEGY

### A.    BLMIS

39.    MLBS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39.

40.    MLBS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40. To the extent this paragraph selectively refers to unidentified documents, MLBS refers the Court to the complete contents of those documents.

41.    MLBS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41.

42.    MLBS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42.

43.    MLBS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43. To the extent this paragraph refers to financial reports BLMIS filed with the SEC, MLBS refers the Court to the complete contents of those reports.

44.    MLBS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44. To the extent this paragraph refers to documents filed with the SEC, MLBS refers the Court to the complete contents of those documents.

### B.    THE PONZI SCHEME

45.    MLBS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45.

46.    MLBS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46.

47.    MLBS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47.

48.     MLBS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48.

***Madoff's Investment Strategy***

49.     MLBS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49.

50.     MLBS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50.

51.     MLBS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51.

52.     MLBS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52.

53.     MLBS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53.

54.     MLBS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54.

55.     MLBS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55.

56.     MLBS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56.

57.     MLBS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57.

58.     MLBS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58.

59.     MLBS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59.

60.     MLBS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60.

***BLMIS's Fee Structure***

61.     MLBS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61.

***BLMIS's Market Timing***

62.     MLBS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62.

63.     MLBS avers that the allegations in Paragraph 63 contain argument, legal conclusions or legal principles to which no response is required. To the extent a response is required, MLBS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63.

64.     MLBS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64.

***BLMIS Execution***

65.     MLBS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65, and on that basis denies them.

***No Evidence of BLMIS Trading***

66.     MLBS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66.

67.     MLBS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67.

***The Collapse of the Ponzi Scheme***

68.     MLBS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68, except admits that, upon information and belief, BLMIS's Ponzi scheme collapsed in December 2008.

69.     MLBS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69.

70.     MLBS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70.

## VI.    THE MERRILL LYNCH ENTITIES ACTED AS AN INTEGRATED WHOLE AND HAD EXTENSIVE DUE DILIGENCE CAPABILITIES

71.     MLBS denies the allegations in Paragraph 71, except MLBS denies knowledge or information sufficient to form a belief as to the truth of the allegations related to "Merrill Lynch" to the extent Merrill Lynch is defined to include unnamed entities and entities other than MLBS. To the extent this paragraph selectively quotes from an unidentified document, MLBS refers the Court to the complete contents of that document.

72.     MLBS denies the allegations in Paragraph 72, except MLBS denies knowledge or information sufficient to form a belief as to the truth of the allegations related to the GPC Group. To the extent this paragraph selectively quotes from an unidentified document, MLBS refers the Court to the complete contents of that document.

73.     MLBS denies the allegations in Paragraph 73, except MLBS denies knowledge or information sufficient to form a belief as to the truth of the allegations related to "Merrill Lynch" to the extent Merrill Lynch is defined to include unnamed entities and entities other than MLBS.

74.     MLBS denies the allegations in Paragraph 74. To the extent this paragraph selectively quotes from an unidentified document, MLBS refers the Court to the complete contents of that document.

75.     MLBS denies the allegations in Paragraph 75, except MLBS denies knowledge or information sufficient to form a belief as to the truth of the allegations related to "Merrill Lynch" to the extent Merrill Lynch is defined to include unnamed entities and entities other than MLBS. To the extent this paragraph selectively references monthly performance analysis reports, MLBS refers the Court to the complete contents of those documents.

76.     MLBS denies the allegations in Paragraph 76, except MLBS denies knowledge or information sufficient to form a belief as to the truth of the allegations related to "Merrill Lynch" to the extent Merrill Lynch is defined to include unnamed entities and entities other than MLBS.

77.     MLBS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77.

78.     MLBS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 and on that basis, denies them. MLBS denies knowledge or information sufficient to form a belief as to the truth of the allegations related to "Merrill Lynch" to the extent Merrill Lynch is defined to include unnamed entities and entities other than MLBS. To the extent this paragraph selectively references the "Merrill Lynch January 2007 report," MLBS refers the Court to the complete contents of that document.

79.     MLBS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 and on that basis, denies them. MLBS denies knowledge or information sufficient to form a belief as to the truth of the allegations related to "Merrill Lynch" to the extent Merrill Lynch is defined to include unnamed entities and entities other than MLBS.

12

To the extent this paragraph selectively references the "Merrill Lynch January 2007 report,"

MLBS refers the Court to the complete contents of that document.

80.    MLBS denies knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 80 and on that basis, denies them. MLBS denies knowledge or

information sufficient to form a belief as to the truth of the allegations related to "Merrill Lynch"

to the extent Merrill Lynch is defined to include unnamed entities and entities other than MLBS.

81.    MLBS denies the allegations in Paragraph 81. To the extent this paragraph

selectively quotes from an unidentified email, MLBS refers the Court to the complete contents of

that email.

## VII.    RECOVERY OF SUBSEQUENT TRANSFERS TO MLBS

### A.    INITIAL TRANSFERS FROM BLMIS TO FAIRFIELD SENTRY

82.    MLBS denies knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 82, except admits, upon information and belief, that the Trustee

commenced a separate adversary proceeding against Fairfield Sentry and other defendants in this

Court and refers the Court to the pleadings in *Picard v. Fairfield Sentry Ltd., et al*., Adv. Pro.

No. 09-01239 for their complete contents.

83.    Upon information and belief, MLBS admits the allegations in Paragraph 83.

84.    MLBS avers the allegations in Paragraph 84 contain argument, legal conclusions

or legal principles to which no response is required. To the extent a response is required, MLBS

denies knowledge or information sufficient to form a belief as to the truth of the allegations in

Paragraph 84 and on that basis, denies them.

85.    MLBS denies knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 85 except, upon information and belief, admits that the Trustee

filed a second amended complaint in *Picard v. Fairfield Sentry Ltd., et al.*, Adv. Pro. No. 09-01239 and refers the Court to the complete contents of that document.

86.    MLBS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86.

87.    MLBS avers the allegations in Paragraph 87 contain argument, legal conclusions or legal principles to which no response is required.  To the extent a response is required, MLBS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87 and on that basis, denies them.

88.    MLBS avers the allegations in Paragraph 88 contain argument, legal conclusions or legal principles to which no response is required. To the extent a response is required, MLBS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88 and on that basis, denies them.

**B.    SUBSEQUENT TRANSFERS FROM FAIRFIELD SENTRY TO MLBS**

89.    MLBS denies the allegations in Paragraph 89, except (i) admits that MLBS received certain funds from Fairfield Sentry, (ii) denies knowledge or information sufficient to form a belief about the Trustee's investigations to date, and (iii) admits that Exhibit C purports to list transfers from Sentry to MLBS.

90.    MLBS denies the allegations in Paragraph 90, except admits that the Trustee filed this action on November 22, 2011.

91.    MLBS avers the allegations in Paragraph 91 contain argument, legal conclusion, or legal principles to which no response is required. To the extent a response is required, MLBS denies the allegations in Paragraph 91.

92.     MLBS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92, except admits that MLBS received redemption payments from Fairfield Sentry in exchange for shares of Fairfield Sentry.

**C.     SUBSEQUENT TRANSFERS FROM FAIRFIELD SENTRY TO FAIRFIELD SIGMA AND SUBSEQUENTLY TO MLBS**

93.     MLBS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93.

94.     MLBS denies the allegations in Paragraph 94, except admits that Exhibit E purports to identify a transfer from Fairfield Sigma to MLBS.

95.     MLBS avers the allegations in Paragraph 95 contain argument, legal conclusion, or legal principles to which no response is required. To the extent a response is required, MLBS denies the allegations in Paragraph 95.

96.     MLBS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96.

97.     The allegations in Paragraph 97 set forth defined terms for purposes of the Amended Complaint to which no response is required. To the extent a response is required, MLBS admits that the Trustee defines the Fairfield Sentry-MLBS Subsequent Transfers and the Fairfield Sigma-MLBS Subsequent Transfers as the "Fairfield Subsequent Transfers."

98.     MLBS avers that the allegations in Paragraph 98 contain argument, legal conclusions, or legal principles to which no response is required. To the extent a response is required, MLBS denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98.

## COUNT ONE
## RECOVERY OF FAIRFIELD SUBSEQUENT TRANSFERS
## 11 U.S.C. §§ 105(a) AND 550(a)

99.     MLBS reasserts its responses to Paragraphs 1 through 98 as if fully set forth herein.

100.    MLBS avers that the allegations in Paragraph 100 contain argument, legal conclusions, or legal principles to which no response is required. To the extent a response is required, MLBS denies the allegations in Paragraph 100.

101.    MLBS avers that the allegations in Paragraph 101 contain argument, legal conclusions, or legal principles to which no response is required. To the extent a response is required, MLBS denies the allegations in Paragraph 101.

102.    MLBS avers that the allegations in Paragraph 102 contain argument, legal conclusions, or legal principles to which no response is required. To the extent a response is required, MLBS denies the allegations in Paragraph 102.

## RESPONSE TO REQUEST FOR RELIEF

The allegations contained in Plaintiff's request for relief are legal conclusions to which no response is required. To the extent a response is required, MLBS denies the allegations and denies that Plaintiff is entitled to the relief requested.

## DEFENSES

### First Defense
### (Failure to State a Claim for Relief)

The Trustee fails to state a claim upon which relief can be granted, including for each of the reasons stated in the Memorandum of Law in Support of MLBS's Motion to Dismiss, ECF No. 121, and related briefing.

16

**Second Defense**
**(Section 550(b) – Value, Good Faith, Without Knowledge of Voidability)**

The Trustee's claims are barred, in whole or in part, because to the extent MLBS received any of the alleged transfers from BLMIS to the Funds, or proceeds thereof, the Trustee may not recover such transfers or proceeds under 11 U.S.C. § 550(b) because MLBS took any funds it received for value, in good faith, and without knowledge of the avoidability of the alleged initial transfers from BLMIS.

Any alleged transfers received by MLBS were received for value, as they were made in exchange for MLBS's surrender of its shares in the Funds.

MLBS did not know that BLMIS was engaged in fraud and the facts known to MLBS were insufficient to put MLBS on inquiry notice that BLMIS was a Ponzi scheme. Any transfers to MLBS were not made for a fraudulent purpose, but were routine transfers in exchange for redemption of shares in the Funds. A reasonable person with the facts in MLBS's possession would not have been on inquiry notice of any fraudulent purpose behind such transfers from the Funds to MLBS, nor would those facts have led such a person to conduct further inquiry into whether there was a fraudulent purpose to such transfers or whether BLMIS was trading securities, was a fraud, or was a Ponzi scheme.

Even if MLBS was on inquiry notice of a possible fraudulent purpose behind any alleged transfers it received, a diligent inquiry by MLBS would not have led to the discovery that BLMIS was not trading securities, was a fraud, or was a Ponzi scheme. Other entities with greater investigatory tools and resources than MLBS, and with more access to BLMIS personnel and documentation than MLBS, including the Securities and Exchange Commission, repeatedly investigated BLMIS but failed to uncover BLMIS's fraud before December 2008. Moreover, BLMIS was highly secretive and the fraud it perpetrated was unprecedented. It is inconceivable

17

that MLBS could have discovered such a secretive, longstanding scheme, while thousands of other market participants and the SEC could not.

MLBS did not have knowledge of the voidability of the transfers from BLMIS to Sentry, when it received transfers from the Funds, if any.

## Third Defense
### (Not BLMIS Customer Property)

The property, if any, that MLBS received from the Funds was not BLMIS customer property under 15 U.S.C. § 78fff2(c)(3) or any other applicable law, or the proceeds thereof. Therefore, the property is not recoverable by the Trustee from MLBS.

## Fourth Defense
### (Proceeds Not Recoverable)

In the alternative, to the extent that the property, if any, that MLBS received from the Funds was BLMIS customer property or the proceeds thereof, it is not recoverable by the Trustee from MLBS under 11 U.S.C. § 550(a)(2).

## Fifth Defense
### (11 U.S.C. § 550(d); N.Y. Debtor and Creditor Law § 278(1)(a) – Single Satisfaction)

Under 11 U.S.C. § 550(d), the Trustee may not recover any alleged subsequent transfer from MLBS to the extent the Trustee has recovered from the Funds or any other immediate or mediate transferee the amount of the initial transfer that included the customer property that the Trustee alleges MLBS received. Under NYDCL § 278(a)(a), the Trustee is entitled to set aside a conveyance only to the extent necessary to satisfy his claim.

## Sixth Defense
### (Extraterritoriality)

The Trustee's recovery from MLBS of any transfer from the Funds constitutes an impermissible extraterritorial application of U.S. law.

**Seventh Defense**
**(Comity)**

The Trustee's recovery from MLBS of any transfer from the Funds would violate

principles of comity.

**Eighth Defense**
**(Bankruptcy Code Safe Harbor – 11 U.S.C. § 546(e))**

The Trustee's claim is barred, in whole or in part, because the alleged subsequent

transfers to MLBS, if any, may not be recovered because they are subject to the safe harbor in 11

U.S.C. § 546(e). The alleged transfers were (i) made by, or to, or for the benefit of a, stockbroker

(BLMIS), financial institution (Fairfield Sentry or Fairfield Sigma), financial participant

(MLBS), or other covered entity, and (ii) a settlement payment and/or a transfer made in

connection with a securities contract (between BLMIS and Sentry or between Sentry or Sigma

and MLBS).

**Ninth Defense**
**(Laches/Unreasonable Delay)**

The Trustee's claim is barred, in whole or in part, because the delay in bringing and

prosecuting his claim, which was brought more than a decade ago, lay dormant for years and

concerns alleged transfers made 15 to 20 years ago, is unreasonable and unfairly prejudices

MLBS's ability to defend itself, including with respect to any claim by the Trustee for interest.

**Tenth Defense**
**(Personal Jurisdiction)**

The Court lacks personal jurisdiction over MLBS because the claims in this action do not

arise from contacts between MLBS and the United States, including for the reasons stated in the

Memorandum of Law in Support of MLBS's Motion to Dismiss, ECF No. 121, and related

briefing.

**Eleventh Defense**
**(Statute of Limitations)**

The Trustee's claims are barred, in whole or in part, by the applicable statute of limitations.

**Twelfth Defense**
**(Mere Conduit)**

The Trustee's claim is barred, in whole or in part, because Fairfield Sentry was a mere conduit, and consequently, any claimed transfers were initial transfers from BLMIS to MLBS. As the Trustee stated in *Picard v. Grosvenor Investment Management Ltd.*, No. 12-1021, 2022 WL 17098716 (Bankr. S.D.N.Y. Nov. 21, 2022), Fairfield Sentry's "sole purpose was to funnel money to BLMIS" and "no arm's length relationship exist[ed] between [Sentry] and BLMIS" (internal quotation marks and citation omitted). 12-1021 ECF 115, at 3, 6. As a result, any redemptions received by MLBS were initial transfers from BLMIS to MLBS that are subject to the safe harbor under 11 U.S.C. § 546(e); any Trustee proceeding to avoid the alleged transfers is untimely; and MLBS may retain the amount it received, if any, pursuant to 11 U.S.C. § 548(c) and 11 U.S.C. § 548(d)(2)(B) because it took any alleged transfers for value and in good faith.

**Thirteenth Defense**
**(Initial Transfers Not Avoided)**

The Trustee's claim is barred, in whole or in part, because under 11 U.S.C. § 550(a), the Trustee may not recover the alleged subsequent transfers because he has not avoided the alleged initial transfers from BLMIS to Fairfield Sentry.

**Fourteenth Defense**
**(Lack of Dominion or Control)**

The Trustee's claims are barred, in whole or in part, because MLBS lacked dominion and control over funds allegedly received from the so-called Fairfield Subsequent Transfers and MLBS was therefore not a transferee for purposes of 11 U.S.C. § 550(a)(2).

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Rule 9015 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), MLBS hereby demands a jury trial on all claims and issues that may be tried to a jury.

## STATEMENT PURSUANT TO BANKRUPTCY RULE 7012(b)

MLBS does not consent to the entry of final orders or judgment by the Bankruptcy Court.

Dated: June 30, 2023                        Respectfully submitted,

New York, New York                          O'MELVENY & MYERS LLP

                                            By: /s/ *Pamela A. Miller*
                                            Pamela A. Miller
                                            Amber Covucci
                                            O'MELVENY & MYERS LLP
                                            Seven Times Square
                                            New York, New York 10036
                                            Telephone: (212) 326-2000
                                            E-mail: pmiller@omm.com

                                            *Attorneys for Merrill Lynch Bank (Suisse)*
                                            *SA*