UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br> Plaintiff-Applicant, <br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br> Defendant. | Adv. Pro. No. 08-01789 (CGM) <br><br> SIPA Liquidation <br><br> (Substantively Consolidated) |
| In re: <br><br> BERNARD L. MADOFF, <br><br> Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madof, <br><br> Plaintiff, <br> v. <br><br> BANK JULIUS BAER & CO. LTD., <br><br> Defendant. | Adv. Pro. No. 11-02922 (CGM) |

## CASE MANAGEMENT PLAN

Plaintiff Irving H. Picard, as trustee (the "Trustee") for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa–*lll*, and the Chapter 7 estate of Bernard L. Madoff individually, and defendant Bank Julius Baer & Co. Ltd. ("BJB," and together with the Trustee, the "Parties," and each individually, a "Party"), by and through their respective undersigned counsel, hereby submit the following Case Management Plan pursuant to Rules 16 and 26 of the

Federal Rules of Civil Procedure (the "Federal Rules"), applicable under Rules 7016 and 7026 of the Federal Rules of Bankruptcy Procedure.

1. Relevant Procedural History.

    a. On December 8, 2011, the Trustee commenced the above-captioned adversary proceeding in the United States Bankruptcy Court for the Southern District of New York (the "Court") by filing a Complaint against BJB. *Picard v. Bank Julius Baer & Co. Ltd.*, Adv. Pro. No. 11-02922, ECF No. 1.

    b. On April 15, 2022, the Trustee filed an Amended Complaint. *Id.*, ECF No. 110.

    c. On December 28, 2022, the Court issued an order denying BJB's motion to dismiss the Amended Complaint and setting BJB's deadline to answer the Amended Complaint. *Id.*, ECF No. 135.

    d. On March 3, 2023, BJB filed answers and affirmative defenses. *Id.*, ECF No. 139.

2. Fact Discovery Plan.

    a. Fact Discovery Cut-Off. Unless otherwise agreed to by the Parties or ordered by the Court, all fact discovery is to be completed by September 1, 2025 (the "Fact Discovery Cut-Off Date").

    b. Initial Disclosures. The Parties agree that they shall serve Initial Disclosures as required under Federal Rule 26(a)(1)(A), on or before 60 days after the entry of this Case Management Plan.

    c. Subjects On Which Discovery May Be Needed. The Parties contemplate that fact and expert discovery will be needed on asserted claims and defenses.

d.  <u>Foreign Discovery</u>.  The Trustee anticipates the need for discovery located outside of the United States, including from individuals and entities that may have been affiliated with BJB.  To obtain discovery from these individuals and entities, the Trustee will comply with the relevant discovery rules of the applicable jurisdiction, the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, and/or, for those jurisdictions not party to the Hague Convention, any other internationally recognized means of obtaining cross-border discovery, including but not limited to, letters rogatory (collectively, "International Discovery").  To the extent the Parties avail themselves of International Discovery procedures, they will not be deemed to have waived, prejudiced, or otherwise altered their rights to conduct discovery under the Federal Rules, the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules"), or other applicable domestic rules.  To the extent that responses to International Discovery are not received or depositions/examinations have not occurred by the Fact Discovery Cut-Off Date, one or more Parties may individually or jointly seek reasonable extensions of the deadlines set forth herein without prejudice to the rights of any party to oppose such a request made by an adverse Party.  BJB reserves all rights and does not waive any arguments as to how discovery should be conducted with respect to current or former BJB employees.

e.  <u>Form of Certain Discovery</u>.  The Trustee intends to utilize one or more electronic data rooms to affirmatively make available millions of documents related to the Trustee's claims.  The Trustee's use of such data rooms will be governed by all applicable orders and rules, and nothing in this Case Management Plan modifies the provisions of this Court's orders addressing the use of electronic data rooms (ECF Nos. 5474 and 5475-1) entered on September 17, 2013 in *Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities LLC*, No. 08-01789 (CGM) and any applicable amendments.  BJB reserves all rights with respect

3

to the Trustee's and BJB's use of such data rooms, including relating to the Trustee's reliance on the availability of documents in electronic data rooms to comply with the Trustee's discovery obligations in this proceeding. To the extent BJB avails itself of one or more such data rooms, it will not be deemed to have waived, prejudiced, or otherwise altered its rights to conduct discovery of the Trustee by other means permitted under the Federal Rules, the Local Bankruptcy Rules, other applicable domestic or foreign rules, or other applicable Court orders.

    f. <u>Document Requests</u>. The Parties may serve requests for documents on or before 60 days before the Fact Discovery Cut-Off Date.

    g. <u>Interrogatories</u>. The Parties may serve Interrogatories in accordance with the rules and limitations articulated in Local Bankruptcy Rule 7033-1.

    h. <u>Requests For Admission</u>. The Parties may serve Requests for Admission on or before 30 days before the Fact Discovery Cut-Off Date.

    i. <u>Limitations On Discovery</u>. The Parties may agree on certain limitations on discovery or may file an application with the Court for good cause.

    j. <u>Swiss Redaction Protocol</u>. BJB, as a Swiss bank, is subject to Swiss law, various provisions of which may limit or prohibit unilateral disclosure of certain information in discovery that otherwise would be discoverable under U.S. law. As such, BJB maintains that, to avoid potentially resolvable clashes of Swiss and U.S. law, the Parties should agree to a Swiss Redaction Protocol. The Trustee maintains that the Federal Rules provide a sufficient mechanism for addressing discovery disputes in this proceeding and that the entry into a redaction protocol is premature in that it assumes such redactions are appropriate without any context under which to address such questions.

k. <u>Production Of Privileged Materials</u>.  The Parties acknowledge that the production of privileged or work product protected documents is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.  This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).  The production of privileged materials shall be handled in accordance with the Litigation Protective Order, referenced in Section 5 below, except as may be modified by subsequent court orders.  Nothing contained in this paragraph is intended to or shall serve to limit a Party's right to conduct a review of its own documents, including electronically stored information, for relevance, responsiveness, and/or privileged and/or protected status.

l. <u>Depositions</u>.  Subject to any extensions of such date as per Section 2.d. above, all depositions of fact witnesses must be completed by the Fact Discovery Cut-Off Date.  Depositions shall proceed concurrently, with no Party having priority.  The Parties will endeavor to conclude the majority of depositions within the seven (7) hours provided by Federal Rule 30(d)(1), although the Parties acknowledge that there may be certain depositions of fact witnesses with knowledge of issues common to more than one avoidance action related to Adv. Pro. No. 08-01789 (CGM) (the "Avoidance Action(s)") that cannot be concluded within this time limit.  For any such witness, the Parties will attempt in good faith to agree to reasonable extensions of the seven (7) hour time limit as appropriate, and failing agreement either Party may apply to the Court for an extension of this time limit.

To the extent the deposition of any fact witness raises common issues relevant to another Avoidance Action, in which fact discovery has not closed, the Parties shall make a good faith effort to coordinate such depositions with the witness and defendants in such Avoidance Actions to maximize efficiency and use of resources to the extent reasonably practicable.  The Parties shall

5

confer in good faith and provide notice of such depositions under the Federal Rules, including the date, time, and location of any such depositions, to all relevant parties by appropriate means. In a coordinated deposition, the limitations set forth in Federal Rule 30(d)(1) shall not necessarily apply, and the parties shall agree on an appropriate duration for the deposition. Such depositions shall not prejudice or preclude the Trustee from additional depositions of such witness in Avoidance Actions in which initial disclosures have not been made and discovery is not open. The Parties agree that they will work in good faith to identify the requisite number of each Party's deponents and depositions, and the date, time, and location of such depositions, including as to any non-party fact witnesses. Depositions of Irving H. Picard himself are prohibited absent an order issued by this Court upon a showing of good cause.

Nothing contained in this Case Management Plan shall be deemed or construed to be a waiver of any Party's right to object to the taking of the deposition of a particular witness, or abridge, limit, or modify any rights that a foreign witness has under the applicable law of the relevant foreign jurisdiction.

3. *Expert Discovery*. Within 60 days before the Fact Discovery Cut-Off Date, the Parties agree to meet and confer in good faith on the need for and timing of expert discovery. The Parties further agree to submit a proposed Amended Case Management Plan that addresses expert discovery in this action prior to the Fact Discovery Cut-Off Date. The deferral of agreement on an expert discovery plan does not waive, prejudice, or otherwise alter the Parties' rights to conduct expert discovery.

4. *Manner Of Production Of Discovery Materials*. The Parties may produce discovery on a CD-ROM, flash drive, portable hard drive, in an electronic data room, secure or encrypted file transfer, or other similar electronic format. Given the volume of documentation that may be

6

subject to disclosure in this matter, the Parties may produce a summary report, such as an expert report, and provide access to the underlying documentation on which the summary report relies in an electronic data room or other medium for review by the Parties. Information and documents produced or made available electronically shall, to the extent reasonably feasible:

(i) be text searchable;

(ii) provide data and image load files necessary to review the documents on search platforms (*e.g.*, Summation, Concordance, Relativity) upon request of any Party;

(iii) provide any system-created or non-privileged captured objective metadata, such as date fields, author fields, custodian fields, path to native file, etc.;

(iv) be organized, such as by date, custodian, or subject matter, as maintained in the ordinary course of business or (in the case of information obtained by the Trustee from third parties) as organized by the Trustee;

(v) provide additional formats of production, metadata, or native documents if requested by any Party.

The Parties shall meet and confer first in a good faith attempt to resolve any dispute. If the Parties cannot resolve any such dispute consensually, they shall refer the dispute to the Discovery Arbitrator in accordance with Section 7 below.

5. <u>Confidentiality</u>. The Litigation Protective Order (ECF No. 4137) entered in *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Bernard L. Madoff Inv. Sec., LLC)*, Adv. Pro. No. 08-01789, on June 6, 2011, as modified via Order dated September 17, 2013 (ECF No. 5474) (together, the "LPO"), shall govern the disclosure of confidential information in this proceeding, except to the extent that the same has been modified by subsequent orders of the Court.

6. <u>Prospects For Settlement, Including Whether A Settlement Conference Should Be Scheduled</u>. The Parties believe that it would be premature to schedule a settlement conference at this time.

7. <u>Discovery Arbitrator</u>. The Parties agree to the use of Frank Maas, Esq. as Discovery Arbitrator to resolve discovery disputes that they are unable to resolve by meeting and conferring, as referenced in the Order Appointing a Discovery Arbitrator Pursuant to Bankruptcy Rule 9019(c) and General Order M-390 (ECF No. 14227) entered in *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec., LLC (In re Bernard L. Madoff Inv. Sec., LLC)*, Adv. Pro. No. 08-01789, on October 4, 2016, as may be amended, superseded, or supplemented by any case-wide or case-specific future Court orders (together, the "Discovery Arbitrator Order"); provided however that notwithstanding any provision to the contrary in the Discovery Arbitrator Order, the Parties agree to split all arbitration fees and expenses equally, the Trustee shall not be responsible for paying the first $50,000, and the Parties will defer to Judge Maas as to the appropriate page limitations, if any, on the Parties' submissions.

8. <u>Trial</u>. The Parties propose that they will confer with each other and the Court at the conclusion of all discovery to schedule a final pretrial conference and trial date.[1]

[*Signatures appear on the following page.*]

---

[1] BJB demands a trial by jury on all issues that may be tried by a jury and does not consent to entry of final orders or judgment by the Bankruptcy Court.

Dated: July 14, 2023
      New York, New York

| | |
|---|---|
| */s/ David J. Sheehan* | */s/ Eric B. Halper* |
| **Baker & Hostetler LLP** | **McKool Smith** |
| | |
| 45 Rockefeller Plaza | One Manhattan West |
| New York, New York 10111 | 395 9th Avenue |
| Telephone: (212) 589-4200 | New York, NY 10001 |
| Facsimile: (212) 589-4201 | Telephone: (212) 402-9400 |
| David J. Sheehan | Facsimile: (212) 402-9444 |
| Email: dsheehan@bakerlaw.com | Eric B. Halper |
| Keith R. Murphy | ehalper@mckoolsmith.com |
| Email: kmurphy@bakerlaw.com | Hal M. Shimkoski |
| | hshimkoski@mckoolsmith.com |
| *Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff* | *Attorneys for BJB* |

**Windels Marx Lane & Mittendorf, LLP**

156 West 56th Street
New York, New York 10019
Telephone: (212) 237-1000
Facsimile: (212) 262-1215
Kim M. Longo
Email: klongo@windelsmarx.com
Alan D. Lawn
Email: alawn@windelsmarx.com

*Special Counsel for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff*

**SO ORDERED.**

**Dated: July 18, 2023**
**Poughkeepsie, New York**

**/s/ Cecelia G. Morris**
_____
**Hon. Cecelia G. Morris**
**U.S. Bankruptcy Judge**