**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (CGM) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff, | Lead Adv. Pro. No. 10-05354 (CGM) |
| Plaintiff, | |
| v. | |
| ABN AMRO BANK N.V. (presently known as NATWEST MARKETS N.V.), | |
| Defendant. | |

## CASE MANAGEMENT PLAN

Plaintiff Irving H. Picard, as trustee (the "Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC under the Securities Investor Protection Act, 15 U.S.C. § 78aaa-*lll*, and the chapter 7 estate of Bernard L. Madoff individually, and defendant ABN AMRO Bank N.V. (presently known as NatWest Markets N.V.) ("Defendant," together with the Trustee, the "Parties," and each individually, a "Party"), by and through their respective undersigned counsel, hereby submit the following case management plan ("Case Management Plan") pursuant to Rules 16 and 26 of the Federal Rules of Civil Procedure

(the "Federal Rules"), applicable under Rules 7016 and 7026 of the Federal Rules of Bankruptcy Procedure.

1.    <u>Relevant Procedural History</u>.

a.    On December 8, 2010, the Trustee commenced the above-captioned adversary proceeding in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") by filing a complaint against Defendant. *Picard v. ABN AMRO Bank N.V. (presently known as NatWest Markets N.V.)*, Adv. Pro. No. 10-05354 ("ABN Tremont Action"), ECF No. 1.

b.    On October 6, 2011, the Trustee commenced a second adversary proceeding by filing a complaint against Defendant. *Picard v. ABN AMRO Bank N.V. (presently known as NatWest Markets, N.V.)*, Adv. Pro. No. 10-02760 ("ABN Harley Action"), ECF No. 1.

c.    On March 22, 2022, the Trustee filed a Consolidated Second Amended Complaint against Defendant. ABN Tremont Action, ECF No. 220.

d.    On April 20, 2022, the Court "so ordered" a Stipulation and Order for Consolidation, consolidating the ABN Tremont Action and the ABN Harley Action under the ABN Tremont Action. ABN Tremont Action, ECF No. 222; ABN Harley Action, ECF No. 113.

e.    On May 23, 2022, Defendant filed a Motion to Dismiss the Consolidated Second Amended Complaint, which the Trustee opposed. ABN Tremont Action, ECF Nos. 223, 224, 225, 226.

f.    On March 15, 2023, the Bankruptcy Court issued an Order Denying Defendant's Motion to Dismiss the Consolidated Second Amended Complaint. *Id.*, ECF No. 266.

g.    On May 15, 2023, Defendant filed an Answer with Affirmative Defenses and Counterclaims. *Id.*, ECF No. 268.

2.    <u>Fact Discovery Plan</u>.

a.    <u>Fact Discovery Cut-Off</u>.  Unless otherwise agreed to by the Parties or ordered by the Bankruptcy Court, all fact discovery is to be completed by December 1, 2025 (the "Fact Discovery Cut-Off Date").

b.    <u>Initial Disclosures</u>.  The Parties do not propose any changes in initial disclosures required under Federal Rule 26(a)(1)(A) (the "Initial Disclosures").  The Parties agree that they shall serve such Initial Disclosures as required under Federal Rule 26 on or before 60 days after this Case Management Plan is entered as an Order of the Court.

c.    <u>Subjects on Which Discovery May Be Needed</u>.  The Parties contemplate that fact and expert discovery will be needed on asserted claims and defenses.

d.    <u>Foreign Discovery</u>.  The Trustee anticipates the need for discovery located outside of the United States, including from individuals and entities that may have been affiliated with Defendant.  To obtain discovery from these individuals and entities, the Trustee will comply with the relevant discovery rules of the applicable jurisdiction, the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, and/or any other internationally recognized means of obtaining cross-border discovery, including, but not limited to, letters rogatory (collectively, "International Discovery").  To the extent the Parties avail themselves of International Discovery procedures, they will not be deemed to have waived, prejudiced, or otherwise altered their rights to conduct discovery under the Federal Rules, the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules"), or other applicable domestic rules.  To the extent that timely requested International Discovery is not received or timely sought depositions/examinations have not occurred by the Fact Discovery Cut-Off Date,

the Parties agree to confer in good faith on a reasonable extension of the Fact Discovery Cut-Off Date.

   e. <u>Form of Certain Discovery</u>.  The Trustee intends to utilize one or more electronic data rooms to affirmatively make available millions documents related to the Trustee's claims.  Consistent with previous orders entered by the Court, the Trustee may utilize these data rooms to discharge his obligations under Fed. R. Civ. P. 26, 33, and/or 34.  The preceding sentence in no way diminishes or alters the Trustee's obligations under Fed. R. Civ. P. 26, 33, and/or 34.

   f. <u>Document Requests</u>.  The Parties may serve requests for documents on or before October 1, 2025.

   g. <u>Interrogatories</u>.  The Parties may serve interrogatories in accordance with the rules and limitations articulated in Local Bankruptcy Rule 7033-1.

   h. <u>Requests for Admission</u>.  The Parties may serve requests for admission on or before October 1, 2025.

   i. <u>Limitations on Discovery</u>.  Limitations on discovery will be governed by the Federal Rules made applicable to this adversary proceeding by the Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules.  The Parties may agree on certain limitations on discovery or may file an application with the Court as needed.

   j. <u>Inadvertent Production of Privileged Materials</u>.  The Parties acknowledge that the inadvertent production of privileged or work product protected documents is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).  Nothing contained in this paragraph is intended to or shall serve to limit a Party's

right to conduct a review of documents, including electronically stored information, for relevance, responsiveness, and/or privileged status.

       k.     <u>Depositions</u>.  All depositions of fact witnesses must be completed by the Fact Discovery Cut-Off Date.  Depositions shall proceed concurrently, with no Party having priority.  The Parties will endeavor to conclude the majority of depositions within the seven (7) hours provided by Federal Rule 30(d)(1), although the Parties acknowledge that there may be certain depositions of fact witnesses with knowledge of issues common to multiple Avoidance Actions (as defined below) that cannot be concluded within this time limit.  For any such witnesses, the Parties will attempt in good faith to agree to reasonable expansions of the seven (7) hour time limit as appropriate, and failing agreement, either Party may apply to the Court for an expansion of this time limit.

       To the extent the deposition of any fact witness raises common issues relevant to another avoidance action related to the above-captioned case (Adv. Pro. No. 08-01789) (the "Avoidance Action(s)"), in which fact discovery has not closed, the Parties shall coordinate such depositions with the witness and defendants in such Avoidance Actions to maximize efficiency and use of resources to the extent reasonably practicable.  The Parties shall confer in good faith and provide notice of such depositions under the Federal Rules, including the date, time, and location of any such depositions, to all relevant parties.  In a coordinated deposition, the limitations set forth in Federal Rule 30(d)(1) shall not necessarily apply, and the parties shall agree on an appropriate duration for the deposition.  Such depositions shall not prejudice or preclude the Trustee from additional depositions of such witness in Avoidance Actions in which initial disclosures have not been made and discovery is not open.  Nor shall such depositions prejudice or preclude the Parties from additional depositions of fact witness with knowledge of common issues who also have

knowledge of case-specific issues.  The Parties agree that they will work in good faith to identify

the requisite number of each Party's deponents and depositions.  Depositions of Irving H. Picard

himself are prohibited absent an order issued by this Court upon a showing of good cause.

All depositions of the Trustee's own Party and non-Party witnesses shall be conducted at

the offices of Baker & Hostetler LLP, 45 Rockefeller Plaza, New York, NY 10111, or such other

location as the Parties may agree.

3.    <u>Expert Discovery Plan</u>.  Within 30 days before the Fact Discovery Cut-Off Date,

the Parties agree to meet and confer in good faith on the need for and timing of expert discovery.

The Parties further agree to submit a proposed Amended Case Management Plan that addresses

expert discovery in this action prior to the Fact Discovery Cut-Off Date.

4.    <u>Manner of Production of Discovery Materials</u>.  The Parties may produce discovery

on a CD-ROM, flash drive, portable hard drive, in an electronic data room, or other similar

electronic format.  Given the volume of documentation that may be subject to disclosure in this

matter, the Parties may produce a summary report, such as an expert report, and provide access

to the underlying documentation on which the summary report relies in an electronic data room

or other medium for review by the Parties.  Information and documents produced or made

available electronically shall, to the extent reasonable feasible:

(i)    be text searchable;

(ii)    provide data and image load files necessary to review the documents on
search platforms (*e.g.*, Summation, Concordance, Relativity) upon request
of either Party;

(iii)    provide any system-created or non-privileged captured objective metadata,
such as date fields, author fields, custodian fields, path to native file, etc.;

(iv)    be organized, such as by date, custodian, or subject matter, as maintained
in the ordinary course of business or as organized by the Trustee; and

6

(v)    provide additional formats of production, metadata, or native documents if requested by either Party.

The Parties shall meet and confer first in a good faith attempt to resolve any dispute, or thereafter comply with Local Bankruptcy Rule 7007-1 to resolve the dispute.

5.    <u>Confidentiality</u>.   The Litigation Protective Order (ECF No. 4137) (the "LPO") entered in *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec., LLC (In re Bernard L. Madoff Inv. Sec., LLC)*, Adv. Pro. No. 08-01789 (CGM) on June 6, 2011, shall govern the disclosure of confidential information in this proceeding.

6.    <u>Prospects for Settlement, Including Whether a Settlement Conference Should Be Scheduled</u>.  The Parties believe that it would be premature to schedule a settlement conference at this time.

7.    <u>Discovery Arbitrator</u>.  The Parties agree that they may use Discovery Arbitrator, Frank Maas, Esq., to resolve discovery disputes that they are unable to resolve by meeting and conferring pursuant to Local Bankruptcy Rule 7007-1, as referenced in the Order Appointing A Discovery Arbitrator Pursuant to Bankruptcy Rule 9019(c) and General Order M-390 (ECF No. 14227) entered in *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec., LLC (In re Bernard L. Madoff Inv. Sec., LLC)*, Adv. Pro. No. 08-01789 (CGM), on October 4, 2016 (the "Discovery Arbitrator Order"), or in any amendment to the Discovery Arbitrator Order or other Order applicable at the time that any such discovery dispute arises.

8.    <u>Trial</u>.  The Parties propose that they will confer with each other and the Court at the conclusion of all discovery to schedule a final pretrial conference and trial date.

Date:   July 14, 2023
        New York, New York

By: */s/ Patrick T. Campbell*
**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Patrick T. Campbell
Email: pcampbell@bakerlaw.com
Camille C. Bent
Email: cbent@bakerlaw.com
Elizabeth McCurrach
Email: emccurach@bakerlaw.com
Matthew K. Cowherd
Email: mcowherd@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA*
*Liquidation of Bernard L. Madoff*
*Investment Securities LLC and the*
*Chapter 7 Estate of Bernard L. Madoff*

By: */s/ Michael Feldberg*
**Reichman Jorgensen Lehman &**
**Feldberg LLP**
400 Madison Avenue, 14th Floor
New York, New York 10017
T: 212.381.4970
Michael Feldberg
Email: mfeldberg@reichmanjorgensen.com

*Attorneys for Defendant ABN AMRO Bank*
*N.V. (presently known as NatWest Markets*
*N.V.)*



**Dated: July 18, 2023**
**Poughkeepsie, New York**

/s/ Cecelia G. Morris
_____
**Hon. Cecelia G. Morris**
**U.S. Bankruptcy Judge**