**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (CGM) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 11-02923 (CGM) |
| Plaintiff, | |
| v. | |
| FALCON PRIVATE BANK LTD. (f/k/a AIG Privat Bank AG), | |
| Defendant. | |

**MOTION FOR ENTRY OF ORDER PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND RULES 2002 AND 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE APPROVING SETTLEMENT BETWEEN THE <u>TRUSTEE AND DEFENDANT</u>**

TO:   THE HONORABLE CECELIA G. MORRIS
      UNITED STATES BANKRUPTCY COURT
      SOUTHERN DISTRICT OF NEW YORK

Irving H. Picard (the "Trustee"), as trustee for the liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa–*lll* ("SIPA"), and the substantively consolidated chapter 7 estate of Bernard L. Madoff, by and through his undersigned counsel, submits this motion seeking entry of an order, pursuant to section 105(a) of the United States Bankruptcy Code, 11 U.S.C. §§ 101 et seq., and Rules 2002 and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), approving a settlement, the terms and conditions of which are set forth in the settlement agreement (the "Settlement Agreement"), attached as Exhibit A, by and between the Trustee and Falcon Private Bank Ltd. (f/k/a AIG Privat Bank AG) ("Falcon"). In support of the motion, the Trustee respectfully represents as follows:

## PRELIMINARY STATEMENT

The Trustee's action against Falcon seeks to recover $38,745,417 in customer property (the "Subsequent Transfers") that Falcon received from BLMIS through Fairfield Sentry Limited and Fairfield Sigma Limited.[1] The Trustee's settlement with Falcon, an entity that has ceased doing business and has limited assets, provides for payment to the Trustee of $3,300,000.00. The Settlement Agreement represents a good faith, complete settlement of the Trustee's claims for the benefit of the customer property fund. It reflects the fact that success in litigating the Trustee's claims would be a pyrrhic victory given Falcon's financial situation. The Trustee respectfully requests that the Court enter an order approving the settlement, substantially in the form of the proposed Order attached as Exhibit B.

---

[1] This Motion is required because the alleged Subsequent Transfers exceed $20,000,000, a ceiling established by the Settlement Procedures Order entered by this Court on November 12, 2010, Adv. Pro. No. 08-01789 (CGM), ECF No. 3181, below which the Trustee may enter into settlements with initial or subsequent BLMIS transferees without further order of the Court.

2

## THE TRUSTEE'S CLAIMS AND STATUS OF THE ACTION

In December 2011, the Trustee commenced an adversary proceeding (the "Action") by filing his complaint against Falcon to recover the Subsequent Transfers. *See Picard v. Falcon Private Bank Ltd. (f/k/a AIG Privat Bank AG),* Adv. Pro. No. 11-02923 (CGM) (Bankr. S.D.N.Y. Dec. 8, 2011), ECF No. 1. Falcon is a Zurich-based private bank that was formerly a subsidiary of American International Group, Inc.

On August 15, 2022, Falcon filed a motion to dismiss the Trustee's complaint (the "Motion"), ECF No. 118, and noticed a hearing date of December 14, 2022. Among other grounds for dismissal, Falcon contended that it is not subject to personal jurisdiction in the United States. Following full briefing of the Motion, but prior to the hearing date, the parties stipulated to adjourn oral argument and engaged in extensive settlement negotiations that focused on Falcon's financial condition. As part of these negotiations, Falcon shared recent annual reports and other financial information with Trustee's counsel. The negotiations culminated in the Settlement Agreement.

## OVERVIEW OF THE SETTLEMENT AGREEMENT

As Falcon has represented to the Trustee—and its most recent annual reports disclose—it began to wind down its business operations in May 2020, has since ceased all business activity, and has limited assets, few or no staff, and no clients. Falcon's remaining assets have been set aside to complete its wind down in Switzerland and, principally, to resolve pending and anticipated litigations, including the Action. In light of Falcon's financial condition and intent to complete its wind down, the parties desire to settle the Trustee's claims. The Settlement Agreement should be reviewed for a complete account of its terms. The principal terms, however, are as follows:

- Within five business days of the effective date of the Settlement Agreement, Falcon shall pay to the Trustee $3,300,000.00 (the "Settlement Payment") in full and final satisfaction of the Trustee's claims;

- The Trustee will release, acquit, and absolutely discharge Falcon and its agents as set forth in the Settlement Agreement;

3

- Falcon will release, acquit, and absolutely discharge the Trustee and his agents and BLMIS and its consolidated estate as set forth in the Settlement Agreement; and

- The Trustee shall dismiss the Action with prejudice and without costs to either party.

## LEGAL BASIS

Bankruptcy Rule 9019 provides, in pertinent part, that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." To approve a settlement under Rule 9019(a), a bankruptcy court should find that the proposed settlement is fair and equitable, reasonable, and in the best interest of a debtor's estate. *In re Ionosphere Clubs, Inc.*, 156 B.R. 414, 426 (S.D.N.Y. 1993), *aff'd*, 17 F.3d 600 (2d Cir. 1994) (citing *Protective Comm. For Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968)).

The bankruptcy court, in determining whether to approve a settlement, should not decide the numerous questions of law and fact raised by the settlement, but rather should "canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness." *Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir. 1983) (cleaned up); *see also Masonic Hall & Asylum Fund v. Official Comm. of Unsecured Creditors (In re Refco, Inc.)*, No. 5-60006 (RMB), 2006 WL3409088, at *7 (S.D.N.Y. Nov. 16, 2006); *In re Ionosphere Clubs*, 156 B.R. at 426. "[T]he court need not conduct a 'mini-trial' to determine the merits of the underlying litigation." *In re Purified Down Prods. Corp.*, 150 B.R. 519, 522 (S.D.N.Y. 1993).

In deciding whether a settlement falls within the "range of reasonableness," the bankruptcy court considers the following factors: (i) the probability of success in the litigation; (ii) the difficulties associated with collection; (iii) the complexity of the litigation, and the attendant expense, inconvenience, and delay; and (iv) the paramount interests of the creditors (or in this case, customers). *In re Refco, Inc.*, 2006 WL3409088, at *7; *Nellis v. Shugrue*, 165 B.R. 115, 122

4

(S.D.N.Y. 1994) (citing *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 292 (2d Cir. 1992), *cert. denied*, 506 U.S. 1088 (1993)).

The bankruptcy court may consider and credit the opinions of the trustee of the debtor and his or her counsel in determining whether a settlement is fair and equitable. *See In re Purified Down Prods.*, 150 B.R. at 522; *In re Drexel Burnham Lambert Grp.*, 134 B.R. at 505. Even though the bankruptcy court has discretion to approve settlements and must independently evaluate the reasonableness of the settlement, *In re Rosenberg*, 419 B.R. 532, 536 (Bankr. E.D.N.Y. 2009), the court should consider the business judgment of the trustee and his counsel in determining whether a settlement is fair and equitable. *In re Chemtura Corp.*, 439 B.R. 561, 594 (Bankr. S.D.N.Y. 2010). The court may also consider the competency and experience of counsel supporting the settlement. *Nellis*, 165 B.R. at 122. Finally, the court should be mindful of the principle that "the law favors compromise." *In re Drexel Burnham Lambert Grp.*, 134 B.R. at 505 (quoting *In re Blair*, 538 F.2d 849, 851 (9th Cir. 1976)).

The settlement with Falcon is fair and equitable, reasonable, and in the best interest of the BLMIS estate. While the Trustee believes he would ultimately prevail, continuing the Action presents not only typical litigation risks and expenses but also the difficulties of collection of any substantial judgment against Falcon, particularly because Falcon is located in a foreign jurisdiction. By contrast, the settlement with Falcon brings substantial benefits to the BLMIS estate without further expense or risk. It would immediately augment the customer property fund via the Settlement Payment and avoid the risk of Falcon's limited assets being further depleted by the expense of this litigation and others. Accordingly, in an exercise of his business judgement, the Trustee believes the settlement represents a fair and reasonable compromise of the Trustee's claims. *See* Declaration of the Trustee in Support of the Motion, a true and accurate copy of which is attached as Exhibit C.

## CONCLUSION

Because the Settlement Agreement is well within the "range of reasonableness" and confers a benefit on the BLMIS estate and the victims of the Madoff Ponzi scheme, the Trustee respectfully requests that the Court enter an Order approving the Settlement Agreement.

## NOTICE

In accordance with Bankruptcy Rules 2002 and 9019, notice of this motion has been given to (i) the Securities Investor Protection Corporation; (ii) the U.S. Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; and (v) Falcon's counsel at Pillsbury Winthrop Shaw Pitman LLP. Notice of this motion will also be provided via email and/or U.S. Mail to all persons who have filed notices of appearance in the BLMIS proceeding pursuant to the Order Establishing Notice Procedures and Limiting Notice, Adv. Pro. No. 08-01789 (CGM), ECF No. 4560. The Trustee submits that no other or further notice is required.

WHEREFORE, the Trustee respectfully requests that the Court enter an order substantially in the form of the proposed Order attached as Exhibit B approving the Settlement Agreement.

Dated: July 28, 2023
New York, New York

Respectfully submitted,

**BAKER & HOSTETLER LLP**

BY: /s/ David J. Sheehan
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Amy E. Vanderwal
Email: avanderwal@bakerlaw.com

*Attorneys for Irving H. Picard,
Trustee for the Substantively Consolidated
SIPA Liquidation of Bernard L. Madoff
Investment Securities LLC and the
Chapter 7 Estate of Bernard L. Madoff*

**WINDELS MARX LANE & MITTENDORF, LLP**
156 West 56th Street
New York, New York 10019
Telephone: 212.237.1000
Facsimile: 212.589.4201
Howard L. Simon
Email: hsimon@windelsmarx.com
John J. Tepedino
Email: jtepedino@windelsmarx.com

*Special Counsel to Irving H. Picard,
Trustee for the Substantively Consolidated
SIPA Liquidation of Bernard L. Madoff
Investment Securities LLC and for the
Chapter 7 Estate of Bernard L. Madoff*