**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and the Chapter 7 Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>               Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>               Defendant.<br>In re:<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>               Debtor. | Adv. Pro. No. 08-01789 (CGM)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |

**MOTION FOR ORDER AMENDING ORDER**
**APPOINTING A DISCOVERY ARBITRATOR PURSUANT TO**
**BANKRUPTCY RULE 9019(c) AND GENERAL ORDER M-390**

Irving H. Picard, trustee ("Trustee") for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), and the chapter 7 estate of Bernard L. Madoff ("Madoff"), by and through his undersigned counsel, hereby submits this Motion (the

1

"Motion") for entry of the order, attached hereto as Exhibit A, amending the Order Appointing a Discovery Arbitrator Pursuant to Bankruptcy Rule 9019(c) And General Order M-390, *Secs. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Secs.*, No. 08-01789 (CGM) (Bankr. S.D.N.Y. Oct. 4, 2016), ECF No. 14227 ("Discovery Arbitrator Order"). In support of his Motion, the Trustee respectfully represents as follows:

## BACKGROUND

1. In 2016, the Trustee was actively litigating hundreds of adversary proceedings. In the majority of these adversary proceedings, the defendants were comprised of individuals, small family trusts, and closely held companies, and the Trustee was seeking only the return of fictitious profits because he believed these defendants had received the transfers in good faith under Bankruptcy Code section 548(c). With the number of discovery disputes before the Court rapidly increasing in these fictitious profits cases, it soon became clear that it would be more efficient to resolve these matters by referring them to arbitration.

2. Seeking uniformity and expediency in the resolution of these discovery disputes, and to decrease the mounting burden on the Court to resolve them, the Trustee requested the Court to appoint Judge Frank Maas (ret.) as discovery arbitrator.

3. The average fictitious profits case sought $1,500,000, with 883 cases seeking less than $3,000,000 and 684 cases seeking less than $1,000,000. Because the Trustee did not expect the typical defendant in these fictitious profits cases to pay tens of thousands of dollars in private discovery arbitration, the Trustee volunteered to pay the first $50,000 in arbitration costs for these defendants. In the Trustee's judgment, volunteering to pay the first $50,000 in arbitration costs would reduce the financial burden on the individual innocent investor defendants and promote judicial efficiency by submitting these discovery disputes to arbitration rather than to the Court.

4. On October 4, 2016, this Court entered the Discovery Arbitrator Order as submitted by the Trustee. Adv. Pro. No. 08-01789, ECF No. 14227.

5. As of March 31, 2023, there remain only 10 active fictitious profits (or good faith) avoidance actions. *See* Forty-Second Application of Trustee and Baker & Hostetler LLP For Allowance of Interim Compensation For Services Rendered And Reimbursed of Actual and Necessary Expenses Incurred from December 1, 2022 Through March 31, 2023, *SIPC v. BLMIS*, Adv. Pro. No. 08-01789 (CGM) (Bankr. S.D.N.Y. June 28, 2023), ECF No. 23332 ("42nd Fee Application"), ¶ 89.

6. Conversely, the Trustee is actively litigating approximately 90 additional adversary proceedings before this Court including avoidance actions against assertedly "bad faith" initial transferee defendants and feeder funds, and recovery actions against entities that received subsequent transfers through primarily Fairfield Sentry Limited, Fairfield Sigma Limited, Rye Select Broad Market XL Fund LP, Rye Select Broad Market Portfolio Limited, Rye Select Broad Market XL Portfolio Ltd., and Harley International (Cayman) Ltd., for which bad faith will also be an issue. *See* Trustee's Twenty-Ninth Interim Report For The Period October 1, 2022 Through March 31, 2023, *SIPC v. BLMIS*, Adv. Pro. No. 08-01789 (CGM) (Bankr. S.D.N.Y. May 1, 2023), ECF No. 23158, ¶¶ 77, 109, 190. Defendants in approximately 70 of these subsequent transferee cases moved to dismiss the Trustee's operative complaints, and this Court denied defendants' motions to dismiss in more than 60 of those cases. *Id.*, ¶ 192. As of the filing of this Motion, the Trustee and numerous defendants are engaging in active discovery in over 45 of these cases. Based on the parties' positions, the complexity of the issues and the number of the disputes that have already arisen, the Trustee expects matters that may be referred to a discovery arbitrator will continue to increase. It is worth noting that the average amount sought in these cases is over $75,000,000 with approximately 19 of these cases seeking over $100,000,000, with the average

demand amount in those cases exceeding $265,000,000. Unlike the aforementioned fictitious profits cases, the defendants in these actions consist of sophisticated institutional defendants and the Trustee seeks the return of exponentially more customer property.

## RELIEF REQUESTED

7. Because the good faith cases are nearly fully resolved, and the majority of the remaining adversary proceedings involve large, sophisticated institutional entities, the Trustee seeks entry of the order, attached hereto as Exhibit A, amending the Discovery Arbitrator Order to remove the provision requiring the Trustee to pay the first $50,000 in arbitration costs and instead requiring the parties to split all arbitration costs equally. The Trustee has attached hereto as Exhibit B the proposed order with tracked changes showing that the only modifications to the Discovery Arbitrator Order are contained in Paragraph 6 concerning arbitration costs. These modifications are consistent with General Order M-390 (as amended by General Order M-452), which provides that parties may agree on the arbitrator fees.

## BASIS FOR RELIEF REQUESTED

8. Federal Rule of Civil Procedure 60(b), made applicable by Federal Rule of Bankruptcy Procedure 9024, permits a court to relieve a party from an order under certain circumstances. Rule 60(b) "strikes a balance between serving the ends of justice and preserving the finality" of judgments and orders. *Reese v. Bahash*, 574 F. App'x 21, 23 (2d Cir. 2014) (quoting *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986)). The Second Circuit has held that Rule 60 should be "broadly construed to do substantial justice." *United States v. Manne*, 510 F. App'x 83, 85 (2d Cir. 2013) (quoting *Nemaizer*, 793 F.2d at 61).

9. Under Rule 60(b)(5), courts may relieve a party from an order when it is "no longer equitable" to apply the order prospectively. Courts grant relief under this provision when there are

4

"changed circumstances" that render application of the order inequitable. *Tapper v. Hearn*, 833 F.3d 166, 170 (2d Cir. 2016).

10. Additionally, under Rule 60(b)(6), courts may relieve a party from an order "for any other reason that justifies relief." Relief under Rule 60(b)(6) requires a showing of "extraordinary circumstances," "extreme and undue hardship," and grounds not contained in Rule 60(b)(1) through (b)(5). *Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 143 (2d Cir. 2020) (quoting *Nemaizer*, 793 F.2d at 63).

11. It is "no longer equitable" to apply the Discovery Arbitrator Order in its current form to current and future discovery disputes. When the Court entered the Discovery Arbitrator Order, the Trustee was litigating against many individuals and small entities that were unable to pay for private arbitration. Of equal importance, discovery in those cases was relatively narrow, as the cases were focused on fictitious profits. Many of the discovery disputes in those cases dealt with BLMIS's operations and interactions with these innocent investors. Nearly seven years later, the circumstances have changed significantly. No longer is the Trustee litigating against hundreds of individuals and small entities. Indeed, virtually all of the good faith cases have been resolved. 42nd Fee Application, ¶ 89. Instead, almost all remaining defendants are large institutional entities and feeder funds that clearly do not face the same cost constraints as those at issue seven years ago, and thus do not require the Trustee's assistance to pay for arbitration of discovery disputes.

12. Additionally, current and future discovery disputes are likely to be more wide ranging in these cases than the disputes at issue in 2016 when the Court entered the Discovery Arbitrator Order. The good faith cases were, in essence, "strict liability" cases focused on the defendants' receipt of transfers directly from BLMIS. But the remaining adversary proceedings are more complex factually and legally, including initial transfers to BLMIS feeder funds, tracing transfers to the ultimate subsequent transferees, asserted good faith affirmative defenses under 11 U.S.C.

5

§§ 548(c) and 550(b) concerning defendants' state of mind, and the inherent complexities involved in obtaining discovery abroad from foreign defendants and third parties.

13. Recognizing the inequitable application of the Discovery Arbitrator Order to more recent discovery disputes, other defendants have agreed to share equally the costs of arbitration with the Trustee. *See* Stipulation and Order Appointing A Discovery Arbitrator Pursuant to Bankruptcy Rule 9019(c) and General Order M-390, *Picard v. HSBC Bank plc, et al.*, Adv. Pro. No. 09-01364, ECF No. 498 (Bankr. S.D.N.Y. Mar. 29, 2018); Amended Stipulation and Order, *Picard v. UBS AG, et al.*, Adv. Pro. No. 10-0485, ECF No. 266 (Bankr. S.D.N.Y. Nov. 24, 2020). The Trustee seeks entry of an order that follows this practice and governs all cases and defendants referred to discovery arbitration going forward.

14. In short, circumstances have changed significantly since 2016, and it would now be inequitable to force the Trustee to fund the litigation costs for the types of disputes at issue and defendants involved.

15. Alternatively, the Court should amend the Discovery Arbitrator Order under Rule 60(b)(6) because the Trustee has shown extraordinary circumstances and undue hardship. There are currently dozens of subsequent transferee cases that have entered fact discovery or will soon enter fact discovery in the coming months. Discovery disputes may arise in many or all of these cases. In some cases, more than one dispute may arise. Forcing the Trustee to fund litigation costs for large institutional defendants and feeder funds that have the ability to pay will potentially cost the Trustee and SIPC millions of dollars and is an undue hardship and extraordinary circumstance that warrants amending the Discovery Arbitrator Order.

**WHEREFORE**, the Trustee respectfully requests that the Court (a) enter the order attached hereto as Exhibit A; and (b) grant such other and further relief to the Trustee as the Court may deem just and proper.

| | |
|---|---|
| Dated: August 2, 2023<br>New York, New York | By: */s/ David J. Sheehan*<br>**Baker & Hostetler LLP**<br>45 Rockefeller Plaza<br>New York, New York 10111<br>Telephone: (212) 589-4200<br>Facsimile: (212) 589-4201<br>David J. Sheehan<br>Email: dsheehan@bakerlaw.com<br>Nicholas J. Cremona<br>Email: ncremona@bakerlaw.com<br>Maximillian S. Shifrin<br>Email: mshifrin@bakerlaw.com<br>Andrew M. Serrao<br>Email: aserrao@bakerlaw.com<br><br>*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff* |