**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>      Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>      Defendant. | Adv. Pro. No. 08-01789 (CGM)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>      Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff,<br><br>      Plaintiff,<br><br>v.<br><br>KOCH INDUSTRIES, INC., as successor in interest to Koch Investment (UK) Company,<br><br>      Defendant. | Adv. Pro. No. 12-01047 (CGM) |

**CASE MANAGEMENT PLAN**

   Plaintiff Irving H. Picard, as trustee (the "Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC under the Securities Investor Protection Act, 15 U.S.C. § 78aaa-*lll*, and the chapter 7 estate of Bernard L. Madoff individually, and defendant Koch Industries, Inc. ("Koch," together with the Trustee, the "Parties," and each individually, a "Party"), by and through their respective undersigned counsel, hereby submit the following Case

-1-

Management Plan pursuant to Rules 16 and 26 of the Federal Rules of Civil Procedure (the "Federal Rules"), applicable under Rules 7016 and 7026 of the Federal Rules of Bankruptcy Procedure.

1. <u>Relevant Procedural History</u>.

   a. On February 9, 2012, the Trustee initiated the above-captioned adversary proceeding in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") by filing a complaint against Koch. Adv. Pro. No. 11-02539, ECF No. 1.

   b. On July 22, 2022, Koch filed a Motion to Dismiss the Complaint, which the Trustee opposed. *See* ECF Nos. 105-111, 117.

   c. On November 21, 2022, this Court issued its Memorandum Decision Denying Koch's Motion to Dismiss, and then entered an Order on the Motion on November 30, 2022. ECF Nos. 118, 122.

   d. On January 4, 2023, Koch timely filed a Notice of Appeal and Motion for Leave to Appeal. ECF Nos. 125-26.

   e. On January 27, 2023, Koch filed an Answer with Affirmative Defenses. ECF No. 128.

   f. On January 29, 2023, Koch filed a Request for Certification of Direct Appeal, pursuant to 28 U.S.C. § 158(d)(2) and Federal Rule of Bankruptcy Procedure 8006(f), seeking an order certifying the November 30, 2022 Order for direct review in the United States Court of Appeals for the Second Circuit (the "Certification Request"). *See* ECF No. 129.

   g. After full briefing on the Motion for Leave to Appeal and Certification Request, the District Court, per the Honorable Valerie Caproni, U.S.D.J., issued an Opinion & Order on May 9, 2023 denying both the Motion for Leave to Appeal and Certification Request. ECF No. 133.

2. <u>Fact Discovery Plan</u>.

a. <u>Fact Discovery Cut-Off</u>. Unless otherwise agreed to by the Parties or ordered by the Bankruptcy Court, all fact discovery is to be completed by August 1, 2025 (the "Fact Discovery Cut-Off Date").

b. <u>Initial Disclosures</u>. The Parties do not propose any changes in initial disclosures required under Federal Rule 26(a)(1)(A) (the "Initial Disclosures"). The Parties agree that they shall serve such Initial Disclosures as required under Federal Rule 26 on or before 45 days after the filing of this Case Management Plan.

c. <u>Subjects On Which Discovery May Be Needed</u>. The Parties contemplate that fact and expert discovery will be needed on asserted claims and defenses.

d. <u>Foreign Discovery</u>. The Trustee anticipates the potential need for discovery located outside of the United States, including from individuals and entities that may have been affiliated with Koch Investment (UK) Company. To obtain discovery from these individuals and entities, the Trustee will comply with the relevant discovery rules of the applicable jurisdiction, the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, and/or any other internationally recognized means of obtaining cross-border discovery, including but not limited to letters rogatory (collectively, "International Discovery"). To the extent the Parties avail themselves of International Discovery procedures, they will not be deemed to have waived, prejudiced, or otherwise altered their rights to conduct discovery under the Federal Rules, the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules"), or other applicable domestic rules. To the extent that timely requested International Discovery is not received or depositions/examinations have not occurred by the Fact Discovery Cut-Off Date, the parties agree to seek reasonable extensions of the deadlines set forth herein.

    e. <u>Form of Certain Discovery</u>.  The Trustee intends to utilize one or more electronic data rooms to affirmatively make available to Koch millions of documents related to the Trustee's claims.  The Trustee's use of such data rooms will be governed by all applicable orders and rules; provided, however, that the Parties reserve their rights and objections to the applicability of any such orders and rules to this action and the manner in which any orders or rules are applied.  The Parties further reserve all rights to seek case-specific discovery and seek leave to enforce same.

    f. <u>Document Requests</u>. The Parties may serve requests for documents on or before May 2, 2025.

    g. <u>Interrogatories</u>. The Parties may serve interrogatories in accordance with the rules and limitations articulated in Local Bankruptcy Rule 7033-1.

    h. <u>Requests for Admission</u>. The Parties may serve requests for admission on or before May 2, 2025.

    i. <u>Limitations on Discovery</u>. Except as otherwise expressly provided herein, limitations on written discovery will be governed by the Federal Rules made applicable to this adversary proceeding by the Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules. The Parties may agree on certain limitations on discovery or may file an application with the Court for good cause.

    j. <u>Production of Privileged Materials</u>. The Parties acknowledge that the inadvertent production of privileged or work product protected documents is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained in this paragraph is intended to or shall serve to limit a party's right to conduct a review of documents, including electronically stored information, for relevance,

responsiveness, and/or privileged and/or protected status.

          k.      <u>Depositions</u>. All depositions of fact witnesses shall be completed by the Fact Discovery Cut-Off Date. Depositions shall proceed concurrently, with no party having priority. Pursuant to Federal Rule 30(d)(1), a deposition is limited to one (1) day of seven (7) hours, unless otherwise agreed upon by the Parties or ordered by the Court. The Parties will attempt in good faith to agree to reasonable expansions of the seven (7) hour time limit as appropriate, and failing agreement either party may apply to the Court for an expansion of this time limit.

To the extent the deposition of any fact witness raises common issues relevant to another avoidance action related to the above-captioned case (Adv. Pro. No. 08-01789) (the "Avoidance Action(s)"), in which fact discovery has not closed, the Parties shall make good faith efforts to coordinate such depositions with the witness and defendants in such Avoidance Actions to maximize efficiency and use of resources to the extent reasonably practicable. The Parties shall confer in good faith and provide notice of such depositions under the Federal Rules, including the date, time, and location of any such depositions, to all relevant parties. In a coordinated deposition, the limitations set forth in Federal Rule 30(d)(1) shall not necessarily apply, and the parties shall agree on an appropriate duration for the deposition. Such depositions shall not prejudice or preclude the Trustee from additional depositions of such witnesses in Avoidance Actions in which initial disclosures have not been made and discovery is not open. The Parties agree that they will work in good faith to identify the requisite number of each Party's deponents and depositions. Depositions of Irving H. Picard himself are prohibited absent an order issued by this Court upon a showing of good cause.

All depositions of the Trustee's own party and non-party witnesses shall be conducted at the offices of Baker & Hostetler LLP, 45 Rockefeller Plaza, New York, NY 10111, or such other location as the Parties may agree. All depositions of Koch's own party and non-party witnesses (including,

for example, any current or former employees or representatives of Koch and/or its affiliates) shall be conducted at the offices of Stinson LLP, 1201 Walnut Street, Suite 2900, Kansas City, Missouri 64106, or such other location as the Parties may agree.

3. _Expert Discovery Plan_. Within 30 days before the Fact Discovery Cut-Off Date, the Parties agree to meet and confer in good faith on the timing of expert discovery. The parties further agree to submit a proposed Amended Case Management Plan that addresses expert discovery deadlines in this action prior to the Fact Discovery Cut-Off Date.

4. _Expert Reports_. The Parties shall serve expert reports, inclusive of rebuttal reports, in the form and content required by the Rule 26(a)(2), notwithstanding any orders regarding electronic data rooms. In particular, a party may not meet its obligations under Rule 26(a)(2)(b)(ii) solely by reference to unspecified documents in a data room. The Parties reserve their rights and objections to the form or content of the expert reports.

5. _Manner of Production of Discovery Materials and Expert Reports_. The Parties may produce discovery on a CD-ROM, flash drive, portable hard drive, in an electronic data room, or other similar electronic format. Information and documents produced or made available electronically shall, to the extent reasonable feasible:

(i) be text searchable;

(ii) provide data and image load files necessary to review the documents on search platforms (*e.g.*, Summation, Concordance, Relativity) upon request of either party;

(iii) provide any system-created or non-privileged captured objective metadata, such as date fields, author fields, custodian fields, path to native file, etc.;

(iv) be organized, such as by date, custodian, or subject matter, as maintained in the ordinary course of business (in the case of information obtained by the Trustee from third parties) or as organized by the Trustee;

      (v)  provide additional formats of production, metadata, or native documents if requested by either party.

The Parties shall meet and confer first in a good faith attempt to resolve any dispute, or thereafter comply with Local Bankruptcy Rule 7007-1 to resolve the dispute.

6.  <u>Confidentiality</u>. The *Litigation Protective Order* (ECF No. 4137) entered on June 6, 2011 in Adv. Pro. No. 08-01789 shall govern the disclosure of confidential information in this proceeding, except to the extent that the same has been modified by subsequent orders of the Bankruptcy Court or further agreement of the Parties.

7.  <u>Proposed Modifications Of Standard Pretrial Proceedings Due To The Special Nature Of The Action</u>. The Parties do not presently believe that any such modifications are yet appropriate or necessary, and will contact the Court if their belief in this regard changes.

8.  <u>Prospects For Settlement, Including Whether A Settlement Conference Should Be Scheduled</u>. The Parties are willing to engage in settlement talks but believe that it would be premature to schedule a settlement conference at this time. Unless the parties opt for mediation at an earlier stage of the litigation, the parties agree to meet and confer within fourteen (14) days of the conclusion of all discovery to discuss the appropriateness of mediation.

9.  <u>Summary Judgment and Trial</u>. The Parties propose that they will confer with each other and the Court at the conclusion of all discovery to schedule summary judgment briefing, if a party desires to bring a dispositive motion, and a final pretrial conference and trial date.

10.  <u>Discovery Arbitrator</u>. The Parties agree to the use of Discovery Arbitrator, Frank Maas, Esq., to resolve discovery disputes that they are unable to resolve by meeting and conferring, as referenced in the Order Appointing a Discovery Arbitrator Pursuant to Bankruptcy Rule 9019(c) and General Order M-390 (ECF No. 14227) entered in *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv.*

*Sec., LLC (In re Bernard L. Madoff Inv. Sec., LLC)*, Adv. Pro. No. 08-01789 (CGM) on October 4, 2016, except that the parties agree to modify said Order to split equally the cost of the arbitrator fees, unless the arbitrator makes an award of fees pursuant to applicable rules of civil procedure, and to allow either party to appeal the arbitrator's decision to this Court as a matter of right.

Date:   August 2, 2023
        New York, New York

By: */s/ Eric R. Fish*
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone:  (212) 589-4200
Facsimile:  (212) 589-4201
David J. Sheehan
Email:  dsheehan@bakerlaw.com
Eric R. Fish
Email:  efish@bakerlaw.com
Michelle N. Tanney
Email: mtanney@bakerlaw.com
Brian F. Allen
Email: ballen@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC, and the Chapter 7 Estate of Bernard L. Madoff*

By: */s/ Jonathan Guy*
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
Columbia Center
1152 15th Street, N.W.
Washington, D.C. 20005
Telephone: (202) 339-8400
Facsimile: (202) 339-8500
Jonathan Guy
Email: jguy@orrick.com
James W. Burke (pro hac vice)
Email: jburke@orrick.com

**STINSON LLP**
50 South Sixth Street, Suite 2600
Minneapolis, Minnesota 55402
Telephone: (612) 335-1500
Keith S. Moheban (pro hac vice)
Email: keith.moheban@stinson.com

1201 Walnut Street, Suite 2900
Kansas City, Missouri 64106
Telephone: (816) 691-2736
Matthew D. Moderson (pro hac vice)
Email: matt.moderson@stinson.com

*Attorneys for Koch Industries, Inc.*



**Dated: August 4, 2023**
**Poughkeepsie, New York**

**/s/ Cecelia G. Morris**
_____
**Hon. Cecelia G. Morris**
**U.S. Bankruptcy Judge**