JENNER & BLOCK LLP
Richard Levin
Carl Wedoff
1155 Avenue of the Americas
New York, NY 10036
(212) 891-1600

Vincent E. Lazar
353 N. Clark Street
Chicago, IL 60654
(312) 222-9350

*Counsel for Defendant M&B Capital
Advisers Sociedad De Valores, S.A.*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>    *Plaintiff-Applicant,*<br> v.<br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br>    *Defendant.* | Adv. Proc. No. 08-01789 (CGM)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re<br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br>    *Debtor.* | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br>    *Plaintiff,*<br> v.<br>UBS EUROPE SE (f/k/a UBS (LUXEMBOURG) S.A.), UBS FUND SERVICES (LUXEMBOURG) S.A., UBS THIRD PARTY MANAGEMENT COMPANY S.A., M&B CAPITAL ADVISERS SOCIEDAD DE VALORES, S.A., RELIANCE INTERNATIONAL RESEARCH LLC, LUXEMBOURG INVESTMENT FUND AND LUXEMBOURG INVESTMENT FUND U.S. | Adv. Proc. No. 10-5311 (CGM)<br><br>**M&B CAPITAL ADVISERS SOCIEDAD DE VALORES, S.A.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT** |

EQUITY PLUS, as represented by their Liquidators MAÎTRE ALAIN RUKAVINA and PAUL LAPLUME, MAÎTRE ALAIN RUKAVINA and PAUL LAPLUME, in their capacities as liquidators and representatives of LUXEMBOURG INVESTMENT FUND AND LUXEMBOURG INVESTMENT FUND U.S. EQUITY PLUS,

*Defendants.*

**TABLE OF CONTENTS**

I. The Trustee Has Failed to Show Sufficient Minimum Contacts. ............................... 1

II. The Opposition Does Not Address M&B's Argument that Certain Allegations Directed at M&B Are Nonsensical. ............................................................................... 4

III. The Trustee Has Conceded M&B's Arguments Concerning Relief Not Available Under Applicable Law. ................................................................................ 5

Conclusion ............................................................................................................................... 6

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
　556 U.S. 662 (2009) ............................................................................................................5

*Bell Atl. Corp. v. Twombly*,
　550 U.S. 544 (2007) ............................................................................................................5

*Blue v. Fremont Inv. & Loan*,
　562 F. Supp. 2d 33 (D.D.C. 2008) ......................................................................................5

*Doe v. Delaware State Police*,
　939 F. Supp. 2d 313 (S.D.N.Y. 2013) .................................................................................2

*Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*,
　141 S. Ct. 1017 (2021) ........................................................................................................2

*Hau Yin To v. HSBC Holdings, PLC*,
　700 F. App'x 66 (2d Cir. 2017) ...........................................................................................3

*Picard v. The Hebrew Univ. of Jerusalem (Sec. Inv. Prot. Corp. v. Bernard L.
　Madoff Inv. Sec. LLC)*,
　650 B.R. 5 (Bankr. S.D.N.Y. 2023) ....................................................................................3

*Rieger v. Drabinsky (In re Livent, Inc. Noteholders Sec. Litig.)*,
　151 F. Supp. 2d 371 (S.D.N.Y. 2001) .................................................................................5

*U.S. Bank Nat'l Ass'n v. Bank of Am. N.A.*,
　916 F.3d 143 (2d Cir. 2019) ................................................................................................2

*Walden v. Fiore*,
　571 U.S. 277 (2014) ............................................................................................................3

Defendant M&B Capital Advisers Sociedad De Valores, S.A. ("**M&B**") submits this reply in support of its motion to dismiss the trustee's Second Amended Complaint.[1]

## I. The Trustee Has Failed to Show Sufficient Minimum Contacts.

The trustee's Memorandum of Law in Opposition to Defendants' Motions to Dismiss the Second Amended Complaint, Dkt. 303 ("**Opposition**" or "**Opp.**") strings together a series of supposed facts which the trustee alleges support the exercise of specific jurisdiction over M&B. But disregarding the facts directed at the exercise of jurisdiction over defendants other than M&B; unsubstantiated assertions of known red flags about Madoff's business (which are irrelevant to the jurisdictional analysis at issue here); and speculative and hyperbolic allegations in the Complaint that are unsupported by any evidence, the trustee's argument with respect to specific jurisdiction[2] over M&B rests only on the following allegations: (1) M&B had some involvement in the formation of LIF-USEP and acted as LIF-USEP's distributor (*see, e.g.*, Opp. at p. 14); (2) M&B provided services to, and directly or indirectly received compensation from, LIF-USEP (Opp. at pp. 14, 21-22); (3) M&B had a handful of communications with RIR (Opp. at p. 21); and (4) M&B maintained a proprietary account at LIF-USEP (Opp. at p. 17).

The trustee does not dispute that M&B never transacted business in the United States, that its sole source of revenue was from business activity conducted solely in Europe, that it has no property in the United States, or that it has no direct or correspondent bank account or similar presence in New York. Only the communications with RIR touched New

---

[1] Capitalized terms in this reply that are defined in M&B's Memorandum of Law in Support of Its Motion to Dismiss the Second Amended Complaint, Dkt. 292 ("**Memorandum**" or **Mem.**") are used with the same meaning as in the Memorandum.

[2] As noted in the Memorandum, the trustee does not allege general jurisdiction over M&B.

York, and thus the facts established by the trustee are insufficient to establish specific jurisdiction over M&B.

The trustee repeatedly points to M&B's alleged connections to BLMIS related to the Optimal, Landmark and Defender feeder funds. *See, e.g.*, Opp. at pp. 11, 14, 19-20. But minimum contacts requires that "plaintiff's claim must arise out of or relate to the defendant's forum conduct," *U.S. Bank Nat'l Ass'n v. Bank of Am. N.A.*, 916 F.3d 143, 150 (2d Cir. 2019), and a court may exercise specific jurisdiction only if the contacts are directly related to the action. *See Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1019 (2021) ("[T]he plaintiff's claims must arise out of or relate to the defendant's contacts with the forum) (internal quotations omitted). The allegations of connections based on the Optimal, Landmark or Defender feeder fund relationships are therefore irrelevant and should be disregarded for purposes of the Court's jurisdictional analysis of specific jurisdiction related to the LIF-USEP feeder fund claims.

The trustee also repeatedly points to naked allegations that M&B regularly communicated with BLMIS and Madoff in New York concerning LIF-USEP. *See, e.g.*, Opp. at p. 12. But those allegations are simply not true, and at the jurisdictional stage can be tested. *See Doe v. Delaware State Police*, 939 F. Supp. 2d 313, 329 (S.D.N.Y. 2013) (citing *Jazini v. Nissan Motor Co.*, 148 F.3d 181, 184 (2d Cir. 1998)). M&B has submitted the Rodriguez Declaration [Dkt. 293] showing that there were **no** communications between M&B and BLMIS regarding LIF-USEP (Rodriguez Declaration, ¶ 20), and the trustee tacitly concedes in the Opposition that M&B's single meeting in New York with BLMIS related to **Landmark**, not LIF-USEP. Opp. at 19-20. Thus, these disproven allegations cannot serve as a basis for asserting specific jurisdiction over M&B.

2

The trustee further asserts that M&B "directed" investments into BLMIS. Opp. p. 15. But the trustee gets there by conflating the role of M&B with those of other defendants and/or activities related to other feeder funds. The evidence for purposes of testing jurisdiction shows that LIF-USEP and other defendants—not M&B—directed LIF-USEP's investments into BLMIS (Rodriguez Declaration, ¶¶ 13-16), and the trustee has presented no evidence to the contrary. Mere knowledge that LIF-USEP would invest in New York (as opposed to control over LIF-USEP's activities) is not sufficient to support jurisdiction. *Walden v. Fiore*, 571 U.S. 277, 289 (2014).

The trustee also attempts to rely on supposed connections between BLMIS/Madoff and Manuel Echeverría, who the trustee characterizes as M&B's "agent." Opp. at pp. 23-26. But that agency relationship is only attorney say-so and is debunked by the Rodriguez Declaration. *See* Rodriguez Declaration, ¶ 17. "Help" opening an account (Opp. at p. 25), passing along a message (Opp. at p. 25-26) and arranging meetings (*Id.*) are hardly sufficient to establish a general agency relationship. As this Court has stated, to establish an agency relationship for purposes of personal jurisdiction "a plaintiff must show that the alleged agent acts for the benefit of, and with the knowledge and consent of, the non-resident principal, and over which that principal exercises some control." *Picard v. The Hebrew Univ. of Jerusalem (Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC)*, 650 B.R. 5, 17 (Bankr. S.D.N.Y. 2023). "Merely alleging a business relationship between a defendant and purported agent is insufficient when that relationship begs the question of whether and how the alleged principal exercised control over the activities of the alleged agent." *Id.* (internal quotations omitted). Moreover, an allegation of legal ability to control is insufficient; the complaint must allege the actual exercise of control. *Hau Yin To v. HSBC Holdings, PLC*, 700 F. App'x 66, 68 (2d Cir. 2017). The trustee has neither alleged nor shown these elements.

3

Finally, the trustee points to M&B's proprietary account at LIF-USEP. Opp. at 17. M&B respectfully submits that the decisions holding that merely investing in a non-United States BMLIS feeder fund is sufficient to establish specific jurisdiction in the United States are not consistent with applicable law.[3]

## II. The Opposition Does Not Address M&B's Argument that Certain Allegations Directed at M&B Are Nonsensical.

In his Opposition, the trustee essentially argues that his claims are pled with sufficient specificity. Opp. at pp. 51-54. But the Opposition either purposely glosses over or misapprehends the issue raised by M&B in its motion to dismiss. The issue raised by M&B is not one of sufficient specificity, but rather that the specific allegations actually pled by the trustee are impossible and nonsensical.

The trustee asserts that M&B received "Subsequent Transfers" starting in **2005**.[4] But the first Initial Transfer sought to be avoided by the trustee did not occur until **August 2007**. Compl. ¶ 269 and Ex. B p. 7, Column 5 (titled "Withdrawals."). Obviously it is impossible that

---

[3] M&B makes this argument for purposes of preserving the issue for appeal in the event that M&B's motion to dismiss is not granted on jurisdictional grounds.

[4] Paragraph 272 of the Complaint alleges,

Based on the Trustee's investigation to date, M&B (including M&B SGIIC, which merged into M&B) received at least $9,803,268 in subsequent transfers from LIF-USEP:

    a. M&B received at least $6,024,082 in trailing and distribution fees from UBS SA and UBSTPM, consisting of management fees UBS SA and UBSTPM received from LIF-USEP in connection with M&B's role as LIF-USEP's distributor **from September 2005 to December 2008**.

    b. **Between 2006 and 2007**, LIF-USEP transferred at least $2,878,597 to M&B in connection with M&B's proprietary investments.

    c. **Between 2006 and 2007**, LIF-USEP transferred at least $900,590 to M&B SGIIC in connection with M&B SGIIC's proprietary investments.

(Compl. ¶¶ 270, 272, emphasis added).

4

payments received in 2005 and 2006 could have been subsequent transfers of Initial Transfers that had not yet taken place, and therefore the specific allegations pled in the Complaint do not meet the plausible pleading standards of *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and their progeny. *See also Rieger v. Drabinsky (In re Livent, Inc. Noteholders Sec. Litig.)*, 151 F. Supp. 2d 371, 405 (S.D.N.Y. 2001) (rejecting "conflicting pleadings that make no sense, or that would render a claim incoherent, or that are contradicted either by statements in the complaint itself or by documents upon which its pleadings rely"). At a bare minimum, the Complaint should be amended to seek only avoidance of purported subsequent transfers made after the first Initial Transfer from BLMIS to LIF-USEP in August 2007.

### III. The Trustee Has Conceded M&B's Arguments Concerning Relief Not Available Under Applicable Law.

The trustee's Opposition did not address any of the arguments raised in Section IV of M&B's Memorandum relating to requests for relief made by the trustee that are unavailable as a matter of law, and this is deemed to have waived any opposition to those arguments. *See Blue v. Fremont Inv. & Loan*, 562 F. Supp. 2d 33, 40 (D.D.C. 2008). The arguments raised by M&B in Section IV of the Memorandum are well-founded, and as a result the following requested relief should be dismissed:

(a) the trustee's request for disgorgement of M&B's profits and other remuneration, including management fees, incentive fees or other compensation and/or remuneration received (Compl. at p. 73, ¶ iii.b.); and

(b) the trustee's request for an award of attorney's fees (Compl. at pp. 73-75 ¶¶ iii.d. and vii.).

5

## Conclusion

For the foregoing reasons, the Court should dismiss the Complaint.

Dated:   New York, New York
         August 15, 2023

By: /s/  Richard Levin

JENNER & BLOCK LLP
Richard Levin
Carl Wedoff
1155 Avenue of the Americas
New York, NY 10036
(212) 891-1600
rlevin@jenner.com
cwedoff@jenner.com

Vincent E. Lazar
353 N. Clark Street
Chicago, IL 60654
(312) 222-9350
vlazar@jenner.com

*Counsel for Defendant M&B Capital Advisers Sociedad De Valores, S.A.*

6