**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (CGM)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff,<br><br>Plaintiff,<br><br>v.<br><br>NOMURA INTERNATIONAL PLC,<br><br>Defendant. | Adv. Pro. No. 11-02759 (CGM) |

**CASE MANAGEMENT PLAN**

Plaintiff Irving H. Picard, as trustee (the "Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC under the Securities Investor Protection Act, 15 U.S.C. § 78aaa-*lll*, and the chapter 7 estate of Bernard L. Madoff individually and defendant Nomura International plc ("Defendant" and, together with the Trustee, the "Parties,"

and each individually, a "Party"), by and through their undersigned counsel, hereby submit the following Case Management Plan pursuant to Rules 16 and 26 of the Federal Rules of Civil Procedure (the "Federal Rules"), applicable under Rules 7016 and 7026 of the Federal Rules of Bankruptcy Procedure (the "Federal Bankruptcy Rules").

1. Relevant Procedural History.

   a. On October 6, 2011, the Trustee commenced the above-captioned adversary proceeding in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") by filing a complaint against Defendant. *Picard v. Nomura International plc*, Adv. Pro. No. 11-02759 (CGM), ECF No. 1.

   b. On June 13, 2022, the Trustee filed an Amended Complaint. *Id.*, ECF No. 91.

   c. On August 26, 2022, Defendant filed a Motion to Dismiss the Complaint, which the Trustee opposed. *Id.*, ECF Nos. 95-97, 99.

   d. On May 3, 2023, the Bankruptcy Court issued an Order Denying Defendant's Motion to Dismiss the Complaint. *Id.*, ECF No. 110.

   e. On June 19, 2023, Defendant filed an Answer and Affirmative Defenses. *Id.*, ECF No. 112.

2. Fact Discovery Plan.

   a. Fact Discovery Cut-Off. Unless otherwise agreed to by the Parties or ordered by the Bankruptcy Court, all fact discovery is to be completed by October 10, 2025 (the "Fact Discovery Cut-Off Date").

   b. Initial Disclosures. The Parties do not propose any changes in the form or requirements for disclosures under Federal Rule 26(a)(1)(A) (the "Initial Disclosures"). The

2

Parties agree that they shall serve such Initial Disclosures pursuant to Federal Rule 26 on or before 60 days after the filing of this Order.

      c.   <u>Subjects On Which Discovery May Be Needed</u>.  The Parties contemplate that fact and expert discovery will be needed on asserted claims and defenses.

      d.   <u>Foreign Discovery</u>.  The Trustee anticipates the need for discovery located outside the United States, including from individuals and entities that may have been affiliated with Defendant.  To obtain discovery from these individuals and entities, the Trustee will comply with the relevant discovery rules of the applicable jurisdiction, the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, and/or any other internationally recognized means of obtaining cross-border discovery, including but not limited to letters rogatory (collectively, "Foreign Discovery").  To the extent the Parties avail themselves of Foreign Discovery procedures, they will not be deemed to have waived, prejudiced, or otherwise altered their rights to conduct discovery under the Federal Rules, the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules"), or other applicable domestic rules.  To the extent that timely requested Foreign Discovery is not received or depositions/examinations have not occurred by the Fact Discovery Cut-Off Date, the Parties agree to seek reasonable extensions of the deadlines set forth herein.

      e.   <u>Form of Certain Discovery</u>.  The Trustee intends to utilize one or more electronic data rooms to affirmatively make available millions of documents related to the Trustee's claims.  The Trustee's use of such data will be governed by all applicable orders and rules.  To the extent Defendant avails itself of one or more such data rooms, it will not be deemed to have waived, prejudiced, or otherwise altered its right to conduct discovery of the Trustee by other means permitted under the Federal Rules, the Local Bankruptcy Rules, other applicable

3

domestic or foreign rules, or other applicable Court orders, including, without limitation, the right to request that the Trustee specifically identify the location of specific documents produced by the Trustee that are responsive to specific document requests. The Trustee reserves his rights to object to any such requests under any applicable rules.

      f.  <u>Document Requests</u>.  The Parties may serve requests for documents on or before 90 days prior to the Fact Discovery Cut-Off Date, or on such later dates as they may agree, or for which there is good cause.

      g.  <u>Interrogatories</u>.  The Parties may serve Interrogatories in accordance with the rules and limitations articulated in Local Bankruptcy Rule 7033-1.

      h.  <u>Requests for Admission</u>.  The Parties may serve Requests for Admission as needed, provided they are served on or before 60 days prior to the Fact Discovery Cut-Off Date.

      i.  <u>Limitations on Discovery</u>.  Except as otherwise expressly provided herein, limitations on discovery will be governed by the Federal Rules made applicable to this adversary proceeding by the Federal Bankruptcy Rules, and the Local Bankruptcy Rules. The Parties may agree on certain limitations on discovery or may file an application with the Court.

      j.  <u>Inadvertent Production</u>.  The Parties acknowledge that the inadvertent production of privileged or work product protected documents is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained in this paragraph is intended to or shall serve to limit a Party's right to conduct a review of documents, including electronically stored information, for relevance, responsiveness, and/or privilege or other evidentiary immunity.

k. <u>Depositions</u>. All depositions of fact witnesses shall be completed by the Fact Discovery Cut-Off Date. Depositions shall proceed concurrently, with no Party having priority. The Parties will endeavor to conclude the majority of depositions within the seven (7) hours provided by Federal Rule 30(d)(1), although the Parties acknowledge that there may be certain depositions of fact witnesses with knowledge of issues common to multiple Avoidance Actions (as defined below) that cannot be concluded within this time limit. For any such witnesses, the Parties will attempt in good faith to agree to reasonable extensions of the seven (7) hour time limit as appropriate, and failing agreement, either Party may apply to the Court for an extension of this time limit.

To the extent the deposition of any fact witness raises common issues relevant to another avoidance action related to the above-captioned case (Adv. Pro. No. 08-01789) (the "Avoidance Action(s)"), in which fact discovery has not closed, the Trustee shall make a good faith effort to coordinate such depositions with the witness and defendants in such Avoidance Actions for efficient use of resources to the extent reasonably practicable. The Parties shall confer in good faith and provide notice of such depositions under the Federal Rules, including the date, time, and location of any such depositions, to all relevant parties by appropriate means. In a coordinated deposition, the limitations set forth in Federal Rule 30(d)(1) shall not necessarily apply, and the Parties shall agree on an appropriate duration for the deposition. Such depositions shall not prejudice or preclude the Trustee from additional depositions of such witness in Avoidance Actions in which initial disclosures have not been made and discovery is not open. The Parties agree that they will work in good faith to identify the requisite number of each Party's deponents and depositions. Depositions of Irving H. Picard himself are prohibited absent an order issued by this Court upon a showing of good cause.

Absent an agreement among the Parties, all depositions of the Parties' respective expert witnesses shall be conducted at the New York offices of the party that has retained such expert, or such other location as the Parties may agree. Absent a showing of good cause or an agreement among the Parties, depositions of former employees and agents of Defendants shall be taken in a location convenient to the witness. Nothing contained in this paragraph is intended to or shall serve to limit a Party's right to conduct first party discovery under the Federal Rules of Civil Procedure.

3. <u>Expert Discovery Plan</u>. Within 30 days before the Fact Discovery Cut-Off Date, the Parties agree to meet and confer in good faith on the need for and timing of expert discovery and submit to the Court before the Fact Discovery Cut-Off Date a proposed Amended Case Management Plan that addresses expert discovery.

4. <u>Manner of Production of Discovery Materials</u>. The Parties may produce discovery on a CD-ROM, flash drive, portable hard drive, in an electronic data room, through a secure file transfer protocol, or other similar electronic format. Given the volume of documentation that may be subject to disclosure in this matter, the Parties may produce a summary report, such as an expert report, and provide access to the underlying documentation on which the summary report relies in an electronic data room or other medium for review by the Parties. Information and documents produced or made available electronically shall, to the extent reasonably feasible:

(i) be text searchable;

(ii) provide data and image load files necessary to review the documents on search platforms (*e.g.*, Summation, Concordance, Relativity) upon request of either Party;

(iii) provide any system-created or non-privileged captured objective metadata, such as date fields, author fields, custodian fields, path to native file, etc.;

  (iv) be organized, such as by date, custodian, or subject matter, as maintained in the ordinary course of business (in the case of information obtained by the Trustee from third parties) or as organized by the Trustee; and

  (v) provide additional formats of production, metadata, or native documents if requested by either Party.

The Parties shall meet and confer first in a good faith attempt to resolve any dispute, or thereafter comply with Local Bankruptcy Rule 7007-1 to resolve the dispute.

  5. <u>Confidentiality</u>.  The Litigation Protective Order (ECF No. 4137) entered on June 6, 2011 in *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec., LLC (In re Bernard L. Madoff Inv. Sec., LLC),* Adv. Pro. No. 08-01789, shall govern the disclosure of confidential information in this proceeding, except to the extent that the same has been modified by subsequent orders of the Bankruptcy Court.

  6. <u>Proposed Modifications Of Standard Pretrial Proceedings Due To The Special Nature Of The Action</u>.  The Parties do not presently believe that any such modifications are appropriate or necessary and will contact the Court if their belief in this regard changes.

  7. <u>Prospects For Settlement, Including Whether A Settlement Conference Should Be Scheduled</u>.  The Parties believe that it would be premature to schedule a settlement conference at this time.

  8. <u>Discovery Arbitrator</u>.  The Parties may agree to the use of Frank Maas, Esq. as Discovery Arbitrator to resolve discovery disputes that they are unable to resolve by meeting and conferring, as referenced in the Order Appointing a Discovery Arbitrator Pursuant to Bankruptcy Rule 9019(c) and General Order M-390 (ECF No. 14227) entered in Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec., LLC (In re Bernard L. Madoff Inv. Sec., LLC), Adv. Pro. No. 08-01789, on October 4, 2016, as may be amended, superseded, or supplemented by any case-wide or case-specific future Court orders (together, the "Discovery Arbitrator Order").

9. <u>Trial</u>. The Parties propose that they will confer with each other and the Court at the conclusion of all fact and expert discovery to schedule a final pretrial conference and trial date.

10. <u>Limited Coordination</u>. The Parties agree to work in good faith to coordinate fact discovery in this action with discovery in *Picard v. Nomura International plc*, Adv. Pro. No. 10-05348 (CGM). All discovery produced in this action will be deemed produced in *Picard v. Nomura International plc*, Adv. Pro. No. 10-05348 (CGM), and vice versa.

[*Signatures on following page*]

Dated: August 21, 2023
    New York, New York

By: */s/ Matthew D. Feil*
**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Matthew D. Feil
Email: mfeil@bakerlaw.com

*Counsel for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff*

By: */s/ Randall Martin*
**Shearman & Sterling LLP**
599 Lexington Avenue
New York, New York 10022
Telephone: (212) 848-4000
Facsimile: (212) 848-7174
Randall Martin
Email: Randall.Martin@Shearman.com
Jeffrey Resetarits
Email: Jeffrey.Resetarits@Shearman.com

*Counsel for Defendant Nomura International plc*



**Dated: August 21, 2023**
**Poughkeepsie, New York**

**/s/ Cecelia G. Morris**
_____
**Hon. Cecelia G. Morris**
**U.S. Bankruptcy Judge**