# EXHIBIT 16

**CHAITMAN LLP**

Helen Davis Chaitman
hchaitman@chaitmanllp.com
465 Park Avenue
New York, New York 10022
Phone & Fax: 888-759-1114

*Attorney for Defendants Estate of James M.
Goodman and Audrey Goodman, individually, and
in her capacity as Personal Representative of the
Estate of James M. Goodman.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                  Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                  Defendant. | No. 08-1789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>                  Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC<br><br>                  Plaintiff,<br><br>v.<br><br>ESTATE OF JAMES M. GOODMAN; and AUDREY GOODMAN, individually, and in her capacity as Personal Representative of the Estate of James M. Goodman,<br><br>                  Defendant. | Adv. Pro. No. 10-05079 (SMB) |

1

## AMENDED RESPONSES AND OBJECTIONS OF DEFENDANT AUDREY GOODMAN AS PERSONAL REPRESENTATIVE OF THE ESTATE OF JAMES M. GOODMAN TO TRUSTEE'S FIRST SET OF INTERROGATORIES

Defendant, Audrey Goodman, in her capacity as Personal Representative of the Estate of James M. Goodman ("Responding Party"), by and through her attorneys, and pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Rules 7026 and 7034 of the Federal Rules of Bankruptcy Procedure, and the Local Rules of this Court, hereby responds and objects to the First Set of Requests for Production of Documents and Things (the "Requests") of trustee Irving H. Picard (the "Trustee") as follows:

### GENERAL OBJECTIONS

1.      Responding Party objects to each instruction, definition, and Request to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2.      Responding Party objects to each instruction, definition, and Request to the extent it is vague, ambiguous, overly broad and unduly burdensome, or requests the production of documents that are not relevant to any parties' claims or defenses. .

3.      Responding Party objects to the Requests to the extent they request disclosure of (i) legal theories, legal opinions, mental impressions or other information of Responding Parties' counsel, (ii) any information protected by any privilege, including, without limitation, the attorney-client privilege or the privilege afforded to settlements or settlement negotiations, or (iii) any other available and valid grounds for withholding information or documents from production, including, without limitation, the attorney work product doctrine.

Nothing contained in these responses should be interpreted as a waiver of any such privilege or

2

doctrine.

4.      Responding Party objects to the Requests to the extent they require production of documents not within the possession, custody, or control of the Responding Party.

5.      Responding Party objects to the Requests to the extent they call for legal conclusions.

6.      Responding Party objects to the Requests to the extent they seek disclosure of proprietary and/or confidential information.

7.       Responding Party objects to each definition, instruction, and Request as overbroad and unduly burdensome to the extent it seeks documents that are readily or more accessible to the Propounding Party from its own files or documents, which the Propounding Party previously produced to the Responding Party.

8.      Responding Party reserves all objections as to the competence, relevance, materiality, admissibility, or privileged status of any information provided in response to these Requests, unless the Responding Party specifically states otherwise.

9.      Responding Party's responses to the Requests are based upon information presently available.  Responding Party has not completed discovery.  Accordingly, these responses are made without prejudice to Responding Party's right to present additional evidence based upon information subsequently obtained or evaluated.

10.      Responding Party expressly reserves the right to supplement, clarify, revise, or correct any responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

11.      Responding Party's response to each of the Requests is made subject to these General Objections and limitations.  Responding Party sets them out here to avoid repeating them in response to each individual Request.  Responding Party's failure to specifically set forth an

objection in response to a particular Request shall not be construed as a waiver of said objection.

12.     Responding Party objects to the Requests to the extent that they seek disclosure of information or production of documents which are outside of the "Applicable Period" or for a time period that has no relevance to the issues in the complaint and answer.

## RESPONSES AND OBJECTIONS

1.     Identify the reasons for each Transfer.

**ANSWER:**    Responding Party is unable to do so except to the extent that withdrawals were taken to pay applicable state and federal taxes on the reported short term capital gains in the Account.

2.     Identify the reason for each Subsequent Transfer.

**ANSWER:**    Responding Party refuses to answer this interrogatory because it is improper and it is unethical for the Trustee to be seeking information concerning subsequent transfers.

3.      Identify each deposit into the Account.

**ANSWER:**    Responding Party is unable to do so.  To the extent that the Trustee has reliable third party documents proving a deposit (such as Madoff's bank records), Responding Party will acknowledge that deposit.  However, as the Trustee has admitted, Madoff's records are riddled with fraud and, therefore, they cannot be relied upon to prove any deposits. Moreover, the Trustee has admitted he has no bank records prior to December 1998.  Hence, he has no competent evidence of any activity in the account prior to December 1998.

4.     Identify each Person with knowledge of any Transfer, the circumstances under which each Person obtained such knowledge, and the substance of that person's knowledge.

**ANSWER**:    Annette Bongiorno; Bernard L. Madoff, and possibly other Madoff employees; Bruce Goodman.   To the extent this interrogatory seeks information about subsequent transferees, the interrogatory is improper and it is unethical for the Trustee to be

seeking this information.

5.    Identify:

(a) each Person or entity that ever received funds withdrawn from the Account, whether directly or indirectly;

(b) the amount of money that each such Person or entity received; and

(c) the date(s) on which each Person or entity received such money.

**ANSWER:**    Responding Party is unable to do so. To the extent this interrogatory seeks information about subsequent transferees, the interrogatory is improper and it is unethical for the Trustee to be seeking this information.  The Account Holder, James Goodman, was the direct recipient of each transfer except for withdrawals needed to pay applicable state and federal taxes on the reported short term capital gains in the Account.

6.    Identify all Persons who benefited from any Transfer, including, but not limited to, Persons who received or enjoyed the benefit of anything paid for with any funds that were part of any Transfer, and describe how these Persons benefited.

**ANSWER:**    Responding Party is unable to do so.  To the extent this interrogatory seeks information about subsequent transferees, the interrogatory is improper and it is unethical for the Trustee to be seeking this information.

7.    To the extent not already provided in Your responses to the preceding Interrogatories,  state how You used any money You received from the Transfers.

**ANSWER:**    The Account Holder, James Goodman, paid both state and federal taxes based on short term capital gains rates on the reported fictitious appreciation in the Account.  The balance of the funds were used for the Account Holder, James Goodman's, support.

8.    Identify any and all banks and/or financial institutions where You hold or have held accounts during the Applicable Period, including but not limited to, JP Morgan Chase and

Northern Trust FSB, and for each account, give the account number, the date the account was

opened, and the date the account was closed.

**ANSWER:**   Responding Party admits the deposits and withdrawals reflected on Exhibit B

to the complaint for the period from December 11, 2006 through December 11, 2008.  The Trustee

has no right to any bank information covering this period of time.

9.      Identify any instance when You communicated to BLMIS any disagreement with

respect to the accuracy of the deposits reflected on BLMIS's customer statements relating to the

Account.

**ANSWER:**   Responding Party has no personal knowledge of such instances because

this was not her account.  However, she believes such instances occurred.

10.     Identify any instance when You communicated to BLMIS any disagreement with

respect to the accuracy of the withdrawals reflected on BLMIS's customer statements relating

to the Account.

**ANSWER:**   See answer to Interrogatory #9.

11.     Regarding the sixteenth affirmative defense in Your Answer to the Complaint,

describe the factual basis for Your claim that the "Defendant is entitled to setoff, recoupment,

and/or equitable adjustment because each year Defendant was required to pay taxes on

the fictitious profits reported on, among other things, IRS Form 1099 and other information

reported by BLMIS or Madoff to the Internal Revenue Service, state and/or local governmental

taxing authorities," including, but not limited to, the amount paid in taxes on reported fictitious

profits, by year, the taxing authority to which they were paid and the amount of the reported

income from which the tax obligations arose.

**ANSWER:**   The defense concerning payment of short term capital gains taxes is based

upon Responding Party's testimony as to the payment of the applicable tax rates for each year of

the Account and the reported income as reflected in Madoff's statements which are in the Trustee's possession.

12.     Regarding the twentieth affirmative defense in Your Answer to the Complaint, describe the factual basis for Your claim that the "Trustee has fraudulently calculated Defendant's liability by charging Defendant with withdrawals that the Trustee has no proof were taken," including, but not limited to, Identifying the withdrawals You contend are at issue by date and amount.

**ANSWER:**     This affirmative defense relates to the Trustee's failure to credit Responding Party with the full amount of the transfers from other Madoff accounts. Responding Party is unable to specifically identify these withdrawals because the Trustee has not provided the documentary evidence relating to the transferor accounts.

13.     Regarding the twenty-seventh affirmative defense in Your Answer to the Complaint, describe the factual basis for Your claim that the "Trustee's claims are barred in whole or part for failure to properly credit inter-account transfers, profit withdrawals, and other adjustments," including, but not limited to, Identifying the inter-account transfers, profit withdrawals and other adjustments you contend were not properly credited, the amounts you contend should be credited and all Documents supporting your contention.

**ANSWER:**     See answer to Interrogatory #12. The Trustee has no right to refuse to recognize the face-value of every inter-account transfer.

14.     Regarding the thirty-seventh affirmative defense in Your Answer to the Complaint, describe the factual basis for Your claim that the "withdrawals that the Trustee seeks to recover were legally compelled under State and federal securities laws," including Identifying the withdrawals that You contend were legally compelled by date and amount, the law, statute, regulation or other legal provision under which each was compelled, and all Documents

supporting your contention.

**ANSWER**:    See answer to Interrogatory #11.

15.    Regarding the forty-sixth affirmative defense in Your Answer to the Complaint, describe the factual basis for Your claim that "Trustee's claims are barred in whole or part for failure to properly credit Defendant with all of Defendant's deposits," including Identifying the deposits that You contend were not properly credited by date and amount, the amounts you contend should be credited, and all Documents supporting your contention.

**ANSWER:**    See answers to Interrogatories #12 and #13.

16.    Identify any Person with knowledge of information relevant to this adversary proceeding who may be in possession of any Documents or other information relating to any Transfers, deposits, or Subsequent Transfers, including, but not limited to NTC & Co., Marshall Zieses, CPA, David Belej of Veritable LP, Merrill Lynch, Wells Fargo or JP Morgan Chase Bank, and any other banks, financial advisors, accountants, auditors, securities brokers, and/or other financial professionals. For every Person You Identify, please provide their name, address, telephone number, the circumstances under which each Person obtained such knowledge and the substance of that Person's knowledge.

**ANSWER:**    Bruce Goodman.

17.    To the extent not already provided in Your Initial Disclosures or responses to other written discovery, Identify by category, general description, custodian and location, all relevant documents, electronically stored information, and other physical evidence in Your possession, custody or control.

**ANSWER:**    Responding Party has no such documents and does not know of any other person who would have such documents, other than the Trustee.

18.    Identify whether You requested a refund, including, but not limited to any theft

loss refund, of any state or federal taxes paid in connection with the Account and whether any refund was received.    In so doing, provide the date(s) when You applied for the refund(s), received refund(s) and the amount(s) of such refund(s).

**ANSWER:**    Responding Party requested and received a refund of federal income taxes paid on fictitious profits during the period from 2003 – 2007.    The amount refunded was $1,236,152.

19.    Identify steps You have taken to preserve Documents Concerning the Account pursuant to the preservation letters sent to Your counsel on February 14, 2011, July 21, 2014, and February 23, 2016.

**ANSWER:**    Responding Party has not disposed of any documents since February 14, 2011.

20.    Identify whether Decedent drafted and/or executed a Last Will and Testament.

**ANSWER:** The Trustee has no right to such information.

21.    Identify all current and former personal representatives of the Estate.    For each Person so identified, identify the dates such Person served as personal representative, the amount of any fees received by such Person in connection with their service as a personal representative, and state whether such Person personally received any portion of any Transfers from the Account.

**ANSWER:**    The Responding Party is the decedent's personal representative. To the extent that this interrogatory seeks information regarding subsequent transfers, this interrogatory is improper and it is unethical for the Trustee to be seeking information to form a complaint against subsequent transferees.

22.    Identify all of Decedent's lineal descendants and living relatives, including children, grandchildren, parents, brothers, sisters, nieces and nephews, whether natural

or adopted.

**ANSWER:**    The Trustee is not entitled to any of this information because it is irrelevant to the issues in the complaint and is being sought for the improper purpose of allowing the Trustee to frame a viable complaint against subsequent transferees

23.    Identify any revocable or irrevocable trusts, jointly-held accounts, or pay-on- death accounts, and interest Decedent held in property, whether real or personal, tangible or intangible, either outright or through a beneficial interest in a trust, that Decedent created or otherwise obtained an interest in after December 11, 2008, sold or transferred after December 11, 2008, or held at his death.

**ANSWER:**  See answer to # 22.

24.    Identify any state and/or federal tax filings related to Decedent and/or the Estate of James M. Goodman including, but not limited to estate tax returns, income tax returns, and/or gift tax returns.

**ANSWER:**  The Trustee is not entitled to any such information except to the extent it reflects refunds on taxes paid on Madoff income.  That amount has been disclosed herein.

July 14, 2016

**CHAITMAN LLP**

By:  /s/  *Helen Davis Chaitman*
Helen Davis Chaitman
465 Park Avenue
New York, New York 10022
Phone & Fax: 888-759-1114
hchaitman@chaitmanllp.com

*Attorney for Defendants Estate of James M. Goodman; and Audrey Goodman, individually, and in her capacity as Personal Representative of the Estate of James M. Goodman*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                              Plaintiff-Applicant,<br><br>           v.<br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                                Defendant. | No. 08-1789 (SMB)<br>SIPA LIQUIDATION<br>(Substantively Consolidated) |
| In re:<br>BERNARD L. MADOFF,<br><br>                                Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff,<br><br>                                Plaintiff,<br><br>           v.<br><br>ESTATE OF JAMES M. GOODMAN; and AUDREY GOODMAN, individually, and in her capacity as Personal Representative of the Estate of James M. Goodman,<br><br>                                Defendants. | Adv. Pro. No. 10-05079 (SMB)<br><br>VERIFICATION |

I, AUDREY GOODMAN, as personal representative of the ESTATE OF JAMES M. GOODMAN, declare pursuant to 28 U.S.C. § 1746, that I have read the foregoing amended interrogatory answers and that the responses contained therein are true and correct to the best of my knowledge, information and belief. I understand that if any of these responses is found to be willfully false, I am subject to punishment.

July 14, 2016

_____
AUDREY GOODMAN

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and accurate copy of the foregoing was served on this 15th day

of July, 2016 by electronic mail and UPS mail upon the following:

**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: 212.589.4200
Facsimile: 212.589.4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the
Substantively Consolidated SIPA Liquidation of
Bernard L. Madoff Investment Securities LLC
and the Estate of Bernard L. Madoff*

Of Counsel:

**BAKER & HOSTETLER LLP**
811 Main, Suite 1100
Houston, Texas 77002-6111
Telephone: (713) 751-1600
Facsimile: (713) 751-1717
Dean D. Hunt, Esq.
Email: dhunt@bakerlaw.com

**CHAITMAN LLP**
By: /s/ Helen Davis Chaitman
Helen Davis Chaitman
465 Park Avenue
New York, New York 10022
Phone & Fax: 888-759-1114
hchaitman@chaitmanllp.com

*Attorney for Defendants Estate of James M.
Goodman; and Audrey Goodman, individually, and
in her capacity as Personal Representative of the
Estate of James M. Goodman.*

**CHAITMAN LLP**

Helen Davis Chaitman
hchaitman@chaitmanllp.com
465 Park Avenue
New York, New York 10022
Phone & Fax: 888-759-1114

*Attorney for Defendants Estate of James M.*
*Goodman; and Audrey Goodman, individually,*
*and in her capacity as Personal Representative*
*of the Estate of James M. Goodman.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | No. 08-1789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC<br><br>Plaintiff,<br><br>v.<br><br>ESTATE OF JAMES M. GOODMAN; and AUDREY GOODMAN, individually, and in her capacity as Personal Representative of the Estate of James M. Goodman,<br><br>Defendant. | Adv. Pro. No. 10-05079 (SMB) |

**<u>AMENDED RESPONSES AND OBJECTIONS OF DEFENDANT AUDREY GOODMAN
TO TRUSTEE'S FIRST SET OF INTERROGATORIES</u>**

Defendant, Audrey Goodman ("Responding Party"), by and through her attorneys, and
pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Rules 7026 and 7034 of
the Federal Rules of Bankruptcy Procedure, and the Local Rules of this Court, hereby responds and
objects to the First Set of Requests for Production of Documents and Things (the "Requests") of
trustee Irving H. Picard (the "Trustee") as follows:

## <u>GENERAL OBJECTIONS</u>

1.      Responding Party objects to each instruction, definition, and Request to the
extent that it purports to impose any requirement or discovery obligation greater than or different
from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the
Court.

2.      Responding Party objects to each instruction, definition, and Request to the
extent it is vague, ambiguous, overly broad and unduly burdensome, or requests the production of
documents that are not relevant to any parties' claims or defenses. .

3.      Responding Party objects to the Requests to the extent they request disclosure
of (i) legal theories, legal opinions, mental impressions or other information of Responding Parties'
counsel, (ii) any information protected by any privilege, including, without limitation, the attorney-
client privilege or the privilege afforded to settlements or settlement negotiations, or (iii) any other
available and valid grounds for withholding information or documents from production, including,
without limitation, the attorney work product doctrine.  Nothing contained in these responses should
be interpreted as a waiver of any such privilege or doctrine.

4.      Responding Party objects to the Requests to the extent they require production

of documents not within the possession, custody, or control of the Responding Party.

5.       Responding Party objects to the Requests to the extent they call for legal conclusions.

6.       Responding Party objects to the Requests to the extent they seek disclosure of proprietary and/or confidential information

7.       Responding Party objects to each definition, instruction, and Request as overbroad and unduly burdensome to the extent it seeks documents that are readily or more accessible to the Propounding Party from its own files or documents, which the Propounding Party previously produced to the Responding Party.

8.       Responding Party reserves all objections as to the competence, relevance, materiality, admissibility, or privileged status of any information provided in response to these Requests, unless the Responding Party specifically states otherwise.

9.       Responding Party's responses to the Requests are based upon information presently available.  Responding Party has not completed discovery.  Accordingly, these responses are made without prejudice to Responding Party's right to present additional evidence based upon information subsequently obtained or evaluated.

10.       Responding Party expressly reserves the right to supplement, clarify, revise, or correct any responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

11.       Responding Party's response to each of the Requests is made subject to these General Objections and limitations.  Responding Party sets them out here to avoid repeating them in response to each individual Request.  Responding Party's failure to specifically set forth an objection in response to a particular Request shall not be construed as a waiver of said objection.

12.       Responding Party objects to the Requests to the extent that they seek

disclosure of information or production of documents which are outside of the "Applicable Period"
or for a time period that has no relevance to the issues in the complaint and answer.

## <u>RESPONSES AND OBJECTIONS</u>

1.      Identify the reasons for each Transfer.

**ANSWER:**    Responding Party is unable to do so except to the extent that withdrawals
were taken to pay applicable state and federal taxes on the reported short term capital gains in the
Account and to fund the account holder's support.

2.      Identify the reasons for each subsequent Transfer.

**ANSWER:**    Responding Party refuses to answer this interrogatory because it is improper
and it is unethical for the Trustee to be seeking information concerning subsequent transfers.

3.      Identify each deposit into the Account.

**ANSWER:**    Responding Party is unable to do so.  To the extent that the Trustee has
reliable third party documents proving a deposit (such as Madoff's bank records), Responding
Party will acknowledge that deposit.  However, as the Trustee has admitted, Madoff's records
are riddled with fraud and, therefore, they cannot be relied upon to prove any deposits. Moreover,
the Trustee has admitted he has no bank records prior to December 1998.  Hence, he has no
competent evidence of any activity in the account prior to December 1998.

4.       Identify each Person with knowledge of any Transfer, the circumstances under
which each Person obtained such knowledge, and the substance of that person's knowledge.

**ANSWER:**    Annette Bongiorno;  Bernard L. Madoff  and  possibly  other  Madoff
employees; Bruce Goodman  To  the  extent  this  interrogatory  seeks  information  about
subsequent transferees,

the interrogatory is improper and it is unethical for the Trustee to be seeking this information.

5.      Identify: (a) each Person or entity that ever received funds withdrawn from the Account, whether directly or indirectly (b) the amount of money that each such Person or entity received and (c) the date (s) on which each Person or entity received such money.

**ANSWER**:    Responding Party is unable to do so.  To the extent this interrogatory seeks information about subsequent transferees, the interrogatory is improper and it is unethical for the Trustee to be seeking this information.  The Account holder was the direct recipient of each transfer except for withdrawals needed to pay applicable state and federal taxes on the reported short term capital gains in the Account.

6.      Identify all Persons who benefited from any Transfer, including, but not limited to, Persons who received or enjoyed the benefit of anything paid for with any funds that were part of any Transfer, and describe how these Persons benefited.

**ANSWER:**  Responding Party is unable to do so.  To the extent this interrogatory seeks information about subsequent transferees, the interrogatory is improper and it is unethical for the Trustee to be seeking this information.

7.      To the extent not already provided in Your responses to the preceding Interrogatories,  state how You used any money You received from the Transfers.

**ANSWER:**    Responding party paid both state and federal fees based on short term capital gains rates on the reported fictitious appreciation in the Account.  The balance of the funds were used for the Account Holder's support.

8.      Identify any and all banks and/or financial institutions where You hold or have held accounts during the Applicable Period, including, but not limited to, JPMorgan Chase and Northern Trust FSB, and for each account, give the account number, the date the account was opened, and the date the account was closed.

**ANSWER:**    Responding Party admits the deposits and withdrawals reflected on Exhibit B

to the complaint for the period from December 11, 2006 through December 11, 2008. The Trustee

has no right to any bank information covering this period of time.

9.      Identify any instance when You communicated to BLMIS any disagreement with

respect to the accuracy of the deposits reflected on BLMIS's customer statements relating to the

Account.

**ANSWER:**    Responding Party cannot, at this time, recall these instances except to say that

they did occur.    Moreover, to the extent that the Account Holder received transfers from other

Madoff accounts, Responding Party is unable to know whether the account holder reported mistakes

in the account statements to Madoff.

10.     Identify any instance when You communicated to BLMIS any disagreement with

respect to the accuracy of the withdrawals reflected on BLMIS's customer statements relating

to the Account.

**ANSWER:**    See answer to Interrogatory #9.

11.     Regarding the sixteenth affirmative defense in Your Answer to the Complaint,

describe the factual basis for Your claim that the "Defendant is entitled to setoff, recoupment,

and/or equitable adjustment because each year Defendant was required to pay taxes on the

fictitious profits reported on, among other things, IRS Form 1099 and other information reported

by BLMIS or Madoff to the Internal Revenue Service, state and/or local governmental taxing

authorities," including, but not limited to, the amount paid in taxes on reported fictitious profits,

by year, the taxing authority to which they were paid and the amount of the reported income

from which the tax obligations arose.

**ANSWER:**    The defense concerning payment of short term capital gains taxes is based

upon the Account Holder's payment of the applicable taxes for each year of the Account on the

reported income as reflected in Madoff's statements which are in the Trustee's possession.

12.    Regarding the twentieth affirmative defense in Your Answer to the Complaint, describe the factual basis for Your claim that the "Trustee has fraudulently calculated Defendant's liability by charging Defendant with withdrawals that the Trustee has no proof were taken," including, but not limited to, Identifying the withdrawals You contend are at issue by date and amount.

**ANSWER:** This affirmative defense relates to the Trustee's failure to credit Responding Party with the full amount of the transfers from other Madoff accounts. Responding Party is unable to specifically identify these withdrawals because the Trustee has not provided the documentary evidence relating to the transferor accounts.

13.    Regarding the twenty-seventh affirmative defense in Your Answer to the Complaint, describe the factual basis for Your claim that the "Trustee's claims are barred in whole or part for failure to properly credit inter-account transfers, profit withdrawals, and other adjustments," including, but not limited to, Identifying the inter-account transfers, profit withdrawals and other adjustments you contend were not properly credited, the amounts you contend should be credited and all Documents supporting your contention.

**ANSWER:** See answer to Interrogatory #12. The Trustee has no right to refuse to recognize the face-value of every inter-account transfer.

14.    Regarding the thirty-seventh affirmative defense in Your Answer to the Complaint, describe the factual basis for Your claim that the "withdrawals that the Trustee seeks to recover were legally compelled under State and federal securities laws," including Identifying the withdrawals that You contend were legally compelled by date and amount, the law, stah1te, regulation or other legal provision under which each was compelled, and all Documents supporting your contention.

**ANSWER:**    See answer to Interrogatory #11.

15.     Regarding the forty-sixth affirmative defense in Your Answer to the Complaint, describe the factual basis for Your claim that "Trustee's claims are barred in whole or part for failure to properly credit Defendant with all of Defendant's deposits," including Identifying the deposits that You contend were not properly credited by date and amount, the amounts you contend should be credited, and all Documents supporting your contention.

**ANSWER:**    See answer to Interrogatories #12 and #13.

16.     Identify any Person with knowledge of information relevant to this adversary proceeding who may be in possession of any Documents or other information relating to any Transfers, deposits, or Subsequent Transfers, including but not limited to NTC & Co., Marshall Zieses, CPA, David Belej of Veritable LP, Merrill Lynch, Wells Fargo or JP Morgan Chase Bank, and any other banks, financial advisors, accountants, auditors, securities brokers, and/or other financial professionals. For every Person You Identify, please provide their name, address, telephone number, the circumstances under which each Person obtained such knowledge and the substance of that Person's knowledge.

**ANSWER:**    Bruce Goodman. Annette Bongiorno; Bernard L. Madoff, and possibly other Madoff employees. To the extent this interrogatory seeks information about subsequent transferees, the interrogatory is improper and it is unethical for the Trustee to be seeking this information.

17.     To the extent not already provided in Your Initial Disclosures or responses to other written discovery, Identify by category, general description, custodian and location of all relevant documents, electronically stored information, and other physical evidence in Your possession, custody or control.

**ANSWER:**    Responding Party has no such documents and does not know of any other

person who has such documents, other than the Trustee.

18.    Identify whether You requested a refund, including but not limited to any theft loss refund, of any state or federal taxes paid in connection with the Account and whether any refund was received.   In so doing, provide the date(s) when You applied for the refund(s), received refund(s) and the amount(s) of such refund(s).

**ANSWER:**    Responding Party requested and received a refund of federal income taxes paid on fictitious profits during the period from 2003 – 2007.   The amount refunded was $1,236,152.

19.    Identify steps You have taken to preserve Documents Concerning the Account pursuant to the preservation letters sent to Your counsel on February 14, 2011, July 21, 2014 and February 23, 2016.

**ANSWER:**    Responding Party has not disposed of any documents since February 14, 2011.

July 14, 2016

**CHAITMAN LLP**
By: /s/ _Helen Davis Chaitman_
Helen Davis Chaitman
465 Park Avenue
New York, New York 10022
Phone & Fax: 888-759-1114
hchaitman@chaitmanllp.com

*Attorney for Defendants Estate of James M.*
*Goodman; and Audrey Goodman, individually,*
*and in her capacity as Personal Representative*
*of the Estate of James M. Goodman*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>     Plaintiff-Applicant,<br><br>   v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>     Defendant. | No. 08-1789 (SMB)<br>SIPA LIQUIDATION<br>(Substantively<br>Consolidated) |
| In re:<br>BERNARD L. MADOFF,<br><br>     Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff,<br><br>     Plaintiff,<br><br>   v.<br><br>ESTATE OF JAMES M. GOODMAN; and AUDREY GOODMAN, individually, and in her capacity as Personal Representative of the Estate of James M. Goodman,<br><br>     Defendants. | Adv. Pro. No. 10-05079 (SMB)<br><br>VERIFICATION |

I, AUDREY GOODMAN, declare pursuant to 28 U.S.C. § 1746, that I have read the foregoing amended interrogatory answers and that the responses contained therein are true and correct to the best of my knowledge, information and belief. I understand that if any of these responses is found to be willfully false, I am subject to punishment.

July 14, 2016

_Audrey M. Goodman_
AUDREY GOODMAN

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and accurate copy of the foregoing was served on this 15th day

of July 2016 by electronic mail and UPS mail upon the following:

**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: 212.589.4200
Facsimile: 212.589.4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the*
*Substantively Consolidated SIPA Liquidation of*
*Bernard L. Madoff Investment Securities LLC*
*and the Estate of Bernard L. Madoff*

Of Counsel:

**BAKER & HOSTETLER LLP**
811 Main, Suite 1100
Houston, Texas 77002-6111
Telephone: (713) 751-1600
Facsimile: (713) 751-1717
Dean D. Hunt, Esq.
Email: dhunt@bakerlaw.com

                                            **CHAITMAN LLP**
                                            By: */s/ Helen Davis Chaitman*
                                            Helen Davis Chaitman
                                            465 Park Avenue
                                            New York, New York 10022
                                            Phone & Fax: 888-759-1114
                                            hchaitman@chaitmanllp.com

                                            *Attorney for Defendants Estate of James M.*
                                            *Goodman; and Audrey Goodman, individually,*
                                            *and in her capacity as Personal Representative*
                                            *of the Estate of James M. Goodman.*