Michael S. Feldberg  
REICHMAN JORGENSEN  
LEHMAN & FELDBERG LLP  
*mfeldberg@reichmanjorgensen.com*  
750 Third Avenue, Suite 2400  
New York, NY 10017  
Tel.: (212) 381-1965  

Hearing Date: September 20, 2023  
Response Date: September 13, 2023  
Reply Date: September 17, 2023  

*Attorney for Defendant NatWest Markets N.V.*

**UNITED STATES BANKRUPTCY COURT**  
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                Defendant. | Adv. Pro. No. 08-01789 (CGM)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>                Debtor. | **ORAL ARGUMENT REQUESTED** |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>                Plaintiff,<br><br>v.<br><br>ABN AMRO BANK N.V. (presently known as NATWEST MARKETS N.V.),<br><br>                Defendant. | Adv. Pro. No. 10-05354 (CGM)<br>Adv. Pro. No. 11-02760 (CGM) |

**MEMORANDUM OF LAW IN SUPPORT OF**  
**NATWEST MARKETS N.V.'S MOTION TO AMEND AFFIRMATIVE DEFENSES**

Defendant NatWest Markets N.V. (formerly known as ABN AMRO Bank N.V.) ("NatWest")[1] respectfully submits this memorandum of law in support of its motion pursuant to Federal Rule of Civil Procedure 15(a)(2) to amend its Answer, Counterclaims, and Jury Demand ("Answer") to the Consolidated Second Amended Complaint ("Complaint"), No. 10-05354, Dkt. 220, filed by plaintiff Irving H. Picard, Trustee ("Trustee") for the Liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") and the Estate of Bernard L. Madoff ("Madoff").

## PROCEDURAL BACKGROUND

The Trustee filed its Consolidated Second Amended Complaint on March 22, 2022. Following briefing and an order denying NatWest's motion to dismiss, NatWest filed its Answer to the Consolidated Second Amended Complaint, Counterclaims, and Jury Demand on May 15, 2023. Dkt. 268. The Parties stipulated to a briefing schedule, which has been so ordered by the Court, for the Trustee to move to dismiss NatWest's counterclaims, which provides that NatWest "shall file its opposition to the Trustee's motion to dismiss or amend its Counterclaims by or on August 24, 2023." Dkt. 270 at 2. The Trustee moved to dismiss NatWest's Counterclaims on July 17, 2023. Dkt. 272.

## ARGUMENT

NatWest is responding to the Trustee's Motion to Dismiss by amending its Counterclaims and seeks leave to simultaneously make modest amendments to its Affirmative Defenses. Pursuant to the parties' Stipulation, NatWest may amend its Counterclaims by right. Dkt. 270 at 2. NatWest sought the Trustee's consent to simultaneous amendments to NatWest's Affirmative

---

[1] After the events at issue in this litigation, ABN AMRO Bank N.V., a financial institution organized under laws of the Netherlands, was renamed The Royal Bank of Scotland N.V. and was later renamed again as NatWest Markets N.V. To avoid confusion with defendants in other Madoff adversary proceedings with similar names, "Defendant" or "NatWest" has been used throughout.

1

DRAFT: PRIVILEGED & CONFIDENTIAL ATTORNEY WORK PRODUCT

Defenses, but the Trustee declined to consent, requiring NatWest to seek the Court's leave. The Court should grant such leave—there is no conceivable prejudice to the Trustee from NatWest amending its Affirmative Defenses at such an early stage. And this is even more the case here, where the Trustee has already consented to NatWest amending its Counterclaims.

Rule 15 of the Federal Rules of Civil Procedure, made applicable to bankruptcy proceedings by Federal Rules of Bankruptcy Procedure rule 7015, provides that "a party may amend its pleading . . . with . . . the court's leave," and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. rule 15(a)(2). And the Second Circuit "ha[s] interpreted this instruction in favor of allowing the amendment absent a showing by the non-moving party of bad faith or undue prejudice." *Anthony v. City of New York*, 339 F.3d 129, 138 n.5 (2d Cir. 2003) (Sotomayor, J.) (affirming district court's grant of leave to assert additional affirmative defenses included for the first time in summary judgment motion); *see also Tokio Marine & Fire Ins. Co. v. Emps. Ins. of Wausau*, 786 F.2d 101, 103 (2d Cir. 1986) ("The Supreme Court has made clear that 'this mandate is to be heeded,' and that leave to amend should be permitted in the absence of an apparent or declared reason, such as undue delay, bad faith, or undue prejudice to the opposing party." (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962))). The Trustee can make no such showing.

NatWest seeks to amend in good faith to pursue a full and fair defense in this action. The Parties have not yet exchanged Initial Disclosures or issued any discovery requests. And NatWest may amend its Counterclaims as a matter of right. Under these circumstances there is no reason not to grant leave to Amend. *See Tokio Marine*, 786 F.2d at 103 (where "there has been no showing by plaintiffs that they suffered any prejudice from the relatively brief delay in

2
DRAFT: PRIVILEGED & CONFIDENTIAL ATTORNEY WORK PRODUCT

defendants' attempt to amend their answer," it would be "an abuse of discretion for the district court not to allow defendant to amend and assert their affirmative defenses").

NatWest's proposed Amended Answer is attached as Exhibit 1 and a redline showing the changes from NatWest's original Answer is attached as Exhibit 2.

## CONCLUSION

For the foregoing reasons, the Court should grant NatWest's motion for leave to amend its affirmative defenses.

Dated: August 24, 2023

Respectfully submitted,

*/s/ Michael S. Feldberg*

Michael S. Feldberg
REICHMAN JORGENSEN LEHMAN & FELDBERG LLP
750 Third Avenue, Suite 2400
New York, New York 10017
Tel: (212) 381-1965
mfeldberg@reichmanjorgensen.com

*Attorneys for Defendant NatWest Markets N.V.*

DRAFT: PRIVILEGED & CONFIDENTIAL ATTORNEY WORK PRODUCT