**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and the estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (CGM) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff, | Adv. Pro. No. 12-01512 (CGM) |
| Plaintiff, | |
| v. | |
| ZCM ASSET HOLDING COMPANY (BERMUDA) LIMITED, | |
| Defendant. | |

**TRUSTEE'S MEMORANDUM OF LAW IN**
**OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................1

STATEMENT OF FACTS ....................................................................................................3

I.      THE BLMIS PONZI SCHEME..................................................................................3

II.     THE INITIAL TRANSFEREE ACTION AND SETTLEMENT .......................................4

III.    ZCM AND ITS INVESTMENTS IN SENTRY..............................................................4

ARGUMENT .....................................................................................................................5

I.      THE TRUSTEE'S COMPLAINT SUFFICIENTLY PLEADS THE
        AVOIDABILITY OF THE INITIAL TRANSFERS TO SENTRY...................................5

II.     ZCM'S MERE CONDUIT AFFIRMATIVE DEFENSE IS PREMATURE AND
        NOT ESTABLISHED ON THE FACE OF THE COMPLAINT ......................................9

        A.      The Complaint Plausibly Alleges that ZCM is a Subsequent Transferee..............10

        B.      The Mere Conduit Defense is Premature and ZCM's Burden to Plead................10

        C.      Even if the Court were to Consider the Mere Conduit Affirmative Defense
                at this Stage, ZCM Fails to Meet its High Burden.................................................12

III.    SECTION 546(e) DOES NOT BAR TRUSTEE'S RECOVERY FROM ZCM...............13

IV.     THE TRUSTEE'S COMPLAINT PLAUSIBLY PLEADS THAT ZCM
        RECEIVED BLMIS CUSTOMER PROPERTY UNDER SECTION 550(a) .................16

        A.      ZCM Misstates the Trustee's Pleading Burden .....................................................18

        B.      ZCM's other Tracing Arguments Fail on a Motion to Dismiss............................19

V.      THE SECTION 550(b) GOOD FAITH AFFIRMATIVE DEFENSE CANNOT
        BE RESOLVED AT THE MOTION TO DISMISS STAGE ...........................................23

CONCLUSION...................................................................................................................27

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*45 John Lofts, LLC v. Meridian Cap. Grp. LLC (In re 45 John Lofts, LLC)*,
    599 B.R. 730 (Bankr. S.D.N.Y. 2019) ..............................................................17, 18

*Abbas v. Dixon*,
    480 F.3d 636 (2d Cir. 2007) .............................................................................11

*Am. Casein Co. v. Geiger (In re Geiger)*,
    446 B.R. 670 (Bankr. E.D. Pa. 2010) ...................................................................6

*Authentic Fitness Corp. v. Dobbs Temp. Help Servs., Inc. (In re The Warnaco
    Group, Inc.)*,
    No. 01 B 41643 (RLB), 2006 WL 278152 (S.D.N.Y. Feb. 2, 2006) ......................12

*In re Beacon Assocs. Litig.*,
    745 F. Supp. 2d 386 (S.D.N.Y. 2010) .................................................................25

*Bear, Stearns Sec. Corp. v. Gredd (In re Manhattan Inv. Fund Ltd.)*,
    397 B.R. 1 (S.D.N.Y. 2007) .........................................................................12, 16

*In re Bernard L. Madoff Inv. Sec. LLC (Picard v. Ida Fishman Revocable Tr.)*,
    773 F.3d 411 (2d Cir. 2014) .............................................................................14

*In re BLMIS*,
    No. 20-cv-02586 (CM), 2022 WL 1304589 (S.D.N.Y. May 2, 2022) .......................23, 24, 25

*Bonded Fin. Servs., Inc. v. Eur. Am. Bank*,
    838 F.2d 890 (7th Cir. 1988) .............................................................................12

*Cargo Partner AG v. Albatrans, Inc.*,
    352 F.3d 41 (2d Cir. 2003) ...............................................................................10

*Christy v. Alexander & Alexander of NY Inc. (In re Finley Kumble, Wagner,
    Heine, Underberg, Manley, Myerson, & Casey)*,
    130 F.3d 52 (2d Cir.1997) .........................................................................11, 12

*CNB Int'l Inc. v. Kelleher (In re CNB Int'l, Inc.)*,
    393 B.R. 306 (Bankr. W.D.N.Y. 2008) ...............................................................20

*In re CVEO Corp.*,
    327 B.R. 210 (Bankr. D. Del. 2005) ...................................................................12

*Dahar v. Jackson (In re Jackson)*,
    318 B.R. 5 (Bankr. D.N.H. 2004) .......................................................................20

ii

*Davis v. Bifani*,
  No. 07–cv–00122–MEH–BNB, 2007 WL 1216518 (D. Colo. Apr. 24, 2007)........................7

*DeMasi v. Benefico*,
  567 F. Supp. 2d 449 (S.D.N.Y. 2008).........................................................................................9

*In re Dreier LLP*,
  452 B.R. 391 (Bankr. S.D.N.Y. 2011)......................................................................................24

*Enron Corp. v. J.P. Morgan Secs. Inc. (In re Enron Corp.)*,
  361 B.R. 36 (Bankr. S.D.N.Y. 2006)...................................................................................9, 11

*Ferrari v. Cnty. of Suffolk*,
  790 F. Supp. 2d 34 (E.D.N.Y. 2011) .........................................................................................9

*Fowler v. Caliber Home Loans, Inc.*,
  277 F. Supp. 3d 1324 (S.D. Fla. 2016) ...................................................................................21

*Garfinkle v. Conference on Jewish Material Claims Against Germany, Inc.*,
  No. 19-cv-7007 (JPO), 2020 WL 6323462 (S.D.N.Y. Oct. 28, 2020) ...................................20

*Global Crossing Estate Rep. v. Alta Partners Holdings LDC (In re Global
  Crossing Ltd.)*,
  385 B.R. 52 (Bankr. S.D.N.Y. 2008).......................................................................................11

*Gowan v. Amaranth Advisors, LLC (In re Dreier LLP)*,
  Adv. Pro. No. 10-03493 (SMB), 2014 WL 47774 (Bankr. S.D.N.Y. Jan. 3,
  2014) ........................................................................................................................................22

*Isaiah v. JPMorgan Chase Bank*,
  960 F.3d 1296 (11th Cir. 2020) ..........................................................................................9, 11

*In re J.P. Jeanneret Assocs., Inc.*,
  769 F. Supp. 2d 340 (S.D.N.Y. 2011)......................................................................................10

*Jalbert v. Gryaznova (In re Bicom NY, LLC)*,
  No. 21-1821, 2022 WL 1419997 (2d Cir. May 5, 2022) .........................................................12

*Kelley v. Westford Special Situations Master Fund, L.P.*,
  No. 19-cv-1073, 2020 WL 3077151 (D. Minn. June 10, 2020) .........................................22, 23

*Kelly–Brown v. Winfrey*,
  717 F.3d 295 (2d Cir. 2013).....................................................................................................24

*Koch Indus., Inc. v. Picard (In re BLMIS)*,
  No. 23-cv-0294 (VEC), 2023 WL 3317926 (S.D.N.Y. May 9, 2023) ...............................13, 14

*Mass. Mut. Life Ins. Co. v. Residential Funding Co., LLC*,
   843 F. Supp. 2d 191 (D. Mass. 2012) .......................................................................7

*McKenna v. Wright*,
   386 F.3d 432 (2d Cir. 2004)...........................................................................12, 25

*Motors Liquidation Company Avoidance Action Trust v. JPMorgan Chase Bank,*
   *N.A. (In re Motors Liquidation Company)*,
   552 B.R. 253 (Bankr. S.D.N.Y. 2016) ..................................................................11

*Nat'l Credit Union Admin. Bd. v. Morgan Stanley & Co.*,
   No. 13 CIV. 6705 DLC, 2014 WL 1673351 (S.D.N.Y. Apr. 28, 2014)....................7

*Nycomed U.S. Inc. v. Glenmark Generics Ltd.*,
   No. 08-CV-5023 (CBA) (RLM), 2010 WL 1257803 (E.D.N.Y. Mar. 26, 2010)......7

*Picard v. Avellino (In re BLMIS)*,
   557 B.R. 89 (Bankr. S.D.N.Y. 2016) ....................................................................25

*Picard v. Banca Carige S.P.A. (In re Bernard L. Madoff)*,
   No. 11-02570 (CGM), 2022 WL 2387522 (Bankr. S.D.N.Y. June 30, 2022).................2, 6, 7

*Picard v. Bank Julius Baer & Co. (In re BLMIS)*,
   No. 11-02922 (CGM), 2022 WL 17726520 (Bankr. S.D.N.Y. Dec. 15, 2022)...................2, 24

*Picard v. Bank Vontobel (In re Bernard L. Madoff)*,
   No. 12-01202 (CGM), 2022 WL 17087560 (Bankr. S.D.N.Y. Nov. 18, 2022) ..........2, 6, 7, 26

*Picard v. Banque SYZ & Co., SA (In re Bernard L. Madoff)*,
   No. 11-02149 (CGM), 2022 WL 2135019 (Bankr. S.D.N.Y. June 14, 2022)................ *passim*

*Picard v. BNP*,
   594 B.R. 167 (Bankr. S.D.N.Y. 2018)..................................................16, 17, 25, 26

*Picard v. Cathay Life Ins. Co. (In re Bernard L. Madoff)*,
   No. 11-02568 (CGM), 2022 WL 16626325 (Bankr. S.D.N.Y. Nov. 1, 2022) ...................2, 18

*Picard v. Charles Ellerin Rev. Tr. (In re BLMIS)*,
   Adv. Pro. No. 10-04398 (BRL), 2012 WL 892514 (Bankr. S.D.N.Y. Mar. 14,
   2012) ................................................................................................ *passim*

*Picard v. Citibank, N.A., et al.*,
   Adv. Pro. No. 10-05345 (CGM), 2022 WL 4493234 (Bankr. S.D.N.Y. Sept.
   27, 2022) ................................................................................................16

*Picard v. Citibank, N.A. (In re Bernard L. Madoff Inv. Sec. LLC)*,
   12 F.4th 171 (2d Cir. 2021), *cert. denied sub nom. Citibank, N.A. v. Picard*,
   No. 21-1059, 2022 WL 585915 (Feb. 28, 2022) ............................................ *passim*

*Picard v. Cohmad Sec. Corp. (In re BLMIS)*,
    454 B.R. 317 (Bankr. S.D.N.Y. 2011) ................................................................................6, 23

*Picard v. Credit Suisse AG (In re Bernard L. Madoff)*,
    No. 11-02925 (CGM), 2022 WL 17098676 (Bankr. S.D.N.Y. Nov. 21, 2022) ................2, 25

*Picard v. Delta Nat'l Bank and Tr. Co. (In re Bernard L. Madoff)*,
    No. 11-02551 (CGM), 2022 WL 3365256 (Bankr. S.D.N.Y. Aug. 12, 2022) .............2, 24, 25

*Picard v. Fairfield Investment Fund Limited*,
    No. 08-01789 (CGM), 2021 WL 3477479 (Bankr. S.D.N.Y. Aug. 6, 2021) ................. *passim*

*Picard v. First Gulf Bank (In re Bernard L. Madoff)*,
    No. 11-02541 (CGM), 2022 WL 3354955 (Bankr. S.D.N.Y. July 18, 2022) .........2, 16, 23, 26

*Picard v. Grosvenor Investment Mgmt. Ltd. (In re Bernard L. Madoff)*,
    No. 12-01021 (CGM), 2022 WL 17098716 (Bankr. S.D.N.Y. Nov. 21, 2022) .......................2

*Picard v. Inteligo Bank Ltd. (In re Bernard L. Madoff)*,
    No. 11-02763 (CGM), 2022 WL 17742686 (Bankr. S.D.N.Y. Dec. 15, 2022) ........................2

*Picard v. JABA Assocs. LP (In re Madoff)*,
    528 F. Supp. 3d 219 (S.D.N.Y. 2021) .................................................................................16

*Picard v. Keller Family Trust (In re BLMIS)*,
    634 B.R. 39 (Bankr. S.D.N.Y. 2021), *aff'd*, No. 21-CV-8678 (JPO), 2022 WL
    7219262 (S.D.N.Y. Oct. 6, 2022) ......................................................................................12

*Picard v. Korea Exch. Bank (In re Bernard L. Madoff)*,
    No. 11-02572 (CGM), 2022 WL 4371908 (Bankr. S.D.N.Y. Sept. 21, 2022) ...................2, 13

*Picard v. LGT Bank in Liechtenstein Ltd. (In re Bernard L. Madoff)*,
    No. 11-02929 (CGM), 2023 WL 2003960 (Bankr. S.D.N.Y. Feb. 14, 2023) .............2, 7, 9, 13

*Picard v. Lombard Odier & Cie SA (In re Bernard L. Madoff)*,
    No. 12-01693 (CGM), 2022 WL 2387523 (Bankr. S.D.N.Y. June 30, 2022) ..........................2

*Picard v. Mayer (In re BLMIS)*,
    Adv. Pro. No. 20-01316 (CGM), 2021 WL 4994435 (Bankr. S.D.N.Y. Oct.
    27, 2021) .........................................................................................................................17

*Picard v. Merkin (In re BLMIS)*,
    440 B.R. 243 (Bankr. S.D.N.Y. 2010) .......................................................................12, 24, 25

*Picard v. Merkin (In re BLMIS)*,
    515 B.R. 117 (Bankr. S.D.N.Y. 2014) ...............................................................16, 17, 18, 23

*Picard v. Merkin (In re BLMIS)*,
    581 B.R. 370 (Bankr. S.D.N.Y. 2017) ...............................................................21, 23

*Picard v. Merrill Lynch Bank (Suisse) SA (In re Bernard L. Madoff)*,
    No. 11-02910 (CGM), 2023 WL 3113085 (Bankr. S.D.N.Y. Apr. 26, 2023) ................2, 7, 17

*Picard v. Miller (In re BLMIS)*,
    631 B.R. 1 (Bankr. S.D.N.Y. 2021) ..................................................................11, 12

*Picard v. Multi-Strategy Fund Ltd.*,
    641 B.R. 78 (Bankr. S.D.N.Y. 2022) ............................................................. *passim*

*Picard v. Multi-Strategy Fund Ltd.*,
    No. 22-cv-06502 (JSR), 2022 WL 16647767 (S.D.N.Y. Nov. 3, 2022) ...........................13, 15

*Picard v. Nelson (In re BLMIS)*,
    610 B.R. 197 (Bankr. S.D.N.Y. 2019) .............................................................11, 16

*Picard v. Platinum All Weather Fund Limited, et al (In re Bernard L. Madoff)*,
    No. 12-01697 (CGM), 2023 WL 3964150 (Bankr. S.D.N.Y. June 12, 2023) ................ *passim*

*Picard v. Sage Realty*,
    No. 20-cv-10109 (JFK), 2022 WL 1125643 (S.D.N.Y. Apr. 15, 2022) ...........................15, 16

*Picard v. Shapiro (In re BLMIS)*,
    542 B.R. 100 (Bankr. S.D.N.Y. 2015) ..................................................................18

*Picard v. SNS Bank N.V. (In re Madoff)*,
    Adv. Pro. No. 12-01046 (CGM), 2023 WL 2395734 (Bankr. S.D.N.Y. Mar. 7,
    2023) ............................................................................................................23

*Picard v. Standard Chartered Fin. Servs. (Luxembourg) S.A. (In re Bernard L.
    Madoff)*,
    Adv. Pro. No. 12-01565 (CGM), 2023 WL 118787 (Bankr. S.D.N.Y. Jan. 6,
    2023) ..........................................................................................................2, 9

*In re Pretty Girl, Inc.*,
    644 B.R. 298 (Bankr. S.D.N.Y. 2022) ..................................................................10

*Roth v. Jennings*,
    489 F.3d 499 (2d Cir. 2007) .............................................................................10

*Sapia v. Home Box Off., Inc.*,
    No. 20-cv-02586 (CM), 2018 WL 6985223 (S.D.N.Y. Dec. 17, 2018) ...............................19

*Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Madoff Sec.)*,
    516 B.R. 18 (S.D.N.Y. 2014) ..........................................................................26

*Sherman v. A.J. Pegno Constr. Corp.*,
   528 F. Supp. 2d 320 (S.D.N.Y. 2007)..........................................................................7

*Silverman v. K.E.R.U. Realty Corp. (In re Allou Distribs., Inc.)*,
   379 B.R. 5 (Bankr. E.D.N.Y. 2007)............................................................................18

*SIPC v. BLMIS (In re Madoff Sec. Consolidated Proccedings)*,
   501 B.R. 26 (S.D.N.Y. 2013)..................................................................................6, 8

*SIPC v. BLMIS*,
   No. 12-MC-115 (JSR), 2013 WL 1609154 (S.D.N.Y. Apr. 15, 2013)......................13

*SIPC v. Stratton Oakmont, Inc.*,
   234 B.R. 293 (Bankr. S.D.N.Y. 1999)......................................................................23

*Pension Benefit Guar. Corp. ex rel. St. Vincent Catholic Med. Ctrs. Ret. Plan v.*
   *Morgan Stanley Inv. Mgmt. Inc.*,
   712 F.3d 705 (2d Cir. 2013)......................................................................................19

*In re Terrestar Corp.*,
   16 Civ. 1421 (ER), 2017 WL 1040448 (S.D.N.Y. Mar. 16, 2017)...........................6

*United States v. Int'l Longshoremen's Ass'n*,
   518 F. Supp. 2d 422 (E.D.N.Y. 2007) .......................................................................7

*United Teamster Fund v. MagnaCare Admin. Servs., LLC*,
   39 F. Supp. 3d 461 (S.D.N.Y. 2014)........................................................................24

**Statutes**

11 U.S.C. § 546(e) ....................................................................................... *passim*

11 U.S.C. § 548(a) ..................................................................................................8

11 U.S.C. § 548(a)(1)(A)...................................................................................13, 15

11 U.S.C. § 548(c) .................................................................................................25

11 U.S.C. § 550.............................................................................................8, 9, 10

11 U.S.C. § 550(a) ....................................................................................... *passim*

11 U.S.C. § 550(a)(2)..............................................................................................20

11 U.S.C. § 550(b) ....................................................................................... *passim*

11 U.S.C. § 550(d)..................................................................................................20

New York Debtor & Creditor Law § 278 ....................................................................15

**Rules**

Fed. R. Civ. P. 8 ................................................................................................................8

Fed. R. Civ. P. 8(a) ...........................................................................................................1

Fed. R. Civ. P. 8(a)(2) .......................................................................................................5

Fed. R. Civ. P. 9(b) ...........................................................................................................5

Fed. R. Civ. P. 10 ..............................................................................................................7

Fed. R. Civ. P. 10(c) ..................................................................................................5, 6, 7

Fed. R. Civ. P. 12(b)(6) ............................................................................................1, 10, 21

Fed. R. Civ. P. 12(h) ..........................................................................................................1

Irving H. Picard, as trustee (the "Trustee") for the substantively consolidated liquidation of

Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection

Act, 15 U.S.C. §§ 78aaa-*lll* ("SIPA"), and the chapter 7 estate of Bernard L. Madoff ("Madoff"),

respectfully submits this memorandum of law in opposition to the motion to dismiss (the

"Motion") the Trustee's complaint, ECF No. 1 ("Compl."), as amended by Stipulation and Order

entered on April 21, 2023, ECF No. 101, (the "April 2023 Stipulation and Order") pursuant to

Federal Rule of Civil Procedure ("FRCP") 12(b)(6), of defendant ZCM Asset Holding Company

(Bermuda) Limited ("ZCM" or "Defendant").[1]

## PRELIMINARY STATEMENT

As part of his continuing efforts in this BLMIS SIPA liquidation proceeding to recover

BLMIS customer property that was stolen as part of Madoff's Ponzi scheme, the Trustee seeks to

recover $21,247,755 in subsequent transfers Defendant received from Fairfield Sentry Limited

("Sentry").[2]  Defendant moves to dismiss the Trustee's Amended Complaint, arguing that (1) the

Trustee has failed to adequately allege avoidance of the initial transfers from BLMIS to Sentry, in

violation of FRCP 8(a); (2) the Trustee has failed to allege that Defendant is a transferee, as

opposed to a mere conduit; (3) the Trustee's claim is barred by § 546(e); (4) the Trustee has not

plausibly alleged that Defendant received customer property from BLMIS, and (5) Defendant is

entitled to the good faith defense under § 550(b).[3]  Each of these arguments lacks merit, and, as

---

[1] Unless otherwise indicated, all ECF references herein refer to the case captioned *Picard v. ZCM Asset Holding Company (Bermuda) Limited*, Adv. Pro. No. 12-01512 (CGM) (Bankr. S.D.N.Y.).

[2] Pursuant to the April 2023 Stipulation and Order, the Trustee amended his Complaint to dismiss 1) subsequent transfers from Sentry to Defendant totaling $3,244,036 and 2) claims seeking recovery of Kingate Global Fund Ltd. ("Kingate Global")-related subsequent transfers, the latter in light of the Trustee's settlement with Kingate Global and related entities.  The only other change made by the April 2023 Stipulation and Order was a minor correction to Defendant's name in the case caption, with no new or additional allegations of any kind included therein.

[3] By not contesting personal jurisdiction, Defendant has conceded that this Court has jurisdiction over it.  *See* FRCP 12(h).

Defendant acknowledges (Motion at 3, n.2), has been repeatedly rejected in other recovery actions against subsequent transferee defendants that have come before this Court.[4] Defendant asserts in a footnote, but does not even try to show how, the facts here "are sufficiently distinguishable to warrant a different outcome." *See* Motion at 3, n.2. Certainly, saying that does not make it so, and this Motion should be denied for the same reasons as the others.

*First*, the Trustee sufficiently pleaded the avoidability of the initial transfers of customer property to Sentry. While Defendant argues that the Trustee improperly incorporates pleadings from a related Sentry proceeding, this Court has time and again rejected that argument, instead finding incorporation by reference both efficient and sufficient to plead avoidability.

*Second*, the Complaint plausibly alleged that Defendant is a subsequent transferee and it is not the Trustee's pleading burden to anticipate and rebut the mere conduit defense. The Court's assessment of this defense is in any case a fact-intensive inquiry inappropriate for resolution at this

---

[4] *See, e.g., Picard v. Multi-Strategy Fund Ltd.*, 641 B.R. 78 (Bankr. S.D.N.Y. 2022) ("*Multi-Strategy I*"); *Picard v. Banque SYZ & Co., SA (In re Bernard L. Madoff)*, No. 11-02149 (CGM), 2022 WL 2135019 (Bankr. S.D.N.Y. June 14, 2022) ("*Banque SYZ*"); *Picard v. Banca Carige S.P.A. (In re Bernard L. Madoff)*, No. 11-02570 (CGM), 2022 WL 2387522 (Bankr. S.D.N.Y. June 30, 2022) ("*Carige*"); *Picard v. Lombard Odier & Cie SA (In re Bernard L. Madoff)*, No. 12-01693 (CGM), 2022 WL 2387523 (Bankr. S.D.N.Y. June 30, 2022); *Picard v. First Gulf Bank (In re Bernard L. Madoff)*, No. 11-02541 (CGM), 2022 WL 3354955 (Bankr. S.D.N.Y. July 18, 2022) ("*First Gulf*"); *Picard v. Delta Nat'l Bank and Tr. Co. (In re Bernard L. Madoff)*, No. 11-02551 (CGM), 2022 WL 3365256 (Bankr. S.D.N.Y. Aug. 12, 2022) ("*Delta*"); *Picard v. Korea Exch. Bank (In re Bernard L. Madoff)*, No. 11-02572 (CGM), 2022 WL 4371908 (Bankr. S.D.N.Y. Sept. 21, 2022) ("*KEB*"); *Picard v. Cathay Life Ins. Co. (In re Bernard L. Madoff)*, No. 11-02568 (CGM), 2022 WL 16626325 (Bankr. S.D.N.Y. Nov. 1, 2022) ("*Cathay Life*"); *Picard v. Bank Vontobel (In re Bernard L. Madoff)*, No. 12-01202 (CGM), 2022 WL 17087560 (Bankr. S.D.N.Y. Nov. 18, 2022) ("*Vontobel*"); *Picard v. Credit Suisse AG (In re Bernard L. Madoff)*, No. 11-02925 (CGM), 2022 WL 17098676 (Bankr. S.D.N.Y. Nov. 21, 2022) ("*Credit Suisse*"); *Picard v. Grosvenor Investment Mgmt. Ltd. (In re Bernard L. Madoff)*, No. 12-01021 (CGM), 2022 WL 17098716 (Bankr. S.D.N.Y. Nov. 21, 2022); *Picard v. Bank Julius Baer & Co. (In re BLMIS)*, No. 11-02922 (CGM), 2022 WL 17726520 (Bankr. S.D.N.Y. Dec. 15, 2022) ("*BJB*"); *Picard v. Inteligo Bank Ltd. (In re Bernard L. Madoff)*, No. 11-02763 (CGM), 2022 WL 17742686 (Bankr. S.D.N.Y. Dec. 15, 2022); *Picard v. Standard Chartered Fin. Servs. (Luxembourg) S.A. (In re Bernard L. Madoff)*, Adv. Pro. No. 12-01565 (CGM), 2023 WL 118787 (Bankr. S.D.N.Y. Jan. 6, 2023) ("*Standard Chartered*"); *Picard v. LGT Bank in Liechtenstein Ltd. (In re Bernard L. Madoff)*, No. 11-02929 (CGM), 2023 WL 2003960 (Bankr. S.D.N.Y. Feb. 14, 2023) ("*LGT Bank*"); *Picard v. Merrill Lynch Bank (Suisse) SA (In re Bernard L. Madoff)*, No. 11-02910 (CGM), 2023 WL 3113085 (Bankr. S.D.N.Y. Apr. 26, 2023) ("*Merrill Lynch Bank*"); *Picard v. Platinum All Weather Fund Limited, et al (In re Bernard L. Madoff)*, No. 12-01697 (CGM), 2023 WL 3964150 (Bankr. S.D.N.Y. June 12, 2023) ("*Fortis Isle of Man*").

stage of the litigation.

  *Third*, the Trustee has plausibly alleged Sentry's actual knowledge of Madoff's fraud, and therefore, under controlling law, Section 546(e) is inapplicable and does not bar recovery from Defendant.

  *Fourth*, the Trustee has plausibly alleged that Defendant received customer property under Section 550(a) by outlining the relevant pathways through which customer property was transferred from BLMIS to Sentry and subsequently to Defendant. The Trustee has also alleged the necessary vital statistics (*i.e.*, the "who, when, and how much") for each subsequent transfer received by Defendant. Nothing more is required at this stage of the litigation.

  *Finally*, the Section 550(b) "good faith" defense available to subsequent transferees is another fact-intensive affirmative defense that is premature and plainly inappropriate to assert on a motion to dismiss. As this Court has found in numerous recent cases concerning similarly situated defendants, it is Defendant's burden to plead this defense in an answer and prove it with evidence. Defendant cannot establish its purported good faith on the face of the Complaint.

  The Trustee respectfully requests that the Court deny the Motion in its entirety.

## STATEMENT OF FACTS

### I. THE BLMIS PONZI SCHEME

  Madoff founded and operated BLMIS in New York until its collapse in 2008. Compl. ¶¶ 23, 31. BLMIS was a registered broker-dealer in New York. *Id.* ¶ 23. BLMIS purportedly operated three principal business units: (1) market making; (2) proprietary trading; and (3) an investment advisory business (the "IA Business"). *Id.* For its IA Business customers, BLMIS purportedly executed a split-strike conversion strategy which involved (a) investing in a basket of common stocks from the S&P 100 Index; (b) buying put options and selling call options to hedge against price changes in the underlying basket of stocks; and (c) purchasing U.S. Treasury

securities when the money was out of the market. *Id.* ¶¶ 23–25. In reality, BLMIS operated a

Ponzi scheme through its IA Business. *Id.* ¶¶ 16–17, 26–28. On December 11, 2008, Madoff's

fraud was publicly revealed, and he was arrested for criminal violations of federal securities laws,

including securities fraud, investment adviser fraud, and mail and wire fraud. *Id.* ¶¶ 11, 32.

The extensive financial damage caused by Madoff was made possible by BLMIS "feeder

funds"—large investment funds created for the express purpose of funneling investors' funds into

BLMIS. *Picard v. Citibank, N.A. (In re Bernard L. Madoff Inv. Sec. LLC)*, 12 F.4th 171, 179 (2d

Cir. 2021), *cert. denied sub nom. Citibank, N.A. v. Picard*, No. 21-1059, 2022 WL 585915 (Feb.

28, 2022) ("*Citibank*"). Defendant invested in Sentry, which it knew was a Madoff feeder fund.

Compl. ¶ 6.

## II.    THE INITIAL TRANSFEREE ACTION AND SETTLEMENT

Following BLMIS's collapse and the commencement of the BLMIS SIPA liquidation

proceeding, the Trustee filed an adversary proceeding against Sentry and related defendants to

avoid and recover fraudulent transfers of customer property in the amount of approximately $3

billion. Compl. ¶ 43; *see also Picard v. Fairfield Sentry Ltd.*, Adv. Pro. No. 09-01239 (Bankr.

S.D.N.Y. Aug. 28, 2020), ECF No. 286. In 2011, the Trustee settled with Sentry and others (the

"Sentry Settlement"). Compl. ¶ 48. As part of the settlement, Sentry consented to a judgment in

the amount of $3.054 billion but repaid only $70 million to the BLMIS estate. *Id.* The Trustee

then commenced a number of adversary proceedings against defendants like ZCM to recover

approximately $3 billion in additional stolen customer property.

## III.    ZCM AND ITS INVESTMENTS IN SENTRY

Defendant is a Bermuda private limited company that invested with BLMIS through Sentry

and at least one other BLMIS feeder fund. Compl. ¶¶ 2, 6, 22. Sentry was managed and controlled

by Fairfield Greenwich Group ("FGG"), a de facto partnership with its principal place of business

in New York.  Compl. ¶ 7; *Picard v. Fairfield Investment Fund Limited*, , No. 08-01789 (CGM),

2021 WL 3477479, at *9, (Bankr. S.D.N.Y. Aug. 6, 2021) ("*Fairfield Inv. Fund*").  Sentry invested

more than 95% of its assets with BLMIS.  Compl. ¶ 2; *see also Fairfield Amended Compl.* ¶¶ 52,

318 ("Fairfield Amended Complaint"), *Picard v. Fairfield Sentry Limited, et al.*, No. 08-01789

(CGM), Adv. Pro. No. 09-01239, ECF No. 23.

In the period from May 2003 to August 2006, ZCM received transfers from Sentry totaling

at least $21,247,755.  Compl. ¶ 49, Ex. F, as amended by the April 2023 Stipulation and Order.

For each transfer alleged, the Complaint sets forth the subsequent transferor (Sentry), the

subsequent transferee (ZCM), the date of the subsequent transfer, and the amount of the subsequent

transfer.  *Id*.

## **ARGUMENT**

**I.    THE TRUSTEE'S COMPLAINT SUFFICIENTLY PLEADS THE
        AVOIDABILITY OF THE INITIAL TRANSFERS TO SENTRY**

Defendant argues that the Complaint fails to satisfy the requirements of FRCP 8(a)(2) to

include a "short and plain statement" showing the Trustee is entitled to relief, and violates the

incorporation by reference requirements of FRCP 10(c).  Motion at 7–11.  In particular, Defendant

argues as to the Trustee's incorporation of the then-operative complaint against Sentry, that "the

federal rules do not authorize the wholesale incorporation by reference of an *entire* pleading from

a different action."  *Id*. at 9 (emphasis in original).  There is no doubt, however, as this Court has

repeatedly held in substantively similar adversary proceedings,[5] that the Trustee may incorporate

---

[5] *See, e.g., Banque SYZ*, 2022 WL 2135019, at *7–8 (noting Second Circuit precedent instructs courts to adopt "a
more liberal view" as to the Rule 9(b) pleading standard "[w]here the actual fraudulent transfer claim is asserted by a
bankruptcy trustee" and holding that "[t]hrough the adoption of the Fairfield Complaint, the Trustee has adequately
pleaded, with particularity, the avoidability of the initial transfer due to Fairfield Sentry's knowledge of BLMIS'
fraud.") (quoting *Picard v. Cohmad Sec. Corp. (In re BLMIS)*, 454 B.R. 317, 329 (Bankr. S.D.N.Y. 2011)); *Carige*,
2022 WL 2387522, at *6–7 (same); *Vontobel*, 2022 WL 17087560, at *7 (same) (collecting cases).

the Fairfield Amended Complaint to demonstrate the avoidability of the initial transfers from

BLMIS.[6]

In *Multi-Strategy I*, for example, this Court held that "pleadings filed in the 'same action'

may be properly adopted by reference in other pleadings in that action" and "[t]he Fairfield

Complaint was filed in the 'same action' as this adversary proceeding for purposes of Rule 10(c)."

*Multi-Strategy I*, 641 B.R. at 91 (citing *Am. Casein Co. v. Geiger (In re Geiger)*, 446 B.R. 670,

679 (Bankr. E.D. Pa. 2010) (allowing incorporation by reference under Rule 10(c) of pleadings in

different adversary proceeding within the same liquidation because the pleadings "directly

relate[d] to, materially affect[ed], and [were] filed in a single bankruptcy case.")); *see also In re

Terrestar Corp.*, 16 Civ. 1421 (ER), 2017 WL 1040448, at *4 (S.D.N.Y. Mar. 16, 2017)

("[a]dversary proceedings filed in the same bankruptcy case do not constitute different cases").

Defendant's argument also conflicts with the opinion of the United States District Court

for the Southern District of New York (the "District Court") in *SIPC v. BLMIS (In re Madoff Sec.

Consolidated Proceedings)*, 501 B.R. 26 (S.D.N.Y. 2013), in which the Trustee's incorporation by

reference of the then-operative Fairfield complaint was found sufficient:

> [T]he Trustee's complaint against Standard Chartered Financial
> Services incorporates by reference the complaints against Kingate
> and Fairfield, including the allegations concerning the avoidability
> of the initial transfers, and further alleges the avoidability of these
> transfers outright. *See* Standard Chartered Compl. ¶¶43–46, 50–53.
> Thus, the avoidability of the transfers from Madoff Securities to
> Kingate and Fairfield is sufficiently pleaded for purposes of section
> 550(a).

*Id*. at 36.  *See also Multi-Strategy I*, 641 B.R. at 91; *Banque SYZ*, 2022 WL 2135019, at *7; *Carige*,

---

[6] Defendant acknowledges in a footnote that its additional argument—that a showing of avoidability is insufficient pursuant to § 550(a) and the Trustee must demonstrate that the Sentry initial transfers have been "avoided" via a judgment—has been rejected by both this Court and the District Court.  *See* Motion at 8, n.4.  As such, we will not take up the Court's time addressing this point.

2022 WL 2387522, at *6; *Vontobel*, 2022 WL 17087560, at *6; *LGT Bank,* 2023 WL 2003960, at

*7; *Merrill Lynch Bank,* 2023 WL 3113085, at *7 (all following "the District Court's instruction").

Moreover, even if the Court were to find that the adversary proceedings are separate actions

for purposes of FRCP 10(c)*,* this Court still can permit incorporation by reference, as the District

Court and other federal courts have done in appropriate circumstances.  *See Sherman v. A.J. Pegno*

*Constr. Corp.*, 528 F. Supp. 2d 320, 323 n.5 (S.D.N.Y. 2007) (citation omitted) (interpreting FRCP

10(c)'s reference to "another pleading" as not being confined to another pleading in the same

action and permitting incorporation of entire pleadings in separate cases); *Mass. Mut. Life Ins. Co.*

*v. Residential Funding Co., LLC*, 843 F. Supp. 2d 191, 214 n.15 (D. Mass. 2012) (holding

incorporation by reference appropriate where "the court [was] familiar with the filings in the other

[] case[], which [were] substantially similar to [that] case, and the usual concerns about inferring

arguments from other submissions have less force.").

The cases cited by Defendant for the proposition that FRCP 10 does not permit such

"wholesale" incorporation are inapposite because, unlike in this case, the parties there were

incorporating pleadings by reference in an attempt to add new claims or defenses.[7]  In those cases,

the incorporation would have led to confusion and a lack of notice as to the additional claims

asserted.  *Id.*  By contrast, the Trustee here is not seeking to add new claims, and Defendant would

---

[7] *See Nat'l Credit Union Admin. Bd. v. Morgan Stanley & Co.*, No. 13 CIV. 6705 DLC, 2014 WL 1673351, at *9
(S.D.N.Y. Apr. 28, 2014) (striking attempted incorporation of additional affirmative defenses filed by defendants in
other actions); *Davis v. Bifani*, No. 07–cv–00122–MEH–BNB, 2007 WL 1216518, at *1–2 (D. Colo. Apr. 24, 2007)
(holding improper plaintiff's attempt to incorporate additional claims from a parallel state-court action that were not
alleged in the federal court complaint); *Nycomed U.S. Inc. v. Glenmark Generics Ltd.*, No. 08-CV-5023 (CBA) (RLM),
2010 WL 1257803, at *3–4 (E.D.N.Y. Mar. 26, 2010) (rejecting plaintiff's attempt to state new claim by incorporating
by reference a reply brief he filed in the case which included "no specific factual allegations" supporting the claim);
*United States v. Int'l Longshoremen's Ass'n*, 518 F. Supp. 2d 422, 460–66 (E.D.N.Y. 2007) (finding improper
incorporation by reference of pleadings from prior actions to plead entirely new claims not otherwise alleged in
complaint).

be hard-pressed to argue it lacked notice that the Trustee was seeking to avoid the initial transfers to Sentry.

Defendant also argues that the Trustee's incorporation of the Fairfield Amended Complaint, especially in light of its subsequent amendment, would force Defendant to "sift through hundreds of pages of documents" to "guess" which allegations require a response and, further, force Defendant "to respond to allegations outside its knowledge and well beyond the relevant time period." Motion at 10. In making this burden argument, Defendant ignores the purpose of the incorporation in the Trustee's Complaint: to make a *prima facie* showing that the initial transfers are avoidable under Section 548(a) so that the Trustee can recover from Defendant under Section 550(a). *See Citibank,* 12 F.4th at 196–97 (holding that "if a trustee establishes a *prima facie* case under the fraudulent transfer provisions, then he or she is entitled to recovery unless the transferee can establish an *affirmative defense*") (citation omitted) (emphasis in original). The Complaint only incorporates the Fairfield Amended Complaint—as part of one paragraph—in pleading the avoidability of the initial transfers. *See* Compl. ¶ 43. Defendant can admit the avoidability of the initial transfers, deny the allegations, or respond that it does not have sufficient information to admit or deny. This places no undue burden on Defendant in responding to the Trustee's claims against it or on the Court. Doing as Defendant appears to suggest—repleading all initial transfer allegations—does nothing to provide a "short and plain statement" and would unnecessarily add countless pages to the Complaint. Such duplication is unnecessary in pleading recovery under Section 550 and inconsistent with the purpose of FRCP 8. *See In re Madoff Sec.*, 501 B.R. at 36.

In any case, regardless of incorporation, this Court may take judicial notice of the operative Second Amended Complaint in the Fairfield matter and the Court's prior decision holding that the

8

complaint sufficiently alleges the avoidability of the initial transfers from BLMIS.  *See Fairfield Inv. Fund*, 2021 WL 3477479.[8]  On a motion to dismiss, "a court may take judicial notice of prior pleadings, orders, judgments, and other related documents that appear in the court records of prior litigation and that relate to the case *sub judice*."  *Ferrari v. Cnty. of Suffolk*, 790 F. Supp. 2d 34, 38 n.4 (E.D.N.Y. 2011).  "Included among such matters are decisions in prior lawsuits."  *DeMasi v. Benefico*, 567 F. Supp. 2d 449, 453 (S.D.N.Y. 2008).

## II.    ZCM'S MERE CONDUIT AFFIRMATIVE DEFENSE IS PREMATURE AND NOT ESTABLISHED ON THE FACE OF THE COMPLAINT

Defendant asserts that the Trustee has failed to allege that ZCM was a "transferee. . . as opposed to a 'mere conduit.'"  Motion at 11–15.  In this way, Defendant improperly tries to shift its burden to plead an affirmative defense—that it was a mere conduit under Section 550 of the Bankruptcy Code—onto the Trustee.  The mere conduit defense, however, as this Court has held on multiple occasions, is a fact-intensive, affirmative defense that is Defendant's burden to prove, and, as such, is inappropriate to resolve on a motion to dismiss.  *See Fortis Isle of Man*, 2023 WL 3964150, at *10; *LGT Bank*, 2023 WL 2003960, at *9; *Standard Chartered*, 2023 WL 118787, at *7–8; *see also Enron Corp. v. J.P. Morgan Secs. Inc. (In re Enron Corp.)*, 361 B.R. 36, 49 (Bankr. S.D.N.Y. 2006) (in the context of a Rule 15(c) motion, "the burden of proving that [defendant] was not a transferee and/or beneficiary of the Transactions shifts to [defendant]"); *Isaiah v. JPMorgan Chase Bank*, 960 F.3d 1296, 1304 (11th Cir. 2020) ("[T]he mere conduit defense is an affirmative defense that must be proved by the defendant seeking its protection.").  Defendant has not come close to demonstrating, as it must, that this case is the rare exception where such a defense might be established beyond doubt on the face of a complaint.

---

[8] After the Trustee filed his Complaint against Defendant, the Trustee filed a Second Amended Complaint against the FGG defendants.  *See* Second Amended Complaint, *Picard v. Fairfield Inv. Fund Ltd*., Adv. Pro. No. 09-01239 (Bankr. S.D.N.Y. Aug. 28, 2020).

## A.    The Complaint Plausibly Alleges that ZCM is a Subsequent Transferee

When considering motions to dismiss under FRCP 12(b)(6), "the Court must liberally construe all claims, accept all factual allegations in the complaint as true, and draw all reasonable inferences" in the plaintiff's favor.  *In re J.P. Jeanneret Assocs., Inc.*, 769 F. Supp. 2d 340, 353 (S.D.N.Y. 2011) (citing *Cargo Partner AG v. Albatrans, Inc.*, 352 F.3d 41, 44 (2d Cir. 2003); *Roth v. Jennings*, 489 F.3d 499, 510 (2d Cir. 2007)).

Here, the Trustee has alleged that Defendant purposefully invested with BLMIS through Sentry and received subsequent transfers of stolen BLMIS customer property through its redemptions from Sentry.  Compl. ¶¶ 2–3, 6, 34, 43–47, 49.  The Trustee has alleged that Defendant entered into a Sentry subscription agreement under which it submitted to New York jurisdiction and wired funds to Sentry through a bank in New York.  *Id*.  ¶ 7.  The Trustee has alleged the necessary vital statistics of the subsequent transfers he seeks to recover.  Compl. Exs. D–F.  The Trustee has also alleged that the transfers from BLMIS to Sentry are avoidable.  *See supra* pp. 5–9; Compl. ¶ 43.  Given the specific allegations of the Complaint, the Trustee has met his pleading burden under Section 550.  Moreover, nothing alleged supports an argument that the conduit defense is established on its face.

## B.    The Mere Conduit Defense is Premature and ZCM's Burden to Plead

Regardless of how it frames the argument in its Motion, Defendant is asking the Court to improperly shift the burden of pleading an affirmative defense to the Trustee by making negation of the mere conduit defense an element of the Trustee's Section 550 claim.  *See* Motion at 13.  The party asserting the mere conduit defense, however, "has the burden of proof of establishing its status as a mere conduit, rather than a transferee."  *In re Pretty Girl, Inc.*, 644 B.R. 298, 309 (Bankr. S.D.N.Y. 2022) (citations omitted); *see also Fortis Isle of Man*, 2023 WL 3964150, at *10 (holding that, as an affirmative defense, the mere conduit defense must be proven by the defendant seeking

its protection) (citing *In re Enron Corp.*, 361 B.R. at 49; *Isaiah*, 960 F.3d at 1304). The Trustee

is not required to anticipate and rebut this defense in the Complaint. *Citibank*, 12 F.4th at 195–96

(holding the Trustee does not bear the burden of negating an affirmative defense); *Isaiah*, 960 F.3d

at 1304 ("[a] Complaint need not anticipate and negate affirmative defenses and should not

ordinarily be dismissed based on an affirmative defense unless the defense is apparent on the face

of the Complaint"); *Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007) ("[t]he pleading

requirements in the Federal Rules of Civil Procedures, however, do not compel a litigant to

anticipate potential affirmative defenses . . . and to affirmatively plead facts in avoidance of such

defenses").

It is instructive, for instance, that Defendant cites *Christy v. Alexander & Alexander of NY

Inc. (In re Finley Kumble, Wagner, Heine, Underberg, Manley, Myerson, & Casey)*, 130 F.3d 52

Assertion of the mere conduit defense is also premature because an inquiry into the

applicability of the defense is highly fact-intensive. *See Fortis Isle of Man*, 2023 WL 3964150, at

*10 (establishing the mere conduit defense is a "fact-intensive inquiry" best undertaken after

discovery); *Motors Liquidation Company Avoidance Action Trust v. JPMorgan Chase Bank, N.A.

(In re Motors Liquidation Company)*, 552 B.R. 253, 266 (Bankr. S.D.N.Y. 2016) (noting the

conduit defense is fact-specific and does not lend itself to a motion to dismiss); *Global Crossing

Estate Rep. v. Alta Partners Holdings LDC (In re Global Crossing Ltd.)*, 385 B.R. 52, 56 n.1

(Bankr. S.D.N.Y. 2008) ("[M]ere conduit" is a "defense" that requires "factual[] support[] . . .

[and] is better addressed on summary judgment," not at the pleading stage.); *see also Picard v.

Miller (In re BLMIS)*, 631 B.R. 1, 14–15 (Bankr. S.D.N.Y. 2021) (ruling on conduit defense at the

summary judgment stage with detailed application of law to facts); *Picard v. Nelson (In re BLMIS)*,

610 B.R. 197, 238 (Bankr. S.D.N.Y. 2019) (determining conduit status post-trial).

(2d Cir.1997) ("*Finley Kumble*"), for the Second Circuit's adoption of the "dominion and control"

test first articulated in *Bonded Fin. Servs., Inc. v. Eur. Am. Bank*, 838 F.2d 890, 896 (7th Cir. 1988)

("*Bonded*").  Motion at 11–12.  *Finley Kumble*, as well as *Bonded*, involved a determination of the

conduit issue on summary judgment and not on a motion to dismiss.[9]  Depending on the facts at

issue, the conduit defense may not even be resolvable at the summary judgment stage.  *See, e.g.*,

*In re CVEO Corp.*, 327 B.R. 210, 217–18 (Bankr. D. Del. 2005) (holding that genuine issues of

material fact preclude entry of summary judgment on mere conduit defense to preference claims).

### C.    Even if the Court were to Consider the Mere Conduit Affirmative Defense at this Stage, ZCM Fails to Meet its High Burden

As recognized by this Court, an affirmative defense can only be established on the face of

a complaint under the "limited exception" where "the facts supporting the defense appear on the

face of the complaint," and "it appears beyond doubt that the plaintiff can prove no set of facts in

support of his claim that would entitle him to relief."  *Picard v. Merkin (In re BLMIS)*, 440 B.R.

243, 256 (Bankr. S.D.N.Y. 2010) ("*Merkin I*"); *see also McKenna v. Wright*, 386 F.3d 432, 436

(2d Cir. 2004).  Defendant has not and cannot establish that here.

To establish a mere conduit defense, Defendant must show it lacked dominion and control

over all transactions at issue.  *See Finley Kumble*, 130 F.3d at 57–58; *Picard v. Keller Family Trust*

*(In re BLMIS)*, 634 B.R. 39, 44, 49–52 (Bankr. S.D.N.Y. 2021) (denying motion for summary

judgment based on mere conduit defense where defendants failed to establish absence of

---

[9] In fact, *all* cases Defendant cites as to the criteria for determining whether a defendant is "deemed a transferee" under the dominion and control test in the Second Circuit, as opposed to a "mere conduit" that fails such test, were determined at the summary judgment stage.  *See Bear, Stearns Sec. Corp. v. Gredd (In re Manhattan Inv. Fund Ltd.)*, 397 B.R. 1 (S.D.N.Y. 2007) (affirming, in part, decision granting summary judgment); *Miller*, 631 B.R. 1 (ruling on motion for summary judgment); *Jalbert v. Gryaznova (In re Bicom NY, LLC)*, No. 21-1821, 2022 WL 1419997 (2d Cir. May 5, 2022) (affirming decision granting summary judgment); *Authentic Fitness Corp. v. Dobbs Temp. Help Servs., Inc. (In re The Warnaco Group, Inc.)*, No. 01B 41643 (RLB), 2006 WL 278152 (S.D.N.Y. Feb. 2, 2006) (affirming decision granting partial summary judgment).

"dominion and control" over the transfers sought to be avoided and recovered), *aff'd*, No. 21-CV-
8678 (JPO), 2022 WL 7219262 (S.D.N.Y. Oct. 6, 2022).   Nothing in the Trustee's Complaint
supports an argument that Defendant lacked dominion and control over *any* of the subsequent
transfers alleged.   As such, Defendant has certainly not established "beyond doubt" that it was a
mere conduit.   *See*, *e.g.*, *Fortis Isle of Man*, 2023 WL 3964150, at *11 (holding that it was not
"beyond doubt" on the face of the complaint that defendant acted merely as a conduit); *LGT Bank*,
2023 WL 2003960, at *9 (same).

## III.    SECTION 546(e) DOES NOT BAR RECOVERY FROM ZCM

In *Cohmad*, the District Court held that an initial transferee's actual knowledge of Madoff's
fraud precluded application of Section 546(e), thereby allowing the Trustee to avoid transfers made
by BLMIS prior to the two-year period referenced in Section 548(a)(1)(A).   *SIPC v. BLMIS,* No.
12-MC-115 (JSR), 2013 WL 1609154, at *1 (S.D.N.Y. Apr. 15, 2013) ("*Cohmad*").   Defendant
argues that, despite the Trustee having pleaded Sentry's actual knowledge, Section 546(e) bars the
Trustee's avoidance claims because the initial transfers were made as settlement payments by
BLMIS, a stockbroker and covered entity for purposes of Section 546(e), in connection with
securities contracts.[10]   Motion at 15–21.

But this Court has repeatedly rejected Defendant's argument, *see*, *e.g.*, *Multi-Strategy I*,
641 B.R. at 92–95, as has the District Court.   *See Picard v. Multi-Strategy Fund Ltd.*, No. 22-cv-
06502 (JSR), 2022 WL 16647767, at *9 (S.D.N.Y. Nov. 3, 2022) ("*Multi-Strategy II*") (denying
interlocutory appeal of this Court's decisions denying seven motions to dismiss under Section
546(e), finding no reasonable grounds for disagreement as to this Court's orders); *Koch Indus.*,

---

[10] Defendant does not dispute this Court's holding that "[t]he safe harbor is not applicable to subsequent transfers"
and appears to implicitly acknowledge, by addressing its arguments solely to avoidance, this Court's instruction that
"a subsequent transferee may raise the safe harbor as a defense—but only in so far as the avoidance of the initial
transfer is concerned." *KEB*, 2022 WL 4371908, at *10. *See* Motion at 15.

*Inc. v. Picard (In re BLMIS)*, No. 23-cv-0294 (VEC), 2023 WL 3317926, at *4 (S.D.N.Y. May 9,

2023) (denying direct appeal and interlocutory appeal because, among other things, this Court's

decision is consistent with controlling law on the Section 546(e) issue). These decisions are

controlling, and Defendant cannot distinguish them.

Defendant sets forth at some length the requirements of Section 546(e) and how they are

presumably met in this case with respect to the initial transfers from BLMIS. Motion at 16–18.

Most of Defendant's discussion on this point—i.e., whether BLMIS is a stockbroker, whether the

initial transfers are settlement payments or made in connection with a securities contract—relies

on *In re Bernard L. Madoff Inv. Sec. LLC (Picard v. Ida Fishman Revocable Tr.)*, 773 F.3d 411

(2d Cir. 2014). None of this matters. This Court has previously held that the Trustee has

sufficiently pled that Sentry had actual knowledge of Madoff's fraud. *Multi-Strategy I*, 641 B.R.

at 92–93 (citing *Fairfield Inv. Fund*, 2021 WL 3477479, at *4). As such, Section 546(e) does not

bar the avoidance of the initial transfers made to Sentry, and those transfers may be recovered from

Defendant regardless of whether BLMIS is a stockbroker and its agreements would otherwise have

qualified as securities contracts or the initial transfers as settlement payments. Judge Caproni, in

her recent decision in *Koch Indus.*, indicated that the Second Circuit itself "endorsed this reasoning

in *Fishman*." *Koch Indus., Inc.*, 2023 WL 3317926, at *5.[11]

Defendant cites Judge Rakoff's hypothetical in *Multi-Strategy II* that "securities contracts

between Madoff Securities' initial transferees and <u>their</u> clients might provide an independent basis

for applying the Section 546(e) safe harbor" as providing an alternative avenue for application of

---

[11] Defendant argues that Sentry's actual knowledge of the Madoff fraud provides no exception to the application of
Section 546(e) and that Judges Rakoff's and Caproni's recent decisions, discussed *supra*, are contrary to Second
Circuit precedent. Motion at 20–21. While the Trustee reserves all arguments he has previously made on this issue
or might make in the future at a more appropriate time, Defendant's Motion offers no basis for dismissal under
controlling law of this case.

Section 546(e) to the instant matter.  Motion at 16–17; *see also Multi-Strategy II*, 2022 WL 16647767, at *8 (emphasis in original).  This argument, too, is unavailing.  The District Court has made clear that whether an initial transfer could have been made "in connection with" an agreement between an initial transferee and subsequent transferee for purposes of Section 546(e) is "fact-intensive," not "answerable on the pleadings," and best addressed "with a full factual record" before the court.[12]  *Multi-Strategy II*, 2022 WL 16647767, at *8–9.

Finally, Defendant argues at length against the application of the Ponzi scheme presumption in this case to plead BLMIS's "actual intent to hinder, delay or defraud" creditors under Section 548(a)(1)(A) of the Bankruptcy Code.  Motion at 18–20.  This argument is confusing because, as Defendant acknowledges, the Complaint does not allege that Defendant received any subsequent transfers in the two years before the filing date of this BLMIS SIPA liquidation proceeding and, thus, does not involve Section 548(a)(1)(A).  *See id*. at 18; Compl. Ex. F.  Nevertheless, Defendant is wrong about application of the Ponzi scheme presumption to the Trustee's claims alleging intentional fraud under that Section of the Bankruptcy Code or, as here, under New York Debtor & Creditor Law § 278.  This Court and the District Court have repeatedly held that the Trustee may rely on the Ponzi scheme presumption to demonstrate BLMIS's actual intent to hinder, delay, or defraud creditors.  *See*, *e.g.*, *Picard v. Sage Realty*, No. 20-cv-10109 (JFK), 2022 WL 1125643, at *27–28 (S.D.N.Y. Apr. 15, 2022) (concluding Trustee has established actual intent to defraud pursuant to Ponzi scheme presumption); *First Gulf*, 2022 WL

---

[12] Moreover, the Trustee does not concede that any agreements or transfers between Sentry and Defendant independently activate application of Section 546(e).  Among other things, the Trustee also does not concede that any transferor or transferee is a financial institution or participant or—by alleging that the subsequent transfers are customer property—that the initial transfers were "in connection with" any agreements with Defendant, or subscription or redemption requests from Defendant, for purposes of Section 546(e).

3354955, at *10 ("[t]he Ponzi scheme presumption is the law of this Circuit and the Trustee is entitled to rely on it to allege BLMIS' intent").

Defendant relies heavily on *dicta* in a concurring opinion to the Second Circuit's *Citibank* decision, which questioned the Ponzi scheme presumption as applied to the facts in that case. Motion at 18–20 (citing *Citibank*, 12 F.4th at 202 (Menashi, J., concurring)). However, the District Court has recognized that, "[n]otwithstanding Judge Menashi's concerns, 'the Ponzi scheme presumption remains the law of this Circuit.'" *See Sage Realty*, 2022 WL 1125643, at *28 (citing *In re Manhattan Inv. Fund Ltd.*, 397 B.R. at 11). And this Court, even upon "re-read[ing] Judge Menashi's concurrence," found it "unpersuasive." *Picard v. Citibank, N.A., et al.*, Adv. Pro. No. 10-05345 (CGM), 2022 WL 4493234, at *4 (Bankr. S.D.N.Y. Sept. 27, 2022).[13]

## IV. THE TRUSTEE'S COMPLAINT PLAUSIBLY PLEADS THAT ZCM RECEIVED BLMIS CUSTOMER PROPERTY UNDER SECTION 550(a)

The Complaint plausibly alleges that Defendant received subsequent transfers of BLMIS customer property. To plead a subsequent transfer claim, the Trustee must allege facts that support an inference "that the funds at issue originated with the debtor." *Picard v. Merkin (In re BLMIS)*, 515 B.R. 117, 149–150 (Bankr. S.D.N.Y. 2014) ("*Merkin II*"). As this Court recently held, the Trustee is not required to perform a tracing analysis, or to present a "dollar-for-dollar accounting of the exact funds at issue." *Multi-Strategy I*, 641 B.R. at 90 (quoting *Picard v. BNP*, 594 B.R. 167, 195 (Bankr. S.D.N.Y. 2018)); *Banque SYZ*, 2022 WL 2135019, at *7 (same); *see also Merkin II*, 515 B.R. at 149–150 (quoting *Picard v. Charles Ellerin Rev. Tr. (In re BLMIS)*,

---

[13] Alternately, and contrary to Defendant's assertion (Motion at 18), the Trustee has sufficiently pleaded the necessary elements of BLMIS's actual intent to defraud. *See* Complaint ¶¶ 16–17, 23–33. This Court and the District Court have recognized the independent sufficiency of the badges of fraud alleged here. *See Nelson*, 610 B.R. at 235 (finding initial transfers made with actual fraudulent intent based on (i) concealment of facts and false pretenses by BLMIS, (ii) BLMIS's insolvency, and (iii) lack of consideration for the fictitious transfers); *see also Picard v. JABA Assocs. LP (In re Madoff)*, 528 F. Supp. 3d 219, 240–41 (S.D.N.Y. 2021).

Adv. Pro. No. 10-04398 (BRL), 2012 WL 892514, at *3 (Bankr. S.D.N.Y. Mar. 14, 2012)).

Rather, "the Trustee need only allege sufficient facts to show the relevant pathways through

which the funds were transferred from BLMIS to [the subsequent transferee]." *Charles Ellerin

Rev. Tr.*, 2012 WL 892514, at *3; *see also 45 John Lofts, LLC v. Meridian Cap. Grp. LLC (In

re 45 John Lofts, LLC)*, 599 B.R. 730, 747 (Bankr. S.D.N.Y. 2019).  In addition, the Trustee

must allege "'the necessary vital statistics—the who, when, and how much' of the purported

transfers to establish an entity as a subsequent transferee of the funds." *Multi-Strategy I*, 641

B.R. at 90 (quoting *BNP*, 594 B.R. at 195).

The  Complaint meets these requirements.  The Complaint alleges that Defendant received

transfers, identified by date and amount in accompanying exhibits, from Sentry, and that Sentry

invested all or substantially all of its funds with BLMIS.  Compl. ¶¶ 2, 34, 43–49, Exs. D–F.  Thus,

the Complaint plausibly alleges that Defendant received subsequent transfers of customer property

by (a) outlining the relevant pathway through which customer property was transferred from

BLMIS to Sentry and subsequently to Defendant, and (b) providing the necessary vital statistics

(*i.e.*, the "who, when, and how much") for each subsequent transfer.  Nothing more is required.

*See, e.g.*, *Picard v. Mayer (In re BLMIS)*, Adv. Pro. No. 20-01316 (CGM), 2021 WL 4994435, at

*5 (Bankr. S.D.N.Y. Oct. 27, 2021) (rejecting argument that subsequent transfer claim was not

pled "with enough specificity as to how and what [defendant] received" and holding complaint

"contains sufficient information regarding which transfers the Trustee is seeking to recover").  As

this Court has held in a numerous decisions, the Complaint exhibits "provide[] [Defendant] with

the 'who, when, and how much' of each transfer." *See, e.g., Multi-Strategy I*, 641 B.R. at 95;

*Banque SYZ,* 2022 WL 2135019, at *12; *Merrill Lynch Bank*, 2023 WL 3113085, at *8.

17

A.    ZCM MISSTATES THE TRUSTEE'S PLEADING BURDEN

Unable to argue that the Trustee fails to meet the relevant pleading burden, Defendant attempts to argue for a new one, asserting that the Trustee must trace and tie each subsequent transfer Defendant received to a specific initial transfer from BLMIS.  Motion at 24.  But that is not the Trustee's pleading burden.  *See Cathay Life*, 2022 WL 16626325, at *7 ("The Trustee need not prove the path that each transfer took from BLMIS to Fairfield Sentry and subsequently to each redeeming shareholder."); *Merkin* II, 515 B.R. at 150 (refusing to dismiss subsequent transfer claims even though the complaint "[did] not connect each of the subsequent transfers with an initial, voidable transfer emanating from BLMIS"); *see also 45 John Lofts, LLC*, 599 B.R. at 747 (finding no "requirement to trace individual dollar amounts from the transferor to the transferees to survive a motion to dismiss").  The Trustee is also not required to detail which and what portion of each subsequent transfer comprises customer property.  *See Merkin II*, 515 B.R. at 152–53 (refusing to dismiss complaint where "at least some of the subsequent transfers . . . may be recoverable"); *see also Silverman v. K.E.R.U. Realty Corp. (In re Allou Distribs., Inc.)*, 379 B.R. 5, 30 (Bankr. E.D.N.Y. 2007) (finding "if dollar-for-dollar accounting is not required at the proof stage, then surely it is not required at the pleading stage either").

Defendant's reliance on *Picard v. Shapiro* is unavailing because *Shapiro* did not change the pleading burden for recovery under Section 550(a).  *See* Motion at 21–23.  In *Shapiro*, the Trustee alleged that certain trusts and members of the Shapiro family received approximately $54 million in fraudulent transfers from BLMIS, and that "upon information and belief" these defendants subsequently transferred this same amount to other defendants.  *Picard v. Shapiro (In re BLMIS)*, 542 B.R. 100, 104, 109, 119 (Bankr. S.D.N.Y. 2015).  However, that complaint *did not detail any* of the necessary vital statistics of the subsequent transfers.  *Id*. at 119.  There were no allegations regarding the subsequent transferors, the subsequent transferees, or the dates or

18

amounts of the subsequent transfers, and consequently this Court granted defendants' motion to dismiss the subsequent transfer claim. *Id*. Here, where the Trustee has alleged the vital statistics of each transfer Defendant received and set out the investment relationship between Defendant and Sentry, *Shapiro* supports denying the motion to dismiss.

Defendant also suggests, through reference to information-sharing provisions in the Sentry Settlement and citation to *Pension Benefit Guar. Corp. ex rel. St. Vincent Catholic Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705 (2d Cir. 2013) and *Sapia v. Home Box Off., Inc.*, No. 20-cv-02586 (CM), 2018 WL 6985223 (S.D.N.Y. Dec. 17, 2018), that the Trustee has a heightened pleading burden due to his access to information without the need for discovery. Motion at 24–25. Defendant's contentions are untrue. The Trustee does not have all of Sentry's books and records, and discovery in the Trustee's actions against Fairfield management defendants is ongoing. *See, e.g.*, Stipulated Case Am. Mgmt. Order, *Picard v. Fairfield Inv. Fund Ltd.*, Adv. Pro. No. 09-01239 (CGM) (Bankr. S.D.N.Y. May 17, 2022), ECF No. 355 (setting November 22, 2023 deadline for fact discovery and August 23, 2024 deadline for expert discovery). Nor does the Trustee have Defendant's books and records concerning its investments in Sentry, requests for Sentry redemptions, and transfers to and from Sentry. For these reasons, *Pension Benefit Guar. Corp*. and *Sapia* do not support Defendant's position.

### B.    ZCM's other Tracing Arguments Fail on a Motion to Dismiss

Defendant argues that it is implausible that the transfers it allegedly received contained BLMIS customer property because the Trustee's claims are "[m]athematically [i]mplausible, if [n]ot [i]mpossible," due to the Trustee seeking more money from the total universe of Sentry subsequent transferee defendants in all adversary proceedings than the fund withdrew from BLMIS. Motion at 25. Defendant's argument misses the point. As this Court has stated, "[t]here is no dispute that the Trustee is limited to 'a single satisfaction' under § 550(a)." *Multi-Strategy*

*I*, 641 B.R. at 95 (citing § 550(d)). "He may nevertheless pursue any and all subsequent transferees in order to achieve that satisfaction." *Id.* at 95–96 (citing § 550(a)(2)). And, under § 550(a), "a trustee may recover [an avoided] transfer from a subsequent transferee of those funds, without the necessity for allocation among all [the] subsequent transferees." *CNB Int'l Inc. v. Kelleher (In re CNB Int'l, Inc.)*, 393 B.R. 306, 333 (Bankr. W.D.N.Y. 2008). Thus, until the Trustee recovers the full amount of the approximately $3 billion in fraudulent transfers received by Sentry, the Trustee may simultaneously seek recovery from Defendant in this action and from defendants in other actions in this BLMIS SIPA liquidation proceeding, even in an aggregate amount that exceeds initial transfers. *See Fairfield Inv. Fund*, 2021 WL 3477479, at *12. "Calculation of whether the Trustee is fully satisfied is a factual finding to be made by this Court at a later stage of litigation." *Multi-Strategy I*, 641 B.R. at 96.

In attempting to argue that commingling of funds provides an "alternative explanation" for the Trustee's clearly plausible claim that Defendant received subsequent transfers of BLMIS customer property, Defendant relies on a case that did not involve commingling or recovery proceedings in a SIPA liquidation proceeding. Motion at 26 (citing *Garfinkle v. Conference on Jewish Material Claims Against Germany, Inc.*, No. 19-cv-7007 (JPO), 2020 WL 6323462, at *1, 4–5 (S.D.N.Y. Oct. 28, 2020) (holding plaintiff failed to show defendant's conduct was undertaken with the "sole purpose" to harm plaintiff, as required for tortious interference claim, and finding an "obvious alternative explanation" for the conduct)). Commingling may add a layer of complication to the tracing of customer property from BLMIS, but it does not require dismissal of the Trustee's subsequent transfer claims. *See Dahar v. Jackson (In re Jackson)*, 318 B.R. 5, 25 (Bankr. D.N.H. 2004) ("[T]he mere commingling of the Defendant's property with the proceeds of property fraudulently transferred by the Debtor is not sufficient to defeat tracing."); *Charles*

*Ellerin Rev. Tr.*, 2012 WL 892514, at *2–3 (even at the summary judgment stage it is not necessary for the Trustee to specify what portion of the subsequent transfers, which were paid from commingled funds, were derived from BLMIS).

Defendant's other customer property argument is a similarly fact-based, tracing argument that is likewise inappropriate on a motion to dismiss. Defendant claims that Sentry had already paid other subsequent transferees with the customer property it received from BLMIS prior to making 24 out of the 36 alleged subsequent transfers to Defendant, totaling $8,195,000 out of the $21,247,755 the Trustee seeks to recover. Motion at 28–32. To reach this conclusion, Defendant is in effect applying some undisclosed tracing methodology or methodologies of its choosing (presumably First In, First Out, or "FIFO").[14] Contrary to Defendant's contention otherwise (*see* Motion at 29, n. 12), it is for this Court to decide—after fact and expert discovery—the appropriate tracing methodology under the circumstances of this case. *See Picard v. Merkin (In re BLMIS)*, 581 B.R. 370, 386 (Bankr. S.D.N.Y. 2017) ("*Merkin III*") ("[T]he Court's selection of an appropriate methodology is committed to the Court's discretion."); *Charles Ellerin Rev. Tr.*, 2012 WL 892514, at *3, n.7 ("Courts have broad discretion to determine which monies of commingled funds derive from fraudulent sources.").[15] This Court noted in response to a similarly-styled

---

[14] The declaration of Defendant's counsel (Froot Decl.) and the Motion itself include purported calculations of various transfers from BLMIS to Sentry and Sentry to its investors. *See* Froot Decl. ¶¶ 11–16, ECF No. 120; Motion at 28–31. These calculations add and subtract transfers from approximately 90 proceedings, amounts that have in some cases changed since the filing of the Trustee's complaints and with no clear explanation for the methodology behind the calculations. To this end, the Froot Decl. and the Motion serve as nothing more than "an attempt to interject improper expert testimony into a Rule 12(b)(6) context." *Fowler v. Caliber Home Loans, Inc.*, 277 F. Supp. 3d 1324, 1331 (S.D. Fla. 2016) (declining to consider expert testimony in a motion to dismiss).

[15] This Court has recognized different tracing methodologies offered by the Trustee in this BLMIS SIPA liquidation proceeding to assist the trier of fact, including: (1) Last In, First Out (LIFO), (2) First In, First Out (FIFO), (3) Lowest Intermediation Balance Rule (LIBR), (4) Restated Tracing Rules (Restated LIBR), and (5) Proportionality. These "methodologies reflect legal rules or fictions designed to assist a Court in dealing with an improper transfer from a commingled fund." *Merkin III*, 581 B.R. at 386.

argument in *Multi-Strategy I* that it was "not convinced that this is the only method of calculating customer property." *Multi-Strategy I*, 641 B.R. at 95.

Defendant's argument is also flawed to the extent it relies on the factual assumption that every subsequent transfer from Sentry preceding those to Defendant was sourced solely by customer property. Neither the Complaint nor its exhibits establish this, and at this stage, the Trustee is not required to plead, much less establish, that an alleged subsequent transfer is comprised *solely* of customer property. *See Kelley v. Westford Special Situations Master Fund, L.P.*, No. 19-cv-1073, 2020 WL 3077151, at *4 (D. Minn. June 10, 2020) (where debtors' funds are commingled with "cash from new subscribing investors," a trustee is not required to establish transfers "originated solely" with the debtor or even to account for "the exact funds at issue" on summary judgment). To the contrary, courts in this District and in this BLMIS SIPA liquidation proceeding have denied summary judgment where only an undetermined or small portion of the subsequent transfer was conceivably traceable to the estate. *See Charles Ellerin Rev. Tr.*, 2012 WL 892514, at *3 (holding that even at summary judgment, "it is not necessary for the Trustee to specify what portion of the Subsequent Transfers to [the subsequent transferee] was derived from BLMIS"); *see also Gowan v. Amaranth Advisors, LLC (In re Dreier LLP)*, Adv. Pro. No. 10-03493 (SMB), 2014 WL 47774, at *14–16 (Bankr. S.D.N.Y. Jan. 3, 2014) (allowing the trustee to proceed to trial where at most 3.5% of the transfers at issue could be traced to the debtor's Ponzi scheme). Here, Defendant concedes in the Motion that at least 12 subsequent transfers totaling more than $13 million may be traceable to initial transfers to Sentry. Motion at 28.

Moreover, at this stage and without discovery, all of Defendant's tracing arguments are premature. "[I]n a case such as this one, where 'the Trustee's lack of personal knowledge is compounded with complicated issues and transactions [that] extend over lengthy periods of time,

the trustee's handicap increases,' and 'even greater latitude' should be afforded." *Cohmad*, 454

B.R. at 329  (quoting *SIPC v. Stratton Oakmont, Inc.*, 234 B.R. 293, 310 (Bankr. S.D.N.Y. 1999)).

This is one reason why this Court in *Merkin II* denied defendants' motion to dismiss, finding "[t]he

subsequent transfer claim must ultimately be proved through the books and records of the

defendants." *Merkin II*, 515 B.R. at 151.  And even after fact discovery, expert opinion is

necessary to determine what portion of a subsequent transfer stemmed from an initial transfer

where the subsequent transfers originated from commingled accounts. *See Merkin III*, 581 B.R.

at 386; *Kelley*, 2020 WL 3077151, at *5 (denying summary judgment because trustee introduced

expert report and associated documents from which a jury could infer that defendants received

subsequent transfers of customer property); *see also Picard v. SNS Bank N.V. (In re Madoff)*, Adv.

Pro. No. 12-01046 (CGM), 2023 WL 2395734, at *12 (Bankr. S.D.N.Y. Mar. 7, 2023) ("The

calculation of Fairfield Sentry's customer property and what funds it used to make redemption

payments are issues of fact better resolved at a later stage of litigation."); *Multi-Strategy I*, 641

B.R. at 94–95 (same).

## V.    THE SECTION 550(b) GOOD FAITH AFFIRMATIVE DEFENSE CANNOT BE RESOLVED AT THE MOTION TO DISMISS STAGE

Defendant argues that the Court should dismiss the Complaint as a matter of law because

the Trustee's allegations on their face establish Defendant's purported good faith.  Motion at 32–

37.  This Court has already rejected the "good faith" affirmative defense as inappropriate and

untimely on a motion to dismiss and should similarly reject Defendant's efforts here to recycle the

same arguments.  *See Banque SYZ*, 2022 WL 2135019, at *10–11 (holding that it is a defendant's

burden to plead value, good faith, and lack of knowledge "in an answer and prove it with evidence;

it cannot be established in a complaint."); *First Gulf*, 2022 WL 3354955, at *10 (same); *see also*

*In re BLMIS*, No. 20-cv-02586 (CM), 2022 WL 1304589, at *1 (S.D.N.Y. May 2, 2022) ("*ABN Ireland*"); *Delta*, 2022 WL 3365256, at *6. Defendant again fails to show that this case is different.

Affirmative defenses are fact-driven and require factual analyses and a presentation of evidence. *ABN Ireland*, 2022 WL 1304589, at *3 ("The Trustee rightfully points out that such a fact-based determination can only be made based on the entirety of the factual record after discovery (which has not occurred here), not from isolated documents cherry-picked by Appellees and factual inferences Appellees improperly seek to have drawn in their favor.") (quotation omitted); *see also United Teamster Fund v. MagnaCare Admin. Servs., LLC*, 39 F. Supp. 3d 461, 475 (S.D.N.Y. 2014) ("Affirmative defenses 'often require[ ] consideration of facts outside of the complaint and thus [are] inappropriate to resolve on a motion to dismiss.'") (quoting *Kelly–Brown v. Winfrey*, 717 F.3d 295, 308 (2d Cir. 2013)). That sort of factual analysis is not appropriate at this stage, particularly with respect to a good faith defense. *See, e.g., BJB*, 2022 WL 17726520, at *17 ("The District Court recently explained that good faith is a fact-intensive inquiry that almost always requires a trial") (citation omitted); *Merkin I*, 440 B.R. at 257 ("[W]hether the Moving Defendants acted in good faith . . . is a disputed issue that this Court can properly determine only upon consideration of all of the relevant evidence obtained through the discovery process."); *In re Dreier LLP*, 452 B.R. 391, 426 (Bankr. S.D.N.Y. 2011) ("Determining the Defendants' good faith is an indisputably factual inquiry to be undertaken by the Court after the close of discovery and need not be resolved at the motion to dismiss stage.").

To try to get around the fact that the good faith pleading burden is no longer on the Trustee,[16] Defendant makes an unsupportable argument that its good faith has been established as

---

[16] *Citibank,* 12 F.4th at 178, 195–96 (holding that in a SIPA liquidation proceeding the good faith defense provided by Bankruptcy Code sections 548(c) and 550(b) is governed by an inquiry notice standard and that a SIPA trustee does not bear the burden of pleading a transferee's lack of good faith).

a matter of law on the face of the Complaint.  Motion at 33–37.  But, as recognized in *Merkin I*,

such an argument applies only as a "limited exception to the general rule" that good faith cannot

be established on a motion to dismiss.  440 B.R. at 256.  "To bring a good faith defense during a

motion to dismiss, the defendant must meet a stringent standard and show beyond a doubt that the

plaintiff can prove no set of facts in support of his claim." *Delta*, 2022 WL 3365256, at *6 (citing

*McKenna*, 386 F.3d at 436).  Tellingly, Defendant fails to cite a single case where a court has

dismissed an action at the pleading stage based on the Section 550(b) good faith defense, and its

argument that a diligent inquiry into BLMIS would have been futile fails this standard.[17]  *See, e.g.*,

*Credit Suisse*, 2022 WL 17098676, at *8 ("Credit Suisse does not meet this [stringent] standard

and it does not provide any cases where good faith was successfully plead on a motion to

dismiss.").

Defendant cannot rely on an assortment of cherry-picked allegations as to BLMIS's and

FGG's secrecy, and factual inferences it wishes this Court to draw in its favor.  Motion at 35–37;

*see ABN Ireland*, 2022 WL 1304589, at *3.  Even were it appropriate to consider such arguments

at this stage, the U.S. Securities and Exchange Commission's (the "SEC") failure to detect

Madoff's fraud, for instance, is not dispositive as to a defendant's good faith.  *See Picard v.

Avellino (In re BLMIS)*, 557 B.R. 89, 120 (Bankr. S.D.N.Y. 2016) (finding no inconsistency

between the Trustee's allegations regarding defendants' knowledge of Madoff's fraud and failure

by others—including the SEC—to detect the Ponzi scheme).[18]

---

[17] Defendant does cite one case—*BNP*, 594 B.R. at 193–95—where the Court held, in denying, in part, a motion for leave to amend, that the Trustee had not met his pleading burden as to good faith, but that portion of the *BNP* decision was based on a pleading standard and burden placement that were both overruled by the Second Circuit in *Citibank*, 12 F.4th at 178, 195–96.

[18] *See also In re Beacon Assocs. Litig.*, 745 F. Supp. 2d 386, 403 (S.D.N.Y. 2010) (observing that the SEC, in the context of investigating its own failure to detect Madoff's fraud, found "numerous private entities conducted basic due diligence of Madoff's operations and, without regulatory authority to compel information, came to the conclusion that an investment with Madoff was unwise").

Arguments concerning value are similarly inappropriate for a motion to dismiss barring highly unusual circumstances, which Defendant has failed to show exist here.[19]   *See*, *e.g.*, *Vontobel*, 2022 WL 17087560, at *12 ("Whether Defendants gave value is a question of fact to be resolved either at the summary judgment stage or at trial.") (citing *Fairfield Inv. Fund*, 2021 WL 3477479, at *9). The Complaint does not mention Defendant exchanging shares for consideration, and the value defense is therefore not pleaded on the face of the Complaint.   *Vontobel*, 2022 WL 17087560, at *11; *First Gulf*, 2022 WL 3354955, at *10.   Indeed, this Court has previously concluded that "[a]s to whether the Defendant 'gave value' in the form of surrendering shares in the Fairfield Funds, such a determination cannot be made as a matter of law or fact at this stage." *Fairfield Inv. Fund*, 2021 WL 3477479, at *9.   "'Value' is Defendant's burden to plead and prove." *Vontobel*, 2022 WL 17087560, at *12 (citing *BNP*, 594 B.R. at 198); *First Gulf*, 2022 WL 3354955, at *11 (same).

---

[19] Defendant does not specifically address knowledge of voidability, but instead asserts that this prong of the Section 550(b) affirmative defense is construed by courts as being "the same as the good faith element."   *See* Motion at 37 (citing *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Madoff Sec.)*, 516 B.R. 18, 23 n.3 (S.D.N.Y. 2014)). Defendant's only support for this contention is a footnote in the District Court's good faith decision, which was directly superseded by the Second Circuit's good faith decision. *Citibank*, 12 F.4th at 178. The Trustee takes no position on Defendant's contention for purposes of this opposition but reserves his right to argue at the appropriate time, following discovery, that the absence of knowledge of voidability is a distinct element of the affirmative defense requiring a showing separate from good faith.

## CONCLUSION

For the foregoing reasons, the Trustee respectfully requests that the Court deny

Defendant's Motion.

Dated: August 31, 2023          */s/ Amy E. Vanderwal*
New York, New York

**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: 212.589.4200
Facsimile: 212.589.4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Amy E. Vanderwal
Email: avanderwal@bakerlaw.com
Chardaie C. Charlemagne
Email: ccharlemagne@bakerlaw.com

*Attorneys for Irving H. Picard, as Trustee for the
Substantively Consolidated SIPA Liquidation of
Bernard L. Madoff Investment Securities and the
Chapter 7 Estate of Bernard L. Madoff*

**WINDELS MARX LANE & MITTENDORF,
LLP**
156 West 56th Street
New York, New York 10019
Telephone: 212.237.1000
Facsimile: 212.589.4201
Howard L. Simon
Email: hsimon@windelsmarx.com
John J. Tepedino
Email: jtepedino@windelsmarx.com

*Special Counsel to Irving H. Picard, Trustee for the
Substantively Consolidated SIPA Liquidation of
Bernard L. Madoff Investment Securities LLC and
the Chapter 7 Estate of Bernard L. Madoff*