**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br>              Plaintiff-Applicant, <br><br>    v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br>              Defendant. | Adv. Pro. No. 08-01789 (CGM) <br><br> SIPA Liquidation <br><br> (Substantively Consolidated) |
| In re: <br><br> BERNARD L. MADOFF, <br><br>              Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, and Bernard L. Madoff, <br><br>    v. <br><br> CRÉDIT AGRICOLE CORPORATE AND INVESTMENT BANK d/b/a CRÉDIT AGRICOLE PRIVATE BANKING MIAMI, f/k/a CALYON S.A. d/b/a CRÉDIT AGRICOLE MIAMI PRIVATE BANK SUCCESSOR IN INTEREST TO CRÉDIT LYONNAIS S.A., <br><br>              Defendant. | Adv. Pro. No. 12-01670 (CGM) |

## CASE MANAGEMENT PLAN

Plaintiff Irving H. Picard, as trustee (the "Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC under the Securities Investor Protection Act, 15 U.S.C. § 78aaa–*lll*, and the chapter 7 estate of Bernard L. Madoff individually, and defendants Crédit Agricole Corporate and Investment Bank d/b/a Crédit Agricole Private Banking Miami, f/k/a Calyon S.A. d/b/a Crédit Agricole Miami Private Bank, successor in interest

30468872

to Crédit Lyonnais S.A. ( "Crédit Agricole Miami," and together with the Trustee, the "Parties" and each individually, a "Party"), by and through their respective undersigned counsel, hereby submit the following Case Management Plan pursuant to Rules 16 and 26 of the Federal Rules of Civil Procedure (the "Federal Rules"), applicable under Rules 7016 and 7026 of the Federal Rules of Bankruptcy Procedure.

1. Relevant Procedural History.

   a. On May 25, 2012, the Trustee initiated the above-captioned adversary proceeding in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") by filing a complaint (the "Complaint") against Crédit Agricole Miami. *Picard v. Crédit Agricole (Miami) S.A. et al.,* Adv. Pro. No. 12-01670, ECF No. 1.[1]

   b. On July 18, 2022, Crédit Agricole Miami filed a motion to dismiss the Complaint (the "Motion to Dismiss") (ECF No. 62), and a corresponding memorandum of law (ECF No. 64). The Trustee filed a memorandum of law in opposition to the Motion to Dismiss on September 30, 2022 (ECF No. 69), and the Motion to Dismiss was fully briefed as of October 31, 2022 (ECF No. 72).

   c. On January 13, 2023, the Parties agreed to waive oral argument on the Motion to Dismiss and rely upon their paper submissions (ECF No. 77).

   d. On February 15, 2023, the Bankruptcy Court issued its Memorandum Decision Denying Defendant's Motion to Dismiss (ECF No. 82). The Bankruptcy Court entered its Order Denying the Motion to Dismiss on February 21, 2023, which also set Crédit Agricole Miami's answer deadline as April 19, 2023. (ECF No. 87).

---

[1] Unless otherwise specified, all "ECF No. __" citations refer to Adv. Pro. No. 12-01670.

30468872

e. On April 19, 2023, Crédit Agricole filed an answer to the Trustee's Complaint (ECF No. 90).

2. Fact Discovery Plan.

a. Fact Discovery Cut-Off. Unless otherwise agreed to by the Parties or ordered by the Bankruptcy Court, all fact discovery is to be completed by December 15, 2025 (the "Fact Discovery Cut-Off Date"). The Fact Discovery Cut-Off Date may be extended by agreement of the Parties.

b. Initial Disclosures. The Parties do not propose any changes in initial disclosures required under Federal Rule 26(a)(1)(A) (the "Initial Disclosures"). The Parties agree that they shall serve such Initial Disclosures as required under Federal Rule 26 on or before seventy-five (75) days after this Case Management Plan is entered as an order of the Court.

c. Subjects on Which Discovery May Be Needed. The Parties contemplate that fact and expert discovery will be needed on asserted claims and defenses.

d. Foreign Discovery. The Trustee anticipates the need for discovery located outside of the United States, including from individuals and entities that may have been affiliated with Crédit Agricole Miami. To obtain discovery from these individuals and entities, the Trustee will comply with the relevant discovery rules of the applicable jurisdiction, the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, and/or any other internationally recognized means of obtaining cross-border discovery, including but not limited to, letters rogatory (collectively, "International Discovery"). To the extent the Parties avail themselves of International Discovery procedures, they will not be deemed to have waived, prejudiced, or otherwise altered their rights to conduct discovery under the Federal Rules, the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules"), or other applicable

30468872

domestic rules. To the extent that responses sought or the occurrence of depositions/examinations requested, pursuant to timely requested International Discovery are not received or do not occur by the Fact Discovery Cut-Off Date, one or more Parties may individually or jointly seek reasonable extensions of the deadlines set forth herein without prejudice to the rights of any Party to oppose such a request made by an adverse Party.

    e. <u>Form of Certain Discovery</u>. The Trustee intends to utilize one or more electronic data rooms to affirmatively make available millions of documents related to the Trustee's claims. The Trustee's use of such data rooms will be governed by all applicable orders and rules.

    f. <u>Document Requests</u>. The Parties may serve requests for documents on or before sixty (60) days before the Fact Discovery Cut-Off Date.

    g. <u>Interrogatories</u>. The Parties may serve Interrogatories in accordance with the rules and limitations articulated in Local Bankruptcy Rule 7033-1 on or before thirty (30) days before the Fact Discovery Cut-Off Date.

    h. <u>Requests for Admission</u>. The Parties may serve Requests for Admission on or before thirty (30) days before the Fact Discovery Cut-Off Date.

    i. <u>Limitations on Discovery</u>. Limitations on written discovery will be governed by the Federal Rules made applicable to this adversary proceeding by the Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules. The Parties may agree on certain limitations on discovery or may file an application with the Bankruptcy Court for good cause.

    j. <u>Production of Privileged Materials</u>. The Parties acknowledge that the production of privileged or work product protected documents is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall

be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained in this paragraph is intended to or shall serve to limit a Party's right to conduct a review of its own documents, including electronically stored information, for relevance, responsiveness, privileged and/or protected status.

k.      Depositions.  All depositions of fact witnesses must be completed by the Fact Discovery Cut-Off Date.  Depositions shall proceed concurrently, with no Party having priority.  The Parties will endeavor to conclude the depositions within the seven (7) hours provided by Federal Rule 30(d)(1), provided that there may be certain depositions of fact witnesses with knowledge of issues common to one or more Avoidance Actions (as defined below) that cannot be concluded within this time limit.  With respect to the deposition of any witness described in the preceding sentence, the Parties will attempt in good faith to agree to a reasonable expansion of the seven (7) hour time limit as appropriate, and failing agreement, any of the Parties may apply to the Court for an expansion of this time limit.

To the extent the deposition of any fact witness in the above-captioned matter raises common issues also relevant to one or more other avoidance actions related to the above-captioned case (Adv. Pro. No. 08-01789 (CMG)) (together, the "Avoidance Action(s)"), in which fact discovery has not closed, the Parties shall coordinate such depositions with the witness and defendants (or their respective counsel, as appropriate) in such Avoidance Actions to maximize efficiency and use of resources to the extent reasonably practicable.  The Parties shall confer in good faith and provide notice of such depositions under the Federal Rules, including the date, time, and location of any such depositions, to all relevant parties.  Such depositions shall not prejudice or preclude the Trustee from additional depositions of such witness in Avoidance Actions in which initial disclosures have not been made and discovery is not open.

30468872

The Parties agree that they will work in good faith to identify the requisite number of each Party's deponents and depositions, and the date, time, and location of such depositions, including as to any non-party fact witnesses. Depositions of Irving H. Picard himself are prohibited absent an order issued by this Court upon a showing of good cause.

To the extent there are depositions noticed in this adversary proceeding (Adv. Pro No. 12-01670), as to which the witnesses are cross-noticed for deposition by the opposing Party, and no Party has objected to the cross-noticed deposition (or any objection has been resolved in favor of the cross-noticing Party), and the depositions do not require coordination with other Avoidance Actions, the Parties will attempt in good faith to agree to a reasonable expansion of the seven (7) hour time limit, as appropriate, and failing agreement of any of the Parties may apply to the Court for an expansion of this time limit, provided that the original noticing Party will not object to an additional four (4) hours for the cross-noticed deposition. For the avoidance of doubt: (i) the cross-noticed deposition may not exceed seven (7) hours in length; and (b) the seven (7) hour limit applicable to the originally noticed deposition under Federal Rule 30(d)(1) shall not be affected by the time for the cross-noticed deposition. As to any such deposition, the Parties shall have all rights provided to them under the Federal Rules of Civil Procedure, including Rule 30.

Nothing contained in this Case Management Plan shall be deemed or construed to be a waiver of any Party's right to object to the taking of the deposition of a particular witness, or abridge, limit, or modify any rights that a foreign witness has under the applicable law of the relevant foreign jurisdiction.

3. <u>Expert Discovery</u>. Within thirty (30) days before the Fact Discovery Cut-Off Date, the Parties agree to meet and confer in good faith on the need for and timing of expert discovery and, if to be conducted, the procedures to be followed. The Parties further agree to

30468872

submit a proposed Amended Case Management Plan that addresses expert discovery in this action prior to the Fact Discovery Cut-Off Date.

4. <u>Manner of Production of Discovery Materials</u>. The Parties may produce discovery on a CD-ROM, flash drive, portable hard drive, by secure file transfer, in an electronic data room, or other similar electronic format. Given the volume of documentation that may be subject to disclosure, the Parties may, in connection with their service of expert reports or other summary reports as agreed upon by the Parties, provide access to the underlying documentation on which the expert report or other summary report relies in an electronic data room or other medium for review by the Parties. Information and documents produced or made available electronically shall, to the extent reasonably feasible:

(i) be text searchable;

(ii) provide data and image load files necessary to review the documents on search platforms (*e.g.*, Summation, Concordance, Relativity) upon request of either Party;

(iii) provide any system-created or non-privileged captured objective metadata, such as date fields, author fields, custodian fields, path to native file, etc.;

(iv) be organized, such as by date, custodian, or subject matter, as maintained in the ordinary course of business or (in the case of information obtained by the Trustee from third parties) as organized by the Trustee; and

(v) provide additional formats of production, metadata, or native documents if requested by either Party.

The Parties shall meet and confer first in a good faith attempt to resolve any dispute, including to the extent Crédit Agricole Miami determines it is unable to comply with the foregoing requirements based on the age and condition of the electronically stored information, the systems on which such information was created, stored and/or maintained, or otherwise. If the Parties cannot resolve any such dispute consensually, the Parties agree to meet and confer in good faith

30468872

7

on the need for submitting the dispute to arbitration upon terms to be considered by the Parties as such time as the need arises.

5. <u>Confidentiality</u>. The Litigation Protective Order entered in *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec., LLC (In re Bernard L. Madoff Inv. Sec., LLC)*, Adv. Pro. No. 08-01789 (CGM), on June 6, 2011, as modified by the Order Modifying the June 6, 2011 Litigation Protective Order (ECF No. 5474) (the "<u>LPO</u>"), shall govern the disclosure of confidential information in this proceeding.

6. <u>Proposed Modifications Of Standard Pretrial Proceedings Due To The Special Nature Of The Action</u>. The Parties do not presently believe that any such modifications are yet appropriate or necessary, and will contact the Court if their belief in this regard changes.

7. <u>Prospects for Settlement, Including Whether a Settlement Conference Should Be Scheduled</u>. The Parties believe that it would be premature to schedule a settlement conference at this time.

8. <u>Trial</u>. The Parties propose that they will confer with each other and the Court at the conclusion of all discovery to schedule a final pretrial conference and trial date.

[*Signature page follows*]

30468872

Date: August 30, 2023
New York, New York

 */s/ Matthew B. Lunn* 
**Young Conaway Stargatt & Taylor, LLP**
Rockefeller Center
1270 Avenue of the Americas, Suite 2210
New York, New York 10020
Telephone: (212) 332-8840
Facsimile: (212) 332-8855
Matthew B. Lunn
Email: mlunn@ycst.com
Justin P. Duda
Email: jduda@ycst.com
Roxanne M. Eastes
Email: reastes@ycst.com

*Attorneys for Plaintiff Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC and the estate of Bernard L. Madoff*

 */s/ Elizabeth Vicens* 
**Cleary Gottlieb Steen & Hamilton LLP**
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999
Elizabeth Vicens
Email: evicens@cgsh.com
Jessica Metzger
Email: jmetzger@cgsh.com

*Attorneys for Defendant Crédit Agricole Corporate and Investment Bank d/b/a Crédit Agricole Private Banking Miami*

**Dated: September 1, 2023**
**Poughkeepsie, New York**



**/s/ Cecelia G. Morris**
_____
**Hon. Cecelia G. Morris**
**U.S. Bankruptcy Judge**

30468872