UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
─────────────────────────────────────────

SECURITIES INVESTOR PROTECTION
CORPORATION,

                Plaintiff-Applicant,

  - against -

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

                Defendant.
─────────────────────────────────────────
In re:

BERNARD L. MADOFF,

                Debtor.
─────────────────────────────────────────
IRVING H. PICARD, Trustee for the Substantively
Consolidated SIPA Liquidation of Bernard L.
Madoff Investment Securities LLC and the Chapter 7
Estate of Bernard L. Madoff,

                Plaintiff,

  - against -

STANDARD CHARTERED FINANCIAL
SERVICES (LUXEMBOURG) S.A. (f/k/a
AMERICAN EXPRESS FINANCIAL SERVICES
(LUXEMBOURG) S.A. and f/k/a AMERICAN
EXPRESS BANK (LUXEMBOURG) S.A.), as
represented by its Liquidator HANSPETER
KRÄMER, HANSPETER KRÄMER, in his
capacities as liquidator and representative of
STANDARD CHARTERED FINANCIAL
SERVICES (LUXEMBOURG) S.A., STANDARD
CHARTERED BANK INTERNATIONAL
(AMERICAS) LTD., f/k/a AMERICAN EXPRESS
BANK INTERNATIONAL, and STANDARD
CHARTERED HOLDINGS INC. (as successor in
interest to STANDARD CHARTERED

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __9/1/2023__

23 Civ. 992 (AT)

**ORDER**

INTERNATIONAL (USA) LTD., f/k/a AMERICAN
EXPRESS BANK LTD.),

                                              Defendants.

ANALISA TORRES, District Judge:

Defendants Standard Chartered Financial Services (Luxembourg) S.A. ("AEB Lux/SCFS"), Standard Chartered Bank International (Americas) Ltd. ("AEB Miami/SCBI"), and Standard Chartered International (USA) Ltd. ("AEB New York/SCI") (collectively, the "SCB Defendants") move for leave to file an interlocutory appeal of an order of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") dated January 18, 2023 (the "Order"), ECF No. 1-1, and a decision of the Bankruptcy Court dated January 6, 2023 (the "Decision"), ECF No. 1-2. ECF No. 1. The Decision denied the SCB Defendants' motion to dismiss the complaint of Irving Picard (the "Trustee"), the trustee for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act ("SIPA"), 15 U.S.C. § 78aaa *et seq.*, seeking to recover subsequent transfers allegedly consisting of BLMIS customer property. *See generally* Decision.

The SCB Defendants seek leave "to immediately appeal an interlocutory order of the Bankruptcy Court . . . in order to clarify an essential element of claims brought in this . . . proceeding[]." Defs. Mem. at 1, ECF No. 3. For the reasons stated below, the SCB Defendants' motion is DENIED.[1]

## BACKGROUND[2]

The Court assumes familiarity with the Madoff Ponzi scheme and its SIPA liquidation, which have been described at length in previous orders of this Circuit, *see, e.g.*, *In re BLMIS*, 12 F.4th 171,

---

[1] The SCB Defendants' request for oral argument, ECF No. 9, is DENIED.
[2] The background is drawn from the Decision, which takes its facts from the amended complaint. *See* Decision at 3–6. The facts in the complaint "are presumed to be true for purposes of considering a motion to dismiss for failure to state a claim." *Fin. Guar. Ins. Co. v. Putnam Advisory Co., LLC*, 783 F.3d 395, 398 (2d Cir. 2015).

178–81 (2d Cir. 2021); *In re BLMIS*, 654 F.3d 229, 231–34 (2d Cir. 2011) (collecting cases), and, therefore, sets forth only those facts which are relevant to this order.

On April 26, 2012, the Trustee initiated this adversary proceeding; an amended complaint was filed on May 17, 2022. Decision at 4. The Trustee seeks to recover over $289 million of BLMIS customer property that BLMIS "feeder funds" Fairfield Sentry Limited and Fairfield Sigma Limited (collectively, the "Fairfield Funds") transferred to the SCB Defendants. *See id.* at 4–5. Under § 550(a)(2) of the Bankruptcy Code, a trustee may recover an avoidable transfer from "any immediate or mediate transferee of [the] initial transferee." 11 U.S.C. § 550(a).

The Trustee alleges that the SCB Defendants "operated as a single enterprise" and were "agents and alter egos of each other in connection with their investments." Decision at 4–5, 8. The SCB Defendants marketed themselves collectively as "American Express Bank." *Id.* at 9. As part of the enterprise, AEB Lux/SCFS entered into subscription agreements with the Fairfield Funds. *Id.* at 5. AEB Lux/SCFS received transfers from the Fairfield Funds on behalf of AEB Miami/SCBI and AEB New York/SCI as redemptions of the Fairfield Funds equity interest; AEB Lux/SCFS held the equity shares in the Fairfield Funds for the other SCB Defendants "because investments in those funds were foreclosed to U.S. taxpayers." *Id.* at 5, 9. The SCB Defendants actively sought these transfers for their own benefit, despite warnings that BLMIS returns were "not possible" and that the Fairfield Funds were a "scam." *Id.* at 5, 16–17.

On July 15, 2022, the SCB Defendants filed a motion to dismiss the amended complaint. *See* Order. The SCB Defendants argued, *inter alia*, that under Federal Rule of Civil Procedure 12(b)(6), the complaint did not plausibly allege that AEB New York/SCI and AEB Miami/SCBI received subsequent

transfers. *See* Decision at 5–6. The SCB Defendants also raised a "mere conduit" affirmative defense. *See id.*

On January 6, 2023, the Bankruptcy Court denied the motion to dismiss, holding, as relevant here, that the complaint contains "plausible grounds to infer that AEB New York/SCI and AEB Miami/SCBI received subsequent transfers as part of a larger enterprise." *Id.* at 10. The Bankruptcy Court also declined to resolve the SCB Defendants' argument that "they are 'mere conduits' and not subsequent transferees because they did not exercise dominion and control over the BLMIS customer property." *Id.* at 15 (quoting *Finley v. Alexander*, 130 F.3d 52, 57 (2d Cir. 1997)); *see id.* at 15–17. The Bankruptcy Court concluded that the SCB Defendants were "free [to] plead and prove" that they did not exercise dominion and control "at a later stage of litigation." *Id.* at 17.

The SCB Defendants now move for leave to file an interlocutory appeal of the Bankruptcy Court's Order and Decision. ECF No. 1.

## DISCUSSION

I.  Legal Standard

District courts exercise appellate jurisdiction over final bankruptcy court orders. *See* 28 U.S.C. § 158(a)(1). "Congress made orders in bankruptcy cases immediately appealable if they finally dispose of discrete disputes within the larger bankruptcy case." *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 140 S. Ct. 582, 587 (2020) (cleaned up); *see also In re Barnet*, 737 F.3d 238, 244 (2d Cir. 2013). A district court has discretionary appellate jurisdiction over an interlocutory order of a bankruptcy court. 28 U.S.C. § 158(a)(3).

"[C]ourts [in] this Circuit generally apply the standard for certifying an interlocutory appeal set forth in 28 U.S.C. § 1292(b) to determine whether to exercise discretion under 28 U.S.C. § 158(a)(3)." *In re LATAM Airlines Grp. S.A.*, No. 22 Civ. 2556, 2022 WL 1471125, at *10 (S.D.N.Y. May 10, 2022). "Under Section 1292(b), leave to appeal should be granted only if the

relevant order[:] (1) involves a controlling question of law; (2) as to which there is substantial ground for difference of opinion; and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Id.* (quotation marks omitted) (citing 28 U.S.C. § 1292(b)). "This standard is strictly applied as interlocutory appeals from bankruptcy courts' decisions are disfavored in the Second Circuit." *In re Liddle & Robinson, L.L.P.*, No. 20 Civ. 865, 2020 WL 4194542, at *4 (S.D.N.Y. July 21, 2020) (cleaned up); *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 986 F. Supp. 2d 524, 529–30 (S.D.N.Y. 2014) ("[O]nly exceptional circumstances will justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." (cleaned up)).

II. <u>Analysis</u>

Under § 1292(b), a "controlling question of law" "must refer to a pure question of law that the reviewing court could decide quickly and cleanly without having to study the record." *In re Adelphia Commc'ns Corp.*, 333 B.R. 649, 658 (S.D.N.Y. 2005) (cleaned up). Where an issue presented for interlocutory appeal requires "the [reviewing court] to review [the lower court's] application of the law to the facts presented by the parties . . . such questions do not present issues of pure law and therefore are not appropriate for interlocutory review." *Stone v. Patchett*, No. 08 Civ. 5171, 2009 WL 1544650, at *2 (S.D.N.Y. June 3, 2009). Further, "[t]he question must also be controlling, in that the reversal of the order would terminate the action . . . or at the very least its resolution would materially affect the outcome of the litigation." *In re BLMIS*, No. 15 Civ. 6564, 2016 WL 690834, at *2 (S.D.N.Y. Feb. 11, 2016) (cleaned up).

The SCB Defendants contend that this case presents controlling questions of law because "resolving [(1)] who has the burden to plead and prove the 'transferee' element of the Trustee's sole claim under Section 550(a)(2) of the Bankruptcy Code, and [(2)] what that element requires, are 'pure' legal questions that do not require a review of the record." Defs. Mem. at 14; *see id.* at 4–5.

5

They further argue that the Bankruptcy Court erred because it "incorrectly held that a bankruptcy trustee does not have the burden to plead and prove that each defendant was a 'transferee' of the property sought to be recovered," and "misconstrued the legal standard required to satisfy the 'transferee' element by equating the receipt of property by one defendant as sufficient to establish every defendants' dominion and control over that property." Defs. Reply at 1–2, ECF No. 8.

The Court disagrees. The SCB Defendants' arguments mischaracterize the Decision. The Bankruptcy Court did not hold that the Trustee was not required to plead that the SCB Defendants were transferees that received BLMIS customer property. *See* Decision at 6–10. Rather, the Bankruptcy Court considered the plausible factual allegations in the complaint, applied the § 550(a) legal standard to those facts, and came to the well-reasoned conclusion that "[t]he allegations contain plausible grounds to infer that AEB New York/SCI and AEB Miami/SCBI received subsequent transfers as part of a larger enterprise and that discovery may reveal additional information regarding these transfers." *Id.* at 10. Likewise, the Bankruptcy Court properly concluded that the "mere conduit" defense is a separate inquiry from the Trustee's pleading burden. *Id.* at 16–17. Finding that the complaint plausibly alleged that the SCB Defendants "exercised dominion and control over BLMIS customer property," the Bankruptcy Court concluded that the SCB Defendants were "free [to] plead and prove otherwise at a later stage of litigation." *Id.* at 17. Because the "mere conduit" defense is a fact-intensive inquiry, it is not properly resolved at the motion to dismiss stage where the affirmative defense is not clearly established on the face of the complaint. *See Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 74–75 (2d Cir. 1998).

The Court's review of the Bankruptcy Court's routine application of law to the factual allegations in the complaint does not present an issue of pure law and is thus inappropriate for interlocutory review. *See Stone*, 2009 WL 1544650, at *2; *Goldfarb v. Channel One Russia*, No. 18 Civ. 8128, 2021 WL 1392850, at *10 (S.D.N.Y. Apr. 13, 2021) ("[D]isputes concerning the

6

application of the law to the specific facts of a case typically are not appropriate for an interlocutory appeal.").[3] Accordingly, the SCB Defendants' motion for leave to appeal is DENIED.

## CONCLUSION

For the reasons stated above, the SCB Defendants' motion for leave to appeal is DENIED, and this action is DISMISSED for lack of jurisdiction. The Clerk of Court is directed to terminate the motion at ECF No. 3 and to close the case.

SO ORDERED.

Dated: September 1, 2023
       New York, New York

_____
ANALISA TORRES
United States District Judge

---

[3] Because the SCB Defendants do not establish the first prong for granting an interlocutory appeal, "a controlling question of law," *In re LATAM Airlines*, 2022 WL 1471125, at *10; *see* 28 U.S.C. § 1292(b), the Court does not reach the other § 1292(b) criteria.