**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>    Plaintiff-Applicant,<br> v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>    Defendant. | Adv. Pro. No. 08-01789 (CGM)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>    Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff,<br><br>    Plaintiff,<br> v.<br><br>CREDIT SUISSE AG; as successor-in-interest to Clariden Leu AG and Bank Leu AG;<br><br>    Defendant. | Adv. Pro. No. 12-01676 (CGM) |

**NOTICE OF JOINDER IN OBJECTING DEFENDANTS' OPPOSITION TO TRUSTEE'S MOTION FOR ORDER AMENDING ORDER APPOINTING A DISCOVERY ARBITRATOR PURSUANT TO BANKRUPTCY RULE 9019(c) AND GENERAL ORDER M-390**

1

Defendant Credit Suisse AG, as successor-in-interest to Clariden Leu AG and Bank Leu AG ("Defendant"), in Adv. Pro. No. 12-01676 (CGM), objects to the *Motion for Order Amending Order Appointing a Discovery Arbitrator Pursuant to Bankruptcy Rule 9019(c) and General Order M-390*, filed in Adv. Pro. No. 08-01789 (CGM), ECF 23449, 23454 ("Trustee's Motion"), by Irving H. Picard, as trustee for the liquidation of Bernard L. Madoff Investment Securities LLC and the estate of Bernard L. Madoff ("Trustee"), and joins in all aspects of the Opposition to the Trustee's Motion, ECF 23516, filed by Objecting Defendants, except for the second sentence of paragraph 8, the final sentence in paragraph 19, paragraphs 32-38, and the final sentence of the *Conclusion* paragraph.

Defendant is a party to one of the adversary proceedings, referred to by the Trustee as the "Subsequent Transfer Cases," in which the Case Management Plan does not provide for mandatory discovery arbitration. As such, the Objecting Defendants' fallback position advocated – that, at a minimum, the Court should deny the Trustee's Motion only with respect to adversary proceedings with previously-entered Case Management Plans that (1) provide for mandatory discovery arbitration and (2) cite the existing Order Appointing Discovery Arbitrator – would not be adequate to protect the rights of Defendant, which is in all other relevant respects identically situated to Objecting Defendants.

Because the Trustee has failed to justify the modification to the Order Appointing Discovery Arbitrator he seeks, under either Rule 60(b)(5) or Rule 60(b)(6), the Trustee's Motion should be denied in its entirety as to all defendants who are parties to the Subsequent Transfer cases.

Dated: September 6, 2023
New York, New York

Respectfully Submitted,

**O'MELVENY & MYERS LLP**

By: <u>*/s/ Daniel S. Shamah*</u>
William J. Sushon
Daniel S. Shamah
Kayla N. Haran
7 Times Square
New York, New York 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061
wsushon@omm.com
dshamah@omm.com
kharan@omm.com

*Attorneys for Defendant Credit Suisse AG, as successor-in-interest to Clariden Leu AG and Bank Leu AG*