**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------X

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (CGM) |
| | SIPA Liquidation |
| Plaintiff-Applicant, | |
| | (Substantively Consolidated) |
| v. | |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

------------------------------------------------------------X

**NOTICE OF JOINDER IN OBJECTING DEFENDANTS' OPPOSITION TO TRUSTEE'S MOTION FOR ORDER AMENDING ORDER APPOINTING A DISCOVERY ARBITRATOR PURSUANT TO BANKRUPTCY RULE 9019(c) AND GENERAL ORDER M-39**

Defendants Naidot & Co. ("Naidot") and Bessemer Trust Company ("BTC") (together, the "Defendants"), by their undersigned counsel, in Adv. Pro. No. 11-02733 (CGM), hereby object to the Motion for Order Amending Order Appointing a Discovery Arbitrator Pursuant to Bankruptcy Rule 9019(c) and General Order M-390, filed in Adv. Pro. No. 08-01789 (CGM), ECF 23449, 23454 ("Trustee's Motion"), by Irving H. Picard, as trustee for the liquidation of Bernard L. Madoff Investment Securities LLC and the estate of Bernard L. Madoff ("Trustee"), and join in all aspects of the Opposition to the Trustee's Motion, ECF 23516, filed by Objecting Defendants, except for ¶¶ 8, 32-38, and the final sentence of the *Conclusion* paragraph.

Naidot and BTC are parties to one of the adversary proceedings, referred to by the Trustee as the Subsequent Transfer Cases, in which the Case Management Plan does not provide for mandatory discovery arbitration, and as such, the fallback position advocated by Objecting Defendants in their Opposition – that, at a minimum, the Court deny the Trustee's Motion only with respect to adversary proceedings with previously entered Case Management Plans that (1) provide for mandatory discovery arbitration and (2) cite the existing Order Appointing Discovery Arbitrator – would not be adequate to protect the rights of Naidot and BTC which are in all other relevant respects identically situated to Objecting Defendants.

Because the Trustee has failed to justify the modification to the Order Appointing Discovery Arbitrator he seeks, under either Rule 60(b)(5) or Rule 60(b)(6), the Trustee's Motion should be denied in its entirety as to all defendants who are parties to the Subsequent Transfer cases.

| | |
|---|---|
| Dated: New York, New York<br>September 6, 2023 | Ballard Spahr LLP<br><br>By:  /s/ James V. Masella, III<br>James V. Masella, III<br>Gerard Belfort<br>Kelly Lin<br>BALLARD SPAHR LLP<br>1675 Broadway<br>19th Floor<br>New York, NY  10019-5820<br>Telephone: 212.223.0200<br>Facsimile: 212.223.1942<br>E-mail: masellaj@ballardspahr.com<br>E-mail: belfortg@ballardspahr.com<br>E-mail: link@ballardspahr.com<br><br>*Attorneys for NAIDOT & CO. and BESSEMER TRUST COMPANY* |

## CERTIFICATE OF SERVICE

I, Kelly Lin, hereby certify that on September 6, 2023, I caused the *Notice of Joinder in Objecting Defendants' Opposition to Trustee's Motion for Order Amending Order Appointing a Discovery Arbitrator Pursuant to Bankruptcy Rule 9019(C) and General Order M-390* to be served on all counsel of record in the above-referenced adversary proceeding through the Court's ECF filing system.

Dated: New York, New York
September 6, 2023

/s/ Kelly Lin
Kelly Lin

BALLARD SPAHR LLP

Kelly Lin
1675 Broadway, Floor 19
New York, NY 10019
Telephone: (212) 223-0200
Fax: (212) 223-1942
link@ballardspahr.com

*Attorneys for NAIDOT & CO. and BESSEMER TRUST COMPANY*