Michael S. Feldberg
REICHMAN JORGENSEN
LEHMAN & FELDBERG LLP
*mfeldberg@reichmanjorgensen.com*
400 Madison Avenue
Suite 14D
New York, NY 10017
Tel.: (212) 381-4970

*Attorney for Defendant NatWest Markets N.V.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (CGM) |
| Plaintiff-Applicant, | |
| v. | SIPA Liquidation |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | (Substantively Consolidated) |
| Defendant. | |
| In re: | **ORAL ARGUMENT REQUESTED** |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | |
| Plaintiff, | Adv. Pro. No. 10-05354 (CGM) |
| v. | Adv. Pro. No. 11-02760 (CGM) |
| ABN AMRO BANK, N.V. (presently known as NATWEST MARKETS N.V.), | |
| Defendant. | |

### NOTICE OF JOINDER IN OBJECTING DEFENDANTS' OPPOSITION TO TRUSTEE'S MOTION FOR ORDER AMENDING ORDER APPOINTING A DISCOVERY ARBITRATOR PURSUANT TO BANKRUPTCY RULE 9019(c) AND GENERAL ORDER M-390

Defendant NatWest Markets N.V. (formerly known as ABN AMRO Bank N.V.) ("NatWest")[1], in Adv. Pro. No. 10-05354 (CGM) and Adv. Pro. No. 11-02760 (CGM), hereby objects to the *Motion for Order Amending Order Appointing a Discovery Arbitrator Pursuant to Bankruptcy Rule 9019(c) and General Order M-390,* filed in Adv. Pro. No. 08-01789 (CGM), ECF 23449, 23454 ("Trustee's Motion"), by Irving H. Picard, as trustee for the liquidation of Bernard L. Madoff Investment Securities LLC and the estate of Bernard L. Madoff ("Trustee"), and joins in all aspects of the Opposition to the Trustee's Motion, ECF 23516, filed by Objecting Defendants, except for the second sentence of paragraph 8, the third sentence of paragraph 19, paragraphs 32-38 and the final sentence of the *Conclusion* paragraph.

NatWest is a party to one of the adversary proceedings, referred to by the Trustee as the Subsequent Transfer Cases, in which the Case Management Plan does not provide for mandatory discovery arbitration, and as such, the fallback position advocated by Objecting Defendants in their Opposition—that, at a minimum, the Court deny the Trustee's Motion only with respect to adversary proceedings with previously entered Case Management Plans that (1) provide for mandatory discovery arbitration and (2) cite the existing Order Appointing Discovery Arbitrator—would not be adequate to protect the rights of NatWest, which is in all other relevant respects identically situated to Objecting Defendants.

---

[1] After the events at issue in this litigation, ABN AMRO Bank N.V., a financial institution organized under laws of the Netherlands, was renamed The Royal Bank of Scotland N.V. and was later renamed again as NatWest Markets N.V. To avoid confusion with defendants in other Madoff adversary proceedings with similar names, "Defendant" or "NatWest" has been used throughout.

1

Because the Trustee has failed to justify the modification to the Order Appointing Discovery Arbitrator he seeks, under either Rule 60(b)(5) or Rule 60(b)(6), the Trustee's Motion should be denied in its entirety as to all defendants who are parties to the Subsequent Transfer cases.

Dated:  New York, New York  
       September 6, 2023

Respectfully submitted,

By:  */s/ Michael S. Feldberg*

Michael S. Feldberg  
REICHMAN JORGENSEN  
LEHMAN & FELDBERG LLP  
*mfeldberg@reichmanjorgensen.com*  
400 Madison Avenue  
Suite 14D  
New York, NY 10017  
Tel.: (212) 381-4970

*Attorney for Defendant NatWest Markets N.V.*

2