# EXHIBIT B



Eric B. Fisher
Binder & Schwartz LLP
366 Madison Avenue  6th Floor
New York, NY 10017

(T) 212.933.4551
(F) 212.510.7299
efisher@binderschwartz.com

August 31, 2023

By E-mail

Jason Oliver, Esq.
Baker Hostetler
45 Rockefeller Plaza
New York, New York 10111

   Re: *Picard v. Legacy Capital Ltd,* Adv. Pro. No. 10-05286 (CGM) (Bankr. S.D.N.Y.)
     – Trustee Request for Discovery Schedule Extension

Dear Jason:

  On behalf of Legacy Capital Ltd. ("Legacy"), we write in response to your August 21, 2023 letter in which you set forth the Trustee's purported rationale for requesting an eighteen-month extension of the December 22, 2023 fact discovery deadline set forth in the Second Amended Stipulated Case Management Order, entered on June 13, 2022 (the "Scheduling Order").  After carefully considering your August 7 email proposing an up to two-year extension, the points you raised during the parties' August 18, 2023 meet and confer, and your letter, Legacy does not agree that an extension of the fact discovery period by 18 months (from December 22, 2023 to June 23, 2025!)—essentially a doubling of the time frame initially contemplated for all fact discovery—is reasonable or necessary.  We see the Trustee's request in a broader context in which the Trustee has been willing to deploy seemingly bottomless SIPC-funded resources to tactically prolong this thirteen-year old case and endlessly defer its resolution.

  As a defendant that bears the burden of proving "good faith," as defined in this case in *In re Bernard L. Madoff Investment Securities LLC*, 12 F.4th 171 (2d Cir. 2021), we remain absolutely committed to concluding consolidated discovery on that issue in both the above-captioned Legacy case (the "Legacy Case") and in *Picard v. Mayer*, Adv. Pro. No. 20-01316 (Bankr. S.D.N.Y.) (CGM) (the "Subsequent Transferee Case"), so that the Legacy Case can be trial-ready as soon as reasonably possible.  As discussed during our call, to accommodate the Trustee's request for an extension, we propose an extension of all interim and the final consolidated fact discovery deadlines on the "good faith" issue by a period of 45 days (February 5, 2024, instead of December 22, 2023).  Under our proposal, all other deadlines after the fact discovery cut-off in the Scheduling Order would remain the same and thus the ultimate end-date of September 30, 2024 for the conclusion of expert discovery would remain unaffected.

  The Trustee does not have good cause to support his proposal to modify the Scheduling Order.  Below we describe our reasons for rejecting the Trustee's unreasonable proposal.

## I. The Trustee Has Delayed Progress of this Case

Any delay in this case is the product of the Trustee's own conduct. Consistent with the Scheduling Order, Legacy filed its Amended Answer on June 28, 2022, more than one year ago. Even though the Trustee has had thirteen years to prepare to prosecute this case, the Trustee did nothing at all to advance discovery for *almost six months* following Legacy's filing of the Amended Answer, waiting until January 23, 2023 to serve documents requests on Legacy and the defendants named in the Subsequent Transferee Case (the "Requests"). The Trustee's delay is particularly inexplicable in light of the fact that his March 3, 2022 fee application to the Court represented that, during the period from August 1, 2021 through November 30, 2021, his counsel already had drafted party and third-party discovery requests.

Legacy, in contrast, reached out to the Trustee only three days after receiving the requests, explaining that it was "ready to have concrete conversations with [the Trustee] about custodians and search terms" and suggesting a meet and confer for the following week.[1] During the initial meeting, Legacy informed the Trustee that Legacy's documents were maintained on the server of Khronos LLC ("Khronos"), and that at the time of the initial filing of this case, Khronos' entire server, comprising over seven million documents, had been preserved. Following the meet and confer, Legacy sent the Trustee a list of 42 custodians and 57 search terms that it had already applied to the Khronos server in an over-inclusive effort to collect any information that might pertain to Legacy for review.

What followed was a series of obstructive efforts by the Trustee that made it impossible for Legacy to commence its production. Although there is no connection between search parameters and preservation efforts, the Trustee sought to delay discovery by insisting on first having a discussion of preservation efforts, even though those efforts had been discussed at length on the first meet and confer. Then, after Legacy reiterated its request for a substantive response to its proposed search terms and custodians, the Trustee replied that he could not decide anything until he received a "hit report." Even as it worked through an e-discovery vendor issue to get the Trustee the requested hit report, Legacy continued its efforts to make progress in the interim, serving its Responses and Objections to the Requests and emailing the Trustee to clarify the relevant time period given that none had been specified by the Trustee. Legacy sent its hit reports to the Trustee on April 26, 2023 and did not receive a response from the Trustee until May 17, 2023, at which point Legacy commenced preparing its productions, deploying technology assisted review ("TAR") to ensure that the most responsive documents on the issue of "good faith" were prioritized for production to you. Shortly thereafter, Legacy further agreed to extend the relevant time period for responsive documents through December 31, 2009, undertaking to search for and produce an additional year's worth of information. Legacy delivered its first production of documents to the Trustee in this latest phase of the case on May

---

[1] While Legacy simultaneously requested a 30-day extension to formally respond to the Requests, the Trustee sought and obtained the same 30-day extension in responding to Legacy's Document Requests. Unlike Legacy, however, the Trustee has yet to suggest a single search term or produce a single document from its files in response to Legacy's Document Requests, which were served on May 9, 2023.

2

23, 2023 and has made three substantial productions since.

   The Trustee's effort to obstruct the efficient exchange of information in this case has escalated since Legacy began producing documents and issuing subpoenas. Instead of working to make progress on its own discovery efforts while Legacy's productions rolled in, the Trustee issued no subpoenas and produced no documents during this time period. To the contrary, the only affirmative step the Trustee took was to hinder Legacy's third-party discovery efforts. On February 27, 2023, Legacy issued a deposition subpoena to Adam Albin, a former employee of BNP Paribas ("BNP"). Legacy viewed the deposition as a mechanism for both Legacy and the Trustee to gain quick insight into BNP's diligence process with respect to the Legacy account and BLMIS. However, the Trustee interposed himself, issuing an ultimatum that if BNP did not immediately produce all documents responsive to a long-dormant 2016 document subpoena, then the Trustee would impose multiple depositions on Mr. Albin, a non-party witness. This unreasonable ultimatum has served the Trustee's goal of delay: the Trustee's protracted meet-and-confer process with BNP converted what Legacy hoped would be a narrow and informative deposition about BNP's due diligence processes into a months-long negotiation over search terms and custodians as to which, six months later, the Trustee and counsel for BNP have yet to reach agreement. Needless to say, Legacy is still waiting to depose Mr. Albin.

   Relatedly, on page 3 in your August 21, 2023 letter, the Trustee stakes out a similarly obstructive stance with respect to third-party Renaissance Technologies, LLC ("Renaissance"). We have indicated that we are ready to move forward with scheduling depositions of Renaissance witnesses, now that Renaissance's document production is complete. Backtracking from indications on our August 18 call that Renaissance depositions could proceed, you now expressly refuse to do so, effectively blocking any effort by Legacy to proceed with depositions of Renaissance witnesses. Both Legacy and the Trustee agree that these depositions are critical to consolidated discovery on the issue of good faith. And yet, the Trustee stands in the way of these depositions moving forward. The Trustee will never be in a position to conclude discovery if he continues to refuse to proceed with discovery.

   The Trustee has also thwarted progress on the exchange of discovery in this case by embarking on a wasteful letter-writing campaign in which he manufactures issues that are either not yet ripe for resolution or that could have easily been clarified in an informal meet and confer. The Trustee's most recent August 17, 2023 letter to Legacy outlining purported "deficiencies" is illustrative on this point. Notwithstanding that Legacy has represented that its productions are rolling and not yet complete, the Trustee dedicates multiple pages of the letter to questioning why documents are "missing" from Legacy's production. Additionally, notwithstanding that Legacy sent a letter to the Trustee expressly stating that it will be producing documents through December 31, 2009, the Trustee dedicates an entire section of the letter inquiring as to whether Legacy will be producing documents through the end of 2009. It is as if the Trustee refuses to take "yes" for an answer.

   To date, the Trustee has sent multiple letters of this nature to Legacy and the subsequent transferee defendants, resulting in over fifty pages of inaccurate or pointless statements by the Trustee that nevertheless require a response. If the Trustee's objective were actually to reach the end of this case, the Trustee's time would be better spent advancing discovery. The Trustee's

conduct suggests that he does not share our goal of advancing this case towards its ultimate resolution.

Notwithstanding the Trustee's efforts to slow and derail discovery, Legacy expects that document production on all issues of good faith—from all defendants in both cases with custody and control over documents that relate to good faith—will be completed by the end of November. This will afford the Trustee more than enough time to prepare for and take depositions prior to our proposed 45-day extension of the deadline for fact discovery (February 5, 2024).

## II. The Trustee's Purported Need to Issue Additional Document Requests and Subpoenas Does Not Justify a Lengthy Extension

The Trustee says he needs a lengthy extension because he has "just learned" of service providers and individuals whose records he wishes to request. The facts do not support the Trustee's claim that discovery should be stalled because these potential sources of information are newly discovered. To the contrary, the Trustee has had documents that refer to Spectrum Global Fund Administration ("Spectrum"), H.T.M. Services Ltd. ("HTM"), and Citadel Solutions ("Citadel") since at least 2010,[2] documents that refer to Leeds Management Services ("Leeds"), BDO Seidman ("BDO") and HCH since at least 2020,[3] and documents that refer to PricewaterhouseCoopers LLP ("PwC") since at least June of this year.[4] Further, the Trustee makes no effort to explain why these potential third-party sources of information are relevant to the issue of "good faith." Finally, the Trustee has been aware of Herb Selzer and Piero DiCapua since at least 2015 when Legacy served its initial disclosures. Thus, these rationales do not support the extraordinary delay of this case requested by the Trustee.

Other records that the Trustee claims he needs are either not relevant, or likely to be duplicative of records already obtained. It is unclear to Legacy, for instance, why documents from "investors in HCH, Prince, and Montpellier" have any relevance to the issue of good faith. As to BNP's "Legacy File," the Trustee has leapt to the conclusion that obtaining this file will necessitate foreign discovery without even waiting for confirmation from BNP that its contents will likely be produced to the Trustee and Legacy through other avenues, such as in emails sent to employees located in the United States.

Even setting all of the above aside, the Trustee fails to articulate why he cannot obtain what he needs from these entities in the over four months of fact discovery that remain under the current schedule, let alone the five-and-half months that would be afforded to the Trustee under our 45-day extension proposal. Notably, as should have been apparent from the search term

---

[2] *See, e.g.*, MAY0000576-77 (document produced to Trustee in 2010 referencing Spectrum); MAY0000756 (document produced to Trustee in 2010 referencing Spectrum); MAY0002559 (document produced to Trustee in 2010 referencing Citadel); MAY0001485 (document produced to Trustee in 2010 referencing Citadel); MAY0019505-06 (document produced to Trustee in 2010 referencing HTM); MAY0019571-72 (document produced to Trustee in 2010 referencing HTM).
[3] *See, e.g.*, K0001646-88 (document produced to Trustee in 2020 referencing Leeds, HCH and BDO); K0001622-45 document produced to Trustee in 2020 referencing BDO and Citadel).
[4] *See, e.g.*, LC000005273-5585 (document produced to Trustee in June 2023 with repeated references to PwC).

4

reports sent to the Trustee in April, documents custodial to Piero DiCapua and Jimmy Mayer, both affiliated with HCH, are being reviewed for production. Legacy is also producing all documents that relate to good faith in its possession that relate to the service providers you have identified (*e.g.*, HTM, Citadel, Leeds, BDO, Spectrum, and PwC).[5] To the extent the Trustee still wants to try to obtain records from these entities directly, he still has many months left to do so, even though he could have pursued those documents more than a year ago when the Scheduling Order was entered, and we don't understand the point of that proposed additional discovery.

\*\*\*

As set forth above, Legacy remains committed to moving this case forward towards resolution. There is no good cause for an eighteen-month extension.

Very truly yours,

/s/ Eric B. Fisher

Eric B. Fisher

---

[5] In response to the Trustee's request for Spectrum's contact information, it is Legacy's understanding, confirmed by a Google search, that Spectrum was acquired in 2010 by a company known as AlphaMetrix and is no longer in operation.

5