# EXHIBIT C



Eric B. Fisher
Binder & Schwartz LLP           (T) 212.933.4551
366 Madison Avenue  6th Floor   (F) 212.510.7299
New York, NY 10017              efisher@binderschwartz.com

September 1, 2023

By E-mail
Frank Maas, Esq.
c/o JAMS, Inc.
620 Eighth Avenue, 34th Floor
New York, New York 10018

      Re:    *Picard v. Legacy Capital Ltd.,* Adv. Pro. No. 10-05286 (CGM) (Bankr. S.D.N.Y.)

Dear Judge Maas:

      On behalf of defendant Legacy Capital Ltd. ("Legacy"), we write to advise that the parties are at an impasse with respect to a dispute about the discovery schedule in the above action (the "Legacy Action"), which involves a single defendant alleged to have redeemed funds from its BLMIS account with a lack of "good faith," as defined in *In re Bernard L. Madoff Investment Securities LLC*, 12 F.4th 171 (2d Cir. 2021).  Resolution of this scheduling dispute by Your Honor could facilitate the streamlined and orderly resolution of this now thirteen-year-old case and a subsequent transferee case with which it is consolidated on the threshold "good faith" issue.[1]  Legacy bears the burden of proving its "good faith" to a jury and is eager to do so.

      The Trustee has requested that Legacy agree to an 18-month extension of the December 22, 2023 fact discovery deadline set forth in the Second Amended Stipulated Case Management Order, entered on June 13, 2022 (the "Scheduling Order").  ECF Doc. No. 270 (attached for reference).  Legacy disagrees that an extension of the fact discovery period by 18 months—essentially a doubling of the time frame initially contemplated for all fact discovery—is reasonable or necessary.

      This case has taken a tremendous decade-plus toll on the individuals whose reputations have been besmirched by the Trustee's allegations against Legacy.  Leveraging his SIPC-funded resources, the Trustee has pursued tactics designed to endlessly defer resolution and impose excessive burdens and costs, culminating now in the Trustee's request to prolong this adversary proceeding by another one-and-a-half years.  The Trustee cannot satisfy the standard set forth in Federal Rule of Civil Procedure 16(b)(4) (made applicable here by Federal Rule of Bankruptcy Procedure 7016(a)) that a scheduling order may be modified "only for good cause."  As detailed below, the Trustee (i) has actively obstructed the progress of discovery and (ii) has not offered any reason why he cannot complete discovery on the single issue of good faith by the current

---

[1] In addition to the Legacy Action, the Trustee also sued Legacy's alleged subsequent transferees in *Picard v. Mayer*, Adv. Pro. No. 20-01316 (Bankr. S.D.N.Y.) (CGM) (the "Subsequent Transferee Action"), which has also been referred to Your Honor.  In an order entered on April 25, 2022, the Court consolidated discovery in the two actions solely as it related to the issue of Legacy's "good faith."  ECF Dkt. No 269.

fact discovery deadline of December 22, 2023.[2]  Nevertheless, in an effort to resolve this dispute, Legacy proposed an extension of all interim deadlines and the final consolidated fact discovery deadline on the "good faith" issue by a period of 45 days, to February 5, 2024.[3]  The parties have spoken with and written each other about this dispute, but were unable to reach resolution.

**The Trustee has impeded progress in this case.**  Despite having had over a decade to prepare for discovery in this action (and representing to the Court in fee applications that he has been working on discovery requests since 2021[4]), the Trustee waited until January 23, 2023, almost *six months* after Legacy filed its Amended Answer, to serve document requests on Legacy and the defendants named in the Subsequent Transferee Action.  Almost immediately upon receiving the Trustee's document requests, Legacy told the Trustee that it was "ready to have concrete conversations . . . about custodians and search terms," and shared a proposed list of 42 custodians and 57 search terms.  The Trustee refused to provide a definitive response to Legacy's proposal for months, making it impossible for Legacy to commence its production.  First, the Trustee insisted on addressing preservation efforts, even though those efforts had already been discussed at length and are not a logical antecedent to defining search parameters.  Then, the Trustee refused to have a conclusive discussion until after he received a search term "hit report"; and even upon receiving the report, the Trustee waited another three weeks to give Legacy the go ahead it needed to begin document review.

The Trustee's efforts to obstruct the efficient exchange of information have only intensified since Legacy began producing documents.  The Trustee has yet to suggest a single search term or produce a single document from its files in response to Legacy's Document Requests, which were served nearly four months ago, on May 9, 2023.  And, instead of working to make progress on his own discovery efforts while Legacy's productions rolled in, the Trustee acted to delay Legacy's third-party discovery efforts.  For example, on February 27, 2023, Legacy issued a deposition subpoena to Adam Albin, a former employee of BNP Paribas ("BNP"), which extended credit to Legacy in 2004 secured on a non-recourse basis by Legacy's BLMIS account.  The Trustee threatened to impose multiple depositions on Mr. Albin, a non-party, if BNP did not immediately produce all documents responsive to a long-dormant 2016 document subpoena.  This unreasonable ultimatum on the eve of Mr. Albin's deposition served the Trustee's goal of delay, as it led to a protracted meet-and-confer process with BNP over search terms and custodians as to which, six months later, the Trustee and BNP have yet to reach agreement.  As a result, Legacy's deposition of Mr. Albin remains on an indefinite hold.

The Trustee has indicated that he will take an even more obstructive stance with respect to third-party Renaissance Technologies, LLC ("Renaissance"), advising that he refuses to permit depositions for Renaissance witnesses to move forward despite admitting that Renaissance's document production is complete.  Testimony from Renaissance witnesses is

---

[2] *See Esposito v. Francis*, 2011 WL 4593738, at *2 (E.D.N.Y. Sept. 30, 2011) (good cause not found where record demonstrated moving party had "ampl[e] opportunity to conduct discovery" in time period originally allotted).
[3] Thus, under Legacy's proposal, this ***2010*** proceeding would remain on track to conclude all discovery (including expert discovery) by September 2024.  Under the Trustee's proposal, discovery would not conclude until mid-***2026***.
[4] According to the Trustee's March 3, 2022 fee application, during the period from August 1, 2021 through November 30, 2021, his counsel drafted party and third-party discovery requests for both the Legacy Action and the Subsequent Transferee Action.  08-07189, ECF Doc. No. 21212 at 67-68.

2

highly relevant. Indeed, the Trustee's counsel interviewed a Renaissance witness in 2011 about the Legacy Action, and, to date, has refused to produce any information about the interview. Renaissance employees raised concerns about BLMIS in 2004 that came to the attention of the SEC, prompting an SEC examination of BLMIS that did not detect the Ponzi scheme. These same concerns came to Legacy's attention from the same Renaissance source, prompting Legacy to conduct further diligence on BLMIS in 2004 that similarly failed to uncover the Ponzi scheme.

The Trustee has also thwarted discovery by embarking on a wasteful letter-writing campaign in which he has manufactured issues that are either not yet ripe for resolution or that could have easily been clarified in an informal discussion. Rather than discussing specific discovery issues raised in defendants' objections, the Trustee waited months before sending discovery letters to Legacy and the subsequent transferee defendants, now totaling over fifty pages of inaccurate or pointless statements by the Trustee that divert attention from moving discovery forward. The Trustee should not be permitted to unreasonably prolong discovery and then claim that there is good cause to further extend the discovery schedule.

**The Trustee has more than enough time to complete good faith discovery.** Notwithstanding the Trustee's efforts to derail discovery, Legacy has completed four substantial productions and expects that document production on all issues of good faith—from all defendants in both actions with custody and control over relevant documents—will be completed by the end of November. Thus, the Trustee will have ample time to take depositions prior to Legacy's proposed extension of the fact discovery cutoff to February 5, 2024.

The Trustee contends, however, that a lengthy extension of discovery is required because he has "just learned" of service providers and individuals whose records he plans to seek. The facts do not support that these potential sources of information of questionable relevance are newly discovered. Instead, the record demonstrates that the Trustee has had information about the majority of the purported "newly discovered" service providers since at least 2010 or 2020, and the purported "newly" identified sources were listed in Legacy's initial disclosures in 2015.

Even setting aside that these potential sources of information are not newly discovered and that the Trustee could have pursued those documents more than a year ago when the Scheduling Order was entered, it is also unclear why the Trustee cannot obtain information in the four months of fact discovery that remain under the current schedule, let alone the five-and-half months that would be afforded to the Trustee under Legacy's 45-day extension proposal. It also is not at all clear why these documents are relevant; and in any event, Legacy already is undertaking to produce documents that relate to these service providers. Nonetheless, if the Trustee wants to seek records from these entities directly, he has months left to do so and offers no legitimate reason that would support a good cause extension to complete this discovery.

Legacy is committed to moving this case towards resolution, and there is no good cause for an eighteen-month extension. We appreciate your assistance in resolving this dispute.

Very truly yours,
/s/ Eric B. Fisher
Eric B. Fisher

cc:  Oren Warshavsky, Esq.
     Jason Oliver, Esq.
     Tatiana Markel, Esq.
     Carrie Longstaff, Esq.
     Peter Shapiro, Esq.
     Eugene Stearns, Esq.
     Carlos Canino, Esq.
     Daniel Tabak, Esq.
     Daniel Alter, Esq.