**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and the Chapter 7 Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br>       Plaintiff-Applicant, <br><br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br>       Defendant. | Adv. Pro. No. 08-01789 (CGM) <br><br> SIPA LIQUIDATION <br><br> (Substantively Consolidated) |
| In re: <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br>       Debtor. | |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF**
**MOTION FOR ORDER AMENDING ORDER**
**APPOINTING A DISCOVERY ARBITRATOR**

Irving H. Picard, trustee ("Trustee") for the substantively consolidated liquidation of the

business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities

Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), and the chapter 7 estate of Bernard

L. Madoff ("Madoff"), by and through his undersigned counsel, hereby submits this Reply

Memorandum of Law Motion in further support of the Trustee's Motion for the Entry of the Order amending the Order Appointing a Discovery Arbitrator (the "Motion") Pursuant to Bankruptcy Rule 9019(c) and General Order M-390, *Secs. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Secs.*, No. 08-01789 (CGM) (Bankr. S.D.N.Y. Oct. 4, 2016), ECF No. 14227 ("Discovery Arbitrator Order" or the "Order"). Defendants in 19 adversary proceedings filed a common opposition (ECF No. 23516), and defendants in 23 additional adversary proceedings filed joinders to that opposition. ECF Nos. 23518 – 23546.

## PRELMINARY STATEMENT

Defendants in 42 adversary proceedings – including well-known institutions like Barclays Bank, the Royal Bank of Canada, and Banco General – object to the Trustee's motion for an amendment to the Discovery Arbitrator Order requiring all parties, consistent with ordinary practice and basic fairness, to split their discovery arbitration costs. Defendants offer no valid arguments against the actual relief sought by the Trustee – *i.e.*, an amendment to the standing Order – and instead focus on something the Trustee has not requested – *i.e.*, a ruling on the *application* of the proposed amendment, if granted, to existing case management plans in individual cases. In doing so, Defendants confuse the standards governing the proposed amendment, blur the Trustee's requested relief, and improperly attempt to elicit an advisory opinion on a question not before the Court.

The Court should reject Defendants' effort to interpose this issue on the Trustee's narrow and uncontroversial request to amend the Discovery Arbitrator Order. That Order – which the Trustee voluntarily submitted to promote judicial economy and efficiency without any objection or opposition in 2016 – established an optional procedure and included a fee provision that no longer makes practical sense given the identity and financial resources of the Defendants with whom the Trustee is currently litigating. These Defendants are more than capable of sharing the

costs of any arbitrator with the Trustee, and the Court should amend the Order to reflect that reality.

## ARGUMENT

### I. THE APPLICATION OF THE PROPOSED AMENDED ORDER TO INDIVIDUAL CASES IS NOT BEFORE THE COURT

The Trustee's Motion requests narrow relief. After spearheading the appointment of a discovery arbitrator to reduce the mounting burden on the Court, the Trustee seeks an amendment to the standing Order reflecting the uncontroversial principle that parties to a private arbitration should split the costs. *See* General Order M-390. The Trustee's Motion does *not* request any ruling concerning the application of the proposed amendment to any specific adversary proceeding. Defendants have nevertheless framed their opposition around the latter issue at the expense of the former. They do so by responding not to anything the Trustee requested in his Motion, but to an email sent by the Trustee's counsel in a single case reflecting the Trustee's position on the potential effect of the proposed amendment and offering a reasonable compromise should a dispute on that issue persist. D. Mem. at 2; Exhibit 2.

This question concerning the proposed Amended Order's application to any given case is unripe and premature at best. To discern the application of an amended order to a specific case, there must first be an amended order entered. That is all the Trustee requests now. Defendants' reliance on an email, rather than any similar expression in the Trustee's actual motion papers, only serves to prove that the Trustee's motion does not seek any such relief. If the Court enters the Amended Order, any disputed issues concerning its application to specific cases would need to be presented to the Court in the context of an actual controversy – *i.e.,* a live discovery dispute or a motion concerning the terms of a specific case management plan – subject to the appropriate standards and the Court's meet and confer requirements. None of that has happened here.

3

Defendants' effective treatment of the Trustee's motion to amend the Order as a motion

to amend the *case management plans* in individual adversary proceedings is ultimately a

distraction intended to elicit an advisory opinion from the Court on an issue not currently before

it.  The Court should deny Defendants' request to rule on this issue and grant the specific relief

the Trustee requests.

## II.    THE TRUSTEE'S MOTION SATISFIES THE CONTEXT-SPECIFIC STANDARDS OF RULE 60

Defendants' fixation on the proposed amendment's application to specific cases is the

thread that holds their opposition together.  Once this concern is removed, however, Defendants

are left without any grounds to oppose the narrow and uncontroversial relief the Trustee seeks.

*First*, Defendants misapply the standards under Rule 60 by relying on cases involving

dispositive, case-resolving orders and judgments.[1]  The Discovery Arbitrator Order is not a

settlement order, consent decree, or stipulation of dismissal; the Order does not reach the merits

of any substantive issue or otherwise affect any party's rights in their respective cases.  Nor is

the Order the product of some sort of "bargain" by the Trustee or "deal he struck," as Defendants

assert.  The Trustee proposed the Order – without a single objection and without any need for

"negotiation" – to establish an *optional* procedure available to all parties involved in this SIPA

liquidation, with judicial economy and efficiency the principal considerations, and *volunteered*

to pay the first $50,000 in arbitration fees with innocent investor defendants in mind.

Defendants offered nothing and obtained nothing in connection with this Order.  The Order was

---

[1] *See New York ex rel. Lockyer v. Bodman,* 2007 WL 3238763, at *1 (S.D.N.Y. Nov. 1, 2007) (analyzing "Consent Decree resolving the complaints in this action"); *Silverman v. Miranda*, 2014 WL 3728622, at *3 (S.D.N.Y. July 28, 2014) (analyzing "Stipulation and Order Governing Stay of, and Security for, Judgment" pursuant to which defendant "withdrew its motion for reconsideration and [p]laintiffs withdrew their cross-motion for sanctions"). *SEC v. Musk*, 2023 WL 3451402, at *3 (2d Cir. May 15, 2023) (consent decree resolving SEC complaint); *Benjamin v. Malcolm*, 156 F.R.D. 561, 565 (S.D.N.Y. 1994) ("consent decrees settling plaintiffs' claims"); *In re AMC Realty Corp.*, 270 B.R. 132, 144 (Bankr. S.D.N.Y. 2001) (post-mediation stipulation establishing terms of dismissal); *United States v. Bank of New York*, 14 F.3d 756 (2d Cir. 1994) (consent decree "settl[ing] action"); *SEC v. Longfin Corp.*, 2020  WL 4194484, at *3 (S.D.N.Y. July 21, 2020) (same).

uncontroversial, and it would have been equally uncontroversial had it excluded the fee provision at the outset.

Defendants' reliance on cherry-picked quotes applying Rule 60(b)(5) and (6) to dispositive orders and judgments, as well as their assertions that the Trustee is "reneging" or "retrading" on some purported agreement, ignore the circumstances surrounding the entry of the Order, its corresponding role in this SIPA liquidation, and the voluntary nature of the procedures it established. The Rule 60 standards must be applied to the Order at issue and its full context. And given that context, it would be inequitable and create an undue hardship to insist that the Trustee subsidize private discovery arbitrations with sophisticated defendants.

**Second**, Defendants mischaracterize the Trustee's intent and the cover letter to the Court requesting the arbitrator's appointment. ECF No. 13975. To provide the context for his request, the Trustee reminded the Court in his initial letter that "a number of discovery disputes have been brought before the Court in the past year, and we currently have several 'bad faith' cases with unique discovery disputes that we anticipate bringing before the Court in the coming months." *Id.* Nothing in that statement suggests the Trustee intended to pay the first $50,000 in fees in discovery disputes involving defendants in "bad faith" cases. The Trustee was merely making the practical case for the necessity of a discovery arbitrator given the anticipated influx of discovery disputes case-wide.

Nor has the Trustee ever contended that the Discovery Arbitrator Order only applies to "good faith" or "fictitious profits" cases, as Defendants imply. The Trustee has referred multiple discovery disputes to Judge Maas in "bad faith" cases and stands ready to do so now. Rather, the Trustee maintains that the spirit and purpose of a single provision in the Discovery Arbitrator Order – namely, the provision reflecting the Trustee's offer to pay the first $50,000 in arbitration fees – was to reduce the financial burden on the individual, family trust, and closely-held

5

company defendants in fictitious profits cases and thereby encourage these defendants to participate in private arbitration. Because the fictitious profits cases are effectively resolved, the Trustee seeks to amend the Order consistent with that purpose.

Had the universe of adversary proceedings exclusively comprised the large institutional defendants that oppose the Motion, the Trustee would never have offered to pay the first $50,000 in arbitration fees. The Trustee anticipated that defendants like this would simply split all arbitration costs, which defendants in other cases agreed to do in the case-specific stipulations referring their discovery disputes to Judge Maas. *See* Motion at 6. Indeed, 21 defendants in active adversary proceedings, including Citibank, Banco Itau, and Nomura, have not objected to the Trustee's Motion. And had such defendants refused to split the arbitrator fees, the Trustee could have simply refused to arbitrate those disputes – as is his and every other litigant's right.

***Third,*** Defendants' contention that there are "substantially fewer" active adversary proceedings now, and that the Trustee's potential exposure is purportedly less as a result, sidesteps the issue. The dispositive factor is that the fictitious profits/good faith adversary proceeding are, for all intents and purposes, fully resolved at this stage of the liquidation. In 2016, when the Order was entered, the vast majority of all active cases were good faith cases, as Defendants themselves recognize. *See* D. Mem. at 5. With these cases effectively out of the picture, the original justification for the Trustee's offer to pay the first $50,000 in arbitration fees no longer exists.

*         *         *         *         *         *

The Trustee's motion seeking a narrow amendment recognizing the default rule that litigants must bear their own costs easily satisfies Rule 60. Defendants offer no compelling

arguments to the contrary, and their efforts to conflate the entry of the proposed amendment with

the separate question of its application to individual cases should be rejected.

## **CONCLUSION**

For the foregoing reasons, the Trustee respectfully request that the Court amend the

Discovery Arbitrator Order.

Dated: September 15, 2023                 By: */s/ Maximillian S. Shifrin*
     New York, New York            **Baker & Hostetler LLP**
                                   45 Rockefeller Plaza
                                   New York, New York 10111
                                   Telephone: (212) 589-4200
                                   Facsimile: (212) 589-4201
                                   David J. Sheehan
                                   Email: dsheehan@bakerlaw.com
                                   Nicholas J. Cremona
                                   Email: ncremona@bakerlaw.com
                                   Maximillian S. Shifrin
                                   Email: mshifrin@bakerlaw.com

                                   *Attorneys for Irving H. Picard, Trustee for*
                                   *the Substantively Consolidated SIPA*
                                   *Liquidation of Bernard L. Madoff*
                                   *Investment Securities LLC and the chapter 7*
                                   *Estate of Bernard L. Madoff*