**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and the Chapter 7 Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br> Plaintiff-Applicant, <br><br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br> Defendant. | Adv. Pro. No. 08-01789 (CGM) <br><br> SIPA LIQUIDATION <br><br> (Substantively Consolidated) |
| In re: <br> BERNARD L. MADOFF, <br><br> Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff, <br><br> Plaintiff, <br><br> v. <br><br> BNP PARIBAS – DUBLIN BRANCH, <br><br> Defendant. | Adv. Pro. No. 22-01087 (CGM) <br><br> **TRUSTEE'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE COMPLAINT** |

## **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ...................................................................................................1

STATEMENT OF FACTS ............................................................................................................2

    I.     THE BLMIS PONZI SCHEME............................................................................2

    II.    DEFENDANT AND LEGACY CAPITAL, LTD. RECEIVED TRANSFERS
           FROM BLMIS .....................................................................................................3

    III.   THE TRANSFERS AT ISSUE HAVE BEEN AVOIDED IN THE LEGACY
           ADVERSARY PROCEEDING............................................................................4

ARGUMENT..................................................................................................................................5

    I.     THE TRUSTEE PLAUSIBLY ALLEGES THE AVOIDABILITY OF THE
           INITIAL TRANSFERS FROM BLMIS................................................................5

    II.    THE TRUSTEE'S CLAIMS ARE NOT BARRED BY SECTION 546(e) ............7

CONCLUSION...............................................................................................................................7

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*45 John Lofts, LLC v. Meridian Cap. Grp. LLC (In re 45 John Lofts, LLC)*,
   599 B.R. 730 (Bankr. S.D.N.Y. 2019) .................................................................5

*Picard v. ABN AMRO Bank (Ir.), Ltd.*,
   650 B.R. 24 (Bankr. S.D.N.Y. 2023) ................................................................5, 6

*Picard v. First Gulf Bank (In re Madoff)*,
   Adv. Pro. No. 11-02541 (CGM), 2022 WL 3354955
   (Bankr. S.D.N.Y. July 18, 2022) .........................................................................5

*Picard v. Gettinger (In re BLMIS)*,
   976 F.3d 184 (2d Cir. 2020) ................................................................................6

*Picard v. JABA Assocs. LP*,
   528 F. Supp. 3d 219 (S.D.N.Y. 2021) ..................................................................6

*Sharp Int'l Corp. v. State St. Bank & Tr. Co. (In re Sharp Int'l Corp.)*,
   403 F.3d 43 (2d Cir. 2005) ..................................................................................6

**Statutes**

11 U.S.C. § 546(e) .......................................................................................................7

11 U.S.C. § 548(a)(1)(A) .........................................................................................5, 7

11 U.S.C. § 550(d) .......................................................................................................5

Irving H. Picard (the "Trustee"), as trustee for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa–*lll* ("SIPA"), and the chapter 7 estate of Bernard L. Madoff ("Madoff"), respectfully submits this memorandum of law in opposition to the motion (ECF No. 27-1[1]) (the "Motion") filed by defendant BNP Paribas – Dublin Branch ("Defendant") to dismiss the Trustee's Complaint.

## PRELIMINARY STATEMENT

The Trustee's Complaint seeks to recover over $49 million in fraudulent transfers of stolen BLMIS customer property that Defendant received directly from BLMIS. There are no valid grounds to dismiss the Complaint. Defendant's Motion consists entirely of arguments that have been squarely rejected by this Court.

*First*, the Trustee seeks to recover transfers that have already been avoided in *Picard v. Legacy Capital Ltd. (In re BLMIS)*, Adv. Pro. No. 10-05286 (CGM) (the "*Legacy Adversary Proceeding*"). The Court entered a judgment avoiding those transfers in November 2019.

*Second*, Defendant's argument that the Ponzi scheme presumption does not demonstrate BLMIS's fraudulent intent under Section 548(a) conflicts with binding precedent, including the Court's order in the *Legacy Adversary Proceeding* finding the Trustee was "entitled to rely on the Ponzi scheme presumption." In any event, the Complaint alleges BLMIS's fraudulent intent through multiple "badges of fraud."

---

[1] Unless otherwise indicated, all ECF references herein refer to the case captioned *Picard v. BNP Paribas – Dublin Branch*, Adv. Pro. No. 22-01087 (Bankr. S.D.N.Y.).

1

*Third,* by its plain terms, Section 546(e) does not bar the Trustee's claims here. The relevant initial transfers from BLMIS to Defendant were all made within two years of the filing date, and those transfers are avoidable—and have been avoided—under Section 548(a)(1)(A).

Instead of answering the Complaint, Defendant filed this meritless motion to delay proceedings. The Trustee respectfully submits that Defendant's Motion should be denied and the parties proceed to litigate the Trustee's claims.

## STATEMENT OF FACTS

### I. THE BLMIS PONZI SCHEME

The Trustee alleges in the Complaint that Madoff operated BLMIS's investment advisory business as a Ponzi scheme until BLMIS's collapse and Madoff's arrest in 2008. (Compl. ¶¶ 1, 4, 19–20, 22–23, 32–36.) The Complaint also alleges BLMIS's fraudulent intent through multiple "badges of fraud." (*Id.* ¶¶ 26–58.) The Complaint states that: (1) BLMIS commingled customer funds and used them to pay other customers instead of purchasing securities, (*id.* ¶ 38); (2) BLMIS filed false audit reports, (*id.* ¶ 36); (3) BLMIS filed false reports with the SEC, (*id.* ¶¶ 30, 31); (4) BLMIS was insolvent at all relevant times, (*id.* ¶ 58); and (5) that the BLMIS investment advisory business had no legitimate business operations, and the proprietary trading business incurred significant losses, requiring fraudulent infusions of cash from the BLMIS investment advisory business, (*id.* ¶¶ 33–34.)

In the *Legacy Adversary Proceeding*—the case in which the transfers herein were avoided—the Court, in its summary judgment decision, found that "the Trustee has established that there is no genuine disputed issue of fact that BLMIS was a Ponzi scheme and that it transferred its interest in $174 million to or for the benefit of Legacy in furtherance of the Ponzi scheme within two years of the Filing Date." Mem. Decision and Order Granting Relief Under Federal Civil Rule 56(g) at 16, *Legacy Adversary Proceeding*, ECF No. 221 (the "Ponzi Scheme

2

Order"). The Court concluded that the Trustee was, "therefore, entitled to rely on the Ponzi scheme presumption, and has established as a matter of law that the Two-Year Transfers were made with the actual intent to defraud." *Id.; see also* Order Denying the Trustee's Motion for Summary Judgment and Granting Relief Under Federal Rule of Civil Procedure 56(g), *Legacy Adversary Proceeding*, ECF No. 222 ("The Trustee has established that there is no genuine disputed issue of fact that . . . BLMIS was a Ponzi scheme . . . .").

## II. DEFENDANT AND LEGACY CAPITAL, LTD. RECEIVED TRANSFERS FROM BLMIS

On July 26, 2004, Legacy Capital Ltd. ("Legacy Capital") entered into a credit agreement with Defendant and other BNP entities for a $100 million line of credit (the "Credit Agreement") secured by Legacy Capital's BLMIS Account No. 1FR071 (the "Legacy Capital Account"). (Compl. ¶ 65.) The Credit Agreement provided that BNP Paribas Securities Corp. in New York would be the collateral agent for Defendant, and BNP Paribas Arbitrage SNC would be the calculation agent for Defendant. (*Id.*) After this date, BNP Paribas Securities Corp. took over signatory authority for the Legacy Capital Account and Defendant started to receive direct transfers from BLMIS. (*Id.*)

Between September 2007 and June 2008, BLMIS made transfers totaling approximately $174 million to Legacy Capital and Defendant. (Compl. ¶¶ 4, 66.) This included $87 million transferred to Legacy Capital and $87 million transferred to Defendant. (*Id.* ¶ 66.) Of that amount, Defendant received approximately $49,505,850 in fictitious profits from the Ponzi scheme (the "BNP Transfers"), transferred directly from BLMIS to Defendant's account at BNP Paribas S.A. New York Branch in New York. (*Id.* ¶¶ 67–68.) Specifically, Defendant received the BNP Transfers as follows: (i) $50,000,000 on September 4, 2007, which, based on records currently available to the Trustee, included up to approximately $12,505,850 of fictitious profits; (ii)

3

$27,000,000 on October 4, 2007, which entirely consisted of fictitious profits; and (iii) $10,000,000 on June 6, 2008, which entirely consisted of fictitious profits. (*Id.* ¶ 67.) As discussed in further detail below, the BNP Transfers were avoided in the *Legacy Adversary Proceeding* as fictitious profits.

### III.  THE TRANSFERS AT ISSUE HAVE BEEN AVOIDED IN THE LEGACY ADVERSARY PROCEEDING

On December 6, 2010, the Trustee commenced the *Legacy Adversary Proceeding* against Legacy Capital and other defendants seeking to avoid and recover initial transfers of BLMIS customer property in the amount of approximately $213,180,068. Compl., *Legacy Adversary Proceeding*, ECF No. 1.

On January 13, 2017, the Court entered a Stipulation and Order as to Undisputed Transfers whereby the Trustee and Legacy Capital stipulated that certain withdrawals from and deposits into the Legacy Capital Account, including the three BNP Transfers, were undisputed facts. *See* Stipulation and Order as to Undisputed Transfers, *Legacy Adversary Proceeding*, ECF No. 155.

After summary judgment proceedings, the *Legacy Adversary Proceeding* resulted in the November 12, 2019 entry of a Stipulation and Order for Entry of Final Judgment avoiding $79,125,781 in fictitious profits transferred from BLMIS to, or for the benefit of, Legacy Capital. (Compl. ¶ 63); *see also* Stipulation and Order for Entry of Final Judgment, *Legacy Adversary Proceeding*, ECF No. 230 (the "Final Judgment").  Under the Final Judgment, the parties consented to: (i) the Bankruptcy Court's entry of a final order and judgment in connection with the Trustee's avoidance claim, and (ii) entry of a Final Judgment against Legacy Capital in the amount of $79,125,781 (the "Legacy Transfers").  Final Judgment, *Legacy Adversary Proceeding*, ECF No. 230.  The Final Judgment provided that "the Legacy Transfers are avoidable and avoided

4

under § 548(a)(1)(A) and recoverable from Legacy Capital under § 550(a) of the Bankruptcy Code." *Id.*

The Trustee was advised through post-judgment discovery that Legacy Capital was impecunious and lacked funds to satisfy the Final Judgment to which it had consented. (Compl. ¶ 64.) Legacy Capital further represented that it is owned by Defendant. *See* Defs. Appeal Brief, Corporate Disclosure Statement, ¶ 1, *Picard v. Legacy Capital Ltd.*, 20–1334 (2d Cir. Nov. 5, 2020), ECF No. 135 ("Pursuant to rights exercised by BNP Paribas-Dublin Branch upon Legacy Capital Ltd.'s default under a credit agreement with BNP Paribas-Dublin Branch, BNP Paribas-Dublin Branch became the owner of Legacy Capital Ltd."). Though Defendant disputes ownership, at bottom, it is irrelevant. The Trustee is entitled to recover the fraudulent transfers from Legacy Capital, Defendant, or both, subject only to the single satisfaction rule. 11 U.S.C. § 550(d); *45 John Lofts, LLC v. Meridian Cap. Grp. LLC (In re 45 John Lofts, LLC)*, 599 B.R. 730, 749 (Bankr. S.D.N.Y. 2019) ("Under section 550(d) of the Bankruptcy Code, a debtor in possession may recover 'only a single satisfaction under [section 550(a)].'").

## ARGUMENT

**I.    THE TRUSTEE PLAUSIBLY ALLEGES THE AVOIDABILITY OF THE INITIAL TRANSFERS FROM BLMIS**

The Complaint sufficiently alleges the avoidability of the initial transfers from BLMIS to Defendant. Under Section 548(a)(1)(A), the Trustee may avoid any transfer made by the debtor "with actual intent to hinder, delay, or defraud." 11 U.S.C. § 548(a)(1)(A). The Ponzi scheme presumption recognizes that "transfers made in the course of a Ponzi scheme could have been made for no purpose other than to hinder, delay, or defraud creditors." *Picard v. ABN AMRO Bank (Ir.), Ltd.*, 650 B.R. 24, 38 (Bankr. S.D.N.Y. 2023) (citation omitted). "[T]he Ponzi scheme

5

presumption remains the law of this Circuit." *Picard v. First Gulf Bank (In re Madoff)*, Adv. Pro. No. 11-02541 (CGM), 2022 WL 3354955, at *10 (Bankr. S.D.N.Y. July 18, 2022).

As this Court has repeatedly held, the Trustee may rely on the Ponzi scheme presumption to show BLMIS's actual intent to hinder, delay, or defraud creditors. *See, e.g.*, *ABN AMRO*, 650 B.R. at 39 ("That BLMIS operated as a Ponzi scheme is well-established and the Court relies on earlier findings of same and holds that the Trustee has met its burden of pleading BLMIS' actual intent on this issue.") (citations omitted). Here, as in other adversary proceedings, the allegations in the Complaint regarding the BLMIS Ponzi scheme, (*see* Compl. ¶¶ 26–58), suffice to plead the avoidability of the relevant transfers. *See, e.g.*, *ABN AMRO*, 650 B.R. at 38 (noting application of the Ponzi scheme presumption "makes perfect sense" to show the avoidability of transfers). Indeed, this Court already held in the *Legacy Adversary Proceeding* (in which the BNP Transfers were avoided) that "the Trustee has established that there is no genuine disputed issue of fact that BLMIS was a Ponzi scheme" and thus, the Trustee was "entitled to rely on the Ponzi scheme presumption." *See* Ponzi Scheme Order at 16, *Legacy Adversary Proceeding*, ECF No. 221

Independent of the Ponzi scheme presumption, and contrary to Defendant's bald assertion otherwise, (Mot. at 5–6), the Complaint also alleges BLMIS's fraudulent intent through multiple "badges of fraud" sufficient to satisfy Rule 9(b).[2] (*See* Compl. ¶¶ 26–58.) These badges of fraud include, *inter alia*, BLMIS (i) commingling customer funds and using them to pay other customers instead of purchasing securities (*id*. ¶ 38); (ii) filing false audit and SEC reports (*id*. ¶¶ 30-31, 36); (iii) having no legitimate business operations (*id*. ¶¶ 33–34); and (iv) being insolvent at all relevant times (*id*. ¶ 58). This Court and the District Court have found that such allegations sufficiently

---

[2] Defendant's citation to *Sharp Int'l Corp. v. State St. Bank & Tr. Co. (In re Sharp Int'l Corp.)*, 403 F.3d 43, 56 (2d Cir. 2005) on this point, Mot. at 7, is misplaced because, as the Second Circuit has ruled, that case involved a bankruptcy liquidation, not a SIPA liquidation. *See Picard v. Gettinger (In re BLMIS)*, 976 F.3d 184, 200–01 (2d Cir. 2020).

6

demonstrate BLMIS's actual fraudulent intent under Section 548(a)(1)(A). *See ABN AMRO*, 650 B.R. at 39–40; *Picard v. JABA Assocs. LP*, 528 F. Supp. 3d 219, 236–38 (S.D.N.Y. 2021).

The Trustee has established the avoidability of the transfers from BLMIS to Defendant.

## II. THE TRUSTEE'S CLAIMS ARE NOT BARRED BY SECTION 546(e)

Contrary to Defendant's arguments (*see* Mot. at 7–11), section 546(e) does not bar the Trustee's claims to avoid and recover the initial transfers alleged in the Complaint. All transfers Defendant received within two years of the filing date are avoidable—and have been avoided—under section 548(a)(1)(A). *See* 11 U.S.C. § 546(e) (barring avoidance of initial transfers that meet certain conditions, "except under section 548(a)(1)(A) of this title"); *see also* 11 U.S.C. § 548(a)(1)(A) (permitting avoidance of transfers made with fraudulent intent within two years of the filing date); *see also* Final Judgment, *Legacy Adversary Proceeding*, ECF No. 230 ("the Legacy Transfers are avoidable and avoided under § 548(a)(1)(A) and recoverable from Legacy Capital under § 550(a) of the Bankruptcy Code."). By its plain terms, Section 546(e) does not apply here.[3]

## CONCLUSION

For the foregoing reasons, the Trustee respectfully requests that the Court deny Defendant's Motion in its entirety.

---

[3] Regardless, the Trustee does not concede that that any transfer was made "in connection with a securities contract," was a "settlement payment," or was made by or to a covered entity under Section 546(e).

7

| | |
|---|---|
| Dated: September 22, 2023<br>New York, New York | */s/ David J. Sheehan*<br>**Baker & Hostetler LLP**<br>45 Rockefeller Plaza<br>New York, New York 10111<br>Telephone: (212) 589-4200<br>Facsimile: (212) 589-4201<br>David J. Sheehan<br>Email: dsheehan@bakerlaw.com<br>Oren J. Warshavsky<br>Email: owarshavsky@bakerlaw.com<br>Jason S. Oliver<br>Email: joliver@bakerlaw.com<br>Tatiana Markel<br>Email: tmarkel@bakerlaw.com<br>Carrie A. Longstaff<br>Email: clongstaff@bakerlaw.com<br>Peter B. Shapiro<br>Email: pshapiro@bakerlaw.com<br>Jessica H. Fernandez<br>Email: jfernandez@bakerlaw.com<br><br>*Attorneys for Plaintiff Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Chapter 7 Estate of Bernard L. Madoff* |

8