**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>    Plaintiff-Applicant,<br><br>  v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>    Defendant. | No. 08-01789 (CGM)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br>BERNARD L. MADOFF,<br><br>    Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff,<br><br>    Plaintiff,<br><br>  v.<br><br>INTELIGO BANK LTD., f/k/a BLUBANK LTD.,<br><br>    Defendant. | Adv. Pro. No. 11-02763 (CGM) |

**CASE MANAGEMENT PLAN**

  Plaintiff Irving H. Picard, as trustee (the "Trustee") for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC under the Securities Investor Protection Act, 15 U.S.C. § 78aaa-*lll*, and the Chapter 7 estate of Bernard L. Madoff and defendant Inteligo ("Defendant" together with the Trustee, the "Parties"), by and through their undersigned counsel, hereby submit the following Case Management Plan pursuant to Rules 16

and 26 of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable under Rules 7016 and 7026 of the Federal Rules of Bankruptcy Procedure.

1. Relevant Procedural History

    a. On October 6, 2011, the Trustee initiated the above-captioned adversary proceeding in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") by filing a complaint against Inteligo. *Picard v. Inteligo Bank f/k/a Blubank*, Adv. Pro. No. 11-02763, ECF No. 1.

    b. On June 27, 2022, Inteligo filed a Motion to Dismiss the complaint. *Picard v. Inteligo Bank f/k/a Blubank*, Adv. Pro. No. 11-02763, ECF No. 116.

    c. On December 20, 2022, the Motion to Dismiss was denied. *Picard v. Inteligo Bank f/k/a Blubank*, Adv. Pro. No. 11-02763, ECF No. 136; *see also* ECF Nos. 131, 135.

    d. On February 10, 2023, Inteligo filed its Answer and Affirmative Defenses. *Picard v. Inteligo Bank f/k/a Blubank*, Adv. Pro. No. 11-02763, ECF No. 138.

2. Fact Discovery Plan

    a. Fact Discovery Cut-Off. Unless otherwise agreed to by the Parties or ordered by the Bankruptcy Court, all fact discovery is to be completed by December 15, 2025 (the "Discovery Cut-Off Date").

    b. Initial Disclosures. The Parties do not propose any changes in the form or requirements for disclosures under Federal Rule 26(a). The Parties agree that they shall serve Initial Disclosures as required under Federal Rule 26 on or before 75 days after the Court's entry of an order approving this Case Management Plan.

    c. Subjects on Which Discovery May Be Needed. The Parties contemplate that fact and expert discovery will be needed on all asserted claims and defenses.

2

    d.  <u>Foreign Discovery</u>. The Trustee anticipates the need for discovery located outside of the United States, including individuals and entities that may have been affiliated with Defendant. Unless otherwise agreed to by the Parties, to obtain discovery from these individuals and entities, the Trustee will comply with the relevant discovery rules of the applicable jurisdiction, which may include the Hague Convention ("Convention") on the Taking of Evidence Abroad in Civil or Commercial Matters, and/or any other internationally recognized means of obtaining cross-border discovery, including but not limited to, letters rogatory (collectively, "International Discovery"). To the extent the Parties avail themselves of International Discovery procedures, they will not be deemed to have waived, prejudiced, or otherwise altered their rights to conduct discovery under the Federal Rules, the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), or other applicable domestic rules. To the extent that responses to International Discovery are not received by the Discovery Cut-Off Date, the Parties may individually or jointly seek reasonable extensions of the deadlines set forth herein, without prejudice to the rights of any Party to oppose such a request made by an adverse Party. The Parties reserve all rights and do not waive arguments concerning the manner in which discovery should be conducted with respect to any current employees, agents or representatives of Defendant.

    e.  <u>Form of Certain Discovery</u>. The Trustee intends to utilize one or more electronic data rooms to affirmatively make available millions of documents related to the Trustee's claims. The Trustee may utilize these data rooms in a manner consistent with previous orders entered by the Court and the Trustee's use of such data rooms will be governed by all applicable orders and rules. Defendant reserves all rights under the Federal Rules, the Local Bankruptcy Rules, and other Court rules to seek discovery from the Trustee by other means,

including the right to seek hard copy documents or documents not available in the electronic data rooms.

   f.  <u>Document Requests</u>. The Parties may serve requests for documents at least 60 days before the Fact Discovery Cut-Off Date.

   g.  <u>Interrogatories</u>. The Parties may serve Interrogatories in accordance with the rules and limitations articulated in Local Rule 7033-1, provided they are served at least 60 days before the Fact Discovery Cut-Off Date.

   h.  <u>Requests for Admission</u>. The Parties may serve Requests for Admission, provided they are served at least 60 days before the Fact Discovery Cut-Off Date.

   i.  <u>Limitations on Discovery</u>.  Limitations on written discovery will be governed by the Federal Rules made applicable to this adversary proceeding by the Federal Rules of Bankruptcy Procedure, and the Local Rules. The Parties may agree on certain limitations or expansions on discovery or may file an application for good cause.

   j.  <u>Inadvertent Production of Privileged Materials</u>.  The Parties acknowledge that the inadvertent production of privileged or work product protected documents is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained in this paragraph is intended to or shall serve to limit a Party's right to conduct a review of documents, including electronically stored information, for relevance, responsiveness, and/or privileged and/or protected status.

   k.  <u>Depositions</u>.

     (i)  All depositions of fact witnesses must be completed by the Fact Discovery Cut-Off Date. Depositions shall proceed concurrently, with no Party having priority.

(ii)     The Parties will endeavor to conclude depositions within the seven (7) hours provided by Federal Rule 30(d)(1), although the Parties acknowledge (a) that there may be certain depositions of fact witnesses with knowledge of issues common to more than one avoidance or recovery action related to case No. 08-01789 ("Avoidance Action") that cannot be concluded within this time limit, and (b) agree to extend this time limit to accommodate for the use of interpreters for witnesses that require them. The Parties will attempt in good faith to agree to reasonable extensions of the seven (7) hour time limit as appropriate and failing agreement either Party may apply for an extension of this time limit.

(iii)     To the extent the deposition of any fact witness raises common issues relevant to more than one Avoidance Action, in which initial disclosures have been made and fact discovery has not closed, the Parties shall, to the extent possible, coordinate such depositions with the witness and defendants in such Avoidance Actions to maximize efficiency to the extent reasonably practicable. The Parties shall confer in good faith and shall provide notice of such depositions under the Federal Rules including the date, time and location of any such depositions, to all relevant parties.

(iv)     In a coordinated deposition, the limitations set forth in Federal Rule 30(d)(1) shall not necessarily apply, and the parties shall undertake to agree on an appropriate duration for the deposition. Such depositions shall not prejudice or preclude the Trustee from additional depositions of such witness in Avoidance Actions in which initial disclosures have not been made and discovery is not open. The Parties acknowledge that the number of people with knowledge may result in the need to conduct depositions that exceed the number set out in Federal Rule of Civil Procedure 30(a)(2)(A)(i). The Parties agree that they will attempt in good faith to agree to a number of additional depositions if a Party believes such additional depositions are needed and, failing agreement, either Party may apply for an adjustment to the number of depositions.

(v)     Depositions of Irving H. Picard himself are prohibited absent an order issued by this Court upon a showing of good cause.

(vi)     Nothing contained in this Case Management Plan shall be deemed or construed to be a waiver of any Party's right to object to the taking of the deposition of a particular witness, or abridge, limit or modify any rights that a foreign witness has under the applicable law of the relevant foreign jurisdiction.

3. <u>Expert Discovery</u>. The Parties agree to meet and confer in good faith within 30 days prior to the Fact Discovery Cut-Off Date on the need for and timing for completion of expert discovery. The Parties further agree to submit a proposed Amended Case Management Plan that addresses Expert Discovery in this action prior to the Fact Discovery Cut-Off Date.

4. <u>Manner of Production of Discovery Materials</u>. The Parties may produce discovery, including initial disclosures, on a CD-ROM, in an electronic data room, or other similar electronic format. Given the volume of documentation that may be subject to disclosure in this matter, the Parties may produce a summary report, such as an expert report, and provide access to the underlying documentation on which the summary report relies in an electronic data room or other medium for review by the Parties. Information and documents produced or made available electronically shall, to the extent reasonably feasible:

    a.    be text searchable;

    b.    provide data and image load files necessary to review the documents on search platforms (e.g., Summation, Concordance, Relativity) upon request of either Party;

    c.    provide any system-created or non-privileged captured objective metadata, such as date fields, author fields, custodian fields, path to native file, etc.;

    d.    be organized, such as by date, custodian, or subject matter, as maintained in the ordinary course of business or (in the case of information obtained by the Trustee from third parties) as organized by the Trustee;

    e.    provide additional formats of production, metadata, or native documents if requested by either Party.

The Parties shall meet and confer first in a good faith attempt to resolve any dispute, or thereafter comply with Local Rule 7007-1 to resolve the dispute.

5. <u>Confidentiality</u>. The Litigation Protective Order (ECF No. 4137) entered in *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec., LLC (In re Bernard L. Madoff Inv. Sec., LLC)*,

No. 08-01789 (CGM) on June 6, 2011, as modified by the Order Modifying the June 6, 2011 Litigation Protective Order (ECF No. 5474) (the "LPO"), shall govern the disclosure of confidential information in this proceeding.

6. <u>Proposed Modifications of Standard Pretrial Proceedings Due to the Special Nature of the Action</u>. The Parties do not presently believe that any such modifications are appropriate or necessary and will contact the Court if their belief in this regard changes.

7. <u>Prospects for Settlement Including Whether a Settlement Conference Should Be Scheduled</u>. The Parties are willing to discuss settlement and will do so as this proceeding moves forward. They believe that it would be premature to schedule a settlement conference at this time.

8. <u>Discovery Arbitrator</u>. The Parties may agree in writing to the use of a Discovery Arbitrator to resolve discovery disputes that they are unable to resolve by meeting and conferring, as provided in the Order Appointing A Discovery Arbitrator Pursuant to Bankruptcy Rule 9019(c) and General Order M-390 (ECF No. 14227) entered in *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec., LLC (In re Bernard L. Madoff Inv. Sec., LLC)*, No. 08-01789 (CGM) on October 4, 2016 ("Discovery Order"), as that Discovery Order may be amended by the Court.

9. <u>Trial</u>. The Parties propose that they will confer with each other and the Court at the conclusion of all discovery to schedule a final pretrial conference and trial date.

10. <u>Parties and Counsel</u>. The following Parties join in this case management plan through their counsel.

**BAKER & HOSTETLER LLP**

By: */s/ Amy E. Vanderwal*
45 Rockefeller Plaza
New York, New York 10111
Telephone: 212.589.4200
Facsimile: 212.589.4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Amy E. Vanderwal
Email: avanderwal@bakerlaw.com
Stephanie A. Ackerman
Email: sackerman@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff*

**WINDELS MARX LANE & MITTENDORF, LLP**

156 West 56th Street
New York, New York 10019
Telephone: 212.237.1000
Facsimile: 212.589.4201
Howard L. Simon
Email: hsimon@windelsmarx.com

*Special Counsel to Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff*

**FRESHFIELDS BRUCKHAUS DERINGER US LLP**

By: */s/ Heather Lamberg*
Heather Lamberg
700 13th St NW
Washington, D.C. 20005
Telephone: (202) 277-4797
Email: heather.lamberg@freshfields.com

*Attorneys for Defendant Inteligo Bank Ltd.*

**Dated: September 25, 2023**
**Poughkeepsie, New York**



**/s/ Cecelia G. Morris**
_____
**Hon. Cecelia G. Morris**
**U.S. Bankruptcy Judge**