KATTEN MUCHIN ROSENMAN LLP
50 Rockefeller Plaza
New York, New York 10020
(212) 940-8800

Hearing Date:____

*Attorneys for Defendants:*
*Access International Advisors LLC,*
*Access International Advisors Ltd.,*
*Access Management Luxembourg SA,*
*Access Partners SA, Patrick Littaye,*
*Claudine Magon de la Villehuchet, and*
*Groupement Financier Ltd.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, )<br>Plaintiff-Applicant, )<br>v. )<br>BERNARD L. MADOFF INVESTMENT SECURITIES, LLC, )<br>Defendant. ) | **Adv. Pro. No. 08-1789 (CGM)**<br><br>**SIPA Liquidation**<br>**(Substantively Consolidated)** |
| In re: )<br>)<br>BERNARD L. MADOFF, )<br>)<br>Debtor. ) | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UBS AG, UBS EUROPE SE (f/k/a UBS (LUXEMBOURG) SA), UBS FUND SERVICES (LUXEMBOURG) SA, UBS THIRD PARTY MANAGEMENT COMPANY SA, ACCESS INTERNATIONAL ADVISORS LLC, ACCESS INTERNATIONAL ADVISORS LTD., ACCESS MANAGEMENT LUXEMBOURG SA (f/k/a ACCESS INTERNATIONAL ADVISORS ) | **Adv. Pro. No. 10-04285 (CGM)** |

(LUXEMBOURG) SA) as represented by )
its Liquidator MAÎTRE FERNAND )
ENTRINGER, ACCESS PARTNERS SA )
as represented by its Liquidator MAÎTRE )
FERNAND ENTRINGER, PATRICK )
LITTAYE, CLAUDINE MAGON DE LA )
VILLEHUCHET (a/k/a CLAUDINE DE )
LA VILLEHUCHET) in her capacity as )
Executrix under the Will of THIERRY )
MAGON DE LA VILLEHUCHET (a/k/a )
RENE THIERRY DE LA )
VILLEHUCHET), CLAUDINE MAGON )
DE LA VILLEHUCHET (a/k/a )
CLAUDINE DE LA VILLEHUCHET) )
individually as the sole beneficiary under )
the Will of THIERRY MAGON DE LA )
VILLEHUCHET (a/k/a RENE THIERRY )
DE LA VILLEHUCHET), PIERRE )
DELANDMETER, THEODORE )
DUMBAULD, LUXALPHA SICAV as )
represented by its Liquidators MAÎTRE )
ALAIN RUKAVINA and PAUL )
LAPLUME, MAÎTRE ALAIN )
RUKAVINA AND PAUL LAPLUME, in )
their capacities as liquidators and )
representatives of LUXALPHA, )
GROUPEMENT FINANCIER LTD., )
                                                          )
                      Defendants.           )
                                                          )

## MOTION TO WITHDRAW AS COUNSEL FOR ACCESS DEFENDANTS
## PURSUANT TO LOCAL BANKRUPTCY RULE 2090-1(e)

Katten Muchin Rosenman LLP ("**Katten**"), by the undersigned counsel, has been

appearing in this Adversary Proceeding as counsel for defendants Access International Advisors,

LLC ("**Access LLC**"), Access International Advisors, Ltd. ("**Access Ltd.**"), Access Management

(Luxembourg), S.A. (f/k/a Access International Advisors (Luxembourg) S.A.) ("**AML**"), Access

Partners, S.A ("**AP (Lux)**"), Patrick Littaye ("**Littaye**,") and Groupement Financier Ltd.

("**Groupement**," and together with Access LLC, Access Ltd., AML, AP (Lux), and Littaye,

collectively the "**Access Defendants**").  Katten and the undersigned also are counsel for Claudine Magon de la Villehuchet in the capacities[1] ascribed to her in the caption above (the "**CDLV Defendants**") in this adversary proceeding but this motion does not seek relief with regard to the CDLV Defendants.  Katten and the undersigned do respectfully move for entry of an Order granting them leave to withdraw as counsel for the Access Defendants.  In support of said motion we state the following:

1.      In or around January 2009, the undersigned law firm Katten Muchin Rosenman LLP was retained by the Access Defendants and CDLV Defendants in connection with matters arising from the BLMIS Ponzi scheme.  On or about November 23, 2010, the Trustee commenced this adversary proceeding against the Access Defendants, among others.

2.      This case, like many of the BLMIS claw-back cases, has been embroiled in a series of procedural motions, appeals, and stays of epic proportions.  As a result, it was not until February 28, 2023, that the Access Defendants filed an Answer to the Second Amended Complaint.  And, importantly for the purposes of this motion, no post-filing discovery has been commenced.  In fact, it was not until April/May of 2023 that the Trustee sought a Fed. R. Civ. P. 26(f) conference, and not until June 2023 that he circulated a draft Case Management Plan, that, as of this date, is still being negotiated amongst all Defendants.

3.      During discussions with the Access Defendants, Katten was informed that due to lack of funds, the Access Defendants will not pay Katten's past due legal fees and costs, and that they would not pay for any such services in the future.

---

[1] The capacities ascribed in this action to Ms De La Villehuchet are as Executrix under the Will of Thierry De La Villehuchet (a/k/a Rene Thierry De La Villehuchet) and as the sole beneficiary under the Will of Thierry Magon De La Villehuchet (a/k/a Rene Thierry De La Villehuchet).

4. The Access Defendants confirmed their position in writing. On July 12, 2023, Fernand Entringer, on behalf of defendants AML and AP (Lux), and on August 3, 2023, Patrick Littaye on behalf of himself and Access LLC, Access Ltd., and Groupement, confirmed in writing that they would no longer make any payment on behalf of the Access Defendants regarding this action. The undersigned attorneys advised that they would, as a result, seek to withdraw in this proceeding through the instant motion.

5. Katten has advised the Access Defendants that the consequence of their non-payment of fees would be Katten filing the present motion to withdraw. The potential consequences resulting from the granting of this motion were also discussed.

6. The undersigned attorneys advised the Access Defendants that they would not be able to represent the Access Defendants without payment. This is particularly true since the upcoming discovery and other proceedings in this factually complex, multi-defendant, international matter will be extremely expensive and likely lead to charges to the Access Defendants estimated to be in the two-to-four-million-dollar range through trial.

7. We do note that as an accommodation to these clients, Katten has been billing its time at fifty percent (50%) of its standard rates since July 2016. During that period, however, the case was only active in various fits and starts and so Katten was able to absorb the significant discounts. The Access Defendants have indicated that they cannot, and will not, pay Katten's fees even at this reduced rate, including past due amounts.

8. At the time of the filing of this motion, the Access Defendants have unpaid billed fees in the amount of $70,068.38.

9. On August 9, 2023, Katten advised counsel for the Trustee that they intended to file the instant motion.

10.    Withdrawal in this Court is authorized by Local Bankruptcy Rule 2090-1(e) (Admission to Practice; Withdrawal as Attorney of Record) which is an adaptation of S.D.N.Y. Local Civil Rule 1.4. *See, e.g., In re Albert*, 277 B.R. 38, 45 (Bankr. S.D.N.Y. 2002).  The undersigned attorneys submit that Katten has satisfactory reasons for withdrawal under Rule 2090-1(e).  That rule states: "An attorney who has appeared as attorney of record may withdraw or be replaced only by order of the Court for cause shown."  S.D.N.Y Local Civil Rule 1.4 in turn provides:

> "An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. *Such an order may be granted only upon a showing by affidavit or otherwise of <u>satisfactory reasons for withdrawal</u> or displacement and the posture of the case*, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien. All applications to withdraw must be served upon the client and (unless excused by the Court) upon all other parties." (emphasis added).

11.    Whether to grant or deny a motion to withdraw as counsel "falls to the sound discretion of the trial court.'" *Stair v. Calhoun,* 722 F.Supp.2d 258, 264 (E.D.N.Y.2010).  Federal Courts typically analyze two factors: (i) the reasons for withdrawal; and (ii) the impact of the withdrawal on the timing of the proceeding." *Winkfield v. Kirschenbaum & Phillips, P.C.,* No. 12 CIV. 7424 JMF, 2013 WL 371673, at *1 (S.D.N.Y. Jan. 29, 2013).

12.    The reason for withdrawal here is the nonpayment of substantial fees—both past and in the future.  "'It is well-settled that non-payment of fees is a valid basis for the Court to grant counsel's motion to withdraw. . ." *Hallmark Cap. Corp. v. Red Rose Collection, Inc.*, No. 96 CIV.2839, 1997 WL 661146, at *2 (S.D.N.Y. Oct. 21, 1997); *Aveos Fleet Performance Inc. v. Vision Airlines, Inc*., 2013WL 12250347 (N.D.N.Y. Mar. 19, 2013) (granting motion to withdraw where client had stopped paying fees and a sizeable receivable existed); *Stair v. Calhoun*, 722 F.

Supp. 2d 258, 267 (E.D.N.Y. 2010) (withdrawal motion granted where client unable to pay $58,676.85 in legal fees; such failure was "both knowing and substantial in amount and duration").

13.     The New York Rules of Professional Conduct further support this motion to withdraw.  Rule 1.16(c)(5) expressly permits withdrawal where the client deliberately disregards an agreement or obligation to the lawyer as to expenses or fees.  A client deliberately disregards its payment obligations when the payments are not *de minimus* in either amount or duration. NY State Bar Ethics Opinion 598 (1989).  That is the case here.

14.     As to the impact of the withdrawal on the timing of this proceeding, courts have typically considered whether "the prosecution of the suit is [likely to be] disrupted by the withdrawal of counsel." *Whiting v. Lacara*, 187 F.3d 317, 320–21 (2d Cir. 1999).

15.     In weighing the impact of the withdrawal on the proceeding, courts consider the "immediacy and degree of potential harm—whether to the client, the lawyer or the judicial system—from the continuation of the representation ... together with the impact that the grant of the motion to withdraw would have on the progress of the case." *Szulik v. Tag V.I.*, Inc., No. 12 Civ. 1827(PKC), 2013 WL 6009945, at *1 (S.D.N.Y. Nov. 13, 2013).

16.     "Where discovery in a case has not yet closed and the case is not 'on the verge of trial readiness,' prejudice is unlikely to be found". *Winkfield v. Kirschenbaum & Phillips, P.C.*, No. 12 CIV. 7424 JMF, 2013 WL 371673, at *1 (S.D.N.Y. Jan. 29, 2013).

17.     Here, discovery has not even commenced, and the withdrawal will not prejudice any party here.  In fact, under the proposed Case Management Plan, fact discovery will not be completed for over 2 years, and expert discovery, which will not even be scheduled until after the close of fact discovery, will likely not be completed for many months after that.

18.    WHEREFORE, the Access Defendants' undersigned attorneys, and the law offices of Katten Muchin Rosenman LLP respectfully request that the Court grant this Motion to Withdraw and be relieved from any further representation of the Defendants in this litigation.

Dated: New York, New York
       September 21, 2023

                                       _____
                                    Anthony L. Paccione

                                    KATTEN MUCHIN ROSENMAN LLP
                                    50 Rockefeller Plaza
                                    New York, NY 10020
                                    Telephone: (212) 940-8800
                                    Facsimile: (212) 940-8776
                                    **Anthony L. Paccione**
                                    Email: anthony.paccione@katten.com
                                    **Brian L. Muldrew**
                                    Email: brian.muldrew@katten.com

                                    *Attorneys for Access International Advisors LLC, Access International Advisors Ltd., Access Management Luxembourg SA, Access Partners SA, Patrick Littaye, and Groupement Financier Ltd.*