# EXHIBIT 16

**CHAITMAN LLP**
Helen Davis Chaitman
hchaitman@chaitmanllp.com
465 Park Avenue
New York, New York 10022
Phone & Fax: 888-759-1114

*Attorneys for Defendant Andrew M. Goodman*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br>              Plaintiff-Applicant,<br>v.<br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br>              Defendant. | Adv. Pro. No. 08-1789 (SMB)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br>BERNARD L. MADOFF,<br>              Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff<br>              Plaintiff,<br>v.<br>ANDREW M. GOODMAN,<br>              Defendant. | Adv. Pro. No. 10-04709 (SMB) |

**DEFENDANT ANDREW M. GOODMAN'S RESPONSES AND OBJECTIONS TO TRUSTEE'S FIRST SET OF INTERROGATORIES**

Defendant, ANDREW M. GOODMAN ("Responding Party"), by and through his undersigned attorneys, and pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Rules 7026 and 7033 of the Federal Rules of Bankruptcy Procedure, and the Local Rules of this

{00021265 2}                                    1

Court, hereby responds and objects to the Trustee's First Set of Interrogatories (the "Requests").

## **GENERAL OBJECTIONS**

1.      Responding Party objects to each instruction, definition, and Request to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2.      Responding Party objects to each instruction, definition, and Request to the extent it is vague, ambiguous, overly broad and unduly burdensome, or requests the production of documents that are not relevant to any parties' claims or defenses.

3.      Responding Party objects to the Requests to the extent they request disclosure of (i) legal theories, legal opinions, mental impressions or other information of Responding Parties' counsel, (ii) any information protected by any privilege, including, without limitation, the attorney-client privilege or the privilege afforded to settlements or settlement negotiations, or (iii) any other available and valid grounds for withholding information or documents from production, including, without limitation, the attorney work product doctrine.  Nothing contained in these responses should be interpreted as a waiver of any such privilege or doctrine.

4.      Responding Party objects to the Requests to the extent they require production of documents not within the possession, custody, or control of the Responding Party.

5.      Responding Party objects to the Requests to the extent they call for legal conclusions.

6.      Responding Party objects to the Requests to the extent they seek disclosure of proprietary and/or confidential information.

7.      Responding Party objects to each definition, instruction, and Request as overbroad and unduly burdensome to the extent it seeks documents that are readily or more accessible to the

{00021265 2 }                                                  2

Propounding Party from its own files or documents, which the Propounding Party previously produced to the Responding Party.

8. Responding Party reserves all objections as to the competence, relevance, materiality, admissibility, or privileged status of any information provided in response to these Requests, unless the Responding Party specifically states otherwise.

9. Responding Party's responses to the Requests are based upon information presently available. Responding Party has not completed discovery. Accordingly, these responses are made without prejudice to Responding Party's right to present additional evidence based upon information subsequently obtained or evaluated.

10. Responding Party expressly reserves the right to supplement, clarify, revise, or correct any responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

11. Responding Party's response to each of the Requests is made subject to these General Objections and limitations. Responding Party sets them out here to avoid repeating them in response to each individual Request. Responding Party's failure to specifically set forth an objection in response to a particular Request shall not be construed as a waiver of said objection.

12. Responding Party objects to the Requests to the extent that they seek disclosure of information or production of documents which are outside of the "Applicable Period" or for a time period that has no relevance to the issues in the complaint and answer.

## RESPONSES AND OBJECTIONS

1. Identify the reasons for each Transfer.

**ANSWER: Responding Party is unable to do so except to the extent that withdrawals were taken to pay applicable state and federal taxes on the reported short term capital gains in the Account and for the Responding Party's support.**

{00021265 2 }                                                     3

2. Identify the reasons for each Subsequent Transfer.

**ANSWER: Responding Party refuses to answer this interrogatory because it is improper and it is unethical for the Trustee to be seeking information concerning subsequent transfers.**

3. Identify each deposit into the Account.

**ANSWER: Responding Party is unable to do so. To the extent that the Trustee has reliable third party documents proving a deposit (such as Madoff's bank records), Responding Party will acknowledge that deposit. However, as the Trustee has admitted, Madoff's records are permeated with fraud and, therefore, they cannot be relied upon to prove any deposits. Moreover, the Trustee has admitted he has no bank records prior to December 1998. Hence, he has no competent evidence of any activity in the account prior to December 1998.**

4. Identify each Person with knowledge of any Transfer, the circumstances under which each Person obtained such knowledge, and the substance of that Person's knowledge.

**ANSWER: Annette Bongiorno; Bernard L. Madoff, and possibly other Madoff employees. To the extent this interrogatory seeks information about subsequent transferees, the interrogatory is improper and it is unethical for the Trustee to be seeking this information.**

5. Identify: (a) each Person or entity that ever received funds withdrawn from the Account, whether directly or indirectly; (b) the amount of money that each such Person or entity received; and (c) the date(s) on which each Person or entity received such money.

**ANSWER: Responding Party is unable to do so. To the extent this interrogatory seeks information about subsequent transferees, the interrogatory is improper and it is unethical for the Trustee to be seeking this information. Responding**

{00021265 2}    4

**Party was the direct recipient of each transfer except for withdrawals needed to pay applicable state and federal taxes on the reported short term capital gains in the Account.**

6. Identify all Persons who benefited from any Transfer, including, but not limited to, Persons who received or enjoyed the benefit of anything paid for with any funds that were part of any Transfer, and describe how these Persons benefited.

**ANSWER: Responding Party is unable to do so. To the extent this interrogatory seeks information about subsequent transferees, the interrogatory is improper and it is unethical for the Trustee to be seeking this information in order to frame a complaint against subsequent transferees.**

7. To the extent not already provided in Your responses to the preceding Interrogatories, state how You used any money You received from the Transfers.

**ANSWER: Responding Party paid both state and federal taxes based on short term capital gains rates on the reported fictitious appreciation in the Account. The balance of the funds were used for the Responding Party's support.**

8. Identify any and all banks and/or financial institutions, including but not limited to Wells Fargo Bank, where You hold or have held accounts during the Applicable Period, and for each account, give the account number, the date the account was opened, and the date the account was closed.

**ANSWER: Responding Party acknowledges the deposits and withdrawals reflected on Exhibit B to the complaint for the period from December 11, 2006 on. Therefore, the Trustee has no legitimate interest in any bank information covering this period of time and seeks information for the improper purpose of taking discovery to frame a complaint against subsequent transferees. The Trustee has the information as to the institution to which funds**

{00021265 2 }                                   5

**were transferred by Madoff. He is not entitled to any further information and seeks such information for an illegal purpose.**

9. Identify any instance when You communicated to BLMIS any disagreement with respect to the accuracy of the deposits reflected on the customer statements.

**ANSWER:    Responding Party cannot, at this time, recall these instances except to say that they did occur.**

10. Identify any instance when You communicated to BLMIS any disagreement with respect to the accuracy of the withdrawals reflected on the customer statements.

**ANSWER:    See answer to Interrogatory #9.**

11. Regarding the sixteenth affirmative defense in Your Answer to the Complaint, describe the factual basis for Your claim that the "Defendant is entitled to setoff, recoupment, and/or equitable adjustment because each year Defendant was required to pay taxes on the fictitious profits reported on, among other things, IRS Form 1099 and other information reported by BLMIS or Madoff to the Internal Revenue Service, state and/or local governmental taxing authorities," including, but not limited to, the amount paid in taxes on reported fictitious profits, by year, the taxing authority to which they were paid and the amount of the reported income from which the tax obligations arose.

**ANSWER:    The defense concerning payment of short term capital gains taxes is based upon the Responding Party's, payment of the applicable taxes for each year of the Account on the reported income as reflected in Madoff's statements which are in the Trustee's possession.**

12. Regarding the twentieth affirmative defense in Your Answer to the Complaint, describe the factual basis for Your claim that the "Trustee has fraudulently calculated Defendant's liability by charging Defendant with withdrawals that the

{00021265 2}                                                6

Trustee has no proof were taken," including, but not limited to, Identifying the withdrawals You contend are at issue by date and amount.

**ANSWER: This affirmative defense relates to the fact that the Trustee has no reliable records prior to December 1998.**

13. Regarding the twenty-seventh affirmative defense in Your Answer to the Complaint, describe the factual basis for Your claim that the "Trustee's claims are barred in whole or part for failure to properly credit inter-account transfers, profit withdrawals, and other adjustments," including, but not limited to, Identifying the inter-account transfers, profit withdrawals and other adjustments you contend were not properly credited, the amounts you contend should be credited and all Documents supporting your contention.

**ANSWER:    See answer to Interrogatory #12.**

14. Regarding the thirty-seventh affirmative defense in Your Answer to the Complaint, describe the factual basis for Your claim that the "withdrawals that the Trustee seeks to recover were legally compelled under State and federal securities laws," including Identifying the withdrawals that You contend were legally compelled by date and amount, the law, statute, regulation or other legal provision under which each was compelled, and all Documents supporting your contention.

**ANSWER:    See answer to Interrogatory #11.**

15. Regarding the forty-sixth affirmative defense in Your Answer to the Complaint, describe the factual basis for Your claim that "Trustee's claims are barred in whole or part for failure to properly credit Defendant with all of Defendant's deposits," including Identifying the deposits that You contend were not properly credited by date and amount, the amounts you contend should be credited, and all Documents supporting your contention.

{00021265 2 }                                        7

**ANSWER:    See answer to Interrogatories #12 and #13.**

16. Identify any Person with knowledge of information relevant to this Adversary Proceeding who may be in possession of any Documents or other information Concerning any Transfers, deposits, or other Account activity, including but not limited to Wells Fargo Bank, Melvin Marder, CPA, and any other banks, financial advisors, accountants, auditors, securities brokers, and/or other financial professionals. For every Person You Identity, please provide their name, address, telephone number, the circumstances under which each Person obtained such knowledge and the substance of that Person's knowledge.

**ANSWER: Annette Bongiorno; Bernard L. Madoff, and possibly other Madoff employees. To the extent this interrogatory seeks information about subsequent transferees, the interrogatory is improper and it is unethical for the Trustee to be seeking this information in order to frame a complaint.**

17. To the extent not already provided in Your responses to other written discovery, Identify by category, general description, custodian and location, all relevant documents, electronically stored information, and other physical evidence in Your possession, custody or control.

**ANSWER:    Responding Party has no such documents and does not know of any other person who has such documents, other than the Trustee.**

18. Identify whether You requested a refund, including but not limited to any theft loss refund, of any state or federal taxes paid in connection with the Accounts and whether any refund was received. In so doing, provide the date(s) when You applied for the refund(s), received refund(s) and the amount(s) of such refund(s).

{00021265 2 }                                                  8

**ANSWER:** Responding Party requested and received a refund of federal income taxes paid on fictitious profits during the period from 2003 – 2007. Evidence of such refund will be produced.

19. Identify steps You have taken to preserve Documents Concerning the Account pursuant to the preservation letters sent to Your counsel on February 14, 2011, July 21, 2014, and February 23, 2016.

**ANSWER:** Responding Party has not disposed of any documents since February 14, 2011.

August 10, 2016

                          **CHAITMAN LLP**
                          By: /s/ *Helen Davis Chaitman*
                          465 Park Avenue
                          New York, New York 10022
                          Phone & Fax: 888-759-1114
                          hchaitman@chaitmanllp.com

                          *Attorneys for Defendant Andrew M. Goodman*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES INVESTOR PROTECTION CORPORATION,

    Plaintiff-Applicant,

v.

BERNARD L. MADOFF INVESTMENT SECURITIES LLC,

    Defendant.

No. 08-1789 (SMB)
SIPA LIQUIDATION
(Substantively Consolidated)

In re:
BERNARD L. MADOFF,

    Debtor.

IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff,

    Plaintiff,

v.

ANDREW M. GOODMAN,

    Defendant.

Adv. Pro. No. 10-04709 (SMB)

VERIFICATION

I, ANDREW M. GOODMAN, declare pursuant to 28 U.S.C. § 1746, that I have read the foregoing interrogatory answers and that the responses contained therein are true and correct to the best of my knowledge, information and belief. I understand that if any of these responses are found to be willfully false, I am subject to punishment.

8-10, 2016

*Andrew M. Goodman*
ANDREW M. GOODMAN

## CERTIFICATE OF SERVICE

      I hereby certify that a true and accurate copy of the foregoing was served this 10th day of August, 2016 by electronic and First Class mail upon the following:

Baker & Hostetler LLP
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Nicholas J. Cremona
Email: ncremona@bakerlaw.com

Of Counsel:
Baker & Hostetler LLP
811 Main, Suite 1100
Houston, Texas 77002-6111
Telephone: (713) 751-1600
Facsimile: (713) 751-1717
Dean D. Hunt, Esq.
Email: dhunt@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

                **CHAITMAN LLP**
                By: /s/ *Helen Davis Chaitman*
                465 Park Avenue
                New York, New York 10022
                Phone & Fax: 888-759-1114
                hchaitman@chaitmanllp.com

                *Attorneys for Defendant Andrew M. Goodman*