BOIES SCHILLER FLEXNER LLP
55 Hudson Yards
New York, NY 10001
Tel: (212) 446-2300

*Attorneys for Defendant ZCM Asset Holding Company (Bermuda) Limited*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (CGM) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 12-01512 (CGM) |
| Plaintiff, | |
| v. | |
| ZCM ASSET HOLDING COMPANY (BERMUDA) LIMITED, | |
| Defendant. | |

**ZCM ASSET HOLDING COMPANY (BERMUDA) LIMITED'S**
**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO**
**DISMISS THE COMPLAINT AS AMENDED BY STIPULATION**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................... 1

ARGUMENT ........................................................................................................................ 2

    I.    THE AMENDED COMPLAINT DOES NOT COMPLY WITH RULE
        8(a)(2). ....................................................................................................................2

    II.    THE AMENDED COMPLAINT DOES NOT ALLEGE THAT ZCM
        EXERCISED THE REQUISITE "DOMINION AND CONTROL" OVER THE
        ALLEGED TRANSFERS.. .....................................................................................4

    III.    THE TRUSTEE'S CLAIM IS BARRED BY THE SECTION 546(e) SAFE
         HARBOR.................................................................................................................6

    IV.    THE AMENDED COMPLAINT FAILS TO PLAUSIBLY ALLEGE
        THAT ZCM RECEIVED BLMIS CUSTOMER PROPERTY. ............................8

    V.    THE AMENDED COMPLAINT ESTABLISHES THAT ZCM IS
        ENTITLED TO THE GOOD FAITH DEFENSE UNDER SECTION
        550(b)....................................................................................................................14

        A.    ZCM Received the Alleged Transfers for Value. ..................................... 14

        B.    The Amended Complaint Establishes that the Trustee Cannot Meet the
            *Citibank* Standard and Therefore ZCM is Entitled to the Application of
            the Good Faith Defense Under Section 550(b)......................................... 16

CONCLUSION..................................................................................................................... 17

# TABLE OF AUTHORITIES

**Cases**                                                                                                    **Page(s)**

*45 John Lofts, LLC v. Meridian Cap. Grp. LLC* (*In re 45 John Lofts, LLC*),
    599 B.R. 730 (Bankr. S.D.N.Y. 2019) ................................................ 10

*Am. Casein Co. v. Geiger* (*In re Geiger*),
    446 B.R. 670 (Bankr. E.D. Pa. 2010) ................................................. 3

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................ 9, 14

*Christian Bros. High School Endowment v. Bayou No Leverage Fund, LLC* (*In re Bayou Group, LLC*),
    439 B.R. 284 (S.D.N.Y. 2010) ...................................................... 15

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ............................................................... 5, 14

*CNB Int'l Inc. v. Kelleher* (*In re CNB Int'l, Inc.*),
    393 B.R. 306 (Bankr. W.D.N.Y. 2008) ........................................... 11, 12

*Deutsch v. JPMorgan Chase & Co.*,
    No. 18-CV-11655 (VSB), 2019 WL 4805689 (S.D.N.Y. Sept. 30, 2019) ............... 6, 7

*Edmondson v. RCI Hosp. Holdings, Inc.*,
    No. 16-CV-2242 (VEC), 2020 WL 1503452 (S.D.N.Y. Mar. 30, 2020) ................. 13

*First Nat'l Bank of Barnesville v. Rafoth* (*In re Baker & Getty Fin. Servs., Inc.*),
    974 F.2d 712 (6th Cir. 1992) ...................................................... 11

*Morrison v. Office of the U.S. Trustee* (*In re Morrison*),
    375 B.R. 179 (Bankr. W.D. Pa. 2007) ............................................... 3

*Pani v. Empire Blue Cross Blue Shield*,
    152 F.3d 67 (2d Cir. 1998) ........................................................ 5

*Picard v. ABN AMRO Bank N.A.* (*In re Bernard L. Madoff*),
    Adv. Pro. No. 08-01789 (SMB), 2020 WL 1584491 (Bankr. S.D.N.Y. Mar 31, 2020) ..... 14, 15

*Picard v. Avellino* (*In re BLMIS*),
    557 B.R. 89 (Bankr. S.D.N.Y. 2016) ............................................... 17

*Picard v. Charles Ellerin Revocable Tr.* (*In re BLMIS*),
    Adv. Pro. No. 08-01789 (BRL), 2012 WL 892514 (Bankr. S.D.N.Y. Mar. 14, 2012) ...... 9

*Picard v. Citibank, N.A.* (*In re Bernard L. Madoff Inv. Sec. LLC*),
    12 F.4th 171 (2d Cir. 2021) ........................................................................ 6, 14, 16

*Picard v. Cohmad Sec. Corp.* (*In re BLMIS*),
    454 B.R. 317 (Bankr. S.D.N.Y. 2011) .................................................................. 10

*Picard v. Fairfield Inv. Fund Ltd. et al.* (*In re BLMIS*),
    Adv. Pro. No. 08-01789 (CGM), 2021 WL 3477479 (Bankr. S.D.N.Y. Aug. 6, 2021) .......... 12

*Picard v. Fairfield Sentry Ltd.*,
    Adv. Pro. No. 09-1239 (Bankr. S.D.N.Y.) ............................................................. 3

*Picard v. Ida Fishman Revocable Trust* (*In re Bernard L. Madoff Inv. Sec. LLC*),
    773 F.3d 411 (2d Cir. 2014) ............................................................................ 8

*Picard v. Koch Indust., Inc.* (*In re BLMIS*),
    No. 23-cv-0294 (VEC), 2023 WL 3317926 (S.D.N.Y. May 9, 2023) ...................................... 7

*Picard v. Lloyds TSB Bank PLC*,
    Adv. Pro. No. 08-01789 (CGM), 2022 WL 2390551 (Bankr. S.D.N.Y. June 30, 2022) ............ 7

*Picard v. Merkin* (*In re BLMIS*),
    515 B.R. 117 (Bankr. S.D.N.Y. 2014) ................................................................. 10

*Picard v. Multi-Strategy Fund Ltd.* (*In re BLMIS*),
    No. 22-06502 (JSR), 2022 WL 16647767 (S.D.N.Y. Nov. 3, 2022) ................................... 7, 8

*Picard v. Shapiro* (*In re Madoff*),
    542 B.R. 100 (Bankr. S.D.N.Y. 2015) ............................................................. 8, 9, 10

*Salahuddin v. Cuomo*,
    861 F.2d 40 (2d Cir. 1988) ................................................................................. 3

*Silverman v. K.E.R.U. Realty Corp.* (*In re Allou Distrib. Inc.*),
    379 B.R. 5 (Bankr. E.D.N.Y. 2007) ...................................................................... 9

*SIPC v. Bernard L. Madoff Investment Sec. LLC* (*In re Madoff Sec.*),
    No. 12 MC 115, 2013 WL 1609154 (S.D.N.Y. Apr. 15, 2013) ........................................... 8

*Standard Chartered Fin. Servs. (Luxembourg) S.A.*,
    No. 23 Civ 992, 2023 WL 5671544 (S.D.N.Y. Sept. 1, 2023) ......................................... 4, 5

**Statutes**

11 U.S.C. § 546(e) ................................................................................... 1, 6, 7, 8

11 U.S.C. § 550(b) .................................................................................... 14, 15, 16

11 U.S.C. § 741(7)(A)..................................................................................................... 6

11 U.S.C. § 741(8) .......................................................................................................... 6

**Rules**

Fed. R. Civ. P. 10........................................................................................................... 2

Fed. R. Civ. P. 8....................................................................................................... 2, 3

**Other Authorities**

Wright & Miller, 5 Federal Practice and Procedure § 1282, at 422 (4th ed. 2021)........................ 2

Defendant ZCM Asset Holding Company (Bermuda) Limited ("ZCM") respectfully submits this reply memorandum of law in further support of its motion ("Motion") to dismiss the Complaint as Amended by Stipulation filed by Plaintiff Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") and the substantially consolidated Estate of Bernard L. Madoff (the "Trustee"), dated June 30, 2023 (ECF No. 103).[1]

## PRELIMINARY STATEMENT

Buoyed by several recent decisions from this Court denying motions to dismiss brought by other subsequent transferee defendants, the Trustee has failed to meaningfully respond to the several meritorious arguments made in ZCM's Motion to Dismiss, each of which provides a separate and independent basis for dismissing the Amended Complaint in this action.

Nothing in the Trustee's Brief in Opposition to ZCM's Motion (ECF No. 107) (hereinafter "Opposition" or "Opp.") can salvage his bare-bones pleading. The Trustee does not dispute that the Amended Complaint does not include a single allegation that ZCM had actual knowledge that Madoff was a fraud. Nor can the Trustee dispute (i) that without incorporating allegations or pleadings outside the Amended Complaint, the Trustee has failed to adequately allege that the initial transfers from Fairfield Sentry were avoided; (ii) that there are no allegations in the Amended Complaint to support a finding that ZCM exercised the requisite "dominion or control" over the transfers at issue; (iii) that the applicability of the safe harbor provision contained in section 546(e) of the Bankruptcy Code is established from the face of the Amended Complaint; (iv) that the Amended Complaint fails to plausibly allege that the transfers at issue were comprised

---

[1] Unless otherwise noted, references to "ECF No. __" refer to Adv. Pro. No. 12-01512 (CGM) (Bankr. S.D.N.Y.); capitalized terms herein shall have the meaning set forth in ZCM Asset Holding Company (Bermuda) Limited's Memorandum of Law in Support of its Motion to Dismiss the Complaint as Amended by Stipulation (ECF No. 103); and references to "Froot Ex. __" refer to the exhibits annexed to the Declaration of Steven Froot, dated June 30, 2023, filed in support of the Motion, ECF No. 104.

of BLMIS customer property; and (v) that the impossibility of the Trustee ever succeeding in establishing the third element of the good faith defense justifies dismissal of the claims against ZCM.

Throughout his Opposition, the Trustee repeatedly makes the sweeping—and incorrect—assertion that several of the bases for dismissal set forth in ZCM's Motion are inappropriate for resolution on a motion to dismiss because these are "fact-specific inquiries." This statement ignores the settled principles that (i) a complaint must state a plausible claim for relief in order to survive a motion to dismiss, and (ii) where the applicability of affirmative defenses is established on the face of the pleading, granting a defendant's motion to dismiss is appropriate.

The Trustee has had more than a decade to plead sufficient facts to withstand a motion to dismiss, and despite taking the opportunity to amend the complaint against ZCM as recently as April 2023, he has failed to do so. Accordingly, the Amended Complaint against ZCM must be dismissed.

## **ARGUMENT**

### I.    **THE AMENDED COMPLAINT DOES NOT COMPLY WITH RULE 8(a)(2).**

The Trustee's Opposition offers no explanation for his failure to plead a "short and plain statement of the claim showing that the pleader is entitled to relief," as required by Federal Rule of Civil Procedure 8(a)(2). Instead, the Trustee relies on Rule 10(c)'s provision that "[a] statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion;" however the Trustee's Amended Complaint attempts not merely to incorporate "a statement in a pleading," but rather to incorporate an entire pleading consisting of 798 paragraphs that was filed in a separate action and that is no longer an operative pleading. (Opp. at 5-7) (citing Fed. R. Civ. P. 10(c)).

Rule 8 is intended to avoid "plac[ing] an unjustified burden on the [Court] and the party who must respond to it because they are forced to ferret out the relevant material from a mass of verbiage." Wright & Miller, 5 Federal Practice and Procedure § 1282, at 422 (4th ed. 2021). When a complaint fails to comply with Rule 8's "short and plain" requirement, the court may "strike any portions that are redundant or immaterial or to dismiss the complaint." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

Where courts have allowed incorporation by reference, it is "always accompanied by the requirement that it be done with a degree of specificity and clarity which would enable a responding party to easily determine the nature and extent of the incorporation." *Morrison v. Office of the U.S. Trustee* (*In re Morrison*), 375 B.R. 179, 193 (Bankr. W.D. Pa. 2007). And when a complaint recklessly incorporates pleadings by reference, the court has the authority to dismiss the complaint for violating Rule 8. *See Am. Casein Co. v. Geiger* (*In re Geiger*), 446 B.R. 670, 679–80 (Bankr. E.D. Pa. 2010) (dismissing complaint for improperly incorporating by reference other pleadings). As the *Geiger* Court reasoned, dismissal was appropriate because the complaint "leaves the reader—the Defendant and the Court—to sift through many pages of attached material trying to figure out which fact goes with which allegation." *Id.* at 680. "Putting together the puzzle of matching the bare-bones allegations with the meat of the attached materials is the job of the Plaintiffs, not of the Debtor or the Court. For this reason alone, the Complaint must be dismissed." *Id.* at 680.

What makes the Trustee's position even more untenable is the fact that he still does not provide any clarity on which complaint from *Picard v. Fairfield Sentry Ltd.*, Adv. Pro. No. 09-1239 (Bankr. S.D.N.Y.), he seeks to incorporate here. In his Opposition, the Trustee argues that he is entitled to incorporate by reference the Fairfield Amended Complaint (which is no longer the

3

operative complaint in that proceeding), but he later asserts that "regardless of incorporation, this Court may take judicial notice of the operative Second Amended Complaint in the Fairfield matter." (Opp. at 8). While ZCM does not dispute the general proposition that a Court may take judicial notice of prior pleadings in related lawsuits, the Trustee ignores that because he fails to specify which allegations of which *Fairfield* complaint he seeks to plead against ZCM, it is impossible for ZCM to meaningfully respond to the Amended Complaint. In any event, the Court's ability to take judicial notice of a pleading in another action does not abrogate the pleading requirements set forth in the Federal Rules or applicable Supreme Court precedent.

Because of these insufficiencies, as pleaded, the Amended Complaint is devoid of any allegations to support a finding that the alleged initial transfers to Fairfield Sentry were avoided, which is an essential element of the Trustee's claims against ZCM. *See* Mot. at 7-11. Accordingly, the Amended Complaint should be dismissed on this basis alone.

## II.    THE AMENDED COMPLAINT DOES NOT ALLEGE THAT ZCM EXERCISED THE REQUISITE "DOMINION AND CONTROL" OVER THE ALLEGED TRANSFERS.

The Trustee's response to ZCM's argument that the Amended Complaint should be dismissed because ZCM was a "mere conduit" and did not exercise the requisite "dominion or control" over the transfers at issue is that evaluating such an argument is inappropriate on a motion to dismiss. The Trustee also argues that "[a]ssertion of the mere conduit defense is also premature because an inquiry into the applicability of the defense is highly fact-intensive." (Opp. at 11).

Recently, Judge Torres issued an opinion denying a motion for interlocutory review of a decision of this Court denying a motion to dismiss asserting that a subsequent transferee was a mere conduit. *See SIPC v. Standard Chartered Fin. Servs. (Luxembourg) S.A.*, No. 23 Civ. 992, 2023 WL 5671544 (S.D.N.Y. Sept. 1, 2023). Judge Torres held that the "'mere conduit' defense

is a separate inquiry from the Trustee's pleading burden" and that "[b]ecause the 'mere conduit' defense is a fact-intensive inquiry, it is not properly resolved at the motion to dismiss stage where the affirmative defense is not clearly established on the face of the complaint." *Id.* at *3 (citing *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 74-75 (2d Cir. 1998)). Judge Torres notably did not make the sweeping assertion the Trustee makes in his Opposition—that the mere conduit defense is never appropriate on a motion to dismiss, but rather acknowledged that dismissal is appropriate where the applicability of the mere conduit defense is established on the face of the complaint. *Id.*

Here, the Amended Complaint, on its face, establishes that dismissal of the Trustee's claims is appropriate on the basis that ZCM was a mere conduit, because the pleading is devoid of any factual allegations whatsoever that ZCM had the ability to exercise "dominion or control" over the funds at issue. *See* Mot. at 11-15. In fact, even when reading the Amended Complaint in the light most favorable to the Trustee, it contains only the following threadbare and conclusory allegations, which are patently insufficient to allege any sort of dominion or control on the part of ZCM: Compl. ¶ 58 ("Each of the Fairfield Sentry Subsequent Transfers was made directly or indirectly to, or for the benefit of, Defendant ZCM"); *id.* ¶ 59 ("Defendant ZCM is an immediate or mediate transferee of the Fairfield Sentry Initial Transfers"). This is precisely the type of "formulaic recitation of the elements of a cause of action" that the Supreme Court has held "will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). At best, these allegations say absolutely nothing about ZCM's ability to exercise dominion or control over the alleged transfers at issue.

The Trustee offers no explanation for his failure to allege any facts that would support the conclusion that ZCM exercised dominion or control over the transfers at issue, and instead relies

on decisions where this Court has found that the applicability of the mere conduit defense depended upon a fact-intensive inquiry that was inappropriate to resolve on a motion to dismiss. To allow the Trustee's claims to survive would be to render the "dominion and control" test, which has been expressly adopted and followed in the Second Circuit, a nullity. *See Picard v. Citibank, N.A. (In re Bernard L. Madoff Inv. Sec. LLC)*, 12 F.4th 171, 197 (2d Cir. 2021) (hereinafter "*Citibank*").

### III.    THE TRUSTEE'S CLAIM IS BARRED BY THE SECTION 546(e) SAFE HARBOR.

As explained in ZCM's Motion, there are two separate bases for invoking the safe harbor provision with respect to the transfers alleged in the Amended Complaint against ZCM. (Mot. at 16). The safe harbor provision is properly invoked both with respect to the account agreements between BLMIS and Sentry, as well as Sentry's securities agreements with its own investors, including ZCM. *Id.* Both of these bases justify dismissal of the Amended Complaint.[2]

There is no question that the statutory requirements of the section 546(e) safe harbor are satisfied where: (1) the underlying agreement was a securities contract pursuant to 11 U.S.C. § 741(7)(A); (2) the transfers under the agreement were "settlement payments" in accordance with 11 U.S.C. § 741(8); and (3) the transfers were made "by or to (or for the benefit of)" a covered entity under section 546(e). *See* Mot. at 16-17. The Trustee does not challenge that the above elements of section 546(e) are met, in fact going so far as to state that "[n]one of this matters" (Opp. at 14), and has thus conceded that the alleged transfers at issue satisfy the requirements of the section 546(e) safe harbor. *See, e.g.*, *Deutsch v. JPMorgan Chase & Co.*, No. 18-CV-11655,

---

[2] The Trustee concedes in his Opposition that he is not seeking to recover any transfers within section 548(a)(1)(A)'s two-year look back period (Opp. at 15); thus no further discussion on this point is necessary.

2019 WL 4805689, at *5 (S.D.N.Y. Sept. 30, 2019) ("Plaintiff does not address this argument at all in his opposition papers, and therefore concedes it.").

Instead, the Trustee argues that ZCM is not entitled to invoke the safe harbor because under the so-called "knowledge exception" to section 546(e), Sentry's alleged actual knowledge of Madoff's fraud precludes application of section 546(e) to the initial transfers at issue. (Opp. at 14). This argument fails for two reasons.

First, the Trustee's contention that the "knowledge exception" purports to bar a subsequent transferee from invoking the safe harbor provision based on the Trustee's allegations of actual knowledge on the part of Sentry goes beyond the inquiry demanded by the text of the provision and is a judge-made exception to section 546(e) that has not yet been endorsed by the Second Circuit.[3] As explained in ZCM's opening brief, the section 546(e) defense should be available to any subsequent transferee who received the transfers without knowledge. In light of the Trustee's failure to plead any knowledge allegations with respect to ZCM, the safe harbor should be available to bar the Trustee's claims. (Mot. at 5, 34-35).

Second, even if the knowledge exception urged by the Trustee serves to bar subsequent transferees from invoking section 546(e) based on knowledge attributable to Sentry, the Trustee ignores the fact that as explained in ZCM's Motion, the availability of the safe harbor provision is not limited solely to the BLMIS account agreements with Sentry, but also covers Sentry's securities contracts with its own investors, including ZCM. (Mot. at 16). As Judge Rakoff

---

[3] ZCM acknowledges rulings to the contrary including, *inter alia*, *Picard v. Koch Indust., Inc.* (*In re BLMIS*), No. 23-cv-0294 (VEC), 2023 WL 3317926, at *5 (S.D.N.Y. May 9, 2023); *Picard v. Multi-Strategy Fund Ltd.* (*In re BLMIS*), No. 22-06502 (JSR), 2022 WL 16647767, at *6 (S.D.N.Y. Nov. 3, 2022); *Picard v. Lloyds TSB Bank PLC*, Adv. Pro. No. 08-01789 (CGM), 2022 WL 2390551, at *5-6 (Bankr. S.D.N.Y. June 30, 2022). ZCM continues to press its argument that the safe harbor defense is available to a subsequent transferee in order to preclude any argument that this defense has been waived and in order to preserve this argument for appeal.

articulated in *Multi-Strategy Fund*, 2022 WL 16647767, at *3-4, 7 n.7, "securities contracts between Madoff Securities' initial transferees and their clients might provide an independent basis for applying the Section 546(e) safe harbor." (emphasis in original); *see also SIPC v. Bernard L. Madoff Investment Sec. LLC* (*In re Madoff Sec.*), No. 12 MC 115, 2013 WL 1609154, at *9 (S.D.N.Y. Apr. 15, 2013) ("*Cohmad*") (holding that where an initial transfer was caused by a redemption made by a subsequent transferee pursuant to a securities contract between the initial and subsequent transferee, the initial transfer was made "in connection" with a covered securities contract and the section 546(e) safe harbor would apply); *Picard v. Ida Fishman Revocable Trust* (*In re Bernard L. Madoff Inv. Sec. LLC*), 773 F.3d 411, 422 (2d Cir. 2014) ("Section 546(e) sets a low bar for the required relationship between the securities contract and the transfer sought to be avoided.").

As discussed in ZCM's Motion (at 16-17), the alleged transfers at issue in the Amended Complaint were made in connection with the independent securities contracts between Sentry and its investors, and Sentry's alleged knowledge of Madoff's fraud does not render these securities contracts inapplicable to the section 546(e) analysis. *See Multi-Strategy Fund Ltd.*, 2022 WL 16647767, at 7 n.7. According to the Trustee's own allegations, ZCM directed funds to be invested through Sentry and then redeemed those investments by withdrawing money from Sentry (Compl. ¶ 6) pursuant to subscription agreements with Fairfield Sentry. (*Id.* ¶ 7). As a result, these transfers were made in connection with securities contracts between Sentry and ZCM, and section 546(e) operates to bar the Trustee's claims.

## IV.    THE AMENDED COMPLAINT FAILS TO PLAUSIBLY ALLEGE THAT ZCM RECEIVED BLMIS CUSTOMER PROPERTY.

The Amended Complaint fails to plead facts that plausibly "tie any initial transfer to any subsequent transfer or Subsequent Transferee." *Picard v. Shapiro* (*In re Madoff*), 542 B.R. 100,

119 (Bankr. S.D.N.Y. 2015). Instead, the Trustee simply lists alleged initial transfers from

BLMIS to Fairfield Sentry (Compl. Exs. D-E) and transfers from Sentry to ZCM (Compl. Ex. F)

and makes the bare, conclusory assertion that the entries in the two lists are sufficiently connected

to one another. That approach falls far short of "plead[ing] factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009).

Rather than respond to the Motion by explaining how any of the thousands of alleged

initial transfers from BLMIS to Sentry are tied to any of the alleged subsequent transfers to ZCM,

the Trustee offers only excuses for the failure of the Amended Complaint to do so. The Trustee

argues that he is not required to do a "tracing analysis" or perform a dollar-for-dollar accounting

of the exact funds at issue (Opp. at 16), that it is not his pleading burden to allege such connection

(Opp. at 18), and that he cannot be expected to plead with more specificity because he is not in

possession of all of Sentry's books and records (Opp. at 19). But cases holding that a trustee

"need only allege sufficient facts to show the relevant pathways through which the funds were

transferred," *e.g.*, *Picard v. Charles Ellerin Revocable Tr.* (*In re BLMIS*), No. 08-01789 (BRL),

2012 WL 892514, at *3 (Bankr. S.D.N.Y. Mar. 14, 2012), cannot relieve the Trustee of his

obligation to plead a plausible linkage between the initial and subsequent transfers. None of those

cases upholds a pleading where, based on the Trustee's own allegations, the purported pathway

is a dead-end, as is the case here, because the Trustee has alleged that earlier Sentry distributions

had exhausted all the BLMIS funds at Sentry prior to at least 24 of the 36 redemptions at issue.[4]

ZCM does not dispute that the Trustee is not required to conduct comprehensive accounting

---

[4] *See, e.g.*, *Silverman v. K.E.R.U. Realty Corp.* (*In re Allou Distrib. Inc.*), 379 B.R. 5, 30 (Bankr. E.D.N.Y. 2007) (alleged subsequent transfers "were preceded by fraudulent transfers" from debtor "in amounts sufficient to cover the [subsequent] transfers").

at the pleading stage. Rather, the Trustee must show the "necessary vital statistics" of the transfer. *Shapiro*, 542 B.R. at 119. What the Trustee fails to acknowledge is that this standard requires the Trustee to allege facts sufficient to support an inference that the transfers from BLMIS are connected to the specific alleged transfers to ZCM that the Trustee seeks to recover. *See Picard v. Merkin (In re BLMIS)*, 515 B.R. 117, 150 (Bankr. S.D.N.Y. 2014) (finding that where "several subsequent transfers took place contemporaneously or shortly after an initial transfer identified in Exhibit B," linkage could be inferred).[5] The Trustee has not even attempted to demonstrate any linkage between the transfers at issue here, despite having access to the financial documents necessary to determine if any such connection exists.

Nor is the Trustee entitled to pleading latitude due to his status as an outsider to the transactions and his need to prove tracing through the books and records of defendants that are unavailable to him. This is contradicted by his own pleadings detailing thousands of alleged transfers to and from Sentry (Compl. Ex. E); his access to numerous documents through his Rule 2004 subpoena power; and his contractual right to records and cooperation from the Fairfield Liquidators, *see* Fairfield Settlement ¶ 14 (Froot Decl., Ex. C), who admitted in this Court that they have most of the books and records of the Fairfield Funds. Declaration of Kenneth Krys, (*In re Fairfield Sentry Ltd.*), No. 10-13164 (CGM) (Bankr. S.D.N.Y. July 16, 2010), ECF No. 40, ¶¶ 15, 19. The Trustee's assertions that his discovery against the Fairfield "management defendants" is not complete almost 15 years into the Madoff bankruptcy and that he has not yet taken discovery of ZCM are insufficient reasons to relieve the Trustee of his basic pleading

---

[5] *See also 45 John Lofts, LLC v. Meridian Cap. Grp. LLC (In re 45 John Lofts, LLC)*, 599 B.R. 730, 736–37, 747 (Bankr. S.D.N.Y. 2019) (finding allegations sufficient to survive motion to dismiss where complaint alleged all but $1 million of $14.3 million in customer property was deposited into account of initial transferee and that all funds were transferred out the same day to subsequent transferees); *Picard v. Cohmad Sec. Corp. (In re BLMIS)*, 454 B.R. 317, 341 (Bankr. S.D.N.Y. 2011) (pleading of subsequent transfers held sufficient where they "correspond[ed] to" the amounts of initial transfers from BLMIS).

burden in this action, in light of the enormous volume of documents and information available to him.

The Trustee also attempts to excuse the failure of the Amended Complaint to tie transfers from Sentry to ZCM to BLMIS property by claiming that the "single satisfaction" rule relieves him of the obligation to sufficiently allege that any one defendant has received customer property as long as some defendant somewhere has. (Opp. at 19-20). The Trustee contends that until he recovers "the full amount of the approximately $3 billion in fraudulent transfers received by Sentry," he "may simultaneously seek recovery from [ZCM] and from defendants in other actions . . . even in an aggregate amount that exceeds initial transfers." (*Id*. at 20). But reference to the Trustee's entitlement to a single satisfaction of the aggregate amount of the transfers of customer property is entirely beside the point. That the Trustee is limited to a single satisfaction only applies to claims that plausibly seek to recover customer property; it does not entitle him to pursue claims where there can be no liability because there was demonstrably no BLMIS customer property at Sentry to be transferred. Thus, whether all claims against all defendants aggregate to less than or more than the total amount sought by the Trustee is a red herring. Unless the claims to be aggregated are those plausibly seeking customer property, there is nothing to aggregate and the single satisfaction rule does not come into play.

The only subsequent transferees from whom potentially duplicate recoveries may be obtained are those "mediate or immediate" transferees "who take[] in a later transfer down the chain of title or possession." *First Nat'l Bank of Barnesville v. Rafoth* (*In re Baker & Getty Fin. Servs., Inc.*), 974 F.2d 712, 722 (6th Cir. 1992) (finding defenses available to subsequent transferees were unavailable to an initial transferee). Unlike *CNB Int'l Inc. v. Kelleher* (*In re CNB Int'l, Inc.*), 393 B.R. 306, 333 (Bankr. W.D.N.Y. 2008), which concerned apportionment of

11

liability between subsequent transferees, each of whom had received customer property, the Trustee here seeks to recover various amounts from many defendants in dozens of different alleged chains of title or possession, asserting—without alleging facts plausibly supporting the assertion—that all the funds they received constitute subsequent transfers of customer property. And he persists in doing so even though the total he seeks exceeds by over $2 billion the sum of the initial transfers. Not surprisingly, the Trustee cites no precedent for proceeding in this manner.[6]

The Trustee appears to suggest that ZCM is relying on the fact that customer property at Sentry (BLMIS funds) was "commingl[ed]" with other funds (Opp. at 20), but that is incorrect. The basis for the Motion is that the Trustee's own pleadings establish long periods in which no commingling occurred—and the requisite linkage cannot be made—because no customer property remained at Sentry to be transferred to ZCM or anyone else since it had already been paid out. Twenty-four instances of precisely this situation are described in detail in ZCM's opening brief (Mot. at 28-32 & n. 13) and accompanying declaration (Froot Decl. ¶¶ 13-16).

The Trustee attempts to avoid dismissal by contending that ZCM's analysis of the BLMIS funds available to Sentry relies on an undisclosed tracing methodology and attempts to interject expert testimony. (Opp. at 21). But ZCM's analysis utilizes the very information the Trustee

---

[6] It is of no consequence that, as the Trustee contends, a trustee may "simultaneously seek recovery" from multiple subsequent transferees "in an aggregate amount that exceeds initial transfers" (Opp. at 20), because the problem in the instant case is that a trustee may not seek recovery from a subsequent transferee that never received the funds initially transferred. Moreover, *Picard v. Fairfield Inv. Fund Ltd. et al.* (*In re BLMIS*), 08-01789 (CGM), 2021 WL 3477479, at *12 (Bankr. S.D.N.Y. Aug. 6, 2021), cited by the Trustee, does not even address the issue. The defendants in *Fairfield Investment Fund* contended that the Trustee improperly sought double recovery by seeking a judgment with respect to the same transfers that had already been recovered from the initial transferee; the Court was therefore confronted with the issue of the allocation of liability *between an initial and a subsequent transferee*, not allocation among subsequent transferees.

included in his own pleadings filed with this Court in related cases, and there is no complicated

tracing methodology to disclose.[7]   Rather than FIFO or LIFO, the only required methodology is

to observe when BLMIS funds were received by Sentry, compare those totals against the transfers

of customer property by Sentry that were alleged by the Trustee, and determine the dates on

which no BLMIS funds remained at Sentry to be transferred to ZCM.   Consequently, the

allegations in the Amended Complaint are implausible based on simple arithmetic.   No fact or

expert discovery is necessary to subtract the number of redemptions paid out by Sentry from the

amounts received from BLMIS.   (Mot. at 31-32); *see Edmondson v. RCI Hosp. Holdings, Inc.*,

No. 16-CV-2242 (VEC), 2020 WL 1503452, at *6 (S.D.N.Y. Mar. 30, 2020) ("Simple arithmetic,

such as ordinary multiplication, is a paradigmatic example of the type of everyday activity that

goes on in the normal course of human existence.") (citations and quotation marks omitted).

Nor is ZCM's analysis "flawed," as the Trustee contends, because it assumes "that every

subsequent transfer from Sentry preceding those to defendant were sourced solely by customer

property." (Opp. at 22).  This is so because the Trustee's own pleadings in related cases against

other subsequent transferee defendants allege precisely that, to wit, those very transfers did in

fact consist entirely of customer property.  *See* Mot. at 29 n.12.

The Trustee points out (as ZCM has already acknowledged) that portions of "at least 12

subsequent transfers . . . *may be traceable* to initial transfers to Sentry." (Opp. at 22 (emphasis

supplied)).   But the fact that the Trustee takes the position that some transfers to ZCM could

possibly be traceable to BLMIS funds does not save the claims in the Amended Complaint with

respect to the 24 transfers that *cannot possibly be traceable* to initial transfers from BLMIS to

Sentry, and those claims must be dismissed.

---

[7] The Trustee does not contest that this Court can take judicial notice of the pleadings he filed in other
related cases in this bankruptcy proceeding.  *See* Mot. at 26-28.

13

Finally, the Trustee appears to contend that he should be relieved of the pleading requirements of *Iqbal* and *Twombly* simply because the fundamental issue of whether the transfers at issue in the Amended Complaint could possibly contain customer property may also be addressed at the summary judgment stage following fact and expert discovery. (Opp. at 22-23). But the pleading standards adopted by the Supreme Court were designed precisely to avoid dragging defendants through costly and burdensome discovery based on implausible claims. *Twombly*, 550 U.S. at 557-61; *see id.* at 558 ("[S]ome threshold of plausibility must be crossed at the outset before a . . . case should be permitted to go into its inevitably costly and protracted discovery phase.") (citation omitted); *id.* at 559 ("it is self-evident that the problem of discovery abuse cannot be solved by 'careful scrutiny of evidence at the summary judgment stage'" . . . "the threat of discovery expense will push cost-conscious defendants to settle even anemic cases before reaching those proceedings") (citations omitted); *see also Iqbal*, 556 U.S. at 684-85 (citing *Twombly*).

## V.     THE AMENDED COMPLAINT ESTABLISHES THAT ZCM IS ENTITLED TO THE GOOD FAITH DEFENSE UNDER SECTION 550(b).

The Amended Complaint should also be dismissed because it is clear on the face of the pleading that ZCM received the alleged transfers for value and that the Trustee cannot establish the third component of the three-part standard set forth by the Second Circuit in *Citibank* for evaluating good faith under section 550(b). *See Citibank*, 12 F.4th at 191-92.[8]

### A.     ZCM Received the Alleged Transfers for Value.

As Judge Bernstein held in *Picard v. ABN AMRO Bank N.A.* (*In re Bernard L. Madoff*), Adv. Pro. No. 08-01789 (SMB), 2020 WL 1584491, at *8 (Bankr. S.D.N.Y. Mar 31, 2020), even

---

[8] ZCM acknowledges that this Court has issued several decisions denying motions to dismiss involving similar arguments regarding the good faith defense. ZCM continues to press its good faith defense argument here to preclude any suggestion it has waived this argument.

though the defendant has the burden of pleading value for the purposes of section 550(b), the Court may nevertheless dismiss the claim on a motion to dismiss "if the defense is apparent on the face of the complaint."

This Court has already held that "value" within the meaning of Section 550(b) is "merely consideration sufficient to support a simple contract, analogous to the 'value' required under state law to achieve the status of a bona fide purchaser for value." *Id.*  As Judge Bernstein reasoned, "[s]urrendering equity interests constitutes value for purposes of section 550(b) because it is consideration sufficient to support a simple contract." *Id*.

Despite the Trustee's argument to the contrary, the "for value" prong is satisfied based on the allegations in the Amended Complaint, which provide that ZCM "direct[ed] funds to be invested with New York-based BLMIS through the Feeder Funds" and that ZCM "received subsequent transfers from BLMIS by withdrawing money from the Feeder Funds."  Compl. ¶ 6. The Amended Complaint further alleges that "ZCM entered into a subscription agreement with Fairfield Sentry" and "wired funds to Fairfield Sentry" as consideration to support the contract. *Id.* ¶ 7.  Accordingly, on its face, the Amended Complaint establishes the "for value" prong of the good faith defense.  *See Christian Bros. High School Endowment v. Bayou No Leverage Fund, LLC* (*In re Bayou Group, LLC*), 439 B.R. 284, 309 (S.D.N.Y. 2010) (holding that investors in Ponzi scheme "gave value in the form of their initial investment"); *see also ABN AMRO*, 2020 WL 1584491, at *9 (finding "for value" prong of section 550(b) satisfied based on allegations in pleading and holding that transfers received in exchange for surrendering fund shares is sufficient to constitute "value" under section 550(b)).

15

**B.  The Amended Complaint Establishes that the Trustee Cannot Meet the *Citibank* Standard and Therefore ZCM is Entitled to the Application of the Good Faith Defense Under Section 550(b).**

With respect to the good faith element, the Trustee's argument that the good faith defense is a "fact-specific inquiry" that is not appropriate on a motion to dismiss disregards the standard in the Second Circuit regarding the applicability of the section 550(b) good faith defense.  *See Citibank*, 12 F.4th at 191-92.  In evaluating whether a transferee received transfers in good faith, a court must consider (1) "[w]hat facts the defendant actually knew; this is a subjective inquiry, not 'a theory of constructive notice;'" (2) "[w]hether these facts put the transferee on inquiry notice of the fraudulent purpose behind a transaction—that is, whether the facts the transferee knew would have led a reasonable person in the transferee's position to conduct further inquiry into a debtor-transferor's possible fraud;"[9] and (3) "[w]hether 'diligent inquiry [by the transferee] would have discovered the fraudulent purpose' of the transfer." *Id.* at 171, 191-92.

Even if the Trustee were able to prove the first two elements under this standard, the Trustee could never satisfy the third element—that a diligent inquiry by the transferee "*would* have discovered" Madoff's fraud.  In response, the Trustee argues that such a determination cannot be made on a motion to dismiss.  (Opp. at 35).  In making this argument, the Trustee fails to acknowledge that the objective *Citibank* standard is not dependent on further factual development or discovery from ZCM to show what a diligent inquiry "*would* have discovered."  That information is apparent from the face of the Amended Complaint as well as the *Fairfield* complaints the Trustee seeks to incorporate by reference.

---

[9] As explained in ZCM's Motion, the Amended Complaint does not plead any facts to suggest that ZCM was on inquiry notice of BLMIS's or Madoff's fraud, or that a reasonable person in ZCM's position would have conducted further inquiry into BLMIS or Madoff's fraud.  *See* Mot. at 34-35.  The Trustee does not contend otherwise.

Contrary to the Trustee's argument that ZCM's Motion relies on "an assortment of cherry-picked allegations" (Opp. at 25) to show that diligent inquiry would not have allowed ZCM to have discovered the fraudulent purpose of the transfers, ZCM has merely pointed out that the Fairfield Amended Complaint and Second Amended Complaint are replete with allegations that establish conclusively that under the *Citibank* standard, diligent inquiry by the transferee would not have discovered the fraudulent purpose of the transfer. *See* Mot. at 35-37. These allegations establish that over the course of several years, Madoff and BLMIS successfully thwarted efforts by the most sophisticated investors, investigators and government regulators—including the SEC—to uncover the fraudulent scheme. It is simply implausible that diligent inquiry by ZCM would have discovered Madoff's fraud where the SEC and so many others were not able to.[10] The Trustee cannot—and does not even attempt to—dispute that these allegations establish that any diligent efforts by ZCM would not have discovered the fraud, and that therefore, under *Citibank*, the Amended Complaint establishes ZCM's good faith defense.

## **CONCLUSION**

For the reasons set forth herein and in its moving papers, ZCM respectfully requests that the Court dismiss the Amended Complaint in its entirety, with prejudice.

---

[10] The Trustee's reliance on *Picard v. Avellino* (*In re BLMIS*), 557 B.R. 89 (Bankr. S.D.N.Y. 2016) is misplaced for two reasons. (Opp. at 25). First, in *Avellino*, unlike here, the complaint included specific allegations about the defendants' alleged knowledge of Madoff's fraud, which the Court determined made them "[u]nlike the vast majority of creditors." *Avellino*, 557 B.R. at 120. Here, the Amended Complaint contains no allegations of actual knowledge on the part of ZCM. Second, in any event, the Trustee's argument ignores the objective nature of this element of the *Citibank* standard.

Dated: October 2, 2023
       New York, New York

**BOIES SCHILLER FLEXNER LLP**

By: */s/ Steven I Froot*
Alan B. Vickery
Steven I. Froot
Andrew Villacastin
55 Hudson Yards
New York, New York 10001
Telephone: (212) 446-2300
Email: avickery@bsfllp.com
Email: sfroot@bsfllp.com
Email: avillacastin@bsfllp.com

Jenna C. Smith
30 South Pearl Street
11th floor
Albany, NY 12207
Telephone: (518) 694-4257
Email: jsmith@bsfllp.com

*Attorneys for ZCM Asset Holding Company*
*(Bermuda) Limited*