| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | **FOR PUBLICATION** |
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                    Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                    Defendant. | No. 08-01789 (CGM)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>                    Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff,<br><br>                    Plaintiff,<br><br>v.<br><br>Malcolm Sage and Lynne Florio,<br><br>                    Defendants. | Adv. Pro. No. 23-01099 (CGM) |

**MEMORANDUM DECISION DENYING IN PART AND GRANTING IN PART DEFENDANT'S MOTION TO DISMISS**

**A P P E A R A N C E S :**
*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff*
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, NY 10111
By:   James Rollinson
       Seanna R. Brown
       David J. Sheehan
       Lan Hoang

*Attorneys for Defendants, Malcolm Sage and Lynne Florio*
OLSHAN FROME WOLOSKY LLP
1325 Avenue of the Americas
New York, New York 10019
By:    Thomas J. Fleming
        Jonathan T. Koevary

**CECELIA G. MORRIS**
**UNITED STATES BANKRUPTCY JUDGE**

      Pending before the Court is the motion of the defendants, Malcolm Sage and Lynne Florio (together, the "Defendants"), to dismiss the complaint of Irving Picard, the trustee ("Trustee") for the liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") seeking to recover subsequent transfers allegedly consisting of BLMIS customer property. Defendants argue that the motion should be dismissed under Rule 12(b)(6) and Bankruptcy Rule 7012 on the grounds that it was untimely filed beyond the one-year period specified in 11 U.S.C. § 550(f)(1). Defendants seek dismissal of Count Two of the complaint for failure to state a claim against Defendant, Lynne Florio. For the reasons set forth herein, the motion to dismiss is denied in part and granted in part.

## Jurisdiction

      This is an adversary proceeding commenced in this Court, in which the main underlying SIPA proceeding, Adv. Pro. No. 08-01789 (CGM) (the "SIPA Proceeding"), is pending. The SIPA Proceeding was originally brought in the United States District Court for the Southern District of New York (the "District Court") as *Securities Exchange Commission v. Bernard L. Madoff Investment Securities LLC et al.*, No. 08-CV-10791, and has been referred to this Court. This Court has jurisdiction over this adversary proceeding under 28 U.S.C. § 1334(b) and (e)(1), and 15 U.S.C. § 78eee(b)(2)(A) and (b)(4).

This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (F), (H) and (O). This Court has subject matter jurisdiction over these adversary proceedings pursuant to 28 U.S.C. §§ 1334(b) and 157(a), the District Court's Standing Order of Reference, dated July 10, 1984, and the Amended Standing Order of Reference, dated January 31, 2012. In addition, the District Court removed the SIPA liquidation to this Court pursuant to SIPA § 78eee(b)(4), (*see* Order, Civ. 08– 01789 (Bankr. S.D.N.Y. Dec. 15, 2008) ("Main Case"), at ¶ IX (ECF No. 1)), and this Court has jurisdiction under the latter provision. Defendants have not contested personal jurisdiction.

## **Background**

The Court assumes familiarity with the background of the BLMIS Ponzi scheme and its SIPA proceeding. *See Picard v. Citibank, N.A.* (*In re BLMIS*), 12 F.4th 171, 178–83 (2d Cir. 2021), *cert. denied sub nom. Citibank, N.A. v. Picard*, 142 S. Ct. 1209, 212 L. Ed. 2d 217 (2022).

On April 19, 2023, the Trustee commenced this adversary proceeding against Malcolm Sage and Lynne Florio to recover subsequent transfers of fictious profits that were stolen by BLMIS as part of the Ponzi scheme perpetrated by Madoff and others. (Compl. ¶¶ 1–2, ECF[1] No. 1). Malcolm Sage and Lynne Florio are husband and wife who were beneficiaries of Madoff's Ponzi scheme. (*Id.* ¶¶ 2, 7). In the two-year period prior to the collapse of BLMIS, the Defendants received, through numerous BLMIS customer accounts in which one or both of the Defendants held interests, over $4.75 million in subsequent transfers of fictious profits from the Ponzi scheme. (*Id.* ¶ 2).

On November 30, 2010, the Trustee commenced separate adversary proceedings against two partnerships, Sage Associates and Sage Realty. (*Id.* ¶ 53). Malcolm Sage was a general

---

[1] Unless otherwise indicated, all references to "ECF" are references to this Court's electronic docket in adversary proceeding 23-01098-cgm.

partner in each of these partnerships. (*Id*). Lynne Florio was a general partner of Sage Realty. (*Id.*). In these adversary proceedings, the Trustee sought to avoid and recover, pursuant to 11 U.S.C. §§ 548(a)(1)(A) and 550(a), transfers of fictious profits from the BLMIS Ponzi scheme made to the partnerships in the two-year period prior to BLMIS's collapse. (*Id.* ¶¶ 54–55). The Trustee sought $13,510,000.00 in the adversary proceeding against Sage Associates and $3,370,000.00 in the adversary proceeding against Sage Realty. (*Id.*)

Within two weeks of receiving the initial transfers from BLMIS, Sage Associates transferred one-third of the amounts of those transfers to Malcolm Sage via check or wire transfer. (*Id.* ¶ 58). After receiving the subsequent transfers, Malcolm Sage transfers various amounts to the New York State and Federal Taxing authorities. (*Id.* ¶¶ 59–63).

Following the collapse of BLMIS, Defendants filed amended 2006 and 2007 state and federal tax returns. Defendants sought refunds of $235,504 for their 2006 federal tax return, stating "Taxpayer [sic] is filing this claim for refund based on the following. All income and gains from Bernard L. Madoff are being eliminated from taxable income due to the arrest of Mr. Madoff and the announcement that any income reported from the investments with Mr. Madoff are fictitious." (*Id.* ¶ 64). Defendants received a 2006 federal refund of $197,180 on April 23, 2007. (*Id.* ¶ 65). Defendants filed an amended 2006 state return and received a refund of $156,410 on April 23, 2007. (*Id.* ¶¶ 66–67). Defendants filed an amended 2007 federal return for the same reason as the amended 2006 return and received three refunds of $66,910, a refund of $70,000 and a refund of $1,706,953 between April 23, 2007, and April 29, 2008. (*Id.* ¶¶ 68–69). Defendants filed an amended 2007 state return and received three refunds of $45,780, a refund of $50,000, and a refund of $1,188,429 between April 24, 2007, and April 22, 2008. (*Id.* ¶¶ 70–71).

Within two weeks of receiving initial transfers, Sage Realty made four transfers to Malcolm Sage or Lynn Florio via check or wire transfer totaling $255,000.00. (*Id.* ¶ 70). Transfers of $20,000 and $50,000 were made to Lynne Florio on December 19, 2006, and January 25, 2008. (*Id.*). Transfers of $150,000 and $35,000 were made to Malcolm Sage on February 13, 2007 and January 25, 2008. (*Id.*).

On June 21, 2021, the District Court for the Southern District of New York consolidated the actions against Sage Associates and Sage Realty. (Consolidation Order, *Picard v. Sage Assoc. et al,* (*In re BLMIS*), No 20-cv-10057-JFK (S.D.N.Y. June 21, 2021)). On April 15, 2022, the District Court issued its findings of fact and conclusions of law, concluding that that the Trustee met his prima facie case for avoiding the initial transfers to Sage Associates and Sage Realty under 11 U.S.C. § 548(a)(1)(A). (Findings of Fact and Conclusions of Law, *Picard v. Sage Assoc. et al,* (*In re BLMIS*), No 20-cv-10057-JFK (S.D.N.Y. April 15, 2022)). )). On April 20, 2022, the District Court entered a Judgment "in favor of the Trustee (1) in the amount of $13,510,000 against Sage Associates, Malcoln Sage, Martin Sage, and Ann Sage Passer jointly and severally, and (2) in the amount of $3,370,000 against Sage Realty, Malcolm Sage, Martin Sage, and Ann Sage Passer, jointly and severally." (Judgment, *Picard v. Sage Assoc. et al,* (*In re BLMIS*), No 20-cv-10057-JFK (S.D.N.Y. Apr. 20, 2022)).

Defendants filed the instant motion before this Court to dismiss the Trustee's complaint. (Mot. to Dismiss., ECF No. 26). Defendants argue the Complaint is untimely and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, that the Complaint fails as a matter of law as the tax refunds are not covered by § 550, that the claims against Malcolm Sage are an impermissible attempt at double-satisfaction, as the Malcolm Sage was "already found liable jointly and severally for the Initial Transfers," and that the claims against

Lynn Florio are barred by Res Judicata. (*Id.*). The Trustee opposes the motion to dismiss. (Opp'n, ECF No. 32). The Court heard arguments on September 20, 2023. (Hr'g Tr., Sept. 20, 2023, ECF No. 43).

## Discussion

**12(b)(6) standard**

"To survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). The claim is facially plausible when a plaintiff pleads facts that allow the Court to draw a "reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) ("Asking for plausible grounds to infer an agreement does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal agreement."). In deciding a motion to dismiss, the Court should assume the factual allegations are true and determine whether, when read together, they plausibly give rise to an entitlement of relief. *Iqbal*, 556 U.S. at 679. "And, of course, a well-pl[ed] complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556.

In deciding the motion, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322

(2007). A complaint is "deemed to include any written instrument attached to it as an exhibit[,] . . . documents incorporated in it by reference[,]" and other documents "integral" to the complaint. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152–53 (2d Cir. 2002) (citations omitted). A document is "integral" to a complaint when the plaintiff has "actual notice" of the extraneous information and relied on it in framing the complaint. *DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 60 (S.D.N.Y. 2010) (citing *Chambers*, 282 F.3d at 153).

The Trustee is seeking to recover over $4.75 million in subsequent transfers made to Defendants by Sage Associates and Sage Realty. (Compl. ¶¶ 2, 74–80, ECF No. 1).

**Recovery of Subsequent Transfers**

Pursuant to § 550(a) of the Bankruptcy Code, the Trustee is entitled to recover avoided transfers of customer property from initial transferees as well as from "any immediate or mediate transferee of such initial transferee." 11 U.S.C. § 550(a). "To plead a subsequent transfer claim, the Trustee must plead that the initial transfer is avoidable, and the defendant is a subsequent transferee of that initial transferee, that is, that the funds at issue originated with the debtor." *Picard v. BNP Paribas S.A. (In re BLMIS),* 594 B.R. 167, 195 (Bankr. S.D.N.Y. 2018); *see also SIPC v. BLMIS (In re Consol. Proc. On 11 U.S.C. § 546(e))*, No. 12 MC 115, 2013 WL 1609154, at *7 (S.D.N.Y. Apr. 15, 2013). "Federal Civil Rule 9(b) governs the portion of a claim to avoid an initial intentional fraudulent transfer and Rule 8(a) governs the portion of a claim to recover the subsequent transfer." *BNP Paribas*, 594 B.R. at 195 (*citing Sharp Int'l Corp. v. State St. Bank & Trust Co., (In re Sharp Int'l Corp.)*, 403 F.3d 43, 56 (2d Cir. 2005).

The Trustee only needs to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The plaintiff's burden at the pleading stage does not require exact accounting of the funds at issue. *BNP Paribas*, 594 B.R. at 195.

Rather "[t]he plaintiff must allege the necessary vital statistics – the who, when, and how much – of the purported transfers to establish an entity as a subsequent transferee of the funds." *Id.* However, the plaintiff's burden at the pleading stage does not require dollar-for-dollar accounting of the exact funds at issue." *Picard v. BNP Paribas S.A.* (*In re BLMIS*), 594 B.R. 167, 195 (Bankr. S.D.N.Y. 2018).

While the Trustee must allege that the initial transfer from BLMIS to the initial transferee is avoidable, he is not required to avoid the transfer received by the initial transferee before asserting an action against subsequent transferees. *IBT Int'l Inc. v. Northern (In re Int'l Admin Servs., Inc.)*, 408 F.3d 689, 706–07 (11th Cir. 2005). The Trustee is free to pursue any of the immediate or mediate transferees, and nothing in the statute requires a different result. *Id.*

<u>Recovery of Transfers made to Malcolm Sage</u>

The Defendants argue that the Complaint is an impermissible attempt at double satisfaction against Defendant Malcolm Sage, as "he was already found liable jointly and severally for the Initial Transfers." (Mot. To Dismiss, ECF No. 26).

Pursuant to § 550(d), "[t]he trustee is entitled to only a single satisfaction under subsection (a) of this section." 11 U.S.C. 550(d). As already explained by this Court in a similar proceeding,

> To the extent that Defendant is worried about the Trustee recovering more than he is entitled, such a fear is unfounded. There is no dispute that the Trustee is limited to 'a single satisfaction' under § 550(a). 11 U.S.C. § 550(d). He may nevertheless pursue any and all subsequent transferees in order to achieve that satisfaction. § 550(a)(2) (providing that the Trustee may recover property from 'any immediate or mediate transferee'). Calculation of whether the Trustee is fully satisfied is a factual finding to be made by this Court at a later stage of litigation.

*Picard v. Multi-Strategy Fund Ltd. (In re BLMIS)*, 641 B.R. 78, 95–96 (Bankr. S.D.N.Y. 2022). Nothing in the Code prevents the Trustee from proceeding against the Defendant Malcolm Sage for the subsequent transfers to the extent that the recovery has not been fully satisfied. The Trustee has not been "paid any amount to . . . toward satisfying the Final Judgment" by the Defendants. (Opp'n 8, ECF No. 32). The Trustee has "not recovered anything from Sage Realty." (Hr'g Tr. 38:10–11., Sept. 20, 2023, ECF No. 43). The Trustee may pursue recovery against the Defendants on account of the subsequent transfers.

Recovery of Transfers made to Lynne Florio

The Defendants argue that the Complaint fails as to certain subsequent transfers received by Lynne Florio as Ms. Florio did not receive distributions directly from Sage Associates, nor did she have an interest Sage Associates. (Mot. to Dismiss 11–12, ECF No. 26). Further, Defendants argue that the path of transfers alleged, from Sage Associates to Malcolm Sage to the IRS and finally to Lynne Florio in the form of a tax refund, means that recovery is not possible as the IRS is not an initial transferee. Defendants characterize the IRS instead as a mere conduit that cannot be held liable as an initial transferee.

Whether the IRS can be properly understood as a 'mere conduit' or not, the Trustee need not allege that the source of the funds immediately prior to the Defendant was an initial transferee. The Trustee is free to pursue any of the immediate or mediate transferees, and nothing in the statute requires a different result. *In re Int'l Admin Servs., Inc.*, 408 F.3d at 706–07. The Trustee need not file a case under § 548(a)(1)(A) against every entity involved.

This argument does not dispute that Lynne Florio received subsequent transfers. As the Trustee states in opposition, "Defendants do *not* refute in the Motion that they were the subsequent transferees of the tax refunds from the taxing authorities. Accordingly, for purposes

of Section 550(a), the Trustee can recover the subsequent transfers of BLMIS customer property, or the value thereof, from Malcolm Sage as well as Florio." (Opp'n 17, ECF No. 32).

Similarly, the Defendants' argument that Lynne Florio did not have an interest in Sage Associates is immaterial. As the Trustee has plead that the initial transfers are avoidable, what matters is whether the Defendant Lynne Florio received subsequent transfers of the initial transfers, "that is, that the funds at issue originated with the debtor." *BNP Paribas S.A.,* 594 B.R. at 195.

The Defendants next argue that this Court should follow the so-called "Separate Filings Rule," whereby a court will allocate a refund from a joint tax filing as though the individuals had filed separately. (Mot. to Dismiss 12, ECF No. 26). The Defendants rely mainly on one case from this circuit in support of their argument: *In re Duarte*, 492 B.R. 100 (Bankr. E.D.N.Y. 2011). In *Duarte*, the Bankruptcy Court for the Eastern District of New York rejected the "50/50 Rule," which it described as "generally regarded with favor in New York." *In re Duarte*, 492 B.R. at 106. That court explained that the 50/50 Rule would not be as appropriate to determine the rights of a debtor under chapter 13 and could not be "reconciled with the Bankruptcy Code and the overall goals of bankruptcy." *Id.*

A SIPA proceeding is of course different from a case filed under chapter 13. Unlike the Bankruptcy Court for the Eastern District of New York in *In re Duarte*, this Court has applied the 50/50 Refund Rule in the past in cases under chapter 13. *See In re Marciano*, 372 B.R. 211 (Bankr. S.D.N.Y. 2007). This Court applied the 50/50 Rule for refunds as a presumption that can be rebutted by evidence of "the couple's 'present conduct or history of financial management' suggests separate financial affairs." *Id.* at 214 (quoting *In re Barrow*, 306 B.R. 28, 30 (Bankr.W.D.N.Y.2004)). Courts in this district have continued to apply the 50/50 rule. *See*

*In re Keswani*, No. 20-10315-JLG, 2021 WL 1016883, at *4 (Bankr. S.D.N.Y. Mar. 16, 2021). Application of the Separate Filings Rule has rejected by other courts that have analyzed the Rule along with several other approaches. *See, e.g., In re McInerney*, 609 B.R. 497, 509 (Bankr. N.D. Ill. 2019) ("[T]he Court echoes the concerns of the critics of the Separate Filings Rule. Namely, the Rule can be difficult to understand and employ. . . [A]pplication of the Rule is impractical and inefficient.").

Defendants concede that the "only decision post-Duarte in this district that [they] have found is one that the trustee cites;" namely *Piazza v. Keswani (In re Keswani)*, Case No. 20-10315-JLG, 2021 WL 1016883 (Bankr. S.D.N.Y. Mar. 16, 2021). (Hr'g Tr. 37:4–6., Sept. 20, 2023, ECF No. 43). That Court relied on the 50/50 rule when it stated that "[i]n assessing a debtor's right to a tax refund paid on account of a joint tax return, courts in this circuit applying New York law follow the "50/50 Refund Rule." *Id.* at *4 (quoting *In re Marciano*, 372 B.R. at 214).

The District Court determined that the Trustee met his prima facie case for avoidance under § 548(a)(1)(A). The Trustee may pursue recovery from any immediate or mediate transferee under § 550(a)(2), subject to the statute of limitations imposed by § 550(f).

**Statute of Limitations**

Defendants argue that the initial transfers were avoided on April 15, 2022, the date of the District Court's Findings of Fact and Conclusions of Law. (Mot. to Dismiss. 6, ECF No. 26). This chronology would make the present action untimely as the Complaint was filed on April 19, 2023—outside the one-year statute of limitations imposed by § 550(f). The Trustee asserts that the initial transfers were avoided on April 20, 2022, the date of the entry of the Judgment in the District Court. (Opp'n 11, ECF No. 32).

While the statute of limitations is often an affirmative defense, it can be decided under Rule 12(b)(6) if "the defense appears on the face of the complaint." *In re Ditech Holding Corp.*, No. 19-10412 (JLG), 2022 WL 14964188, at *10 (Bankr. S.D.N.Y. Oct. 26, 2022) (quoting *Ellul v. Congregation of Christian Bros.*, 774 F.3d 791, 798 n.12 (2d Cir. 2014)).

Section 550(f) provides, in relevant part, that an action or proceeding to recover transferred property from any immediate or mediate transferee may not be commenced after the earlier of one year after the avoidance of the transfer on account of which recovery is sought or the date the case is closed or dismissed. 11 U.S.C. § 550(f)(1). The statute of limitations begins to run when the transfer was avoided, not when the initial transfer was made. *Grove Peacock Plaza, Ltd. v. Resolution Trust Corp.*, 142 B.R. 506, 520 (Bankr. S.D. Fla. 1992). To trigger the statute of limitations under § 550(f), finality is required. *Picard v. Bureau of Labor Ins.* (*In re BLMIS*), 480 B.R. 501, 520 (Bankr. S.D.N.Y. 2012) (holding that a settlement agreement presented the court with sufficient finality to trigger the statute of limitations); *Decker v. Voisenat* (*In re Serrato*), 233 B.R. 833, 835 (Bankr. N.D. Cal. 1999) ("The one year limitations period begins to run once the avoidance action is final.") Without a triggering event, a trustee could conceivably bring recovery actions against any subsequent transferee at any time. *Bureau of Labor Ins.*, 480 B.R. at 520. A "'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. U.S.*, 324 U.S. 229, 233, 65 S. Ct. 631, 633, 89 L. Ed. 911 (1945) (citing *St. Louis I.M. & S.R.R. v. S. Express Co.*, 108 U.S. 24, 28, 2 S.Ct. 6, 8, 27 L.Ed. 638 (1883)).

Rule 9021 makes applicable Rule 58 of the Federal Rules of Civil Procedure, which requires that every judgment in an adversary proceeding be set forth on a separate document. *Porges v. Gruntal & Co.* (*In re Porges*), 44 F.3d 159, 164 (2d Cir. 1995). This requirement

enables parties to know when the court "regards the case as closed and intends that no further action be taken." *Ellender v. Schweiker*, F.2d 314, 317 (2d Cir. 1986). The separate document requirement also notifies each party that the time to file an appeal has begun. *Nat'l Union Fire. Ins. Co. v. Bonnanzio* (*In re Bonnanzio*), 166 B.R. 19, 20 (Bankr. E.D.N.Y. 1994) (holding that, as no judgment had been issued on a separate document, the time to appeal had not yet begun) (citing *Reichman v. U.S. Fire Ins. Co.*, 811 F.2d 1112, 117 (7th Cir. 1987)).

Rule 9021 of the Federal Rules of Bankruptcy Procedure further mandates that a judgment or order is effective when entered under Rule 5003. Fed. R. Bankr. P. 9021. Rule 5003 provides, in relevant part, that the clerk "shall keep a docket in each case under the Code and shall enter thereon each judgment, order, and activity in that case . . . . The entry of a judgment or order in a docket shall show the date the entry is made." Fed. R. Bankr. P. 5003. The date of entry is generally the most important, "because it is entry of a document or activity that triggers duties and time limitations." *U.S. v. Henry Bros. P'shp* (*In re Henry Bros. P'shp*) 214 B.R. 192, 195 (B.A.P. 8th Cir. 1997). Entry occurs when it is "noted on the docket and thereby becomes public." *Id.* Similarly, "a document is entered when the clerk makes the notation on the official public record, the docket, of the activity or submission of the particular document." *Id.* (cleaned up).

The Trustee's action is timely, for the purposes of § 550, as it was filed on April 19, 2023. (Compl., ECF No. 1). The relevant date for determining the avoidance of the initial transfers is April 20, 2022, as that is when the final judgment was entered on the docket and no further action was needed. (Judgment, *Picard v. Sage Assoc. et al* (*In re BLMIS*), No. 20-cv-10057-JFK (S.D.N.Y. April 20, 2022), ECF No. 114).

Finality is the triggering event to begin the statute of limitations under § 550(f). *See Picard v. Bureau of Labor Ins.* (*In re BLMIS*), 480 B.R. 501, 520 (Bankr. S.D.N.Y. 2012). The final judgment, not the findings of fact and conclusions of law, delivers finality. Rule 58 requires judgments in adversary proceedings be set forth on a separate document. Section 5003's separate document rule establishes that no further action is to be taken. It also provides notice to parties in interest that the time to file an appeal has begun. Providing notice of the time to file an appeal is analogous to providing notice that the period to recover under § 550(f) has begun. Both an appeal and recovery under § 550(f) are time sensitive actions that depend upon finality; specifically, an indication that no further action is to be taken by the court. Without finality, parties would be unable to ascertain when the appropriate time to file an appeal has begun or, as in the matter before this Court, when the statute of limitations under § 550(f) has been triggered.

Defendants rely on *In re Serrato* to argue that a court's written opinion that avoids the initial transfers triggers the statute of limitations. (Mot. to Dismiss 7, ECF No. 26). A written opinion may trigger the § 550(f) statute of limitations when it is signed or entered on the docket, so long as that event adequately provides certainty and puts the trustee on notice that further action may be required to protect the interest of the estate. *Serrato*, 233 B.R. at 836. For purposes of § 550(f), an opinion "must contain the essential elements of a judgment and must clearly evidence the court's intention that it shall be the final act in the case." *Serrato*, 233 B.R. at 835 (citing *U.S. v. F. & M. Schaefer Brewing Co.*, 356 U.S. 227, 232–33, 78 S.Ct. 674, 678, 2 L.Ed.2d 721 (1958)).

While this Court is not bound by the judgment set forth in *Serrato*, as it is a case from the Northern District of California, the Defendants' motion fails to meet the standard used in the

*Serrato* court. The District Court's findings of fact and conclusions of law stated concerning "the Trustee's avoidance actions, judgment is entered in favor of the Trustee and against the Defendants, Sage Associates, Sage Realty, Malcolm Sage, Martin Sage, and Ann Sage Prasser, jointly and severally, in the amount of $16,880,000." (Findings of Fact and Conclusions of Law, *Picard v. Sage Assoc. et al,* (*In re BLMIS*), No 20-cv-10057-JFK (S.D.N.Y. April 15, 2022), ECF No. 111). The District Court entered judgment five days later "in favor of the Trustee (1) in the amount of $13,510,000 against Sage Associates, Malcolm Sage, Martin Sage, and Ann Sage Passer, jointly and severally, and (2) in the amount of $3,370,000 against Sage Realty, Malcolm Sage, Martin Sage, and Ann Sage Passer, jointly and severally." (Judgment, *Picard v. Sage Assoc. et al,* (*In re BLMIS*), No 20-cv-10057-JFK (S.D.N.Y. April 20, 2022)) , ECF No. 114). The Court's findings of fact and conclusions of law lacked the judgment's inclusion of specific monetary amounts avoided with respect to Sage Associates and Sage Realty. The inclusion of specific amounts entered against the defendants was necessary for the Trustee to proceed in recovery against the Defendants.

To follow the reasoning set forth in *Serrato* would have deleterious effects in this District. To hold that anything other than the final, April 20, 2022, judgment represents finality would lead to confusion as to when parties should file an appeal, or, as in the instant case, when the statute of limitations under § 550(f) has begun. This date has already served its function of establishing finality when the Defendants appeal the District Court Judgement on May 20, 2022. (Notice of Appeal of Clerk's J., *Picard v. Sage Assoc. et al* (*In re BLMIS*), No. 20-cv-10057-JFK (S.D.N.Y. May 20, 2022), ECF No. 118) ("Notice is hereby given that Defendant Malcolm H. Sage, by and through his undersigned counsel, hereby appeals to the United States Court of Appeals for the Second Circuit from each and every part of the Judgment (20-cv-10057, ECF

No. 114 and 20-cv-10109, ECF No. 70) entered in this action on April 20, 2022. . . .").  The final judgment represents finality here for purposes of statute of limitations as much as it did for purposes of appeal.

The judgment against the Defendants became effective on April 20, 2022, as that is when the final judgment which presented the parties with finality was entered on the docket, thereby becoming public and giving notice to both the Trustee and Defendants.  (Judgment, *Picard v. Sage Assoc. et al* (*In re BLMIS*), No. 20-cv-10057-JFK (S.D.N.Y. Apr. 20, 2022), ECF No. 114). The Trustee's Complaint, filed on April 19, 2023, was within one year after the avoidance of the transfers on account of which the Complaint sought recovery.  (Compl. ¶ 57, ECF No. 1); 11 U.S.C. § 550(f)(1).  The Complaint was timely filed.

**Res Judicata**

The Defendants argue that Count Two of the Complaint, seeking declaratory judgment against Lynne Florio as general partner of Sage Realty on account of the initial transfers, is barred by res judicata. (Mot. to Dismiss. 15, ECF No. 26).  In Count Two of the Complaint, the Trustee "seeks a declaratory judgment against Lynne Florio finding that she is a general partner of Sage Realty and she therefore is jointly and severally liable for its debts and obligations which it cannot satisfy either in whole or in part, including the money judgment entered in favor of the Trustee in the amount of $3,370,000 against Sage Realty."  (Compl. ¶ 87, ECF No. 1). Defendant Lynne Florio was not a party to the proceeding that led to the judgment against Malcolm Sage and others.

Res judicata "holds that 'a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" *Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 284–85 (2d Cir. 2000) (quoting *Allen v.*

*McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980)).  Res judicata is an affirmative defense that requires the party raising it to show that the earlier decision was "(1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action." *MacKinnon v. City of New York/Human Res. Admin.*, 580 F. App'x 44, 45 (2d Cir. 2014) (quoting *Hecht v. United Collection Bureau, Inc.*, 691 F.3d 218, 221–22 (2d Cir. 2012)).

"Claim preclusion bars the relitigation ... of claims that were, or could have been, brought in an earlier litigation between the same parties or their privies." *Burberry Ltd. v. Horowitz*, 534 F. App'x 41, 43 (2d Cir. 2013) (quoting *Bank of N.Y. v. First Millennium, Inc.*, 607 F.3d 905, 919 (2d Cir. 2010)).  Courts "often invoke[] claim preclusion to bar a successive action when a plaintiff . . . brings new claims against the same defendant arising out of the same facts as an earlier unsuccessful cause of action.  *Id.*  Claims that could have been brought in a prior action are barred by res judicata. *Cieszkowska v. Gray Line N.Y.*, 295 F.3d 204, 206 (2d Cir. 2002).  Claims are barred by res judicata when new claims are "based on different legal theories rather than different facts and, accordingly, could have been raised in the original complaint." *L–Tec Elecs. Corp. v. Cougar Elec. Org., Inc.*, 198 F.3d 85, 88 (2d Cir. 1999); *see also MacKinnon*, 580 F. App'x at 45 ("Even claims based upon different legal theories are barred provided they arise from the same transaction or occurrence.").

The Trustee conceded at oral arguments that for purposes of res judicata, the claims "could have been addressed in the earlier action." (Hr'g Tr. 45:12–15., Sept. 20, 2023, ECF No. 43).  The Trustee's argument in opposition relies on whether privity exists.  (*Id.*) ("I just don't think that its' the same parties involved or those in privity with those parties is here."); (*Id.* 43:4–10) ("As far as the res judicata argument goes, I just don't see that they meet the element of

privity here. They claim she wasn't a party to the prior case, that she is somehow in privity by virtue of being married. I just -- they cite nothing for that proposition. And accordingly, I don't believe there is a basis to apply res judicata here.").

Res judicata "may apply even when the parties to the present action are different from the parties in the preceding action so long as the parties are in privity." *Graham v. Select Portfolio Servicing, Inc.*, 156 F. Supp. 3d 491, 509 (S.D.N.Y. 2016). While the doctrine of privity has traditionally been applied "only to a narrow class of relationships between defendants" and only where there existed a "successive relationship to the same rights of property," the "modern conception of privity, in the res judicata context, applies when a defendant has "a sufficiently close relationship to the original defendant to justify preclusion." *Akhenaten v. Najee, LLC*, 544 F. Supp. 2d 320, 328 (S.D.N.Y. 2008) (cleaned up). It is "well-settled in this Circuit that literal privity is not required for res judicata to apply." *Kraus USA, Inc. v. Magarik*, No. 17 CIV. 6541 (ER), 2019 WL 4744772, at *4 (S.D.N.Y. Sept. 30, 2019).

"The doctrine of privity ... is to be applied with flexibility." Akhenaten, 544 F. Supp. 2d at 328 (quoting *Amalgamated Sugar Co. v. NL Indus., Inc.*, 825 F.2d 634, 640 (2d Cir.1987). Privity includes "those who control an action although not formal parties to it [and] those whose interests are represented by a party to the action." *Watts v. Swiss Bank Corp.*, 27 N.Y.2d 270, 317 N.Y.S.2d 315, 265 N.E.2d 739, 743 (1970). Privity exists for purposes of res judicata "when the interests of a nonparty were adequately represented in the initial action." *Kraus* 2019 WL 4744772, at *4 (citing *Waldman v. Vill. of Kiryas Joel*, 39 F. Supp. 2d 370, 382 (S.D.N.Y. 1999), aff'd, 207 F.3d 105 (2d Cir. 2000)). Privity has been found in the relationship between shareholder and corporation, between current or former agents or employees of a school district, and between the owner and controller of a corporation and that corporation. *Amalgamated Sugar*

*Co.*, 825 F.2d at 640; *Malcolm v. Bd. of Educ. of Honeoye Falls-Lima Cent. Sch. Dist.*, 506 F. App'x 65, 68 (2d Cir. 2012); *Kraus* 2019 WL 4744772, at *4.

Lynne Florio was a general partner of Sage Realty. (Compl. ¶ 53, ECF No. 53). She was the spouse of another of the general partners and one who was the defendant in the prior action. (Id. ¶ 7); (*see also* Hr'g Tr. 47:1–6, Sept. 20, 2023, ECF No. 43) ("she was a general partner, she did have a financial interest in this. She was the spouse of one of the general partners. And what the cases teach is that people who are in near privity or privity-like relationships get the benefit of the res judicata and the claim preclusion."). For purposes of res judicata, Lynne Florio was in privity with the defendants in the prior proceeding.

The Trustee has not shown how Count Two is based on different facts or occurrences from the prior avoidance action. That action involved the same parties here today or those in sufficient privity with them. The Trustee has presented no reason for allowing him to bring this action now, years after the original action was brought.

## Conclusion

For the foregoing reasons, Defendants' motion to dismiss is denied in part and granted as to Count Two. The Trustee shall submit a proposed order within fourteen days of the issuance of this decision, directly to chambers (via E-Orders), upon not less than two days' notice to all parties, as required by Local Bankruptcy Rule 9074-1(a).



**Dated: October 3, 2023**
**Poughkeepsie, New York**

/s/ Cecelia G. Morris
_____
**Hon. Cecelia G. Morris**
**U.S. Bankruptcy Judge**