| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | <u>FOR PUBLICATION</u> |
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                    Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                    Defendant. | No. 08-01789 (CGM)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>                  Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff,<br><br>                  Plaintiff,<br><br>v.<br><br>Martin Sage and Sybil Sage,<br><br>                  Defendants. | Adv. Pro. No. 23-01098 (CGM) |

**MEMORANDUM DECISION DENYING DEFENDANT'S MOTION TO DISMISS**

**A P P E A R A N C E S :**

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff*
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, NY 10111
By:   James Rollinson
         Seanna R. Brown
         David J. Sheehan
         Lan Hoang

*Attorneys for Martin Sage and Sybil Sage*
R|K INVEST LAW, PBC
1725 I Street, N.W., Suite 300
Washington, D.C. 20006
By:   Richard A. Kirby
       Beth-ann Roth

**CECELIA G. MORRIS
UNITED STATES BANKRUPTCY JUDGE**

Pending before the Court is the motion of the defendants, Martin Sage and Sybil Sage (together, the "Defendants"), to dismiss the complaint of Irving Picard, the trustee ("Trustee") for the liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") seeking to recover subsequent transfers allegedly consisting of BLMIS customer property. Defendants argue that the motion should be dismissed under Rule 12(b)(6) and Bankruptcy Rule 7012 on the grounds that it was untimely filed beyond the one-year period specified in 11 U.S.C. § 550(f)(1). For the reasons set forth herein, the motion to dismiss is denied.

## Jurisdiction

This is an adversary proceeding commenced in this Court, in which the main underlying SIPA proceeding, Adv. Pro. No. 08-01789 (CGM) (the "SIPA Proceeding"), is pending. The SIPA Proceeding was originally brought in the United States District Court for the Southern District of New York (the "District Court") as *Securities Exchange Commission v. Bernard L. Madoff Investment Securities LLC et al.*, No. 08-CV-10791, and has been referred to this Court. This Court has jurisdiction over this adversary proceeding under 28 U.S.C. § 1334(b) and (e)(1), and 15 U.S.C. § 78eee(b)(2)(A) and (b)(4).

This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (F), (H) and (O). This Court has subject matter jurisdiction over these adversary proceedings pursuant to 28 U.S.C. §§ 1334(b) and 157(a), the District Court's Standing Order of Reference, dated July 10, 1984, and

the Amended Standing Order of Reference, dated January 31, 2012. In addition, the District Court removed the SIPA liquidation to this Court pursuant to SIPA § 78eee(b)(4), (*see* Order, Civ. 08– 01789 (Bankr. S.D.N.Y. Dec. 15, 2008) ("Main Case"), at ¶ IX (ECF No. 1)), and this Court has jurisdiction under the latter provision. Defendants do not contest personal jurisdiction. (Mot. to Dismiss., ECF[1] No. 5) ("Neither Martin Sage nor his wife, Sybil, consent to bankruptcy jurisdiction over them.).

## Background

The Court assumes familiarity with the background of the BLMIS Ponzi scheme and its SIPA proceeding. *See Picard v. Citibank, N.A.* (*In re BLMIS*), 12 F.4th 171, 178–83 (2d Cir. 2021), *cert. denied sub nom. Citibank, N.A. v. Picard*, 142 S. Ct. 1209, 212 L. Ed. 2d 217 (2022).

On April 19, 2023, the Trustee commenced this adversary proceeding against Martin Sage and Sybil Sage to recover subsequent transfers of fictious profits that were stolen by BLMIS as part of the Ponzi scheme perpetrated by Madoff and others. (Compl. ¶¶ 1–2, ECF No. 1). Defendants are a married couple who were beneficiaries of Madoff's Ponzi scheme. (*Id.* ¶ 2, 7). In the two-year period prior to the collapse of BLMIS, the Defendants received, through numerous BLMIS customer accounts in which the Defendants held interests, over $4.5 million in subsequent transfers of fictious profits from the Ponzi scheme. (*Id.* ¶ 2).

On November 30, 2010, the Trustee commenced separate adversary proceedings against two partnerships, Sage Associates and Sage Realty. (*Id.* ¶ 53). Martin Sage was a general partner in each of these partnerships. (*Id*). In these adversary proceedings, the Trustee sought to avoid and recover, pursuant to 11 U.S.C. §§ 548(a)(1)(A) and 550(a), transfers of fictious profits from the BLMIS Ponzi scheme made to the partnerships in the two-year period prior to BLMIS's

---

[1] Unless otherwise indicated, all references to "ECF" are references to this Court's electronic docket in adversary proceeding 23-01098-cgm.

collapse. (*Id.* ¶¶ 54–55). The Trustee sought $13,510,000.00 in the adversary proceeding against Sage Associates and $3,370,000.00 in the adversary proceeding against Sage Realty. (*Id.*)

Shortly after receiving each of five separate initial transfers from BLMIS, Sage Associates transferred one-third of those transfers via check payable to Martin Sage or via wire transfer. (*Id.* ¶¶ 58–59). Each of these subsequent transfers were deposited into one of five bank accounts at either JP Morgan Chase or Citibank. (*Id.* ¶ 59). Each of these bank accounts were held by the Defendants. (*Id.*). In total $4,503,333 of subsequent transfers was transferred into these accounts. (*Id.* ¶ 59; *Id.*, Ex. C).

Shortly after receiving an initial transfer of $150,000, Sage Realty transferred $30,000.000 via check payable to Martin Sage. (*Id.* ¶ 60). This check was deposited into one of the accounts held jointly by Martin and Sybil Sage. (*Id.* ¶¶ 60–61; *Id.*, Ex. D).

On June 21, 2021, the District Court for the Southern District of New York consolidated the actions against Sage Associates and Sage Realty. (Consolidation Order, *Picard v. Sage Assoc. et al,* (*In re BLMIS*), No 20-cv-10057-JFK (S.D.N.Y. June 21, 2021)). On April 15, 2022, the District Court issued its findings of fact and conclusions of law, wherein that court found that that the Trustee met his prima facie case for avoiding the initial transfers to Sage Associates and Sage Realty under 11 U.S.C. § 548(a)(1)(A). (Findings of Fact and Conclusions of Law, *Picard v. Sage Assoc. et al,* (*In re BLMIS*), No 20-cv-10057-JFK (S.D.N.Y. Apr. 15, 2022)). On April 20, 2022, the District Court entered a Judgment "in favor of the Trustee (1) in the amount of $13,510,000 against Sage Associates, Malcoln Sage, Martin Sage, and Ann Sage Passer jointly and severally, and (2) in the amount of $3,370,000 against Sage Realty, Malcolm Sage, Martin

Sage, and Ann Sage Passer, jointly and severally." (Judgment, *Picard v. Sage Assoc. et al, (In re BLMIS)*, No 20-cv-10057-JFK (S.D.N.Y. Apr. 20, 2022)).

Defendants filed the instant motion before this Court to dismiss the Complaint. (Mot. to Dismiss., ECF No. 5). Defendants argue the Complaint is untimely and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Mot. to Dismiss., ECF No. 5). The Court heard arguments on September 20, 2023. (Hr'g Tr., Sept. 20, 2023, ECF No. 30).

## Discussion

**12(b)(6) standard**

"To survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). The claim is facially plausible when a plaintiff pleads facts that allow the Court to draw a "reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) ("Asking for plausible grounds to infer an agreement does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal agreement."). In deciding a motion to dismiss, the Court should assume the factual allegations are true and determine whether, when read together, they plausibly give rise to an entitlement of relief. *Iqbal*, 556 U.S. at 679. "And, of course, a well-pl[ed] complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556.

In deciding the motion, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). A complaint is "deemed to include any written instrument attached to it as an exhibit[,] . . . documents incorporated in it by reference[,]" and other documents "integral" to the complaint. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152–53 (2d Cir. 2002) (citations omitted). A document is "integral" to a complaint when the plaintiff has "actual notice" of the extraneous information and relied on it in framing the complaint. *DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 60 (S.D.N.Y. 2010) (citing *Chambers*, 282 F.3d at 153).

The Trustee is seeking to recover over $4.5 million in subsequent transfers made to Defendants by Sage Associates and Sage Realty. (Compl. ¶¶ 2, 58–60, ECF No. 1).

**Recovery of Subsequent Transfers**

Pursuant to § 550(a) of the Bankruptcy Code, the Trustee is entitled to recover avoided transfers of customer property from initial transferees as well as from "any immediate or mediate transferee of such initial transferee." 11 U.S.C. § 550(a). "To plead a subsequent transfer claim, the Trustee must plead that the initial transfer is avoidable, and the defendant is a subsequent transferee of that initial transferee, that is, that the funds at issue originated with the debtor." *Picard v. BNP Paribas S.A. (In re BLMIS),* 594 B.R. 167, 195 (Bankr. S.D.N.Y. 2018); *see also SIPC v. BLMIS (In re Consol. Proc. On 11 U.S.C. § 546(e))*, No. 12 MC 115, 2013 WL 1609154, at *7 (S.D.N.Y. Apr. 15, 2013).

While the Trustee must allege that the initial transfer from BLMIS to the initial transferee is avoidable, he is not required to avoid the transfer received by the initial transferee before

asserting an action against subsequent transferees. *IBT Int'l Inc. v. Northern (In re Int'l Admin Servs., Inc.)*, 408 F.3d 689, 706–07 (11th Cir. 2005). The Trustee is free to pursue any of the immediate or mediate transferees, and nothing in the statute requires a different result. *Id.*

The District Court determined that the Trustee met his prima facie case for avoidance under § 548(a)(1)(A). The Trustee may pursue recovery from any immediate or mediate transferee under § 550(a)(2), subject to the statute of limitations imposed by § 550(f).

**Statute of Limitations**

Defendants argue that the initial transfers were avoided on April 15, 2022, the date of the District Court's Findings of Fact and Conclusions of Law. (Mot. to Dismiss. 7, ECF No. 5). This chronology would make the present action untimely as the Complaint was filed on April 19, 2023—outside the one-year statute of limitations imposed by § 550(f). (Mot. to Dismiss. 7, ECF No. 5). The Trustee asserts that the transfers were avoided on April 20, 2022, the date of the entry of the final judgment in the District Court. (Opp'n. 1, ECF No. 16).

While the statute of limitations is often an affirmative defense, it can be decided under Rule 12(b)(6) if "the defense appears on the face of the complaint." *In re Ditech Holding Corp.*, No. 19-10412 (JLG), 2022 WL 14964188, at *10 (Bankr. S.D.N.Y. Oct. 26, 2022) (quoting *Ellul v. Congregation of Christian Bros.*, 774 F.3d 791, 798 n.12 (2d Cir. 2014)).

Section 550(f) provides, in relevant part, that an action or proceeding to recover transferred property from any immediate or mediate transferee may not be commenced after the earlier of one year after the avoidance of the transfer on account of which recovery is sought or the date the case is closed or dismissed. 11 U.S.C. § 550(f)(1). The statute of limitations begins to run when the transfer was avoided, not when the initial transfer was made. *Grove Peacock Plaza, Ltd. v. Resolution Trust Corp.*, 142 B.R. 506, 520 (Bankr. S.D. Fla. 1992). To trigger the

statute of limitations under § 550(f), finality is required. *Picard v. Bureau of Labor Ins.* (*In re BLMIS*), 480 B.R. 501, 520 (Bankr. S.D.N.Y. 2012) (holding that a settlement agreement presented the court with sufficient finality to trigger the statute of limitations); *Decker v. Voisenat* (*In re Serrato*), 233 B.R. 833, 835 (Bankr. N.D. Cal. 1999) ("The one year limitations period begins to run once the avoidance action is final.") Without a triggering event, a trustee could conceivably bring recovery actions against any subsequent transferee at any time. *Bureau of Labor Ins.*, 480 B.R. at 520. A "'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. U.S.*, 324 U.S. 229, 233, 65 S. Ct. 631, 633, 89 L. Ed. 911 (1945) (citing *St. Louis I.M. & S.R.R. v. S. Express Co.*, 108 U.S. 24, 28, 2 S.Ct. 6, 8, 27 L.Ed. 638 (1883)).

Rule 9021 makes applicable Rule 58 of the Federal Rules of Civil Procedure, which requires that every judgment in an adversary proceeding be set forth on a separate document. *Porges v. Gruntal & Co.* (*In re Porges*), 44 F.3d 159, 164 (2d Cir. 1995). This requirement enables parties to know when the court "regards the case as closed and intends that no further action be taken." *Ellender v. Schweiker*, F.2d 314, 317 (2d Cir. 1986). The separate document requirement also notifies each party that the time to file an appeal has begun. *Nat'l Union Fire. Ins. Co. v. Bonnanzio* (*In re Bonnanzio*), 166 B.R. 19, 20 (Bankr. E.D.N.Y. 1994) (holding that, as no judgment had been issued on a separate document, the time to appeal had not yet begun) (citing *Reichman v. U.S. Fire Ins. Co.*, 811 F.2d 1112, 117 (7th Cir. 1987)).

Rule 9021 of the Federal Rules of Bankruptcy Procedure further mandates that a judgment or order is effective when entered under Rule 5003. Fed. R. Bankr. P. 9021. Rule 5003 provides, in relevant part, that the clerk "shall keep a docket in each case under the Code and shall enter thereon each judgment, order, and activity in that case . . . . The entry of a

judgment or order in a docket shall show the date the entry is made." Fed. R. Bankr. P. 5003. The date of entry is generally the most important, "because it is entry of a document or activity that triggers duties and time limitations." *U.S. v. Henry Bros. P'shp* (*In re Henry Bros. P'shp*) 214 B.R. 192, 195 (B.A.P. 8th Cir. 1997). Entry occurs when it is "noted on the docket and thereby becomes public." *Id.* Similarly, "a document is entered when the clerk makes the notation on the official public record, the docket, of the activity or submission of the particular document." *Id.* (cleaned up).

The Trustee's action is timely, for the purposes of § 550, as it was filed on April 19, 2023. (Compl., ECF No. 1). The relevant date for determining the avoidance of the initial transfers is April 20, 2022, as that is when the final judgment was entered on the docket and no further action was needed. (Judgment, *Picard v. Sage Assoc. et al* (*In re BLMIS*), No. 20-cv-10057-JFK (S.D.N.Y. Apr. 20, 2022), ECF No. 114). The District Court's earlier Findings of Fact and Conclusions of Law did not "separate . . . out" the amounts avoided as to Sage Realty and Sage Associates. (Hr'g Tr. 18:2–12, Sept. 20, 2023, ECF No. 30). As the Defendants described it, the amounts were "lump[ed] together" in the District Court's April 15, 2022, Findings. (*Id.*).

Finality is the triggering event to begin the statute of limitations under § 550(f). *See Picard v. Bureau of Labor Ins.* (*In re BLMIS*), 480 B.R. 501, 520 (Bankr. S.D.N.Y. 2012). The final judgment, not the findings of fact and conclusions of law, delivers finality. Rule 58 requires judgments in adversary proceedings be set forth on a separate document. Section 5003's separate document rule establishes that no further action is to be taken. It also provides notice to parties in interest that the time to file an appeal has begun. Providing notice of the time to file an appeal is analogous to providing notice that the period to recover under § 550(f) has

begun.  Both an appeal and recovery under § 550(f) are time sensitive actions that depend upon finality; specifically, an indication that no further action is to be taken by the court.  Without finality, parties would be unable to ascertain when the appropriate time to file an appeal has begun or, as in the matter before this Court, when the statute of limitations under § 550(f) has been triggered.

Defendants rely on *In re Serrato* to argue that a court's ruling "constitute[s] the trigger date" for § 550(f)(1). (Mot. to Dismiss. 9, ECF No. 5).  A written opinion may trigger the § 550(f) statute of limitations when it is signed or entered on the docket, so long as that event adequately provides certainty and puts the trustee on notice that further action may be required to protect the interest of the estate. *Serrato*, 233 B.R. at 836.  For purposes of § 550(f), an opinion "must contain the essential elements of a judgment and must clearly evidence the court's intention that it shall be the final act in the case." *Serrato*, 233 B.R. at 835 (citing *U.S. v. F. & M. Schaefer Brewing Co.*, 356 U.S. 227, 232–33, 78 S.Ct. 674, 678, 2 L.Ed.2d 721 (1958)).

While this Court is not bound by the judgment set forth in *Serrato*, as it is a case from the Northern District of California, the Defendants' motion fails to meet the standard used in the *Serrato* court.  The District Court's findings of fact and conclusions of law stated concerning "the Trustee's avoidance actions, judgment is entered in favor of the Trustee and against the Defendants, Sage Associates, Sage Realty, Malcolm Sage, Martin Sage, and Ann Sage Prasser, jointly and severally, in the amount of $16,880,000."  (Findings of Fact and Conclusions of Law, *Picard v. Sage Assoc. et al, (In re BLMIS)*, No 20-cv-10057-JFK (S.D.N.Y. Apr. 15, 2022), ECF No. 111).  The District Court entered judgment five days later "in favor of the Trustee (1) in the amount of $13,510,000 against Sage Associates, Malcolm Sage, Martin Sage, and Ann Sage Passer, jointly and severally, and (2) in the amount of $3,370,000 against Sage Realty, Malcolm

Sage, Martin Sage, and Ann Sage Passer, jointly and severally." (Judgment, *Picard v. Sage Assoc. et al,* (*In re BLMIS*), No 20-cv-10057-JFK (S.D.N.Y. Apr. 20, 2022), ECF No. 114). The District Court's April 15, 2022, findings of fact and conclusions of law lacked the judgment's inclusion of specific monetary amounts avoided with respect to Sage Associates and Sage Realty. The inclusion of specific amounts entered against the defendants was necessary for the Trustee to proceed in recovery against the Defendants.

To follow the reasoning set forth in *Serrato* would have deleterious effects in this District. To hold that anything other than the final, April 20, 2022, judgment represents finality would lead to confusion as to when parties should file an appeal, or, as in the instant case, when the statute of limitations under § 550(f) has begun. The date of the entry of the final judgment has already served its function of establishing finality when one Defendant in the District Court proceeding appealed that Court's judgement on May 20, 2022. (Notice of Appeal of Clerk's J., *Picard v. Sage Assoc. et al* (*In re BLMIS*), No. 20-cv-10057-JFK (S.D.N.Y. May 20, 2022), ECF No. 118) ("Notice is hereby given that Defendant Malcolm H. Sage, by and through his undersigned counsel, hereby appeals to the United States Court of Appeals for the Second Circuit from each and every part of the Judgment (20-cv-10057, ECF No. 114 and 20-cv-10109, ECF No. 70) entered in this action on April 20, 2022. . . ."). The final judgment represents finality here for purposes of statute of limitations as much as it did for purposes of appeal.

In reply, the Defendants argue that no case holds that a money judgment is prerequisite to commencing an avoidance action under § 550. (Reply 9–10, ECF No. 21). The cases Defendants rely on do not support their contention. In *Picard v. Bureau of Labor Ins. (In re BLMIS)*, 480 B.R. 501 (Bankr. S.D.N.Y. 2012) this Court held that a settlement between two parties "presents the Court with finality with respect to" the initial transferee, even though it did

not constitute a "formal avoidance of the initial transfer from BLMIS to" the initial transferee. 480 B.R. at 522. In *Kapila v. Funding, Inc. (In re Data Lease Finc. Corp.)*, 176 B.R. 285 (Bankr. S.D. Fl. 1994), the bankruptcy court found that the § 550 statute of limitations was not commenced as a final judgment of avoidance had not yet been entered; a partial summary judgment was insufficient to trigger the one-year period. 176 B.R. at 286. Courts look to the date of a judgment that leaves no issues unresolved. *In re Advanced Telecomm. Network, Inc. (Advanced Telecomm. Network, Inc. v. Arnstein & Lehr)*, 2020 WL 5746795, at *2 (Bankr. M.D. Fl. 2020) ("A final decision must clearly evidence the court's intention it shall be the final act in the case. The entry of a judgment labeled as final is not actually final if it leaves certain matters like affirmative defenses unadjudicated.")

       The judgment against the Defendants became effective on April 20, 2022, as that is when the final judgment which presented the parties with finality was entered on the docket, thereby becoming public and giving notice to both the Trustee and Defendants. (Judgment, *Picard v. Sage Assoc. et al (In re BLMIS)*, No. 20-cv-10057-JFK (S.D.N.Y. Apr. 20, 2022), ECF No. 114). The Trustee's Complaint, filed on April 19, 2023, was within one year after the avoidance of the transfers on account of which the Complaint sought recovery. (Compl. ¶ 57, ECF No. 1); 11 U.S.C. § 550(f)(1). The Complaint was timely filed.

## Conclusion

For the foregoing reasons, Defendants' motion to dismiss is denied. The Trustee shall submit a proposed order within fourteen days of the issuance of this decision, directly to chambers (via E-Orders), upon not less than two days' notice to all parties, as required by Local Bankruptcy Rule 9074-1(a).



**Dated: October 3, 2023**
**Poughkeepsie, New York**

**/s/ Cecelia G. Morris**
_____
**Hon. Cecelia G. Morris**
**U.S. Bankruptcy Judge**