**BakerHostetler**

Baker&Hostetler LLP

Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5403

T 202.861.1500
F 202.861.1783
www.bakerlaw.com

October 5, 2023

Erika K. Thomas
direct dial: 202.861.1675
ekthomas@bakerlaw.com

**VIA ECF**

Honorable Cecelia G. Morris
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 627
New York, New York 10004-1408

Re:   *Picard v. Fairfield Investment Fund Ltd., et al.*, Adv. Pro. No. 09-01239 (CGM)

Dear Judge Morris:

      We represent Irving H. Picard, the trustee ("Trustee") for the liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") and the substantively consolidated estate of Bernard L. Madoff in the above-referenced adversary proceeding. We also represent the Trustee in a case which is no longer before this Court, which involves substantially the same parties and arises out of the same events and operative facts, *Picard v. Fairfield Greenwich Group, et al. (In re Fairfield Sentry)*, Adv. Pro. No. 10-03800 (JPM) (the "Assigned Claims Action," and together with this action, the "Fairfield Actions").[1]

      For the reasons below, we respectfully request that the Court extend the discovery deadlines in this action by one year as provided in the enclosed Proposed Case Management Order ("Proposed Order") and, should the Court require a conference to adjudicate this request, that such conference be scheduled as soon as practicable. Although the parties agreed in May 2022 to extend the discovery deadlines in the Fairfield Actions on consent, this is the first request to the Court for an extension of discovery deadlines. Under Local Rule 7007-1 and Your Honor's Chambers Rules, attached is a declaration certifying that the Trustee conferred with counsel for the defendants ("Defendants"), and that the Defendants have declined to consent to

---

[1] Pursuant to the applicable stipulated case management orders, this action and the Assigned Claims Action have coordinated discovery deadlines and procedures, and documents produced in one action are deemed produced in the other. For this reason, a corresponding request for extension of discovery deadlines and proposed order have also been submitted to the Honorable John P. Mastando III with respect to the Assigned Claims Action.

Honorable Cecelia G. Morris
October 5, 2023
Page 2

the requested extension. The declaration also contains additional information concerning the status of discovery in the Fairfield Actions.

## I.  Case Background

On August 28, 2020, the Trustee filed the second amended complaint in this action to avoid and recover fraudulent transfers the Defendants[2] received from BLMIS. ECF 286. On September 14, 2021, the Court issued an order denying Defendants' motion to dismiss as to all claims except those against Corina Noel Piedrahita in her individual capacity. ECF 339. On December 6, 2021, the court entered a Stipulated Case Management Order. ECF 353. On May 17, 2022, the Court entered a Stipulated Amended Case Management Order (the "CMO"). ECF 355. Currently, fact discovery is set to close in the Fairfield Actions on November 22, 2023.

## II.  There is Good Cause for the Requested Extension

Pursuant to paragraph 10 of the CMO, requests for modification of deadlines must be made to this Court, and the Court can grant requests upon a showing of "good cause."[3] In this case, the parties have been actively engaged in discovery since June 2021 and the Defendants continue to identify and produce documents responsive to the Trustee's requests. The parties recently reached agreement on search terms intended to identify documents responsive to the Trustee's Second Request to the Defendants for the Production of Documents, which were served in July 2023. However, as of this date, documents have yet to be produced in response to the Second Request for Production. Counsel for the Trustee and the Defendants have met and conferred regarding the request for a one-year extension of discovery deadlines, and despite agreement in principal on certain issues, have been unable to reach agreement concerning the requested extension of deadlines.

In an effort to maximize efficiency and minimize the financial burden on Defendants to the extent possible, the Trustee's initial discovery requests sought the production of documents previously compiled and produced by the Defendants and third parties in other proceedings arising from the Defendants' relationship with BLMIS, including investigations by the Securities and Exchange Commission, New York Attorney General, and the Massachusetts Securities Division, and the *Anwar* class action[4]. The Trustee was not a party to any of those proceedings, and as such, did not participate in formulating the document requests served therein, had no input on the search terms and parameters used to identify documents responsive to those requests, and did not participate in the depositions in those proceedings.

---

[2] Fairfield Investment Fund Limited, Stable Fund, Fairfield Greenwich Limited, Fairfield Greenwich (Bermuda) Limited, Fairfield Greenwich Advisors LLC, Fairfield International Managers, Inc., Walter Noel, Jeffrey Tucker, Andres Piedrahita, Amit Vijayvergiya, Philip Toub, Corina Noel Piedrahita, Fairfield Greenwich Capital Partners and Share Management LLC.
[3] *See also* Fed. R. Civ. P. 16(b)(4) (as incorporated by Fed. R. Bankr. P. 7016) ("[a] schedule may be modified only for good cause and with the judge's consent.").
[4] *Anwar v. Fairfield Greenwich Ltd.*, 09-CV-118 (VM)

Honorable Cecelia G. Morris
October 5, 2023
Page 3

      The parties' agreement to initially proceed with the production of discovery materials produced in prior proceedings enabled the Defendants to produce a large volume of documents to the Trustee relatively soon after discovery in this case commenced. The next step—which involves the Trustee's analysis of the documents to determine whether the documents produced address areas of unique importance to the Trustee—has been more time-consuming. This analysis has resulted in the Trustee serving requests for the production of documents to address gaps that were left by the discovery requests served and documents produced in prior proceedings. Counsel for the Defendants and the Trustee have engaged cooperatively throughout this process regarding additional discovery requested by the Trustee, and the Defendants have produced a total of approximately 1.2 million documents to date. The Defendants have made 19 productions of documents to the Trustee since January 2023 alone, and the productions are expected to continue. The fact that Defendants' production of documents relevant to the Trustee's claims is still ongoing makes it impossible for the Trustee to complete fact discovery within the current deadlines.

      The Trustee has worked in good faith with the Defendants to obtain materials responsive to the Trustee's requests, while simultaneously pursuing third-party discovery from the Defendants' third party vendors and others. Analyzing these productions, the Trustee continues to identify areas which require additional exploration through fact discovery and has also identified areas of potential agreement which will have the effect of defining and streamlining the discovery process and ultimately reducing attendant costs for all involved. The parties have agreed in principal to negotiate a stipulation regarding the use in this action and the Assigned Claims Action of testimony from prior proceedings in this case. However, the anticipated stipulation will not eliminate the Trustee's need to conduct depositions. The Trustee was not present when the prior testimony was given and continues to identify areas of questioning relevant to the Trustee's claims that have not yet been developed.

      The Trustee's receipt and analysis of documents which have either only recently been produced by the Defendants or which still remain outstanding will enable the Trustee to better determine the extent to which development of facts through depositions is required. The anticipated consensual resolution by the parties of issues relating to the admissibility of prior testimony, alternate means of obtaining Rule 30(b)(6) testimony, and authentication of documents, will also inform the scope of the Trustee's remaining discovery efforts.

      Accordingly, there is good cause for extending the discovery deadlines and the Trustee respectfully requests that the Court schedule a conference on the Trustee's application for a one-year extension of the discovery deadlines in accordance with the Proposed Order.

Respectfully submitted,

*/s/ Erika Thomas*

Erika Thomas

08-01789-cgm    Doc 23630    Filed 10/05/23    Entered 10/05/23 17:44:54    Main Document
Pg 4 of 4

Honorable Cecelia G. Morris
October 5, 2023
Page 4

Cc: Peter Kazanoff, Esq. (pkazanoff@stblaw.com)
Sara Ricciardi, Esq. (sricciardi@stblaw.com)
Jared Meyer, Esq. (jared.meyer@stblaw.com)
Kelsey Vickery, Esq. (kelsey.vickery@stblaw.com)
George Wang, Esq. (gwang@stblaw.com)
Fletcher W. Strong (fstrong@wmd-law.com)
Daniel J. Fetterman (dfetterman@kasowitz.com)
Andrew W. Hammond (ahammond@whitecase.com)
Andrew J. Levander (andrew.levander@dechert.com)
Neil A. Steiner (neil.steiner@dechert.com)