**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Plaintiff Irving H. Picard, Trustee for*
*the Substantively Consolidated SIPA*
*Liquidation of Bernard L. Madoff Investment*
*Securities LLC and the Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (CGM) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff, | Adv. Pro. No. 09-01239 (CGM) |
| Plaintiff, | |
| v. | |
| FAIRFIELD INVESTMENT FUND LIMITED, STABLE FUND, FAIRFIELD GREENWICH LIMITED, FAIRFIELD GREENWICH (BERMUDA), LTD., FAIRFIELD GREENWICH ADVISORS LLC, FAIRFIELD INTERNATIONAL MANAGERS, INC., WALTER NOEL, JEFFREY TUCKER, ANDRES PIEDRAHITA, AMIT VIJAYVERGIYA, PHILIP TOUB, CORINA NOEL | |

PIEDRAHITA, FAIRFIELD GREENWICH
CAPITAL PARTNERS, and SHARE
MANAGEMENT LLC,

                              Defendants.

## DECLARATION OF ERIKA THOMAS IN SUPPORT OF
## THE TRUSTEE'S REQUEST FOR INFORMAL CONFERENCE
## REGARDING EXTENSION OF DISCOVERY DEADLINES

I, Erika Thomas, pursuant to 28 U.S.C. § 1746, declare as follows:

1.    I am a member of the New York Bar and a partner at Baker & Hostetler LLP,

counsel for plaintiff Irving H. Picard, as trustee (the "Trustee") for the substantively

consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC

under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa–*lll*, and the estate of Bernard L.

Madoff.

2.    Pursuant to Local Bankruptcy Rule 7007-1 and the Honorable Cecelia G. Morris's

Chambers Rules the Trustee has conferred with counsel for the defendants regarding the

Trustee's application to extend the discovery deadlines in this adversary proceeding (the "SIPA

Action") and *Picard v. Fairfield Greenwich Group (In re Bernard L. Madoff Inv. Sec. LLC)*,

Adv. Pro. No. 10-03800 (CGM) (the "Assigned Claims Action", and together with the SIPA

Action, the "Fairfield Actions").

3.    The Trustee submits this Declaration in support of his request for an informal

conference on his application for an extension of the discovery deadlines in the SIPA Action.

Contemporaneously with this application, the Trustee is submitting the same request to the

Honorable John P. Mastando III with respect to the Assigned Claims Action, as discovery in the

Fairfield Actions is to be coordinated pursuant to the applicable case management orders.

2

**Relevant Procedural History**

4.      The Fairfield Actions comprise two separate sets of claims arising out of the same set of facts and circumstances related to the Defendants' involvement with Madoff's and BLMIS's decades-long Ponzi scheme.  The SIPA Action involves the Trustee's claims to avoid and recover fraudulent transfers of customer property stolen through the Ponzi scheme.  The Assigned Claims Action involves claims arising out of the contractual relationships between Fairfield-run feeder funds, their Fairfield-associated service providers, which received significant fees, and the service providers' principals.  Those claims, asserted by the liquidators of the Fairfield Sentry, Fairfield Sigma, and Fairfield Lambda funds, were assigned to the Trustee pursuant to a 2011 settlement.

5.      From the time the Fairfield Actions were filed, these actions have continually been impacted by litigation directly involving the Defendants, by court rulings that apply across the multitude of cases being prosecuted by the Trustee, and by settlements between the Trustee and Fairfield-affiliated parties.  Legal standards, such as the standard for pleading and proving the Defendants' lack of good faith, the applicability of the safe harbor provided by section 546 of the Bankruptcy Code, the extraterritorial application of the Bankruptcy Code, and other issues relevant to the claims asserted in the Fairfield Actions, have been litigated and appealed.  The Parties have also, through settlement, significantly narrowed the scope of defendants in the Fairfield Actions.

6.      The Parties also engaged in mediation, which though ultimately unsuccessful, clarified many of the issues subject to litigation in the Fairfield Actions.

7.      The Defendants were parties to a number of other proceedings arising from their relationships with BLMIS, including investigations by the Securities and Exchange Commission, the New York Attorney General, and the Massachusetts Securities Division, and the Anwar class

action, *Anwar v. Fairfield Greenwich Ltd.*, 09-CV-118 (VM) (S.D.N.Y.), and those proceedings

included discovery or other disclosures of information by the Defendants. The Trustee, however,

was not a party to any of those proceedings and, accordingly, he was not involved in formulating

the document requests therein, had no input on the search terms and parameters used to identify

documents responsive to those requests, and did not participate in depositions or interviews

conducted in those proceedings.

8.      The Parties recognized that those prior proceedings yielded a large volume of

materials and information relevant to the Fairfield Actions. In an effort to maximize efficiency

and minimize the financial burden on the Defendants to the extent possible, the Trustee's initial

discovery requests in the Fairfield Actions sought production of documents the Defendants

produced in prior proceedings. The Parties' agreement enabled the Defendants to produce a large

volume of documents to the Trustee relatively soon after discovery in the Fairfield Actions

commenced.

**Relevant Discovery History**

9.      The Trustee has continued thereafter to diligently conduct fact discovery in the

Fairfield Actions.  The Trustee's steady progress in discovery, including negotiating with the

Defendants to coordinate discovery between the Fairfield Actions, negotiating with third parties

to obtain documents and/or necessary consents for the Defendants' disclosure of discovery

materials, and other efforts to increase economic efficiency and to resolve discovery disputes

thus far, is detailed herein.

10.      Prior to the start of formal discovery in the Fairfield Actions, the Trustee engaged

in cooperative dialogue with the Defendants and made informal document requests.  On June 16,

2021 and August 10, 2021, the Defendants produced a total of approximately 568 documents to

the Trustee pursuant to these informal requests.  Since June 2021, the Defendants have produced,

on a rolling basis, a total of approximately 1.2 million documents to the Trustee. A summary list of documents produced to the Trustee in the Fairfield Actions is attached as Exhibit A.

11.    Counsel for the parties in the Assigned Claims Action met and conferred regarding discovery management procedures and deadlines in the Assigned Claims Action, and agreed to a stipulated Case Management Order which was entered by the Bankruptcy Court on August 2, 2021. (ECF. No. 174).

12.    Also on August 2, 2021, the Court entered an order stipulated by the parties in the Assigned Claims Action that the Litigation Protective Order entered in *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Bernard L. Madoff Inv. Sec. LLC)*, Adv. Pro. No. 08-01789 (CGM) (the "Main SIPA Action") on June 6, 2011, as modified, governs the disclosure of confidential information to the same extent in the Assigned Claims Action. (ECF No. 175).

13.    On September 1, 2021 and September 3, 2021, the parties served Initial Disclosures in the Assigned Claims Action.

14.    The Trustee served his First Requests for Production of Documents in the Assigned Claims Action on August 20, 2021 and his First Set of Interrogatories to Defendants in the Assigned Claims Action on December 21, 2021.

15.    On November 2, 2021, the Court entered an order stipulated by the parties in the Assigned Claims Action, appointing a discovery arbitrator. (ECF No. 176).

16.    Counsel for the parties met and conferred regarding discovery procedures and deadlines in the SIPA Action and agreed that all discovery produced in the Assigned Claims Action would be deemed produced in the SIPA Action and vice versa. The Court entered the parties' Stipulated Case Management Order in this action on December 6, 2021. (ECF No. 353).

17.     On January 5, 2022 and January 10, 2022, the parties in this action served Initial

Disclosures.  In February 2022, the Defendants were given access to the Trustee's electronic data

rooms containing millions of documents, including non-confidential documents produced to the

Trustee by third parties.  On February 3, 2022, Third-Party Defendant Fairfield Sentry produced

approximately 1,000 documents to the Trustee in the Assigned Claims Action.

18.     On April 22, 2022, Defendants in this action served the Defendants' First Request

for Production of Documents to the Trustee.  The parties met and conferred, and in June 2022,

the Trustee made two productions of documents to the Defendants (totaling approximately 4,500

documents).

19.     On May 17, 2022, the Court entered Stipulated Amended Case Management

Orders previously agreed upon and submitted by the parties in the Fairfield Actions (Assigned

Claims Action, ECF No. 179 and SIPA Action, ECF No. 355), establishing coordinated amended

discovery deadlines in the Fairfield Actions.

20.     In May 2022 and July 2022, the Trustee presented a draft proposed disclosure

stipulation and protective order to the Defendants, in an effort to resolve issues relating to

deficiencies the Trustee identified in the Defendants' logs of documents withheld or redacted in

the *Anwar* class action and various regulatory productions ("Logs")

21.     On November 17, 2022, the Trustee's counsel met and conferred with counsel for

the Defendants and the Fairfield entities' former general counsel to discuss the parties'

respective positions in the Fairfield Actions.

22.     On January 30, 2023, the Trustee served his First Request for Production of

Documents in this action.

23.     On January 26, 2023, the Trustee's counsel met and conferred with the

Defendants' counsel to discuss and attempt to resolve issues raised by the Trustee regarding

documents the Defendants redacted and/or withheld from prior productions on the basis of

assertions of attorney-client privilege.

24.     On January 30, 2023 and February 10, 2023, the Trustee produced a total of

approximately 782 documents to the Defendants, in response to the Defendants' First Request

for Production of Documents to the Trustee.

25.     During this time, the Trustee negotiated with the former independent directors of

Fairfield Sentry Fund to obtain their consent to the Defendants' disclosure of the independent

directors' discovery materials (including deposition testimony) in the *Anwar* class action to the

Trustee.  The Defendants subsequently produced these documents to the Trustee on February 28,

2023.

26.     The Trustee also successfully negotiated with a former consultant engaged by the

Defendants, to obtain his consent to the Defendants' disclosure of his discovery materials

(including deposition testimony) in the *Anwar* class action. The Defendants produced these

materials to the Trustee on March 22, 2023.

27.     On May 1, 2023, the Trustee sent a letter to the Defendants concerning the

Trustee's request for certain documents listed in the Defendants' Logs, including a detailed chart

of deficiencies the Trustee identified in the Logs.  The Trustee and the Defendants ultimately

resolved those issues by entering into a stipulation on June 22, 2023 (the "Disclosure

Stipulation"), in which they agreed, among other things, that the Defendants' production of

unredacted versions of documents contained on the Logs would not constitute a waiver of any

otherwise applicable privilege or protection.

28.     On May 4, 2023, the Trustee served third-party subpoenas on three of the
Defendants' service providers: GlobeOp Financial Services, Sitrick Group LLC and RiskMetrics
Group ("MSCI Inc."), and thereafter negotiated with counsel for these third parties concerning
their compliance with the subpoenas.  On July 13, 2023, August 10, 2023 and August 25, 2023,
MSCI Inc., Sitrick Group and GlobeOp, respectively, produced responsive documents to the
Trustee.

29.     Since May 2023, the Defendants have made 14 additional productions to the
Trustee, including a small number of financial records responsive to the Trustee's First Request
for Production of Documents in the SIPA Action; discovery produced by parties in the *Anwar*
class action, in response to the Trustee's First Requests for Production of Documents in the
Assigned Claims Action; and unredacted versions of documents withheld or redacted in the
*Anwar* class action, pursuant to the Disclosure Stipulation.

30.     On July 19, 2023, the Trustee served his Second Request to the Defendants for the
Production of Documents.  The Defendants acknowledged that there are documents responsive
to the Trustee's requests that were not produced in any prior proceedings, and therefore not yet
produced to the Trustee.  The Defendants asserted that it would require significant effort to
identify those not-yet-produced documents, the parties subsequently conferred regarding the
requests, and the Trustee agreed to undertake the task of developing search terms.  The Parties
have since met and conferred on search terms the Trustee proposed and on the "hit reports"
detailing the search results.  As of this date, although they have identified significant volumes of
documents responsive to the requests, the Defendants have not produced any such responsive
documents to the Trustee. The Trustee understands that productions are forthcoming, but the

exact volume and timing of those productions is not yet known. Also unknown is the extent to

which the proposed search terms will require further negotiation and revision.

<u>**The Trustee's Application for an Extension of Time**</u>

31.    On September 14, 2023, in connection with a scheduled meet and confer

regarding the Trustee's First and Second Requests for Documents in this action, the Trustee

informed Defendants of the Trustee's need for an extension of the fact discovery deadlines in the

Fairfield Actions.

32.    On September 15, 2023, the parties met and conferred regarding proposed search

terms for the Trustee's Second Request for Documents, financial information requested by the

Trustee in connection with the Trustee's First Request for Production of Documents, and the

Trustee's request for a one-year extension.

33.    At the Defendants' request, on September 27, 2023, the Trustee provided a non-

final list of depositions the Trustee intends to take in the Fairfield Actions, with the explanation

that the ultimate list of deponents would be contingent upon the conclusion of document

discovery, the Trustee's analysis of documents yet to be produced and possible agreement among

the parties on issues that will serve to streamline the remaining discovery process, such as the

admissibility of prior testimony, means of obtaining Rule 30(b)(6) testimony and the

authentication of business records.  The Trustee's September 27, 2023 letter is attached as

Exhibit B.

34.    The parties conferred again on October 2 and October 3, 2023, and reached

agreement in principal on the need to negotiate and finalize agreements on the admissibility of

prior testimony, means of obtaining Rule 30(b)(6) testimony, and authentication of documents,

among other issues.  A dispute remains as to the length of time reasonably necessary to

accomplish these goals and document discovery (including any supplemental requests), which

must be completed in order for the Trustee to determine the scope of remaining fact discovery

that remains.  In addition, as a condition to consenting to the requested extension of fact

discovery, the Defendants have requested concessions which the Trustee is unwilling to make as

a *quid pro quo* for the extension of fact discovery deadlines, namely: (i) approval of a SIPC

customer claim which is currently subject to a litigation hold due to the pending Fairfield

Actions, and (ii) dismissal of the Trustee's 6-year claims in this action.  The Defendants'

October 3, 2023 letter is attached as Exhibit C.

35.    Through these discussions, the Trustee has made a good faith effort to resolve the

dispute regarding the Trustee's request to extend the discovery deadlines, pursuant to Local

Bankruptcy Rule 7007-1 and Judge Morris's Chambers Rules. A proposed order detailing the

extended fact discovery deadlines requested is attached as Exhibit D.

36.    The Trustee submits this declaration pursuant to Local Bankruptcy Rule 7007-1

and Judge Morris's Chambers Rules to certify that counsel have conferred on this issue.

I hereby declare under penalty of perjury that the foregoing statements are true and

correct.

Executed on the 5th day of October 2023, at New York, New York.


*/s/ Erika Thomas*
Erika Thomas

# EXHIBIT A

| Production Date (Defendants) | Document Count | Page Count |
|---|---|---|
| 6/16/2021 | 97 | 322 |
| 8/10/2021 | 471 | 7,295 |
| 9/13/2021 | 255 | 5,347 |
| 10/15/2021 | 8,302 | 102,281 |
| 10/19/2021 | 370,794 | 3,790,952 |
| 11/4/2021 | 5,453 | 85,362 |
| 11/30/2021 | 449,779 | 1,872,984 |
| 12/1/2021 | 164,062 | 1,959,432 |
| 12/10/2021 | 2,995 | 8,014 |
| 12/17/2021 | 5,679 | 521,222 |
| 12/22/2021 | 718 | 10,211 |
| 1/11/2022 | 14,787 | 164,440 |
| 1/14/2022 | 10 | - |
| 1/28/2022 | 36 | 387 |
| 2/3/2022 | 1,026 | 2,101 |
| 2/11/2022 | 175 | 2,222 |
| 2/18/2022 | 2,202 | 512,728 |
| 2/23/2022 | 9,585 | 1,399,923 |
| 3/1/2022 | 100 | 1,239 |
| 3/11/2022 | 4,062 | 176,376 |
| 3/16/2022 | 63 | 1,408 |
| 4/6/2022 | 6 | 134 |
| 4/25/2022 | 354 | - |
| 5/3/2022 | 39,956 | 280,126 |
| 8/8/2022 | 220 | 3,364 |
| 9/7/2022 | 12,947 | 97,696 |
| 2/28/2023 | 33 | 410 |
| 2/28/2023 | 792 | 9,849 |
| 3/22/2023 | 39 | 785 |
| 3/22/2023 | 65,566 | 69,562 |
| 5/10/2023 | 42 | 113 |
| 5/10/2023 | 14 | 37 |
| 6/16/2023 | 62 | 396 |
| 6/27/2023 | 358 | 2,835 |
| 6/27/2023 | 375 | 2,807 |
| 6/29/2023 | 18 | 296 |
| 6/29/2023 | 36,159 | 235,004 |
| 7/5/2023 | 65 | 317 |
| 7/20/2023 | 500 | 3,287 |
| 7/27/2023 | 703 | 4,904 |
| 8/17/2023 | 4,701 | 43,745 |
| 8/28/2023 | 951 | 7,284 |
| 9/8/2023 | 2,248 | 17,280 |
| 9/25/2023 | 1,303 | 9,133 |

| Production Date (Defendants) | Document Count | Page Count |
|---|---|---|
| Total | 1,208,063 | 11,413,610 |

| Production Date (Third Parties) | Document Count | Page Count |
|---|---|---|
| 7/13/2023 | 5,917 | 42,209 |
| 8/10/2023 | 1,362 | 1,565 |
| 8/25/2023 | 81 | 1,465 |
| Total | 7,360 | 45,239 |

| Production Date (Third-Party Defendant) | Document Count | Page Count |
|---|---|---|
| 1/14/2022 | 10 | 0 |
| 2/3/2022 | 1,362 | 2,101 |
| Total | 1,372 | 2,101 |

# EXHIBIT B

# BakerHostetler

Baker&Hostetler LLP

Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5403

T  202.861.1500
F  202.861.1783
www.bakerlaw.com

Erika K. Thomas
direct dial: 202.861.1675
ekthomas@bakerlaw.com

September 27, 2023

**VIA E-MAIL TO PKAZANOFF@STBLAW.COM**

Peter Kazanoff
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, NY 10017

Re:    *Picard v. Fairfield Investment Fund Ltd., et al.*, Adv. Pro. No. 09-01239 (CGM); *Picard v. Fairfield Greenwich Group, et al.* (*In re Fairfield Sentry Ltd.*), Adv. Pro. No. 10-03800 (JPM)

Dear Pete:

This letter is to follow up on our September 15th discussion concerning the Trustee's request for a 1-year extension of the fact discovery deadline in the above-captioned actions. In response to your request, and without prejudice to any subsequent changes, I'm writing to provide additional detail concerning fact discovery the Trustee intends to complete during the extension.

To date, with the Defendants' cooperation, the Trustee has attempted to streamline fact discovery in several ways, including by requesting the production of documents and testimony provided in prior BLMIS-related proceedings in which the Trustee was not a party. Our review of these and other productions from the Defendants and third-parties has made clear that further discovery is required, which prompted our request for previously withheld or redacted documents, and service of additional document requests. The Defendants' still ongoing rolling productions to the Trustee confirm that documents relevant to the Trustee's claims were not produced in prior proceedings and continue to be identified. We have conferred with you formally and informally in good faith on a number of discovery issues, including, most recently, on search terms relating to the Trustee's Second Request to the Defendants for the Production of Documents. As you know, formulating search parameters based on the document requests is an iterative process. We are still working on search terms to address all of the outstanding requests, and the Trustee is awaiting production of the results from our recently agreed-upon search terms.

Peter Kazanoff
September 27, 2023
Page 2

     The current status of productions in response to the Trustee's outstanding document requests, notwithstanding diligence on all sides in moving the discovery process forward, provides good cause for the requested extension.  The Trustee believes the requested extension of time to complete fact discovery is both reasonable and necessary in light of the substantial volume of documents produced to date in these actions, including 19 productions from the Defendants since February of this year, and the anticipated volume of documents still remaining to be produced.

     The interests of all parties are best served if document productions are completed, and the Trustee is provided the opportunity to review and analyze responsive documents, before we proceed to depositions.  For obvious reasons, it would be burdensome and impractical for the Trustee to partially depose witnesses while relevant documents are still being compiled, and then to complete depositions of the same witnesses after all relevant document productions have been completed.

     Below is a non-final list of witnesses whose depositions we intend to take, subject to change and/or agreement regarding the admissibility of prior testimony[1]:

1. Gil Berman
2. Robert Blum
3. Anthony Dell'Arena
4. Harold Greisman
5. Mami Hidaka
6. Jennifer Keeney
7. Dan Lipton
8. Andrew Ludwig
9. Mark McKeefrey
10. Gordon McKenzie
11. Charles Oddy
12. Kim Perry
13. Andres Piedrahita
14. Andrew Smith
15. Philip Toub
16. Jeff Tucker
17. Amit Vijayvergiya
18. John Wartman

     We expect to proceed through these depositions efficiently.  With respect to witnesses who were deposed in prior proceedings, we have prepared a draft stipulation for your consideration, which would permit the use of prior testimony to the same extent as testimony given in the Trustee's SIPA and Assigned Claims actions.  We believe that reaching agreement concerning the admissibility of prior testimony will significantly reduce the scope of questioning

---

[1] In light of the Trustee's ongoing review of the Defendants' productions, we reserve our rights with respect to this list of witnesses, including as to the scope, length and number of depositions conducted.

Peter Kazanoff
September 27, 2023
Page 3

in many of the proposed depositions (thereby reducing the deposition time required), and may eliminate the need for certain depositions altogether.

In lieu of or in addition to the deponents on the foregoing list, the Trustee also reserves all rights with respect to possible depositions of (i) employees of certain of the Fairfield funds' third-party service providers and (ii) designated Rule 30(b)(6) witnesses. The Trustee currently intends to notice Rule 30(b)(6) depositions for Fairfield Greenwich Advisors, Fairfield Greenwich Bermuda, Fairfield Greenwich Capital Partners, Fairfield Greenwich Limited, Fairfield International Managers, Fairfield International Fund Limited, Share Management and Stable Fund. Please let us know which individuals you intend to designate as 30(b)(6) witnesses with knowledge concerning these entities. As with the individual deponents listed above, subject to agreement regarding the admissibility of prior testimony, we may be able to limit the scope of questioning for entities that provided Rule 30(b)(6) testimony in prior proceedings. We are also open to discussing proposals to reduce the burden on certain Rule 30(b)(6) witnesses, which might include proceeding by depositions upon written questions or through interrogatories and requests for admission.

We hope the Parties' cooperative approach to discovery will continue and welcome your thoughts on how to proceed as efficiently as reasonably possible toward the conclusion of fact discovery in these actions. As discussed, we also hope to reach an agreement concerning an extension of the fact discovery deadline on consent; if not, the Trustee will present this request to the Bankruptcy Court for decision.

Please confirm your clients' position with respect to this request, and contact me to discuss next steps.

Sincerely,

*/s/ Erika Thomas*

Erika Thomas

Cc:
    Sara Ricciardi, Esq. (sricciardi@stblaw.com)
    Jared Meyer, Esq. (jared.meyer@stblaw.com)
    Kelsey Vickery, Esq. (kelsey.vickery@stblaw.com)
    George Wang, Esq. (gwang@stblaw.com)

# EXHIBIT C

# Simpson Thacher & Bartlett LLP

425 LEXINGTON AVENUE
NEW YORK, NY 10017-3954

TELEPHONE: +1-212-455-2000
FACSIMILE: +1-212-455-2502

Direct Dial Number
+1-212-455-3525

E-mail Address
pkazanoff@stblaw.com

<u>BY E-MAIL</u>                                        October 3, 2023

Re:    *Picard v. Fairfield Investment Fund Ltd., et al.*, Adv. Pro.
No. 09-01239 (CGM) (the "SIPA Action"); *Picard v.
Fairfield Greenwich Group, et al. (In re Fairfield Sentry
Ltd.)*, Adv. Pro. No. 10-03800 (JPM) (the "Assigned
Claims Action") (collectively, the "Actions")

Erika K. Thomas
Baker & Hostetler LLP
Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5403

Dear Erika:

We write in response to your September 27, 2023 letter and further to our October 2, 2023 meet and confer regarding discovery deadlines in the Assigned Claims and SIPA Actions.

In May 2022, defendants agreed to extend the deadlines in both the Assigned Claims and the SIPA Actions—for seventeen months and one year, respectively. At the time, we did not think such lengthy extensions were necessary, but we accommodated the Trustee's requests to ensure that we would not need to go back to the court for another extension.

The Trustee's current request for a second, lengthy extension of discovery is overly burdensome on defendants. Between June 2021 and March 2022, defendants produced to the Trustee prior productions from other Madoff-related investigations and proceedings, totaling nearly 9 million pages. Those prior productions were made 12 to 14 years ago and given the passage of time and outdated technology, defendants incurred great expense providing them to the Trustee. Defendants also have borne the expense of producing to the Trustee more than 2 million pages of third-party documents, including 51 deposition transcripts and 1,329 related documents.

Included in those prior productions were deposition transcripts and related documents for 21 Fairfield individuals, including all individual defendants in the Assigned

BEIJING    BRUSSELS    HONG KONG    HOUSTON    LONDON    LOS ANGELES    PALO ALTO    SÃO PAULO    TOKYO    WASHINGTON, D.C.

Erika K. Thomas                           -2-                          October 3, 2023

Claims and SIPA Actions.  Some defendants testified in more than one prior proceeding.
The Trustee is now seeking yet another extension of the discovery deadline to take
depositions.  Any possible benefit of deposing individuals in 2024 about events from 16 to
21 years earlier, especially where many of the same individuals were previously deposed 12
to 14 years ago in other proceedings, is outweighed by the burden of unnecessarily draining
defendants' remaining resources.

Defendants' cooperation has been unstinting.  In addition to the aforementioned
massive productions, at the Trustee's request, beginning in May 2023, defendants started
producing copies of certain documents previously withheld or redacted in prior productions.
We expect to complete that production well before the fact discovery deadline in both
Actions.

On July 19, 2023 – roughly 16 months after defendants provided the Trustee with all
of their prior productions from other Madoff-related investigations and proceedings – we
received the Trustee's Second Request for the Production of Documents in the SIPA Action.
We have been diligently negotiating search terms with you with respect to these requests
and we expect to begin a rolling production this week.  We are processing the additional
search terms you proposed on September 28, 2023 and will share hit count reports with you
as we have done in the past.  Assuming the parties continue to work cooperatively with
respect to the additional search terms, we fully expect to complete our production in
response to the Trustee's Second Request by the end of this month.

As I explained on our call, defendants are willing to work with the Trustee to set a
reasonable and, critically, a firm schedule to complete some limited, additional fact
discovery in these Actions, which have been pending for more than 12 years.  Defendants
are quite ready to negotiate and enter into a stipulation concerning the use of prior testimony
and receive a final, targeted list of individuals the Trustee intends to depose in these Actions.

As I also explained on our call, defendants request that in connection with an
extension of the discovery schedule, the Trustee will agree to lift the litigation hold on the
SIPC claim of Greenwich Emerald, LLC.  The reason for this request is twofold.  First,
Emerald was a "customer" and received no transfers from BLMIS.  Paying the Emerald
claim would be without prejudice to the Trustee's pending claims seeking to claw back
transfers from defendants.  Second, defendants' March 2022 agreement to substantial
extensions of the discovery deadlines in both Actions was based on the assumption that fact
discovery would close by November 2023.  Defendants' resources are limited and they have
incurred significant defense costs since March 2022 in order to comply with the November
2023 discovery cutoff.  Payment of the Emerald claim would help offset the cost of these
protracted cases, including the significant additional cost to defendants of another
substantial period of discovery.

Finally, we believe the Trustee has had ample time to review defendants' and third
parties' documents and deposition transcripts and to satisfy himself that no one at Fairfield
had actual knowledge that BLMIS was not trading securities. Additionally, as the Trustee is
aware, the key issue for the six-year claims – actual knowledge – was the central issue in
Fairfield's prior Madoff-related regulatory proceedings and the *Anwar* class action, which

Erika K. Thomas                    -3-                    October 3, 2023

defendants resolved over a decade ago.  There is no evidence that any defendant had actual knowledge that Madoff was not trading securities.  As noted on our call, dismissing the actual knowledge claims against defendants would allow the parties to streamline the remaining proceedings necessary to bring these long-running Actions to conclusion.

     We look forward to the Trustee's response to this letter.

Sincerely,

Peter Kazanoff

# EXHIBIT D

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | No. 08-01789 (CGM) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff, | Adv. Pro. No. 09-01239 (CGM) |
| Plaintiff, | |
| v. | |
| FAIRFIELD INVESTMENT FUND LIMITED, STABLE FUND, FAIRFIELD GREENWICH LIMITED, FAIRFIELD GREENWICH (BERMUDA), LTD., FAIRFIELD GREENWICH ADVISORS LLC, FAIRFIELD INTERNATIONAL MANAGERS, INC., WALTER NOEL, JEFFREY TUCKER, ANDRES PIEDRAHITA, AMIT VIJAYVERGIYA, PHILIP TOUB, CORINA NOEL PIEDRAHITA, FAIRFIELD GREENWICH CAPITAL PARTNERS and SHARE MANAGEMENT LLC, | |
| Defendants. | |

**[PROPOSED] CASE MANAGEMENT ORDER**

**WHEREAS** pursuant to Federal Rules of Civil Procedure 16 and 26, made applicable by Bankruptcy Rules 7016 and 7026, Plaintiff Irving H. Picard, as trustee (the "Trustee") for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC, under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa–*lll*, and the chapter 7 estate of Bernard L. Madoff, and defendants Fairfield Investment Fund Limited, Stable Fund L.P., Fairfield Greenwich Limited, Fairfield Greenwich (Bermuda) Limited, Fairfield Greenwich Advisors LLC, Fairfield International Managers, Inc., Walter Noel, Jr., Jeffrey Tucker, Andrés Piedrahita, Amit Vijayvergiya, Philip Toub, Corina Noel Piedrahita, Fairfield Greenwich Capital Partners, and Share Management LLC (collectively, "Defendants" and together with the Trustee, the "Parties"), agreed to a Stipulated Amended Case Management Order that was entered by this Court on May 17, 2022.

**WHEREAS** the Parties previously agreed in Section 2(c) of the Stipulated Amended Case Management Order that all fact discovery is to be completed by November 22, 2023 (the "Fact Discovery Cut-Off Date");

**WHEREAS** the Parties further agreed in Section 2(d) of the Stipulated Amended Case Management Order that all expert discovery is to be completed by August 23, 2024 (the Expert Discovery Cut-Off Date");

**WHEREAS** the Parties further agreed in Section 2(f) of the Stipulated Amended Case Management Order that they may serve requests for documents no later than 45 days before the Fact Discovery Cut-Off Date;

**WHEREAS** the Parties further agreed in Section 2(g) of the Stipulated Amended Case Management Order that they may serve interrogatories in accordance with Local Bankruptcy Rules 7033-1(a) or 7033-1(b) no later than 45 days before the Fact Discovery Cut-Off Date;

**WHEREAS** the Parties further agreed in Section 2(h) of the Stipulated Amended Case Management Order that they may serve requests for admission no later than 45 days before the Fact Discovery Cut-Off Date;

**WHEREAS** the Parties further agreed in Section 2(i) of the Stipulated Amended Case Management Order that all depositions (excluding any expert depositions) must be completed by the Fact Discovery Cut-Off Date;

**WHEREAS** the Parties further agreed in Section 2(m) of the Stipulated Amended Case Management Order that expert disclosures required by Federal Rule of Civil Procedure 26(a)(2) must be made on or before February 23, 2024;

**WHEREAS** the Parties further agreed in Section 2(m) of the Stipulated Amended Case Management Order that all disclosures of opposition expert testimony required by Federal Rule of Civil Procedure 26(a)(2) must be made on or before April 5, 2024;

**WHEREAS** the Parties further agreed in Section 2(m) of the Stipulated Amended Case Management Order that applications for permission of the Court for testimony (i) by an expert that has not been disclosed in accordance with the Rules, and (ii) on any issue that is beyond the scope of the opinion covered by the disclosures must be made no later than April 19, 2024;

**WHEREAS** the Parties further agreed in Section 2(m) of the Stipulated Amended Case Management Order that all depositions of expert witnesses must occur on or before the Expert Discovery Cut-Off Date;

WHEREAS the Parties further agreed in Section 6 of the Stipulated Amended Case Management Order that a request for a pre-motion conference relating to a motion for summary judgment must be made in writing on or before August 23, 2024;

**NOW THEREFORE**, it is ORDERED that

1.      The deadline for the Parties to:

(i) complete all fact discovery under Section 2(c) of the Amended Case Management

Order shall be extended from November 22, 2023 to November 22, 2024 (the "Extended Fact

Discovery Cut-Off Date");

(ii) complete all expert discovery under Section 2(d) of the Amended Case Management

Order shall be extended from August 23, 2024 to August 22, 2025 (the "Extended Expert

Discovery Cut-Off Date");

(iii) serve requests for documents under Section 2(f) of the Amended Case Management

Order shall be no later than 45 days before the Extended Fact Discovery Cut-Off Date;

(iv) serve interrogatories under Section 2(g) of the Amended Case Management Order

shall be no later than 45 days before the Extended Fact Discovery Cut-Off Date;

(v) serve requests for admission under Section 2(h) of the Amended Case Management

Order shall be no later than 45 days before the Extended Fact Discovery Cut-Off Date;

(vi) complete all depositions (excluding any expert depositions) under Section 2(i) of the

Amended Case Management Order shall be the Extended Fact Discovery Cut-Off Date;

(vii) make all expert disclosures under Section 2(m) of the Amended Case Management

Order shall be extended from February 23, 2024 to February 21, 2025;

(viii) complete all disclosures of opposition expert testimony under Section 2(m) of the

Amended Case Management Order shall be extended from April 5, 2024 to April 4, 2025;

(ix) make all applications for permission of the Court for testimony (i) by an expert that

has not been disclosed in accordance with the Rules, and (ii) on any issue that is beyond the

scope of the opinion covered by the disclosures under Section 2(m) of the Amended Case

Management Order shall be extended from April 19, 2024 to April 18, 2025;

(x) complete all depositions of expert witnesses under Section 2(m) of the Amended Case

Management Order shall be the Extended Expert Discovery Cut-Off Date and

(xi) make a request in writing for a pre-motion conference relating to a motion for

summary judgment under Section 6 of the Amended Case Management Order shall be extended

from August 23, 2024 to August 22, 2025.

2.      To the extent not modified herein, the provisions of the May 17, 2021 Stipulated

Amended Case Management Order remain in full force and effect.