

Eric B. Fisher
Binder & Schwartz LLP
675 Third Avenue 26th Floor
New York, NY 10017

(T) 212.933.4551
(F) 212.510.7299
efisher@binderschwartz.com

October 12, 2023

**By ECF**

The Honorable Cecelia G. Morris
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 627
New York, New York 10004

Re:   *Picard v. Legacy Capital Ltd.*, Adv. Pro. No. 10-05286 (CGM) (Bankr. S.D.N.Y.)

Dear Judge Morris:

We represent Legacy Capital Ltd. ("Legacy") in Adv. Pro. No. 10-05286 (the "Legacy Case") and write in advance of the upcoming October 18 conference to set forth the basis for Legacy's opposition to the Trustee's request for an 18-month extension of the fact discovery deadline.[1] The Trustee has not been diligent in trying to meet the discovery deadlines set by the Court and, accordingly, has failed to show good cause sufficient to justify the extraordinary extension of time that he seeks.

As a defendant, Legacy has found itself in the atypical position of urging the Trustee to advance his own case, and now respectfully requesting that the Court enforce deadlines that will require the Trustee to do so. After years of litigation, the Legacy Case now boils down to a single fraudulent transfer claim, against a single defendant, involving the single issue of Legacy's good faith. It is not a complicated case. In his submission to the Court, the Trustee conflates the progress of consolidated discovery on the issue of Legacy's good faith with discovery on the remaining issues in the Subsequent Transferee Case to create the misimpression that both cases need to be slowed down by many months. But this Court consolidated discovery only as to the issue of Legacy's good faith, ECF No. 269, and fact discovery in the Legacy Case has advanced to the point where it can, and should, be concluded soon. The Legacy Case, which was filed in 2010, should not be delayed by the timetable of the Subsequent Transferee Case, which was filed a decade later in 2020 and involves later events and issues wholly unrelated to Legacy's good faith. Moreover, resolution of the issue of Legacy's good faith is a threshold issue; if Legacy is successful in proving its good faith, that will likely resolve both cases in full.

The case management order entered by this Court on June 13, 2022 (the "CMO"), provided for an 18-month period (until December 22, 2023) for fact discovery. The CMO provides that, consistent with FRCP 16(b)(4), the discovery schedule may be modified only upon a "showing of good cause." It is well settled that "a finding of 'good cause' depends on the

---

[1] Our firm also represents defendant Rafael Mayer in the related lawsuit filed by the Trustee, *Picard v. Mayer*, Adv. Pro. No. 20-0316 (the "Subsequent Transferee Case").

diligence of the moving party," *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000), and requires that the party seeking the extension demonstrate that "despite its having exercised diligence, the applicable deadline could not have been reasonably met." *Sokol Holdings, Inc. v. BMD Munai, Inc.*, No. 05–CV–3749, 2009 WL 2524611, at *7 (S.D.N.Y. Aug. 14, 2009). Where the proposed amendment rests on information "that the party knew, or should have known, in advance of the deadline," good cause does not exist. *Id.* at *8.

Here, the Trustee's actions (or, more accurately, inactions) have been the opposite of diligent:

- For the first *seven months* following entry of the CMO, the Trustee did not send a single discovery request or subpoena to any party or non-party;

- It was not until January 23, 2023, that the Trustee served his first requests for the production of documents on Legacy, even though the Trustee represented to this Court that he started working on discovery requests in 2021, Thirty-Eighth Application for Interim Compensation from Aug. 1, 2021 through Nov. 30, 2021, dated Mar. 3, 2022 ¶¶ 250, 254, *SIPC v. BLMIS*, No. 08-1789 (CGM) (SDNY Bankr.) (Dkt. No. 21212);

- On May 9, 2023, Legacy served document requests on the Trustee; the Trustee did not produce his first document (apart from passing along third-party productions) until September 12, 2023, following Legacy's September 1, 2023 letter to Judge Maas (ret.) raising concerns about the Trustee's delays and opposing his extension request[2]; and

- Before the September 22, 2023 deadline for the service of document requests and subpoenas, the Trustee did not serve subpoenas on Legacy's service providers (many of whom he has known about for years), as he told this Court on September 7 he intended to do, nor did he serve subpoenas on Legacy's auditors, or pursue any of the foreign discovery that he has been talking about since before entry of the CMO more than a year ago.

Notwithstanding the Trustee's lack of diligence, due to Legacy's efforts, consolidated discovery on the issue of Legacy's good faith is proceeding at a pace that, at most, requires a modest extension of the discovery deadline. The Trustee's statement in his letter to the Court that he has received "only [a] limited production[]" from Legacy is false. Legacy has made

---

[2] The Trustee objects to Legacy having raised this scheduling dispute before Judge Maas, instead of this Court. Yet, in the Trustee's initial email to us requesting our consent for up to two years of additional fact discovery, the Trustee himself indicated that "[t]he Trustee would prefer to resolve the schedule dispute amicably rather than *make an application to Judge Maas*." (emphasis added). The Trustee omitted this correspondence from his voluminous submissions to the Court. Regardless of the forum, all we want is to hold the Trustee to court-ordered deadlines.

Hon. Cecelia G. Morris
October 11, 2023
Page 3

rolling document productions to the Trustee on May 23, June 30, July 31, August 25, September 8, September 15, September 22, and September 29. To date, these productions total 34,512 documents, consisting of 124,989 pages. Legacy anticipates that document production on all issues of good faith—from Legacy and from all defendants in the Subsequent Transferee Action with custody of relevant documents—will be completed by the end of November.

Third-party discovery from the two entities that are central to the Trustee's allegations in the amended complaint—Renaissance Technologies LLC ("Renaissance") and BNP Paribas ("BNP")—is also advanced. In August 2023, Renaissance completed its document production to the Trustee, explaining "if you were to ask us to produce any additional documents relating to this matter, we would not know where to look." Legacy has now subpoenaed the deposition of Nathaniel Simons, one of the key Renaissance witnesses, for November 14, 2023. Mr. Simons has agreed to appear on that date. In October 2022, Legacy subpoenaed documents from BNP and in February 2023, subpoenaed the deposition of Adam Albin, a former employee of BNP. The parties reached agreement on search parameters for BNP's document production a few weeks ago, and we now expect BNP to produce the agreed documents and Mr. Albin is available to be deposed on December 11 or 12, before the December 22, 2023 fact discovery deadline.

Depositions already have begun to proceed. Yesterday the Trustee and Legacy took the deposition of a witness in Austin, Texas, concerning one of the key allegations in the Trustee's complaint.

The Trustee did not meaningfully engage in discovery until after Legacy raised this dispute before Judge Maas. If the Trustee had been making a similar effort from the start of discovery in June 2022, there would have been no need for the Trustee to seek any extension of the fact discovery deadline, let alone an additional one and a half years. If the Trustee is not held to firm deadlines, he will continue to delay resolution of the Legacy Case for years to come, while memories about events that happened twenty years ago continue to fade and witnesses age and die. As we have advised the Trustee, we are amenable to a 45-day extension of the discovery deadlines in the Legacy Case, but no more. For the Court's consideration, we respectfully attach hereto as Exhibit A a proposed order implementing a 45-day extension of the fact discovery deadline with respect to Legacy's good faith, with expert discovery to conclude by September 30, 2024 (not the spring of 2026, as the Trustee seeks).

We thank the Court for its assistance in resolving this dispute.

Respectfully,

/s/ Eric B. Fisher
Eric B. Fisher

cc:     Counsel of Record (by ECF and email)