**OLSHAN**

1325 AVENUE OF THE AMERICAS ▪ NEW YORK, NEW YORK 10019
TELEPHONE: 212.451.2300 ▪ FACSIMILE: 212.451.2222

EMAIL: JKOEVARY@OLSHANLAW.COM
DIRECT DIAL: 212.451.2265

October 13, 2023

**BY ECF**

Hon. Cecelia G. Morris
United States Bankruptcy Court
Southern District of New York
One Bowling Green
Chambers 627
New York, New York 10004-1408

    Re:    *Picard v. Sage et al.*, Adv. Pro. No. 23-01099: Request to Convert Opinion to Proposed Findings of Fact and Conclusions of Law Pursuant to 28 U.S.C. § 157(c)(1)

Dear Judge Morris:

Olshan Frome Wolosky LLP represents the Defendants in the above-referenced adversary proceeding. On Wednesday, October 11, in accordance with Your Honor's October 3 *Memorandum Decision Denying in Part and Granting in Part Defendants' Motion to Dismiss* (the "Opinion"), Plaintiff noticed a proposed order for submission as early as today.

We write to respectfully request that Your Honor refrain from entering the order and convert the Opinion to proposed findings of fact and conclusions of law, subject to review by the District Court pursuant to 28 U.S.C. § 157(c)(1) and Fed. R. Bankr. P. 9033.[1]

The Complaint has two counts. Count Two (declaratory judgment) is not statutorily core. Although Count One (subsequent transferee under Bankruptcy Code section 550) is a core matter pursuant to 28 U.S.C. § 157, in both the notice of motion to dismiss and the accompanying memorandum, Defendants affirmatively indicated that they do not consent to final order or judgment of the Bankruptcy Court. Moreover, neither Defendant has filed a customer claim to invoke this Court's equitable jurisdiction.

Respectfully, Defendants submit that the Bankruptcy Court does not have the constitutional authority to enter an order on the motion to dismiss because they have not filed customer claims, the subsequent transferee claim is in the nature of a private right, and the Defendants have affirmatively indicated their lack of consent to a final order or judgment of the Bankruptcy Court. *See Stern v. Marshall*, 564 U.S. 462, 482, 493, 497 (2011). *See also Picard v. BAM L.P.*

---

[1] On June 1, 2023, the Defendants filed a motion to withdraw the reference of this adversary proceeding. That motion is pending before the District Court.

OLSHAN FROME WOLOSKY LLP      WWW.OLSHANLAW.COM

12238296-1

October 13, 2023
Page 2

*(In re Bernard L. Madoff Invest. Securities LLC)*, 612 B.R. 258, 263 n.5 (S.D.N.Y. 2020) (noting Supreme Court holdings that fraudulent transfer claims were in the nature of a private right).

"When the bankruptcy court lacks constitutional authority over a core claim . . . the bankruptcy court can 'simply treat[ ] the . . . claim as non-core" and proceed under § 157(c)(1) . . . .  In such a circumstance, the 'bankruptcy court should hear the proceeding and submit proposed findings of fact and conclusions of law to the district court for de novo review and entry of judgment.'" *Picard*, 612 B.R. at 263 (quoting *In re Executive Benefits Ins. Agency*, 573 U.S. 25, 36 (2014)). *See also, e.g., Slobodian v. Pennsylvania State University (In re Fisher)*, 575 B.R. 640 (Bankr. M.D. Pa. 2017) (issuing proposed findings of fact under 28 U.S.C. § 157(c)(1) on a motion to dismiss a fraudulent transfer claim under Bankruptcy Code section 548 where defendant did not consent to jurisdiction).

For the foregoing reasons, the Defendants respectfully request that no order be entered on the motion to dismiss by this Court and that the Court instead issue proposed findings of fact and conclusions of law.

Respectfully submitted,

/s/ Jonathan T. Koevary

Jonathan T. Koevary

cc:     Counsel of record by ECF

12238296-1