**COHEN & GRESSER LLP**

800 Third Avenue
New York, NY 10022
+1 212 957 7600 phone
www.cohengresser.com

Daniel H. Tabak
212-957-7606
dtabak@cohengresser.com

October 12, 2023

**VIA ECF**

The Honorable Cecelia G. Morris
United States Bankruptcy Court for the Southern District of New York
355 Main Street
Poughkeepsie, NY 12601-3315

Re: *Picard v. Mayer*, Adv. Pro. No. 20-01316 (CGM)

Dear Judge Morris:

      We represent Prince Capital Partners LLC and Prince Resources LDC (together, the "Prince Defendants") and write on behalf of all active defendants in the above-referenced adversary proceeding (the "Subsequent Transferee Action") in response to the Trustee's September 7, 2023 request for a conference regarding an 18-month extension of fact discovery in this proceeding and *Picard v. Legacy Capital Ltd.*, Adv. Pro. No. 10-05286 (CGM) (the "Legacy Action," and together with the Subsequent Transferee Action, the "Actions"). Defendants respectfully request that any extension of fact discovery in this adversary proceeding be limited to six months beyond the Legacy Action fact deadline and be accompanied by a shortening of the expert discovery time period and a finding that the Trustee is not entitled to prejudgment interest.

      **Background.** The Trustee filed his complaint in the Subsequent Transfer Action in November 2020 alleging subsequent transfer claims against various entity defendants and alter ego allegations against two individual defendants. As to the Prince Defendants, the Trustee alleges that they are third-, fourth-, or fifth-level transferees of transfers from BLMIS to Legacy. Motions to dismiss were held in abeyance pending the Second Circuit's decision in *Picard v. Citibank, N.A.*, which vacated the dismissal of certain claims in the Legacy Action and held that defendants bear the burden of demonstrating good faith. Recognizing "the impact of the Second Circuit's [*Citibank*] decision" on the Actions, the Trustee's counsel promptly responded in 2021 by "prepar[ing] discovery requests for party and third-party witnesses" in both Actions, and the Trustee's counsel was compensated for this work.[1]

      The Defendants in the Subsequent Transferee Action filed their answers in January 2022, and this Court consolidated the Actions for discovery purposes on the issue of good faith in April 2022. The non-consolidated issues in the Subsequent Transferee Action are tracing and the Trustee's alter ego allegations. In August 2022, the Court entered a case management order in this adversary proceeding that provided for the same discovery deadlines as the Legacy Action: December 22, 2023 for fact discovery and September 30, 2024 for expert discovery.

---

[1] Thirty-Eighth Application for Interim Compensation from Aug. 1, 2021 through Nov. 30, 2021, dated Mar. 3, 2022 ¶¶ 250, 254, *SIPC v. BLMIS*, No. 08-1789 (CGM) (SDNY Bankr.) (Dkt. No. 21212).

The Honorable Cecelia G. Morris
October 12, 2023
Page 2

**Status of Discovery.**  Despite (i) being compensated for work done in *2021* preparing discovery requests to parties and third parties and (ii) receiving Defendants' answers on January 10, *2022*, the Trustee did not serve party document requests until January 23, *2023*, and he did not serve a single document subpoena to a third party in this adversary proceeding before the deadline for those subpoenas passed.  The Trustee also delayed in replying to responses and objections by the Defendants in this adversary proceeding.  For example, the Trustee did not contact the Prince Defendants for more than four months after the Prince Defendants' March 31, 2023 responses and objections that invited a meet-and-confer process and more than one month after their June 30, 2023 initial production of documents.  In his August 1, 2023 response, the Trustee sent a letter padded with demonstrably false factual assertions and baseless legal claims while steadfastly refusing to propose any e-mail search parameters.  The Prince Defendants responded on August 17, 2023 by accepting the three suggestions of flexibility buried in the Trustee's 11-page letter and by inviting dialogue on any genuinely contested discovery issues.  Eight weeks later, the Trustee still has not responded.

Notwithstanding the Trustee's lack of engagement, the Prince Defendants have made significant progress on document production.  Using the search parameters that the Trustee discussed with Legacy regarding good faith, the Prince Defendants have produced approximately 82,000 pages of e-mails and their attachments.  In addition, going beyond their responses and objections, the Prince Defendants have produced approximately 16,000 pages of other documents relevant to all issues in the Subsequent Transferee Action.  The Prince Defendants' "good faith" document production is now substantially complete.  Their alter ego production is partially complete, largely because the Trustee still refuses to discuss search parameters.

**Good Cause Does Not Exist to Extend Discovery.**  The Trustee cannot show the good cause required to modify the scheduling order, *see* Fed. R. Civ. P 16(b)(4); Fed. R. Bankr. P. 7016(a), much less for an eighteen-month extension.  "Whether good cause exists turns on the 'diligence of the moving party.'"  *Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009).  Simply put, the Trustee's unexplained delays in seeking discovery belie any claim of diligence.

If the Court is nevertheless inclined to consider any extension of time, it should ensure that defendants are not prejudiced.  *See Kassner v. 2nd Ave. Deli. Inc.*, 496 F.3d 229, 244 (2d Cir. 2007) (explaining that court may consider prejudice when modifying scheduling order).  *First*, the Court should limit any extension of the fact discovery deadline in the Subsequent Transferee Action to six months beyond the fact discovery deadline in the Legacy Action; the Trustee has offered no explanation as to why he cannot complete discovery in that time frame.  *Second*, the expert discovery period should be reduced from nine months to six months because "good faith" expert discovery would now proceed separately.  *Finally*, the Court should accompany any extension of the discovery deadlines with a finding excluding prejudgment interest.  Prejudgment interest requires the Court to consider "fairness and the relative equities of the award," and it should be denied where, as here, the plaintiff "is responsible for the delay in recovery."  *Wickham Co. v. Loc. Union No. 3*, 955 F.2d 831, 834 (2d Cir. 1992).  A proposed order is attached to the accompanying Declaration.

The Honorable Cecelia G. Morris
October 12, 2023
Page 3

            Respectfully submitted,

            */s/ Daniel H. Tabak*

            Daniel H. Tabak

cc:  All Counsel of Record (via ECF)