**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (CGM) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, and Bernard L. Madoff, | Adv. Pro. No. 20-01316 (CGM) |
| Plaintiff, | |
| v. | |
| RAFAEL MAYER, DAVID MAYER, MONTPELLIER INTERNATIONAL LTD., PRINCE ASSETS LTD. (f/k/a PRINCE ASSETS LDC), KHRONOS GROUP LTD. (f/k/a MONTPELLIER RESOURCES LTD.), PRINCE RESOURCES LDC, MONTPELLIER USA HOLDINGS LLC, PRINCE CAPITAL PARTNERS LLC, and KHRONOS LIQUID OPPORTUNITIES FUND LTD. | |
| Defendants. | |

**DECLARATION AND STATUS REPORT OF DANIEL H. TABAK
IN RESPONSE TO TRUSTEE'S REQUEST FOR
<u>CONFERENCE REGARDING EXTENSION OF DISCOVERY DEADLINES</u>**

I, Daniel H. Tabak, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am a member of the New York Bar and a partner at Cohen & Gresser LLP, counsel for Defendants Prince Capital Partners LLC ("Prince Capital") and Prince Resources LDC ("Prince Resources," and together with Prince Capital, the "Prince Defendants") in the above-captioned adversary proceeding (the "Subsequent Transferee Action"). Together with Defendants Rafael Mayer, David Mayer, and Khronos Liquid Opportunities Fund Ltd., the Prince Defendants are the "Subsequent Transferee Action Defendants."

2. I submit this declaration and status report in response to the Declaration and Status Report of Jason S. Oliver in Support of Trustee's Request for Informal Conference Regarding Extension of Discovery Deadlines, dated September 7, 2023 (Dkt. No. 127) ("Trustee Status Report").

**Relevant Procedural History Related to the Subsequent Transferee Action**

3. In November 2019, the Trustee and Legacy Capital Ltd. ("Legacy") entered into a stipulation, so ordered by the Court in *Picard v. Legacy Capital Ltd.*, Adv. Pro. No. 10-05286 (Bankr. S.D.N.Y.) (CGM) (the "Legacy Action"), providing for the avoidance of $79,125,781 in transfers from BLMIS to Legacy.

4. On July 13, 2020, the Trustee served a Rule 2004 subpoena on Khronos LLC, a custodian of records for Legacy. After Khronos LLC's motion to quash the subpoena was granted in part and denied in part, the Trustee purported to serve a subpoena on Prince Capital on or about October 7, 2020. Prince Capital accepted the subpoena even though it was not properly served and less than two weeks later, on October 19, 2020, provided responses and objections. Less than three weeks after that, on November 6, 2020, Prince Capital completed a rolling production of more than 6,500 pages relating to tracing of potential subsequent transfers. During that process, the Trustee raised a small number of routine questions about Prince Capital's

production, which Prince Capital addressed to the Trustee's satisfaction. The Trustee has never claimed any specific deficiencies in Prince Capital's Rule 2004 production.

5. On November 11, 2020, the Trustee filed the Subsequent Transferee Action. The complaint alleges that certain corporate entities, including the Prince Defendants, were subsequent transferees of transfers from BLMIS to Legacy. As to the Prince Defendants, the Trustee alleges that they are third-, fourth-, or fifth-level transferees of transfers from BLMIS to Legacy. The complaint also alleges that the two individual defendants, David and Rafael Mayer, are alter egos of each other and of all the entity defendants.

6. Pursuant to a stipulated schedule that also provided for the waiver of any failure to serve the complaint properly, the Subsequent Transferee Action Defendants moved to dismiss the complaint on March 2, 2021. The Trustee and the Prince Defendants subsequently agreed to the withdrawal of the Prince Defendants' motion pending the Second Circuit's upcoming decision in *Picard v. Citibank, N.A.* on the appropriate standard and pleading burden for the good faith defense. At the Trustee's request, oral argument on the remaining motions to dismiss was adjourned pending that decision. On August 30, 2021, the Second Circuit issued its decision modifying the standard employed by the lower courts and holding that a SIPA trustee does not bear the burden of pleading a lack of good faith. *Picard v. Citibank, N.A.*, 12 F.4th 171 (2d Cir. 2021). The Prince Defendants agreed to withdraw their motion to dismiss with prejudice and, on October 27, 2021, this Court denied the motions to dismiss of the remaining Subsequent Transferee Action Defendants.

7. Following the Second Circuit decision, the Trustee's counsel began "prepar[ing] discovery requests for party and third-party witnesses" in both this adversary proceeding and the Legacy Action as a result of "the impact of the Second Circuit's [*Citibank*] decision." *See*

2

Thirty-Eighth Application for Interim Compensation from Aug. 1, 2021 through Nov. 30, 2021, dated Mar. 3, 2022 ¶¶ 250, 254, *SIPC v. BLMIS*, No. 08-1789 (CGM) (SDNY Bankr.) (Dkt. No. 21212).  The Trustee and his counsel sought, and received, compensation for this work done before November 30, 2021.  *See id.*; Order Approving Applications for Allowance of Interim Compensation for Services Rendered and Reimbursement of Expenses, dated Apr. 12, 2022, *SIPC v. BLMIS*, No. 08-1789 (CGM) (SDNY Bankr.) (Dkt. No. 21365).

8. On January 10, 2022, the Subsequent Transferee Action Defendants answered the complaint and, shortly thereafter, filed a motion to withdraw the reference.  While that motion was pending, the Trustee filed a motion to consolidate the Legacy Action and the Subsequent Transferee Action for all pre-trial purposes.  On March 17, 2022, the District Court denied the motion to withdraw the reference without prejudice and, on April 25, 2022, this Court consolidated the Legacy Action and the Subsequent Transferee Action for pre-trial matters solely as to the issue of Legacy's good faith.

9. On August 23, 2022, this Court entered a Stipulated Case Management Order in the Subsequent Transferee Action that included a December 22, 2023 deadline for fact discovery and a September 30, 2024 deadline for expert discovery, matching the deadlines in the Legacy Action.  The Stipulated Case Management Order also included a deadline for serving document requests and third-party document subpoenas 90 days before the December 22, 2023 fact discovery cut-off date.  That deadline passed in late September 2023.

**Relevant Procedural History Related to the Subsequent Transferee Action**

10. On January 23, 2023 – exactly five months after the Stipulated Case Management Order was entered, more than one year after the Subsequent Transferee Action Defendants answered the complaint, and between 14 and 16 months after the Trustee's counsel first worked on drafting document requests according to the Trustee's Thirty-Eighth Application for Interim

3

Compensation – the Trustee finally served his first set of document requests on the Subsequent Transferee Action Defendants. On their face, the document requests served on the Prince Defendants called for the production of every business record ever created by the Prince Defendants, including even telephone and utility bills, with no time limitation. In addition, the Trustee's requests to the Prince Defendants are substantially duplicative of each other and of requests served on David Mayer, who is a principal of Prince Capital.

11. On March 31, 2023, by agreement with the Trustee, the Subsequent Transferee Action Defendants each served their responses and objections to the Trustee's first set of document requests. Each invited the Trustee to meet and confer on their objections.

12. Three months passed without the Trustee communicating with any of the Subsequent Transferee Action Defendants regarding their responses and objections.

13. On June 30, 2023, as provided for in the Prince Defendants' responses and objections, the Prince Defendants began a rolling production of documents that they could produce without the need for e-mail search parameters. Because the Trustee's requests to the Prince Defendants and to David Mayer are substantially duplicative, Prince Capital, as the custodian of those records, produced those documents on behalf of itself, Prince Resources, and David Mayer, who coordinated with Prince Capital in the production process.

14. Although the Trustee did not approach any of the Subsequent Transferee Action Defendants regarding e-mail search parameters, Legacy had identified e-mail search terms to the Trustee in February 2023 and had expressly included the Prince Defendants in the e-mail chain because the Prince Defendants would be producing e-mails on the good faith issue. The Trustee eventually reached agreement with Legacy on search parameters, and the Prince Defendants accordingly began reviewing e-mails using those parameters.

4

15. Finally, on August 1, 2023, more than four months after the Prince Defendants served their responses and objections, and more than one month after the Prince Defendants began their rolling production of documents, the Trustee responded to the Prince Defendants' March 31, 2023 responses and objections. The Trustee's 11-page letter was largely duplicative of letters the Trustee had sent to other Subsequent Transferee Action Defendants in July 2023, and it contained numerous factual inaccuracies and legally baseless demands. It did not offer any proposal to narrow the unlimited timeframe of the document requests, and it suggested flexibility on only three narrow issues.

16. On August 17, 2023, the Prince Defendants responded to the Trustee's August 1, 2023 letter regarding the Prince Defendants' March 31, 2023 responses and objections. The Prince Defendants detailed the factual and legal inaccuracies upon which the Trustee's letter was premised, substantially accepted the only three suggestions of compromise included in the Trustee's letter, and invited a response from the Trustee that confirmed his agreement to the Prince Defendants' proposed compromises and focused on specific, genuine discovery disputes.

17. The Trustee has never responded to the Prince Defendants' August 17, 2023 letter.

**The Trustee's Request for An Eighteen-Month Discovery Extension**

18. On Friday, August 7, 2023, one business day after sending the final of his initial round of discovery letters to the Subsequent Transferee Action Defendants, the Trustee sent an e-mail to Legacy and the Subsequent Transferee Action Defendants claiming a need for an additional one to two years of discovery. The Trustee wrote that in the event of a lack of agreement, he would bring his request to The Hon. Frank Maas (Ret.), who is serving as the Court-appointed discovery arbitrator in both of these adversary proceedings. Attached hereto as Exhibit A is a true and correct copy of the Trustee's August 7, 2023 e-mail requesting a

5

discovery extension and identifying Judge Maas as the proper person to consider any contested extension request.

19. On August 18, 2023, the Trustee, Legacy, and all but one of the Subsequent Transferee Action Defendants held a video conference to discuss the Trustee's request for an extension of time, but no agreement was reached.

20. On August 21, 2023, the Trustee wrote a letter to Legacy and the Subsequent Transferee Action Defendants rejecting their proposals regarding the discovery schedule and offering a take-it-or-leave-it proposal of an eighteen-month extension of the fact discovery period in both adversary proceedings. A true and correct copy of the Trustee's August 21, 2023 letter to counsel to defendants in the Subsequent Transferee Action and the Legacy Action was attached as Exhibit A to the Trustee Status Report and is attached hereto as Exhibit B for ease of reference.

21. On September 1, 2023, with the parties at an impasse on the discovery deadline in the Legacy Action, Legacy sent a letter regarding the discovery schedule in the Legacy Action to Judge Maas, whom the Trustee had identified in his August 7, 2023 e-mail as the appropriate person to resolve any scheduling dispute in that adversary proceeding. Acknowledging the upcoming holiday weekend, Legacy agreed in advance to permitting the Trustee an extension of time to respond to Legacy's request. A true and correct copy of Legacy's September 1, 2023 letter to Judge Maas was attached as Exhibit C to the Trustee Status Report and is attached hereto as Exhibit C for ease of reference.

22. As Legacy had not addressed the discovery schedule in the Subsequent Transfer Action, the Prince Defendants sent a letter to the Trustee on September 7, 2023, accepting Legacy's proposed 45-day extension for good faith fact discovery and suggesting an additional

6

six months beyond those 45 days for fact discovery on the two factual issues that would remain in the Subsequent Transferee Proceeding. In addition, as the expert discovery on good faith would proceed on a different track, the Prince Defendants proposed reducing the expert discovery period for the two remaining issues in this adversary proceeding from nine months to six. Finally, in light of the prejudice to the Subsequent Transferee Action Defendants from the Trustee's undue delay of discovery, the Prince Defendants asked the Trustee to waive prejudgment interest. Attached hereto as Exhibit D is a true and correct copy of the Prince Defendants' September 7, 2023 letter to the Trustee.

23.     The Trustee has never responded to the Prince Defendants' September 7, 2023 letter, nor has he otherwise identified any discovery that could not fit within the time frames identified in the Prince Defendants' letter.

24.     Instead, later on September 7, the Trustee made his application to this Court to resolve the scheduling issues.

25.     The deadline for serving party document requests and third-party documents subpoenas passed in September 2023, and the Trustee did not serve any third-party document subpoenas in the Subsequent Transferee Action.

26.     The Prince Defendants have substantially completed their rolling document production as to good faith issues, subject to ordinary follow-up including the production of documents in connection with a second-level review for potential privilege. The Prince Defendants' production related to issues other than good faith is partially complete and does not include e-mails related to the Trustee's alter ego allegations, for which the Trustee still refuses to discuss search parameters. The Prince Defendants' production on behalf of themselves and David Mayer includes approximately 82,000 pages of e-mails and their attachments on the good

7

faith issue and 16,000 pages of other documents relevant to all issues in the Subsequent Transferee Action.

27. Although the Trustee has not demonstrated good cause for a discovery extension in the Subsequent Transferee Action, as noted above, the Prince Defendants previously offered a compromise proposal that accepted Legacy's offer of a 45-day discovery extension in the Legacy Action; allowed six more months of fact discovery for the remaining issues in the Subsequent Transferee Action; allowed for six (rather than nine) months of expert discovery; and precluded any prejudgment interest. Attached hereto as Exhibit E is a proposed order that incorporates these terms.

I hereby declare under penalty of perjury that the foregoing statements are true and correct.

Executed on the 12th day of October, 2023 at New York, New York.

 /s/ Daniel H. Tabak
 Daniel H. Tabak