# Exhibit A

# Christine Jordan

| | |
|---|---|
| **From:** | Oliver, Jason S. <joliver@bakerlaw.com> |
| **Sent:** | Monday, August 7, 2023 12:20 PM |
| **To:** | efisher@binderschwartz.com; lbush@binderschwartz.com; Amy Torres; Daniel H. Tabak; Shannon A. Daugherty; Daniel S. Alter; esmith@abramslaw.com; bcoleman@abramslaw.com; Eugene Stearns; Carlos Canino (CCanino@stearnsweaver.com); mgraham@stearnsweaver.com |
| **Cc:** | Warshavsky, Oren J.; Markel, Tatiana; Longstaff, Carrie; Shapiro, Peter B. |
| **Subject:** | Picard v. Legacy Capital and Picard v. Mayer - Fact Discovery Schedule |

Counsel,

I write concerning the status of fact discovery in the two consolidated actions. Given the progression of document production and the pace of fact discovery and depositions, the current schedule is unworkable for a variety of reasons. The Trustee therefore requests that the parties agree on an extension to the existing fact discovery schedule. The Trustee is making this request well in advance of any discovery deadlines so that the parties can discuss in good faith the realities of the status of discovery and the need for an extension. The Trustee would prefer to resolve the schedule amicably rather than make an application to Judge Maas.

1. **Status of Party Document Requests and Document Productions**

On January 23, 2003, the Trustee served document requests on all defendants. To date, the Trustee has only received limited document productions from Legacy Capital, Rafael Mayer and the Prince Entities. Neither Khronos Liquid Opportunities Fund nor David Mayer have produced any documents in the consolidated actions.

After receipt of limited documentation, the Trustee served comprehensive discovery deficiency letters on all defendants. Early negotiations concerning these deficiencies have occurred with Legacy, and it is anticipated that meet and confers will begin with all defendants later in August and carry on well into the fall. We believe it will take some time to work through these issues, particularly if any of the parties makes an application to Judge Maas. Further, the Trustee is unable to gauge when document productions will be made or when documents will be complete for any defendant. In some cases, defendants have not even begun to propose search terms or document custodians.

2. **Status of Non-party Discovery**

Non-party discovery is also delayed in this consolidated action. As Eric and Lindsay are well aware, BNP Paribas has completely resisted providing discovery in response to the Trustee's and Legacy's document subpoenas—despite the subpoenas being served in 2016 and 2022, respectively. We have participated in multiple meet and confers with BNP's attorneys, but the scope and timing of the document production from BNP Paribas still remains unresolved. Recognizing the importance of BNP Paribas in Legacy's good faith affirmative defense, Legacy was forced to seek a deposition of Adam Albin, a former BNP Paribas employee. BNP Paribas resisted producing Mr. Albin for deposition for more than one sitting and has consequently delayed all document production from BNP Paribas. Mr. Albin's deposition has not been scheduled. Additionally, it remains unclear the extent to which BNP Paribas will require Legacy and the Trustee to proceed through foreign discovery channels in order to obtain discovery pertaining to the Legacy credit facility.

3. **Deadline to Serve Document Requests and Subpoenas**

We see no scenario in which party document productions will be completed or depositions will even begin prior to the end of September 2023. Accordingly, the September 22 deadline to serve requests for documents and third-party

subpoenas is unrealistic. Given this delay, the Trustee should not be prejudiced in his ability to take additional discovery from parties and non-parties, or to understand the extent to which foreign discovery will be required.

4. **Fact Discovery End Date**

As a result of the lack of documents produced and other outstanding discovery issues, no party depositions have been scheduled and we cannot estimate when those depositions will be scheduled until the other issues are resolved. Accordingly, an end date of December 22 for fact discovery is unworkable.

The Trustee cannot reasonably estimate the length of the extension necessary due to the outstanding issues that remain unresolved. That said, we anticipate we will need at least another year (possibly up to two years depending on foreign discovery) from the current fact discovery deadline.

Regards,

Jason


**Jason Oliver**
He | Him | His
Partner


BakerHostetler

45 Rockefeller Plaza
New York, NY 10111-0100
T +1.212.589.4649

joliver@bakerlaw.com
bakerlaw.com

---

This email is intended only for the use of the party to which it is
addressed and may contain information that is privileged,
confidential, or protected by law. If you are not the intended
recipient you are hereby notified that any dissemination, copying
or distribution of this email or its contents is strictly prohibited.
If you have received this message in error, please notify us immediately
by replying to the message and deleting it from your computer.

Any tax advice in this email is for information purposes only. The content
of this email is limited to the matters specifically addressed herein
and may not contain a full description of all relevant facts or a
complete analysis of all relevant issues or authorities.

Internet communications are not assured to be secure or clear of
inaccuracies as information could be intercepted, corrupted, lost,
destroyed, arrive late or incomplete, or contain viruses. Therefore,
we do not accept responsibility for any errors or omissions that are
present in this email, or any attachment, that have arisen as a result
of e-mail transmission.