# Exhibit B

# BakerHostetler

Baker & Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

August 21, 2023

Jason S. Oliver
direct dial: 212.589.4649
joliver@bakerlaw.com

**VIA E-MAIL**

| | |
|---|---|
| Eric B. Fisher, Esq. | Carlos J. Canino, Esq. |
| Lindsay A. Bush, Esq. | Matthew M. Graham, Esq. |
| Amy Torres, Esq. | Stearns Weaver Miller Weissler Alhadeff |
| 675 Madison Avenue, 26th Floor | & Sitterson, P.A. |
| New York, NY 10017 | Museum Tower, Suite 2200 |
| Email: efisher@binderschwartz.com | 150 West Flagler Street |
| Email: lbush@binderschwartz.com | Miami, Florida 33130 |
| Email: sdowd@binderschwartz.com | Email: ccanino@stearnsweaver.com |
| | Email: mgraham@stearnsweaver.com |
| | |
| Daniel H. Tabak, Esq. | Daniel S. Alter, Esq. |
| Shannon A. Daugherty, Esq. | Abrams Fensterman LLP |
| Cohen & Gresser LLP | 81 Main Street, Suite 400 |
| 800 Third Avenue | White Plains, New York 10601 |
| New York, New York 10022 | Email: DAlter@Abramslaw.com |
| Email: dtabak@cohengresser.com | |
| Email: sdaugherty@cohengresser.com | |

Re:  *Picard v. Legacy Capital Ltd.* Adv. Pro. No. 10-05286 (CGM) (Bankr. S.D.N.Y.) (consol.) – Discovery Schedule Extension

Dear Counsel:

We write as a follow-up to the parties' August 18, 2023 meet and confer. The following sets forth the Trustee's bases for his request for an eighteen-month extension of the December 22, 2023 fact discovery end date.

**A. Status of Document Production on the Issue of "Good Faith."**

The Court has formally consolidated discovery on the issue of "good faith" in this action with discovery in *Picard v. Mayer*, Adv. Pro. No. 20-01316 (CGM) (Bankr. S.D.N.Y.) (the "Subsequent Transferee Action."). During the meet and confer, Legacy Capital's ("Legacy") counsel represented that Legacy would need at least a few months to complete its document

August 21, 2023
Page 2

production. Legacy's document production on the issue of "good faith" did not begin until five months after receipt of the Trustee's document requests. Legacy objected to the review and production of post-2008 electronic discovery ("ESI"). Legacy waited until the end of April 2023 to employ a new ESI vendor necessary for the parties to discuss search term hits and resulting "burden" on terms purportedly selected in 2010. On June 14, 2023, the Trustee proposed a detailed protocol for the review of post-2008 ESI. Consistent with Federal Rule of Evidence 502(d), the Trustee's proposal included a mechanism for Legacy to perform a privilege review and shifted costs to the Trustee to review the entirety of Legacy's review set from ESI that was already housed by Legacy's new ESI vendor. Significantly, the Trustee's proposal would have yielded a complete review set by July 14, 2023. On July 17, 2023, Legacy rejected the Trustee's proposal.

The defendants in the Subsequent Transferee Action have not yet represented when their respective document productions on the consolidated issue of good faith will end, nor have they advised when their document productions concerning non-consolidated issues will be completed. Significantly, the Trustee does not possess documents on the issue of "good faith"; they reside with the defendants in the consolidated actions or with third parties.

David Mayer's counsel raised the possibility of proceeding first on the issue of the initial transferee's good faith. In support of this proposal, Mr. Mayer's counsel posited that all discovery in the Subsequent Transferee Action may be unnecessary or wasteful in light of potential client exposure as to the subsequent transfers. The Trustee has considered counsel's position. Not only has the Court consolidated discovery on the "good faith" issue, but there is also no conceivable way to divorce David Mayer's and Rafael Mayer's (and the corporate and dissolved defendants) knowledge on issue of "good faith" from that of Legacy's knowledge. Accordingly, all documents and communications in the possession of the individual defendants and the companies they managed and controlled must be produced in the consolidated actions for the cases to progress to resolution. Further, the Trustee again notes that the Trustee holds a judgment of over $78 million against Legacy for the initial transfer of fictitious profits, and that the Subsequent Transferee Action concerns recovery of the subsequent transfer of those fictitious profits. Legacy's good faith (or lack thereof) is irrelevant to these claims.

Counsel for Khronos Liquid Opportunities Fund ("KLOF") did not attend the August 18, 2023 meet and confer. On July 25, 2023, the Trustee served KLOF with a discovery deficiency letter including, inter alia, a demand that KLOF produce documents that it committed to provide in its March 31, 2023 responses and objections. The Trustee proposed meet and confer dates to follow opposing counsel's travel schedule. KLOF's counsel declined to schedule a meet and confer with the Trustee until after the parties participated in the joint August 18th meet and confer concerning global scheduling. On August 15, 2023, KLOF made an initial limited production of documents. At present, the Trustee does not know when KLOF will be in a position to meet and confer on disputed issues or when KLOF will commence additional document productions.

August 21, 2023
Page 3

### B. Deadline to Serve Document Requests and Subpoenas

The Case Management Order provides that the parties may serve requests for documents and third-party document subpoenas, provided they are served at least ninety days before the end date for fact discovery (September 22, 2023).

Given the delayed status of document discovery and Legacy's admission that it will need at least a few additional months to complete document production, depositions will not be scheduled until after the documents are produced and reviewed. It is common practice that documents produced in litigation as well as issues raised during depositions lead to the need for a litigant to serve additional document requests. Accordingly, and keeping aside any discovery disputes involving motion practice, the Trustee will not even receive documents responsive to his January 2023 document requests until well after the interim September 22, 2023 date passes. For the same reason, depositions will not occur until several months after the documents are received, again well after the interim deadline. While the Trustee agrees that certain depositions can go forward prior to the completion of document production, the Trustee does not agree that he should schedule depositions of non-party Renaissance Technologies, LLC ("Renaissance") witnesses where Legacy and other defendants are still producing documents and communications with Renaissance.[1]

Had documents been timely produced, the parties would not be in the current discovery predicament. The Trustee is in the process of working through numerous discovery deficiency issues with all defendants in the consolidated actions. It is presently unknown as to when those disputes will be resolved, documents will be produced, and depositions will be scheduled. For these reasons, the Trustee proposes that the parties focus on an agreement concerning a discovery end date, rather than an interim deadline for serving document requests.

### C. Additional Document Requests and Subpoenas

As discussed above, defendants' delays should not be used to prevent the Trustee from serving additional document requests on parties and non-parties. At the meet and confer, Legacy's counsel inquired into the identities of non-parties the Trustee intends to subpoena for documents.[2] In response, the Trustee provides the following list of subpoena targets:

- Legacy's service providers: The Trustee's August 17, 2023 letter to Legacy identified Spectrum Global Fund Administration ("Spectrum"), Leeds Management Services ("Leeds"), BDO Seidman ("BDO"), Citadel Solutions ("Citadel"), H.T.M. Service Ltd. ("HTM"), and PricewaterhouseCoopers LLP ("PwC") as potential subpoena targets. Legacy's recent document production suggests that Khronos LLC delegated its responsibilities under the Khronos Accounting Agreement with Legacy

---

[1] Further to this point, the Trustee's August 17, 2023 letter to Legacy identifies a dispute as to whether Legacy has turned over all relevant communications with Renaissance concerning Bernard Madoff, Legacy, and Meritage Fund Ltd.
[2] The Case Management Orders in the consolidated actions are clear that "[t]he Parties anticipate the need for discovery from various third parties located outside of the United States."

August 21, 2023
Page 4

> to Spectrum. The Trustee awaits Legacy's response to his request for Spectrum's contact information.
>
> - BNP Paribas – Dublin Branch: On August 18, 2023, the Trustee and Legacy participated in a follow-up meet and confer with BNP Paribas' counsel in connection with ongoing discovery negotiations concerning the parties' Rule 45 subpoenas. BNP Paribas' counsel advised that a "Legacy File" exists in Dublin, Ireland consisting of approximately eighty-eight documents. BNP Paribas' counsel has yet to explain the contents of that file but continues to maintain that counsel is not authorized to accept service of a foreign subpoena for that file.
>
> - Herbert Selzer
>
> - Piero DiCapua
>
> - HCH
>
> - Investors in HCH, Prince, and Montpellier

The foregoing sets forth the Trustee's bases for his good faith estimate that it will take an additional eighteen months beyond the December 22, 2023 deadline to complete discovery in the consolidated actions. Where appropriate, we have identified foreign entities that may need to be subpoenaed using international discovery means. In light of the status of discovery and the numerous unresolved discovery disputes, the Trustee rejects defendants' suggestion that an extension of forty-five days is sufficient.

The Trustee looks forward to defendants' response to this letter and, if they don't agree to this request, at least a reasonable counterproposal. In the event the parties are unable to agree on a reasonable extension, the Trustee intends to make an application to Judge Morris.

Sincerely,

*/s/ Jason S. Oliver*

Jason S. Oliver