# Exhibit D

**COHEN & GRESSER LLP**

800 Third Avenue
New York, NY 10022
+1 212 957 7600 phone
www.cohengresser.com

Daniel H. Tabak
1-212-957-7606
dtabak@cohengresser.com

September 7, 2023

**Via Email**

Jason S. Oliver
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, NY 10111

Re: <u>*Picard v. Mayer,* Adv. Pro. No. 20-01316 (CGM)</u>

Dear Mr. Oliver:

  We write on behalf of Prince Capital Partners LLC and Prince Resources LDC (the "Prince Defendants") in response to your August 21, 2023 letter that claims a need for an 18-month extension of the December 22, 2023 fact discovery deadline in both the above-refenced adversary proceeding and *Picard v. Legacy Capital Ltd.*, Adv. Pro. No. 10-05286 (CGM). Putting aside that your letter incorrectly refers to these two adversary proceedings as "consolidated actions," your letter offers no basis for extending discovery in either of these adversary proceedings, much less by an additional year and a half. Simply put, the Trustee's extensive delays in serving document requests and following up on discovery have caused a year of delay and defeat any claim by the Trustee that he has good cause to modify the existing Case Management Order. Nevertheless, in the interest of seeking compromise, the Prince Defendants would reluctantly agree to an extension of 45 days for good faith fact discovery and an additional six months beyond those 45 days for fact discovery on the two factual issues that would remain in this adversary proceeding. In addition, as the expert discovery on good faith would proceed on a different track, the expert discovery period for the two remaining issues in this adversary proceeding should be shortened from nine months to six. Finally, to avoid prejudice to the Prince Defendants from the extensive delay in prosecuting this action, the Trustee should waive any claim for pre-judgment interest.

  As to the Prince Defendants, this should be a relatively straightforward adversary proceeding. The Trustee alleges that they are third-, fourth-, or fifth-level transferees of

Baker & Hostetler LLP
September 7, 2023
Page 2

transfers from BLMIS to Legacy Capital Ltd. There are only two contested issues: tracing and good faith.

On the tracing issue, all of the documents necessary to conduct a tracing analysis were produced in 2020, before the Trustee even filed his complaint in this adversary proceeding. And, not surprisingly given the attenuated linkage from BLMIS to the Prince Defendants, even a back of the envelope tracing analysis using any accepted tracing methodology shows that the Prince Defendants could have received, at most, less than $2 million traceable to BLMIS customer property regardless of the outcome of the Legacy case.

And as to good faith, the relevance of discovery became apparent as soon as the Second Circuit issued its good faith decision in *Picard v. Citibank*, *N.A.* two years ago, on August 30, 2021. Indeed, just a month prior to the issuance of the Second Circuit's decision, the Trustee and the Prince Defendants had agreed to a stipulation by which the Prince Defendants withdrew their motion to dismiss pending that decision. The basis for that stipulation was the parties' mutual understanding that if the Second Circuit rejected the good faith test applied by the lower courts or reversed the pleading burden of good faith, the Prince Defendants' motion to dismiss would not succeed. The Second Circuit did both, and good faith discovery therefore became necessary. Recognizing this, the Trustee's counsel's fee application for the period encompassing the Second Circuit's *Citibank* decision (August 1, 2021 through November 30, 2021) successfully sought compensation for "prepar[ing] discovery requests for party and third-party witnesses in connection with the remanded Legacy adversary proceeding" (where the sole remaining issue was good faith) and with this adversary proceeding.

There is simply no reason why all discovery regarding the Prince Defendants could not have been completed by now if the Trustee acted with appropriate diligence. But two choices by the Trustee intervened.

*First*, having inexplicably failed to recognize that Legacy, as a special-purpose investment vehicle, would have immediately transferred out the redemptions it received from BLMIS,[1] the Trustee sought to create new avenues of recovery by asserting vague, sprawling alter ego claims against David Mayer and Rafael Mayer, alleging that they were somehow both alter egos of each other as well as of seven corporate entities.

Based on these nebulous claims, the Trustee's document requests to the Prince Defendants, on their face, call for the production of virtually every corporate record created by the Prince Defendants. The Trustee has refused to back down from this

---

[1] *See*, *e.g.*, Sept. 19, 2020 Transcript ("THE COURT: Did you really think that Legacy would have money?").

Baker & Hostetler LLP
September 7, 2023
Page 3

position by limiting his requests on the basis of relevance. In addition, although the Trustee has never communicated separately with the Prince Defendants on time frame or any other search parameters despite the Prince Defendants' express invitation in March 2023 to do so, the Prince Defendants understand that the Trustee is seeking documents over a time span of more than 25 years. The Trustee's essentially limitless demands impose costs on the Prince Defendants that far exceed any recovery the Trustee could obtain from them. Nevertheless, had the Trustee acted responsibly in limiting his requests or diligently in pursuing them, fact discovery could have been completed within the (already generous) 17 months between the Trustee's first circulation of the draft case management order and the deadline proposed by the Trustee and established by that order.

*Second*, the Trustee did not act diligently.

Despite his lawyers accepting compensation for preparing discovery requests to parties as well as third parties by November 30, ***2021***, the Trustee did not serve requests on any of the defendants in these adversary proceedings until January 23, ***2023*** and he has yet to serve a single discovery request to a third-party in either proceeding. The Trustee simply has no excuse for his delay.

Having procrastinated more than a year before serving his party document requests, the Trustee then unduly delayed in replying to responses and objections by the Defendants in this adversary proceeding. In the case of the Prince Defendants, the Trustee waited more than four months after their March 31, 2023 responses and objections, and more than one month after their June 30, 2023 second production of documents,[2] to contact the Prince Defendants even though the Prince Defendants had invited a meet-and-confer process. Even then, the Trustee's reply was an 11-page letter obviously designed to create the appearance of extensive discovery disputes even where none exist. Many of its factual claims were simply wrong. Its repeated demands for immediate action that have no basis in law were counterproductive. And the Trustee's refusal to engage on search parameters – in response to *his own requests* where *he* is the party who knows what information he seeks – was both illogical and contrary to accepted practice.

The Trustee's similar letters to each Defendant in this adversary proceeding were transparently an effort to create a misleading record that more time was necessary for discovery. Not surprisingly, within a week of the Trustee's letter to the Prince Defendants, and just one business day after the Trustee sent his final "deficiency" letter to a defendant in this adversary proceeding, the Trustee demanded an additional year or two of discovery.

---

[2] The Prince Defendants' initial production of responsive documents was in 2020 in response to a Rule 2004 subpoena.

Baker & Hostetler LLP
September 7, 2023
Page 4

   On the other hand, as far as actually obtaining discovery rather than obtaining more time, the Trustee's continued indifference is highlighted by his failure to follow up substantively with the Prince Defendants even after they responded to the Trustee's letter on August 17, 2023 and invited further communication narrowing any differences that remained.

   In short, the Trustee has not demonstrated good cause for any extension of the Case Management Order's discovery deadlines, much less the eighteen-month extension he insists on, which essentially doubles the fact discovery time frame. To add insult to injury, the Trustee will no doubt seek pre-judgment interest should he prevail on his claims. If that interest is allowed, the Prince Defendants would suffer direct financial penalties from the Trustee's delays in addition to the inherent prejudice of the undue delay in ordering their affairs and closing the books on transfers they received more than a dozen years ago.

   Although no extension is warranted, in the interests of compromise and avoiding unnecessary litigation expense, the Prince Defendants nevertheless are willing to agree to certain extensions of discovery that reflect the current circumstances of these adversary proceedings.

   As to good faith discovery, the Trustee expressly rejected Legacy's proposal to extend fact discovery by 45 days. Should the Trustee reconsider, the Prince Defendants are agreeable to the extension that Legacy proposed.

   As far as this adversary proceeding, the Prince Defendants recognize that, unlike the affirmative defense of good faith where defendants bear the burden, the Trustee bears the burden on the fact issues for which discovery is not consolidated. Given that burden on the Trustee, and the significant head start that the parties have had on fact discovery of the good faith issue, the Prince Defendants accept that a longer extension may be necessary for fact discovery on the remaining issues. The Prince Defendants would therefore agree to extend fact discovery on these issues by six months (or, if the Trustee changes his mind on Legacy's proposal, to six months after the completion of fact discovery on good faith). This proposal would provide substantial time for the parties to engage in expert discovery on good faith while completing fact discovery on the other issues. Given the size of the Trustee's litigation team for these adversary proceedings, there is no reason why there cannot be an overlap on this discovery. And because expert discovery on good faith and on the remaining issues would be decoupled, the parties will not need nine months for expert discovery on the remaining issues. Instead, in this adversary proceeding, the parties should reduce each interim period (for opening expert reports, rebuttal expert reports, and expert depositions) for expert discovery by one month from the time periods allocated under the existing Case Management Order. Finally, to avoid financial prejudice to the Prince Defendants from this unnecessarily lengthy

Baker & Hostetler LLP
September 7, 2023
Page 5

discovery schedule, the Trustee would waive any request for pre-judgment interest. While these are not the full extensions the Trustee wants to obtain, they are far longer than the Prince Defendants would like or believe are warranted.

Please let us know by early next week whether the Trustee is interested in discussing a proposal along the lines described above.

Sincerely,

*Daniel H. Tabak*

Daniel H. Tabak