# Exhibit E

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>    Plaintiff-Applicant,<br> v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>    Defendant. | Adv. Pro. No. 08-01789 (CGM)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>    Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, and Bernard L. Madoff,<br><br>    Plaintiff,<br> v.<br><br>RAFAEL MAYER, DAVID MAYER, MONTPELLIER INTERNATIONAL LTD., PRINCE ASSETS LTD. (f/k/a PRINCE ASSETS LDC), KHRONOS GROUP LTD. (f/k/a MONTPELLIER RESOURCES LTD.), PRINCE RESOURCES LDC, MONTPELLIER USA HOLDINGS LLC, PRINCE CAPITAL PARTNERS LLC, and KHRONOS LIQUID OPPORTUNITIES FUND LTD.<br><br>    Defendants. | Adv. Pro. No. 20-01316 (CGM) |

**ORDER MODIFYING STIPULATED CASE MANAGEMENT ORDER AND**
**CONCERNING PREJUDGMENT INTEREST**

 **WHEREAS**, pursuant to Federal Rules of Civil Procedure 16 and 26, made applicable by Bankruptcy Rules 7016 and 7026, Plaintiff Irving H. Picard, as trustee (the "Trustee") for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC, under the Securities Investor Protection Act, 15 U.S.C. § 78aaa–*lll*, and the

chapter 7 estate of Bernard L. Madoff, and Defendants Rafael Mayer, David Mayer, Prince Resources LDC, Prince Capital Resources LLC, and Khronos Liquid Opportunities Fund Ltd. (the "Defendants"), by and through their undersigned counsel (together with the Trustee, the "Parties"), agreed to a Stipulated Case Management Order in the above-captioned adversary proceeding that was entered by this Court on August 23, 2022 ("Stipulated Case Management Order," Dkt. No. 124).

**WHEREAS**, the Parties previously agreed in Section 2(c) of the Stipulated Case Management Order that all fact discovery is to be completed by December 22, 2023 (the "Fact Discovery Cut-Off Date");

**WHEREAS**, the Parties previously agreed in Section 2(h) of the Stipulated Case Management Order that all interrogatories are to be served by 45 days before the Fact Discovery Cut-Off Date;

**WHEREAS**, the Parties previously agreed in Section 2(i) of the Stipulated Case Management Order that all requests for admission are to be served by 45 days before the Fact Discovery Cut-Off Date;

**WHEREAS**, the Parties previously agreed in Section 2(d) of the Stipulated Case Management Order that all expert discovery is to be completed by September 30, 2024;

**WHEREAS**, the Parties previously agreed in Section 2(*l*) of the Stipulated Case Management Order that each party that intends to offer expert testimony must make the disclosures required by Federal Rule of Civil Procedure 26(a)(2) on or before March 22, 2024;

**WHEREAS**, the Parties previously agreed in Section 2(*l*) of the Stipulated Case Management Order that each party that intends to offer expert testimony in opposition to such

2

disclosures must make the disclosures required by Federal Rule 26(a)(2) on or before May 31, 2024;

**WHEREAS**, the Parties previously agreed in Section 2(*l*) of the Stipulated Case Management Order that no expert testimony (whether designated as "rebuttal" or otherwise) will be permitted (i) by an expert that has not been disclosed in accordance with the Federal Rules of Civil Procedure, or (ii) on any issue that is beyond the scope of the opinion covered by the disclosures except on prior express permission of the Court, upon application made no later than May 31, 2024;

**WHEREAS**, on September 7, 2023, the Trustee requested a conference regarding the Trustee's request for an eighteen-month extension of the fact discovery schedule set forth in the Stipulated Case Management Order;

**WHEREAS**, on October 12, 2023, Defendants responded to the Trustee's September 7, request with a counter-proposal; and

**NOW THEREFORE**, it is **ORDERED** that

1. The deadline for the Parties to:
    a. complete all fact discovery, including depositions other than expert depositions, regarding the issue of good faith shall be extended to February 5, 2024;
    b. complete all fact discovery, including depositions other than expert depositions, regarding any issues other than good faith shall be extended to August 5, 2024;
    a. serve requests for admission or interrogatories in accordance with Local Bankruptcy Rules 7033-1(a) or 7033-1(b) shall be extended to June 21, 2024;
    b. complete all expert discovery, including expert depositions, shall be extended to February 10, 2025;

3

    c. make the disclosures required by Federal Rule 26(a)(2) for any expert testimony that a party intends to offer shall be extended to October 7, 2024; and

    d. complete all disclosures of opposition expert testimony or make all applications for permission of the Court for testimony (i) by an expert that has not been disclosed in accordance with the Federal Rules of Civil Procedure, and (ii) on any issue that is beyond the scope of the opinion covered by the disclosures shall be extended to December 5, 2024;

2. To the extent not modified herein, the provisions of the Stipulated Case Management Order remain in full force and effect; and

3. Prejudgment interest is excluded in this adversary proceeding.