# BakerHostetler

October 16, 2023

**VIA ECF**

Honorable Cecelia G. Morris
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 627
New York, New York 10004-1408

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

Jason S. Oliver
direct dial: 212.589.4649
joliver@bakerlaw.com

Re:    *Picard v. Legacy Capital Ltd.* Adv. Pro. No. 10-05286 (CGM) (Bankr. S.D.N.Y.)

Dear Judge Morris:

      We represent Irving H. Picard, the trustee ("Trustee") in the above-referenced adversary proceeding. The Trustee submits this letter to respond to mischaracterizations defendant Legacy Capital, Ltd. ("Legacy") made in its letter to the Court, dated October 12, 2023 ("Letter").

      Legacy falsely claims that the Trustee did not meaningfully engage in discovery until after Legacy raised this dispute before Judge Mass, on September 1, 2023. (ECF No. 276 at 3.) This representation omits that the Trustee produced 20,859 pages of documents on November 11, 2016 comprising of BLMIS core account documents and BLMIS bank account records. Further, the Trustee served document subpoenas on: (i) BNP Paribas entities on January 28, 2016; (ii) BNP Paribas, S.A. on April 2, 2020; (iii) and Adam Albin (a former BNP Paribas, S.A. employee) on March 9, 2023. The Trustee produced documents it received from BNP Paribas, S.A. and Adam Albin on July 24, 2017 and June 14, 2023, respectively. On August 7, 2017, the Trustee produced documents it had received from Renaissance Technologies LLC ("Renaissance") in response to a Rule 2004 Subpoena. After reaching agreement on confidentiality de-designation of Renaissance's documents, the Trustee produced supplemental documents received from Renaissance on August 10, 2023.

      Legacy ignores the realities of discovery and misleadingly states that "the Trustee did not serve subpoenas on Legacy's service providers (many of whom he has known about for years)." (ECF No. 276 at 2.) While isolated documents may have been produced in response to Rule 2004 subpoenas that identified the names of certain service providers, the roles of Legacy's service providers were unknown to the Trustee at the time. For example, although Spectrum Global Fund Administration, LLC ("Spectrum") was a named service provider, the Trustee did not receive the original services contract between Khronos LLC and Spectrum whereby Khronos LLC delegated accounting services to Spectrum until Legacy's latest production on September 29, 2023 despite asking for it on August 17, 2023. Notably, this production was made <u>one week after</u> the deadline in the Case Management Order to serve document subpoenas had passed. (ECF No. 270.) Because Legacy and other defendants have not completed their productions, nor have

Hon. Cecelia G. Morris
October 16, 2023
Page 2

party depositions begun, the Trustee has an incomplete understanding as to the various service providers at play and the services they provided to the defendants.

The Trustee will need to seek foreign discovery for certain service providers and other relevant entities and individuals in Costa Rica and the British Virgin Islands, among other countries. Local counsel in Costa Rica and the BVI have confirmed that the Trustee's requests for documents or testimony must be accompanied by extensive documentary evidence to support why the Trustee believes the third party is in possession of relevant documents or testimony. We cannot satisfy this requirement until all parties have completed their document productions.

Contrary to Legacy's contention, the Trustee's September 7th representation that he has received only limited productions from Legacy is accurate. (ECF No. 276 at 2–3.) When the Trustee made that representation in his letter to the Court, Legacy had produced only 7,239 documents. It was not until after the Trustee made his application to the Court, and over a month after the Trustee first raised the discovery extension with defendants, that Legacy produced most of its document production. From September 8, 2023 to September 29, 2023, Legacy produced 27,299 documents totaling 93,396 pages.

Legacy's representations that the status of third-party discovery relating to Renaissance and BNP are at an advanced stage are misleading. (ECF No. 276 at 3.) Legacy claims discovery is progressing because two depositions are scheduled relating to BNP and Renaissance witnesses. However, BNP has not yet produced its documents, and there are still missing Renaissance documents. On August 2, 2023, when Renaissance made a supplemental production, the Trustee identified emails between Rafael Mayer and Renaissance employees that Legacy never produced. The Trustee promptly raised production and preservation concerns to Legacy. On September 29, 2023, Legacy revealed that it did not have this missing information because Renaissance emails may have been deleted "over the period of many years" prior to the Madoff fraud coming "to light [in] December 2008, and the first subpoena . . . served on Rafael Mayer and David Mayer in July 2010." Attached hereto as **Exhibit A** is Legacy's September 29, 2023 letter. The Trustee has also identified missing attachments and other documents referenced in the Renaissance production that neither Renaissance nor Legacy have produced. In light of these missing documents and the preservation concerns, the Trustee will need to confirm with Renaissance whether it has the deleted, missing documents.

As for BNP, BNP has conditioned its former employee's appearance (Mr. Albin) on the parties' agreement that he will sit for only one deposition. Today, BNP advised that it is reviewing more than 100,000 documents and will "plan" to complete its production before December 22, 2023 unless discovery is extended. However, while BNP "will endeavor" to produce certain documents in advance of the proposed deposition, BNP was unable to commit to producing all responsive documents it intends to produce prior to the December deposition date. In other words, the Trustee would be forced to rush into taking Mr. Albin's deposition while relevant documents remain outstanding if discovery is not extended.

For the Court's consideration, we respectfully attach hereto as **Exhibit B** a proposed order implementing an 18-month extension of the fact and expert discovery deadlines.

Hon. Cecelia G. Morris
October 16, 2023
Page 3

Respectfully submitted,

*/s/ Jason S. Oliver*

Jason S. Oliver

cc: Counsel of Record (by ECF and email)