# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (CGM)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff,<br><br>Plaintiff,<br><br>v.<br><br>LEGACY CAPITAL LTD. and KHRONOS LLC,<br><br>Defendants. | Adv. Pro. No. 10-05286 (CGM) |

## [PROPOSED] ORDER AMENDING STIPULATED CASE MANAGEMENT ORDER

**WHEREAS** pursuant to Federal Rules of Civil Procedure 16 and 26, as incorporated by Bankruptcy Rules 7016 and 7026, Plaintiff Irving H. Picard (the "Trustee"), as trustee for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.*, and the estate of Bernard L. Madoff under chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§

701, *et seq.*, and Defendant Legacy Capital Ltd. ("Legacy Capital") (collectively, the "Parties") stipulated to a Case Management Plan, which was entered by this Court on June 10, 2022 (Dkt. No. 270) (the "Stipulated Case Management Order");

**WHEREAS**, on April 25, 2022, the Court entered an order (Dkt. No. 269) consolidating this adversary proceeding and *Picard v. Mayer*, Adv. Pro. No. 20-01316 (CGM) (Bankr. S.D.N.Y.) (collectively, the "Legacy Adversary Proceedings") for all pre-trial matters as to the issue of Legacy Capital's good faith, without prejudice to consolidation on other issues at a later date, and further directed that the Court would run the Legacy Adversary Proceedings together and may decide to consolidate them to a greater extent as the litigation progresses, particularly as to discovery.

**WHEREAS**, the Parties previously agreed in Section 3(c) of the Stipulated Case Management Order that all fact discovery is to be completed on or before December 22, 2023 (the "Fact Discovery Cut-Off Date");

**WHEREAS**, the Parties previously agreed in Section 3(g) of the Stipulated Case Management Order that document requests and third-party document subpoenas are to be served by 90 days before the Fact Discovery Cut-Off Date;

**WHEREAS**, the Parties previously agreed in Section 3(h) of the Stipulated Case Management Order that that all interrogatories are to be served by 45 days before the Fact Discovery Cut-Off Date;

**WHEREAS**, the Parties previously agreed in Section 3(i) of the Stipulated Case Management Order that all Requests for Admission are to be served by 45 days before the Fact Discovery Cut-Off Date;

**WHEREAS,** the Parties previously agreed in Section 3(d) of the Stipulated Case

2

Management Order that all expert discovery is to be completed by September 30, 2024;

      **WHEREAS,** the Parties previously agreed in Section 3(l) of the Stipulated Case Management Order that each party that intends to offer expert testimony must make the disclosures required by Federal Rule of Civil Procedure 26(a)(2) on or before March 22, 2024;

      **WHEREAS,** the Parties previously agreed in Section 3(l) of the Stipulated Case Management Order that each party that intends to offer expert testimony in opposition to such disclosures must make the disclosures required by Federal Rule 26(a)(2) on or before May 31, 2024;

      **WHEREAS,** the Parties previously agreed in Section 3(l) of the Stipulated Case Management Order that no expert testimony (whether designated as "rebuttal" or otherwise) will be permitted (i) by an expert that has not been disclosed in accordance with the Federal Rules of Civil Procedure, or (ii) on any issue that is beyond the scope of the opinion covered by the disclosures except on prior express permission of the Court, upon application made no later than May 31, 2024;

      **WHEREAS,** the Parties previously agreed in Section 3(l) of the Stipulated Case Management Order that all depositions of expert witnesses must be completed by September 30, 2024;

      **WHEREAS**, on September 7, 2023, the Trustee requested a conference regarding the Trustee's request for an eighteen-month extension of the fact discovery schedule set forth in the Stipulated Case Management Order.

      **WHEREAS**, on October 12, 2023, Defendant Legacy Capital Ltd. responded to the Trustee's September 7, request with a counter-proposal; and

      **WHEREAS**, on October 18, 2023, the Court held a conference to address the Trustee's

3

request for an extension of the fact discovery schedule;

**NOW THEREFORE**, it is ORDERED that:

1. The deadline for the Parties to:

    a. complete all fact discovery including all depositions, other than expert depositions, shall be extended to June 23, 2025;

    b. serve document requests and third-party document subpoenas shall be extended to March 25, 2025;

    c. serve requests for admission or interrogatories in accordance with Local Bankruptcy Rules 7033-1(a) or 7033-1(b) shall be extended to May 9, 2025;

    d. complete all expert discovery, including all expert depositions, shall be extended to March 30, 2026;

    e. make the disclosures required by Federal Rule 26(a)(2) for any expert testimony that a party intends to offer shall be extended to September 22, 2025;

    f. complete all disclosures of opposition expert testimony or make all applications for permission of the Court for testimony (i) by an expert that has not been disclosed in accordance with the Federal Rules of Civil Procedure, and (ii) on any issue that is beyond the scope of the opinion covered by the disclosures shall be extended to December 1, 2025; and

2. To the extent not modified herein, the provisions of the Stipulated Case Management Order remain in full force and effect.