# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

October 16, 2023

Jason S. Oliver
direct dial: 212.589.4649
joliver@bakerlaw.com

**VIA ECF**

Honorable Cecelia G. Morris
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 627
New York, New York 10004-1408

*Re:     Picard v. Mayer, Adv. Pro. No. 20-01316 (CGM) (Bankr. S.D.N.Y.)*

Dear Judge Morris:

      We represent Irving H. Picard, the trustee ("Trustee") in the above-referenced adversary proceeding. The Trustee submits this letter to respond to mischaracterizations and misstatements made by defendants Prince Capital Partners LLC ("Prince Capital") and Prince Resources LDC (together, the "Prince Defendants") in their letter to the Court, dated October 12, 2023 ("Letter").

      The Prince Defendants falsely state that the Trustee lacked engagement during discovery and refused "to propose any e-mail search parameters." (ECF No. 131 at 2.) On August 1, 2023, the Trustee sent the Prince Defendants' an extensive discovery deficiency letter. Attached hereto as **Exhibit A** is the Trustee's August 1, 2023 Letter to the Prince Defendants. In his letter, the Trustee requested that the Prince Defendants prepare a list of search terms and custodians for the Trustee's consideration in advance of a requested meet and confer. **Exhibit A** at 11–12. The Trustee explained that the Prince Defendants were in the best position as the producing party to provide search terms and custodians. The Trustee further highlighted discovery requests for which the Prince Defendants were the sole entities that could reasonably identify any sale, transfer, assignment, or license of assets held by the Prince Defendants. *Id.* at 6. The Trustee closed his letter by requesting the Prince Defendants' availability for a meet and confer, a request that has been left ignored to date. "While it is true that parties are generally encouraged to meet and confer on the appropriate search terms to employ for ESI discovery … the producing party, even absent agreement or discussion about the appropriate terms, still has an independent obligation to craft search terms to fulfill the requirements of Rules 26 and 34." *Gardner-Alfred v. Federal Reserve Bank of New York*, No. 22-CV-01585 (LJL), 2023 WL 3495091, at * 15 (S.D.N.Y. May 17, 2023). The Prince Defendants never meaningfully replied to the Trustee's request for a list of initial search terms and custodians other than to refuse to provide such information. Rather, the Prince Defendants later advised that they would be using the search

October 16, 2023
Page 2

terms defendant Legacy Capital proposed on the issue of "good faith." Not only does that proposal ignore the other discovery sought from the Prince Defendants, it also underscores the intertwined nature of all the defendants herein with Legacy Capital.[1]

The Prince Defendants also falsely suggest that the Trustee never raised concerns with Prince Capital's Rule 2004 production. (ECF No. 132, ¶ 4.) In his August 1, 2023 letter, the Trustee clearly addressed deficiencies in Prince Capital's Rule 2004 production as follows:

> To date, the Trustee has only been afforded the opportunity to review an incomplete snapshot of this information. Defendants' previously produced ledgers in the [Rule 2004] Production, which were likely created by counsel, do not contain sufficient identifying account information as one would expect from a business using accounting and bookkeeping software to generate reports. The Trustee has only been provided with piecemeal 'tracing' records including vague and ambiguous bank account statements and unverified and non-contemporaneous ledgers containing limited information and undefined acronyms insufficient for identification.

See **Exhibit A** at 8. As stated above, the Prince Defendants never met and conferred with the Trustee regarding the deficiencies raised in the August 1, 2023 letter and have continuously delayed production and discovery on non-good faith issues.

The Prince Defendants further state that they "have made significant progress on document production." (ECF No. 131 at 2.) However, the Prince Defendants fail to explain to the Court that they delayed producing most of their documents until very recently. When the Trustee applied for the discovery extension on September 7, 2023, the Prince Defendants had only produced 736 documents, consisting mostly of basic corporate documents. Their first substantial production came in just 3 days before the September 22, 2023 deadline to serve requests for documents and subpoenas. The Prince Defendants then waited until October 11, 2023 to produce most of their documents, one day before they filed a letter with this Court opposing the Trustee's extension application. That production consisted of 62,580 pages and 11,575 documents, which the Trustee has just begun reviewing.

For the Court's consideration, we respectfully attach hereto as **Exhibit B** a proposed order implementing an 18-month extension of the fact and expert discovery deadlines.

---

[1] The Trustee has been having similar discussions with Khronos Liquid Opportunities Fund ("KLOF"). During the parties' last meet and confer, KLOF refused to identify any custodians or prepare any search terms, claiming it was the Trustee's burden to do so. Although KLOF dropped the issue of having the Trustee identify KLOF's custodians, it still has not identified custodians. Similarly, the Trustee recently met and conferred with David Mayer's counsel, who still refuses to produce any documents. Instead, his position is that anything concerning Mr. Mayer, including his financials, are within the possession of, and should be obtained from, other defendants. Only after the Trustee inquired about Mr. Mayer's personal devices and computer, did counsel ask the Trustee to provide search terms.

October 16, 2023
Page 3

Respectfully submitted,

*/s/ Jason S. Oliver*


Jason S. Oliver
cc: Counsel of Record (by ECF and email)