# EXHIBIT A

**BakerHostetler**

Baker & Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

Jason S. Oliver
direct dial: 212.589.4649
joliver@bakerlaw.com

August 1, 2023

**VIA E-MAIL**

Daniel H. Tabak, Esq.
Shannon A. Daugherty, Esq.
Cohen & Gresser LLP
800 Third Avenue
21st Floor
New York, New York, 10003

Re:     *Picard v. Mayer* Adv. Pro. No. 20-01316 (CGM)

Dear Counsel:

    We write regarding deficiencies in the Responses and Objections to the Trustee's First Set of Document Requests (the "Document Requests") served by Prince Capital Partners LLC ("Prince Capital") and Prince Resources LDC ("Prince Resources") ("collectively, Defendants") on March 31, 2023 (the "Objections"). As explained in detail below, the Objections abound with both global and specific deficiencies indicative of a fundamentally objectionable approach to discovery that flouts Defendants' obligations under the Federal Rules. While the Trustee acknowledges that Defendants have provided a limited production of documents, the Trustee demands that Defendants provide supplemental discovery responses and immediately continue production of all responsive documents.

   **I.    General Objections and Objections to Definitions and Instructions**

    Defendants assert general objections to the Trustee's Document Requests, none of which are proper or permitted under the Federal Rules. General objections, of course, have been disfavored since at least 2015 and should not be used unless the purported objection applies to *every* request. *See, e.g.*, *Fischer v. Forrest*, No. 14-cv-1304, 2017 WL 773694, at *1 (S.D.N.Y. Feb. 28, 2017); *CBF Industria de Gusa S/A v. AMCI Holdings, Inc.*, No. 13-CV-2581 (PKC) (JLC), 2019 WL 3334503, at *11 (S.D.N.Y. July 25, 2019). These boilerplate objections are meaningless absent any explanation as to how they apply to specific requests. These objections require needless effort. Nonetheless, the Trustee will respond to Defendants' general objections, objections to definitions and objections to instructions as follows:

Daniel H. Tabak, Esq.
Shannon A. Daugherty, Esq.
August 1, 2023
Page 2

As to Defendants' General Objection No. 2, it is improper to generally object claiming the Requests are not reasonably limited in time or scope. The Document Requests are tailored to obtaining facts in this matter and do not need further limits.

In General Objection No. 3, Defendants object to the production of "enormous quantities of electronic data" and defer to a meet and confer with the Trustee concerning custodians and search terms to identify responsive documents. The Trustee, as an outsider, is not responsible for proposing Defendants' search terms and the protocols to identify and produce ESI responsive to these Document Requests. While Defendants made their first limited rolling production of documents on June 30, 2023,[1] they have not sought to agree with the Trustee on anything nor have they provided the Trustee with any information in identifying reasonable search terms and custodians responsive to the Document Requests. Defendants must identify the search protocol it believes will accurately capture documents and information responsive to the Document Requests. Defendants should have proposed a search term and custodian protocol; the failure to do so creates a significant delay. Please provide Defendants' proposed list of search terms and custodians for the Trustee's consideration in advance of the offered meet and confer.

With respect to Defendants' General Objection No. 14, Defendants seek to reserve all objections with the right to interpose them at a later time. Any objections to the Document Requests are to be specifically lodged in response to each individual request. To the extent specific objections are not asserted, they are waived.

As to General Objection No. 6, Defendants object to the production of unspecified "Confidential Information" on the basis that "if disclosed [Defendants] would breach a legal or contractual obligation, or information otherwise subject to protection under applicable law. Defendants provide no indication as to what legal obligations they are referring to. Defendants have entered the Litigation Protective Order ("LPO"). Defendants should explain why the LPO is insufficient and whether they are withholding any information, and if so, sufficiently state the basis for withholding if not clear. The Trustee requests that this be provided in advance of the meet-and-confer.

As to General Objection No. 10, Defendants object to the extent it requires the characterization of or the express or implied assumption of facts, circumstances, laws, or legal obligations. Defendants' Objection is baseless. The Trustee is seeking discovery of contemporaneous documents and information relevant to the claims and defenses at issue. Additionally, a document request cannot call for an assumption of law, and this is an improper basis to withhold responsive documents.

As to General Objection No. 12, Defendants cannot refuse to search for and produce documents because another party may also have them in their possession, has produced them, or because the Trustee might already have them. Additionally, as to General Objection No. 11,

---

[1] The Trustee did not receive a corrected password necessary to access Defendants' joint production until July 5, 2023.

Daniel H. Tabak, Esq.
Shannon A. Daugherty, Esq.
August 1, 2023
Page 3

Defendants cannot object to looking for documents that are not reasonably accessible and only where they are reasonably expected to be located. Rather, Defendants are required to produce all responsive, nonprivileged documents in their possession, custody, or control. The Trustee is entitled to the responsive documents in Defendants' possession, custody, or control regardless of Defendants' subjective belief concerning what documents any other custodian may not have or what they consider to be reasonable.

In General Objection No. 13, Defendants object to requests seeking "all documents" or "all communications" as vague, overly broad, and unduly burdensome. There is no basis for this Objection. The Federal Rules broadly permit a party to obtain information from another party that is relevant to the claims or defenses in a particular matter. The Trustee's Requests seeking information relevant to this adversary proceeding are fully within the bounds of Federal Rule 34. Defendants must comply with their discovery obligations and produce responsive documents.

Defendants' Objection to Definition No. 3 seeks to limit the definition of "Accounts" to BLMIS Account No. 1FR071. This limitation is unfounded and improper. The definition of Accounts includes any account relating to BLMIS, which is relevant to the discovery of facts concerning BLMIS, Defendants' knowledge, and the issue of good faith. More specifically, Montpellier International Ltd.'s ("Montpellier") BLMIS Account No. 1FN027 and HCH Management Company Ltd.'s ("HCH") BLMIS Account No. 1FR055 are included in the Accounts definition because Legacy Capital received transfers from these two accounts. *See* Legacy Capital Am. Compl., Ex. A, Adv. Pro. No. 10-05286, ECF No. 112-1. Montpellier and HCH also became shareholders in Legacy Capital. *Picard v. Mayer*, Adv. Pro. No. 20-01316 (CGM), Compl., ECF No. 1 ¶ 55. HCH later sold its shares to Prince Assets Ltd. (f/k/a Prince Assets LDC), *id.* at ¶ 56, which received $10,000,000 of customer property from Legacy Capital and then subsequently transferred that money to Prince Resources. *Id.* at ¶¶ 61, 66. Montpellier also is being sued to recover subsequent transfers it received from Legacy Capital. *Id.* at ¶ 60. Likewise, if Defendants have documents concerning any other BLMIS Accounts, those should be produced as well. Accordingly, information relating to BLMIS Accounts and particularly Montpellier's and HCH's BLMIS accounts are relevant and should be included in the scope of discoverable documents. Defendants either have documents relating to these other accounts, or they do not. In any event, Defendants cannot simply refuse to produce documents responsive to Document Requests seeking obviously relevant information. In the meantime, as indicated above, Defendants have an obligation to identify with particularity the responsive documents that are being withheld on the basis of the Objection. Please immediately identify all documents withheld on the basis of this Objection. Again, as this analysis clearly already occurred, it should be provided immediately so that it may be discussed at any meet and confer.

As to Defendants' Objection to Definitions Nos. 6, 10, 12, 14, 16, 17, 18, 20, 25, 27-32 and 36 these are standard definitions used for corporate entities. These definitions do not impose an additional or new discovery obligation or burden on Defendants. Defendants object to the inclusion of "agents" in the definition of corporate entities. It has been established that the knowledge and acts of an agent are always relevant to the conduct and knowledge of a party, and this is, therefore, an improper objection. To the extent Defendants claim to be responding only

Daniel H. Tabak, Esq.
Shannon A. Daugherty, Esq.
August 1, 2023
Page 4

about managers, members, officers, directors, and employees that they know for any of these definitions, then they should disclose the identity of those individuals. Absent further clarification on this point, the Trustee expects Defendants will respond to the Document Requests using the definitions provided by the Trustee.

Defendants object to Definition No. 7, claiming the definition of BLMIS Feeder Fund is misleading, overbroad, and unduly burdensome, and that it does not know all of the persons or entities encompassed in the definition. Defendants further object on the grounds that Definition No. 7 is "misleading because it expressly includes investment vehicles that are not feeder funds as that term is commonly understood." Definition No. 7 is not misleading in any way and the meaning of the phrase "hedge funds, feeder funds, or other investment vehicles maintaining an account with BLMIS either directly or indirectly" is readily ascertainable. Defendants should respond to the Trustee's requests concerning investment funds that it has reason to believe were invested in BLMIS. Defendants' response should go well beyond HCH, Legacy Capital, and the Defendants in the adversary proceedings and include, at least, the Fairfield and Tremont related funds.

Defendants contend that the definitions of David Mayer and Rafael Mayer (Definition Nos. 9 and 31, respectively) are overbroad, unduly burdensome, and not proportional to the needs of the case and that the definitions should not include agents, representatives, and others listed in Paragraph 20. As Defendants are aware, however, this adversary proceeding involves alter ego claims and any reference to any individual Defendants can, and should, include anyone acting for and on behalf of said Defendants including the various entities and individuals listed in the definition of David Mayer and Rafael Mayer. This would be the case in any litigation, as the knowledge and acts of an agent are always relevant to the conduct and knowledge of a party. Defendants should produce documents responsive to the Document Requests using the definitions of David Mayer and Rafael Mayer included therein. Defendants also should identify, with particularity, all responsive documents withheld on the basis of this objection.

As to Defendants' Objection to Definition No. 11, the Trustee agrees that the definition of "Document" should be consistent with the Local and Federal Rules. And, indeed, the definition of Document is consistent with the Local and Federal Rules, but does clarify that the inclusion of Communications within the definition of Document is not improper as the definition of Document in Local Rule 26.3 includes both documents and electronically stored information, which necessarily includes emails, notes of phone calls and verbal conversations, and recordings of telephone calls. In short, Communications are a subset of Documents. If Defendants disagree, please explain that disagreement and provide salient authority for consideration.

Regarding Defendants' Objection to Definition No. 21 ("Meritage Committee"), Defendants improperly object to the extent they are required to identify all members of Meritage's committee that reviewed investment activities of Meritage. If Defendants know the identity of additional members of the Meritage Committee, Defendants must consider this information when searching for and producing documents to the Trustee.

Daniel H. Tabak, Esq.
Shannon A. Daugherty, Esq.
August 1, 2023
Page 5

Defendants improperly object to Definition No. 33 ("Renaissance Proposal") to the extent it is more expansive than the same defined term in Defendants' Amended Answer. Defendants offer no basis for redefining the Trustee's definition. The Trustee demands that Defendants respond to his Requests using the definition therein.

Defendants object to the definitions of "Initial Transfer" (Definition No. 13) as overbroad, unduly burdensome, and not proportional to the needs of the case, and "Subsequent Transfer" (Definition No. 34), and "Transfer" (Definition No. 35) as vague, ambiguous, over broad, unduly burdensome, and not proportional to the needs of the case. These definitions, however, are based on the definition of Transfer set forth in the Bankruptcy Code. *See* 11 U.S.C. § 101(54). Accordingly, Defendants' Objections are meritless. The Trustee, moreover, is not obligated to identify every specific Transfer that may exist as Defendants seem to contend in their definition of Initial Transfer and Subsequent Transfer. In addition, to the extent, Defendants interpret the definition of "Initial Transfer" in the Document Requests to limit the time period of such transfers to avoid producing documents outside of two years of the filing date, such interpretation is improper. As Defendants are well aware, this matter has been consolidated with the Legacy Capital matter, which involves transfers beyond the two-year period, for purposes of good faith. Thus, limiting the definition of Initial Transfers to the $86,505,850 of transfers of fictitious profits as set forth in Paragraph 58 of the complaint in *Picard v. Mayer (In re BLMIS)*, Adv. Pro. No.20-01316 (CGM) (Bankr. S.D.N.Y.) is improper. Therefore, the definition of "Initial Transfer" should be construed as defined in the Requests to include any transfer through BLMIS Account No. 1FR071. Furthermore, arguments relating to the Trustee's ability to trace a transfer back to BLMIS in order to obtain discovery are improper. This argument was already made by Khronos LLC's counsel and rejected by Judge Bernstein Khronos LLC Mot. Quash Trans. 24:16-24, Adv. Pro. No. 08-01789 (SMB), ECF No. 19788 (Bankr. S.D.N.Y. Sept. 9, 2020).. In denying Khronos LLC's motion to quash, the Court refused to consider whether it was futile to trace the transfers and held that "the Trustee [wa]s entitled to documents relating to transfers made by Montpellier and Prince to investors, to creditors, to anybody." *Id.*

With respect to Defendants' Objection to Instructions Nos. 9 and 10, Defendants have reserved the right to produce redacted documents even though there is a LPO in place that will permit documents to be designated as Confidential and prevent any disclosure to the public. Defendants have cited no right to produce redacted documents, whether under the Federal Rules, Local Rules, the Court's Individual Rules, or the LPO. The Trustee does not agree to this reservation of rights and documents should be produced in full, absent Court direction. Similarly, the Trustee does not agree to redactions concerning information that Defendants claim to be prohibited from providing under unspecified foreign law. The litigation is proceeding in the United States, and there is no basis for applying foreign law, especially foreign law that Defendants and their counsel have not identified within the appropriate timeframe. The failure to provide such detail has waived the right for Defendants to raise this objection. Further, "it is well settled that [a foreign] statute [ ] do[es] not deprive an American court of the power to order a party subject to its jurisdiction to produce evidence even though the act of production may violate that statute." *Societe Nationale Industrielle Aerospatiale v. United States District Court for Southern District of Iowa*, 482 U.S. 522, 544 n. 29 (1987) (citing *Societe Internationale Pour*

Daniel H. Tabak, Esq.
Shannon A. Daugherty, Esq.
August 1, 2023
Page 6

*Participations Industrielles et Commerciales, S. A. v. Rogers*, 357 U.S. 197, 204-206 (1958)). Moreover, we refer Defendants to Federal Rule 26 and Local Civil Rule 26.2 and renew our request that a log be provided in the form described in the Trustee's Instruction No. 9, which is not unduly burdensome, overbroad, or disproportionate to the needs of the case. While a privilege log can follow the production of the documents, it must provide sufficient detail on a per document basis to allow the Trustee to review and possibly challenge any privilege or other protections being raised.

With respect to Defendants' Objection to Instruction No. 14, Defendants agree to search for and produce documents based upon an "agreement" with the Trustee. The Trustee's Requests, however, are straightforward and responsive documents should be produced without needing further guidance or an agreement. Accordingly, the Trustee requests Defendants produce all responsive documents immediately. Defendants have made no attempt to reach agreement on any of the issues raised in this general objection. To the extent necessary, the Trustee is ready to meet and confer as to this production timeframe and expects that search terms and custodians will be provided in advance of any meet and confer.

## II.    Defendants' Specific Objections

### a.   Failure to Comply with the Federal Rules of Civil Procedure

Prince Capital's Objections to Document Requests Nos. 2, 7, 8, 23, 39, 43, 63, 65, 67, 69, 71, and 74, and Prince Resources' Objections to Document Requests Nos. 2, 19, 36, 40, 42 42, 49, 58, 64, 67, and 70 contain what appear to be boilerplate relevance and proportionality objections. The Federal Rules require that an objection to a request on a relevance basis to include an explanation specifically describing why the request lacks relevance or why the requested discovery is disproportionate in light of the factors enumerated in Federal Rule 26(b)(1). Defendants fail to comply with the Federal Rules. At minimum, therefore, Defendants must amend the Objections to provide the required information. Also, all responsive documents that are being withheld should be identified immediately.

### b.   Defendants Bear the Burden for Proposing Search Terms and Custodians

For several of the Document Requests, Defendants offer to meet and confer with the Trustee regarding appropriate search terms and custodians for responsive documents. *See* Prince Capital's Objections to Document Requests Nos. 13-17, 19, 25-27, 29-32, 34-37, 58 and 73 and Prince Resources' Objections to Document Requests Nos. 7-11, 13, 21-23, 25-28, 30-31, 33-34, 44, 61, and 69. The Trustee is not responsible for proposing Defendants' search terms when the Trustee does not and cannot know what types of documents Defendants have and how and where they are kept. Further, the limited documents produced to date by Defendants do not provide the Trustee with sufficient information to propose appropriate search terms and custodians. For the same reasons, Defendants, not the Trustee, are the sole entities that can identify any sale, transfer, assignment, or license of any asset held by Defendants as set forth in Document Request Nos 73 (Prince Capital) and 69 (Prince Resources), respectively.

Daniel H. Tabak, Esq.
Shannon A. Daugherty, Esq.
August 1, 2023
Page 7

In addition, the Trustee disagrees with Defendants' limiting the timeframe for responsive documents to January 1, 2005 to December 11, 2008. As noted above, this matter has been consolidated with the Legacy Capital adversary proceeding on the issue of "good faith," and concerns transfers beyond the two-year period and related analysis of BLMIS account performance dating back to 1992. Additionally, this litigation involves alter ego claims where pre-2005 ownership interests, corporate formation and reorganization and relationships between the defendants are relevant to the Trustee's claims. Defendants cannot unilaterally restrict the timeframe for responsive documents.

        **c. Document Requests Not Suitable for Search Terms**

In addition to improperly shifting the burden of identifying search terms to the Trustee, there are numerous Document Requests that are not suitable for collection based on search terms. These categories of documents include Defendants' (i) internal policies (Prince Capital Document Request No. 13 and Prince Resources Document Request No. 7); (ii) due diligence of BLMIS (Prince Capital Document Requests Nos. 17, 19, 25-27, 29, 31-32, 34-37, 39-40 and Prince Resources Document Requests Nos. 11, 13, 21-23, 25, 27-28, 30-34, 36-37); (iii) Defendants' agreements relating to an investment with BLMIS or any BLMIS Feeder Fund (Prince Capital Document Request No. 58 and Prince Resources Request No. 44); and (iv) transcripts, recordings, notes, summaries, and memoranda (Prince Capital Document Requests Nos. 15-16 and Prince Resources Document Requests Nos. 9-10). Accordingly, responsive documents for the aforementioned categories should have already been produced to the Trustee without taking into account any search terms.

        **d. Defendants' Limitation on Documents Concerning Transfers and Account Information and Financial Statements**

Defendants' attempts to frustrate the Trustee's legitimate discovery efforts have been par for the course during these consolidated adversary proceedings. Defendants have continually insisted that the Trustee has everything regarding the Subsequent Transfers at issue in the consolidated adversary proceedings. This approach was also evident in pre-litigation Rule 2004 discovery involving service providers and their identical managing personnel. It is unsurprising that Defendants take the same approach here. For Prince Capital Document Requests Nos. 60-64, and Prince Resources Document Requests Nos. 46-50, Defendants either refuse to produce documents or impermissibly limit the scope of the Trustee's Requests to only information sufficient to show the transfers received from July 11, 2008 and March 20, 2009 and the reason for each Subsequent Transfer.

For example, Prince Capital Document Request No. 62 and Prince Resources Document Request No. 48 seek "All Documents concerning any Subsequent Transfer including without limitation all Documents concerning: (i) the date and amount of each Transfer; (ii) the source of funding for any Transfer; (iii) the account name and account number for the account from which the funds were transferred; (iv) the account name and account number for the account to which the funds were transferred; (v) the method of the Transfer; (vi) the reason for each such Transfer;

Daniel H. Tabak, Esq.
Shannon A. Daugherty, Esq.
August 1, 2023
Page 8

(vii) the identification of any entity or individual involved with any Transfer; and (viii) the reason and disposition of each such Transfer." In response, Defendants agree only to produce documents "concerning the reason for each Subsequent Transfer as defined in these responses and objections and the date, amount, and account information for each Subsequent Transfer" and refuse to produce further responsive documents. Defendants also refuse to produce documents showing the identity of each individual involved with any Transfer, the method of the Transfer, and full account information for parties sending and receiving any Transfer. Furthermore, while Defendants agree to provide a ledger of transfers received, Defendants have not agreed to produce such documents as they would exist on the software or application used to generate it.

In addition, Prince Capital Document Requests Nos. 47-55 and Prince Resources Document Requests Nos. 16-17, 46-48, 50-53, 57, 60, and 66 seek detailed bank account, wire transfer and ledger information concerning transfers, reimbursements, and payment information and related information concerning the Prince Entities. To date, the Trustee has only been afforded the opportunity to review an incomplete snapshot of this information. Defendants' previously produced ledgers in the Prior Production, which were likely created by counsel, do not contain sufficient identifying account information as one would expect from a business using accounting and bookkeeping software to generate reports. The Trustee has only been provided with piecemeal "tracing" records including vague and ambiguous bank account statements and unverified and non-contemporaneous ledgers containing limited information and undefined acronyms insufficient for identification.

All of the Trustee's Requests seeking information concerning transfers are highly relevant to this case, and Defendants' baseless objections and unilateral limiting the scope of production are improper. Thus, the Trustee demands that Defendants produce all responsive documents to each request immediately.

Prince Capital and Prince Resources improperly limit the scope of Document Request No. 66 and Document Request No. 59, respectively, by agreeing only to produce audited financial statements. Defendants offer no explanation for such limitation and have not taken a position as to whether unaudited or interim financial statements exist. Similarly, the documents produced by Defendants to date do not provide a cohesive picture concerning financial reporting.[2] The Federal Rules require that Defendants produce responsive documents in their possession, custody, or control. Defendants must produce all responsive documents or identify documents they are withholding on the basis of this objection.

### e. Documents Regarding Defendants' Organizational Structure

Several of the Trustee's Document Requests seek information relevant to Defendants' organizational structure, including Defendants' formation and ownership (Prince Capital and Prince Resources Document Requests Nos. 1 and 2), current and former employees (Prince Capital Document Request No. 46; Prince Resources Request No. 3), documents and

---

[2] The Prince Defendants have withheld at least the June 30, 2005 balance statement.

Daniel H. Tabak, Esq.
Shannon A. Daugherty, Esq.
August 1, 2023
Page 9

communications between the Prince Entities (Prince Capital Requests Nos. 3, 7, and 8), documents and communications concerning the withdrawal and refiling as a foreign corporation for Prince Capital (Prince Capital Requests Nos. 9 and 10), and documents concerning the ownership interests in Prince Assets (Prince Capital Request No. 45). Defendants either outright reject to produce responsive documents for these categories or otherwise seek to impermissibly limit the scope and manner of document searches and production.

Regarding Prince Capital and Prince Resources Document Requests No. 1 and Prince Capital Request No. 45, Defendants impermissibly limit the timeframe to June 9, 2006 to April 25, 2019 for Prince Capital and January 1, 2005 to April 25, 2019 for Prince Resources. Documents concerning the ownership structure and interests and any changes thereto are relevant to understand the business reasons behind such changes and to identify all the relevant individuals involved.

Regarding Prince Capital Document Requests Nos. 3, 5, and 6, Prince Capital cannot refuse to search email or physical files for responsive documents. The Federal Rules require the production of documents in a party's possession, custody, or control. Prince Capital either has responsive documents or it does not and must produce all responsive documents.

With respect to Prince Capital Document Requests Nos. 9 and 10, Prince Capital limits its responses to producing only the corporate filing documents. However, the Trustee is entitled to all documents and communications showing the underlying business reasons why Prince Capital changed its organizational structure at various points in time, not just the public corporate filings.

These Document Requests seek information concerning the relationship between the Prince Entities and their relationship with other defendants in the litigation. The Trustee demands that Defendants produce all responsive documents immediately.

  f. **Documents Concerning Defendants' Risk Management and Compliance Policies and Procedures**

Regarding Prince Capital Document Requests Nos. 11 and 12 and Prince Resources Document Requests Nos. 5 and 6, Defendants improperly limit their productions "to the extent related to Legacy or BLMIS, if any, that were in effect in the period from January 1, 2005 to December 11, 2008." First, the Trustee is entitled to protocols and policies beyond those related to Legacy or BLMIS to compare whether Defendants' policies for Legacy or BLMIS differed from those for other entities and the reasons why. Second, policies dated before January 1, 2005 are relevant to determine changes to such policies over time and the reasons such policies and protocols changed, if applicable. Therefore, the Trustee demands that Defendants produce all responsive documents.

Defendants offer to meet and confer but similarly seek to restrict the production of responsive documents for the additional requests concerning due diligence of BLMIS (Prince

Daniel H. Tabak, Esq.
Shannon A. Daugherty, Esq.
August 1, 2023
Page 10

Capital Document Requests Nos. 13-16 and 26-29; Prince Resources Document Requests Nos. 7-9 and 22-25). For the same reasons, the Trustee does not agree to the start date limitation of January 1, 2005 where the current adversary proceeding has been consolidated with the Legacy Action, which concerns transfers beyond the two-year period and related analysis of BLMIS account performance dating back to 1992.

### g. The Trustee's Alter Ego Claims

This adversary proceeding involves alter ego claims and the Trustee's Document Requests seek information regarding the relationships between Defendants and other defendants and third parties. *See, e.g.*, Prince Capital Requests Nos. 38-55 and Prince Resources Requests Nos. 35-44.

As to Prince Capital Document Request No. 4, Prince Capital claims that responsive documents were produced in its Prior Production. However, the Prior Production does not contain documents fully responsive to the Trustee's Request, including payments, loans, and other financial obligations from any defendant in the action. Moreover, Prince Capital cannot shift the burden to the Trustee to identify specific payment information he is missing. Prince Capital knows how its files are kept and whether it has responsive documents and must produce them.

For Prince Capital Document Requests Nos. 5-6, 38, 40-42, 44, and 56-57 and Prince Resources Document Requests Nos. 35, 37-39, and 43, Defendants improperly limit the scope of documents they will produce to corporate books and records and executed agreements. This response improperly narrows the Document Requests. Pursuant to Instructions Nos. 3-5, the Trustee's Document Requests call for Documents, as that term is defined in accordance with Local and Federal Rules. Defendants fail to provide any support for their arbitrary limitation to only search and produce corporate books and records and executed agreements when the term "Documents" encompasses far more. Defendants must search for and produce all responsive Documents, without limitation. If Defendants are withholding Documents, Defendants must produce a log describing the responsive documents and the basis for withholding.

For Prince Capital Document Requests Nos. 39 and 43 and Prince Resources Document Requests Nos. 36 and 40-42, Defendants refuse to produce responsive documents on the basis that the Requests are overbroad, burdensome, not relevant, not proportional to the needs of the case, and to the extent they seek personal financial information not relevant to the claims or defenses. Defendants refuse to produce documents except to the extent that such documents "are responsive to other, more specific Requests." Defendants fail to comply with the Federal Rules and state the other Requests that may yield responsive documents. Furthermore, these Requests are directly relevant to the Trustee's alter ego claims and understanding the financial relationship and agreements between Rafael and David Mayer, on the one hand, and Defendants, on the other. Further, the Defendants responses do not indicate whether documents are being produced in response to other Document Requests, or whether Defendants are withholding documents subject to an objection. Defendants should supplement their responses to clarify the Objections.

Daniel H. Tabak, Esq.
Shannon A. Daugherty, Esq.
August 1, 2023
Page 11

      Prince Capital Document Request No. 69 and Prince Resources Document Request No. 64 seek the production of utility bills, telephone bills, and other bills incurred during normal business operations. Defendants refuse to produce any responsive documents, claiming these documents are irrelevant, overbroad, burdensome, and not proportional to the needs of the case. As Defendants are aware, this case involves alter ego claims, and documents concerning daily operations and locations of related business entities are relevant. The Trustee is willing to meet and confer with Defendants concerning production of responsive documents concerning bills and other documents sufficient to show business operations on an annual basis.

      **h.  Defendants' Preservation Efforts**

      In Prince Capital Document Request No. 75 and Prince Resources Document Request No. 71, the Trustee seeks documents concerning Defendants' preservation efforts for this litigation, including any document retention policies and schedules, document destruction schedules, and information management policies. It is critical for the Trustee to have access to this information so that he can assess whether Defendants met their burden to preserve relevant evidence or instead deliberately, negligently, or accidentally destroyed evidence. Defendants assert that the Trustee is seeking production of documents protected by attorney-client privilege and the work product doctrine without specifying if the Defendants are withholding any responsive materials pursuant to such protections. The failure to produce the requested documents prevents the Trustee from learning about basic facts bearing on the issue of proper collection and preservation of evidence in the aftermath of the fraud. If the Defendants are withholding any information or documents based on the assertion of any kind of privilege, then Defendants must provide a privilege log. If there are no documents responsive to the Document Requests within Defendants' possession, custody, or control, please explain why that is, what those documents were and where they were located, and whether those documents were intentionally destroyed and by whom.

      **i.  Failure to Produce Native File Format**

      Finally, the Trustee has reviewed Defendants' recent document production and has observed that only ten native files were produced. Multiple file types were produced as .pdf files rather than in native form. For example, PRINCE-00007658 is a .pdf (filename), but the title name is an Excel (.xls). Similarly, PRINCE-00007378 appears to be a .doc file, but we have no native version and only have a .pdf. Please be prepared to discuss the reason why native files were not produced at our meet and confer, along with any potential impact on associated metadata.

      Please contact me to discuss your availability for a meet and confer concerning the aforementioned issues as well as Defendants' position on the amount of discovery that you consider to be proportional to the needs of the case. The Trustee disagrees with the positions Defendants have taken, but nonetheless, if Defendants believe they have authority supporting any of their positions, we ask that the same be provided immediately, and in any event, in advance of a conference which we are prepared to have forthwith. Additionally, please prepare a

Daniel H. Tabak, Esq.
Shannon A. Daugherty, Esq.
August 1, 2023
Page 12

proposed list of search terms and custodians for the Trustee's consideration in advance of the meet and confer.

Sincerely,

*/s/ Jason S. Oliver*

Jason S. Oliver