**BakerHostetler**

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

October 17, 2023

Lan Hoang
direct dial: 212.589.4262
lhoang@bakerlaw.com

**VIA ECF**

The Honorable Cecelia G. Morris
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
355 Main Street
Poughkeepsie, New York 12601-3315

Re:   *Picard v. Sage et al.*, Adv. Pro. No. 23-01099 (CGM)

Dear Judge Morris:

We are counsel to Irving H. Picard, trustee (the "Trustee") for the substantively consolidated liquidation proceedings of Bernard L. Madoff Investment Securities LLC and the chapter 7 estate of Bernard L. Madoff under the Securities Investor Protection Act, 15 U.S.C. §§ 78 aaa–*lll*. We write in response to Defendants' letter dated October 13, 2023 and respectfully request that Your Honor enter the Trustee's proposed order, submitted on presentment (ECF No. 48), implementing the Memorandum Decision Denying in Part and Granting in Part Defendants' Motion to Dismiss (the "Opinion").

In an attempt to seek expedited appellate review, Defendants argue that the Bankruptcy Court lacks the authority to enter an order on their Motion to Dismiss because Count One involves a private right and Defendants did not consent to the Bankruptcy Court's final adjudication. Defendants' argument ignores the key fact that the Opinion is interlocutory. It is well settled that "orders dismissing fewer than all claims are considered to be interlocutory" in adversary proceedings. *In re Trinsum Grp., Inc.* ("*Trinsum*"), 467 B.R. 734, 740-41 (Bankr. S.D.N.Y. 2012). In *In re Tops Holding II Corp.*, the court clarified that a ruling on a motion to dismiss is "interlocutory, and therefore any issues regarding the [c]ourt's ability to decide claims asserted in the [c]omplaint by a final judgment are not implicated." 646 B.R. 617, 645 (Bankr. S.D.N.Y. 2022), *leave to appeal denied*, 22-cv-9450 (NSR), 2023 WL 119445 (S.D.N.Y. Jan. 6, 2023); *see also In re Lehman Bros. Holdings Inc.*, No. 18-CV-8986 (VEC), 2019 WL 2023723, at *13 (S.D.N.Y. May 8, 2019) ("Because a denial of a motion to dismiss […] is a non-final order, the [b]ankruptcy [c]ourt was entitled to enter the [o]rder without immediate review by [district] [c]ourt."). Accordingly, the "bankruptcy court may handle all pretrial proceedings, including the

The Honorable Cecelia G. Morris
October 17, 2023
Page 2

entry of an interlocutory order dismissing fewer than all of the claims in an adversary complaint." *In re Trinsum*, 467 B.R. at 738.

The constitutional limitations under *Stern v. Marshall*, 564 U.S. 462 (2011), and its progeny apply only to prevent the bankruptcy courts from entering "final orders and judgments" in certain circumstances – they do not preclude the bankruptcy courts from entering interlocutory orders. *See, e.g.*, *In re Trinsum*, 467 B.R. at 739 (after *Stern v. Marshall*, it "has been reaffirmed by the courts" that "the bankruptcy court may not enter final orders or judgments"); *In re Windstream Holdings, Inc.*, No. 19-22312 (RDD), 2020 WL 833809, at *2 (Bankr. S.D.N.Y. Feb. 19, 2020) ("By its own terms *Stern v. Marshall's* constitutional limitation applies only to the bankruptcy courts' power to enter "final" judgments […], and it is now very well established that bankruptcy courts […] may handle all pretrial proceedings short of a final ruling -- including entry of interlocutory orders dismissing fewer than all of the claims in an adversary complaint…"); *In re Suffolk Reg'l Off-Track Betting Corp.*, 591 B.R. 127, 129 (Bankr. E.D.N.Y. 2018) ("both before and after *Stern* […], it is clear that the bankruptcy court may handle all pretrial proceedings, including the entry of an interlocutory order dismissing fewer than all of the claims in an adversary complaint"). Nor does *Stern* mandate that the bankruptcy courts must issue findings of fact and conclusions of law when dismissing fewer than all claims. *See In re Tops Holding II Corp.,* 646 B.R. at 645; *see also In re WonderWork, Inc*., No. 16-13607 (SMB), 2020 WL 13719273, at *3 (S.D.N.Y. Jan. 23, 2020) (denying the defendant's motion to withdraw reference to the bankruptcy court and noting that "in adversary proceedings, orders dismissing fewer than all claims are considered to be interlocutory, and, therefore, do not require the submission of proposed findings of fact and conclusions of law to [the district] court."); *In re Hellas Telecomms. (Luxembourg) II SCA,* 555 B.R. 323, 330 n.2 (Bankr. S.D.N.Y. 2016) ("Bankruptcy judges may enter interlocutory orders without consent and without preparing proposed findings of fact and conclusions of law").

In light of the foregoing, the Trustee respectfully submits that Your Honor has full authority to enter the Trustee's proposed order, denying in part and granting in part Defendants' Motion to Dismiss.

Respectfully submitted,

*/s/ Lan Hoang*
Lan Hoang

cc: Counsel of Record (via ECF)