Roger A. Cooper
Ari D. MacKinnon
Thomas S. Kessler
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York  10006
Telephone: 212-225-2000
Facsimile: 212-225-3999

*Attorneys for BNP Paribas – Dublin Branch*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>           Plaintiff-Applicant,<br><br>           v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>           Defendant. | Adv. Pro. No. 08-01789 (CGM)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>           Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff,<br><br>           Plaintiff,<br><br>           v.<br><br>BNP PARIBAS – DUBLIN BRANCH,<br><br>           Defendant. | Adv. Pro. No. 22-01087 (CGM) |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF**
**BNP PARIBAS – DUBLIN BRANCH'S MOTION TO DISMISS**

## **TABLE OF CONTENTS**

|  | Page |
|---|---|
| TABLE OF AUTHORITIES .................................................................................... | ii |
| PRELIMINARY STATEMENT ............................................................................... | 1 |
| ARGUMENT ............................................................................................................. | 2 |
|     I.    The Trustee Fails to Establish the Avoidability of the Transfers................................................................................ | 2 |
|     II.    The Trustee's Claims Are Barred by Section 546(e)................. | 3 |
| CONCLUSION.......................................................................................................... | 5 |

# **TABLE OF AUTHORITIES**

**Page(s)**

### **Cases**

*In re Grube*,
   500 B.R. 764 (Bankr. C.D. Ill. 2013) .............................................................................. 2

*Picard v. Citibank N.A.*,
   12 F.4th 171 (2d Cir. 2021) ............................................................................................ 2

*SIPC v. BLMIS*,
   2013 WL 1609154 (S.D.N.Y. Apr. 15, 2013) ................................................................ 3

*Taylor v. Sturgell*,
   553 U.S. 880 (2008) ....................................................................................................... 2

### **Rules and Statutes**

11 U.S.C. § 101(22)(A) ............................................................................................................ 4

11 U.S.C. § 101(53A)(B) ......................................................................................................... 3

11 U.S.C. § 546(e) ................................................................................................................... 3

BNP Paribas – Dublin Branch ("BNPP Dublin"), by and through its undersigned counsel, submits this memorandum of law in support of its motion to dismiss the Complaint, ECF. No. 1 (the "Complaint") with prejudice filed by Irving H. Picard, Trustee (the "Trustee") for the Liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS") pursuant to Federal Rule of Civil Procedure 12(b)(6).

## PRELIMINARY STATEMENT[1]

The Trustee's attack on BNPP Dublin's cogent and well-supported arguments cannot rescue his Complaint, which is fundamentally deficient in myriad key areas, as outlined by BNPP Dublin in its Motion to Dismiss. In particular, the Trustee has flatly failed to address, or has misconstrued, several defects in his pleading:

First, and regardless of any independent judgment obtained in a separate litigation, the Trustee conveniently leans on the so-called "Ponzi-scheme presumption" to avoid his pleading burden, and in doing so ignores his failure to independently establish that any of the particular transfers alleged were avoidable under section 548(a)(1)(A).

Second, contrary to the Trustee's assertion, the allegations in the Complaint are sufficient to establish that Legacy's alleged securities contract with BNPP Dublin independently qualifies for the section 546(e) safe harbor.

For all of these reasons, as stated here and in BNPP Dublin's Motion to Dismiss, the Amended Complaint fails as a matter of law, and should be dismissed with prejudice.

---

[1] Capitalized terms used in this reply memorandum of law and not otherwise defined herein have the meaning ascribed to them in the Mem. of Law in Supp. of BNP Paribas – Dublin Branch's Mot. to Dismiss, *Picard v. BNP Paribas – Dublin Branch*, Adv. Pro. No. 22-01087 (CGM) (Bankr. S.D.N.Y.) (July 24, 2023) (ECF 27-1) (the "Motion to Dismiss" or "Mot.").

## ARGUMENT

**I.       The Trustee Fails to Establish the Avoidability of the Transfers**

The Trustee leans heavily on the notion that he is no longer required to meet his pleading burden because the Legacy Transfers were judged avoided in the Stipulated Order. Trustee's Mem. of Law in Opp'n to Def.'s Mot. to Dismiss the Compl., *Picard v. BNP Paribas – Dublin Branch*, Adv. Pro. No. 22-01087 (CGM) (Bankr. S.D.N.Y.) (Sept. 22, 2023) (ECF 29) (the "Opp'n Mot.") at 7. This is not enough. In order for the Trustee to claw back under section 550(a), he must first establish that the Transfers are avoidable and avoided. *Picard v. Citibank N.A.*, 12 F.4th 171, 197 (2d Cir. 2021).

The Trustee's ultimate basis for seeking to claw back the Transfers is the Stipulated Order. Opp'n Mot. at ¶ 6. But his reliance on this prior judgment, obtained via agreement with Legacy, and in the course of a litigation to which the Trustee *never* sought to add BNPP Dublin as a party, cannot bind BNPP Dublin because BNPP Dublin has not had a full and fair opportunity to litigate this issue. *See Taylor v. Sturgell*, 553 U.S. 880, 884 (2008).

Here, the Trustee appears to believe that the mere existence of the Stipulated Judgment necessarily ends this Court's inquiry and forecloses any alternative conclusion. Opp'n Mot. at 6. It does not: "With good reason, avoidance and recovery are almost always prosecuted together in a single action. Unless one of the relatively rare exceptions to the rule against nonparty preclusion applies, a trustee must plead and prove the avoidability of the transfer in each and every action to recover the property transferred or its value. The avoidability of a transfer is determinable, not as an absolute truth, but by the preponderance of the evidence presented in a particular proceeding." *In re Grube*, 500 B.R. 764, 773 (Bankr. C.D. Ill. 2013).

The Trustee also conveniently dodges BNPP Dublin's central argument, which is that the Ponzi Scheme presumption is legally untenable. *See* Mot. at 5. In the absence of such a

presumption, the Trustee has not alleged that any of the particular alleged transfers from BLMIS to BNPP Dublin, were made with specific intent to defraud.[2] *See* Mot. at 7.

## II.     The Trustee's Claims Are Barred by Section 546(e)

Because the Trustee's pleading burden is not satisfied by either the Stipulated Order or the so-called "Ponzi Scheme presumption," the section 546(e) safe harbor operates to bar the Trustee's claims. Under these circumstances, the statutory requirements of the section 546(e) safe harbor provision are unquestionably satisfied here: (1) the underlying agreement was a securities contract within the meaning of the statute; (2) the transfers under the agreement were "settlement payments;" and (3) the transfers were made by, to, and for the benefit of a covered entity under section 546(e). 11 U.S.C. § 546(e).

The alleged transfers made pursuant to the credit facility are in connection with a securities contract because the actions allegedly taken under that agreement included taking securities as collateral and receiving distributions from redemptions of that collateral. Compl. ¶ 65; *SIPC v. BLMIS*, 2013 WL 1609154, at *8 (S.D.N.Y. Apr. 15, 2013) (definition of "securities contract" is broad and "includes, *inter alia*, investment fund subscriptions and redemption requests").

The alleged transfers were also settlement payments under relevant precedent. Mot. at 8–9. Likewise, the alleged transfers were made by, to, and for the benefit of covered entities under section 546(e). The alleged were made by an entity covered by section 546(e), because they were made by a stockbroker (BLMIS). The Bankruptcy Code defines "stockbroker" to include entities "engaged in the business of effecting transactions in securities." 11 U.S.C. §

---

[2] BNPP Dublin reiterates that it contests all of the Trustee's factual assertions, including, but not limited to, the allegations that BNPP Dublin received initial transfers from BLMIS, or that any funds received can be characterized as "fictitious profits." Mot. at 2, n. 3.

-3-

101(53A)(B). And they are alleged to have been made to or for the benefit of BNPP Dublin, which qualifies as a financial institution.[3] The Code defines "financial institution" to include not only "an entity that is a commercial or savings bank," or a "trust company," but also the customer of a bank "when [the bank] is acting as agent or custodian for a customer . . . in connection with a securities contract." 11 U.S.C. § 101(22)(A).

Additionally, the Trustee has not alleged that Legacy itself engaged in fraud with BLMIS or knew BLMIS to be perpetuating a fraud, or that BNPP Dublin believed or knew Legacy to be engaging in fraud. Accordingly, no relevant authority forecloses the application of the safe harbor under these circumstances. Because, in the absence of the Ponzi Scheme presumption, the Trustee has failed to establish that these transfers may be recovered under section 548(a)(1)(A), and because each element of the statute is met, the safe harbor bars the Trustee's claims entirely.

[*The remainder of this page left blank intentionally*]

---

[3] To be clear, BNPP Dublin continues to reserve the right to dispute that it is properly characterized as the recipient of "initial transfers" from BLMIS.

## CONCLUSION

For all of the foregoing reasons, the Court should grant BNPP Dublin's Motion to Dismiss the Amended Complaint with prejudice pursuant Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Dated: New York, New York
October 23, 2023

Respectfully submitted,

*/s/ Thomas S. Kessler*
CLEARY GOTTLIEB STEEN & HAMILTON LLP

Roger A. Cooper
Ari D. MacKinnon
Thomas S. Kessler
One Liberty Plaza
New York, New York 10006
T: 212-225-2000
F: 212-225-3999
racooper@cgsh.com
amackinnon@cgsh.com
tkessler@cgsh.com

*Attorneys for BNP Paribas – Dublin Branch*