**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (CGM) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, and Bernard L. Madoff, | Adv. Pro. No. 20-01316 (CGM) |
| Plaintiff, | |
| v. | |
| RAFAEL MAYER, DAVID MAYER, MONTPELLIER INTERNATIONAL LTD., PRINCE ASSETS LTD. (f/k/a PRINCE ASSETS LDC), KHRONOS GROUP LTD. (f/k/a MONTPELLIER RESOURCES LTD.), PRINCE RESOURCES LDC, MONTPELLIER USA HOLDINGS LLC, PRINCE CAPITAL PARTNERS LLC, and KHRONOS LIQUID OPPORTUNITIES FUND LTD. | |
| Defendants. | |

**OBJECTION OF DEFENDANTS PRINCE RESOURCES LDC,
PRINCE CAPITAL PARTNERS LLC, RAFAEL MAYER, DAVID MAYER, AND
KHRONOS LIQUID OPPORTUNITIES FUND LTD. TO THE TRUSTEE'S
PROPOSED ORDER AMENDING STIPULATED CASE MANAGEMENT ORDER AND
NOTICE OF COUNTER-PROPOSED ORDER**

**PLEASE TAKE NOTICE** that, pursuant to Local Bankruptcy Rule 9074-1, Defendants Prince Resources LDC and Prince Capital Partners LLC (the "Prince Defendants"), together with Defendants Rafael Mayer, David Mayer, and Khronos Liquid Opportunities Fund Ltd. (collectively, "Defendants"), hereby **OBJECT** to the Trustee's proposed order, ECF No. 138-1, amending the Stipulated Case Management Order, ECF No. 124.

**PLEASE TAKE FURTHER NOTICE** that Defendants respectfully **COUNTERPROPOSE** that the Court enter Defendants' counter-proposed order (attached hereto as Exhibit A) amending the Stipulated Case Management Order.

Defendants respectfully state as follows:

1. There are a small number of material differences between the Trustee's proposed order and Defendants' counter-proposed order. As to each, the Trustee's proposed order departs from the directives the Court provided during the October 18, 2023 hearing (the "Hearing") while Defendants' counter-proposed order is faithful to those directives.[1] Accordingly, Defendants respectfully request that the Court enter Defendants' counter-proposed order.

**Section 2 of Defendants' Counter-Proposed Order Includes the Deposition Scheduling Deadline That Your Honor Directed at the Hearing, While the Trustee's Proposed Order Fails to Include It at All.**

2. The first material difference between the two proposed orders relates to the deadline for scheduling or taking depositions. At the Hearing, in response to argument from counsel for Legacy Capital Ltd. ("Legacy Capital"), Your Honor expressly directed that, "they're going to be taking deposition[s] before March 22nd, or you're going to know who's going to have their deposition by March 22nd. It may not be taken, but it's going to be[,] we have

---

[1] A comparison between the two proposed orders is attached hereto as Exhibit B, and a highlighted copy of cited pages from the transcript of the Hearing (the "Hearing Tr.") is attached hereto as Exhibit C.

scheduled deposition X on March 23rd, and you're going to report to me on that." Hearing Tr. 127:10-14.

3. The Trustee's proposed order disregards this mandate entirely. In contrast, Section 2 of Defendants' counter-proposed order incorporates Your Honor's directive by providing that the parties "shall have noticed or completed all depositions on the issue of good faith by March 22, 2024." The limitation to the issue of good faith is consistent with the Court's ruling because (i) good faith is the only open issue regarding Legacy Capital, whose counsel Your Honor was addressing when Your Honor directed that all depositions be taken or scheduled by March 22, 2024; and (ii) Your Honor also directed that "I agree with Mr. Tabak. You should start with . . . good faith," Hearing Tr. 142:23-24, in reference to the proposal by the Prince Defendants that the parties finish all the depositions on the good faith issue by the end of March 2024 but that the other issues would take more time, *id.* 136:17-137:17.

**The Trustee Eliminates All Interim Deadlines Even Though He Included Them in His Pre-Hearing Proposed Order and, at the Hearing, Addressed Only International Discovery Requests for Which Documentation Was Purportedly Insufficient to Make an Application Before the Now-Expired Deadline.**

4. The second material difference between the two orders is that, in Section 3, the Trustee's proposed order eliminates all interim deadlines that the parties had agreed to in the Stipulated Case Management Order. But the Trustee's own proposed order *before* the Hearing included interim deadlines, *see* ECF No. 133-2 at 5 (¶¶ 1(b), (c)), and, as no party had requested or proposed eliminating those interim deadlines, Your Honor did not eliminate them during the Hearing. By contrast, consistent with the parties' pre-hearing submissions and the discussions at the Hearing, Defendants' counter-proposed order extends the cut-off date for the requests on which the Trustee sought clarification (i.e. international requests where insufficient

2

documentation was available before the cut-off date), and it expressly provides that all other interim deadlines can be changed for good cause shown.

5. As to requests for admission and interrogatories, the Stipulated Case Management Order included a deadline 45 days before the end of fact discovery, ECF No. 124 at 4 (¶¶ 2(h), (i)), and all parties likewise included in their pre-hearing proposed orders a deadline 45 days before their proposed close of fact discovery. *See* ECF No. 132-5 at 4 (¶ 1(c) (inadvertently appearing as 1(a)); 133-2 at 5 (¶ 1(c)). As a result, the deadline for serving these discovery devices was not disputed, nor was it addressed at the Hearing. Consistent with the lack of a request to alter this deadline, the lack of any discussion at the Hearing of this deadline, and the parties' proposed orders before the Hearing, Defendants' counter-proposed order includes a deadline 45 days before the new close of fact discovery. The Trustee's proposed order, on the other hand, eliminates this deadline entirely without any demonstrated cause or any basis in the Court's ruling.

6. As to the deadline to serve document requests, which passed on September 22, 2023, the Trustee complained at the Hearing that he did not have sufficient documentary evidence to serve certain international subpoenas. Hearing Tr. 115:7-21. Legacy Capital's counsel, in turn, explained that the stipulated case management order in its adversary proceeding permitted a party to seek an extension only where the party had served international discovery but had not yet received the documents. *Id.* 121:10-122:13.[2] Later in the Hearing, the Trustee requested a "clarification from the [C]ourt on international discovery" and sought additional time to serve international subpoenas. Hearing Tr. 143:18-23. After Your Honor reiterated that the language of the Stipulated Case Management Order related only to discovery that had already

---

[2] The Stipulated Case Management Order in this adversary proceeding contains identical language. *See* ECF No. 124 at 3-4 (¶ 2(b)). To avoid confusion, we refer to the Stipulated Case Management Order.

3

been requested, *id.* 143:24-144:4, the Trustee again argued for an extension solely for international discovery and only in situations where he contended that he had not obtained the "documents necessary to put together an affidavit." *Id.* 144:12-16.

7. Based on the discussions above, which related solely to international subpoenas for which the Trustee complained he did not have sufficient documentation before the deadline in the Stipulated Case Management Order, Defendants' counter-proposed order extends until April 2, 2024 the deadline to "serve international third-party document subpoenas to entities for which the requesting Party did not have documentation necessary to serve such subpoenas sufficiently before the cut-off date for" document requests in the Stipulated Case Management Order. By contrast, the Trustee's proposed order eliminates the agreed-upon cut-off date for *all* document requests – including party requests, domestic third-party requests, and international requests for which the requesting party had sufficient documentation – without any showing of good cause and without any basis to suggest that Your Honor intended to alter the existing cut-off date for these types of requests.

## CONCLUSION

8. For the foregoing reasons, Defendants respectfully object to the Trustee's proposed order amending the Stipulated Case Management Order and respectfully request that the Court enter the attached counter-proposed order attached as Exhibit A.

Dated: October 31, 2023
New York, New York

Respectfully submitted,

*/s/ Daniel H. Tabak*
Daniel H. Tabak
Christine M. Jordan
**COHEN & GRESSER LLP**
800 Third Avenue, 21st Floor
New York, New York 10003
Tel:  (212) 957-7600
dtabak@cohengresser.com
cjordan@cohengresser.com

*Attorneys for Defendants Prince Resources LDC and Prince Capital Partners LLC*

*/s/ Eric B. Fisher*
Eric B. Fisher
Lindsay A. Bush
**BINDER & SCHWARTZ LLP**
366 Madison Avenue, 6th Floor
New York, New York 10006
Tel:  (212) 510-7008
efisher@binderschwartz.com
lbush@binderschwartz.com

*Attorneys for Defendant Rafael Mayer*

    */s/ Carlos J. Canino*
Eugene E. Stearns (*pro hac vice*)
Carlos J. Canino (*pro hac vice*)
Matthew M. Graham (*pro hac vice*)
**STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.**
Museum Tower, Suite 2200
150 West Flagler Street
Miami, Florida 33130
Tel:  (305) 789-3200
estearns@stearnsweaver.com
ccanino@stearnsweaver.com
mgraham@stearnsweaver.com

*Attorneys for Defendant David Mayer*


    */s/ Daniel S. Alter*
Daniel S. Alter
**ABRAMS FENSTERMAN LLP**
81 Main Street, Suite 400
White Plains, New York 10601
Tel:  (914) 607-7010
DAlter@Abramslaw.com

*Attorneys for Defendant Khronos Liquid Opportunities Fund Ltd.*