# Exhibit A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (CGM) |
| Plaintiff, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |

| | |
|---|---|
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |

| | |
|---|---|
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff, | Adv. Pro. No. 20-01316 (CGM) |
| Plaintiff, | |
| v. | |
| RAFAEL MAYER, DAVID MAYER, MONTPELLIER INTERNATIONAL LTD., PRINCE ASSETS LTD. (f/k/a PRINCE ASSETS LDC), KHRONOS GROUP LTD. (f/k/a MONTPELLIER RESOURCES LTD.), PRINCE RESOURCES LDC, MONTPELLIER USA HOLDINGS LLC, PRINCE CAPITAL PARTNERS LLC, and KHRONOS LIQUID OPPORTUNITIES FUND LTD., | |
| Defendants. | |

**[PROPOSED] ORDER AMENDING STIPULATED CASE MANAGEMENT ORDER**

**WHEREAS**, pursuant to Federal Rules of Civil Procedure 16 and 26, as incorporated by Bankruptcy Rules 7016 and 7026, Plaintiff Irving H. Picard (the "Trustee"), as trustee for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, *et seq.*, and the estate of Bernard L. Madoff under chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§ 701, *et seq.*, and Defendants Rafael Mayer, David Mayer, Prince Resources LDC, Prince Capital Resources LLC, and Khronos Liquid Opportunities Fund Ltd. (the "Defendants") (each a "Party" and collectively, the "Parties") stipulated to a Case Management Plan, which was entered by this Court on August 23, 2022 (Dkt. No. 124) (the "Stipulated Case Management Order");

**WHEREAS**, on September 7, 2023, the Trustee requested a conference regarding the Trustee's request for an eighteen-month extension of the fact discovery schedule set forth in the Stipulated Case Management Order;

**WHEREAS**, on October 12, 2023, Defendants responded to the Trustee's September 7, request with a counter-proposal; and

**WHEREAS**, on October 18, 2023, the Court held a conference to address the Trustee's request for an extension of the fact discovery schedule;

**NOW THEREFORE**, it is ORDERED that:

1.    The Court shall hold a Status Conference on January 24, 2024.  On or before January 12, 2024, any Party intending to make a report to the Court regarding another Party's document production shall file with the Court a description of the discovery issue that includes (a) the request(s) involved; (b) the date and substance of the request(s); (c) the date and substance of any objection that has not subsequently been withdrawn; (d) the date and method by which the requesting Party first raised a concern with the relevant objections or production; (e) the date and

method of any response received along with an accurate summary of such response; and (f) in separate entries, the date and method of each further communications between the parties regarding the issue and an accurate summary of each such communication (a "Discovery Report").  On or before January 19, 2024, any Party may file a response to any statement filed on January 12, 2024 (a "Discovery Response") with the right by any Party to file a reply to that Discovery Response on January 23, 2024 (a "Discovery Reply").  Nothing in this Order shall alter the referral of all discovery disputes to the Discovery Arbitrator pursuant to Section 7 of the Stipulated Case Management Order;

2.      The Court shall hold a second Status Conference on March 22, 2024. The Parties shall have noticed or completed all depositions on the issue of good faith by March 22, 2024 and shall be expected to report on the status of noticed and taken depositions at this Status Conference. Any Discovery Report shall be filed by March 8, 2024, any Discovery Response shall be filed by March 15, 2024, and any Discovery Reply by March 20, 2024;

3.      Except for good cause shown, the deadlines for the Parties to:

        a.      complete all fact discovery including without limitation all depositions, other than expert depositions, shall be extended to July 1, 2024 with progress of discovery being reported to the Court prior to any Status Conference;

        b.      serve international third-party document subpoenas to entities for which the requesting Party did not have documentation necessary to serve such subpoenas sufficiently before the cut-off date for document requests provided for in Section 2(g) of the Stipulated Case Management Order shall be extended to April 2, 2024;

        c.      serve requests for admission or interrogatories in accordance with Local Bankruptcy Rules 7033-1(a) or 7033-1(b) shall be extended to May 17, 2024;

       d.       complete all expert discovery, including all expert depositions, shall be extended to March 31, 2025;

       e.       complete the disclosures required by Federal Rule 26(a)(2) for any expert testimony that a party intends to offer shall be extended to September 23, 2024;

       f.       complete all disclosures of opposition expert testimony or make all applications for permission of the Court for testimony (i) by an expert that has not been disclosed in accordance with the Federal Rules of Civil Procedure, and (ii) on any issue that is beyond the scope of the opinion covered by the disclosures shall be extended to December 2, 2024; and

4.       To the extent not modified herein, the provisions of the Stipulated Case Management Order remain in full force and effect.