**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (CGM) |
| Plaintiff-Applicant, | SIPA Liquidation |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, and Bernard L. Madoff, | Adv. Pro. No. 10-05286 (CGM) |
| Plaintiff, | |
| v. | |
| LEGACY CAPITAL LTD. and KHRONOS LLC, | |
| Defendants. | |

**OBJECTION OF DEFENDANT LEGACY CAPITAL LTD. TO THE TRUSTEE'S PROPOSED ORDER FURTHER AMENDING SECOND AMENDED STIPULATED CASE MANAGEMENT ORDER AND NOTICE OF COUNTER-PROPOSED ORDER**

**PLEASE TAKE NOTICE** that, pursuant to Local Bankruptcy Rule 9074-1, Defendant Legacy Capital Ltd. ("Legacy Capital"), hereby **OBJECTS** to the Trustee's proposed order, ECF No. 282-1, further amending the Second Amended Stipulated Case Management Order, ECF No. 270 (the "Second Amended Stipulated Case Management Order").

**PLEASE TAKE FURTHER NOTICE** that Legacy Capital respectfully **COUNTERPROPOSES** that the Court enter Legacy Capital's counter-proposed order (attached hereto as Exhibit A) amending the Second Amended Stipulated Case Management Order.

Legacy Capital respectfully states as follows:

1. There are a small number of material differences between the Trustee's proposed order and Legacy Capital's counter-proposed order. As to each, the Trustee's proposed order departs from the directives the Court provided during the October 18, 2023 hearing (the "Hearing"), while Legacy Capital's counter-proposed order is faithful to those directives.[1] Accordingly, Legacy Capital respectfully requests that the Court enter Legacy Capital's counter-proposed order.

### Section 2 of Legacy Capital's Counter-Proposed Order Includes the Deposition Scheduling Deadline That Your Honor Directed at the Hearing, While the Trustee's Proposed Order Fails to Include It at All.

2. The first material difference between the two proposed orders relates to the deadline for scheduling or taking depositions. At the Hearing, in response to argument from counsel for Legacy Capital, Your Honor expressly directed that, "they're going to be taking deposition[s] before March 22nd, or you're going to know who's going to have their deposition by March 22nd. It may not be taken, but it's going to be[,] we have scheduled deposition X on March 23rd, and you're going to report to me on that." Hearing Tr. 127:10-14.

---

[1] A comparison between the two proposed orders is attached hereto as Exhibit B, and a copy of cited pages from the transcript of the Hearing (the "Hearing Tr.") are attached hereto as Exhibit C.

3.      The Trustee's proposed order disregards this mandate entirely.  In contrast, Section 2 of Legacy Capital's counter-proposed order incorporates Your Honor's directive by providing that the parties "shall have noticed or completed all depositions by March 22, 2024."[2]

**The Trustee Eliminates All Interim Deadlines Even Though He Included Them in His Pre-Hearing Proposed Order and, at the Hearing, Addressed Only International Discovery Requests for Which Documentation Was Purportedly Insufficient to Make an Application Before the Now-Expired Deadline**

4.      The second material difference between the two orders is that, in Section 3, the Trustee's proposed order eliminates all interim deadlines that the parties had agreed to in the Second Amended Stipulated Case Management Order.  But the Trustee's own proposed order *before* the Hearing included interim deadlines, *see* ECF No. 277-2 at 5 (¶¶ 1(b), (c)), and, as no party had requested or proposed eliminating those interim deadlines, Your Honor did not eliminate them during the Hearing.  By contrast, consistent with the parties' pre-hearing submissions and the discussions at the Hearing, Legacy Capital's counter-proposed order extends the cut-off date for the requests on which the Trustee sought clarification (i.e., international requests where insufficient documentation was available before the cut-off date), and it expressly provides that all other interim deadlines can be changed for "good cause shown."

5.      As to requests for admission and interrogatories, the Second Amended Stipulated Case Management Order included a deadline 45 days before the end of fact discovery, ECF No. 270 at 4-5 (¶¶ 3(h), (i)), and all parties likewise included in their pre-hearing proposed orders a deadline 45 days before their proposed close of fact discovery. *See* ECF No. 276-1 at 4 (¶¶ 1(b)); 277-2 at 5 (¶¶ 1(c)).  As a result, the deadline for serving these discovery devices was not disputed nor was it addressed at the Hearing.  Consistent with the lack of a request to alter this

---

[2] The defendants in the subsequent transfer case, *Picard v. Mayer*, Adv. Pro. No. 20-01316, which is consolidated with the Legacy Case for purposes of good faith discovery, are proposing an order in their adversary proceeding that limits this provision to good faith depositions, as explained further in the defendants' objection being filed in the subsequent transfer adversary proceeding.

2

deadline, the lack of any discussion at the Hearing of this deadline, and the parties' proposed orders before the Hearing, Legacy Capital's counter-proposed order includes a deadline 45 days before the new close of fact discovery. The Trustee's proposed order, on the other hand, eliminates this deadline entirely without any demonstrated cause or any basis in the Court's ruling.

6. As to the deadline to serve document requests, which passed on September 22, 2023, the Trustee complained at the Hearing that he did not have sufficient documentary evidence to serve certain international subpoenas. Hearing Tr. 115:7-21. Legacy Capital's counsel, in turn, explained that the Second Amended Stipulated Case Management Order permitted a party to seek an extension only where the party had served international discovery but had not yet received the documents. *Id.* 121:10-122:13. Later in the Hearing, the Trustee requested a "clarification from the [C]ourt on international discovery" and sought additional time to serve international subpoenas. *Id.* 143:18-23. After Your Honor reiterated that the language of the Second Amended Stipulated Case Management Order related only to discovery that had already been requested, *id.* 143:24-144:4, the Trustee again argued for an extension solely for international discovery and only in situations where he contended that he had not obtained the "documents necessary to put together an affidavit." *Id.* 144:12-16.

7. Based on the discussions above, which related solely to international subpoenas for which the Trustee complained he did not have sufficient documentation before the deadline in the Second Amended Stipulated Case Management Order, Legacy Capital's counter-proposed order extends until April 2, 2024 the deadline to "serve international third-party document subpoenas to entities for which the requesting Party did not have documentation necessary to serve such subpoenas sufficiently before the cut-off date for" document requests in the Second

3

Amended Stipulated Case Management Order. By contrast, the Trustee's proposed order eliminates the agreed-upon cut-off date for *all* document requests – including party requests, domestic third-party requests, and international requests for which the requesting party had sufficient documentation – without any showing of good cause and without any basis to suggest that Your Honor intended to alter the existing cut-off date for these types of requests.

## CONCLUSION

8. For the foregoing reasons, Legacy Capital respectfully objects to the Trustee's proposed order amending the Second Amended Stipulated Case Management Order and respectfully requests that the Court enter the attached counter-proposed order attached as Exhibit A.

| | |
|---|---|
| Dated: October 31, 2023<br>New York, New York | Respectfully submitted,<br><br>BINDER & SCHWARTZ LLP<br><br>/s/ Eric B. Fisher<br>Eric B. Fisher<br>Lindsay A. Bush<br>Amy C. Torres<br>675 Third Avenue, 26th Floor<br>New York, NY 10017<br>Tel.: (212) 510-7008<br>Email: efisher@binderschwartz.com<br>Email: lbush@binderschwartz.com<br>Email: atorres@binderschwartz.com<br>*Counsel for Defendant Legacy Capital Ltd.* |

4