**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789 (CGM)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff,<br><br>Plaintiff,<br><br>v.<br><br>UBS EUROPE SE, formerly known as UBS Deutschland AG, as successor in interest to Dresdner Bank Lateinamerika AG, and LGT BANK (SWITZERLAND) LTD. as successor in interest to Dresdner Bank (Schweiz) AG,<br><br>Defendant. | Adv. Pro. No. 12-01577 (CGM) |

## CASE MANAGEMENT PLAN

Plaintiff Irving H. Picard, as trustee (the "Trustee") for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa–*lll*, and the estate of Bernard L. Madoff individually, by and through his undersigned counsel, and defendants LGT Bank (Switzerland) Ltd. ("LGT

Swiss") and UBS Europe SE ("UBS Europe"), by and through their undersigned counsel ("Defendants" together with the Trustee, the "Parties," and each individually, a "Party"), hereby submit the following Case Management Plan ("Plan") pursuant to Rules 16 and 26 of the Federal Rules of Civil Procedure (the "Federal Rules"), applicable under Rules 7016 and 7026 of the Federal Rules of Bankruptcy Procedure.

1. <u>Select Procedural History.</u>

    a. On May 4, 2012, the Trustee initiated the above-captioned adversary proceeding in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") by filing a complaint against UBS Deutschland AG (now UBS Europe SE) and LGT Swiss. *Picard v. UBS Europe, et al.*, Adv. Pro. No. 12-01577, ECF No. 1.

    b. On July 14, 2022, the Trustee filed an amended complaint against UBS Europe and LGT Swiss. *Picard v. UBS Europe, et al.*, Adv. Pro. No. 12-01577, ECF No. 105.

    c. On September 15, 2022, LGT Swiss and UBS Europe separately filed Motions to Dismiss and Memoranda in Support. *Picard v. UBS Europe, et al.*, Adv. Pro. No. 12-01577, ECF Nos. 109-113.

    d. On February 28, 2023, LGT Swiss's Motion to Dismiss was denied. *Picard v. UBS Europe, et al.*, Adv. Pro. No. 12-01577, ECF No. 139.

    e. On March 29, 2023, UBS Europe's Motion to Dismiss was denied. *Picard v. UBS Europe, et al.*, Adv. Pro. No. 12-01577, ECF No. 149.

    f. On April 28, 2023 LGT Swiss filed its Answer and Affirmative Defenses. *Picard v. UBS Europe, et al.*, Adv. Pro. No. 12-01577, ECF No. 152.

    g. On June 9, 2023, UBS Europe filed its Answer and Affirmative Defenses. *Picard v. UBS Europe, et al.*, Adv. Pro. No. 12-01577, ECF No. 153.

2. Fact Discovery Plan.

    a. Fact Discovery Cut-Off. Unless otherwise agreed to by the Parties or ordered by the Bankruptcy Court, all fact discovery is to be completed by April 17, 2026 (the "Fact Discovery Cut-Off Date").

    b. Initial Disclosures. The Parties agree that they will serve Initial Disclosures as required under Federal Rule 26(a)(1) on or before 75 days after the filing of this Plan.

    c. Subjects on Which Discovery May Be Needed. The Parties contemplate that fact and expert discovery will be needed on all asserted claims and defenses.

    d. Foreign Discovery. The Parties anticipate the need for discovery located outside of the United States, including without limitation from individuals and entities that may have been affiliated with Defendants. To obtain discovery from these individuals and entities, the Parties will comply with the applicable discovery rules and laws of the applicable jurisdiction(s), which may include the Hague Convention ("Convention") on the Taking of Evidence Abroad in Civil or Commercial Matters if such discovery is sought from an individual or entity resident in a country that is a signatory, and/or, for those jurisdictions not party to the Convention, any other internationally recognized means of obtaining cross-border discovery, including but not limited to, letters rogatory (collectively, "International Discovery"). To the extent the Parties avail themselves of International Discovery procedures, they will not be deemed to have waived, prejudiced, or otherwise altered their rights to conduct discovery under the Federal Rules, the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules"), or other applicable domestic rules. To the extent that timely requested International Discovery is not received by the Fact Discovery Cut-Off Date, or that depositions or examinations timely requested under International Discovery procedures have not occurred by the Fact Discovery Cut-

Off Date, the Parties will meet and confer regarding potential reasonable extensions of the deadlines set forth herein from the Bankruptcy Court; absent consent of all Parties to such an extension, any Party may seek relief from the Court in respect of any such outstanding International Discovery. The Parties reserve all rights and do not waive any arguments as to how discovery should be conducted.

  e. <u>Form of Certain Discovery</u>. The Trustee intends to utilize one or more electronic data rooms to affirmatively make available millions of documents related to the Trustee's claims. The Trustee's use of such data rooms will be governed by all applicable orders and rules. The Parties reserve all rights with respect to the manner, process, and format of any document productions made in response to their discovery requests.

  f. <u>Document Requests</u>. Requests for documents shall be served at least 90 days before the Fact Discovery Cut-Off Date.

  g. <u>Interrogatories</u>. The Parties may serve Interrogatories in accordance with the rules and limitations articulated in Local Bankruptcy Rule 7033-1, provided they are served at least 90 days before the Fact Discovery Cut-Off Date.

  h. <u>Requests for Admission</u>. The Parties may serve Requests for Admission as needed, provided they are served at least 90 days before the Fact Discovery Cut-Off Date.

  i. <u>Limitations on Discovery</u>. The Parties do not currently seek to make any changes in the limitations on discovery imposed under the Rules or to impose any other limitations on discovery. The parties reserve their rights to seek such changes or limitations.

  j. <u>Production of Privileged Materials</u>. The Parties acknowledge that the production or other disclosure of privileged or work product protected documents or information is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.

This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained in this paragraph is intended to or shall serve to limit a Party's right to conduct a review of documents, including electronically stored information, for relevance, responsiveness, and/or privileged and/or protected status.

    k. <u>Depositions</u>.

        i. If a Party believes that the number of people with knowledge may result in the need to conduct depositions that exceed the number set out in Federal Rule of Civil Procedure 30(a)(2)(A)(i), the Parties will attempt to meet and confer in good faith to agree regarding a number of the additional depositions sought. Failing agreement, any Party may apply to the Court for an adjustment to the number of depositions. The following depositions do not count against the deposition caps imposed by the Rules: depositions of the Parties' designated expert witnesses and depositions taken for the sole purpose of establishing the location, authenticity, or admissibility of documents produced by any Party or non-party, provided that such depositions may be noticed only after the Party taking the deposition has taken reasonable steps to establish location, authenticity, or admissibility through other means, and further provided that such depositions must be designated at the time that they are noticed as being taken for the sole purpose of establishing the location, authenticity, or admissibility of documents.

        ii. All depositions of fact witnesses must be completed by the Fact Discovery Cut-Off Date. Depositions shall proceed concurrently, with no Party

    having priority.

iii. The Parties will endeavor to conclude the majority of depositions within the seven (7) hours provided by Federal Rule 30(d)(1), although the Parties acknowledge that there may be certain depositions of fact witnesses with knowledge of issues common to more than one avoidance/recovery action (each, an "Avoidance/Recovery Action") related to the main proceeding *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec., LLC (In re Bernard L. Madoff Inv. Sec., LLC)*, Adv. Pro. No. 08-01789 (CGM) (the "Main Proceeding"), that cannot be concluded within this time limit. For any such witness, the Parties will attempt in good faith to agree to reasonable extensions of the seven (7) hour time limit as appropriate and, failing agreement, any Party may apply to the Court for an extension of this time limit.

iv. To the extent the deposition of any fact witness raises common issues relevant to more than one Avoidance/Recovery Action in which fact discovery has not closed, the Parties may coordinate such depositions with the witness and defendants in such Avoidance/Recovery Actions to maximize efficiency and minimize the use of resources to the extent reasonably practicable. The Parties shall confer in good faith and provide notice of such depositions under the Federal Rules and provide notice of the date, time, and location of any such depositions, to all relevant parties. Such coordinated depositions shall not prejudice or preclude any Party from later seeking to take additional depositions of any witness deposed

        in such a deposition in connection with Avoidance/Recovery Actions in which, at the time such coordinated depositions are taken in connection with this case, initial disclosures have not been made and discovery is not open.

   v.    Depositions of Irving H. Picard or any successor trustee are prohibited absent an order issued by this Court upon a showing of good cause.

   vi.    Nothing contained in this Case Management Plan shall be deemed or construed to be a waiver of any Party's right to object to the taking of the deposition of a particular witness.

3. <u>Expert Reports and Discovery</u>. Within 30 days after the Fact Discovery Cut-Off Date, the Parties agree to meet and confer in good faith on the timing for completion of expert discovery and, if to be conducted, the procedures to be followed, including submission of reports and other information required by Federal Rule of Civil Procedure 26(a)(2). The Parties further agree to submit a proposed Amended Case Management Plan that addresses Expert Discovery and Reports in this action within 60 days after the Fact Discovery Cut-Off Date.

4. <u>Manner of Production of Discovery Materials</u>. The Parties may produce discovery, including initial disclosures, on a CD-ROM, flash drive, portable hard drive, secure file-transfer protocol link, in an electronic data room, or other similar electronic format. Information and documents produced or made available electronically shall:

   a.    be text searchable;

   b.    be provided together with data and image load files necessary to review the documents on industry standard search platforms (e.g., Summation, Concordance, Relativity) upon request of any Party;

    c. be provided together with any reasonably accessible and producible system-created and non-privileged captured objective metadata, such as date fields, author fields, custodian fields, path to native file, etc.;

    d. be organized, such as by date, custodian, or subject matter, or be produced as maintained by the producing party in the ordinary course of business or organized and labeled to correspond to the categories in the request, or (in the case of information obtained by any Party from a third party) as produced by such third party or maintained by such third party in the ordinary course of business; and

    e. be provided together with additional reasonably accessible formats of production, metadata, or native documents to the extent such additional materials are reasonably required for review, at the request of any Party.

The Parties shall meet and confer first in a good faith attempt to resolve any dispute regarding the manner, process, or format of production of any discovery materials, and absent resolution of such dispute by agreement will comply with Local Bankruptcy Rule 7007-1 to resolve the dispute.

5. <u>Confidentiality</u>. The Litigation Protective Order (ECF No. 4137) entered in the Main Proceeding on June 6, 2011, as modified via Order entered in the Main Proceeding on September 17, 2013 (ECF No. 5474), and as otherwise modified from time to time, shall govern the disclosure of confidential information in this proceeding. For the avoidance of doubt, and in accordance with Paragraphs 9 and 10 of the Court's September 17, 2013 Order Establishing Procedures for Third-Party Data Rooms (entered as ECF Document No. 5475 in Adversary Proceeding No. 08-01789), and Paragraphs H and I of the Court's September 17, 2013 Order Modifying the June 6, 2011 Litigation Protective Order (entered as ECF Document No. 5474 in Adversary Proceeding No. 08-01789) (collectively, the

"September 17, 2013 Orders"), any Confidentiality designations made in respect of documents produced by a Party to the Trustee prior to the date of entry of the Litigation Protective Order, which production was made subject to an Individual Confidentiality Standard (as that term is defined in the September 17, 2013 Orders), shall continue to be governed by such Individual Confidentiality Standard. The Parties maintain the right to seek the de-designation of any materials not appropriately marked as confidential under an Individual Confidentiality Standard.

6. <u>Proposed Modifications of Standard Pretrial Proceedings Due to the Special Nature of the Action</u>. The Parties do not believe that any such modifications are yet appropriate or necessary but will contact the Court if their belief changes.

7. <u>Prospects for Settlement, Including Whether a Settlement Conference Should Be Scheduled</u>. The Trustee and LGT Swiss have reached a settlement in principle and have agreed that all deadlines will be suspended with respect to LGT Swiss. The Trustee and UBS Europe are willing to discuss settlement and will do so as this proceeding moves forward.

8. <u>Summary Judgment and Trial Schedule</u>. The Parties propose that they will confer with each other and the Bankruptcy Court at the conclusion of all discovery to schedule motions for summary judgment, if any Party opts to file one, and a final pretrial conference and trial date.

9. <u>Jury Trial</u>. Defendants do not consent to entry of final orders or judgment by the Bankruptcy Court and demand a trial by jury on all issues that may be tried by a jury. The Trustee asserts that Defendants' objection and demand above does not restrict the Bankruptcy Court's authority.

10. <u>Parties and Counsel</u>. The following Parties join in this case management plan through their counsel.

Dated: October 30, 2023

| Of Counsel: | **BAKER & HOSTETLER LLP** |
|---|---|
| **BAKER & HOSTETLER LLP** | <u>/s/ Dean D. Hunt</u> |
| 811 Main Street, Suite 1100 | 45 Rockefeller Plaza |
| Houston, Texas 77002-5018 | New York, New York 10111 |
| Telephone: 713.751.1600 | Telephone: 212.589.4200 |
| Facsimile: 713.751.1717 | Facsimile: 212.589.4201 |
| Dean D. Hunt Email: | David J. Sheehan |
| dhunt@bakerlaw.com | Email: dsheehan@bakerlaw.com |
| Marie L. Carlisle Email: | Torello Calvani |
| mcarlisle@bakerlaw.com | Email: tcalvani@bakerlaw.com |

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff*

**WUERSCH & GERING LLP**

<u>/s/ Gregory F. Hauser</u>
Gregory F. Hauser
Email: gregory.hauser@wg-law.com
Jascha D. Preuss
Email: jascha.preuss@wg-law.com
100 Wall Street
10th Floor
New York, New York 10005
Telephone.: 212.509.5050

*Attorneys for Defendant LGT Bank (Switzerland) Ltd*

**GIBSON, DUNN & CRUTCHER LLP**

*/s/ Gabriel Herrmann*
Marshall R. King
Gabriel Herrmann
Keith R. Martorana
200 Park Avenue
New York, New York 10166
Tel.: (212) 351-4000
mking@gibsondunn.com
gherrmann@gibsondunn.com
kmartorana@gibsondunn.com

*Attorneys for Defendant UBS Europe SE*



**/s/ Cecelia G. Morris**
_____
**Hon. Cecelia G. Morris
U.S. Bankruptcy Judge**

**Dated: November 1, 2023
Poughkeepsie, New York**