UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>    Plaintiff-Applicant,<br><br>  -against-<br><br>BERNARD L. MADOFF SECURITIES LLC,<br><br>    Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>    Plaintiff,<br><br>  -against-<br><br>EQUITY TRADING PORTFOLIO LIMITED,<br><br>    Defendant. | Adv. Pro. No. 10-04457 (BRL) |

**MEMORANDUM OF LAW IN SUPPORT OF DECHERT LLP'S
MOTION FOR LEAVE TO WITHDRAW AS COUNSEL
FOR DEFENDANT EQUITY TRADING PORTFOLIO LIMITED**

DECHERT LLP
Neil A. Steiner
1095 Avenue of Americas
New York, New York 10036
(212) 698-3500
(212) 698-3599 (fax)

*Attorneys for Defendant
Equity Trading Portfolio Limited*

## PRELIMINARY STATEMENT

Pursuant to Local Bankruptcy Rule 2090-1(e) of the United States Bankruptcy Court for the Southern District of New York, Dechert LLP ("**Dechert**" or the "**Firm**") respectfully submits this Memorandum of Law, together with the Affidavit of Neil A. Steiner, Esq., sworn on November 1, 2023 (the "**Steiner Affidavit**"), in support of Dechert's motion for leave to withdraw as counsel for Defendant Equity Trading Portfolio Limited ("**Equity Trading**") in the above-captioned action. The Firm's withdrawal is warranted because the attorney-client relationship has become unproductive. Specifically, Dechert has not received payment of legal fees in years, Equity Trading has no ability to pay legal fees because substantially all of its assets were invested in a managed account with Bernard L. Madoff Investment Securities LLC ("**BLMIS**"), Equity Trading has no employees, and counsel does not have access to any person with first-hand knowledge of the allegations or subject matter of this litigation because, *inter alia*, the former officer of Equity Trading's manager passed away in the nearly fifteen years the Trustee has allowed his claims to languish. Moreover, withdrawal will not prejudice any party because trial is still far off and the deadline for substantial completion of fact discovery is six months away.

## FACTUAL BACKGROUND

This litigation arises from the massive Ponzi scheme perpetrated by Bernard L. Madoff ("**Madoff**") and his firm, BLMIS. Just before the two-year anniversary of Madoff's confession and the filing of the SIPA liquidation of BLMIS, the Madoff SIPC Trustee, Irving Picard (the "**Trustee**"), commenced this adversary proceeding seeking to avoid and recover fraudulent transfers allegedly received by Equity Trading from BLMIS in the six-year period leading up to the filing of the SIPC proceeding. Equity Trading's Offering Memorandum disclosed that it would invest exclusively in a managed account with BLMIS.

1

The Trustee's original Complaint (Dkt. 2) named as defendants Equity Trading, Equity Trading Fund Ltd. ("**ETF**"), and BNP Paribas Arbitrage, SNC ("**BNP Arbitrage**"). The Complaint conceded that Equity Trading was a significant "net loser" as a result of Madoff's Ponzi scheme. Specifically, Equity Trading's account history annexed as Exhibit B to the Complaint reflected that Equity Trading's account with BLMIS was opened in December 2005; that Equity Trading deposited more than $273 million into the account between December 2005 and August 2008; that aside from tax withholding on the fictitious profits paid to the Internal Revenue Service on Equity Trading's behalf, Equity Trading's only withdrawal from its BLMIS account was a single $15 million withdrawal in November 2008; and that Equity Trading had "net equity" in the account of nearly $257 million at the time of Madoff's confession. The Complaint further acknowledged that the Equity Trading paid the entirety of the single $15 million withdrawal from its BLMIS account to BNP within days of receiving the funds. Equity Trading did not submit a proof of claim in the SIPC proceeding and therefore has not received any distributions from the Madoff Trustee on its net equity loss.[1] Nevertheless, the Complaint alleged ten claims for relief seeking recovery of the $15 million withdrawal as well as the tax withholding as alleged preference payments and fraudulent transfers.

In July and August 2022, the Trustee voluntarily dismissed its claims against ETF and BNP in their entirety and dismissed all of its claims against Equity Trading other than its Second Claim for Relief to avoid and recover alleged two-year fraudulent transfers. (Dkt. 137, 138, 140.) Equity Trading answered the Complaint on September 30, 2022. (Dkt. 143.) On April 19, 2023, the Court entered a Case Management Plan (Dkt. 144), which sets a fact discovery cut-off of April

---

[1] In the event the Trustee actually recovered any amounts on its fraudulent conveyance claim, the person paying such amounts would be entitled to a "springing" claim under Section 502(h) of the Bankruptcy Code.

30, 2024 and provides that the parties will confer as to a schedule for expert discovery and trial at a later date.

On July 10, 2023 – almost fifteen years after Madoff's confession and thirteen years after the case was filed – the Trustee served its First Set of Requests for Production and First Set of Interrogatories. But Equity Trading has been essentially defunct since all of its assets were invested in its account with BLMIS and lost in Madoff's Ponzi scheme. Aside from a small number of documents in counsel's possession, neither Equity Trading nor former investment manager, Essex Asset Management, has or has access to documents or to employees or representatives who could assist counsel in preparing a defense or testify with first-hand knowledge of relevant facts.

Moreover, neither Equity Trading nor its former investment manager has funds to pay counsel to engage in discovery and defend this action. Dechert has received total payments of less than $67,000 in fees and costs in connection with its representation of Equity Trading in this matter, and less than $2,500 of that amount has been received since January 1, 2016. The most recent payment – of $437.50 – was received more than five years ago, in May 2018.

## ARGUMENT

Pursuant to Local Bankruptcy Rule 2090–1(e), "[a]n attorney who has appeared as attorney of record may withdraw or be replaced only by order of the Court for cause shown." Rule 2090–1(e) of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Southern District of New York. "The rule is an adaptation of S.D.N.Y. Local Civil Rule 1.4 and as such [Rule 1.4] informs the Bankruptcy Court's local rule." *In re Wiener*, No. 18-13042 (JLG), 2019 WL 2575012, at *3 (Bankr. S.D.N.Y. June 21, 2019) (internal quotation marks and citation omitted). As relevant, Rule 1.4 provides that an order of withdrawal "may be granted only upon a showing

3

by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar[.]" Rule 1.4 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York.

Satisfactory reasons for withdrawal "include 'a client's lack of cooperation–including lack of communication with counsel, and the existence of an irreconcilable conflict between attorney and client.'" *Naguib v. Pub. Health Sols.*, No. 12-CV-2561, 2014 WL 2002824, at *1 (E.D.N.Y. May 15, 2014) (quoting *Diarama Trading Co. v. J. Walter Thompson U.S.A.*, No. 01-CV-950, 2005 WL 1963945, at *1 (S.D.N.Y. Aug. 12, 2005)); *Kolomick v. Kolomick*, 518 N.Y.S.2d 413, 414 (N.Y. App. Div. 1987) (withdrawal of counsel appropriate where "due to the [client's] conduct, continued representation by his attorney would have been unproductive"). An unproductive relationship exists where, for example, a client is unable to provide documents to its counsel or otherwise participate in discovery. *See Marciano v. DCH Auto Grp.*, No. 11-CV-9635, 2016 WL 11703590, at *2 (S.D.N.Y. Feb. 2, 2016) (granting motion to withdraw where, *inter alia*, client refused to produce discovery); *see also In re Chalasani*, 92 F.3d 1300, 1307–08 (2d Cir. 1996) (explaining that counsel "withdrew in part because of the debtor's unwillingness to comply with discovery").

Moreover, "it is well-settled in the Eastern and Southern Districts of New York that non-payment of legal fees is a valid basis for granting a motion to withdraw pursuant to Local Civil Rule 1.4." *Police Officers For A Proper Promotional Process v. Port Auth. of New York & New Jersey*, No. 11-CV-7478, 2012 WL 4841849, at *1 (S.D.N.Y. Oct. 10, 2012) (quoting *Melnick v. Press*, No. 06-CV-6686, 2009 WL 2824586, at *3 (E.D.N.Y. Aug. 28, 2009)). "An attorney may withdraw as counsel when his client fails to pay legal fees or to communicate with him." *Furlow v. City of New York*, No. 90-CV-3956, 1993 WL 88260, at *2 (S.D.N.Y. Mar. 22, 1993).

4

### A. The Attorney-Client Relationship Has Become Unproductive

Withdrawal is warranted because the attorney-client relationship has become unproductive. As explained above, Equity Trading simply has no ability to cooperate with the Firm in the defense of the case – it has no employees; no access to documents aside from the small number of documents provided to counsel more than a decade ago, which counsel has offered to produce to the Trustee; and no funds with which to pay legal fees. Indeed, Equity Trading has not paid fees to Dechert in more than five years, since May 2018. A client's inability to communicate and cooperate with counsel is a sufficient basis for withdrawal, *Naguib*, 2014 WL 2002824, at *1, especially in light of the inability to participate in discovery, *see Marciano*, 2016 WL 11703590, at *2. Further, withdrawal is particularly appropriate given Equity Trading's inability to pay any portion of the significant costs of defense that would be incurred in discovery and trial. *See Furlow*, 1993 WL 88260, at *2 (lack of communication and lack of payment sufficient bases for withdrawal).

### B. Withdrawal Will Not Disrupt or Delay Proceedings, Nor Will It Prejudice Any Party.

"A court determining whether to grant a motion to withdraw as counsel may also consider whether the prosecution of the suit is [likely to be] disrupted by the withdrawal of counsel." *Ramgoolie v. Ramgoolie*, No. 16-CV-3345, 2020 WL 8838048, at *1 (S.D.N.Y. June 24, 2020) (modification in original) (internal quotation marks and citation omitted). The court may also consider, *inter alia*, whether "the client's rights will be prejudiced by the delay necessitated in obtaining replacement counsel or because the court's trial calendar will be adversely affected." *In re Wiener*, 2019 WL 2575012, at *5 (citation omitted). "Where discovery has not yet closed and the case is not on the verge of trial readiness, prejudice is unlikely to be found." *Winkfield v.*

5

*Kirschenbaum & Phillips, P.C.*, No. 12-CV-7424, 2013 WL 371673, at *1 (S.D.N.Y. Jan. 29, 2013) (internal quotation marks omitted).

Given that this case is nowhere near to being trial ready, the close of fact discovery is six months away, and Equity Trading has no funds with which to pay defense costs nor assets to protect from a judgment, the Firm's withdrawal will not prejudice any party. Equity Trading would have sufficient time to retain substitute counsel and conduct discovery should it choose to do so. Nor would the Trustee be prejudiced if Equity Trading elected not to retain substitute counsel and to allow a judgment by default. In these circumstances, and in light of the Trustee's substantial delays in prosecuting the case and the six months remaining for fact discovery under the current schedule, Equity Trading should be given a short, forty-five day period to secure replacement counsel. The Firm's withdrawal and that short delay will not prejudice any party.

## CONCLUSION

For the foregoing reasons, Dechert respectfully requests that the Court grant its motion to withdraw as counsel for Defendant Equity Trading Portfolio Limited.

Respectfully submitted,

DECHERT LLP

Dated: New York, New York
November 1, 2023

Neil A. Steiner
1095 Avenue of Americas
New York, New York 10036
(212) 698-3500
(212) 698-3599 (fax)

*Attorneys for Defendant
Equity Trading Portfolio Limited*

6