**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>    Plaintiff-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>    Defendant. | Case No. 08-01789 (CGM)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>    Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff,<br><br>    Plaintiff,<br><br>v.<br><br>MALCOLM SAGE and LYNNE FLORIO,<br><br>    Defendants. | Adv. Pro No. 23-01099 (CGM) |

**DEFENDANTS' OBJECTION TO NOTICE OF PRESENTMENT OF ENTRY OF ORDER DENYING IN PART AND GRANTING IN PART DEFENDANTS' MOTION TO DISMISS THE COMPLAINT**

12275104-1

Defendants Malcolm Sage and Lynne Florio, by their attorneys, Olshan Frome Wolosky LLP, respectfully submit this objection (the "Objection") to Plaintiff's Notice of Presentment of Entry of Order Denying in Part and Granting in Part Defendants' Motion to Dismiss dated October 17, 2023 [Dkt. No. 48] (the "Presentment Notice"). In support of their Objection, Defendants respectfully state as follows:

1. Defendants object to the entry of the proposed order (the "Proposed Order") attached to the Presentment Notice because, absent Defendants' consent which has not been given, (i) this Court does not have the judicial power to enter an order granting or dismissing either Count under Article III of the United States Constitution and (ii) this Court does not have the statutory authority to enter an order granting or dismissing Count Two, seeking a declaratory judgment under state law which is not statutorily core, under 28 U.S.C. § 157(b).

2. Defendants' request that this Court instead issue reports and recommendation with respect to its ruling on Defendants' motion to dismiss consistent with 28 U.S.C. § 157(c) and the Supreme Court's holding in *In re Executive Benefits Ins. Agency*, 573 U.S. 25, 36 (2014).

3. In support thereof, Defendants hereby incorporate by reference their *Letter Request to Convert Opinion to Proposed Findings of Fact and Conclusions of Law* dated October 13, 2023 [Dkt. No. 45] (the "Letter Request") as if fully restated herein.

4. Defendants do not seek an interlocutory appeal and do not question the interlocutory nature of the Proposed Order if entered. Defendants know of no circuit level or higher authority that has addressed specifically the question of whether, in light of *Stern v. Marshall* and its progeny, a bankruptcy court may entertain and enter an order on motions to dismiss, provided that order does not dismiss all claims.

5.  Through his response to the Letter Request, Plaintiff advances a rule that essentially would allow bankruptcy courts to enter orders on motions to dismiss except in cases where it dismisses all claims, and only then would a report and recommendation be required. But when it comes to statutorily core matters (such as Count Two), that is not what the statute provides:

> (1) A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. In such proceeding, t*he bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.*

28 U.S.C. § 157(c) (emphasis added).

6.  157(c) is clear on its face: the bankruptcy judge in a non-core proceeding "shall submit proposed findings of fact and conclusions of law" to the district court. There is no exception allowing a bankruptcy court to determine a case leading to a non-final order. There is no reason to construe constitutional matters differently.

7.  If Plaintiff's rule – that anything short of complete dismissal does not require a report and recommendation – was correct, it would lead to an absurd result that would practically make the concept of a report and recommendation and the rule of *Executive Benefits* almost completely illusory. Absent the rare case of removal of related-to cases to the bankruptcy courts, plaintiffs chose the bankruptcy court as forum. Seldom at best is the case that a plaintiff does not consent to the entry of final orders or judgment of the bankruptcy court. It is defendants that withhold consent and as such, it is defendants that are typically entitled to the Article III protections of a report and recommendation. But if Plaintiff's rule is correct, only the dismissal of all claims would give rise to the protections of report and recommendation. In other words, under Plaintiff's formation *only in the precise circumstance – dismissal of all claims – where defendants have no*

2

12275104-1

*need for the protections of Article III is where the protections of Article III would actually be made available to them.* Heads I win, tails you lose. That is an absurd result which cannot be the law.

8.  Moreover, as a matter of Article III to the United States Constitution, Plaintiff's rule begs an obvious question: if bankruptcy judges can preside without consent over a dismissal motion that doesn't dismiss all claims, why cannot magistrate judges?

The simple answer is the Magistrates Act says they cannot:

> a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, *except* a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, *to dismiss for failure to state a claim upon which relief can be granted*, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

28 U.S.C. § 636(b)(1)(A) (emphasis added).

9.  The Magistrates Act is clear: magistrate judges cannot determine motions to dismiss without consent *period*. There is no exception that allows them to determine all claims provided they do not enter a final order dismissing all claims.

10. Legislative history and case law explains why the Magistrates Act does not allow (absent consent) magistrate judges to entertain motions to dismiss. When the Magistrate Act was passed originally in 1966, the applicable section did not contain an express prohibition on entertaining motions to dismiss. Rather it provided:

> (b) Any district court of the United States, by the concurrence of a majority of all the judges of such district court, may establish rules pursuant to which any full-time United States magistrate, or, where there is no full-time magistrate reasonably available, any part-time magistrate specially designated by the court, may be assigned *within the territorial jurisdiction of such court such additional duties as are not inconsistent with the Constitution and laws of the United States*. The additional duties authorized by rule may include, *but are not restricted to–*

3

> "(1) service as a special master in an appropriate civil action, pursuant to the applicable provisions of this title and the Federal Rules of Civil Procedure for the United States district courts;
> "(2) assistance to a district judge in the conduct of pretrial or discovery proceedings in civil or criminal actions; and
> "(3) preliminary review of applications for posttrial relief made by individuals convicted of criminal offenses, and submission of a report and recommendations to facilitate the decision of the district judge having jurisdiction over the case as to whether there should be a hearing."

*TPO, Inc. v. McMillen,* 460 F.2d 348, 356–57 (7th Cir. 1972) (*quoiting* 11 U.S.C. § 636(b) as then in effect) (emphasis added). Without expressly prohibiting motions to dismiss, the Magistrates Act had allowed referral of actions that *are not inconsistent with the Constitution and laws of the United States.* As discussed in depth in the *TPO* case, and much like with the enactment of the Bankruptcy Code, the act was the result of the significant involvement of multiple committees and professionals and there was a tremendous concern of the constraints upon Article III:

> From the outset of the preliminary hearings and throughout the period until the act was passed, there was an abiding concern by interested witnesses before the committees considering the various proposed bills, and by senators and representatives that expanding the jurisdiction of commissioners or magistrates might violate the dual constitutional concepts (1) that Article III of the Constitution vests the judicial power of the United States in judges possessing life tenure and undiminishable salaries and (2) that due process of law encompasses the right of litigants to have "cases" or "controversies" determined by Article III judges.

TPO at 352–53. *See also A Guide to the Legislative History of the Federal Magistrate Judges System*, September 2009, *available at*

https://www.uscourts.gov/sites/default/files/magistrate_judge_legislative_history.pdf.

11. In *TPO*, the Seventh Circuit was faced with the question of whether determination of a motion to dismiss by a magistrate judge was consistent "*with the Constitution and laws of the United States*" as required by the then current Magistrates Act. The Circuit concluded "no,"

4

12275104-1

holding that "magistrates have no power to decide motions to dismiss or motions for summary judgment, both of which involve ultimate decision making, and the district courts have no power to delegate such duties to magistrates. We find that the order of reference here was lacking in power and amounted to little less than an abdication of the judicial function depriving the parties of a trial before the court on the basic issues involved in the litigation." *TPO* at 359-60 (*internal marks & citations omitted*).

12. In 1976, two years after *TPO* was decided, Congress amended the Magistrates Act to add the express prohibition on motions to dismiss and other actions.

13. It stands to reason that had Congress and the committees who have focused on the Magistrates Act and subsequent amendments understood that that it would have been constitutionally permissible to allow magistrates to decide motions to dismiss provided they were not dismissing all claims, the Act would have allowed for it. And it stands further to reason that bankruptcy judges have no more authority to encroach on Article III matters as do magistrate judges.

14. Simply put, absent consent, Article III of Constitution does not allow bankruptcy courts to decide motions to dismiss of a *Stern* claim, even where counts will survive, and 28 U.S.C. § 157(c) does likewise not allow determination of a non-statutorily core claim in such a circumstance.

WHEREFORE, for the foregoing reasons, Defendants respectfully request that the Court (i) deny the Presentment Notice; (ii) convert the opinion on Defendants' Motion to Dismiss to a report and recommendation; and (iii) grant such other relief to Defendants as is necessary and proper.

5

12275104-1

Dated: New York, New York
November 15, 2023

OLSHAN FROME WOLOSKY LLP

By: /s/ Jonathan T. Koevary
Thomas J. Fleming, Esq.
Jonathan T. Koevary, Esq.
1325 Avenue of the Americas
New York, New York 10019
(212) 451-2300
*Counsel for Defendants*

6

12275104-1