**AKERMAN LLP**
Mark S. Lichtenstein
1251 Avenue of the Americas
37th Floor
Telephone: (212) 880-3800
Facsimile:(214) 981-9339
mark.lichtenstein@akerman.com

*Counsel for Defendant Rusell Oasis Adv. Pro. No. 23-01181-CGM*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Plaintiff-Applicant,<br><br>-v-<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | Adv. Pro. No. 08-01789-CGM<br><br><br><br>**SIPA Liquidation**<br><br>**(Substantively Consolidated)** |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>Plaintiff,<br><br>-v-<br><br>RUSSELL OASIS,<br><br>Defendant. | Adv. Pro. No. 23-01181 (CGM)<br><br><br><br>**JURY TRIAL DEMANDED** |

**RUSSEL OASIS' ANSWER AND DEFENSES TO COMPLAINT**
**AND REQUEST FOR JURY TRIAL**

73765224;3

Defendant, Russel Oasis ("Defendant" or "R. Oasis"), hereby files his Answer to the Complaint (the "Complaint") filed by plaintiff, IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff, ("Plaintiff" or the "Trustee") on or about September 20, 2023, and states as follows:[1]

## GENERAL DENIAL

Except as otherwise expressly admitted herein, Defendant denies each and every allegation in the Complaint. Defendant states that the headings and sub-headings throughout the Complaint do not constitute well-pleaded allegations of fact and therefore require no response. To the extent a response is required, the allegations in the headings and subheadings in the Complaint are denied. In answering the allegations in the Complaint, Defendant does not intend to waive, and does not waive, any and all applicable objections to the relevance, admissibility, or prejudicial effect of any of the allegations in the Complaint. To the extent that it is later determined that a response is required to any allegation Defendant has been mooted by a prior dismissal of the Trustee's claims, Defendant denies any such allegation. Defendant expressly reserves the right to amend and/or supplement the Answer.

## ANSWER TO THE TRUSTEE'S ALLEGATIONS AGAINST R. OASIS

## NATURE OF PROCEEDING

1.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1. To the extent a response is required to the factual allegations contained in Paragraph 1 Defendant denies each and every allegation contained therein.

2.  Defendant denies that he was beneficiary of a Ponzi scheme, that he received fictitious profits, or that he received stolen customer property. Defendant asserts that the term

---

[1] Capitalized terms not defined herein have the meaning set forth in the Complaint.

1

73765224;3

"fictitious profits" as used in the complaint is vague, incomplete, contained in no statute and is without accepted meaning. For all purposes in this Answer, Defendant understands the term to mean amounts which the Trustee seeks to recover. Defendant invested through a partnership account that was itself a victim of a Ponzi scheme. Defendant acted in good faith at all times in this matter, and all payments made to Defendant, if any, were lawfully due to him at the time of each payment by the partnership that paid him.

3. Defendant states that the allegations of Paragraph 3 are legal conclusions or arguments as to which no response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 3 and on that basis deny each and every allegation contained therein.

## JURISDICTION AND VENUE

4. Defendant states that the allegations of Paragraph 4 are legal conclusions or arguments as to which no response is required. To the extent a response is required, Defendant denies that this Court has jurisdiction to fully adjudicate this proceeding.

5. Defendant states that the allegations of Paragraph 5 are legal conclusions or arguments as to which no response is required. To the extent a response is required, Defendant denies each and every allegation contained in Paragraph 5. Defendant asserts that the Court lacks Constitutional authority to finally adjudicate the claims in this matter against him, and to the extent required does not consent to this Court exercising jurisdiction over him.

6. Defendant admits that venue is proper under 28 U.S.C. § 1409(a).

## DEFENDANT

7. Defendant admits that he lives in Miami, Florida. Defendant admits that he is a limited partner of RAR, and owner of Tamiami Tower Corporation, the general partner of RAR.

8. Defendant admits the allegation in Paragraph 8.

9. Defendant admits the allegations in Paragraph 9.

10. Defendant admits the allegation in Paragraph 10, but denies that RAR used R. Oasis home address through 2008.

11. Defendant admits the allegation in Paragraph 11.

12. Defendant denies the allegation in Paragraph 12.

## **BACKGROUND, THE TRUSTEE AND STANDING**

13. Defendant denies knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 13 of the Complaint, and refer the Court to the filings, orders, and proceedings in the District Court and in the criminal action against Bernard L. Madoff.

14. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint, and further assert that the filings, orders, and proceedings in the District Court are legal documents to which no response is required.

15. The "order" referenced in Paragraph 15 is a legal document to which no response is required.

16. The orders referenced in Paragraph 16 are legal documents to which no response is required.

17. Defendant states that the filings, orders, and proceedings in the Bankruptcy Court referenced in Paragraph 17 of the Complaint, are legal documents to which no response is required. To the extent that such orders are applicable to this proceeding, the Defendant was not party to those proceedings and no orders entered in such proceedings are binding on him.

3

73765224;3

18. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint, and further asserts that the filings, orders, and proceedings in District Court criminal proceedings are legal conclusions to which no response is required. As Defendant was not a party to those criminal proceedings, no orders entered in such proceedings are binding on him.

19. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint, and further asserts that the filings, orders, and proceedings in District Court criminal proceedings are legal conclusions to which no response is required. As Defendant was not a party to those criminal proceedings, no orders entered in such proceedings are binding on him.

20. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint, and further asserts that the filings, orders, and proceedings in District Court criminal proceedings are legal conclusions to which no response is required. As Defendant was not a party to those criminal proceedings, no orders entered in such proceedings are binding on him.

21. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint, and further asserts that the filings, orders, and proceedings in various District Court criminal proceedings are legal conclusions to which no response is required. As Defendant was not a party to those criminal proceedings, no orders entered in such proceedings are binding on them.

22. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 that the Trustee is using his authority under SIPA and the Bankruptcy Code to recover certain alleged transfers. As to all other allegations contained in

Paragraph 22 of the Complaint, Defendant states that those allegations are legal conclusions or arguments as to which no response is required and, to the extent a response is required, Defendant denies those allegations.

23. Defendant states that the allegations of Paragraph 23 are legal conclusions or arguments as to which no response is required. To the extent a response is required, Defendant denies the allegations.

24. Defendant states that the allegations of Paragraph 24 are legal conclusions or arguments as to which no response is required. To the extent a response is required, Defendant denies the allegations.

## I.    BLMIS, THE PONZI SCHEME, AND MADOFF'S INVESTMENT STRATEGY

### A.    BLMIS

25. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint, and further asserts that the alleged SEC filings, orders, and proceedings are legal documents to which no response is required.

26. The allegations of Paragraph 26 are legal conclusions or arguments as to which no response is required. To the extent a response is required, Defendant denies the allegations

27. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27.

28. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28.

29. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29.

30. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30.

### B. The Ponzi Scheme

31. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31.

32. Defendant lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32.

33. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33.

34. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34.

### 1. Madoff's Investment Strategy

35. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35.

36. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 36.

37. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 37.

38. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38.

39. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39.

40. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 40.

41. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 41.

42. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 42.

43. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 43.

44. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 44.

45. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 45.

46. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 46.

47. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 47.

### 2.    BLMIS's Fee Structure

48. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 48.

### 3.    BLMIS's Market Timing

49. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 49.

50. The allegations of the first sentence of Paragraph 50 are legal conclusions or arguments as to which no response is required. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 50.

51. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 51.

### 4. BLMIS Execution

52. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 52.

### 5. No Evidence of BLMIS Trading

53. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 53.

54. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 54.

55. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 55.

56. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 of the Complaint, and further asserts that the actions in various District Court criminal proceedings are legal conclusions to which no response is required. As Defendant was not a party to those criminal proceedings, no orders entered in such proceedings are binding on him.

57. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 of the Complaint.

## THE PRIOR AVOIDANCE ACTIONS

58. Defendant admits the allegations in Paragraph 58.

59. The allegations in the complaint filed in *Picard v. RAR Entrepreneurial Fund, Ltd.*, Adv. Pro. No. 10-04352 (CGM), to the extent that a court has finally adjudicated certain facts as alleged in Paragraph 59 and as alleged in Exhibit B attached to the Complaint in a proceeding to

8

73765224;3

which he was a party, he admits he is bound by such findings of fact. To the extent that a court did not finally adjudicate such factual allegations in such a proceeding, Defendant denies them.

60.    The course of proceedings in *Picard v. RAR Entrepreneurial Fund, Ltd.*, Adv. Pro. No. 10-04352, is a matter of public record. Defendant respectfully refers to those documents for their contents.

61.    The course of proceedings in *Picard v. RAR Entrepreneurial Fund, Ltd.*, Adv. Pro. No. 10-04352, is a matter of public record. Defendant respectfully refers to those documents for their contents.

62.    The course of proceedings in *Picard v. RAR Entrepreneurial Fund, Ltd.*, Adv. Pro. No. 10-04352, is a matter of public record. Defendant respectfully refers to those documents for their contents.

63.    The course of proceedings in *Picard v. RAR Entrepreneurial Fund, Ltd.*, No. 20-cv-01029 (JMF) (S.D.N.Y. 2020), is a matter of public record. Defendant respectfully refers to those documents for their contents.

64.    The course of proceedings in *Picard v. RAR Entrepreneurial Fund, Ltd.*, No. 20-cv-01029 (JMF) (S.D.N.Y. 2020) , is a matter of public record. Defendant respectfully refers to those documents for their contents.

65.    The course of proceedings in *Picard v. RAR Entrepreneurial Fund, Ltd.*, No. 20-cv-01029 (JMF) (S.D.N.Y. 2020), is a matter of public record. Defendant respectfully refers to those documents for their contents.

### THE SUBSEQUENT TRANSFERS TO RUSSEL OASIS

66.    Defendant admits the allegations in Paragraph 66 of the Complaint.

67.    Defendant denies the allegations in Paragraph 67 of the Complaint.

68. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 of the Complaint.

69. Defendant admits the allegations in Paragraph 69 of the Complaint.

70. .Defendant denies the allegations in Paragraph 70 of the Complaint.

71. Defendant admits the allegations in Paragraph 71 of the Complaint

72. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 of the Complaint.

73. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73 of the Complaint.

74. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 of the Complaint.

75. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75 of the Complaint.

76. Defendant has no knowledge or information of the Trustee's future intentions upon future discovery. For these reasons, to the extent there are factual allegations encompassed in Paragraph 76, the Defendant denies the allegations.

## COUNT ONE

### RECOVERY OF SUBSEQUENT TRANSFERS
### 11 U.S.C. §§ 105(a) AND 550(a)

77. Defendant incorporates by reference his answers to the allegations in Paragraphs 1 to 76 of the Complaint.

78. Defendant admits that the RAR Initial Transfers are subject to an avoidance action which is being appealed by RAR.

73765224;3

79. Defendant denies that the RAR Subsequent Transfers as alleged in this Complaint are recoverable from him.

80. Defendant denies that the RAR Subsequent Transfers as alleged in this Complaint are recoverable from him and this Court should deny any other form of relief.

## **DEFENSES**[2]

1. The Complaint fails to state a claim upon which relief can be granted.

2. The Trustee's avoidance powers are limited under section 550 of the Bankruptcy Code to recoveries (i) for the "benefit of the estate" (*i.e.*, for the benefit of creditors, not the Debtor itself or its equity holders), and (ii) in an amount necessary to satisfy creditors' claims. *See* 11 U.S.C. § 550. The bankruptcy objective of the avoidance powers in sections 544 and 548 is to protect creditors generally from prejudice resulting from transfers of the Debtor's property for less than reasonably equivalent value, resulting in diminution of the debtor's estate available to pay creditors. That objective can and must be reconciled with state law and public interest by limiting the measure of avoidance damages under sections 548 and 550 of the Bankruptcy Code to the amount necessary to make creditors of the Debtor's estate whole. The claims asserted in the Complaint may not be prosecuted for the benefit of equity holders or creditors whose claims are *pari passu* with equity interests. Investors whose claims are based solely on their investments in the Debtor's fund are more properly characterized as equity interest holders than creditors. An equity interest is not a claim against the Debtor within the meaning of the term "claim" as defined

---

[2] In identifying the defenses set forth below, the Defendant does not relieve the Trustee of proving under the appropriate standard of proof all elements of the claims that the Trustee alleges. The Defendant does not undertake any burdens that properly rest upon the Trustee, and does not transform any defense into an affirmative defense. These defenses are set forth cumulatively and in the alternative.

11

73765224;3

in 11 U.S.C. § 101(5). The Complaint is being prosecuted impermissibly for the benefit of equity interest holders, not for the benefit of the estate.

3. The Trustee's claims are barred in whole or in part by the applicable statute of limitations.

4. The Trustee's claims are barred by estoppel, waiver, or laches.

5. The Trustee's claims are barred by the doctrine of *in pari delicto* and other related equitable defenses.

6. The Trustee lacks standing to bring and maintain this action under 11 U.S.C. §§ 544, 548 and 550, on behalf of investors/equity holders.

7. The Trustee is barred from recovering by the Complaint because the RAR Initial Transfers were not made with the actual intent to hinder, delay or defraud any entity to which the Debtor, was or became, on or after the date that such transfer was made, indebted.

8. RAR was induced by fraud to invest with the Debtor, and thus RAR holds a state law claim for rescission, and this tort claim is an antecedent debt which constitutes value for purposes of section 548(a)(1)(B) and section 548(c). RAR's tort claim for rescission of the entire amount of his principal invested constitutes value for purposes of section 548(a)(1)(B). The Debtor did not receive less than reasonably equivalent value in exchange for the RAR Initial Transfers placed in issue by the Complaint.

9. The Debtor was not insolvent on the dates of the RAR Initial Transfers placed in issue by the Complaint were made, or did not become insolvent as a result of such transfers. The Debtor was not engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtor was an unreasonably small capital.

The Debtor did not intend to incur, or believed that the Debtor would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

10. RAR was induced by fraud to invest with the Debtor, and thus RAR holds a state law claim for rescission, and this tort claim is an antecedent debt which constitutes value for purposes of section 548(a)(1)(B) and section 548(c). The RAR Initial Transfers at issue in the Complaint satisfied a portion of the antecedent debt owed to RAR.

11. RAR was induced by fraud to invest with the Debtor, and thus holds a state law claim for rescission, and this tort claim is an antecedent debt which constitutes value for purposes of section 548(a)(1)(B) and section 548(c). Pleading in the alternative, and in defense to a determination that the Defendant received a transfer that is avoidable pursuant to 11 U.S.C. §§ 548(a)(1)(A) or 548(a)(1)(B) or similar concepts of state law, the Defendant is entitled to the benefit of 11 U.S.C. § 548(c) or other applicable law, which provides a complete defense to an otherwise fraudulent transfer. To the extent that RAR received a transfer from the Debtor within the scope of 11 U.S.C. §§ 548(a)(1)(A) or 548(a)(1)(B) or other applicable law (which the Defendant denies), RAR is a transferee that received the Debtor's interest in property, if any, in good faith, and gave value to the Debtor. The RAR Initial Transfers were based on a good faith, arm's length transaction embodied in one or more contractual agreements. In connection with the transaction, RAR (a) received the transfer in accordance with his agreement with the Debtor, (b) received the transfer for wholly unrelated, legitimate business reasons, (c) had an honest belief in the propriety of the activities in question, (d) had no intent to take unconscionable advantage of others, and (e) had no intent to, or knowledge (actual, implied or otherwise), of (i) the alleged insolvency of the Debtor, (ii) the fraud occurring at the Debtor, and (iii) the fact that the activities in question would hinder, delay or defraud others. Therefore, based on the stated facts, and as

provided by 11 U.S.C. § 548(c) or other applicable law, RAR and/or the Defendant is entitled to retain any such transfer.

12. The Trustee is barred from recovering by the Complaint because RAR, in good faith, gave value to the Debtor in exchange for the transfer at issue.

13. The RAR Initial Transfers at issue in the Complaint were made for reasonably equivalent value and, the Debtor (a) was not insolvent on the date that the transfer was made or became insolvent as a result of the transfer, (b) was not engaged in a business or transaction or about to engage in a business or transaction for which the property remaining with the Debtor was unreasonably small capital, and (c) did not intend to incur or believe it would incur debts beyond its ability to pay as such debts matured.

14. Pursuant to 11 U.S.C. § 548(c), RAR has a lien on and may retain the sole transfer at issue in the Complaint to the extent that RAR gave value and acted in good faith.

15. The funds transferred to RAR were not property of the Debtor's estate but rather were held in constructive trust for RAR by virtue of the fraud by which the Debtor obtained the investment from RAR.

16. Defendant received funds for value under the RAR partnership documents,

17. There can be no liability of any recipient of funds who, as a matter of law or contract, was required to transfer any portion of the funds to a third-party.

18. The Trustee's claims are barred by any applicable statute of repose.

19. Defendant, to the extent that he received any subsequent transfer, asserts the defense available under Section 550(b)(1) of the Bankruptcy Code. Defendant gave value to RAR, in that he received a distribution to which he was contractually entitled to receive from RAR at the time received, in good faith, and without knowledge of the avoidability of the initial transfers.

20. Pursuant to 11 U.S.C. § 546(e), the Trustee may not avoid any alleged RAR Initial Transfers, or pursue under 11 U.S.C. §550(a) any recovery of claims against Defendant premised upon the alleged avoidance or avoidability of any alleged RAR Initial Transfers, except to the extent that the Trustee can establish that such transfers were made with actual intent to defraud within two (2) years before the Filing Date.

21. The Complaint violates Federal Rule of Civil Procedure 8(a)(2), which requires a "short and plain statement of the claim," and the Supreme Court's rulings in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) by, inter alia, (a) failing to describe each specific transfer and its recipients, and each subsequent transfer and its recipients, and improperly combining allegations as to all defendants, (2) pleading numerous background facts and allegedly applicable statutes and legal rules which are not required for the claims being alleged, and (3) pleading numerous facts that defendants do not know and could not possibly know.

22. None of the Transfers may be recovered from Defendant because Defendant is not (a) an initial transferee of the Transfers, (b) the entity for whose benefit the Transfers were made, or (c) an immediate or mediate transferee of the Transfers..

23. The alleged Transfers are each exempt from avoidance under Section 546(e) of the Bankruptcy Code because each of the Transfers was made by or to, or for the benefit of, a commodity broker, forward contract merchant, stockbroker, financial institution, financial participant, or securities clearing agency, in connection with a securities contract, commodity contract or forward contract made before the commencement of this bankruptcy case.

24. The alleged Transfers are not avoidable as against the Defendants or recoverable from the Defendants under the single satisfaction rule set forth in Section 550(d) of the Bankruptcy

15

73765224;3

Code and/or under New York law.

25. The fraudulent transfer count, whether under Bankruptcy Code Section 546, Section 548 or otherwise, is subject to the defenses or setoffs that such transfers to the extent received by any defendant were, in whole or in part, transfers in good faith and on account of obligations owed by BLMIS for (a) interest pursuant to federal and state law, (b) the time value of money, (c) unjust enrichment, (d) fraud or misrepresentation and/or (e) money had and receive

26. The fraudulent transfer count seeking recovery of a fraudulent transfer, whether under Bankruptcy Code Section 546, Section 548 or otherwise, is subject to the defense that to the extent that any defendant received a transfer, the defendant received such transfer in good faith, without knowledge of the alleged fraud, and in payment of an antecedent debt as reflected in the BLMIS account statements issued as of November 30, 2008 without any adjustments based on the Trustee's so-called "money in-money out" principal.

27. The claims are barred by the unclean hands of the Debtor and/or Trustee.

28. The claims are barred by judicial estoppel.

29. The Transfers are not avoidable and/or recoverable because the funds at issue were not property of the bankruptcy estate in which BLMIS or Madoff had a legal interest, as the bank accounts containing the funds transferred to RAR were never transferred to BLMIS or Madoff by the Bernard L. Madoff Investment Securities which owned the accounts from which the Transfers were made..

30. RAR is entitled to recoupment of the losses it suffered by virtue of the Debtor's fraudulent inducement of RAR's investments in the Debtor, and RAR is entitled, under relevant statutes and contracts, to recoup from the Debtor all or a substantial portion of any amount, if any, found to be due and owing under any claim in the Complaint.

31.     The Trustee is barred from recovering the claims set forth in the Complaint by the doctrine of ratification.

32.     Based on delays caused by the Trustee and related equitable considerations, the Trustee is not entitled to any pre-judgment interest (including any pre-judgment interest based on the pre and post-judgment interest sought and awarded against RAR) against the Defendant.

WHEREFORE, Defendant respectfully requests that the Court enter judgment dismissing the Complaint and all claims asserted therein with prejudice and awarding Defendant attorneys' fees and costs and such other and further relief as the Court may deem just and proper. Defendant demands a trial by jury.

## **JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rule 9015 of the Federal Rules of Bankruptcy Procedure, Defendant hereby demands a jury trial on all claims and issues.

## **PRAYER FOR RELIEF**

Defendant requests that this Court dismiss the Complaint with prejudice, award Defendant his costs, including attorneys' fees, incurred in connection with this action, and grant such other and further relief as the Court deems just and proper.

**[SIGNATURE PAGE TO FOLLOW]**

Dated: New York, New York
November 27, 2023

        Respectfully submitted,

        AKERMAN LLP

        By: */s/ Mark S. Lichtenstein*
            Mark S. Lichtenstein
            1251 Avenue of the Americas
            37th Floor
            New York, NY 10020
            Telephone: (212) 880-3800
            Facsimile: (212)
            E-mail: mark.lichtenstein@akerman.com

*Counsel for Defendant Russel Oasis*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of November, 2023, a true and correct PDF copy of the foregoing has been electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record:

        */s/ Mark S. Lichtenstein*
        Mark S. Lichtenstein

73765224;3