UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br> Plaintiff-Applicant, <br><br> v. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br> Defendant. | Adv. Pro. No. 08-01789 (CGM) <br><br> SIPA Liquidation <br><br> (Substantively Consolidated) |
| In re: <br><br> BERNARD L. MADOFF, <br><br> Debtor. | |

**AFFIDAVIT OF VINEET SEHGAL IN SUPPORT OF THE TRUSTEE'S MOTION FOR AN ORDER APPROVING THE FIFTEENTH ALLOCATION OF PROPERTY TO THE FUND OF CUSTOMER PROPERTY AND AUTHORIZING FIFTEENTH INTERIM DISTRIBUTION TO CUSTOMERS**

Vineet Sehgal, being duly sworn, deposes and says:

1.      I am a Managing Director at AlixPartners LLP ("AlixPartners"). I make this affidavit to transmit to the Court information relevant to the motion by Irving H. Picard, trustee (the "Trustee") for the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA"),[1] and the substantively consolidated estate of Bernard L. Madoff ("Madoff") (collectively, "Debtor"), for an Order Approving the Trustee's Fifteenth Allocation of Property to the Fund of Customer Property and Authorizing Fifteenth Interim Distribution to Customers (the "Motion").

2.      AlixPartners has served as the Trustee's Claims Agent and as the accountant for the BLMIS estate since December of 2008 pursuant to SIPA § 78fff-1(a)(1). As the Claims Agent,

---

[1] For convenience, subsequent references to sections of the Act shall follow the form: "SIPA § __."

AlixPartners was responsible for both mailing the notice of the liquidation and claim forms to potential claimants and causing the notice of the liquidation to be published. AlixPartners has also been responsible for processing all claims submitted to the Trustee and assisting the Trustee in reviewing each customer claim filed to determine whether the asserted claim amount agrees with the "net equity" for that account. In addition, as the accountants for the BLMIS estate, AlixPartners has assisted and continues to assist the Trustee in accounting for the assets of the BLMIS estate, including the cash and cash equivalents available to the Trustee.

3.      I have been actively involved in the liquidation of BLMIS and the claims process since December 2008 and have personal knowledge of the matters set forth herein.

### The Claims Process

4.      To date, the Trustee has received 16,521 customer claims and determined 16,510 of those claims. To date, the Trustee has allowed 2,655 claims, and SIPC has advanced $849,868,412.47 to the Trustee to pay these claims. To date, the allowed claims total nearly $19.494 billion. The Trustee denied 2,692 claims by customers who had accounts with BLMIS and 10,734 claims purporting to be customer claims but were in fact claims filed on behalf of claimants without an account at BLMIS. Twelve other claims were filed that asserted no claim. Another 417 claims have been withdrawn.

5.      Eleven claims (relating to seven accounts) are currently categorized as "deemed determined," meaning that the Trustee has instituted litigation against those claimants.

6.      To date, the Trustee has received 428 timely and 22 untimely filed secured priority and unsecured non-priority general creditor claims totaling approximately $1.7 billion. The claimants include vendors, taxing authorities, employees, and customers filing claims on non-customer proof of claim forms. Of these 450 claims, 95 are general creditor claims and 49 are broker-dealer claims, which together total approximately $265 million of the $1.7 billion.

2

7.    1,733 docketed objections have been filed to the Trustee's claims determinations relating to 3,253 claims, which have been, and will continue to be, noticed for hearing as appropriate. These 1,733 objections relate to 699 BLMIS accounts. 1,714 of the 1,733 docketed objections have been fully resolved. Nineteen objections are still subject to court review.

### Recoveries by the Trustee

8.    The Trustee previously filed fourteen motions seeking entry of an order approving allocations of property to the fund of customer property (the "Customer Fund") and authorizing pro rata interim distributions of Customer Property, and this Court entered orders approving those motions:

| No. of Distribution | Date of Distribution | Amount Allocated | Amount Distributed | Percentage Distributed | ECF No. for Motion | ECF No. for Order |
|---|---|---|---|---|---|---|
| 1 | 10/05/2011 | $2.618 billion | $888.186 million | 4.602% | 4048 | 4217 |
| 2 | 09/19/2012 | $5.501 billion | $6.458 billion | 33.556% | 4930 | 4997 |
| 3 | 03/29/2013 | $1.198 billion | $904.368 million | 4.721% | 5230 | 5271 |
| 4 | 05/05/2014 | $477.504 million | $608.385 million | 3.180% | 6024 | 6340 |
| 5 | 02/06/2015 | $756.538 million[2] | $524.309 million | 2.743% | 8860 | 9014 |
| 6 | 12/04/2015 | $345.472 million[3] | $1.573 billion | 8.262% | 9807 and 11834 | 12066 |
| 7 | 06/30/2016 | $247.013 million | $247.715 million | 1.305% | 13405 | 13512 |
| 8 | 02/02/2017 | $342.322 million | $327.702 million | 1.729% | 14662 | 14836 |
| 9 | 02/22/2018 | $1.303 billion | $719.297 million | 3.806% | 17033 | 17195 |
| 10 | 02/22/2019 | $515.974 million | $514.199 million | 2.729% | 18295 | 18398 |
| 11 | 02/28/2020 | $988.770 million | $370.791 million | 1.975% | 19245 | 19226 |
| 12 | 02/26/2021 | $74.325 million | $232.373 million | 1.240% | 20066 | 20209 |
| 13 | 02/25/2022 | $128.570 million | $113.047 million | 0.604% | 20963 | 21036 |
| 14 | 02/24/2023 | $44.229 million | $49.553 million | 0.265% | 22697 | 22819 |

---

[2] The total amount allocated in the Fifth Allocation Motion was $704,395,951.58. Between the filing of that motion and the Fifth Interim Distribution date, an additional $52,142,279.87 was recovered and included in the numerator.

[3] This represents the amount allocated to the Customer Fund in the Supplemental Sixth Allocation and Sixth Interim Distribution Motion filed on October 20, 2015. The original Sixth Allocation and Sixth Interim Motion filed on April 15, 2015 did not allocate any additional recoveries to the Customer Fund; the Trustee simply re-allocated $1,448,717,625.26 of funds that had previously been allocated to the Customer Fund for the Time-Based Damages Reserve.

9.     The amounts previously distributed as outlined in each of the First through Fourteenth Allocation Motions change as additional accounts are determined. Below is a summary of the amounts allocated and distributed:

| No. | Amount Allocated | Reserve From Previous Allocations[4] | Funds Received After Allocation Used for Interim Distribution | Amount Available for Distribution | Allocation for Allowed Claims[5] | Allocation for Deemed Determined Claims[6] | SIPC Subrogation | Other Reserves[7] |
|---|---|---|---|---|---|---|---|---|
| 1 | $2.618 billion | N/A | $85.078 million | $2.703 billion | $888.186 million | $50.153 million | $8.918 million | $1.756 billion |
| 2 | $5.501 billion | $1.756 billion | $620.353 million | $7.878 billion | $6.458 billion | $365.693 million | $83.827 million | $970.493 million |
| 3 | $1.198 billion | $970.493 million | $87.278 million | $2.256 billion | $904.368 million | $51.449 million | $15.934 million | $1.284 billion |
| 4 | $477.504 million | $1.284 billion | $58.789 million | $1.820 billion | $608.385 million | $34.656 million | $11.518 million | $1.166 billion |
| 5 | $756.538 million[8] | $1.166 billion | $50.710 million | $1.973 billion | $524.309 million | $29.893 million | $10.405 million | $1.408 billion |
| 6 | $345.472 million[9] | $1.408 billion | $152.740 million | $1.907 billion | $1.573 billion | $90.039 million | $37.617 million | $206.057 million |
| 7 | $247.013 million | $206.057 million | $24.126 million | $477.196 million | $247.715 million | $14.222 million | $6.679 million | $208.580 million |
| 8 | $342.322 million | $208.580 million | $31.964 million | $582.866 million | $327.702 million | $18.843 million | $9.346 million | $226.976 million |
| 9 | $1.303 billion | $226.976 million | $33.150 million | $1.563 billion | $719.297 million | $41.478 million | $22.637 million | $779.579 million |
| 10 | $515.974 million | $779.579 million | $23.769 million | $1.319 billion | $514.199 million | $29.741 million | $17.786 million | $757.597 million |
| 11 | $988.770 million | $757.597 million | $0 | $578.410 million | $370.791 million | $21.524 million | $14.211 million | $171.884 million |
| 12 | $74.325 million | $171.884 million | $42.334 million | $288.543 million | $232.373 million | $13.514 million | $9.351 million | $33.306 million |
| 13 | $128.570 million | $33.306 million | $28.154 million | $147.696 million | $113.047 million | $6.582 million | $4.696 million | $23.371 million |
| 14 | $44.229 million | $23.371 million | $16.960 million | $56.406 million | $49.553 million | $2.888 million | $2.105 million | $1.859 million |

---

[4] Reserve from Previous Allocations represents amounts that were reserved in prior allocations.

[5] Allocation for Allowed Claims represents the amount allocated for claims that have been allowed.

[6] Allocation for Deemed Determined Claims represents amounts allocated and reserved for claims that are currently in litigation with the Trustee.

[7] Other Reserves represents all funds that are reserved for various issues.

[8] The total amount allocated in the Fifth Allocation Motion was $704,395,951.58. Between the filing of that motion and the Fifth Interim Distribution date, an additional $52,142,279.87 was recovered and included in the numerator.

[9] This represents the amount allocated to the Customer Fund in the Supplemental Sixth Allocation and Sixth Interim Distribution Motion filed on October 20, 2015. The original Sixth Allocation and Sixth Interim Motion filed on April 15, 2015 did not allocate any additional recoveries to the Customer Fund; the Trustee simply re-allocated $1,448,717,625.26 of funds that had previously been allocated to the Customer Fund for the Time-Based Damages reserve.

10.      The Trustee has recovered $66,689,750.89 since the Fourteenth Allocation and Fourteenth Interim Distribution as a result of settlements, interest income, and other miscellaneous recoveries. Therefore, the Trustee seeks approval to allocate the full amount of these recoveries to the Customer Fund.

11.      As reflected in the table in Paragraph 9, the amount reserved through the Fourteenth Interim Distribution is $1,859,129.80. This previously reserved amount, plus the $66,689,750.89 that the Trustee seeks to allocate in this Motion, less the $16,959,602.85 received after the fourteenth allocation motion and used for the fourteenth interim distribution, constitutes the total amount available for distribution. Therefore, the total amount available for the Fifteenth Interim Distribution will be $51,589,277.84. Of this amount, $1,768,343.65 must be held in reserve for non-liquid asset recoveries related to certain settlements, leaving a total of $49,820,934.19 available for distribution.

12.      The table below summarizes this calculation.

| Category | Amount |
|---|---|
|  |  |
| **SIPC 17 Receipts (October 31, 2023)** | $14,607,690,156.99 |
|  |  |
| **Total Recoveries** | **$14,607,690,156.99** |
|  |  |
| First Through Fourteenth Interim Distribution Deductions |  |
| Allowed Accounts | $13,530,397,353.05 |
| Reserved For Deemed Determined Accounts | $770,673,217.92 |
| SIPC Subrogation | $255,030,308.18 |
|  |  |
| **Amount Available for Fifteenth Interim Distribution** | **$51,589,277.84** |
|  |  |
| Current Reserves |  |
|  |  |
| Reserve related to non-liquid settlement recoveries | $1,768,343.65 |
|  |  |
| **Amount Available for Fifteenth Interim Distribution After Reserves** | **$49,820,934.19** |

13.    Of the $49,820,934.19 numerator, $45,230,109.57 will be distributed as part of the Fifteenth Interim Distribution to allowed accounts, and SIPC subrogation[10] for allowed accounts in the amount of $1,943,920.73 will be released to SIPC. For deemed determined accounts, $2,637,313.78 will be reserved.

**The Net Investment Method Denominator**

14.    The Trustee's Net Investment Method Denominator is the allowed amount of all accounts that have an allowed claim plus the net cash balance for all accounts into which more funds were deposited than withdrawn for which a claim has been filed, but not yet allowed. As of December 8, 2023, the Trustee's Net Investment Method denominator is $20,583,595,000.45. This number is subject to change as additional accounts are determined.

---

[10] According to the provisions of SIPA, SIPC is reimbursed for its advances to customers once each respective customer claim is fully satisfied.

## Interim Calculation of *Pro Rata* Share
## Distribution of Customer Fund

15.    As set forth above, the total amount available for the Fifteenth Interim Distribution

will be $51,589,277.84. Of that amount, $49,820,934.19 is available for distribution (the "Net

Customer Fund"). The difference between those amounts—$1,768,343.65—represents reserves

related to certain non-liquid settlement recoveries.

16.    The Denominator is $20,583,595,000.45. To determine the percentage of each

allowed customer net equity claim that can be satisfied from the Customer Fund, the Net Customer

Fund is divided by the Denominator, resulting in the following percentage:

$$\frac{\$49,820,934.19 \text{ (Net Customer Fund)}}{\$20,583,595,000.45 \text{ (Denominator)}} = 0.242\%$$

17.    A total of 772 accounts will receive a distribution of approximately 0.242% of their

net equity claims, unless the account becomes fully satisfied. Of these 772 accounts (relating to

903 claims), no additional accounts will become fully satisfied. Therefore, the total number of

fully satisfied account holders will remain 1,517 (all accounts with an allowed claim amount of up

to $1,707,339.85). Seven hundred seventy-two accounts will remain partially satisfied and will be

entitled to participate in future distributions.

18.    An additional seven accounts (relating to 11 claims) that are currently "deemed

determined" could receive a distribution if and when the status of their claims moves from

"deemed determined" to allowed. One of the seven accounts would be fully satisfied by the SIPC

advance. The remaining six accounts would receive both a SIPC advance and a distribution in

accordance with the Trustee's Motion and his earlier distribution motions. None of the remaining

six accounts would be fully satisfied by the First through Fifteenth Interim Distributions.

19.     Upon approval of the Motion, each customer's ratable share of the Net Customer Fund should be no less than 70.959% of the customer's net equity claim, which includes the proposed 0.242% customers will receive upon the approval of the Fifteenth Allocation and Fifteenth Interim Distribution, the 4.602% customers received subject to the First Allocation and First Interim Distribution, the 33.556% customers received subject to the Second Allocation and Second Interim Distribution, the 4.721% customers received subject to the Third Allocation and Third Interim Distribution, the 3.180% customers received subject to the Fourth Allocation and Fourth Interim Distribution, the 2.743% customers received subject to the Fifth Allocation and Fifth Interim Distribution, the 8.262% customers received subject to the Sixth Allocation and Sixth Interim Distribution, the 1.305% customers received subject to the Seventh Allocation and Seventh Interim Distribution, the 1.729% customers received subject to the Eighth Allocation and Eighth Interim Distribution, the 3.806% customers received subject to the Ninth Allocation and Ninth Interim Distribution, the 2.729% customers received subject to the Tenth Allocation and Tenth Interim Distribution, the 1.975% customers received upon the approval of the Eleventh Allocation and Eleventh Interim Distribution, the 1.240% customers received upon the approval of the Twelfth Allocation and Twelfth Interim Distribution, the 0.604% customers received upon the approval of the Thirteenth Allocation and Thirteenth Interim Distribution, and the 0.265% customers received upon the approval of the Fourteenth Allocation and Fourteenth Interim Distribution.

By: */s/ Vineet Sehgal* _____
Vineet Sehgal

STATE OF TEXAS              §
                           §
COUNTY OF HARRIS           §

This instrument was acknowledged before me by means of a recorded interactive two-way audio and video communication on December 8, 2023 by Vineet Sehgal. This notarial act was an online notarization.

WITNESS my hand and official seal.


*/s/ Jacqueline H. Huitt* _____
Jacqueline H. Huitt, Notary Public
Qualified in Texas
*Commission Expires: 12/20/2024*