# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (CGM) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff, | Adv. Pro. No. 10-04457 (CGM) |
| Plaintiff, | |
| v. | |
| EQUITY TRADING PORTFOLIO LIMITED, | |
| Defendant. | |

**PLAINTIFF'S INITIAL DISCLOSURES**

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, as made applicable to this adversary proceeding by Rule 7026 of the Federal Rules of Bankruptcy Procedure, Irving H. Picard, as trustee (the "Trustee") for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS"), under the Securities Investor Protection Act, 15 U.S.C. § 78aaa, *et seq*, and the estate of Bernard L. Madoff ("Madoff"), by and through his undersigned counsel hereby provides the following initial disclosures.

A. <u>Rule 26(a)(1)(A)(i)</u>. The name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.

Upon information and belief, the Trustee discloses the following entities and individuals, or where deceased, the estates of the individuals, that he may use to support his claims. Current or last known addresses, where known to the Trustee, are provided below.

1. Current and former officers, directors, and/or employees of Aurelia Finance S.A., Rue Pierre-Fatio 15, Geneva, Switzerland, who may have information the Trustee may use to support his claims, including, but not limited to, Equity Trading Portfolio Limited's ("Equity Trading Portfolio") investment in, and withdrawal from, BLMIS, and the opening of Equity Trading Portfolio's account with BLMIS. These individuals include:

    i. Laurent Mathysen-Gerst

    ii. Jean-Marc Wenger

    iii. Vladimir Stepczynski

    iv. Pascal Cattaneo

    v. Olivier Ador

    vi. Custodian(s) of records

2. Current and former officers, directors, and/or employees of Aurelia Fund Management Ltd., The Vallis Building, 4th Floor, 58 Par-la-Ville Rd., Hamilton, HM 11, Bermuda, who may have information the Trustee may use to support his claims, including, but not limited to, Equity Trading Portfolio's investment in, and withdrawal from, BLMIS. These individuals include:

    i. Joel Johnson

    ii. Custodian(s) of records

3. Current and former officers, directors, and/or employees of BNP Paribas Arbitrage SNC, 1 Rue Laffitte, 75009, Paris 9, France, who may have information the Trustee may use to support his claims, including, but not limited to, Equity Trading Portfolio's investment in, and withdrawal from, BLMIS, and suspicion of fraud at BLMIS. These individuals include:

    i. Custodian(s) of records

4. Current and former officers, directors, and/or employees of BNP Paribas Bank & Trust

    Cayman Ltd. who may have information the Trustee may use to support his claims, including, but not limited to, Equity Trading Portfolio's investment in, and withdrawal from, BLMIS, and suspicion of fraud at BLMIS. These individuals include:

        i. Custodian(s) of records

5. Current and former officers, directors, and/or employees of BNP Paribas S.A., 16 Boulevard des Italiens, 75009, Paris, France, who may have information the Trustee may use to support his claims, including, but not limited to, Equity Trading Portfolio's investment in, and withdrawal from, BLMIS, and suspicion of fraud at BLMIS. These individuals include:

        i. Custodian(s) of records

6. Current and former officers, directors, and/or employees of Capital E Advisors, Inc., 251 Little Falls Drive, Wilmington, Delaware, United States, who may have information the Trustee may use to support his claims, including, but not limited to, Equity Trading Portfolio's investment in, and withdrawal from, BLMIS, and suspicion of fraud at BLMIS. These individuals include:

        i. Djemi Trabousli

        ii. Patrick Hoogendijk

        iii. Custodian(s) of records

7. Current and former officers, directors, and/or employees of Capital E Private Equity Group Ltd., 58 Par-La-Ville Road, 4th Floor Vallis Building, Hamilton, Bermuda, who may have information the Trustee may use to support his claims, including, but not limited to, Equity Trading Portfolio's investment in, and withdrawal from, BLMIS, and suspicion of fraud at BLMIS. These individuals include:

        i. Ian Pilgrim

        ii. Martijn ver der Molen

        iii. Patricia Colmet

        iv. George Catsiapis

        v. Custodian(s) of records

8. Current and former officers, directors, and/or employees of Citco Fund Services (Europe), B.V., Naritaweg 165, Amsterdam, Netherlands, who may have information the Trustee may use to support his claims, including, but not limited to, Equity Trading Portfolio's investment in, and withdrawal from, BLMIS. These individuals include:

        i. Anthony Murray

    ii. Custodian(s) of records

9. Current and former officers, directors, and/or employees of Essex Asset Management Ltd. who may have information the Trustee may use to support his claims, including, but not limited to, Equity Trading Portfolio's investment in, and withdrawal from, BLMIS, and the closure of Equity Trading Portfolio's BLMIS account. These individuals include:

    i. John Prout

    ii. Ian Pilgrim

    iii. Charles Bastin

    iv. Martin Zolnai

    v. Peter Poole

    vi. Khapil Dhar

    vii. Jean Aboujaoude

    viii. Thomas H. Davis

    ix. Sharon J. Davis

    x. Brian Francoeur

    xi. Patricia Colmet

    xii. Custodian(s) of records

10. Current and former officers, directors, and/or employees of Equity Trading Fund, Ltd., c/o Citco Fund Services (Europe) B.V., Naritaweg 165, Amsterdam, Netherlands, who likely have knowledge regarding: Equity Trading Portfolio's internal policies and procedures; Equity Trading Portfolio's investment strategy; Equity Trading Portfolio's investment in BLMIS; due diligence conducted on BLMIS; the transfer made to and from Equity Trading Portfolio; and/or suspicious facts and/or indicia of fraud relating to BLMIS, among other related topics. These individuals include:

    i. Custodian(s) of records

11. Current and former officers, directors, and/or employees of Equity Trading Portfolio, CITCO B.V.I. Limited, PO BOX 662, Citco Building, Road Town, Tortola, British Virgin Islands, who likely have knowledge regarding: Equity Trading Portfolio's internal policies and procedures; Equity Trading Portfolio's investment strategy; Equity Trading Portfolio's investment in BLMIS; due diligence conducted on BLMIS; the transfer made to and from Equity Trading Portfolio; and/or suspicious facts and/or indicia of fraud relating to BLMIS, among other related topics. These individuals

- 4 –

include:

   i. Custodian(s) of records

12. At the present time, the Trustee identifies the following former BLMIS employees who may have information the Trustee may use to support his claims, including, but not limited to, Equity Trading Portfolio's suspicion of fraud at BLMIS.

   i. Bernard L. Madoff (deceased)

   ii. Frank DiPascali (deceased)

   iii. Semeone Anderson

   iv. Annette Bongiorno

   v. Daniel Bonventre

   vi. Enrica Cotellessa-Pitz

   vii. JoAnn "Jodi" Crupi

   viii. Kevin Fong

   ix. Margaret Gavlik

   x. Haresh Hemrajani

   xi. Winifier Jackson

   xii. David Kugel

   xiii. Jerry O'Hara

   xiv. George Perez

   xv. Peter Madoff

   xvi. Eleanor Squillari

13. The following individuals have knowledge concerning the memorialization of Bernard L. Madoff's statements in the Federal Bureau of Investigation Form FD-302, dated December 18, 2009: Special Agent Keith Kelly (retired) and Special Agent Theodore Cacioppi.

The Trustee reserves his right to supplement the information discovered above as other individuals and/or entities become known, and/or different subjects become relevant.

B. Rule 26(a)(1)(A)(ii). A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.

Pursuant to Judge Stanton's order dated December 15, 2008, the Trustee has assumed possession of approximately 10,000 boxes of BLMIS paper documents and 22,500 media sources containing electronically stored information ("ESI"), which include, but are not limited to, desktop computers, laptop computers, AS/400 computers, hard drives, network storage, microfilm, microfiche, backup tapes, PDAs, floppy disks, compact discs, and memory cards. The Trustee has preserved all of the data of which he assumed possession. With respect to these materials, some paper and some ESI have been loaded for potential production in the Trustee's cases in one or more electronic databases, totaling approximately 4.0 terabytes or 30.8 million documents. Materials not contained on the databases are stored in Long Island City, New York or Rosendale, New York.

The Trustee is also in possession of over five million documents received from approximately 450 parties during the course of this action, including during the investigation and litigation of adversary proceedings. Additional documents are produced to the Trustee on a continual basis. The Trustee's use of these documents is subject to a variety of restrictions including the Protective Order entered on June 6, 2011, and modified on September 17, 2013, in the matter of Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities LLC, et al., Adv. Pro. No. 08-01789 (SMB) (the "Litigation Protective Order"). Some of these documents were produced to the Trustee for settlement purposes only. Additionally, the Trustee has obtained, and may obtain in the future, the ability to access documents, information, and testimony related to legal proceedings outside of the United States, to which the Trustee is a party or has an interest in the outcome of the litigation, that are subject to confidentiality

restrictions imposed by courts or rules of procedure in the relevant jurisdictions.

Because the investigation of BLMIS's books and records continues, the Trustee may learn that additional documents, ESI, and/or tangible things support the Trustee's claims. Any omissions are inadvertent. Consequently, the Trustee reserves his right to supplement this list and the production of materials as other documents become known and/or different subjects become relevant.

At the present time, the Trustee identifies the following documents, ESI, or tangible things in the possession of Plaintiff's counsel that the Trustee may use to support his claims:

1. Customer Account Documents: The Trustee will provide a set of account documents related to defendant's direct investments into BLMIS, including account opening documents, correspondence, account statements, account verification documents and documents related to deposits into and withdrawals from defendant's BLMIS accounts. These documents will be provided as applicable.

2. Exhibits to the Amended Complaint.

3. Communications to, from, or about BLMIS, Equity Trading Portfolio, and other relevant parties.

4. Publicly available news articles published prior to December 11, 2008, regarding Madoff's investment advisory business, for example, "Don't Ask, Don't Tell: Bernie Is So Secretive, He Even Asks His Investors To Keep Mum," Barron's (May 7, 2001), and "Madoff Tops Charts: Skeptics Ask How," MarHedge (May 2001).

5. Documents sufficient to prove that BLMIS was operating a fraudulent Ponzi scheme going back to at least the 1970s.

6. Documents sufficient to prove that BLMIS was insolvent from the period of September 12, 2008, through December 11, 2008, the 90-day preference period, and also from the period of December 11, 2002, through December 11, 2008, the 2-year and 6-year fraudulent transfer periods.

Consistent with applicable court orders, the Trustee intends to make available a set of approximately four million documents in a virtual data electronic room ("E-Data Room 1") to prove that BLMIS was a fraudulent enterprise and that BLMIS was insolvent. The documents supporting the conclusion that BLMIS was a fraudulent enterprise include BLMIS customer

account ledgers, records and statements; portfolio management reports and portfolio transaction reports; correspondence from customer files; bank statements and financial records for the investment advisory business; documents supporting the calculation of purported convertible arbitrage trades; daily stock records; documents describing BLMIS computer systems used to create customer statements; documents related to BLMIS trades purportedly settled by the Depository Trust & Clearing Corporation; materials related to BLMIS's purported options trading activity; and FOCUS reports and filings with the U.S. Securities and Exchange Commission. The documents supporting the conclusion that BLMIS was insolvent include investment advisory business cash balances and securities data; and documents related to the appraisal and valuation data of the market making and proprietary trading business.

Counsel for defendant may request a non-disclosure agreement for E-Data Room 1 from the Trustee by sending a written request to MadoffDataRooms@bakerlaw.com. Once counsel has executed this non-disclosure agreement and returned it to the Trustee, counsel will be provided with access to E-Data Room 1 and a user guide containing a detailed index of the materials in E-Data Room1, including a listing of public and/or commercially available market information relied upon by the Trustee.

Furthermore, on September 17, 2013, the U.S. Bankruptcy Court for the Southern District of New York entered orders in *Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities LLC, et al.*, Adv. Pro. No. 08-01789 (SMB): (1) Order Establishing Procedures for Third-Party Data Rooms; and (2) Order Modifying the June 6, 2011 Litigation Protective Order (collectively, the "September 17, 2013 Orders"). Pursuant to the September 17, 2013 Orders, the Trustee has created additional electronic data rooms, (the "Third-Party Data Rooms") that contain certain documents received by the Trustee, transcripts of examinations

conducted pursuant to Bankruptcy Rule 2004, and transcripts of depositions contained in the Third-Party Data Rooms in this matter. To the extent that counsel for defendant requests information that is contained in Third-Party Documents, counsel for defendant may request access to the Third-Party Data Rooms from counsel for the Trustee, and the parties may meet and confer to discuss appropriate access.

C. <u>Rule 26(a)(1)(A)(iii)</u>. A computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

The Trustee seeks avoidance and recovery of transfers made by BLMIS to or for the benefit of defendant during the relevant period as more specifically described in the Amended Complaint. The documents on which the computations for the initial fraudulent transfers are based are those related to deposits into and withdrawals from defendant's BLMIS account and will be produced as set forth in Section B.1 above. In addition, the Trustee seeks prejudgment interest of 9% per annum and all applicable interest, costs, and disbursement in this action.

D. <u>Rule 26(a)(1)(A)(iv)</u>. For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

To the Trustee's knowledge, there are no insurance agreements under which an insurance business may be liable to satisfy all or part of a possible judgment in the instant action, or to indemnify or reimburse for payments made to satisfy the judgment.

Dated: New York, New York  
       May 19, 2023

Respectfully submitted,

BAKER & HOSTETLER LLP

By: <u>/s/ Amos Kim</u>

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
dsheehan@bakerlaw.com
Marco Molina
mmolina@bakerlaw.com
Shaia Araghi
saraghi@bakerlaw.com
Amos Kim
akim@bakerlaw.com
45 Rockefeller Plaza
14th Floor
New York, NY  10111

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

- 10 –