# EXHIBIT C

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>        Plaintiff-Applicant,<br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>        Defendant. | Adv. Pro. No. 08-01789 (CGM)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>        Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff,<br><br>        Plaintiff,<br>v.<br><br>EQUITY TRADING PORTFOLIO LIMITED,<br><br>        Defendant. | Adv. Pro. No. 10-04457 (CGM)<br><br>**JURY TRIAL DEMANDED** |

**EQUITY TRADING PORTFOLIO LIMITED'S
INITIAL DISCLOSURES PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 26(A)(1)**

Defendant Equity Trading Portfolio Limited ("Equity Trading"), by its undersigned attorneys, hereby makes the following initial disclosures in the above-captioned matter (the "Action") pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure:

1

## **GENERAL STATEMENT**

Equity Trading's initial disclosures are made in good faith and based upon information reasonably available to it. Without assuming any duty to supplement these initial disclosures, other than any duties imposed by Fed. R. Civ. P. 26(e), Equity Trading reserves the right to amend and supplement these disclosures, or make additional disclosures, if it becomes aware of other responsive information. Equity Trading may also rely on the persons and documents disclosed by Plaintiff Irving Picard, as Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff ("Plaintiff" or the "Trustee"), or any defendant in any other fraudulent conveyance or subsequent transfer claim brought by the Trustee.

In making these initial disclosures, Equity Trading is not conceding, or waiving any objections to, discoverability or admissibility based upon relevance, materiality, confidentiality, privilege, work product, undue burden, immunity, or any other objection or basis that may be available to Equity Trading under applicable rules of law or evidence. Equity Trading reserves the right to object to any discovery request, even if directed to individuals, documents and/or subject matters identified herein.

Equity Trading is withholding from disclosure any information or documents that are protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable privileges and protections. Equity Trading invokes and does not intend to waive any such privileges or protections.

The above qualifications apply to each initial disclosure made herein, and are incorporated by reference as though fully set forth in each and every initial disclosure.

## **RULE 26(a)(1) INITIAL DISCLOSURES**

**I.    WITNESSES**

Pursuant to Rule 26(a)(1)(A)(i) of the Federal Rules of Civil Procedure, Equity Trading states that, other than counsel in this matter, experts who will be disclosed in accordance with the Federal Rules of Civil Procedure and/or as ordered by the Court or agreed to by stipulation, persons who have been identified by the Trustee in his initial disclosures and persons who have been identified by defendants in other actions commenced by the Trustee to recover alleged fraudulent conveyances or subsequent transfers, it is not aware of any person who has or may have discoverable information that Equity Trading may use to support its claims or defenses.

Equity Trading reserves the right to seek discovery from, and relating to, other persons whose identify may subsequently become known as persons likely to have discoverable information relevant to the disputed facts.  Equity Trading reserves the right to call as witnesses additional persons if, during the course of discovery and fact investigation relating to the above-captioned case, Equity Trading learns that such additional persons have knowledge or information that Equity Trading may use to support its claims or defenses.  Equity Trading reserves the right to object to any subpoena directed to or request to depose or call as a witness any individual identified herein.

**II.    DOCUMENTS.**

Pursuant to Rule 26(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, and subject to the reservation of rights and privileges described above, other than documents that have already been produced to the Trustee pursuant to subpoenas served pursuant to Rule 2004, Equity Trading is not aware of any documents, electronically stored information and tangible things in its possession,

3

custody or control, that may be used to support its claims or defenses, unless such use would be solely for impeachment

Equity Trading may also rely on additional documents and information identified in the process of discovery and obtained through Rule 34 requests for production and/or through third-party discovery. Equity Trading may also rely on any document, electronically stored information, or tangible thing submitted by the Trustee or any defendant in any other action commenced by the Trustee seeking recovery of alleged fraudulent conveyances or subsequent transfers.

### III.   DAMAGE COMPUTATIONS

Pursuant to Rule 26(a)(1)(A)(iii) of the Federal Rules of Civil Procedure, Equity Trading states that it is not seeking an award of compensatory damages.

### IV.   INSURANCE POLICIES

Pursuant to Rule 26(a)(1)(A)(iv) of the Federal Rules of Civil Procedure, Equity Trading states that it is not aware of any insurance policies that may be available to satisfy all or part of any possible judgment against it or to reimburse it for payments made to satisfy any judgment.

Dated: New York, New York
       June 19, 2023

**DECHERT LLP**

By: */s/ Neil A. Steiner*
       Neil A. Steiner
1095 Ave. of the Americas
New York, New York 10036
Telephone: 212.698.3822
Facsimile: 212.698.3599
Email: neil.steiner@dechert.com

*Attorneys for Defendant Equity Trading Portfolio Limited*