# EXHIBIT F

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Marco Molina
Email: mmolina@bakerlaw.com
Shaia Araghi
Email: saraghi@bakerlaw.com
Amos Kim
Email: akim@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>    Plaintiff-Applicant,<br><br>  v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>    Defendant. | Adv. Pro. No. 08-01789 (CGM)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>    Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff, | |

|  |  |
|---|---|
| Plaintiff, | Adv. Pro. No. 10-04457 (CGM) |
| v. |  |
| EQUITY TRADING PORTFOLIO LIMITED, |  |
| Defendant. |  |

### TRUSTEE'S FIRST SET OF INTERROGATORIES TO EQUITY TRADING PORTFOLIO LIMITED

Pursuant to Federal Rules of Civil Procedure 26 and 33, Federal Rules of Bankruptcy Procedure 7026 and 7036, and the Local Civil Rules of the United States District Court for the Southern District of New York and this Court (the "Local Rules"), Irving H. Picard, as trustee (the "Trustee") for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa–*lll* ("SIPA"), and the chapter 7 estate of Bernard L. Madoff, by and through the Trustee's undersigned counsel, hereby requests Defendant Equity Trading Portfolio Limited respond in writing with verified answers to the interrogatories (the "Interrogatory" or "Interrogatories") set forth herein and deliver the same to the office of Baker & Hostetler LLP, c/o Amos Kim, Esq., 45 Rockefeller Plaza, New York, New York 10111, within thirty (30) days of service.

### DEFINITIONS

1. The rules of construction and definitions in Civil Rule 26.3 of the Local District Rules, as adopted in Federal Rule of Bankruptcy Procedure 7026-1, are hereby incorporated by reference. All defined terms, including those defined in Civil Rule 26.3, are capitalized herein.

2. Reference to any Person that is not a natural person and is not otherwise defined herein nor in Civil Rule 26.3, also refers to and includes any parent, subsidiary, affiliate, division,

branch, agency, representative office, predecessor, successor, principal, member, director, officer, shareholder, manager, employee, attorney-in-fact, attorney, nominee, agent, or representative of such person.

3. "Adversary Proceeding" means the civil action captioned *Picard v. Equity Trading Portfolio Fund*, Adv. Pro. No. 10-04457 (CGM), pending in the United States Bankruptcy Court for the Southern District of New York.

4. "All," "any," and "each" shall each be construed as encompassing any and all.

5. "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of a Request all responses that might otherwise be construed to be outside of its scope.

6. "Answer" means the answer filed by Equity Trading in this Adversary Proceeding (ECF No. 143).

7. "Applicable Period" means the period from November 30, 2005 through December 31, 2010, unless otherwise indicated herein.

8. "BLMIS" means Bernard L. Madoff Investment Securities LLC, Madoff Securities International Ltd., Madoff Securities International LLC, Bernard L. Madoff, Ruth Madoff, and all affiliated persons and entities, including, but not limited to, any officers, directors, agents, representatives, employees, partners, parent companies, subsidiaries, predecessor or successor and related entities, and affiliates of the above specifically identified persons and entities.

9. "BNP Paribas" means BNP Paribas S.A. and its corporate parents, subsidiaries, and affiliates, including, but not limited to, BGL BNP Paribas S.A., individually and as successor in interest to BNP Paribas Luxembourg S.A., BNP Paribas Arbitrage SNC, BNP Paribas Bank & Trust Cayman Limited, BNP Paribas S.A., as successor in interest to BNP Paribas Securities

Services S.C.A. and BNP Paribas Securities Services – Succursale de Luxembourg, and BNP Paribas (Suisse) S.A., individually and as successor in interest to BNP Paribas Private Bank (Switzerland) S.A. and as successor in interest to United European Bank.

10. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

11. "Concerning" means relating to, referring to, describing, evidencing, or constituting.

12. "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term. For purposes of these Requests, the meaning and scope of Document captures the meaning and scope of Communication. Accordingly, a Request that demands the production of "all Documents" by definition additionally demands the production of "all Communications" responsive to the Request. That a Request may specifically seek "all Communications" does not in any way limit or alter the definitions given to Document or Communication.

13. "Institutional Investor Intermediary" and "Institutional Investor Intermediaries" mean entities listed as shareholders of Equity Trading, through which individuals or entities were invested in Equity Trading, including, but not limited to, BNP Paribas.

14. "Person" means any natural person or any legal entity, including, but not limited to, any business or governmental entity or association.

15. "Transfer" shall conform to the meaning set forth in 11 U.S.C. § 101(54).

16. "You," "Your," "Equity Trading," or "Defendant" means Equity Trading Portfolio Fund Limited, and, where applicable, any other predecessor(s) or successor(s) in interest, as well

as any of its officers, directors, employees, partners, corporate parents, subsidiaries, affiliates, and/or anyone acting on its behalf or for its benefit.

17. For all purposes herein, spelling, grammar, syntax, abbreviations, idioms, and proper nouns shall be construed and interpreted to give proper meaning and consistency to its context.

18. Reference to any person that is not a natural person and is not otherwise defined herein refers to and includes any parent, subsidiary, affiliate, division, branch, agency, representative office, predecessor, successor, principal, member, director, office, shareholder, manager, employee, attorney-in-fact, attorney, nominee, agent, or representative of such person.

### **INSTRUCTIONS**

1. In accordance with Federal Rule of Civil Procedure 33(b)(2), You must serve the written responses within thirty (30) days of the date of service.

2. In accordance with Federal Rules of Civil Procedure 33(b)(3) and (4), You must object with specificity and state whether You are withholding any responsive information on the basis of that objection.

3. If Your response to an Interrogatory is based upon information and belief, set forth the source of the information and the grounds for the belief.

4. If You object to an Interrogatory on the basis of ambiguity or vagueness, or to any related definition or instruction, respond to the Interrogatory and set forth Your interpretation of the language You claim is vague or ambiguous.

5. If You refuse to provide a response to an Interrogatory due to an assertion of attorney-client privilege, the work product doctrine, or any other privilege, Your response should

include a statement of that basis for the claim sufficient for the Trustee to evaluate the claimed privilege or protection.

6. If You cannot provide, or object to providing, a complete answer to an Interrogatory, answer the Interrogatory to the extent possible, specify the portion of such Interrogatory that you are unable to answer completely, and provide an explanation as to why You gave only a partial answer.

7. If You opt to produce documents in lieu of or in addition to a descriptive written response to an Interrogatory, You must indicate for each document provided, the number of the Interrogatory to which it is responsive.

8. If You discover that a response is incomplete or incorrect, You must, in a timely manner, supplement or correct such response in accordance with Federal Rule of Bankruptcy Procedure 7026 and Federal Rule of Civil Procedure 26(e).

## INTERROGATORIES

1. Describe all actions You took to preserve and retain relevant Documents and Communications in connection with this Adversary Proceeding and include in the description the timing of any actions and to whom the action was directed.

2. Identify all Persons and/or third parties who performed or were responsible for performing any investigation, analysis, diligence, and/or inquiry on BLMIS for or on behalf of Equity Trading.

3. Identify all Persons who had any role in the creation, incorporation, and/or registration of Defendant.

4. Identify all Persons who had any role in making the decision to invest in BLMIS, and include with respect to each Person his or her position in Defendant and/or any related or unrelated entity.

5. Identify all Persons, employees, agents, and/or third parties who facilitated, worked on, or were involved in Defendant's investments and accounts with BLMIS.

6. Identify all Persons who attended and/or participated in any meetings between Defendant and BLMIS, and include the date and location of the meeting(s), the topics discussed at such meeting(s), and whether the meeting(s) was recorded and/or memorialized.

7. Identify all Persons who attended and/or participated in any meetings regarding the creation and/or operation of Defendant, and include the date and location of the meeting(s), the topics discussed at such meeting(s), and whether the meeting(s) was recorded and/or memorialized.

8. Identify all Persons or entities that made Transfers to You during the Applicable Period.

9. Identify all Institutional Investor Intermediaries invested in Equity Trading.

10. Identify all individuals and/or entities invested in Equity Trading through one or more institutional intermediaries.

11. Identify all subscription and redemption payments, or other types of Transfers received or sent by Defendant, including those involving BNP Paribas, and in identifying each payment or Transfer, include: the date; the amount of the payment or Transfer; the issuing bank; the receiving bank; and correspondent bank, if any.

12. Identify the total amount of compensation, including fees, rebates, and chargebacks, that You earned as a result of Your investments in BLMIS.

13. Identify the existence, custodian, location and general description of relevant Documents Concerning Defendant's daily operations.

14. Identify the existence, custodian, location and general description of relevant Documents Concerning Defendant's investments in BLMIS, including but not limited to, monthly account statements from BLMIS and monthly account statements to investors from Defendant.

15. Identify the existence, custodian, location and general description of relevant Documents Concerning any litigations, arbitrations, and government or regulatory investigations or proceedings, in any domestic or foreign jurisdiction, involving Defendant, other than the instant Adversary Proceeding.

16. Identify any current or former employees of Yours or any third party that may have possession, custody, or control of Documents, Communications, or any other records Concerning the claims and defenses in this Adversary Proceeding, including, but not limited to, the affirmative defenses listed in the Answer.

17. List any non-Defendant that may have possession, custody, or control of Documents, Communications, or any other records relating to the claims and defenses in this Adversary Proceeding, including, but not limited to, records relating to Defendants, BLMIS, or any third party involved with You.

18. Identify all Persons who may have information relevant to the claims or defenses in this Adversary Proceeding.

19. Identify all Persons and/or entities or third parties involved in the financing of this Adversary Proceeding for or on behalf of Defendant.

20. Identify all Persons and/or entities that are represented by Your litigation counsel in this Adversary Proceeding.

| | |
|---|---|
| Date:  July 10, 2023<br>New York, New York | */s/ Amos Kim*<br>**Baker & Hostetler LLP**<br>45 Rockefeller Plaza<br>New York, NY  10111<br>Telephone: (212) 589-4200<br>Facsimile: (212) 589-4201<br>David J. Sheehan<br>Email:  dsheehan@bakerlaw.com<br>Marco Molina<br>Email: mmolina@bakerlaw.com<br>Shaia Araghi<br>Email: saraghi@bakerlaw.com<br>Amos Kim<br>Email: akim@bakerlaw.com<br><br>*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff* |

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served this 10th day of July, 2023 by electronic mail upon the following:

Neil A. Steiner, Esq.
Dechert LLP
1095 Ave. of the Americas
New York, New York 10036
neil.steiner@dechert.com


*/s/ Amos Kim*

*An Attorney for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff*