# EXHIBIT I

| | |
|---|---|
| **From:** | Steiner, Neil |
| **To:** | Araghi, Shaia |
| **Cc:** | Calvani, Torello; Molina, Marco; Kim, Amos |
| **Subject:** | RE: Picard v. Equity Trading Portfolio Limited, Adv. Pro. No. 10-04456 (CGM) - Trustee"s Initial Disclosures |
| **Date:** | Wednesday, September 20, 2023 8:00:24 AM |
| **Attachments:** | image001.png |
| | image002.png |
| | image003.png |
| | image004.png |
| | image005.png |
| | image006.png |

I can confirm that we are withdrawing and will be filing necessary paperwork.

**Neil A. Steiner**

**Dechert LLP**
+1 212 698 3822 Direct
+1 212 810 6043 Mobile
+1 212 698 0480 Fax
neil.steiner@dechert.com
dechert.com

**From:** Araghi, Shaia <saraghi@bakerlaw.com>
**Sent:** Tuesday, September 19, 2023 1:20 PM
**To:** Steiner, Neil <neil.steiner@dechert.com>
**Cc:** Calvani, Torello <tcalvani@bakerlaw.com>; Molina, Marco <mmolina@bakerlaw.com>; Kim,
Amos <akim@bakerlaw.com>
**Subject:** RE: Picard v. Equity Trading Portfolio Limited, Adv. Pro. No. 10-04456 (CGM) - Trustee's
Initial Disclosures

> **[EXTERNAL EMAIL]**

Neil,

I am following up again. As we have issued a Rule 30(b)(6) deposition notice, made multiple meet
and confer efforts regarding Equity Trading's deficient initial disclosures, and propounded sets of
discovery to Equity Trading but have not received substantive responses from you on any of the
issues currently pending, we need some answers from you.

On July 12, 2023, you said that you located a "handful of documents" which you would produce in
response to the Trustee's document requests. It is now mid-September. We have been patient and
extended multiple professional courtesies to you over the last four months, but we will need some
substantive responses on our pending issues promptly in light of this delay. You also said that your
office may be seeking to withdraw from this matter two weeks ago. Will you or will you not be
withdrawing?

We are expecting a substantive response from you by **Friday, September 22**, or we will have to bring
these issues to the court's attention.

Regards,

Shaia

Shaia Araghi
BakerHostetler
T +1.714.966.8892

---

**From:** Araghi, Shaia
**Sent:** Tuesday, September 12, 2023 9:04 AM
**To:** Steiner, Neil <neil.steiner@dechert.com>
**Cc:** Calvani, Torello <tcalvani@bakerlaw.com>; Molina, Marco <mmolina@bakerlaw.com>; Kim, Amos <akim@bakerlaw.com>
**Subject:** RE: Picard v. Equity Trading Portfolio Limited, Adv. Pro. No. 10-04456 (CGM) - Trustee's Initial Disclosures

Neil,

Can you please provide us with a status update regarding whether you will be withdrawing as Equity Trading's counsel?

Best,

Shaia

Shaia Araghi
BakerHostetler
T +1.714.966.8892

---

**From:** Steiner, Neil <neil.steiner@dechert.com>
**Sent:** Tuesday, September 5, 2023 5:43 AM
**To:** Araghi, Shaia <saraghi@bakerlaw.com>
**Cc:** Calvani, Torello <tcalvani@bakerlaw.com>; Molina, Marco <mmolina@bakerlaw.com>; Kim, Amos <akim@bakerlaw.com>
**Subject:** RE: Picard v. Equity Trading Portfolio Limited, Adv. Pro. No. 10-04456 (CGM) - Trustee's Initial Disclosures

Shaia,

I believe we will be seeking to withdraw from this matter.  I'll confirm in the next few days.

Neil

**Neil A. Steiner**

**Dechert LLP**
+1 212 698 3822 Direct
+1 212 810 6043 Mobile
+1 212 698 0480 Fax

neil.steiner@dechert.com
dechert.com

---

**From:** Araghi, Shaia <saraghi@bakerlaw.com>
**Sent:** Tuesday, August 22, 2023 4:14 PM
**To:** Steiner, Neil <neil.steiner@dechert.com>
**Cc:** Calvani, Torello <tcalvani@bakerlaw.com>; Molina, Marco <mmolina@bakerlaw.com>; Kim, Amos <akim@bakerlaw.com>
**Subject:** RE: Picard v. Equity Trading Portfolio Limited, Adv. Pro. No. 10-04456 (CGM) - Trustee's Initial Disclosures

[EXTERNAL EMAIL]

Neil,

In light of your email, we will expect substantive discovery responses from Equity Trading, and a response to the questions posed in my meet and confer correspondence on August 9, 2023, by close of business on September 1, 2023.

Best,

Shaia

Shaia Araghi
BakerHostetler
T +1.714.966.8892

---

**From:** Steiner, Neil <neil.steiner@dechert.com>
**Sent:** Sunday, August 20, 2023 9:51 AM
**To:** Araghi, Shaia <saraghi@bakerlaw.com>
**Cc:** Calvani, Torello <tcalvani@bakerlaw.com>; Molina, Marco <mmolina@bakerlaw.com>; Kim, Amos <akim@bakerlaw.com>
**Subject:** RE: Picard v. Equity Trading Portfolio Limited, Adv. Pro. No. 10-04456 (CGM) - Trustee's Initial Disclosures

Shaia,

The person I need to speak with had a death in the family, so I'm going to need an extra week or so and will respond before Labor Day.  I assume under the circumstances the brief additional delay is acceptable, but let me know if you'd like to discuss.  Other than the 28th, I'm around and generally available.

Neil

**Neil A. Steiner**

**Dechert LLP**
+1 212 698 3822 Direct
+1 212 810 6043 Mobile

+1 212 698 0480 Fax
neil.steiner@dechert.com
dechert.com

---

**From:** Steiner, Neil
**Sent:** Thursday, August 17, 2023 9:55 PM
**To:** Araghi, Shaia <saraghi@bakerlaw.com>
**Cc:** Calvani, Torello <tcalvani@bakerlaw.com>; Molina, Marco <mmolina@bakerlaw.com>; Kim, Amos <akim@bakerlaw.com>
**Subject:** RE: Picard v. Equity Trading Portfolio Limited, Adv. Pro. No. 10-04456 (CGM) - Trustee's Initial Disclosures

I'll respond to everything on the 22nd.

**Neil A. Steiner**

**Dechert LLP**
+1 212 698 3822 Direct
+1 212 810 6043 Mobile
+1 212 698 0480 Fax
neil.steiner@dechert.com
dechert.com

---

**From:** Araghi, Shaia <saraghi@bakerlaw.com>
**Sent:** Tuesday, August 15, 2023 12:42 PM
**To:** Steiner, Neil <neil.steiner@dechert.com>
**Cc:** Calvani, Torello <tcalvani@bakerlaw.com>; Molina, Marco <mmolina@bakerlaw.com>; Kim, Amos <akim@bakerlaw.com>
**Subject:** RE: Picard v. Equity Trading Portfolio Limited, Adv. Pro. No. 10-04456 (CGM) - Trustee's Initial Disclosures

[EXTERNAL EMAIL]

Neil,

I am following up regarding my correspondence from August 9. When can we expect to receive Equity Trading's written responses to the questions enclosed in my correspondence?

Thank you,

Shaia

Shaia Araghi
BakerHostetler
T +1.714.966.8892

---

**From:** Araghi, Shaia
**Sent:** Wednesday, August 9, 2023 10:20 AM

**To:** Steiner, Neil <neil.steiner@dechert.com>
**Cc:** Calvani, Torello <tcalvani@bakerlaw.com>; Molina, Marco <mmolina@bakerlaw.com>; Kim, Amos <akim@bakerlaw.com>
**Subject:** RE: Picard v. Equity Trading Portfolio Limited, Adv. Pro. No. 10-04456 (CGM) - Trustee's Initial Disclosures

Neil,

Please see the attached.

Regards,

Shaia

Shaia Araghi
BakerHostetler
T +1.714.966.8892

---

**From:** Steiner, Neil <neil.steiner@dechert.com>
**Sent:** Wednesday, July 12, 2023 4:47 PM
**To:** Araghi, Shaia <saraghi@bakerlaw.com>
**Cc:** Calvani, Torello <tcalvani@bakerlaw.com>; Molina, Marco <mmolina@bakerlaw.com>; Kim, Amos <akim@bakerlaw.com>
**Subject:** RE: Picard v. Equity Trading Portfolio Limited, Adv. Pro. No. 10-04456 (CGM) - Trustee's Initial Disclosures

Shaia,

I don't think the below entirely accurately reflects our conversation.  While most of the differences or inaccuracies probably are not material or worth debating, I do think it's important to be clear that I did not suggest that there are individuals that I or my client know of who we expect to use to support any claims or defenses but that we are not identifying now because it is not relevant enough to merit disclosure at this point and that we may choose to disclose later.  What I said, and what is the case, is that the former manager of the fund (George Catsiapis) passed away, that neither I nor Equity Trading Portfolio is currently aware of individuals who may have information that would support its claims or defenses, but that it was possible we would learn that information through discovery given that I believe the Trustee has adversary proceedings and/or taken Rule 2004 discovery with respect to several entities with which Equity Trading Portfolio had relationships (specifically, BNP was the leverage provider and Citco was the fund administrator, and it also had a relationship with EFG Bank) and that I anticipated there is a likelihood that I would receive at least some relevant transcripts in discovery to be produced by the Trustee.

That being said, in an effort to resolve our differences with respect to the initial disclosures, I have been attempting to determine what additional information, if any, can be provided in supplemental disclosures. I am continuing to work on that issue, and expect to be able to respond next week.  In the meantime, I can advise you that the entity with which Equity Trading Portfolio shared space and provided documents in response to a Rule 2004 subpoena was Capital E; you or your colleagues should have that production. With respect to defendants in other adversary proceedings who may have information we might seek to use, I was referring to BNP, Citco and EFG; to be clear, I do not know this to be the case, but believe it is possible given the relationships noted above.  Similarly, I believe I have addressed the witness issue above – it is not our position that there are individuals or documents we currently know we might use to

support our claims and defenses but do not feel a need to disclose them now (I agree with you that Rule 26 would require disclosure of such persons or categories of documents); rather, our position is that we anticipate that we may receive such information or witness identities in discovery from you.  I have located a handful of documents (which in any event would not be required to be produced at this time but at least would be produced in response to your recently served requests), and am happy to produce those in due course in the coming weeks.

Neil

**Neil A. Steiner**

**Dechert LLP**
+1 212 698 3822 Direct
+1 212 810 6043 Mobile
+1 212 698 0480 Fax
neil.steiner@dechert.com
dechert.com

---

**From:** Araghi, Shaia <saraghi@bakerlaw.com>
**Sent:** Wednesday, July 05, 2023 6:22 PM
**To:** Steiner, Neil <neil.steiner@dechert.com>
**Cc:** Calvani, Torello <tcalvani@bakerlaw.com>; Molina, Marco <mmolina@bakerlaw.com>; Kim, Amos <akim@bakerlaw.com>
**Subject:** RE: Picard v. Equity Trading Portfolio Limited, Adv. Pro. No. 10-04456 (CGM) - Trustee's Initial Disclosures

[EXTERNAL EMAIL]

Neil,

Thank you for taking the time to speak with us this afternoon regarding Equity Trading's initial disclosures. We would like to work with you in good faith and in an attempt to resolve the deficiencies that we have identified within your client's initial disclosures.

To summarize the contents of our call, we discussed your client's obligation to disclose relevant individuals and documents that your client may use to support its affirmative defenses pursuant to Federal Rule of Civil Procedure 26. You mentioned that you are unsure as to whether your client is planning to pursue discovery in support of its affirmative defenses and that there are individuals that your client may disclose later, but that you do not feel that it is relevant enough to merit inclusion in your client's initial disclosures. We told you that we disagree with that position and referred you to the case law that we cited in the email that we sent to you prior to this conference.  Based on our research, we believe that your client has an obligation to disclose this information now, even if such individuals are not called upon by your client at a later time.

You also confirmed that there is at least one individual associated with Equity Trading who is giving you instructions in connection with this proceeding and is representing Equity Trading's interests in this proceeding. In addition, you stated that Equity Trading, an entity affiliated with Equity Trading, or an entity that shared office space with Equity Trading previously made a small production to the Trustee in connection with this adversary proceeding pursuant to a Rule 2004 subpoena.  We told

you that Equity Trading has never produced documents to the Trustee (under Rule 2004 or otherwise).  You agreed to check your records to identify the producing part(y/ies) that you believe previously made Rule 2004 productions containing documents or ESI related to this adversary proceeding.

Last, we discussed your client's preservation obligation.  We told you that, under that obligation, your client should have issued litigation holds internally and to any outside custodian of ESI or documents, and worked with counsel to supervise the implementation of those holds.  You indicated that you could not confirm if any holds were issued in relation to this case but that you would confirm.

Consistent with our discussion, please provide us with the following information by next Wednesday, July 12, 2023:

1. Pursuant to Rule 2004 subpoenas, what document productions were made by Equity Trading, on behalf of Equity Trading, by an entity affiliated with Equity Trading, or an entity sharing office space with Equity Trading?
2. Your client's initial disclosures provide that there are individuals identified by defendants in other adversary proceedings brought by the Trustee that Equity Trading may rely upon. Which individuals from these other proceedings are you referring to?
3. To the extent that you continue to disagree with the Trustee's position that Equity Trading has an obligation to disclose, at this stage, the individuals who may have discoverable information related to your client's 19 affirmative defenses and the documents that it may rely upon to support those defenses, please point us to the case law that supports your position. Otherwise, please confirm that your client will amend its initial disclosures to identify those individuals and documents.
4. Please let us know whether any litigation holds were issued in connection with this adversary proceeding. Specifically, please provide us with the dates that such holds were issued and whether there has been periodic implementation and/or supervision of those holds.

We would prefer to avoid motion practice, but our client will pursue available remedies under the Federal Rules, including motions to compel and for sanctions, should your client refuse to provide the requisite information.

Regards,

Shaia

Shaia Araghi
BakerHostetler
T +1.714.966.8892

---

**From:** Steiner, Neil <neil.steiner@dechert.com>
**Sent:** Friday, June 30, 2023 9:56 AM
**To:** Kim, Amos <akim@bakerlaw.com>
**Cc:** Calvani, Torello <tcalvani@bakerlaw.com>; Molina, Marco <mmolina@bakerlaw.com>; Araghi,

Shaia <saraghi@bakerlaw.com>

**Subject:** Re: Picard v. Equity Trading Portfolio Limited, Adv. Pro. No. 10-04456 (CGM) - Trustee's Initial Disclosures

Sure, thanks

---

**From:** Kim, Amos <akim@bakerlaw.com>
**Sent:** Friday, June 30, 2023 9:50:27 AM
**To:** Steiner, Neil <neil.steiner@dechert.com>
**Cc:** Calvani, Torello <tcalvani@bakerlaw.com>; Molina, Marco <mmolina@bakerlaw.com>; Araghi, Shaia <saraghi@bakerlaw.com>
**Subject:** RE: Picard v. Equity Trading Portfolio Limited, Adv. Pro. No. 10-04456 (CGM) - Trustee's Initial Disclosures

[EXTERNAL EMAIL]

Apologies Neil. Spoke too soon. Does 4pm work?

Best,

Amos

Amos Kim
BakerHostetler
T +1.212.589.4232

---

**From:** Steiner, Neil <neil.steiner@dechert.com>
**Sent:** Friday, June 30, 2023 2:07 AM
**To:** Kim, Amos <akim@bakerlaw.com>
**Cc:** Calvani, Torello <tcalvani@bakerlaw.com>; Molina, Marco <mmolina@bakerlaw.com>; Araghi, Shaia <saraghi@bakerlaw.com>
**Subject:** RE: Picard v. Equity Trading Portfolio Limited, Adv. Pro. No. 10-04456 (CGM) - Trustee's Initial Disclosures

Thanks Amos. How about 3:30 on Wednesday?

**Neil A. Steiner**

**Dechert LLP**
+1 212 698 3822 Direct
+1 212 810 6043 Mobile
+1 212 698 0480 Fax
neil.steiner@dechert.com
dechert.com

---

**From:** Kim, Amos <akim@bakerlaw.com>
**Sent:** Thursday, June 29, 2023 12:55 PM
**To:** Steiner, Neil <neil.steiner@dechert.com>

**Cc:** Calvani, Torello <tcalvani@bakerlaw.com>; Molina, Marco <mmolina@bakerlaw.com>; Araghi, Shaia <saraghi@bakerlaw.com>
**Subject:** RE: Picard v. Equity Trading Portfolio Limited, Adv. Pro. No. 10-04456 (CGM) - Trustee's Initial Disclosures

[EXTERNAL EMAIL]

Neil,

Those dates work for us. We can be available from 1:30pm-6pm on Wednesday July 5th, or from 12pm-3:30pm on Thursday July 6th. Please let us know what works and we'll send the invite.

Best,

Amos

Amos Kim

BakerHostetler
T +1.212.589.4232

---

**From:** Steiner, Neil <neil.steiner@dechert.com>
**Sent:** Thursday, June 29, 2023 2:42 AM
**To:** Kim, Amos <akim@bakerlaw.com>
**Cc:** Calvani, Torello <tcalvani@bakerlaw.com>; Molina, Marco <mmolina@bakerlaw.com>; Araghi, Shaia <saraghi@bakerlaw.com>
**Subject:** Re: Picard v. Equity Trading Portfolio Limited, Adv. Pro. No. 10-04456 (CGM) - Trustee's Initial Disclosures

Amos,

I'm away until the 4th. How is next Wednesday or Thursday?

Neil

---

**From:** Kim, Amos <akim@bakerlaw.com>
**Sent:** Tuesday, June 27, 2023 11:42:22 AM
**To:** Steiner, Neil <neil.steiner@dechert.com>
**Cc:** Calvani, Torello <tcalvani@bakerlaw.com>; Molina, Marco <mmolina@bakerlaw.com>; Araghi, Shaia <saraghi@bakerlaw.com>
**Subject:** RE: Picard v. Equity Trading Portfolio Limited, Adv. Pro. No. 10-04456 (CGM) - Trustee's Initial Disclosures

[EXTERNAL EMAIL]

Neil,

We can be available for a meet and confer with respect to your initial disclosures this Thursday or Friday, between 12pm-2pm. Please let us know which date and time works best for you and we will send an invite. Thank you.

Best,

Amos

Amos Kim
BakerHostetler
T +1.212.589.4232

---

**From:** Steiner, Neil <neil.steiner@dechert.com>
**Sent:** Tuesday, June 27, 2023 12:30 PM
**To:** Kim, Amos <akim@bakerlaw.com>
**Cc:** Calvani, Torello <tcalvani@bakerlaw.com>; Molina, Marco <mmolina@bakerlaw.com>; Araghi, Shaia <saraghi@bakerlaw.com>
**Subject:** RE: Picard v. Equity Trading Portfolio Limited, Adv. Pro. No. 10-04456 (CGM) - Trustee's Initial Disclosures

Amos,

I would be happy to arrange a meet and confer with respect to our initial disclosures, but I'm not sure what it is you think you're looking for because there simply isn't anything more for us to disclose – as I've told various members of your team innumerable times over the last decade, Equity Trading is defunct (it's only asset was its BLMIS account, which was as you know entirely lost), it has no documents other than any documents previously produced to the Trustee and it has no employees.

Neil

**Neil A. Steiner**

**Dechert LLP**
+1 212 698 3822 Direct
+1 212 810 6043 Mobile
+1 212 698 0480 Fax
neil.steiner@dechert.com
dechert.com

---

**From:** Kim, Amos <akim@bakerlaw.com>
**Sent:** Wednesday, June 21, 2023 5:46 PM
**To:** Steiner, Neil <neil.steiner@dechert.com>
**Cc:** Calvani, Torello <tcalvani@bakerlaw.com>; Molina, Marco <mmolina@bakerlaw.com>; Araghi, Shaia <saraghi@bakerlaw.com>
**Subject:** RE: Picard v. Equity Trading Portfolio Limited, Adv. Pro. No. 10-04456 (CGM) - Trustee's Initial Disclosures

[EXTERNAL EMAIL]

Neil,

The initial disclosures you provided on Monday, June 19, are barren, unspecific, and, therefore, not in compliance with Rule 26 of the Federal Rules of Civil Procedure. This is particularly unacceptable given that the Trustee gave your client significant extensions with the understanding that you were gathering the information that your client is required to disclose.

As you know, Rule 26 requires your client to disclose the identity of any individual with discoverable information and any documents that support your defenses.  FRCP 26(a)(1)(A)(i) and (ii); *see also In re Cole*, 2022 WL 963749, at *3 (Bankr. E.D.N.Y. Mar. 30, 2022) ("To satisfy Rule 26, parties must make an unequivocal statement that they may rely upon an individual on a motion or trial.").  The initial disclosures you provided were completely inadequate in this regard.  And this inadequacy is prejudicial to the Trustee's efforts to pursue discovery in support of his claims.

In the interests of judicial economy, we will hold off on moving to compel your client to provide adequate disclosures until June 30.  If we do not receive amended initial disclosures from your client that comply with the federal rules and relevant caselaw, we will be moving to compel and seek any appropriate sanctions under Rule 37(a)(3)(A) for failure to provide information or identify a witness as required by Rule 26. FRCP 26(a) and (e); *see also In re Cole*, 2022 WL 964749, at *5 (applying preclusion order for failure to comply with Rule 26(a)(1)(A)(i)).

Regards,

Amos

Amos Kim
BakerHostetler
T +1.212.589.4232

---

**From:** Steiner, Neil <neil.steiner@dechert.com>
**Sent:** Monday, June 19, 2023 9:18 PM
**To:** Araghi, Shaia <saraghi@bakerlaw.com>; Kim, Amos <akim@bakerlaw.com>
**Cc:** Calvani, Torello <tcalvani@bakerlaw.com>; Molina, Marco <mmolina@bakerlaw.com>
**Subject:** RE: Picard v. Equity Trading Portfolio Limited, Adv. Pro. No. 10-04456 (CGM) - Trustee's Initial Disclosures

Shaia,

Attached please find Equity Trading's initial disclosures.

Neil

**Neil A. Steiner**

**Dechert LLP**
+1 212 698 3822 Direct
+1 212 810 6043 Mobile

+1 212 698 0480 Fax
neil.steiner@dechert.com
dechert.com

---

**From:** Araghi, Shaia <saraghi@bakerlaw.com>
**Sent:** Tuesday, June 13, 2023 3:30 PM
**To:** Steiner, Neil <neil.steiner@dechert.com>; Kim, Amos <akim@bakerlaw.com>
**Cc:** Calvani, Torello <tcalvani@bakerlaw.com>; Molina, Marco <mmolina@bakerlaw.com>
**Subject:** RE: Picard v. Equity Trading Portfolio Limited, Adv. Pro. No. 10-04456 (CGM) - Trustee's Initial Disclosures

[EXTERNAL EMAIL]

Neil,

We have not received your client's initial disclosures, despite the Trustee providing a two-week courtesy extension on May 19, 2023. As you are aware, Federal Rule of Civil Procedure 26(a)(1) sets forth the requisite timeline for the exchange of initial disclosures and, per the contents of the case management plan, the parties agreed to serve initial disclosures on or before 30 days after its filing.

Can you please provide us with your client's initial disclosures by the end of the day on **Monday, June 19, 2023**? If we do not receive them, we will have no choice but to move to compel.

Thank you,

Shaia

Shaia Araghi
BakerHostetler
T +1.714.966.8892

---

**From:** Steiner, Neil <neil.steiner@dechert.com>
**Sent:** Tuesday, June 6, 2023 7:16 PM
**To:** Araghi, Shaia <saraghi@bakerlaw.com>; Kim, Amos <akim@bakerlaw.com>
**Cc:** Calvani, Torello <tcalvani@bakerlaw.com>; Molina, Marco <mmolina@bakerlaw.com>
**Subject:** RE: Picard v. Equity Trading Portfolio Limited, Adv. Pro. No. 10-04456 (CGM) - Trustee's Initial Disclosures

Just working on final signoff but in court in DE tomorrow. Will try end of week/Monday – consistent with what I've been trying to explain for a while, there's not going to be anything new (we have no docs other than what you already have and don't have insurance)

**Neil A. Steiner**

**Dechert LLP**
+1 212 698 3822 Direct
+1 212 810 6043 Mobile
+1 212 698 0480 Fax
neil.steiner@dechert.com

dechert.com

---

**From:** Araghi, Shaia <saraghi@bakerlaw.com>
**Sent:** Friday, June 02, 2023 11:47 AM
**To:** Steiner, Neil <neil.steiner@dechert.com>; Kim, Amos <akim@bakerlaw.com>
**Cc:** Calvani, Torello <tcalvani@bakerlaw.com>; Molina, Marco <mmolina@bakerlaw.com>
**Subject:** RE: Picard v. Equity Trading Portfolio Limited, Adv. Pro. No. 10-04456 (CGM) - Trustee's Initial Disclosures

[EXTERNAL EMAIL]

Neil,

When can we expect to receive the initial disclosures from Equity Trading Portfolio? When you have a moment, please advise.

Thank you,


Shaia

Shaia Araghi
BakerHostetler
T +1.714.966.8892

---

**From:** Steiner, Neil <neil.steiner@dechert.com>
**Sent:** Friday, May 19, 2023 10:29 AM
**To:** Kim, Amos <akim@bakerlaw.com>
**Cc:** Calvani, Torello <tcalvani@bakerlaw.com>; Molina, Marco <mmolina@bakerlaw.com>; Araghi, Shaia <saraghi@bakerlaw.com>
**Subject:** RE: Picard v. Equity Trading Portfolio Limited, Adv. Pro. No. 10-04456 (CGM) - Trustee's Initial Disclosures

Hopefully…thanks.

**Neil A. Steiner**

**Dechert LLP**
+1 212 698 3822 Direct
+1 212 810 6043 Mobile
+1 212 698 0480 Fax
neil.steiner@dechert.com
dechert.com

---

**From:** Kim, Amos <akim@bakerlaw.com>
**Sent:** Friday, May 19, 2023 1:28 PM
**To:** Steiner, Neil <neil.steiner@dechert.com>
**Cc:** Calvani, Torello <tcalvani@bakerlaw.com>; Molina, Marco <mmolina@bakerlaw.com>; Araghi,

Shaia <saraghi@bakerlaw.com>

**Subject:** RE: Picard v. Equity Trading Portfolio Limited, Adv. Pro. No. 10-04456 (CGM) - Trustee's Initial Disclosures

[EXTERNAL EMAIL]

Thank you for the response. I'll cancel the mailing of the Trustee's initial disclosures. According to the case management plan, the initial disclosures are due 30 days from the filing of the CMP, which makes it today. Would a week or two be sufficient?

Best,

Amos

Amos Kim
BakerHostetler
T +1.212.589.4232

---

**From:** Steiner, Neil <neil.steiner@dechert.com>
**Sent:** Friday, May 19, 2023 1:26 PM
**To:** Kim, Amos <akim@bakerlaw.com>
**Cc:** Calvani, Torello <tcalvani@bakerlaw.com>; Molina, Marco <mmolina@bakerlaw.com>; Araghi, Shaia <saraghi@bakerlaw.com>
**Subject:** RE: Picard v. Equity Trading Portfolio Limited, Adv. Pro. No. 10-04456 (CGM) - Trustee's Initial Disclosures

[External Email: Use caution when clicking on links or opening attachments.]

Emails probably crossed – no need to serve hard copies.

**Neil A. Steiner**

**Dechert LLP**
+1 212 698 3822 Direct
+1 212 810 6043 Mobile
+1 212 698 0480 Fax
neil.steiner@dechert.com
dechert.com

---

**From:** Kim, Amos <akim@bakerlaw.com>
**Sent:** Friday, May 19, 2023 1:25 PM
**To:** Steiner, Neil <neil.steiner@dechert.com>
**Cc:** Calvani, Torello <tcalvani@bakerlaw.com>; Molina, Marco <mmolina@bakerlaw.com>; Araghi, Shaia <saraghi@bakerlaw.com>
**Subject:** Picard v. Equity Trading Portfolio Limited, Adv. Pro. No. 10-04456 (CGM) - Trustee's Initial Disclosures

[EXTERNAL EMAIL]

Good Afternoon Neil,

In accordance with the case management plan so ordered in this case, please see the Trustee's written initial disclosures attached. You can also expect to receive a hard copy version of the attached disclosures via U.S. mail.

Also, please let us know if you agree to email service for future discovery purposes, including discovery requests and responses and objections. Have a nice weekend.

Best,

**Amos Kim**
He | Him | His
Associate



45 Rockefeller Plaza
New York, NY 10111-0100
T +1.212.589.4232

akim@bakerlaw.com
bakerlaw.com

This email is intended only for the use of the party to which it is addressed and may contain information that is privileged, confidential, or protected by law. If you are not the intended recipient you are hereby notified that any dissemination, copying or distribution of this email or its contents is strictly proh bited. If you have received this message in error, please notify us immediately by replying to the message and deleting it from your computer.

Any tax advice in this email is for information purposes only. The content of this email is limited to the matters specifically addressed herein and may not contain a full description of all relevant facts or a complete analysis of all relevant issues or authorities.

Internet communications are not assured to be secure or clear of inaccuracies as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. Therefore, we do not accept responsibility for any errors or omissions that are present in this email, or any attachment, that have arisen as a result of e-mail transmission.

This e-mail is from Dechert LLP, a law firm, and may contain information that is confidential or privileged. If you are not the intended recipient, do not read, copy or distribute the e-mail or any attachments. Instead, please notify the sender and delete the e-mail and any attachments. Thank you.

This e-mail is from Dechert LLP, a law firm, and may contain information that is confidential or

privileged. If you are not the intended recipient, do not read, copy or distribute the e-mail or any attachments. Instead, please notify the sender and delete the e-mail and any attachments. Thank you.

---

This e-mail is from Dechert LLP, a law firm, and may contain information that is confidential or privileged. If you are not the intended recipient, do not read, copy or distribute the e-mail or any attachments. Instead, please notify the sender and delete the e-mail and any attachments. Thank you.

---

This e-mail is from Dechert LLP, a law firm, and may contain information that is confidential or privileged. If you are not the intended recipient, do not read, copy or distribute the e-mail or any attachments. Instead, please notify the sender and delete the e-mail and any attachments. Thank you.

---

This e-mail is from Dechert LLP, a law firm, and may contain information that is confidential or privileged. If you are not the intended recipient, do not read, copy or distribute the e-mail or any attachments. Instead, please notify the sender and delete the e-mail and any attachments. Thank you.

---

This e-mail is from Dechert LLP, a law firm, and may contain information that is confidential or privileged. If you are not the intended recipient, do not read, copy or distribute the e-mail or any attachments. Instead, please notify the sender and delete the e-mail and any attachments. Thank you.

---

This e-mail is from Dechert LLP, a law firm, and may contain information that is confidential or privileged. If you are not the intended recipient, do not read, copy or distribute the e-mail or any attachments. Instead, please notify the sender and delete the e-mail and any attachments. Thank you.

---

This e-mail is from Dechert LLP, a law firm, and may contain information that is confidential or privileged. If you are not the intended recipient, do not read, copy or distribute the e-mail or any attachments. Instead, please notify the sender and delete the e-mail and any attachments. Thank you.

---

This e-mail is from Dechert LLP, a law firm, and may contain information that is confidential or privileged. If you are not the intended recipient, do not read, copy or distribute the e-mail or any attachments. Instead, please notify the sender and delete the e-mail and any attachments. Thank you.

---

This e-mail is from Dechert LLP, a law firm, and may contain information that is confidential or privileged. If you are not the intended recipient, do not read, copy or distribute the e-mail or any attachments. Instead, please notify the sender and delete the e-mail and any attachments. Thank you.

---

This e-mail is from Dechert LLP, a law firm, and may contain information that is confidential or privileged. If you are not the intended recipient, do not read, copy or distribute the e-mail or any attachments. Instead, please notify the sender and delete the e-mail and any attachments. Thank

you.

---

This e-mail is from Dechert LLP, a law firm, and may contain information that is confidential or privileged. If you are not the intended recipient, do not read, copy or distribute the e-mail or any attachments. Instead, please notify the sender and delete the e-mail and any attachments. Thank you.