**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and the Chapter 7 Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>    Plaintiff-Applicant,<br><br>    v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>    Defendant. | Adv. Pro. No. 08-01789 (CGM)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>    Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>UBS AG, UBS EUROPE SE (f/k/a UBS (LUXEMBOURG) SA), UBS FUND SERVICES (LUXEMBOURG) SA, UBS THIRD PARTY MANAGEMENT COMPANY SA, ACCESS INTERNATIONAL ADVISORS LLC, ACCESS INTERNATIONAL ADVISORS LTD., ACCESS MANAGEMENT LUXEMBOURG SA (f/k/a ACCESS INTERNATIONAL ADVISORS (LUXEMBOURG) SA) as represented by its Liquidator MAÎTRE FERNAND ENTRINGER, | Adv. Pro. No. 10-04285 (CGM)<br><br>**DECLARATION OF OREN J. WARSHAVSKY IN SUPPORT OF TRUSTEE'S REQUEST FOR A CONFERENCE REGARDING PROPOSED CASE MANAGEMENT PLAN** |

ACCESS PARTNERS SA as represented by its Liquidator MAÎTRE FERNAND ENTRINGER, PATRICK LITTAYE, CLAUDINE MAGON DE LA VILLEHUCHET (a/k/a CLAUDINE DE LA VILLEHUCHET) in her capacity as Executrix under the Will of THIERRY MAGON DE LA VILLEHUCHET (a/k/a RENE THIERRY DE LA VILLEHUCHET), CLAUDINE MAGON DE LA VILLEHUCHET (a/k/a CLAUDINE DE LA VILLEHUCHET) individually as the sole beneficiary under the Will of THIERRY MAGON DE LA VILLEHUCHET (a/k/a RENE THIERRY DE LA VILLEHUCHET), PIERRE DELANDMETER, THEODORE DUMBAULD, LUXALPHA SICAV as represented by its Liquidators MAÎTRE ALAIN RUKAVINA and PAUL LAPLUME, MAÎTRE ALAIN RUKAVINA AND PAUL LAPLUME, in their capacities as liquidators and representatives of LUXALPHA, GROUPEMENT FINANCIER LTD.,

Defendants.

I, Oren J. Warshavsky, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am a member of the New York Bar and a partner at Baker & Hostetler LLP, counsel for plaintiff Irving H. Picard, as trustee (the "Trustee") for the liquidation of the business of Bernard L. Madoff Investment Securities LLC under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa-*lll*, and the substantively consolidated estate of Bernard L. Madoff.

2. Pursuant to Local Bankruptcy Rule 7007-1 and the Honorable Cecelia G. Morris's Chambers Rules, the Trustee has conferred with counsel for Defendants regarding the Proposed Case Management Plan (**Exhibit A**).

3. On April 26, 2023, after each of the Defendants had filed Answers to the Trustee's Second Amended Complaint, the Trustee circulated a proposed case management

2

plan among the Defendants and requested a Rule 26(f) conference.

4. For several weeks, the various parties negotiated a case management plan, which was subject to several revisions. We believed that by the end of July or beginning of August 2023, we had a fully agreed-to version.

5. When a final version was circulated, a number of defendants were unresponsive. Those defendants included Access International Advisors, LLC, Access International Advisors, Ltd., Access Management (Luxembourg), S.A. (f/k/a Access International Advisors (Luxembourg) S.A.), Access Partners S.A., Patrick Littaye, Groupement Financier Ltd., and Claudine Magon de la Villehuchet in her capacities as Executrix under the Will of Thierry Magon de la Villehuchet and the sole beneficiary of the Will (the "Access Defendants"). The Access Defendants are represented by Katten.

6. In August 2023, Katten advised that when it was discussing the case management plan with its clients, it became apparent that Katten might be forced to withdraw as counsel, and that it was considering filing such papers. During that discussion counsel for the Trustee requested that the Access Defendants agree to the entry of the case management plan, as they had been involved in negotiating the same. Katten indicated that the Access Defendants would consider the Trustee's request, but expressed doubt that it would be possible to obtain their consent.

7. The parties conferred thereafter.  The Trustee advised Katten that its withdrawal at this stage—after having represented the Access Defendants in this case since it was filed in 2010—would delay the commencement of discovery, would unfairly impact the Trustee's ability to obtain discovery from them, and would ultimately cause undue prejudice to the Trustee.  The Trustee advised Katten that he would therefore oppose Katten's motion.

3

8. On September 25, 2023, Katten moved to withdraw as counsel to all of the Access Defendants, except for Claudine Magon de la Villehuchet, in her various capacities. (ECF No. 390.) The Trustee planned to oppose and request a conference to allow for the entry of a case management order. The Trustee advised the other defendants (i.e., the defendants other than the Access Defendants) of his intent, and they had no opposition to this approach. The Trustee's papers were due to be filed on November 6, 2023.

9. On November 3, 2023, Katten wrote to this Court requesting an adjournment of the presentment date to January 18, 2024, in order to allow the Access Defendants to consider the pending Motion to Withdraw. (ECF No. 391.) The Trustee was optimistic that this meant that Katten and the Access Defendants were working to resolve their issues.

10. On November 9, 2023, Defendant Patrick Littaye submitted a letter to this Court regarding Katten's Motion to Withdraw, stating that he does not wish for Katten to cease representation.  (*In re BLMIS*, No. 08-01789-CGM, ECF No. 23756.)

11.  Should Katten proceed with its Motion to Withdraw, the Trustee will formally oppose Katten's motion before the January 16, 2024, objection deadline.

12. Given the pendency of Katten's motion, the Trustee is unable to obtain all Defendants' unanimous consent to the proposed Case Management Plan.  Without all the Defendants' consent, the parties are unable to present the Court with an agreed-upon case management plan and are therefore unable to commence discovery.

13. The Trustee requests this conference to avoid further delay to the commencement of discovery and to ensure that discovery proceeds in a timely and fair manner in which all Defendants—including the Access Defendants—are subject to discovery under the Federal Rules of Civil Procedure.

14. The Trustee requests that the Court enter the attached Case Management Plan or, in the alternative, convene a conference.

15. The Trustee submits this declaration pursuant to Local Bankruptcy Rule 7007-1 and Judge Morris's Chambers Rules to certify that counsel have conferred on this issue. Counsel for all defendants not represented by Katten—UBS AG, UBS Europe SE (F/K/A UBS (Luxembourg) SA), UBS Fund Services (Luxembourg) SA, UBS Third Party Management Company SA (the "UBS Defendants"), Theodore Dumbauld, and Luxalpha SICAV as represented by its Liquidators Maître Alain Rukavina and Paul Laplume—have advised that they do not oppose this application.

16. The Trustee has provided this declaration and a copy of the proposed case management plan attached as Exhibit A, to Katten, counsel for the Access Defendants. Defendant Claudine Magon de la Villehuchet, who is not subject to Katten's current motion to withdraw, advises that she consents to the Trustee's application. The remaining Access Defendants have not responded to the Trustee's request to take a position on this application.

I hereby declare under penalty of perjury that the foregoing statements are true and correct.

Executed on the 19 day of December, 2023, at New York, New York.

                                                         */s/ Oren J. Warshavsky*
                                                         OREN J. WARSHAVSKY