# EXHIBIT A

**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and the Chapter 7 Estate of Bernard L. Madoff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                          Plaintiff-Applicant,<br><br>                   v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                          Defendant. | Adv. Pro. No. 08-01789 (CGM)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>                          Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>                          Plaintiff,<br><br>                   v.<br><br>UBS AG, UBS EUROPE SE (f/k/a UBS (LUXEMBOURG) SA), UBS FUND SERVICES (LUXEMBOURG) SA, UBS THIRD PARTY MANAGEMENT COMPANY SA, ACCESS INTERNATIONAL ADVISORS LLC, ACCESS INTERNATIONAL ADVISORS LTD., ACCESS MANAGEMENT LUXEMBOURG SA (f/k/a ACCESS INTERNATIONAL ADVISORS (LUXEMBOURG) SA) as represented by its Liquidator MAÎTRE FERNAND ENTRINGER, | Adv. Pro. No. 10-04285 (CGM) |

> ACCESS PARTNERS SA as represented by its Liquidator MAÎTRE FERNAND ENTRINGER, PATRICK LITTAYE, CLAUDINE MAGON DE LA VILLEHUCHET (a/k/a CLAUDINE DE LA VILLEHUCHET) in her capacity as Executrix under the Will of THIERRY MAGON DE LA VILLEHUCHET (a/k/a RENE THIERRY DE LA VILLEHUCHET), CLAUDINE MAGON DE LA VILLEHUCHET (a/k/a CLAUDINE DE LA VILLEHUCHET) individually as the sole beneficiary under the Will of THIERRY MAGON DE LA VILLEHUCHET (a/k/a RENE THIERRY DE LA VILLEHUCHET), PIERRE DELANDMETER, THEODORE DUMBAULD, LUXALPHA SICAV as represented by its Liquidators MAÎTRE ALAIN RUKAVINA and PAUL LAPLUME, MAÎTRE ALAIN RUKAVINA AND PAUL LAPLUME, in their capacities as liquidators and representatives of LUXALPHA, GROUPEMENT FINANCIER LTD.,
>
> Defendants.

## CASE MANAGEMENT PLAN

Plaintiff Irving H. Picard, as trustee (the "Trustee") for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa–*lll*, and the Chapter 7 estate of Bernard L. Madoff individually, and defendants UBS AG, UBS Europe SE (f/k/a UBS (Luxembourg) SA) ("UBS SA"), UBS Fund Services (Luxembourg) SA ("UBSFSL"), UBS Third Party Management Company SA ("UBSTPM"), Access International Advisors LLC ("AIA LLC"), Access International Advisors Ltd. ("AIA Ltd."), Access Management Luxembourg SA (f/k/a Access International Advisors (Luxembourg) SA ("AML"), Patrick Littaye, Claudine Magon de la Villehuchet (a/k/a Claudine de la Villehuchet), Pierre Delandmeter, Theodore Dumbauld, Luxalpha SICAV, and Groupement Financier Ltd. ("Groupement") (the "Defendants," together

2

with the Trustee, the "Parties," and each individually, a "Party"), by and through their respective undersigned counsel, hereby submit the following Case Management Plan pursuant to Rules 16 and 26 of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable under Rules 7016 and 7026 of the Federal Rules of Bankruptcy Procedure.

1. <u>Select Procedural History</u>.

   a. On February 28, 2022, the Trustee filed a Second Amended Complaint in this action. ECF No. 274.

   b. On April 22, 2022, Defendant Luxalpha filed an answer and affirmative defenses. ECF No. 278. The remaining defendants moved to dismiss the Trustee's Second Amended Complaint.

   c. In a series of rulings, the various motions to dismiss were denied. ECF Nos. 337, 340, and 349.

   d. On February 28, 2023, the Defendants that moved to dismiss each filed answers and affirmative defenses. ECF Nos. 359, 361, 363, 366.

2. <u>Fact Discovery Plan</u>.

   a. <u>Fact Discovery Cut-Off</u>. Unless otherwise agreed to by the Parties or ordered by the Bankruptcy Court, all fact discovery is to be completed by <u>January 15, 2026</u>. (the "Fact Discovery Cut-Off Date").

   b. <u>Initial Disclosures</u>. The Parties do not propose any changes in initial disclosures required under Federal Rule 26(a)(1)(A). The Parties agree that they will serve Initial Disclosures as required under Federal Rule 26 within 75 days of the filing of this Case Management Plan.

3

    c. <u>Subjects on Which Discovery May Be Needed</u>.  The Parties contemplate that fact and expert discovery will be needed on asserted claims and defenses.

    d. <u>Foreign Discovery</u>. Because there are both witnesses and documentary evidence outside the United States, the Parties anticipate the need for discovery under internationally recognized means, including from individuals and entities that may have been affiliated with Defendants.  To obtain this discovery, the Parties will comply with the relevant rules of the applicable jurisdiction, the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, and/or other internationally recognized means of obtaining cross-border discovery, including but not limited to, letters rogatory (collectively, "International Discovery").  To the extent the Parties avail themselves of International Discovery procedures, they will not be deemed to have waived, prejudiced, or otherwise altered their rights to conduct discovery under the Federal Rules, the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules"), or other applicable domestic rules.  To the extent that timely requested International Discovery is not received by the Fact Discovery Cut-Off Date, or that depositions or examinations under International Discovery procedures have not occurred by the Fact Discovery Cut-Off Date, the Parties will meet and confer regarding potential reasonable extensions of the deadlines set forth herein; absent consent of all Parties to such an extension, any Party may seek relief from the Court in respect of any such outstanding International Discovery.  The Parties reserve all of their respective rights, and do not hereby waive any arguments, concerning the manner in which discovery should be conducted with respect to any International Discovery, including without limitation discovery sought from current employees, agents, or representatives of the Defendants.

    e. <u>Form of Certain Discovery</u>.  The Trustee intends to use one or more electronic data rooms to affirmatively make available millions of documents related to the Trustee's claims.  The Trustee's use of such data rooms will be governed by all applicable orders and rules.  Defendants reserve all rights with respect to the manner, process, and format of any document productions made in response to their discovery requests.

    f. <u>Document Requests</u>.  The Parties may serve requests for the production of documents on or before <u>November 15, 2025</u>.

    g. <u>Interrogatories</u>.   The Parties may serve Interrogatories in accordance with the rules and limitations articulated in Local Bankruptcy Rule 7033-1 on or before <u>November 15, 2025</u>.

    h. <u>Requests For Admission</u>.

        (i)    The Parties may serve substantive Requests for Admission on or before <u>November 15, 2025</u>.

        (ii)    The Parties may serve Requests for Admission relating to authentication and admissibility of documents at any time before the close of fact discovery,

    i. <u>Limitations on Discovery</u>.  Limitations on discovery will be governed by the Federal Rules, made applicable to this adversary proceeding by the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules, and applicable principles of law.  The Parties may agree on certain limitations on discovery or any Party may file an application with the Court to impose such limitations.

    j. <u>Production of Privileged Materials</u>.  The Parties acknowledge that the production or other disclosure of documents or information subject to a recognized privilege or

5

protection is not a waiver of the privilege or protection in this case or in any other federal or state proceeding. This Order will be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained in this paragraph is intended to or will serve to limit a Party's right to conduct a review of documents, including electronically stored information, for relevance, responsiveness, and/or privileged and/or protected status.

    k. <u>Depositions</u>.

        (i)    Each Party is limited to twenty-five depositions of fact witnesses, subject to expansion by the Court. The following depositions do not count against the deposition caps imposed by the preceding sentence: depositions of the Parties' designated expert witnesses.

        (ii)    All depositions of fact witnesses must be completed by the Fact Discovery Cut-Off Date. Depositions will proceed concurrently, with no Party having priority. The Parties will endeavor to conclude the majority of depositions within the seven hours provided by Federal Rule 30(d)(1), although the Parties acknowledge that there may be certain depositions of fact witnesses with knowledge of issues common to multiple Avoidance Actions (as defined below) that cannot be concluded within this time limit. For any such witness, the Parties will attempt in good faith to agree to reasonable expansions of the seven -hour time limit as appropriate. Failing agreement, any Party may apply to the Court for an expansion of this time limit.

        (iii)    To the extent the deposition of any fact witness raises common

6

issues relevant to another avoidance action related to the above-captioned case (Adv. Pro. No. 08-01789) (the "Avoidance Action(s)"), in which fact discovery has not closed, the Parties may coordinate such depositions with the witness and the defendants in such Avoidance Actions to maximize efficiency and minimize the use of resources to the extent reasonably practicable. The Parties will confer in good faith and provide notice of such depositions under the Federal Rules, including the date, time, and location of any such depositions, to all relevant parties. The Parties recognize that in a coordinated deposition, the limitations set forth in Federal Rule 30(d)(1) may not be practicable. In such an instance, the witness and the parties will meet and confer to determine appropriate procedures for the deposition. Such depositions will not prejudice or preclude any Party from additional depositions of such witness in Avoidance Actions in which initial disclosures have not been made and discovery is not open.

(iv)    The Parties agree that they will work in good faith to identify the requisite number of each Party's deponents and depositions. If any Party believes that additional depositions are needed, the Parties will first confer regarding the additional depositions sought and, thereafter, failing agreement, any Party may apply to the Court for an adjustment to the number of depositions.

(v)    Depositions of Irving H. Picard himself are prohibited absent an order issued by this Court upon a showing of good cause.

3. <u>Expert Discovery Plan</u>. Within 30 days after the Fact Discovery Cut-Off Date, the Parties will meet and confer in good faith on the need for and timing of expert discovery. The parties further agree to submit a proposed Amended Case Management Plan that addresses expert discovery within 30 days after the Fact Discovery Cut-Off Date.

4. <u>Manner of Production of Discovery Materials</u>. The Parties may produce discovery on a CD-ROM, flash drive, portable hard drive, in an electronic data room, or other similar electronic format. Information and documents produced or made available electronically will, to the extent reasonably feasible:

(i) be text searchable;

(ii) be provided together with data and image load files necessary to review the documents on industry standard search platforms (*e.g.*, Summation, Concordance, Relativity) upon request of either Party;

(iii) be provided together with any reasonably accessible and producible system-created or non-privileged captured objective metadata, such as date fields, author fields, custodian fields, path to native file, etc.;

(iv) be organized, such as by date, custodian, or subject matter, or be produced as maintained by the producing party in the ordinary course of business (or, in the case of information obtained by any Party from a third party, as produced by such third party or maintained by such third party in the ordinary course of business);

(v) be provided together with additional reasonably accessible formats of production, metadata, or native documents to the extent such additional materials are reasonably required for review, at the request of any Party.

The Parties will first meet and confer in a good faith attempt to resolve any dispute regarding the manner, process, or format of production of any discovery materials, and absent resolution of any such dispute by agreement will comply with Local Bankruptcy Rule 7007-1 to resolve the dispute.

8

5.  <u>Confidentiality</u>. The Litigation Protective Order (ECF No. 4137) entered in *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Bernard L. Madoff Inv. Sec., LLC)*, Adv. Pro. No. 08-01789, on June 6, 2011, as modified by the Order Modifying the June 6, 2011 Litigation Protective Order (ECF No. 5474), will govern the disclosure of confidential information in this proceeding. For the avoidance of doubt, and in accordance with Paragraphs 9 and 10 of the Court's September 17, 2013 Order Establishing Procedures for Third-Party Data Rooms (entered as ECF Document No. 5475 in Adversary Proceeding No. 08-01789), and Paragraphs H and I of the Court's September 17, 2013 Order Modifying the June 6, 2011 Litigation Protective Order (entered as ECF Document No. 5474 in Adversary Proceeding No. 08-01789) (collectively, the "September 17, 2013 Orders"), any Confidentiality designations made in respect of documents produced by a Party to the Trustee prior to the date of entry of the Litigation Protective Order, which production was made subject to an Individual Confidentiality Standard (as that term is defined in the September 17, 2013 Orders), shall continue to be governed by such Individual Confidentiality Standard. The Trustee maintains the right to seek the de-designation of any materials not appropriately marked as confidential under an Individual Confidentiality Standard.

6.  <u>Proposed Modifications of Standard Pretrial Proceedings Due To The Special Nature Of The Action</u>. The Parties do not believe that any such modifications are yet appropriate or necessary, but will contact the Court if their belief changes.

7.  <u>Prospects For Settlement, Including Whether A Settlement Conference Should Be Scheduled</u>. The Parties believe that it is premature to schedule a settlement conference at this time.

8. <u>Summary Judgment and Trial</u>.  The Parties propose that they will confer with each other and the Court at the conclusion of all discovery to schedule motions for summary judgment and a final pretrial conference and trial date.

Dated: December ___, 2023
     New York, New York

**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
Oren J. Warshavsky
Email: owarshavsky@bakerlaw.com
Geoffrey A. North
Email: gnorth@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Estate of Bernard L. Madoff*

**KATTEN MUCHIN ROSENMAN LLP**
575 Madison Avenue
New York, New York 10022
Telephone: (212) 940-8800
Facsimile: (212) 940-8774
Anthony Paccione
Email: anthony.paccione@kattenlaw.com

*Attorneys for Defendants Access International Advisors LLC, Access International Advisors Ltd., Access Management Luxembourg SA, Access Partners SA, Patrick Littaye, Claudine Magon de la Villehuchet, and Groupement Financier Ltd.*

**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue
New York, New York 10166
Telephone: (212) 351-4000
Marshall R. King
Email: mking@gibsondunn.com
Gabriel Herrmann
Email: gherrmann@gibsondunn.com

*Attorneys for Defendants UBS AG, UBS Europe SE(f/k/a UBS (Luxembourg) S.A.), UBS Fund Services (Luxembourg) S.A., UBS Third Party Management Company S.A.*

**SHER TREMONTE LLP**
80 Broad Street, Suite 1301
New York, New York 10004
Telephone: (212) 202-2638
Facsimile: (212) 202-4156
Robert Knuts
Email: rknuts@shertremonte.com

*Attorneys for Defendant Theodore Dumbauld*

**PORZIO BROMBERG & NEWMAN P.C.**
1675 Broadway, Suite 1810

10

New York, New York 10019
Telephone: (212) 265-6888
Facsimile: (212) 957-3983
Brett S. Moore
Email: bsmoore@pbnlaw.com

*Attorneys for Defendant Luxalpha SICAV as represented by its Liquidators Maître Alain Rukavina and Paul Laplume, Maître Alain Rukavina and Paul Laplume, in their capacities as liquidators and representatives of Luxalpha SICAV*

**SO ORDERED.**