**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (CGM) |
| Plaintiff-Applicant, v. | SIPA Liquidation |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | (Substantively Consolidated) |
| Defendant. | |
| In re: BERNARD L. MADOFF, Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff, | Adv. Pro. No. 23-01098 (CGM) |
| Plaintiff, v. | |
| MARTIN SAGE and SYBIL SAGE, | **JURY TRIAL DEMANDED** |
| Defendants. | |

## ANSWER

Defendants Martin Sage and Sybil Sage submit this Answer to the Plaintiff's enumerated allegations in his Complaint as set out below. Any allegation in the Complaint not specifically admitted is denied.

## NATURE OF PROCEEDINGS

1. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1. To the extent a response is required to the factual allegations contained in paragraph 1 Defendants deny each and every allegation contained therein.

2. Defendants deny that they were beneficiaries of a Ponzi scheme, that they received fictitious profits, or that they received stolen customer property. Defendants assert that the term "fictitious profits" as used in the complaint is vague, incomplete, contained in no statute and is without accepted meaning. For all purposes in this Answer, Defendants understand the term to mean amounts which the Trustee seeks to recover. Defendant Martin Sage invested through various partnership accounts that were themselves victims of a Ponzi scheme. Defendant Martin Sage acted in good faith at all times in this matter, and all payments made to Defendant Martin Sage were lawfully due to him at the time of each payment by the partnership that paid him. Defendant Sybil Sage was not a participant in any of the alleged the partnership investments, received no payment or transfer from any person related to this matter, and has no knowledge or information as to what Defendant Martin Sage received at any time. Further, Defendant Sybil Sage is without knowledge or information about any of the allegations in Paragraph 2, and for that reason denies each and every factual allegation contained therein.

3. Defendants state that the allegations of paragraph 3 are legal conclusions or arguments as to which no response is required. To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 3 and on that basis deny each and every allegation contained therein.

## JURISDICTION AND VENUE

4. Defendants state that the allegations of paragraph 4 are legal conclusions or arguments as to which no response is required. To the extent a response is required, Defendants deny that this Court has jurisdiction to fully adjudicate this proceeding.

5. Defendants state that the allegations of paragraph 5 are legal conclusions or arguments as to which no response is required. To the extent a response is required, Defendants

deny each and every allegation contained in paragraph 5. Defendants assert that the Court lacks Constitutional authority to finally adjudicate the claims in this matter against them, and to the extent required do not consent to this Court exercising jurisdiction over them.

6.  Defendants admit that venue is proper under 28 U.S.C. § 1409(a).

## DEFENDANTS

7.  Defendants admit that they live in New York City. Defendants further admit that they are married to each other. Defendant Martin Sage admits that he held interests in Sage Associates and Sage Realty, which had accounts at BLMIS. Defendant Sybil Sage has no knowledge or information about Martin Sage's interests in the Sage Associates or Sage Realty accounts and to the extent required therefore denies the remaining factual allegations in Paragraph 7.

## BACKGROUND, THE TRUSTEE AND STANDING

8.  Defendants deny knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 8 of the Complaint, and refer the Court to the filings, orders, and proceedings in the District Court and in the criminal action against Bernard L. Madoff.

9.  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint, and further assert that the filings, orders, and proceedings in the District Court are legal documents to which no response is required.

10. The "order" referenced in paragraph 10 is a legal document to which no response is required.

3

11. The orders referenced in Paragraph 11 are legal documents to which no response is required.

12. Defendants state that the filings, orders, and proceedings in the Bankruptcy Court referenced in paragraph 12 of the Complaint, are legal documents to which no response is required. To the extent that such orders are applicable to this proceeding, the Defendants were not party to those proceedings and no orders entered in such proceedings are binding on them.

13. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint, and further assert that the filings, orders, and proceedings in District Court criminal proceedings are legal conclusions to which no response is required. As Defendants were not parties to those criminal proceedings, no orders entered in such proceedings are binding on them.

14. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint, and further assert that the filings, orders, and proceedings in District Court criminal proceedings are legal conclusions to which no response is required. As Defendants were not parties to those criminal proceedings, no orders entered in such proceedings are binding on them.

15. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint, and further assert that the filings, orders, and proceedings in District Court criminal proceedings are legal conclusions to which no response is required. As Defendants were not parties to those criminal proceedings, no orders entered in such proceedings are binding on them.

16. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint, and further assert that the

4

filings, orders, and proceedings in various District Court criminal proceedings are legal conclusions to which no response is required. As Defendants were not parties to those criminal proceedings, no orders entered in such proceedings are binding on them.

17. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 that the Trustee is using his authority under SIPA and the Bankruptcy Code to recover certain alleged transfers. As to all other allegations contained in paragraph 17 of the Complaint, Defendants state that those allegations are legal conclusions or arguments as to which no response is required and, to the extent a response is required, Defendants deny those allegations.

18. Defendants state that the allegations of paragraph 18 are legal conclusions or arguments as to which no response is required. To the extent a response is required, Defendants deny the allegations.

19. Defendants state that the allegations of paragraph 19 are legal conclusions or arguments as to which no response is required. To the extent a response is required, Defendants deny the allegations.

### I. BLMIS, THE PONZI SCHEME, AND MADOFF'S INVESTMENT STRATEGY

#### A.   BLMIS

20. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint, and further assert that the alleged SEC filings, orders, and proceedings are legal documents to which no response is required.

21. The allegations of paragraph 21 are legal conclusions or arguments as to which no response is required. To the extent a response is required, Defendants deny the allegations.

5

22. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22.

23. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23.

24. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24.

25. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25.

**B.** **The Ponzi Scheme**

26. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26.

27. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27.

28. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28.

29. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29.

**1.** Madoff's Investment Strategy

30. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30.

31. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31.

32. Defendants lack knowledge or information sufficient to form a belief as to the

6

truth of the allegations of Paragraph 32.

33. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33.

34. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34.

35. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35.

36. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 36.

37. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 37.

38. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38.

39. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39.

40. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 40.

41. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 41.

42. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 42.

**2.    BLMIS's Fee Structure**

43. Defendants lack knowledge or information sufficient to form a belief as to the

7

truth of the allegations of Paragraph 43.

### 3. BLMIS's Market Timing

44. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 44.

45. The allegations of the first sentence of paragraph 45 are legal conclusions or arguments as to which no response is required. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 45.

46. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 46.

### 4. BLMIS Execution

47. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 47.

### 5. No Evidence of BLMIS Trading

48. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 48.

49. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 49.

50. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 50.

51. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Complaint, and further assert that the actions in various District Court criminal proceedings are legal conclusions to which no response is required. As Defendants were not parties to those criminal proceedings, no orders entered in

such proceedings are binding on them.

52.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Complaint.

## THE PRIOR AVOIDANCE ACTIONS

53.     Defendant Martin Sage admits the allegations in paragraph 53. Defendant Sybil Sage denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 and further asserts that the allegations and conclusions in a prior bankruptcy court proceeding to which she was not a party have no bearing on her.

54.     As to Defendant Martin Sage, the allegations in the complaint filed in *Picard v. Sage Associates*, Adv. Pro. No. 10-04362, to the extent that a court has finally adjudicated certain facts as alleged in paragraph 54 and as alleged in Exhibit B attached to the Complaint in a proceeding to which he was a party, he admits he is bound by such findings of fact. To the extent that a court did not finally adjudicate such factual allegations in such a proceeding, Defendant Martin Sage denies them. Defendant Sybil Sage denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 and further asserts that the allegations and conclusions in a prior bankruptcy court proceeding to which she was not a party have no bearing on her.

55.     As to Defendant Martin Sage, the allegations in the complaint filed in *Picard v. Sage Realty*, Adv. Pro. No. 10-04400, to the extent that a court finally adjudicated certain facts as alleged in paragraph 55 and in Exhibit B attached to the Complaint in a proceeding to which he was a party, he admits he is bound by such findings of fact. To the extent that a court did not finally adjudicate such factual allegations in such a proceeding, Defendant Martin Sage denies them. Defendant Sybil Sage denies knowledge or information sufficient to form a belief as to the

9

truth of the allegations contained in paragraph 55 and further asserts that the allegations and conclusions in a prior bankruptcy court proceeding to which she was not a party have no bearing on her.

56. The course of proceedings in *Picard v. Sage Associates*, Adv. Pro. No. 10-04362, and in *Picard v. Sage Realty*, Adv. Pro. No. 10-04400, are a matter of public record. Defendant Martin Sage, who was a party to such proceedings, admits the allegations in paragraph 56 to the extent the allegations are consistent with the course of proceedings in those cases. Defendant Sybil Sage denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 and further asserts that the allegations and conclusions in a prior court proceeding to which she was not a party have no bearing on her.

57. The course of proceedings in *Picard v. Sage Associates*, Adv. Pro. No. 10-04362, and in *Picard v. Sage Realty*, Adv. Pro. No. 10-04400, are a matter of public record. As to Defendant Martin Sage, to the extent that a court finally adjudicated certain facts as alleged in paragraph 57 in a proceeding to which he was a party, he admits he is bound by such findings of fact. To the extent that a court did not finally adjudicate such factual allegations in such a proceeding, Defendant Martin Sage denies them. Defendant Sybil Sage denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 and further asserts that the allegations and conclusions in a prior court proceeding to which she was not a party have no bearing on her.

**THE SUBSEQUENT TRANSFERS TO THE SAGES**

58. Defendant Martin Sage admits the allegations in paragraph 58. Defendant Sybil Sage received no payment or transfer from Sage Associates or any other person related to this matter and has no knowledge or information as to what Defendant Martin Sage received at any

10

Pg 11 of 14

time. Defendant Sybil Sage denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58.

59. Defendant Martin Sage admits that he caused the alleged payments from Sage Associates to be deposited into accounts at JP Morgan Chase. Martin Sage denies that he caused to have deposited payments from Sage Associates into any bank account at Citibank. Defendant Sybil Sage received no payment or transfer from Sage Associates, or any other person related to this matter and has no knowledge or information as to what Defendant Martin Sage received at any time. Defendant Sybil Sage denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59.

60. Defendant Martin Sage admits that he caused to have deposited a payment he received from Sage Realty on or after December 13, 2006, in the amount of $30,000 into an account at JP Morgan Chase. Defendant Sybil Sage received no payment or transfer from Sage Realty or any other person related to this matter and has no knowledge or information as to what Defendant Martin Sage received at any time. Defendant Sybil Sage denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60.

61. Defendant Martin Sage admits that he caused to have deposited the alleged $30,000 payment from Sage Realty into a bank account at JP Morgan Chase. Martin Sage denies that he caused to have deposited the $30,000 payment from Sage Realty into any bank account at Citibank. Defendant Sybil Sage received no payment or transfer from Sage Realty or any other person related to this matter and has no knowledge or information as to what Defendant Martin Sage received at any time. Defendant Sybil Sage denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61.

62. Defendants have no knowledge or information of the Trustee's future intentions

upon future discovery. For these reasons, to the extent there are factual allegations encompassed in paragraph 62, the Defendants deny the allegations.

## COUNT ONE

### RECOVERY OF SUBSEQUENT TRANSFERS
### 11 U.S.C. §§ 105(a) AND 550(a)

63. Defendants incorporate by reference their answers to the allegations in paragraphs 1 to 62 of the Complaint.

64. Defendant Martin Sage admits that he is the subject of judgments dated April 20, 2022, entered by a district court in prior adversary proceedings making him jointly and severally liable for certain avoided transfers to Sage Associates and Sage Realty. The other allegations in paragraph 64 are legal conclusions as to which no response is required. Defendant Sybil Sage knows of the judgments entered against Martin Sage, but as she was not a party to the prior proceedings, to the extent that a response is required, she denies the allegations in Paragraph 64.

65. Defendants deny that any subsequent transfers as alleged in this complaint are recoverable from either of them.

66. Defendants deny that any subsequent transfers as alleged in this complaint are recoverable from either of them and this Court should deny any other form of relief.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. The Trustee's claims are barred in whole or in part by the applicable statute of limitations.

3. The Trustee's claims are barred by estoppel, waiver, or laches.

4. The Trustee's claims are barred by the doctrine of *in pari delicto* and other related equitable defenses.

5. Defendant Martin Sage, to the extent that he received any subsequent transfer, at no time relinquished exclusive control over the funds received. He deposited any funds in accounts at JP Morgan Chase over which he asserted exclusive control. All funds deposited were thereafter used by Martin Sage to discharge a lawful debt incurred by Martin Sage.

6. Defendant Martin Sage, to the extent that he received any subsequent transfer, asserts the defense available under Section 550(b)(1) of the Bankruptcy Code. Defendant Martin Sage gave value to Sage Associates and Sage Realty, in that he received a distribution to which he was contractually entitled to receive from the respective transferors at the time received, in good faith, and without knowledge of the avoidability of the initial transfers.

7. Defendant Martin Sage, to the extent that he received any subsequent transfer, asserts the defense available under Section 550(d) of the Bankruptcy Code. Martin Sage is already liable for the full amount of the alleged initial transfers by orders in prior court judgments dated April 20, 2022. Any amount recovered in this action, therefore, would be duplicative of amounts to which Martin Sage is already liable under prior orders of the district court.

8. Defendant Sybil Sage received no subsequent transfer as alleged in this Complaint because she did not exercise dominion or control over the bank accounts into which the alleged transfers were deposited. Defendant Sybil Sage took no action to withdraw any funds from the bank accounts into which they had been deposited. Defendant Martin Sage in fact controlled the bank accounts for all purposes at all times relevant to the existence of the accounts and any funds deposited into the bank accounts were utilized by Defendant Martin Sage to satisfy a lawful debt owed by Defendant Martin Sage.

9. Defendant Sybil Sage, to the extent that she is determined to have received any portion of any subsequent transfer as alleged in this Complaint, is not liable for recovery of such subsequent transfer because Sybil Sage asserts the defense available to her under Section 550(b)(2) of the Bankruptcy Code. To the extent that Defendant Martin Sage transferred any amounts he received from Sage Associates and Sage Realty to Defendant Sybil Sage, she is a good faith transferee of such subsequent transferee.

## JURY TRIAL

Pursuant to the Seventh Amendment of the Constitution, Defendants hereby demand a jury trial on all issues.

## PRAYER FOR RELIEF

For the foregoing reasons, Defendants ask the Court to dismiss the claims against them and grant the Defendants any other appropriate form of relief.

Washington, DC
November 3, 2023

Respectfully submitted,

By: /s/ Richard A. Kirby

R|K INVEST LAW, PBC
Richard A. Kirby
Beth-ann Roth
1725 I Street, N.W., Suite 300
Washington, D.C. 20006
kirby@investlaw.net
202-236-2854

Attorneys for Defendants