**FOLEY HOAG LLP**
1301 Avenue of the Americas
New York, New York 10019
Telephone: (212) 812-0400
Facsimile: (212) 812-0399
Daniel Schimmel
Shrutih Tewarie
James S. Fullmer (admitted *pro hac vice*)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>    Plaintiff-Applicant,<br> v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>    Defendant. | Adv. Pro. No. 08-01789 (CGM)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>    Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff,<br><br>    Plaintiff,<br> v.<br><br>CACEIS BANK LUXEMBOURG and CACEIS BANK,<br><br>    Defendants. | Adv. Pro. No. 11-02758 (CGM) |

**REPLY IN SUPPORT OF CACEIS BANK'S AND**
**CACEIS BANK LUXEMBOURG'S MOTION TO DISMISS**

i

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ................................................................................................................. iii

**ARGUMENT** ............................................................................................................................................. 1

    I.      The CACEIS Entities are mere conduits, not transferees. ............................................... 1

          A.      The Trustee has not met his burden of pleading that the CACEIS Entities are an immediate or mediate transferee. .................................................................. 1

          B.      To the extent the "mere conduit" question is an affirmative defense, it is appropriate to address at the pleading stage. ............................................................ 3

    II.     To the extent the conduit question cannot be resolved on this motion to dismiss, it should be resolved through an appropriate protocol. ............................................................ 4

    III.    The Trustee has not met his burden of alleging a connection between initial transfers from BLMIS and alleged subsequent transfers to the CACEIS Entities. ........................... 5

    IV.    That the CACEIS Entities received the alleged subsequent transfers in good faith and for value is apparent on the face of the Amended Complaint. ............................................. 7

    V.     The safe harbor defense of Section 546(e) applies because actual knowledge of the initial transferees has not been sufficiently alleged. ........................................................... 8

**CONCLUSION** ........................................................................................................................................ 9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)...........................................................................................................1

*Barmapov v. Amuial*,
  No. 9:18-CV-80390-WPD, 2019 U.S. Dist. LEXIS 88997 (S.D. Fla. May 23,
  2019) .............................................................................................................................8

*Carson v. Fed. Resv. Bank*,
  254 N.Y. 218, 172 N.E. 475 (1930)..................................................................................3

*Christy v. Alexander & Alexander of N.Y. Inc. (In re Finley, Kumble, Wagner,
  Heine, Underberg, Manley, Myerson and Casey)*,
  130 F.3d 52 (2d Cir. 1997)...........................................................................................1, 3

*Fairfield Sentry Ltd. v. Theodoor GGC Amsterdam*,
  No. 10-03496-brl (Bankr. S.D.N.Y. July 19, 2012).........................................................5

*Jones v. S. Wings Five LLC*,
  No. 7:13-CV-2310-RDP, 2014 U.S. Dist. LEXIS 195452 (N.D. Ala. June 16,
  2014) .............................................................................................................................8

*Kirschner v. Fitzsimons (In re Tribune Co. Fraudulent Conveyance Litig.)*,
  No. 12-cv-02652 (S.D.N.Y. Apr. 24, 2014) ....................................................................4

*Levitch v. Columbia Broad. Sys., Inc.*,
  94 F.R.D. 292 (S.D.N.Y. 1982) ......................................................................................8

*Opioid Master Disbursement Tr. v. Argos Capital Appreciation Master Fund LP*,
  No. 22-50435 (JTD) (Bankr. D. Del. May 15, 2023) ......................................................4

*Orion Healthcorp, Inc. v. Capita IRG Trs. (Nominees) Ltd.*,
  No. 18-08048 (AST) (Bankr. E.D.N.Y. Aug. 24, 2018)..................................................4

*Pani v. Empire Blue Cross Blue Shield*,
  152 F.3d 67 (2d Cir. 1998)..............................................................................................3

*Picard v. ABN Amro N.A. (In re BLMIS)*,
  No. 08-01789 (SMB), 2020 Bankr. LEXIS 913 (Bankr. S.D.N.Y. Mar. 31,
  2020) .............................................................................................................................7

*Picard v. BNP Paribas S.A. (In re BLMIS)*,
  594 B.R. 167 (Bankr. S.D.N.Y. 2018)..............................................................................5

*Picard v. Citibank N.A. (In re Bernard L. Madoff Inv. Secs. LLC)*,
    12 F.4th 171 (2d Cir. 2021) ................................................................................7, 8

*Picard v. The Gerald & Barbara Keller Family Trust (In re BLMIS)*,
    634 B.R. 39 (Bankr. S.D.N.Y. 2021) ..................................................................2, 3

*Picard v. Merkin (In re BLMIS)*,
    515 B.R. 117 (Bankr. S.D.N.Y. 2014) .....................................................................5

*Picard v. Shapiro*,
    542 B.R. 100 (Bankr. S.D.N.Y. 2015) .....................................................................6

*Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*,
    No. 12-01697, 2023 Bankr. LEXIS 1526 (Bankr. S.D.N.Y. June 12, 2023) ............3

*Sec. Inv. Prot. Corp. v. Stratton Oakmont, Inc.*,
    234 B.R. 293 (Bankr. S.D.N.Y. 1999) .....................................................................3

*Silverman v. K.E.R.U. Realty Corp. (In re Allou Distribs., Inc.)*,
    379 B.R. 5 (Bankr. E.D.N.Y. 2007) .........................................................................5

*Weisfelner v. CIBC World Markets (In re Lyondell Chem. Co.)*,
    No. 10-04609 (Bankr. S.D.N.Y. Dec. 4, 2014) ........................................................4

**Statutes**

11 U.S.C. § 550(a) ...........................................................................................................1

**Rules**

Fed. R. Civ. P. 8(a) ..........................................................................................................9

Fed. R. Civ. P. 10(c) ......................................................................................................8, 9

**Other Authorities**

2A Moore's, Federal Practice P 10.05 (1981) .................................................................8

Defendants CACEIS Bank and CACEIS Bank, Luxembourg Branch (the "CACEIS Entities") submit this reply brief in further support of their motion to dismiss the Amended Complaint.

**ARGUMENT**

I. The CACEIS Entities are mere conduits, not transferees.

   A. The Trustee has not met his burden of pleading that the CACEIS Entities are an immediate or mediate transferee.

Section 550(a) of the Bankruptcy Code provides that the Trustee may only recover an avoidable transfer from an initial transferee or "any immediate or mediate transferee of such initial transferee." 11 U.S.C. § 550(a). As the Second Circuit has held, a recipient of funds that "has no discretion or authority to do anything else but transmit the money"—a "mere conduit"—is not a transferee. *Christy v. Alexander & Alexander of N.Y. Inc. (In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson and Casey)*, 130 F.3d 52, 58-59 (2d Cir. 1997).[1]

The Trustee tries to circumvent his pleading burden by saying that the CACEIS Entities have only made a "conclusory assertion that they were acting on behalf of unidentified third parties in some unspecified manner." Opp. at 19. But it is not the CACEIS Entities' burden to provide more than "conclusory" assertions in their motion; it is the Trustee's burden to provide more than "conclusory" assertions in the Amended Complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). And specifically, when it comes to whether the CACEIS Entities are transferees—an essential element of the Trustee's claim—he must make well-pleaded allegations, plausible and not just conceivable, that they are transferees.

---

[1] In *Finley*, the Second Circuit specifically addressed the question of whether a mere conduit could be an initial transferee under Section 550(a), but the analysis is equally applicable to a subsequent transferee.

1

This the Amended Complaint does not do. Instead, the Amended Complaint concedes that the CACEIS Entities hold themselves out as custodian banks. Am. Compl. ¶ 54. Even though the Trustee also makes a general allegation that the CACEIS Entities also provide other services, there is no plausible well-pled allegation that the CACEIS Entities acted in any other capacity than as custodian banks (and thus, as mere conduits) in connection with the transactions at issue here. Nor, indeed, do any of the other services that the Trustee cites (such as "depository/trustee and custody," "custody and cash," fund administration and trust services) plausibly suggest that the CACEIS Entities were more than mere conduits. The Trustee, in his Opposition, relies heavily on the allegations in the Amended Complaint that the CACEIS Entities redeemed equity interests in the Feeder Funds. Opp. at 19. But there are no well-pled allegations that the CACEIS Entities did so on their own behalf or that they held dominion or control over these equity interests.

Under this Court's prior analysis in *Keller*, this is dispositive. *See Picard v. The Gerald & Barbara Keller Family Trust (In re BLMIS)*, 634 B.R. 39, 49–50 (Bankr. S.D.N.Y. 2021) (Morris, J.). In *Keller*, this Court found that to qualify as a transferee, a party must have "dominion over the money or other asset, the right to put the money to one's own purpose." 634 B.R. at 49-50. The Trustee's only answer to this is to say that the CACEIS Entities "misstate[d]" *Keller*, without identifying any misstatements or providing any further argument as to why *Keller* does not apply. If anything, the *Keller* decision shows in vivid terms just how far short the Trustee's allegations fall. *See Keller*, 634 B.R. at 50 (describing a transferee as one who has dominion and control "to the extent that he or she may dispose of it as he or she pleases, such as

2

investing the whole amount in lottery tickets or uranium stocks" (quoting *Sec. Inv. Prot. Corp. v. Stratton Oakmont, Inc.*, 234 B.R. 293, 313 (Bankr. S.D.N.Y. 1999))).[2]

      B.    <u>To the extent the "mere conduit" question is an affirmative defense, it is appropriate to address at the pleading stage.</u>

Even though *Finley* holds that an entity's "mere conduit" status bears on whether it is a transferee in the first place, the CACEIS Entities acknowledge that in other adversary proceedings, this Court has found that the "mere conduit" question is an affirmative defense. *See, e.g.*, *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, No. 12-01697, 2023 Bankr. LEXIS 1526, at *25 (Bankr. S.D.N.Y. June 12, 2023).

To the extent the question of conduit status is an affirmative defense, in this matter it is appropriate to resolve the issue at the motion to dismiss stage. Here, the defense appears on the face of the Amended Complaint, which acknowledges that the CACEIS Entities have been holding themselves out as custodian banks. Am. Compl. ¶ 54. Although there are general references to other services that the CACEIS Entities also provide, the Trustee does not plausibly allege that the CACEIS Entities acted as anything other than custodian banks with respect to the transactions at issue here. As the Trustee obliquely acknowledges, *see* Opp. at 20, an affirmative defense may serve as the basis for dismissal at the motion to dismiss stage "if the defense appears on the face of the complaint." *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 74 (2d Cir. 1998).

A custodian bank is a mere conduit. *In re Finley*, 130 F.3d at 58; *see also Carson v. Fed. Resv. Bank*, 254 N.Y. 218, 236, 172 N.E. 475 (1930) (Cardozo, C.J.) ("The person to be charged

---

[2] As with *Finley*, the transferees in *Keller* happened to be initial transferees rather than subsequent transferees, but there is no reason the analysis would not apply with equal force to subsequent transferees.

with liability, if he has parted before the bankruptcy with title and possession, must have been more than a mere custodian, an intermediary or conduit between the bankrupt and the creditor."). The Trustee does not dispute that a custodian bank is a mere conduit. Opp. at 19-21. Since the CACEIS Entities' defense that they are custodian banks appears on the face of the Amended Complaint, it is appropriate to consider this topic at the motion to dismiss stage even if the conduit issue is conceptualized as an affirmative defense.

II.     To the extent the conduit question cannot be resolved on this motion to dismiss, it should be resolved through an appropriate protocol.

Should the Court decline to dismiss the Amended Complaint and postpone the resolution of the CACEIS Entities' conduit status, it would serve the interests of judicial and litigant economy for the conduit issue to be decided promptly via a conduit protocol that sets forth summary procedures for the CACEIS Entities to demonstrate their conduit status. Conduit protocols are a practical solution in cases like these and have been entered by courts in this district and others. *See Kirschner v. Fitzsimons (In re Tribune Co. Fraudulent Conveyance Litig.)*, No. 12-cv-02652 (S.D.N.Y. Apr. 24, 2014) (Sullivan, J.), ECF No. 4239; *Weisfelner v. CIBC World Markets (In re Lyondell Chem. Co.)*, No. 10-04609 (Bankr. S.D.N.Y. Dec. 4, 2014), ECF No. 2124; *see also Opioid Master Disbursement Tr. v. Argos Capital Appreciation Master Fund LP*, No. 22-50435 (JTD) (Bankr. D. Del. May 15, 2023), ECF No. 185; *Orion Healthcorp, Inc. v. Capita IRG Trs. (Nominees) Ltd.*, No. 18-08048 (AST) (Bankr. E.D.N.Y. Aug. 24, 2018), ECF No. 61.

While the Trustee is correct that such protocols are regularly created through collaborative negotiations by the parties, this hardly justifies his opposition to one. Instead, it underscores that his refusal to consider one is out of step with numerous other litigants, including trustees, who recognize the value of a conduit protocol in preserving judicial resources and costs.

4

And indeed, the Trustee cites no basis for his opposition other than, circularly, the fact that he opposes it. Opp. at 21-22.

A conduit protocol is an effective and efficient process that would conserve judicial and litigant resources. It is especially appropriate here, when the CACEIS Entities are foreign defendants, subject to legally-mandated procedures that must be complied with in the process of producing discoverable information. The protocol could be designed to ensure that relevant information be promptly provided while respecting the "strong and undeniable interest of many nations in enforcing their bank secrecy laws." *See* Bench Ruling at 2, *Fairfield Sentry Ltd. v. Theodoor GGC Amsterdam*, No. 10-03496-brl (Bankr. S.D.N.Y. July 19, 2012) (Lifland, J.), ECF No. 799-1.

III.   **The Trustee has not met his burden of alleging a connection between initial transfers from BLMIS and alleged subsequent transfers to the CACEIS Entities.**

As the Trustee acknowledges, to survive a motion to dismiss on a subsequent transfer claim, the Trustee must allege well-pleaded, plausible facts showing that "the initial transfer is avoidable and the defendant is a subsequent transferee of that initial transfer, that is, that the funds at issue originated with the debtor." *Picard v. BNP Paribas S.A. (In re BLMIS)*, 594 B.R. 167, 195 (Bankr. S.D.N.Y. 2018). The case law breaks out the "subsequent transferee" element into two distinct pieces, a distinction that the Trustee attempts to minimize. First, the Trustee must allege the "vital statistics" as to "who, when, and how much" of the purported subsequent transfers. *See Picard v. Merkin (In re BLMIS)*, 515 B.R. 117, 150 (Bankr. S.D.N.Y. 2014) (quoting *Silverman v. K.E.R.U. Realty Corp. (In re Allou Distribs., Inc.)*, 379 B.R. 5, 30 (Bankr. E.D.N.Y. 2007)). The CACEIS Entities do not dispute that the Amended Complaint contains allegations relating to the timing and amount of alleged subsequent transfers.

5

But this is not enough. As set forth in *Picard v. Shapiro*, 542 B.R. 100 (Bankr. S.D.N.Y. 2015), the Trustee must also "tie an[] initial transfer to a[] subsequent transfer or Subsequent Transferee." *Id.* at 119. It is not enough to make "barebones allegations that the funds at issue were transferred to the Subsequent Transferees." *Id.* Thus, the Trustee must not simply allege the "vital statistics" of the subsequent transfers; he must ***also*** plausibly tie those transfers to initial transfers. His attempt in the Opposition to characterize *Shapiro* as being merely about the level of detail (or lack thereof) in that case, Opp. at 15, elides the distinction between these two requirements. As the Court in *Shapiro* made clear, simply listing a number of initial transfers from *a* to *b*, and then a number of subsequent transfers from *b* to *c*—no matter how detailed—is not enough to nudge a claim from conceivable to probable without allegations tying the initial transfers to the subsequent transfers. And the Trustee has no such allegations. All he has are (1) an alleged "investment relationship" between the Feeder Funds and the CACEIS Entities, and (2) the allegation that the Feeder Funds invested "substantially all" of their funds with BLMIS. As to the first, it is tautological to allege that there is a financial relationship between a transferor and an alleged transferee, and this adds nothing to the allegations that subsequent transfers occurred in the first place. As to the second, as the CACEIS Entities demonstrated in their opening brief, the Trustee is seeking across all the BLMIS actions more in alleged subsequent transfers *from* Fairfield Sentry than BLMIS initially transferred *to* Fairfield Sentry, making his allegations mathematically implausible. Mot. at 15. Neither of these rises above mere "barebones allegations that the funds at issue were transferred to the Subsequent Transferees," and the Trustee has failed to allege a sufficient subsequent transfer claim. *Shapiro*, 542 B.R. at 119.

6

IV.     <u>That the CACEIS Entities received the alleged subsequent transfers in good faith and for value is apparent on the face of the Amended Complaint.</u>

The Trustee argues that the CACEIS Entities' defense that they received funds in good faith and for value is a fact-driven affirmative defense not appropriate for resolution on a motion to dismiss.

Here, however, the face of the Amended Complaint demonstrates that the alleged subsequent transfers were for value, because the Trustee alleges that these transfers were redemptions of equity interests. *Picard v. ABN Amro N.A. (In re BLMIS)*, No. 08-01789 (SMB), 2020 Bankr. LEXIS 913, at \*25 (Bankr. S.D.N.Y. Mar. 31, 2020) ("Surrendering equity interests constitutes value for purposes of section 550(b) because it is consideration sufficient to support a simple contract.").

Similarly, facts demonstrating the CACEIS Entities' good faith are apparent from the Amended Complaint and from public documents susceptible of judicial notice. The Trustee fails to engage with the relevant Second Circuit authority, *Picard v. Citibank N.A. (In re Bernard L. Madoff Inv. Secs. LLC)*, 12 F.4th 171 (2d Cir. 2021), except to cite it for the proposition that it is the CACEIS Entities' burden to show the applicability of an affirmative defense. Opp. at 18. The CACEIS Entities do not dispute that burden. What the Trustee does not do is grapple with the *Citibank* standard itself. As the CACEIS Entities explained in their opening brief, the affirmative defense of good faith does apply here because the facts that the CACEIS Entities allegedly knew (i.e., that BLMIS existed and that it brought with it the same risks as any other money manager) did not put them on inquiry notice of BLMIS's fraud, and diligent inquiry would not have discovered BLMIS's fraud. Mot. at 16-17. All the Trustee can muster in refutation is his conjecture that the CACEIS Entities "likely had more information" about BLMIS than the SEC, despite the fact that (1) the Amended Complaint only alleges that the

7

CACEIS Entities received boilerplate information relating to general financial risks and (2) public documents susceptible of judicial notice indicate that the SEC conducted five investigations of BLMIS without uncovering evidence of BLMIS's fraud. Under *Citibank*'s "reasonable person" standard, the CACEIS Entities' good faith is demonstrable even at the motion to dismiss stage. *Citibank*, 12 F.4th at 191.

V.  <u>The safe harbor defense of Section 546(e) applies because actual knowledge of the initial transferees has not been sufficiently alleged.</u>

The Trustee's arguments about whether the knowledge of the CACEIS Entities is relevant to the safe harbor defense are beside the point. The defense applies here for a straightforward reason: The Amended Complaint does not sufficiently allege actual knowledge on the part of Fairfield Sentry or Harley. In the case of Fairfield Sentry, the Amended Complaint only makes one conclusory allegation that Fairfield Sentry had actual or constructive knowledge of the BLMIS fraud. Am. Compl. ¶ 98. In the case of Harley, there is no such allegation at all.

The incorporation by reference of the entire Fairfield Sentry and Harley complaints does not substitute for well-pleaded allegations as to the initial transferee's actual knowledge. *See Levitch v. Columbia Broad. Sys., Inc.,* 94 F.R.D. 292, 294 (S.D.N.Y. 1982), *aff'd*, 697 F.2d 495 (2d Cir. 1983) (citing Fed. R. Civ. P. 10(c); 2A Moore's, Federal Practice P 10.05 (1981)) ("[W]hen a pleading incorporates other documents it must be clear which statements are to be incorporated from the other documents."). Nor does the Trustee's identification of the 256 paragraphs he particularly finds relevant in the Fairfield Sentry complaint, Am. Compl. ¶ 98, suffice to make clear which statements are relevant. *See, e.g.*, *Barmapov v. Amuial*, No. 9:18-CV-80390-WPD, 2019 U.S. Dist. LEXIS 88997, at *8 (S.D. Fla. May 23, 2019) (noting that incorporating by reference hundreds of paragraphs even from the *same* complaint into legal claims was insufficient to adequately plead claim); *Jones v. S. Wings Five LLC*, No. 7:13-CV-

8

2310-RDP, 2014 U.S. Dist. LEXIS 195452, at *4 (N.D. Ala. June 16, 2014) (same).  Neither this Court nor the CACEIS Entities should have to wade through this set of paragraphs in lieu of the Trustee's meeting his obligation to plead a "short and plain" statement of facts.  *See* Fed. R. Civ. P. 8(a); Fed. R. Civ. P. 10(c).

## CONCLUSION

For all the foregoing reasons, the motion to dismiss of CACEIS Bank and CACEIS Bank, Luxembourg Branch should be granted.

CACEIS BANK AND CACEIS BANK, LUXEMBOURG BRANCH

By their attorneys,

/s/ *Daniel Schimmel*
Daniel Schimmel
Shrutih Tewarie
James S. Fullmer (admitted *pro hac vice*)
FOLEY HOAG LLP
1301 Avenue of the Americas
New York, NY 10019
(212) 812-0400
dschimmel@foleyhoag.com
stewarie@foleyhoag.com
jfullmer@foleyhoag.com

Dated: December 13, 2023

9

## **CERTIFICATE OF SERVICE**

I, Daniel Schimmel, hereby certify that on December 13, 2023, this document was filed and served on all parties of record through the CM/ECF system.

*/s/ Daniel Schimmel*

FH11718494.5