**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue New York, New York 10166
Tel.: (212) 351-4000
Marshall R. King
Gabriel Herrmann
Keith R. Martorana

*Attorneys for the UBS Defendants*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, <br><br> Plaintiff-Applicant, <br><br> V. <br><br> BERNARD L. MADOFF INVESTMENT SECURITIES LLC, <br><br> Defendant. | No. 08-01789 (CGM) <br><br> SIPA Liquidation <br><br> (Substantively Consolidated) <br><br> Adv. Pro. No. 10-05311 (CGM) |
| In re: <br><br> BERNARD L. MADOFF, <br><br> Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff, <br><br> Plaintiff, <br><br> v. <br><br> UBS EUROPE SE (f/k/a UBS (LUXEMBOURG) S.A.), UBS FUND SERVICES (LUXEMBOURG) S.A., UBS THIRD PARTY MANAGEMENT COMPANY S.A., M&B CAPITAL ADVISERS SOCIEDAD DE VALORES, S.A., RELIANCE INTERNATIONAL RESEARCH LLC, | **ANSWER OF DEFENDANTS UBS EUROPE SE, LUXEMBOURG BRANCH, UBS FUND SERVICES (LUXEMBOURG) SA, AND UBS THIRD PARTY MANAGEMENT COMPANY SA TO PLAINTIFF'S SECOND AMENDED COMPLAINT AND JURY DEMAND** |

LUXEMBOURG INVESTMENT FUND AND
LUXEMBOURG INVESTMENT FUND U.S.
EQUITY PLUS, as represented by their Liquidators
MAÎTRE ALAIN RUKAVINA and PAUL
LAPLUME, MAÎTRE ALAIN RUKAVINA and
PAUL LAPLUME, in their capacities as liquidators
and representatives of LUXEMBOURG
INVESTMENT FUND AND LUXEMBOURG
INVESTMENT FUND U.S. EQUITY PLUS,

          Defendants.

Defendants UBS Europe SE (f/k/a UBS (Luxembourg) SA) ("UBS Lux"), UBS Fund

Services (Luxembourg) SA ("UBS FSL"), and UBS Third Party Management Company SA

("UBS TPM" and, collectively with UBS Lux and UBS FSL, the "UBS Defendants"), by their

undersigned attorneys, hereby answer the Second Amended Complaint (the "Complaint") filed

on February 24, 2023 by Plaintiff Irving H. Picard ("Plaintiff" or the "Trustee"), as trustee for

the liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") and

the substantively consolidated chapter 7 estate of Bernard L. Madoff ("Madoff").[1]  In responding

to the allegations below, the UBS Defendants (i) incorporate into each such response a denial of

all allegations in the Complaint to the extent they assert or suggest that the UBS Defendants are

in any respect liable to Plaintiff for the recovery of any sums identified in the Complaint; and (ii)

deny any averments in any introductory paragraphs, cover pages, headings, subheadings,

footnotes, appendices, tables, and exhibits of the Complaint.  Defendants further respond to the

specific allegations in the Complaint as follows:

1.    The UBS Defendants respectfully refer the Court to the document purportedly

quoted in the first sentence of Paragraph 1 of the Complaint for the complete and accurate

contents of that document, and otherwise lack knowledge or information sufficient to form a

belief as to the truth of the allegations contained in the first sentence of Paragraph 1 of the

Complaint.  As to the remainder of Paragraph 1 of the Complaint, the UBS Defendants admit

that Manuel Echeverría was involved in the setting up of the US Equity Plus sub-fund of

Luxembourg Investment Fund ("LIF-USEP") and that LIF-USEP invested via Bernard L.

Madoff Investment Securities LLC ("BLMIS"), and otherwise lack knowledge or information

sufficient to form a belief as to the truth of the allegations, and on that basis deny the same.

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Complaint.

2.      The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint, and on that basis deny the same.

3.      Insofar as the allegations in Paragraph 3 of the Complaint are directed at the UBS Defendants, the UBS Defendants deny those allegations.  The remainder of the allegations in Paragraph 3 of the Complaint are directed at parties other than the UBS Defendants, and state legal conclusions as to which no responsive pleading by the UBS Defendants is required.  To the extent that any response is required, the UBS Defendants deny the remainder of the allegations in Paragraph 3 of the Complaint.

4.      The UBS Defendants admit that Luxembourg Investment Fund was a UCITS fund and that M&B Capital Advisers Sociedad De Valores, S.A. was appointed by Luxembourg Investment Fund as the distributor of a sub-fund, LIF-USEP, on January 1, 2006.  Otherwise, the UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint, and on that basis deny the same.

5.      The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint, and on that basis deny the same.

6.      The UBS Defendants respectfully refer the Court to the document purportedly quoted in Paragraph 6 of the Complaint for the complete and accurate contents of that document, and otherwise deny the allegations contained in Paragraph 6 of the Complaint.

7.      The UBS Defendants respectfully refer the Court to the document purportedly quoted in Paragraph 7 of the Complaint for the complete and accurate contents of that document, and otherwise deny the allegations contained in Paragraph 7 of the Complaint.

8.      The UBS Defendants deny the allegations contained in Paragraph 8 of the Complaint, except admit that certain of the UBS Defendants at times provided services to LIF-

USEP and that certain UBS employees who sat on LIF-USEP's board also at times served as Luxalpha board members.

9.    The UBS Defendants deny that any person or entity affiliated with the UBS Defendants was aware, prior to December 11, 2008, of any signs of fraud at BLMIS.  The UBS Defendants respectfully refer the Court to the document referenced in Paragraph 9 of the Complaint for the complete and accurate contents of the document, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9 of the Complaint, and on that basis deny the same

10.    The UBS Defendants respectfully refer the Court to the document referenced in Paragraph 10 of the Complaint for the complete and accurate contents of the document, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint, and on that basis deny the same

11.    The UBS Defendants respectfully refer the Court to the document referenced in Paragraph 11 of the Complaint for the complete and accurate contents of the document, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint, and on that basis deny the same.

12.    The UBS Defendants admit that LIF-USEP invested hundreds of millions of dollars via BLMIS, and that LIF-USEP received transfers of approximately $498 million from BLMIS.  The UBS Defendants otherwise deny the allegations contained in Paragraph 12 of the Complaint.

13.    The UBS Defendants admit the allegations in the first and second sentences of Paragraph 13 of the Complaint.  The allegations in the third sentence of Paragraph 13 of the Complaint state conclusions of law as to which no response is required.

14.    The allegations in the first sentence of Paragraph 14 of the Complaint state conclusions of law as to which no response is required.  The UBS Defendants admit that the Trustee has provided the consent described in the second sentence of Paragraph 14 of the Complaint, but the UBS Defendants do not so consent to the entry of final orders or judgment by this Court.

15.    Paragraph 15 of the Complaint states a legal conclusion as to which no responsive pleading is required.

16.    Paragraph 16 of the Complaint states a legal conclusion as to which no responsive pleading is required.  To the extent that any response is required, the UBS Defendants admit that the Trustee invokes the statutes and provisions referenced in Paragraph 16 of the Complaint.

17.    The first and second sentences of Paragraph 17 of the Complaint state legal conclusions as to which no responsive pleading is required.  The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 regarding the purported activities, knowledge, understanding, or beliefs of any parties other than the UBS Defendants, and on that basis deny the same.  The UBS Defendants admit that LIF-USEP held an account with BLMIS, that certain of the UBS Defendants sent agreements to New York, that employees of certain of the UBS Defendants communicated at times with employees of BLMIS in relation to LIF-USEP, and that customer claims were filed in the SIPA Proceeding on behalf of LIF and/or LIF-USEP.  The UBS Defendants otherwise deny the allegations contained in Paragraph 17 of the Complaint.

18.    The UBS Defendants admit that LIF-USEP invested via BLMIS, and otherwise deny the allegations in Paragraph 18 of the Complaint.

19.    The UBS Defendants admit the allegations in Paragraph 19 of the Complaint.

20.     Paragraph 20 of the Complaint states legal conclusions as to which no responsive pleading is required.  To the extent that any response is required, the UBS Defendants respectfully refer the Court to the documents referenced in Paragraph 20 of the Complaint for the complete and accurate contents of those documents, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint, and on that basis deny the same.

21.     Paragraph 21 of the Complaint states legal conclusions as to which no responsive pleading is required.  To the extent that any response is required, the UBS Defendants respectfully refer the Court to the document referenced in Paragraph 21 of the Complaint for the complete and accurate contents of that document, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint, and on that basis deny the same.

22.     Paragraph 22 of the Complaint states legal conclusions as to which no responsive pleading is required.  To the extent that any response is required, the UBS Defendants respectfully refer the Court to the documents referenced in Paragraph 22 of the Complaint for the complete and accurate contents of those documents, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint, and on that basis deny the same.

23.     The UBS Defendants respectfully refer the Court to the documents referenced in Paragraph 23 of the Complaint for the complete and accurate contents of those documents, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint, and on that basis deny the same.

24.     The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint, and on that basis deny the same.

25.     The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint, and on that basis deny the same.

26.     The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint, and on that basis deny the same.

27.     The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint, and on that basis deny the same.

28.     Paragraph 28 of the Complaint states legal conclusions as to which no responsive pleading is required.  To the extent that any response is required, the UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint, and on that basis deny the same.

29.     Paragraph 29 of the Complaint states legal conclusions as to which no responsive pleading is required.

30.     Paragraph 30 of the Complaint states a legal conclusion as to which no responsive pleading is required.

31.     Paragraph 31 of the Complaint states legal conclusions as to which no responsive pleading is required.

32.     The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the Complaint, and on that basis deny the same.

33.     The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of the Complaint, and on that basis deny the same.

34.     The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the Complaint, and on that basis deny the same.

35.     The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the Complaint, and on that basis deny the same.

36.     The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the Complaint, and on that basis deny the same.

37.     The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Complaint, and on that basis deny the same.

38.     The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the Complaint, and on that basis deny the same.

39.     The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 of the Complaint, and on that basis deny the same.

40.     The UBS Defendants admit that BLMIS employed Friehling & Horowitz, and in all other respects lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 of the Complaint, and on that basis deny the same.

41.     The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 of the Complaint, and on that basis deny the same.

42.     The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of the Complaint, and on that basis deny the same.

43.     The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 of the Complaint, and on that basis deny the same.

44.     The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 of the Complaint, and on that basis deny the same.

45.     The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 of the Complaint, and on that basis deny the same.

46.     The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 of the Complaint, and on that basis deny the same.

47.     The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 of the Complaint, and on that basis deny the same.

48.     The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 of the Complaint, and on that basis deny the same.

49.     The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 of the Complaint, and on that basis deny the same.

50.     The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 of the Complaint, and on that basis deny the same.

51.     The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 of the Complaint, and on that basis deny the same.

52.     The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 of the Complaint, and on that basis deny the same.

53.     The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 of the Complaint, and on that basis deny the same.

54.     The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 of the Complaint, and on that basis deny the same.

55.     The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 of the Complaint, and on that basis deny the same.

56.     The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 of the Complaint, and on that basis deny the same.

57.     The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 of the Complaint, and on that basis deny the same.

58.     The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 of the Complaint, and on that basis deny the same.

59.     The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 of the Complaint, and on that basis deny the same.

60.     The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 of the Complaint, and on that basis deny the same.

61.     The UBS Defendants admit that Bernard L. Madoff was arrested by federal authorities, and the District Court Proceeding seeking to liquidate BLMIS was commenced, on December 11, 2008, and in all other respects lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 of the Complaint, and on that basis deny the same.

62.     The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 of the Complaint, and on that basis deny the same.

63.     Paragraph 63 of the Complaint states legal conclusions as to which no responsive pleading is required.  To the extent that any response is required, the UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 of the Complaint, and on that basis deny the same.

64.    The UBS Defendants admit that LIF's registered office prior to entering liquidation was 33a, Avenue John F. Kennedy, L-1855, and otherwise admit the allegations in Paragraph 64 of the Complaint.

65.    The UBS Defendants admit that LIF-USEP was a sub-fund of Luxembourg Investment Fund, and that LIF-USEP invested via BLMIS.  Otherwise, the UBS Defendants deny the allegations in Paragraph 65 of the Complaint.

66.    The UBS Defendants admit the allegations in Paragraph 66 of the Complaint.

67.    The allegations in Paragraph 67 of the Complaint state conclusions of law as to which no responsive pleading is required.

68.    The UBS Defendants admit that certain of the UBS Defendants at times provided certain services to LIF-USEP.  The UBS Defendants admit that LIF-USEP's registered address was 33a avenue J.F. Kennedy, L-1855 Luxembourg prior to entering liquidation, and that LIF-USEP had no employees of its own.  The UBS Defendants also admit that certain personnel affiliated with one or more of the UBS Defendants served on LIF-USEP's board of directors from time to time.  In all other respects, the UBS Defendants deny the allegations in Paragraph 68 of the Complaint.

69.    With regard to the final sentence of paragraph 69, the UBS Defendants admit that the Luxembourg Investment Fund prospectuses listed UBS (Luxembourg) S.A. as Luxembourg Investment Fund's custodian and main distributor and, at times, as Luxembourg Investment Fund's main paying agent.  The UBS Defendants admit the remaining allegations in the Paragraph 69 of the Complaint.

70.    The UBS Defendants admit that UBS FSL is a Luxembourg limited liability company incorporated as a société anonyme with its registered office at 33a, Avenue John F.

Kennedy, L-1855 Luxembourg.  The UBS Defendants admit that UBS FSL at times provided

certain services to LIF-USEP, that employees of certain of the UBS Defendants were named at

times as day-to-day managers of UBS TPM, and that employees of certain of the UBS

Defendants communicated with employees of BLMIS from time to time in relation to LIF-

USEP.  The UBS Defendants admit that LIF-USEP's withdrawals from BLMIS were paid from

BLMIS's account at JPMorgan Chase in New York.  In all other respects, the UBS Defendants

deny the allegations in Paragraph 70 of the Complaint.

71.    The UBS Defendants admit that UBS TPM is a Luxembourg limited liability

company incorporated as a société anonyme with its registered office at 33a, Avenue John F.

Kennedy, L-1855 Luxembourg.  The UBS Defendants admit that UBS TPM at times provided

certain services to LIF-USEP, and that LIF-USEP invested via BLMIS.  In all other respects, the

UBS Defendants deny the allegations in Paragraph 71 of the Complaint.

72.    The UBS Defendants respectfully refer the Court to the document purportedly

quoted in Paragraph 72 of the Complaint for the complete and accurate contents of that

document, and otherwise deny the allegations contained in Paragraph 72 of the Complaint.

73.    The UBS Defendants admit that UBS Lux is a wholly owned subsidiary of UBS

AG, and that UBS FSL and UBS TPM are both indirect subsidiaries of UBS AG.  Otherwise, the

UBS Defendants respectfully refer the Court to the documents purportedly quoted in Paragraph

73 of the Complaint for the complete and accurate contents of those documents, and otherwise

deny the allegations contained in Paragraph 73 of the Complaint.

74.    The UBS Defendants admit that certain of the UBS Defendants at times provided

certain services to LIF-USEP, admit that certain of the UBS Defendants at times communicated

with M&B and Reliance in relation to the administration of LIF-USEP, and in all other respects deny the allegations in Paragraph 74 of the Complaint.

75.    The UBS Defendants admit that employees of certain of the UBS Defendants communicated with Frank DiPascali from time to time in relation to LIF-USEP's investments via BLMIS and LIF-USEP's withdrawals from BLMIS.  In all other respects, the UBS Defendants deny the allegations in Paragraph 75 of the Complaint.

76.    The UBS Defendants admit that Roger Hartmann, Ralf Schroeter, René Egger, Alain Hondequin, and Bernd Stiehl all served at times as directors of both Luxalpha and Luxembourg Investment Fund, and at times were also all employees of UBS Lux.

77.    The UBS Defendants admit that certain of the UBS Defendants at times provided services to Luxalpha, Groupement Financier, Groupement Financier Levered, Plaza Investments International Limited, and certain of the Thybo funds.  The UBS Defendants admit that certain of the Thybo funds made investments via BLMIS from time to time.  In all other respects, the UBS Defendants deny the allegations in Paragraph 77 of the Complaint.

78.    The UBS Defendants admit that Reliance Gibraltar at times provided services to LIF-USEP and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 of the Complaint, and on that basis deny the same.

79.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 of the Complaint, and on that basis deny the same.

80.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80 of the Complaint, and on that basis deny the same.

81.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81 of the Complaint, and on that basis deny the same.

82.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82 of the Complaint, and on that basis deny the same.

83.    The UBS Defendants admit that Reliance Gibraltar received certain payments for providing services to LIF-USEP, but otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83 of the Complaint, and on that basis deny the same.

84.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84 of the Complaint, and on that basis deny the same.

85.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85 of the Complaint, and on that basis deny the same.

86.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86 of the Complaint, and on that basis deny the same.

87.    The UBS Defendants admit that LIF-USEP was set up in 2005 with the involvement of Manuel Echeverría, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87 of the Complaint, and on that basis deny the same.

88.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88 of the Complaint, and on that basis deny the same.

89.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89 of the Complaint, and on that basis deny the same.

90.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90 of the Complaint, and on that basis deny the same.

91.     The UBS Defendants lack knowledge or information sufficient to form a belief as
to the truth of the allegations in Paragraph 91 of the Complaint, and on that basis deny the same.

92.     The UBS Defendants respectfully refer the Court to the documents referenced in
Paragraph 92 of the Complaint for the complete and accurate contents of those documents, and
otherwise lack knowledge or information sufficient to form a belief as to the truth of the
allegations in Paragraph 92 of the Complaint, and on that basis deny the same.

93.     The UBS Defendants lack knowledge or information sufficient to form a belief as
to the truth of the allegations in Paragraph 93 of the Complaint, and on that basis deny the same.

94.     The UBS Defendants lack knowledge or information sufficient to form a belief as
to the truth of the allegations in Paragraph 94 of the Complaint, and on that basis deny the same.

95.     The UBS Defendants lack knowledge or information sufficient to form a belief as
to the truth of the allegations in Paragraph 95 of the Complaint, and on that basis deny the same.

96.     The UBS Defendants lack knowledge or information sufficient to form a belief as
to the truth of the allegations contained in Paragraph 96 regarding the purported activities,
knowledge, understanding, or beliefs of any parties other than the UBS Defendants, and on that
basis deny the same.

97.     The UBS Defendants admit that Echeverría and Hergueta travelled to
Luxembourg in December 2004.  The UBS Defendants further admit that UBS Lux was
appointed custodian of Luxembourg Investment Fund, and that UBS FSL was appointed
administrator of Luxembourg Investment Fund, when that fund was created in 2002.  The UBS
Defendants otherwise deny the allegations in Paragraph 97 of the Complaint.

98.     The UBS Defendants admit that certain personnel affiliated with one or more of
the UBS Defendants served on Luxembourg Investment Fund's and on Luxalpha's boards of

directors from time to time, and in all other respects deny the allegations in Paragraph 98 of the Complaint.

99.    The UBS Defendants deny that LIF-USEP was wholly invested with BLMIS, and otherwise admit the allegations contained in Paragraph 99 of the Complaint.

100.    The UBS Defendants deny that any person or entity affiliated with the UBS Defendants was aware, prior to December 11, 2008, of any signs of fraud at BLMIS.  The UBS Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100 of the Complaint, and on that basis deny the same.

101.    The UBS Defendants respectfully refer the Court to the document purportedly quoted in Paragraph 101 of the Complaint for the complete and accurate contents of that document, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101 of the Complaint, and on that basis deny the same.

102.    The UBS Defendants respectfully refer the Court to the document purportedly quoted in Paragraph 102 of the Complaint for the complete and accurate contents of that document, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 102 of the Complaint, and on that basis deny the same.

103.    The UBS Defendants respectfully refer the Court to the document purportedly quoted in Paragraph 103 of the Complaint for the complete and accurate contents of that document, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 103 of the Complaint, and on that basis deny the same.

104.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 104 of the Complaint, and on that basis deny the same.

105.    The UBS Defendants respectfully refer the Court to the documents purportedly quoted in Paragraph 105 of the Complaint for the complete and accurate contents of those documents, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 105 of the Complaint, and on that basis deny the same.

106.    The UBS Defendants respectfully refer the Court to the document purportedly quoted in Paragraph 106 of the Complaint for the complete and accurate contents of that document, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 106 of the Complaint, and on that basis deny the same.

107.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107 of the Complaint, and on that basis deny the same.

108.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 108 of the Complaint, and on that basis deny the same.

109.    The UBS Defendants respectfully refer the Court to the document purportedly quoted in Paragraph 109 of the Complaint for the complete and accurate contents of that document, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 109 of the Complaint, and on that basis deny the same.

110.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 110 of the Complaint, and on that basis deny the same.

111.    The UBS Defendants respectfully refer the Court to the document purportedly quoted in Paragraph 111 of the Complaint for the complete and accurate contents of that

document, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 111 of the Complaint, and on that basis deny the same.

112.    The UBS Defendants respectfully refer the Court to the document purportedly quoted in Paragraph 112 of the Complaint for the complete and accurate contents of that document, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 112 of the Complaint, and on that basis deny the same.

113.    The UBS Defendants respectfully refer the Court to the documents purportedly quoted in Paragraph 113 of the Complaint for the complete and accurate contents of those documents, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 113 of the Complaint, and on that basis deny the same.

114.    The UBS Defendants respectfully refer the Court to the document purportedly quoted in Paragraph 114 of the Complaint for the complete and accurate contents of that document, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114 of the Complaint, and on that basis deny the same.

115.    The UBS Defendants respectfully refer the Court to the documents referenced in Paragraph 115 of the Complaint for the complete and accurate contents of those documents, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 115 of the Complaint, and on that basis deny the same.

116.    The UBS Defendants deny the allegations contained in Paragraph 116 of the Complaint.

117.    The UBS Defendants admit that certain of the UBS Defendants at times provided services to Luxalpha, which invested via BLMIS, and otherwise deny the allegations in Paragraph 117 of the Complaint.

118.    The UBS Defendants admit that UBS Lux and UBS FSL from time to time provided services to Groupement Financier and Groupement Levered, and otherwise deny the allegations in Paragraph 118 of the Complaint.

119.    The UBS Defendants respectfully refer the Court to the document purportedly quoted in Paragraph 119 of the Complaint for the complete and accurate contents of that document, and otherwise deny the allegations contained in Paragraph 119 of the Complaint.

120.    The UBS Defendants deny that any person or entity affiliated with the UBS Defendants was aware, prior to December 11, 2008, of any signs of fraud at BLMIS.  The UBS Defendants respectfully refer the Court to the document purportedly quoted in Paragraph 120 of the Complaint for the complete and accurate contents of that document, and otherwise deny the allegations contained in Paragraph 120 of the Complaint.

121.    The UBS Defendants respectfully refer the Court to the document purportedly quoted in Paragraph 121 of the Complaint for the complete and accurate contents of that document, and otherwise deny the allegations contained in Paragraph 121 of the Complaint.

122.    The UBS Defendants respectfully refer the Court to the document purportedly quoted in Paragraph 122 of the Complaint for the complete and accurate contents of that document, and otherwise deny the allegations contained in Paragraph 122 of the Complaint.

123.    The UBS Defendants deny the allegations contained in Paragraph 140 of the Complaint.

124.    The UBS Defendants respectfully refer the Court to the documents purportedly quoted in Paragraph 124 of the Complaint for the complete and accurate contents of those documents, and otherwise deny the allegations contained in Paragraph 124 of the Complaint.

125.     The UBS Defendants deny the allegations contained in Paragraph 125 of the Complaint.

126.     The UBS Defendants respectfully refer the Court to the documents purportedly quoted in Paragraph 126 of the Complaint for the complete and accurate contents of those documents, and otherwise deny the allegations contained in Paragraph 126 of the Complaint.

127.     The UBS Defendants respectfully refer the Court to the documents purportedly quoted in Paragraph 127 of the Complaint for the complete and accurate contents of those documents, and otherwise deny the allegations contained in Paragraph 127 of the Complaint.

128.     The UBS Defendants respectfully refer the Court to the document purportedly quoted in Paragraph 128 of the Complaint for the complete and accurate contents of that document, and otherwise deny the allegations contained in Paragraph 128 of the Complaint.

129.     The UBS Defendants respectfully refer the Court to the document purportedly quoted in Paragraph 129 of the Complaint for the complete and accurate contents of that document, and otherwise deny the allegations contained in Paragraph 129 of the Complaint.

130.     The UBS Defendants admit that Luxalpha was a UCITS fund, and otherwise deny the allegations contained in Paragraph 130 of the Complaint.

131.     Paragraph 131 of the Complaint states a legal conclusion as to which no responsive pleading is required.  To the extent that a response is required, the UBS Defendants deny the allegations contained in Paragraph 131 of the Complaint.

132.     Paragraph 132 of the Complaint states legal conclusions as to which no responsive pleading is required.  To the extent that a response is required, the UBS Defendants deny the allegations contained in Paragraph 132 of the Complaint.

133.    Paragraph 133 of the Complaint states legal conclusions as to which no responsive pleading is required.  To the extent that a response is required, the UBS Defendants deny the allegations contained in Paragraph 133 of the Complaint.

134.    The UBS Defendants admit that UBS AG was the sponsor of Luxembourg Investment Fund, and otherwise deny the allegations in Paragraph 134 of the Complaint deny the allegations in Paragraph 134 of the Complaint.

135.    The UBS Defendants deny the allegations in Paragraph 135 of the Complaint.

136.    The first sentence of paragraph 136 of the Complaint states a legal conclusion as to which no responsive pleading is required.  To the extent that any response is required, the UBS Defendants deny the allegations contained in that sentence.   In all other respects, the UBS Defendants deny the allegations in Paragraph 136 of the Complaint.

137.    Paragraph 137 of the Complaint states legal conclusions as to which no responsive pleading is required.  To the extent that a response is required, the UBS Defendants deny the allegations contained in Paragraph 137 of the Complaint.

138.    Paragraph 138 of the Complaint states a legal conclusion as to which no responsive pleading is required.  To the extent that a response is required, the UBS Defendants deny the allegations contained in Paragraph 138 of the Complaint.

139.    The UBS Defendants deny the allegations in Paragraph 139 of the Complaint.

140.    The UBS Defendants deny the allegations in Paragraph 140.

141.    The UBS Defendants deny the allegations contained in Paragraph 141 of the Complaint.

142.    The first sentence of Paragraph 142 of the Complaint states a legal conclusion as to which no responsive pleading is required.  To the extent that a response is required, the UBS

Defendants deny the allegations contained in the first sentence of Paragraph 142 of the Complaint. The UBS Defendants deny the allegations contained in the second sentence of Paragraph 142 of the Complaint.

143.    The UBS Defendants deny the allegations in Paragraph 143 of the Complaint.

144.    The UBS Defendants respectfully refer the Court to the document purportedly quoted in Paragraph 144 of the Complaint for the complete and accurate contents of that document, and otherwise deny the allegations contained in Paragraph 144 of the Complaint.

145.    The UBS Defendants respectfully refer the Court to the document purportedly quoted in the first sentence of Paragraph 145 of the Complaint for the complete and accurate contents of that document, and otherwise deny the allegations contained in that sentence. With respect to the allegations contained in the second sentence of Paragraph 145, the UBS Defendants admit that the Sub-Custodian Agreement was not disclosed in any LIF or LIF-USEP prospectus, but aver that the CSSF was informed about the existence of the Sub-Custodian Agreement, and further deny that there was any obligation for UBS to disclose the Sub-Custodian Agreement to the CSSF, or for LIF-USEP to disclose it in its prospectus.

146.    Paragraph 146 of the Complaint states a legal conclusion as to which no responsive pleading is required. To the extent that a response is required, the UBS Defendants deny the allegations contained in Paragraph 146 of the Complaint.

147.    The UBS Defendants deny the allegations in Paragraph 147 of the Complaint.

148.    The UBS Defendants respectfully refer the Court to the documents referenced in Paragraph 148 of the Complaint for the complete and accurate contents of those documents, and otherwise deny the allegations contained in Paragraph 148 of the Complaint.

149.    The UBS Defendants respectfully refer the Court to the documents purportedly quoted in Paragraph 149 of the Complaint for the complete and accurate contents of those documents, and otherwise deny the allegations contained in Paragraph 149 of the Complaint.

150.    The UBS Defendants respectfully refer the Court to the documents referenced in the first four sentences of Paragraph 150 of the Complaint for the complete and accurate contents of those documents, and otherwise deny the allegations contained in the first four sentences Paragraph 150.  The last sentence of Paragraph 150 of the Complaint states a legal conclusion as to which no responsive pleading is required.  To the extent that a response is required, the UBS Defendants deny the allegations contained in the last sentence of Paragraph 150 of the Complaint.

151.    The UBS Defendants deny the allegations in the first sentence of Paragraph 151 of the Complaint.  The UBS Defendants admit that they did not pay fees to BLMIS for the services it provided to LIF-USEP, and in all other respects deny the allegations contained in the second sentence of Paragraph 151 of the Complaint.

152.    The UBS Defendants respectfully refer the Court to the document purportedly quoted in Paragraph 152 of the Complaint for the complete and accurate contents of that document, and otherwise deny the allegations contained in Paragraph 152 of the Complaint.

153.    The UBS Defendants admit that BLMIS sent trade confirmations and account statements pertaining to LIF-USEP to UBS Lux, and that employees of UBS Lux at times communicated with employees of BLMIS, respectfully refer the Court to the documents referenced in Paragraph 153 of the Complaint for the complete and accurate contents of those documents, and in all other respects deny the allegations contained in Paragraph 153 of the Complaint.

154.    The UBS Defendants admit the allegations in Paragraph 154 of the Complaint.

155.    The UBS Defendants admit the allegations in the first and second sentences of Paragraph 155 of the Complaint.  The UBS Defendants deny the allegations contained in the third sentence of Paragraph 155 of the Complaint.

156.    The UBS Defendants deny the allegations contained in Paragraph 156 of the Complaint.

157.    The UBS Defendants respectfully refer the Court to the document purportedly quoted in Paragraph 157 of the Complaint for the complete and accurate contents of that document, and otherwise deny the allegations contained in Paragraph 157 of the Complaint.

158.    The UBS Defendants respectfully refer the Court to the document purportedly quoted in Paragraph 158 of the Complaint for the complete and accurate contents of that document, and otherwise deny the allegations contained in Paragraph 158 of the Complaint.

159.    The UBS Defendants deny the allegations contained in Paragraph 159 of the Complaint.

160.    The UBS Defendants admit that UBS TPM replaced UBS Lux as LIF-USEP's portfolio manager in May 2006.  The UBS Defendants respectfully refer the Court to the documents referenced in Paragraph 160 of the Complaint for the complete and accurate contents of those documents, and otherwise deny the allegations contained in Paragraph 160 of the Complaint.

161.    The UBS Defendants respectfully refer the Court to the document purportedly quoted in Paragraph 161 of the Complaint for the complete and accurate contents of that document, and otherwise deny the allegations contained in Paragraph 161 of the Complaint.

162.    The UBS Defendants deny the allegations contained in Paragraph 162 of the Complaint.

163.    The UBS Defendants respectfully refer the Court to the document purportedly quoted in Paragraph 163 of the Complaint for the complete and accurate contents of that document, and otherwise deny the allegations contained in Paragraph 163 of the Complaint.

164.    The UBS Defendants respectfully refer the Court to the documents referenced and purportedly quoted in Paragraph 164 of the Complaint for the complete and accurate contents of those documents, and otherwise deny the allegations contained in Paragraph 164 of the Complaint.

165.    The UBS Defendants deny the allegations contained in Paragraph 165 of the Complaint.

166.    The UBS Defendants respectfully refer the Court to the document purportedly quoted in Paragraph 166 of the Complaint for the complete and accurate contents of that document, and otherwise deny the allegations contained in Paragraph 166 of the Complaint.

167.    The UBS Defendants respectfully refer the Court to the document purportedly quoted in Paragraph 167 of the Complaint for the complete and accurate contents of that document, and otherwise deny the allegations contained in Paragraph 167 of the Complaint.

168.    The UBS Defendants deny that any person or entity affiliated with the UBS Defendants was aware, prior to December 11, 2008, of any signs of fraud at BLMIS, and in all other respects lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 168 of the Complaint, and on that basis deny the same.

169.    The UBS Defendants admit that LIF-USEP invested approximately $758 million via BLMIS, deny that the UBS Defendants were "responsible for significant investment with

LIF-USEP," and in all other respects lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 169 of the Complaint, and on that basis deny the same.

170.    The UBS Defendants admit that certain of the UBS Defendants monitored the activity reported in LIF-USEP's BLMIS account statements, and that certain of the UBS Defendants at times provided certain services to other funds which invested via BLMIS.  In all other respects, insofar as the allegations in Paragraph 170 of the Complaint are directed at the UBS Defendants, the UBS Defendants deny those allegations, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 170 of the Complaint, and on that basis deny the same.

171.    The UBS Defendants admit that certain of the UBS Defendants received certain payments for providing services to LIF-USEP, and otherwise deny the allegations in Paragraph 171 of the Complaint.

172.    The UBS Defendants deny that any person or entity affiliated with the UBS Defendants was aware, prior to December 11, 2008, of any signs of fraud at BLMIS.  The UBS Defendants admit that employees of certain of the UBS Defendants communicated at times with employees of the Reliance Group in relation to LIF-USEP.  In all other respects, the UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 172 of the Complaint, and on that basis deny the same.

173.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 173 of the Complaint, and on that basis deny the same.

174.    The UBS Defendants respectfully refer the Court to the documents referenced and purportedly quoted in Paragraph 174 of the Complaint for the complete and accurate contents of those documents, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 174 of the Complaint, and on that basis deny the same.

175.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 175 of the Complaint, and on that basis deny the same.

176.    The UBS Defendants respectfully refer the Court to the document purportedly quoted in Paragraph 176 of the Complaint for the complete and accurate contents of that document, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 176 of the Complaint, and on that basis deny the same.

177.    The UBS Defendants respectfully refer the Court to the document purportedly quoted in Paragraph 177 of the Complaint for the complete and accurate contents of that document, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 177 of the Complaint, and on that basis deny the same.

178.    The UBS Defendants admit that LIF-USEP was closed to new subscriptions for a period of time beginning in March 2007, and otherwise deny the allegations in Paragraph 178 of the Complaint.

179.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 179 of the Complaint, and on that basis deny the same.

180.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 180 of the Complaint, and on that basis deny the same.

181.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 181 of the Complaint, and on that basis deny the same.

182.    The UBS Defendants respectfully refer the Court to the documents referenced in Paragraph 182 of the Complaint for the complete and accurate contents of those documents, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 182 of the Complaint, and on that basis deny the same.

183.    The UBS Defendants respectfully refer the Court to the documents referenced in Paragraph 183 of the Complaint for the complete and accurate contents of those documents, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 183 of the Complaint, and on that basis deny the same.

184.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 184 of the Complaint, and on that basis deny the same.

185.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 185 of the Complaint, and on that basis deny the same.

186.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 186 of the Complaint, and on that basis deny the same.

187.    The UBS Defendants respectfully refer the Court to the document purportedly quoted in Paragraph 187 of the Complaint for the complete and accurate contents of that document, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 187 of the Complaint, and on that basis deny the same.

188.    The UBS Defendants respectfully refer the Court to the document purportedly quoted in Paragraph 188 of the Complaint for the complete and accurate contents of that document, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 188 of the Complaint, and on that basis deny the same.

189.    The UBS Defendants respectfully refer the Court to the documents referenced in Paragraph 189 of the Complaint for the complete and accurate contents of those documents, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 189 of the Complaint, and on that basis deny the same.

190.    The UBS Defendants respectfully refer the Court to the document purportedly quoted in Paragraph 190 of the Complaint for the complete and accurate contents of that document, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 190 of the Complaint, and on that basis deny the same.

191.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 191 of the Complaint, and on that basis deny the same.

192.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 192 of the Complaint, and on that basis deny the same.

193. The UBS Defendants respectfully refer the Court to the documents referenced in Paragraph 193 of the Complaint for the complete and accurate contents of those documents, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 193 of the Complaint, and on that basis deny the same.

194. The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 194 of the Complaint, and on that basis deny the same.

195. The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 195 of the Complaint, and on that basis deny the same.

196. The UBS Defendants deny that any person or entity affiliated with the UBS Defendants had knowledge prior to December 11, 2008 of any of the matters alleged in Paragraph 196 of the Complaint, and in all other respects lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 196 of the Complaint, and on that basis deny the same.

197. The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 197 of the Complaint, and on that basis deny the same.

198. The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 198 of the Complaint, and on that basis deny the same.

199.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 199 of the Complaint, and on that basis deny the same.

200.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 200 of the Complaint, and on that basis deny the same.

201.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 201 of the Complaint, and on that basis deny the same.

202.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 202 of the Complaint, and on that basis deny the same.

203.    The UBS Defendants deny the allegations in Paragraph 203 of the Complaint.

204.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 204 of the Complaint, and on that basis deny the same.

205.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 205 of the Complaint, and on that basis deny the same.

206.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 206 of the Complaint, and on that basis deny the same.

207.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 207 of the Complaint, and on that basis deny the same.

208.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 208 of the Complaint, and on that basis deny the same.

209.    The UBS Defendants respectfully refer the Court to the document purportedly quoted in Paragraph 209 of the Complaint for the complete and accurate contents of the document, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 209 of the Complaint, and on that basis deny the same.

210.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 210 of the Complaint, and on that basis deny the same.

211.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 211 of the Complaint, and on that basis deny the same.

212.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 212 of the Complaint, and on that basis deny the same.

213.    The UBS Defendants deny that they "possessed clear evidence that the frequency with which BLMIS purported to trade at the optimal price point was statistically impossible," and in all other respects lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 213 of the Complaint, and on that basis deny the same.

214.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 214 of the Complaint, and on that basis deny the same.

215.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 215 of the Complaint, and on that basis deny the same.

216.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 216 of the Complaint, and on that basis deny the same.

217.    The UBS Defendants admit that UBS Lux received a copy of the December 2006 and December 2007 Forms ADV prepared by BLMIS, respectfully refer the Court to the documents referenced in Paragraph 217 of the Complaint for the complete and accurate contents of those documents, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 217 of the Complaint, and on that basis deny the same.

218.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 218 of the Complaint, and on that basis deny the same.

219.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 219 of the Complaint, and on that basis deny the same.

220.    The UBS Defendants admit that BLMIS purported to enter into options contracts on behalf of LIF-USEP, and in all other respects lack knowledge or information sufficient to

form a belief as to the truth of the allegations in Paragraph 220 of the Complaint, and on that

basis deny the same.

221.    The UBS Defendants admit that the SEC requested documents from a United

States-based affiliate of the UBS Defendants on or about June 16, 2006, and aver that the

affiliate provided the SEC with responsive documents in its possession, custody, and control.  In

all other respects, the UBS Defendants deny the allegations in Paragraph 221 of the Complaint.

222.    The UBS Defendants respectfully refer the Court to the document referenced in

Paragraph 222 of the Complaint for the complete and accurate contents of that document, and

otherwise deny the allegations in Paragraph 222 of the Complaint.

223.    The UBS Defendants admit that LIF-USEP did not pay a management or

performance fee to BLMIS, respectfully refer the Court to the document purportedly quoted in

Paragraph 223 of the Complaint for the complete and accurate contents of the document, and

otherwise lack knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 223 of the Complaint, and on that basis deny the same.

224.    The UBS Defendants lack knowledge or information sufficient to form a belief as

to the truth of the allegations in Paragraph 224 of the Complaint, and on that basis deny the

same.

225.    Insofar as the allegations in Paragraph 225 of the Complaint are directed at the

UBS Defendants, the UBS Defendants deny those allegations, and otherwise lack knowledge or

information sufficient to form a belief as to the truth of the allegations in Paragraph 225 of the

Complaint, and on that basis deny the same.

226.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 226 of the Complaint, and on that basis deny the same.

227.    The UBS Defendants respectfully refer the Court to the documents purportedly quoted in Paragraph 227 of the Complaint for the complete and accurate contents of those documents, and otherwise deny the allegations in Paragraph 227 of the Complaint.

228.    The UBS Defendants respectfully refer the Court to the documents referenced and purportedly quoted in Paragraph 228 of the Complaint for the complete and accurate contents of those documents, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 228 of the Complaint, and on that basis deny the same.

229.    The UBS Defendants respectfully refer the Court to the document purportedly quoted in Paragraph 229 of the Complaint for the complete and accurate contents of that document, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 229 of the Complaint, and on that basis deny the same.

230.    The UBS Defendants admit that BLMIS employed Friehling & Horowitz as its auditor, but otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 230 of the Complaint, and on that basis deny the same.

231.    The UBS Defendants respectfully refer the Court to the document purportedly quoted in Paragraph 231 of the Complaint for the complete and accurate contents of the document, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 231 of the Complaint, and on that basis deny the same.

232.    The UBS Defendants deny that they "were aware that Friehling & Horowitz was incapable of providing auditing services" to BLMIS and otherwise lack knowledge or

information sufficient to form a belief as to the truth of the allegations in Paragraph 232 of the Complaint, and on that basis deny the same.

233.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 233 of the Complaint, and on that basis deny the same.

234.    The UBS Defendants respectfully refer the Court to the documents referenced in Paragraph 234 of the Complaint for the complete and accurate contents of those documents, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 234 of the Complaint, and on that basis deny the same.

235.    The UBS Defendants respectfully refer the Court to the documents referenced in Paragraph 235 of the Complaint for the complete and accurate contents of those documents, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 235 of the Complaint, and on that basis deny the same.

236.    The UBS Defendants admit that BLMIS sent trade confirmations pertaining to LIF-USEP to UBS Lux, and that certain of the UBS Defendants reviewed these trade confirmations in the course of providing services to LIF-USEP, but deny that the UBS Defendants were aware of any "impossibilities." In all other respects, the UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 236 of the Complaint, and on that basis deny the same.

237.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 237 of the Complaint, and on that basis deny the same.

238.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 238 of the Complaint, and on that basis deny the same.

239.    The UBS Defendants admit that UBS Lux sent a fax to BLMIS on December 3, 2007 to request that BLMIS redeem securities totaling $16,000,000 from LIF-USEP's account at BLMIS, and wire $16,000,000 to LIF-USEP, admit that BLMIS made a payment of $16,000,000 to LIF-USEP on December 4, 2007, respectfully refer the Court to the documents referenced in Paragraph 239 of the Complaint for the complete and accurate contents of the documents, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 239 of the Complaint, and on that basis deny the same.

240.    The UBS Defendants admit that UBS Lux sent a fax to BLMIS on December 17, 2007 to request that BLMIS redeem securities totaling $3,000,000 from LIF-USEP's account at BLMIS, and wire $3,000,000 to LIF-USEP, admit that BLMIS made a payment of $3,000,000 to LIF-USEP on December 18, 2007, respectfully refer the Court to the documents referenced in Paragraph 240 of the Complaint for the complete and accurate contents of the documents, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 240 of the Complaint, and on that basis deny the same.

241.    The UBS Defendants admit that UBS Lux sent a fax to BLMIS on December 21, 2007 to request that BLMIS redeem securities totaling $15,000,000 from LIF-USEP's account at BLMIS, and wire $15,000,000 to LIF-USEP, admit that BLMIS made a payment of $15,000,000 to LIF-USEP on December 24, 2007, respectfully refer the Court to the documents referenced in Paragraph 241 of the Complaint for the complete and accurate contents of the documents, and

otherwise lack knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 241 of the Complaint, and on that basis deny the same.

242.    The UBS Defendants admit that UBS FSL served as administrator to LIF-USEP.

In all other respects, the UBS Defendants respectfully refer the Court to the documents

purportedly quoted in Paragraph 242 of the Complaint for the complete and accurate contents of

those documents, and otherwise deny the remaining allegations in Paragraph 242 of the

Complaint.

243.    The UBS Defendants admit that LIF-USEP did not have margin accounts with

BLMIS, and otherwise lack knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 243 of the Complaint, and on that basis deny the same.

244.    The UBS Defendants lack knowledge or information sufficient to form a belief as

to the truth of the allegations in Paragraph 244 of the Complaint, and on that basis deny the

same.

245.    The UBS Defendants respectfully refer the Court to the documents referenced in

Paragraph 245 of the Complaint for the complete and accurate contents of those documents, and

otherwise lack knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 245 of the Complaint, and on that basis deny the same.

246.    The UBS Defendants respectfully refer the Court to the documents referenced in

Paragraph 246 of the Complaint for the complete and accurate contents of those documents, and

otherwise lack knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 246 of the Complaint, and on that basis deny the same.

247.    The UBS Defendants lack knowledge or information sufficient to form a belief as

to the truth of the allegations in the first three sentences of Paragraph 247 of the Complaint, and

on that basis deny the same. As to the remainder of Paragraph 247 of the Complaint, the UBS Defendants respectfully refer the Court to the documents referenced in Paragraph 247 of the Complaint for the complete and accurate contents of those documents. The UBS Defendants admit that on several dates in April 2007, BLMIS purported to purchase on behalf of LIF-USEP shares in 3M Company and CVS Caremark Corp, and that on May 21, 2007, BLMIS purported to sell on behalf of LIF-USEP shares in 3M Company and CVS Caremark Corp, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth through seventh sentences of Paragraph 247 of the Complaint, and on that basis deny the same.

248.    The UBS Defendants admit that certain of the UBS Defendants regularly reviewed BLMIS's account statements and trade confirmations for LIF-USEP, deny that it was known to any of the UBS Defendants that either of the referenced purported BLMIS trading activities contradicted the SSC strategy, and in all other respects lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 248 of the Complaint, and on that basis deny the same.

249.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 249 of the Complaint, and on that basis deny the same.

250.    The UBS Defendants respectfully refer the Court to the documents referenced and purportedly quoted in Paragraph 250 of the Complaint for the complete and accurate contents of those documents, and otherwise lack the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 250 of the Complaint, and on that basis deny the same.

251.    The UBS Defendants respectfully refer the Court to the document purportedly quoted in Paragraph 251 of the Complaint for the complete and accurate contents of that document, and otherwise deny the allegations contained in Paragraph 251 of the Complaint.

252.    The UBS Defendants deny the allegations in Paragraph 252 of the Complaint.

253.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 253 of the Complaint, and on that basis deny the same.

254.    The first sentence of Paragraph 254 of the Complaint states a legal conclusion as to which no responsive pleading is required.  The UBS Defendants admit that Madoff purported to liquidate investments at times on behalf of LIF-USEP, and purported to invest in Treasury Bills at times, and in all other respects lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 254 of the Complaint, and on that basis deny the same.

255.    The UBS Defendants respectfully refer the Court to the documents referenced in Paragraph 255 of the Complaint for the complete and accurate contents of those documents, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 255 of the Complaint, and on that basis deny the same.

256.    The UBS Defendants deny that they knew that Madoff's purported practice referenced in Paragraph 256 of the Complaint contravened the SSC strategy, and in all other respects lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 256 of the Complaint, and on that basis deny the same.

257.    The UBS Defendants deny the allegations in Paragraph 257 of the Complaint.

258.    The UBS Defendants admit that LIF-USEP did not have any employees or office space, and otherwise deny the allegations contained in Paragraph 258 of the Complaint.

259.    The UBS Defendants admit that the UBS Defendants at times provided services to LIF-USEP, and that certain of the UBS Defendants received LIF-USEP's BLMIS account statements and trade confirmations, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 259 of the Complaint, and on that basis deny the same.

260.    The UBS Defendants admit that the board of Luxembourg Investment Fund was composed of employees of certain of the UBS Defendants, and otherwise deny the allegation in the first sentence of Paragraph 260 of the Complaint.  The second sentence of Paragraph 260 of the Complaint states a legal conclusion as to which no responsive pleading is required.  To the extent that any response is required, the UBS Defendants deny the allegation in the second sentence of Paragraph 260 of the Complaint.

261.    The UBS Defendants admit that employees of certain of the UBS Defendants communicated from time to time with Manuel Echeverría about LIF-USEP.  In all other respects, the UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 261 of the Complaint, and on that basis deny the same.

262.    Paragraph 262 of the Complaint states a legal conclusion as to which no responsive pleading is required.  To the extent that any response is required, the UBS Defendants deny the allegations contained in Paragraph 262 of the Complaint.

263.    Paragraph 263 of the Complaint states a legal conclusion as to which no responsive pleading is required.  To the extent that any response is required, the UBS Defendants deny the allegations contained in Paragraph 263 of the Complaint.

264.    The UBS Defendants admit the allegations in Paragraph 264 of the Complaint.

265.    The UBS Defendants deny that the BLMIS Account Opening Agreements called for any performance in New York, or were to be performed in New York, by any party other than BLMIS, and otherwise admit the allegations in Paragraph 265 of the Complaint.

266.    In respect of the first sentence of Paragraph 266 of the Complaint, the UBS Defendants admit that LIF-USEP received transfers of approximately $498,300,000 from BLMIS in the two years preceding the Filing Date. The final two sentences of Paragraph 266 of the Complaint state a legal conclusion as to which no responsive pleading is required. To the extent that any response is required, the UBS Defendants deny the allegations contained in the final two sentences of Paragraph 266 of the Complaint.

267.    The UBS Defendants deny that any person or entity affiliated with the UBS Defendants was aware, prior to December 11, 2008, of any indicia of fraud at BLMIS, and in all other respects the UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 267 of the Complaint, and on that basis deny the same.

268.    The UBS Defendants deny that any person or entity affiliated with the UBS Defendants was aware, prior to December 11, 2008, of any signs of fraud at BLMIS, that BLMIS was insolvent, and/or that any transfers were made with a fraudulent purpose, and in all other respects the UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 268 of the Complaint, and on that basis deny the same.

269.    The UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 269 of the Complaint, and on that basis deny the same. The second sentence of Paragraph 269 of the Complaint states a legal

conclusion as to which no responsive pleading is required.  To the extent that any response is required, the UBS Defendants deny the allegations contained in the second sentence of Paragraph 269 of the Complaint.

270.    In respect of the first two sentences of Paragraph 270 of the Complaint, the UBS Defendants admit that certain of the UBS Defendants received certain payments for providing services to LIF-USEP, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences of Paragraph 270 of the Complaint, and on that basis deny the same.  The last sentence of Paragraph 270 of the Complaint states legal conclusions as to which no responsive pleading is required.  To the extent that any response is required, the UBS Defendants deny the allegations contained in the last sentence of Paragraph 270 of the Complaint.

271.    The UBS Defendants admit that certain of the UBS Defendants received certain payments for providing services to LIF-USEP, but deny that the amounts alleged in Paragraph 271 of the Complaint are accurate, and otherwise deny the allegations in Paragraph 271 of the Complaint.

272.    The UBS Defendants admit that certain of the UBS Defendants passed on approximately $6 million from LIF-USEP to M&B by way of payment by LIF-USEP for services purportedly provided to LIF-USEP.  In all other respects, the UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 272 of the Complaint, and on that basis deny the same.

273.    The UBS Defendants admit that certain of the UBS Defendants passed on fees from LIF-USEP to Reliance Management (Gibraltar) Limited, by way of payment by LIF-USEP for services purportedly provided to LIF-USEP, but deny that the amount alleged in Paragraph

273 of the Complaint is accurate.  In all other respects, the UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 273 of the Complaint, and on that basis deny the same.

274.    Paragraph 274 of the Complaint states a legal conclusion as to which no responsive pleading is required.  To the extent that any response is required, the UBS Defendants deny the allegations contained in Paragraph 274 of the Complaint.

275.    Paragraph 275 of the Complaint states a legal conclusion as to which no responsive pleading is required.  To the extent that any response is required, the UBS Defendants deny the allegations contained in Paragraph 275 of the Complaint.

276.    The chart in Paragraph 276 of the Complaint purports to summarize the allegations made by the Trustee in Paragraphs 264-273 of the Complaint.  To the extent that Paragraph 276 of the Complaint requires a response, the UBS Defendants repeat and reallege each and every one of their foregoing responses to Paragraphs 264-273 of the Complaint as if fully set forth herein, and deny that any transfers of funds originating at BLMIS were made to UBS AG.

277.    The UBS Defendants admit that customer claims were filed with the Trustee on behalf of LIF-USEP, and respectfully refer the Court to the documents referenced in Paragraph 277 of the Complaint for the complete and accurate contents of those documents.

278.    The UBS Defendants admit the allegations contained in Paragraph 278 of the Complaint.

279.    The UBS Defendants admit that LIF-USEP has made the assertions set out in Paragraph 279 of the Complaint, and in all other respects deny the allegations contained in Paragraph 279 of the Complaint

280.    The UBS Defendants admit that LIF-USEP has made the assertions set out in Paragraph 280 of the Complaint, and in all other respects deny the allegations contained in Paragraph 280 of the Complaint.

281.    The UBS Defendants admit that the liquidators of Luxembourg Investment Fund have brought proceedings against the UBS Defendants in Luxembourg, and that such proceedings are ongoing.

282.    The UBS Defendants admit that LIF-USEP has made the assertions set out in Paragraph 282 of the Complaint.

283.    The UBS Defendants admit that LIF-USEP has made the assertions set out in Paragraph 283 of the Complaint.

284.    The UBS Defendants repeat and reallege each and every response set forth in the foregoing Paragraphs as if fully set forth herein.

285.    Paragraph 285 of the Complaint is directed at parties other than the UBS Defendants, and states a legal conclusion as to which no responsive pleading by the UBS Defendants is required.  To the extent that any response is required, the UBS Defendants deny the allegations in Paragraph 285 of the Complaint.

286.    Paragraph 286 of the Complaint is directed at parties other than the UBS Defendants, and states a legal conclusion as to which no responsive pleading by the UBS Defendants is required.  To the extent that any response is required, the UBS Defendants deny the allegations in Paragraph 286 of the Complaint.

287.    Paragraph 287 of the Complaint is directed at parties other than the UBS Defendants, and states a legal conclusion as to which no responsive pleading by the UBS

Defendants is required.  To the extent that any response is required, the UBS Defendants deny the allegations in Paragraph 287 of the Complaint.

288.    Paragraph 288 of the Complaint is directed at parties other than the UBS Defendants, and states a legal conclusion as to which no responsive pleading by the UBS Defendants is required.  To the extent that any response is required, the UBS Defendants deny the allegations in Paragraph 288 of the Complaint.

289.    Paragraph 289 of the Complaint is directed at parties other than the UBS Defendants, and states a legal conclusion as to which no responsive pleading by the UBS Defendants is required.  To the extent that any response is required, the UBS Defendants deny the allegations in Paragraph 289 of the Complaint.

290.    Paragraph 290 of the Complaint is directed at parties other than the UBS Defendants, and states a legal conclusion as to which no responsive pleading by the UBS Defendants is required.  To the extent that any response is required, the UBS Defendants deny the allegations in Paragraph 290 of the Complaint.

291.    The UBS Defendants repeat and reallege each and every response set forth in the foregoing Paragraphs as if fully set forth herein.

292.    Paragraph 292 of the Complaint states a legal conclusion as to which no responsive pleading is required.  To the extent that any response is required, the UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 292 of the Complaint, and on that basis deny the same.

293.    Paragraph 293 of the Complaint states a legal conclusion as to which no responsive pleading is required.

294.    Paragraph 294 of the Complaint states a legal conclusion as to which no responsive pleading is required.  To the extent that any response is required, the UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 294 of the Complaint, and on that basis deny the same.

295.    Paragraph 295 of the Complaint states legal conclusions as to which no responsive pleading is required.  To the extent that any response is required, the UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 295 of the Complaint, and on that basis deny the same.

296.    Paragraph 296 of the Complaint states legal conclusions as to which no responsive pleading is required.  To the extent that any response is required, the UBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 296 of the Complaint, and on that basis deny the same.

297.    The UBS Defendants repeat and reallege each and every response set forth in the foregoing Paragraphs as if fully set forth herein.

298.    Paragraph 298 of the Complaint states a legal conclusion as to which no responsive pleading is required.  To the extent that any response is required, the UBS Defendants deny the allegations in Paragraph 298 of the Complaint.

299.    Paragraph 299 of the Complaint states a legal conclusion as to which no responsive pleading is required.  To the extent that any response is required, the UBS Defendants deny the allegations in Paragraph 299 of the Complaint.

300.    Paragraph 300 of the Complaint states a legal conclusion as to which no responsive pleading is required.  To the extent that any response is required, the UBS Defendants deny the allegations in Paragraph 300 of the Complaint.

301.    Paragraph 301 of the Complaint states a legal conclusion as to which no responsive pleading is required.  To the extent that any response is required, the UBS Defendants deny the allegations in Paragraph 301 of the Complaint.

302.    The UBS Defendants repeat and reallege each and every response set forth in the foregoing Paragraphs as if fully set forth herein.

303.    Paragraph 303 of the Complaint states legal conclusions as to which no responsive pleading is required.  To the extent that any response is required, the UBS Defendants deny the allegations in Paragraph 303 of the Complaint.

304.    Paragraph 304 of the Complaint states legal conclusions as to which no responsive pleading by the UBS Defendants is required.  To the extent that any response is required, the UBS Defendants deny the allegations in Paragraph 304 of the Complaint.

305.    Paragraph 305 of the Complaint is directed at parties other than the UBS Defendants, and states a legal conclusion as to which no responsive pleading by the UBS Defendants is required.  To the extent that any response is required, the UBS Defendants deny the allegations in Paragraph 305 of the Complaint.

306.    Paragraph 306 of the Complaint is directed at parties other than the UBS Defendants, and states a legal conclusion as to which no responsive pleading by the UBS Defendants is required.  To the extent that any response is required, the UBS Defendants deny the allegations in Paragraph 306 of the Complaint.

307.    Paragraph 307 of the Complaint is directed at parties other than the UBS Defendants, and states a legal conclusion as to which no responsive pleading by the UBS Defendants is required.  To the extent that any response is required, the UBS Defendants deny the allegations in Paragraph 307 of the Complaint.

308.     Paragraph 308 of the Complaint is directed at parties other than the UBS
Defendants, and states a legal conclusion as to which no responsive pleading by the UBS
Defendants is required.  To the extent that any response is required, the UBS Defendants deny
the allegations in Paragraph 308 of the Complaint.

309.     The UBS Defendants deny that the Trustee is entitled to entry of any judgment or
to any recovery or award or relief sought as against any of the UBS Defendants in the
Complaint's prayer for relief.

## SEPARATE AND ADDITIONAL DEFENSES

The UBS Defendants assert the following defenses without assuming any burden of
proof, persuasion, or production not otherwise legally assigned to them as to any element of
Plaintiff's claims.  The UBS Defendants reserve the right to assert any other defenses as
discovery in this litigation proceeds or any counterclaims that they become aware of through
discovery or other investigation as may be appropriate at a later time.  Further, the UBS
Defendants also reserve the right to amend this Answer to assert cross-claims and/or third-party
claims when and if, in the course of investigation, discovery, or preparation for trial, it becomes
appropriate to do so.  These defenses are set forth cumulatively and in the alternative.

## FIRST DEFENSE
### Failure to State a Claim

Plaintiff's claims are barred, in whole or in part, because the Complaint fails to state a
claim upon which relief can be granted, including, without limitation, for each of the reasons set
forth in the Memorandum of Law in Support of the UBS Defendants' Motion to Dismiss the
Second Amended Complaint, filed on May 5, 2023, in this adversary proceeding, ECF No. 289
(the "UBS Motion to Dismiss"), and the proceedings thereon.

## SECOND DEFENSE
### Lack of Personal Jurisdiction

Plaintiff is barred from asserting any claims in this action against Defendants UBS Fund Services (Luxembourg) SA, and UBS Third Party Management Company because this Court lacks personal jurisdiction over Defendants UBS Fund Services (Luxembourg) SA, and UBS Third Party Management Company, including, without limitation, for each of the reasons stated in the UBS Motion to Dismiss and the proceedings thereon, and the UBS Defendants have not consented to the exercise of jurisdiction over them by this Court, to entry of any decision by this Court as against them, or to this Court's authority to hear and determine any claims asserted as against them in this action.

### THIRD DEFENSE
**Dismissed Claims**

Plaintiff's claims are barred to the extent that they and/or any allegations on which they are based have been or may in the future be dismissed or stricken by the Court, or are based on theories or allegations that may in the future be rejected by this Court or by another court on appeal from any orders of this Court.

### FOURTH DEFENSE
**Value, Good Faith, and Without Knowledge of Voidability**
**(11 U.S.C. § 550(b))**

To the extent that any of the UBS Defendants received any alleged Subsequent Transfers or any proceeds thereof, such property or funds may not be recovered because the UBS Defendants took such Subsequent Transfers for value, in good faith, and without knowledge of the voidability of the alleged Initial Transfers within the meaning of 11 U.S.C. § 550(b).

*Value.*  To the extent that any of the UBS Defendants received any alleged Subsequent Transfers, the UBS Defendants took those transfers for value because any transfers, to the extent they occurred, were made in exchange for the UBS Defendants' performance of services, and

payment received for services is equivalent to "satisfaction or securing of a present or antecedent debt" pursuant to 11 U.S.C. § 548(d)(2)(A).

*Good faith.*  To the extent that any of the UBS Defendants received any alleged Subsequent Transfers, at the time each of the Subsequent Transfers was made, the UBS Defendants did not have knowledge of any fraudulent purpose behind any transfers they received, nor were any of the UBS Defendants aware that BLMIS was not trading securities or was a fraud or a Ponzi scheme.

The Subsequent Transfers, if any, did not have a fraudulent purpose but were routine transfers in exchange for performance of professional services.  A reasonable person with the facts in each of the UBS Defendants' possession when each of the Subsequent Transfers, if any, occurred would not have been on inquiry notice of any fraudulent purpose behind such Subsequent Transfers, nor would those facts have led such a person to conduct further inquiry into whether there was a fraudulent purpose to such Subsequent Transfers or the Initial Transfers or whether BLMIS was trading securities or was a fraud or a Ponzi scheme.

A diligent inquiry by the UBS Defendants would not have discovered that BLMIS was not trading securities or was a fraud or a Ponzi scheme.  Other entities with greater investigatory tools and resources than the UBS Defendants, and with greater access to BLMIS personnel and documentation than the UBS Defendants, investigated BLMIS but failed to uncover that it was a Ponzi scheme at any time before Madoff confessed in December 2008, including the U.S. Securities and Exchange Commission, which began an investigation into BLMIS in 2006 but could not determine BLMIS's fraudulent purpose.  The UBS Defendants did not have the capability of discovering what United States government regulators could not and would not have discovered as the fraudulent purpose of the Initial Transfers or, if there were any fraudulent

purpose of the Subsequent Transfers, if any, of such fraudulent purpose, and as entities without

privity with BLMIS or Madoff, did not have any reasonable ability to conduct a diligent

investigation into BLMIS that could have led to a discovery of the fraudulent purpose of the

Initial Transfers.

*Without Knowledge of Voidability*.  The UBS Defendants did not have knowledge of the

voidability, if any, of the Initial Transfers when the UBS Defendants received each of the

Subsequent Transfers, if any.

## FIFTH DEFENSE
### Securities Safe Harbor
### (11 U.S.C. § 546(e))

Pursuant to 11 U.S.C. § 546(e) ("Section 546(e)"), Plaintiff may not avoid any alleged

Initial Transfers, or pursue under 11 U.S.C. § 550(a) any recovery claims against the UBS

Defendants premised upon the alleged avoidance or avoidability of any alleged Initial Transfers,

except to the extent (if at all) Plaintiff can establish that each such transfer was made with actual

intent to defraud, within two years before the Filing Date, and is avoidable under 11 U.S.C. §

548(a)(1)(A).

Except to such extent, the alleged Initial Transfers are subject to the Section 546(e) safe

harbor.  Therefore, Plaintiff may neither avoid such Initial Transfers nor maintain claims for

recovery against the UBS Defendants.  In particular: (a) any such transfers were made "in

connection with securities contracts," including (i) BLMIS Account Opening Agreements and

(ii) other agreements (including LIF-USEP's agreements with its own investors governing

redemptions of shares); (b) additionally or alternatively, any such transfers were "settlement

payments" made by BLMIS in response to LIF-USEP's requests for withdrawals; and (c) the

alleged Initial Transfers were made by, to, and for the benefit of entities covered by Section

546(e), namely, (i) BLMIS, which was at all relevant times a "stockbroker"; (ii) LIF-USEP,

which was at all relevant times a "financial institution" or a "financial participant"; (iii) LIF-USEP's investors, each of which was at all relevant times a "financial institution" or a "financial participant"; and, alternatively, (iv) the UBS Defendants, each of which was at all relevant times a "financial institution" or a "financial participant." In addition, at the time of the alleged Subsequent Transfers, the UBS Defendants had no actual knowledge that BLMIS was not trading securities or was a fraud or a Ponzi scheme and, on information and belief, LIF-USEP had no actual knowledge that BLMIS was not trading securities or was a fraud or a Ponzi scheme.

## SIXTH DEFENSE
### Not BLMIS Customer Property

The claims against the UBS Defendants are barred to the extent that the alleged Subsequent Transfers did not constitute BLMIS customer property under 15 U.S.C. § 78fff-2(c)(3) or any other applicable law, for a number of reasons, including, without limitation, those stated in the UBS Motion to Dismiss and the proceedings thereon, and therefore the property is not recoverable by Plaintiff from the UBS Defendants.

## SEVENTH DEFENSE
### New York Debtor and Creditor Law

The claims against the UBS Defendants are barred, in whole or in part, because Plaintiff failed to plead all of the elements of fraudulent transfer under section 544 of the Bankruptcy Code and sections 273, 274, 275, 276, 276-a, 278 and/or 279 of the New York Debtor & Creditor Law ("NYDCL") with sufficient particularity and factual support, and Plaintiff cannot prove such elements at trial.

## EIGHTH DEFENSE
### Fair Consideration Without Knowledge of Fraud
### (NYDCL § 278(1))

Plaintiff's claims are barred, in whole or in part, because any transfers from LIF-USEP

were taken for fair consideration and without knowledge of the fraud, as provided by NYDCL

§ 278(1).

## NINTH DEFENSE
**No Actual Fraudulent Intent and For Fair Consideration**
**(NYDCL § 278(2))**

Plaintiff's claims are barred, in whole or in part, because any transfers from LIF-USEP

were taken without actual fraudulent intent and for fair consideration, as provided by NYDCL

§ 278(2).

## TENTH DEFENSE
**Single Satisfaction**
**(11 U.S.C. § 550(d); NYDCL § 278(1)(a))**

Under 11 U.S.C. § 550(d), Plaintiff "is entitled to only a single satisfaction under" 11

U.S.C. § 550(a).  Under NYDCL § 278(1)(a), Plaintiff may only set aside a conveyance "to the

extent necessary to satisfy his claim."  Accordingly, Plaintiff may not recover any Subsequent

Transfer from any of the UBS Defendants to the extent Plaintiff has recovered from LIF-USEP

or any other immediate or mediate transferee the amount of the avoided Initial Transfer that

included the customer property that Plaintiff alleges any of the UBS Defendants received.

## ELEVENTH DEFENSE
**Failure to Avoid Initial Transfers**
**(11 U.S.C. § 550(a))**

Under 11 U.S.C. § 550(a), Plaintiff may recover transferred customer property only "to

the extent that a transfer is avoided" under specified provisions of the Bankruptcy Code.  As a

result, before Plaintiff may recover any property or funds from any of the UBS Defendants,

Plaintiff must first avoid the alleged Initial Transfers.  Plaintiff has not avoided any of the

alleged Initial Transfers, and therefore may not now recover from any of the UBS Defendants.

### TWELFTH DEFENSE
**No Ponzi Scheme Presumption**

Plaintiff may not rely on a "Ponzi scheme presumption" to prove that the Initial Transfers

from BLMIS to LIF-USEP, the value of which Plaintiff seeks to recover from the UBS

Defendants, were made with actual intent to hinder, delay, or defraud any BLMIS creditor.

### THIRTEENTH DEFENSE
**Extraterritoriality**

Plaintiff's recovery from the UBS Defendants of any transfer from LIF-USEP would

constitute an impermissible extraterritorial application of U.S. law.

### FOURTEENTH DEFENSE
**No Standing**

Plaintiff's claims are barred, in whole or in part, because Plaintiff and/or the Debtor lacks

standing to assert the claims alleged in this action.

### FIFTEENTH DEFENSE
**Laches, Equitable Estoppel, Waiver, Etc.**

Plaintiff's claims are barred, in whole or in part, by laches, equitable estoppel, waiver, or

other related equitable doctrines.

### SIXTEENTH DEFENSE
**Rights Reserved**

Answers to each Paragraph of the Complaint are made by the UBS Defendants without

waiving, but expressly reserving, all rights they may have to seek relief by appropriate motions

directed to the allegations in the Complaint.

### SEVENTEENTH DEFENSE
**Additional Defenses**

The UBS Defendants have insufficient knowledge or information upon which to form a

belief as to whether they may have additional yet unstated defenses.  The UBS Defendants

reserve the right to assert any additional defenses as may be discovered during the conduct of this litigation.

## EIGHTEENTH DEFENSE
### Lack of Subject Matter Jurisdiction

This Court lacks jurisdiction under Article III of the U.S. Constitution to enter final orders or judgments in this proceeding, including because this Court is not established under Article III of the United States Constitution and does not have authority, under the Constitution, to enter final judgments on causes of actions seeking to avoid or recover fraudulent transfers.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Rule 9015 of the Federal Rules of Bankruptcy Procedure, the UBS Defendants hereby demand a jury trial before the U.S. District Court for the Southern District of New York on all claims and issues that may be tried to a jury. The UBS Defendants do not consent, but instead object, to the U.S. Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") conducting any jury trial under Rule 9015(b) of the Federal Rules of Bankruptcy Procedure.

## STATEMENT PURSUANT TO FED. R. BANKR. P. 7012(b)

Pursuant to Rule 7012(b) of the Federal Rules of Bankruptcy Procedure, the UBS Defendants do not consent, but instead object, to the entry of a final order or judgment against them by the Bankruptcy Court.

WHEREFORE the UBS Defendants respectfully request that the Court dismiss with prejudice all claims asserted against the UBS Defendants in this action, enter judgment against Plaintiffs in favor of the UBS Defendants as to all issues and matters set forth in the Complaint,

award costs, disbursements, and attorneys' fees to the UBS Defendants, and grant such other and

further relief as the Court deems just and proper.

Dated: December 22, 2023                    Respectfully Submitted,
       New York, New York
                                            GIBSON, DUNN & CRUTCHER LLP


                                             */s/ Marshall R. King*
                                            Marshall R. King
                                            Gabriel Herrmann
                                            Keith R. Martorana

                                            200 Park Avenue
                                            New York, New York 10166
                                            Tel.: (212) 351-4000
                                            mking@gibsondunn.com
                                            gherrmann@gibsondunn.com
                                            kmartorana@gibsondunn.com

                                            *Attorneys for Defendants UBS Europe SE (f/k/a
                                            UBS (Luxembourg) SA), UBS Fund Services
                                            (Luxembourg) SA, and UBS Third Party
                                            Management Company SA*