UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                Plaintiff-Applicant,<br>    v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                Defendant. | No. 08-01789 (CGM)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| In re:<br>BERNARD L. MADOFF,<br><br>                Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff,<br><br>                Plaintiff,<br>    v.<br><br>ABN AMRO BANK (IRELAND), LTD. (f/k/a FORTIS PRIME FUND SOLUTIONS BANK (IRELAND) LIMITED) and ABN AMRO CUSTODIAL SERVICES (IRELAND), LTD. (f/k/a FORTIS PRIME FUND SOLUTIONS CUSTODIAL SERVICES (IRELAND) LTD.),<br><br>                Defendants. | Adv. Pro. No. 10-05355 (CGM) |

## CASE MANAGEMENT PLAN

Plaintiff Irving H. Picard, as trustee (the "Trustee") for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC under the Securities Investor Protection Act, 15 U.S.C. § 78aaa-*lll*, and the Chapter 7 estate of Bernard L. Madoff and defendants ABN AMRO Retained Custodial Services (Ireland) Limited (f/k/a Fortis Prime Fund

Solutions Bank (Ireland) Ltd.) and ABN AMRO Custodial Services (Ireland) Ltd. (f/k/a Fortis Prime Fund Solutions Custodial Services (Ireland) Ltd.) ("Defendants" and together with the Trustee, the "Parties"), by and through their undersigned counsel, hereby submit the following Case Management Plan pursuant to Rules 16 and 26 of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable under Rules 7016 and 7026 of the Federal Rules of Bankruptcy Procedure.

1. Relevant Procedural History in This Action

   a. On December 8, 2010, the Trustee initiated the above-captioned adversary proceeding in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") by filing a complaint against ABN AMRO Retained Custodial Services (Ireland) Limited ("Fortis Fund Bank") and ABN AMRO Custodial Services (Ireland) Ltd. (f/k/a Fortis Prime Fund Solution Custodial Services (Ireland) Ltd.) ("Fortis Fund Services") (the "Action"). *Picard v. ABN AMRO Bank*, Adv. Pro. No. 10-05355, ECF No. 1.

   b. On July 3, 2012, the Trustee filed an Amended Complaint against the Defendants. *Id.*, ECF No. 42.

   c. On June 17, 2022, the Trustee filed a Second Amended Complaint against the Defendants. *Id.*, ECF No. 205.

   d. On August 19, 2022, the Defendants filed a Motion to Dismiss the Second Amended Complaint (*Id.*, ECF No. 208), which the Trustee opposed on October 18, 2022. *Id.*, ECF No. 214. The Defendants filed a reply on December 2, 2022. *Id.*, ECF No. 230.

   e. On April 3, 2023, the Bankruptcy Court issued an Order denying the Motion to Dismiss. *Id.*, ECF No. 244; *see also id.*, ECF 237.

2

  f. On May 26, 2023, Defendants filed their Answer and Affirmative Defenses. *Id.*, ECF No. 249.

 2. <u>Relevant Procedural History in Case Against Fortis IOM</u>

  a. On June 6, 2012, the Trustee initiated an adversary proceeding in the Bankruptcy Court against another Fortis entity, ABN AMRO Nominees (Isle of Man), Limited ("Fortis IOM") and Platinum All Weather Fund Limited ("Platinum"). *Picard v. ABN AMRO Retained Nominees (IOM) Ltd.*, Adv. Pro. No. 12-01697 (CGM) (Bankr. S.D.N.Y. June 6, 2012), ECF No. 1 (the "Fortis IOM Action").

  b. On November 3, 2022, the Trustee filed an Amended Complaint. *Id.*, ECF No. 141.

  c. On January 12, 2023, Fortis IOM and Platinum filed Motions to Dismiss the Amended Complaint (*Id.*, ECF Nos. 143-151), which the Trustee opposed on March 13, 2023. *Id.*, ECF Nos. 154-157. Fortis IOM and Platinum each filed a reply on April 27, 2023. *Id.*, ECF Nos. 160-162.

  d. On May 31, 2023, the Bankruptcy Court issued an Order denying Platinum's Motion to Dismiss. *Id.*, ECF No. 169.

  e. On June 20, 2023, the Bankruptcy Court issued an Order denying Fortis IOM's Motion to Dismiss. *Id.*, ECF No. 176.

  f. On August 25, 2023, Fortis IOM and Platinum each filed Answers and Affirmative Defenses. *Id.*, ECF Nos. 179, 181.

 3. <u>Fact Discovery Plan</u>

a. <u>Fact Discovery Cut-Off</u>. Unless otherwise agreed to by the Parties or ordered by the Bankruptcy Court, all fact discovery is to be completed June 30, 2026 (the "Fact Discovery Cut-Off Date").

b. <u>Initial Disclosures</u>. The Parties do not propose any changes in the form or requirements for disclosures under Federal Rule 26(a). The Parties agree that they shall serve Initial Disclosures as required under Federal Rule 26 on or before 75 days after the Court's entry of an order approving this Case Management Plan.

c. <u>Document Requests</u>. The Parties may serve requests for documents at least 90 days before the Fact Discovery Cut-Off Date. This 90-day limit is not applicable to document requests made for materials referenced by any witnesses at depositions taken before the Fact Discovery Cut-Off Date, if such materials exist and have not already been produced, provided, however, that to the extent the party to whom the request is directed objects to the request, the Parties agree to meet-and-confer in good faith within five business days after the service of any document request served after the 90-day limit has passed regarding the scope of such request.

d. <u>Interrogatories</u>. The Parties may serve Interrogatories in accordance with the rules and limitations articulated in Local Rule 7033-1, provided they are served at least 60 days before the Fact Discovery Cut-Off Date.

e. <u>Requests for Admission</u>. The Parties may serve Requests for Admission, provided they are served at least 60 days before the Fact Discovery Cut-Off Date.

f. <u>Expert Discovery</u>. The Parties agree to meet and confer in good faith within 30 days prior to the Fact Discovery Cut-Off Date on the need for and timing for completion of expert discovery. The Parties further agree to submit a proposed Amended Case Management

4

Plan that addresses Expert Discovery in this Action within 60 days after the Fact Discovery Cut-Off Date.

      g. <u>Subjects on Which Discovery May Be Needed</u>. The Parties contemplate that fact and expert discovery will be needed on all asserted claims and defenses.

      h. <u>Foreign Discovery</u>. The Trustee anticipates the need for discovery located outside of the United States, including individuals and entities that may have been associated and/or affiliated with Defendants. Unless otherwise agreed to by the Parties, to obtain discovery from these individuals and entities, the Trustee will comply with the relevant discovery rules of the applicable jurisdiction, which may include the Hague Convention ("Convention") on the Taking of Evidence Abroad in Civil or Commercial Matters, and/or any other internationally recognized means of obtaining cross-border discovery, including but not limited to, letters rogatory (collectively, "International Discovery"). To the extent the Parties avail themselves of International Discovery procedures, they will not be deemed to have waived, prejudiced, or otherwise altered their rights to conduct discovery under the Federal Rules, the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), or other applicable domestic rules. To the extent that responses to International Discovery are not received by the Fact Discovery Cut-Off Date, the Parties may individually or jointly seek reasonable extensions of the deadlines set forth herein, without prejudice to the rights of any Party to oppose such a request made by an adverse Party. The Parties reserve all rights and do not waive arguments concerning the manner in which discovery should be conducted with respect to any current employees, agents or representatives of Defendants.

      i. <u>Form of Certain Discovery</u>. The Trustee intends to utilize one or more electronic data rooms to affirmatively make available millions of documents related to the Trustee's claims.

5

The Trustee may utilize these data rooms in a manner consistent with previous orders entered by the Court and the Trustee's use of such data rooms will be governed by all applicable orders and rules.

j. <u>Limitations on Discovery</u>. Except as otherwise expressly provided herein, the Parties do not currently seek to make any changes in the limitations on discovery imposed under the Rules or to impose any other limitations on discovery. The Parties may agree on certain limitations or expansions on discovery, or seek leave of Court to make such changes or limitations.

k. <u>Inadvertent Production of Privileged Materials</u>. The Parties acknowledge that the inadvertent production of privileged or work product protected documents is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained in this paragraph is intended to or shall serve to limit a Party's right to conduct a review of documents, including electronically stored information, for relevance, responsiveness, and/or privileged and/or protected status, including evidentiary immunity.

l. <u>Limited Coordination</u>. The Parties agree to work in good faith to coordinate fact discovery in this Action with discovery in the Fortis IOM Action.

m. <u>Depositions</u>

(i) All depositions of fact witnesses must be completed by the Fact Discovery Cut-Off Date. Depositions shall proceed concurrently, with no Party having priority.

(ii) Depositions of Irving H. Picard himself are prohibited absent an order issued by this Court upon a showing of good cause.

6

(iii) The Parties will endeavor to conclude the majority of depositions within the seven (7) hours provided by Federal Rule 30(d)(1), although the Parties acknowledge that there may be certain depositions of fact witnesses with knowledge of issues common to more than one avoidance/recovery action (each, an "Avoidance/Recovery Action") related to the main proceeding *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec., LLC (In re Bernard L. Madoff Inv. Sec., LLC)*, Adv. Pro. No. 08-01789 (CGM) (the "Main Proceeding"), that cannot be concluded within this time limit. For any such witness, the Parties will attempt in good faith to agree to reasonable extensions of the seven (7) hour time limit as appropriate and, failing agreement, any Party may apply to the Court for an extension of this time limit.

(iv) To the extent the deposition of any fact witness raises common issues relevant to more than one Avoidance/Recovery Action in which initial disclosures have been made and in which fact discovery has not closed, the Parties shall coordinate such depositions with the witness and defendants in such Avoidance/Recovery Actions to maximize efficiency and minimize the use of resources to the extent reasonably practicable. The Parties shall confer in good faith and provide notice of such depositions under the Federal Rules and provide notice of the date, time, and location of any such depositions, to all relevant parties. Such coordinated depositions shall not prejudice or preclude the Trustee in this Action from taking depositions of any witness deposed in connection with Avoidance/Recovery Actions, if at the time such coordinated depositions occurred, initial disclosures had not been made and/or discovery was not open in this Action.

(v) In the event that one or more parties determine that it is necessary to conduct depositions that exceed the number set forth in Federal Rule of Civil Procedure 30(a)(2)(A)(i), the Parties agree that they will attempt in good faith to agree to a number of

7

additional depositions beyond the limit set forth Federal Rule of Civil Procedure 30(a)(2)(A)(i). Failing agreement, either Party may apply for an adjustment to the number of depositions.

   (vi) Nothing contained in this Case Management Plan shall be deemed or construed to be a waiver of any Party's right to object to the taking of the deposition of a particular witness.

  4. <u>Manner of Production of Discovery Materials</u>. The Parties may produce discovery, including initial disclosures, on a CD-ROM, in an electronic data room, or other similar electronic format. Given the volume of documentation that may be subject to disclosure in this matter, the Parties may produce a summary report, such as an expert report, and provide access to the underlying documentation on which the summary report relies in an electronic data room or other medium for review by the Parties. Information and documents produced or made available electronically shall, to the extent reasonably feasible:

  a. be text searchable;

  b. be provided together with data and image load files necessary to review the documents on search platforms (e.g., Summation, Concordance, Relativity) upon request of either Party;

  c. be provided together with any reasonably accessible and producible system-created and non-privileged captured objective metadata, such as date fields, author fields, custodian fields, path to native file, etc.;

  d. be organized, such as by date, custodian, or subject matter, or be produced as maintained by the producing party in the ordinary course of business or organized and labeled to correspond to the categories in the request, or (in the case of information obtained by any Party from a third party) as produced by such third party or maintained by such third party in the ordinary course of business; and

  e. be provided together with additional reasonably accessible formats of production, metadata, or native documents to the extent such additional materials are reasonably required for review, at the request of any Party.

The Parties shall meet and confer first in a good faith attempt to resolve any dispute regarding the manner, process, or format of production of any discovery materials, and absent

resolution of such dispute by agreement will comply with Local Bankruptcy Rule 7007-1 to resolve the dispute.

5. <u>Confidentiality</u>. The Litigation Protective Order (ECF No. 4137) entered in *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec., LLC (In re Bernard L. Madoff Inv. Sec., LLC)*, No. 08-01789 (CGM) on June 6, 2011, as modified by the Order Modifying the June 6, 2011 Litigation Protective Order (ECF No. 5474) (the "LPO"), shall govern the disclosure of confidential information in this proceeding.

6. <u>Data Privacy Laws</u>. Defendants maintain that certain data privacy laws, including the General Data Protections Regulation (GDPR), Regulation (EU) 2016/679, may affect the disclosure of confidential information in this proceeding, and that a separate protocol may be necessary to avoid potentially resolvable clashes of U.S. and foreign law. The Trustee maintains that the Federal Rules and the LPO provide sufficient mechanisms for addressing discovery disputes and/or protecting confidential information in this proceeding, that a separate protocol is not necessary to avoid any clashes of U.S. and foreign law, and that assertion of the applicability of any other laws is premature.

7. <u>Proposed Modifications of Standard Pretrial Proceedings Due to the Special Nature of the Action</u>. The Parties do not presently believe that any such modifications are appropriate or necessary and will contact the Court if their belief in this regard changes.

8. <u>Prospects for Settlement Including Whether a Settlement Conference Should Be Scheduled</u>. The Parties are willing to discuss settlement and will do so as this proceeding moves forward. They believe that it would be premature to schedule a settlement conference at this time.

9.  <u>Discovery Arbitrator</u>. The Parties may agree to the use of Frank Maas, Esq. as Discovery Arbitrator to resolve discovery disputes that they are unable to resolve by meeting and conferring, as referenced in the Order Appointing a Discovery Arbitrator Pursuant to Bankruptcy Rule 9019(c) and General Order M-390 (ECF No. 14227) entered in *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec., LLC (In re Bernard L. Madoff Inv. Sec., LLC)*, Adv. Pro. No. 08-01789, on October 4, 2016, as may be amended, superseded, or supplemented by any case-wide or case-specific future Court orders (together, the "Discovery Arbitrator Order"); provided however that notwithstanding any provision to the contrary in the Discovery Arbitrator Order, the Parties agree to split all arbitration fees and expenses equally, including, for the avoidance of doubt, the first $50,000,, and the Parties will defer to Judge Maas as to the appropriate page limitations, if any, on the Parties' submissions.

10. <u>Trial</u>. The Parties propose that they will confer with each other and the Court at the conclusion of all expert discovery to schedule a final pretrial conference and trial date.

11. <u>Parties and Counsel</u>. The following Parties join in this case management plan through their counsel.

[*Signatures on following page*]

Dated: December 20, 2023
       New York, New york

| **BAKER & HOSTETLER LLP** | **LATHAM & WATKINS** |
|---|---|
| By: */s/ Regina Griffin* | By: */s/ Christopher Harris* |
| 45 Rockefeller Plaza | 1271 Avenue of the Americas |
| New York, New York 10111 | New York, NY 10020 |
| Telephone: 212.589.4200 | Telephone: 212.906.1200 |
| Facsimile: 212.589.4201 | Facsimile: 212.751.4864 |
| David J. Sheehan | Christopher Harris |
| Email: dsheehan@bakerlaw.com | Email: christopher.harris@lw.com |
| Regina Griffin | Thomas J. Giblin |
| Email: rgriffin@bakerlaw.com | Email: thomas.giblin@lw.com |
| Stacey A. Bell | |
| Email: sbell@bakerlaw.com | |
| Melissa L. Kosack | *Attorneys for Defendants* |
| Email: mkosack@bakerlaw.com | |
| Elizabeth McCurrach | |
| Email: emccurrach@bakerlaw.com | |

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the Chapter 7 Estate of Bernard L. Madoff*

**Dated: December 26, 2023**
**Poughkeepsie, New York**



**/s/ Cecelia G. Morris**
_____
**Hon. Cecelia G. Morris**
**U.S. Bankruptcy Judge**