## SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

March 4, 2026

Via Electronic Filing

Honorable Lisa G. Beckerman,
   United States Bankruptcy Court,
      Southern District of New York,
         New York, New York 10004.

    Re:    *Picard* v. *Standard Chartered Financial Services (Luxembourg) S.A., et al.*, Adv. Pro. No. 12-01565 (Bankr. S.D.N.Y.)

Dear Judge Beckerman:

      We represent Defendants Standard Chartered Financial Services (Luxembourg) S.A. (in liquidation), Standard Chartered Bank International (Americas) Ltd., and Standard Chartered Holdings Inc. (as successor in interest to Standard Chartered International (USA) Ltd.) in the above-referenced adversary proceeding, and write on behalf of 27 other defendants (collectively, "Defendants") in the subsequent transferee adversary proceedings commenced by the Trustee, listed on Exhibit A hereto (the "Proceedings"). We respectfully request a conference with the Court at the next omnibus hearing to address a disputed common, threshold issue that impacts all the Proceedings: the appropriate accounting methodology for the Trustee to satisfy his obligation to prove that initial transfers from Bernard L. Madoff Investment Securities LLC ("BLMIS") can be "traced" through non-debtor Fairfield Sentry's or its affiliated funds' (the "Fairfield Funds") commingled accounts to Defendants.[1]

      Resolving this issue through an omnibus proceeding will promote efficiency, consistency, and fairness across the Proceedings, including by determining the issue once, rather than at least 28 separate times, avoiding conflicting rulings, and preventing double recovery.[2]

---

[1]    Defendants met and conferred with the Trustee regarding Defendants' request on a group basis. The Trustee indicated he will file a response to this letter. Defendants respectfully request an in-person or video conference on the record.

[2]    Defendants have standing to seek coordinated resolution of this threshold tracing issue because the resolution of this issue will directly, and could adversely, affect Defendants' potential liability and exposure in these Proceedings. *See, e.g.*, *Int'l Trade*

Honorable Lisa G. Beckerman                                                                                                                 -2-

These Proceedings all involve alleged subsequent transferees, all of which are indirect victims of the BLMIS fraud. The Trustee has brought claims under SIPA §§ 78fff(b) and 78fff-2(c)(3), 11 U.S.C. §§ 105(a) and 550, and other applicable laws. To prove his claims, the Trustee bears the burden of tracing alleged subsequent transfers from BLMIS. *See In re Bernard L. Madoff Inv. Sec. LLC*, 515 B.R. 117, 152 (Bankr. S.D.N.Y. 2014) (while "the tracing burden may prove formidable," it remains the Trustee's burden to show that subsequent transfers "originated with BLMIS"). This is a necessary step in each Proceeding because the bank accounts for the relevant Fairfield Funds commingled money from multiple sources. The Trustee cannot recover funds not traceable to transfers from BLMIS.

Defendants understand that the Trustee will attempt to satisfy his burden to prove Defendants' receipt of customer property by asking the Court to adopt an accounting assumption in all or some of these Proceedings, specifically, one called Restated LIBR (Lowest Intermediate Balance Rule), which has never been adopted by any court. While the Trustee will have difficulty satisfying his burden to prove each Defendant's receipt of customer property under any accounting assumption, the one he proposes is particularly pernicious: it restates the tracing analysis in each case to bias in favor of a fact finding that the particular defendant in that case received the maximum amount of customer property possible. In other words, under the Trustee's version of Restated LIBR, the Trustee would trace the same redemption dollar to multiple defendant-redeemers by treating each Proceeding in isolation, guaranteeing double recovery.

This approach is inequitable and unlawful. The law is clear: "[t]he trustee is not entitled to double recovery, or a windfall that would benefit the estate." *In re Andrew Velez Const., Inc.*, 373 B.R. 262, 275 (Bankr. S.D.N.Y. 2007); *see also* 11 U.S.C.A. § 550(d) ("The trustee is entitled to only a single satisfaction under subsection (a) of this section."). But if individual Defendants challenge this unlawful approach within a given Proceeding, the prohibited double recovery will become clear only as cases progress sequentially over time—meaning that Defendants in earlier Proceedings will bear the arbitrary risk of liability based on nothing more than where their respective case falls in the schedule. Thus, to the extent he intends to rely on this method across Proceedings, the Trustee should be required to seek the Court's approval now, before multiple cases proceed and the Court is burdened with at least 28 disputes over this same issue.

Avoiding the risk of arbitrariness and double recovery is particularly important because the same underlying funds and transactions are implicated across multiple cases. Even before expert discovery, it is clear that many of the redemptions paid by the Fairfield Funds came from sources other than BLMIS: the Trustee asserted in his Consent Judgment against Fairfield Sentry that Fairfield Sentry had withdrawn approximately *$3 billion* from BLMIS in the six years leading to the filing date (*see*

---

*Admin.* v. *Rensselaer Polytechnic Inst.*, 936 F.2d 744, 747 (2d Cir. 1991) (noting bankruptcy standing requires a party to be "directly and adversely affected pecuniarily").

Honorable Lisa G. Beckerman -3-

Consent Judgment, *Picard* v. *Fairfield Inv. Fund Ltd.*, Adv. Pro. No. 09-01239, Dkt. No. 109, pp. 3-4), yet the Trustee brought suit to recover more than *$5 billion* of alleged subsequent transfers collectively from redemptions related to Fairfield Sentry alone. It is therefore obvious that at least *$2 billion* (and almost certainly more), or *40%* of the funds the Trustee is seeking to recover from Fairfield Sentry redeemers, cannot possibly be recoverable customer property. A coordinated determination of tracing methodology would materially reduce that risk and align with core bankruptcy principles.

This Court—as well as the appellate courts—have addressed other threshold common issues on an omnibus basis in the BLMIS proceedings in the past, including in respect of the good faith defense, the application of Section 546(e) of the Bankruptcy Code, and the appropriate methodology for determining customer claims. *See, e.g.*, *Sec. Inv. Prot. Corp.* v. *Bernard L. Madoff Inv. Sec. LLC*, 496 B.R. 744, 761 (Bankr. S.D.N.Y. 2013), *aff'd In re Bernard L. Madoff Inv. Sec. LLC*, 779 F.3d 74 (2d Cir. 2015) (resolving a threshold damages methodology for calculating net equity applicable to all claimants). The tracing methodology issue warrants similar treatment.[3]

Accordingly, Defendants respectfully request the Court hold a pre-motion conference to set a briefing schedule to resolve the common tracing methodology issue in a coordinated manner across the Proceedings.[4]

Respectfully submitted,

*/s/ Andrew J. Finn*

Andrew J. Finn

---

[3] The Court previously acknowledged it would need to undertake a tracing exercise using information that would be common to all defendants who are alleged to be subsequent transferees of Fairfield. *See Picard* v. *Union Securities Inv. Trust Co., Ltd.*, Adv. Pro. No. 12-01211 (CGM), 2022 WL 3572509 at *10 (Bankr. S.D.N.Y. Aug. 18, 2022) ("Undoubtedly, the Court will trace and calculate how Fairfield Sentry spent its BLMIS funds at a later stage of litigation.").

[4] Resolving the tracing issue now promotes judicial efficiency for the additional reason that it increases the likelihood of settlements. The parties will have a much better sense of where they stand and the potential settlement value of each Proceeding.