# BakerHostetler

Baker & Hostetler LLP

Key Tower
127 Public Square, Suite 2000
Cleveland, OH  44114-1214

T  216.621.0200
F  216.696.0740
www.bakerlaw.com

May 27, 2026

James H. Rollinson
direct dial: 216.861.7075
jrollinson@bakerlaw.com

**VIA ECF**

The Honorable Lisa G. Beckerman
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1408

Re:     *Picard v. Sage & Florio*, Adv. Pro. No. 23-01099 (LGB*)*

Dear Judge Beckerman:

We are counsel to Irving H. Picard ("Trustee"), the trustee for the substantively consolidated SIPA liquidation of BLMIS and the chapter 7 Madoff estate, and write regarding the Decision Regarding Unaddressed Matters (the "Decision").  ECF No. 172.  We do not ask the Court to reconsider the issues addressed in the Decision, but merely seek to complete the record regarding the same.

The first issue relates to Ms. Florio's complaint in her letter of February 7, 2025 that the Trustee improperly obtained her bank records from JPMorgan Chase Bank, N.A. ("Chase").  ECF No. 114 at 6-7.  In December 2024, the Trustee issued, through his collection counsel and in aid of execution on the judgment entered by the District Court, a subpoena to Chase seeking records relating to "all accounts in the name of Malcolm H. Sage."  *See* Subpoena Duces Tecum dated Dec. 16, 2024, attached hereto as Exhibit A.  Mr. Sage has represented and recently confirmed to the Court that "Lynne and I have never held joint bank accounts in 49 years together" with "[t]he only exception [being] the wedding checks made out to both of us at the start of our marriage" at which time "[w]e opened for, briefly, a joint account."  Conf. Tr. at 45, Apr. 29, 2026.  On January 9, 2025, Chase produced records relating to accounts held in Mr. Sage's name.  *See* Letter from Chase, Exhibit B hereto.  Among the production were records relating to numerous accounts which Mr. Sage held *jointly* with Ms. Florio.  *See, e.g.*, Exhibit C.  On January 30, 2025, this Court then entered an order precluding the Trustee from taking any "[d]iscovery concerning Lynne Florio's assets and accounts and assets and assets or accounts held jointly with Malcolm Sage . . . prior to the Discovery Limitation Date [May 8, 2025] in connection with the Adversary Proceeding and the adversary proceeding captioned *Picard v. Martin Sage and Sybil Sage* (Adv. Pro. No. 23-01098)."  ECF No. 109 at 3.

Both the Trustee's issuance of the subpoena and Chase's production of documents responsive thereto occurred prior to the Court's entry of its order on January 30, 2025 and the Trustee since has fully complied with said order.

The Honorable Lisa G. Beckerman
May 27, 2026
Page 2

The second issue addressed in the Decision relates to the attendance of the Trustee's counsel at the pre-trial conference held on January 29, 2025. After several earlier adjournments, the pre-trial conference was scheduled for December 18, 2024 via "Videoconference (ZoomGov)." *See* ECF No. 79. By letter dated December 6, 2024, Ms. Florio requested that the conference be adjourned *and* that it held in person before the Court. ECF No. 104 at 4-5. The Court granted Ms. Florio's request and ordered: "The Conference is adjourned, and shall now be held at **1 PM (EST) on Wednesday, January 29, 2025** . . . in Courtroom 623, One Bowling Green, New York, NY." ECF No. 105. The notice which I subsequently received from the Court's law clerk confirmed that the conference would be held at the courthouse, provided a link to register for the in-person conference, and advised that a valid identification "is required to gain entrance to the building." *See Exhibit D*. I was unable to appear at the conference in New York on January 29, 2025 as required by the Court, and therefore did not register my appearance.[1] Rather, Tara Turner, Esq. appeared at the conference on behalf of the Trustee. As noted in my letter dated February 6, 2025, I listened to the conference through my firm's Zoom link. ECF No. 112. As has been the practice throughout this liquidation proceeding, the Trustee and defendants in adversary proceedings routinely listen to hearings and conferences via a court-supplied call-in number and/or Zoom link without having to appear or otherwise identify themselves if they do not intend to participate in the hearing or the conference.

I recognize the Court's concern regarding the lack of notice to the Court and Defendants by my listening to the January 29, 2025 conference, and will identify myself going forward when merely listening to any conference or hearing in this matter.


Respectfully submitted,


James H. Rollinson

cc: Lynne Florio (via email: lmflorio18@gmail.com and Federal Express)
    Malcolm Sage (via email: mhsage18@gmail.com and Federal Express)

---

[1] My registering to appear via Zoom likely would have violated the Court's order requiring the parties to appear in person at the conference.